1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Cal. Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5  Kevin P.B. Johnson (Cal. Bar No. 177129)
   kevinjohnson@quinnemanuel.com
6  Victoria F. Maroulis (Cal. Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
7  555 Twin Dolphin Drive 5th Floor
   Redwood Shores, California 94065
8  Telephone: (650) 801-5000
   Facsimile: (650) 801-5100
9
   Michael T. Zeller (Cal. Bar No. 196417)
10 michaelzeller@quinnemanuel.com
   865 S. Figueroa St., 10th Floor
11 Los Angeles, California 90017
   Telephone: (213) 443-3000
12 Facsimile: (213) 443-3100

13 Attorneys for SAMSUNG ELECTRONICS
   CO., LTD., SAMSUNG ELECTRONICS
14 AMERICA, INC. and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC
15

16              UNITED STATES DISTRICT COURT

17         NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| 18  APPLE INC., a California corporation, | CASE NO. 11-cv-01846-LHK |
| 19       Plaintiff, | **SAMSUNG'S OPPOSITION TO APPLE'S SUPPLEMENTAL CLAIM CONSTRUCTION BRIEF** |
| 20       vs. | |
| 21  SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG | |
| 22  ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG | |
| 23  TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| 24       Defendants. | |

27                      **FILED UNDER SEAL**

Case No. 11-cv-01846-LHK
**SAMSUNG'S OPPOSITION TO APPLE'S SUPPLEMENTAL CLAIM CONSTRUCTION BRIEF**

# TABLE OF CONTENTS

**Page**

ARGUMENT ................................................................................................................................ 1

I.   U.S. PATENT NO. 7,469,381 ........................................................................................... 1

    A.   Apple's Litigation-Inspired Construction [REDACTED] ............................................. 2

    B.   Apple's Proposed Construction Ignores the Court's Construction for "Edge of an Electronic Document" ......................................................................................... 3

    C.   The Intrinsic Evidence Unequivocally Supports Samsung's Construction .............. 3

    D.   Apple's Dictionary Evidence Offers No Support for Apple ..................................... 5

II.  U.S. PATENT NO. 7,864,163 ........................................................................................... 6

    A.   "Structured Electronic Document" Refers To A Visual Depiction On The Touch-Screen Device ................................................................................................. 7

    B.   The Structured Electronic Document Need Not Contain Blocks Or Boxes Of Content "In The Document" ................................................................................. 8

    C.   A "Structured Electronic Document" Need Not Be "Formatted To Differentiate" Regions of Content From One Another ............................................. 9

CONCLUSION ........................................................................................................................... 10

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Bicon v. Straumann*,
 441 F.3d 945 (Fed. Cir. 2006) .................................................................................................... 9

*Cisco Systems Inc. v. Teleconference Sys., LLC*,
 2011 WL 5913972 (N.D. Cal. Nov. 28, 2011) ........................................................................... 5

*Falana v. Kent State University*,
 669 F.3d 1349 (Fed. Cir. 2012) .................................................................................................. 5

*Interactive Gift Exp., Inc. v. Compuserve Inc.*,
 256 F.3d 1323 (Fed. Cir. 2001) .................................................................................................. 2

*Keithley v. Homestorecom Inc.*,
 2007 WL 2701337 (N.D. Cal. Sep. 12, 2007) ............................................................................ 5

*Kilopass Technology Inc. v. Sidense Corp.*,
 2012 WL 1534065 (N.D. Cal., May 1, 2012) ......................................................................... 2-3

*Primos v. Hunter's Specialties*,
 451 F.3d 841 (Fed. Cir. 2006) .................................................................................................... 9

*Saunders Grp., Inc. v. Comfortrac, Inc.*,
 492 F.3d 1326 (Fed. Cir. 2007) .................................................................................................. 9

**ARGUMENT**

I.   U.S. PATENT NO. 7,469,381

| Claim Term | Apple's Proposed Construction | Samsung's Proposed Construction |
|---|---|---|
| *Electronic Document* | "a document stored in a digital format," with the clarification that "an 'electronic document could be, for example, a web page, a digital image, a word processing, spreadsheet or presentation document, or a list of items in a digital format." | "content having a defined set of boundaries that can be visually represented on a screen." |

The central dispute between the parties is whether the term "electronic document" as used in the '381 patent must be a single file.  Samsung's position is that "electronic document" simply refers to the visual representation that is depicted to the user of a portable electronic device.  This construction is fully supported by the claims and specification, which are replete with descriptions of scrolling, zooming, and rotating the electronic document.  In contrast, Apple asks this Court to read a further limitation into the plain language by requiring the information underlying the "electronic document" to be stored as a single file.  Apple is proposing this limitation in a transparent attempt to distinguish the Tablecloth prior art.[1]  Not only does Apple's litigation-inspired construction ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, it runs afoul of this Court's claim construction order, which held that electronic documents may include multiple files.  The intrinsic evidence has no discussion of file storage and even provides examples of electronic documents that are made up of multiple files (*e.g.*, webpages).  Finally, even Apple's dictionary definitions of "electronic document" undermine Apple's position and bolster Samsung's.  Thus, the Court should reject Apple's proposed construction and adopt Samsung's.

---

[1]   Tablecloth is a program that displays multiple images which invalidates the '381 patent under two separate analyses.  In one analysis the "electronic document" is a single digital image, and in another analysis the "electronic document" is a combination of the two images.  *See* Samsung's Motion for Summary Judgment (Dkt No. 930) at 21.  Apple's construction attempts to exclude the two-image example.

A. **Apple's Litigation-Inspired Construction** ▮

Apple claims that an electronic document cannot consist of more than one file. ▮

▮ Yet, when faced with the Tablecloth prior art in this litigation, Apple has suddenly performed an about face, seeking to introduce its single-file limitation.

---

[2] As used herein, citations to "Ex. __" refer to exhibits previously attached to the Declaration of Patrick Schmidt in Support of Samsung's Claim Construction Brief.

-2-   Case No. 11-cv-01846-LHK
**SAMSUNG'S OPPOSITION TO APPLE'S SUPPLEMENTAL CLAIM CONSTRUCTION BRIEF**

1
2

### B. Apple's Proposed Construction Ignores the Court's Construction for "Edge of an Electronic Document."

Apple's proposed construction for "electronic document" directly contradicts the Court's construction of "edge of an electronic document." In its claim construction order, the Court "agree[d] with Samsung that an electronic document can be embedded in another electronic document." Claim Construction Order at 19. Such embedded electronic documents generally consist of multiple files. For example, webpages are often made up of multiple electronic documents (*e.g.*, images). Apple offers no basis for overturning the Court's prior decision, because no such basis exists. As the Court has already recognized, "Apple has not offered a limiting principle, rooted in the intrinsic evidence, to establish why an electronic document may not be nested in another electronic document." *Id.* at 20-21.

### C. The Intrinsic Evidence Unequivocally Supports Samsung's Construction.

Apple provides no new evidence rooted in the claims or specification to support its argument. Apple repeatedly cites the examples of electronic documents listed in the '381 specification – a web page, a digital image, and a word processing, spreadsheet, email or presentation document[3] – in support of its construction. Yet Apple does not actually explain how these examples require an "electronic document" to be stored as a single file. Indeed, these examples support Samsung's construction. There is no dispute, for example, that a web page is an "electronic document" and that it consists of multiple image files. This is illustrated in the example webpage Apple provided in its opening brief. As shown below, this example appears to have at least six separate image files, which are outlined below in red. Each of these image files are "electronic documents."

---

[3] Apple also cites to claim 9 to argue that a list of items is an "electronic document." Claim 9 reads, "The computer-implemented method of claim 1, wherein the electronic document includes a list of items." Ex. 1: '381 patent at claim 9. To the extent the Court finds that a list of items is an "electronic document," this only bolsters Samsung's construction, since each item in the list may be its own file.

A web page is an "electronic document" according to the '381 patent

The fact that Apple's own cited example of an "electronic document" consists of multiple files further demonstrates that its proposed construction for "electronic document" is not correct.[4]

In contrast, Samsung's construction, that an "electronic document" is "visually represented on the screen," is well-grounded in the claims and specification. The '381 patent is directed to a visual snapback effect and not a method of data storage as Apple contends. For example, asserted claim 19 and the other independent claims discuss the "display" of a first, second, third, and fourth "portion" of an "electronic document." The claims also describe electronic documents being "translated" in a first and second direction. In both examples, the visible electronic document is manipulated by the user. The patent as a whole also addresses visible content, as seen in a multitude of figures. *See* Figs. 3, 4, 6A-D (scrolling), 8A-D (scrolling), 10A-C (zooming out), 12A-C (zooming in), 13A-C (zooming in), 15A-E (rotating), 16A-F (rotating). Thus, it is clear that the "electronic document" is visually represented on the screen. Apple's requirement that an

---

[4] Because its own position is untenable, Apple uses a straw man to attack Samsung's construction, setting up a Windows desktop with three random windows and claiming that they would be an "electronic document." This is a gross distortion of Samsung's position. An "electronic document" has a "defined set of boundaries" such that the entire document translates together in response to certain user inputs. Apple had no difficulty understanding this concept when it accused a collection of images in HTC's products of infringing the '381 patent.

1  "electronic document" must be a single file ignores this overwhelming evidence regarding the
2  visible electronic document.  Under Apple's construction, an image stored as a single file can
3  practice the '381 patent while the *exact same image* stored as two separate files cannot practice the
4  patent.   Apple's construction is illogical and is inconsistent with the intrinsic evidence.

5  Finally, Apple's alternative proposal—that the Court "instruct[] the jury using the precise
6  examples of an "electronic document" recited in the '381 specification and dependent claims,"—
7  (Apple Br. at 3) is also improper, as "a jury could mistakenly interpret the scope of the term to be
8  narrower than intended by (1) finding the list of examples to be exhaustive; or (2) finding that the
9  term is somehow limited to a subset of the items on the list."  *Keithley v. Homestorecom Inc.*,
10 2007 WL 2701337 at *8 (N.D. Cal. Sep. 12, 2007) (rejecting exemplary claim construction
11 language); *Cisco Systems Inc. v. Teleconference Sys., LLC*, 2011 WL 5913972 at *8 (N.D. Cal.
12 Nov. 28, 2011) (rejecting unexhausted list of examples which "would not assist the jury and could
13 cause some confusion").   Similarly, the Federal Circuit has "repeatedly cautioned against limiting
14 the claimed invention to preferred embodiments or specific examples in the specification."
15 *Falana v. Kent State University*, 669 F.3d 1349, 1355 (Fed. Cir. 2012) (quotations omitted).   Thus
16 the Court should not adopt Apple's proposal to recite specific examples to construe "electronic
17 document."

18 **D.   Apple's Dictionary Definitions Support Samsung.**

19 According to Apple, the five dictionary definitions it has offered define "electronic
20 document" as a single file.  Yet three of these definitions apply to the wrong term, defining
21 "document" instead of "electronic document."   The two definitions that actually define
22 "electronic document" do not support Apple's position.   First, The IBM Dictionary of Computing
23 (1994) offers the following definition of "electronic document":

24 > **electronic document**  A document that is stored on a computer,
>    instead of printed on paper.
25

26 Nothing in this definition states that an "electronic document" must be stored as a single file or
27 otherwise limits the way in which the document is electronically stored on a computer.  In fact,
28 this same dictionary defines "document" to include:

-5-                              Case No. 11-cv-01846-LHK
**SAMSUNG'S OPPOSITION TO APPLE'S SUPPLEMENTAL CLAIM CONSTRUCTION BRIEF**

       **document** … (2) Information and the medium on which it is recorded that generally have permanence and can be read by humans or by machine… (Ahn Decl. Ex. 3).

This definition confirms that a document can be defined to encompass "information," i.e. "content," as stated in Samsung's construction.

    Apple's more recent citation, Barron's Dictionary of Computer and Internet Terms (9th Ed.) (2006) also does not limit an "electronic document" to a single file or to any particular manner of storage. That definition states:

> **electronic document** a document intended to be read as it is displayed on a monitor. An electronic document can use HYPERTEXT to create an interactive environment for the reader. ==It can also use special effects such as animation, sounds, and music. Unlike with traditional printed documents, there is no extra cost for full color.== WEB PAGES are a type of electronic document; so are catalogs, documentation, and multimedia presentations distributed on CD-ROM. Ahn Decl. Ex. 5 (highlighting omitted text).

The non-highlighted text, which is the portion cited in Apple's brief, does not state or remotely suggest that an "electronic document" must be stored as a single file. Moreover, Apple omits the highlighted text from its brief. This text identifies effects such as animation, sounds, and music, all of which are distinct files that may form part of an "electronic document." Thus, Apple's extrinsic evidence fails to support Apple, and simply bolsters Samsung's construction.

    The intrinsic and extrinsic evidence confirm the position taken previously by both the Court and Apple: an "electronic document" is "content having a defined set of boundaries that can be visually represented on the screen" and is not limited to a single file.

## II.  U.S. PATENT NO. 7,864,163

| Claim Term | Apple's Proposed Construction | Samsung's Proposed Construction |
|---|---|---|
| ***Structured Electronic Document*** | "an 'electronic document,' as previously defined, that is formatted to differentiate particular blocks or boxes of content in the document from one another," with the clarification that "a 'structured electronic document' could be, | "an electronic document that includes at least one visual structural element." |

| Claim Term | Apple's Proposed Construction | Samsung's Proposed Construction |
|---|---|---|
| | for example, a web page, an HTML or XML document, or a document in which the blocks or boxes of content are defined by a style sheet language." | |

The parties agree in principle that the term "structured electronic document" in the '163 patent should be consistent with and follow the construction of the term "electronic document" for the '381 patent. Aside from the disagreement over the meaning of "electronic document," the parties also dispute the meaning of the term "structured." Consistent with the claim language, the specification and the proper construction for "electronic document," Samsung's construction focuses on the visual aspect of a structured electronic document. By contrast, Apple's construction ignores the visual aspects and focuses on aspects that deviate from the plain claim language and that would be confusing to the jury.

A. "Structured Electronic Document" Refers To A Visual Depiction On The Touch-Screen Device.

Just as was the case for the term "electronic document" in the '381 patent, the term "structured electronic document" as used in the '163 patent refers to content that is visually displayed to the user. Although Apple would like to impose limitations as to how information is stored, there is absolutely no basis for such a narrowing.[5] Claim 50 emphasizes the visual nature of a "structured electronic document." It describes "*displaying* at least a portion of a structured electronic document on the touch screen display." Ex. 7: '163 patent at claim 50 (emphasis added). It describes a portable electronic device capable of "detecting" gestures "at a location on the *displayed portion* of the structured electronic document." And, in response to these user gestures, claim 50 describes instructions for "enlarging and translating the structured electronic document." This context explicitly contemplates that the "structured electronic document" is

---

[5] Samsung agrees that a structured electronic document is stored in memory, but there is no basis in the intrinsic or extrinsic record for limiting the particular way in which a structured electronic document is stored.

1  something that is viewed and manipulated by the user of the portable electronic device.  Indeed, it
2  would make no sense to construe the term "structured electronic document" to mean information
3  stored in a specific manner because no such set of information is "enlarged and translated" in
4  response to user gestures.[6]  Instead, it is a visual depiction of some collection of information that
5  is "enlarged and translated" on the touch-screen display.  Claim 50 simply contains no limitation
6  on how the content displayed within the "structured electronic document" must be stored in
7  memory.

### B. The Structured Electronic Document Need Not Contain Blocks Or Boxes Of Content "In The Document."

Based on its proposed construction and opening brief, it is not clear whether and to what extent Apple is attempting to impose further limitations to the term "structured electronic document."  But, as presently phrased, Apple's proposed construction could prove problematic. For instance, according to Apple's construction, a "structured electronic document" must contain "blocks or boxes of content *in the document*."  (Apple's Opening Br. at 7 (emphasis added)). Because Apple suggests that a "document" is a single file stored in memory, this limitation might be read to support the mistaken view that all the content comprising a "structured electronic document" derive from a single file.[7]

---

[6]  Although Mr. Gray describes a "structured electronic document" by reference to underlying coding in his expert report, his position has always been that the term "structured electronic document" refers to something visual on the touch-screen display.  Ex. 8: Expert Invalidity Report of Stephen Gray at ¶ 274 ("a 'structured electronic document' refers to any type of two dimensional information space . . . . [C]oding is embedded within the content of the document and specifies how elements or objects are to be arranged within the information space and relative to one another.").  He has never implied that a "structured electronic document" requires all the underlying content and coding to be contained within a single file.

[7]  In an effort to reinforce this view, Apple's opening brief is littered with references to its merits arguments, made in opposition to Samsung's motion for summary judgment.  For example, Apple characterizes LaunchTile as "conceptually independent application tiles arranged onto a grid for display," (Apple's Br. at 8), and a "programmatically assembled . . . display of grids of distinct application program tiles," (Apple's Br. at 10).  Even if Apple's construction of the claim terms were correct, Samsung disagrees with these characterizations of LaunchTile, but it will present its arguments to the jury.  Suffice it to say, Apple's urging the Court to construe the
   (footnote continued)

-8-                                          Case No. 11-cv-01846-LHK
**SAMSUNG'S OPPOSITION TO APPLE'S SUPPLEMENTAL CLAIM CONSTRUCTION BRIEF**

Again, this position does not find support in the '163 patent.  In fact, in one detailed embodiment, the '163 patent specification discusses how a "structured electronic document" can contain embedded "inline media" objects that would not necessarily be stored in the same file as the rest of the content comprising the "structured electronic document."   Ex. 7: '163 patent at col. 16 ll. 27-29, col. 23 ll. 13-20.  According to the patent, such "inline multimedia" objects might include "QuickTime content (4002-1), Windows Media content (4002-2), or Flash content (4002-3)."  *Id.* at col. 22 ll. 41-44.  A "first gesture . . . on an item of inline multimedia content" enlarges the multimedia object, while other content in the structured electronic document "ceases to be displayed."  *Id.*   at col. 23 ll. 24-25, 31-37; col. 23 ll. 65 - col. 24 ll. 42; *see also* fig. 8. Because this embodiment expressly contemplates "boxes of content" within the "structured electronic document" that are *not* necessarily stored in one, single file, the Court should reject Apple's proposed construction.  *See Primos v. Hunter's Specialties*, 451 F. 3d 841, 849 (Fed. Cir. 2006) (a court should not normally interpret a claim term to exclude a preferred embodiment).

### C. A "Structured Electronic Document" Need Not Be "Formatted To Differentiate" Regions of Content From One Another.

Finally, the Court should reject Apple's proposed construction to the extent it might be read to require a "structured electronic document" be "formatted" to *itself* differentiate "particular blocks or boxes of content . . . from one another."   Although a "structured electronic document" might be formatted to display visually differentiated regions, there is no requirement that any formatting actively do the differentiating.  In fact, because claim 50 contains a further limitation "for *determining* a first box in the plurality of boxes at the location of the first gesture," the Court should avoid reading this very same limitation into the meaning of "structured electronic document."  *Bicon v. Straumann*, 441 F.3d 945, 950 (Fed. Cir. 2006) (a court should avoid a construction that renders terms superfluous).

---

term "structured electronic document" in a manner that would avoid the prior art is improper. *See Saunders Grp., Inc. v. Comfortrac, Inc.*, 492 F.3d 1326, 1335 (Fed. Cir. 2007) ("[T]he court's validity analysis cannot be used as basis for adopting a narrow construction of the claims.").

1  In short, there is no basis in the intrinsic evidence for adopting Apple's proposed
2  limitations on the term "structured electronic document."[8]  The Court should adopt Samsung's
3  proposed construction and hold that "structured electronic document" means "content having a
4  defined set of boundaries that can be visually represented on a screen that includes at least one
5  visual structural element."

6  **CONCLUSION**

7  For the forgoing reasons, the Court should adopt Samsung's proposed construction for the
8  term "electronic document" in the '381 patent, and Samsung's proposed construction for the term
9  "structured electronic document" in the '163 patent.

10

11  DATED: July 10, 2012              QUINN EMANUEL URQUHART &
                                      SULLIVAN, LLP
12
                                      By */s/ Victoria F. Maroulis*
13                                       Victoria F. Maroulis
                                         Attorneys for SAMSUNG ELECTRONICS
14                                       CO., LTD., SAMSUNG ELECTRONICS
                                         AMERICA, INC., and SAMSUNG
15                                       TELECOMMUNICATIONS AMERICA, LLC

---

[8] As was the case for the '381 patent, Samsung also objects to Apple's proposal that the Court provide the jury with a hand-picked set of exemplary "structured electronic documents." Samsung's proposed construction is more than adequate, and such a clarification can only risk misleading the jury as to the scope of the claims.

-10-                                 Case No. 11-cv-01846-LHK
**SAMSUNG'S OPPOSITION TO APPLE'S SUPPLEMENTAL CLAIM CONSTRUCTION BRIEF**