HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
JENNIFER LEE TAYLOR (CA SBN 161368)
jtaylor@mofo.com
ALISON M. TUCHER (CA SBN 171363)
atucher@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
JASON R. BARTLETT (CA SBN 214530)
jasonbartlett@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., A Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company.,<br><br>Defendants. | Case No.   11-cv-01846-LHK<br><br>**APPLE'S REBUTTAL SUPPLEMENTAL CLAIM CONSTRUCTION BRIEF**<br><br>Hearing: July 18, 2012<br>Time:    2:00 p.m.<br>Place:   Courtroom 4, 5th Floor<br>Judge:   Honorable Lucy H. Koh |

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................................. II
I.   INTRODUCTION ..................................................................................................................... 1
II.  ARGUMENT ............................................................................................................................. 1
     A.   Disputed Term from Claim 19 of the '381 Patent: "electronic document" ............ 1
          1.   Samsung's construction is overbroad .......................................................... 2
          2.   The Court has already resolved the '381 construction dispute .................. 3
          3.   Samsung's construction has no intrinsic support ........................................ 4
          4.   Samsung's extrinsic evidence is contradictory, unconvincing, and contrary to the specification ...................................................................... 4
          5.   The ALJ in *Apple v. HTC* Confirmed Apple's Position ............................. 6
          6.   The Court should find that "electronic document" has its plain and ordinary meaning, or in the alternative, adopt Apple's construction .......... 7
     B.   Disputed Term from Claim 50 of the '163 Patent: "structured electronic document" .................................................................................................................... 7
          1.   Samsung's construction is groundless ......................................................... 8
          2.   Samsung's construction has no intrinsic support ........................................ 8
          3.   Samsung's extrinsic evidence is unconvincing and contrary to the specification ................................................................................................. 9
          4.   The Court should find that "structured electronic document" has its plain and ordinary meaning, or in the alternative, adopt Apple's construction ................................................................................................ 10
III. CONCLUSION ....................................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Phillips v. AWH Corp*,
    415 F.3d 1303 (Fed. Cir. 2005) ............................................................................................. 10

*Toshiba Corp. v. Imation Corp.*,
    681 F.3d 1358 (Fed. Cir. 2012) ......................................................................................... 7, 10

## I. INTRODUCTION

Disassociating itself from its own counsel's recent representation to the Court that the term "electronic document" is "fairly straightforward" and that Samsung could live with a claim construction order explaining that "web pages and digital images are examples of electronic documents," Samsung instead proposes an ambiguous "definition" that would encompass arbitrary groupings of multiple documents as well as arbitrary subsets of content that its own expert has testified would not constitute an "electronic document." Samsung's latest permutations of its mercurial claim constructions depart markedly from the intrinsic record. Given that Samsung has offered no explanation for why construction is even necessary for these terms in light of the Court's previous *Markman* order, the Court should reject Samsung's constructions and conclude that the terms "electronic document" and "structured electronic document" have their plain and ordinary meanings. In the case of "electronic document," that is exactly what the Administrative Law Judge ordered last week in the *Apple v. HTC* ITC investigation. In the alternative, the Court should instruct the jury as Apple suggested in its opening brief, providing examples of "electronic document" and "structured electronic document" drawn directly from the patent specifications.

## II. ARGUMENT

### A. Disputed Term from Claim 19 of the '381 Patent: "electronic document"

| Apple's Proposed Construction | Samsung's Proposed Construction(s) |
|---|---|
| No construction necessary.<br><br>Alternatively, Apple proposes: "a document stored in a digital format," with the clarification that "an 'electronic document' could be, for example, a web page, a digital image, a word processing, spreadsheet or presentation document, or a list of items in a digital format." | "content having a defined set of boundaries that can be visually represented on a screen" |

Only three weeks ago, counsel for Samsung represented to the Court that "the actual term 'electronic document' . . . is fairly straightforward and refers to web pages and digital images," and that Samsung "could live with the portion of the claim construction order which basically says . . . 'under the express language of the claims, web pages and digital images are examples of

1  electronic documents.'" (Declaration of Deok Keun Matthew Ahn in Support of Apple's
2  Rebuttal Supplemental Claim Construction Brief ("Ahn Rebuttal Decl."), filed herewith, Ex. 1 at
3  73-74, 78.)  In an about face, Samsung now submits to the Court a construction that contains none
4  of the examples from the specification, and instead attempts to revive the ambiguous language of
5  "content" and "boundaries" the Court previously found unhelpful, and which Samsung's expert,
6  Andries Van Dam, admitted fails to satisfy his understanding of what constituted an "electronic
7  document."

### 1. Samsung's construction is overbroad

The problems with Samsung's construction become apparent when applied to real life examples.  Below, the dotted red line highlights "boundaries" around "content."  This illogical grouping of a separate digital image and a word processing document is an "electronic document" under Samsung's construction because it constitutes "content having a defined set of boundaries…"  Samsung's expert Dr. Van Dam would appear to endorse this example, as in discussing the prior art, he claimed that "[a]ny set of contiguous tiles could be considered an electronic document" even though such a claim cannot be squared with the examples of an "electronic document" from the specification.  (Ahn Rebuttal Decl. Ex. 2 at 4.)



Similarly, there is nothing in Samsung's construction that would exclude a grouping of multiple documents, each with its own set of "boundaries," into a single "electronic document."  Below, the set of boxes inside the dotted green line is also an "electronic document" according to

Samsung, since it is "content having a defined set of boundaries that can be visually represented on a screen."



Each of these examples runs counter to the explicit disclosure of types of "electronic documents" in the '381 patent and makes little sense as a representation of an "electronic document."

**2.     The Court has already resolved the '381 construction dispute**

When the Court held that the term "edge of the electronic document" in Apple's '381 patent had its plain and ordinary meaning, Samsung implicitly acknowledged that the words "electronic document" did not require construction.  (*See* Dkt. No. 849 at 18, 23 (Samsung proposed "[a] boundary of the <u>electronic document</u>" as the construction for "an edge of the <u>electronic document</u>") (emphases added).)  The Court also resolved the parties' dispute regarding whether the word "edge" meant only an "external edge."  (*Id.*)  In doing so, the Court declined to substitute the term "boundary" for the term "edge" because this proposed replacement "d[id] not clarify the term in a way that justifies deviation from the plain language of the claims." (Dkt. 849 at 20.)

Samsung's latest construction attempts to relitigate the construction of "edge of the electronic document" by reintroducing the previously rejected "boundary" language.  Because the word "boundary" is susceptible to an interpretation that could embrace any line or demarcation in a document, Samsung is attempting to take advantage of that ambiguity to create invalidity arguments through its alleged prior art.  Then, as now, permitting an "electronic document" to be any content demarcated by "boundaries" instead of a complete document with "edges" would

depart from the clear claim language and resurrect a dispute that has long since been resolved.[1] The Court should not permit Samsung to rehash this argument.

### 3. Samsung's construction has no intrinsic support

Samsung also fails to identify any intrinsic evidence to support its construction. The "Intrinsic Evidence" portion of Samsung's brief is limited to citing portions of the specification that identify exemplary types of electronic documents such as a "web page," a "digital image," or a "word processing document." (*See* Dkt. No. 1183-3 at 2-3.) How these sections of the specification support Samsung's construction—when that construction fails to quote them or to provide any of the examples that Samsung acknowledged would assist the jury in understanding the claim language—is a mystery. Rather, the examples from the specification Samsung cites directly support Apple's proposed construction. In sum, there is no intrinsic evidence that supports Samsung's substitution of the ambiguous concept "content with boundaries" for the term "electronic document."

### 4. Samsung's extrinsic evidence is contradictory, unconvincing, and contrary to the specification

In its *Markman* order, the Court discounted the construction of "edge of the electronic document" offered by Samsung's expert Dr. Van Dam because "expert opinions are less reliable than intrinsic evidence, and the Court gives the testimony little weight." (Dkt. No. 849 at 23 (citing *Phillips v. AWH Corp.*, 415 F.3d 1303, 1318 (Fed. Cir. 2005)).) The Court also noted in its order denying Samsung's summary judgment motion that the submitted "extrinsic sources [we]re not persuasive in construing the disputed term" and "less significant than the intrinsic record," and that the Court would "rel[y] on the intrinsic evidence in construing the disputed claim term." (Dkt. No. 1158 at 20.)

Despite the Court's directive to the parties to set forth reliable intrinsic support for their constructions, Samsung again falls back on extrinsic evidence and trots out the same incomplete

---

[1] By including the examples of a "web page" and a "digital image," Apple's alternative construction is consistent with the Court's finding that an "electronic document" such as a digital image can be embedded in another electronic document such as a webpage.

excerpts from Dr. Balakrishnan's deposition testimony that the Court already considered in construing "edge of the electronic document." First, Samsung neglects to cite a key portion of Dr. Balakrishnan's testimony, which in no way supports its construction:

> Q. What's your definition of electronic document as it's used in the '381 patent today?
> . . .
> A. I believe the term is understood in this case to be the plain and ordinary meaning of electronic document.

(Ahn Rebuttal Decl. Ex. 3 at 186:18-25.)

Second, Dr. Balakrishnan made clear that what constituted an "electronic document" in a given example was context specific, and that it was the computer code that should make the determination of what was the "electronic document," and not an end user simply labeling an arbitrary grouping of lines. He did not agree that any haphazard grouping of lines in a grid could constitute an "electronic document."[2]

The reason for Samsung's insistence that any lines or "boundaries" can delineate an "electronic document" is clear. Its prior art, including the "LaunchTile" and "Lira" references, has lines that Samsung would like to classify as demarcating an "electronic document." Yet even Dr. Van Dam recognized that there should be limits on what could qualify as an electronic document. When asked if a paragraph within a Microsoft Word document could be an electronic document, he answered: "If you are talking about I have a typesetting program and it produces paragraphs, then <u>those paragraphs don't really have a separate identity, and I would find it not very useful to consider them an electronic document</u>, but there is no hard-and-fast rule." (Ahn Rebuttal Decl. Ex. 5 at 58:25-59:16) (emphasis added.)

Though Dr. Van Dam did not believe that a paragraph in a word processing document should be considered an "electronic document," Samsung disagrees. Depicted below is a

---

[2] Although Samsung contends that Dr. Balakrishnan's testimony and the grid on page 4 of its brief support its construction, all he acknowledged was that it was theoretically possible to create and display an electronic document smaller than the screen, or with an irregular shape, depending on the specific context. (*See* Ahn Rebuttal Decl. Ex. 4 at 151:25-158:20.)

paragraph within a Microsoft Word document that is bounded by tables above and below, and by formatting lines to the left and to the right.  Because this paragraph is "content having a defined set of boundaries that can be visually represented on a screen," it would be classified as an "electronic document" under Samsung's construction.  This conflicts with Dr. Van Dam's testimony, as well as common sense.



The inconsistencies between Samsung's construction and its own expert's understanding of the term and the incompatibility between this extrinsic evidence and the plain language of the claim demonstrate that Samsung's proposed construction is erroneous.

### 5. The ALJ in *Apple v. HTC* Confirmed Apple's Position

Finally, Samsung resorts to its habitual tactic of selectively citing material from other lawsuits in which its counsel is counsel of record.  Samsung not only fails to provide any factual context for its reliance on a single image from an infringement contention against a third party product not at issue in this case.  More importantly, Samsung fails to disclose that the ALJ recently issued a claim construction order in the very same ITC investigation from which Samsung's exhibit is taken.  There, both the ITC staff and the ALJ rejected essentially the same arguments that Samsung repeats here and found that "electronic document" should be accorded its plain and ordinary meaning.  (Ahn Rebuttal Decl. Ex. 6.)  In so doing, the ALJ noted the irreconcilable ambiguity in how the "boundaries" discussed by HTC (and in Samsung's construction) were to be determined, and that the terms "electronic" and "document" were not used in any unusual or special way and were readily understood by laypersons and persons of ordinary skill.  (*Id.*)

### 6. The Court should find that "electronic document" has its plain and ordinary meaning, or in the alternative, adopt Apple's construction

As noted in Apple's opening brief, the plain and ordinary meaning of "electronic document" should control because there is no suggestion that this term was used in an unusual or atypical manner. *See Toshiba Corp. v. Imation Corp.*, 681 F.3d 1358, 1369 (Fed. Cir. 2012) ("Absent disclaimer or lexicography, the plain meaning of the claim controls"). Even Samsung admits that the specification supports Apple's alternative construction: "The specification provides several examples of electronic documents including: web pages, digital images, and word processing, spreadsheet, email and presentation documents." (Dkt. No. 1183-3 at 3; *see also* '381 patent col. 27:7-12; col. 30:21-26; col. 31:40-45; claims 6 – 9.) In contrast to Samsung's unfounded definition, Apple's construction draws directly from the specification. And to remove all doubt, Apple's extrinsic evidence from its opening brief makes clear that Apple's construction is correct. (*See, e.g.*, Dkt. No. 1186-6 (document: "in word processing, text that can be named and <u>stored as a separate entity</u>") (emphasis added).)

Because Samsung's attempt to change the plain meaning of the term "electronic document" to encompass arbitrary groupings demarcated by lines or other "boundaries" as well as multiple files with separate identities having no connection with one another has no foundation in either the intrinsic or extrinsic evidence, the Court should either conclude that this term has its plain and ordinary meaning or adopt Apple's construction.

### B. Disputed Term from Claim 50 of the '163 Patent: "structured electronic document"

| Apple's Proposed Construction | Samsung's Proposed Construction |
|---|---|
| No construction necessary.<br><br>Alternatively, Apple proposes: "an 'electronic document,' as previously defined, that is formatted to differentiate particular blocks or boxes of content in the document from one another," with the clarification that "a 'structured electronic document' could be, for example, a web page, an HTML or XML document, or a document in which the blocks or boxes of content are defined by a style sheet language." | "an electronic document that includes at least one visual structural element" |

1    Though Samsung claims that its new construction of "structured electronic document" is
2    substantively the same as its previous construction of "any type of two-dimensional information
3    space containing embedded coding that provides some meaning or 'structure' to the document,"
4    even a cursory examination of these two definitions reveals that both cannot reflect the
5    understanding of those skilled in the art.  Given Mr. Gray's assertion that Samsung's previous
6    construction was the correct one (*see* Dkt. No. 931 ¶ 60), and given the conspicuous absence of a
7    declaration from Mr. Gray in support of Samsung's current construction, it should be clear that
8    "an electronic document that includes at least one visual structural element" does not reflect how
9    this unambiguous claim language would have been understood by those in the art.

### 1.     Samsung's construction is groundless

As the Court noted in its order denying Samsung's summary judgment motion, the dispute between the parties revolves around whether a set of conceptually independent application tiles arranged onto a grid for display meets the limitation of a "structured electronic document," and not how the claim language should be construed.  (Dkt. No. 1158 at 27-28.)  Samsung's new construction creates from whole cloth the ambiguous term "visual structural element."  Samsung's new construction is not tethered to anything in the claim language or the specification, and it creates confusion, not clarity, as compared with the plain and ordinary meaning of "structured electronic document."  Samsung's alternative construction, which also incorporates its definition of "electronic document" from the '381 patent, is further flawed for the reasons described above in the discussion of that term.

### 2.     Samsung's construction has no intrinsic support

Samsung fails to provide any intrinsic evidence to support its construction of "structured electronic document."  The "Intrinsic Evidence" portion of Samsung's brief is limited to citing portions of the specification that explain that a "structured electronic document" may include "blocks" or "boxes of content," and that identify exemplary types of "structured electronic documents" such as a "web page" or a "HTML or XML document."  (*See* Dkt. No. 1183-3 at 6-7.)  These sections of the specification do not support Samsung's construction.  The specification does not use the term "visual structural element," and none of the language from the specification

concerning these defining features or the helpful examples such as a "web page" appears in Samsung's construction. Tellingly, Samsung devotes a significant portion of its argument to trying to *exclude* from any construction the specific examples of a "structured electronic document" identified in the specification. (Dkt. No. 1183-3 at 7.)[3] In sum, there is no intrinsic evidence that supports Samsung's reimagining of the unambiguous term "structured electronic document," and in light of Samsung's desire to omit any reference to the three specific examples listed in the specification, it should be clear that Samsung's construction runs counter to the intrinsic evidence.

### 3. Samsung's extrinsic evidence is unconvincing and contrary to the specification

As discussed above, the Court previously found that the extrinsic evidence submitted by the parties in their claim construction disputes, including expert opinions, was not persuasive, and that the Court would instead "rel[y] on the intrinsic evidence in construing the disputed claim term." (Dkt. No. 1158 at 20.) Nevertheless, Samsung again relies almost exclusively on extrinsic evidence and cites to excerpts from various inventors' deposition testimony as well as to statements from both Dr. Singh (Apple's expert) and Mr. Gray (Samsung's expert). After selectively citing to Dr. Singh's opinions, however, Samsung objects to his discussion of his understanding of "structured electronic document" in a more recent declaration. This is particularly self-serving in light of Samsung's entirely new construction for this term.

Apart from the lack of credibility in Samsung's position based on its abandonment of the construction that Mr. Gray swore was the understanding of those in the art, none of the cited testimony actually supports Samsung's construction. None of the quoted expert witnesses or inventors endorsed the ambiguous language "visual structural element." If anything, each of the witnesses cited by Samsung appears to confirm that "structured electronic document" has its plain and ordinary meaning. (*See, e.g.*, Dkt. No. 1183-3 at 8 (citing witnesses who provided examples of a "structured electronic document").)

---

[3] Apple's alternative construction does not suggest that the list of examples of "structured electronic documents" is exhaustive – they are expressly illustrative "examples" of the genus.

### 4. The Court should find that "structured electronic document" has its plain and ordinary meaning, or in the alternative, adopt Apple's construction

As noted in Apple's opening brief, the plain and ordinary meaning of "structured electronic document" should control because there is no suggestion that this term was used in an unusual or atypical manner. *See Toshiba Corp.*, 681 F.3d at 1369. Even Samsung admits that the specification supports Apple's alternative construction. (*See, e.g.*, Dkt. No. 1183-3 at 6-7 ("The specification describes a 'structured document' as being 'made of <u>blocks</u> 3914 <u>of</u> text <u>content</u> and other graphics") (emphases added); *see also* '163 patent col. 2:59-60; 18:44-45; 16:27-28.) The specification also provides unambiguous examples of what is meant by "structured electronic document": "web pages" and "an HTML or XML document." (*See* '163 patent at col. 1:47-48; 2:12-13; 18:48-52; claims 4-5; Figures 6A and 8.)

In contrast to Samsung's unfounded definition, Apple's alternative construction draws directly from the specification. It recites language from, and the examples delineated in, the specification (including the examples of a web page and HTML or XML document, as well as the "boxes of content" language) which is "the single best guide to the meaning of a disputed term." *Phillips*, 415 F.3d at 1315. Samsung's attempt to add complexity and ambiguity to the term "structured electronic document" has no foundation in the intrinsic or extrinsic evidence. Therefore, the Court should either conclude that this term has its plain and ordinary meaning or adopt Apple's construction.

### III. CONCLUSION

For the foregoing reasons, Apple requests that the Court adopt its proposed constructions and reject Samsung's unsupported definitions.

Dated: July 10, 2012

MORRISON & FOERSTER LLP

By: */s/ Michael A. Jacobs*
    MICHAEL A. JACOBS
    Attorneys for Plaintiff
    APPLE INC.