# Exhibit 4

Confidential Attorneys' Eyes Only Outside Counsel

```
                                                              Page 1
 1              UNITED STATES DISTRICT COURT
 2             NORTHERN DISTRICT OF CALIFORNIA
 3                    SAN JOSE DIVISION
 4
 5   APPLE INC., a California
     corporation,
 6
                    Plaintiff,
 7
     vs.                              CASE NO. 11-CV-01846-LHK
 8
     SAMSUNG ELECTRONICS CO., LTD.,
 9   A Korean business entity;
     SAMSUNG ELECTRONICS AMERICA,
10   INC., a New York corporation;
     SAMSUNG TELECOMMUNICATIONS
11   AMERICA, LLC, a Delaware
     limited liability company,
12
                    Defendants.
13   _____/
14
15            C O N F I D E N T I A L
16         A T T O R N E Y S'  E Y E S  O N L Y
17            O U T S I D E   C O U N S E L
18
19   VIDEOTAPED DEPOSITION OF RAVIN BALAKRISHNAN, Ph.D.
20              SAN FRANCISCO, CALIFORNIA
21               TUESDAY, AUGUST 16, 2011
22
23   BY:  ANDREA M. IGNACIO HOWARD, CSR, RPR, CCRR, CLR
24   CSR LICENSE NO. 9830
25   JOB NO. 41176
```

Confidential Attorneys' Eyes Only Outside Counsel

Page 5

1       MR. LIEN:  Henry Lien, representing Samsung.
2       MR. BRIGGS:  Todd Briggs, representing
3   Samsung.
4       MR. AHN:  Matthew Ahn, of Morrison &
5   Foerster, on behalf of Apple.
6       THE VIDEOGRAPHER:  Will the court reporter
7   please swear in the witness.
8
9           RAVIN BALAKRISHNAN, Ph.D.,
10      having been sworn as a witness,
11      by the Certified Shorthand Reporter,
12          testified as follows:
13
14
15      THE VIDEOGRAPHER:  You may proceed.
16
17          EXAMINATION BY MR. JOHNSON
18      MR. JOHNSON:  Good morning, Mr. Balakrishnan.
19   Q   Have -- you've been deposed before?
20   A   Yes, I have.
21   Q   Okay.  About how many times?
22   A   About a half a dozen times, roughly.
23   Q   I'll try to ask coherent questions, and if
24   you -- hopefully you'll provide some answers, and
25   if -- to the extent that you don't understand any of

Confidential Attorneys' Eyes Only Outside Counsel

Page 151

1   have to align with the screen.
2        Q   So you can have -- you can have the edge of
3   the boundary be something other than the edge of the
4   screen?
5            MR. MONACH:  Objection; vague.
6            MR. JOHNSON:  I think we're saying the same
7   thing.  I'm just -- I'm really bad with trying to --
8        A   I want to make sure I say the right thing
9   with my understanding of what you're saying, too.
10       Q   So all I'm saying is, under your view of an
11  electronic document, an electronic document can have a
12  boundary that is internal to the screen or, you know,
13  doesn't have to be at the edge of the screen --
14           MR. MONACH:  Objection; form.
15           MR. JOHNSON:  Q.  -- right?
16           MR. MONACH:  Objection; calling for a legal
17  conclusion; asked and answered.
18           You can do it again.
19           THE WITNESS:  So as I answered earlier, and
20  my opinion is that the boundary of the electronic
21  document, in this case, this -- this edge is one
22  boundary of it, does not have to match the edge of the
23  screen, yes.
24           MR. JOHNSON:  Okay.
25       Q   So just, during the lunch, I had the guys

Confidential Attorneys' Eyes Only Outside Counsel

Page 152

1  just print up a sheet of paper with some squares on it
2  for me.  So if you imagine, sir, that the -- the
3  quadrants that are labeled 1 to 36 on here are the
4  entire -- that's this -- that's the screen of the
5  display.
6      A   So the whole -- the big rectangular is the
7  screen?
8      Q   Right.
9      A   Okay.
10     Q   So you can have an electronic document that
11 consists of smaller grids within the screen; right?
12         MR. MONACH:  Object to the form of the
13 question; calling for a legal conclusion; incomplete
14 hypothetical; asking for a new opinion.
15         THE WITNESS:  It would depend on what one
16 considers to be the electronic document.  It could be
17 one of these, let me call it sub rectangles that you
18 can label with numbers.  It could be some combination
19 of them.  It --
20         MR. JOHNSON:  Right.
21         THE WITNESS:  -- really depends on -- depends
22 on how, you know, you want to put the boundary around
23 it.
24         MR. JOHNSON:  Q.  So you could draw a
25 boundary, hypothetically, around squares 15, 16, 17,

Confidential Attorneys' Eyes Only Outside Counsel

1   18, 21 and 22, 23 and 24?
2       A   Say -- sorry.  15, 16, 17, 18, 21?
3       Q   22, 23, and 24.
4       A   So kind of like this?
5       Q   Yeah, go ahead and draw it.
6           MR. MONACH:  Object to the -- object to the
7   form of the question as vague and ambiguous;
8   incomplete hypothetical.
9           MR. JOHNSON:  Q.  Make it a little more
10  noticeable for me.
11      A   We've got black lines around it.
12      Q   Yeah, okay.
13          So that could be an electronic document;
14  right?
15      A   Depend --
16          MR. MONACH:  Same objection.
17          THE WITNESS:  Sorry.  I jumped in there.
18          Depending on the context, depending on the
19  application, it could be.
20          MR. JOHNSON:  Okay.
21          THE WITNESS:  Or some other collection.
22          MR. JOHNSON:  Q.  It's not limited to that;
23  right?
24      A   I would not say it's limited.
25      Q   So it could be also a -- a six-by-six grid or

Confidential Attorneys' Eyes Only Outside Counsel

Page 154

1  a two-by-two grid?
2          MR. MONACH:  Same --
3          MR. JOHNSON:  Q.  -- or even a three-by-three
4  grid, I guess --
5          MR. MONACH:  Same objection.
6          MR. JOHNSON:  Q.  -- right?
7          MR. MONACH:  Vague and ambiguous; incomplete
8  hypothetical.
9          THE WITNESS:  Again, it would depend on the
10 def- -- you know, how -- whoever is being the
11 application, what they consider to be the document --
12 to be the extent of the document, yes.
13         MR. JOHNSON:  Q.  Under your view, though, it
14 could be those, those grids; right?
15         MR. MONACH:  Objection; same objection as
16 before.  Also, misstates the prior testimony.
17         THE WITNESS:  Depending on the context, it --
18 it could take on different forms.
19         MR. JOHNSON:  Okay.
20    Q   Does the grid need to be a rectangle?
21         MR. MONACH:  Same objection.
22         MR. JOHNSON:  Strike it.  Let me ask it
23 again.
24    Q   Does -- would the grid need to be a rectangle
25 in order for it to be an electronic document?

Confidential Attorneys' Eyes Only Outside Counsel

Page 155

1     MR. MONACH:  Same objection.
2     THE WITNESS:  Well, I think the electronic
3  document doesn't have to be anything to do with the
4  grid.  It --
5     MR. JOHNSON:  Okay.
6     THE WITNESS:  -- it's any visual thing with
7  defined boundaries --
8     MR. JOHNSON:  So -- so it --
9     THE WITNESS:  -- by my definition of it.
10    MR. JOHNSON:  Q.  Could -- if you -- if you
11 drew lines around squares one, two, and eight, for
12 example --
13    A   One, two, and eight.  So this kind of, I
14 guess, inverted L?
15    Q   Yeah.
16        Could that be an electronic document?
17    MR. MONACH:  Objection; vague; incomplete
18 hypothetical; calling for a legal conclusion and a new
19 opinion.
20    THE WITNESS:  So to the extent that I haven't
21 considered this, this style of odd-shaped documents
22 prior to coming here today, just thinking on the fly
23 here, a -- based on my understanding of, you know,
24 boundaries, that wouldn't -- would satisfy the notion
25 of a boundary, again, depending on the context of the

Confidential Attorneys' Eyes Only Outside Counsel

Page 156

1  application and what a document means in that context.
2          MR. JOHNSON:  Q.  If -- going back to the
3  original two-by-four rectangle of 15, 16, 17, 18, 21,
4  22, 23, 24, if you look at that, is it fair to say
5  that this line right here is an edge of the electronic
6  document?
7      A    The line --
8          MR. MONACH:  Object.
9          Hang on a second.
10         THE WITNESS:  I'm sorry.
11         MR. MONACH:  Objection; vague and ambiguous;
12 incomplete hypothetical; calling for a legal
13 conclusion and a new opinion.
14         THE WITNESS:  So, again, I haven't considered
15 this prior to this, you putting this in front of me.
16         Thinking on the fly here, so you're saying
17 this line -- the vertical line between --
18         MR. JOHNSON:  Since the witness is pointing,
19 I just want to make sure you get what he's pointing
20 to.
21         Yeah.
22         THE WITNESS:  The vertical line between 14
23 and 15, and 20 and 21, here, this --
24     Q    That -- that's right, yeah.
25     A    -- line.

Confidential Attorneys' Eyes Only Outside Counsel

Page 157

1          Given this hypothetical scenario, where
2   you're saying the -- this two -- I'm sorry --
3   two-by-four grid of elements -- rectangle is an
4   electronic document in this hypothetical scenario,
5   that would be indeed, I guess, one boundary one
6   edge --
7       Q   Okay.
8       A   -- of that.
9       Q   So let's just label that "edge" for me, just
10  so I can keep track of it after the deposition.
11  Just --
12      A   What do you want me to call it?
13      Q   Just call it "edge," and then maybe put it
14  down at the bottom and draw an arrow down to the line,
15  or something.
16      A   Like this?
17      Q   Yeah.
18      A   Okay.
19      Q   Okay.  And then, is it fair to say that
20  the -- the -- the Blocks 14 and 20 are an area beyond
21  the edge --
22          MR. MONACH:  Same --
23          MR. JOHNSON:  Q.  -- of the electronic
24  document?
25          MR. MONACH:  Same objection.

Confidential Attorneys' Eyes Only Outside Counsel

Page 158

1    THE WITNESS:  So, again, considering this for
2 the first time here, I haven't thought this in detail,
3 if, in this hypothetical scenario, the document is
4 this two-by-four grid, labelled 15, 16, 17, 18, 21,
5 22, 23, 24, if that is the document, then anything
6 beyond that edge would be an area outside the document
7 beyond the edge of the document.
8    So given those hypotheticals, area 14 and 20
9 would be beyond the edge of the document, given that
10 scenario.
11    MR. JOHNSON:  Okay.
12  Q  So can you just label that "beyond the edge"?
13  A  How -- just label each one of these?
14  Q  Yeah, or just draw -- however you want.
15  A  Well, we're getting a lot of drawings on this
16 thing, so I don't know.  "Beyond."
17  Q  Speaking of which, let me just mark the --
18 the grid as Exhibit 104.
19  A  Put it on the bottom?
20  Q  Thanks.
21    (Phone marked Balakrishnan Exhibit 104
22      for identification.)
23    MR. JOHNSON:  Q.  Can you look at the Galaxy
24 Tab, which is Exhibit 101, and pull up for me the
25 contacts application.

Confidential Attorneys' Eyes Only Outside Counsel

Page 337

1    CERTIFICATE OF REPORTER

5    I, ANDREA M. IGNACIO HOWARD, hereby certify
6    that the witness in the foregoing deposition was by me
7    duly sworn to tell the truth, the whole truth, and
8    nothing but the truth in the within-entitled cause;

10    That said deposition was taken in shorthand
11    by me, a Certified Shorthand Reporter of the State of
12    California, and was thereafter transcribed into
13    typewriting, and that the foregoing transcript
14    constitutes a full, true and correct report of said
15    deposition and of the proceedings which took place;

17    That I am a disinterested person to the said
18    action.

20    IN WITNESS WHEREOF, I have hereunto set my
21    hand this 17th day of August, 2011.

23    _____
24    ANDREA M. IGNACIO HOWARD, RPR, CCRR, CLR, CSR No. 9830