Exhibit 5

```
 1        UNITED STATES DISTRICT COURT
        NORTHERN DISTRICT OF CALIFORNIA
 2             SAN JOSE DIVISION
 3
 4
 5
 6
   APPLE INC., A CALIFORNIA       :
 7 CORPORATION,                   :
               PLAINTIFF,         :
 8
                                  :
 9    VS.                         : CASE NO.
                                  : 11-CV-01846-LHK
10 SAMSUNG ELECTRONICS, CO.,      :
   LTD., A KOREAN BUSINESS        :
11 ENTITY; SAMSUNG ELECTRONICS    :
   AMERICA, INC., A NEW YORK      :
12 CORPORATION; SAMSUNG           :
   TELECOMMUNICATIONS AMERICA,    :
13 LLC, A DELAWARE LIMITED        :
   LIABILITY COMPANY,             :
14
                 DEFENDANTS
15
16
17
18
19
20      VIDEOTAPED DEPOSITION OF ANDRIES VAN
   DAM, an Expert Witness in the above-entitled
21 cause, taken on behalf of the Plaintiff,
   before Barbara Warner, RPR, Notary Public in
22 and for the State of Rhode Island, at the
   offices of Allied Court Reporters, 115-21 Phenix
23 Avenue, Cranston, RI, on May 2, 2012
   at 9:00 A.M.
24
25 TSG Job # 49185
```

| | | |
|---|---|---|
| 1 | (DEPOSITION COMMENCED AT 9:16 A.M.) | |
| 2 | ANDRIES VAN DAM | |
| 3 | THE VIDEOGRAPHER:  We are on the | 09:15 |
| 4 | record.  This is the beginning of disk number | 09:15 |
| 5 | 1 of the deposition of Andries van Dam in the | 09:16 |
| 6 | matter of Apple, Inc., versus Samsung | 09:16 |
| 7 | Electronics Company, Limited, United States | 09:16 |
| 8 | District Court for the Northern District of | 09:16 |
| 9 | California, C.A. Number 11-CV-01846-LHK. | 09:16 |
| 10 | This deposition is being held in Cranston, | 09:16 |
| 11 | Rhode Island on May 2, 2012.  The time is | 09:16 |
| 12 | 9:16 on the video.  My name is William White, | 09:16 |
| 13 | I am the videographer.  The court reporter is | 09:16 |
| 14 | Barbara Warner, in association with TSG | 09:16 |
| 15 | Reporting.  Would the attorneys please | 09:16 |
| 16 | identify themselves for the record. | 09:16 |
| 17 | MR. KREEGER:  Matthew Kreeger from | 09:16 |
| 18 | Morrison & Foerster for Apple. | 09:16 |
| 19 | MR. TUNG:  Mark Tung from Quinn | 09:16 |
| 20 | Emanuel for Samsung, and with me is Ailen | 09:16 |
| 21 | Kim. | 09:16 |
| 22 | ANDRIES VAN DAM | 09:16 |
| 23 | Being duly sworn, deposes and | 09:16 |
| 24 | testifies as follows: | 09:16 |
| 25 | THE REPORTER:  Would you state | 09:16 |

Page 58

1     electronic document, you considered it                10:57
2     legitimate to chose any arbitrary collection          10:57
3     of tiles in the world view; is that right?            10:57
4            MR. TUNG:  Objection.  Beyond the              10:57
5     scope.  Mischaracterizes testimony.                   10:57
6     A. If you're asking me, can you have an               10:57
7     electronic document that has one or more              10:57
8     tiles without adding implicitly, and does             10:57
9     that collection as a single electronic                10:57
10    document follow the '381 patent, without              10:58
11    adding that, I would say yes, you are free to         10:58
12    chose any number of tiles, as long as you             10:58
13    know which ones you're talking about.  They           10:58
14    have to be identifiable.                              10:58
15  Q. Is a single tile on the world view an                10:58
16    electronic document?                                  10:58
17    A. It could be so construed.  Again, without          10:58
18    any implication that therefore it should obey         10:58
19    the '381 limitations.                                 10:58
20  Q. Is a Microsoft Word document an electronic           10:58
21    document?                                             10:58
22    A. Again, without asking implicitly, that             10:58
23    could be read on the '381 elements.  It is            10:58
24    certainly an electronic document.                     10:59
25  Q. What about a paragraph within a Microsoft            10:59

Page 59

1  document, is that an electronic document?          10:59
2  A. It could be, and it could not be.  It           10:59
3  depends on how fine-grained you want to be in      10:59
4  your definition.  My definition of electronic      10:59
5  document allows hierarchy, but I would say it      10:59
6  depends upon what kind of paragraph we are         10:59
7  talking about.  If you are talking about a         10:59
8  numbered identified paragraph as in an expert      10:59
9  report, I would say it might be useful to          10:59
10 think of that as an electronic document.  If       10:59
11 you are talking about I have a typesetting         10:59
12 program and it produces paragraphs, then           10:59
13 those paragraphs don't really have a separate      10:59
14 identity, and I would find it not very useful      10:59
15 to consider them an electronic document, but       10:59
16 there is no hard-and-fast rule.                    11:00
17 Q. For purposes of the '381 patent, as it uses     11:00
18 the term electronic document, would you            11:00
19 consider a paragraph within a Microsoft Word       11:00
20 document to be a separate electronic               11:00
21 document?                                          11:00
22 A. I have never even thought about whether I       11:00
23 should try to perform the '381 analysis to a       11:00
24 paragraph.  If I'm looking at an interior          11:00
25 paragraph in a Microsoft Word document, I          11:00

```
 1            C E R T I F I C A T E
              I, Barbara Warner, a Notary Public in
 2       and for the State of Rhode Island, duly
         commissioned and qualified to administer
 3       oaths, do hereby certify that the foreging
         Deposition of Andries van Dam, a Witness in
 4       the above-entitled cause, was taken before me
         on behalf of the Plaintiff, at the offices of
 5       Allied Court Reporters, 115 Phenix Avenue,
         Cranston, Rhode Island on May 2, 2012 at 9:00
 6       A.M.; that previous to examination of said
         witness, who was of lawful age, he was first
 7       sworn by me and duly cautioned to testify to
         the truth, the whole truth, and nothing but
 8       the truth, and that he thereupon testified in
         the foregoing manner as set out in the
 9       aforesaid transcript.
10            I further testify that the foregoing
         Deposition was taken down by me in machine
11       shorthand and was later transcribed by
         computer, and that the foregoing Deposition
12       is a true and accurate record of the
         testimony of said witness.
13
              Pursuant to Rules 5(b) and 30(f) of the
14       Federal Rules of Civil Procedure, original
         transcripts shall not be filed in Court;
15       therefore, the original is delivered to and
         retained by Plaintiff's attorney, Matthew
16       Kreeger, Esquire.
17            Correction and signature pages were sent
         to Defendant's Counsel, Mark Tung, Esquire.
18
              IN WITNESS WHEREOF, I have hereunto set
19       my hand and seal this 2nd day of May, 2012.
20
21
22
23
         _____
24       BARBARA WARNER, NOTARY PUBLIC/CERTIFIED
         COURT REPORTER
25       *My commission expires October 15, 2014
```