# Exhibit 8

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>      Plaintiff and Counter-Defendant,<br><br>  vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>      Defendant and Counterclaimant. | CASE NO. 11-cv-01846-LHK (PSG)<br><br>**FINAL JURY INSTRUCTIONS** |

DATED: _____, 2012

_____
Hon. Lucy H. Koh
UNITED STATES DISTRICT JUDGE

## INSTRUCTION NO. 84—TRADE DRESS—NO LIABILITY FOR COPYING

Trade dress law <u>prohibits the copying of protectable trade dress only in order to prevent the likelihood of consumer confusion.  It</u> does not <u>otherwise</u> prohibit competitors from copying each other's products.  Nor does it protect a company's innovation and creativity.  ~~Rather, trade dress law prohibits the copying of source-identifying trade dress only in order to prevent consumer deception.~~

**Source**:

*Dastar Corp v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 36 (2003) ("reading §43(a) of the Lanham Act as creating a cause of action for, in effect plagiarism – the use of otherwise unprotected works and inventions without attribution – would be hard ."); *Wal-Mart Stores v. Samara Brothers, Inc.*, 529 U.S. 205 (2000) (no cause of action for trade dress violation because asserted trade dress was not source identifying even though Wal-Mart produced 'knockoffs' of children's clothes designed and manufactured by Samara Broths, containing only 'minor modifications' of the original designs.); *TrafFix Devices, Inc. v. Marketing Displays, Inc.*, 532 U.S. 23, 29 (2001) (The Supreme Court has been 'careful to caution against misuse or overextension" of trademark related protections into areas traditionally occupied by patent and copyright.");  *Inwood Laboratories, Inc. v. Ives Laboratories, Inc.*, 456 U.S. 844, 851 n. 11 (1982) (designs cannot be protected under the Lanham Act unless they "identify the source of the product rather than the product itself"); *Bonito Boats v. Thunder Craft Boats, Inc*., 489 U.S. 141, 157 (1989) ("The defendant . . . may copy plaintiff's goods slavishly down to the minutest detail; but he may not represent himself as the plaintiff in their sale.") (internal quotation marks omitted); *Newton v. Thomason*, 22 F.3d 1455, 1463 (9th Cir. 1994) ("must show that, in selecting [accused] name, Appellees intended to profit by confusing consumer") (internal quotation marks omitted); *Bretford Manufacturing, Inc. v. Smith System Manufacturing Corp.*, 419 F.3d 576, 581 (7th Cir. 2005) ("Businesses often think competition unfair, but federal law encourages wholesale copying, the better to drive down prices.").

## INSTRUCTION NO. 93—SECONDARY MEANING—COPYING

To support a finding of secondary meaning, deliberate copying must be an intentional attempt to capitalize on a company's reputation or good will. Mere attempts to copy a product are not necessarily probative since the copier may very well be exploiting a particularly desirable feature, rather than seeking to confuse consumers as to the source of the product. Thus the relevant intent is not just the intent to copy but, rather, the intent to "pass off" ones goods as those of another.

**Source**:

*Bonito Boats v. Thunder Craft Boats, Inc.*, 489 U.S. 141, 157 (1989) ("The defendant . . . may copy plaintiff's goods slavishly down to the minutest detail; but may not represent himself as the plaintiff in their sale.") (internal quotation marks omitted); *Fuddruckers, Inc. v. Doc's B.R. Others, Inc.*, 826 F.2d 837, 845-46 (9th Cir. 1987) ("Competitors may intentionally copy product features for a variety of reasons. They may, for example, choose to copy wholly functional features that they perceive as lacking any secondary meaning because of those features' intrinsic economic benefits."); *M2 Software, Inc. v. Madacy Entertainment*, 421 F.3d 1073, 1085 (9th Cir. 2005) (found no intent because the defendant did not have "any intention of capitalizing on [plaintiff's] trademark.").