UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC.,<br><br>      Plaintiff,<br>  v.<br><br>SAMSUNG ELECTRONICS CO., LTD, a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>      Defendants. | Case No.: C 11-1846 LHK (PSG)<br><br>**ORDER GRANTING-IN-PART APPLE'S MOTION FOR CLARIFICATION OF THE APRIL 12 ORDER; GRANTING-IN-PART SAMSUNG'S MOTION TO ENFORCE THE APRIL 12 ORDER; GRANTING-IN-PART SAMSUNG'S MOTION FOR SANCTIONS**<br><br>**(Re: Docket Nos. 885, 965 & 968)** |

In this patent infringement suit, the parties dispute the meaning and effect of the court's April 12, 2012 order ("April 12 Order"), and, by implication, a predicate order of the court issued on December 22, 2012 ("December 22 Order"). Plaintiff Apple Inc. ("Apple") seeks clarification of the April 12 Order. Defendants Samsung Electronics Co., LTD., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung") seek to enforce the April 12 Order and separately move for sanctions. On June 21, 2012, the parties appeared for a hearing at which the court heard oral argument. Having considered the arguments and evidence presented, the court GRANTS-IN-PART Apple's motion, and GRANTS-IN-PART Samsung's motions.

1

Case No.: 11-1846 LHK (PSG)
**ORDER**

**I. INTRODUCTION**

By its motion, Apple seeks clarification that the April 12 Order does not require it to produce unredacted court materials subject to protective orders entered by the International Trade Commission ("ITC") and the Local Rules of the District of Delaware barring the disclosure of third-party confidential information.[1]

By its first motion, Samsung seeks production of at least redacted versions of the disputed court materials, as well as details regarding Apple's efforts to obtain consent to production from the third-parties, so that it may pursue any necessary consents.[2] Samsung also asks the court to order the depositions it previously compelled after finding that Apple had violated the December 22 Order.[3]

By its second motion, Samsung seeks an order sanctioning Apple by: (1) finding that Apple violated the December 22 Order by withholding deposition transcripts; (2) precluding Apple's experts from responding to, denying, explaining, commenting on, or otherwise testifying contrary to the admissions contained in the withheld transcripts; (3) precluding Apple's experts from affirmatively relying on the transcripts and their contents, and striking any references to the transcripts or to the employee statements within them that Apple's experts have made or may make in their reports or deposition testimony in this case; and (4) requiring Apple and its attorneys to pay the attorney's fees and costs Samsung incurred in connection with bringing the relevant motions.[4]

The court will address each motion in turn.

**II. LEGAL STANDARDS**

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. The court must limit

---

[1] *See* Docket No. 885 (Apple's Admin. Mot. for Clarification).

[2] *See* Docket No. 965 (Samsung's Mot. to Enforce).

[3] *See id.*

[4] *See* Docket No. 968 (Samsung's Mot. for Sanctions).

2
Case No.: 11-1846 LHK (PSG)
**ORDER**

the frequency or extent of discovery if it is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, or the burden or expense of the proposed discovery outweighs its likely benefit.[5] Upon a showing of good cause, "the court may order discovery of any matter relevant to the subject matter involved in the action."[6]

Rule 37(b) of the Federal Rules of Civil Procedure authorizes sanctions against a party who "fails to obey an order to provide or permit discovery under Rule 26(f), 35, or 37(a)."[7] Sanctions may range in severity from monetary to case-dispositive preclusion or terminating sanctions.[8] The selection of the particular sanction is left to the discretion of the trial court.[9] Instead of or in addition to the sanctions above, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising the conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees . . . [unless] the opposing party's nondisclosure, response or objection was substantially justified or other circumstances make an award of expenses unjust."[10] The disobedient party bears the burden of showing that the failure was justified or that special circumstances make an award of expenses unjust.[11]

### III. DISCUSSION

#### A. *The Court's December 22 Order*

On August 3, 2011, Samsung propounded a series of discovery requests to Apple, but only Request for Production ("RFP") No. 75 is relevant here. RFP No. 75 requested:

---

[5] *See generally* Fed. R. Civ. P. 26.

[6] Fed. R. Civ. P. 26(b)(1).

[7] Fed. R. Civ. P. 37(b)(1)(A).

[8] *See* Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii); 37(b)(2)(C).

[9] *See Nat'l Hockey League v. Metr. Hockey Club, Inc.*, 427 U.S. 639, 642 (1976); *David v. Hooker, Ltd.*, 560 F.2d 412, 418-19 (9th Cir. 1977).

[10] Fed. R. Civ. P. 37(a)(5)(A)(ii)-(iii).

[11] *See David*, 560 F.2d at 419; *Liew v. Breen*, 640 F.2d 1046, 1050 (9th Cir. 1981).

> all documents relating to any lawsuit, administrative proceeding, or other proceeding involving any of the Apple accused products, Apple IP, or patents related to the Apple patents-in-suit, including, without limitation, any pleading, paper, motion, affidavit, declaration, report, decision, or order, for cases to include [10 listed cases].[12]

Samsung thereafter argued that Apple's RFP No. 75 production response was deficient,[13] and on December 16, 2011, the parties appeared for a hearing on a motion by Samsung to compel production. The relevant section of the court's December 22 Order is as follows:

> The court finds Apple's proposed definition of "technological nexus" to be an appropriate measure under the balancing provisions of Fed. R. Civ. P. 26(b)(2)(C)(iii) for the production of relevant employee testimony from other actions. Apple shall apply this standard and complete its production of all responsive transcripts on a rolling basis and no later than January 15, 2012. To the extent that Samsung identifies as relevant any cases that fall outside of Apple's production as limited by the "technological nexus" standard, the court will entertain a further motion to compel the production of transcripts from those cases, if the parties are unable to come to an agreement regarding production after engaging in appropriate meet and confer.[14]

The court went on to identify Apple's proposed definition of "technological nexus":

> Apple interprets "technological nexus" to include prior cases involving the patents-in-suit or patents covering the same or similar technologies, features, or designs as the patents-in-suit . . . [W]ith respect to design patent inventors, this would include prior cases involving the asserted design patents or other design patents covering the same designs or design elements. With respect to utility patent inventors, this would include the asserted utility patents or other utility patents covering touchbased interface functions, display elements, touch-screen hardware, or touch-screen logic.[15]

### B. *The Court's April 12 Order*

After the January 15 deadline for compliance came and went, Samsung moved to enforce the December 22 Order, and on April 9, 2012, the parties appeared for another hearing. Samsung argued that two categories of Apple's RFP No. 75 production response were either incomplete or non-existent: "(1) deposition transcripts from proceedings Samsung has identified that fall within the court's December 22 Order, including depositions of Apple employees taken during the currently-pending United States International Trade Commission Inv. No. 337-TA-796 ('796 ITC

---

[12] *See* Docket No. 867 (Apr. 12 Order) at 2.

[13] *See* Docket No. 483 (Samsung's Mot. to Compel).

[14] *See* Docket No. 536 (Dec. 22 Order) at 5.

[15] *See id.*; Docket No. 502 (Apple's Opp'n to Samsung's Mot. to Compel) at 21.

4
Case No.: 11-1846 LHK (PSG)
**ORDER**

1 Investigation'); and (2) other material from these cases that satisfies the nexus standard, including

2 testimony of non-employee witnesses, declarations and affidavits, expert reports, hearing

3 transcripts, court rulings, and pleadings."[16]

4 On April 12, 2012, the court issued another order. In relevant part, the court's April 12

5 Order directed the parties as follows:

> [T]he court GRANTS Samsung's motion to enforce the December 22 Order as to all deposition transcripts of Apple employees, testifying in their employee capacity, from actions bearing a technological nexus to this case. Apple shall produce the transcripts on a rolling basis and shall complete its production by April 27, 2012.[17]
>
> . . . .
>
> As in the scenario with Intel, the court sees no reason that the protective order in this case is inadequate to protect third-party confidentiality interests. Apple therefore shall produce the unredacted court documents, marked as "Highly Confidential – Attorneys' Eyes Only," from the eight cases that Samsung has identified bear a technological nexus to this case. As above, Apple shall produce the court documents on a rolling basis and shall complete its production by April 27, 2012.[18]

The court also ordered the following:

> In order to mitigate the prejudice to Samsung caused by Apple's failure to produce all responsive deposition transcripts in a timely manner, Samsung may take up to five additional depositions, for a total time not to exceed ten hours. The ten-hour allowance shall not count against the 250-hour limit in this case. Samsung must complete any deposition to be taken as a result of this order by May 10, 2012.[19]

### C. Apple's Motion for Clarification and Samsung's Motion to Enforce

Apple acknowledges that it has not produced all unredacted court documents from certain cases before the ITC and in the District of Delaware because, Apple claims, either the ITC protective order or District of Delaware Local Rule 26.2 bars the disclosure of confidential unredacted court documents absent third-party consent.[20] Apple points out that it has already

---

[16] *See* Docket No. 867 (Apr. 12 Order) at 8. The December 22 Order did not address the "other materials" category of documents.

[17] *See id.* at 10.

[18] *See id.* at 12.

[19] *See id* at 10.

[20] *See* Docket No. 885 (Apple's Admin. Mot. for Clarification) at 2-3.

5
Case No.: 11-1846 LHK (PSG)
**ORDER**

**United States District Court**
For the Northern District of California

1  produced unredacted court documents stemming from other cases in which the relevant ITC
2  protective order allowed for disclosure when compelled by a court order, as well those in which the
3  third-party gave its consent.[21] Apple also claims that it produced all court documents that do not
4  contain confidential information.[22] Apple therefore requests that the court clarify whether
5  withholding these remaining materials violates the April 12 Order. Apple also requests that the
6  court clarify whether the April 12 Order was intended to permit Samsung to depose anyone it
7  chose, or only those individuals whose depositions are necessary to mitigate any prejudice to
8  Samsung stemming from Apple's untimely productions.[23] If only the latter, Apple argues Samsung
9  must demonstrate a nexus between an untimely produced transcript and Samsung's choice of
10 deponent.[24]

Samsung responds that Apple's motion for clarification is procedurally improper because it is actually a motion for reconsideration,[25] which is governed by a stricter standard.[26] According to Samsung, Apple's current dilemma is entirely of its own making because Apple knew of the third-party consent problem as early as November 2011, but waited until April 2012 to take serious action.[27] Samsung also argues that its selected deponents do bear a nexus to the untimely produced transcripts, but even if they do not, the court's April 12 Order lacked any such restriction.[28] Samsung asks for an order compelling Apple to produce: (1) redacted versions of the withheld documents; (2) third-party contact information so that it may pursue the outstanding consents; and (3) the five deponents Samsung previously identified.

---

[21] *See id.*

[22] *See id.* at 1.

[23] *See id.* at 5.

[24] *See id.*

[25] *See* Docket No. 1040 (Samsung's Opp'n to Apple's Mot. for Clarification) at 2-4.

[26] *See* L.R. 7-9 (a)-(b) (requiring leave from the court and a showing of good cause before allowing a party to file a motion for reconsideration).

[27] *See* Docket No. 1040 (Samsung's Opp'n to Apple's Mot. for Clarification) at 4-5.

[28] *See id.* at 5-7.

6
Case No.: 11-1846 LHK (PSG)
**ORDER**

The court agrees with Apple that its request is properly viewed as a request for clarification, not reconsideration, and that Apple need not produce unredacted court documents whose production is barred by either the ITC's protective order or the District of Delaware's local rules. These documents are outside of Apple's "possession, custody, or control."[29]

That said, Apple has represented to the court that it has petitioned the ITC for permission to disclose the protected material, and that the request is still pending.[30] If the ITC grants Apple's request, Apple must produce the unredacted materials to Samsung. In the meantime, while Apple need not guess at what redactions might be required by the third-parties, Apple must immediately produce to Samsung a log of Apple's efforts to date to secure third-party consents. In fact, this should have been produced long ago. The log must include the relevant third-party contact information so that Samsung can itself try to secure the necessary consents.

In addition, no later than July 18, 2012, Apple shall produce the five deponents Samsung previously identified. Nothing in the April 12 Order limited Samsung's choice of deponents, as Apple suggests. Samsung may question the deponents concerning any relevant topic it chooses. To be clear, Samsung may choose to question the deponents regarding the untimely produced transcripts, but it also may pursue other lines of inquiry relevant to this case.

### D. Samsung's Motion for Sanctions

Samsung claims that after the court's April 12 Order issued, Apple belatedly produced a host of transcripts from cases that indisputably bear a technological nexus to this case, including thirteen deposition transcripts of the named inventors of the utility patents-in-suit, and twenty-five utility and design inventor transcripts from the 796 ITC Investigation.[31] Samsung argues that Apple intentionally held back these transcripts until enough time had passed such that Samsung could no

---

[29] *See* Fed. R. Civ. P. 34(a)(1); *Nissei America, Inc. v. Cincinnati Milacros, Inc., et al.*, 95 F.R.D. 471, 475 (N.D. Ill. 1982); *see also Netbula LLC V. Chordiant Software, Inc.*, Case No. C08-00019JW HRL, 2009 WL 3919495, at *2 (N.D. Cal. Nov. 18, 2009) (relying on *Nissei* to deny party's request for documents subject to an ITC protective order).

[30] *See* Docket No. 1041 (Apple's Opp'n to Samsung Mot. to Enforce) at 12 ("Apple has already sought consent to produce unredacted documents—including filing a motion with the ITC to allow such production.").

[31] *See* Docket No. 968 (Samsung's Mot. for Sanctions) at 8-9.

7
Case No.: 11-1846 LHK (PSG)
**ORDER**

longer make effective use of them.[32] For these transgressions, Samsung seeks sanctions, as previously described.

Apple responds that while it may have failed to comply with the court's December 22 Order, its non-compliance was substantially justified for the following reasons:

- In light of the meet-and-confer process that focused on prior inventor testimony, Apple acted on a good faith belief that the December 22 Order did not require it to produce transcripts of: (1) employees who are not trial witnesses in this case; and (2) employees who are trial witnesses in this case, but whose prior testimony bore no technological nexus to this case.[33]

- Apple complied with the court's April 12 Order because it produced all relevant transcripts before the court's April 27, 2012 deadline.[34] Apple notes that Samsung's counsel in this case, Quinn Emanuel, is also counsel of record in several relevant investigations before the ITC, and thus had access to this category of documents equal to Apple's.[35]

- Even if the court were to find that Apple failed to comply with the December 22 Order, Samsung suffered no resulting prejudice. Apple notes that Samsung waited until May 9, 2012 to notify Apple of the deponents it selected,[36] and that the testimony of the deponents Samsung eventually chose bore no technological nexus to the transcripts Apple belatedly produced.[37] Apple also notes that Samsung failed to specifically identify what the belatedly produced transcripts Apple produced following the April 12 Order contain, and why their untimely production prejudiced Samsung.[38]

- The sanctions remedy Samsung requests—precluding Apple's experts from affirmatively relying on the transcripts and their contents and striking any references Apple's experts have made or may make in their reports or deposition testimony to the transcripts or to the employee statements within them—is unprecedented and impractical. For example, Apple queries whether Samsung's proposed remedy gives Samsung the right to impeach Apple witnesses with their prior testimony, and whether Apple may even respond.[39]

---

[32] *See id.* at 10-14.

[33] *See* Docket No. 1042 (Apple's Opp'n to Samsung's Mot. for Sanctions) at 3-4.

[34] *See id.* at 4-5.

[35] *See id.* at 7-8.

[36] *See* Docket No. 867 (Apr. 12 Order) at 10 (granting Samsung the right to take five additional depositions "in order to mitigate prejudice to Samsung").

[37] *See* Docket No. 1042 (Apple's Opp'n to Samsung's Mot. for Sanctions) at 10.

[38] *See id.* at 9-11.

[39] *See id.* at 11-13.

8
Case No.: 11-1846 LHK (PSG)
**ORDER**

1   To assess the merits of Samsung's sanctions request, the court looks to: (1) what it ordered

2   Apple to produce in the December 22 Order and by when; (2) whether Apple complied; and (3) if

3   Apple did not comply, whether Samsung's requested sanctions are appropriate.

4   There is really no question that Apple violated the December 22 Order. In fact, the court's

5   April 12 Order already said as much.[40] The December 22 Order directed Apple to produce

6   transcripts of Apple witnesses, testifying in their employee capacity, in cases bearing a

7   technological nexus to this one. It did not in any way exempt from production relevant transcripts

8   simply because the employee is not testifying in this case.[41] Nor did the order apply the

9   "technological nexus" standard to individual transcripts, as opposed to overall cases. Apple

10  contends that its failure is excusable because the meet-and-confer process led Apple to believe

11  something different. But as this court has previously explained, once an order issues, all that is left

12  to do is to comply with the order as written.[42] The court cannot tolerate anything less.

13  To be sure, the court's December 22 Order was not limited to inventors. But even assuming

14  it did apply only to inventors, as Apple claims to have understood, the record is clear that Apple

15  produced inventor transcripts after April 12, 2012, confirming that Apple failed to comply with

16  even its own limited reading of the order. Moreover, if Apple believed that the December 22 Order

17  was unclear on this point, the proper course was for Apple to seek clarification immediately, as

18  Apple has shown it knows how to do. It was not to read self-serving limitations into the order.

19  Under Apple's tortured reading of the December 22 Order, Apple could avoid producing highly

---

[40] *See* Docket No. 867 (Apr. 12 Order) at 9 ("Apple must produce all relevant deposition transcripts based on the standard that it itself proffered. This includes, but is not limited to, the eight cases that Samsung has identified and justified as having an undisputed technological nexus to this action. In addition, Apple must produce the deposition transcripts from the 796 ITC Investigation.").

[41] As previously discussed, this order should not be construed as sanctioning Apple for its failure to produce relevant transcripts subject to protective orders or local rules barring their production absent court or third-party approval.

[42] *See Apple Inc. v. Samsung Elecs. Co., Ltd.*, Case No. C 11-1846 LHK (PSG), 2012 WL 1595784, at *3 n.16 (N.D. Cal. May 4, 2012) (citing *In re Google Litig.*, Case No. C 08-03172 RMW (PSG), 2011 WL 6951972, at *5 (N.D. Cal. July 8, 2011) ("Once the order compelling production issued, the focus of this court's appropriate inquiry necessarily shifts to compliance.")).

9
Case No.: 11-1846 LHK (PSG)
**ORDER**

probative—and even damning—testimony from earlier cases simply by withholding a witness from its trial list. Nothing in the court's December 22 Order provides for such a result.

Having found that Apple imposed an unreasonable limitation on the December 22 Order, the court also finds that Apple's violation was not substantially justified. This leaves only the question of whether additional sanctions, beyond these findings, are appropriately levied.

The Ninth Circuit has held that a party's failure to produce documents as ordered is considered sufficient prejudice to establish sanctionable conduct.[43] Moreover, in the Ninth Circuit prejudice from unreasonable delay is presumed.[44] In considering alternatives, the court returns to the Ninth Circuit's familiar five-factor inquiry: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."[45] Where a court order is violated, the crux of the analysis lies in factors 3 and 5—the risk of prejudice to the party seeking sanctions, and the availability of less dramatic sanctions.[46]

Here, factors 3 and 5 weigh in favor of monetary sanctions, but nothing more. Try as it might, the court cannot find in Samsung's papers or argument anything specific in the late-produced prior depositions, beyond the delay, that especially prejudiced Samsung.[47] In particular, Samsung identifies

---

[43] *See, e.g.*, *Computer Task Group, Inc. v. Brotby*, 364 F.3d 1112, 1116 (9th Cir. 2004); *Payne v. Exxon Corp.*, 121 F.3d 503, 508 (9th Cir. 1997); *Adriana Intern. Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990).

[44] *See In re Phenylpropanolamine (PPA) Products Liability Litig.*, 460 F.3d 1217, 1236-37 (9th Cir. 2006) ("Prejudice from unreasonable delay is presumed. Failure to produce documents as ordered is sufficient prejudice, whether or not there is belated compliance.") (citing *In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994)); *see also G-K Properties v. Redevelopment Agency of the City of San Jose*, 577 F.2d 645, 647 (9th Cir. 1978) (noting that "in this era of crowded dockets," willful disregard of court discovery orders—including "last minute tender of relevant documents"—merits sanctions based on the prejudice to the opposing party and the imposition on other litigants of the courts).

[45] *See Valley Eng'rs v. Electric Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998).

[46] *See id.* ("We have said that where a court order is violated, factors 1 and 2 support sanctions and 4 cuts against case-dispositive sanctions, so 3 and 5, prejudice and availability of less dramatic sanctions, are decisive.").

[47] *See* Docket No. 968 (Samsung's Mot. for Sanctions) at 13-14; Docket No. 1088 (Samsung's Reply in Supp. of its Mot. for Sanctions) at 9-12.

10
Case No.: 11-1846 LHK (PSG)
**ORDER**

no further analysis or specific further discovery it requires in order to understand what the transcripts disclosed. And even if there is such testimony, Samsung is of course still able to use it to cross-examine any Apple witness at trial. Finally, as to the availability of the least dramatic sanction necessary to achieve Rule 37's purpose, while the fees and costs requested by Samsung are reasonable—and warranted—the remainder of Samsung's proposal, especially prohibiting Apple's experts from affirmatively relying on the transcripts and their contents, while not permitting testimony to the contrary, strikes the court as unduly burdensome for the trial judge to enforce.

No later than July 22, 2012, Samsung shall identify its requested fees and costs. No later than July 29, 2012, Apple shall pay them.

### IV.    CONCLUSION

As explained above, the court GRANTS-IN-PART Apple's motion for clarification, GRANTS-IN-PART Samsung's motion to enforce, and GRANTS-IN-PART Samsung's motion for sanctions.

**IT IS SO ORDERED.**

Dated: July 11, 2012

_____
PAUL S. GREWAL
United States Magistrate Judge