QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS
CO., LTD., SAMSUNG ELECTRONICS
AMERICA, INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S NOTICE OF MOTION AND MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE** |

02198.51855/4838269.8

Case No. 11-cv-01846-LHK
SAMSUNG'S NOTICE OF MOTION AND MOTION FOR RELIEF
FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE

1    PLEASE TAKE NOTICE THAT, pursuant to Local Rule 72-2, Fed. R. Civ. P. 72(a) and 28

2  U.S.C. § 636(b)(1)(A), Samsung will and hereby does move this Court for relief from Magistrate

3  Judge Grewal's June 27, 2012 Order Granting in Part Apple's Motion to Strike Portions of

4  Samsung's Expert Reports by Messrs. Sherman, Lucente, and Anders.   Dkt. 1144, ¶¶ 1-2, 8-13;

5  Dkt. 939-12 (Apple Proposed Order), ¶¶ 9-11, 13.[1]   The ruling is clearly erroneous and contrary to

6  law[2] because it excluded evidence or opinions that (1) Apple affirmatively represented to the Court

7  it was not seeking to exclude because they had been disclosed at the preliminary injunction stage;

8  (2) had indisputably been made known during discovery; or (3) were submitted solely in rebuttal to

9  arguments and analyses Apple disclosed for the first time in its opening expert reports.   Moreover,

10  the ruling was contrary to the requirements of Rule 37(c)(1) because any failure to timely

11  supplement by Samsung was substantially justified and completely harmless.   If allowed to stand,

12  this Order will prevent Samsung from putting on the theory of its defense to the jury.   Indeed, this

13  Court has construed the ruling to bar admission of evidence for any purpose, which is not what

14  Magistrate Judge Grewal ordered.   *See* Dkt. 1158, at 24-25, 30, 32; Dkt. 1170 at 9.   Such harsh

15  sanctions should not be imposed when Samsung did not act in bad faith and lesser sanctions would

16  adequately remedy any perceived prejudice, as shown by other rulings in the Order.[3]

17  _____

18      [1]    As the Court directed, Samsung attempted to avoid this motion by proposing that each side
19  withdraw its objections to certain expert evidence that was excluded by Magistrate Judge Grewal's
    ruling, but Apple declined.   (Declaration of Joby Martin ("Martin Decl.") ¶ 2.)   In addition, while
20  Samsung disagrees with all adverse rulings in Judge Grewal's order, it is appealing the order only
    as to three experts, recognizing this Court's request to limit motion practice.
21      [2]    "The 'contrary to law' standard allows independent, plenary review of purely legal
    determinations by the magistrate judge."   *Lerma v. URS Federal Support Services*, 2011 WL
22  2493764, *3 (E.D. Cal. June 22, 2011) (citing *Osband v. Woodford*, 290 F.3d 1036, 1041 (9th Cir.
    2002) (*de novo* review of magistrate judge rulings on issue of law)). Even factual findings subject
23  to the clear error standard should be reviewed "more thoroughly," given that Magistrate Judge
    Grewal's Order adopted the "regrettable practice" of incorporating the parties' arguments, rather
24  than making his own independent findings. *Silver v. Executive Car Leasing Long-Term Disability
    Plan*, 466 F.3d 727, 733 (9th Cir. 2006).   *See also Holland v. Island Creek Corp.*, 885 F. Supp. 4,
25  6 (D.D.C. 1995) (where magistrate judge adopts parties' proposed findings, district court should
26  "check the adopted findings against the record with particular, even painstaking care.")
        [3]    *See R&R Sails, Inc. v. Insurance Co. of Pennsylvania*, 673 F.3d 1240, 1247 (9th Cir.
27  2012)(requiring courts to consider whether alleged non-compliance involved willfulness, fault, or
        (footnote continued)
28

02198.51855/4838269.8

**SAMSUNG'S NOTICE OF MOTION AND MOTION FOR RELIEF**
**FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE**

**A.     The Magistrate Judge Erroneously Excluded Evidence Disclosed During The Preliminary Injunction Proceedings That Apple Did Not Seek To Exclude**

Apple represented that it was not seeking to exclude evidence that disclosed during the preliminary injunction proceedings.[4]   Nevertheless, Apple's proposed exclusion order listed such materials, including the Samsung F700, JPD1178470, clips from "Space Odyssey" and "Tomorrow People," and analysis of the 1994 Fidler Tablets and Compaq TC1000, all of which were indisputably part of the preliminary injunction record.   *See* Martin Decl. Ex. 1.   Apple now refuses to honor its representations that these materials are not subject to its Motion to Strike, with one limited exception.[5]   Because, by Apple's own admission, this evidence was "made known" to Apple, it cannot properly be excluded order under Rule 37(c)(1), and Apple should be judicially estopped from claiming otherwise.   Samsung has identified this evidence, with citations to the preliminary injunction record, in the Appendix set forth as Exhibit 1 to the Martin Declaration.

**B.     Other Excluded Evidence Was Also "Made Known" During Discovery**

As set forth in detail in Exhibits 1 and 2 to the Martin Declaration, much of the prior art cited in the stricken portions of Samsung's expert reports had, in fact, been disclosed and addressed at length during discovery.   Here is a summary of evidence timely "made known" to Apple:

---

bad faith, and to consider the availability of lesser sanctions, prior to ordering Rule 37 sanctions); *Klund v. High Technology Solutions, Inc.*, 2006 WL 549385, at *6 (S.D. Cal. Feb. 27, 2006) (declining request to exclude all evidence from which defendant could defend its actions); *Network Appliance, Inc. v. Bluarc Corp.*, 2005 WL 1513099 at *3 (N.D. Cal. June 27, 2005 (applying heightened bad faith standard and denying request to exclude 15,000 pages of defendants' damages evidence produced on last day of fact discovery).

[4]     Dkt. 939-1, at 15 n.6 ("In connection with the preliminary injunction proceedings, Samsung submitted a declaration by Mr. Sherman dated August 22, 2011, and a PowerPoint presentation, both of which set forth various invalidity and non-infringement theories. *Apple is not moving to strike the contentions set forth in those materials*"); *id.* at 17 (asking Court to strike "all theories, opinions, and arguments regarding the invalidity of the D'889, D'087, and D'677 Patents on pages 14-73 of Mr. Sherman's opening report *except for those disclosed in connection with the preliminary injunction proceedings*")(all emphasis added); Dkt 1054 (Apple Reply), at 11 ("The invalidity and non-infringement theories in Samsung's preliminary injunction submissions met [the "otherwise made known" standard in Rule 26(e)], so Apple did not move to exclude them.").

[5]     Samsung attempted to resolve this point through communications with Apple, but Apple now denies that any prior art references from the preliminary injunction stage aside from KR 30-0452985 were not subject to its motion to strike.   (Martin Decl. ¶¶ 3-6.)

- **References and Theories Disclosed in Samsung's December 19, 2011 Interrogatory Responses**:   Apple conceded that a number of the prior art references relied on in the expert reports Apple moved to strike were disclosed in Samsung's December 19, 2011 responses to Apple's interrogatories, (Dkt 1054, at 11), including KR 30-0304213, U.S. D500,037, EU Reg. 000048061-0001, U.S. D514,590, E.U. Reg. 000569157-0005, and U.S. D504,889 for Mr. Sherman, and E.U. Reg. 000584529-0001, E.U. Reg. 000505532-0001, E.U Reg. 000778741-0001, KR 30-0403504, KR 30-0441582, JP D1189312, JP D1279226, U.S 6,983,424, and U.S. D445,428 for Mr. Lucente; These responses also incorporated the opinions of Mr. Sherman from the preliminary injunction opposition.   (*See* Martin Decl., Exs. 1, 3-17.)

- **035 Mockup of D'889 Design**:   This Court recently noted the 035 Mockup was disclosed during the preliminary injunction proceedings and Federal Circuit appeal.   Dkt 1170, at 6. This reference also was the subject of Samsung's motion to compel filed on October 28, 2011 (Dkt. 346a), and was the subject of extensive deposition testimony once it was produced in response to a Court Order.   (*See* Martin Decl., Ex. 2 at 6.)

- **References Disclosed in Samsung's Amended Initial Disclosures**:   Apple conceded that Samsung listed Mr. Vilas-Boas, creator of the Nokia Fingerprint concept design, as a prior art witness in its January 29, 2012 amended initial disclosures, and produced a declaration from Mr. Vilas-Boas explaining the significance of his design in February, 2012.   (Dkt. 1054, at 12).   Apple also does not dispute that it deposed Mr. Vilas-Boas regarding his Fingerprint Design concept prior to the close of fact discovery (*Id.*).

- **References that Were the Subject of Third-Party Discovery**:   Apple fully participated in discovery of third parties regarding a number of the references at issue, questioning representatives of Bloomberg regarding D500,037, U.S. D497,364, and E.U. registered design 000048061-0001; Bluebird Soft Inc. regarding KR 30-0398307 and the Bluebird Pidion BM-200; Olympus America Inc. regarding the MR500i; iRiver Inc. regarding the iRiver U10; and Sony Ericsson Mobile Communication Inc.   (Dkt. 1011 ¶ 15).

- **References that Were Otherwise Disclosed**:   Virtually every reference identified in the portions of the expert reports Apple moved to strike was disclosed well before the close of fact discovery in Samsung's Notice of Prior Art and interrogatory responses in ITC Investigation No. 337-TA-796, which involved closely similar patents and overlapping accused products.   *See* Dkt. 1011, Exs. 2, 3.

Thus, Magistrate Judge Grewal acted contrary to Rules 26(e)(1) and 37(c)(1) by striking this evidence.

### C.   The Magistrate Judge Acted Contrary To Law By Excluding Expert Evidence When The Timing Of Its Production Was Substantially Justified Or Harmless

In order to "ameliorate the harshness of Rule 37(c)(1)," the court may not exclude evidence where the lack of disclosure was "substantially justified or [] harmless."   *Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).   Magistrate Judge Grewal acted

1   contrary to law by striking substantial portions of Samsung's expert reports where the timing of

2   Samsung's disclosure was either substantially justified, harmless, or both.

3        The vast majority of the rebuttal non-infringement reports of Messrs. Lucente and Anders

4   were stricken because they purportedly contained content not disclosed in Samsung's non-

5   infringement interrogatory responses.   These stricken opinions were submitted solely in response

6   to detailed analysis contained in Apple's opening expert reports;[6] details that should have been

7   contained in Apple's contention interrogatory responses, but were not.   Apple's responses

8   contained virtually no content, except a conclusory statement that the Samsung designs were

9   substantially the same as the Apple patents and a series of side-by-side images.   Dkt. 1011, Ex. 20

10  at 97-122, 144-151.   Indeed, in response to Samsung's own motion to strike those undisclosed

11  contentions, Apple conceded that its experts' reports contained more detail than the discovery

12  responses, but argued that there could be no "surprise" that in arguing infringement of its patents, it

13  would "discuss in detail the claimed designs."   Dkt. 996-4 at 10.   Magistrate Judge Grewal

14  allowed those admittedly undisclosed infringement theories to stand while simultaneously striking

15  the portions of Samsung's rebuttal reports that responded to Apple's undisclosed and "detail[ed]"

16  discussions.   Dkt. 1144 at 3-5, 7.   It was impossible for Samsung or its experts to predict the

17  detailed contents of Apple's opening reports.   By striking these rebuttal opinions, which Apple did

18  not challenge as untimely under Rule 26(a), the Magistrate Judge effectively eliminated Samsung's

19  ability to rebut Apple's experts.   That ruling is wholly unprecedented and contrary to law.

20       There is also no dispute that all relevant theories and references were disclosed to Apple no

21  later than March 19, 2012, just nine days after the close of fact discovery, more than one month

22  before the close of expert discovery, two months before the dispositive motion deadline, and more

23  _____

24      [6]   Apple served opening infringement reports from Mr. Bressler and Ms. Kare that combined well over 150 pages of previously undisclosed analysis of Apple and Samsung's designs.   In the

25  Kare report, Apple's expert analyzed the user interface and icon designs down to their exact dimensions in pixels, describing the designs in detail.   *See, e.g.,* Dkt. 935-9 at ¶¶ 60-67.   None of

26  this information was in Apple's discovery responses.   Compare *id.* with Dkt. 1011, Ex. 20 at 144 (stating only that "Each accused Samsung product incorporates an array of icons that is

27  substantially the same in overall visual appearance as the design claimed in the D'305 Patent.")

28

than four months prior to trial.[7]   Such disclosure is clearly "timely" under relevant law.[8]   Even if it were not, the Court erred by striking Samsung's expert's opinions without finding that any late disclosure prejudiced Apple.   Nor could any prejudice finding be affirmed on review:   numerous courts recognize that a party who has a fair opportunity to rebut the expert's opinion and depose the expert suffers no prejudice that would warrant exclusion.[9]   Apple's experts opined on nearly every reference and rebutted nearly every opinion Apple sought to strike.   Accordingly, Apple has not suffered any prejudice at all, let alone prejudice that would warrant such a drastic sanction.[10]

DATED: July 11, 2012                          QUINN EMANUEL URQUHART & SULLIVAN, LLP
                                             By   */s/ Victoria F. Maroulis*

                                             Victoria F. Maroulis
                                             Attorneys for SAMSUNG ELECTRONICS CO., LTD.,
                                             SAMSUNG ELECTRONICS AMERICA, INC., and
                                             SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

---

[7]   Judge Grewal did not address Samsung's evidence that Apple agreed not to bring the exclusion motion if Samsung supplemented its responses by March 19.   Dkt. 1012, ¶¶ 2-6. Apple's reply argument that its agreement was limited to a motion to compel makes no sense, as the motion to compel deadline had already passed.

[8]   *Monsanto Co. v. E.I. Du Pont De Nemours & Co.*, 2012 WL 27936 at *2 (E.D. Mo. Jan. 5, 2012) ("courts have ordered responses to contention interrogatories as little as two weeks before dispositive motion deadlines."); *accord In re Convergent Techs. Sec. Litig.,* 108 F.R.D. 328 (N.D. Cal. 1985)(early-filed contention interrogatories can be a "serious form of discovery abuse.")

[9]   *See, e.g., Figueroa v. Smith*, 2007 WL 1342485, *1 (N.D. Cal. May 7, 2007) (one-week delay in serving expert reports was harmless where opposing party still had two weeks to prepare for expert's deposition); *Accenture Global Svcs. GmbH v. Guidewire Software, Inc.*, 691 F. Supp. 2d 577, 586-88 (D. Del. 2010)(untimely disclosure was harmless where opposing party had time to prepare rebuttal); *DataTreasury Corp. v. Wells Fargo & Co.,* 2010 WL 3912486 at *4 (E.D. Tex. Sept. 13, 2010) (no prejudice caused by untimely disclosure where patentee deposed the expert and served a rebuttal report); *DataQuill Ltd. v. Handspring, Inc.*, 2003 WL 25696445 at *1 (N.D. Ill. Dec. 19, 2003) (similar); *Mike's Train House, Inc. v. Broadway Ltd. Imports, LLC,* 2012 WL 27936, at *13-14 (D. Md. Feb. 27, 2012).

[10]   Indeed, the court apparently found Samsung did not suffer prejudice by Apple's undisputed failure to produce 33 licensing documents--all of which are highly probative of Apple's alleged damages--until *after* Apple's expert on damages had been deposed on his report.   Dkt. 1144, at 8 (Musika); Dkt. 1060-2, at 1-2.   The court also denied sanctions for Apple's failure to disclose a new non-infringement theory until its expert's deposition.   Dkt. 1144, at 7 (Givargis); Dkt. 1060-2, at 6-9.   In each case, failure to disclose was clear-cut and far more prejudicial than the disclosures Apple complains of here.   Yet Judge Grewal apparently found any prejudice was not severe enough to warrant exclusion under Rule 37.   That same reasoning applies *a fortiori* here.

                                             -5-                    Case No. 11-cv-01846-LHK