QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

  Kevin P.B. Johnson (Bar No. 177129
  kevinjohnson@quinnemanuel.com
  Victoria F. Maroulis (Bar No. 202603)
  victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065-2139
Telephone:     (650) 801-5000
Facsimile:     (650) 801-5100

  Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendant. | CASE NO. 11-cv-01846-LHK<br><br>**DECLARATION OF JOBY MARTIN IN SUPPORT OF SAMSUNG'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE** |

02198.51855/4842720.2

Case No. 11-cv-01846-LHK
MARTIN DECLARATION IN SUPPORT OF SAMSUNG'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE

I, Joby Martin, declare as follows:

1. I am an associate in the law firm of Quinn Emanuel Urquhart & Sullivan, LLP, counsel for Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung"). I submit this declaration in support of Samsung's Motion For Relief From Magistrate Judge Grewal's Nondispositive Pretrial Order, entered June 27, 2012. I have personal knowledge of the facts set forth in this declaration and, if called upon as a witness, I could and would testify to such facts under oath.

2. On July 1, 2012, counsel for Samsung contacted counsel for Apple to propose that the parties withdraw their objections to certain expert evidence that was excluded by Magistrate Judge Grewal's June 27 Order Granting-In-Part and Denying-In-Part Motions to Strike Expert Reports ("June 27 Order") (Dkt. 1144). Counsel for Apple responded on July 2, 2012, refusing Samsung's proposed compromise without making any counterproposal.

3. On July 3, 2012, counsel for Samsung contacted counsel for Apple in order to clarify that Apple, as it had represented to Magistrate Judge Grewal, had not moved to strike prior art references and non-infringement opinions that Samsung disclosed in its Opposition to Apple's Motion For Preliminary Injunction, and declarations in support thereof.

4. On July 5, 2012, counsel for Apple responded by agreeing that Samsung's preliminary injunction briefing adequately disclosed one prior art reference (KR30-0452985) that Apple had included in the proposed order filed in connection with Apple's motion to strike. Apple's counsel denied that Samsung's preliminary injunction briefing adequately disclosed any of the remaining prior art references or non-infringement arguments included in Apple's proposed order.

5. On July 6, 2012, counsel for Samsung again contacted Apple's counsel in order to clarify its position regarding certain prior art references and non-infringement theories. As of the date of this filing, the parties have not reached an agreement with respect to a stipulation regarding the KR30-0452985 prior art reference.

6. A true and correct copy of the email chain described in paragraphs 3 – 5 above is attached hereto as Exhibit 18.

7. Attached hereto as Exhibit 1 is a chart I prepared with assistance of my colleagues setting forth the chronology of Samsung's disclosures of the prior art references that the June 27 Order struck from the expert reports of Itay Sherman, Robert Anders, and Samuel Lucente.

8. Attached hereto as Exhibit 2 is a chart I prepared with assistance of my colleagues. The chart lists each of the prior art references that the June 27 Order struck from the expert reports of Mr. Sherman and Mr. Anders, as well as instances where each reference was disclosed during the period for discovery in this litigation.

9. On December 19, 2011, Samsung served its Objections and Responses to Apple Inc.'s Fifth Set of Interrogatories, including Samsung's response to Interrogatory No. 12 ("December 19 Response to Interrogatory No. 12"). In addition to the references disclosed by Samsung during the preliminary injunction phase of this litigation, many of the references stricken from the expert reports of Mr. Sherman, Mr. Anders and Mr. Lucente were disclosed in Samsung's December 19 Response to Interrogatory No. 12, specifically identifying the references as invalidating prior art and listing them by Bates number.

10. Samsung's December 19 Response to Interrogatory No. 12 disclosed KR 30-0304213 as invalidating prior art to Apple's D'889, D'087 and D'677 patents. A true and correct copy of KR 30-0304213, bearing Bates label SAMNDCA00021593, is attached hereto as Exhibit 3.

11. Samsung's December 19 Response to Interrogatory No. 12 disclosed U.S. D500,037 as invalidating prior art to Apple's D'889, D'087 and D'677 patents. A true and correct copy of U.S. D500,037, bearing Bates label SAMNDCA00027716-22, is attached hereto as Exhibit 4.

12. Samsung's December 19 Response to Interrogatory No. 12 disclosed E.U. Design Reg. 000048061-0001 as invalidating prior art to Apple's D'889, D'087 and D'677 patents. A true and correct copy of E.U. Design Reg. 000048061-0001, bearing Bates label SAMNDCA00019932-33, is attached hereto as Exhibit 5.

13. Samsung's December 19 Response to Interrogatory No. 12 disclosed U.S. D514,590 as invalidating prior art to Apple's D'889, D'087 and D'677 patents. A true and correct

1 copy of E.U. registered design U.S. D514,590, bearing Bates label SAMNDCA00023918-21, is
2 attached hereto as Exhibit 6.
3       14.    Samsung's December 19 Response to Interrogatory No. 12 disclosed E.U. Design
4 Reg. 000569157-0005 as invalidating prior art to Apple's D'889, D'087 and D'677 patents.  A
5 true and correct copy of E.U. Design Reg. 000569157-0005, bearing Bates label
6 SAMNDCA00021315-19, is attached hereto as Exhibit 7.
7       15.    Samsung's December 19 Response to Interrogatory No. 12 disclosed U.S.
8 D504,889 as invalidating prior art to Apple's D'087 and D'677 patents.  A true and correct copy
9 of U.S. D504,889, bearing Bates label SAMNDCA00200769-73, is attached hereto as Exhibit 8.
10       16.    Samsung's December 19 Response to Interrogatory No. 12 disclosed E.U. Design
11 Reg. 000584529-0001 as invalidating prior art to Apple's D'305 patent.  A true and correct copy
12 of E.U. Design Reg. 000584529-0001, bearing Bates label SAMNDCA00199220-22, is attached
13 hereto as Exhibit 9.
14       17.     Samsung's December 19 Response to Interrogatory No. 12 disclosed E.U. Design
15 Reg. 000505532-0001 as invalidating prior art to Apple's D'305 patent.  A true and correct copy
16 of E.U. Design Reg. 000505532-0001, bearing Bates label SAMNDCA00199223-26, is attached
17 hereto as Exhibit 10.
18       18.    Samsung's December 19 Response to Interrogatory No. 12 disclosed E.U Design
19 Reg. 000778741-0001 as invalidating prior art to Apple's D'305 patent.  A true and correct copy
20 of E.U Design Reg. 000778741-0001, bearing Bates label SAMNDCA00199230-32, is attached
21 hereto as Exhibit 11.
22       19.    Samsung's December 19 Response to Interrogatory No. 12 disclosed KR 30-
23 0403504 as invalidating prior art to Apple's D'305 patent.  A true and correct copy of KR 30-
24 0403504, bearing Bates label SAMNDCA00199270-75, is attached hereto as Exhibit 12.
25       20.    Samsung's December 19 Response to Interrogatory No. 12 disclosed KR 30-
26 0441582 as invalidating prior art to Apple's D'305 patent.  A true and correct copy of KR 30-
27 0441582, bearing Bates label SAMNDCA00199288-92, is attached hereto as Exhibit 13.
28

1       21.     Samsung's December 19 Response to Interrogatory No. 12 disclosed JP D1189312

2 as invalidating prior art to Apple's D'305 patent. A true and correct copy of JP D1189312 ,

3 bearing Bates label SAMNDCA00199315-19, is attached hereto as Exhibit 14.

4       22.     Samsung's December 19 Response to Interrogatory No. 12 disclosed JP D1279226

5 as invalidating prior art to Apple's D'305 patent. A true and correct copy of KR 30-0403504,

6 bearing Bates label SAMNDCA00199346-53, is attached hereto as Exhibit 15.

7       23.     Samsung's December 19 Response to Interrogatory No. 12 disclosed U.S.

8 6,983,424 as invalidating prior art to Apple's D'305 patent. A true and correct copy of U.S

9 6,983,424, bearing Bates label SAMNDCA00199786-806, is attached hereto as Exhibit 16.

10      24.     Samsung's December 19 Response to Interrogatory No. 12 disclosed U.S.

11 D445,428 as invalidating prior art to Apple's D'305 patent. A true and correct copy of U.S.

12 D445,428, bearing Bates label SAMNDCA00200533-534, is attached hereto as Exhibit 17.

    I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on the 11th of July, 2012, in San Francisco, California.

                                                      /s/ Joby Martin
                                                    Joby Martin

**General Order 45 Attestation**

I, Victoria F. Maroulis, am the ECF user whose ID and password are being used to file this Declaration. In compliance with General Order 45(X)(B), I hereby attest that Joby Martin has concurred in this filing.

/s/ *Victoria Maroulis*

02198.51855/4842720.2

-5-   Case No. 11-cv-01846-LHK
MARTIN DECLARATION IN SUPPORT OF SAMSUNG'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE