# EXHIBIT 18

**Joby Martin**

| | |
|---|---|
| **From:** | Thomas Watson |
| **Sent:** | Friday, July 06, 2012 6:59 PM |
| **To:** | Hung, Richard S. J. |
| **Cc:** | AppleMoFo; WH Apple Samsung NDCal Service; Samsung v. Apple |
| **Subject:** | RE: Apple v. Samsung (N.D. Cal.) - Apple's Motion to Strike and Judge Grewal's Order |

Rich:

We will prepare a draft stipulation clarifying that KR 30-0452985 was erroneously included in Apple's proposed order.

Although you note that Apple did not seek to strike the Compaq TC1000 and Fidler 1994 Tablet references, Mr. Anders's non-infringement opinions based on those references were highlighted in the report Apple submitted to the Court. Given Apple's unqualified representations in its opening and reply briefs that it did not to seek to strike prior art references and opinions that were disclosed by Samsung at the preliminary injunction stage, see Motion at 15-16 & n. 6; id. at 20; Reply Br. at 11., Mr. Anders's non-infringement opinions regarding TC1000 and the Fidler 1994 Tablet references should not have been included in Apple's motion. With respect to the remaining references and opinions, Apple may not recast its prior representations to the Court as only relating to prior art references and non-infringement opinions that Apple believes were "adequately" discussed in the preliminary injunction proceedings. Those references and opinions therefore should not have been within the scope of Judge Grewal's order based on Apple's unqualified representations, and it is improper for Apple to suggest otherwise given its clear representations to the contrary in the moving papers.

Tom Watson


Thomas R. Watson | Quinn Emanuel Urquhart & Sullivan, LLP | Office: +1.650.801.5017

---

**From:** Hung, Richard S. J. [mailto:RHung@mofo.com]
**Sent:** Thursday, July 05, 2012 10:00 AM
**To:** Thomas Watson
**Cc:** AppleMoFo; WH Apple Samsung NDCal Service; Samsung v. Apple
**Subject:** RE: Apple v. Samsung (N.D. Cal.) - Apple's Motion to Strike and Judge Grewal's Order

Tom,

Thanks for your patience. To respond:

Judge Grewal indicated that he accepted Apple's factual assertions in issuing his order. For this reason, we do not believe that Samsung's intended challenges will be well taken. Nevertheless, in the interests of meeting and conferring about Samsung's expected challenges, we provide the following thoughts in response to the two categories that you list below.

**Prior art references:** We are confused by your questions concerning the TC1000 and the 1994 Fidler Tablet. Neither appeared in our proposed order or the highlighted passages of Mr. Sherman's report, as filed with our motion. Please clarify the reason(s) for your inquiry.

As for the KR30-0452985 patent, it appeared on our list of references for striking because it was not mentioned in Mr. Sherman's declaration. As you note, however, the reference was attached to his declaration. In light of this, and because the corresponding application was discussed in the declaration, we agree that this patent need not be stricken.

As for the remaining references, they were not adequately disclosed in Mr. Sherman's preliminary injunction declaration or Samsung's hearing slide deck. They thus were appropriately stricken.

1

**Non-infringement opinions:**   Based on our re-review, we believe that we correctly highlighted the unsupported portions of Mr. Anders's expert report (which was attached to Apple's motion).  Your e-mail points to portions of Mr. Sherman's preliminary injunction declaration that, at best, disclose only general, non-specific, and conclusory non-infringement positions.   So that we can understand Samsung's views and, if necessary, present our own, please identify the alleged errors in our highlighting of Mr. Anders's report with specificity.  Please also explain where and how Mr. Sherman's earlier declaration adequately disclosed Samsung's theories with specificity, by reference to the paragraphs and sentences for each allegedly disclosed non-infringement theory.

Richard S.J. Hung
Morrison & Foerster LLP
rhung@mofo.com
(415) 268-7602

---

**From:** Thomas Watson [mailto:tomwatson@quinnemanuel.com]
**Sent:** Wednesday, July 04, 2012 10:41 AM
**To:** Hung, Richard S. J.
**Cc:** AppleMoFo; WH Apple Samsung NDCal Service; Samsung v. Apple
**Subject:** RE: Apple v. Samsung (N.D. Cal.) - Apple's Motion to Strike and Judge Grewal's Order

Hi Rich,

When can we expect your return e-mail or letter?  We need to know soon because we do not want to burden Judge Koh with challenges to portions of Judge Grewal's Order that are not subject to dispute between the parties.

Tom Watson

**Thomas R. Watson** | Quinn Emanuel Urquhart & Sullivan, LLP | Office:  +1.650.801.5017

**From:** Hung, Richard S. J. [mailto:RHung@mofo.com]
**Sent:** Tuesday, July 03, 2012 3:47 PM
**To:** Thomas Watson
**Cc:** AppleMoFo; WH Apple Samsung NDCal Service; Samsung v. Apple
**Subject:** RE: Apple v. Samsung (N.D. Cal.) - Apple's Motion to Strike and Judge Grewal's Order

Tom,

Unfortunately, four hours is not enough time for us to investigate and then respond regarding all of the issues that you raise below.

We are still investigating and intend to respond by return e-mail or letter.

Rich


Richard S.J. Hung
Morrison & Foerster LLP
rhung@mofo.com
(415) 268-7602

**From:** Thomas Watson [mailto:tomwatson@quinnemanuel.com]
**Sent:** Tuesday, July 03, 2012 3:33 PM
**To:** Thomas Watson; Hung, Richard S. J.
**Cc:** AppleMoFo; WH Apple Samsung NDCal Service; Samsung v. Apple
**Subject:** RE: Apple v. Samsung (N.D. Cal.) - Apple's Motion to Strike and Judge Grewal's Order

Richard,

Following up on my email this morning below, can you please send us your response to the issue we raised?

Thank you,

Tom Watson

Thomas R. Watson | Quinn Emanuel Urquhart & Sullivan, LLP | Office: +1.650.801.5017

---

**From:** Thomas Watson
**Sent:** Tuesday, July 03, 2012 9:49 AM
**To:** Hung, Richard S. J.
**Cc:** AppleMoFo; WH Apple Samsung NDCal Service; Samsung v. Apple
**Subject:** Apple v. Samsung (N.D. Cal.) - Apple's Motion to Strike and Judge Grewal's Order

Dear Richard:

Apple represented in its Motion to Strike Portions of Samsung's Expert Reports that it did not seek to strike prior art references that were disclosed by Samsung at the preliminary injunction stage. See Motion at 15-16 & n. 6 ("In connection with the preliminary injunction proceedings, Samsung submitted a declaration by Mr. Sherman dated August 22, 2011, and a PowerPoint presentation, both of which set forth various invalidity and non-infringement theories. Apple is not moving to strike the contentions set forth in those materials."). Apple also represented that "except for the non-infringement arguments disclosed by Samsung in connection with last fall's preliminary injunction hearing, Samsung seasonably disclosed none of the Lucente or Anders non-infringement arguments." Id. at 20. Apple reiterated in its reply brief (at 11) that "the invalidity and non-infringement theories in Samsung's preliminary injunction submissions met th[e] standard [of Rule 26(e)], so Apple did not move to exclude them." Contrary to its representations, however, Apple's proposed order encompassed prior art references and non-infringement theories that were unambiguously disclosed at the preliminary injunction stage, including the following:

**Prior Art References**:

- Space Odyssey 2001 (August 23, 2011 Declaration of Sara Jenkins in Support of Samsung's Opposition to Apple's Motion For Preliminary Injunction ("Jenkins PI Decl."), Ex. D);
- "Tomorrow People" (Jenkins PI Decl., Ex. E);
- Samsung F700 (Jenkins PI Decl., Ex. H; see also Samsung's Opposition to Apple's Motion For Preliminary Injunction at 4, 14, 18, 45);
- KR30-0452985 (August 23, 2011 Declaration of Itay Sherman in Support of Samsung's Opposition to Apple's Motion For Preliminary Injunction ("Sherman PI Decl."), Ex. EE);
- JP D1178470 (October 17, 2011 Declaration of Mark Tung In Support of Samsung's Notice of Lodging of Materials in Opposition to Apple's Motion for a Preliminary Injunction, Ex. I);
- 1994 Fidler Tablets (Sherman PI Decl. at ¶ 25, Ex. D; see also Declaration of Roger Fidler in Support of Samsung's Opposition to Apple's Motion For Preliminary Injunction, Dkt. No. 166 at ¶¶ 13-15, Exs. I-L);
- HP Compaq TC1000 (Sherman PI Declaration at ¶ 30, Exs. L-M);

**Non-Infringement Opinions**:

3

- For the D'677 and D'087 patents, opinions regarding the corners and corner radii; screen location and aspect ratio; speaker shape, location and size; presence, absence, and nature of buttons on the front surface; presence, absence and nature of other markings on the front surface; and the presence, absence and characteristics of a bezel (D'087 only) (see Sherman PI Decl. at ¶¶ 126-183);
- For the D'889 patent, opinions regarding the shape of the front face, including width of borders and aspect ratio; edge and side profile; and shape and appearance of the back surface (see Sherman PI Decl. at ¶¶ 52-81);

Given Apple's representations to the Court that its Motion did not seek to strike the foregoing references and opinions, we ask that you confirm <u>by 2 p.m. today</u> that these references and opinions are not subject to Judge Grewal's exclusion order. Apple's confirmation is necessary to avoid burdening Judge Koh with challenges to portions of Judge Grewal's Order that are not subject to dispute between the parties.

Regards,

Tom Watson

Thomas Watson
Quinn Emanuel Urquhart & Sullivan, LLP

555 Twin Dolphin Drive, 5th Floor
Redwood Shores CA, 94065
650-801-5017 Direct
650.801.5000 Main Office Number
650.801.5100 FAX
tomwatson@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---------------------------------------------------------------------

To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

For information about this legend, go to
http://www.mofo.com/Circular230/

============================================================================

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail @mofo.com, and delete the message.

---------------------------------------------------------------------

---------------------------------------------------------------------

4

To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

For information about this legend, go to
http://www.mofo.com/Circular230/

===========================================================================

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail @mofo.com, and delete the message.

----------------------------------------------------------------------