| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781) <br> hmcelhinny@mofo.com <br> MICHAEL A. JACOBS (CA SBN 111664) <br> mjacobs@mofo.com <br> JENNIFER LEE TAYLOR (CA SBN 161368) <br> jtaylor@mofo.com <br> ALISON M. TUCHER (CA SBN 171363) <br> atucher@mofo.com <br> RICHARD S.J. HUNG (CA SBN 197425) <br> rhung@mofo.com <br> JASON R. BARTLETT (CA SBN 214530) <br> jasonbartlett@mofo.com <br> MORRISON & FOERSTER LLP <br> 425 Market Street <br> San Francisco, California  94105-2482 <br> Telephone:  (415) 268-7000 <br> Facsimile:  (415) 268-7522 <br><br> Attorneys for Plaintiff and <br> Counterclaim-Defendant APPLE INC. | QUINN EMANUEL URQUHART & SULLIVAN, LLP <br> Charles K. Verhoeven (Cal. Bar No. 170151) <br> 50 California Street, 22nd Floor <br> San Francisco, California 94111 <br> Telephone: (415) 875-6600 <br> Facsimile: (415) 875-6700 <br> Kevin P.B. Johnson (Cal. Bar No. 177129) <br> Victoria F. Maroulis (Cal. Bar No. 202603) <br> 555 Twin Dolphin Drive 5th Floor <br> Redwood Shores, California 94065 <br> Telephone: (650) 801-5000 <br> Facsimile: (650) 801-5100 <br> Michael T. Zeller (Cal. Bar No. 196417) <br> 865 S. Figueroa St., 10th Floor <br> Los Angeles, California 90017 <br> Telephone: (213) 443-3000 <br> Facsimile: (213) 443-3100 <br><br> Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, <br><br> Defendants. | Case No. 11-cv-01846-LHK <br><br> **JOINT STIPULATION AND [PROPOSED] ORDER REGARDING AUTHENTICITY OF DOCUMENTS** |

1  WHEREAS, Apple Inc. ("Apple") commenced the above-captioned action (the "Litigation") against Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung," and together with Apple, "the Parties" and individually each a "Party") on April 15, 2011;

WHEREAS, Samsung subsequently filed counterclaims against Apple;

WHEREAS, the Parties subsequently have produced thousands of pages of documents in connection with discovery in the Litigation;

WHEREAS, the Parties are also involved in proceedings before the United States International Trade Commission in a pair of cases entitled *In the Matter of Certain Electronic Devices, Including Wireless Communication Devices, Portable Music and Data Processing Devices, and Tablet Computers* (Inv. No. 337-TA-794), and *In the Matter of Certain Electronic Digital Media Devices and Components Thereof* (Inv. No. 337-TA-796) (collectively, the "Proceedings");

WHEREAS, the Parties have produced numerous documents in connection with discovery in the Proceedings that may also be useful in this Litigation; and

WHEREAS, the Parties have determined that it is in their mutual interest to avoid the significant and unnecessary burden and expense associated with the document-by-document authentication of documents, and that stipulating to the authenticity of certain documents will promote the orderly and efficient progress of the Litigation.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by the Parties as follows:

1. Subject to the exceptions stated below, and absent affirmative evidence that a document or thing is not what it purports to be, Apple agrees that, for purposes of Rule 901 of the Federal Rules of Evidence, Apple will not contest the authenticity of any document or thing, including any true and correct copy thereof, produced by Apple in connection with the Litigation or Proceedings.

2. Subject to the exceptions stated below, and absent affirmative evidence that a document or thing is not what it purports to be, Samsung agrees that, for purposes of Rule 901 of

the Federal Rules of Evidence, Samsung will not contest the authenticity of any document or thing, including any true and correct copy thereof, produced by Samsung in connection with the Litigation or Proceedings.

3. The Parties' agreements in paragraphs 1 and 2 of this stipulation do not apply to handwritten notes, except to the extent such handwritten notes are contained in sketch books or lab notebooks. If a document or thing produced by a Party also bears handwritten notes, the Parties' agreements do not apply to the handwritten notes portion of the document, but do apply to the remainder of the document or thing. The Parties agree that, at a mutually agreed upon time prior to trial, each Party may identify to the other Party a reasonable amount of documents and things containing handwritten notes as to which that Party wishes a stipulation of authenticity. The other Party agrees to give good faith consideration to a reasonable request pertaining to handwritten notes.

4. The Parties agree that, at a mutually agreed upon time prior to trial, each Party may identify to the other Party a reasonable amount of third-party documents and things as to which that Party wishes a stipulation of authenticity. The other Party agrees to give good faith consideration to a reasonable request pertaining to third-party documents and things.

5. Except to the extent authenticity is established by and within the scope of the express terms of this stipulation, this stipulation does not affect either (1) Apple's ability to contest the authenticity of any document or thing produced by Samsung, or (2) Samsung's ability to contest the authenticity of any document or thing produced by Apple.

6. In the event that a dispute arises regarding the authenticity of a document, the Parties agree to meet and confer in good faith promptly about the authenticity of such document(s) and, if necessary, to expedite any related motions for resolution by the Court.

7. Nothing in this stipulation shall be construed as an agreement that any documents or things that are subject to this stipulation are admissible into evidence by any Party, except as expressly addressed herein. The Parties hereby expressly reserve the right to object to the admissibility of any document or thing under any grounds permitted by law and not expressly addressed herein.

CASE NO. 11-CV-01846-LHK
sf- 3095732

2

Dated: July 10, 2012

| MORRISON & FOERSTER LLP | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
|---|---|
| By: */s/ Richard S.J. Hung*<br>HAROLD J. McELHINNY<br>MICHAEL A. JACOBS<br>JENNIFER LEE TAYLOR<br>ALISON M. TUCHER<br>RICHARD S.J. HUNG<br>JASON R. BARTLETT<br><br>Attorneys for Plaintiff<br>APPLE INC. | By: */s/ Victoria F. Maroulis*<br>CHARLES K. VERHOEVEN<br>KEVIN P.B. JOHNSON<br>VICTORIA F. MAROULIS<br>EDWARD DEFRANCO<br>MICHAEL T. ZELLER<br><br>Attorneys for SAMSUNG ELECTRONICS CO. LTD, SAMSUNG ELECTRONICS AMERICA, INC., AND SAMSUNG TELECOMMUNICATIONS AMERICA, LLC. |

**ATTESTATION**

I, Richard S.J. Hung, am the ECF User whose ID and password are being used to file this Joint Stipulation. In compliance with General Order 45, X.B., I hereby attest that Victoria F. Maroulis has concurred in this filing.

Dated: July 10, 2012                    */s/ Richard S.J. Hung*
                                        Richard S.J. Hung

1  **[PROPOSED] ORDER**

2  **Pursuant to the above stipulation,**

3  **IT IS SO ORDERED.**

Dated: _July 12_____, 2012

_Lucy H. Koh_
Honorable Lucy H. Koh
District Court Judge