1    [COUNSEL LISTED ON SIGNATURE PAGES]

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                      NORTHERN DISTRICT OF CALIFORNIA

10                            SAN JOSE DIVISION

11   APPLE INC., a California corporation,        Case No. 11-cv-01846-LHK

12                  Plaintiff,                     **(UNDISPUTED) JOINT PROPOSED
                                                   JURY INSTRUCTIONS**
13         v.
                                                   Date:    July 24, 2012
14   SAMSUNG ELECTRONICS CO., LTD., a              Time:    1:30 pm
     Korean corporation; SAMSUNG                   Place:   Courtroom 1, 5th Floor
15   ELECTRONICS AMERICA, INC., a New              Judge:   Hon. Lucy H. Koh
     York corporation; and SAMSUNG
16   TELECOMMUNICATIONS AMERICA,
     LLC, a Delaware limited liability company,
17
                    Defendants.
18

19

20

21

22

23

24

25

26

27

28

1

**PRELIMINARY INSTRUCTIONS**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROPOSED PRELIMINARY JURY INSTRUCTION NO. 1**
**DUTY OF JURY**

Ladies and gentlemen:  You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it.  You will be allowed to keep this set throughout the trial to which to refer.  This set of instructions is not to be taken home and must remain in the jury room when you leave in the evenings.  At the end of the trial, I will give you a final set of instructions.  It is the final set of instructions which will govern your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**Source**

Ninth Circuit Model Civil Jury Instructions - 1.1A (2007 Edition).

1

2

**PROPOSED PRELIMINARY JURY INSTRUCTION NO. 2
WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

      1.     the sworn testimony of any witness;

      2.     the exhibits which are received into evidence; and

      3.     any facts to which the lawyers have agreed.

**<u>Source</u>**

Ninth Circuit Model Civil Jury Instructions - 1.6 (2007 Edition).

**PROPOSED PRELIMINARY JURY INSTRUCTION NO. 3**
**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

    (1)    Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they will say in their opening statements, and what they will say in their closing arguments or at other times are all intended to help you interpret the evidence.  But these arguments and statements are not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

    (2)    Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

    (3)    Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition, sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

    (4)    Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

**Source**

Ninth Circuit Model Civil Jury Instructions - 1.7 (2007 Edition).

1

2

**PROPOSED PRELIMINARY JURY INSTRUCTION NO. 4**
**EVIDENCE FOR LIMITED PURPOSE**

3

Some evidence may be admitted for a limited purpose only.

4

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

5

**Source**

6

Ninth Circuit Model Civil Jury Instructions - 1.8 (2007 Edition).

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

### PROPOSED PRELIMINARY JURY INSTRUCTION NO. 5
### DIRECT AND CIRCUMSTANTIAL EVIDENCE

3

4

5

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

6

**Source**

7

Ninth Circuit Model Civil Jury Instructions - 1.9 (2007 Edition).

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROPOSED PRELIMINARY JURY INSTRUCTION NO. 6
CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

>  (1) the opportunity and ability of the witness to see or hear or know the things testified to;

>  (2) the witness's memory;

>  (3) the witness's manner while testifying;

>  (4) the witness's interest in the outcome of the case and any bias or prejudice;

>  (5) whether other evidence contradicted the witness's testimony;

>  (6) the reasonableness of the witness's testimony in light of all the evidence; and

>  (7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

**<u>Source</u>**

Ninth Circuit Model Civil Jury Instructions - 1.11 (2007 Edition).

1

2

**PROPOSED PRELIMINARY JURY INSTRUCTION NO. 7**
**IMPEACHMENT EVIDENCE—WITNESS**

3

The evidence that a witness lied under oath or gave different testimony on a prior occasion may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

4

**<u>Source</u>**

5

6

Ninth Circuit Model Civil Jury Instructions – 2.8 (2007 Edition).

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROPOSED PRELIMINARY JURY INSTRUCTION NO. 8**
**CONDUCT OF THE JURY**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

> Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

**Source**

Ninth Circuit Model Civil Jury Instructions - 1.12 (2007 Edition).

1

**PROPOSED PRELIMINARY JURY INSTRUCTION NO. 9
NO TRANSCRIPT AVAILABLE/NOTES**

2

3  During deliberations, you will have to make your decision based on what you recall of the evidence.  You will not have a transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

4

5  If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

6

7  If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Do not let note-taking distract you.  When you leave, your notes should be left in the jury room.  No one will read your notes.  They will be destroyed at the conclusion of the case.

8

9  Whether or not you take notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

10

**Source**

11

12  Ninth Circuit Model Civil Jury Instructions - 1.13, 1.14 (2007 Edition).

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**PROPOSED PRELIMINARY JURY INSTRUCTION NO. 10**
**STIPULATIONS OF FACT**

2

3

**[THE PARTIES AGREE THAT THIS INSTRUCTION SHOULD BE GIVEN WHEN THE**
**FIRST STIPULATION OF FACT IS TO BE READ.]**

4

The parties have agreed to certain facts that will be read to you.  You should therefore treat these facts as having been proved.

5

**Source**

6

Ninth Circuit Model Civil Jury Instructions - 2.2 (2007 Edition).

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**PROPOSED PRELIMINARY JURY INSTRUCTION NO. 11
DEPOSITION IN LIEU OF LIVE TESTIMONY**

2

3    A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under
     oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are
     recorded.

4

5    You should consider deposition testimony, presented to you in court in lieu of live testimony,
     insofar as possible, in the same way as if the witness had been present to testify.

6    **Source**

7    Ninth Circuit Model Civil Jury Instructions - 2.4 (2007 Edition).

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**PROPOSED PRELIMINARY JURY INSTRUCTION NO. 12
USE OF INTERROGATORIES OF A PARTY**

2

3

**[THE PARTIES AGREE THAT THIS INSTRUCTION SHOULD BE GIVEN WHEN THE FIRST INTERROGATORY IS TO BE READ.]**

4

Evidence was presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side.  These answers were given in writing and under oath, before the actual trial, in response to questions that were submitted in writing under established court procedures.  You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

5

6

7

**<u>Source</u>**

8

Ninth Circuit Model Civil Jury Instructions - 2.10 (2007 Edition).

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**PROPOSED PRELIMINARY JURY INSTRUCTION NO. 13
EXPERT OPINION**

2

3    Some witnesses, because of education or experience, are permitted to state opinions and the
     reasons for those opinions.

4    Opinion testimony should be judged just like any other testimony.  You may accept it or reject it,
     and give it as much weight as you think it deserves, considering the witness's education and
5    experience, the reasons given for the opinion, and all the other evidence in the case.

6    **<u>Source</u>**

7    Ninth Circuit Model Civil Jury Instructions - 2.11 (2007 Edition).

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTIONS AT THE CLOSE OF EVIDENCE**

**PROPOSED FINAL JURY INSTRUCTION NO. 14**
**WHAT IS EVIDENCE**

The trial is now over.  The evidence you are to consider in deciding what the facts are consists of:

     1. the sworn testimony of any witness;

     2. the exhibits which are received into evidence; and

     3. any facts to which the lawyers have agreed.

<u>**Source**</u>

Adapted from Ninth Circuit Model Civil Jury Instructions - 1.6 (2007 Edition).

**PROPOSED FINAL JURY INSTRUCTION NO. 15**
**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits that were received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they said in their opening statements and throughout the trial, and what they will say in their closing arguments or at other times are all intended to help you interpret the evidence. But these arguments and statements are not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**Source**

Adapted from Ninth Circuit Model Civil Jury Instructions - 1.7 (2007 Edition).

1

**PROPOSED FINAL JURY INSTRUCTION NO. 16**
**EVIDENCE FOR LIMITED PURPOSE**

2

3

Some evidence may have been admitted for a limited purpose only.  You must consider it only for that limited purpose and for no other.

4

**<u>Source</u>**

5

Adapted from Ninth Circuit Model Civil Jury Instructions - 1.8 (2007 Edition).

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

**PROPOSED FINAL JURY INSTRUCTION NO. 17**
**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

3

4

5

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

6

**Source**

7

Ninth Circuit Model Civil Jury Instructions - 1.9 (2007 Edition).

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROPOSED FINAL JURY INSTRUCTION NO. 18**
**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness said, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testified about it.

In considering the testimony of any witness, you may take into account:

> (1) the opportunity and ability of the witness to see or hear or know the things testified to;

> (2) the witness's memory;

> (3) the witness's manner while testifying;

> (4) the witness's interest in the outcome of the case and any bias or prejudice;

> (5) whether other evidence contradicted the witness's testimony;

> (6) the reasonableness of the witness's testimony in light of all the evidence; and

> (7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

**<u>Source</u>**

Ninth Circuit Model Civil Jury Instructions - 1.11 (2007 Edition).

1

**PROPOSED FINAL JURY INSTRUCTION NO. 19**
**IMPEACHMENT EVIDENCE—WITNESS**

2

3

The evidence that a witness lied under oath or gave different testimony on a prior occasion may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

4

**Source**

5

Ninth Circuit Model Civil Jury Instructions – 2.8 (2007 Edition).

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

**PROPOSED FINAL JURY INSTRUCTION NO. 20**
**TAKING NOTES**

3

You may have taken notes during the trial.  Whether or not you took notes, you should rely on
your own memory of the evidence.  Notes are only to assist your memory.  You should not be
overly influenced by your notes or those of your fellow jurors.

4

**Source**

5

6

Adapted from Ninth Circuit Model Civil Jury Instructions - 1.14 (2007 Edition).

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**PROPOSED FINAL JURY INSTRUCTION NO. 21**
**DEPOSITION IN LIEU OF LIVE TESTIMONY**

2

3      You heard some witnesses testify by deposition.  A deposition is the sworn testimony of a witness
       taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party
       may ask questions.  The questions and answers are recorded.

4

5      You should consider deposition testimony, presented to you in court in lieu of live testimony,
       insofar as possible, in the same way as if the witness had been present to testify.

6      **Source**

7      Adapted from Ninth Circuit Model Civil Jury Instructions - 2.4 (2007 Edition).

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROPOSED FINAL JURY INSTRUCTION NO. 22**
**USE OF INTERROGATORIES OF A PARTY**

Evidence was presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side.  These answers were given in writing and under oath, before the actual trial, in response to questions that were submitted in writing under established court procedures.  You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

**Source**

Ninth Circuit Model Civil Jury Instructions - 2.10 (2007 Edition).

**PROPOSED FINAL JURY INSTRUCTION NO. 23**
**EXPERT OPINION**

Some witnesses, because of education or experience, were permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**Source**

Ninth Circuit Model Civil Jury Instructions - 2.11 (2007 Edition).

**PROPOSED FINAL JURY INSTRUCTION NO. 24**
**DUTY TO DELIBERATE**

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should.  Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**Source**

Ninth Circuit Model Civil Jury Instructions - 3.1 (2007 Edition).

## PROPOSED FINAL JURY INSTRUCTION NO. 25
## COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the Bailiff, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

## **Source**

Ninth Circuit Model Civil Jury Instructions - 3.2 (2007 Edition).

1

2 | Dated: July 13, 2012

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
JENNIFER LEE TAYLOR (CA SBN 161368)
jtaylor@mofo.com
ALISON M. TUCHER (CA SBN 171363)
atucher@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
JASON R. BARTLETT (CA SBN 214530)
jasonbartlett@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100


By:   _Michael A. Jacobs_
          Michael A. Jacobs

      Attorneys for Plaintiff and
      Counterclaim-Defendant
      APPLE INC.

1   Dated: July 13, 2012                    QUINN EMANUEL URQUHART &
                                            SULLIVAN, LLP
2                                           Charles K. Verhoeven (Cal. Bar No. 170151)
                                            charlesverhoeven@quinnemanuel.com
3                                           50 California Street, 22nd Floor
                                            San Francisco, California 94111
4                                           Telephone: (415) 875-6600
                                            Facsimile: (415) 875-6700
5
                                            Kevin P.B. Johnson (Cal. Bar No. 177129)
6                                           kevinjohnson@quinnemanuel.com
                                            Victoria F. Maroulis (Cal. Bar No. 202603)
7                                           victoriamaroulis@quinnemanuel.com
                                            555 Twin Dolphin Drive 5th Floor
8                                           Redwood Shores, California 94065
                                            Telephone: (650) 801-5000
9                                           Facsimile: (650) 801-5100

10                                          Michael T. Zeller (Cal. Bar No. 196417)
                                            michaelzeller@quinnemanuel.com
11                                          865 S. Figueroa St., 10th Floor
                                            Los Angeles, California 90017
12                                          Telephone: (213) 443-3000
                                            Facsimile: (213) 443-3100
13

14
                                            By:   _Victoria Maroulis_____
15                                                Victoria Maroulis

16                                          Attorneys for Defendants and
                                            Counterclaim-Plaintiffs
17                                          SAMSUNG ELECTRONICS CO.,   LTD.,
                                            SAMSUNG ELECTRONICS AMERICA,
18                                          INC. and SAMSUNG
                                            TELECOMMUNICATIONS AMERICA,
19                                          LLC

20

21

22

23

24

25

26

27

28

1

**ATTESTATION OF E-FILED SIGNATURE**

2        I, Michael A. Jacobs , am the ECF User whose ID and password are being used to file this

3    Declaration.  In compliance with General Order 45, X.B., I hereby attest that Victoria Maroulis

4    has concurred in this filing.

5    Dated:  July 13, 2012                                         _____
                                                                              /s/  Michael A. Jacobs
6                                                                                Michael A. Jacobs

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28