| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781) | WILLIAM F. LEE |
| hmcelhinny@mofo.com | william.lee@wilmerhale.com |
| MICHAEL A. JACOBS (CA SBN 111664) | WILMER CUTLER PICKERING |
| mjacobs@mofo.com | HALE AND DORR LLP |
| JENNIFER LEE TAYLOR (CA SBN 161368) | 60 State Street |
| jtaylor@mofo.com | Boston, MA 02109 |
| ALISON M. TUCHER (CA SBN 171363) | Telephone: (617) 526-6000 |
| atucher@mofo.com | Facsimile: (617) 526-5000 |
| RICHARD S.J. HUNG (CA SBN 197425) | |
| rhung@mofo.com | |
| JASON R. BARTLETT (CA SBN 214530) | MARK D. SELWYN (SBN 244180) |
| jasonbartlett@mofo.com | mark.selwyn@wilmerhale.com |
| MORRISON & FOERSTER LLP | WILMER CUTLER PICKERING |
| 425 Market Street | HALE AND DORR LLP |
| San Francisco, California 94105-2482 | 950 Page Mill Road |
| Telephone: (415) 268-7000 | Palo Alto, California 94304 |
| Facsimile: (415) 268-7522 | Telephone: (650) 858-6000 |
| | Facsimile: (650) 858-6100 |

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | Case No.    11-cv-01846-LHK (PSG) |
| Plaintiff, | **APPLE'S OPPOSITION TO SAMSUNG'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE** |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendants. | |

Samsung moved in January for leave to amend its infringement contentions, which this Court denied because amendment would "leave little opportunity for Apple to explore and respond to Samsung's new contentions." (Dkt. 836 at 10.)  Having learned not to ask permission, Samsung nonetheless larded its expert reports with non-infringement and invalidity theories it had not disclosed during fact discovery.  Apple moved to strike, and in reviewing a voluminous record on cross-motions to strike, Judge Grewal struck theories of *both* parties to ensure the litigation was "fair."  (Dkt. No. 1144 at 3.)  Samsung cannot overturn the results of this fact-intensive review as "clearly erroneous."

The "clearly erroneous" standard applies because Samsung seeks review of Judge Grewal's findings on factual issues—whether various invalidity and non-infringement theories were disclosed to Apple during discovery.  *See* Fed. R. Civ. P. 72(a).  Samsung does not argue that Judge Grewal made any purely legal errors.[1]

## I. JUDGE GREWAL DID NOT CLEARLY ERR IN FINDING THAT SAMSUNG DID NOT "OTHERWISE MAKE KNOWN" THE EXCLUDED CONTENTIONS.

Apple's Interrogatory Nos. 11 and 12, propounded in November 2011, sought disclosure of Samsung's invalidity and non-infringement theories for Apple's design patents.  (Dkt. No. 939-4 ¶ 22 & Ex. 25.)  Samsung did not disclose *any* theories in response to those Interrogatories until March 19, 2012, long after the close of discovery.  Samsung argues that many of its theories were "otherwise made known" to Apple in various ways outside Samsung's Interrogatory responses.  But a theory is "otherwise made known" only if it is "clear and unambiguous."  (*See* Dkt. No. 1054 at 11 (citing cases).)  Under that standard—which Judge Grewal adopted and Samsung does not challenge—none of the materials on which Samsung relies disclosed the theories struck by Judge Grewal.

---

[1] Contrary to Samsung's suggestion, the Court's review of Judge Grewal's order does not become less deferential because he adopted Apple's proposed factual findings. *See Silver v. Executive Car Leasing Long-Term Disability Plan*, 466 F.3d 727, 733 (9th Cir. 2006).  Nor is bad faith relevant since Judge Grewal did not impose sanctions amounting to dismissal of a claim. *See, e.g., Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001); *R & R Sails, Inc. v. Ins. Co. of Pa.*, 673 F.3d 1240, 1247 (9th Cir. 2012).

APPLE'S OPP. TO SAMSUNG'S MOT. FOR RELIEF FROM NONDISPOSITIVE ORDER OF MAG. JUDGE
CASE NO. 11-CV-01846-LHK (PSG)
sf- 3170546

1

1 **Preliminary Injunction Proceedings**.  Samsung argues that its preliminary injunction
2 papers disclosed some of the excluded contentions.  The Court should reject this argument for
3 multiple reasons.  Samsung's briefing to Judge Grewal did not argue that the challenged
4 contentions based on the JPD1178470, 1994 Fidler, and Compaq TC1000 references were
5 disclosed during the preliminary injunction proceedings.  With respect to these references
6 Samsung's argument thus fails, as a party may not present arguments or evidence that it chose to
7 omit from the record below.  *See, e.g*, *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38
8 (2d Cir. 1994); *Lerma v. URS Fed. Support Servs.*, 2011 WL 2493764, at *3 (E.D. Cal. June 22,
9 2011).

10 On the merits, Samsung's argument fails as well.  With regard to the 1994 Fidler and
11 Compaq TC1000 references, Samsung's preliminary injunction papers disclosed *invalidity*
12 theories, which Apple did not challenge.  (*See* Dkt. No. 939-12 at 6-9.)  But Samsung did not
13 argue *non-infringement* based on this art, and disclosure of invalidity theories did not "clearly and
14 unambiguously" disclose non-infringement theories based on the same references.

15 As to the other references Samsung's argument fails because, to the extent Samsung's
16 preliminary injunction papers discussed those references at all, it was to provide background
17 concerning the history of tablet and smartphone design.  (Dkt. No. 429 at 2-4.)  Judge Grewal did
18 not clearly err in finding that Samsung's general statements about these references did not
19 "clearly and unambiguously" disclose invalidity and non-infringement theories based on those
20 references. [2]

21 **Other Purported Disclosures**.  Samsung argues that it disclosed certain prior art
22 references in various other ways, including through filings in this action and the ITC action and
23 through third-party discovery.  (Dkt. No. 1216 at 3:7-21.)  This argument fails.  Those purported
24 disclosures of the existence of certain references did not disclose—let alone "clearly and
25 unambiguously" disclose—the excluded *theories* that were based on the references.

---

[2] Samsung submits two charts purporting to show disclosures of prior art references during discovery, including many disclosures not mentioned in its brief and not presented by Samsung in its briefing below.  (Dkt. No. 1216-2; Dkt. No. 1216-3.)  Apple submits a corresponding chart responding to the assertions in Samsung's charts.  (Hasu Decl. Ex. 1.)

APPLE'S OPP. TO SAMSUNG'S MOT. FOR RELIEF FROM NONDISPOSITIVE ORDER OF MAG. JUDGE
CASE NO. 11-CV-01846-LHK (PSG)
sf- 3170546

2

1    For example, instead of identifying the Nokia Fingerprint as invalidating prior art or
2 explaining how it anticipates or renders obvious any asserted Apple patent, Samsung buried a
3 declaration from its designer in more than 29,000 pages of documents.  (Dkt. No. 939-1 at 16;
4 Dkt. No. 1054 at 12.)  Samsung listed the designer as a potential witness on "prior art," but did
5 not identify his design, mention his declaration, specify an Apple patent, or disclose any theory as
6 to its invalidity or non-infringement.  (Dkt. No. 1011-0 Ex. 4 at 6.)  In mid-March, Samsung gave
7 three days' notice that it would depose Mr. Vilas-Boas in London in connection with the ITC
8 Investigation (not this case), and still gave no indication of the significance of his work.  Because
9 of the late notice, Apple was able to send to the deposition only a London-based attorney
10 unfamiliar with the case and with design patent law.  Judge Grewal correctly concluded that these
11 tactics, which put the burden on Apple to "comb through the extraordinarily voluminous record"
12 to piece together Samsung's theories, did not "clearly and unambiguously" disclose Samsung's
13 invalidity theories based on the Nokia Fingerprint.  (Dkt. No. 1144 at 2-3; Dkt. No. 1054 at 12.)

14    The same analysis applies to the other purported disclosures cited by Samsung.
15 Samsung's preliminary injunction papers disclosed the 035 Mockup only as "material[] relevant
16 to infringement analysis" of the D'889 Patent.  (Dkt. No. 456 at 5 (cited by the Court at Dkt. No.
17 1170 at 6).)  Because neither those papers nor the motion to compel cited by Samsung (Dkt. No.
18 346) disclosed any invalidity theories based on that reference, Judge Grewal did not err in striking
19 such theories from Mr. Sherman's invalidity report.  Similarly, Samsung's disclosure of prior art
20 references in the ITC Investigation did not "clearly and unambiguously" disclose any theories
21 advanced in Samsung's expert reports in this action, since the design patents in the two
22 proceedings are not the same.  (Dkt. No. 1054 at 11-12.)  Many of those references were also
23 excluded from the ITC proceedings as not timely disclosed, including the Nokia Fingerprint.  (*See*
24 Dkt. No. 939-11 at 2-5; Hasu Decl. ¶ 2.)  Samsung cannot rely on untimely disclosures in the ITC
25 to establish timely disclosure here.  Lastly, Samsung does not and cannot contend that any
26 subpoenas it issued to third parties disclosed invalidity or non-infringement theories.  Indeed, the
27 only evidence it cites on this point—a Samsung subpoena to Bloomberg L.P.—presents no
28 theories of any kind, does not identify any references as prior art, and does not otherwise explain

APPLE'S OPP. TO SAMSUNG'S MOT. FOR RELIEF FROM NONDISPOSITIVE ORDER OF MAG. JUDGE
CASE NO. 11-CV-01846-LHK (PSG)
sf- 3170546

3

the significance that Samsung attached to those references. (Dkt. No. 1011-3.) Samsung does not and cannot identify any deposition questioning of those third parties that "clearly and unambiguously" disclosed Samsung's contentions. *See Primos, Inc. v. Hunter's Specialties, Inc.*, 451 F.3d 841, 850-51 (Fed. Cir. 2006).

## II. JUDGE GREWAL DID NOT CLEARLY ERR IN FINDING THAT SAMSUNG'S RESPONSE TO APPLE'S INTERROGATORY NO. 12 DID NOT DISCLOSE SAMSUNG'S INVALIDITY THEORIES.

Samsung argues that it disclosed certain prior art references in its response to Apple's Interrogatory No. 12. (Dkt. No. 1216 at 3:1-6.) That argument fails because Interrogatory No. 12 sought disclosure of Samsung's *theories* of anticipation, obviousness, and other grounds for invalidity. Samsung does not argue that its interrogatory response disclosed any of those theories. Any such argument would be foreclosed by abundant case law holding that a mere recitation of document labels—which is all Samsung "disclosed" in its response—does not disclose a party's contentions. (Dkt. No. 939-1 at 17-18; Dkt. No. 1054 at 11.) That is especially true here. Samsung's response listed over 5,600 pages of documents that contained 595 prior art references. Apple could not possibly divine which of those references Samsung would rely upon, nor could it determine how Samsung would use those references in support of its invalidity theories. (Dkt. No. 939-1 at 18.) Under these circumstances, Judge Grewal did not clearly err in finding that Samsung's response to Interrogatory No. 12 did not disclose the excluded theories.

## III. JUDGE GREWAL DID NOT CLEARLY ERR IN FINDING SAMSUNG'S VIOLATION OF RULE 26(E) NOT SUBSTANTIALLY JUSTIFIED OR HARMLESS.

Samsung appears to argue for the first time that it was substantially justified in violating Rule 26(e). Specifically, Samsung suggests that its interrogatory responses did not disclose the non-infringement theories presented by Messrs. Lucent and Anders because those theories were made in rebuttal to "detailed analysis" in Apple's expert reports, and "it was impossible for Samsung or its experts to predict the detailed contents of Apple's opening reports." (Dkt. No. 1216 at 4.) That argument fails at the outset because Samsung did not make this (or any other) "substantial justification" argument below. *Paddington Partners*, 34 F.3d at 1137-38.

This argument also fails on the merits because Apple's interrogatory responses, which

1  spanned 58 pages, fully disclosed its infringement theories, and Apple never "admitted[]"

2  otherwise. (Dkt. 1216 at 5.) Rather, Apple observed that it did not disclose "every detail" in

3  support of its theories, and had no duty to do so. (Dkt. No. 996-4 at 10; *see also* Dkt. No. 1000-0

4  at 2 (Samsung taking identical position on scope of disclosure duty).) Samsung could and should

5  have disclosed its non-infringement arguments based on that information.

6      Samsung also fails to show that Judge Grewal erred in finding that Samsung's violation of

7  Rule 26(e) was not harmless. As Apple explained below, Samsung's untimely disclosure of its

8  theories deprived Apple of the ability to investigate them and develop relevant evidence during

9  fact discovery. (Dkt. No. 939-1 at 16-17; 21-22.) Apple identified specific ways in which it

10  would have conducted discovery differently, and cited numerous cases excluding invalidity and

11  non-infringement theories that were not disclosed in time to allow meaningful fact discovery.

12  (*Id.*; Dkt. No. 1054 at 10.) Samsung has never responded to those points, and does not even

13  attempt to show that Judge Grewal erred in accepting these facts.

14      Samsung argues that any delay in its disclosures was harmless because the disclosures

15  preceded the close of expert discovery, the dispositive motion deadline, and the trial date. This

16  argument mischaracterizes the law. There is no rule allowing parties to delay disclosure of their

17  contentions until the close of fact discovery. Rather, as Apple explained below, such delay is

18  only warranted where the party cannot formulate a response without full discovery. (Dkt. No.

19  1054 at 9-10.) That was not the case here. Samsung admits that it developed many of its

20  invalidity and non-infringement theories long before the close of discovery. (Dkt. No. 1000-0 at

21  18-19, 21-22.) Instead of disclosing them, Samsung chose to "hide the ball." As Judge Grewal

22  noted, this is an "unacceptable" practice (Dkt. No. 1144 at 3), and Samsung fails to show that this

23  finding was erroneous.[3]

24      Samsung's motion should, accordingly, be denied.

---

[3] None of the authorities cited in footnotes 8 and 9 of Samsung's motion authorizes disclosure of contentions after the close of fact discovery where, as here, such late disclosure indisputably prevented a party from pursuing relevant fact discovery.

APPLE'S OPP. TO SAMSUNG'S MOT. FOR RELIEF FROM NONDISPOSITIVE ORDER OF MAG. JUDGE
CASE NO. 11-CV-01846-LHK (PSG)
sf- 3170546

5

1  Dated: July 16, 2012                         MORRISON & FOERSTER LLP

3                                      By:    /s/ Michael A. Jacobs
                                               Michael A. Jacobs

                                        Attorneys for Plaintiff
                                        APPLE INC.

APPLE'S OPP. TO SAMSUNG'S MOT. FOR RELIEF FROM NONDISPOSITIVE ORDER OF MAG. JUDGE
CASE NO. 11-CV-01846-LHK (PSG)
sf- 3170546

6