KARL OLSON (SBN 104760)
kolson@rocklawcal.com
RAM, OLSON, CEREGHINO & KOPCZYNSKI LLP
555 Montgomery Street, Suite 820
San Francisco, California  94111
Telephone:  (415) 433-4949
Facsimile:  (415) 433-7311

*Attorneys for Third-Party REUTERS AMERICA LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>                Plaintiff,<br><br>        v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean Business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>                Defendants. | CASE NO.  11-cv-01846-LHK<br><br>**THIRD-PARTY REUTERS AMERICA LLC'S UNOPPOSED ADMINISTRATIVE MOTION TO INTERVENE**<br><br>Date:        July 18, 2012 (pretrial hearing)<br>Time:        2:00 p.m.<br>Place:       Courtroom 8, 4th Floor<br>**Judge:      Hon. Lucy H. Koh** |

I.      INTRODUCTION

        Ninth Circuit case law has made it crystal clear that a "strong presumption of access to judicial records" applies.  *Kamakana* v. *City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).  In the face of that well-settled and controlling precedent, the parties have filed requests to seal (See, e.g., document Nos. 1167, 1179, 1183, 1184, 1185, 1186, 1201, 1206, 1208, 1233 and 1236) documents filed with their motions *in limine* and other documents in this high-profile case.  Reuters America LLC, a news organization (hereafter "Reuters"), hereby seeks leave to intervene for the purpose of opposing sealing.  The parties do not oppose Reuters' intervention, although they reserve the right to oppose Reuters' position on the merits of sealing. (Olson Decl., ¶ 2.)

        *Kamakana* holds that the "strong presumption of access to judicial records" which "applies fully" to dispositive motions holds sway "because the resolution of a dispute on the

1  merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the

2  'public's understanding of the judicial process and of significant public events.'" (447 F.3d at

3  1179.)  This case is obviously a "significant public event" and the public has every right to know

4  what the parties' allegations, defenses and evidence are in this case.  Neither party has advanced

5  any reason whatsoever why the papers in this case should be sealed and there are none.

6      At most, it may be that one of the parties wants some of the papers sealed because that

7  might lead to "a litigant's embarrassment – or exposure to further litigation," but the Ninth

8  Circuit in *Kamakana* made clear that even if that is the case, those interests "will not, without

9  more, compel the court to seal its records." (447 F.3d at 1179.)

10      The strong right of access to both court proceedings and court documents applies fully to

11  *in limine* motions, which of course address the admissibility of evidence at trial.   In *Waller v.*

12  *Georgia*, 467 U. S. 39 (1984), the U. S. Supreme Court addressed its line of cases in which the

13  Court had found that the press and public have a qualified First Amendment right to attend a

14  criminal trial.  *Id*. at 44-45, citing *Globe Newspaper Co. v. Superior Court*, 457 U. S. 596 and

15  *Richmond Newspapers, Inc. v. Virginia*, 448 U. S. 555 (1980).    Based upon that line of cases,

16  and *Gannett Co. v. DePasquale*, 443 U. S. 368, in which a majority of the justices concluded that

17  the public had a qualified constitutional right of access to attend pretrial suppression hearings, the

18  Court in *Waller* found a Sixth Amendment right to open suppression hearings.   But the Court

19  made it clear that its prior cases had proceeded largely under the First Amendment.  (*Waller*,

20  *supra*, 467 U. S. at 45-46.  The Court observed: "As several of the individual opinions in *Gannett*

21  recognized, suppression hearings often are as important as the trial itself." (467 U. S. at 46.)

22      Thus, the rule set forth by the Supreme Court in *Globe Newspaper*, *Richmond*

23  *Newspapers* and *Waller* is clear:  "'The presumption of openness may be overcome only by an

24  overriding interest based on findings that closure is essential to preserve higher values and is

25  narrowly tailored to serve that interest.  The interest is to be articulated along with findings

26  specific enough that a reviewing court can determine whether the closure order was properly

27  entered.'"  (467 U. S. at 45.)  That rule, of course, applies in civil cases as well.  *See, e.g.,*

28  *Kamakana, supra*, 447 F.3d at 1178 [recognizing that a "'strong presumption in favor of access'"

1    is the starting point in civil cases].

2         Just as the U. S. Supreme Court in *Waller* found a right of access to suppression hearings

3    in criminal cases, the California Supreme Court in *NBC Subsidiary v. Superior Court* (1999) 20

4    Cal. 4th 1178, 1219 held that proceedings addressing the admissibility of evidence in civil cases

5    are also subject to the public's right of access: referring to evidentiary hearings "and other

6    proceedings addressing the admissibility of testimony and documentary evidence," the California

7    Supreme Court held, "We are unaware of any authority holding or suggesting that such

8    proceedings have not been historically important, open and public parts of civil trials."  The

9    Court added, "[P]ublic access plays an important and specific structural role in the conduct of

10   such proceedings."  (*Ibid.*)

11        Likewise, in the recent *Oracle America, Inc. v. Google, Inc.*, 2011 U. S. Dist. LEXIS

12   119066 (N. D. Cal. Oct. 16, 2011) case, Judge Alsup observed that the parties sought permission

13   to file "a substantial portion of their pretrial submissions under seal," and advised counsel,

14   "unless they identify a limited amount of exceptionally sensitive information that truly deserves

15   protection, the motions will be denied outright.  The United States district court is a public

16   institution, and the workings of litigation must be open to public view.  Pretrial submissions are a

17   part of trial.  'Compelling reasons,' which amount to more than good cause, must be shown for

18   sealing documents used in dispositive motions and at trial."  *Id.* at *4, citing *Kamakana*, 447 F.

19   3d at 1179.

20        The strong presumption in favor of access to court records can only be overcome by

21   "compelling reasons" (*Kamakana,* 447 F.3d at 1178) supported by "specific factual findings"

22   (*ibid.*), and there are no such "compelling reasons" advanced or shown here.  The requests to seal

23   should be denied.  "The 'compelling reasons' standard is invoked even if the dispositive motion,

24   or its attachments, were previously filed under seal or protective order."  *Kamakana,* 447 F.3d at

25   1179.  Thus, the parties' agreement to a protective order in this or a related case cannot and does

26   not overcome the public's right of access here.

27        Without access to the evidence and pleadings which form the basis of Apple's case and

28   Samsung's defense, the public will not be fully informed of how and why the Court reaches its

1  decision in this case.  The pleadings should be unsealed in their entirety so that "the very

2  openness of the process [can] provide the public with a more complete understanding of the

3  judicial system and a better perception of its fairness."  *Leucadia, Inc.* v. *Applied Extrusion*

4  *Technologies, Inc.*, 998 F.2d 157, 161 (3rd Cir. 1993) (internal quotation omitted).  The papers on

5  the motions *in limine* should not be sealed.

6  **II.    REUTERS AMERICA LLC SHOULD BE ALLOWED TO INTERVENE TO
        VINDICATE THE PUBLIC'S RIGHT OF ACCESS**

7

8          The First Amendment right of access is an affirmative, enforceable public right.  *See*

9  *Richmond Newspapers, Inc.* v. *Virginia*, 448 U.S. 555, 572 (1980); *Globe Newspaper Co.* v.

10 *Superior Court*, 457 U.S. 596 (1982).  The standing of the press to enforce this right is well

11 settled.  *See*, *e.g.*, *Globe Newspapers*, 457 U.S. at 609, n. 25; *United States* v. *Brooklier*, 685 F.2d

12 1162, 1168 (9th Cir. 1982); *San Jose Mercury News, Inc.* v. *United States District Court,* 187

13 F.3d 1096, 1100 (9th Cir. 1999).

14         The Courts have routinely permitted news organizations to intervene to oppose sealing

15 and vindicate the public's right of access.  *See, e.g., Kamakana, supra*, 447 F.3d at 1176

16 [*Honolulu Advertiser*'s motion to intervene to modify protective order and unseal records was

17 granted]; *NBC Subsidiary, supra*, 20 Cal. 4th at 1217 fn. 36 [citing *Globe*, holding

18 "'representatives of the press and general public "must be given an opportunity to be heard on the

19 question of their exclusion"'"].

20         Therefore, this Court should allow Reuters to intervene for the limited purpose of

21 protecting the public's right of access to the documents in question and opposing the sealing of

22 the *in limine* papers.

23         Finally, the press intervenor Reuters stands in very different shoes than the parties.

24 Reuters did not participate in the negotiation of the protective order, and, therefore, is not bound

25 by whatever "good cause" arguments were made in support of that protective order at that time.

26 *Kamakana, supra,* 447 F.3d at 1179 [presumption of access not rebutted when documents subject

27 to protective order are filed as attachments to dispositive motion]; *Cf. In re Adobe Systems, Inc*.,

28 141 F.R.D. 155, 163 (N.D.Ca. 1992) (noting that documents are more likely to "remain

1 | confidential if the party seeking the information voluntarily entered into the protective order").

2 | Reuters, having not participated in the protective order negotiations, cannot and should not be

3 | bound by it.

4 | **III.   CONCLUSION.**

5 | This is an important case with important public policy implications.  The public should be

6 | fully informed of the parties' competing claims, and have full access to all documents filed with

7 | this Court as a basis for adjudication.  Reuters' motion to intervene for the purpose of vindicating

8 | the public's right of access should be granted.

9 | Dated:  July 17, 2012                          By:  _____*/s/ Karl Olson*_____

10 | Karl Olson (SBN 104760)
kolson@rocklawcal.com

11 | Ram, Olson, Cereghino & Kopczynski LLP
555 Montgomery Street, Suite 820

12 | San Francisco, California  94111
Telephone:  (415) 433-4949
Facsimile:  (415) 433-7311

13 |

14 | *Attorneys for Reuters America LLC*

15 |

16 | N:\DOCS\1273-02\MotIntervene.doc

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |