1  KARL OLSON (SBN 104760)
   kolson@rocklawcal.com
2  RAM, OLSON, CEREGHINO & KOPCZYNSKI LLP
   555 Montgomery Street, Suite 820
3  San Francisco, California  94111
   Telephone:  (415) 433-4949
4  Facsimile:  (415) 433-7311

5  *Attorneys for Third-Party* REUTERS AMERICA LLC

8  UNITED STATES DISTRICT COURT

9  NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE

| | |
|---|---|
| 10  APPLE INC., a California corporation, | CASE NO.  11-cv-01846-LHK |
| 11        Plaintiff,<br>      v.<br>12  SAMSUNG ELECTRONICS CO., LTD., a<br>13  Korean Business entity; SAMSUNG<br>    ELECTRONICS AMERICA, INC., a New<br>14  York corporation; SAMSUNG<br>    TELECOMMUNICATIONS AMERICA,<br>15  LLC, a Delaware limited liability company,<br>16        Defendants. | **THIRD-PARTY REUTERS AMERICA LLC'S OPPOSITION TO VARIOUS ADMINISTRATIVE MOTIONS TO SEAL**<br><br>Date:     July 18, 2012<br>Time:     2:00 p.m.<br>Place:    Courtroom 8, 4th Floor<br>**Judge:    Hon. Lucy H. Koh** |

## I. INTRODUCTION

Ninth Circuit case law has made it crystal clear that a "strong presumption of access to judicial records applies fully to dispositive pleadings, including motions for summary judgment and related attachments." *Kamakana* v. *City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). In the face of that well-settled and controlling precedent, the parties have filed requests to seal (See, e.g., document Nos. 1179, 1183, 1184, 1185, 1186, 1201, 1206, 1208, 1233 and 1236) documents filed with their motions *in limine* and other documents in this high-profile case. Reuters America LLC (hereafter "Reuters"), a news organization, hereby opposes the sealing requests.

The strong right of access to both court proceedings and court documents applies fully to *in limine* motions, which of course address the admissibility of evidence at trial. In *Waller v. Georgia*, 467 U. S. 39 (1984), the U. S. Supreme Court addressed its line of cases in which "the Court found that the press and public have a qualified First Amendment right to attend a criminal trial. *Id*. at 44-45, citing *Globe Newspaper Co. v. Superior Court*, 457 U. S. 596 and *Richmond Newspapers, Inc. v. Virginia*, 448 U. S. 555 (1980). Based upon that line of cases, and *Gannett Co. v. DePasquale*, 443 U. S. 368, in which a majority of the justices concluded that the public had a qualified constitutional right of access to attend pretrial suppression hearings, the Court in *Waller* found a Sixth Amendment right to open suppression hearings. But the Court made it clear that its prior cases had proceeded largely under the First Amendment. (*Waller*, *supra*, 467 U. S. at 45-46. The Court observed: "As several of the individual opinions in *Gannett* recognized, suppression hearings often are as important as the trial itself." (467 U. S. at 46.)

Just as the U. S. Supreme Court in *Waller* found a right of access to suppression hearings in criminal cases, the California Supreme Court in *NBC Subsidiary v. Superior Court* (1999) 20 Cal. 4th 1178, 1219 held that proceedings addressing the admissibility of evidence in civil cases are also subject to the public's right of access: referring to evidentiary hearings "and other proceedings addressing the admissibility of testimony and documentary evidence," the California Supreme Court held, "We are unaware of any authority holding or suggesting that such proceedings have not been historically important, open and public parts of civil trials." The

Court added, "[P]ublic access plays an important and specific structural role in the conduct of such proceedings." (*Ibid.*)

Likewise, in the recent *Oracle America, Inc. v. Google, Inc.*, 2011 U. S. Dist. LEXIS 119066 (N. D. Cal. Oct. 16, 2011) case, Judge Alsup observed that the parties sought permission to file "a substantial portion of their pretrial submissions under seal," and advised counsel, "unless they identify a limited amount of exceptionally sensitive information that truly deserves protection, the motions will be denied outright. The United States district court is a public institution, and the workings of litigation must be open to public view. Pretrial submissions are a part of trial. 'Compelling reasons,' which amount to more than good cause, must be shown for sealing documents used in dispositive motions and at trial." *Id.* at *4, citing *Kamakana*, 447 F. 3d at 1179.

The strong presumption in favor of access to court records can only be overcome by "compelling reasons" (*Kamakana,* 447 F.3d at 1178) supported by "specific factual findings" (*ibid.*), and there are no such "compelling reasons" advanced or shown here. The requests to seal should be denied. "The 'compelling reasons' standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order." *Kamakana,* 447 F.3d at 1179. Thus, the parties' agreement to a protective order in this or a related case cannot and does not overcome the public's right of access here.

## II. THE PUBLIC HAS A STRONG RIGHT OF ACCESS TO THE DOCUMENTS IN QUESTION.

The public has a First Amendment right of access to documents submitted to the Court in conjunction with the *in limine* motions. In order to overcome the First Amendment right of access, and seal the documents, the parties must show that sealing (1) serves a compelling interest, (2) there is a substantial probability that, in the absence of sealing, the compelling interest would be harmed, and (3) there are no alternatives to sealing that would adequately protect the compelling interest. *See Press-Enterprise Co.* v. *Superior Court*, 478 U.S. 1, 13-14 (1986).

Likewise, under the common law right of access, a strong presumption of access to civil

judicial records exists.  The common law right of access can be overcome *only* by a showing of compelling necessity to preclude access to judicial records. *Kamakana,* 447 F.3d at 1178; *See Foltz* v. *State Farm Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).[1]  The right of access is at its zenith where – as here – the documents are submitted to the Court as a basis for adjudication.

A decision to seal documents despite the public's right of access – and there has *not* been a showing to justify sealing – must be made by Court order specifying the factual basis for the ruling. *See, e.g., Hagestad* v. *Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995) (court must articulate findings "'without relying on hypothesis or conjecture'").

The public's interest in the documents at issue, as discussed above, is particularly high here given that two large corporations are involved.  The public has every right to know the proffered evidence.  While the court has not yet decided the merits of the parties' contentions, the *in limine* papers will be central to the Court's analysis.  In order for the public to fully understand how and why the Court reaches its ultimate decision in this case, the pleadings should be publicly accessible.

**III.    THE PARTIES CANNOT MEET THEIR HEAVY BURDEN TO DEFEAT PUBLIC ACCESS.**

The right of access under either a First Amendment or common law analysis *cannot be overcome* without a specific evidentiary showing of *compelling interests* that require confidential treatment of *particular* documents and testimony. *Kamakana,* 447 F.3d at 1178-79; *Foltz,* 331 F.3d at 1135 ("strong presumption" of access to judicial documents can only be overcome by articulated "compelling reasons").

Overbroad, unspecific, and conclusory allegations are insufficient to overcome the public's right of access. *Apple, Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011) [while trade secrets may overcome right of access, Ninth Circuit reverses an order from this court, Alsup, J., which failed to articulate the rationale underlying decision to seal].  These sorts of

---

[1] Access to judicial documents is appropriately analyzed under the First Amendment right of access, as well as the common law.  *See, e.g., Smith* v. *U.S. District Court*, 956 F.2d 647, 650 (7th Cir. 1992).  As shown below, the parties cannot meet *either* standard, the common law or the First Amendment, to seal the documents in question.

declarations and unsubstantiated allegations have been soundly rejected by other courts. *See, e.g., Allegro Corp. v. Only New Age Music,* 2004 U.S. Dist. Lexis 9061 at *3-4 (D. Or. 2004) (rejecting affidavit as "insufficiently specific to overcome the presumption of public access to [e]xhibits"); *In re Providian Credit Card Cases*, 96 Cal. App. 4th 292, 305 (2002) (rejecting declarations claiming trade secrets as "conclusory and lacking in helpful specifics").[2]

In short, there is an overwhelming public interest in this case justifying access to the *in limine* motions and documents filed therewith, and no countervailing interest – much less the required compelling interest – in sealing.

## IV. THE PUBLIC AND THE PRESS ARE ENTITLED TO PROMPT ACCESS TO THE RECORDS. NO SHOWING HAS BEEN MADE JUSTIFYING SEALING.

The sealing of court records cannot be premised on delaying rather than denying access. Time is of the essence to effective news coverage. A "total restraint on the public's first amendment right of access [is prohibited] even though the restraint is limited in time." *Associated Press* v. *United States District Court,* 705 F.2d 1143, 1147 (9th Cir. 1983).

The United States Supreme Court and the other federal courts have consistently emphasized the importance of *contemporaneous* access to judicial proceedings and records. *See, e.g., Nebraska Press Assn.* v. *Stuart,* 427 U.S. 539, 561 (1976) ("As a practical matter, moreover, the element of time is not unimportant if press coverage is to fulfill its traditional function of bringing news to the public promptly").

### A. There is No Compelling Interest Overcoming Public Right of Access.

The Supreme Court has consistently frowned upon secrecy and sealed records. Indeed, even when military secrets have been at risk of disclosure, the Court has refused to allow secrecy to prevail. *See, e.g., New York Times* v. *United States* [Pentagon Papers], 403 U.S. 713. If the

---

[2] Moreover, even if some of the exhibits and testimony at issue do contain highly confidential commercial information or trade secrets, the disclosure of which would cause a demonstrated and significant competitive injury – and there has been absolutely no showing to that effect – the Court can and should find that the public's interest in the information sought outweighs the defendants' competitive interests. *See, e.g.*, FRCP26, Adv. Cttee. Note to 1970 Amendment ("The Courts have not given trade secrets automatic and complete immunity against disclosure, but have in each case weighed their claim to privacy against the need for disclosure."); *see also Foltz*, 331 F.3d at 1137 (where disclosure of sealed information might subject a litigant to additional liability and litigation, "litigant is not entitled to the court's protection from this type of harm").

possible disclosure of top-secret military plans does not justify secrecy, then the allegations and evidence in a case like this one should not be sealed.

### B. No Prejudice if Records are Unsealed.

*Press-Enterprise*, 478 U.S. 1, 13-15 requires a "substantial probability" of prejudice to fair trial rights to deny access. Again, no such finding can be made. First, no party has shown any "overriding interest" in sealing papers. In any event, even if there were an "overriding interest" supporting secrecy, no showing of prejudice can be made. No party or third party should have any expectation of privacy in this dispute. As the California Supreme Court observed in *NBC Subsidiary*, "'[a]n individual or corporate entity involved as a party to a civil case is entitled to a fair trial, not a private one.'" 20 Cal.4th 1178, 1211.

### C. The Proposed Sealing Is Not Narrowly Tailored.

First Amendment principles require that any proposed sealing be narrowly tailored. *Press-Enterprise*, supra, 478 U.S. at 15. Even if a party to this action could have justified sealing any records – and no such showing has been or could be made – the sealing sought in this case is overbroad.

### D. Less Restrictive Means.

The Court must also consider alternatives to sealing. *Press-Enterprise*, 478 U.S. at 15. This is simple recognition that public access is the rule, not the exception. *Foltz, supra*, 331 F. 3d at 1137; *San Jose Mercury News*, *supra,* 187 F.3d at 1102. The burden rests upon those who would deny public access to establish compelling reasons why records should be made private. There are no compelling reasons to deny access to records. They should not be sealed.

## V. CONCLUSION.

This is an important case with important public policy implications. The public should be fully informed of the parties' competing claims, and have full access to all documents filed with this Court as a basis for adjudication. The motions to seal should be denied.

Dated: July 17, 2012     By:    */s/ Karl Olson*
                                                            Karl Olson (SBN 104760)
                                                            RAM, OLSON, CEREGHINO & KOPCZYNSKI
                                                            555 Montgomery Street, Suite 820
                                                            San Francisco, CA 94111
                                                            Tel: 415-433-4949; Fax: 415-433-7311

1                                         Email: ko@rocklawcal.com
2                                       *Attorneys for Reuters America LLC*

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28