KARL OLSON (SBN 104760)
kolson@rocklawcal.com
RAM, OLSON, CEREGHINO & KOPCZYNSKI LLP
555 Montgomery Street, Suite 820
San Francisco, California  94111
Telephone:  (415) 433-4949
Facsimile:  (415) 433-7311

*Attorneys for Third-Party* REUTERS AMERICA LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>　　　　Plaintiff,<br>　　v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean Business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>　　　　Defendants. | CASE NO.  11-cv-01846-LHK<br><br>**[PROPOSED] ORDER DENYING ADMINISTRATIVE MOTIONS TO SEAL**<br><br>Date:　　July 18, 2012<br>Time:　　2:00 p.m.<br>Place:　　Courtroom 8, 4th Floor<br>**Judge:　　Hon. Lucy H. Koh** |

　　　　On July 18, 2012, the court considered various administrative motions to seal records filed by the parties in connection with the Pretrial Conference in this matter and the filing of Motions in Limine by the parties.  Karl Olson appeared for intervenor Reuters America LLC ("Reuters"); Morrison & Foerster and Michael Jacobs appeared for plaintiff Apple; Quinn Emanuel and Charles Verhoeven appeared for defendant Samsung.  Having read and considered the administrative motions to seal and Reuters' opposition thereto, and other papers filed in this matter, and heard argument by counsel, the Court HEREBY ORDERS:

　　　　The parties' administrative motions to seal are DENIED.  There is a "strong presumption of access to judicial records" which exists because "the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the public's

understanding of the judicial process and of significant public events." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). The right of access applies to suppression hearings in criminal cases. *Waller v. Georgia*, 467 U. S. 39 (1984). Proceedings addressing the admissibility of evidence in civil cases are also "historically important, open and public parts of civil trials." *NBC Subsidiary v. Superior Court*, 20 Cal. 4th 1178, 1219. Because of this, compelling reasons must be shown to seal documents. *Oracle America v. Google, Inc.*, 2011 U. S. Dist. LEXIS 119066 at *4, citing *Kamakana*, 447 F.3d at 1179.

The parties have not shown compelling reasons to seal. The mere fact that documents were previously designated confidential is not enough to seal; there must be specific factual findings in order to seal, and the Court cannot rely on "hypothesis or conjecture." *See, e.g., Hagestad v. Tragesser*, 49 F. 3d 1430, 1434 (9th Cir. 1995); *see Allegro Corp. v. Only New Age Music*, 2004 U. S. Dist. LEXIS 9061 at *3-4 (D. Ore. 2004) [rejecting affidavit as "insufficiently specific to overcome the presumption of public access to exhibits"]; *In re Providian Credit Card Cases*, 96 Cal. App. 4th 292, 305 (2002) [rejecting declarations as "conclusory and lacking in helpful specifics"; scripts which have been disclosed are not trade secrets trial court not obliged to credit statements claiming trade secrets just because there were no counter-declarations].

For the foregoing reasons, the motions to seal are DENIED and the court rejects the redactions in various pleadings including but not limited to the motions in limine, documents 1184 and 1185; Apple's Opposition to Samsung's Motions in Limine (Document 1206); and the court denies the Administrative Motion to File Under Seal Documents Regarding Apple's Opening Supplemental Claim Construction Brief (Document 1186); and Document Nos. 1179, 1183, 1201, 1208, 1233 and 1236. Unless the Court specifically grants a Motion to Seal, all administrative motions to seal shall be deemed denied. *See, e.g., Hagestad, supra*, 49 F. 3d at 1434 [court must make specific factual findings in order to seal]; *Kamakana, supra*, 447 F.3d at 1182 ["judge need not document compelling reasons to unseal; rather the proponent of sealing bears the burden with respect to sealing. A failure to meet that burden means that the default posture of public access prevails"]; *Oracle America, Inc. v. Google Inc.*, 2011 U. S. Dist. LEXIS 119066 at *4 (N. D. Cal. 2011) [unless counsel identifies a limited amount of "exceptionally

sensitive information that truly deserves protection," motions to seal pretrial submissions will be denied outright].

IT IS SO ORDERED.

Dated:

                                        The Honorable Lucy H. Koh
                                        Judge, United States District Court
                                        Northern District of California