United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| APPLE, INC., a California corporation, | ) | Case No.: 11-CV-01846-LHK |
| | ) | |
| Plaintiff, | ) | ORDER DENYING SEALING |
| v. | ) | MOTIONS |
| | ) | |
| SAMSUNG ELECTRONICS CO., LTD., a | ) | |
| Korean corporation; SAMSUNG | ) | |
| ELECTRONICS AMERICA, INC., a New York | ) | |
| corporation; SAMSUNG | ) | |
| TELECOMMUNICATIONS AMERICA, LLC, | ) | |
| a Delaware limited liability company, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

Before the Court are administrative motions to seal related to the motions for summary judgment that were resolved by Court Orders at ECF Nos. 1156 & 1158, as well as administrative motions to seal various documents that have been filed in anticipation of the trial currently set for July 30, 2012. Specifically, the parties seek to seal documents and portions of documents related to the motions for summary judgment, Daubert motions, pending claim construction statements, motions in limine, and other documents that pertain to and presumably will be used in the upcoming trial. *See, e.g.* ECF Nos. 1236, 1233, 1208, 1206, 1201, 1186, 1185, 1184, 1183, 1179, 1140, 1139, 1125, 1122, 1090, 1089, 1069, 1063, 1061, 1060, 1059, 1052, 1023, 1024, 1022, 1020, 1013, 1007, 1004, 997, 991, 930, 927, 925, and 847 (hereafter "Sealing Motions").

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Historically, courts have recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978). Unless a particular court record is one "traditionally kept secret," a "strong presumption in favor of access" is the starting point. *Foltz v. State Farm Mutual Auto. Insurance Company*, 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the "compelling reasons" standard. *Id.* at 1135. That is, the party must "articulate[ ] compelling reasons supported by specific factual findings," *id.* (citing *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1102-03 (9th Cir.1999)), that outweigh the general history of access and the public policies favoring disclosure, such as the " 'public interest in understanding the judicial process.' " *Hagestad*, 49 F.3d at 1434 (quoting *EEOC v. Erection Co.*, 900 F.2d 168, 170 (9th Cir. 1990)).

The Ninth Circuit has explained that the "strong presumption of access to judicial records applies fully to dispositive pleadings, including motions for summary judgment and related attachments" because "the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the "public's understanding of the judicial process and of significant public events." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1177 (9th Cir. 2006). The Ninth Circuit has also carved out an exception to the strong presumption of openness for pre-trial, non-dispositive motions. The Ninth Circuit applies a "good cause" showing to keep sealed records attached to non-dispositive motions. *Id.* at 1180. Thus the Court applies a two tiered approach: "judicial records attached to dispositive motions [are treated] differently from records attached to non-dispositive motions. Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy" while a showing of good cause will suffice at earlier stages of litigation. *Id.*

As Judge Alsup explained in *Oracle America v. Google, Inc.*, 10-CV-03561-WHA, at ECF No. 540, "The United States district court is a public institution, and the workings of litigation must be open to public view. Pretrial submissions are a part of trial." Accordingly, Judge Alsup advised

2

1  counsel that "unless they identify a limited amount of exceptionally sensitive information that truly

2  deserves protection, the motions will be denied outright." *Id.*

3      Similarly, this Court explained at the June 29, 2012 case management conference that "the

4  whole trial is going to be open." Hr'g Tr. at 78.  In light of the Ninth Circuit's admonition in

5  *Kamakana* regarding the presumption of openness and the high burden placed on sealing

6  documents at this late, merits stage of the litigation, it appears that the parties have overdesignated

7  confidential documents and are seeking to seal information that is not truly sealable under the

8  "compelling reasons" standard.  As one example, the parties have sought to redact descriptions of

9  trial exhibits that will presumably be used in open court.  *See, e.g.* Exhibit A to Samsung's

10  Objections to Apple's Exhibit List.  Accordingly, the Sealing Motions are DENIED without

11  prejudice.

12      The parties may file renewed motions to seal within one week of the date of this Order.

13  However, the parties are ORDERED to carefully scrutinize the documents it seeks to seal.  At this

14  stage of the proceedings, the presumption of openness will apply to all documents and only

15  documents of exceptionally sensitive information that truly deserve protection will be allowed to

16  be redacted or kept from the public.  Nearly all of the documents which met the lower, "good

17  cause" standard do not meet the higher, "compelling reasons" standard for trial.

18  **IT IS SO ORDERED.**

19  Dated: July 17, 2012

20  LUCY H. KOH
    United States District Judge

21

22

23

24

25

26

27

28

Case No.: 11-CV-01846-LHK
ORDER DENYING MOTIONS TO SEAL