QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS
CO., LTD., SAMSUNG ELECTRONICS
AMERICA, INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>                    Plaintiff,<br><br>          vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>                    Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S NOTICE OF MOTION AND MOTION TO CLARIFY PORTIONS OF THE COURT'S JUNE 30, 2012 ORDER DENYING SAMSUNG'S MOTION FOR SUMMARY JUDGMENT**<br><br>**Date:**      July 24, 2012<br>**Time:**     1:30 p.m.<br>**Place:**    Courtroom 8, 4th Floor<br>**Judge:**   Hon. Lucy H. Koh |

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ............................................................................................................. 1

II.  PROCEDURAL BACKGROUND .................................................................................. 3

    A.   Apple Moves to Strike Certain Samsung Expert Testimony Under Rule 37(c)(1) Based on Alleged Failure To Timely Supplement Interrogatory Responses ............................................................................................................ 3

        1.   Apple's Motion Only Sought Exclusion Of Portions of Samsung's Expert Reports ...................................................................................... 4

        2.   The Asserted Basis For Exclusion Of Samsung's Design Patent, Trade Mark, and Trade Dress Expert Testimony ................................. 6

        3.   Apple's Motion Was In Breach Of An Agreement Not To Seek To Exclude Evidence If Samsung Supplemented Its Interrogatory Responses By March 19 ........................................................................ 8

    B.   Samsung's Opposition Demonstrated There Was No Basis To Exclude The Expert Evidence, As The Theories Were Timely Disclosed And Made Known To Apple During Discovery And Motion Practice ....................................... 9

    C.   Magistrate Judge Grewal's Expert Exclusion Order ................................................ 10

    D.   This Court's June 30, 2012 Summary Judgment Order ........................................... 11

III. ARGUMENT ................................................................................................................. 12

    A.   The Court Should Clarify That Magistrate Judge Grewal's Expert Exclusion Order Only Excludes The Expert Testimony That Was The Subject Of Apple's Motion .......................................................................................... 12

    B.   There Is No Basis To Grant Apple Relief Beyond The Expert Exclusion It Requested ............................................................................................................ 14

        1.   The Expert Exclusion Order Cannot Apply To Issues Beyond Those Presented In The Apple Interrogatories On Which The Motion Was Based ................................................................................................. 14

        2.   Apple Cannot Show It Is Entitled To Exclusion Of Evidence Beyond The Specific Expert Testimony That Is The Subject Of Magistrate Judge Grewal's Ruling .......................................................... 15

    C.   Barring Samsung From Introducing for Any Purpose The Prior Art Cited By Samsung's Design Experts Is An Extraordinary Sanction That Would Seriously Prejudice Samsung's Defense And Should Not Be Granted Absent Bad Faith And Consideration Of Lesser Alternatives ................................. 19

IV.  CONCLUSION .............................................................................................................. 21

02198.51855/4837925.8

-i-                                                                 Case No. 11-cv-01846-LHK

**SAMSUNG'S MOTION TO CLARIFY PORTIONS OF THE COURT'S
JUNE 30, 2012 ORDER DENYING SAMSUNG'S MOTION FOR SUMMARY JUDGMENT**

# TABLE OF AUTHORITIES

Page(s)

## Cases

*ATD Corp. v. Lydall, Inc.*,
  159 F.3d 534 (Fed. Cir. 1998) ..................................................................16

*Abbott Labs. v. Lupin Ltd.*,
  2011 WL 1897322 (D. Del. May 19, 2011) ..............................................19

*Abbott Labs. v. Sandoz, Inc.*,
  743 F. Supp. 2d 762 (N.D. Ill. 2010) ........................................................17

*Accenture Global Services, v. Guidewire Software, Inc.*
  691 F. Supp. 2d 577 (D. Del. 2010) ..........................................................17

*Edizone, L.C. v. Cloud Nine*,
  2008 WL 584991 (D. Utah Feb. 29, 2008) ................................................16

*Five Star Development Resort Communities LLC v. iStar RC Paradise   Valley LLC*,
  2012 WL 1003557 (S.D.N.Y. March 26, 2012) .........................................14

*Heidelberg Harris, Inc. v. Mitsubishi Heavy Indus., Ltd.*,
  1996 WL 680243 (N.D. Ill., Nov. 21, 1996) ..............................................16

*Klund v. High Technology Solutions, Inc.*,
  206 WL 549385 (S.D. Cal. Feb. 27, 2006) ................................................20

*Mike's Train House, Inc. v. Broadway Ltd. Imports, LLC*,
  2012 WL 664498 (D. Md. Feb. 27, 2012)...................................................17

*Network Appliance, Inc. v. Bluearc Corp.*,
  2005 WL 1513099 (N.D. Cal. June 27, 2005) ...........................................20

*OddzOn Products, Inc. v. Just Toys, Inc.*,
  122 F.3d 1404 (Fed. Cir. 1997) .................................................................20

*Oracle USA, Inc. v. SAP AG*,
  264 F.R.D. 541 (N.D. Cal. 2009) ..............................................................16

*Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*,
  763 F. Supp. 2d 671 (D. Del. 2010) ..........................................................19

*Primos, Inc. v. Hunter's Specialties, Inc.*,
  451 F.3d 841 (Fed. Cir. 2006) ..................................................................16

*R&R Sails, Inc. v. Insurance Co. of Pennsylvania*,
  673 F.3d 1240 (9th Cir. 2012) ..............................................................19, 20

*Transclean Corp. v. Bridgewood Services, Inc.*,
  77 F. Supp. 2d 1045 (D. Minn. 1999) ..................................................16, 17

*Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*,
  259 F.3d 1101 (9th Cir. 2001)................................................................................................16

### **Statutes**

35 U.S.C. § 112 ......................................................................................................................16

Federal Rule of Civil Procedure 26(e) ........................................................................4, 5, 6, 14, 16

Federal Rule of Civil Procedure 26(e)(1)   ...........................................................................3, 9

Federal Rule of Civil Procedure 26(e)(1)(A) ......................................................................10, 17

Federal Rule of Civil Procedure 33......................................................................................4

Federal Rule of Civil Procedure 37......................................................................................20

Federal Rule of Civil Procedure 37(c) ................................................................................15

Federal Rule of Civil Procedure 37(c)(1)........................................................................ passim

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on July 24, 2012, at 1:30 p.m., or as soon thereafter as the matter may be heard by the Honorable Lucy H. Koh in Courtroom 8, United States District Court for the Northern District of California, Robert F. Peckham Federal Building, 280 South 1st Street, San Jose, CA 95113, Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung") shall and hereby do move the Court to clarify portions of the Court's June 30, 2012 Order Denying Motion For Summary Judgment, Dkt 1158.   In particular, Samsung will ask that the Court clarify its Summary Judgment Order to make clear that it is not interpreting Magistrate Judge Grewal's Expert Exclusion Order to encompass evidence beyond the expert testimony that was the subject of Apple's motion, and that the prior art references identified in the excluded portions of the expert reports are not, by virtue of the Expert Exclusion Order, deemed inadmissible at trial.

This motion is based on this notice of motion and supporting memorandum of points and authorities; the previously-filed declaration of Joby Martin (Dkt. 1216-1); and such other written or oral argument as may be presented at or before the time this motion is deemed submitted by the Court.

## RELIEF REQUESTED

Samsung seeks an Order clarifying the Court's Summary Judgment Order to make clear that it is not interpreting Magistrate Judge Grewal's Expert Exclusion Order to encompass evidence beyond the expert testimony that was the subject of Apple's motion, and that the prior art references identified in the excluded portions of the expert reports are not, by virtue of the Expert Exclusion Order, deemed inadmissible at trial.

1

DATED: July 17, 2012                QUINN EMANUEL URQUHART &
                                    SULLIVAN, LLP

2

3

4                                   By   /s/ Victoria F. Maroulis
                                       Charles K. Verhoeven
5                                      Kevin P.B. Johnson
                                       Victoria F. Maroulis
6                                      Michael T. Zeller
                                       Attorneys for SAMSUNG ELECTRONICS CO.,
7                                      LTD., SAMSUNG ELECTRONICS AMERICA,
                                       INC., and SAMSUNG
8                                      TELECOMMUNICATIONS AMERICA, LLC

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-                                 Case No. 11-cv-01846-LHK

**SAMSUNG'S MOTION TO CLARIFY PORTIONS OF THE COURT'S
JUNE 30, 2012 ORDER DENYING SAMSUNG'S MOTION FOR SUMMARY JUDGMENT**

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

Samsung believes that the Court may have inadvertently broadened the scope of Magistrate Judge Grewal's June 27, 2012 Order Granting-In-Part And Denying-In-Part Motions to Strike Expert Reports (Expert Exclusion Order), and therefore seeks to clarify the Court's June 30, 2012 Summary Judgment Order.   The Court found certain prior art references inadmissible and unable to support Samsung's motion for summary judgment because the Court believed the references were stricken by Magistrate Judge Grewal's Expert Exclusion Order.   That ruling seems to assume that the prior art references were stricken for *all purposes*, not just as referenced in expert opinions, but that interpretation would far exceed the scope of the relief Apple sought and Magistrate Judge Grewal granted.   Striking the references for all purposes now would be contrary to the law because it would impose an extreme sanction on Samsung that Samsung has never had an opportunity to address.   In fact, Magistrate Judge Grewal only entered an *expert opinion* exclusion order, not an *issue* exclusion order, which was not before him nor could it have been.

Samsung is currently seeking the Court's reconsideration of portions of the Expert Exclusion Order as clearly erroneous or contrary to law.   Even if the Expert Exclusion Order stands, however, the Court should clarify the Summary Judgment Order so that Samsung is not precluded from introducing evidence other than the particular expert testimony that was the subject of Apple's motion.   Without clarification, Samsung may be barred from introducing the prior art references themselves at trial even though they are relevant to the testimony of other witnesses and issues that were not the subject of the discovery responses on which Apple relied in its motion to strike.

First, Apple's motion to strike sought only exclusion of certain testimony *from Samsung's experts* as to certain issues and documents.   The theory of the motion was that Samsung's experts should be precluded from offering opinions that were not, in Apple's view, timely disclosed in response to contention interrogatories seeking disclosure of Samsung's contentions regarding invalidity and non-infringement.   Apple did not seek to exclude any prior art references

themselves, or testimony by any other witnesses regarding those references.   The Expert

Exclusion Order ruled only that Samsung could not present certain expert testimony.   Nothing

more.   It did not bar evidence that was relied on by the experts if presented as part of the

testimony of other witnesses, whether Apple's experts or lay witnesses.   Indeed, this is precisely

how Apple has interpreted the ruling, because Apple has served trial exhibits containing

alternative phone and tablet designs that were stricken from the reports of Apple's experts Susan

Kare and Peter Bressler.   If Apple believed them to be stricken for all purposes, it would not have

included them as trial exhibits with a different expert as the sponsoring witness.

Second, even if it could be interpreted to extend beyond the expert testimony that was the

sole subject of Apple's motion (and there is no basis to do so), the Expert Exclusion Order cannot

be extended to exclude prior art on issues that were not the subject of the specific contention

interrogatories that formed the basis for Apple's exclusion arguments.   Apple's basis for

exclusion of expert opinion evidence on invalidity and non-infringement was an alleged failure to

timely respond to two interrogatories limited to providing facts and legal bases supporting

Samsung's contentions that Apple's design patents were invalid or not infringed.   Those

interrogatories did not ask for, and did not require Samsung to disclose, evidence or theories it

would present on any other issues, including claim construction, the scope of the patents, or

evidence Samsung would present to impeach Apple witnesses.   Because Rule 37(c)(1) exclusion

can only be granted for a violation of Rule 26(e)'s requirement to timely supplement a discovery

response, there would be no legal basis to read Magistrate Judge Grewal's ruling as barring

Samsung from presenting evidence on issues that were not the subject of the specific discovery

requests identified in Apple's motion to strike.

Third, putting aside the fact that Apple did not seek to exclude the prior art references for

all purposes, there is no basis for doing so.   These prior art references have been known to Apple

for months, through extensive discovery and motion practice in this case and in the parallel ITC

investigation Apple commenced concerning related patents.   Many of the references were

disclosed at the preliminary injunction stage, and Apple conceded these would not be a proper

subject of an exclusion order.   Others, such as the 035 prototype relating to the D'889 patent,

were the subject of an earlier motion to compel.   Others were the subject of extensive deposition questioning and testimony.   There is simply no basis to conclude that the references were not "made known" to Apple within the meaning of Rule 26(e)(1).

Finally, if Apple could show that any particular reference had not been "made known," then the non-disclosure was harmless, and no exclusion would be warranted.   In addition to being the subject of extensive expert discovery, each of the prior art references relate to contentions Samsung has asserted for months, both in these proceedings since the preliminary injunction stage, and in the related ITC investigation.   In any event, Samsung's thorough supplemental responses were made within nine days of the close of fact discovery, so Apple and its experts were able to fully and fairly address all of this evidence in expert reports and dispositive motions.   Under the standard for prejudice that Apple itself has recently articulated in opposing one of Samsung's motions in limine, there is no prejudice where, as here, evidence is disclosed in time for the experts to address it in their reports.   Dkt. 1206-1, at 15.

If the Court were to decline to clarify its Summary Judgment Order, and applied the Expert Exclusion Order to bar Samsung from introducing the prior art beyond the specific expert testimony context that was the subject of Apple's motion, it would substantially interfere with Samsung's ability to present its defenses to the jury.   Apple has never requested such relief, nor could it make the showing required for such an extraordinary sanction.   The relief sought by Samsung in this present motion is narrow, but critical.   Samsung is not seeking to challenge the Court's denial of summary judgment.   What Samsung is seeking, however, is the right to present its defenses to the jury, which was not properly at issue in the motion before Judge Grewal, and cannot be denied based on that ruling.

## II.   **PROCEDURAL BACKGROUND**

### A.   **Apple Moves to Strike Certain Samsung Expert Testimony Under Rule 37(c)(1) Based on Alleged Failure To Timely Supplement Interrogatory Responses**

On May 17, 2012, Apple filed its Motion to Strike Portions of Samsung's Expert Reports. The discussion below highlights three aspects of Apple's motion that bear on the argument made

in this motion.   First, it was limited to striking portions of expert reports, not any other evidence. Second, with regard to the opinions of experts on design patent, trade mark, or trade dress issues, the motion was premised on three contention interrogatories seeking facts supporting Samsung's affirmative defenses of invalidity and non-infringement, and Samsung's denial that Apple's trade marks and trade dress has distinctiveness.   Third, Apple's motion contravened its agreement not to seek exclusion if Samsung supplemented its interrogatory responses by the agreed-upon date of March 19, which Samsung did.

### 1.   Apple's Motion Only Sought Exclusion Of Portions of Samsung's Expert Reports

Consistent with the caption, the Notice of Motion made clear that Apple was only seeking to strike portions of Samsung's expert reports.   There, Apple stated that Apple was moving "pursuant to Federal Rule of Civil Procedure 37(c)(1) and the Patent Local Rules to strike certain portions of the expert reports of [Samsung's experts]."  Dkt 939-1, at 1.   In the "Relief Requested" portion of the Notice, Apple stated:   "Pursuant to Federal Rule of Civil Procedure 37(c)(1) and the Patent Local Rules, Apple seeks an order striking portions of certain reports submitted by [Samsung's experts], as identified in the accompanying Memorandum of Points and Authorities and Proposed Order.   Specifically, Apple requests that the Court strike the portions of those reports (and exhibits thereto) that present evidence, arguments, or theories that Samsung failed to timely disclosed as required by the Patent Local Rules and Federal Rules of Civil Procedure 26(e) and 33."   *Id.*

In the "Statement of Issues to Be Decided," Apple reiterated that the question before Magistrate Judge Grewal was limited to whether "the Court should strike certain portions of" the expert reports of certain Samsung experts.   *Id.* at 1-3.

Apple's Proposed Order on its Motion to Strike consistently makes clear that the sole relief Apple was seeking was the striking of portions of expert reports.   The Proposed Order states: "For the reasons stated below, the Court strikes the portions of the expert reports of [certain Samsung experts] that are highlighted in the copies of those reports [submitted by Apple] . . . and also identified below."  Dkt. 939-12, at 1.   The Proposed Order then identifies, for each expert,

1  which *opinions* are stricken.   So, for example, with regard to Sam Lucente, Apple's Proposed

2  Order provides:

> The Court finds that many of *opinions* set forth in the Lucente Report were not seasonably
> disclosed in response to Apple's Interrogatory Nos. 5 and 12 as required under Rules 26(e)
> and 33 of the Federal Rules of Civil Procedure.   Samsung failed to demonstrate that this
> violation was harmless or substantially justified.   Accordingly, as mandated by Rule
> 37(c)(1), I order that these portions of the Lucente Report are struck, and that Mr. Lucente
> shall offer no testimony in this action on any of these matters:
>
> a.   All theories and arguments that the D'305 Patent or D'334 Patent is invalid
>      on the ground that it is anticipated or rendered obvious.   (Lucente Report p.
>      32-78)
>
> b.   All theories and arguments that any element of the asserted trade dress lacks
>      distinctiveness.   (*Id.*   pp. 81-89)

10  Dkt. 939-12, at 5-6 (emphasis added).

11       Even those portions of Apple's Proposed Order that identified specific prior art made clear

12  that the only evidence Apple was seeking to exclude was *expert testimony* asserting particular

13  theories based on the listed prior art – not to the use of the prior art in every other context.   Apple

14  was not seeking exclusion of the prior art itself, or even exclusion of the theories other than in the

15  context of the particular expert testimony.   So, for example, with regard to Samsung expert Itay

16  Sherman, Apple's Proposed Order provided:

> The Court finds that many of the *opinions* set forth in the Sherman Report were not
> seasonably disclosed in response to Apple's Interrogatory Nos. 5 and 12 as required under
> Rules 26(e) and 33 of the Federal Rules of Civil Procedure.   Samsung failed to
> demonstrate that this violation was harmless or substantially justified.   Accordingly, as
> mandated by Rule 37(c)(1), I order that these portions of the Sherman Report are struck,
> and that *Mr. Sherman shall offer no testimony in this action on any of these matters*:
>
> a.   All theories and arguments that U.S. Patent No. D504,889 (the "D'889
>      Patent") is invalid on the ground that it is anticipated or rendered obvious
>      by any of these prior art references:
>
> [individual prior art references listed]
>
> b.   All theories and arguments that U.S. Patent No. D618,677 (the "D'677
>      Patent") is invalid on the ground that it is anticipated or rendered obvious
>      by any of these prior art references:
>
> [individual prior art references listed]
>
> c.   All theories and arguments that U.S. Patent No. D593,087 (the "D'087
>      Patent") is invalid on the ground that it is anticipated or rendered obvious
>      by any of these prior art references:

1          [individual prior art references listed]

2          d.     All theories and arguments that the asserted trade dress is not distinctive.
                  (*Id.* pp. 80-85)

3

4          e.     All theories and arguments that the D'889 patent is indefinite.   (*Id.* pp. 85-
                  87).

5     Dkt. 939-12, at 6-9 (emphasis added).

6          Apple made clear that it *was not* seeking to exclude evidence or theories that Samsung

7     disclosed in connection with the preliminary injunction proceedings held in 2011.   Dkt. 939-1, at

8     15-16 ("the *only* anticipation and obviousness theories that Apple could investigate through

9     discovery were those disclosed by Samsung in connection with the preliminary injunction hearing

10    last fall."); *id.* at 20; Dkt 1054 (Apple Reply), at 11 ("The invalidity and non-infringement theories

11    in Samsung's preliminary injunction submissions met [the "otherwise made known" standard in

12    Rule 26(e)], so Apple did not move to exclude them.").

13          **2.     The Asserted Basis For Exclusion Of Samsung's Design Patent, Trade
                 Mark, and Trade Dress Expert Testimony**

14

15          In its memorandum of points and authorities, with respect to design patent, trade mark, and

16    trade dress expert reports, Apple argued that the specific portions of Samsung's expert reports

17    should be excluded under Federal Rule of Civil Procedure 37(c)(1) because they had not been

18    disclosed in response to three contention interrogatories Apple served at or near the outset of

19    discovery.   Dkt. 939-1, at 14-21.   First, Apple sought exclusion of certain expert testimony

20    regarding design patent invalidity, relying on Interrogatory No. 12, served on November 14, 2011.

      Dkt 939-1 at 15-19.[1]   Interrogatory No. 12 provides:

21

22          Specifically for each of the Design Patents at Issue, explain the factual and legal
            bases for Samsung's Third Affirmative Defense: Patent Invalidity.   The response
23          should include: (a) the identity of any item of prior art that Samsung alleges
            anticipates each Design Patent at Issue; (b) the identity of any item of prior art that
24          Samsung alleges is a primary reference pursuant to *In re Rosen*, 673 F.2d 388
            (CCPA 1982); (c) the identity of any combinations of prior art that Samsung
25          alleges render any of the Design Patents obvious, including an explanation of why
            the prior art renders each Design Patent at Issue obvious; and (d) any other grounds

26    _____

27          [1]   This was also the basis for Apple's request to exclude expert opinion on indefiniteness.
      Dkt 939-1 at 19-20.

28

of invalidity alleged by Samsung, including those based on 35 U.S.C. §§ 101, 102, 103, 112 and/or 171.

Dkt. 939-4, Ex. 25 at 7-8.   Samsung's December 19, 2011 response to this Interrogatory identified by Bates number, for each of Apple's design patents, several dozen prior art references Samsung was aware of at that time, and the theories of invalidity it intended to assert.   *Id.* at 8-15.

Second, Apple sought exclusion of expert testimony on non-infringement, relying on Interrogatory No. 11, also served on November 14, 2011:   "Specifically for each of the Design Patents at Issue, explain the factual and legal bases for Samsung's Second Affirmative Defense: Patent Non-Infringement."   Dkt. 939-4, Ex. 25 at 5.   In its December 19, 2011 response, Samsung explained, for each patent, that the accused Samsung products "are not substantially similar to an ordinary observer giving such attention as a purchaser usually gives, particularly when viewed in light of the prior art and the functional elements are excluded as a basis for similarity."   *Id.* at 5-7.   That response provided a commensurate level of detail as Apple provided in answering Samsung's infringement interrogatory.   *See*   Dkt. 1011, Ex. 20, at 99 ("Each accused Samsung product incorporates a front face and bezel that is substantially the same in overall visual appearance as the design claimed in the D'087 Patent.")   Samsung also incorporated the preliminary injunction declaration of its expert Itay Sherman for the D'087, D'677, and D'889 patents.   *Id.*   As with its response to Interrogatory No. 12, Samsung supplemented its response on March 19, 2012.

Apple also sought to exclude expert testimony on lack of distinctiveness, based on Interrogatory No. 5, served on August 3, 2011, which provides:   "State in detail the basis of Samsung's contention that Apple's claims are barred 'on the basis that the marks and alleged trade dress at issue lack distinctiveness, including, without limitation secondary meaning," as alleged in ¶ 281 of the Answer, including an identification of any documents on which Samsung intends to rely or which tend to prove or disprove Samsung's contention."   Dkt. 939-4, Ex. 14 at 8. Samsung's September 8, 2011 response referred Apple to its Answer, as well as "smartphone and tablet computer product selections available on the market and in retailer stores."   *Id.*   Apple never moved to compel a further response to this interrogatory.

Case No. 11-cv-01846-LHK
**SAMSUNG'S MOTION TO CLARIFY PORTIONS OF THE COURT'S**
**JUNE 30, 2012 ORDER DENYING SAMSUNG'S MOTION FOR SUMMARY JUDGMENT**

1     That these three interrogatories are the sole basis for Apple's exclusion motion is made

2   clear in the proposed order Apple submitted with its motion.   There, in addressing the expert

3   reports of Samsung's experts on design patent, trade mark, and trade dress, Apple expressly refers

4   to Interrogatories 5, 11, and 12, and nothing else, as the basis for the requested exclusion.   Dkt.

5   939-12 at 5-13.

6               **3.    Apple's Motion Was In Breach Of An Agreement Not To Seek To**
                        **Exclude Evidence If Samsung Supplemented Its Interrogatory**
7                       **Responses By March 19**

8               On March 11, 2012, after fact discovery had closed, Apple informed Samsung that it did

9   not believe Samsung's initial responses to Interrogatory Nos. 11 and 12 were sufficiently detailed,

10  and threatened to move to preclude expert testimony on validity and infringement arguments.

11  Dkt. 1012, ¶ 2.   At a March 14, 2012 meeting to discuss Apple's concerns, Apple agreed to

12  forego a threatened motion to preclude expert testimony if Samsung supplemented its

13  interrogatory responses by March 19, 2012.   Dkt. 1012, ¶ 5.   Apple reserved its right to bring

14  such a motion only to the extent that Samsung's supplemental responses were inadequate, which

15  Apple did ***not*** allege here.   In its reply memorandum before Magistrate Judge Grewal, Apple

16  admitted that it agreed not to bring a motion relating to Samsung's interrogatory responses if

17  Samsung supplemented by March 19, but argued that its agreement was limited to foregoing a

18  motion to compel further responses, not a motion to exclude.   Dkt. 1054, at 9.   But Apple's

19  revisionist argument makes no sense because the deadline to move to compel was March 15 and

20  the parties did not enter a stipulation to extend that deadline established in the Civil Local Rules.

21  Dkt. 1056-01, ¶13.   After that date, Apple had no ability to move to compel further responses.

22  *Id.*; *see* L.R. 37-3.   Apple's agreement not to bring a motion if Samsung agreed to supplement its

23  responses by March 19 could not logically have related to a motion it was precluded from

24  bringing.   Instead, the only logical interpretation of the parties' agreement is that Apple agreed

25  not to move to strike Samsung's experts if Samsung agreed to supplement its responses by March

26  19.   Apple has never challenged the sufficiency of those supplemental responses that Samsung

27  served on March 19 pursuant to the parties' agreement.

28

1  Apple's motion to strike was therefore a clear breach of its agreement with Samsung

2  regarding the March 19 supplemental responses.

3  **B.  Samsung's Opposition Demonstrated There Was No Basis To Exclude The Expert Evidence, As The Theories Were Timely Disclosed And Made Known To Apple During Discovery And Motion Practice**

4

5

6  In its opposition, Samsung argued that the Rule 37(c)(1) requirements for exclusion were

7  not satisfied.   First, Samsung explained that its March 19 interrogatory responses were timely, as

8  they were served two months before a dispositive motion deadline and more than four months

9  before trial.   Dkt. 1000, at 16-17.   Samsung also demonstrated that each of the theories and prior

10  art references had been "made known" to Apple during discovery or in writing, within the

11  meaning of Rule 26(e)(1).   Certain of the prior art references were expressly identified in the

12  initial interrogatory response served on December 19, 2011.   Others, such as the Nokia

13  Fingerprint design, the Apple "Brain Box" design, the 035 prototype, and the Mobile UX

14  presentation, were the subject of extensive discovery and, as to some, motion practice.   *Id.* at 18-19.   Indeed, the Mobile UX was produced on February 3, 2012 from the files of a Samsung

15  designer, who was identified in Samsung's initial disclosures served on September 7, 2011, and

16  who Apple deposed twice.   *Id.* at 19 n.13.

17  Responding to Apple's request to exclude non-infringement opinions, Samsung explained

18  that its initial interrogatory response was no less detailed than Apple's response to Samsung's own

19  infringement contention interrogatory, and in any event the majority of the non-infringement

20  theories had been disclosed in the preliminary injunction proceedings.   Further disclosures

21  comparing Apple's design patents to prior art were made during discovery, elaborating on the

22  theories that had previously been disclosed in the preliminary injunction opposition.   *Id.* at 20-21

23  & n.14.

24  Finally, Samsung argued that any violation of Rule 26(e)(1) was harmless, because the

25  supplemental interrogatory responses were served before the deadline for service of opening

26  expert reports, and weeks before service of rebuttal reports and expert depositions.   Indeed, all of

27  the opinions Apple sought to exclude were the subject of extensive questioning of Samsung's

28

experts during their deposition, and certainly Apple had a full and fair opportunity to explore those opinions.  *Id.* at 22-23.   The lack of prejudice was particularly evident, given Apple's assertion that expert evidence is not even required to establish non-infringement, anticipation and obviousness, claiming to this Court that "it does not take an ordinary observer . . . more than two minutes to make the comparison and distinguish or fail to distinguish an accused device."  *See* Dkt. 910-1 at 1.

### C.   <u>Magistrate Judge Grewal's Expert Exclusion Order</u>

Magistrate Judge Grewal issued his Expert Exclusion Order on June 27, 2012.   In order for Magistrate Judge Grewal to grant Apple's motion and exclude any expert testimony under Federal Rule 37(c)(1), he necessarily had to conclude that Samsung failed to supplement its interrogatory responses "in a timely manner" under Rule 26(e)(1)(A); that the information Apple contends was not disclosed had "not otherwise been made known" to Apple during the discovery process or in writing (*see* Rule 26(e)(1)(A)); and that the failure to supplement was not substantially justified or harmless (Rule 37(c)(1)).   Nevertheless, Magistrate Judge Grewal's Order does not contain any factual findings on these issues.   Instead, the Order simply recites that Apple's motion as to a particular expert is granted or denied, and states generally that "the parties may presume that in ruling on any particular expert, the court has adopted the proposed factual findings and legal conclusions of the party urging the ruling and rejected those in opposition." Dkt. 1144, at 2.

One thing is clear, however:   The relief granted in the Expert Exclusion Order is limited to striking portions of the referenced expert reports.   For each Samsung expert as to which Apple's motion was granted, Magistrate Judge Grewal states that Apple has moved to exclude a particular portion or portions of the expert's report, states the ground for the requested exclusion, and then states that the motion is GRANTED.   For example, with regard to Itay Sherman, the Expert Exclusion Order states:

> 11.    Apple moves to strike *portions of Itay Sherman's expert report* that opine that Apple's D'889, D'677, and D'087 Patents are invalid.   Apple argues that Sherman's report includes theories never previously disclosed to Apple during discovery, and also that Sherman's report includes a prior art reference to a Nokia

Fingerprint design that was never previously disclosed to Apple during discovery. Apple's motion is GRANTED.

12. Apple moves to strike *portions of Itay Sherman's expert report* that opine that Apple's asserted trade dress lacks distinctiveness.   Apple argues that Sherman's report includes theories never previously disclosed to Apple during discovery. Apple's motion is GRANTED.

13. Apple moves to strike *portions of Itay Sherman's expert report* that opine that Apple's D'889, D'677, and D'087 Patents are indefinite.   Apple argues that Sherman's report includes theories never previously disclosed to Apple during discovery.   Apple's motion is GRANTED.

Dkt. 1144, at 4-5 (emphasis added).   The format for the Court's ruling on each expert was the same.   At the conclusion of the Order, Magistrate Judge Grewal stated:   "In accordance with the foregoing, the court ORDERS that *portions of the parties' expert reports be struck*."   *Id.* at 8 (emphasis added).   Nowhere is there any language stating that the Court was striking any evidence other than a portion of an expert report.   Nowhere is there any language stating that the Court was ruling that any evidence beyond specified expert testimony would be inadmissible at trial.   Nowhere is there any language stating that the Court was excluding evidence on issues beyond those addressed in the interrogatories that were the subject of Apple's motion.

### D.   This Court's June 30, 2012 Summary Judgment Order

In its Summary Judgment Order, this Court rejected certain of Samsung's obviousness arguments based on prior art, stating that the prior art in question did not establish the absence of a genuine issue of material fact entitling Samsung to summary judgment.   But the Court also stated that the prior art "will not be admissible at trial" based on Magistrate Judge Grewal's Expert Exclusion Order, which the Court described as excluding the prior art references themselves, rather than simply the expert testimony that was the subject of Apple's motion.   If read literally, "will not be admissible at trial" goes far beyond Judge Grewal's Order, and far beyond any issue Samsung has had an opportunity to brief, argue, or otherwise be heard on.

For example, Samsung presented an obviousness defense with respect to the D'087 patent based on various prior art references, including the Bluebird Pidion, the JP'221, and the iRiver U10.   The Court stated:   "As an initial matter, the Court notes that Judge Grewal recently ordered that these references be excluded because Samsung failed to timely disclose the prior art or

1   invalidity theory.   *See* Dkt. 1144, at 4-5.   On this basis alone, summary judgment in favor of

2   Samsung is not proper because the evidence in support of Samsung's obviousness argument will

3   not be admissible."   Summary Judgment Order at 30.   The Court made similar statements with

4   regard to Samsung's obviousness arguments relating to (1) the D'677 patent, and the prior art

5   references, including the iRiver U10 and Nokia Fingerprint, on which that argument was based

6   (*id*. at 32-33); and (2) the D'889 patent, relying on the D'037 patent and the Apple Brain Box (*id*.

7   at 35).[2]

8           The Court made a similar statement in its July 2, 2012 Order Denying Samsung's Motion

9   To Stay, finding that "Judge Grewal recently excluded the D'037 and the Brain Box from trial

10  because Samsung failed to timely disclose the prior art or invalidity theory."   Dkt 1170, at 9.

11  The Court stated that "[i]n light of this ruling, Samsung cannot rely on the D'037 and the Brain

12  Box to challenge the validity of the D'889 Patent at trial."   *Id*.

13  **III.**   **ARGUMENT**

14          **A.**     **The Court Should Clarify That Magistrate Judge Grewal's Expert Exclusion**
            **Order Only Excludes The Expert Testimony That Was The Subject Of**
15          **Apple's Motion**

16          As explained in the Background discussion above, Apple's motion to strike, and the

17  Magistrate Judge's ruling on that motion, were limited solely to the exclusion of portions of the

18  reports of Samsung's experts, based on the argument that the theories disclosed in those reports

19  had not timely been disclosed in response to Apple's contention interrogatories.   Apple's notice

20  of motion and proposed order, which define the scope of relief it had requested, and which put

21  Samsung on notice of the issues being addressed, clearly and unambiguously limited the relief to

22  striking "portions of certain [expert] reports."   Notice of Motion at 1; "Relief Requested";

23  Proposed Order, *supra*.   Magistrate Judge Grewal's Expert Exclusion Order, in similarly clear

24  _____

25      [2]   The Court's discussion of Samsung's obviousness defense with regard to the '607 utility
    patent similarly read Magistrate Judge Grewal's Expert Exclusion Order to have "strick[en] the
26  Blonder reference because it was not timely disclosed."   *Id*. at 24-25.   The Court stated that "the
    Blonder reference will not be admissible at trial, and the Court will not consider it on this motion
27  for summary judgment."   *Id*.

28

**SAMSUNG'S MOTION TO CLARIFY PORTIONS OF THE COURT'S**
**JUNE 30, 2012 ORDER DENYING SAMSUNG'S MOTION FOR SUMMARY JUDGMENT**

fashion, limited the relief granted to the striking of portions of Samsung's expert reports.   Indeed, the Order itself notes in its caption that it is granting-in-part "motions to strike expert reports." Nowhere in that Order is there any ruling barring the use of prior art references generally, including through lay witnesses, or for impeachment of Apple's experts.   That is because Apple *did not* seek to exclude evidence beyond the expert report portions themselves.

This is precisely how Apple is interpreting Magistrate Judge Grewal's ruling striking portions of its own experts' testimony.   Samsung sought exclusion of portions of the reports of Susan Kare and Peter Bressler that relied on claimed alternative phone and tablet designs that had not been timely disclosed in response to Samsung's discovery requests.   Notwithstanding Magistrate Judge Grewal's Order granting this portion of Samsung's motion, Apple has included as one of its exhibits a disparate compilation of 178 pages of alternative designs, a number of which are the very designs relied on by the experts in the now stricken portions of their reports. *Compare* Apple Trial Exhibit 20, at 1, 4, 11, 124 (Sony Xperia Arc S); 2, 55-62 (Coby Kyros); 3, 13 (KDDI Infobar) 17, 34, 36 (Panasonic Toughbook); 35 (Panasonic Toughpad A1); 158-68 (Samsung Gravity Touch); 169-78 (Samsung Gem) *with* Samsung's Motion to Strike Expert Testimony (Dkt. 934-3, at 5-7) (moving to strike references to Sony Xperia Arc S, Coby Kryros, KDDI Infobar, Panasonic Toughbook, Panasonic Toughpad, and "[a]ll Samsung devices other than the Samsung M7600 Beat DJ and Samsung F700") and Dkt. 1144, at 7 (granting Samsung's Motion to Strike).   While Samsung objects to Apple's improper compilation exhibits on numerous grounds, Apple's proposed Exhibit 20 demonstrates that Apple interprets Magistrate Judge Grewal's Order in the same way as Samsung does – as applying only to expert testimony, not to fact testimony or the underlying references themselves.

Apple's response to Samsung's appeal of Magistrate Judge Grewal's Order also makes clear that Apple was only seeking to exclude expert testimony relying on certain references that had not been disclosed as a basis for a specific theory (*e.g.*, non-infringement or invalidity). Apple is not seeking exclusion of the references themselves, or as a basis for testimony by witnesses other than the particular expert.   So, for example, Apple acknowledges that "Samsung's preliminary injunction papers disclosed the 035 Mockup" with respect to the infringement analysis

-13-

Case No. 11-cv-01846-LHK

of the D'889 Patent, but argues that it was appropriate to preclude Mr. Sherman from relying on that reference on the issue of invalidity, based on Apple's claim that Samsung had not disclosed the reference as a basis for an invalidity argument.   Dkt. 1242 at 3.   While Samsung disagrees with Apple's analysis, for purposes of this motion what is important is that Apple does not argue that 035 Mockup can be excluded for all purposes or as a basis for testimony by other witnesses. *See also id.* at 2 (noting that Samsung's preliminary injunction papers disclosed the 1994 Fidler and Compaq TC1000 references, but defending expert exclusion ruling on the ground that "Samsung did not argue *non-infringement* based on this art" (emphasis in original); *id*. at 2-3 (same as to Nokia Fingerprint, ITC references, and third party subpoenas).

Accordingly, the Court should clarify that it does not intend to construe Magistrate Judge Grewal's Order as extending beyond the expert witness testimony, and will not bar Samsung from presenting any prior art references at trial based on Judge Grewal's Expert Exclusion Order.

**B.** **There Is No Basis To Grant Apple Relief Beyond The Expert Exclusion It Requested**

**1.** **The Expert Exclusion Order Cannot Apply To Issues Beyond Those Presented In The Apple Interrogatories On Which The Motion Was Based**

Apple's rationale for seeking exclusion of portions of the expert reports of certain Samsung design experts was that Samsung allegedly had failed to timely supplement its responses to three contention interrogatories, Nos. 12 (invalidity) 11 (non-infringement ); and 5 (lack of distinctiveness).   Dkt. 939-1, at 14-22.   Those interrogatories were narrow and specific. Interrogatory 12 asked Samsung to explain, for each of Apple's design patents, the basis for its defense of invalidity.   Interrogatory 11 asked Samsung to explain, for each of Apple's design patents, the basis for its non-infringement defense.   And Interrogatory No. 5 asked Samsung to explain the basis for its affirmative defense of lack of distinctiveness.

Because Rule 37(c)(1) exclusion is triggered by a failure to timely supplement a specific discovery request in violation of Rule 26(e), there is no basis to apply Magistrate Judge Grewal's ruling to exclude evidence on issues that are not within the scope of the interrogatories that formed the basis for the Order.   *Five Star Development Resort Communities LLC v. iStar RC Paradise*

1    *Valley LLC,* 2012 WL 1003557, *5 (S.D.N.Y. March 26, 2012) (Rule 37(c)(1) exclusion "not

2    warranted" where moving party cannot point to "any interrogatory, request for production or

3    request for admission" that party failed to supplement).   For example, none of the Interrogatories

4    relied on by Apple in its exclusion motion asked Samsung to identify facts or theories regarding

5    claim construction.   So there is nothing in the three interrogatories Apple identified that could

6    provide a basis to preclude Samsung from presenting any otherwise admissible evidence to

7    support its claim construction arguments.   As another example, nowhere did Apple cite an

8    interrogatory that required Samsung to disclose evidence it intended to rely on to impeach the

9    testimony of Apple's witnesses (lay or expert).   Again, there is no legal basis in Rule 37(c) to

10   prohibit Samsung from introducing impeachment evidence.

11             **2.   <u>Apple Cannot Show It Is Entitled To Exclusion Of Evidence Beyond</u>**

12             **<u>The Specific Expert Testimony That Is The Subject Of Magistrate</u>**
                 **<u>Judge Grewal's Ruling</u>**

13             Even if Apple had moved to exclude Samsung's prior art for all purposes, which it did not,

14   Apple would not be able to make the showing required to be entitled to such extraordinary relief.

15   As an initial matter, any such request would be procedurally improper, as the Court limited each

16   side to "one motion to strike late disclosed discovery and theories."   Minute Order and Case

17   Management Order, Dkt 901, May 12, 2012.   Apple chose what discovery it was seeking to

18   exclude, and chose to seek exclusion only of expert testimony.   It should not at this late date be

19   entitled to secure relief beyond what it requested in its "one motion to strike" permitted by the

20   Court.   This is especially true given Apple's agreement, as explained above, that it *would not*

21   move to exclude so long as Samsung supplemented its interrogatory responses by March 19, 2012,

22   which it did.

23             Nor could Apple meet the requirements of Rule 37(c)(1) with respect to the prior art at

24   issue.   First, Apple has not identified any discovery request requiring Samsung to disclose every

25   issue on which it intended to use every item of prior art, including claim construction or

26   impeachment.   Given that Rule 37(c)(1) is triggered by specific discovery, there is no discovery

27   request that could result in an all-purpose bar on prior art.

28

**SAMSUNG'S MOTION TO CLARIFY PORTIONS OF THE COURT'S**
**JUNE 30, 2012 ORDER DENYING SAMSUNG'S MOTION FOR SUMMARY JUDGMENT**

1      Even with respect to the issues Apple has identified – design patent invalidity and non-

2  infringement – Apple cannot show that the relevant interrogatory responses required

3  supplementation.   According to Apple, "[t]he cases hold that a party does not need to respond to a

4  contention interrogatory by supplying 'each and every detail that could possibly exist in the

5  universe of facts.'"   Dkt 996-04, at 8 (citing cases).   As noted above, on invalidity, Samsung's

6  interrogatory responses identified by Bates number all of the prior art which it had identified as of

7  the time of its response, and identified every theory of invalidity it intended to pursue.   With

8  regard to non-infringement, Samsung explained that its accused products were "not substantially

9  similar to an ordinary observer giving such attention s a purchaser usually gives, particularly when

10  viewed in light of the prior art and the functional elements of the design are excluded as a basis for

11  similarity."  Dkt. 939-4, Ex 25 at 5-6.   This response was no less detailed than Apple's, which

12  simply stated that "[e]ach accused Samsung product incorporates a front face and bezel that is

13  substantially the same as the overall visual appearance as the design claimed in the D'087 patent."

14  Dkt. 1011, Ex. 20 at 99.   The *only difference* is that Apple copied and pasted pictures of the Apple

15  patents and accused Samsung products.   *Id*.

16      Apple also cannot show that Samsung's supplemental response, served just nine days after

17  fact discovery closed, before the start of expert discovery, two months before the dispositive

18  motion deadline, and over four months before trial, was not served "in a timely manner" within the

19  meaning of Rule 26(e).   Apple cited no authority in support of its contention that supplemental

20  responses served little more than a week after the close of discovery—and well before the close of

21  expert discovery—are *per se* untimely.[3]   As explained in Samsung's Motion for Relief from

22  _____

23      [3]   None of the cases Apple cited before Magistrate Judge Grewal address similar

24  circumstances or procedural postures.   In *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d
1101, 1105-1107 (9th Cir. 2001), the court excluded an expert report disclosed more than two
years after discovery closed, and just 28 days before trial.   In *ATD Corp. v. Lydall, Inc.,* 159 F.3d

25  534, 550 (Fed. Cir. 1998), the court upheld the exclusion of a prior art reference that defendant
first disclosed more than three months after the close of discovery and less than a month before the

26  final pretrial conference.   Similarly, in *Primos, Inc. v. Hunter's Specialties, Inc.*, 451 F.3d 841,
850-51 (Fed. Cir. 2006), the court upheld the exclusion of a prior art device that was identified as

27  invalidating prior art "shortly before trial commenced."   *See also Edizone, L.C. v. Cloud Nine*,

28      (footnote continued)

1   Magistrate Judge Grewal's Expert Exclusion Order (Dkt. 1216), courts have recognized that

2   contention interrogatories need not be answered until discovery is complete or nearly complete.

3   Indeed, Apple itself recently argued against exclusion of evidence in its own supplemental

4   response, served only 11 days earlier than Samsung's supplemental response, claiming that

5   Samsung had cited "no authority for excluding contentions timely disclosed in a party's pleadings

6   and discovery responses."   Dkt. 1206-1, at 16.   The fact that Apple's response was served two

7   days before the close of fact discovery makes no difference, as Apple agreed that Samsung could

8   supplement by March 19.

9        Rule 26(e)(1)(A), which forms the basis for Apple's exclusion request, does not require a

10  party to supplement a response to discovery with information that has "otherwise been made

11  known to the other parties during the discovery process or in writing."[4]   As demonstrated in the

12  Appendix attached as Exhibit 1 to the Martin Declaration filed in support of Samsung's Motion

13  for Relief from the Expert Exclusion Order (Dkt. 1216-1), every item of prior art was made known

---

15  2008 WL 584991 at *3-4 (D. Utah Feb. 29, 2008) (excluding prior art references disclosed at a
16  time when "discovery has long since passed," dispositive motions had already been decided, and
    where allowing the references would require reopening expert discovery and likely continuance)
17  *Transclean Corp. v. Bridgewood Services, Inc.*, 77 F. Supp. 2d 1045, 1060-64 (D. Minn. 1999)
    (excluding supplemental report disclosed more than one month after expert depositions, and more
18  than three months after expert report deadline); *Oracle USA, Inc. v. SAP AG*, 264 F.R.D. 541, 547-
    49 (N.D. Cal. 2009) (excluding lost profits theory that plaintiff had specifically disavowed in
19  discovery responses and representations to the court.); *Heidelberg Harris, Inc. v. Mitsubishi
20  Heavy Indus., Ltd.*, 1996 WL 680243, at *7-9 (N.D. Ill., Nov. 21, 1996) (excluding best mode
    defense where defendant's pleadings and interrogatory responses never specified which Section
21  112 defense defendant was asserting).
22     [4]   *Mike's Train House, Inc. v. Broadway Ltd. Imports, LLC*, 2012 WL 664498, at *13-14 (D.
    Md. Feb. 27, 2012) (supplemental expert report, served after close of fact discovery, made known
23  to plaintiff in writing non-infringement theory that defendant had not disclosed in contention
    interrogatories or opening expert reports); *Accenture Global Services v. Guidewire Software, Inc.*,
24  691 F. Supp. 2d 577, 588 (D. Del. 2010) (denying motion to strike reliance on documents which
    were made known to the opposing party through depositions and email correspondence, and were
25  the subject of discovery disputes.); *Abbott Labs. v. Sandoz, Inc.*, 743 F. Supp. 2d 762, 770-71
    (N.D. Ill. 2010) (refusing to strike defenses and prior art made known through expert reports and
26  depositions, but not interrogatory responses); *Transclean*, 77 F. Supp. 2d at 1062 (defendant's
27  disclosure of a non-infringement theory and two Section 102 references in expert reports "met its
    obligations under R. 26(e).")

**SAMSUNG'S MOTION TO CLARIFY PORTIONS OF THE COURT'S
JUNE 30, 2012 ORDER DENYING SAMSUNG'S MOTION FOR SUMMARY JUDGMENT**

to Apple either during the preliminary injunction proceedings (which Apple concedes would not support exclusion), motion practice, document production, or depositions.

For example:

- **Samsung F700**:   There is no dispute that Samsung disclosed the F700 in opposing Apple's motion for a preliminary injunction (Dkt 179, Ex. H), or that it was discussed throughout Samsung's opposition brief (Dkt. 181a, at 4, 8, 35);

- **Nokia Fingerprint Design:**   Apple conceded that Samsung listed Mr. Vilas-Boas, creator of the Nokia Fingerprint concept design, as a prior art witness in its January 29, 2012 amended initial disclosures, and produced a declaration from Mr. Vilas-Boas explaining the significance of his design in February, 2012.   (Dkt. 1054, at 12).   Apple also does not dispute that it deposed Mr. Vilas-Boas regarding his Fingerprint Design concept prior to the close of fact discovery (*Id.*);

- **035 Mockup of D'889 Design**:   This Court recently noted the 035 Mockup was disclosed during the preliminary injunction proceedings and Federal Circuit appeal. Dkt 1170, at 6.   This reference also was the subject of Samsung's motion to compel filed on October 28, 2011 (Dkt. 346a), and was the subject of extensive deposition testimony once it was produced in response to a Court Order.   (*See* Dkt. 1216-1, Ex. 2 at 6.);

- **Apple's "Brain Box" Display**:   Samsung moved to compel production of additional documents relating to Apple's "Brain Box" display on December 13, 2011 (Dkt. 487), and a number of witnesses were deposed regarding this reference during the fact discovery period (Dkt. 1216, Ex. 2 at 1);

- **D'037**:   Apple conceded that Samsung disclosed the D'037 design in its December 19, 2011 response to Apple's interrogatory no. 12 , (Dkt 1054, at 11; *see* Dkt. 1216-1 ¶ 11);

- **Bluebird Pidion and iRiver U10**:   Apple deposed third-party witnesses during fact discovery regarding the Bluebird Pidion and iRiver U10 (Dkt. 1011 ¶ 25; Dkt. 1216-1, Ex. 2 at 3, 7);

- **JP'221:**   JP'221 was disclosed in November, 2011 and then again in February, 2012 as prior art to the closely similar patents Apple asserted in the ITC investigation it initiated (*Id.* at 2).

Even if Apple could establish that a particular prior reference had not been "made known" during discovery, and should have been disclosed in a supplemental discovery response, it would not be entitled to exclusion because the non-disclosure was substantially justified or harmless. Rule 37(c)(1).   Apple admits that no prejudice can result where evidence is disclosed in time for the other side's experts to address it in their reports.   Dkt 1206-1 at 15 (arguing that "Samsung

**SAMSUNG'S MOTION TO CLARIFY PORTIONS OF THE COURT'S**
**JUNE 30, 2012 ORDER DENYING SAMSUNG'S MOTION FOR SUMMARY JUDGMENT**

1   was not in any way prejudiced by the timing of Apple's disclosure" of evidence in March 4, 2012

2   interrogatory response because Samsung's experts had the evidence before their reports were

3   issued).   That is the case here.   Apple cannot – and does not –dispute that every single prior art

4   reference was identified before expert discovery commenced, and most were disclosed weeks or

5   months earlier.   For most of the references at issue, Apple had a full opportunity to question

6   Samsung and third party witnesses about them.   For every reference, Apple had the opportunity to

7   address them at the depositions of Samsung's experts, and in their own rebuttal expert reports.

8   Apple also was able to address the evidence at summary judgment.   Courts have found a lack of

9   prejudice where evidence was disclosed much later.   *Abbott Labs. v. Lupin Ltd.*, 2011 WL

10  1897322, at *4-5 (D. Del. May 19, 2011) (finding lack of prejudice from defendant's disclosure of

11  new invalidity contentions in expert reports where plaintiff still had the opportunity to address the

12  arguments in rebuttal reports); *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 763

13  F. Supp. 2d 671, 691-92 (D. Del. 2010) (defendant was not prejudiced by infringement theory

14  articulated for first time in expert's rebuttal report because there was "sufficient time remaining to

15  permit [the expert] to be deposed on all of his opinions").

16      **C.**    **Barring Samsung From Introducing for Any Purpose The Prior Art Cited By**
            **Samsung's Design Experts Is An Extraordinary Sanction That Would**
17           **Seriously Prejudice Samsung's Defense And Should Not Be Granted Absent**
            **Bad Faith And Consideration Of Lesser Alternatives**
18

19           Because the only issue before Magistrate Judge Grewal was the potential exclusion of

20  portions of certain expert reports, Samsung has never had an opportunity to address the far more

21  expansive and severe remedy of an all-purpose exclusion of prior art, and in particular why the

22  Court could not, consistent with the relevant facts and legal standards, grant such a remedy in this

23  case.   Given the impact of exclusion of the prior art references on Samsung's ability to present

24  facts supporting its defenses to the jury, the Court would be required to consider whether

25  Samsung's non-compliance involved willfulness, fault, or bad faith, and to consider the

26  availability of lesser sanctions.   *R&R Sails, Inc. v. Insurance Co. of Pennsylvania*, 673 F.3d 1240,

27  1247 (9th Cir. 2012).   In *R&R*, the Ninth Circuit held that this heightened standard of review was

28  required where exclusion of attorneys' fee invoices that had not been produced in discovery would

be "particularly harsh, because it dealt a fatal blow not only to R&R's entire *Brandt* fees claim but also its request for punitive damages.   Thus in practical terms, the sanction amounted to dismissal of a claim." *Id.*   The same heightened standard has been applied where a requested Rule 37 exclusion would "inevitably rob Defendants of their entire case."   *Klund v. High Technology Solutions, Inc.,* 206 WL 549385, at *6 (S.D. Cal. Feb. 27, 2006) (declining request to exclude all evidence from which defendant could explain denial of medical benefits).   *See also Network Appliance, Inc. v. Bluearc Corp.*, 2005 WL 1513099 at * 3 (N.D. Cal. June 27, 2005) (Patel, J.) (applying heightened bad faith standard and denying request to exclude 15,000 pages of defendants' damages evidence produced on the last day of fact discovery).

If the Court were to deem inadmissible all of the prior art identified in Samsung's excluded expert reports, such a ruling would significantly impair Samsung's ability to defend at trial against Apple's design patent claims.   Absent the ability to rely on prior art, Apple would be left to argue that its designs alone disclose a device with rounded corners and a large display screen, or that it has a monopoly over the generalized design concepts of a rectangular shape, thin form factor, and relatively little ornamentation.   Aside from being contrary to law, *see OddzOn Products, Inc. v. Just Toys, Inc.,* 122 F.3d 1404, 1405 (Fed. Cir. 1997), Samsung would be unable to rebut this erroneous argument by introducing the numerous prior art references that disclose these same design elements.   Accordingly, Apple should be obligated to establish that Samsung acted in bad faith with regard to the timing of the prior art at issue, and there is no basis from which it could do so.   Nor could Apple show that lesser sanctions would be insufficient to remedy any claimed prejudice, including granting Apple additional deposition time, or monetary sanctions.   Indeed, Magistrate Judge Grewal's Expert Exclusion Order granted each side additional deposition time with regard to certain experts that were the subject of exclusion requests.   Dkt. 1144, at 3-4 (Gray); 6 (Wagner), 6-7 (Balakrishnan).   *See also* Dkt. 1213 (Judge Grewal rejected evidentiary preclusion and awarding monetary sanctions against Apple for violation of court discovery order in light of requirement to consider lesser sanctions).

1    IV.    **<u>CONCLUSION</u>**

2        For each of the foregoing reasons, Samsung respectfully requests that the Court clarify its

3    Summary Judgment Order to make clear that it is not interpreting Magistrate Judge Grewal's

4    Expert Exclusion Order to encompass evidence beyond the expert testimony that was the subject

5    of Apple's motion, and that the prior art references identified in the excluded portions of the

6    expert reports are not, by virtue of the Expert Exclusion Order, deemed inadmissible at trial.

7

8    DATED: July 17, 2012                QUINN EMANUEL URQUHART &
                                         SULLIVAN, LLP
9

10                                       By  */s/ Victoria F. Maroulis*
                                             Victoria F. Maroulis
11                                           Attorneys for SAMSUNG ELECTRONICS
                                             CO., LTD., SAMSUNG ELECTRONICS
12                                           AMERICA, INC., and SAMSUNG
                                             TELECOMMUNICATIONS AMERICA, LLC
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SAMSUNG'S MOTION TO CLARIFY PORTIONS OF THE COURT'S**
**JUNE 30, 2012 ORDER DENYING SAMSUNG'S MOTION FOR SUMMARY JUDGMENT**