UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California corporation,<br><br>Plaintiff and Counterdefendant,<br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., A Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants and Counterclaimants. | Case No.: 11-CV-01846-LHK<br><br>ORDER CONSTRUING DISPUTED CLAIM TERMS OF U.S. PATENT NOS. 7,469,381 and 7,864,163 |

In anticipation of the upcoming July 30, 2012 trial date, Samsung has requested an additional claim construction of two[1] disputed terms in U.S. Patent No. 7,469,381 ("'381 Patent") and U.S. Patent No. 7,864,163 ("'163 Patent"). The Court held a hearing, as well as a pretrial conference, on July 18, 2012. The Court has reviewed the claims, specifications, and other relevant evidence, and has considered the briefing and arguments of the parties. The Court now construes the terms at issue.

**A.  Legal Standard**

Claim construction is a question of law to be determined by the court. *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 979 (Fed. Cir. 1995) (en banc), *aff'd* 517 U.S. 370 (1996). In construing disputed terms, the court looks first to the claims themselves, for "[i]t is a 'bedrock principle' of patent law that 'the claims of a patent define the invention to which the patentee is entitled the right to exclude.'" *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312 (Fed. Cir. 2005) (en banc) (internal quotation marks omitted) (quoting *Innova/Pure Water, Inc. v. Safari Water*

---

[1] At the June 29, 2012 hearing, Samsung indicated that it also needed the term "invoke" to be construed. However, the Court construed this term in the Order Denying Samsung's Motion for Summary Judgment on June 30, 2012.

1

Case No.: 11-CV-01846-LHK
ORDER CONSTRUING DISPUTED CLAIM TERMS

1  *Filtration Sys., Inc.*, 381 F.3d 1111, 1115 (Fed. Cir. 2004)). Generally, the words of a claim should be given their "ordinary and customary meaning," which is "the meaning that the term[s] would have to a person of ordinary skill in the art in question at the time of the invention." *Id.* at 1312-13. In some instances, the ordinary meaning to a person of skill in the art is clear, and claim construction may involve "little more than the application of the widely accepted meaning of commonly understood words." *Id.* at 1314.

In many cases, however, the meaning of a term to a person skilled in the art will not be readily apparent, and the court must look to other sources to determine the term's meaning. *Id.* Under these circumstances, the court should consider the context in which the term is used in an asserted claim or in related claims, bearing in mind that "the person of ordinary skill in the art is deemed to read the claim term not only in the context of the particular claim in which the disputed term appears, but in the context of the entire patent, including the specification." *Id.* at 1313. Indeed, the specification is "'always highly relevant'" and "'[u]sually [] dispositive; it is the single best guide to the meaning of a disputed term.'" *Id.* at 1315 (quoting *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1582 (Fed. Cir. 1996)).

The court may also consider the patent's prosecution history, which consists of the complete record of proceedings before the United States Patent and Trademark Office ("U.S. PTO" or "PTO") and includes the cited prior art references. The court may consider prosecution history where it is in evidence, for the prosecution history "can often inform the meaning of the claim language by demonstrating how the inventor understood the invention and whether the inventor limited the invention in the course of prosecution, making the claim scope narrower than it otherwise would be." *Id.* at 1317 (internal citations omitted).

Finally, the court is also authorized to consider extrinsic evidence in construing claims, such as "expert and inventor testimony, dictionaries, and learned treatises." *Markman*, 52 F.3d at 980 (internal citations omitted). Although the court may consider evidence extrinsic to the patent and prosecution history, such evidence is considered "less significant than the intrinsic record" and "less reliable than the patent and its prosecution history in determining how to read claim terms." *Id.* at 1317-18 (internal quotation marks and citation omitted). Thus, while extrinsic evidence may

2

be useful in claim construction, ultimately "it is unlikely to result in a reliable interpretation of patent claim scope unless considered in the context of the intrinsic evidence." *Id.* at 1319.

**B.     Discussion**

**1.     "electronic document"**

This is the third time that this Court has been asked to construe a term from the '381 Patent.[2] In the preliminary injunction, the Court construed the terms "display" and "first direction" from independent claim 1. *See* December 2, 2011 Order at 51-55. In the April 4, 2012 Claim Construction Order, this Court construed the term "edge of [an or the] electronic document" to have its plain and ordinary meaning. In other words, the term "edge of [an or the] electronic document" could mean both an internal and external edge. Order Construing Disputed Claim Terms at 23, ECF No. 849. Samsung now requests that the Court construe the term "electronic document."

| Apple's Proposed Construction | Samsung's Proposed Construction |
|---|---|
| No construction necessary; OR<br><br>"a document stored in a digital format; for example, an 'electronic document' could be a web page, a digital image, a word processing, spreadsheet or presentation document, or a list of items in a digital format" | "content having a defined set of boundaries that can be visually represented on a screen" |

Apple has narrowed its trial claims and currently only asserts that the accused devices infringe claim 19 of the '381 Patent. Claim 19 of the '381 patent recites:

> 19. A device, comprising:
> a touch screen display;
> one or more processors;
> memory; and
> one or more programs, wherein the one or more programs are stored in the memory and configured to be executed by the one or more processors, the programs including:
>
> > instructions for displaying a first portion of an **electronic document**;
> >
> > instructions for detecting a movement of an object on or near the touch screen display;

---

[2] The application for the '381 Patent was filed on December 14, 2007, and the patent issued on December 23, 2008.

3

Case No.: 11-CV-01846-LHK
ORDER CONSTRUING DISPUTED CLAIM TERMS

> instructions for translating the **electronic document** displayed on the touch screen display in a first direction to display a second portion of the **electronic document**, wherein the second portion is different from the first portion, in response to detecting the movement;
>
> instructions for displaying an area beyond an edge of the **electronic document** and displaying a third portion of the **electronic document**, wherein the third portion is smaller than the first portion, in response to the edge of the **electronic document** being reached while translating the **electronic document** in the first direction while the object is still detected on or near the touch screen display; and
>
> instructions for translating the **electronic document** in a second direction until the area beyond the edge of the **electronic document** is no longer displayed to display a fourth portion of the **electronic document**, wherein the fourth portion is different from the first portion, in response to detecting that the object is no longer on or near the touch screen display.

'381 Patent 36:58-37:22 (emphasis added).

As an initial matter, the Court notes that the parties are able to agree, that whether something is an "electronic document" is context specific. Despite this initial agreement, however, the parties take two approaches to the claim construction. First, Samsung asserts a construction for the term "electronic document" by extrapolating from the examples of "electronic documents" provided in the claim terms and the specification. Apple argues that no construction is necessary, or alternatively, the Court should adopt a construction that defines an "electronic document" as a document "stored in a digital format." *See* Apple's Opening Claim Construction Br. ("Apple's Opening") at 4. With the parties' disagreements in mind, the Court turns now to the evidence presented.

### a.  Intrinsic Evidence

The claim terms and the specification provide only examples of what constitutes an "electronic document" without providing a clear definition of the term. For example, dependent claims 6 through 8, which depend from independent claim 1, explain that an electronic document may be a webpage; a digital image; or a word processing, spreadsheet, email or presentation document." '381 Patent 36:6-10. An "an electronic document" can also include a list of items. '381 Patent 36:11-12.

4

Case No.: 11-CV-01846-LHK
ORDER CONSTRUING DISPUTED CLAIM TERMS

1    The specification adds little to the definition of "electronic document," and mirrors the
2    examples given in the dependent claims.  For example, the specification states:  "In some
3    embodiments, the electronic document is a web page, as illustrated in FIGS. 8A-8D.  In some
4    embodiments, the electronic document is a digital image.  In some embodiments, the electronic
5    document is a word processing, spreadsheet, email, presentation document." '381 Patent 27:7-12;
6    *see also* '381 Patent 30:21-26.

While the examples provided by the claims and the specification may fit within Samsung's proposed construction of the term "electronic document," Samsung's construction is ultimately not useful to the jury.  As explained in the Court's April 2012 Claim Construction Order, Samsung's proposed use of the term "boundary" does not clarify the term.  Moreover, Samsung's proposal that the electronic document "*can be* visually represented on a screen" will not guide the jury in determining whether something is an electronic document.  Because this construction encompasses content that may or may not be visible on the screen, Samsung's proposal will add little to the jury's understanding of the term.

### b. Extrinsic Evidence

In contrast, in support of its claim construction Apple points to several extrinsic sources – specifically, dictionary definitions – to support its argument that an "electronic document" is "a document stored in a digital format."  For example, Apple cites to dictionary definitions that establish that an electronic document is (1) "in word processing, a text that can be *named and stored* as a separate entity;" (2) "a named, structural unit of text that can be *stored, retrieved, and exchanged among systems* and users as a separate unit;" (3) "*a document that is stored* on a computer, instead of printed on paper; or (4) "*[a] file created by a computer application*, especially that of a word processor."  *See* Ahn Decl. Exs. 2-4.

As a legal matter, extrinsic evidence is often less useful to claim construction than intrinsic evidence.  *Phillips*, 415 F.3d at 1317.  However, in light of the lack of intrinsic evidence in the record to guide the claim construction, the Court finds the extrinsic evidence provided by Apple to be a useful tool in understanding the term "electronic document."  From the extrinsic evidence, the Court determines that an "electronic document" is a document stored in a digital format.

5

Case No.: 11-CV-01846-LHK
ORDER CONSTRUING DISPUTED CLAIM TERMS

1    There are two additional issues with the claim construction that the Court must address. First, Samsung argues that there is no limitation in the claim language or the specification that establishes that an "electronic document" in claim 19 of the '381 Patent must be stored in a single location or file. Indeed, the fact that a webpage may be an electronic document under the claim language suggests that an electronic document may be composed of multiple files. This conclusion – that an electronic document need not be stored in a single file or location – is consistent with the Court's April 2012 Claim Construction Order. In that Order, the Court concluded that "Apple [had] not offered a limiting principle, rooted in the intrinsic evidence, to establish why an electronic document may not be nested in another electronic document" such as a digital image nested within a webpage. Order at 20-21, ECF No. 849. Indeed, at the hearing, Apple conceded that an "electronic document" is not limited to an "electronic document" that is stored in a single file. Thus, the Court does not include this additional limitation into the claim term.

Additionally, Apple argues that the Court should instruct the jury using the examples of "electronic document" given in the specification and dependent claims. *See* Apple's Opening at 3. While other Courts have rejected similar constructions, here the Court finds that the additional examples from the specification that may be given to the jury will aid the jury in understanding what an electronic document is. *See Keithley v. Homestorecom Inc.*, Case No. 03-0447-MJJ, 2007 WL 2701337 at *8 (N.D. Cal. Sept. 12, 2007); *Cisco Systems Inc. v. Teleconference Sys.*, *LLC,* Case No. 09-01550-JSW, 2011 WL 5913972 at *8 (N.D. Cal. Nov. 28, 2011). The Court recognizes Samsung's concern that including examples in the construction may lead to confusion if the jury interprets the list of examples as an additional limitation on the scope of the term. However, a carefully worded construction will avoid the potential jury confusion identified by Samsung. Accordingly, the Court construes an "electronic document" as **"a document stored in a digital format. An 'electronic document' includes, but is not limited to, a web page; a digital image; a word processing, spreadsheet or presentation document; or a list of items in a digital format."**

### 2. "structured electronic document"

1      The disputed term "structured electronic document" appears in Apple's '163 Patent. The
2  '163 Patent, entitled "Portable Electronic Device, Method, and Graphical User Interface For
3  Displaying Structured Electronic Documents," discloses a method for displaying a structured
4  electronic document on a touch screen display, detecting a gesture at a location on the display of
5  the document, and enlarging and centering the selected portion of the structured electronic
6  document. *See* '163 Patent, Abstract. The application for the '163 Patent was filed on September
7  4, 2007, and the patent issued on January 4, 2011.

| Apple's Proposed Construction | Samsung's Proposed Construction |
|---|---|
| No construction necessary; OR<br><br>"an 'electronic document,' as previously defined, that is formatted to differentiate particular blocks or boxes of content in the document from one another," with the clarification that "a 'structured electronic document' could be, for example, a web page, an HTML or XML document, or a document in which the blocks or boxes of content are defined by a style sheet language." | "an electronic document that includes at least one visual structural element" |

   Apple asserts that Samsung's accused devices infringe independent claim 50 of the '163
Patent. Independent claim 50 recites:

>   50. A portable electronic device, comprising:
>   a touch screen display;
>   one or more processors;
>   memory; and
>
>   one or more programs, wherein the one or more programs are stored in the memory and configured to be executed by the one or more processors, the one or more programs including:
>
>   instructions for displaying at least a portion of a **structured electronic document** on the touch screen display, wherein the **structured electronic document** comprises a plurality of boxes of content;
>
>   instructions for detecting a first gesture at a location on the displayed portion of the **structured electronic document**;
>
>   instructions for determining a first box in the plurality of boxes at the location of the first gesture;
>
>   instructions for enlarging and translating the **structured electronic document** so that the first box is substantially centered on the touch screen display;

7
Case No.: 11-CV-01846-LHK
ORDER CONSTRUING DISPUTED CLAIM TERMS

> instruction for, while the first box is enlarged, a second gesture is detected on a second box other than the first box; and
>
> instructions for, in response to detecting the second gesture, **the structured electronic document** is translated so that the second box is substantially centered on the touch screen display.

'163 Patent at 29:14-40 (emphasis added).

The parties agree that the term "electronic document" has the same meaning in both the '381 Patent and the '163 Patent. This is unsurprising as one of the inventors of the '163 Patent, Bas Ording, is the sole inventor of the '381 Patent. Moreover, the '381 Patent was filed in December 2007, while the '163 Patent was filed in September 2007. The central issue, then, is what additional limitation is added by the term "structured."

The intrinsic evidence provides guidance for the term "structured electronic document." The language in claim 50 explains that "wherein the structured electronic document comprises a plurality of boxes of content." '163 Patent 29:24-25. Thus, a structured electronic document must include two or more boxes of content. *See ResQNet.com, Inc. v. Lansa, Inc.*, 346 F.3d 1374, 1382 (Fed. Cir. 2003); *CIAS Inc. v. Alliance Gaming Corp.*, 504 F.3d 1356, 1360 (Fed. Cir. 2007). Both the claim language and the specification provide examples of "structured electronic documents." For example, a structured electronic document may be a web page, or an HTML or XML document. *See* '163 Patent 26:23-25; 16:25-29.

While the examples provided by the claims and the specification may fit within Samsung's proposed construction of the term "structured electronic document," the Court finds Samsung's construction ultimately unhelpful for the jury to understand the term. Samsung's construction includes the disputed claim term itself ("structural") and does not clarify its meaning. Moreover, the claim language itself, which provides "wherein the structured electronic document comprises a plurality of boxes of content" provides more guidance than Samsung's construction.

This begs the question as to whether a construction of this term is even necessary. The purpose of claim construction is to "determin[e] the meaning and scope of the patent claims asserted to be infringed." *Markman*, 52 F.3d at 976. "When the parties raise an actual dispute regarding the proper scope of these claims, the court, not the jury, must resolve that dispute." *O2*

8

1  *Micro Intern. Ltd. v. Beyond Innovation Tech. Co., Ltd.*, 521 F.3d 1351, 1360 (Fed. Cir. 2008)

2  (citing *Markman*, 52 F.3d at 979 (holding that claim construction is a matter of law)). However,

3  while claim construction involves determining the scope of the claim terms as a matter of law, it is

4  not the task of the court to determine whether prior art discloses the claim limitations. *Cf. PPG*

5  *Indus. v. Guardian Indus. Corp.*, 156 F.3d 1351, 1355 (Fed. Cir. 1998) (A court may not, "under

6  the rubric of claim construction, [] give a claim whatever additional precision or specificity is

7  necessary to facilitate a comparison between the claim and the [anticipatory reference]. . . . the task

8  of determining whether the [reference discloses the claim limitation] is for the finder of fact.").

9  In this case there is no actual dispute between the parties regarding the scope of the claim

10 term. Rather, the dispute between the parties is whether the prior art reference LaunchTile

11 discloses a "structured electronic document" and thus anticipates the '163 Patent. As the Court

12 explained in the order denying Samsung's motion for summary judgment: "[a]lthough Samsung

13 attempts to frame the issue as one of claim construction, the issue appears to be a factual dispute

14 regarding what exactly the 'zoomspace' is." Order Denying Motion for Summary Judgment at 27,

15 ECF No. 1158. The claim language itself provides more guidance on the subject than Samsung's

16 proposed construction or Apple's alternative proposed construction. Accordingly, no construction

17 is necessary for the term "structured electronic document."

18 **IT IS SO ORDERED.**

19 Dated: July 20, 2012

    _____
    LUCY H. KOH
    United States District Judge