UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | Case No.: 11-CV-01846-LHK |
| Plaintiff, | MINUTE ORDER AND CASE MANAGEMENT ORDER |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD., A Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendants. | |

Clerk:  Martha Parker Brown
Reporter:  Lee-Anne Shortridge
Length of hearing: 2 hrs 35 min

Plaintiff Attorneys: Harold McElhinny, Michael Jacobs, Mark Selwyn, and William Lee
Defense Attorneys: Charles Verhoeven, Victoria Maroulis, Kevin Johnson, Charlie Price, and Michael Zeller.

    A case management conference was held on July 18, 2012.  A pre-trial conference is set for July 24, 2012 at 1:30 p.m.  At the case management conference on July 18, 2012, the following rulings were made orally:

FINAL PRETRIAL CONFERENCE: The topics to be covered at the conference on July 24, 2012 will be the design patent claim construction, the verdict form, the jury instructions, and any issues regarding the parties' July 23, 2012 filings.

VERDICT FORM: The parties shall file a joint proposed verdict form by July 23, 2012 at noon.

JURY INSTRUCTIONS: The Court will file a proposed set of preliminary jury instructions by Monday, July 23, 2012 so that the parties may comment on, and finalize the instructions at the July 24, 2012 pretrial conference.

JURORS: The Court will empanel 10 jurors.  Each side may exercise up to 4 peremptory challenges.

VOIR DIRE: The Court will conduct voir dire.  The Court will allow 20 minutes of attorney voir dire for each side.

OPENING STATEMENT/CLOSING ARGUMENTS: The parties shall have 1.5 hours each for opening statements.  The parties shall have 2.0 hours each for closing arguments.

REPRESENTATIVE PRODUCTS: The parties shall meet and confer in an attempt to reach an agreement on the use of representative products so that the number of accused devices may be narrowed for trial.  The parties shall file a notice by Monday July 23, 2012 at noon, indicating whether they have been able to reach an agreement on these issues.

Case No.: 11-CV-01846-LHK
MINUTE ORDER AND CASE MANAGEMENT ORDER

WITNESSES: The parties are required to submit revised witness lists by July 23, 2012 at noon. Each side must limit the number of witnesses on its list to 50 witnesses. Each side shall also limit the number of depositions designations to 45 witnesses and no more than 25 hours of deposition. Depositions conducted after the close of discovery without the authorization of Judge Grewal or stipulation of the parties is not admissible. When the witness is a party's employee, the Court prefers the presentation of live testimony. Rule 30(b)(6) witnesses and managing agent testimony may be presented by deposition.

EXHIBITS: The parties shall stipulate to a joint exhibit list of no more than 100 exhibits. Both parties must agree on the exhibits' admissibility for the exhibit to be added to the joint exhibit list. Each side may also have individual exhibit lists of no more than 200 exhibits each. The parties shall serve and file their new lists by Monday, July 23, 2012 at noon.

PROCEDURE FOR OBJECTIONS: The following procedure of notification regarding witnesses, exhibits, and demonstratives shall be employed at trial. The parties are required to give notice, by 7:00 p.m. two days before the trial day, of the witnesses, exhibits, and demonstratives it intends to use. By 2:00 p.m. the next day, the opposing party shall designate the exhibits it intends to use during cross-examination. Exhibits not disclosed by this procedure will not be allowed during the trial, unless the party seeking to use the un-disclosed exhibit shows good cause. Objections to witnesses, exhibits, or demonstratives shall be filed no later noon the day before the witness is to testify.

SAMSUNG'S ADDITIONAL EVIDENTIARY OBJECTIONS:
- Samsung's motion to exclude evidence that Michael Wagner's opinions were excluded in the Motorola case is GRANTED.
- Samsung's motion to exclude Apple's offer to license its declared-essential patents produced after the close of discovery is DENIED. Samsung is allowed to take no more than 2 hours of deposition regarding the late produced letter.
- Samsung's motion to exclude evidence related to the Galaxy S (i9000) and Galaxy Ace is DENIED.
- Samsung's motion to exclude reference to and testimony regarding irreparable harm to Apple is DENIED without prejudice. The Court will make a case-by-case determination regarding whether specific evidence is admissible.

THE FJC PATENT VIDEO: The Court will show the FJC Patent video to the jury. The parties shall meet and confer and craft a joint statement to be read to the jury that explains that design patents are entitled to the same presumptions and protections as utility patents. The parties shall file the statement by July 23, 2012 at noon.

TRANSLATIONS: The parties shall meet and confer and attempt to resolve any remaining issues regarding translations of documents. The parties must provide redlines to show word or phrase objections. The parties shall file a statement by Wednesday, July 25, 2012 at 10:00 a.m. if they are unable to resolve the dispute.

POST VERDICT PROCEEDINGS: The parties shall meet and confer and propose a schedule for post-verdict proceedings. The parties shall file a preliminary statement by August 1, 2012 proposing post-verdict proceedings.

MOTIONS IN LIMINE: After reviewing the parties' briefing, considering the parties' oral arguments and the record in this case, and balancing the considerations set forth in Federal Rule of Evidence 403 ("FRE 403"), the Court made the following rulings on the motions in limine on the record.

Case No.: 11-CV-01846-LHK
MINUTE ORDER AND CASE MANAGEMENT ORDER

1. Apple's motion in limine #1, to exclude Apple design model 035, and photos of it, because it's not related to scope of D'889, is DENIED, for the reasons stated on the record.

2. Apple's motion in limine #2, to exclude non-prior art Apple or Samsung design patents is GRANTED, for the reasons stated on the record.

3. Apple's motion in limine #3, to exclude evidence or argument regarding claimed prior art devices that do not qualify as prior art, is GRANTED in part and DENIED in part, for the reasons stated on the record. The motion is GRANTED in that the following may not be introduced as prior art references under 35 U.S.C. § 102: KR30-0452985; Sharp Softbank; KU990Viewty; LG KS20; and the internal Samsung documents; the LG Chocolate; and the F300. The motion is DENIED in all other respects. In other words, the LG KE 750 Prada may be admissible as a prior art reference under 35 U.S.C. § 102. All the evidence identified in this paragraph is admissible for other purposes, including to rebut an allegation of copying.

4. Apple's motion in limine #4, to exclude the use of partial or misleading views (i.e. a single two-dimensional view) of designs, or deposition testimony that involves the use of partial or misleading views, is DENIED, without prejudice, for the reasons stated on the record.

5. Apple's motion in limine #5, to exclude evidence that Samsung received legal advice regarding the parties at issue in this case, is GRANTED, for the reasons stated on the record.

6. Apple's motion in limine #6, to exclude evidence of how other courts or tribunals have construed or ruled on any Apple or Samsung patents, is GRANTED, for the reasons stated on the record.

7. Apple's motion in limine #7, to exclude any evidence or arguments regarding statements made by Steve Jobs to Walter Isaacson in his biography, is GRANTED, for the reasons stated on the record.

8. Apple's motion in limine #8, to exclude evidence or argument as to parties' corporate behavior or financial circumstances is DENIED, for the reasons stated on the record. While Samsung may reference the number of hours worked by individuals who manufactured Apple products, as this evidence is relevant to Apple's capability to meet demand, Samsung may not make reference to alleged working condition abuses.

9. Apple's motion in limine #9, to exclude Samsung from offering profits calculations based on a tax agreement with the IRS is DENIED, for the reasons stated on the record.

10. Apple's motion in limine #10, to exclude evidence of Apple's acquisition of "Fingerworks," is GRANTED, for the reasons stated on the record.

11. Samsung's motion in limine #1, to exclude evidence or argument not tied to the specific IP rights claimed by Apple in this action, is GRANTED in part and DENIED in part, for the reasons stated on the record. The motion is GRANTED with respect to evidence related to Apple Brand, and evidence that Samsung shared confidential business information, but is DENIED with respect to evidence of media coverage of Apple

Case No.: 11-CV-01846-LHK
MINUTE ORDER AND CASE MANAGEMENT ORDER

products and evidence of copying of Apple's designs. Evidence related to Steve Jobs will generally be excluded unless it is specifically relevant to the IP rights at issue in the case, although the Court will make that determination on a case-by-case basis.

12. Samsung's motion in limine #2, to exclude out-of-court third-party statements about purported similarities or purported confusion, is DENIED in part and GRANTED in part, for the reasons stated on the record. The consumer confusion surveys Samsung seeks to exclude show that Samsung was on notice of potential consumer confusion, which is relevant to knowledge, intent, and willfulness for Apple's trade dress and design infringement claims. The survey evidence is also admissible to establish consumer confusion, which is relevant to Apple's trade dress claims. Apple has established either that the statements are not hearsay or are admissible under a hearsay exception. Although this evidence is generally admissible, there is one survey that is not admissible for all purposes. Because the TV ad survey cited by Samsung relates to the Tab 7.0, a product no longer being asserted in the case, evidence of consumer confusion is not relevant to any of Apple's claims. However, this specific consumer confusion survey can be used to establish intent, willfulness, and knowledge.

13. Samsung's motion in limine #3, to exclude accused devices, contentions, theories, and witnesses not timely disclosed in infringement contentions or interrogatory responses is DENIED in part and GRANTED in part, for the reasons stated on the record. Samsung's motion to exclude Apple's utility patent infringement claims against the Epic 4G Touch, Skyrocket, Gravity Smart, and Galaxy S Showcase i500 is GRANTED. The motion is DENIED in all other respects.

14. Samsung's motion in limine #4, to exclude reference to findings or rulings in other proceedings not involving the patents at issue in this case, is GRANTED, for the reasons stated on the record.

15. Samsung's motion in limine #5, to exclude disputes and rulings in this action, including discovery disputes and the preliminary injunction ruling is GRANTED in part and DENIED in part. (1) With respect to this Court and the Federal Circuit's rulings on the preliminary injunction, the Court concludes that this evidence is of limited probative value, and the prejudicial effect to Samsung would greatly outweigh any relevance for the jury. On the one hand, the Federal Circuit in *In re Seagate* explained that "willful infringement in the main must find its basis in prelitigation conduct." 497 F.3d 1360, 1374 (Fed. Cir. 2007). Moreover, the Federal Circuit also recognized that "whether a willfulness claim based on conduct occurring solely after litigation began is sustainable will depend on the facts of each case." *Id*. While the Court agrees that the litigation conduct at issue could be somewhat probative of Samsung's willfulness, because "in the main" the basis of willful infringement must occur in prelitigation, the evidence is of limited value. On the other hand, there is a strong likelihood that the jury would give undue weight to the rulings of this Court and the Federal Circuit, when the jury is, in fact, the final arbiter of the factual questions in this case. Moreover, admitting these rulings into evidence would likely confuse the issues and waste time because it would likely devolve into a litigation within a litigation where the parties present evidence regarding what evidence was before which tribunal. The parties would also have to distinguish the different standards of proof in a preliminary injunction motion versus at trial. Accordingly, the evidence of the preliminary injunction rulings are excluded on the basis of FRE 403. (2) Similarly, the evidence that Samsung was sanctioned for withholding documents of relating to copying and consumer surveys, and source code is

Case No.: 11-CV-01846-LHK
MINUTE ORDER AND CASE MANAGEMENT ORDER

also arguably probative of willfulness, but suffers from the same issues related to the preliminary injunction rulings.  The discovery sanctions are litigation related conduct, which does not serve as the main basis for a willful infringement finding.  In comparison to the limited probative value of the discovery sanctions, the unfair prejudice to Samsung and the risk of confusion of the issues for the jury is high.  The jury may simply assume that Samsung is liable based on discovery misconduct, instead of based on the merits of the action.  In light of this, the Court weighs the probative value of the evidence against the danger of unfair prejudice and determines that this evidence of discovery misconduct should be excluded under Federal Rule of Evidence 403.  (3) Finally, evidence of Samsung's failures to disclose accurate financial data in discovery is relevant for Apple's damages claim.  This evidence is relevant because it calls into doubt the veracity of the calculations and data relied upon by Samsung in its damages calculations.  In weighing the evidence under FRE 403, the prejudicial effect of the disclosing to the jury discovery conduct is outweighed by the probative value of the evidence of the financial data errors.  Therefore, evidence of Samsung's failures to disclose accurate financial data in discovery is admissible.   These rulings have no bearing on the adverse inference jury instruction motion before Judge Grewal.

16. Samsung's motion in limine #6, to exclude generalizations regarding the operation of accused Samsung products is DENIED, for the reasons stated on the record.

17. Samsung's motion in limine #7, to exclude resized or altered photos of samsung products in side-by-side product comparisons is DENIED, without prejudice, for the reasons stated on the record.

18. Samsung's motion in limine #8, to exclude any evidence of pre-filing notice other than identified in Apple's interrogatory response and provisionally exclude Mr. Musika's opinions on pre-filing damages unless and until Apple makes a *prima facie* showing of entitlement to such damages, is DENIED, for the reasons stated on the record.

19. Samsung's motion in limine #9, to exclude evidence of Samsung's overall revenues, profits, wealth and value and evidence or argument that Samsung has paid lower taxes than it should have, is DENIED, for the reasons stated on the record.  However, Samsung's motion is GRANTED to the extent Samsung seeks to exclude any argument that the tax arrangement with the United States government is a form of tax evasion.

20. Samsung's motion in limine #10, to exclude evidence and argument that Apple is presently licensed to the declared essential patents-in-suit**,** is GRANTED, for the reasons stated on the record.

The following pretrial schedule remains as set:

| July 23, 2012 | File revised verdict forms, a statement regarding narrowed accused devices, revised witness lists, and revised joint and separate exhibit lists |
|---|---|
| July 24, 2012 at 1:30 p.m. | Final Pretrial Conference (Jury Instructions and Verdict Form) |
| July 25, 2012 | File and serve objections to counterdesignations of deposition testimony and file statement regarding status of translation disputes |

Case No.: 11-CV-01846-LHK
MINUTE ORDER AND CASE MANAGEMENT ORDER

| July 27, 2012 | Deliver Jury Books to the Court |
| July 30, 2012 at 9:00 a.m. | Jury Trial |

**IT IS SO ORDERED.**

Dated: July 19, 2012

_____
LUCY H. KOH
United States District Judge

Case No.: 11-CV-01846-LHK
MINUTE ORDER AND CASE MANAGEMENT ORDER