1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California corporation, ) | Case No.: 11-CV-01846-LHK |
| ) | |
| Plaintiff, ) | ORDER DENYING MOTIONS TO |
| v. ) | SEAL AND REMOVE INCORRECTLY |
| ) | FILED DOCUMENTS |
| SAMSUNG ELECTRONICS CO., LTD., a ) | |
| Korean corporation; SAMSUNG ) | |
| ELECTRONICS AMERICA, INC., a New York ) | |
| corporation; SAMSUNG ) | |
| TELECOMMUNICATIONS AMERICA, LLC, ) | |
| a Delaware limited liability company, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

19      Before the Court are several administrative motions to seal documents and to remove

20   incorrectly filed documents. *See* ECF Nos. 1160, 1150, 1147, 1132, 1080, 1123, 1039, 1033, 1035,

21   1039, and 953[1] ("Motions to Seal").

22      Courts have historically recognized a "general right to inspect and copy public records and

23   documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc*., 435 U.S.

24   589, 597 & n. 7 (1978). "Unless a particular court record is one 'traditionally kept secret,'" courts

25   generally apply "a 'strong presumption in favor of access.'" *Kamakana v. City & Cnty. of*

26   *Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*,

27

28

---

[1]  In light of the Court's Order Denying without prejudice the administrative motions to seal at
ECF No. 1256, Samsung's request for an extension of time to file Civil Local Rule 79-5(d)
declarations to seal documents is DENIED as moot.  *See* ECF No. 1150.

1

Case No.: 11-CV-01846-LHK
ORDER DENYING MOTIONS TO SEAL

331 F.3d 1122, 1135 (9th Cir. 2003)).  Where a party seeks to file under seal documents attached

only to a non-dispositive motion, however, a showing of "good cause" often outweighs the public's

interest in access, because "the public has less of a need for access to court records attached only to

non-dispositive motions because those documents are often unrelated, or only tangentially related,

to the underlying cause of action."  *Id*. at 1179 (internal quotation marks and citations omitted).

By contrast, where a party seeks to file under seal documents attached to a dispositive

motion, the strong presumption of public access can be overcome only by an "'articulat[ion of]

compelling reasons supported by specific factual findings," and the Court must "'conscientiously

balance[] the competing interests' of the public and the party who seeks to keep certain judicial

records secret."  *Id*. at 1178-79 (quoting *Foltz*, 331 F.3d at 1135).  "A 'good cause' showing will

not, without more, satisfy a 'compelling reasons' test."  *Id*. at 1180.  The Ninth Circuit has

explained that "compelling reasons" that justify sealing court records generally exist "when such

'court files might have become a vehicle for improper purposes,' such as the use of records to

gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets."

*Id*. at 1179 (quoting *Nixon*, 435 U.S. at 598).  "The mere fact that the production of records may

lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without

more, compel the court to seal its records."  *Id*. (citing *Foltz*, 331 F.3d at 1136).  "Unlike private

materials unearthed during discovery, judicial records are public documents almost by definition,

and the public is entitled to access by default.  This fact sharply tips the balance in favor of

production when a document, formerly sealed for good cause under Rule 26(c), becomes part of a

judicial record."  *Id*. at 1180 (internal citation omitted).

The pending Motions to Seal relate to the preliminary injunction, Samsung's motion to stay

the preliminary injunction, or the potential evidence at trial.  Although the preliminary injunction

and Samsung's motion to stay are non-dispositive, they cannot fairly be characterized as

"unrelated, or only tangentially related, to the underlying cause of action."  *Kamakana*, 447 F.3d. at

1179.  To the contrary, these motions implicate the very core of Apple's claims and Apple's

desired relief in bringing suit against Samsung.  As evidenced by the plethora of media and general

2

Case No.: 11-CV-01846-LHK
ORDER DENYING MOTIONS TO SEAL

1    public scrutiny of the preliminary injunction proceedings, the public has a significant interest in

2    these court filings, and therefore the strong presumption of public access applies.

3         Regarding the motion to seal potential evidence at trial, the Court has made clear to the

4    parties that all evidence introduced at trial will be open to the public, with the narrow exception of

5    "exceptionally sensitive information that truly deserves protection." Order at 2, ECF No. 1256

6    (citing *Oracle Am. v. Google, Inc*., No. 10-CV-03561-WHA, at ECF No. 540). With a July 30,

7    2012 trial date, this case has reached a stage of the proceedings where "the presumption of

8    openness will apply to all documents[,] and only documents of exceptionally sensitive information

9    that truly deserve protection will be allowed to be redacted or kept from the public." ECF No.

10   1256 at 3.

11        Therefore, the Court now determines that the strong public interest in the proceedings in

12   this case merits imposition of the heightened "compelling reasons" standard on the pending

13   Motions to Seal that governs the sealing of documents attached to dispositive motions or evidence

14   submitted in trial. *See Kamakana*, 447 F.3d at 1178-79.

15        The Court has reviewed the Motions to Seal. While some of the information may have

16   been sealable under the more pliant "good cause" standard, much of it failed to meet even that

17   lower burden. For example, some of the information sought to be sealed includes names of

18   document custodians, descriptions of features of devices, and photographs of items that are in the

19   public record. Moreover, none of the information sought to be sealed satisfies the more stringent

20   "compelling reasons" standard. In light of these findings, the Court DENIES the pending

21   administrative motions to seal and to remove incorrectly filed documents.

22   **IT IS SO ORDERED.**

23   Dated: July 20, 2012

_____
LUCY H. KOH
United States District Judge

Case No.: 11-CV-01846-LHK
ORDER DENYING MOTIONS TO SEAL

**United States District Court**
For the Northern District of California