# EXHIBIT A

1  HAROLD J. MCELHINNY (CA SBN 66781)
   hmcelhinny@mofo.com
2  MICHAEL A. JACOBS (CA SBN 111664)
   mjacobs@mofo.com
3  JENNIFER LEE TAYLOR (CA SBN 161368)
   jtaylor@mofo.com
4  ALISON M. TUCHER (CA SBN 171363)
   atucher@mofo.com
5  RICHARD S.J. HUNG (CA SBN 197425)
   rhung@mofo.com
6  JASON R. BARTLETT (CA SBN 214530)
   jasonbartlett@mofo.com
7  MORRISON & FOERSTER LLP
   425 Market Street
8  San Francisco, California 94105-2482
   Telephone: (415) 268-7000
9  Facsimile: (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

10 Attorneys for Plaintiff and
   Counterclaim-Defendant APPLE INC.

11

12                    UNITED STATES DISTRICT COURT

13                   NORTHERN DISTRICT OF CALIFORNIA

14                          SAN JOSE DIVISION

15

16 | APPLE INC., a California corporation,          | Case No.   11-cv-01846-LHK (PSG)
17 |                     Plaintiff,                  | **APPLE'S STATEMENT REGARDING JULY 18, 2012 PRETRIAL CONFERENCE**
18 |        v.
19 | SAMSUNG ELECTRONICS CO., LTD., A Korean business entity; SAMSUNG
20 | ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG
21 | TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,
22 |
23 |                     Defendants.

24

25

26

27

28

1    During the July 18, 2012 Pretrial Conference, counsel for Samsung said that it currently had pending before the Court a motion for relief from Judge Grewal's May 4, 2012 Order Granting Apple's Motion for 37(b)(2) Sanctions Re December 22 Discovery Order (Dkt. No. 898).  Apple disagrees and believes that the Conditional Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge ("Conditional Motion") Samsung filed on May 18, 2012, was deemed denied no later than July 3, 2012, and Samsung never sought relief from Judge Grewal's June 19, 2012 Order Clarifying May 4, 2012 Order (Dkt. No. 1106) ("Clarification Order"), which provided Samsung the clarification it sought.

Under Civil Local Rule 72-2, Samsung's Conditional Motion would have been deemed denied on June 1, 2012 because the Court did not issue a separate order denying that motion or setting a briefing schedule.  To the extent that the 14 day period was tolled until Judge Grewal issued his Clarification Order, Samsung's Conditional Motion would have been deemed denied on July 3, 2012.  Samsung could have filed a subsequent motion for relief after receiving Judge Grewal's Clarification Order, but under Federal Rule of Civil Procedure 72(a), the deadline for that motion was July 3, 2012.  No such motion was filed.

For these reasons, Samsung is incorrect that there is a pending motion for relief from Judge Grewal's May 4th or June 19th orders.

Dated: July _____, 2012                    MORRISON & FOERSTER LLP

                                           By: _____
                                                MICHAEL A. JACOBS

                                           Attorneys for Plaintiff
                                           APPLE INC.