**PROPOSED FINAL JURY INSTRUCTION NO. 59**
**DESIGN AND UTILITY PATENTS--WILLFUL PATENT INFRINGEMENT**

**Apple's Proposed Instruction**

Apple argues that Samsung willfully infringed Apple's design and utility patents, and Samsung argues that Apple willfully infringed Samsung's patents.  I previously instructed you regarding a type of "willfulness" in the context of Apple's claim that Samsung has diluted certain Apple trade dresses.  The type of "willfulness" that I explain here is different.

To prove an accused infringer willfully infringed one of its patents, each patent-holder must first persuade you that the other side infringed a valid and enforceable claim of an asserted patent.  In addition, each patent holder must prove by clear and convincing evidence that the alleged infringer acted with reckless disregard of the patent holder's patent.  To demonstrate this, the patent holder must persuade you that the alleged infringer knew, or it was so obvious that the alleged infringer should have known, that its actions infringed a valid patent.  In deciding this question, you should consider all of the facts surrounding the alleged infringement.

Factors that may indicate that the alleged infringer was not willful include whether it acted in a manner consistent with the standards of commerce for its industry.  Factors that may indicate that the alleged infringer was willful include whether it intentionally copied a product of the patent holder covered by the patent.

Additional factors you may consider as evidence that Samsung was willful include:

(1) That Samsung was sanctioned in this case for disobeying three Court orders directing it to produce (a) documents relating to consumer surveys and whether Samsung copied from Apple, (b) source code, and (c) financial information;

(2) That Samsung continued to sell the Galaxy S 4G and Infuse 4 phones after the Court found in December 2011 that (a) these products likely infringe the D'677 patent; and (b) Samsung had not raised a substantial question regarding the validity of the D'677 patent; and

(3) That Samsung continued to sell the Infuse 4G, Galaxy S 4G, and Droid Charge phones, and the Galaxy Tab 10.1 tablet, after the Court found in December 2011 that (a) these products likely infringe the '381 patent; and (b) Samsung had not raised a substantial question regarding the validity of the '381 patent.

(4) That Samsung continued to sell the above-mentioned phones and tablets after the United States Court of Appeals for the Federal Circuit announced its decision on May 14, 2012.  On that date the Court of Appeals affirmed this Court on the '677 patent and the '381 patent, and reached a similar conclusion on the '087 patent and the '899 patent.

In determining whether the alleged infringer knew, or it was so obvious that the alleged infringer should have known, that its actions infringed a valid patent, you should keep in mind that the knowledge requirement can be satisfied by showing that the alleged infringer was willfully blind. In order to show that the alleged infringer willfully blinded itself to a fact, the patent-holder must show that:

1. the alleged infringer subjectively believed that there was a high probability that a fact existed; and

2. the alleged infringer took deliberate actions to avoid learning of that fact.


In this context, to show that the alleged infringer willfully blinded itself about whether its actions infringed a valid patent, the patent-holder must show that the alleged infringer subjectively believed that there was a high probability it was infringing and took deliberate actions to avoid learning if that was the case.

**Source**

Adapted from N.D. Cal. Model Patent Jury Instr. B.3.10.

**Authorities**

35 U.S.C. § 284; *In re Seagate Tech., LLC* ("Seagate"), 497 F.3d 1360, 1371 (Fed. Cir. 2007) (en banc) (standard for willful infringement); *Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp.*, 383 F.3d 1337, 1345 (Fed. Cir. 2004) (*en banc*); *Crystal Semiconductor Corp. v. Tritech Microelectronics Int'l, Inc.*, 246 F.3d 1336, 1346 (Fed. Cir. 2001); *WMS Gaming Inc. v. Int'l Game Tech.*, 184 F.3d 1339, 1354 (Fed. Cir. 1999); *Gustafson, Inc. v. Intersystems Indus. Prods., Inc.*, 897 F.2d 508, 510 (Fed. Cir. 1990); *Read Corp. v. Portec, Inc.*, 970 F.2d 816, 826-827 (Fed. Cir. 1992); *C.R. Bard Peripheral Vascular, Inc. v. W.L. Gore & Assocs.*, No. 2010-1510, 2012 U.S. App. LEXIS 13561, at *6-7 (Fed. Cir. June 14, 2012) (the *Seagate* subjective prong is an issue of fact); *Global-Tech Appliances, Inc., v. SEB S.A.,* 131 S. Ct. 2060, 2069 (2011) ("Given the long history of willful blindness and its wide acceptance in the Federal Judiciary, we can see no reason why the doctrine should not apply in civil lawsuits for induced patent infringement under 35 U.S.C.§ 271(b)."); *ePlus, Inc. v. Lawson Software, Inc.,* No. 3:09cv620, 2011 WL 3584313, at *5 (E.D. Va. Aug. 12, 2011) ("Knowledge of the patent may be established by a finding that [the alleged infringer] had actual knowledge of the patent or that [the alleged infringer] deliberately disregarded a known risk that ePlus had a protective patent."); *Itar-Tass Russian News Agency v. Russian Kurier,* No. 95-Civ-2144 (JGK), 1997 U.S. Dist. LEXIS 8297, at *3-4 (S.D.N.Y. June 10, 1997) (copyright infringement was blatant and willful when defendant continued to publish articles not covered by a preliminary injunction); *SEB, S.A. v. Montgomery Ward & Co.,* 412 F. Supp. 2d 336, 337, 344 (S.D.N.Y. 2006) (a reasonable jury could consider the fact that a defendant continued to sell a redesigned product after a preliminary injunction finding infringement for purposes of determining intent and induced infringement under § 271(b)); *Cordis Corp. v. Boston Sci. Corp.,* No. 03-27-SLR, 2010 U.S. Dist. LEXIS 7197, at *7-8 (D. Del. Jan. 28, 2010) (jury given summary of preliminary injunction for purposes of willfulness under *Seagate*).

**Samsung's Objection to Apple's Instruction**

Apple's instruction is contrary to the Court's order of July 20, 2012.  Samsung objects to Apple's one-sided Instruction in that it identifies the results of specific discovery motions and preliminary injunction rulings, which are of limited probative value and would result in extreme prejudice to Samsung, as the Court recognized in ruling on Samsung's Motion in Limine No. 5.  (Dkt. 1267 at 4-5).  The Court accordingly excluded evidence of the preliminary injunctions rulings.  The Court similarly excluded evidence of two of the sanctions orders referenced in Apple's proposed instruction, and limited Apple's use of the sanctions order regarding financial data to questioning the accuracy of Samsung's damages calculations.  The four "additional factors" in Apple's instruction run afoul of this Order, and Apple's proposed instruction should therefore be rejected.  Moreover, both sides in this action have presented a number of discovery disputes for resolution by the Court.  Both sides have prevailed on some but not others.  Both sides have been sanctioned by Magistrate Judge Grewal.  In none of these disputes has the Court imposed any remedy of which the jury should be made aware:  there have been no deemed findings of fact, and no adverse inference instructions.  Accordingly, the mere fact that discovery disputes arose and the results of those disputes, whether they be motions to compel, motions for sanctions, orders on motions to compel or orders on motions for sanctions, which happen in every major litigation, is of no relevance to any issue to be decided by the jury and will likely distract the jury from the dispositive issues of the case.  In sum, Apple's jury instruction amounts to attorney argument and

should be disregarded.  Samsung's Alternative to Apple's Proposed Final Instruction No. 59 follows the Federal Circuit Model Patent Jury Instruction for Willful Infringement.  Samsung believes that this instruction, though similar to the Northern District of California's instruction, provides more information and assistance to the jury in that describes more of the factors that should be considered when determining willful infringement.  In addition, Samsung' Alternative to Apple's Proposed Final Instruction No. 59 does not contain prejudicial attorney argument and incorporates the Federal Circuit's recent *Bard* decision.  Therefore, Apple's Instruction should be rejected in favor of Samsung's Alternative to Apple's Proposed Final Instruction No. 59 immediately below.  If, however, the Court is inclined to include a reference in the jury instructions to the financial data sanctions order notwithstanding the Court's ruling on Samsung's Motion in Limine No. 5 and the reasons cited above for rejecting Apple's proposed instruction, the Court should instruct the jury that Apple has also been sanctioned to ensure the jury gives proper weight to fact that sanctions were issued.  In that event, Samsung would propose that the following language be added to the end of Samsung's proposed instruction:

"An additional factor you may consider in determining whether the alleged infringer acted recklessly is that Samsung was sanctioned in this case for not timely producing certain financial information per a Court order,  and Apple was likewise sanctioned in this case for failing to produce transcripts of testimony pertaining to Apple's patents.  You may not consider this information for the purposes of liability or damages; but only for the question of willfulness."

To be clear, however, Samsung believes that any reference to sanctions in the jury instructions is extremely prejudicial and will only confuse the jury and that Samsung's proposed instruction below should be adopted.

**Samsung's Proposed Instruction**

In this case, Apple argues both that Samsung infringed and, further, that Samsung infringed willfully. Likewise, Samsung argues that Apple infringed and, further, that Apple infringed willfully. If you have decided that the alleged infringer has infringed, you must go on and address the additional issue of whether or not this infringement was willful. Willfulness requires a determination that the alleged infringer acted recklessly.

To prove that the alleged infringer acted recklessly, the patent holder must prove the state of mind of the alleged infringer by clear and convincing evidence. The patent holder must persuade you by clear and convincing evidence that the alleged infringer actually knew or should have known that its actions constituted an unjustifiably high risk of infringement of a valid and enforceable patent. To determine whether the alleged infringer had this state of mind, consider all facts which may include, but are not limited, to:

(1) Whether or not the alleged infringer acted in accordance with the standards of commerce for its industry;

(2) Whether or not the alleged infringer intentionally copied a product of the patent holder that is covered by the patent;

(3) Whether or not there is a reasonable basis to believe that the alleged infringer did not infringe or had a reasonable defense to infringement;

(4) Whether or not the alleged infringer made a good-faith effort to avoid infringing the patent, for example, whether the alleged infringer attempted to design around the patent; and

(5) Whether or not the alleged infringer tried to cover up its infringement.

(6) An additional factor you may consider in determining whether the alleged infringer acted recklessly is that Apple was sanctioned in this case for failing to produce transcripts of testimony pertaining to Apple's patents. You may not consider this information for the purposes of liability or damages; but only for the question of willfulness

**Source:**

Federal Circuit Model Patent Jury Instr. B.3.8; 35 U.S.C. § 284; *In re Seagate Tech., LLC*, 497 F.3d 1360 (Fed. Cir. 2007) (standard for finding willfulness); *Crystal Semiconductor Corp. v. Tritech Microelectronics Int'l, Inc.*, 246 F.3d 1336, 1346 (Fed. Cir. 2001) (burden of proof for willfulness); *WMS Gaming Inc. v. Int'l Game Tech.*, 184 F.3d 1339, 1354 (Fed. Cir. 1999) (knowledge of the patent necessary to show willfulness); *Read Corp. v. Portec, Inc.*, 970 F.2d 81 6 (Fed. Cir. 1992) (identifying factors that may show willfulness); *Gustafson, Inc. v. Intersystems Indus. Prods., Inc.*, 897 F.2d 508, 510 (Fed. Cir. 1990) (history of Federal Circuit decisions on willfulness); *Bard Peripheral Vascular, Inc. v. W.L Gore & Assoc., Inc.,* No. 2010-1510, 2012 U.S. App. LEXIS 13561, at *13 (Fed. Cir. June 14, 2012) ("the ultimate legal question of whether a reasonable person would have considered there to be a high likelihood of infringement of a valid patent should always be decided as a matter of law by the judge").

**Apple's Objection to Samsung's Instruction**

Samsung's proposed instruction regarding willfulness is flawed on many levels.  First, although Samsung's instruction acknowledges that factors other than those listed in the Northern District model instruction can be probative of willfulness, it ignores several that are especially important here given the unique facts of this case.  As pointed out in Apple's proposed instruction No. 59, Samsung's continued sale of accused products after this Court ruled that Samsung likely infringed two patents and had failed to raise substantial questions regarding the validity of these patents is something that the jury should weigh as it decides whether Samsung knew or should have known that it was infringing valid patents.  The jury should be told it can consider these rulings--and the affirmance by the Federal Circuit--in deciding willfulness.  Likewise, the Court's three sanctions orders directed at Samsung are probative of whether Samsung tried to cover up its infringement, which Samsung concedes is a relevant factor.  The jury should be told it can consider these facts too.  Second, Samsung's instruction tells the jury it can consider Samsung's efforts to design around Apple's patents.  But the Court has already (twice) ordered that "Samsung may not offer any evidence of its design-arounds.  This means no source code evidence, no non-source code evidence, no evidence of any kind, whether for liability purposes or any other purpose.  Period." (Dkt. No. 1106 at 3-4.)  Samsung cannot get this evidence in now through the back door of willfulness.  Accordingly, even if the Court gave Samsung's instruction, the Court's order would still bar any introduction of Samsung's design-around evidence.  Third, Samsung's instruction refers three times to the clear and convincing burden of proof.  That is excessive.  Apple's proposed instruction has none of these flaws.  Apple's proposed instruction is based on the Northern District's model instruction, captures the unique factors that are at play here, and, unlike Samsung's version, informs the jury that "willful blindness" can provide the basis for the knowledge required for a finding of willfulness.