**PROPOSED FINAL JURY INSTRUCTION NO. 79**
**MONETARY REMEDIES—TRADE DRESS DILUTION—ACTUAL NOTICE REQUIREMENT**

**Samsung's Proposed Instruction**

In order for Apple to recover damages for dilution of the registered iPhone trade dress, Apple has the burden of proving by a preponderance of the evidence that Samsung Electronics Company, Samsung Electronics America, and Samsung Telecommunications America had either statutory or actual notice that Apple's iPhone trade dress was registered.

Samsung Electronics Company, Samsung Electronics America, and Samsung Telecommunications America had statutory notice if:

> Apple displayed the particular alleged trade dress with the words "Registered in U.S. Patent and Trademark Office"; or

> Apple displayed the particular alleged trade dress the words "Reg. U.S. Pat. & Tm. Off."; or

> Apple displayed the particular alleged trade dress with the letter R enclosed within a circle, thus ®.

In order for Apple to recover damages for dilution or infringement of its unregistered trade dress, Apple has the burden of proving by a preponderance of the evidence that Samsung Electronics Company, Samsung Electronics America, and Samsung Telecommunications America had actual notice of Apple's unregistered trade dress.

**Source**

Model Instructions No. 15.24 (modified); *Coach Inc. v. Asia Pac. Trading Co.*, 676 F. Supp. 2d 914, 924 (C.D. Cal. 2009) (where plaintiff sues under both 15 U.S.C. §§ 1114 and 1125(a), "the plain language of § 1117(a) and § 1111 indicates that a plaintiff must meet § 1111's 'actual notice requirement' to recover profits or damages").

**Samsung's Statement in Support**

Apple seeks damages for the alleged violation of a trade dress.  Apple has not submitted an instruction correctly setting forth the Lanham Act's notice requirement.  *See* 15 U.S.C. § 1111 ("Notwithstanding the provisions of section 22 hereof [15 USC 1072], a registrant of a mark registered in the Patent Office, may give notice that his mark is registered by displaying with the mark the words "Registered in U. S. Patent and Trademark Office" or "Reg. U.S. Pat. & Tm. Off." or the letter R enclosed within a circle, thus (R); and in any suit for infringement under this Act by such a registrant failing to give such notice of registration, no profits and no damages shall be recovered under the provisions of this Act unless the defendant had actual notice of the registration.").  Accordingly, Samsung submits Ninth Circuit Model 15.24 to address this requirement.

**Apple's Objection to Samsung's Instruction**

Samsung's proposed instruction No. 79 misstates the law in two ways: (1) it fails to explain that there is no notice requirement for unregistered trade dress, and (2) it imposes a notice requirement for Apple's dilution claim, which is not required by the plain language of the statute.   In contrast, Apple's proposed instruction No. 74 includes an accurate statement of the date on which damages

02198.51855/4868369.3                                   -1-

1  begin to accrue. Although some claims under the Lanham Act require that the plaintiff provide statutory or actual notice before the accounting period can begins, *see* 15 U.S.C. § 1111, this
2  damages limitation does not apply to any of Apple's trade dress claims for two reasons. First, four of the five trade dress that Apple asserts are *unregistered* trade dress. The notice statute,
3  15 U.S.C. § 1111 only applies to *registered* trade dress. *See Coach, Inc. v. Asia Pacific Trading Co., Inc.,* 676 F. Supp. 2d 914, 924-925 (C.D. Cal. 2009) ("But because the [§ 1111] requirement
4  of notice only applies to registered marks, it is, of course, not a limitation on recovery of damages under a [§ 1125(a) ] count for infringement of an unregistered mark . . ."); *see also GTFM, Inc. v.*
5  *Solid Clothing, Inc.*, 215 F. Supp. 2d 273, 306 (S.D.N.Y. 2002); McCarthy on Trademarks § 19:144 (4th ed. 2012.). Thus, Apple is not required to give statutory or actual notice of its
6  unregistered trade dress before it can collect damages. Second, Apple asserts its registered trade dress in a claim for *dilution*, not for infringement. The notice statute is clear that it exclusively
7  applies to claims of infringement. 15 U.S.C. § 1111 states that, " . . . in any suit for *infringement* under this chapter by such a registrant failing to give such notice of registration, no profits and no
8  damages shall be recovered under the provisions of this chapter unless the defendant had actual notice of the registration." (Emphasis added.) Moreover, the trade dress damages statute states
9  that a plaintiff may recover damages for claims of infringement or dilution, "subject to" the notice requirement. As such, the notice requirement does not apply to dilution claims. *See* 15 U.S.C.
10 § 1117(a) ("When a violation of any right of the registrant of a mark registered in the Patent and Trademark Office, a violation under section 43(a) or (d) [15 USC 1125(a) or (d)], or a willful
11 violation under section 43(c) [15 USC 1125(c)], shall have been established in any civil action arising under this Act, the plaintiff shall be entitled, subject to the provisions of sections 29 and 32
12 [15 USC § §1111, 1114], and subject to the principles of equity, to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action."). Damages simply start
13 from the date the violation first occurred. This is explained in Apple's proposed instruction as follows: "In determining the amount of money to award Apple for its trade dress claims, you must
14 determine the date on which damages began to accrue. Damages for trade dress dilution and trade dress infringement begin to accrue on the date that a violation first occurred. You should award
15 Apple money damages for all violations that occurred on that date and any date after that." No registered trade dress is being asserted for claims of infringement. Thus, this notice provision has
16 no purpose in the present case.

17
18
19
20
21
22
23
24
25
26
27
28