HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
JENNIFER LEE TAYLOR (CA SBN 161368)
jtaylor@mofo.com
ALISON M. TUCHER (CA SBN 171363)
atucher@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
JASON R. BARTLETT (CA SBN 214530)
jasonbartlett@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No.   11-cv-01846-LHK (PSG)<br><br>**APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO CLARIFY PORTIONS OF THE COURT'S JUNE 30, 2012 ORDER DENYING SAMSUNG'S MOTION FOR SUMMARY JUDGMENT** |

**TABLE OF CONTENTS**

**Page**

INTRODUCTION .................................................................................................................... 1

ARGUMENT ............................................................................................................................ 1

I. PURSUANT TO RULE 37(c)(1), THE COURT SHOULD EXCLUDE SAMSUNG'S UNTIMELY CONTENTIONS FROM TRIAL NO MATTER HOW SAMSUNG INTRODUCES THEM ................................................................. 1

II. SAMSUNG'S ATTACK ON THE MERITS OF JUDGE GREWAL'S ORDER FAILS ..................................................................................................................... 5

III. SAMSUNG'S BAD FAITH, WILLFULNESS, AND LESSER ALTERNATIVES ARGUMENTS FAIL ..................................................................................................... 6

CONCLUSION ......................................................................................................................... 8


# TABLE OF AUTHORITIES

**CASES**

*ClearValue, Inc. v. Pearl River Polymers, Inc.*,
   560 F.3d 1291 (Fed. Cir. 2009) ............................................................................................ 8

*Elion v. Jackson*,
   544 F. Supp. 2d 1 (D.D.C. 2008) ......................................................................................... 4

*Fair Housing of Marin v. Combs*,
   285 F.3d 899 (9th Cir. 2002) ................................................................................................ 8

*Klonoski v. Mahlab*,
   156 F.3d 255 (1st Cir. 1998) ................................................................................................ 7

*Klund v. High Tech. Solutions, Inc.*,
   No. 05CV0565, 2006 WL 549385 (S.D. Cal. Feb. 27, 2006) .............................................. 6

*Morris v. Metals USA*,
   No. 2:09-CV-1267-DCN, 2011 WL 94559 (D.S.C. Jan. 22, 2011) ..................................... 4

*Network Appliance, Inc. v. Bluearc Corp.*,
   No. C 03-5665, 2005 WL 1513099 (N.D. Cal. June 27, 2005) ........................................... 6

*Oracle USA, Inc. v. SAP AG*,
   264 F.R.D. 541 (N.D. Cal. 2009) ..................................................................................... 2, 7

*R&R Sails, Inc. v. Ins. Co. of Pa.*,
   673 F.3d 1240 (9th Cir. 2012) .............................................................................................. 6

*United States v. Cuddy*,
   147 F.3d 1111 (9th Cir. 1998) .............................................................................................. 4

*Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*,
   259 F.3d 1101 (9th Cir. 2001) .............................................................................................. 7

**OTHER AUTHORITIES**

Fed. R. Civ. P. 26(e) ................................................................................................... 2, 5, 8

Fed. R. Civ. P. 37(c)(1) ................................................................................................. passim

**INTRODUCTION**

This Court and Judge Grewal have consistently held both parties to a strict standard of disclosure for their theories and contentions, emphasizing the importance of timely disclosures in ensuring a fair trial. In March, this Court denied Samsung's attempt to add new invalidity contentions, explaining that Apple would have "little opportunity ... to explore and respond" to the belated theories. (Dkt. No. 836 at 10.) Judge Grewal applied the same standard in striking contentions from the expert reports of both Samsung and Apple, finding that it was "unacceptable" for the parties to rely on contentions not disclosed in their interrogatory responses and that exclusionary remedies would result in a "more fair" trial. (Dkt. No. 1144 at 1-2.) And just last week this Court excluded from trial Apple's contentions that certain Samsung phones infringe the utility patents-in-suit, where Apple's Preliminary Infringement Contentions had used slightly different names for the phones in question. (Dkt. No. 1267 at 4 (granting in part Samsung's Motion *in Limine* No. 3).)

Samsung seeks to subvert the standard set by the Court. Despite Judge Grewal's findings that Samsung failed timely to disclose numerous invalidity, non-infringement, and lack of distinctiveness contentions presented in its expert reports, that Apple was prejudiced by this misconduct, and that the untimely contentions warranted exclusion under Rule 37(c)(1), Samsung asserts that it can advance those same theories at trial, as long as it is through someone other than the specific experts that Judge Grewal addressed. This is an absurd position. Regardless of how the excluded theories might be presented at trial, they would be subject to the same admissibility analysis under Rule 37(c)(1). Judge Grewal's Order resolved all the questions relevant to that analysis.

**ARGUMENT**

**I. PURSUANT TO RULE 37(c)(1), THE COURT SHOULD EXCLUDE SAMSUNG'S UNTIMELY CONTENTIONS FROM TRIAL NO MATTER HOW SAMSUNG INTRODUCES THEM.**

Samsung argues that it should be allowed to use at trial the contentions that Judge Grewal excluded because his Order struck portions of Samsung's expert reports and nothing else. Samsung misreads Judge Grewal's Order. The specific remedies that Judge Grewal ordered (and

1  that Apple sought) were limited to Samsung's expert reports because, at the time of Apple's
2  motion to strike, Samsung had not presented its untimely contentions anywhere else.  But that
3  does not mean that Judge Grewal's determinations apply only to Samsung's experts.

4  Judge Grewal explicitly adopted Apple's arguments regarding the excluded contentions.
5  (Dkt. No. 1144 at 2.)  He therefore found that Samsung's interrogatory responses failed timely to
6  disclose certain invalidity, non-infringement, and lack of distinctiveness theories, that Samsung
7  did not "otherwise make known" those contentions, and that the resulting violations of Rule 26(e)
8  were not harmless or substantially justified.  Samsung concedes that Judge Grewal "necessarily"
9  made these determinations.  (Mot. at 10.)

10  Under Rule 37(c)(1), Judge Grewal's findings warrant the exclusion of Samsung's
11  untimely contentions at trial regardless of how they are presented.  That Rule "*mandates*" the
12  exclusion of untimely contentions from a motion, at a hearing, or at trial, absent substantial
13  justification or harmlessness.  *Oracle USA, Inc. v. SAP AG*, 264 F.R.D. 541, 544 (N.D. Cal. 2009)
14  (emphasis in original); Fed. R. Civ. P. 37(c)(1).  Rule 37(c)(1) will apply to any attempt by
15  Samsung to make the excluded contentions at trial—just as it applied to Samsung's use of those
16  theories in its expert reports—and the admissibility analysis under that Rule will rest on the same
17  issues that Judge Grewal resolved.

18  Samsung's invalidity theories based on the Nokia Fingerprint provide an illustrative
19  example.  Judge Grewal struck from Samsung's expert reports invalidity theories based on the
20  Nokia Fingerprint because those theories were not timely disclosed.  These findings preclude
21  Samsung from *any* use of any invalidity theories based on the Nokia Fingerprint at trial, including
22  through a fact witness or through cross-examination of Apple's industrial design expert witness,
23  Peter Bressler.  In his rebuttal report, which Apple submitted before Judge Grewal's Order,
24  Mr. Bressler addressed Samsung's theories based on the Fingerprint, expressly preserving
25  Apple's objection to their untimeliness.  Samsung should not be allowed to cross-examine
26  Mr. Bressler, or any other witness, on this portion of his rebuttal report now that Judge Grewal's
27  Order has stricken the Samsung expert testimony to which Mr. Bressler was responding.  Nor
28  should Samsung be permitted to present its untimely contentions by calling to the witness stand

1  Ricardo Vilas-Boas, the designer of the Fingerprint.  The admissibility of that testimony under
2  Rule 37(c)(1) depends on the same disclosure, timeliness, and prejudice issues that Judge
3  Grewal's Order addressed and resolved.  Accordingly, the exclusionary remedy he ordered should
4  apply with equal force to any effort by Samsung to present its untimely contentions, regardless of
5  the witness.

6  This Court correctly applied these principles in its Summary Judgment and Motion to Stay
7  Orders (Dkt. Nos. 1144, 1170), and did not "broaden" or misinterpret Judge Grewal's Order.
8  Rather, the Court noted Judge Grewal's determination that Samsung had "failed to timely
9  disclose" its invalidity theories based on the Nokia Fingerprint and other prior art references (Dkt.
10 No. 1159 at 30, 32, 35; Dkt. No. 1170 at 9), and, consistent with the standards set forth under
11 Rule 37(c)(1), correctly held that those theories are inadmissible at trial in light of Judge Grewal's
12 findings.[1]

13 Samsung argues that Judge Grewal's Order does not limit its ability to introduce evidence
14 for purposes of claim construction or for impeachment purposes.  (Mot. at 14-15.)  Samsung fails
15 to identify any argument or evidence of this kind that would not be an impermissible repackaging
16 of the excluded contentions.  In any event, the parties will not present claim construction
17 arguments to the jury, since it is undisputed that the Court must resolve such issues.  (*See* Dkt.
18 No. 1139-3 at 1 (Samsung brief admitting that "claim construction is a matter of law for the
19 Court").)  And the Court has already rejected Samsung's attempt to avoid the consequences of its
20 untimely disclosure on the grounds that the evidence is being used as mere "impeachment."  (*See*
21 July 18, 2012 Hrg. Tr. at 57:20-59:15.)  In accord, other courts have excluded substantive
22 evidence under Rule 37(c)(1) despite the proffering party's assertion that it will be used only for

---

[1] Samsung incorrectly states that Apple does not seek exclusion of Samsung's untimely theories "as a basis for testimony by witnesses other than the particular expert[s]" mentioned in Judge Grewal's Order. (Mot. at 13-14.) As this brief makes clear, Apple seeks exclusion of those contentions from any source. The 035 Mockup is no exception: Samsung did not timely disclose its invalidity contentions based on that reference, and as a consequence may not present such theories at trial, period. This Court's ruling on Apple's Motion *in Limine* No. 1 is in accord. The Court determined that the 035 Mockup is admissible for purposes of showing one embodiment of a patent-in-suit, but that does not allow Samsung to build an invalidity theory around it.

impeachment purposes. *See, e.g., Morris v. Metals USA*, No. 2:09-CV-1267-DCN, 2011 WL 94559, at *4-5 (D.S.C. Jan. 22, 2011) (excluding proposed impeachment evidence where it supported party's defenses and was not disclosed during discovery); *Elion v. Jackson*, 544 F. Supp. 2d 1, 5-7 (D.D.C. 2008) ("substantive evidence must be disclosed during discovery even though it also tends to contradict evidence of the discovering party").

Samsung also argues that Apple, like Samsung, reads Judge Grewal's Order as applying to only the specific expert reports addressed in the Order. (Mot. at 13.) In support of that argument, Samsung points to Apple trial exhibits that include certain alternative designs Judge Grewal struck from the reports of Apple infringement experts Bressler and Kare. (*Id.*) Samsung misunderstands the purpose of those exhibits. They are intended to support Apple's position on the validity of the asserted design patents and protectability of Apple's trade dress, as set forth in Apple's rebuttal expert reports. (Dkt. No. 1023-4 ¶¶ 77-87, 126-40.) Dr. Hedge, Mr. Bressler, and Dr. Kare opined—in rebuttal to Samsung's invalidity arguments on the design patents—that no portion of Apple's patented designs is dictated by function, pointing to certain alternative designs as evidence that those designs were not dictated by function. (*Id.*) Because Samsung did not argue that Apple's design patent validity arguments were untimely,[2] or move to strike any portion of Dr. Hedge's report nor Mr. Bressler's or Dr. Kare's rebuttal reports, Apple has identified as exhibits certain evidence on which they will rely during Apple's rebuttal case. Those are the exhibits to which Samsung cites in its brief. Thus, unlike Samsung, Apple is not attempting to introduce at trial any contentions that Judge Grewal excluded.

Lastly, to the extent Samsung argues that Judge Grewal's factual determinations will have no force at trial, even if this Court denies Samsung's Motion for Relief, Samsung is wrong. If this Court denies Samsung's Motion for Relief, the findings and determinations in Judge

---

[2] Samsung's challenge to Apple's use of alternative designs was limited to the Bressler and Kare opening reports. In challenging the alternative designs identified in the Bressler opening report, Samsung relied solely on an RFP which sought documents relating to Apple's infringement theories. Thus, its motion and Judge Grewal's Order did not reach any validity theories based on those designs. Apple does not intend to include in its final trial exhibits any alternative designs that Judge Grewal struck from the Kare opening report.

APPLE'S OPP. TO SAMSUNG'S MOT. TO CLARIFY PORTIONS OF JUNE 30, 2012 ORDER
CASE NO. 11-CV-01846-LHK (PSG)
sf-3173090

4

1  Grewal's Order will become the law of the case and will bind Samsung. *United States v. Cuddy*,
2  147 F.3d 1111, 1114 (9th Cir. 1998).

3  **II.    SAMSUNG'S ATTACK ON THE MERITS OF JUDGE GREWAL'S ORDER FAILS.**
4

5  The determinations in Judge Grewal's Order cannot be disturbed absent a showing that
6  they are clearly erroneous. (Dkt. No. 1242 at 1.) Much of Samsung's motion is devoted to
7  revisiting those determinations. Specifically, Samsung argues: (a) that its interrogatory
8  responses disclosed the excluded contentions (Mot. at 7, 9, 16); that its March 19, 2012
9  supplemental interrogatory responses were timely (*id*. at 9, 16-17); that the excluded contentions
10 were "otherwise made known" to Apple outside Samsung's interrogatory responses (*id*. 2-3, 9,
11 17-18); that Samsung's failure to timely supplement its interrogatory responses as required under
12 Rule 26(e) was harmless or substantially justified (*id*. at 3, 9-10, 18-19); and that Apple agreed
13 not to file a motion to strike Samsung's untimely contentions (*id*. at 4, 8-9).

14 Samsung's pending Motion for Relief focuses on exactly the same issues. Samsung
15 should not be permitted to supplement its Motion for Relief, or to circumvent the five-page limit
16 for that Motion, by addressing those issues yet again in its instant motion.

17 In any event, Samsung fails to show that Judge Grewal's findings on these issues were
18 clearly erroneous. Apple analyzed these points briefly in its Opposition to Samsung's Motion for
19 Relief and in detail in its briefing to Judge Grewal, and summarizes them briefly below:

20 - Samsung's interrogatory responses served prior to the close of fact discovery did
21   not disclose the excluded contentions. (Dkt. No. 1242 at 4; Dkt. No. 939-1 at 15,
22   17-21; Dkt. No. 1054 at 11.)

23 - Samsung's March 19, 2012 interrogatory responses, served nine days after the
24   close of discovery, were untimely under Rule 26(e), which requires a party to
25   make diligent efforts seasonably to supplement its disclosures. (Dkt. No. 1242 at
26   5; Dkt. No. 939-1 at 15-17, 19-21; Dkt. No. 1054 at 9-11.)

27 - The excluded contentions were not "otherwise made known" to Apple. None of
28   the purported disclosures cited by Samsung "clearly and unambiguously"

disclosed those theories. (Dkt. No. 1242 at 2-4; Dkt. No. 939-1 at 15-16; Dkt. No. 1054 at 11-13; Dkt. No. 1242-2.)

- Samsung's failure timely to disclose the excluded contentions was not harmless, because it deprived Apple of an opportunity to investigate those theories through fact discovery, and it was not substantially justified. (Dkt. No. 1242 at 4-5; Dkt. No. 939-1 at 16-17, 20-22; Dkt. No. 1054 at 11-13.)

- Apple never agreed to abandon its right to seek exclusion of Samsung's untimely contentions. Apple said that it would not move *to compel* further responses to its interrogatories before March 19. (Dkt. No. 1054 at 9; Dkt. No. 1056-1 ¶¶ 11-27.) Samsung now argues that this "makes no sense" because the deadline for motions to compel was March 15 (Mot. at 8) but Samsung ignores the fact that both parties had submitted papers to the Court requesting an extension of that deadline. (Dkt. No. 800 (Samsung motion seeking extension to March 27); Dkt. No. 805 (Apple response seeking extension to March 20).) The Court rejected those requests (Dkt. No. 811), but did not issue that ruling until the end of the March 14 meeting, *after* the parties' discussions on these issues.

### III. SAMSUNG'S BAD FAITH, WILLFULNESS, AND LESSER ALTERNATIVES ARGUMENTS FAIL.

Samsung argues that, before excluding from trial its untimely contentions, this Court should consider lesser remedies, and that exclusion is improper without a finding that Samsung acted willfully or in bad faith. (Mot. at 19-20.) Samsung misstates the law. A remedy under Rule 37(c)(1) must be supported by such consideration or findings only where it "amount[s] to dismissal of a claim" or is "tantamount [to] default judgment." *R&R Sails, Inc. v. Ins. Co. of Pa.*, 673 F.3d 1240, 1247 (9th Cir. 2012); *Klund v. High Tech. Solutions, Inc.*, No. 05CV0565, 2006 WL 549385, at *6 (S.D. Cal. Feb. 27, 2006); *Network Appliance, Inc. v. Bluearc Corp.*, No. C 03-5665, 2005 WL 1513099, at *3 (N.D. Cal. June 27, 2005). Samsung does not argue that the exclusion of its untimely theories amounts to dismissal of any of its counterclaims or a default judgment in favor of Apple, so the heightened standard urged by Samsung does not apply here.

*See, e.g., Oracle USA, Inc. v. SAP AG*, 264 F.R.D. 541, 544 (N.D. Cal. 2009) (no finding of bad faith required to support remedy under Rule 37(c)(1) because party not seeking dismissal of claims or default judgment).

Samsung argues that its defenses will be "significantly impaired" by exclusion of its untimely theories at trial. (Mot. at 20.) That argument does not support the relief Samsung seeks. First, Samsung cites no authority requiring a finding of bad faith, willfulness, or the unavailability of lesser remedies where a party's case is "significantly impaired" by an exclusion order under Rule 37(c)(1). To the contrary, the Ninth Circuit has expressly held that where a remedy is less than dismissal, there is no need to show willfulness or bad faith, even where exclusion would be "onerous" and "make it much more difficult, perhaps almost impossible" to rebut an adversary's claims. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). Excluding untimely theories will frequently have a substantial negative effect on the party that violated its discovery obligations. That simply reflects the deterrent purpose of Rule 37(c)(1), which is a "recognized broadening of the [court's] sanctioning power." *Id.; see also Klonoski v. Mahlab*, 156 F.3d 255, 269 (1st Cir. 1998) (observing that "[t]he new rule clearly contemplates stricter adherence to discovery requirements, and harsher sanctions for breaches of this rule"). The "automatic sanction" of Rule 37(c)(1) intentionally "provides a strong inducement for disclosure." Fed. R. Civ. P. 37 Advisory Committee's Note (1993).

Second, Samsung overstates the impact of Judge Grewal's findings on its defenses. Judge Grewal's Order left intact many potential Samsung defenses, including, for example, all its non-infringement theories regarding the asserted trade dress, its contention that the D'889 Patent is rendered obvious by U.S. D461,802, and other contentions featured prominently in its Motion for Summary Judgment (*see, e.g.,* Dkt. No. 930-1 at 11-12 (arguing that D'087 and D'677 are rendered obvious by JP 1241638)). And, of course, Samsung may still rely on the invalidity and non-infringement theories set forth in its preliminary injunction submissions, which Apple did not challenge and Judge Grewal did not strike. (*See* Dkt. No. 939-1 at 15 n.6; Dkt. No. 1054 at 11.) [3]

---

[3] Samsung argues that, unless it can present the excluded theories at trial, it will not be able to challenge Apple's claim to a "monopoly over the generalized design concepts of a
(Footnote continues on next page.)

In any event, even if the Court applied the heightened standard invoked by Samsung, there can be no reasonable dispute that Samsung acted in bad faith and that lesser remedies would be inadequate. As discussed in Apple's briefing to Judge Grewal, Samsung admits that it crystallized many of the excluded theories early in the case, yet it chose to conceal those theories until after the close of fact discovery. (Dkt. No. 1054 at 9-10.) This strategy was clearly aimed at depriving Apple of relevant discovery. Samsung's deliberate defiance of its discovery obligations establishes bad faith. *See, e.g., Fair Housing of Marin v. Combs*, 285 F.3d 899, 905 (9th Cir. 2002) ( "disobedient conduct not shown to be outside the litigant's control" demonstrates bad faith); *ClearValue, Inc. v. Pearl River Polymers, Inc.*, 560 F.3d 1291, 1308 (Fed. Cir. 2009) (willful disregard of Rule 26 disclosure obligations shows bad faith). Given the resulting inability of Apple to pursue necessary fact discovery and the imminent trial date, the only adequate remedy for this misconduct is exclusion of the concealed contentions.

## CONCLUSION

For the reasons discussed above, in Apple's Opposition to Samsung's Motion For Relief (Dkt. No. 1242), and in Apple's briefing to Judge Grewal in support of its Motion to Strike Portions of Samsung's Expert Reports (Dkt. Nos. 939-1 and 1054), the Court should deny Samsung's Motion to Clarify.

Dated: July 23, 2012                               MORRISON & FOERSTER LLP

By: */s/ Michael A. Jacobs*
    Michael A. Jacobs

    Attorneys for Plaintiff
    APPLE INC.

---

(Footnote continued from previous page.)

rectangular shape, thin form factor, and relatively little ornamentation." (Mot. at 20.) Apple has never made such a claim. Indeed, it has presented numerous alternative designs showing other products embodying these "generalized design concepts" (and would have presented still others at trial had Judge Grewal not excluded them on Samsung's motion to strike).

APPLE'S OPP. TO SAMSUNG'S MOT. TO CLARIFY PORTIONS OF JUNE 30, 2012 ORDER
CASE NO. 11-CV-01846-LHK (PSG)
sf-3173090

8