# EXHIBIT 2

**Design Patent Addendum to "An Introduction to the Patent System"**

Ladies and gentlemen of the jury, you just watched a video about the American patent system. The video talked about "patents" in general. In fact, there are different kinds of patents, and you will see two types in this case – utility patents and design patents. Everything you just heard about "patents" in the video applies to utility patents. However, there are some different rules and procedures that apply to design patents, which the video did not talk about. For that reason, I want to explain to you briefly what those differences are.

As the video described, utility patents are issued for inventions, and to be patentable an invention must be both new and useful. Design patents, on the other hand, do not cover "inventions"," but rather, as their name suggests, they cover designs. To be patentable, a design must meet a different test – it must be "a new, original and ornamental design."

In general, a utility patent protects the way an article works, while a design patent protects the way an article looks. Since a design is shown by its appearance, a design patent may relate to the configuration or shape of an article, to the surface ornamentation applied to an article, or to the combination of shape and surface ornamentation. So although you heard in the video that a utility patent must describe a new and useful way of solving a problem, this problem-solving requirement does not apply to design patents.

The video described a patent as representing a bargain made between the government and the inventor of a utility patent. That was the idea that the inventor would add something new and useful to the state of the art in return for the right to keep others from using the invention for a period of time. The same kind of bargain is struck with a design patent inventor. In return for adding a new, original and ornamental design to the public knowledge, the inventor can keep others from using the claimed design as shown and set forth in the drawings of the design patent

1

for a set period of time.  Utility patents normally last for 20 years, whereas design patents last 14 years.

You also heard that for a utility patent, conception of the invention occurs when it is formulated in the mind of the inventor clearly enough that he or she can write it down and explain it to someone.  For a design patent, conception happens when the design is formulated clearly enough in the mind of the inventor that he or she can draw the design.

The video described the application for a utility patent as a written document in which the inventor describes the invention he or she is trying to protect.  This is the same for design patents, except that design patents rely on figures to describe the design and do not include lengthy written descriptions.  A design patent has similarities in format to the main parts of a utility patent that the video just walked you through. I will use the sample design patent you have been given to identify the basic parts of a design patent.  Many are similar to utility patents, but again there are some differences.

The first page of a design patent has much of the same material as the sample utility patent you saw.  It has the patent number assigned by the PTO in the upper right corner; and on the left side, the title, the names of the inventors and sometimes the company they have assigned the patent to; the filing date of the application; the numbers following the heading "field of search," which identify the categories of previously issued patents the examiner looked at or searched; and the list of "references cited."

One difference you can see, however, is that while in the utility patent the claims came at the end, here the claim is on the first page with a(in some design patentpatents the claim will be on a following page).  Another difference you will notice in looking at the sample patent is that a design patent does not have a lengthy written description, which you heard is called the

specification in utility patents.  And while in a utility patent the claims describe the patented invention in words, the claim of a design patent is the design as shown in the figures, including the description of the figures immediately below the ~~claim.~~section headed "Claim."  The claim and description sections are then followed by figures that show the patented design as  claimed.  I will instruct you later on how to understand the figures and the design that is legally claimed in each of the design patent that is in this case.  Unlike utility patents, a design patent can have only a single claim, although there may be more than one embodiment of the claimed design as shown in the figures.  Where a design patent is eventually granted by the PTO, those drawings define the boundaries of the patent's protection and ~~are supposed to~~ give notice to the public of ~~those boundaries~~the claimed design.

The video also discussed how the PTO processes patent applications.  The process is largely the same for design patents, in that an examiner who specializes in design patents will review the application, including the figures, will search the prior art, and will then make a decision about whether the design as claimed is patentable.  Just like with utility patents, ~~the fact that the PTO grants a patent does not necessarily mean that any invention claimed in the patent actually deserves the protection of a patent~~you may also be asked to decide about validity, that is, whether the design patent should have been allowed at all by the PTO.  For example, the PTO may not have had available to it all the prior art that will be presented to you.  A person accused of infringing has the right to argue ~~here~~ in federal court that the patent or patents are invalid because they do not meet the requirements for patentability.  In the same way you heard about utility patents on the video, the Patent Office is presumed to have done its job correctly in issuing design patents, so a party seeking to prove a design patent invalid must meet the same higher standard of proof that applies to utility patents.

3

4

And finally, just as with utility patents, when an infringement case such as this one is brought, it is up to you to the jury to decide the facts of the case based on the law that I will give you at the conclusion of the trial.

Document comparison by Workshare Professional on Monday, July 23, 2012 1:56:51 PM

| Input: | |
|---|---|
| Document 1 ID | PowerDocs://SAN FRANCISCO/3173434/4 |
| Description | SAN FRANCISCO-#3173434-v4-[Apple/Samsung]_Design_Patent_Addendum |
| Document 2 ID | PowerDocs://SAN FRANCISCO/3173434/5 |
| Description | SAN FRANCISCO-#3173434-v5-[Apple/Samsung]_Design_Patent_Addendum |
| Rendering set | standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
|  | Count |
| Insertions | 18 |
| Deletions | 8 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 26 |