# EXHIBIT 3

**<u>Design Patent Addendum to An Introduction to the Patent System</u>**

Ladies and gentlemen of the jury, you just watched a video about the American patent system. The video talked about "patents" in general. In fact, there are different kinds of patents, and you will see two types in this case – utility patents and design patents. Everything you just heard about "patents" in the video applies to utility patents. However, there are some different, unique rules and procedures that apply to design patents, which the video did not talk about. For that reason, I want to explain to you what those differences are.

As the video described, utility patents are issued for inventions, and to be patentable an invention must be both new and useful. Design patents, on the other hand, don't cover "inventions," but rather, as their name suggests, they cover designs. To be patentable, a design must meet a different test –it must be "a new, original and ornamental design."

In general, a utility patent protects the way an article works, while a design patent protects the way an article looks. Since a design is manifested in its appearance, a design patent may relate to the configuration or shape of an article, to the surface ornamentation applied to an article, or to the combination of shape and surface ornamentation. So although you heard in the video that a utility patent must describe a new and useful way of solving a problem, this problem-solving requirement does not apply to design patents.

The video described a patent as representing a bargain made between the government and the inventor of a utility patent. That was the idea that the inventor would add something new and useful to the state of the art in return for the right to keep others from using the invention for a period of time. The same kind of bargain is struck with a design patent inventor. In return for adding a new and original design to the public knowledge, the inventor can keep others from

1

using the design claimed in the patent for a set period of time. One difference is that utility patents normally last for 20 years, whereas design patents last 14 years.

You also heard that for a utility patent, conception of the invention occurs when it is formulated in the mind of the inventor clearly enough that he or she can write it down and explain it to someone. For a design patent, it is slightly different. Conception happens when the design is formulated clearly enough in the mind of the inventor that he or she can draw the design.

You heard in the video that that one reason why the patent office might refuse to grant a utility patent was the failure by the applicant to disclose the best way of making or using the invention. There is no such requirement for a design patent.

The video described the application for a utility patent as a written document in which the inventor describes the invention he or she is trying to protect. This is the same for design patents, except that design patents rely on figures to describe the design and do not include lengthy written descriptions. Just as the video walked you the main parts of a utility patent, I will use the sample design patent you have been given to identify the basic parts of a design patent. Many are similar to utility patents, but again there are some differences.

The first page has much of the same material as the sample utility patent you saw: the patent number assigned by the PTO in the upper right corner; and on the left side, the title, the names of the inventors and sometimes the company they have assigned the patent to; the filing date of the application; the numbers following the heading "field of search," which identify the categories of previously issued patents the examiner looked at or searched; and the list of "references cited."

One difference you can see, however, is that while in the utility patent the claims came at the end, here the claim is on the first page. And while in a utility patent the claims describe the patented invention in words, the claim of a design patent is the design shown in the figures, including the description of the figures immediately below the claim. The claim and description are then followed by a number of figures that show the patented design. I will instruct you later on how to understand the figures and the design that is legally claimed in each design patent in this case. One thing to note about design patents is that each patent can have only one claim, although there may be more than one embodiment of the claimed design shown in the figures. In contrast, as you've heard in the video, a utility patent can, and usually does, have several claims.

Another difference you will notice in looking at the sample patent is that a design patent does not have a lengthy written description, which you heard is called the specification in utility patents.

The video also discussed how the PTO processes patent applications. The process is largely the same for design patents, in that an examiner who specializes in design patents will review the application, including the figures, will search the prior art, and will then make a decision about whether the design claimed is patentable. In the same way you heard about utility patents on the video, the Patent Office is presumed to have done its job correctly in issuing design patents, so a party seeking to prove a design patent invalid must meet the same higher standard of proof that applies to utility patents.

And finally, just as with utility patents, when an infringement case such as this one is brought, it is up to you to the jury to decide the facts of the case based on the law that I will give you at the conclusion of the trial.