QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS
CO., LTD., SAMSUNG ELECTRONICS
AMERICA, INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S MOTION FOR RECONSIDERATION AND OBJECTIONS TO TRIAL LIMITATIONS**<br><br>**Date:** July 24, 2012<br>**Time:** 1:30 pm<br>**Place:** Courtroom 8, 4th Floor<br>**Judge:** Hon. Lucy H. Koh |

02198.51855/4870485.1

**SAMSUNG'S MOTION FOR RECONSIDERATION AND OBJECTIONS TO TRIAL LIMITATIONS**

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION ................................................................................................ I

RELIEF REQUESTED ........................................................................................................................... I

I. INTRODUCTION ........................................................................................................................ 1

II. PROCEDURAL AND FACTUAL BACKGROUND ................................................................. 2

    A. Limitations On Trial Time ............................................................................................... 2

    B. Limitations On Trial Exhibits .......................................................................................... 5

    C. Limitations On Witness Designations ............................................................................. 6

III. LEGAL STANDARD GOVERNING LIMITATIONS ON TRIAL ....................................... 7

    A. The Court Has Authority To Limit Trial Within *Reasonable* Bounds ........................ 7

    B. Rigid Time Limits Are Suspect ....................................................................................... 7

    C. Exclusion Of Witnesses And Evidence Based On Numerical Limits Is Even More Suspect ..................................................................................................................... 9

    D. Excessive Limits On Trial Proof And Testimony Violate Due Process And The Right To A Fair Trial ................................................................................................. 10

IV. ARGUMENT .............................................................................................................................. 10

    A. Limiting Each Party To 25 Total Hours Is Not Reasonable ....................................... 10

    B. Limiting Each Party To Listing 200 Of Its Own Exhibits Is Not Reasonable .......... 12

    C. Limiting Each Party's Designation Of Potential Witnesses And Deposition Transcripts Is Not Reasonable ....................................................................................... 13

V. CONCLUSION ........................................................................................................................... 14

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on July 24, 2012, at 1:30 p.m., or as soon thereafter as the matter may be heard by the Honorable Lucy H. Koh in Courtroom 8, United States District Court for the Northern District of California, Robert F. Peckham Federal Building, 280 South 1st Street, San Jose, CA 95113, Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung") shall and hereby do respectfully state their objections to, and move the Court to reconsider, its prior orders limiting: 1) the amount of trial time allotted to each party; 2) the number of trial exhibits allotted to each party; 3) the number of live-witness designations allotted to each party; 4) the number of deposition-witness designations allotted to each party; and, 5) the amount of designated deposition time allotted to each party.

**RELIEF REQUESTED**

Samsung respectfully seeks an Order:   (1) lifting any prescribed constraints or else rendering them, at most, presumptive guides with each party instructed to use its reasonable discretion in winnowing its proof for trial; AND/OR (2) substantially relaxing the currently prescribed constraints such that (a) the amount of trial time allotted to each party is increased to 50 hours per side and (b) the number of trial exhibits allotted to each party is increased to 400, while (c) the additional constraints on designations of witnesses and deposition transcripts are altogether eliminated.

DATED: July 23, 2012            QUINN EMANUEL URQUHART &
                                SULLIVAN, LLP


                                By   /s/ Victoria F. Maroulis
                                   Charles K. Verhoeven
                                   Kevin P.B. Johnson
                                   Victoria F. Maroulis
                                   Michael T. Zeller
                                   Attorneys for SAMSUNG ELECTRONICS CO.,
                                   LTD., SAMSUNG ELECTRONICS AMERICA,
                                   INC., and SAMSUNG
                                   TELECOMMUNICATIONS AMERICA, LLC

Samsung respectfully seeks reconsideration of, and objects to, the contours this Court has fixed for the upcoming trial because the substantive issues and proof at issue are out of all proportion to the minimal allotments afforded each party.

## I.       INTRODUCTION

The substantive scope of the issues now posed to be tried is daunting.   Apple is suing Samsung on *four* design patent claims, *three* utility patent claims, *two* trade dress claims, and *multiple antitrust claims* encompassing at least *26 different products*.   Corresponding in scope is the body of evidence those claims implicate.   Discovery yielded 36,840,000 pages produced by both parties, 171 witnesses who were deposed by Samsung, and 169 witnesses who were deposed by Apple.   Yet the Court's orders, as described below, contemplate somehow squeezing the trial down into two weeks.   While seeking to vindicate itself across all the fronts on which Apple is engaging, as well as advancing its own claims, Samsung would be limited to 25 hours of trial time, 200 exhibits, and a mere 45 witnesses who would potentially testify by deposition. Samsung knows of no precedent for so compressing a patent trial of such magnitude, complexity and moment.   And the Court has arrived at its limitations without articulating, discussing or entertaining input from the parties as to whether and how its limitations can in fact accommodate all the claims, defenses, and other issues that are to be tried.

Although this Court has repeatedly ordered Apple to narrow the case such that it may be understandable to a jury and otherwise manageable within the allotted time, Dkt 915, at 3-5, that goal has not been accomplished.   To be sure, Apple has narrowed the waterfront relative to its earlier breadth.   But the substance that still remains would require well upwards of a month, not a mere two weeks, in order to try fairly.   At present, the number, the scope and the complexity of the operative claims far exceed the time this Court has allotted for this trial.   Any attempt to try this case within these limitations will compromise the integrity of the jury verdict and will prejudice Samsung by preventing it from presenting its full and fair case.

Although the Court applied the limits to both parties, they affect Samsung disproportionately.   Here, Samsung is confronting a number of theories by Apple (particularly with respect to surface similarities between products) that require more in-depth analysis to refute

than to present. For example, Apple may have one expert accuse 25 Samsung products of infringement, and Samsung may need to present fact witnesses familiar with each of them. Moreover, Samsung needs latitude, in crafting its responsive case around Apple's actual proof at trial, potentially to draw an appropriate selection of witnesses and exhibits from the relatively large universe of witnesses and exhibits potentially in play (as yielded by discovery and well known to both parties). Apple may pick and choose its way to a case pre-packaged for the jury's consumption. Once Apple does so, Samsung will need to select from the testimony and evidence available and appropriate for effective rejoinder; Samsung's ability to do so will be hamstrung, however, simply by virtue of fixed, preconceived constraints this Court has set in advance without regard for specific proof heard at trial.

Samsung respectfully asks the Court to reconsider the constraints it is poised to impose, either by lifting them or relaxing them. Absent such relief, Samsung will be handicapped and its due process rights violated at the upcoming trial.

## II. PROCEDURAL AND FACTUAL BACKGROUND

### A. Limitations On Trial Time

During the April 12th, 2012 case management conference, the Court indicated that the parties' claims will be tried all together and that, "There will be time limits, and so each side will just have to prioritize what's going to come in and what is not." Dkt 871, at 64. The Court at that time had yet to decide how much time it would allow but estimated "somewhere between 25-35 hours to each side, maybe 30-35 hours." *Id*., at 64-65. In the subsequent April 12, 2012 Case Management Order, the Court specified that, "[e]ach side shall be limited to 25 hours to present both its affirmative and defensive cases." Dkt 869, at 1.

After Apple narrowed its case in the face of the constraints, Dkt 902, at 2-3, Samsung responded by maintaining that the narrowing remained inadequate relative to the 25 hours of trial time the Court has allotted for each party. Dkt 907, at 2. As it stood, Apple's case, consisting of dozens of antitrust claims together with four utility patent claims, five design patent claims and four trade dress claims, was so complex that it would be unreasonable to expect that "a jury can reasonably hear it in the 25 hours allotted per side" or that a jury can "adjudicate properly" all of

1  the many, complex issues.  *Id*.   Apple maintained, however, that its case as narrowed can "still

2  can be tried within the 25 hours allotted by the Court."   Dkt 910, at 3.

3  At the June 14, 2012 joint case management conference, Samsung reiterated its concern

4  "that the case is currently not sufficiently narrowed for trial of 25 hours per side," "incorporat[ing]

5  by reference its prior filings at Docket Nos. 907 and 959."   Dkt 1099, at 3.   Apple disagreed.   *Id*.

6  On June 21, Apple agreed to drop one more of its design patents, Dkt 1116, at 1, and on

7  July 3 Apple dropped one utility patent.   Dkt 1178 at 2.   Samsung dropped an additional three

8  patents claims and had one patent disposed of via summary judgment, such that it since has been

9  proceeding to trial solely on the following claims:

- U.S. Patent No. 7,675,941 (Claims 10 and 15)
- U.S. Patent No. 6,928,604 (Claims 17 and 18)
- U.S. Patent No. 7,447,516 (Claims 15 and 16)
- U.S. Patent No. 7,698,711 (Claim 9)
- U.S. Patent No. 7,577,460 (Claim 1)
- U.S. Patent No. 7,546,893 (Claim 10)

*Id*.   According to the parties' July 5th Case Management Order, Apple for its part is proceeding to trial on its four design patents, three utility patents, two trade-dress claims (one registered, one unregistered), and multiple antitrust claims, together implicating at least 26 different products:

1. Claims for infringement of the following patents:
   a. U.S. Patent No. 7,469,381 (claim 19)
   b. U.S. Patent No. 7,844,915 (claim 8)
   c. U.S. Patent No. 7,864,163 (claim 50)
   d. U.S. Patent No. D618,677
   e. U.S. Patent No. D593,087
   f. U.S. Patent No. D604,305
   g. U.S. Patent No. D504,889

2. Claims alleging that the following products infringe the following design and utility patents:

a. Acclaim: '163, '915
b. Intercept: '381, '163, '915
c. Vibrant: '381, '163, '915, D'087, D'677, and D'305
d. Captivate: '381, '163, '915, D'305
e. Epic 4G: '381, '163, '915
f. Fascinate: '381, '163, '915, D'677, and D'305
g. Galaxy Ace: '381, '163, '915, and D'677
h. Galaxy S (i9000): '381, '163, '915, D'087, D'677, and D'305
i. Galaxy S II (AT&T) '381, '163, '915, D'087, and D'677
j. Galaxy S II (i9100) '381, '163, '915, D'087, and D'677
k. Galaxy S II (T-Mobile) '163, '915, and D'677
l. Galaxy S II (Epic 4G Touch) '381, '163, '915, D'087, and D'677
m. Galaxy S II (Skyrocket) '163, '915, D'087, and D'677
n. Transform: '163, '915
o. Mesmerize: '381, '163, '915, D'677, and D'305
p. Continuum: '381, '163, '915, D'305
q. Galaxy Tab: '381, '163, '915
r. Galaxy S Showcase (i500): '381, '163, '915, D'677, and D'305
s. Nexus S: '381, '163, '915
t. Galaxy S 4G: '381, '163, '915, D'087, D'677, and D'305
u. Gem: '381, '163, '915, D'305
v. Sidekick: '381, '163, '915
w. Galaxy Prevail: '381, '163, '915
x. Nexus S 4G: '381, '163, '915

|   |   |     |                                                                 |
|---|---|-----|-----------------------------------------------------------------|
| 1 |   | y.  | Replenish: '381, '163, '915                                     |
| 2 |   | z.  | Droid Charge: '381, '163, '915, D'305                           |
| 3 |   | aa. | Infuse 4G: '381, '163, '915, D'087, D'677, and D'305            |
| 4 |   | bb. | Indulge: '381, '163, '915, D'305                                |
| 5 |   | cc. | Galaxy Tab 10.1 (WiFi and 4G LTE): '381, '163, '915, D'889      |
| 7 |   | dd. | Exhibit 4G: '381, '163, '915, D'305                             |
| 8 |   | ee. | Gravity: '381, '163, '915                                       |

3. Claims for dilution of iPhone trade dress, based on Registration No. 3,470,983, the unregistered combination iPhone trade dress and the unregistered iPhone 3G trade dress.

4. Claims for infringement and dilution of iPad trade dress based on unregistered iPad/iPad 2 trade dress against Galaxy Tab 10.1 (WiFi) and Tab 10.1 (4G LTE).

5. Antitrust claims based on Samsung's alleged course of conduct at 3GPP in connection with setting the UMTS standard.

Dkt 1189, at 2-5.

Thus, in order to defend itself, Samsung must identify and have available potential witnesses and exhibits covering all of Apple's more than a dozen, complex, potentially high-stakes theories, implicating 26 different products. As a point of reference, the parties' discovery across these claims (along with others that Apple has dropped) yielded 36,840,000 pages and 340 witnesses who were deposed (171 by Samsung and 169 by Apple). The prospect that Apple may choose to dispense with or deemphasize certain theories at trial is, of course, no comfort to Samsung as it now prepares to meet Apple's case in its entirety.

**B.   Limitations On Trial Exhibits**

At the June 21st motion for summary judgment hearing, the Court ruled that the parties are limited to an exhibit list containing 125 exhibits each, excluding impeachment and rebuttal

1 exhibits. Dkt 1120, at 104. Absent a showing of good cause during trial, any exhibit not on this
2 list is presumptively due to be excluded merely by virtue of its omission. *Id*.

3   At the June 29th case management conference, the Court reiterated that each side will be
4 limited to listing 125 exhibits, while also agreeing that the parties could introduce up to 60
5 additional joint exhibits. Dkt 1167, at 77. The parties also raised the possibility of adding a
6 "may call" list of exhibits that might be invoked as and if exhibits on the exhibit list wind up
7 excluded based on evidentiary objections. *Id*. at 55.

8   The Court's July 9th Case Management Order reiterated that there will be a numerical limit
9 on exhibits, stating that: "The 125 exhibit limit includes all exhibits each party intends to use at
10 trial, regardless of whether the exhibit is intended to be used for the party's affirmative or
11 defensive case. Additionally, the parties agree to joint stipulated exhibits, such as accused
12 devices and file histories, that shall not exceed 60 exhibits total. The joint stipulated exhibits are
13 separate from, and do not count against the 125 exhibit limit imposed on each party." Dkt 1197,
14 at 2. The Court then somewhat expanded these limits on exhibits, issuing a new order on July
15 19th that provided as follows: "The parties shall stipulate to a joint exhibit list of no more than
16 100 exhibits. Both parties must agree on the exhibits' admissibility for the exhibit to be added to
17 the joint exhibit list. Each side may also have individual exhibit lists of no more than 200
18 exhibits each." Dkt 1267, at 2.

19   **C.   Limitations On Witness Designations**

20   In its July 19th Order, the Court limited witness and deposition designations as follows:
21 "Each side must limit the number of witnesses on its list to 50 witnesses. Each side shall also
22 limit the number of depositions designations to 45 witnesses and no more than 25 hours of
23 deposition." Dkt 1267, at 2. As such, the parties face not only aggregate time limits impacting
24 the number of witnesses they may actually call at trial, but *also* separate pretrial limits on the
25 number of witnesses they may list to testify and whose depositions they may designate as
26 potentially available for use in response to developments at trial. These limits are especially
27 problematic given the strict time constraints separately contemplated, the number of different
28 ways trial may unfold along the lines of competing claims and theories that may be emphasized,

1  deemphasized, or dropped, and the number of witnesses (over 300) who have been identified and
2  whose relevant testimony has been taken and transcribed through deposition.
3  **III.    LEGAL STANDARD GOVERNING LIMITATIONS ON TRIAL**
4      Although the Court has discretion to limit specific evidence and testimony offered at trial,
5  such limitations must be reasonable in relation to the substantive scope of the trial and the
6  underlying evidence and testimony each party may need to present its case.
7      **A.    The Court Has Authority To Limit Trial Within *Reasonable* Bounds**
8      Samsung acknowledges that this Court has discretion to control the length and content of
9  the upcoming trial.  *See Navellier v. Sletten*, 262 F. 3d 923, 941 (9th Cir. 2001)("[t]rial courts
10 have broad authority to impose reasonable time limits … useful to 'prevent undue delay, waste of
11 time, or needless presentation of cumulative evidence'") (internal citations omitted); *see also*,
12 *Flaminio v. Honda Motor Co., Ltd*., 733 F. 2d 463, 473 (7th Cir. 1984) (noting that "in this era of
13 crowded district court dockets federal district judges not only may but must exercise strict control
14 over the length of trials…"); *Johnson v. Ashby*, 808 F. 2d 676, 678 (8th Cir. 1987) (explaining that
15 "[t]rial courts have discretion to place reasonable limits on the presentation of evidence to prevent
16 undue delay, waste of time, or needless presentation of cumulative evidence."); F.R.C.P. 403
17 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a
18 danger of, among other things, unfair prejudice, confusing the issues, misleading the jury, undue
19 delay, wasting time, or needlessly presenting cumulative evidence.").   This motion, therefore,
20 should not be read as suggesting that the testimony and evidence at trial should not be subject to
21 reasonable limit.   Any such limit, however, should take reasonable account of the specific proof
22 that is naturally appropriate to address the substantive theories that are slated to be tried and
23 decided.
24     **B.    Rigid Time Limits Are Suspect**
25     Imposing a fixed time limit would be inconsistent with such reasonableness.   Although
26 redundancy and delay are to be minimized as trials unfold, rigid limitations on number of hours
27 per side are disfavored tools for accomplishing those objectives.   *See, e.g., General Signal Corp.*
28 *v. MCI Telecommunications Corp*., 66 F. 3d 1500, 1508 (9th Cir., 1995) (noting that "courts look

1  upon rigid hour limits for trials with disfavor"); *Amarel v. Connell*, 102 F. 3d 1494, 1513 (9th Cir.
2  1996) ("Rigid and inflexible hour limits on trials … are generally disfavored."); *Flaminio,* 733
3  F.2d at 473 (explaining that "we disapprove of the practice of placing rigid hour limits on a trial.
4  The effect is to engender an unhealthy preoccupation with the clock… [w]e trust … that in the
5  future the able district judge will not try to slice the loaf so thinly.").   Foremost among the
6  problems posed by the "hourglass method" of limiting parties' proof is its tendency to
7  compromise the validity and reliability of any resulting judgment.   *See McKnight*, 908 F. 2d at
8  114-115 (explaining that, "to impose arbitrary limitations, enforce them inflexibly, and by these
9  means turn a federal trial into a relay race is to sacrifice too much of one good—accuracy of
10 factual determination—to obtain another—minimization of the time and expense of litigation")
11 (*Posner, J.*); *Navellier*, 262 F. 3d at 941 ("While trial courts have discretion to expedite the
12 completion of trials, they must not adhere so rigidly to time limits as to sacrifice justice in the
13 name of efficiency")(internal quotations omitted); *Monotype Corp. PLC v. Int'l Typeface Corp.*, 43
14 F. 3d 443, 451 (9th Cir. 1994) ("[a] crowded docket does not justify an infringement on the right
15 to reasonably develop a case").

16        Thus, where employed, any limitation on trial time must be *reasonable* in relation to the
17 complexity of the case.   *See, e.g., General Signal*, 66 F. 3d at 1508 (holding that "a district court
18 may impose *reasonable* time limits on a trial.") (emphasis added); *Amarel*, 102 F. 3d at 1513 ("A
19 district court is generally free to impose *reasonable* time limits on a trial")(emphasis added).   Part
20 and parcel of such reasonableness, the time allotted for trial should reflect the complexity of the
21 case at hand.   *See, e.g., SCM Corp. v. Xerox*, 77 F.R.D. 10, 15 (D. Conn. 1977) (finding
22 reasonable, in an antitrust case originally expected to last 6-8 months, the court's subsequent time
23 limitation of 12 months).   And reasonableness commends flexibility, not rigidity, in managing
24 trial limitations.   *Amarel*, 102 F. 3d at 1514 (explaining that "[t]he case law makes clear that
25 where a district court has set reasonable time limits and has shown flexibility in applying them,
26 that court does not abuse its discretion.").   In particular, a court that establishes a presumptive
27 division of time between parties, should still contemplate that "any party may apply at trial for
28

relief from this order for good cause." *Monotype Corp.,* 43 F. 3d at 451 (a party claiming burden of proof obtained additional time upon showing good cause).

Even assuming this Court might wish to set a *presumptive* time limit, any such limit should reflect input from the parties as to the scope of their cases and proof, and the amount of time they believe necessary—and it should remain responsive as things evolve. *See, e.g.*, *General Signal,* 66 F. 3d at 1508 (finding, absent any showing of prejudice, that the court's enforcement of a trial time limit was reasonable because the limit reflected the amount of time agreed upon by the parties in a joint pretrial statement); *Amarel*, 102 F. 3d at 1513 (finding that the district court's trial time constraint of 46 hours, adjusted from an original allocation of 40 to each party, was reasonable where the plaintiff had requested 50 hours to try his case).

### C. Exclusion Of Witnesses And Evidence Based On Numerical Limits Is Even More Suspect

Whatever the propriety of time limitations in managing otherwise protracted litigation, the "exclu[sion of witnesses] on the basis of mere numbers" is especially suspect. *Sec'y of Labor v. DeSisto*, 929 F. 2d 789, 795 (1st Cir. 1991). Certainly any such limitation must reflect a careful balancing of competing considerations based on the specific testimony proffered in relation to the overall record. *See id*.

When each side is under a set time limit, attorneys should have maximum flexibility in trying their cases within the allotted time. *Maloney v. Brassfield*, 251 P. 3d 1097, 1104 (Colo. Ct. App. 2010) ("In imposing time limits, trial courts should allow the parties maximum latitude in presenting their cases within the allotted time."); *Duquesne Light Co. v. Westinghouse Elec. Corp.*, 66 F. 3d 604, 610 (3d Cir. 1995) (noting that, "[a]s a general matter, it is the task of counsel, not the Court, to make the selection of materials most appropriate for introduction into evidence" so courts "ordinarily should allow a party to fill its allotment [of time] with whatever evidence that party deems appropriate..."). That is, imposition of a time limit should obviate any further judicial constraint on how a party chooses to use its allotted time.

02198.51855/4870485.1
-9-
**SAMSUNG'S MOTION FOR RECONSIDERATION AND OBJECTIONS TO TRIAL LIMITATIONS**

### D. Excessive Limits On Trial Proof And Testimony Violate Due Process And The Right To A Fair Trial

In any event, limits imposed on a party's proof must not go so far as to compromise the fundamental fairness of the trial relative to the issues it is to resolve. The Due Process Clause of the United States Constitution of course guarantees "[t]he right to a fair trial." *Estelle v. Williams*, 425 U.S. 501, 503; *see In re Murchison*, 349 U.S. 133, 136 (1955) ("A fair trial in a fair tribunal is a basic requirement of due process."); *Mathews v. Eldridge*, 424 U.S. 319, 333(1976) ("The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'"). Meaningful opportunity to present evidence and examine witnesses is integral to this right. *See, e.g.*, *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972). As relevant for present purposes, "[d]ue process requires that trial judges not curtail the presentation of evidence so as to impede the ascertainment of truth—to the detriment of the litigants and public alike." John E. Rumel, *The Hourglass and Due Process: The Propriety of the Time Limits on Civil Trials*, 26 U.S.F. L. Rev. 237, 240-41 (1992). "[T]ime limits that unduly exclude evidence will not give jurors sufficient evidence to determine the facts. Unreasonable time limits may promote confusion and speculation rather than clarity, and, ultimately, may lead to unreliable judgments." *Id*., at 254. These concerns occasion the instant submission.

## IV. ARGUMENT

In the light of the above-stated principles and precedents and for the reasons explained below, Samsung respectfully requests that this Court reconsider the established constraints so as to accommodate proper proof.

### A. Limiting Each Party To 25 Total Hours Is Not Reasonable

First and foremost, the Court should relax the stringent time limits it has imposed. In its April 12, 2012 Case Management Order, the Court specified that "[e]ach side shall be limited to 25 hours to present both its affirmative and defensive cases." Dkt 869, at 1. That prescribed time limit is not reasonable in this case. Indeed, the Court has set the time limit without any articulation, discussion, or input from the parties as to why 25 hours (as opposed to any other number) would be sufficient given all the claims, defenses, and other issues that are to be tried.

1    In its current form, this case seems insusceptible to any such hard time limit.  To the
2 extent any presumptive outer limit might be specified, however, 25 hours would be insufficient by
3 any reasonable measure.  Setting aside Samsung's own claims, Apple alone is pressing patent
4 claims and antitrust claims that implicate 26 different products, technical intricacies, expert
5 testimony, and other complex proof.  Samsung has already submitted its position that 25 hours
6 per side will not suffice, *see* Dkt 869 at 1; Dkt 959, at 2; and, Dkt 1099, at 3, and now simply
7 reiterates as much with renewed urgency on the eve of trial.  In Samsung's view, based on
8 analysis of the issues that are to be tried and the specific evidence and testimony it would summon
9 in its defense (all as refined one week out from trial), fair adjudication on the claims in this case in
10 the limited amount of time allotted would be thoroughly infeasible, to the point of impossible.
11 Notably, Samsung knows of no comparable patent case (not to mention *antitrust* case) that has
12 ever been confined in advance to such a short trial; to the contrary, a trial of such substantive
13 breadth would typically be expected to span multiple months.

14    Nor is the prospect that Apple would be subjected to corresponding constraints any
15 comfort.  Although the numerical limit would apply to both parties, Samsung would suffer the
16 greater prejudice.  Apple's presentation of its case, as conceived by it, is relatively simple.  *See*
17 Dkt 893, at 4 ("All of the preceding [claims] can be presented quickly, as they primarily consist of
18 or relate to images."); Dkt 907, at 2 (noting that "it does not take an ordinary observer … more
19 than two minutes to make the [design] comparison and distinguish or fail to distinguish an accused
20 device.").  Such presentation can be easily made and readily consumed by a jury.  Proper
21 refutation of it, on the other hand, will take greater care and depth, with Samsung pressing behind
22 Apple's surface comparison and into each element of the many legal claims raised by Apple.
23 Samsung needs time adequate to this task, and 25 hours, Samsung respectfully reiterates, does not
24 come close.  The fixed time limit should be dispensed with and at most replaced with a soft,
25 presumptive time limit, subject to revision based on actual experience at trial.  Any such limit
26 should in any event be expanded to not less than 50 hours per side.

27
28

### B. Limiting Each Party To Listing 200 Of Its Own Exhibits Is Not Reasonable

In its July 19th Order, the Court limited the parties to "a joint exhibit list of no more than 100 exhibits" where "[b]oth parties … agree on the exhibits' admissibility" and "individual exhibit lists of no more than 200 exhibits each." Dkt 1267, at 2. Here too the Court has set the limit on exhibits without any articulation, discussion, or input from the parties as to why this number of exhibits (as opposed to any other number) would be sufficient given the body of evidence that may potentially be placed at issue as trial unfolds. Nor has the Court identified any prejudice either party would face from the other's reservation of its ability potentially to introduce any number of other documents that have been turned up through discovery and identified as relevant.

Samsung respectfully requests that this Court reconsider the number of exhibits each party is permitted to include on its exhibit list. The potential record in this case is voluminous, spanning many millions of pages and hundreds of thousands of exhibits. This is not to suggest that all of the material yielded by discovery, nor anything approaching that, should ultimately be coming in as evidence at trial. It is only to note that Samsung, at this point, perceives any number of exhibits it may want to identify for potential use at trial, so that they are available to be used depending on the case Apple purports to make out at trial. Given the claims and theories that remain operative, Samsung needs to preserve flexibility to craft its defense around Apple's case-in-chief. To strictly limit the exhibits Samsung can identify at this point unfairly disadvantages Samsung as the defendant. Instead, the Court, if concerned about limiting the scope of the trial record, should at most state any such limitation in terms of the exhibits that can be *actually* introduced at trial. Even as to that, however, to the extent the Court is separately setting a limit on each side's trial time, an artificial limit on the number of exhibits seems duplicative—introduction of exhibits and use of them with the jury would be counting against a party's time in any event. Were this Court nonetheless to retain a limitation on the number of exhibits, that limitation should be expanded to not less than 400 exhibits per side.

### C. Limiting Each Party's Designation Of Potential Witnesses And Deposition Transcripts Is Not Reasonable

In its July 19th Order, the Court limited each side to a list of 50 witnesses.  Dkt 1267, at 2. Additionally, "[e]ach side shall also limit the number of depositions designations to 45 witnesses and no more than 25 hours of deposition." *Id*.  Again, there is no indication as to why these specific limitations on witnesses and transcripts have been set or how they account for the witnesses and testimony that the parties might otherwise have occasion to call.

Given that there were 340 depositions taken in this case (171 by Samsung and 169 by Apple), it seems obvious that all of those witnesses and depositions will not ultimately come in at trial.  But it seems no less obvious that each party is potentially on notice and well equipped to handle any such witness or deposition the other may decide to employ at trial.  Because Samsung as defendant does not yet have a firm sense of the testimony and evidence it will confront from Apple; it needs to preserve flexibility to use whatever witnesses and deposition transcripts may turn out to be most on point in refuting specific aspects of Apple's case as they come in at trial. To the extent that the Court retains constraints on aggregate trial time, those should in practice obviate any need to *further* limit *how* a party may use its allotted time with respect to particular witnesses or depositions.  Imposing separate limitations on the number of potential witnesses and depositions serves no good purpose; at best it will further artificially constrain the proof offered at trial relative to the external record naturally available and appropriate for the jury, and at worst it will systematically prejudice Samsung as it guesses in advance to line up testimony against a sprawling, moving target now presented by Apple.

Accordingly, limitations on the number of witnesses who may be identified potentially to be called, on the number of depositions that may be designated, and on the total amount of deposition time that may be designated, should be altogether lifted.  If such limits are nonetheless preserved, then any additions to these lists over the course of the trial should be forgiven upon a showing of good cause insomuch as a particular witness or portion of deposition transcript is responding to a specific development at trial.

## V. CONCLUSION

For each of the foregoing reasons, Samsung respectfully requests that the Court enter an Order: (1) lifting any prescribed constraints or else rendering them, at most, presumptive guides with each party instructed to use its reasonable discretion in winnowing its proof for trial; AND/OR (2) substantially relaxing the currently prescribed constraints such that (a) the amount of trial time allotted to each party is increased to 50 hours per side and (b) the number of trial exhibits allotted to each party is increased to 400, while (c) the additional constraints on designations of witnesses and deposition transcripts are altogether eliminated.

DATED: July 23, 2012

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Victoria F. Maroulis*
Victoria F. Maroulis
Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC