# EXHIBIT A

2012-1105

## UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

APPLE INC.,

Plaintiff-Appellant,

v.

SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., AND SAMSUNG TELECOMMUNICATIONS AMERICA, LLC,

Defendants-Appellees.

Appeal from the United States District Court for the Northern District of California in case no. 11-CV-01846-LHK, Judge Lucy H. Koh

**CONFIDENTIAL BRIEF OF DEFENDANTS-APPELLEES**

Charles K. Verhoeven
Kathleen M. Sullivan
Kevin P.B. Johnson
Victoria F. Maroulis
Michael T. Zeller
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
50 California St., 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for Defendants-Appellees*

provides an independently sufficient alternative ground for affirmance for the same reasons as with respect to the D'087 and D'677 patents.[13]

The district court's denial of a Apple's motion as to the D'889 patent also may be affirmed on the alternative ground that Apple failed to demonstrate likely success in proving that the Galaxy Tab 10.1 infringes the D'889 patent. The district court acknowledged that there were "several differences" between them, including "the profile view of the D'889 patent is thicker and with less curved/sloping profile view than the Galaxy Tab 10.1; the Galaxy Tab 10.1 has a different aspect ratio than the D'889 design; and the Galaxy Tab 10.1 has an upper tab cut out of the back portion with an embedded camera and a logo and other writing that is not claimed in D'889." (A46-47).

---

[13] The few features of the D'889 design not present in the D'087 and D'677 designs are also functional:

| Thin form factor | Reduces size and weight |
| Rim surrounding the front surface | Secures the front surface |
| Smooth back panel | Allows the device to lie flat |

(A4063-64.)



(A186-87; A4067-69.) The district court nevertheless concluded, without analysis, that the similarities overcome the differences. (A47).

In so ruling, the district court failed to follow the analysis set forth in *Gorham* and its progeny, instead resting on the *ipse dixit* that differences between the Galaxy Tab 10.1 and the D'889 patent (and/or Apple's iPad and iPad2)[14] are "minor." This assessment cannot be reconciled with the undisputed record

---

[14] The district court also erred in comparing the Galaxy Tab 10.1 to either the iPad or iPad2. Although it is permissible to compare an accused article to the patentee's article "when the patented design and the design of the article sold by the patentee are substantially the same," *L.A. Gear*, 988 F.2d at 1125, neither device is "substantially the same" as the D'889 design.

reflecting that the Galaxy Tab 10.1: (1) is approximately half as thick as the D'889 design; (2) has a display screen with a 16:1 aspect ratio that is significantly different from the D'889 screen's 4:3 aspect ratio; (3) has an outer casing made of three parts (not two); (4) has noticeably more softly rounded corners; (5) has differently-shaped edges and bezel; (6) has a metallic lip and substantial ornamentation on the back; and (7) has no gap between the flat front surface and the device's edge. (A4066-67; A4765-69; A8626-42.) Apple has emphasized the significance of a tablet's thickness, as its marketing campaign highlights that the iPad2, at 8.8 mm, is "thinner" than the first iPad. (A4821.)

With these substantial differences in appearance, a sophisticated consumer, familiar with the prior art, would not be deceived into thinking that the Galaxy Tab 10.1 design was an iPad or an iPad2, thereby "inducing him to purchase one supposing it to be the other." *Egyptian Goddess,* 543 F.3d at 678. Indeed, Apple has not identified a single example of customer confusion. Under the proper standard, Samsung has presented substantial questions of non-infringement.

are entered. The plain meaning of the phrase "in response to" simply indicates *a* causal relationship, not one of necessity.

The specification of the '381 patent itself demonstrates this construction is incorrect, as it includes several examples that an event "may be" "in response to" a cause, even if the event does not occur every time the causal factor is present. (A239 at 20:41-43; A240 at 21:23-25; A240 at 21:58-60; A244 at 29:21-25.) The district court's construction is therefore contrary to the intrinsic evidence, and the prior art raises substantial questions of invalidity.[16]

## IV. AT WORST, THIS COURT SHOULD REMAND FOR FURTHER CONSIDERATION

Should this Court disagree with the district court's ruling, its order should not be reversed but instead should be vacated and remanded for further consideration. Substantial new evidence that is not in the record has been discovered since the hearing that strongly supports the invalidity and non-infringement of Apple's design patents, including:

1. More clear photographs of the mock-up that Apple submitted to the PTO and the mock-up itself (all of which Apple improperly withheld before the hearing) unequivocally belie that the D'889 patent had an "edge-to-edge reflective

---

[16] The decision could also be affirmed on the grounds of non-infringement or inequitable conduct (A2022-24), but space constraints preclude Samsung from presenting these arguments.

front surface." Rather, as shown in this photograph, a gap existed between the front surface and the edge with a vented "moat":



The district court should have the opportunity to review this evidence if it further considers infringement or Apple's flawed attempts to distinguish prior art.

Respectfully submitted,

Dated: January 9, 2012   By: /s/ Kathleen M. Sullivan

Charles K. Verhoeven
Kathleen M. Sullivan
Kevin P.B. Johnson
Victoria F. Maroulis
Michael T. Zeller
Kevin A. Smith
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
50 California St., 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for Defendants-Appellees*