# EXHIBIT 15
# FILED UNDER SEAL

Apple v. Samsung
Confidential – Attorneys' Eyes Only

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., A Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No.   11-cv-01846-LHK<br><br>**EXPERT REPORT OF KARAN SINGH, PH.D. REGARDING INFRINGEMENT OF U.S. PATENTS NOS. 7,864,163, 7,844,915 AND 7,853,891** |

<u>**\*\*CONFIDENTIAL – CONTAINS MATERIAL DESIGNATED AS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY PURSUANT TO A PROTECTIVE ORDER\*\***</u>

273. As discussed above with respect to claim 50, each of the Accused Products includes a touch screen display coupled to a processor programmed with special purpose software, in response to detecting the second gesture, to translate the structured electronic document so that the second box is substantially centered on the touch screen display. The Accused Products perform the claimed function in manner equivalent to the manner described in the specification. *See*, *e.g.*, '163 patent at 2:28-44; 2:66-3:13; 6:17-22; 18:38-21:25; FIGS. 1A-B, 6A-C.

274. I conclude that the Samsung Accused Products, which contain structures equivalent to those in the '163 patent to perform all the functions in claim 52, meet each and every element of claim 52 either literally or, in the alternative, under the doctrine of equivalents. Therefore, the Samsung Accused Products infringe claim 52.

**E.   Samsung's Emulation Of The Features Of The '163 Patent**

275. I have also reviewed a number of documents produced by Samsung in this litigation, including analyses of features in Apple products and email messages. Based on my review of these documents, it appears that Samsung studied a number of Apple products that embody the asserted claims of the '163 patent, recognized the benefits of the '163 patent, and implemented the features of the '163 patent in Samsung products.

276. In December 2009, Samsung's C.E.O. issued "instruction items" for 2010, stating, "going forward our comparison standard is Apple iPhone. In High End cases, evaluate with iPhone standard." (SAMNDCA10907803.) The then-principal engineer of Samsung's Mobile R & D, Dongsub Kim, reiterated this sentiment in an email to several at the company, saying, "Henceforth our standard for comparison is the Apple iPhone." (SAMNDCA1097800.)

277. Earlier in 2009, Samsung conducted a "Browser Zooming Methods UX Exploration Study." (SAMNDCA11104115.) There, it concluded that it must "Adopt Double-Tap as a supplementary zooming method…The UX of iPhone can be used as a design benchmark."

278. A presentation entitled "Relative Evaluation Report on S1, iPhone" by the "Product Engineering Team Software Inspection Group" at Samsung shows that Samsung

EXPERT REPORT OF DR. KARAN SINGH REGARDING INFRINGEMENT OF THE '163, '915 AND '891 PATENTS
Case No. 11-cv-01846-LHK
sf-3123376

66

modeled the embodiment of the "second gesture" element of the '163 patent in its Galaxy S devices after that element's embodiment in the iPhone. (SAMNDCA00203880, SAMNDCA00203937.) This document observes that, on the iPhone, "[w]hen a different point is tapped after enlarging, the screen moves to the tapped screen and shows the enlarged screen," while the Galaxy S prototype merely "shrinks back to the original screen" instead of translating to center on an enlarged view of a second box. (SAMNDCA00203937.) The slide concludes that Samsung "[n]eed[s] to supplement the double tapping enlargement/shrinkage feature" as an "[i]mprovement" for the Galaxy S prototype, to match the iPhone's embodiment of the "second gesture" element of the '163 patent. (*Id.*)

279. Documents produced by Samsung show that Samsung referred repeatedly to Apple products in developing and improving the double-tap zooming features of the '163 patent in its products. Samsung tested some of the Samsung Accused Products using Apple products embodying the '163 patent as benchmarks, creating charts measuring the smoothness, response time, and feel of the '163 patent's double-tap zooming features. (SAMNDCA00229399; SAMNDCA00229410; SAMNDCA00229449; SAMNDCA00525359; S-ITC-003524055; S-ITC-003680299.)

280. Samsung also developed patches to attempt to improve functionality covered by the '163 patent in its products to meet the superior performance of Apple's '163-embodying products. An email from Sangheon Kim to Jaegwan Shin shows that even after one patch was applied to Samsung's P7500 prototype, there was a "Double Tap problem…Initial response time is slow….zoom animation is not smooth like in the iPad2, and it feels slow and wobbles slightly from left/right." (SAMNDCA00201783.)

**F.   A Non-Infringing Alternative Design for Navigating Structured Electronic Documents**

281. Samsung could have chosen other methods to implement the ability to navigate around structured electronic documents using touch gestures, but they would not have been as elegant or intuitive. One of the Samsung documents already discussed above—the "Relative Evaluation Report" at SAMNDCA00203880—highlights one possible alternative to using the

EXPERT REPORT OF DR. KARAN SINGH REGARDING INFRINGEMENT OF THE '163, '915 AND '891 PATENTS
Case No. 11-cv-01846-LHK
sf-3123376

67

features of the '163 patent, although this alternative is, in my opinion, less appealing to users. The Browser on a smartphone or tablet computer could be programmed to use gestures to zoom in and out on portions of a structured web page without the additional ability, once zoomed in, to use a "second gesture" (in the language of the '163 patent) to translate to a different box of content. This appears, from Samsung's own Relative Evaluation Report (SAMNDCA00203880 at SAMNDCA00203937), to be precisely how a Galaxy S prototype functioned before it imitated '163 functionality from an Apple iPhone: the prototype allowed zooming in an zooming out, but translation to a second box of content via a second gesture in the zoomed in state was not possible. Samsung itself assessed this alternative functionality as inferior—it proposed an "[i]mprovement" to "supplement the double tapping enlargement/shrinkage feature" to include all of the '163 patent's features. (*Id.*) I agree that the '163 functionality is superior.

## VI. DETAILED OPINION REGARDING THE '915 PATENT

### A. Summary of the '915 Patent

282. The '915 patent is entitled "Application Programming Interfaces for Scrolling Operations." The application that resulted in the '915 Patent was filed on January 7, 2007.

283. The '915 patent is generally directed to methods and apparatus for responding to user inputs on a touch-sensitive display integrated with a device. The asserted claims of the '915 patent recite methods and apparatus that distinguish between a single-input point that is interpreted as a "scroll operation" and two or more input points that are interpreted as a "gesture operation."

284. The Background of the Disclosure section of the specification explains that various devices such as electronic devices, computing systems, portable devices, and handheld devices have software applications and application programming interfaces or "APIs" that interface between the software applications and user interface software to provide a user of the device with certain features and operations. ['915 patent, col. 1:7-8, 33-37.]

285. The specification further explains that various types of electronic devices, such as portable devices and handheld devices, have a limited display size, user interface, software, API interface and/or processing capability which limit the ease of use of the devices. User interfaces

EXPERT REPORT OF DR. KARAN SINGH REGARDING INFRINGEMENT OF THE '163, '915 AND '891 PATENTS
Case No. 11-cv-01846-LHK
sf-3123376

68

of devices implement APIs in order to provide requested functionality and features, such as scrolling, selecting, gesturing, and animating operations for a display of the device. The '915 patent explains that one issue with these user interfaces is that they can have difficulty interpreting the various types of user inputs and providing the intended functionality associated with the user inputs. ['915 patent, col. 1:48-55.]

286. The '915 patent proposes a method for responding to a user input of a device, such as a portable electronic device (e.g., cellular phone, media player, multi-touch tablet device), in order to implement and distinguish between various desired input operations for a user interface, such as a scrolling operation and a multi-finger gesture operation. ['915 patent, col. 6:20-60.]

287. Figure 1 of the '915 patent illustrates one embodiment of a method for responding to a user input of a data processing device that is covered by claims 1, 8 and 15.

1  equivalent to the corresponding structures described in the '891 patent for performing the

2  functions in claim 74. Accordingly, these three Samsung Accused Products infringe claim 74.

3  **VIII. CONCLUSION**

4  593. My opinions are subject to change based on additional opinions that Samsung's

5  experts may present and information I may receive in the future or additional work I may

6  perform. I reserve the right to supplement this Report with new information and/or documents

7  that may be discovered or produced in this case, or to address any new claim constructions

8  offered by Samsung or ordered by the court. With this in mind, based on the analysis I have

9  conducted and for the reasons set forth above, I have preliminarily reached the conclusions and

10 opinions in this Report.

11 594. In connection with my anticipated testimony in this action, I may use as exhibits

12 various documents produced in this Action that refer or relate to the matters discussed in this

13 Report. I have not yet selected the particular exhibits that might be used. In addition, I may

14 create or assist in the creation of certain demonstrative exhibits to assist in the presentation of my

15 testimony and opinions as described herein or to summarize the same or information cited in this

16 Report. Again, those exhibits have not yet been created.

Dated: March 22, 2012                    /s/   Karan Singh