| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781) | WILLIAM F. LEE |
| hmcelhinny@mofo.com | william.lee@wilmerhale.com |
| MICHAEL A. JACOBS (CA SBN 111664) | WILMER CUTLER PICKERING |
| mjacobs@mofo.com | HALE AND DORR LLP |
| RACHEL KREVANS (CA SBN 116421) | 60 State Street |
| rkrevans@mofo.com | Boston, MA 02109 |
| JENNIFER LEE TAYLOR (CA SBN 161368) | Telephone: (617) 526-6000 |
| jtaylor@mofo.com | Facsimile: (617) 526-5000 |
| ALISON M. TUCHER (CA SBN 171363) | |
| atucher@mofo.com | |
| RICHARD S.J. HUNG (CA SBN 197425) | MARK D. SELWYN (SBN 244180) |
| rhung@mofo.com | mark.selwyn@wilmerhale.com |
| JASON R. BARTLETT (CA SBN 214530) | WILMER CUTLER PICKERING |
| jasonbartlett@mofo.com | HALE AND DORR LLP |
| MORRISON & FOERSTER LLP | 950 Page Mill Road |
| 425 Market Street | Palo Alto, California 94304 |
| San Francisco, California 94105-2482 | Telephone: (650) 858-6000 |
| Telephone: (415) 268-7000 | Facsimile: (650) 858-6100 |
| Facsimile: (415) 268-7522 | |

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | Case No. 11-cv-01846-LHK |
| Plaintiff, | **DECLARATION OF ERICA TIERNEY IN SUPPORT OF APPLE'S RENEWED MOTION TO SEAL** |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendants. | |

DECLARATION OF ERICA TIERNEY IN SUPPORT OF APPLE'S RENEWED MOTION TO SEAL
CASE NO. 11-CV-01846-LHK
sf-3174344

I, Erica Tierney, hereby declare as follows:

1. I am an attorney for Apple Inc. ("Apple"). I submit this declaration in support of Apple's Renewed Motion to Seal filed herewith. I have personal knowledge of the matters set forth below or understand them to be true from internal discussions at Apple. If called as a witness I could and would competently testify as follows.

2. Apple seeks in its Renewed Motion to Seal only to seal the most critically sensitive categories of information: (a) highly sensitive and non-public financial and manufacturing information (cost data, product line details, profit margins, and capacity data); (b) third-party confidential research from Apple's business partners that would severely impact the market for the third-party's research reports; (c) specific terms of licenses, past settlements, and acquisitions, and (d) a detailed, 200-page electrical schematic with extensive details on the touchscreen modules and other components of Apple's products. Each of these categories of information would expose Apple to serious and irreparable competitive harm if filed publicly.

3. Apple's cost, product line information, profit margins, and capacity data would severely harm Apple competitively if released to the public. This information provides significantly more detail than companies in this industry disclose. It would allow competitors to tailor their expenditures, budgets, and production strategies specifically to counter Apple. With respect to capacity information, competitors would learn when Apple is typically stretched thinly and when Apple typically has excess capacity, and could alter their production timing accordingly. The capacity information at issue is extensive and comprehensive, covering periods as recent as the first quarter of 2012. With respect to cost information, Apple's competitors and suppliers could use this information to alter their pricing on products competitive to Apple or components Apple uses in its products. With respect to product line information, Apple's competitors would know precisely which of Apple's products are selling the most strongly and could alter their development, product offerings, and marketing strategies to counter Apple. None of this information is publicly disclosed by Apple or its competitors in the industry, for the above reasons. Third parties may also consider information relating to the price Apple pays for

its components to be confidential trade secret information that would cause them harm if released to the public.

4. Public disclosure of licenses, settlements, and acquisitions would negatively affect Apple's future licenses, settlements, and acquisitions. Competitors and potential counterparties to licensing, settlement and acquisition agreements would gain an unfair insight into Apple's business strategies and cost/benefit analyses. Using their knowledge of the precise substantive and financial terms of previously nonpublic agreements, they would be able to calibrate their negotiation strategies with Apple using that unfair advantage.

5. Apple's license agreements are also the subject of nondisclosure agreements and are highly confidential to the third parties that signed those agreements with Apple. Those third parties would likely consider public disclosure of information about these license agreements to be extremely harmful to them.

6. The detailed electrical schematic at issue is trade secret information. It is a more than 200 page detailed schematic that shows the electrical configuration of Apple's proprietary touchscreen modules and other components of the iPhone. Disclosure of the details of Apple's products to this level of specificity gives competitors highly sensitive information that would enable them to copy numerous aspects of Apple's engineering. Apple's competitors would learn the precise makeup and limits of the products to which the schematic is relevant. The comprehensiveness and level of detail provided are not publicly available.

7. The following documents consist of the Expert Report of Terry L. Musika or portions thereof:

- Exhibit A to the Declaration of Terry Musika in Support of Apple's Opposition to Samsung's Daubert Motion
- Exhibit 3 to the Declaration of Joby Martin in Support of Samsung's Daubert Motion
- Exhibit Q to the Declaration of Mia Mazza in Support of Apple's Opposition to Samsung's Daubert Motion

This report and exhibits contain highly sensitive financial data, capacity data, and third-party consumer research as described in more detail above and in the Declaration of Nathan B. Sabri in Support of Renewed Motion to Seal ("Sabri Declaration") filed herewith. Proposed redacted versions are attached in highlighted form as **Exhibits 1, 2, and 3,** respectively

8. The following exhibits consist of the Supplemental Expert Report of Terry Musika or portions thereof:

- Exhibit B to the Declaration of Terry Musika in Support of Apple's Opposition to Samsung's Daubert Motion
- Exhibit 1 to the Declaration of Joby Martin in Support of Samsung's Daubert Motion
- Exhibit C to the Declaration of Terry Musika in Support of Apple's Opposition to Samsung's Motion for Summary Judgment
- Exhibit E to the Declaration of Terry Musika in Support of Apple's Opposition to Samsung's Motion for Summary Judgment
- Exhibit K to the Declaration of Terry Musika in Support of Apple's Opposition to Samsung's Daubert Motion
- Exhibit Y to the Declaration of Terry Musika in Support of Apple's Opposition to Samsung's Daubert Motion
- Exhibit 10 to the Declaration of Joby Martin in Support of Samsung's Daubert Motion
- Exhibit Z to the Declaration of Terry Musika in Support of Apple's Opposition to Samsung's Daubert Motion

This report and exhibits also contain highly sensitive financial data, capacity data, and third-party consumer research as described in more detail above and in the Sabri Declaration. Proposed redacted versions are attached in highlighted form as **Exhibits 4 through 11**, respectively.

9. Samsung's Reply in Support of Motion to Strike and the Declaration of Michael Wagner in Support thereof include specific terms of licenses, settlements, and acquisitions, as

1  discussed above.  A proposed redacted version of this reply and supporting declaration is attached
2  in highlighted form as **Exhibit 12**.

3      10.    Exhibit B to the Declaration of Michael Wagner in Support of Samsung's Reply in
4  Support of Motion to Strike consists of the Corrected Expert Report of Michael J. Wagner (Vol.
5  1).  This report contains product profit margin information and specific details of an acquisition.
6  A proposed redacted version of this exhibit is attached in highlighted form as **Exhibit 13**.

7      11.    Apple's Opposition to Samsung's Daubert Motion and the Declaration of Terry
8  Musika in Support thereof include product profit margin information.  A proposed redacted
9  version of this opposition and supporting declaration is attached in highlighted form as **Exhibit
10  14**.

11      12.    Exhibit AA to the Declaration of Terry Musika in Support of Apple's Opposition
12  to Samsung's Daubert Motion includes product profit margin information.  A proposed redacted
13  version of this exhibit is attached in highlighted form as **Exhibit 15**.

14      13.    Exhibits 20 and 21 to the Declaration of Christopher Price in Support of
15  Samsung's Reply in Support of Samsung's Motion to Strike consist entirely of documents
16  showing Apple's capacity from late 2010 through early 2012.  They should be sealed in their
17  entirety for the reasons described above.

18      14.    Exhibit G to the Declaration of Michael Maharbiz in Support of Apple's
19  Opposition to Samsung's Motion for Summary Judgment consists of over 200 pages of electrical
20  schematics relating to Apple's products, including iPhone.  It includes touchscreen schematics,
21  system block diagrams, and audio schematics, among other things.  It should be sealed in its
22  entirety.

23      15.    Exhibit P1 to the Declaration of David Hecht in Support of Samsung's Opposition
24  to Apple's Motion for Partial Summary Judgment is an excerpt from the deposition of Boris
25  Teksler.  It contains confidential information related to Apple's license agreements with third
26  parties.  It should redacted for the reasons described above.  A proposed redacted version of this
27  exhibit is attached in highlighted form as **Exhibit 16**.

28

1    16. Exhibit 32 to the Martin Declaration in Support of Samsung's Daubert Motion is
the Expert Report of Richard L. Donaldson, Esq. Pages 23-29 contain highly sensitive and
confidential Apple and third party information about Apple's current and past licenses and should
be redacted for the reasons described above. Footnote 18 contains highly sensitive and
confidential Apple and third party information about the cost of certain components in Apple's
products and should redacted for the reasons described above. A proposed redacted version of
this exhibit is attached in highlighted form as **Exhibit 17**.

17. Exhibit 67 to the Declaration of Brett Arnold in Support of Samsung's Motion for
Summary Judgment is Apple Inc.'s Objections and Responses to Samsung's Fourth Set of
Interrogatories. It contains highly sensitive and confidential Apple and third party information
about Apple's current and past licenses and should redacted for the reasons described above. A
proposed redacted version of this exhibit is attached in highlighted form as **Exhibit 18**.

18. Exhibit A to the Declaration of Janusz A. Ordover in Support of Apple's
Opposition to Samsung's Motion for Summary Judgment is the Expert Report of Dr. Janusz A.
Ordover. Footnote 161 contains confidential information regarding Apple's licenses and should
be redacted for the reasons described above. A proposed redacted version of this exhibit is
attached in highlighted form as **Exhibit 19**.

19. Exhibit C to the Declaration of Michael Wagner in Support of Samsung's Reply in
Support of Motion to Strike is a true and correct copy of a summary of Apple's Licenses and
Agreements. It contains highly sensitive and confidential Apple and third party information
about Apple's current and past licenses and should redacted for the reasons described above. A
proposed redacted version of this exhibit is attached in highlighted form as **Exhibit 20**.

20. Exhibits 1-6 and 13 to the Declaration of Christopher Price in Support of
Samsung's Reply in Support of Samsung's Motion to Strike are license agreements and licensing-
related documents between Apple and third parties and should be sealed in their entirety for the
reasons described above.

21. I reviewed versions of the exhibits above that were redacted of Samsung
confidential information. However, the attached exhibits highlight only the confidential

1  information to which my declaration pertains.  I understand that Samsung will file a supporting
2  declaration to the extent it wishes to maintain a claim of confidentiality on these and other
3  documents.
4      I declare under penalty of perjury that the foregoing is true and correct.  Executed this
5  24th day of July, 2012 at Cupertino, California.

                                */s/ Erica Tierney*
                                Erica Tierney

DECLARATION OF ERICA TIERNEY IN SUPPORT OF APPLE'S RENEWED MOTION TO SEAL
CASE NO. 11-CV-01846-LHK
sf-3174344

6

**ATTESTATION OF E-FDILED SIGNATURE**

I, Jason R. Bartlett, am the ECF User whose ID and password are being used to file this Declaration. In compliance with General Order 45, X.B., I hereby attest that Erica Tierney has concurred in this filing.

Dated: July 24, 2012

*/s/ Jason R. Bartlett*
Jason R. Bartlett