1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
     Charles K. Verhoeven (Bar No. 170151)
2    charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5    Kevin P.B. Johnson (Bar No. 177129
     kevinjohnson@quinnemanuel.com
6    Victoria F. Maroulis (Bar No. 202603)
     victoriamaroulis@quinnemanuel.com
7  555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, California  94065-2139
8  Telephone:     (650) 801-5000
   Facsimile:     (650) 801-5100
9

10   Michael T. Zeller (Bar No. 196417)
     michaelzeller@quinnemanuel.com
11 865 S. Figueroa St., 10th Floor
   Los Angeles, California 90017
12 Telephone: (213) 443-3000
   Facsimile: (213) 443-3100
13

14 Attorneys for SAMSUNG ELECTRONICS CO.,
   LTD., SAMSUNG ELECTRONICS AMERICA,
15 INC. and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC
16

17                    UNITED STATES DISTRICT COURT

18             NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

19

| | |
|---|---|
| APPLE INC., a California corporation, | CASE NO. 11-cv-01846-LHK |
| Plaintiff, | **ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL** |
| vs. | **Date:   July 24, 2012** |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendant. | |

Pursuant to Civil L.R. 7-11 and 79-5, and General Order No. 62, Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") hereby bring this administrative motion for an order to seal certain highly sensitive and confidential financial documents filed by the parties.

### Request for Relief

On July 17, 2012, the Court denied several sealing motions filed by both Samsung and Apple. ECF No. 1256. The Court further ordered the parties to carefully scrutinize the documents they sought to seal, and only request that documents containing "exceptionally sensitive information that truly deserve[s] protection" be kept under seal. *Id.* at 3.

Samsung has complied with the Court's Order, carefully reviewing each document page by page. Samsung has identified compelling reasons to seal very limited and specific portions of only 14 of the 240 documents subject to the original sealing motions. In sum, these documents contain highly sensitive and confidential financial information, including information regarding Samsung's exact costs of goods sold, costed bills of materials, product-by-product profits, and other financial data indicative of how Samsung positions itself and competes in the mobile device market and could be used for improper purpose if made public.

Attached hereto as Exhibit 1 is Table A which contains a list of documents that Samsung is seeking to seal, including a description of the sealable information and the compelling reason for each document to be sealed. The compelling reasons to seal these exceptionally sensitive documents are set out further in this Motion and in the Declaration of GiHo Ro, attached hereto.

### There Are Compelling Reasons to Grant the Very Limited and Specific Sealing Requested

After careful review pursuant to the Court's July 17 Order, Samsung now seeks to seal only limited and specific portions of only 14 documents out of the 240 documents originally subject to the motions to seal. These documents contain financial information of the utmost confidentiality within Samsung, are subject to stringent protections internally, and have never been disclosed to the public. These documents qualify as exceptionally sensitive; indeed they contain some of the most confidential and valuable information that Samsung possess. Compelling reasons exist to seal them.

The Ninth Circuit has held that parties must show compelling reasons to seal documents attached to dispositive motions. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1177 (9th Cir. 2006). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179, quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

**Compelling Reasons Exist to Seal Samsung's Highly Sensitive Financial Information.**

District courts in the Ninth Circuit have recognized that a company's detailed financial information, such as costs of goods sold and detailed revenue and profit information, present a strong danger of improper use by the company's competitors, and may be sealed even under the heightened "compelling reasons" standard. For example, the Southern District of California has held financial information such as customer lists, revenues per product, revenue reductions, merchandise costs, royalty costs, promotional costs, personnel costs, and costs of goods sold sealable when a company's business competitors could use the information to replicate the company's business practices. *Bauer Bros. LLC v. Nike, Inc.*, No. 09cv500–WQH–BGS, 2012 WL 1899838, at *3-4 (S.D. Cal. May 24, 2012) (sealing deposition testimony and documents containing financial data relating to sales and marketing information, product development, profits, advertising and marketing: "the financial data sought to be sealed by Nike could be used for improper purposes for Nike's business competitors, as it includes . . . business sales and accounting data . . and costs analysis").

Similarly, this Court has found that "long-term financial projections, discussions of business strategy, and competitive analyses" provide compelling reasons for sealing. *Kreiger v .Atheros Commc'ns, Inc.*, No. 11–CV–00640–LHK, 2011 WL 2550831, at *1 (N.D. Cal. Jun. 25, 2011) (sealing presentation containing highly sensitive and confidential financial information).

Finally, production information and "precise revenue information results" and "exact sales and production numbers" which could be used by competitors to calibrate their pricing and distribution methods to undercut defendant also provide compelling reasons for sealing. *Bean v.*

*John Wiley & Sons, Inc.*, No. CV 11–08028–PCT–FJM, 2012 WL 1078662, at *6-7 (D. Ariz. Mar. 30, 2012) (sealing charts summarizing defendant's sales and revenue figures broken out by product).

Public disclosure of the type of Samsung financial information that is contained in these limited and specific sealing requests presents the same dangers. Financial information showing the exact costs of all the components and manufacturing processes of Samsung's products are subject to the highest level of protection within Samsung. (Decl. of GiHo Ro at ¶¶ 9, 13) Other financial information detailing products' precise success in the market, are similarly among the most stringently protected at Samsung. (Decl. of GiHo Ro at ¶¶ 6, 8, 13, 15.17) This information has never been disclosed to the public and is kept in the strictest confidence within Samsung. (Decl. of GiHo Ro at ¶ 6, 8, 9, 13, 14, 15, 16, 17); *see Bean*, 2012 WL 1078662, at *6-7 (finding additional justification to seal "information . . . kept confidential not only from the public, but also from [defendant's] own employees"). Samsung takes extraordinary steps to maintain the secrecy of its confidential information. Samsung instructs its employees to keep hard copies of business documents in secure locations, hires private security forces to monitor its facilities, asks each employee to walk through a metal detector when exiting its offices, and uses special paper that is capable of triggering the metal detectors if a print-out is carried outside its offices in Korea. (Dkt. 987-47, Declaration of Han-Yeol Ryu, at ¶¶ 12-14.)

Samsung offers a broad range of mobile devices targeted at different subsets of the broader market. Release of the specific type of detailed and confidential financial data for which limited sealing is requested – including especially cost data – could be devastating to Samsung as it could allow competitors to undercut Samsung's pricing or gain leverage against Samsung in business and supply agreement negotiations, or engage in a variety of other behaviors that would damage Samsung's ability to compete. (Decl. of GiHo Ro at ¶¶ 4, 6, 8, 10, 11, 13, 14, 15, 16, 17.) Compelling reasons exist to seal the portions of the documents identified in Table B to Exhibit 1.

### Conclusion

Because compelling reasons in favor of secrecy exist, Samsung respectfully requests the Court seal the documents and portions of documents as identified in Table B of Exhibit 1.

1  Pursuant to General Order No. 62, Samsung's entire filing will be lodged with the Court for *in*
2  *camera review* and served on all parties. Proposed redacted versions of documents have been filed
3  concurrently with this motion as appropriate. (*See* Decl. of Prashanth Chennakesavan)

6  DATED: July 24, 2012               Respectfully submitted,

                                      QUINN EMANUEL URQUHART &
                                      SULLIVAN, LLP


                                         By/s/ Victoria Maroulis
                                            Charles K. Verhoeven
                                            Kevin P.B. Johnson
                                            Victoria F. Maroulis
                                            Michael T. Zeller
                                            Attorneys for SAMSUNG ELECTRONICS CO.,
                                            LTD., SAMSUNG ELECTRONICS AMERICA,
                                            INC. and SAMSUNG
                                            TELECOMMUNICATIONS AMERICA, LLC