HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
JENNIFER LEE TAYLOR (CA SBN 161368)
jtaylor@mofo.com
ALISON M. TUCHER (CA SBN 171363)
atucher@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
JASON R. BARTLETT (CA SBN 214530)
jasonbartlett@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK<br><br>**APPLE'S RENEWED OBJECTION TO PRELIMINARY INSTRUCTION NO. 21** |


1   The Court yesterday overruled Apple's objections to the fourth paragraph of Instruction No. 21 ("Summary of Trade Dress Contentions") in the Court's July 23, 2012 Tentative Preliminary Jury Instructions. Because the issues Apple raised will come up again in final jury instructions, and because the paragraph departs so clearly from applicable precedent, we submit this brief paper in the form of a renewed objection to the instruction.

The preliminary instruction suggests that in assessing trade dress dilution and infringement the jury should consider something less than "the overall visual impression created in the consumer's mind" by the product. It says that trade dress concerns only "the non-functional aspects of the product, and not . . . the utilitarian or useful aspects of the product." This language comes from Ninth Circuit Model Jury Instruction Number 15.2, but it is contradicted by the cases the manual purports to rely on and by other Ninth Circuit law.

The law is clear: functionality should be assessed on the basis of the trade dress as a whole. "[F]unctional elements that are separately unprotectable can be protected together as part of a trade dress." *Clicks Billiards, Inc. v. Sixshooters Inc.*, 251 F.3d 1252, 1259 (9th Cir. 2001) (internal citation omitted). This principle is repeated in *Taco Cabana, Int'l Inc. v. Two Pesos, Inc.*, 932 F.2d 1113, 1119 (5th Cir. 1991), *aff'd*, 505 U.S. 763, 770-73 (1992) ("combination of functional features . . . which is not itself functional, properly enjoys protection"), one of the cases on which the Ninth Circuit Model Jury Instruction Manual relies.

Thus, once a trade dress is found to be non-functional, and hence worthy of protection, the jury should consider the trade dress as a whole rather than only the non-functional aspects of it. The Ninth Circuit is explicit on this point in *Clicks Billiards*: "Courts have repeatedly cautioned that, in trademark—and especially trade dress—cases, the mark must be examined as a whole, not by its individual constituent parts." 251 F.3d at 1259. The courts' infringement analyses in *Clicks Billiards* and in *Taco Cabana* confirm this principle. In both cases, the court, after concluding the trade dress may have functional elements but is not functional as a whole, goes on to analyze infringement without subtracting out the allegedly functional elements. *Clicks Billiards*, 251 F.3d at 1264-66 (discussing likelihood of confusion); *Taco Cabana*, 932 F.2d at 1122-23 (same).

APPLE'S OBJECTION TO [TENTATIVE] PRELIMINARY JURY INSTRUCTION NO. 21 AND PROPOSED PRELIMINARY INSTRUCTION NO. 21
CASE NO. 11-CV-01846-LHK (PSG)
pa-1543179

1

1  *Vision Sports, Inc. v. Melville Corp.*, the other case on which the Ninth Circuit Model
2  Jury Instruction Manual relies, stands for the same proposition: "trade dress involves the total
3  image of a product and . . . requires the court to focus on the plaintiff's entire selling image."
4  888 F.2d 609, 613 (9th Cir. 1989).  In *Vision Sports,* the infringer sought to prevent trade dress
5  protection for a logo configuration on clothing on the grounds that it conferred a monopoly on
6  the functional color combination of red, black, and white. *Id*. at 614.  The court refused to
7  separate out this ostensibly functional aspect of the trade dress, explaining that the infringer was
8  "not enjoined from using the colors red, black, or white on its clothing labels or screen print," but
9  was "enjoined from using these colors in a particular graphic display which may be confusingly
10 similar to the" protected trade dress. *Id*.

11      Samsung's rejoinder yesterday was to cite *Wal-Mart Stores, Inc. v. Samara Brothers,*
12 *Inc*., 529 U.S. 205 (2000), for the proposition that product configuration cases are different, but
13 the *Wal-Mart* case is inapposite.  *Wal-Mart* held that, absent registration, a product configuration
14 is entitled to trade dress protection only if it has acquired secondary meaning.  *Id*. at 216.  That
15 is, product design "is not inherently distinctive." *Id*. at 212.  But Apple does not dispute the need
16 to establish that its unregistered trade dress has acquired secondary meaning.  That has no
17 bearing on whether the trade dress, once its distinctiveness is established, is protected as a whole
18 or only in its non-functional aspects.  In product configuration cases, the courts of this circuit
19 have long held that it is "the *total effect* of the defendant's product and package on the eye and
20 mind of an ordinary purchaser" that counts, even where "each feature independently furthers the
21 [product's] function." *STX, Inc. v. Trik Stik, Inc*., 708 F. Supp. 1551, 1559 (N.D. Cal. 1988)
22 (skateboard kneepads) (emphasis added); *see also*, *White Swan, Ltd. v. Clyde Robin Seed Co.*,
23 729 F. Supp. 1257, 1259-60 (N.D. Cal. 1989) (shaker-top can).  There is no precedent for
24 departing from that rule.

25      Apple also renews its objection to the sentence in the preliminary instruction defining
26 trade dress as "the form in which a person presents a product or service to the market, its manner
27 of display."  We see considerable potential for jury confusion in this sentence.  Apple's trade
28 dress claim goes to product configuration, not to the manner in which Samsung's products are

(DISPUTED) REVISED INSTRUCTION NOS. 19, 44, 58 AND 79 AND REVISED OBJECTION TO
INSTRUCTION NO. 79
CASE NO. 11-CV-01846-LHK (PSG)
pa-1543179

2

1  "display[ed]" or "present[ed]."  The first two sentences of the instruction accurately and
2  completely define trade dress and have Supreme Court imprimatur.  *See Two Pesos, Inc. v. Taco*
3  *Cabana, Int'l Inc.*, 505 U.S. 763, 764 n.1 (1992) (quoting without disagreement an instruction
4  almost identical to the first two sentences of the proposed instruction).  We can find no case
5  authority for the third sentence of the proposed instruction, whether in the decisions cited in the
6  Model Instruction or elsewhere.
7      Apple thus respectfully renews its objection to Preliminary Instruction No. 21.

(DISPUTED) REVISED INSTRUCTION NOS. 19, 44, 58 AND 79 AND REVISED OBJECTION TO INSTRUCTION NO. 79
CASE NO. 11-CV-01846-LHK (PSG)
pa-1543179

3

| | | |
|---|---|---|
| 1 | Dated: July 24, 2012 | HAROLD J. MCELHINNY (CA SBN 66781) |
| | | hmcelhinny@mofo.com |
| 2 | | MICHAEL A. JACOBS (CA SBN 111664) |
| | | mjacobs@mofo.com |
| 3 | | JENNIFER LEE TAYLOR (CA SBN 161368) |
| | | jtaylor@mofo.com |
| 4 | | ALISON M. TUCHER (CA SBN 171363) |
| | | atucher@mofo.com |
| 5 | | RICHARD S.J. HUNG (CA SBN 197425) |
| | | rhung@mofo.com |
| 6 | | JASON R. BARTLETT (CA SBN 214530) |
| | | jasonbartlett@mofo.com |
| 7 | | MORRISON & FOERSTER LLP |
| | | 425 Market Street |
| 8 | | San Francisco, California 94105-2482 |
| | | Telephone: (415) 268-7000 |
| 9 | | Facsimile: (415) 268-7522 |

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

By: _/s/ Michael A. Jacobs_
    Michael A. Jacobs

Attorneys for Plaintiff and
Counterclaim-Defendant
APPLE INC.

(DISPUTED) REVISED INSTRUCTION NOS. 19, 44, 58 AND 79 AND REVISED OBJECTION TO
INSTRUCTION NO. 79
CASE NO. 11-CV-01846-LHK (PSG)
pa-1543179

4