# EXHIBIT B

ALSTON&BIRD LLP

101 South Tryon Street
Suite 4000
Charlotte, NC 28280-4000

704-444-1000
Fax: 704-444-1111
www.alston.com

**M. Scott Stevens** **Direct Dial: 704-444-1025** **E-mail: scott.stevens@alston.com**

November 11, 2011

*VIA E-MAIL (anneabramowitz@quinnemanuel.com)*

Anne Abramowitz
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111

Re: *Apple Inc. v. Samsung Electronics Co., Ltd., et al.*
Case No. 11-cv-01846-LHK, NDCA
*Certain Electronic Devices, Including Wireless Communication Devices, Portable Music and Data Processing Devices, and Tablet Computers*
USITC Inv. No. 337-TA-794

Dear Ms. Abramowitz:

I write in response to your letter to Nokia's General Manager Patent Licensing dated September 19, 2011, and our correspondence thereafter.

In your letters, you indicate that Samsung Electronics Co., Ltd. ("Samsung") in connection with the above-referenced proceedings (the "Apple/Samsung NDCA/ITC Litigations"), has been requested to produce to Apple Inc. ("Apple") the License Agreement between Nokia Corporation and Samsung dated June 18, 2010 as well as the Nokia/SEC License Agreement dated October 1, 2009 ("Nokia/Samsung Licenses"). You also indicated that Samsung would designate the Nokia/Samsung Licenses as "Confidential Business Information" under the Protective Order in the 794 ITC proceeding and as "Highly Confidential – Outside Counsel's Eyes Only" under the Interim Protective Order in the NDCA action, under which access to these materials would be restricted to Apple's outside counsel. Subject to the below, Nokia provides its consent to disclose the Nokia/Samsung Licenses as described above.

Please be advised that Samsung is not authorized to disclose the Nokia/Samsung Licenses to anyone other than Apple's outside counsel of record for purposes of the Apple/Samsung NDCA/ITC Litigations only.

You have indicated that the parties have not yet filed expert lists in these litigations, but that Samsung will provide Nokia with a list of experts and their *vitae* after the parties identify the

relevant experts such that Nokia may object, if necessary, to the disclosure of the Nokia/Samsung Licenses to an expert.

During the course of any hearing, trial, etc., in the 794 ITC Investigation, use of the Nokia/Samsung Licenses should only be allowed during a Confidential Session, whereby the public and any in-house counsel for Apple would be excused from the courtroom. Should the Nokia/Samsung Licenses need to be used in connection with a hearing or at trial, the courtroom should be cleared, or other confidentiality procedures will be implemented in accordance with the Interim Protective Order, to ensure that the disclosure of the Nokia/Samsung Licenses is only made to those individuals authorized by the Interim Protective Order, which does not authorize disclosure to Apple in-house counsel. To be clear, Nokia does not consent to the Nokia/Samsung Licenses becoming public through their use in connection with and hearing, trial, etc. To the extent that any party seeks to use the Nokia/Samsung Licenses in any way that poses any risk to their contents becoming public, Nokia shall receive advance notice and be afforded an opportunity to object and to have any such objection resolved prior to any attempted use at a hearing, trial, etc.

Finally, Samsung is responsible for ensuring that the Nokia/Samsung Licenses are not disclosed or used in any way in the Apple/Samsung NDCA/ITC Litigations that would expand access or use of the Nokia/Samsung Licenses beyond permitted access or use for "Confidential Business Information" or "Highly Confidential – Outside Counsel's Eyes Only" information disclosed in the course of discovery.

Sincerely,

/s/ Scott Stevens
M. Scott Stevens

MSS/dlb

cc: Ron Antush, Esq., Nokia, Inc.
Everette Upshaw, Esq., Nokia, Inc.