# **<u>EXHIBIT C</u>**

# ALSTON&BIRD LLP

101 South Tryon Street
Suite 4000
Charlotte, NC 28280-4000

704-444-1000
Fax: 704-444-1111
www.alston.com

M. Scott Stevens                    Direct Dial: 704-444-1025              E-mail: scott.stevens@alston.com

August 5, 2011

*VIA E-MAIL*

Deok Keun Matthew Ahn
Morrison & Foerster LLP
425 Market Street
San Francisco, California  94105

      Re:     *Apple Inc. v. Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC*
              Case No. 11-cv-1846 LHK, Northern District of California

Dear Mr. Ahn:

      I write in response to your letter to the Nokia Corporation ("Nokia") IPR Department dated July 22, 2011.

      In that letter, you indicate that Apple, Inc. ("Apple") in connection with the above-referenced proceeding (the "Samsung Litigation"), would be required to produce to Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") the Settlement Agreement and Patent License Agreement (including its appendices) between Nokia Corporation and Apple dated June 12, 2011 (collectively, the "June 12 Agreements"). You also indicated that Apple would designate the June 12 Agreements as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the interim protective order governing the Samsung Litigation and that the June 12 Agreements would not be disclosed to third parties or to in-house counsel for Samsung.

      Please be advised that Apple is not authorized to disclose the June 12 Agreements to anyone other than Samsung's outside counsel of record for purposes of the Samsung Litigation only. In that regard, Nokia does not consent to the production of the June 12 Agreements to any "Designated House Counsel" for Samsung. Moreover, to the extent that the interim protective order is superseded by a stipulated protective order, the June 12 Agreements must be afforded a level of confidentiality at or above the current level and must restrict its disclosure to outside counsel eyes' only.

Deok Keun Matthew Ahn
August 5, 2011
Page 2


        In the event that Apple or Samsung intend to disclose the June 12 Agreements to any outside experts retained by Apple or Samsung, Apple or Samsung should comply with the terms of the protective order and limit the disclosure to only those experts "to whom disclosure is reasonably necessary" for the Samsung Litigation.  Also, before the June 12 Agreements are disclosed to any outside experts, Nokia should be afforded any rights or privileges afforded to Apple or Samsung under the protective orders as a disclosing or designating party.  This shall include the disclosure of the expert's CV to Nokia with the opportunity to object, all prior to the disclosure.

        Moreover, in accordance with Paragraph 5.2(b) of the interim protective order, any testimony given relating to the June 12 Agreements shall be designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

        To the extent that the protective order in the Samsung Litigation does not govern the use of the June 12 Agreements at trial or at any hearing in the Samsung Litigation, Apple and Samsung do not have Nokia's consent to disclose or use the June 12 Agreements at any such trial or hearing.  In any event, Nokia does not consent to the June 12 Agreements becoming public through their use in connection with and hearing, trial, etc. To the extent that any party seeks to use the June 12 Agreements in any way that poses any risk to their contents becoming public, Nokia shall receive advance notice and be afforded an opportunity to object and to have any such objection resolved prior to any attempted use at a hearing, trial, etc.

        Finally, Apple is responsible for ensuring that the June 12 Agreements are not disclosed or used in any way in the Samsung Litigation that would expand access or use of the June 12 Agreements beyond permitted access or use for "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" confidentially disclosed in the course of discovery.

                        Sincerely,



                        /s/ Scott Stevens
                        M. Scott Stevens

MSS/dlb
cc:      Ron Antush, Esq., Nokia, Inc.
         David Cohen, Esq., Nokia, Inc.


LEGAL02/32776756v1