# **EXHIBIT D**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation, SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No.: 11-CV-01846-LHK<br><br>**DECLARATION OF PAUL MELIN** |

**DECLARATION OF PAUL MELIN**

I, Paul Melin, declare and state as follows:

1. I am Vice President, Intellectual Property, of Nokia Corporation ("Nokia"). I am responsible for overseeing the Intellectual Property Rights division of Nokia, and am responsible for Nokia's intellectual property licenses. I have personal knowledge of the facts set forth in this declaration, and if called as a witness, could and would competently testify thereto.

2. In 2009, and again in 2010, Nokia and Samsung entered into a patent license agreement. While the existence of these licenses is not confidential information, each of the two licenses

1

contain confidentiality obligations wherein each party's ability to disclose the terms of each license is restricted, absent the other party's consent.

3. In 2011, Nokia and Apple entered into a patent license agreement. Again, while the existence of that license is not confidential information, the license does contain confidentiality obligations wherein each party's ability to disclose the terms of each license is restricted, absent the other party's consent.

4. I understand that counsel for Samsung intends to introduce into evidence two trial exhibits, namely Trial Exhibit 77 and Trial Exhibit 630, that disclose information concerning the confidential terms of the Nokia / Samsung licenses and the Nokia / Apple license.

5. My understanding is that each exhibit will disclose at least the term or expiration of the respective license, the monetary consideration paid for the license rights granted, as well as the technological scope of the license. Nokia considers this type of information to be highly confidential, and extremely sensitive business information of Nokia's.

6. Nokia owns one of the largest and most important patent portfolios in the telecommunications world. As of December 2011, Nokia had research and development present in 16 countries with nearly 35,000 people to support these activities. With tens of billions of dollars spent over the years on research and development, Nokia maintains over 10,000 patent families in its portfolio, including hundreds of families of standards-essential patents.

7. Nokia is continuously in negotiations with several companies regarding licenses to its standard-essential patents. Nokia's ability to negotiate licenses on competitive terms would be severely hampered were the confidential terms of its license agreements, including the financial terms negotiated with competitors and the scope of licenses covering patents that are not standards-essential, to become public.

8. Given the extreme importance and sensitivity of this information, I believe that Nokia would be severely harmed, should the information contained in these trial exhibits become public.

9. I attached hereto as Ex. A, a redacted version of the information sought by Samsung to be introduced into evidence. Nokia would have no objection to this redacted version of these specific rows from Trial Exhibits 77 and 630 being displayed publicly, so long as the redacted information

1 | were only submitted under seal.

3 | I declare under penalty of perjury under the laws of the United States of America that the
foregoing is true and correct
Executed this 25th day of July, 2012.

```
                                        /s/ Paul Melin
                                        _____
                                        Paul Melin
```