1  KARL OLSON (SBN 104760)
   kolson@rocklawcal.com
2  RAM, OLSON, CEREGHINO & KOPCZYNSKI LLP
   555 Montgomery Street, Suite 820
3  San Francisco, California  94111
   Telephone:  (415) 433-4949
4  Facsimile:  (415) 433-7311

5  *Attorneys for Third-Party REUTERS AMERICA LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean Business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>        Defendants. | CASE NO.  11-cv-01846-LHK<br><br>**THIRD PARTY REUTERS AMERICA LLC'S OPPOSITION TO MOTIONS TO SEAL**<br><br>Date:     July 27, 2012<br>Time:    3:00 p.m.<br>Place:    Courtroom 1, 5th Floor<br>**Judge:  Hon. Lucy H. Koh** |

## I.   INTRODUCTION

The parties concede, as they must, that they must show "compelling reasons" to seal any material at this late stage of the litigation, with trial looming Monday.  Their renewed sealing requests, however, disregard this Court's repeated orders that, "I've already ruled that the base line is everything is public, so other than third party source code, I'm really not going to seal anything or redact anything else." (Transcript of July 18 Proceedings, Ex. A to Olson Decl., at 87:15-19.)  Rather, both parties seek to seal a broad swath of material based solely upon conclusory declarations, mostly from lawyers, about asserted harm if various financial information – information at the heart of this case – is made public.  This Court got it right when it told the parties on July 18 that "all of the marketing stuff, public document.  Okay?  All of the design developments, public document...It's all going to be public." (*Id.* at 88:8-14.)  "I've told you, other than some third party source code, I don't really plan on sealing anything." (*Id.* at

89:18-20.)

This trial court is a public governmental institution, and neither Apple nor Samsung can fight over billions of dollars in a public courtroom and expect to have the information upon which this case turns shielded from public view.  The renewed motions to seal should be denied.

## II.  THE PARTIES MUST SHOW COMPELLING REASONS TO SEAL ANYTHING AT THIS STAGE OF THE PROCEEDINGS.

The parties cannot and do not dispute that at this stage of the proceedings they must show "compelling reasons" to seal any material.    There is a "strong presumption of access to judicial records. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).  As the Seventh Circuit Court of Appeals held in *In the Matter of Continental Illinois Securities Litigation*, 732 F.2d 1302, 1313, "In undertaking a balancing test, we are mindful of the difficulty of weighing the important first amendment interests that cut in favor of disclosure.  Therefore, we must be firmly convinced that disclosure is inappropriate if we are to reject demands for access.  Under the circumstances before us, doubts must be resolved in favor of the newspapers."  The Court went on to affirm the disclosure of special litigation committee reports, rejecting arguments that attorney-client privilege, work product immunity and the effective functioning of special litigation committees outweighed the public's right of access.  (*Id*. at 1313, 1316.)

### A.  The Parties Rely on Conclusory Declarations Which Are Insufficient to Rebut the Strong Presumption in Favor of Access.

The parties have failed to comply with the Ninth Circuit's mandate that the proponents of sealing cannot rely on "hypothesis or conjecture."  *See, e.g., Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995).  Overbroad, unspecific and conclusory allegations are insufficient to overcome the public's right of access. *Apple, Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011) [reversing an order which failed to articulate the rationale underlying decision to seal]. Conclusory allegations have repeatedly been rejected by other courts.  *See, e.g., Allegro Corp. v. Only New Age Music*, 2004 U. S. Dist. LEXIS 9061 at *3-4 (D. Oregon 2004) [rejecting affidavit as "insufficiently specific to overcome the presumption of public access to exhibits"]; *In re Providian Credit Card Cases*, 96 Cal. App. 4th 292, 305 (2002) [rejecting declarations claiming trade secrets as "conclusory and lacking in helpful specifics"].

### 1. Apple's Attorney Declarations are Conclusory and Not Specific.

The declarations offered by the parties fall far short of the specificity required to establish compelling reasons to seal. Indeed, all of the Apple declarants are attorneys who would not appear to have personal knowledge of whether Apple's financial information such as margins on the iPhone really is a trade secret or is generally known in the industry. *See, e.g.*, Mark Selwyn Declaration, Document 1317-2 [outside counsel recites that some third parties produced information with a confidential designation, but no declarations from the third parties themselves]; Declaration of Nathan Sabri, Document 1317-3 [outside counsel for Apple says that "I understand that Apple is contractually obligated to defend the interests of third parties who sell Apple their proprietary consumer and market studies, and disclosure of this material would severely harm such third parties competitively and damage Apple's relationship with them"].

The hearsay declaration of an outside lawyer who "understands" that Apple is "contractually obligated" to defend the interests of third parties – with no declarations from the third parties themselves – falls far short of the necessary specificity required to seal documents under the compelling interest standard. Indeed, the language of these declarations is eerily similar to the language rejected as "conclusionary and lacking in helpful specifics" by the California Court of Appeal in *In re Providian Credit Card Cases, supra*, 96 Cal. App. 4th at 305. The existence of a confidentiality proviso in an agreement with a third party does not rise to the level of a compelling reason justifying sealing. *Nav N Go Kft v. Mio Technology USA, Ltd,* 2008 U.S. Dist. LEXIS 96178, *2-3 (D. Nev., Nov. 14, 2008) (refusing to seal an entire license agreement where "no attempt has been made to identify specific portions of the agreement that are confidential or proprietary to the point that they would support a sealing order by the court" and where the party argued that it could be exposed to civil liability for disclosing the license agreement).

Similarly, the declaration of an in-house Apple lawyer, Erica Terney, about what she "understands" to be true (Document 1317-4, paragraph 1) falls short of establishing a basis to seal such information as Apple's cost and product line information.  Ms. Tierney's declaration provides no specifics as to when the information was compiled, other than to say that capacity

information is "as recent as the first quarter of 2012." She provides no basis for the assertion that competitors do not know such information or that it is not publicly available in whole or in part. Indeed, her declaration is quite similar to a declaration rejected by the California Court of Appeal as a basis for sealing. *Providian, supra*, 96 Cal. App. 4th at 305 [rejecting as insufficiently specific a declaration which stated that documents "would have significant value to Providian competitors...In general these documents represent information which is not known outside the business, which has value to both the business and competitors, which has required a substantial amount of effort and money to develop, and which could not otherwise be acquired or duplicated by competitors"].[1]

Ms. Tierney's declaration asserts that no one knows product line information (Tierney Decl., Document 1317-4, stating "None of this information is publicly disclosed by Apple or its competitors in the industry") but this averment is flawed for several reasons. First, even Apple's widely-reported earnings call on July 24, 2012 (yesterday) this week disclosed that sales of the iPhone have slowed because many customers are apparently waiting for the next version to be rolled out. Second, many financial details about the iPhone are available to the public. See, e.g., http:www.isuppli.com/Teardown/News/Pages/iPhone-4S-Carries-BOM-of-$188,-IHS-iSuppli-Teardown-Analysis-Reveals.aspx (attached as Exhibit B to accompanying Declaration of Karl Olson) [putting together detailed "Bill of Materials" estimate for the major subsystems in the iPhone 4S].

### 2.  Samsung's Declarations Fail to Demonstrate Non-Conjectural, Particularized Harm Resulting From Disclosure.

Samsung similarly overreaches in attempting to seal entire documents containing financial data without making a non-conjectural showing that the data constitute trade secrets. For example, Samsung attempts to seal "spreadsheets prepared by Apple's expert showing

---

[1] The Samsung declaration of Giho Ro asserts in several places that disclosure of some information is limited to "a very limited number" of personnel. See Ro Declaration, Document 1319, at paragraph 8. While this talismanic assertion need not be credited, it is worthy of note that Apple's in-house lawyer makes no similar assertion. *See, e.g., Providian, supra*, 96 Cal. App. 4th at 308 ["failure of defendants to give...the documents at issue on appeal...heightened treatment reasonably could be deemed by the trial court as circumstantial evidence that defendants had not previously treated them as trade secrets"].

detailed analysis of Samsung's profits, revenues and costs of goods for 2010-2012." Giho Ro Decl., ¶ 9. Samsung does not attest, however, that all of the data in these spreadsheets are confidential and proprietary. No attempt is made to explain how an analytical spreadsheet of Samsung's profits, revenues and costs prepared by Apple's expert is any different from the detailed financial models prepared by Wall Street analysts. Similar to Apple's deficient showing, there are no specific averments that the supposedly secret data contained in the documents requested to be sealed has not been provided in some form to members of the public, for example in an earnings conference. In addition, and similar to Apple's deficient motion, Samsung fails to explain the basis for Mr. Ro's purported knowledge of the impact that disclosure of any of the data "could" have.

### 3. Samsung's Tax Information Should Not Be Sealed.

Samsung seeks to seal, among other things, "discussion of Samsung's tax accounting procedures" and "Samsung's internal taxation strategies." See Ro Declaration, Document 1319, referring to Docket No. 1206. The public interest in Samsung's tax arrangements with U. S. and other tax authorities is very high, especially in a year when the United States is approaching a "fiscal cliff" and one of the major issues in the Presidential election is taxes, particularly corporate taxes. Samsung cannot show that its tax strategies are or should be a trade secret not known to others. Agreements with the government cannot be trade secrets. It has not met its burden of justifying sealing of this material. *See, e.g., Kamakana, supra*, 447 F.3d at 1182 ["The judge need not document compelling reasons to unseal; rather the proponent of sealing bears the burden with respect to sealing. A failure to meet that burden means that the default posture of public access prevails"].

Samsung, like Apple, simply relies upon talismanic assertions that various material "contains highly sensitive and exceptionally confidential information," but that is not enough. The Ninth Circuit cautioned in *Kamakana* that only very limited kinds of documents, such as grand jury transcripts and warrant materials, are "traditionally kept secret." "We do not readily add classes of documents to this category simply because such documents are usually or often deemed confidential. Indeed, even the documents we have identified as 'traditionally kept secret'

1   are not sacrosanct.  Simply invoking a blanket claim, such as privacy or law enforcement, will
2   not, without more, suffice to exempt a document from the public's right of access."  (447 F.3d at
3   1185.)
4        Indeed, the press has recently reported on various tax issues pertaining to Samsung. (See
5   Olson Declaration Exhibits E and F.) Accordingly, if Samsung's tax information is a trade secret
6   or is entitled to confidentiality, it comes in a novel guise.  *See, e.g., Providian, supra*, 96 Cal.
7   App. 4th at 304 ["Public disclosure, that is the absence of secrecy, is fatal to the existence of a
8   trade secret"].  Samsung's attempt to seal tax treaties and other such information should be
9   rejected.

   **B.   There is a Strong Public Interest in Knowing the Components of the Parties'
         Damage Claims.**

   Apple's attempt to minimize the public interest in disclosure of the material it tries to seal
is flawed for three reasons.  First, the burden is not upon those seeking access to show the public
interest in disclosure of court documents, it is upon those attempting to rebut the strong
presumption of access.  *See, e.g., Foltz, supra*, 331 F.3d at 1135 [noting "strong presumption in
favor of access to court records"].   Second, Apple's manufacturing processes and overseas costs
are a matter of tremendous public interest: Apple recently "agreed to allow" a human rights
investigation into its Asian subsidiaries, and the resulting report contained wage and hour
information.  (See Olson Declaration Exhibit C, "Independent Investigation of Apple Supplier,
Foxconn Report Highlights," March 2012, and Exhibit D.)  Third, the public will not be able to
understand the companies' damages cases without the information they now seek to seal,
especially since the damages issues will be interwoven with infringement and invalidity issues.

   Indeed, in the *Oracle v. Google* case, which was trifurcated, Judge Alsup ruled that
financial projections should be made public in the liability phase.  That the parties are attempting
to seal documents on the eve of trial distinguishes this case from the cases cited in their renewed
motions.  *See, e.g., Kreiger v. Atheros Comm'ns. Inc.,* No. 11-cv-00640-LHK (sealing potions of
a first amended complaint). In *Oracle v. Google*, where although the exhibit containing Google's
"sensitive" "financial projections" was not even relevant to the phase of the trial that was

occurring, the Court declared that as it was a public trial, the exhibit would be public as well.

> MR. PAIGE: Your Honor, it's a question of what's in here contains estimates going forward into 2013. This is highly sensitive information that Google has not release to the public.
>
> THE COURT: Oh, come on. Oh, come on. This is a public trial. Denied. Denied.

(Olson Decl., Ex. G.)

Just as financial data in Google's trial exhibit could not be sealed, here sealing of data essential to proving damages is not warranted. Apple would have the court seal key portions of its damages expert's (Terry Musika's) declarations even as Apple's trial exhibits deal with the same financial information. *See, e.g.,* Apple's Revised Exhibit List, exhibits 28-29 (Doc. 1286).

In short, the public interest in the figures in question will enhance the public's, and investors' understanding of how the two companies – one of which has tens of thousands of employees and a tremendous number of shareholders in the United States – operate.

### C. Submissions Are Not Narrowly Tailored.

The parties' submissions fail to heed the mandate that any proposed sealing be "narrowly tailored." They have, in the words of the Ninth Circuit in *Foltz v. State Farm Mutual Ins. Co.*, 331 F.3d 1122, 1137, "fail[ed] to identify where in the documents confidential information and trade secrets are to be found." Accordingly, as the Ninth Circuit concluded in *Foltz*, the parties have "identified no compelling reason to justify sealing the documents in this court record." (*Id*. at 1138.)[2]

### III. CONCLUSION

The renewed motions to seal should be denied, other than third-party source code.

Dated: July 25, 2012        By:    */s/ Karl Olson*
                                   Karl Olson (SBN 104760)
                                   RAM, OLSON, CEREGHINO & KOPCZYNSKI
                                   555 Montgomery Street, Suite 820
                                   San Francisco, CA  94111
                                   Tel: 415-433-4949; Fax:  415-433-7311
                                   Email: ko@rocklawcal.com
                                   *Attorneys for Reuters America LLC*

---

[2] *Foltz* made an exception for court records covered by a protective order dealing with the disqualification of plaintiff's counsel, a circumstance not involved here.

N:\docs\1273-02\OppMotsSeal2.doc