| | |
|---|---|
| 1 | MICHAEL B. LEVIN (SBN: 172329) |
| | mlevin@wsgr.com |
| 2 | DYLAN J. LIDDIARD (SBN: 203055) |
| | dliddiard@wsgr.com |
| 3 | WILSON SONSINI GOODRICH & ROSATI |
| | Professional Corporation |
| 4 | 650 Page Mill Road |
| | Palo Alto, CA 94304-1050 |
| 5 | Telephone:   (650) 493-9300 |
| | Facsimile:    (650) 565-5100 |
| 6 | |
| 7 | Attorneys for Non-Parties |
| | INTERDIGITAL TECHNOLOGY |
| 8 | CORPORATION and |
| | INTERDIGITAL COMMUNICATIONS LLC |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California Corporation, | CASE NO.:  11-CV-01846-LHK |
| Plaintiff, | **EMERGENCY MOTION BY NON-PARTIES INTERDIGITAL COMMUNICATIONS, LLC AND INTERDIGITAL TECHNOLOGY CORPORATION FOR AN ORDER CLOSING THE COURTROOM AND SEALING THE TRANSCRIPT DURING DISCUSSION OF INTERDIGITAL'S CONFIDENTIAL INFORMATION** |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendants. | **[Civ. L.R. 79-5]** |
| | Date: Expedited Request |
| | Courtroom: 8, 4th Floor |
| | **Judge: Hon. Lucy H. Koh** |

## I.     INTRODUCTION

Trial in this action is scheduled to begin on July 30, 2012.  Non-parties InterDigital Technology Corporation and InterDigital Communications, LLC (collectively, "InterDigital") first learned via email sent on Sunday morning, July 22, 2012, at 12:33 a.m. by Samsung's

-1-

5008438_2.DOCX

INTERDIGITAL'S EMERGENCY MOT'N FOR AN ORDER CLOSING THE COURTROOM AND SEALING THE TRANSCRIPT
Case No. 11-CV-01846-LHK

counsel that highly confidential documents relating to InterDigital's license agreements may be publicly disclosed during the trial (the "InterDigital Confidential Documents").  Pursuant to Civil Local Rules 7-11 and 79-5 and the Order Regarding Third Party Motions to Seal entered by this Court on July 23, 2012 (Dkt. No. 1288), and due to the short notice provided to it, InterDigital files this Emergency Motion for an Order Closing the Courtroom and Sealing the Trial Transcript During Discussion of InterDigital's Confidential Information ("InterDigital's Emergency Motion to Seal").

InterDigital has communicated with Samsung about InterDigital's request to protect its confidential information from public disclosure.  Samsung has not objected to InterDigital's request to keep its information confidential and has agreed to stipulate to InterDigital's motion. Nevertheless, InterDigital has not reached a stipulation with Apple or Third Party Intervenor Reuters America.  Public disclosure of the InterDigital Confidential Documents – which were produced under the protective order in this proceeding as "Highly Confidential – Attorneys Eyes Only" material – would cause substantial harm to InterDigital's bargaining and competitive position.  InterDigital respectfully submits that, as shown below, compelling reasons exist to grant this motion.  This motion is supported by the Declaration of Michael B. Levin and the Declaration of Lawrence F. Shay, filed herewith.

## II.   ARGUMENT

InterDigital is cognizant of Civil Local Rule 79-5 and the importance of public access to documents.  This Court is nevertheless empowered to protect the confidential and competitively sensitive information of a third party.  The sealing of judicial records is part of the inherent supervisory power of the courts.  *See Hagestad v. Tragesser*, 49 F.3d 1430, 1433–1434 (9th Cir. 1995).  Documents submitted with a dispositive motion may be filed under seal where there are "compelling reasons" to do so.  *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006).  While normally the public would have presumption of access to information submitted with a dispositive motion, the presumption of access should "bow[] before the power

of a court to insure that its records are not used . . . as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).[1]  Such protection is warranted here, based on the facts set forth below.

On July 22, 2012, Samsung notified InterDigital that Samsung has designated potential trial exhibits that contain InterDigital Confidential Documents.  *See* Declaration of Michael B. Levin in Support of InterDigital's Emergency Motion to Seal dated July 25, 2012 and filed herewith ("Levin Decl.") ¶ 2.  Specifically, the InterDigital Confidential Documents included in the trial exhibits identified by Samsung in its letter consist of the following: (a) a Patent License and Settlement Agreement entered into as of November 24, 2008, between Samsung and InterDigital (the "Samsung–InterDigital PLA") – included in Trial Exhibit 77;  (b) a table summarizing key terms of the Samsung–InterDigital PLA, attached as Exhibit 3A to Samsung's Expert Report of David Teece, dated March 22, 2012 – included in Trial Exhibit 630; and (c) a table summarizing key terms of the Wireless Patent License Agreement between Apple, Inc. and InterDigital (the "Apple–InterDigital PLA"), attached as Exhibit 3B to Samsung's Expert Report of David Teece, dated March 22, 2012 – included in Trial Exhibit 630.  *Id*.[2]

---

[1] *See also In re Elec. Arts, Inc*. 298 Fed. Appx. 568, 569-570, No. 08-74426, 2008 WL 4726222, at *2 (9th Cir. Oct. 28, 2008) (granting mandamus; finding that the district court erred as a matter of law by concluding that petitioner failed to meet the "compelling reasons" standard in seeking to seal pricing terms, royalty rates, and guaranteed minimum payment terms of its license agreement; noting that this information "plainly falls within the definition of 'trade secrets'"); *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F. 2d 157, 166 (3d Cir. 1993) ("Documents containing . . . confidential business information may be protected from disclosure."); *SmithKline Beecham Corp. v. Pentech Pharms., Inc.*, 261 F. Supp. 2d 1002, 1008 (N.D. Ill. 2003) (granting motion to seal where the document at issue "contain[ed] information . . . that might give other firms an unearned competitive advantage—unearned because the issue of public disclosure arises from the adventitious circumstance of the agreement's having become caught up in litigation and as a result having become filed in court"); *TriQuint Semiconductor, Inc. v. Avago Techs.*, Ltd. No. CV 09-1531-PHX-JAT, 2011 WL 4947343, at *2 (D.Ariz. Oct. 18, 2011) (finding that plaintiff has shown compelling reasons for sealing its draft patent license agreement because "the terms and conditions to which [it] subjects its licensees are business decisions that affect  [its] profitability;" noting that this kind of information constitutes a trade secret).

[2] InterDigital has requested Samsung to provide Trial Exhibits 77 and 630 in their entirety so as to allow InterDigital to redact its confidential information as presented in those exhibits and lodge them with the Clerk pursuant to Civ. L.R 79-5 (b)-(c).  Samsung has not provided these exhibits to InterDigital in their entirety.  Thus, InterDigital has only excerpts of these exhibits, as provided to it by Samsung, available for filing with this motion.  Levin Decl. ¶ 3.

1  Here, compelling reasons exist to maintain under seal the InterDigital Confidential
2  Documents included in Trial Exhibits 77 and 630.  They contain competitively sensitive,
3  confidential business information, including (i) specific, non-public terms of the Samsung –
4  InterDigital PLA (including terms pertaining to schedule of payments, licensed wireless
5  standards, and excluded licensed wireless standards);[3] (ii) specific, non-public terms of the
6  Apple – InterDigital PLA (including terms related to the monetary consideration and licensed
7  wireless standards); and (iii) information concerning InterDigital's licensing strategies and
8  negotiations with Samsung, Apple, and other third parties.  *See* Declaration of Lawrence F. Shay
9  in Support of InterDigital's Emergency Motion to Seal, dated July 25, 2012 and filed herewith
10 ("Shay Decl.") at ¶¶ 2 -3.

11  Public disclosure of the InterDigital Confidential Business Information would cause
12 substantial harm to InterDigital's bargaining and competitive position.  *Id.* at ¶ 5.  The
13 competition for revenues within the highly competitive wireless communications industry creates
14 a business environment in which confidential information, including pricing information and
15 legal strategies, must be diligently protected to enable InterDigital to maintain competitive
16 viability.  *Id*.  InterDigital derives a large portion of its profits from its licensing activities.  *Id.*
17 The terms and conditions to which InterDigital subjects its licensees are business decisions that
18 affect InterDigital's profitability.  *Id*.  Accordingly, compelling reasons exist for sealing the
19 InterDigital Confidential Documents.

20  To the extent that the InterDigital Confidential Documents have any relevance to this
21 case at all, the relevance is limited to narrow, discrete issues.  Accordingly, maintaining the
22 confidentiality of these documents, closing the courtroom and sealing the transcript for those
23 limited portions should result in minimal disruption to the trial.

---

[3] InterDigital has publicly filed a *redacted* version of the Samsung – InterDigital PLA with the United States Securities and Exchange Commission ("SEC").  However, the version of the PLA that Samsung has included in Trial Exhibit 77 is unredacted and contains sensitive, confidential information that is not contained in, and was properly redacted from, the publicly available version filed with the SEC.  Shay Decl. ¶ 4.

### III. CONCLUSION

For the foregoing reasons, InterDigital respectfully requests the Court to enter InterDigital's Proposed Order to:

1) Seal those portions of the Samsung–InterDigital PLA included in Trial Exhibit 77 reflecting the same redactions made by InterDigital in its disclosure of the PLA in its 2009 filing with the United States Securities and Exchange Commission;

2) Seal the last three lines of the last paragraph located in the column titled "Licensed Products/Technology" in the table summarizing key terms of the Samsung–InterDigital PLA, attached as Exhibit 3A to Samsung's Expert Report of David Teece, dated March 22, 2012 – included in Trial Exhibit 630; and

3) Seal the columns titled "Licensed Products/Technology" and "Payments" in the table summarizing key terms of the Wireless Patent License Agreement between Apple Inc. and InterDigital (the "Apple–InterDigital PLA"), attached as Exhibit 3B to Samsung's Expert Report of David Teece, dated March 22, 2012 – included in Trial Exhibit 630.

4) Either (a) exclude from the courtroom, during any discussion or display of the InterDigital Confidential Documents, those members of the public and litigants not authorized to view "Highly Confidential – Attorneys Eyes Only" material or, alternatively (b) order that any exhibit containing the InterDigital Confidential Documents shall not be displayed in such a manner that its contents are visible to the public gallery in the courtroom;

5) Seal any portions of the trial transcript containing discussion of InterDigital Confidential Documents; and

6) Seal any exhibits entered at trial that comprise or contain excerpts from InterDigital Confidential Documents.

| | | |
|---|---|---|
| 1 | Dated: July 25, 2012 | WILSON SONSINI GOODRICH & ROSATI |
| 2 | | Professional Corporation |
| 3 | | By: /s/ Michael B. Levin |
| 4 | |      Michael B. Levin |
| 5 | | Attorneys for Non-Parties |
| 6 | | INTERDIGITAL TECHNOLOGY CORPORATION and INTERDIGITAL COMMUNICATIONS, LLC |

-6-    5008438_2.DOCX
INTERDIGITAL'S EMERGENCY MOT'N FOR AN ORDER CLOSING THE COURTROOM AND SEALING THE TRANSCRIPT
Case No. 11-CV-01846-LHK

**ATTESTATION OF E-FILED SIGNATURE**

I, Corina I. Cacovean, am the ECF User whose ID and password are being used to file this Motion. In compliance with General Order 45, X.B., I hereby attest that Michael B. Levin has concurred in this filing.

Dated: July 25, 2012

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

/s/ Corina I. Cacovean
Corina I. Cacovean

Attorneys for Non-Parties
INTERDIGITAL TECHNOLOGY CORPORATION and
INTERDIGITAL COMMUNICATIONS, LLC