Robert F. McCauley (State Bar No. 162056)
robert.mccauley@finnegan.com
Gary C. Ma (State Bar No. 221294)
gary.ma@finnegan.com
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, LLP
Stanford Research Park
3300 Hillview Avenue
Palo Alto, California  94304-1203
Telephone:  (650) 849-6600
Facsimile:   (650) 849-6666

Attorneys for Third Party
KONINKLIJKE PHILIPS ELECTRONICS N.V.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean Corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York Corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware Limited Liability Company,<br><br>Defendants. | Case No. 11-cv-01846-LHK<br><br>**THIRD PARTY KONINKLIJKE PHILIPS ELECTRONICS N.V.'S ADMINISTRATIVE MOTION TO PARTIALLY FILE UNDER SEAL**<br><br>Judge:   Honorable Lucy H. Koh |

## INTRODUCTORY STATEMENT

Pursuant to Civil Local Rules 7-11 and 79-5, Third Party Koninklijke Philips Electronics N.V. ("Philips") respectfully requests that the Court issue an order to (1) file partially under seal Exhibit A to the Declaration of Gary C. Ma in Support of Koninklijke Philips Electronics N.V.'s Motion to File Under Seal ("Exhibit A") and (2) if the Court accepts Trial Exhibit 630 into evidence during trial in this case, enter a version of Trial Exhibit 630 with certain portions redacted and/or sealed.  As described further below, portions of Exhibit A and Trial Exhibit 630 contain Philips' highly confidential and proprietary information, which if revealed would cause irreparable harm to Philips.

## PAPERS SUBMITTED FOR PARTIAL FILING UNDER SEAL

Pursuant to Civil Local Rules 7-11 and 79-5(c), Philips moves for leave to file partially under seal portions of the following documents:

(1)  Exhibit A to the Ma Declaration supporting this motion to partially seal; and

(2)  Trial Exhibit 630, to the extent it is offered and admitted into evidence at trial in this case.

## ARGUMENT

Philips understands Defendant Samsung intends to offer Trial Exhibit 630 as an exhibit at trial in this case.  Declaration of Gary C. Ma in Support of Koninklijke Philips Electronics N.V.'s Motion to File Under Seal ("Ma Decl.") ¶ 3.  Trial Exhibit 630 consists of two charts (Exhibits 3A and 3B) from the Expert Report of David Teece (expert for Samsung) - one summarizing Philips-Samsung License Agreements and the other one summarizing Philips-Apple UMTS License Agreements.  *See* Exhibit A; Ma Decl. ¶ 3.  Philips was not provided with a complete copy of Trial Exhibit 630, because it understands that the exhibit includes other confidential information of other parties and/or third parties.[1]  Ma Decl. ¶ 4.  Counsel for Samsung, however, did provide excerpts of

---

[1] For this reason, Philips is not able to lodge complete copies of Trial Exhibit 630 pursuant to Civil Local Rule 79-5(c).  Philips is, however, providing the Court with highlighted and redacted versions of what it has received from Samsung's counsel.  Specifically, Philips is lodging with the Court

(continued…)

- 1 -

PHILIPS' ADMIN MTN TO FILE UNDER SEAL
Case No. 11-cv-01846-LHK

1  Trial Exhibit 630, which Samsung's counsel represents contain the only Philips confidential
2  information that will be presented in exhibits at trial in this case.  Ma Decl. ¶¶ 2 and 5.  A copy of
3  the excerpts of Trial Exhibit 630 received from Samsung's counsel is attached as Exhibit A to the
4  Ma Declaration supporting this motion to seal.  As shown in Exhibit A, Trial Exhibit 630 includes
5  charts (Exhibits 3A and 3B) that each contain a column entitled "Payments."  The information in the
6  "Payments" column includes financial terms of the license agreement between Philips and Samsung
7  (in Exhibit 3A of Trial Exhibit 630) and license agreements between Philips and Apple Inc. (in
8  Exhibit 3B of Trial Exhibit 630).  *See* Exhibit A to Ma Decl.  Philips requests that the information in
9  the "Payments" column be sealed in Exhibit A, and that the same information be sealed in Trial
10 Exhibit 630, if that exhibit is offered and admitted into evidence at trial.

11         Philips recognizes that potential trial exhibits that will be part of the judicial record must
12 meet the "compelling reasons" standard in order to be sealed.  *Kamakana v. City & County of*
13 *Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *see In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th
14 Cir. 2008) (applying the "compelling reasons" standard to potential trial exhibits).  Under that
15 standard, the court must "articulate the factual basis for its ruling, without relying on hypothesis or
16 conjecture."  *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995).  Furthermore, "a district
17 court must weigh relevant factors, base its decision on a compelling reason, and articulate a factual
18 basis for its ruling without relying on hypothesis or conjecture."  *Dish Network L.L.C. v. Sonicview*
19 *USA, Inc.*, No. 09-cv-1553 L (NLS), 2009 WL 2224596, *7 (S.D. Cal. July 23, 2009).  To determine
20 whether a document should be sealed, a district court must weigh relevant factors, which include
21 "the public interest in understanding the judicial process and whether disclosure of the material
22 could result in improper use of the material for scandalous or libelous purposes or infringement upon
23 trade secrets."  *Id.* (quoting *Pintos v. Pac. Creditors Ass'n*, 565 F.3d 1106, 1116 n.6 (9th Cir. 2009)).
24 The U.S. Supreme Court has, however, explained that "the right to inspect and copy judicial records

---

26   (…continued)
27 highlighted copies of the excerpts of Trial Exhibit 630 provided by Samsung's counsel (Exhibit A to Ma Decl.), as well as a redacted, public version of Exhibit A, which includes Philips' requested redactions.
28

1  is not absolute," and that "the common-law right of inspection has bowed before the power of a

2  court to insure that its records are not used . . . as sources of business information that might harm a

3  litigant's competitive standing."  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)

4  (internal quotation omitted).

5        Exhibit A and Trial Exhibit 630 contain highly confidential information belonging to Philips.

6  In particular, they disclose the financial terms of confidential license agreements between Philips

7  and its licensees, including pricing terms, royalty rates, and other consideration.  Public disclosure of

8  these terms, which are not otherwise available to competitors or potential licensees, would cause

9  irreparable harm to Philips, particularly in future negotiations with potential licensees.  Declaration

10 of Michael Marion at ¶¶ 3 and 4 (filed concurrently herewith).  Such information is exactly the type

11 of exceptionally sensitive information that deserves protection.  Indeed, the Ninth Circuit has held

12 that such license agreement terms should be sealed because they are trade secrets that, if disclosed,

13 will irreparably harm a party.  *Elec. Arts*, 298 F. App'x at 569-70.

14       At the same time, there is very little, if any, public need for disclosure of the financial terms

15 of these agreements.  This case primarily involves claims for patent, trademark and trade dress

16 infringement, none of which hinge on the terms of any Philips license agreements.  The financial

17 terms of the license agreements are, at most, related to potential damages, and are therefore only

18 "tangentially related" to the claims.  *MMI, Inc. v. Baja, Inc.*, 743 F. Supp. 2d 1101, 1106 (D. Ariz.

19 2010) (finding, in a patent infringement case, that the financial terms of a license agreement are only

20 "tangentially related[] to the underlying cause of action.") (citing *Kamakana*, 447 F.3d at 1179).

21       In summary, Philips' request to seal is sufficiently particularized and it has demonstrated

22 compelling reasons to protect the identified portions of Exhibit A and Trial Exhibit 630.  Moreover,

23 the request is narrowly tailored to protect Philips' interests while balancing the public's interest in

24 having access to information associated with the litigation.  Accordingly, Philips respectfully

25 requests that the Court enter the concurrently filed Proposed Order granting leave to file under seal

26 portions of the above-identified documents.

27

28

| | |
|---|---|
| Dated: July 25, 2012 | By: /s/ Gary C. Ma<br>Robert F. McCauley<br>Gary C. Ma<br>FINNEGAN, HENDERSON, FARABOW,<br>  GARRETT & DUNNER, LLP<br>Stanford Research Park<br>3300 Hillview Avenue<br>Palo Alto, California  94304-1203<br>Telephone:     (650) 849-6600<br>Facsimile:     (650) 849-6666<br><br>Attorneys for Third Party<br>Koninklijke Philips Electronics N.V. |