Robert F. McCauley (State Bar No. 162056)
robert.mccauley@finnegan.com
Gary C. Ma (State Bar No. 221294)
gary.ma@finnegan.com
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, LLP
Stanford Research Park
3300 Hillview Avenue
Palo Alto, California  94304-1203
Telephone:  (650) 849-6600
Facsimile:   (650) 849-6666

Attorneys for Third Party
KONINKLIJKE PHILIPS ELECTRONICS N.V.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean Corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York Corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware Limited Liability Company,<br><br>Defendants. | Case No. 11-cv-01846-LHK<br><br>**[PROPOSED] ORDER GRANTING THIRD-PARTY KONINKLIJKE PHILIPS ELECTRONICS N.V.'S ADMINISTRATIVE MOTION TO PARTIALLY FILE UNDER SEAL**<br><br>Judge:   Honorable Lucy H. Koh |

Pursuant to Civil Local Rules 7-11 and 79-5, Third Party Koninklijke Philips Electronics N.V. ("Philips") moves the Court for leave to (1) partially file under seal portions of Exhibit A to the Declaration of Gary C. Ma in Support of Koninklijke Philips Electronics N.V.'s Motion to File Under Seal ("Exhibit A") and (2) if Trial Exhibit 630 is offered and admitted into evidence during trial in this case, that certain portions of that exhibit be sealed and a version with those portions redacted be entered into the public record.

The Court recognizes that documents that are to be part of the judicial record must meet the "compelling reasons" standard in order to be sealed. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Under that standard, the court must "articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995). Furthermore, "a district court must weigh relevant factors, base its decision on a compelling reason, and articulate a factual basis for its ruling without relying on hypothesis or conjecture." *Dish Network L.L.C. v. Sonicview USA, Inc.*, 2009 WL 2224596, *7 (S.D. Cal. July 23, 2009). At the same time, the U.S. Supreme Court has explained that "the right to inspect and copy judicial records is not absolute," and that "the common-law right of inspection has bowed before the power of a court to insure that its records are not used . . . as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

Philips has established in the Declaration of Michael Marion that there are compelling reasons to seal the text under the "Payments" column headingsin (1) each ofthe charts in Exhibit A to the Ma Declaration supporting Philips' motion to seal, and (2) the corresponding text in the charts found in Exhibits 3A and 3B to Trial Exhibit 630. Specifically, those portions of Exhibit A and Trial Exhibit 630 contain confidential financial terms to Philips' license agreements with others. This information constitutes trade secrets that would cause Philips irreparable harm if publicly disclosed. Marion Decl. ¶¶ 3 and 4, *see In re Elec. Arts, Inc.*, 298 F. App'x 568, 569-70 (9th Cir. 2008). Additionally, because the financial terms of the Philips licenses are, at best, only tangentially related to the underlying causes of action, there is very little public interest in making those terms publicly available. *MMI, Inc. v. Baja, Inc.*, 743 F. Supp. 2d 1101, 1106 (D. Ariz. 2010).

1   Accordingly, IT IS HEREBY ORDERED that:

2       (1)   The text under the "Payments" column headings in Exhibit A to the Ma Declaration
3   supporting Philips' motion to seal be filed under seal;

4       (2)   The text under the "Payments" column headings in Exhibits 3A and 3B to Trial
5   Exhibit 630 (to the extent the text relates to licenses involving Philips) be redacted from the public
6   record if that exhibit is offered and admitted into evidence at trial in this matter. .

8       IT IS SO ORDERED.

10   Dated: _____, 2012   _____
                                                                 Hon. Lucy H. Koh
11                                                                     United States District Judge