# EXHIBIT C
# FILED UNDER SEAL

**SUBJECT TO PROTECTIVE ORDER; CONTAINS HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEY'S EYES ONLY INFORMATION**

HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

WILLIAM F. LEE (*pro hac vice* anticipated)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and Counterclaim-defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK<br><br>**APPLE INC.'S OBJECTIONS AND RESPONSES TO SAMSUNG ELECTRONICS CO. LTD.'S FIRST SET OF INTERROGATORIES TO APPLE INC.** |

2011.  Samsung was put on notice of Apple's distinctive iPad Trade Dress and the trade dress shown in U.S. Application Serial Nos. 77/921,838, 77/921,829, and 77/921,869 upon the announcement of the iPad, and it was put on notice of Apple's distinctive iPad 2 Trade Dress upon the announcement of the iPad 2.  Samsung was put on notice of the marks shown in U.S. Registration Nos. 3,886,196; 3,889,642; 3,886,200; 3,889,685; and 3,886,169 upon the announcement of the original iPhone.  Samsung was put on notice of the mark shown in U.S. Registration No. 3,886,197 for at least as early as June 19, 2009.  Samsung was put on notice of the Purple iTunes Store Trademark at least as early as June 2008.  Samsung was put on notice of the iTunes Eighth Note and CD Design Trademark at least as early as January 9, 2001.

**INTERROGATORY NO. 8:**

Separately for each claim or counterclaim APPLE has asserted or will assert, identify and fully describe any and all damages that APPLE is claiming in This Lawsuit and the detailed basis for any such damages claim, including whether APPLE is seeking lost profits or a reasonable royalty and the periods of time over which APPLE claims it has suffered damages.  If APPLE is seeking lost profits, identify the amount of the alleged lost profits, the computation of the alleged lost profits including all revenues, income, costs, unit costs, and quantity associated with the manufacture, sales and offers for sale by APPLE or any other entity of any product APPLE contends is covered by the APPLE PATENTS-IN-SUIT, each purported lost sale or other item which forms any part of APPLE's alleged lost profits, and the time period over which APPLE claims it is entitled to lost profits. If APPLE is seeking a reasonable royalty, identify the amount of the reasonable royalty, including any royalty rate expressed in per unit or percentage of revenues terms and the basis for the per unit or percentage used, the computation of the alleged reasonable royalty, and the time period over which APPLE claims it is entitled to lost profits.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 8:**

Apple objects to this Interrogatory as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Apple objects to this Interrogatory as premature to the extent that it: (a) conflicts with the schedule entered by the Court, (b) conflicts with the obligations imposed by the Federal Rules of Civil Procedure, the Civil Local Rules

and/or the Patent Local Rules of this Court, and/or any other applicable rule; (c) seeks information that is the subject of expert testimony; (d) seeks information and/or responses that are dependent on the Court's construction of the asserted claims of the patents-in-suit; (e) seeks information and/or responses that are dependent on depositions and documents that have not been taken or produced; or (f) requires access to data and information in Samsung's sole possession. Apple objects to this Interrogatory to the extent it seeks information that: (i) requires the disclosure of information, documents, and things protected from disclosure by the attorney-client privilege, work product doctrine, common interest doctrine, joint defense privilege, or any other applicable privilege, doctrine, or immunity; or (ii) can be obtained as easily by Samsung, is already in Samsung's possession, or is publicly available.

Subject to and without waiving the foregoing General and Specific Objections, Apple responds as follows:

Apple claims a monetary award as a result of Samsung's infringement of Apple's patents. Pursuant to 35 U.S.C. § 289, Apple claims Samsung's total profits from all sales that infringe Apple's design patents, together with prejudgment interest.  These shall include Samsung's total profits based on sales of each of the infringing products and any profits resulting from associated or reasonably foreseeable sales of other items in connection with or resulting from the sales of each of the infringing products.  Pursuant to 35 U.SC. § 284, Apple claims damages adequate to compensate for Samsung's infringement of Apple's design and utility patents, which shall in no event be less than a reasonable royalty for Samsung's infringement.  Apple has lost profits on sales of its products as well as other revenues due to the presence of Samsung's infringement and the competition by Samsung using Apple's intellectual property.  These lost profits shall include lost profits due to lost sales of iPhone and iPad products.  Further, they include lost profits due to price erosion with respect to Apple products and profits lost because Apple did not receive foreseeable downstream sales of additional products and services.  A reasonable royalty shall apply to any sales of infringing products that are not proved to have resulted in lost profits.  Apple seeks prejudgment interest on any monetary award provided pursuant to section 284.  Further,

Apples seeks enhanced damages of three times the amount assessed based on Samsung's misconduct and willful infringement of Apple's patents.

Pursuant to 15 U.S.C. § 1117, Apple claims a monetary award for Samsung's misappropriation of Apple's trademarks and trade dress, and the dilution of the foregoing. Apple further claims an award based on Samsung's common law trademark infringement. Samsung has wrongly obtained profits by virtue of its infringement and misappropriation and this amount shall be calculated initially on Samsung's revenues from sales of all products obtained through and as a foreseeable result of Samsung's infringement, dilution, and misappropriation. Apple separately claims an award for the damages that it sustained due to Samsung's infringement, dilution, and misappropriation. These include lost sales of Apple products as well as foreseeable downstream sales of products and services and the expense of remedial, corrective or other steps that Apple has had to take in light of Samsung's infringement. Further, Apple seeks a monetary award for purposes of future corrective advertising. Pursuant to section 1117, Apple seeks an award trebling the damages assessed.

Apple has and will have expended costs and reasonable attorneys fees, which it will seek to recover pursuant to 15 U.S.C. § 1117 and 35 U.S.C. § 285 because Samsung's infringement and misconduct presents an exceptional case.

Based on Samsung's unfair business practices in violation of California Business and Professions Code § 17200 and Samsung's unjust enrichment of itself due to misappropriation of Apple's intellectual property, Apple claims an award restoring to Apply all profits earned as a result of Samsung's unlawful actions. Apple further claims restitution based on other revenues or benefits wrongly obtained by Samsung due to its violations.

Apple also claims damages as a result of Samsung's anticompetitive conduct and unlawful business acts and practices, including its failure to offer Apple a license on fair, reasonable and non-discriminatory (FRAND) terms to Samsung's claimed standards-essential patents. These damages include the expenditure of resources and costs to resolve its licensing dispute with Samsung and defending against Samsung's patent infringement claims, notwithstanding Apple's license to those patents by virtue of Samsung's FRAND commitments. Apple also is threatened

1  by loss of profits, loss of customers and potential customers, loss of goodwill and product image,
2  uncertainty in business planning and uncertainty among customers and potential customers.  Such
3  damages may be determined by methods including, but not limited to, litigation expenditures
4  incurred in the defense of Samsung's patent infringement claims, lost profits, and lost sales.  In
5  addition, pursuant to Section 4 of the Clayton Act and/or Section 16750 of the California
6  Business and Professions Code, Apple is entitled to treble the amount of its actual damages
7  suffered as a result of Samsung's conduct and all reasonable attorneys' fees and costs.  Moreover,
8  Apple is seeking all reasonable attorneys' fees and costs as a result of Samsung's violations of the
9  California Unfair Competition Law, and in connection with its defense against Samsung's
10 infringement claims.
11      Apple reserves the right to supplement its damages theory as additional information
12 becomes available.  In addition, Apple will provide information responsive to this Interrogatory
13 consistent with the Court's Scheduling Order for the disclosure of damages experts.
14 **INTERROGATORY NO. 9:**
15      Separately for each of the APPLE PATENTS-IN-SUIT, APPLE TRADE DRESS and
16 APPLE TRADEMARKS, identify each claim which APPLE asserts is subject to a FRAND
17 royalty obligation (if any), and describe in detail the basis for such assertion, including but not
18 limited to the source of the obligation, the scope of the obligation including specific patents
19 and/or subject area, the time period of the obligation, the terms of the license to be offered under
20 the obligation, and the royalty rate(s) APPLE asserts Samsung is obligated to offer.
21 **OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 9:**
22      Apple objects to this Interrogatory to the extent it seeks information that: (i) requires the
23 disclosure of information, documents, and things protected from disclosure by the attorney-client
24 privilege, work product doctrine, common interest doctrine, joint defense privilege, or any other
25 applicable privilege, doctrine, or immunity; (ii) would require Apple to draw a legal conclusion to
26 respond; or (iii) can be obtained as easily by Samsung, is already in Samsung's possession, or is
27 publicly available.  Apple further objects to this Interrogatory as unintelligible to the extent that it
28

1 | its iPhone and iPad products appear in nationally circulated newspapers and magazines, on
2 | national primetime television broadcasts, and on transit stops, billboards, and street media in
3 | major cities across the United States.

Apple also owns it's Trade Dress Registrations, the Registration Icon Trademarks, and the iTunes Eighth Note and CD Design registration.

The Original iPhone Trade Dress, the trade dress shown in the Trade Dress Registrations, and the trademarks shown in U.S. Registration Nos. 3,886,196, 3,889,642, 3,886,200, 3,889,685, and 3,886,169 have been in use in commerce since June 29, 2007; the iPhone 3G Trade Dress has been in use since July 11, 2008; the iPhone 4 Trade Dress has been in use since June 24, 2010; and the iPhone Trade Dress has been in use since June 29, 2007. The iPad Trade Dress and the trade dress shown in U.S. Application Serial Nos. 77/921,838, 77/921,829, and 77/921,869 have been in use since April 3, 2010, and the iPad 2 Trade Dress has been in use since March 11, 2011. The trade dress shown in the Trade Dress Registrations has been in use since June 29, 2007. The trade dress shown in U.S. Application Serial No. 85/299,118 has been in use since June 24, 2010. The trademark shown in U.S. Registration No. 3,886,197 has been in use since June 19, 2009. The Purple iTunes Store Trademark has been in use since June 2008. The iTunes Eighth Note and CD Design Trademark has been in use since January 9, 2001.

Dated: September 12, 2011                    MORRISON & FOERSTER LLP


                                              By:  /s/ Richard S.J. Hung
                                                   RICHARD S.J. HUNG

                                                   Attorneys for Plaintiff
                                                   APPLE INC.