1   HAROLD J. MCELHINNY (CA SBN 66781)   WILLIAM F. LEE
    hmcelhinny@mofo.com                  william.lee@wilmerhale.com
2   MICHAEL A. JACOBS (CA SBN 111664)    WILMER CUTLER PICKERING
    mjacobs@mofo.com                     HALE AND DORR LLP
3   RACHEL KREVANS (CA SBN 116421)       60 State Street
    rkrevans@mofo.com                    Boston, MA 02109
4   JENNIFER LEE TAYLOR (CA SBN 161368)  Telephone: (617) 526-6000
    jtaylor@mofo.com                     Facsimile: (617) 526-5000
5   ALISON M. TUCHER (CA SBN 171363)
    atucher@mofo.com
6   RICHARD S.J. HUNG (CA SBN 197425)    MARK D. SELWYN (SBN 244180)
    rhung@mofo.com                       mark.selwyn@wilmerhale.com
7   JASON R. BARTLETT (CA SBN 214530)    WILMER CUTLER PICKERING
    jasonbartlett@mofo.com               HALE AND DORR LLP
8   MORRISON & FOERSTER LLP              950 Page Mill Road
    425 Market Street                    Palo Alto, California 94304
9   San Francisco, California  94105-2482  Telephone: (650) 858-6000
    Telephone:  (415) 268-7000           Facsimile: (650) 858-6100
10  Facsimile:  (415) 268-7522

11

12  Attorneys for Plaintiff and
    Counterclaim-Defendant APPLE INC.

13

14              UNITED STATES DISTRICT COURT

15             NORTHERN DISTRICT OF CALIFORNIA

16                    SAN JOSE DIVISION

17

18  APPLE INC., a California corporation,        Case No.      11-cv-01846-LHK (PSG)

19                  Plaintiff,                   **APPLE'S OBJECTIONS TO
                                                 SAMSUNG'S SUBMISSION
20          v.                                   IDENTIFYING ATTORNEYS'
                                                 FEES AND COSTS PURSUANT
21  SAMSUNG ELECTRONICS CO., LTD., a             TO THE COURT'S JULY 11, 2012
    Korean business entity; SAMSUNG              ORDER**
22  ELECTRONICS AMERICA, INC., a New York
    corporation; SAMSUNG
23  TELECOMMUNICATIONS AMERICA, LLC, a
    Delaware limited liability company,
24
                    Defendants.
25

26

27

28

Apple objects to the amount of Samsung's fee request—$258,200.50—which is unreasonable and should be substantially reduced:

- Samsung seeks fees for an excessive numbers of hours, including *150 attorney hours* to prepare a motion to enforce and *260 attorney hours* to prepare a sanctions motion, both arising from a motion to compel that took only *ten hours* to prepare. These hours are unjustified and unsupported by the documentation that Samsung acknowledges is required.

- Samsung seeks fees for tasks that are not subject to a fee award, such as reviewing documents that it would have reviewed for litigation purposes, including thousands of pages of deposition transcripts taken by Samsung's own counsel in the related ITC action.

- Samsung fails to support its claim that its claimed rates are "comparable to the rates charged by Apple's outside counsel." In fact, the partner rates that Samsung asks the Court to award are *41%* higher than the partner rates that Apple sought when Apple was awarded fees.

A party is entitled to only "reasonable" attorneys' fees. *See, e.g., Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1385 (9th Cir. 1988); Fed. R. Civ. P. 37(b)(2)(C). Samsung's requested fees are not reasonable. Instead, Samsung has improperly turned the Court's July 11 Order—which was explicit that Samsung was not prejudiced, beyond the delay, by the late-produced deposition transcripts—into a carte blanche invitation to seek excessive fees and to publish erroneous and irrelevant attacks on Apple.

## I. SAMSUNG'S CLAIMED NUMBER OF HOURS IS UNREASONABLE AND UNSUPPORTED.

Samsung seeks fees for *more than 150 hours* of attorney time to prepare its motion to enforce and *more than 260 hours* to prepare its motion for sanctions. (Hutnyan Decl. Ex. 1.)[1]

---

[1] The chart attached to the Hutnyan Declaration claims 152.3 hours for the Motion to Enforce, although the declaration references "more than 130 attorney hours." (Hutnyan Decl. ¶ 16.) Even if closer to 130 hours, the amount is excessive, for the reasons explained above.

APPLE'S OBJECTIONS TO SAMSUNG'S SUBMISSION IDENTIFYING ATTORNEYS' FEES & COSTS
CASE NO. 11-cv-01846-LHK (PSG)
sf-3172512

1

1  That amount of time is unreasonable.  Samsung admits that it needed only ten attorney hours to

2  prepare the portion of its motion to compel relating to deposition transcripts of Apple employees.

3  (*Id.* ¶ 10.)  It could not reasonably have required *15 times* as many hours to brief the same topic in

4  its motion to enforce, or *more than 26 times* as many hours to do so in its motion for sanctions.

5  As Samsung acknowledged in a prior submission, "the party requesting fees 'bears the

6  burden of submitting detailed time records justifying the hours claimed to have been expended.'"

7  (Dkt. No. 921 at 2 (quoting *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir.

8  1986).)  Samsung urged the Court to reject Apple's request for attorneys' fees because, in its

9  view, Apple had not "describe[d] which tasks each attorney performed, how much time each of

10  the tasks took, or when those tasks were performed."  (*Id.* at 2.)

11  The Hutnyan Declaration contains none of this information.  There is no breakdown of

12  tasks performed by each Samsung attorney and no information regarding how much time was

13  spent on those tasks.  Samsung provides only a "list of attorney names plus the corresponding

14  number of hours each attorney billed in connection with the motion," a level of detail that

15  Samsung condemned as "impermissibly vague."  (Dkt. No. 921 at 2.)

16  Samsung's failure to provide further information makes it impossible to assess whether its

17  fees request is appropriately limited to expenses incurred as a result of the sanctioned conduct.

18  Samsung's motion for sanctions sought attorneys' fees for motion practice only "to the extent" its

19  motions related to production of the deposition transcripts that Apple had allegedly withheld.

20  (Hutnyan Decl. ¶ 6(a), (c); Dkt. No. 968 at 18.)  But it submits no detailed evidence indicating

21  how much of the work for which it is requesting fees was actually devoted to the transcript issue,

22  as opposed to other issues.  Nor does Samsung show that it allocated to that issue a reasonable

23  portion of the hours spent on motion practice.  Rather, it either asserts a flat number of generic

24  "attorney hours" relating to the transcript issue (Hutnyan Decl. ¶ 10 (discussing motion to

25  compel), or it does not provide any figures at all on that point (*id.* ¶ 15 (discussing motion to

26  enforce Dec. 22 Order).)

27  Samsung's request stands in sharp contrast to Apple's showing in connection with its fees

28  request pursuant to the Court's April 23 Order, which also was based on work incurred as a result

APPLE'S OBJECTIONS TO SAMSUNG'S SUBMISSION IDENTIFYING ATTORNEYS' FEES & COSTS
CASE NO. 11-cv-01846-LHK (PSG)
sf-3172512

2

1   of a failure to produce a single category of documents (Dkt. No. 906).  Apple (conservatively)

2   requested fees for only 25% of the hours spent on the motion for which it was entitled to seek

3   fees.  (Dkt. No. 906 at 1.)  Further, Apple demonstrated that its outside counsel track their time

4   based on individual tasks, which made it possible to identify the time spent on recoverable tasks.

5   (*Id.* ¶ 27.)  In contrast, Samsung offers no explanation for how it determined what time to allocate

6   and fails to "properly segregate [] those expenses caused by the failure to obey court orders."

7   *Toth*, 862 F.2d at 1386.  And the unreasonableness of Samsung's requested fees award is plain

8   when compared to Apple's request, which sought only $29,167.00 in fees for that work (and, to

9   date, Samsung has not paid this modest amount).  Samsung's request is more than eight times

10   higher.

11          In place of the required documentation of reasonable fees that Samsung failed to provide,

12   much of the Hutnyan Declaration is devoted to ad hominem attacks on Apple and its counsel.

13   (*See, e.g.*, Hutnyan Decl. ¶¶ 14-15, 23-26.)  These attacks go far beyond the findings in the

14   Court's July 11 Order, which speak for themselves.  Even Samsung acknowledges that some of

15   its contentions have nothing to do with the costs reflected in its attorneys' fees request.  (*Id.* ¶¶

16   25-26.)  These unsubstantiated attacks are no substitute for the documentation Samsung was

17   required to provide and deserve no credence whatsoever.

18   **II.     SAMSUNG'S REQUEST INCLUDES FEES TO WHICH IT IS NOT ENTITLED.**

19          Samsung seeks fees for tasks that go beyond the scope of available remedies.  First,

20   Samsung acknowledges that it sought fees for preparing the portion of its motion to compel that

21   related to the deposition transcripts at issue), yet it also seeks fees for the "at least 12 hours" its

22   counsel spent on meeting and conferring with Apple in connection with that motion.  (Hutnyan

23   Decl. ¶¶ 6(a), 10; *see also* Dkt. No. 968 at 18.)  The Court never authorized payment of such fees.

24          Second, although Samsung requested fees for its "review of the documents that Apple

25   produced from December 22 through the present" (Hutnyan Decl. ¶ 6(b)), Samsung should not be

26   awarded fees for that task.  The purpose of a motion to compel is to obtain discovery that a party

27   seeks for litigation.  Rule 37 does not allow a party to shift its fees for reviewing the discovery its

28   motion sought to obtain, even if the party moved for enforcement of a court order.  To the

APPLE'S OBJECTIONS TO SAMSUNG'S SUBMISSION IDENTIFYING ATTORNEYS' FEES & COSTS
CASE NO. 11-cv-01846-LHK (PSG)
sf-3172512

3

1    contrary, Rule 37(b)(2) provides for only attorneys' fees "caused by the failure" to obey a court

2    order.  Fed. R. Civ. P. 37(b)(2)(C).  Samsung's fees incurred to review Apple's production of

3    transcripts—and all other documents "produced from December 22 through the present"—were

4    not caused by any failure to obey a court order; Samsung would have reviewed them in any event.

5    Because "[r]eview and analysis of documents produced in discovery occurs in the normal course

6    of litigation," an award of fees for such work "would not serve the purpose behind the discovery

7    rules."  *SOC-SMG, Inc. v. Christian & Timbers, LLC*, No. 3:08-CV-00392-ECR-VPC, 2010 U.S.

8    Dist. LEXIS 50062, at *12-13 (D. Nev. May 20, 2010) (denying fees for work related to

9    addressing "belated production of highly-relevant documents").

10          Moreover, the transcripts that Apple produced included depositions from the related ITC

11   action in which Samsung was a party and was represented by the same outside counsel.

12   Independent of the limits on recovery under Rule 37, Samsung has absolutely no basis to charge

13   Apple for its counsel's review of transcripts for depositions that they took in the related action.

14          Samsung makes clear that it is seeking fees for its counsel's review of documents,

15   including review of "283 partial and complete employee deposition transcripts, which amounted

16   to over 34,000 pages of deposition testimony," produced after the Court granted Samsung's

17   motion to enforce in April 2012.  (Hutnyan Decl. ¶¶ 4-5, 6(b).)  But although Samsung bears the

18   burden of justifying and documenting its requested fees, it never identifies how much time it

19   spent reviewing the transcripts.  Given that Samsung's sanctions motion and its fee request touted

20   the large number of transcripts and transcript pages that were produced after the Court's April

21   2012 order, and given its inflated request for hours, the Court should assume that a large number

22   of Samsung's claimed hours are unrecoverable review of the transcripts.

### III.   SAMSUNG FAILS TO JUSTIFY ITS CLAIMED RATES.

24          An attorneys' fees request must be supported by "evidence in the record [] indicat[ing]

25   that the rates claimed were reasonable or that they were comparable with prevailing rates in the

26   community."  *Toth*, 862 F.3d at 1386.  Samsung seeks compensation at an hourly rate of $821 for

27

28

APPLE'S OBJECTIONS TO SAMSUNG'S SUBMISSION IDENTIFYING ATTORNEYS' FEES & COSTS
CASE NO. 11-cv-01846-LHK (PSG)
sf-3172512

4

partners and $448 for associates.[2]  Samsung contends that these rates are "comparable to the rates charged by Apple's outside counsel." (*Id.* ¶ 42.)  This is untrue; the partner rates of Samsung's counsel are *41%* higher than the partner rates in Apple's fees request. (Dkt. No. 906 ¶ 24 & Ex. 1.)  Samsung's associate rates are likewise significantly higher than those requested by Apple's counsel. (*Id.*)  Under these circumstances, Samsung fails to show that its counsel's rates are reasonable.[3]

## IV. SAMSUNG'S FEES ARE PARTICULARLY UNREASONABLE IN LIGHT OF THE PROVEN UNIMPORTANCE OF THE DEPOSITION TRANSCRIPTS AT ISSUE.

In approving a fee award, the Court expressly noted the absence of any evidence that Samsung had been prejudiced (Dkt. No. 1213 at 10), even though Samsung had claimed that it was deprived "of any ability to develop lines of deposition questioning based on admissions or facts contained in the transcripts" that were the basis of the Court's July 11 Order. (Dkt. No. 1088-2 at 9.)  Samsung's representations have since proven untrue, and the lack of prejudice has been confirmed.  During the five depositions that the Court allowed Samsung to take as a remedy for the late-produced transcripts, Samsung asked no questions whatsoever based on the transcripts and marked none as exhibits. (Bartlett Decl. Exs. 1 - 5.)

An award to Samsung of over $250,000 in attorneys' fees would be particularly unreasonable in these circumstances.

---

[2] Confusingly, the Hutnyan Declaration references the "median" rates of Samsung's counsel (Hutnyan Decl. ¶ 43), but its attached chart describes those same rates as the "average" (*id.* Ex. 1).

[3] Samsung also references a survey (Hutnyan Decl. ¶ 41) but fails to provide any data from that survey.

APPLE'S OBJECTIONS TO SAMSUNG'S SUBMISSION IDENTIFYING ATTORNEYS' FEES & COSTS
CASE NO. 11-cv-01846-LHK (PSG)
sf-3172512

5

1   Dated: July 25, 2012                MORRISON & FOERSTER LLP

2

3                                        By:    /s/ Michael A. Jacobs
                                                Michael A. Jacobs
4
                                         Attorneys for Plaintiff
5                                        APPLE INC.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28