# D'AMATO DECLARATION EX. T
# FILED UNDER SEAL

**SUBJECT TO PROTECTIVE ORDER; CONTAINS HIGHLY CONFIDENTIAL –
OUTSIDE ATTORNEY'S EYES ONLY INFORMATION**

HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
JENNIFER LEE TAYLOR (CA SBN 161368)
jtaylor@mofo.com
ALISON M. TUCHER (CA SBN 171363)
atucher@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
JASON R. BARTLETT (CA SBN 214530)
jasonbartlett@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>             Plaintiff,<br><br>       v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>             Defendants. | Case No.    11-cv-01846-LHK (PSG)<br><br>**APPLE INC.'S CORRECTED AMENDED OBJECTIONS AND RESPONSES TO SAMSUNG ELECTRONICS CO. LTD.'S INTERROGATORY NOS. 4, 6, 7, 16, 17, 18 TO APPLE INC.** |

APPLE'S CORRECTED AMENDED OBJECTIONS AND RESPONSES TO SAMSUNG'S INTERROGATORY NOS. 4, 6, 7,
16, 17, 18 — CASE NO. 11-CV-01846 LHK (PSG)
sf-3115679

**SUBJECT TO PROTECTIVE ORDER; CONTAINS HIGHLY CONFIDENTIAL –
OUTSIDE ATTORNEY'S EYES ONLY INFORMATION**

Under Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Rule 33, Apple Inc. ("Apple") hereby amends its objections and responses to Samsung Electronics Co. Ltd.'s Interrogatory Nos. 4, 6, 7, 16, 17, and 18 served by Samsung Electronics Co., Ltd. ("Samsung") on August 3, 2011.

**GENERAL OBJECTIONS**

The General Objections set forth in Apple's Objections and Responses to Samsung's First Set of Interrogatories, served on September 12, 2011, are incorporated herein by reference.

**AMENDED OBJECTIONS AND RESPONSES TO INTERROGATORIES**

Subject to the foregoing qualifications and General Objections and the specific objections made below, Apple objects and responds to Samsung Electronics Co. Ltd.'s Interrogatory No. 4, 6, 7, 16, 17, and 18 to Apple Inc. as follows:

**INTERROGATORY NO. 4:**

Separately for each of the APPLE PATENTS-IN-SUIT, identify each PATENTED PRODUCT, which Apple patent(s) is/are embodied in the PATENTED PRODUCT, the date each PATENTED PRODUCT was first sold in the United States, and whether each PATENTED PRODUCT was marked pursuant to 35 U.S.C. § 287 or otherwise, how each product was marked including the location and manner of the marking, the individuals or entities that marked each product, and any interruptions to or other changes in the practice of marking the PATENTED PRODUCT since it was first marked.

**AMENDED OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 4:**

Apple objects to this Interrogatory as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and incorporating its General Objections and its specific objections, Apple responds as follows:

All generations of the iPad (iPad and iPad 2), the iPhone (original iPhone, iPhone 3G, iPhone 3GS, iPhone 4, and iPhone 4S), and the iPod touch practice claims of the '381, '891, '163, '915, '828, '607, and '129 patents. The iPad, iPad 2, iPhone 3GS, iPhone 4, iPhone 4S, and iPod touch practice claims of the '002 patent when operating on the iOS 5 platform.

APPLE'S CORRECTED AMENDED OBJECTIONS AND RESPONSES TO SAMSUNG'S INTERROGATORY NOS. 4, 6, 7, 16, 17, 18 — CASE NO. 11-CV-01846 LHK (PSG)
sf-3115679

1

1    The patented design of the D'677 patent is embodied in at least the original iPhone,
2  iPhone 3G, iPhone 3GS, iPhone 4, and iPhone 4S.  The patented design of the D'087 patent is
3  embodied in at least the original iPhone, iPhone 3G, and iPhone 3GS.  The patented design of the
4  D'889 patent is embodied in at least the iPad 2.  The patented design of the D'270 is embodied in
5  at least the iPod Touch.  The patented design of the D'305 patent is embodied in at least the
6  original iPhone, iPhone 3G, iPhone 3GS, iPhone 4, iPhone 4S, and all generations of the iPod
7  Touch.  The patented design of the D'334 patent is embodied in at least the iPhone 3G, iPhone
8  3GS, iPhone 4, iPhone 4S, and all generations of the iPod Touch.  The patented design of the
9  D'790 patent is embodied in at least the original iPhone, iPhone 3G, iPhone 3GS, iPhone 4,
10 iPhone 4S, and all generations of the iPod Touch.
11   The original iPhone was first sold in the United States on or around June 29, 2007.  The
12 iPhone 3G was first sold in the United States on or around July 11, 2008.  The iPhone 3GS was
13 first sold in the United States on or around June 19, 2009.  The iPhone 4 was first sold in the
14 United States on or around June 24, 2010.  The iPhone 4S was first sold in the United States on or
15 around October 14, 2011. The iPad was first sold in the United States on or around April 3, 2010.
16 The iPad 2 was first sold in the United States on or around March 11, 2011.  The iPod touch was
17 first sold in the United States on or around September 8, 2007.
18   Apple has not marked the original iPhone, the iPhone 3G, the iPhone 3GS, the iPhone 4,
19 the iPhone 4S, the iPad, the iPad 2, or the iPod touch with any of the Apple patents-in-suit
20 pursuant to 35 U.S.C. § 287 or otherwise.
21 **INTERROGATORY NO. 6:**
22   Separately for each of the APPLE PATENTS-IN-SUIT, APPLE TRADE DRESS, and
23 APPLE TRADEMARKS, IDENTIFY any and all persons to whom YOU have ever licensed or
24 offered to license, or persons who have requested to license, or to whom YOU have granted or
25 offered to grant any other rights under the patent, trade dress, or trademark, including the status of
26 those requests and offers, whether continuing, successful, or terminated, and identify (by Bates
27 number) all DOCUMENTS RELATED to any such license, offer, request, or other grant of
28 rights.

**SUBJECT TO PROTECTIVE ORDER; CONTAINS HIGHLY CONFIDENTIAL –
OUTSIDE ATTORNEY'S EYES ONLY INFORMATION**

**AMENDED OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 6:**

Apple objects to the terms "any other rights," "successful," "RELATED," and "other grant of rights" as vague and ambiguous. Apple objects to this Interrogatory as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, especially with regards to its request for identification of "any and all persons . . . who have requested to license," and "all DOCUMENTS RELATED to any such license, offer, request, or other grant of rights."

Subject to and incorporating its General Objections and its specific objections, Apple responds as follows:

Apple receives thousands of requests for permission to use the trademarks and trade dress associated with the iPhone, iPod touch, and iPad each year. The vast majority of these requests are received via e-mail to a widely published email address (wwmarcom@apple.com). Such requests receive an automatic response indicating that Apple will respond if it is able to pursue the request, but that "[s]hould you not hear from an Apple representative within 3 business days, we apologetically are unable to pursue the opportunity with which you present us at this time." The volume is so great that Apple is unable to respond to all of them beyond the automatic response generated by the e-mail system. Apple has granted permission to use the trademarks or trade dress associated with the iPhone, the iPod touch, and the iPad in response to requests that fall within several general categories, including: marketing/promotions requests, advertising requests, product placement, and use in connection with third-party works.

Among the many requests granted to use the trademarks and trade dress associated with the iPhone, iPod touch, or iPad related to marketing/promotions requests, Apple has permitted the following: use of the iPhone and iPad by Bank of America for its points rewards program; use of iPads by Time Inc. for a sweepstakes; use of iPhone and iPad images by Fidelity Brokerage Services for its promotion of Fidelity mobile applications; use of iPhone and iPod images by the Ford Motor Company for a promotional video; use of iPads by Johnson & Johnson for a giveaway promotion; use of iPads and iPhones by ING Direct for direct marketing; use of iPads

APPLE'S CORRECTED AMENDED OBJECTIONS AND RESPONSES TO SAMSUNG'S INTERROGATORY NOS. 4, 6, 7, 16, 17, 18 — CASE NO. 11-CV-01846 LHK (PSG)
sf-3115679

3

by Cross Country Home Services for a sweepstakes; use of iPods by Nissan for a giveaway promotion; and use of iPods by MTV Network for a giveaway promotion.

Among the many requests granted to use the trademarks and trade dress associated with the iPhone, iPod touch, or iPad in relation to advertising requests, Apple has permitted the following: use of iTunes logo and iPhone by Disney for an in-theater film preview; use of an iPhone and iPad by Acura for a television commercial; use of Apple images and icons by University of Phoenix for an advertising campaign; use of iPhone and iPad images by Nissan for a product demo video; use of iPhone and iPad images by Discovery Studios for a television commercial; use of iPod images by Honda for advertising materials; and use of iPads and iPhones by Bank of America for television commercials.

Among the many requests granted to use the trademarks and trade dress associated with the iPhone, iPod touch, or iPad related to product placement, Apple has permitted use of Apple products by the following entities in television programs: NBCUniversal for the television programs 30 Rock, Awake, The Biggest Loser, Chuck, Fashion Star, Free Agents, Grimm, Law and Order: SVU, The Office, Parenthood, Parks and Recreation, Prime Suspect, Up All Night, Smash, Whitney, Who Do You Think You Are?, and Facing Kate (USA Network), Psych (USA Network), and Royal Pains (USA Network); FOX Broadcasting Company for the television programs Apartment 23, Bones, The Finder, Fringe, Glee, House MD, New Girl, Raising Hope, and Touch; CBS Entertainment for the television programs A Gifted Man, Big Bang Theory, Boss, Broke Girls, CSI, CSI: Miami, CSI: New York, The Good Wife, Hawaii 5-0, How to be a Gentleman, How I Met Your Mother, The Mentalist, Mike and Molly, NCIS, Person of Interest, Two Broke Girls, Two and a Half Men, and Unforgettable; ABC TV Network for Apartment 23, Castle, Jane by Design, Jimmy Kimmel Live, Melissa and Joey, and Modern Family; The CW Television Network for Gossip Girl, One Tree Hill, and Ringer; Comedy Central for the Colbert Report, the Daily Show, Important Things with Demetri Martin, and the Nick Swardson Pretend Time; IFC Channel for Portlandia; TV Land for the Exes; Bravo for Around the World in 80 Plates, the Chris March Project, Double Exposure, Flipping Out, Work of Art, and Top Chef; Viacom International (Logo TV) for RuPaul's Drag Race; HGTV for Dear Genevieve and

APPLE'S CORRECTED AMENDED OBJECTIONS AND RESPONSES TO SAMSUNG'S INTERROGATORY NOS. 4, 6, 7, 16, 17, 18 — CASE NO. 11-CV-01846 LHK (PSG)
sf-3115679

4

**SUBJECT TO PROTECTIVE ORDER; CONTAINS HIGHLY CONFIDENTIAL –
OUTSIDE ATTORNEY'S EYES ONLY INFORMATION**

Staycation; ESPN for Sports Science; MTV Networks for I Just Want My Pants Back, My Sweet Psycho Sixteen, RJ Berger, and Single Ladies (VH1 Channel); National Geographic for Humanly Impossible; Discovery Communications (Discovery Channel) for Meteorite Men and Norte a Sur: Una Ruta Cinco Experiencias; History Channel for American Pickers and Decoded; F/X Channel for American Horror, Justified, and Louie; Turner Broadcasting System for Are We There Yet? (TBS) and Men of a Certain Age (TNT), Memphis Beat (TNT), Rizzoli and Isles (TNT), and Southland (TNT); Spike Digital Entertainment for the Sherriff; BET Entertainment Television for the Game and Reed Between the Lines; Home Box Office, Inc. for the television programs Bored to Death, Curb Your Enthusiasm, Eastbound and Down, Enlightened, Entourage, In Treatment, Luck, More as the Story Develops, Spring/Fall, Transporter, Treme, and True Blood; Showtime Networks for Californication, Dexter, House of Lies, Nurse Jackie, Shameless, Weeds, and Web Therapy; and the following syndicated programs: The Conan O'Brien Show, the Ellen DeGeneres Show, the Martha Stewart Show, and Regis and Kelly. Apple has also provided permission to use products in over 100 feature films in the last year alone.

Among the many requests granted to use the trademarks and trade dress associated with the iPhone, iPod touch, or iPad related to third-party works, Apple has permitted the following: use of iPad images by McGraw-Hill for two book covers; use of an iPad and an iPhone image by Pearson Education for two book covers; use of several iOS icons by City Guilds for use in a textbook; use of iPhone and iPad images by Gartner Investments for inclusion as graphics for a financial report; use of iPhone, iPad, and iOS icons by Barclay Capital Asia Ltd. for inclusion as graphics for a financial report; use of iPad 2 images by Crystal Springs Publishing for a book cover; use of iPad and iPhone images by Nelson Education for use in a book; use of iPad images by Dezeen Limited for use in a book; use of iPad and iPhone images by Crimson Publishing for use in a book.

In addition, Apple has also entered into 187 separate optical disc and PC distribution agreements that included a non-exclusive license to use the Old iTunes Logo.

Apple has discussed one or more of the APPLE PATENTS-IN-SUIT with Samsung, Motorola, HTC, and Google.

APPLE'S CORRECTED AMENDED OBJECTIONS AND RESPONSES TO SAMSUNG'S INTERROGATORY NOS. 4, 6, 7, 16, 17, 18 — CASE NO. 11-CV-01846 LHK (PSG)
sf-3115679

5

In accordance with Federal Rule of Civil Procedure 33(d), Apple refers to the following documents because the burden of deriving or ascertaining the answer to this Interrogatory from the produced business records is substantially the same for Apple as for Samsung: APLNDC-X0000007220, APLNDC00013715, and APLNDC00013690.

**INTERROGATORY NO. 7:**

Separately for each of the APPLE PATENTS-IN-SUIT, APPLE TRADE DRESS and APPLE TRADEMARKS state all facts supporting any contention by APPLE that Samsung has willfully infringed, diluted, or falsely designated the origin of its products for each patent, trade dress, and trademark, including when and how APPLE asserts Samsung had actual notice of the APPLE PATENTS-IN-SUIT, APPLE TRADE DRESS, and APPLE TRADEMARKS.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 7:**

Apple objects to this Interrogatory as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Apple objects to this Interrogatory as premature to the extent that it: (a) conflicts with the schedule entered by the Court, (b) conflicts with the obligations imposed by the Federal Rules of Civil Procedure, the Civil Local Rules and/or the Patent Local Rules of this Court, and/or any other applicable rule; (c) seeks information that is the subject of expert testimony; (d) seeks information and/or responses that are dependent on the Court's construction of the asserted claims of the patents-in-suit; or (e) seeks information and/or responses that are dependent on depositions and documents that have not been taken or produced. Apple further objects to this Interrogatory to the extent it seeks information that: (i) requires the disclosure of information, documents, and things protected from disclosure by the attorney-client privilege, work product doctrine, common interest doctrine, joint defense privilege, or any other applicable privilege, doctrine, or immunity; (ii) would require Apple to draw a legal conclusion to respond; (iii) is outside of Apple's possession, custody, or control; or (iv) can be obtained as easily by Samsung, is already in Samsung's possession, or is publicly available.

Subject to and incorporating its General Objections and its specific objections, Apple responds as follows:

APPLE'S CORRECTED AMENDED OBJECTIONS AND RESPONSES TO SAMSUNG'S INTERROGATORY NOS. 4, 6, 7, 16, 17, 18 — CASE NO. 11-CV-01846 LHK (PSG)
sf-3115679

6

Case 5:11-cv-01846-LHK   Document 1350-10   Filed 07/26/12   Page 9 of 18

**SUBJECT TO PROTECTIVE ORDER; CONTAINS HIGHLY CONFIDENTIAL –
OUTSIDE ATTORNEY'S EYES ONLY INFORMATION**

Samsung manufactured, distributed, imported into the United States, used in the United States, offered for sale in the United States, and sold in the United States products that infringed the Apple patents, trade dress, and trademarks at issue in this lawsuit despite an objectively high likelihood that its actions constituted infringement of valid patents, trade dress, and trademarks. Moreover, this objectively high likelihood of infringement was known to Samsung, or so obvious that it should have been known to Samsung. Samsung's objectively reckless infringement of the Apple patents, trade dress, and trademarks at issue in this lawsuit began before Apple commenced this action and continues to this day. There is no objectively reasonable non-infringement argument with respect to the accused products; nor is there any objectively reasonable argument that the Apple patents, trade dress, and trademarks at issue in this lawsuit are invalid.

For instance, starting in July 2010, Apple representatives provided notice to Samsung that it infringed Apple's patents and designs. On or about August 4, 2010, Apple representatives met with Samsung in Korea and showed a presentation titled "Samsung's Use of Apple Patents in Smartphones." This presentation emphasized Samsung's copying of the iPhone and identified two of the patents-in-suit (the '002 and '381 patents), giving Samsung actual notice of at least these patents, and many more.

On or about August 26, 2010, Apple sent Samsung an electronic archive file containing claim charts further illustrating Samsung's infringement of Apple patents. A presentation document that accompanied these claim charts identified the '002 and '381 patents as two patents that Samsung products infringed, and it substantiated these allegations with text from the patents and photographs of Samsung devices illustrating infringing functionality. Apple later presented these slides to Samsung at a meeting in Cupertino, California on or about September 9, 2010.

Moreover, even after Samsung indisputably had actual notice of its infringement of all of the Apple patents-in-suit as a result of the filing of this lawsuit, it continued the development, manufacture, importation, distribution and sale of electronic devices as to which there was no objectively reasonable theory of non-infringement. Samsung continues its willful infringing activities to the present.

APPLE'S CORRECTED AMENDED OBJECTIONS AND RESPONSES TO SAMSUNG'S INTERROGATORY NOS. 4, 6, 7, 16, 17, 18 — CASE NO. 11-CV-01846 LHK (PSG)
sf-3115679

7

During the August 4, 2010 presentation mentioned above, Apple also informed Samsung that Samsung's smart phones were infringing Apple's designs.

Moreover, with respect to the design patents-in-suit, and specifically with respect to D'889, Samsung was aware of this patent at least as early as April 14, 2008 when it was cited during the prosecution of U.S. Design Patents Nos. D578,983 and D583,342, which are assigned to Samsung. The D'889 was also cited during the prosecution of U.S. Design Patents Nos. D632,688 and D635,976. Specifically with respect to the D'790 patent, Samsung was aware of this patent at least as early as February 3, 2011 when it was cited during the prosecution of U.S. Design Patent No. D634,734, which is assigned to Samsung. Specifically with respect to the D'305 patent, Samsung was aware of this patent at least as early as November 27, 2009 when it was cited during the prosecution of U.S. Design Patent No. D618,700, which is assigned to Samsung. Moreover, there is substantial evidence of Samsung's copying of Apple's iPhone and iPad products, as shown by the numerous design similarities between Apple's and Samsung's phone and tablet products.

Furthermore, with respect to the trade dress and trademarks asserted in the lawsuit, Apple announced the original iPhone on January 9, 2007 and released the product on June 29, 2007; Apple announced the iPhone 3G on June 9, 2008 and released the product on July 11, 2008; Apple announced the iPhone 3GS on June 8, 2009 and released the product on June 19, 2009; and Apple announced the iPhone 4 on June 7, 2010 and released the product on June 24, 2010. Samsung was put on notice of Apple's distinctive Original iPhone Trade Dress, iPhone 3G Trade Dress, iPhone 4 Trade Dress, and iPhone Trade Dress upon the announcements of these respective products. Samsung was put on notice of the trade dress shown in the Trade Dress Registrations upon the announcement of the original iPhone. Samsung was put on notice of the trade dress shown in U.S. Application Serial No. 85/299,118 upon the announcement of the iPhone 4. Apple announced the iPad on January 27, 2010 and released the product on April 3, 2010, and Apple announced the iPad 2 on March 2, 2011 and released the product on March 11, 2011. Samsung was put on notice of Apple's distinctive iPad Trade Dress and the trade dress shown in U.S. Application Serial Nos. 77/921,838, 77/921,829, and 77/921,869 upon the

APPLE'S CORRECTED AMENDED OBJECTIONS AND RESPONSES TO SAMSUNG'S INTERROGATORY NOS. 4, 6, 7, 16, 17, 18 — CASE NO. 11-CV-01846 LHK (PSG)
sf-3115679

8

1  announcement of the iPad, and it was put on notice of Apple's distinctive iPad 2 Trade Dress

2  upon the announcement of the iPad 2.  Samsung was put on notice of the marks shown in U.S.

3  Registration Nos. 3,886,196; 3,889,642; 3,886,200; 3,889,685; and 3,886,169 upon the

4  announcement of the original iPhone.  Samsung was put on notice of the mark shown in U.S.

5  Registration No. 3,886,197 at least as early as June 19, 2009.  Samsung was put on notice of the

6  Purple iTunes Store Trademark at least as early as June 2008.  Samsung was put on notice of the

7  iTunes Eighth Note and CD Design Trademark at least as early as January 9, 2001.

8       In accordance with Federal Rule of Civil Procedure 33(d), Apple refers to the following

9  documents because the burden of deriving or ascertaining the answer to this Interrogatory from

10 the produced business records is substantially the same for Apple as for Samsung:

11 SAMNDCA00036232, SAMNDCA00176053, SAMNDCA00191811, SAMNDCA00196646,

12 SAMNDCA00201351, SAMNDCA00201771, SAMNDCA00202212, SAMNDCA00202336,

13 SAMNDCA00203016, SAMNDCA00203092, SAMNDCA00203268, SAMNDCA00203727,

14 SAMNDCA00203811, SAMNDCA00203880, SAMNDCA00214274, SAMNDCA00217372,

15 SAMNDCA00221705, SAMNDCA00228887, SAMNDCA00228934, SAMNDCA00228981,

16 SAMNDCA00229011, SAMNDCA00229396, SAMNDCA00229399, SAMNDCA00229410,

17 SAMNDCA00229440, SAMNDCA00229449, SAMNDCA00232190, SAMNDCA00237929,

18 SAMNDCA00237976, SAMNDCA00238251, SAMNDCA00238432, SAMNDCA00249029,

19 SAMNDCA00251506, SAMNDCA00507826, SAMNDCA00508318, SAMNDCA00512454,

20 SAMNDCA00514511, SAMNDCA00514571, SAMNDCA00515899, SAMNDCA00525347,

21 SAMNDCA00530675, SAMNDCA00533129, SAMNDCA00533366, SAMNDCA10042955,

22 SAMNDCA10154003, SAMNDCA10190890, SAMNDCA10244357, SAMNDCA10244604,

23 SAMNDCA10247373, SAMNDCA10247537, SAMNDCA10247549, SAMNDCA10275576,

24 SAMNDCA10403697, SAMNDCA10524415, SAMNDCA10806650, SAMNDCA10806707,

25 SAMNDCA10807316, SAMNDCA10807388, SAMNDCA10808682, SAMNDCA10809390,

26 SAMNDCA10809734, SAMNDCA10824971, all documents referenced in Apple's briefing on

27 its motion for sanctions, all documents that Samsung has produced, and continues to produce,

28

APPLE'S CORRECTED AMENDED OBJECTIONS AND RESPONSES TO SAMSUNG'S INTERROGATORY NOS. 4, 6, 7,
16, 17, 18 — CASE NO. 11-CV-01846 LHK (PSG)
sf-3115679

9

evidencing comparisons, analyses, studies, teardowns, and investigations of Apple products, and other documents produced late by Samsung that Apple is still in the process of reviewing.

**INTERROGATORY NO. 16:**

IDENTIFY all facts RELATING TO studies, including formal or informal analysis, investigation, surveys, focus groups, consumer research, or other information or reports that relate to, support, or refute YOUR claims in this action, including, for each such study, when it was commissioned, conducted, and completed, by whom it was conducted, and its conclusions.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 16:**

Apple objects to the phrases "all facts RELATING TO studies" and "formal or informal analysis" as vague and ambiguous. Apple objects to this Interrogatory as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, especially because it requests the identification of "all facts RELATING TO . . . analysis, investigation . . . or other information or reports that relate to . . . YOUR claims." Apple objects to this Interrogatory as premature to the extent that it: (a) conflicts with the schedule entered by the Court, (b) conflicts with the obligations imposed by the Federal Rules of Civil Procedure, the Civil Local Rules, and/or any other applicable rule; (c) seeks information that is the subject of expert testimony; or (d) seeks information and/or responses that are dependent on depositions and documents that have not been taken or produced. Apple objects to this Interrogatory to the extent it seeks information that: (i) requires the disclosure of information, documents, and things protected from disclosure by the attorney-client privilege, work product doctrine, common interest doctrine, joint defense privilege, or any other applicable privilege, doctrine, or immunity; (ii) is outside of Apple's possession, custody, or control; or (iii) can be obtained as easily by Samsung, is already in Samsung's possession, or is publicly available.

Subject to and incorporating its General Objections and its specific objections, in accordance with Federal Rule of Civil Procedure 33(d), Apple refers to the following documents because the burden of deriving or ascertaining the answer to this Interrogatory from the produced business records is substantially the same for Apple as for Samsung: Market and consumer studies produced by Apple, including APLNDC-X0000313770-314368; APLNDC-

APPLE'S CORRECTED AMENDED OBJECTIONS AND RESPONSES TO SAMSUNG'S INTERROGATORY NOS. 4, 6, 7, 16, 17, 18 — CASE NO. 11-CV-01846 LHK (PSG)
sf-3115679

10

**SUBJECT TO PROTECTIVE ORDER; CONTAINS HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEY'S EYES ONLY INFORMATION**

X0000051955-69414; APLNDC-Y0000023661-Y0000029204; and APLNDC-Y0000029205-29227, and market and consumer studies produced by Samsung.

**INTERROGATORY NO. 17:**

Describe all instances known to YOU of confusion, including mistake, or deception RELATING TO any of the APPLE TRADE DRESS or APPLE TRADEMARKS. For each instance described, your response should include when and how you became aware of the instance, when the instance occurred, all persons with knowledge of such instance, the source of their knowledge, the circumstances reflecting the confusion, the IDENTITY of the SAMSUNG ACCUSED PRODUCT allegedly giving rise to the confusion, the IDENTITY of all confused persons, and the IDENTITY of all DOCUMENTS and things supporting or refuting your response to this Interrogatory.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 17:**

Apple objects to this Interrogatory as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, especially to the extent that it is seeking information regarding confusion between Apple's trademarks and trade dress and third-party products. Apple objects to this Interrogatory as premature to the extent that it: (a) conflicts with the schedule entered by the Court, (b) conflicts with the obligations imposed by the Federal Rules of Civil Procedure, the Civil Local Rules, and/or any other applicable rule; (c) seeks information that is the subject of expert testimony; or (d) seeks information and/or responses that are dependent on depositions and documents that have not been taken or produced. Apple objects to this Interrogatory to the extent it seeks information that: (i) requires the disclosure of information, documents, and things protected from disclosure by the attorney-client privilege, work product doctrine, common interest doctrine, joint defense privilege, or any other applicable privilege, doctrine, or immunity; (ii) would require Apple to draw a legal conclusion to respond; or (iii) can be obtained as easily by Samsung, is already in Samsung's possession, or is publicly available.

Subject to and incorporating its General Objections and its specific objections, Apple responds as follows:

APPLE'S CORRECTED AMENDED OBJECTIONS AND RESPONSES TO SAMSUNG'S INTERROGATORY NOS. 4, 6, 7, 16, 17, 18 — CASE NO. 11-CV-01846 LHK (PSG)
sf-3115679

11

In accordance with Federal Rule of Civil Procedure 33(d), Apple refers to the following documents because the burden of deriving or ascertaining the answer to this Interrogatory from the produced business records is substantially the same for Apple as for Samsung:

SAMNDCA00036232, SAMNDCA00176053, SAMNDCA00191811, SAMNDCA00196646, SAMNDCA00201351, SAMNDCA00201771, SAMNDCA00202212, SAMNDCA00202336, SAMNDCA00203016, SAMNDCA00203092, SAMNDCA00203268, SAMNDCA00203727, SAMNDCA00203811, SAMNDCA00203880, SAMNDCA00214274, SAMNDCA00217372, SAMNDCA00221705, SAMNDCA00228887, SAMNDCA00228934, SAMNDCA00228981, SAMNDCA00229011, SAMNDCA00229396, SAMNDCA00229399, SAMNDCA00229410, SAMNDCA00229440, SAMNDCA00229449, SAMNDCA00232190, SAMNDCA00237929, SAMNDCA00237976, SAMNDCA00238251, SAMNDCA00238432, SAMNDCA00249029, SAMNDCA00251506, SAMNDCA00507826, SAMNDCA00508318, SAMNDCA00512454, SAMNDCA00514511, SAMNDCA00514571, SAMNDCA00515899, SAMNDCA00525347, SAMNDCA00530675, SAMNDCA00533129, SAMNDCA00533366, SAMNDCA10042955, SAMNDCA10154003, SAMNDCA10190890, SAMNDCA10244357, SAMNDCA10244604, SAMNDCA10247373, SAMNDCA10247537, SAMNDCA10247549, SAMNDCA10275576, SAMNDCA10403697, SAMNDCA10524415, SAMNDCA10806650, SAMNDCA10806707, SAMNDCA10807316, SAMNDCA10807388, SAMNDCA10808682, SAMNDCA10809390, SAMNDCA10809734, SAMNDCA10824971, SAMNDCA00329460-553, SAMNDCA10925101-137, SAMNDCA10938479-515, SAMNDCA10925492-499, SAMNDCA10925500-535, and SAMNDCA00526887, all documents referenced in Apple's briefing on its motion for sanctions, all documents that Samsung has produced, and continues to produce, evidencing comparisons, analyses, studies, teardowns, and investigations of Apple products, and other documents produced late by Samsung that Apple is still in the process of reviewing.

Apply will also provide information on this topic during expert discovery.

APPLE'S CORRECTED AMENDED OBJECTIONS AND RESPONSES TO SAMSUNG'S INTERROGATORY NOS. 4, 6, 7, 16, 17, 18 — CASE NO. 11-CV-01846 LHK (PSG)
sf-3115679

12

**INTERROGATORY NO. 18:**

IDENTIFY all facts supporting your contentions regarding the fame, distinctiveness, secondary meaning, and/or strength of the APPLE TRADE DRESS and APPLE TRADEMARKS.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 18:**

Apple objects to this Interrogatory as overbroad, unduly burdensome, and not reasonably calculated to lead to discovery of admissible evidence, especially because it requests the identification of "all facts." Apple objects to this Interrogatory as premature to the extent that it: (a) conflicts with the schedule entered by the Court, (b) conflicts with the obligations imposed by the Federal Rules of Civil Procedure, the Civil Local Rules, and/or any other applicable rule; (c) seeks information that is the subject of expert testimony; or (d) seeks information and/or responses that are dependent on depositions and documents that have not been taken or produced. Apple objects to this Interrogatory to the extent it seeks information that: (i) is outside of Apple's possession, custody, or control; or (ii) can be obtained as easily by Samsung, is already in Samsung's possession, or is publicly available.

Subject to and incorporating its General Objections and its specific objections, Apple responds as follows:

Apple has spent approximately US$512,424,000 on advertisements for its Original iPhone Trade Dress, iPhone 3G Trade Dress, iPhone 4 Trade Dress, iPhone Trade Dress; the trade dress shown in the Trade Dress Registrations; and the trade dress shown in U.S. Application Serial No. 85/299,118 from June 2007 through July 2011.  Apple has spent approximately US$325,321,000 on advertisements for its iPad Trade Dress; iPad 2 Trade Dress; and the trade dress shown in U.S. Application Serial Nos. 77/921,838, 77/921,829, and 77/921,869 from January 2010 through July 2011.

Many of these advertisements feature the Registered Icon Trademarks, the Purple iTunes Store Trademark, and the iTunes Eighth Note and CD Design as well.  Apple's advertisements for its iPhone and iPad products appear in nationally circulated newspapers and magazines, on

APPLE'S CORRECTED AMENDED OBJECTIONS AND RESPONSES TO SAMSUNG'S INTERROGATORY NOS. 4, 6, 7, 16, 17, 18 — CASE NO. 11-CV-01846 LHK (PSG)
sf-3115679

13

national primetime television broadcasts, and on transit stops, billboards, and street media in major cities across the United States.

Apple also owns its Trade Dress Registrations, the Registration Icon Trademarks, and the iTunes Eighth Note and CD Design registration.

The Original iPhone Trade Dress, the trade dress shown in the Trade Dress Registrations, and the trademarks shown in U.S. Registration Nos. 3,886,196, 3,889,642, 3,886,200, 3,889,685, and 3,886,169 have been in use in commerce since June 29, 2007; the iPhone 3G Trade Dress has been in use since July 11, 2008; the iPhone 4 Trade Dress has been in use since June 24, 2010; and the iPhone Trade Dress has been in use since June 29, 2007.  The iPad Trade Dress and the trade dress shown in U.S. Application Serial Nos. 77/921,838, 77/921,829, and 77/921,869 have been in use since April 3, 2010, and the iPad 2 Trade Dress has been in use since March 11, 2011.  The trade dress shown in the Trade Dress Registrations has been in use since June 29, 2007.  The trade dress shown in U.S. Application Serial No. 85/299,118 has been in use since June 24, 2010.  The trademark shown in U.S. Registration No. 3,886,197 has been in use since June 19, 2009.  The Purple iTunes Store Trademark has been in use since June 2008.  The iTunes Eighth Note and CD Design Trademark has been in use since January 9, 2001.

In accordance with Federal Rule of Civil Procedure 33(d), Apple refers to the following documents because the burden of deriving or ascertaining the answer to this Interrogatory from the produced business records is substantially the same for Apple as for Samsung: Advertising and marketing produced by Apple; market and consumer studies produced by Apple, including APLNDC-X0000313770-314368, APLNDC-X0000051955-69414, APLNDC-Y0000023661-Y0000029204, APLNDC-Y0000029205-29227; market and consumer studies produced by Samsung; SAMNDCA00036232, SAMNDCA00176053, SAMNDCA00191811, SAMNDCA00196646, SAMNDCA00201351, SAMNDCA00201771, SAMNDCA00202212, SAMNDCA00202336, SAMNDCA00203016, SAMNDCA00203092, SAMNDCA00203268, SAMNDCA00203727, SAMNDCA00203811, SAMNDCA00203880, SAMNDCA00214274, SAMNDCA00217372, SAMNDCA00221705, SAMNDCA00228887, SAMNDCA00228934, SAMNDCA00228981, SAMNDCA00229011, SAMNDCA00229396, SAMNDCA00229399,

APPLE'S CORRECTED AMENDED OBJECTIONS AND RESPONSES TO SAMSUNG'S INTERROGATORY NOS. 4, 6, 7, 16, 17, 18 — CASE NO. 11-CV-01846 LHK (PSG)
sf-3115679

14

**SUBJECT TO PROTECTIVE ORDER; CONTAINS HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEY'S EYES ONLY INFORMATION**

1  SAMNDCA00229410, SAMNDCA00229440, SAMNDCA00229449, SAMNDCA00232190,

2  SAMNDCA00237929, SAMNDCA00237976, SAMNDCA00238251, SAMNDCA00238432,

3  SAMNDCA00249029, SAMNDCA00251506, SAMNDCA00507826, SAMNDCA00508318,

4  SAMNDCA00512454, SAMNDCA00514511, SAMNDCA00514571, SAMNDCA00515899,

5  SAMNDCA00525347, SAMNDCA00530675, SAMNDCA00533129, SAMNDCA00533366,

6  SAMNDCA10042955, SAMNDCA10154003, SAMNDCA10190890, SAMNDCA10244357,

7  SAMNDCA10244604, SAMNDCA10247373, SAMNDCA10247537, SAMNDCA10247549,

8  SAMNDCA10275576, SAMNDCA10403697, SAMNDCA10524415, SAMNDCA10806650,

9  SAMNDCA10806707, SAMNDCA10807316, SAMNDCA10807388, SAMNDCA10808682,

10 SAMNDCA10809390, SAMNDCA10809734, SAMNDCA10824971, APLNDC-Y0000056158,

11 APLNDC-Y0000054603-55359, APLNDC-Y0000054364-54602, all documents referenced in

12 Apple's briefing on its motion for sanctions, all documents that Samsung has produced, and

13 continues to produce, evidencing comparisons, analyses, studies, teardowns, and investigations of

14 Apple products, and other documents produced late by Samsung that Apple is still in the process

15 of reviewing.

16 Dated: March 9, 2012                    MORRISON & FOERSTER LLP

18                                         By:   /s/ Richard S.J. Hung
19                                               RICHARD S.J. HUNG

20                                         Attorneys for Plaintiff
                                           APPLE INC.

APPLE'S CORRECTED AMENDED OBJECTIONS AND RESPONSES TO SAMSUNG'S INTERROGATORY NOS. 4, 6, 7, 16, 17, 18 — CASE NO. 11-CV-01846 LHK (PSG)
sf-3115679                                                                                       15

**CERTIFICATE OF SERVICE BY ELECTRONIC SERVICE**
**[Code Civ. Proc sec. 1010.6]**

I declare that I am employed with the law firm of Morrison & Foerster LLP, whose address is 425 Market Street, San Francisco, California 94105-2482. I am not a party to the within cause, and I am over the age of eighteen years.

I further declare that on March 9, 2012, I served a copy of:

**APPLE INC.'S CORRECTED AMENDED OBJECTIONS AND RESPONSES TO SAMSUNG ELECTRONICS CO. LTD.'S INTERROGATORY NOS. 4, 6, 7, 16, 17, 18 TO APPLE INC.**

by electronically mailing a true and correct copy through Morrison & Foerster LLP's electronic mail system to the e-mail address(es) set forth below, or as stated on the attached service list per agreement in accordance with Code of Civil Procedure section 1010.6.

| | |
|---|---|
| Charles K. Verhoeven<br>charlesverhoeven@quinnemanuel.com | Kevin P.B. Johnson<br>kevinjohnson@quinnemanuel.com |
| Victoria F. Maroulis<br>victoriamaroulis@quinnemanuel.com | Michael T. Zeller<br>michaelzeller@quinnemanuel.com |
| Edward J. DeFranco<br>eddefranco@quinnemanuel.com | Margret M. Caruso<br>margretcaruso@quinnemanuel.com |
| Todd M. Briggs<br>toddbriggs@quinnemanuel.com | Rachel H. Kassabian<br>rachelkassabian@quinnemanuel.com |

I declare under penalty of perjury that the foregoing is true and correct. Executed at San Francisco, California on March 9, 2012.

                                                                        */s/ Cyndi Knisely*
                                                                        Cyndi Knisely