1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Cal. Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5  Kevin P.B. Johnson (Cal. Bar No. 177129)
   kevinjohnson@quinnemanuel.com
6  Victoria F. Maroulis (Cal. Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
7  555 Twin Dolphin Drive 5th Floor
   Redwood Shores, California 94065
8  Telephone: (650) 801-5000
   Facsimile: (650) 801-5100
9
   Michael T. Zeller (Cal. Bar No. 196417)
10 michaelzeller@quinnemanuel.com
   865 S. Figueroa St., 10th Floor
11 Los Angeles, California 90017
   Telephone: (213) 443-3000
12 Facsimile: (213) 443-3100

13 Attorneys for SAMSUNG ELECTRONICS
   CO., LTD., SAMSUNG ELECTRONICS
14 AMERICA, INC. and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>       Plaintiff,<br><br>    vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>       Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S CLAIM CONSTRUCTION BRIEF** |

**FILED UNDER SEAL**

Case No. 11-cv-01846-LHK
**SAMSUNG'S OPENING CLAIM CONSTRUCTION BRIEF**

# TABLE OF CONTENTS

**Page**

ARGUMENT .................................................................................................................................. 1

I.     U.S. PATENT NO. 7,469,381 ............................................................................................ 1

    A.     The '381 Patent ....................................................................................................... 1

    B.     "Electronic Document" ........................................................................................... 2

          1.     Intrinsic Evidence ....................................................................................... 2

          2.     Extrinsic Evidence ...................................................................................... 3

II.    U.S. PATENT NO. 7,864,163 ............................................................................................ 5

    A.     The '163 Patent ....................................................................................................... 5

    B.     "Structured Electronic Document" ......................................................................... 5

          1.     Intrinsic Evidence ....................................................................................... 6

          2.     Extrinsic Evidence ...................................................................................... 7

CONCLUSION ............................................................................................................................... 9

**TABLE OF AUTHORITIES**

**Page**

**Cases**

*Kennedy v. Allied Mut. Ins. Co.*,
   952 F.2d 262 (9th Cir. 1991) ............................................................................................... 9

*Liebel-Flarsheim Co. v. Medrad, Inc.*,
   358 F.3d 898 (Fed. Cir. 2004) ............................................................................................. 7

*In re Omeprazole Patent Litig.*,
   536 F.3d 1361 (Fed. Cir. 2008) ........................................................................................... 9

*SuperGuide Corp. v. DirecTV Enters., Inc.*,
   358 F.3d 870 (Fed. Cir. 2004) ............................................................................................. 3

1    Pursuant to the Court's instructions during the June 29, 2012 hearing, Defendants and
2 counterclaimants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and
3 Samsung Telecommunications America, LLC (collectively "Samsung") respectfully submit this
4 opening brief on two disputed claim terms from two utility patents asserted by Apple Inc.
5 ("Apple"). The two terms at issue are "electronic document" as used in U.S. Patent No. 7,469,381
6 (the "'381 patent") and "structured electronic document" as used in U.S. Patent No. 7,864,163 (the
7 "'163 patent").   As explained below, Samsung's constructions for these closely related terms
8 should be adopted in full by the Court.

## ARGUMENT[1]

### I. U.S. PATENT NO. 7,469,381

#### A. The '381 Patent

The '381 patent, entitled "List Scrolling and Document Translation, Scaling, and Rotation On A Touch-Screen Display," deals with displaying and translating "electronic documents" on a touch-screen display and addresses the specific case of a user reaching an "edge" of such an "electronic document."  Ex. 1: '381 patent.[2]  Claim 19, the only asserted claim, generally purports to cover a portable electronic device capable of displaying "a first portion" of an "electronic document"; translating the "electronic document" in a first direction to display a second portion of the "electronic document"; displaying "an area beyond an edge of the electronic document" and displaying a third portion of the "electronic document"; and translating the "electronic document" in a second direction until "the area beyond the edge of the electronic document is no longer displayed" to display a fourth portion of the "electronic document." *See id.*

---

[1]  Because the Court is familiar with the legal standards regarding claim construction, Samsung will not repeat them here.
[2]  As used herein, citations to "Ex. __" refer to exhibits attached to the Declaration of Patrick Schmidt in support of Samsung's Claim Construction Brief.

### B. "Electronic Document"

The term "electronic document" should be construed to mean "content having a defined set of boundaries that can be visually represented on a screen." As explained below, this construction is fully supported by the claim language, specification, prosecution history, inventor testimony and both parties' experts.

#### 1. Intrinsic Evidence

The plain language of the claims supports Samsung's construction of "electronic document." First, the express language of the claims provide many examples of electronic documents, including web pages, digital images, word processing documents, spreadsheets, e-mails, and presentations. Ex. 1: '381 patent at claims 6-8. All of these are examples of "content having a defined set of boundaries that can be visually represented on a screen." The breadth and diversity of these examples confirms that a large variety of electronic content is included in the term "electronic document."

Second, an electronic document "has a defined set of boundaries." The claims of the '381 patent describe an "edge" of the electronic document and an "area beyond the edge"; thus, the electronic document must contain some edge or boundary. Nothing more is required. As the Court has already held, these boundaries may be "internal," such that content exists beyond the edge. Dkt. No. 849, Claim Construction Order at 19, 23. Similarly, an electronic document may include other embedded electronic documents, such as images in a web page. *Id.* at 19. In either example, the electronic document has identifiable boundaries that denote the edge of the electronic document and an area beyond the edge.

Third, an electronic document "*can be* visually represented on the screen." The plain claim language explains that a first, second, third and fourth "portion of the electronic document" is visible when practicing the claims. This indicates that the electronic document can be visible on the screen, but is not always visible. Moreover, the '381 patent identifies an "electronic document" and not merely a "document." This distinguishes the document in the '381 patent from more conventional "documents" such as paper documents. While the content of a paper document is always printed on the paper, an electronic document is not always visible on the

screen.  Instead, that content "can be visually represented on the screen" by zooming, scrolling, or otherwise manipulating the electronic document.

The specification also supports Samsung's construction.  The specification provides several examples of electronic documents including: web pages, digital images, and word processing, spreadsheet, email and presentation documents.  Ex. 1: '381 patent at col. 27 ll. 7-12, col. 30 ll. 18-26, col. 31 ll. 9-16, & col. 32 ll. 20-23.  Thus, a variety of electronic content including text, images, and combinations of text and images are encompassed by the term.  Web pages and presentations typically include multiple embedded images, and word processing, email and even spreadsheet documents can include embedded images or graphs.

The specification imposes no additional constraints on the scope of the term "electronic document."  Thus, it would be improper to import additional limitations from the specification into the claim.  *See, e.g., SuperGuide Corp. v. DirecTV Enters., Inc.*, 358 F.3d 870, 875 (Fed. Cir. 2004).

### 2.     Extrinsic Evidence

Samsung's construction is also supported by extrinsic evidence.  Apple's expert, Dr. Balakrishnan, testified that an electronic document may include anything visually representable on a screen with defined boundaries.  *See, e.g.,* Exs. 2 & 3: Balakrishnan Dep. (8/16/2011) at 27:13-28:18, 147:16-158:22, 161:13-163:2, & Ex. 104.   Dr. Balakrishnan explained:

> "In the context of [the '381] patent, my understanding, having read the patent and the claims, is the electronic document is some **visual representation on the screen** that has a defined length and a width, as an example, or **defined set of boundaries**, because they may not have to be a rectangular set of boundaries."

*Id.* at 27:19-25 (emphasis added).  Dr. Balakrishnan's understanding of an electronic document is consistent with that of Bas Ording – the named inventor on the '381 patent.  Mr. Ording testified that an electronic document is something that is electronically stored and that is visible or displayed.  *See, e.g.,* Ex. 4: Ording Dep. (8/9/2011) at 20:18-21:3.  Samsung's expert, Dr. Andries van Dam, also agreed with this construction.  *See* Ex. 5: Van Dam Decl. ¶ 32.

1    Dr. Balakrishnan also testified that multiple blocks of content could comprise a single
2 electronic document, confirming the breadth of the term "electronic document."  For example, Dr.
3 Balakrishnan confirmed that blocks 1, 2, and 8 shown in the figure below could constitute an
4 electronic document or that blocks 15, 16, 17, 18, 21, 22, 23 and 24 could be an electronic
5 document.   Ex. 2: Balakrishnan Dep. (8/16/2011) at 155:10-156:1, 152:24-153:24.

14    In litigation against HTC, Apple again identified electronic documents containing multiple
15 embedded images.   Apple's complaint against HTC identifies its Gallery feature as infringing on
16 the '381 patent.   This Gallery feature displays multiple photographs as a single electronic
17 document, as shown in the excerpt below:



-4-                       Case No. 11-cv-01846-LHK
**SAMSUNG'S OPENING CLAIM CONSTRUCTION BRIEF**

Ex. 6: *Certain Portable Electronic Devices and Related Software*, 337-TA-797, Ex. 13 at 5 ("Exemplary Infringement Claim Chart for U.S. Patent No. 7,469,381").

Both of these examples confirm that the accepted meaning of "electronic document" is "content having a defined set of boundaries that can be visually represented on a screen," regardless of whether multiple electronic documents are embedded within.

## II.   U.S. PATENT NO. 7,864,163

### A.   The '163 Patent

The '163 patent, entitled "Portable Electronic Device, Method, and Graphical User Interface for Displaying Structured Electronic Documents," relates to enlarging and centering a structured electronic document. Ex. 7: '163 patent. Apple accuses Samsung of infringing claim 50 of the '163 patent. Claim 50 requires a device capable of displaying at least a portion of a "structured electronic document" on a touch screen display; instructions for "enlarging and translating" the "structured electronic document" to "substantially center" a "first box" of content in response to a "first gesture"; and instructions for "translating" the "structured electronic document" to "substantially center" a "second box" of content in response to a "second gesture."

### B.   "Structured Electronic Document"

The term "structured electronic document" should be construed to mean "an electronic document that includes at least one visual structural element."[3] Alternatively, (substituting construction for the term "electronic document" discussed above) "structured electronic document" should mean "content having a defined set of boundaries that can be visually represented on a screen that includes at least one visual structural element."

---

[3] The construction that Samsung proposes here differs in approach – but not in substance – from the description offered by Mr. Gray and the construction offered in support of its motion for summary judgment. Mr. Gray sought to define a "structured electronic document" by reference to its underlying "coding." Ex. 8: Gray Expert Invalidity Report ¶ 274. However, in light of the Court's suggestion that the parties attempt to reconcile their proposed constructions of "electronic document" and "structured electronic document" (for the '163 patent), Samsung has now focused its construction on the visual characteristics of a "structured electronic document."

1   The meaning of "structured electronic document" is very similar to that of the term "electronic document." The only additional requirement is that the "electronic document" be "structured." The word "structured" merely adds the requirement that content elements within the electronic document be arranged and/or displayed in a manner that conveys at least one structural element to the viewer. A structural element might involve separating content elements by a visual border, representing adjacent content elements in two different styles, or even making use of empty space to represent to the viewer that one region of content is distinct from another. Samsung's construction is consistent with the construction for "electronic document" discussed above and is supported by the intrinsic and extrinsic evidence.

### 1. Intrinsic Evidence

Samsung's proposed construction is supported by the intrinsic evidence. Claim 50 of the '163 patent describes a structured electronic document as comprising "a plurality of boxes of content," which indicates that the structured electronic document is characterized by a collection of distinct content elements. The claim goes on to describe a "first gesture" corresponding to a "first box" and a "second gesture" corresponding to a "second box," which makes clear that the content elements exist in visually distinct regions of the structured electronic document. Unasserted claims 8 and 9 describe how the "boxes" of content that characterize a structured electronic document can be "defined" in many different ways – for example, by a style sheet language or a cascading style sheet language, respectively. Ex. 7: '163 patent at claims 8 & 9.

The specification provides further support for Samsung's proposed construction. The specification describes a "structured document" as being "made of blocks 3914 of text content and other graphics (e.g., images and inline multimedia)." *Id.* at col. 16 ll. 27-29. The term "graphics," is itself defined broadly to include "any object that can be displayed to a user, including without limitation text, web pages, icons, (such as user-interface objects including soft keys), digital images, videos, animations and the like." *Id.* at col. 10 l. 65 – col. 11 l. 2. In describing a "box of content," the specification equates the term to a "logical grouping of content" that might "comprise[] a paragraph, an image, a plugin object, or a table." *Id.* at col. 19 ll. 26-29.

1  Figure 5A, reproduced below, depicts notionally how a structured electronic document might
2  appear:



16  Although the specification explains that a "web page" and an "HTML or XML document"
17  meet the limitation "structured electronic document," *see* Ex. 7: ''163 patent, fig. 6A at 6002, col.
18  16 l. 27, col. 18 ll. 50-52, col. 23 ll. 20-23, the term should not be limited to these examples.
19  Unasserted claims 4 and 5 are dependent on unasserted claim 2, and purport to cover the method
20  of claim 2 wherein the "structured electronic document" is a "web page" and "an HTML or XML
21  document," respectively.  Because, "the presence of a dependent claim that adds a particular
22  limitation raises a presumption that the limitation in question is not found in the independent
23  claim," the term structured electronic document should be construed to include more than merely
24  web pages and HTML or XML documents.  *Liebel-Flarsheim Co. v. Medrad, Inc.*, 358 F.3d 898,
25  910 (Fed. Cir. 2004).

26  **2.  Extrinsic Evidence**

27  Samsung's proposed construction is also supported by the extrinsic evidence.  Samsung's
28  expert, Mr. Gray has opined that a structured electronic document is the visual depiction of some

1  underlying data construct "containing embedded coding that provides some meaning or 'structure'
2  to the document." Ex. 8: Gray invalidity report at ¶ 274. Dr. Singh did not disagree in his
3  rebuttal report or in his deposition. *See* Ex. 9: Singh Dep. Vol. I at 80:15-81:1. In fact, during
4  his deposition, Dr. Singh testified that he understood the term "electronic document" – a term he
5  felt encompassed "structured electronic document" – to mean any "cohesive piece of
6  information." *Id.* at 179:3-22.

7  When questioned as to what kinds of electronic documents would *not* qualify as a
8  structured electronic document, the only examples Dr. Singh could offer were a "music file" and a
9  "big cloud of unstructured points." *Id.* at 74:14-77:5. Dr. Singh further testified that a
10 "structured electronic document is an electronic document which when – when parsed and – and
11 displayed by the computer has regions and structure that has some semantic meaning to the human
12 viewing it." *Id.* at 72:11-15. When asked whether a structured electronic document required
13 "structure" that is visible on the screen, or "structure" that is understandable to the machine, Dr.
14 Singh testified that "[i]t could be either." *Id.* at 80:6-13.

15 Dr. Singh's broad view of the term "structured electronic document" is consistent with
16 testimony from the named inventors as well. Scott Forstall testified that the "structure" in a
17 structured electronic document could come in many "different forms." Ex. 10: Forstall Dep. at
18 14:8-12. Andre Boule testified that a Word document with embedded images would be a
19 structured electronic document. Ex. 11: Boule Dep. at 42:7-20. And, Richard Williamson
20 testified that he believed the following:

> A structured document is something that has a visual structure with structurally interesting components. And there are many examples of a structured document, whether it be a .pdf document with an imposed structure or whether it be a web page with a structure or an .rtf document. So a structured document is something that, you know, a normal human can look at and identify areas of interest.

24 Ex. 12: Williamson Dep. at 67:4-11.

25 In a recent Declaration, Apple's expert Dr. Singh suggested that the term "structured
26 electronic document" cannot include "a fixed set of applications in a predefined layout" unless
27 there is some "prior semantic association of its contents." Ex. 13: Singh Decl. ISO Opp. to MSJ
28 ¶¶ 92, 95, 99. However, this opinion is not consistent with Dr. Singh's expert reports and

1  deposition testimony.  Indeed, when commenting on what he characterized as a "fixed set of
2  applications in a predefined layout" in his rebuttal report, Dr. Singh "express[ed] no opinion" as to
3  whether portions of such a layout "individually constitute 'structured electronic documents' within
4  the meaning of the '163 patent."  Ex. 14: Singh Rebuttal Report ¶¶ 33 n.1, 30.  In the summary
5  judgment context, a party cannot create a genuine issue of material fact by a witness declaration
6  contradicting prior deposition testimony.  *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th
7  Cir. 1991).  In a post-discovery claim construction proceeding, the same rule should apply to an
8  expert opinion that contradicts the expert's reports and deposition testimony.  *Cf. In re
9  Omeprazole Patent Litig.*, 536 F.3d 1361, 1379 (Fed. Cir. 2008) (explaining that the district court
10 struck portion of expert testimony regarding opinion on meaning of a claim term that was not
11 disclosed in expert report and deposition testimony).

## CONCLUSION

For the forgoing reasons, the Court should adopt Samsung's proposed construction for the term "electronic document" in the '381 patent, and Samsung's proposed construction for the term "structured electronic document" in the '163 patent.

DATED: July 5, 2012         QUINN EMANUEL URQUHART &
                            SULLIVAN, LLP

                            By */s/ Victoria F. Maroulis*
                               Victoria F. Maroulis
                               Attorneys for SAMSUNG ELECTRONICS
                               CO., LTD., SAMSUNG ELECTRONICS
                               AMERICA, INC., and SAMSUNG
                               TELECOMMUNICATIONS AMERICA, LLC