# EXHIBIT 2
# FILED UNDER SEAL

Page 1

1            UNITED STATES DISTRICT COURT

2            NORTHERN DISTRICT OF CALIFORNIA

3                  SAN JOSE DIVISION

4

5   APPLE INC., a California
    corporation,

6

                    Plaintiff,

7

    vs.                        CASE NO. 11-CV-01846-LHK

8

    SAMSUNG ELECTRONICS CO., LTD.,

9   A Korean business entity;
    SAMSUNG ELECTRONICS AMERICA,

10  INC., a New York corporation;
    SAMSUNG TELECOMMUNICATIONS

11  AMERICA, LLC, a Delaware
    limited liability company,

12

                    Defendants.

13  _____/

14

15            C O N F I D E N T I A L

16       A T T O R N E Y S'  E Y E S   O N L Y

17          O U T S I D E   C O U N S E L

18

19   VIDEOTAPED DEPOSITION OF RAVIN BALAKRISHNAN, Ph.D.

20            SAN FRANCISCO, CALIFORNIA

21            TUESDAY, AUGUST 16, 2011

22

23  BY:  ANDREA M. IGNACIO HOWARD, CSR, RPR, CCRR, CLR

24  CSR LICENSE NO. 9830

25  JOB NO. 41176

Confidential Attorneys' Eyes Only Outside Counsel

1    you just sort of turn it.

2        A    This way?

3        Q    Yeah.

4        A    Okay.  It may be a little difficult.  It just

5    flipped around and did something.

6        Q    If you hold it --

7        A    Touch sensor.  So tell me how you want it,

8    and then I'll -- I'll keep it that way and --

9        Q    Hold it straight up like that, and then you

10   can --

11       A    All right.  I'm gonna try and manipulate it,

12   if I can.

13       Q    Okay.  So what -- so what are -- so what are

14   we --

15       A    Let me just do this again.

16       Q    Okay.  So you zoomed in on it first; right?

17           So is it fair to say that your opinion -- for

18   purposes of the gallery here, the -- the photograph

19   has to be zoomed in on it?

20           MR. MONACH:  Object to the form of the

21   question; incomplete hypothetical; inadequate

22   opportunity to examine the device; vague.

23           You can answer.

24           THE WITNESS:  In this particular example that

25   I'm gonna walk you through is an infringing example, I

Confidential Attorneys' Eyes Only Outside Counsel

Page 27

1    did zoom in.  But whether or not it has to be zoomed

2    in, I need to spend a bit more time making sure

3    whether it has to or not.  I have not done that right

4    now on this device.

5            MR. JOHNSON:  Okay.

6            THE WITNESS:  So, on this device, I went

7    through the -- the preamble.  It's clearly a

8    computer-implemented method.  It has a device with a

9    touchscreen display.  It is displaying right now a

10   first portion of an electronic document.  The

11   electronic document here happens to be a photograph or

12   an image, some kind of a picture of something.

13           MR. JOHNSON:  Q.  Is the electronic doc --

14   what -- what does an "electronic document" mean in the

15   context of this patent?

16           MR. MONACH:  Object to form to the extent

17   it's calling for a legal conclusion, but you can give

18   your views on that.

19           THE WITNESS:  In the context of this patent,

20   my understanding, having read the patent and the

21   claims, is the electronic document is some visual

22   representation on the screen that has a defined length

23   and a width, as an example, or defined set of

24   boundaries, because they may not have to be a

25   rectangular set of boundaries.

Confidential Attorneys' Eyes Only Outside Counsel

Page 28

1          MR. JOHNSON:   Q.   So can it -- it can be

2    anything with a defined length and width?

3          A    It could be any visually represented thing

4    with a defined boundary.   I'd rather use the word

5    "boundaries," because length and width may connote a

6    rectangular thing.   It may not be a rectangle,

7    necessarily.

8          Q    Okay.   So an electronic document is anything

9    that can be visually represented with a defined

10   boundary?

11         MR. MONACH:   Object to the form of the

12   question; object as calling for a legal conclusion.

13         THE WITNESS:   In the context of this patent

14   and the claims, reading the patent and the claims, I

15   would say that would be a -- my definition of an

16   electronic document would be something visually

17   representable on the screen that -- that has a defined

18   set of boundaries.

19         MR. JOHNSON:   Okay.

20         Q    How about the next limitation?

21         A    Okay.   So, as I said earlier, it's got a

22   first portion of an electronic document.   We already

23   went through that.

24         Q    And -- and -- I'm sorry.

25         A    I'm sorry.

Confidential Attorneys' Eyes Only Outside Counsel

1    Q   What does "first portion" mean?

2         MR. MONACH:  I'm going to object to the form

3    of the question to the extent it calls for a legal

4    conclusion.

5         THE WITNESS:  In -- in this particular

6    example, I would say the first portion is the -- the

7    portion of the image that we see displayed on the

8    screen, which I don't know how to describe this --

9         MR. JOHNSON:  Can you zoom in more on the

10   screen, just so we see it better.  Yeah, okay.  That's

11   good.  Thanks.

12        THE WITNESS:  Everything, including the

13   yellow blob in the middle and the blue stuff around

14   it.

15        MR. JOHNSON:  Q.  So it's everything that's

16   shown on the screen is the first portion?

17   A   Well, obviously, not this word "Samsung" and

18   things like that.

19   Q   Yeah.

20   A   The actual display, maybe if I -- without

21   touching it, if I can sort of indicate, you see the

22   bottom boundary there --

23   Q   Okay.

24   A   -- the top boundary, right boundary, and left

25   boundary?

Confidential Attorneys' Eyes Only Outside Counsel

Page 146

1   more likely, he is -- he is more than ordinary skill

2   in the art.

3       Q    Looking back at the Exhibit 21 and the -- the

4   non-zoomed in image we were just talking about, when

5   the entire image is displayed, I think you -- you

6   testified that that was the first portion; right?

7       A    When the full image is on screen?

8       Q    Yeah, just show it to the -- so the camera

9   can see it.  That's the one I'm talking about.

10      A    In -- in this example?

11      Q    In that example, right.

12      A    That would be a -- I guess, a first portion.

13      Q    Right.

14      A    Okay.

15      Q    So -- so a first portion can be the entire

16  image; right?

17           MR. MONACH:  Object to the form of the

18  question as calling for a legal conclusion.

19           THE WITNESS:  Yes, I would say so.

20           MR. JOHNSON:  Okay.

21      Q    Can the first portion and the electronic

22  document, as described in the claims of the '381

23  patent, be the same thing?

24           MR. MONACH:  Same objection; incomplete

25  hypothetical.

Confidential Attorneys' Eyes Only Outside Counsel

Page 147

1       THE WITNESS:  I'm not sure I understand the

2   question.  I'm sorry.

3       MR. JOHNSON:  Q.  So -- so, in that example,

4   which has gone dark now, in that example, what's --

5   what's the electronic document?

6       MR. MONACH:  Objection; incomplete

7   hypothetical; lack of foundation; calling for a new

8   opinion at the deposition.

9       THE WITNESS:  So I haven't thought about this

10  in -- in great detail, but sitting here right now,

11  looking at this, I would say the electronic document

12  would be the -- this image that's shown on the screen,

13  with the boundaries being the -- the edges of that

14  image, as I've just, kind of, outlined here.

15      MR. JOHNSON:  All right.

16      Q   And -- and for an electronic document, you

17  can have --

18      A   Sorry.  I'll keep my finger on here so it

19  doesn't go away.

20      Q   Under your understanding of an electronic

21  document, an electronic document can have an internal

22  boundary; right?

23          MR. MONACH:  Object to the form of the

24  question as misstating the prior testimony and vague.

25  Object as calling for a legal conclusion and a new

Confidential Attorneys' Eyes Only Outside Counsel

Page 148

1    opinion.

2              THE WITNESS:  I don't think I talked about

3    internal boundary at all.

4              MR. JOHNSON:  Okay.

5       Q    Can an electronic document have an internal

6    boundary?

7              MR. MONACH:  Object.

8              MR. JOHNSON:  We talked about it in the

9    context of the contacts on the Tab 7 that had the --

10   the list of names.

11             MR. MONACH:  Object to the form of the

12   question as vague, misstating the prior testimony.

13             MR. JOHNSON:  Q.  So do you understand my

14   question?

15      A    I -- I'm not 100 percent sure, because the

16   word "internal boundary" I don't think, has come up

17   yet, and if I look at the con- -- if I go back to the

18   contacts list discussions, if I recall correctly this

19   morning, the only thing that when we talked about the

20   boundary of the contact list, I mean, there's the

21   application that has more decorations around it,

22   but -- so it -- you know, maybe you can be more

23   specific about what you mean by -- when you say

24   "internal boundary."

25      Q    Okay.  So if we -- you can put that one down

Page 149

1    and pick up the tab -- this is Tab 7.

2        A    Okay.

3        Q    And if you go to the contacts --

4        A    Yes, I'm at the contacts.

5        Q    -- location, right.

6             If you -- so my question is:  I think earlier

7    you said, use a pen, if you want to use a pen, can you

8    draw -- just can you just sort of show the camera what

9    the electronic document is in that context?

10            MR. MONACH:  Object to the form of the

11   question; calls for a legal conclusion, incomplete

12   hypothetical; asking for a new opinion.

13            THE WITNESS:  Okay.  Let me just refresh

14   myself on what this thing does here.

15            So I think I -- I believe I testified that

16   the electronic document -- this would be a portion of

17   the electronic document, because the entirety is not

18   shown.  It's will be this, this stuff that's displayed

19   in this rectangular column, and right now it's showing

20   me a partial --

21            MR. JOHNSON:  Yeah.

22            THE WITNESS:  -- amount.

23            MR. JOHNSON:  Q.  So there -- there are

24   pieces above the F and below the T?

25        A    There --

Confidential Attorneys' Eyes Only Outside Counsel

Page 150

1          MR. MONACH:  Object to form.

2          MR. JOHNSON:  Q.  Or maybe not below it.

3      A   Yeah, there is stuff above the F and below

4  the T, yes.

5      Q   Okay.  So all I was asking was, you can have

6  an electronic document that has an internal boundary

7  within a screen; right?

8          MR. MONACH:  Object to the form of the

9  question as vague.  Objection; calls for a legal

10  conclusion.

11         THE WITNESS:  So I -- I'm not -- again, I'm

12  still not sure what you mean by "internal."  It --

13         MR. JOHNSON:  I'm --

14         THE WITNESS:  Are you saying that this is the

15  boundary of the electronic document?

16         MR. JOHNSON:  Yeah.

17     Q   I just meant that that's internal because

18  it's -- it's located within the middle of the screen?

19     A   So in that -- that boundary doesn't match the

20  edge of the screen --

21     Q   Exactly.

22     A   -- is what you're -- is that what you're

23  saying?

24     Q   Exactly.

25     A   Sure, the boundary of the document doesn't

Confidential Attorneys' Eyes Only Outside Counsel

Page 151

1    have to align with the screen.

2        Q    So you can have -- you can have the edge of

3    the boundary be something other than the edge of the

4    screen?

5            MR. MONACH:  Objection; vague.

6            MR. JOHNSON:  I think we're saying the same

7    thing.  I'm just -- I'm really bad with trying to --

8        A    I want to make sure I say the right thing

9    with my understanding of what you're saying, too.

10       Q    So all I'm saying is, under your view of an

11   electronic document, an electronic document can have a

12   boundary that is internal to the screen or, you know,

13   doesn't have to be at the edge of the screen --

14           MR. MONACH:  Objection; form.

15           MR. JOHNSON:  Q.  -- right?

16           MR. MONACH:  Objection; calling for a legal

17   conclusion; asked and answered.

18           You can do it again.

19           THE WITNESS:  So as I answered earlier, and

20   my opinion is that the boundary of the electronic

21   document, in this case, this -- this edge is one

22   boundary of it, does not have to match the edge of the

23   screen, yes.

24           MR. JOHNSON:  Okay.

25       Q    So just, during the lunch, I had the guys

Confidential Attorneys' Eyes Only Outside Counsel

Page 152

1  just print up a sheet of paper with some squares on it

2  for me.  So if you imagine, sir, that the -- the

3  quadrants that are labeled 1 to 36 on here are the

4  entire -- that's this -- that's the screen of the

5  display.

6       A   So the whole -- the big rectangular is the

7  screen?

8       Q   Right.

9       A   Okay.

10      Q   So you can have an electronic document that

11 consists of smaller grids within the screen; right?

12          MR. MONACH:  Object to the form of the

13 question; calling for a legal conclusion; incomplete

14 hypothetical; asking for a new opinion.

15          THE WITNESS:  It would depend on what one

16 considers to be the electronic document.  It could be

17 one of these, let me call it sub rectangles that you

18 can label with numbers.  It could be some combination

19 of them.  It --

20          MR. JOHNSON:  Right.

21          THE WITNESS:  -- really depends on -- depends

22 on how, you know, you want to put the boundary around

23 it.

24          MR. JOHNSON:  Q.  So you could draw a

25 boundary, hypothetically, around squares 15, 16, 17,

Confidential Attorneys' Eyes Only Outside Counsel

Page 153

1      18, 21 and 22, 23 and 24?

2           A    Say -- sorry.   15, 16, 17, 18, 21?

3           Q    22, 23, and 24.

4           A    So kind of like this?

5           Q    Yeah, go ahead and draw it.

6                MR. MONACH:   Object to the -- object to the

7      form of the question as vague and ambiguous;

8      incomplete hypothetical.

9                MR. JOHNSON:   Q.   Make it a little more

10     noticeable for me.

11          A    We've got black lines around it.

12          Q    Yeah, okay.

13               So that could be an electronic document;

14     right?

15          A    Depend --

16               MR. MONACH:   Same objection.

17               THE WITNESS:   Sorry.   I jumped in there.

18               Depending on the context, depending on the

19     application, it could be.

20               MR. JOHNSON:   Okay.

21               THE WITNESS:   Or some other collection.

22               MR. JOHNSON:   Q.   It's not limited to that;

23     right?

24          A    I would not say it's limited.

25          Q    So it could be also a -- a six-by-six grid or

Confidential Attorneys' Eyes Only Outside Counsel

Page 154

1    a two-by-two grid?

2            MR. MONACH:   Same --

3            MR. JOHNSON:   Q.   -- or even a three-by-three

4    grid, I guess --

5            MR. MONACH:   Same objection.

6            MR. JOHNSON:   Q.   -- right?

7            MR. MONACH:   Vague and ambiguous; incomplete

8    hypothetical.

9            THE WITNESS:   Again, it would depend on the

10   def- -- you know, how -- whoever is being the

11   application, what they consider to be the document --

12   to be the extent of the document, yes.

13           MR. JOHNSON:   Q.   Under your view, though, it

14   could be those, those grids; right?

15           MR. MONACH:   Objection; same objection as

16   before.   Also, misstates the prior testimony.

17           THE WITNESS:   Depending on the context, it --

18   it could take on different forms.

19           MR. JOHNSON:   Okay.

20      Q   Does the grid need to be a rectangle?

21           MR. MONACH:   Same objection.

22           MR. JOHNSON:   Strike it.   Let me ask it

23   again.

24      Q   Does -- would the grid need to be a rectangle

25   in order for it to be an electronic document?

Confidential Attorneys' Eyes Only Outside Counsel

Page 155

1    MR. MONACH:  Same objection.

2    THE WITNESS:  Well, I think the electronic

3 document doesn't have to be anything to do with the

4 grid.  It --

5    MR. JOHNSON:  Okay.

6    THE WITNESS:  -- it's any visual thing with

7 defined boundaries --

8    MR. JOHNSON:  So -- so it --

9    THE WITNESS:  -- by my definition of it.

10    MR. JOHNSON:  Q.  Could -- if you -- if you

11 drew lines around squares one, two, and eight, for

12 example --

13  A One, two, and eight.  So this kind of, I

14 guess, inverted L?

15  Q Yeah.

16    Could that be an electronic document?

17    MR. MONACH:  Objection; vague; incomplete

18 hypothetical; calling for a legal conclusion and a new

19 opinion.

20    THE WITNESS:  So to the extent that I haven't

21 considered this, this style of odd-shaped documents

22 prior to coming here today, just thinking on the fly

23 here, a -- based on my understanding of, you know,

24 boundaries, that wouldn't -- would satisfy the notion

25 of a boundary, again, depending on the context of the

Confidential Attorneys' Eyes Only Outside Counsel

Page 156

1    application and what a document means in that context.

2         MR. JOHNSON:  Q.  If -- going back to the

3    original two-by-four rectangle of 15, 16, 17, 18, 21,

4    22, 23, 24, if you look at that, is it fair to say

5    that this line right here is an edge of the electronic

6    document?

7       A   The line --

8           MR. MONACH:  Object.

9           Hang on a second.

10          THE WITNESS:  I'm sorry.

11          MR. MONACH:  Objection; vague and ambiguous;

12   incomplete hypothetical; calling for a legal

13   conclusion and a new opinion.

14          THE WITNESS:  So, again, I haven't considered

15   this prior to this, you putting this in front of me.

16          Thinking on the fly here, so you're saying

17   this line -- the vertical line between --

18          MR. JOHNSON:  Since the witness is pointing,

19   I just want to make sure you get what he's pointing

20   to.

21          Yeah.

22          THE WITNESS:  The vertical line between 14

23   and 15, and 20 and 21, here, this --

24      Q   That -- that's right, yeah.

25      A   -- line.

Confidential Attorneys' Eyes Only Outside Counsel

Page 157

         Given this hypothetical scenario, where
you're saying the -- this two -- I'm sorry --
two-by-four grid of elements -- rectangle is an
electronic document in this hypothetical scenario,
that would be indeed, I guess, one boundary one
edge --

    Q   Okay.

    A   -- of that.

    Q   So let's just label that "edge" for me, just
so I can keep track of it after the deposition.
Just --

    A   What do you want me to call it?

    Q   Just call it "edge," and then maybe put it
down at the bottom and draw an arrow down to the line,
or something.

    A   Like this?

    Q   Yeah.

    A   Okay.

    Q   Okay.  And then, is it fair to say that
the -- the -- the Blocks 14 and 20 are an area beyond
the edge --

         MR. MONACH:   Same --

         MR. JOHNSON:   Q.   -- of the electronic
document?

         MR. MONACH:   Same objection.

Confidential Attorneys' Eyes Only Outside Counsel

Page 158

1          THE WITNESS:  So, again, considering this for

2    the first time here, I haven't thought this in detail,

3    if, in this hypothetical scenario, the document is

4    this two-by-four grid, labelled 15, 16, 17, 18, 21,

5    22, 23, 24, if that is the document, then anything

6    beyond that edge would be an area outside the document

7    beyond the edge of the document.

8          So given those hypotheticals, area 14 and 20

9    would be beyond the edge of the document, given that

10   scenario.

11         MR. JOHNSON:  Okay.

12   Q    So can you just label that "beyond the edge"?

13   A    How -- just label each one of these?

14   Q    Yeah, or just draw -- however you want.

15   A    Well, we're getting a lot of drawings on this

16   thing, so I don't know.  "Beyond."

17   Q    Speaking of which, let me just mark the --

18   the grid as Exhibit 104.

19   A    Put it on the bottom?

20   Q    Thanks.

21         (Phone marked Balakrishnan Exhibit 104

22          for identification.)

23         MR. JOHNSON:  Q.  Can you look at the Galaxy

24   Tab, which is Exhibit 101, and pull up for me the

25   contacts application.

Confidential Attorneys' Eyes Only Outside Counsel

Page 159

1    A    Okay.

2    Q    And I noticed, in your declaration, you did

3   not include this particular application on -- as one

4   that infringes the '381 patent, so the question is:

5   Why?  Why not?

6        MR. MONACH:  Object to the form of the

7   question, and if -- if your answer would -- I'll

8   instruct the witness not to disclose any

9   communications with counsel, other than facts and

10  assumptions that he relied on in forming his opinion.

11       THE WITNESS:  So, at the time of writing the

12  report, I was, as I testified earlier, the -- the -- I

13  was -- I was told that Apple was alleging these four

14  devices and the particular applications, and they

15  were -- as far as I know, were not alleging the

16  contacts list on the Galaxy Tab 10.1, so I did not

17  analyze that in great detail.

18       So if you want me to go through this right

19  now, I'm happy to walk you through this and see which

20  portions of the claims I'm having -- which are not, if

21  you want me to do that.

22       MR. JOHNSON:  Q.  So you haven't -- you

23  haven't done that analysis before today?

24   A    I haven't done it in detail sufficiently,

25  just talk about it right off the cuff, without walking

Confidential Attorneys' Eyes Only Outside Counsel

Page 160

1   through.

2       Q   Okay.  So when -- when Apple gave you the

3   roadmap to look at what was allegedly infringing,

4   contacts in the Galaxy tab wasn't included?

5           MR. MONACH:  Object to form.

6           THE WITNESS:  I -- yes, the -- the contacts

7   on the Galaxy Tab was not one of those I was -- it was

8   not one of those that I was told was being alleged to

9   infringe.

10          MR. JOHNSON:  Okay.

11      Q   So take a look at contacts in the Galaxy Tab

12  and -- and now that you have it, tell me --

13      A   Sorry.  It just keeps flipping.  If you give

14  me a second here.

15      Q   -- why it doesn't infringe.

16          MR. MONACH:  Object to the form of the

17  question.

18          THE WITNESS:  Okay, so I'm just gonna walk

19  through the claims here and try to match it up and

20  tell you where -- where it matches and where it

21  doesn't match, if that's okay.

22          So the Galaxy tab, as we've gone through it

23  before, has a complete computer-implemented method

24  that's in the preamble, compromising a device with a

25  touchscreen display.  So we've already established

Page 161

1   that the device has a touchscreen display.  It -- it

2   clearly displays a first portion of an electronic

3   document in this example right here that I've got.

4   I've got an electronic document, which is this

5   contacts list.

6           MR. JOHNSON:  Q.  Would you mind just showing

7   the camera.

8       A   So I'm walking through this, too, so --

9       Q   Yeah, that's fine.

10      A   -- I may have to go back and forth.

11      Q   Yeah, that's fine.

12      A   So you got it --

13      Q   So where -- where is the electronic document

14   there?

15      A   Okay.

16          MR. MONACH:  Hang on a second.

17          THE WITNESS:  Sorry.

18          MR. MONACH:  Object to the form of the

19   question; calling for a legal conclusion; asking for a

20   new opinion at the deposition; and vague and

21   ambiguous.

22          THE WITNESS:  So, again, I'm doing this on

23   the fly.  I haven't -- haven't thought about this in

24   great detail before.

25          So the electronic document here is this list

Confidential Attorneys' Eyes Only Outside Counsel

Page 162

1   of -- of contact information on, you know, Big Bird,

2   Genie, Playhouse, and so forth; and what's shown on

3   the display right now, the -- the electronic document

4   is -- well, it just stopped here.  It has -- starts

5   with the elements that, starting with a B, all the way

6   down to Tommy Bahama at the bottom, so that would be

7   the -- the first por- -- the portion of the electronic

8   document.

9           MR. JOHNSON:  Okay.

10          THE WITNESS:  Not the entirety.  Clearly

11   there's more stuff.

12          MR. JOHNSON:  Okay.

13          THE WITNESS:  There appears to be more stuff

14   on the two -- beyond the two edge -- boundaries.

15          MR. JOHNSON:  Okay.

16      Q   But the area to the right of the edge is not

17   part of the electronic document?

18          MR. MONACH:  Same objection.

19          THE WITNESS:  So --

20          MR. JOHNSON:  Q.  So this, this area right

21   over here, is not part of the electronic document?

22          MR. MONACH:  Same objection.

23          THE WITNESS:  So in this example

24   application -- in this application, looking at it just

25   right now at this deposition, I would say the

Confidential Attorneys' Eyes Only Outside Counsel

Page 163

1  electronic document does not include the -- the area
2  right here.

3         MR. JOHNSON:  Okay.

4     Q    Okay.  How about the next limitation?

5     A    Okay.  So I think I already said first

6  portion of the electronic document.

7         The next limitation, detecting a movement of

8  an object on any other touchscreen display.  So,

9  again, I'm gonna put my finger down, which would be

10 the object, and it's on or near -- it clearly detects

11 movement of the object on or near the touchscreen

12 display.

13        In response to -- then, the next element

14 would be "In response to detecting the movement,

15 translating the electronic document displayed on the

16 touchscreen display in a first direction to display a

17 second portion of the electronic document, wherein the

18 secret portion is different from the first portion."

19        So let me go back to where I was here.  I

20 think it was something like that, with a B, I think it

21 had Tommy Bahama on the bottom there.  That's where I

22 was before.  So I'm gonna put my finger down, which is

23 the movement, and I'm gonna move it down a little bit,

24 and that would give me the -- translating the

25 electronic document in a first direction display a

Confidential Attorneys' Eyes Only Outside Counsel

1    second portion, where the second portion is different.

2          So the second portion here now has an A on

3    the top part of the portion that's displayed on the

4    screen, and on the bottom, instead of Tommy Bahama on

5    the -- the first portion now has Missy, Missy

6    Buttersworth at the bottom, so that's a different

7    portion of the document.

8          So now we can go on.  So it says, in

9    response -- the next element says -- of the claim says

10   "In response to an edge of the electronic document

11   being reached, while translating the electronic

12   document in the first direction, so while the doc --

13   while the object is still detected on or near the

14   touchscreen display, displaying an area beyond the

15   edge of the document."

16         So I'm gonna continue moving, and now I see

17   that it stops.  The document there got the As in it

18   stops at the word "14 contacts" that is part of the

19   document.  It stops there.  It doesn't go -- it

20   doesn't seem to go beyond the edge, so it doesn't seem

21   to meet this thing of going beyond the edge and

22   displaying an area beyond the edge of that document.

23         And so that -- I don't know what the number

24   of this element is, but that -- that part of the claim

25   is not -- it doesn't appear to be met in this

Confidential Attorneys' Eyes Only Outside Counsel

Page 337

CERTIFICATE OF REPORTER

1

2

3

4

5      I, ANDREA M. IGNACIO HOWARD, hereby certify

6  that the witness in the foregoing deposition was by me

7  duly sworn to tell the truth, the whole truth, and

8  nothing but the truth in the within-entitled cause;

9

10      That said deposition was taken in shorthand

11  by me, a Certified Shorthand Reporter of the State of

12  California, and was thereafter transcribed into

13  typewriting, and that the foregoing transcript

14  constitutes a full, true and correct report of said

15  deposition and of the proceedings which took place;

16

17      That I am a disinterested person to the said

18  action.

19

20      IN WITNESS WHEREOF, I have hereunto set my

21  hand this 17th day of August, 2011.

22

23  _____

24  ANDREA M. IGNACIO HOWARD, RPR, CCRR, CLR, CSR No. 9830

25