# EXHIBIT 4
# FILED UNDER SEAL

```
                                                              Page 1
 1              UNITED STATES DISTRICT COURT
 2              NORTHERN DISTRICT OF CALIFORNIA
 3                   SAN JOSE DIVISION
 4   APPLE INC., a California
     corporation,
 5
 6          Plaintiff,
 7   vs.                              Case No. 11-CV-01846-LHK
     SAMSUNG ELECTRONICS CO., LTD.,
 8   a Korean business entity;
     SAMSUNG ELECTRONICS AMERICA,
 9   INC., a New York corporation;
     SAMSUNG TELECOMMUNICATIONS
10   AMERICA, LLC, a Delaware
     limited liability company,
11
            Defendants.
12   _____/
13
14     *HIGHLY CONFIDENTIAL UNDER THE PROTECTIVE ORDER*
15
16
17          VIDEOTAPED DEPOSITION OF BAS ORDING
              Redwood Shores, California
18              Tuesday, August 9, 2011
19
20          Reported by:
     LORRIE L. MARCHANT, CSR No. 10523, RPR, CRR, CCRR, CLR
21          JOB NO. 40970
22
23
24
25
```

Highly Confidential Under the Protective Order

Page 19

1  a touchscreen?
2         MR. BRIDGES:  Objection.  Vague and ambiguous.
3         THE WITNESS:  I don't know.  It could be,
4  but ...
5         MR. JOHNSON:  A copy of the '381 patent.
6         (Marked for identification purposes,
7         Exhibit 71.)
8         BY MR. JOHNSON:
9     Q.  You recognize this as your patent; right?
10    A.  I recognize this as the patent that I'm shown
11 as an inventor.
12    Q.  Now, if -- I turn -- if you turn to the back,
13 Column 35?
14    A.  Right.
15    Q.  -- there -- there are claims that are numbered
16 1 to 20 there.
17        Do you see that?
18    A.  Yes, I see that.
19    Q.  And if I ask you about terms that are contained
20 in this claim, these claims, so, for example, if I ask
21 you to look at Claim 1 --
22    A.  Yeah.
23    Q.   -- right, it says, A computer-implemented
24 method comprising at a -- comprising:  At a device with
25 a touchscreen display.

Highly Confidential Under the Protective Order

Page 20

1   Can you tell me what "at a device with a
2   touchscreen display" means?
3       MR. BRIDGES:  And I'll object as call for a
4   legal conclusion.
5       THE WITNESS:  Yeah.  I don't know what it means
6   legally, but in my own terms, I think it's about some --
7   yeah, some device with a touchscreen.
8       BY MR. JOHNSON:
9   Q.  Okay.  And how about the next -- the next
10  limitation:  Displaying a first portion of an electronic
11  document, what -- what does that mean?
12      MR. BRIDGES:  Same objection.  Calls for a
13  legal conclusion.
14      THE WITNESS:  In my own words, it would display
15  part of a -- I guess an electronic document, which could
16  mean different things.
17      BY MR. JOHNSON:
18  Q.  Well, what -- what -- what does an "electronic
19  document" mean?
20      MR. BRIDGES:  Objection.  Again, calls for a
21  legal conclusion.
22      THE WITNESS:  To me it means things that are
23  electronically stored on some kind of computer, I
24  believe.  And I guess in the context of this idea,
25  it's -- it has to do with something that's visible.

1        BY MR. JOHNSON:
2        Q.   What do you mean, "something that's visible"?
3        A.   Or something that can be displayed somehow.
4        Q.   On a touchscreen, for example?  Or it doesn't
5   have to be on a touchscreen?
6             MR. BRIDGES:  Same objection as before.  Calls
7   for a legal conclusion now, as well as expert testimony.
8             THE WITNESS:  Well, in my opinion, electronic
9   documents are -- can be on any kind of computer, as far
10  as I know.
11            BY MR. JOHNSON:
12       Q.   Okay.  The next element says -- the next
13  limitation says, Detecting a movement of an object on or
14  near the touchscreen display.
15            What -- what does that mean?
16            MR. BRIDGES:  Same objections.  Calls for
17  expert testimony and legal conclusion.
18            THE WITNESS:  Oh, just the next sentence --
19  yeah.  Yeah.  So I don't know the exact legal meaning,
20  but from my perspective, the idea that I worked on
21  is where you could move your finger on the touchscreen.
22  So I assume that that's what it's referring to.
23            BY MR. JOHNSON:
24       Q.   Okay.  How about the next -- the next
25  limitation:  In response to detecting the movement,

Highly Confidential Under the Protective Order

Page 22

1  translating the electronic document displayed on the
2  touchscreen display in a first direction to display a
3  second portion of the electronic document, wherein the
4  second portion is different from the first portion?
5      A.  So are you -- so are you asking me what I think
6  it means?
7      Q.  Yeah.
8          MR. BRIDGES:  Same objections as before.  Calls
9  for a legal conclusion and expert testimony.
10         THE WITNESS:  Again, legally, I'm not sure what
11 it really means.  Also, because of the wording, I've --
12 I'm not quite sure exactly that the -- what it means
13 with first and second portions.  I'm not sure what that
14 means.
15         But I think it relates to -- and -- my idea
16 where you could move something on the screen with your
17 finger, that you can move it in a certain direction.
18         BY MR. JOHNSON:
19     Q.  So you don't know what the "first portion"
20 refers to or the "second portion"?
21         MR. BRIDGES:  Objection.  Same -- same
22 objections as before.
23         THE WITNESS:  I -- I wouldn't, like, you know,
24 describe it like that, personally.
25 ///

Highly Confidential Under the Protective Order

Page 220

1              CERTIFICATE
2
   STATE OF CALIFORNIA )
3                      : ss
   COUNTY OF SONOMA    )
4
5      I, Lorrie L. Marchant, a Certified Shorthand
6  Reporter, a Registered Professional Reporter, a
7  Certified Realtime Reporter, and a Certified Realtime
8  Professional within and for the State of California, do
9  hereby certify:
10     That BAS ORDING, the witness whose deposition is
11 herein set forth, was duly sworn/affirmed by me and that
12 such deposition is a true record of the testimony given
13 by such witness.
14     I further certify that I am not related to any of
15 the parties to this action by blood or marriage and that
16 I am in no way interested in the outcome of this matter.
17     In witness whereof, I have hereunto set my hand
18 this 11th day of August, 2011.
19
20
21                 *Lorrie J Marchant*
22     ------------------------------------------------
       LORRIE L. MARCHANT, CSR, RPR, CRR, CLR, CCRR
23     CSR No. 10523
24
25