# EXHIBIT 9
# FILED UNDER SEAL

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 1

```
 1            UNITED STATES DISTRICT COURT
 2     NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION
 3   _____
 4   APPLE INC., a California       )
     corporation,                   )
 5                                  )
              Plaintiff,            )
 6                                  )
        vs.                         ) Case No.
 7                                  ) 11-CV-01846-LHK
     SAMSUNG ELECTRONICS CO.,       )
 8   LTD., a Korean business        )
     entity; SAMSUNG ELECTRONICS    )
 9   AMERICA, INC., a New York      )
     corporation; SAMSUNG           )
10   TELECOMMUNICATIONS AMERICA,    )
     LLC, a Delaware limited        )
11   liability company,             )
                                    )
12            Defendants.           )
     _____
13
         HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
14
15    VIDEOTAPED DEPOSITION OF KARAN SINGH, PH.D.
16            Redwood Shores, California
17            Thursday, April 26, 2012
18                    Volume I
19
20
21   Reported by:
     Danielle de Gracia
22   CSR No. 13650
23   Job No. 143641
24
25   PAGES 1 - 285
```

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 71

| | | |
|---|---|---|
| 1 | THE WITNESS: My definition of what -- | |
| 2 | the -- the -- sort of the plain English language | |
| 3 | meaning of embedded to me means that something exists | |
| 4 | inside something else. | |
| 5 | BY MR. BRIGGS: | 12:57:30 |
| 6 | Q  Okay.  With that meaning, can a electronic | |
| 7 | document have another electronic document embedded | |
| 8 | within it? | |
| 9 | MR. MONACH:  Objection.  Vague. | |
| 10 | THE WITNESS:  Again, it depends on how you | 12:57:45 |
| 11 | define embedding because embedding, you can talk of | |
| 12 | embedding at -- at a visual level, and you can talk | |
| 13 | of embedding perhaps at a -- at a machine level.  So | |
| 14 | it really needs to be -- it would be need to be | |
| 15 | clarified. | 12:58:08 |
| 16 | BY MR. BRIGGS: | |
| 17 | Q  So can an -- an electronic document have | |
| 18 | another electronic document embedded within it at the | |
| 19 | machine level? | |
| 20 | MR. MONACH:  Objection.  Vague. | 12:58:22 |
| 21 | THE WITNESS:  At the machine level, if it | |
| 22 | did, then the -- the overall document -- at the | |
| 23 | machine level, I mean, you can take -- at the machine | |
| 24 | level everything is -- is -- is a bunch of -- of | |
| 25 | bits. | 12:58:59 |

Case 5:11-cv-01846-LHK   Document 1351-3   Filed 07/26/12   Page 4 of 18

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 72

```
 1          You could take any -- any combination of
 2   bits and -- and put them inside another combination
 3   of bits, absolutely.  Whether that would be
 4   intelligible to the computer anymore is a different
 5   question.                                              12:59:14
 6   BY MR. BRIGGS:
 7      Q   What's the difference between an electronic
 8   document and a structured electronic document?
 9          MR. MONACH:  Object to the form of the
10   question.                                              12:59:25
11          THE WITNESS:  A structured electronic
12   document is an electronic document which when -- when
13   parsed and -- and displayed by the computer has
14   regions and structure that has some semantic meaning
15   to the human viewing it.                               12:59:48
16   BY MR. BRIGGS:
17      Q   And how does that differ than an electronic
18   document?
19          MR. MONACH:  Object to the form.
20          THE WITNESS:  The lack of structure in just     01:00:09
21   a plain electronic document.
22   BY MR. BRIGGS:
23      Q   So is it your position that an electronic
24   document does not have structure in it?
25          MR. MONACH:  Objection.  Incom- --              01:00:35
```

VERITEXT REPORTING COMPANY

212-267-6868         www.veritext.com         516-608-2400

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 73

1   incomplete hypothetical.
2           THE WITNESS:  No, I did not say that.  I
3   mean, a structured electronic document is also an
4   electronic document.  So clearly you cannot say that
5   an electronic document cannot have structure in it.     01:00:47
6   BY MR. BRIGGS:
7       Q   So is a structured electronic document a
8   subset of electronic document?
9       A   Yes, I believe so.
10      Q   So if we -- we were to draw a Venn diagram,   01:01:09
11  the -- the big circle would have electronic document
12  in it, and there would be a smaller circle with
13  structured electronic document within it?
14      A   It may not be a smaller circle, but it
15  certainly would not be a bigger circle.                 01:01:23
16      Q   So are there electronic documents that are
17  not structured electronic documents?
18          MR. MONACH:  Object -- object to form.
19          THE WITNESS:  That would depend on the
20  pers- -- say that again.  Sorry.  Can you repeat        01:01:44
21  that?
22  BY MR. BRIGGS:
23      Q   Are there electronic documents that are not
24  structured electronic documents?
25          MR. MONACH:  Object to the form of the         01:02:01

Page 74

1    question.
2         THE WITNESS:  In the context of the '163
3    patent, yes.
4    BY MR. BRIGGS:
5       Q    Why do you qualify your answer within the          01:02:13
6    context of the '163 patent?
7       A    Because the '163 patent deals with a
8    specific area of talking about -- about -- about
9    readability of structured electronic documents, and
10   so it sort of sets the context for the kind of              01:02:48
11   structure that -- that a person of ordinary skill in
12   the art would be -- would look for in such -- in such
13   documents under -- yes.
14      Q    Can -- can you, in the context of the '163
15   patent, could you give me an example of an electronic      01:03:12
16   document that's not a structured electronic document?
17           MR. MONACH:  Object to the form of the
18   question.  Incomplete hypothetical to the extent it
19   calls for a legal conclusion.
20           THE WITNESS:  In the context of the '163           01:03:30
21   patent, an electronic document that -- that -- that
22   does not necessarily have the -- the -- the -- have
23   the sort of -- the -- the structure that the -- that
24   the '163 is talking about would -- would sort of
25   be -- it would just be a default.  Yeah, it would          01:04:06

1  just be a -- a document, yeah, which -- which had --
2  yeah, it was structureless, yes.
3  BY MR. BRIGGS:
4      Q   Can you give me any examples of electronic
5  documents that are not structured electronic                01:04:36
6  documents in the context of the '163 patent?
7      A   A music file.
8      Q   Any other examples?
9      A   Well, that's one.  A file containing
10 three-dimensional graphical objects, strictly              01:05:10
11 three-dimensional graphical data.
12     Q   Any others?
13     A   Well, at least those.
14     Q   At least those.  So why wouldn't a music
15 file be a structured electronic document?                   01:05:28
16         MR. MONACH:  Object to the form of the
17 question.  Incomplete hypothetical.
18 BY MR. BRIGGS:
19     Q   In the context of the '163 patent.
20     A   In the context of the '163 patent.               01:05:38
21 Theoretically, there is nothing that precludes it.
22 However, a person of ordinary skill in the art
23 would -- would typically not associate the -- the
24 sort of box-like structure that -- that is intended
25 in the '163 patent with something such as a -- a          01:06:29

1  music file.  Typically, music files do not -- are
2  not -- do not have that inherent, at least
3  inherently, have that -- have that structure
4  associated with them.
5          You could conceive of creating such a                01:06:49
6  situation, but that's -- that's -- that's something
7  that goes beyond what a person of ordinary skill in
8  art would understand.
9     Q   So a music file could conceivably be a
10 structured electronic document?                               01:07:15
11         MR. MONACH:  Objection.  Incomplete
12 hypothetical.
13         THE WITNESS:  I -- I think a person of
14 ordinary skill in the art would say -- would say not
15 given the -- given the current understanding of music   01:07:26
16 files.
17 BY MR. BRIGGS:
18    Q   Now, why isn't a file containing strictly
19 three-dimensional data a structured electronic
20 document?                                                     01:07:46
21         MR. MONACH:  Object to the form of the
22 question.
23         THE WITNESS:  Well, by strictly -- strictly
24 three-dimensional data, I mean, sort of the raw data
25 that -- that often is the result of -- of -- of         01:07:59

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 77

1  ==three-dimensional acquisition techniques where you==
2  ==get a number of points.  And by itself, it's just==
3  ==a -- a big cloud of unstructured points which by==
4  ==itself, to me, does not -- does not -- unless --==
5  ==unless further worked on, it does not by itself==    01:08:27
6  disclose any structure.
7  BY MR. BRIGGS:
8      Q    Now, when you formulated your view
9  of what -- or your position of what a structured
10 electronic document means in the context of the '163    01:08:50
11 patent, did you review the inventor testimony?
12     A    If I did it would be cited in my report.
13 Maybe I can look for it.
14     Q    Rather than looking at the report -- I don't
15 remember seeing it in there either -- let me ask you    01:10:10
16 this question.
17     A    Okay.
18     Q    Richard Williamson is an inventor on the
19 '163 patent, correct?
20     A    Yes.                                            01:10:20
21     Q    During his deposition when he was asked what
22 is a structured electronic document, he stated, "A
23 structured document is something that has a visual
24 structure with structurally interesting components,
25 and there are many examples of a structured             01:10:37

Page 78

1  electronic document, whether it be a PDF document
2  with an imposed structure or whether it be a Web page
3  with a structure, or an -- an .rtf document.  So a
4  structured document is something that, you know, a
5  normal human can look at and identify areas of          01:10:53
6  interest."
7         Do you agree with that definition?
8     A   By and large.
9     Q   Okay.
10    A   I would like to qualify that I think            01:11:07
11 Mr. Williamson was sort of assuming that -- that that
12 structure, not only was it -- it visually apparent to
13 the human, but in the examples that he gave, that
14 that structure existed in the document itself.
15    Q   Can -- can you describe what you mean by        01:11:39
16 that?
17    A   Yes.  An example would be that -- would be
18 that Web pages have explicit HTML.  Web pages have
19 explicit tags such as a division that -- that allow
20 visually salient areas of content to be grouped        01:12:04
21 together, and that information is explicitly captured
22 in the document itself.
23    Q   So is it your position that the document has
24 to have structural information that's not visible as
25 well as structural information that's visible?         01:12:29

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 79

| | |
|---|---|
| 1 | MR. MONACH: Object to the form of the |
| 2 | question as vague and an incomplete hypothetical. |
| 3 | Calls for a legal conclusion. |
| 4 | THE WITNESS: Yeah, I'm -- I -- I -- you'd |
| 5 | have to rephrase that question for me to answer it.    01:12:39 |
| 6 | BY MR. BRIGGS: |
| 7 | Q   Well, in -- in the term "structured |
| 8 | electronic document," where is the structure?  Is it |
| 9 | something that a human can see or is it something |
| 10 | that a human cannot see?                               01:12:54 |
| 11 | MR. MONACH:  Object to the form of the |
| 12 | question.  Vague.  Incomplete hypothetical. |
| 13 | THE WITNESS:  Well, it could be either.  But |
| 14 | again, to -- to answer that question, clearly you -- |
| 15 | you have to -- you have to qualify that with what the  01:13:08 |
| 16 | human is seeing.  Is the human seeing the -- the -- |
| 17 | sort of the -- the machine representation of the |
| 18 | document or are they looking at the -- the visual |
| 19 | manifestation of that document once it has been |
| 20 | interpreted by a machine-readable -- a program?        01:13:37 |
| 21 | So -- so which is it? |
| 22 | BY MR. BRIGGS: |
| 23 | Q   I was referring to a human seeing it on the |
| 24 | display of a touch screen, for example. |
| 25 | A   Right.  So -- so the human is looking at --   01:13:49 |

VERITEXT REPORTING COMPANY

212-267-6868        www.veritext.com        516-608-2400

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 80

1  so -- so if I understand you correctly, the human is
2  looking at the machine-interpreted visual
3  manifestation of a structured electronic document.
4      Q    Correct.
5      A    Okay.  Now, what's the question?  Sorry.    01:14:06
6      Q    So does the structured electronic document
7  have to have structure that is visible to the human
8  on the screen as well as structure that's
9  understandable by the machine but not visible to the
10 human on the screen?                                 01:14:27
11          MR. MONACH:  Objection.  Vague.  Calls for a
12 legal conclusion.
13          THE WITNESS:  It could be either.
14 BY MR. BRIGGS:
15     Q    Now, did you see Dr. Gray's definition of    01:14:33
16 structured electronic document in his report?
17     A    In his invalidity report?
18     Q    Yes.
19     A    I believe I must have, but I don't --
20     Q    You don't recall offhand?                    01:15:14
21     A    I don't recall offhand.
22     Q    Okay.  But you don't -- you don't recall
23 whether you saw a definition by Dr. Gray and agreed
24 with it or disagreed with it?
25     A    Well, if I disagreed with it, it would       01:15:23

Page 81

1	probably be in my validity report.
2	Q	If you had a structured electronic document
3	on a display and you enlarged the -- the structured
4	electronic document, you zoomed in on it for example,
5	and as you zoom in on it additional content is added.   01:16:09
6	    Does that change the fact that the document
7	is a structured electronic document?
8	A	Okay.  I -- I think you -- can I have that
9	question read back to me?
10	    (Record read.)                              01:16:30
11	    MR. MONACH:  Objection.  Vague.
12	    THE WITNESS:  I would have to ask you
13	whether the additional content you referred to is
14	additional visual content or additional electron- --
15	additional electronic content.  It -- it --        01:17:13
16	BY MR. BRIGGS:
17	Q	Well, maybe you could answer under both of
18	those scenarios for me.
19	A	Okay.
20	Q	Sounds like your answer would be different.   01:17:23
21	A	Well, it -- I would need to know where this
22	additional content was coming from.  And so -- so you
23	would have to -- I'd -- I actually need you to tell
24	me where this content was coming from.  Which
25	content?  This -- it's somewhat hypothetical, right?  01:17:43

Page 82

| | | |
|---|---|---|
| 1 | So in this hypothetical situation, you would have to | |
| 2 | tell me where is this content coming from. | |
| 3 | Q   Okay.  Let's say we had a picture. | |
| 4 | A   Uh-huh. | |
| 5 | Q   And you zoomed in on that picture. | 01:17:54 |
| 6 | A   Uh-huh. | |
| 7 | Q   And as you zoomed in on that picture, | |
| 8 | additional pixels were added. | |
| 9 | A   Uh-huh. | |
| 10 | Q   Would that change the fact that the | 01:18:02 |
| 11 | underlying electronic document is a structured | |
| 12 | electronic document? | |
| 13 | MR. MONACH:  Objection.  Vague.  Incomplete | |
| 14 | hypothetical. | |
| 15 | THE WITNESS:  In a scenario where a pixel -- | 01:18:17 |
| 16 | an image was displayed as being somewhat small and | |
| 17 | then the image was enlarged so that pixels that were | |
| 18 | in the original document were not collapsed onto a | |
| 19 | single pixel but were -- but -- but occupied -- but | |
| 20 | occupied multiple pixels in that specific instance, | 01:18:46 |
| 21 | and the -- and it was essentially -- the data was | |
| 22 | part of -- was part of the same original document, | |
| 23 | that would be -- so in that scenario, what was the | |
| 24 | question that you -- so I've -- I've -- I've -- I've | |
| 25 | para- -- I've paraphrased the scenario, but now | 01:19:13 |

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 178

1  disagree with his defin- -- definition in this case?
2          MR. MONACH:  Objection.  Lack of foundation
3  and vague.
4          THE WITNESS:  I -- I would actually need --
5  I would need to know all the different parameters    04:52:27
6  under which he came to that conclusion to be able
7  to -- to say anything conclusively about this.
8  BY MR. BRIGGS:
9      Q   If he came to that conclusion with respect
10 to Launch Tile in the meaning of electronic document,  04:52:39
11 would you agree with that conclusion?
12         MR. MONACH:  Objection.  Lack of foundation
13 and vague.
14         THE WITNESS:  I would -- I would really need
15 to know all the different factors that -- that --    04:52:53
16 that led him to that conclusion.  What you -- the
17 questions that you have asked me have been quite out
18 of -- they -- they -- they have had -- they have been
19 sort of hypothetical to begin with and have had no
20 context either.  So it would be impossible for me    04:53:12
21 to --
22 BY MR. BRIGGS:
23     Q   Well, does electronic document have a
24 well-known meaning to one of ordinary skill in the
25 art in your field?                                   04:53:26

1        MR. MONACH:  Objection.  Vague and
2   incomplete hypothetical.
3        THE WITNESS:  Yes.  Generally in -- in just
4   a general setting, an electronic document is -- is a
5   file in a, you know, in -- that is -- that is stored      04:53:39
6   on a computational device.
7   BY MR. BRIGGS:
8      Q   So your definition of electronic document is
9   a file stored on a computational device?
10     A   Well, stored on a -- on a computer storage        04:54:04
11  medium.
12     Q   Does it have to be a file?
13     A   Well, a file is usually some cohesive piece
14  of information.  So that's one way of talking about
15  it.  Yeah.                                                04:54:25
16     Q   Can it be anything other than a file?
17       MR. MONACH:  Objection.  Vague.  Incomplete
18  hypothetical.
19       THE WITNESS:  It could be as long as there
20  was enough evidence to -- to treat them as -- as a       04:54:40
21  cohesive, something that a person of ordinary skill
22  in the art would think of as a cohesive document.
23  BY MR. BRIGGS:
24     Q   Let's assume the court construed the term
25  structured electronic document to mean something that    04:54:57

Page 180

1   is visually represented on a display with a define
2   set of boundaries.
3       A   Visually represented on a display -- okay.
4       Q   In that case -- under that hypothetical
5   construction, would Launch Tile anticipate Claim 2 of     04:55:20
6   the '163 patent?
7           MR. MONACH:  Objection.  Incomplete
8   hypothetical.
9           THE WITNESS:  So the -- the hypothetical
10  construction of a structured electronic document that    04:55:39
11  you are giving me is just some piece of electronic
12  information that visually appears with some -- with
13  some understood boundaries.  Okay.
14          So and then the question is under that --
15  under that --                                            04:56:05
16      Q   Construction.
17      A   Construction, does Launch Tile anticipate
18  Claim 2?
19      Q   Correct.
20      A   I don't believe so.                              04:56:16
21      Q   Okay.  Do you know why?
22      A   At least for the reason that -- at least for
23  the reason that -- to begin with, the structure that
24  is disclosed by Launch Tile is independent of the
25  structure of any document.  So what that means is        04:56:58

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 285

1      I, the undersigned, a Certified Shorthand
2  Reporter of the State of California, do hereby
3  certify:
4      That the foregoing proceedings were taken
5  before me at the time and place herein set forth;
6  that any witnesses in the foregoing proceedings,
7  prior to testifying, were placed under oath; that a
8  verbatim record of the proceedings was made by me
9  using machine shorthand which was thereafter
10 transcribed under my direction; further, that the
11 foregoing transcript is an accurate transcription
12 thereof.
13     I further certify that I am neither
14 financially interested in the action nor a relative
15 or employee of any attorney or party to this action.
16     IN WITNESS WHEREOF, I have this date
17 subscribed my name.
18
19 Dated:  April 30, 2012
20
21
22                      _____
                        Danielle de Gracia
23                      CSR No. 13650
24
25