# EXHIBIT 13
# FILED UNDER SEAL

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

SAN JOSE DIVISION

11

12

APPLE INC., a California corporation,

Case No.    11-cv-01846-LHK

13

Plaintiff,

**DECLARATION OF DR. KARAN SINGH, PH.D. IN SUPPORT OF APPLE'S OPPOSITION TO SAMSUNG'S MOTION FOR SUMMARY JUDGMENT**

14

v.

15

SAMSUNG ELECTRONICS CO., LTD., A Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,

16

17

18

19

Defendants.

20

21

**\*\*CONFIDENTIAL – CONTAINS MATERIAL DESIGNATED AS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY PURSUANT TO A PROTECTIVE ORDER\*\***

22

23

**SUBMITTED UNDER SEAL**

24

25

26

27

28

relevant to this litigation).  For convenience, I will refer collectively to these three pieces of

alleged prior art as "LaunchTile" except when discussing content or functionality that is specific

to one of them.

90.     I incorporate here by reference the arguments for validity over LaunchTile made in

paragraphs 29-38 of my Validity Report.  (Ex. 2.)  I made these arguments in my Validity Report

in the context of claim 2, but they apply equally to claim 50, which has claim limitations

substantially identical to those in claim 2.  Mr. Gray agrees that "Claim 2 is a 'computer

implemented method' claim, and generally tracks the language of independent claims 49, 50, 51,

and 52."  (Bartlett Decl. Ex. 31 ¶ 289.)  Claim 50 requires one or more programs including

"instructions for" performing each of the method steps described in claim 2.  LaunchTile fails to

anticipate claim 50 for at least the same reasons that it fails to anticipate claim 2.

### A.     Overview of LaunchTile

91.     LaunchTile is a research prototype system that provides the ability to launch 36

applications via tiles presented using a display abstraction that its authors call an "interactive

zoomspace." (Bederson Decl., Ex. A at 204.)  The zoomspace provides three levels of display: the

World View, which displays application tiles (symbolic visual representations) corresponding to

each of the 36 applications in a 6-by-6 grid; the Zone View, which displays four application tiles

with additional application-related content in a 2-by-2 grid; and the Application View, which

launches and allows a user to interact with each application itself.  Clicking or tapping on a

location in the World View initiates an animation that fills the screen with a Zone View

rendering—distinct from the content displayed in the corresponding portion of the World View—

of the four application tiles around the location of the user's touch.  Once the Zone View is

rendered, clicking or tapping on one of the four displayed application tiles launches the

application—for example, an email client application or a mapping application—to which the

selected application tile corresponds.

92.     As the above description suggests, LaunchTile targets an entirely different

problem from the one that is solved by claim 50 of the '163 patent: LaunchTile addresses the use

of a fixed set of applications in a predefined layout, whereas the '163 patent deals with reading

Apple v. Samsung
Confidential – Attorneys' Eyes Only

and navigating arbitrarily-sized structured electronic documents on a small screen. LaunchTile creates substantively different renderings of a fixed set of iconic application tiles. These tiles facilitate the launching of the applications to which the tiles correspond. Claim 50, by contrast, applies enlargement and translation to a unified, but arbitrarily sized, structured electronic document to aid a user's viewing of areas of interest in that document. LaunchTile fails to disclose multiple elements of claim 50, as the analysis that follows will demonstrate.

### B.     Claim 50, Element [b]

93.     LaunchTile does not disclose the element of claim 50 of "instructions for displaying at least a portion of a structured electronic document on the touch screen display, wherein the structured electronic document comprises a plurality of boxes of content."

94.     According to Mr. Gray, LaunchTile displays a structured electronic document in the World View. (Gray Decl. ¶ 76 ("It is my opinion that this 6x6 zoomspace is a 'structured electronic document' with 36 embedded Application tiles, each of which is also a structured electronic document.").) I disagree. As I opined in my deposition in response to Samsung's questioning on this point (Gray Decl. Ex. 6 at 171:14-176:15), the mere fact that LaunchTile arranges a set of otherwise conceptually independent application tiles into a grid for display does not automatically qualify that collection as a single electronic document.

95.     In my opinion, those of skill in the art of the '163 patent would understand that there must be some conceptual relationship or commonality in the information in a "document" that is sufficient to justify treating that information as a single, discrete entity. For electronic documents, the classic indication of such a relationship is the storage of information in a single file, such as a text file, an image file, an HTML file, or a spreadsheet file. Where a single file is not present, information must be related in a conceptually equivalent way to be considered a "document."

96.     As I discussed in my Infringement Report, the display of a web page, such as the *New York Times* home page, in a mobile device's web browser is a paradigm example of the display and navigation of a structured electronic document that the '163 patent targets. The *New York Times* home page is a structured electronic document that includes several boxes of content

Apple v. Samsung
Confidential – Attorneys' Eyes Only

1   that mobile devices—including Apple's iOS products and the Samsung Accused Products—can

2   display on their touch screen displays.  These devices detect a user's double tap gesture (two taps

3   on the touch screen in quick succession) on a box of content, and respond to that gesture by

4   determining which box was tapped and then enlarging and translating the web page to

5   substantially center that box on the screen.  If the user proceeds to double tap on a second box of

6   content on the web page, the web page is translated to substantially center that second box on the

7   screen.

8           97.     The various application tiles that LaunchTile is programmed to display together to

9   create the World View screen are not one electronic document.  The different applications that

10  these tiles represent are entirely conceptually independent of one another: they are separate

11  programs designed to run independently and accomplish different tasks.  LaunchTile purposely

12  uses different levels of abstraction to provide three different layers of information about a fixed

13  number of application programs.  At each layer the system displays different content distinct from

14  the content in other layers, and it launches distinct application programs when an individual tile is

15  touched.

16          98.     My review of the XNav source code, which I understand is functionally equivalent

17  in the relevant respects to the code for the LaunchTile, confirms that the "interactive zoomspace"

18  that Mr. Gray identifies as the structured electronic document displayed in the World View is

19  actually just a programmatically assembled collection of separate image files representative of the

20  36 disparate applications displayed in the World View.  This is consistent with Dr. Bederson's

21  own description of LaunchTile. (Bederson Decl. ¶ 14 ("In our prototype implementation, the

22  individual tiles in LaunchTile were typically represented by one or more image files (.png

23  files).").)

24          99.     Dr. Bederson and Mr. Gray attempt to manufacture a connection between the

25  various application tiles in the World View by resorting to the idea that LaunchTile's code for

26  displaying these separate pieces assembles all of them into a  "single, hierarchical object oriented

27  data structure."  (Bederson Decl. ¶ 13; cited by Gray Decl. ¶ 77.)  Such a data structure—which is

28  a programming construct *created by LaunchTile* to facilitate display that could be populated with

1    arbitrary, unrelated content—is not an "electronic document" within the meaning of the '163

2    patent because it lacks the prior semantic association of its contents that a "document" requires.

3          100.   Dr. Bederson's inapt comparison of LaunchTile's display-facilitating "data

4    structure" to an HTML document (Bederson Decl. ¶ 13:9-12) highlights a key distinction between

5    LaunchTile's operation and the display of a true electronic document, such as the rendering of an

6    HTML document in a web browser.  Dr. Bederson claims that LaunchTile's **creating** [a] single,

7    hierarchical object oriented data structure that is then translated into the visual representation

8    displayed to the user" (emphasis added) is "similar to the process that occurs when a typical web

9    browser application interprets and transforms the elements of a standard HTML document into

10   what is known as a data object model that can then be visually presented to the user as a single,

11   unified web page."  (*Id.*)  A web browser, however, does not "creat[e]" the HTML documents

12   that it displays.  Rather, unlike LaunchTile—which creates <u>at runtime</u> (i.e., when the program is

13   executed and the display is rendered) the "single object-oriented data structure" to which Dr.

14   Bederson and Mr. Gray refer[2]—a web browser takes as input a discrete quantum of information

15   that is already semantically associated as a unified HTML "document."  That a browser performs

16   additional processing to render an HTML document into viewable form does not change the fact

17   that it takes a unified HTML document as input, while LaunchTile merely assembles, for display

18   purposes, disparate image resources representative of independent applications.

19         101.   For the reasons above, it is my opinion that the World View in LaunchTile does

20   not "display[] at least a portion of a structured electronic document" and therefore does not

21   disclose this element of claim 50.

22       **C.**    **Claim 50, Element [c]**

23         102.   LaunchTile does not disclose the element of claim 50 of "instructions for detecting

24   a first gesture at a location on the displayed portion of the structured electronic document;

25   instructions for determining a first box in the plurality of boxes at the location of the first gesture;

26   _____

27       [2] Dr. Bederson is careful to limit his testimony to say only that "embedded tiles were
     always part of one unified zooomspace that was dependent on a single object-oriented data
     structure for its content **during the rendering process**." (Bederson Decl. ¶ 14 (emphasis added.))

28   No such unifying structure exists prior to—or independently of—LaunchTile's being executed.

Apple v. Samsung
Confidential – Attorneys' Eyes Only

1    I declare under penalty of perjury under the laws of the United States of America that the

2    foregoing is true and correct.  Executed on May 31, 2012.

3

4

5

6    /s/ _____

7         Karan Singh

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28