# EXHIBIT 14
# FILED UNDER SEAL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., A Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK<br><br>**REBUTTAL EXPERT REPORT OF DR. KARAN SINGH, PH.D. REGARDING VALIDITY OF U.S. PATENTS NOS. 7,864,163, 7,844,915 AND 7,853,891** |

**<u>**CONFIDENTIAL – CONTAINS MATERIAL DESIGNATED AS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY PURSUANT TO A PROTECTIVE ORDER**</u>**

XNav System, U.S. Patent No. 7,327,349 to Robbins et al. ("Robbins"), U.S. Patent No. 7,933,632 to Flynt et al. ("Flynt"), and U.S. Patent No. 6,211,856 to Choi et al. ("Choi"). Mr. Gray also cites these references in combination with six other named references to support his opinions that the asserted claims of the '163 patent are invalid as obvious. For the reasons discussed below, it is my opinion that none of these prior art references anticipates any of the claims of the '163 patent that I asserted were infringed in my Expert Report Regarding Infringement. Moreover it is my opinion that none of these references, alone or in combination with one another, renders the asserted claims obvious. Finally, it is my opinion that the asserted claims of the '163 patent are not invalid for lack of written description or enablement, or for indefiniteness.

### A. The Asserted Claims of the '163 Patent Are Not Anticipated or Rendered Obvious by the LaunchTile or XNav Systems or the LaunchTile Publication

29. Three of the references that Mr. Gray asserts anticipate the '163 patent—the LaunchTile System, the XNav System, and a publication entitled AppLens and LaunchTile: Two Designs for One-Handed Thumb Use on Small Devices (the "LaunchTile Publication")—are closely related. I understand that the LaunchTile System is a prototype graphical user interface created by Benjamin Bederson and his colleagues for use on mobile devices such as Personal Digital Assistants and cell phones. (Bederson Decl. in Supp. of Samsung's Opp. to Apple's Mot. for Prelim. Inj. at 1.) The LaunchTile Publication describes how aspects of the LaunchTile System function. (*Id.*) The XNav System is a variant of the LaunchTile System that is adapted for use with different devices and operating systems. XNav is based on the same source code as LaunchTile, and it has many of the same features. (*Id.* at 7.)

30. Mr. Gray's own description of LaunchTile, which applies equally to XNav, shows that LaunchTile's functionality is fundamentally different from the functionality claimed in the '163 patent. Mr. Gray describes LaunchTile as follows:

> LaunchTile consisted of an "interactive zoomspace" consisting of 36 application tiles, divided into nine zones of four tiles each. The LaunchTile Publication referred to this "zoomspace" as the

> "World." When the entire zoomspace was in view, the LaunchTile Publication referred to the view as "World View."
>
> The zoomspace included a blue button ("Blue") in the center of each 4-tile "Zone" that could be selected by the user to enlarge and translate the four tiles that were adjacent to the selection button. When enlarged, the four tiles and the selection button [were] referred to as the "Zone View[.]"
>
> From the Zone View, LaunchTile permit[ted] the user to select any one of the 4 application tiles to launch the corresponding application.

(Gray Report at 89-90.) LaunchTile / XNav and the '163 patent address fundamentally different problems: LaunchTile and XNav address the use of a fixed set of applications in a predefined layout, whereas the '163 patent deals with the readability and navigation of arbitrarily sized and structured documents on a small screen.

31. LaunchTile, as described above, discloses a method that purposely uses abstraction to provide three different layers of information. At each layer (World, Zoom, and Application) the system displays different content, which is distinct from the content in other layers, notwithstanding the fact that symbolic links may exist between layers (such as text and graphics that comprise, for example, an email icon in the Zone View launching a corresponding, but separate, email Application). By contrast, the '163 patent claims a method for viewing the content of the same structured electronic document effectively on a portable device's screen, even when the screen does not naturally accommodate the document's size. The '163 patent describes scaling and translating a structured electronic document to better allow a user to focus on different portions of it, but it is, at all relevant times, the same electronic document that is displayed on the screen. In contrast, moving to a different layer in LaunchTile and XNav does not merely enlarge or translate a structured electronic document, but instead displays different and additional content. For at least these reasons, LaunchTile and XNav do not anticipate claims 2, 6-7, 10, 12-13, 17-18, 27, 29-30, 32-35, 37-41, or 49-52. Mr. Gray's obviousness arguments that urge combinations with LaunchTile and XNav are addressed below in connection with the claims to which they apply.

**1. Claim 2: "detecting a first gesture at a location on the displayed portion of the structured electronic document; determining a first box in the plurality of boxes at the location of the first gesture; enlarging and translating the structured electronic document so that the first box is substantially centered on the touch screen display"**

32. I disagree with Mr. Gray's determination that LaunchTile and XNav disclose claim 2's recitation of "detecting a first gesture at a location on the displayed portion of the structured electronic document; determining a first box in the plurality of boxes at the location of the first gesture; enlarging and translating the structured electronic document so that the first box is substantially centered on the touch screen display."

33. The unambiguous language of claim 2 requires that the "structured electronic document" that is "enlarge[ed] and translate[ed]" (such that the enlarged portion of it is "substantially centered on the touch screen display") must be the same structured electronic document that includes a location where "a first gesture" is detected and "a first box" is determined. LaunchTile and XNav fail to disclose this recitation of claim 2 because the different zoom levels in LaunchTile and XNav do not display the same structured electronic document. In LaunchTile and XNav, the "substantially centered" Zone View is entirely distinct from the World View, or portion of it, that is initially displayed and tapped on by the user.[1] Transitioning from the World View to the Zone View does not involve "enlarging and translating" a portion of the World View. Rather, a Zone View entirely replaces the World View that was previously displayed. This replacement functionality is apparent in all of the LaunchTile screenshots included in part [2b] of the claim chart attached as Appendix 7 to Mr. Gray's report, which clearly show that the Zone View is not merely a translated and enlarged version of the World View, but entirely different content with a different visual appearance:

[1] I express no opinion as to whether the portions of the World View, Zone View, and Application View displayed by LaunchTile and XNav individually constitute "structured electronic documents" within the meaning of the '163 patent. Because it is clear that the different Views display distinct content, they cannot be the same structured electronic document.




Note, for example, that the single phone icon in the World View becomes a list of calls in the Zone View; the email and calendar cells similarly become detailed lists in the Zone View where they were merely iconic representations in the World View. The difference is more than mere enlargement and translation; it is substitution of entirely different content.

34. A review of the XNav source code confirms that the Zone View displays different content, not merely an enlarged and translated version of content displayed in the World View. Specifically, the XNav code calls entirely different graphical assets when a transition is made from World View to Zone View, rather than enlarging the World View graphical assets. (*See* Landscape.cs in Bederson Decl. in Supp. of Samsung's Opp. to Apple's Mot. for Prelim. Inj., Ex. G (hereinafter XNav Source Code Exhibit).)

**2. Claim 2: "while the first box is enlarged, a second gesture is detected on a second box other than the first box; and in response to detecting the second gesture, the structured electronic document is translated so that the second box is substantially centered on the touch screen display"**

35. I disagree with Mr. Gray's determination that LaunchTile and XNav disclose claim 2's recitation of "while the first box is enlarged, a second gesture is detected on a second box other than the first box; and in response to detecting the second gesture, the structured electronic document is translated so that the second box is substantially centered on the touch screen display

commercially successful and have garnered widespread praise for their elegant and user-friendly interfaces.

**E. The Asserted Claims of the '891 Patent are Not Invalid as Indefinite Under 35 U.S.C. § 112 ¶ 6**

310. I disagree with Dr. Darrell's opinion that claims 51-52, 55-56, 64-71, and 73-74 are indefinite because the specification of the '891 patent lacks corresponding structure to adequately identify the scope of these claims.

311. It is my opinion that there is sufficient disclosure of structure in the '891 patent specification for performing the functionality claimed in these means-plus-function claims. I have identified the physical components (such as hardware) and the algorithmic components (such as flow diagrams) of structure in the '891 patent specification associated with each element of claims 51-52, 55-56, 64-71, and 73-74 in my Expert Report Regarding Infringement. (See Expert Report of Karan Singh, Ph.D. Regarding Infringement of U.S. Patents Nos. 7,864,163, 7,844,915 and 7,853,891 at 154-165.) The relevant disclosed structure includes at least the text at 2:42-3:14, 3:45-50, 4:28-5:31, 5:54-6:8, 6:21-40, 7:7-50, and 8:4-9:63 and Figures 1, and 7-21. This structure is, in my opinion, sufficient to render claims 51-52, 55-56, 64-71, and 73-74 definite, and therefore not invalid under 35 U.S.C. § 112 ¶ 6.

Dated: April 16, 2012

/s/ [signature]
Karan Singh