# Exhibit 10
# (Submitted Under Seal)

Confidential Attorneys' Eyes Only

Page 1

```
 1              UNITED STATES DISTRICT COURT
 2             NORTHERN DISTRICT OF CALIFORNIA
 3                   SAN JOSE DIVISION
 4
 5   APPLE INC., a California
     corporation,
 6
                    Plaintiff,
 7
     vs.                              CASE NO.  11-cv-01846-LHK
 8
     SAMSUNG ELECTRONICS CO.,
 9   LTD., a Korean business
     entity; SAMSUNG ELECTRONICS
10   AMERICA,INC., a New York
     corporation; SAMSUNG
11   TELECOMMUNICATIONS AMERICA,
     LLC, a Delaware limited
12   liability company,
13                Defendants.
     _____/
14
15
16         C O N F I D E N T I A L
17      A T T O R N E Y S   E Y E S   O N L Y
18
19    VIDEOTAPED DEPOSITION OF BRIAN Q. HUPPI
20         REDWOOD SHORES, CALIFORNIA
21          TUESDAY, OCTOBER 18, 2011
22
23   BY:  ANDREA M. IGNACIO HOWARD, CSR, RPR, CCRR, CLR.
24   CSR LICENSE NO. 9830
25   JOB NO. 42679
```

Confidential Attorneys' Eyes Only

Page 2

1    TUESDAY, OCTOBER 18, 2011
2           9:38 a.m.
3
4
5
6    VIDEOTAPED DEPOSITION OF BRIAN Q. HUPPI,
7    taken at QUINN EMANUEL URQUHART &
8    SULLIVAN, LLP, 555 Twin Dolphin Drive,
9    Suite 560, Redwood Shores, California,
10   Pursuant to Notice, before me,
11   ANDREA M. IGNACIO HOWARD, CLR, CCRR, RPR,
12   CSR License No. 9830.
13
14
15
16
17
18
19
20
21
22
23
24
25

Confidential Attorneys' Eyes Only

Page 3

1   A P P E A R A N C E S:
2
3       FOR APPLE INC.:
4       MORRISON & FOERSTER
5       By:   JASON BARTLETT, Esq.
6       425 Market Street
7       San Francisco, California 94105
8
9
10
11
12      FOR SAMSUNG ELECTRONICS CO. LTD:
13      QUINN EMANUEL URQUHART & SULLIVAN
14      By:   BRIAN E. MACK, Esq.
15      50 California Street
16      San Francisco, California 94111
17
18
19
20      ALSO PRESENT:   Pete Sais, Videographer
21
                        ---oOo---
22
23
24
25

Confidential Attorneys' Eyes Only

1  right?
2         MR. BARTLETT:  Objection; calls for
3  speculation.
4         THE WITNESS:  That's my understanding.
5         MR. MACK:  Okay.
6     Q   Do you know which approach Apple ultimately
7  moved forward with?
8         MR. BARTLETT:  Objection; lacks foundation.
9         THE WITNESS:  Well, I don't think we moved
10 forward with either of these two, really.  The
11 implementation that we moved forward with, that became
12 our working prototypes, didn't use self-capacitance,
13 which is what FingerWorks was offering.
14        MR. MACK:  Okay.
15    Q   Are you aware of any --
16    A   So --
17    Q   Oh, I'm sorry.
18    A   No, that's it.
19    Q   Were you aware of any mutual-capacitance
20 touch panel that FingerWorks was offering?
21    A   Any mutual-capacitance?  Is that what you
22 said?
23    Q   (Counsel nods head.)
24    A   No, not that I was aware of, no.
25    Q   Okay.  Not in the September 2003 time frame,

Confidential Attorneys' Eyes Only

Page 192

1   and reserve right for review.
2           MR. MACK:  Great.  Thank you.
3           THE WITNESS:  Thank you.
4           THE VIDEOGRAPHER:  This marks the end of
5   Volume I, Disc 3, and concludes today's deposition of
6   Brian Huppi.
7           The time is 3:17 p.m., and we are off the
8   record.
9           (WHEREUPON, the deposition end the at
10           3:17 p.m.)
11                      ---oOo---

Confidential Attorneys' Eyes Only

Page 193

1          J U R A T

4    I, BRIAN Q. HUPPI, do hereby certify under
5    Penalty of perjury that I have read the
6    foregoing transcript of my deposition taken
7    on October 18, 2011; that I have made such
8    corrections as appear noted herein in ink,
9    initialed by me; that my testimony as
10   contained herein, as corrected, is true and
11   correct.

14   DATED this ____ day of _____, 2011,
15   at _____, California.

19   _____
20         BRIAN Q. HUPPI

Page 194

1    CERTIFICATE OF REPORTER

2

3

4       I, ANDREA M. IGNACIO HOWARD, hereby certify
5  that the witness in the foregoing deposition was by me
6  duly sworn to tell the truth, the whole truth, and
7  nothing but the truth in the within-entitled cause;
8

9       That said deposition was taken in shorthand
10 by me, a Certified Shorthand Reporter of the State of
11 California, and was thereafter transcribed into
12 typewriting, and that the foregoing transcript
13 constitutes a full, true and correct report of said
14 deposition and of the proceedings which took place;
15

16      That I am a disinterested person to the said
17 action.
18

19      IN WITNESS WHEREOF, I have hereunto set my
20 hand this 19th day of October, 2011.
21

22 _____

23 ANDREA M. IGNACIO HOWARD, RPR, CCRR, CLR, CSR No. 9830

24

25