1  HAROLD J. MCELHINNY (CA SBN 66781)
   hmcelhinny@mofo.com
2  MICHAEL A. JACOBS (CA SBN 111664)
   mjacobs@mofo.com
3  RICHARD S.J. HUNG (CA SBN 197425)
   rhung@mofo.com
4  MORRISON & FOERSTER LLP
   425 Market Street
5  San Francisco, California  94105-2482
   Telephone:  (415) 268-7000
6  Facsimile:  (415) 268-7522

   WILLIAM F. LEE
   william.lee@wilmerhale.com
   WILMER CUTLER PICKERING
   HALE AND DORR LLP
   60 State Street
   Boston, MA 02109
   Telephone: (617) 526-6000
   Facsimile: (617) 526-5000

   MARK D. SELWYN (SBN 244180)
   mark.selwyn@wilmerhale.com
   WILMER CUTLER PICKERING
   HALE AND DORR LLP
   950 Page Mill Road
   Palo Alto, California 94304
   Telephone: (650) 858-6000
   Facsimile: (650) 858-6100

   Attorneys for Plaintiff and
   Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>  Plaintiff,<br><br>  v.<br><br>SAMSUNG ELECTRONICS CO., LTD., A Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company.,<br><br>  Defendants. | Case No.    11-cv-01846-LHK<br><br>**APPLE'S OPENING SUPPLEMENTAL CLAIM CONSTRUCTION BRIEF**<br><br>Supplemental Claim Construction<br>Hearing: July 18, 2012<br>Time:    10:00 a.m.<br>Place:   Courtroom 4, 5th Floor<br>Judge:   Honorable Lucy H. Koh |

**SUBMITTED UNDER SEAL**

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................................ 1
II. ARGUMENT ....................................................................................................................... 1
    A. Legal Standard ........................................................................................................ 1
    B. The '381 Patent ...................................................................................................... 2
        1. Background ................................................................................................ 2
        2. Disputed term: "electronic document" ....................................................... 2
    C. The '163 Patent ...................................................................................................... 7
        1. Background ................................................................................................ 7
        2. Disputed term: "structured electronic document" ...................................... 7
III. CONCLUSION .................................................................................................................. 10

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Brown v. 3M,*
  265 F.3d 1349 (Fed. Cir. 2001) ............................................................................................... 1

*Embrex, Inc. v. Serv. Eng'g Corp.,*
  216 F.3d 1343 (Fed. Cir. 2000) ............................................................................................... 1

*O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.,*
  521 F.3d 1351 (Fed. Cir. 2008) ...................................................................................... 2, 3, 8

*Phillips v. AWH Corp.,*
  415 F.3d 1303 (Fed. Cir. 2005) ........................................................................................... 4, 9

*U.S. Surgical Corp. v. Ethicon, Inc.,*
  103 F.3d 1554 (Fed. Cir. 1997) ............................................................................................... 1

## I. INTRODUCTION

Apple submits this opening brief regarding the construction of two claim terms, one from U.S. Patent No. 7,469,381 (the "'381 patent") and one from U.S. Patent No. 7,864,163 (the "'163 patent").[1] These Apple patents relate to elegant user interface technologies that help to create the intuitive Apple user experience.

## II. ARGUMENT

Apple's proposed claim constructions adhere to the guidelines established by the Federal Circuit. Because the contested claim language is clear and unambiguous, Apple proposes that the claim terms be given their full scope consistent with their ordinary meanings. Samsung's likely constructions, in contrast, deviate from explicit definitional language or propose definitions inconsistent with the ordinary meanings of the disputed terms in light of the patents' specifications.[2] In both cases, Samsung is attempting to advance its invalidity positions by offering strained, litigation-driven constructions. The Court should adopt Apple's proposed constructions and reject Samsung's definitions.

### A. Legal Standard

As the Court is well aware, claim construction is "simply a way of elaborating the normally terse claim language in order to understand and explain, but not to change, the scope of the claims." *Embrex, Inc. v. Serv. Eng'g Corp.*, 216 F.3d 1343, 1347 (Fed. Cir. 2000). Not every claim limitation requires construction. *See U.S. Surgical Corp. v. Ethicon, Inc.*, 103 F.3d 1554, 1568 (Fed. Cir. 1997) (claim construction is appropriate to "clarify and when necessary to explain what the patentee covered by the claims," but is not an "obligatory exercise in redundancy"). Claim terms that are not technical terms of art may not require construction. *See, e.g.*, *Brown v. 3M,* 265 F.3d 1349, 1352 (Fed. Cir. 2001). Though a limitation may require express construction

---

[1] In its Order on Samsung's Motion for Summary Judgment (Dkt. No. 1158), the Court construed the term "invokes" from U.S. Patent No. 7,844,915, thereby rendering Samsung's request to construe this term moot.

[2] Because Samsung declined Apple's proposal to exchange proposed constructions in advance of the opening briefs, Apple is making its best guess at Samsung's proposed constructions, which have varied over time. In this brief, Apple assumes that Samsung will assert the positions taken in its unsuccessful Motion for Summary Judgment.

to resolve a genuine, material dispute over its meaning, "district courts are not (and should not be) required to construe *every* limitation present in a patent's asserted claims." *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1362 (Fed. Cir. 2008). This is especially true here, where the proposed terms for construction are straightforward and do not require construction.

### B. The '381 Patent

#### 1. Background

The Court previously construed the term "edge of the electronic document" from Apple's '381 patent, finding that this claim language should be accorded its plain and ordinary meaning. (Dkt. No. 849 at 23.) In doing so, the Court considered the parties' proposed constructions, both of which identified no ambiguity in the words "electronic document," and recognized that the only dispute between the parties relating to this phrase centered on the word "edge," and whether it meant only an "external edge." *Id.*

#### 2. Disputed term: "electronic document"

Samsung now argues that "electronic document" requires construction, and on summary judgment proposed a definition that is ambiguous, plainly broader than an "electronic document," and not linked to anything in the '381 specification.

| **Claim Term (relevant claims)** | **Apple's Proposed Construction** | **Samsung's Proposed Construction on MSJ** |
|---|---|---|
| electronic document (claim 19) | No construction necessary.<br><br>If the Court believes construction is necessary, Apple proposes that "electronic document" means "a document stored in a digital format," with the clarification that "an 'electronic document' could be, for example, a web page, a digital image, a word processing, spreadsheet or presentation document, or a list of items in a digital format." | "information that is visually represented on a screen that has a defined set of boundaries"[3] |

---

[3] Declaration of Andries Van Dam in Support of Samsung's Motion for Summary Judgment (Dkt. No. 937 ¶ 32).

APPLE'S OPENING SUPPLEMENTAL CLAIM CONSTRUCTION BRIEF
CASE NO. 11-CV-01846-LHK
sf-3165607

2

1  Apple proposes that this non-technical claim term be given its plain and ordinary
2  meaning. As noted above, Samsung previously acknowledged that no construction of "electronic
3  document" was necessary when it argued that "an edge of the <u>electronic document</u>" should be
4  construed to mean "[a] boundary of the <u>electronic document</u>." (Dkt. No. 849 at 18) (emphases
5  added.)
6  In a recent hearing before the Court, counsel for Samsung admitted the absence of
7  ambiguity, and hence the lack of a genuine dispute, regarding the meaning of "electronic
8  document" when he acknowledged that "the actual term 'electronic document' we think is fairly
9  straightforward." (Declaration of Deok Keun Matthew Ahn ("Ahn Decl."), filed herewith, Ex. 1
10 at 73-74.) Indeed, the only purported construction of the term that Samsung offered at that
11 hearing was to suggest that certain exemplary embodiments enumerated in the specification be
12 offered as examples of what might pass as an "electronic document." *Id*. Given this admission,
13 the Court is under no obligation to construe the term, especially where there is no indication that
14 the term was used in an unusual or atypical manner. *See O2 Micro*, 521 F.3d at 1361-1362. But
15 if the Court does construe the term, Apple has no objection to the Court instructing the jury using
16 the precise examples of an "electronic document" recited in the '381 specification and dependent
17 claims.
18 The specification accords "electronic document" its plain and ordinary meaning and
19 provides consistent exemplary embodiments throughout for clarity. In particular, it states:

> In some embodiments, the <u>electronic document is a web page</u>, as illustrated in FIGS. 8A-8D. In some embodiments, <u>the electronic document is a digital image</u>. In some embodiments, <u>the electronic document is a word processing, spreadsheet, email, or presentation document</u>.

'381 patent[4] col. 27:7-12 (emphases added);

> In some embodiments, the <u>electronic document is a web page</u> (e.g., web page 3912, FIGS. 10A-10C). In some embodiments, <u>the</u>

---

[4] A copy of the '381 patent was attached as Exhibits B-1 and B-2 to the Declaration of Deok Keun Matthew Ahn in support of Apple's Opening Claim Construction Brief (Dkt. No. 462-2, 462-3).

> electronic document is a digital image. In some embodiments, the electronic document is a word processing, spreadsheet, email or presentation document.

*Id*. at col. 30:21-26 (emphases added);

> In some embodiments, the electronic document is a web page (e.g., web page 3912, FIGS. 12A-12C). In some embodiments, the electronic document is a digital image (e.g., digital image 1302, FIGS. 13A-13C). In some embodiments, the electronic document is a word processing, spreadsheet, email or presentation document.

*Id*. at col. 31:40-45 (emphases added); *see also id*. at claims 6 – 9.

Thus, if the Court is inclined to construe this term, Apple proposes the construction "a document stored in a digital format," with the additional clarification that an "electronic document could be, for example, a web page, a digital image, a word processing, spreadsheet or presentation document, or a list of items in a digital format."[5] Apple's proposed construction draws directly from the examples delineated in the specification, which is "the single best guide to the meaning of a disputed term." *Phillips v. AWH Corp.*, 415 F.3d 1303, 1315 (Fed. Cir. 2005).

Moreover, extrinsic evidence in the form of technical dictionaries also provides additional support for Apple's construction, which reinforces the notion that an "electronic document" is a separate unit such as a web page or a digital image:

- document: "in word processing, text that can be named and stored as a separate entity." (Ahn Decl. Ex. 2);
- document: "[a] named, structural unit of text that can be stored, retrieved, and exchanged among systems and users as a separate unit." (Ahn Decl. Ex. 3);
- electronic document: "[a] document that is stored on a computer, instead of printed on paper." *Id*.;

---

[5] The example of a "list of items" also appears in the specification and in dependent claim 9 of the patent. Apple would have no objection to the substitution of the word "electronic" for the word "digital" in the claim definition, as it believes that further definition of "electronic" may be unnecessary.

- document: "[a] file created by a computer application, especially that of a word processor." (Ahn Decl. Ex. 4); and

- electronic document: "a document intended to be read as it is displayed on a monitor. An electronic document can use HYPERTEXT to create an interactive environment for the reader . . . WEB PAGES are a type of electronic document; so are catalogs, documentation, and MULTIMEDIA presentations distributed on CD-ROM." (Ahn Decl. Ex. 5.)

Samsung's motive for its definition of "electronic document" is to attempt to manufacture an invalidity read with the Tablecloth reference. As discussed in greater detail in its summary judgment motion, Samsung admitted that Tablecloth was composed of and displayed two separate, distinct copies of an image file. *See* Declaration of Clifton Forlines in Support of Samsung's Motion for Summary Judgment (Dkt. No. 938 ¶ 8) ("there are two instances of the same image in memory"); Ahn Decl. Ex. 6 at 77:11-13 ("They keep two separate and discrete instances of the electronic document"). Apple's expert Dr. Balakrishnan confirmed in the Tablecloth source code that the two copies of the Windows desktop image are treated separately and identified unambiguously as "image1" and "image2." *See* Declaration of Ravin Balakrishnan, Ph.D. in Support of Apple's Opening Supplemental Claim Construction Brief, filed herewith, at ¶¶ 2-3. Nevertheless, Samsung contended that these two files should be treated as a single, unitary electronic document. (*See* Dkt. No. 937 ¶¶ 56-57) (noting "electronic document consists of primary image plus secondary image"). Samsung's contention that anything that could be displayed on a screen and has defined boundaries could be an "electronic document" could of course embrace multiple documents or visual elements that are not "documents" at all.

Samsung's attempt to conflate two separate electronic files into one "electronic document" is reflected in its manipulation of the syntax of Claim 19 to blur the distinction between the plural and singular forms of the term "electronic document."

Claim 19 of the '381 patent reads, in part:

instructions for displaying a first portion of an electronic document;

       instructions for translating <u>the</u> electronic document displayed on the touch screen display in a first direction to display a second portion of <u>the</u> electronic document . . .

       instructions for displaying an area beyond an edge of <u>the</u> electronic document and displaying a third portion of <u>the</u> electronic document, wherein the third portion is smaller than the first portion, in response to the edge of <u>the</u> electronic document being reached while translating <u>the</u> electronic document . . .

       instructions for translating <u>the</u> electronic document in a second direction until the area beyond the edge of <u>the</u> electronic document is no longer displayed to display a fourth portion of <u>the</u> electronic document . . .

As demonstrated above, every instance of the term "electronic document" in Claim 19 is in the singular. During the recent summary judgment hearing, however, Samsung stated that "web pages and digital images [are] examples of electronic documents," again blurring the line between "electronic document" (singular) and "electronic documents" (plural), and between a single digital image and multiple digital images.

    As demonstrated in the following screen shots, Apple's proposed construction is consistent with the '381 patent's description of an "electronic document" and the Court's Markman Order, while Samsung's proposed definition would encompass information displayed on a computer that is not limited to a coherent "electronic document" so long as it constitutes "information that is visually represented on a screen that has a defined set of boundaries":

|  |  |
|---|---|
| A web page is an "electronic document" according to the '381 patent | A Windows desktop with three open windows is an "electronic document" according to Samsung |

1    Samsung has failed to demonstrate why "electronic document" requires construction, and
2 its attempt to transform an unambiguous phrase into a self-serving and inaccurate exposition
3 should be rejected. Because Samsung's attempt to change the plain meaning of the term
4 "electronic document" to encompass multiple files with separate identities has no foundation in
5 either the intrinsic or extrinsic evidence, the Court should either conclude that this term has its
6 plain and ordinary meaning, or adopt Apple's construction.

### C. The '163 Patent

#### 1. Background

Apple's '163 patent[6] relates to the navigation of structured electronic documents, such as web pages, on a touch screen display through the use of touch gestures like tapping or double tapping on boxes of content in that document. The Court recently denied Samsung's motion for summary judgment regarding the invalidity of the '163 patent. (*See* Dkt. No. 1158 at 28.)

#### 2. Disputed term: "structured electronic document"

| Claim Term (relevant claims) | Apple's Proposed Construction | Samsung's Proposed Construction on MSJ |
|---|---|---|
| Structured electronic document (claim 50) | No construction necessary.<br><br>If the Court believes construction is necessary, Apple proposes that a "structured electronic document" means "an 'electronic document,' as previously defined, that is formatted to differentiate particular blocks or boxes of content in the document from one another," with the clarification that "a 'structured electronic document' could be, for example, a web page, an HTML or XML document, or a document in which the blocks or boxes of content are defined by a style sheet language." | "any type of two-dimensional information space containing embedded coding that provides some meaning or 'structure' to the document"[7] |

---

[6] A copy of the '163 patent is attached as Exhibit 7 to the Ahn Declaration.

[7] Declaration of Stephen Gray in Support of Samsung's Motion for Summary Judgment (Dkt. No. 931 ¶ 60).

1    Apple proposes that the claim language be given its plain and ordinary meaning. In the
2    alternative, Apple proposes that the jury be provided with examples from the specification.
3    Samsung again proposes a claim construction that is itself ambiguous, does not add clarity to the
4    plain language, appears to include things that no person of ordinary skill would understand to be
5    "documents," and is designed solely to support another strained prior art invalidity read.

6    In its Order Denying Samsung's Motion for Summary Judgment, the Court recognized
7    that the dispute between the parties revolves around whether a set of conceptually independent
8    application tiles arranged onto a grid for display contains sufficient structure to meet the
9    limitation of a "structured electronic document," and not how the claim language should be
10   construed. (Dkt. No. 1158 at 27-28.) Accordingly, despite Samsung's best attempts to frame the
11   dispute as one of claim construction, the Court is under no obligation to construe this
12   unambiguous term. *See O2 Micro*, 521 F.3d at 1362.

13   The specification accords "structured electronic document" its plain and ordinary meaning
14   and provides consistent exemplary embodiments throughout for clarity. In particular, it states:

15   - "structured electronic documents such as web pages" (Col. 1:47-48);
16   - "Structured electronic documents (e.g., web pages)" (Col. 2:12-13);
17   - "the structured electronic document comprises a plurality of boxes of content"
18     (Col. 2:59-60; 18:44-45);
19   - "Web page 3912 or other structured document, which is made of blocks 3914 of
20     text content and other graphics" (Col. 16:27-28);
21   - "In some embodiments, the structured electronic document is a web page" (Col.
22     18:48-50); *see also* Claim 4;
23   - "In some embodiments, the structured electronic document is an HTML or XML
24     document" (Col. 18:50-52); *see also* Claim 5.

25   Figures from the patent also confirm what was intended by this claim language:

26
27
28

> Determine borders, margins, and/or paddings for a plurality of boxes that are specified in a structured electronic document (e.g., a web page) (e.g., an HTML or XML document).

Fig. 6A.

> Display, on a touch screen display of a portable electronic device, at least a portion of a structured electronic document (e.g., a web page) (e.g., an HTML or XML document) comprising content.

Fig. 8.

Though there is no ambiguity in the '163 patent's use of the term "structured electronic document," if the Court is inclined to construe this term, Apple proposes that a "structured electronic document" means "an 'electronic document,' as previously defined, that is formatted to differentiate particular blocks or boxes of content in the document from one another," with the clarification that "a 'structured electronic document' could be, for example, a web page, an HTML or XML document, or a document in which the blocks or boxes of content are defined by a style sheet language." Apple's proposed construction draws directly from the examples delineated in the specification (including the examples of a web page and HTML or XML document, as well as the "boxes of content" language) which is "the single best guide to the meaning of a disputed term." *Phillips*, 415 F.3d at 1315.

Samsung's persistent attempts to redefine this term to the point where it could be satisfied by almost anything, including, unsurprisingly, the asserted LaunchTile prior art, betrays its effort to depart from the claim language and the patent's specification. Particularly troubling is Samsung's replacement of the "electronic document" portion of the claim term with the ambiguous language "two-dimensional information space." There are no citations to the specification or prosecution history, or even any extrinsic evidence, that support this construction. Indeed, Samsung's expert Mr. Gray offered no support for this construction beyond making the bald assertion that this is how the term would have been "understood by those in the art." (Dkt. No. 931 ¶ 60.) Given the indefinite nature of this proposed construction, it would appear that anything from a computer desktop, to a movie theatre screen, to a laser light show, or to the surface of a sheet of paper, could qualify as a "two-dimensional information space." Such a broad and ambiguous definition would run counter to the explicit disclosure in the '163 patent of

"structured electronic documents" like web pages and HTML documents. Furthermore, Samsung's repetition of the term "structure" in its proposed construction underscores the fact that its definition does not seek to clarify the meaning of the claim language, but rather to distort the meaning of an "electronic document" so that it would cover the programmatically assembled (when the application is executed) display of grids of distinct application program tiles in LaunchTile.

Because Samsung's proposed construction can only introduce ambiguity and confusion by utilizing language found nowhere in the specification, and because its definition is at odds with both the plain meaning and the specification's description of a "structured electronic document," Samsung's construction should be rejected.

## III. CONCLUSION

For the foregoing reasons, Apple requests that the Court adopt its proposed constructions and reject Samsung's unsupported definitions.

Dated: July 5, 2012              MORRISON & FOERSTER LLP

                                 By: */s/ Michael A. Jacobs*
                                     MICHAEL A. JACOBS

                                     Attorneys for Plaintiff
                                     APPLE INC.