# Exhibit 5
# (Submitted Under Seal)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., A Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No.   11-cv-01846-LHK<br><br>**REBUTTAL EXPERT REPORT OF PETER W. BRESSLER, FIDSA** |

**\*\*CONFIDENTIAL – CONTAINS MATERIAL DESIGNATED AS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY PURSUANT TO A PROTECTIVE ORDER\*\***

282.     It appears from a designer's perspective that Samsung had the design capacity to visually differentiate its products from the iPhone. Nonetheless, in 2010, Samsung chose to release its Galaxy S line of mobile phones. For example, a 2010 development document for one of the initial versions of the Galaxy S phone (designated the "Aries") noted the "stylish, slim and minimal" design of the phone. (S-ITC-007849424 at 429.)  Mobile phones released in the Galaxy S line ultimately looked so similar to the iPhone 3G that the press called them "shockingly similar,"[57] and "very iPhone 3GS-like."[58]

283.     In light of the documents I have seen suggesting alternative designs for the Galaxy S line prior to its introduction, and Samsung's design progression, it is my opinion that the substantial similarity between the Samsung designs and the iPhone was not coincidental, or the result of functional requirements. The documents and mobile phones suggest that Samsung's focus on Apple as a competitor led its executives and designers to pursue, and ultimately adopt, designs that are substantially the same as the iPhone.

284.     Before the release of the iPad, Samsung released a line of tablets that looked very different from the iPad. The Samsung Q1 line of tablets had a recessed display screen surrounded by a large frame with multiple buttons and other features that dominated the front face. The Q1 looked nothing like the D'889 design or the iPad.

285.     After the iPad was released, Samsung internal documents reflect that Samsung closely studied the iPad design. For instance, Samsung analyzed consumer responses to different tablet form factors, including the iPad form factor (SAMNDCA00237929.) Furthermore, Samsung made detailed comparisons of the design between its Galaxy Tab and the iPad. (*See, e.g.,* Exhibit 13 (SAMNDCA10911088); Exhibit 14 (SAMNDCA10774801).)

---

[57] "First Look: Samsung Vibrant Rips Off iPhone 3G Design," Priya Ganapati, Gadget Lab, July 15, 2010, http://www.wired.com/gadgetlab/2010/07/first-look-samsung-vibrant-rips-off-iphone-3g-design/

[58] "Samsung Galaxy S: How Does It Measure Up to the Competition?," Ginny Mies, PCWorld, June 29, 2010, http://www.pcworld.com/article/200142/samsung_galaxy_s_how_does_it_measure_up_to_the_competition.html

286.  Subsequently, Samsung launched its Galaxy Tab 10.1 product, which looks substantially similar to the D'889 design and the iPad 2. The media confirmed that the Galaxy Tab 10.1 "looks very similar to the iPad 2"[59] and that "[t]o the eye, the two look almost alike in terms of thickness."[60]

### F.  The Asserted Patents Are Not Dictated by Function

#### 1.  Mr. Sherman Misapplies the Legal Standard for Determining Functionality

287.  Above, I state my understanding, conveyed to me by counsel, of the legal standards pertaining to the role of "functionality" in the obviousness analysis of a design patent. Mr. Sherman does not apply the correct functionality standard. Instead, he concludes that because the asserted designs *serve a function*, the designs are functional. This is incorrect. The appropriate standard is whether the asserted designs are "dictated by" function, or if the design "is essential to the use or purpose of the article." For the reasons set forth in this section, it is my opinion that the D'889, D'677, D'087, and D'270 patents are not "dictated by" function or "essential to the use or purpose" of the underlying article of manufacture. To that end I agree with Judge Koh's analysis that D'889, D'677, D'087, and D'270 patents are not invalid for functionality. *See Apple Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK (PSG), 2011 U.S. Dist. LEXIS 139049 (N.D. Cal. Dec. 2, 2011).

#### 2.  Patentable Designs for Electronic Devices are Not Limited to Decorative Surface Treatments

288.  Mr. Sherman opines that the D'889, D'677, D'087, and D'270 patented designs are "functional, not ornamental" because they reflect a "fundamentally un-ornamental approach" and consist of "merely basic shapes." (Sherman Report at 88.)

289.  Mr. Sherman, an engineer, misunderstands industrial design. The underlying premise of the industrial design process is that every function can have more than one visual

---

[59] Eliane Fiolet, "Galaxy Tab 10.1 Review," Ubergizmo, May 21, 2011, http://www.ubergizmo.com/2011/05/galaxy-tab-10-1-review/ (APLNDC-Y0000238710-38).

[60] John V., "Samsung Galaxy Tab 10.1 vs Apple iPad 2," Phonearena.com, June 15, 2011, http://www.phonearena.com/reviews/Samsung-Galaxy-Tab-10.1-vs-Apple-iPad-2_id2765 (APLNDC-Y0000238819-52).

## V. SUPPLEMENTATION

426. I reserve the right to supplement this report with new information and/or documents that may be discovered or produced in this case, or to address any new arguments offered by Samsung.

Dated: April 16, 2012

_____
Peter W. Bressler