1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Cal. Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5  Kevin P.B. Johnson (Cal. Bar No. 177129)
   kevinjohnson@quinnemanuel.com
6  Victoria F. Maroulis (Cal. Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
7  555 Twin Dolphin Drive 5th Floor
   Redwood Shores, California 94065
8  Telephone: (650) 801-5000
   Facsimile: (650) 801-5100
9
   Michael T. Zeller (Cal. Bar No. 196417)
10 michaelzeller@quinnemanuel.com
   865 S. Figueroa St., 10th Floor
11 Los Angeles, California 90017
   Telephone: (213) 443-3000
12 Facsimile: (213) 443-3100

13 Attorneys for Samsung Electronics Co., Ltd.,
   Samsung Electronics America, Inc., and Samsung
14 Telecommunications America, LLC

15                       UNITED STATES DISTRICT COURT

16              NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

17 

| APPLE INC., a California corporation, | CASE NO. 11-cv-01846-LHK |
|---|---|
| Plaintiff, | |
| vs. | **DECLARATION OF BILL TRAC IN SUPPORT OF SAMSUNG'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | **Date:** June 21, 2011<br>**Time:** 1:30 pm<br>**Place:** Courtroom 8, 4th Floor<br>**Judge:** Hon. Lucy H. Koh |
| Defendants. | |
| | **SUBMITTED UNDER SEAL**<br>**CONTAINS CONFIDENTIAL INFORMATION** |

Case No. 11-cv-01846-LHK
**DECLARATION OF BILL TRAC IN SUPPORT OF SAMSUNG'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

I, Bill Trac, declare:

1. I am an attorney in the law firm of Quinn Emanuel Urquhart & Sullivan, LLP, counsel for Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung").  I make this declaration in connection with Samsung's Notice of Lodging, filed herewith.  I have personal knowledge of the facts set forth in this declaration except where noted and, if called upon as a witness, I could and would testify to such facts under oath.

2. Attached as Exhibit 1 is a true and correct copy of excerpts from Samsung Electronic Co.'s Eighth Set of Supplemental Responses to Apple Inc.'s First Set of Interrogatories (Nos. 33-38), ITC Investigation No. 337-TA-796, as served to Apple on February 15, 2012.

3. Attached as Exhibit 2 is a true and correct copy of excerpts from Samsung's Supplemental Objections and Responses to Apple Inc.'s Fifth Set of Interrogatories (11-12), as served to Apple on March 19, 2012.

4. Attached as Exhibit 3 is a true and correct copy of design patent D504,889, a prior art reference that was produced to Apple in advance of the discovery deadline on September 11, 2011, bearing the bates numbers SAMNDCA00023867-871.

5. Attached as Exhibit 4 is a true and correct copy of design patent JPD1204221, a prior art reference that was produced to Apple in advance of the discovery deadline on January 12, 2012, bearing the bates numbers SAMNDCA00255084-097.

6. Attached as Exhibit 5 is a true and correct copy of the iRiver U10, a prior art reference that was produced to Apple in advance of the discovery deadline on February 13, 2012, bearing the bates numbers SAMNDCA00326325-328.

7. Attached as Exhibit 6 is a true and correct copy of the Bluebird Pidion, a prior art reference that was produced to Apple in advance of the discovery deadline on February 13, 2012, bearing the bates numbers SAMNDCA00326344-346.

8. Attached as Exhibit 7 is a true and correct copy of the Nokia fingerprint, a prior art reference that was produced to Apple in advance of the discovery deadline on February 13, 2012, bearing the bates numbers SAMNDCA00326336-337.

9. Jonathan Ive was deposed on December 1, 2011. Attached as Exhibit 8 is a true and correct copy of excerpts from Mr. Ive's December 1, 2011 deposition transcript.

10. Alan Hedge was deposed on April 30, 2012. Attached as Exhibit 9 is a true and correct copy of excerpts from Mr. Hedge's April 30, 2012 deposition testimony on that date.

11. Russell Winer was deposed on April 27, 2012. Attached as Exhibit 10 is a true and correct copy of excerpts from Mr. Winer's April 27, 2012 deposition testimony on that date.

12. Attached as Exhibit 11 is a true and correct copy of D500,037, as produced to Apple on September 11, 2011 and bearing the bates number SAMNDCA00027716-722.

13. Attached as Exhibit 12 is a true and correct copy of excerpts from *Apple Inc. v. Samsung Electronics Co. Ltd.,* 2012-1105 (Fed. Cir.) Brief of Defendants-Appellees.

14. Attached as Exhibit 13 is a true and correct copy of a document produced by Samsung bearing the bates number SAMNDCA00404147.

15. Samsung requested discovery on prior art such as the "Brain Box" for months. Samsung's Request for Production No. 98, propounded on August 3, 2011, requests the production of "[a]ll documents and things relating to any information, including patents, publications, prior knowledge, public uses, sales, or offers for sale, that might constitute, contain, disclose, refer to, relate to, or embody any prior art to any alleged invention claimed by the APPLE IP."   The product or prototype referred to as the "Brain Box" – a flat panel display and keyboard designed in 1989 by Apple design employees including Gavin Ivester, Tony Guido and Sigmar Wilnauer – is potential prior art to the D '889 Patent and other asserted patents and therefore is responsive to this request, yet Apple never produced any documents or things related to the Brain Box.

16. By November 1, 2011, Samsung had learned of the Brain Box and requested that Apple produce or make available for inspection all documents and things, including all models and prototypes related to it.   As Samsung informed Apple at the time of its request, these materials were responsive to (at least) Samsung's Request for Production No. 98.   Attached as Exhibit 14 is a true and correct copy of the November 1, 2011 Letter from Michael T. Zeller, Quinn Emanuel, to Jason Bartlett, Morrison & Foerster.

17. After repeated follow-up requests, Apple still did not make available the requested materials. Apple refused to provide an estimate of when these materials might be produced, and explained that it was not expediting production because Apple regarded these items as "peripheral." Attached as Exhibit 15 is a true and correct copy of the December 3, 2011 Letter from Rachel Herrick Kassabian, Quinn Emanuel, to Mia Mazza, Morrison & Foerster.

18. Attached as Exhibit 16 is a true and correct copy of the December 10, 2011 Letter from Diane C. Hutnyan, Quinn Emanuel, to Mia Mazza, Morrison & Foerster. (Dkt. No. 483 at 2, Hutnyan Decl. ¶ 21.).

19. On December 16, 2011, Samsung filed a Motion to Compel in which Samsung explained that materials related to the Brain Box were important prior art that Samsung needed in order to be able to adequately question witnesses in upcoming depositions. (Dkt. No. 483 at 18-19.) On December 22, 2011 the Court ordered Apple to produce all documents and things related to the Brain Box by no later than January 15, 2012. (Dkt. No. 536.) Yet Apple never produced any such materials.

20. Following the Court's December 22, 2011 Order, Apple claimed that it could not locate any responsive documents based on the search terms "Brain Box", the inventors' names and the year 1989. Samsung provided Apple with additional search terms, and Apple still failed to produce a single responsive document or thing. Attached as Exhibit 17 is a true and correct copy of the December 30, 2011 Letter from Diane C. Hutnyan, Quinn Emanuel to Mia Mazza, Morrison & Foerster.

21. Robert Brunner was deposed on March 5, 2012. Attached as Exhibit 18 is a true and correct copy of excerpts from Mr. Brunner's March 5, 2012 deposition testimony on that date.

22. Attached as Exhibit 19 is a true and correct copy of a document produced to Samsung bearing the bates number APLNDC-Y0000309166 – Y0000309175.

23. Attached as Exhibit 20 is a true and correct copy of a document produced to Samsung bearing the bates number APLNDC-Y0000310131 – Y0000310140.

24. Attached as Exhibit 21 is a true and correct copy of a document produced to Samsung bearing the bates number APLNDC-Y0000311030.

25. Attached as Exhibit 22 is a true and correct copy of excerpts from Samsung's Second Supplemental Objections and Reponses to Apple Inc.'s Fifth Set of Interrogatories (No. 12), as served to Apple on March 29, 2012.

26. Attached as Exhibit 23 is a true and correct copy of excerpts from the Rebuttal Expert Report of Susan Kare, as served by Apple on April 16, 2012, excluding exhibits.

27. Stephen Gray was deposed on May 4, 2012. Attached as Exhibit 24 is a true and correct copy of excerpts from Mr. Gray's deposition testimony on that date.

28. Attached as Exhibit 25 is a true and correct copy of a screenshot showing a folder titled "DTFlash-2005-06-07" containing various demos including Tablecloth application, produced to the parties by Mitsubishi Electric Research Laboratory on October 20, 2011 and bearing the bates number MERL00000001. The "date modified" field of Tablecloth application states it was last modified on 1/12/2005.

29. Ravin Balakrishnan was deposed on August 16, 2011. Attached as Exhibit 26 is a true and correct copy of deposition excerpts from Dr. Balakrishnan's August 16, 2011 deposition and a document marked as Exhibit 104 in that deposition. Dr. Balakrishnan testified that an electronic document is defined by or created with any visual boundaries. (Balakrishnan 8/16/11 Dep. Tr. at 154:24-155:7. Dr. Balakrishnan drew a black line around squares 15, 16, 17, 18, 21, 22, 23, and 24 on a document marked as Exhibit 104 and testified that it could be considered as an electronic document. (152:6 – 154:19).

30. Attached as Exhibit 27 is a true and correct copy of excerpts from the transcript from the Prehearing and Tutorial before the International Trade Commission in In the Matter of Certain Mobile Devices and Related Software, 337-TA-750, on September 23, 2011.

31. Janusz Ordover was deposed on April 27, 2012. Attached as Exhibit 28 is a true and correct copy of excerpts from Mr. Ordover's deposition testimony on that date.

I declare under penalty of perjury that the foregoing is true and correct.   Executed in Redwood Shores, California on June 7, 2012.

By   */s/ Bill Trac*

-5-   Case No. 11-cv-01846-LHK
**DECLARATION OF BILL TRAC IN SUPPORT OF SAMSUNG'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

**GENERAL ORDER ATTESTATION**

I, Victoria Maroulis, am the ECF user whose ID and password are being used to file the foregoing document.   I hereby attest pursuant to General Order 45.X.B. that concurrence in the electronic filing of this document has been obtained from Brett Arnold.

　　　　　　　　　　　　　　　　　　　　　*/s/ Victoria Maroulis*