# EXHIBIT 2
# FILED UNDER SEAL

1   QUINN EMANUEL URQUHART & SULLIVAN, LLP
    Charles K. Verhoeven (Bar No. 170151)
2   charlesverhoeven@quinnemanuel.com
    50 California Street, 22nd Floor
3   San Francisco, California 94111
    Telephone: (415) 875-6600
4   Facsimile: (415) 875-6700

5   Kevin P.B. Johnson (Bar No. 177129)
    kevinjohnson@quinnemanuel.com
6   Victoria F. Maroulis (Bar No. 202603)
    victoriamaroulis@quinnemanuel.com
7   555 Twin Dolphin Drive, 5th Floor
    Redwood Shores, California  94065-2139
8   Telephone: (650) 801-5000
    Facsimile: (650) 801-5100
9
    Michael T. Zeller (Bar No. 196417)
10  michaelzeller@quinnemanuel.com
    865 S. Figueroa St., 10th Floor
11  Los Angeles, California 90017
    Telephone: (213) 443-3000
12  Facsimile: (213) 443-3100

13  Attorneys for SAMSUNG ELECTRONICS CO.,
    LTD., SAMSUNG ELECTRONICS AMERICA,
14  INC. and SAMSUNG
    TELECOMMUNICATIONS AMERICA, LLC
15

16              UNITED STATES DISTRICT COURT

17      NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

18

19  APPLE INC., a California corporation,        CASE NO. 11-cv-01846-LHK

20              Plaintiff,                        **SAMSUNG'S SUPPLEMENTAL
                                                  OBJECTIONS AND RESPONSES TO
21          vs.                                   APPLE INC.'S FIFTH SET OF
                                                  INTERROGATORIES  (11-12)**
22  SAMSUNG ELECTRONICS CO., LTD., a
    Korean business entity; SAMSUNG
23  ELECTRONICS AMERICA, INC., a New             **HIGHLY CONFIDENTIAL –
    York corporation; SAMSUNG                    ATTORNEYS' EYES ONLY
24  TELECOMMUNICATIONS AMERICA,                  UNDER THE PROTECTIVE ORDER**
    LLC, a Delaware limited liability company,
25
                Defendant.
26

27

28

02198.51855/4660268.2

                                                      Case No. 11-cv-01846-LHK
    SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF
                              INTERROGATORIES (11-12)

SUBJECT TO PROTECTIVE ORDER
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

1  already in the possession of Apple, publicly available, or as readily available to Apple as it is to

2  Samsung.

3        24.      Samsung objects to each interrogatory to the extent that it seeks information before

4  Samsung is required to disclose such information in accordance with any applicable law, such as

5  the Northern District of California Patent Local Rules.

6        25.      Samsung objects to the interrogatories on the grounds and to the extent that they

7  seek legal conclusions or call for expert testimony.  Samsung's responses should not be construed

8  to provide legal conclusions.

9        Subject to and without waiving the foregoing General Statement and General Objections,

10  Samsung responds as follows:

11                                   **INTERROGATORIES**

12  **INTERROGATORY NO. 11:**

13        Specifically for each of the Design Patents at Issue, explain the factual and legal bases for

14  Samsung's Second Affirmative Defense: Patent Non-Infringement.

15

16  **RESPONSE TO INTERROGATORY NO. 11:**

17        Samsung objects to this interrogatory as vague and ambiguous.  Samsung further objects to

18  this interrogatory to the extent that it seeks to elicit information subject to and protected by the

19  attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the

20  common interest doctrine, and/or any other applicable privilege or immunity.  Samsung further

21  objects to this interrogatory as premature to the extent it requests information regarding

22  Samsung's non-infringement contentions before sufficient discovery has been conducted.

23  Samsung further objects to this interrogatory to the extent it prematurely calls for contentions at

24  this stage of litigation.  Samsung will provide such contentions in accordance with the Court's

25  Minute Order and Case Management Order, dated August 25, 2011.

26        Subject to the foregoing general and specific objections, Samsung responds as follows:

27        For U.S. Patent No. D627,790, the accused Samsung products, as identified in Apple's

28  Response to Samsung Interrogatory No. 5, are not substantially similar to an ordinary observer

SUBJECT TO PROTECTIVE ORDER
CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

1  giving such attention as a purchaser usually gives, particularly when viewed in light of the prior

2  art and the functional elements of the design are excluded as a basis for similarity.  In addition,

3  Samsung's investigation is ongoing and Samsung will supplement this interrogatory after a

4  reasonable investigation and further discovery from Apple on the basis for its infringement

5  position.

6  For U.S. Patent No. D617,334, the accused Samsung products, as identified in Apple's

7  Response to Samsung Interrogatory No. 5, are not substantially similar to an ordinary observer

8  giving such attention as a purchaser usually gives, particularly when viewed in light of the prior

9  art and the functional elements of the design are excluded as a basis for similarity.  In addition,

10  Samsung's investigation is ongoing and Samsung will supplement this interrogatory after a

11  reasonable investigation and further discovery from Apple on the basis for its infringement

12  position.

13  For U.S. Patent No. D604,305, the accused Samsung products, as identified in Apple's

14  Response to Samsung Interrogatory No. 5, are not substantially similar to an ordinary observer

15  giving such attention as a purchaser usually gives, particularly when viewed in light of the prior

16  art and the functional elements of the design are excluded as a basis for similarity.  In addition,

17  Samsung's investigation is ongoing and Samsung will supplement this interrogatory after a

18  reasonable investigation and further discovery from Apple on the basis for its infringement

19  position.

20  For U.S. Patent No. D593,087, the accused Samsung products, as identified in Apple's

21  Response to Samsung Interrogatory No. 5, are not substantially similar to an ordinary observer

22  giving such attention as a purchaser usually gives, particularly when viewed in light of the prior

23  art and the functional elements of the design are excluded as a basis for similarity.  In addition,

24  Samsung's investigation is ongoing and Samsung will supplement this interrogatory after a

25  reasonable investigation and further discovery from Apple on the basis for its infringement

26  position.  Samsung also incorporates by reference the Declaration of Itay Sherman in Support of

27  Samsung's Opposition to Apple's Motion for a Preliminary Injunction (Dkt. No. 172).

28

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

1    For U.S. Patent No. D618,677, the accused Samsung products, as identified in Apple's

2    Response to Samsung Interrogatory No. 5, are not substantially similar to an ordinary observer

3    giving such attention as a purchaser usually gives, particularly when viewed in light of the prior

4    art and the functional elements of the design are excluded as a basis for similarity.  In addition,

5    Samsung's investigation is ongoing and Samsung will supplement this interrogatory after a

6    reasonable investigation and further discovery from Apple on the basis for its infringement

7    position.  Samsung also incorporates by reference the Declaration of Itay Sherman in Support of

8    Samsung's Opposition to Apple's Motion for a Preliminary Injunction (Dkt. No. 172).

9    For U.S. Patent No. D622,270, the accused Samsung products, as identified in Apple's

10   Response to Samsung Interrogatory No. 5, are not substantially similar to an ordinary observer

11   giving such attention as a purchaser usually gives, particularly when viewed in light of the prior

12   art and the functional elements of the design are excluded as a basis for similarity.  In addition,

13   Samsung's investigation is ongoing and Samsung will supplement this interrogatory after a

14   reasonable investigation and further discovery from Apple on the basis for its infringement

15   position.

16   For U.S. Patent No. D504,889, the accused Samsung products, as identified in Apple's

17   Response to Samsung Interrogatory No. 5, are not substantially similar to an ordinary observer

18   giving such attention as a purchaser usually gives, particularly when viewed in light of the prior

19   art and the functional elements of the design are excluded as a basis for similarity.  In addition,

20   Samsung's investigation is ongoing and Samsung will supplement this interrogatory after a

21   reasonable investigation and further discovery from Apple on the basis for its infringement

22   position.  Samsung also incorporates by reference the Declaration of Itay Sherman in Support of

23   Samsung's Opposition to Apple's Motion for a Preliminary Injunction (Dkt. No. 172).

24

25   **FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 11 (3/19/12):**

26   Samsung objects to this interrogatory as vague and ambiguous.  Samsung further objects to

27   this interrogatory to the extent that it seeks to elicit information subject to and protected by the

28   attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the

SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF
INTERROGATORIES (11-12)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

1  common interest doctrine, and/or any other applicable privilege or immunity.  Samsung further

2  objects to this interrogatory to the extent it prematurely calls for expert testimony.  Samsung

3  hereby incorporates by reference any expert testimony, declarations, or reports previously

4  submitted in this action or which may be submitted in accordance with the Court's Minute Order

5  and Case Management Order, dated August 25, 2011, which address the scope of the Design

6  Patents at Issue or the non-infringement of any Samsung product accused of design patent

7  infringement.  Samsung also reserves the right to supplement or amend this response if Apple

8  attempts to supplement or amend in any way its design patent infringement contentions contained

9  in its Response to Samsung's Interrogatory No. 72, either through direct supplementation or

10  amendment of its Response or through any expert report or testimony.

11          Subject to the foregoing general and specific objections, Samsung responds as follows:

12          Design patents can only protect those aspects of the design that are ornamental, not

13  functional.  "If the patented design is primarily functional rather than ornamental, the patent is

14  invalid.  However, when the design also contains ornamental aspects, it is entitled to a design

15  patent whose scope is limited to those aspects alone and does not extend to any functional

16  elements of the claimed article." *Richardson v. Stanley Works, Inc.*, 597 F.3d 1288, 1293-94 (Fed.

17  Cir. 2010) (internal citation omitted).  Therefore, to the extent that each the Design Patents at Issue

18  contain *any* ornamental aspects, the scope of those patents is narrowly limited to only those

19  ornamental aspects and does not include the entirety of the claimed designs, which incorporate

20  numerous functional features.  *See id.* ("A claim to a design containing numerous functional

21  elements, such as here, necessarily mandates a narrow construction.").  Further, "it is the non-

22  functional, design aspects that are pertinent to determinations of infringement." *Lee v. Dayton-

23  Hudson Corp.*, 838 F.2d 1186, 1188 (Fed. Cir. 1988).  Thus, only those features of the Design

24  Patents at Issue which are ornamental, if such features exist at all, are properly compared with the

25  accused Samsung products to assess infringement.  *See id.* at 1188-89 ("A device that copies the

26  utilitarian or functional features of a patented design is not an infringement unless the ornamental

27  aspects are also copied.")  Samsung incorporates by reference its Responses to Apple's

28  Interrogatory No. 38 (Samsung's Objections and Responses to Apple's Tenth Set of

-8-                        Case No. 11-cv-01846-LHK
SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF
INTERROGATORIES (11-12)

SUBJECT TO PROTECTIVE ORDER
CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

1   Interrogatories (nos. 27-38), dated Feb. 29, 2012) and No. 12 (contained herein), which detail

2   functional features contained in the Design Patents at Issue.

3         Moreover, any assessment of infringement must consider the prior art.  "The ordinary

4   observer is deemed to view the differences between the patented design and the accused product in

5   the context of the prior art.  When the differences between the claimed and accused design are

6   viewed in light of the prior art, the attention of the hypothetical ordinary observer will be drawn to

7   those aspects of the claimed design that differ from the prior art.  And when the claimed design is

8   close to the prior art designs, small differences between the accused design and the claimed design

9   are likely to be important to the eye of the hypothetical ordinary observer."  *Egyptian Goddess,*

10  *Inc. v. Swisa, Inc.*, 543 F.3d 665, 676 (Fed. Cir. 2008).  Because the designs claimed by the

11  Design Patents at Issue are incredibly close to, if not wholly anticipated or made obvious by, the

12  prior art, the differences between the accused Samsung products and the Design Patents at Issue

13  are likely to be important to the ordinary observer.  Samsung incorporates by reference its

14  Supplemental Response to Apple's Interrogatory No. 12, contained herein, which details the prior

15  art to the Design Patents at Issue.

16        Further, the scope of the Design Patents at Issue is necessarily limited because Apple and

17  Samsung have both obtained design patents since the issuance of the Design Patents at Issue that

18  demonstrate unequivocally that similar designs are not substantially the same as those claimed in

19  the Design Patents at Issue.  By way of example only, Apple obtained U.S. Patent No. D633,091

20  after it obtained U.S. Patent No. 622,270 (the "D'270 patent"), one of the Design Patents at Issue.

21  Because a design patent may only be granted for a "*new, original*, and ornamental design," 35

22  U.S.C. § 171 (emphasis added), the design claimed in D633,091 cannot be substantially the same

23  as the design claimed by the D'270 patent.  However, since the differences between D633,091 and

24  D'270 are minor, the scope of the D'270 patent must therefore be very narrow, such that a minor

25  difference results in a "new, original" design.  Similarly, D602,486, D602,014, D624,536,

26  D622,718, D604,297, D613,735, D622,719, D633,091, D637,596, D627,777, D558,758,

27  D558,756, D580,387, D581,922, D613,736, D634,319, D618,677, D618,678, D593,087,

28  D622,270, D504,889, D627,790, D617,334, D604,305, D644,239, and D597,101, as well as all of

-9-
Case No. 11-cv-01846-LHK

**SUBJECT TO PROTECTIVE ORDER**
<u>**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**</u>

1    the patents and file histories produced at SAMNDCA00359166-SAMNDCA00365544,

2    SAMNDCA00365600-SAMNDCA00365840, and SAMNDCA00373535-SAMNDCA00374040,

3    demonstrate that the scope of each of the Design Patents at Issue must be very narrow.

4         Regarding U.S. Patent No. D627,790 (the "D'790 patent"), Samsung incorporates by

5    reference its Response to Apple's Interrogatory No. 38 (Samsung's Objections and Responses to

6    Apple's Tenth Set of Interrogatories (nos. 27-38), dated Feb. 29, 2012) and No. 12 (contained

7    herein) which explain that every aspect of the claimed design is functional.  Accordingly, the

8    D'790 patent is invalid.  However, if it is determined that any of the features claimed by the D'790

9    patent are ornamental, the scope of the D'790 patent is limited to those features.  To the extent that

10   the Samsung devices Apple accuses of infringement of the D'790 patent share any features with

11   the D'790 patent, such features are wholly functional and therefore irrelevant to a determination of

12   infringement.  To the extent the D'790 patent claims any ornamental features, such features are

13   not present in the Samsung devices accused of infringement of the D'790 patent.

14        Moreover, Samsung incorporates by reference its Supplemental Response to Apple's

15   Interrogatory No. 12, contained herein, which demonstrates that the D'790 patent is anticipated or

16   made obvious by the prior art, or is invalid due to double patenting, indefiniteness, or otherwise.

17   To the extent the D'790 patent is valid, the differences between the D'790 patent and the Samsung

18   devices accused of infringement of the D'790 patent, viewed in light of the prior art, are likely to

19   be important to the eye of the hypothetical ordinary observer.  Therefore, the ordinary observer is

20   not likely to find the Samsung devices accused of infringement of the D'790 patent to be

21   substantially the same as the D'790 patent.

22        Finally, the scope of the D'790 patent is necessarily narrow since Apple has subsequently

23   obtained design patents on similar designs, including but not limited to D644,239 and D597,101.

24   Because the scope of the D'790 patent is so limited, the ordinary observer would not find the

25   Samsung devices accused of infringement of the D'790 patent to be substantially the same as the

26   narrowly-construed D'790 claimed design.

27        Regarding U.S. Patent No. D617,334 (the "D'334 patent"), Samsung incorporates by

28   reference its Response to Apple's Interrogatory No. 38 (Samsung's Objections and Responses to

SUBJECT TO PROTECTIVE ORDER
CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

1   Apple's Tenth Set of Interrogatories (nos. 27-38), dated Feb. 29, 2012) and No. 12 (contained

2   herein), which explain that every aspect of the claimed design is functional.  Accordingly, the

3   D'334 patent is invalid.  However, if it is determined that any of the features claimed by the D'334

4   patent are ornamental, the scope of the D'334 patent is limited to those features.  To the extent that

5   the Samsung devices Apple accuses of infringement of the D'334 patent share any features with

6   the D'334 patent, such features are wholly functional and therefore irrelevant to a determination of

7   infringement.  To the extent the D'334 patent claims any ornamental features, such features are

8   not present in the Samsung devices accused of infringement of the D'334 patent.

9           Moreover, Samsung incorporates by reference its Supplemental Response to Apple's

10  Interrogatory No. 12, contained herein, which demonstrates that the D'334 patent is anticipated or

11  made obvious by the prior art, or is invalid due to double patenting, indefiniteness, or otherwise.

12  To the extent the D'334 patent is valid, the differences between the D'334 patent and the Samsung

13  devices accused of infringement of the D'334 patent, viewed in light of the prior art, are likely to

14  be important to the eye of the hypothetical ordinary observer.  Therefore, the ordinary observer is

15  not likely to find the Samsung devices accused of infringement of the D'334 to be substantially

16  the same as the D'334 patent.

17          Finally, the scope of the D'334 patent is necessarily narrow since Apple obtained this

18  patent subsequent to being granted U.S. Patent No. D604,305, which contains a very similar

19  design.  The D'334 patent could not have issued in light of the D604,305 patent unless the D'334

20  claimed design were different from that of the D604,305 patent.  However, because the designs of

21  these two patents are so similar, the scope of the D'334 patent must be narrowly construed to

22  explain its issuance in light of D604,305.  Because the scope of the D'334 patent is so limited, the

23  ordinary observer would not find the Samsung devices accused of infringement of the D'334

24  patent to be substantially the same as the narrowly-construed D'334 claimed design.

25          Regarding U.S. Patent No. D604,305 (the "D'305 patent"), Samsung incorporates by

26  reference its Response to Apple's Interrogatory No. 38 (Samsung's Objections and Responses to

27  Apple's Tenth Set of Interrogatories (nos. 27-38), dated Feb. 29, 2012) and No. 12 (contained

28  herein), which explains that every aspect of the claimed design is functional.  Accordingly, the

SUBJECT TO PROTECTIVE ORDER
CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

1   D'305 patent is invalid.  However, if it is determined that any of the features claimed by the D'305

2   patent are ornamental, the scope of the D'305 patent is limited to those features.  To the extent that

3   the Samsung devices Apple accuses of infringement of the D'305 patent share any features with

4   the D'305 patent, such features are wholly functional and therefore irrelevant to a determination of

5   infringement.  To the extent the D'305 patent claims any ornamental features, such features are

6   not present in the Samsung devices accused of infringement of the D'305 patent.

7          Moreover, Samsung incorporates by reference its Supplemental Response to Apple's

8   Interrogatory No. 12, contained herein, which demonstrates that the D'305 patent is anticipated or

9   made obvious by the prior art, or is invalid due to double patenting, indefiniteness, or otherwise.

10  To the extent the D'305 patent is valid, the differences between the D'305 patent and the Samsung

11  devices accused of infringement of the D'305 patent, viewed in light of the prior art, are likely to

12  be important to the eye of the hypothetical ordinary observer.  Therefore, the ordinary observer is

13  not likely to find the Samsung devices accused of infringement of the D'305 patent to be

14  substantially the same as the D'305 patent.

15         Finally, the scope of the D'305 patent is necessarily narrow since Apple has subsequently

16  obtained design patents on similar designs, including the D'334 patent.  Because the scope of the

17  D'305 patent is so limited, the ordinary observer would not find the Samsung devices accused of

18  infringement of the D'305 patent to be substantially the same as the narrowly-construed D'305

19  claimed design.

20         Regarding U.S. Patent No. D593,087 (the "D'087 patent"), Samsung incorporates by

21  reference its Response to Apple's Interrogatory No. 38 (Samsung's Objections and Responses to

22  Apple's Tenth Set of Interrogatories (nos. 27-38), dated Feb. 29, 2012) and No. 12 (contained

23  herein), which explain that every aspect of the claimed design is functional.  Accordingly, the

24  D'087 patent is invalid.  However, if it is determined that any of the features claimed by the D'087

25  patent are ornamental, the scope of the D'087 patent is limited to those features.  To the extent that

26  the Samsung devices Apple accuses of infringement of the D'087 patent share any features with

27  the D'087 patent, such features are wholly functional and therefore irrelevant to a determination of

28

**SUBJECT TO PROTECTIVE ORDER**
<u>**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**</u>

1    infringement.  To the extent the D'087 patent claims any ornamental features, such features are

2    not present in the Samsung devices accused of infringement of the D'087 patent.

3              Moreover, Samsung incorporates by reference its Supplemental Response to Apple's

4    Interrogatory No. 12, contained herein, which demonstrates that the D'087 patent is anticipated or

5    made obvious by the prior art, or is invalid due to double patenting, indefiniteness, or otherwise.

6    To the extent the D'087 patent is valid, the differences between the D'087 patent and the Samsung

7    devices accused of infringement of the D'087 patent, viewed in light of the prior art, are likely to

8    be important to the eye of the hypothetical ordinary observer.  Therefore, the ordinary observer is

9    not likely to find the Samsung devices accused of infringement of the D'087 patent to be

10   substantially the same as the D'087 patent.

11             Finally, the scope of the D'087 patent is necessarily narrow since Apple has subsequently

12   obtained design patents on similar designs.  Because the scope of the D'087 patent is so limited,

13   the ordinary observer would not find the Samsung devices accused of infringement of the D'087

14   patent to be substantially the same as the narrowly-construed D'087 claimed design.

15             Regarding U.S. Patent No. D618,677(the "D'677 patent"), Samsung incorporates by

16   reference its Response to Apple's Interrogatory No. 38 (Samsung's Objections and Responses to

17   Apple's Tenth Set of Interrogatories (nos. 27-38), dated Feb. 29, 2012) and No. 12 (contained

18   herein), which explain that every aspect of the claimed design is functional.  Accordingly, the

19   D'677 patent is invalid.  However, if it is determined that any of the features claimed by the D'677

20   patent are ornamental, the scope of the D'677 patent is limited to those features.  To the extent that

21   the Samsung devices Apple accuses of infringement of the D'677 patent share any features with

22   the D'677 patent, such features are wholly functional and therefore irrelevant to a determination of

23   infringement.  To the extent the D'677 patent claims any ornamental features, such features are

24   not present in the Samsung devices accused of infringement of the D'677 patent.

25             Moreover, Samsung incorporates by reference its Supplemental Response to Apple's

26   Interrogatory No. 12, contained herein, which demonstrates that the D'677 patent is anticipated or

27   made obvious by the prior art, or is invalid due to double patenting, indefiniteness, or otherwise.

28   To the extent the D'677 patent is valid, the differences between the D'677 patent and the Samsung

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

1  devices accused of infringement of the D'677 patent, viewed in light of the prior art, are likely to

2  be important to the eye of the hypothetical ordinary observer.  Therefore, the ordinary observer is

3  not likely to find the Samsung devices accused of infringement of the D'677 patent to be

4  substantially the same as the D'677 patent.

5      Finally, the scope of the D'677 patent is necessarily narrow since Apple has subsequently

6  obtained design patents on similar designs.  Because the scope of the D'677 patent is so limited,

7  the ordinary observer would not find the Samsung devices accused of infringement of the D'677

8  patent to be substantially the same as the narrowly-construed D'677 claimed design.

9      Regarding U.S. Patent No. D622,270 (the "D'270 patent"), Samsung incorporates by

10 reference its Response to Apple's Interrogatory No. 38 (Samsung's Objections and Responses to

11 Apple's Tenth Set of Interrogatories (nos. 27-38), dated Feb. 29, 2012) and No. 12 (contained

12 herein), which explain that every aspect of the claimed design is functional.  Accordingly, the

13 D'270 patent is invalid.  However, if it is determined that any of the features claimed by the D'270

14 patent are ornamental, the scope of the D'270 patent is limited to those features.  To the extent that

15 the Samsung devices Apple accuses of infringement of the D'270 patent  share any features with

16 the D'270 patent, such features are wholly functional and therefore irrelevant to a determination of

17 infringement.  To the extent the D'270 patent claims any ornamental features, such features are

18 not present in the Samsung devices accused of infringement of the D'270 patent.

19     Moreover, Samsung incorporates by reference its Supplemental Response to Apple's

20 Interrogatory No. 12, contained herein, which demonstrates that the D'270 patent is anticipated or

21 made obvious by the prior art, or is invalid due to double patenting, indefiniteness, or otherwise.

22 To the extent the D'270 patent is valid, the differences between the D'270 patent and the Samsung

23 devices accused of infringement of the D'270 patent, viewed in light of the prior art, are likely to

24 be important to the eye of the hypothetical ordinary observer.  Therefore, the ordinary observer is

25 not likely to find the Samsung devices accused of infringement of the D'270 patent to be

26 substantially the same as the D'270 patent.

27     Finally, the scope of the D'270 patent is necessarily narrow since Apple has subsequently

28 obtained design patents on similar designs.  Because the scope of the D'270 patent is so limited,

**SUBJECT TO PROTECTIVE ORDER**
<u>**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**</u>

1  the ordinary observer would not find the Samsung devices accused of infringement of the D'270

2  patent to be substantially the same as the narrowly-construed D'270 claimed design.

3      Regarding U.S. Patent No. D504,889 (the "D'889 patent"), Samsung incorporates by

4  reference its Response to Apple's Interrogatory No. 38 (Samsung's Objections and Responses to

5  Apple's Tenth Set of Interrogatories (nos. 27-38), dated Feb. 29, 2012) and No. 12 (contained

6  herein), which explain that every aspect of the claimed design is functional.  Accordingly, the

7  D'889 patent is invalid.  However, if it is determined that any of the features claimed by the D'889

8  patent are ornamental, the scope of the D'889 patent is limited to those features.  To the extent that

9  the Samsung devices Apple accuses of infringement of the D'889 patent share any features with

10  the D'889 patent, such features are wholly functional and therefore irrelevant to a determination of

11  infringement.  To the extent the D'889 patent claims any ornamental features, such features are

12  not present in the Samsung devices accused of infringement of the D'889 patent.

13      Moreover, Samsung incorporates by reference its Supplemental Response to Apple's

14  Interrogatory No. 12, contained herein, which demonstrates that the D'889 patent is anticipated or

15  made obvious by the prior art, or is invalid due to double patenting, indefiniteness, or otherwise.

16  To the extent the D'889 patent is valid, the differences between the D'889 patent and the Samsung

17  devices accused of infringement of the D'889 patent, viewed in light of the prior art, are likely to

18  be important to the eye of the hypothetical ordinary observer.  Therefore, the ordinary observer is

19  not likely to find the Samsung devices accused of infringement of the D'889 patent to be

20  substantially the same as the D'889 patent.

21      Finally, the scope of the D'889 patent is necessarily narrow since Apple has subsequently

22  obtained design patents on similar designs.  Because the scope of the D'889 patent is so limited,

23  the ordinary observer would not find the Samsung devices accused of infringement of the D'889

24  patent to be substantially the same as the narrowly-construed D'889 claimed design.

25

26  <u>**INTERROGATORY NO. 12**</u>:

27      Specifically for each of the Design Patents at Issue, explain the factual and legal bases for

28  Samsung's Third Affirmative Defense: Patent Invalidity. The response should include: (a) the

SUBJECT TO PROTECTIVE ORDER
CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

1   identity of any item of prior art that Samsung alleges anticipates each Design Patent at Issue; (b)

2   the identity of any item of prior art that Samsung alleges is a primary reference pursuant to *In re*

3   *Rosen*, 673 F.2d 388 (CCPA 1982); (c) the identity of any combinations of prior art that Samsung

4   alleges render any of the Design Patents at Issue obvious, including an explanation of why the

5   prior art renders each Design Patent at Issue obvious; and (d) any other grounds of invalidity

6   alleged by Samsung, including those based on 35 U.S.C. §§ 101, 102, 103, 112 and/or 171.

7

8   **RESPONSE TO INTERROGATORY NO. 12:**

9          Samsung objects to this interrogatory as vague and ambiguous.  Samsung further objects to

10  this interrogatory to the extent that it seeks to elicit information subject to and protected by the

11  attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the

12  common interest doctrine, and/or any other applicable privilege or immunity.  Samsung further

13  objects to this interrogatory as premature to the extent it requests information regarding

14  Samsung's invalidity contentions before sufficient discovery has been conducted.  Samsung

15  further objects to this interrogatory to the extent it prematurely calls for contentions at this stage of

16  litigation.  Samsung further objects to this interrogatory because it contains multiple subparts such

17  that each should count as a separate interrogatory.  Samsung will provide such contentions in

18  accordance with the Court's Minute Order and Case Management Order, dated August 25, 2011.

19          Subject to the foregoing general and specific objections, Samsung responds as follows:

20          For U.S. Patent No. D627,790, because the burden of deriving or ascertaining the answer

21  to this Interrogatory from the produced business records is substantially the same for Apple as for

22  Samsung, in accordance with Federal Rule of Civil Procedure 33(d), Samsung refers Apple to

23  documents produced in this action related to prior art, including the following documents:

24  SAMNDCA00020035-20119; SAMNDCA00020499-20575; SAMNDCA00020879-20899;

25  SAMNDCA00021500-21504; SAMNDCA00021894-22450; SAMNDCA00022764-22801;

26  SAMNDCA00023585-23590; SAMNDCA00024570-24581; SAMNDCA00199073-199148;

27  SAMNDCA00199210-199401; SAMNDCA00199525-200616; SAMNDCA00200640-200649;

28  SAMNDCA00200659-200660; SAMNDCA00200666-200669; SAMNDCA00200677-200685;

**SUBJECT TO PROTECTIVE ORDER**
<u>CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION</u>

1  SAMNDCA00200715-200723; SAMNDCA00200734-200736; SAMNDCA00200749-200750;

2  SAMNDCA00200789-200791; SAMNDCA00200807-200808; SAMNDCA00200839-200842;

3  SAMNDCA00200926-200927; SAMNDCA00200941-200952; SAMNDCA00200961-200971;

4  SAMNDCA00201021-201022; SAMNDCA00201076-201077; SAMNDCA00201095-201097;

5  SAMNDCA00201112-201113; SAMNDCA00201141-201142; SAMNDCA00201151-201159;

6  SAMNDCA00201168-201171; SAMNDCA00201183-201188; SAMNDCA00201205-201206;

7  SAMNDCA00201211-201220; SAMNDCA00201241-201249.

8     Samsung believes that the identified prior art, standing alone, or in combination, would be

9  substantially similar to an ordinary observer giving such attention as a purchaser usually gives, to

10  Apple's design patent, rendering the patent invalid as anticipated and/or obvious.  Samsung also

11  believes that Apple's design patent is invalid because it is the subject of double-patenting, is

12  indefinite, and because the design is not ornamental.  In addition, Samsung's investigation is

13  ongoing and Samsung will supplement this interrogatory after a reasonable investigation and

14  further discovery from Apple on the basis for its infringement position.

15     For U.S. Patent No. D617,334, because the burden of deriving or ascertaining the answer

16  to this Interrogatory from the produced business records is substantially the same for Apple as for

17  Samsung, in accordance with Federal Rule of Civil Procedure 33(d), Samsung refers Apple to

18  documents produced in this action related to prior art, including the following documents:

19  SAMNDCA00020035-20119; SAMNDCA00020499-20575; SAMNDCA00020879-20899;

20  SAMNDCA00021500-21504; SAMNDCA00021894-22450; SAMNDCA00022764-22801;

21  SAMNDCA00023585-23590; SAMNDCA00024570-24581; SAMNDCA00199073-199148;

22  SAMNDCA00199210-199401; SAMNDCA00199525-200616; SAMNDCA00200640-200649;

23  SAMNDCA00200659-200660; SAMNDCA00200666-200669; SAMNDCA00200677-200685;

24  SAMNDCA00200715-200723; SAMNDCA00200734-200736; SAMNDCA00200749-200750;

25  SAMNDCA00200789-200791; SAMNDCA00200807-200808; SAMNDCA00200839-200842;

26  SAMNDCA00200926-200927; SAMNDCA00200941-200952; SAMNDCA00200961-200971;

27  SAMNDCA00201021-201022; SAMNDCA00201076-201077; SAMNDCA00201095-201097;

28  SAMNDCA00201112-201113; SAMNDCA00201141-201142; SAMNDCA00201151-201159;

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

1  SAMNDCA00201168-201171; SAMNDCA00201183-201188; SAMNDCA00201205-201206;

2  SAMNDCA00201211-201220; SAMNDCA00201241-201249.

3    Samsung believes that the identified prior art, standing alone, or in combination, would be

4  substantially similar to an ordinary observer giving such attention as a purchaser usually gives, to

5  Apple's design patent, rendering the patent invalid as anticipated and/or obvious.  Samsung also

6  believes that Apple's design patent is invalid because it is the subject of double-patenting, is

7  indefinite, and because the design is not ornamental.  In addition, Samsung's investigation is

8  ongoing and Samsung will supplement this interrogatory after a reasonable investigation and

9  further discovery from Apple on the basis for its infringement position.

10    For U.S. Patent No. D604,305, because the burden of deriving or ascertaining the answer

11  to this Interrogatory from the produced business records is substantially the same for Apple as for

12  Samsung, in accordance with Federal Rule of Civil Procedure 33(d), Samsung refers Apple to

13  documents produced in this action related to prior art, including the following documents:

14  SAMNDCA00020035-20119; SAMNDCA00020499-20575; SAMNDCA00020879-20899;

15  SAMNDCA00021500-21504; SAMNDCA00021894-22450; SAMNDCA00022764-22801;

16  SAMNDCA00023585-23590; SAMNDCA00024570-24581; SAMNDCA00199073-199148;

17  SAMNDCA00199210-199401; SAMNDCA00199525-200616; SAMNDCA00200640-200649;

18  SAMNDCA00200659-200660; SAMNDCA00200666-200669; SAMNDCA00200677-200685;

19  SAMNDCA00200715-200723; SAMNDCA00200734-200736; SAMNDCA00200749-200750;

20  SAMNDCA00200789-200791; SAMNDCA00200807-200808; SAMNDCA00200839-200842;

21  SAMNDCA00200926-200927; SAMNDCA00200941-200952; SAMNDCA00200961-200971;

22  SAMNDCA00201021-201022; SAMNDCA00201076-201077; SAMNDCA00201095-201097;

23  SAMNDCA00201112-201113; SAMNDCA00201141-201142; SAMNDCA00201151-201159;

24  SAMNDCA00201168-201171; SAMNDCA00201183-201188; SAMNDCA00201205-201206;

25  SAMNDCA00201211-201220; SAMNDCA00201241-201249.

26    Samsung believes that the identified prior art, standing alone, or in combination, would be

27  substantially similar to an ordinary observer giving such attention as a purchaser usually gives, to

28  Apple's design patent, rendering the patent invalid as anticipated and/or obvious.  Samsung also

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

1  believes that Apple's design patent is invalid because it is the subject of double-patenting, is

2  indefinite, and because the design is not ornamental.  In addition, Samsung's investigation is

3  ongoing and Samsung will supplement this interrogatory after a reasonable investigation and

4  further discovery from Apple on the basis for its infringement position.

5  For U.S. Patent No. D593,087, because the burden of deriving or ascertaining the answer

6  to this Interrogatory from the produced business records is substantially the same for Apple as for

7  Samsung, in accordance with Federal Rule of Civil Procedure 33(d), Samsung refers Apple to

8  documents produced in this action related to prior art, including the following documents:

9  SAMNDCA00019932-20034; SAMNDCA00020120-20303; SAMNDCA00020394-20498;

10  SAMNDCA00020782-20878; SAMNDCA00020900-20906; SAMNDCA00020978-20989;

11  SAMNDCA00021255-21313; SAMNDCA00021315-21336; SAMNDCA00021341-21471;

12  SAMNDCA00021479-21499; SAMNDCA00021505-21588; SAMNDCA00021593-21604;

13  SAMNDCA00021608-21632; SAMNDCA00021634-21805; SAMNDCA00021812-21857;

14  SAMNDCA00022451-22522; SAMNDCA00022732-22763; SAMNDCA00022802-22812;

15  SAMNDCA00022901-22971; SAMNDCA00022984-23064; SAMNDCA00023137-23182;

16  SAMNDCA00023234-23524; SAMNDCA00023542—23584; SAMNDCA00023591-24061;

17  SAMNDCA00024582-24662; SAMNDCA00024749-24752; SAMNDCA00027670-27722;

18  SAMNDCA00198059-198067; SAMNDCA00198070-198096; SAMNDCA00198101-198274;

19  SAMNDCA00198289-198307; SAMNDCA00198313-198456; SAMNDCA00198754-198846;

20  SAMNDCA00198884-199046; SAMNDCA00199164-199222; SAMNDCA00199298-199306;

21  SAMNDCA00199402-199524; SAMNDCA00200425-200472; SAMNDCA00200617-200639;

22  SAMNDCA00200650-200658; SAMNDCA00200661-200665; SAMNDCA00200670-200676;

23  SAMNDCA00200686-200714; SAMNDCA00200724-200733; SAMNDCA00200737-200748;

24  SAMNDCA00200751-200788; SAMNDCA00200793-200806; SAMNDCA00200809-200838;

25  SAMNDCA00200843-200873; SAMNDCA00201264-201278.

26  Samsung believes that the identified prior art, standing alone, or in combination, would be

27  substantially similar to an ordinary observer giving such attention as a purchaser usually gives, to

28  Apple's design patent, rendering the patent invalid as anticipated and/or obvious.  Samsung also

SUBJECT TO PROTECTIVE ORDER
CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

1  believes that Apple's design patent is invalid because it is the subject of double-patenting, is

2  indefinite, and because the design is not ornamental.  In addition, Samsung's investigation is

3  ongoing and Samsung will supplement this interrogatory after a reasonable investigation and

4  further discovery from Apple on the basis for its infringement position.  Samsung also

5  incorporates by reference the Declaration of Itay Sherman in Support of Samsung's Opposition to

6  Apple's Motion for a Preliminary Injunction (Dkt. No. 172).

7       For U.S. Patent No. D618,677, because the burden of deriving or ascertaining the answer

8  to this Interrogatory from the produced business records is substantially the same for Apple as for

9  Samsung, in accordance with Federal Rule of Civil Procedure 33(d), Samsung refers Apple to

10  documents produced in this action related to prior art, including the following documents:

11  SAMNDCA00019932-20034; SAMNDCA00020120-20303; SAMNDCA00020394-20498;

12  SAMNDCA00020782-20878; SAMNDCA00020900-20906; SAMNDCA00020978-20989;

13  SAMNDCA00021255-21313; SAMNDCA00021315-21336; SAMNDCA00021341-21471;

14  SAMNDCA00021479-21499; SAMNDCA00021505-21588; SAMNDCA00021593-21604;

15  SAMNDCA00021608-21632; SAMNDCA00021634-21805; SAMNDCA00021812-21857;

16  SAMNDCA00022451-22522; SAMNDCA00022732-22763; SAMNDCA00022802-22812;

17  SAMNDCA00022901-22971; SAMNDCA00022984-23064; SAMNDCA00023137-23182;

18  SAMNDCA00023234-23524; SAMNDCA00023542—23584; SAMNDCA00023591-24061;

19  SAMNDCA00024582-24662; SAMNDCA00024749-24752; SAMNDCA00027670-27722;

20  SAMNDCA00198059-198067; SAMNDCA00198070-198096; SAMNDCA00198101-198274;

21  SAMNDCA00198289-198307; SAMNDCA00198313-198456; SAMNDCA00198754-198846;

22  SAMNDCA00198884-199046; SAMNDCA00199164-199222; SAMNDCA00199298-199306;

23  SAMNDCA00199402-199524; SAMNDCA00200425-200472; SAMNDCA00200617-200639;

24  SAMNDCA00200650-200658; SAMNDCA00200661-200665; SAMNDCA00200670-200676;

25  SAMNDCA00200686-200714; SAMNDCA00200724-200733; SAMNDCA00200737-200748;

26  SAMNDCA00200751-200788; SAMNDCA00200793-200806; SAMNDCA00200809-200838;

27  SAMNDCA00200843-200873; SAMNDCA00201264-201278.

28

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

1    Samsung believes that the identified prior art, standing alone, or in combination, would be

2  substantially similar to an ordinary observer giving such attention as a purchaser usually gives, to

3  Apple's design patent, rendering the patent invalid as anticipated and/or obvious.  Samsung also

4  believes that Apple's design patent is invalid because it is the subject of double-patenting, is

5  indefinite, and because the design is not ornamental.  In addition, Samsung's investigation is

6  ongoing and Samsung will supplement this interrogatory after a reasonable investigation and

7  further discovery from Apple on the basis for its infringement position.  Samsung also

8  incorporates by reference the Declaration of Itay Sherman in Support of Samsung's Opposition to

9  Apple's Motion for a Preliminary Injunction (Dkt. No. 172).

10    For U.S. Patent No. D622,270, because the burden of deriving or ascertaining the answer

11  to this Interrogatory from the produced business records is substantially the same for Apple as for

12  Samsung, in accordance with Federal Rule of Civil Procedure 33(d), Samsung refers Apple to

13  documents produced in this action related to prior art, including the following documents:

14  SAMNDCA00019932-20034; SAMNDCA00020120-20303; SAMNDCA00020394-20498;

15  SAMNDCA00020782-20878; SAMNDCA00020900-20906; SAMNDCA00020978-20989;

16  SAMNDCA00021255-21313; SAMNDCA00021315-21336; SAMNDCA00021341-21471;

17  SAMNDCA00021479-21499; SAMNDCA00021505-21588; SAMNDCA00021593-21604;

18  SAMNDCA00021608-21632; SAMNDCA00021634-21805; SAMNDCA00021812-21857;

19  SAMNDCA00022451-22522; SAMNDCA00022732-22763; SAMNDCA00022802-22812;

20  SAMNDCA00022901-22971; SAMNDCA00022984-23064; SAMNDCA00023137-23182;

21  SAMNDCA00023234-23524; SAMNDCA00023542—23584; SAMNDCA00023591-24061;

22  SAMNDCA00024582-24662; SAMNDCA00024749-24752; SAMNDCA00027670-27722;

23  SAMNDCA00198059-198067; SAMNDCA00198070-198096; SAMNDCA00198101-198274;

24  SAMNDCA00198289-198307; SAMNDCA00198313-198456; SAMNDCA00198754-198846;

25  SAMNDCA00198884-199046; SAMNDCA00199164-199222; SAMNDCA00199298-199306;

26  SAMNDCA00199402-199524; SAMNDCA00200425-200472; SAMNDCA00200617-200639;

27  SAMNDCA00200650-200658; SAMNDCA00200661-200665; SAMNDCA00200670-200676;

28  SAMNDCA00200686-200714; SAMNDCA00200724-200733; SAMNDCA00200737-200748;

**SUBJECT TO PROTECTIVE ORDER**
**<u>CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION</u>**

1  SAMNDCA00200751-200788; SAMNDCA00200793-200806; SAMNDCA00200809-200838;

2  SAMNDCA00200843-200873; SAMNDCA00201264-201278.

3    Samsung believes that the identified prior art, standing alone, or in combination, would be

4  substantially similar to an ordinary observer giving such attention as a purchaser usually gives, to

5  Apple's design patent, rendering the patent invalid as anticipated and/or obvious.  Samsung also

6  believes that Apple's design patent is invalid because it is the subject of double-patenting, is

7  indefinite, and because the design is not ornamental.  In addition, Samsung's investigation is

8  ongoing and Samsung will supplement this interrogatory after a reasonable investigation and

9  further discovery from Apple on the basis for its infringement position.

10    For U.S. Patent No. D504,889, in accordance with Federal Rule of Civil Procedure 33(d),

11  Samsung refers Apple to documents produced in this action related to prior art, including the

12  following documents, because the burden of deriving or ascertaining the answer to this

13  Interrogatory from the produced business records is substantially the same for Apple as for

14  Samsung: SAMNDCA00019932-19943; SAMNDCA00020120-20247; SAMNDCA00020394-

15  20498; SAMNDCA00020903-20906; SAMNDCA00020978-20989; SAMNDCA00021281-

16  21313; SAMNDCA00021330-21336; SAMNDCA00021341-21436; SAMNDCA00021479-

17  21485; SAMNDCA00021505-21588; SAMNDCA00021593-21596; SAMNDCA00021800-

18  21805; SAMNDCA00022451-22506; SAMNDCA00022514-22520; SAMNDCA00022732-

19  22763; SAMNDCA00022802-22812; SAMNDCA00022901-22910; SAMNDCA00022984-

20  23047; SAMNDCA00023234-23265; SAMNDCA00023520-23524; SAMNDCA00023591-

21  23801; SAMNDCA00024582-24629; SAMNDCA00027686-27690; SAMNDCA00027692-

22  27708; SAMNDCA00198059; SAMNDCA00198070-198076; SAMNDCA00198089-198096;

23  SAMNDCA00198109-198115; SAMNDCA00198134-198142; SAMNDCA00198245-198267;

24  SAMNDCA00198285-198289; SAMNDCA00198317-198318; SAMNDCA00198322;

25  SAMNDCA00198333-198336; SAMNDCA00198343-198344; SAMNDCA00198754-198808;

26  SAMNDCA00198884-198918; SAMNDCA00199164-199189; SAMNDCA00199204-199209;

27  SAMNDCA00199402-199411; SAMNDCA00199415-199419; SAMNDCA00199426-199432;

28  SAMNDCA00199439-199441; SAMNDCA00199445-199447; SAMNDCA00199454-199524;

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

1   SAMNDCA00200617-200639; SAMNDCA00200650-200658; SAMNDCA00200661-200665;

2   SAMNDCA00200670-200676; SAMNDCA00200686-200714; SAMNDCA00200724-200733;

3   SAMNDCA00200737-200740; SAMNDCA00201264-201271.

4           Samsung believes that the identified prior art, standing alone, or in combination, would be

5   substantially similar to an ordinary observer giving such attention as a purchaser usually gives, to

6   Apple's design patent, rendering the patent invalid as anticipated and/or obvious.  Samsung also

7   believes that Apple's design patent is invalid because it is the subject of double-patenting, is

8   indefinite, and because the design is not ornamental.  In addition, Samsung's investigation is

9   ongoing and Samsung will supplement this interrogatory after a reasonable investigation and

10  further discovery from Apple on the basis for its infringement position.  Samsung also

11  incorporates by reference the Declaration of Roger Fidler and the Declaration of Itay Sherman in

12  Support of Samsung's Opposition to Apple's Motion for a Preliminary Injunction (Dkt. Nos. 166,

13  172).

14

15  **FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 12 (3/19/12):**

16          Samsung objects to this interrogatory as vague and ambiguous.  Samsung further objects to

17  this interrogatory to the extent that it seeks to elicit information subject to and protected by the

18  attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the

19  common interest doctrine, and/or any other applicable privilege or immunity.  Samsung further

20  objects to this interrogatory as premature to the extent it requests information regarding

21  Samsung's invalidity contentions before expert reports have been submitted.  Samsung further

22  objects to this interrogatory because it contains multiple subparts such that each should count as a

23  separate interrogatory.

24          Subject to the foregoing general and specific objections, Samsung responds as follows:

25

26  ***For U.S. Patent No. D593,087***

27          **Invalidity Under 35 U.S.C. § 102 or 103**

28          Samsung identifies the following prior art that anticipates and/or renders obvious  the

SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF
INTERROGATORIES (11-12)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

D'087 patent either expressly or inherently as understood by a person having ordinary skill in the art at the time of the alleged invention, either alone or in combination with other references identified below.  These references anticipate and/or render obvious one or more embodiments of the D'087 patent.  These references are prior art under at least 35 U.S.C. §§ 102(a), (b), (e), (g) and/or 103.

Without waiving any right to address additional design characteristics of this prior art that anticipate and/or render obvious the design claimed in D'087, and without waiving any right to show that the design claimed in D'087 is indefinite, the prior art shown below shares at least the design characteristics identified below with those that Apple has claimed in D'087:

| Prior Art Design Elements | Disclosure Rendering the Claim Unpatentable |
| --- | --- |
| <ul><li>Rounded Corners</li><li>Lack of Significant Ornamentation</li><li>Rectangular Shape</li><li>Flat Continuous Surface</li><li>Reflective or Transparent Surface</li><li>Horizontal Speaker Slot</li><li>Speaker Slot Located Near Top of Device</li><li>Display Screen Covering Substantial Portion of Front Face</li><li>Display Screen in Center of Device</li><li>Narrow Borders on Sides of ScreenBroader</li><li>Borders Above and Below Screen</li><li>Uniform bezel surrounding front face</li></ul> | **1.    Bluebird Pidion BM-200 —** (released November 2005; SAMNDCA00326344 - SAMNDCA00326346)<br> |

SUBJECT TO PROTECTIVE ORDER
CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

| |
|---|
| • Rounded Corners<br>• Lack of Significant Ornamentation<br>• Rectangular Shape<br>• Flat Continuous Surface<br>• Horizontal Speaker Slot<br>• Speaker Slot Located Near Top of Device<br>• Reflective or Transparent Surface<br>• Display Screen Covering Substantial Portion of Front Face<br>• Display Screen in Center of Device<br>• Narrow Borders on Sides of Screen<br>• Broader Borders Above and Below Screen<br>• Uniform bezel surrounding front face |

**2. Korean Patent 0398307 —** (Issued Nov. 15, 2005; SAMNDCA00282113 - SAMNDCA00282120)

02198.51855/4660268.2

SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF
INTERROGATORIES (11-12)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

【 우측면도 】

【 평면도 】

【 저면도 】

- Rounded Corners
- Lack of Significant Ornamentation
- Rectangular Shape
- Alleged by Apple to have flat Continuous Surface
- Alleged by Apple to have reflective or Transparent Surface
- Display Screen Covering Substantial Portion of Front Face
- Display Screen in Center of Device

3.    **United States Patent D504,889 —** (filed March 17, 2004; SAMNDCA00200769—SAMNDCA00200773)

FIG. 1

FIG. 2

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

- Rounded Corners
- Lack of Significant Ornamentation
- Rectangular Shape
- Flat Continuous Surface
- Reflective or Transparent Surface
- Horizontal Speaker Slot
- Speaker Slot Located Near Top of Device
- Display Screen Covering Substantial Portion of Front Face
- Display Screen in Center of Device
- Narrow Borders on Sides of Screen
- Broader Borders Above and Below Screen
- Uniform bezel surrounding front face

4.    **LG Prada —** (Images available to public by December 2006; SAMNDCA00326458 - SAMNDCA00326461)



-27-     Case No. 11-cv-01846-LHK
SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF
INTERROGATORIES (11-12)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

| | |
|---|---|
| • Rounded Corners<br>• Lack of Significant Ornamentation<br>• Rectangular Shape<br>• Horizontal Speaker Slot<br>• Speaker Slot Located Near Top of Device<br>• Display Screen Covering Substantial Portion of Front Face<br>• Display Screen in Center of Device<br>• Narrow Borders on Sides of Screen<br>• Broader Borders Above and Below Screen<br>• Uniform bezel surrounding front face | **5.** **Sharp Japanese Registration – JP 1241638 —** (Issued June 6, 2005; SAMNDCA00255247— SAMNDCA00255260)<br> |
| • Rounded Corners<br>• Lack of Significant Ornamentation<br>• Rectangular Shape<br>• Flat Continuous Surface<br>• Reflective or Transparent Surface<br>• Horizontal Speaker Slot<br>• Speaker Slot Located Near Top of Device<br>• Display Screen Covering Substantial Portion of Front Face<br>• Narrow Borders on Sides of Screen<br>• Broader Borders Above and Below Screen | **6.** **LG Chocolate (LG KG800) —** (Released March 2006; SAMNDCA00326329 - SAMNDCA00326331; SAMNDCA00326462)<br> |

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

| | |
|---|---|
| • Uniform bezel surrounding front face | |
| • Rounded Corners<br>• Lack of Significant Ornamentation<br>• Rectangular Shape<br>• Flat Continuous Surface<br>• Reflective or Transparent Surface<br>• Horizontal Speaker Slot<br>• Speaker Slot Located Near Top of Device<br>• Display Screen Covering Substantial Portion of Front Face<br>• Narrow Borders on Sides of Screen<br>• Broader Borders Above and Below Screen<br>• Uniform bezel surrounding front face | 7.   **United States Patent, D536,691** — (Filed Mar. 13, 2006; Issued Feb. 13, 2007; SAMNDCA00200883—SAMNDCA00200888)<br><br> |

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

| | |
|---|---|
| • Rounded Corners<br>• Lack of Significant Ornamentation<br>• Rectangular Shape<br>• Flat Continuous Surface<br>• Reflective or Transparent Surface<br>• Display Screen Covering Substantial Portion of Front Face<br>• Display Screen in Center of Device<br>• Narrow Borders on Sides of Screen<br>• Broader Borders Above and Below Screen<br>• Uniform bezel surrounding front face | **8.    Japanese Patent JP 1241383** — (Issued June 2005; SAMNDCA00255283—SAMNDCA00255295)<br> |

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

1

• Rounded Corners

2

• Lack of Significant
Ornamentation

3

• Rectangular Shape

4

• Flat Continuous Surface

• Horizontal Speaker Slot

5

• Speaker Slot Located
Near shorter edge of
Device

6

7

• Display Screen
Covering Substantial
Portion of Front Face

8

9

• Display Screen in Center
of Device

10

• Narrow Borders on two
opposing sides of the
screen

11

12

• Broader Borders on two
other opposing sides of
screen

13

14

15

16

17

18

9.    **Japanese Design Patent JP 1009317** — (Issued Feb. 20,
1998; SAMNDCA00255278—SAMNDCA00255282)



19

20

21

22

23

24

25

26

27

28

SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF
INTERROGATORIES (11-12)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

| | |
|---|---|
| • Rounded Corners<br>• Lack of Significant Ornamentation<br>• Rectangular Shape<br>• Flat Continuous Surface<br>• Reflective or Transparent Surface<br>• Horizontal Speaker Slot<br>• Speaker Slot Located Near Top of Device<br>• Display Screen Covering Substantial Portion of Front Face<br>• Display Screen in Center of Device<br>• Narrow Borders on Sides of Screen<br>• Broader Borders Above and Below Screen<br>• Bezel surrounding front face | **10.   Samsung Korean Patent 30-0452985; Application KR 30-2006-0050769** — (Applied for December 2006; patent issued Aug. 2007; SAMNDCA00255357— SAMNDCA00255365)<br> |

Case No. 11-cv-01846-LHK
SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF INTERROGATORIES (11-12)

SUBJECT TO PROTECTIVE ORDER
CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

| | |
|---|---|
| • Rounded Corners<br>• Lack of Significant Ornamentation<br>• Rectangular Shape<br>• Display Screen Covering Substantial Portion of Front Face<br>• Display Screen in Center of Device | **11.   Japanese Design Patent JP-S-887388** — (Issued Dec. 21, 1993; SAMNDCA00255215—SAMNDCA00255221)<br> |
| • Rounded Corners<br>• Lack of Significant Ornamentation<br>• Rectangular Shape<br>• Display Screen Covering Substantial Portion of Front Face<br>• Display Screen in Center of Device | **12.   Japanese Design Patent JP-S-1142127** — (Issued May 27, 2002; SAMNDCA00255229—SAMNDCA00255246)<br> |

**SUBJECT TO PROTECTIVE ORDER**
<u>**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**</u>



- Rounded Corners
- Lack of Significant Ornamentation
- Rectangular Shape
- Flat Continuous Surface
- Reflective or Transparent Surface
- Display Screen Covering Substantial Portion of Front Face
- Display Screen in Center of Device
- Uniform bezel surrounding front face

**13.    United States Design Patent D497,364** — (Filed Nov. 27, 2002, Issued Oct. 19, 2004; SAMNDCA00326308 - SAMNDCA00326314)



FIG. 1

FIG. 2

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**



- Rounded Corners
- Lack of Significant Ornamentation
- Rectangular Shape
- Flat Continuous Surface
- Reflective or Transparent Surface

**14.**   **United States Patent D548,747 —** (filed August 24, 2005; SAMNDCA00200936—SAMNDCA00200940)

FIG. 1

FIG. 2

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

FIG. 3

FIG. 4

FIG. 5

FIG. 6

FIG. 7

**15.    iRiver U10 —** (Released October 2005; SAMNDCA00326325 - SAMNDCA00326328)



- Rounded Corners
- Lack of Significant Ornamentation
- Rectangular Shape
- Flat Continuous Surface
- Reflective or Transparent Surface
- Display Screen Covering Substantial Portion of Front Face
- Display Screen in Center of Device
- Narrow Borders on Two Opposing Sides of Screen
- Broader Borders on the Remaining Two Sides of

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

- the Screen
- Uniform bezel surrounding front face





- Rounded Corners
- Lack of Significant Ornamentation
- Rectangular Shape
- Flat Continuous Surface
- Reflective or Transparent Surface
- Horizontal Speaker Slot
- Speaker Slot Located Near Top of Device
- Display Screen Covering Substantial Portion of Front Face
- Display Screen in Center of Device
- Narrow Borders on Sides of Screen
- Broader Borders Above and Below Screen
- Uniform bezel surrounding front face

**16.    Nokia N92 —** (Released 2005; SAMNDCA00326338 - SAMNDCA00326339)





| | |
|---|---|
| 1 | **17.    Olympus m:robe MR-100 —** (Released 2005; |
| 2 | SAMNDCA00326463 - SAMNDCA00326466) |

- Rounded Corners
- Lack of Significant Ornamentation
- Rectangular Shape
- Flat Continuous Surface
- Reflective or Transparent Surface
- Display Screen
- Uniform bezel surrounding front face





**18.    Japanese Design Patent 1204221 —** (Issued May 10, 2004; - SAMNDCA00256066—SAMNDCA00256079)

- Rounded Corners
- Lack of Ornamentation
- Rectangular Shape
- Flat Continuous Surface
- Horizontal Ear Speaker Slot
- Ear Speaker Slot Located Near Top of Device
- Display Screen Covering Substantial

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

Portion of Front Face
- Display Screen in Center of Device
- Narrow Borders on Sides of Screen
- Broader Borders Above and Below Screen

02198.51855/4660268.2

Case No. 11-cv-01846-LHK
SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF INTERROGATORIES (11-12)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

| | |
|---|---|
| • Rounded Corners<br>• Lack of significant Ornamentation<br>• Flat Continuous Surface<br>• Ear Speaker Opening Near Top of Device<br>• Display Screen Covering Substantial Portion of Front Face<br>• Display Screen in Center of Device<br>• Narrow Borders on Sides of Screen<br>• Broader Borders Above and Below Screen<br>• Uniform bezel surrounding front face | **19.** **Nokia Design Contest Phone by Ricardo Villas-Boas —** (Publicly displayed online in 2004; SAMNDCA00326336 - SAMNDCA00326337; SAMNDCA00326380 - SAMNDCA00326385)<br><br> |

SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF
INTERROGATORIES (11-12)

SUBJECT TO PROTECTIVE ORDER
CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

- Rounded Corners
- Lack of Ornamentation
- Rectangular Shape
- Flat Continuous Surface
- Reflective or Transparent Surface
- Horizontal Speaker Slot
- Speaker Slot Located Near Top of Device
- Display Screen Covering Substantial Portion of Front Face
- Display Screen in Center of Device
- Narrow Borders on Sides of Screen
- Broader Borders Above and Below Screen
- Uniform bezel surrounding front face

20.     **Korean Design Patent KR 30-0418547** — (Issued July 2006; SAMNDCA00255321—SAMNDCA00255329)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

| | |
|---|---|
| • Rounded Corners<br>• Lack of Ornamentation<br>• Rectangular Shape<br>• Flat Continuous Surface<br>• Reflective or Transparent Surface<br>• Horizontal Speaker Slot<br>• Speaker Slot Located Near Top of Device<br>• Display Screen Covering Substantial Portion of Front Face | 21.  **U.S. Design Patent No. D514,590** (Filed November 1, 2004; Issued February 7, 2006; SAMNDC00023918-00023921)<br><br> |

SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF
INTERROGATORIES (11-12)

SUBJECT TO PROTECTIVE ORDER
CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



FIG. 4   FIG. 5

FIG. 6

FIG. 7

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

1

- Rounded Corners
- Lack of Ornamentation
- Rectangular Shape
- Flat Continuous Surface
- Reflective or Transparent Surface
- Display Screen Covering Substantial Portion of Front Face
- Display Screen in Center of Device
- Narrow Borders on two opposing sides of the screen
- Broader Borders on two other opposing sides of screen
- Uniform bezel surrounding front face

**22.    Olympus MR500i** (Publicly disclosed in 2005; SAMNDCA00365586-00365589)



-44-                    Case No. 11-cv-01846-LHK

SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF
INTERROGATORIES (11-12)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

- Rounded Corners
- Lack of Ornamentation
- Rectangular Shape
- Flat Continuous Surface
- Reflective or Transparent Surface
- Horizontal Speaker Slot
- Speaker Slot Located Near Top of Device
- Display Screen Covering Substantial Portion of Front Face
- Display Screen in Center of Device
- Narrow Borders on Sides of Screen
- Broader Borders Above and Below Screen

23.   **European Union RCD 000569157-0005** (Registered August 1, 2006; Published September 5, 2006; SAMNDCA00021315-00021319)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- Rounded Corners
- Lack of Ornamentation
- Rectangular Shape
- Flat Continuous Surface
- Reflective or Transparent Surface
- Horizontal Speaker Slot
- Speaker Slot Located Near Top of Device
- Display Screen Covering Substantial Portion of Front Face
- Narrow Borders on Sides of Screen
- Broader Borders Above and Below Screen

24.    **U.S. Design Patent No. 534,516** (Filed March 9, 2006; Issued January 2, 2007; SAMNDCA00255377-255387)

02198.51855/4660268.2

-46-                                    Case No. 11-cv-01846-LHK
SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF
INTERROGATORIES (11-12)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- Rounded Corners
- Lack of Ornamentation
- Rectangular Shape
- Flat Continuous Surface
- Reflective or Transparent Surface
- Bezel surrounding front face

**25.   Samsung Yepp YP-K3 MP3 Player** (Publicly disclosed in 2006; SAMNDCA00326549-00326557)



02198.51855/4660268.2

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- Rounded Corners
- Lack of Ornamentation
- Rectangular Shape
- Horizontal Speaker Slot
- Speaker Slot Located Near Top of Device
- Display Screen Covering Substantial Portion of Front Face
- Narrow Borders on Sides of Screen
- Broader Borders Above and Below Screen

26.     **Sony Ericsson Walkman Phone W950** (Images publicly available by February 2006)





SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF
INTERROGATORIES (11-12)

SUBJECT TO PROTECTIVE ORDER
CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- Rounded Corners
- Lack of Significant Ornamentation
- Rectangular Shape
- Flat Continuous Surface
- Reflective or Transparent Surface
- Display Screen Covering Substantial Portion of Front Face
- Thin rim surrounding the front surface

27.     **United States Design Patent D500,037** — (Filed September 3, 2002, Issued December 21, 2004; SAMNDCA00027716 -0027722)



FIG. 2



**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

- Rounded Corners
- Lack of Significant Ornamentation
- Rectangular Shape
- Flat Continuous Surface
- Display Screen Covering Substantial Portion of Front Face
- Display Screen in Center of Device
- Thin rim surrounding the front surface
- Reflective or Transparent Surface

28.   **U.S. Patent No. 6,919,678** — (Filed November 20, 2002; Issued July 19, 2005; SAMNDCA00354855— SAMNDCA00354872)

02198.51855/4660268.2

Case No. 11-cv-01846-LHK
SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF INTERROGATORIES (11-12)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

| | |
|---|---|
| • Rounded Corners<br>• Lack of Ornamentation<br>• Rectangular Shape<br>• Horizontal Speaker Slot<br>• Speaker Slot Located Near Top of Device<br>• Narrow Borders on Sides of Screen<br>• Broader Borders Above and Below Screen | 29.    **JPD1247215** — (Filed in 2004)<br> |

02198.51855/4660268.2

-51-

Case No. 11-cv-01846-LHK
SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF
INTERROGATORIES (11-12)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

| | |
|---|---|
| • Rounded Corners<br>• Lack of Ornamentation<br>• Rectangular Shape<br>• Horizontal Speaker Slot<br>• Speaker Slot Located Near Top of Device<br>• Narrow Borders on Sides of Screen<br>• Broader Borders Above and Below Screen | 30.   **JPD1263649** — (Filed in 2005)<br><br> |

SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF
INTERROGATORIES (11-12)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

| |
|---|

- Rounded Corners
- Lack of Ornamentation
- Rectangular Shape
- Flat Continuous Surface
- Transparent or Reflective Surface

31. **The 'black box' – concept design from electronics giant BenQ winning the iF2006 awards** (June 2006)

02198.51855/4660268.2

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

- Rounded Corners
- Lack of Significant Ornamentation
- Rectangular Shape
- Flat Continuous Surface
- Reflective or Transparent Surface
- Horizontal Speaker Slot
- Speaker Slot Located Near Top of Device
- Display Screen Covering Substantial Portion of Front Face
- Display Screen in Center of Device
- Narrow Borders on Sides of Screen
- Broader Borders Above and Below Screen
- Bezel surrounding front face

32.    **U.S. Design Patent No. D560,192** (Filed: December 22, 2006; Issued: January 22, 2008)

02198.51855/4660268.2

SUBJECT TO PROTECTIVE ORDER
CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

Samsung believes that the identified prior art, standing alone, or in combination, would appear to an ordinary observer — giving such attention as a purchaser usually gives — to be substantially the same as the design shown in D'087, rendering that patent invalid as anticipated and/or obvious.

Without waiving any right to address additional design characteristics of this prior art that anticipate and/or render obvious the design claimed in D'087, at least the prior art references numbered 4, 5, 18 and 23 in the chart above contain all of the claimed elements of the D'087 and, therefore, anticipate the D'087.  Furthermore, any of numbers 3, 8, 13, 15, 19, 21, 22, 25, 27 and 28 could serve as primary references that would have been obvious to one of ordinary skill in the art to combine with the shape and position of the speaker slot of numbers 4, 5, 18 or 23. Additionally, any of numbers 1, 2, 6, 7, 9, 11, 12, 14, 16, 17, 20, 24, 26, 29 and 30 could serve as primary references that it would have been obvious to one of ordinary skill in the art to combine with the proportions of the display or speaker slots of numbers 4, 5, 18 and 23.  It also would have been obvious to one of ordinary skill in the art to combine the bezel of numbers 1, 2, 6, 7, 8, 10, 13, 15, 16, 17, 19, 20, 22, 25 or 32 with any of numbers 4, 5, 18 or 23.

**Bates Ranges of Prior Art Produced by Samsung**

Samsung also incorporates by reference all prior art that has been produced and/or disclosed by Samsung, including the documents listed in the Bates Ranges below.  These incorporated pieces of prior art further show that the design claimed by the D'087 patent is obvious and anticipated:

SAMNDCA00019932-20034; SAMNDCA00020120-20303; SAMNDCA00020394-20498; SAMNDCA00020782-20878; SAMNDCA00020900-20906; SAMNDCA00020978-20989; SAMNDCA00021255-21313; SAMNDCA00021315-21336; SAMNDCA00021341-21471; SAMNDCA00021479-21499; SAMNDCA00021505-21588; SAMNDCA00021593-21604; SAMNDCA00021608-21632; SAMNDCA00021634-21805; SAMNDCA00021812-21857;

SUBJECT TO PROTECTIVE ORDER
CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

1   SAMNDCA00022451-22522; SAMNDCA00022732-22763; SAMNDCA00022802-22812;

2   SAMNDCA00022901-22971; SAMNDCA00022984-23064; SAMNDCA00023137-23182;

3   SAMNDCA00023234-23524; SAMNDCA00023542—23584; SAMNDCA00023591-24061;

4   SAMNDCA00024582-24662; SAMNDCA00024749-24752; SAMNDCA00027670-27722;

5   SAMNDCA00198059-198067; SAMNDCA00198070-198096; SAMNDCA00198101-198274;

6   SAMNDCA00198289-198307; SAMNDCA00198313-198456; SAMNDCA00198754-198846;

7   SAMNDCA00198884-199046; SAMNDCA00199164-199222; SAMNDCA00199298-199306;

8   SAMNDCA00199402-199524; SAMNDCA00200425-200472; SAMNDCA00200617-200639;

9   SAMNDCA00200650-200658; SAMNDCA00200661-200665; SAMNDCA00200670-200676;

10  SAMNDCA00200686-200714; SAMNDCA00200724-200733; SAMNDCA00200737-200748;

11  SAMNDCA00200751-200788; SAMNDCA00200793-200806; SAMNDCA00200809-200838;

12  SAMNDCA00200843-200873; SAMNDCA00201264-201278; SAMNDCA00255026 –

13  SAMNDCA00256183; SAMNDCA00282113 - SAMNDCA00282120; SAMNDCA00326302 –

14

15  SAMNDCA00326557; SAMNDCA00359127-00365840; SAMNDCA00370485-00370527;

16  SAMNDCA00373535-374040.

17

18

19      **Invalidity Due to Functionality**

20      The D'087 patent is also invalid because it is functional and not ornamental.  *See Lee v.*

21  *Dayton-Hudson Corp.*, 838 F.2d 1186, 1188 (Fed. Cir. 1988).  Apple's principal designer,

22  Jonathan Ive, has even said about the iPhone that "everything defers to the display.  A lot of what

23  we seem to be doing in a product like that is actually getting design out of the way.  And I think

24  when forms develop with that sort of reason, and they're not just arbitrary shapes, it feels almost

25  inevitable.  It feels almost undesigned."  Jonathan Ive, *Objectified* (2009).    Because the display is

26  the primary means of user interaction with the device, having "everything defer[] to the display"

27

28

SUBJECT TO PROTECTIVE ORDER
CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

serves a highly functional purpose, which would be diminished by designs with additional design.

In addition to the overall design of D'087 being non-ornamental, and therefore functional, individual aspects of the design are also functional and render its scope either invalid or indefinite. For example:

- **Front Surface Flatness and Transparency** – The introduction of touch technology allowed the removal of keypads and otherwise allowed for the reduction in the number of surface mounted buttons.  Early commercial smartphone models used resistive touch technology.  Resistive touch technology dictated that the active touch layer would be exposed externally so that the user could apply pressure to it.  Because this active layer is not resistant to scratches and since it is activated by pressure, a bezel elevated from its surface typically was used to provide protection from scratches and false triggering.  Unlike resistive touch technology, capacitive technology allows placement of the active surface below an externally hardened surface, such as reinforced glass or plastic.  The screen therefore could be made flush but still protected against scratches, since an elevated surround was no longer required to protect the exposed touch layer of the screen. The underlying LCD displays have a flat surface and manufacturing a contoured glass surface to place over the LCD touch screen is a time-consuming, technologically-challenging and more expensive than a primarily smooth front surface.  The choice of a flat cover is the natural and economical choice.  Once touch screentechnology reached the maturity level where capacitive touch screens could be made in the right size and form factor for mobile electronic devices, at a commercially palatable price point, the concept of a continuous flat, transparent surface emerged almost simultaneously from multiple companies.  Any cover over

-57-

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

a display screen must be transparent, otherwise the display screen would have no

purpose.  Any continuous flat surface on the front of the phone must necessarily be

transparent.  Also, it is functional to have the flat surface be continuous and to

extend all the way from side to side and top to bottom because having a rim or edge

around the touch surface creates limitations on unimpeded access to the touch

surface, the amount of surface that is accessible, and other issues.

- **Rounded Corners** — The rounded corners of the claimed rectangular area of the front face of the device are a natural consequence of the rounded outside corners of the device.  Almost all designs of portable consumer devices use some degree of rounding on corners of devices.  Rounded corners are functional because of various human factors and ergonomics issues.  Rounded corners also make a portable electronic device more durable and easier to manufacture.  Pointed or sharp corners on designs are mechanical weak points and they may bend, snag, or break with the application of relatively little force.  Rounded corners, on the other hand, are more able to absorb impact and less likely to break.  It is also easier and more reliable to manufacture rounded corners with smooth and accurate finishes than it is to create sharp corners that are clean, accurate, and aesthetic.  Users may also find sharp corners uncomfortable to hold by their faces or against their palms.

- **Centered Rectangular Screen** — Rectangular screens are virtually mandatory for any use of a display screen. That is not proprietary to Apple, but rather in accord with the longstanding use of rectangular shapes as the format for viewing any media--movies, television, magazines, newspapers, books, letters, legal briefs, or clay tablets.  Available display screen options that might exist other than an elongated rectangle would be less efficient for use in a modern mobile electronic

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

device and would be considerably more expensive.  The rectangular element with

square corners is definitely dictated by the function of the component it depicts and

the type of device disclosed.

• **Inset display screen with narrow borders on the sides and wider borders on**

**the top and bottom of the front surface** – The display screen on a phone needs to

be inset; it cannot protrude or be directly exposed as part of the surface without

increasing the risk of damage to the screen.  Nor was it technologically feasible for

a display to extend from edge to edge on the front of a device in 2006.  Display

screens then, and now, include active components and wiring and require a

controller to activate the display.  These wires force the actual size of the display

glass to be slightly larger than the active viewable area.  The controller for the

display may be located either on the glass substrate of the display (COG – Chip on

Glass) or on a flexible cable extending from the display (COF – chip on flex).  In

both cases this yields additional length on top or bottom of screen that needs to be

reserved for the controller functionality, as well as some space on the sides to offset

the display screen from other components of the edge of the device.  Standard

display screens are made of a relatively fragile material and needs to be protected.

A mobile handset needs to tolerate, to some extent, drops and casual hits.  To avoid

having the display absorb the energy of such impacts directly, it is a common

practice to maintain a border between the glass of the display screen and the

exterior surface of the handset.  Narrow borders are preferable to wide borders on

the long sides of a screen because significantly widening the borders would reduce

the width of the display screen or require a wider product, which could be awkward

to hold in the hand. Handsets are often designed to be operated using a single hand,

02198.51855/4660268.2

SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF
INTERROGATORIES (11-12)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

with the thumb being able to press the display/keys, while the device is held on the same hand. This requirement, considering the standard range for human hands, forces designs to have limited width.  In addition, having no side border would increase the likelihood that the screen would be damaged if it bumped against anything, and that the display screen would be accidentally activated when the phone is held. The wider borders on the top and bottom of the display screen are a practical solution to placing earpiece and navigational buttons on the front surface without having to drill through or otherwise interrupt the display screen.  In addition to facilitating the placement of the earpiece slots and navigation buttons, the wider borders provide functional space for other components such as the antenna.  The display screen operates using high frequency signals, extending over wires which have considerable length.  As a result, the display tends to emit radiated noise that may interfere with the operation of other components.  It is a common practice to cover the display with a metal shield on its back side.  A mobile communication device design also must include an antenna to enable its cellular radio operation.  The existence of large metal objects in the area of the antenna influences and distorts its radiation pattern.  It is therefore a common practice to keep the antenna's area from overlapping with the metal shielded area of the display.  Therefore, the antenna is commonly placed behind one of these larger borders.

- **Earpiece with horizontally-oriented elongated ellipse or lozenge-shape centered over the display screen** – The use of an earpiece is necessary on a smartphone to allow the user to listen to a conversation privately without the use of a separate headphone or ear bud connection.  Ever since mobile phones were

SUBJECT TO PROTECTIVE ORDER
CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

invented, the most natural place to put the earpiece of the phone was on the upper

portion of the handheld part of the phone, near the ear—on the opposite end from

the microphone, which is customarily placed on the end closest to the user's mouth.

Centering the earpiece on the vertical axis is required as it allows users to

conveniently align the phone to their ears, and hold the phone in the same

alignment relative to the head irrespective of whether it is held in the right or left

hand.  Placing the earpiece anywhere other than on the upper portion of the phone,

such as on the back or side of the phone, would be a highly unusual choice that

would force users to hold the smartphone in an unnatural position when using the

phone feature.  Horizontal earpiece slots (as opposed to vertical slots) maximize the

area that can be devoted to a speaker without impinging on the display screen size.

The slot shape, with its narrow height, also serves to protect the mesh covering the

speaker below it by not having a more expansive area, such as a circle or square,

which might allow the mesh to be more easily punctured, torn, or obstructed by dirt

or dust.  The slot shape also increases the durability of the smartphone surface by

not weakening it with a relatively large expanse of less rigid material.  In addition,

having rounded edges increases the ease of manufacturing by allowing the slot to

be created by a drill (the slots created by which are naturally rounded on the edges

due to the spinning of the round drill bit).

- **Bezel** – A bezel in a mobile phone handset is a frame that surrounds the front face
  of the device to provide structural support and to join and hold together the front
  and back pieces of the device.  A bezel also can protect the display screen and
  cover glass or plastic from side impacts and drops, as Apple acknowledged in its
  bezel patent: "By their very nature, portable electronic devices are carried around

SUBJECT TO PROTECTIVE ORDER
CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

and subject to impacts and inadvertent blows to which static electronic devices are not subject.  To protect the electronic systems of these portable devices … there is a need for a hard, easily manufactured and aesthetically pleasing case for portable electronic devices."  US Patent 7,688,574 at 1:8-19.

Moreover, Apple sought and obtained a number of utility patents on the same elements present in the D'087 design patent.  *See*, *e.g.*, United States Patent No. 7,688,574 (SAMNDCA00365600-612); US Patent Publication 2009/0247244 A1 (APLNDC0003037770-781); United States Patent No. 7,902,474.  These utility patents render the design patent invalid because they confirm that the elements shown in the D'087 design are functional.  *See PHG Techs., LLC v. St. John Cos.*, 469 F.3d 1361, 1366 (Fed. Cir. 2006) (noting that courts should consider "whether there are any concomitant utility patents" when ruling on invalidity due to functionality); *see also Power Controls Corp. v. Hybrinetics, Inc.*, 806 F.2d 234, 238-240 (Fed. Cir. 1986).

Samsung also incorporates by reference its Response to Apple's Interrogatory No. 38, regarding functionality of Apple's asserted design patents.

**Invalidity Due to Indefiniteness**

The asserted claim of the D'087 patent is also invalid under paragraph 2 of Section 112 of Title 35 of the United States Code because the claim is indefinite in that the drawings depicting the design do not enable a person skilled in the art to make the design.  *See* Manuel of Patent Examining Procedure § 1504.04; 1503.2 ("As the drawing or photograph constitutes the entire visual disclosure of the claim, it is of utmost importance that the drawing or photograph be clear and complete, and that nothing regarding the design sought to be patented is left to conjecture.") Where, as with the D'087 patent, design patent drawings are inconsistent and/or ambiguous and leave the scope of the design open to conjecture, the patent may be rendered invalid due to

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

1   indefiniteness.  *See, e.g., Seed Lighting Design Co., Ltd. v. Home Depot*, 2005 WL 1868152, *8

2   (N.D. Cal. Aug. 3, 2005).

3

4         The drawings of the D'087 are subject to varying interpretations.  For example, Apple

5   claims that the D'087 has a flat surface, but the D'087 figures have no surface details indicating

6   that the surface is flat or reflective similar to the designs shown in the D'677, D'270 and D'889

7   patents.  The varying and inconsistent use of dotted lines within the figures of the D'087 patent is

8   also contrary to convention and creates uncertainty as to the scope of the design and whether

9   certain elements are or are not a part of the design, or are intended to be less important aspects of

10  the design, which is prohibited.  *See* MPEP  1503.02.  Because the drawings are subject to

11  conjecture and multiple interpretations, the D'087 is indefinite.

12

13              **Invalidity Due to Double Patenting**

14         To the extent the D'087 patent is construed in any way other than very narrowly, such as to

15  require almost virtual identity for infringement, the D'087 patent is also invalid under the doctrine

16  of double patenting because it is substantially the same design that Apple sought to patent, and did

17  patent, in a number of other applications.  For example, D'087, D558,758, D558,756, D580,387,

18  D581,922, D613,736, D634,319, D618,677, and D618678, among other Apple design patents, all

19  appear to be substantially the same design.

20

21         **Incorporation by Reference of Other Materials**

22

23         In support of all of its bases for invalidity of Apple's asserted design patents, Samsung also

24  incorporates by reference the deposition testimony of witnesses providing testimony related to

25  Apple's design patents, including Daniele de Iuliis, Rico Zorkendorfer, Matthew Rohrbach,

26  Bartley Andre, Duncan Kerr, Daniel Coster, Eugene Whang, Richard Howarth, Christopher

27  Stringer, Douglas Satzger, Jonathan Ive, Cooper Woodring, Itay Sherman, Erin Wong, Tracy

28

**SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF
INTERROGATORIES (11-12)**

**SUBJECT TO PROTECTIVE ORDER**
<u>**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**</u>

Durkin, Quinn Hoellwarth, Peter Russell-Clarke, Richard Dinh, Phil Hobson, Mark Lee, Fletcher Rothkopf, Steven Zadesky, Christopher Harris, Christopher Hood, Evans Hankey, Richard Lutton, Christopher Prest, as well as all deposition testimony provided by third parties, and all exhibits used in those depositions.  Moreover, because Apple delayed in providing Samsung with identities of all individuals involved in the designs and alleged embodiments at issue, Samsung currently does not have all relevant testimony on this issue.

Samsung further incorporates by reference the file history of the D'087 patent and any continuing application from the D'087 patent including reexaminations and reissue applications and all documents cited during those proceedings; all documents cited on the face of or in the D'087 patent; all related patents and file histories; and all of the documents produced or to be produced by Apple or third parties constituting prior art.

Samsung also incorporates by reference the Declaration of Itay Sherman in Support of Samsung's Opposition to Apple's Motion for a Preliminary Injunction (Dkt. No. 172), and any and all expert reports that have been or may be submitted in this action that support the invalidity of Apple's asserted design patents.

***For U.S. Patent No. D618,677***

<u>**Invalidity Under 35 U.S.C. § 102 or 103**</u>

Samsung identifies the following prior art that anticipates and/or renders obvious  the D'677 patent either expressly or inherently as understood by a person having ordinary skill in the art at the time of the alleged invention, either alone or in combination with other references identified below.  These references are prior art under at least 35 U.S.C. §§ 102(a), (b), (e), (g) and/or 103.

Without waiving any right to address additional design characteristics of this prior art that anticipate and/or render obvious the design claimed in D'677, and without waiving any right to

-64-

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

1  show that the design claimed in D'677 is indefinite, Samsung incorporates by reference all of the

2  prior art and explanatory discussion identified above regarding the D'087.  Samsung also

3  identifies certain of those references, including numbers 1, 4, 6, 17, 18, 19, 25 and 31 as sharing

4  the sole additional characteristic claimed by Apple as part of the D'677 – a black front face.

5  Additionally, numbers 10, 23 and 32 could serve as primary references that would have been

6  obvious to one of ordinary skill in the art to combine with the black surface of numbers 1, 4, 6, 17,

7  18, 19, 25 or 31.

8         Samsung believes that the identified prior art, standing alone, or in combination, would

9  appear to an ordinary observer — giving such attention as a purchaser usually gives — to be

10  substantially the same as the design shown in D'677, rendering that patent invalid as anticipated

11  and/or obvious.

12

**Bates Ranges of Prior Art Produced by Samsung**

13         Samsung also incorporates by reference all prior art that has been produced and/or

14  disclosed by Samsung, including the documents listed in the Bates Ranges below.  These

15  incorporated pieces of prior art further show that the design claimed by the D'677 patent is

16  obvious and anticipated:

17

18  SAMNDCA00019932-20034; SAMNDCA00020120-20303; SAMNDCA00020394-20498;

19  SAMNDCA00020782-20878; SAMNDCA00020900-20906; SAMNDCA00020978-20989;

20  SAMNDCA00021255-21313; SAMNDCA00021315-21336; SAMNDCA00021341-21471;

21  SAMNDCA00021479-21499; SAMNDCA00021505-21588; SAMNDCA00021593-21604;

22  SAMNDCA00021608-21632; SAMNDCA00021634-21805; SAMNDCA00021812-21857;

23  SAMNDCA00022451-22522; SAMNDCA00022732-22763; SAMNDCA00022802-22812;

24  SAMNDCA00022901-22971; SAMNDCA00022984-23064; SAMNDCA00023137-23182;

25  SAMNDCA00023234-23524; SAMNDCA00023542—23584; SAMNDCA00023591-24061;

26  SAMNDCA00024582-24662; SAMNDCA00024749-24752; SAMNDCA00027670-27722;

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

SAMNDCA00198059-198067; SAMNDCA00198070-198096; SAMNDCA00198101-198274;

SAMNDCA00198289-198307; SAMNDCA00198313-198456; SAMNDCA00198754-198846;

SAMNDCA00198884-199046; SAMNDCA00199164-199222; SAMNDCA00199298-199306;

SAMNDCA00199402-199524; SAMNDCA00200425-200472; SAMNDCA00200617-200639;

SAMNDCA00200650-200658; SAMNDCA00200661-200665; SAMNDCA00200670-200676;

SAMNDCA00200686-200714; SAMNDCA00200724-200733; SAMNDCA00200737-200748;

SAMNDCA00200751-200788; SAMNDCA00200793-200806; SAMNDCA00200809-200838;

SAMNDCA00200843-200873; SAMNDCA00201264-201278; SAMNDCA00255026 –

SAMNDCA00256183; SAMNDCA00282113 - SAMNDCA00282120; SAMNDCA00326302 –

SAMNDCA00326557; SAMNDCA00359127-00365840; SAMNDCA00370485-00370527;

SAMNDCA00373535-374040.

**Invalidity Due to Functionality**

Samsung incorporates by reference its functionality response regarding the D'087, and

identifies the following additional functional elements of the D'677 design: In addition to the

overall design of D'677 being non-ornamental, and therefore functional, individual aspects of the

design are also functional and render its scope either invalid or indefinite. For example:

- **Blackness of Surface** – For similar reasons that the display screen mandates a

   transparent covering, it also is obvious that any single color applied to the front

   surface would be a shade of black given that display screens only come in shades of

   black.  In addition, black is a particularly useful color for the surface of a phone.  It

   efficiently hides the wiring and electronic components underlying it; it makes it

   easier to determine if the display of the device is turned on or off; it minimizes the

   appearance of the phone, making it seem smaller and less prominent than a bright

   color would; and it provides a sharply-defined contrast to edge of the screen that

-66-

Case No. 11-cv-01846-LHK

SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF
INTERROGATORIES (11-12)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

helps the content of the display screen stand apart from whatever context the smartphone is in.  The strong contrast also helps increase the saturation of the colors of the display screen, creating a finer impression of the quality of the display screen, and, given the vast consumer preference for black for electronic products well before January 2006, serves a neutral color choice for consumers, which does not send an overt message of flashiness or frivolity.

Samsung also incorporates by reference its Response to Apple's Interrogatory No. 38, regarding functionality of Apple's asserted design patents.

### Invalidity Due to Indefiniteness

Samsung incorporates by reference its indefiniteness response regarding the D'087, and identifies the following additional information regarding the D'677 design: The drawings of the D'677 are subject to varying interpretations by Apple's own named inventors of the D'677.  For example, Apple's named inventors of the D'677 had differing opinions of what was depicted in the drawings of the surface of the D'677.  *Compare* De Iuliis Depo. Tr. 164:18-166:5 (stating that the grid pattern on Figures 1 and 3 of the D'677 indicate a contiguous surface) *with* Kerr Depo. Tr. (noting that the surface is illustrated with the designation for the color black).  Additionally, many of the figures in the D'677 contain dotted lines, which are typically used to show portions of the environment surrounding a design that are not claimed.  Yet, the D'677 patent does not make clear whether the aspects of the design shown in dotted lines are included or excluded from the claimed design.  Indeed, the D'677 patent fails to state anything about the use of broken lines in the patent figures.  Thus, the use of dotted lines in the figures of the D'677 patent is contrary to convention and creates uncertainty as to the scope of the design and whether certain elements are or are not a part of the design, or are intended to be less important aspects of the design, which is prohibited.  *See* MPEP  1503.02.  Because the figures in the D'677 patent are unclear and subject to multiple

-67-

Case No. 11-cv-01846-LHK
SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF
INTERROGATORIES (11-12)

SUBJECT TO PROTECTIVE ORDER
CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

interpretations, even by the very inventors of the design, the D'677 is indefinite.

### Invalidity Due to Double Patenting

Samsung incorporates by reference its double patenting response regarding the D'087.

### Incorporation by Reference of Other Materials

In support of all of its bases for invalidity of Apple's asserted design patents, Samsung also incorporates by reference the deposition testimony of witnesses providing testimony related to Apple's design patents, including Daniele de Iuliis, Rico Zorkendorfer, Matthew Rohrbach, Bartley Andre, Duncan Kerr, Daniel Coster, Eugene Whang, Richard Howarth, Christopher Stringer, Douglas Satzger, Jonathan Ive, Cooper Woodring, Itay Sherman, Erin Wong, Tracy Durkin, Quinn Hoellwarth, Peter Russell-Clarke, Richard Dinh, Phil Hobson, Mark Lee, Fletcher Rothkopf, Steven Zadesky, Christopher Harris, Christopher Hood, Evans Hankey, Richard Lutton, as well as all deposition testimony provided by third parties, and all exhibits used in those depositions. Moreover, because Apple delayed in providing Samsung with identities of all individuals involved in the designs and alleged embodiments at issue, Samsung currently does not have all relevant testimony on this issue.

Samsung further incorporates by reference the file history of the D'677 patent and any continuing application from the D'677 patent including reexaminations and reissue applications and all documents cited during those proceedings; all documents cited on the face of or in the D'677 patent; all related patents and file histories; and all of the documents produced or to be produced by Apple or third parties constituting prior art.

Samsung also incorporates by reference the Declaration of Itay Sherman in Support of Samsung's Opposition to Apple's Motion for a Preliminary Injunction (Dkt. No. 172), and any and all expert reports that have been or may be submitted in this action that support the invalidity

-68-

**SUBJECT TO PROTECTIVE ORDER**
<u>**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**</u>

1  of Apple's asserted design patents.

2

3  *For U.S. Patent No. D622,270*

4  <u>**Invalidity Under 35 U.S.C. § 102 or 103**</u>

5       Samsung identifies the following prior art that anticipates and/or renders obvious the D'270

6  patent either expressly or inherently as understood by a person having ordinary skill in the art at

7  the time of the alleged invention, either alone or in combination with other references identified

8  below.  These references are prior art under at least 35 U.S.C. §§ 102(a), (b), (e), (g) and/or 103.

9

10      Without waiving any right to address additional design characteristics of this prior art that

11  anticipate and/or render obvious the design claimed in D'270, and without waiving any right to

12  show that the design claimed in D'270 is indefinite, Samsung incorporates by reference all of the

13  prior art and explanatory discussion identified above regarding the D'087.

14      Samsung believes that the identified prior art, standing alone, or in combination, would

15  appear to an ordinary observer — giving such attention as a purchaser usually gives — to be

16  substantially the same as the design shown in D'270, rendering that patent invalid as anticipated

17  and/or obvious.

18

19  **Bates Ranges of Prior Art Produced by Samsung**

20      Samsung also incorporates by reference all prior art that has been produced and/or

21  disclosed by Samsung, including the documents listed in the Bates Ranges below.  These

22  incorporated pieces of prior art further show that the design claimed by the D'270 patent is

23  obvious and anticipated:

24

25  SAMNDCA00019932-20034; SAMNDCA00020120-20303; SAMNDCA00020394-20498;

26  SAMNDCA00020782-20878; SAMNDCA00020900-20906; SAMNDCA00020978-20989;

27  SAMNDCA00021255-21313; SAMNDCA00021315-21336; SAMNDCA00021341-21471;

28

SUBJECT TO PROTECTIVE ORDER
CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

SAMNDCA00021479-21499; SAMNDCA00021505-21588; SAMNDCA00021593-21604;

SAMNDCA00021608-21632; SAMNDCA00021634-21805; SAMNDCA00021812-21857;

SAMNDCA00022451-22522; SAMNDCA00022732-22763; SAMNDCA00022802-22812;

SAMNDCA00022901-22971; SAMNDCA00022984-23064; SAMNDCA00023137-23182;

SAMNDCA00023234-23524; SAMNDCA00023542—23584; SAMNDCA00023591-24061;

SAMNDCA00024582-24662; SAMNDCA00024749-24752; SAMNDCA00027670-27722;

SAMNDCA00198059-198067; SAMNDCA00198070-198096; SAMNDCA00198101-198274;

SAMNDCA00198289-198307; SAMNDCA00198313-198456; SAMNDCA00198754-198846;

SAMNDCA00198884-199046; SAMNDCA00199164-199222; SAMNDCA00199298-199306;

SAMNDCA00199402-199524; SAMNDCA00200425-200472; SAMNDCA00200617-200639;

SAMNDCA00200650-200658; SAMNDCA00200661-200665; SAMNDCA00200670-200676;

SAMNDCA00200686-200714; SAMNDCA00200724-200733; SAMNDCA00200737-200748;

SAMNDCA00200751-200788; SAMNDCA00200793-200806; SAMNDCA00200809-200838;

SAMNDCA00200843-200873; SAMNDCA00201264-201278; SAMNDCA00255026 –

SAMNDCA00256183; SAMNDCA00282113 - SAMNDCA00282120; SAMNDCA00326302 –

SAMNDCA00326557; SAMNDCA00359127-00365840; SAMNDCA00370485-00370527;

SAMNDCA00373535-374040.


**Invalidity Due to Functionality**

Samsung incorporates by reference its functionality response regarding the D'087.

Samsung also incorporates by reference its Response to Apple's Interrogatory No. 38, regarding

functionality of Apple's asserted design patents.

**Invalidity Due to Indefiniteness**

Samsung incorporates by reference its indefiniteness response regarding the D'087, and

**SUBJECT TO PROTECTIVE ORDER**
<u>**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**</u>

1   identifies the following additional information regarding the D'270 design: The drawings of the

2   D'270 are subject to varying interpretations by Apple's own named inventors of the D'270.  For

3   example, certain of Apple's named inventors of the D'270 testified that a certain portion of Figure

4   5 of the D'270 was the bezel, while others stated that they did not know what was depicted.

5   *Compare, e.g.,* De Iuliis Depo. Tr. 175:23-176:12 and November 4, 2011 Deposition of

6   Christopher Stringer Tr. 114:23-117:5 (identifying the bezel) *with* Kerr Depo Tr. 41:16-44:14 and

7

8   October 24, 2011 Deposition of Matthew Rohrbach Tr. 139:4-140:8 (stating that they do not know

9   or cannot interpret whether the object shown is a bezel).  Further, the use of dotted lines within the

10  figures of the D'270 patent is contrary to convention and creates uncertainty as to the scope of the

11  design and whether certain elements are or are not a part of the design, or are intended to be less

12  important aspects of the design, which is prohibited.  *See* MPEP  1503.02.  Because the figures in

13  the D'270 patent are unclear and subject to multiple interpretations by the very inventors of the

14  design, the D'270 is indefinite.

15

16              **Invalidity Due to Double Patenting**

17          Samsung incorporates by reference its double patenting response regarding the D'087 and

18  adds the following additional information regarding the D'270 design: For example, the D'270,

19  D602,486, D602,014, D624,536, D622,718, D604,297, D613,735, D622,719 and D633,091,

20  among other Apple design patents, all appear to be substantially the same design.

21

22          **Incorporation by Reference of Other Materials**

23          In support of all of its bases for invalidity of Apple's asserted design patents, Samsung also

24  incorporates by reference the deposition testimony of witnesses providing testimony related to

25  Apple's design patents, including Daniele de Iuliis, Rico Zorkendorfer, Matthew Rohrbach,

26  Bartley Andre, Duncan Kerr, Daniel Coster, Eugene Whang, Richard Howarth, Christopher

27  Stringer, Douglas Satzger, Jonathan Ive, Cooper Woodring, Itay Sherman, Erin Wong, Tracy

28

SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF
INTERROGATORIES (11-12)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Durkin, Quinn Hoellwarth, Peter Russell-Clarke, Richard Dinh, Phil Hobson, Mark Lee, Fletcher Rothkopf, Steven Zadesky, Christopher Harris, Christopher Hood, Evans Hankey, Richard Lutton, as well as all deposition testimony provided by third parties, and all exhibits used in those depositions.  Moreover, because Apple delayed in providing Samsung with identities of all individuals involved in the designs and alleged embodiments at issue, Samsung currently does not have all relevant testimony on this issue.

Samsung further incorporates by reference the file history of the D'270 patent and any continuing application from the D'270 patent including reexaminations and reissue applications and all documents cited during those proceedings; all documents cited on the face of or in the D'270 patent; all related patents and file histories; and all of the documents produced or to be produced by Apple or third parties constituting prior art.

Samsung also incorporates by reference the Declaration of Itay Sherman in Support of Samsung's Opposition to Apple's Motion for a Preliminary Injunction (Dkt. No. 172), and any and all expert reports that have been or may be submitted in this action that support the invalidity of Apple's asserted design patents.

***For U.S. Patent No. D504,889***

Samsung identifies the following prior art that anticipates and/or renders obvious the D'889 patent either expressly or inherently as understood by a person having ordinary skill in the art at the time of the alleged invention, either alone or in combination with other references identified below.  These references are prior art under at least 35 U.S.C. §§ 102(a), (b), (e), (g) and/or 103.

Without waiving any right to address additional design characteristics of this prior art that anticipate and/or render obvious the design claimed in D'889, and without waiving any right to

**SUBJECT TO PROTECTIVE ORDER**
<u>**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**</u>

show that the design claimed in D'889 is indefinite, the prior art shown below shares at least the

design characteristics identified below with those that Apple has claimed in D'889:

| <u>**Prior Art Design Elements**</u> | <u>**Disclosure Rendering the Claim Unpatentable**</u> |
|---|---|
| • Rounded Corners<br>• Lack of Significant Ornamentation<br>• Rectangular Shape<br>• Flat Clear Surface<br>• Reflective or Transparent Surface<br>• Display Screen Covering Substantial Portion of Front Face<br>• Display Screen in Center of Device<br>• Thin form factor<br>• Substantially flat black<br>• Border around display | **1. 1981 Fidler Tablet**  (1981 – Exhibit B to Declaration of Roger Fidler in Support of Samsung's Opposition to Apple's Motion for Preliminary Injunction)<br><br> |

SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF
INTERROGATORIES (11-12)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

- Rounded Corners
- Lack of Significant Ornamentation
- Rectangular Shape
- Flat Clear Surface
- Display Screen Covering Substantial Portion of Front Face
- Display Screen in Center of Device
- Thin form factor
- Substantially flat back panel that rounds up near the edges
- Border around display

**2. 1994 Knight-Ridder Tablet** (1994 – Exhibit I to the Declaration of Roger Fidler in Support of Samsung's Opposition to Apple's Motion for Preliminary Injunction; FIDLER00000030)





**SUBJECT TO PROTECTIVE ORDER**
<u>**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**</u>

3.      **1995 Fidler Tablet**  (1995)

- Rounded Corners
- Lack of Significant Ornamentation
- Rectangular Shape
- Flat Clear Surface
- Reflective or Transparent Surface
- Display Screen Covering Substantial portion of Front Face
- Display Screen in Center of Device
- Thin form factor
- Substantially flat back panel that rounds up near the edges to form the thin rim
- Border around display



-75-

SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF
INTERROGATORIES (11-12)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

| | |
|---|---|
| • Rounded Corners<br>• Lack of Significant Ornamentation<br>• Rectangular Shape<br>• Flat Clear Surface<br>• Reflective or Transparent Surface<br>• Display Screen Covering Substantial Portion of Front Face<br>• Display Screen in Center of Device<br>• Thin form factor<br>• Substantially flat back panel that rounds up near the edges | **4.    1997 Fidler Tablet** (1997)<br> |

02198.51855/4660268.2

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- Rounded Corners
- Lack of Significant Ornamentation
- Rectangular Shape
- Flat Continuous Surface
- Display Screen Covering Substantial Portion of Front Face
- Thin form factor
- Back panel that rounds up near the edges
- Thin rim surrounding the front surface

5. **EU RCD 48061-0001 (Bloomberg Tablet)** (Filed June 24, 2003; Publication Date: August 19, 2003; SAMNDCA00019932-19933)



-77-
SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF INTERROGATORIES (11-12)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

| | |
|---|---|
| • Rounded Corners<br>• Lack of Significant Ornamentation<br>• Rectangular Shape<br>• Flat Continuous Surface<br>• Thin form factor<br>• Substantially flat back panel that rounds up near the edges<br>• Thin rim surrounding the front surface | **6.**   **JP D1178470** (Registration Date: May 16, 2003; Publications Date: July 7, 2003; SAMNDCA00027686-00027690) |

-78-

Case No. 11-cv-01846-LHK
SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF
INTERROGATORIES (11-12)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

| 1 | • Rounded Corners |
|---|---|
| 2 | • Lack of Significant Ornamentation |
| 3 | • Rectangular Shape |
| 4 | • Flat Continuous Surface |
| 5 | • Reflective or Transparent Surface |
| 6 | • Display Screen Covering Substantial Portion of Front Face |
| 7 | • Display Screen in Center of Device |
| 8 | • Thin form factor |
| 9 | • Substantially flat back panel that rounds up near the edges |
| 10 | • Border around display |

7.   **Japanese Design Patent JP-S-887388** — (Issued Dec. 21, 1993; SAMNDCA00255215—SAMNDCA00255221)

SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF INTERROGATORIES (11-12)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |

- Lack of Significant Ornamentation
- Rectangular Shape
- Flat Continuous Surface
- Display Screen Covering Substantial Portion of Front Face
- Display Screen in Center of Device
- Border around display
- Thin form factor Substantially flat back panel

**8.      JPD921403** (Filing Date: November 24, 1992; Issue Date: March 9, 1995; SAMNDCA00255222-00255228)



正 面 図

平 面 図

-80-

Case No. 11-cv-01846-LHK

SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF INTERROGATORIES (11-12)

SUBJECT TO PROTECTIVE ORDER
CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

- Rounded Corners
- Lack of Significant Ornamentation
- Rectangular Shape
- Flat Continuous Surface
- Display Screen Covering Substantial Portion of Front Face
- Display Screen in Center of DeviceThin form factor
- Substantially flat back panel

9.    **U.S. Design Patent No. 337,569** (Filing Date: August 30, 1992; Issue Date: July 20, 1993; SAMNDCA00023644-00023646)

SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF
INTERROGATORIES (11-12)

SUBJECT TO PROTECTIVE ORDER
<u>CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION</u>

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- Rounded Corners
- Lack of Significant Ornamentation
- Rectangular Shape
- Flat Continuous Surface
- Reflective or Transparent Surface
- Display Screen Covering Substantial Portion of Front Face
- Display Screen in Center of Device
- Thin form factor
- Substantially flat back panel
- Thin rim surrounding the front surface

10.     **United States Design Patent D497,364** — (Filed Nov. 27, 2002, Issued Oct. 19, 2004; SAMNDCA00326308 - SAMNDCA00326314)

FIG. 1



FIG. 2



02198.51855/4660268.2

-82-                                    Case No. 11-cv-01846-LHK
SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF
INTERROGATORIES (11-12)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- Rounded Corners
- Lack of Significant Ornamentation
- Rectangular Shape
- Flat Continuous Surface
- Reflective or Transparent Surface
- Display Screen Covering Substantial Portion of Front Face
- Thin form factor
- Substantially flat back panel
- Thin rim surrounding the front surface

**11.    United States Design Patent D500,037** — (Filed September 3, 2002, Issued December 21, 2004; SAMNDCA00027716 -0027722)



FIG. 2



-84-

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

| | |
|---|---|
| • Rounded Corners<br>• Lack of Significant Ornamentation<br>• Clear Flat Surface<br>• Rectangular Shape<br>• Display Screen Covering Substantial Portion of Front Face<br>• Display Screen in Center of Device<br>• Thin form factor<br>• Substantially flat back panel that rounds up near the edges<br>• Thin rim surrounding the front surface<br>• Border around display | **12.** **Japanese Design Patent JP-S-1142127** — (Issued May 27, 2002; SAMNDCA00255229—SAMNDCA00255246)<br><br> |

-85-

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

| | |
|---|---|
| 1 | • Rounded Corners |
| 2 | • Lack of Significant Ornamentation |
| 3 | • Rectangular Shape |
| 4 | • Flat Continuous Surface |
| 5 | • Display Screen Covering Substantial Portion of Front Face |
| 6 | • Display Screen in Center of Device |
| 7 | • Thin form factor |
| 8 | • Substantially flat back panel |
| 9 | • Thin rim surrounding the front surface |
| 10 | • Border around display |
| 11 | • Reflective or Transparent Surface |

13.   **U.S. Patent No. 6,919,678** — (Filed November 20, 2002; Issued July 19, 2005; SAMNDCA00354855— SAMNDCA00354872)

Case No. 11-cv-01846-LHK
SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF INTERROGATORIES (11-12)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

| | |
|---|---|
| • Lack of Significant Ornamentation | **14.    The Tablet** — (Publicly disclosed in 1988; SAMNDCA00370485—SAMNDCA00370527) |

- Lack of Significant Ornamentation
- Rectangular Shape
- Flat Continuous Surface
- Reflective or Transparent Surface
- Display Screen Covering Substantial Portion of Front Face
- Display Screen in Center of Device
- Thin form factor
- Substantially flat back panel
- Border around display





**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

| | |
|---|---|
| • Rounded Corners<br>• Lack of Significant Ornamentation<br>• Rectangular Shape<br>• Flat Continuous Surface<br>• Reflective or Transparent Surface<br>• Display Screen Covering Substantial Portion of Front Face<br>• Display Screen in Center of Device<br>• Thin form factor<br>• Substantially flat back panel<br>• Border around display | **15.** **The Brain Box Display** — (Created in 1989; Shown in *Appledesign: The Work of the Apple Industrial Design Group*, Paul Kunkel (1997); SAMNDCA00354743—SAMNDCA00354746)<br><br> |
| • Rounded Corners<br>• Lack of Significant Ornamentation<br>• Rectangular Shape<br>• Flat Continuous Surface<br>• Reflective or Transparent Surface<br>• Display Screen Covering Substantial Portion of Front Face<br>• Display Screen in Center of Device<br>• Thin form factor<br>• Substantially flat back panel<br>• Thin rim surrounding the front surface | **16.** **KR 30-0304213** — (Application Date: June 29, 2001; Publication Date: August 16, 2002); SAMNDCA00021593—SAMNDCA00021596) |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



SUBJECT TO PROTECTIVE ORDER
CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

1
2
3
4
5
6
7
8
9
10
11
12
13

- Rounded Corners
- Lack of Significant Ornamentation
- Rectangular Shape
- Flat Continuous Surface
- Reflective or Transparent Surface
- Display Screen Covering Substantial Portion of Front Face
- Thin form factor
- Thin rim surrounding the front surface

**17.    German Registered Design 40301867-0001** — (Publication Date: September 10, 2003); SAMNDCA00020402—SAMNDCA00020404)



14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- Rounded Corners
- Lack of Significant Ornamentation
- Rectangular Shape
- Flat Continuous Surface
- Reflective or Transparent Surface
- Display Screen Covering Substantial Portion of Front Face
- Display Screen in Center of Device
- Thin form factor
- Substantially flat back panel that rounds up near the edges to form the thin rim around the front surface
- Thin rim surrounding the front surface
- Border around display

**18.    U.S. Design Patent No. D461,802** — (Filed: August 29, 2001; Issued: August 20, 2002); SAMNDCA00023750—SAMNDCA00023757)



SUBJECT TO PROTECTIVE ORDER
CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

| | | |
|---|---|---|
| • Rounded Corners<br>• Lack of Significant Ornamentation<br>• Rectangular Shape<br>• Flat Continuous Surface<br>• Display Screen Covering Substantial Portion of Front Face<br>• Display Screen in Center of Device<br>• Thin form factor<br>• Substantially flat back panel that rounds up near the edges<br>• Thin rim surrounding the front surface<br>• Border around display<br>• Reflective or Transparent Surface | **19.** | **HP Compaq TC 1000** (Filed: August 29, 2001; Issued: August 20, 2002); SAMNDCA00023750— SAMNDCA00023757)<br><br> |
| • Rounded Corners<br>• Lack of Significant Ornamentation<br>• Rectangular Shape<br>• Flat Continuous Surface<br>• Reflective or Transparent Surface<br>• Display Screen Covering Substantial Portion of Front Face<br>• Display Screen in Center of Device<br>• Thin form factor<br>• Border around display | **20.** | **Plastic Logic Tablet** (2006)<br> |

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

1    Samsung believes that the identified prior art, standing alone, or in combination, would

2    appear to an ordinary observer — giving such attention as a purchaser usually gives — to be

3    substantially the same as the design shown in D'889, rendering that patent invalid as anticipated

4    and/or obvious.

5    Without waiving any right to address additional design characteristics of this prior art that

6    anticipate and/or render obvious the design claimed in D'889, at least the prior art references

7    numbered 1-4, 7-8, 12-13 and 15 in the chart above anticipate the D'889.  Furthermore, any of

8    these references could serve as primary references that would have been obvious to one of

9    ordinary skill in the art to combine with the flat, continuous or reflective surface shown in

10   numbers 5, 9, 10, 11, and 17.  Additionally, numbers 14, 18 and 19 could likewise serve as

11   primary references that would have been obvious to one of ordinary skill in the art to combine

12   with the thin form factor, flat continuous or reflective surface and/or rounded corners of numbers

13   1-5, 7-15 and 17-19.

14   **Bates Ranges of Prior Art Produced by Samsung**

15   Samsung also incorporates by reference all prior art that has been produced and/or disclosed by

16   Samsung, including the documents listed in the Bates Ranges below.  These incorporated pieces of

17   prior art further show that the design claimed by the D'889 patent is obvious and anticipated:

18

19    SAMNDCA00019932-19943; SAMNDCA00020120-20247; SAMNDCA00020394-20498;

20   SAMNDCA00020903-20906; SAMNDCA00020978-20989; SAMNDCA00021281-21313;

21   SAMNDCA00021330-21336; SAMNDCA00021341-21436; SAMNDCA00021479-21485;

22   SAMNDCA00021505-21588; SAMNDCA00021593-21596; SAMNDCA00021800-21805;

23   SAMNDCA00022451-22506; SAMNDCA00022514-22520; SAMNDCA00022732-22763;

24   SAMNDCA00022802-22812; SAMNDCA00022901-22910; SAMNDCA00022984-23047;

25   SAMNDCA00023234-23265; SAMNDCA00023520-23524; SAMNDCA00023591-23801;

26   SAMNDCA00024582-24629; SAMNDCA00027686-27690; SAMNDCA00027692-27708;

27

28

SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF
INTERROGATORIES (11-12)

SAMNDCA00198059; SAMNDCA00198070-198076; SAMNDCA00198089-198096;

SAMNDCA00198109-198115; SAMNDCA00198134-198142; SAMNDCA00198245-198267;

SAMNDCA00198285-198289; SAMNDCA00198317-198318; SAMNDCA00198322;

SAMNDCA00198333-198336; SAMNDCA00198343-198344; SAMNDCA00198754-198808;

SAMNDCA00198884-198918; SAMNDCA00199164-199189; SAMNDCA00199204-199209;

SAMNDCA00199402-199411; SAMNDCA00199415-199419; SAMNDCA00199426-199432;

SAMNDCA00199439-199441; SAMNDCA00199445-199447; SAMNDCA00199454-199524;

SAMNDCA00200617-200639; SAMNDCA00200650-200658; SAMNDCA00200661-200665;

SAMNDCA00200670-200676; SAMNDCA00200686-200714; SAMNDCA00200724-200733;

SAMNDCA00200737-200740; SAMNDCA00201264-201271; SAMNDCA00255026-00256183;

SAMNDCA00282113-00282120; SAMNDCA00326302-00326557; SAMNDCA00359127-

00365840; SAMNDCA00370485-00370527; SAMNDCA00373535-374040.

**Invalidity Due to Functionality**

The asserted claim of the D'889 patent is also invalid because it is functional and not

ornamental.  *See Lee v. Dayton-Hudson Corp.*, 838 F.2d 1186, 1188 (Fed. Cir. 1988).  Indeed, the

D'889 patent contains no ornamentation whatsoever, and therefore has nothing to protect.  In

addition to the overall design of D'889 being non-ornamental, and therefore functional, individual

aspects of the design are also functional and render its scope either invalid or indefinite. For

example:

- **Rectangular Shape** – Virtually any device used to view media—newspapers,
  movies, magazines, or television—has a rectangular shape.  This is natural given
  that the device for viewing media is essentially merely a frame for the content of
  the media.  Thus, the dominant trend for televisions, computer monitors, and

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

electronic readers has long been toward a rectangular shape with a reduced frame, well before the claimed invention of the Apple design patents.  As Mr. Woodring testified in his deposition, rectangular screens are commonplace and not proprietary to anyone.  Woodring Dep. Tr. at 28:1-21.

- **Rounded Corners** — Rounded corners are functional because they ensure comfort, safety, and ease of use.  Pointed or sharp corners are uncomfortable to hold in one's hands or rest anywhere on the body.  Further, they may scratch or puncture the skin of the user, specifically in cases where the device falls.  Pointed or sharp corners also may also snag or tear clothing or the material inside a briefcase, backpack, purse, or other carrying case.  Rounded corners minimize all of these hazards.  Rounded corner also make the device more durable.  Pointed or sharp corners on designs are mechanical weak points and they may bend, snag, or break with the application of relatively little force.  Rounded corners, on the other hand, are more robust and less likely to break.  Rounded corners are easier and more reliable to manufacture – specifically, for plastic molds, creating clean and esthetic corners is difficult.  Having changes in the thickness of plastic created in molds tends to leave marks on the surface; therefore it is better to have a uniform thickness.

- **Flat Surface** — Because commercial display screens are flat, devices in which the functionality of the display screen has primary importance, the front surface of the device will be mostly flat.  The use of display touch technology allows for removal of physical keys from the device's front face.  This helps keep the tablet surface clean and minimizes the chances of dust or water encroachment, which could harm the tablet.  Having a smooth, continuous surface maximizes the significance of the

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

display screen—which is the primary reason for being of the tablet computer.  With

no unnecessary ornamentation, no tactile buttons, and no contrasting surface

materials, nothing distracts from the user's interaction with the display screen.

Having a flat, rather than embedded, screen design for a tablet device also makes it

easier to keep the device clean, since a flat surface does not accumulate dirt and

other debris along the edges of the screen border like an embedded screen does.

- **Clear Surface Without Ornamentation** — If a single continuous flat front

  surface is used on a tablet computer, having that surface be clear best allows

  unimpeded viewing of the display screen.  The lack of ornamentation that Apple

  claims as part of its "ornamental design" is, by definition, not ornamental.  Also,

  given the functional purpose of the display screen, adding ornamentation around

  (or on top of) the display screen would distract from the display screen, thus

  detracting from the quality of the device's functionality.  The border around the

  screen shown in the D'889 is also functional.  The display screen includes active

  components and wiring and a controller is required to activate the display.  These

  wires force the actual size of the display glass to be slightly larger than the active

  viewable area. The controller for the display may be either located on the glass

  substrate of the display (COG- Chip on Glass) or on a flexible cable extending

  from the display (COF – chip on flex).  The space of the borders above or below

  the display screen accommodates the controller wiring.

- **Rim around front surface** — Having a rim around a clear surface to hold it into

  place is the most obvious design choice for a mobile electronic device.

  Theoretically, the clear surface could be glued from underneath or clamped into

  place by braces that do not surround the entire edge.  However, leaving any part of

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

glass edges exposed would expose the front surface to cracking or scratching.
Consider what would happen if, for example, the exposed edge of the surface hit
the side of a table.  For the same reason that watches have bezels, having a rim
surrounding the surface of the tablet is a highly functional choice.  Standard
displays are made of a relatively fragile material that needs to be protected.  To be a
viable commercial product, a tablet needs to tolerate, to some extent, drops and
casual bumps.  Maintaining a border between the display and the exterior surface of
the device functions to protect the display by absorbing the energy of such impacts
directly. Together, these functions and physical limitations work to force the
inclusion of a border between the active area of the display and the edge of the
front surface in all four directions.

- **Thinness of Design** – The relative thinness of the tablet's depth is functional.
  Being thin facilitates the mobility and portability of the tablet.  The trend in
  electronics for the past decade has been to make products thin while still being
  resilient and usable.   Samsung also hereby incorporates by reference its Response
  to Apple's Interrogatory No. 38, regarding functionality of Apple's asserted design
  patents.

### Invalidity Due to Indefiniteness

Samsung incorporates by reference its indefiniteness  response regarding the D'087, and
identifies the following additional information: The drawings of the D'889 are subject to varying
interpretations by Apple's own named inventors of the D'889.  For example, certain of the named
inventors of the D'889 patent testified that Figure 1 of the D'889 showed a gap or groove near the
edge of the device, while other inventors testified that there was not a gap, and others stated that
they could not tell whether there was a gap. (*Compare, e.g.,* October 21, 2011 Deposition of

SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF
INTERROGATORIES (11-12)