# EXHIBIT 14
# FILED UNDER SEAL

**quinn emanuel** trial lawyers | silicon valley

555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065-2139 | TEL: (650) 801-5000 FAX: (650) 801-5100

WRITER'S DIRECT DIAL NO.
(213) 443-3180

November 1, 2011

WRITER'S INTERNET ADDRESS
michaelzeller@quinnemanuel.com

<u>VIA E-MAIL</u>

Jason Bartlett
Morrison & Foerster LLP
425 Market St.
San Francisco, CA 94105-2482

Re:    *Apple v. Samsung Electronics, et al.*, No. 5:11-cv-01846-LHK (N.D. Cal.)

Dear Jason:

As you are aware, we have noted repeatedly the deficient nature of Apple's productions relating to its design patent inventors. The depositions of Apple's designers have only served to highlight the extent of Apple's production deficiencies.

*Design Sketchbooks*

As mentioned previously, Apple's production of design sketchbooks has been, and continues to be, disorganized and incomplete. For example, Peter Russell-Clarke testified in his deposition that he expected there would be more than just 4 pages of sketches related to iPhone, iPod, and iPad designs spanning at least five and a half years of product generations. (Oct. 20, 2011 Deposition of Peter Russell-Clarke, Tr. 61:6-62:5.) Mr. Russell-Clarke also testified that he personally has dozens of large sketchbooks that span his entire time as a designer in his locker at Apple's facility. (*Id*. at 51:13-52:16.) Indeed, several of Apple's designers have acknowledged using one or more sketchbooks per year from the time that they started working at Apple. (October 21, 2011 Deposition of Daniele de Iuliis, Tr. 16:7-12; October 24, 2011 Deposition of Matthew Rohrbach, Tr. 36:17-38:16; October 27, 2011 Deposition of Daniel Coster, Tr. 53:7-57.) Yet, to this date, Apple has produced only a relatively small amount of incomplete portions of these and other designers' sketchbooks.

quinn emanuel urquhart & sullivan, llp

LOS ANGELES | 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois 60661-2510 | TEL (312) 705-7400 FAX (312) 705-7401
WASHINGTON, DC | 1101 Pennsylvania Avenue NW, 6th Floor, Washington, District of Columbia 20004-2544 | TEL (202) 756-1950 FAX (202) 756-1951
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44(0) 20 7653 2000 FAX +44(0) 20 7653 2100
TOKYO | NBF Hibiya Bldg., 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 3 5510 1711 FAX +81 3 5510 1712

Jason Bartlett
November 1, 2011
Page 2

Comments made during depositions of Apple's designers add to Samsung's concerns about the completeness of the produced sketchbook portions.  For example, Richard Howarth testified that he only searched for and turned over sketchbooks related to the iPhone, and that he did not look for any tablet-related sketches.  (October 31, 2011 Deposition of Richard Howarth, Tr. 36:16-38:4.)  Because tablet-related sketches are clearly relevant to the claims in this case, including those related to the '889 design patent, Samsung has serious concerns regarding the adequacy of Apple's production of design sketchbooks.

Moreover, Apple has failed to provide custodian information or other identifying information for most, if not all, of the design sketchbooks.  This lack of identifying information has not only forced Samsung to speculate as to which sketches belong to which designers, but, even worse, has caused confusion and wasted valuable deposition time.  As one example, Mr. Howarth acknowledged that certain sketchbook portions bearing the name "Dicky" on the cover page were his, but then denied that other sketches on pages that came right before and/or after pages with the name "Dicky" written on it were his.  (Howarth Deposition, Tr., 29-224; 225:2-228:1 (discussing certain documents between APLNDC0000036618 and APLNDC0000038155).)

Samsung therefore requests that Apple confirm that it will search for and produce all remaining relevant sketchbook portions for the Apple designers, including those stored in their lockers at Apple, and that Apple will provide identifying information for the sketchbooks it has gathered and produced.  Samsung also requests that Apple produce or make available for inspection and copying the entire sketchbook or sketchbooks containing the documents bearing production numbers APLNDC0000036618-38155 so that certain essential information, including the identity of the owner of the sketchbook, the time period during which the sketches were created, and other pages associated with the sketches on these pages can be ascertained.

"Phillips Receiver" Testing Reports

In his deposition, Mr. Howarth was questioned regarding a document (APLNDC0001205801) that references "Phillips receiver design / testing" in connection with the "M68" project.  Mr. Howarth confirmed that this document appeared to relate to a "component from Phillips" that Apple was using for testing in connection with the development of the first iPhone.  (Howarth Dep., Tr. 230:18-231:17.)  Samsung requests that Apple produce all documents and reports related to this testing or, if already produced, that Apple identify such documents by production number.

1989 "Brain Box"

Finally, it has come to Samsung's attention that Apple may have in its possession additional potential prior art relating to the '889 design patent in the form of a product or protoype referred to as the "Brain Box" – a flat panel display and keyboard designed in 1989 by Apple designers, including Gavin Ivester, Tony Guido and Sigmar Wilnauer.  Samsung requests that Apple produce or make available for inspection all documents and things, including all models and

Jason Bartlett
November 1, 2011
Page 3

prototypes, related to the Brain Box.  These materials are responsive to (at least) Samsung's Request for Production No. 98.

In light of these and other production deficiencies, Samsung reserves the right to pursue motion practice and to re-call all deponents impacted by Apple's production failures for an additional day of deposition.

Sincerely,

*/s/ Michael T. Zeller*

Michael T. Zeller