# EXHIBIT 22
# FILED UNDER SEAL

1 | QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
2 | charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
3 | San Francisco, California 94111
Telephone: (415) 875-6600
4 | Facsimile: (415) 875-6700

5 | Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
6 | Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
7 | 555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065-2139
8 | Telephone: (650) 801-5000
Facsimile: (650) 801-5100

9 |
Michael T. Zeller (Bar No. 196417)
10 | michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
11 | Los Angeles, California 90017
Telephone: (213) 443-3000
12 | Facsimile: (213) 443-3100

13 | Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA,
14 | INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

15 |                         UNITED STATES DISTRICT COURT

16 |
17 |               NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

18 |

| | |
|---|---|
| 19  APPLE INC., a California corporation, | CASE NO. 11-cv-01846-LHK |
| 20             Plaintiff, | **SAMSUNG'S SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO** |
| 21       vs. | **APPLE INC.'S FIFTH SET OF INTERROGATORIES  (No. 12)** |
| 22  SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG | |
| 23  ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG | **HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY** |
| 24  TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | **UNDER THE PROTECTIVE ORDER** |
| 25             Defendant. | |

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

F.3d 1361, 1366 (Fed. Cir. 2006) (noting that courts should consider "whether there are any concomitant utility patents" when ruling on invalidity due to functionality); *see also Power Controls Corp. v. Hybrinetics, Inc.*, 806 F.2d 234, 238-240 (Fed. Cir. 1986).

Samsung also incorporates by reference its Response to Apple's Interrogatory No. 38, regarding functionality of Apple's asserted design patents.

### III.  Invalidity Due to Indefiniteness

The asserted claims of the D'790, D'305, and D'334 patents are also invalid under paragraph 2 of Section 112 of Title 35 of the United States Code because the claims are indefinite in that the drawings and pictures depicting the design do not enable a person skilled in the art to make the design.

For example, the patents are not limited to scale.  A designer skilled in the art would not know from the designs how to scale the elements in the design.  For example, if the designer were to enlarge the screen, it is unclear whether the icons would also need to be enlarged proportionately, or if the icons should remain the same size so that new rows or columns of icons could be added.  If new squares or icons were to be added, the patent does not indicate what those squares or icons should depict, if anything.

Further, the use of broken or dashed lines within the figures of the D'790, D'305, and D'334 patents is confusing and contrary to convention and creates uncertainty as to the scope of the design and whether certain elements are or are not a part of the design, or are intended to be less important aspects of the design, which is prohibited.  *See* MPEP  1503.02.  The description of the broken lines in the Description section is also unhelpful in overcoming the uncertainty and indefiniteness inherent in the designs of the D'790, D'305, and D'334 patents.

### IV.  Invalidity Due to Double Patenting

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

The asserted claims of the D'305 and D'334 patent are also invalid under the doctrine of double patenting because they are substantially the same design. D'790, D'305, and D'334 also appear to be very similar designs to several of Apple's non-asserted design patents: D597,101 and D644,239.

### IV. Invalidity of D'334 Under 35 USC 102(b)

The D'334 patent is invalid under 35 U.S.C. 102(b) because the design was in public use or on sale in the United States more than a year before the date the D'334 patent application was filed. The original iPhone practiced the D'334 patent and was either in public use, on sale, or both more than one year prior to July 15, 2008, the date the D'334 patent application was filed.

### IV. Incorporation by Reference of Other Materials

In support of all of its bases for invalidity of Apple's asserted graphical user interface design patents, Samsung also incorporates by reference the deposition testimony of all Apple witnesses providing testimony related to these design patents, including but not limited to Imran Chaudhri, Freddy Anzures, Scott Forstall, Steve Lemay, and Evans Hankey, as well as all deposition testimony provided by third parties, and all exhibits used in those depositions. Samsung also incorporates by reference all testimony provided by Samsung witnesses. Moreover, because Apple delayed in providing Samsung with identities of all individuals involved in the designs and alleged embodiments at issue, Samsung currently does not have all relevant testimony on these issues.

Samsung further incorporates by reference the file histories of the D'790, D'305, and D'334 patents, including any documents cited in those file histories, and any continuing applications from the D'790, D'305, and D'334 patents including reexaminations and reissue applications and all documents cited during those proceedings; all documents cited on the face of or in the D'790,

02198.51855/4670555.3

-288-

Case No. 11-cv-01846-LHK
SAMSUNG'S SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF INTERROGATORIES (No. 12)

SUBJECT TO PROTECTIVE ORDER
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

D'305, and D'334 patents; all related patents and file histories; and all of the documents produced or to be produced by Apple or third parties constituting prior art.

Samsung also incorporates by reference the Declaration of Itay Sherman in Support of Samsung's Opposition to Apple's Motion for a Preliminary Injunction (Dkt. No. 172), and any and all expert reports that have been or may be submitted in this action that support the invalidity of Apple's asserted design patents.

Samsung's investigation is ongoing and Samsung will supplement this interrogatory after a reasonable investigation and further discovery from Apple on the basis for its infringement and validity positions.

DATED: March 29, 2012                    Respectfully submitted,

                                         QUINN EMANUEL URQUHART &
                                         SULLIVAN, LLP


                                         By  /s/ Victoria F. Maroulis
                                            Charles K. Verhoeven
                                            Kevin P.B. Johnson
                                            Victoria F. Maroulis
                                            Michael T. Zeller
                                            Attorneys for SAMSUNG ELECTRONICS CO.,
                                            LTD., SAMSUNG ELECTRONICS AMERICA,
                                            INC. and SAMSUNG
                                            TELECOMMUNICATIONS AMERICA, LLC

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

### CERTIFICATE OF SERVICE

I hereby certify that on March 29, 2012, I caused **SAMSUNG'S SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE INC.'S FIFTH SET OF INTERROGATORIES (No. 12)** to be electronically served on the following via email:

**ATTORNEYS FOR APPLE INC.**

| | |
|---|---|
| AppleMoFo@mofo.com<br>WHAppleSamsungNDCalService@wilmerhale.com<br><br>HAROLD J. MCELHINNY<br>hmcelhinny@mofo.com<br>MICHAEL A. JACOBS<br>mjacobs@mofo.com<br>JENNIFER LEE TAYLOR<br>jtaylor@mofo.com<br>ALISON M. TUCHER<br>atucher@mofo.com<br>RICHARD S.J. HUNG<br>rhung@mofo.com<br>JASON R. BARTLETT<br>jasonbartlett@mofo.com<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, California 94105-2482<br>Telephone: (415) 268-7000<br>Facsimile: (415) 268-7522 | WILLIAM F. LEE<br>william.lee@wilmerhale.com<br>WILMER CUTLER PICKERING HALE<br>AND DORR LLP<br>60 State Street<br>Boston, Massachusetts 02109<br>Telephone: (617) 526-6000<br>Facsimile: (617) 526-5000<br><br>MARK D. SELWYN<br>mark.selwyn@wilmerhale.com<br>WILMER CUTLER PICKERING HALE<br>AND DORR LLP<br>950 Page Mill Road<br>Palo Alto, California 94304<br>Telephone: (650) 858-6000<br>Facsimile: (650) 858-6100 |

I declare under penalty of perjury that the foregoing is true and correct. Executed in Redwood Shores, California on March 29, 2012.

     _/s/ Brett Arnold_

02198.51855/4670555.3

-290-   Case No. 11-cv-01846-LHK
SAMSUNG'S SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF INTERROGATORIES (No. 12)