# EXHIBIT 23
# FILED UNDER SEAL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., A Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No.   11-cv-01846-LHK<br><br>**REBUTTAL EXPERT REPORT OF SUSAN KARE** |

**\*\*CONFIDENTIAL – CONTAINS MATERIAL DESIGNATED AS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY PURSUANT TO A PROTECTIVE ORDER\*\***

## VII. MR. LUCENTE DOES NOT DEMONSTRATE THAT THE CLAIMED DESIGNS ARE OBVIOUS IN LIGHT OF THE PRIOR ART

### A. Mr. Lucente Does Not Identify Prior Art that Is Basically the Same as Any of the Claimed Designs

64. Mr. Lucente does not identify any references that present "basically the same" overall visual impression as does any of the Design Patents. I have been informed that because of this failure, Mr. Lucente's analysis cannot meet the proper legal standard for obviousness. Nonetheless, I will respond to Mr. Lucente's opinions as I understand them.[31]

#### 1. Examples of Proper and Improper Primary References.[32]

65. I have been informed that proving obviousness of a design patent requires identification of a primary reference that is "basically the same" as the patented design. The table below contains examples of prior art that, according to the Federal Circuit, failed to meet this standard.

| Claimed Design | Improper Primary Reference |
|---|---|
| |  |

*Durling v. Spectrum Furniture Co., Inc.*, 101 F.3d 100, 104 (Fed. Cir. 1996) (primary reference fails because the design contains "significant differences" from the claimed design: the prior art sofa "does not have a corner table" and "[m]ore significantly, the front rail in the [prior art] curves upward and then around the end table").

---

[31] This report does not address Mr. Lucente's section titled "Anticipatory Reference for D'790, D'305, and D'334." I have been informed that Mr. Lucente's analysis in that section relies on alleged prior art that is not properly in this case. I have not been asked to opine on anticipation, nor have I studied or analyzed that issue.

[32] I am not an expert in design patent law. The examples in this section have been provided to me to demonstrate the requirement of a "primary reference" for determining obviousness.

## X. EXHIBITS TO BE USED

129. I anticipate using as exhibits during trial certain documents and things referenced or cited in this report or accompanying this report. I also anticipate using other demonstrative exhibits or things at trial.

Dated: April 16, 2012

*Susan D. Kare*
SUSAN KARE