# Exhibit C
# (Submitted Under Seal)

Highly Confidential Attorneys' Eyes Only

```
                                                          Page 1
 1            IN THE UNITED STATES DISTRICT COURT
 2          FOR THE NORTHERN DISTRICT OF CALIFORNIA
 3                    SAN JOSE DIVISION
 4
 5   APPLE, INC., a California   )
     corporation,                )
 6                               )
         Plaintiff,              )
 7                               )
     VS.                         ) NO. 11-cv-01846-LHK
 8                               )
     SAMSUNG ELECTRONICS CO.,    )
 9   LTD., a Korean business     )
     entity; SAMSUNG ELECTRONICS )
10   AMERICA, INC., a New York   )
     corporation; SAMSUNG        )
11   TELECOMMUNICATIONS AMERICA, )
     LLC, a Delaware limited     )
12   liability company,          )
                                 )
13       Defendants.             )
14
15
16
17          ORAL AND VIDEOTAPED DEPOSITION OF
18                    JUSTIN DENISON
19                  JANUARY 25, 2012
20       HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
21
22
23
24
25   Job No: 45459
```

Highly Confidential Attorneys' Eyes Only

Page 2

1        ORAL AND VIDEOTAPED DEPOSITION of
2   JUSTIN DENISON, produced as a witness at the instance
3   of the Plaintiff, and duly sworn, was taken in the
4   above-styled and -numbered cause on the 25th day of
5   January, 2012, from 9:09 a.m. to 5:10 p.m., before
6   Therese J. Casterline, Registered Merit Reporter,
7   Certified Realtime Reporter, Certified Shorthand
8   Reporter in and for the State of Texas, reported by
9   machine shorthand, at the offices of Regus, 4514 Cole
10  Avenue, Suite 600, in the City of Dallas, County of
11  Dallas, State of Texas, pursuant to the Federal Rules
12  of Civil Procedure and the provisions stated on the
13  record.
14
15
16
17
18
19
20
21
22
23
24
25

Highly Confidential Attorneys' Eyes Only

Page 8

```
09:09   1                    P R O C E E D I N G S
09:09   2              MR. BRINKMAN:  We'll mark the deposition
09:09   3    as confidential.
09:10   4              THE VIDEOGRAPHER:  We're now on record.
09:10   5    The date is January 25th, 2012.  The time is 9:09 a.m.
09:10   6    I'm Richard Buckelew, the videographer.  The court
09:10   7    reporter is Therese Casterline.
09:10   8              This is the deposition of Justin Denison
09:10   9    in the case of Apple, Incorporated versus Samsung
09:10  10    Electronics Company.
09:10  11              Counsel will please introduce themselves,
09:10  12    after which the court reporter will swear in the
09:10  13    witness.
09:10  14              MR. McELHINNY:  My name is Harold
09:10  15    McElhinny.  I'm here with Julia Kripke, and we
09:10  16    represent Apple, from Morrison & Foerster.
09:11  17              MR. BRINKMAN:  My name is Paul
09:11  18    Brinkmanship from Quinn Emanuel.  We represent Samsung.
09:11  19              MS. HAN:  Julie Han from Samsung.
09:11  20                    JUSTIN DENISON,
09:11  21    having been first duly sworn, testified as follows:
09:11  22                       EXAMINATION
09:11  23    BY MR. McELHINNY:
09:11  24       Q.  Good morning, Mr. Denison.  You heard me; I
09:11  25    introduced myself before the deposition started.  My
```

```
09:11  1    name is Harold McElhinny, and I'm an attorney for
09:11  2    Apple.
09:11  3           A.   Good morning.
09:11  4           Q.   Sir, I'm going to ask you a series of
09:11  5    questions.  You just took an oath.  I'm going to ask
09:11  6    you a series of questions.  As you know, the court
09:11  7    reporter to my right is going to take those questions
09:11  8    that I ask and your questions down and create a
09:11  9    transcript of today's proceedings.  Do you understand
09:11 10    that?
09:11 11           A.   I understand.
09:11 12           Q.   And do you understand that that -- that
09:11 13    transcript may be used in a court of law in connection
09:11 14    with the lawsuit between Apple and Samsung?
09:11 15           A.   I understand.
09:11 16           Q.   Okay.  Are you taking any medication today?
09:11 17           A.   Yes, I do take medication.
09:11 18           Q.   And does the medication have side effects that
09:12 19    complicate your ability to understand questions?
09:12 20           A.   No.
09:12 21           Q.   Okay.  Could you tell us your full name and
09:12 22    your home address, please.
09:12 23           A.   Justin Ryan Denison.  Home address is 5558
09:12 24    Burkett Drive, B-U-R-K-E-T-T Drive, Frisco, Texas
09:12 25    75034.
```

```
                                                            Page 10
09:12   1        Q.   By whom are you employed, Mr. Denison?
09:12   2        A.   Samsung Telecommunications America.
09:12   3        Q.   And what is the address of that organization?
09:12   4        A.   1301 East Lookout Drive, Richardson, Texas
09:12   5   75082.
09:12   6        Q.   Do you have a title, sir?
09:12   7        A.   Chief strategy officer.
09:12   8        Q.   Is there a chief executive officer of Samsung
09:12   9   Telecommunications of America?
09:12  10        A.   His formal title is president.
09:12  11        Q.   President.
09:12  12             And what's his name?
09:13  13        A.   Dale Sohn, S-O-H-N.
09:13  14        Q.   Is Samsung Telecommunications of America
09:13  15   sometimes referred to by the acronym STA?
09:13  16        A.   It is.
09:13  17        Q.   And are you comfortable if I use that?
09:13  18        A.   Yes.
09:13  19        Q.   Okay.  What -- what is the business of STA,
09:13  20   sir?
09:13  21        A.   STA is in charge of the sales and marketing
09:13  22   for mobile devices, mobile wireless infrastructure
09:13  23   equipment, and enterprise PBX systems in the United
09:13  24   States.
09:13  25        Q.   And can I have the second one -- mobile
```

Case5:11-cv-01846-LHK Document1362 Filed07/26/12 Page7 of 11

Highly Confidential Attorneys' Eyes Only

Page 45

```
10:16  1         Q.  Was there a time at which this document
10:16  2    accurately stated what the goals were for 2011?
10:16  3         A.  To be sure, I don't even know if this document
10:16  4    ever was produced or shared or whether it was simply a
10:16  5    draft, so I can't say whether this definitively or
10:16  6    comprehensively ever captured the goals of STA.
10:16  7         Q.  For 2011?
10:16  8         A.  For 2011.
10:16  9         Q.  Okay.  And at -- at any time did STA have a
10:16 10    goal to be -- in 2011 to become number 1 in
10:16 11    smartphones?
10:16 12         A.  Yes.  I would say, generally speaking, that's
10:16 13    a goal.  I think I indicated that --
10:16 14         Q.  All right.  Did --
10:16 15         A.  -- earlier.
10:16 16         Q.  -- did it have -- did it have a specific goal
10:16 17    in 2011 to beat Apple?
10:17 18         A.  To be number 1 in smartphones, that means, by
10:17 19    definition, we have to sell more than every one of our
10:17 20    competitors, Apple including.
10:17 21         Q.  Was it part of your goals to specifically
10:17 22    focus on Apple as is set out in this document?
10:17 23         A.  Our goal was to specifically be number 1 in
10:17 24    smartphones.
10:17 25         Q.  So the answer to my question is yes or no?
```

```
                                                               Page 46
10:17  1        A.  I think the best answer I can give is our goal
10:17  2   was to beat all smartphone vendors.
10:17  3        Q.  With no special focus on Apple?
10:17  4        A.  Inasmuch as they're one of our smartphone
10:17  5   competitors, they're just another competitor that we
10:17  6   try to beat.
10:17  7        Q.  So no special or unusual emphasis on Apple?
10:17  8        A.  No.
10:17  9        Q.  Okay.  Well, what does it mean here when it
10:17 10   says, 100 API by fourth quarter 2011?
10:17 11        A.  API generally refers to an index of Samsung's
10:17 12   average selling price versus what we believe the
10:17 13   average market selling price is.
10:18 14        Q.  What does API actually stand for?
10:18 15        A.  I actually don't know.
10:18 16        Q.  Okay.  And you didn't adopt this goal?
10:18 17        A.  Well, I --
10:18 18        Q.  Strike that.  Forget it.
10:18 19            Okay.  If you look starting on
10:18 20   page 256519.
10:18 21        A.  I see that.
10:18 22        Q.  There's a section here that says, summary of
10:18 23   potential 2011 trends and disruptions for
10:18 24   consideration.  Do you see that?
10:18 25        A.  I see that.
```

Highly Confidential Attorneys' Eyes Only

Page 216

1      I, JUSTIN DENISON, have read the foregoing

2  deposition and hereby affix my signature that same is

3  true and correct, except as noted above.

4                              _____

5                              JUSTIN DENISON

6

7  THE STATE OF _____)

8  COUNTY OF _____)

9

10      Before me, _____, on this

11  day personally appeared JUSTIN DENISON, known to me (or

12  proved to me under oath or through _____)

13  (description of identity card or other document) to be

14  the person whose name is subscribed to the foregoing

15  instrument and acknowledged to me that they executed

16  the same for the purposes and consideration therein

17  expressed.

18      Given under my hand and seal of office this

19  _____ day of _____, 2012.

20

21                              _____

22                              NOTARY PUBLIC IN AND FOR

23                              THE STATE OF _____

24  My commission expires: _____

25

Highly Confidential Attorneys' Eyes Only

Page 217

```
1            IN THE UNITED STATES DISTRICT COURT
2           FOR THE NORTHERN DISTRICT OF CALIFORNIA
3                     SAN JOSE DIVISION
4
5   APPLE, INC., a California   )
    corporation,                 )
6                                )
         Plaintiff,              )
7                                )
    VS.                          )  NO. 11-cv-01846-LHK
8                                )
    SAMSUNG ELECTRONICS CO.,     )
9   LTD., a Korean business      )
    entity; SAMSUNG ELECTRONICS  )
10  AMERICA, INC., a New York    )
    corporation; SAMSUNG         )
11  TELECOMMUNICATIONS AMERICA,  )
    LLC, a Delaware limited      )
12  liability company,           )
                                 )
13       Defendants.             )
14
15              REPORTER'S CERTIFICATION
16     ORAL AND VIDEOTAPED DEPOSITION OF JUSTIN DENISON
17                   JANUARY 25, 2012
18       I, Therese J. Casterline, Registered Merit
19   Reporter, Certified Realtime Reporter, Certified
20   Shorthand Reporter in and for the State of Texas, do
21   hereby certify that there came before me on the 25th
22   day of January, 2012, at the offices of Regus, located
23   at 4514 Cole Avenue, Suite 600, Dallas, Texas, the
24   following named person, to wit:  JUSTIN DENISON, who
25   was duly sworn to testify the truth, the whole truth,
```

```
 1   and nothing but the truth of knowledge touching and
 2   concerning the matters in controversy in this cause;
 3   and that he was thereupon examined upon his oath and
 4   his examination reduced to typewriting under my
 5   supervision; that the deposition is a true record of
 6   the testimony given by the witness, that review by the
 7   witness was requested on the record, and signature of
 8   the witness is to be signed before any notary public.
 9           I further certify that I am neither attorney
10   nor counsel for nor related to any of the parties to
11   the action in which this deposition is taken, and
12   further that I am not a relative or employee of any
13   attorney or counsel employed by the parties hereto, or
14   financially interested in this action.
15           Given under my hand on this the 25th day of
16   January, 2012.
17
18                         _____
                           Therese J. Casterline, Texas CSR
19                         5001, Expiration Date:  12-31-13
                           Firm Registration No. 615
20                         TSG Reporting - Worldwide
                           747 Third Avenue
21                         New York, New York  10017
                           (877) 702-9580
22
23
24
25
```