1   HAROLD J. MCELHINNY (CA SBN 66781)            WILLIAM F. LEE
    hmcelhinny@mofo.com                           william.lee@wilmerhale.com
2   MICHAEL A. JACOBS (CA SBN 111664)             WILMER CUTLER PICKERING
    mjacobs@mofo.com                              HALE AND DORR LLP
3   JENNIFER LEE TAYLOR (CA SBN 161368)           60 State Street
    jtaylor@mofo.com                              Boston, MA 02109
4   ALISON M. TUCHER (CA SBN 171363)              Telephone: (617) 526-6000
    atucher@mofo.com                              Facsimile: (617) 526-5000
5   RICHARD S.J. HUNG (CA SBN 197425)
    rhung@mofo.com
6   JASON R. BARTLETT (CA SBN 214530)             MARK D. SELWYN (SBN 244180)
    jasonbartlett@mofo.com                        mark.selwyn@wilmerhale.com
7   MORRISON & FOERSTER LLP                       WILMER CUTLER PICKERING
    425 Market Street                             HALE AND DORR LLP
8   San Francisco, California  94105-2482         950 Page Mill Road
    Telephone:  (415) 268-7000                    Palo Alto, California 94304
9   Facsimile:  (415) 268-7522                    Telephone: (650) 858-6000
                                                  Facsimile: (650) 858-6100
10  Attorneys for Plaintiff and
    Counterclaim-Defendant APPLE INC

11

12                      UNITED STATES DISTRICT COURT

13                     NORTHERN DISTRICT OF CALIFORNIA

14                             SAN JOSE DIVISION

15

16  APPLE INC., a California corporation,         Case No. 11-cv-01846-LHK (PSG)

17              Plaintiff,                        **DECLARATION OF KARL KRAMER
                                                  IN SUPPORT OF APPLE'S
18         v.                                     OPPOSITION TO SAMSUNG'S
                                                  MOTION FOR SUMMARY
19  SAMSUNG ELECTRONICS CO., LTD., a              JUDGMENT**
    Korean business entity; SAMSUNG
20  ELECTRONICS AMERICA, INC., a New York
    corporation; SAMSUNG
21  TELECOMMUNICATIONS AMERICA, LLC, a
    Delaware limited liability company,

22
                Defendants.
23

24                        **SUBMITTED UNDER SEAL**

25

26

27

28

1    I, Karl J. Kramer, declare as follows:

2         I am a partner in the law firm of Morrison & Foerster LLP, counsel for Apple Inc.

3    ("Apple") in this action.  I am licensed to practice law in the State of California and admitted to

4    practice before this Court.  I submit this declaration in support of Apple's Opposition to

5    Samsung's Motion for Summary Judgment.  Unless otherwise indicated, I have personal

6    knowledge of the matters stated herein or understand them to be true from members of my

7    litigation team.  If called as a witness, I would testify to the facts set forth below.

8         **I.       THE 7,663,607 PATENT**

9         1.       Numerous references referred to and relied upon in Dr. Von Herzen's Declaration

10   (Dkt. No. 942) in Support of Samsung's Motion for Summary Judgment (Dkt. No. 930) ("MSJ")

11   have never been disclosed in Samsung's Invalidity Contentions  or in Dr. Von Herzen's April 5,

12   2012 Corrected Invalidity Report.

13        2.       Under the Patent Local Rules 3-3(a)-(c), Samsung served its Invalidity

14   Contentions on October 7, 2011 allegedly identifying each item of prior art that allegedly

15   anticipated each asserted claim or renders it obvious and a chart identifying where specifically in

16   each alleged item of prior art each limitation of each asserted claim is found.  Attached hereto as

17   **Exhibit 1** is a true and correct copy of an excerpt from Samsung's Invalidity Contentions relating

18   to the '607 Patent and exhibits P, Q, R-1, and R-2 to Samsung's Invalidity Contentions.  Exhibits

19   P through R-2 are those exhibits relating to the '607 Patent.

20        3.       On March 22, 2012, Samsung served the Expert Report of Dr. Brian Von Herzen

21   on the Invalidity of U.S. patents 7,663,607 and 7,920,129.  On April 5, 2012, Samsung served the

22   Corrected Expert Report of Dr. Brian Von Herzen on the Invalidity of U.S. patents 7,663,607 and

23   7,920,129.  Dr. Von Herzen's Corrected Report was submitted as Exhibit 16 to his May 17, 2012

24   Declaration in support of Samsung's Motion for Summary Judgment (Dkt. No. 942-16).

25        4.       Samsung's Motion for Summary Judgment of Invalidity of the '607 Patent relies

26   upon B. Hosticka, R. Brodersen and P. Gray, "MOS Sampled Data Recursive Filters Using

27   Switched Capacitor Integrators," IEEE Journal of Solid State Circuits, Vol SC-12, No. 6,

28   December 1977 ("1977 IEEE Paper").  This reference is cited in Samsung's MSJ at 23:12-13;

1   Exhibit 17 to Dr. Von Herzen's Declaration at pages 14 and 26 (Dkt. No. 942-17); Dr. Von

2   Herzen's Declaration at paragraphs 42 through 44 (Dkt. No. 942); and Exhibit 11 to Dr. Von

3   Herzen's Declaration (Dkt. No. 942-11).  Nowhere in its Invalidity Contentions, Exhibit 1 hereto,

4   or in Dr. Von Herzen's Corrected Invalidity Report, Exhibit 16 to the Von Herzen Declaration

5   (Dkt. No. 942-16), did Samsung identify or disclose its intent to rely upon the reference B.

6   Hosticka, R. Brodersen and P. Gray, "MOS Sampled Data Recursive Filters Using Switched

7   Capacitor Integrators," IEEE Journal of Solid State Circuits, Vol SC-12, No. 6, December 1977

8   ("1977 IEEE Paper").  (*See* Exhibit 1, pages 40-44; Dkt. No. 942-16, pages 12-13; 28-111.)

9   Apple objects to and requests the Court strike all reference to or reliance upon the Hosticka

10  reference.

11          5.      Samsung's Motion for Summary Judgment of Invalidity of the '607 Patent relies

12  upon P. Horowitz and W. Hill, "The Art of Electronics," (2nd edition, 1989) ("1989 Textbook").

13  This reference is cited in Samsung's MSJ at 23:11-12; Exhibit 17 to Dr. Von Herzen's

14  Declaration at pages 14 and 26 (Dkt. No. 942-17); Dr. Von Herzen's Declaration at paragraphs

15  29, 34, 38, 44 (Dkt. No. 942); and  Exhibit 7 to Dr. Von Herzen's Declaration (Dkt. No. 942-7).

16  Nowhere in its Invalidity Contentions, Exhibit 1 hereto, or in Dr. Von Herzen's Corrected

17  Invalidity Report, Exhibit 16 to the Von Herzen Declaration (Dkt. No. 942-16), did Samsung

18  identify or disclose its intent to rely upon the 1989 Textbook.  (*See* Exhibit 1, pages 40-44; Dkt.

19  No. 942-16, pages 12-13; 28-111.)  Apple objects to and requests the Court strike all reference to

20  or reliance upon the 1989 Textbook.

21          6.      Samsung's Motion for Summary Judgment of Invalidity of the '607 Patent relies

22  upon the University of Colorado's Physics 3330 curriculum, Experiment 5, Fall 1999.  This

23  reference is cited in Dr. Von Herzen's Declaration at paragraph 40.  Nowhere in its Invalidity

24  Contentions, Exhibit 1 hereto, or in Dr. Von Herzen's Corrected Invalidity Report, Exhibit 16 to

25  the Von Herzen Declaration (Dkt. No. 942-16) did Samsung identify or disclose its intent to rely

26  upon the Colorado reference.  (*See* Exhibit 1, pages 40-44; Dkt. No. 942-16, pages 12-13; 28-

27  111.)  Apple objects to and requests the Court strike all reference to or reliance upon the Colorado

28  reference.

KRAMER DECLARATION ISO APPLE'S OPPOSITION TO SAMSUNG'S MOTION FOR SUMMARY JUDGMENT
CASE NO. 11-cv-01846-LHK (PSG)
sf-3151526

2

7.      Samsung's Motion for Summary Judgment of Invalidity of the '607 Patent relies upon U.S. Patent No. 5,113,041 ("Blonder").  This reference is cited in Samsung's MSJ at 23:16-17; Exhibit 17 to Dr. Von Herzen's Declaration at pages 10-11, 22-23 (Dkt. No. 942-17); and Dr. Von Herzen's Declaration at paragraphs 45 and 47 (Dkt. No. 942).  Nowhere in its Invalidity Contentions, Exhibit 1 hereto, did Samsung identify or disclose its intent to rely upon Blonder.  (*See* Exhibit 1, pages 40-44.)  Dr. Von Herzen attempted to rely on Blonder in his Corrected Invalidity Report.  On May 17, 2012 Apple filed a motion to strike Blonder from Dr. Von Herzen's Invalidity Report for failure to disclose the reference previously (Dkt. No. 939).  Apple objects to and requests the Court strike all reference to or reliance upon Blonder.

8.      Samsung's Motion for Summary Judgment of Invalidity of the '607 Patent relies upon U.S. Patent No. 5,565,658.  U.S. Patent No. 5,565,658 is cited in Samsung's MSJ at 23:16-17; Exhibit 17 to Dr. Von Herzen's Declaration at pages 11-12 and 23-24 (Dkt. No. 942-17); Dr. Von Herzen's Declaration at paragraphs 52-54 (Dkt. No. 942); and Exhibit 15 to Dr. Von Herzen's Declaration (Dkt. No. 942-15).  Nowhere in its Invalidity Contentions, Exhibit 1 hereto, did Samsung identify or disclose the arguments regarding U.S. Patent No. 5,565,658 with respect to the limitations recited in Claim 8 of the '607 Patent that are now set forth in Dr. Von Herzen's Declaration.  (*See* Exhibit 1 (exhibit R-2) (unpaginated).)  In its Invalidity Contentions, Samsung discusses Figure 4 of U.S. Patent No. 5,565,658, but nowhere does Samsung disclose the invalidity theory based on Figure 6b of U.S. Patent No. 5,565,658 that is now contained in Dr. Von Herzen's Declaration. (*See* Dkt. No. 942 ¶¶ 52-54.)  Moreover, although Dr. Von Herzen's Corrected Invalidity Report referred to U.S. Patent No. 5,565,658 in connection with his invalidity contentions concerning a different patent (Apple's '129 Patent), he nowhere disclosed in his Corrected Invalidity Report any allegation that U.S. Patent No. 5,565,658 had any bearing on the validity of the '607 Patent.  (*See* (Dkt. No. 942-16, pages 12-13; 28-111.)  Apple objects to and requests the Court strike all reference to or reliance upon U.S. Patent No. 5,565,658.

9.      Samsung's Motion for Summary Judgment of Invalidity of the '607 Patent relies upon U.S. Patent No. 5,305,017.  U.S. Patent No. 5,305,017 is cited in Samsung's MSJ at 23:16-17; Exhibit 17 to Dr. Von Herzen's Declaration at pages 11-13 and 23-25 (Dkt. No. 942-17); Dr.

KRAMER DECLARATION ISO APPLE'S OPPOSITION TO SAMSUNG'S MOTION FOR SUMMARY JUDGMENT
CASE NO. 11-cv-01846-LHK (PSG)
sf-3151526

3

Von Herzen's Declaration at paragraphs 52 and 55-56 (Dkt. No. 942); and Exhibit 15 to Dr. Von Herzen's Declaration (Dkt. No. 942-15).  Nowhere in its Invalidity Contentions, Exhibit 1 hereto, did Samsung identify or disclose its intent to rely upon U.S. Patent No. 5,305,017 with respect to the limitations recited in Claim 8 of the '607 Patent.  In Exhibit R-2 to Samsung's Invalidity Contention, Samsung's discussion regarding claim 8 of the '607 Patent does not discuss U.S. Patent No. 5,305,017 at all.  (*See* Exhibit 1 (exhibit R-2) (unpaginated).)  Moreover, although Dr. Von Herzen's Corrected Invalidity Report referred to U.S. Patent No. 5,305,017 in paragraphs 111, 112, and 381 to discuss claims 1 and 7, Dr. Von Herzen never relied upon that patent in connection with the limitations of Claim 8 of the '607 Patent.  (*See*  Dkt. No. 942-16, pages 12-13; 28-111.)  The arguments raised in Dr. Von Herzen's Declaration regarding U.S. Patent No. 5,305,017 were never previously disclosed in either Samsung's Invalidity Contentions or Dr. Von Herzen's Invalidity Report.  (*Compare*  Dkt. No. 942 ¶¶ 55-56 *with* Exhibit 1 (exhibit R-2) and Dkt. No. 942-16, pages 12-13; 28-111.)  Apple objects to and requests the Court strike all reference to or reliance upon U.S. Patent No. 5,305,017.

10.     Although U.S. Patent No. 5,565,658 and U.S. Patent No. 5,305,017 were generally referenced in Samsung's combination chart as exhibit R-2 to Samsung's Invalidity Contentions, Dr. Von Herzen never incorporates that exhibit from Samsung's Invalidity Contentions into his Corrected Invalidity Report.  Dr. Von Herzen only incorporated Exhibit P to Samsung's Invalidity Contentions into his Invalidity Report.  (Dkt. No. 942-16, page 12, paragraph 46, footnote 2.)  He expressly declined to incorporate exhibit R-2.

11.     Based on these new prior art references discussed in paragraphs 1 to 10 above, Dr. Von Herzen offers new arguments regarding Claim 8 of the '607 Patent.  (*See* Dkt. No. 942 ¶¶ 76-77; 94.)  Because these opinions were not included in Dr. Von Herzen's original Invalidity Report, Apple objects to and requests the Court strike all reference to or reliance upon these new arguments.  (*Compare*  Dkt. No. 942 ¶¶ 76-77 and 94 *with* Exhibit 1 (exhibit R-2) and  (Dkt. No. 942-16, pages 12-13 and 28-111.)

12.     Dr. Von Herzen also attaches as Exhibit 17 to his Declaration a new "invalidity" claim chart.  A redline comparison of this new chart in Exhibit 17 with the claim charts submitted

KRAMER DECLARATION ISO APPLE'S OPPOSITION TO SAMSUNG'S MOTION FOR SUMMARY JUDGMENT
CASE NO. 11-cv-01846-LHK (PSG)
sf-3151526

4

with his April 5, 2012 Corrected Invalidity Report is attached as **Exhibit 2** hereto. The blue underlined material indicates new arguments. The red "^" indicates that material has been removed from Dr. Von Herzen's previous claim chart. Apple objects to and requests the Court strike all reference to or reliance upon this new "invalidity" claim chart and the arguments arising therefrom.

13.     No new facts have come to light concerning the allegations at issue since the April 5, 2012 Corrected Invalidity Report. In Apple's August 26, 2011 Infringement Contentions, Apple told Samsung that it believed that the "virtual ground charge amplifier" is found in the circuitry of Samsung's devices and that the specific chip in which that circuit is found would be identified in discovery. Attached as Exhibit 8 to Dr. Von Herzen's May 17, 2012 Declaration is a true and correct copy of Apple's infringement chart. (*See* Dkt. No. 942-8, page 11.)

14.     Samsung first identified the chips used in the accused devices on March 16, 2012, 2012 in its Supplemental Response to Apple's Interrogatory No. 81. The information provided on March 16, 2012 in fact was incorrect, and Samsung revised its response on March 22, 2012, in its Second Supplemental Response to Apple's Interrogatory No. 81. Attached as **Exhibits 3 and 4** are true and correct copies of Samsung's March 16, 2012 and March 22, 2012 Responses.

15.     On the eve of the close of fact discovery, a document identifying the virtual ground charge amplifier, Atmel's maXTouch Sensitivity Effects document, was finally produced in this litigation. It was produced by Samsung as SAMNDCA10903768-783 on February 19, 2012. A true and correct copy of SAMNDCA10903768-783 is attached as Exhibit C to the Maharbiz Declaration. Apple also received this document from Atmel (designated ATMEL-SAMSUNG00000286-301) on February 22, 2012. A true and correct copy of ATMEL-SAMSUNG00000286-301 is attached as Exhibit D to the Maharbiz Declaration.

16.     Without explanation, Dr. Von Herzen also offers completely new opinions regarding the alleged invalidity of claims 1 and 7. (*See* Dkt. No. 942 ¶¶ 60-73; 81-93; *compare* Dkt. No. 942 ¶¶ 60-73 *with* (Dkt. No. 942-16, pages 28-29; *compare* Dkt. No. 942 ¶¶ 81-93 *with* Dkt. No. 942-16, pages 47-48.) Apple objects to and requests the Court strike all reference to or reliance upon these new arguments.

KRAMER DECLARATION ISO APPLE'S OPPOSITION TO SAMSUNG'S MOTION FOR SUMMARY JUDGMENT
CASE NO. 11-cv-01846-LHK (PSG)
sf-3151526

5

17.     In Dr. Von Herzen's April 16, 2012 Non-Infringement Report, Dr. Von Herzen raised non-infringement theories regarding "near touches" and "all of the first conductive lines at the same time and sensing on all the second conductive lines."  (*See* Dkt. No. 942 ¶¶ 78-79.)  These arguments were not raised in his Corrected Invalidity Report.  (*See*  Dkt. No. 942-16, pages 12-13; 28-111.)   However Dr. Von Herzen now includes these theories to make new invalidity arguments.  (*See* Dkt. No. 942 ¶¶ 78-79; 95-96.)  Apple objects to and requests the Court to strike all reference to or reliance upon these new theories.

## II.     THE 7,844,915 PATENT

18.     As noted in Apple's Opposition to Samsung's Motions for Summary Judgment, Apple objects to Samsung's assertion of a non-infringement theory for the '915 patent in its motion for summary judgment that it did not timely disclose.  In particular, Samsung now asserts, "[i]n claim 8, 'object invokes' means 'the object calls a method or function.'"  (MSJ 17:10-11.)  Samsung then bases its non-infringement argument on this belated construction, asserting that the event object in the Accused Products does not invoke a scroll or gesture operation.  (MSJ 17:19-22.)

19.     In September 2011, Samsung first responded to Apple's Interrogatories.  When asked to "set forth in detail [its] bases for asserting the defense of non-infringement," it responded "[f]or U.S. Patent No. 7,844,915, Samsung's investigation is ongoing and Samsung will supplement this interrogatory after it has had a reasonable opportunity to review Apple's infringement contentions and respond thereto."  Attached is a true and correct copy of Samsung's Response to Apple's Interrogatories as **Exhibit 5.** Samsung would not disclose its theory until months later, after the close of fact discovery.

20.     In October 2011, Samsung and Apple met and conferred regarding those terms that they each believed might require construction by the Court.  Samsung presented Apple with a list of roughly 200 terms, including eighteen separate terms from the '915 patent.  Attached is a true and correct copy of this October 17 Meet and Confer Letter as **Exhibit 6**.  Samsung stated that they "ha[d] included all of these terms out of an abundance of caution so the parties [could] meet and confer and determine where there are issues."  *Id*.  Although Samsung included the "means

KRAMER DECLARATION ISO APPLE'S OPPOSITION TO SAMSUNG'S MOTION FOR SUMMARY JUDGMENT
CASE NO. 11-cv-01846-LHK (PSG)
sf-3151526

6

1  for determination" limitation from claim 15, which includes the word "invokes," Samsung did not

2  identify specifically the term "object invokes" from claim 8 on this extensive list.  *Id.*

3      21.    Samsung and Apple then narrowed the list of terms they would present to the

4  Court for claim construction.  Samsung did not propose "invoke" as a term for construction by the

5  Court.  Instead, for the '915 patent, Samsung proposed to construe the phrase "scrolling a window

6  having a view associated with the event object."  (*See* Joint Claim Construction and Prehearing

7  Statement Pursuant to patent L.R. 4-3, November 14, 2011 (Dkt. No. 394.).)

8      22.    On March 8, 2012, the date of the discovery cut-off, Samsung supplemented its

9  initial responses to Apple's interrogatories.  This time, Samsung responded that "[f]or U.S. Patent

10  No. 7,844,915, Samsung's investigation is ongoing and Samsung will provide its non-

11  infringement position in its expert report(s)."  Attached is a true and correct copy of Samsung's

12  March 8, 2012 supplemental responses as **Exhibit 7.**  Samsung did not disclose its non-

13  infringement theory based on the interpretation of "object invokes."

14      23.    On March 12, 2012, after meet and confer efforts, Samsung offered its first non-

15  infringement theory for the '915 Patent.  Samsung asserted that "Apple has not shown or

16  provided any evidence demonstrating that any Accused Product practices the following

17  limitations: 'determining whether the event object invokes a scroll or gesture operation,' as 'event

18  objects' are incapable of invoking operations. . . ."  Attached is a true and correct copy of

19  Samsung's second set of supplemental responses as **Exhibit 8.**

20      24.    Samsung's expert, Mr. Gray, adopted Samsung's newly disclosed non-

21  infringement theory in paragraph 266 of his Invalidity Report stating: "In my 35 years of systems

22  experience, I have never observed a system where an event object invoked a method."  Gray also

23  used this statement to support the argument that "invoke" was indefinite.  During his deposition,

24  however, Mr. Gray described this portion of his Report as "not true" and an "inaccuracy."  A true

25  and correct copy of the relevant excerpt of Mr. Gray's deposition testimony, 52:20-53:11, is

26  attached as **Exhibit 11**.  In his Rebuttal Report on non-infringement Mr. Gray also asserted, for

27  the first time, that "invoke" means "call" and that under this newly proposed construction

28  Samsung's MotionEvent object did not "invoke" a scroll or gesture operation.  A true and correct

KRAMER DECLARATION ISO APPLE'S OPPOSITION TO SAMSUNG'S MOTION FOR SUMMARY JUDGMENT
CASE NO. 11-cv-01846-LHK (PSG)
sf-3151526

7

1   copy of the relevant excerpts of Mr. Gray's Invalidity Report and Rebuttal Report are attached as

2   **Exhibits 9 and 10**.

3         26.    On April 4, 2012, Samsung's proposed construction of "scrolling a window having

4   a view associated with the event object" was rejected by the Court, removing Samsung's non-

5   infringement argument based on that claim element.  Order Construing Disputed Claim Terms of

6   Patent Nos. 7,698,711; 6,493,002; 7,469,381; 7,663,607; 7,812,828; 7,844,915; and 7,853,891,

7   April 4, 2012, Dkt. No 849.

8         27.    In Samsung's May 17, 2012 summary judgment motion, Samsung asserted its

9   current theory that, while an event object may invoke a method or function, it does not invoke a

10  scroll or gesture operation.  Samsung now contends that "invoke" means that the "event object"

11  must itself call a method or function.  That theory was not timely disclosed.

12

13        I declare under penalty of perjury under the laws of the United States of America that the

14  foregoing is true and correct and that this Declaration was executed this 31st day of May, 2012, at

15  Palo Alto, California.

16                                      */s/*_____

17                                      Karl J. Kramer

18

19

20

21

22

23

24

25

26

27

28

KRAMER DECLARATION ISO APPLE'S OPPOSITION TO SAMSUNG'S MOTION FOR SUMMARY JUDGMENT
CASE NO. 11-cv-01846-LHK (PSG)
sf-3151526

8