1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5  Kevin P.B. Johnson (Bar No. 177129)
   kevinjohnson@quinnemanuel.com
6  Victoria F. Maroulis (Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
7  555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, California 94065-2139
8  Telephone: (650) 801-5000
   Facsimile: (650) 801-5100
9
   Michael T. Zeller (Bar No. 196417)
10 michaelzeller@quinnemanuel.com
   865 S. Figueroa St., 10th Floor
11 Los Angeles, California 90017
   Telephone: (213) 443-3000
12 Facsimile: (213) 443-3100

13 Attorneys for SAMSUNG ELECTRONICS CO.,
   LTD., SAMSUNG ELECTRONICS AMERICA,
14 INC. and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC
15

16                     UNITED STATES DISTRICT COURT

17            NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

18

| | |
|---|---|
| 19  APPLE INC., a California corporation, | CASE NO. 11-cv-01846-LHK (PSG) |
| 20            Plaintiff, | **CORRECTED DECLARATION OF GIHO RO IN SUPPORT OF SAMSUNG'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL** |
| 21        vs. | |
| 22  SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG | |
| 23  ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG | |
| 24  TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| 25            Defendants. | |

26
27
28

02198.51855/4875939.1

Case No. 11-cv-01846-LHK (PSG)
CORRECTED DECLARATION IN SUPPORT OF SAMSUNG'S ADMIN. MOTION TO FILE UNDER SEAL

## CORRECTED DECLARATION OF GIHO RO

I, GiHo Ro, do hereby declare as follows:

1. I am a Senior Manager, Administration Team in the Mobile Communications division at Samsung Electronics Co., Ltd. I submit this Corrected Declaration in support of Samsung Electronics Co., Ltd's, Samsung Electronics America, Inc.'s, and Samsung Telecommunications America, LLC's ("Samsung's") Administrative Motion to File Documents Under Seal ("Motion to Seal"). I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would competently testify to them.

2. The requested relief in the Motion to Seal is necessary to protect the confidentiality of extremely sensitive financial information contained in the documents included in Dkt. Nos. 927, 1013, 1022, 1060, 1064, 1185, 1206, 1208, and 1209.

**Dkt. No. 927**

3. Samsung's Motion to Exclude Opinions of Certain of Apple's Experts (Dkt. No. 927-01) contains references to very specific cost numbers that are HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY. It is my understanding that this document also contains information designated by Apple as confidential. I have reviewed a version of the document that was partially redacted and only included Samsung's financial data. I did not review any of the documents underlying Samsung's Motion.

4. Page 18 of this document references the specific amount of Samsung's costs considered by the experts in this case. This information is confidential and proprietary to Samsung, and the adverse competitive effects on Samsung could be devastating if Samsung's competitors were able to obtain this information because this document was not filed under seal. For example, competitors and business partners could use this information against Samsung to undercut Samsung's pricing, or gain leverage against Samsung in business and supply agreement negotiations. However, only the highlighted portions of this document need to be sealed in order to protect the critical information and Samsung's interests.

5. Exhibits 1, 3, and 5 to the Declaration of Joby Martin in support of Samsung's Motion to Exclude Opinions of Certain of Apple's Experts (Dkt. Nos. 927-03, 927-05 , and 927-

1  07) are documents prepared by Samsung's damages expert in this litigation that contain HIGHLY
2  CONFIDENTIAL – ATTORNEYS' EYES ONLY information regarding Samsung's revenues,
3  pricing, gross profit, and other financial data from which Samsung's revenues, pricing and profit
4  data can be calculated.  It is my understanding that these documents also contain information
5  designated by Apple as confidential.  I have reviewed versions of the documents that were
6  partially redacted and only included Samsung's financial data.

7       6.     The portions of the documents that I reviewed contain highly sensitive and
8  confidential information related to Samsung's financial results and pricing with carrier customers
9  which are not publicly reported and are protected from disclosure due to their significant
10 competitive value.  Even within Samsung, the information is only available to be accessed by a
11 very limited number of finance personnel.   This information is confidential and proprietary to
12 Samsung, and the adverse competitive effects on Samsung could be devastating if Samsung's
13 competitors were able to obtain this information because this document was not filed under seal.
14 However, only the highlighted portions of this document need to be sealed in order to protect the
15 critical information and Samsung's interests.

16      7.     Exhibit 10 to the Declaration of Joby Martin in support of Samsung's Motion to
17 Exclude Opinions of Certain of Apple's Experts (Dkt. No. 927-12) includes spreadsheets prepared
18 by Apple's expert showing detailed analysis of Samsung's profits, revenues and cost of goods for
19 2010-2012 that are HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY .  It is my
20 understanding that these documents also contain information designated by Apple as confidential.
21 I have reviewed versions of the documents that were partially redacted and only included
22 Samsung's financial data.

23      8.     The portions of the documents that I reviewed contain highly sensitive and
24 confidential information that is not reported outside of Samsung.  Even within Samsung, this
25 information is heavily secured and very few Samsung employees have access to this information.
26 This information could be used by Samsung's competitors in order to attempt to undercut
27 Samsung's prices and would disadvantage Samsung's competitive position if it were not to be
28 filed under seal.

9. Exhibit 2 to the Declaration of Joby Martin in support of Samsung's Motion to Exclude Opinions of Certain of Apple's Experts (Dkt. No. 927-04) is an excerpt from the HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY deposition of Apple's damages expert, Terry Musika.  This transcript contains very specific information regarding Samsung's revenues, pricing, gross profit, and other financial data from which Samsung's revenues, pricing and profit data can be calculated.  It is my understanding that this transcript also contains information designated by Apple as confidential.  I have reviewed a version of the document that was partially redacted and only included Samsung's confidential information.

10. The portions of the transcript that I reviewed contain highly sensitive and exceptionally confidential information related to Samsung's financial results and pricing with carrier customers which are not publicly reported and are protected from disclosure due to their significant competitive value.  Even within Samsung, the information is only available to be accessed by a very limited number of finance personnel.   This information is confidential and proprietary to Samsung, and the adverse competitive effects on Samsung could be devastating if Samsung's competitors were able to obtain this information because this document was not filed under seal.  However, only the highlighted portions of this document need to be sealed in order to protect the critical information and Samsung's interests.

**Dkt. No. 991**

11. Exhibits F and G to the Declaration of Terry L. Musika in Support of Apple's Opposition to Samsung's Motion for Summary Judgment are spreadsheets prepared by Apple's expert showing detailed analysis of Samsung's profits, revenues and cost of goods for 2010-2012 that are HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY .  This information is highly sensitive and confidential and is not reported outside of Samsung.  Even within Samsung, this information is heavily secured and very few Samsung employees have access to this information.  This information could be used by Samsung's competitors in order to attempt to undercut Samsung's prices and would disadvantage Samsung's competitive position if it were not to be filed under seal.

**Dkt. No. 1013**

12. Exhibit O to the Declaration of Michel Maharbiz in Support of Apple's Opposition to Samsung's Motion for Summary Judgment contains HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY cost information. Specifically, page 15 of this document contains Samsung's total cost for one of its Galaxy Tab products. This information is confidential and proprietary to Samsung, and the adverse competitive effects on Samsung could be devastating if Samsung's competitors were able to obtain this information because this document was not filed under seal. For example, competitors and business partners could use this information against Samsung to undercut Samsung's pricing, or gain leverage against Samsung in business and supply agreement negotiations. However, only the highlighted number in this document needs to be sealed in order to protect the critical information and Samsung's interests.

**Dkt. No. 1022**

13. Exhibit 37 to the Declaration of Peter Bressler in Support of Apple's Opposition to Samsung's Motion for Summary Judgment (Dkt. No. 1022) is a document produced by Samsung in this litigation that bears the designation HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY. The document contains confidential information regarding Samsung's product costs. This document contains highly sensitive and exceptionally confidential information related to Samsung's financial information and costs which is proprietary to Samsung. The adverse competitive effects on Samsung could be devastating if Samsung's competitors were able to obtain this information because this document was not filed under seal. However, only the highlighted portions of this document need to be sealed in order to protect the critical information and Samsung's interests.

**Dkt. No. 1060**

14. Exhibit B to the Declaration of Michael J. Wagner in Support of Samsung's Reply in Support of Motion to Exclude Testimony of Apple's Experts (Dkt. No. 1060-37) is a document prepared by Samsung's damages expert in this litigation that contains HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information regarding Samsung's revenues, pricing, gross profit, and other financial data from which Samsung's revenues, pricing and profit data can be calculated.

1  It is my understanding that this document also contains information designated by Apple as
2  confidential.  I have reviewed a version of the document that was partially redacted and only
3  included Samsung's financial data.

4  　　　　15.　　The portions of the document that I reviewed contain highly sensitive and
5  exceptionally confidential information related to Samsung's financial results and pricing with
6  carrier customers which are not publicly reported and are protected from disclosure due to their
7  enormous competitive value.  Even within Samsung, the information is only available to be
8  accessed by a very limited number of finance personnel.   This information is confidential and
9  proprietary to Samsung, and the adverse competitive effects on Samsung could be devastating if
10 Samsung's competitors were able to obtain this information because this document was not filed
11 under seal.  However, only the highlighted portions of this document need to be sealed in order to
12 protect the critical information and Samsung's interests.

13 **Dkt. No. 1206**

14 　　　　16.　　Apple's Opposition to Samsung's Motions in Limine (Dkt. No. 1206) includes
15 discussion of Samsung's tax accounting procedures, confidential product strategy documents,
16 market and consumer research documents, and Samsung's profits.  This information is not a
17 matter of public record and reflects Samsung's confidential information.  This information is
18 confidential and proprietary to Samsung, and the adverse competitive effects on Samsung could be
19 devastating if Samsung's competitors were able to obtain this information because this document
20 was not filed under seal.  For example, competitors would use Samsung's internal taxation
21 strategies to structure their own financial and product plans in order to better compete with
22 Samsung.  Competitors could also use Samsung's profit data to better plan their own product
23 releases and pricing.  However, only the highlighted portions of this document need to be sealed in
24 order to protect the critical information and Samsung's interests.

25 　　　　17.　　Exhibit 42 to the Kanada Declaration is a document prepared by Samsung's
26 damages expert in this litigation that contains HIGHLY CONFIDENTIAL – ATTORNEYS'
27 EYES ONLY information regarding Samsung's recent profits calculated on a product-by-product
28 basis.  This document contains highly sensitive and exceptionally confidential information related

1  to Samsung's recent financial results which are not publicly reported and are protected from
2  disclosure due to their significant competitive value.  Such information is kept highly confidential
3  even within Samsung and can only be accessed by certain financial personnel, on a very restricted
4  need-to-know basis.  This information is confidential and proprietary to Samsung, and the adverse
5  competitive effects on Samsung could be devastating if Samsung's competitors were able to
6  obtain this information because this document was not filed under seal.  For example, competitors
7  and business partners could use this information against Samsung to improve or plan their own
8  profit strategies in order to better compete.  Because the confidential information can been seen
9  throughout this document, the document should be sealed in its entirety.

10        18.     Exhibit 43 to the Kanada Declaration consists of an excerpt from the transcript of
11  Michael Wagner which was designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
12  ONLY.  The excerpt discusses confidential information regarding Samsung's profit margins for
13  particular products which are not publicly reported and are protected from disclosure due to their
14  enormous competitive value.  This information is confidential and proprietary to Samsung, and the
15  adverse competitive effects on Samsung could be devastating if Samsung's competitors were able
16  to obtain this information because this document was not filed under seal.  If a competitor knew
17  what Samsung's profit margins were on particular products, it could use that information to
18  undercut Samsung's pricing and obtain an unfair competitive advantage.  However, in an effort to
19  balance the public's need to know with Samsung's interest in protecting its confidential
20  information, Samsung is seeking to seal only one sentence, which is highlighted, and which
21  contains the most sensitive information.

22        19.     Exhibit 44 to the Kanada Declaration consists of an excerpt from the transcript of
23  Timothy Sheppard which was designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
24  ONLY.  The excerpt discusses confidential information regarding Samsung's profit margins
25  which are not publicly reported and are protected from disclosure due to their enormous
26  competitive value.  Such information is kept highly confidential even within Samsung and can
27  only be accessed by certain financial personnel, on a very restricted need-to-know basis.  This
28  information is confidential and proprietary to Samsung, and the adverse competitive effects on

1  Samsung could be devastating if Samsung's competitors were able to obtain this information
2  because this document was not filed under seal.  For example, competitors and business partners
3  could use this information against Samsung to improve or plan their own profit strategies in order
4  to better compete.  Competitors could also use this information against Samsung in business
5  negotiations.  Because the confidential information can been seen throughout this document, the
6  document should be sealed in its entirety.
7      I declare under penalty of perjury that the forgoing is true and correct to the best of my
8  knowledge.  Executed this 27th day of July, 2012, in Suwon, South Korea.

_____
Giho Ro