Timothy T. Scott (State Bar No. 126971)
tscott@kslaw.com
Geoffrey M. Ezgar (State Bar No. 184243)
gezgar@kslaw.com
Leo Spooner, III (State Bar No. 241541)
lspooner@kslaw.com
KING & SPALDING LLP
333 Twin Dolphin Drive, Suite 400
Redwood Shores, CA 94065
Telephone: +1 650 590 0700
Facsimile:  +1 650 590 1900

Attorneys for Non-Party
INTERNATIONAL BUSINESS MACHINES CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>V.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-CV-01846-LHK (PSG)<br><br>**DECLARATION OF KENNETH S. KING** |

1. I make this declaration based on my personal knowledge of the facts described below.

2. I am the General Manager, Intellectual Property, and Vice President, Research Business Development, at International Business Machines Corporation ("IBM"). In this role, I am responsible for IBM's corporate Intellectual Property licensing and assignment program.

-1-

3. IBM has had for decades and continues to have an active and substantial program of licensing and selling patents and other types of Intellectual Property. Such program includes entering into patent cross license agreements with third parties, under which each party grants to the other licenses under its patent portfolio as it relates to the other party's business activities. Often such cross licenses will include a "balancing payment" from one party to the other to account for differences in the size and relevance of the respective patent portfolios.

4. In the industry, the balancing payment in a cross license agreement may be based on a number of factors, which may include: the breadth of the licenses granted; the size, strength and age of the respective patent portfolios; the relevant product and service revenue of the parties; and the extent to which the parties may already have patent coverage. IBM's particular pricing methodology for computing the balancing payments, which including the exact factors IBM relies upon and how it weights those factors, is trade secret information.

5. Public disclosure of the amount of payments under IBM's license agreements would negatively impact IBM in future license and settlement negotiations by giving potential licensees the ability to derive IBM's secret methodology for determining balancing payments. The amount of the balancing payment in a particular agreement, such as the 2010 IBM-Samsung Patent License Agreement, is a significant data point towards reverse engineering IBM's pricing methodology. Competitors and potential counterparties to licensing and settlement agreements would gain an unfair insight into IBM's analyses, particularly as IBM would know nothing about their methodology for the negotiations. Using their knowledge of the precise substantive and financial terms of previously nonpublic agreements, this unfair advantage would allow them to calibrate their negotiation strategies to the determent of IBM.

6. The 2010 IBM-Samsung Patent License Agreement requires the parties to maintain the confidentiality of its terms, and IBM relies upon that confidentiality obligation to protect its sensitive corporate information. For the reasons stated above, the public disclosure of the commercially sensitive balancing payment amounts specified in that agreement would harm to IBM's patent licensing business.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: July 26, 2012

By: _____
KENNETH S. KING