KIMBERLY K. DODD, CA Bar No. 235109, kdodd@foley.com
**FOLEY & LARDNER LLP**
ATTORNEYS AT LAW
777 EAST WISCONSIN AVENUE
MILWAUKEE, WI 53202-5306
TELEPHONE:   414.271.2400
FACSIMILE:    414.297.4900

ATTORNEYS FOR THIRD PARTY TOSHIBA CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California Corporation<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD, a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company<br><br>Defendants. | Case No:  11-cv-01846-LHK<br><br>**THIRD PARTY TOSHIBA CORPORATION'S EMERGENCY ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL**<br><br>Judge:      The Honorable Lucy H. Koh |

Pursuant to Civil Local Rules 7-11 and 79-5(c), and the Court's Order of July 23, 2012 (Docket No. 1288), Third Party Toshiba Corporation ("Toshiba") hereby brings this Motion for Administrative Relief to seal portions of Trial Exhibit 630 that contain highly confidential business information of Toshiba relating to its license agreements.

Toshiba also moves to seal Exhibit 1 to the accompanying declaration of Mr. Yuji Uchigasaki because it contains the same information.

## Background

Toshiba was first informed by Samsung on July 21, 2012 that certain confidential business information of Toshiba was included in potential trial exhibits designated by Samsung. Toshiba understands that Exhibit 3A of Trial Exhibit 630 contains a summary of the terms of a license agreement between Samsung and Toshiba, which terms include highly confidential business information of Toshiba as indicated in the accompanying Declaration of Mr. Yuji Uchigasaki. Toshiba requests that the portion of Exhibit 3A containing such information be sealed and not presented in open court in this case. Toshiba has provided a redacted form of Exhibit 3A of Trial Exhibit 630 that has no Toshiba highly confidential business information (*See* Uchigaski Exhibit 2). Toshiba requests that only the redacted from of Exhibit A be used in open court.

## Argument

The Ninth Circuit has held that parties must show compelling reasons to seal documents attached to dispositive motions. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1177 (9th Cir. 2006). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

The Ninth Circuit has recognized that a company's trade secrets may be sealed even under the heightened "compelling reasons" standard. For example, the Ninth Circuit has granted a motion to seal a license agreement because the information contained in the agreement

constituted a trade secret. *In re Electronic Arts*, 298 Fed. Appx. 568, 569 (9th Cir. 2008); *see also Powertech Tech., Inc. v. Tessera, Inc.*, 2012 U.S. Dist. LEXIS 75831, at *4 (N.D. Cal. May 31, 2012) (granted motion to leave to file a license under seal). The Ninth Circuit defined a trade secret as "any formula, pattern, device, or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." Restatement of Torts § 757, cmt. b.; *see also Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972) (adopting the Restatement definition and finding that "a detailed plan for the creation, promotion, financing, and sale of contracts" constitutes a trade secret).

Additionally, courts in the Ninth Circuit have held that disclosure of documents that could affect a company's competitiveness and profitability are compelling reasons for sealing. *Triquint Semiconductor, Inc. v. Avago Techs. Ltd.*, 2011 U.S. Dist. LEXIS 120627, at *8-9 (D. Ariz. Oct. 17, 2011) (sealing a "Draft Patent Cross License Agreement"). Courts have sealed confidential documents, including license agreements, which can potentially damage an opponent's business if not protected. *See In re Adobe Systems, Inc. Sec. Litigation*, 141 F.R.D. 155, 159-63 (N.D. Cal. 1992); *Bauer Bros. LLC v. Nike, Inc.*, No. 09cv500–WQH–BGS, 2012 WL 1899838, at *3-4 (S.D. Cal. May 24, 2012); *Bean v. John Wiley & Sons, Inc.*, No. CV 11–08028–PCT–FJM, 2012 WL 1078662, at *6-7 (D. Ariz. Mar. 30, 2012).

Furthermore, district courts in the Ninth Circuit have recognized that information tangentially related to any material issue in the case lessens the public's need for access to the information. *Triquint*, 2011 U.S. Dist. LEXIS 120627, at *9. For example, a protective seal for financial terms was held to the "good cause" standard because the terms were "extraneous information" to the case. *Nursing Home Pension Fund v. Oracle Corp.*, 2007 U.S. Dist. LEXIS 84000 (N.D. Cal. Oct. 31, 2007), at *14. The information was extraneous because the financial terms were tangential to the merits of the underlying case. *Id.* Thus, the court granted the motion to seal. *Id.*

As indicated in the accompanying declaration of Mr. Yuji Uchigasaki, the financial terms and the description of the license scope of the Toshiba/Samsung license in Exhibit 3A are the type of highly sensitive business confidential information that is not available to Toshiba's

competitors and that provide Toshiba with an opportunity to obtain an advantage over competitors who do not know or use it.  Accordingly, there is a compelling reason to maintain the confidentiality of this information and to seal or redact the information in Exhibit 630.  *See, e.g., In re Electronic Arts*, 298 Fed. Appx. at 569; *Kamakana*, 447 F.3d at 1179.

### Conclusion

Compelling reasons to protect this License Agreement exist.  Thus, Toshiba respectfully requests that the Court order Exhibit 3A of Trial Exhibit 630 to be sealed and order only the redacted version of Exhibit 3A as shown in Exhibit 2 to the declaration of Mr. Uchigasaki be presented in open court.

Toshiba also respectfully requests that the Court order the sealing of Exhibit 1 to the accompanying declaration of Mr. Uchigasaki for the same reasons.

Dated:  July 26, 2012                     **FOLEY & LARDNER LLP**

By:     */s/ Kimberly K. Dodd*
           KIMBERLY K. DODD

Attorneys for Third Party
TOSHIBA CORPORATION