# EXHIBIT 15
# FILED UNDER SEAL

Apple v. Samsung
Confidential – Attorneys' Eyes Only

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>SAMSUNG ELECTRONICS CO., LTD., A Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>　　　　　　Defendants. | Case No.　11-cv-01846-LHK<br><br>**REBUTTAL EXPERT REPORT OF DR. KARAN SINGH, PH.D. REGARDING VALIDITY OF U.S. PATENTS NOS. 7,864,163, 7,844,915 AND 7,853,891** |

**\*\*CONFIDENTIAL – CONTAINS MATERIAL DESIGNATED AS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY PURSUANT TO A PROTECTIVE ORDER\*\***

1. **Claim 2: "detecting a first gesture at a location on the displayed portion of the structured electronic document; determining a first box in the plurality of boxes at the location of the first gesture; enlarging and translating the structured electronic document so that the first box is substantially centered on the touch screen display"**

32. I disagree with Mr. Gray's determination that LaunchTile and XNav disclose claim 2's recitation of "detecting a first gesture at a location on the displayed portion of the structured electronic document; determining a first box in the plurality of boxes at the location of the first gesture; enlarging and translating the structured electronic document so that the first box is substantially centered on the touch screen display."

33. The unambiguous language of claim 2 requires that the "structured electronic document" that is "enlarge[ed] and translate[ed]" (such that the enlarged portion of it is "substantially centered on the touch screen display") must be the same structured electronic document that includes a location where "a first gesture" is detected and "a first box" is determined. LaunchTile and XNav fail to disclose this recitation of claim 2 because the different zoom levels in LaunchTile and XNav do not display the same structured electronic document. In LaunchTile and XNav, the "substantially centered" Zone View is entirely distinct from the World View, or portion of it, that is initially displayed and tapped on by the user.[1] Transitioning from the World View to the Zone View does not involve "enlarging and translating" a portion of the World View. Rather, a Zone View entirely replaces the World View that was previously displayed. This replacement functionality is apparent in all of the LaunchTile screenshots included in part [2b] of the claim chart attached as Appendix 7 to Mr. Gray's report, which clearly show that the Zone View is not merely a translated and enlarged version of the World View, but entirely different content with a different visual appearance:

---

[1] I express no opinion as to whether the portions of the World View, Zone View, and Application View displayed by LaunchTile and XNav individually constitute "structured electronic documents" within the meaning of the '163 patent. Because it is clear that the different Views display distinct content, they cannot be the same structured electronic document.

EXPERT REPORT OF DR. KARAN SINGH REGARDING VALIDITY OF THE '163, '915 AND '891 PATENTS
Case No. 11-cv-01846-LHK

10

Apple v. Samsung
Confidential – Attorneys' Eyes Only



Note, for example, that the single phone icon in the World View becomes a list of calls in the Zone View; the email and calendar cells similarly become detailed lists in the Zone View where they were merely iconic representations in the World View. The difference is more than mere enlargement and translation; it is substitution of entirely different content.

34. A review of the XNav source code confirms that the Zone View displays different content, not merely an enlarged and translated version of content displayed in the World View. Specifically, the XNav code calls <u>entirely different</u> graphical assets when a transition is made from World View to Zone View, rather than enlarging the World View graphical assets. (*See* Landscape.cs in Bederson Decl. in Supp. of Samsung's Opp. to Apple's Mot. for Prelim. Inj., Ex. G (hereinafter XNav Source Code Exhibit).)

    **2.**    **Claim 2: "while the first box is enlarged, a second gesture is detected on a second box other than the first box; and in response to detecting the second gesture, the structured electronic document is translated so that the second box is substantially centered on the touch screen display"**

35. I disagree with Mr. Gray's determination that LaunchTile and XNav disclose claim 2's recitation of "while the first box is enlarged, a second gesture is detected on a

second box other than the first box; and in response to detecting the second gesture, the structured electronic document is translated so that the second box is substantially centered on the touch screen display."

36. Mr. Gray provides the following support seeking to establish that LaunchTile and XNav disclose this recitation of claim 2:

> In both the LaunchTile and XNav systems, the user "taps any of the 4 notification tiles within Zone view to launch a corresponding application." Therefore, in response to a second gesture (user tap) at the location of a second box (notification tile), "[a]n animated zoom draws the zoomspace toward the user until the target application fills the entire display . . . ." See LaunchTile Publication at 205.

(Gray Report Appendix 7 at 5.) Mr. Gray advances several alternative theories in part [2c] of the Appendix 7 claim chart that differ slightly in how the "first box" is defined or in the precise series of steps that precede tapping on a notification tile. But all of these alternatives define the "second box" as a notification tile in the Zone View, which is allegedly "substantially centered" when the user taps on it and launches the corresponding Application.

37. In my opinion, the transition from Zone View to Application View in LaunchTile and XNav fails to disclose this recitation of claim 2 for reasons analogous to those discussed in the previous section (there, in connection with the World View-to-Zone View transition): Zone View and Application View do not display the same structured electronic document. Rather, an Application, such as the email application that Mr. Gray uses as his example (Gray Report Appendix 7 at 5-8), displays content entirely distinct from anything displayed in the Zone View. As a result, any centering of content displayed in the Application View has no bearing on the "second box" defined in the Zone View, which is defined with respect to a different electronic document. The Application View displays separate content, which is not the result of merely "translat[ing]," as claim 2 requires, any electronic document visible in the Zone View. The unimplemented Applications in the LaunchTile and XNav prototypes—which include 33 of the 36 notification tiles (all except the email application that Mr. Gray uses as his example and two others)—provide the best

commercially successful and have garnered widespread praise for their elegant and user-friendly interfaces.

### E. The Asserted Claims of the '891 Patent are Not Invalid as Indefinite Under 35 U.S.C. § 112 ¶ 6

310. I disagree with Dr. Darrell's opinion that claims 51-52, 55-56, 64-71, and 73-74 are indefinite because the specification of the '891 patent lacks corresponding structure to adequately identify the scope of these claims.

311. It is my opinion that there is sufficient disclosure of structure in the '891 patent specification for performing the functionality claimed in these means-plus-function claims. I have identified the physical components (such as hardware) and the algorithmic components (such as flow diagrams) of structure in the '891 patent specification associated with each element of claims 51-52, 55-56, 64-71, and 73-74 in my Expert Report Regarding Infringement. (See Expert Report of Karan Singh, Ph.D. Regarding Infringement of U.S. Patents Nos. 7,864,163, 7,844,915 and 7,853,891 at 154-165.) The relevant disclosed structure includes at least the text at 2:42-3:14, 3:45-50, 4:28-5:31, 5:54-6:8, 6:21-40, 7:7-50, and 8:4-9:63 and Figures 1, and 7-21. This structure is, in my opinion, sufficient to render claims 51-52, 55-56, 64-71, and 73-74 definite, and therefore not invalid under 35 U.S.C. § 112 ¶ 6.

Dated: April 16, 2012

/s/ Karan Singh