# EXHIBIT 23

**SUBJECT TO PROTECTIVE ORDER; CONTAINS HIGHLY CONFIDENTIAL –
OUTSIDE ATTORNEY'S EYES ONLY INFORMATION**

HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
JENNIFER LEE TAYLOR (CA SBN 161368)
jtaylor@mofo.com
ALISON M. TUCHER (CA SBN 171363)
atucher@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
JASON R. BARTLETT (CA SBN 214530)
jasonbartlett@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK (PSG)<br><br>**APPLE INC.'S FIFTH AMENDED OBJECTIONS AND RESPONSE TO SAMSUNG'S INTERROGATORY NO. 1 TO APPLE** |

**SUBJECT TO PROTECTIVE ORDER; CONTAINS HIGHLY CONFIDENTIAL –
OUTSIDE ATTORNEY'S EYES ONLY INFORMATION**

Under Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Rule 33, Apple Inc. ("Apple") hereby amends its objections and response to Samsung's Interrogatory No. 1. Apple reserves the right to further supplement or amend these objections and this response based on its ongoing investigation of the facts, witnesses, and documents relating to this case.

## GENERAL OBJECTIONS

The General Objections set forth in Apple's Objections and Responses to Samsung's First Set of Interrogatories, served on September 12, 2011, are incorporated herein by reference.

## AMENDED OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 1

Subject to the foregoing qualifications and General Objections and the specific objections made below, Apple amends its objections and response to Samsung's Interrogatory No. 1 as follows:

**INTERROGATORY NO. 1:**

Separately for each claim of the APPLE PATENTS-IN-SUIT, describe the circumstances surrounding the invention of the claims, including the precise date of conception, the persons involved, the date of actual or constructive reduction to practice, and the steps constituting diligence from conception to actual or constructive reduction to practice.

**AMENDED OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 1:**

Apple objects to the term "circumstances" as vague and ambiguous. Apple objects to the phrase "steps constituting diligence" as vague and ambiguous. Apple objects that this Interrogatory is composed of fourteen separate interrogatories. Apple objects to this Interrogatory to the extent it seeks information that: (i) requires the disclosure of information, documents, and things protected from disclosure by the attorney-client privilege, work product doctrine, common interest doctrine, joint defense privilege, or any other applicable privilege, doctrine, or immunity; (ii) would require Apple to draw a legal conclusion to respond; (iii) is outside of Apple's possession; (iv) can be obtained as easily by Samsung, is already in Samsung's possession, or is publicly available; or (v) is not relevant to the claims or defenses at issue in this case because it requests information about the conception and reduction to practice of claims of the Apple patents in suit that have not been asserted.

Subject to and incorporating its General Objections and its specific objections, Apple responds as follows:

In accordance with Federal Rule of Civil Procedure 33(d), Apple refers to the following documents because the burden of deriving or ascertaining the answer to this Interrogatory from the produced business records is substantially the same for Apple as for Samsung: APLNDC00020222 - APLNDC00032478.

Apple's investigation is ongoing and Apple reserves the right to supplement this response further as this litigation progresses. Samsung listed hundreds of alleged prior art references in its invalidity contentions that Samsung failed to chart. Should Samsung decide to press these uncharted references at any point in this litigation, Apple reserves the right to amend this response.

Apple further responds:

U.S. Patent No. 6,493,002

Apple is informed and believes that the inventions recited in claims 1-4, 6, 7, 9-20, 25-29 31, 32, 34-45, and 50 of the '002 patent were conceived of by Steven Christensen on or about June 11, 1993 and reduced to practice on, or shortly before, October 12, 1993. Mr. Christensen created a working software program designed, implemented, and tested before October 12, 1993, which contained embodiments of the inventions. The asserted claims were also constructively reduced to practice in U.S. Patent Application No. 08/316,237, filed September 30, 1994. In accordance with Federal Rule of Civil Procedure 33(d), Apple refers to the following production documents because the burden of deriving or ascertaining the answer to this Interrogatory from the produced business records is substantially the same for Apple as for Samsung: APLNDC-X0000002401-2435.

U.S. Patent No. 7,469,381

Apple is informed and believes that the inventions recited in claims 1-20 of the '381 patent were conceived of by Bas Ording in February 2005 while he was working on a project at Apple relating to the user interface for the iPhone, and that the asserted claims were wholly or substantially reduced to practice on or about February 11, 2005. Apple is informed and believes

that Mr. Ording communicated his conception and his initial reduction to practice of the inventions to one or more members of Apple's Human Interface Group, including Greg Christie, the Director of the group, shortly after they were made.  The asserted claims were also constructively reduced to practice in provisional patent applications filed in January 2007 and in U.S. Patent Application No. 11/956,969 filed December 14, 2007.  In accordance with Federal Rule of Civil Procedure 33(d), Apple refers to the following production documents because the burden of deriving or ascertaining the answer to this Interrogatory from the produced business records is substantially the same for Apple as for Samsung: APLNDC00010928-930; APLNDC00014245-252; APLNDC00014253-257; APLNDC00014258; APLNDC00014259-265; and APLNDC00014266.  Apple has also made available for inspection prototype devices and/or source code.

U.S. Patent No. 7,853,891

Apple is informed and believes that the inventions recited in claims 1-3, 5-7, 14-21, 23, 24, 26-28, 30-32, 39-46, 48, 49, 51-53, 55-57, 64-71, 73, and 74 of the '891 patent were conceived of by Imran Chaudhri and Bas Ording in 2000, and that the asserted claims were wholly or substantially reduced to practice in March 2001.  The asserted claims were constructively reduced to practice on July 10, 2002 in U.S. Patent Application No. 10/193,573.

U.S. Patent No. 7,864,163

Apple is informed and believes that the inventions recited in claims 2, 4-13, 17-18, 27-42, and 47-52 of the '163 patent were conceived of by Andre Boule, Scott Forstall, Greg Christie, Stephen O. Lemay, Imran Chaudhri, Richard Williamson, Chris Blumenberg, and Marcel van Os in or before March 2006, and reduced to practice in March/April 2006.  Multiple groups at Apple contributed to the claimed inventions, including the Human Interface, iOS, and Safari groups.  These groups sought to aid the user in zooming to the correct region of a webpage without having to zoom and then scroll to center.  They pursued a method of a two finger tap that would zoom to the space between two spread fingers.  This option did not work to the groups' satisfaction.  In early 2006, Mr. Forstall recommended a solution in which an action, a double-tap for example, would automatically determine which region of a webpage to zoom in on.  Mr. Christie, along

with the Human Interface group, suggested that after a user double-tapped to zoom in on an area of interest, a subsequent double-tap in a new area of interest should retarget to that new area. A subsequent double-tap that was not in a new area would cause a zoom-out effect. Mr. Williamson and Mr. Blumenberg were the two primary individuals implementing the computer code that reduced the inventions to practice. The feature was a high priority and implementing it was Mr. Blumenberg's main task for the time period, between two weeks and two months, it took for him to complete it. By March/April 2006, the inventors had a functional version of computer code practicing the inventions.

The asserted claims were also constructively reduced to practice in a provisional patent application filed on September 6, 2006 and in U.S. Patent Application No. 11/850,013 filed September 4, 2007. In accordance with Federal Rule of Civil Procedure 33(d), Apple refers to the following production documents because the burden of deriving or ascertaining the answer to this Interrogatory from the produced business records is substantially the same for Apple as for Samsung: APLNDC00016628; APLNDC00019636-637; APLNDC00019638; APLNDC0001200348-353; APLNDC0001200354-360; APLNDC0001200361-373; APLNDC0001200374; APLNDC0000019634; APLNDC-X0000002313-2319; and APLNDC-X0000004557-4561. Apple has also made available for inspection prototype devices and/or source code.

U.S. Patent No. 7,844,915

Apple is informed and believes that the inventions recited in claims 1-21 of the '915 patent were conceived of by Andrew Platzer and Scott Herz between the summer and fall of 2005, and that the asserted claims were wholly or substantially reduced to practice in the fall of 2005. Mr. Platzer and Mr. Herz worked on an application framework known as "UIKit" used on the iPhone to build other iPhone applications. UIKit provides shared code that other applications can use. As part of their work on UIKit, the inventors added certain functionalities to the UIKit that embodied claims of the '915 patent. For example, by August 2005 the inventors had added scrolling improvements to the UIKit and by November 2005 they had incorporated a rubber

banding feature to the UIKit. The asserted claims were constructively reduced to practice on January 7, 2007.

In accordance with Federal Rule of Civil Procedure 33(d), Apple refers to the following production documents because the burden of deriving or ascertaining the answer to this Interrogatory from the produced business records is substantially the same for Apple as for Samsung: APL-ITC796-0000079762-768; APL-ITC796-0000079776-787; APL-ITC796-0000079794-801; APL-ITC796-0000079816-821; and APL-ITC796-0000079825-830. Apple has also made available for inspection prototype devices and/or source code.

U.S. Patent No. 7,812,828

Apple is informed and believes that the inventions recited in claims 1-3, 5, 6, 9-13, 15, 16, and 20-31 of the '828 patent were conceived of by Wayne Westerman and John Elias in the 1997/1998 timeframe. A prototype device called the "Phalange" embodied the asserted claims of the '828 patent and was built in 1997. Another prototype device called the "Fingerboard" embodied the asserted claims of the '828 patent and was built in October 1998. Another early prototype device that embodied the asserted claims of the '828 patent was called the "Manus Scan." The asserted claims were also constructively reduced to practice in a provisional patent application filed on January 26, 1998 and in U.S. Patent Application No. 09/236,513 filed January 25, 1999. In accordance with Federal Rule of Civil Procedure 33(d), Apple refers to the following production documents because the burden of deriving or ascertaining the answer to this Interrogatory from the produced business records is substantially the same for Apple as for Samsung: APLNDC00032578-579; APLNDC00032592; APLNDC00035753-791; and APLNDC0000052307-317. Apple has also made available for inspection prototype devices.

U.S. Patent No. 7,663,607

Apple is informed and believes that the inventions recited in claims 1-3, 6-8, 10, and 11 of the '607 patent were conceived of by Steve Hotelling, Joshua Strickon, and Brian Huppi between September and November 2003 during meetings among the inventors. By October 2003, the inventors solicited proposals for prototypes from FingerWorks. The asserted claims were wholly or substantially reduced to practice by January 2004, at which point Apple had submitted design

1  specifications and schematics to Wintek to produce the glass sensor panel component for a
2  prototype.  Finally, the asserted claims were constructively reduced to practice on May 6, 2004.
3       In accordance with Federal Rule of Civil Procedure 33(d), Apple refers to the following
4  production documents because the burden of deriving or ascertaining the answer to this
5  Interrogatory from the produced business records is substantially the same for Apple as for
6  Samsung: APLNDC0000032955-57; APLNDC0000032968-69; APLNDC0000033036-063;
7  APLNDC0000033123-26; APLNDC0000033885-4133; APLNDC0000033075-76;
8  APLNDC00033079-080; APLNDC00033095-3100; and APLNDC0000039221.

9  <u>U.S. Patent No. 7,920,129</u>

10      Apple is informed and believes that the inventions recited in claims 1-3, 5, 7, 9-12, 14, 16-
11 19, 21, 22, 24-26, and 28 of the '129 patent were conceived of by Steve Hotelling and
12 Brian Richards Land between April and May 2005.  Mr. Land joined Apple on April 18, 2005
13 and worked with Mr. Hotelling's hardware team.  Shortly after joining Apple, Mr. Land realized
14 that the interference caused by a display could be affected by changing the ITO trace patterns of a
15 touch panel.  By May 9, 2005, the inventors had conceived of the invention.
16      The asserted claims of the '129 patent were wholly or substantially reduced to practice
17 between the summer and fall of 2005, when diagrams for a prototype using wider bottom row
18 (drive) traces to shield display noise were created.  In order to create a working prototype,
19 Mr. Hotelling's hardware team engaged in testing and modifications of various concepts related
20 to the invention.  By May 2005, the team had diagrammed concepts of touch panels incorporating
21 a single glass substrate with traces wider on the bottom than the top.  By June 2005,
22 Mr. Hotelling's team had worked to design the layout of a touch panel with sense traces on the
23 top and drive traces on the bottom with other elements of a device.  By August 2005, the team
24 had created glass and assembly drawings for a single glass substrate with traces wider on the
25 bottom than the top.  By November 2005, the inventors were testing a prototype.  The asserted
26 claims were constructively reduced to practice on January 3, 2007.
27      In accordance with Federal Rule of Civil Procedure 33(d), Apple refers to the following
28 production documents because the burden of deriving or ascertaining the answer to this

Interrogatory from the produced business records is substantially the same for Apple as for Samsung: APLNDC-X0000002077-2158; APLNDC0000175860-69; APLNDC00014679-82; APLNDC0000101097-142; APLNDC0000152663-69; and APLNDC0000153871-72.

<u>U.S. Design Patent No. D504,889</u>

Apple is informed and believes that the invention recited in the asserted claim of the D'889 patent was conceived of by Bartley Andre, Daniel Coster, Daniele De Iuliis, Richard P. Howarth, Jonathan P. Ive, Steve Jobs, Duncan Robert Kerr, Shin Nishibori, Matthew Dean Rohrbach, Douglas B. Satzger, Calvin Q. Seid, Christopher J. Stringer, Eugene Anthony Whang, and Rico Zorkendorfer and reduced to practice on September 3, 2003.  The asserted claim was constructively reduced to practice on March 17, 2004.  In accordance with Federal Rule of Civil Procedure 33(d), Apple refers to the native design files it has made available for inspection and the following printouts from these native files because the burden of deriving or ascertaining the answer to this Interrogatory from the produced business records is substantially the same for Apple as for Samsung:  APLNDC00014225-228.  Apple will rely on the produced native design files in addition to other printouts from these files that have been produced to Samsung.

<u>U.S. Design Patent No. D593,087</u>

Apple is informed and believes that the invention recited in the asserted claim of the D'087 patent was conceived of by Bartley Andre, Daniel Coster, Daniele De Iuliis, Richard P. Howarth, Jonathan P. Ive, Steve Jobs, Duncan Robert Kerr, Shin Nishibori, Matthew Dean Rohrbach, Douglas B. Satzger, Calvin Q. Seid, Christopher J. Stringer, Eugene Anthony Whang, and Rico Zorkendorfer and reduced to practice on April 20, 2006.  The asserted claim was constructively reduced to practice on January 5, 2007.  In accordance with Federal Rule of Civil Procedure 33(d), Apple refers to the native design files it has made available for inspection and the following printouts from these native files because the burden of deriving or ascertaining the answer to this Interrogatory from the produced business records is substantially the same for Apple as for Samsung: APLNDC00014230-231; APLNDC00014237-244.  Apple will rely on the produced native design files in addition to other printouts from these files that have been produced to Samsung.

U.S. Design Patent No. D618,677

Apple is informed and believes that the invention recited in the asserted claim of the D'677 patent was conceived of by Bartley Andre, Daniel Coster, Daniele De Iuliis, Richard P. Howarth, Jonathan P. Ive, Steve Jobs, Duncan Robert Kerr, Shin Nishibori, Matthew Dean Rohrbach, Douglas B. Satzger, Calvin Q. Seid, Christopher J. Stringer, Eugene Anthony Whang, and Rico Zorkendorfer and reduced to practice on April 20, 2006.  The asserted claim was constructively reduced to practice on November 18, 2008.  In accordance with Federal Rule of Civil Procedure 33(d), Apple refers to the native design files it has made available for inspection and the following printouts from these native files because the burden of deriving or ascertaining the answer to this Interrogatory from the produced business records is substantially the same for Apple as for Samsung: APLNDC00014230-231; APLNDC00014237-244.  Apple will rely on the produced native design files in addition to other printouts from these files that have been produced to Samsung.

U.S. Design Patent No. D622,270

Apple is informed and believes that the invention recited in the asserted claim of the D'270 patent was conceived of by Bartley Andre, Daniel Coster, Daniele De Iuliis, Richard P. Howarth, Jonathan P. Ive, Steve Jobs, Duncan Robert Kerr, Shin Nishibori, Matthew Dean Rohrbach, Douglas B. Satzger, Calvin Q. Seid, Christopher J. Stringer, Eugene Anthony Whang, and Rico Zorkendorfer and reduced to practice on December 13, 2006.  The asserted claim was constructively reduced to practice on August 31, 2007.  In accordance with Federal Rule of Civil Procedure 33(d), Apple refers to the native design files it has made available for inspection and the following printouts from these native files because the burden of deriving or ascertaining the answer to this Interrogatory from the produced business records is substantially the same for Apple as for Samsung:  APLNDC-Y0000048846-853 and APLNDC-NCCX00000641-650.  Apple will rely on the produced native design files in addition to other printouts from these files that have been produced to Samsung.

U.S. Design Patent No. D627,790

Apple is informed and believes that the invention recited in the asserted claim of the D'790 patent was conceived of by Imran Chaudhri and reduced to practice on April 26, 2007. and constructively reduced to practice on June 23, 2007.  In accordance with Federal Rule of Civil Procedure 33(d), Apple refers to the native design files it has made available for inspection and the following printouts from these native files because the burden of deriving or ascertaining the answer to this Interrogatory from the produced business records is substantially the same for Apple as for Samsung:  APLNDC-Y0000071584-APLNDC-Y0000071586.  Apple will rely on the produced native design files in addition to other printouts from these files that have been produced to Samsung.

U.S. Design Patent No. D604,305

Apple is informed and believes that the invention recited in the asserted claim of the D'305 patent was conceived of by Freddy Anzures and Imran Chaudhri and reduced to practice on April 26, 2007.  The asserted claim was constructively reduced to practice on June 23, 2007. In accordance with Federal Rule of Civil Procedure 33(d), Apple refers to the native design files it has made available for inspection and the following printouts from these native files because the burden of deriving or ascertaining the answer to this Interrogatory from the produced business records is substantially the same for Apple as for Samsung:  APLNDC-Y0000071584-APLNDC-Y0000071586.  Apple will rely on the produced native design files in addition to other printouts from these files that have been produced to Samsung.

U.S. Design Patent No. D617,334

Apple is informed and believes that the invention recited in the asserted claim of the D'334 patent was conceived of by Imran Chaudhri and constructively reduced to practice on July 15, 2008. In accordance with Federal Rule of Civil Procedure 33(d), Apple has produced native files for inspection because the burden of deriving or ascertaining the answer to this Interrogatory from the produced business records is substantially the same for Apple as for Samsung.

APPLE'S FIFTH AMENDED OBJECTIONS AND RESPONSE TO SAMSUNG'S INTERROGATORY NO. 1

| | | |
|---|---|---|
| 1 | Dated: March 8, 2012 | MORRISON & FOERSTER LLP |

By:  */s/ Richard S.J. Hung*
          RICHARD S.J. HUNG

Attorneys for Plaintiff
APPLE INC.

# CERTIFICATE OF SERVICE

I declare that I am employed with the law firm of Morrison & Foerster LLP, whose address is Morrison & Foerster LLP, 425 Market St., San Francisco, California 94105-2482. I am not a party to the within cause, and I am over the age of eighteen years.

I further declare that on Thursday, March 8, 2012, I served a copy of:

**APPLE INC.'S FIFTH AMENDED OBJECTIONS AND RESPONSE TO SAMSUNG'S INTERROGATORY NO. 1 TO APPLE**

- ☒ BY ELECTRONIC SERVICE [Fed. R. Civ. P. 5(b)] by electronically mailing a true and correct copy through Morrison & Foerster LLP's electronic mail system to the e-mail address(es) set forth below, or as stated on the attached service list per agreement in accordance with Fed. R. Civ. P. 5(b).

Charles Kramer Verhoeven
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel: 415-875-6600
Email: charlesverhoeven@quinnemanuel.com

Edward J. DeFranco
Quinn Emanuel Urquhart & Sullivan, LLP
335 Madison Avenue, 22nd Floor
New York, NY 10017
Tel: 212-849-7000
Fax: 212-849-7100
Email: eddefranco@quinnemanuel.com

Kevin P.B. Johnson
Quinn Emanuel Urquhart & Sullivan LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Tel: 650-801-5000
Fax: 650-801-5100
Email: kevinjohnson@quinnemanuel.com

| | |
|---|---|
| 1 | |
| 2 | Michael Thomas Zeller<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>865 S. Figueroa Street, 10th Floor |
| 3 | Los Angeles, CA 90017<br>Tel: 213-443-3000 |
| 4 | Fax: 213-443-3100<br>Email: michaelzeller@quinnemanuel.com |
| 5 | |
| 6 | Victoria F. Maroulis |
| 7 | Quinn Emanuel Urquhart & Sullivan, LLP<br>555 Twin Dolphin Drive, Fifth Floor |
| 8 | Redwood Shores, CA 94065<br>Tel: 650-801-5000 |
| 9 | Fax: 650-801-5100<br>Email: victoriamaroulis@quinnemanuel.com |
| 10 | Margret Mary Caruso |
| 11 | Quinn Emanuel Urquhart & Sullivan, LLP<br>555 Twin Dolphin Drive, Suite 560 |
| 12 | Redwood Shores, CA 94065<br>Tel: 650-801-5000 |
| 13 | Fax: 650-801-5100<br>Email: margretcaruso@quinnemanuel.com |
| 14 | Todd Michael Briggs |
| 15 | Quinn Emanuel Urquhart & Sullivan, LLP<br>555 Twin Dolphin Drive, Fifth Floor |
| 16 | Redwood Shores, CA 94065<br>Tel: 650-801-5000 |
| 17 | Email: toddbriggs@quinnemanuel.com |
| 18 | Rachel H Kassabian |
| 19 | Quinn Emanuel Urquhart & Sullivan LLP<br>555 Twin Dolphin Drive 5th Floor |
| 20 | Redwood Shores, CA 94065<br>650-801-5000 |
| 21 | Fax: 650-801-5100<br>Email: rachelkassabian@quinnemanuel.com |
| 22 | |
| 23 | Executed in San Francisco, California this 8th day of March, 2012. |
| 24 | |
| 25 | _____/s/ Edith E. Perez_____ |