# EXHIBIT 80

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE (*pro hac vice*)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

*Attorneys for Plaintiff and
Counterclaim-Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity, SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>　　　　Defendants. | Civil Action No. 11-CV-01846-LHK<br><br>**APPLE INC.'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO SAMSUNG'S FIRST SET OF INTERROGATORIES**<br><br>**CONFIDENTIAL UNDER THE PROTECTIVE ORDER** |

APPLE INC.'S SUPPLEMENTAL RESPONSES TO
SAMSUNG'S FIRST SET OF INTERROGATORIES
(NOS. 8, 13, & 14)
Case No. 11-cv-01846 (LHK)

1

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

SAMSUNG ELECTRONICS CO., LTD., a Korean business entity, SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, a California corporation,

   Counterclaim-Plaintiff,

v.

APPLE INC., a California corporation,

   Counterclaim-Defendants.

**PLAINTIFF AND COUNTERCLAIM-DEFENDANT APPLE INC.'S**
**SUPPLEMENTAL RESPONSES TO SAMSUNG'S**
**FIRST SET OF INTERROGATORIES (NOS. 8, 13, & 14)**

Under Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Rule 33, Apple Inc. ("Apple") hereby provides supplemental responses to the First Set of Interrogatories to Apple Inc. (Nos. 8, 13, & 14) served by Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America LLC (collectively, "Samsung") on August 3, 2011. These responses are based on information reasonably available to Apple at the present time. Apple reserves the right to amend and supplement these responses when and if additional information becomes available.

**GENERAL OBJECTIONS**

The General Objections set forth in Apple Objections and Responses to Samsung's First Set of Interrogatories, served on September 12, 2011, are incorporated herein by reference.

2

APPLE INC.'S SUPPLEMENTAL RESPONSES TO
SAMSUNG'S FIRST SET OF INTERROGATORIES
(NOS. 8, 13, & 14)
Case No. 11-cv-01846 (LHK)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

**OBJECTIONS AND RESPONSES TO INTERROGATORIES**

Subject to the foregoing qualifications and General Objections and the specific objections made below, Apple objects and responds to Samsung Electronics Co. Ltd.'s First Set of Interrogatories to Apple Inc. as follows:

**Interrogatory No. 8**

Separately for each claim or counterclaim APPLE has asserted or will assert, identify and fully describe any and all damages that APPLE is claiming in This Lawsuit and the detailed basis for any such damages claim, including whether APPLE is seeking lost profits or a reasonable royalty and the periods of time over which APPLE claims it has suffered damages. If APPLE is seeking lost profits, identify the amount of the alleged lost profits, the computation of the alleged lost profits including all revenues, income, costs, unit costs, and quantity associated with the manufacture, sales and offers for sale by APPLE or any other entity of any product APPLE contends is covered by the APPLE PATENTS-IN-SUIT, each purported lost sale or other item which forms any part of APPLE's alleged lost profits, and the time period over which APPLE claims it is entitled to lost profits. If APPLE is seeking a reasonable royalty, identify the amount of the reasonable royalty, including any royalty rate expressed in per unit or percentage of revenues terms and the basis for the per unit or percentage used, the computation of the alleged reasonable royalty, and the time period over which APPLE claims it is entitled to lost profits.

**Response to Interrogatory No. 8**

Apple objects to this Interrogatory as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Apple objects to this Interrogatory as premature to the extent that it: (a) conflicts with the schedule entered by the Court, (b) conflicts with the obligations imposed by the Federal Rules of Civil Procedure, the Civil Local Rules and/or the Patent Local Rules of this Court, and/or any other applicable rule; (c) seeks information that is the subject of expert testimony; (d) seeks information and/or responses that are dependent on the Court's construction of the asserted claims of the patents-in-suit; (e) seeks

3

APPLE INC.'S SUPPLEMENTAL RESPONSES TO
SAMSUNG'S FIRST SET OF INTERROGATORIES
(NOS. 8, 13, & 14)
Case No. 11-cv-01846 (LHK)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

information and/or responses that are dependent on depositions and documents that have not been taken or produced; or (f) requires access to data and information in Samsung's sole possession. Apple objects to this Interrogatory to the extent it seeks information that: (i) requires the disclosure of information, documents, and things protected from disclosure by the attorney-client privilege, work product doctrine, common interest doctrine, joint defense privilege, or any other applicable privilege, doctrine, or immunity; or (ii) can be obtained as easily by Samsung, is already in Samsung's possession, or is publicly available.

Subject to and without waiving the foregoing General and Specific Objections, Apple responds as follows:

Apple claims a monetary award as a result of Samsung's infringement of Apple's patents. Pursuant to 35 U.S.C. § 289, Apple claims Samsung's total profits from all sales that infringe Apple's design patents, together with prejudgment interest. These shall include Samsung's total profits based on sales of each of the infringing products and any profits resulting from associated or reasonably foreseeable sales of other items in connection with or resulting from the sales of each of the infringing products. Pursuant to 35 U.S.C. § 284, Apple claims damages adequate to compensate for Samsung's infringement of Apple's design and utility patents, which shall in no event be less than a reasonable royalty for Samsung's infringement. Apple has lost profits on sales of its products as well as other revenues due to the presence of Samsung's infringement and the competition by Samsung using Apple's intellectual property. These lost profits shall include lost profits due to lost sales of iPhone and iPad products. Further, they include lost profits due to price erosion with respect to Apple products and profits lost because Apple did not receive foreseeable downstream sales of additional products and services. A reasonable royalty shall apply to any sales of infringing products that are not proved to have resulted in lost profits. Apple seeks prejudgment interest on any monetary award provided pursuant to section 284. Further, Apples seeks enhanced damages of three times the amount assessed based on Samsung's misconduct and willful infringement of Apple's patents.

4

APPLE INC.'S SUPPLEMENTAL RESPONSES TO
SAMSUNG'S FIRST SET OF INTERROGATORIES
(NOS. 8, 13, & 14)
Case No. 11-cv-01846 (LHK)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

Pursuant to 15 U.S.C. § 1117, Apple claims a monetary award for Samsung's misappropriation of Apple's trademarks and trade dress, and the dilution of the foregoing. Apple further claims an award based on Samsung's common law trademark infringement. Samsung has wrongly obtained profits by virtue of its infringement and misappropriation and this amount shall be calculated initially on Samsung's revenues from sales of all products obtained through and as a foreseeable result of Samsung's infringement, dilution, and misappropriation. Apple separately claims an award for the damages that it sustained due to Samsung's infringement, dilution, and misappropriation. These include lost sales of Apple products as well as foreseeable downstream sales of products and services and the expense of remedial, corrective or other steps that Apple has had to take in light of Samsung's infringement. Further, Apple seeks a monetary award for purposes of future corrective advertising. Pursuant to section 1117, Apple seeks an award trebling the damages assessed.

Apple has and will have expended costs and reasonable attorneys fees, which it will seek to recover pursuant to 15 U.S.C. § 1117 and 35 U.S.C. § 285 because Samsung's infringement and misconduct presents an exceptional case.

Based on Samsung's unfair business practices in violation of California Business and Professions Code § 17200 and Samsung's unjust enrichment of itself due to misappropriation of Apple's intellectual property, Apple claims an award restoring to Apply all profits earned as a result of Samsung's unlawful actions. Apple further claims restitution based on other revenues or benefits wrongly obtained by Samsung due to its violations.

Apple also claims damages as a result of Samsung's anticompetitive conduct and unlawful business acts and practices, including its failure to offer Apple a license on fair, reasonable and non-discriminatory (FRAND) terms to Samsung's claimed standards-essential patents. These damages include the expenditure of resources and costs to resolve its licensing dispute with Samsung and defending against Samsung's patent infringement claims, notwithstanding Apple's license to those patents by virtue of Samsung's FRAND commitments.

5

APPLE INC.'S SUPPLEMENTAL RESPONSES TO
SAMSUNG'S FIRST SET OF INTERROGATORIES
(NOS. 8, 13, & 14)
Case No. 11-cv-01846 (LHK)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

Apple also is threatened by loss of profits, loss of customers and potential customers, loss of goodwill and product image, uncertainty in business planning and uncertainty among customers and potential customers. Such damages may be determined by methods including, but not limited to, litigation expenditures incurred in the defense of Samsung's patent infringement claims, lost profits, and lost sales. In addition, pursuant to Section 4 of the Clayton Act and/or Section 16750 of the California Business and Professions Code, Apple is entitled to treble the amount of its actual damages suffered as a result of Samsung's conduct and all reasonable attorneys' fees and costs. Moreover, Apple is seeking all reasonable attorneys' fees and costs as a result of Samsung's violations of the California Unfair Competition Law, and in connection with its defense against Samsung's infringement claims.

Apple reserves the right to supplement its damages theory as additional information becomes available. In addition, Apple will provide information responsive to this Interrogatory consistent with the Court's Scheduling Order for the disclosure of damages experts.

**Supplemental Response to Interrogatory No. 8**

Subject to and without waiving the foregoing General and Specific Objections, Apple responds as follows:  Apple also claims damages as a result of Samsung's breach of contract, anticompetitive conduct and unlawful business acts and practices, including its failure to offer fair, reasonable and non-discriminatory (FRAND) license terms to Samsung's claimed standards-essential patents. These damages include the expenditure of resources and costs to resolve its licensing dispute with Samsung and defending against Samsung's patent infringement claims, notwithstanding Apple's license to those patents by virtue of Samsung's FRAND commitments. Apple also is threatened by loss of profits, loss of customers and potential customers, loss of goodwill and product image, increased input technology costs and decreased quality and innovation, uncertainty in business planning and uncertainty among customers and potential customers. Such damages may be determined by methods including, but not limited to, litigation expenditures incurred in the defense of Samsung's patent infringement claims, lost

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

profits, and lost sales. In addition, pursuant to Section 4 of the Clayton Act and/or Section 17200 of the California Business and Professions Code, Apple is entitled to treble the amount of its actual damages suffered as a result of Samsung's conduct and all reasonable attorneys' fees and costs. Moreover, Apple is seeking all reasonable attorneys' fees and costs as a result of Samsung's violations of the California Unfair Competition Law, and the Sherman Act, and in connection with its defense against Samsung's infringement claims.

Apple reserves the right to supplement its damages theory as additional information becomes available. In addition, Apple will provide information responsive to this Interrogatory consistent with the Court's Scheduling Order for the disclosure of damages experts.

**Interrogatory No. 13**

Separately for each of the SAMSUNG PATENTS-IN-SUIT, identify the date(s) APPLE first became aware of each patent, the persons at APPLE who first became aware of each patent and the detailed circumstances by which each such person became aware of each patent.

**Response to Interrogatory No. 13**

Apple objects to this Interrogatory as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, especially to the extent it calls for the identification of the "detailed circumstances" by which Apple became aware of each patent. Apple also objects to this Interrogatory to the extent it requires the disclosure of information, documents and things protected from disclosure by the attorney-client privilege, work product doctrine, common interest doctrine, joint defense privilege, or any other applicable privilege, doctrine, or immunity.

Subject to and without waiving the foregoing General and Specific Objections, Apple responds as follows: Apple became aware of U.S. Patent No. 7,675,941 and U.S. Patent No. 7,447,516 on or before April 21, 2011, when Samsung first asserted the respective foreign counterparts of these patents against Apple in Japan and Korea. Apple became aware of the following Samsung Patents-in-Suit on or before April 27, 2011, when Samsung filed its initial

APPLE INC.'S SUPPLEMENTAL RESPONSES TO
SAMSUNG'S FIRST SET OF INTERROGATORIES
(NOS. 8, 13, & 14)
Case No. 11-cv-01846 (LHK)

7

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

Complaint in Case No. 11-CV-02079: U.S. Patent Nos. 7,362,867, 7,200,792, 7,386,001, 7,050,410, 6,928,604, and 7,069,055. Apple became aware of the remaining Samsung Patents-in-Suit on or before June 30, 2011, when Samsung filed its Answer and Counterclaims in this action.

Apple's investigation is ongoing and Apple reserves the right to supplement this response as this litigation progresses.

**Supplemental Response to Interrogatory No. 13**

Subject to and without waiving the foregoing General and Specific Objections, Apple responds as follows: During a meeting between Apple and Samsung representatives on September 9, 2010, Samsung listed the following Samsung Patents-in-Suit in a PowerPoint presentation: U.S. Patent Nos. 6,928,604; 7,050,410; 7,069,055; 7,079,871; 7,200,792; 7,362,867; 7,386,001; 7,447,516; 7,577,460; and 7,675,941. The September 9, 2010 meeting was held in Cupertino, California, and Chip Lutton, Tom Mavrakakis, and Mike Pieja attended for Apple. The Samsung attendees at this meeting included Kwang Jun Kim. Apple became aware of the following Samsung Patents-in-Suit on or before June 30, 2011, when Samsung filed its Answer and Counterclaims in this action: U.S. Patent Nos. 7,456,893 and 7,698,711.

Apple further responds that in accordance with Federal Rule of Civil Procedure 33(d), Apple has produced and/or will produce documents responsive to this Interrogatory, and that the burden of ascertaining the answer to this Interrogatory from the produced business records is substantially the same for Apple as for Samsung. Apple further designates, at this time, documents bearing the Bates numbers APLNDC00000369-387 and APLNDC00000898-916, from which information responsive to this Interrogatory may be ascertained.

Apple's investigation is ongoing and Apple reserves the right to supplement this response as this litigation progresses.

8

APPLE INC.'S SUPPLEMENTAL RESPONSES TO
SAMSUNG'S FIRST SET OF INTERROGATORIES
(NOS. 8, 13, & 14)
Case No. 11-cv-01846 (LHK)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

**Interrogatory No. 14**

Describe in detail the factual basis for every claim, affirmative defense and every counterclaim APPLE has asserted or will assert in this lawsuit.

**Response to Interrogatory No. 14**

Apple objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to this discovery of admissible evidence. Apple objects to this Interrogatory as it contains subparts that each should count as a separate Interrogatory. Apple further objects to this Interrogatory, to the extent it requests a complete articulation of the factual basis for all its claims in this case, on the grounds that it: (a) conflicts with the schedule entered by the Court, (b) conflicts with the obligations imposed by the Federal Rules of Civil Procedure, the Civil Local Rules and/or the Patent Local Rules of this Court, and/or any other applicable rule; (c) seeks information that is the subject of expert testimony; (d) seeks information and/or responses that are dependent on the Court's construction of the asserted claims of the patents-in-suit; or (e) seeks information and/or responses that are dependent on depositions and documents that have not been taken or produced. Moreover, the Court's Local Rules and the schedule entered by the Court do not contemplate the disclosure of claim construction positions or expert opinions at this time.

Apple further objects to this Interrogatory to the extent it requires information outside Apple's possession, custody and control, including, for example, information concerning components that Apple has purchased from third parties.

Subject to and without waiving the foregoing General and Specific Objections, Apple responds as follows: Apple filed an amended complaint on June 16, 2011 which describes in detail, based upon information then known to Apple, the factual bases for every claim that Apple has asserted in this lawsuit. Apple also filed an Answer to Samsung's Counterclaims and Counterclaims in Reply on July 21, 2011 which describes in detail, based upon information then

9

APPLE INC.'S SUPPLEMENTAL RESPONSES TO
SAMSUNG'S FIRST SET OF INTERROGATORIES
(NOS. 8, 13, & 14)
Case No. 11-cv-01846 (LHK)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

known to Apple, the factual bases for every affirmative defense and counterclaim that Apple has asserted in this lawsuit.

Specifically, the factual bases for Apple's claims of Federal False Designation of Origin and Unfair Competition, and for California Unfair Business Practices are described in paragraphs 21-25, 27, 48-56, 80-88, 90-92, 95-97, 99, and 106 of Apple's Amended Complaint.

The factual bases for Apple's claims of Federal Trade Dress Infringement and Federal Trade Dress Dilution are described in paragraphs 14-16, 18-21, 23-24, 30-68, 80-84, 87, 95-97, 99-102 of Apple's Amended Complaint.

The factual bases for Apple's claims of Federal Trademark Infringement and Common Law Trademark Infringement are described in paragraphs 13-16, 18-21, 23-24, 69-78, 104-105 of Apple's Amended Complaint.

The factual bases for Apple's claims of infringement of the 'D790, 'D334, 'D305, 'D677, 'D889, 'D087, 'D270 patents are supported by paragraph 29 of Apple's Amended Complaint.

The factual bases for Apple's claims of infringement of the '002, '381, '607, '828, '915, '891, '163, and '129 patents are described in paragraphs 26-28, and 94 of Apple's Amended Complaint.

Additionally, in accordance with Federal Rule of Civil Procedure 33(d), Apple refers to the following documents because the burden of deriving or ascertaining the answer to this Interrogatory from the produced business records is substantially the same for Apple as for Samsung: Apple's claim charts for the '002, '381, '607, '828, '915, '891, '163, and '129 patents that Apple served on Samsung on August 26, 2011 pursuant to the Northern District of California's Patent Local Rules.

To the extent this Interrogatory seeks the identification of the factual basis for Apple's affirmative defenses and counterclaims that the Samsung Patents-in-Suit are invalid, Apple will make those disclosures in accordance with the schedule set by the Court. To the extent this Interrogatory seeks the identification of the factual basis for Apple's affirmative defenses and

10

APPLE INC.'S SUPPLEMENTAL RESPONSES TO
SAMSUNG'S FIRST SET OF INTERROGATORIES
(NOS. 8, 13, & 14)
Case No. 11-cv-01846 (LHK)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

counterclaims of non-infringement, Apple incorporates by reference its response to Interrogatory No. 12.  To the extent this Interrogatory seeks an identification of the factual basis for Apple's remaining affirmative defenses and counterclaims, including its claims that Samsung has engaged in anticompetitive conduct and unlawful business acts and practices as a result of, inter alia, its failure to offer Apple a license to Samsung's claimed standards-essential patents on fair, reasonable and non-discriminatory (FRAND) terms notwithstanding Samsung's FRAND commitments, those facts are described at paragraphs 1-4 and 14-90 of Apple's Counterclaims in Reply, which are incorporated herein by reference.

Apple's investigation is ongoing and Apple reserves the right to supplement this response as this litigation progresses.

**Supplemental Response to Interrogatory No. 14**

Subject to and without waiving the foregoing General and Specific Objections, Apple responds as follows: Apple filed its Amended Answer, Defenses and Counterclaims in Reply to Samsung's Counterclaims ("Amended Counterclaims") on November 8, 2011.  Apple's Amended Counterclaims describes in detail, based upon information then known to Apple, the factual bases for every affirmative defense and counterclaim that Apple has asserted in this lawsuit.

To the extent this Interrogatory seeks an identification of the factual basis for Apple's remaining affirmative defenses and counterclaims, including its claims that Samsung has engaged in anticompetitive conduct and unlawful business acts and practices in violation of Section 2 of the Sherman Act and Cal. Bus. & Prof. Code § 17200 as a result of, inter alia, its failure to timely disclose the patents it claims are essential to 3GPP and ETSI and its failure to offer Apple a license to Samsung's claimed standards-essential patents on fair, reasonable and non-discriminatory (FRAND) terms notwithstanding Samsung's FRAND commitments, those facts are described at paragraphs 1-6 and 16-106 of Apple's Amended Counterclaims, which are incorporated herein by reference.  To the extent this Interrogatory seeks an identification of the

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

factual basis for Apple's claims that Samsung has breached its contractual commitments to (and is estopped from reneging on those promises to) ETSI, ETSI's members, and designers and sellers of products that implement the UMTS standard by claiming infringement and seeking to enjoin Apple from practicing the UMTS standard, those facts are described at paragraphs 1-6 and 16-89 of Apple's Amended Counterclaims, which are incorporated herein by reference.

To the extent this Interrogatory seeks the identification of the factual basis for Apple's affirmative defenses and counterclaims that the Samsung Patents-in-Suit are invalid, Apple incorporates by reference the invalidity contentions that it served on Samsung on October 7, 2011 pursuant to the Northern District of California's Patent Local Rules.

Apple's investigation is ongoing and Apple reserves the right to supplement this response as this litigation progresses.

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

Dated:  March 7, 2012

/s/ Mark D. Selwyn
Mark D. Selwyn (SBN 244180)
(mark.selwyn@wilmerhale.com)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California  94304
Telephone:  (650) 858-6000
Facsimile:   (650) 858-6100

William F. Lee (admitted *pro hac vice*)
(william.lee@wilmerhale.com)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, Massachusetts  02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

Harold J. McElhinny (SBN 66781)
(HMcElhinny@mofo.com)
Michael A. Jacobs (SBN 111664)
(MJacobs@mofo.com)
Richard S.J. Hung (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105
Telephone: ( 415) 268-7000
Facsimile:  (415) 268-7522

Attorneys for Plaintiff and
Counterclaim-Defendant Apple Inc.

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on March 7, 2012 by electronic mail upon the following:

Charles Kramer Verhoeven (Cal. Bar No. 170151)
(charlesverhoeven@quinnemanuel.com)
Quinn Emanuel Urquhart & Sullivan LLP
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile:  (415) 875-7600

Kevin P.B. Johnson (Cal. Bar No. 177129)
(kevinjohnson@quinnemanuel.com)
Victoria F. Maroulis (Cal. Bar No. 202603)
(victoriamaroulis@quinnemanuel.com)
Quinn Emanuel Urquhart & Sullivan LLP
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Edward J. DeFranco (Cal. Bar No. 165596)
(eddefranco@quinnemanuel.com)
Quinn Emanuel Urquhart & Sullivan LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Michael T. Zeller (Cal. Bar No. 196417)
(michaelzeller@quinnemanuel.com)
Quinn Emanuel Urquhart & Sullivan LLP
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

　　　　　　　　　　　　　　　　　　　　　　/s/ Mark. D Selwyn
　　　　　　　　　　　　　　　　　　　　　　Mark D. Selwyn