# EXHIBIT 81

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE (*pro hac vice*)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

*Attorneys for Plaintiff and*
*Counterclaim-Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

APPLE INC., a California corporation,

     Plaintiff,

     vs.

SAMSUNG ELECTRONICS CO., LTD., a
Korean business entity, SAMSUNG
ELECTRONICS AMERICA, INC., a New
York corporation, and SAMSUNG
TELECOMMUNICATIONS AMERICA,
LLC, a Delaware limited liability company,

     Defendants.

Civil Action No. 11-CV-01846-LHK

**APPLE INC.'S OBJECTIONS AND
RESPONSES TO SAMSUNG'S FOURTH
SET OF INTERROGATORIES**

**CONFIDENTIAL UNDER THE
PROTECTIVE ORDER**

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

1

2   SAMSUNG ELECTRONICS CO., LTD., a
    Korean business entity, SAMSUNG
3   ELECTRONICS AMERICA, INC., a New
    York corporation, and SAMSUNG
4   TELECOMMUNICATIONS AMERICA,
    LLC, a Delaware limited liability company, a
5   California corporation,

6
                    Counterclaim-Plaintiff,
7
         v.
8
    APPLE INC., a California corporation,
9
                    Counterclaim-Defendant.
10

11

12          **PLAINTIFF AND COUNTERCLAIM-DEFENDANT APPLE INC.'S**
               **OBJECTIONS AND RESPONSES TO SAMSUNG'S**
13           **FOURTH SET OF INTERROGATORIES (NOS. 34-80)**

14          Under Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Rule 33, Apple

15   Inc. ("Apple") hereby objects and responds to the Fourth Set of Interrogatories to Apple Inc.

16   (Nos. 34-80) served by Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and

17   Samsung Telecommunications America LLC (collectively, "Samsung") on February 8, 2012.

18   These responses are based on information reasonably available to Apple at the present time.

19   Apple reserves the right to amend and supplement these responses when and if additional

20   information becomes available.

21                              **GENERAL OBJECTIONS**

22          Apple makes the following general responses and objections ("General Objections") to

23   each definition, instruction, and interrogatory propounded in Samsung's Fourth Set of

24   Interrogatories to Apple Inc. These General Objections are hereby incorporated into each

25   specific response. The assertion of the same, similar, or additional objections or partial responses

26   to individual interrogatories does not waive any of Apple's General Objections.

27

28

**SUBJECT TO PROTECTIVE ORDER**
<u>**CONTAINS CONFIDENTIAL INFORMATION**</u>

1.      Apple objects to Samsung's definitions of "APPLE," "PLAINTIFF," "YOU," and "YOUR" to the extent they purport to include persons or entities that are separate and distinct from Apple and are not under Apple's control. "Apple" refers only to Apple Inc.

2.      Apple objects to Samsung's definitions of each term incorporating the word "PATENT," "PATENTS," and "PATENTS-IN-SUIT," including definitions 4 through 16, because they are inaccurate, overly broad, vague, ambiguous, and unduly burdensome.

3.      Apple objects to Samsung's definition of "APPLE ACCUSED PRODUCTS" to the extent it is overly broad and unduly burdensome and to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Apple further objects to Samsung's definition of "Apple Accused Products" to the extent that it requires a legal conclusion.  For purposes of responding to these Requests, Apple interprets the term "Apple Accused Products" to mean those products that are specifically identified and accused in Samsung's Patent Local Rule 3-1 Infringement Contentions, served on September 7, 2011.

4.      Apple objects to the definition of "APPLE MANUFACTURERS" to the extent it includes entities who have no role in the manufacture of the Apple Accused Products.  Apple further objects that this definition as overbroad to the extent it includes "all their predecessors, successors, parents, divisions, subsidiaries, and affiliates thereof, and all officers, agents, employees, counsel and other persons acting on their behalf, or any other person or entity subject to their control or which controls them."

5.      Apple objects to the definition of the term "3GPP" as vague, ambiguous, overbroad, and unduly burdensome to the extent it departs from Apple's own definition of this term, as defined in Apple's Third Set of Requests for Production of Documents.

6.      Apple objects to the definition of "Software" and "Related Documentation" as overbroad, vague, ambiguous, and unduly burdensome, especially with regards to the terms "acted upon by a processor," "listings," and "descriptive or explanatory documentary documents."  Apple further objects because much of the "source code, hardware code, machine

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

code, object code, assembly code" or other "code" for hardware provided by third parties is not within Apple's possession, custody, or control.

7.       Apple objects to the definition of "Baseband Processor" because it is inaccurate, overbroad, vague, ambiguous, and unduly burdensome, especially with regards to the phrase "mainly used to process communication functions."

8.       Apple objects to the definition of the term "FRAND" as vague and ambiguous to the extent it departs from Apple's own definition of this term, as defined in Apple's Ninth Set of Requests for Admission.

9.       Apple objects to Samsung's definitions of "APPLE TRADE DRESS" because it is inaccurate, overly broad, vague, ambiguous, and unduly burdensome.  For the purposes of these responses and objections, Apple uses the following defined terms:

- "Original iPhone Trade Dress" means the following elements of Apple's product designs:  a rectangular product with four evenly rounded corners; a flat clear surface covering the front of the product; the appearance of a metallic bezel around the flat clear surface; a display screen under the clear surface; under the clear surface, substantial black borders above and below the display screen and narrower black borders on either side of the screen; when the device is on, a matrix of colorful square icons with evenly rounded corners within the display screen; and when the device is on, a bottom dock of colorful square icons with evenly rounded corners set off from the other icons on the display, which does not change as other pages of the user interface are viewed;

- "iPhone 3G Trade Dress" means the following elements of Apple's product designs: a rectangular product with four evenly rounded corners; a flat clear surface covering the front of the product; the appearance of a metallic bezel around the flat clear surface; a display screen under the clear surface; under the clear surface, substantial black borders above and below the display screen and narrower black borders on either side of the screen; when the device is on, a row of small dots on the display screen; when the device

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

is on, a matrix of colorful square icons with evenly rounded corners within the display screen; and when the device is on, a bottom dock of colorful square icons with evenly rounded corners set off from the other icons on the display, which does not change as other pages of the user interface are viewed;

- "iPhone 4 Trade Dress" means the following elements of Apple's product designs:  a rectangular product with four evenly rounded corners; a flat clear surface covering the front of the product; a display screen under the clear surface; under the clear surface, substantial neutral (black or white) borders above and below the display screen and narrower black borders on either side of the screen; a thin metallic band around the outside edge of the phone; when the device is on, a row of small dots on the display screen; when the device is on, a matrix of colorful square icons with evenly rounded corners within the display screen; and when the device is on, a bottom dock of colorful square icons with evenly rounded corners set off from the other icons on the display, which does not change as other pages of the user interface are viewed;

- "iPhone Trade Dress" means the following elements of Apple's product designs:  a rectangular product with four evenly rounded corners; a flat clear surface covering the front of the product; a display screen under the clear surface; under the clear surface, substantial neutral (black or white) borders above and below the display screen and narrower neutral borders on either side of the screen; when the device is on, a matrix of colorful square icons with evenly rounded corners within the display screen; and when the device is on, a bottom dock of colorful square icons with evenly rounded corners set off from the other icons on the display, which does not change as other pages of the user interface are viewed;

- "iPad Trade Dress" means the following elements of Apple's product designs:  a rectangular product with four evenly rounded corners; a flat clear surface covering the front of the product; the appearance of a metallic rim around the flat clear surface; a

SUBJECT TO PROTECTIVE ORDER
CONTAINS CONFIDENTIAL INFORMATION

display screen under the clear surface; under the clear surface, substantial neutral (black or white) borders on all sides of the display screen; and when the device is on, a matrix of colorful square icons with evenly rounded corners within the display screen;

- "iPad 2 Trade Dress" means the following elements of Apple's product designs: a rectangular product with four evenly rounded corners; a flat clear surface covering the front of the product; the appearance of a metallic rim around the clear flat surface; a display screen under the clear surface; under the clear surface, substantial neutral (black or white) borders on all sides of the display screen; and when the device is on, a matrix of colorful square icons with evenly rounded corners within the display screen;

- "Trade Dress Registrations" means U.S. Registration Nos. 3,470,983; 3,457,218; and 3,475,327; and

- "Trade Dress Applications" means U.S. Application Serial Nos. 77/921,838; 77/921,829; 77/921,869; and 85/299,118.

10.     Apple objects to Samsung's definitions of "APPLE TRADEMARKS" because it is inaccurate, overly broad, vague, ambiguous, and unduly burdensome. For the purposes of these responses and objections, Apple uses the following defined terms:

- "Registered Icon Trademarks" means the marks shown in U.S. Registration Nos. 3,886,196; 3,889,642; 3,886,200; 3,889,685; 3,886,169; and 3,886,197;

- "Purple iTunes Store Trademark" means the mark shown in U.S. Application Serial No. 85/041,463; and

- "iTunes Eighth Note and CD Design Trademark" means the mark shown in U.S. Registration No. 2,935,038.

11.     Apple objects to Samsung's definition of "Document" and "Documents" as overly broad, vague, ambiguous, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. "Document" shall have the meaning ascribed to it by Federal Rule of Civil Procedure 34 and Federal Rule of Evidence 1001.

APPLE INC.'S RESPONSES TO SAMSUNG'S
FOURTH SET OF INTERROGATORIES
Case No. 11-cv-01846 (LHK)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

12.     Apple objects to the definition of the terms "referring to," "relating to," "concerning," or "regarding" as vague, ambiguous, overbroad, and unduly burdensome to the extent that they depart from Apple's own definitions of these terms, as defined in Apple's Third Set of Interrogatories, dated August 3, 2011.

13.     Apple objects to Samsung's definition of "IDENTIFY" because it is overly broad and unduly burdensome and because it purports to impose requirements and obligations on Apple other than as set forth in the Federal Rules of Civil Procedure. Samsung's definition is overbroad and unduly burdensome because it would require Apple to include in its responses, for example, the addresses, employer names, and job titles of every individual identified, regardless of their employment at Apple; documents and testimony supporting every fact in Apple's responses; model names/numbers, manufacturers, announcement/release/sales dates, sellers, and descriptions for any product identified in Apple's responses, regardless of whether the product is an Apple product; production numbers, document type, a description of the general nature and subject matter, date of creation, and all authors, addressees, and recipients for every document; and country, patent or application number, filing/publication/grant dates, patentees, and applicants for every patent document.

14.     Apple objects to Samsung's Instruction Nos. 1 and 2 because they are vague, ambiguous, overly broad, and unduly burdensome, especially in their purported requirement that Apple furnish information from entities that are not Apple, and from persons with "the best knowledge." Apple further objects to these instructions because they call for the disclosure of information that is privileged and protected by the work product doctrine.

15.     Apple objects to Samsung's Instruction Nos. 3 and 5-10 because they purport to impose requirements and obligations on Apple other than as set forth in the Federal Rules of Civil Procedure.

16.     Apple provides these objections and responses to the best of its current knowledge.  Discovery or further investigation may reveal additional or different information

SUBJECT TO PROTECTIVE ORDER
<u>CONTAINS CONFIDENTIAL INFORMATION</u>

warranting amendment of these objections and responses. Apple reserves the right to produce at trial and make reference to any evidence, facts, documents, or information not discovered at this time, omitted through good-faith error, mistake, or oversight, or the relevance of which Apple has not presently identified.

17.    By responding to these interrogatories, Apple does not concede the relevance or materiality of any of the interrogatories or of the subjects to which it refers. Apple's responses are made subject to, and without waiving any objections as to the competency, relevancy, materiality, privilege, or admissibility of any of the responses, or of the subject matter to which they concern, in any proceeding in this action or in any other proceeding.

18.    Apple objects to any interrogatory to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privilege, doctrine, or discovery immunity. The inadvertent production by Apple of information protected from disclosure by any such privilege, doctrine, or immunity shall not be deemed a waiver by Apple of such privileges or protections. Pursuant to the parties' agreement, to the extent any interrogatory calls for the identification of information dated after April 15, 2011 that is protected by such privilege, doctrine, or immunity, such information will not be included on Apple's privilege log.

19.    Apple objects generally to the Interrogatories to the extent they seek confidential, proprietary, or trade secret information of third parties. Apple will endeavor to work with third parties in order to obtain their consent, if necessary, before providing such information. To the extent an interrogatory seeks information of a confidential or proprietary nature to Apple, or to others to whom Apple is under an obligation of confidentiality, Apple will respond pursuant to the terms of the protective order to be entered in this case and subject to notice to third parties, as necessary.

SUBJECT TO PROTECTIVE ORDER
CONTAINS CONFIDENTIAL INFORMATION

20.     Apple objects to any interrogatory to the extent it is premature and/or to the extent

that it: (a) conflicts with the schedule entered by the Court; (b) conflicts with obligations that are

imposed by the Federal Rules of Civil Procedure, the Civil Local Rules and/or the Patent Local

Rules of this Court, and/or any other applicable rule; (c) seeks information that is the subject of

expert testimony; (d) seeks information and/or responses that are dependent on the Court's

construction of the asserted claims of the patents-in-suit; and/or (e) seeks information and/or

responses that are dependent on depositions and documents that have not been taken or

produced.

21.     Apple objects to each interrogatory as overbroad and unduly burdensome to the

extent that it calls for information that is neither relevant to the claims or defenses of the parties

nor reasonably calculated to lead to the discovery of admissible evidence.

22.     Apple objects to each interrogatory and to Samsung's "Definitions" and

"Instructions" to the extent they are vague, ambiguous, overbroad, or unduly burdensome, or

purport to impose upon Apple any duty or obligation that is inconsistent with or in excess of

those obligations that are imposed by the Federal Rules of Civil Procedure, the Civil Local Rules

and/or the Patent Local Rules of this Court, or any other applicable rule.

23.     Apple objects to any Interrogatory to the extent it seeks irrelevant information

about Apple's products or business operations. Such requests are overbroad and unduly

burdensome.  Apple will only produce information that is relevant to the patents-in-suit, or that is

otherwise related to the claims or defenses of the parties asserted by the parties in this litigation.

24.     Apple objects to each Interrogatory to the extent that it would impose a duty on

Apple to undertake a search for or an evaluation of information, documents, or things for which

Samsung is equally able to search for and evaluate.  In particular, Apple objects to each

Interrogatory to the extent that it seeks information or documents that are publicly available.

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

25.　　Apple objects to each Interrogatory to the extent that it seeks information that can be derived or ascertained from documents that will be produced in discovery or that are uniquely in Samsung's possession, custody, and control.

26.　　Apple objects to the Interrogatories to the extent they would require Apple to make a legal conclusion or contention to make a proper response.

27.　　Apple objects to any Definition, Instruction, or Interrogatory to the extent that it purports to require identification of oral communications.  Such Definition, Instruction, or Interrogatory is overbroad, vague, ambiguous, and unduly burdensome.

28.　　Apple objects to the Interrogatories to the extent that they purport to define words or phrases to have a meaning different from their commonly understood meaning, or to include more than their commonly understood definitions.

29.　　In Apple's objections, the terms "and" and "or" are intended to be construed conjunctively or disjunctively as necessary to make the objections inclusive rather than exclusive.

30.　　Apple objects to the Interrogatories to the extent they purport to require Apple to identify or describe or identify "every," "each," "any," or other similarly expansive, infinite, or all-inclusive terms to the extent that such Interrogatories are overbroad and unduly burdensome.

31.　　Apple objects to the Interrogatories to the extent they seek information that is not in the possession, custody, or control of Apple, purport to require Apple to speculate about the identity of persons who might have responsive documents, and/or purport to call for any description of documents that Apple no longer possesses and/or was under no obligation to maintain.

32.　　Apple objects to the Interrogatories to the extent they are not limited in time and seek information for periods of time that are not relevant to any claim or defense.

33.　　Apple's objections as set forth herein are made without prejudice to Apple's right to assert any additional or supplemental objections pursuant to Rule 26(e).

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

34.     Apple will make, and has made, reasonable efforts to respond to Samsung's Fourth Set of Interrogatories, to the extent that no objection is made, as Apple reasonably understands and interprets each Interrogatory. If Samsung subsequently asserts any interpretation of any Interrogatory that differs from the interpretation of Apple, then Apple reserves the right to supplement and amend its objections and responses.

## OBJECTIONS AND RESPONSES TO INTERROGATORIES

Subject to the foregoing qualifications and General Objections and the specific objections made below, Apple objects and responds to Samsung Electronics Co. Ltd.'s Fourth Set of Interrogatories to Apple Inc. as follows:

**INTERROGATORY NO. 34:**

IDENTIFY all facts (including any DOCUMENTS reflecting such facts and persons having knowledge of them) concerning any advance notice, communications or other information that APPLE had, including without limitation any discussions between Steve Jobs and Paul Otellini, concerning INTEL'S acquisition of INFINEON'S Wireless Business and the creation of Intel Mobile Communications, Inc., including any expected effects or benefits of the transaction with respect to APPLE, INTEL, or BASEBAND PROCESSORS supplied for incorporation in the ACCUSED APPLE PRODUCTS, including without limitation, license coverage, patent exhaustion, and benefits to third parties including APPLE.

**RESPONSE TO INTERROGATORY NO. 34**

Apple objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including without limitation because it seeks information relating to "all facts" and to the extent it seeks information relating to technologies or functionality not at issue.  Apple objects to the terms "advance notice" and "expected effects or benefits of the transaction" as vague and ambiguous and failing to identify with sufficient

SUBJECT TO PROTECTIVE ORDER
CONTAINS CONFIDENTIAL INFORMATION

Samsung made clear and definite promises to potential licensees through its commitments to ETSI that it would license the Declared Essential Patents in Suit on FRAND terms.

The intended purpose of Samsung's promises was to induce reliance.  Samsung knew or should have reasonably expected that these promises would induce sellers of mobile wireless devices, like Apple, to develop products compliant with the UMTS standard.

Apple reserves the right to supplement and/or amend its response as appropriate.

**INTERROGATORY NO. 77:**

IDENTIFY all facts supporting APPLE'S Twenty-Seventh Counterclaim (Declaratory Judgment that APPLE is Licensed to SAMSUNG'S Declared-Essential Patents).

**RESPONSE TO INTERROGATORY NO. 77**

Apple objects to this Interrogatory on the grounds that, because it calls for the identification of "all facts," it is overly broad and unduly burdensome.  Apple further objects to this Interrogatory as premature in advance of expert discovery.  Apple also objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, or other applicable privilege or immunity against disclosure.

Subject to and without waiving the foregoing specific objections and General Objections, Apple responds as follows:

Apple incorporates by reference its responses to Interrogatories 41, 42, and 49 as if set forth fully herein.

Apple reserves the right to supplement and/or amend its response as appropriate.

**INTERROGATORY NO. 78:**

IDENTIFY all facts supporting APPLE'S Twenty-Eighth Counterclaim (Violation of Section 2 of the Sherman Act, 15 U.S.C. § 2).

APPLE INC.'S RESPONSES TO SAMSUNG'S
FOURTH SET OF INTERROGATORIES
Case No. 11-cv-01846 (LHK)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

**RESPONSE TO INTERROGATORY NO. 78**

Apple objects to this Interrogatory on the grounds that, because it calls for the identification of "all facts," it is overly broad and unduly burdensome.  Apple further objects to this Interrogatory as premature in advance of expert discovery.  Apple also objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, or other applicable privilege or immunity against disclosure.

Subject to and without waiving the foregoing specific objections and General Objections, Apple responds as follows:

Apple incorporates by reference its response to Interrogatory 65 as if set forth fully herein.  Samsung has unlawfully monopolized each of the relevant Input Technologies Markets by deliberately and deceptively failing to timely disclose – before standardization – IPR that Samsung claims covers essential elements of the standard and making false commitments to license IPR on FRAND terms, and by reneging on its FRAND commitments as described in response to Interrogatory No. 75, which Apple incorporates by reference as if fully set forth herein.  Samsung has undertaken this cumulative course of misconduct with the intent to monopolize the relevant Input Technologies Markets.

Had Samsung properly disclosed its IPR in a timely manner and had Samsung disclosed its true intent to assert that parties implementing the standard were not licensed and should be enjoined from selling UMTS compliant products or required to pay exorbitant license fees and accept other non-FRAND terms, 3GPP would have decided to standardize an alternative technology to perform the relevant function.  Alternatively, 3GPP would have continued to leave the relevant function out of the standard, in which case implementers would have been free to choose various alternative technologies to perform that function and 3GPP would have been free to continue to evaluate competing alternative technologies for potential standardization in future iterations of the standard.  Samsung thus would not have obtained a monopoly in the relevant Input Technologies Markets.

APPLE INC.'S RESPONSES TO SAMSUNG'S
FOURTH SET OF INTERROGATORIES
Case No. 11-cv-01846 (LHK)

SUBJECT TO PROTECTIVE ORDER
CONTAINS CONFIDENTIAL INFORMATION

Samsung's non-disclosure and false FRAND commitments proximately resulted in incorporation into the standard of technology over which Samsung claims patent rights. Samsung has therefore unlawfully excluded competing technologies from each of the relevant Input Technologies Markets and unlawfully acquired monopoly power in those markets.

As a direct and proximate result of Samsung's monopolization, Apple has suffered injury to its business and property and is threatened by the imminent loss of profits, loss of customers and potential customers, and loss of goodwill and product image.  Apple suffers anticompetitive injury as a purchaser in the Input Technologies Markets because reasonable substitutes have been excluded.

## INTERROGATORY NO. 79:

IDENTIFY all facts supporting APPLE'S Twenty-Eighth Counterclaim (Unfair Competition Under Cal. Bus. & Prof. Code § 17200).

## RESPONSE TO INTERROGATORY NO. 79

Apple objects to this Interrogatory on the grounds that, because it calls for the identification of "all facts," it is overly broad and unduly burdensome.  Apple further objects to this Interrogatory as premature in advance of expert discovery.  Apple also objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, or other applicable privilege or immunity against disclosure.

Subject to and without waiving the foregoing specific objections and General Objections, Apple responds as follows:

Apple incorporates by reference its responses to Interrogatories 75-77 as if set forth fully herein.  Samsung committed unfair business acts or practices by (i) failing to timely disclose its claimed essential IPR; (ii) failing to disclose that it did not intend to meet its FRAND commitments; (iii) suing and then asserting counterclaims against Apple for patent infringement and an injunction, notwithstanding that – as both Samsung knew and a reasonable person would know that – (a) Samsung is precluded from asserting Samsung Asserted Patents against Apple to

SUBJECT TO PROTECTIVE ORDER
CONTAINS CONFIDENTIAL INFORMATION

the extent such patents are substantially embodied in chipsets that Apple buys from licensed suppliers authorized by Samsung to sell such chipsets for incorporation into Apple's products; (b) Apple is impliedly licensed to sell products, as to which Samsung was involved and acquiesced for many years in their production without claiming infringement; and (c) Apple is licensed or, in the alternative, has the right to a FRAND license to Samsung's Declared Essential Patents in Suit by virtue of Samsung's FRAND commitments; (iv) acting unfairly and unreasonably towards and discriminating against Apple in its licensing practices because Apple owns designs, trade dress, trademarks, and non standards-essential patents that Samsung wishes to infringe with impunity.

Apple reserves the right to supplement and/or amend its response as appropriate.

**INTERROGATORY NO. 80:**

IDENTIFY with particularity all alleged trade dresses that YOU claim are infringed by SAMSUNG, including each and every element alleged to be a component thereof.

**RESPONSE TO INTERROGATORY NO. 80**

Apple objects to this Interrogatory as unduly burdensome, overbroad, and impracticable to the extent that it requests Apple to state "all facts" supporting Apple's contention "fully and in detail," especially given the late date in the discovery period at which this Interrogatory was propounded.  Apple further objects to this Interrogatory to the extent it seeks information that: (i) would require Apple to draw a legal conclusion to respond; (ii) is outside of Apple's possession, custody, or control; (iii) can be obtained as easily by Samsung, is already in Samsung's possession, or is publicly available; or (iv) is subject to a confidentiality or nondisclosure agreement or governed by a protective order preventing its production.

Subject to and incorporating its General Objections and its specific objections, Apple responds as follows:

The trade dress Apple alleges are infringed by Samsung are as follows: