QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK (PSG)<br><br>**SAMSUNG'S NOTICE OF MOTION AND MOTION FOR SPOLIATION ADVERSE INFERENCE INSTRUCTION AGAINST APPLE;**<br><br>**DECLARATION OF ALEX BINDER;**<br><br>**PROPOSED ORDER**<br><br>[Motion to Shorten Time Filed Concurrently] |

**NOTICE OF MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung") shall and hereby do move the Court, pursuant to this Court's inherent powers, and Magistrate Judge Grewal's July 24, 2012 Order Granting-in-Part Apple's Motion for an Adverse Inference Jury Instruction, to give an adverse inference instruction to the jury regarding Apple's spoliation of evidence, and specifically, its failure to issue litigation hold notices until after filing its complaint in this matter on April 15, 2011. This motion is based on this notice of motion and supporting memorandum; the supporting Declaration of Alex Binder, and such other written or oral argument as may be presented at or before the time this motion is taken under submission by the Court.

**RELIEF REQUESTED**

Samsung seeks an Order that the jury will be given the same adverse inference instruction with respect to Apple's spoliation as may be given with respect to Samsung based on the relevant preservation date of August 23, 2010.

DATED: July 26, 2012

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  /s/ *Victoria Maroulis*
Charles K. Verhoeven
Kevin P.B. Johnson
Victoria F. Maroulis
Michael T. Zeller

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

-1-  Case No. 11-cv-01846-LHK (PSG)
SAMSUNG'S MOTION FOR ADVERSE INFERENCE INSTRUCTION AGAINST APPLE

## MEMORANDUM OF POINTS AND AUTHORITIES

### PRELIMINARY STATEMENT

Holding one party to a legal standard as to which its adversary is excused is manifestly reversible error. Yet that is precisely what is contemplated in Magistrate Judge Grewal's July 24, 2012 Order.

Magistrate Judge Grewal concluded that the relevant date triggering Samsung's duty to preserve in this case was August 23, 2010. Noting the evidence that Apple did not issue a litigation hold notice until April 2011 (and in many cases, long after), Judge Grewal stated "Samsung has always been free to argue, at the appropriate time, that Apple too is guilty of spoliation." (Order at 16, n.82.) Now is the appropriate time. Until this time, Samsung had no occasion to file a motion inconsistent with its position, accepted by the ITC, that neither side had an obligation to preserve evidence based on the discussions between the parties in August 2010. Indeed, if any party was on notice that litigation was likely to result, it was the putative plaintiff, Apple, not Samsung.

If Samsung is to be held to a duty to preserve evidence effective August 23, 2010 by virtue of Apple making a so-called "infringement presentation" to Samsung on August 4, 2010, Apple must be held to the same standard. Because it is undisputed that Apple did not issue *any* litigation hold notices before April 2011, and because of the same evidence of prejudice—a striking lack of emails from key Apple inventors and other custodians that suggest significant deletion of relevant information—the same spoliation adverse inference instructions issued against Samsung must also be issued against Apple.

### STATEMENT OF FACTS

<u>Magistrate Judge Grewal's Order Granting Adverse Inference Instructions Against Samsung.</u>  On July 24, 2012, Magistrate Judge Grewal issued an order granting Apple's motion for an adverse inference jury instruction against Samsung based on spoliation of evidence. (*See* Dkt. No. 1321, hereinafter, "Order".) In his order, Judge Grewal found that an August 4, 2010 meeting between Apple and Samsung in which Apple accused Samsung of infringement triggered

Samsung's duty to preserve evidence potentially relevant to this litigation. (Order at 15-17.) Judge Grewal found that the duty to preserve was triggered by the following:

> Apple delivered, in person, a comprehensive summary of its specific patent infringement claims against specific Samsung products. Whatever hopes Samsung might have subjectively held for a license or other non-suit resolution, this would certainly put a reasonably prudent actor on notice that litigation was at least foreseeable, if not "on the horizon."

(Order at 16:3-7.) Immediately following the above passage, Judge Grewal wrote a footnote stating that *Apple's* "fail[ure] to issue litigation hold notices in August 2010 is irrelevant to the court's determination here. Samsung has always been free to argue, at the appropriate time, that Apple too is guilty of spoliation."

Apple Failed to Issue Litigation Hold Notices. Although in August 2010 Samsung had no way of knowing the intended scope or likelihood of Apple filing this lawsuit in April 2011, Samsung issued a limited litigation hold notice based on Apple's August 4, 2010 discussions with Apple—good-faith efforts to preserve that Apple has now successfully used *against* Samsung. (*See* Order at 13 n.34; 16-17.) That notice did not say that Samsung knew that litigation was likely: it stated that "[i]n light of the recent discussions between Samsung Electronics Co., Ltd. ("Samsung") and Apple Inc. ("Apple"), there is a reasonable likelihood of future patent litigation between Samsung and Apple *unless a business resolution can be reached*." (emphasis added). Judge Grewal simply ignored the italicized words, not to mention the long history of the two companies reaching just such "business resolutions," effectively punishing Samsung for being *more* vigilant than Apple regarding protecting potential evidence.

In contrast, Apple—the plaintiff in the initial lawsuit who certainly knew the likelihood of filing its own lawsuit—issued *no litigation hold notice at all until after filing its lawsuit in April 2011*.[1] Even worse, Apple did not issue litigation hold notices to critical designers and inventors of the very patents it asserted were infringed *until January 2012 and later*. (Binder Decl., ¶¶ 8-

---

[1] *See* Declaration of Alex Binder, filed concurrently ("Binder Decl."), Exs. 1-2.

12.) For example, four Apple design witnesses did not receive litigation hold notices until January 11, 2012. (Binder Decl., ¶ 8; Exs. 1-2.) One Apple inventor, Brian Huppi, did not receive a hold notice until January 11, 2012. (*Id.* at ¶ 9.) In fact, Apple did not complete delivery of over *25 percent* of its litigation hold notices until after January 30, 2012. (*Id.* at ¶ 27.) Steve Jobs, a named inventor on 8 patents, never received a hold notice. (*Id.* at ¶ 10.) And many of the individuals listed on Apple's own Initial Disclosures in this case did not receive hold notices until September and December 2011, and in some cases January 2012. (*Id.* at ¶ 12.)

Relevant Evidence Was Lost as a Result of Apple's Failure to Issue Litigation Hold Notices. In finding that Apple had been prejudiced by Samsung's failure to issue litigation hold notices, Magistrate Judge Grewal pointed to evidence of "statistical contrast" presented by certain Samsung witnesses who did not appear to have produced sufficient numbers of emails. (*See* Order at 20-21.) As discussed below in Section III, even more serious statistical contrasts are evidenced by Apple's own production.

## ARGUMENT

Samsung is separately appealing Judge Grewal's decision as beyond his authority and contrary to law and fact. If that decision is not reversed after the required *de novo* review, then Samsung is entitled to have the very same adverse inference instruction given as against Apple as any to be given against Samsung.

### I. APPLE'S DUTY TO PRESERVE WAS TRIGGERED—AT THE LATEST—AT THE SAME TIME AS SAMSUNG'S

As the plaintiff-patentee in this litigation, Apple's duty to preserve triggered *at least* as early as Samsung's. *See Micron Tech., Inc. v. Rambus Inc.*, 645 F.3d 1311, 1325 (Fed. Cir. 2011). In *Micron*, the Federal Circuit held:

> [Rambus] was the plaintiff-patentee . . . and its decision whether to litigate or not was the determining factor in whether or not litigation would in fact ensue. In other words, whether litigation was reasonably foreseeable was largely dependent on whether Rambus chose to litigate. ***It is thus more reasonable for a party in Rambus's position as a patentee to foresee litigation that does in fact commence, than it is for a party in the manufacturers' position as the accused***.

As Judge Grewal himself found, Apple was aware of the scope of its claims even before Samsung was. *See* Order at 16 ("Apple delivered, in person, a comprehensive summary of its specific patent infringement claims against specific Samsung products. Whatever hopes Samsung might have subjectively held for a license or other non-suit resolution, this would certainly put a reasonably prudent actor on notice that litigation was at least foreseeable, if not 'on the horizon.'").[2] It was Apple that prepared this presentation (prior to the initial meeting) and Apple that chose to litigate. Under *Micron*, it would be reversible error—which threatens to infect this entire trial—to impose a duty on the accused and no duty at all on the patentee.

## II. UNDER MAGISTRATE JUDGE GREWAL'S ORDER, APPLE DESTROYED EVIDENCE WITH A CULPABLE STATE OF MIND

In his Order, Judge Grewal held that although the record did not establish any bad faith on Samsung's part, an adverse inference instruction can be supported by a lesser showing of "conscious disregard." *Id.* at 18:10. He did not base this finding on Samsung's "prudence and responsibility in regards to its post-complaint preservation efforts" (Order at 16:15-18), but found conscious disregard based on Samsung's failure "to send litigation hold notices in August 2010, beyond a select handful of employees, when its duty to preserve relevant evidence arose" and its failure to provide "follow-up" until April 2011, after Apple filed its complaint. *Id.* at 19:1-5. According to Judge Grewal, this "is more than sufficient to show willfulness." *Id.* at 19:6.

These arguments apply with far greater force to Apple's conduct. Apple issued *no* litigation hold notices until *after* it filed its complaint, and, as discussed in more detail above, Apple did not issue hold notices to many key inventors and other fact witnesses until months *after* filing its complaint, despite being in the better position to know that it intended to initiate litigation, and the likely scope of its claims. (*See* Binder Decl., ¶¶ 7-12.)

---

[2] In fact, as detailed in Samsung's appeal of Judge Grewal's order, that presentation was limited to utility patents, most of which Apple did not ultimately include in its April 2011 complaint.

## III. APPLE'S FAILURE TO ISSUE LITIGATION HOLD NOTICES CAUSED RELEVANT EVIDENCE TO BE DESTROYED

In granting Apple's motion for an adverse inference instruction, Judge Grewal found that relevant evidence must have been destroyed because of the limited number of emails produced by 14 Samsung fact witnesses. (*See* Order at 19-21.) Applying this same analysis to Apple's production, many of the most important Apple witnesses—including the named inventors of many of the patents at issue—suffer from this same infirmity to even greater degrees:

| Custodian | Relevance | No. of Emails in Custodial Production | No. of Documents in Custodial Production |
|---|---|---|---|
| Bartley Andre | named inventor of D270, D899, D087, and D677 patents | 14 | 135 |
| Brian Huppi | named inventor of '607 | 0 | 104 |
| Chris Harris | model builder | 0 | 0 |
| Chris Stringer | named inventor of D677, D270, and D889 patents | 15 | 38 |
| Curt Rothert | software engineer | 30 | 30 |
| Duncan Kerr | named inventor of D087, D677, D270, and D899 patents | 41 | 130 |
| Eugene Whang | named inventor of D087, D677, D270, and D899 patents | 36 | 146 |
| Evans Hankey | Designer | 0 | 21 |
| Jonathan Ive | named inventor of D087, D677, D270, and D899 patents | 45 | 173 |
| Mark Buckley | finance analyst | 0 | 100 |
| Mark Lee | manager, model shop | 8 | 10 |
| Matthew Rohrbach | named inventor of D087, D677, D270, and D889 patents | 32 | 385 |
| Peter Russell-Clarke | named inventor of D270 patent | 56 | 190 |

| Quinn Hoellwarth | Apple in-house attorney, prosecutor of '949, and '757 patents | 0 | 0 |
|---|---|---|---|
| Rico Zorkendorfer | named inventor of D087, D677, D270, and D889 patents | 15 | 62 |
| Shin Nishibori | named inventor of D889, D087, D677, D270, and D899 patents | 18 | 94 |
| Stephen Lemay | named inventor of '163 patent | 43 | 59 |
| Steve Jobs | named inventor of '949, '678, D087, D677, D270, D889, D757, and D678 patents; former CEO | 51 | 54 |
| Wei Chen | technical director | 12 | 37 |

(*See* Binder Decl., ¶ 13.) Moreover, very few of the custodial documents fall within the period between August 2010 and April 2011—of all the above-listed 19 key custodians, Apple produced a combined total of approximately 66 emails dated between August 2010 and April 2011 (an average of less than four emails per custodian during this critical time period). (Binder Decl., ¶ 14.) And of these approximately 66 emails, more than 20 are simply various permutations of email chains containing significant amounts of duplication. (*Id.*) If the limited production from certain Samsung witnesses is sufficient to establish that relevant evidence was destroyed, the same is true—to a greater degree—as to Apple's witnesses.

Similarly, Judge Grewal pointed to evidence that some emails involving Samsung custodians were found not in those custodians' productions, but in the productions of *other* Samsung witnesses. (Order at 21:6.) Once again, this same infirmity exists in Apple's productions, but to an even greater degree:

| Witness | Relevance | Non-Custodial Emails | Custodial Emails |
|---|---|---|---|
| Chris Stringer | named inventor of D677, D270, and D889 patents | 475 | 15 |

| | | | |
|---|---|---|---|
| Douglas Satzger | Former industrial design creative lead and design manager | 133 | 0 |
| Eugene Whang | named inventor of D087, D677, D270, and D899 patents | 144 | 36 |
| Jonathan Ive | named inventor of D087, D677, D270, and D899 patents | 759 | 45 |
| Matthew Rohrbach | named inventor of D087, D677, D270, and D889 patents | 112 | 31 |
| Scott Forstall | Named inventor of '163 patent | 1,676 | 172 |
| Shin Nishibori | named inventor of D889, D087, D677, D270, and D899 patents | 43 | 18 |
| Stephen Lemay | named inventor of '163 patent | 2,028 | 40 |
| Steve Jobs | named inventor of '949, '678, D087, D677, D270, D889, D757, and D678 patents; former CEO | 2,042 | 51 |

(*See* Binder Decl., ¶ 14.) Likewise, Judge Grewal noted that "the majority of the accused products at issue here [were] released prior to April 15, 2011," when the suit was filed and the notices sent. (*See* Order at 21.) The same is true for Apple, which as discussed above, did not even send litigation hold notices to key custodians until months after filing suit.

**IV.  IF ANY ADVERSE INFERENCE INSTRUCTION IS GIVEN AS TO SAMSUNG, THE SAME INSTRUCTION SHOULD BE GIVEN AS TO APPLE**

Samsung had not previously requested an adverse inference instruction because it believed (and continues to believe) that both parties' duties to preserve evidence were triggered when Apple filed this lawsuit in April 2011, not in August 2010. However, if Judge Grewal's ruling that the infringement discussions between Apple and Samsung in August 2010 triggered a duty to preserve is upheld, Apple's undisputed failure to issue *any* litigation hold notices until after it filed

this lawsuit in April 2011 (in contrast to Samsung's limited litigation hold notices in August 2010), requires that any adverse inference instruction given as against Samsung must be given as against Apple as well.   Samsung further requests that, because Apple was the plaintiff-patentee who initiated this lawsuit, the adverse inference instruction as against Apple contain the following additional language:

> Apple initiated this lawsuit, and you should presume that it was more reasonable for a party in Apple's position to foresee litigation than it was for a party in Samsung's position.

*See Micron Tech., Inc. v. Rambus Inc.*, 645 F.3d 1311, 1325 (Fed. Cir. 2011).

## CONCLUSION

For these reasons, Samsung respectfully requests that the Court grant adverse inference jury instructions against Apple in the same manner and in the same language that it gives any such instruction with respect to Samsung.   Samsung further requests that the Court instruct the jury, as above, that it should presume that it was more reasonable for Apple to foresee this litigation than it was for Samsung to do so.

DATED: July 26, 2012

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  */s/ Victoria Maroulis*
Charles K. Verhoeven
Kevin P.B. Johnson
Victoria F. Maroulis
Michael T. Zeller
Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC