QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS
CO., LTD., SAMSUNG ELECTRONICS
AMERICA, INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK (PSG)<br><br>**MOTION TO SHORTEN TIME FOR BRIEFING AND HEARING RE SAMSUNG'S MOTION FOR SPOLIATION ADVERSE INFERENCE INSTRUCTION AGAINST APPLE;**<br><br>**DECLARATION OF VICTORIA MAROULIS;**<br><br>**PROPOSED ORDER** |

## NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung") shall and hereby do move the Court, pursuant to Civil Local Rules 6-1(b) and 6-3, to shorten time for briefing and hearing on Samsung's Motion For Spoliation Adverse Inference Instruction Against Apple.   This motion is based on this notice of motion and supporting memorandum; the supporting Declaration of Victoria F. Maroulis, and such other written or oral argument as may be presented at or before the time this motion is taken under submission by the Court.

## RELIEF REQUESTED

Samsung seeks an Order shortening time for briefing and hearing on its Motion for Spoliation Adverse Inference Instruction Against Apple.

DATED: July 26, 2012

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  */s/ Victoria F. Maroulis*
Charles K. Verhoeven
Kevin P.B. Johnson
Victoria F. Maroulis
Michael T. Zeller

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

**MEMORANDUM**

On July 24, 2012, Magistrate Judge Grewal issued an order granting-in-part Apple's motion for a spoliation adverse inference instruction against Samsung.  Contrary to the ITC's prior ruling on this issue that the duty to preserve was not triggered until Apple filed its complaint in April 2011, Judge Grewal ruled that Samsung was obligated to preserve documents for this litigation beginning on August 23, 2010.  Based on this newly-announced date triggering preservation obligations and Apple's own admitted failure to issue litigation hold notices prior to filing its complaint in April 2011, Judge Grewal noted that Samsung was entitled to pursue spoliation remedies against Samsung "at the appropriate time."  Order at 16, n.82.  If Magistrate Judge Grewal's order on Apple's motion for adverse inference instructions is upheld, and with trial beginning in a matter of days, that time is now.  Accordingly, Samsung moves the Court to shorten time for the briefing and hearing schedule for its concurrently-filed Motion for a Spoliation Adverse Inference Instruction Against Apple ("Motion for Adverse Inference").  Specifically, Samsung requests that:

1. Apple's Opposition to Samsung's Motion for Adverse Inference be filed on or before July 31;

2. Samsung's reply in support of its Motion for Adverse Inference be filed on or before August 3; and

3. Samsung's Motion For Adverse Inference be heard on August 6, 2012, or at the Court's convenience.

A shortened briefing schedule on Samsung's Motion for Adverse Inference is necessary because, if adjudicated pursuant to the briefing and hearing schedule prescribed by the Local Rules, Samsung's Motion for Adverse Inference would not be heard until after trial, mooting the very relief Samsung is seeking.  The adverse inference that Samsung seeks is central to the jury's understanding of Apple's conduct, and delaying resolution of the motion until the end of trial would result in substantial prejudice to Samsung.

The relief sought by Samsung's Motion for Adverse Inference is narrow, and tied directly to the Court's ruling as to the adverse inference, if any, that may be granted as against Samsung. A shortened briefing and hearing schedule will therefore not result in any prejudice to Apple.

Counsel for Samsung contacted counsel for Apple in an effort to reach agreement with respect to the briefing and hearing schedule outlined above. *See* Declaration of Victoria Maroulis in Support of Samsung's Motion to Shorten Time, filed concurrently. Apple did not agree to Samsung's proposed schedule, and indicated that it would oppose Samsung's Motion for Adverse Inference. *See id.*, Ex. 1.

## CONCLUSION

For the foregoing reasons, Samsung respectfully requests that the Court grant Samsung's Motion to Shorten Time for Briefing and Hearing on Samsung's Motion for Adverse Inference.

DATED: July 26, 2012         Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By   */s/ Victoria F. Maroulis*
   Charles K. Verhoeven
   Kevin P.B. Johnson
   Victoria F. Maroulis
   Michael T. Zeller
   Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC