Ramsey M. Al-Salam, WSBA Bar No. 18822
RAlsalam@perkinscoie.com
Nathaniel E. Durrance, CA Bar No. 229210
NDurrance@perkinscoie.com
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000

Attorneys for Non-Party
MICROSOFT CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited company,<br><br>Defendants. | Case No. 11-CV-01846-LHK<br><br>NON-PARTY MICROSOFT CORPORATION'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO SEAL CONFIDENTIAL LICENSE AND TERMS |

Microsoft Corporation, a non-party to this case, respectfully moves for an order protecting its confidential information from public disclosure, including the terms of a confidential license agreement (the "Confidential Agreement") between Microsoft and Samsung Electronics Co. Ltd. ("Samsung") from being publicly revealed in this case.  Microsoft requests that the Court limit the disclosure of such information in accordance with the Court's current Protective Order (ECF 687).  In particular, Microsoft asks that any such information and documents be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under Section 9 of the Protective Order.

Currently, the key terms of the Confidential Agreement are summarized in Samsung's Trial Exhibit 630, Expert Report of David Teece (the "Teece Report"). Microsoft was not provided with a copy of Trial Exhibit 630 and Microsoft understands that this exhibit contains confidential information of other parties. Because of this, Microsoft is not able to lodge complete and redacted copies of Trial Exhibit 630 pursuant to Civil Local Rule 79-5(c). All that Microsoft has been provided is a document from Samsung's counsel summarizing the confidential terms of the Confidential Agreement that are included in Trial Exhibit 630. (See Moore Decl. at ¶ 2). Microsoft is prepared to lodge with the Court a copy of the Confidential Agreement for in camera inspection upon request.

As a third party, Microsoft is not aware of the extent of the trial exhibits or planned testimony in this case that will contain Microsoft's confidential financial information. Accordingly, Microsoft asks the Court for an order generally protecting the terms of the Confidential Agreement from public disclosure. Currently, the only trial exhibit Microsoft is aware of containing its confidential financial information is Trial Exhibit 620, the Teece Report.

As explained in the accompanying declaration of Tanya Moore, Microsoft's General Manager of Outbound Licensing, Exhibits 3A and 3B to the Teece Report contain sensitive confidential and proprietary business information from the Confidential Agreement between Microsoft and Samsung. The Teece Report summarizes sensitive portions of the Confidential Agreement, including the licensed technology, term of the license, royalty rates, and payment information, among other things. (Moore Decl. at ¶¶ 3-4).

This highly sensitive non-public financial information qualifies under the stringent standard for filing under seal, even at trial, under the governing standards. For these reasons, Microsoft and Samsung explicitly agreed in the Confidential Agreement itself that the license and

its terms would be kept confidential, including that the parties would take reasonable actions to seek protection from its compelled disclosure in court proceedings.

In an Order Regarding Third Party Motions to Seal, ECF 1288 dated July 23, 2012, the Court stated that "[a]ny third party seeking to have records sealed is warned that it must meet the 'compelling reasons' test to justify sealing court records." The Ninth Circuit has held that "compelling reasons ... outweigh the public's interest in disclosure and justify sealing court records" where the release of *trade secrets* is at stake. *Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir.2006) (internal quotations omitted) (emphasis added).

The Ninth Circuit and district courts have repeatedly held that license agreements like the Confidential Agreement qualify as trade secrets and are to be sealed from public disclosure. *See, e.g.*, *In re Electronic Arts, Inc.*, 298 Fed. Appx. 568, 569 (9th Cir.2008) (unpublished) (directing court under compelling needs test to file license agreement under seal); *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir.1972) (adopting the Restatement definition of a trade secret, which "may consist of any … compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it"); *MMI, Inc. v. Baja, Inc.*, 743 F. Supp. 2d 1101, 1106 (D. Ariz. 2010) (finding terms of license agreement trade secrets that should be filed under seal); *Abaxis, Inc. v. Cepheid*, 2011 WL 6002522, *1 fn.1 (N.D. Cal. 2011) (granting motion to seal exhibit containing term sheet of licensing negotiation); *Tessera, Inc. v. United Test and Assembly Center Ltd.*, 2009 WL 35242, *4 fn.1 (N.D. Cal. 2009) (granting motion to seal information regarding confidential license agreement).

As noted by the court in *MMI*, "the royalty rate Baja charges its licensees, and the terms and conditions to which Baja subjects its licensees, are business decisions that affect Baja's profitability. These decisions need not be made publicly available to Baja's competitors through the Court records." 743 F. Supp. 2d at 1106 (citing *Kamakana*, 447 F.3d at 1179).

MICROSOFT CORPORATION'S MEMO
IN SUPPORT OF MOTION TO SEAL                -3-
CONFIDENTIAL LICENSE AND TERMS

Similarly, in earlier Orders, ECF 1269 dated July 20, 2012 and ECF 1256 dated July 17, 2012, this Court quoted and relied on Judge Alsap's ruling in *Oracle Am. V. Google, Inc.*, Case No. 10-cv-03561-WHA (N.D. Cal.) that evidence at trial will be open to the public unless it is "extremely sensitive information that truly deserves protection."  In the *Oracle* case, Judge Alsap granted motions to seal and redact portions of an expert report at trial because the expert report contained "sensitive, non-public financial data" and "[p]ublic disclosure of this information would cause harm to Google and place it at a competitive disadvantage."  Case No. 10-cv-03561-WHA (N.D. Cal.), ECF 1122 dated May 11, 2012.

This is the same situation Microsoft finds itself in.  The terms of the Confidential Agreement include sensitive, non-public financial information such as the royalty rate and payments charged to Samsung, the licensed products and technology, and the term of the license, among other confidential terms and conditions.  (Moore Decl. at ¶¶ 3-5).  The Confidential Agreement embodies confidential business decisions of Microsoft that affect Microsoft's profitability.  (*Id.*)  Microsoft has taken reasonable steps to maintain the secrecy and trade secret status of the terms of the Confidential Agreement.  (*Id.* at ¶¶ 5-7).

These terms ought not to be made publicly available to Microsoft's competitors through the Court records or the upcoming trial between Apple and Samsung.  Such a public disclosure of the details of the Confidential Agreement would substantially harm Microsoft and put it at a competitive disadvantage.  (*Id.* at ¶¶ 8-9).

In contrast, there is no need for public disclosure of the terms of the Confidential Agreement.  This case revolves around claims for patent, trademark and trade dress, none of which require public disclosure of Microsoft's confidential financial information.  The terms of the Confidential Agreement may, at most, have relevance to the damages phase of the case, and are therefore at best "tangentially related" to the underlying causes of action.  *MMI*, 743 F. Supp.

2d at 1106 (granting motion to seal and holding that financial terms of a license agreement are only "tangentially related[] to the underlying cause of action.").

Furthermore, Microsoft's request to seal only the terms of one document, the Confidential Agreement, and not the whole record, is sufficiently particularized. *MMI*, 743 F. Supp. 2d at 1106 (quoting *Foltz v. State Farm Mutual Auto. Ins.*, 331 F.3d 1122, 1130 (9th Cir.2003) (moving party has burden of proof on each document it wishes to seal)).

In summary, Microsoft's request to seal is sufficiently particularized and it has demonstrated compelling reasons to protect the terms of the Confidential Agreement, including the portions identified in the Teece Report.  Microsoft's request is narrowly tailored to protect its interests while balancing the public's interest.

On these grounds, Microsoft requests the Court seal the terms of the Confidential Agreement, including in the Teece Report and any other trial documents or testimony, and prevent the public disclosure of these terms during trial.  Specifically, Microsoft asks that the Confidential Agreement, and any documents or testimony summarizing the terms of the Confidential Agreement, be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under Section 9 of the Protective Order entered in this case (ECF 687).

A Proposed Order granting this Motion has been filed and served herewith.

DATED: July 26, 2012

/s/ *Nathaniel E. Durrance*
Ramsey M. Al-Salam, WSBA No. 18822
RAlsalam@perkinscoie.com
Nathaniel E. Durrance, CA Bar No. 229210
NDurrance@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Tel:  206.359.8000/Fax:  206.359.9000

Attorneys for Microsoft Corporation

MICROSOFT CORPORATION'S MEMO
IN SUPPORT OF MOTION TO SEAL           -5-
CONFIDENTIAL LICENSE AND TERMS

**Certificate of Service**

I certify that on July 26, 2012, I caused the foregoing to be filed with the Clerk of the Court using the Court's ECF system, which will send notification of the filing to the attorney(s) of record.

Dated: July 26, 2012.

          */s/ Nathaniel E. Durrance*
          Nathaniel E. Durrance