QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

  Kevin P.B. Johnson (Bar No. 177129
  kevinjohnson@quinnemanuel.com
  Victoria F. Maroulis (Bar No. 202603)
  victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:    (650) 801-5000
Facsimile:    (650) 801-5100

  Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendant. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S MOTION FOR DE NOVO DETERMINATION OF DISPOSITIVE MATTER REFERRED TO MAGISTRATE JUDGE, IN THE ALTERNATIVE, MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE** |

02198.51855/4875910.5

Case No. 11-cv-01846-LHK
SAMSUNG'S MOTION FOR DE NOVO DETERMINATION OF DISPOSITIVE MATTER REFERRED TO MAGISTRATE JUDGE, IN THE ALTERNATIVE, MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE THAT, pursuant to Local Rule 72-3, Fed. R. Civ. P. 72(b), and 28 U.S.C. § 636(b)(1)(B), Samsung will and hereby does move this Court for relief from portions of the July 24, 2012 Order Granting-In-Part Apple's Motion to Adverse Inference Jury Instruction.[1] (Dkt. 1321.) In an order that directly conflicts with the ITC decision rejecting the same arguments, Magistrate Judge Grewal applied the wrong standard to conclude that Samsung's preservation obligation attached in August 2010; failed to apply the same rules to Apple as he did to Samsung; erroneously ignored Samsung's arguments that Apple was required to establish prejudice and failed to do so; and adopted a proposed instruction that wrongly imposes mandatory findings on the jury. Because a Magistrate Judge lacks statutory authority to impose an adverse inference jury instruction, this Court must engage in *de novo* review,[2] which will establish that this "order," if followed, will constitute reversible error invalidating any victory which Apple might achieve.

**A.    Magistrate Judge Grewal's "Order" is Subject to *De Novo* Review**

The imposition of adverse inference jury instructions is a "dispositive motion" under 28 U.S.C. § 636(b)(1)(B) and thus subject to *de novo* review. A magistrate judge's order is dispositive if it "conclusively determine[s] the disputed question . . . [that] is properly considered a claim or defense of a party." *U.S. v. Rivera-Guerrero*, 377 F.3d 1064, 1068-69 (9th Cir. 2004). The "order" finds "as a matter of law, that Samsung failed to preserve evidence after its duty to preserve arose"

---

[1] In the alternative Samsung appeals his ruling pursuant to Local Rule 72-2, Fed. R. Civ. P. 72(a), and 28 U.S.C. § 636(b)(1)(A). If the Court reviews the "order" as resolving a nondispositive motion, it should be subject to "independent, plenary review of purely legal determinations by the magistrate judge." *Lerma v. URS Federal Support Services*, 2011 WL 2493764, at *3 (E.D. Cal. 2011) (citing *Osband v. Woodford*, 290 F.3d 1036, 1041 (9th Cir. 2002) (*de novo* review of magistrate judge rulings on issue of law)). Moreover, the Magistrate Judge plainly adopted facts set forth in Apple's motion without even analyzing the contrary evidence Samsung presented, meaning that even his factual findings should be reviewed with "special scrutiny". *Silver v. Executive Car Leasing Long-Term Disability Plan*, 466 F.3d 727, 733 (9th Cir. 2006). For example, the Magistrate Judge accepted Apple's contention that Joon-Il Choi did not produce any emails (Order at 20:4-6), despite evidence presented by Samsung that 547 emails were produced with Joon-Il Choi as custodian. (Alex Binder Decl., Dkt No. 987-39, ¶ 10. *See also* Raymond Warren Decl., Dkt. No. 987-66, ¶¶ 4-8 (explaining a processing issue that delayed the production of Mr. Choi's email)).

02198.51855/4875910.5

Case No. 11-cv-01846-LHK
SAMSUNG'S MOTION FOR DE NOVO DETERMINATION OF DISPOSITIVE MATTER REFERRED TO MAGISTRATE JUDGE, IN THE ALTERNATIVE, MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE

and that the jury should be instructed to apply corresponding presumptions – findings that are dispositive of Apple's spoliation claim. It bears on *all* of Samsung's claims and defenses because it directs the jury to presume the "lost evidence was favorable to Apple." (Order at 24.)

### B. The Magistrate Judge Erred In Finding The Preservation Obligation Arose In August 2010

The predicate for the Court's ruling was its conclusion that Samsung's preservation duty arose in August 2010, more than seven months before Apple filed this action. (Order at 16-17.).[3] "The duty to preserve relevant documents attaches when future litigation is 'probable,' which means 'more than a possibility.'" *FTC v. Lights of America*, 2012 WL 695008, at *3 (C.D. Cal. 2012). Samsung's litigation hold notice dated August 23, 2010[4] stated: "In light of the recent discussions between Samsung Electronics Co., Ltd. ('Samsung') and Apple Inc. ('Apple'), there is a reasonable likelihood of future patent litigation between Samsung and Apple ***unless a business resolution can be reached***." (Watson Decl., Ex. 33, at Ex. A) (emphasis added). The Magistrate Judge's attempt to explain away the key, bolded language as being "true of virtually all litigation amongst commercial competitors" (Order at 12 n.61) ignores the longstanding business relationship between the two companies and the history of successful negotiations between them. *See* Reply Decl. of Richard J. Lutton, Jr. ISO Apple's Mot. for Prel. Inj., Dkt. No. 418, ("Reply Lutton Decl.") ¶ 12; *Cache La Poudre Feeds, LLC v. Land O'Lakes, Inc.*, 244 F.R.D. 614, 622 (D. Colo. 2007) (pre-litigation demand letters seeking proposed negotiated resolution do not trigger duty to preserve) (citing *Indiana Mills & Mfg., Inc. v. Dorel, Indus., Inc.*, 2006 WL 1749410, at *4 (S.D. Ind. 2006)). Indeed, the parties in fact conducted negotiations, and Apple waited more than seven months before filing suit. If either party should be found to have foreseen litigation as probable as

---

[3] Although Apple also raised the August 23, 2010 litigation hold notice in its spoliation motion in the ITC, Judge Pender found Samsung's preservation obligation was triggered at the "inception of the [ITC] investigation," not August or September, 2010. (Thomas Watson Decl. ISO Opp. to Apple's Adv. Inference Mot., Dkt. No. 987-4, Ex. 1, Opinion at 6.)

[4] Although the Magistrate Judge's order did not address this, the English language litigation hold notice dated August 23, 2010 was first distributed on September 3, 2010 along with a Korean language litigation hold notice dated September 3, 2010. (Watson Decl. ISO Opp. to Apple's Adv. Inference Mot., at Ex. 33, at 1 & Ex. T).

02198.51855/4875910.5

-2-   Case No. 11-cv-01846-LHK
SAMSUNG'S MOTION FOR DE NOVO DETERMINATION OF DISPOSITIVE MATTER REFERRED TO MAGISTRATE JUDGE, IN THE ALTERNATIVE, MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE

1  of August 2010, it was Apple, the plaintiff as to most of the claims in this action (and the first to
2  sue), not Samsung. *See Micron Tech., Inc. v. Rambus Inc.*, 645 F.3d 1311, 1325 (Fed. Cir. 2011).
3  Yet Apple did not issue any litigation hold notice until April 2011 and did not notify certain key
4  custodians until months later.  As Samsung explains in its motion for a mirror adverse inference
5  instruction against Apple, if Samsung's preservation obligation attached in August 2010, then
6  Apple's assuredly did as well – but Apple's conduct shows that in fact litigation was *not* probable as
7  of August 2010.

8  In seeking to distinguish *Lights of America*'s holding that litigation must be "more than a
9  possibility" (Order at 13 n.64), Judge Grewal failed to consider the Ninth Circuit decision on which
10 *Lights of America* relied—*United States v. Kitsap Physicians Serv.*, 314 F.3d 995 (9th Cir. 2002).
11 *Lights of America*, 2012 WL 695008, at *3.  *Kitsap* held that a party must be on notice of a
12 "specific" claim.  *Kitsap,* 314 F.3d at 1001.  The Magistrate Judge made no findings as to what
13 "specific" claims were *probable* as of August 2010.  In fact, the August 2010 presentation was
14 limited to utility patent claims – only 3 of 76 of which were ultimately asserted in its complaint;
15 Apple did not even raise any of the other claims it ultimately filed, including design patent, trade
16 dress, trademark infringement, or antitrust.  (Reply Lutton Decl., Ex. B, (Apple's August 2010
17 presentation)).  Rather than relying on independent evidence, Judge Grewal used Samsung's notice
18 as an "admission," penalizing Samsung for sending a hold notice before it was obligated to do so,
19 and encouraging parties *not* to send litigation hold notices lest those notices be used against them.

20  **C.  <u>The Magistrate Judge Clearly Erred In Finding Apple Was Prejudiced</u>**

21  The Magistrate Judge failed to provide any analysis supporting his finding – and instruction
22 – that "relevant evidence . . . favorable to Apple" was destroyed.  (Order at 24:7-9 (emphasis
23 omitted)).  Spoliation requires a finding not only that relevant evidence was destroyed but also that
24 the moving party was prejudiced because the evidence was not provided from another source. *Med.*
25 *Lab. Mgmt. Consultants v. Am. Broad. Companies, Inc.*, 306 F.3d 806, 825 (9th Cir. 2002)
26 (availability of allegedly destroyed evidence from other sources is proper basis for denying adverse
27 inference); *Gonzalez v. Las Vegas Metro. Police Dept.*, 2012 WL 1118949, at *6 (D. Nev. 2012)
28

("The court's prejudice determination examines whether the spoiling party's action impairs the non-spoiling party's ability to go to trial or threatens to interfere with the rightful decision of the case."); *FTC*, 2012 WL 695008, at *5 n.8 ("fact that these emails were available through other sources lessens the likelihood of prejudice").

Apple agrees that it is the parties that have preservation obligations, not individual witnesses. (6/21/12 Hr'g Tr. 69:23-70:2). Nonetheless, the Magistrate Judge ignored undisputed evidence that Apple received relevant evidence from other custodians as part of the over 12 million pages produced by Samsung. (Samsung's Opp. at 24-25. *See* Alex Binder Decl. ISO Opp. to Apple's Mot. for Adv. Inference, ¶ 19 (noncustodial production for Won Pyo Hong, Minhyouk Lee, Joon-il Choi, Don Joo Lee, and Nara Cho); *see also id.* ¶ 10 (547 custodial emails produced for Nara Cho)). The Magistrate Judge erred in finding prejudice without accounting for the full record before him.

### D. The Magistrate's Adverse Inference Instruction Imposes An Impermissible Irrebuttable Factual Finding And Is Inconsistent With The Authority On Which He Relies

The sole authority cited by the Magistrate Judge to support the imposition of a definitive finding of spoliation on the jury (Order at 24 n.117) is *Johnson v. Wells Fargo Home Mortgage, Inc.*, 635 F.3d 401 (9th Cir. 2001). *Johnson* does not support the instruction that he ordered. In that case, the Court approved an adverse inference instruction that asked *the jury to find* whether evidence was destroyed. *See Johnson*, 635 F.3d at 422 . Here, by contrast, the Magistrate Judge ordered that the jury be *instructed* that (1) "Samsung has failed to prevent the destruction of *relevant* evidence for Apple's use in this litigation."; (2) "as a matter of law . . . Samsung failed to preserve evidence after its duty to preserve arose" because it failed "to perform its discovery obligations"; and (3) it could "presume" both that "relevant evidence" – that is, evidence that "would have clarified a fact at issue in the trial and otherwise would naturally have been introduced into evidence" – "was destroyed after the duty to preserve arose" and also that "the lost evidence was favorable to Apple." Thus, while portions of the instruction purport to leave it up to the jury to "presume" that Apple had met its burden, Samsung's ability to rebut this presumption is rendered

02198.51855/4875910.5

-4-                                                                Case No. 11-cv-01846-LHK
SAMSUNG'S MOTION FOR DE NOVO DETERMINATION OF DISPOSITIVE MATTER REFERRED TO MAGISTRATE JUDGE, IN THE ALTERNATIVE, MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE

illusory by the first two paragraphs of the instruction, which as quoted above conclusively instruct the jury that "Samsung has failed to prevent the destruction of *relevant evidence* for Apple's use in this litigation."

There is no support for imposing such mandatory findings on the jury. In *Johnson*, the authority relied on by the Magistrate Judge, the district court did *not* impose mandatory findings at all. Instead, the court correctly left it to the jury to determine *whether* evidence was destroyed; only if that was shown would the jury be allowed to presume that the evidence was unfavorable to Johnson. *See Johnson*, 635 F.3d at 422 (quoting instruction and explaining that it "**permits the jury** to decide if any documents were destroyed") (emphasis added). Under Ninth Circuit law, "[a] fact finder may draw an inference against any party that destroys or despoils evidence, **but that inference is permissive rather than mandatory**." *Dae Kon Kwon v. Costco Wholesale Corp.*, 2012 WL 605808, at *1 (9th Cir. 2012) (emphasis added). The Magistrate's proposed instruction here clearly errs in taking the critical decision of whether evidence was destroyed – and if so, whether it was relevant – away from the jury, despite finding no bad faith on the part of Samsung. *See, e.g.*, *Pace v. Nat'l R.R. Passenger Corp.*, 291 F. Supp. 2d 93, 97 (D. Conn. 2003) (instructing jury that "[i]f you find that: (1) the records at issue would be relevant . . . ; (2) that the records were destroyed . . . then you may infer that the contents of these destroyed records would be harmful to the railroad's position in this case."). Even the factually distinguishable *Mosaid* case, also cited by Judge Grewal, imposed a clearly permissive inference. *See Mosaid Techs., Inc. v. Samsung Elecs. Co.*, 348 F. Supp. 2d 332, 334 (D. N.J. 2004) (instructing the jury: "If you find that defendants could have produced these e-mails, . . . and that the e-mails would have been relevant . . . you are permitted, but not required, to infer that the evidence would have been unfavorable").

In sum, Judge Grewal (1) exceeded his authority, (2) unfairly applied different standards to Samsung and Apple, (3) provided no basis for his findings on relevance and prejudice, and (4) ordered an instruction that is internally inconsistent and contradicted by the authority that he cites. His decision should be reversed, lest it undermine the fairness of the trial and ensure that any verdict in Apple's favor must be reversed.

02198.51855/4875910.5

-5-                                         Case No. 11-cv-01846-LHK
SAMSUNG'S MOTION FOR DE NOVO DETERMINATION OF DISPOSITIVE MATTER REFERRED TO
MAGISTRATE JUDGE, IN THE ALTERNATIVE, MOTION FOR RELIEF FROM NONDISPOSITIVE
PRETRIAL ORDER OF MAGISTRATE JUDGE

1  DATED: July 26, 2012           QUINN EMANUEL URQUHART &
2                                 SULLIVAN, LLP
3
4                                 By  /s/ Victoria F. Maroulis
                                      Victoria F. Maroulis
5                                     Attorneys for SAMSUNG ELECTRONICS CO.,
                                      LTD., SAMSUNG ELECTRONICS AMERICA,
6                                     INC. and SAMSUNG
7                                     TELECOMMUNICATIONS AMERICA, LLC