IRELL & MANELLA LLP
Andrei Iancu (184973)
aiancu@irell.com
Alan J. Heinrich (212782)
aheinrich@irell.com
David A. Schwarz (159376)
dschwarz@irell.com
Jonathan Lange (238056)
jlange@irell.com
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone:   (310) 277-1010
Facsimile:    (310) 203-7199

Attorneys for Nonparties
Research In Motion Corporation and
Research In Motion Ltd.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | Case No. 11-CV-01846-LHK |
| Plaintiff, | **NONPARTIES RESEARCH IN MOTION CORPORATION AND RESEARCH IN MOTION LTD.'S ADMINISTRATIVE MOTION TO SEAL THIRD PARTY CONFIDENTIAL INFORMATION** |
| vs. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendants. | |

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2679848

NONPARTIES RESEARCH IN MOTION CORPORATION AND RESEARCH IN MOTION LTD.'S
ADMINISTRATIVE MOTION TO SEAL THIRD PARTY CONFIDENTIAL INFORMATION

## I. PRELIMINARY STATEMENT

Nonparties Research In Motion Corporation and Research In Motion Ltd. (collectively, "RIM") respectfully request that the Court seal limited portions of one line in one page of a single trial exhibit – Trial Exhibit 630 – which contains highly confidential and extremely sensitive business information of RIM relating to the financial terms of its Patent License Agreement ("Patent Agreement") with Samsung.[1]  The Patent Agreement is subject to confidentiality provisions which strictly limit disclosure, and the key financial and business terms are regarded by RIM to be highly sensitive commercial information and have never been made public.  RIM was notified only on Saturday, July 21, 2012 that Samsung intends to disclose the key terms of the Patent Agreement in Trial Exhibit 630.  Samsung's intended course of action violates the express confidentiality provisions of the Patent Agreement and contradicts Samsung's representations to RIM during discovery in this action that the Patent Agreement would be disclosed only pursuant to the "Highly Confidential – Outside Counsel's Eyes Only" provisions of the Court's protective order.

The disclosure of the key financial terms of the Patent Agreement would not only violate its express confidentiality provisions, but it would work irreparable injury to RIM, because such information would likely be used against RIM in present and future negotiations, as well as reveal trade secrets reflecting RIM's business practices relating to its licensing activities.  The threat to RIM is neither abstract nor speculative.  RIM is presently engaged in licensing negotiations with several other companies.  Should these entities (or RIM's competitors) obtain key financial terms under which RIM was willing to enter into a licensing agreement, RIM will be forced into an asymmetrical and unfair bargaining relationship with potential counterparties.

---

[1] The relief sought by RIM, as well as the reasons for the requested redactions to Trial Exhibit 630, are analogous to those sought by Nonparties Nokia Corporation, InterDigital Technology Corporation, Koninklijke Philips Electronics N.V., International Business Machines Corporation, and Toshiba Corporation in their respective motions to seal.  *See* Docket Nos. 1328, 1334, 1340, 1376, 1378.  Samsung has informed RIM that it does not oppose RIM's motion.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2679848

- 1 -

NONPARTIES RESEARCH IN MOTION CORPORATION AND RESEARCH IN MOTION LTD.'S
ADMINISTRATIVE MOTION TO SEAL THIRD PARTY CONFIDENTIAL INFORMATION

RIM therefore makes this motion pursuant to Civil L.R. 7-11 and 79-5, and the Court's July 23, 2012 Order, to request that limited portions of Trial Exhibit 630 be sealed.[2] Granting this motion will not impede the public's ability to understand the substantive questions involved in this litigation. The requested relief is narrowly tailored to protect from disclosure only the most sensitive, competitive commercial information belonging to RIM. Conversely, compelling reasons justify this request. The relief is entirely consistent with the contractual expectations of confidentiality owed RIM by Samsung, and with the terms under which RIM agreed not to oppose the production of the Patent Agreement in discovery in this action. Given the importance and sensitivity of this information, RIM will be severely harmed should the information contained in this trial exhibit become public and be made available to RIM's competitors.

RIM attaches hereto, as Attachment A, a redacted version of the portion of Trial Exhibit 630 provided to it by counsel for Samsung. RIM has no objection to the use of this redacted version in open court. RIM requests, however, that any unredacted copies of Trial Exhibit 630 be kept under seal, and that none of the terms proposed to be redacted – the term (i.e., duration) of the agreement, the licensed products and technology, and the royalty payments – be disclosed in open court. RIM is informed that Samsung's damages experts are listed as "sponsoring witnesses" of Trial Exhibit 630, and therefore may be asked to testify as to the terms of the Patent Agreement. Accordingly, RIM further requests that the Court close the courtroom during any trial testimony related the redacted portion of Trial Exhibit 630 or the financial and business terms of the Patent Agreement itself.

**II.   FACTUAL BACKGROUND**

RIM is a global leader in wireless innovation and revolutionized the mobile industry with the introduction of the BlackBerry in 1999. Declaration of Michael J. Crowley ("Crowley Decl.") ¶ 3. Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Defendants" or "Samsung") notified RIM on

---

[2] To the extent deemed necessary to permit RIM to protect the confidentiality of the Patent Agreement, RIM respectfully requests leave to intervene for the limited purpose of filing this motion to seal pursuant to the Court's Order, and to take all other appropriate steps to insure that its key financial terms are not disclosed publicly.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

- 2 -

2679848    NONPARTIES RESEARCH IN MOTION CORPORATION AND RESEARCH IN MOTION LTD.'S
ADMINISTRATIVE MOTION TO SEAL THIRD PARTY CONFIDENTIAL INFORMATION

1  July 21, 2012 that Samsung has included on its trial exhibit list in this action a document
2  containing the key terms of a Patent License Agreement ("Patent Agreement") between RIM and
3  Samsung. *Id*. ¶ 5. The portion of Trial Exhibit 630 relating to RIM purports to summarize the key
4  terms of the Patent Agreement, including the term of the license, the licensed products and
5  technology, and the payment terms. *Id*. ¶ 7. RIM considers each of these terms to be highly
6  sensitive and confidential business information and trade secret information. *Id*.

7  RIM maintains the confidentiality of these license terms in the Patent Agreement and
8  discloses them only pursuant to a binding non-disclosure agreement or equivalent confidentiality
9  obligation. *Id.* ¶ 8. RIM further maintains the confidentiality of the Patent Agreement within
10 RIM and discloses it only to those who have a business reason to know its contents. *Id.* The
11 Patent Agreement itself includes the legend "Confidential Information" on each page. *Id.* ¶ 6. By
12 its terms, RIM and Samsung are obligated under the Patent Agreement to maintain its
13 confidentiality and to cooperate in limiting disclosure of its contents. *Id.* RIM bargained for that
14 confidentiality provision and considers it an important part of the Patent Agreement. *Id.*

15 Consistent with these obligations, prior to producing the Patent Agreement in discovery in
16 this action, Samsung notified RIM of its intent to produce the Patent Agreement and requested
17 RIM's consent. *Id.*, ¶ 9, Exh. A. Samsung indicated that it would produce the Patent Agreement
18 only after designating it "Highly Confidential – Outside Counsel's Eyes Only" pursuant to the
19 Court's protective order governing confidentiality. *Id.* Samsung represented to RIM that the use
20 and disclosure of the Patent Agreement would be "strictly limited" by the terms of the protective
21 order. *Id.* RIM consented in light of Samsung's representation and after confirming that the
22 Patent Agreement would in fact be designated and maintained as "Highly Confidential – Outside
23 Counsel's Eyes Only" under the protective order. *Id.*, ¶ 9, Exh. B.

24 The information contained in Trial Exhibit 630 relating to RIM would be valuable to a
25 competitor or a counterparty in licensing negotiations with RIM. *Id*. ¶ 11. The terms capture the
26 economic and business points of the Patent Agreement, which is ostensibly why they were chosen
27 for inclusion in Trial Exhibit 630. *See id*. The terms reveal when, under what circumstances, and
28 in exchange for what consideration RIM was willing to enter into the Patent Agreement. *Id*.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2679848

- 3 -
NONPARTIES RESEARCH IN MOTION CORPORATION AND RESEARCH IN MOTION LTD.'S
ADMINISTRATIVE MOTION TO SEAL THIRD PARTY CONFIDENTIAL INFORMATION

Public disclosure of such information would prevent RIM from obtaining more favorable terms from any other potential licensing party because, among other reasons, it would create an uneven bargaining relationship with licensees and potential licensees, as well as to RIM's competitors. *Id.* ¶¶ 11-12. RIM would therefore suffer harmful consequences in patent licensing negotiations currently underway, as well as future licensing negotiations, if the terms of the Patent Agreement in Trial Exhibit 630 were disclosed. *Id.* ¶ 12.

### III. COMPELLING REASONS WARRANT SEALING SPECIFIED PORTIONS OF TRIAL EXHIBIT 630

Courts have historically recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). An exception exists where there are "compelling reasons supported by specific factual findings" for preventing public disclosure that "outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal quotations and citations omitted).

It is well-settled that one of these exceptions is preventing public disclosure of commercially sensitive information, including, but not limited to, preventing the disclosure of trade secrets. *See, e.g., Nixon*, 435 U.S. at 598 ("courts have refused to permit their files to serve . . . as sources of business information that harm a litigant's competitive standing."); *see also Kamakana*, 447 F.3d at 1179 (holding that "compelling reasons" including preventing the release of trade secrets); *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995) (same).

RIM seeks to redact the financial terms of the license, the term of the license (which reflects the overall value of the license), and the licensed products and technology. Such specific terms of licenses have consistently met the "compelling reasons" standard. *See, e.g., In re Electronic Arts, Inc.*, 298 Fed. Appx. 568, 569-70 (9th Cir. 2008) (unpublished) (granting mandamus relief and sealing license agreement); *Powertech Tech., Inc. v. Tessera, Inc.*, No. 11-CV-6121, 2012 U.S. Dist. LEXIS 75831, at *5 (N.D. Cal. May 31, 2012). For this reason, Courts in this District and elsewhere have recognized that patent licensing agreements constitute

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

- 4 -

2679848   NONPARTIES RESEARCH IN MOTION CORPORATION AND RESEARCH IN MOTION LTD.'S
ADMINISTRATIVE MOTION TO SEAL THIRD PARTY CONFIDENTIAL INFORMATION

1  confidential business information and trade secret information and are properly sealed under the
2  "compelling reasons" standard articulated by the Court.  *See, e.g., AMC Tech., L.L.C. v. Cisco*
3  *Sys.*, No. 11-CV-03403, 2012 U.S. Dist. LEXIS 9934, at *5 (N.D. Cal. Jan. 27, 2012) (granting
4  motion to seal patent licensing terms); *TriQuint Semiconductor v. Avago Techs.*, No. 09-CV-1531,
5  2011 WL 4947343 (D. Ariz. Oct. 18, 2011) (same, regarding draft patent licensing terms).[3]

6        The information at issue in Trial Exhibit 630 is highly sensitive confidential commercial
7  information and trade secret information.  The Patent Agreement was marked "Confidential
8  Information" on every page, and by its terms the Patent Agreement itself imposes an obligation of
9  confidentiality on RIM and Samsung regarding its terms.  Crowley Decl. ¶ 6.  When Samsung
10 sought to produce the Patent Agreement during discovery in this action, Samsung agreed that it
11 would be marked as "Highly Confidential – Outside Counsel's Eyes Only" and that disclosure
12 would be "strictly limited" pursuant to the terms of the Court's protective order.  *Id.* ¶ 9.  RIM
13 otherwise maintains the confidentiality of the terms of the Patent Agreement.  *Id.* ¶ 8.  RIM
14 maintains the secrecy of the terms of the Patent Agreement not only out of a legal obligation to do
15 so, but also because RIM derives immense value from such secrecy.  *Id.* ¶¶ 11-12.  As such, the
16 terms of the Patent Agreement summarized in Trial Exhibit 630 are sensitive confidential
17 commercial information and trade secret information and deserve to be sealed should they be
18 offered into evidence at trial.  *E.g.*, *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir.
19 2011) ("The publication of materials that could result in infringement upon trade secrets has long
20 been considered a factor that would overcome [the] strong presumption [in favor of access].");
21 *Nixon*, 435 U.S. at 598; *Kamakana*, 447 F.3d at 1179; *AMC Tech., L.L.C.*, 2012 U.S. Dist. LEXIS
22 9934, at *5; *TriQuint Semiconductor*, 2011 WL 4947343; *see also* Cal. Civil Code § 3426.1(d)
23 (defining trade secrets under California law).

---

[3] RIM has moved successfully in the past to seal information related to its patent licensing efforts, as well as to close the Court during trial where such matters are discussed.  Declaration of Jonathan Lange ("Lange Decl.") ¶ 2.  Most recently, Judge James Ware agreed on July 3, 2012 that his courtroom be closed when RIM's patent licensing efforts were discussed.  *Id.*  In that case, RIM was a party-defendant.  *Id.*  Here, where it is a nonparty, RIM requests the same protection.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2679848

- 5 -

NONPARTIES RESEARCH IN MOTION CORPORATION AND RESEARCH IN MOTION LTD.'S
ADMINISTRATIVE MOTION TO SEAL THIRD PARTY CONFIDENTIAL INFORMATION

1    Moreover, the harm to RIM of public disclosure far outweighs the public's right of access
2 in this instance.  RIM is a nonparty, and therefore its interests are particularly relevant here.  *See,*
3 *e.g., In re Adobe Systems, Inc. Sec. Litigation*, 141 F.R.D. 155, 161-62 (N.D. Cal. 1992) (sealing
4 preserves third parties' "legitimate expectation that confidential business information, proprietary
5 technology and trade secrets will not be publicly disseminated"); *Network Appliance, Inc. v. Sun*
6 *Microsystems Inc.*, No. 07-CV-06053, 2010 U.S. Dist. LEXIS 21721, at *7 (N.D. Cal. Mar. 10,
7 2010).  Here, RIM has established concrete and particularized harm based on the potential public
8 disclosure of Trial Exhibit 630, including the inability to negotiate licenses on competitive terms.
9 Crowley Decl. ¶¶ 11-12.  By contrast, the information in question here has no bearing on the
10 substance of either party's liability case.  The disclosure of license terms will not advance any the
11 public's understanding or knowledge regarding any of the contested substantive infringement or
12 invalidity issues in this litigation, and would "do little to aid the public's understanding of the
13 judicial process." *Network Appliance*, 2010 U.S. Dist. LEXIS 21721, at *5; *see also Kamakana*,
14 447 F.3d at 1179 (finding that the public's interest in disclosure "does not apply with equal force"
15 to tangential facts); *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2009).  In
16 contrast, the disclosure of this information could have "the potential to cause significant harm to
17 [non-party RIM's] competitive and financial position within its industry." *Network Appliance*,
18 2010 U.S. Dist. LEXIS 21721, at *5.[4]

19    Finally, sealing is necessary to vindicate RIM's rights under the express confidentiality
20 provision of the Patent Agreement.  *See, e.g., Publiker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1073
21 (3d Cir. 1984); *Marine Midland Realty Credit Corp. v. LLMD of Mich., Inc.*, 821 F. Supp. 370,
22 373-74 (E.D. Pa. 1993).  RIM bargained for these confidentiality obligations with the expectation
23 that they would be observed and enforced.  *See Martin Marietta Materials, Inc. v. Vulcan*
24 *Materials Co.*, No. 7102, 2012 WL 1605146 (Del. Ch. May 4, 2012) (enjoining proxy contest and

---

[4] While the key financial terms of the Patent Agreement have no bearing on infringement or invalidity issues, and – at most – bear some attenuated (if any) relevance to a report by one of Samsung's damages experts, the information proposed to be sealed is miniscule in comparison with the likely voluminous body of evidence relevant to damages.  *See, e.g., TriQuint*, 2011 WL 4947343, at *3.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2679848

- 6 -

NONPARTIES RESEARCH IN MOTION CORPORATION AND RESEARCH IN MOTION LTD.'S
ADMINISTRATIVE MOTION TO SEAL THIRD PARTY CONFIDENTIAL INFORMATION

1 exchange offer based on breach of confidentiality agreements between parties).  Samsung's
2 attempt to introduce Trial Exhibit 630 in the public record violates its obligations under the Patent
3 Agreement.  It made the unilateral decision to offer this information as its trial exhibit to advance
4 its case.  RIM reserves its rights with respect to Samsung's actions, but it is well-settled that the
5 Court may mitigate the harm to RIM through sealing.  *See Publiker Indus.*, 733 F.2d 1073-74 ("A
6 similar situation would be presented where there is a binding contractual obligation not to disclose
7 certain information which to the court seems innocuous but newsworthy; in that situation
8 unbridled disclosure of the nature of the controversy would deprive the litigant of his right to
9 enforce a legal obligation."); *Marine Midland*, 821 F. Supp. at 373-74.  The Court should not
10 compound the harm to RIM caused by Samsung's actions and should grant RIM's motion to seal.

## IV.  CONCLUSION

For the foregoing reasons, RIM respectfully requests that the Court grant RIM's motion to seal.

Dated: July 26, 2012                                Respectfully submitted,

                                                    IRELL & MANELLA LLP


                                                    By:   /s/ *Jonathan Lange*
                                                            Jonathan Lange

                                                    Attorneys for Nonparties
                                                    Research In Motion Corporation and
                                                    Research In Motion Ltd.

A Registered Limited Liability
Law Partnership Including
Professional Corporations

2679848

- 7 -

NONPARTIES RESEARCH IN MOTION CORPORATION AND RESEARCH IN MOTION LTD.'S
ADMINISTRATIVE MOTION TO SEAL THIRD PARTY CONFIDENTIAL INFORMATION