IRELL & MANELLA LLP
Andrei Iancu (184973)
aiancu@irell.com
Alan J. Heinrich (212782)
aheinrich@irell.com
David A. Schwarz (159376)
dschwarz@irell.com
Jonathan Lange (238056)
jlange@irell.com
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone:   (310) 277-1010
Facsimile:    (310) 203-7199

Attorneys for Nonparties
Research In Motion Corporation and
Research In Motion Ltd.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | Case No. 11-CV-01846-LHK |
| Plaintiff, | **DECLARATION OF MICHAEL J. CROWLEY IN SUPPORT OF NONPARTIES RESEARCH IN MOTION CORPORATION AND RESEARCH IN MOTION LTD.'S ADMINISTRATIVE MOTION TO SEAL THIRD PARTY CONFIDENTIAL INFORMATION** |
| vs. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendants. | |

2679936

# DECLARATION OF MICHAEL J. CROWLEY

I, Michael J. Crowley, state and declare as follows:

1. I am a current employee of Research In Motion Corporation, which is not a party to this action. I have personal knowledge of the following facts and, if called as a witness, could and would testify competently thereto.

2. I joined Research In Motion Corporation in 2004 and am currently employed in its Patents and Standards Department. I am an attorney, and my current title is Senior Licensing Counsel. I make this declaration in support of the Administrative Motion to Seal Third Party Confidential Information filed by Research In Motion Corporation and Research In Motion Ltd. (collectively, "RIM").

3. RIM is a global leader in wireless innovation and revolutionized the mobile industry with the introduction of the BlackBerry in 1999.

4. During the course of my employment with RIM, my job responsibilities have included negotiating and managing licenses of patents, handling inbound assertions, patent litigation, and interfacing with the standards and patent prosecution teams.

5. RIM is not a party to this action. Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") notified RIM on July 21, 2012 that Samsung has included on its trial exhibit list in this action a document containing the key terms of a patent license agreement ("Patent Agreement") between RIM and Samsung. Samsung refers to this document as Trial Exhibit 630, and it is described as "Teece Expert Report of 3/22/2012 - Exs. 3A, 3B" in Samsung's most recent trial exhibit list. *See* Docket No. 1285-1.

6. The Patent Agreement includes the legend "Confidential Information" on each page. By its terms, RIM and Samsung are obligated under the Patent Agreement to maintain its confidentiality and to cooperate in limiting disclosure of its contents. RIM bargained for that confidentiality obligation and considers it an important part of the Patent Agreement.

7. RIM does not have access to the entirety of Trial Exhibit 630, but Samsung has provided RIM with the portion of that document concerning RIM. That portion of Trial Exhibit

630 purports to summarize the key terms of the Patent Agreement, including the effective date, the date of execution, the term of the license, the licensed products and technology, the geographic scope, the payment terms, and whether or not a cross-license was involved. RIM considers at least the following terms to be highly sensitive and confidential business information and trade secret information: the payment terms, the licensed products and technology, and the term of the license.

8. RIM maintains the confidentiality of these license terms and discloses them only pursuant to a binding non-disclosure agreement or equivalent confidentiality obligation. RIM further maintains the confidentiality of the Patent Agreement within RIM and discloses it only to those who have a business reason to know its contents.

9. Prior to producing the Patent Agreement in discovery in this action, Samsung notified RIM of its intent to produce the Patent Agreement and requested RIM's consent. A true and correct copy of Samsung's notification letter dated January 25, 2012 is attached hereto as Exhibit A. Samsung indicated that it would produce the Patent Agreement only after designating it "Highly Confidential – Outside Counsel's Eyes Only" pursuant to the Court's protective order governing confidentiality. Samsung represented to RIM that the use and disclosure of the Patent Agreement would be "strictly limited" by the terms of the protective order. RIM consented in light of Samsung's representation and after confirming that the Patent Agreement would in fact be designated and maintained as "Highly Confidential – Outside Counsel's Eyes Only" under the protective order. A true and correct copy of RIM's correspondence with Samsung dated February 1, 2012 is attached hereto as Exhibit B.

10. At any given time, RIM is engaged in the negotiation or renegotiation of numerous licenses related to its intellectual property, including parties who compete (or may potentially compete) with RIM.

///
///
///
///
///

11. I have reviewed the portion of Trial Exhibit 630 that relates to RIM. Based on my experience at RIM and my deep familiarity with RIM's licensing negotiations, the information contained in Trial Exhibit 630 would be valuable to a competitor or a counterparty in licensing negotiations with RIM. The terms capture important economic and business points of the Patent Agreement. The terms reveal when, under what circumstances, and in exchange for what consideration RIM was willing to enter into the Patent Agreement. RIM derives substantial economic value from the fact that these terms are kept secret.

12. Disclosure of such terms would substantially and irreparably harm RIM because RIM's ability to negotiate licenses on competitive terms would be severely hampered. RIM would be placed at a significant disadvantage because its counterparties would know what RIM was willing to agree to in the Patent Agreement, but RIM would not have the same information regarding its counterparties. In my opinion, and based on my experience, RIM would suffer harmful consequences in patent licensing negotiations currently underway, as well as future licensing negotiations, if the terms in Trial Exhibit 630 were disclosed. I believe that the harm to RIM resulting from such disclosure would be severe.

Executed on July 26, 2012, at Irving, Texas.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Michael J. Crowley