DAVID S. BLOCH (SBN: 184530)
dbloch@winston.com
JENNIFER A. GOLINVEAUX (SBN: 203056)
jgolinveaux@winston.com
MARCUS T. HALL (SBN: 206495)
mthall@winston.com
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA  94111-5894
Telephone:     (415) 591-1000
Facsimile:     (415) 591-1400

PETER J. CHASSMAN (*pro hac vice* application forthcoming)
pchassman@winston.com
WINSTON & STRAWN LLP
1111 Louisiana, 25th Floor
Houston, TX  77002-5242
Telephone:     (713) 651-2623
Facsimile:     (713) 651-2700

Attorneys for Non-Party,
MOTOROLA MOBILITY LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California Corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>    Defendants. | CASE NO.:  11-CV-01846-LHK<br><br>**EMERGENCY MOTION BY NONPARTY MOTOROLA MOBILITY LLC TO SEAL EXHIBITS, CLOSE COURTROOM, AND SEAL PORTIONS OF TRANSCRIPT**<br><br>[Civ. L.R. 79-5]<br><br>Date: Expedited Request<br>Courtroom: 8, 4th Floor<br>Judge: Hon. Lucy H. Koh |

Pursuant to Civil L.R. 7-11 and 79-5(c) and the Court's Order of July 23, 2012 (Doc. No. 1288), non-party Motorola Mobility LLC ("Motorola"), formerly known as Motorola Mobility, Inc., respectfully files this emergency administrative motion for an order to seal portions of proposed Trial Exhibits 77, 82, 630, and 631 because they contain or disclose highly confidential, sensitive business information of Motorola – specifically, license agreement terms and related information, the disclosure of which could cause significant harm to Motorola.  In addition, Motorola moves that the Court close the courtroom to those not authorized to view materials that are designated as Highly Confidential – Outside Attorneys' Eyes Only under the protective order during such time as Motorola's confidential information is discussed, and Motorola moves for an order that the trial transcript containing Motorola's confidential information also be sealed.[1]  The information contained within the exhibits at issue is highly sensitive and confidential, and the disclosure of that information to Motorola's competitors or the general public could cause substantial harm to Motorola.  Accordingly, substantial compelling reasons justify sealing portions of Samsung's proposed Trial Exhibits 77, 82, 630, and 631 as well as closing the courtroom during discussion of such exhibits and sealing the corresponding transcript.  Motorola files the present motion on an emergency basis because Motorola has been informed that trial in this case is set to begin on July 30, 2012.

**BACKGROUND**

On Sunday, July 22, 2012, in-house counsel for Motorola received, via e-mail, a letter from counsel for Samsung ("the Letter"), indicating that Samsung had designated as potential trial exhibits certain documents identified in Appendix A to that letter and that Samsung was unaware of compelling reasons why those documents should be sealed.  *See* Declaration of Thomas V. Miller ("Miller Dec."), Ex. A (attaching July 22 letter with redacted version of Appendix A and redacted version of Samsung's proposed trial Exhibit 82 thereto).  Specifically, the July 22 letter identified four potential Samsung proposed trial exhibits:

---

[1] Third parties Nokia Corporation and Interdigital Communications, LLC and Interdigital Technology Corporation have filed similar motions on similar grounds.  Doc. Nos. 1328, 1334.

1
2
3
4
5
6
- Trial Exhibit 77: Samsung only summarized the disclosure of this exhibit and did not provide a copy of it to Motorola.  Samsung's summary indicates that Exhibit 77 includes a table row containing entries that disclose the duration, financial terms, including amounts and direction of payments, and scope of license rights in a patent license between Motorola Inc. and Samsung.  Miller Dec. ¶¶ 3, 4 and Ex. A, Appx. A.

7
8
9
10
11
- Trial Exhibit 82: Exhibit 82 is a document entitled "Samsung – Motorola Licensing Discussions," dated May 2, 2005, bearing Bates numbers S-794-ITC-005280718-S-794-ITC-005280737.  This document was prepared by Samsung during licensing discussions between Samsung and Motorola.  Miller Dec. ¶¶ 3, 5 and Ex. A, Appx. A.

12
13
14
15
16
17
18
- Trial Exhibit 630: Samsung only summarized the disclosure of this exhibit and did not provide a copy of it to Motorola.  Samsung's summary indicates that Exhibit 630 includes Exhibits 3A and 3B to the Expert Report of David Teece and contains line entries disclosing terms of license agreements between Samsung and Motorola, Inc., including monetary terms, amounts and direction of payments, identification of licensed products and technologies, geographic scope, and temporal scope.  Miller Dec. ¶¶ 3, 4 and Ex. A, Appx. A.

19
20
21
22
23
- Trial Exhibit 631: Samsung only summarized the disclosure of this exhibit and did not provide a copy of it to Motorola.  Samsung's summary indicates that Exhibit 631 is Exhibits 4A-4B to the Teece report and contains entries disclosing royalty rates between Motorola and Samsung.  Miller Dec. ¶¶ 3, 4 and Ex. A, Appx. A.

24
25
26
27
28
Contrary to the position that Samsung has taken in the Letter, Motorola regards the disclosed contents of trial Exhibits 77, 630, and 631, as well as the contents of pages 13-15, 17, and 19 of Exhibit 82 to constitute highly confidential and sensitive information of Motorola. Miller Dec. ¶¶ 3-5.  The disclosure of this information to Motorola's competitors or the general public would cause great harm to Motorola.  Accordingly, compelling reasons justify sealing

those Exhibits (or portions of exhibits). Since the time of the Letter, Samsung has indicated in correspondence that it would not oppose a stipulation to seal as to portions of the aforementioned exhibits, to close the courtroom during discussion of portions of such exhibits, or to seal the corresponding transcript of any such discussions. *See* Declaration of Jennifer A. Golinveaux, ¶ 5.

**REQUEST FOR RELIEF**

Motorola respectfully requests that: 1) the Court seal the portions of Samsung's proposed Trial Exhibits 77, 82, 630, and 631 described above; 2) that those members of the public and litigants not authorized to view "Highly Confidential – Attorneys Eyes Only" material be excluded from the courtroom during any discussion or display of any of the information identified in item (1) (or any other Motorola confidential information); and 3) the Court seal the portions of the trial transcript in which those portions of those trial exhibits (or any other Motorola confidential information) is disclosed.

**COMPELLING REASONS JUSTIFY MOTOROLA'S REQUEST FOR THE NARROWLY-TAILORED RELIEF THAT MOTOROLA SEEKS**

The Court has the inherent power to shield sensitive information from public access when necessary to prevent the disclosure of highly confidential and competitively sensitive information, such as "sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978); *see also Hagestad v. Tragesser*, 49 F.3d 1430, 1433-34 (9th Cir. 1995) (quoting *Nixon*).

Motorola understands that the Court must endeavor to protect public access to documents used in open court and that courts in this Circuit "start with a strong presumption in favor of [public] access to court records." *Foltz v. State Farm Mutual Auto. Insurance Company*, 331 F.3d 1122, 1135 (9th Cir. 2003); *see also* Order Denying Sealing Motions (Dkt. 256). In this Circuit, a party seeking to overcome the presumption in favor of public access must present "compelling reasons" as to why the confidential information should be sealed. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) ("[t]hose who seek to maintain the

secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy").

However, preventing the release of trade secrets constitutes a "compelling reason" sufficient to hurdle the presumption of public access. *Kamakana*, 447 F.3d at 1179. When it comes to patent license agreements, trade secrets that should be sealed include licensing information, such as pricing terms, royalty rates, and guaranteed minimum payment terms. *In re Electronic Arts, Inc.*, 298 Fed. Appx. 568, 569-570 (9th Cir. 2008) ("pricing terms, royalty rates, and guaranteed minimum payment terms found in paragraph 6 of the 2006 Licensing Agreement….is also information that plainly falls within the definition of 'trade secrets'…[t]herefore, under *Kamakara* and *Nixon*, the district court erred as a matter of law by concluding that EA failed to meet the 'compelling reasons' standard"). Accordingly, this Court has previously, and even within the last two months, allowed parties to seal redacted license agreements and documents reflecting the terms of such agreements from public disclosure. *See, e.g., Powertech Technology Inc. v. Tessera Inc.*, 2012 WL 1969039, *1 (N.D. Cal. May 31, 2012) (holding that the harm to Plaintiff from the potential public disclosure of a license agreement was sufficiently compelling). In addition, courts have held that documents disclosing negotiated or draft license terms have overcome the compelling reasons burden. *See TriQuint Semiconductor, Inc. v. Avago Technologies Ltd.*, 2011 WL 4947343, *2 (D. Ariz. 2011). Further, confidential or proprietary information may be sealed as compelling even if the competitive harm would be to only third parties of the litigation. *See Network Appliance, Inc. v. Sun Microsystems Inc.*, 2010 WL 841274, *2 (N.D. Cal. 2010) ("Sun argues that this paragraph contains confidential and proprietary technical information that was obtained from third-parties and which was designated by the third parties as 'Attorneys Eyes Only,' and disclosure could cause harm to the third parties…[t]he Court agrees that there are compelling reasons for sealing this paragraph of the declaration in light of the confidential nature of the information and the competitive harm to third parties if the confidential information were disclosed").

The documents and information that are the subject of this motion – contents of Samsung's proposed Trial Exhibits 77, 82, 630, and 631 are of the type that are protected under

1  the case law.  These exhibits contain the terms of highly confidential and sensitive license
2  agreements between Motorola and Samsung.  Miller Dec. ¶¶ 3-5 and Ex. A, Appx. A thereto.
3  These terms include monetary terms, including license rates and direction of payments; and the
4  identification of licensed products and technology.  Miller Dec.  ¶¶ 3-4.  In addition the exhibits
5  include proposed license terms, including proposed royalty rates, as well as sales forecasts.  *Id*. ¶
6  5.  Motorola is engaged in ongoing licensing negotiations with several competitor companies,
7  and the disclosure of this information to such companies or to the general public would be
8  harmful to Motorola's licensing program.  *Id*. ¶¶ 4-5.  Accordingly, the contents of license
9  agreement, such as these, constitute trade secrets under the law and are subject to protection
10 under the "compelling reason" standard.  *See Kamakana*, 447 F.3d at 1179; *Powertech*, 2012 WL
11 1969039, at *1.

## CONCLUSION

13 For the foregoing reason, Motorola respectfully requests that: 1) the Court seal the
14 portions of Samsung's proposed Trial Exhibits 77, 82, 630, and 631 described above; 2) that
15 those members of the public and litigants not authorized to view "Highly Confidential –
16 Attorneys Eyes Only" material be excluded from the courtroom during any discussion or display
17 of any of the information identified in item (1) (or any other Motorola confidential information);;
18 and 3) the Court seal the portions of the trial transcript in which those portions of those trial
19 exhibits (or any other Motorola confidential information) is disclosed.

21 Dated:  July 26, 2012                                WINSTON & STRAWN LLP

                                                       By:  /s/ Jennifer A. Golinveaux
                                                            David S. Bloch
                                                            Jennifer A. Golinveaux
                                                            Marcus T. Hall
                                                            Peter J. Chassman (*pro hac vice* forthcoming)
                                                            Attorneys for Non-Party,
                                                            MOTOROLA MOBILITY LLC