DAVID S. BLOCH (SBN: 184530)
dbloch@winston.com
JENNIFER A. GOLINVEAUX (SBN: 203056)
jgolinveaux@winston.com
MARCUS T. HALL (SBN: 206495)
mthall@winston.com
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111-5894
Telephone:   (415) 591-1000
Facsimile:   (415) 591-1400

Attorneys for Non-Party,
MOTOROLA MOBILITY LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California Corporation,<br><br>                    Plaintiff,<br><br>            v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>                    Defendants. | CASE NO.:  11-CV-01846-LHK<br><br>**DECLARATION OF THOMAS V. MILLER** |

## DECLARATION OF THOMAS V. MILLER

I, Thomas V. Miller, declare and state:

1.      I am an employee of Motorola Mobility LLC, formerly known as Motorola Mobility, Inc., and previously the Mobile Devices and Home business segments of Motorola,

-1-

1   Inc. ("Motorola").  As Vice President, Intellectual Property for Motorola, my responsibilities

2   include patent litigation and licensing of patents.  As such, I am familiar with Motorola's

3   intellectual  property  licenses,  Motorola's  licensing  practices,  and  its  confidentiality

4   requirements.  I am over the age of 18 and make this declaration based on my own personal

5   knowledge.  If called and sworn as a witness, I could and would testify as set forth below.

6          2.       Attached as Exhibit A to this declaration is a copy of a letter that I received via e-

7   mail on Sunday, July 22, 2012 from counsel for Samsung in the above-caption case ("the

8   Letter").  Appendix A to the Letter and the copy of Trial Exhibit 82 that was enclosed with the

9   Letter have been redacted to remove Motorola confidential information from them.

10         3.       In the Letter and its Appendix A, Samsung's counsel provides notice that

11  Samsung has designated a number of documents as potential trial exhibits in the case that

12  contain Motorola highly confidential information.   Specifically, Appendix A to the Letter

13  identifies the following: a) Trial Exhibit 77, which includes a summary of Samsung's licenses,

14  including a line entry for a license between Samsung and Motorola Inc.; b) Trial Exhibit 82, a

15  Samsung licensing presentation entitled "Samsung – Motorola Licensing Discussions," dated

16  May 2, 2005 (S-794-ITC-005280718-S-794-ITC-005280737); c) Trial Exhibit 630, which

17  Samsung indicates are Exhibits 3A and 3B to the Expert Report of David Teece and includes

18  line entries disclosing terms of license agreements between Samsung and Motorola, Inc.; and d)

19  Trial Exhibit 631, which Samsung indicates are Exhibits 4A-4B to the Teece report and contain

20  entries disclosing royalty rates between Motorola and Samsung.  With regard to Trial Exhibits

21  77, 630, and 631, I have seen only the summaries of Motorola information provided in the

22  Letter from Samsung.

23         4.       As indicated in the Letter and above, Motorola has been a party to licensing

24  agreements with Samsung.  The Letter indicates that trial Exhibits 77, 630 and 631 disclose

25  highly confidential terms of those licensing agreements, including: monetary terms, including

26  license rates and direction of payments; and identification of licensed products and technologies.

27  Motorola considers this information to be highly confidential and extremely sensitive, for a

28  number of reasons including that Motorola is engaged in ongoing licensing negotiations with

several competitor companies, and the disclosure of this information to such companies or the general public would be harmful to Motorola's licensing program.

5.     I have reviewed Exhibit 82, which is a licensing presentation prepared by Samsung. Pages 13-15, 17, and 19 of this document disclose the proposed terms and conditions of a Samsung-Motorola license, forecasts of Motorola sales, and proposed royalty rates and payments between Motorola and Samsung. For the same reasons that the information disclosed in Exhibits 77, 630, and 631 are considered highly confidential and sensitive, Motorola considers the contents of Exhibit 82, pages 13-15, 17, and 19 likewise to be highly confidential and sensitive. Disclosure of that information to companies with whom Motorola is engaged in licensing negotiations or to the general public would be harmful to Motorola's licensing program.

I declare under the penalty of perjury under the laws of the State of Illinois and the United States that the foregoing is true and correct. Executed this 26th day of July, 2012, in Libertyville, Illinois.

Thomas V. Miller

DECLARATION OF THOMAS V. MILLER
Case No. 11-CV-01846-LHK

# EXHIBIT A

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California  90017-2543 | TEL: (213) 443-3000  FAX: (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3110**

WRITER'S INTERNET ADDRESS
**melissadalziel@quinnemanuel.com**

July 21, 2012


VIA FEDERAL EXPRESS

Vice President for Patents, Trademarks &
Licensing
Motorola, Inc.
1303 East Algonquin Road
Schaumburg, Illinois 60196


Re:     Notice of Disclosure of Confidential Documents


To Whom It May Concern:

My firm represents Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and
Samsung Telecommunications America, LLC, in several litigations with Apple Inc., involving
claims of patent infringement.  One action is pending in the United States District Court for the
Northern District of California denominated Apple Inc. v. Samsung Electronics Co., Ltd., et.al,
Case No. 5:11-cv-01846-LHK.  Trial will start on July 29, 2012, and we are in the process of
designating trial exhibits.

We are writing to inform you that Samsung has designated as potential trial exhibits documents
that contain your company's confidential business information.  A list of the documents is
attached as Appendix A.  Pursuant to a recently issued court order, the Court will not allow
Samsung to seal any such documents unless "compelling reasons" are shown, to warrant secrecy.
(See the attached July 17, 2012 and July 20, 2012 Orders.)  The Court made clear that a showing
of "good cause" would not be sufficient for sealing and provided the following guidance

**quinn emanuel urquhart & sullivan**, llp

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York  10010-1601  | TEL (212) 849-7000  FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California  94111-4788 | TEL (415) 875-6600  FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California  94065-2139 | TEL (650) 801-5000  FAX (650) 801-5100
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois  60661-2510 | TEL (312) 705-7400  FAX (312) 705-7401
WASHINGTON, DC | 1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia  20004-2400 | TEL (202) 538-8000  FAX (202) 538-8100
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44 20 7653 2000  FAX +44 20 7653 2100
TOKYO | NBF Hibiya Building, 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 3 5510 1711  FAX +81 3 5510 1712
MANNHEIM | Mollstraße 42, 68165 Mannheim, Germany | TEL +49 621 43298 6000  FAX +49 621 43298 6100
MOSCOW | Voentorg Building, 3rd Floor, 10 Vozdvizhenka Street, Moscow 125009, Russia | TEL +7 495 797 3666  FAX +7 495 797 3667
HAMBURG | An der Alster 3, 20099 Hamburg, Germany | TEL +49 40 89728 7000  FAX +49 40 89728 7100

regarding what specific factual findings might constitute "compelling reasons":

> [W]here a party seeks to file under seal documents attached to a dispositive motion, the strong presumption of public access can be overcome only by an "'articulat[ion of] compelling reasons supported by specific factual findings," and the Court must "'conscientiously balance[] the competing interests' of the public and the party who seeks to keep certain judicial records secret." "A 'good cause' showing will not, without more, satisfy a 'compelling reasons' test." The Ninth Circuit has explained that "compelling reasons" that justify sealing court records generally exist "when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets."

July 20, 2012 Order Denying Motions to Seal and Remove Incorrectly Filed Documents, at 2 (internal citations omitted).

Samsung has not identified any compelling reasons, under that standard, to warrant a request for sealing of these documents.  To the extent that your company believes it can make such a showing, and if you want to try to obtain a court order to seal the information in these documents, we recommend that you consider filing a motion to intervene as a third party and then a motion to seal.   Otherwise, the documents and information identified in Appendix A will be available to the public as a result of the upcoming trial.  Please let us know if you have any questions.

Sincerely,

Melissa Dalziel

Melissa Dalziel

Enclosures

02198.51855/4869250.1

2

# APPENDIX A

## MOTOROLA

Trial Exhibit 77: Summary of the key terms of various Samsung licenses with third parties, including Motorola.  Trial Exhibit 77 contains the following information about your company:

| Summary of Samsung Licenses | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Samsung License Partner | Bates Range | Effective Date | Expiration Date | Term of Agreement | Monetary Consideration | Includes Rights to UMTS-Related Patents? | Includes Rights to Other Patents? | Cross License? |
| Motorola, Inc. ("Motorola") | S-794-ITC-005216440–5216462 | July 1, 2005 | Dec. 31, 2010 | 5 years, 6 months | REDACTED | REDACTED | REDACTED | REDACTED |

Trial Exhibit 82:  Samsung presentation titled "Samsung - Motorola Licensing Discussions," dated May 2, 2005 (S-794-ITC-005280718-S-794-ITC-005280737).  A copy of the document is attached.

Trial Exhibit 630:  Exhibits 3A and 3B to the Expert Report of David Teece, an expert retained by Apple, dated March 22, 2012.  Exhibit 3A is a table summarizing the key terms of various contracts between Samsung and third parties to the litigation.  Exhibit 3B contains a table summarizing the key terms of various contracts between Apple and third parties to the litigation.

Trial Exhibit 630 contains the following information about Motorola:

### Exhibit 3A
### Summary of Samsung License Agreements

| Licensee | Licensor | Title | Effective Date | Date Last Signed | Term | Licensed Products/Technology | Monetary Consideration | Geographic Scope | Includes Rights to UMTS-Related Patents? | Payments | Source |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Samsung Electronics Co Ltd | Motorola, Inc | Cellular Cross License Agreement | 9/30/2000 | N/A | 12/31/2004 | REDACTED | | Worldwide | REDACTED | | S-794-ITC-005280285 to S-794-ITC-005280348 |
| Samsung Electronics Co Ltd | Motorola, Inc | License Extension Agreement | 6/30/2005 | 6/30/2005 | 6/30/2005 | REDACTED | | N/A | REDACTED | | S-794-ITC-005280871 to S-794-ITC-005280874 |

| Licensee | Licensor | Title | Effective Date | Date Last Signed | Term | Licensed Products/Technology | Geographic Scope | Payments | Source |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | REDACTED | |
| Samsung Electronics Co Ltd | Motorola, Inc | Wireless Communication Cross License Agreement | 7/1/2005 | 9/25/2005 | 12/31/2010 | REDACTED | Worldwide | REDACTED | S-794-ITC-005216440 to S-794-ITC-005216462 |

Trial Exhibit 631:  Exhibits 4A-4B to the Teece Report.  Exhibit 4A contains a table titled "Initial Royalty Rates REDACTED" Exhibit 4B contains a table titled REDACTED" Trial Exhibit 631 contains the following information about your company:



UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California corporation, | Case No.: 11-CV-01846-LHK |
| Plaintiff, | ORDER DENYING SEALING MOTIONS |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendants. | |

Before the Court are administrative motions to seal related to the motions for summary judgment that were resolved by Court Orders at ECF Nos. 1156 & 1158, as well as administrative motions to seal various documents that have been filed in anticipation of the trial currently set for July 30, 2012. Specifically, the parties seek to seal documents and portions of documents related to the motions for summary judgment, Daubert motions, pending claim construction statements, motions in limine, and other documents that pertain to and presumably will be used in the upcoming trial. *See, e.g.* ECF Nos. 1236, 1233, 1208, 1206, 1201, 1186, 1185, 1184, 1183, 1179, 1140, 1139, 1125, 1122, 1090, 1089, 1069, 1063, 1061, 1060, 1059, 1052, 1023, 1024, 1022, 1020, 1013, 1007, 1004, 997, 991, 930, 927, 925, and 847 (hereafter "Sealing Motions").

1

Historically, courts have recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978). Unless a particular court record is one "traditionally kept secret," a "strong presumption in favor of access" is the starting point. *Foltz v. State Farm Mutual Auto. Insurance Company*, 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the "compelling reasons" standard. *Id.* at 1135. That is, the party must "articulate[ ] compelling reasons supported by specific factual findings," *id.* (citing *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1102-03 (9th Cir.1999)), that outweigh the general history of access and the public policies favoring disclosure, such as the " 'public interest in understanding the judicial process.' " *Hagestad*, 49 F.3d at 1434 (quoting *EEOC v. Erection Co.*, 900 F.2d 168, 170 (9th Cir. 1990)).

The Ninth Circuit has explained that the "strong presumption of access to judicial records applies fully to dispositive pleadings, including motions for summary judgment and related attachments" because "the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the "public's understanding of the judicial process and of significant public events." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1177 (9th Cir. 2006). The Ninth Circuit has also carved out an exception to the strong presumption of openness for pre-trial, non-dispositive motions. The Ninth Circuit applies a "good cause" showing to keep sealed records attached to non-dispositive motions. *Id.* at 1180. Thus the Court applies a two tiered approach: "judicial records attached to dispositive motions [are treated] differently from records attached to non-dispositive motions. Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy" while a showing of good cause will suffice at earlier stages of litigation. *Id.*

As Judge Alsup explained in *Oracle America v. Google, Inc*., 10-CV-03561-WHA, at ECF No. 540, "The United States district court is a public institution, and the workings of litigation must be open to public view. Pretrial submissions are a part of trial." Accordingly, Judge Alsup advised

2

1   counsel that "unless they identify a limited amount of exceptionally sensitive information that truly

2   deserves protection, the motions will be denied outright." *Id.*

3       Similarly, this Court explained at the June 29, 2012 case management conference that "the

4   whole trial is going to be open." Hr'g Tr. at 78. In light of the Ninth Circuit's admonition in

5   *Kamakana* regarding the presumption of openness and the high burden placed on sealing

6   documents at this late, merits stage of the litigation, it appears that the parties have overdesignated

7   confidential documents and are seeking to seal information that is not truly sealable under the

8   "compelling reasons" standard. As one example, the parties have sought to redact descriptions of

9   trial exhibits that will presumably be used in open court. *See, e.g.* Exhibit A to Samsung's

10  Objections to Apple's Exhibit List. Accordingly, the Sealing Motions are DENIED without

11  prejudice.

12      The parties may file renewed motions to seal within one week of the date of this Order.

13  However, the parties are ORDERED to carefully scrutinize the documents it seeks to seal. At this

14  stage of the proceedings, the presumption of openness will apply to all documents and only

15  documents of exceptionally sensitive information that truly deserve protection will be allowed to

16  be redacted or kept from the public. Nearly all of the documents which met the lower, "good

17  cause" standard do not meet the higher, "compelling reasons" standard for trial.

18  **IT IS SO ORDERED.**

19  Dated: July 17, 2012

20                                          LUCY H. KOH
                                            United States District Judge

21

22

23

24

25

26

27

28

Case No.: 11-CV-01846-LHK
ORDER DENYING MOTIONS TO SEAL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| APPLE, INC., a California corporation, | ) | Case No.: 11-CV-01846-LHK |
| | ) | |
| Plaintiff, | ) | ORDER DENYING MOTIONS TO |
| v. | ) | SEAL AND REMOVE INCORRECTLY |
| | ) | FILED DOCUMENTS |
| SAMSUNG ELECTRONICS CO., LTD., a | ) | |
| Korean corporation; SAMSUNG | ) | |
| ELECTRONICS AMERICA, INC., a New York | ) | |
| corporation; SAMSUNG | ) | |
| TELECOMMUNICATIONS AMERICA, LLC, | ) | |
| a Delaware limited liability company, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

Before the Court are several administrative motions to seal documents and to remove

incorrectly filed documents.  *See* ECF Nos. 1160, 1150, 1147, 1132, 1080, 1123, 1039, 1033, 1035,

1039, and 953[1] ("Motions to Seal").

Courts have historically recognized a "general right to inspect and copy public records and

documents, including judicial records and documents."  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S.

589, 597 & n. 7 (1978).  "Unless a particular court record is one 'traditionally kept secret,'" courts

generally apply "a 'strong presumption in favor of access.'"  *Kamakana v. City & Cnty. of*

*Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*,

---

[1]  In light of the Court's Order Denying without prejudice the administrative motions to seal at
ECF No. 1256, Samsung's request for an extension of time to file Civil Local Rule 79-5(d)
declarations to seal documents is DENIED as moot.  *See* ECF No. 1150.

Case No.: 11-CV-01846-LHK
ORDER DENYING MOTIONS TO SEAL

331 F.3d 1122, 1135 (9th Cir. 2003)). Where a party seeks to file under seal documents attached only to a non-dispositive motion, however, a showing of "good cause" often outweighs the public's interest in access, because "the public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action." *Id*. at 1179 (internal quotation marks and citations omitted).

By contrast, where a party seeks to file under seal documents attached to a dispositive motion, the strong presumption of public access can be overcome only by an "'articulat[ion of] compelling reasons supported by specific factual findings,'" and the Court must "'conscientiously balance[] the competing interests' of the public and the party who seeks to keep certain judicial records secret." *Id*. at 1178-79 (quoting *Foltz*, 331 F.3d at 1135). "A 'good cause' showing will not, without more, satisfy a 'compelling reasons' test." *Id*. at 1180. The Ninth Circuit has explained that "compelling reasons" that justify sealing court records generally exist "when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id*. at 1179 (quoting *Nixon*, 435 U.S. at 598). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id*. (citing *Foltz*, 331 F.3d at 1136). "Unlike private materials unearthed during discovery, judicial records are public documents almost by definition, and the public is entitled to access by default. This fact sharply tips the balance in favor of production when a document, formerly sealed for good cause under Rule 26(c), becomes part of a judicial record." *Id*. at 1180 (internal citation omitted).

The pending Motions to Seal relate to the preliminary injunction, Samsung's motion to stay the preliminary injunction, or the potential evidence at trial. Although the preliminary injunction and Samsung's motion to stay are non-dispositive, they cannot fairly be characterized as "unrelated, or only tangentially related, to the underlying cause of action." *Kamakana*, 447 F.3d. at 1179. To the contrary, these motions implicate the very core of Apple's claims and Apple's desired relief in bringing suit against Samsung. As evidenced by the plethora of media and general

Case No.: 11-CV-01846-LHK
ORDER DENYING MOTIONS TO SEAL

1    public scrutiny of the preliminary injunction proceedings, the public has a significant interest in

2    these court filings, and therefore the strong presumption of public access applies.

3           Regarding the motion to seal potential evidence at trial, the Court has made clear to the

4    parties that all evidence introduced at trial will be open to the public, with the narrow exception of

5    "exceptionally sensitive information that truly deserves protection."  Order at 2, ECF No. 1256

6    (citing *Oracle Am. v. Google, Inc.*, No. 10-CV-03561-WHA, at ECF No. 540).  With a July 30,

7    2012 trial date, this case has reached a stage of the proceedings where "the presumption of

8    openness will apply to all documents[,] and only documents of exceptionally sensitive information

9    that truly deserve protection will be allowed to be redacted or kept from the public."  ECF No.

10   1256 at 3.

11          Therefore, the Court now determines that the strong public interest in the proceedings in

12   this case merits imposition of the heightened "compelling reasons" standard on the pending

13   Motions to Seal that governs the sealing of documents attached to dispositive motions or evidence

14   submitted in trial.  *See Kamakana*, 447 F.3d at 1178-79.

15          The Court has reviewed the Motions to Seal.  While some of the information may have

16   been sealable under the more pliant "good cause" standard, much of it failed to meet even that

17   lower burden.  For example, some of the information sought to be sealed includes names of

18   document custodians, descriptions of features of devices, and photographs of items that are in the

19   public record.  Moreover, none of the information sought to be sealed satisfies the more stringent

20   "compelling reasons" standard.  In light of these findings, the Court DENIES the pending

21   administrative motions to seal and to remove incorrectly filed documents.

22   **IT IS SO ORDERED.**

23   Dated: July 20, 2012

     _____
     LUCY H. KOH
24   United States District Judge

25

26

27

28

3

PLAINTIFF'S EXHIBIT NO. 82
United States District Court
Northern District of California
No. 11-CV-01846-LHK (PSG)
Apple Inc. v. Samsung Elecs.

Date Admitted: _____ By: _____



# Samsung – Motorola Licensing Discussions

May 2, 2005

SAMSUNG

CONFIDENTIAL BUSINESS INFORMATION - SUBJECT TO PROTECTIVE ORDER
Confidential Business Information -- Subject to Protective Order

SS 03144469
S-794-ITC-005280718

Plaintiff's Exhibit No. 82.2

# Patent Position (GSM)



| Section | | Motorola Total(35) | Motorola To be Valued | Samsung Total | Samsung To be Valued |
|---|---|---|---|---|---|
| Discussed | Mobile & Infra. | 24 | 2 | 2 | - |
| | Mobile Only | 4 | - | - | - |
| | Infra. Only | 7 | - | 1 | 1 |
| Not discussed | | 20 | 1~2(expect) | - | - |
| Total | | 55 | 3~4 | 3 | 1 |

**SAMSUNG CONFIDENTIAL - FOR SETTLEMENT PURPOSE ONLY**

Confidential – For settlement purposes only

© SAMSUNG Electronics Co., Ltd.

1

CONFIDENTIAL BUSINESS INFORMATION - SUBJECT TO PROTECTIVE ORDER
Confidential Business Information -- Subject to Protective Order

SS 03144470
S-794-ITC-005280719

Plaintiff's Exhibit No. 82.3

2

# Patent Position (3GPP)

| Section | Motorola Total(22) | Motorola To be Valued | Samsung Total | Samsung To be Valued |
|---|---|---|---|---|
| **Discussed** | | | | |
| Mobile & Infra. | 8 | - | 10 | 8 |
| Mobile Only | 6 | 2 | 3 | - |
| Infra. Only | 8 | - | 4 | - |
| Not discussed | 14 | 1~2 (speci) | - | - |
| Total | 36 | 3~4 | 17 | 8 |

SAMSUNG CONFIDENTIAL - FOR SETTLEMENT PURPOSE ONLY

Confidential – For settlement purposes only

© SAMSUNG Electronics Co., Ltd.

CONFIDENTIAL BUSINESS INFORMATION - SUBJECT TO PROTECTIVE ORDER
Confidential Business Information -- Subject to Protective Order

SS 03144471
S-794-ITC-005280720

Plaintiff's Exhibit No. 82.4

3

## Patent Position (3GPP2)



| Section | Motorola | | Samsung | |
|---|---|---|---|---|
| | Total (63) | To be Valued | Total | To be Valued |
| Discussed | | | | |
| Mobile & Infra. | 5 | 2 | 14 | 5 |
| Mobile Only | 14 | 1 | 5 | 1 |
| Infra. Only | 14 | 1 | 7 | 2 |
| Not discussed | 10 | 1-2 (expect) | 1 | 1 |
| Total | 43 | 4-5 | 26 | 8 |

**SAMSUNG CONFIDENTIAL - FOR SETTLEMENT PURPOSE ONLY**

Confidential – For settlement purposes only

© SAMSUNG Electronics Co., Ltd.

CONFIDENTIAL BUSINESS INFORMATION - SUBJECT TO PROTECTIVE ORDER
Confidential Business Information -- Subject to Protective Order

SS 03144472
S-794-ITC-005280721

Plaintiff's Exhibit No. 82.5

4

# Patent Position (Non – Essential)

| Section | Motorola | | Samsung | |
|---|---|---|---|---|
| | Total | To be Valued | Total | To be Valued |
| Discussed | | | | |
| Total | 75 | 4 | 42 | 7 |

SAMSUNG CONFIDENTIAL - FOR SETTLEMENT PURPOSE ONLY

Confidential – For settlement purposes only

© SAMSUNG Electronics Co., Ltd.

CONFIDENTIAL BUSINESS INFORMATION - SUBJECT TO PROTECTIVE ORDER
Confidential Business Information -- Subject to Protective Order

SS 03144473
S-794-ITC-005280722

Plaintiff's Exhibit No. 82.6

5

# Patent Position (Summary)



| Section | Motorola Total(125) | Motorola To be Valued | Samsung Total | Samsung To be Valued |
|---|---|---|---|---|
| Discussed | | | | |
| GSM | 35 | 2 | 3 | 1 |
| 3GPP | 22 | 2 | 17 | 8 |
| 3GPP2 | 33 | 3 | 26 | 8 |
| Non – Essen. | 35 | 4 | 42 | 7 |
| Not discussed | 44 | 3~5 (expected) | - | - |
| Total | 169 | 14~17 | 88 | 24 |

**SAMSUNG CONFIDENTIAL - FOR SETTLEMENT PURPOSE ONLY**

Confidential – For settlement purposes only

© SAMSUNG Electronics Co., Ltd.

CONFIDENTIAL BUSINESS INFORMATION - SUBJECT TO PROTECTIVE ORDER
Confidential Business Information -- Subject to Protective Order

SS 03144474
S-794-ITC-005280723

Plaintiff's Exhibit No. 82.7



# Comparison of th`e Contributions for 3GPP (#1)

- Year : 2004 / Technology : RAN 1 & RAN 2

*MBMS : Multimedia Broadcast Multicast Service
E-DCH : FDD Enhanced Uplink (DCH)

Source: 3GPP RAN WG1/WG2 Tdoc List
© SAMSUNG Electronics Co., Ltd.

Confidential – For settlement purposes only

6

CONFIDENTIAL BUSINESS INFORMATION - SUBJECT TO PROTECTIVE ORDER
Confidential Business Information -- Subject to Protective Order

SS 03144475
S-794-ITC-005280724

Plaintiff's Exhibit No. 82.8

7

# Comparison of the Contributions for 3GPP (#2)

■ MBMS (RAN 1 & RAN 2)



Samsung
38%

Nortel
1%

Nokia
15%

Motorola
14%

Ericsson
6%

Qualcomm
26%

Confidential – For settlement purposes only

© SAMSUNG Electronics Co., Ltd.

CONFIDENTIAL BUSINESS INFORMATION - SUBJECT TO PROTECTIVE ORDER
Confidential Business Information -- Subject to Protective Order

Plaintiff's Exhibit No. 82.9

8

# Comparison of the Contributions for 3GPP (#3)

∎ E - DCH (RAN 1 & RAN 2)



Qualcomm 30%

Samsung 22%

Nortel 6%

Nokia 14%

Motorola 16%

Ericsson 12%

Confidential – For settlement purposes only

© SAMSUNG Electronics Co., Ltd.

CONFIDENTIAL BUSINESS INFORMATION - SUBJECT TO PROTECTIVE ORDER
Confidential Business Information -- Subject to Protective Order

SS 03144477
S-794-ITC-005280726

Plaintiff's Exhibit No. 82.10

# Comparison of the Contributions for 3GPP2 (Rev.D)



Qualcomm
37%

Samsung
13%

Lucent
13%

Nortel
8%

Nokia
12%

Motorola
8%

Ericsson
9%

9

Confidential – For settlement purposes only

© SAMSUNG Electronics Co., Ltd.

CONFIDENTIAL BUSINESS INFORMATION - SUBJECT TO PROTECTIVE ORDER
Confidential Business Information -- Subject to Protective Order

SS 03144478
S-794-ITC-005280727

Plaintiff's Exhibit No. 82.11

# Mobile Subscriptions

■ Global Sales by Technology 2001 ~ 2010 (M units)

【 2G & 2.5G 】

【 3G 】



**Source: Strategy Analytics (December 2004)**

© SAMSUNG Electronics Co., Ltd.

Confidential – For settlement purposes only

10

CONFIDENTIAL BUSINESS INFORMATION - SUBJECT TO PROTECTIVE ORDER
Confidential Business Information -- Subject to Protective Order

SS 03144479
S-794-ITC-005280728

Plaintiff's Exhibit No. 82.12

# Mobile Subscriptions

■ Year End 2004 vs. 2008 by Region (M units)



North-America
150
121

Western-Europe
139
135

Latin-America
71
60

Eastern-Europe
51
40

Asia / Pacific
307
215

Africa / Middle East
53
31

Subs '08
Subs '04

Up to 2008

1. Asia/Pacific bigger than NA/WEU combined

2. Developed markets growth slows down, compared to the past

Source: Gartner Dataquest (August 2004)

© SAMSUNG Electronics Co., Ltd.

Confidential -- For settlement purposes only

11

CONFIDENTIAL BUSINESS INFORMATION - SUBJECT TO PROTECTIVE ORDER
Confidential Business Information -- Subject to Protective Order

SS 03144480
S-794-ITC-005280729

Plaintiff's Exhibit No. 82.13



# Mobile Service Mega Trend

Digitalization → High Data Rate → Broadband/Multimedia → High Intelligence

12

CONFIDENTIAL BUSINESS INFORMATION - SUBJECT TO PROTECTIVE ORDER
Confidential Business Information -- Subject to Protective Order

SS 03144481
S-794-ITC-005280730

Plaintiff's Exhibit No. 82.14



# Terms and Conditions



REDACTED

13

**SAMSUNG CONFIDENTIAL - FOR SETTLEMENT PURPOSE ONLY**

Confidential – For settlement purposes only

© SAMSUNG Electronics Co., Ltd.

CONFIDENTIAL BUSINESS INFORMATION - SUBJECT TO PROTECTIVE ORDER
Confidential Business Information -- Subject to Protective Order

SS 03144482
S-794-ITC-005280731

Plaintiff's Exhibit No. 82.15

14

# Terms and Conditions (Cont.)



REDACTED

SAMSUNG CONFIDENTIAL - FOR SETTLEMENT PURPOSE ONLY

Confidential – For settlement purposes only

© SAMSUNG Electronics Co., Ltd.

Plaintiff's Exhibit No. 82.16

15



# Motorola Mobile Sales Forecast (M units)



REDACTED

**Source:** Strategy Analytics (December 2004)

© SAMSUNG Electronics Co., Ltd.

Confidential – For settlement purposes only

CONFIDENTIAL BUSINESS INFORMATION - SUBJECT TO PROTECTIVE ORDER

Confidential Business Information -- Subject to Protective Order

SS 03144484

S-794-ITC-005280733

Plaintiff's Exhibit No. 82.17

16

# Samsung Mobile Sales Forecast (M units)

| | 2005 | 2006 | 2007 | 2008 | 2009 | Total |
|---|---|---|---|---|---|---|
| Total ($B) | 97 ($16) | 106 ($17) | 113 ($18) | 116 ($20) | 119 ($21) | 559 ($92) |

**Source:** Strategy Analytics (December 2004)

© SAMSUNG Electronics Co., Ltd.

Confidential – For settlement purposes only

CONFIDENTIAL BUSINESS INFORMATION - SUBJECT TO PROTECTIVE ORDER
Confidential Business Information -- Subject to Protective Order

SS 03144485
S-794-ITC-005280734

Plaintiff's Exhibit No. 82.18



# Network Sales Forecast

| | Past | 2005 | 2006 | 2007 | 2008 | 2009 | Total |
|---|---|---|---|---|---|---|---|
| REDACTED | | | | | | | |
| Samsung ($M) | $3,151 | $563 | $578 | $568 | $564 | $577 | $6,002 |

**Source: Gartner Dataquest (August 2004)**

© SAMSUNG Electronics Co., Ltd.

Confidential – For settlement purposes only

17

CONFIDENTIAL BUSINESS INFORMATION - SUBJECT TO PROTECTIVE ORDER
Confidential Business Information -- Subject to Protective Order

Plaintiff's Exhibit No. 82.19

# Market Share

| | Motorola | Samsung |
|---|---|---|
| 2004 | 15.4% | 12.7% |
| 1Q 2005 | 17.1% | 14.2% |
| 2009 | 18.5% | 15.3% |

Confidential – For settlement purposes only

© SAMSUNG Electronics Co., Ltd.

18

CONFIDENTIAL BUSINESS INFORMATION - SUBJECT TO PROTECTIVE ORDER
Confidential Business Information -- Subject to Protective Order

Plaintiff's Exhibit No. 82.20



Samsung Proposal

REDACTED

19

Confidential – For settlement purposes only

© SAMSUNG Electronics Co., Ltd.

SS 03144488
S-794-ITC-005280737