| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781) | WILLIAM F. LEE |
| hmcelhinny@mofo.com | william.lee@wilmerhale.com |
| MICHAEL A. JACOBS (CA SBN 111664) | WILMER CUTLER PICKERING |
| mjacobs@mofo.com | HALE AND DORR LLP |
| RACHEL KREVANS (CA SBN 116421) | 60 State Street |
| rkrevans@mofo.com | Boston, MA 02109 |
| JENNIFER LEE TAYLOR (CA SBN 161368) | Telephone: (617) 526-6000 |
| jtaylor@mofo.com | Facsimile: (617) 526-5000 |
| ALISON M. TUCHER (CA SBN 171363) | |
| atucher@mofo.com | |
| RICHARD S.J. HUNG (CA SBN 197425) | MARK D. SELWYN (SBN 244180) |
| rhung@mofo.com | mark.selwyn@wilmerhale.com |
| JASON R. BARTLETT (CA SBN 214530) | WILMER CUTLER PICKERING |
| jasonbartlett@mofo.com | HALE AND DORR LLP |
| MORRISON & FOERSTER LLP | 950 Page Mill Road |
| 425 Market Street | Palo Alto, California 94304 |
| San Francisco, California 94105-2482 | Telephone: (650) 858-6000 |
| Telephone: (415) 268-7000 | Facsimile: (650) 858-6100 |
| Facsimile: (415) 268-7522 | |

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | Case No.   11-cv-01846-LHK (PSG) |
| Plaintiff, | **APPLE'S MOTION TO STRIKE SAMSUNG'S UNTIMELY MOTION FOR ADVERSE INFERENCE INSTRUCTION** |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendants. | |

Samsung's reflexive motion for an adverse inference instruction against Apple ignores the entire logic of Judge Grewal's order. Samsung has been adjudicated a repeat offender. Judge Grewal knew that another federal court had previously sanctioned Samsung for choosing "not to flip an 'off-switch'" on its auto-delete email function, "even after litigation began." (Dkt. 1321 at 2 (July 24 Order at 2.)) Yet Samsung chose not to "build[] itself an off-switch— and us[e] it—in future litigation such as this one." (*Id.*) Notwithstanding the prior sanctions order, Samsung continued to auto-delete emails when under a duty to preserve them, without any systemic oversight to ensure that individuals preserved relevant emails. This history – which has no counterpart in Apple's conduct – was a major factor in Judge Grewal's Order.

Samsung's motion is beyond untimely, and should be stricken on that basis. It was filed just *two court days before trial*. This latest gambit in Samsung's repeated efforts to disrupt the Court's and Apple's efforts to prepare for trial in an orderly manner should be rejected out of hand.

Samsung had ample time to file a motion earlier in the case, but failed to do so. Indeed, Samsung deposed Apple's Rule 30(b)(6) witness on document retention issues on February 23, 2012—more than five months ago. The facts recited in Samsung's motion have been known for months. Samsung presented this same "evidence" in its papers opposing Apple's motion back in May. (*Compare* Dkt. 13881-1 (July 26, 2012 Binder Decl.) ¶¶ 5-15 & Exs. 1-3, *with* Dkt. 987-39 (May 29, 2012 Binder Decl.) ¶¶ 20-29 & Exs. 2-4.) Yet as recently as July 6, when Samsung's counsel signed the Joint Pretrial Statement and Proposed Order, it indicated no intention to file an adverse inference motion. (Dkt. No. 1189 at 21-22 ("Further Discovery Or Motions")).

Remarkably, Samsung claims that a footnote in Judge Grewal's July 24 Order granting-in-part Apple's motion for adverse inference instructions authorizes Samsung to file the motion now. According to Samsung: "Judge Grewal noted that Samsung was entitled to pursue spoliation remedies against Samsung 'at the appropriate time.' Order at 16, n.82. If Magistrate Judge Grewal's order on Apple's motion for adverse inference instructions is upheld, and with trial beginning in a matter of days, that time is now." (Dkt. No. 1389 at 3.)

APPLE'S MOTION TO STRIKE SAMSUNG'S UNTIMELY MOTION FOR ADVERSE INFERENCE INSTRUCTION
CASE NO. 11-CV-01846-LHK (PSG)
sf-3175660

1

There is nothing in Judge Grewal's Order that suggesting that he intended to authorize Samsung to file an adverse inference motion now—two days before trial. The footnote on which Samsung relies says that Samsung could have filed a motion at the appropriate time, but of course it did not:

> Samsung's argument that Apple failed to issue litigation hold notices in August 2010 is irrelevant to the court's determination here. Samsung *has always been* free to argue, at the appropriate time, that Apple too is guilty of spoliation. In any event, that motion is not currently before the court.

(Dkt No. 1321 at 16 n.82 (emphasis added).) Nothing in that statement opens the door now to motions that should have been brought months ago.

Nor can Samsung excuse its delay based on not knowing how Judge Grewal would rule on Apple's motion. That Samsung has lost on what it regards as a legal issue does not excuse its failure to bring a timely motion on an issue where all the facts were known. As indicated in the footnote quoted above, Samsung's opposition argued in part that Apple had not issued litigation hold notices in August 2010. Samsung clearly could have made its own motion then, but made a strategic decision not to. Further, Samsung's premise that Apple's duty to preserve mirrored Samsung's is erroneous. As Judge Grewal noted, Apple argued that "Samsung must have known in August 2010 that it had no plans to alter its products," while Apple only learned that Samsung "would not seek a negotiated end to their disagreements" once "Samsung announced the release of 'a new round of infringing products' in Spring 2011." (Dkt. No. 1321 at 15 & n.80 (citation omitted).) And while Samsung is a serial offender, Samsung can point to no such conduct by Apple.

Samsung has tried before to extend the time for filing motions, and this Court rejected Samsung's efforts. In March, Samsung sought an extension of the deadline to file motions to compel—in part to file a "me too" motion corresponding to Apple's motion to compel depositions of certain Samsung "apex" witnesses. (Dkt. No. 800, *See* Dkt. No. 805 at 2-3.) The Court denied Samsung's requested extension and required adherence to the deadlines set by the Local Rules. (Dkt. No. 811.) It should do so again, and strike Samsung's untimely motion.

APPLE'S MOTION TO STRIKE SAMSUNG'S UNTIMELY MOTION FOR ADVERSE INFERENCE INSTRUCTION
CASE NO. 11-CV-01846-LHK (PSG)
sf-3175660

2

| | | |
|---|---|---|
| 1 | Dated: July 27, 2012 | MORRISON & FOERSTER LLP |

By:  */s/ Michael A. Jacobs*
       Michael A. Jacobs

Attorneys for Plaintiff
APPLE INC.

APPLE'S MOTION TO STRIKE SAMSUNG'S UNTIMELY MOTION FOR ADVERSE INFERENCE INSTRUCTION
CASE NO. 11-CV-01846-LHK (PSG)
sf-3175660

3