| | |
|---|---|
| 1 | Christopher L. Kelley, Bar No. 166608 |
| | CKelley@perkinscoie.com |
| 2 | PERKINS COIE LLP |
| | 3150 Porter Drive |
| 3 | Palo Alto, CA  94304 |
| | Telephone:  650.838.4300 |
| 4 | Facsimile:   650.838.4350 |
| 5 | Attorneys for Non-Party |
| | INTEL CORPORATION |
| 6 | |
| 7 | |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| 11 | APPLE INC., | |
| 12 | Plaintiff, | Case No. 11-cv-01846-LHK |
| 13 | v. | **NON-PARTY INTEL'S ADMINISTRATIVE MOTION TO SEAL SELECTED PROPRIETARY MATERIAL** |
| 14 | SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| 15 | | |
| 16 | | |
| 17 | | |
| | Defendants. | |
| 18 | | |

Pursuant to Civil L.R. 7-11 and 79-5(c), and the Court's Order of July 23, 2012 (Dkt. # 1288), non-party Intel Corporation ("Intel") moves for an order sealing specific documents that contain Intel technical secrets and requiring the parties to use a version of the Intel-Samsung cross license agreement that redacts commercially sensitive provisions that are irrelevant to the issues in this case.  Intel's request is limited to a handful of documents previously submitted under seal by the parties and subject to the Court's July 17 order (Dkt. # 1256) and several documents that the parties have identified, or are expected to identify, in their exhibit lists:

- Intel source code and two large technical documents that specify in detail the system architecture for Intel's hardware and software;

- two exhibits that describe Intel's scrambling code circuitry and that were attached to Apple's motion for non-infringement of the '867 patent (Dkt. # 925) but that proved to be irrelevant to the Court's order granting that motion;
- the Intel-Samsung patent cross-license agreement and amendments; and
- Intel invoices for sales of chips to Apple.

Each of these documents contain technical or commercial information that is confidential to Intel. Intel, therefore, requests that the Court protect its proprietary interests in these documents either by sealing them or by admitting redacted versions that omit irrelevant and highly sensitive information.

**ARGUMENT**

**I.    INTEL SOURCE CODE AND ENGINEERING DOCUMENTS**

Samsung has told Intel that its intended trial exhibit list includes portions of Intel source code, as well as the "X-GOLD 61x Product Specification" and the "UMTS RLC Detailed Design Description," which provide detailed module-by-module specifications of Intel chips and firmware. Intel requests that the Court order that these exhibits be sealed to prevent public access.

Evidence relevant to a dispositive matter may be sealed for "compelling reasons." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). Sealing is warranted where a party has taken steps to maintain the secrecy of the information and would be harmed if it were disclosed. *Network Appliance, Inc. v. Sun Microsys., Inc.,* Case No. C-07-06053 EDL, 2010 WL 841274, at *2 (N.D. Cal. Mar. 10, 2010) (finding compelling reason to seal "in light of the confidential nature of the information and the competitive harm to third parties if the confidential information were disclosed"); *Upek, Inc. v. Authentec, Inc.,* Case No. C 10-00424 JF, 2010 WL 1980189, at *4 (N.D. Cal. May 17, 2010) (noting effort to maintain confidentiality in finding compelling reason to seal).

As described in the accompanying declaration of Josef Hausner, attached as Exhibit A to this motion, Intel maintains the secrecy of the source code and technical documents and would be harmed by their public disclosure. Hausner Decl. at ¶¶ 3, 4, 5 and 11. The source code represents

a significant investment and contains numerous trade secrets that provide a competitive advantage to Intel. Hausner Decl. at ¶ 4. Disclosure of the source code would seriously harm Intel by enabling potential competitors to shortcut their development efforts by copying Intel's source code to create firmware. Hausner Decl. at ¶¶3-4. The harm resulting from disclosure of technical details of a party's product is frequently found to provide a "compelling reason" to seal. *Kamakana,* 447 F.3d 1172, 1179 (compelling reason may be found in avoiding release of trade secrets); *Network Appliance,* 2010 WL 841274, at *2; *Dish Network, LLC v. Sonicview USA, Inc.*, Case No. 09CV1553-L(NLS), 2009 WL 2579052, at *1 (S.D.Cal. Aug. 20, 2009); *Upek*, 2010 WL 1980189, at *4.

Likewise, the "X-GOLD 61x Product Specification" breaks down the system design of the X-GOLD 61x modem into its constituent modules and specifies the interfaces and algorithms used by each module. Hausner Decl. at ¶7. Although The X-GOLD 61x Product Specification is not source code, it is similarly valuable because it provides a complete specification for the system design of the X-GOLD 61x modem. Similarly, the "UMTS RLC Detailed Design Description" details each of the code modules in Intel's UMTS RLC firmware, identifying each modules input and output variables, describing what each module does, and documenting the data structures that it uses. Hausner Decl. at ¶9. It provides the same information about UMTS RLC firmware design and the parameters and data structures in the URLC firmware that a software engineer would extract from review of the code itself. Hausner Decl. at ¶10.

Disclosure of these documents would seriously harm Intel on two counts. First, advantageous features of Intel's system-level design for its X-GOLD 61x modem and its UMTS RLC firmware would now be publicly documented and could be copied by Intel's competitors. Hausner Decl. at ¶8. Second, Intel would be put at risk of having to compete with products from manufacturers that did not have to bear the expense or burden of doing their own independent system development efforts. These risks provide a "compelling reason" to seal the Product Specification. *See Dish Network*, 2009 WL 2579052, at *1 (possibility that technical material could serve as "blueprint" for competitors provides compelling reason to seal); *Network Appliance*, 2010 WL 841274 at *2.

Sealing these documents will not deprive the public of the opportunity to follow and meaningfully review the proceedings. The parties' experts will still be able to testify openly about relevant aspects of the Intel technology and to explain what these documents say. The public will be left with sufficient basis in the open record to understand the evidence and assess the merits of the case. *See Dish Network,* 2009 WL 2579052, at *1 (finding compelling reason to seal where documents that would remain publicly available "describe in less detail the infringing nature of the devices and software but provide sufficient information to enable public understanding of the judicial process without the need to make public the detailed **technical** explanations contained in the report").

## II.   INTEL CIRCUIT INFORMATION IN SUMMARY JUDGMENT MOTION EXHIBITS

During briefing of Apple's motion seeking summary judgment of non-infringement of the '876 patent (Dkt. # 925), Apple submitted circuit illustrations for the design of proprietary scrambling code circuits in Intel modem products and expert testimony regarding these circuits. This material was included in Exhibits 4 and 7 to the Selwyn Declaration in Support of Apple's Motion for Summary Judgment (Dkt. # 925). Apple requested that these exhibits be sealed in a Renewed Motion to Seal filed on July 24 (Dkt. # 1317). Intel requests either these exhibits be sealed or that discussion of Intel proprietary technology be redacted from the public versions of these documents.

Exhibit 4 to the Selwyn Declaration is an Expert Report on Infringement of the '867 patent from Samsung's expert witness Dr. Richard Wessell, which analyzes the verilog (source) code for Intel's scrambling code generator at paragraphs 53, 57, 61, 65 – 69, 74 – 75, and 87 – 91. Exhibit 7 is an Expert Report on Non-Infringement of the '867 patent from Apple's expert witness Dr. Wayne Stark. Dr. Stark's report describes Intel's scrambling code circuitry in detail at pages 6 through 9, but he bases his non-infringement conclusion ultimately on an analysis of section 5.2.2 of the 3GPP TS 25.213 standard, and not on any feature of Intel's circuitry. See Stark's Expert Report (Dkt. # 923, Selwyn Decl. Ex. 7) at p. 16. Intel's interest in preventing public disclosure of its circuit designs provides compelling reason to justify redaction of those

LEGAL24273523.1     -4-     NON-PARTY INTEL'S ADMINISTRATIVE MOTION TO SEAL SELECTED PROPRIETARY MATERIAL
Case No.11-cv-01846-LHK

1  paragraphs of the Wessell and Stark reports.  *See Network Appliance,* 2010 WL 841274, at *2;
2  *Dish Network,* 2009 WL 2579052, at *1.

3        There is no compelling public interest in access to those paragraphs.  When the Court
4  granted Apple's summary judgment on non-infringement of the '867 patent (Dkt. # 1156), it did
5  so on the basis of construction of Samsung's claims and application of that language to the
6  requirements of the 3GPP TS 25.213 standard.  Order Granting in Part and Denying in Part
7  Apple's Motion for Partial Summary Judgment (Dkt. #1156) at 8-9.  The particulars of Intel's
8  implementation were not discussed by the Court and were not relevant.  The Court did not cite to
9  either of Exhibit 4 or 7.  Since Intel's implementation of the scrambling code circuit did not
10 inform the Court's decision, the public interest in access to this material is greatly diminished.
11 *See Network Appliance,*, 2010 WL 841274, at *2 (granting request to seal where "although the
12 documents in question are attached to a dispositive motion, they had no bearing on the resolution
13 of the dispute on the merits and are therefore more akin to … 'unrelated,' non-dispositive motion
14 documents").[1]

15 **III.     INTEL – SAMSUNG CROSS LICENSE AND INTEL INVOICES TO APPLE**

16       Apple contends that the 1993 Intel-Samsung patent cross-license agreement, which was
17 subsequently amended in 2003 and 2004, exhausts certain of Samsung's patents.  Samsung
18 attached copies of the agreement and the amendments to its opposition to an Apple motion for
19 summary judgment (Exhibits K1, K2 and K3 to Hecht Declaration, Dkt. # 847) and to a
20 declaration in support of its own motion to exclude Apple's expert opinions (Exhibit 33 to Martin
21 Declaration, Dkt. # 927).  Intel also understands that the parties may want to use these agreements
22 as exhibits at trial.  Apple has also indicated that, in connection with its exhaustion defense, it
23 intends to introduce examples of Intel invoices for chips it has sold to Apple.

---

[1] Samsung's witness list also identifies Marcus Paltian and Andre Zorn, IMC engineers who were deposed in this case.  Intel assumes that Samsung intends to submit portions of that deposition transcript, but Samsung has not identified specific excerpts.  In the event that Samsung identifies portions that disclose Intel confidential information, Intel reserves its right to ask the Court at that time to seal those excerpts.

1  Given the potential significance of the exhaustion issue, Intel does not seek to seal the
2  agreement or the invoices.  Rather, it asks that the parties be required to use only a redacted
3  version that omits commercially sensitive provisions that are irrelevant to any issues in this case.
4  With Intel's consent, Samsung previously submitted a redacted version in open court in the
5  related litigation in Korea.  Intel proposes that the same redacted versions of the agreement and
6  the amendments be used in this trial.  The proposed redacted versions are attached as Exhibit B.
7  In addition, Intel requests that the pricing information on the invoices be redacted because of their
8  commercial sensitivity and irrelevance to the issue of patent exhaustion.

9  There is no need for the parties to use or rely on the redacted portions of the agreement
10 and amendments or on the pricing information in the invoices.  Because those portions are
11 irrelevant to the issues in this case, no public interest would be served by requiring their
12 disclosure.  *See In re Electronic Arts, Inc.*, 298 Fed.Appx.568, 569 (9th Cir. 2008) (reversing
13 denial of request to seal licensing terms such as royalty rates and payment terms under
14 "compelling reasons" test because they constitute trade secret information whose loss might harm
15 a party's competitive standing); *TriQuint Semiconductor, Inc. v. Avago Techs., Ltd.,* Case No.
16 CV 09-1531-PHX-JAT*,* 2011 WL 6182346, at *2 - *4 (D. Ariz. Dec. 13, 2011) (redacting
17 irrelevant financial information, including pricing information, under compelling reason standard
18 because disclosure "would harm TriQuint's bargaining position and would give competitors the
19 ability to directly undercut TriQuint and unfairly win business"); *Powertech Tech., Inc. v.
20 Tessera, Inc.*, Case No. C 11-6121 CW, 2012 WL 1969039, at *1 (granting motion to seal license
21 terms).

22 **CONCLUSION**

23 The relief requested in this motion is narrowly tailored.  Intel does not seek to prevent
24 reasonably focused testimony in open court about relevant portions of its products.  Intel seeks
25 only to prevent the disclosure of its proprietary and highly valuable system designs and source
26 code and sensitive commercial information that is irrelevant to any issues in this case.

27 Accordingly, Intel respectfully requests that the Court (a) require the parties during trial to
28 use redacted versions of the Samsung-Intel cross-license and amendments and Intel invoices to

Apple and (b) seal the following documents:

- Intel source code
- Intel X-GOLD 61x Product Specification
- Intel UMTS RLC Detailed Design Description
- Exhibits 4 and 7 to the Selwyn Declaration in Support of Apple's Motion for Summary Judgment (Dkt. # 925) which describe Intel's scrambling code circuitry.

Dated:  July 27, 2012                              Respectfully submitted,


                                                   /s/ *Christopher L. Kelley*
                                                   Christopher L. Kelley

                                                   Counsel for Non-Party Intel Corporation

**CERTIFICATE OF SERVICE**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on July 27, 2012.

                                                   /s/  *Anna Freddie*
                                                    Anna Freddie