1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5  Kevin P.B. Johnson (Bar No. 177129)
   kevinjohnson@quinnemanuel.com
6  Victoria F. Maroulis (Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
7  555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, California  94065-2139
8  Telephone: (650) 801-5000
   Facsimile: (650) 801-5100
9
   Michael T. Zeller (Bar No. 196417)
10 michaelzeller@quinnemanuel.com
   865 S. Figueroa St., 10th Floor
11 Los Angeles, California 90017
   Telephone: (213) 443-3000
12 Facsimile: (213) 443-3100

13 Attorneys for SAMSUNG ELECTRONICS CO.,
   LTD., SAMSUNG ELECTRONICS AMERICA,
14 INC. and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC
15

16                      UNITED STATES DISTRICT COURT

17              NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

18

19 | APPLE INC., a California corporation, | CASE NO. 11-cv-01846-LHK (PSG)
   |---|---|
20 | Plaintiff, | **SUPPLEMENTAL DECLARATION OF GIHO RO IN SUPPORT OF SAMSUNG'S**
21 | vs. | **ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL**
22 | SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG |
23 | ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG |
24 | TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, |
25 | |
26 | Defendants. |

27

28

Case No. 11-cv-01846-LHK (PSG)
SUPP. DECLARATION IN SUPPORT OF SAMSUNG'S ADMIN. MOTION TO FILE UNDER SEAL

## SUPPLEMENTAL DECLARATION OF GIHO RO

1. I am a Senior Manager, Administration Team in the Mobile Communications Division at Samsung Electronics Co., Ltd. ("SEC"). I submit this Supplemental Declaration in support of SEC's, Samsung Electronics America, Inc.'s, and Samsung Telecommunications America, LLC's ("Samsung's") Administrative Motion to File Documents Under Seal ("Motion to Seal"). I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would competently testify to them.

2. In my position, I assist and report directly to the Chief Financial Officer of SEC's Mobile Communications Division and receive all financial reporting within the Mobile Communications division that is sent to the Chief Financial Officer. I am thus intimately familiar with the types and nature of financial data and reports generated by Samsung, how those data and reports are used within Samsung, and how they could be used by Samsung's competitors if publically disclosed.

3. I have reviewed Third Party Reuters America LLC's Opposition to Motions to Seal. The Opposition contains several incorrect assertions.

4. The statements in my original declaration are not based on "hypothesis or conjecture." (Opposition, at 2.) The harm that will come to Samsung if the financial information at issue is disclosed is very real and can be predicted. Based on my intimate familiarity with the financial information and my regular use of it in my work at Samsung, I am intimately aware of how Samsung uses the information and how vital the secrecy of the information is to Samsung. From my experience in this position, I also have knowledge and an understanding of the competitive landscape in the mobile communications market.

5. To demonstrate the basis for my statement that disclosure of the particular types of detailed financial information at issue would be severely detrimental to Samsung's ability to compete, I will use an example: If I were to receive from a competitor the type of information that Samsung is moving to seal , I could use that information to undercut the competitor's pricing, causing the competitor significant competitive harm. For example, if Samsung knows the

competitor's profit margin on the sale of a specific model of phone, it could undercut the competitor's price to squeeze its profit margin.

6. The confidential information would also provide me insight regarding the profit lifecycle of the competitor's products, which Samsung could use to alter its pricing strategy and the timing of the release of new products, thus gaining an unfair advantage. For example, if Samsung knows that the competitor typically begins offering discounts on particular types of phones three quarters after their release, Samsung could reduce its prices on competing phones at the same time. Samsung could also use this information to gain unfair leverage against the competitor in business and supply agreement negotiations, leveraging the profit information to negotiate price increases and increasing the competitor's costs.

7. The fact that I have never actually received such information about a competitor does not prevent me from understanding how Samsung could use such information. And, just as Samsung could use such information to its advantage and a competitor's detriment, a competitor could do exactly the same with Samsung's information. My statement that Samsung would be severely harmed by the disclosure of the particular types of financial information Samsung seeks to seal is not based on speculation, but on my personal knowledge and experience with precisely how this type of information is used in Samsung's day-to-day business.

8. Each of the documents described in my original declaration contains information that is confidential, proprietary and non-public. Reuters' Opposition suggests that the information is comparable to the high level, publicly available reports that business analysts prepare. *See* Opposition at 5 ("No attempt is made to explain how an analytical spreadsheet of Samsung's profits, revenues and costs prepared by Apple's expert is any different from the detailed financial models prepared by Wall Street analysts."). Nothing could be farther from the truth. The information Samsung seeks to seal is not the kind of high level, general financial reporting that is typically contained in a company's annual report or reports created by Wall Street analysts based on pure estimates. Rather, the information is highly-detailed, product-specific, and pertains to very discrete time periods. This is not the type of data that Samsung puts in public reports or that Wall Street analysts have access to.

1   I declare under penalty of perjury that the forgoing is true and correct to the best of my
2   knowledge. Executed this 27th day of July, 2012, in Suwon, South Korea.

_____
Giho Ro