1  HAROLD J. MCELHINNY (CA SBN 66781)  WILLIAM F. LEE
   hmcelhinny@mofo.com  william.lee@wilmerhale.com
2  MICHAEL A. JACOBS (CA SBN 111664)  WILMER CUTLER PICKERING
   mjacobs@mofo.com  HALE AND DORR LLP
3  RACHEL KREVANS (CA SBN 116421)  60 State Street
   rkrevans@mofo.com  Boston, MA 02109
4  JENNIFER LEE TAYLOR (CA SBN 161368)  Telephone: (617) 526-6000
   jtaylor@mofo.com  Facsimile: (617) 526-5000
5  ALISON M. TUCHER (CA SBN 171363)
   atucher@mofo.com
6  RICHARD S.J. HUNG (CA SBN 197425)  MARK D. SELWYN (SBN 244180)
   rhung@mofo.com  mark.selwyn@wilmerhale.com
7  JASON R. BARTLETT (CA SBN 214530)  WILMER CUTLER PICKERING
   jasonbartlett@mofo.com  HALE AND DORR LLP
8  MORRISON & FOERSTER LLP  950 Page Mill Road
   425 Market Street  Palo Alto, California 94304
9  San Francisco, California  94105-2482  Telephone: (650) 858-6000
   Telephone:  (415) 268-7000  Facsimile: (650) 858-6100
10 Facsimile:  (415) 268-7522

11

12 Attorneys for Plaintiff and
   Counterclaim-Defendant APPLE INC.
13

14
                    UNITED STATES DISTRICT COURT
15
                    NORTHERN DISTRICT OF CALIFORNIA
16
                    SAN JOSE DIVISION
17

18 APPLE INC., a California corporation,           Case No. 11-cv-01846-LHK

19            Plaintiff,                           **DECLARATION OF MARK BUCKLEY IN
                                                   SUPPORT OF APPLE'S MOTIONS TO
20       v.                                        SEAL**

21 SAMSUNG ELECTRONICS CO., LTD., a
   Korean corporation; SAMSUNG
22 ELECTRONICS AMERICA, INC., a New
   York corporation; and SAMSUNG
23 TELECOMMUNICATIONS AMERICA,
   LLC, a Delaware limited liability company,
24
              Defendants.
25

26

27

28

DECLARATION OF MARK BUCKLEY
CASE NO. 11-CV-01846-LHK
sf-3175960

I, Mark Buckley, hereby declare as follows:

1. I am an employee of Apple Inc. ("Apple"). My title is Financial Analyst V. As part of my role, I am very familiar with financial information and systems at Apple, and the efforts Apple takes to ensure sensitive financial information is kept confidential. I submit this declaration in support of Apple's motions regarding sealing, filed contemporaneously herewith. I have personal knowledge of the matters set forth below. If called as a witness I could and would competently testify as follows.

2. Apple seeks to seal sensitive types of financial documents. These financial documents include cost data, product line details beyond the general "iPhone," "iPad," and "iPod touch," profit margins, and capacity data. Exposure of these categories of documents to the public would cause Apple severe harm.

3. Apple's highly sensitive financial data is among the most painstakingly protected information at the company. Only a limited number of individuals are authorized to receive this information, even within Apple. Apple does not share its nonpublic financial data—including cost data, product line details, profit margins, and capacity data—with third parties. It does not share this information with its vendors. In the rare instance it is required to share any nonpublic financial data with third parties, Apple insists on very restrictive nondisclosure agreements.

4. If competitors gained access to Apple's capacity data, they would learn when Apple is stretched thinly and when it has excess capacity, and could alter their production timing accordingly. With the addition of product line information, this data is even more critically sensitive, as competitors will see what specific lines of products Apple is increasing its supply of and what it is decreasing its supply of, giving a significant insight into Apple's current and future business plans. Product line sales and revenue information would similarly reveal to competitors what precise products they need to counter, and how much they should invest in that specific area. Competitors will know exactly what products they need to release in order to counter Apple, and in what categories—for example, the specific size of phone or tablet that Apple is focusing the majority of its attention on.

5. Moreover, if contract manufacturers gain access to Apple's capacity data, it would harm Apple immensely. Success in Apple's industry is in large part dependent upon identification and selection of key contract manufacturers. If these entities are able to view Apple's historical and recent capacity data, and thereby gain insight into the patterns in the fluctuations of Apple's supply chain, they would be able to predict when Apple may be most driven to increase supply and could negotiate exorbitant rates using their unfairly gained knowledge.

6. Similarly, access to Apple's cost and profit information would give competitors a substantial and unfair advantage over Apple. Competitors could tailor their product offerings and pricing to undercut Apple. Competitors would be able to determine exactly what price level would make a given product unprofitable to Apple, and target their product offerings at exactly that price. Access to Apple's cost information would also harm Apple with respect to component suppliers. Apple's suppliers could use this information to alter their pricing on components Apple uses in its products, looking at the cost of goods for Apple's related products and Apple's product margins on specific products.

7. None of the material above is disclosed publicly by Apple or any competitor of whom I am aware. As a result, if Apple's information were disclosed, it would not simply be harmed—it would have no defense, as it has no access to similar data from the competitors that would use the information against Apple. This is not a matter of Apple wanting to keep secret information that most of the world shares—this type of information is generally understood in the industry to be critically important to keep under lock and key.

1        8.    Apple also seeks to seal various license agreements and information derived from
2  license agreements.  In all cases, these license agreements are subject to strict confidentiality
3  provisions.  Even within Apple, very few employees have access to these agreements, and they
4  are maintained in a highly secure manner to prevent any inadvertent disclosure.

6        I declare under penalty of perjury that the foregoing is true and correct.  Executed this
7  27th day of July, 2012 at Cupertino, California.

9                      */s/ Mark Buckley*
                        Mark Buckley

**ATTESTATION OF E-FILED SIGNATURE**

I, Michael A. Jacobs, am the ECF User whose ID and password are being used to file this Declaration. In compliance with General Order 45, X.B., I hereby attest that Mark Buckley has concurred in this filing.

Dated: July 27, 2012              */s/ Michael A. Jacobs*
                                          Michael A. Jacobs

DECLARATION OF MARK BUCKLEY
CASE NO. 11-CV-01846-LHK
sf-3175960

4