QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK (PSG)<br><br>**DECLARATION OF GIHO RO IN SUPPORT OF THE PARTIES' JOINT MOTION REGARDING SEALING OF TRIAL EXHIBITS** |

02198.51855/4877584.1

Case No. 11-cv-01846-LHK (PSG)
DECLARATION IN SUPPORT OF SAMSUNG'S ADMIN. MOTION TO FILE UNDER SEAL

## DECLARATION OF GIHO RO

I, GiHo Ro do hereby declare as follows:

1.      I am a Senior Manager, Administration Team in the Mobile Communications Division at Samsung Electronics Co., Ltd. ("SEC").  I submit this Supplemental Declaration in support of SEC's, Samsung Electronics America, Inc.'s, and Samsung Telecommunications America, LLC's ("Samsung's") Administrative Motion to File Documents Under Seal ("Motion to Seal").  I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would competently testify to them.

2.      In my position, I assist and report directly to the Chief Financial Officer of SEC's Mobile Communications Division and receive all financial reporting within the Mobile Communications division that is sent to the Chief Financial Officer.  I am thus intimately familiar with the types and nature of financial data and reports generated by Samsung, how those data and reports are used within Samsung, and how they could be used by Samsung's competitors if publically disclosed.

3.      I have reviewed the parties' proposed trial exhibits that contain highly sensitive information about Samsung's financial data and business development plans.  I understand that some of the documents also contain Apple's confidential information.  I was provided partially redacted versions of these documents for review.

4.      The trial exhibits I reviewed include information related to Samsung recent financial results, pricing strategy with carrier customers, costs to Samsung of various components, specific information about profit margins on various products, specific information about operating expenses, bills of materials, and other financial information.

5.      This information is highly confidential to Samsung and Samsung takes extraordinary steps to maintain the secrecy of the information.  Such information can only be accessed by certain financial personnel, on a very restricted need-to-know basis.  This financial information, especially with the level of specificity included in the trial exhibits I reviewed, has never been disclosed outside Samsung.  The information was produced in this case under a

1  Protective Order to Apple's outside counsel and experts for the sole purpose of calculating
2  supposed damages.
3        6.      Samsung took special precautions when producing this data to Apple, including
4  restricting the distribution of soft copies of the data, copying of data, or inspecting the data in an
5  unsecured environment.  Samsung distributed a limited number of numbered compact discs that
6  contained soft copies of the data, retrieved the discs after a certain amount of time, and only
7  permitted the inspection of certain data in a secure location to prevent unauthorized copying or
8  dissemination.
9        7.      Disclosure of revenues, pricing strategy, and costs will permit competitors to
10 undercut Samsung's pricing, and allow business partners to gain leverage against Samsung in
11 business and supply agreement negotiations.
12       8.      Disclosure of non-public, projected, market share data and pricing premium
13 calculations will allow competitors to gain an unfair advantage since they could undercut
14 Samsung's pricing strategy without investing the extensive resources to acquire market research.
15       9.      Disclosure of specific cost information and bills of materials will allow competitors
16 and business partners to use this information to gain leverage against Samsung in business and
17 supply agreement negotiations or to assist in product and financial planning.
18       10.     The need for confidentiality extends to portions of summaries created by the
19 damages experts in this case.  While some of the information contained in these summaries is not
20 highly sensitive, other information, like specific profit margins, and per-unit costs, are based on
21 non-public financial information and would have the same detrimental effect on Samsung as the
22 distribution of underlying data would have.   For example, competitors could interfere with pricing
23 strategy if they knew Samsung's per-unit costs.
24       11.     In addition to financial data, certain trial exhibits include details about Samsung's
25 future business strategy.  Samsung takes the same precautions to ensure the confidentiality of
26 business strategy that it takes to ensure the confidentiality of financial data.  While portions of
27 these documents may not be highly-sensitive, disclosure of specific portions of these documents
28 will cause Samsung competitive harm.

02198.51855/4877584.1

1    12.    For example, if competitors learned of Samsung's product planning strategy, they could beat Samsung to the market, eliminating any first-mover advantage Samsung may have.

I declare under penalty of perjury that the forgoing is true and correct to the best of my knowledge.  Executed this 27th day of July, 2012, in Suwon, South Korea.

_____
GiHo Ro