1   HAROLD J. MCELHINNY (CA SBN 66781)       WILLIAM F. LEE
    hmcelhinny@mofo.com                       william.lee@wilmerhale.com
2   MICHAEL A. JACOBS (CA SBN 111664)        WILMER CUTLER PICKERING
    mjacobs@mofo.com                          HALE AND DORR LLP
3   RACHEL KREVANS (CA SBN 116421)           60 State Street
    rkrevans@mofo.com                         Boston, MA 02109
4   JENNIFER LEE TAYLOR (CA SBN 161368)      Telephone: (617) 526-6000
    jtaylor@mofo.com                          Facsimile: (617) 526-5000
5   ALISON M. TUCHER (CA SBN 171363)
    atucher@mofo.com
6   RICHARD S.J. HUNG (CA SBN 197425)        MARK D. SELWYN (SBN 244180)
    rhung@mofo.com                            mark.selwyn@wilmerhale.com
7   JASON R. BARTLETT (CA SBN 214530)        WILMER CUTLER PICKERING
    jasonbartlett@mofo.com                    HALE AND DORR LLP
8   MORRISON & FOERSTER LLP                   950 Page Mill Road
    425 Market Street                         Palo Alto, California 94304
9   San Francisco, California  94105-2482     Telephone: (650) 858-6000
    Telephone:  (415) 268-7000                Facsimile: (650) 858-6100
10  Facsimile:  (415) 268-7522

12  Attorneys for Plaintiff and
    Counterclaim-Defendant APPLE INC.

14                  UNITED STATES DISTRICT COURT

15                 NORTHERN DISTRICT OF CALIFORNIA

16                      SAN JOSE DIVISION

18  APPLE INC., a California corporation,      Case No.     11-cv-01846-LHK (PSG)

19                     Plaintiff,              **APPLE'S MOTION TO ENFORCE
                                               COURT ORDERS REGARDING
20      v.                                     SONY DESIGNS**

21  SAMSUNG ELECTRONICS CO., LTD., a
    Korean business entity; SAMSUNG
22  ELECTRONICS AMERICA, INC., a New York
    corporation; SAMSUNG
23  TELECOMMUNICATIONS AMERICA, LLC, a
    Delaware limited liability company,
24
                       Defendants.
25

1   Samsung's Trial Brief shows that Samsung intends to present at trial an invalidity theory

2   that Judge Grewal has already excluded, and that relies on deposition testimony which is

3   inadmissible under the Court's July 19, 2012 Minute Order.  The Court should bar Samsung from

4   presenting this theory and evidence at trial.

5   **<u>Samsung's Inadmissible Invalidity Theory</u>**.  Samsung's Trial Brief argues that Apple

6   "derived" the iPhone design "from the designs of a competitor—Sony." (Dkt. No. 1322 (trial

7   brief) at 6.)  Citing an email from Tony Fadell with a news article about Sony design, Samsung

8   asserts that the design concepts in that article and Apple's study of Sony's designs led to the final

9   design of the iPhone. (*Id.* at 2-3, 7.)  If this evidence were relevant at trial, it would be to prove

10  that Apple's patents are obvious in light of Sony prior art, but Judge Grewal has already excluded

11  this theory from the case.

12  Apple successfully moved to strike Samsung's invalidity theory based on Sony products

13  on the grounds the theory was not timely disclosed.  Samsung's expert Itay Sherman opined that

14  Apple's design patents were obvious, in part on the basis of two Sony products, the Sony

15  Ericsson W950 Walkman Phone and the Sony K800i phone. (Dkt. No. 939-12, Ex. 27 (Sherman

16  report) at 48-50.)  Mr. Sherman argued that a former Apple designer, Shin Nishibori, created

17  "Sony Style" designs for mobile phones based on those references.  Mr. Sherman also pointed to

18  Apple CAD drawings that purportedly reflect the "influence" of Sony on Apple's designs – the

19  same CAD drawings appear in Samsung's Trial Brief. (compare *id.* at 48-49 with Dkt. No. 1322

20  (trial brief) at 6.)  Judge Grewal agreed with Apple that Samsung had "never previously disclosed

21  [those theories] during discovery." (Dkt. No. 1144 (Order) at 5.)  Specifically, Judge Grewal

22  found that Samsung violated Rule 26(e) by failing timely to disclose Mr. Sherman's obviousness

23  theories in response to Apple's Interrogatory No. 12 seeking Samsung's invalidity defenses to

24  Apple's design patents.  Judge Grewal excluded those theories under Rule 37(c)(1) because the

25  late disclosure was neither substantially justified nor harmless. (*Id.* at 2 (adopting proposed

26  findings of prevailing party); Dkt. No. 939-12 (Wheeler Decl.) at 8-9 (Apple proposed order

27  excluding Sony products).)

28

1       Samsung should not be allowed to circumvent Judge Grewal's Order at trial by advancing

2    an invalidity theory based on (unspecified) Sony products.  Following its trial brief, Samsung

3    may attempt to articulate a derivation defense for the first time at trial.  *See Gambro Lundia AB v.*

4    *Baxter Healthcare Corp.*, 110 F.3d 1573, 1576 (Fed. Cir. 1997) (derivation is a form of

5    anticipation arising from "prior conception of the invention by another and communication of that

6    conception to the patentee").  Or it may attempt to resurrect the obviousness theories already

7    stricken from Mr. Sherman's report.  Either way, the result should be the same.  At trial, Samsung

8    should not be allowed to rely on Apple's CAD drawings allegedly done in a "Sony style," the

9    testimony from Mr. Nishibori, or the email from Tony Fadell as evidence that Apple's designs

10   were not original.  Judge Grewal has already stricken this invalidity theory under Rule 37(c)(1).

11       Even if Samsung's invalidity theory were somehow different from the theories Judge

12   Grewal has stricken, the Court should exclude it as untimely.  Rule 37(c)(1) "mandates" the

13   exclusion from trial of theories or evidence that a party failed to disclose pursuant to Rule 26(e),

14   unless the party can show that the failure was substantially justified or harmless.  *Oracle USA,*

15   *Inc. v. SAP AG*, 264 F.R.D. 541, 544 (N.D. Cal. 2009).  Samsung's original response to Apple's

16   Interrogatory No. 12 disclosed no invalidity theories based on Sony products.  (Dkt. No. 939-4

17   (Pernick Decl.) Ex. 25 at 8-15.)  Samsung's supplemental responses on March 19 and 29—which

18   came after the close of fact discovery—likewise disclosed no such theories.  Samsung cannot

19   show that its failure to disclose was substantially justified, because Apple produced the alleged

20   "Sony style" CAD drawings for inspection in July 2011, physical printouts of the CAD drawings

21   in October 2011, and the Fadell email in November 2011.  (Declaration of Jason R. Bartlett in

22   Support of Motion to Enforce Orders Regarding Sony Designs ¶ 3.)  Samsung should not be

23   permitted to ambush Apple by basing a new invalidity theory on this evidence at trial.

24       Samsung cannot evade Judge Grewal's Order or Rule 37(c)(1) by claiming that it intends

25   to rely on Sony products or design concepts for purposes other than to argue patent invalidity.

26   The evidence has no other relevance to this case.  It should thus be excluded under Rule 402.  It

27   could also be excluded under Rule 403, since it is prejudicial to Apple and not probative of any

28   remaining issue in the litigation.  The news article on which Samsung relies has no picture of any

1  Sony product, making it impossible for the jury to assess from the article whether Apple in fact

2  "derived" its designs from Sony products.  (Dkt. No. 1322-9 (Martin Decl.) Ex. 18.)  The best

3  way for Apple to rebut Samsung's argument would be to show the jury the Sony Walkman

4  product that Samsung  claims as the inspiration

5  for the iPhone.  It looks nothing the same.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20  But it is unfair in a timed trial to require Apple to take the time to rebut such evidence, when

21  Judge Grewal has already excluded Samsung's reliance on the Sony Walkman to support its

22  invalidity theories.

23          **Inadmissible Deposition Testimony**.  Samsung attributes to Mr. Nishibori the view that

24  "his 'Sony-style' design changed the direction of the project that yielded the final iPhone

25  designs."  (Dkt. 1322 (trial brief) at 2.)  Samsung does not cite supporting evidence, but appears

26  to rely on testimony from Mr. Nishibori's deposition, taken on May 2, 2012.

27          This testimony is inadmissible.  The Court's July 19, 2012 Minute Order expressly states

28  that any "[d]eposition[] conducted after the close of discovery without the authorization of

1   Judge Grewal or stipulation of the parties is not admissible." (Dkt. No. 1267 (order) at 2.)

2   Mr. Nishibori's deposition was nearly two months after the March 8 close of fact discovery, and

3   five days after the close of expert discovery.  Judge Grewal never authorized the deposition to go

4   forward and Apple never stipulated to it.  Samsung deposed Mr. Nishibori in the ITC

5   Investigation pursuant to an order by Judge Pender, over Apple's objections.  (Declaration of

6   Kristin L. Yohannan in Support of Motion to Enforce Orders Regarding Sony Designs ¶ 3.)

7   Although counsel for Samsung gave the court reporter a caption that listed both this case and the

8   ITC Investigation, Apple never stipulated that the May 2 deposition would also be for this case.

9   (*Id.*)  Samsung is thus precluded from relying on Mr. Nishibori's deposition testimony at trial.[1]

10          In sum, Apple moves to exclude Mr. Nishibori's testimony, evidence of Apple's Sony-

11   style CAD drawings, the email from Tony Fadell circulating a news article about Sony design,

12   and any other evidence or argument that Apple's designs were derived from Sony's products.

13

14   Dated: July 27, 2012                    MORRISON & FOERSTER LLP

15

16                                          By:    */s/ Michael A. Jacobs*
                                                   Michael A. Jacobs

17                                          Attorneys for Plaintiff
18                                          APPLE INC.

19

20

21

22

23

24

25

26          [1] The statement that Samsung attributes to Mr. Nishibori is inadmissible for a second,
     independent reason:  it is an incorrect translation of his testimony, which he gave in Japanese.
27   Mr. Nishibori timely corrected the deposition transcript, but Samsung cites only to the incorrect
     translation.
28