1 QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
2 charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
3 San Francisco, California 94111
Telephone: (415) 875-6600
4 Facsimile: (415) 875-6700

5 Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
6 Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
7 555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
8 Telephone: (650) 801-5000
Facsimile: (650) 801-5100
9
Michael T. Zeller (Cal. Bar No. 196417)
10 michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
11 Los Angeles, California 90017
Telephone: (213) 443-3000
12 Facsimile: (213) 443-3100

13 Attorneys for SAMSUNG ELECTRONICS
CO., LTD., SAMSUNG ELECTRONICS
14 AMERICA, INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC
15

16                    UNITED STATES DISTRICT COURT

17        NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

18 APPLE INC., a California corporation,          CASE NO. 11-cv-01846-LHK

19             Plaintiff,

20        vs.                                     **SAMSUNG'S BRIEF REGARDING APPLE'S RENEWED OBJECTION TO PRELIMINARY INSTRUCTION NO. 21**

21 SAMSUNG ELECTRONICS CO., LTD., a
Korean business entity; SAMSUNG
22 ELECTRONICS AMERICA, INC., a New
York corporation; SAMSUNG
23 TELECOMMUNICATIONS AMERICA,
LLC, a Delaware limited liability company,
24
             Defendants.
25

26

27

28

02198.51855/4875698.3
                                                 Case No. 11-cv-01846-LHK
SAMSUNG'S BRIEF REGARDING APPLE'S RENEWED OBJECTION TO [TENTATIVE] PRELIMINARY
INSTRUCTION NO. 21 AND PROPOSED PRELIMINARY INSTRUCTION NO. 21

1    Less than three days ago, the Court properly rejected Apple's objections to Instruction No.

2    21 ("Summary of Trade Dress Contentions") in the Court's July 23, 2012 Tentative Preliminary

3    Jury Instructions.   Apple now rehashes its objections, essentially repeating the same complaints

4    that the Court previously overruled.   The language Apple objects to comes directly from the

5    Ninth Circuit Model Jury Instruction 15.2 and is supported by case law, including Supreme Court

6    precedent, regarding product configuration trade dress.   Apple's objections are substantively

7    meritless and seek to interject error into these proceedings.

8    Apple objects to the instruction that "trade dress concerns the overall visual impression

9    created in the consumer's mind when viewing the non-functional aspects of the product and not

10   from the utilitarian or useful aspect of the product."   This language comes verbatim from Ninth

11   Circuit Model Instruction 15.2.   Indeed, this language is specifically directed to product

12   configuration cases such as this one.   As explained in the comments to Model Jury Instruction

13   15.2, "[i]n such cases, because the source identifying aspect is part of the physical product itself,

14   functionality is an important issue."   Thus, as required by the Supreme Court's rulings on the

15   scope of trade dress protection in product configuration cases, this instruction correctly advises the

16   jury that product configurations have utilitarian, useful or functional aspects of the product and

17   that in evaluating the claimed trade dress it must focus on any source identifying aspects of the

18   product configuration.   *See Wal-Mart Stores, Inc. v. Samara Bros., Inc.*, 529 U.S. 205, 213

19   (2000) ("In the case of product design, as in the case of color, we think consumer predisposition to

20   equate the feature with the source does not exist.   Consumers are aware of the reality that, almost

21   invariably, even the most unusual of product designs—such as a cocktail shaker shaped like a

22   penguin—is intended not to identify the source, but to render the product itself more useful or

23   more appealing."); *TrafFix Devices, Inc. v. Marketing Displays, Inc.*, 532 U.S. 23, 29 (2003)

24   ("And in *Wal-Mart*, supra, we were careful to caution against misuse or overextension of trade

25   dress.   We noted that 'product design almost invariably serves purposes other than source

26   identification.'"); *see also Ashley Furn. Indus., Inc. v. Sangiacomo N.A. Ltd*, 187 F.3d 363, 370-

27   373 (4th Cir. 1999) ("the trade dress in such [product configuration] cases is not the product itself,

28

1    but rather nonfunctional aspects of the product that, taken together, make up its total image.")

2    (citing *Stuart Hall Co. v. Ampad Corp.*, 51 F.3d 780, 788 (8th Cir.1995)).[1]

3          Apple is also incorrect in claiming that the language from the Model Instruction is

4    inconsistent with *Clicks Billiards, Inc. v. Sixshooters Inc.*, 251 F.3d 1252 (9th Cir. 2001), and *Taco*

5    *Cabana, Int'l Inc. v. Two Pesos, Inc.*, 932 F.2d 1113 (5th Cir. 1991).   The language Apple cites

6    from those cases goes to the issue of whether trade dress can be protected if, taken as a whole, the

7    collection of trade dress elements is not functional even where some elements are functional.

8    That issue is separately addressed in paragraph 3 of the Model Instruction, which is adopted in

9    paragraph 3 of the Court's Preliminary Instruction No. 21.   Furthermore, Apple's reliance on

10   these cases – which address trade dress protection for combination *restaurant* décor – is contrary

11   to the Supreme Court's admonition in *Wal-Mart* that restaurant décor is inapposite to product

12   configuration cases.   "*Two Pesos* is inapposite to our holding here because the trade dress at issue,

13   the décor of a restaurant, seems to us not to constitute product design. It was either product

14   packaging—which, as we have discussed, normally is taken by the consumer to indicate origin—

15   or else some tertium quid that is akin to product packaging and has no bearing on the present

16   case."   *Wal-Mart Stores, Inc.*, 529 U.S. 205 at 215; *see also Yurman Design, Inc. v. PAJ, Inc.,*

17   262 F.3d 101, 115 (2d Cir. 2001) (noting that because product design is usually driven by either

18   utility or visual appeal, "trade dress protection for product design therefore entails a greater risk of

19   impinging on ideas as compared with protection of packaging or labeling.").

20         Apple's other objection to the preliminary instruction —"trade dress is the form in which a

21   person presents a product or service to the market, its manner of display"— is also unavailing.

22   This language, too, comes directly from the Ninth Circuit Model Instruction.   Apple wrongly

23   argues that there is no authority supporting this instruction.   Of course, the fact that it is a Ninth

24

---

25        [1]   Apple wrongly suggests that *Wal-Mart* merely stands for the proposition that "a product
26   configuration is entitled to trade dress protection only if it has acquired secondary meaning."
     (Renewed Objection at 2.)   Apple ignores the Court's rationale for finding that product
27   configuration trade dress as a matter of law is "not inherently distinctive," which goes to the heart
     of the language of the Model Instruction that Apple attacks.
28

SAMSUNG'S BRIEF REGARDING APPLE'S RENEWED OBJECTION TO [TENTATIVE] PRELIMINARY
INSTRUCTION NO. 21 AND PROPOSED PRELIMINARY INSTRUCTION NO. 21

1   Circuit Model Instruction is itself authority, and Apple's mere disagreement with it scarcely

2   sufficient to warrant disregarding it.   In any event, as shown above, binding precedent has

3   repeatedly held that the primary significance of trade dress in product configuration cases is the

4   source identifying aspect of the product rather than the product itself.   *See Wal-Mart*, 529 U.S.,

5   205 at 211.   As such, how the trade dress of the product at issue is presented in the market and its

6   manner of display is directly relevant.   Indeed, it is the very heart of trade dress and a specific

7   factor in the likelihood of confusion analysis.   *See Art Attacks Ink, LLC v. MGA Entertainment*

8   *Inc.,* 581 F.3d 1138, 1145 (9th Cir. 2009) ("Trade dress protection applies to 'a combination of any

9   elements in which a product is presented to a buyer.'") (citation omitted); *Charles of the Ritz*

10  *Group Ltd. v. Quality King Distributors, Inc.* 832 F.2d 1317, 1319 (2d Cir. 1987) (stating that

11  manner of display of trade dress of the products provided the context for the court's analysis on

12  consumer confusion); Restatement (Third) of Unfair Competition § 16, comment a (1995) ("The

13  term 'trade dress' is often used to describe the overall appearance or image of goods or services as

14  offered for sale in the marketplace."); *Foamation, Inc. v. Wedeward Enter., Inc.*, 970 F.Supp. 676,

15  685 (E.D. Wis. 1997) ("Trade dress refers to the form in which a producer presents his brand to

16  the market; it may include a label, a package, or even the product itself if its characteristics serve

17  not a functional purpose, but to signify its source.") (citing *Thomas & Betts Corp. v. Panduit*

18  *Corp.*, 65 F.3d 654, 658 (7th Cir. 1995)); *Buca, Inc. v. Gambucci's, Inc.* 18 F.Supp. 2d 1193, 1208

19  (D. Kan. 1998) (manner of display is factor to be considered in evaluating the likelihood of

20  confusion in trade dress cases).

21        Apple's repeated objection to Preliminary Instruction No. 21 should be overruled again.

22

23

24

25

26

27

28

1    DATED: July 27, 2012                    QUINN EMANUEL URQUHART &
                                             SULLIVAN, LLP
2

3                                            By  /s/    Victoria F. Maroulis
                                                 Charles K. Verhoeven
4                                                Victoria F. Maroulis
                                                 Kevin P.B. Johnson
5                                                Michael T. Zeller
                                                 Attorneys for SAMSUNG ELECTRONICS
6                                                CO., LTD., SAMSUNG ELECTRONICS
                                                 AMERICA, INC., and SAMSUNG
7                                                TELECOMMUNICATIONS AMERICA, LLC

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

02198.51855/4875698.3

-4-                          Case No. 11-cv-01846-LHK
SAMSUNG'S BRIEF REGARDING APPLE'S RENEWED OBJECTION TO [TENTATIVE] PRELIMINARY
INSTRUCTION NO. 21 AND PROPOSED PRELIMINARY INSTRUCTION NO. 21