1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| APPLE INC., a California corporation, | Case No. 11-cv-01846-LHK (PSG) |
|---|---|
| Plaintiff, | **[PROPOSED] ORDER GRANTING JOINT MOTION REGARDING SEALING OF TRIAL EXHIBITS** |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendants. | |

Having considered the arguments and the papers submitted, the court ORDERS as follows:

(1) The Parties shall use the following protocol to prepare and present to the Court any requests for sealing trial exhibits anticipated to be received in evidence, or portions thereof:

- In accordance with the Court's previous orders, the parties shall disclose the names of witnesses to be examined and the exhibits and demonstratives to be used on direct examination no later than 7 p.m. two days before the witnesses are expected to testify. No later than 8 a.m. the following morning, the parties shall jointly lodge highlighted copies of exhibits and demonstratives showing the portions of the exhibits, if any, for which sealing treatment is requested.

- In accordance with the Court's previous orders, the parties shall disclose the exhibits and demonstratives to be used on cross examination no later than 2 p.m., one day before the witnesses are expected to testify. No later than 5 p.m. the same day, the parties shall jointly lodge highlighted copies of exhibits and demonstratives showing the portions of the exhibits, if any, for which sealing treatment is requested.

(2) The Parties shall narrowly tailor their sealing requests to the following categories of documents:

- Highly sensitive financial information pertaining to costs, profit margins, revenues and unit sales on a product-line or model basis;
- Manufacturing capacity information;
- Specific terms of licenses, settlements and acquisitions; and
- Specific portions of source code that are highly sensitive.

(3) In addition to the above, receipt in evidence of other highly sensitive information may be limited to those exhibit portions that are actually published to the jury during trial. Such highly sensitive information may include:

- Other detailed technical documentation; or
- Sensitive internal market research reports.

The parties shall meet and confer promptly at the end of each trial day to identify the portions of such documents that were published to the jury.

The categories listed above are not dispositive. The Court may evaluate all sealing requests on a document-by-document basis.

**IT IS SO ORDERED.**

Dated:_____, 2012                    By:_____
                                              Honorable Lucy H. Koh
                                              United States District Judge