QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK (PSG)<br><br>**SAMSUNG'S OPPOSITION TO APPLE'S PURPORTED "MOTION" TO STRIKE SAMSUNG'S MOTION FOR ADVERSE INFERENCE INSTRUCTION**<br><br>Hon. Paul S. Grewal<br>Courtroom: Courtroom 5 - 4th Floor |

**MEMORANDUM OF POINTS AND AUTHORITIES**

Apple's purported "motion" to strike cites no legal authority and meets none of the procedural requirements for a motion.[1]   It also asks this Court to inequitably enforce a one-sided legal standard that punishes Samsung for failing to issue a broader litigation hold notice from August 2010 to April 2011, while absolving Apple for its admitted failure to issue any notice during that exact same time period.   Samsung's motion asking for even-handedness is hardly untimely—it was filed the day after the order created the grounds for relief.   Nor can Samsung be faulted for not anticipating such a ruling.   There was no legal requirement that it do so, and Apple points to none.   Further, Apple itself *conceded* in the ITC proceeding that the August 2010 negotiations did not trigger such an obligation, and ITC Judge Pender so held.   A matter of such importance to the merits of this case and to the fairness of this trial should not be swept under the rug based on unsupported cries of "untimeliness."   Apple's motion is without merit; the Court should consider the merits of Samsung's motion so that any adverse inference instruction is applied even-handedly.

Apple claims Samsung's motion is "beyond untimely," because it was filed "two court days before trial."[2]   This assumed deadline by Apple too is without support, and the grounds for Samsung's motion did not even exist until *three court days* before trial, when the Court's Order announced the preservation period, contrary to the standard that Samsung had always advocated, the ITC accepted, and even Apple had previously conceded in the ITC.[3]   Samsung has always argued, and the ITC previously accepted, that the duty to preserve was not triggered by the negotiations between the two parties in August 2010.   Indeed, Samsung did not retain Quinn Emanuel, its outside counsel throughout this matter, until April 2011, which underscores the clear

---

[1]   *See* CIVIL L.R. 7-2 (setting forth procedural requirements for a proper motion, including a notice of motion with a hearing date and time, a concise statement of requested relief, and a proposed form of order).
[2]   Mot. at 1:10.   This motion was heard on June 21, 2012, and was one of six motions argued that day to be decided by this Court.
[3]   *See* Apple's Motion for Spoliation Sanctions Against Samsung, *In the Matter of Electronic Digital Media Devices*, Inv. No. 337-TA-796, at 6, 13 ("Samsung's duty to preserve documents relevant to this Investigation arose no later than July 5, 2011").

understanding of both parties that litigation was not reasonably likely, under the applicable standards of *United States v. Kitsap Physicians Service*, 314 F.3d 995, 1001 (9th Cir. 2002), until April 2011.   Then for the first time on July 25, 2012 (Dkt. No. 1321), this Court concluded otherwise, ruling that the relevant date triggering Samsung's duty to preserve in this case was August 23, 2010.   The very next day, Samsung filed its appeal of that ruling as well as its motion for an adverse inference against Apple based on this unprecedented new preservation date.

Apple argues that it would be "remarkable" to read this Court's comments at the hearing to mean that both sides should be treated equally.   (Mot. at 1:23).   There is nothing remarkable about recognizing that the parties should be held to the same standard.   At the hearing on Apple's motion for adverse inference, the Court stated to Samsung's counsel that if, as Apple concedes, Apple failed to issue litigation hold notices when the duty to preserve attached, then "you've got a terrific motion of your own to file."   (*See* 6/21/12 Hearing Tr. at 32:19-33:1; *see also id.* at 64:4-5 ("THE COURT: Well, I've already suggested maybe you have a terrific motion in mind.")).

An adverse inference is an "extreme sanction" that "often ends litigation" because it is "too difficult a hurdle for the spoliator to overcome."   *In re Semrow*, 2011 WL 1304448, at *3 (D. Conn. 2011).   *See Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 219-20 (S.D.N.Y. 2003). To risk an "end [of] litigation" for Samsung on a one-sided basis because Samsung did not anticipate the Court's ruling and file a "terrific motion" *if* Apple's position was accepted, violates the fundamental fairness of this trial.   Indeed, despite styling its papers as a motion to strike, Apple's motion – in the very first paragraph – explicitly does address the merits, arguing that *despite* this Court's observations that Samsung had a "terrific motion," Apple should not be held to the same standard as Samsung.   Apple cites no authority for such a one-way ratchet, except for a reference to a single, eight year old decision that was based on circumstances not even remotely similar to those presented here – *i.e.*, the failure to preserve documents "after the inception of . . . litigation."   *See Mosaid Technologies Inc. v. Samsung Electronics Co., Ltd.*, 348 F. Supp. 2d 332. 333 (D.N.J. 2004).   And Apple simply ignores the far more relevant authority which would impose the greater burden on it, as the claimant.   As the Federal Circuit held in *Micron Tech., Inc. v. Rambus Inc.*, 645 F.3d 1311, 1325 (Fed. Cir. 2011):   "[Rambus] was the plaintiff-patentee

-2- Case No. 11-cv-01846-LHK (PSG)
SAMSUNG'S OPPOSITION TO APPLE'S MOTION TO STRIKE

. . . and its decision whether to litigate or not was the determining factor in whether or not litigation would in fact ensue.   In other words, whether litigation was reasonably foreseeable was largely dependent on whether Rambus chose to litigate.   It is thus more reasonable for a party in Rambus's position as a patentee to foresee litigation that does in fact commence, than it is for a party in the manufacturers' position as the accused."   Nor does Apple dispute that it took no steps from August 2010 until April 2011 to preserve documents, and as set forth in the declaration supporting Samsung's motion for an adverse inference shows, Apple produced only a *combined total of 66* emails from key custodians for August 1, 2010 to March 31, 2011.   (Alex Binder Decl. ISO Mot. for Adv. Inference, Dkt. No. 1388, ¶ 14.)   Contrary to fundamental notions of due process, Apple wants Samsung to be penalized for the same conduct that Apple engaged in, when Apple was subject, at the very least, to the same legal obligation under *Micron* and the reasoning of this Court's decision.

In imposing spoliation sanctions, the Court's power "must be exercised with restraint and discretion, in order to ensure that any sanction is proportionate to the offending conduct." *Cache La Poudre Feeds, LLC v. Land O'Lakes, Inc.*, 244 F.R.D. 614, 636 (D. Colo. 2007). Nevertheless, this Court decided that irrebuttable factual findings in the jury instruction set forth in its decision should be imposed on Samsung.   (*See* Mot. for De Novo Determination, Dkt. No. 1392, at 4:13-5:27.)   The Court's imposition of such a severe adverse inference in the absence of a finding of bad faith or even recklessness is contrary to law under any standard of review.   *E.g., United States v. Artero*, 121 F.3d 1256, 1259-60 (9th Cir. 1997) (bad faith required), *cert. denied*, 522 U.S. 1133 (1998).   To give such an instruction only against Samsung when Apple failed to preserve its documents that it advocated and that the Court endorsed would nullify a trial that Judge Koh, this Court and both parties have spent more than a year preparing for.   And to do so without even considering Samsung's motion offends the most basic principles of due process, *see Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707 (1982) ("sanction must be 'just'" and "must be specifically related to the particular 'claim'"), and undermines the very right, enshrined in the Seventh Amendment, to a fair trial in which liability is determined by impartial and properly instructed jurors.

| | |
|---|---|
| DATED: July 27, 2012 | Respectfully submitted, |
| | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| | By  */s/ Victoria Maroulis*<br>Charles K. Verhoeven<br>Kevin P.B. Johnson<br>Victoria F. Maroulis<br>Michael T. Zeller<br>Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC |