# EXHIBIT 1

# CHART OF ASSERTED UTILITY PATENT CLAIMS AND CLAIM CONSTRUCTIONS

| **Apple's '381 Patent** | | |
|---|---|---|
| **Claim 19** | **Apple's Proposal** | **Samsung's Proposal** |
| A device, comprising:<br><br>a touch screen display;<br><br>one or more processors;<br><br>memory; and<br><br>one or more programs, wherein the one or more programs are stored in the memory and configured to be executed by the one or more processors, the programs including:<br><br>instructions for displaying a first portion of an electronic document;<br><br>instructions for detecting a movement of an object on or near the touch screen display;<br><br>instructions for translating the electronic document displayed on the touch screen display in a first direction to display a second portion of the electronic document, wherein the second portion is different from the first portion, in response to detecting | The term "displaying" means "showing or revealing to the viewer."<br><br>\* \* \* \*<br><br>The term "first direction" does not require a strictly linear finger movement.<br><br>\* \* \* \*<br><br>The term "electronic document" means "a document stored in a digital format." An "electronic document" includes, but is not limited to, a web page; a digital image; a word processing, spreadsheet or presentation document; or a list of items in a digital format.<br><br>(Dkt. No. 1266, *7/20/12 Order Construing Disputed Claim Terms* at 6:23-26.) | Agreed.<br><br>\* \* \* \*<br><br>Agreed.<br><br>\* \* \* \*<br><br>The term "electronic document" means "a document stored in a digital format. An 'electronic document' includes, but is not limited to, a web page; a digital image; a word processing, spreadsheet or presentation document; or a list of items in a digital format." An electronic document need not be stored in a single file.<br><br>*(Docket No. 1266, 7/20/12 Order Construing Disputed Claim Terms at 6:5-7 ("This conclusion – that an electronic document need not be stored in a single file or location – is consistent with the Court's April 2012 Claim Construction Order."), 23-26.* |

1

| | | |
|---|---|---|
| the movement;<br><br>instructions for displaying an area beyond an edge of the electronic document and displaying a third portion of the electronic document, wherein the third portion is smaller than the first portion, in response to the edge of the electronic document being reached while translating the electronic document in the first direction while the object is still detected on or near the touch screen display; and<br><br>instructions for translating the electronic document in a second direction until the area beyond the edge of the electronic document is no longer displayed to display a fourth portion of the electronic document, wherein the fourth portion is different from the first portion, in response to detecting that the object is no longer on or near the touch screen display. | * * * *<br><br>The term "edge of the electronic document" has its plain and ordinary meaning. An edge of an electronic document is not limited to an external edge and may be internal.<br><br>* * * *<br><br>The term "translating the electronic document in a second direction" was not proposed for construction, or construed, and therefore has its plain and ordinary meaning.<br><br>Samsung's proposal is not a construction of any term by the Court from asserted device claim 19 of the '381 patent. *See* Dkt. No. 452, *12/2/11 Order Denying Preliminary Injunction* at 60:17-24 ("As written, Claim 1 of the '381 patent is fatalistic . . . [b]ecause the claimed method explicitly defines the inputs which will trigger the snap-back response, the method incorporates the response to all such inputs as a limitation of the claim") (emphases added). | * * * *<br><br>Agreed.<br><br>* * * *<br><br>The term "translating the electronic document in a second direction…" means "when a user scrolls past the edge of the electronic document, the electronic document must always snap back when the user lifts her finger."<br><br>     *(Docket No. 449, 12/2/11 Order Denying Preliminary Injunction at 59:6-7 ("The '381 patent contains no second behavior when a user scrolls past a certain threshold; the screen must always snap back."); 60:17-19 ("As written, Claim 1 of the '381 patent is fatalistic: if a user scrolls past the edge of an electronic document in the first direction, the screen must snap back to that document when the user lifts her finger.")* |

2

| Apple's '915 Patent ||
|---|---|
| **Claim 8** | **Agreed Language for Jury Binder** |
| A machine readable storage medium storing executable program instructions which when executed cause a data processing system to perform a method comprising:<br><br>receiving a user input, the user input is one or more input points applied to a touch-sensitive display that is integrated with the data processing system;<br><br>creating an event object in response to the user input;<br><br>determining whether the event object invokes a scroll or gesture operation by distinguishing between a single input point applied to the touch-sensitive display that is interpreted as the scroll operation and two or more input points applied to the touch-sensitive display that are interpreted as the gesture operation;<br><br>issuing at least one scroll or gesture call based on invoking the scroll or gesture operation;<br><br>responding to at least one scroll call, if issued, by scrolling a window having a view associated with the event object; and<br><br>responding to at least one gesture call, if issued, by scaling the view associated with the event object based on receiving the two or more input points in the form of the user input. | The term "invokes" means "causes" or "causes a procedure to be carried out."<br><br>* * * *<br><br>The term "scrolling a window having a view associated with the event object" has its plain and ordinary meaning. |

| Apple's '163 Patent | | |
|---|---|---|
| **Claim 50** | **Apple's Proposal** | **Samsung's Proposal** |
| A portable electronic device, comprising:<br><br>a touch screen display;<br><br>one or more processors;<br><br>memory; and<br><br>one or more programs, wherein the one or more programs are stored in the memory and configured to be executed by the one or more processors, the one or more programs including;<br><br>instructions for displaying at least a portion of a structured electronic document on the touch screen display, wherein the structured electronic document comprises a plurality of boxes of content;<br><br>instructions for detecting a first gesture at a location on the displayed portion of the structured electronic document;<br><br>instructions for determining a first box in the plurality of boxes at the location of the first gesture;<br><br>instructions for enlarging and translating the structured electronic document so that the first box is substantially centered on the touch screen display; | The Court has not construed any terms from this patent, and therefore the terms from this patent should be given their plain and ordinary meaning.<br><br>(Dkt. No. 1266, *7/20/12 Order Construing Disputed Claim Terms* at 9:15-17 ("Accordingly, no construction is necessary for the term 'structured electronic document'".) | The term "electronic document" means "a document stored in a digital format. An electronic document includes, but is not limited to, a web page; a digital image; a word processing, spreadsheet or presentation document; or a list of items in a digital format. An electronic document need not be stored in a single file.<br><br>*(Docket No. 1266, 7/20/12 Order Construing Disputed Claim Terms at 6:5-7 ("This conclusion – that an electronic document need not be stored in a single file or location – is consistent with the Court's April 2012 Claim Construction Order."), 23-26.)* |

| | | |
|---|---|---|
| instruction for, while the first box is enlarged, detecting a second gesture on a second box other than the first box; and<br><br>instructions for, in response to detecting the second gesture, translating the structured electronic document so that the second box is substantially centered on the touch screen display. | | |

5

| Samsung's '460 Patent | | |
|---|---|---|
| **Claim 1** | **Apple's Proposal** | **Samsung's Proposal** |
| A data transmitting method for a portable composite communication terminal which functions as both a portable phone and a camera, comprising the steps of:<br><br>entering a first E-mail transmission sub-mode upon user request for E-mail transmission while operating in a portable phone mode, the first e-mail transmission sub-mode performing a portable phone function;<br><br>entering a second E-mail transmission sub-mode upon user request for E-mail transmission while operating in a display sub-mode, the second e-mail transmission sub-mode displaying an image most recently captured in a camera mode;<br><br>sequentially displaying other images stored in a memory through the use of scroll keys;<br><br>transmitting the address of the other party and a message received through a user interface in the first E-mail transmission sub-mode; and<br><br>transmitting the address of the other party and the message received through | The Court has not construed any terms from this patent, and therefore the terms from this patent should be given their plain and ordinary meaning. | The Court has construed the claim to require three functions: sending an e-mail transmission with a message from a first e-mail submode; sending an e-mail transmission with an image and a message from a second e-mail sub-mode; and sequentially displaying other images with a scroll key. The Court has further determined that the steps of the '460 Patent do not need to be performed in order.<br><br>*(Docket No. 1156, 6/29/12 Order Denying In Part Apple's Motion For Partial Summary Judgment at 17 :3-6 ("The Court adopts Samsung's construction of claim 1, which is also the first alternative proposed by Apple. The first construction adopted by the Court excludes the other two proposed constructions, and therefore the Court need not consider the two alternative constructions proposed by Apple."); 15:22-26 ("Moreover, claim 1, read in light of the specification and prosecution history, only meets the construction offered by Samsung. Samsung argues that claim 1 establishes three functionalities:* |

6

| | | |
|---|---|---|
| the user interface and the image displayed on the display as an E-mail in the second E-mail transmission sub-mode. | | *sending an e-mail transmission from a first e-mail submode; sending an e-mail transmission with an image from a second e-mail sub-mode; and sequentially displaying other images with a scroll key.").)* |

| Samsung's '711 Patent | | |
|---|---|---|
| **Claim 9** | **Apple's Proposal** | **Samsung's Proposal** |
| A multi-tasking apparatus in a pocket-sized mobile communication device including an MP3 playing capability, the multi-tasking apparatus comprising:<br><br>a controller for generating a music background play object, wherein the music background play object includes an application module including at least one applet, for providing an interface for music play by the music background play object, for selecting an MP3 mode in the pocket-sized mobile communication device using the interface, for selecting and playing a music file in the pocket-sized mobile communication device in the MP3 mode, for switching from the MP3 mode to a standby mode while the playing of the music file continues and for selecting and performing at least one function of the pocket-sized mobile communication device from the standby mode while the playing of the music file continues; and<br><br>a display unit for displaying an indication that the music file is being played in the standby mode and for continuing to display the indication that the music file is being played while performing the selected function. | The term "applet" means "an application designed to run within an application module."<br><br>(Dkt. 849, *4/4/12 Order Construing Disputed Claim Terms* at 11:5-6 ("Accordingly, the Court construes 'applet' to mean "**An application designed to run within an application module**.") (emphasis in original).) | The term "applet" means "an application designed to run within an application module that need not be operating system-independent."<br><br>*(Docket No. 848, 4/4/12 Order Construing Disputed Claim Terms at 11:5-6; 8:10-11 ("Therefore, it is inappropriate to include the limitation of operating system-independence urged by Apple.").)* |

| Samsung's '893 Patent ||
|---|---|
| **Claim 10** | **Agreed Language for Jury Binder** |
| A digital image processing apparatus comprising:<br><br>    an optical system for receiving a light reflected from a subject;<br><br>    a photoelectric conversion module in optical communication with the optical system for converting the light to image data;<br><br>    a recording medium for storing the image data in an image file;<br><br>    a display screen for displaying the image data; and<br><br>    a controller connected with the photoelectric conversion module, the recording medium and the display screen, the controller being operative in a photographing mode to process the image data for storage in the recording medium and, in a stored-image display mode, being operative to control the display screen for displaying a single image relative to the image data,<br><br>    wherein upon a user performing a mode-switching operation defined by switching from the stored-image display mode to the photographing mode and back to the stored-image display mode the controller causes the display screen to first display a single image file that was most recently displayed before the mode-switching operation, the single image file being different from a most-recently stored image file, and the single image file being first displayed irrespective of a duration that the camera was used in the photographing mode during the mode-switching operation | The Court has not construed any terms from this patent, and therefore the terms from this patent should be given their plain and ordinary meaning. |

| Samsung's '941 Patent ||
|---|---|
| **Claim 10** | **Agreed Language for Jury Binder** |
| An apparatus for transmitting data in a mobile communication system, comprising:<br><br>a transmission buffer for receiving a service data unit (SDU) from a higher layer, determining whether the SDU can be comprised in one protocol data unit (PDU) segmenting the SDU into a plurality of segments according to a transmittable PDU size if the SDU does not be comprised in one PDU, and constructing one or more PDUs;<br><br>a header inserter for constructing a header of each PDU, wherein the header comprises a serial number (SN) field, a one-bit field, at least one Length Indicator (LI) field; a one-bit field setter for setting the one-bit field of the at least one PDU to indicate whether the PDU contains an entire SDU in the data field;<br><br>an LI inserter for inserting an LI field after the one-bit field in the at least one PDU if the SDU is not comprised in one PDU, and setting an LI field to a predefined value indicating that the PDU contains neither a first segment nor a last segment of the SDU to contain the intermediate segment of the SDU; and<br><br>a transmitter for sending the PDUs to a receiver | The Court has not construed any terms from this patent, and therefore the terms from this patent should be given their plain and ordinary meaning. |

| Samsung's '941 Patent | |
| --- | --- |
| **Claim 15** | **Agreed Language for Jury Binder** |
| An apparatus for receiving data in a mobile communication system, comprising:<br><br>    a reception buffer for receiving a protocol data unit (PDU) from a transmitter and storing the PDU;<br><br>    a reassembly controller for detecting a sequence number (SN) field and a one-bit field indicating whether the PDU contains an entire service data unit (SDU) in its data field from the header, detecting the following length indicator (LI) field from the header of the PDU and determining whether the LI field is set to a predefined value indicating that the PDU contains an intermediate segment that is neither a first segment nor a last segment of the SDU if the one-bit field indicates that the PDU does not contain an entire SDU in its data field;<br><br>    a header and LI remover for eliminating the SN field, the one-bit field, and the LI field if the one-bit field indicates that the PDU does not contain the entire SDU in its data field; and<br><br>    a reassembler for receiving the intermediate segment from the header and LI remover and constructing the SDU by combining the intermediate segment with at least one previous segment extracted from a data field of at least one previous PDU and at least one following segment extracted from a data field of at least one following PDU. | The Court has not construed any terms from this patent, and therefore the terms from this patent should be given their plain and ordinary meaning. |

| Samsung's '516 Patent ||
|---|---|
| **Claim 15** | **Agreed Language for Jury Binder** |
| An apparatus for transmitting data of a first channel not supporting Hybrid Automatic Repeat reQuest (HARQ) and a second channel supporting the HARQ in a mobile telecommunication system which supports an enhanced uplink service, the apparatus comprising:<br><br>    a controller for determining transmit power factors for the channels, determining if total transmit power required for transmission of the channels exceeds the maximum allowed power, and scaling down the transmit power factor for the second channel if the total transmit power exceeds the maximum allowed power;<br><br>    first and second channel generators for generating first and second data frames by performing channel-coding and modulation of the first and second channel data; and<br><br>    a gain scaling unit for adjusting the transmit powers of the first and second channels, with which the data frames of the first and second channels is transmitted, using the scaled transit power factor for the second channel and the transmit power factor for the first channel. | The Court has not construed any terms from this patent, and therefore the terms from this patent should be given their plain and ordinary meaning. |
| **Claim 16** | **Agreed Language for Jury Binder** |
| The apparatus as claimed in claim 15, wherein the controller scales the transmit power factor for the second channel from slot to slot when the total transmit power exceeds the maximum allowed power. | The Court has not construed any terms from this patent, and therefore the terms from this patent should be given their plain and ordinary meaning. |