| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781) | WILLIAM F. LEE |
| hmcelhinny@mofo.com | william.lee@wilmerhale.com |
| MICHAEL A. JACOBS (CA SBN 111664) | WILMER CUTLER PICKERING |
| mjacobs@mofo.com | HALE AND DORR LLP |
| RACHEL KREVANS (CA SBN 116421) | 60 State Street |
| rkrevans@mofo.com | Boston, MA 02109 |
| JENNIFER LEE TAYLOR (CA SBN 161368) | Telephone: (617) 526-6000 |
| jtaylor@mofo.com | Facsimile: (617) 526-5000 |
| ALISON M. TUCHER (CA SBN 171363) | |
| atucher@mofo.com | |
| RICHARD S.J. HUNG (CA SBN 197425) | MARK D. SELWYN (SBN 244180) |
| rhung@mofo.com | mark.selwyn@wilmerhale.com |
| JASON R. BARTLETT (CA SBN 214530) | WILMER CUTLER PICKERING |
| jasonbartlett@mofo.com | HALE AND DORR LLP |
| MORRISON & FOERSTER LLP | 950 Page Mill Road |
| 425 Market Street | Palo Alto, California 94304 |
| San Francisco, California 94105-2482 | Telephone: (650) 858-6000 |
| Telephone: (415) 268-7000 | Facsimile: (650) 858-6100 |
| Facsimile: (415) 268-7522 | |

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | Case No.   11-cv-01846-LHK (PSG) |
| Plaintiff, | **APPLE'S REQUEST FOR CORRECTION TO DESIGN PATENT CLAIM CONSTRUCTION** |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendants. | |

Apple has noted several small errors in the Court's design patent claim constructions issued on July 27, 2012 and respectfully requests that they be corrected as follows.

**D'087 Patent**

With respect to the D'087 patent, the Court's claim construction is:

> The D'087 Patent claims the ornamental design of an electronic device as shown in Figures 1-**46**. The broken lines in the D'087 Patent constitute unclaimed subject matter. Thus, the D'087 Patent claims the front face, a 'bezel encircling the front face of the patented design [that] extends from the front of the phone to its sides,' and a flat contour of the front face, but does not claim the rest of the article of manufacture.

(Dkt. No. 1425, Order at p. 8 lines 2-6 (emphasis added).)

The D'087 patent has 48 figures, not 46 figures. Apple requests that the claim construction be corrected as follows:

> The D'087 Patent claims the ornamental design of an electronic device as shown in Figures 1-**48**. The broken lines in the D'087 Patent constitute unclaimed subject matter. Thus, the D'087 Patent claims the front face, a 'bezel encircling the front face of the patented design [that] extends from the front of the phone to its sides,' and a flat contour of the front face, but does not claim the rest of the article of manufacture.

**D'677 Patent**

With respect to the D'677 patent, the Court's claim construction is:

> The D'677 Patent claims the ornamental design of an electronic device as shown in Figures 1-**6**. The broken lines in the D'677 Patent constitute unclaimed subject matter. The use of "solid black surface shading" on the D'677 Patent represents the color black. The use of oblique line shading on the D'677 Patent is used to show a transparent, translucent **and** highly polished or reflective surface.

(*Id.* at p. 9, lines 15-19 (emphasis added).)

The D'677 patent has 8 figures, not 6 figures. Moreover, because a surface cannot simultaneously have *all* of the following traits at once: transparent, translucent, highly polished, and reflective, Apple believes that the "and" in the final clause of the Court's claim construction is intended to be an "or." This is consistent with the Court's statement in the preceding paragraph that: "Thus, the use of oblique line shading and solid black surface shading in the D'677 Patent

indicate that the patentee claimed a black surface that is also transparent, translucent, highly polished, **or** reflective." (*Id.* at p. 9, lines 11-13 (emphasis added).)

Apple requests that the claim construction be corrected as follows:

> The D'677 Patent claims the ornamental design of an electronic device as shown in Figures 1-**8**. The broken lines in the D'677 Patent constitute unclaimed subject matter. The use of "solid black surface shading" on the D'677 Patent represents the color black. The use of oblique line shading on the D'677 Patent is used to show a transparent, translucent **or** highly polished or reflective surface.

**D'889 Patent**

With respect to the D'889 patent, the Court's claim construction is:

> The D'889 Patent claims the ornamental design of an electronic device as shown in Figures 1-9. The broken lines depicting the human figure in figure 9 do not form a part of the claimed design. The other broken lines in the other figures are part of the claimed design. The D'889 also includes oblique line shading on several of the figures. The oblique line shading in Figures 1-3 and Figure 9 depicts a transparent, translucent **and** highly polished or reflective surface from the top perspective view of the claimed design, the top view of the claimed design, and the bottom perspective view of the claimed design.

(*Id.* at p. 11, lines 2-8 (emphasis added).)

As with the D'677 patent, the use of the word "and" suggests that the surface must have *all* of the following traits: transparent, translucent, highly polished **and** reflective. As explained above, this is not consistent with the Court's explanation of the use of the oblique lines in connection with the D'677 patent, and it creates an impossible requirement because a surface cannot simultaneously have all four traits at the same time.

1  Apple requests that the claim construction be corrected as follows:

2  The D'889 Patent claims the ornamental design of an electronic device as shown in Figures 1-9. The broken lines depicting the human figure in figure 9 do not form a part of the claimed design. The other broken lines in the other figures are part of the claimed design. The D'889 also includes oblique line shading on several of the figures. The oblique line shading in Figures 1-3 and Figure 9 depicts a transparent, translucent **or** highly polished or reflective surface from the top perspective view of the claimed design, the top view of the claimed design, and the bottom perspective view of the claimed design.

9  Dated: July 28, 2012               MORRISON & FOERSTER LLP

                                      By:   */s/ Michael A. Jacobs*
                                            Michael A. Jacobs

                                            Attorneys for Plaintiff
                                            APPLE INC.