1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Cal. Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5  Kevin P.B. Johnson (Cal. Bar No. 177129)
   kevinjohnson@quinnemanuel.com
6  Victoria F. Maroulis (Cal. Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
7  555 Twin Dolphin Drive 5th Floor
   Redwood Shores, California 94065
8  Telephone: (650) 801-5000
   Facsimile: (650) 801-5100
9
   Michael T. Zeller (Cal. Bar No. 196417)
10 michaelzeller@quinnemanuel.com
   865 S. Figueroa St., 10th Floor
11 Los Angeles, California 90017
   Telephone: (213) 443-3000
12 Facsimile: (213) 443-3100

13 Attorneys for SAMSUNG ELECTRONICS
   CO., LTD., SAMSUNG ELECTRONICS
14 AMERICA, INC. and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC
15

16                    UNITED STATES DISTRICT COURT

17           NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

18 APPLE INC., a California corporation,        CASE NO. 11-cv-01846-LHK

19              Plaintiff,

20       vs.                                    **SAMSUNG'S OBJECTIONS TO TRIAL EXHIBITS OF CHRISTOPHER STRINGER**

21 SAMSUNG ELECTRONICS CO., LTD., a
   Korean business entity; SAMSUNG
22 ELECTRONICS AMERICA, INC., a New
   York corporation; SAMSUNG
23 TELECOMMUNICATIONS AMERICA,
   LLC, a Delaware limited liability company,
24
                Defendants.
25

26

27

28

Pursuant to the Court's [DATE] Order, Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung") respectfully submits the following objections to the exhibits that Apple Inc. ("Apple") has designated for the direct testimony of Christopher Stringer.

**1.  Exhibits PX1, PX2, PX165, PX166, PX167, PX168, PX170, and PX171 Were Never Produced to Samsung**

These exhibits are compilations of photographs of Apple prototypes.  Samsung objects to these exhibits as irrelevant and unfairly prejudicial because none of the images shown in them were produced to Samsung at any time during this case.  As this Court has stated, documents that were not produced during discovery will not be admitted as exhibits.  July 18, 2012 Hearing Tr. at 60-61 ("Anything that was untimely produced and wasn't authorized to be produced after the cut off either by authorization by Judge Grewal or by stipulation of the parties, that is excluded.").  Here, the prototypes are readily available.  The jury should be allowed to evaluate them for itself, rather than having to rely on Apple's photos created for the purposes of this litigation.

Moreover, these exhibits are objectionable because they disclose only selected images of Apple prototypes rather than the actual physical objects themselves.  Such reliance is misleading.  It prevents the jury from evaluating the prototypes and instead limits the jurors' understanding of the designs to the specific features shown in the photographs that Apple has selected.  Here, where an understanding of the entire design is critical to the determination of similarities and/or differences in connection with the asserted claims and defenses, and where Apple has made no showing that the actual prototypes themselves are unavailable, the use of such photographs is improper.  *See, e.g.*, *Amini Innovation Corp. v. Anthony California Inc.*, 2006 WL 6855371, at *4 (C.D. Cal. Sept. 21, 2006) ([T]he ordinary observer test is based upon normal use, and normal use is not limited to one glance at the time of sale).

**2.  Apple's Designer, Mr. Stringer, Is Not Competent to Testify Regarding the Alleged Development of Samsung's Designs in Apple's Timeline Exhibits**

Mr. Stringer is not a proper sponsoring witness for PX3 and PX4.  These exhibits are timelines, prepared by Apple for purposes of this case, that purport to describe the patterns of

1  Samsung phone and tablet design before and after the introduction of the iPhone and iPad,
2  respectively.   They also purport to establish a timeline for other, "alternative" designs both before
3  and after the introduction of Apple's devices.   While Mr. Stringer may be able to describe
4  *Apple's* design history as an *Apple* designer, there is absolutely no foundation for him to testify
5  concerning the evolution of *Samsung's* designs or to provide an overview of other devices in the
6  marketplace.

7  Moreover, these exhibits are misleading and unfairly prejudicial.   Samsung has designed
8  and marketed hundreds of designs that are not represented in these exhibits.   Here, Apple's
9  counsel simply picks and chooses among a wide variety of different Samsung designs to present a
10 self-serving and wholly misleading picture of Samsung's design history.   These documents are
11 irrelevant, incomplete and unfairly prejudicial, even if shown to the jury as demonstratives (let
12 alone as exhibits that are admitted into evidence).   They suggest a timeline of events that never
13 occurred based only on Apple's selective compilation of images, and should be precluded on this
14 basis alone.

15 **3.    There Is No Nexus Between the Award Described in Exhibit PX157 and the Asserted**
16 **      Patents and Trade Dress**

17 PX157 appears to be a document describing a design award for the iPhone.   Samsung
18 objects to this exhibit as irrelevant, unfairly prejudicial and hearsay.   There is absolutely nothing
19 in this exhibit that suggests that the described award is related to the asserted dress or designs at
20 issue in this case.   Indeed, this description of the award in PX157 explains that it was directed to
21 the combination of "three products . . . into one handheld device," for the "user interface based
22 on . . . multi-touch display," for a display made of "optical quality glass," and for the functionality
23 of certain buttons and for its memory.   These are all plainly hardware features that are not linked
24 in any way to the subject matter of the asserted design patents or trade dress here.   Accordingly,
25 there is a complete lack of nexus between this award and any claim or defense in this case, and Mr.
26 Stringer should not be permitted to testify about it.   *See Ormco Corp. v. Align Tech. Inc.*, 463
27 F.3d 1299, 1311-1312 (Fed. Cir. 2006) (stating that "[i]n order to be relevant, there must be a
28 nexus between the[] secondary considerations and the claimed invention" and holding that any

1  commercial success was not relevant to obviousness because it was due to unclaimed features and
2  features that were not novel).

3  **4.     The CAD Drawings in Exhibits PX162 and PX164 Were Not Timely Produced**

4  Samsung objects to these compilations of CAD drawings because they contain material
5  that was either not timely produced or not produced at all during discovery.   All but one of the
6  CAD drawings contained in these exhibits were produced by Apple on May 2, 2012 – nearly two
7  months after the close of fact discovery in this case.   As such, they are untimely and should not
8  be admitted.   As the Court has earlier ruled, documents that were not produced before the close
9  of fact discovery will not be admitted as exhibits.   July 18, 2012 Hearing Tr. at 60-61 ("Anything
10 that was untimely produced and wasn't authorized to be produced after the cut off either by
11 authorization by Judge Grewal or by stipulation of the parties, that is excluded.").

12 Indeed, the CAD drawing in PX162 at page 162.5 was never produced to Samsung at all,
13 as evidenced by the lack of a Bates number on the exhibit.   Apple's complete failure to produce
14 this CAD drawing during discovery means that it cannot rely on it now for purposes of trial.

16 DATED:   July 29, 2012              QUINN EMANUEL URQUHART &
                                        SULLIVAN, LLP

                                       By  */s/ Victoria F. Maroulis*
                                          Charles K. Verhoeven
                                          Victoria F. Maroulis
                                          Kevin P.B. Johnson
                                          Michael T. Zeller
                                          Attorneys for SAMSUNG ELECTRONICS
                                          CO., LTD., SAMSUNG ELECTRONICS
                                          AMERICA, INC., and SAMSUNG
                                          TELECOMMUNICATIONS AMERICA, LLC