QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S OBJECTIONS TO APPLE'S OPENING SLIDES** |

**1.    Samsung objects to the images of Steve Jobs appearing in Slide Nos. 6, 7, 12, 16, and 29 of Apple's Opening Presentation as violating MIL no. 1.**

Samsung objects to the images of Steve Jobs appearing in Slide Nos. 6, 7, 12, 16, and 29 of Apple's Opening Presentation. These gratuitous images have no evidentiary value and have been asserted in order to turn the trial into the popularity contest that the Court prohibited in its ruling on Samsung's Motion in Limine No. 1. Dkt. 1267 at 4:1-3 ("Evidence related to Steve Jobs will generally be excluded unless it is specifically relevant to the IP rights at issue in the case, although the Court will make that determination on a case-by-case basis."). The use of Mr. Jobs' image in these slides is not relevant to the specific intellectual property rights at issue in this case. If Apple is allowed to use these slides, Samsung requests that the Court allow it to use the quotes from Mr. Jobs – which do have nonprejudicial evidentiary value – and yet were excluded by the Court's ruling on Apple's Motion in Limine No. 7.

**2.    Samsung objects to the newspaper articles and blogs throughout Apple's presentation on the grounds of hearsay, authenticity, lack of foundation and unreliability.**

Slides 13, 14, 16, 27, 28, 30 and 32 in Apple's presentation contain blatant hearsay in the form of media statements concerning the supposed greatness of Apple and Apple's products and concerning alleged similarities between the accused products and the iPhone. The admission of these out-of-court statements, which Apple is offering for the truth of their contents, is barred by Federal Rule of Evidence 802. Apple's primary argument regarding press statements praising Apple has been that they are admissible for the non-hearsay purpose of showing that Apple's trade dress is famous and distinctive. (*See, e.g.*, Dkt. No. 1208-3 at 1.) But the statements Apple has included in its opening slides – such as that the iPhone is "magical" and "revolutionary" (Slide 30) – don't even describe the trade dress Apple claims in this lawsuit, much less depict it. To prove fame, Apple must show that the appearance of the elements of the iPhone it claims as its trade dress is "widely recognized by the general consuming public of the United States as a designation of source of the goods or services of the mark's owner." 15 U.S.C. § 1125(c)(2)(A). Most of the statements Apple would use are not even related to the appearance of the iPhone, and the remaining statements, such as "the iPhone is pretty" (Slide 14), are totally irrelevant to whether

Apple's claimed trade dress is associated with Apple by the consuming public. The real reason Apple is using these statements in its opening is to make this trial into a popularity contest in its home town.

The remaining media statements in Apple's opening slides comment on the purported similarity between certain accused products and the iPhone. For example, Apple has included statements by Wired Magazine claiming that Samsung's Vibrant "rips off iPhone 3G design." (Slide 28.) In addition to being highly prejudicial, these statements are also undoubtedly being offered for the truth of their contents, and they are therefore inadmissible hearsay. It is the jury that must decide about the degree of similarity between the accused products and Apple's design patents and trade dresses, but Apple's opening slides seek to supplant the judgment of the jury with the opinions of a few, outspoken critics of Samsung. This should not be allowed.

Samsung additionally objects to slides 13, 14, 16, 27, 28, 30 and 32 because Apple has no witness who is competent to testify about the exhibits in them. Samsung additionally objects to these slides as misleading and as more prejudicial than probative under Federal Rule of Evidence 403.

**3.     Samsung objects to slides 18, 19, and 67 because they include improper translations and reserves rights as to other translated exhibits based on its prior objections.**

With respect to Slides 18-19, Samsung objects to use of the misleading translation "HW portion: Easily copied." Samsung's check interpreter previously raised the translation issue of this phrase during the 3/7/12 deposition of Donghoon Chang and the main interpreter acknowledged the issue, stating "that's a fair observation." (Chang Dep. Tr. 63:20-64:9). More importantly, in connection with the preceding sentence, the subject of this phrase is clearly "other competitors," not Samsung. Thus, using this phrase alone without referencing the preceding sentence is grossly misleading. Furthermore, Samsung objects to the use of a bright red, bolded, large font to emphasize the quote ("easily copied") on Slide 19 on the grounds that it is argumentative.

Samsung objects to slide 58 in Apple's opening presentation as it contains an improper and misleading translation of Apple's Exhibit 46.66. Apple's translation adds quotation marks

around the word "bouncing" when none exists in the actual original Korean document.   Also on slide 58, Apple incorrectly translates that Samsung's product is "dull" when the original Korean document uses a word more correctly translated "plain."   Apple's translation is misleading and injects sentiments not found in the original Korean document.

Samsung also objects to use of the translation on Slide 67, as it is inaccurate and misleading.

**5.   Samsung objects to slides 26 and 49 as misleading because the Galaxy S i9000 was not sold in the United States.**

Samsung objects to Apple's use of the Galaxy S i9000 in slides 26 and 49 because Samsung never sold this product in the United States, making it irrelevant to this case.   35 U.S.C. 271 provides that a patent is infringed when someone "makes, uses, offers to sell, or sells any patented invention, within the United States, or imports into the United States any patented invention during the term of the patent therefor." (emphasis added)   *See also Ortho Pharm. Corp. v. Genetics Inst., Inc.,* 52 F.3d 1026, 1033 (Fed. Cir. 1995) ("[A] U.S. patent grants rights to exclude others from making, using and selling the patented invention only in the United States") (emphasis in original).   Apple has never cited any evidence that Samsung has ever made, used, sold, offered to sell the Galaxy S i9000 within the United States, or imported it into the United States.   Apple's inclusion of the Galaxy S i9000 in slides 26 and 49, therefore, causes a high likelihood of confusing and misleading the jury, and wasting the Court's time.   FRE 403.

**6.   Samsung objects to PX 44, slide 33, 34, 35, 36, 37 and 67 as violating the Court's ruling on MIL #1 because it is not tied to intellectual property at issue in this case.**

Samsung objects to PX 44 titled "Relative Evaluation Report on S1, iPhone" and slides 33, 34, 35, 36, 37, and 67 which contain portions of this report.   This report is irrelevant because it does not concern intellectual property at issue in this case.   The Court has already ruled that this type of evidence should be excluded by Samsung's motion in limine number 1, excluding evidence not tied to the IP rights claimed by Apple.   PX 44 and the slides displaying this exhibit fall squarely within this exclusion.

**7.     Samsung objects to use of Denison testimony on slides 41 and 42 as lacking foundation, beyond the scope of the designation, and misleading.   The testimony relates only to the products and features at issue in the preliminary injunction phase, and it is improper to rely on testimony that lacks foundation and to suggest that the testimony given applied to other patents or products not at issue then.**

Samsung objects to slides 41 and 42 from Apple's opening presentation because they are misleading, argumentative, based on testimony that lacked foundation and was beyond the scope of the designation and the topics as Apple articulated them.   Slides 41 and 42 contain video of Mr. Denison's testimony from the preliminary injunction phase of this matter.   At this deposition, Mr. Denison was designated to speak for Samsung Electronics Co., Ltd only as to Samsung's copying of "the features in the Products at Issue [defined by Apple as the four products at issue in the PI] that Apple has accused of infringement in its preliminary injunction motion and relating only to" the iPhone or iPad.   (Samsung's Objections to Apple's Notice of Rule 30(B)(6) Deposition of Samsung Electronics Co., Ltd Relating to Apple's Motion for a Preliminary Injunction at 20:1-21:14. (emphasis added))   Apple proceeded with the deposition despite these limits and never obtained testimony from a 30(B)(6) witness on "copying" in general.

In slides 41 and 42, Apple quotes Mr. Denison's response to a question that was beyond the scope of his designation and that he lacked foundation to answer.   The response given describes what he did to ascertain whether copying had occurred regarding the scope of his designation—i.e., the three patents and the four accused products that were at issue in the preliminary injunction phase.   What he did was talk to each of the industrial designers of the three accused products and the designers of the accused software feature.   Apple misleadingly suggests that this was the only thing any Samsung entity ever did to ascertain whether any copying occurred, irrespective of whether it was regarding the four PI features, the features at issue in this trial, or something not asserted in this trial at all, such as minutia about font style in the settings menu and the GUI of actual applications (not just the home screen icons).   Slides 41 and 42 should be excluded because the testimony shown lacks foundation, was beyond the scope, and overall are misleading and argumentative.

**8.     Samsung objects to images on 55 -62 as misleading insofar as they show the same picture of Olympic torch implying similarity.**

Samsung objects to Apple opening slides 55, 56, and 59-62 because the use of the torch image Apple uses for both its iPhone and the Samsung Vibrant phone is highly misleading and prejudicial.   The viewer immediately assumes the iPhone and Samsung Vibrant are the same because the picture is the same.   Apple's torch image is also unnecessarily confusing.   Because slides 55, 56, and 59-62 purport to demonstrate infringement of the '381 bounce utility patent, there is absolutely no reason why the same picture must be used, which will only mislead the jury. Apple slides 55, 56, and 59-62 should be stricken.   FRE 403.

**9.     Samsung objects to slides 26, 59-62, 69-72, and 75-78 on the basis that they contain manipulated images of the phones at issue.**

Samsung objects to slides 26, 59-62, 69-72, and 75-78 in Apple's opening presentation as they contain manipulated images of the accused Samsung products that are intended to make the Samsung phones or tablets look like they are identical in height or width to the iPhone.   In particular, slides 59-62 portray the Samsung Vibrant as the same size as the iPhone when the Vibrant is actually bigger.   Slides 69-72 and 75-78 portray the Samsung Galaxy S2 as the same size as the iPhone when the Galaxy is much bigger than the iPhone.[1]   In the mobile and tablet computer industries, where a tenth of an inch makes a difference for user experience, Apple should not be allowed to alter images of the Samsung products to eliminate these important differences and then argue the products are similar.

Samsung requests that instead of images of Samsung products that have been artificially manipulated to appear to be similar to Apple products, Apple be required to use the actual products themselves or images that accurately reflect the different sizes of the products.

---

[1]     The Court previously denied Samsung's Motion in Limine No. 7 without prejudice indicating that the Court would rule on an Exhibit by Exhibit basis.   Hearing Tr., 7/18/12 at 127:16-22.   At that time, the Court told the parties to use the actual products at trial.   The Court stated:   "Now, I'm hoping that if you're actually going to introduce actual products that this shouldn't really be an issue, right?   Just do the actual – the real deal."   Hearing Tr., 7/18/12 at 127:23-128:1.

**10.     Samsung objects to slide 85 on the basis that it misstates the law by adding Samsung's profits to Apple's profits to a reasonable royalty award.     Slide 85 is misleading because Apple not legally entitled to Samsung's profits + lost profits + reasonable royalty.**

Samsung objects to Apple's slide 85 because it misstates the law.     By inserting plus ("+") signs between three distinct forms of damages, slide 85 suggests to the jury that it should determine any Apple damages by adding Samsung's profits to Apple's profits to a reasonable royalty award.     Such a triple recovery is a highly prejudicial misstatement of law that will confuse the jury.     A plaintiff cannot recover different forms of relief for the same sales of allegedly infringing product.     *See Nintendo of America, Inc. v. Dragon Pacific Int'l*, 40 F.3d 1007, 1010 (9th Cir. 1994) ("Recovery of both plaintiff's lost profits and disgorgement of defendant's profits is generally considered a double recovery under the Lanham Act."); *Catalina Lighting, Inc. v. USA, Inc.*, 295 F.3d 1277, 1291-92 (Fed. Cir. 2002) (reversing damages award of reasonable royalty and infringer's profits as improper double recovery).     Indeed, Apple has submitted jury instructions barring double recovery, stating in relevant part, "once you have awarded Apple a remedy with respect to a Samsung sale, you should not award Apple another remedy with respect to the sale of the same unit."     Dkt. No. 1232, at 150 (Proposed Final Jury Instruction No. 41), at 222 (Final Proposed Final Jury Instruction No. 41).     The Court's jury instructions prohibiting double counting – whether in Apple's or Samsung's form – will come too late to remedy the prejudice and confusion slide 85 will cause.

Additionally, Apple's slide 85 erroneously suggests that Apple may recover both lost profits and infringer's profits ("Samsung's Profits" + "Apple's Lost Profits").     In fact, as Samsung stated in its Objections to Apple's Instruction on design patent damages, Apple must choose either lost profits and/or a reasonable royalty pursuant to 35 U.S.C. § 284, or infringer's profits pursuant to 35 U.S.C. § 289.     See Dkt. No. 1232, at 209 (Proposed Final Jury Instruction No. 54).     Slide 85 misleadingly implies that Apple may obtain both remedies.     No court has ever allowed what Apple proposes here—to split its recovery between actual damages as lost profits under Section 284 and infringer's profits under Section 289.     At the very least, to avoid

unnecessary confusion and prejudice, the Court should preclude Apple from representing to the jury that its disputed version of this important instruction is controlling until this issue is settled.

**11.  Samsung objects to the testimony of Dr. Ahn on slides 92 and 98 on the basis that they are taken out of context and misleading.**

Samsung objects to Apple's slides 92 and 98 on the basis that the testimony is taken out of context and misleading. Both of these slides quote the testimony of Dr. Seung-Ho Ahn. After serving as the leader of the IP team for Samsung's LCD division and the team leader for IP strategy at the Samsung Advanced Institute of Technology, in mid-2010, Dr. Ahn became head of Samsung's IP center. (Hutnyan Dec., Ex. 1, Ahn Dep. Tr.. at 19-22.) The IP center handles patent-related work for all divisions of Samsung Electronic Company, only one of which is the mobile business division. (*Id.* at 22.)

Slides 92 and 98 include excerpts from Dr. Ahn's testimony that misleadingly suggest that Dr. Ahn failed to ensure that Samsung complied with its FRAND obligations and lacked an understanding of Samsung's role in the development of the cellular communications system. Apple is capitalizing on the fact that jurors are neither familiar with the "IP Center" or Dr. Ahn's role as its head and hopes that they will therefore assume that this was Dr. Ahn's responsibility. In fact, Dr. Ahn is not responsible for licensing standard-essential patents within the mobile business division, nor does he know the history of that division's technological contributions, as he only assumed his current title in 2010. (*Id.* at 24, 85-86, 117.) Apple should not be allowed to exploit the jury's lack of knowledge as to Dr. Ahn's role to mislead them into believing otherwise.

**12.  Samsung objects to slides 99-102 on grounds that suggest that Samsung is accusing third party applications when it is accusing functions of Apple's applications which are included with the device and cannot be deleted.**

Apple's Slides 99-102 draw attention to the "Yelp," "Smule" and other third party applications in Apple's App Store. Apple offers these slides to support its non-infringement position regarding Samsung's camera and music patents (i.e., '460, '893, and '711 patents). These slides, however, misleadingly suggest that Samsung has accused Apple of infringing its

patents through Apple's sale of third party applications.   Samsung has never contended, however, that any third party applications sold by Apple infringe these patents.   Instead, Samsung contends that particular camera, music, and e-mail functions on Apple's devices infringe the '460, '893, and '711 patents.   These functions are accessible, in part, through applications that are included with the accused devices upon purchase.   Unlike third-party applications, these applications are exclusively designed by Apple and cannot be deleted from Apple's iPhone, iPad, or iPod Touch devices.   Apple's insinuation that Samsung has accused third-party applications of infringement, therefore, risks confusing infringement issues properly before the jury and should be struck.

**14.    Samsung also objects to all slides that contain exhibits Samsung previously objected to in its submission to the Court.**

Samsung reserves its objections to PX34, 36, 40, 175, 135, 133, 174, 139, 172, 44, 57, 46 as stated in its objections to Apple's exhibit list.

DATED: July 29, 2012

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  */s/ Victoria F. Maroulis*
Charles K. Verhoeven
Victoria F. Maroulis
Kevin P.B. Johnson
Michael T. Zeller
Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC