HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
JENNIFER LEE TAYLOR (CA SBN 161368)
jtaylor@mofo.com
ALISON M. TUCHER (CA SBN 171363)
atucher@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
JASON R. BARTLETT (CA SBN 214530)
jasonbartlett@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK<br><br>**APPLE'S OBJECTIONS TO SAMSUNG'S OPENING STATEMENT DEMONSTRATIVE EXHIBITS**<br><br>**Trial:** **July 30, 2012**<br>**Time:** **9:00 a.m.**<br>**Place:** **Courtroom 8, 4th Floor**<br>**JUDGE:** **HON. LUCY H. KOH** |

Samsung's opening demonstratives are overly argumentative. With titles such as "Consumers Are Not Confused" and "Apple's FRAND and Exhaustion Defenses are Meritless" (Dkt. Nos. 29 and 136), Samsung's slides are loaded with argument. Several contain material that directly contradict rulings by:

(1) **this Court** (*see, e.g.,* Dkt. Nos. 38-40 (alleging a lack of confusion as a defense to dilution, despite this Court's clear ruling that "absence of confusion is not probative of lack of dilution" (Dkt. No. 1157 at 6)));

(2) **Judge Grewal** (*see, e.g.,* Dkt. No. 9 (offering images from the *application* for U.S. Patent No. 6,919,678, in order to evade Judge Grewal's order striking reliance on the *patent* itself (Dkt. No. 1144)); and

(3) **the Federal Circuit** (*see, e.g.,* Dkt. No. 50 (depicting only the front view of the 638 reference, despite the Federal Circuit's admonition that the "side view [be] taken into account" (678 F.3d 1324, 1326 (Fed. Cir. 2012))).

Other slides mislead, misrepresent, offer late-disclosed or stricken theories or evidence, or rely on inadmissible hearsay. Apple's specific objections to Samsung's slides appear below.

| Slide Number | Apple's Objections |
|---|---|
| 5 | No exhibits or expert testimony have been disclosed to support the assertions in this slide. |
| 6 | No exhibits or expert testimony have been disclosed to support the assertions in this slide. |
| 8 | By showing only the front view of the alleged prior art designs, this slide is misleading and prejudicial. For example, the slide compares only the front view of JP D1241638 against the D'087 patent. On appeal from this Court's preliminary injunction ruling, the Federal Circuit explained that it was improper to ignore the "arched, convex front of the '638 reference," as depicted in its side profile, in making this comparison. *Apple Inc. v. Samsung Elecs. Co.,* 678 F.3d 1314, 1326 (Fed. Cir. 2012). The depictions on this slide thus are improper. |

| Slide Number | Apple's Objections |
|---|---|
| 9 | The slide's depiction of U.S. Patent Pub. No. 2004/0041504 ("the '504 publication") is a transparent attempt to evade Judge Grewal order striking Samsung's theories concerning U.S. Patent No. 6,919,678. (Dkt. No. 1144 at 11). In his order, Judge Grewal struck the opinions of Samsung's expert, Itay Sherman, concerning the '678 patent because they had not been timely disclosed. Samsung now attempts to make an end run around this ruling by relying on the patent *application* that resulted in the stricken patent. The '504 application was neither timely disclosed during discovery nor cited in Mr. Sherman's report. |
| 10 | This slide misleadingly mixes *unreleased* Samsung phones with commercially *released* products. In doing so, it creates the misimpression that Samsung was releasing phones with allegedly iPhone-like designs as early as 2006, before the iPhone was released. Several of the depicted devices, including the Flipper, Vessel, Card3, Warp, and Framer, were not produced to Apple for inspection during discovery. |
| 11-19 | Judge Grewal has already stricken Samsung's theories that it independently developed smartphones with designs similar to the iPhone before that product was released. In particular, Judge Grewal excluded the opinions of Samsung's invalidity expert, Mr. Sherman, concerning the F700 design, its related design patents, and related development documents. (Dkt. No. 1144 at 5 ¶ 12; *see also* Dkt. No. 939 Ex. 27 at 39-40.) |
| | Unable to rely on the F700 and related materials, Samsung again tries to evade Judge Grewal's order by referring to the F700 by its internal names, such as "Bowl" and "Q Bowl." (Bartlett Decl. Ex. 1 at 15:1-16:2.) This is improper. As with Samsung's prior attempt to rely on the F700, Samsung's references to the "Vessel," "Q-Bowl," "Bowl," "Slide," and "iReen" in these slides all suffer from the same defects: They were omitted from Samsung's invalidity interrogatory responses, they were omitted from Samsung's non-infringement interrogatory responses, and they were omitted from Samsung's non-infringement expert reports. |
| 20-22 | Judge Grewal has already excluded Samsung's theories concerning the "Sony design," and Apple has already moved to enforce that order. (Dkt. No. 1420.) The contents of these slides therefore are improper. The heading, "Sony-Like" Designs Inspired the iPhone," also is argumentative. |
| | Even putting aside Judge Grewal's prior ruling, and the argumentative nature of the headings, the slides still mislead. Slide 21, for example, intentionally washes out the metallic "jog dial" on the side of the phone to bring the depicted design closer to Apple's design patents and trade dress. |
| 24 | The title, "Apple Admits Benchmarking is Not Proof of Copying," is argumentative. |

| Slide Number | Apple's Objections |
|---|---|
| 25-26 | The title, "Apple Regularly Performs Teardowns of Samsung's Phones," is argument. Samsung cannot show that Apple regularly performs teardowns of Samsung phones. |
| 29 | The title, "Consumers Are Not Confused," is argumentative. The exhibit itself, DX 628, was produced *after* the close of fact discovery, and hence cannot be admitted. Samsung never disclosed a non-infringement theory relating to this exhibit in its contention interrogatory responses or its expert reports, and thus cannot assert such a theory at trial. |
| 30 | The statements by Mr. Kerr also are inadmissible hearsay. First, they were not made within the scope of his employment under Rule 801(d)(2)(D) of the Federal Rules of Evidence. Second, as a resident of this District, he is available to testify under Rule 804. |
| 31 | The statements are hearsay for the same reasons provided for slide 30. |
| 38-40 | The quoted testimony is irrelevant. They are being offered to rebut Apple's claim for dilution of its iPhone trade dress. As the Court has already held, however, the "absence of confusion is not probative of lack of dilution." (Dkt. No. 1157 at 6.)<br><br>The statements also are hearsay for the same reasons provided for slide 30. |
| 41-42 | This Court has ruled that "the initial use of the mark by the junior user demarcates the time at which both fame and consumer use must be established." (Dkt. No. 1158 at 9.) For Apple's iPhone trade dress, that date is the release of the Galaxy S phones in the United States on July 9, 2010. For Apple's iPad trade dress, that date is the release of the Galaxy Tab 10.1 on June 11, 2011.<br><br>These slides depict products depicted after both of these dates. Those devices thus cannot be relevant to the fame and distinctiveness of Apple's trade dress. |
| 48-49 | These slides improperly quote legal authority. |
| 50 | This slide, which omits the side view of the '638 reference, is objectionable for the same reasons as slide 8. *See also Apple*, 678 F.3d at 1326. |
| 51 | These slides depict entirely new non-infringement theories. These theories were disclosed in neither Samsung's non-infringement contention interrogatory responses nor its expert reports. |
| 58 | The statements are hearsay for the same reasons provided for slide 30. |
| 60 | The slide misleadingly and confusingly suggests that Figure 1 of the D'305 patent depicts *both* a color and black and white image. (Figure 1 is a single color image.) |

| Slide Number | Apple's Objections |
|---|---|
| 63 | The statements are hearsay for the same reasons provided for slide 30. |
| 77 | The slide misleadingly suggests that the D'889 has been construed to require a portrait orientation.  But the Court's recent Order regarding Design Patent Construction said no such thing.  Samsung has never disclosed a non-infringement defense based on this theory during discovery. |
| 78 | The statements are hearsay for the same reasons provided for slide 30. |
| 86 | This video was never disclosed or produced in discovery.  Samsung did not identify "FractalZoom" in its Invalidity Contentions.  Its expert report referred only to a different Youtube video of "Mandelbrot Fractal" posted in September 2009.  Samsung's slide cites DX 655, which refers to "Tablecloth" source code and other demos, but not to "FractalZoom."  The DT system provided for inspection gave no indication of a FractalZoom demo.<br><br>Samsung argues that code to operate FractalZoom theoretically could have been found on inspection—buried in 158 GB hard drive in a path 9 directory levels deep at: MERL-drive\diamondtouch\people\forlines\Mandelbrot\src\com\ merl\forlines\fractal.   But Judge Grewal struck this contention. (Dkt. No. 1144.) |
| 92 | The statements and subtitles in video (*e.g.*, Jefferson Han's remarks about the state of third parties' research into multitouch) are inadmissible hearsay. |
| 97 | The slide misstates the application filing date for the Microsoft (Flynt) patent as September 2005, instead of June 16, 2006. |
| 107-109 | Samsung has admitted that there are 2 versions of Tablecloth.  (Dkt. No. 933 ¶ 10)  Samsung's invalidity expert relied only on the later July 17, 2006 version.  (Van Dam Report Ex. 8.)  The slides refer to and depict an alleged 2005 version, however.<br><br>Slide 108 also includes hearsay from DX 696. |
| 125, 134 | The slide violates the Court's July 19, 2012 Case Management Order (Dkt. 1267), which stated that "[d]epositions conducted after the close of discovery without the authorization of Judge Grewal or stipulation of the parties [are] not admissible."  Markus Paltian, an Intel engineer, was deposed on March 20, 2012.   Apple stated it would attend "if the [Intel] deposition were permitted" but Apple did not agree that this deposition could occur after fact discovery closed. |
| 136 | The text, "Apple's FRAND and Exhaustion Defenses are Meritless," is argumentative. |

| Slide Number | Apple's Objections |
|---|---|
| 140 | At the July 18, 2012 hearing, the Court advised Apple not to refer to the declared-essential patents that the Court has dismissed or that Samsung has dropped from the case to show a pattern of untimely disclosure to ETSI.  In view of this guidance, Samsung should not be permitted to suggest that the alleged untimely disclosure of unasserted *Apple* patents confirms Samsung's position particularly where the Apple patent has never been asserted in this or any case. |
| 144-145, 153 | In its contentions under Patent Local Rule 3-1(g), Samsung did not assert that its products practice the '460 and '893 patents and thus is barred from making that contention now.  These slides misleadingly suggest that Samsung practices those patents. |
| 159 | The statement misleadingly and argumentatively states that "[t]he Patent Office rejected invalidity arguments now made by Apple."  In fact, this is untrue; Apple also is relying on art not before the Patent Office to show that the '711 patent is invalid. |
| 162 | The re-created chart is incomplete and therefore misleading.  *E.g.,* it is missing the "Symbian" column. |
| 164 | The claim that Apple's patents are "very small features among the hundreds of important features" is argumentative, and there is no evidentiary support for the listed sampling of nine "important factors." |
| 165 | Characterizing patents as "essential" or "non-essential" outside the context of standard setting is misleading.  In the context of standard-setting, "essential" refers to whether a patent is required to practice a standard.  In this slide (and several slides that follow, as noted below), Samsung seeks to use the term "essential" to suggest such patens are—as a general matter, outside of standard-setting—more important than other patents.  "Essentiality" in standard setting has nothing to do with general importance of patens, and Samsung should not be permitted to confuse the jury by suggesting otherwise.

The heading "Samsung Seeks A Reasonable Royalty while Apple Seeks More Than Samsung's Total Profits" is argumentative.  Also, "Total Profits" is misleading because it confuses a legal term of art with the late term, and because it wrongly suggests that it refers to Samsung's total corporate profits. |
| 166 | See objection to Slide 165 regarding why the references to "essential" and "non-essential" patents are misleading.

The heading "Apple Is Overreaching" is argumentative.

The statement that "Apple has NO essential patents" is a factually untrue characterization of Apple's portfolio—Apple has many essential patents; they are simply not part of this case. |

| Slide Number | Apple's Objections |
|---|---|
| 167 | The statements are hearsay for the same reasons provided for slide 30. |
| 168 | The content of this slide is irrelevant, as the D'678 patent has not been asserted in this litigation.  Additionally, the quotation lacks citation and is hearsay. |

Dated: July 29, 2012                              MORRISON & FOERSTER LLP


                                        By:   /s/  Michael A. Jacobs
                                              Michael A. Jacobs

                                        Attorneys for Plaintiff
                                        APPLE INC.