QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO.,
LTD., SAMSUNG ELECTRONICS AMERICA,
INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**DECLARATION OF JOSEPH MILOWIC III IN SUPPORT OF SAMSUNG'S RESPONSES TO APPLE'S OBJECTIONS** |

## DECLARATION OF JOSEPH MILOWIC III

I, JOSEPH MILOWIC III, do hereby declare as follows:

1.      I am an associate with Quinn Emanuel Urquhart & Sullivan, LLP, counsel for Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung"). I submit this declaration in support of Samsung's Responses to Apple's Objections. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would competently testify to them under oath.

2.      Attached as Exhibit A is a true and correct copy of e-mail correspondence dated March 1, 2012 between counsel for Intel and counsel for Samsung identifying dates when Intel Rule 30(b)(6) witnesses would be available for deposition.

3.      Attached as Exhibit B is a true and correct copy of an email thread including correspondence dated March 1, 2012 through March 6, 2012 between counsel for Samsung and counsel for Apple discussing scheduling of Intel depositions.

4.      Attached as Exhibit C is a true and correct copy of Apple's March 6, 2012 Notice of Subpoena for Deposition to Intel Corporation.

5.      Attached as Exhibit D is a true and correct copy of an email thread including correspondence dated March 6, 2012 through March 16, 2012 between counsel for Samsung, Intel and Apple discussing scheduling of Intel depositions.

6.      During the Intel deposition, which took place at Apple's counsel's office in Brussels, Belgium, Apple's counsel participated in the deposition, questioned the witnesses, and lodged no objections at the time of the deposition. The Intel deposition took place over a series of days, March 20-23, to accommodate four witnesses knowledgeable about different aspects of the Intel chips. I attended two of the three days of deposition (March 22-23, 2012), and I reviewed the transcripts of the other witnesses.

7.      During the March 22, 2012 deposition of Ms. Maribel Gomez, Apple's counsel reiterated on the record its view that it was "entitled" to half of the deposition time to ask its own questions.

1        8.      Attached as Exhibit E is a true and correct copy of February 23, 2012 deposition

2   testimony of Mr. Greg Joswiak at 21:17-22:14, including the pages before and after the cited

3   testimony.

4

5        I declare under penalty of perjury that the forgoing is true and correct to the best of my

6   knowledge.

7        Executed this 29th day of July, 2012, in San Jose, CA.

8

9

10                                              /s/  Joseph Milocwic III
                                                JOSEPH MILOWIC III

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**General Order 45 Attestation**

I, Victoria F. Maroulis, am the EF user whose ID and password are being used to file this Declaration.  In compliance with General Order 45(X)(B), I hereby attest that Joseph Milowic III has concurred in this filing.

DATE: July 29, 2012                          */s/  Victoria Maroulis*
                                             Victoria Maroulis

EXHIBIT A

## Brian Mack

| | |
|---|---|
| **From:** | Shvodian, Daniel T.  (Perkins Coie) [DShvodian@perkinscoie.com] |
| **Sent:** | Thursday, March 01, 2012 3:39 PM |
| **To:** | Brian Mack; Todd Briggs; Mark Tung |
| **Cc:** | Kelley, Christopher L.  (Perkins Coie); Franks, Tim (Perkins Coie); Valentine, James  (Perkins Coie) |
| **Subject:** | Deposition Schedule for the ND Cal. case |

All,

We are able to make witnesses available on the following topics on the following dates:

> Friday, March 9 (Dusseldorf) - transmit gains for E-DPDCH channels ('516 patent)

> Monday, March 12 (Dusseldorf) - Rx Processing for TrCH including turbo decoder ('604 and '792)

> Wednesday, March 14 (Munich) - Alternative E-bit function ('941 patent)

> Wednesday, March 14 (Dusseldorf) - firmware relating to TrCH coding ('001, '410 and '604 patents) - Dusseldorf Thursday March 15 - hardware relating to TrCH coding ('001, '410 and '604 patents) and secondary scrambling sequence generator ('867)

> Thursday, March 15 (Dusseldorf) - hardware relating to TrCH coding ('001, '410 and '604 patents) and secondary scrambling sequence generator ('867)

We are trying to get a final confirmation regarding all of these dates, but we believe that this will be the schedule.

We have offered having individuals sign declarations authenticating that the relevant code is used in the relevant chips in lieu of a deposition.  Please let us know if this is acceptable for any of the above topics.  This may be particularly appropriate for the "Rx Processing for TrCH including turbo decoder" because the individuals that developed that code are no longer with IMC, and the witness does not have detailed knowledge of the code or its function.  Please let us know as soon as you can whether Samsung would be willing to forgo deposing a witness on any of these topics in lieu of such a declaration.  We will keep your response confidential from Apple until we have received their response.

Also, in accordance with the Protective Order, please let us know as soon as possible the Bates numbers of the code that you will need for each deposition day.

And please let us know the location and start times for the depositions.  I suggest that you coordinate directly with Apple on the logistics.

Regards,
Dan

**Daniel T. Shvodian** │ **Perkins Coie LLP**
PARTNER
3150 Porter Dr.
Palo Alto, CA 94304
PHONE: 650.838.4413
FAX: 650.838.4613
E-MAIL: dshvodian@perkinscoie.com

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with Treasury Department and IRS regulations, we inform you that, unless expressly indicated otherwise, any federal tax advice contained in this communication (including any attachments) is not intended or written by Perkins Coie LLP to be used, and cannot be used by the taxpayer, for the purpose of (i) avoiding penalties that may be imposed on the taxpayer under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein (or any attachments).

\* \* \* \* \* \* \* \* \* \*

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

# EXHIBIT B

**Ketan Patel**

---

| | |
|---|---|
| **From:** | Ketan Patel |
| **Sent:** | Sunday, July 29, 2012 2:24 AM |
| **To:** | Ketan Patel |
| **Subject:** | FW: Apple v. Samsung (NDCA) -- Intel Depositions in Germany |

---

**From:** Kolovos, Peter [mailto:Peter.Kolovos@wilmerhale.com]
**Sent:** Tuesday, March 06, 2012 10:56 AM
**To:** Todd Briggs
**Cc:** WH Apple Samsung NDCal Service; Samsung v. Apple; 'AppleMoFo'
**Subject:** RE: Apple v. Samsung (NDCA) -- Intel Depositions in Germany

Todd,

Apple is available on the indicated dates for these depositions.  Apple is issuing its own deposition subpoena to Intel, and Apple's deposition will proceed on these same dates.  We expect that Samsung and Apple will divide the allotted deposition time evenly at these depositions (3.5 hours of testimony per party), as I understand was the case for the Intel depositions in the 794 matter.

We will look into available space at Freshfields.  Have the other logistical arrangements already been made, reporters, videographers, etc.?

-- Peter

---

**From:** Todd Briggs [mailto:toddbriggs@quinnemanuel.com]
**Sent:** Tuesday, March 06, 2012 1:18 PM
**To:** Todd Briggs; Kolovos, Peter
**Cc:** WH Apple Samsung NDCal Service; Samsung v. Apple; 'AppleMoFo'
**Subject:** RE: Apple v. Samsung (NDCA) -- Intel Depositions in Germany

Peter,

Will Apple be attending these depositions?  If so, we wanted to coordinate with you on the locations.  I believe Apple arranged for the Intel depositions in the ITC action to take place at Freshfields' offices.  Shall we do that for these depositions?

Thanks, Todd

---

**From:** Todd Briggs
**Sent:** Saturday, March 03, 2012 9:01 AM
**To:** Todd Briggs; 'Kolovos, Peter'
**Cc:** 'WH Apple Samsung NDCal Service'; Samsung v. Apple; 'AppleMoFo'
**Subject:** RE: Apple v. Samsung (NDCA) -- Intel Depositions in Germany

Peter,

Intel gave us revised dates for the depositions in Germany.

Friday, March 9 (Dusseldorf) - transmit gains for E-DPDCH channels ('516 patent)

Monday, March 12 (Dusseldorf) - Rx Processing for Rel. 99 TrCH including turbo decoder ('604)

Wednesday, March 14 (Munich) - Alternative E-bit function ('941 patent)

Wednesday, March 14 (Dusseldorf) - hardware relating to TrCH coding ('001, '410 and '604 patents) and secondary scrambling sequence generator ('867)

Thursday, March 15 (Dusseldorf) - Turbo decoder for HSDPA ('792)

Samsung will be going forward with these depositions on the dates above.  Please let us know if Apple will be attending these depositions so we can coordinate logistics.

Thanks, Todd

---

**From:** Todd Briggs
**Sent:** Thursday, March 01, 2012 5:50 PM
**To:** Kolovos, Peter
**Cc:** WH Apple Samsung NDCal Service; Samsung v. Apple; 'AppleMoFo'
**Subject:** Apple v. Samsung (NDCA) -- Intel Depositions in Germany

Peter,

We have been attempting to obtain deposition dates from Intel for quite some time.   This afternoon, Intel finally provided some.

Friday, March 9 (Dusseldorf) - transmit gains for E-DPDCH channels ('516 patent)

Monday, March 12 (Dusseldorf) - Rx Processing for TrCH including turbo decoder ('604 and '792)

Wednesday, March 14 (Munich) - Alternative E-bit function ('941 patent)

Wednesday, March 14 (Dusseldorf) - firmware relating to TrCH coding ('001, '410 and '604 patents) - Dusseldorf
Thursday March 15 - hardware relating to TrCH coding ('001, '410 and '604 patents) and secondary scrambling sequence generator ('867)

Thursday, March 15 (Dusseldorf) - hardware relating to TrCH coding ('001, '410 and '604 patents) and secondary scrambling sequence generator ('867)

Please let us know if Apple plans on attending these depositions.  Also, since they will be taking place after the 3/8 cutoff, we would like to file a stipulation to take these after that date.

Thanks, Todd

Todd Briggs
Partner,
**Quinn Emanuel Urquhart & Sullivan, LLP**

555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
650-801-5020 Direct
650.801.5000 Main Office Number
650.801.5100 FAX
toddbriggs@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

# EXHIBIT C

COOLEY LLP
TIMOTHY S. TETER (171451)
(teterts@cooley.com)
BENJAMIN G. DAMSTEDT (230311)
(bdamstedt@cooley.com)
JESSE L. DYER (262741)
(jdyer@cooley.com)
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA  94306-2155
Telephone:      (650) 843-5000
Facsimile:      (650) 849-7400

Attorneys for Plaintiff / Counterclaim Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., | Case No. 11-cv-01846-LHK |
|     Plaintiff / Counterclaim Defendant, | |
| vs. | |
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, | |
|     Defendants / Counterclaim Plaintiffs | |

## NOTICE OF SUBPOENA FOR DEPOSITION

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Apple Inc. will serve the attached subpoena for a deposition in the above-referenced matter.

1

Dated: March 6, 2012

COOLEY LLP
TIMOTHY S. TETER (171451)
BENJAMIN G. DAMSTEDT (230311)
JESSE L. DYER (262741)

2

3

4

5

/s/ Jesse Dyer

Jesse Dyer

6

7

*Attorneys for Plaintiff / Counterclaim Defendant
Apple Inc.*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2.

NOTICE OF SUBPOENA

## CERTIFICATE OF SERVICE
### (FRCP 5)

I am a citizen of the United States and a resident of the State of California.  I am employed in Santa Clara County, State of California, in the office of a member of the bar of this Court, at whose direction the service was made.  I am over the age of eighteen years, and not a party to the within action.  My business address is Cooley LLP, Five Palo Alto Square, 3000 El Camino Real, Palo Alto, California 94306-2155.  On the date set forth below I served the attached document(s) described below in the manner described below:

☐ (BY U.S. MAIL) I am personally and readily familiar with the business practice of Cooley LLP for collection and processing of correspondence for mailing with the United States Postal Service, and I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States Postal Service at Palo Alto, California.

☐ (BY MESSENGER SERVICE) by consigning the document(s) to an authorized courier and/or process server for hand delivery on this date.

☐ (BY FACSIMILE) I am personally and readily familiar with the business practice of Cooley LLP for collection and processing of document(s) to be transmitted by facsimile and I caused such document(s) on this date to be transmitted by facsimile to the offices of addressee(s) at the numbers listed below.

☐ (BY OVERNIGHT MAIL) I am personally and readily familiar with the business practice of Cooley LLP for collection and processing of correspondence for overnight delivery, and I caused such document(s) described herein to be deposited for delivery to a facility regularly maintained by _____ for overnight delivery.

☒ (BY ELECTRONIC MAIL) I am personally and readily familiar with the business practice of Cooley LLP for the preparation and processing of documents in portable document format (PDF) for e-mailing, and I caused said documents to be prepared in PDF and then served by electronic mail to the parties listed below.

on the following party(ies) in this action:

*See attached service list.*

Executed on March 6, 2012, at Palo Alto, California.

_____
Jesse L. Dyer

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

1.

**SERVICE LIST**

| | |
|---|---|
| Michael A. Jacobs<br>mjacobs@mofo.com<br>Alison Margaret Tucher<br>atucher@mofo.com<br>Andrew Ellis Monach<br>amonach@mofo.com<br>Deok Keun Matthew Ahn<br>dahn@mofo.com<br>Harold J. McElhinny<br>HMcElhinny@mofo.com<br>Jason R. Bartlett<br>JasonBartlett@mofo.com<br>Jennifer Lee Taylor<br>JLeeTaylor@mofo.com<br>Richard S.J. Hung<br>rhung@mofo.com<br>Esther Kim<br>ekim@mofo.com<br>Grant L. Kim<br>gkim@mofo.com<br>Patrick J. Zhang<br>pzhang@mofo.com<br>**Morrison & Foerster LLP**<br>425 Market Street<br>San Francisco, CA 94105<br><br>*Attorneys for Plaintiff Apple Inc.* | Erik J. Olson<br>ejolson@mofo.com<br>**Morrison & Foerster LLP**<br>755 Page Mill Road<br>Palo Alto, CA 94304<br><br>*Attorneys for Plaintiff Apple Inc.* |
| Mark Daniel Selwyn<br>mark.selwyn@wilmerhale.com<br>Andrew L. Liao<br>Andrew.liao@wilmerhale.com<br>Christine E. Duh<br>Christine.duh@wilmerhale.com<br>Liv Leila Herriot<br>liv.herriot@wilmerhale.com<br>Mark D. Flanagan<br>mark.flanagan@wilmerhale.com<br>**Wilmer Cutler Pickering Hale & Dorr LLP**<br>950 Page Mill Road<br>Palo Alto, CA 94304<br><br>*Attorneys for Plaintiff Apple Inc.* | Samuel Calvin Walden<br>samuel.walden@wilmerhale.com<br>David B. Bassett<br>David.bassett@wilmerhale.com<br>Jeremy Winer<br>Jeremy.winer@wilmerhale.com<br>Robert J. Gunther, Jr.<br>Robert.gunther@wilmerhale.com<br>Victor F. Souto<br>Victor.souto@wilmerhale.com<br>**Wilmer Cutler Pickering Hale and Dorr LLP**<br>399 Park Avenue<br>New York, NY 10022<br><br>*Attorneys for Plaintiff Apple Inc.* |

| | |
|---|---|
| Ali H. Shah | Brian Larivee |
| Ali.Shah@wilmerhale.com | Brian.larivee@wilmerhale.com |
| **Wilmer Cutler Pickering Hale and Dorr** | Brian Seeve |
| **LLP** | Brian.seeve@wilmerhale.com |
| 1875 Pennsylvania Avenue NW | Emily R. Whelan |
| Washington, DC 20006 | Emily.whelan@wilmerhale.com |
| | James C. Burling |
| *Attorneys for Plaintiff Apple Inc.* | James.burling@wilmerhale.com |
| | Michael A. Diener |
| | Michael.diener@wilmerhale.com |
| | Michael Saji |
| | Michael.saji@wilmerhale.com |
| | Peter James Kolovos |
| | Peter.kolovos@wilmerhale.com |
| | Richard Goldenberg |
| | Richard.goldenberg@wilmerhale.com |
| | Robert Donald Cultice |
| | Robert.cultice@wilmerhale.com |
| | William F. Lee |
| | William.lee@wilmerhale.com |
| | **Wilmer Cutler Pickering Hall and Dorr LLP** |
| | 60 State Street |
| | Boston, MA 02109 |
| | |
| | *Attorneys for Plaintiff Apple Inc.* |
| Joshua Ryan Benson | Charles Kramer Verhoeven |
| jbenson@tcolaw.com | charlesverhoeven@quinnemanuel.com |
| Stephen McGeorge Bundy | Edward John DeFranco |
| sbundy@tcolaw.com | ddefranco@quinnemanuel.com |
| Stephen E. Taylor | **Quinn Emanuel Urquhart & Sullivan LLP** |
| staylor@tcolaw.com | 50 California Street, 22nd Floor |
| **Taylor and Company Law Offices, LLP** | San Francisco, Ca 94111 |
| One Ferry Bldg | |
| Suite No. 355 | *Attorneys for Defendants Samsung Electronics* |
| San Francisco, CA 94111 | *America, Inc., Samsung Telecommunications* |
| | *America, LLC* |
| *Attorneys for Plaintiff Apple Inc.* | |

| | |
|---|---|
| Michael Thomas Zeller<br>michaelzeller@quinnemanuel.com<br>**Quinn Emanuel**<br>865 S. Figueroa Street, 10th Floor<br>Los Angeles, CA 90017<br><br>*Attorneys for Defendant Samsung Electronics America, Inc.* | Kevin P.B. Johnson<br>kevinjohnson@quinnemanuel.com<br>Margret Mary Caruso<br>margretcaruso@quinnemanuel.com<br>Todd Michael Briggs<br>toddbriggs@quinnemanuel.com<br>Victoria F. Maroulis<br>victoriamaroulis@quinnemanuel.com<br>Rachel H. Kassabian<br>rachelkassabian@quinnemanuel.com<br>**Quinn Emanuel Urquhart & Sullivan LLP**<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, CA 94065<br><br>*Attorneys for Defendants Samsung Electronics Co. Ltd. Samsung Electronics America, Inc., Samsung Telecommunications America, LLC* |
| Huan-Yi Lin<br>hlin@steptoe.com<br>Michael Richard Heimbold<br>mheimbold@steptoe.com<br>**Steptoe Johnson LLP**<br>2121 Avenue of the Stars, Suite 2800<br>Los Angeles, CA 90067<br><br>*Attorneys for Defendants Samsung Electronics America, Inc., Samsung Telecommunications America, LLC* | John M Caracappa<br>jcaracap@steptoe.com<br>Paul A. Gennari<br>pgennari@steptoe.com<br>**Steptoe Johnson LLP**<br>1330 Connecticut Ave., NW<br>Washington, DC 20036<br><br>*Attorneys for Defendants Samsung Electronics Co. Ltd. Samsung Electronics America, Inc., Samsung Telecommunications America, LLC* |
| Thomas G. Pasternak<br>Thomas.pasternak@dlapiper.com<br>**DLA Piper US LLP**<br>115 South La Salle Street, Suite 3100<br>Chicago, IL 60603<br><br>*Attorneys for Defendants Samsung Electronics Co. Ltd. Samsung Electronics America, Inc., Samsung Telecommunications America, LLC* | |

1

Benjamin Laban Singer
bls@hsrslaw.com
James E. Hopenfeld
jeh@hsrslaw.com
**Hopenfeld Singer Rice and Saito LLP**
235 Montgomery Street, Suite 907
San Francisco, CA 94104

2

3

4

5

*Attorneys for Defendants Samsung Electronics
Co. Ltd. Samsung Electronics America, Inc.,
Samsung Telecommunications America, LLC*

6

7

8

9      1013191 v1/HN

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Northern District of California
San Jose Division

| | | |
|---|---|---|
| Apple Inc. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 11-cv-01846 (LHK) |
| | ) | |
| Samsung Electronics Co., Ltd., et al. | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  Intel Corporation, 2200 Mission College Blvd., Santa Clara, CA 95054
c/o CT Corp. System, 818 W. 7th Street, 2nd Floor, Los Angeles, CA 90017

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
 **See Attachment A**

| Place:<br>As agreed upon by the parties | Date and Time:<br>March 8, 2012<br>(or another date agreed upon by the parties) |
|---|---|

The deposition will be recorded by this method:  Stenographic and video means as well as LiveNote

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  March 6, 2012

 *CLERK OF COURT*

 OR  _____
 *Signature of Clerk or Deputy Clerk*                          *Jesse*                   *Attorney's signature*

                                              Jesse Dyer

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*  Apple Inc.
_____, who issues or requests this subpoena, are:

Jesse Dyer
Cooley, LLP
Five Palo Alto Square, 3000 El Camino Real, Palo Alto, CA  94306
(650) 843-5000; jdyer@cooley.com

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)*   _____

□ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)*  _____; or

□ I returned the subpoena unexecuted because   _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____   for travel and $ _____   for services, for a total of $  0.00

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## ATTACHMENT A

## DEFINITIONS

The following definitions are applicable herein, regardless of whether upper or lower case letters are used:

1.      "Intel," "You," or "Your" means and refers to Intel Corporation, and includes, without limitation, each of its predecessors, successors, predecessors-in-interest, successors-in-interest, subsidiaries, divisions, parents, and/or affiliates, past or present, any companies that have a controlling interest in You, and any current or former employee, officer, director, principal, agent, consultant, representative, or attorney thereof, or anyone acting on their behalf.

2.      "Apple" means and refers to plaintiff and counterclaim defendant Apple Inc. and its subsidiary entities, divisions, predecessors, successors, present and former officers, directors, employees, representatives, agents, and anyone acting on its behalf.

3.      "Samsung" collectively means and refers to defendants and counterclaim plaintiffs Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC and includes, without limitation, each of its predecessors, successors, predecessors-in-interest, successors-in-interest, subsidiaries, divisions, parents, and/or affiliates, past or present, any companies that have a controlling interest in Samsung, and any current or former employee, officer, director, principal, agent, consultant, representative, or attorney thereof, or anyone acting on their behalf.

4.      "This Litigation" means the above-referenced action, 11-cv-01846 (LHK), in the United States District Court for the Northern District of California.

5.      "Entity" means any corporate entity or any person.

6.      "Software" shall include source code, hardware code, machine code, object code,

- 1 -

assembly code, or code written in any programming language, and code that can be compiled or acted upon by a processor, any listings or printouts thereof, and any release notes describing the features or modifications of such code. With regard to Software, "Related Documentation" further includes the architecture designs, logic diagrams, flow diagrams, technical descriptions and flowcharts associated with, or used in the design of, such Software, and all descriptive or explanatory documentary documents relating to it.

7.      "Hardware" includes all constituent parts of a device including, but not limited to, assemblies, subassemblies, modules, individual integrated circuits, chipset, chipsets, software, hardware-based capabilities, and/or application specific integrated circuits.

8.      "Baseband chips" refers to the PMB 8878 or PMB 9801 chips.

9.      "RLC" means radio link control.

10.     "Communication(s)" means the transmittal of information in the form of facts, ideas, inquiries, and any exchange or transfer of information whether written, oral, electronic, or in any form.

11.     "Document(s)" has the broadest possible meaning permitted by Federal Rules of Civil Procedure Rules 26 and 34 and the relevant case law, and the broadest meaning consistent with the terms "writings" or "recordings" as set forth in Rule 1001 of the Federal Rules of Evidence, and specifically and without limitation include tangible things and electronically stored information, including e-mail and information stored on computer disk or other electronic, magnetic, or optical data storage medium.  "Document(s)" also includes all drafts or non-final versions, alterations, modifications, and amendments to any of the foregoing.

12.     "Identify" means (1) when referring to a person, the person's full name, present or last known address and telephone number, and the last known title and place of employment;

(2) when referring to non-patent documents, the production number or type of document, its general nature and subject matter, date of creation, and all author(s), addresses(s), and recipient(s); (3) when referring to patent documents, the country, patent and/or application number, dates of filing, publications, and grant, and the names of patentees or applicants; (4) when referring to a source or thing, sufficient information to identify the location, ownership, and nature of such source or thing; (5) when referring to a communication, means to state its date and place, the person(s) who participated in it or who were present during any part of it or who have knowledge about it; (6) when referring to a date, means to state the date and set forth the basis for Your contention that the date is responsive to the request; and (7) when referring to a product, service, or intellectual property, means to state all names and numbers related to the product, service, or intellectual property, and the owner, manufacturer, distributor, licensor, or dealer of the product, service, or intellectual property during the relevant time period and currently. For a product, provide all designations for the product, from the most specific to the most general, including any model numbers or designations, version numbers or designations, and internal numbers or designations.

13. "Person(s)" refers to any individual, corporation, proprietorship, association, joint venture, company, partnership or other business or legal entity, including governmental bodies and agencies. The masculine includes the feminine and vice versa; the singular includes the plural and vice versa.

14. "Thing" refers to any physical specimen or tangible item in Your possession, custody or control, including research and development samples, prototypes, productions samples and the like.

15. The terms "relating" or "concerning" or "regarding" means regarding, referring

to, concerning, mentioning, reflecting, pertaining to, analyzing, evidencing, stating, involving, identifying, describing, discussing, documenting, commenting on, dealing with, embodying, responding to, supporting, contradicting, comprising, containing, or constituting (in whole or in part), as the context makes appropriate.

16.     The words "and" and "or" are to be construed conjunctively or disjunctively to acquire the broadest meaning possible, so as to bring within the scope of the subpoena all information that might otherwise be construed to be outside its scope.

17.     The term "all" is to be construed to mean "any" and "each" and "every" and vice versa.

18.     The use of the singular form of any word includes the plural and vice versa.

19.     The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

## DEPOSITION TOPICS

1.      The design, development, function, operation, certification, and testing of the hardware and software of Your baseband chips relating to uplink power control, including calculations relating to gain factors (betas).

2.      The design, development, function, operation, certification, and testing of the hardware and software of Your baseband chips relating to the segmentation and reassembly of RLC data packets in unacknowledged mode (UM), including how headers are provided in a transmitting device and how headers are interpreted in a receiving device.

3.      The schematics, design, development, function, operation, certification, and testing of the hardware and software of Your baseband chips relating to any concatenation of transport blocks, or other blocks in a transmission encoding chain, and relating to any segmentation of concatenated bit streams or bit sequences into code blocks that are encoded by a turbo coder, and segmentation of code blocks into transport blocks.

4.      The design, development, function, operation, certification, and testing of the hardware and software of Your baseband chips relating to the turbo encoder, the turbo decoder, and all inputs to and outputs from the turbo encoder and decoder.

5.      The schematics, design, development, function, operation, certification, and testing of the hardware and software of Your baseband chips relating to channel interleaving, radio frame segmentation, and rate matching, including rate matching after channel interleaving, and relating to all inputs to any rate matching step or process.

6.      The design, development, function, operation, certification, and testing of the hardware and software of Your baseband chips relating to interleaving and deinterleaving, including the protection of any particular bits during interleaving or deinterleaving, wherein the

bits may be either systematic or priority bits.

7.      The schematics, design, development, function, operation, certification, and testing of the hardware and software of Your baseband chips relating to outputting and organization of scrambling codes, including primary and secondary scrambling codes, and including any and all steps taken during outputting the codes. This topic includes, but is not limited to, any particular algorithms and techniques used for outputting, such as masking, addition and/or bit-shifting.  This topic also includes, but is not limited to, showing the order of primary and secondary scrambling codes as outputted, stored or otherwise used by Your baseband chips.

8.      The design, development, function, operation, certification, and testing of the hardware and software of Your baseband chips relating to how a MAC layer data is coded and modulated for transmission, including code block segmentation, channel coding, radio frame equalization, interleaving, radio frame segmentation, rate matching, multiplexing, physical channel segmentation, interleaving following any physical channel segmentation, and physical channel mapping.

9.      The  schematics, design, development, function, operation, certification, and testing of the hardware and software of Your baseband chips relating to coding for HS-DSCH and relating to in particular interleaving and deinterleaving for the HS-DSCH.

10.     The design, development, function, operation, certification, and testing of the hardware and software of Your baseband chips relating to whether the baseband chip includes two or more distinct interleavers for separately interleaving the systematic bits and the parity bits prior to modulation or two or more deinterleavers for separately deinterleaving systematic bits and parity bits after demodulation.

11.     The schematics, design, development, function, operation, certification, and testing of relevant sections of the hardware and software of Your baseband chips and transceiver chips relating to coding and modulation of MAC data, including transport block concatenation, code block segmentation, channel coding, physical channel segmentation, rate matching, multiplexing, physical channel segmentation, physical channel mapping, application of spreading codes, application of gain factors, and summing of modulated channels.

12.     The identity and location of all persons, documents, and things consulted, reviewed, communicated with or relied on in preparation for testifying about each of the topics above, including, on a topic-by-topic basis, an identification by production number or range of each document or thing associated with each topic and, for each person, his or her name, location, title, and responsibilities.

# EXHIBIT D

**Ketan Patel**

---

| | |
|---|---|
| **From:** | Ketan Patel |
| **Sent:** | Sunday, July 29, 2012 2:35 AM |
| **To:** | Ketan Patel |
| **Subject:** | FW: Subpoenas of Intel |

---

**From:** Kolovos, Peter [mailto:Peter.Kolovos@wilmerhale.com]
**Sent:** Friday, March 16, 2012 12:41 PM
**To:** Brian Mack; Shvodian, Daniel T. (Perkins Coie); Todd Briggs; Selwyn, Mark; Franks, Tim (Perkins Coie); CKelley@perkinscoie.com; Valentine, James (Perkins Coie)
**Cc:** Robert Becher; Eric Huang; Stephen Swedlow; Lantier, Gregory; 'rhaslam@cov.com'; 'Taub, Winslow'; David Elihu; Kolovos, Peter
**Subject:** RE: Subpoenas of Intel

Brian,

We have conference rooms available, so we can use our Brussels office for these depositions.

WilmerHale
Bastion Tower
Place du Champ de Mars/Marsveldplein 5
BE 1050 Brussels, Belgium
+32 2 285 49 00 (t)
+32 2 285 49 49 (f)
Reception -- 19th floor

-- Peter

---

**From:** Brian Mack [mailto:brianmack@quinnemanuel.com]
**Sent:** Friday, March 16, 2012 1:56 PM
**To:** Kolovos, Peter; Shvodian, Daniel T. (Perkins Coie); Todd Briggs; Selwyn, Mark; Franks, Tim (Perkins Coie); CKelley@perkinscoie.com; Valentine, James (Perkins Coie)
**Cc:** Robert Becher; erichuang@quinnemanuel.com; Stephen Swedlow; Lantier, Gregory; 'rhaslam@cov.com'; 'Taub, Winslow'; David Elihu
**Subject:** RE: Subpoenas of Intel

Peter,

You Brussels office would be best.  We are in the process of arranging the court reporter, videographer, and translator for all three days.

Brian

**Brian E. Mack** | quinn emanuel trial lawyers | 415-875-6423 Direct | brianmack@quinnemanuel.com

---

**From:** Kolovos, Peter [mailto:Peter.Kolovos@wilmerhale.com]
**Sent:** Friday, March 16, 2012 9:56 AM
**To:** Shvodian, Daniel T. (Perkins Coie); Todd Briggs; Selwyn, Mark; Franks, Tim (Perkins Coie); CKelley@perkinscoie.com; Valentine, James (Perkins Coie)
**Cc:** Brian Mack; Robert Becher; Eric Huang; Stephen Swedlow; Lantier, Gregory; 'rhaslam@cov.com'; 'Taub, Winslow';

David Elihu
**Subject:** RE: Subpoenas of Intel

Todd and Dan,

We can reserve conference rooms in our Brussels office for these depositions, unless you already have reserved other space.  Just let me know.

In addition, as noted in my March 6 email, given that both parties have issued deposition subpoenas to Intel, please confirm that the parties will divide the allotted deposition time at these depositions evenly, as I understand was the case for the Intel depositions in the 794 matter.

-- Peter

---

**From:** Shvodian, Daniel T. (Perkins Coie) [mailto:DShvodian@perkinscoie.com]
**Sent:** Friday, March 16, 2012 12:51 PM
**To:** Todd Briggs; Selwyn, Mark; Franks, Tim (Perkins Coie); CKelley@perkinscoie.com; Valentine, James (Perkins Coie)
**Cc:** Brian Mack; Robert Becher; erichuang@quinnemanuel.com; Stephen Swedlow; Lantier, Gregory; 'rhaslam@cov.com'; 'Taub, Winslow'; David Elihu; Kolovos, Peter
**Subject:** RE: Subpoenas of Intel

You are correct, but not as obvious as you might think.  For one witness, her first language is Spanish.  But I'll let Chris and/or Jim advise on the need for an interpreter for the other witnesses.

For the witness Tuesday morning, re power scaling, he needs a German interpreter.  For the witness Tuesday afternoon re Alt E-bit, it would probably make sense to have a German interpreter there as well.

---

**From:** Todd Briggs [mailto:toddbriggs@quinnemanuel.com]
**Sent:** Friday, March 16, 2012 9:43 AM
**To:** Shvodian, Daniel T. (Perkins Coie); Selwyn, Mark; Franks, Tim (Perkins Coie); Kelley, Christopher L. (Perkins Coie); Valentine, James (Perkins Coie)
**Cc:** Brian Mack; Robert Becher; Eric Huang; Stephen Swedlow; Lantier, Gregory; 'rhaslam@cov.com'; 'Taub, Winslow'; David Elihu; Kolovos, Peter
**Subject:** RE: Subpoenas of Intel

Dan,

We are working on the location and will get that information to you as soon as we have it.

I think this is obvious, but the witness on Tuesday speaks German, right?

Do you know if any of the other witnesses will need an interpreter?

Thanks, Todd

---

**From:** Shvodian, Daniel T. (Perkins Coie) [mailto:DShvodian@perkinscoie.com]
**Sent:** Friday, March 16, 2012 9:39 AM
**To:** Selwyn, Mark; Todd Briggs; Franks, Tim (Perkins Coie); Kelley, Christopher L. (Perkins Coie); Valentine, James (Perkins Coie)
**Cc:** Brian Mack; Robert Becher; Eric Huang; Stephen Swedlow; Lantier, Gregory; 'rhaslam@cov.com'; 'Taub, Winslow'; David Elihu; Kolovos, Peter
**Subject:** RE: Subpoenas of Intel

Please let us know where are the depositions going to be held in Brussels?

Also, the witness who will be deposed Tuesday morning will need an interpreter.  The deposition can be conducted in English, but he sometimes struggles with some words and might need them interpreted.

Dan

---

**From:** Selwyn, Mark [mailto:Mark.Selwyn@wilmerhale.com]
**Sent:** Thursday, March 15, 2012 8:50 PM
**To:** 'Todd Briggs'; Shvodian, Daniel T. (Perkins Coie); Franks, Tim (Perkins Coie); Kelley, Christopher L. (Perkins Coie); Valentine, James (Perkins Coie)
**Cc:** Brian Mack; Robert Becher; erichuang@quinnemanuel.com; Stephen Swedlow; Lantier, Gregory; 'rhaslam@cov.com'; 'Taub, Winslow'; David Elihu; Kolovos, Peter
**Subject:** RE: Subpoenas of Intel

We are available to proceed next week if the depositions are permitted.  Please note that Apple does not agree that Samsung may supplement its expert reports following these depositions whether they take place next week or during the week of April 23.

Mark

---

**From:** Todd Briggs [mailto:toddbriggs@quinnemanuel.com]
**Sent:** Thursday, March 15, 2012 8:06 PM
**To:** Shvodian, Daniel T. (Perkins Coie); Franks, Tim (Perkins Coie); CKelley@perkinscoie.com; Valentine, James (Perkins Coie)
**Cc:** Brian Mack; Robert Becher; erichuang@quinnemanuel.com; Stephen Swedlow; Selwyn, Mark; Lantier, Gregory; 'rhaslam@cov.com'; 'Taub, Winslow'; David Elihu; Kolovos, Peter
**Subject:** RE: Subpoenas of Intel

Dan,

Since we have not heard back from Apple yet and you need an answer tonight, the depositions will be going forward next week.

Thanks, Todd

---

**From:** Shvodian, Daniel T. (Perkins Coie) [mailto:DShvodian@perkinscoie.com]
**Sent:** Thursday, March 15, 2012 5:34 PM
**To:** Todd Briggs; Franks, Tim (Perkins Coie); Kelley, Christopher L. (Perkins Coie); Valentine, James (Perkins Coie)
**Cc:** Brian Mack; Robert Becher; Eric Huang; Stephen Swedlow; 'Selwyn, Mark'; 'gregory.lantier@wilmerhale.com'; 'rhaslam@cov.com'; 'Taub, Winslow'; David Elihu; peter.kolovos@wilmerhale.com
**Subject:** RE: Subpoenas of Intel

All,

If the first two depositions will be going forward next Tuesday (one in the morning, one in the afternoon), I need to know by tomorrow (3/16) at noon what source code printouts the two parties would like to use at each of those depositions re the power scaling and Atl E-bit.  Please specify the code by Bates ranges.

We will also need the source Bates ranges for the other depositions that are proposed for later in the week.

And we are still awaiting word whether the depositions will be going forward next week.  We need to know tonight so that we can inform the witnesses before the close of the work week in Germany.

Thanks,

Dan

**From:** Todd Briggs [mailto:toddbriggs@quinnemanuel.com]
**Sent:** Thursday, March 15, 2012 2:40 PM
**To:** Shvodian, Daniel T. (Perkins Coie); Franks, Tim (Perkins Coie); Kelley, Christopher L. (Perkins Coie); Valentine, James (Perkins Coie)
**Cc:** Brian Mack; Robert Becher; Eric Huang; Stephen Swedlow; 'Selwyn, Mark'; 'gregory.lantier@wilmerhale.com'; 'rhaslam@cov.com'; 'Taub, Winslow'; David Elihu; peter.kolovos@wilmerhale.com
**Subject:** RE: Subpoenas of Intel

Dan,

Thank you for the dates.

We need an answer from Apple to know whether these are going forward next week or April 23rd.  I believe Peter Kolovos (copied on this email) will be letting us know Apple's position on this.

Thanks, Todd

**From:** Shvodian, Daniel T. (Perkins Coie) [mailto:DShvodian@perkinscoie.com]
**Sent:** Thursday, March 15, 2012 2:24 PM
**To:** Todd Briggs; Franks, Tim (Perkins Coie); Kelley, Christopher L. (Perkins Coie); Valentine, James (Perkins Coie)
**Cc:** Brian Mack; Robert Becher; Eric Huang; Stephen Swedlow; 'Selwyn, Mark'; 'gregory.lantier@wilmerhale.com'; 'rhaslam@cov.com'; 'Taub, Winslow'; David Elihu
**Subject:** RE: Subpoenas of Intel

Todd,

When can Samsung and Apple let us know if these will be going forward next week or the week of April 23rd?

As for next week, we can offer the following dates (though we will need to make a final confirmation):
'516 patent (power scaling) - Tues. (3/20) morning, 8:00 start
'941 patent (alternative E-bit) - Tues. (3/20) afternoon, 1:00 p.m. start
'867, '001, '410, and '604 patents (multiple topics) - Thursday
'792 patent (turbo decoder hardware for HSDPA) - Friday

We may need to also schedule one or two additional witnesses to the extent needed to fully cover the topics.

Regards,
Dan

**From:** Todd Briggs [mailto:toddbriggs@quinnemanuel.com]
**Sent:** Thursday, March 15, 2012 1:18 PM
**To:** Franks, Tim (Perkins Coie); Kelley, Christopher L. (Perkins Coie); Valentine, James (Perkins Coie)
**Cc:** Brian Mack; Robert Becher; Eric Huang; Stephen Swedlow; 'Selwyn, Mark'; 'gregory.lantier@wilmerhale.com'; 'rhaslam@cov.com'; 'Taub, Winslow'; David Elihu; Shvodian, Daniel T. (Perkins Coie)
**Subject:** RE: Subpoenas of Intel

Chris,

I am following up on the voicemail I left for you.  Brussels is acceptable to Samsung.  We would prefer to take the depositions on the week of April 23rd, but need Apple to agree to allow the parties to supplement their expert reports following those depositions.  If Apple will not agree, then Samsung will proceed with the depositions next week.  Will you please let us know the dates the witnesses are available next week?

Thanks, Todd

---

**From:** Franks, Tim (Perkins Coie) [mailto:TFranks@perkinscoie.com]
**Sent:** Wednesday, March 14, 2012 5:57 PM
**To:** Todd Briggs; Kelley, Christopher L. (Perkins Coie); Valentine, James (Perkins Coie)
**Cc:** Brian Mack; Robert Becher; Eric Huang; Stephen Swedlow; 'Selwyn, Mark'; 'gregory.lantier@wilmerhale.com'; 'rhaslam@cov.com'; 'Taub, Winslow'; David Elihu; Shvodian, Daniel T. (Perkins Coie)
**Subject:** RE: Subpoenas of Intel

Todd:

1. Brussels will be much more convenient for the witnesses than London (and I'm assuming it doesn't matter to the parties), so we'd prefer to hold the depositions there.

2. Scheduling is very difficult.  Fortuitously, it appears at this poin that all of the witnesses can be available next week. If that doesn't work for Samsung and Apple, the next potentially available week would not be until April 23. We'll need to know mid-day tomorrow whether next week works for both sides.

3. I am going to be on the road starting tomorrow for the next few weeks. So everyone should deal directly with Chris going forward on scheduling, logistics,. etc.

Tim

---

**From:** Todd Briggs [mailto:toddbriggs@quinnemanuel.com]
**Sent:** Wednesday, March 14, 2012 12:09 PM
**To:** Franks, Tim (Perkins Coie); Kelley, Christopher L. (Perkins Coie); Valentine, James (Perkins Coie)
**Cc:** Brian Mack; Robert Becher; Eric Huang; Stephen Swedlow; 'Selwyn, Mark'; 'gregory.lantier@wilmerhale.com'; 'rhaslam@cov.com'; 'Taub, Winslow'; David Elihu
**Subject:** RE: Subpoenas of Intel

Tim,

Samsung is agreeable to taking the depositions in London, England.  Also, we are still checking with Samsung about reimbursement for reasonable travel expenses, but I do not foresee any issues with that request.  Are you free to discuss London as a potential location and potential deposition dates today?  If so, please let me know when you are free.

Thanks, Todd

---

**From:** Franks, Tim (Perkins Coie) [mailto:TFranks@perkinscoie.com]
**Sent:** Tuesday, March 13, 2012 2:46 PM
**To:** Todd Briggs; Kelley, Christopher L. (Perkins Coie); Valentine, James (Perkins Coie)
**Cc:** Brian Mack; Robert Becher; Eric Huang; Stephen Swedlow; 'Selwyn, Mark'; 'gregory.lantier@wilmerhale.com'; 'rhaslam@cov.com'; 'Taub, Winslow'; David Elihu
**Subject:** RE: Subpoenas of Intel

Todd:

Please see attached the letter.

Tim

---

**From:** Franks, Tim (Perkins Coie)
**Sent:** Monday, March 12, 2012 4:16 PM
**To:** 'Todd Briggs'; Kelley, Christopher L. (Perkins Coie); Valentine, James (Perkins Coie)
**Cc:** Brian Mack; Robert Becher; Eric Huang; Stephen Swedlow; 'Selwyn, Mark'; 'gregory.lantier@wilmerhale.com'; 'rhaslam@cov.com'; 'Taub, Winslow'; David Elihu
**Subject:** RE: Subpoenas of Intel

Todd:

Thanks for your letter.  I will respond tomorrow.

Tim

---

**From:** Todd Briggs [mailto:toddbriggs@quinnemanuel.com]
**Sent:** Friday, March 09, 2012 6:59 PM
**To:** Franks, Tim (Perkins Coie); Kelley, Christopher L. (Perkins Coie); Valentine, James (Perkins Coie)
**Cc:** Brian Mack; Robert Becher; Eric Huang; Stephen Swedlow; 'Selwyn, Mark'; 'gregory.lantier@wilmerhale.com'; 'rhaslam@cov.com'; 'Taub, Winslow'; David Elihu
**Subject:** RE: Subpoenas of Intel

Tim:

Please see attached letter.

Todd

---

**From:** Franks, Tim (Perkins Coie) [mailto:TFranks@perkinscoie.com]
**Sent:** Tuesday, March 06, 2012 8:47 PM
**To:** Todd Briggs; Kelley, Christopher L. (Perkins Coie); Valentine, James (Perkins Coie)
**Cc:** Brian Mack; Robert Becher; Eric Huang; Stephen Swedlow; Selwyn, Mark; gregory.lantier@wilmerhale.com; rhaslam@cov.com; Taub, Winslow; David Elihu
**Subject:** RE: Subpoenas of Intel

Todd:

Please see the attached letter.

Tim

---

**From:** Todd Briggs [mailto:toddbriggs@quinnemanuel.com]
**Sent:** Tuesday, March 06, 2012 4:53 PM
**To:** Franks, Tim (Perkins Coie); Kelley, Christopher L. (Perkins Coie); Valentine, James (Perkins Coie)
**Cc:** Brian Mack; Robert Becher; Eric Huang; Stephen Swedlow; Selwyn, Mark; gregory.lantier@wilmerhale.com
**Subject:** RE: Subpoenas of Intel

Dear Tim,

I received the letter you sent earlier this afternoon regarding the Intel depositions taking place in Germany.

The circumstances surrounding the depositions of Intel in the Motorola action are different than those in the Samsung actions.  In the Samsung actions, the parties agreed to proceed with the depositions in Germany

whereas in the Motorola action there is no such agreement between the parties. Given the parties' agreement in the Samsung actions to proceed with the depositions in Germany, we see no basis for Intel's suspension of the depositions currently scheduled for March 9, 12, 14 and 15. We are traveling to Germany tomorrow morning and plan to proceed with these depositions starting on March 9 pursuant to the parties agreement.

Best Regards, Todd


Todd Briggs
Partner,
**Quinn Emanuel Urquhart & Sullivan, LLP**

555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
650-801-5020 Direct
650.801.5000 Main Office Number
650.801.5100 FAX
toddbriggs@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.


**From:** Leach, Kaye (Perkins Coie) [mailto:KLeach@perkinscoie.com]
**Sent:** Tuesday, March 06, 2012 1:33 PM
**To:** Brian Mack; Robert Becher; Eric Huang; Stephen Swedlow; David Elihu; rhaslam@cov.com; wtaub@cov.com; mark.selwyn@wilmerhale.com; gregory.lantier@wilmerhale.com
**Subject:** Subpoenas of Intel

Attached is a letter from Timothy J. Franks

**Kaye Leach** | **Perkins Coie** LLP
LEGAL SECRETARY
2901 N. Central Avenue
Suite 2000
Phoenix, AZ 85012-2788
PHONE: 602.351.8022
FAX: 602.648.7000
E-MAIL: KLeach@perkinscoie.com


IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with Treasury Department and IRS regulations, we inform you that, unless expressly indicated otherwise, any federal tax advice contained in this communication (including any attachments) is not intended or written by Perkins Coie LLP to be used, and cannot be used by the taxpayer, for the purpose of (i) avoiding penalties that may be imposed on the taxpayer under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein (or any attachments).

* * * * * * * * * *

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

# EXHIBIT E

CONFIDENTIAL BUSINESS INFORMATION

1          UNITED STATES INTERNATIONAL TRADE COMMISSION

2                      WASHINGTON, D.C.

3     In the Matter of              )

4                                   )

5     CERTAIN ELECTRONIC DEVICES,   ) NO. 337-TA-794

6     INCLUDING WIRELESS            )

7     COMMUNICATION DEVICES,        )

8     PORTABLE MUSIC AND DATA       )

9     PROCESSING DEVICES AND        )

10    TABLET COMPUTERS              )

11    ---------------------------

12

13

14                        ***

15          CONFIDENTIAL BUSINESS INFORMATION

16                        ***

17

18       VIDEOTAPED DEPOSITION OF GREG JOSWIAK

19             PALO ALTO, CALIFORNIA

20          THURSDAY, FEBRUARY 23, 2012

21

22

23    Reported By:

24    Yvonne Fennelly, CCRR, CSR No. 5495

25    JOB NO. 46686

CONFIDENTIAL BUSINESS INFORMATION

Page 8

1          My name is Frank Clare.  I am the

2   legal video specialist from TSG Reporting,

3   Incorporated, headquartered at 747 Third Avenue,

4   New York, New York.

5          The court reporter is Yvonne Fennelly     09:40AM

6   in association with TSG Reporting.

7          Will counsel please introduce

8   yourselves.

9          MS. MAROULIS:  Victoria Maroulis with

10  Quinn Emanuel, counsel for Samsung.           09:40AM

11          MR. JACOBS:  Michael Jacobs, Morrison

12  Foerster for Apple.

13          MR. SELWYN:  Mark Selwyn from Wilmer

14  Hale on behalf of Apple.

15          MS. WHEELER:  Cyndi Wheeler from        09:40AM

16  Apple.

17          MS. KRIPKE:  Julia Kripke, Morrison

18  Foerster on behalf of Apple.

19          THE VIDEOGRAPHER:  Thank you.

20          The court reporter will now swear in    09:40AM

21  the witness.

22              GREG JOSWIAK,

23     having been first duly sworn was

24     examined and testified as follows:

25              EXAMINATION                        09:40AM

CONFIDENTIAL BUSINESS INFORMATION

Page 19

1       the Nokia and the HTC.  But, again, I'm going

2       off of memory from a couple years ago.

3            Q.   Do you recall what the subjects were

4       of the declarations you submitted in the Nokia

5       litigation?                                      09:51AM

6            A.   Not the specifics, no.

7            Q.   How many declarations have you

8       submitted?

9                 MR. JACOBS:  In total or in those

10      cases?                                           09:52AM

11                MS. MAROULIS:  In the Nokia case.

12                THE WITNESS:  I don't recall.

13      BY MS. MAROULIS:

14           Q.   It was more than one?

15           A.   I don't recall.                        09:52AM

16           Q.   Do you recall how many declarations

17      you submitted in the ITC case?

18           A.   I do not.  I don't even remember

19      when, for sure, that I did, but I believe I did.

20           Q.   Did you submit any declarations in    09:52AM

21      the Mirror Worlds' case?

22           A.   I don't recall.

23           Q.   Did you submit any declarations in

24      the iPod Nano class action?

25           A.   That was even longer ago, so I        09:52AM

CONFIDENTIAL BUSINESS INFORMATION

Page 20

1    apologize, I don't recall.

2        Q.    Have you ever testified as an expert

3    witness in any case?

4        A.    I have not.

5        Q.    Have you ever testified in any          09:52AM

6    congressional hearings?

7        A.    I testified in front of the U.S.

8    Copyright Office, I believe, was the body in

9    regards to the DMCA and the effects of

10   jailbreaking on our products and our customers.    09:53AM

11       Q.    Any other testimony before either the

12   congress or other political bodies?

13       A.    No, I don't believe so.

14       Q.    Mr. Joswiak, do you understand that

15   you are testifying today both in the personal      09:53AM

16   capacity and as a corporate designee of Apple in

17   several litigations?

18       A.    I understand that I am here in both

19   personal and corporate capacity.

20       Q.    So when I ask you questions in your      09:53AM

21   corporate capacity, I'm asking for more than

22   just your personal recollection or knowledge,

23   I'm asking for knowledge of Apple as a company.

24            Do you understand that?

25       A.    I understand that.                       09:53AM

CONFIDENTIAL BUSINESS INFORMATION

Page 21

1      Q.    And conversely, when your counsel

2   objects to some questions beyond the scope, if

3   you know the answer in your personal capacity,

4   you still need to respond; is that clear?

5      A.    That is now clear.                    09:54AM

6      Q.    If you please turn to the four

7   exhibits I've placed in front of you.

8            Have you seen Exhibit 1?

9            I will represent to you that the

10  Exhibit 1 I placed in front of you is           09:54AM

11  Complainant's First Notice of Deposition of

12  Apple in the 794 investigation in the ITC.

13           Please take a moment to review, and

14  let me know if you've seen these documents

15  before.                                         09:54AM

16     A.    Yes, I believe I have.

17     Q.    Is it correct, sir, that you've been

18  designated as a corporate representative on

19  Topics 1, 6, 8, 12 through 16, 52, and 61?

20     A.    I'm going to have to ask you to ask     09:55AM

21  those again.

22     Q.    And if your counsel wishes to confirm

23  for you on the record, that might be easier for

24  you.

25           MR. JACOBS:  Yeah, I need the list      09:55AM

CONFIDENTIAL BUSINESS INFORMATION

Page 22

1    one more time, too, as well, if you don't mind.

2              MS. MAROULIS:  Yes.

3              It is our understanding that the

4    witness had been designated on Topics 1, 6, 8,

5    12 through 16, 52, and 61.                      09:55AM

6              MR. SELWYN:  That is confirmed

7    subject, of course, to Apple's objections.

8              THE WITNESS:  1, 6, 8, what was the

9    others?

10   BY MS. MAROULIS:                                09:55AM

11        Q.    12 through 16, 52, and 61.

12        A.    And the last two, I'm sorry?

13        Q.    52 and 61.

14        A.    I believe that's correct.

15        Q.    Please turn to page 6, which lists   09:56AM

16   Topic 1.

17             How did you prepare to testify today

18   as Apple's corporate representative on the

19   subject of Apple's organizational structure and

20   personnel?                                      09:56AM

21        A.    I met with counsel Tuesday to appear

22   for my appearance here today.

23        Q.    How long did you meet with counsel?

24        A.    Approximately six hours on Tuesday.

25        Q.    Who was present during that meeting?  09:57AM

CONFIDENTIAL BUSINESS INFORMATION

1          A.     Three of the people who are in the

2     room, Michael Jacobs, Mark Selwyn, and Cyndi

3     Wheeler.

4          Q.     Anybody else?

5          A.     I believe not.                              09:57AM

6          Q.     Did you have any additional meetings

7     after the Tuesday meeting to prepare for this

8     deposition?

9          A.     We met here this morning prior to

10    coming into the room.                                   09:57AM

11         Q.     How long did you meet this morning?

12         A.     Approximately a half-hour.  We were

13    here early.

14         Q.     And did you speak with anyone at

15    Apple in preparation for testifying as Apple's          09:57AM

16    corporate designee on Topic 1?

17         A.     No.

18         Q.     During your meeting with counsel, did

19    you review any documents?

20              MR. JACOBS:  You can answer that yes          09:58AM

21    or no.

22              THE WITNESS:  Yes.

23    BY MS. MAROULIS:

24         Q.     Which documents did you look at in

25    preparation for testifying on Topic 1?                  09:58AM

CONFIDENTIAL BUSINESS INFORMATION

Page 24

1          MR. JACOBS:  You can answer that to

2     the extent the documents refreshed your

3     recollection on this particular topic.

4          THE WITNESS:  I don't recall any

5     specific documents related to seeing our          09:58AM

6     organizational structures.  That's something I

7     believe I was comfortable in, my knowledge.

8     BY MS. MAROULIS:

9          Q.    So is it correct that for Topic 1,

10    you're relying on your knowledge from your work?  09:58AM

11         A.    That's correct.

12         Q.    And you did not review any additional

13    documents to prepare for that topic?

14         MR. JACOBS:  Again, same instruction.

15         MS. MAROULIS:  Now, Counsel, are you       09:58AM

16    taking the position that if he was educated

17    through documents for 30(b)(6) topics, we're not

18    entitled to know that?

19         MR. JACOBS:  I would subsume

20    education through documents as refreshing        09:59AM

21    recollection in this particular case.  As the

22    witness has testified, he knows Apple's

23    organizational structure.

24          So, no, I'm not taking that position.

25         THE WITNESS:  But, again, I felt          09:59AM