1
HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
2
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
3
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
4
JENNIFER LEE TAYLOR (CA SBN 161368)
jtaylor@mofo.com
5
ALISON M. TUCHER (CA SBN 171363)
atucher@mofo.com
6
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
7
JASON R. BARTLETT (CA SBN 214530)
jasonbartlett@mofo.com
8
MORRISON & FOERSTER LLP
425 Market Street
9
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
10
Facsimile:  (415) 268-7522

11
Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC

12

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

13

UNITED STATES DISTRICT COURT

14

NORTHERN DISTRICT OF CALIFORNIA

15

SAN JOSE DIVISION

16

17
APPLE INC., a California corporation,

18
                    Plaintiff,

19
        v.

20
SAMSUNG ELECTRONICS CO., LTD., a
Korean business entity; SAMSUNG
21
ELECTRONICS AMERICA, INC., a New York
corporation; SAMSUNG
22
TELECOMMUNICATIONS AMERICA, LLC, a
Delaware limited liability company,
23
                    Defendants.

24

Case No. 11-cv-01846-LHK

**APPLE'S RESPONSE TO SAMSUNG'S
OBJECTIONS TO APPLE'S OPENING
STATEMENT DEMONSTRATIVE
EXHIBITS & CHRIS STRINGER
EXHIBITS**

| | |
|---|---|
| **Trial:** | **July 30, 2012** |
| **Time:** | **9:00 a.m.** |
| **Place:** | **Courtroom 8, 4th Floor** |
| **JUDGE:** | **HON. LUCY H. KOH** |

25

26

27

28

1    Apple's opening demonstratives accurately represent the evidence that Apple will

2    introduce at trial.  Apple responds to the specific objections to its demonstratives that Samsung

3    raised during the parties' July 28, 2012 meet and confer as follows:

4         **Images of Steve Jobs appearing in Slide Nos. 6, 7, 12, 16, and 29.**  The images in slides

5    6, 7 and 12 are from a joint exhibit – 1091 (the MacWorld 2007 video), which Samsung itself

6    relies on in its opening demonstratives (at Samsung slide no. 148).  Samsung cannot complain

7    about Apple's use of the same video.  The images from JX 1091 do not violate the Court's ruling

8    on Samsung's MIL No. 1, as it is "specifically relevant to the IP rights at issue in the case."  (Dkt.

9    No. 1267 at ¶ 12.)  The slides depict the public introduction of the iPhone on January 7, 2007,

10   which launched the fame that the iPhone trade dress has acquired.  Because they demonstrate

11   Apple's notice of the 200+ patents covering the iPhone -- including the asserted patents, they thus

12   are relevant to willfulness.

13        Slide 16 is an exhibition by the Patent and Trademark Office highlighting patents listing

14   Steve Jobs as a co-inventor.  Among the highlighted patents at the PTO exhibit are at least two

15   patents at issue in this litigation – the D'677 and D'889.  The Patent Office exhibit demonstrates

16   praise by others to rebut non-obviousness.  For these reasons, and because the distinctive shape

17   and look of the iPhone and its asserted trade dress also were on public display in the shape of the

18   display cases themselves, the exhibit also is specifically relevant to the IP rights at issue and thus

19   consistent with the Court's ruling on MIL No. 1.  Finally, Slide 29 is a screenshot from the

20   announcement of the iPad in July 2010.  It is relevant to the introduction of the iPad and its

21   acquisition of fame and secondary meaning.  It therefore is consistent with the Court's ruling on

22   Samsung's MIL No. 1 for the same reasons.

23        **Objections to newspaper articles and blogs.**  In every instance, the newspaper articles

24   and blogs quoted in Apple's opening statement are not hearsay, are subject to a hearsay

25   exception, or properly relied upon by Apple's experts in forming their opinions.  Experts may rely

26   on all evidence, including potentially inadmissible hearsay evidence, when forming their

27   opinions. Fed. R. Evid. 703.  The articles are from reliable major national news sources and

28   prominent online blogs, reporting on Apple and Samsung products.

APPLE'S RESPONSE TO SAMSUNG'S OBJECTIONS TO APPLE'S OPENING DEMONSTRATIVES
CASE NO. 11-CV-01846-LHK
sf-3176375

1

1    The newspaper articles and blogs may be offered to show Samsung's conduct, knowledge,

2 or beliefs under Rule 801(c)(2) of the Federal Rules of Civil Procedure.  For example, they

3 confirm Samsung's willful infringement of Apple's rights by showing that Samsung knew or

4 should have known that its products were viewed as copies of Apple's products in the

5 marketplace.  Evidence of copying also is may be used to prove non-obviousness.

6    **Purportedly improper translations on slides 18, 19, and 67.**  Samsung's translation

7 objections are not well taken.  Samsung never provided its objections to Apple, as the Court

8 instructed, for PX 34.  Samsung also has never discussed the exhibit during the parties' meet and

9 confer sessions regarding trial exhibit translations.

10    As for PX 44 (at slide 67), Samsung disputes whether 확대/축소 means

11 "expansion/reduction" or the more colloquial (and accurate) "zoom-in/zoom out."  Samsung

12 prefers the former for one simple reason:  Apple's patents use the word "zoom."  Samsung

13 ignores that its own manuals translate the term *exactly* as Apple does.  *Compare*

14 http://www.samsung.com/sec/support/model/SHW-M110SHKSC-downloads (Galaxy S Korean

15 language manual) at 43 with http://downloadcenter.samsung.com/content/UM/201102/

16 20110224040812289/ ATT_SGH-i897_Captivate_English_User_Manual.pdf (Captivate English

17 manual at 129).  Virtually all Samsung manuals use the term "zoom in/out" for this Korean

18 phrase. *See, e.g.*, http://support.t-mobile.com/docs/DOC-1742 (Vibrant manual) at 33.

19    **Objections to slides 18 and 19 as purportedly misleading and argumentative.**  Slides

20 18 and 19 are accurate excerpts from a Samsung presentation presented under the heading

21 "Samsung's Response to the iPhone."  They are not argumentative and contain only verbatim

22 excerpts from PX 34.  For example, "HW portion: Easily copied" is a direct and unedited bullet

23 from the presentation.  The same is true for "iPhone Effect Analysis," "Easy and intuitive UI that

24 covers all user classes, including male, female, old and young," and "Beautiful design."  Only one

25 quote is truncated, but that was done to omit extraneous text ("Excluding those for use in

26 completely low-priced smartphone markets and business targets (business use e-mail solution

27 installed))" deleted, but "we will have to compete with the iPhone in whatever way" retained).

28 The original document consists of short statements that Apple faithfully reproduces.

APPLE'S RESPONSE TO SAMSUNG'S OBJECTIONS TO APPLE'S OPENING DEMONSTRATIVES
CASE NO. 11-CV-01846-LHK
sf-3176375

2

1    **Reference to the Galaxy S i9000 on slides 26 and 49.**  This Court has already denied

2    Samsung's motion to exclude evidence of the Galaxy S i9000.  (Dkt. No. 1267 at 2 ("Samsung's

3    motion to exclude evidence related to the Galaxy S (i9000) . . . is denied.").)  Samsung is free to

4    argue at trial that the i9000 does not infringe Apple's intellectual property rights, but it is in the

5    case and a proper subject of Apple's opening statement.

6    **References to PX 44 on slides 33, 34, 35, 36, 37 and 67.**  The Court may recall PX 44

7    from the July 18, 2012 hearing.  The Court agreed that this 132-page presentation, which has 126

8    side-by-side images suggesting ways in which the Galaxy S should be altered to match the iPhone

9    (and confirming the extent of Samsung's copying), should not be sealed.  Specific pages (*e.g.*,

10    page 58, which discusses double-tapping to zoom in and out) relate specifically to the intellectual

11    property in this case.  *See also* page 126 (discussing "strong impression that iPhone's icon concept

12    was copied").  Generally, the presentation is strong evidence that Samsung's infringement of the

13    '381, '915, and '163 patents was no accident.  PX 44 and the slides that depict pages from this

14    presentation do not violate the Court's ruling on Samsung's MIL #1, as they do not relate to the

15    "Apple Brand" or constitute evidence confirming that "Samsung shared confidential business

16    information" of Apple's with its smartphone division.  (Dkt. No. 1267 at 3.)

17    **Justin Denison's testimony on slides 41 and 42.**  Mr. Denison was Samsung's corporate

18    designee on the topic of Samsung's "imitation, copying, or emulation of any Apple product"

19    during the preliminary injunction phase.  Thus, the quoted testimony was well within the

20    appropriate scope.  Mr. Denison testified that he spent a full "10 to 12 hours" conferring with 17

21    individuals—including 13 hardware and software designers—to prepare for his testimony.  These

22    included the lead designer on the Galaxy S product and no fewer than five programmers for the

23    "bounce" function common to the accused products.  Mr. Denison also testified that he spent

24    another "two to three full days in discussions with the Quinn Emanuel attorneys."  (Bartlett Decl.

25    Ex. 1 at 33:13-34:15.)  Mr. Denison ultimately testified, under oath, that "in all cases I

26    specifically asked [these individuals] if they had considered or studied or drawn direct

27    comparisons or what have you versus the relevant Apple products, whether it be tablet or smart

28    phone in each case, and in each case the designers said that they had not."  (*Id*. at 135:10-17.)  In

APPLE'S RESPONSE TO SAMSUNG'S OBJECTIONS TO APPLE'S OPENING DEMONSTRATIVES
CASE NO. 11-CV-01846-LHK
sf-3176375

3

1    view of Mr. Denison's extensive preparation, Samsung's claim that he "lacked foundation" is

2    simply false.  Samsung's remaining objection, that the excerpted testimony is misleading, is

3    equally meritless.  The testimony was a direct response to a specific question and properly within

4    the scope of his designation and investigation.

5          **Images of the Olympic torch on slides 55-62.**  Having the same photo on both phones

6    ensures that the focus remains on the functionality and not on the content of the photo.  By

7    contrast, having different photos would be distracting to and might mislead the jury.  Because

8    Samsung deliberately copied the '381 patent's rubberbanding feature, any similarity in these

9    videos -- far from being implied -- is intentional on Samsung's part.

10         **Purportedly manipulated images of the phones at issue on slides 26, 59-62, 69-72, and**

11   **75-78.**  The Court previously denied Samsung's motion in limine No. 7, which sought to exclude

12   altered, resized photographs. (Dkt. No. 1267.)   Samsung's continued objections to photographs

13   are unnecessary because the jury will not have to rely on photographs.  It will have the physical

14   products to consider and compare during trial and deliberations.   (*See* July 18, 2012 Hearing Tr.

15   at 127:23-128:1 ("I'm hoping that if you're actually going to introduce actual products that this

16   shouldn't really be an issue, right?  Just do the actual – the real deal.").)  Finally, while Apple's

17   photographs accurately depict the products in this case, size does not matter for the purposes of

18   Apple's design patent infringement claims.  The relative size of the accused Samsung products as

19   compared to Apple products does not affect the analysis of design patent infringement.  *See Sun*

20   *Hill Indus. v. Easter Unlimited*, 48 F.3d 1193, 1196-97 (Fed. Cir. 1995).

21         **Purported misstatement of law on slide 85.**  35 U.S.C. §§ 284, 289 and 15 U.S.C. §

22   1117(a) permit recovery of each of these elements of damages.  As Apple's expert Terry Musika

23   will testify, Apple seeks a recovery of lost profits for some sales, Samsung's profits for others

24   (that violate design claims), and a reasonable royalty for a small number of sales that infringe

25   only the utility patents.  Apple does not seek all three remedies with respect to the same sale.  The

26   slide therefore accurately reflects the evidence that the jury will hear and the damages law for

27   patents and trade dress.

28         **The testimony of Dr. Ahn on slides 92 and 98.**  Samsung objects to the testimony of Dr.

1    Seung-Ho Ahn (slides 92 and 98) as out of context and misleading.  As an initial matter, this

2    testimony is taken from designations to which Samsung did not object.  In any event, there is

3    nothing misleading about the testimony, as both the questions and the answers make explicitly

4    clear that the witness is solely speaking as to his own personal knowledge and actions.  Moreover,

5    Dr. Ahn is a high-ranking executive at Samsung—at his deposition, he testified that he is the head

6    of the Samsung IP [Intellectual Property] Center, and that the IP Center has responsibility for a

7    range of IP-related matter, including licensing.  He testified:

8         Q: Mr.Ahn, are you the highest ranking licensing executive at Samsung?

9         A:. Yes.

10   (Bartlett Decl. Ex. 2 at 23:25-26:2.)

11        The cited testimony is a fair representation of Dr. Ahn's testimony, and, to the extent

12   Samsung contends otherwise, it may counter-designate other testimony or call Dr. Ahn live at

13   trial.

14        **Slides 99-102.**  Contrary to Samsung's objection, there is nothing in slides 99-102 to

15   suggest that Samsung is accusing third party applications of infringement.  Rather, these slides

16   simply show exemplary apps in Apple's App Store.  As the slides that immediately follow make

17   clear (slides 103-107), Apple is using this series of slides to illustrate the distinction between

18   "apps" and the claimed "modes" of the '460 and '893 patents.

19        **Video on slide 106.**  Samsung identifies no basis for its objection to slide 106.  In any

20   event, this animation is a demonstrative that fairly represents the operation of the accused Apple

21   products.

22                                        * * * * *

23        **Samsung's non-objection to Christopher Stringer exhibits and demonstratives.**

24   When providing its opening slides, Apple also disclosed 27 exhibits and 6 demonstratives for its

25   first witness, Chris Stringer.  After the parties met and conferred, Samsung sent an e-mail

26   confirming its objections -- but raised none as to Mr. Stringer's exhibits.  Any such objections are

27   therefore waived under the Court's schedule.

28        Regardless, and contrary to Samsung's prior objections, PX1-4, 162 and 164 are not

APPLE'S RESPONSE TO SAMSUNG'S OBJECTIONS TO APPLE'S OPENING DEMONSTRATIVES
CASE NO. 11-CV-01846-LHK
sf-3176375

5

1    "improper compilations" because of Samsung's alleged lack of access to the underlying

2    information.  Samsung cannot dispute that it had multiple opportunities to (and did) inspect all of

3    the devices and CAD files in these compilations.  While Samsung also has suggested that PX3-4

4    are somehow "misleading" and "prejudicial," Samsung identified no basis for its position during

5    the parties' meet and confer.  Finally, PX157, an industry award, is not hearsay because it is a

6    matter of public record reflecting recognition for Apple's designs.  It also cannot violate the

7    Court's ruling on MIL 1 because it is neither related to the "Apple's Brand" nor evidence

8    confirming Samsung's leakage of information to its smartphone division.

9

10   Dated: July 29, 2012                        MORRISON & FOERSTER LLP

11

12                                               By:      /s/ *Michael A. Jacobs*_____
                                                          Michael A. Jacobs
13
                                                 Attorneys for Plaintiff
14                                               APPLE INC.

15

16

17

18

19

20

21

22

23

24

25

26

27

28