# Exhibit 1

Highly Confidential Pursuant to Protective Order

```
                                                              Page 1
 1              UNITED STATES DISTRICT COURT
 2             NORTHERN DISTRICT OF CALIFORNIA
 3                   SAN JOSE DIVISION
 4   APPLE INC., a California      §
     Corporation,                   §
 5                                  §
          Plaintiff,                §
 6                                  §
     Vs.                            §        Case No.
 7                                  §   11-CV-01846-LHK
                                    §
 8   SAMSUNG ELECTRONICS CO.,       §
     LTD., a Korean business        §
 9   entity; SAMSUNG ELECTRONICS    §
     AMERICA, INC., a New York      §
10   corporation; SAMSUNG           §
     TELECOMMUNICATIONS AMERICA,    §
11   LLC, a Delaware limited        §
     liability company,             §
12                                  §
          Defendants.               §
13
14              HIGHLY CONFIDENTIAL
             UNDER THE PROTECTIVE ORDER
15
16
17         DEPOSITION OF JUSTIN DENISON
                   Dallas, Texas
18          Wednesday, September 21st, 2011
19
20
21
22
     Reported by:
23
     Daniel J. Skur, Notary Public and CSR
24
     JOB NO. 41964
25
```

1           P R O C E E D I N G S
2               VIDEOGRAPHER:  This is tape 1 in the
3       video deposition of Justin Denison.  Today
4       is Wednesday, September 21st, 2011.  We're
5       now on record at approximately 9:36 a.m.
6       Will the attorneys please introduce
7       themselves for the record.
8               MR. HUNG:  Richard Hung of Morrison
9       & Foerster on behalf of Apple, Inc.  With
10      me today is Diana Kruze, also of Morrison &
11      Foerster and also for Apple.
12              MS. MAROULIS:  Victoria Maroulis
13      with Quinn Emanuel, counsel for Samsung,
14      and with me is Mark Tung of Quinn Emanuel,
15      Cindy Moreland of STA, and we have an
16      interpreter, Ann Park.
17                  JUSTIN DENISON,
18   having been duly sworn, testified as follows:
19                   EXAMINATION
20   BY MR. HUNG:
21      Q.   Morning, Mr. Denison.
22      A.   Morning.
23           MR. HUNG:  Before we get started, I
24      did have a discussion with Ms. Maroulis,
25      and I just wanted to note a couple of

1    A.   Outside of the name that I've
2 already offered, I don't believe that there
3 are -- is anyone else other than Cindy Moreland
4 who is the general counsel of STA and is
5 present today.  I've not referred to her
6 directly, but the Quinn Emanuel attorney
7 Margaret --
8         MS. MAROULIS:  Caruso.
9    A.   -- Caruso, thank you, and Quinn
10 Emanuel attorney Mark Tung, who is seated here
11 today as well.
12 BY MR. HUNG:
13   Q.   Did you have a separate meeting with
14 the individuals to whom you just referred apart
15 from the conversations with the individuals
16 listed on Exhibit 225?
17   A.   Yes.
18   Q.   When did that meeting occur?
19   A.   I have had several meetings with the
20 Quinn Emanuel attorneys to prepare for this
21 deposition, the first of which occurred last
22 week, and the most recent of which occurred
23 yesterday, not counting this morning.
24   Q.   Again, I don't want to know what you
25 discussed.  I just want to know how long those

1  meetings were. How long were those meetings in
2  aggregate?
3      A.   In aggregate, I would estimate that
4  I spent two to three full days in discussions
5  with the Quinn Emanuel attorneys.
6      Q.   Is this separate and apart from the
7  10 to 12 hours that you testified you spent
8  speaking with the individuals listed on Exhibit
9  225?
10         MS. MAROULIS: Objection, vague.
11     A.   As I understand the question,
12 outside of the teleconference time I spent with
13 the individuals that are on this sheet of
14 paper, yes, the time frame I gave you is
15 approximate.
16 BY MR. HUNG:
17     Q.   Okay. Did those meetings occur in
18 Dallas?
19     A.   Yes.
20     Q.   The Dallas area?
21     A.   The meetings -- the meetings with
22 the Quinn Emanuel attorneys occurred in the
23 Dallas area.
24         MS. MAROULIS: I think he's talking
25     about Richardson.

Page 135

1     hypothetical, beyond the scope.
2  BY MR. HUNG:
3     Q.    What steps does Samsung take, if
4  any, to ensure that its employees do not copy
5  Apple's designs in developing its Android smart
6  phones?
7           MS. MAROULIS:  Objection, beyond the
8     scope to the extent it goes beyond products
9     at issue.
10    A.    When conferring with the designers
11 for the products at issue, in all cases I
12 specifically asked them if they had considered
13 or studied or drawn direct comparisons or what
14 have you versus the relevant Apple products,
15 whether it be tablet or smart phone in either
16 case, and in each case the designers said that
17 they had not.
18    Q.    Did you ask them whether they had
19 used -- let's focus first on the Infuse 4G.
20 Did you ask the designers on the Infuse 4G
21 whether they had used any Apple product as
22 inspiration for the design of the Infuse 4G?
23          MS. MAROULIS:  Objection, vague,
24    asked and answered.
25    A.    I specifically asked the engineers

Page 341

1  C E R T I F I C A T E
2  STATE OF TEXAS      )
                       )
3  COUNTY OF DALLAS    )
4
5          I, Daniel J. Skur, a Notary Public
6  within and for the State of Texas, do
7  hereby certify:
8          That JUSTIN DENISON, the witness
9  whose deposition is hereinbefore set forth,
10 was duly sworn by me and that such
11 deposition is a true record of the
12 testimony given by such witness.
13         I further certify that I am not
14 related to any of the parties to this
15 action by blood or marriage; and that I am
16 in no way interested in the outcome of this
17 matter.
18         IN WITNESS WHEREOF, I have hereunto
19 set my hand this 21st day of September,
20 2011.
21
22         _____
           Daniel J. Skur
23         Notary Public, State of Texas.
           My Commission Expires 7/10/2014
24
25