# EXHIBIT A

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

APPLE INC., a California corporation,

Plaintiff,

vs.

SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,

Defendants.

CASE NO. 11-cv-01846-LHK

**SAMSUNG'S SUR-REPLY TO APPLE'S NEW ARGUMENTS ON REPLY RE: APPLE'S MOTION TO ENFORCE COURT ORDERS REGARDING SONY DESIGNS**

For the first time on reply, Apple argues that it would be prejudicial for the jury to hear the testimony of Shin Nishibori, Apple's own named inventor and designer, concerning the iPhone's origins and to see Apple's internal documents on that subject. Samsung respectfully submits this sur-reply to address these newly raised arguments by Apple.

Apple failed to move on Rule 403 grounds – which should be deemed waived at this point – for the simple reason that the objection is meritless. The challenged evidence is highly relevant, including for reasons that Apple does not dispute and in no way are implicated by Judge Grewal's Order. Apple seeks to exclude inventor testimony and its own documents about the iPhone's origins that refute Apple's self-aggrandizing rhetoric that it was "magical" and "revolutionary." But allowing Apple to tell its expurgated version of Apple's iPhone creation myth, while barring Samsung from using Apple's own testimony and internal documents to prove its falsity, would be contrary to law and unfair. Apple opted to put at issue the origins of its products, so it can scarcely now assert that evidence about that very subject is irrelevant. Opp. at 13-14. And this evidence directly impeaches Apple's claims that it chose its final designs for purely aesthetic reasons, including Chris Stringer's testimony that the "extruded" model rejected by Apple was an alternative design that functioned just as well as the final iPhone. *See id.* While dismissing the relevance of this evidence in conclusory terms, nowhere does Apple even address, let alone refute, these multiple relevance grounds that Samsung explained in its opposition.[1]

Not only is Apple wrong in its misplaced challenge to the highly relevant nature of the evidence, but Apple's new argument that allowing Samsung to impeach its iPhone creation story would be a "waste of the jury's precious time" borders on the frivolous. Apple cites no authority

---

[1] It was because of its importance in refuting Apple's case that Apple was willing to violate several Court orders to avoid producing the evidence of Sony's influence in the first place. Apple does not even deny the point. It was also because of the evidence's damning nature that Apple falsely claimed that Mr. Nishibori was unable to sit for deposition for medical reasons when, in reality, he was really running 10ks, kayaking, hiking, working and traveling internationally. And, even on this motion, in its quest to hide this evidence from the jury, Apple went to so far as to swear to this Court under oath that Mr. Nishibori's deposition was untimely, when Apple knew full well that it was timely, as it now admits.

excluding the testimony of a named inventor and documents concerning the origins of the very designs sued upon, particularly where, as here, the plaintiff seeks to tout those origins.

Instead, Apple remarkably suggests that the testimony of Mr. Nishibori should be excluded because it is supposedly contradictory. But Apple provides nothing but attorney argument in claiming that Mr. Nishibori merely worked on "detailing" that was not used. Apple *named* Mr. Nishibori *as an inventor* on the Apple design patents that Apple claims are embodied by the iPhone. Thus, either Mr. Nishibori's contributions were in fact used or else Apple's sworn inventorship claims to the Patent Office were false. As Apple likewise ignores, Mr. Nishibori testified that his "Sony-like" phone design "changed the flow or direction" of the iPhone project from the "extrudo" design to the design that became the manufactured iPhone. Dkt. 1429-1 ("Walker Dec.") Exh. 3, at 15:22-16:12. Indeed, when shown his CAD drawings bearing the "Sony" name (TX 623.001) at deposition, Mr. Nishibori testified without qualification that they "are renderings that *I created based on my own thoughts or my understanding of Sony-like designs* – Sony's design, based on the request by Jonathan Ive." Declaration of Adam Cashman, Ex. B at 30:3-12 (emphasis added). And further refuting Apple's new contention, the contemporaneous email of Richard Howarth, another Apple designer and inventor, explicitly confirmed that Mr. Nishibori created far more than "detailing," but also the *shape* as well: "looking at what ***shin's doing with the sony-style chappy***, ***he's*** able to achieve a much smaller-looking product with a much nicer ***shape*** to have next to your ear and in your pocket." Walker Dec., Ex. 8 (TX 562) at 1 (emphasis added).

All of this also demonstrates that Apple's newly invented "Purple" story, set forth as attorney argument for the first time in Apple's reply, is groundless. No designer or other Apple witness ever testified at deposition to facts supporting Apple's lawyers' latest efforts to muddle the truth about the origins of the iPhone design. Nor was it ever set forth in any Apple discovery responses in this case. To the contrary, as noted, both Mr. Howarth's email and Mr. Nishibori's testimony flatly refute it. Apple's suggestion that the iPhone was really invented in 2005 with the "Purple" renderings is entirely inconsistent with its repeated sworn statements that the iPhone design was not invented until 2006, only *after* Mr. Nishibori had made his "Sony-style" design.

There also are obvious differences in shape, proportions and other key aspects between that rendering and Mr. Nishibori's "Sony-like" design. Most obviously, the "Sony-like" iPhone design has a noticeable metal surround like the iPhone 4 that is entirely absent from the "Purple" rendering. But ultimately there is one fact that Apple does not and cannot explain away that proves the influence of Sony design: Mr. Nishibori's iPhone design has the "Sony" name displayed on it.[2] Apple's newly contrived arguments that Mr. Nishibori had no role in the iPhone's design and that Sony design concepts were not used in its iPhone designs are unavailing.

In any event, Apple's attacks on the testimony of its own inventor fail to establish that Mr. Nishibori's testimony lacks probative value. Even if Mr. Nishibori's testimony was inconsistent – and it wasn't – Apple's cannot explain why such a circumstance would be a waste of time or confusing to the jury. Evaluating the credibility of witness testimony, along with the rest of the evidence, and finding the facts is a primary function of the jury, and something the jurors are uniquely charged with doing.

In short, Apple built its case on its story that the iPhone was revolutionary and that it chose the current design for purely aesthetic reasons. The jury properly should hear Mr. Nishibori's testimony and Apple's internal documents in evaluating that assertion.

---

[2] Equally misguided is Apple's argument that the timing of the article about Sony design circulated among Apple executives in 2006 somehow disproves the influence of Sony's designs on Apple's iPhone. The article describes *traditional* Sony design going back many years, in some cases back to the 1960s. Indeed, the article is about Sony's return to its original design principles, including minimalism for electronic device design that Apple now claims it has a monopoly on. And, as Apple's witnesses have admitted, Apple's designers were well aware of Sony's designs before 2005. Mr. Nishibori testified that his admiration for Sony design started in his childhood, for example, and other Apple designers acknowledged their long experience with Sony design. Thus, contrary to Apple's suggestion that the Sony influence only started in 2006 with the article, it in fact started well before that.

DATED: July 29, 2012

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Victoria F. Maroulis*

Charles K. Verhoeven
Victoria F. Maroulis
Kevin P.B. Johnson
Michael T. Zeller
Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC