| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781) hmcelhinny@mofo.com | WILLIAM F. LEE william.lee@wilmerhale.com |
| MICHAEL A. JACOBS (CA SBN 111664) mjacobs@mofo.com | WILMER CUTLER PICKERING HALE AND DORR LLP |
| RACHEL KREVANS (CA SBN 116421) rkrevans@mofo.com | 60 State Street Boston, MA 02109 |
| JENNIFER LEE TAYLOR (CA SBN 161368) jtaylor@mofo.com | Telephone: (617) 526-6000 Facsimile: (617) 526-5000 |
| ALISON M. TUCHER (CA SBN 171363) atucher@mofo.com | MARK D. SELWYN (SBN 244180) mark.selwyn@wilmerhale.com |
| RICHARD S.J. HUNG (CA SBN 197425) rhung@mofo.com | WILMER CUTLER PICKERING HALE AND DORR LLP |
| JASON R. BARTLETT (CA SBN 214530) jasonbartlett@mofo.com | 950 Page Mill Road Palo Alto, California 94304 |
| MORRISON & FOERSTER LLP 425 Market Street San Francisco, California 94105-2482 Telephone: (415) 268-7000 Facsimile: (415) 268-7522 | Telephone: (650) 858-6000 Facsimile: (650) 858-6100 |

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>        Defendants. | Case No. 11-cv-01846-LHK<br><br>**APPLE'S OBJECTIONS TO SAMSUNG'S PROPOSED CROSS EXAMINATION EXHIBITS AND MATERIALS FOR CHRISTOPHER STRINGER**<br><br>**Trial:**    **July 30, 2012**<br>**Time:**    **9:00 a.m.**<br>**Place:**   **Courtroom 8, 4th Floor**<br>**JUDGE:** **HON. LUCY H. KOH** |

APPLE'S OBJECTIONS TO SAMSUNG'S PROPOSED CROSS EXAMINATION EXHIBITS AND
MATERIALS FOR CHRISTOPHER STRINGER
CASE NO. 11-CV-01846-LHK
sf-3176407

Samsung's proposed exhibits and materials for the cross examination of Christopher Stringer include a variety of inadmissible documents. This includes materials that directly contradict rulings by this Court and Judge Grewal or which Samsung reasonably could have anticipated relying upon (and therefore included) on its list of 200 exhibits, and Apple objects to the Samsung's use or attempted admissions of such materials on those bases. Apple's specific objections to Samsung's exhibits and other materials appear below.

| Slide Number | Apple's Objections |
|---|---|
| DX0504 | This exhibit is irrelevant under Rule 402; Judge Grewal has already struck Samsung's theories based on this reference as not timely disclosed during discovery. (Dkt. No. 1144.) |
| DX0511 | This exhibit is not relevant as a primary reference under Rule 402. On appeal from this Court's preliminary injunction ruling, the Federal Circuit explained that it was improper to ignore the "arched, convex front of the '638 reference," as depicted in its side profile, in making this comparison. *Apple Inc. v. Samsung Elecs. Co.,* 678 F.3d 1314, 1326 (Fed. Cir. 2012). In light of the Federal Circuit's decision, a limiting instruction is required under Rule 105 instructing the jury not to consider this a primary reference if this exhibit is introduced. |
| DX0562 | Furthermore, Judge Grewal struck Samsung's theories based on supposed influence of Sony designs as not timely disclosed during discovery. (Dkt. No. 1144.) Judge Grewal's findings warrant the exclusion of Samsung's untimely contentions and related evidence such as this at trial. Apple has already moved to enforce that order. (Dkt. No. 1420.) This evidence is also irrelevant under Rule 402 and 403. |
| DX0623 | The exhibit should be excluded for the same reasons provided for DX562. |
| DX0624 | Samsung's theories based on supposed Braun design influence were not timely disclosed in discovery. This evidence is also irrelevant under Rule 402 and 403. Finally, this exhibit is an improper summary of evidence under Rule 1006. The underlying evidence, apparently a single article, is neither voluminous nor complex. |

APPLE'S OBJECTIONS TO SAMSUNG'S PROPOSED CROSS EXAMINATION EXHIBITS AND
MATERIALS FOR CHRISTOPHER STRINGER
CASE NO. 11-CV-01846-LHK
sf-3176407

1

| Slide Number | Apple's Objections |
|---|---|
| DX0628 | These slides depict entirely new non-infringement theories. These theories were disclosed in neither Samsung's non-infringement contention interrogatory responses nor its expert reports. This evidence is also irrelevant under Rule 402 and 403. |
| DX0649 | This evidence is irrelevant under Rule 402 and 403. |
| DX0678 | This exhibit is a transparent attempt to evade Judge Grewal's order striking Samsung's theories concerning U.S. Patent No. 6,919,678. (Dkt. No. 1144 at 11).  In his order, Judge Grewal struck the opinions of Samsung's expert, Itay Sherman, concerning the '678 patent because they had not been timely disclosed.  Samsung now attempts to make an end run around this ruling by relying on the patent *application* that resulted in the stricken patent.  The '504 application was neither timely disclosed during discovery nor cited in Mr. Sherman's report. |
| DX0690 | The exhibit should be excluded for the same reasons provided for DX562. |
| DX0691 | Samsung will be unable to establish a foundation to introduce this exhibit during Mr. Stringer's testimony.  The exhibit is also hearsay under Rule 802. |
| DX0708 | Samsung will be unable to establish a foundation to introduce this exhibit during Mr. Stringer's testimony. |
| DX0740 | Judge Grewal struck Samsung's theories based on this prototype because they were not timely disclosed during discovery.  (Dkt. No. 1144.)  Should the Court nevertheless admit this exhibit, limiting instructions are required under Rule 105.  First, as the Court has previously ruled, it would be improper for the jury to consider this evidence as limiting the scope of the D'889 design.  (Dkt. No. 1170 at 6.)  Second, Apple requests a limiting instruction pursuant to Rule 105 instructing the jury that the 035 prototype cannot be considered prior art to the D'677 patent.  Finally, Apple objects to these photographs under Rule 1002. |
| DX0741 | With the exception of its objection under Rule 1002, Apple repeats its objections to DX0740 to DX0741. |

APPLE'S OBJECTIONS TO SAMSUNG'S PROPOSED CROSS EXAMINATION EXHIBITS AND
MATERIALS FOR CHRISTOPHER STRINGER
CASE NO. 11-CV-01846-LHK
sf-3176407

2

| Slide Number | Apple's Objections |
|---|---|
| DX0743 | Samsung's attempt to introduce this evidence is contrary to *three* rulings.  First, this Court's ruling on Apple's motion in limine #2 excluded references such as this one.  (Dkt No. 1267 at 3.)  Second, invalidity contentions based on this reference were struck by Judge Grewal (Dkt. No. 1144.)  Third, this Court struck the expert report of Nicolas Godici, the only place Samsung had disclosed this evidence. (Dkt. No. 1157 at 5-6.) |
| JX1040 | In granting Apple's motion to strike certain of Samsung's expert opinions due to untimely raised theories (Dkt. No. 1144), Judge Grewal struck Mr. Sherman's attempt to rely on the D'889 patent as alleged prior art to the D'677 patent.  A limiting instruction pursuant to Rule 105 thus is required that the D'889 patent cannot be considered prior art to the D'677 patent. |
| APL-ITC796-00000360 | This Court's ruling on Apple's motion in limine #2 excluded references such as this one.  (Dkt No. 1267 at 3.) |
| APL-ITC796-00000442 | This Court's ruling on Apple's motion in limine #2 excluded references such as this one.  (Dkt No. 1267 at 3.) |
| Apple's Discovery Responses | Samsung will be unable to establish a foundation to introduce these documents during Mr. Stringer's testimony. |
| ITC 796 Witness Statement of Chris Stringer | Mr. Stringer's former testimony is inadmissible hearsay under Rule 804(b) because he is available to testify at trial.  Also, this document contains confidential business information pursuant to the protective order in the 337-TA-796 ITC Investigation. |
| ITC Day 1 Hearing Transcript | The exhibit should be excluded for the same reasons provided for the ITC Witness Statement of Christopher Stringer. |
| ITC Exhibit RX-1894C | The exhibit should be excluded for the same reasons provided for DX562. |
| Depositions of Christopher Stringer | The exhibit should be excluded for the same reasons provided for the ITC Witness Statement of Christopher Stringer. |
| Ex. 34 to the 2/15/2012 ITC Dep. of Christopher Stringer | This exhibit is misleading as it omits the side views of the patent. This evidence is also irrelevant under Rule 402 and 403. |
| 5/2/2012 Deposition of Shin Nishibori | This evidence is hearsay under Rules 801 and 802. |

APPLE'S OBJECTIONS TO SAMSUNG'S PROPOSED CROSS EXAMINATION EXHIBITS AND
MATERIALS FOR CHRISTOPHER STRINGER
CASE NO. 11-CV-01846-LHK
sf-3176407

3

Dated: July 29, 2012                         MORRISON & FOERSTER LLP

                                             By:  /s/ *Michael A. Jacobs*
                                                   Michael A. Jacobs

                                             Attorneys for Plaintiff
                                             APPLE INC.