UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| APPLE, INC., a California corporation, | ) | Case No.: 11-CV-01846-LHK |
|---|---|---|
| Plaintiff, | ) ) | ORDER ON SAMSUNG'S OBJECTIONS TO APPLE'S OPENING SLIDES |
| v. | ) ) | |
| SAMSUNG ELECTRONICS CO., LTD., A Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Samsung has filed objections to Apple's Opening Slides. *See* ECF No. 1440. Apple has filed a response. *See* ECF No. 1444. After reviewing the parties' briefing, considering the record in this case, and balancing the considerations set forth in Federal Rule of Evidence 403 ("FRE 403"), the Court rules on Samsung's objections as follows:

**1. Objection No. 1: images of Steve Jobs [Slides 6, 7, 12, 16, and 29]**

| APPLE SLIDE NUMBER | Ruling |
|---|---|
| 6 | Overruled. Image is relevant to Apple's iPhone design patent and trade dress claims and is not unduly prejudicial. |
| 7 | Overruled. Image is relevant to Apple's iPhone design patent and trade dress claims and is not unduly prejudicial. |
| 12 | Overruled. Image is relevant to Apple's iPhone design patent and trade dress claims and is not unduly prejudicial. |

1

Case No.: 11-CV-01846-LHK
ORDER ON SAMSUNG'S OBJECTIONS TO APPLE'S OPENING SLIDES

| | |
|---|---|
| 16 | Overruled.  Image is relevant to Apple's iPhone design patent and trade dress claims and is not unduly prejudicial. |
| 29 | Overruled.  Image is relevant to Apple's iPad design patent and trade dress claims and is not unduly prejudicial. |

**2.   Objection No. 2: newspaper articles and blogs [Slides 13, 14, 16, 27, 28, 30, and 32]**

| APPLE SLIDE NUMBER | Ruling |
|---|---|
| 13 | Overruled.  Consistent with the Court's ruling on Samsung's motion in limine #1 (ECF No. 1267 at 3-4), this evidence of media coverage of the iPhone is relevant to fame and secondary considerations of non-obviousness and is not unduly prejudicial under FRE 403. |
| 14 | Overruled.  Consistent with the Court's ruling on Samsung's motion in limine #1 (ECF No. 1267 at 3-4), this evidence of media coverage of the iPhone is relevant to fame and secondary considerations of non-obviousness and is not unduly prejudicial under FRE 403. |
| 16 | Overruled.  Consistent with the Court's ruling on Samsung's motion in limine #1 (ECF No. 1267 at 3-4), this evidence of media coverage of the iPhone is relevant to fame and secondary considerations of non-obviousness and is not unduly prejudicial under FRE 403. |
| 27 | Overruled.  Consistent with the Court's ruling on Samsung's motion in limine #1 (ECF No. 1267 at 3-4), this evidence is relevant to infringement, consumer confusion, and willfulness as to the iPhone, and is not unduly prejudicial under FRE 403. |
| 28 | Overruled.  Consistent with the Court's ruling on Samsung's motion in limine #1 (ECF No. 1267 at 3-4), this evidence is relevant to infringement, consumer confusion, and willfulness as to the iPhone, and is not unduly prejudicial under FRE 403. |
| 30 | Overruled.  Consistent with the Court's ruling on Samsung's motion in limine #1 (ECF No. 1267 at 3-4), this evidence of media coverage of the iPhone is relevant to fame and secondary considerations of non-obviousness and is not unduly prejudicial. |
| 32 | Sustained.  Consistent with the Court's ruling on Samsung's motion in limine #1 (ECF No. 1267 at 3-4), this evidence is relevant to infringement, consumer confusion, and willfulness as to the iPad, and is not unduly prejudicial under FRE 403. |

**3.   Objection No. 3: improper translations [Slides 18, 19, 58, and 67]**

| APPLE SLIDE NUMBER | Ruling |
|---|---|
| 18 | Overruled.  If the parties are unable to resolve this translation dispute in their meet and confer efforts, Apple may introduce its translation during its opening statement, and Samsung may offers its alternative translation during its opening |

Case No.: 11-CV-01846-LHK
ORDER ON SAMSUNG'S OBJECTIONS TO APPLE'S OPENING SLIDES

| | |
|---|---|
| | statement. Moreover, Samsung never provided its objections to PX34 to Apple or discussed the exhibit during the parties' meet and confer regarding trial exhibit translations. The parties must meet and confer regarding all trial exhibit translation disputes before filing an objection with the Court. |
| 19 | Sustained. Apart from the use of bright red, bolded, large font, Slide 19 is in all other respects identical to Slide 18 and is thus needlessly cumulative under FRE 403. |
| 58 | Sustained. Apple offers no rebuttal to Samsung's specific objections to the accuracy of the translation. |
| 67 | Overruled. Samsung's general objection to translation is vague and does not identify a specific basis for the objection. |

### 4. Objection No. 4[1]: Galaxy S i9000 [Slides 26 and 49]

| APPLE SLIDE NUMBER | Ruling |
|---|---|
| 26, 49 | Overruled. The Court has already denied Samsung's motion to exclude evidence of the Galaxy S i9000. *See* ECF No. 1267 at 2. |

### 5. Objection No. 5: PX 44 [Slides 33, 34, 35, 36, 37, and 67]

| APPLE SLIDE NUMBER | Ruling |
|---|---|
| 33 | Sustained. Evidence is not relevant to any of the asserted intellectual property in this case and is excluded under the Court's prior ruling on Samsung's motion in limine #1, *see* ECF No. 1267 at 3. |
| 34 | Sustained. Evidence is not relevant to any of the asserted intellectual property in this case and is excluded under the Court's prior ruling on Samsung's motion in limine #1, *see* ECF No. 1267 at 3. |
| 35 | Sustained. Evidence is not relevant to any of the asserted intellectual property in this case and is excluded under the Court's prior ruling on Samsung's motion in limine #1, *see* ECF No. 1267 at 3. |
| 36 | Sustained. Evidence is not relevant to any of the asserted intellectual property in this case and is excluded under the Court's prior ruling on Samsung's motion in limine #1, *see* ECF No. 1267 at 3. |
| 37 | Overruled. Evidence is relevant to alleged infringement of Apple's icon design patents and trade dress and to willfulness, and does not violate the Court's prior ruling on Samsung's motion in limine #1. |
| 67 | Overruled. Evidence is relevant to alleged infringement of the '163 patent and willfulness and does not violate the Court's prior ruling on Samsung's motion in limine #1. |

---

[1] Samsung's numbering of its objections omits numbers 4 and 13. This Order numbers Samsung's objections sequentially.

3

Case No.: 11-CV-01846-LHK
ORDER ON SAMSUNG'S OBJECTIONS TO APPLE'S OPENING SLIDES

### 6. Objection No. 6: Justin Denison testimony [Slides 41 and 42]

| APPLE SLIDE NUMBER | Ruling |
|---|---|
| 41-42 | Overruled.  Mr. Denison was Samsung's 30(b)(6) witness on Samsung's "imitation, copying, or emulation of any Apple product" during the preliminary injunction phase, and thus the quoted testimony is relevant at least to the four products that were at issue in the preliminary injunction phase.  Apple must clarify that the testimony is limited to certain IP rights and to certain accused products. |

### 7. Objection No. 7: Olympic torch [Slides 55, 56, 59, 60, 61, and 62]

| APPLE SLIDE NUMBER | Ruling |
|---|---|
| 55, 56, 59, 60, 61, 62 | Overruled.  Apple's decision to use the same photo on both phones is reasonable, as it focuses the jury's attention on the functionality, and use of the same photos will not mislead the jury under FRE 403. |

### 8. Objection No. 8: manipulated images of the phones at issue [Slides 26, 59-62, 69-72, and 75-78]

| APPLE SLIDE NUMBER | Ruling |
|---|---|
| 26, 59-62, 69-72, 75-78 | Overruled.  Consistent with the Court's previous ruling denying Samsung's motion in limine #7 (ECF No. 1267 at 5), Apple is not required to use actual products in its opening.  The jury will have the physical products to consider and compare during trial and deliberations, and thus use of the images during Apple's opening presentation is not unduly prejudicial under FRE 403. |

### 9. Objection No. 9: misstatement of law on damages [Slide 85]

| APPLE SLIDE NUMBER | Ruling |
|---|---|
| 85 | Sustained.  Notwithstanding Apple's explanation that it is seeking different forms of damages for different products, the slide is at best misleading and at worst a misrepresentation of the law on damages and is stricken under FRE 403. |

### 10. Objection No. 10: Dr. Ahn's testimony [Slides 92 and 98]

**United States District Court**
For the Northern District of California

| APPLE SLIDE NUMBER | Ruling |
|---|---|
| 92, 98 | Overruled. Samsung is free to counter-designate other testimony of Dr. Ahn or to call Dr. Ahn live at trial using the procedures established by the Court. |

**11. Objection No. 11: Slides 99-102**

| APPLE SLIDE NUMBER | Ruling |
|---|---|
| 99-102 | Overruled. Apple's use of these slides to illustrate the distinction between "apps" and the claimed "modes" of the '460 and '893 patents in support of Apple's non-infringement position is reasonable and does not risk misleading the jury into thinking Samsung is accusing third-party applications of infringement. |

**12. Objection No. 12: all slides containing exhibits to which Samsung previously objected**

Samsung has not provided the slide numbers nor articulated the bases for Samsung's catch-all objection. *See* ECF No. 1440 at 8. Thus, it appears that Samsung's catch-all objection does not apply to any slides that Apple intends to use in its opening statement. Moreover, Apple does not respond to Samsung's catch-all objection. Therefore, the Court will not rule on this catch-all objection. In the future, each party must articulate the bases for its objections rather than merely vaguely incorporate by reference previous objections.

**IT IS SO ORDERED.**

Dated: July 29, 2012

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

5
Case No.: 11-CV-01846-LHK
ORDER ON SAMSUNG'S OBJECTIONS TO APPLE'S OPENING SLIDES