UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| APPLE, INC., a California corporation, | ) | Case No.: 11-CV-01846-LHK |
|---|---|---|
| Plaintiff, | ) | ORDER ON APPLE'S OBJECTIONS TO SAMSUNG'S OPENING SLIDES |
| v. | ) | |
| SAMSUNG ELECTRONICS CO., LTD., A Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

### I. APPLE'S OBJECTIONS TO SAMSUNG'S OPENING SLIDES

Apple has filed objections to Samsung's Opening Slides. After reviewing the parties' briefing, considering the record in the case, and balancing the considerations set forth in Federal Rule of Evidence 403, the Court rules on Apple's objections as follows:

| SAMSUNG SLIDE NUMBER | COURT'S RULING ON OBJECTION |
|---|---|
| 5 | Overruled. Samsung has identified witnesses who will introduce this evidence. However, if Samsung has never produced in discovery the evidence to support the assertions in this slide, the Court will sustain Apple's objection. |
| 6 | Overruled. Samsung has identified witnesses who will introduce this evidence. However, if Samsung has never produced in discovery the evidence to support the assertions in this slide, the Court will sustain Apple's objection. |
| 8 | Overruled. Apple objects that the front view is misleading because the Federal |

1

Case No.: 11-CV-01846-LHK
ORDER ON APPLE'S OBJECTIONS TO SAMSUNG'S OPENING SLIDES

| | | |
|---|---|---|
| | | Circuit included and analyzed the side profile view in determining infringement of the D'087 Patent. However, the slide does not contain the D'087 patent, and therefore, Apple's reference to the Federal Circuit's discussion related to the D'087 Patent does not establish that the views are necessarily misleading and prejudicial. |
| | 9 | Sustained. Apple objects that the patent application No. 2004/0041504 should be excluded as it is being offered as an endrun around Judge Grewal's order striking expert reports based on untimely disclosed theories. Judge Grewal struck the expert reports relating to the '678 patent, which issued from the '504 application. Moreover, based on the context of the slide, the use of the evidence for another purpose, other than invalidity, would likely confuse the jury, and should be excluded based on FRE 403 grounds. |
| | 10 | Overruled. Consistent with this Court's ruling on the motions in limine (ECF No. 1267), the unreleased Samsung phones can be admissible to rebut allegations of copying, even if they do not meet the requirements of § 102. Moreover, the use of the term "mock-up" in the slides lessens potential juror confusion that all of the Samsung phones were released. However, if Samsung did not timely produce in discovery the images of the Flipper, Vessel, Card3, Warp, and Framer devices, the Court will sustain Apple's objection. |
| | 11-19 | Sustained. Pursuant to Judge Grewal's Order, theories of invalidity based on the evidence and references in slides 11-19 were not timely disclosed in Samsung's invalidity/non-infringement contentions and therefore are excluded. |
| | 20-22 | Sustained. The images of, and testimony regarding, the Sony style designs in the slides are excluded because of their untimely disclosure pursuant to Judge Grewal's Order. |
| | 24 | Sustained. The title of Samsung's slide is argumentative and somewhat misleading. |
| | 25-26 | Overruled. The title is not argumentative given the evidence presented in the body of the slide. |
| | 29 | Sustained. The title of the slide is argumentative. Moreover, Samsung does not even attempt to rebut Apple's objection that this slide's theory of non-infringement was never disclosed in Samsung's contention interrogatory responses or in Samsung's expert reports. Therefore, this evidence and theory are excluded. |
| | 30-31 | Overruled. Both parties will be permitted to use deposition testimony in the opening statements. Specific challenges to the witness's testimony (relating to hearsay or otherwise) may be presented using the procedures established by the Court. |
| | 38-40 | Sustained. Apple only asserts trade dress dilution, not trade dress infringement, as to the phones. Because phone confusion survey evidence is not legally relevant to Apple's dilution claim, the evidence is inadmissible pursuant to FRE 403. ECF No. 1157. |
| | 41-42 | Overruled. Although the relevant time period for establishing fame is the time at which the junior user initially uses the mark, the evidence cited could be admissible for other purposes, including lack of distinctiveness for allegedly ongoing dilution. |
| | 48-49 | Sustained. This is more appropriate for the closing argument. |
| | 50 | Sustained. Apple objects that the front view is misleading because the Federal |

2

Case No.: 11-CV-01846-LHK
ORDER ON APPLE'S OBJECTIONS TO SAMSUNG'S OPENING SLIDES

| | | |
|---|---|---|
| | | Circuit included and analyzed the side profile view in determining infringement of the D'087 Patent. This slide contains a figure from the D'087 Patent, and therefore, the Federal Circuit's discussion of the D'087 Patent suggests that the slide will be potentially misleading and confusing to the jury. This slide must be changed to address the objections raised by Apple, or excluded from the slide deck. |
| | 51 | Sustained. It does not appear that this theory of non-infringement was previously disclosed in Samsung's non-infringement contentions or in any expert report. Therefore, it is untimely and inadmissible. |
| | 58 | Overruled. Both parties will be permitted to use deposition testimony in the opening statement. Specific challenges to the witness's testimony (relating to hearsay or otherwise) may be presented using the procedures established by the Court. |
| | 60 | Sustained. The slide should be clarified to indicate that Figure 1 is only a color image. |
| | 63 | Overruled. Both parties will be permitted to use deposition testimony in the opening statement. Specific challenges to the witness's testimony (relating to hearsay or otherwise) may be presented using the procedures established by the Court. |
| | 77 | Sustained. The theory of non-infringement based on portrait v. landscape orientation of the tablet was never disclosed in discovery and cannot be raised for the first time in opening statements. |
| | 78 | Overruled. Both parties will be permitted to use deposition testimony in the opening statement. Specific challenges to the witness's testimony (relating to hearsay or otherwise) may be presented using the procedures established by the Court. |
| | 86 | Tentative Sustained in Part and Overruled in Part. To the extent that the video intended to be used at trial was never disclosed in discovery, it cannot be relied on by Samsung at trial (and is excluded from opening statements). However, it is ambiguous from the briefing whether the theory of invalidity based on FractalZoom was disclosed in discovery. If, as Samsung claims, FractalZoom is another term for Mandelbrot Application, this prior art reference was disclosed in discovery and was not subject to Judge Grewal's Order striking expert testimony. *See, e.g.*, ECF No. 1144 at 3-4. |
| | 92 | Overruled. The Court cannot access the video, but Samsung has indicated that the video is not being offered to prove the truth of the statements asserted in the video, but rather is being offered to show the Han prior art device. |
| | 97 | Overruled. The date on the slide is the provisional application date. |
| | 107-109 | Overruled. The dates of the Tablecloth appear to be at issue. Samsung may claim the date that it believes is the correct date, as long as it has a factual basis for its contention. As to the hearsay objection, Samsung has explained that it intends to introduce testimony from Dr. Forlines as to the statements on slide 108. |
| | 125, 134 | Overruled. Apple agreed to the deposition of third party witnesses, was involved in the deposition of third party Intel witnesses, conducted half the deposition, and did not object to the deposition even though it was several days after the close of fact discovery. |
| | 136 | Sustained. The title of the slide "Apple's FRAND and Exhaustion Defenses are |

3

Case No.: 11-CV-01846-LHK
ORDER ON APPLE'S OBJECTIONS TO SAMSUNG'S OPENING SLIDES

| | |
|---|---|
| | Meritless" is argumentative.  Samsung has agreed to provide a new title. |
| 140 | Sustained.  Samsung admits that the Apple patents are not asserted in this litigation.  This evidence is likely to cause undue confusion for the jury and to waste time.  Accordingly, this evidence is inadmissible under FRE 403. |
| 144-145, 153 | Overruled.  The slides do not depict the manufacturer of the phone – Samsung or otherwise.  Thus, it does not appear from the slides that Samsung is attempting to allege that it practices the relevant patents-in-suit.  Rather, the slides demonstrate the functionality of the patents. |
| 159 | Sustained.  The third bullet is misleading and argumentative. |
| 162 | Overruled.  Apple's objection is unclear. |
| 164 | Sustained.  This slide is argumentative and is improper for opening statement.  Additionally, the phrase "very small features among the hundreds of important factors" is vague and ambiguous. |
| 165 | Sustained.  This slide is argumentative and is improper for opening statement.  Moreover, the use of the term "essential" and "non-essential" is ambiguous and potentially misleading.  Additionally, the title of the slide is argumentative and potentially misleading as it is unclear to what "Total Profits" refers. |
| 166 | Sustained.  This slide is argumentative and is improper for opening statement.  Moreover, the use of the term "essential" and "non-essential" is ambiguous and potentially misleading.  Additionally, the title of the slide is argumentative and potentially misleading. |
| 167 | Overruled.  Both parties will be permitted to use deposition testimony in the opening statement.  Specific challenges to the witness's testimony (relating to hearsay or otherwise) may be presented using the procedures established by the Court. |
| 168 | Sustained.  The D'678 Patent is not asserted in this trial.  Thus, evidence regarding this unasserted patent is likely to cause undue confusion for the jury and to waste time.  Accordingly, this evidence is inadmissible under FRE 403. |

Additionally, the Court will instruct the jurors on the law.  It is improper for the parties to do so and to argue the law in opening statements.  Accordingly, any slide containing a statement of the law, not otherwise addressed in this Order, must also be excluded from Samsung's opening statement presentation.

**IT IS SO ORDERED.**

Dated: July 29, 2012

_Lucy H. Koh_
LUCY H. KOH
United States District Judge

4
Case No.: 11-CV-01846-LHK
ORDER ON APPLE'S OBJECTIONS TO SAMSUNG'S OPENING SLIDES