QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>  Plaintiff,<br><br>  vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>  Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S RESPONSES TO APPLE'S OBJECTIONS TO DESIGNATED CROSS EXAMINATION EXHIBITS OF CHRISTOPHER STRINGER** |

Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung") respectfully submits the following responses to the objections raised by Apple Inc. ("Apple") with respect to the exhibits designated for use during the cross-examination of Apple's designer, Christopher Stringer.   Apple's objections should be denied because Apple provides no basis for excluding any of them.

| Exhibit | Samsung's Response |
|---|---|
| DX504 | Judge Grewal's order cited by Apple (Dkt. 1144) granted Apple's motion to strike portions of Samsung's expert reports based on certain theories and/or prior art.   Judge Grewal's order did *not* exclude DX504 in its entirety or its admission into evidence through witnesses other than Samsung's experts.   Moreover, Samsung is entitled to use this reference for impeachment purposes in cross-examining Apple's design witnesses, including Mr. Stringer. |
| DX511 | DX511 is admissible for several reasons beyond serving as a primary reference in an invalidity analysis, including for establishing the level of ordinary skill, rebutting allegations of copying, and non-infringement.   Moreover, Samsung is entitled to use this reference for impeachment purposes in cross-examining Apple's design witnesses, including Mr. Stringer.   Accordingly, no limiting instruction is required, as Apple argues. |
| DX562 | Judge Grewal's order (Dkt. 1144) did not strike – and Apple's proposed order did not mention – DX562, which is an internal Apple e-mail regarding Sony's influences on Apple design.   This exhibit is relevant to at least design patent functionality and non-infringement, trade dress functionality, and alleged copying.   After having delayed production of emails and witnesses relating to the influence of Sony designs during fact discovery, Apple cannot now argue that Samsung's theories are untimely.   This is particularly true in the context of cross examination of witnesses, such as Mr. Stringer, who Apple offers to testify regarding the origins of the iPhone design. |
| DX623 | DX623 are CAD drawings reflecting Apple's attempts to emulate Sony designs.   This exhibit is admissible for all of the same reasons as DX562. |
| DX624 | DX624 is an article regarding the influence of Braun designs on Apple products.   This exhibit is relevant to at least design patent functionality and non-infringement, trade dress functionality, and alleged copying.   Contrary to Apple's arguments, DX624 was timely disclosed during expert discovery and marked during expert depositions.   Accordingly, Apple has had ample notice and ability to |

| | | |
|---|---|---|
| | | question Samsung's expert witnesses on this exhibit, including at the April 25, 2012 Deposition of Christopher Mount. Samsung is entitled to use this reference for impeachment purposes in cross-examining Apple's design witnesses, including Mr. Stringer. |
| | **DX628** | DX628 is relevant to invalidity and non-infringement of Apple's asserted design patents and trade dress.   This document was timely produced and marked during expert discovery, including at the April 27, 2012 Deposition of Russell Winer.   Samsung is entitled to use this reference for impeachment purposes in cross-examining Apple's design witnesses, including Mr. Stringer. |
| | **DX649** | DX649 is an article circulated among Apple designers regarding Sony's achievements in electronic design.   This exhibit is admissible for all of the same reasons as DX562. |
| | **DX678** | Contrary to Apple's argument, DX678 was not included in the prior art references stricken by Judge Grewal's Order.   Nor did Apple's proposed order mention this reference.   Apple's argument is merely an attempt to stretch the bounds of Judge Grewal's focused Order beyond all bounds to include virtually any prior art reference.   DX678 has not been excluded by any Order.   On the contrary, this exhibit was disclosed during the early stages of discovery, and is relevant to invalidity, non-infringement and other issues. |
| | **DX690** | DX690 is CAD drawings reflecting Apple's attempts to emulate Sony designs.   This exhibit is admissible for all of the same reasons as DX562. |
| | **DX691** | DX691 is a video clip in which the head of Apple industrial design, Jonathan Ive, discusses Apple's design concepts for the iPhone.   It is relevant to non-infringement, invalidity, functionality, and Apple's design influences.   Accordingly, DX691 is likely to be highly relevant to Mr. Stringer's testimony as a member of Apple's industrial design team. |
| | **DX708** | DX708 is an Apple report describing the results of a tear-down of a Samsung smartphone.   This report is relevant to at least copying and to impeach Mr. Stringer's testimony regarding Apple's analysis of competitor products. |
| | **DX740** | DX740 are photos of the 035 mockup that were prepared by Apple and submitted as part of the D'889 prosecution history. This exhibit is admissible for all of the same reasons as DX740. |
| | **DX741** | DX741 is the 035 mockup that Apple disclosed during prosecution as an embodiment of the D'889 patent.   This mockup is relevant to at least invalidity and non-infringement. Samsung has never been precluded from relying on the 035 mockup, as Apple contends.   Instead, Apple's previous |

| | | |
|---|---|---|
| | | attempt to exclude the 035 mockup and related evidence through its Motion in Limine No. 1, has already been denied by the Court.   These exhibits are admissible and relevant to the issues in this case, and are a proper subject for impeachment during the cross-examination of Mr. Stringer. |
| | **DX743** | DX743 is Apple's U.S. Patent Application No. 29/382,846.  It is relevant to at least validity and non-infringement of the D'889 patent.   Samsung is entitled to use this reference for impeachment purposes in cross-examining Apple's design witnesses, including Mr. Stringer. |
| | **JX1040** | JX1040 is the D'889 patent, an asserted patent in this case and a joint exhibit.   Apple's objection to its use for purposes of cross-examining Mr. Stringer, one of the 'D'889 inventors, is astounding.   The D'889 patent is plainly relevant to Apple's claim of infringement and Samsung's defenses, including invalidity.   Contrary to Apple's argument, no limiting instruction is required, or appropriate, regarding the admissibility of one of the three design patents in suit. |
| | **APL-ITC796-00000360** | This exhibit is Apple's D'678 patent, which is one of the asserted patents in the ITC-796 Investigation.   This patent should not be excluded under Apple's Motion in Limine No. 2 because it is not being used to limit the scope of the asserted patents in this action.   Samsung is entitled to use this reference for impeachment purposes in cross-examining Apple's design witnesses, including Mr. Stringer, regarding the design of the various versions of the iPhone. |
| | **APL-ITC796-00000442** | This exhibit is Apple's D'757 patent, which is one of the asserted patents in the ITC-796 Investigation.   This patent should not be excluded under Apple's Motion in Limine No. 2 because the D'757 patent, was filed *prior* to the D'677 and D'087 patents asserted in this case, not after.   Therefore, the Court's ruling on Motion in Limine No. 2 does not apply. |
| | **Apple's Responses to Interrogatory Nos. 1 and 4** | Apple's responses to these discovery requests are admissions that are relevant may be used to impeach its design witnesses, including Mr. Stringer, for the reasons in Section 1 below. |
| | **ITC 796 Witness Statement of Christopher Stringer** | Mr. Stringer's ITC witness statement is sworn testimony that is relevant and may be used for impeachment purposes for all the reasons discussed in Sections 1 and 2 below. |
| | **ITC Day 1 Hearing Transcript** | Mr. Stringer's ITC hearing testimony is sworn testimony that is relevant and may be used for impeachment purposes for all the reasons discussed in Sections 1 and 2 below. |
| | **ITC Exhibit RX-1894C** | This exhibit is CAD drawings reflecting Apple's attempts to emulate Sony designs.   This exhibit is admissible for all of the same reasons as DX562. |
| | **ITC Depositions of Christopher Stringer** | Mr. Stringer's ITC deposition testimony is sworn testimony that is relevant and may be used for impeachment purposes for all the reasons discussed in Sections 1 and 2 below. |

| | |
|---|---|
| **Exhibit 34 to the 2/15/2012 ITC Deposition of Christopher Stringer** | This exhibit to Mr. Stringer's ITC deposition testimony compares Apple designs to the prior art.  It is relevant to at least infringement and invalidity, and may be used for impeachment purposes for all the reasons discussed in Sections 1 and 2 below. |
| **5/2/2012 Deposition of Shin Nishibori** | The deposition testimony of Shin Nishibori, an unavailable witness, is relevant and admissible as an exception to the hearsay rule under Federal Rule of Evidence 804, as discussed below in Section 1.  It may also be used for impeachment of Apple's design witnesses, including Mr. Stringer. |

In addition to the exhibits listed in the chart above, Apple objects to two broader categories of materials that are proper for use in cross examination.

**1. Deposition Testimony and Discovery Responses in This Action**

Apple amazingly attempts to argue that properly designated discovery responses and deposition testimony of Mr. Stringer and other witnesses in this action should be excluded due to lack of foundation and as hearsay.  Apple's objections in this respect must fail.  Apple's discovery responses in this action are party admissions that Samsung timely designated for trial. It is well established under the Federal Rules of Civil Procedure that a deposition may be used by any party for the purpose of impeaching the testimony of the deponent as a witness.  Fed. R. Civ. P. 32(a)(1).  This is true even though the testimony is not otherwise admissible.  *Lewis v. United Air Lines Transport Corp.,* 27 F. Supp. 946 (D.Conn. 1939).  Apple's discovery responses and the deposition of Apple witnesses, including Mr. Stringer, in this action are relevant and admissible including as impeachment evidence.  Moreover, the deposition testimony of Shin Nishibori, an unavailable witness, is also properly admissible as an exception to the hearsay rule under Federal Rule of Evidence 804.

**2. Deposition and Hearing Testimony and Exhibits from the ITC-796 Investigation**

Apple claims that Samsung is not entitled to use admissions from Christopher Stringer's deposition, witness statement, or trial testimony or exhibits from the ITC 796 Investigation despite the clear relevance of these materials.  Apple has already advanced the argument that it should not be required to produce related deposition transcripts and court materials, and Judge Grewal has rejected it on multiple occasions.  In fact, Apple was recently sanctioned for refusing to produce

1  Apple employee depositions from related proceedings for use in this action.  Apple has no
2  legitimate basis for the exclusion of these documents, and simply wants to prevent material,
3  damaging admissions from coming to light.
4      Judge Grewal ordered Apple to produce all deposition transcripts with a "technological
5  nexus" to this case in the December 22, 2011 Order (Dkt. No. 536 at 5:10-19).  Apple continued
6  to withhold all deposition transcripts from the ITC 796 Investigation even though the D'678 and
7  D'757 patents asserted in that Investigation are virtually identical to the D'087 and D'677 patents.
8  These patents are purportedly embodied in the same versions of Apple's iPhone, relate to the same
9  front surface of electronic devices, have identical inventors, share the same or substantially similar
10 prior art, and are allegedly infringed by the same Samsung products.  On April 12, 2012, Judge
11 Grewal granted Samsung's motion to enforce the Court's December 22, 2011 order, and required
12 Apple to produce all transcripts with a technological nexus to this action, including the ITC 796
13 Investigation.  (Dkt. No. 867 at 9:22-23) ("Apple must produce the deposition transcripts from
14 the ITC 796 ITC Investigation.").  Apple's claim that Samsung is not entitled to use these plainly
15 relevant admissions is unsupported.
16     Mr. Stringer's witness statement and hearing testimony are also covered by Judge
17 Grewal's April 12 order compelling Apple to produce other materials from related proceedings.
18 Judge Grewal held that "[m]aterials from other actions that meet the technological nexus standard
19 are relevant, and in the case of court documents, the relevance is substantial enough to justify the
20 burden to Apple of producing them."  (Dkt. No. 867 at 11:21-23).  Mr. Stringer's witness
21 statement, hearing testimony and exhibits are plainly "court documents" contemplated by the
22 Order.  Nor can Apple deny that the ITC 796 Investigation has a technological nexus with this
23 case or that the contents of the documents are relevant.  Moreover, Apple's purported concern
24 about the ITC protective order is unavailing.  Apple raised this argument in its opposition to the
25 motion to compel, and Judge Grewal ordered the production of transcripts.  For the foregoing
26 reasons, Apple's attempt to prevent relevant admissions from being used in this action must be
27 denied.
28

DATED: July 30, 2012

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ Victoria F. Maroulis
    Charles K. Verhoeven
    Victoria F. Maroulis
    Kevin P.B. Johnson
    Michael T. Zeller
    Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC