| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781) | WILLIAM F. LEE |
| hmcelhinny@mofo.com | william.lee@wilmerhale.com |
| MICHAEL A. JACOBS (CA SBN 111664) | WILMER CUTLER PICKERING |
| mjacobs@mofo.com | HALE AND DORR LLP |
| RACHEL KREVANS (CA SBN 116421) | 60 State Street |
| rkrevans@mofo.com | Boston, MA 02109 |
| JENNIFER LEE TAYLOR (CA SBN 161368) | Telephone: (617) 526-6000 |
| jtaylor@mofo.com | Facsimile: (617) 526-5000 |
| ALISON M. TUCHER (CA SBN 171363) | |
| atucher@mofo.com | MARK D. SELWYN (SBN 244180) |
| RICHARD S.J. HUNG (CA SBN 197425) | mark.selwyn@wilmerhale.com |
| rhung@mofo.com | WILMER CUTLER PICKERING |
| JASON R. BARTLETT (CA SBN 214530) | HALE AND DORR LLP |
| jasonbartlett@mofo.com | 950 Page Mill Road |
| MORRISON & FOERSTER LLP | Palo Alto, California 94304 |
| 425 Market Street | Telephone: (650) 858-6000 |
| San Francisco, California 94105-2482 | Facsimile: (650) 858-6100 |
| Telephone: (415) 268-7000 | |
| Facsimile: (415) 268-7522 | |

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | Case No. 11-cv-01846-LHK |
| Plaintiff, | **APPLE'S RESPONSES TO SAMSUNG'S OBJECTIONS TO THE EXHIBITS AND DEMONSTRATIVES TO BE USED DURING THE EXAMINATIONS OF PHIL SCHILLER, PETER BRESSLER AND SUSAN KARE, AND JUSTIN DENISON** |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendants. | **APPLE'S RESPONSES TO SAMSUNG'S OBJECTIONS TO DEPOSITION TESTIMONY OF WOOKYUN KHO, JAEGWAN SHIN & QI LING** |
| | **Trial:** July 30, 2012<br>**Time:** 9:00 a.m.<br>**Place:** Courtroom 1, 5th Floor<br>**JUDGE:** HON. LUCY H. KOH |

Consistent with the Court's direction to the parties to streamline their trial presentations and minimize the number of exhibits, Apple has offered selected categories of admissible documents, photographs, and physical objects in summary form under Fed. R. Evid. 1006. This approach will "contribute[] to the clarity of the presentation to the jury" and "avoid[] needless consumption of time[.]" *United States v. Gardner*, 611 F.2d 770, 776 (9th Cir. 1980).

Samsung has objected to several of these exhibits and related demonstratives as allegedly improper summaries, but identified little or no basis for its objections during the parties' June 29, 2012 meet and confer and related correspondence. In all cases, Apple's summaries reflect evidence: (1) that is itself admissible; (2) that either is or has been available for Samsung's inspection or has been produced; and (3) is so voluminous that its entry at trial would burden the jury and bog down Apple's ability to present its case. For all these reasons, they satisfy the requirements of Rule 1006.

| Exs./ Demons. | Apple's Responses to Samsung's Specific Objections Raised during the Parties July 29, 2012 Meet and Confer |
|---|---|
| PX133-135, PX138, PX140-141, PDX1-3, PDX5-7 (Schiller) | The articles that comprise PX133-135, PX138, and PX140-141 and are quoted in PDX1-3 and PDX5-7 are not hearsay or are subject to a hearsay exception. As examples of press coverage that Apple's products have received, these articles are highly relevant under Rule 402 to Apple's claims for trade dress dilution. Third-party publicity is a relevant factor under 15 U.S.C. § 1125(c)(2)(A)(i). There is nothing unfairly prejudicial or misleading about these published articles, which are from reputable news sources. Given the standard for fame, Apple's selection of six articles is not cumulative. Mr. Schiller has personal knowledge of these articles and may sponsor them. |
| PX11, PDX11, PX125-128, PX129-132 (Schiller) | Samsung's objection to PX125, which was not identified on Mr. Schiller's exhibit list, is unnecessary and premature. As to the remainder, these ads are highly relevant to Apple's trade dress claims because extensive advertising is probative of secondary meaning and fame. *See, e.g.*, 15 U.S.C. § 1125(c)(2)(A)(i). Apple's examples establish the extensive promotion of its trade dress and thus are not cumulative. There is no risk of prejudice because jurors will be able to attribute proper weight to ads, which they encounter in everyday life. They also are not hearsay as they are not being offered for their truth but as examples of ads that Apple ran in the U.S. |

| | | |
|---|---|---|
| | PX12-14, PX17 (Schiller) | Apple's Rule 1006 exhibits are admissible for the reasons stated above. These documents are not hearsay because they are not being offered for their truth, but as examples of ads that Apple ran in the U.S. and press coverage that Apple's products have received. These ads, video clips, and articles are highly relevant under Rule 402 to Apple's claims for trade dress dilution as advertising and third-party publicity is a relevant factor under 15 U.S.C. § 1125(c)(2)(A)(i). As published clips and articles from reputable media sources, there is nothing unfairly prejudicial or misleading about these documents. There is no risk of prejudice with respect to the ads because jurors will be able to attribute proper weight to these types of documents. Given the standard for fame, the use of these compilations is not cumulative. |
| | PDX13 (Schiller) | Apple timely disclosed this demonstrative. There is nothing misleading about this demonstrative, which identifies overlapping trade channels for the parties' prodcuts. This demonstrative is directly relevant to the *Sleekcraft* factor for trade dress infringement regarding similarity of trade channels, and its relevance is not substantially outweighed by a risk of unfair prejudice, confusion, or delay. The source of this demonstrative is Mr. Schiller's forthcoming testimony. This demonstrative will not be entered into evidence, but will be used to guide the jury through Mr. Schiller's testimony. Mr. Schiller has personal knowledge of Apple and Samsung's respective trade channels and thus is a proper sponsoring witness. |
| | PDX10 (Schiller) | Apple timely disclosed this demonstrative. These charts incorporate information from PX143-146, which were timely disclosed in Mr. Schiller's exhibit list and to which Samsung has not objected. PDX10.1 and PDX10.2 incorporate information from PX144-146 and PX143-145, respectively. |
| | PX33 (Schiller) | Samsung objects to Apple's alleged failure to "identify the source" of this exhibit. As its Bates number indicates, however, this document was produced during discovery with a load file identifying its custodian. Mr. Schiller, Apple's Senior Vice President of Worldwide Marketing, also can speak to the accuracy of the information in this exhibit. |
| | PX16 (Schiller) | This chart accurately incorporates information from PX33; it is not misleading. Apple timely disclosed this exhibit with its trial exhibit list and with Mr. Schiller's exhibit list. |

| | | |
|---|---|---|
| | PX3/PX4 (Bressler) | These FRE 1006 exhibits summarize the voluminous number of phones and tablets considered by Apple's expert, Mr. Bressler, in his opening and rebuttal expert reports. Due to the sheer number of devices examined by Mr. Bressler, a summary of these devices will clarify for the jury issues related to infringement, copying, willfulness, and validity. There is nothing misleading about the sizing or presentation of the Apple products, and PX4 is straightforward images from the patent. The exhibits are not outside the scope of Mr. Bressler's expert reports, as they attached and he opined regarding similar exhibits. *See, e.g.,* Bressler Op. Report at Ex. 25 and 26; Reb. Report at Ex. 2 (Bartlett Decl. Exs. A-B). Nothing is untimely about the underlying exhibits, and they were not stricken by Court order. |
| | PX5/PX6 (Bressler) | The Court has already ruled on the relevance of the media articles that are summarized in these exhibits. (Dkt. No. 1267 at 3-4.) These FRE 1006 exhibits condense the voluminous articles cited by Apple's experts in their reports and are relevant to at least infringement, consumer confusion, copying, and willfulness. (Dkt. No. 1455 at 2.) |
| | Demons. 61-66 (Bressler) | Slides 61 to 66 are merely demonstrative versions of PX3 and PX4. As PX3 and PX4 are admissible for the reasons discussed above, demonstrative slides 61-66 are unobjectionable. |
| | PX7, PX21 (Kare) | Apple's summaries are proper under FRE 1006 for the reasons addressed above. These accused phones (which are, of course, Samsung's own phones) were disclosed in Apple's contention interrogatory responses and repeatedly made available for inspection by Samsung. The photographic summaries allow the jury to hold in one document a complete set of images for the numerous phones accused of infringement in this case, including all views of the hardware and each page of the accused application screens. This will make the presentation of evidence smoother and the receipt of evidence more convenient for the jury. For example, these summaries will allow the jury to study the universe of accused Samsung application screens together, without needing to turn on each physical device, navigating to each application screen, and passing the device amongst themselves. |
| | PX22 (Kare) | As with PX7 and PX21, this compilation of alternative GUI designs contains admissible evidence in the form of GUI designs and Samsung internal documents. It is much more convenient for the jury to have in a single summary these materials summarized from voluminous Samsung documents and different sources. |

APPLE'S RESPONSES TO SAMSUNG'S OBJECTIONS TO EXHIBITS AND DEMONSTRATIVES
CASE NO. 11-CV-01846-LHK (PSG)
sf-3176467

3

| | | |
|---|---|---|
| PX35, PX44 (Kare) | These are internal Samsung documents that show Samsung's copying of Apple's graphical user interface (GUI) designs.  As statements by Samsung's employees within the scope of their employment, they are party admissions and not hearsay.  Moreover, they are the type of documents reasonably relied upon by a GUI design expert to determine whether Samsung mimicked Apple's designs.  As such, they are admissible under FRE 703 because their probative value in showing Samsung's intent to copy Apple substantially outweighs any prejudicial effect.  With nearly 30 years of experience in icon and user interface graphic design, Dr. Kare is competent to opine on the designs shown in these documents.  These documents also are discussed in Dr. Kare's opening expert report. | |
| PX41, PX55 (Kare) | *See* response concerning PX35, PX44. | |
| Demons. 56 (Kare) | These demonstrative slides are admissible for the same reasons stated above for PX35 and PX44 with respect to Samsung's improper sponsoring witness, foundation, and competency objections.  They also are proper under Rules 803(6)(b) and 801(2). | |
| Demons. 3, 34, 43, 76-88 (Kare) | "Interactive" on these slides simply means that the order of slides may change to accommodate Ms. Kare's testimony.  Clicking on an interactive slide simply jumps to another slide in the demonstrative.  All slides that Apple may use with Ms. Kare, including those linked, have been provided. | |
| PX44 (Denison) | The Court has already considered PX44, a 132-page document detailing Samsung's intentional copying by comparing and then adopting Apple's software design.  PX44 is not hearsay because it is a party admission, and it was made by Samsung employees within the scope of their employment.  Apple will establish the foundation for PX44 with or use it for impeachment purposes with impeach Mr. Denison, STA's Chief Strategy Officer for STA and its 30(b)(6) witness on "Samsung's imitation, copying, or emulation" of Apple's products.  FRE 613 is inapplicable, as it relates to prior witness statements.  Samsung's objections that this exhibit is prejudicial under FRE 403, may confuse or distract, or is consumptive of Apple's time (in this timed trial) lack merit.  The extremely high probative value of this exhibit outweighs any risk of prejudice to Samsung. | |
| PX54 (Denison) | PX54 is not being used to prove the truth of the matter asserted.  The document bears on willfulness, as it shows that Samsung hired consultants to teach Samsung about the inner workings of Apple's business.  PX54 is also an adoptive admission.  Alternatively, PX54 is a business record made of regularly conducted market research.  FRE 613 is inapplicable, as it does not implicate a prior witness statement.  Samsung's boilerplate FRE 403 objection is meritless; the document is not prejudicial, confusing, distracting, or unduly consumptive of time. | |

| | | |
|---|---|---|
| | PX58, PX62 (Denison) | PX58 and PX62 are not hearsay, but party admissions. Both exhibits are either emails or presentations prepared by Denison or Denison's marketing team. Both were prepared by Samsung employees within the scope of their employment. |
| | General objection to "demonstratives" (Denison) | As Apple has already informed Samsung, Apple mistakenly labeled certain materials for impeachment with Mr. Denison or to refresh his recollection under the category "demonstratives." Samsung's general objection therefore is not well-taken. Apple's use of these documents will be proper under Rules 607 and 612. |
| | Playback of depo. testimony during Denison | Samsung's objection to the playback of deposition testimony of Jaegwan Shin, Qi Ling and Wookyun Kho during Mr. Denison's examination is both premature and improper. It is premature because Apple has not yet attempted to play any of these individual's depositions. Such testimony, in any event, may properly be used to impeach Mr. Denison if he states or suggests (as he did at his deposition as Samsung's corporate representative) that Samsung has never considered Apple's products. Each of Mr. Shin, Mr. Ling, and Mr. Kho testified at their depositions that they personally considered Apple's iPhone or iPad products in designing Samsung's products. |
| | Jaegwan Shin depo. objections | Samsung objects to the identified excerpts from Mr. Shin's testimony almost entirely on the basis that he is not an unavailable witness. But his testimony is an admissible party admission under Rule 801(d)(2)(D), and thus may be admitted regardless of availability. *See* Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence §804.04(c) (2d ed. 2002) (explaining admissibility of such evidence); *In re Coordinated Pretrial Proceedings in Petroleum Products Antitrust Litigation,* 906 F.2d 432, 458 (9th Cir. 1990) (admissible so long as "related to a matter within his scope of employment," even absent authority to bind the corporation). |
| | | Mr. Shin is a Senior Director at Samsung's the San Jose R&D center for its mobile division. Mr. Shin admitted that he used the iPad, iPod Touch, and iPhone 3G and 4S in developing Samsung's products. Mr. Shin's testimony does not assume facts – he conceded this use, repeatedly, in the cited clips and elsewhere at his deposition. *See, e.g.,* 23:14-18 ([Q] "Why did you use an iPad in connection with your work at Samsung?" [A] "As I mentioned earlier, in the course of development, we would make comparisons with the products of many other companies.") |
| | Qi Ling depo. objections | *See* Shin objections. Mr. Ling's testimony is admissible for the same reasons as Mr. Shin, regardless of his availability. Mr. Ling admitted that he used an iPad 2 in connection with his work at Samsung to "run a benchmark for the browser project." (24:17-20) |

| Wookyun Kho depo. objections | Samsung has objected to only one excerpt (49:7-23) based on his lack of foundation. Mr. Kho's testimony itself establishes the foundation for his admissions that he studied Apple's products in designing Samsung's bounce feature. *See* 49:10-19 ("At the time, I was involved in the work of improving the bouncing effect and iPhone and iPad had effects that were similar in appearance or the shape . . . ."). |
|---|---|

Dated: July 30, 2012                                     MORRISON & FOERSTER LLP


                                                         By:  /s/ *Michael A. Jacobs*
                                                              Michael A. Jacobs

                                                         Attorneys for Plaintiff
                                                         APPLE INC.