QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S MOTION FOR RECONSIDERATION AND OFFER OF PROOF** |

**INTRODUCTION**

The Court's Order striking numerous demonstrative exhibits from Samsung's proposed opening statement for the jury trial set to begin today threatens the fundamental fairness of this trial and will compromise the integrity of any verdict. The simultaneous submission of objections and responses was intended to be an avenue to resolve or minimize disputes over demonstrative exhibits. Instead, it has been converted into what has effectively became dozens of separate motions *in limine*, each of which was adjudicated based on the most cursory of submissions, and without affording any opportunity to respond directly to Apple's objections. The effect of the Court's ruling goes far beyond allowing or disallowing certain text or images to be published to the jury during opening statements. Rather, in granting a number of Apple's objections, the Court appears to have ruled that a wide swath of Samsung's trial evidence is inadmissible for *any* purpose, without allowing Samsung to call a single foundational witness or to demonstrate the various alternative purposes for which any given document or testimony may be introduced. The Court struck portions of the opening that show Samsung's independent development of the accused products at issue which was disclosed through document produced in discovery and depositions of witnesses with these very documents. The Court also struck portions of the opening regarding Sony-style designs the evidence of which Apple hid in discovery and only revealed to Samsung after multiple court orders by this Court and the ITC as detailed by Samsung's Opposition to Apple's recent Motion to Enforce.

The Court's ruling also directly contradicts evidentiary rulings this Court made on properly noticed and fully briefed motions *in limine*, in which it expressly held that evidence Apple sought to exclude *is* admissible for a variety of purposes, aside from as an invalidating prior art reference. Dkt. 1267, at 3. Indeed, the evidence that the Court now appears to have excluded from the case entirely is among the very evidence that the Court *previously* held *could* be introduced for purposes other than as prior art. Other evidence appears to have been barred notwithstanding undisputed timely production or even Apple's withdrawal of its objections. For the reasons set forth below, Samsung respectfully requests that this Court reconsider its exclusion of Samsung's demonstrative nos. 9, 11-22, 29 and 51.


**MOTION FOR RECONSIDERATION**

**Demonstrative Nos. 16-18:**   Samsung's demonstrative exhibits should not have been excluded under the plain language of this Court's ruling on Apple's Motion *in Limine* No. 3.   Dkt. 1267.   There, Apple sought to exclude, *inter alia*, Samsung's F700 device, "[i]nternal documents related to Samsung design concepts," and "an internal 'Samsung Mobile UX Group' document," on the basis that they were not prior art to the patents-in-suit.   *See* Dkt. 1184-3, at 6.   Samsung opposed Apple's motion, urging that "the primary relevance of these references is not related to prior art at all, and not reliant on expert testimony in any event, because they are evidence to rebut Apple's continued mantra that Samsung 'slavishly copied' Apple's designs."   Dkt. 1208-3, at 11. In the motion *in limine* briefing, Samsung specifically relied on trial exhibits 526, 522, and 625 as examples of evidence that is relevant for purposes other than as section 102 prior art.   *See id.*

The Court agreed, holding that while certain references did not qualify as prior art under 35 U.S.C. § 102, "[a]ll the evidence identified . . . ***is admissible for other purposes***, including to rebut an allegation of copying."   Dkt. 1267, at 3 (emphasis added).   Among the evidence that the Court held "admissible for other purposes" were the "internal documents related to Samsung design concepts" discussed at pages 39-40 of Mr. Sherman's report, a portion of which Samsung designated as trial exhibit 566.[1]   That exhibit contains the images that were included in Samsung's opening demonstrative nos. 16 through 18.   The Court has therefore already expressly held that the exhibit on which demonstrative nos. 16-18 are based is admissible for purposes other than serving as a prior art reference.   Dkt. 1267, at 3.

**Demonstrative Nos. 11-15:**   The same is true of the images depicted in demonstrative nos. 11-15.   Those images are not offered as section 102 prior art references, but rather as

---

[1]   *See* Dkt. 1184-3, at 6 (Apple's request to strike references from pages 39-40 of Mr. Sherman's report); Dkt. 940-3, at 39-40 (Mr. Sherman's report citing SAMNDCA00321457-656); TX 566 (comprised of SAMNDCA00321539-599).

evidence of independent creation and to rebut allegations of copying.[2]   Demonstratives 12-15 are based on Samsung's trial exhibits 522 and 625, which Samsung specifically argued were admissible for purposes other than as prior art.   Dkt. 1208-3, at 11.   Although the exhibit that supports demonstrative no. 11 – trial exhibit 596 – was not specifically identified in connection with Apple's Motion *in Limine* No. 3, the Court's holding applies foursquare to that exhibit, which, like the others discussed above, is not being offered as prior art, but rather to show independent creation and to rebut allegations of copying.   Because the Court has expressly held such use permissible even for references that do not qualify as prior art, the Court should have overruled Apple's objections to these demonstratives.

**Demonstrative Nos. 20-22:**   With respect to the deposition testimony given by named inventor Shin Nishibori depicted in Samsung's demonstrative nos. 20 and 21, Apple has conceded that its objection to the testimony as untimely was erroneous and has withdrawn it.   Dkt. 1437, at 7 ("Apple . . . withdraws its timeliness objection to Mr. Nishibori's testimony.").   Apple also confirmed that it does not object to trial exhibit 562, which is shown and quoted in demonstrative no. 22.   *See* Dkt. 1437, at 3 ("Apple's motion does not seek to exclude this email.").   The e-mail that comprises exhibit 562 is an Apple document, but it was not produced by Apple until the final day of fact discovery (along with hundreds of thousands of other pages), so there would have been no way for Samsung to have included it in an interrogatory response during the discovery period.   And Apple concedes that it did not seek to strike Mr. Sherman's reliance on this document for purposes of his opinion regarding design patent functionality.   Dkt. 1437, at 2-3 ("Mr. Sherman opined that the rounded corners of the iPhone were functional, supporting his opinion with reference to Mr. Howarth's email [Ex. 562], and Apple did not move to strike those portions of Mr. Sherman's report.").   Apple's objections to demonstrative nos. 20 and 22 should have been overruled.

---

[2]   To the extent the Court believes that the title of the demonstrative suggested otherwise, Samsung will agree to change the title to make clear that it is not seeking to use these images as prior art references.

Apple's objection to the "Sony-style" CAD images depicted in demonstrative no. 21 as stricken by Judge Grewal should be overruled as well. Although Judge Grewal's Order struck portions of Mr. Sherman's *invalidity* opinions based on certain prior art references, Judge Grewal did not hold that the underlying evidence was inadmissible for all purposes. Indeed, Apple appears to recognize this, as it elsewhere notes that Judge Grewal's order struck "invalidity theories based on Sony designs." Dkt. 1437, at 2. That is also consistent with this Court's ruling on Apple's Motion *in Limine* No. 3, which held that evidence in this case may be relevant and admissible, even if it does not qualify as section 102 prior art for purposes of invalidity. Dkt. 1267, at 3.

Nor would there have been any basis for striking this evidence for all purposes. Samsung has amply demonstrated such alternative, relevant purposes for the Sony CAD drawings. (Ex. 623). It is an Apple produced document that relates to the origins of the designs that Apple has put at issue. First, Apple has indicated that it intends to argue that Samsung's consideration of its competitors' products is evidence of "copying." Evidence demonstrating that Apple was also interested in, and inspired by, the designs of its competitors is relevant to rebut the inference of copying that Apple espouses against Samsung and to provide context for the jury to understand the evidence. Second, for these same reasons, evidence that Apple was interested in Sony design is relevant for purposes of rebutting Apple's purported evidence of willfulness. Third, the drawings are relevant for the limited purpose of rebutting or contextualizing evidence Apple plans to introduce regarding the development of the iPhone, including to refuting Apple's claims that the design was "revolutionary" and to impeaching the sworn testimony of Apple's designers that they did not look to any other designs when developing the iPhone. Finally, the evidence is independently relevant to support Mr. Sherman's timely-disclosed opinion regarding the functionality of the designs at issue, which Apple has conceded is not excluded. The Court should accordingly overrule Apple's objection to Samsung's demonstrative no. 21.

**Demonstrative No. 9:** Apple's representation that U.S. Pat. App. Pub. No. 2004/0041504 was untimely disclosed is simply false. Dkt. 1441, at 2. With the Court's permission, Samsung lodged this reference with the Court on October 17, 2011 to expand the

preliminary injunction record by adding a prior art reference relevant to both invalidity and non-infringement.  *See* Dkt. 306 at 1.   In response to the Court's December 2, 2011 order, Samsung e-filed the reference, as well as the other materials it had lodged with the Court.   Dkt. 456-9.  The Tung Declaration, which attached the '504 application as an exhibit, provided details about the filing date and inventorship of the application, and pointed out that the application disclosed a "flat, bezel-less front" with a transparent portion for the display along with a border portion.   The Tung declaration also identified the '504 application as relevant prior art for all three design patents at issue at the preliminary injunction stage, including D'889.   There is accordingly no basis on which to find the '504 application untimely or inadmissible.

**Demonstrative No. 29**:   Samsung's demonstrative no. 29 is based on Apple's publicly-filed application relating to its "home" button.   The document is relevant to Apple's trade dress claims, and to rebut allegations of copying and willfulness.   The document was produced during expert discovery as impeachment and rebuttal to Apple's expert Russell Winer's trade dress opinions, as well as to rebut news articles claiming close visual similarity.   The document underlying demonstrative no. 29 was used as an exhibit to Mr. Winer's deposition, and was also litigated in the investigation before the ITC.   Apple did not move to strike this document or theory before Judge Grewal.

**Demonstrative No. 51**:   Finally, the Court sustained Apple's objection to demonstrative no. 51 because it found that the non-infringement contentions depicted therein had not been previously disclosed in any non-infringement contentions or expert report.   Dkt. 1456, at 3.  This non-infringement theory was argued at the preliminary injunction stage, and Mr. Sherman submitted a declaration to the Court in which he noted the differences between the flush front face claimed by the D'087 patent and the "upper edge of the bezel of the Samsung Galaxy S 4G[,]" which Mr. Sherman noted was "slightly elevated above the front surface of the device."   Dkt. 172, at 39-41.   That is the precise non-infringement theory set forth in demonstrative no. 51.   Apple's objection should be overruled.

**OFFER OF PROOF**

Although Samsung believes that Apple's objections to the demonstrative exhibits discussed above should be rejected based on the Court's prior orders and the foregoing discussion alone, Samsung makes this additional offer of proof to address any doubt as to the timeliness of production and the manner in which the evidence discussed above will be presented.

Samsung can and will substantiate the following facts. The documents underlying demonstrative nos. 11-19 were produced on February 3, 2012, and include documents comprising trial exhibits 522, 566, 596, and 625. *See* Declaration of Brett Arnold in Support of Motion for Reconsideration and Offer of Proof ("Arnold Decl."), ¶ 3. Samsung plans to move the documents into evidence through the custodian of the files, Hyoung Shin Park. *See id.* ¶ 4. Ms. Park is on Samsung's "Will Call" list, and was timely deposed in this case on February 29, 2012, and in the related ITC proceeding on March 1, 2012, for approximately ten total hours on the record. *See id.* ¶5. In early September 2011, Samsung identified Ms. Park to Apple as a Samsung designer that worked on the F700 project. *See id.* ¶ 6.

With respect to the Court's denial of Apple's objection to Samsung's demonstrative no. 10, Samsung confirms that images of the Merit, Card3, and Flipper are included in trial exhibit 596, which was produced in this action on February 3, 2012. *See id.* ¶ 7. Images of the Vessel, Wrap, and Framer devices were also produced on February 3, 2012 as part of what has been marked as trial exhibit 522. *See id.*

DATED: July 30, 2012

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Victoria F. Maroulis*
Charles K. Verhoeven
Victoria F. Maroulis
Kevin P.B. Johnson
Michael T. Zeller
Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC