QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S RESPONSES TO APPLE'S OBJECTIONS TO EXHIBITS TO BE USED IN SAMSUNG'S DIRECT EXAMINATION OF JUSTIN DENISON** |

02198.51855/4880759.1

Case No. 11-cv-01846-LHK
SAMSUNG'S RESPONSES TO APPLE'S OBJECTIONS TO EXHIBITS TO BE USED IN SAMSUNG'S DIRECT EXAMINATION OF JUSTIN DENISON

Samsung hereby submits responses to Apple's objections to two exhibits Samsung intends to use during its direct examination of Justin Denison.

**DX627**

**(1) Authentication:** This exhibit consists of Best Buy advertisements for electronic devices including smartphones and tablet computers by various manufacturers other than Apple. Justin Denison was the Chief Strategy Officer for Samsung Telecommunications America, LLC ("STA") during the relevant time period. Part of his job responsibilities included monitoring and reviewing the competitive landscape, and gaining a general understanding of what devices were released by various manufacturers at any given time. He will testify that as part of this function, he would regularly review marketing by major electronics retailers, including Best Buy, and he will be able to lay a foundation for the advertisements comprising this exhibit by confirming based on his own personal experience that they are what they purport to be.

**(2) Relevance:** The wide variety of electronic devices depicted in this exhibit also is relevant to show that a number of third parties have used aspects of the trade dress claimed by Apple, and therefore that Apple's claimed trade dress lacks distinctiveness. The advertisements comprising this exhibit are also relevant to Samsung's state of mind, as they show that Samsung monitors the competitive marketplace on a regular basis as part of its effort to avoid intellectual property violations.

**(3) Certain phones excluded by MIL # 3:** Samsung does not intend to show any pages depicting phones that were excluded by the Court's ruling on MIL #3.

**DX 629**

**(1) Relevance:** This exhibit constitutes a Samsung television advertisement for its Galaxy S II, launched in the fall of 2011. The advertisement, part of Samsung's "Next Best Thing" campaign, is an explicit attempt by Samsung to draw distinction between Apple's iPhone and Samsung's product and to direct consumers to Samsung's product. It demonstrates differences between the products and shows that far from sowing confusion or engaging in deception or dilution Samsung actually is doing the opposite.

1    Apple does not dispute that the exhibit is relevant to show "Samsung's marketing channels,
2  Samsung's target consumers, and the competitive nature of the parties' respective products."
3  July 29, 2012 11:52 p.m. email from Taryn Rawson to Victoria Maroulis et al.   Rather, Apple
4  contends that the exhibit cannot be introduced to show lack of confusion or dilution.  *Id*.   But
5  Samsung does not intend to argue that this exhibit shows a lack of actual confusion or dilution.
6  Rather, the exhibit is relevant to Samsung's state of mind (intention), including to rebut Apple's
7  claims of willful infringement.

8    **(2) Hearsay:** The exhibit is not being offered for its truth.   Rather, as explained above, it
9  is being offered as relevant to Samsung's state of mind to avoid, rather than perpetuate, any
10 confusion or dilution with Apple's products.

11    **(3) Foundation:**   Mr. Denison, as STA's Chief Strategy Officer, has personal knowledge
12 regarding Samsung's marketing strategy generally, and the "Next Best Thing" campaign in
13 particular, and can authenticate this exhibit and testify to the intent behind its creation.

14    **(4) Apple's Proposed Limiting Instruction**:   Samsung objects to Apple's proposed
15 limiting instruction with regard to this exhibit, because the exhibit's relevance is not limited to the
16 topics Apple has identified – Samsung's marketing channels, Samsung's target consumers, and the
17 competitive nature of the parties' respective products.   At a minimum, as discussed above, the
18 exhibit is directly relevant to Samsung's state of mind.

20 DATED:   July 30, 2012      QUINN EMANUEL URQUHART &
                               SULLIVAN, LLP

22           By */s/ Victoria F. Maroulis*
               Charles K. Verhoeven
               Victoria F. Maroulis
               Kevin P.B. Johnson
               Michael T. Zeller
               Attorneys for SAMSUNG ELECTRONICS
               CO., LTD., SAMSUNG ELECTRONICS
               AMERICA, INC., and SAMSUNG
               TELECOMMUNICATIONS AMERICA, LLC