HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
JENNIFER LEE TAYLOR (CA SBN 161368)
jtaylor@mofo.com
ALISON M. TUCHER (CA SBN 171363)
atucher@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
JASON R. BARTLETT (CA SBN 214530)
jasonbartlett@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK<br><br>**APPLE'S OBJECTIONS TO THE EXHIBITS TO BE USED DURING THE DIRECT EXAMINATION OF JUSTIN DENISON**<br><br>Trial:      July 30, 2012<br>Time:     9:00 a.m.<br>Place:    Courtroom 1, 5th Floor<br>JUDGE: HON. LUCY H. KOH |

1    Apple does not object to the majority of Samsung's proposed exhibits for the direct
2  examination of Justin Denison.  Apple limits its objections to just two exhibits, and reserves it
3  objections as to a third.
4    DX627 is inadmissible for several reasons.  First, there is no proof that this exhibit (a
5  lengthy list of Best Buy circulars) is authentic under Rule 901.  Best Buy, not Samsung, produced
6  these documents, and no Best Buy employee was deposed or testified as to their authenticity.
7  Mr. Denison cannot authenticate these circulars (some of which are in Spanish).  Second, to the
8  extent to that Samsung seeks to use these exhibits to rely upon art or devices that Judge Grewal
9  has struck as not timely disclosed, Samsung's attempted use of this exhibit to discuss such art or
10 devices is improper.  (Dkt. No. 1144.)  For example, Judge Grewal struck Samsung's attempted
11 reliance on the iRiver U and YP-K3 mp3 player – but these devices appear at pages 362, 407, 598
12 and 123 of this exhibit.  To the extent the exhibit includes other prior art on which Samsung may
13 attempt to rely, such as the Sirius S50 mp3 player at page 123, that art was never disclosed.
14 Third, the exhibit is not relevant under Rules 402 and 403.  At most, the exhibit shows that
15 Samsung products were marketed by Best Buy, a fact which is not in dispute.  Fourth, the exhibit
16 (literally hundreds of pages of advertisements) attempts to skirt the Court's limit of 200 exhibits
17 per side and is not a Rule 1006 summary
18   DX629 is also inadmissible.  First, Samsung's television ads are not relevant for the
19 proffered purpose of showing "lack of confusion or dilution." (Dkt. No. 1285-1 at 11.)  Whether
20 or not Samsung's products infringe or dilute Apple's trade dress does not turn on the content of
21 Samsung's own ads.  Second, Mr. Denison is an improper witness to sponsor these ads, as he
22 testified during his deposition that he has no role in advertising.  *See, e.g.,* Jan. 25, 2012 Dep.
23 Tr. at 26-27 ("Q.  Is it part of your responsibility to determine the advertising that is done for
24 STA's productions in the United States?  A.  I'm not in charge of any advertising decisions. . . .
25 Q.  Is there any aspect of the advertising campaign for STA products that's done in the United
26 States that -- that you participate in?  A.  No.").  Third, these television ads are inadmissible
27 hearsay under Rule 802.  Should the exhibit come into evidence, Apple seeks a limiting
28 instruction under Rule 105 stating these ads are only relevant to show Samsung's marketing

1  channels, Samsung's target consumer, and the competitive nature of the parties' respective
2  products.
3       Apple does not object to DX684 (a depiction of various Samsung phones) because the
4  Court overruled Apple's objection to the demonstrative version in its July 29, 2012 ruling on
5  Apple's objections to Samsung's opening slides.  (Dkt. No. 1456 at 2 (discussing slide 10).)
6  Apple assumes that the Court has determined that this exhibit is admissible as a summary under
7  Rule 1006, and it notes that it has offered similar compilations.  If Apple's understanding of the
8  Court's ruling is incorrect, Apple objects to this exhibit under Rule 1006 as an inaccurate and
9  incomplete representation of Samsung's smartphone products.

Dated: July 30, 2012                MORRISON & FOERSTER LLP

By:  /s/ *Michael A. Jacobs*
        Michael A. Jacobs

Attorneys for Plaintiff
APPLE INC.

APPLE'S OBJECTIONS TO EXHIBITS TO BE USED DURING JUSTIN DENISON DIRECT EXAMINATION
CASE NO. 11-CV-01846-LHK
sf-3176445

2