# EXHIBIT 1

1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5  Kevin P.B. Johnson (Bar No. 177129)
   kevinjohnson@quinnemanuel.com
6  Victoria F. Maroulis (Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
7  555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, California  94065-2139
8  Telephone: (650) 801-5000
   Facsimile: (650) 801-5100
9
   Michael T. Zeller (Bar No. 196417)
10 michaelzeller@quinnemanuel.com
   865 S. Figueroa St., 10th Floor
11 Los Angeles, California 90017
   Telephone: (213) 443-3000
12 Facsimile: (213) 443-3100

13 Attorneys for SAMSUNG ELECTRONICS CO.,
   LTD., SAMSUNG ELECTRONICS AMERICA,
14 INC. and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC
15

16              UNITED STATES DISTRICT COURT

17      NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

18

19 APPLE INC., a California corporation,        CASE NO. 11-cv-01846-LHK

20            Plaintiff,                        **SAMSUNG'S OBJECTIONS TO APPLE'S**
                                                **NOTICE OF RULE 30(B)(6) DEPOSITION**
21         vs.                                  **OF SAMSUNG ELECTRONICS CO.,**
                                                **LTD. RELATING TO APPLE'S MOTION**
22 SAMSUNG ELECTRONICS CO., LTD., a             **FOR A PRELIMINARY INJUNCTION**
   Korean business entity; SAMSUNG
23 ELECTRONICS AMERICA, INC., a New
   York corporation; SAMSUNG
24 TELECOMMUNICATIONS AMERICA,
   LLC, a Delaware limited liability company,
25
              Defendant.
26

27

28

1    In accordance with Federal Rule of Civil Procedure 30(b)(6), Samsung Electronics Co.,

2  Ltd. ("Samsung") hereby serves its objections to the Notice of Rule 30(b)(6) Deposition of

3  Samsung Relating to Apple's Motion for a Preliminary Injunction served by Apple Inc. ("Apple")

4  on August 26, 2011.

5
                                    **GENERAL OBJECTIONS**
6
          Samsung makes the following general responses and objections ("General Objections") to
7
   each deposition topic listed in Apple's notice of deposition.  These General Objections are hereby
8
   incorporated into each specific response.  The assertion of the same, similar, or additional
9
   objections or partial responses to the individual deposition topics does not waive any of
10
   Samsung's General Objections.  Samsung reserves its right to object to any questions asked of any
11
   deponent during a deposition.
12
          1.    Samsung objects to the designation of Morrison & Foerster LLP's San Francisco,
13
   California, offices as the location for the deposition and to the deposition as "continu[ing] day-to-
14
   day until completed."  Samsung will confer with Apple on mutually-agreeable date(s), location(s),
15
   and times for the deposition.
16
          2.    Samsung objects to the "Definitions" contained in Apple's Notice of Rule 30(B)(6)
17
   Deposition of Samsung Electronics Co., Ltd. Relating to Apple's Motion for a Preliminary
18
   Injunction to the extent they are inconsistent with the Federal Rules of Civil Procedure.
19
          3.    Samsung objects to Apple's Definition of "Samsung," "You," "Your," and
20
   "Defendants" as overly broad to the extent it requires Samsung to pursue information from
21
   individuals no longer employed by Samsung whose data is not currently in the possession of
22
   Samsung. Samsung further objects to Apple's Definition of "Samsung," "You," "Your," and
23
   "Defendants" as overly broad, vague, and ambiguous to the extent it does not define "affiliates,"
24
   and also to the extent that it requires Samsung to potentially seek information from thousands of
25
   people.  Samsung will respond to interrogatories based on a reasonable inquiry of individuals
26
   expected to possess the requested information.
27
          4.    Samsung objects to Apple's definition of "Products at Issue" as overly broad and
28

1  neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, insofar

2  as it seeks information about these products "as released anywhere in the world" and is not

3  limited to products sold in the United States.

4       5.     Samsung objects to Apple's definition of "Hardware Design" as overly broad,

5  vague, and ambiguous insofar as it includes "all hardware, insignia or ornamentation thereon."

6       6.     Samsung objects to Apple's definition of "Relating," and each and every

7  interrogatory that uses the term "Relating," as overly broad, vague and ambiguous.

8       7.     Samsung further objects to this notice as improperly delayed.  Apple has known

9  about the Court's discovery schedule relating to Apple's motion for a preliminary injunction since

10  July 18, 2011.  While Apple had the opportunity to serve this notice at an earlier time, it waited

11  until the last possible date under the Court's Order to serve this deposition notice, along with

12  interrogatories and over 60 additional document requests.  This notice seeks information that

13  Apple could have requested at a much earlier date.  None of the topics below are dependent on

14  any arguments raised in Samsung's Opposition to Apple's preliminary injunction.  Therefore,

15  Samsung objects to Apple's bad faith in delaying service of this deposition notice.

16      Subject to the foregoing qualifications and General Objections and the specific objections

17  made below, Samsung objects and responds to Apple's Notice of Rule 30(b)(6) Deposition of

18  Samsung Relating to Apple's Motion for a Preliminary Injunction as follows:

19                                 **TOPICS**

20  **TOPIC NO. 1:**

21      Samsung's imitation, copying, or emulation of any Apple product in developing, creating,

22  or designing any of the Products at Issue.

23  **RESPONSE TO TOPIC NO. 1:**

24      In addition to its General Objections, which it hereby incorporates by reference, Samsung

25  objects to this topic to the extent that it seeks to elicit information subject to and protected by the

26  attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the

27  common interest doctrine, and/or any other applicable privilege or immunity.  Samsung further

28  objects to the topic as vague and ambiguous; for example, the terms "imitation, copying or

1  emulation" are vague and ambiguous.  Samsung further objects to the topic to the extent it seeks

2  information that is not relevant to the claims or defenses of any party and/or not reasonably

3  calculated to lead to the discovery of admissible evidence.  Samsung further objects to the topic as

4  overbroad in that it seeks information pertaining to products not at issue in Apple's motion for a

5  preliminary injunction and/or this litigation.  Samsung further objects to this topic as oppressive

6  and harassing inasmuch as it improperly and without basis implies Samsung engaged in copying

7  and other such activity.  Samsung further objects to the topic as overbroad in that it is not limited

8  to any reasonable time period and seeks information from time periods not at issue in Apple's

9  motion for a preliminary injunction and/or this litigation.

10       Subject to and without waiving the foregoing objections, and without representing that any

11  information responsive to the topic exists, Samsung will designate one or more witnesses on this

12  topic, limited to the features in the Products at Issue that Apple has accused of infringement in its

13  preliminary injunction motion and relating only to the following "Apple product(s)": the Apple

14  iPhone or iPad products.

15  **TOPIC NO. 2:**

16       The development and/or design of the Hardware Design of the Products at Issue.

17  **RESPONSE TO TOPIC NO. 2:**

18       In addition to its General Objections, which it hereby incorporates by reference, Samsung

19  objects to this topic to the extent that it seeks to elicit information subject to and protected by the

20  attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the

21  common interest doctrine, and/or any other applicable privilege or immunity.  Samsung further

22  objects to the topic as vague and ambiguous; for example, the terms "Hardware Design" is vague

23  and ambiguous.  Samsung further objects to the topic to the extent it seeks information that is not

24  relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the

25  discovery of admissible evidence.  Samsung further objects to the topic as overbroad in that it

26  seeks information pertaining to products released outside the U.S., which are not at issue in

27  Apple's motion for a preliminary injunction.

28

1        Subject to and without waiving the foregoing objections, and without representing that any

2   information responsive to the topic exists, Samsung will designate one or more witnesses on this

3   topic, limited to development or design activities relating to the features in the Products at Issue

4   that Apple has accused of infringement in its preliminary injunction motion .

5   **TOPIC NO. 3:**

6        The identity of the individuals involved in the development and/or design of the Hardware

7   Design of the Products at Issue and the roles and responsibilities of each.

8   **RESPONSE TO TOPIC NO. 3:**

9        In addition to its General Objections, which it hereby incorporates by reference, Samsung

10   objects to this topic to the extent that it seeks to elicit information subject to and protected by the

11   attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the

12   common interest doctrine, and/or any other applicable privilege or immunity.  Samsung further

13   objects to the topic as vague and ambiguous; for example, the term "Hardware Design" is vague

14   and ambiguous.  Samsung further objects to the topic to the extent it seeks information that is not

15   relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the

16   discovery of admissible evidence.  Samsung further objects to the topic as overbroad in that it

17   seeks information pertaining to products released outside the U.S., which are not at issue in

18   Apple's motion for a preliminary injunction.

19        Subject to and without waiving the foregoing objections, and without representing that any

20   information responsive to the topic exists, Samsung will designate one or more witnesses on this

21   topic, limited to activities relating to the features in the Products at Issue that Apple has accused of

22   infringement in its preliminary injunction motion.

23   **TOPIC NO. 4:**

24        The identity of the individuals involved in marketing the Products at Issue and the roles

25   and responsibilities of each.

26   **RESPONSE TO TOPIC NO. 4:**

27        In addition to its General Objections, which it hereby incorporates by reference, Samsung

28   objects to this topic to the extent that it seeks to elicit information subject to and protected by the

1  attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the

2  common interest doctrine, and/or any other applicable privilege or immunity.  Samsung further

3  objects to the topic as vague and ambiguous; for example, the term "marketing" is vague and

4  ambiguous.  Samsung further objects to the topic to the extent it seeks information that is not

5  relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the

6  discovery of admissible evidence.  Samsung further objects to the topic as overbroad in that it

7  seeks information pertaining to products released outside the U.S., which are not at issue in

8  Apple's motion for a preliminary injunction.

9          Subject to and without waiving the foregoing objections, and without representing that any

10  information responsive to the topic exists, Samsung will designate one or more witnesses on this

11  topic, limited to identifying the primary individuals responsible for activities relating to the

12  Products at Issue.

13  **TOPIC NO. 5:**

14          The development and/or design of features in the Products at Issue relating to (1) the

15  functionality that allows for a list to be scrolled beyond its terminus or a document to be translated

16  beyond its edge until the list or document is partially displayed; and (2) functionality that allows

17  for a list that is scrolled beyond its terminus to scroll back or bounce back into place or for a

18  document that is translated beyond its edge to translate back or bounce back so that the list or

19  document returns to fill the screen.

20  **RESPONSE TO TOPIC NO. 5:**

21          In addition to its General Objections, which it hereby incorporates by reference, Samsung

22  objects to this topic to the extent that it seeks to elicit information subject to and protected by the

23  attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the

24  common interest doctrine, and/or any other applicable privilege or immunity.  Samsung objects to

25  this Request on the grounds that it is vague, ambiguous, or overly broad with regard to the terms

26  "scrolled beyond its terminus" or "translated beyond its edge" or "translate back" or

27  "functionality."  Samsung further objects to the topic to the extent it seeks information that is not

28  relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the

1  discovery of admissible evidence.  Samsung further objects to the topic as overbroad in that it

2  seeks information pertaining to products released outside the U.S., which are not at issue in

3  Apple's motion for a preliminary injunction.

4       Subject to and without waiving the foregoing objections, and without representing that any

5  information responsive to the topic exists, Samsung will designate one or more witnesses on this

6  topic, limited to activities relating to the Products at Issue.

7  **TOPIC NO. 6:**

8       Aesthetic, functional, and cost considerations that affected, constrained, or altered the

9  Hardware Design of the Galaxy S 4G, Infuse 4G, and Galaxy Tab 10.1.

10  **RESPONSE TO TOPIC NO. 6:**

11       In addition to its General Objections, which it hereby incorporates by reference, Samsung

12  objects to this topic to the extent that it seeks to elicit information subject to and protected by the

13  attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the

14  common interest doctrine, and/or any other applicable privilege or immunity.  Samsung objects to

15  this Request on the grounds that it is vague and ambiguous with regard to the terms "aesthetic,

16  functional, and cost considerations" or "affected, constrained, or altered" or "Hardware Design."

17  Samsung further objects to the topic to the extent it seeks information that is not relevant to the

18  claims or defenses of any party and/or not reasonably calculated to lead to the discovery of

19  admissible evidence.  Samsung further objects to the topic as overbroad in that it seeks

20  information pertaining to products released outside the U.S., which are not at issue in Apple's

21  motion for a preliminary injunction.

22       Subject to and without waiving the foregoing objections, and without representing that any

23  information responsive to the topic exists, Samsung will designate one or more witnesses on this

24  topic, limited to activities relating to the features in the Products at Issue that Apple has accused of

25  infringement in its preliminary injunction motion.

26  **TOPIC NO. 7:**

27       Alternative Hardware Designs considered by Samsung during the development of the

28  Galaxy S 4G, Infuse 4G, and Galaxy Tab 10.1.

**RESPONSE TO TOPIC NO. 7:**

In addition to its General Objections, which it hereby incorporates by reference, Samsung objects to this topic to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity.  Samsung objects to this Request on the grounds that it is vague and ambiguous with regard to the term "Hardware Designs."  Samsung further objects to the topic to the extent it seeks information that is not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.  Samsung further objects to the topic as overbroad in that it seeks information pertaining to products released outside the U.S., which are not at issue in Apple's motion for a preliminary injunction.

Subject to and without waiving the foregoing objections, and without representing that any information responsive to the topic exists, Samsung will designate one or more witnesses on this topic, limited to the features in the Products at Issue that Apple has accused of infringement in its preliminary injunction motion.

**TOPIC NO. 8:**

Alternative user interfaces considered by Samsung during the development of the Galaxy S 4G, Infuse 4G, Droid Charge, and Galaxy Tab 10.1.

**RESPONSE TO TOPIC NO. 8:**

In addition to its General Objections, which it hereby incorporates by reference, Samsung objects to this topic to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity.  Samsung objects to this Request on the grounds that it is vague and ambiguous with regard to the term "user interfaces."  Samsung further objects to the topic to the extent it seeks information that is not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.  Samsung further objects to the topic as overbroad in that it

1  seeks information pertaining to products released outside the U.S., which are not at issue in

2  Apple's motion for a preliminary injunction.

3       Subject to and without waiving the foregoing objections, and without representing that any

4  information responsive to the topic exists, Samsung will designate one or more witnesses on this

5  topic, limited to the features in the Products at Issue that Apple has accused of infringement in its

6  preliminary injunction motion.

7  **TOPIC NO. 9:**

8       Any reference to or consideration of an Apple product during the design of the Products at

9  Issue.

10  **RESPONSE TO TOPIC NO. 9:**

11       In addition to its General Objections, which it hereby incorporates by reference, Samsung

12  objects to this topic to the extent that it seeks to elicit information subject to and protected by the

13  attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the

14  common interest doctrine, and/or any other applicable privilege or immunity.  Samsung objects to

15  this Request on the grounds that it is vague, ambiguous or overly broad with regard to the terms

16  "reference to" or "consideration."  Samsung further objects to the topic to the extent it seeks

17  information that is not relevant to the claims or defenses of any party and/or not reasonably

18  calculated to lead to the discovery of admissible evidence.  Samsung further objects to the topic as

19  overbroad in that it seeks information pertaining to products not at issue in Apple's motion for a

20  preliminary injunction and/or this litigation.  Samsung further objects to the topic as overbroad in

21  that it is not limited to any reasonable time period and seeks documents and things from time

22  periods not at issue in Apple's motion for a preliminary injunction and/or this litigation.  Samsung

23  further objects to the topic as overbroad in that it seeks information pertaining to products released

24  outside the U.S., which are not at issue in Apple's motion for a preliminary injunction.

25       Subject to and without waiving the foregoing objections, and without representing that any

26  information responsive to the topic exists, Samsung will designate one or more witnesses on this

27  topic, limited to the features in the Products at Issue that Apple has accused of infringement in its

28

1   preliminary injunction motion and relating only to the following "Apple product(s)": the Apple

2   iPhone or iPad products.

3   **TOPIC NO. 10:**

4       Your awareness of any of the Patents at Issue.

5   **RESPONSE TO TOPIC NO. 10:**

6       In addition to its General Objections, which it hereby incorporates by reference, Samsung

7   objects to this topic to the extent that it seeks to elicit information subject to and protected by the

8   attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the

9   common interest doctrine, and/or any other applicable privilege or immunity.  Samsung objects to

10  this Request on the grounds that it is vague, ambiguous or overly broad with regard to the term

11  "awareness."  Samsung further objects to the topic to the extent it seeks information that is not

12  relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the

13  discovery of admissible evidence.  Samsung further objects to the topic as overbroad in that it is

14  not limited to any reasonable time period and seeks documents and things from time periods not at

15  issue in Apple's motion for a preliminary injunction and/or this litigation.

16      Subject to and without waiving the foregoing objections, and without representing that any

17  information responsive to the topic exists, Samsung will meet and confer with Apple regarding

18  what testimony Apple seeks with this topic, and how that testimony is relevant to Apple's motion

19  for a preliminary injunction.

20  **TOPIC NO. 11:**

21      Your analysis, review, consideration, or copying of, or comparison against, any Apple

22  product or product feature with respect to any features of the Products at Issue, including (1) their

23  Hardware Design; (2) the functionality that allows for a list to be scrolled beyond its terminus or a

24  document to be translated beyond its edge until the list or document is partially displayed; and (3)

25  functionality that allows for a list that is scrolled beyond its terminus to scroll back or bounce back

26  into place or for a document that is translated beyond its edge to translate back or bounce back so

27  that the list or document returns to fill the screen.

28

**RESPONSE TO TOPIC NO. 11:**

In addition to its General Objections, which it hereby incorporates by reference, Samsung objects to this topic to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity.  Samsung objects to this Request on the grounds that it is vague, ambiguous or overly broad with regard to the terms "analysis, review, consideration," "Hardware Design," "scrolled beyond its terminus," "translated beyond its edge," or "functionality."  Samsung further objects to the topic to the extent it seeks information that is not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.  Samsung further objects to the topic as overbroad in that it seeks information pertaining to products not at issue in Apple's motion for a preliminary injunction and/or this litigation.  Samsung further objects to this topic as oppressive and harassing inasmuch as it implies Samsung engaged in copying and other such activity. Samsung further objects to the topic as overbroad in that it is not limited to any reasonable time period and seeks documents and things from time periods not at issue in Apple's motion for a preliminary injunction and/or this litigation.  Samsung further objects to the topic as overbroad in that it seeks information pertaining to products released outside the U.S., which are not at issue in Apple's motion for a preliminary injunction.

Subject to and without waiving the foregoing objections, and without representing that any information responsive to the topic exists, Samsung will designate one or more witnesses on this topic, limited to the features in the Products at Issue that Apple has accused of infringement in its preliminary injunction motionand relating only to the following "Apple product(s)": the Apple iPhone or iPad products.

**TOPIC NO. 12:**

Your communications with Apple relating to the Patents at Issue.

**RESPONSE TO TOPIC NO. 12:**

In addition to its General Objections, which it hereby incorporates by reference, Samsung objects to this topic to the extent that it seeks information that are not relevant to the claims or

-10-                    Case No. 11-cv-01846-LHK
SAMSUNG'S OBJ. TO APPLE'S NOTICE OF RULE 30(B)(6) DEPOSITION

1  defenses of any party and/or not reasonably calculated to lead to the discovery of admissible

2  evidence.  Samsung further objects to the topic to the extent it seeks communications equally or

3  more readily available to Apple than to Samsung.  Samsung further objects to the topic as

4  overbroad in that it is not limited to any reasonable time period and seeks information from time

5  periods not at issue in Apple's motion for a preliminary injunction and/or this litigation.  Samsung

6  further objects to the topic as overbroad in that it seeks information pertaining to products released

7  outside the U.S., which are not at issue in Apple's motion for a preliminary injunction.

8         Subject to and without waiving the foregoing objections, and without representing that any

9  information responsive to the topic exists, Samsung will designate one or more witnesses on this

10  topic.

11  **TOPIC NO. 13:**

12         Your communications with Apple relating to the Products at Issue.

13  **RESPONSE TO TOPIC NO. 13:**

14         In addition to its General Objections, which it hereby incorporates by reference, Samsung

15  objects to this topic to the extent that it seeks information that are not relevant to the claims or

16  defenses of any party and/or not reasonably calculated to lead to the discovery of admissible

17  evidence.  Samsung further objects to the topic as overbroad in that it seeks information regarding

18  products not at issue in Apple's motion for a preliminary injunction.  Samsung further objects to

19  the topic to the extent it seeks communications equally or more readily available to Apple than to

20  Samsung.  Samsung further objects to the topic as overbroad in that it is not limited to any

21  reasonable time period and seeks information from time periods not at issue in Apple's motion for

22  a preliminary injunction and/or this litigation.  Samsung further objects to the topic as overbroad

23  in that it seeks information pertaining to products released outside the U.S., which are not at issue

24  in Apple's motion for a preliminary injunction.

25         Subject to and without waiving the foregoing objections, and without representing that any

26  information responsive to the topic exists, Samsung will designate one or more witnesses on this

27  topic, limited to the features in the Products at Issue that Apple has accused of infringement in its

28  preliminary injunction motion.

1    **TOPIC NO. 14:**

2        Any customer surveys, market studies, market analyses, or other investigations conducted

3    by Samsung or on behalf of Samsung relating to the Products at Issue.

4    **RESPONSE TO TOPIC NO. 14:**

5        In addition to its General Objections, which it hereby incorporates by reference, Samsung

6    objects to this topic to the extent that it seeks to elicit information subject to and protected by the

7    attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the

8    common interest doctrine, and/or any other applicable privilege or immunity.  Samsung objects to

9    this Request on the grounds that it is vague, ambiguous or overly broad with regard to the terms

10   "market studies" or "market analyses" or "investigations."  Samsung further objects to the topic to

11   the extent it seeks information that is not relevant to the claims or defenses of any party and/or not

12   reasonably calculated to lead to the discovery of admissible evidence.  Samsung further objects to

13   the topic as overbroad in that it seeks information pertaining to products not at issue in Apple's

14   motion for a preliminary injunction and/or this litigation.  Samsung further objects to the topic as

15   overbroad in that it is not limited to any reasonable time period and seeks documents and things

16   from time periods not at issue in Apple's motion for a preliminary injunction and/or this litigation.

17   Samsung further objects to the topic as overbroad in that it seeks information pertaining to

18   products released outside the U.S., which are not at issue in Apple's motion for a preliminary

19   injunction.

20       Subject to and without waiving the foregoing objections, and without representing that any

21   information responsive to the topic exists, Samsung will meet and confer with Apple regarding

22   what testimony Apple seeks with this topic, and how that testimony is relevant to Apple's motion

23   for a preliminary injunction.

24   **TOPIC NO. 15:**

25       Any reference to Apple or Apple products in advertising of the Products at Issue.

26   **RESPONSE TO TOPIC NO. 15:**

27       In addition to its General Objections, which it hereby incorporates by reference, Samsung

28   objects to this topic to the extent that it seeks information that is not relevant to the claims or

SAMSUNG'S OBJ. TO APPLE'S NOTICE OF RULE 30(B)(6) DEPOSITION

1   defenses of any party and/or not reasonably calculated to lead to the discovery of admissible

2   evidence.  Samsung further objects to the topic as overbroad in that it seeks information pertaining

3   to products not at issue in Apple's motion for a preliminary injunction and/or this litigation.

4   Samsung further objects to the topic as overbroad in that it is not limited to any reasonable time

5   period and seeks documents and things from time periods not at issue in Apple's motion for a

6   preliminary injunction and/or this litigation.  Samsung further objects to the topic to the extent it

7   seeks publicly available information equally or more readily available to Apple than to Samsung.

8   Samsung further objects to the topic as overbroad in that it seeks information pertaining to

9   products released outside the U.S., which are not at issue in Apple's motion for a preliminary

10   injunction.

11          Subject to and without waiving the foregoing objections, and without representing that any

12   information responsive to the topic exists, Samsung will meet and confer with Apple regarding

13   what testimony Apple seeks with this topic, and how that testimony is relevant to Apple's motion

14   for a preliminary injunction.

15   **TOPIC NO. 16:**

16          Your identification or analysis of the market or markets to which Samsung intends to sell

17   the Products at Issue.

18   **RESPONSE TO TOPIC NO. 16:**

19          In addition to its General Objections, which it hereby incorporates by reference, Samsung

20   objects to this topic to the extent that it seeks to elicit information subject to and protected by the

21   attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the

22   common interest doctrine, and/or any other applicable privilege or immunity.  Samsung objects to

23   this Request on the grounds that it is vague, ambiguous or overly broad with regard to the terms

24   "analysis" or "market or markets."  Samsung further objects to the topic to the extent it seeks

25   information that is not relevant to the claims or defenses of any party and/or not reasonably

26   calculated to lead to the discovery of admissible evidence.  Samsung further objects to the topic as

27   overbroad in that it seeks information pertaining to products not at issue in Apple's motion for a

28   preliminary injunction and/or this litigation.  Samsung further objects to the topic as overbroad in

1   that it is not limited to any reasonable time period and seeks documents and things from time

2   periods not at issue in Apple's motion for a preliminary injunction and/or this litigation.  Samsung

3   further objects to the topic as overbroad in that it seeks information pertaining to products released

4   outside the U.S., which are not at issue in Apple's motion for a preliminary injunction.

5          Subject to and without waiving the foregoing objections, and without representing that any

6   information responsive to the topic exists, Samsung will designate one or more witnesses on this

7   topic.

8   **TOPIC NO. 17:**

9          Samsung's smartphones [*sic*] and tablet computer market share.

10  **RESPONSE TO TOPIC NO. 17:**

11         In addition to its General Objections, which it hereby incorporates by reference, Samsung

12  objects to this topic to the extent that it seeks to elicit information subject to and protected by the

13  attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the

14  common interest doctrine, and/or any other applicable privilege or immunity.  Samsung further

15  objects to the topic to the extent it seeks information that is not relevant to the claims or defenses

16  of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

17  Samsung further objects to the topic as overbroad in that it seeks information pertaining to

18  products not at issue in Apple's motion for a preliminary injunction and/or this litigation.

19  Samsung further objects to the topic as overbroad in that it is not limited to any reasonable time

20  period and seeks documents and things from time periods not at issue in Apple's motion for a

21  preliminary injunction and/or this litigation.  Samsung further objects to the topic as overbroad in

22  that it seeks information pertaining to products released outside the U.S., which are not at issue in

23  Apple's motion for a preliminary injunction.

24         Subject to and without waiving the foregoing objections, and without representing that any

25  information responsive to the topic exists, Samsung will designate one or more witnesses on this

26  topic, limited to the Products at Issue.

27

28

1   **TOPIC NO. 18:**

2        Any instances of consumer confusion in which Samsung was made aware that a person

3   confused an Apple product for a Product at Issue, or a Product at Issue for an Apple product.

4   **RESPONSE TO TOPIC NO. 18:**

5        In addition to its General Objections, which it hereby incorporates by reference, Samsung

6   objects to this topic to the extent that it seeks to elicit information subject to and protected by the

7   attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the

8   common interest doctrine, and/or any other applicable privilege or immunity.  Samsung objects to

9   this Request on the grounds that it is vague, ambiguous or overly broad with regard to the term

10  "customer confusion."  Samsung further objects to this topic to the extent that it seeks information

11  that is not relevant to the claims or defenses of any party and/or not reasonably calculated to lead

12  to the discovery of admissible evidence.  Samsung further objects to the topic as overbroad in that

13  it seeks information pertaining to products not at issue in Apple's motion for a preliminary

14  injunction and/or this litigation.  Samsung further objects to the topic as overbroad in that it is not

15  limited to any reasonable time period and seeks documents and things from time periods not at

16  issue in Apple's motion for a preliminary injunction and/or this litigation.  Samsung further

17  objects to the topic as overbroad in that it seeks information pertaining to products released

18  outside the U.S., which are not at issue in Apple's motion for a preliminary injunction.

19       Subject to and without waiving the foregoing objections, and without representing that any

20  information responsive to the topic exists, Samsung will meet and confer with Apple regarding

21  what testimony Apple seeks with this topic, and how that testimony is relevant to Apple's motion

22  for a preliminary injunction.

23  **TOPIC NO. 19:**

24       Marketing and promotion of the Products at Issue.

25  **RESPONSE TO TOPIC NO. 19:**

26       In addition to its General Objections, which it hereby incorporates by reference, Samsung

27  objects to this topic to the extent that it seeks to elicit information subject to and protected by the

28  attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the

1   common interest doctrine, and/or any other applicable privilege or immunity.  Samsung objects to

2   this Request on the grounds that it is vague, ambiguous or overly broad with regard to the terms

3   "marketing" or "promotion."  Samsung further objects to the topic to the extent it seeks

4   information that is not relevant to the claims or defenses of any party and/or not reasonably

5   calculated to lead to the discovery of admissible evidence.  Samsung further objects to the topic as

6   overbroad in that it seeks information pertaining to products not at issue in Apple's motion for a

7   preliminary injunction and/or this litigation.  Samsung further objects to the topic as overbroad in

8   that it is not limited to any reasonable time period and seeks documents and things from time

9   periods not at issue in Apple's motion for a preliminary injunction and/or this litigation.  Samsung

10  further objects to the topic as overbroad in that it seeks information pertaining to products released

11  outside the U.S., which are not at issue in Apple's motion for a preliminary injunction.

12          Subject to and without waiving the foregoing objections, and without representing that any

13  information responsive to the topic exists, Samsung will designate one or more witnesses on this

14  topic, limited to general marketing and promotion of the Products at Issue.

15  DATED: August 31, 2011                    Respectfully submitted,

16                                            QUINN EMANUEL URQUHART &
                                              SULLIVAN, LLP
17

18

19                                            By   */s/ Victoria Maroulis*
                                                  Charles K. Verhoeven
20                                                Kevin P.B. Johnson
                                                  Victoria F. Maroulis
21                                                Michael T. Zeller
22                                                Attorneys for SAMSUNG ELECTRONICS CO.,
                                                  LTD., SAMSUNG ELECTRONICS AMERICA,
23                                                INC. and SAMSUNG
                                                  TELECOMMUNICATIONS AMERICA, LLC
24

25

26

27

28

SAMSUNG'S OBJ. TO APPLE'S NOTICE OF RULE 30(B)(6) DEPOSITION

1    **<u>CERTIFICATE OF SERVICE</u>**

2         I hereby certify that on August 31, 2011, I caused **SAMSUNG'S OBJECTIONS TO**

3    **APPLE'S NOTICE OF RULE 30(B)(6) DEPOSITION OF SAMSUNG ELECTRONICS**

4    **CO., LTD. RELATING TO APPLE'S MOTION FOR A PRELIMINARY INJUNCTION** to

5    be electronically served on the following via email:

6    **ATTORNEYS FOR APPLE INC.**

7    HAROLD J. MCELHINNY
     hmcelhinny@mofo.com
8    MICHAEL A. JACOBS
     mjacobs@mofo.com
9    JENNIFER LEE TAYLOR
     jtaylor@mofo.com
10   ALISON M. TUCHER
     atucher@mofo.com
11   RICHARD S.J. HUNG
     rhung@mofo.com
12   JASON R. BARTLETT
     jasonbartlett@mofo.com
13   MORRISON & FOERSTER LLP
     425 Market Street
14   San Francisco, California 94105-2482
     Telephone: (415) 268-7000
15   Facsimile: (415) 268-7522

16   WILLIAM F. LEE
     william.lee@wilmerhale.com
17   WILMER CUTLER PICKERING HALE
     AND DORR LLP
18   60 State Street
     Boston, Massachusetts 02109
19   Telephone: (617) 526-6000
     Facsimile: (617) 526-5000

20
     MARK D. SELWYN
21   mark.selwyn@wilmerhale.com
     WILMER CUTLER PICKERING HALE
22   AND DORR LLP
     950 Page Mill Road
23   Palo Alto, California 94304
     Telephone: (650) 858-6000
24   Facsimile: (650) 858-6100

25

26        I declare under penalty of perjury that the foregoing is true and correct.  Executed in

27   Redwood Shores, California on August 31, 2011.

28                                    ___/s/ Melissa N. Chan_____

Case No. 11-cv-01846-LHK
     SAMSUNG'S OBJ. TO APPLE'S NOTICE OF RULE 30(B)(6) DEPOSITION