KARL OLSON (SBN 104760)
kolson@rocklawcal.com
XINYING VALERIAN (SBN 254890)
xvalerian@rocklawcal.com
RAM, OLSON, CEREGHINO & KOPCZYNSKI LLP
555 Montgomery Street, Suite 820
San Francisco, California  94111
Telephone:  (415) 433-4949
Facsimile:  (415) 433-7311

*Attorneys for Third-Party REUTERS AMERICA LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean Business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO.  11-cv-01846-LHK-PSG<br><br>**REUTERS AMERICA LLC's OPPOSITION TO NON-PARTY IBM'S MOTION TO PREVENT PUBLICATION**<br><br>Date:   July 30, 2012<br>Time:  10:30<br>Place:  Courtroom 5, 4th Floor<br>          [Magistrate Judge Grewal] |

## I.   INTRODUCTION

The most fundamental principle in First Amendment jurisprudence is that the government and the courts cannot issue prior restraints upon publication.  The Supreme Court has called prior restraints "the most serious and the least tolerable infringement on First Amendment rights." *Nebraska Press Assn. v. Stuart* (1976) 427 U. S. 539, 559.  Even when military secrets have been at issue, the Supreme Court has refused to issue such prior restraints, observing, "'Any system of prior restraints of expression comes to this Court bearing a heavy presumption against its constitutional validity.'"  *New York Times Co. v. United States* (1971) 403 U. S. 713, 714.  In the latter case, involving publication of the "Pentagon Papers," Justice Brennan famously observed, "only governmental allegation and proof that publication must inevitably, directly, and immediately cause the occurrence of an event kindred to imperiling the safety of a transport

already at sea can support even the issuance of an interim restraining order." (403 U. S. at 726, Brennan, J., concurring.)

IBM's attempt to prevent Reuters from publishing information it lawfully obtained – information which IBM's lawyers sent to Reuters' counsel – runs afoul of these fundamental principles. The terms of a licensing agreement between IBM and Samsung do not come close to "imperiling the safety of a transport already at sea." IBM's motion should be denied.

## II.     FACTS

IBM's counsel sent the licensing agreement to counsel in this case. Among the papers IBM sent was a copy of the unredacted version of the license agreement. While IBM contends that Reuters, as an intervenor to this litigation, is bound by a protective order, Reuters intervened in this litigation on July 17 for the sole purpose of opposing motions to seal, and Reuters' counsel never signed any protective order. Indeed, it would be passing strange if a party which intervened for the sole purpose of opposing sealing could be bound to a protective order whose sole purpose was to make it easier to seal documents.

## III.    SUPREME COURT CONSISTENTLY HAS DISALLOWED PRIOR RESTRAINTS

The Supreme Court has consistently disallowed prior restraints. In addition to the cases cited above, several other cases have disallowed prior restraints after parties lawfully obtained court documents. *See, e.g., Cox Broadcasting v. Cohn* (1975) 420 U. S. 469, 497 [no liability for publishing name of rape victim not obtained in improper fashion]; *Florida Star v. B. J. F.*, 491 U. S. 524 [no liability for publishing lawfully obtained, truthful information about a matter of public significance]; *Bartnicki v. Vopper*, 532 U. S. 514, 527-28 (2001) [same, even when person who obtains information has obtained it from someone who himself obtained the information unlawfully].

/ / /

/ / /

/ / /

/ / /

## IV. CONCLUSION

"[P]rior restraints on speech and publication are the most serious and the least tolerable infringement on First Amendment rights." *Nebraska Press, supra*, 427 U. S. at 559.  IBM's request for a prior restraint to prevent Reuters from publishing lawfully-obtained, truthful information should be denied.

Dated:  July 30, 2012                              By:        */s/ Karl Olson*
　　　　　　　　　　　　　　　　　　　　　Karl Olson (SBN 104760)
　　　　　　　　　　　　　　　　　　　　　RAM, OLSON, CEREGHINO & KOPCZYNSKI
　　　　　　　　　　　　　　　　　　　　　555 Montgomery Street, Suite 820
　　　　　　　　　　　　　　　　　　　　　San Francisco, CA  94111
　　　　　　　　　　　　　　　　　　　　　Tel: 415-433-4949; Fax:  415-433-7311
　　　　　　　　　　　　　　　　　　　　　Email:  ko@rocklawcal.com
　　　　　　　　　　　　　　　　　　　　　*Attorneys for Reuters America LLC*

N:\docs\1273-02\OppIBMMot to Prevent Publication.doc