Timothy T. Scott (State Bar No. 126971)
tscott@kslaw.com
Geoffrey M. Ezgar (State Bar No. 184243)
gezgar@kslaw.com
Leo Spooner, III (State Bar No. 241541)
lspooner@kslaw.com
KING & SPALDING LLP
333 Twin Dolphin Drive, Suite 400
Redwood Shores, CA 94065
Telephone: +1 650 590 0700
Facsimile: +1 650 590 1900

Attorneys for Non-Party
INTERNATIONAL BUSINESS MACHINES CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-CV-01846-LHK (PSG)<br><br>**NON-PARTY IBM'S MOTION FOR TEMPORARY RESTRAINING ORDER PROHIBITING THIRD-PARTY INTERVENOR REUTERS FROM DISCLOSING HIGHLY SENSITIVE INFORMATION OF IBM, CURRENTLY SUBJECT TO A MOTION TO SEAL** |

### IBM'S MOTION FOR A TEMPORARY RESTRAINING ORDER

On July 26, 2012, non-party International Business Machines Corporation ("IBM") filed a motion to seal limited, but highly sensitive, commercial information in potential trial exhibit 630 in the above captioned matter. Specifically, IBM seeks to seal the payment amounts under a contract between Defendant Samsung and IBM.

IBM understood that Local Rule 79-5(c)(3) and General Order 62 required Reuters to be served with an unredacted copy of proposed trial exhibit 630, the subject of IBM's motion to seal. Furthermore, IBM believed that Reuters would be bound by the terms of the protective order in this case, entered on January 30, 2012 (the "Protective Order"). Paragraph 15 of the Protective Order states that "absent written permission from the producing party, or a court order secured after appropriate notice to all interested persons, a receiving party may not filed in the public record any protected material." Paragraph 18 of the Protective Order stated that inadvertent disclosure of the protected material does not change the status of the material or waive the right to hold the disclosed document or information as protected.

Rather than immediately informing IBM that Reuters would not abide by the terms of the Protective Order or return the unredacted document, on July 29 at approximately 9:52 p.m. IBM received an electronic message from Mr. Dan Levin, a legal reporter with Reuters in California. Mr. Levine suggested that he was in possession of the unredacted exhibit and that he intended to publish IBM's highly confidential payment terms with Samsung immediately, stating that the deadline for publication was 11 a.m. PST on Monday July 30. That publication would not only be in direct violation of the protective order in this matter, but would moot the very motion to seal currently before this Court.

At the very least, and to the extent Reuters is not a bound by the terms of the Protective Order, IBM requested that the document be immediately returned and all copies destroyed pursuant to paragraph 18(a) of the Protective Order.

Based on the foregoing, IBM hereby seeks a temporary restraining order prohibiting Reuters from publishing or otherwise using in any way, IBM's confidential information unless and until IBM's motion to seal is denied, and an Order abiding by the terms of the Protective Order, or otherwise returning or destroying IBM's confidential material.

DATED: July 30, 2012

By: _____/Timothy T. Scott/ss_____
TIMOTHY T. SCOTT
Attorneys for Non-Party
INTERNATIONAL
BUSINESS MACHINES
CORPORATION