QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>              Plaintiff,<br><br>       vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>              Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S PROFFER OF TESTIMONY OF SHIN NISHIBORI** |

02198.51855/4881596.4

Case No. 11-cv-01846-LHK
SAMSUNG'S PROFFER OF TESTIMONY OF SHIN NISHIBORI

Samsung respectfully makes a proffer of evidence regarding Shin Nishibori and his involvement in the creation of the Sony-style model, which he testified changed the course of the iPhone's development. This evidence is not being offered to prove that Apple's design patents are invalid under Section 102 or 103, but to rebut Apple's allegations that Samsung copied designs and design concepts that Apple claims are proprietary and unique to it. Mr. Nishibori's testimony and the documentary evidence, such as the Sony-style CAD files and emails, corroborate Samsung's independent creation story that the design elements found in Samsung's phones were not taken from Apple, but were known to other designers in the field. The Court's order on Apple's MIL #3 explicitly stated that evidence going "to rebut an allegation of copying" is independent from an invalidity theory. (Dkt No. 1267 at 3.) By the same logic, this evidence is relevant to rebutting Apple's allegations of willfulness. This evidence is not being asserted for invalidity purposes, or to allege any kind of wrongdoing by Apple, but to rebut Apple's factual allegations of copying and to put them in their proper context in the industry of electronic device design. The Sony-related evidence is also relevant to issues of functionality, which Samsung has been disclosing since the preliminary injunction phase. The order by Magistrate Judge Grewal striking various prior art references was not directed in any way to the functionality opinions found in Samsung's expert's report. In fact, Mr. Sherman included in his functionality section images of the Sony-Style phone model, along with text from the email revealing that Apple changed its phone design from the earlier extrudo model at least in part due to functional reasons.

DATED: July 30, 2012

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Victoria F. Maroulis*
Charles K. Verhoeven
Victoria F. Maroulis
Kevin P.B. Johnson
Michael T. Zeller
Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC