| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781) | WILLIAM F. LEE |
| hmcelhinny@mofo.com | william.lee@wilmerhale.com |
| MICHAEL A. JACOBS (CA SBN 111664) | WILMER CUTLER PICKERING |
| mjacobs@mofo.com | HALE AND DORR LLP |
| RACHEL KREVANS (CA SBN 116421) | 60 State Street |
| rkrevans@mofo.com | Boston, MA 02109 |
| JENNIFER LEE TAYLOR (CA SBN 161368) | Telephone: (617) 526-6000 |
| jtaylor@mofo.com | Facsimile: (617) 526-5000 |
| ALISON M. TUCHER (CA SBN 171363) | |
| atucher@mofo.com | MARK D. SELWYN (SBN 244180) |
| RICHARD S.J. HUNG (CA SBN 197425) | mark.selwyn@wilmerhale.com |
| rhung@mofo.com | WILMER CUTLER PICKERING |
| JASON R. BARTLETT (CA SBN 214530) | HALE AND DORR LLP |
| jasonbartlett@mofo.com | 950 Page Mill Road |
| MORRISON & FOERSTER LLP | Palo Alto, California 94304 |
| 425 Market Street | Telephone: (650) 858-6000 |
| San Francisco, California 94105-2482 | Facsimile: (650) 858-6100 |
| Telephone: (415) 268-7000 | |
| Facsimile: (415) 268-7522 | |

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | Case No. 11-cv-01846-LHK |
| Plaintiff, | **APPLE'S RESPONSE TO SAMSUNG'S MOTION FOR RECONSIDERATION REGARDING OPENING STATEMENT SLIDE 29** |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendants. | |

1  Samsung misleadingly characterizes its disclosure of the "home button" application
2  (DX628) as a rebuttal to an opinion Apple offered during expert discovery.  Samsung has been on
3  notice of Apple's theories regarding the distinctiveness of its trade dress since its Amended
4  Complaint, filed on June 16, 2011.  (Dkt. No. 75 ¶¶ 36, 47.)  Samsung could have and should
5  have disclosed the home button application in response to Apple's Interrogatory No. 5, served on
6  August 3, 2011, which asked Samsung to identify all documents in support of its contention that
7  Apple's trade dress lacked distinctiveness.  Moreover, Samsung could have and should have
8  produced the home button application after receiving Apple's response to Samsung's
9  Interrogatory No 69, timely served on March 10, 2012.  Samsung's explanation for its late
10 disclosure—that it only knew the home button application was relevant after seeing Russell
11 Winer's expert report—fails.  Dr. Winer's report, dated March 22, 2012, did not disclose any new
12 theories to which the home button application is relevant.  Instead, Dr. Winer discussed facts such
13 as the unique appearance of iPhone, iPad, and iPod touch, extensive advertising, and unsolicited
14 third-party publicity.  Apple has consistently stated its theories of distinctiveness in its pleadings,
15 written discovery, and expert reports.  Moreover, Samsung could have and should have, if this
16 had been truly new then, disclosed this theory in its responsive report.  By slipping the home
17 button application into the deposition exhibits of Dr. Winer, Samsung attempted an end run
18 around the rules of discovery and this Court's schedule.  DX628 should be excluded from
19 evidence.

20 Dated: July 30, 2012                                  MORRISON & FOERSTER LLP

22                                                          By:  /s/ *Michael A. Jacobs*
23                                                                Michael A. Jacobs
24                                                          Attorneys for Plaintiff
                                                            APPLE INC.