1  KIMBERLY K. DODD, CA Bar No. 235109, kdodd@foley.com
   **FOLEY & LARDNER LLP**
2  ATTORNEYS AT LAW
   777 EAST WISCONSIN AVENUE
3  MILWAUKEE, WI 53202-5306
4  TELEPHONE:        414.271.2400
   FACSIMILE:         414.297.4900
5
6  ATTORNEYS FOR THIRD PARTY TOSHIBA CORPORATION

7

8                   UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                          SAN JOSE DIVISION

11

12 | APPLE INC., a California Corporation | Case No: 11-cv-01846-LHK |
|---|---|
|             Plaintiff, | |
|        v. | **THIRD PARTY TOSHIBA CORPORATION'S REVISED ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL** |
| SAMSUNG ELECTRONICS CO., LTD, a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company | |
| | Judge:   The Honorable Lucy H. Koh |
|             Defendants. | |

---

TOSHIBA'S REVISED ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL
CASE NO. 11-CV-01846-LHK

4837-8829-5696.1

Pursuant to Civil Local Rules 7-11 and 79-5(c), and the Court's Order of July 23, 2012 (Docket No. 1288), and subject to the guidance provided by the court at the Case Management Conference held July 27, 2012, Third Party Toshiba Corporation ("Toshiba") hereby brings this Revised Motion for Administrative Relief to seal portions of Trial Exhibit 630 that contain highly confidential business information of Toshiba relating to its license agreements.

## Background

Toshiba was first informed by Samsung on July 21, 2012 that certain confidential business information of Toshiba was included in potential trial exhibits designated by Samsung. Toshiba understands that Exhibit 3A of Trial Exhibit 630 contains a summary of the terms of a license agreement between Samsung and Toshiba, which terms include highly confidential business information of Toshiba as indicated in the accompanying Supplemental Declaration of Mr. Yuji Uchigasaki. Information about the scope of a license and information about the financial terms of a license are highly confidential because they provide a competitor with an understanding of the value of the license. The duration of a license is also information related to the value of the license. As indicated in Mr. Uchigasaki's supplemental declaration, each of the financial terms, scope and duration taken alone provides some indication of the value of the license. Taken in combination, the terms provide a competitor with a very clear understanding of the value of the license.

Toshiba filed its original administrative motion on July 26, 2012, asking for the scope and financial terms of Exhibit 3A to be sealed. At that time, Toshiba did not request the duration term to be sealed. Toshiba considered that sealing the financial terms and scope of the license would provide sufficient safeguards for Toshiba. The guidance provided by the court on July 27 suggests that the financial terms and duration of a license agreement will be sealed. The guidance did not address the scope of the license.

Toshiba continues to request that the scope of the license be sealed. However, if the court denies Toshiba's request for the scope term to be sealed, based on the court's guidance, Toshiba requests that at least the duration term as well as the financial term in Exhibit 3A be sealed. As indicated in Mr. Uchigasaki's supplemental declaration, it is the combination of the

1  financial, scope and duration terms that provides the most indication of the value of the license.
2  Toshiba strongly requests that at least two including the financial terms, and preferably all three
3  of these confidential terms be sealed

**Argument**

5  The Ninth Circuit has held that parties must show compelling reasons to seal documents
6  attached to dispositive motions. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172,
7  1177 (9th Cir. 2006). "In general, 'compelling reasons' sufficient to outweigh the public's
8  interest in disclosure and justify sealing court records exist when such 'court files might have
9  become a vehicle for improper purposes,' such as the use of records to gratify private spite,
10 promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179
11 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

12 The Ninth Circuit has recognized that a company's trade secrets may be sealed even
13 under the heightened "compelling reasons" standard. For example, the Ninth Circuit has granted
14 a motion to seal a license agreement because the information contained in the agreement
15 constituted a trade secret. *In re Electronic Arts*, 298 Fed. Appx. 568, 569 (9th Cir. 2008); *see
16 also Powertech Tech., Inc. v. Tessera, Inc.*, 2012 U.S. Dist. LEXIS 75831, at *4 (N.D. Cal. May
17 31, 2012) (granted motion to leave to file a license under seal). The Ninth Circuit defined a trade
18 secret as "any formula, pattern, device, or compilation of information which is used in one's
19 business, and which gives him an opportunity to obtain an advantage over competitors who do
20 not know or use it." Restatement of Torts § 757, cmt. b.; *see also Clark v. Bunker*, 453 F.2d
21 1006, 1009 (9th Cir. 1972) (adopting the Restatement definition and finding that "a detailed plan
22 for the creation, promotion, financing, and sale of contracts" constitutes a trade secret).

23 Additionally, courts in the Ninth Circuit have held that disclosure of documents that
24 could affect a company's competitiveness and profitability are compelling reasons for sealing.
25 *Triquint Semiconductor, Inc. v. Avago Techs. Ltd.*, 2011 U.S. Dist. LEXIS 120627, at *8-9 (D.
26 Ariz. Oct. 17, 2011) (sealing a "Draft Patent Cross License Agreement"). Courts have sealed
27 confidential documents, including license agreements, which can potentially damage an
28 opponent's business if not protected. *See In re Adobe Systems, Inc. Sec. Litigation*, 141 F.R.D.

1 155, 159-63 (N.D. Cal. 1992); *Bauer Bros. LLC v. Nike, Inc.*, No. 09cv500–WQH–BGS, 2012
2 WL 1899838, at *3-4 (S.D. Cal. May 24, 2012); *Bean v. John Wiley & Sons, Inc.*, No. CV 11–
3 08028–PCT–FJM, 2012 WL 1078662, at *6-7 (D. Ariz. Mar. 30, 2012).

4     Furthermore, district courts in the Ninth Circuit have recognized that information
5 tangentially related to any material issue in the case lessens the public's need for access to the
6 information. *Triquint*, 2011 U.S. Dist. LEXIS 120627, at *9. For example, a protective seal for
7 financial terms was held to the "good cause" standard because the terms were "extraneous
8 information" to the case. *Nursing Home Pension Fund v. Oracle Corp.*, 2007 U.S. Dist. LEXIS
9 84000 (N.D. Cal. Oct. 31, 2007), at *14. The information was extraneous because the financial
10 terms were tangential to the merits of the underlying case. *Id.* Thus, the court granted the
11 motion to seal. *Id.*

12     As indicated in the accompanying supplemental declaration of Mr. Yuji Uchigasaki, the
13 financial terms, the description of the license scope, and the duration of the Toshiba/Samsung
14 license in Exhibit 3A are the type of highly sensitive business confidential information that is not
15 available to Toshiba's competitors and that provide Toshiba with an opportunity to obtain an
16 advantage over competitors who do not know or use it. Accordingly, there is a compelling
17 reason to maintain the confidentiality of this information and to seal or redact the information in
18 Exhibit 630. *See, e.g., In re Electronic Arts*, 298 Fed. Appx. at 569; *Kamakana*, 447 F.3d at
19 1179.

20 <center>**<u>Conclusion</u>**</center>

21     Compelling reasons to protect this License Agreement exist. Thus, Toshiba respectfully
22 requests that the Court order Exhibit 3A of Trial Exhibit 630 to be sealed and order only the
23 redacted version of Exhibit 3A as shown in Exhibit 2 to the supplemental declaration of
24 Mr. Uchigasaki be presented in open court.
25     Toshiba also respectfully requests that the Court order the sealing of Exhibit 1 to the
26 accompanying supplemental declaration of Mr. Uchigasaki for the same reasons.

27
28

1 | Dated: July 30, 2012

**FOLEY & LARDNER LLP**

By:  /s/ Kimberly K. Dodd
     KIMBERLY K. DODD

Attorneys for Third Party
TOSHIBA CORPORATION