| | |
|---|---|
| 1 | IRELL & MANELLA LLP |
|   | Andrei Iancu (184973) |
| 2 | aiancu@irell.com |
|   | Alan J. Heinrich (212782) |
| 3 | aheinrich@irell.com |
|   | David A. Schwarz (159376) |
| 4 | dschwarz@irell.com |
|   | Jonathan Lange (238056) |
| 5 | jlange@irell.com |
|   | 1800 Avenue of the Stars, Suite 900 |
| 6 | Los Angeles, California 90067-4276 |
|   | Telephone:   (310) 277-1010 |
| 7 | Facsimile:   (310) 203-7199 |
| 8 | Attorneys for Nonparties |
|   | Research In Motion Corporation and |
| 9 | Research In Motion Ltd. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | Case No. 11-CV-01846-LHK |
| Plaintiff, | **SUPPLEMENTAL DECLARATION OF MICHAEL J. CROWLEY IN SUPPORT OF NONPARTIES RESEARCH IN MOTION CORPORATION AND RESEARCH IN MOTION LTD.'S ADMINISTRATIVE MOTION TO SEAL THIRD PARTY CONFIDENTIAL INFORMATION** |
| vs. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendants. | |

## SUPPLEMENTAL DECLARATION OF MICHAEL J. CROWLEY

I, Michael J. Crowley, state and declare as follows:

1.  I am a current employee of Research In Motion Corporation, which is not a party to this action. I have personal knowledge of the following facts and, if called as a witness, could and would testify competently thereto.

2.  At any given time, RIM is engaged in the negotiation or renegotiation of numerous non-exclusive licenses related to its intellectual property with entities, including those who compete (or may potentially compete) with RIM.

3.  Many of the RIM patents that are subject to the Patent License Agreement ("Patent Agreement") purportedly summarized in Trial Exhibit 630 have not yet expired. In addition, the products and technology subject to the Patent Agreement continue to be relevant to RIM's ongoing business and licensing activities. At the present time, RIM is involved in active patent licensing negotiations which cover, amongst other patents, certain of the RIM patents that were subject to the Patent Agreement. Disclosure of the terms purportedly summarized in Trial Exhibit 630 would reveal the identity and terms under which RIM was willing to license its patents, both of which would be valuable to a counterparty negotiating with RIM regarding those same patents or similar products and technology. RIM, on the other hand, would suffer a substantial disadvantage because it would not have similar knowledge regarding its counterparty's past practices. The counterparty would be able to craft its negotiations around the terms that it believes RIM had been willing to agree to in the Patent Agreement, whereas RIM would remain unaware of its counterparty's past negotiating strategies and positions. Moreover, bound by the confidentiality of the Patent Agreement, RIM would not be able to correct any erroneous conclusions that the counterparty may have drawn from Trial Exhibit 630. With such an information asymmetry, RIM would likely find it much more difficult to amicably conclude licensing negotiations with the counterparty.

4.  Indeed, it is likely that counterparties (including competitors of RIM) negotiating or renegotiating license agreements with RIM have negotiated (or are negotiating) license agreements with Samsung. RIM will not know the terms of these agreements, which may involve

many of the same Samsung patents, products or technology subject to the Patent Agreement. The counterparty, on the other hand, would purport to know how RIM valued these Samsung patents, and could use this information to negotiate (or renegotiate) terms as favorable (or more favorable) than those obtained by RIM, thus providing the counterparty a competitive advantage.

5. In my opinion, given the importance of licensing efforts to RIM's business, RIM would be substantially and irreparably harmed by such results.

Executed on July 30, 2012, at Irving, Texas.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
Michael J. Crowley