1  Nathaniel E. Durrance, CA Bar No. 229210
   NDurrance@perkinscoie.com
2  PERKINS COIE LLP
   1201 Third Avenue, Suite 4900
3  Seattle, WA  98101-3099
   Telephone:  206.359.8000
4  Facsimile:  206.359.9000

5  Attorneys for Non-Party
   MICROSOFT CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| APPLE, INC., a California corporation, | Case No. 11-CV-01846-LHK |
|---|---|
| Plaintiff, | SUPPLEMENTAL DECLARATION OF NATHANIEL E. DURRANCE IN SUPPORT OF NON-PARTY MICROSOFT CORPORATION'S MOTION TO SEAL CONFIDENTIAL LICENSE AND TERMS [ECF DOC. 1390] |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited company, | |
| Defendant. | |

I Nathaniel E. Durrance do hereby declare:

1.  I am an attorney at Perkins Coie LLP representing non-party Microsoft Corporation ("Microsoft") in the above captioned case. I make this declaration based on my personal knowledge unless otherwise indicated.

2.  On July 21, 2012, Microsoft received a fax communication from an attorney representing Samsung at Quinn Emanuel Urquhart & Sullivan, LLP regarding this case (the "Samsung case"). The fax informed Microsoft that Samsung identified a trial exhibit containing

financial terms of Microsoft's license with Samsung. I was sent a copy of the fax on July 24, 2012.

3. The trial exhibit at issue is Trial Exhibit 630 to the Expert Report of David Teece, dated March 22, 2012 (the "Teece Report"). According to the letter from Samsung's counsel, the Teece Report contains Exhibits 3A and 3B summarizing key financial terms of various contracts between Samsung and third parties. One such contract is a recent Confidential Patent License Agreement between Samsung and Microsoft (the "Confidential Agreement").

4. Microsoft filed a Motion to Seal the Confidential Agreement and its Terms on July 26, 2012 (ECF Docs 1390 (motion), 1391 (memo in support of motion), and 1395 (supporting declaration)). As explained in Microsoft's Motion to Seal, the terms of the Confidential Agreement revealed in the Teece Report are highly sensitive confidential information of Microsoft that, if revealed to the public and Microsoft's competitors during the Samsung case, would substantially harm Microsoft. The terms from the Confidential Agreement contained in the Teece Report include the amount of license payments and royalties that are to be paid by Samsung to Microsoft as well as other detailed licensing and payment information such as the licensed products/technology and length of the license.

5. On July 27, 2012, the Court held a hearing at which it stated that "based on the Ninth Circuit's decision in Electronic Arts, pricing, royalty rates, minimum payment terms of licensing agreement will be sealable…. [as well as] the duration of the license." (7/27/12 Hearing Transcripts). The Court also issued a Minute Order and Case Management Order (ECF Doc 1426) giving until Monday July 30, 2012 at 5pm to file revised motions to seal and/or supplemental declarations.

6. Microsoft understands that its Motion to Seal and supporting documents were adequate, as there was no direct opposition filed and the Court did not mention any deficiencies

with Microsoft's Motion at the hearing. However, out of an abundance of caution, Microsoft is filing this Supplemental Declaration to provide the Court with the only known proposed trial exhibit in the Samsung case reciting terms from the Confidential Agreement.

7. Microsoft is lodging with the Court, pursuant to Civil Local Rule 79-5, highlighted and redacted copies of the document from Samsung's counsel summarizing the confidential terms of the Confidential Agreement that are included in Trial Exhibit 630. Microsoft is not aware of the extent of the trial exhibits or planned testimony in this case that will contain Microsoft's confidential financial information. Accordingly, Microsoft is submitting a redacted copy of the only document it is aware of from the Samsung case having the confidential terms, but asks the Court for an order generally protecting the Confidential Agreement and its terms from public disclosure.

8. I note that the document being lodged with the Court incorrectly states that "Exhibit 3B contains a table summarizing the key terms of various contracts between Apple and third parties to the litigation." The document should state that "Exhibit 3B contains a table summarizing the key terms of various contracts between Samsung and third parties to the litigation."

I declare under penalty of perjury that the foregoing is true and correct.
Executed on July 30, 2012

Nathaniel E. Durrance