1  Timothy T. Scott (State Bar No. 126971)
   tscott@kslaw.com
2  Leo Spooner, III (State Bar No. 241541)
   lspooner@kslaw.com
3  KING & SPALDING LLP
4  333 Twin Dolphin Drive
   Suite 400
5  Redwood Shores, CA 94065
   Telephone:  +1 650 590 0700
6  Facsimile:  +1 650 590 1900
7
   Attorneys for Third-Party
8  DOLBY LABORATORIES LICENSING CORPORATION

9                       UNITED STATES DISTRICT COURT
10                     NORTHERN DISTRICT OF CALIFORNIA
11                              SAN JOSE DIVISION
12

| | |
|---|---|
| APPLE, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERIA, INC. a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC., a Delaware limited liability comapny,<br><br>Defendants. | Case No. 11-cv-01846-LHK<br><br>**NON-PARTY DOLBY LABORATORIES LICENSING CORPORATION'S NOTICE OF EMERGENCY ADMINISTRATIVE MOTION FOR AN ORDER SEALING PORTIONS OF PROPOSED TRIAL EXHIBIT NO. 630, AND CLOSING THE COURTROOM AND SEALING THE TRANSCRIPT DURING DISCUSSION OF DOLBY'S CONFIDENTIAL INFORMATION**<br><br>Judge:  Hon. Judge Lucy H. Koh |

# EMERGENCY ADMINISTRATIVE MOTION FOR A SEALING ORDER

Pursuant to the Court's Order of July 23, 2012 (Dkt. No. 1288), and Civil Local Rules 7-11 and 79-5, Dolby Laboratories Licensing Corporation ("Dolby") submits this administrative motion requesting an order from this Court to keep sealed portions of a proposed Samsung trial exhibit, No. 630, and closing the courtroom and sealing the transcript during discussion of Dolby's confidential information. There are compelling reasons for a narrowly tailored sealing of this information.

Defendant Samsung recently informed Dolby that it has designated a potential trial exhibit, No. 630, that includes a table summarizing key terms of the Patent License Agreement between Samsung and Dolby dated October 8, 2009 (the "Patent License Agreement"), attached as Exhibit 3A to Samsung's Expert Report of David Teece, dated March 22, 2012. Declaration of Oliver Kunz in Support of Dolby's Motion to Seal ("Kunz Decl."), ¶ 2. Dolby requests a narrowly tailored order sealing the limited column entitled "Payments" of proposed exhibit No. 630, in the table that summarize the pricing terms of the Patent License Agreement. Kunz Decl. at ¶ 3 (a redacted copy is attached hereto as Exhibit A). To the extent there are other exhibits or testimony that would also disclose those key pricing terms, but that have not been brought to Dolby's attention by Samsung or Apple, Dolby requests sealing those pricing terms in such other exhibits or testimony as well.

Compelling reasons exist to seal this limited pricing information because those pricing terms between Dolby and Samsung are proprietary and confidential. *See, e.g., Electronic Arts, Inc. v. United States District Court for the Northern District of California*, 298 Fed. Appx. 568, 569 (9th Cir. 2008) (pricing terms, royalty rates, guaranteed minimum payment terms of licensing agreement constituted trade secret). The Patent License Agreement concerns certain Dolby patents that relate to the Advanced Audio Coding audio compression format ("AAC"). Kunz Decl. at ¶ 4. Licenses to Dolby's AAC-related patents are generally available through VIA Licensing, on terms that are published on the VIA Licensing website (www.vialicensing.com). Id. VIA Licensing administers a joint patent license to acquire the rights to practice the essential

AAC patents from a set of 14 licensors, including Dolby. Id. However, in certain instances, a potential licensee, such as Samsung, seeks to directly license only one licensor's AAC-related technology, without also obtaining a license to patents controlled by other VIA licensors. Id. Samsung's Patent License Agreement with Dolby is one such "direct license." The Patent License Agreement is still in effect and reflects Dolby's pricing strategies during the relevant period. Id.

The pricing terms of the licensed technology between Dolby and Samsung in the circumstances described in the preceding paragraph are confidential and reflect not only valuations of Dolby's AAC-related patents, but also the valuations of the non-monetary consideration received by Dolby as part of the Patent License Agreement. Id. at ¶ 5. Indeed, the Patent License Agreement requires the parties to maintain the confidentiality of its terms, and Dolby relies upon that confidentiality when entering into these agreements. Id. *See also In re Adobe Systems, Inc. Sec. Litigation*, 141 F.R.D. 155, 161-62 (N.D. Cal. 1992) (under-seal filings preserve third parties' "legitimate expectation that confidential business information, proprietary technology and trade secrets will not be publicly disseminated").

As a result, Dolby does not disclose this type of information in the ordinary course of business, and those specific pricing terms for particular technology are proprietary and confidential, the disclosure of which would irreparably harm Dolby by disclosing Dolby's negotiation, business, and pricing strategy. Id. at ¶¶ 5-6. Specifically, disclosure of this information would give an unfair advantage to Dolby's negotiating counterparties by providing them with non-public information about Dolby's negotiation strategies and methodology. Id. at ¶ 6. This would cause competitive harm to Dolby in that competitors and potential counterparties to licensing agreements would gain an unfair insight into Dolby's analyses, particularly as Dolby would know nothing about their methodology for the negotiations. Id. Using their knowledge of the precise substantive and financial terms of previously nonpublic agreements, this unfair advantage would allow them to calibrate their negotiation strategies to the determent of Dolby. Id. These confidential license agreements have been repeatedly found to

1  meet the Ninth Circuit's "compelling reasons" standard for sealing documents. *See, e.g.,*
2  *Electronic Arts*, 298 Fed. Appx. at 569 (pricing terms, royalty rates, guaranteed minimum
3  payment terms of licensing agreement constituted trade secret); *Powertech Tec., Inc. v. Tessera,*
4  *Inc.*, No. C 11-6121 CW, 2012 U.S. Dist. LEXIS 75831, at *5 (N.D. Cal. Mar. 10, 2010) (details
5  of license agreement sealable).

6        In view of the Court's Order of July 17, 2012 (Dkt. No. 1256), the relief requested is
7  narrowly tailored to protect only exceptionally sensitive confidential and proprietary pricing
8  terms of Dolby's Patent License Agreement with Samsung that meets the "compelling reasons"
9  standard. Sealing the pricing terms from Samsung's proposed exhibit will not interfere with the
10 public's understanding of the judicial process. *See, e.g., Richardson v. Mylan Inc.*, Case No. 09-
11 CV-1041-JM (WVG), 2011 U.S. Dist. LEXIS 23969, at *7-8 (S.D. Cal. Mar. 9, 2011)
12 (information "of comparatively little value to the general public in terms of enhancing its
13 understanding the judicial process" sealable) (internal quotation omitted); *Network Appliance,*
14 *Inc. v. Sun Microsystems Inc.*, Case No. 07-CV-06053 -EDL,U.S. Dist. LEXIS 21721, at *13-14
15 (N.D. Cal. March 10, 2010) (material that would "do little to aid the public's understanding of
16 the judicial process, but have the potential to cause significant harm" to one of the parties
17 sealable). The Court should therefore grant Dolby's motion and seal the requested portions of
18 Samsung's proposed exhibit No. 630, close the courtroom and seal the transcript during
19 discussion of Dolby's confidential information.

20       This Motion is accompanied by a declaration of Oliver Kunz and a Proposed Order.
21 Dolby has lodged with the Court two copies of an excerpt of Samsung trial Exhibit 630, of which
22 Dolby is requesting partial sealing. This excerpt is the only part of Exhibit 630 to which Dolby
23 has access. Dolby also has lodged a redacted copy of this document with the Court.

DATED: July 30, 2012

KING & SPALDING LLP

By: /s/ Timothy T. Scott
Timothy T. Scott
Attorneys for DOLBY LABORATORIES
LICENSING CORPORATION

# EXHIBIT A

# DOLBY

Trial Exhibit 630: Exhibits 3A and 3B to the Expert Report of David Teece, an expert retained by Apple, dated March 22, 2012. Exhibit 3A is a table summarizing the key terms of various contracts between Samsung and third parties to the litigation. Exhibit 3B contains a table summarizing the key terms of various contracts between Apple and third parties to the litigation.

Trial Exhibit 630 contains the following information about your company:

## Exhibit 3A
## Summary of Samsung License Agreements

| Licensee | Licensor | Title | Effective Date | Date Last Signed | Term | Licensed Products/Technology | Geographic Scope | Payments | Source |
|---|---|---|---|---|---|---|---|---|---|
| Samsung Electronics Co Ltd | Dolby Laboratories Licensing Corporation | Patent License Agreement | 1/1/2009 | 10/8/2009 | 12/31/2013 | Mobile phone handsets, set-top boxes, MP3 players, personal computers, servers, telecommunication modules, PCMCIA cards, Blu-ray Disc (BD) players, optical disc drives, DVD players, televisions, IPTVs, cameras, camcorders, borne theater equipment, monitors and components and software in connection with the practice of the AAC Standard | Worldwide | Samsung to pay Dolby ■■■ (in installments) | SAMNDCA00326285 to SAMNDCA00326293 |