1   Timothy T. Scott (State Bar No. 126971)
    tscott@kslaw.com
2   Geoffrey M. Ezgar (State Bar No. 184243)
    gezgar@kslaw.com
3   Leo Spooner, III (State Bar No. 241541)
    lspooner@kslaw.com
4   KING & SPALDING LLP
    333 Twin Dolphin Drive, Suite 400
5   Redwood Shores, CA 94065
    Telephone: +1 650 590 0700
6   Facsimile: +1 650 590 1900
7
8   Attorneys for Non-Party
    DOLBY LABORATORIES LICENSING CORPORATION
9
10              UNITED STATES DISTRICT COURT
11              NORTHERN DISTRICT OF CALIFORNIA
12

| | |
|---|---|
| 13  APPLE, INC., a California corporation, | Case No. 11-cv-01846-LHK |
| 14              Plaintiff, | **DECLARATION OF OLIVER KUNZ IN** |
| 15       v. | **SUPPORT OF NON-PARTY DOLBY LABORATORIES LICENSING** |
| 16  SAMSUNG ELECTRONICS CO., LTD., a | **CORPORATION'S NOTICE OF EMERGENCY ADMINISTRATIVE** |
| Korean corporation; SAMSUNG | **MOTION FOR AN ORDER SEALING** |
| 17  ELECTRONICS AMERIA, INC. a New York | **PORTIONS OF PROPOSED TRIAL** |
| corporation; SAMSUNG | **EXHIBIT NO. 630, AND CLOSING THE** |
| 18  TELECOMMUNICATIONS AMERICA, | **COURTROOM AND SEALING THE** |
| LLC., a Delaware limited liability comapny, | **TRANSCRIPT DURING DISCUSSION OF** |
| 19 | **DOLBY'S CONFIDENTIAL** |
| 20              Defendants. | **INFORMATION** |
| 21 | Judge:  Hon. Judge Lucy H. Koh |
| 22 | |

23          **DECLARATION OF OLIVER KUNZ IN SUPPORT OF DOLBY**
         **LABORATORIES LICENSING CORPORATION'S NOTICE OF**
24              **EMERGENCY ADMINISTRATIVE MOTION TO SEAL**

25  I, Oliver Kunz, hereby declare and state as follows:

26          1.      I am Senior Director, Business Development and Patent Licensing, with Non-

27  Party Dolby Laboratories Licensing Corporation ("Dolby"), and submit this declaration in

28  support of Dolby's Emergency Administrative Motion for an Order Sealing Portions of Proposed

---

DECLARATION OF OLIVER KUNZ                                              Case No. 11-cv-01846-LHK

1   Trial Exhibit No. 630, and Closing the Courtroom and Sealing the Transcript During Discussion

2   of Dolby's Confidential Information.  This declaration is based on my personal knowledge,

3   unless otherwise stated, and if called as a witness I could and would testify competently to the

4   facts stated herein.

5         2.        It is my understanding that as part of proposed trial exhibit No. 630 in the above

6   captioned matter, the parties intend to introduce into evidence a table summarizing certain terms

7   of the Patent License Agreement between Samsung and Dolby Laboratories Licensing

8   Corporation ("Dolby") dated October 8, 2009 (the "Patent License Agreement"), attached as

9   Exhibit 3A to Samsung's Expert Report of David Teece, dated March 22, 2012.

10        3.        It is my further understanding that such disclosure will include the price terms

11  between Samsung and Dolby contained in that Patent License Agreement.

12        4.        The Patent License Agreement concerns certain Dolby patents that relate to the

13  Advanced Audio Coding audio compression format ("AAC").  Licenses to Dolby's AAC-related

14  patents are generally available through VIA Licensing, on terms that are published on the VIA

15  Licensing website (www.vialicensing.com).  VIA Licensing administers a joint patent license

16  which provides a convenient and cost-effective way to acquire the rights to practice the essential

17  AAC patents from a set of 14 licensors, including Dolby.  However, in certain instances, a

18  potential licensee, such as Samsung, seeks to directly license only one licensor's AAC-related

19  patents, without also obtaining a license to patents controlled by the other VIA licensors.

20  Samsung's Patent License Agreement with Dolby is one such "direct license."  The Patent

21  License Agreement is still in effect and reflects Dolby's pricing strategies during the relevant

22  period.

23        5.        The pricing terms of the licensed technology between Dolby and Samsung in the

24  circumstances described in the preceding paragraph are confidential and reflect not only

25  valuations of Dolby's AAC-related patents, but also the valuations of the non-monetary

26  consideration received by Dolby as part of the Patent License Agreement.  Indeed, the Patent

27  License Agreement requires the parties to maintain the confidentiality of its terms, and Dolby

28  relies upon that confidentiality when entering into these agreements.

DECLARATION OF OLIVER KUNZ

6.    Dolby does not disclose – and maintains the confidentiality of – this type of pricing and valuation information in the ordinary course of its business, and the disclosure of pricing terms in the circumstances described in paragraphs 4 and 5 would irreparably harm Dolby by disclosing its negotiation, business, and pricing strategies.  Specifically, disclosure of this information would give an unfair advantage to Dolby's future counterparties by providing them with non-public information about Dolby's negotiation strategies and methodology.  This would cause competitive harm in that competitors and potential counterparties to licensing agreements would gain an unfair insight into Dolby's analyses, particularly as Dolby would know nothing about their methodology for the negotiations.  Using their knowledge of the precise substantive and financial terms of previously nonpublic agreements, this unfair advantage would allow counterparties to calibrate their negotiation strategies to the detriment of Dolby.

I declare under penalty of perjury under the laws of the United States that to the best of my knowledge the foregoing is true and correct.

Executed on July 30, 2012, in Nuremberg, Germany.

Oliver Kunz

3

DECLARATION OF OLIVER KUNZ