1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5  Kevin P.B. Johnson (Bar No. 177129)
   kevinjohnson@quinnemanuel.com
6  Victoria F. Maroulis (Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
7  555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, California  94065-2139
8  Telephone: (650) 801-5000
   Facsimile: (650) 801-5100
9
   Michael T. Zeller (Bar No. 196417)
10 michaelzeller@quinnemanuel.com
   865 S. Figueroa St., 10th Floor
11 Los Angeles, California 90017
   Telephone: (213) 443-3000
12 Facsimile: (213) 443-3100

13 Attorneys for SAMSUNG ELECTRONICS CO.,
   LTD., SAMSUNG ELECTRONICS AMERICA,
14 INC. and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC
15

16                   UNITED STATES DISTRICT COURT

17            NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

18

19 | APPLE INC., a California corporation, | CASE NO. 11-cv-01846-LHK (PSG)
20 |                 Plaintiff,             | **DECLARATION OF GIHO RO IN SUPPORT OF THE SAMSUNG'S MOTION TO SEAL TRIAL EXHIBITS**
21 |         vs.                            |
22 | SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG
23 | ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG
24 | TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,
25 |                 Defendants.
26

27

28

02198.51855/4881942.1

Case No. 11-cv-01846-LHK (PSG)
DECLARATION IN SUPPORT OF SAMSUNG'S ADMIN. MOTION TO FILE UNDER SEAL

**DECLARATION OF GIHO RO**

I, GiHo Ro do hereby declare as follows:

1. I am a Senior Manager, Administration Team in the Mobile Communications Division at Samsung Electronics Co., Ltd. ("SEC"). I submit this Declaration in support of SEC's, Samsung Electronics America, Inc.'s, and Samsung Telecommunications America, LLC's ("Samsung's") Motion to Seal Trial Exhibits. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would competently testify to them.

2. In my position, I assist and report directly to the Chief Financial Officer of SEC's Mobile Communications Division and receive all financial reporting within the Mobile Communications division that is sent to the Chief Financial Officer. I am thus intimately familiar with the types and nature of financial data and reports generated by Samsung, how those data and reports are used within Samsung, and how they could be used by Samsung's competitors if publically disclosed.

3. I have reviewed the parties' proposed trial exhibits that contain highly sensitive information about Samsung's financial data and business development plans. I understand that some of the documents also contain Apple's confidential information. I was provided partially redacted versions of these documents for review.

4. The trial exhibits I reviewed include information related to Samsung's recent financial results, pricing strategy with carrier customers, costs to Samsung of various components, specific information about profit margins on various products, specific information about operating expenses, bills of materials, and other financial information.

5. This information is highly confidential to Samsung and Samsung takes extraordinary steps to maintain the secrecy of the information. Such information can only be accessed by certain financial personnel, on a very restricted need-to-know basis. This financial information, especially with the level of specificity included in the trial exhibits I reviewed, has never been disclosed outside Samsung. The information was produced in this case under a Protective Order to Apple's outside counsel and experts for the sole purpose of calculating supposed damages.

6. Samsung took special precautions when producing this data to Apple, including restricting the distribution of soft copies of the data, copying of data, or inspecting the data in an unsecured environment. Samsung distributed a limited number of compact discs that contained soft copies of the data, retrieved the discs after a certain amount of time, and only permitted the inspection of certain data in a secure location to prevent unauthorized copying or dissemination.

7. Disclosure of revenues, pricing strategy, and costs will permit competitors to undercut Samsung's pricing, and allow business partners to gain leverage against Samsung in business and supply agreement negotiations. The amount it costs Samsung to make a product per unit and how much each product line has earned after expenses is far more sensitive and confidential than company-wide financials because it tells competitors what is the lowest price that Samsung could charge for a particular product and still make a profit. Armed with that information, a competitor can charge a lower price and undercut Samsung's sales.

8. Disclosure of non-public, projected, market share data and pricing premium calculations will allow competitors to gain an unfair advantage since they could undercut Samsung's pricing strategy without investing the extensive resources to acquire market research.

9. Disclosure of specific cost information and bills of materials will allow competitors and business partners to use this information to gain leverage against Samsung in business and supply agreement negotiations or to assist in product and financial planning. For this reason, this information is among Samsung's most confidential information.

10. The need for confidentiality extends to portions of summaries created by the damages experts in this case. While some of the information contained in these summaries is not highly sensitive, other information, like specific profit margins, and per-unit costs, are based on non-public financial information and would have the same detrimental effect on Samsung as the distribution of underlying data would have. For example, competitors could interfere with pricing strategy if they knew Samsung's per-unit costs.

11. In addition to financial data, certain trial exhibits include details about Samsung's future business strategy. Samsung takes the same precautions to ensure the confidentiality of business strategy that it takes to ensure the confidentiality of financial data. While portions of

1  these documents may not be highly-sensitive, disclosure of specific portions of these documents
2  will cause Samsung competitive harm.  For example, if competitors learned of Samsung's product
3  planning strategy, they could beat Samsung to the market, eliminating any first-mover advantage
4  Samsung may have.

5        12.     Trial Exhibit 25 is a document prepared by Apple's damages expert.  I understand
6  that the document also contains Apple's confidential information.  Portions of the partially
7  redacted version of Exhibit 25 I reviewed includes specific details about Samsung's per-unit profit
8  margins.  For the reasons explained above, this information should be sealed.

9        13.     Limited portions of Trial Exhibit 27 includes information about the premium built
10 into Samsung's pricing and the profit margins on specific phones.  This information will be used
11 by competitors to undercut Samsung's pricing strategy and affect Samsung's ability to negotiate
12 with suppliers and carrier partners.

13       14.     Trial Exhibit 28 includes a detailed break-down of various costs Samsung incurs in
14 manufacturing its products.  The exhibit also includes information about the incremental profit and
15 operating profit in manufacturing the products at issue.  This information will be used by
16 competitors to undercut Samsung's pricing strategy.

17       15.     Trial Exhibit 29, 180, and 676 include the specific categories of operating expenses
18 and the amounts various Samsung entities spend on each category, specific costs incurred in
19 manufacturing the products at issue, material costs for accused products, and Samsung's profits
20 and profit margins for each accused product.   This information will be used by competitors to
21 undercut Samsung's pricing strategy and affect Samsung's ability to negotiate with suppliers and
22 carrier partners.

23       16.     Trial Exhibit 60 includes detailed profit information, and information about future
24 business plans, including future revenue projections and product strategy.  Competitors will use
25 this information to interfere with Samsung's marketing and pricing strategy.

26       17.     Trial Exhibit 781 includes the profit margins on each device.  Competitors will use
27 this information to undercut Samsung's pricing strategy.

28

1  18. Trial Exhibits 183, 184, and 185 contain detailed business plans, including future plans.  Competitors will use this information to beat Samsung to the market and take away any first-mover advantage.

I declare under penalty of perjury that the forgoing is true and correct to the best of my knowledge.  Executed this 31st day of July, 2012, in Suwon, South Korea.

_____
GiHo Ro