1  Christopher L. Kelley, Bar No. 166608
   CKelley@perkinscoie.com
2  PERKINS COIE LLP
   3150 Porter Drive
3  Palo Alto, CA  94304
   Telephone:  650.838.4300
4  Facsimile:   650.838.4350

5  Attorneys for Nonparty
   INTEL CORPORATION
6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                          SAN JOSE DIVISION

11

| | |
|---|---|
| 12  APPLE INC., | Case No. 11-cv-01846-LHK |
| 13              Plaintiff, | **NONPARTY INTEL'S REVISED MOTION TO SEAL SELECTED PROPRIETARY MATERIAL** |
| 14         v. | |
| 15  SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| 18              Defendants. | |

20        Under Civil L.R. 7-11 and 79-5(c), and the Court's Orders of July 23, 2012 (Dkt. # 1288)

21  and July 27 (Dkt. # 1426), nonparty Intel Corporation ("Intel") moves for an order sealing or

22  redacting specific documents that contain Intel technical secrets and requiring the parties to use a

23  version of the Intel-Samsung cross license agreement that redacts commercially sensitive

24  provisions that are irrelevant to the issues in this case.  Intel's request is limited to a handful of

25  documents previously submitted under seal by the parties and subject to the Court's July 17 order

26  (Dkt. # 1256) and some documents that the parties have identified on their exhibit lists.  For

27  convenience, Intel has organized these documents into four categories:

28

- Previously sealed documents subject to the Court's July 17 order that contain Intel schematics and related technical information;
- Previously sealed documents subject to the Court's July 17 order that contain Intel commercial trade secrets;
- Trial exhibits containing Intel code, schematics and related technical information; and
- Trial exhibits containing Intel commercial trade secrets.

Each of these documents contain technical or commercial information that is confidential to Intel. Intel, therefore, requests that the Court protect its proprietary interests in these documents either by sealing them or by admitting redacted versions that omit irrelevant and highly sensitive information.

**ARGUMENT**

**I.   PREVIOUSLY SEALED DOCUMENTS CONTAINING INTEL SCHEMATICS AND RELATED TECHNOLOGY DISCLOSURES**

Intel requests that the Court order that the following documents previously filed by the parties under seal will remain sealed:

- **Intel Scrambling Circuit Presentation**[1] - Exhibit K to Declaration of Richard Wessel in Support of Samsung's Opposition to Apple's Motion for Summary Judgment (Dkt. # 1003)
- **X-GOLD 61x Product Specification** (excerpts) – Exhibit I to Declaration of Richard Wessel in Support of Samsung's Opposition to Apple's Motion for Summary Judgment (Dkt. # 1003)

Intel requests that the Court order the redaction of Intel confidential information from the following documents previously filed by the parties before these documents are unsealed:

- **Wessel Declaration** - Declaration of Samsung's Expert Richard Wessel in Support of Samsung's Opposition to Apple's Motion for Summary Judgment (Dkt. # 1003)

---

[1] This document, and several others that are the subject of this motion, have Infineon logos. This reflects the fact that they were developed at Infineon's Wireless Solutions Business before it was sold to Intel, which now owns the technology and the trade secrets disclosed in the documents.

1  - **Wessel Report** (excerpts) - Expert Report of Richard Wessel, attached as Exhibit
2  4 to Selwyn Declaration in Support of Apple's Motion for Summary Judgment
3  (Dkt. # 925, Ex. 4)
4  - **Stark Report** - Expert Report of Wayne Stark, attached as Exhibit 7 to Selwyn
5  Declaration in Support of Apple's Motion for Summary Judgment (Dkt. # 925,
6  Ex. 7)

The five items identified above all pertain to Intel's implementation of scrambling code generators in the X-GOLD baseband processor chips used in some accused iPhones. Samsung analyzed the scrambling code circuitry in connection with its U.S. 7,363,867 patent ("'867 patent"). Apple moved for summary judgment of non-infringement of this patent (Dkt. # 925). These five items were filed by the parties during briefing on this motion. The court granted Apple's summary judgment motion (Dkt. # 1156), and the '867 patent is no longer at issue.

Apple's summary judgment motion was based on the theory that the claims of Samsung's '867 patent could not be infringed by any device that complied with the 3GPP standards because Samsung's patent required that Gold codes be used for scrambling and the 3GPP standards did not use Gold codes. Under this theory the particular manner in which Intel's X-GOLD chips generated scrambling codes was irrelevant: Apple argued that as Intel's scrambling codes met the formulas set out in the 3GPP standards they did not use Gold codes and scrambling codes and therefore could not infringe. Apple's Motion for Summary Judgment [Dkt. # 925] at 2-3, 11. The Court adopted this logic in granting summary judgment and the Court's summary judgment order makes no reference to the particulars of Intel's implementation. Order [Dkt. # 1156] at 8-9.

Evidence relevant to a dispositive matter may be sealed for "compelling reasons." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). Sealing is warranted where a party has taken steps to maintain the secrecy of the information and would be harmed if it were disclosed. *Network Appliance, Inc. v. Sun Microsys., Inc.,* Case No. C-07-06053 EDL, 2010 WL 841274, at *2 (N.D. Cal. Mar. 10, 2010) (finding compelling reason to seal "in light of the confidential nature of the information and the competitive harm to third parties if the confidential information were disclosed"); *Upek, Inc. v. Authentec, Inc.,* Case No. C 10-00424

1  JF, 2010 WL 1980189, at *4 (N.D. Cal. May 17, 2010) (noting effort to maintain confidentiality
2  in finding compelling reason to seal). The **Intel Scrambling Circuit Presentation** (Ex. 1[2])
3  discusses the structure and functional steps performed by Intel's scrambling code generator
4  circuitry. The accompanying declaration of Intel Vice President Josef Hausner ("Hausner Decl.")
5  describes the nature and confidentiality of this material at paragraph 6. The hardware design for
6  Intel's X-GOLD baseband processors, which includes the scrambling code circuitry, is a
7  confidential trade secret of immense value and Intel takes appropriate steps to maintain the
8  security of these circuit designs. Hausner Decl. at ¶ 8.

9  Each of the five documents above contains circuit drawings or equivalent detailed
10 descriptions in English of the design and operation of the circuit implementation of Intel's
11 scrambling code generator. The harm resulting from disclosure of technical details of a party's
12 product provides a "compelling reason" to seal. *Kamakana,* 447 F.3d 1172, 1179 (compelling
13 reason may be found in avoiding release of trade secrets); *Network Appliance,* 2010 WL 841274,
14 at *2 -*4 (compelling reason to seal documents containing source code [at *5], detailed
15 descriptions of source code [*5] and other "proprietary technical information" [at *2]); *Dish
16 Network, LLC v. Sonicview USA, Inc.*, Case No. 09CV1553-L(NLS), 2009 WL 2579052, at *1
17 (S.D.Cal. Aug. 20, 2009); *Upek*, 2010 WL 1980189, at *4.

18 Nor does the public have an interest in gaining access to the portions sought to be
19 redacted. *See Network Appliance,*, 2010 WL 841274, at *2 (granting request to seal where
20 "although the documents in question are attached to a dispositive motion, they had no bearing on
21 the resolution of the dispute on the merits and are therefore more akin to … 'unrelated,' non-
22 dispositive motion documents").

23 The **Intel Scrambling Circuit Presentation** relates to the design and circuit structure of
24 Intel's scrambling circuitry and should be sealed in its entirety. Hausner Decl. at ¶6. The **X-**
25 **GOLD 61x Product Specification** (excerpts) (Ex. 2) is an Intel internal engineering document

---

[2] As requested by the Court at the July 27, 2012 hearing, Tr. at 8:24 - 9:3, copies of the documents that are the subject of this motion will be lodged with the Court on a CD for review.

1 describing the system level design of the Intel X-GOLD 61x platform. *Id.* The pages excerpted
2 here pertain to Intel's scrambling code generator circuitry.

3 The **Wessel Declaration**, **Wessel Report** and **Stark Report** contain other subject matter
4 in addition to Intel technical information. Intel requests that the Court order the redaction of the
5 material describing its scrambling code generator in these documents. The redactions requested
6 are indicated in Exhibits 3A, 4A and 5A lodged with the Court. Versions of these documents
7 with the requested redactions effected are attached as Exhibits 3B, 4B and 5B lodged with the
8 Court. Intel requests that if the Court wishes to have a redacted version prepared for public
9 release that it order that the redactions made in Exhibits 3B, 4B and 5B be used in these public
10 documents.

11 **II. PREVIOUSLY SEALED DOCUMENTS CONTAINING INTEL COMMERCIAL TRADE SECRETS**
12

13 Intel requests that the Court order that the following documents previously filed by the
14 parties under seal remain sealed but that redacted copies may be made available on the public
15 record:

16 - **1993 Samsung / Intel Cross License** – Exhibit K1 to Hecht Declaration in
17 Support of Samsung's Opposition to Motion for Partial Summary Judgment (Dkt. #
18 847, Ex. K1) and also Exhibit 33 to Martin Declaration (Dkt. # 927)[3]
19 - **2002 Amendment –** Exhibit K2 to Hecht Declaration in Support of Samsung's
20 Opposition to Motion for Partial Summary Judgment (Dkt. # 847, Ex. K2)
21 - **2003 Amendment** – Exhibit K3 to Hecht Declaration in Support of Samsung's
22 Opposition to Motion for Partial Summary Judgment (Dkt. # 847, Ex. K3)

23 The *Electronic Arts* decision quotes the Restatement of Torts that a trade secret is "any
24 formula, pattern, device or compilation of information" that is used in business and confers an
25 advantage. 298 Fed.Appx. at 569. The Ninth Circuit concluded that "pricing terms, royalty rates,

26

27

28 [3] Exhibits K1, K2 and K3 contain the same agreements that have been designated by Apple as Apple Trial Exhibit 81.

1  and guaranteed minimum payment terms" fell within this definition and therefore must be sealed.
2  *Id.* Intel is submitting, with this motion, versions of the cross license agreements identifying the
3  requested redactions (Exhibits 6A, 7A and 8A) and versions effecting these redactions (Exhibits
4  6B, 7B and 8B). The requested redactions delete terms relating to payment and royalties. They
5  also redact sections of the agreement that pertain to the cross-license granted by Intel to Samsung.
6  The license rights conveyed by Intel to Samsung in the agreement and amendments are irrelevant
7  to any issue in the case and reflect confidential licensing "formula[s and] pattern[s]," *Electronic*
8  *Arts*, 298 Fed.Appx. at 569, used by Intel's licensing group. At the hearing on July 27, the Court
9  suggested that some older licensing agreements might be "stale" and might not present
10 compelling reason for sealing. The licensing provisions used in the Samsung / Intel agreements
11 demonstrate their continued vitality in the fact that the agreement was renewed twice based on the
12 same fundamental framework and remained in effect from 1993 to 2008 demonstrates that the
13 formats used are not "stale" but, in fact, have continuing vitality. Furthermore, while the
14 agreement itself has terminated the license rights defined by the terms of the agreement continue
15 in effect and apply to hundreds or thousands of patents.

16      These proposed redactions are essentially the same as a redacted version of the agreement
17 and amendments previously negotiated between the parties and Intel for use in a proceeding
18 between Apple and Samsung in Korea. For the purposes of this litigation, one redaction of the
19 phrase "royalty-free" that appeared in the Korean version of the documents has been removed.
20 Apple has indicated that the redactions are acceptable to it. Intel requests that the Court order that
21 the identified documents previously filed by the parties under seal continue to be kept sealed. If
22 redacted copies are to be provided publicly, Intel requests that the redacted versions supplied as
23 Exhibits 6B, 7B and 8B be used.

24
25
26
27
28

### III. TRIAL EXHIBITS CONTAINING INTEL CODE, SCHEMATICS AND RELATED TECHNOLOGY DISCLOSURES

Intel requests that the Court order that the following documents, if admitted at trial, be admitted under seal:

- **X-GOLD 61x Product Specification** (Samsung Trial Exhibit 636) and (Apple Trial Exhibit 105)
- **X-GOLD Firmware Code** and **UMTS RLC Detailed Design Documentation** (both included in Samsung Trial Exhibit 635)

The **X-GOLD Firmware Code** is source code for the protocol software that runs on Intel's baseband processor chips. This code is a proprietary trade secret and Intel takes appropriate efforts to maintain the confidentiality of this code. Hausner Decl. at ¶ 11. Source code is sealable under the "compelling reasons" test. *Network App.*, 2010 WL 841274 at *4-*5; Tr. 7/27 Hearing at 8.

The **X-GOLD 61x Product Specification** and **UMTS RLC Detailed Design Documentation** are detailed documents describing the system level design of Intel's baseband processor hardware and UMTS RLC firmware, respectively. Hausner Decl. at ¶¶ 7, 9. As Dr. Hausner describes, Intel undertakes extensive system engineering work before its engineers begin to write software source code the hardware descriptor language (HDL) code that defines the baseband processor chips. Hausner Decl. at ¶ 6. These documents describe the resulting system design for Intel's X-GOLD 61x platform and its UMTS RLC software resulting from this system engineering process. Hausner Decl. at ¶¶ 7, 9. Intel's systems designs and these documents are confidential and Intel takes appropriate steps to ensure their security. Hausner Decl. at ¶¶ 8, 10-11. Dr. Hausner explains that publication of these documents would expose Intel to grave commercial harm as it would allow competitors to use advantageous features of Intel's systems design work or allow low cost competitors to make copycat products of their own. Hausner Decl. at ¶¶ 8, 10. The *Kamakana* decision states that "compelling reason" can be found in the protection of "trade secrets," 447 F.3d at 1179, and subsequent decisions have applied that to include documents that "provide a blueprint for others to design similar products," *Dish Network*,

2009 WL 2579052 at *1, or that "contain detailed technical specifications." *Network Appliance*, 2010 WL 841274 at *4. *See also Upek*, 2010 WL 980189 at *4-*5 ("proprietary technical details" sealed). These documents contain nothing but detailed technical description of Intel's products and should be sealed in their entirety.

Intel will lodge copies of these potential exhibits with the Court to allow the Court to review their contents.

**IV.     TRIAL EXHIBITS CONTAINING INTEL COMMERCIAL TRADE SECRETS**

Intel requests that the Court order that the following documents, if used at trial, be used in redacted form only:

- **1993 Samsung / Intel Cross License** – (Apple Trial Exhibit 81)
- **2002 Amendment** – (Apple Trial Exhibit 81)
- **2003 Amendment** – (Apple Trial Exhibit 81)
- **Apple Purchase Invoices** – (Apple Trial Exhibit 78)

For the reasons already discussed, Intel requests that the Court order the parties to use the redacted version of the **1993 Samsung / Intel Cross License** and **2002** and **2003 Amendments** as Apple Trial Exhibit 81 rather than using the un-redacted versions of these agreements. Apple has agreed to use these redacted license agreements.

Intel requests that the Court order the parties to use redacted versions of the **Apple Purchase Invoices** that redact the unit prices at which Intel sold baseband processors to Apple. The Ninth Circuit decision in *Electronic Arts* recognized "pricing terms" offered to a customer as trade secret worthy of protection under the "compelling reason" test, 298 Fed.Appx. at 569, and the Court indicated from the bench that "pricing … will be sealable." Tr. 7/27 Hearing at 9. *See also TriQuint Semiconductor, Inc. v. Avago Tech. Ltd.*, Case No. CV 09-1531-PHX-JAT, 2011 WL 6182346 at *2-*3, *6 (sealing "sales volume" and "pricing" under compelling reason standard because disclosure "would harm TriQuint's bargaining position and would give competitors the ability to directly undercut TriQuint and unfairly win business"). Apple has agreed to the redaction of unit pricing from Trial Exhibit 78. A copy of Trial Exhibit 78 with the redactions requested highlighted is included with this motion as Exhibit 9A and a copy with the

redactions made is attached as Exhibit 9B. Intel respectfully requests that the Court order that Trial Exhibit 78 be redacted as indicated as indicated in Exhibit 9B.

## V. DEPOSITION TESTIMONY OF ZORN AND PALTIAN

Intel employees Andre Zorn and Markus Paltian appear on Samsung's witness list, indicating that Samsung may wish to introduce testimony from the depositions at trial. Zorn and Paltian are engineers who provided technical testimony, unquestionably there are Intel technical trade secrets contained in these transcripts. Intel has asked Samsung to identify what portions of the transcripts it wishes to use, but Samsung has not yet replied. Accordingly, Intel requests that the Court require that Samsung give Intel fair advance warning of what excerpts of the Zorn and Paltian transcripts it intends to use and that Intel be afforded an opportunity to seek protection from the Court for any sensitive trade secrets that might be contained in those excerpts.

## CONCLUSION

The relief requested in this motion is narrowly tailored. Intel does not seek to prevent reasonably focused testimony in open court about relevant portions of its products. Intel seeks only to prevent the disclosure of its proprietary and highly valuable system designs, source code and sensitive commercial information that is irrelevant to any issues in this case.

Dated: July 30, 2012                                         Respectfully submitted,


                                                              /s/ Christopher L. Kelley
                                                             Christopher R. Kelley
                                                             *Counsel for Nonparty Intel Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on July 30, 2012.

/s/ Christopher L. Kelley

LEGAL24288592.1 -10- NON-PARTY INTEL'S REVISED MOTION TO SEAL SELECTED PROPRIETARY MATERIAL, CASE NO. 11-cv-01846-LHK