QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

  Kevin P.B. Johnson (Bar No. 177129)
  kevinjohnson@quinnemanuel.com
  Victoria F. Maroulis (Bar No. 202603)
  victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065-2139
Telephone:    (650) 801-5000
Facsimile:     (650) 801-5100

  Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO.,
LTD., SAMSUNG ELECTRONICS AMERICA,
INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | CASE NO. 11-cv-01846-LHK |
| Plaintiff, | **RENEWED ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL** |
| vs. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendant. | |

Pursuant to Civil L.R. 7-11 and 79-5, and General Order No. 62, Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") hereby bring this administrative motion for an order to seal certain highly sensitive and confidential financial documents filed by the parties.

## Request for Relief

On July 17, 2012, the Court denied several sealing motions filed by both Samsung and Apple. ECF No. 1256. The Court further ordered the parties to carefully scrutinize the documents they sought to seal, and only request that documents containing "exceptionally sensitive information that truly deserve[s] protection" be kept under seal. *Id.* at 3. The Court provided further guidance regarding sealing issues at the hearing on July 27, 2012.

Samsung has complied with the Court's Order and guidance, carefully reviewing each document page by page. Of the hundreds of documents the parties had originally filed under seal, Samsung assessed the harm that would result from their disclosure and now seeks to seal very limited and specific portions of only 15 documents. Samsung does not seek to seal financial statements, public filings, or any publicly-available data. Nor does Samsung seek to redact sensitive non-public information, such as its confidential tax agreement with the Internal Revenue Service. Instead, Samsung's request is limited to a narrow subset of financial data that is non-public, highly sensitive, and will cause competitive harm if disclosed. Compelling reasons support sealing the portions of these documents that identify Samsung's exact costs of goods sold, costed bills of materials, and product-by-product profits because disclosure of this information would cause Samsung competitive harm. If disclosed, the information would allow Samsung's competitors to undercut Samsung's pricing, gain leverage against Samsung in business and supply agreement negotiations, or engage in a variety of other behaviors that would damage Samsung's ability to compete. Far more detailed that "financial information" that's generally available to the public and Wall Street experts, the specific cost data, bills of materials, and product-by-product profits are closely guarded secrets in the mobile device industry. Given the fierce price competition, companies cannot disclose this information without handing competitors a strategic advantage.

Attached hereto as Exhibit 1 is Table A which contains a list of documents that Samsung is seeking to seal, including a description of the sealable information and the compelling reason for each document to be sealed. The compelling reasons to seal these exceptionally sensitive documents are set out further in this Renewed Motion and in the Declaration of GiHo Ro, attached hereto.

**Compelling Reasons Support Granting Samsung's Very Limited and Specific Request to Seal Samsung's Per Product Cost and Profit Information**

The information at issue is extremely confidential, never disclosed to the public, and protected stringently within Samsung. The amount it costs Samsung to make a product per unit and how much each product line has earned after expenses is far more sensitive and confidential than company-wide financials because it tells competitors what is the lowest price that Samsung could charge for a particular product and still make a profit. Armed with that information, a competitor can charge a lower price and undercut Samsung's sales. The information Samsung seeks to seal provides all competitors with a playbook for how to out-price Samsung on at least 32 different product lines. Per product profits inform competitors which products are performing best and worst, allowing competitors to target such product lines specifically in its advertising campaigns and marketing strategies. Because of the competitive harm to Samsung from its disclosure, this information is not just exceptionally sensitive, it is among the most confidential and valuable information that Samsung possesses.

The Ninth Circuit has held that preventing court files from "becom[ing] a vehicle for improper purposes," is a compelling reason "sufficient to outweigh the public's interest in disclosure." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). District courts in the Ninth Circuit have recognized that the costs of goods sold and detailed revenue and profit information present a strong danger of improper use by the company's competitors, and may be sealed under the heightened "compelling reasons" standard.

For example, the Southern District of California has held that revenues per product, revenue reductions, merchandise costs, royalty costs, promotional costs, personnel costs, and costs

of goods sold are sealable when a company's business competitors could use the information to replicate the company's business practices. *See Bauer Bros. LLC v. Nike, Inc.*, No. 09cv500–WQH–BGS, 2012 WL 1899838, at *3-4 (S.D. Cal. May 24, 2012) (sealing deposition testimony and documents containing cost analysis relating to sales, advertising and marketing, product development, and profits: "the financial data sought to be sealed by Nike could be used for improper purposes for Nike's business competitors, as it includes . . . business sales and accounting data . . . and costs analysis"); *see also Bean v. John Wiley & Sons, Inc.*, No. CV 11–08028–PCT–FJM, 2012 WL 1078662, at *6-7 (D. Ariz. Mar. 30, 2012) ("precise revenue information results" and "exact sales and production numbers" which could be used by competitors to calibrate their pricing and distribution methods to undercut defendant also provide compelling reasons for sealing) (sealing charts summarizing defendant's sales and revenue figures broken out by product); *TriQuint Semiconductor v. Avago Techs., Ltd.*, Case No. CV 09-1531-PHX-JAT, 2011 U.S. Dist. LEXIS 143942, at *10-12 (D. Az. Dec. 13, 2011) (documents showing the volume of the party's sales, market analysis, capital expenditures, cost, and manufacturing capacity met the "compelling reasons" standard for sealing).

Public disclosure of Samsung's per unit and per product cost and profit information presents the same dangers. Information showing the exact costs of components and manufacturing processes of Samsung's products are subject to the highest level of protection within Samsung. (Decl. of GiHo Ro at ¶¶ 3-5.) Information detailing products' precise success in the market are similarly among the most stringently protected at Samsung. (Decl. of GiHo Ro at ¶¶ 3-5.) This information has never been disclosed to the public and is kept in the strictest confidence within Samsung.[1] (Decl. of GiHo Ro at ¶ 4.) *See Bean*, 2012 WL 1078662, at *6-7

---

[1] Samsung takes extraordinary steps to maintain the secrecy of its confidential information. Samsung instructs its employees to keep hard copies of business documents in secure locations, hires private security forces to monitor its facilities, asks each employee to walk through a metal detector when exiting its offices, and uses special paper that is capable of triggering the metal detectors if a print-out is carried outside its offices in Korea. (Dkt. 987-47, Declaration of Han-Yeol Ryu, at ¶¶ 12-14.)

(finding additional justification to seal "information . . . kept confidential not only from the public, but also from [defendant's] own employees").

Samsung offers a broad range of mobile devices targeted at different subsets of the broader market. Release of the specific type of detailed and confidential financial data for which limited sealing is requested – including especially cost data – could be devastating to Samsung as it could allow competitors to undercut Samsung's pricing or gain leverage against Samsung in business and supply agreement negotiations, or engage in a variety of other behaviors that would damage Samsung's ability to compete. (Decl. of GiHo Ro at ¶¶ 6-8, 22, 13, 15, 17-20, 22-26.) Compelling reasons exist to seal the portions of the documents identified in Table B to Exhibit 1.

**Samsung's sensitive cost and profit information would not assist the public's understanding of the Motions on file**

Samsung proposes to leave unsealed the material that the public has the greatest interest in seeing, leaving most briefs, expert reports, and declarations unredacted. Samsung does not seek to conceal the parties' arguments, which will aid the public in understanding the judicial process. Rather, Samsung seeks to seal material that is highly specific, going well beyond what would aid the public in understanding the parties' positions and the judicial process. *See, e.g. Richardson v. Mylan Inc.*, Case No. 09-CV-1041-JM (WVG), 2011 U.S. Dist. LEXIS 23969, at *7-8 (S.D. Cal. Mar. 9, 2011) (information "of comparatively little value to the general public in terms of enhancing its understanding of the judicial process" sealable) (internal quotation omitted); *Network Appliance, Inc. v. Sun Microsystems Inc.*, No. C-07-06053 EDL, 2010 U.S. Dist. LEXIS 21721, at *13-14 (N.D. Cal. Mar. 10, 2010) (material that would "do little to aid the public's understanding of the judicial process, but have the potential to cause significant harm" to one of the parties sealable).

The public will be able adequately to understand the rulings of the Court and the positions of the parties from the material available publicly available. As in *Network Appliance*, the detailed per-unit and product cost and profit data that Samsung seeks to seal would "do little to aid the public's understanding of the judicial process, but have the potential to cause significant harm to [Samsung's] competitive and financial position within its industry." *Network Appliance*, 2010

1  U.S. Dist. LEXIS 21721, at *13-14. Samsung's detailed cost, product line information, and profit
2  margin data is not germane to the issues in litigation, and they provide a level of detail far beyond
3  what is necessary to understand any of the motions subject to the Court's July 17, 2012 Order.

### Conclusion

5        Because compelling reasons in favor of secrecy exist, Samsung respectfully requests the
6  Court seal the documents and portions of documents as identified in Table B of Exhibit 1.
7  Pursuant to General Order No. 62, Samsung's entire filing will be lodged with the Court for *in*
8  *camera review* and served on all parties.   Proposed redacted versions of documents have been
9  filed concurrently with this motion as appropriate.   (*See* Decl. of Prashanth Chennakesavan.)

12  DATED: July 30, 2012                  Respectfully submitted,

                                          QUINN EMANUEL URQUHART &
                                          SULLIVAN, LLP


                                          By  */s/ Victoria F. Maroulis*
                                          _____
                                              Charles K. Verhoeven
                                              Kevin P.B. Johnson
                                              Victoria F. Maroulis
                                              Michael T. Zeller
                                              Attorneys for SAMSUNG ELECTRONICS CO.,
                                              LTD., SAMSUNG ELECTRONICS AMERICA,
                                              INC. and SAMSUNG
                                              TELECOMMUNICATIONS AMERICA, LLC