1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5  Kevin P.B. Johnson (Bar No. 177129)
   kevinjohnson@quinnemanuel.com
6  Victoria F. Maroulis (Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
7  555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, California  94065-2139
8  Telephone: (650) 801-5000
   Facsimile: (650) 801-5100

9
   Michael T. Zeller (Bar No. 196417)
10 michaelzeller@quinnemanuel.com
   865 S. Figueroa St., 10th Floor
11 Los Angeles, California 90017
   Telephone: (213) 443-3000
12 Facsimile: (213) 443-3100

13 Attorneys for SAMSUNG ELECTRONICS CO.,
   LTD., SAMSUNG ELECTRONICS AMERICA,
14 INC. and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC

15
                    UNITED STATES DISTRICT COURT
16
            NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION
17

18

19 | APPLE INC., a California corporation, | CASE NO. 11-cv-01846-LHK (PSG)
20 |                Plaintiff,              | **DECLARATION OF GIHO RO IN SUPPORT OF SAMSUNG'S RENEWED ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL**
21 |        vs.                             |
22 | SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, |
25 |               Defendants.              |

02198.51855/4880480.1

Case No. 11-cv-01846-LHK (PSG)
RO DECLARATION IN SUPPORT OF SAMSUNG'S RENEWED ADMIN. MOTION TO FILE UNDER SEAL

## DECLARATION OF GIHO RO

I, GiHo Ro do hereby declare as follows:

1. I am a Senior Manager, Administration Team in the Mobile Communications Division at Samsung Electronics Co., Ltd. ("SEC"). I submit this Declaration in support of Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC ("Samsung's") Renewed Administrative Motion to File Documents Under Seal ("Renewed Motion"). I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would competently testify to them.

2. In my position, I assist and report directly to the Chief Financial Officer of SEC's Mobile Communications Division and receive all financial reporting within the Mobile Communications division that is sent to the Chief Financial Officer. I am thus intimately familiar with the types and nature of financial data and reports generated by Samsung, how those data and reports are used within Samsung, and how they could be used by Samsung's competitors if publically disclosed.

3. I have reviewed the documents that are the subject of Samsung's Renewed Motion, and agree with the proposed highlighted redactions attached to the declaration of Prashanth Chennakesavan. The documents at issue are not "financial statements"; nor do they merely contain "financial information." They identify the cost of the components Samsung uses to manufacture its products, and contain detailed information about the cost to manufacture at least 32 product lines and Samsung's profit margins on those products, calculated using highly sensitive cost and overhead information. In addition, they contain the profits earned for each product line.

4. This is not the type of information that Samsung reports to investors, the SEC, the press, or business analysts. The information has never been made available outside of the company and is also not available to the vast majority of people who work for Samsung. This information is highly confidential to Samsung and Samsung takes extraordinary steps to maintain the secrecy of the information. Even within Samsung's finance and accounting groups, this information can only be accessed by certain financial personnel on a very restricted need-to-know basis.

5. The information contained in these documents was produced in this case to Apple's outside counsel and experts for the sole purpose of calculating supposed damages. It was produced under a Protective Order and was marked "Highly Confidential – Attorneys' Eyes Only." Samsung took special precautions when producing this data to Apple, including restricting the distribution of soft copies of the data, copying of data, or inspecting the data in an unsecured environment. Samsung distributed a limited number of numbered compact discs that contained soft copies of the data, retrieved the discs after a certain amount of time, and only permitted the inspection of certain data in a secure location to prevent unauthorized copying or dissemination.

6. Disclosure of per product revenues, pricing, and costs will permit competitors to undercut Samsung's pricing, and allow business partners to gain leverage against Samsung in business and supply agreement negotiations.

7. Disclosure of specific cost information and bills of materials will allow competitors and business partners to use this information to gain leverage against Samsung in business and supply agreement negotiations. It will also assist competitors in product and financial planning.

8. The need for confidentiality extends to portions of summaries created by the damages experts in this case. While some of the information contained in these summaries is not highly sensitive, other information, like specific profit margins, and per-unit costs, would have the same detrimental effect on Samsung as the distribution of the underlying data would have. For example, competitors could interfere with pricing strategy if they knew Samsung's per-unit costs. The highlighted versions of these documents attached to Mr. Chennakesavan's declaration identify which of the financial figures stated would subject Samsung to improper and unfair competition if disclosed.

9. The requested relief in the Motion to Seal is necessary to protect the confidentiality of extremely sensitive financial information contained in the documents included in Dkt. Nos. 927, 1013, 1022, 1060, 1064, 1185, 1206, 1208, and 1209.

**Dkt. No. 927**

10. Samsung's Motion to Exclude Opinions of Certain of Apple's Experts (Dkt. No. 927-01) contains references to very specific cost numbers that are HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY. It is my understanding that this document also contains information designated by Apple as confidential. I have reviewed a version of the document that was partially redacted and only included Samsung's financial data. I did not review any of the documents underlying Samsung's Motion.

11. Page 18 of this document references the specific amount of Samsung's costs considered by the experts in this case. This information is confidential and proprietary to Samsung, and the adverse competitive effects on Samsung could be devastating if Samsung's competitors were able to obtain this information because this document was not filed under seal. For example, competitors and business partners could use this information against Samsung to undercut Samsung's pricing, or gain leverage against Samsung in business and supply agreement negotiations. However, only the highlighted portions of this document need to be sealed in order to protect the critical information and Samsung's interests.

12. Exhibits 1, 3, and 5 to the Declaration of Joby Martin in support of Samsung's Motion to Exclude Opinions of Certain of Apple's Experts (Dkt. Nos. 927-03, 927-05 , and 927-07) are documents prepared by Samsung's damages expert in this litigation that contain HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information regarding Samsung's revenues, pricing, gross profit, and other financial data from which Samsung's revenues, pricing and profit data can be calculated. It is my understanding that these documents also contain information designated by Apple as confidential. I have reviewed versions of the documents that were partially redacted and only included Samsung's financial data.

13. The portions of the documents that I reviewed contain highly sensitive and confidential information related to Samsung's financial results and pricing with carrier customers which are not publicly reported and are protected from disclosure due to their significant competitive value. Even within Samsung, the information is only available to be accessed by a very limited number of finance personnel. This information is confidential and proprietary to Samsung, and the adverse competitive effects on Samsung could be devastating if Samsung's competitors were able to obtain this information because this document was not filed under seal.

1 However, only the highlighted portions of this document need to be sealed in order to protect the
2 critical information and Samsung's interests.
3      14.    Exhibit 10 to the Declaration of Joby Martin in support of Samsung's Motion to
4 Exclude Opinions of Certain of Apple's Experts (Dkt. No. 927-12) includes spreadsheets prepared
5 by Apple's expert showing detailed analysis of Samsung's profits, revenues and cost of goods for
6 2010-2012 that are HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.  It is my
7 understanding that these documents also contain information designated by Apple as confidential.
8 I have reviewed versions of the documents that were partially redacted and only included
9 Samsung's financial data.
10     15.    The portions of the documents that I reviewed contain highly sensitive and
11 confidential information that is not reported outside of Samsung.  Even within Samsung, this
12 information is heavily secured and very few Samsung employees have access to this information.
13 This information could be used by Samsung's competitors in order to attempt to undercut
14 Samsung's prices and would disadvantage Samsung's competitive position if it were not to be
15 filed under seal.
16     16.    Exhibit 2 to the Declaration of Joby Martin in support of Samsung's Motion to
17 Exclude Opinions of Certain of Apple's Experts (Dkt. No. 927-04) is an excerpt from the
18 HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY deposition of Apple's damages
19 expert, Terry Musika.  This transcript contains very specific information regarding Samsung's
20 revenues, pricing, gross profit, and other financial data from which Samsung's revenues, pricing
21 and profit data can be calculated.  It is my understanding that this transcript also contains
22 information designated by Apple as confidential.  I have reviewed a version of the document that
23 was partially redacted and only included Samsung's confidential information.
24     17.    The portions of the transcript that I reviewed contain highly sensitive and
25 exceptionally confidential information related to Samsung's financial results and pricing with
26 carrier customers which are not publicly reported and are protected from disclosure due to their
27 significant competitive value.  Even within Samsung, the information is only available to be
28 accessed by a very limited number of finance personnel.   This information is confidential and

proprietary to Samsung, and the adverse competitive effects on Samsung could be devastating if Samsung's competitors were able to obtain this information because this document was not filed under seal.  However, only the highlighted portions of this document need to be sealed in order to protect the critical information and Samsung's interests.

**Dkt. No. 991**

18. Exhibits F and G to the Declaration of Terry L. Musika in Support of Apple's Opposition to Samsung's Motion for Summary Judgment are spreadsheets prepared by Apple's expert showing detailed analysis of Samsung's profits, revenues and cost of goods for 2010-2012 that are HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.  This information is highly sensitive and confidential and is not reported outside of Samsung.  Even within Samsung, this information is heavily secured and very few Samsung employees have access to this information.  This information could be used by Samsung's competitors in order to attempt to undercut Samsung's prices and would disadvantage Samsung's competitive position if it were not to be filed under seal.

**Dkt. No. 1013**

19. Exhibit O to the Declaration of Michel Maharbiz in Support of Apple's Opposition to Samsung's Motion for Summary Judgment contains HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY cost information.  Specifically, page 15 of this document contains Samsung's total cost for one of its Galaxy Tab products.  This information is confidential and proprietary to Samsung, and the adverse competitive effects on Samsung could be devastating if Samsung's competitors were able to obtain this information because this document was not filed under seal.  For example, competitors and business partners could use this information against Samsung to undercut Samsung's pricing, or gain leverage against Samsung in business and supply agreement negotiations.  However, only the highlighted number in this document needs to be sealed in order to protect the critical information and Samsung's interests.

**Dkt. No. 1022**

20. Exhibit 37 to the Declaration of Peter Bressler in Support of Apple's Opposition to Samsung's Motion for Summary Judgment (Dkt. No. 1022) is a document produced by Samsung

1 in this litigation that bears the designation HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
2 ONLY.  The document contains confidential information regarding Samsung's product costs.
3 This document contains highly sensitive and exceptionally confidential information related to
4 Samsung's financial information and costs which is proprietary to Samsung.  The adverse
5 competitive effects on Samsung could be devastating if Samsung's competitors were able to obtain
6 this information because this document was not filed under seal.  However, only the highlighted
7 portions of this document need to be sealed in order to protect the critical information and
8 Samsung's interests.

**Dkt. No. 1060**

10   21.   Exhibit B to the Declaration of Michael J. Wagner in Support of Samsung's Reply
11 in Support of Motion to Exclude Testimony of Apple's Experts (Dkt. No. 1060-37) is a document
12 prepared by Samsung's damages expert in this litigation that contains HIGHLY CONFIDENTIAL
13 – ATTORNEYS' EYES ONLY information regarding Samsung's revenues, pricing, gross profit,
14 and other financial data from which Samsung's revenues, pricing and profit data can be calculated.
15 It is my understanding that this document also contains information designated by Apple as
16 confidential.  I have reviewed a version of the document that was partially redacted and only
17 included Samsung's financial data.

18   22.   The portions of the document that I reviewed contain highly sensitive and
19 exceptionally confidential information related to Samsung's financial results and pricing with
20 carrier customers which are not publicly reported and are protected from disclosure due to their
21 enormous competitive value.  Even within Samsung, the information is only available to be
22 accessed by a very limited number of finance personnel.   This information is confidential and
23 proprietary to Samsung, and the adverse competitive effects on Samsung could be devastating if
24 Samsung's competitors were able to obtain this information because this document was not filed
25 under seal.  However, only the highlighted portions of this document need to be sealed in order to
26 protect the critical information and Samsung's interests.

**Dkt. No. 1206**

23. Apple's Opposition to Samsung's Motions in Limine (Dkt. No. 1206) includes discussion of Samsung's confidential product strategy documents, market and consumer research documents, and Samsung's profits. This information is not a matter of public record and reflects Samsung's confidential information. This information is confidential and proprietary to Samsung, and the adverse competitive effects on Samsung could be devastating if Samsung's competitors were able to obtain this information because this document was not filed under seal. For example, competitors could use Samsung's profit data to better plan their own product releases and pricing. However, only the highlighted portions of this document need to be sealed in order to protect the critical information and Samsung's interests.

24. Exhibit 42 to the Kanada Declaration is a document prepared by Samsung's damages expert in this litigation that contains HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information regarding Samsung's recent profits calculated on a product-by-product basis. This document contains highly sensitive and exceptionally confidential information related to Samsung's recent financial results which are not publicly reported and are protected from disclosure due to their significant competitive value. Such information is kept highly confidential even within Samsung and can only be accessed by certain financial personnel, on a very restricted need-to-know basis. This information is confidential and proprietary to Samsung, and the adverse competitive effects on Samsung could be devastating if Samsung's competitors were able to obtain this information because this document was not filed under seal. For example, competitors and business partners could use this information against Samsung to improve or plan their own profit strategies in order to better compete. Because the confidential information can been seen throughout this document, the document should be sealed in its entirety.

25. Exhibit 43 to the Kanada Declaration consists of an excerpt from the transcript of Michael Wagner which was designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY. The excerpt discusses confidential information regarding Samsung's profit margins for particular products which are not publicly reported and are protected from disclosure due to their enormous competitive value. This information is confidential and proprietary to Samsung, and the

1  adverse competitive effects on Samsung could be devastating if Samsung's competitors were able
2  to obtain this information because this document was not filed under seal.  If a competitor knew
3  what Samsung's profit margins were on particular products, it could use that information to
4  undercut Samsung's pricing and obtain an unfair competitive advantage.  However, in an effort to
5  balance the public's need to know with Samsung's interest in protecting its confidential
6  information, Samsung is seeking to seal only one sentence, which is highlighted, and which
7  contains the most sensitive information.

8         26.    Exhibit 44 to the Kanada Declaration consists of an excerpt from the transcript of
9  Timothy Sheppard which was designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
10 ONLY.  The excerpt discusses confidential information regarding Samsung's profit margins
11 which are not publicly reported and are protected from disclosure due to their enormous
12 competitive value.  Such information is kept highly confidential even within Samsung and can
13 only be accessed by certain financial personnel, on a very restricted need-to-know basis.  This
14 information is confidential and proprietary to Samsung, and the adverse competitive effects on
15 Samsung could be devastating if Samsung's competitors were able to obtain this information
16 because this document was not filed under seal.  For example, competitors and business partners
17 could use this information against Samsung to improve or plan their own profit strategies in order
18 to better compete.  Competitors could also use this information against Samsung in business
19 negotiations.  Because the confidential information can been seen throughout this document, the
20 document should be sealed in its entirety.

22        I declare under penalty of perjury that the forgoing is true and correct to the best of my
23 knowledge.  Executed this 31st day of July, 2012, in Suwon, South Korea.

_____
Giho Ro