1  DAVID A. KAYS, ESQ. (SBN 120798)
   FREEDA Y. LUGO, ESQ. (SBN 244913)
2  MORGAN, FRANICH, FREDKIN & MARSH
   99 Almaden Boulevard, Suite 1000
3  San Jose, California  95113-1613
   Telephone: (408) 288-8288
4  Facsimile:  (408) 288-8325
5  ATTORNEYS FOR NON-PARTY
   QUALCOMM INCORPORATED
6

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                            SAN JOSE DIVISION

11

12 | APPLE INC., a California corporation,         | Case No. 11-CV-01846-LHK
13 |                                     Plaintiff,|
14 |         v.                                    | **NON-PARTY QUALCOMM
15 | SAMSUNG ELECTRONICS CO., LTD., a              | INCORPORATED'S REVISED
   | Korean corporation; SAMSUNG                   | ADMINISTRATIVE MOTION
16 | ELECTRONICS AMERICA, INC., a New              | TO SEAL CONFIDENTIAL
17 | York corporation; and SAMSUNG                 | INFORMATION PURSUANT TO
   | TELECOMMUNICATIONS AMERICA,                   | CIVIL L. R. 7-11 & 79-5**
18 | LLC, a Delaware limited liability company,    |
19 |                                    Defendants.|

28 Case No. 11-CV-01846-LHK
   Revised Motion to Seal Confidential Information

While Non-Party Qualcomm Incorporated's ("Qualcomm") Motion to Seal filed on July 26, 2012 (Docket Item 1394) was not on the docket for the Court's hearing held on Friday July 27, Qualcomm now has the benefit of the Court's general instructions given during that hearing concerning the sealing of third party licensing information, and submits this Revised Administrative Motion to Seal Confidential Information pursuant to Civil L. R. 7-11 & 75-9 (the "Revised Motion") to comply with that guidance.

Because the only document designated as a trial exhibit that the parties have identified to Qualcomm as containing Qualcomm confidential information is Trial Exhibit 630 (the expert report of Prof. David Teece) and specifically Exhibit 3A to that report,[1] Qualcomm confines its motion to that document, while respectfully requesting that it be given a similar opportunity to move should additional documents containing Qualcomm's confidential information be proposed for use at trial.

Qualcomm has not received any actual copy of Trial Exhibit 630, but rather only a table that Samsung represents comprises all excerpts from Trial Exhibit 630 that include information about Qualcomm licenses (the "Qualcomm License Summary"). Attached as Exhibit A to this Revised Motion is a version of that Qualcomm License Summary, from which Qualcomm's confidential information has been redacted. An unredacted version of the Qualcomm License Summary is lodged with the Clerk for the Court's reference.

By this Revised Motion Qualcomm narrows and confines its requests for redactions, limiting them to those categories of license information that the Court directed should be sealed in accordance with the Ninth Circuit's decision in *In re*

---

[1] *See* Declaration of Eric Reifscheider in Support of Non-Party Qualcomm Incorporated's Administrative Motion to Seal dated July 26, 2012 ("Reif. Decl.") (Docket Item 1394, Attachment 1) ¶ 1.

Case No. 11-CV-01846-LHK
Revised Motion to Seal Confidential Information

*Electronic Arts, Inc.*, 298 Fed. App'x 568, 569-570 (9th Cir. 2008): "**Pricing, royalty rates, minimum payment terms**" and "**the duration of the license**".  (*See* 7/27 Hearing Tr. at 9.)  Quite simply, Qualcomm requests sealing of all information contained in the columns headed "Term" and "Payments" on the License Summary, and nothing else.

   Qualcomm believes that "price" and "royalty rate" must include, as a matter of both economics and negotiation realities, information as to when or whether licenses become "paid up", the details of rights granted to adjust price terms in the future if certain conditions occur, and identification of non-monetary rights received by Qualcomm as partial consideration for a license.  Clearly this is the understanding of Professor Teece as well, as he has listed all such information under the heading "Payments".  As Eric Reifschneider, Senior Vice President and General Manager of Qualcomm Technology licensing has attested, these terms are indeed heavily negotiated and highly sensitive confidential information that Qualcomm considers to be trade secrets, the disclosure of which would give valuable information to competitors and could disadvantage Qualcomm in future negotiations with other licensees.  (*See* Reif. Decl. ¶¶ 2, 6.)

   We note that, at the hearing, counsel for Reuters expressed doubt that a Qualcomm license agreement dating back to 1993 (a "20-year-old document") could continue to contain trade secrets.  (*See* 7/27 Hearing Tr. at 15.)  We will simply note that Qualcomm's 1993 license agreement is not "just history."  As Dr. Teece's Exhibit 3A correctly reflects, the 1993 license agreement remains in effect to the present in important respects, governing the license relationship between Samsung and Qualcomm subject only to subsequent amendments.  As a result, it is just as commercially significant and sensitive as an agreement signed yesterday.

   As to counsel for Reuters' assertion that "Qualcomm has publicly filed their licensing agreement, including financial terms" (*See* Hearing Tr. at 11), to

Case No. 11-CV-01846-LHK
Revised Motion to Seal Confidential Information

2

Qualcomm's knowledge none of the specific and individually negotiated agreements listed in Exhibit 3A of Trial Exhibit 630 have ever been publicly filed in unredacted form. It is true that Qualcomm's initial Motion to Seal was itself erroneously not filed under seal due to human error, but that has been corrected.

Accordingly, Qualcomm respectfully moves that Trial Exhibit 630 only be admitted into evidence either under seal, or redacted to remove all information redacted from Exhibit A hereto. Qualcomm further moves that any testimony disclosing the substance of the redacted information be admitted only under seal and in such a manner as to preserve confidentiality.

Dated: July 30, 2012                    MORGAN, FRANICH, FREDKIN & MARSH

By:    /S/

DAVID A. KAYS

Attorneys for Non-Party QUALCOMM, INCORPORATED.