**EXHIBIT A**

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX: (213) 443-3100

WRITER'S DIRECT DIAL NO.
(213) 443-3110

WRITER'S INTERNET ADDRESS
melissadalziel@quinnemanuel.com

July 21, 2012

**VIA E-MAIL & FEDERAL EXPRESS**

Frank Nuzzi
Email: frank.nuzzi@siemens.com

Siemens
Attn: Legal Department
300 New Jersey Avenue
Suite 1000
Washington, D.C. 20001

Head of CT L&T
Siemens AG
PF 22 16 34
80506 Munich
Germany

Head of Legal Services ICM
Wittelsbacherplatz 2
8033 Munich
Germany

Re:   Notice of Disclosure of Confidential Documents

Dear Mr. Nuzzi:

My firm represents Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC, in several litigations with Apple Inc., involving claims of patent infringement. One action is pending in the United States District Court for the Northern District of California denominated Apple Inc. v. Samsung Electronics Co., Ltd., et.al, Case No. 5:11-cv-01846-LHK. Trial will start on July 29, 2012, and we are in the process of

quinn emanuel urquhart & sullivan, llp
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois 60661-2510 | TEL (312) 705-7400 FAX (312) 705-7401
WASHINGTON, DC | 1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia 20004-2400 | TEL (202) 538-8000 FAX (202) 538-8100
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44 20 7653 2000 FAX +44 20 7653 2100
TOKYO | NBF Hibiya Building, 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 3 5510 1711 FAX +81 3 5510 1712
MANNHEIM | Mollstraße 42, 68165 Mannheim, Germany | TEL +49 621 43298 6000 FAX +49 621 43298 6100
MOSCOW | Voentorg Building, 3rd Floor, 10 Vozdvizhenka Street, Moscow 125009, Russia | TEL +7 495 797 3666 FAX +7 495 797 3667
HAMBURG | An der Alster 3, 20099 Hamburg, Germany | TEL +49 40 89728 7000 FAX +49 40 89728 7100

designating trial exhibits.

We are writing to inform you that Samsung has designated as potential trial exhibits documents that contain your company's confidential business information. A list of the documents is attached as Appendix A. Pursuant to a recently issued court order, the Court will not allow Samsung to seal any such documents unless "compelling reasons" are shown, to warrant secrecy. (See the attached July 17, 2012 and July 20, 2012 Orders.) The Court made clear that a showing of "good cause" would not be sufficient for sealing and provided the following guidance regarding what specific factual findings might constitute "compelling reasons":

> [W]here a party seeks to file under seal documents attached to a dispositive motion, the strong presumption of public access can be overcome only by an "'articulat[ion of] compelling reasons supported by specific factual findings," and the Court must "'conscientiously balance[] the competing interests' of the public and the party who seeks to keep certain judicial records secret." "A 'good cause' showing will not, without more, satisfy a 'compelling reasons' test." The Ninth Circuit has explained that "compelling reasons" that justify sealing court records generally exist "when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets."

July 20, 2012 Order Denying Motions to Seal and Remove Incorrectly Filed Documents, at 2 (internal citations omitted).

Samsung has not identified any compelling reasons, under that standard, to warrant a request for sealing of these documents. To the extent that your company believes it can make such a showing, and if you want to try to obtain a court order to seal the information in these documents, we recommend that you consider filing a motion to intervene as a third party and then a motion to seal. Otherwise, the documents and information identified in Appendix A will be available to the public as a result of the upcoming trial. Please let us know if you have any questions.

Sincerely,

*Melissa Dalziel*

Melissa Dalziel

Enclosures

02198.51855/4869260.1

2