1  John P. Bovich (SBN 150688)
   Email:  jbovich@reedsmith.com
2  James A. Daire (SBN 239637)
   Email:  jdaire@reedsmith.com
3  REED SMITH LLP
   101 Second Street, Suite 1800
4  San Francisco, CA  94105-3659
   Telephone:     +1 415 543 8700
5  Facsimile:     +1 415 391 8269

6  Attorneys for NON-PARTY
   Siemens AG
7

8                UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10                       San Jose Division

11 | APPLE INC., a California corporation, | No.: 11-cv-01846-LHK (PSG)
12 |                Plaintiff,             | **DECLARATION OF FRANK. J. NUZZI IN SUPPORT OF NON-PARTY SIEMENS AG'S ADMINISTRATIVE MOTION TO SEAL**
13 |                vs.                    |
14 | SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | Honorable Lucy H. Koh
15 |
16 |
17 |
18 |                Defendants.            |

19

20       I, Frank J. Nuzzi, declare and state as follows:

21       1.      I am Senior IP Counsel for Siemens Corporation.  Given the timing issues in this case

22 and the late notice Siemens AG received, I understand that an employee of Siemens AG is unable to

23 submit a responsive declaration along with the motion to seal.  However,  I make this declaration

24 based on what I believe Siemens AG's position would be had Siemens AG had sufficient time to

25 respond in this case. I have personal knowledge of Siemens AG's positions it has taken in similar

26 circumstances and I make my declaration based on such knowledge.

27

28

2. In December 2003, Siemens AG and Samsung Electronics Co. LTD. ("Samsung") entered into a written Patent License Agreement ("the Agreement").  (A true and correct redacted copy of the Agreement is attached hereto as Exhibit A.)

3. While the fact that the parties entered into the Agreement is not confidential, the Agreement contains confidentiality obligations wherein each party's ability to disclose the terms of the Agreement is restricted, absent the other party's consent. [Exh. A, Sect. 7.]

4. I understand that trial counsel for Samsung intends to introduce into evidence both the Agreement and a summary of its key terms as Trial Exhibit 77.  (A true and correct copy of a redacted version of the summary of key terms is attached hereto as Exhibit B.)  Such an introduction would necessarily involve the disclosure of confidential terms of the Agreement.

5. I also understand that Trial Exhibit 77 will disclose at least the term or expiration of the Agreement, the monetary consideration paid for the license rights granted, as well as the technological scope of the license.  Siemens AG considers this type of information to be highly confidential, and amongst its most sensitive business information.

6. Siemens AG owns one of the largest and most important patent portfolios in the world.  I understand from the Siemens AG website that Siemens AG holds approximately 58,000 patents worldwide. [http://www.siemens.com/corporate-technology/en/patents-and-standards/index.htm.]  The protection, utilization, and expansion of Siemens AG's intellectual property rights are vital to its success. *Id.*

7. Siemens AG is in constant negotiations with multiple companies regarding patent licenses, including relating to the technology at issue in the Agreement (as I understand it).  Siemens AG's ability to negotiate these licenses on competitive terms would be severely hampered if the confidential terms of its existing license agreements were made public.  This is especially true where, as in the Agreement here, the confidential terms relate to the term of the license, unexpired patents or patents for which there remains an enforceable term, the monetary consideration paid for the license rights granted, and/or the technological scope of the license.

1  8. Given the extreme importance and sensitivity of this information, I believe that Siemens AG would be severely harmed should the information contained in Trial Exhibit 77 become public without redactions.

9. Redacted versions of the Agreement and the summary of its key terms are attached hereto as Exhibits A and B, respectively.  Siemens AG has no objection to these redacted versions being displayed publicly, so long as the redacted information is only submitted under seal.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

July 30, 2012.

*Frank J. Nuzzi\**
Frank J. Nuzzi

*\*Filer's Attestation: Pursuant to General Order No. 45, Section X(B) regarding signatures, John P. Bovich hereby attests that concurrence in the filing of this document has been obtained.*