HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
JENNIFER LEE TAYLOR (CA SBN 161368)
jtaylor@mofo.com
ALISON M. TUCHER (CA SBN 171363)
atucher@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
JASON R. BARTLETT (CA SBN 214530)
jasonbartlett@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK<br><br>**DECLARATION OF BETH KELLERMANN IN SUPPORT OF APPLE'S MOTION TO SEAL TRIAL EXHIBITS** |

I, Beth Kellermann, hereby declare as follows:

1. I am an employee of Apple Inc. ("Apple"). My title is Litigation eDiscovery Manager for Apple. As part of my role, I am very familiar with Apple's efforts to ensure that its source code is not disclosed outside of a select group of individuals at Apple. I submit this declaration in support of Apple's Renewed Motion to Seal Trial Exhibits. I have personal knowledge of the matters set forth below. If called as a witness I could and would competently testify as follows.

2. I have been employed at Apple since October 2007. Prior to joining Apple, I worked at Littler Mendelson, with a focus on litigation support and electronic discovery. I received a Bachelor's degree in Economics from Oklahoma State University.

3. In my current capacity at Apple, my responsibilities include managing e-discovery in litigation. Part of my responsibilities include maintaining the security and secrecy of Apple's source code.

4. As is discussed in the declaration of Henri Lamiraux, Apple source code is provided the highest level of protection and security within Apple.

5. Recognizing the sensitivity of source code, the Protective Order operative in this case (Dkt. 687) contains numerous safeguards to protect the confidentiality of the Parties' source code and maintain its confidential, trade-secret status. These protections include a prosecution bar on patent attorneys who may review Apple's source code. Moreover, source code in this case has been securely stored under lock and key at the offices of Apple's counsel. The computers that contain the source code are kept in locked specialized polypropylene copolymer pelican cases and are further secured in a locked safe when not being inspected. When source code is made available for inspection, the Protective Order requires that the code be made available only in a "secure room, on at least two secured, stand-alone computers (running a reasonably current operating system) per software platform produced, without Internet access or network access to other computers, as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal, or other transfer of any Source Code outside or away from the computer on which the Source Code is provided for inspection…" (Dkt. 687 at 15.) The robust

methods provided by the Protective Order and agreed to by the parties reflect the high-degree of importance Apple maintains for maintaining its most valuable trade secrets.

6. Outside of litigation, third parties are not typically granted any access to these source code files. In the rare instances in which third parties are granted access to certain source code files (on a need to know basis only), Apple insists that access be conditioned on agreement not to make electronic copies of them and restricting the number of hard copies that may be made. Apple also insists that the third parties maintain the source code files in a secure site and limit the number of persons entitled to view them.

7. Apple's restrictions on access to its source code by third parties and its employees are especially necessary because the electronic nature of source code renders the code easily copied.

8. The specific portions of Apple source code which we are asking this Court to seal have always been non-public, were produced pursuant to the Protective Order operative in this case and their exposure would cause Apple to lose significant competitive advantage.

9. Plaintiff's Exhibit 121 is a collection of four (4) Apple iOS source code files. Apple considers these source code files to be trade secrets. Public disclosure of this information would be extremely harmful to Apple to for the reasons described above.

10. Defendant's Exhibit 645 is a collection of one hundred sixty-nine (169) Apple iOS source code files. Apple considers these source code files to be trade secrets. Public disclosure of this information would be extremely harmful to Apple to for the reasons described above. To my knowledge, with the exception of part of source code file AVPlayer.h and source code files MFMailComposeViewController.h and MFMessageComposeViewController.h, this information has never been publicly disclosed. Apple does not seek to file under seal any public portions of Exhibit 645.

11. Attached as Appendix A to the Declaration of Henri Lamiraux is a list of the individual source code files in Exhibits 121 and 645 that Apple seeks to seal for the reasons explained above and in his Declaration.

12. Plaintiff's Exhibit 110 is 62 pages of detailed schematics that show the electrical configuration of Apple's iBook and Apple's iSight. These detailed electrical schematics at issue are trade secret information. Disclosure of the functionality of Apple's products to this level of specificity gives competitors highly sensitive information that would enable them to copy numerous aspects of Apple's engineering. Apple's competitors would learn the precise functionality and limits of functionality of the components to which the schematics are relevant. The comprehensiveness and level of detail provided are not publicly available.

13. Apple creates confidential source code other than its core iOS code. Plaintiff's Exhibit 63 is a confidential Apple code file relating to simulation software used to create Apple's patented "rubber-banding" user interface. The code is maintained confidential by the members of Apple's Human Interface Group. Exhibit 63 has not previously been publicly disclosed. Public disclosure of Exhibit 63 would cause harm to Apple because it reveals the technology underlying one of the aspects of the iPhone and iPad user interface that is associated with Apple.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 30th day of July, 2012 at Cupertino, California.

_/s/ Beth Kellermann_
Beth Kellermann