MCKOOL SMITH HENNIGAN, P.C.
Courtland L. Reichman (SBN 268873)
creichman@mckoolsmith.com
303 Twin Dolphin Drive, 6th Floor
Redwood Shores, CA  94065
Tel.:  650-394-1400
Fax:  650-551-9901

*Attorneys for Non-Party Telefonaktiebolaget LM Ericsson*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-CV-01846-LHK<br><br>**NON-PARTY TELEFONAKTIEBOLAGET LM ERICSSON'S ADMINISTRATIVE MOTION TO SEAL**<br><br>**DOCUMENT SUBMITTED UNDER SEAL** |

MCKOOL SMITH HENNIGAN, P.C.
Courtland L. Reichman (SBN 268873)
creichman@mckoolsmith.com
303 Twin Dolphin Drive, 6th Floor
Redwood Shores, CA  94065
Tel.:  650-394-1400
Fax:  650-551-9901

*Attorneys for Non-Party
Telefonaktiebolaget
LM Ericsson*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California Corporation, | Case No. 11-CV-01846-LHK |
| Plaintiff, | |
| vs. | **NON-PARTY TELEFONAKTIEBOLAGET LM ERICSSON'S ADMINISTRATIVE MOTION TO SEAL** |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendants. | |

Non-Party Telefonaktiebolaget LM Ericsson ("Ericsson") respectfully moves the Court pursuant to Civil Local Rules 7-11 and 79-5(c), and the Court's Order of July 23, 2012 (Docket No. 1288), to seal portions of Trial Exhibits 77, 630, and 631. The identified portions of each exhibit contain highly confidential and exceptionally sensitive business information that, if disclosed to the public, would harm Ericsson's competitive standing. The information satisfies the Ninth Circuit's "compelling reasons" standard for sealing court records.

Samsung Electronics Co., Ltd. ("Samsung") has informed Ericsson that it "has designated as potential trial exhibits documents that contain [Ericsson's] confidential business information"[1] and provided Ericsson with a chart identifying the Ericsson confidential information disclosed in those exhibits -- Trial Exhibits 77, 630, and 631.[2] Ericsson does not have access to the entirety of any of the exhibits, as it understands that other portions of those exhibits contain the confidential business information of other non-parties.[3]

Although public access to trial materials is favored, it is not absolute. The Supreme Court has noted that a court has the power "to insure that its records are not used . . . as sources of business information that might harm a litigant's competitive standing."[4] The Ninth Circuit has determined that certain compelling reasons may exist to seal confidential information at trial, including avoiding

---

[1] Letter from Melissa Dalziel, counsel for Samsung, to Telefonaktiebolaget LM Ericsson, Vice President and General Manager Patent Licensing, Stockholm, Sweden, dated July 21, 2012. In-house counsel for Ericsson first became aware of the Samsung letter on Friday, July 27, 2012, when counsel for Samsung followed up with an email on that date. The vast majority of Ericsson's employees in Sweden are on summer break.

[2] Ericsson is not aware of any trial exhibits that Apple intends to offer that contain Ericsson confidential and business sensitive information. If Apple does intend to offer documents at trial that contain Ericsson competitive business information or sensitive licensing terms, or if either of the parties seeks to introduce the Ericsson licenses, Ericsson reserves the right to file another motion to protect that information.

[3] Ericsson understands that Samsung does not oppose this motion. Ericsson contacted counsel for Apple and Reuters by email on the afternoon of July 27, regarding their clients' respective positions on the motion. Counsel for Reuters indicated that Reuters will probably oppose the motion. Ericsson has not heard from Apple.

[4] *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978).

McKool Smith Hennigan P.C.
303 Twin Dolphin Drive, Suite 600
Redwood Shores, California 94065

the disclosure of trade secrets.[5]  That Court has further recognized that license agreement terms, such as pricing, royalty rates, and payments terms, fall within the definition of trade secrets.[6]  In addition, the courts in this circuit have been more willing to seal information of non-parties that would harm their businesses.  For example, courts have sealed "sensitive and private information of third parties,"[7] information that would subject a third party to competitive harm,[8] and information to protect a third party's "legitimate expectation that confidential business information, proprietary technology, and trade secrets will not be publicly disseminated."[9]

The limited information that Ericsson seeks to have sealed is exceptionally sensitive, would harm Ericsson if made public, and constitutes trade secrets under the compelling reasons standard.  *See* Declaration of Anna Johns in Support of Ericsson's Administrative Motion to Seal ("Johns Declaration") at ¶¶ 2-7 & 9.

Trial Exhibit 77 references a license between Samsung and Ericsson that became effective January 1, 2006 (the "2006 License").  Ericsson requests that those portions of Trial Exhibit 77 that reflect the term of, the monetary consideration for, and the patent rights covered by, the 2006 License be redacted from the exhibit and not be shown, nor discussed or testified about, in open court.

Trial Exhibit 630 includes Exhibit 3A, entitled "Summary of Samsung License Agreements."

---

[5] *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).

[6] *See In re Elec. Arts, Inc.*, 298 Fed. Appx. 568, 569-570, No. 08-74426, 2008 WL 476222, at *2 (9th Cir. Oct. 28, 2008) (district court erred in concluding that party failed to meet the "compelling reasons" standard in seeking to seal pricing terms, royalty rates, and guaranteed minimum payment terms because that information "plainly falls within the definition of 'trade secrets'").  *See also Powertech Tec., Inc. v. Tessera, Inc.,* No. C 11-1621 CW, 2012 U.S. Dist. LEXIS 75831, at *5 (N.D. Cal. May 31, 2012) (details of license agreement are sealable); *Nursing Home Pension Fund v. Oracle Corp.,* 2007 WL 3232267 (N.D. Cal. 2007) (sealed financial terms in contract).

[7] *Guitron v. Wells Fargo Bank, N.A.,*  No. C 10-3461 CW, 2012 U.S. Dist. LEXIS 5791 (N.D. Cal. Jan. 18, 2012).

[8] *See Network Appliance, Inc. v. Sun Microsystems, Inc.,* No. C-07-06053 EDL, 2010 U.S. Dist. LEXIS 21721, at *7 (N.D. Cal. Mar. 10, 2010).

[9] *In re Adobe Systems, Inc. Sec. Litigation,*  141 F.R.D. 155, 161-62 (N.D. Cal. 1992) (citing *Johnson Controls, Inc. v. Phoenix Control Systems,* 886 F.2d 1173, 1176 (9th Cir. 1989) and *Henry Hope X-Ray Products Inc. v. Marron Carrel, Inc.,*  674 F.2d 1336, 1343 (9th Cir. 1982)).

1  Exhibit 3A references two licenses between Samsung and Ericsson: a Patent License Agreement that
2  became effective in December 2001 (the "2001 License") and the 2006 License.  Ericsson requests
3  that those portions of Exhibit 3A to Trial Exhibit 630 that reflect the terms of, the products and
4  technology covered by, the geographic scope of, and the payments under, either the 2001 License or
5  the 2006 License be redacted and not be shown, nor discussed or testified about, in open court.

6  Trial Exhibit 630 also includes Exhibit 3B, entitled "Summary of Apple UMTS License
7  Agreements."  Exhibit 3B references two licenses between Apple and Ericsson: a Patent License
8  Agreement that became effective in June 2003 (the "2003 License") and a Patent License
9  Agreement that became effective in January 2008 (the "2008 License").  Ericsson requests that
10 those portions of Exhibit 3B to Trial Exhibit 630 that reflect the terms of, the products and
11 technology covered by, the geographic scope of, and the payments under, either the 2003 License or
12 the 2008 License be redacted and not be shown, nor discussed or testified about, in open court.

13 Trial Exhibit 631 includes Exhibit 4A, entitled "Initial Royalty Rates - Motorola and
14 Ericsson."  Ericsson requests that those portions of Exhibit 4A to Trial Exhibit 631 that reflect
15 Ericsson's initial GSM, CDMA, and WCDMA royalty rates be redacted and not be shown, nor
16 discussed or testified about, in open court.

17 Trial Exhibit 631 also includes Exhibit 4B, entitled "Estimating Samsung Balance Royalty
18 Rates."  Ericsson requests that those portions of Exhibit 4B to Trial Exhibit 631 that reflect the net
19 royalty, total revenues, gross royalties, partner rates, and Samsung rates with respect to the 2006
20 License be redacted and not be shown, nor discussed or testified about, in open court.

21 Ericsson does business in a technology driven and highly competitive industry.  Technology
22 development and the licensing of technology and products are ways that companies in this industry
23 compete.  License negotiations are constant, almost continual, and are conducted in private with the
24 parties agreeing to maintain the confidentiality of the negotiations and the license terms that result
25 from those negotiations.  It is important that the agreements reached in each license with respect to
26 the technology, patents, and products covered, the geographic scope, pricing, royalty rates, royalties,
27 revenues, and the length of the license be kept private and confidential.  Ericsson's licensing
28

**McKool Smith Hennigan P.C.**
303 Twin Dolphin Drive, Suite 600
Redwood Shores, California 94065

counterparts expect this of Ericsson and Ericsson expects the same of them.  In fact, the confidential obligations in these licenses continue even after the licenses themselves expire.  Disclosure of such sensitive business terms from prior or expired licenses would provide competitors and potential licensees with knowledge of Ericsson's negotiation and licensing history and give them an unfair competitive advantage.  Competitors and potential licensees could, for example, use this information to shape and bolster their negotiating strategy and gain a sense of the course that negotiations may take.  Sensitive terms, including what the license covers, its geographic scope, pricing, royalties, royalty rates, revenues, and duration, remain trade secrets even after the license expires.  If the sensitive terms of Ericsson's licenses and royalty rates, including the information which Ericsson seeks to have sealed in this case, become public knowledge, Ericsson will be placed at a competitive disadvantage in ongoing and future license negotiations.  This information goes to the heart of Ericsson's business and licensing strategy and planning.  *See* Johns Declaration at ¶ 9.

Ericsson has maintained the confidentiality and trade secret nature of the information that it seeks to have sealed.  Each license contains confidentiality provisions and requirements, which restrict the rights of each party to the license to disclose the terms of the license.  To Ericsson's knowledge, the parties to the respective licenses referenced in Trial Exhibits 77, 630, and 631 have complied with the confidentiality provisions, have not publicly disclosed the terms of the licenses, and have treated the terms of the licenses as sensitive, competitive business trade secrets.  *See* Johns Declaration at ¶ 8.  Moreover, in this case, Ericsson understood that when Samsung and Apple produced their respective licenses with Ericsson, the licenses were being produced to the other party subject to the highest levels of confidentiality as "Highly Confidential -- Attorneys Eyes Only" materials.

The information that Ericsson seeks to seal does not go to the core issues in this case.  The information does not go to questions of infringement or validity, or any other issues related to the patents-in-suit.  At best, the information is relevant only to narrow, discrete issues.  Nor will this information aid the public's understanding of the issues raised in this case.  In addition, Ericsson notes that both InterDigital and Nokia have requested that the Court seal those portions of Trial

4

Case No. 06-CV-07336-PJH

NON-PARTY TELEFONAKTIEBOLAGET LM ERICSSON'S
ADMINISTRATIVE MOTION TO SEAL
McKool 458342v1

Exhibits 77 and 630, as well, which contain their respective confidential, business sensitive licensing information. Accordingly, redacting the information requested by Ericsson from the public exhibits, closing the courtroom when discussion or testimony centers on those portions of the exhibits, and sealing those portions of the transcript that discuss this information should result in minimal disruption of the trial, as the non-party motions of InterDigital, Nokia and Ericsson are limited to three trial exhibits.

Consistent with the foregoing discussion, Ericsson has redacted the excerpts of Trial Exhibits 77, 630, and 632 that it received from Samsung's counsel. The redactions are attached hereto as Exhibit A. Ericsson does not object to the use in open court of Exhibits 77, 630, and 631, as redacted in Exhibit A. Ericsson objects to use of the non-redacted versions of Exhibits 77, 630, and 631 in open court and requests that all such non-redacted copies of those exhibits be sealed. Ericsson further requests that the Court be closed to the public and anyone else who is without the right to receive "Highly Confidential - Attorneys Eyes Only" materials in this case, during any discussion or testimony regarding the sealed portions of Exhibits 77, 630, and 631 and that the trial transcript containing any such discussions or testimony be sealed.

Specifically, Ericsson requests that the Court Order that:

1. Those portions of Trial Exhibit 77 that reflect the term of, the monetary consideration for, and the patent rights covered by, the 2006 License be sealed and not be shown, nor discussed or testified about, in open court.

2. Those portions of Exhibit 3A, entitled "Summary of Samsung License Agreements," of Trial Exhibit 630 that reflect the terms of, the products and technology covered by, the geographic scope of, and the payments under, either the 2001 License or the 2006 License be sealed and not be shown, nor discussed or testified about, in open court.

3. Those portions of Exhibit 3B, entitled "Summary of Apple UMTS License Agreements," of Trial Exhibit 630 that reflect the terms of, the products and technology covered by, the geographic scope of, and the payments under, either the 2003 License or the 2008 License be sealed and not be shown, nor discussed or testified about, in open court.

5

Case No. 06-CV-07336-PJH

NON-PARTY TELEFONAKTIEBOLAGET LM ERICSSON'S
ADMINISTRATIVE MOTION TO SEAL
McKool 458342v1

4. Those portions of Exhibit 4A, entitled "Initial Royalty Rates - Motorola and Ericsson," of Trial Exhibit 631 that reflect Ericsson's initial GSM, CDMA, and WCDMA royalty rates be sealed and not be shown, nor discussed or testified about, in open court.

5. Those portions of Exhibit 4B, entitled "Estimating Samsung Balance Royalty Rates," of Trial Exhibit 631 that reflect the net royalty, total revenues, gross royalties, partner rates, and Samsung rates with respect to the 2006 License be sealed and not be shown, nor discussed or testified about, in open court.

6. Only versions of Trial Exhibits 77, 630, and 631 that are redacted so as not to disclose the sealed information may be used in open court and provided to the public. Ericsson's redaction of those portions of Trial Exhibits 77, 630, and 631 received by Ericsson is attached to this motion as Exhibit A.

7. During any discussion or testimony regarding the sealed portions of Trial Exhibits 77, 630, and 631, the Court be closed to the public and anyone else without the right to receive "Highly Confidential - Attorneys Eyes Only" materials.

8. Those portions of the trial transcript that contain any discussions or testimony concerning the sealed portions of Trial Exhibits 77, 630, and 631 will be sealed.

DATED: July 30, 2012                                  Respectively Submitted,

By: */s/ Courtland L. Reichman*
　　Courtland L. Reichman
　　McKool Smith Hennigan, P.C.
　　303 Twin Dolphin Drive, 6th Fl
　　Redwood Shores, CA 94065

　　*Attorneys for Non-Party*
　　*Telefonaktiebolaget LM Ericsson*

# PROOF OF SERVICE

I am employed in the County of San Mateo, State of California. I am over the age of 18 years and not a party to the within action; my business address is 303 Twin Dolphin Drive, Suite 600, Redwood Shores, California 94065.

On July 30, 2012, all counsel of record who are registered ECF users are being served with a copy of the foregoing document described as **NON-PARTY TELEFONAKTIEBOLAGET LM ERICSSON'S ADMINISTRATIVE MOTON TO SEAL** via the Electronic Case Filing Program of the United States District Court for the Northern District of California per Local Rule 5-3.3.

I caused the document listed above to be transmitted by **courier** to the individual on the service list as set forth below only:

> Chambers of the Hon. Lucy H. Koh
> United Stated District Court, San Jose Division
> San Jose Courthouse, Courtroom 8 - 4th Floor
> 280 South 1st Street, San Jose, CA 95113
> *Attn*: Regarding Apple v. Samsung Electronics,
> et al. litigation

Executed on July 30, 2012, at Redwood Shores, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

*/s/ Jacqueline Brenner*
Jacqueline Brenner

**McKool Smith Hennigan P.C.**
303 Twin Dolphin Drive, Suite 600
Redwood Shores, California 94065

Case No. 11-CV-01846-LHK

McKool 458342v1

# EXHIBIT A

## ERICSSON

Trial Exhibit 77: Summary of the key terms of various Samsung licenses with third parties, including Ericsson. Trial Exhibit 77 contains the following information about Ericsson:

| Summary of Samsung Licenses | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Samsung License Partner | Bates Range | Effective Date | Expiration Date | Term of Agreement | Monetary Consideration | Includes Rights to UMTS-Related Patents? | Includes Rights to Other Patents? | Cross License? |
| Telefonaktie-bolaget LM Ericsson ("Ericsson") | S-794-ITC-005517418– 5517432 | Jan. 1, 2006 | | | | | | Yes |

Trial Exhibit 630: Exhibits 3A and 3B to the Expert Report of David Teece, an expert witness retained by Apple, dated March 22, 2012 (the "Teece Report"). Exhibit 3A is a table summarizing the key terms of various contracts between Samsung and third parties to the litigation. Exhibit 3B contains a table summarizing the key terms of various contracts between Apple and third parties to the litigation. Trial Exhibit 630 contains the following information about your company:

### Exhibit 3A
### Summary of Samsung License Agreements

| Licensee | Licensor | Title | Effective Date | Date Last Signed | Term | Licensed Products/Technology | Geographic Scope | Payments | Source |
|---|---|---|---|---|---|---|---|---|---|
| Samsung Electronics Co. Ltd | Telefonaldicb olage t LM Ericsson | Patent License Agreement | 12/18/2001 | 12/18/2001 | | | | Cross-License | SAMNDCA11230766 to SAMNDCA 11230779 |

| Licensee | Licensor | Title | Effective Date | Date Last Signed | Term | Licensed Products/Technology | Geographic Scope | Payments | Source |
|---|---|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |  |  |
| Samsung Electronics Co Ltd | Telefonaktieb olaget LM Ericsson | Patent License Agreement | 1/1/2006 | 7/9/2007 |  |  |  | Cross-License | S-794-ITC-005517418 to S-794-TTC-005517432 |

## Exhibit 3B
## Summary of Apple UMTS License Agreements

| Licensee | Licensor | Title | Effective Date | Date Last Signed | Term | Licensed Products/Technology | Geographic Scope | Payments | Source |
|---|---|---|---|---|---|---|---|---|---|
| Apple Computer Inc | Telefanaktieh o l  LM Ericsson | Patent License - Narrowband AMR and Wideband AMR Standards | 6/3/2003 | 5/19/2003 |  |  |  | Cross-license | APLNDC-WH0000655159 to APLNDC-W110000655183 |
| Apple Inc | Telefenaktich elaget LM Ericsson | Global Patent License Agreement | 1/14/2008 | 1/18/2008 |  |  |  | Cross-license | APLNDC0001247678 to APLNDC0001247696, APLNDC-WHO000655184 to APLNDC-W1-10000655203 |

| Licensee | Licensor | Title | Effective Date | Date Last Signed | Term | Licensed Products/Technology | Geographic Scope | Payments | Source |
|---|---|---|---|---|---|---|---|---|---|
|   |   |   |   |   |   |   |   |   |   |

Trial Exhibit 631: Exhibits 4A-4B to the Teece Report. Exhibit 4A contains a table titled "Initial Royalty Rates – Motorola and Ericsson." Exhibit 4B contains a table titled "Estimated Samsung Balancing Royalty Rates." Trial Exhibit 631 contains the following information about your company:

### Exhibit 4A
### Initial Royalty Rates - Motorola and Ericsson

| Model | GSM | CDMA | WCDMA |
|---|---|---|---|
| Ericsson rates |   |   |   |

### Exhibit 4B
### Estimated Samsung Balancing Royalty Rates
(Millions of USD Unless Otherwise Specified)

| | [A] | [B] | | [C] | | [D] | | | [E] | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | Total Revenues | | Gross Royalty | | Partner Rate (Input) | | | Samsung Rate (Implied) | | |
| License | Net Royalty | Partner | Samsung | Partner | Samsung | Upper | Lower | Flat | WCDMA | Other | Flat |
| Samsung-Ericsson 2006 (S→E) | | | | | | | | | | | |