MCKOOL SMITH HENNIGAN, P.C.
Courtland L. Reichman (SBN 268873)
creichman@mckoolsmith.com
303 Twin Dolphin Drive, 6th Floor
Redwood Shores, CA 94065
Telephone: 650-394-1400
Fax: 650-551-9901

*Attorneys for Non-Party Telefonaktiebolaget LM Ericsson*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-CV-01846-LHK<br><br>**DECLARATION OF ANNA JOHNS IN SUPPORT OF ERICSSON'S ADMINISTRATIVE MOTION TO SEAL** |

I, Anna Johns, declare as follows:

1. I am Director, Patent Licensing for Ericsson Inc., and am responsible for the patent licensing activities of Telefonaktiebolaget LM Ericsson ("Ericsson") in North America. I have personal knowledge of the facts stated herein.

2. I understand that Samsung has designated three potential trial exhibits -- exhibits 77, 630, and 631 -- that contain Ericsson's confidential business information. Samsung has indicated that it has provided Ericsson with the portions of those trial exhibits that contain the Ericsson information. The proposed exhibits disclose confidential and sensitive competitive business and licensing information of Ericsson, which Ericsson treats as trade secrets.

3. Trial Exhibit 77 references a license between Samsung and Ericsson that became effective January 1, 2006 (the "2006 License") and discloses, among other information, the term of, the monetary consideration paid for, and the patent rights covered by, the 2006 License.

4. Trial Exhibit 630 includes Exhibit 3A, entitled "Summary of Samsung License Agreements." Exhibit 3A references two licenses between Samsung and Ericsson: a Patent License Agreement that became effective in December 2001 (the "2001 License") and the 2006 License and discloses, among other information, the terms of, the products and technology covered by, the geographic scope of, and the payments under, the 2001 License and the 2006 License.

5. Trial Exhibit 630 also includes Exhibit 3B, entitled "Summary of Apple UMTS License Agreements." Exhibit 3B references two licenses between Apple and Ericsson: a Patent License Agreement that became effective in June 2003 (the "2003 License") and a Patent License Agreement that became effective in January 2008 (the "2008 License") and discloses, among other information, the terms of, the products and technology covered by, the geographic scope of, and the payments under, the 2003 License and the 2008 License.

6. Trial Exhibit 631 includes Exhibit 4A, entitled "Initial Royalty Rates - Motorola and Ericsson" and discloses Ericsson's initial GSM, CDMA, and WCDMA royalty rates.

7. Trial Exhibit 631 also includes Exhibit 4B, entitled "Estimating Samsung Balance Royalty Rates" and discloses the net royalty, total revenues, gross royalties, partner rates, and Samsung rates with respect to the 2006 License.

1

Case No. 11-CV-01846-LHK        DECLARATION OF ANNA JOHNS IN SUPPORT OF
                                ERICSSON'S ADMINISTRATIVE MOTION TO SEAL
                                McKool 491342v1

McKool Smith Hennigan P.C.
303 Twin Dolphin Drive, Suite 600
Redwood Shores, California 94065

8.   I am familiar with each of the Ericsson licenses referenced in the excerpts of Trial Exhibits 77, 630, and 631 that Ericsson received from Samsung. The specific licensing terms identified in paragraphs three (3) through seven (7) herein are non-public information that Ericsson maintains as trade secrets. Ericsson goes to great lengths to protect this information from disclosure. Each of the Ericsson licenses referenced in Trial Exhibits 77, 630, and 631 contains confidential provisions that restrict the disclosure of such sensitive business and licensing information. To my knowledge, Ericsson has complied with these confidentiality requirements, and I have not been made aware of any violations of these provisions by any of the other parties to those licenses.

9.   Ericsson does business in a technology driven and highly competitive industry. Technology development and the licensing of technology and products are ways that companies in this industry compete. License negotiations are constant, almost continual, and are conducted in private with the parties agreeing to maintain the confidentiality of the negotiations and the license terms that result from those negotiations. It is important that the agreements reached in each license with respect to the technology, patents, and products covered, the geographic scope, pricing, royalty rates, royalties, revenues, and the length of the license be kept private and confidential. Ericsson's licensing counterparts expect this of Ericsson and Ericsson expects the same of them. In fact, the confidential obligations in these licenses continue even after the licenses themselves expire. Disclosure of such sensitive business terms from prior or expired licenses would provide competitors and potential licensees with knowledge of Ericsson's negotiation and licensing history and give them an unfair competitive advantage. Competitors and potential licensees could, for example, use this information to shape and bolster their own negotiating strategy and gain a sense of the course that negotiations may take. Sensitive terms, including what the license covers, its geographic scope, pricing, royalties, royalty rates, revenues, and duration, remain trade secrets even after the license expires. If the sensitive terms of Ericsson's licenses and royalty rates, including the information identified in paragraphs three (3) through seven (7) herein and which Ericsson seeks to have sealed in this case, become public knowledge, Ericsson will be placed at a competitive disadvantage in ongoing and future license negotiations. This information goes to the heart of Ericsson's business and licensing strategy and planning.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed in Plano, Texas on the 30th day of July, 2012.

By: /s/ Anna Johns
Anna Johns