QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S [CORRECTED] OBJECTIONS TO APPLE'S PROPOSED EXAMINATION EXHIBITS AND MATERIALS FOR SECOND DAY OF TRIAL** |

02198.51855/4883325.1

Case No. 11-cv-01846-LHK
**SAMSUNG'S OBJECTIONS TO APPLE'S PROPOSED EXAMINATION EXHIBITS AND MATERIALS FOR SECOND DAY OF TRIAL**

| WITNESS AND EXHIBIT NO. | SAMSUNG'S OBJECTIONS |
|---|---|
| **Bressler:** PX 3 and 4 PDX 61 – 66 | These exhibits contain information that was not timely produced, not produced at all in discovery, or not on Apple's exhibit list.   They are also outside the scope of Mr. Bressler's report and improper summaries under FRE 1006.   Exhibit 3 consists of images of 28 different phones and Exhibit 4 contains images of 16 different tablets.   Moreover, Mr. Bressler is not competent to testify about these exhibits to the extent they purport to comment on internal Samsung product development and Samsung's intent. <br><br>These exhibits also are misleading and unfairly prejudicial. Samsung has designed and marketed hundreds of designs that are not represented in these exhibits. Apple has selectively chosen from among a wide variety of different Samsung designs to present a misleading picture of Samsung's design history. These documents are irrelevant, incomplete and unfairly prejudicial, even if shown to the jury as demonstratives (let alone as exhibits that are admitted into evidence). They suggest a timeline of events that never occurred based only on Apple's selective compilation of images, and should be precluded on this basis alone. |
| **Bressler:** PX 5 and 6 | PX 5 and PX6 contain quotations from 9 and 18 separate press reports, respectively.   None of these exhibits is permissible as a Federal Rule of Evidence 1006 summary.   Federal Rule of Evidence 1006 provides that a party may "use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court."   Fed. R. Evid. 1006.   The underlying materials are not voluminous, are straightforward, and can be "conveniently examined in court," and thus Federal Rule of Evidence 1006 does not apply to them.   See *Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 190 (S.D.N.Y. 2008) (FRE 1006 summaries may only be used when the underlying evidence is so voluminous that it cannot conveniently be examined by a jury and cannot be used where the underlying evidence is "relatively straightforward"); see also *United States v. Johnson*, 594 F.2d 1253, 1255 (9th Cir. 1979) ("The purpose of Rule 1006 is to allow the use of summaries when the volume of documents being summarized is so large as to make their use impractical or impossible.").   Indeed, PX 5 and 6 are the exact opposite of the summaries permitted under this rule: instead of proving the content of voluminous documents in condensed form, they collect a small number of separate documents in a single larger exhibit.   None of the cases Apple has cited supports the admission of these exhibits under Rule 1006 – those courts permitted summaries of documents previously admitted as separate exhibits because they assisted the jury in understanding the complicated content of "voluminous records that cannot readily be presented in evidence to a jury and comprehended."   *United States v. Rizk*, 660 F.3d 1125, 1131 (9th Cir. 2011) (allowing chart summarizing the mortgage and appraisal data for 96 properties in a real estate loan fraud case); see also *United States v. Shirley*, 884 F.2d 1130, 1133 (9th Cir. 1989) (allowing chart showing information about a web of telephone calls that would "help the jury organize and evaluate evidence which is factually complex and fragmentally revealed in the testimony of the multitude of witnesses.").   PX 5 and 6, in contrast, allow Apple to present argument through selecting choice quotations and to avoid the Court's 200-exhibit limit. <br><br>The quotations are also hearsay.   Apple argues that it may use these exhibits under FRE 703.   But in jury trials, "federal law generally bar[s] an expert from |

| | | |
|---|---|---|
| | | disclosing such inadmissible evidence." *Williams v. Illinois*, 132 S. Ct. 2221, 2234 (2012). Experts are thus prevented from "simply recit[ing] facts that constitute inadmissible hearsay." *McDevitt v. Guenther*, 522 F. Supp. 2d 1272, 1294 (D. Haw. 2007) (barring such sections of expert's report); *see also Malletier v. Dooney & Bourke, Inc.*, 525 F. Supp. 2d 558 (S.D.N.Y. 2007) ("[A] party cannot call an expert simply as a conduit for introducing hearsay under the guise that the testifying expert used the hearsay as the basis of his testimony").<br><br>These exhibits should also be excluded because they are not relevant to the claims and defenses in this trial, and they are far more prejudicial, confusing and misleading than they are probative. FRE 402, 403. |
| | **Kare:** PX 7, 21 22, and 161 | Samsung objects to these exhibits under FRE 1006. Moreover, Apple never produced these images during discovery. These exhibits also violate MIL No. 7 and the Court's statements that the jury should be presented with actual products, not manipulated photographs of the products arranged in "views corresponding" to the figures in Apple's design patents. Exhibit 21 is also misleading in that it only presents a partial representation of the GUI of the accused products. These exhibits also lack foundation and a proper sponsoring witness, particularly with respect to Exhibit 22 and its inclusion of internal Samsung documents. Moreover, Exhibit 22 is misleading in its use of callouts which are not representative of the contents of the underlying document. |
| | **Kare:** PX 35, 41, 44, 55, 178, and 179, PDX 49-54 | Ms. Kare, a non-percipient witness, is not a proper sponsoring witness for these internal Samsung documents and cannot lay foundation for them.<br><br>The quotations in these exhibits are inadmissible hearsay. *See, e.g., Alchemy II, Inc. v. Yes! Entertainment Corp.*, 844 F. Supp. 560, 570 n. 12 (C.D. Cal. 1994); *Williams v. Illinois*, 132 S. Ct. 2221, 2234 (2012); *McDevitt v. Guenther*, 522 F. Supp. 2d 1272, 1294 (D. Haw. 2007)<br><br>These documents also do not relate to the specific intellectual property rights at issue, as the Court has already recognized with respect to PX 44, and should therefore be excluded under FRE 402 and 403.<br><br>Finally, these documents are being used for testimony beyond Ms. Kare's competence. Susan Kare describes herself as "an icon designer and user interface graphic designer." Ms. Kare is not a psychologist and has no qualifications to support the introduction of her speculation about Samsung's state of mind and what steps it actually took. |
| | **Kare:** PDX 49-54, 56 | Ms. Kare did not make this comparative analysis of Samsung internal documents and the accused interfaces, and she has no foundation to introduce or rely upon these Samsung documents. Thus, these slides contain undisclosed theories beyond the scope of her report, lack foundation and a proper or competent sponsoring witness, and are more prejudicial than probative. FRE 402, 403. |
| | **Schiller:** PDX 10 | PDX 10 purports to be a summary of survey responses about iPhone features but fails to identify the sources of information reflected in the summary. |
| | **Schiller:** PX 11, 126-132 | PX 11 contains several advertisements stitched into one exhibit. It is cumulative of PX 129-132, as it contains each one of those exhibits. Finally, PX 11 does not identify any produced document as the source of the images it contains.<br><br>PX 126 is a video ad for the iPhone. It consists of numerous television and movie clips of characters answering a phone and saying "Hello," before the iPhone is shown briefly. PX 126 is inadmissible under FRE 402 and 403, as irrelevant, unduly prejudicial, and a waste of time. |

02198.51855/4883325.1

-2-                                               Case No. 11-cv-01846-LHK
SAMSUNG'S OBJECTIONS TO APPLE'S PROPOSED EXAMINATION EXHIBITS AND MATERIALS
FOR SECOND DAY OF TRIAL

| | | |
|---|---|---|
| | | PX 127 is a video ad for the iPhone and is inadmissible under FRE 402 and 403 for similar reasons. It does not depict the iPhone trade dress asserted by Apple, instead showing numerous functions unrelated to any asserted IP right. It is, thus, likely to confuse the jury by highlighting features not at issue here. PX 128 is a video ad for the iPad. It is also inadmissible under FRE 402 and 403. PX 128 shows a host of features not related to any asserted IP right, and thus will improperly influence the jury. Furthermore, at the end, the word "iconic" appears on the screen. This is not only hearsay but highly prejudicial. PX 129-132 appear to contain Apple advertisements. However, as these documents are stamped with Apple's internal "Apple Media Arts Lab" labels, they are not evidence of any public advertisements and are irrelevant. Even if they were relevant, the exhibits depict features unrelated to any asserted IP right. Furthermore, the advertisements contain copy that is clearly hearsay and impermissible under FRE 802. |
| | **Schiller:** PX 12-14, 17 | These exhibits represent an end-run around the Court's Order limiting the number of exhibits each party may introduce and do not comply with the requirements of FRE 1006. These exhibits are also hearsay: out of court statements, including titles, about Apple's advertisements, as well as "Media Clips" by third-parties, offered for the truth of the matter asserted. In PX 17 Apple has summarized the contents of news articles, rendering the document full of double hearsay for which there is no exception. PX 17 also includes the unfairly prejudicial title for one article, "Verdict Is in on Apple iPad: It's a Winner." PX 17 is inadmissible under FRE 1006. |
| | **Schiller:** PDX 7 | This exhibit includes same prejudicial heading "Verdict Is in on Apple iPad: It's a Winner" as PX 17 and should be excluded under FRE 403 |
| | **Schiller:** PDX 13 | Samsung objects to PDX 13 because there is no source listed for the information it contains. Apple has not previously disclosed this slide and it appears to contain information based on sources Apple did not disclose in discovery. Second, Mr. Schiller is an improper sponsoring witness because he lacks foundation to testify as to the alleged sales channels for Samsung product. Third, PDX 13 is misleading and confusing, and as such is more prejudicial than probative. FRE 403. It does not differentiate as to time, which is highly significant given that the iPhone's sole carrier from 2007 to 2010 was AT&T. The slide claims that Verizon and Sprint were mutual sales channels, but that is not true for most of time iPhones have been sold. Moreover, it does not differentiate between iPhone and iPad products, nor does it differentiate between Samsung's products. |
| | **Schiller:** PX 16 | This exhibit purports to reflect advertising expenditures for iPhone and iPad products but fails to identify its source material, is misleading and confusing because it depicts only one iPhone product, the iPhone 3GS, in a picture in the exhibit, and the summary was not disclosed in discovery. |
| | **Schiller:** PX 33 | Exhibit 33 purports to reflect advertising expenditures for iPhone and iPad products but fails to identify its source. It also is confusing and misleading because it does not identify the specific products purportedly reflected in the totals. |
| | **Schiller:** PX 133-135, 138, 140-141. PDX 1-3, 5; | These exhibits are hearsay media statements concerning Apple and Apple's products. Apple has argued that these articles show that Apple's trade dress is famous and distinctive. But the statements in these articles – *e.g.*, that the iPhone is "magical" and "revolutionary" – do not describe or depict the trade dress Apple claims in this lawsuit. Most of the statements are not related to the appearance of the iPhone, and the remaining ones, like "the iPhone is pretty," are irrelevant to |

02198.51855/4883325.1

-3-

Case No. 11-cv-01846-LHK
SAMSUNG'S OBJECTIONS TO APPLE'S PROPOSED EXAMINATION EXHIBITS AND MATERIALS FOR SECOND DAY OF TRIAL

| | | |
|---|---|---|
| | | whether the claimed trade dress is associated with Apple by the public. |
| | **Denison:** PX 44 | 1. *Lacks personal knowledge.* Mr. Denison lacks any personal knowledge regarding this document. FRE 602. He has never seen it. Even a 30(b)(6) witness must have personal knowledge about a document for it to be admitted into evidence through this witness. *See, Digene Corp. v. Ventana Medical Systems, Inc.*, 316 F. Supp. 2d 174, 181 n.10 (D. Del. 1994).<br><br>2. *Beyond the scope.* Even if testimony about a document with no connection to the witness were admissible, this exhibit is outside the scope of Mr. Denison's designation as a 30(b)(6) witness. Apple served a notice of deposition calling for "Samsung's imitation, copying, or emulation of any Apple product in developing, creating, or designing any of the Products at Issue," which Apple defined as the four products at issue in its preliminary injunction motion. Borden Decl, Ex 1 at 3:10-14. Samsung stated that Mr. Denison would only be produced to testify "**limited to the features** in the Products at Issue that Apple has accused of infringement in its preliminary injunction motion. (Samsung's Objections to Apple's Notice of Rule 30(B)(6) Deposition of Samsung Electronics Co., Ltd Relating to Apple's Motion for a Preliminary Injunction at 20:1-21:14. (emphasis added)). The features at issue in the Preliminary Injunction Motion were the features in the D'087, D'677, D'889 and '381 patents, and Apple proceeded with the deposition on that basis. Accordingly, as this Court recognized yesterday, Mr. Denison's 30b6 testimony "is limited to certain IP rights and to certain accused products." Order on Samsung's Objections to Apple's Opening Slides (Dkt. 1455) at 4.<br>      As the Court recognized in excluding slides nos. 33, 34, 35 and 36 from Apple's Opening (*see id.* at 3), PX 44 is replete with discussions that have nothing to do with the IP at issue in this case. Although the Court permitted Apple's opening to reference slides referencing features at issue regarding Apple's icon design patent and trade dress and the '163 patent, those IP rights were not at issue in Apple's motion for a preliminary injunction and Mr. Denison was not designated to tesify (and did not testify) on those subjects. There is nothing in PX 44 that is within the scope of Mr. Denison's designation.<br><br>3. *Improper impeachment.* It would be improper for Apple to attempt to impeach Mr. Denison with PX 44 under FRE 613(b). Only prior inconsistent statements by the witness testifying are admissible to impeach the witness. *See, e.g. United States v. Berile*, 286 F.3d 749, 757-758 (4th Cir. 2002) ("Only prior inconsistent statements made by the witness are admissible as impeachment evidence under FRE 613(b)."); *Garcia-Martinez v. City & County of Denver*, 392 F.3d 1187, 1194 (10th Cir. 2004) ("implicit in the use of prior inconsistent statements to impeach is the requirement that the impeached witness actually made the prior statement"). Because Mr. Denison did not make any of the statements in PX 44, nor was it ever within the scope of his 30b6 deposition to have knowledge of it, it cannot be used to impeach his testimony.<br>4. Hearsay not within any exception. |
| | **Denison:** PX 54 | 1. Improper impeachment under FRE 613(b) for the same reasons as PX 44. Mr. Denison did not author this document nor did any other Samsung employee.<br><br>2. The purposes for which Apple has identified these documents (Damages, willfulness, secondary considerations, design and trade dress claims and copying) are not supported by this document, particularly for use with this witness, who had nothing to do with the design of the accused products. Use of this third-party, out-of-court statements for any of the purposes Apple identified, especially with |

02198.51855/4883325.1

-4-                                                              Case No. 11-cv-01846-LHK
**SAMSUNG'S OBJECTIONS TO APPLE'S PROPOSED EXAMINATION EXHIBITS AND MATERIALS FOR SECOND DAY OF TRIAL**

| | |
|---|---|
| | this witness, would be an undue distraction and consumption of time.   Therefore 54 should also be excluded under FRE 403 and as being offered for an improper purpose.<br><br>3.   Hearsay not within any exception. |
| **Denison:** PX 62, 58 | The purposes for which Apple has identified these documents (Damages, willfulness, secondary considerations, design and trade dress claims and copying) are not supported by this document, particularly for use with this witness, who had nothing to do with the design of the accused products.   Use of these out-of-court statements for any of the purposes Apple identified, especially with this witness, would be an undue distraction and consumption of time.   Therefore PX 62 and 58 should also be excluded under FRE 403 and as being offered for an improper purpose. |
| **Samsung's Objections to Other Material Apple Intends to Present** ||
| Testimony from Qi Ling and Jaegwan Shin | FRCP 32 does not permit Apple to play designated deposition testimony of Qi Ling and Jaegwan Shin.   Rule 32(a)(4) allows a party to offer designated testimony if the witness lives more than 100 miles away from the courthouse. Both witnesses live within 100 miles of the courthouse: Mr. Ling lives in Sunnyvale and Mr. Shin lives in Palo Alto.   February 1, 2012 Qi Ling Dep. Tr. at 5:21-25 (Borden Decl Exh 2); January 27, 2012 Jaegwan Shin Dep. Tr. at 6:20-21 (Borden Decl. Exh 3).<br><br>Apple also cannot present the this testimony under Rule 32(a)(3), which permits a party to present deposition designations of "the party's officer, director, managing agent, or designee." Mr. Ling and Mr. Shin are not officers, members of the board of directors, managing agents or corporate designees.   Mr. Ling is an engineer at Samsung's San Jose Mobile Communications Lab and did not testify to any managerial authority.   Ling Dep. Tr. at 6:2-3; 6:20-21.   Mr. Shin testified that he assists technical communications between the San Jose lab, the research center, and local engineers; assists "with matters related to Google approval" and makes arrangements for meetings for guests from Korea.   Shin Dep. Tr. 12:1-21.<br><br>Interrupting Mr. Denison's testimony to play deposition testimony of other witnesses and then returning to Mr. Denison's testimony conflicts with standard practice that witnesses should be called one at a time.   Under the Federal Rules of Civil Procedure, deposition witnesses who testify by deposition should be called *seriatim* just like live witnesses. |
| Testimony from Wookyun Kho | Samsung incorporates by reference all of its objections previously asserted against the designated testimony.   Specifically, the testimony at 49:7-23 should be excluded because it lacks proper foundation.   The designation improperly provides testimony regarding certain devices but does not establish the identity of those devices, which is likely to confuse and mislead a jury.<br><br>It also is improper impeachment under Rule 613, and improper presentation of testimony under Rule 611(a)(3) as indicated above. |
| Denison PDX's | These documents include deposition testimony, witness statements, and hearing transcripts, among others.   None of these documents are proper demonstratives, and none of these documents appear on Apple's exhibit list. In addition, the ITC witness statements and hearing transcript are subject to the ITC Protective Order. |

02198.51855/4883325.1

-5-   Case No. 11-cv-01846-LHK
**SAMSUNG'S OBJECTIONS TO APPLE'S PROPOSED EXAMINATION EXHIBITS AND MATERIALS FOR SECOND DAY OF TRIAL**

DATED: July 30, 2012

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Victoria F. Maroulis*
Victoria F. Maroulis
Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC