UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California corporation,<br><br>Plaintiff,<br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., A Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No.: 11-CV-01846-LHK<br><br>ORDER ON APPLE'S OBJECTIONS TO SAMSUNG'S EXHIBITS TO BE USED DURING THE DIRECT EXAMINATION OF JUSTIN DENISON |

**I.  APPLE'S OBECTIONS TO EXHIBITS TO BE USED DURING THE DIRECT EXAMINATION OF JUSTIN DENISON**

Apple has filed objections to two of Samsung's exhibits to be used during the direct examination of Justin Denison. After reviewing the parties' briefing, considering the record in the case, and balancing the considerations set forth in Federal Rule of Evidence 403, the Court rules on Apple's objections as follows:

| SAMSUNG EXHIBIT NUMBER | COURT'S RULING ON OBJECTION |
|---|---|
| DX627 | Sustained. Apple objects that DX627 is only relevant to show that Best Buy marketed certain products and is therefore inadmissible under Rules 402 and 403. Samsung contends that DX627 is relevant to show both that Apple's trade dress lacks distinctiveness and that Samsung monitors the competitive marketplace in |

1

Case No.: 11-CV-01846-LHK
ORDER ON APPLE'S OBJECTIONS TO EXHIBITS TO BE USED DURING DIRECT EXAMINATION OF JUSTIN DENISON

| | |
|---|---|
| | an effort to avoid intellectual property violations.  DX627 has very little probative value for showing that Samsung monitors the competitive marketplace.  Moreover, while DX627 is relevant to show that Apple's trade dress lacks distinctiveness, its probative value is substantially outweighed by undue waste of time.  DX627 is 3 large binders full of Best Buy advertisements, most of which consists of products and intellectual property not at issue in this case. |
| DX629 | Sustained.  The evidence of Samsung's advertising is not probative.  Moreover, presenting all of these videos is an undue waste of time. |
| DX684 | Overruled.  Apple did not raise a Rule 1006 objection to Samsung's opening statement, therefore the Court did not rule on admissibility under Rule 1006.  To the extent that Apple raises a Rule 1006 objection to exhibit DX684, that motion is overruled as the underlying evidence is admissible and was presented to Apple. |

**IT IS SO ORDERED.**

Dated: July 30, 2012

_Lucy H. Koh_
LUCY H. KOH
United States District Judge

2

Case No.: 11-CV-01846-LHK
ORDER ON APPLE'S OBJECTIONS TO EXHIBITS TO BE USED DURING DIRECT EXAMINATION OF JUSTIN DENISON