UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California corporation,<br><br>Plaintiff,<br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., A Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No.: 11-CV-01846-LHK<br><br>ORDER ON SAMSUNG'S OBJECTIONS TO APPLE'S PROPOSED EXAMINATION EXHIBITS AND MATERIALS FOR SECOND DAY OF TRIAL<br><br>(re: dkt. #1468) |

Samsung has filed objections to the exhibits and demonstratives to be used during Apple's direct examinations of (1) Peter Bressler; (2) Susan Kare; (3) Phil Schiller; and (4) Justin Denison. *See* ECF No. 1468. Samsung has also filed objections to the deposition testimony Apple intends to play of (5) Wookyun Kho; (6) Jaegwan Shin; and (7) Qi Ling. *See id.* Apple has filed a response. *See* ECF No. 1462. After reviewing the parties' briefing, considering the record in this case, and balancing the considerations set forth in Federal Rule of Evidence 403 ("FRE 403"), the Court rules on Samsung's objections as follows:

**1.  Objections Re: Peter Bressler**

| WITNESS AND EXHIBIT NO. | COURT'S RULING ON OBJECTION |
|---|---|
| Bressler: PX3, | Overruled.  Rule 1006 provides: "The contents of voluminous writings, |

1

Case No.: 11-CV-01846-LHK
ORDER ON SAMSUNG'S OBJECTIONS TO APPLE'S PROPOSED EXAMINATION EXHIBITS AND
MATERIALS FOR SECOND DAY OF TRIAL

| PX4, PDX61-66 | recordings, or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation." "A proponent of summary evidence must establish that the underlying materials upon which the summary is based (1) are admissible in evidence and (2) were made available to the opposing party for inspection." *United States v. Rizk*, 660 F.3d 1125, 1130 (9th Cir. 2011) (citing *Amarel v. Connell*, 102 F.3d 1494, 1516 (9th Cir. 1996)). "These materials must be admissible, but need not themselves be admitted into evidence." *Id.* (citing *United States v. Meyers*, 847 F.2d 1408, 1412 (9th Cir. 1988)). "The availability requirement ensures that the opposing party has 'an opportunity to verify the reliability and accuracy of the summary prior to trial.'" *Id.* (quoting *Paddack v. Dave Christensen, Inc.*, 745 F.2d 1254, 1261 (9th Cir. 1984)). PX3 and PX4 depict compilations of images of Samsung phones and tablets and images of the iPhone and iPad. Samsung does not dispute that the underlying materials are admissible or that they were made available to Samsung for inspection, as they are images of Samsung's own products. The evidence is not outside the scope of Bressler's report, which opined on similar exhibits, and is not unfairly prejudicial under FRE 403. Samsung is free to argue that the compilations are incomplete or misleading on rebuttal and cross. To the extent the demonstratives are substantively identical to PX3 and PX4, Samsung's objections to the demonstratives are also overruled. |
|---|---|
| Bressler: PX5, PX6 | Overruled. The Court has previously ruled that media articles are relevant at least to issues of infringement, consumer confusion, willfulness, and secondary considerations of non-obviousness. PX5 and PX6 are compilations of such summarized media articles. Samsung does not dispute that the underlying materials are admissible or that they were made available to Samsung for inspection. Thus, these summaries are admissible under FRE 402 and 1006. These exhibits are not offered for the truth of the matter asserted and therefore are not hearsay. These exhibits are not unfairly prejudicial under FRE 403. |

### 2. Objections Re: Susan Kare

| WITNESS AND EXHIBIT NO. | COURT'S RULING ON OBJECTION |
|---|---|
| Kare: PX7, PX21, PX22, and PX161 | Overruled. PX7 is a compilation of images of Samsung's accused devices. PX21 is a compilation of images of the applications screen on each of Samsung's accused devices. PX22 is a compilation of images of user interface alternative designs. PX161 is a compilation of user interface designs. These exhibits are relevant at least to Apple's design patent and trade dress claims and are admissible, provided Kare lays a proper foundation. Samsung does not argue that it was denied an opportunity to inspect the underlying materials, which in any event are Samsung's own products. Consistent with the Court's previous ruling denying Samsung's motion in limine #7 (ECF No. 1267 at 5), Apple may use images of the accused products rather than rely exclusively on actual devices, because the jury will have the physical products to consider and compare during trial and deliberations. The evidence is not unfairly prejudicial under FRE 403, and Samsung is free to argue that the compilations are incomplete or misleading |

2

Case No.: 11-CV-01846-LHK
ORDER ON SAMSUNG'S OBJECTIONS TO APPLE'S PROPOSED EXAMINATION EXHIBITS AND MATERIALS FOR SECOND DAY OF TRIAL

| WITNESS AND EXHIBIT NO. | COURT'S RULING ON OBJECTION |
|---|---|
| | on rebuttal and cross. |
| Kare: PX35, PX41, PX44, PX55, PX178, PX179 | Overruled. These are all internal Samsung documents and are admissible as party admissions under FRE 801(d)(2), not hearsay. These exhibits are relevant at least to Apple's trade dress claims and are admissible, provided Kare lays a proper foundation. The Court has already denied Samsung's *Daubert* motion to exclude Kare's testimony, *see* ECF No. 1157 at 15, and thus finds that she is competent to opine on icon and UI graphic design as discussed in these exhibits. |
| Kare: PX49-54 | Overruled in part, Sustained in part. PX49 and PX53 are internal Samsung documents and are admissible as party admissions under FRE 801(d)(2), not hearsay. PX51 and PX52 are Apple's own documents. PX54 is the BCG consulting report commissioned by Samsung. With the exception of PX50, which is a Best Buy circular, all of the aforementioned exhibits are relevant at least to Apple's trade dress claims, which are topics on which Kare is competent to opine. *See* ECF No. 1157 at 15. However, PX50 is a Best Buy circular whose minimal probative value is outweighed by risk of confusion of issues and waste of time and is therefore excluded under FRE 403. |
| Kare: PDX56 | Reserved. The Court defers ruling until it can review the demonstrative. Samsung must file this demonstrative by 8:00 a.m. on July 31, 2012. |

3. **Objections Re: Phil Schiller**

| WITNESS AND EXHIBIT NO. | COURT'S RULING ON OBJECTION |
|---|---|
| Schiller: PDX10 | Overruled. Apple identifies the source of the information in its response to Samsung's objection. |
| Schiller: PX 11, 126-132 | Overruled in part, sustained in part. Although there is some overlap between Exhibit 11 and other exhibits, not all of the print advertisements in Exhibit 11 overlap with the print advertisements in Exhibits 126-132. Accordingly, Samsung's objection on the ground that exhibit 11 is cumulative is overruled.<br><br>Exhibits 126-128. Exhibit 126 is excluded. The advertisement does not show the product until the very end of the advertisement, thus, the advertisement is only weak evidence of fame. The relatively weak probative value is outweighed by undue consumption of time pursuant to FRE 403. Exhibit 126 is excluded.<br><br>Exhibits 127-128. These advertisements feature the products at issue in the advertisements. The advertisements are relevant to show fame for trade dress. Additionally, the advertisements feature the intellectual property rights at issue in this case. Thus, the relevance is not outweighed by potential prejudice. Objections to Exhibits 127-128 are overruled.<br><br>Exhibits 129-132. These exhibits show print ads of the iPhone and the iPad, and are admissible to establish fame and secondary meaning. Although the advertisements are marked as "Apple Media Arts Lab," Exhibit 11 suggests that these advertisements were published. The copy on the advertisements are not hearsay because the statements are not being offered to prove the truth of the |

3

| | |
|---|---|
| | matter asserted.  Objections to Exhibits 129-132 are overruled. |
| Schiller: PX12-14, 17 | Overruled.  Exhibits 12-14 are compilations which show iPad advertisements, iPhone advertisements, and television programs in which the products have been shown.  Under FRE 1006, as long as the underlying materials are admissible, and were made available to the opposing party for inspection, the summary is also admissible.  Samsung challenges the exhibits based on hearsay, but the advertisements and television programs are not being offered to prove the truth of the matter asserted, but rather are offered to establish fame, an element of the trade dress claim.  Samsung does not allege that the underlying exhibits were not made available; accordingly, Samsung's objection is overruled.<br><br>Exhibit 17 is a series of summarized newspaper articles.  Samsung challenges the underlying exhibits claiming that they are inadmissible hearsay.  However, like Exhibits 12-14, these exhibits are not being offered to prove the truth of the matter asserted, but rather are being used to establish fame.  Accordingly, Samsung's objection is overruled. |
| Schiller: PDX7 | Reserved.  Samsung objects to the demonstrative based on FRE 403.  The Court defers ruling until it can review the demonstrative.  Samsung must file these demonstratives by 8:00 a.m. |
| Schiller: PDX13 | Reserved.  Samsung objects to this demonstrative for failure to timely disclose and under FRE 403.  The Court defers ruling until it can review the demonstrative.  Samsung must file these demonstratives by 8:00 a.m. |
| Schiller: PX 16 | Overruled.  Samsung objects that the exhibit is misleading and confusing because it depicts only one iPhone product.  Samsung has not clearly articulated why this is misleading or cited to any authority that requires trade dress advertising expenditures to be tied to a specific iPhone or iPad release.  Moreover, it appears that the information is derived from PX 33, which bears a bates stamp and was disclosed in discovery. |
| Schiller: PX33 | Overruled.  PX33 bears a bates stamp which identifies the source as an Apple document.  The document is not unduly confusing or misleading.  Samsung has not cited to any authority that requires trade dress advertising expenditures to be tied to a specific iPhone or iPad release. |
| Schiller: PX 133-135, 138, 140-141.  PDX 1-3, 5 | Overruled.  These exhibits are not hearsay because they are not being offered to prove the truth of the statements contained in the news articles.  These exhibits are being offered to show fame.  Each news article also either features a photograph of the product and/or describes the product.  Therefore, Apple has established a sufficient nexus between the news article and the IP rights at issue. |

### 4.  Objections Re: Justin Denison

| WITNESS AND EXHIBIT NO. | COURT'S RULING ON OBJECTION |
|---|---|
| Denison: PX44 | Overruled.  PX44 is not hearsay because it is a party admission under FRE 801(d)(2)(D).  FRE 613(b) is inapplicable.  Samsung may renew its objection if Apple fails to lay a proper foundation. |
| Denison: PX54 | Overruled.  The document was produced by BCG at Samsung's request and is |

Case No.: 11-CV-01846-LHK
ORDER ON SAMSUNG'S OBJECTIONS TO APPLE'S PROPOSED EXAMINATION EXHIBITS AND MATERIALS FOR SECOND DAY OF TRIAL

| | |
|---|---|
| | relevant at least to issues of willfulness and damages. The document is not offered for the truth of the matter asserted and therefore is not hearsay. FRE 613(b) is inapplicable. The probative value is not outweighed by the risk of confusing the issues or wasting time under FRE 403. |
| Denison: PX62, PX58 | Overruled. Both PX58 and PX62 are internal Samsung documents and are party admissions under FRE 801(d)(2)(D), not hearsay. The documents are relevant at least to issues of willfulness and damages, and their probative value is not outweighed by the risk of confusing the issues or wasting time under FRE 403. |

### 5. Objections Re: Wookyun Kho

| WITNESS | COURT'S RULING ON OBJECTION |
|---|---|
| Depo Testimony from Wookyun Kho | Overruled. First, the Court will not rule on any objections that Samsung attempts to incorporate by reference from other documents. Second, Samsung's objection based on lack of foundation is overruled because the testimony explains he studied Apple devices in designing the bounce feature. This is sufficient foundation. Finally, Samsung's references to FRE 611 and 613 are inapplicable. FRE 611(a)(3) allows the court to exercise control to protect witnesses from harassment or undue embarrassment. FRE 613 relates to a witness's prior statements, and establishes that a party need not show or disclose a witness's prior statements when conducting examination and states that extrinsic evidence is admissible only if the witness is given an opportunity to explain or deny the statement and an adverse party is given an opportunity to examine the witness. Samsung has not established that either rule yet applies here. |

### 6. Objections Re: Jaegwan Shin

| WITNESS | COURT'S RULING ON OBJECTION |
|---|---|
| Depo Testimony of Jaegwan Shin | Sustained. Samsung objects to the use of depo testimony of Jaegwan Shin during Denison's testimony at trial. Rule 32 applies to the use of depositions at trial. FRCP 32 permits the use of deposition testimony against a party if: (1) the party was present or represented at the taking of the deposition or had reasonable notice of it; (2) it was used in compliance with the Federal Rules of Evidence; and (3) the use is allowed by Rule 32(a)(2) through (8). Although Apple argues that the evidence is admissible under FRE 802(d)(2)(D), Apple does not address whether the deposition testimony may be used under Rule 32. Indeed, although the first 2 requirements under Rule 32(a) are not in dispute, Apple has not established that one of the exceptions to Rule 32(a)(2) through (8) applies. The deposition testimony of Mr. Shin may not be used to impeach Mr. Denison. *See* FRE 32(a)(2) (deposition testimony "given by the deponent as a witness" may be used to impeach that witness."). It does not appear that Mr. Shin is an "officer, director, managing agent, or [30(b)(6) or 31(a)(4)] designee." Although Mr. Shin's title is a "director" Apple has not laid any further foundation to establish that he otherwise fits the definition set forth in Rule 32(a)(3). *See Hynix Semiconductor Inc. v. Rambus Inc.*, No. C–06–00244 RMW, 2008 U.S. Dist. LEXIS 11767, at *18–19, 2008 WL 2581632 (N.D. Cal. Feb. 2, 2008) ("These |

5

Case No.: 11-CV-01846-LHK
ORDER ON SAMSUNG'S OBJECTIONS TO APPLE'S PROPOSED EXAMINATION EXHIBITS AND MATERIALS FOR SECOND DAY OF TRIAL

|   |   |
|---|---|
|   | other people all have the capability to bind the corporation with their actions, indeed, a 30(b)(6) or 31(a)(4) designee literally speaks for the corporation." *Id*. Thus, a "'managing agent' must have some authority[, similar to an officer or director,] to act on behalf of the corporation or answer for it."). Similarly, Apple has not established that the deponents are unavailable under FRCP 32(a)(4), or, that the other subdivisions of FRCP 32(a) apply. Accordingly, Samsung's objection is sustained. |

### 7. Objections Re: Qi Ling

| WITNESS | COURT'S RULING ON OBJECTION |
|---|---|
| Depo Testimony of Qi Ling | Sustained. The same rationale for exclusion of the deposition testimony of Mr. Shin applies equally to Mr. Ling. Mr. Ling's deposition testimony is not admissible under FRCP 32(a). Mr. Ling is not unavailable, nor does it appear that he is a "party, agent, or designee" under FRCP 32(a)(3)-(4). |

**IT IS SO ORDERED.**

Dated: July 30, 2012

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

6

Case No.: 11-CV-01846-LHK
ORDER ON SAMSUNG'S OBJECTIONS TO APPLE'S PROPOSED EXAMINATION EXHIBITS AND MATERIALS FOR SECOND DAY OF TRIAL