HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
JENNIFER LEE TAYLOR (CA SBN 161368)
jtaylor@mofo.com
ALISON M. TUCHER (CA SBN 171363)
atucher@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
JASON R. BARTLETT (CA SBN 214530)
jasonbartlett@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK (PSG)<br><br>**SUPPLEMENTAL RESPONSE TO SAMSUNG'S OBJECTIONS TO CHRIS STRINGER EXHIBITS** |

1    As Apple explained in Docket No. 1444, Apple understood that Samsung had waived its
2  objections to Chris Stringer's direct exhibits by not listing them in the parties' confirming
3  correspondence after their first meet and confer session about objections.  Based on that
4  understanding, Apple provided only a cursory statement rebutting Samsung's previously raised
5  objections in Docket No. 1444.
6    Concurrently with Apple's filing, Samsung served objections to Mr. Stringer's direct
7  exhibits.  In the parties' subsequent meet and confers, it has become clear that the parties
8  misunderstood which disagreements they would be memorializing for briefing (*i.e.,* all pending
9  objections to exhibits and the parties' opening demonstratives, or just the latter).
10   In view of Samsung's submission, Apple submits this short supplemental response to
11 provide complete responses to Samsung's objections to Mr. Stringer's direct exhibits.

   **1.    Samsung's Objection That Apple Failed to Produce PX1, PX2, PX165–PX168, PX170, and PX171 Is Without Merit**

14   Samsung objects to these exhibits as irrelevant and prejudicial "because none of the
15 images shown in them were produced to Samsung at any time during this case." (Dkt. No. 1439
16 at 2:7-9.)  This is incorrect.  These exhibits are compilations of photographs of product models
17 first made available for inspection on January 13, 2012 – two months before the fact discovery
18 close.  These models continued to be available for more than two months thereafter.  Samsung's
19 prejudice objection over lack of access to the ***photographs*** lacks merit, as Samsung had ample
20 access to the ***subjects*** of such photographs – *i.e.*, the product models themselves.  Indeed,
21 Samsung inspected these models on multiple occasions.  During these inspections, Samsung was
22 able to photograph these models for itself and in fact did so, having used a number of these
23 photographs during depositions in this case.  Similarly, Samsung's objection that the ***photographs***
24 are irrelevant lacks merit because Samsung itself has contended that the ***subjects*** of such
25 photographs – *i.e.*, the models – are relevant.  (*See* Dkt. No. 603-0 at 10:12-14.)
26   Samsung's objection that these exhibits are misleading is equally meritless.  The exhibits
27 contain numerous high-quality photographs from multiple views.  Consequently, there is no risk

1  of the jury being confused or misled.  Moreover, these summary exhibits are far more convenient

2  and accessible for the jury than if they were forced to examine and handle numerous models.

3        Finally, to help resolve this dispute, during Mr. Stringer's examination, Apple will have

4  available in court the physical models depicted in Exhibits PX165–PX168, PX170, and PX171.

5  Apple will substitute the physical models for the photographs in these exhibits.

6      **2.**    **Samsung's Objection That Mr. Stringer Is Not Competent to Testify Regarding the Evolution of Samsung's Designs in the Marketplace Is Not Well Taken**

8        Samsung objects that Mr. Stringer is not a proper sponsoring witness for PX3 or PX4.

9  These exhibits show the evolution of Samsung's mobile phone and tablet designs.  In particular,

10 these exhibits show clearly that, over time, Samsung's designs came to more closely resemble

11 Apple's designs.  Exhibits PX3 and PX4 show only publicly available phones.  Mr. Stringer, an

12 industrial designer at Apple for over a decade, is more than competent to testify regarding the

13 trends that he observed in the marketplace.

14       Samsung also objects that PX3 and PX4 are unfairly prejudicial in the selection of designs

15 that they depict.  But, as documentary evidence will show, Samsung specifically designed its

16 mobile phone and tablet products to mimic Apple's designs.  Accordingly, the selection of

17 Samsung phones and tablets in Exhibits PX3 and PX4, respectively, fairly reflect the results of

18 these efforts, and its objection should be overruled.

19     **3.**    **Samsung's Objection to PX157 as Lacking a Nexus to the Asserted Design Patents and Trade Dress Is Inapposite**

21       Samsung objects to PX157, which depicts awards that Apple received for its product

22 designs, as irrelevant, prejudicial, and hearsay.  Samsung argues that there is no nexus between

23 this award and Apple's asserted design patents and trade dress.  Samsung's argument is beside the

24 point.  PX157 is relevant not only to secondary considerations of non-obviousness, but also to

25 Apple's reputation for excellence in design, the irreparable harm caused by Samsung's copying of

26 Apple's proprietary designs.

27       Moreover, the premise of Samsung's objection is mistaken.  A nexus does exist between

28 PX157 and Apple's asserted design patents and trade dress, such that that exhibit is relevant to

1  secondary considerations of non-obviousness.  As Mr. Stringer can testify, D&AD, the entity that
2  bestowed upon Apple the awards reflected in PX157, rewards excellence in design, not function.
3  Moreover, the D'889 patent claims the entire tablet, so that any awards for its embodiment's
4  design are tied to the patented design.  Likewise, the D'677 and D'087 patents claim the highly
5  visible front surface of the iPhone.  Any praise for the iPhone's design is directed at least in part
6  to the front surface.

7    Finally, Samsung's hearsay objection is baseless.  Apple is not offering PX157 to
8  establish the truth of any statement in the exhibit; rather, Apple is offering PX157 to illustrate
9  Mr. Stringer's testimony regarding the awards he and Apple have received for their designs,
10  including those designs at issue in this case.

11    **4. Samsung's Objection to PX162 and PX164 as Untimely Produced Is Baseless**
12    Samsung objects to PX162 and PX164 – compilations of CAD drawings – as containing
13  material that was not timely produced during discovery.  This objection is baseless.  Apple made
14  the CAD files compiled in these exhibits available for inspection in *July 2011* – approximately
15  eight months before discovery closed.  Indeed, the parties specifically made use of an escrow
16  service for these inspections pursuant to Judge Grewal's order.  (*See* Dkt. No. 233 at 2:17-3:12.)
17  Moreover, Apple submitted CAD images from the same file set with its briefing in support of its
18  motion for a preliminary injunction in *September*.  (*See* Dkt. No. 422 at Exh. 1.)  Printouts from
19  the same group of CAD files as those contained in PX162 and PX164 were produced to Samsung
20  during Mr. Stringer's deposition.  Just as it had ample opportunity to inspect the models at issue
21  in Samsung's first objection, Samsung had more than sufficient access to the documents reflected
22  in PX162 and PX164.  Its objection therefore should be overruled.

23  Dated: July 31, 2012      MORRISON & FOERSTER LLP

25             By: */s/ Michael A. Jacobs*
             MICHAEL A. JACOBS

            Attorneys for Plaintiff
            APPLE INC.