| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781) | WILLIAM F. LEE |
| hmcelhinny@mofo.com | william.lee@wilmerhale.com |
| MICHAEL A. JACOBS (CA SBN 111664) | WILMER CUTLER PICKERING |
| mjacobs@mofo.com | HALE AND DORR LLP |
| RACHEL KREVANS (CA SBN 116421) | 60 State Street |
| rkrevans@mofo.com | Boston, MA 02109 |
| JENNIFER LEE TAYLOR (CA SBN 161368) | Telephone: (617) 526-6000 |
| jtaylor@mofo.com | Facsimile: (617) 526-5000 |
| ALISON M. TUCHER (CA SBN 171363) | |
| atucher@mofo.com | MARK D. SELWYN (SBN 244180) |
| RICHARD S.J. HUNG (CA SBN 197425) | mark.selwyn@wilmerhale.com |
| rhung@mofo.com | WILMER CUTLER PICKERING |
| JASON R. BARTLETT (CA SBN 214530) | HALE AND DORR LLP |
| jasonbartlett@mofo.com | 950 Page Mill Road |
| MORRISON & FOERSTER LLP | Palo Alto, California 94304 |
| 425 Market Street | Telephone: (650) 858-6000 |
| San Francisco, California 94105-2482 | Facsimile: (650) 858-6100 |
| Telephone: (415) 268-7000 | |
| Facsimile: (415) 268-7522 | |

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | Case No. 11-cv-01846-LHK |
| Plaintiff, | **APPLE'S OBJECTIONS TO SAMSUNG'S PROPOSED CROSS EXAMINATION EXHIBITS AND MATERIALS FOR PHIL SCHILLER, PETER BRESSLER, AND SUSAN KARE** |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | **APPLE'S RESPONSES TO SAMSUNG'S OBJECTIONS TO CROSS EXAMINATION EXHIBITS AND MATERIALS FOR JUSTIN DENISON** |
| Defendants. | Trial: July 31, 2012<br>Time: 9:00 a.m.<br>Place: Courtroom 8, 4th Floor<br>JUDGE: HON. LUCY H. KOH |

Samsung's proposed exhibits and materials for the cross examinations of Phil Schiller, Peter Bressler, and Susan Kare include a variety of inadmissible documents. These include materials that directly contradict rulings by this Court and Judge Grewal or which Samsung reasonably could have anticipated relying upon (and therefore included) on its list of 200 exhibits. Apple specifically objects to the Samsung's use or attempted admissions of such materials on these bases, and further identifies additional objections for specific materials below.[1]

| Exhibit/ Demons. | Apple's Objections |
|---|---|
| **Schiller Cross Examination Exhibits** | |
| SDX001-3 | The demonstratives Samsung intends to use in its cross examination of Mr. Schiller should be excluded for two reasons. The photographs are misleading as the ear piece on the phone is barely visible against the white backdrop. The label "Samsung Galaxy S" is misleading as there is no single Galaxy S phone. |
| Schiller Depo. | Mr. Schiller's former testimony is inadmissible hearsay under Rule 804(b) because he is available to testify at trial. |
| S. Ng, G. Joswiak & F. Rothkopf Depos. | This evidence is hearsay under Rule 804(b) because all three witnesses reside within the District and are available. |
| **Kare Cross Examination Exhibits** | |
| Kare Depo. | Ms. Kare's former testimony is inadmissible hearsay under Rule 804(b) because she is available to testify at trial. |
| F. Anzures & I. Chaudhri Depo. | The deposition of Freddy Anzures is hearsay under Rule 804(b) as he resides in this District.[2] In disclosing the depositions of Freddy Anzures and Imran Chaudhri as possible examination exhibits, Samsung did not designate the portions of their testimony for potential admission. Apple reserves its right to object to specific portions of Mr. Anzures and Mr. Chaudhri's deposition. |
| **Bressler Cross Examination Exhibits** | |
| DX511 [JP'638] | Samsung has no evidence or expert testimony to establish that this exhibit is a primary or secondary reference. On appeal from this Court's preliminary injunction ruling, the Federal Circuit explained that it was improper to ignore the "arched, convex front of the '638 reference," as depicted in its side profile, |

---

[1] After the parties meet and conferred, Samsung agreed to withdraw its objections to JX1086, JX1089, JX1091, DX501, DX526, DX538, DX558, DX562, DX623, DX624, DX678, DX729, DX730, DX736, DX752, Lucente Expert Report and Exhibits A-D; Lucente Rebuttal Report and Exhibits A-D, Apple's Response to Samsung's Interrogatory No. 1.

[2] The parties have agreed that Mr. Chaudri's testimony may be by deposition instead of live testimony due to his unavailability.

| Exhibit/ Demons. | Apple's Objections |
|---|---|
| | in making this comparison. *Apple Inc. v. Samsung Elecs. Co.*, 678 F.3d 1314, 1326 (Fed. Cir. 2012). In light of the Federal Circuit's decision, this exhibit should be excluded as misleading and confusing. |
| DX628 [Home button application] | The Court has already struck this reference from Samsung's opening as untimely disclosed. (Dkt. No. 1510.) Samsung's theories based on this Apple trademark application were not timely disclosed in discovery. In fact, this document itself was not timely disclosed in discovery. These theories were disclosed in neither Samsung's interrogatory responses nor its expert reports. This evidence is also irrelevant under Rule 402 and 403. |
| DX727, DX728 [KR'547, JPD'383] | Samsung has offered no evidence or expert testimony to establish that any of these exhibits is a primary or secondary reference. |
| DX740 [035 photos] | Judge Grewal struck Samsung's theories based on this prototype because they were not timely disclosed during discovery. (Dkt. No. 1144.) As the Court has previously ruled, it would be improper for the jury to consider this evidence as limiting the scope of the D'889 design. (Dkt. No. 1170 at 6.) Should the Court nevertheless admit this exhibit, limiting instructions are required under Rule 105 that the 035 prototype cannot be considered prior art to the D'677 patent. Apple objects to these photographs under Rule 1002. |
| DX741 [035 model] | With the exception of its objection under Rule 1002, Apple repeats its objections to DX0740 to DX0741. |
| DX743 [App. 29/382,846] | Samsung's attempt to introduce this evidence is contrary to three rulings. This Court's ruling on Apple's motion in limine #2 excluded Apple non-prior art patents such as this one. (Dkt No. 1267 at 3.) Invalidity contentions based on this reference were struck by Judge Grewal (Dkt. No. 1144.) This Court struck the expert report of Nicolas Godici, the only place Samsung had disclosed this evidence. (Dkt. No. 1157 at 5-6.) |
| JX1040 [D'889] | In granting Apple's motion to strike certain of Samsung's expert opinions due to untimely raised theories (Dkt. No. 1144), Judge Grewal struck Mr. Sherman's attempt to rely on the D'889 patent as alleged prior art to the D'677 patent. A limiting instruction pursuant to Rule 105 thus is required that the D'889 patent cannot be considered prior art to the D'677 patent. |
| JX1074 [Compaq TC1000] | JX1074 should be excluded as irrelevant because it is not a proper secondary reference. Samsung will not be able to authenticate JX1074. Samsung also failed to produce JX1074 during discovery. If the Court does admit JX1074 into evidence, it should be accompanied by a limiting instruction that it can be considered an alternative design. |
| JX1093 [LG Prada] | JX1093 is not prior art. Samsung cannot establish that it is prior art and Samsung will not be able to authenticate JX1093. JX1093 is inadmissible under Rules 402 and 403 as non-prior art. Samsung's expert's opinions of Mr. Lucente have been struck. Moreover, certain of Samsung's theories based on JX 1093 were not timely disclosed during discovery. Samsung also will not be |

| Exhibit/ Demons. | Apple's Objections |
|---|---|
| | able to authenticate JX1093. If the Court does admit JX1093 into evidence, it should be accompanied by a limiting instruction that it is not prior art to the D'035 patent. |
| P. Bressler ITC-796 Hearing Testimony & Prior Depos. | Mr. Bressler's former testimony is inadmissible hearsay under Rule 804(b) because he is available to testify at trial. |
| P. Bressler Expert Reports & Exhibits | Samsung has listed Mr. Bressler's entire expert report, rebuttal report, and exhibits to both but has not indicated the specific portions they will use. Apple objects to this lack of specificity. |
| C. Stringer ITC-796 Direct Witness Stmt. & Prior Depos. | This evidence is hearsay under Rules 801 and 802, as Mr. Stringer is available to testify at trial. |
| Q. Hoellwarth Depo. | This evidence is hearsay under Rules 801 and 802, as he works in this District. |
| Bressler Demonstratives | The cross demonstratives are misleading. Many pages are misleading as they contain pictures of accused devices turned on to distract the jury from the design at issue. Moreover, many pages contain graphics that obscure portions of the accused devices thereby preventing the jury from appreciating the overall impression of the accused designs. The pages are also objectionable to the extent they are not to scale or are scaled in a misleading way. The demonstratives are also objectionable to the extent they show only partial views of the designs at issue. Page 7 contains an alleged non-infringement argument that has been stricken by Judge Grewal as an untimely raised theory (Dkt. No. 1144). Page 8 contains a purported three-way comparison but such comparison is improper because Samsung has not proven that the LG Prada is prior art. (Dkt. No. 1144) Page 9 contains an alleged non-infringement argument that has been stricken by Judge Grewal as an untimely raised theory (Dkt. No. 1144). Pages 9 and 10 include graphics purporting to show a non-infringement argument that is incorrect under the law (that logos are irrelevant). |

| Exhibit/ Demons. | Apple's Responses to Samsung's Objections to Denison's Cross Exhibits |
|---|---|
| PX44, PX54, PX58<br><br>["Relative Evaluation Report on S1, iPhone," "Lessons from Apple" (BCG), Denison email re: request to STA] | The Court already has overruled Samsung's objections to these exhibits when designated by Apple for Mr. Denison's direct examination.  (Dkt. No. 1512.)<br><br>Undeterred by the Court's adverse ruling, Samsung attempts to lodge *new* new objections to Apple's use of these exhibits with Mr. Denison for the first time after this Court's ruling.  These new objections are untimely and waived.  Samsung did not raise this objection to these documents either with Apple's opening statement or its objections to the Court filed (and resolved) yesterday.<br><br>The objection also is without merit.  Samsung has long known of Apple's contentions of willful copying (which were disclosed as far back as the preliminary injunction phase).  Apple timely raised Samsung's "continued . . . development, manufacture, importation, distribution, and sale of electronic devices as to which there was no objectively reasonable theory of non-infringement" in response to Samsung's interrogatory no. 7 -- which *did not ask* for the identification of specific supporting documentation.   Moreover, these are Samsung's own documents, so it cannot claim surprise.  (PX44, in any event, was identified in Apple's supplemental responses at the close of discovery.)  Finally, and regardless, these documents are independently admissible to support Apple's infringement claims and to demonstrate copying, which is a factor in multiple claims and defenses (*e.g.,* non-obviousness).  Apple will lay a proper foundation for these exhibits. |
| W. Kho Depo. | The Court already has overruled Samsung's objections to this testimony.  (Dkt. No. 1512.) |
| PX60<br><br>["STA Competitive Situation Paradigm Shift"] | Samsung's objection that this document was not identified in Apple's contention interrogatories fails.  Samsung did not produce document until a over month after fact discovery closed, and it has long known of Apple's contentions of willful copying (which were disclosed as far back as the preliminary injunction phase). |
| Ex. 225 to 30(b)(6) Deposition | Apple does not intend to use this exhibit affirmatively with Mr. Denison, but added this exhibit in the event he needs to refresh his recollection regarding the Samsung employees he spoke with to prepare for his 30(b)(6) deposition.  Thus, because Apple is not offering this document for the truth of the matter asserted, it is not hearsay. |
| Prior Denison Testimony | Apple is not seeking to introduce Mr. Denison's prior testimony into evidence as an exhibit.  Rather, Apple listed this prior testimony solely as potential impeachment material, and thus these materials did not need to be disclosed on Apple's exhibit list.  Apple will properly use these materials as impeachment evidence.<br><br>Samsung has taken the position that confidential business information from the ITC-796 investigation may be used in this case.  Samsung has disclosed several documents from the ITC-796 investigation that it intends to use on the cross of |

APPLE'S OBJECTIONS TO SAMSUNG'S PROPOSED CROSS EXAMINATION EXHIBITS
CASE NO. 11-CV-01846-LHK
sf-3176740

4

| | |
|---|---|
| | Mr. Bressler. Samsung is taking an inconsistent position by objecting to the use of these ITC-796 materials by Apple. In any event, in light of Samsung's objection that some of the prior Denison testimony listed as potential impeachment material is Samsung confidential and subject to a protective order, Apple has now identified prior testimony from Mr. Denison in the ITC-794 matter that is not subject to a protective order in an attempt to obviate Samsung's concern. |

Dated: July 31, 2012                    MORRISON & FOERSTER LLP


                                        By:  /s/ *Michael A. Jacobs*
                                             Michael A. Jacobs

                                        Attorneys for Plaintiff
                                        APPLE INC.