1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Cal. Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5  Kevin P.B. Johnson (Cal. Bar No. 177129)
   kevinjohnson@quinnemanuel.com
6  Victoria F. Maroulis (Cal. Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
7  555 Twin Dolphin Drive 5th Floor
   Redwood Shores, California 94065
8  Telephone: (650) 801-5000
   Facsimile: (650) 801-5100
9
   Michael T. Zeller (Cal. Bar No. 196417)
10 michaelzeller@quinnemanuel.com
   865 S. Figueroa St., 10th Floor
11 Los Angeles, California 90017
   Telephone: (213) 443-3000
12 Facsimile: (213) 443-3100

13 Attorneys for SAMSUNG ELECTRONICS
   CO., LTD., SAMSUNG ELECTRONICS
14 AMERICA, INC. and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC

15

16                     UNITED STATES DISTRICT COURT

17           NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

18 APPLE INC., a California corporation,        CASE NO. 11-cv-01846-LHK

19         Plaintiff,

20    vs.                                       **SAMSUNG'S [CORRECTED]
                                                OBJECTIONS TO APPLE'S PROPOSED
21 SAMSUNG ELECTRONICS CO., LTD., a             EXAMINATION EXHIBITS AND
   Korean business entity; SAMSUNG              MATERIALS FOR THIRD DAY OF
22 ELECTRONICS AMERICA, INC., a New             TRIAL**
   York corporation; SAMSUNG
23 TELECOMMUNICATIONS AMERICA,
   LLC, a Delaware limited liability company,
24
           Defendants.
25

26

27

28

| **Apple Continues To Improperly Invoke Judge Grewal's Striking Order In Its Objections** ||
|---|---|
|  | As officers of the Court, Apple's attorneys have a professional obligation accurately to represent the past orders of the Court.   In the case of Judge Grewal's ruling striking portions of Samsung's experts' reports, that is not happening.   Instead, Apple is supporting numerous evidentiary objections by general references to that Order, which ultimately have proven to be wholly unsupported, and in some cases have lead this Court to issue rulings that later have been reconsidered.   (See, e.g., Dkt 1510 at 1-2 (overturning rulings on slides 22 and 51).   As one example of this behavior, out of the 13 objections made last night to the cross examination exhibits for Peter Bressler, half involved nebulous references to Judge Grewal's order, yet none of them pointed to a single page from the order, Apple's motion to strike, or Apple's proposed order pointing to where the supposedly stricken reference or theory was actually mentioned.   In fact, in every instance, the theory or reference under attack was not a part of the relief Apple sought in its motion to strike, typically because it had been disclosed all the way back during the preliminary injunction phase.   Apple has been able to overstate the import of Judge Grewal's Order because the ruling simply states that certain motions are granted or denied, and the scope of the specific ruling cannot be determined without a careful review of the parties' briefs and Apple's proposed order.   Given the pace of trial, there is little time to conduct this review each time Apple invokes the order, and Apple's counsel realizes they can take advantage of the situation.   Going forward, counsel for Apple should be required to provide the exact locations in the moving papers before Judge Grewal and proposed orders where Apple called out the specific prior art reference or theory it seeks to exclude from evidence.   Otherwise Apple will continue to invite the Court into error. ||
| **Samsung's Objections To Denison Cross** ||
| PX 44, PX 54, PX 58, PX 62, Deposition testimony of Wookyun Kho | Samsung wishes to preserve the objections to the use of these items with this witness that were asserted in DKT# 1468 but understands that the Court has over-ruled those objections and will not reargue them here. |
| PX 54, PX 58, PX 60 | These exhibits are untimely because Apple did not identify them in response to Samsung's contention interrogatory no. 7 calling for all evidence supporting Apple's allegations of willfulness.   Apple Inc.'s Corrected Amended Objections and Responses to Samsung Electronics Co. Ltd.'s Interrogatory Nos. 4, 6, 7, 16, 17, 18 to Apple Inc. at 6:5-10; 9:11-26 (Hutnyan Decl Exh 1).   Samsung requests that before PX 60 is shown to the jury, the following instruction be given:   "You may see documents in this case that have information covered up with the word 'redacted' over it. This is information relating to future and/or unreleased products. You shouldn't draw any conclusions or make any positive or negative inferences about the existence of redactions in a party's documents." |
| ITC 796 Witness Statement of Denison and ITC 796 Rebuttal Witness Statement of Denison | These exhibits do not appear on Apple's Exhibit List and are thus untimely.   In addition, these documents contain confidential business information pursuant to the protective order in the 337-TA-796 ITC Investigation and were not produced for use in this case. |
| January 25, 2012 Depo. of Denison and September 21, 2011 30(b)(6) Deposition of Denison | These exhibits not appear on Apple's Exhibit List and are thus untimely. |
| Ex. 225 to September 21, 2011 30(b)(6) Depo. of Denison | This exhibit does not appear on Apple's Exhibit List and is thus untimely.   It was also untimely because it was not included in Apple's disclosures of Denison Trial Cross Exhibits at 2:00 pm as required by the Court's Order.   (Hutnyan Decl. Ex. 2)   It was added at 7:54 pm.   (Hutnyan Decl. Ex. 3)   The exhibit also contains |

02198.51855/4883940.1

-1-

Case No. 11-cv-01846-LHK
SAMSUNG'S OBJECTIONS TO APPLE'S PROPOSED EXAMINATION EXHIBITS AND MATERIALS FOR THIRD DAY OF TRIAL

| | |
|---|---|
| | hearsay not within any exception. |
| ITC 794 Hearing Transcript (Denison, public version) | This exhibit does not appear on Apple's Exhibit List and is thus untimely.  It was also untimely because it was not included in Apple's disclosures of Denison Trial Cross Exhibits at 2:00 pm as required by the Court's Order.  (Hutnyan Decl. Ex. 2)  It was added at 7:54 pm.  (Hutnyan Decl. Ex. 3) |
| ITC 796 Hearing Transcript (Denison) | This exhibit does not appear on Apple's Exhibit List and is thus untimely.  In addition, this document contains confidential business information pursuant to the protective order in the 337-TA-796 ITC Investigation and was not produced for use in this case. |
| Apple's Aug. 12, 2011 30(b) Deposition Notice | This exhibit does not appear on Apple's Exhibit List and is thus untimely. |
| **Responses to Objections to Kare Cross Examination Exhibits** | |
| 4/27/2012 Kare Deposition | It is well established that a deposition may be used by any party for the purpose of impeaching the testimony of the deponent as a witness.  Fed. R. Civ. P. 32(a)(1).  This is true regardless of whether the testimony is otherwise admissible.  *Lewis v. Unites Air Lines Transport Corp.*, 27 F. Supp. 946 (D. Conn. 1939).  Ms. Kare's deposition in this case is relevant and may be used for impeachment on cross examination. |
| Depositions of Freddy Anzures and Imran Chaudhri | The sworn deposition testimony of the named D'305 inventors is highly relevant to Ms. Kare's opinions regarding infringement and invalidity and admissible to impeach her testimony on cross examination.  The depositions of these inventors need not be designated for purposes of impeachment. |
| Kare Expert Report and Exhibits 1-33; Kare Rebuttal Expert Report and Exhibits 1-7 | Ms. Kare's expert reports in this case are prior statements that are appropriate to impeach any inconsistent statements during her testimony on cross examination.  Expert reports need not be listed on the exhibit list in order to be used for impeachment. |
| **Responses to Objections to Bressler Cross Examination Exhibits** | |
| DX511 | This exhibit is the certified copy of a prior art patent obtained from the USPTO and includes a certified translation.  Samsung relied on this reference during the preliminary injunction phase (Dkt No. 181 at 7 (under seal)), and Mr. Bressler opines on it in his expert reports.  (*See, e.g.*, Bressler opening report pp.49-50; rebuttal report pp.21-25).  Apple gives no guidance as to what could be misleading or confusing about this official government document. |
| DX628 | Samsung maintains that DX628 is relevant and admissible for the reasons stated in its Proffer of Evidence (Dkt No. 1477) and Motion for Reconsideration (Dkt No. Dkt No. 1463 at 5). |
| DX727, DX728 | Whether these are primary or secondary references is an invalidity issue for the jury to decide.  *See Int'l Seaway v. Walgreens*, 589 F.3d 1233, 1240-42 (Fed. Cir. 2010).  Further, regardless of whether these patents are considered to be obviousness references, prior art is also relevant to the infringement analysis, which Apple's objection ignores.  *See Egyptian Goddess v. Swisa Inc.*, 543 F.3d 665, 681-83 (Fed. Cir. 2008) (en banc).  Additionally, these exhibits are prior art patents timely disclosed during the preliminary injunction phase (Dkt No. 172 at 24).  Mr. Bressler also analyzed and opined on these references. (*See, e.g.*, opening report pp.20, 50-52, 102-104, 151; rebuttal report pp.33-36, 45-47, 62-65, 76-80, 90-94). |
| DX740 | The Court already denied Apple's MIL #1 related to this exact exhibit.  (Dkt 1267 at 3).  Apple's attempt to invoke Magistrate |

| | | |
|---|---|---|
| | | Judge Grewal's order to make an endrun around the Court's ruling is improper. That order nowhere references these photos. These photos are from the official file history of the D'889 patent and are admissible under at least Rules 1003, 1004, and 1005. Apple's 1002 objection is especially disingenuous given that an Apple attorney submitted a sworn declaration to this Court stating that these exact images were retrieved directly from the PTO. (Dkt No. 351 at 3 & Ex. 8 (under seal). |
| | DX741 | The Court denied Apple's MIL #1 as to the physical 035 model. (Dkt 1267 at 3). Judge Grewal's order did not strike this reference for any purpose except two limited invalidity theories. As an embodiment of the D'889 patent, it is relevant for the infringement analysis. *See Lee v. Dayton-Hudson*, 838 F.2d 1186, 1189 (Fed. Cir. 1998). The Court ordered Apple to provide an authenticating stipulation regarding this model (Dkt. 398 at 3 ("Apple shall stipulate that the specific model identified by Apple industrial designer Christopher Stringer during his November 4th deposition is the same model or mockup appearing in the photographs of the '889 patent prosecution history.")) The stipulation is also admissible under Rules 1003 and 1004 as the original is in Apple's possession and was submitted by Apple's counsel in electronic form to Samsung. |
| | DX743 | Apple's MIL #2 only involved later-*issued* patents, not pending patent applications for products at issue in the case. (Dkt 1184-3 at 2). Apple cannot attempt to re-write or expand its motion now. Whether the Godici report was struck is irrelevant because it was submitted before Apple had ever produced this document *by order of Judge Grewal*. (Dkt No. 867.) Also, regardless of what *invalidity* contentions were struck, this patent application is highly relevant to Apple's claim that the iPad 2 is an embodiment of the D'889 patent, and is therefore relevant to the infringement analysis of whether the iPad 2 can be used to compare to the Galaxy Tab 10.1. Apple's admissions to the PTO that the iPad 2 is actually a new, unique, and patentably distinct design over the D'889 are therefore relevant to the infringement and damages analyses, as Apple is alleging lost iPad 2 profits through this patent. |
| | JX1040 | Apple seeks to exclude the D'889 patent as alleged prior art to D'677. Samsung is not offering the patent for that purpose. |
| | JX1074 | This exhibit is a prior art device that was disclosed at the preliminary injunction stage. A 402 objection is improper because prior art is clearly relevant to multiple issues such as design patent invalidity and infringement. *Egyptian Goddess*, 543 F.3d at 681-83; *Int'l Seaway*, 589 F.3d 1233, 1240-42 (Fed. Cir. 2010). Moreover, Mr. Bressler has already analyzed and opined on this device and is therefore open to cross examination about it (*see e.g.*, Bressler opening report pp.43-47; rebuttal report pp.121-22). Apple provides no basis for why this device should be kept out under rule 403. Any prior rulings in this action related to this device are non-binding on the trier of fact, *S. Or. Barter Fair v. Jackson County*, 372 F.3d 1128, 1136 (9th Cir. 2004) ("decisions on preliminary injunctions are just that—preliminary."); *Jack Guttman, Inc. v. Kopykake Enterprises, Inc.*, 302 F.3d 1352, 1361 (Fed. Cir. 2002) ("[A]ll findings of fact and conclusions of law at the preliminary injunction stage are subject to change upon the ultimate trial on the merits."). |
| | JX1093 | This Court already ruled that the LG Prada is "admissible as a prior |

02198.51855/4883940.1

-3-    Case No. 11-cv-01846-LHK
SAMSUNG'S OBJECTIONS TO APPLE'S PROPOSED EXAMINATION EXHIBITS AND MATERIALS FOR THIRD DAY OF TRIAL

| | | |
|---|---|---|
| | | art reference under 35 U.S.C. § 102," so Apple's 402 and 403 objections are meritless. (Dkt 1267 at 3.) Mr. Bressler considered this reference as well (Rebuttal Report at p. 65.) The reference is timely as it was a part of Samsung's preliminary injunction opposition and Mr. Sherman's PI declaration. (Dkt 172 at 19-20; Dkt 181a at 3-4 (under seal)). And whether it was stricken from Mr. Lucente's report as to user interface patents is irrelevant to its use as prior art to the D'677 and D'087 patents. |
| | 4/23/12 Depo. of Bressler (ITC-796), 4/24/12 Depo. of Bressler (ND Cal), 5/31/12 ITC Hearing Tr. – Bressler, 6/1/12 ITC Hearing Tr. – Bressler | This is Mr. Bressler's own prior sworn testimony and is admissible under Rule 801(d)(1)(A). Apple objects under 403 as well but gives no indication of how it's own proffered expert's testimony would be prejudicial to it. Apple's 804(b) objection is inapplicable as that provision relates to witnesses who are unavailable to testify. |
| | 3/22/12 Bressler Opening Expert Report and Exhs., 4/16/12 Bressler Rebuttal Expert Report and Exhs. | Apple offers no support for why Samsung must provide "specificity" about Mr. Bressler's reports in order to use them for impeachment. This is an improper attempt to compel Samsung to reveal its line of questioning before the witness even testifies. |
| | 5/2/12 ITC-796 Direct Witness Statement of Stringer, 8/3/2011 – Deposition of Stringer (ND Cal), 11/4/11– Deposition of Stringer (ND Cal), 2/15/12 – Deposition of Stringer (ITC), Hoellwarth Oct. 25, 2011 Deposition (ND Cal) | These sworn statements and testimony of Apple witnesses are admissible as admissions by a party opponent under Rules 801(d)(2)(A), (C), & (D), Mr. Stringer was put forward as Apple's corporate representative on design issues in both the ND Cal and ITC actions. Mr. Hoellwarth was deposed about matters within the scope of his employment relationship as the head of Apple's design patent docket and as the prosecuting attorney who prepared and filed the D'889, D'677, and D'087 patents. All the statements are also sworn. Apple's 802 hearsay objection is therefore unfounded because Samsung will use the testimony not for the truth of the matter asserted but to impeach Mr. Bressler's testimony. Apple also cites generally "this court's motions in limine order" without indicating any specific, relevant topic. |
| | Demonstratives | Apple delayed until 1:28a.m. before providing particularized objections on a slide-by-slide basis and has thus waived any objections on that basis. However, o the extent the Court sustains any objections to these demonstratives, Samsung reserves the right to cure any perceived error so the slide is not precluded entirely. |
| | Slides 1, 7, 8, 9, & 10 | Apple cites no authority for why Samsung must – in a demonstrative -- present the phones only in the way specified by Apple. Indeed, Federal Circuit law *requires* a comparison of all the "features visible at any time in the 'normal use' lifetime of the accused product." *Contessa v. Conagra*, 282 F.3d 1370, 1378 (Fed. Cir. 2002). Apple cannot hide the views it does not favor. In any event, the jurors will have the actual devices to make the comparisons. Also, the display portion of the phone is a functional feature that cannot be included in the infringement analysis, so having the screen on makes no difference to the remaining non-functional features. |
| | Slide 7 | Samsung did disclose during the preliminary injunction phase the non-infringement theory that Samsung devices have speaker slots with different shapes, locations, and appearances compared to D'677, D'087, and the iPhone products. (Dkt 172 at 35-36; Dkt 181 at 13). The theory was not stricken in Judge Grewal's order as Apple explicitly said it was not seeking to strike anything from the PI phase. |

| | | |
|---|---|---|
| | | Also, the jurors will have the actual devices, so any portions of the phones obscured on the slide will be visible on the actual products they will use for their analysis. |
| | Slide 8 | The Court already ruled that the LG Prada is admissible as prior art. (Dkt 1267 at 3.) The Court also denied Apple's MIL #4 regarding presentation of views of designs. Scaling issues in this instance are irrelevant because the phones are being compared to the patent, not to an iPhone. |
| | Slides 9-10 | This non-infringement theory was not a part of Judge Grewal's order and was disclosed during the PI phase at Dkt 172 pages 30, 34, 37-38 and Dkt 181 page 13. The theory Apple contends is incorrect under the law is the one this Court applied in its Dec. 2, 2011 Order. (Dkt 449 at 25.) Writing on the surface of the phones is highly relevant to infringement. |
| | Slide 12-13 | As noted above, the Federal Circuit's ruling at the preliminary injunction stage is not binding on the ultimate trial on the merits. Second, the slide is important for more than invalidity. Prior art is relevant to non-infringement, even if the references aren't primary obviousness references. |
| | Slide 18 | These are not accused phones. Apple gives no reason why Samsung cannot present *as a demonstrative* views of non-accused purported alternatives proffered by its own expert with markings to highlight certain phone features. |
| | **Responses to Objections to Schiller Cross Examination Exhibits** | |
| | SDX001-3 | Apple raises its first objections to SDX001-3 as misleading without articulating a reason. SDX001-3 are not misleading because they show images of electronic devices that are relevant to this action. Samsung's opening presentation contained SDX001-3 at slides 169-171, and despite ample opportunity to do so, Apple did not object to them. Apple's objection to SDX-001-3 as misleading is without merit and should be overruled. |
| | Schiller Deposition | Apple's objections to Samsung's use of Mr. Schiller's deposition testimony taken in this action for impeachment purposes during cross examination are baseless and should be overruled. Pursuant to FRE 801(d)(1)(A), a declarant witness's prior statement can be used at trial for impeachment purposes. The Federal Rules of Evidence permit Samsung's use of Mr. Schiller's prior deposition testimony – which was given in this action under penalty of perjury – for impeachment purposes at trial. Furthermore, under Federal Rule of Civil Procedure 32, Samsung's use of Mr. Schiller's deposition against Apple is entirely appropriate. FRCP 32(a) and (b) provides "At a hearing or trial, all or part of a deposition may be used against a party on these conditions: 1) the party was present or represented at the taking of the deposition had reasonable notice of it; 2) it is used to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying; and 3) the use is allowed by Rule 32(a)(2) through (8)." In this case under 32(a)(2) it is being used to contradict or impeach Mr. Schiller's testimony in this trial. |
| | Depositions of Stanley Ng, Greg Joswiak and Fletcher Rothkopf | Samsung presently withdraws its use of the depositions of Stanley Ng, Greg Joswiak, and Fletcher Rothkopf but reserves the right to use their deposition testimony at a later date. |

DATED: July 31, 2012

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Victoria F. Maroulis*
Charles K. Verhoeven
Victoria F. Maroulis
Kevin P.B. Johnson
Michael T. Zeller
Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

02198.51855/4883940.1

-6-                                    Case No. 11-cv-01846-LHK
**SAMSUNG'S OBJECTIONS TO APPLE'S PROPOSED EXAMINATION EXHIBITS AND MATERIALS FOR THIRD DAY OF TRIAL**