1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Cal. Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5  Kevin P.B. Johnson (Cal. Bar No. 177129)
   kevinjohnson@quinnemanuel.com
6  Victoria F. Maroulis (Cal. Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
7  555 Twin Dolphin Drive 5th Floor
   Redwood Shores, California 94065
8  Telephone: (650) 801-5000
   Facsimile: (650) 801-5100
9
   Michael T. Zeller (Cal. Bar No. 196417)
10 michaelzeller@quinnemanuel.com
   865 S. Figueroa St., 10th Floor
11 Los Angeles, California 90017
   Telephone: (213) 443-3000
12 Facsimile: (213) 443-3100

13 Attorneys for SAMSUNG ELECTRONICS
   CO., LTD., SAMSUNG ELECTRONICS
14 AMERICA, INC. and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC
15

16                 UNITED STATES DISTRICT COURT

17            NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| 18  APPLE INC., a California corporation, | CASE NO. 11-cv-01846-LHK |
| 19  Plaintiff, | |
| 20  vs. | **SAMSUNG'S RESPONSE TO APPLE'S NEWLY DISCLOSED OBJECTIONS TO SAMSUNG'S EXHIBITS FOR CROSS EXAMINATION OF PETER BRESSLER AND UPDATE REGARDING JUSTIN DENISON** |
| 21  SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG | |
| 22  ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG | |
| 23  TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| 24  Defendants. | |

02198.51855/4884733.1

Case No. 11-cv-01846-LHK
SAMSUNG'S RESPONSE TO APPLE'S OBJECTIONS TO BRESSLER CROSS EXHIBITS AND UPDATE RE: DENISON

Samsung submits this supplement to address a number of objections to the cross examination exhibits of Peter Bressler that Apple never disclosed to Samsung before its filing this morning. Samsung believes these objections are waived as untimely. Samsung's response to these newly asserted objections is below. Samsung also provides the Court with a minor correction to its earlier filing regarding the exhibits disclosed for use with Justin Denison.

| **Responses to Apple's Newly Disclosed Objections to Bressler Cross Examination Exhibits** | |
|---|---|
| DX511 — [JP'638] | This exhibit is the JP'638 patent – prior art to D'087 and D'677. Last night, Apple's entire objection to this reference was that it was "misleading and confusing." This morning Apple added citations to the Federal Circuit's ruling on appeal and purported to characterize that Court's ruling as a basis for excluding the exhibit. While the Federal Circuit took all views of the prior art into account, it did not state that the prior art was too misleading or confusing for a jury. In fact, the Federal Circuit made no ruling even as to whether the prior art was a proper anticipating reference, limiting its opinion to stating that it thought it would not likely be found an anticipating reference, under the standard for entering a preliminary injunction. *Apple v. Samsung*, 678 F.3d 1314, 1326 (Fed. Cir. 2012). That decision is non-binding on a jury. See *S. Or. Barter Fair v. Jackson County*, 372 F.3d 1128, 1136 (9th Cir. 2004) ("decisions on preliminary injunctions are just that—preliminary."); *Jack Guttman, Inc. v. Kopykake Enterprises, Inc.*, 302 F.3d 1352, 1361 (Fed. Cir. 2002). In any event the Court has already overruled Apple's objections to this exhibit. (Dkt 1517 at 2.) |
| DX727, DX728 | These exhibits are prior art references KR'547 and JP'383, both disclosed during the preliminary injunction phase as prior art to D'677 and D'087. Last night, Apple's objection was solely that these references were "not a primary or secondary reference." This morning, Apple has objected that Samsung has offered no evidence or expert testimony to establish these facts. Apple's expert analyzed these patents in his reports and Apple has the burden to prove infringement in light of the prior art under *Egyptian Goddess v. Swisa Inc.*, 543 F.3d 665, 682 (Fed. Cir. 2008). Also, Samsung has not had an opportunity to put on its affirmative case, and Apple cites no Rule that Samsung can only introduce prior art through its own expert. |
| DX740 | This exhibit is a collection of photos of the 035 model from the official file history of the D'889 patent. Apple for the first time this morning added an argument that a limiting instruction is necessary for this exhibit. Earlier today, however the Court overruled Apple's objections to this exhibit without requiring such an instruction. (See Dkt 1519 at 3) |
| JX1040 | JX1040 is the D'889 design patent. Apple did not disclose its intention to request a limiting instruction when it notified Samsung of its objections, so such a request is untimely. As with DX740, the Court has already overruled Apple's objections to this exhibit without requiring such an instruction. (See Dkt 1519 at 3) |
| JX1074 | This is the Compaq TC1000, a prior art tablet device. Last night |

| | |
|---|---|
| | Apple's objection in its entirety was "Rules 402 and 403". This morning Apple claims a host of new objections, including that the device is not a proper secondary reference, that Samsung will not be able to authenticate it, that it was not produced during discovery, and that, if admitted, it should have a limiting instruction that it can be considered an alternative design.<br><br>To begin, it is the jury's duty to decide whether prior art is or is not anticipatory or invalidating as obvious. See *Int'l Seaway v. Walgreens*, 589 F.3d 1233, 1240-42 (Fed. Cir. 2010). Also, any ruling on the preliminary injunction is non-binding on the jury. See supra. To the extent the device is not self-authenticating, Samsung's expert already authenticated it at the preliminary injunction stage. (Dkt. 172 at 9 & Ex. L.) And even though Apple's expert analyzed and opined on his own sample of the device, the sample in Samsung's possession was made available for inspection before the close of discovery at Quinn Emanuel's Silicon Valley office. Apple also gives no basis for a limiting instruction about alternative designs. That is a decision the jury has a right to make. |
| JX1093 | JX1093 is the LG Prada phone, prior art to the D'677 and D'087 patents. Apple did not disclose its intention to request a limiting instruction when it notified Samsung of its objections last night, so such a request is untimely. Moreover, an instruction about the D'305 patent is not only unnecessary at this time, but wrong on the facts because the relevant dates for those three patents are not all the same. |
| **Denison Cross Examination Exhibit** | |
| PX 60 | In Samsung's Objections To Apple's Proposed Examination Exhibits and Materials for Third Day of Trial, Samsung listed PX 60 next to its objection related to timeliness. This was a typographical error. Samsung is not asserting a timeliness objection to PX 60. Samsung maintains its request for a limiting instruction with respect to PX 60. |

DATED: July 31, 2012         QUINN EMANUEL URQUHART &
                             SULLIVAN, LLP

                             By */s/ Victoria F. Maroulis*
                                 Victoria F. Maroulis
                                 Attorneys for SAMSUNG ELECTRONICS
                                 CO., LTD., SAMSUNG ELECTRONICS
                                 AMERICA, INC., and SAMSUNG
                                 TELECOMMUNICATIONS AMERICA, LLC