| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781)<br>hmcelhinny@mofo.com<br>MICHAEL A. JACOBS (CA SBN 111664)<br>mjacobs@mofo.com<br>RACHEL KREVANS (CA SBN 116421)<br>rkrevans@mofo.com<br>JENNIFER LEE TAYLOR (CA SBN 161368)<br>jtaylor@mofo.com<br>ALISON M. TUCHER (CA SBN 171363)<br>atucher@mofo.com<br>RICHARD S.J. HUNG (CA SBN 197425)<br>rhung@mofo.com<br>JASON R. BARTLETT (CA SBN 214530)<br>jasonbartlett@mofo.com<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, California  94105-2482<br>Telephone:  (415) 268-7000<br>Facsimile:  (415) 268-7522 | WILLIAM F. LEE<br>william.lee@wilmerhale.com<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>60 State Street<br>Boston, MA 02109<br>Telephone: (617) 526-6000<br>Facsimile: (617) 526-5000<br><br>MARK D. SELWYN (SBN 244180)<br>mark.selwyn@wilmerhale.com<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>950 Page Mill Road<br>Palo Alto, California 94304<br>Telephone: (650) 858-6000<br>Facsimile: (650) 858-6100 |

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>                Plaintiff,<br><br>     v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>                Defendants. | Case No.   11-cv-01846-LHK (PSG)<br><br>**APPLE'S OPPOSITION TO SAMSUNG'S MOTION FOR DE NOVO DETERMINATION OF DISPOSITIVE MATTER REFERRED TO MAGISTRATE JUDGE, IN THE ALTERNATIVE, MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE** |

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ................................................................................................................... 1

ARGUMENT ........................................................................................................................... 2

I. JUDGE GREWAL'S DECISION STANDS UNLESS IT IS CLEARLY ERRONEOUS OR CONTRARY TO LAW ................................................................ 2

II. JUDGE GREWAL CORRECTLY DETERMINED THAT SAMSUNG'S DUTY TO PRESERVE AROSE IN AUGUST 2010 ............................................................... 4

III. JUDGE GREWAL CORRECTLY DETERMINED THAT SAMSUNG'S SPOLIATION RESULTED IN PREJUDICE TO APPLE ............................................. 5

IV. JUDGE GREWAL'S ADVERSE INFERENCE INSTRUCTION IS PROPER ............... 7

CONCLUSION ...................................................................................................................... 10

APPLE'S OPP. TO MOT. FOR DE NOVO DETERMINATION/MOT. FOR RELIEF FROM NON-DISPOSITIVE ORDER BY MAG.
CASE NO. 11-CV-01846-LHK (PSG)

i

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Campbell v. Cal. Dep't of Corr. & Rehab.*,
   2009 U.S. Dist. LEXIS 71284 (E.D. Cal. Aug. 4, 2009) ......................................................... 5

*FTC v. Lights of Am. Inc.*,
   No. SACV 10-133 JVS (MLGx), 2012 WL 695008 (C.D. Cal. Jan. 20, 2012) .............. 4, 7, 8

*Gonzalez v. Las Vegas Metro. Police Dep't*,
   2:09-cv-381, 2012 U.S. Dist. LEXIS 46601 (D. Nev. Apr. 2, 2012)........................................ 7

*Grimes v. City & County of San Francisco*,
   951 F.2d 236 (9th Cir. 1991)................................................................................................... 2

*Gutman v. Klein*,
   2008 U.S. Dist. LEXIS 97707 (E.D.N.Y. Dec. 1, 2008) ........................................................ 8

*Hakim v. Cannon Avent Group, PLC*,
   No. 02-1371, 2005 U.S. Dist. LEXIS 16829 (W.D. La. May 3, 2005) ................................... 4

*Harbridge v. Yates*,
   No. 1:11-cv-00473 AWI JLT, 2012 U.S. Dist. LEXIS 23909 (E.D. Cal. Feb. 24, 2012) ........ 4

*Hynix Semiconductor, Inc. v. Rambus Inc.*,
   591 F. Supp. 2d 1038 (N.D. Cal. 2006), *rev'd on other grounds*,
   645 F.3d 1336 (Fed. Cir. 2011)............................................................................................... 5

*IO Grp. Inc. v. GLBT Ltd.*,
   No. C-10-1282 MMC (DMR), 2011 U.S. Dist. LEXIS 120819
   (N.D. Cal. Oct. 19, 2011) ........................................................................................................ 6

*Johnson v. Wells Fargo Home Mortg., Inc.*,
   635 F.3d 401, 421 (9th Cir. 2011)......................................................................................9-10

*Kwon v. Costco Wholesale Corp.*,
   Civ. No. 08-360 JMS/BMK, 2010 U.S. Dist. LEXIS 13614 (D. Haw. Feb. 17, 2010) ............ 8

*Kwon v. Costco Wholesale Corp.*,
   No. 10-15847, 2012 U.S. App. LEXIS 3922 (9th Cir. Feb. 27, 2012) .................................... 8

*LaJocies v. City of N. Las Vegas*,
   2:08-cv-606, 2011 U.S. Dist. LEXIS 49046 (D. Nev. Apr. 28, 2011)..................................... 8

*Large v. Mobile Tool Int'l, Inc.*,
   No. 1:07cv177, 2008 U.S. Dist. LEXIS 1297 (N.D. Ind. Jan. 7, 2008).................................. 9

APPLE'S OPP. TO MOT. FOR DE NOVO DETERMINATION/MOT. FOR RELIEF FROM NON-DISPOSITIVE ORDER BY MAG.
CASE NO. 11-CV-01846-LHK (PSG)
pa-1543967

ii

*Leon v. IDX Sys. Corp.*,
   464 F.3d 951 (9th Cir. 2006) .................................................................................................. 8

*Med. Lab. Mgmt. Consultants v. ABC*,
   306 F.3d 806 (9th Cir. 2002) .................................................................................................. 7

*Micron Tech, Inc.. v. Rambus*,
   645 F.3d 1311 (Fed. Cir. 2011) .............................................................................................. 4

*MOSAID Techs. Inc. v. Samsung Elecs. Co.*,
   348 F. Supp. 2d 332 (D. N.J. 2004) ....................................................................................... 1

*MOSAID Techs. Inc. v. Samsung Elecs. Co.*,
   No. 01-CV-4340 (WJM), 2004 U.S. Dist. LEXIS 23595 (D. N.J. Oct. 1, 2004) ................ 3, 4

*Motown Record Co. v. DePietro*,
   Civil No. 04-cv-2246, 2007 U.S. Dist. LEXIS 43271 (E.D. Pa. June 11, 2007) ..................... 9

*Musick v. Dorel Juvenile Group, Inc.*,
   2011 U.S. Dist. LEXIS 126247 (W.D. Va. Nov. 1, 2011) ...................................................... 4

*Pension Comm. of the Univ. of Montreal Pension Plan v. Banc of Am. Sec., LLC*,
   685 F. Supp. 2d 456 (S.D.N.Y. 2010) ............................................................................ 7, 8, 9

*Phinney v. Wentworth Douglas Hosp.*,
   199 F.3d 1 (1st Cir. 1999) ................................................................................................... 2, 3

*Smith v. Kmart Corp.*,
   177 F.3d 19 (1st Cir. 1999) ..................................................................................................... 8

*United States v. Kitsap*,
   314 F.3d 995 (9th Cir. 2002) .................................................................................................. 5

*United States v. Rivera-Guerrero*,
   377 F.3d 1064 (9th Cir. 2004) ................................................................................................ 3

*United States v. Suarez*,
   No. 09-932 (JLL), 2010 U.S. Dist. LEXIS 112097 (D.N.J. Oct. 19, 2010) ............................ 9

*Zubulake v. UBS Warburg LLC*,
   229 F.R.D. 422 (S.D.N.Y. 2003) ............................................................................................ 6

**OTHER AUTHORITIES**

Fed. R. Civ. Pro.
   72(a) .................................................................................................................................. 2, 4
   72 (b) ...................................................................................................................................... 2

APPLE'S OPP. TO MOT. FOR DE NOVO DETERMINATION/MOT. FOR RELIEF FROM NON-DISPOSITIVE ORDER BY MAG.
CASE NO. 11-CV-01846-LHK (PSG)      iii
pa-1543967

## INTRODUCTION

Federal courts have twice held Samsung to be a spoliator of relevant evidence based on its use of a proprietary email system that automatically and permanently deletes emails after two weeks. In 2004, the District Court in New Jersey issued adverse inference instructions against Samsung because it never flipped the "'off switch' on its … automatic computer email policy [that] allowed emails to be deleted, or at least to become inaccessible, on a rolling basis." *MOSAID Techs. Inc. v. Samsung Elecs. Co.*, 348 F. Supp. 2d 332, 333, 339 (D. N.J. 2004) (discussing "mySingle" email system). Notwithstanding this prior sanctions order, Samsung continued *throughout this case* automatically to delete emails when under a duty to preserve them. In Judge Grewal's words, "Samsung kept the shredder on long after it should have known about this litigation, and simply trusted its custodial employees to save relevant" emails. (Dkt. No. 1321 at 23.) Many Samsung employees failed to preserve emails, and Judge Grewal concluded as a result "that Samsung 'consciously disregarded' its obligation to preserve relevant evidence." (*Id.* at 22.)

Judge Grewal did not reach this conclusion casually. He reviewed a voluminous record, including 25 declarations that Samsung submitted with its opposition. He issued a meticulous 24-page order replete with 118 footnotes. Judge Grewal determined that a "modest, optional adverse jury instruction is the least restrictive means to remedy the prejudice from [Samsung's] past practices and [to] deter such practices in the future." (*Id.* at 24-25.) The Court should not disturb this decision. Judge Grewal's order is thorough, well-reasoned, fact-intensive, and legally sound. Samsung cannot show that it is clearly erroneous or contrary to law.

Samsung's spoliation will, moreover, infect its presentation at trial. Samsung has informed Apple and this Court that Mr. Min-Hyouk Lee "will testify regarding ... design of the accused Samsung products." (Dkt. No. 1278 at 4.) He is the principal designer of the accused Galaxy S phones, and Samsung produced *no* emails from his files. (Dkt. No. 895 at 5.) Relevant emails once existed. Samsung produced more than 75 of them, dated after Mr. Lee was said to have received a document retention notice, because *other* custodians happened to preserve the

APPLE'S OPP. TO MOT. FOR DE NOVO DETERMINATION/MOT. FOR RELIEF FROM NON-DISPOSITIVE ORDER BY MAG.
CASE NO. 11-CV-01846-LHK (PSG)
pa-1543967

1

emails.[1]  (Dkt. No. 1047 at 12.)  Another example is Dr. Won Pyo Hong, who Samsung "may" call to the stand.  (Dkt. No. 1278 at 24.)  He has "unique, firsthand knowledge" regarding orders he gave within Samsung to make "side-by-side comparisons of Apple and Samsung products for design presentations."  (Dkt. No. 850 at 9-10.)  But Apple knows little about the response Dr. Hong received to this edict because Samsung produced *no* emails from his files.  (Dkt. No. 895 at 4.)  The jury should hear of this destruction of evidence and have an opportunity to consider it in rendering a verdict.

The Court should overrule Samsung's objection to Judge Grewal's order.  Samsung is not entitled to *de novo* review, but rather to review for clear error.  Judge Grewal correctly determined that (a) Samsung's duty to preserve relevant documents arose in August 2010, and (b) Samsung's failure to preserve relevant documents prejudices Apple.  Judge Grewal then crafted an appropriate instruction informing the jury of Samsung's spoliation, which it "may choose" to take into account in reaching a verdict.  (Dkt. No. 1321 at 24.)

## ARGUMENT

### I. JUDGE GREWAL'S DECISION STANDS UNLESS IT IS CLEARLY ERRONEOUS OR CONTRARY TO LAW

On a non-dispositive ruling by a Magistrate Judge, a litigant is entitled to relief only where the decision is "clearly erroneous" in its findings of fact, or "contrary to law."  Fed. R. Civ. Pro. 72(a).  Samsung contends that Judge Grewal's adverse inference decision receives *de novo* review under Federal Rule 72(b) because it is a dispositive ruling.  Samsung is wrong.

Judge Grewal's Order is not a dispositive ruling because it does not dispose of a party's "claim or defense."  Fed. R. Civ. Pro. 72(a)-(b).  "Motions for sanctions premised on alleged discovery violations … ordinarily should be classified as nondispositive."  *Phinney v. Wentworth Douglas Hosp.*, 199 F.3d 1, 6 (1st Cir. 1999) (citations omitted).  *See also Grimes v. City & County of San Francisco*, 951 F.2d 236, 240-41 (9th Cir. 1991) (Magistrate Judge's decision to

---

[1] Samsung four times served a transparency notice stating that Mr. Lee received a document retention notice in August 2010 and then, without explanation and immediately before opposing Apple's motion for an adverse inference instruction, changed its account. (*See* Dkt. No. 1047 at 4.)

APPLE'S OPP. TO MOT. FOR DE NOVO DETERMINATION/MOT. FOR RELIEF FROM NON-DISPOSITIVE ORDER BY MAG.
CASE NO. 11-CV-01846-LHK (PSG)
pa-1543967

2

order "a proscriptive sanction of $500 a day" for failure to respond to interrogatories was non-dispositive ruling). While it may be appropriate to "depart[ ] from this general rule … in those instances in which a magistrate judge aspires to impose a sanction that fully disposes of a claim or defense," *Phinney*, 199 F.3d at 6, Judge Grewal's Order is not one of those exceptions.

The Order on its face plainly does not dispose of a claim or defense. The jury instruction decides no issue of infringement, patent validity, trade dress dilution, or damages. Apple did not assert a cause of action for spoliation. Even as to willfulness the instruction is not dispositive. Apple asked for, but did not receive, an instruction stating that as a result of the spoliation "the jury *may* infer that [any] infringement was intentional, willful, and without regard to Apple's rights." Samsung itself has characterized Apple's motion as a "satellite issue." (Dkt. No. 987 at 2 n.1.)

Samsung argues that the Order was dispositive, citing *United States v. Rivera-Guerrero*, 377 F.3d 1064, 1065 (9th Cir. 2004). That case is readily distinguishable. In *Rivera-Guerrero*, the Magistrate Judge issued an order "authorizing the involuntary administration of medication to [defendant], for the purpose of making [him] competent to stand trial." *Id*. The relief went straight to a defense in the case, as defendant had argued he was not competent. Medication was administered for the very purpose of making him competent. *Id*. at 1069.

Our case falls squarely into the line of cases treating sanctions that were more severe than Judge Grewal's adverse inference instruction as non-dispositive. For instance, in *MOSAID Techs. Inc. v. Samsung Elecs. Co*., No. 01-CV-4340 (WJM), 2004 U.S. Dist. LEXIS 23595 (D. N.J. Oct. 1, 2004)—the case in which Samsung was previously found guilty of spoliation—the Magistrate Judge ordered that the determination of infringement on "representative parts w[ould] determine infringement of all parts," and precluded Samsung " from challenging plaintiff's expert's evidence as to the operation of the representative parts." Over Samsung's objection, the District Judge held that this ruling was non-dispositive:

> Courts have recognized that even if a magistrate judge's order has the potential to materially affect the outcome of an issue, the order should still be reviewed under the more deferential standard…. This is not a case where the magistrate judge ventured into the domain of the district court and disposed of a claim or defense.

*Id*. at 7; *see also Musick v. Dorel Juvenile Group, Inc.*, 2011 U.S. Dist. LEXIS 126247 (W.D. Va. Nov. 1, 2011) (Magistrate Judge's order precluding evidence as a discovery sanction reviewed for clear error); *Hakim v. Cannon Avent Group, PLC*, No. 02-1371, 2005 U.S. Dist. LEXIS 16829, *3 (W.D. La. May 3, 2005) (Magistrate Judge's order striking untimely expert declaration reviewed for clear error). Judge Grewal's Order may thus be disturbed only if its factual findings are "clearly erroneous" or its legal determinations "contrary to law." Fed. R. Civ. Pro. 72(a).

## II. JUDGE GREWAL CORRECTLY DETERMINED THAT SAMSUNG'S DUTY TO PRESERVE AROSE IN AUGUST 2010

"The obligation to preserve relevant evidence attaches when litigation is 'pending or reasonably foreseeable.'" *FTC v. Lights of Am. Inc.*, No. SACV 10-133 JVS (MLGx), 2012 WL 695008, *2 (C.D. Cal. Jan. 20, 2012). "When litigation is 'reasonably foreseeable' is a flexible fact-specific standard that allows a district court to exercise the discretion necessary to confront the myriad factual situations inherent in the spoliation inquiry." *Micron Tech, Inc.. v. Rambus*, 645 F.3d 1311, 1320 (Fed. Cir. 2011).

Judge Grewal found "that Samsung's duty [to preserve] arose on August 23, 2010, the date Samsung issued litigation hold notices to employees following Apple's infringement presentation to Samsung." (Dkt. No. 1321 at 17.) His decision was based in part on the explicit language in Samsung's own hold notice. On August 23, 2010, Samsung wrote:

> [T]here is a *reasonable likelihood of future patent litigation* between Samsung and Apple unless a business resolution can be reached.

(Dkt. No. 895. Ex. 9 (emphasis added).) Judge Grewal explained that he was "holding a party to what could not be a plainer admission" that it considered litigation reasonably foreseeable. (Dkt. No. 1321 at 16.) Samsung disagrees with Judge Grewal's factual finding, but it is not clearly erroneous.

Samsung argues that Judge Grewal ignored the "longstanding business relationship" between the parties. Samsung did not make this argument in front of Judge Grewal, and "[m]otions for reconsideration and objections to a Magistrate Judge's order are not the place for a party to make a new argument and raise facts not addressed in his original brief…." *Harbridge v. Yates*, No. 1:11-cv-00473 AWI JLT, 2012 U.S. Dist. LEXIS 23909, *3 (E.D. Cal. Feb. 24, 2012)

APPLE'S OPP. TO MOT. FOR DE NOVO DETERMINATION/MOT. FOR RELIEF FROM NON-DISPOSITIVE ORDER BY MAG.
CASE NO. 11-CV-01846-LHK (PSG)
pa-1543967

4

("Court will not and has not considered arguments or evidence that are now presented but were not presented to the Magistrate Judge"); *see also Campbell v. Cal. Dep't of Corr. & Rehab.*, No. CIV 07-1419 WBS GGH P, 2009 U.S. Dist. LEXIS 71284, **2-3 (E.D. Cal. Aug. 4, 2009).

Samsung also complains that Judge Grewal did not distinguish one case it cited: *United States v. Kitsap*, 314 F.3d 995 (9th Cir. 2002). Judge Grewal did not need to address each of the 54 cases Samsung cited in its opposition. Samsung buried *Kitsap* in a footnote with a seven-case string cite. (Dkt. No. 987 at 15 n.17.) Samsung also did not mention *Kitsap* at the hearing on Apple's motion, although its counsel addressed many cases. On the merits too, *Kitsap* has no bearing here; it stands for the unremarkable proposition that defendants "engage in spoliation of documents as a matter of law only if they had some notice that the documents were potentially relevant to the litigation before they were destroyed." *Kitsap*, 314 F.3d at 1001. In *Kitsap*, the defendant destroyed billing records two years (or more) before the plaintiff's lawsuit provided notice that defendant needed to retain them. *Id*. Here, Samsung destroyed relevant emails *after* it reasonably foresaw litigation. Indeed, *to this day*—even though its duty to preserve evidence remains intact—Samsung has not disabled its e-mail auto-delete program.

### III. JUDGE GREWAL CORRECTLY DETERMINED THAT SAMSUNG'S SPOLIATION RESULTED IN PREJUDICE TO APPLE

Judge Grewal found prejudice to Apple from Samsung's spoliation, pointing to "several key Samsung custodians … that both used mySingle and produced little or even no relevant documents." (Dkt. No. 1321 at 23.) He compared these individuals to the "Samsung custodians using Microsoft Outlook [who] produced literally thousands of documents," and he correctly concluded that the spoliating "mySingle custodians … are senior Samsung employees whose internal communications would have been especially probative to the claims at issue in this litigation." (*Id*.) Samsung's contention that "[t]he Magistrate Judge failed to provide *any analysis*" on this issue (Dkt. No. 1392 at 3 (emphasis added)) is wrong on its face.

Samsung also ignores the fact that "if spoliation is shown, the burden of proof logically shifts to the guilty party to show that no prejudice resulted from the spoliation." *Hynix Semiconductor, Inc. v. Rambus Inc.*, 591 F. Supp. 2d 1038, 1060 (N.D. Cal. 2006), *rev'd on other*

APPLE'S OPP. TO MOT. FOR DE NOVO DETERMINATION/MOT. FOR RELIEF FROM NON-DISPOSITIVE ORDER BY MAG.
CASE NO. 11-CV-01846-LHK (PSG)
pa-1543967

5

1  *grounds*, 645 F.3d 1336, 1344-1347 (Fed. Cir. 2011).  Samsung bore the burden of showing that
2  Apple was not prejudiced by the destruction of emails.  Apple did not need to prove a negative,
3  *i.e.*, that it was prejudiced by the absence of materials it has never seen.

4  Although Apple did not need to come forward with *any* evidence of prejudice, Apple did
5  present statistics confirming likely prejudice.  To be clear, Apple suffered prejudice not simply
6  due to the fact that certain documents authored by particular Samsung witnesses were deleted
7  from the authors' files but found in a recipient's files.  Apple pointed to documents like those to
8  show that certain custodians once possessed relevant documents that they did not preserve.  Apple
9  can present evidence of ***duplicative*** documents that were destroyed by pointing to copies
10 possessed by other custodians, but there is no way for Apple to prove which ***unique*** documents
11 were destroyed.  Documents possessed only by the spoliating custodians (or that multiple
12 custodians failed to preserve) were not produced because they were destroyed.

13 Judge Grewal was persuaded by this evidence.  He explained that "[w]hile the nature of
14 the auto-delete function is such that the court will never know how much relevant material was
15 lost, the court cannot ignore the statistical contrast" between the Samsung custodians who used
16 mySingle and the custodians who used Outlook.  (Dkt. No. 1321 at 21.)  And Judge Grewal is not
17 the first federal judge to employ this type of analysis.  *See IO Grp. Inc. v. GLBT Ltd.*, No. C-10-
18 1282 MMC (DMR), 2011 U.S. Dist. LEXIS 120819 (N.D. Cal. Oct. 19, 2011) (because
19 "destruction of Defendants' internal emails renders it impossible for Plaintiffs to explore
20 Defendants' motivation and state of mind in operating their websites ... the court concludes that
21 Plaintiffs have been prejudiced as a result of Defendants' evidence spoliation"); *Zubulake v. UBS*
22 *Warburg LLC* (*Zubulake V*), 229 F.R.D. 422, 437 (S.D.N.Y. 2003) ("No one can ever know
23 precisely what was on those tapes, but the content of e-mails recovered from other sources—
24 along with the fact that UBS employees willfully deleted e-mails—is sufficiently favorable to
25 Zubulake that I am convinced that the contents of the lost tapes would have been similarly, if not
26 more, favorable.").  There is no basis for concluding that Judge Grewal's finding was clearly
27 erroneous.
28

APPLE'S OPP. TO MOT. FOR DE NOVO DETERMINATION/MOT. FOR RELIEF FROM NON-DISPOSITIVE ORDER BY MAG.
CASE NO. 11-CV-01846-LHK (PSG)
pa-1543967

6

Samsung's cases are all inapposite. In *Gonzalez v. Las Vegas Metro. Police Dep't*, 2:09-cv-381, 2012 U.S. Dist. LEXIS 46601, *24 (D. Nev. Apr. 2, 2012), defendants produced the precise information that plaintiff claimed she did not receive. In *Med. Lab. Mgmt. Consultants v. ABC*, 306 F.3d 806, 824 (9th Cir. 2002), the court held that there was no prejudice from the accidental loss of laboratory slides where the plaintiff had access to digital images of the slides and to medical records concerning slides. And, in *Lights of America*, 2012 WL 695008, **5-6 n.8, the court refused to find spoliation because (i) it was unclear whether any emails had been lost, and (ii) they were in any event "available through other sources." Samsung did not come forward with any such evidence here. In light of the presumption of prejudice and Apple's affirmative evidence, Judge Grewal did not commit clear error.

### IV.   JUDGE GREWAL'S ADVERSE INFERENCE INSTRUCTION IS PROPER

Samsung's final complaint is that Judge Grewal imposed "a definitive finding of spoliation on the jury." This Court should not disturb Judge Grewal's carefully considered decision on how to phrase the adverse inference instruction. Samsung's conduct justified a mandatory presumption, and Judge Grewal imposed a moderate and balanced one.

Judge Grewal understood the need to tailor any instruction to the evidence of Samsung's wrong-doing:

> The degree of harshness should be dictated by the "nature of the spoliating party's conduct—the more egregious the conduct, the more harsh the sanction." In its most harsh form, when a spoliating party has acted willfully or in bad faith, the jury can be instructed that certain facts are deemed admitted and must be accepted as true. At the next level, when a spoliating party has acted willfully or recklessly, a court may impose a mandatory presumption. At the other end of the spectrum, the least harsh instruction permits (but does not require) a jury to presume that the lost evidence is both relevant and favorable to the innocent party.

(Dkt. No. 1321 at 21-22) (footnotes and quotation marks omitted; citing *Pension Comm. of the Univ. of Montreal Pension Plan v. Banc of Am. Sec., LLC*, 685 F. Supp. 2d 456, 470 (S.D.N.Y. 2010)).

Although he found that "Samsung acted with conscious disregard of its obligations, or willfully," Judge Grewal did not impose a mandatory presumption but a "modest, optional adverse jury instruction." (Dkt. No. 1321 at 23-24.) His instruction says that the jury "may

APPLE'S OPP. TO MOT. FOR DE NOVO DETERMINATION/MOT. FOR RELIEF FROM NON-DISPOSITIVE ORDER BY MAG.
CASE NO. 11-CV-01846-LHK (PSG)
pa-1543967

7

presume that Apple has met its burden of proving the following two elements by a preponderance of the evidence: *first*, that *relevant* evidence was destroyed after the duty to preserve arose … and *second*, the lost evidence was favorable to Apple." (*Id*.) The instruction then informs the jury that, with regard to liability, it can apply its conclusion on spoliation as it sees fit. The jury "may choose to find it determinative, somewhat determinative, or not at all determinative in reaching [its] verdict." (*Id*.) This further tempers the impact of Judge Grewal's instruction.

In addition to these optional and permissive aspects of Judge Grewal's adverse inference instruction, Judge Grewal's instruction affirmatively informs the jury that "Samsung has failed to prevent the destruction of relevant evidence for Apple's use in this litigation," and that "Samsung failed to preserve evidence after its duty to preserve arose." Samsung protests that "[t]here is no support for imposing such mandatory findings on the jury." (Mot. at 5.) That is incorrect. There is nothing wrong with "instruct[ing] a jury to accept certain facts as true." *Smith v. Kmart Corp.*, 177 F.3d 19, 29 n. 4 (1st Cir. 1999); *see also Pension Comm.*, 685 F. Supp. 2d at 470 ("jury can be instructed that certain facts are deemed admitted and must be accepted as true"); *LaJocies v. City of N. Las Vegas*, 2:08-cv-606, 2011 U.S. Dist. LEXIS 49046, **13-14 (D. Nev. Apr. 28, 2011) (ordering adverse inference instruction against party who destroyed evidence, including finding that "Defendants have … destroyed or lost the videotapes"). After all, if discovery misconduct is egregious enough, the court can go further and dismiss the spoliator's case outright. *See Leon v. IDX Sys. Corp.,* 464 F.3d 951, 958-61 (9th Cir. 2006) (affirming dismissal); *Gutman v. Klein*, 2008 U.S. Dist. LEXIS 97707, **1-2, 4 (E.D.N.Y. Dec. 1, 2008) (granting default judgment for defendants' intentional destruction of evidence).[2]

---

[2] The Ninth Circuit's unpublished and non-precedential decision in *Kwon v. Costco Wholesale Corp.*, No. 10-15847, 2012 U.S. App. LEXIS 3922 (9th Cir. Feb. 27, 2012), does not help Samsung. The trial in *Kwon* was to the bench, not a jury. There was thus no question about how to instruct the jury. Moreover, although the appellate opinion speaks of an adverse inference that was ordered below, *id*. at **1-3, the inference was with regard to liability, not the destruction of evidence. The District Judge had *already found* that spoliation occurred, *Kwon v. Costco Wholesale Corp.*, Civ. No. 08-360 JMS/BMK, 2010 U.S. Dist. LEXIS 13614, *7-10 (D. Haw. Feb. 17, 2010), and that finding was not challenged on appeal. Accordingly, although Samsung cites *Kwon*, 2012 U.S. App. LEXIS 3922, to support its argument that Judge Grewal had no authority to affirmatively instruct the jury that Samsung had destroyed documents, the non-

(Footnote continues on next page.)

APPLE'S OPP. TO MOT. FOR DE NOVO DETERMINATION/MOT. FOR RELIEF FROM NON-DISPOSITIVE ORDER BY MAG.
CASE NO. 11-CV-01846-LHK (PSG)
pa-1543967

8

Other courts have imposed a hybrid instruction like Judge Grewal's, combining some affirmative factual findings about the destruction of evidence with an optional adverse inference the jury may draw from those findings. In *Pension Comm.*, 685 F. Supp. 2d at 496-97, the Southern District of New York ordered a spoliation instruction just like Judge Grewal's. The court instructed the jury about its mandatory finding—"that each of these plaintiffs failed to preserve evidence after its duty to preserve arose"—but also informed the jury that, "as a result, [it] *may presume*, if [it] so ch[ose], that such lost evidence was relevant, and that it would have been favorable to the Citco Defendants." *Id*. (emphasis added). The form of Judge Grewal's adverse inference instruction tracks that structure, which is commonplace in circumstances like these. *See Large v. Mobile Tool Int'l, Inc.*, No. 1:07cv177, 2008 U.S. Dist. LEXIS 1297, \*\*36-38 (N.D. Ind. Jan. 7, 2008) ("The jury will be informed of the destruction of the evidence … [and] that they may draw a negative inference from such destruction with respect to Mobile …."); *Motown Record Co. v. DePietro*, Civil No. 04-cv-2246, 2007 U.S. Dist. LEXIS 43271, \*4 n. 3 (E.D. Pa. June 11, 2007) ("[T]he factfinder must be informed of the spoliation and be permitted to infer that the evidence would have yielded information adverse to DePietro's claims of innocence."); *United States v. Suarez*, No. 09-932 (JLL), 2010 U.S. Dist. LEXIS 112097, \*\*29-31 (D.N.J. Oct. 19, 2010) (informing jury that "Government was obligated to preserve all of these text messages, but they were … deleted … or not preserved," and that jury "may infer from the … failure to preserve … or the fact that they were deleted[ ], that the missing text messages were relevant to this case and … favorable" to defendants)..

Finally, ample evidence supports Judge Grewal's affirmative findings. The Order details the short-comings of Samsung's production with regard to specific custodians. (Dkt. No. 1321 at 19-21 (referring to "14 key fact witnesses," and describing defective productions from Won Pyo Hong, Minhyouk Lee, Joon-Il Choi, Don-Joo Lee, and Nara Cho).) Under *Johnson v. Wells Fargo Home Mortg., Inc.*, these factual findings should not be disturbed, for they are not clearly

---

(Footnote continued from previous page.)

precedential appellate decision does not speak to that issue. The Ninth Circuit was not reviewing the district court's finding that spoliation had occurred.

APPLE'S OPP. TO MOT. FOR DE NOVO DETERMINATION/MOT. FOR RELIEF FROM NON-DISPOSITIVE ORDER BY MAG.
CASE NO. 11-CV-01846-LHK (PSG)
pa-1543967

9

erroneous. 635 F.3d 401, 421 (9th Cir. 2011) (reviewing court should "not disturb the district court's choice of sanction unless [it] ha[s] a definite and firm conviction that the district court committed a clear error of judgment").

## CONCLUSION

For all of these reasons, the Court should overrule Samsung's objection and read to the jury the instruction that Judge Grewal crafted as a remedy for Samsung's willful disregard of its discovery obligations.

Dated: July 31, 2012                           MORRISON & FOERSTER LLP

                                               By:    */s/ Michael A. Jacobs*
                                                      Michael A. Jacobs

                                                      Attorneys for Plaintiff
                                                      APPLE INC.

APPLE'S OPP. TO MOT. FOR DE NOVO DETERMINATION/MOT. FOR RELIEF FROM NON-DISPOSITIVE ORDER BY MAG.
CASE NO. 11-CV-01846-LHK (PSG)
pa-1543967

10