1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5  Kevin P.B. Johnson (Bar No. 177129)
   kevinjohnson@quinnemanuel.com
6  Victoria F. Maroulis (Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
7  555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, California  94065-2139
8  Telephone: (650) 801-5000
   Facsimile: (650) 801-5100
9
   Michael T. Zeller (Bar No. 196417)
10 michaelzeller@quinnemanuel.com
   865 S. Figueroa St., 10th Floor
11 Los Angeles, California 90017
   Telephone: (213) 443-3000
12 Facsimile: (213) 443-3100

13 Attorneys for SAMSUNG ELECTRONICS CO.,
   LTD., SAMSUNG ELECTRONICS AMERICA,
14 INC. and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC

15

16                  UNITED STATES DISTRICT COURT

17        NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

18

19 | APPLE INC., a California corporation,            | CASE NO. 11-cv-01846-LHK (PSG)
   |                                                  |
20 |              Plaintiff,                          | **DECLARATION OF JOHN B. QUINN
   |                                                  | SUBMITTED AT THE REQUEST OF
21 |        vs.                                       | THE COURT REGARDING SAMSUNG'S
   |                                                  | DISCLOSURE OF PUBLIC
22 | SAMSUNG ELECTRONICS CO., LTD., a                 | INFORMATION IN RESPONSE TO
   | Korean business entity; SAMSUNG                  | PRESS INQUIRIES**
23 | ELECTRONICS AMERICA, INC., a New                 |
   | York corporation; SAMSUNG                        |
24 | TELECOMMUNICATIONS AMERICA,                      |
   | LLC, a Delaware limited liability company,       |
25 |                                                  |
   |              Defendants.                         |
26

27

28

1

## **DECLARATION OF JOHN B. QUINN**

2      I, John B. Quinn, do hereby declare as follows:

3      1.      I am an attorney licensed to practice before this Court, and am the managing

4  partner of Quinn, Emanuel, Urquhart & Sullivan, LLP, counsel for Samsung in this trial.  I have

5  personal knowledge of the facts set forth in this Declaration and if called as a witness, could and

6  would competently testify to them.

7      2.      On July 31, 2012, I approved and authorized the release of a brief statement—it

8  was not a general press release—and proposed trial demonstrative exhibits.  This followed

9  multiple requests from members of the media seeking further explanation—including requesting

10  the demonstrative exhibits at issue—as to the basis for Samsung's claims, made in open court and

11  in its public trial brief, that it had the right to present evidence that the iPhone was inspired by

12  "Sony style" and that Samsung had independently created the design for the F700 phone—that

13  was alleged in Apple's opening statement to be an iPhone copy—in 2006, well before the

14  announcement of the iPhone.

15      3.      A true and correct copy of a sample of the press inquiries seeking precisely the

16  information that was provided—including requesting the trial demonstrative exhibits at issue—is

17  attached as Exhibit A.

18      4.      Contrary to the representations Apple's counsel made to this Court, Samsung did

19  not issue a general press release and more importantly, did not violate any Court Order or any

20  legal or ethical standards.  These false representations by Apple's counsel publicly and unfairly

21  called my personal reputation into question and have resulted in media reports likewise falsely

22  impugning me personally.

23      5.      Far from violating any order, Samsung's transmission to the public of public

24  information disclosed in pretrial filings is entirely consistent with this Court's statements—made

25  in denying both parties' requests to seal documents—that "[t]he United States district court is a

26  public institution, and the workings of litigation must be open to public view.  *Pretrial*

27  *submissions are a part of trial*."  *See* Dkt. No. 1256 at 2 (Order Denying Sealing Motions, dated

28  July 17, 2012) (emphasis added).  Indeed, the Court has told the parties that "the whole trial is

DECLARATION OF JOHN B. QUINN REGARDING SAMSUNG'S RESPONSES TO PRESS INQUIRES

1    going to be open." *Id.* at 3.  The Court repeated these sentiments on July 20, 2012, noting "the

2    plethora of media and general public scrutiny" of these proceedings, and stating that "[t]he public

3    has a significant interest in these court filings." *See* Dkt. No. 1269 (Order Denying Motions to

4    Seal, dated July 20, 2012); *see also id.* at 2 ("The mere fact that the production of records may

5    lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without

6    more, compel the court to seal its records.  Unlike private materials unearthed during discovery,

7    judicial records are public documents almost by definition, and the public is entitled to access by

8    default.") (internal quotations omitted).

9           6.      All of the material in the excluded trial demonstrative exhibits at issue  was

10   previously in the public record.  The substance of these trial demonstrative exhibits was included

11   in Samsung's trial brief, in other public filings (including filings by Apple) and reports, and were

12   specifically addressed in open court with the media in attendance.  Per the Court's instruction,

13   Samsung filed its evidence of independent creation as Exhibits 5, 6 and 8 to the Declaration of

14   Joby Martin in Support of Samsung's Trial Brief; Apple's "Sony-style" CAD drawings and

15   models were attached as Exhibits 1 and 2 to the Martin Declaration.  *See* Dkt. No 1322.  Apple

16   itself publicly filed Shin Nishibori's testimony that the direction of the iPhone's design was

17   completely changed by the "Sony-style" designs that Jonathan Ive directed him to make. *See*  Dkt.

18   No. 1428-1.  All of these filings are attached hereto as Exhibits B - F.

19          7.      Other public filings that disclosed the information at issue include Docket Numbers

20   1438-2 (Tucher Declaration in Support of Apple's Motion to Enforce), 1429-13 (Walker

21   Declaration in support of Samsung's Opposition to Motion to Enforce), and 1451 (Cashman

22   Declaration in Support of Motion for Leave).

23          8.      Moreover, before jury selection, virtually all of the information and images in the

24   excluded slides had already appeared in dozens of media reports, including by the New York

25   Times, Los Angeles Times, Huffington Post, and CNET.

26          9.      As this Court has acknowledged, this is a case with genuine and substantial

27   commercial and public interest and with enormous potential commercial impact.  The media has

28   been reporting in salacious detail Apple's allegations of Samsung's supposed "copying", causing

1    injury to Samsung's public reputation as a company.  Moreover, Apple's baseless and public

2    assertions that Samsung's transmission to the media of public information constituted contempt of

3    court and that these actions were intended to pollute the jury were themselves glaring falsehoods,

4    highlighting why Samsung has every right to defend itself in the public domain from unfair and

5    malicious attacks.

6         10.    Samsung's brief statement and transmission of public materials in response to

7    media inquiries was lawful, ethical, and fully consistent with the relevant California Rules of

8    Professional Responsibility (incorporated by N.D. Cal. Civil Local Rule 11-4) and legal

9    authorities regarding attorneys' communications with the press.  California Rule of Professional

10   Responsibility 5-120(B)(2) specifically permits attorneys  involved in litigation to disclose

11   "information in a public record."  As shown above, all of the information disclosed was contained

12   in public records.

13        11.    Further, Rule 5-120(C) specifically provides that "a member may make a statement

14   that a reasonable member would believe is required to protect a client from the substantial undue

15   prejudicial effect of recent publicity not initiated by the member or the member's client."

16        12.    Samsung's brief statement and transmission of public materials in response to press

17   inquiries was not motivated by or designed to influence jurors.  The members of the jury had

18   already been selected at the time of the statement and the transmission of these public exhibits,

19   and had been specifically instructed not to read any form of media relating to this case.  The

20   information provided therefore was not intended to, nor could it, "have a substantial likelihood of

21   materially prejudicing an adjudicative proceeding."  *See* Cal. R. Prof. Res. 5-120(A); *see also*

22   *Berndt v. Cal. Dep't of Corrections*, 2004 WL 1774227, at *4 (N.D. Cal. Aug. 9, 2004) (attorney's

23   extra-judicial statements regarding a pending case did not create a "substantial likelihood of

24   material prejudice" in part because the information "is contained in the public record, and Ms.

25   Price may freely state any information in the public record").

26        13.    The United States Court of Appeals for the Ninth Circuit has held that attorneys'

27   speech to the press is protected by the First Amendment.  *See Standing Comm. on Discipline of*

28   *U.S. Dist. Court for Cent. Dist. of Cal. v. Yagman*, 55 F.3d 1430 (9th Cir. 1995).  In *Yagman*, the

DECLARATION OF JOHN B. QUINN REGARDING SAMSUNG'S RESPONSES TO PRESS INQUIRES

1    Ninth Circuit held that, as in defamation cases, "truth is an absolute defense" to statements by

2    attorneys concerning court proceedings, and further that "[a] statement of opinion based on fully

3    disclosed facts can be punished only if the stated facts are themselves false and demeaning." *Id.* at

4    1439.  Indeed, Apple's lawyers are no strangers to statements to the press regarding litigation in

5    the Ninth Circuit.  *See id.* at 1441 n.19 (Kozinski, J.) ("[Apple Computer's attorney] call[ed] the

6    Ninth Circuit ruling [in *Apple Computer, Inc. v. Microsoft Corp.*] 'intellectually dishonest' and

7    'extremely detrimental to the business of the United States.") (brackets in original) (internal

8    quotation omitted).

9          14.    Consistent with the concerns of the California Rules of Professional Responsibility,

10   here Samsung's transmission of public information "will not be viewed as coming from

11   confidential sources, and will not have a direct impact on a particular jury venire." *Yagman*, 55

12   F.3d at 1443.  Indeed, although this Court has imposed no such restrictions, even courts that have

13   chosen to restrict the parties' communications with the public have recognized that "[a]fter the

14   jury is selected in this case, any serious and imminent threat to the administration of justice is

15   limited" because "there is an 'almost invariable assumption of the law that jurors follow their

16   instructions,'" *United States v. Sutton*, 2007 WL 2572348, at *4 (D. Ariz. Sept. 4, 2007) (quoting

17   *Shannon v. United States*, 512 U.S. 573, 585 (1994)).

18

19         I declare under penalty of perjury that the forgoing is true and correct to the best of my

20   knowledge.  Executed this 1st day of August, 2012, in Pasadena, California.

21

22

23

24                                                         John B. Quinn

25

26

27

28