QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK (PSG)<br><br>**DECLARATION OF JOHN B. QUINN SUBMITTED AT THE REQUEST OF THE COURT REGARDING SAMSUNG'S DISCLOSURE OF PUBLIC INFORMATION IN RESPONSE TO PRESS INQUIRIES** |

## DECLARATION OF JOHN B. QUINN

I, John B. Quinn, do hereby declare as follows:

1. I am an attorney licensed to practice before this Court, and am the managing partner of Quinn, Emanuel, Urquhart & Sullivan, LLP, counsel for Samsung in this trial. I have personal knowledge of the facts set forth in this Declaration and if called as a witness, could and would competently testify to them.

2. On July 31, 2012, I approved and authorized the release of a brief statement—it was not a general press release—and proposed trial demonstrative exhibits. This followed multiple requests from members of the media seeking further explanation—including requesting the demonstrative exhibits at issue—as to the basis for Samsung's claims, made in open court and in its public trial brief, that it had the right to present evidence that the iPhone was inspired by "Sony style" and that Samsung had independently created the design for the F700 phone—that was alleged in Apple's opening statement to be an iPhone copy—in 2006, well before the announcement of the iPhone.

3. A true and correct copy of a sample of the press inquiries seeking precisely the information that was provided—including requesting the trial demonstrative exhibits at issue—is attached as Exhibit A.

4. Contrary to the representations Apple's counsel made to this Court, Samsung did not issue a general press release and more importantly, did not violate any Court Order or any legal or ethical standards. These false representations by Apple's counsel publicly and unfairly called my personal reputation into question and have resulted in media reports likewise falsely impugning me personally.

5. Far from violating any order, Samsung's transmission to the public of public information disclosed in pretrial filings is entirely consistent with this Court's statements—made in denying both parties' requests to seal documents—that "[t]he United States district court is a public institution, and the workings of litigation must be open to public view. *Pretrial submissions are a part of trial*." See Dkt. No. 1256 at 2 (Order Denying Sealing Motions, dated July 17, 2012) (emphasis added). Indeed, the Court has told the parties that "the whole trial is

1  going to be open." *Id.* at 3. The Court repeated these sentiments on July 20, 2012, noting "the plethora of media and general public scrutiny" of these proceedings, and stating that "[t]he public has a significant interest in these court filings." *See* Dkt. No. 1269 (Order Denying Motions to Seal, dated July 20, 2012); *see also id.* at 2 ("The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records. Unlike private materials unearthed during discovery, judicial records are public documents almost by definition, and the public is entitled to access by default.") (internal quotations omitted).

6. All of the material in the excluded trial demonstrative exhibits at issue was previously in the public record. The substance of these trial demonstrative exhibits was included in Samsung's trial brief, in other public filings (including filings by Apple) and reports, and were specifically addressed in open court with the media in attendance. Per the Court's instruction, Samsung filed its evidence of independent creation as Exhibits 5, 6 and 8 to the Declaration of Joby Martin in Support of Samsung's Trial Brief; Apple's "Sony-style" CAD drawings and models were attached as Exhibits 1 and 2 to the Martin Declaration. *See* Dkt. No 1322. Apple itself publicly filed Shin Nishibori's testimony that the direction of the iPhone's design was completely changed by the "Sony-style" designs that Jonathan Ive directed him to make. *See* Dkt. No. 1428-1. All of these filings are attached hereto as Exhibits B - F.

7. Other public filings that disclosed the information at issue include Docket Numbers 1438-2 (Tucher Declaration in Support of Apple's Motion to Enforce), 1429-13 (Walker Declaration in support of Samsung's Opposition to Motion to Enforce), and 1451 (Cashman Declaration in Support of Motion for Leave).

8. Moreover, before jury selection, virtually all of the information and images in the excluded slides had already appeared in dozens of media reports, including by the New York Times, Los Angeles Times, Huffington Post, and CNET.

9. As this Court has acknowledged, this is a case with genuine and substantial commercial and public interest and with enormous potential commercial impact. The media has been reporting in salacious detail Apple's allegations of Samsung's supposed "copying", causing

injury to Samsung's public reputation as a company. Moreover, Apple's baseless and public assertions that Samsung's transmission to the media of public information constituted contempt of court and that these actions were intended to pollute the jury were themselves glaring falsehoods, highlighting why Samsung has every right to defend itself in the public domain from unfair and malicious attacks.

10. Samsung's brief statement and transmission of public materials in response to media inquiries was lawful, ethical, and fully consistent with the relevant California Rules of Professional Responsibility (incorporated by N.D. Cal. Civil Local Rule 11-4) and legal authorities regarding attorneys' communications with the press. California Rule of Professional Responsibility 5-120(B)(2) specifically permits attorneys involved in litigation to disclose "information in a public record." As shown above, all of the information disclosed was contained in public records.

11. Further, Rule 5-120(C) specifically provides that "a member may make a statement that a reasonable member would believe is required to protect a client from the substantial undue prejudicial effect of recent publicity not initiated by the member or the member's client."

12. Samsung's brief statement and transmission of public materials in response to press inquiries was not motivated by or designed to influence jurors. The members of the jury had already been selected at the time of the statement and the transmission of these public exhibits, and had been specifically instructed not to read any form of media relating to this case. The information provided therefore was not intended to, nor could it, "have a substantial likelihood of materially prejudicing an adjudicative proceeding." *See* Cal. R. Prof. Res. 5-120(A); *see also Berndt v. Cal. Dep't of Corrections*, 2004 WL 1774227, at *4 (N.D. Cal. Aug. 9, 2004) (attorney's extra-judicial statements regarding a pending case did not create a "substantial likelihood of material prejudice" in part because the information "is contained in the public record, and Ms. Price may freely state any information in the public record").

13. The United States Court of Appeals for the Ninth Circuit has held that attorneys' speech to the press is protected by the First Amendment. *See Standing Comm. on Discipline of U.S. Dist. Court for Cent. Dist. of Cal. v. Yagman*, 55 F.3d 1430 (9th Cir. 1995). In *Yagman*, the

1  Ninth Circuit held that, as in defamation cases, "truth is an absolute defense" to statements by
2  attorneys concerning court proceedings, and further that "[a] statement of opinion based on fully
3  disclosed facts can be punished only if the stated facts are themselves false and demeaning." *Id.* at
4  1439.  Indeed, Apple's lawyers are no strangers to statements to the press regarding litigation in
5  the Ninth Circuit.  *See id.* at 1441 n.19 (Kozinski, J.) ("[Apple Computer's attorney] call[ed] the
6  Ninth Circuit ruling [in *Apple Computer, Inc. v. Microsoft Corp.*] 'intellectually dishonest' and
7  'extremely detrimental to the business of the United States.'") (brackets in original) (internal
8  quotation omitted).

9      14.    Consistent with the concerns of the California Rules of Professional Responsibility,
10 here Samsung's transmission of public information "will not be viewed as coming from
11 confidential sources, and will not have a direct impact on a particular jury venire." *Yagman*, 55
12 F.3d at 1443.  Indeed, although this Court has imposed no such restrictions, even courts that have
13 chosen to restrict the parties' communications with the public have recognized that "[a]fter the
14 jury is selected in this case, any serious and imminent threat to the administration of justice is
15 limited" because "there is an 'almost invariable assumption of the law that jurors follow their
16 instructions,'" *United States v. Sutton*, 2007 WL 2572348, at *4 (D. Ariz. Sept. 4, 2007) (quoting
17 *Shannon v. United States*, 512 U.S. 573, 585 (1994)).

19     I declare under penalty of perjury that the forgoing is true and correct to the best of my
20 knowledge.  Executed this 1st day of August, 2012, in Pasadena, California.

    */s/ John B. Quinn*
    John B. Quinn

**General Order 45 Attestation**

I, Victoria F. Maroulis, am the ECF user whose ID and password are being used to file this Declaration.  In compliance with General Order 45(X)(B), I hereby attest that Joby Martin has concurred in this filing.

/s/ Victoria Maroulis