HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
JENNIFER LEE TAYLOR (CA SBN 161368)
jtaylor@mofo.com
ALISON M. TUCHER (CA SBN 171363)
atucher@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
JASON R. BARTLETT (CA SBN 214530)
jasonbartlett@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK<br><br>**APPLE'S RESPONSE TO SAMSUNG'S "CORRECTED" OBJECTIONS TO CROSS EXAMINATION MATERIALS FOR JUSTIN DENISON**<br><br>**Trial:** July 30, 2012<br>**Time:** 9:00 a.m.<br>**Place:** Courtroom 1, 5th Floor<br>**JUDGE:** HON. LUCY H. KOH |

Samsung's "corrected" objection to Justin Denison's cross examination exhibits PX54 and PX58 (Dkt. No. 1521 at 2) is a belated attempt to object on entirely new grounds to exhibits this Court had just ruled were admissible (Dkt. No. 1520 at 5). On the merits, Samsung is also wrong that these two exhibits and PX60 are "untimely" because not specifically identified in response to a contention interrogatory. (Dkt. No. 1521 at 1.) Apple disclosed in response to interrogatory No. 7 that it intended to rely on documents of exactly the kind Samsung now challenges.

Apple's efforts to cause Samsung to disgorge its copying documents have been met with resistance at every turn and resulted in the first (of several) sanctions orders against Samsung for discovery violations. (Dkt. No. 880.) Apple eventually pried loose the documents it has proffered as PX54, PX58, and PX60, but *not until April* did Samsung produce the third of these documents. Samsung can hardly object that the documents were not individually identified in Apple's interrogatory responses, which were timely updated at the close of discovery. (*See* Bartlett Decl. Ex. A.) The interrogatory did not even ask Apple to identify documents. (*Id*. at 6.)

Apple's timely response to interrogatory No. 7 seeking evidence of willfulness discloses that Apple will rely on Samsung's internal documents showing that Samsung analyzed and compared its products to Apple's. (*See id.* at 9-10). Specifically, Apple disclosed that it would rely on "documents that Samsung has produced, and continues to produce, evidencing comparisons, analyses, studies, teardowns, and investigations of Apple products." (*Id.*) This disclosure describes all three of the challenged documents.

Apple also disclosed its intention to rely on the specific documents in question when it served expert reports. Apple's expert Terry Musika cites all three documents by name and Bates number in his reports. (*See* Exhibit B to the Declaration of Terry Musika in Support of Apple's Opposition to Samsung's Daubert Motion (Dkt. No. 991.) at Ex. 3-S and Ex. 53-S.)

Samsung's objections are a misguided attempt to capitalize on this Court's vigorous enforcement of Judge Grewal's orders, but Samsung did not include this challenge to Apple's evidence in its motion to strike before Judge Grewal. Had Samsung truly thought Apple's evidence objectionable, it could have made that argument in its motion to strike. It did not. Samsung's belated objections (*e.g*., to PX54, PX58 and PX60) should accordingly be overruled.

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: August 1, 2012 | MORRISON & FOERSTER LLP |
| 3 | | |
| 4 | | By: /s/ *Michael A. Jacobs* |
| 5 | | Michael A. Jacobs |
| 6 | | Attorneys for Plaintiff<br>APPLE INC. |

APPLE'S RESPONSES TO SAMSUNG'S "CORRECTED" OBJECTIONS
CASE NO. 11-CV-01846-LHK (PSG)
sf-3176467

2