1   HAROLD J. MCELHINNY (CA SBN 66781)        QUINN EMANUEL URQUHART &
    hmcelhinny@mofo.com                        SULLIVAN, LLP
2   MICHAEL A. JACOBS (CA SBN 111664)          Charles K. Verhoeven (Cal. Bar No. 170151)
    mjacobs@mofo.com                           50 California Street, 22nd Floor
3   RACHEL KREVANS (CA SBN 116421)             San Francisco, California 94111
    rkrevans@mofo.com                          Telephone: (415) 875-6600
4   JENNIFER LEE TAYLOR (CA SBN 161368)        Facsimile: (415) 875-6700
    jtaylor@mofo.com                           Kevin P.B. Johnson (Cal. Bar No. 177129)
5   ALISON M. TUCHER (CA SBN 171363)           Victoria F. Maroulis (Cal. Bar No. 202603)
    atucher@mofo.com                           555 Twin Dolphin Drive 5th Floor
6   RICHARD S.J. HUNG (CA SBN 197425)          Redwood Shores, California 94065
    rhung@mofo.com                             Telephone: (650) 801-5000
7   JASON R. BARTLETT (CA SBN 214530)          Facsimile: (650) 801-5100
    jasonbartlett@mofo.com                     Michael T. Zeller (Cal. Bar No. 196417)
8   MORRISON & FOERSTER LLP                     865 S. Figueroa St., 10th Floor
    425 Market Street                          Los Angeles, California 90017
9   San Francisco, California  94105-2482      Telephone: (213) 443-3000
    Telephone:  (415) 268-7000                 Facsimile: (213) 443-3100
10  Facsimile:  (415) 268-7522

                                               Attorneys for SAMSUNG ELECTRONICS CO.,
11  Attorneys for Plaintiff and                LTD., SAMSUNG ELECTRONICS AMERICA,
    Counterclaim-Defendant APPLE INC           INC. and SAMSUNG
12                                             TELECOMMUNICATIONS AMERICA, LLC

13                      UNITED STATES DISTRICT COURT

14                     NORTHERN DISTRICT OF CALIFORNIA

15                           SAN JOSE DIVISION

16

17  APPLE INC., a California corporation,          Case No.     11-cv-01846-LHK (PSG)

18                      Plaintiff,              **JOINT PRELIMINARY
                                                STATEMENT PROPOSING
19          v.                                  POST-VERDICT PROCEEDINGS**

20  SAMSUNG ELECTRONICS CO., LTD., A
    Korean business entity; SAMSUNG
21  ELECTRONICS AMERICA, INC., a New York
    corporation; SAMSUNG
22  TELECOMMUNICATIONS AMERICA, LLC, a
    Delaware limited liability company.,
23
                        Defendants.
24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Additional attorneys for Plaintiff and*
*Counterclaim-Defendant APPLE INC.*

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

1    Pursuant to the Court's July 19, 2012 Minute Order and Case Management Statement

2   (Dkt. No. 1267), the parties submit the following preliminary statement proposing post-verdict

3   proceedings.

4    **Apple's position:**  Apple proposes that, upon a jury verdict of liability, the Court entertain

5   expedited briefing on a preliminary injunction according to the following schedule:

6   • **Apple's opening brief:**  7 days after the verdict

7   • **Samsung's opposition brief:**  14 days after the verdict

8   • **Apple's reply brief:**  17 days after the verdict

9   • **Decision on preliminary injunction:**  On the papers or after an expedited hearing.

10    This schedule is consistent with Judge Bryson's observation in the first appeal in these

11   proceedings that a preliminary injunction can be entered "immediately at the end of trial."  (Oral

12   recording at http://oralarguments.cafc.uscourts.gov/default.aspx?fl=2012-1105.mp3 at 12:23-47.)

13   The Court then can conduct a subsequent permanent injunction hearing according to a less

14   abbreviated schedule of its choosing.

15    Apple agrees with Samsung that other post-trial motions can follow the ordinary schedule

16   (*e.g.,* with opening briefs due 28 days after entry of judgment or the jury is discharged under Fed.

17   R. Civ. P. 50).

18    **Samsung's position:**  Samsung proposes that the Court rule on the parties' respective

19   requests for a permanent injunction only after it has the opportunity to decide post-trial briefing

20   pursuant to Rule 50.  Thus, Samsung proposes the following schedule:

21   Briefing on Judgment as a Matter of Law

22   • **Opening briefs:**  28 days from entry of judgment

23   • **Opposition briefs:**  14 days after opening briefs;

24   • **Reply briefs:**  7 days after opposition briefs;

25   Briefing on Permanent Injunction

26   • **Opening briefs:**  21 days from order on motions for judgment as a matter of law

27   • **Opposition briefs:**  21 days after opening briefs

28

1   • **Reply briefs:** 14 days after opposition

2   While Samsung believes that the Court should resolve its request for a permanent injunction as

3   soon as possible, grant of a permanent injunction prior to rulings on briefs for judgment as a

4   matter of law would be premature and inefficient.  The fact that Judge Bryson posed to Apple's

5   counsel a question in which he noted the possibility that a court could grant an injunction

6   immediately after trial is not an endorsement of that procedure.  To the contrary, the Court's

7   resources would be wasted deciding a request for preliminary injunction if the verdict on the

8   claim that forms the basis for the injunction is later overturned pursuant to Rule 50.  To avoid this

9   inefficiency, the Court should first resolve motions for judgment as a matter of law before

10  determining whether to grant a preliminary injunction.

11

12  Dated:  August 1, 2012

13  MORRISON & FOERSTER LLP                QUINN EMANUEL URQUHART &
                                            SULLIVAN, LLP
14

15  By: */s/ Michael A. Jacobs*____        By: */s/ Victoria F. Maroulis*____
16     HAROLD J. MCELHINNY                     CHARLES K. VERHOEVEN
       MICHAEL A. JACOBS                       KEVIN P.B. JOHNSON
17     JENNIFER LEE TAYLOR                     VICTORIA F. MAROULIS
       ALISON M. TUCHER                        EDWARD DEFRANCO
18     RICHARD S.J. HUNG                       MICHAEL T. ZELLER
       JASON R. BARTLETT
19                                          Attorneys for SAMSUNG ELECTRONICS
       WILLIAM F. LEE                       CO. LTD, SAMSUNG ELECTRONICS
20     MARK D. SELWYN                       AMERICA, INC., AND SAMSUNG
                                            TELECOMMUNICATIONS AMERICA,
21     Attorneys for APPLE INC.             LLC.

22

23

24

25

26

27

28

**ATTESTATION**

I, Michael A. Jacobs, am the ECF User whose ID and password are being used to file this Declaration.  In compliance with General Order 45, X.B., I hereby attest that Victoria F. Maroulis has concurred in this filing.

Dated:  August 1, 2012                                    */s/ Michael A. Jacobs*
                                                               Michael A. Jacobs