# Exhibit B

Login to OnePass | Settings | Help



# THOMSON REUTERS NEWS & INSIGHT
Featuring content from WESTLAW

**LEGAL**  HOME | **NEWS** | INSIGHT | LEGAL MATERIALS

  
SHARE  PRINT  RSS

### Alison Frankel's ON THE CASE

## In Apple-Samsung trial, it's John Quinn v. Judge Koh
8/1/2012                                                                                              💬 COMMENTS (0)

What was **John Quinn** thinking when he authorized a press statement on behalf of his client Samsung in a patent trial against Apple, discussing exhibits the judge had specifically barred that very morning?

Quinn, of course, is the managing partner of the powerhouse litigation shop **Quinn Emanuel Urquhart & Sullivan**. Besides Apple v. Samsung, the firm has a hand in lots of high-profile fights: It represents Google and it is a major plaintiff-side player in billion-dollar litigation over failed mortgage-backed securities.

The patent trial -- which will decide whether Samsung violated iPhone and iPad IP -- kicked off this week with jury selection, opening statements and the first witnesses. But the pretrial run-up was not kind to Samsung or the lawyers at Quinn Emanuel. U.S. District Judge **Lucy Koh** in San Jose, California, issued two pretrial injunctions against Samsung in June: one against the Galaxy Nexus phone and the other against the Galaxy Tab 10.1. This is a decidedly different environment from the one Google's Motorola Mobility unit faced with Judge **Richard Posner** in Chicago, who tossed Apple's case because he thought it could not prove damages (he also tossed Motorola's much slimmer case against Apple).

Koh handed down evidentiary rulings on in limine motions for and against both sides. But Samsung just couldn't get past one of the decisions that went against it: what slides it could present to the jury during Quinn Emanuel partner **Charles Verhoeven**'s opening statement. The South Korean company wanted to display images of Samsung designs that were in development before the iPhone, which look similar to the Apple product and could undermine the validity of Apple's patents. Samsung also wanted to discuss evidence of Apple's reliance on Sony phone designs, to show that even Apple is inspired by others.

But U.S. Magistrate Judge **Paul Grewal** had ruled those contentions had not been disclosed in time, so Koh said Samsung couldn't use them during opening arguments. The Quinn team asked her to reconsider. Denied.

That's when Quinn stepped onto the stage on Tuesday, the day after a jury was sworn and just minutes before openings were set to start. Dressed in a stylish blue suit with mussed hair, Quinn stood before Koh and said he had "been practicing for 36 years" and had never begged the court, but that now he was begging that she reconsider on the slides. Again, Koh said no.

"What's the point of having a trial?" Quinn said, his voice rising. "What's the point?"

Koh tried to shut him down. "Mr. Quinn, please, please, we have done three reconsiderations on this. You've made your record."

"Can I get some explanation..."

"Mr. Quinn, don't make me sanction you, please!" the judge barked. "I want you to sit down, please."

Quinn did, but the drama was just getting started. At 2:48 p.m., after openings were done and a suave Apple industrial designer was testifying, a Samsung press statement hit our inbox (along with those of other reporters) with a link to the excluded slides. (The linked material has since been removed, but All Things D snagged it.) "The excluded evidence would have established beyond doubt that Samsung did not copy the iPhone design," the statement said. "Fundamental fairness requires that the jury decide the case based on all the evidence."

Less then two hours later, after Koh sent the jury home for the day, Apple lawyer **Harold McElhinny** of **Morrison & Foerster** stood up. McElhinny said he had been unsure what Quinn was up to that morning, but the press statement made it clear.

"This is an intentional attempt to pollute this jury," McElhinny said, adding that it should be considered "contempt of court."

Koh jumped all over it.

"Call Mr. Quinn," she told the Samsung legal team. "I'd like to see him today." When they told her he had already



**RELATED COURT DOCUMENTS & INSIGHT**

Koh order
Quinn declaration
Apple response
Quinn exhibit A

### Alison Frankel's ON THE CASE

Are MBS class actions a bust? And is that good for banks? *read more »*

In Apple-Samsung trial, it's John Quinn v. Judge Koh *read more »*

The Stoker verdict and Citi's settlement with the SEC *read more »*

gone back to Los Angeles for an event, Koh ordered Quinn to file a declaration by Wednesday. "I want to know who drafted the press release, who authorized it from your legal team," Koh said, "and I want Mr. Quinn's declaration as to what his role was."

Quinn's declaration hit the docket Wednesday morning.

"Contrary to the representations Apple's counsel made to this Court, Samsung did not issue a general press release and more importantly, did not violate any Court Order or any legal or ethical standards," he wrote. "These false representations by Apple's counsel publicly and unfairly called my personal reputation into question and have resulted in media reports likewise falsely impugning me personally."

Instead, Quinn said Samsung was merely responding to press inquiries about the issue (though this reporter didn't ask about it) and attached a redacted email he said was from a journalist. All of the material in the excluded exhibits was previously in the public record, Quinn argued, and lawyers have a First Amendment right to speak to the press. The case has "enormous potential commercial impact," and Koh had already ruled that pretrial submissions are a part of trial, he wrote.

"Samsung's brief statement and transmission of public materials in response to press inquiries was not motivated by or designed to influence jurors," Quinn wrote. "The members of the jury had already been selected at the time of the statement and the transmission of these public exhibits, and had been specifically instructed not to read any form of media relating to this case."

In a filing on Wednesday, Apple said Quinn had not answered all of the judge's questions and that it would file an emergency motion seeking sanctions. Since the trial is dark until Friday, we may have to wait until then to hear what Koh makes of his explanation.

(Reporting by Dan Levine)

Follow us on Twitter @AlisonFrankel, @ReutersLegal, @fedcourtjunkie | Like us on Facebook

Register or log in to comment.

© 2012 THOMSON REUTERS

CONTACT US   PRIVACY POLICY   TERMS OF USE   COPYRIGHT   SITE MAP