Exhibit B

| | |
|---|---|
| From: | Rawson, Taryn S. |
| To: | "Robert Becher"; Victoria Maroulis; Hung, Richard S. J.; Kitano, Jamie H. |
| Cc: | AvS_NDCal_Trial_Team; "WHAppleSamsungNDCalService@wilmerhale.com"; Samsung v. Apple |
| Subject: | RE: Apple"s Objections to Schiller Cross Examination Exhibits |
| Date: | Thursday, August 02, 2012 12:32:09 AM |

Rob,

When we print out this list, it's 6 pages long.  Please confirm Samsung genuinely intends to fully brief all these objections.

Taryn

**From:** Robert Becher [mailto:robertbecher@quinnemanuel.com]
**Sent:** Thursday, August 02, 2012 12:26 AM
**To:** Rawson, Taryn S.; Victoria Maroulis; Hung, Richard S. J.; Kitano, Jamie H.
**Cc:** AvS_NDCal_Trial_Team; 'WHAppleSamsungNDCalService@wilmerhale.com'; Samsung v. Apple
**Subject:** RE: Apple's Objections to Schiller Cross Examination Exhibits

Taryn---

We disagree that MacOs was not disclosed given that Apple provided Samsung with a stipulation on it in December 2011.  We realized, however, that we do not need to use it with Mr. Schiller and will withdraw the exhibit from his disclosure.

As to your question about SDX3589, it was a mistake and will not be used.

Our filing tomorrow at 8 a.m. will address your supplemental objections to the Schiller cross exhibits as well as the below objections.

With respect to your Denison objections, what is misleading about the dates and phones titles?  What is argumentative about our exhibits?  Are you really contending a 30 second ad is a waste of time?

Below are our objections.  Samsung continues to assert all the objections referenced in Dkt # 1507 and 1521 including foundation objections, except that it is no longer asserting the untimely disclosure objection to PX 60 which was withdrawn in Dkt # 1526.  This list is for new objections only.

| Trial Ex. No. | OBJECTIONS TO SCHILLER MATERIALS |
|---|---|
| PX142 | Hearsay, irrelevant, cumulative, unduly prejudicial, lacks personal knowledge, lacks foundation |
| PDX16 | Hearsay, irrelevant, cumulative, unduly prejudicial, lacks personal knowledge, lacks foundation, misleading |

| *Trial Ex. No.* | *OBJECTIONS TO FORSTALL MATERIALS* |
|---|---|
| | • Outside the scope |

| | |
|---|---|
| JX1042 | • Foundation<br>• Improper sponsoring witness |
| JX1044 | • Outside the scope<br>• Foundation |
| JX1045 | • Outside the scope<br>• Foundation |
| PX12 | • Outside the scope<br>• Violates Court's 200 exhibit order<br>• Violation of MIL1; No nexus to asserted IP<br>• Foundation<br>• FRE401<br>• FRE403: confusing and waste of time<br>• FRE1006: Improper compilation<br>• Improper sponsoring witness<br>• Hearsay<br>• Not cited in response to interrogatories |
| PX19 | • Outside the scope<br>• Foundation<br>• FRE1006: Improper compilation<br>• Improper sponsoring witness<br>• Not produced during discovery<br>• Not cited in response to interrogatories |
| PDX17 | • Outside the scope<br>• Foundation |
| PDX18 | • Outside the scope<br>• Foundation |
| PDX20 | • Outside the scope<br>• Foundation<br>• Expert testimony<br>• Legal conclusion |
| PDX21 | • Outside the scope<br>• Foundation<br>• Expert testimony<br>• Legal conclusion |
| PDX22 | • Foundation<br>• Expert testimony<br>• Legal conclusion |
| PDX23 | • Outside the scope<br>• Foundation |
| PDX24 | • Outside the scope<br>• Foundation |

| Trial Ex. No. | OBJECTIONS TO KARE |
|---|---|

| | |
|---|---|
| PX7 | • Outside the scope |
| PX35 | • Not timely disclosed |
| PX41 | • Not timely disclosed<br>• Outside the scope |
| PX44 | • Disputed translation |
| PX55 | • Not timely disclosed |
| PX58 | • Improper sponsoring witness<br>• Outside the scope<br>• Not timely disclosed<br>• Hearsay<br>• Foundation<br>• Competence |
| PX160 | • Misleading: user interface does not even exist |
| PX178 | • Outside the scope<br>• Not timely disclosed |
| PX179 | • Outside the scope<br>• Not timely disclosed<br>• Disputed translation |
| PDX14.4, 14.8-14.10 | • Misleading: icon comparison alone |
| PDX14.24-14.27, 14.29-14.33 | • Misleading: only show partial view of asserted trade dress |
| PDX14.34-14.36 | • Outside the scope |
| PDX14.37 | • Outside the scope<br>• Not timely disclosed<br>• Misleading: only shows partial view of asserted trade dress |

| Trial Ex. No. | *OBJECTIONS TO DENISON MATERIALS* |
|---|---|
| PX 34 | 1. Lacks personal knowledge. FRE 602.<br><br>2. Beyond the scope of 30(b)(6) designation<br><br>3. Improper impeachment. FRE 613(b).<br><br>4. Incomplete partial translation (should be resolved by replacement of partial translation with full translation agreed to in meet and confer).<br><br>5. Incorrect translation of certain words and phrases.<br><br>6. Relevance. FRE 402. |

| | |
|---|---|
| | 7. Improper Purpose.<br><br>8. FRE 403 undue distraction and consumption of time.<br><br>9. Hearsay not within any exception. |
| PX 38 | 1. Lacks personal knowledge.  FRE 602.<br><br>2. Beyond the scope of 30(b)(6) designation<br><br>3. Improper impeachment.  FRE 613(b).<br><br>4. Not identified in response to contention interrogatory on evidence of willfulness<br><br>5. Improper Purpose.<br><br>6. Relevance.  FRE 402.<br><br>7. FRE 403 undue distraction and consumption of time.<br><br>8. Hearsay not within any exception. |
| PX 44 | 1.  Incorrect translations of certain words and phrases. |
| PX 62 | 1. Not identified in response to contention interrogatory on evidence of willfulness |
| Errata to September 21, 2011 30(b)(6) Deposition of Justin Denison | 1. Exhibit not appearing on Apple's Exhibit List.  It is too late to add to that list now. |
| Deposition Testimony of Wookyun Kho | Apple has not demonstrated that he is unavailable pursuant to Federal Rule of Civil Procedure 32(a)(4) or that his testimony is properly admissible.  Samsung plans to make Mr. Kho available as a live witness. |
| Deposition Testimony of Jaegwan Shin and Qi Ling | The Court has already ruled that these depositions may not be played. |

| Trial Ex. No. | *Objections to Bressler Materials* |
|---|---|
| PX-3-REVISED | Document never produced; inadmissible demonstrative; intentionally altered from what was previously shown to jury; misleading sampling; witness not competent; includes devices not made available for inspection; includes products not sold in US and untimely accused; if admitted should require a |

| | |
|---|---|
| | disclaimer it is a "non-representative, non-comprehensive, and disputed graphic created by Apple" and a limiting instruction to the same effect. |
| PX-4 | Document never produced; inadmissible demonstrative; not competent witness; includes devices not made available for inspection; argumentative; if admitted should require a disclaimer saying it is a "non-representative, non-comprehensive, and disputed graphic created by Apple" and a limiting instruction to the same effect. |
| PX-5 | References numerous documents never produced, produced late, and/or not relied upon by witness; Foundation; Improper sponsoring witness; unrelated to limited IP rights at issue; |
| PX-6 | References numerous documents never produced, produced late, and/or not relied upon by witness; Foundation; Improper sponsoring witness; unrelated to limited IP rights at issue; |
| PX-7 | Improper demonstrative -- Comparison should be to actual phones; Galaxy S2 phones not properly accused; Ace, i9000, and i9100 not sold in U.S.; Mesmerize-labeled slide shows wrong phone; orientation of Tab 10.1 wrong; Incomplete; fails to show all views and features visible over the life of the products. |
| PX-8 | Improper demonstrative – comparison should be to actual devices |
| PX-10 | Argumentative title – these are only disputed alternatives. Includes images of the Fidler Replica (see objections below to JX1078) |
| PX-32 | Untimely; Outside scope/ never considered; incompetent |
| PX-59 | Disputed Translation between the parties; hearsay being submitted for truth of matter asserted - Fed. R. Evid. 803(6); Improper Sponsoring Witness; Foundation; Incompetent; 401; 402; 403 |
| PX-133 | Untimely produced; lack of foundation; hearsay; unrelated to limited IP rights at issue; 402; 403 |
| PX-135 | lack of foundation; hearsay; unrelated to limited IP rights at issue; 402; 403 |
| PX-141 | Untimely produced; lack of foundation; hearsay; unrelated to limited IP rights at issue; 402; 403 |
| PX-142 | Untimely produced; lack of foundation; hearsay; unrelated to limited IP rights at issue; 402; 403 |

| | |
|---|---|
| PX-152 | Untimely; never considered by witness; incompetent |
| PX-157 | Already excluded by Order at Dkt No. 1522 as inadmissible hearsay. |
| PX-173 | Article considered by witness; lack of foundation; hearsay; unrelated to limited IP rights at issue; 402; 403 |
| PX-174 | Untimely produced; lack of foundation; hearsay; unrelated to limited IP rights at issue; 402; 403 |
| PX-175 | Untimely produced; lack of foundation; hearsay; unrelated to limited IP rights at issue; 402; 403 |
| PX-197 | Untimely/never produced; outside scope of expert testimony; incompetent; |
| PX-198 | Untimely/never produced; outside scope of expert testimony; incompetent; |
| JX-1007 | not sold in US; 402; 403; |
| JX-1030 | not sold in US; 402; 403; |
| JX-1031 | Not timely accused; 402; |
| JX-1032 | Not timely accused; not sold in US; 402; 403; |
| JX-1033 | Not timely accused; 402; |
| JX-1034 | Not timely accused; 402; |
| JX-1035 | Not timely accused; 402; |
| JX-1078 | standing objection if not produced for inspection and made available in court; object to extent not an accurate replica of the tablet |
| **Demonstratives** | |
| PDX-15-17 | Same objections as JX-1078 |
| PDX-46-60 | Argumentative title – these are only "purported alternatives". Includes images of the Fidler Replica (see objections above to JX1078) |
| PDX 61-64 | Same objections as for PX-3 |
| PDX 65-66 | Same objections as for PX-4 |
| PDX-67 | Improper sponsoring witness, incompetent, outside scope of expert report, foundation |

---

**From:** Rawson, Taryn S. [mailto:TRawson@mofo.com]
**Sent:** Wednesday, August 01, 2012 11:17 PM
**To:** Robert Becher; Victoria Maroulis; Hung, Richard S. J.; Kitano, Jamie H.
**Cc:** AvS_NDCal_Trial_Team; 'WHAppleSamsungNDCalService@wilmerhale.com'; Samsung v. Apple

**Subject:** RE: Apple's Objections to Schiller Cross Examination Exhibits

Rob,

Below are Apple's objections to Denison's direct examination exhibits.  When can we expect to see Samsung's objections to the materials Apple disclosed at 7 pm?

Regards,
Taryn

- JX1093 – improper non-prior art, irrelevant, untimely disclosed infringement theory, limiting instruction, improper witness
- DX629 – court has already excluded, irrelevant, waste of time, improper sponsoring witness, hearsay
- Samsung's opening slides 41-42 – not listed on Samsung's exchanged trial exhibit list, personal knowledge, did not actually use slides 41-42 during opening, misleading dates on slide, improper sponsoring witness
- Samsung's Objs. to Apple's Rule 30(b)(6) PI Depo. Notice and Ltr. from M. Chan to J. Bartlett – not listed on Samsung's exchanged trial exhibit list
- SDX3508 – argumentative, improper legal conclusion
- SDX3509, SDX3510 – argumentative, improper legal conclusion, did not disclose underlying exhibit with Denison, foundation, personal knowledge, improper sponsoring witness
- SDX3563 - Argumentative, improper legal heading, misleading as to names of Galaxy phones
- SDX3565, SDX3566 – misleading, improper witness
- SDX3587 - personal knowledge, hearsay, Rule 408, relevance, improper sponsoring witness, underlying exhibit was not disclosed for Denison

---

**From:** Rawson, Taryn S.
**Sent:** Wednesday, August 01, 2012 10:04 PM
**To:** 'Robert Becher'; Victoria Maroulis; Hung, Richard S. J.; Kitano, Jamie H.
**Cc:** AvS_NDCal_Trial_Team; 'WHAppleSamsungNDCalService@wilmerhale.com'; Samsung v. Apple
**Subject:** RE: Apple's Objections to Schiller Cross Examination Exhibits

Hi Rob,

First, Apple does intend to file one 5-page brief tomorrow at 8 am.  It will include:
- our supplement objections to the Schiller cross exhibits listed below
- our objections to the newly disclosed exhibits for Samsung's direct exam of Justin Denison, which we'll send you shortly
- our responses to the objections you'll notify us of tonight

Could you please confirm what you are briefing tonight?

Second, Ken MacCardle will send the complete slide deck for Bressler's exam in just a moment.

Third, Apple produced exhibit 19 for inspection on the computer in MoFo's Palo Alto office which also houses Director files.  They were produced for inspection before the close of discovery.  Apple

withdraws Exhibit 69.

Finally, you listed SDX3589 as a demonstrative for the Denison direct examination, but we didn't see it in your disclosure. Could you send it?

Kind regards,
Taryn

---

**From:** Robert Becher [mailto:robertbecher@quinnemanuel.com]
**Sent:** Wednesday, August 01, 2012 9:21 PM
**To:** Rawson, Taryn S.; Victoria Maroulis; Hung, Richard S. J.; Kitano, Jamie H.
**Cc:** AvS_NDCal_Trial_Team; 'WHAppleSamsungNDCalService@wilmerhale.com'; Samsung v. Apple
**Subject:** RE: Apple's Objections to Schiller Cross Examination Exhibits

Taryn—

Does Apple intend to file one 5 page brief at 8 a.m. with the supplemental objections below as well as Apple's response to Samsung's objections to the newly disclosed materials from this evening? Please let us know right away.

Also, please send us a complete, revised slide deck for Mr. Bressler so we can evaluate the changes.

Finally, does Apple contend that exhibits 19 and 69 have been produced and, if so, when? Let us know this evening.

Regards,

Rob

---

**From:** Rawson, Taryn S. [mailto:TRawson@mofo.com]
**Sent:** Wednesday, August 01, 2012 6:12 PM
**To:** Victoria Maroulis; Hung, Richard S. J.; Kitano, Jamie H.; Robert Becher
**Cc:** AvS_NDCal_Trial_Team; 'WHAppleSamsungNDCalService@wilmerhale.com'; Samsung v. Apple
**Subject:** RE: Apple's Objections to Schiller Cross Examination Exhibits

Vicki,

Here are the supplemental objections to the Schiller cross exhibits we will be filing with the Court tomorrow at 8 am.

Kind regards,
Taryn

- DX516 - Samsung's theories based on this exhibit were not timely disclosed in discovery; authenticity; Samsung's expert opinions on this reference have been struck, irrelevant, improper sponsoring witnesses, lack of foundation
- DX572 – Wagner's apportionment theory was excluded in the court's Daubert order, relevance, hearsay, improper sponsoring witness, lacks foundation, limiting instruction required, misleading, untimely disclosure of related theories
- DX592 – lacks foundation, improper sponsoring witness, hearsay, relevance, misleading, limiting

instruction required, Wagner's apportionment theory was excluded in the court's Daubert order
- DX605 – Wagner's apportionment theory was excluded in the court's Daubert order, relevance, hearsay, improper sponsoring witness, lacks foundation, limiting instruction required, misleading, untimely disclosure of related theories
- DX617 – excluded by Daubert order, relevance, hearsay, improper sponsoring witness, lacks foundation, limiting instruction required, misleading, untimely disclosure of related theories
- DX649 –This Court sustained Apple's objection to this evidence (Dkt. No. 1519.); lack of foundation, relevance, irrelevant, misleading
- DX709, DX711, DX712, DX714, DX715, DX716, DX717 – lacks foundation, no personal knowledge, irrelevant, misleading

---

**From:** Rawson, Taryn S.
**Sent:** Wednesday, August 01, 2012 4:44 PM
**To:** 'Victoria Maroulis'; Hung, Richard S. J.; Kitano, Jamie H.; Robert Becher
**Cc:** AvS_NDCal_Trial_Team; 'WHAppleSamsungNDCalService@wilmerhale.com'; Samsung v. Apple
**Subject:** Apple's Objections to Schiller Cross Examination Exhibits

Vicki,

We just noticed that Samsung mistakenly identified many of the exhibits that it intends to use on the cross examination of Phil Schiller as plaintiff's exhibits (with "PX") when they are in fact defendant's exhibits.

We intend to supplement our objections to Schiller cross exhibits with our objections to these documents. We will send you shortly the list of objections we intend to file with the Court tomorrow at 8 am.

Regards,
Taryn

------------------------------------------------------------------
To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

For information about this legend, go to
http://www.mofo.com/Circular230/

==========================================================================

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail @mofo.com, and delete the message.

---

---

To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

For information about this legend, go to
http://www.mofo.com/Circular230/

============================================================================

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail @mofo.com, and delete the message.

---