# EXHIBIT G

1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5  Kevin P.B. Johnson (Bar No. 177129)
   kevinjohnson@quinnemanuel.com
6  Victoria F. Maroulis (Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
7  555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, California  94065-2139
8  Telephone: (650) 801-5000
   Facsimile: (650) 801-5100
9
   Michael T. Zeller (Bar No. 196417)
10 michaelzeller@quinnemanuel.com
   865 S. Figueroa St., 10th Floor
11 Los Angeles, California 90017
   Telephone: (213) 443-3000
12 Facsimile: (213) 443-3100

13 Attorneys for SAMSUNG ELECTRONICS CO.,
   LTD., SAMSUNG ELECTRONICS AMERICA,
14 INC. and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC
15

16                UNITED STATES DISTRICT COURT

17         NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

18

| | |
|---|---|
| 19  APPLE INC., a California corporation, | CASE NO. 11-cv-01846-LHK |
| 20       Plaintiff, | **SAMSUNG'S OBJECTIONS TO APPLE'S NOTICE OF RULE 30(B)(6) DEPOSITION** |
| 21       vs. | **OF SAMSUNG ELECTRONICS CO., LTD. RELATING TO APPLE'S MOTION** |
| 22  SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG | **FOR A PRELIMINARY INJUNCTION** |
| 23  ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG | |
| 24  TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| 25 | |
| 26       Defendant. | |

27

28

In accordance with Federal Rule of Civil Procedure 30(b)(6), Samsung Electronics Co., Ltd. ("Samsung") hereby serves its objections to the Notice of Rule 30(b)(6) Deposition of Samsung Relating to Apple's Motion for a Preliminary Injunction served by Apple Inc. ("Apple") on August 26, 2011.

**GENERAL OBJECTIONS**

Samsung makes the following general responses and objections ("General Objections") to each deposition topic listed in Apple's notice of deposition. These General Objections are hereby incorporated into each specific response. The assertion of the same, similar, or additional objections or partial responses to the individual deposition topics does not waive any of Samsung's General Objections. Samsung reserves its right to object to any questions asked of any deponent during a deposition.

1. Samsung objects to the designation of Morrison & Foerster LLP's San Francisco, California, offices as the location for the deposition and to the deposition as "continu[ing] day-to-day until completed." Samsung will confer with Apple on mutually-agreeable date(s), location(s), and times for the deposition.

2. Samsung objects to the "Definitions" contained in Apple's Notice of Rule 30(B)(6) Deposition of Samsung Electronics Co., Ltd. Relating to Apple's Motion for a Preliminary Injunction to the extent they are inconsistent with the Federal Rules of Civil Procedure.

3. Samsung objects to Apple's Definition of "Samsung," "You," "Your," and "Defendants" as overly broad to the extent it requires Samsung to pursue information from individuals no longer employed by Samsung whose data is not currently in the possession of Samsung. Samsung further objects to Apple's Definition of "Samsung," "You," "Your," and "Defendants" as overly broad, vague, and ambiguous to the extent it does not define "affiliates," and also to the extent that it requires Samsung to potentially seek information from thousands of people. Samsung will respond to interrogatories based on a reasonable inquiry of individuals expected to possess the requested information.

4. Samsung objects to Apple's definition of "Products at Issue" as overly broad and

neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, insofar as it seeks information about these products "as released anywhere in the world" and is not limited to products sold in the United States.

5.  Samsung objects to Apple's definition of "Hardware Design" as overly broad, vague, and ambiguous insofar as it includes "all hardware, insignia or ornamentation thereon."

6.  Samsung objects to Apple's definition of "Relating," and each and every interrogatory that uses the term "Relating," as overly broad, vague and ambiguous.

7.  Samsung further objects to this notice as improperly delayed. Apple has known about the Court's discovery schedule relating to Apple's motion for a preliminary injunction since July 18, 2011. While Apple had the opportunity to serve this notice at an earlier time, it waited until the last possible date under the Court's Order to serve this deposition notice, along with interrogatories and over 60 additional document requests. This notice seeks information that Apple could have requested at a much earlier date. None of the topics below are dependent on any arguments raised in Samsung's Opposition to Apple's preliminary injunction. Therefore, Samsung objects to Apple's bad faith in delaying service of this deposition notice.

Subject to the foregoing qualifications and General Objections and the specific objections made below, Samsung objects and responds to Apple's Notice of Rule 30(b)(6) Deposition of Samsung Relating to Apple's Motion for a Preliminary Injunction as follows:

**TOPICS**

**TOPIC NO. 1:**

Samsung's imitation, copying, or emulation of any Apple product in developing, creating, or designing any of the Products at Issue.

**RESPONSE TO TOPIC NO. 1:**

In addition to its General Objections, which it hereby incorporates by reference, Samsung objects to this topic to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity. Samsung further objects to the topic as vague and ambiguous; for example, the terms "imitation, copying or

1  emulation" are vague and ambiguous. Samsung further objects to the topic to the extent it seeks
2  information that is not relevant to the claims or defenses of any party and/or not reasonably
3  calculated to lead to the discovery of admissible evidence. Samsung further objects to the topic as
4  overbroad in that it seeks information pertaining to products not at issue in Apple's motion for a
5  preliminary injunction and/or this litigation. Samsung further objects to this topic as oppressive
6  and harassing inasmuch as it improperly and without basis implies Samsung engaged in copying
7  and other such activity. Samsung further objects to the topic as overbroad in that it is not limited
8  to any reasonable time period and seeks information from time periods not at issue in Apple's
9  motion for a preliminary injunction and/or this litigation.

10  Subject to and without waiving the foregoing objections, and without representing that any
11  information responsive to the topic exists, Samsung will designate one or more witnesses on this
12  topic, limited to the features in the Products at Issue that Apple has accused of infringement in its
13  preliminary injunction motion and relating only to the following "Apple product(s)": the Apple
14  iPhone or iPad products.

15  **TOPIC NO. 2:**
16  The development and/or design of the Hardware Design of the Products at Issue.
17  **RESPONSE TO TOPIC NO. 2:**
18  In addition to its General Objections, which it hereby incorporates by reference, Samsung
19  objects to this topic to the extent that it seeks to elicit information subject to and protected by the
20  attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the
21  common interest doctrine, and/or any other applicable privilege or immunity. Samsung further
22  objects to the topic as vague and ambiguous; for example, the terms "Hardware Design" is vague
23  and ambiguous. Samsung further objects to the topic to the extent it seeks information that is not
24  relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the
25  discovery of admissible evidence. Samsung further objects to the topic as overbroad in that it
26  seeks information pertaining to products released outside the U.S., which are not at issue in
27  Apple's motion for a preliminary injunction.
28

Subject to and without waiving the foregoing objections, and without representing that any information responsive to the topic exists, Samsung will designate one or more witnesses on this topic, limited to development or design activities relating to the features in the Products at Issue that Apple has accused of infringement in its preliminary injunction motion .

**TOPIC NO. 3:**

The identity of the individuals involved in the development and/or design of the Hardware Design of the Products at Issue and the roles and responsibilities of each.

**RESPONSE TO TOPIC NO. 3:**

In addition to its General Objections, which it hereby incorporates by reference, Samsung objects to this topic to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity. Samsung further objects to the topic as vague and ambiguous; for example, the term "Hardware Design" is vague and ambiguous. Samsung further objects to the topic to the extent it seeks information that is not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence. Samsung further objects to the topic as overbroad in that it seeks information pertaining to products released outside the U.S., which are not at issue in Apple's motion for a preliminary injunction.

Subject to and without waiving the foregoing objections, and without representing that any information responsive to the topic exists, Samsung will designate one or more witnesses on this topic, limited to activities relating to the features in the Products at Issue that Apple has accused of infringement in its preliminary injunction motion.

**TOPIC NO. 4:**

The identity of the individuals involved in marketing the Products at Issue and the roles and responsibilities of each.

**RESPONSE TO TOPIC NO. 4:**

In addition to its General Objections, which it hereby incorporates by reference, Samsung objects to this topic to the extent that it seeks to elicit information subject to and protected by the

1  attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the
2  common interest doctrine, and/or any other applicable privilege or immunity.  Samsung further
3  objects to the topic as vague and ambiguous; for example, the term "marketing" is vague and
4  ambiguous.  Samsung further objects to the topic to the extent it seeks information that is not
5  relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the
6  discovery of admissible evidence.  Samsung further objects to the topic as overbroad in that it
7  seeks information pertaining to products released outside the U.S., which are not at issue in
8  Apple's motion for a preliminary injunction.
9        Subject to and without waiving the foregoing objections, and without representing that any
10  information responsive to the topic exists, Samsung will designate one or more witnesses on this
11  topic, limited to identifying the primary individuals responsible for activities relating to the
12  Products at Issue.
13  **TOPIC NO. 5:**
14        The development and/or design of features in the Products at Issue relating to (1) the
15  functionality that allows for a list to be scrolled beyond its terminus or a document to be translated
16  beyond its edge until the list or document is partially displayed; and (2) functionality that allows
17  for a list that is scrolled beyond its terminus to scroll back or bounce back into place or for a
18  document that is translated beyond its edge to translate back or bounce back so that the list or
19  document returns to fill the screen.
20  **RESPONSE TO TOPIC NO. 5:**
21        In addition to its General Objections, which it hereby incorporates by reference, Samsung
22  objects to this topic to the extent that it seeks to elicit information subject to and protected by the
23  attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the
24  common interest doctrine, and/or any other applicable privilege or immunity.  Samsung objects to
25  this Request on the grounds that it is vague, ambiguous, or overly broad with regard to the terms
26  "scrolled beyond its terminus" or "translated beyond its edge" or "translate back" or
27  "functionality."  Samsung further objects to the topic to the extent it seeks information that is not
28  relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the

1  discovery of admissible evidence.  Samsung further objects to the topic as overbroad in that it
2  seeks information pertaining to products released outside the U.S., which are not at issue in
3  Apple's motion for a preliminary injunction.
4      Subject to and without waiving the foregoing objections, and without representing that any
5  information responsive to the topic exists, Samsung will designate one or more witnesses on this
6  topic, limited to activities relating to the Products at Issue.
7  **TOPIC NO. 6:**
8      Aesthetic, functional, and cost considerations that affected, constrained, or altered the
9  Hardware Design of the Galaxy S 4G, Infuse 4G, and Galaxy Tab 10.1.
10  **RESPONSE TO TOPIC NO. 6:**
11      In addition to its General Objections, which it hereby incorporates by reference, Samsung
12  objects to this topic to the extent that it seeks to elicit information subject to and protected by the
13  attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the
14  common interest doctrine, and/or any other applicable privilege or immunity.  Samsung objects to
15  this Request on the grounds that it is vague and ambiguous with regard to the terms "aesthetic,
16  functional, and cost considerations" or "affected, constrained, or altered" or "Hardware Design."
17  Samsung further objects to the topic to the extent it seeks information that is not relevant to the
18  claims or defenses of any party and/or not reasonably calculated to lead to the discovery of
19  admissible evidence.  Samsung further objects to the topic as overbroad in that it seeks
20  information pertaining to products released outside the U.S., which are not at issue in Apple's
21  motion for a preliminary injunction.
22      Subject to and without waiving the foregoing objections, and without representing that any
23  information responsive to the topic exists, Samsung will designate one or more witnesses on this
24  topic, limited to activities relating to the features in the Products at Issue that Apple has accused of
25  infringement in its preliminary injunction motion.
26  **TOPIC NO. 7:**
27      Alternative Hardware Designs considered by Samsung during the development of the
28  Galaxy S 4G, Infuse 4G, and Galaxy Tab 10.1.

1  **RESPONSE TO TOPIC NO. 7:**

2  In addition to its General Objections, which it hereby incorporates by reference, Samsung
3  objects to this topic to the extent that it seeks to elicit information subject to and protected by the
4  attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the
5  common interest doctrine, and/or any other applicable privilege or immunity.  Samsung objects to
6  this Request on the grounds that it is vague and ambiguous with regard to the term "Hardware
7  Designs."  Samsung further objects to the topic to the extent it seeks information that is not
8  relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the
9  discovery of admissible evidence.  Samsung further objects to the topic as overbroad in that it
10 seeks information pertaining to products released outside the U.S., which are not at issue in
11 Apple's motion for a preliminary injunction.

12 Subject to and without waiving the foregoing objections, and without representing that any
13 information responsive to the topic exists, Samsung will designate one or more witnesses on this
14 topic, limited to the features in the Products at Issue that Apple has accused of infringement in its
15 preliminary injunction motion.

16 **TOPIC NO. 8:**

17 Alternative user interfaces considered by Samsung during the development of the Galaxy S
18 4G, Infuse 4G, Droid Charge, and Galaxy Tab 10.1.

19 **RESPONSE TO TOPIC NO. 8:**

20 In addition to its General Objections, which it hereby incorporates by reference, Samsung
21 objects to this topic to the extent that it seeks to elicit information subject to and protected by the
22 attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the
23 common interest doctrine, and/or any other applicable privilege or immunity.  Samsung objects to
24 this Request on the grounds that it is vague and ambiguous with regard to the term "user
25 interfaces."  Samsung further objects to the topic to the extent it seeks information that is not
26 relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the
27 discovery of admissible evidence.  Samsung further objects to the topic as overbroad in that it

28

1  seeks information pertaining to products released outside the U.S., which are not at issue in
2  Apple's motion for a preliminary injunction.
3      Subject to and without waiving the foregoing objections, and without representing that any
4  information responsive to the topic exists, Samsung will designate one or more witnesses on this
5  topic, limited to the features in the Products at Issue that Apple has accused of infringement in its
6  preliminary injunction motion.
7  **TOPIC NO. 9:**
8      Any reference to or consideration of an Apple product during the design of the Products at
9  Issue.
10 **RESPONSE TO TOPIC NO. 9:**
11     In addition to its General Objections, which it hereby incorporates by reference, Samsung
12 objects to this topic to the extent that it seeks to elicit information subject to and protected by the
13 attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the
14 common interest doctrine, and/or any other applicable privilege or immunity.  Samsung objects to
15 this Request on the grounds that it is vague, ambiguous or overly broad with regard to the terms
16 "reference to" or "consideration."  Samsung further objects to the topic to the extent it seeks
17 information that is not relevant to the claims or defenses of any party and/or not reasonably
18 calculated to lead to the discovery of admissible evidence.  Samsung further objects to the topic as
19 overbroad in that it seeks information pertaining to products not at issue in Apple's motion for a
20 preliminary injunction and/or this litigation.  Samsung further objects to the topic as overbroad in
21 that it is not limited to any reasonable time period and seeks documents and things from time
22 periods not at issue in Apple's motion for a preliminary injunction and/or this litigation.  Samsung
23 further objects to the topic as overbroad in that it seeks information pertaining to products released
24 outside the U.S., which are not at issue in Apple's motion for a preliminary injunction.
25     Subject to and without waiving the foregoing objections, and without representing that any
26 information responsive to the topic exists, Samsung will designate one or more witnesses on this
27 topic, limited to the features in the Products at Issue that Apple has accused of infringement in its
28

1  preliminary injunction motion and relating only to the following "Apple product(s)": the Apple
2  iPhone or iPad products.

3  **TOPIC NO. 10:**

4  Your awareness of any of the Patents at Issue.

5  **RESPONSE TO TOPIC NO. 10:**

6  In addition to its General Objections, which it hereby incorporates by reference, Samsung
7  objects to this topic to the extent that it seeks to elicit information subject to and protected by the
8  attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the
9  common interest doctrine, and/or any other applicable privilege or immunity. Samsung objects to
10 this Request on the grounds that it is vague, ambiguous or overly broad with regard to the term
11 "awareness." Samsung further objects to the topic to the extent it seeks information that is not
12 relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the
13 discovery of admissible evidence. Samsung further objects to the topic as overbroad in that it is
14 not limited to any reasonable time period and seeks documents and things from time periods not at
15 issue in Apple's motion for a preliminary injunction and/or this litigation.

16 Subject to and without waiving the foregoing objections, and without representing that any
17 information responsive to the topic exists, Samsung will meet and confer with Apple regarding
18 what testimony Apple seeks with this topic, and how that testimony is relevant to Apple's motion
19 for a preliminary injunction.

20 **TOPIC NO. 11:**

21 Your analysis, review, consideration, or copying of, or comparison against, any Apple
22 product or product feature with respect to any features of the Products at Issue, including (1) their
23 Hardware Design; (2) the functionality that allows for a list to be scrolled beyond its terminus or a
24 document to be translated beyond its edge until the list or document is partially displayed; and (3)
25 functionality that allows for a list that is scrolled beyond its terminus to scroll back or bounce back
26 into place or for a document that is translated beyond its edge to translate back or bounce back so
27 that the list or document returns to fill the screen.

28

**RESPONSE TO TOPIC NO. 11:**

In addition to its General Objections, which it hereby incorporates by reference, Samsung objects to this topic to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity.  Samsung objects to this Request on the grounds that it is vague, ambiguous or overly broad with regard to the terms "analysis, review, consideration," "Hardware Design," "scrolled beyond its terminus," "translated beyond its edge," or "functionality."  Samsung further objects to the topic to the extent it seeks information that is not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.  Samsung further objects to the topic as overbroad in that it seeks information pertaining to products not at issue in Apple's motion for a preliminary injunction and/or this litigation.  Samsung further objects to this topic as oppressive and harassing inasmuch as it implies Samsung engaged in copying and other such activity.  Samsung further objects to the topic as overbroad in that it is not limited to any reasonable time period and seeks documents and things from time periods not at issue in Apple's motion for a preliminary injunction and/or this litigation.  Samsung further objects to the topic as overbroad in that it seeks information pertaining to products released outside the U.S., which are not at issue in Apple's motion for a preliminary injunction.

Subject to and without waiving the foregoing objections, and without representing that any information responsive to the topic exists, Samsung will designate one or more witnesses on this topic, limited to the features in the Products at Issue that Apple has accused of infringement in its preliminary injunction motionand relating only to the following "Apple product(s)": the Apple iPhone or iPad products.

**TOPIC NO. 12:**

Your communications with Apple relating to the Patents at Issue.

**RESPONSE TO TOPIC NO. 12:**

In addition to its General Objections, which it hereby incorporates by reference, Samsung objects to this topic to the extent that it seeks information that are not relevant to the claims or

1  defenses of any party and/or not reasonably calculated to lead to the discovery of admissible
2  evidence.  Samsung further objects to the topic to the extent it seeks communications equally or
3  more readily available to Apple than to Samsung.  Samsung further objects to the topic as
4  overbroad in that it is not limited to any reasonable time period and seeks information from time
5  periods not at issue in Apple's motion for a preliminary injunction and/or this litigation.  Samsung
6  further objects to the topic as overbroad in that it seeks information pertaining to products released
7  outside the U.S., which are not at issue in Apple's motion for a preliminary injunction.
8        Subject to and without waiving the foregoing objections, and without representing that any
9  information responsive to the topic exists, Samsung will designate one or more witnesses on this
10  topic.
11  **TOPIC NO. 13:**
12        Your communications with Apple relating to the Products at Issue.
13  **RESPONSE TO TOPIC NO. 13:**
14        In addition to its General Objections, which it hereby incorporates by reference, Samsung
15  objects to this topic to the extent that it seeks information that are not relevant to the claims or
16  defenses of any party and/or not reasonably calculated to lead to the discovery of admissible
17  evidence.  Samsung further objects to the topic as overbroad in that it seeks information regarding
18  products not at issue in Apple's motion for a preliminary injunction.  Samsung further objects to
19  the topic to the extent it seeks communications equally or more readily available to Apple than to
20  Samsung.  Samsung further objects to the topic as overbroad in that it is not limited to any
21  reasonable time period and seeks information from time periods not at issue in Apple's motion for
22  a preliminary injunction and/or this litigation.  Samsung further objects to the topic as overbroad
23  in that it seeks information pertaining to products released outside the U.S., which are not at issue
24  in Apple's motion for a preliminary injunction.
25        Subject to and without waiving the foregoing objections, and without representing that any
26  information responsive to the topic exists, Samsung will designate one or more witnesses on this
27  topic, limited to the features in the Products at Issue that Apple has accused of infringement in its
28  preliminary injunction motion.

**TOPIC NO. 14:**

Any customer surveys, market studies, market analyses, or other investigations conducted by Samsung or on behalf of Samsung relating to the Products at Issue.

**RESPONSE TO TOPIC NO. 14:**

In addition to its General Objections, which it hereby incorporates by reference, Samsung objects to this topic to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity.  Samsung objects to this Request on the grounds that it is vague, ambiguous or overly broad with regard to the terms "market studies" or "market analyses" or "investigations."  Samsung further objects to the topic to the extent it seeks information that is not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.  Samsung further objects to the topic as overbroad in that it seeks information pertaining to products not at issue in Apple's motion for a preliminary injunction and/or this litigation.  Samsung further objects to the topic as overbroad in that it is not limited to any reasonable time period and seeks documents and things from time periods not at issue in Apple's motion for a preliminary injunction and/or this litigation.  Samsung further objects to the topic as overbroad in that it seeks information pertaining to products released outside the U.S., which are not at issue in Apple's motion for a preliminary injunction.

Subject to and without waiving the foregoing objections, and without representing that any information responsive to the topic exists, Samsung will meet and confer with Apple regarding what testimony Apple seeks with this topic, and how that testimony is relevant to Apple's motion for a preliminary injunction.

**TOPIC NO. 15:**

Any reference to Apple or Apple products in advertising of the Products at Issue.

**RESPONSE TO TOPIC NO. 15:**

In addition to its General Objections, which it hereby incorporates by reference, Samsung objects to this topic to the extent that it seeks information that is not relevant to the claims or

1  defenses of any party and/or not reasonably calculated to lead to the discovery of admissible
2  evidence.  Samsung further objects to the topic as overbroad in that it seeks information pertaining
3  to products not at issue in Apple's motion for a preliminary injunction and/or this litigation.
4  Samsung further objects to the topic as overbroad in that it is not limited to any reasonable time
5  period and seeks documents and things from time periods not at issue in Apple's motion for a
6  preliminary injunction and/or this litigation.  Samsung further objects to the topic to the extent it
7  seeks publicly available information equally or more readily available to Apple than to Samsung.
8  Samsung further objects to the topic as overbroad in that it seeks information pertaining to
9  products released outside the U.S., which are not at issue in Apple's motion for a preliminary
10 injunction.
11        Subject to and without waiving the foregoing objections, and without representing that any
12 information responsive to the topic exists, Samsung will meet and confer with Apple regarding
13 what testimony Apple seeks with this topic, and how that testimony is relevant to Apple's motion
14 for a preliminary injunction.

15 **TOPIC NO. 16:**
16        Your identification or analysis of the market or markets to which Samsung intends to sell
17 the Products at Issue.
18 **RESPONSE TO TOPIC NO. 16:**
19        In addition to its General Objections, which it hereby incorporates by reference, Samsung
20 objects to this topic to the extent that it seeks to elicit information subject to and protected by the
21 attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the
22 common interest doctrine, and/or any other applicable privilege or immunity.  Samsung objects to
23 this Request on the grounds that it is vague, ambiguous or overly broad with regard to the terms
24 "analysis" or "market or markets."  Samsung further objects to the topic to the extent it seeks
25 information that is not relevant to the claims or defenses of any party and/or not reasonably
26 calculated to lead to the discovery of admissible evidence.  Samsung further objects to the topic as
27 overbroad in that it seeks information pertaining to products not at issue in Apple's motion for a
28 preliminary injunction and/or this litigation.  Samsung further objects to the topic as overbroad in

1  that it is not limited to any reasonable time period and seeks documents and things from time
2  periods not at issue in Apple's motion for a preliminary injunction and/or this litigation.  Samsung
3  further objects to the topic as overbroad in that it seeks information pertaining to products released
4  outside the U.S., which are not at issue in Apple's motion for a preliminary injunction.
5  　　　　Subject to and without waiving the foregoing objections, and without representing that any
6  information responsive to the topic exists, Samsung will designate one or more witnesses on this
7  topic.
8  **TOPIC NO. 17:**
9  　　　　Samsung's smartphones [*sic*] and tablet computer market share.
10  **RESPONSE TO TOPIC NO. 17:**
11  　　　　In addition to its General Objections, which it hereby incorporates by reference, Samsung
12  objects to this topic to the extent that it seeks to elicit information subject to and protected by the
13  attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the
14  common interest doctrine, and/or any other applicable privilege or immunity.  Samsung further
15  objects to the topic to the extent it seeks information that is not relevant to the claims or defenses
16  of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.
17  Samsung further objects to the topic as overbroad in that it seeks information pertaining to
18  products not at issue in Apple's motion for a preliminary injunction and/or this litigation.
19  Samsung further objects to the topic as overbroad in that it is not limited to any reasonable time
20  period and seeks documents and things from time periods not at issue in Apple's motion for a
21  preliminary injunction and/or this litigation.  Samsung further objects to the topic as overbroad in
22  that it seeks information pertaining to products released outside the U.S., which are not at issue in
23  Apple's motion for a preliminary injunction.
24  　　　　Subject to and without waiving the foregoing objections, and without representing that any
25  information responsive to the topic exists, Samsung will designate one or more witnesses on this
26  topic, limited to the Products at Issue.
27
28

**TOPIC NO. 18:**

Any instances of consumer confusion in which Samsung was made aware that a person confused an Apple product for a Product at Issue, or a Product at Issue for an Apple product.

**RESPONSE TO TOPIC NO. 18:**

In addition to its General Objections, which it hereby incorporates by reference, Samsung objects to this topic to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity.  Samsung objects to this Request on the grounds that it is vague, ambiguous or overly broad with regard to the term "customer confusion."  Samsung further objects to this topic to the extent that it seeks information that is not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.  Samsung further objects to the topic as overbroad in that it seeks information pertaining to products not at issue in Apple's motion for a preliminary injunction and/or this litigation.  Samsung further objects to the topic as overbroad in that it is not limited to any reasonable time period and seeks documents and things from time periods not at issue in Apple's motion for a preliminary injunction and/or this litigation.  Samsung further objects to the topic as overbroad in that it seeks information pertaining to products released outside the U.S., which are not at issue in Apple's motion for a preliminary injunction.

Subject to and without waiving the foregoing objections, and without representing that any information responsive to the topic exists, Samsung will meet and confer with Apple regarding what testimony Apple seeks with this topic, and how that testimony is relevant to Apple's motion for a preliminary injunction.

**TOPIC NO. 19:**

Marketing and promotion of the Products at Issue.

**RESPONSE TO TOPIC NO. 19:**

In addition to its General Objections, which it hereby incorporates by reference, Samsung objects to this topic to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the

1  common interest doctrine, and/or any other applicable privilege or immunity.  Samsung objects to
2  this Request on the grounds that it is vague, ambiguous or overly broad with regard to the terms
3  "marketing" or "promotion."  Samsung further objects to the topic to the extent it seeks
4  information that is not relevant to the claims or defenses of any party and/or not reasonably
5  calculated to lead to the discovery of admissible evidence.  Samsung further objects to the topic as
6  overbroad in that it seeks information pertaining to products not at issue in Apple's motion for a
7  preliminary injunction and/or this litigation.  Samsung further objects to the topic as overbroad in
8  that it is not limited to any reasonable time period and seeks documents and things from time
9  periods not at issue in Apple's motion for a preliminary injunction and/or this litigation.  Samsung
10 further objects to the topic as overbroad in that it seeks information pertaining to products released
11 outside the U.S., which are not at issue in Apple's motion for a preliminary injunction.

12      Subject to and without waiving the foregoing objections, and without representing that any
13 information responsive to the topic exists, Samsung will designate one or more witnesses on this
14 topic, limited to general marketing and promotion of the Products at Issue.

15 DATED: August 31, 2011                    Respectfully submitted,

16                                          QUINN EMANUEL URQUHART &
                                            SULLIVAN, LLP
17

18

19                                          By   /s/ Victoria Maroulis
                                                Charles K. Verhoeven
20                                              Kevin P.B. Johnson
                                                Victoria F. Maroulis
21                                              Michael T. Zeller
22                                              Attorneys for SAMSUNG ELECTRONICS CO.,
                                                LTD., SAMSUNG ELECTRONICS AMERICA,
23                                              INC. and SAMSUNG
                                                TELECOMMUNICATIONS AMERICA, LLC
24

25

26

27

28

1

**CERTIFICATE OF SERVICE**

2   I hereby certify that on August 31, 2011, I caused **SAMSUNG'S OBJECTIONS TO**

3   **APPLE'S NOTICE OF RULE 30(B)(6) DEPOSITION OF SAMSUNG ELECTRONICS**

4   **CO., LTD. RELATING TO APPLE'S MOTION FOR A PRELIMINARY INJUNCTION** to

5   be electronically served on the following via email:

6   **ATTORNEYS FOR APPLE INC.**

7   HAROLD J. MCELHINNY
    hmcelhinny@mofo.com
8   MICHAEL A. JACOBS
    mjacobs@mofo.com
9   JENNIFER LEE TAYLOR
    jtaylor@mofo.com
10  ALISON M. TUCHER
    atucher@mofo.com
11  RICHARD S.J. HUNG
    rhung@mofo.com
12  JASON R. BARTLETT
    jasonbartlett@mofo.com
13  MORRISON & FOERSTER LLP
    425 Market Street
14  San Francisco, California 94105-2482
    Telephone: (415) 268-7000
15  Facsimile: (415) 268-7522

16  WILLIAM F. LEE
    william.lee@wilmerhale.com
17  WILMER CUTLER PICKERING HALE
    AND DORR LLP
18  60 State Street
    Boston, Massachusetts 02109
19  Telephone: (617) 526-6000
    Facsimile: (617) 526-5000
20
    MARK D. SELWYN
21  mark.selwyn@wilmerhale.com
    WILMER CUTLER PICKERING HALE
22  AND DORR LLP
    950 Page Mill Road
23  Palo Alto, California 94304
    Telephone: (650) 858-6000
24  Facsimile: (650) 858-6100

25

26   I declare under penalty of perjury that the foregoing is true and correct.  Executed in

27  Redwood Shores, California on August 31, 2011.

28                              ___/s/ Melissa N. Chan_____

-1-   Case No. 11-cv-01846-LHK
SAMSUNG'S OBJ. TO APPLE'S NOTICE OF RULE 30(B)(6) DEPOSITION