# EXHIBIT I

| | |
|---|---|
| **From:** | Victoria Maroulis |
| **Sent:** | Wednesday, August 01, 2012 6:20 PM |
| **To:** | 'Rawson, Taryn S.'; 'Hung, Richard S. J.'; 'Kitano, Jamie H.'; Robert Becher |
| **Cc:** | 'AvS_NDCal_Trial_Team'; 'WHAppleSamsungNDCalService@wilmerhale.com'; Samsung v. Apple |
| **Subject:** | RE: Apple's Objections to Schiller Cross Examination Exhibits |

Taryn,

For each of the allegations below that state "untimely disclosed" or "untimely disclosure of related theories," please provide in the next 2 hours a citation to a court order or another source that Apple contends supports its allegation.

Vicki

---

**From:** Rawson, Taryn S. [mailto:TRawson@mofo.com]
**Sent:** Wednesday, August 01, 2012 6:12 PM
**To:** Victoria Maroulis; Hung, Richard S. J.; Kitano, Jamie H.; Robert Becher
**Cc:** AvS_NDCal_Trial_Team; 'WHAppleSamsungNDCalService@wilmerhale.com'; Samsung v. Apple
**Subject:** RE: Apple's Objections to Schiller Cross Examination Exhibits

Vicki,

Here are the supplemental objections to the Schiller cross exhibits we will be filing with the Court tomorrow at 8 am.

Kind regards,
Taryn

- DX516 - Samsung's theories based on this exhibit were not timely disclosed in discovery; authenticity; Samsung's expert opinions on this reference have been struck, irrelevant, improper sponsoring witnesses, lack of foundation
- DX572 – Wagner's apportionment theory was excluded in the court's Daubert order, relevance, hearsay, improper sponsoring witness, lacks foundation, limiting instruction required, misleading, untimely disclosure of related theories
- DX592 – lacks foundation, improper sponsoring witness, hearsay, relevance, misleading, limiting instruction required, Wagner's apportionment theory was excluded in the court's Daubert order
- DX605 – Wagner's apportionment theory was excluded in the court's Daubert order, relevance, hearsay, improper sponsoring witness, lacks foundation, limiting instruction required, misleading, untimely disclosure of related theories
- DX617 – excluded by Daubert order, relevance, hearsay, improper sponsoring witness, lacks foundation, limiting instruction required, misleading, untimely disclosure of related theories
- DX649 – This Court sustained Apple's objection to this evidence (Dkt. No. 1519.); lack of foundation, relevance, irrelevant, misleading
- DX709, DX711, DX712, DX714, DX715, DX716, DX717 – lacks foundation, no personal knowledge, irrelevant, misleading

---

**From:** Rawson, Taryn S.
**Sent:** Wednesday, August 01, 2012 4:44 PM
**To:** 'Victoria Maroulis'; Hung, Richard S. J.; Kitano, Jamie H.; Robert Becher
**Cc:** AvS_NDCal_Trial_Team; 'WHAppleSamsungNDCalService@wilmerhale.com'; Samsung v. Apple
**Subject:** Apple's Objections to Schiller Cross Examination Exhibits

1

Vicki,

We just noticed that Samsung mistakenly identified many of the exhibits that it intends to use on the cross examination of Phil Schiller as plaintiff's exhibits (with "PX") when they are in fact defendant's exhibits.

We intend to supplement our objections to Schiller cross exhibits with our objections to these documents. We will send you shortly the list of objections we intend to file with the Court tomorrow at 8 am.

Regards,
Taryn

---------------------------------------------------------------------

To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

For information about this legend, go to
http://www.mofo.com/Circular230/

============================================================================

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail @mofo.com, and delete the message.

---------------------------------------------------------------------

| | |
|---|---|
| **From:** | Rawson, Taryn S. [TRawson@mofo.com] |
| **Sent:** | Wednesday, August 01, 2012 8:59 PM |
| **To:** | Victoria Maroulis; Hung, Richard S. J.; Kitano, Jamie H.; Robert Becher |
| **Cc:** | AvS_NDCal_Trial_Team; 'WHAppleSamsungNDCalService@wilmerhale.com'; Samsung v. Apple |
| **Subject:** | RE: Apple's Objections to Schiller Cross Examination Exhibits |

Vicki,

Because Apple is asserting that Samsung did not disclose certain theories on time, it is Samsung's responsibility to show that it did in fact disclose those theories on time, if it can. The Court has already ruled that untimely disclosed theories cannot be presented at trial. (see, e.g., Dkt. No. 1519.)

However, with respect to Mac OS X Tiger, the Court has already ruled that OS X was untimely disclosed in its order on Apple's motion to strike expert testimony. It was struck from Samsung's expert's analysis of invalidity and cannot be used to support that argument. Grewal's order (Dkt. No. 1144) stated that the court "has adopted the proposed factual findings and legal conclusions of the party urging the ruling." As you know, Mac OS X Tiger was discussed in Lucente's report. And, as the Court noted, Apple argued that "Lucente's report includes prior art references never previously disclosed to Apple during discovery." Apple's motion urged that, "[b]ecause Samsung did not disclose these arguments until well after the discovery cutoff, the Court should strike all of Mr. Lucente's opinions." (See Mot., Dkt. 939-1 at 15).

Moreover, Mac OS X Tiger was not disclosed as prior art during fact discovery and cannot be presented at trial. Rule 37(c)(1) plainly precludes it. If Samsung believes Apple is mistaken about Samsung's failure to disclose this information, please identify the date during fact discovery on which Samsung disclosed Mac OS X Tiger.

Apple does not waive its untimeliness objections with respect to the rest of these exhibits.

Regards,

Taryn

---

**From:** Rawson, Taryn S.
**Sent:** Wednesday, August 01, 2012 6:12 PM
**To:** 'Victoria Maroulis'; Hung, Richard S. J.; Kitano, Jamie H.; 'Robert Becher'
**Cc:** AvS_NDCal_Trial_Team; 'WHAppleSamsungNDCalService@wilmerhale.com'; 'Samsung v. Apple'
**Subject:** RE: Apple's Objections to Schiller Cross Examination Exhibits

Vicki,

Here are the supplemental objections to the Schiller cross exhibits we will be filing with the Court tomorrow at 8 am.

Kind regards,
Taryn

- DX516 - Samsung's theories based on this exhibit were not timely disclosed in discovery; authenticity; Samsung's expert opinions on this reference have been struck, irrelevant, improper sponsoring witnesses, lack of foundation

1

- DX572 – Wagner's apportionment theory was excluded in the court's Daubert order, relevance, hearsay, improper sponsoring witness, lacks foundation, limiting instruction required, misleading, untimely disclosure of related theories
- DX592 – lacks foundation, improper sponsoring witness, hearsay, relevance, misleading, limiting instruction required, Wagner's apportionment theory was excluded in the court's Daubert order
- DX605 – Wagner's apportionment theory was excluded in the court's Daubert order, relevance, hearsay, improper sponsoring witness, lacks foundation, limiting instruction required, misleading, untimely disclosure of related theories
- DX617 – excluded by Daubert order, relevance, hearsay, improper sponsoring witness, lacks foundation, limiting instruction required, misleading, untimely disclosure of related theories
- DX649 –This Court sustained Apple's objection to this evidence (Dkt. No. 1519.); lack of foundation, relevance, irrelevant, misleading
- DX709, DX711, DX712, DX714, DX715, DX716, DX717  – lacks foundation, no personal knowledge, irrelevant, misleading

---

**From:** Rawson, Taryn S.
**Sent:** Wednesday, August 01, 2012 4:44 PM
**To:** 'Victoria Maroulis'; Hung, Richard S. J.; Kitano, Jamie H.; Robert Becher
**Cc:** AvS_NDCal_Trial_Team; 'WHAppleSamsungNDCalService@wilmerhale.com'; Samsung v. Apple
**Subject:** Apple's Objections to Schiller Cross Examination Exhibits

Vicki,

We just noticed that Samsung mistakenly identified many of the exhibits that it intends to use on the cross examination of Phil Schiller as plaintiff's exhibits (with "PX") when they are in fact defendant's exhibits.

We intend to supplement our objections to Schiller cross exhibits with our objections to these documents. We will send you shortly the list of objections we intend to file with the Court tomorrow at 8 am.

Regards,
Taryn

----------------------------------------------------------------------
To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

For information about this legend, go to
http://www.mofo.com/Circular230/


==========================================================================

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail @mofo.com, and delete the message.

-----------------------------------------------------------------------