QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S [CORRECTED] (1) OBJECTIONS REGARDING FORSTALL EXHIBITS, AND AMENDED EXHIBIT DISCLOSURES FOR BRESSLER, KARE, SCHILLER AND DENISON, AND (2) RESPONSES REGARDING EXHIBITS FOR DENISON DIRECT EXAM AND SCHILLER CROSS EXAM** |

02198.51855/4888514.1

Case No. 11-cv-01846-LHK
OBJECTIONS RE: FORSTALL EXHIBITS AND BRESSLER, KARE, SCHILLER AND DENISON AMENDED DISCLOSURES. AND RESPONSES RE: EXHIBITS FOR DENISON DIRECT AND SCHILLER CROSS

Samsung continues to assert all objections referenced in Dkt # 1507 and 1521 except that it is no longer asserting the untimely disclosure objection to PX 60 which was withdrawn in Dkt # 1526.

### OBJECTIONS TO FORSTALL EXHIBITS

**JX1042, JX1044, JX1045, PX12, PX19, PDX17-18, PDX20-24:** Samsung objects to the scope of Mr. Forstall's testimony because it far exceeds the scope identified in Apple's Rule 26(a) disclosures and interrogatory responses. In its initial disclosures and interrogatory responses, Apple identified Mr. Forstall ('163 inventor) as having knowledge of the '163 patent. (Patel Decl. Exs. A at 3, B at 4, and F). Now Apple seeks to have Mr. Forstall testify as to the '381, '915 and 'D305 patents. Samsung could not have deposed Mr. Forstall on these topics. Apple's attempt to ambush Samsung with Mr. Forstall's testimony during trial is improper and forbidden by Rule 26(a)(1)(A), which requires the disclosure of "*the subjects of that information—that the disclosing party may use to support its claims or defenses*." (emphasis added). This obligation is meant to "prevent[] prejudice and surprise." *Reed v. Iowa Marine & Repair Corp.*, 16 F.3d 82, 85 (5th Cir. 1994). Apple's failure to make adequate disclosures regarding Mr. Forstall incurably prejudices Samsung and is tantamount to disclosing an entirely new witness long after the close of discovery. *See* Rule 37(c)(1) ("forbidd[ing] the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed.").

**JX1042, PX12, PX19:** These relate to Apple's 'D305 patent and lack foundation because Mr. Forstall testified in his deposition that he is not an industrial designer and is not knowledgeable about industrial design. (Patel Decl. Ex. E). Apple's trial witness list also does not list Mr. Forstall as testifying regarding the 'D305 patent or any design-related topics.

**JX1044, JX1045, PDX17-18, PDX20-21, PDX23-24:** These exhibits lack foundation because Mr. Forstall is not an inventor on the 'D305, '915, or '381 patents.

**PX12:** In addition to the other objections, this exhibit is improper under FRE 1006. The underlying materials are not confusing in content or so voluminous that they cannot be examined in Court. The exhibit is also confusing under FRE 1006 and FRE 403 since it provides no information from the underlying materials. To the extent Apple intends to use a portion of the underlying evidence, this exhibit is improper as it circumvents the Court's ruling limiting each party to 200 exhibits. The exhibit is improper under Samsung's MIL #1 because there is no nexus with the intellectual property at issue. Wm. Wrigley Jr. Co. v. Cadbury Adams USA LLC, Nos. 11-1140, -1150 at 13 (Fed. Cir. June 22, 2012). The exhibit is improper under FRE 401 and 403 because it is a waste of time as the TV advertisements have no probative value beyond promoting Apple. If Apple argues these are relevant to commercial success or any other topic, PX12 should be excluded as untimely because Apple failed to identify it in response to any pertinent interrogatories. Scott Forstall is not listed as a sponsoring witness for this exhibit. PX12 and the underlying exhibits are also improper hearsay and the witness lacks foundation to sponsor them.

**PX19:** In addition to the other objections, PX 19 was not produced during discovery or disclosed in response to interrogatory 86 or any relevant interrogatory. It is also improper under FRE 1006 because the underlying originals can be conveniently examined in court.

**PDX20-22:** In addition to the other objections, PDX20-22 lack foundation because Mr. Forstall testified that he lacks knowledge to testify about patent claims. (Patel Decl. Ex. D).

### OBJECTIONS TO AMENDED BRESSLER EXHIBITS

**PX-3 (revised):** Document was *never* produced and includes images of devices also never produced for inspection during discovery. All of Mr. Bressler's undisclosed devices were stricken by Judge Grewal (Dkt 1144 at 7) and this exhibit of undisclosed alternative designs is an attempt to circumvent that order. This applies to all the Samsung phones on PX-3.1, the INNOV8, Jet and Sunburst on PX-3.2, and all non-Apple devices on PX-3.4. It's also an inadmissible demonstrative created by counsel for purposes of litigation. It was altered from what was previously shown to the jury during opening statements and contains a misleading sampling of selected Samsung and 3rd party devices suggesting a development history that has no basis in fact.

02198.51855/4888514.1

-1-   Case No. 11-cv-01846-LHK

OBJECTIONS RE: FORSTALL EXHIBITS AND BRESSLER, KARE, SCHILLER AND DENISON AMENDED DISCLOSURES, AND RESPONSES RE: EXHIBITS FOR DENISON DIRECT AND SCHILLER CROSS

| | |
|---|---|
| 1, 2, 3 | Apple's expert witness was never disclosed to testify about the historical development of Samsung or 3rd party products, and is not competent to do so. It includes products not sold in US and untimely accused, including Galaxy S i9000, Galaxy S II (I777). If admitted, should at least require a disclaimer that it is a "non-representative, non-comprehensive, and disputed graphic created by Apple" and a limiting instruction to the same effect.   **PDX-61-64** reproduces this exhibit and is objectionable for the same reasons. |
| 4, 5, 6 | **PX-4:** Same objections as PX-3; none of the tablets on the left-hand side of PX-4.2 and PDX-66 were ever disclosed as alternatives or produced for inspection and were thus stricken by Judge Grewal (Dkt 1144 at 7); if admitted, should require a disclaimer saying it is a "non-representative, non-comprehensive, and disputed graphic created by Apple" and a limiting instruction to the same effect.   **PDX 65-66** reproduces this exhibit and is objectionable for the same reasons. |
| 7, 8, 9 | **PX-5:** Documents underlying this summary are inadmissible: Out of 9 underlying documents; 4 were *never* produced and 4 were produced weeks after discovery cutoff, *Only 1* was listed in Mr. Bressler's report; the articles are also irrelevant and prejudicial as they are irrelevant to the proper standard of deception of the ordinary observer giving such attention as a purchaser would give, viewing the designs in light of prior art, *Egyptian Goddess*, 543 F.3d 665, 681 665 (Fed. Cir. 2008); they are also unrelated to specific, limited IP rights at issue. |
| 10, 11 | **PX-6:** Documents underlying this purported summary are inadmissible for the same reasons as for PX-5 and because out of 18 documents, 16 are *not* listed in the expert's materials considered; 13 were *never* produced, and 3 were produced several weeks after the discovery cutoff. |
| 12, 13, 14 | **PX-7, 8:** These are demonstratives improperly presented for admission as exhibits; jurors' infringement comparisons should be to actual accused devices, not images, *Egyptian Goddess v. Swisa*, 543 F.3d 665, 682-83 (Fed. Cir. 2008); Galaxy S2 phones not properly accused of design patent infringement; Ace, i9000, and i9100 not sold in U.S.; Mesmerize slide shows wrong phone; orientation of Tab 10.1 wrong; fails to show all views and features visible over the life of the products.   *See Contessa v. Conagra*, 282 F.3d 1370, 1381 (Fed. Cir. 2002). |
| 15 | **PX-10:** Argumentative title because these are *disputed* alternatives.   Includes images of the Fidler Replica (see objections below to JX1078). |
| 16, 17 | **PX-59:** Translation is disputed between the parties; hearsay being submitted for truth of matter asserted FRE 803(6); Improper sponsoring witness as Mr. Bressler has no connection to this non-Apple document or the declarants; Document has no independent foundation; 401; 402; 403. |
| 18, 19, 20 | **PX-133, 141, 142, 174, 175:** Documents were produced two weeks *after* discovery cutoff on 3/21/12; they lack foundation, are hearsay, and are irrelevant to whether the ordinary observer test as applied to the design patents in this case has been met; they are thus irrelevant and prejudicial under FRE 402 and 403. None of these documents were included in Apple's infringement interrogatory response. **PX-135** objected to for all same reasons except timeliness. |
| 21 | **PX-152, 197, 198:** Devices were never produced for inspection during fact discovery; never discussed by witness in expert reports; Apple's undisclosed alternative devices were struck by Judge Grewal (Dkt No. 1144 at 7); these devices are not in Apple's interrogatory responses. |
| 22 | **PX-157:** Already excluded by Order at Dkt No. 1522 as inadmissible hearsay. |
| 23, 24, 25 | **PX-173:** Article never considered by witness in expert reports; hearsay offered for matter asserted; even if true, comments in the article about hypothetical confusion of passersby are irrelevant to design patent infringement, which requires deception of ordinary observer giving attention as a purchaser would give and viewing designs in light of prior art, *see, e.g., Egyptian Goddess*, 543 F.3d at 681-83; article is thus irrelevant and prejudicial under FRE 401-403. |
| 26 | **JX-1007, 1030:** Products not sold in US; 402; 403. |
| 27 | **JX-1031, 1033, 1034, 1035:** Not timely accused in any pleading or contention; irrelevant to any infringement analysis of remaining devices; 402; 403. |
| 28 | **JX-1032:** Not timely accused; not sold in US; 402; 403. |

02198.51855/4888514.1

-2-    Case No. 11-cv-01846-LHK
OBJECTIONS RE: FORSTALL EXHIBITS AND BRESSLER, KARE, SCHILLER AND DENISON AMENDED DISCLOSURES, AND RESPONSES RE: EXHIBITS FOR DENISON DIRECT AND SCHILLER CROSS

| | |
|---|---|
| 1 | **JX-1078; PDX-15-17:** Standing objection if not produced for inspection and made available in court; object to extent not an accurate replica of the tablet. |
| 2 | **PDX-46-60:** Argumentative title – these are "purported alternatives." |
| 3 | **PDX-67:** Outside scope of expert report; improper sponsoring witness. Apple's expert was never disclosed to testify about the development of Samsung products, and is not competent to do so. |
| 4 | **OBJECTIONS TO AMENDED KARE EXHIBITS** |
| 5 | **PX-7:** Samsung objects to PX7 as not disclosed in Ms. Kare's expert reports. This exhibit depicts 17 devices not considered by Ms. Kare or mentioned in her reports. |
| 6 | **PX35, PX41, PX55, PX178, PX179:** Samsung objects to these exhibits because they were not timely disclosed as evidence of copying/willfulness in response to Samsung's Interrog. No. 7 requiring disclosure of Apple's theories of willfulness. Samsung also objects to PX41, PX178, and PX179 as not disclosed in Ms. Kare's expert reports, and further objects to PX179 because it contains a disputed translation. |
| 9 | **PX44:** Samsung objects to PX44 because it contains a disputed translation. |
| 10 | **PX58:** Samsung objects to PX58 because it was not timely disclosed as evidence of copying/willfulness in response to Samsung's Interrog. No. 7 requiring disclosure of Apple's theories of willfulness, and also because it was not disclosed in Ms. Kare's expert reports. In addition, Apple did not identify Ms. Kare as a sponsoring witness for this document, she is incompetent to testify about it, cannot lay a foundation for it, and it constitutes impermissible hearsay. |
| 12 | **PX160:** Samsung objects that PX160 is misleading and confusing because this user interface does not even exist – it is merely a mock-up of a potential product. |
| 13 | **PDX14.4, 14.8-14.10:** Samsung objects that these demonstratives are misleading because they contain comparisons between individual icons. These slides will mislead the jury into believing that they can find infringement based solely on similarities between individual icons, even though such claims have been dropped from the case. |
| 16 | **PDX14.24-14.27, 14.29-14.33:** Samsung objects that these demonstratives are misleading because they purport to demonstrate trade dress infringement, but they only show the GUI of the iPhone as compared to the GUI of the accused Samsung phones. These demonstratives will mislead the jury into believing that they can find trade dress infringement based solely on the GUI, rather than on the entire asserted trade dress. |
| 18 | **PDX14.34-14.36, 14.37:** Samsung objects that these demonstratives present an argument that was not disclosed in Ms. Kare's expert reports. Moreover, PDX14.37 is objectionable because it is based on and contains an excerpt from PX55, which was not timely disclosed in response to Samsung's Interrog. No. 7 regarding willfulness. |
| 20 | **OBJECTIONS TO AMENDED SCHILLER EXHIBITS** |
| 21 | **PX142, PDX16:** PX142 is cumulative, unduly prejudicial, hearsay, and irrelevant. Apple has already disclosed 14 Schiller exhibits that are media reports, including two summaries. *See* PX14, PX 17, PX133, PX134, PX135, PX138, PX140, PX141, PDX1, PDX2, PDX3, PDX5, PDX6, PDX7. Indeed, Apple has already solicited testimony about the subject of this exhibit. (7-31-12 Trial. Tr., at 508:18-25 C. Schiller)). Yet Apple adds another hearsay account that focuses on Steve Jobs (the title is "Patent Office Highlights Jobs's Innovations"), including a photo and discussion of the "honoring of the late Steve Jobs," but does not relate to the IP at issue. PDX 16 is based on PX142 and is objectionable for the same reasons, but magnifies these defects by its misleading focus on portions of PX 142 and enlarging the title and photo. |
| 25 | **OBJECTIONS TO AMENDED DENISON EXHIBITS** |
| 26 | **Denison (PX 44, PX 54, PX 58, PX 62):** Samsung maintains its objections asserted in Dkt. 1468, including lack of foundation with respect to PX 44, but notes that the Court has overruled those objections and will not reargue them again here. In addition, Apple's translation of PX 44 is |

02198.51855/4888514.1

-3-

Case No. 11-cv-01846-LHK

OBJECTIONS RE: FORSTALL EXHIBITS AND BRESSLER, KARE, SCHILLER AND DENISON AMENDED DISCLOSURES, AND RESPONSES RE: EXHIBITS FOR DENISON DIRECT AND SCHILLER CROSS

| | |
|---|---|
| 1 | incorrect as to certain words and phrases, which have been the subject of a meet and confer, and the parties agreed to resolve the disputed terms by an agreed process before PX 44 is used. |
| 2-14 | **Denison (PX-34 PX-38):** 1. *Lacks personal knowledge*. Mr. Denison has never seen these documents. FRE 602. Even a 30(b)(6) witness must have foundation for a document for it to be admitted into evidence through this witness. *See, Digene Corp. v. Ventana Medical Systems, Inc.*, 316 F. Supp. 2d 174, 181 n.10 (D. Del. 1994). 2. *Outside the scope of Mr. Denison's designation as a 30(b)(6) witness*. As this Court recognized, Mr. Denison's 30b6 testimony "is limited to certain IP rights and to certain accused products," those at issue in the PI stage were only the D'087, D'677, D'889 and '381 patents. (Dkt. 1455 at 4; *see also* Patel Decl., Ex. G.) Nothing in PX 34 or PX 38 is within the scope of his designation. 3. *Improper translation*. Apple's translations are incorrect as to certain words and phrases, which have been the subject of a meet and confer. The parties agreed to resolve the disputed terms by an agreed process before PX 34 is used. 4. *FRE 402*. PX-34 concerns chips component that do not implicate any of the rights at issue in this trial. 5. *Improper Purpose*. The purposes for which Apple has identified these documents (Damages, willfulness, secondary considerations, design and trade dress claims and copying) are not supported by this document, particularly for this witness who did not design the accused products. Use of these out-of-court statements for any of the purposes Apple identified, with this witness, would be an undue distraction and consumption of time and should therefore be excluded under FRE 403 as being offered for an improper purpose. 6. *FRE 403 undue distraction and consumption of time*. PX-34's language about imitation with respect to chip components not at issue in this trial would tend to confuse the jury to believe that Samsung copied features that are at issue here. 7. *Hearsay not within any exception*. 8. *Incorrect and incomplete translation as to PX 34*. The parties agreed to substitute a complete translation, but unless and until that is done, the existing incomplete translation of PX 34 is improper and should not be used. 9. *Untimely disclosure as to PX 38*. PX-38 was not identified in response to Samsung's contention interrogatory no. 7 calling for all evidence supporting Apple's allegations of willfulness. (Patel Decl Ex H). |
| 15 | **Denison (PX-62):** This exhibit was not identified in response to Samsung's contention interrogatory no. 7 [evidence of willfulness]. (Patel Decl Ex H). |
| 16-17 | **Denison (Deposition testimony of Wookyun Kho):** Apple has not demonstrated that he is unavailable pursuant to Federal Rule of Civil Procedure 32(a)(4) or that his testimony is properly admissible. Samsung plans to make Mr. Kho available as a live witness. |
| 18-19 | **Denison (Deposition testimony of Jaegwan Shin and Qi Ling):** Samsung objects to Apple's attempt to play this testimony in Apple's "cross" of Mr. Denison after the Court has already excluded it from Apple's "direct" examination of Mr. Denison. |
| | **RESPONSES REGARDING EXHIBITS FOR SCHILLER CROSS EXAM** |
| 20-28 | **DX572, DX592, DX605, DX617, DX 649:** 1. The objections are untimely. Samsung disclosed Mr. Schiller cross-examination exhibits on July 29, 2012. Apple filed its objections on July 30, 2012. 2. DX572, DX592, DX605, and DX617 are Apple surveys that go to many issues other than apportionment of infringer's profits on which Samsung expert Mr. Wagner will not offer an opinion, including (a) Apple's lost profits claim, specifically: (i) the availability of non-infringing alternatives (*Panduit* Factor #2), (ii) whether Apple can satisfy the "but for" test (i.e., Apple would have sold more smart phones and tablets but for Samsung's alleged infringement), and (iii) the amount of Apple's lost sales, if any, because the exhibits show platform and carrier loyalty; (b) reasonable royalty, specifically the relative value of the patented features (*Georgia Pacific* Factors 9-11 & 13); and (c) numerous *Sleekcraft* factors on the trade dress claims including: (1) strength of the mark; (2) proximity of the goods; (5) marketing channels used; and (6) type of goods and the degree of care likely to be exercised by the purchaser. 3. In any event, in ruling on Apple's *Daubert* motion, the Court merely precluded Mr. Wagner from offering an apportionment opinion. Apple did not move for summary judgment or *in limine* to preclude Samsung from putting on evidence to support apportionment of infringer's profits. Apportionment is perfectly appropriate on Apple's trade dress claim (see |

02198.51855/4888514.1

-4-   Case No. 11-cv-01846-LHK

OBJECTIONS RE: FORSTALL EXHIBITS AND BRESSLER, KARE, SCHILLER AND DENISON AMENDED DISCLOSURES, AND RESPONSES RE: EXHIBITS FOR DENISON DIRECT AND SCHILLER CROSS

*Nintendo of America, Inc. v. Dragon Pacific Intern.*, 40F.3d 1007, 1012 (9th Cir. 2004)), and nothing in the Court's Daubert order affected Samsung's ability to introduce admissible evidence on this point.   4.   During meet and confer, Apple asserted the objection of "untimely disclosure of related theories." Although Samsung requested that Apple identify what these alleged "related theories" are, Apple refused to do so. (Patel Decl., Ex. I). Nor did Apple provide any detail or explanation as to its objection for "limiting instruction required" or "misleading." Accordingly, Samsung is not in a position to respond except to say that these exhibits will not be used for any undisclosed theory, do not require a limiting instruction and will not be used to mislead.   5. Apple's objections based on "hearsay," "improper sponsoring witness," and "lacks foundation" are groundless. The documents are admissions and Samsung will lay foundation.   6.   DX649 was never mentioned in any expert report and therefore was never stricken by Judge Grewal's ruling.   Mr. Schiller is a recipient of the email produced by Apple in this action, and Samsung is entitled to examine him on the document.

**DX709, DX711, DX712, DX714, DX715, DX716, DX717:** Schiller testified in deposition that it is "smart" for companies to assess competitive products.   Samsung is entitled to adduce evidence regarding Apple's competitive analysis to rebut copying charges as well as willfulness claims.   Samsung is entitled to question Schiller to assess foundation and knowledge.

| **RESPONSES REGARDING EXHIBITS FOR SAMSUNG'S DENISON EXAM** |
|---|
| Apple's objections to Denison's direct examination exhibits used SDX numbers that were superseded by a subsequent service, which changed only the demonstrative numbers. Samsung's Responses use the same SDX numbers as Apple's objections, with the updated SDX in brackets. |
| **JX1093:** The Court denied apple's motion in limine #3 as to JX1093, the LG KE 750 Prada phone. (Dkt 1267 at 3). It was disclosed at the preliminary injunction stage (Dkt. 0181, 0172) and in response to Interrogatory 12 which incorporates the Sherman Decl. served Dec. 19, 2011, and is thus admissible. Apple did not provide Samsung with the text for their proposed limiting instruction, but a limiting instruction is unnecessary in light of the Court's ruling on MIL#2. Mr. Denison has personal knowledge of the release of JX1093. |
| **DX629:** Samsung seeks to play only one 30-second television advertisement for the Galaxy S II phones, which is relevant to Samsung's non-willful intent and to the unlikelihood that Samsung's phone designs would be perceived as diluting Apple's alleged trade dress. |
| **Samsung's Objections to Rule 30(b)(6) PI Depo. Notice and Letter. from M. Chan to J. Bartlett:** If Apple is permitted to attempt to impeach Mr. Denison regarding his 30(b)(6) testimony or question the thoroughness of his investigation, these materials are necessary to show the complete record related to that designation and arerelevant to rehabilitate Mr. Denison's testimony. Samsung could not have anticipated that Apple would attempt to misrepresent the scope of Mr. Denison's designation. |
| **Samsung's Opening Slides 41-42, SDX3508-3510 [*SDX3585-3587*]:** The titles of these slides contain no attorney argument nor draw any legal conclusions, and Apple ignored Samsung's request to explain its objection. The titles merely state facts of the existence of competitor phones and tablets, and the three Samsung phones that Mr. Denison will testify were not sold by Samsung in the United States. Samsung will lay a foundation for Mr. Denison's knowledge. |
| **SDX3563**:   SDX3563 is a chart of different Samsung phones separated by carrier and generation of phone.   Apple ignored Samsung's request to identify what it found to be argumentative or incorrect, and Samsung believes the headings do not contain any legal conclusions or argument, and the witness will confirm that the names of the phones are correct. **SDX3565 & SDX3566**:   These slides are side by side pictures of accused products with accurate relative sizing. They are not misleading. Samsung will establish a proper foundation. **SDX3587**:   The underlying exhibit for this slide, DX-531, was properly disclosed and Samsung will establish a proper foundation.   It is relevant to the parties' history of innovation, an issue Apple raised in its opening and examination of Mr. Stringer. It is admissible under the residual exception to the hearsay rule. FRE 408 does not apply because this slide is not being offered to "prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction." |

1  DATED: August 2, 2012         QUINN EMANUEL URQUHART &
                                  SULLIVAN, LLP
2
3                                  By */s/ Victoria F. Maroulis*
                                     Victoria F. Maroulis
4                                    Attorneys for SAMSUNG ELECTRONICS
                                     CO., LTD., SAMSUNG ELECTRONICS
5                                    AMERICA, INC., and SAMSUNG
                                     TELECOMMUNICATIONS AMERICA, LLC