| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781) <br> hmcelhinny@mofo.com <br> MICHAEL A. JACOBS (CA SBN 111664) <br> mjacobs@mofo.com <br> RACHEL KREVANS (CA SBN 116421) <br> rkrevans@mofo.com <br> JENNIFER LEE TAYLOR (CA SBN 161368) <br> jtaylor@mofo.com <br> ALISON M. TUCHER (CA SBN 171363) <br> atucher@mofo.com <br> RICHARD S.J. HUNG (CA SBN 197425) <br> rhung@mofo.com <br> JASON R. BARTLETT (CA SBN 214530) <br> jasonbartlett@mofo.com <br> MORRISON & FOERSTER LLP <br> 425 Market Street <br> San Francisco, California 94105-2482 <br> Telephone: (415) 268-7000 <br> Facsimile: (415) 268-7522 | WILLIAM F. LEE <br> william.lee@wilmerhale.com <br> WILMER CUTLER PICKERING <br> HALE AND DORR LLP <br> 60 State Street <br> Boston, MA 02109 <br> Telephone: (617) 526-6000 <br> Facsimile: (617) 526-5000 <br><br> MARK D. SELWYN (SBN 244180) <br> mark.selwyn@wilmerhale.com <br> WILMER CUTLER PICKERING <br> HALE AND DORR LLP <br> 950 Page Mill Road <br> Palo Alto, California 94304 <br> Telephone: (650) 858-6000 <br> Facsimile: (650) 858-6100 |

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, <br><br> Defendants. | Case No. 11-cv-01846-LHK <br><br> **[CORRECTED] APPLE'S RESPONSES TO SAMSUNG'S OBJECTIONS TO FORSTALL, BRESSLER, KARE, DENISON AND SCHILLER DIRECT EXAMINATION MATERIALS** <br><br> **APPLE'S OBJECTIONS TO SAMSUNG'S PROPOSED DIRECT EXAMINATION MATERIALS FOR DENISON AND SUPPLEMENTAL OBJECTIONS TO SAMSUNG'S PROPOSED CROSS EXAMINATION MATERIALS FOR SCHILLER** <br><br> Trial: August 3, 2012 <br> Time: 9:00 a.m. <br> Place: Courtroom 8, 4th Floor <br> Judge: Hon. Lucy H. Koh |

On Tuesday, the Court ruled on Samsung's objections to Apple's proposed exhibits for Justin Denison, Peter Bressler, and Susan Kare. (Dkt. Nos. 1520 & 1522). On Wednesday, Apple disclosed its direct exhibits for Scott Forstall and supplemented its prior disclosures for Mr. Denison, Mr. Bressler, and Dr. Kare. This was limited to: (1) two new exhibits for Mr. Denison; (2) five new demonstrative exhibits for Dr. Kare; (3) a revised exhibit, two related demonstratives, and three new demonstratives for Mr. Bressler; and (4) minor, cosmetic changes to Dr. Kare's previously disclosed demonstratives.

At 12:26 a.m. this morning, Samsung noticed *six pages of objections* to Apple exhibits – despite the Court's five-page limitation on briefing. Samsung expressly included "new" objections to exhibits that the Court has ***already ruled upon*** or that Samsung ***had not raised*** with Apple's prior identification of the same exhibits. (Hung Decl. Ex. A.) On request, Samsung refused to identify which of its new objections it actually intended to brief. (*Id.*) The Court should reject Samsung's request that the Court reconsider its prior rulings overruling Samsung's objections. It also should ignore Samsung's new, untimely objections as waived. Thus, the only objections that the Court need resolve are those to the Apple exhibits or demonstratives first disclosed on Wednesday (*i.e.*, for Forstall and the supplements to Denison, Bressler, and Kare).

Apple also objects to certain of Samsung's materials for Phil Schiller[1] and Justin Denison.

### I. Apple's Responses to Samsung's Objections to Scott Forstall, Peter Bressler and Susan Kare Direct Examination Materials

| Exhibit/ Demons. | Apple's Responses to Samsung's Objections to Kare, Bressler, Denison and Forstall Direct Examination Exhibits and Materials |
|---|---|
| **Kare Direct Examination Exhibits and Materials** | |
| PX7, PX35, PX41, PX44, PX55, P178, PX179 | The Court considered and overruled Samsung's prior objections to these exhibits. (Dkt. No. 1520.) Samsung's new objections are untimely and waived. |
| PX58 | Apple did not disclose PX58 as a Kare exhibit. |
| PX160 | The Court overruled Samsung's objections to an identical exhibit (PX22.3 – *see* Dkt. No. 1520). Samsung's new objection that the exhibit misleads because |

---

[1] Samsung misidentified its cross-examination exhibits for Phil Schiller as plaintiff's ("PX") rather than defendant's ("DX") exhibits, and Apple learned of this only recently. Apple therefore supplements its prior objections to address the correctly identified DX exhibits.

| Exhibit/ Demons. | Apple's Responses to Samsung's Objections to Kare, Bressler, Denison and Forstall Direct Examination Exhibits and Materials |
|---|---|
| | "the user interface does not even exist" ignores that this shows a *concept*. |
| PDX14.4, 14.8-14.10 | The slide will demonstrate Kare's testimony about the overall visual appearance of the D'305 patent and the accused products. Those overall appearances comprise particular design elements such as icons. |
| PDX14.24-27, 29-33 | This slide will demonstrate Kare's testimony about *particular* elements of the trade dress, and thus does not mislead simply because it concerns only the graphical user interface aspect. Moreover, PDX14.24 does not show a partial view, and PDX14.33 does not show asserted trade dress. |
| PDX14.34-36 | The Court overruled Samsung's objections to PX44, from which these images are drawn. (Dkt. No. 1520) PX44 cannot be outside the scope of Dr. Kare's report, which disclosed and explained her reliance on the document. |
| PDX14.37 | The Court overruled Samsung's objections to PX55 (Dkt. No. 1520), from which these images are drawn. The graphic shows a page from PDX55 next to an iPhone home screen and a Samsung applications screen. |
| **Bressler Direct Examination Exhibits and Materials** | |
| PX3-REVISED | The Court overruled Samsung's objections to this exhibit. (Dkt. No. 1512.) The only change on PX3 was to *delete* the F700 from this FRE1006 summary. This was because Samsung had inaccurately claimed, both in the Quinn declaration and related Samsung press release, that Apple had accused the F700 of being "an iPhone copy" in its opening statement (Dkt. No. 1533 at ¶ 2). Apple made no such allegation (7/31/12 Tr. at 321:2-4), and it expressly is *not* accusing the F700 of infringing the asserted design patents or trade dress (Dkt. No. 1178). Apple's deletion of the F700 from this timeline was to avoid any confusion. This deletion is no reason for revisiting the Court's prior decision to overrule Samsung's objections, and Samsung's new objections are untimely. |
| PX4, PX5, PX6, PX7, PDX61-66, | The court already overruled Samsung's objections to these exhibits and demonstratives. (Dkt. No. 1512.) Samsung's new objections are untimely and waived. |
| PX8, 10, 32, 59, 133, 135, 141-142, 152, 173-175, 197-198 | Samsung raised no objections to these exhibits when Apple disclosed them on July 29, 2012, and the Court has already ruled on Mr. Bressler's exhibits. (Dkt. No. 1507.) Samsung's new objections are untimely and waived. |
| JX1007, JX1030-1035, JX1078 | Samsung raised no objections to these exhibits when Apple disclosed them on July 29, 2012, and the Court has already ruled on Mr. Bressler's exhibits. (Dkt. No. 1507.) Samsung's new objections are untimely and waived. |
| PDX15-17, PDX46-60, PDX67 | Samsung raised no objections to these exhibits when Apple disclosed them on July 29, 2012, and the Court has already ruled on Mr. Bressler's exhibits. (Dkt. No. 1507.) Samsung's new objections are untimely and waived. |
| **Denison Direct Examination Exhibits and Materials** | |
| PX34, PX38 | Apple will establish the foundation for PX34 & 38 and may use them for impeachment purposes with Mr. Denison, Samsung's 30(b)(6) witness on "Samsung's imitation, copying, or emulation" of Apple's products. Rule 613 is inapplicable, as it relates to prior witness statements. These exhibits, which show Samsung's intentional copying by comparing and then adopting Apple's |

| Exhibit/ Demons. | Apple's Responses to Samsung's Objections to Kare, Bressler, Denison and Forstall Direct Examination Exhibits and Materials |
|---|---|
| | product features and design, are highly relevant. Their highly probative value outweighs any risk of prejudice to Samsung. PX34 & PX38 are party admissions and admissible, as they were made by Samsung employees within the scope of their employment. Apple's response to Rog. 7 was timely and discloses that Apple will rely on Samsung's internal documents showing that Samsung analyzed and compared its products to Apple's. (*See* Dkt. No. 1537.) |
| PX44, PX62 | The Court overruled Samsung's objections to these exhibits. (Dkt. No. 1520.) Samsung's additional objections are untimely and waived. |
| 9/21 Dep. Err. | Apple plans on using this document for impeachment purposes only. |
| Dep. of Wookyun Kho | [CORRECTED] Apple's only edit was to *delete* testimony. Samsung's new objection is untimely; Samsung did not allege that Mr. Kho was unavailable when Apple disclosed his transcript on July 29, 2012 (but did for Mr. Shin and Mr. Li, on whom the Court ruled). Samsung previously refused to resume the deposition of Mr. Kho, a South Korean resident, after he gave adverse testimony on Samsung's copying of the "bounce" technology allegedly because: (1) he was leaving the company; (2) he was on medical leave; and (3) he was starting dental school. It did so only under threat of a motion to compel. Mr. Kho does not appear on Samsung's live or may call witness lists. |
| **Forstall Direct Examination Exhibits and Materials** | |
| JX1042 | [CORRECTED] D'305 patent concerns the appearance of the iPhone home screen, which is part of its user interface. Mr. Forstall is the head of the iOS operating system at Apple and the inventors are in Mr. Forstall's group. He was personally involved in selecting the icons and layout of the home screen. He can sponsor and lay foundation for this patent. His testimony will be within the scope of his pre-trial witness disclosure. (Dkt. No. 1189-3.) Samsung misleadingly points to interrogatories concerning conception and reduction to practice and identifying him as an inventor on the '163 patent to suggest that he cannot testify regarding other topics. Although he is an apex witness, he was deposed on three separate days for the N.D. Cal. and ITC actions. |
| JX1044-1045, PDX17-18, PDX23-24 | '915 and '381 patents relate to iOS operating system. The inventors are in Mr. Forstall's group, and he is personally familiar with the use and implementation of such inventions in Apple products and can lay foundation. His testimony will be within the scope of his witness disclosure. The demonstratives show information on the face of patent and videos from Apple's opening statement of iPhone that demonstrate patented features. |
| PX12 | [CORRECTED] The Court already overruled Samsung's 1006 and hearsay objections. (Dkt. No. 1520.) The additional objections are untimely. The ad features the asserted touch user interface IP, and Mr. Forstall is personally familiar with the ad. No relevant interrogatory identified. |
| PX19 | This is a proper 1006 compilation. It was compiled from voluminous CAD images that are separately admissible and made available to Samsung for inspection during discovery. Mr. Forstall personally considered these images. |
| PDX20, PDX21, PDX22 | The demonstratives highlight claim language from the patents. Mr. Forstall will testify factually regarding his group's inventions and their implementation in Apple products. Mr. Forstall is a named '163 inventor (in PDX22). |

| Exhibit/ Demons. | Apple's Responses to Samsung's Objections to Kare, Bressler, Denison and Forstall Direct Examination Exhibits and Materials |
|---|---|
| **Phil Schiller Direct Examination Materials** ||
| PX142, PDX16 | The Court has already ruled on the admissibility of news articles featuring the IP rights at issue. (Dkt. No. 1520.) As the Court noted in its ruling, this exhibit is being offered to show fame. Given the standard for fame, Apple's introduction of this exhibit would not be cumulative. Mr. Schiller has personal knowledge of this article. PDX 16 is a demonstrative of PX142. |

II. **Apple's Objections to Samsung's Proposed Direct Exam. Materials for Justin Denison and Supp. Objections to Direct Exam. Materials for Phil Schiller**

| Exhibit/ Demons. | Apple's Objections |
|---|---|
| **Samsung's Denison Direct Examination Exhibits and Materials** ||
| JX1093 | JX1093 is not prior art and thus irrelevant. In ruling on Apple's MIL #2, the Court held that it "may be" prior art. This was before the testimony of Christopher Stringer, who explained that the design of the iPhone's front face and bezel was completed April 20, 2006. In its MIL opposition, Samsung alleged that the Prada was disclosed in "late 2006" at best. JX1093 therefore cannot be prior art to the D'677 and D'087 patents. As for the D'305 patent, Judge Grewal's order struck the related opinions of Samsung's expert, Sam Lucente, on invalidity as untimely disclosed. (Dkt. No. 1144 at 4.) Samsung also be unable to authenticate JX1093 with Mr. Denison. If the Court does admit JX1093, it should be accompanied by a limiting instruction that it is not prior art. |
| DX629 | This Court has sustained Apple's objection to DX629 as not probative. (Dkt. 1511.) Apple renews its objection. |
| Samsung's Opening Slides 41-42 | Apple objects to the extent that Samsung seeks to move these exhibits, which were not on its exhibit list, into evidence. Mr. Denison lacks personal knowledge of Apple's internal competitive documents and cannot lay the foundation for these slides. This Court has ruled that fame and consumer use are measured as of initial use of the mark by the junior user. (Dkt. No. 1158 at 9.) For Apple's iPhone trade dress, that date is the release of the Galaxy S phones in the U.S. on 7/9/10. For Apple's iPad trade dress, that date is the release of the Galaxy Tab 10.1 on 6/11/11. These slides, which depict products released after these dates, cannot be relevant to fame or distinctiveness. (Dkt. No. 1441.) |
| SS Objs. to 30(b)(6) PI Depo. Notice | Apple objects to the extent that Samsung seeks to move these exhibits, which were not on its exhibit list, into evidence. |
| Ltr. from Chan to Bartlett | Apple objects to the extent that Samsung seeks to move these exhibits, which were not on its exhibit list, into evidence. |
| SDX3586, SDX3587 | SDX3586 uses images from DX709 and DX712, and SDX3587 uses images from DX710, but DX709, DX710, or DX712 were not disclosed for use with Mr. Denison. These underlying exhibits are *internal* Apple documents, for which Mr. Denison lacks personal knowledge and cannot lay a foundation. |

| Exhibit/ Demons. | Apple's Objections |
|---|---|
| SDX3584 | SDX3584 confusingly refers to "Galaxy I" and "Galaxy II" phones, when the proper names of these phones are "Galaxy" and "Galaxy S II" respectively. |
| SDX3508-09 | To the extent that Denison will offer these slides to show non-infringement, Mr. Denison is unqualified to offer such opinions. The opinions of Samsung's non-infringement expert, Rob Anders, were struck. (Dkt. No. 1144 at 3.) |
| SDX3588 | SDX3588 improperly uses excerpts from DX531. Samsung never disclosed DX531 for use with Mr. Denison, and the underlying exhibit is irrelevant, hearsay, and incomplete (from a multi-page proposal from *Samsung*). The inclusion of the Bates label mistakenly suggests that Apple prepared this. Apple objects to the extent Samsung attempts to use DX531 for an improper Rule 408 purpose as it discusses settlement. Mr. Denison does not have personal knowledge of DX531 or SDX3588 because DX531 is an SEC document. Samsung will also not be able to show that Mr. Denison has personal knowledge of underlying USPTO information. |
| SDX3589 | Samsung identified SDX3589, but still has not provided this slide to Apple. Apple therefore objects on that basis. |
| **Schiller Cross Examination Exhibits and Materials** ||
| DX572 | Judge Grewal struck Samsung's expert's analysis of invalidity based on this reference as untimely disclosed. (Dkt. No. 1144 at 4.) Because Samsung may not present invalidity arguments based on this reference, it is irrelevant. |
| DX592 | The Court has ruled that Samsung's expert's theory of apportionment for Apple's design patents and trade dress based on value rankings of various smartphone features in consumer surveys is contrary to law and unreliable. (Dkt. No. 1157 at 8-10.) The evidence is irrelevant and hearsay. |
| DX605 | Samsung will not be able to establish the foundation for this exhibit through Mr. Schiller, as it was prepared by a third party. This exhibit also falls within the scope of the Court's exclusion of Samsung's expert's apportionment theory (see DX592 above) [cite corrected] and is hearsay. |
| DX617 | Samsung will not be able to establish the foundation for this exhibit through Mr. Schiller, as it was prepared by a third party. This exhibit also falls within the scope of the Court's exclusion of Samsung's expert's apportionment theory (see DX592 above) [cite corrected] and is hearsay. |
| DX649 | This exhibit falls within the scope of the Court's exclusion of Samsung's expert's apportionment theory (see DX592 above) [cite corrected] and is also hearsay. |
| DX709, DX711, DX712, DX714, DX715, DX716, DX717 | [CORRECTED] Samsung offers no basis for believing that Mr. Schiller will have a foundation for these exhibits. These documents are irrelevant as they post-date the introduction of the iPhone and iPad 2, and thus could not have influenced its design. |

Dated: August 2, 2012          MORRISON & FOERSTER LLP

By:  /s/ *Michael A. Jacobs*
       Michael A. Jacobs

Attorneys for Plaintiff
APPLE INC.