UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| APPLE, INC., a California corporation, | ) | Case No.: 11-CV-01846-LHK |
| | ) | |
| Plaintiff and Counterdefendant, | ) | |
| v. | ) | ORDER DENYING SAMSUNG'S |
| | ) | MOTIONS FOR RELIEF FROM |
| SAMSUNG ELECTRONICS CO., LTD., A | ) | MAGISTRATE JUDGE ORDERS; |
| Korean corporation; SAMSUNG | ) | CLARIFYING SUMMARY JUDGMENT |
| ELECTRONICS AMERICA, INC., a New York | ) | ORDER |
| corporation; SAMSUNG | ) | |
| TELECOMMUNICATIONS AMERICA, LLC, | ) | |
| a Delaware limited liability company, | ) | |
| | ) | |
| Defendants and Counterclaimants. | ) | |
| | ) | |

Before the Court are three motions. Samsung filed a conditional[1] motion for relief from a non-dispositive order of a Magistrate Judge. ECF No. 953. Samsung also filed a second motion for relief from a non-dispositive order of a Magistrate Judge. ECF No. 1216. Apple filed an opposition to Samsung's motion. ECF No. 1242. Finally, Samsung filed a motion to clarify the Court's Order Denying Samsung's Motion for Summary Judgment. ECF No. 1258. Apple filed an opposition to Samsung's motion. ECF No. 1282. Pursuant to Civil Local Rules 7-1(b) and 72-2, these matters were deemed submitted without oral argument. In light of the parties' need for finality in light of the ongoing trial, the analysis will be brief.

---

[1] After Judge Grewal issued the Order, Samsung filed two concurrent motions: (1) a motion for clarification of the order in front of Judge Grewal, and (2) a conditional motion before this Court in the event that Judge Grewal ruled against Samsung in clarifying the original order. As a procedural matter, Civil Local Rule 72-2 states that "Unless otherwise ordered by the assigned District Judge, no response need be filed and no hearing will be held concerning the motion. The District Judge may deny the motion by written order at any time, but may not grant it without first giving the opposing party an opportunity to respond. If no order denying the motion or setting a briefing schedule is made within 14 days of filing the motion, the motion shall be deemed denied. The Clerk shall notify parties when a motion has been deemed denied." The Court did not order a response from Apple. Apple filed an administrative motion, essentially arguing that Samsung's motion had been deemed denied 14 days after the conditional motion was filed and that the Court need not even reach the merits of Samsung's motion. ECF No. 1274. Because the Court denies Samsung's motion on the merits, Apple's administrative motion is DENIED as moot.

1

## I.      Motions for Relief From Non-Dispositive Magistrate Judge Orders

On December 22, 2011, Judge Grewal granted Apple's Motion to Compel Samsung to produce its accused products' source code no later than December 31, 2011 (the "Order to Compel Source Code"). On May 4, 2012, Judge Grewal issued an order, pursuant to FRCP 37, sanctioning Samsung for failure to timely produce the source code by December 31, 2011 ("Sanction Order"). Judge Grewal found that Samsung had failed to comply with an order to produce source code related to three of Apple's utility patents at issue in this case. In the Sanction Order, Judge Grewal ordered that "Samsung shall be precluded from offering any evidence of its design-around efforts for the '381, '891, and '163 patents, and shall not argue that the design-arounds are in any way distinct from those versions of code produced in accordance with the court's order." ECF No. 898, at 9. In response, Samsung filed a motion for clarification of the order before Judge Grewal because Samsung argued that some design around source code had been produced before the December 31, 2011 deadline. Judge Grewal clarified the Sanction Order on June 19, 2012 ("Clarification Order"). ECF No. 1106. In the Clarification Order, Judge Grewal explained that despite the fact that Samsung now asserted that some source code had been produced before the December 31, 2011 deadline, Samsung was nonetheless precluded from introducing evidence of design-arounds relating to the '381, '891, and '163 patents: "This means no source code evidence, no non-source code evidence, no evidence of any kind, whether for liability purposes or any other purpose. Period. Because Apple only requested this sanction as to the upcoming jury trial, this restriction does not extend beyond trial to any post-trial proceeding such as those relating to the permanent injunction sought by Apple or contempt proceedings."

On June 27, 2012, Judge Grewal issued an order granting-in-part and denying-in-part Apple's motion to strike portions of Samsung's expert reports ("Order Striking Expert Reports"). ECF No. 1144. Judge Grewal reasoned that: "many of the expert reports offer theories or rely on evidence never previously disclosed as required. Even if disclosed somewhere, the parties have forced each other to comb through the extraordinarily voluminous record to find them, rather than simply amending their contentions or interrogatory responses as they should. This is unacceptable.

Case No.: 11-CV-01846-LHK
ORDER REGARDING MOTIONS FOR RELIEF; MOTION FOR CLARIFICATION

United States District Court
For the Northern District of California

1    Patent litigation is challenging and expensive enough without putting one party or the other to the

2    task of sifting through mountains of data and transcripts to glean what is at issue."  *Id.* at 2-3.

3            Pursuant to Federal Rule of Civil Procedure 72, a district judge may set aside a magistrate

4    judge's non-dispositive pretrial order only if it is "clearly erroneous or contrary to law."  Fed. R.

5    Civ. P. 72(a).  Therefore, this Court reviews Judge Grewal's Sanction Order and Judge Grewal's

6    Order Striking Expert Reports to determine whether they were clearly erroneous or contrary to law.

7    **A.  Samsung's Motion for Relief from Judge Grewal's Sanction Order**

8            Samsung does not argue that Judge Grewal's Sanction Order was "contrary to law."

9    Instead, Samsung argues that Judge Grewal's Sanction Order was clearly erroneous because the

10   sanction precluding all evidence of design-arounds of the '381 patent and the '163 patent[2] exceeds

11   the scope of the discovery violation in light of the fact that Samsung produced some source code

12   prior to the December 31, 2011 deadline.  Samsung requests that the Court grant relief and permit

13   Samsung to introduce at trial: (1) source code for the blue glow function (a design around for the

14   bounce back feature) as evidence of Samsung's efforts to design around the '381 patent; and (2)

15   evidence of design-arounds and non-infringing alternatives other than source code produced after

16   December 31, 2011.

17           Rule 37 provides that, "[i]f a party or a party's officer, director, or managing agent — or a

18   witness designated under Rule 30(b)(6) or 31(a)(4) — fails to obey an order to provide or permit

19   discovery . . . the court where the action is pending may issue further just orders."  Fed. R. Civ. P.

20   37(b)(2)(A).  As Judge Grewal explained, before granting a dismissal or default judgment for

21   noncompliance with court-ordered discovery under Rule 37, the court must weigh the following

22   factors:

> (1) The public's interest in expeditious resolution of the litigation; (2) the court's
> need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public
> policy favoring disposition of cases on their merits; and (5) the availability of less
> drastic actions.

---

[2]  The '891 patent is no longer asserted by Apple in this case.

Case No.: 11-CV-01846-LHK
ORDER REGARDING MOTIONS FOR RELIEF; MOTION FOR CLARIFICATION

United States District Court
For the Northern District of California

1   *Payne v. Exxon Corp*., 121 F.3d 503, 507 (9th Cir. 1997).[3]  Where a court order is violated, the first

2   factor (the public's interest in expeditious resolution of the litigation) and the second factor (the

3   court's need to manage its docket) weigh in favor of default.  The fourth factor (the public policy

4   favoring disposition of cases on their merits) weighs against default.  Therefore, the third factor

5   (risk of prejudice to the party seeking sanctions) and fifth factor (availability of less drastic actions)

6   are decisive.  *Id*. (citing *Adriana Int'l Corp. v. Theoren*, 913 F.2d 1406, 1412 (9th Cir. 1990)).

7   There are two limitations to the application of a Rule 37(b)(2) sanction.  First, "any sanction must

8   be 'just'; second, the sanction must be specifically related to the particular 'claim' which was at

9   issue in the order to provide discovery."  *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de*

10  *Guinee* (*Compagnie des Bauxites*)*,* 456 U.S. 694 707 (1982).

11          The Court reviews Judge Grewal's Sanction Order under the clearly erroneous standard.

12  The Court cannot say that Judge Grewal's Sanction Order was clearly erroneous.  Judge Grewal's

13  Sanction Order mistakenly stated that no source code for design-arounds related to the '381 Patent

14  had been produced by the December 31, 2011 deadline.  However, as Judge Grewal's Clarification

15  Order makes clear, that mistake of fact was as a result of Samsung's own statement to Judge

16  Grewal that Samsung "did not produce any blue glow [design around] source code until January

17  23, 2012," in violation of the Court Order to produce all source code by December 31, 2011.  *See*

18  ECF No. 1106 at 3.  This Court defers to the Magistrate Judge's ultimate judgment that even if

19  Samsung had produced *some* source code before the Court ordered deadline, Samsung was hardly

20  in compliance with Judge Grewal's Order to produce *all* source code (including *all* blue glow

21  source code) by December 31, 2011.  Even crediting Samsung's partial compliance of source code

22  production, it was not clearly erroneous for Judge Grewal to find that Apple was still prejudiced by

23  Samsung's failure to fully comply with Judge Grewal's order to produce all source code.

24          Nor was Judge Grewal's exclusion of all design around evidence for these two patents

25  clearly erroneous.  Although this aspect of the Sanction Order is broader than the issue of source

26  code addressed in the Order to Compel Source Code, Judge Grewal determined that "it would

---

[3] "Because the imposition of a discovery sanction is not a matter substantially related to patent law, [the Federal Circuit applies] the law of the regional circuit." *Transocean Corp. v. Bridgewood Servs., Inc*., 290 F.3d 1364 (Fed Cir. 2002).

4

hardly be fair to allow Samsung to offer what little design-around code it may have produced for a handful of the accused products, or to allow Samsung to produce all kinds of non-source code evidence, after it withheld substantial source code that would have permitted Apple to challenge such evidence." ECF No. 1106 at 3. Indeed, it was a reasonable finding that Samsung's failure to fully comply with the Order to Compel Source Code necessarily prejudiced Apple's ability to build its case as to each infringing product and to defend itself against cross-examination of its expert witnesses. *See* June 19, 2012 Hr'g Tr. at 20-21 (Apple's experts vulnerable on cross examination to attacks that they had not thoroughly analyzed the source code). Judge Grewal's solution was not unjust or unrelated to the particular issue addressed in the Order to Compel Source Code, nor was the Sanction Order clearly erroneous in light of the facts presented. Accordingly, Samsung's motion is DENIED.

### B. Samsung's Motion for Relief from Judge Grewal's Order Striking Portions of Expert Reports

On June 27, 2012, Judge Grewal issued an order granting-in-part and denying-in-part Apple's motion to strike portions of Samsung's expert reports. ECF No. 1144. Judge Grewal reasoned that: "many of the expert reports offer theories or rely on evidence never previously disclosed as required. Even if disclosed somewhere, the parties have forced each other to comb through the extraordinarily voluminous record to find them, rather than simply amending their contentions or interrogatory responses as they should. This is unacceptable. Patent litigation is challenging and expensive enough without putting one party or the other to the task of sifting through mountains of data and transcipts to glean what is at issue." *Id*. at 2-3.

At issue in this motion for relief is Judge Grewal's ruling excluding portions of the expert reports of Robert Anders, Itay Sherman, and Sam Lucente. *See, e.g.*, ECF No. 1144 at 3-5; ECF No. 1216 at 1. Specifically, Samsung argues that Judge Grewal's ruling was clearly erroneous and contrary to law because it excluded evidence or opinions that (1) were made known during discovery; (2) were submitted solely in rebuttal to arguments and analyses Apple disclosed for the first time in their opening reports; and (3) Apple affirmatively represented to the Court it was not

Case No.: 11-CV-01846-LHK
ORDER REGARDING MOTIONS FOR RELIEF; MOTION FOR CLARIFICATION

seeking to exclude because the evidence or opinions had been disclosed at the preliminary

injunction stage.

Both parties sought to strike portions of expert reports based on evidence and theories not

disclosed in discovery pursuant to Federal Rules of Civil Procedure 26(a) and (e) and 37(c)(1).

Rule 26(e)(1) of the Federal Rules of Civil Procedure requires all parties to supplement or correct

their initial disclosures, expert disclosures, pretrial disclosures, and responses to discovery requests

"in a timely manner if the party learns that in some material respect the disclosure or response is

incomplete or incorrect, and if the additional or corrective information has not otherwise been

made known to the other parties during the discovery process or in writing."  Fed. R. Civ. P.

26(e)(1)(A).  The parties are expected to supplement and/or correct their disclosures promptly

when required under that Rule, without the need for a request from opposing counsel or an order

from the Court.  *See Oracle USA, Inc., et al. v. SAP AG, et al.*, 264 F.R.D. 541, 544 (N.D. Cal.

2009).  In addition, Rule 37 mandates that a party's failure to comply with the obligations under

Federal Rule of Civil Procedure 26(e)(1) results in that party being precluded from "use [of] that

information . . . to supply evidence on a motion, at a hearing or at trial, unless the failure was

substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).  Once non-compliance is shown,

the burden is on the party who failed to comply to demonstrate that it meets one of the two

exceptions to mandatory sanctions.  *See Oracle USA*, 264 F.R.D. at 545 (*citing Carr v. Deeds*, 453

F.3d 593, 602 (4th Cir. 2006), and *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.,* 259 F.3d 1101,

1107 (9th Cir. 2001).  A court need not find bad faith before imposing sanctions for violations of

Rule 37(c)(1).  *See Yeti by Molly*, 259 F.3d at 1106.

Although Samsung argues briefly in passing that Judge Grewal's ruling was "contrary to

law," in reality Samsung seeks review of Judge Grewal's factual findings, which are reviewed

under the "clearly erroneous" standard. Fed. R. Civ. P. 72(a).  Even employing a "careful

inspection of the record," this Court cannot say that Judge Grewal's findings, and ultimate

conclusion to strike portions of the expert reports of Messrs. Anders, Lucente, and Sherman were

clearly erroneous.  *See Silver v. Executive Car Leasing Long-Term Disability Plan*, 466 F.3d 727,

733 (9th Cir. 2006) (reviewing a district court's decision under clearly erroneous standard, while

6

1    carefully inspecting the record because the district court adopted the findings of fact and

2    conclusions of law of one party).

3         *Evidence Made Known In Discovery*.  First, although Samsung may have disclosed in

4    discovery some of the references and documents upon which its experts relied, Samsung also failed

5    to supplement its answers to contention interrogatories to disclose to Apple some of the bases of its

6    invalidity, infringement, and lack of distinctiveness theories until after the close of discovery.  The

7    record in this case is enormous, and the discovery burdens onerous on both parties.  Judge Grewal

8    did not clearly err in finding that Samsung's disclosure of prior art references, witnesses, and

9    documents in discovery was not sufficient to "make known" to Apple, Samsung's theories of

10   invalidity and infringement.[4]  For example, buried among 29,000 pages of documents, Samsung

11   inserted the Nokia Fingerprint, a prior art reference in support of invalidity that Judge Grewal

12   struck from Samsung's expert report.  Similarly, Samsung's response to Apple's contention

13   interrogatory number 12, which sought disclosure of Samsung's theories of anticipation,

14   obviousness, and other grounds of invalidity, contained 595 prior art references comprising 5,600

15   pages of documents.   It would have been difficult, if not impossible, for Apple to have known

16   which prior art references and evidence were intended to support which theory, without Samsung

17   amending its responses to the contention interrogatories in a timely manner.

18        Although Samsung's answers to the contention interrogatories were amended on March 19,

19   2012, after the fact discovery deadline, but before the close of *expert* discovery, it was not clearly

20   erroneous for Judge Grewal to find that Apple was nonetheless prejudiced by the untimely

21   disclosed amendments.  Specifically, because Samsung did not disclose its theories prior to the

22   close of *fact* discovery, Apple did not have the opportunity to conduct additional fact discovery

23   regarding Samsung's new theories.  Although expert discovery had not yet concluded, the experts

24   were in effect locked-in to the factual record as of the time fact discovery closed and could not test

25

26   ───────────────
     [4]  Samsung also raises an argument raised below, that Apple's motion to strike breached an
27   agreement between the parties that Apple would not bring a motion to strike if Samsung amended
     its contentions by March 19, 2012.  *See* ECF No. 1216, at 5 n.7.  However, this argument was
28   specifically raised in the hearing on the motion to strike, and by inference, Judge Grewal rejected
     the argument.  In light of the factual dispute, the Court cannot say that Judge Grewal's implicit
     finding that there was no such agreement was clearly erroneous.

Case No.: 11-CV-01846-LHK
ORDER REGARDING MOTIONS FOR RELIEF; MOTION FOR CLARIFICATION

1    the factual basis for the newly amended contentions by conducting additional discovery.

2    Accordingly, Judge Grewal did not clearly err in striking these portions of the expert reports.

3        *Exclusion of Evidence Or Opinions Made In Rebuttal.*  Samsung also argues that its failure

4    to disclose its non-infringement theories prior to the rebuttal expert reports of Messrs. Lucente and

5    Anders was "substantially justified or [] harmless" because Apple's contention interrogatory

6    responses did not contain sufficient detail from which it could discern Apple's infringement

7    contentions.  Fed. R. Civ. P. 37(c)(1).  Although Samsung claims that Apple's contention

8    interrogatory responses were not sufficiently detailed, the evidence contradicts Samsung's position.

9    Apple provided 58 pages of side-by-side comparisons disclosing Apple's infringement theories

10   upon which it would rely at trial.  Martin Decl. Ex. 20.  That Apple's expert reports disclosed

11   additional detail did not relieve Samsung of its duty to amend its answers to contention

12   interrogatories in a timely manner.  Thus, Samsung has failed to establish that it was substantially

13   justified in failing to disclose its non-infringement contentions until the rebuttal reports of its expert

14   witnesses.  Additionally, Judge Grewal's determination that any failure to disclose was not

15   harmless was also not clearly erroneous.   Indeed, as explained above, the parties needed to

16   crystallize and disclose their theories and contentions in a timely manner.  Samsung's failure to

17   timely disclose its amended answers to contention interrogatories until after the close of fact

18   discovery impeded Apple's ability to conduct fact discovery on the undisclosed theories.  Judge

19   Grewal's ruling on that issue was not clearly erroneous.

20       *Exclusion of Theories Based on Evidence Disclosed In the Preliminary Injunction Briefing*.

21   Finally, Samsung also argues that evidence identified in its preliminary injunction briefing, was

22   disclosed to Apple in August 2011, well before the close of discovery.  Although Samsung

23   discussed several prior art references in its opposition to Apple's motion for a preliminary

24   injunction, Samsung did not disclose that it intended to use the evidence to support its infringement

25   and invalidity theories in its preliminary injunction briefing.  Indeed, Samsung did not disclose that

26   it intended to rely on these references to support its infringement and invalidity theories until after

27   the close of discovery.

28

Case No.: 11-CV-01846-LHK
ORDER REGARDING MOTIONS FOR RELIEF; MOTION FOR CLARIFICATION

United States District Court
For the Northern District of California

1     For example, Samsung referenced clips from "Space Odyssey" and "Tomorrow People" in

2  its opposition to the preliminary injunction in a general discussion of the background of the field.

3  Samsung did not, however, argue that these references supported an invalidity or non-infringement

4  theory.  That Samsung changed tack after the close of fact discovery to include these references in

5  their invalidity theories likely prejudiced Apple, who was not made aware during the preliminary

6  injunction proceedings that Samsung intended to rely on these two prior art references for

7  invalidity.

8     Similarly, although Samsung argued at the preliminary injunction stage that the 1994 Fidler

9  Tablets and the Compaq TC1000 likely rendered the D'889 Patent obvious, Samsung did not argue

10  that these prior art references supported its non-infringement contentions as well.  Apple was put

11  on notice of Samsung's intention to use these references for invalidity, but did not have the same

12  notice with respect to Samsung's late disclosed non-infringement theory which Samsung disclosed

13  after fact discovery closed.  Samsung's late disclosure impeded Apple's ability to test these

14  contentions through fact discovery.  Accordingly, Judge Grewal did not clearly err in striking these

15  portions of the expert reports.  In sum, Samsung's motion for relief from Judge Grewal's Order is

16  DENIED.

17  **II.     Motion to Clarify Court's Order Denying Summary Judgment**.

18     Samsung also filed a motion to clarify the Court's Order denying Samsung's motion for

19  summary judgment.  *See* ECF No. 1158.  Specifically, the Court concluded that Judge Grewal's

20  Order Granting-in-Part and Denying-in-Part Apple's motion to strike portions of Samsung's expert

21  reports prohibited the admission of certain evidence in support of Samsung's theories of

22  infringement and/or invalidity that were not properly disclosed in discovery.  *See* Order Denying

23  Summary Judgment at 30, 32-33.  Samsung seeks to clarify that the Court's Order denying

24  summary judgment does not preclude Samsung from introducing the prior art references and other

25  evidence that were struck from the expert report for other purposes at trial.

26     Samsung seeks, in large part, to rehash arguments it made in its motion for relief of Judge

27  Grewal's Order Striking Expert Reports (see above), and its opposition to Apple's motion to strike

28

Case No.: 11-CV-01846-LHK
ORDER REGARDING MOTIONS FOR RELIEF; MOTION FOR CLARIFICATION

*United States District Court*
*For the Northern District of California*

1  Samsung's expert reports.  Procedurally, Samsung has already had an opportunity to challenge the

2  merits of Judge Grewal's ruling, and therefore the Court will not revisit these arguments here.

3          To the extent Samsung seeks to clarify that Judge Grewal's Order does not preclude it from

4  offering prior art references or other evidence for other purposes at trial, the Court cannot say in the

5  abstract whether this evidence will be admissible or not.  Judge Grewal's Order struck portions of

6  Samsung's expert reports because Samsung failed to timely amend its answers to contention

7  interrogatory numbers 5 (lack of distinctiveness for trade dress contention interrogatory), 11 (non-

8  infringement of design patents contention interrogatory), and 12 (invalidity of design patents

9  contention interrogatory).

10         Based on Judge Grewal's Order, Samsung's expert testimony regarding the invalidity, non-

11 infringement, and lack of distinctiveness arguments that were not timely disclosed in amended

12 contention interrogatory answers are inadmissible pursuant to Judge Grewal's Order.  In light of

13 Judge Grewal's ruling, Samsung will not be permitted to argue, through fact witnesses or

14 otherwise, for invalidity of design patents, non-infringement of design patents, or lack of

15 distinctiveness of trade dress based on theories not timely disclosed in Samsung's amended

16 responses to contention interrogatories.  Although it is difficult to determine in the abstract, the

17 Court is doubtful that many (if not most) of the prior art references and other evidence will be

18 admissible for purposes, unrelated to the untimely disclosed theories.  These stricken prior art

19 references will have to be relevant and admissible under FRE 401, 402 and 403.

20         In order to aid the parties, the Court summarizes[5] the admissibility of evidence upon which

21 the Court has ruled:

| EVIDENCE | ADMISSIBLE/NOT ADMISSIBLE |
|---|---|
| '381 Patent and '163 Design Around (including blue glow source code and evidence of other design arounds) | Not Admissible at trial.<br><br>May be Admissible post trial in determining any injunction. |
| "Space Odyssey" and "Tomorrow People" | Not Admissible for Invalidity Theory. |
| 1994 Fidler Tablet and TC1000 | Not Admissible for Non-Infringement. |

_____

[5] This summary is non-exhaustive and is intended as a reference to assist the parties.

Case No.: 11-CV-01846-LHK
ORDER REGARDING MOTIONS FOR RELIEF; MOTION FOR CLARIFICATION

| | Admissible for Invalidity. |
|---|---|
| 035 Mockup | Not Admissible for Invalidity. Admissible for Non-Infringement. |
| Other portions of expert reports of Lucente, Anders, and Sherman struck by Judge Grewal | Not Admissible. |
| Sony Style Designs | Not Admissible. The Howarth e-mail and accompanying photo in Sherman Report and Nishibori testimony are admissible only to show functionality. |

**IT IS SO ORDERED.**

Dated: August 2, 2012

LUCY H. KOH
United States District Judge

Case No.: 11-CV-01846-LHK
ORDER REGARDING MOTIONS FOR RELIEF; MOTION FOR CLARIFICATION