UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California corporation,<br><br>    Plaintiff,<br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., A Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>    Defendants. | Case No.: 11-CV-01846-LHK<br><br>ORDER REGARDING APPLE'S MOTION TO ENFORCE COURT ORDER |

Apple has filed a motion to enforce court orders regarding Sony Designs. ECF No. 1420. Samsung filed a response on July 28, 2012. ECF No. 1431. Apple filed a reply on July 29, 2012. ECF No. 1437. Samsung has also filed an administrative motion to file a surreply. Samsung's motion is GRANTED, and the Court has considered the surreply for this ruling. There are two issues presented by Apple's motion: (1) whether documents related to the influence of "Sony style" on Apple's design and development of the iPhone should be admissible at trial, and (2) whether the deposition testimony of Shin Nishibori should be admissible at trial. The five additional times the parties have briefed these issues are described in the Background Section of this Order.

**1. Evidence of Sony Designs**

   **a. Background**

1

Case No.: 11-CV-01846-LHK
ORDER REGARDING APPLE'S MOTION TO ENFORCE COURT ORDER

On May 17, 2012, the parties filed cross motions to strike expert reports for undisclosed facts and theories noticed before Magistrate Judge Grewal. *See* ECF Nos. 934 and 939. Specifically, Apple sought to exclude portions of the Sherman Declaration that disclosed theories of invalidity of the D'677 Patent that were not timely disclosed during discovery. Samsung filed a response to Apple's motion on May 31, 2012. ECF No. 1000. Apple filed a reply in support of its motion on June 7, 2012. ECF No. 1054. Judge Grewal held a hearing on June 21, 2012.

After considering the briefing, case record, and arguments of the parties, Judge Grewal struck portions of Samsung's expert report from Itay Sherman ("the Sherman Report") that disclosed theories of invalidity of the D'677 Patent that were not timely disclosed during discovery. ECF No. 1144 at 4-5. Specifically, Judge Grewal determined that Samsung had not timely amended its answers to contention interrogatories. Therefore, Judge Grewal struck portions of the Sherman Report that argued that Apple's designs were anticipated or obvious in light of prior Sony designs. Specifically, Judge Grewal struck the following: evidence that Apple produced in-house drawings and mock-ups based on the Sony design style. The Sherman Report referenced "Sony style CAD drawings," "Apple's Sony Style Design Mock-ups," "Sony Ericsson W950," and the "Sony Ericsson K800i" in support of Samsung's contention that the D'677 Patent is invalid and that Apple's design engineers were inspired by Sony. *See* Sherman Report at 48-50.

Samsung sought relief from this Court from Judge Grewal's Order Striking Portions of the Sherman Report. *See, e.g.*, ECF No. 1216. Apple filed an opposition to Samsung's motion. ECF No. 1242. The Court denied Samsung's motion for relief from Judge Grewal's Order Striking Portions of the Sherman Report. *See* ECF No. 1545.

In addition, Apple objected to Samsung's opening presentation slides that showed the Sony Style evidence and theories that had been stricken by Judge Grewal's Order. ECF No. 1441. Samsung filed a response to Apple's objections. ECF No. 1442. The Court issued an order sustaining several of Apple's objections to Samsung's opening presentation, including slides 20-22. ECF No. 1456. Samsung filed a motion for reconsideration of this Court's ruling; argued its motion on July 30, 2012; and was permitted to file supplemental briefing to support its position on July 30, 2012. *See* ECF No. 1463. On July 30, 2012, Samsung then filed a supplemental statement

2
Case No.: 11-CV-01846-LHK
ORDER REGARDING APPLE'S MOTION TO ENFORCE COURT ORDER

1   in support of its position, and the Court reconsidered its ruling in part, and allowed Samsung to

2   present the evidence at slide 22. ECF Nos. 1473 and 1510. On July 31, 2012, Samsung showed

3   slide 22 during Samsung's opening presentation.

### b. Analysis

Samsung argues that Judge Grewal's Order only applies to the invalidity theory in the Sherman Report. Samsung argues that Judge Grewal's Order does not bar all underlying evidence of Sony style designs. Specifically, Samsung argues that the Sony style designs referenced above are relevant and admissible to: (1) rebut Apple's creation theory that the iPhone was "revolutionary"; (2) to rebut allegations of copying; (3) to establish that the industry at large was moving toward the basic design concepts; (4) to prove design functionality; and (5) to rebut allegations of willfulness.

Samsung's argument that the Sony style designs rebut Apple's creation theory, and Samsung's argument that the Sony style designs establish that the industry at large was moving toward Apple's claimed design concepts seem to be alternative ways of articulating a theory of invalidity based on obviousness or anticipation. These theories were struck by Judge Grewal. Indeed, the portions of the Sherman Report struck by Judge Grewal present the argument that Apple's design was influenced by Sony designs. Thus, Samsung cannot use the Sony style designs for the same purpose that was excluded by Judge Grewal. It would render Judge Grewal's Order meaningless to allow Samsung's invalidity theory to proceed under a different name.

The Court is also unpersuaded by Samsung's other arguments as to why the evidence of the Sony Style designs are relevant and admissible. First, evidence of the "Sony style CAD drawings," and "Apple's Sony Style Design Mock-ups," were designs created by Apple's in-house designers and are not Sony products. Thus, the evidence of the Sony style designs made in house at Apple are not strong evidence to support Samsung's argument that the iPhone was derived from Sony.

Moreover, evidence that Apple was inspired by "Sony style design" does not strongly rebut Apple's claims that Samsung copied its designs, or strongly rebut Apple's claims of willfulness. In contrast, the potential for jury confusion with this evidence is high. The jury will be told that these designs show that Apple was inspired by Sony to create the iPhone design, but that they may not

3
Case No.: 11-CV-01846-LHK
ORDER REGARDING APPLE'S MOTION TO ENFORCE COURT ORDER

consider this evidence to find Apple's design patents invalid. Or, the jury may be tempted to use the evidence of the Sony designs for the purpose of finding Apple's design patents invalid, even though such evidence has been found to be inadmissible for that purpose. In light of these factors, pursuant to Federal Rule of Evidence 403, the Court finds that the probative value of the "Sony-style design" evidence is substantially outweighed by a danger of unfair prejudice, confusing the issues, or misleading the jury. Accordingly, the evidence Samsung seeks to admit related to Sony-style design is excluded to: (1) rebut Apple's creation theory that the iPhone was "revolutionary"; (2) to rebut allegations of copying; (3) to establish that the industry at large was moving toward the basic design concepts; and (4) to rebut allegations of willfulness.

Apple has conceded that the Horwath e-mail regarding the functionality of the iPhone design was not covered by Judge Grewal's Order, and therefore, Apple's motion to enforce did not seek to exclude the Horwath e-mail. ECF No. 1437 at 2-3. Indeed, Apple did not move to strike portions of the Sherman Report in which Sherman argued that the iPhone design is functional based on some of the Sony-style evidence. *See* Sherman Report at 97-99. Therefore, Samsung may introduce the evidence of the Horwath e-mail, and the relevant portions of the Sherman Report, to support its allegations that the iPhone design is functional.

### 2. Deposition Testimony of Nishibori

Although Apple initially argued that the deposition of Shin Nishibori, an Apple designer involved in Apple's Sony-style design project, should be excluded based on timeliness grounds, Apple has since withdrawn the argument. Indeed, the record shows that Mr. Nishibori's deposition was delayed by Apple's own position during discovery.

Consistent with the discussion above, Mr. Nishibori's testimony is admissible to establish functionality of the iPhone design. However, also consistent with the discussion above, Mr. Nishibori's testimony on the theories that were stricken by Judge Grewal is excluded. Specifically, Mr. Nishibori's testimony is excluded to: (1) rebut Apple's creation theory that the iPhone was "revolutionary"; (2) rebut allegations of copying; (3) establish that the industry at large was moving toward the basic design concepts; and (4) rebut allegations of willfulness.

4

Case No.: 11-CV-01846-LHK
ORDER REGARDING APPLE'S MOTION TO ENFORCE COURT ORDER

1   **IT IS SO ORDERED.**

2   Dated: August 2, 2012

   *Lucy H. Koh*
3   _____
   LUCY H. KOH
   United States District Judge