**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| APPLE, INC., a California corporation, | Case No.: 11-cv-01846 LHK |
| Plaintiff, | **DECLARATION OF JULIE P. SAMUELS OF ELECTRONIC FRONTIER FOUNDATION** |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMIERCA, LLC, a Delaware limited liability company, | Courtroom 8, 4th Floor<br>Hon. Lucy H. Koh |
| Defendants. | |

I, Julie P. Samuels, declare and state:

1.      I am an attorney licensed to practice law in the State of Illinois and am a Staff Attorney at the Electronic Frontier Foundation ("EFF"). EFF is a nonprofit, membership-supported civil liberties organization working to protect consumer interests, innovation and free expression in the digital world. EFF and its nearly 20,000 dues-paying members have a strong interest in assisting the courts and policy makers in striking the appropriate balance between intellectual property and the public interest.

2.      I have knowledge of the facts set forth herein, and if called upon as a witness, I could testify to them competently under oath. However, other than from certain public documents and a limited review of the parties' briefs, I do not have knowledge of the all of the facts of the instant matter and my comments are based on a basic understanding of the types of materials at issue here, rather than the specifics.

3.      At EFF, we work to promote patent policies that foster innovation and engender a safe environment for creators to thrive. Consequently, we closely monitor patent litigation and other legal developments in the field. As attorneys, we rely on publicly available data to understand the current legal environment in which we work. As activists, we rely on publicly available data to educate the public, our members, policy makers, and others about the problems and strengths of the current patent system with an eye toward what changes may be needed (or resisted) in order to have that system better serve the interests of consumers and innovators.

4.      Through this work, we have found that courts and parties to private actions often overlook the important public interests at issue in intellectual property litigation. In patent cases, those interests include: ensuring that innovators have robust access to technology, recognizing the connection between the patent system and the tools and other technologies that ordinary people are able to access and use and working to protect individuals from the overbroad application of intellectual property laws. One crucial way to protect those interests is oversight of the litigation process: monitoring how parties actually wield intellectual property law in court cases as a sword to stave off competition.

5. In this case, some of material that the parties here request to keep under seal appears crucial to our work protecting that very public interest. For example, the prevalence (and recent uptick) in litigation surrounding software patents is of grave concern to many who work in the high-tech industries, particularly to those who find themselves on the receiving end of licensing demands or infringement complaints. It also matters to consumers, whose access to mobile devices and tablets may turn on the injunctive relief or damages assessed in patent litigation. Knowing the types of licensing surrounding the patents at issue in this case would help us educate and counsel those individuals and small companies. Moreover, it would help our efforts at educating policy makers and the public about the true scope and cost of modern software patent litigation, not just to the parties, but to society as a whole.

6. Similarly, financial data and market surveys surrounding the phones and tablets that so many American consumers use and rely on everyday is relevant to protecting consumer interests. The financial data surrounding their development, sale, and production provide powerful tools to many groups, including EFF, who work diligently to ensure those consumers' interests are taken into account in manufacturing and pricing decisions. Market surveys indicate where consumer interest and demand may be unmet due to the role of patent litigation in keeping items from the marketplace or placing them at a price point that is too high for most consumers.

7. Finally, Apple and Samsung came to this Court asking that it award damages stretching into the billions of dollars. In doing so, each put its own finances at issue. They should not now be allowed to hide behind protections from this Court—to the detriment of the public interest—to keep that information shielded from public scrutiny. This matter may be a private dispute, but it has wide-ranging public consequences.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on August 2, 12 at San Francisco, California.

           */s/ Julie P. Samuels*
           Julie P. Samuels

**SIGNATURE ATTESTATION**

I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/s/) within this e-filed document.

Dated:  August 2, 2012           By:      */s/ Karl Olson*
                                          Karl Olson (SBN 104760)
                                          RAM, OLSON, CEREGHINO & KOPCZYNSKI
                                          555 Montgomery Street, Suite 820
                                          San Francisco, CA  94111
                                          Tel: 415-433-4949; Fax:  415-433-7311
                                          Email:  kolson@rocklawcal.com

                                          *Attorneys for Reuters America LLC*