KARL OLSON (SBN 104760)
kolson@rocklawcal.com
XINYING VALERIAN (SBN 254890)
xvalerian@rocklawcal.com
RAM, OLSON, CEREGHINO & KOPCZYNSKI LLP
555 Montgomery Street, Suite 820
San Francisco, California  94111
Telephone:  (415) 433-4949
Facsimile:  (415) 433-7311

*Attorneys for Third-Party REUTERS AMERICA LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>    Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean Business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>    Defendants. | CASE NO.  11-cv-01846-LHK<br><br>**DECLARATION OF PATENT PROFESSORS COLLEEN CHIEN, BRIAN LOVE, MICHAEL RISCH, JOHN ALLISON, AND DAVID SCHWARTZ IN SUPPORT OF REUTERS' OPPOSITION TO MOTIONS TO SEAL TRIAL AND PRETRIAL EVIDENCE**<br><br>Date:      No hearing set<br>Time:      N/A<br>Place:     Courtroom 1, 5th Floor<br>**Judge:     Hon. Lucy H. Koh** |

We, Professors Colleen Chien, Brian Love, Michael Risch, John Allison, and David Schwartz, declare:

1.    We have personal knowledge of the facts set forth below, except as to those stated on information and belief, and as to those we believe them to be true.

2.    We are professors and scholars of Law and Business engaged in the empirical study of the U.S. patent system.  Together we have several decades of patent litigation experience in addition to academic research experience.  We rely critically on publicly available information and data on the patent system to conduct our research and formulate policy recommendations, which we have made through testimony to Congress, the courts, and the PTO.

3. We submit this declaration in our personal capacities based on our research interests in patent litigation, patent practice and domestic patent policy.

4. The lack of a transparency about patent licenses is a well-recognized problem. As Professor Mark Lemley and Nathan Myhrvold have written:

> Imagine a stock market in which buyers and sellers couldn't find out the prices at which anyone else sold a share of stock. If you wanted to buy (or sell) a share of stock, you'd have to guess what it was worth. The result, everyone would agree, would be massively inefficient. Willing buyers and sellers would often miss each other.
>
> Patents, however, exist in just such a blind market. Want to know if you're getting a good deal on a patent license, or acquiring rights in a technology? Too bad. Even if that patent or ones like it have been licensed dozens of times before, the terms of those licenses, including the price itself, will almost invariably be confidential. Patent owners who want to put their rights up for sale face the same problem.

Lemley, Mark A. and Myhrvold, Nathan, *How to Make a Patent Market* (August 1, 2007). HOFSTRA LAW REVIEW, Vol. 36, p. 257, 2008 (available at SSRN website: <http://ssrn.com/abstract=1012726>).

5. The lack of information about the value of arms-length patent transactions creates arbitrage opportunities for those who have access to proprietary data, while shutting out the public, scholars, and others. The lack of data compounds the difficulty of finding "comparable" licenses in patent cases as the law now requires, forcing juries to evaluate the often complex methodologies of patent damages experts rather than real-world evidence of the economic value of comparable patents. *See, e.g., Lucent v. Gateway*, 580 F.3d 1301 (2009) (emphasizing the need for comparable licenses to form the basis of damages determinations). The lack of data contributes to the uncertainty that surrounds patent damages determinations.

6. It is our belief that making licensing data more widely available can help reduce these market inefficiencies by providing credible and comparable information to parties, scholars, and courts wrestling with the difficult question of what a patent is worth.

7. We recognize and respect the value of confidentiality with respect to licensing data. However, this need must be balanced with the desperate need for greater transparency about the value of patent licenses. Perhaps the two can be reconciled by redacting key

Case No. 11-cv-01846-LHK – DECLARATION OF PATENT PROFESSORS COLLEEN CHIEN, BRIAN LOVE, MICHAEL RISCH, JOHN ALLISON, AND DAVID SCHWARTZ IN SUPPORT OF REUTERS' OPPOSITION TO MOTIONS TO SEAL TRIAL AND PRETRIAL EVIDENCE

2

identifying information or information about the parties, patents, or products.

We declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 2, 2012.

*/s/ Colleen Chien*
Colleen Chien, Assistant Professor of Law, Santa Clara University

*/s/ Brian Love*
Brian Love, Assistant Professor of Law, Santa Clara University

*/s/ Michael Risch*
Michael Risch, Associate Professor of Law, Villanova University

*/s/ John Allison*
John Allison, The Spence Centennial Professor and Professor of Intellectual Property, McCombs School of Business Associate Chair, Business, Government & Society Department, University of Texas at Austin

*/s/ David Schwartz*
David Schwartz, Assistant Professor of Law, Chicago-Kent College of Law

N:\Docs\1273-02\OppMotsSeal4-Professor-FINAL.doc

**SIGNATURE ATTESTATION**

I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/s/) within this e-filed document.

Dated: August 2, 2012          By:      */s/ Karl Olson*
                                        Karl Olson (SBN 104760)
                                        RAM, OLSON, CEREGHINO & KOPCZYNSKI
                                        555 Montgomery Street, Suite 820
                                        San Francisco, CA  94111
                                        Tel: 415-433-4949; Fax: 415-433-7311
                                        Email: kolson@rocklawcal.com

                                        *Attorneys for Reuters America LLC*