1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California corporation, | ) Case No.: 11-CV-01846-LHK |
| | ) |
| Plaintiff, | ) ORDER ON (1) SAMSUNG'S |
| v. | ) [CORRECTED] OBJECTIONS |
| | ) REGARDING FORSTALL EXHIBITS, |
| SAMSUNG ELECTRONICS CO., LTD., A | ) AND AMENDED EXHIBIT |
| Korean corporation; SAMSUNG | ) DISCLOSURES FOR BRESSLER, |
| ELECTRONICS AMERICA, INC., a New York | ) KARE, SCHILLER AND DENISON; |
| corporation; SAMSUNG | ) AND (2) APPLE'S OBJECTIONS TO |
| TELECOMMUNICATIONS AMERICA, LLC, | ) SAMSUNG'S PROPOSED DIRECT |
| a Delaware limited liability company, | ) EXAMINATION MATERIALS FOR |
| | ) DENISON AND SUPPLEMENTAL |
| Defendants. | ) OBJECTIONS TO SAMSUNG'S |
| | ) PROPOSED CROSS EXAMINATION |
| | ) MATERIALS FOR SCHILLER |
| | ) |
| | ) (re: dkt. #1542, 1543) |
| | ) |
| | ) |

Samsung has filed additional objections to the exhibits and demonstratives to be used during Apple's direct examinations of (1) Peter Bressler; (2) Susan Kare; (3) Phil Schiller; (4) Justin Denison; and (5) Scott Forstall. *See* ECF No. 1542. Apple has filed objections to the exhibits and materials to be used during Samsung's (1) direct examination of Justin Denison, and (2) cross examination of Phil Schiller. *See* ECF No. 1543. After reviewing the parties' briefing,

1

Case No.: 11-CV-01846-LHK
ORDER ON OBJECTIONS TO PROPOSED EXAMINATION EXHIBITS AND MATERIALS FOR BRESSLER,
KARE, DENISON, SCHILLER, AND FORSTALL

considering the record in this case, and balancing the considerations set forth in Federal Rule of Evidence 403 ("FRE 403"), the Court rules on the parties' objections as follows:

## I.    SAMSUNG'S OBJECTIONS

### 1. Objections Re: Peter Bressler

| WITNESS AND EXHIBIT NO. | COURT'S RULING ON OBJECTION |
|---|---|
| Bressler: PX3 (revised), PX4, PDX65-66 | Sustained. FRCP 26(a)(2)(B) requires that an expert's report contain "the facts or data considered by the witness" in forming the expert's opinions, as well as "any exhibits that will be used to summarize or support" the expert's opinions. The devices in PX3, PX4, and PDX65-66 to which Samsung now objects were either omitted from the Bressler Report or struck from the Bressler Report by Judge Grewal's June 27, 2012 Order for being untimely disclosed. *See* ECF No. 1144 at 7. Accordingly, these exhibits are beyond the scope of Bressler's disclosed expert opinion and may not be used during his direct examination. Apple may submit an amended exhibit that is properly tailored to include only evidence timely disclosed and within the scope of Bressler's expert reports. |
| Bressler: PX5, PX6 | Sustained. Under FRCP 26(a)(2)(B), Bressler's expert report was required to disclose all the articles on which Bressler will give direct testimony at trial. Samsung asserts that the Bressler Report did not disclose all the articles quoted in PX5 and PX6. The Court has only an excerpt of the Bressler Report, which appears to reference only three of the nine articles in PX5: the *eWeek*, *PC Magazine*, and *PCWorld* reviews. *See* ECF No. 935, Ex. 6 (excerpts of Bressler Report). Likewise, Bressler's Report appears to reference only three of the 16 articles in PX6: the June 29, 2010, *PCWorld* review, the *Washington Post* review, and the July 15, 2010, *Wired* review. *See* ECF No. 935, Ex. 6 (excerpts of Bressler Report). Accordingly, the exhibits not disclosed in Bressler's expert opinion may not be used during his direct examination. The timely disclosed press reviews are relevant to trade dress and therefore will not be excluded for lack of relevance. Apple may submit amended exhibits that are properly tailored to include only evidence timely disclosed and within the scope of Bressler's expert reports. |
| Bressler: PX7, PX8 | Overruled. The Court has already ruled that Apple is not precluded from using images of the accused devices or of Apple's products. *See* ECF No. 1455 at 4; ECF No. 1520 at 2. The actual devices themselves must be made available for the jury to consider and compare during trial and deliberations, and therefore Apple's use of images of the devices does not run afoul of *Egyptian Goddess v. Swisa*, 543 F.3d 665 (Fed. Cir. 20008), or the requirement under *Contessa v. Conagra*, 282 F.3d 1370, 1381 (Fed. Cir. 2002), that "the 'ordinary observer' analysis . . . encompass all ornamental features visible at any time during normal use of the product." The Court has already denied Samsung's motion to exclude the Galaxy S2 and Galaxy S2 i9100, which were subjects of Samsung's Motion in Limine #3. *See* ECF No. 1267 at 4. The Court has also already denied Samsung's motion to exclude evidence related to the Galaxy S i9000 and Galaxy Ace, as there is a factual dispute as to whether the devices were sold in the U.S. |

Case No.: 11-CV-01846-LHK
ORDER ON OBJECTIONS TO PROPOSED EXAMINATION EXHIBITS AND MATERIALS FOR BRESSLER, KARE, DENISON, SCHILLER, AND FORSTALL

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

| | |
|---|---|
| | or not. *See* ECF No. 1267 at 2. To the extent the Mesmerize slide shows the wrong phone, Apple shall file a corrected version of that slide by 8:00 a.m. on August 3, 2012. |
| Bressler: PX10 | Overruled. Title is not improperly argumentative, as exhibit contains images of commercial alternatives. Ruling on Fidler replica image is reserved until Apple produces the Fidler replica for inspection. |
| Bressler: PX59 | Overruled. Samsung does not identify the basis for the translation dispute and therefore provides no basis for sustaining the objection on this ground. Exhibit is a party admission and not hearsay. Exhibit is relevant at least to damages and is not unduly prejudicial under FRE 403. Apple must lay a proper foundation. |
| Bressler: PX133, PX141, PX142, PX174, PX175 | Sustained. A party may not use untimely disclosed evidence at trial except upon a showing that "the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). These exhibits were untimely produced after the close of fact discovery, and Apple has made no showing of substantial justification or lack of prejudice. Accordingly, Samsung's objections to PX133, 141, 142, 174, and 175 are sustained. |
| Bressler: PX135 | Overruled. PX135 was timely produced, is relevant to secondary considerations of non-obviousness, is not offered for the truth of the matter asserted and therefore is not hearsay, and is not unfairly prejudicial under FRE 403. Accordingly, Samsung's objection to PX135 is overruled. |
| Bressler: PX152, PX197, PX198 | Sustained. These devices were never produced for inspection during fact discovery and were not discussed in Bressler's Report, and are therefore excludable under FRCP 26(a)(2) and 37(c)(1). Furthermore, these undisclosed devices are excluded pursuant to Judge Grewal's June 27, 2012 Order striking portions of Bressler's Report that reference undisclosed alternative devices. |
| Bressler: PX157 | Sustained. The Court has already ruled that this exhibit is inadmissible hearsay. *See* ECF No. 1522 at 2. |
| Bressler: PX173 | Sustained. FRCP 26(a)(2)(B) requires that an expert's report contain "the facts or data considered by the witness" in forming the expert's opinions, as well as "any exhibits that will be used to summarize or support" the expert's opinions. This exhibit was not considered by Bressler in his expert report and is therefore beyond the scope of Bressler's disclosed expert opinion. |
| Bressler: JX1007, JX1030 | Overruled. The Court has already denied Samsung's motion to exclude evidence related to the Galaxy S i9000 and Galaxy Ace, as there is a factual dispute as to whether the devices were sold in the U.S. or not. *See* ECF No. 1267 at 2. |
| Bressler: JX1031, JX1032, JX1033, JX1034, JX1035 | Overruled. The Court has already denied Samsung's motion to exclude these accused devices (Galaxy S2 (AT&T), Galaxy S2 i9100, Galaxy S2 (T-Mobile), Galaxy S2 Epic 4G Touch, and Galaxy S2 Skyrocket), which were the subject of Samsung's Motion in Limine #3. *See* ECF No. 1267 at 4. |
| Bressler: JX1078, PDX15-17 | Reserved. Apple must produce the Fidler replica for inspection and make it available in court. |
| Bressler: PDX46-60 | Overruled. Title is not improperly argumentative, as exhibit contains images of commercial alternatives. |
| Bressler: | Overruled, as long as Apple can lay a foundation. |

Case No.: 11-CV-01846-LHK
ORDER ON OBJECTIONS TO PROPOSED EXAMINATION EXHIBITS AND MATERIALS FOR BRESSLER, KARE, DENISON, SCHILLER, AND FORSTALL

| | |
|---|---|
| PDX67 | |

**2.  Objections Re: Susan Kare**

| WITNESS AND EXHIBIT NO. | COURT'S RULING ON OBJECTION |
|---|---|
| Kare: PX7 | Sustained.  The Court previously overruled the objection based on FRE 1006.  Samsung now supplements its objection on the basis that the exhibit depicts 17 devices not considered by Kare or mentioned in her expert reports.  FRCP 26(a)(2)(B) requires that an expert's report contain "the facts or data considered by the witness" in forming the expert's opinions, as well as "any exhibits that will be used to summarize or support" the expert's opinions.  This exhibit depicts evidence not considered by Kare in her expert reports, and it is therefore beyond the scope of her disclosed expert opinion.  Apple may submit an amended exhibit that is properly tailored to evidence within the scope of Kare's expert reports. |
| Kare: PX41, PX178, PX179 | Sustained.  The Court previously overruled the objection based on various grounds.  *See* ECF No. 1520 at 3.  Samsung now objects to these exhibits as not disclosed in Kare's expert reports.  Because these three exhibits were not disclosed in Kare's expert reports, they are beyond the scope of her expert opinion and may not be used in her direct examination.  *See* FRCP 26(a)(2)(B). |
| Kare: PX35, PX55 | Sustained in part, overruled in part.  The Court previously overruled the objection based on various grounds.  *See* ECF No. 1520 at 3.  Samsung now objects to these exhibits because they were not timely disclosed in response to Samsung's contention Interrogatory No. 7 regarding willfulness.  Because these exhibits were not timely disclosed in response to Interrog. No. 7 regarding evidence of willfulness, they may not be used for this purpose.  However, PX41 and PX55 may be introduced for other purposes, subject to further FRE 403 balancing. |
| Kare: PX44 | Overruled.  Samsung does not identify the basis for translation dispute and therefore provides no basis for sustaining the objection on this ground. |
| Kare: PX58 | Overruled.  Apple has withdrawn this exhibit with respect to examination of Kare.  *See* ECF No. 1548. |
| Kare: PX160 | Overruled.  Samsung objects to this exhibit as misleading and confusing because the user interface does not actually exist but rather is a mock-up of a potential product.  Nothing about the exhibit is inherently misleading, and thus the Court finds no reason to exclude the exhibit under FRE 403, provided Apple and Kare do not misrepresent during examination that this is an actual commercial alternative as opposed to a mock-up. |
| Kare: PDX14.4, PDX14.8-14.10 | Reserved.  The parties have not numbered the pages of the demonstrative to be used with Kare, and therefore the Court reserves ruling until the parties identify the subject pages.  However, the Court is likely to overrule Samsung's objection that these demonstratives are misleading because they contain comparisons between individual icons under FRE 403 balancing.  Samsung must file the pages to which it objects by 8:00 a.m. on August 3, 2012. |
| Kare: PDX14.24-14.27, 14.29- | Reserved.  The parties have not numbered the pages of the demonstrative to be used with Kare, and therefore the Court reserves ruling until the parties identify the subject pages.  However, the Court is likely to overrule Samsung's objection |

Case No.: 11-CV-01846-LHK
ORDER ON OBJECTIONS TO PROPOSED EXAMINATION EXHIBITS AND MATERIALS FOR BRESSLER, KARE, DENISON, SCHILLER, AND FORSTALL

| | |
|---|---|
| 14.33 | that these demonstratives are misleading because they only show the GUI of the iPhone compared to the GUI of the accused Samsung phones under FRE 403 balancing. Samsung must file the pages to which it objects by 8:00 a.m. on August 3, 2012. |
| Kare: PDX14.34-14.36, 14.37 | Reserved. The parties have not numbered the pages of the demonstrative to be used with Kare, and therefore the Court reserves ruling until the parties identify the subject pages. However, the Court is likely to sustain Samsung's objection on the grounds that these pages contain an argument not disclosed in Kare's expert reports, and that PDX14.37 contains an excerpt from PX55, which was not timely disclosed in response to Samsung's Interrog. No. 7 regarding willfulness. Samsung must file the pages to which it objects by 8:00 a.m. on August 3, 2012. |

### 3. Objections Re: Phil Schiller

| WITNESS AND EXHIBIT NO. | COURT'S RULING ON OBJECTION |
|---|---|
| Schiller: PX142, PDX 16 | Overruled. PX 142 is a news article discussing the PTO's exhibit on Apple's designs. PDX 16 is a demonstrative that enlarges the photograph of the exhibit which features the iPhone design. The Court previously determined that the photograph of the exhibit is relevant to Apple's iPhone design patent and trade dress claims and is not unduly prejudicial. Neither the exhibit nor the demonstrative is hearsay because it is not being offered to prove the truth of the matter asserted. Moreover, neither the demonstrative nor the exhibit is misleading or cumulative under 403. |

### 4. Objections Re: Justin Denison

| WITNESS AND EXHIBIT NO. | COURT'S RULING ON OBJECTION |
|---|---|
| Denison: PX44, PX54, PX58 | Overruled, for the reasons stated in the Court's previous Order. *See* ECF No. 1520 at 5. |
| Denison: PX34 | Overruled, if Apple can lay a proper foundation. |
| Denison: PX38 | Sustained in part, overruled in part. PX38 was not identified in response to Samsung's contention Interrogatory No. 7 regarding willfulness, and therefore may not be used for this purpose. Apple may use this exhibit for other purposes, subject to further FRE 403 balancing. |
| Denison: PX62 | Sustained in part, overruled in part. PX62 was not identified in response to Samsung's contention Interrogatory No. 7 regarding willfulness, and therefore may not be used for this purpose. Apple may use this exhibit for other purposes, subject to further FRE 403 balancing. |
| Denison: Depo testimony of Wookyun Kho | Overruled. The Court previously overruled Samsung's objection to the use of Wookyun Kho's deposition testimony. Samsung's renewed objection does not persuade the Court to revisit this ruling. As a resident of South Korea, Mr. Kho is unavailable to testify under FRCP 32(a)(4)(B), and therefore Mr. Kho's deposition testimony may be used at trial. Moreover, Samsung may not call Mr. |

United States District Court
For the Northern District of California

5

United States District Court
For the Northern District of California

| | |
|---|---|
| | Kho as a witness, as he does not appear on Samsung's witness list.  *See* ECF Nos. 1278 and 1293 (striking Appendix A, which included Mr. Kho as a witness). |
| Denison: Depo testimony of Jaegwan Shin | Sustained, for the reasons stated in the Court's previous Order.  *See* ECF No. 1520 at 5. |
| Denison: Depo testimony of Qi Ling | Sustained, for the reasons stated in the Court's previous Order.  *See* ECF No. 1520 at 5. |

### 5.  Objections Re: Scott Forstall

| WITNESS AND EXHIBIT NO. | COURT'S RULING ON OBJECTION |
|---|---|
| Forstall: JX1042, JX1044, JX1045, PX12, PX19, PDX17-18, PDX20-24 | Sustained.  Under FRCP 26(a)(1), in its initial disclosures, Apple was required to disclose the names "along with the subjects of that information" of individuals with discoverable information.  Under FRCP 26(e), Apple is required to amend or supplement Rule 26 disclosures "in a timely manner."  The discovery disclosures provided by Samsung show that Apple only indicated that Forstall had discoverable information regarding the '163 Patent in its initial disclosures and its amendment to its initial disclosures.  There was no indication in these disclosures that Mr. Forstall would have discoverable information on the '915 Patent, the '381 Patent, or the D'305 Patent.  Apple points to the pre-trial witness disclosure on July 6, 2012, in which Apple identified Forstall as an intended witness for the '915 Patent, and the '381 Patent.  Apple also noted that Forstall was deposed over several days in this action and the ITC action, but does not indicate on what topics he was deposed.<br><br>Based on the information before the Court, Apple failed to timely update its Rule 26 disclosures to provide Samsung with notice that Mr. Forstall would testify as to patents other than the '163 patent.  Under FRCP 37(c), unless the failure was substantially justified or harmless, Mr. Forstall may not testify on these topics at trial.  Apple's pretrial disclosure on July 6, 2012 was after the close of expert and fact discovery and there is no indication that Samsung had the opportunity to depose Forstall on these topics.  Therefore, these exhibits are excluded, and Mr. Forstall shall not testify regarding the '915 Patent, the '381 Patent, or the D'305 Patent. |

## II.    APPLE'S OBJECTIONS

### 1.  Objections Re: Justin Denison

| WITNESS AND EXHIBIT NO. | COURT'S RULING ON OBJECTION |
|---|---|
| Denison: JX1093 | Overruled in part, sustained in part.  Apple objects that JX-1093, the LG Prada, is not prior art to the D'677 and D'087 Patents, and therefore irrelevant.  Apple |

Case No.: 11-CV-01846-LHK
ORDER ON OBJECTIONS TO PROPOSED EXAMINATION EXHIBITS AND MATERIALS FOR BRESSLER, KARE, DENISON, SCHILLER, AND FORSTALL

| | |
|---|---|
| | argues that the Prada was released in late 2006 while Stringer has testified that the patented iPhone design was complete in April 2006. However, the jury may choose not to credit Stringer's testimony as to the date he designed the iPhone face and bezel. Therefore, the Court overrules Apple's objection with respect to the D'677 and D'087 Patents. Apple also objects that Judge Grewal struck any use of the LG Prada as prior art with respect to the D'305 Patent because Samsung had not timely disclosed the LG Prada as potential D'305 prior art. *See* ECF No. 1144 at 4. The LG Prada was disclosed as potential D'677 and D'087 prior art at the preliminary injunction stage. Accordingly, the Court sustains Apple's objection with respect to the D'305 Patent. The Court ORDERS Apple to submit a proposed limiting instruction in accord with this ruling. |
| Denison: DX629 | Sustained. The Court previously excluded this exhibit. Samsung argues that it seeks to play a 30 second clip of a Samsung advertisement that it argues is relevant to its non-willful intent and to rebut allegations of dilution. However, Samsung has not identified which clip it intends to show, nor does it articulate how the clip is likely to be relevant to these issues. Accordingly, Apple's objection is sustained. |
| Denison: Samsung's Opening Slides 41-42 | Sustained. These slides were not on Samsung's exhibit list, and are not admissible. Furthermore, Denison lacks personal knowledge of Apple's internal competitive documents. |
| Denison: Samsung's Objs. to 30(b)(6) PI Depo. Notice and Letter from M. Chan to J. Bartlett | Sustained for lack of relevance. |
| Denison: SDX3586, SDX3587, SDX3584, SDX3508-09, SDX3588, SDX3589 | Reserved. The parties have not provided these demonstratives to the Court. Accordingly, the Court defers ruling on Apple's objections. Apple must submit these demonstratives to the Court by 8:00 a.m. on August 3, 2012. |

## 2. Objections Re: Phil Schiller

| WITNESS AND EXHIBIT NO. | COURT'S RULING ON OBJECTION |
|---|---|
| Schiller: DX572 | Overruled. Apple objects to this exhibit on the basis that the reference was struck by Judge Grewal's Order. This exhibit, however, is an Apple survey that is unrelated to Judge Grewal's order cited by Apple. |
| Schiller: DX592, 605, and 617 | Overruled. These Apple surveys may be used to impeach Mr. Schiller. Moreover, these documents are Apple's internal company documents and thus are party admissions. |

Case No.: 11-CV-01846-LHK
ORDER ON OBJECTIONS TO PROPOSED EXAMINATION EXHIBITS AND MATERIALS FOR BRESSLER, KARE, DENISON, SCHILLER, AND FORSTALL

United States District Court
For the Northern District of California

| Schiller:<br>DX649 | Sustained.  This exhibit was previously excluded by the Court because Judge Grewal struck Samsung's theory of invalidity, as well as its theory regarding Sony's influence of the Apple design.  This document cannot be admitted to impeach Schiller without being used for the purposes which were barred by Judge Grewal. |
|---|---|
| Schiller:<br>DX709,<br>DX711,<br>DX712,<br>DX714,<br>DX715,<br>DX716,<br>DX717 | Overruled.  If Samsung is able to lay proper foundation, Samsung may be able to use these exhibits.  Second, the evidence is admissible to rebut allegations of willfulness. |

**IT IS SO ORDERED.**

Dated: August 2, 2012

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

8