| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781) <br> hmcelhinny@mofo.com <br> MICHAEL A. JACOBS (CA SBN 111664) <br> mjacobs@mofo.com <br> RACHEL KREVANS (CA SBN 116421) <br> rkrevans@mofo.com <br> JENNIFER LEE TAYLOR (CA SBN 161368) <br> jtaylor@mofo.com <br> ALISON M. TUCHER (CA SBN 171363) <br> atucher@mofo.com <br> RICHARD S.J. HUNG (CA SBN 197425) <br> rhung@mofo.com <br> JASON R. BARTLETT (CA SBN 214530) <br> jasonbartlett@mofo.com <br> MORRISON & FOERSTER LLP <br> 425 Market Street <br> San Francisco, California  94105-2482 <br> Telephone:  (415) 268-7000 <br> Facsimile:  (415) 268-7522 | WILLIAM F. LEE <br> william.lee@wilmerhale.com <br> WILMER CUTLER PICKERING <br> HALE AND DORR LLP <br> 60 State Street <br> Boston, MA 02109 <br> Telephone: (617) 526-6000 <br> Facsimile: (617) 526-5000 <br><br> MARK D. SELWYN (SBN 244180) <br> mark.selwyn@wilmerhale.com <br> WILMER CUTLER PICKERING <br> HALE AND DORR LLP <br> 950 Page Mill Road <br> Palo Alto, California 94304 <br> Telephone: (650) 858-6000 <br> Facsimile: (650) 858-6100 |

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, <br><br> Defendants. | Case No. 11-cv-01846-LHK (PSG) <br><br> **APPLE'S MOTION REGARDING SEALING ISSUES RELATED TO AUGUST 3 WITNESS EXAMINATIONS** |

1    Apple has two motions to seal pending before the Court: (1) a Motion to Seal Prior
2 Motions and Exhibits Thereto (Dkt. No. 1499) and (2) a Motion to Seal Confidential Trial
3 Exhibits (Dkt. No. 1495).  These motions provide a particularized, document-by-document
4 showing of good cause and compelling reasons for sealing of Apple's most competitively
5 sensitive information.  Along with these motions, Apple submitted declarations from several of its
6 executives attesting to the value of this information, the efforts Apple has undertaken to maintain
7 its secrecy, and the harm that Apple would suffer if it were publicly disclosed.

8    **Tomorrow**, August 3, Samsung intends to use four documents that are subject to Apple's
9 Motion to Seal Confidential Trial Exhibits – PX102, PX103, DX617, and DX767 – during its
10 cross-examination of Philip Schiller, Apple's Senior Vice President of Worldwide Marketing.[1]  In
11 addition, Samsung untimely disclosed (at 9:23 p.m. on August 2) four more Schiller cross-
12 examination exhibits (DX534 and DX774-76) which are similarly subject to Apple's pending
13 motion.  Apple objected to this late amendment to Samsung's list.

14    Without further action, these highly confidential exhibits will be publicly disclosed,
15 causing severe harm to Apple.  Apple has sought to avoid that harm without further burdening the
16 Court and has been diligently negotiating a stipulation with Samsung regarding use of the parties'
17 confidential documents, including PX102, PX103, DX617, and DX767.  Apple submitted a
18 detailed proposal to Samsung on July 26.  Since that time, the parties have met and conferred
19 (including meetings in person) and have exchanged several drafts.

20    One part of Apple's proposal has been that, for certain sensitive exhibits, only the portions
21 shown to the jury during examinations of witnesses would come into evidence.  To illustrate this
22 proposal, Apple sent Samsung excerpted versions of DX617 and DX767 containing only pages
23 discussed in DX701, a Samsung summary exhibit pursuant to Federal Rule of Evidence 1006.  By
24 placing into the record only the few relevant pages of what are now exhibits containing hundreds
25 of pages, Apple's proposal would lessen the burdens on the jury and the Court and would balance

---

[1] Appendix A to this Notice is a chart describing PX102, PX103, DX617, and DX767 and identifying the portions of Apple's motions to seal that relate to these four exhibits.

the public interest in access to court records and Apple's interest in maintaining secrecy of its valuable trade secrets.  The parties have been unable to reach agreement, however.

Apple therefore requests that the Court issue an order accepting Apple's proposed redactions of PX102 and PX103, which it lodged with the Court Tuesday morning, July 31, and directing Samsung to enter into evidence only those portions of DX617 and DX767 that it reasonably intends to use during its cross-examination of Mr. Schiller.[2]

In the event that the Court denies either or both of Apple's motions to seal, Apple asks that the Court stay any order requiring public filing of Apple's confidential exhibits for five days so that Apple may seek relief.

Dated: August 2, 2012                            MORRISON & FOERSTER LLP


By:  /s/ Michael A. Jacobs
       Michael A. Jacobs

       Attorneys for APPLE INC.

---

[2] If the Court allows Samsung's untimely supplementation of its examination list to include DX534 and DX774-76, Apple requests that only excerpted portions of those documents be entered into evidence as well.