QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S RESPONSE TO APPLE'S MOTION REGARDING SEALING ISSUES RELATED TO AUGUST 3 WITNESS EXAMINATIONS** |

Samsung respectfully responds to Apple's Motion Regarding Sealing Issues Related to August 3 Witness Examinations (Dkt. No. 1594) as follows:

**I.      Apple, Not Samsung, Identified Apple's Sales Summaries as Witness Exhibits.**

Apple's motion is incorrect with regard to PX102 and PX103, two documents containing Apple sales information.   PX102 and PX103 were identified by **Apple** for use in Mr. Schiller's direct examination.   Contrary to Apple's assertion, Samsung did not identify PX102 or PX103 as cross-examination exhibits.   If Apple uses either of these documents on direct, Samsung reserves the right to cross examine Mr. Schiller on the same documents.   Conversely, if Apple does not use PX102 and PX103 on direct, Samsung does not intend to introduce either of these exhibits on cross examination.   Therefore, Apple's motion with respect to these two exhibits appears to be moot.

Apple and Samsung are in the process of negotiating procedures for dealing with this type of sensitive sales information.

**II.     The Court Has Ruled that Apple's Survey Documents Are Party Admissions.**

DX617 is an Apple survey document.   The Court has overruled Apple's objection to Samsung's use of DX617 and similar documents.   The Court stated that "[t]hese Apple surveys may be used to impeach Mr. Schiller.   Moreover, these documents are Apple's internal company documents and thus are party admissions."   (Dkt. No. 1563 at 7.)   DX534, DX767, and DX774-76 are the same type of Apple survey documents bearing different dates.   They are likewise party admissions.

**III.    The Court Indicated that Apple Surveys Do Not Meet the Standard for Sealing.**

The Court's guidance regarding the standard for sealing trial exhibits, as expressed during the July 27, 2012 pre-trial conference, did not contemplate that material such as Apple's survey documents would meet the high standard for sealing trial exhibits.   Samsung believes that Apple's proposed procedures for daily redacting or selecting pages from nonsealable exhibits is impractical. Samsung has informed Apple of its position in the negotiations to which Apple refers.

1  DATED: August 3, 2012            QUINN EMANUEL URQUHART &
2                                    SULLIVAN, LLP

5                                    By /s/ Victoria Maroulis
                                        Charles K. Verhoeven
                                        Kevin P.B. Johnson
                                        Victoria F. Maroulis
                                        Michael T. Zeller

                                        Attorneys for SAMSUNG ELECTRONICS CO.,
                                        LTD., SAMSUNG ELECTRONICS AMERICA,
                                        INC., and SAMSUNG
                                        TELECOMMUNICATIONS AMERICA, LLC