QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S (1) OBJECTIONS TO NEWLY-DISCLOSED BRESSLER AND DENISON EXHIBITS, REVISED SCHILLER EXHIBITS AND (2) RESPONSES REGARDING FORSTALL, BRESSLER, KARE AND SCHILLER CROSS EXAM EXHIBITS** |

02198.51855/4889726.1

Case No. 11-cv-01846-LHK
SAMSUNG'S (1) OBJECTIONS TO BRESSLER, DENISON AND SCHILLER EXHIBITS, (2) RESPONSES RE: FORSTALL, BRESSLER, KARE AND SCHILLER EXHIBITS

| | |
|---|---|
| | **OBJECTIONS TO NEWLY-DISCLOSED BRESSLER DEMONSTRATIVES** |
| | **PDX2, PDX3, PDX8-PDX10, PDX69:** Samsung objects that these exhibits are untimely because disclosures of direct exhibits and demonstratives are due two days prior to the witness's testimony and these exhibits were disclosed the day before the witness's testimony.   Apple's changes are a direct result of seeing Samsung's cross examination materials, which is an abuse of the process. Samsung also objects that Apple has changed its infringement theory by changing the embodiment of 087 in its demonstratives. |
| | **OBJECTIONS TO NEWLY-DISCLOSED DENISON DIRECT EXHIBITS** |
| | **PX42 & PX43**: Mr. Denison has no foundation to serve as a sponsoring witness for these exhibits. There is no indication he authored, received, saw, or could understand them (Mr. Denison does not speak Korean).   He was not questioned about theses documents at his deposition. Further, Apple's translations of these exhibits are incorrect as to certain words and phrases, which have been the subject of a meet and confer.   The parties agreed to resolve the disputed terms by an agreed process before any use of PX42 or PX43. |
| | **PX47:** Mr. Denison has no foundation to serve as a sponsoring witness for PX47. There is no indication he authored, received, saw, or could understand it (Mr. Denison does not speak Korean).   He was not questioned about it at his deposition.   Further, as an email describing a meeting, it is impermissible double hearsay that does not fall in to any exception. It also asserts an improper opinion under *Fed. R. Evid*. 701 or 705. Further, Apple's translations of these exhibits is incorrect as to certain words and phrases, which have been the subject of a meet and confer.   The parties agreed to resolve the disputed terms by an agreed process before any use of PX47. |
| | **PX172-177:** Mr. Denison was not listed as a a sponsoring witness of any of these exhibits on Apple's exhibit list and has no foundation to serve as a sponsoring witness of them. These exhibits are improper hearsay offered to prove the truth of the matter asserted. They cannot be relevant to trade dress distinctiveness, as they do not depict the iPad, and are improper impeachment evidence. These exhibits also assert an improper opinion under *Fed. R. Evid*. 701 or 705. In the event this evidence is admitted, Samsung seeks a limiting instruction that the exhibits go only to notice and not to any determination that Samsung copied. |
| | **PX179:** This exhibit lacks foundation, as there is no indication Mr. Denison has ever seen it, and was not questioned about it at his deposition. All of the images and text describing phones within are impermissible hearsay offered to prove the truth of the matter asserted. Further, this exhibit cannot be admitted as is because it contains un-translated Korean text. This has been the subject of a meet and confer, and the parties agree to resolve the translation by an agreed process before PX179 is used. PX 179 also asserts an improper opinion under *Fed. R. Evid*. 701 or 705. |
| | **OBJECTIONS TO REVISED SCHILLER SLIDES** |
| | **PX143-146:** The Court has found Apple's internal customer surveys admissible "party admissions."   Dkt. No. 1563, 7:27-28.   Apple identified these exhibits – by Bates range – as full and complete iPhone Buyer Surveys in its July 23, 2012 exhibit list.   Apple provided Samsung and the Court with full and complete versions of these surveys on July 25 and July 27, respectively.   Only after the parties' first Schiller disclosures did Apple revise these "exhibits" cutting all but 10 pages.   Such manipulation of identified exhibits is improper, untimely, prejudicial, and misleading. |
| | **RESPONSES REGARDING EXHIBITS FOR FORSTALL CROSS EXAM** |
| | **SDX3689; SDX3692:** SDX3689 is offered as a demonstrative exhibit in support of DX-2514. SDX3692 is offered as a demonstrative exhibit in support of DX-2515.   Both exhibits depict a physical Samsung device described in emails for which Mr. Forstall was either an author or a recipient.   Because Mr. Forstall (along with other high-level Apple employees) appears to have been actively assessing and benchmarking these Samsung products, Mr. Forstall is able to testify to his memory and understanding of these products without offering any sort of improper opinion. Both exhibits provide a visual reference for the admissible documents they support, and both will |

| | |
|---|---|
| 1<br>2<br>3 | assist the jury in understanding the description of these devices set forth in DX-2515 and DX-2514. There is absolutely no indication that the quality of the photographs (which is very good) distorts or threatens to mislead the jury in any way. Apple's objection that use of these demonstratives will be outside the scope of Mr. Forstall's direct examination is premature. That objection can only be assessed at the time these documents are presented on cross examination. |
| 4<br>5<br>6<br>7<br>8<br>9<br>10 | **DX2514; DX2515; DX2516; DX2517; DX2518; DX2520; DX2521; DX2522; DX2523; DX2524; DX2525; DX2519:** As evidenced by its opening statement and the testimony of its first witness Christopher Stringer, *see* Trial Trans. (7/31/12) at 50:4-7, Apple alleges that Samsung has "copied" certain Apple products. Because Apple has characterized Samsung's competitive analysis and benchmarking actions as "copying," it has opened the door to having the jury determine whether these actions constitute "copying" or whether they reflect standard industry benchmarking or competitive analysis. These Apple documents, which illustrate Mr. Forstall's and Apple's own competitive analysis and benchmarking activities, demonstrate that Samsung's alleged "copying" is in fact standard practice in the industry. Furthermore, none of the documents are hearsay – none are offered for the truth of their assertions, but instead merely to show that Apple benchmarked and analyzed its competitor's products. Moreover, these documents are Apple's internal company documents and thus are admissible as party admissions. *See* Fed. R. Evid. 801(d)(2)(D). Finally, even if these documents include hearsay, they are admissible as business records. *See* Fed. R. Evid. 803(6). |
| 11<br>12<br>13<br>14 | **JX1007; JX1015; JX1016; JX1019; JX1020; JX1025; JX1026; JX1027; Deposition Transcripts of Bas Ording, Andrew Platzer, Scott Herz, and Freddy Anzures; SDX3682, SDX 3691, SDX3693, SDX3694-701; SDX3812**: These cross exhibits relate to Apple's D'305 patent. Because the Court found that "Mr. Forstall shall not testify regarding the '915 Patent, the '381 Patent, or the D'305 Patent," Samsung does not intend to use these cross exhibits during its cross examination of Mr. Forstall. *See* Order On Samsung's [Corrected] Objections Regarding Forstall, *et al.*, Docket No. 1563 at 6. Samsung reserves its rights to use these cross exhibits in the event there is a change in the status quo. |
| 15 | **RESPONSES REGARDING EXHIBITS FOR BRESSLER CROSS EXAM** |
| 16<br>17<br>18 | **DX511:** The Court already overruled this objection. Dkt 1519. Apple's MIL #4 on allegedly misleading views was similarly denied. Dkt 1267. DX 511 is prior art to the D'087 and D'677 patents. The Federal Circuit's opinion did not state that this reference could not anticipate, only that in the PI context it was not likely anticipating. In addition, all rulings at PI stage, whether on law or fact, are preliminary. |
| 19<br>20 | **DX526:** Judge Grewal's order only struck theories and arguments that the D'677 and D'087 patents were invalid in light of the F700. Dkt. 1144 at 4-5. The F700 is still admissible for all other purposes not struck by that order. Dkt. 1545, at 10. F700 was also timely disclosed in PI phase. |
| 21 | **DX578:** Mr. Bressler has opined that Apple's patents are valid and are not obvious; Samsung is entitled to examine Mr. Bressler as to his awareness regarding the existence of the features described in this e-mail in other products. |
| 22<br>23 | **DX628:** In light of the Court's order at Dkt No. 1510, Samsung will not seek to introduce this exhibit during the cross examination of Mr. Bressler. |
| 24<br>25 | **DX688:** As an expert, Mr. Bressler's opinions were made after reviewing the testimony of Apple's designers, including Mr. Stringer. Samsung is entitled to examine Mr. Bressler regarding these sources, and to impeach him with these opinions to the extent he came to different conclusions about the designs invented by those designers. The declaration is also sworn testimony by an Apple representative and is therefore an admission by a party opponent. |
| 26<br>27<br>28 | **DX727, 728:** Whether these are primary or secondary references is an issue for the jury to decide. *See Int'l Seaway v. Walgreens*, 589 F.3d 1233, 1240-42 (Fed. Cir. 2010). Prior art is also relevant to the infringement analysis. *See Egyptian Goddess v. Swisa Inc.*, 543 F.3d 665, 681-83 (Fed. Cir. 2008) (en banc). These exhibits were timely disclosed during the preliminary |

injunction phase. Dkt No. 172 at 24.    Mr. Bressler also analyzed and opined on these references. *See, e.g.*, Hutnyan Decl., Exs. 1 & 2 (Bressler Opening Report at 20, 50-52, 102-104, 151; Bressler Rebuttal Report at 33-36, 45-47, 62-65, 76-80, 90-94).

**DX740 & DX741:** The Court has already denied Apple's MIL #1, Dkt 1267 at 3, and Objections related to this exhibit. Dkt 1519. The Court has also ruled this evidence admissible for noninfringement.   Dkt. 1545 at 11. The photographs of '035 are taken from the official file history of the D'889 patent and are admissible under Rules 1003, 1004, and 1005.   Judge Grewal's order did not strike this reference for any purpose except two limited invalidity theories. Dkt. 939-12, at 8-9.   As an embodiment of the D'889 patent, it is relevant to infringement.

**DX743:** Apple's MIL #2 only involved later-issued patents, not pending patent applications for products at issue in the case.   Dkt 1184-3 at 2.   Apple cannot re-write or expand it now.   Also, regardless of what invalidity contentions were struck, this patent application is highly relevant to Apple's claim that the iPad 2 is an embodiment of the D'889 patent and to infringement.

**JX1074:** This exhibit is a prior art device relevant to multiple issues such as design patent invalidity.    Moreover, Mr. Bressler has already analyzed and opined on this device and is therefore open to cross examination about it.   *See e.g.* Hutnyan Decl., Exs 1 & 2 (Bressler Opening Report at.43-47; Rebuttal Report at 121-22).    To the extent the device is not self-authenticating, Samsung's expert already authenticated it at the preliminary injunction stage. Dkt. 172 at 9 & Ex. L.   This reference remains admissible for invalidity and other purposes. Dkt 1545.

**JX1093, SDX3750-51, 3768-71 (Prada and Prada demonstratives):**    The Court already overruled this objection. Dkt 1563 at 6-7. The Court also ruled that the LG Prada is "admissible as a prior art reference under 35 U.S.C. § 102" so Apple's 402 and 403 objections are meritless. Dkt   1267 at 3.   Mr. Bressler considered this reference as well *See e.g.* Hutnyan Decl., Ex. 2 (Rebuttal Report at 65).   In addition, Apple's MIL #4 regarding presentation of all views of designs was denied.   Finally, LG Prada was disclosed for the 677 and 087 patents at the PI stage. Dkt 172; Dkt 181.

**SDX3756; 3761; 3757; 3760; 3764; 3766; 3773; 3765; 3775; 3811; 3767; 3769; 3771; 3772; 3783; 3774; (Patent-Product comparisons):** The objections Apple served regarding these slides were extremely vague and conclusory, stating only that these had already been struck, which is wrong.   These are demonstrative exhibits and not intended to be entered into evidence.   The Court already denied Apple's MIL #4 regarding allegedly misleading or partial views.   Dkt. 1267.   Additionally, writing on the surface of the phones is relevant to infringement, as this Court found.   Moreover, Samsung disclosed during the preliminary injunction phase all the non-infringement theories in these slides, including that Samsung devices have speaker slots with different shapes, locations, and appearances compared to D'677, D'087, and the iPhone products, raised bezels, surface ornamentation and different corner radii. Dkt 172; Dkt 181.   Jurors will also have the actual devices as well**.**

**SDX3779-3782 (HP Compaq and Fidler Tablet):** These are demonstrative exhibits and not intended to be entered into evidence.   Although the Court has ruled these references inadmissible for non-infringement, they remain admissible for invalidity and other purposes, such as functionality.   Dkt 1545.

**SDX3804-3808; SDX 3809-3810 (Product-Product Comparisons):** These are demonstrative exhibits and not intended to be entered into evidence.   The Court already denied Apple's MIL #4 regarding allegedly misleading or partial views.   Dkt. 1267.   Samsung is not required in its demonstratives to present its theories the way Apple would want.   Merely because Mr. Bressler has not offered an opinion on a certain product is no justification to strike the demonstrative.

**SDX 3800-3803:** Judge Grewal's order struck all theories and arguments that the D'677 and D'087 patents were invalid as anticipated or obvious in light of the F700.   Dkt 1144. The F700 is still admissible for all other purposes not struck by that order, such as functionality.

**10/31/11 Declaration of Eric Olson and Exhibit 8:** This is a sworn declaration that includes the

| | |
|---|---|
| | photos of the 035 Mockup (the same photos as in Exhibit 740), which the Court has held admissible in Apple's MIL #1 and Dkt 1519.  Moreover, this exhibit is for impeachment and therefore need not be on the exhibit list.  It was timely disclosed the day prior to the cross examination. |
| | **4/23/12 Deposition of Peter Bressler (ITC-796), 4/24/12 Deposition of Peter Bressler (ND Cal), 5/31/12 ITC Hearing Tr. – Peter Bressler, 6/1/12 ITC Hearing Tr. – Peter Bressler:** This is Mr. Bressler's own prior sworn testimony and is admissible under Rule 801(d)(1)(A). This is proper for impeachment. |
| | **3/22/12 Peter Bressler Opening Expert Report and Exhibits, 4/16/12 Peter Bressler Rebuttal Expert Report and Exhibits:** Prior to seeing Apple's direct examination, Samsung does not know what portions of Mr. Bressler's report may be necessary to use for cross and impeachment purposes. |
| | **5/2/12 ITC-796 Direct Witness Statement of Christopher Stringer, 8/3/2011 – Deposition of Christopher Stringer (ND Cal), 11/4/11– Deposition of Christopher Stringer (ND Cal), 2/15/12 – Deposition of Christopher Stringer (ITC), Quin Hoellwarth Oct. 25, 2011 Deposition (ND Cal):** Mr. Bressler is not a fact witness. He is an expert who relied on the testimony and prior statements of Apple designers and employees in forming his opinions. These sources are therefore relevant grounds to impeach and are not being entered into evidence. Further, these are sworn statements of Apple witnesses admissible as admissions by a party opponent under Rules 801(d)(2)(A), (C), & (D) and may be used for impeachment.  Mr. Hoellwarth resides outside of the district, in Idaho. |
| | **Amended Complaint:** The Amended Complaint is a pleading and may be used for impeachment and to cross examine Mr. Bressler on expert theories compared with theories in complaint; independent development theories remain admissible for purposes not specified by Judge Grewal's order. |
| | **Demonstratives (General):** Apple makes only general objections without specifying particular slides.  It is impossible for Samsung to respond with any particularity.  Also, Apple's vague objections that "arguments were struck by Dkt No. 1144" without reference to any particular argument or portion of that order is disingenuous and a violation of this Court's ruling requiring specificity when invoking a prior order.  Dkt. 1544. |
| | **RESPONSES REGARDING EXHIBITS FOR KARE CROSS EXAM** |
| | **Kare Depo:** Prior inconsistent deposition testimony is not hearsay.  Use of prior inconsistent deposition testimony for impeachment is proper.  The court has already recognized this principle, overruling this same objection with respect to Mr. Stringer.  Dkt. No. 1519. |
| | **Anzures and Chaudhri Depos:** Use of inventor deposition testimony is proper for purposes of impeachment because Kare relied upon inventor deposition testimony in forming her opinions, and deposition testimony need not be designated for purpose of impeachment. |
| | **SDX3705:** Showing the home screen is not misleading or irrelevant, but actually squarely in line with the legal requirement that the ordinary observer must consider all views when determining design patent infringement.  *See Contessa Food Prods., Inc. v. Conagra, Inc.*, 282 F.3d 1370, 1380 (Fed. Cir. 2002) ("for purposes of design patent infringement, the 'ordinary observer' analysis is not limited to those features visible during only one phase or portion of the normal use lifetime of an accused product.").  Thus, Samsung should be able to depict the accused products as a whole, as an ordinary observer would actually see them. |
| | **SDX3706:** Use of named inventor deposition testimony for impeachment is proper because Kare relied upon inventor deposition testimony in forming her opinions, and deposition testimony need not be designated for purpose of impeachment.  Samsung is permitted to illustrate its demonstratives with unaltered images of deponents or witnesses. |

02198.51855/4889726.1

-4-   Case No. 11-cv-01846-LHK
SAMSUNG'S (1) OBJECTIONS TO NEWLY-DISCLOSED BRESSLER, DENISON AND SCHILLER EXHIBITS, (2) RESPONSES RE: FORSTALL, BRESSLER, KARE AND SCHILLER CROSS EXAM EXHIBITS

| RESPONSES REGARDING EXHIBITS FOR SCHILLER CROSS EXAM |
|---|
| **Schiller Depo:** It is fundamental that a deponent may be cross-examined using his deposition testimony.  *See FRE* 801(d)(1)(A); *FRCP* 32(a). |
| **DX526:** Apple claimed repeatedly in its motion to strike that Apple did not seek to strike references that were adequately disclosed at the preliminary injunction stage.   Despite its representations, Apple's proposed order included Itay Sherman's opinion that D'087 and D'677 were obvious in light of Samsung's 2006 KR'985 patent, which was embodied by the F700.   Judge Grewal adopted Apple's proposed order and struck everything it included.   Samsung then asked Apple to withdraw prior art disclosed at the preliminary injunction stage, including KR'985 and F700.   Apple would not concede the point generally, but expressly agreed to withdraw its objection to KR'985 and confirmed that reference was still viable for trial.   For the same reason, the F700 should not have been stricken by Judge Grewal's order as Apple should have conceded. |
| **DX767:** The Court overruled these objections to other Apple internal surveys and found the surveys to be admissible "party admissions," Dkt. No. 1563, at 7:27-28, and not precluded by prior order, *id*. at 7:25-26.   It should do so again given the relevance to Apple's design and damages claims. |
| **JX1093, SDX702-703:** Apple is mistaken regarding the LG Prada's admissibility because the Court's order on Apple MIL#3 expressly ruled it admissible as a prior art reference under 35 U.S.C. § 102 and to rebut allegations of copying.   Dkt. 1267 at 3.   The Court also just ruled that the "LG Prada was disclosed as potential D'677 and D '087 prior art at the preliminary injunction stage."   Dkt. 1563 at 7.   Finally, Samsung intends to question Mr. Schiller as to his familiarity with the device to establish a foundation. |
| **SDX3356-3562:** These demonstrative exhibits compare the iPhone 3GS to several Samsung accused products that are not prior art, so Dkt. No. 1144 has no bearing.   There is nothing misleading or distracting because Samsung merely whites out the screen to allow a comparison of the overall design without that element, and then a comparison of the distinct features at the top and bottom of the phone.   Similar demonstratives from Samsung's opening statement drew no objection.   *See* Original Opening Statement Slides 35, 37; Dkt. No. 1441. |
| **APL7940004187872:** As with other exhibits the Court has allowed, this document is an admission and may also rebut allegations of copying.   Samsung is entitled to examine Mr. Schiller about his knowledge of the document.   *See* Dkt. 1536 at 7-8. |
| **DX534, DX774, DX775, DX776:**   Samsung timely disclosed these exhibits.   Samsung disclosed them only after Apple altered exhibits PX143, PX144, PX145, and PX146.   Apple identified PX 143, PX144, and PX145 as the full iPhone Buyer Surveys on its exhibit list and in disclosures to Samsung and the Court.   Only after Apple attempted to replace those exhibits with truncated versions, cutting most of the documents, did Samsung advise Apple that it intended to use DX534, DX774, DX775, DX776, because they are the same kinds of studies for the same time periods.   Apple has been on notice of Samsung's intent to use these surveys and should not be allowed to benefit from its selective manipulation of trial exhibits.   The relevance of these exhibits has been established.   Dkt. No. 1563, at 7:27-28. |

02198.51855/4889726.1

-5-    Case No. 11-cv-01846-LHK
SAMSUNG'S (1) OBJECTIONS TO NEWLY-DISCLOSED BRESSLER, DENISON AND SCHILLER EXHIBITS, (2) RESPONSES RE: FORSTALL, BRESSLER, KARE AND SCHILLER CROSS EXAM EXHIBITS

| | |
|---|---|
| DATED: August 3, 2012 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| | By  */s/ Victoria F. Maroulis* |
| | Victoria F. Maroulis<br>Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC |

02198.51855/4889726.1

-6-                                        Case No. 11-cv-01846-LHK
SAMSUNG'S (1) OBJECTIONS TO NEWLY-DISCLOSED BRESSLER, DENISON AND SCHILLER EXHIBITS,
(2) RESPONSES RE: FORSTALL, BRESSLER, KARE AND SCHILLER CROSS EXAM EXHIBITS