HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
JENNIFER LEE TAYLOR (CA SBN 161368)
jtaylor@mofo.com
ALISON M. TUCHER (CA SBN 171363)
atucher@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
JASON R. BARTLETT (CA SBN 214530)
jasonbartlett@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK<br><br>**APPLE'S MOTION FOR RECONSIDERATION REGARDING RULINGS ON OBJECTIONS TO BRESSLER, KARE, SCHILLER, DENISON & FORSTALL EXHIBITS (DKT. NO. 1563)** |

**I.     Background.**

The Court's procedures require that the parties identify their direct witnesses and related materials two days before their testimony at 7 p.m. ("the two-day rule"). (Dkt. No. 1267.)  Apple thus identified and disclosed materials for Peter Bressler, Susan Kare, Philip Schiller, and Justin Denison on Sunday, July 29, 2012 for potential testimony on Tuesday, July 31, 2012.

Also per the Court's schedule, the parties briefed Samsung's objections to these exhibits on Monday, July 30, 2012 at 8 a.m.  (Dkt. Nos. 1517 & 1518.)  These witnesses ultimately did not testify on Tuesday, July 30, 2012 (except for Mr. Schiller briefly), and the Court did not resolve Samsung's objections to these witnesses' materials that day.

**II.     Samsung's new objections to previously identified (and objected to) exhibits.**

Because Mr. Bressler, Ms. Kare, and Mr. Denison did not testify and Mr. Schiller's testimony had just begun, Apple disclosed a small set of additional exhibits on Wednesday:

- Peter Bressler:  3 demonstrative slides revised & 2 slides added
- Susan Kare:  3 demonstrative slides revised and 4 slides added (multiple other slides deleted for brevity)
- Peter Schiller:  1 demonstrative and 1 exhibit corrected (all typographical errors)
- Justin Denison:  Deposition testimony supplemented with deposition errata, and 2 exhibits added
- Wookyun Kho:  1 deposition excerpt removed

Apple also disclosed Scott Forstall as a potential witness for Friday, August 3, 2012.

Rather than objecting *only* to the limited supplemental witness disclosures and Mr. Forstall's materials, Samsung re-objected and added new objections for all five of these witnesses' direct exhibits and demonstratives.  Samsung asserted *125+* old and new objections to *95+* exhibits or demonstrative slides.  Its objections spanned six single-spaced pages and used vague phrases like "outside the scope" and "untimely disclosed."  Samsung disclosed its objections late at night (at 12:26 a.m), forcing Apple to scramble to meet the Thursday 8:00 a.m. briefing deadline.  Yet upon request, Samsung refused to identify the specific objections that it intended to brief within the parties' five page limit.  (Hung Decl. Ex. A.)

APPLE MOT. FOR RECON. RE: RULINGS ON OBJ. TO BRESSLER, KARE, SCHILLER, DENISON & FORSTALL EXHS.
Case No. 11-CV-01846-LHK
sf-3178692

1

On Thursday, August 2, 2012, the Court indicated that it would treat the parties' latest objections as superceding their earlier objections. (Dkt. 1544.) Believing that Samsung had waived its new objections to previously identified materials, Apple focused its limited five-page briefing on new or newly revised materials. The Court therefore entertained many of Samsung's objections that Apple did not have an opportunity to answer.

### III. The Court sustains several of Samsung's objections.

Samsung's "object a lot, but vaguely" approach misled the Court into sustaining many of its objections -- including barebones, "untimely disclosed" ones that were patently false.

#### A. Peter Bressler Exhibits & Demonstratives

| EXH. NO. | REASON FOR SUSTAINING OBJECTION | ACTUAL FACTS |
|---|---|---|
| PX3, PX4, PDX55-PDX66 | "The devices in PX3, PX4, and PDX65-66 to which Samsung now objects were either omitted from the Bressler report or struck from the Bressler report by Judge Grewal's June 27, 2012 Order for being untimely disclosed." (Dkt. 1563 at 2.) | PX3 and PX4 were **disclosed** in the Bressler report at paragraphs 95-101 (D.I. 935-6 at 21-23) and **attached** as exhibits 25 & 27 to the report. (Hung Decl. Ex. B.)<br><br>Judge Grewal's order **never struck** PX3 or PX4 as untimely disclosed. Indeed, Samsung **excluded** the related discussion from the scope of its proposed order. (*See* D.I. 934-4 at 2 (seeking to strike paragraphs 34, 51, 56, 60, 64-67, 68, 73, 77-80, 81, 86, 89-92, 104, 110-127, 136, 141-143, 191-193, 255-259, 338-344, 358 and 360, but not paragraphs 95-101.))<br><br>For the avoidance of any doubt, Apple has revised PX3 to substitute Galaxy SII i777 with the Samsung Galaxy S II T989 and deleted the third page of PX3. Each of the phones in revised PPX3 was cited in exhibit 25 of Bressler's report.<br><br>PDX65-66 is a demonstrative relating to PX3 and PX4. |
| PX133, PX141, PX142, PX174, PX175 | "These exhibits were untimely produced after the close of fact discovery." (Dkt. 1563 at 2.) | All five exhibits were **attached** to the Zhang Decl. ISO Apple's preliminary injunction motion -- over a year ago. *See* Dkt. No. 87-1 (PX174); Dkt. No. 87-2 (PX175); Dkt. No. 87-31 (PX141); Dkt. No. 87-27 (PX133). |
| PX152, PX197, PX198 | "These devices were never produced for inspection during fact discovery and were not discussed in Bressler's Report . . . . [T]hese | The devices are **Samsung's** devices.<br><br>Apple made them available for inspection during expert discovery, but Samsung declined. (Hung Decl. Ex. C.)<br><br>The devices were expressly discussed in Bressler's report at |

APPLE MOT. FOR RECON. RE: RULINGS ON OBJ. TO BRESSLER, KARE, SCHILLER, DENISON & FORSTALL EXHS.
Case No. 11-CV-01846-LHK
sf-3178692

2

| EXH. NO. | REASON FOR SUSTAINING OBJECTION | ACTUAL FACTS |
|---|---|---|
| | undisclosed devices are excluded pursuant to Judge Grewal's June 27, 2012 Order striking portions of Bressler's Report that reference undisclosed alternative devices." (Dkt. 1563 at 2.) | paragraphs 95-101(D.I. 935-6 at 21-23) and **_attached_** as exhibits 25 & 27 to the report.  (Hung Decl. Ex. B.)<br><br>Judge Grewal's order **_never struck_** PX152, PX97, or PX198 as untimely disclosed.  Indeed, Samsung **_excluded_** the related discussion from the scope of its proposed order. (D.I. 934-4 at 2 (seeking to strike paragraphs 34, 51, 56, 60, 64-67, 68, 73, 77-80, 81, 86, 89-92, 104, 110-127, 136, 141-143, 191-193, 255-259, 338-344, 358 and 360 – but not 95-101.)) |
| PX173 | "This exhibit was not considered by Bressler in his expert report." (Dkt. 1563 at 3.) | PX173 is discussed in the Bressler report at paragraph 104 at page 35 (D.I. 935-6 at 24.).  (Hung Decl. Ex. B.) |

### B.   Susan Kare's Exhibits & Demonstratives

| EXH. NO. | REASON FOR SUSTAINING OBJECTION | ACTUAL FACTS |
|---|---|---|
| PX38, PX55 | "Because these exhibits were not timely disclosed in response to Interrog. No. 7 regarding evidence of willfulness, they may not be used for this purpose." (Dkt. 1563 at 4.) | Interrogatory No. 7 did not ask for the identification of documents relating to willfulness.  (Hung Decl. Ex. D. (". . . state all facts supporting any contention by APPLE that Samsung has willfully infringed, diluted, or falsely designated the origin of its products for each patent, trade dress, and trademark. . .").)<br><br>The interrogatory's request for "all facts" does not mean that Apple waived its ability to rely on a document.  "[C]ourts are loath to require a party to 'write basically a portrait of their trial' for the other parties."  *Roberts v. Heim*, 130 F.R.D. 424, 427 (N.D. Cal. 1989.  For this reason, "contention interrogatories . . . seek[ing] 'all facts' are overly broad and unduly burdensome on their face."  *In re eBay Seller Antitrust Litigation*, 2008 WL 5212170, at *2, No. C 07-1882 JF (RS) (N.D. Cal. Dec. 11, 2008).<br><br>Regardless, Apple referred to documents relating to Samsung's copying as supporting its willfulness.  (*Id.* (referring to "all documents that Samsung has produced, and continues to produce evidencing comparisons, analyses, studies, teardowns, and investigations of Apple products").) |
| PX14.34, 14.36 | "[T]hese pages contain an argument not | PDX14.34-36 depict a page from PX44.  This page from PX44 is **_expressly identified_** and discussed at |

APPLE MOT. FOR RECON. RE: RULINGS ON OBJ. TO BRESSLER, KARE, SCHILLER, DENISON & FORSTALL EXHS.
Case No. 11-CV-01846-LHK
sf-3178692

3

| EXH. NO. | REASON FOR SUSTAINING OBJECTION | ACTUAL FACTS |
|---|---|---|
| | disclosed in Kare's expert reports[] . . . ." | Kare report ¶ 89. (Hung Decl. Ex. E at 50 (referring to Bates label SAMNDCA00204006.) |
| PDX14.37 | "[T]hese pages contain an argument not disclosed in Kare's expert reports[] and that PDX14.37 contains an excerpt from PX55, which was not timely disclosed in response to Samsung's Interrog. No. 7 regarding willfulness." | PDX14.37 depicts a page from PX55. This specific page of PX55 is ***expressly identified*** and discussed at Kare report ¶ 85. (Hung Decl. Ex. E at 48 (referring to black & white version of PX55, at Bates label SAMNDCA10252515.) <br><br> *See also* PX55, above. |

### C.     Justin Denison's Exhibits & Demonstratives

| EXH. NO. | REASON FOR SUSTAINING OBJECTION | ACTUAL FACTS |
|---|---|---|
| PX38 | "PX38 was not identified in response to Samsung's contention Interrog. No. 7 regarding willfulness, and therefore may not be used for this purpose." (Dkt. 1563 at 5.) | *See* PX55 (Kare), above. |
| PX62 | "PX62 was not identified in response to Samsung's contention Interrog. No. 7 regarding willfulness, and therefore may not be used for this purpose." (Dkt. 1563 at 5.) | *See* PX55 (Kare), above. |

### D.     Scott Forstall's Exhibits & Demonstratives

Samsung's vague "outside the scope" objection gave Apple no notice of its intent to argue that Apple's ***initial disclosures*** barred Mr. Forstall's testimony. (Hung Decl. Ex. A.) Apple provides a complete recitation of the relevant facts as they pertain to Mr. Forstall below.

| EXH. NO. | REASON FOR SUSTAINING OBJECTION | ACTUAL FACTS |
|---|---|---|
| JX1042, JX1044, JX1045, PX12, PX19, PDX17-18, PDX20-24 | "The discovery disclosures provided by Samsung show that Apple only indicated that Forstall had discoverable information regarding the '163 Patent in its | Mr. Forstall is Apple's SVP of iOS. Apple's Rule 26(a)(1) disclosures indicated that he is knowledgeable about "[t]he pertinent Apple patents-in-suit, including, conception, reduction to practice, and inventorship; Apple products embodying the inventions claimed by the pertinent Apple patents-in-suit, and other Apple products." (Hung Decl. Ex. F.) This was sufficient. *Cf. Lithuanian Commerce Corp. v. Sara Lee Hosiery,* 177 F.R.D. 245, 278 (D.N.J. 1997) (disclosure of general areas of knowledge sufficient under Rule 26). Additionally: <br><br> [JX1042 – **D'305 patent/icons**] Mr. Forstall testified regarding |

APPLE MOT. FOR RECON. RE: RULINGS ON OBJ. TO BRESSLER, KARE, SCHILLER, DENISON & FORSTALL EXHS.  
Case No. 11-CV-01846-LHK  
sf-3178692

4

| EXH. NO. | REASON FOR SUSTAINING OBJECTION | ACTUAL FACTS |
|---|---|---|
| | initial disclosures and its amendment to its initial disclosures. There was no indication in these disclosures that Mr. Forstall would have discoverable information on the '915 Patent, '381 Patent, or the D'305 Patent." <br><br> "Apple noted that Forstall was deposed over several days in this action and the ITC action, but does not indicate on what topics he was deposed." (Dkt. 1563 at 6.) | icons.  (Hung Decl. Ex. G at 216:17-23 ("I know like the design of icons with the rounded recs was something that we cared about because it . . . looked uniquely ours, and we didn't want other people to go and copy that design . . . ."); Ex. I at 295:14-21 ("So one of the specific ones that we had talked about was the icon used to merge calls . . . . ").) <br><br> [JX1044 – **'915 patent/scroll/gestures**; PDX23 -- scrolling and zooming video]  Mr. Forstall was asked and testified about the '915 patent.  (Hung Decl. Ex. H at 7:24-8:6 ("Q. Okay. And what patents did you look at?  A. There was one patent that deals with -- well, patents deal with many things.  There was a patent that deals with sort of touch and gestures for things like scrolling; a lot of other things included in that, but that was one of them.").) <br><br> Mr. Forstall specifically testified about scrolling, zooming, and how the phone operates.  (Hung Decl. Ex. G at 28:19-22 ("And so we had things like pinch to zoom, and so you could put two fingers down and – and I guess we call this a depinch.  You know, pinch together actually shrinks it down, but a depinch zooms in."); Ex. H at 23:24-24:17 ("And when creating the iPhone, there were so many completely unsolved problems that we had to tackle  . . . . And so we had to figure out a way, . . . with this touch and multi-touch input, to scroll something in the way the user would want it, even though there is imprecise input here. . . .  [W]e came up with a number of ways to figure out that the user intends to scroll this vertical . . . there's other examples that we have, horizontal and other dimensions as well -- but to determine that's their intent, and then scroll in that dimension.").) <br><br> [JX1045 – **'381 patent/rubberbanding**; PDX24 (rubberbanding video]  Mr. Forstall testified about looking at a patent "dealing with rubberbanding."  (Hung Decl. Ex. G at 8:12-13.)  He specifically testified about the "zoom" and "bounce" effects. (Hung Decl. Ex. G at 202:5-10 ("Was the rubber banding discussed after that first meeting?  Rubber banding is one of the sort of key things for the fluidity of the iPhone and – and all of iOS, and so I know that it was one of the ones that Steve really cared about.").) <br><br> As noted above, Mr. Forstall testified about the '381 and '915 patents, icons, and other graphical user interface topics such as scrolling, pinching, zooming, gestures.  He should be allowed to testify on at least these topics. |

APPLE MOT. FOR RECON. RE: RULINGS ON OBJ. TO BRESSLER, KARE, SCHILLER, DENISON & FORSTALL EXHS.
Case No. 11-CV-01846-LHK
sf-3178692

5

| | |
|---|---|
| 1  Dated: August 3, 2012 | |
| 2 | MORRISON & FOERSTER LLP |
| 3 | |
| 4 | By: /s/ *Michael A. Jacobs*<br>     Michael A. Jacobs |
| 5 | Attorneys for Plaintiff<br>APPLE INC. |

APPLE MOT. FOR RECON. RE: RULINGS ON OBJ. TO BRESSLER, KARE, SCHILLER, DENISON & FORSTALL EXHS.
Case No. 11-CV-01846-LHK
sf-3178692

6