| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781) <br> hmcelhinny@mofo.com <br> MICHAEL A. JACOBS (CA SBN 111664) <br> mjacobs@mofo.com <br> RACHEL KREVANS (CA SBN 116421) <br> rkrevans@mofo.com <br> JENNIFER LEE TAYLOR (CA SBN 161368) <br> jtaylor@mofo.com <br> ALISON M. TUCHER (CA SBN 171363) <br> atucher@mofo.com <br> RICHARD S.J. HUNG (CA SBN 197425) <br> rhung@mofo.com <br> JASON R. BARTLETT (CA SBN 214530) <br> jasonbartlett@mofo.com <br> MORRISON & FOERSTER LLP <br> 425 Market Street <br> San Francisco, California 94105-2482 <br> Telephone: (415) 268-7000 <br> Facsimile: (415) 268-7522 | WILLIAM F. LEE <br> william.lee@wilmerhale.com <br> WILMER CUTLER PICKERING <br> HALE AND DORR LLP <br> 60 State Street <br> Boston, MA 02109 <br> Telephone: (617) 526-6000 <br> Facsimile: (617) 526-5000 <br><br> MARK D. SELWYN (SBN 244180) <br> mark.selwyn@wilmerhale.com <br> WILMER CUTLER PICKERING <br> HALE AND DORR LLP <br> 950 Page Mill Road <br> Palo Alto, California 94304 <br> Telephone: (650) 858-6000 <br> Facsimile: (650) 858-6100 |

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, <br><br> Defendants. | Case No. 11-cv-01846-LHK <br><br> **APPLE'S OBJECTIONS TO PROPOSED CROSS EXAMINATION EXHIBITS AND MATERIALS FOR PHIL SCHILLER, PETER BRESSLER, SUSAN KARE AND SCOTT FORSTALL** <br><br> **APPLE'S RESPONSES TO SAMSUNG'S OBJECTIONS TO JUSTIN DENISON DIRECT EXHIBITS** <br><br> **Trial:** August 3, 2012 <br> **Time:** 9:00 a.m. <br> **Place:** Courtroom 1, 5th Floor <br> **Judge:** Hon. Lucy H. Koh |

Apple reasserts its previously filed objections to the cross-examination exhibits and materials (Dkt. No. 1518) and objects to Samsung's newly disclosed cross-examination materials for Phil Schiller, Susan Kare, and Peter Bressler.  Apple objects to Samsung's cross-examination materials for Scott Forstall and responds to Samsung's objections to the cross-examination materials for Justin Denison.

| Exhibit/ Demons. | Apple's Objections |
|---|---|
| **Phil Schiller Cross Exhibits and Materials** ||
| SDX001-3 | Apple objects that these demonstratives are misleading.  First, the white background obscures details of the depicted phones such as the ear piece.  Second, the label "Samsung Galaxy S" is inaccurate because no Samsung device is known solely as the "Galaxy S." |
| Schiller Test. | Mr. Schiller's prior out-of-court testimony is inadmissible hearsay |
| DX526, SDX3704 [F700] | The Court has ruled several times that the F700 is inadmissible. (Dkt. No. 1510 at 2.)  Apple objects to these exhibits as untimely disclosed because Samsung never disclosed the independent development theory underlying its attempt to introduce the F700.  (*Id.*)  To the extent this exhibit goes to copying or willful infringement, Samsung failed to disclose those theories. (Dkt. No. 1144 at 4.)  The F700 is irrelevant to the design of the accused products – Samsung designers testified that the unaccused F700 is unrelated to accused Samsung phones.  (Mar. 2, 2012 M.H. Lee dep. at 71:20-72:10; Feb. 29, 2012 H.S. Park Dep. at 50:25-51:3.) |
| DX767 [iPhone Buyer Survey] | Apple objects that this exhibit is irrelevant and hearsay.  The Court has ruled that Samsung's expert's apportionment theory for Apple's design patents and trade dress is contrary to law and unreliable.  (Dkt. No. 1157 at 8-10.) |
| JX1093; SDX702-703 [LG Prada] | In accordance with the Court's ruling (Dkt. No. 1563 at 7) Apple proposes the following limiting instruction, "You have heard evidence regarding the LG Prada phone.  I am instructing you that you may not consider the LG Prada as prior art with respect to Apple's graphical user interface design patent, the D'305 patent." |
| SDX3356-3562 | Apple objects to SDX3356–3562 as misleading because they (1) contain pictures of accused devices altered to remove the screen, which may distract the jury from the asserted design; (2) contain graphics that obscure portions of the accused devices, distracting from the overall impression of the accused designs; (3) are not to scale or are misleadingly scaled; and (4) show only partial views of the asserted designs and trade dress. |
| APL794000418 7872 | Apple objects that Samsung cannot lay a foundation for this exhibit because Mr. Schiller lacks personal knowledge of it. |
| **Susan Kare Cross Exhibits and Materials** ||
| Kare Depo. Tr. | Apple objects that Dr. Kare's prior testimony is hearsay. Samsung did not designate the portions of Dr. Kare's deposition testimony for admission. Apple reserves its right to object to specific portions of Dr. Kare's deposition testimony. |

| | | |
|---|---|---|
| F. Anzures & I. Chaudhri Depo. | Apple objects to Mr. Anzures's deposition testimony as hearsay, and Mr. Anzures resides in this District.[1] Samsung's disclosure of Messrs. Anzures's and Chaudhri's depositions as possible examination exhibits failed to designate portions of their testimony for admission. Apple reserves its right to object to excerpts from Messrs. Anzures's and Chaudhri's depositions. | |
| SDX3705, 3707, 3709 and 3711 | Apple objects to these demonstratives as irrelevant, prejudicial, and misleading in that they compare the D'305 patent and Samsung phone home screens and body styles, neither of which are accused of infringement. | |
| SDX3706 | Apple objects that the Court has already struck Samsung's non-infringement argument regarding the "missing row" as not timely disclosed. (Dkt. 1144 at 4.) Apple objects to this demonstrative as misleading in that it is contrary to the Court's design patent claim construction order and attempts improperly to limit the scope of the D'305 patent to a design that only has a "missing row" of icons. Samsung's presentation of Anzures deposition testimony attempts to focus attention on an isolated design element (the "missing row") and away from the overall impression of the D'305 patent and is thus contrary to law. *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 679 (Fed. Cir. 2008) (en banc) (warning against undue emphasis on particular features of design). | |
| SDX3708, 3710, 3712 | Apple objects to these demonstratives as misleading and confusing because they compare the D'305 patent and a photograph of a Samsung phone that includes the body style that is not accused of infringing the D'305 patent. | |
| SDX3713 | Apple objects to this demonstrative as presenting non-infringement arguments that Judge Grewal struck (Dkt. 1144 at 4) or that Samsung never disclosed in invalidity contention interrogatory responses. The Court struck the "missing row versus full grid," "different aspect ratios," and "different icons" arguments from Mr. Lucente's rebuttal expert report. (*Id.*) Samsung failed to disclose any of the six presented theories in its interrogatory responses, including the "random versus alphabetically arranged icons," "no page indicators versus page indicators," or "home page versus application screen" arguments. The "random arrangement" and "no page indicators" theories never appeared in Mr. Lucente's expert reports. | |
| **Peter Bressler Cross Exhibits and Materials** | | |
| DX511 [JP'638] | Apple objects to this exhibit as misleading and confusing because Samsung lacks evidence and expert testimony to establish that it is a primary or secondary reference. The Federal Circuit explained that it was improper to ignore the "arched, convex front of the '638 reference," as depicted in its side profile, in making this comparison. *Apple Inc. v. Samsung Elecs. Co.*, 678 F.3d 1314, 1326 (Fed. Cir. 2012). | |
| DX578 | Apple objects to this exhibit as irrelevant to Mr. Bressler's testimony; he did not opine on it in his report and was not asked about it in his deposition. DX578 is irrelevant to Mr. Bressler's design patent infringement opinions. | |
| DX628 [Home button | The Court has already struck this exhibit from Samsung's opening as untimely disclosed. (Dkt. No. 1519 at 2.) Samsung's theory based on this trademark application was not timely disclosed in discovery and this document was not | |

---

[1] The parties have agreed that Mr. Chaudhri's testimony may be by deposition.

| Exhibit | Objection |
|---|---|
| application] | timely disclosed. These theories were not disclosed in Samsung's interrogatory responses or expert reports. |
| DX727, DX728 | [KR'547, JPD'383] Samsung has offered no evidence or expert testimony to establish that any of these exhibits is a primary or secondary reference. |
| DX740; DX741 [035 photos & model] | Judge Grewal struck Samsung's theories based on this prototype because they were not timely disclosed. (Dkt. No. 1144 at 4-5.) It would be improper for the jury to consider this evidence as limiting the scope of the D'889 design. (Dkt. No. 1170 at 6.) Should the Court nevertheless admit this exhibit, limiting instructions are required that the 035 prototype cannot be considered prior art to the D'677 patent. Apple objects to DX740 under Rule 1002. |
| DX743 [App. 29/382,846] | The Court's ruling on Apple's motion in limine #2 excluded Apple non-prior art patents such as this one as they are not relevant to the scope of the asserted design patents (Dkt No. 1267 at 3.) Samsung should not be able to make an end-run around the Court's order by relying on an Apple patent application instead. This Court struck the expert report of Nicolas Godici, the only place Samsung disclosed this evidence. (Dkt. No. 1157 at 5-6; Dkt. No. 1144 at 4.) |
| JX1040 [D'889] | Judge Grewal struck Mr. Sherman's attempt to rely on the D'889 patent as alleged prior art to the D'677 patent as untimely. (Dkt. No. 1144 at 4-5.) A limiting instruction is thus required that the D'889 patent cannot be considered prior art to the D'677 patent. |
| JX1074 [Compaq TC1000] | JX1074 should be excluded as irrelevant because it is not a proper secondary reference. Samsung will not be able to authenticate JX1074. Samsung also failed to produce JX1074 during discovery. If the Court does admit JX1074 into evidence, it should be accompanied by a limiting instruction regarding using it as an alternative design. |
| JX1093; SDX3750-51; SDX3768-71 | Apple incorporates its objections to JX 1093 above. |
| SDX3779-3782 | Apple objects on the ground that the Court affirmed Judge Grewal's order striking the 1994 Fidler Tablet and the Compaq TC 1000 and excluded them for non-infringement purposes. (Dkt. No. 1545 at 10-11.) |
| SDX3783 | Apple objects to this demonstrative as misleading because the scale of the D'889 patent is enlarged to make it appear substantially thicker than the accused Galaxy Tab 10.1. |
| SDX3800-03 | The F700 has been excluded. Apple incorporates its objections to DX524 and SDX704. |
| SDX3804-08; SDX3809-10 | SDX3804-3808 purportedly show Samsung's non-infringement theories for the Droid Charge and Continuum, but Mr. Bressler did not provide an infringement opinion for these phones. SDX3804-3808 and SDX3809-3810 are misleading as they do not show the full views of the phones. |

| | | |
|---|---|---|
| | SDX3756-57; SDX3760-61; SDX3764; SDX3765-67; SDX3769; SDX3771-75; SDX3811 | This slide purportedly shows Samsung's non-infringement theories for the Epic 4G Touch, Vibrant, Fascinate, Galaxy S II T-Mobile, Galaxy S II Skyrocket, Mesmerize, and Showcase. These theories were struck as not timely disclosed. (Dkt. Nos. 1545; 1144 at 3; 939 at 15-18; 939-4 at ¶¶ 22-26; 939-12 at 10-12.) The Court confirmed the inadmissibility of this evidence. (Dkt. No. 1545 at 10-11.) To the extent Samsung argues that its timely disclosed non-infringement theories for one accused product should apply to another accused product (and thus saves its untimely stricken theories), such argument undermines Samsung's position against trying the design patent and trade dress claims using "representative products." It had argued that there are key differences in appearance among each of its accused devices. (D.I. 1291 at 9-10.) |
| | Bressler ITC-796 Testimony & Depos. | Mr. Bressler's former testimony is inadmissible hearsay because he is available to testify at trial. |
| | Bressler Expert Reports & Exhibits | Apple objects to Samsung's identification of these documents as lacking specificity because Samsung has not indicated the specific portions they will use from these documents. |
| | C. Stringer ITC-796 Direct Witness Stmt. & Prior Depos. | Apple objects that this evidence is hearsay and Mr. Stringer is available to testify at trial. |
| | Q. Hoellwarth Depo. Tr. | Apple objects that this evidence is hearsay; Mr. Hoellwarth works in this District. |
| | E. Olson Decl. (Dkt. No. 351) | Apple objects that this declaration and exhibit are not on Samsung's exhibit list. |
| | "The LG KE850: touchable chocolate" | This article is not on Samsung's exhibit list, identified in Samsung invalidity contention interrogatory response, or cited in expert reports. The print-out confirms that the Prada is not prior art and thus irrelevant. It is also inadmissible hearsay. Apple repeats its objections regarding JX1093 and the LG Prada with this exhibit. |
| | Am. Compl. | Apple objects as this was not on the parties' exhibit list. |
| | DX526 | The F700 has been excluded. (*See* above objection to DX526, SDX704.) |
|  | **Scott Forstall Cross Exhibits and Materials** | |
| | JX1007; JX1015; JX1016; JX1019; JX1020; JX1025; JX1026; JX1027; SDX3682; SDX3689; SDX3691-701 | These accused Samsung products and photos are irrelevant to Mr. Forstall's testimony and outside the scope of his direct exam. He will offer factual testimony regarding the development of Apple's products and iOS, as well his group's work on the iPhone's user interface. He is not being offered for expert testimony on Samsung's infringement of Apple's utility patents. Such questioning is more prejudicial than probative, as it seeks non-expert opinions on infringement. No foundation for testimony on Samsung's Accused Products. SDX3689 & SDX3692 were not produced during discovery. SDX3693 is duplicative. |
| | Depos: Ording, Platzer, Herz, Anzures | The depositions of Bas Ording, Andrew Platzer, Scott Herz, and Freddy Anzures are hearsay as they reside in this District. To the extent that Samsung seeks these for impeachment, it has argued that Fed. R. Civ. P. prevents this. |
| | SDX3812; | The F700 has been excluded. (*See* above objection to DX526, SDX704.) |

| | | |
|---|---|---|
| DX526 [F700] | Samsung products are irrelevant to Mr. Forstall's testimony and outside the scope of his direct exam.  Calls for expert testimony.  Such questioning is more prejudicial than probative, as it seeks non-expert opinions on infringement.  No foundation for testimony on Samsung's products.  Based on Samsung's other demonstratives, it appears that Samsung seeks to question Mr. Forstall regarding its icons.  The F700 is misleading because no icons are visible. | |
| DX2514-18; DX2520-25 | Email is irrelevant, as information on non-accused Samsung phones/features or other companies' products is not at issue.  Emails are more prejudicial than probative as Samsung will try to use them to suggest copying by Apple, which is not an issue in this case.  With the exception of DX-2514, each of the emails, especially those including news articles or forwarded messages, is hearsay under FRE 802/805.<br>DX-2520 and DX-2523 are particularly prejudicial because they contain redacted portions, which Samsung will insinuate are an attempt to cover up relevant information. | |
| DX2519 | Document is irrelevant, there is no allegation that Apple copied Samsung.  It is also more prejudicial than probative as Samsung will try to use this to suggest copying by Apple, which is not an issue in this case. | |
| SDX3690 | Samsung failed to provide a copy of this demonstrative. | |
| **Apple's Responses to Samsung's Objections to Justin Denison Cross Examination Materials** | | |
| PX172-177 | PX172-177 will be used to impeach Mr. Denison's testimony, if any, relating to alleged non-infringement or non-dilution of Apple's asserted design patents and trade dress.  Apple does not intend on entering these exhibits into evidence through Mr. Denison. | |
| PX42, 43, 47, 179 | Apple does not intend to elicit an opinion from Mr. Denison regarding these exhibits.  PX42, 43, 47, and 179 are admissible as a party admission, and Apple intends on using them to impeach Mr. Denison.  Apple will be able to lay a foundation for these exhibits. | |
| **Apple's Responses to Samsung's Objections to Bressler Demonstratives** | | |
| PDX2, 3, 8, 9, 10, 69 | Samsung's objections to PDX2, 3, 8, 9, 10, 69 are without basis.  Apple has asserted the D'087 patent against Samsung's accused phones and has illustrated Samsung's infringement using a number of different D'087 embodiments.  But as design patents have only a single unitary claim, 37 C.F.R. 1.153, Apple's assertion necessarily encompasses all six embodiments of the D'087 patent.  Moreover, Apple's expert declarations in support of its motion for preliminary injunction specifically illustrated the sixth embodiment against Samsung's accused products.  In order to alleviate burden on the Court, however, Apple has changed its demonstrative to illustrate the second embodiment of the D'087 patent, which was featured in Apple's response to Samsung's interrogatory No. 72 regarding infringement and in Mr. Bressler's expert reports.  Samsung's objection is therefore mooted. | |
| **Apple's Responses to Samsung's Objections to Schiller Exhibits** | | |
| PX143-146 | Apple withdrew PX143-146, which were complete copies of highly sensitive marketing studies, and replaced them with excerpted versions that pertain to the issues in dispute.  Apple provided proposed excerpted copies to Samsung three days ago.  Samsung has not identified any other portions of these exhibits that it contends are relevant. | |

| | | |
|---|---|---|
| 1 | Dated: August 3, 2012 | MORRISON & FOERSTER LLP |

By:  /s/ *Michael A. Jacobs*
      Michael A. Jacobs

Attorneys for Plaintiff
APPLE INC.