# EXHIBIT A

DAVID KAYS, ESQ. (SBN 120798)
FREEDA LUGO, ESQ. (SBN 244913 )
MORGAN, FRANICH, FREDKIN & MARSH
99 Almaden Boulevard, Suite 1000
San Jose, California  95113-1613
Telephone: (408) 288-8288
Facsimile:  (408) 288-8325

ROGER G. BROOKS, *Pro Hac Vice*
CRAVATH, SWAIN & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
Telephone: (212) 474-1000
Facsimile:  (212) 474-3700

Attorneys for Non-Party,
QUALCOMM INCORPORATED

UNITED STATES DISTRICT COURT,

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,, <br><br> Plaintiffs, <br><br> vs. <br><br> SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, <br><br> Defendants. | Case No. 11-CV-01846-LHK <br><br> **NON-PARTY QUALCOMM INCORPORATED'S REPLY TO THIRD PARTY REUTERS AMERICA LLC'S OPPOSITION TO MOTIONS TO SEAL TRIAL AND PRETRIAL EVIDENCE** |

Reuters' generic argument in favor of forced disclosure of all terms of licensing agreements rests on (a) the non-sequitur that "If there is a public interest in understanding how our patent system works," then license terms should be disclosed, and (b) the truism that disclosure "would increase everyone's access to information". (Reuters Opp'n at 18.) So it would, but the law recognizes that that is not always a good or fair result. Reuters cites no law, and instead invites the Court to rely on broad economic theories and policy

1

Apple, Inc. v. Samsung Electronics, Case No: 11-CV-01846-LHK
QUALCOMM'S REPLY TO REUTERS AMERICA LLC'S OPPOSITION
TO MOTION TO SEAL TRIAL AND PRETRIAL EVIDENCE

arguments to compel disclosure *even if* that disclosure will hurt the competitive and commercial interests of non-parties—innocent bystanders—to the litigation.  (*Id.* at 19.) We believe that the relevant facts and law have been adequately laid out in the opening papers of Qualcomm and other affected non-parties, and will not revisit those issues.

However, Reuters also asserts that Qualcomm's motion to seal is "moot" "because the licensing terms involved were disclosed in [its] initial filings". (*Id.* at 19.)  It is correct that Qualcomm's motion was initially in error not filed under seal.  That, however, has been corrected:  following the proper procedure, at the earliest possible moment on July 30, Qualcomm notified the ECF HelpDesk for the Northern District of California that Attachment 2 had been filed incorrectly.  Following the District's published procedures, Docket Item 1394 was immediately locked, and Qualcomm filed an Administrative Motion to Remove Incorrectly Filed Document on that same date, which is currently pending.  In short, Qualcomm's confidential information is not now publicly available through this Court's records or on PACER.

As the very existence of this Court's procedure for removing incorrectly filed documents from public access reflects, confidentiality is not a black and white, once lost, never regained matter; there are degrees of accessibility.  It is true that Reuters sent out a very brief wire report containing some of Qualcomm's inadvertently disclosed confidential information on Monday, July 30, even after the document had been removed from public access on PACER.  However, as the Court is aware, license agreements may remain in effect for many years.  Five years from now, a competitor or licensee seeking to gain an advantage by obtaining otherwise confidential information about Qualcomm's license terms with Samsung may or may not stumble across that transient and by then ancient-history Reuters wire report; they are almost certain to look to and find the docket of this extremely high profile litigation.  In other words, despite the inadvertent disclosure, sealing Qualcomm's confidential information in this Court's record still matters in the real world.

For this reason, Qualcomm's motion is not moot, and Qualcomm respectfully

1  requests that the Court order the sealing of documents disclosing the financial details of its
2  licensing agreements with Samsung, as set forth in more detail in its opening brief.

Dated: August 3, 2012                    MORGAN, FRANICH, FREDKIN & MARSH

CRAVATH, SWAINE & MOORE, LLP

By:   /S/
      DAVID KAYS
      Attorneys for Non-Party
      QUALCOMM INCORPORATED

3

Apple, Inc. v. Samsung Electronics, Case No: 11-CV-01846-LHK
QUALCOMM'S REPLY TO REUTERS AMERICA LLC'S OPPOSITION
TO MOTION TO SEAL TRIAL AND PRETRIAL EVIDENCE