QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

  Kevin P.B. Johnson (Bar No. 177129
  kevinjohnson@quinnemanuel.com
  Victoria F. Maroulis (Bar No. 202603)
  victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:    (650) 801-5000
Facsimile:    (650) 801-5100

  Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>　　　　　Defendant. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR DE NOVO DETERMINATION OF DISPOSITIVE MATTER REFERRED TO MAGISTRATE JUDGE, IN THE ALTERNATIVE, MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE** |

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ......................................................................................................................1

II.    ARGUMENT .............................................................................................................................2

    A.    Magistrate Judges Lack Inherent Power To Sanction, So Any Such Ruling, If Permissible At All, Must Be On Delegation And Subject To *De Novo* Review .........2

    B.    Under Any Standard Of Review, The Magistrate Judge's Determination That A Preservation Duty Arose in August 2010 Must Be Reversed ...................................4

    C.    The Magistrate Judge's Finding Of Prejudice Was Clearly Erroneous .......................9

    D.    The Magistrate's Proposed Instruction Is Contrary To Law .......................................11

III.    CONCLUSION ......................................................................................................................15

# **TABLE OF AUTHORITIES**

**Page**

### **Cases**

*Allstate Ins. Co. v. Hamilton Beach/Proctor Silex, Inc.*,
    473 F.3d 450 (2d Cir. 2007) .................................................................................................... 9

*Avago Technologies General IP Pte Ltd. v. Elan Microelecs. Corp.*,
    2007 WL 1449758 (N.D. Cal. May 15, 2007) ....................................................................... 15

*Boneck v. City of New Berlin*,
    22 Fed. Appx. 629 (7th Cir. 2001) ........................................................................................... 8

*Cache La Poudre Feeds, LLC v. Land O'Lakes, Inc.*,
    244 F.R.D. 614 (D. Colo. 2007) ............................................................................................... 7

*Chin v. Port Auth. of New York & New Jersey*,
    -- F.3d --, 2012 WL 2760776 (2d Cir. 2012) ......................................................................... 12

*FTC v. Lights of America, Inc.*,
    2012 WL 695008 (C.D. Cal. Jan. 20, 2012) ............................................................................. 4

*Fujitsu Ltd. v. Fed. Express Corp.*,
    247 F.3d 423 (2d Cir. 2001) ..................................................................................................... 8

*Glover v. BIC Corp.*,
    6 F.3d 1318 (9th Cir. 1993) .................................................................................................... 12

*Grimes v. City & County of San Francisco*,
    951 F.2d 236 (9th Cir. 1991) .................................................................................................... 3

*Hakim v. Cannon Avent Group, PLC*,
    2005 U.S. Dist. LEXIS 16829 (W.D. La. May 3, 2005) .......................................................... 4

*Hamilton v. Signature Flight Support Corp.*,
    2005 WL 3481423 (N.D. Cal. Dec. 20, 2005) ................................................................. 10, 11

*Hynix Semiconductor, Inc. v. Rambus Inc.*,
    591 F. Supp. 2d 1038 (N.D. Cal. 2006) ................................................................................. 11

*Hynix Semiconductor, Inc. v. Rambus Inc.*,
    645 F.3d 1336 (Fed Cir. 2011) ................................................................................................. 5

*Johnson v. Wells Fargo Home Mortgage, Inc.*,
    635 F.3d 401 (9th Cir. 2001) .................................................................................................. 11

*Lahiri v. Universal Music & Video Dist. Corp.*,
    606 F.3d 1216 (9th Cir. 2010) ................................................................................................ 12

*Large v. Mobile Tool Int'l, Inc.*,
    2008 WL 89897 (N.D. Ind. Jan. 7, 2008) ............................................................................... 14

*Lear, Inc. v. Adkins*,
 395 U.S. 653 (1969) ............................................................................................................... 15

*Leon v. IDX Sys. Corp.*,
 464 F.3d 951 (9th Cir. 2006) .............................................................................................. 5, 12

*Micron Tech., Inc. v. Rambus Inc.*,
 645 F.3d 1311 (Fed. Cir. 2011) ..................................................................................... 5, 8, 11

*Mosaid Technologies, Inc. v. Samsung Electronics, Co.*,
 2004 WL 2550309 (D.N.J. Oct. 1, 2004) ................................................................................ 3

*Motown Record Co. v. DePietro*,
 2007 WL 1725604 (E.D. Pa. June 11, 2007) ........................................................................ 14

*Musick v. Dorel Juvenile Group, Inc.*,
 2011 WL 5241692 (W.D. Va. Nov. 1, 2011) .......................................................................... 3

*NLRB v. A-Plus Roofing, Inc.*,
 39 F.3d 1410 (9th Cir. 1994) ............................................................................................... 2, 3

*In re Oracle Cop. Sec. Litig.*,
 627 F.3d 376 (9th Cir. 2010) ................................................................................................... 8

*Pension Committee of the University of Montreal Pension Plan v.*
 *Banc of America Securities, LLC*,
 685 F. Supp. 2d 456 (S.D.N.Y. 2010) ...................................................................... 12, 13, 14

*Phinney v. Wentworth Douglas Hosp.*,
 199 F.3d 1 (1st Cir. 1999) ....................................................................................................... 3

*Rainbow Magazine, Inc. v. Unified Capital Corp.*,
 77 F.3d 278 (9th Cir. 1996) ................................................................................................. 2, 3

*Reddick v. White*,
 456 F. App'x. 191 (4th Cir. 2011) ........................................................................................... 3

*Residential Funding Corp. v. DeGeorge Financial Corp.*,
 306 F.3d 99 (2d Cir. 2002) .................................................................................................... 14

*Save the Peaks Coal. v. U.S. Forest Serv.*,
 683 F.3d 1140 (9th Cir. 2012) ............................................................................................... 12

*Shepherd v. Am. Broadcasting Cos., Inc.*,
 62 F.3d 1469 (D.C. Cir. 1995) ................................................................................................ 5

*Smith v. United Parcel Service, Inc.*,
 433 F. App'x. 623 (9th Cir. 2011) ........................................................................................... 4

*Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*,
 982 F.2d 363 (9th Cir. 1992) ............................................................................................ 11-12

*United States ex rel. Aflatooni v. Kitsap Physicians Service*,
 314 F.3d 995 (9th Cir. 2002) ........................................................................................... 4, 6, 8

*United States v. Suarez*,
  2010 WL 4226524 (D.N.J. Oct. 21, 2010) .................................................................................. 14

*Westchester Fire Ins. Co. v. Mendez*,
  585 F.3d 1183 (9th Cir. 2009) ................................................................................................... 15

*Zubulake v. UBS Warburg, LLC*,
  220 F.R.D. 212 (S.D.N.Y. 2003) ................................................................................................. 8

**Statutes**

28 U.S.C. § 636 ................................................................................................................................ 3

FED. R. CIV. P. 37 ............................................................................................................................. 3

**Other Authorities**

*The Sedona Conference Commentary on Legal Holds:
  The Trigger & The Process*, 11 Sedona Conf. J. 265 (August 2010) ........................................... 5

## REPLY MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

As Plaintiff, Apple knew what claims it intended to file, and when it would file them. Apple's Opposition makes clear that Apple itself did not believe it had any obligation to preserve evidence until April 2011. Magistrate Judge Grewal's ruling nevertheless imposes mandatory adverse inferences against Samsung – as the defendant – based on a duty arising <u>more than seven months earlier</u>. If this appeal is not granted, the August 2010 date applied to Samsung must also apply to Apple, and Samsung has consequently moved for a mirror adverse inference instruction against Apple.

Apple does not dispute that the sole bases for the ruling's premise that Samsung's preservation obligation began in August 2010 are the timing of (i) Apple's negotiation presentation regarding certain utility patents, and (ii) Samsung's precautionary decision to issue a litigation hold to a few lower level engineers. Even under a deferential clearly erroneous standard, that finding cannot stand, because it is entirely unsupported by the evidence.  Under Ninth Circuit law, the touchstone for a preservation obligation is actual notice to the defendant of specific claims. Absent such specific notice, no duty arises. The August 2010 presentation did not provide the required specific notice. None of the design patents at issue here were even mentioned in that presentation. Nothing related to trade dress was mentioned. Only *one* of the utility patents at issue in this trial was even included on Apple's August 2010 list of 76 patents, which were listed without analysis. That same presentation only identified a single Samsung product by name.

The definition of the proper legal standard is clearly a question of law, which must be reviewed *de novo*. Findings of fact must be supported by sufficient evidence. Apple itself recognized that its presentation did not trigger the duty to preserve under the controlling legal standard because it did not send out its own litigation hold notices until April 2011, when it filed its complaint, and in many cases, much later. The Magistrate Judge's error as to the timing of Samsung's preservation obligation is dispositive of this motion, because the Court's decision turned on that trigger date, not on Samsung's post- April 2011 conduct. A reversal of the Court's

-1-  Case No. 11-cv-01846-LHK
SAMSUNG'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR DE NOVO DETERMINATION OF DISPOSITIVE MATTER REFERRED TO MAGISTRATE JUDGE, IN THE ALTERNATIVE, MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE

imposition of an August 2010 preservation duty necessitates a reversal of the adverse inference instruction as well.

The Court's one-paragraph discussion of prejudice also fails. Magistrate Judge Grewal declined Apple's request to find that Samsung acted in bad faith, and therefore Apple cannot shift the burden to Samsung to show lack of prejudice, as Apple claims. Rather, under applicable law, Apple was required to present specific extrinsic evidence of prejudice in order to obtain the adverse inference instruction. Merely speculating that custodians who used MySingle should have produced more emails than they did is not enough to meet that burden. In the face of the voluminous record Samsung presented showing that other custodians produced the very evidence Apple claims was lost, and Apple's failure to show actual loss of non-duplicative evidence, the Magistrate Judge's prejudice finding was clearly erroneous.

Finally, while the Magistrate Judge determined that the evidence at most permitted the "least restrictive" remedy in the form of an "optional adverse jury instruction," (Dkt. 1321, at 24), the Order would require an instruction that imposes a *mandatory* finding that destroyed evidence was relevant to Apple's claims, and eviscerates Samsung's right to show otherwise. That result is not supported by the one Ninth Circuit case the Magistrate Judge cited, nor is it consistent with any of the cases Apple has offered in its opposition. The instruction should be rejected.

## II.    ARGUMENT

### A.    Magistrate Judges Lack Inherent Power To Sanction, So Any Such Ruling, If Permissible At All, Must Be On Delegation And Subject To *De Novo* Review

In the Opposition, Apple cites cases upholding the issuance of Magistrate Judge-issued sanctions, seeking to characterize those cases as instances where the ruling did not "venture into the domain of the district court." (Dkt. 1531, at 3.) But that is precisely what Judge Grewal did here: Apple's selective analysis of cases involving minor sanctions ignores the fact that "federal magistrates are creatures of statute, and so is their jurisdiction." *NLRB v. A-Plus Roofing, Inc.*, 39 F.3d 1410, 1415 (9th Cir. 1994). As such, they do not possess inherent power to impose sanctions, because Congress has not expressly granted such power by statute. *See Rainbow Magazine, Inc. v. Unified Capital Corp.*, 77 F.3d 278, 284 (9th Cir. 1996) (holding that Article I bankruptcy courts

have inherent power to sanction based on statutory grant of power to issue orders necessary "to prevent an abuse of process"). The statutory authorization for magistrate judges is 28 U.S.C. § 636. *NLRB*, 39 F.3d at 1415; *Reddick v. White*, 456 F. App'x. 191, 192 (4th Cir. 2011) (per curiam). Unlike the provision reviewed by the Ninth Circuit in *Rainbow Magazine* relating to the power of bankruptcy courts, there is no "abuse of process" or similar language from which a grant by Congress of inherent powers could be inferred.

In *Reddick*, the Fourth Circuit applied the Ninth Circuit's analysis from *NLRB* and *Rainbow* to conclude that a magistrate judge's exercise of inherent powers to impose sanctions must be subject to *de novo* review. 456 F. App'x at 193-94. Citing *NLRB*, the court first noted that "[m]agistrate judges have no inherent Article III powers – they have only those powers vested in them by Congress." *Id.* at 193. The court then contrasted *Rainbow* and held that "Congress has not created statutory authorization for magistrate judges to exercise inherent Article III powers." *Id.* Because "[a] motion for sanctions under the district court's 'inherent' power is not a pretrial matter under § 636(b)(1)(a)," *id.*, assuming a magistrate judge could exercise such power at all, it must be by delegation from the district court, under the "additional duties" provision in Section 636(b)(3), ("A magistrate judge may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States"). The *Reddick* court held that "[a]ssuming a district court can delegate its inherent powers under § 636(b)'s 'additional duties' clause, *de novo* review of the exercise of those powers is required." *Id.*[1] Because it is premised on Ninth Circuit authority,

---

[1] None of the cases Apple relies on (Dkt. 1531, at 2-4) to oppose the application of *de novo* review addressed the limitations on a district court's delegation of its inherent Article III power to a Magistrate Judge under § 636. *Phinney v. Wentworth Douglas Hosp.*, 199 F.3d 1, 3-6 (1st Cir. 1999) (discussing review of decisions by Magistrate Judges, but not addressing delegation of district court's inherent Article III powers to a Magistrate Judge); *Grimes v. City & County of San Francisco*, 951 F.2d 236, 239-41 (9th Cir. 1991) (discussing the review of a Magistrate Judge's imposition of Rule 37 sanctions, but not addressing the delegation of a district court's inherent Article III powers to a Magistrate Judge); *Mosaid Technologies, Inc. v. Samsung Electronics, Co.*, 2004 WL 2550309, at *2-3 (D.N.J. Oct. 1, 2004) (discussing standard of review for Magistrate Judge's imposition of sanctions, but not addressing the delegation of a district court's inherent Article III powers to a Magistrate Judge); *Musick v. Dorel Juvenile Group, Inc.*, 2011 WL 5241692, at *1 (W.D. Va. Nov. 1, 2011) (acknowledging different standards of review can apply to a Magistrate Judge's decision, but not addressing the delegation of a district court's inherent Article
(footnote continued)

*Reddick*'s conclusion that *de novo* review is required on review of a Magistrate Judge's exercise of inherent power authority should be followed here.

### B. Under Any Standard Of Review, The Magistrate Judge's Determination That A Preservation Duty Arose in August 2010 Must Be Reversed

It is astonishing that Apple admittedly took no steps to issue hold notices until April 2011, yet at the same time contends that the August 2010 preservation date imposed solely on Samsung is nevertheless proper because litigation was at that time "pending or reasonably foreseeable." (Dkt. 1521, at 4.) Apple cannot have it both ways, yet it seeks precisely that in the one-sided and severely prejudicial instruction that it would have this Court impose against Samsung alone. As the Court is aware, within one day of the Magistrate Judge's Ruling, Samsung filed a Motion for Adverse Inference, seeking a mirror instruction against Apple if the August 2010 preservation date is upheld by the Court. (Dkt. 1388) That Motion will be heard on August 7, 2012. [2]

Governing Ninth Circuit authority mandates that a preservation duty does not arise unless the defendant is on notice of a "specific, future" lawsuit. *United States ex rel. Aflatooni v. Kitsap Physicians Service*, 314 F.3d 995, 1001 (9th Cir. 2002).[3] No duty arises unless such a "specific, future" lawsuit is "probable, which means more than a possibility." *FTC v. Lights of America, Inc.*, 2012 WL 695008, at *3 (C.D. Cal. Jan. 20, 2012). The Ninth Circuit recently reaffirmed that the touchstone to a preservation obligation is *actual notice* that evidence might be relevant to a particular claim. *Smith v. United Parcel Service, Inc.*, 433 F. App'x. 623, 627-28 (9th Cir. 2011) (affirming district court's refusal to impose spoliation sanctions where "UPS destroyed its evidence

---

III powers to a Magistrate Judge); *Hakim v. Cannon Avent Group, PLC*, 2005 U.S. Dist. LEXIS 16829, at *2 (W.D. La. May 3, 2005) (stating standard of review without any analysis explaining why it was applicable).

[2] Samsung's Motion for Adverse Inference would be mooted were this Court to reject the finding that preservation obligations arose in August 2010, and grant the instant Motion.

[3] Apple fails to quote the relevant portion of *Kitsap* – that the party has to be on notice of a "specific, future" lawsuit – and it is this portion of the case that is quoted in *Lights of America*, 2012 WL 695008, at *2, and was ignored by the Magistrate Judge. Apple seeks to excuse the Magistrate Judge's failure to follow this holding, claiming the citation was "buried" in Samsung's brief. Dkt. 1531, at 5. But Samsung presumes the Court reviewed all of the authorities cited by the parties, particularly relevant Ninth Circuit authority.

-4- Case No. 11-cv-01846-LHK
SAMSUNG'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR DE NOVO DETERMINATION OF DISPOSITIVE MATTER REFERRED TO MAGISTRATE JUDGE, IN THE ALTERNATIVE, MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE

1 before Smith made any allegation that might have alerted UPS to its potential relevance, and '[a]
2 party's destruction of evidence qualifies as willful spoliation if the party has some notice that the
3 documents were potentially relevant to the litigation before they were destroyed.'") (quoting *Leon v.*
4 *IDX Sys. Corp.*, 464 F.3d 951, 954 (9th Cir. 2006)).  Judge Grewal acknowledged that the scope of
5 a preservation obligation extends only to "information that is relevant to *specific, predictable, and*
6 *identifiable litigation*."  (Dkt. 1321, at 5 (emphasis added)).  Accordingly, no duty can arise absent
7 notice of the "specific, predictable, and identifiable litigation" at issue.[4]

8       The best evidence that any such litigation was not probable as of August 2010, and thus that
9 no such duty to preserve then arose, is the fact that Apple, the putative claimant who is in the
10 position to know of its own intention to bring suit, did not believe any such duty arose at that time.
11 Apple's Opposition does not address this issue at all.  Apple does not dispute it failed to issue any
12 hold notices until after it filed this action in April 2011.  Nor does it attempt to explain how a
13 preservation duty could exist only as to the defendant, but not the plaintiff.  Of course it cannot.
14 While courts and commentators have recognized that a putative *plaintiff* can be subject to a
15 preservation obligation earlier than its prospective opponent, because it knows before the defendant
16 when its own claims likely will be brought,[5] Samsung is aware of no case holding the reverse – that

---

[4]  The incorrect determination of when the duty to preserve attaches is legal error subject to reversal on appeal.  *Hynix Semiconductor Inc. v. Rambus Inc.*, 645 F.3d 1336, 1346-47 (Fed. Cir. 2011) (reversing and remanding based on an incorrect determination of when the duty to preserve attached); *Shepherd v. Am. Broadcasting Cos., Inc.*, 62 F.3d 1469, 1481 (D.C. Cir. 1995) (reversing district court as to finding that the defendant breached its document preservation obligation based on the district court's analysis of when the obligation attached in relation to when the documents were destroyed).

[5]  *See The Sedona Conference Commentary on Legal Holds: The Trigger & The Process*, 11 Sedona Conf. J. 265, 271-272 (August 2010) (earlier draft cited by Magistrate Judge Grewal, Dkt. 1321, at 5 nn.19 & 23) (advising that while defendant's duty to preserve begins when the prospective defendant concludes "that litigation . . . is probable," plaintiff's duty begins even earlier than that, at times as early as "seeking advice of counsel" or "sending a cease and desist letter."); *id.* (compare plaintiff's duty arising upon "determin[ation] that legal action is appropriate" to defendant's duty potentially arising upon "credible information that it is the target of legal action"), Illustrations ii and v to Guideline 1 (while sending cease-and-desist letter or letter threatening litigation does not necessarily start defendant's duty to preserve, sending the letter does begin plaintiff's duty to preserve).  *See also Micron Tech., Inc. v. Rambus Inc.*, 645 F.3d 1311, 1324-1325 (Fed. Cir. 2011).

1  a defendant can be subject to a preservation obligation at a time when its putative opponent is not.
2  In the face of Apple's own determination that no preservation obligation existed until the lawsuit
3  was filed in April 2011, it was clearly erroneous for the Magistrate Judge to conclude that Samsung
4  should be held to a duty seven months earlier.

5  Beyond ignoring Apple's own determination that no preservation duty arose in August 2010,
6  the Court also clearly erred in concluding that Samsung was on notice in August 2010 that Apple
7  would file a lawsuit containing the specific claims it ultimately brought, and therefore that it had a
8  corresponding preservation obligation with respect to documents potentially relevant *to those*
9  *claims*. Apple does not dispute that, as explained in the moving papers, the August 2010
10 presentation did not raise any design patent, trade dress, trademark infringement, or antitrust claims.
11 With respect to utility patents, the presentation simply listed 76 patents with a short subject matter
12 description, with no further description of the infringement allegations being asserted. (Dkt. 418-2
13 to 418-5, Ex. B (August 2010 presentation) at 12-16.) Apple provided no indication that the listing
14 was in order of priority. (*Id.*) While the presentation broke up the patents into categories, Apple
15 did not indicate whether any of the categories were ones on which, according to Apple, Samsung
16 had more exposure and were more likely to be asserted. (*Id*.) And, because Apple provided no
17 infringement analysis with respect to any of the listed patents, Samsung was not given any
18 indication which patents Apple felt were stronger and therefore more likely to be asserted.

19 Confirming that the August 2010 presentation could not possibly provide notice of what
20 claims Apple might bring is the fact that, *of the 76 utility patents it identified in its presentation, the*
21 *complaint filed over seven months later asserted only 3, and of those, only one remains pending*.[6]
22 In short, the August 2010 presentation did not provide the required notice of a "specific, future"
23 lawsuit because it lacked the specificity necessary to determine which claims would probably be
24 asserted. *See, e.g., Kitsap Physicians Serv.,* 314 F.3d at 1001.

---

[6] Of the three utility patents in the August 2010 presentation that were also present in the April 2011 Complaint ('002, '134, and '381), only the '381 is in issue in the trial. Apple dropped '134 when it filed its Amended Complaint in June 2011, and Apple dropped '002 as part of the case narrowing in May 2012. (Dkt. 75; Dkt. 981, at 1.)

-6-  Case No. 11-cv-01846-LHK
SAMSUNG'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR DE NOVO DETERMINATION OF
DISPOSITIVE MATTER REFERRED TO MAGISTRATE JUDGE, IN THE ALTERNATIVE, MOTION FOR
RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE

1  The fact that Samsung, in an abundance of caution, went beyond its legal obligation to
2 notify a small group of lower level engineers to maintain documents (Dkt. 987-37, at 2, 18-19, 133)
3 does not provide a basis for ignoring the established legal standard, and punishing Samsung for its
4 caution by imposing a unilateral preservation obligation on Samsung that Apple itself did not
5 believe existed.  Neither Apple nor the Magistrate Judge cite any authority that one party can create
6 a preservation obligation for itself under these circumstances, particularly where, as here, the
7 putative plaintiff did not believe litigation was sufficiently likely to warrant its own document
8 preservation obligations.  Were the law otherwise, it would discourage parties from acting
9 cautiously while business disputes are being negotiated for fear that their actions will later be
10 deemed to create burdensome and expensive preservation obligations that would not otherwise have
11 existed.  Apple does not even address authority holding that even specific pre-litigation demand
12 correspondence does not give rise to a preservation obligation where the parties are in the process of
13 good faith negotiations aimed at resolving their dispute.  *See Cache La Poudre Feeds, LLC v. Land*
14 *O'Lakes, Inc.*, 244 F.R.D. 614, 622 (D. Colo. 2007).  That is precisely what the record shows
15 happened here.[7]

16  Magistrate Judge Grewal also clearly erred in concluding that the "substantial overlap"
17 between the "10 discreet categories" in the August 23 hold notice and "15 discreet categories" in
18 the April 21, 2011 hold notice (Dkt. 1321, at 12-13 & n.64) "weigh[ed] heavily against Samsung's
19 argument that it could not have known in late-August 2010 what might be relevant to litigation with
20 Apple." (Dkt. 1321, at 13 n.64.)  The ruling fails to consider the detail a custodian would need to
21 determine what she must preserve, detail that is absent from the August 23, 2010 hold notice, but
22 included in the April 21, 2011 hold notice.   The August 23, 2010 hold notice did not identify the
23 "specific" claims Apple would assert (Dkt. 987-37, at 18-19) and which are required to trigger a

---

[7]  Apple asserts (Dkt. 1531, at 4-5) that Samsung never raised this argument before the Magistrate Judge, but Apple is wrong.  Samsung expressly addressed the effect of the August 2010 hold notice in its opposition brief (Dkt. 987-3, at 15 n.16), and its counsel addressed the same point at the hearing on June 21, 2012 (Hrg. Tr. at 31-33).  Indeed the very premise of the hold date imposed by the ruling is the likelihood that the parties would not resolve their business negotiation short of litigation, and it defies any logic to suggest that this issue was not before Judge Grewal.

-7- Case No. 11-cv-01846-LHK
SAMSUNG'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR DE NOVO DETERMINATION OF DISPOSITIVE MATTER REFERRED TO MAGISTRATE JUDGE, IN THE ALTERNATIVE, MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE

duty, *see Kitsap Physicians Serv.,* 314 F.3d at 1001, because the August 2010 presentation lacked such information, as discussed above. In contrast, the April 21, 2011 hold notice identifies each of the claims Apple asserted as well as the design and utility patents that were alleged to be infringed. (Dkt. 987-37, at 26-30.) The April 21, 2011 hold notice also defines the "Samsung Accused Products" and "Relevant Technical Features" based on the complaint Apple had filed, and incorporates those defined terms into the descriptions of categories of documents to be preserved.[8] The Magistrate Judge's conclusion that there is "substantial overlap" is at odds with the evidence and clearly erroneous.

Although the August 2010 presentation does not provide a basis for a preservation obligation, if the Court concludes otherwise, any adverse inference instruction must be narrowed to only address the patents referenced in the August 2010 presentation that remain in issue in the trial – which is only the '381 patent. *Micron*, 645 F.3d at 1320 ("[A] party can only be sanctioned for destroying evidence if it had a duty to preserve it."); *Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 436 (2d Cir. 2001) ("The obligation to preserve evidence arises when the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation."); *Zubulake v. UBS Warburg, LLC*, 220 F.R.D. 212, 216 (S.D.N.Y. 2003) (same as *Micron* and *Fujitsu*); *see Boneck v. City of New Berlin*, 22 Fed. Appx. 629, 630 (7th Cir. 2001) ("[P]enalties in litigation should be proportional to the wrongs."). Ratifying the Magistrate Judge's imposition of a broad adverse inference instruction that goes beyond any issue raised by the August 2010 presentation is clearly contrary to law, and without any limits in its application. *See In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 386-387 (9th Cir. 2010) (holding "[a] district court's adverse inference sanction should be carefully fashioned to deny the wrongdoer the

---

[8] *Compare* August 23, 2010 Hold Notice, Dkt. 987-37, at 19 ("the design, development, testing, manufacturing, reverse engineering, distribution and sale of any Samsung product that Apple would likely accuse of infringing one or more of Apple's patents") *with* April 21, 2011 Hold Notice, Dkt. 987-37, at 28 ("the design, development, testing, manufacturing, reverse engineering, distribution, importation, and sale of any Samsung Accused Products, any Samsung products related to the Relevant Technical Features, and any Samsung product that Apple would likely accuse of infringing one or more of Apple's patents, trademarks, or trade dresses").

fruits of its misconduct" while not disturbing any other evidence); *Allstate Ins. Co. v. Hamilton Beach/Proctor Silex, Inc.*, 473 F.3d 450, 457-458 (2d Cir. 2007) (reversing district court for issuing spoliation sanctions based on an overly broad duty to preserve evidence that was unrelated to the notice given to the alleged spoliator).

### C. The Magistrate Judge's Finding Of Prejudice Was Clearly Erroneous

The sole basis for the Court's one-paragraph finding of prejudice to Apple was the limited volume of emails produced by certain senior custodians, highlighted by Apple in its papers, who did not use Outlook. (Dkt. 1321, at 23.) [9] This finding is plainly unsupported by the evidence, and insufficient to establish prejudice, because it simply ignores Samsung's detailed analysis (Dkt. 987-3, at 17-18) showing that Apple itself produced even fewer emails from key custodians such as inventors, and Steve Jobs. The Magistrate Judge's flawed analysis, if adopted, confirms Apple's own culpability.

- "2,028 emails listing Stephan Lemay as sender or recipient, compared to just 40 emails from Mr. Lemay's custodial files."

- "2,042 emails listing former CEO Steve Jobs as sender or recipient, compared to just 51 emails from Mr. Jobs' custodial files."

- "1,676 emails listing Scott Forstall as sender or recipient, compared to just 172 emails from Mr. Forstall's custodial files . . . ." and

- "759 emails listing lead designer Jonathan Ive as sender or recipient, compared to just 45 emails from Mr. Ive's custodial files."

(Dkt. 987-3, at 18; Dkt. 987-39, at ¶ 21.) Mr. Jobs, a named inventor on patents at issue, never received a litigation hold notice, and Mr. Forstall, another named inventor, did not receive a litigation hold notice until June 28, 2011. (Dkt. 987-3, at 18; Dkt. 987-41; Dkt. 987-42.) Thus, the Magistrate Judge's use of the "statistical contrast" to connect preservation efforts to small custodial document productions shows that, if anything, Samsung was prejudiced relative to Apple.

---

[9] Nor does Apple tie any of these custodians to the utility patents that were the subject of the August 2010 presentation, much less to the only one that survived into this litigation. *See, e.g.*, (Dkt. 987-8, at 1 (Don Joo Lee is a sales and marketing witness); at 6 (Dr. Won Pyo Hong is not involved in the day-to-day design of products)).

More fundamentally, prejudice cannot be shown in the absence of "actual evidence of the prejudice" to Apple's claims. *Hamilton v. Signature Flight Support Corp.*, 2005 WL 3481423, at *8 (N.D. Cal. Dec. 20, 2005) . "Thus, where the moving party fails 'to provide any extrinsic evidence that the subject matter of the lost or destroyed materials would have been unfavorable to [the spoliator] or would have been relevant to the issues of this lawsuit,' spoliation sanctions are not warranted because the moving party relies on 'pure speculation as to the content of these materials.'" *Id.* (citation omitted). Apple failed to provide any such extrinsic evidence of prejudice, nor did Magistrate Judge Grewal identify any in his one-paragraph prejudice finding. That is not surprising, given the 12 million pages Samsung produced, including over 80,000 emails, gathered from over 380 Samsung employees. This includes over 70,000 pages of documents and emails from the very custodians Apple identified and on the very topics Apple identified in its motion. (Dkt. 987-39, ¶¶ 5, 18.)

Apple does not dispute that sanctions are not appropriate where evidence is available from other sources. Instead, it attempts to distinguish Samsung's authorities by asserting without citation that "Samsung did not come forward with any such evidence here." (Dkt. 1531, at 7.) But that ignores the voluminous evidence Samsung presented to Magistrate Judge Grewal, referenced in Samsung's moving papers on this motion (and above), that shows that the very evidence Apple says was not produced by certain custodians was in fact produced by others. And while Apple states that it suffered prejudice by the destruction of unique documents not produced by other custodians, *id*. at 6, it offers no citation to any evidence in the record that this ever occurred.[10]

---

[10] The Magistrate Judge's mechanical adoption of Apple's assertions regarding certain named custodians caused the Court to commit clear error. For example, Samsung provided declarations from Dr. Won Pyo Hong and Minhyouk Lee confirming that "[a]t no time did [they] ever intentionally delete any evidence that may have been relevant." (Dkt. 987-54, at ¶ 6; Dkt. 987-58, at ¶ 6.) These declarations also confirmed that their work on potentially relevant projects concluded before Samsung's preservation obligation was triggered in April 2011. (Dkt. 987-54, at ¶ 5; Dkt. 987-58, at ¶ 4; Dkt. 987-3, at 10-11.) Moreover, every email Apple points to for these custodians is an email Samsung *produced* to Apple, so there can be no prejudice based on those emails. Apple also points to Magistrate Judge Grewal's conclusions as to Joon-il Choi, Don-Joo Lee, and Nara Cho, but as with Dr. Hong and Minhyouk Lee, Apple brushes aside the Magistrate Judge's failure to address the record before the Court. As Samsung noted in its motion for *de novo* determination, the
(footnote continued)

Unable to point to any actual evidence of prejudice, Apple asserts it can prevail without making any prejudice showing at all, by shifting the burden to Samsung to show lack of prejudice. (Dkt. 1531, at 5-6.)  Not so.  Apple does not cite any Ninth Circuit authority shifting the burden on a motion for inherent power spoliation sanctions, and the Federal Circuit has made clear that the burden of proof on the element of prejudice only shifts "if it is shown that the spoliator acted in bad faith . . . ."  *Micron*, 645 F.3d at 1328.  Magistrate Judge Grewal expressly declined to find that Samsung acted in bad faith.  (Dkt. 1321, at 18, 23.)  No burden shifting therefore is appropriate.[11]

### D.     The Magistrate's Proposed Instruction Is Contrary To Law

Apple does not dispute that the sole authority cited by the Magistrate Judge to support his proposed instruction, *Johnson v. Wells Fargo Home Mortgage, Inc.*, 635 F.3d 401 (9th Cir. 2001), does not support the instruction that he ordered.  Indeed, apart from citing the standard of review, Apple does not even address the *Johnson* case in its opposition.  Nor does Apple dispute that the Court chose *not* to impose a mandatory presumption (which would have been reversible given the failure to find bad faith), but instead purported to adopt a rebuttable presumption.[12]  Finally, Apple

---

Magistrate Judge accepted Apple's contention that no custodial emails were produced for Joon-Il Choi (Dkt. 1321, at 20), when in fact Samsung produce 547 of his custodial emails.  (Dkt. 1392, at 1 n.1; Dkt. 987-39, ¶ 10; Dkt. 987-66, ¶¶ 4-8.)  Apple does not dispute this clear error in the Ruling. The emails Apple pointed to that were not produced from Don-Joo Lee's custodial files were all produced by Samsung from others, and all of those emails predate the time when Samsung's preservation obligation arose in April 2011.  (Dkt. 987-3, at 11-12.)  The Ruling also does not address the evidence that Don Joo Lee is "not involved in the design and development of Samsung products."  (Dkt. 987-3, at 11.)  Similarly, the Ruling did not address the evidence that Mr. Cho "did not have any input into the industrial design of Samsung's tablet products," and that "Apple deposed multiple witnesses who, unlike Mr. Cho, were involved with the design of the Galaxy 10.1 tablet, and who produced hundreds or thousands of emails."  (Dkt. 987-3, at 12.)

[11]  *Hynix Semiconductor, Inc. v. Rambus*, 591 F. Supp. 2d 1038, 1060 (N.D. Cal. 2006), *rev'd on other grounds*, 645 F.3d 1336, 1344-47 (Fed. Cir. 2011), does not support Apple's attempt to shift the burden.  That case involved an unclean hands defense based on alleged spoliation, where prejudice is a separate element once spoliation has been shown.  The court noted in that context that a finding of spoliation shifts the burden on prejudice.  591 F. Supp. 2d at 1060.  Here, prejudice is an element Apple must prove in order to be entitled to the adverse inference instruction it seeks. *Hamilton*, 2005 WL 3481423, at *8 (rejecting sanction for destruction of evidence where plaintiff failed to provide evidence of actual prejudice).

[12]  Except in cases in which the subject matter of the litigation has itself been effectively destroyed, precluding the non-spoliating party from making its case (as in *Unigard Sec. Ins. Co. v.*
(footnote continued)

-11-                     Case No. 11-cv-01846-LHK
SAMSUNG'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR DE NOVO DETERMINATION OF DISPOSITIVE MATTER REFERRED TO MAGISTRATE JUDGE, IN THE ALTERNATIVE, MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE

does not dispute that the Court's instruction directs the jury to find that "Samsung has failed to prevent the destruction of *relevant* evidence for Apple's use in this litigation." (Dkt. 1531, at 8 (emphasis added)).

By instructing the jury to find that Samsung not only destroyed evidence after its preservation duty arose, but that such destroyed evidence was *relevant* evidence for Apple's use in the litigation, the Court effectively imposed a mandatory presumption that is distinguishable from any of the cases Apple has cited. The instruction in *Pension Committee of the University of Montreal Pension Plan v. Banc of America Securities, LLC*, 685 F. Supp. 2d 456 (S.D.N.Y. 2010), *abrogated on other grounds by Chin v. Port Authority of New York and New Jersey*, -- F.3d --, 2012 WL 2760776, *21 (2d Cir. July 10, 2012), discussed by Apple, is instructive. (Dkt. 1531, at 9). There, rather than instruct the jury that evidence that was destroyed was relevant, the Court made clear that *the jury* "may presume, if you so choose, that such lost evidence was relevant, and that it would have been favorable to the Citco Defendants." *Pension Committee*, 685 F. Supp. at 496. In addition, the Court's instruction made clear that the parties seeking sanctions "bear the burden of proving . . . that *relevant* evidence was destroyed after the duty to preserve arose." *Id.* (emphasis in original). In contrast to the first line of Magistrate Judge Grewal's instruction, the *Pension Committee* instruction made clear that it was the Defendants who were arguing that relevant evidence was destroyed, not a finding that the Court was making. *Compare Pension Committee*, 685 F. Supp. 2d at 496 ("The Citco Defendants *have argued* that [plaintiffs] destroyed relevant evidence") *with* Dkt. 1321, at 24 ("Samsung has failed to prevent the destruction of

---

*Lakewood Eng'g & Mfg. Corp.*, 982 F.2d 363 (9th Cir. 1992) and *Glover v. BIC Corp.*, 6 F.3d 1318 (9th Cir. 1993)), the Ninth Circuit has never held that inherent power sanctions may be imposed for spoliation in a civil case absent "an express finding that the sanctioned party's behavior 'constituted or was tantamount to bad faith.'" *Leon*, 464 F.3d at 961. *See also, e.g., Save the Peaks Coal. v. U.S. Forest Serv.*, 683 F.3d 1140, 1142-43 (9th Cir. 2012); *Lahiri v. Universal Music & Video Dist. Corp.*, 606 F.3d 1216, 1219 (9th Cir. 2010). The Magistrate Judge explicitly did not find bad faith, (Dkt. 1321, at 18). Nor did he find conduct tantamount to bad faith. The Magistrate Judge found a failure to implement an adequate litigation hold but that does not, *per se*, constitute even gross negligence, *Chin*, -- F.3d --, 2012 WL 2760776 at *21, let alone conduct tantamount to bad faith.

-12-   Case No. 11-cv-01846-LHK
SAMSUNG'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR DE NOVO DETERMINATION OF DISPOSITIVE MATTER REFERRED TO MAGISTRATE JUDGE, IN THE ALTERNATIVE, MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE

relevant evidence for Apple's use in this litigation").[13]  The same is true in each of the cases Apple has cited – it was for the jury to determine whether any destroyed evidence was relevant; the Court did not instruct the jury that this was the case, as Magistrate Judge Grewal's instruction does.[14]

---

[13]  The full text of the *Pension Committee* instruction is quoted below:

> The Citco Defendants have argued that 2M, Hunnicutt, Coronation, the Chagnon Plaintiffs, Bombardier Trusts, and the Bombardier Foundation destroyed relevant evidence, or failed to prevent the destruction of relevant evidence. This is known as the "spoliation of evidence."
>
> Spoliation is the destruction of evidence or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation. To demonstrate that spoliation occurred, the Citco Defendants bear the burden of proving the following two elements by a preponderance of the evidence:
>
> *First,* that *relevant* evidence was destroyed after the duty to preserve arose. Evidence is relevant if it would have clarified a fact at issue in the trial and otherwise would naturally have been introduced into evidence; and
>
> *Second,* that if relevant evidence was destroyed after the duty to preserve arose, the evidence lost would have been favorable to the Citco Defendants.
>
> I instruct you, as a matter of law, that each of these plaintiffs failed to preserve evidence after its duty to preserve arose. This failure resulted from their gross negligence in performing their discovery obligations. As a result, you may presume, if you so choose, that such lost evidence was relevant, and that it would have been favorable to the Citco Defendants. In deciding whether to adopt this presumption, you may take into account the egregiousness of the plaintiffs' conduct in failing to preserve the evidence.
>
> However, each of these plaintiffs has offered evidence that (1) no evidence was lost; (2) if evidence was lost, it was not relevant; and (3) if evidence was lost and it was relevant, it would not have been favorable to the Citco Defendants.
>
> If you decline to presume that the lost evidence was relevant or would have been favorable to the Citco Defendants, then your consideration of the lost evidence is at an end, and you will *not* draw any inference arising from the lost evidence.
>
> However, if you decide to presume that the lost evidence was relevant and would have been favorable to the Citco Defendants, you must next decide whether any of the following plaintiffs have rebutted that presumption: 2M, Hunnicutt, Coronation, the Chagnon Plaintiffs, Bombardier Trusts, or the Bombardier Foundation. If you determine that a plaintiff has *rebutted* the presumption that the lost evidence was either relevant or favorable to the Citco Defendants, you will *not* draw any inference arising from the lost evidence against that plaintiff. If, on the other hand, you determine that a plaintiff has *not rebutted* the presumption that the lost evidence was both relevant and favorable to the Citco Defendants, you may draw an inference against that plaintiff and in favor of the Citco Defendants— namely that the lost evidence would have been favorable to the Citco Defendants.

(footnote continued)

As the Second Circuit made clear in *Residential Funding Corp. v. DeGeorge Financial Corp.*, 306 F.3d 99, 109 n.4 (2d Cir. 2002) (citation omitted, emphasis in original):

> Although the issue of whether evidence was destroyed with a 'culpable state of mind' is one for the court to decide in determining whether the imposition of sanctions is warranted, whether the materials were in fact unfavorable to the culpable party is an issue of fact to be determined by the jury. Accordingly, a court's role in evaluating the 'relevance' factor in the adverse inference analysis is limited to insuring that the party seeking the inference had adduced enough evidence of the contents of the missing materials such that a reasonable jury *could* find in its favor.

It does not matter whether, as Apple claims, there is "ample evidence" to support a finding that relevant evidence was destroyed, though Samsung disputes that there is. Nor is it relevant that courts in general have inherent power to impose other sanctions (on a record other than what Apple presented here), including a mandatory finding or even dismissal. What matters is that the Court decided that the evidence would only support a "modest, optional adverse jury instruction" that is the "least restrictive" remedy – a rebuttable presumption that destroyed evidence was relevant and favorable to Apple. That in turn requires language allowing Samsung to present evidence to rebut the presumption, such as that contained in the *Pension Committee* instruction. The Court's instruction deprives Samsung of that opportunity, and turns what the Court claimed was an "optional" instruction into a mandatory presumption that destroyed evidence was "relevant." That is clear error and should be reversed.

---

> Each plaintiff is entitled to your separate consideration. The question as to whether the Citco Defendants have proven spoliation is personal to each plaintiff and must be decided by you as to each plaintiff individually.

[14] The cases Apple cites as purportedly having adopted similar instructions do not support instructions in the form adopted by Judge Grewal. *Large v. Mobile Tool Int'l, Inc.*, 2008 WL 89897, at *11 (N.D. Ind. Jan. 7, 2008) (contrary to Apple's contention that it adopted a jury instruction that tracks the "structure" of the instruction set forth in the Ruling (Dkt. 1531, at 9), the decision did not address the text of the actual jury instruction); *Motown Record Co. v. DePietro*, 2007 WL 1725604, at *1 (E.D. Pa. June 11, 2007) (same); *United States v. Suarez*, 2010 WL 4226524, at *10 (D.N.J. Oct. 21, 2010) (setting forth an instruction that provided for the jury to determine the relevance of the destroyed evidence without the court expressing its view on the relevance of the destroyed evidence).

## III. CONCLUSION

Magistrate Judge Grewal's ruling is predicated on a legally flawed determination that Samsung had a preservation duty in August 2010, while Apple's did not arise until after the complaint was filed in April 2011. Because that determination was the sole basis for the adverse inference instruction he ordered, the ruling must be reversed. This is particularly so in this patent case, where the public interest is best served by deciding the invalidity and non-infringement claims on the merits. *See Avago Technologies General IP Pte Ltd. v. Elan Microelecs. Corp.*, 2007 WL 1449758, at *2 (N.D. Cal. May 15, 2007) ("the court wishes to have this invalidity issue decided on the merits, in the interest of promoting substance over form").[15] If any instruction is given, it must be limited to the only patent remaining in this case that Apple identified in August 2010 (the '381 patent), and must make clear Samsung's right to rebut any presumption that any destroyed evidence was relevant and favorable to Apple.

DATED: August 3, 2012               QUINN EMANUEL URQUHART &
                                    SULLIVAN, LLP


                                    By /s/ Victoria F. Maroulis
                                       Victoria F. Maroulis
                                       Attorneys for SAMSUNG ELECTRONICS CO.,
                                       LTD., SAMSUNG ELECTRONICS AMERICA,
                                       INC. and SAMSUNG
                                       TELECOMMUNICATIONS AMERICA, LLC

---

[15] *See also Lear, Inc. v. Adkins*, 395 U.S. 653, 676 (1969) (federal patent law disfavors limiting the ability to attack validity of patents); *Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1189 (9th Cir. 2009) ("cases should be decided upon their merits whenever reasonably possible").