QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

  Kevin P.B. Johnson (Bar No. 177129)
  kevinjohnson@quinnemanuel.com
  Victoria F. Maroulis (Bar No. 202603)
  victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065-2139
Telephone:    (650) 801-5000
Facsimile:    (650) 801-5100

  Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>            Plaintiff,<br><br>      vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>            Defendant. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE A REPLY IN SUPPORT OF MOTIONS TO SEAL; AND REPLY IN SUPPORT OF MOTIONS TO SEAL** |

**MOTION FOR LEAVE TO FILE REPLY**

In accordance with Northern District of California Civil Local Rule 7-11, Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") respectfully move the Court for leave to file this Reply in Support of its Renewed Administrative Motion to File Documents Under Seal (Dkt. No. 1490) and Motion to Seal Trial Exhibits (Dkt. No. 1488).

Third party Reuters America LLC filed a lengthy response opposing all pending motions to seal filed by Samsung, Apple, and various third parties, and 4 supporting declarations. (Dkt. No. 1556-1567.)   Reuters' Opposition and Declarations in support thereof raise numerous new issues that were not contained in any prior briefs filed by Reuters.

In light of the extremely sensitive nature of the documents at issue and the harmful implications of disclosure to Samsung, Samsung respectfully requests that the Court grant this motion so that Samsung may have a fair opportunity to respond to Reuters' contentions.

DATED: August 3, 2012              Respectfully submitted,

                                   QUINN EMANUEL URQUHART &
                                   SULLIVAN, LLP


                                   By   */s/ Victoria F. Maroulis*
                                        Charles K. Verhoeven
                                        Kevin P.B. Johnson
                                        Victoria F. Maroulis
                                        Michael T. Zeller
                                        Attorneys for SAMSUNG ELECTRONICS CO.,
                                        LTD., SAMSUNG ELECTRONICS AMERICA,
                                        INC. and SAMSUNG
                                        TELECOMMUNICATIONS AMERICA, LLC

**REPLY IN SUPPORT OF MOTIONS TO SEAL**

Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") submit this Reply in support of its Samsung's Renewed Administrative Motion to File Documents Under Seal (Dkt. No. 1490) and Motion to Seal Trial Exhibits (Dkt. No. 1488).

**Argument**

**I.   REUTERS FAILS TO ADDRESS AUTHORITIES THAT UNEQUIVOCALLY HOLD THAT PRECISE REVENUE AND COST INFORMATION SHOULD BE SEALED**

Reuters focuses heavily on why some -- professors, patent holders, press, activists, policymakers, and consumers -- want to have access to Samsung's highly confidential, non-public per-unit costs and profits.   Samsung does not doubt that there is great demand for detailed information about Samsung's business and finances.   *See, e.g.,* Opp. at 1-13, 19-20; Decl. of Julie Samuels, ¶¶ 3-7; Decl. of Amy Stephens, ¶¶ 3-10; Joint Declaration of Patent Professors, ¶¶ 4-7. However, Reuters simply ignores the most compelling reason to seal this information; the curiosity about Samsung's per-unit cost and profit data is highest among competitors who hope to use the information to undercut its pricing and product strategy and cannibalize its market share. The public's legitimate curiosity about the workings of the court system will be more than satisfied through the voluminous documents and trial exhibits that Samsung has *not* sought to seal, coupled with the associated testimony.

Contrary to how Reuters misleadingly frames the issue, at least as to Samsung and the extremely limited category of information Samsung seeks to keep confidential, this dispute is not about public access to Samsung's general financial information or product and business strategy. The public will get all of that in spades.   The Court's decision as to Samsung's confidentiality request need only focus on the narrowest and most sensitive categories, the confidentiality of which would not even be noticed by the curious public, absent the attention given by Reuters, and which would not materially constrain the public's knowledge about this litigation.

1    Notwithstanding the potentially innocent public uses for the highly-sensitive information
2 Samsung seeks to seal, no amount of public interest can overcome the compelling reason to seal
3 that exists when a party's confidential information could be used improperly by competitors.
4 Reuters does not contest the case law presented on this issue.  *See, e.g., Bean v. John Wiley &*
5 *Sons, Inc.*, No. CV 11–08028–PCT–FJM, 2012 WL 1078662, at *6-7 (D. Ariz. Mar. 30, 2012)
6 (production information and "precise revenue information results" and "exact sales and production
7 numbers" which could be used by competitors to calibrate their pricing and distribution methods
8 to undercut defendant also provide compelling reasons for sealing) and *Bauer Bros. LLC v. Nike,*
9 *Inc.*, No. 09cv500–WQH–BGS, 2012 WL 1899838, at *3-4 (S.D. Cal. May 24, 2012) (revenues
10 per product, revenue reductions, merchandise costs, royalty costs, promotional costs, personnel
11 costs, and costs of goods sold are sealable when a company's business competitors could use the
12 information to replicate the company's business practices).

13    Rather than addressing this on-point authority, Reuters makes three unsuccessful
14 arguments.   First, Reuters cites to *Fraley v. Facebook*, Case no. 11-cv-01726-RS, Document 217
15 at 2:19-25 (N.D. Cal. Aug 1, 2012) (Order Denying Motion for Class Certification, Without
16 Prejudice; Denying Request to Expand List of Potential Cy Pres Recipients, Requiring Further
17 Meet and Confer Negotiations re: Sealing Motions) for the dicta that "it is far from apparent"
18 whether "relevant financial data" and information about how a Facebook feature worked "may
19 warrant sealing" on a motion for preliminary approval of a settlement.   (Opp. at 3.)   Judge
20 Seeborg did not evaluate whether any financial information qualified for sealing; he merely
21 suggested what this Court and the parties know – that not every type of financial information is
22 sealable.   Samsung does not seek to seal every type of financial information at issue in this
23 litigation.   The requests here, as explained fully in Samsung's motions and supporting
24 declarations, are far narrower.

25    Next, Reuter accuses Samsung's supporting declarations of being "conclusory and lacking
26 in helpful specifics."   (Opp. at 4.)   However, Reuters does not identify which declaration is
27 purportedly deficient or what information it claims is missing, nor can it.   Samsung's declarations
28

describe in detail the documents Samsung seeks to seal and the competitive harm that would result if the information were made public.

Finally, Reuters argues that "all of the cases on which the parties rely" are distinguishable because no third party intervened requesting public access.   (Opp. at 12.)   Reuters' rationale appears to be either that courts apply a different standard when third parties intervene, or that no case law regarding sealing can be relied upon unless a third party has intervened.   Either way, Reuters is wrong.   Tellingly, Reuters does not cite a single authority for the proposition that the test for sealing highly-sensitive information somehow changes when a third party intervenes.   As this Court has recognized multiple times, the test is whether compelling reasons exist that outweigh the public's interest in disclosure, not whether a third party intervenes to compel disclosure.   *See, e.g.* Dkt. No. 1256 at 2; Dkt. No. 1269 at 2; *see also Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006); *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 - 608 (1978) (holding that Warner Communications, a third party to the original litigation, did not have a right to access the tapes at issue.)

When the Court considers the overwhelming amount of knowledge the public has already received and will receive during the trial regarding Samsung's products, patents and business practices, contrasted with Samsung's narrow sealing requests, whatever public interest there could possibly be in Samsung sales figures, manufacturing costs, operating expenses, operating profit, gross margins, and granular product-by-product costs and profits information, if any, is far outweighed by the compelling business need for confidentiality.

## II.   REUTERS AGREES WITH SAMSUNG'S PROPOSED TREATMENT OF SOURCE CODE AND BUSINESS PLAN TRIAL EXHIBITS

Samsung seeks to seal only the actual source code that is introduced into evidence in Trial Exhibit 31, and not testimony or documents discussing the source code.   (Dkt. No. 1488, at 5, 6.) Reuters does not oppose this reasonable and narrowly tailored request.   (Opp. at 17:26-28.)

In addition, Reuters does not oppose Samsung's request to exclude from evidence and the public record portions of certain documents that are not shown to the jury.

## Conclusion

Samsung's renewed motion to seal pre-trial exhibits pursuant to the Court's July 17 order (Dkt. No. 1256) requests the sealing of only portions of 15 documents. Samsung's motion to seal trial exhibits requests the sealing of 4 documents in their entirety and portions of only 5 documents. Of the thousands of documents filed with the court, and the millions of pages of documents produced by the parties, this very narrowly tailored request demonstrates Samsung's commitment to making this an "open trial" pursuant to this Court's prior statements.

Therefore, Samsung respectfully requests that the Court grant its motions to seal.

DATED: August 5, 2012     Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ Victoria F. Maroulis
Charles K. Verhoeven
Kevin P.B. Johnson
Victoria F. Maroulis
Michael T. Zeller
Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

SAMSUNG'S REPLY IN SUPPORT OF MOTIONS TO SEAL