| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781) | WILLIAM F. LEE |
| hmcelhinny@mofo.com | william.lee@wilmerhale.com |
| MICHAEL A. JACOBS (CA SBN 111664) | WILMER CUTLER PICKERING |
| mjacobs@mofo.com | HALE AND DORR LLP |
| RACHEL KREVANS (CA SBN 116421) | 60 State Street |
| rkrevans@mofo.com | Boston, MA 02109 |
| JENNIFER LEE TAYLOR (CA SBN 161368) | Telephone: (617) 526-6000 |
| jtaylor@mofo.com | Facsimile: (617) 526-5000 |
| ALISON M. TUCHER (CA SBN 171363) | |
| atucher@mofo.com | MARK D. SELWYN (SBN 244180) |
| RICHARD S.J. HUNG (CA SBN 197425) | mark.selwyn@wilmerhale.com |
| rhung@mofo.com | WILMER CUTLER PICKERING |
| JASON R. BARTLETT (CA SBN 214530) | HALE AND DORR LLP |
| jasonbartlett@mofo.com | 950 Page Mill Road |
| MORRISON & FOERSTER LLP | Palo Alto, California 94304 |
| 425 Market Street | Telephone: (650) 858-6000 |
| San Francisco, California  94105-2482 | Facsimile: (650) 858-6100 |
| Telephone:  (415) 268-7000 | |
| Facsimile:  (415) 268-7522 | |

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | Case No. 11-cv-01846-LHK |
| Plaintiff, | **JOINT STATEMENT RE: PROPOSED SCHEDULE FOR EXCHANGE OF EXHIBITS, OBJECTIONS, AND RESPONSES** |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | **Trial:** **July 30, 2012**<br>**Time:** **9:00 a.m.**<br>**Place:** **Courtroom 1, 5th Floor**<br>**JUDGE:** **HON. LUCY H. KOH** |
| Defendants. | |

As the Court acknowledged at trial on Friday, the current schedule for exchanging examination materials and filing objections and responses to those materials is resulting in a burdensome number of filings on the Court's docket. The current schedule for objections and disclosures set by the Court provides for (1) the disclosure of exhibits and demonstratives for direct examination two days before witness testifies, at 7:00 p.m.; (2) the filing of objections and responses relating to direct examination exhibits and demonstratives one day before the witness testifies, at 8:00 a.m.; and 3) disclosure of cross-examination materials one day before the witness testifies, at 2:00 p.m. Because the current schedule does not provide for objections to cross examination exhibits and demonstratives, the parties previously agreed to identify objections to cross-examination exhibits and demonstratives the night before the scheduled testimony and file objections to the cross-examination materials the day the witness testifies, at 8:00 a.m. After trial on Friday, the parties met and conferred regarding a schedule for objections and responses to direct and cross-examination materials. The parties have been unable to reach agreement on a schedule and thus submit separate statements and proposed schedules to the Court.

**Apple's Statement and Proposed Schedule:**

At the start of court on Friday, the parties indicated to the Court that they had agreed on a schedule that would allow the Court to consider the parties' objections in advance of the pertinent witness's testimony. Despite multiple attempts over the weekend to confirm with Samsung that agreed schedule applied to high priority objections, Samsung has insisted on a schedule that would allow the Court but ***90 minutes*** to consider the parties' high priority objections and responses. Although Samsung complains that this schedule requires disclosure of cross-examination materials two days in advance, this is precisely what Samsung agreed to on Thursday night.

Apple understood the Court's direction on Friday to be that the parties should brief two high priority objections per witness. (S*ee e.g.,* 8/03/2012 Hr'g. Tr. 917:23-25 ("So two objections per witness.").) Apple further understood that the two objections must be applied to individual exhibits, and not to categories of exhibits. (*Id.* at 916:21-25 ("Mr. Verhoeven:…If there's, say, ten exhibits and the objection is exactly the same and the briefing would be exactly

JOINT STMT RE: PROPOSED SCHEDULE FOR EXCHANGE OF EXHIBITS, OBJECTIONS, AND RESPONSES
CASE NO. 11-CV-01846-LHK
sf-3178059

1

1  the same, can we do a category of objections?  The Court: No, no.").)  Samsung, by contrast,
2  interprets the Court's guidance to allow for more than two objections for each of the two exhibits.
3  Samsung also believes that categories of objections are appropriate, such that it can object to
4  more than two exhibits.  Samsung's approach would multiply, rather than reduce, the issues for
5  the Court's consideration and burden both the Court and the parties.
6       In view of the Court's stated preferences to have adequate time to consider the parties'
7  objections, Apple proposes the schedule the parties agreed to on Thursday for resolving high-
8  priority objections, which would provide the Court with the parties' written objections and
9  responses *one day before* each witness testifies.

- **Two Days Before Witness Testifies, 10:00 a.m.:** Party calling witness discloses the direct examination exhibits and demonstratives it intends to use with that witness.
- **Two Days Before Witness Testifies, 7:00 p.m.:** Party cross-examining the witness discloses the cross examination exhibits and materials it intends to use with that witness.
- **Two Days Before Witness Testifies, midnight:** Parties exchange their two detailed written objections per witness to the exhibits, demonstratives, and/or materials the opposing party intends to use.
- **One Day Before Witness Testifies, 1:00 p.m.:** Each party files with the Court its two written objections and responses in one three-page document per witness testifying the next day.

The only differences that Apple proposes to clarify from the parties' previously agreed-upon schedule are:

- **Limited to high-priority objections:** Consistent with the Court's and the parties' discussion on Friday, the written objections would be limited to "high-priority" objections.
- **Single three-page brief per witness, per party:** Apple proposes a single three-page submission per witness, per party.  This three-page submission would address (1) the offering party's responses to the opposing party's two high-priority objections and (2) the

JOINT STMT RE: PROPOSED SCHEDULE FOR EXCHANGE OF EXHIBITS, OBJECTIONS, AND RESPONSES
CASE NO. 11-CV-01846-LHK
sf-3178059

2

offering party's two high-priority objections to the cross examination exhibits and materials.

Apple notes that, with respect to Monday's witnesses, Apple is reluctantly following Samsung's schedule due to its unwillingness to expedite the materials for consideration by the Court.

**Samsung's Statement and Proposed Schedule:**

Apple's claim that the parties reported to the Court at the beginning of the day on Friday that they had agreed to a schedule for resolving objections is incorrect and belied by the transcript. Although the parties had discussed several alternative schedules when the Court was permitting the parties to file an unlimited number of objections, that schedule was never finalized and the Court subsequently limited the parties to two written high priority objections per witness. Moreover, as Apple concedes, Samsung has never agreed to Apple's scheduling proposal for high priority objections.

Apple also claims Samsung is at fault for not expediting the objection process for the witnesses to be called on Monday. But Apple waited until 7:34 p.m. on Saturday night to disclose its exhibits and demonstratives for the witnesses to be called on Monday. If Apple wanted to try to expedite the process, it could have sent its disclosures to Samsung on Friday night.

Finally, Apple distorts Samsung's position on what constitutes a high priority objection. Samsung does not contend that an objection to a category of documents is a high priority objection based on the Court's guidance. Samsung does contend that multiple objections to a single witness, exhibit or demonstrative qualify as a single high priority objection. Apple points to nothing in the transcript that is inconsistent with this interpretation and it makes sense as a matter of judicial efficiency to resolve all objections to a single exhibit, witness or demonstrative at once.

Samsung submits that the below schedule is preferable because it both: (i) satisfies the Court's request that each party submit only one brief addressing all objections and responses to exhibits and demonstratives to be used with the witness at issue; and (ii) also complies with the

JOINT STMT RE: PROPOSED SCHEDULE FOR EXCHANGE OF EXHIBITS, OBJECTIONS, AND RESPONSES
CASE NO. 11-CV-01846-LHK
sf-3178059

3

disclosure provisions set forth in the Court's July 19, 2012 Minute Order and Case Management Order (Dkt. 1267) which require the disclosure of exhibits and demonstratives to be used on direct examination by 7 p.m. two nights before a witness testifies and require the disclosure of cross examination exhibits by 2 p.m. one day before the witness testifies. Apple's proposal would unreasonably require the disclosure of cross-examination exhibits and demonstratives two days in advance. In addition to being inconsistent with the Court's prior Order, it would preclude Samsung from taking the events in Court into account when planning its cross examinations. As the Court will recall, Samsung opposed any advanced disclosure of cross examination exhibits. Moreover, Samsung's proposal ensures that the parties have sufficient time to prepare thorough objections and responses and that the objections are argued before the Court. Samsung's proposal is as follows:

- **Two Days Before Witness Testifies, 7:00 p.m.:** Party calling witness discloses exhibits and demonstratives for direct examination (Dkt. 1267, at 2);
- **One Day Before Witness Testifies, 2:00 p.m.:** Party cross-examining the witness discloses exhibits and demonstratives to be used during cross-examination (Dkt. 1267 at 2);
- **One Day Before Witness Testifies, 7:00 p.m.:** Parties exchange a description of each of their objections to the disclosures for cross and direct examination, limited to two high priority objections per witness per party. A high priority objection can contain objections on multiple grounds as long as the objections are directed to a single exhibit, demonstrative or witness;
- **Morning the Witness Testifies, 7:00 a.m.:** Each side files one brief containing 2 high priority objections per witness and/or a response to the opposing party's two high priority objections per witness. Each side will file a single brief addressing all witnesses, limited to 3 double-spaced pages per witness; and
- **Morning the Witness Testifies, 8:30 a.m.:** The Court hears oral argument regarding the objections and responses.

JOINT STMT RE: PROPOSED SCHEDULE FOR EXCHANGE OF EXHIBITS, OBJECTIONS, AND RESPONSES
CASE NO. 11-CV-01846-LHK
sf-3178059

4

Dated: August 6, 2012

| | |
|---|---|
| MORRISON & FOERSTER LLP | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| By: */s/ Michael A. Jacobs* <br>   MICHAEL A. JACOBS | By:  */s/ Victoria F. Maroulis* <br>   VICTORIA F. MAROULIS |
|    Attorneys for APPLE INC. |    Attorneys for SAMSUNG ELECTRONICS CO. LTD, SAMSUNG ELECTRONICS AMERICA, INC., AND SAMSUNG TELECOMMUNICATIONS AMERICA, LLC. |

JOINT STMT RE: PROPOSED SCHEDULE FOR EXCHANGE OF EXHIBITS, OBJECTIONS, AND RESPONSES
CASE NO. 11-CV-01846-LHK
sf-3178059

5

**ATTESTATION**

I, Michael A. Jacobs, am the ECF User whose ID and password are being used to file this Declaration. In compliance with General Order 45, X.B., I hereby attest that Victoria F. Maroulis has concurred in this filing.

Dated: August 6, 2012        */s/ Michael A. Jacobs*
                                              Michael A. Jacobs

JOINT STMT RE: PROPOSED SCHEDULE FOR EXCHANGE OF EXHIBITS, OBJECTIONS, AND RESPONSES
CASE NO. 11-CV-01846-LHK
sf-3178059

6