QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS
CO., LTD., SAMSUNG ELECTRONICS
AMERICA, INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S OBJECTIONS AND RESPONSES REGARDING EXHIBITS TO BE USED WITH WITNESSES WINER, VAN LIERE, PORET AND BALAKRISHNAN** |

Samsung hereby submit objections to Apple's exhibits for the direct examinations of Russell Winer, Kent Van Liere, Hal Poret and Ravin Balakrishnan, and responses to Apple's objections to the cross examination exhibits for the same witnesses.

## I. RUSSELL WINER

### A. Samsung's Objections to Direct Examination Exhibits

#### 1. Samsung's Objection to PDX28.25

Apple inproperly seeks to have Mr. Winer testify about a survey conducted by another Apple expert, Dr. Kent Van Liere, before Dr. Van Liere testifies.  PDX28.25 contains the results of Dr. Van Liere's tablet survey relating to Apple's allegations of confusion and dilution.  Dr. Van Liere directed and conducted the survey, and analyzed the results.

Mr. Winer lacks foundation to testify regarding Dr. Van Liere's survey prior to Dr. Van Liere entering the results into evidence.  *See In re Imperial Credit Indus., Inc. Sec. Litig.*, 252 F.Supp.2d 1005, 1012 (C.D. Cal. 2003) (expert "cannot validate [the other's] opinions"); *Tokio Marine & Fire Ins. Co. v. Norfolk & Western Ry. Co.,* 1999 WL 12931 at *4 (4th Cir. 1999) ("one expert may not give the opinion of another expert who does not testify"); *American Key Corp. v. Cole National Corp.,* 762 F.2d 1569, 1580 (11th Cir. 1985) ("Expert opinions ordinarily cannot be based upon the opinions of others whether those opinions are in evidence or not"); *6816.5 Acres of Land etc v. United States,* 411 F.2d 834, 839-40 (10th Cir. 1969).

Mr. Winer was not involved in conducting the survey or analyzing the data generated from the study.  Mr. Winer admitted in deposition that he learned about the survey merely by reading a version of Dr. Van Liere's report: "all I read was the report.  I did not look at the materials that were generated from their research."  (Patel Decl., Ex. D, (4/27/12 Winer Dep. Tr., 22:6-9.)  In fact, since Mr. Winer's and Dr. Van Liere's expert reports were due the same day, it is likely that Mr. Winer may have only reviewed a draft of Dr. Van Liere's report.  (*Id.* at 21:15-16 ("They may well have been a draft.").)

Apple is seeking to avoid calling Dr. Van Liere whom they refer to as a "maybe" on their witness list.  Samsung would be unfairly prejudiced if Mr. Winer were permitted to testify about Dr. Van Liere's survey results and opinions prior to Dr. Van Liere's testimony.  Mr. Winer

02198.51855/4893113.1

-1-                                    Case No. 11-cv-01846-LHK
OBJECTIONS AND RESPONSES RE: EXHIBITS FOR WINER. VAN LIERE. PORET AND BALAKRISHNAN

admitted that he "was not asked to opine on the research methodology that was used in those reports," and instead, simply assumed that the study was valid.  (*Id.* at 22:23-23:1.)   Without firsthand knowledge of the study, there is no way for Samsung to effectively cross-examine Mr. Winer regarding Dr. Van Liere's survey.  *In re Imperial Credit Indus., Inc. Sec. Litig.*, 252 F. Supp. 2d at 1012 (where expert relies on another expert's opinions, "those opinions cannot be subjected to meaningful adversarial testing through cross-examination").

In addition to shielding Dr. Van Liere from cross-examination, using PDX 28.5 would import inadmissible hearsay into evidence.   Although FRE 703 permits an expert to rely on otherwise inadmissible hearsay, "federal law generally bar[s] an expert from disclosing such inadmissible evidence."   *Williams v. Illinois*, 132 S. Ct. 2221, 2234 (2012); *see also Turner*, 338 F.3d at 1061 (quoting 4 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence* § 703.05 (2d ed. 2003)) (Rule 703 creates "a presumption against disclosure to the jury of information used as the basis of an expert's opinion and not admissible for any substantive purpose.").   Experts thus cannot "simply recit[e] facts that constitute inadmissible hearsay." *McDevitt v. Guenther*, 522 F. Supp. 2d 1272, 1294 (D. Haw. 2007) (barring such sections of expert's report); *see also Malletier v. Dooney & Bourke, Inc.*, 525 F.Supp.2d 558 (S.D.N.Y. 2007) ("[A] party cannot call an expert simply as a conduit for introducing hearsay under the guise that the testifying expert used the hearsay as the basis of his testimony").   If Apple wishes to present Dr. Van Liere's results and opinions, the jury must hear directly from Dr. Van Liere regarding how he performed his survey and the conclusions he reached.

### 2.   Samsung's Objection to PDX28.27

Apple also seeks to admit deposition testimony from Sangeun Lee cited on demonstrative PDX28.25.   The testimony relates to documents produced at SAMNDCA10154003-4053, listed as PX59, and SAMNDCA00329460-9553.   Apple failed to cite to these documents, along with Mr. Lee's testimony, in response to Samsung's Interrogatory No. 71.   This interrogatory requires that Apple "state fully and in detail on a trade dress-by-trade dress and trademark-by-trademark basis all facts" that support Apple's contention that Samsung's product and product packaging is "likely to cause confusion, cause mistake, or deceive consumers."   (Patel Decl., Ex. F.)

PDX28.25 is an attempt to circumvent this Court's Orders requiring disclosure of relevant documents in response to discovery responses.  *See*, Dkt. No. 1563 at 5 (sustaining objection to PX 62 on the grounds that it was not disclosed in response to Samsung's contention Interrogatory No. 7);  Dkt. No. 1456 at 3; Dkt. No. 1519 at 2.  Here, Apple failed to identify either Mr. Lee's testimony or the documents underlying that testimony in response to Interrogatory No. 71.  Apple's pretrial designations from Mr. Lee's deposition do not cure Apple's violation.

Additionally, Mr. Lee's testimony is unfairly prejudicial.  There is no evidence that any of Mr. Lee's testimony relates to features Apple claims as part of its trade dress.  Also, there is no evidence showing that the consumers Mr. Lee describes are typical consumers of Samsung's tablets.  Nor does Mr. Lee have any quantified number of consumers or percent of consumers.

At a minimum, if Mr. Lee's testimony is admitted, Samsung's counter-designations for Mr. Lee should be introduced under the rule of completeness.  FRE 106.  The Rules provide this option to guard against "the misleading impression created by taking matters out of context." FRE 106, Advisory Committee Notes.

### B.  Samsung's Responses to Objections to Cross Examination Exhibits

Samsung's demonstrative SDX3917.104 contains the text of Apple's registered iPhone trade dress (JX1039) that it filed with the U.S. Patent and Trademark Office, along with an enlarged picture of the iPhone included in the registration.  The separate trade dress elements are highlighted to aid the jury in reading Apple's description of its trade dress.  Further, five hours before this filing, Apple disclosed that it might use the iPhone trade dress registration in its own direct examination.

Demonstratives SDX3917.119-SDX3917.122 contain images of the Droid Charge home screen, application screen and iPhone trademark registration.  These images show that the menu screen accused of diluting Apple's trade dress does not appear until after the "Apps" icon is pressed on the home screen.  Further, the image on SDX3917.122 provides a comparison of the iPhone trademark registration and the Droid Charge applications screen.  Instead of misleading, these images clarify the distinctions between the registration and Samsung's Droid Charge.

1  Further, Apple's demonstrative PDX14.38, which Apple disclosed for the examination of its
2  expert, Susan Kare, is extremely similar to Samsung's SDX3917.119.   (*See* PDX14.38).

## II.  KENT VAN LIERE

### A.  Samsung's Objections to Direct Examination Exhibits

Samsung objects to the references to "Dilution" in the slides in PDX 31 that pertain to Dr. Van Liere's post-sale confusion survey (e.g., PDX 31.2 and 31.3) because this presents a new theory regarding trade dress dilution that neither Apple, nor Apple's expert Dr. Van Liere, disclosed prior to providing Samsung with this set of slides on August 4, 2012.   Dr. Van Liere did not disclose any opinion in his expert report dated March 22, 2012 that the results of his post-sale confusion survey showed a likelihood of dilution of or an association with the alleged iPad trade dress.   Additionally, when questioned in his deposition, Dr. Van Liere specifically stated that his understanding was that "association as it relates to dilution is a different concept than likelihood of confusion. Those are two different concepts." (Van Liere Deposition 13:19-24).   In response to vigorous questioning at his deposition, Dr. Van Liere never stated that his post-sale confusion survey was related to, or caused him to have an opinion regarding trade dress dilution.

Additionally, Apple did not disclose that it would be introducing facts related to alleged consumer confusion to attempt to prove its trade dress dilution claims in response to Samsung's Interrogatory 70.   This interrogatory states:

> Separately for each APPLE TRADE DRESS, state fully and in detail all facts that support YOUR contention that SAMSUNG is diluting or has diluted such trade dress.

In response to this interrogatory, Apple provided a list of eleven different types facts that it would rely on to support its trade dress dilution claims, but Apple did not state that it would introduce any facts related to consumer confusion.   (Patel Decl., Ex. E)   Apple should not be allowed to present these opinions and make these arguments for the first time at trial.

Even if Apple had timely disclosed that it intended to rely on purported evidence of consumer confusion to support its trade dress dilution claim—and it clearly did not—the Court should still exclude any opinion from Dr. Van Liere or argument by Apple that his confusion survey shows a likelihood of dilution.   After dropping its iPhone trade dress infringement claim,

Apple successfully moved to exclude the survey from Samsung's expert, George Mantis, showing no confusion between certain accused Samsung phones and the iPhone on the grounds that it was not relevant to Apple's dilution claim.  In so doing, Apple argued that "[w]hile evidence of confusion is relevant to show association, the converse is not true."  (Dkt. No. 940-01 at 18.) To support this proposition, Apple cited *Jada Toys, Inc. v. Mattel, Inc.*, 518 F.3d 628 (9th Cir. 2007).  In fact, nowhere in *Jada Toys* did the court state that evidence of the absence of confusion is *not* probative of a dilution claim.  Indeed, precedent is to the contrary.  *See Federal Express Corp. v. Federal Espresso, Inc.,* 201 F.3d 168, 178 (2d Cir. 2000) ("Although Federal Express need not prove actual or likely confusion in order to prevail on the merits of its dilution claim, the absence of those factors is relevant to the court's determination."); *Pulse EFT Assoc. v. Sears Roebuck and Co.,* 2001 WL 43454, at *5 (5th Cir. 2001) (upholding district court's reliance on "the lack of any real confusion in any relevant market as proof that the mark had so little 'fame' as to be virtually invulnerable to dilution.").  Having precluded Samsung from introducing survey evidence of the absence of confusion to show no likelihood of dilution, Apple should not now be permitted to introduce survey evidence of confusion to show a likelihood of dilution.

Furthermore, the titles of slides in PDX 31—"Likelihood of Confusion & Dilution" and "Dilution"—are misleading and argumentative because Dr. Van Liere's confusion survey does not establish likelihood of confusion or dilution; at best, the results of his confusion survey are one piece of evidence to be considered by the jury in determining the ultimate issue of likelihood of confusion or dilution.  These slide headings are unfairly prejudicial and would confuse and mislead the jury and should not be allowed under FRE 403.

**B.      Samsung's Responses to Objections to Cross Examination Exhibits**

Apple's objections that SDX3900.112 and SDC3900.129 lack foundation are groundless and should be overruled.  Apple's expert, Dr. Kent Van Liere, performed two separate surveys in support of Apple's trade dress infringement and trade dress dilution claims.  Samsung maintains that Dr. Van Liere's selection of improper control products inflated the levels of confusion and association in these surveys.  These demonstrative slides show an array of different phones and tablets that were on the market and available to Dr. Van Liere to be used as controls for the two

1  surveys that he performed as Apple's expert.   In his deposition, Dr. Van Liere defended his
2  choice of controls and testified that he considered a number of phones and tablet computers as
3  potential controls for his surveys and that he rejected them as improper controls for a variety of
4  reasons including that many were too similar to the iPhone or iPad.   Samsung is entitled to elicit
5  testimony from Dr. Van Liere about the number and nature of other products that he considered
6  for his controls and his basis for rejecting them.
7          Samsung must be allowed to question Dr. Van Liere about both the choices that he made
8  regarding the controls, and the choices that he could have made.   If Dr. Van Liere considered and
9  rejected the products depicted on these two slides, Samsung should be allowed to question why
10 they were rejected.   If Dr. Van Liere did not consider some of these alternatives, that too is a
11 proper basis for questioning by Samsung to show why he ignored viable and, as Samsung
12 maintains, more suitable options for his controls.

### III.  HAL PORET

#### A.  Samsung's Objections to Direct Examination Exhibits

15         Samsung objects to PDX 30.2 - 30.5, which are demonstrative slides Apple intends to
16 publish to the jury as part of the direct examination of its survey expert Hal Poret.   These slides
17 contain titles throughout that refer to consumer "recognition," when the subject of Dr. Poret's
18 testimony is "secondary meaning."   This distinction is more than semantic.   "Secondary
19 meaning" and "recognition" are distinct concepts in trademark law that are measured by surveying
20 different consumer populations.   Whereas secondary meaning is measured among plaintiff's
21 purchasers and likely purchasers, *see Miller v. Glenn Miller Productions, Inc.*, 454 F.3d 975, 991
22 (9th Cir. 2006), fame is measured among "the general consuming public of the United States."
23 15 U.S.C 1125(c)(2); *see also* McCarthy § 24: 119 (noting degree of recognition factor in dilution
24 by blurring analysis a measure of relative fame).   Apple's use of PDX 30.2-30.5 would create a
25 substantial risk that jurors will either confuse or improperly conflate "secondary meaning" with
26 "recognition" or "fame" to Samsung's prejudice.   Any possible probative value of PDX 30.2 -
27 30.5 is outweighed by the danger of undue prejudice, confusing the issues and misleading the jury.
28 *See* FRE 401, 403 and 703.

For similar reasons, Samsung objects to PX 23, a collection of images of the various tablet computers and smart phones used by Dr. Poret in his studies as test and control stimuli, which has a cover page entitled "Recognition Surveys." This title page is misleading and unnecessary and should be excluded. FRE 401, 403 and 703.

### B. Samsung's Responses to Objections to Cross Examination Exhibits

Apple objects to inclusion of DX 628 on the assumption that it was excluded based on Dkt. 1519 at 2. This public document filed in the PTO by Apple is listed as a potential cross examination and impeachment exhibit for Apple's expert Dr. Hal Poret. Dr. Poret's report discusses the distinctiveness of Apple's Home Screen button as a source identifier for Apple's products, and its potential impact on his survey results. Samsung should be permitted to examine Dr. Poret regarding Apple's statements in this regard and to impeach him with Apple's own statements if he testifies inconsistently with his past testimony.

Samsung prepared demonstrative exhibit SDX 3705.109 based on a comparison of Dr. Poret's survey findings and a rebuttal analysis submitted during expert discovery by Samsung's expert Dr. Jacob Jacoby. Dr. Poret confirmed in deposition that he studied Dr. Jacoby's rebuttal report and as a result re-examined his own data for 6-10 hours, so Dr. Poret can establish the foundation based on his review. Samsung intends to call Dr. Jacoby during its case, but Samsung also is entitled to examine Dr. Poret concerning Dr. Jacoby's contrary findings and to test Dr. Poret's opinions accordingly. Dr. Poret is not subject to recall and this will be Samsung's only opportunity to examine him.

Apple's objections regarding these Poret cross exhibits should be overruled.

## IV. RAVIN BALAKRISHNAN

### A. Samsung's Objections to Direct Examination Exhibits

#### 1. PX46 is Irrelevant to Infringement and is Inadmissible under Fed. R. Evid. 402

This 94 page document compares different features in a Samsung phone and an Apple phone. Samsung objects to this exhibit because it is not relevant to infringement.

Although Dr. Balakrishnan cites this document in a part of his infringement expert report

on the '381 patent, he merely reviews this and several other Samsung documents and concludes that Samsung reviewed Apple products, recognized the benefits, and copied certain features. (Patel Decl., Ex. A at ¶ 52).   Dr. Balakrishnan does not cite these documents in his infringement claim chart.   (*Id*. at Ex. 3).

The Federal Circuit has held that copying is irrelevant to an infringement analysis.   *Allen Engineering Corp. v. Bartell Industries, Inc.*, 299 F.3d 1336, 1350-51 (Fed. Cir. 2002) ("While copying may be relevant to obviousness, *it is of no import on the question of whether the claims of an issued patent are infringed*.") (emphasis added) (attached as Patel Decl., Ex. B).   Thus, this document is inadmissible under Fed. R. Evid. 402.

Even more, as this Court has held, the determination of whether a party copied is not relevant to a technical expert's opinion.   *See Abaxis, Inc. v. Cepheid*, C.A. No. 10-CV-02840, 2012 U.S. Dist. LEXIS 100530 (N.D. Cal. July 19, 2012) (Koh, J.) (expert not entitled to offer ultimate opinion of copying in obviousness analysis) (attached as Patel Decl., Ex. C).   The portions of the documents relied on by Dr. Balakrishnan are not technical.   For example, he points to statements like "provide a fun visual effect when dragging a web page" as evidence of copying.   Apple should not be permitted to apply an expert gloss to documents that it believes show Samsung's "copying" by introducing the documents through its technical expert.

### 2. PDX27 is Misleading and is Barred by FRE 403

Samsung objects to Apple's PDX 27 demonstrative exhibit, because it shows a variety of Samsung phones running unidentified versions of Android software (*e.g.*, at PDX 27.12, 27.33) to allegedly show infringement.   This demonstrative is misleading and substantially prejudicial. FRE 403.   The jury may be misled to believe, for example, that all Captivate phones regardless of the version of Android code they are running behave the same way.   Apple should, at a minimum, be required to clearly identify what version of Android is running on each of the phones in this demonstrative.

### B. Samsung's Responses to Objections to Cross Examination Exhibits

**DX2552**:   Samsung merely intends to use this document to establish that Dr. Balakrishnan provided expert testimony on behalf of Apple in 337-TA-797.   Thus, its probative

1  value is not substantially outweighed by a danger of misleading the jury, and it is not barred by

2  Fed. R. Evid. 403.

3      **DX2556**:   Samsung intends to use source code in DX2556 because Dr. Balakrishnan only

4  relies on four versions of source code, but is accusing 21 products.   *See* PDX 27.52.   For

5  completeness, Samsung proffers the remaining code.   FRE 106.

6

7

8  DATED: August 6, 2012          QUINN EMANUEL URQUHART &
                                            SULLIVAN, LLP

                                       By */s/ Victoria F. Maroulis*
                                          Victoria F. Maroulis
                                          Attorneys for SAMSUNG ELECTRONICS
                                          CO., LTD., SAMSUNG ELECTRONICS
                                          AMERICA, INC., and SAMSUNG
                                          TELECOMMUNICATIONS AMERICA, LLC