| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781) | WILLIAM F. LEE |
| hmcelhinny@mofo.com | william.lee@wilmerhale.com |
| MICHAEL A. JACOBS (CA SBN 111664) | WILMER CUTLER PICKERING |
| mjacobs@mofo.com | HALE AND DORR LLP |
| RACHEL KREVANS (CA SBN 116421) | 60 State Street |
| rkrevans@mofo.com | Boston, MA 02109 |
| JENNIFER LEE TAYLOR (CA SBN 161368) | Telephone: (617) 526-6000 |
| jtaylor@mofo.com | Facsimile: (617) 526-5000 |
| ALISON M. TUCHER (CA SBN 171363) | |
| atucher@mofo.com | MARK D. SELWYN (SBN 244180) |
| RICHARD S.J. HUNG (CA SBN 197425) | mark.selwyn@wilmerhale.com |
| rhung@mofo.com | WILMER CUTLER PICKERING |
| JASON R. BARTLETT (CA SBN 214530) | HALE AND DORR LLP |
| jasonbartlett@mofo.com | 950 Page Mill Road |
| MORRISON & FOERSTER LLP | Palo Alto, California 94304 |
| 425 Market Street | Telephone: (650) 858-6000 |
| San Francisco, California 94105-2482 | Facsimile: (650) 858-6100 |
| Telephone: (415) 268-7000 | |
| Facsimile: (415) 268-7522 | |

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | Case No. 11-cv-01846-LHK |
| Plaintiff, | **APPLE'S OBJECTIONS AND RESPONSES REGARDING DAY 4 EXAMINATION DISCLOSURES** |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | Trial:     August 6, 2012<br>Time:     9:00 a.m.<br>Place:    Courtroom 8, 4th Floor<br>Judge:   Hon. Lucy H. Koh |
| Defendants. | |

Apple submits the following objections to Samsung's disclosed cross-examination exhibits and materials for Hal Poret, Kent Van Liere, Russell Winer, and Ravin Balakrishnan and responses to Samsung's objections to Apple's direct examination exhibits for these witnesses.

## I. APPLE'S OBJECTIONS TO SAMSUNG'S CROSS-EXAMINATION MATERIALS SHOULD BE SUSTAINED

### A. Hal Poret

***DX628.*** Apple objects to DX628, an Apple trademark application. The Court has already sustained Apple's objection to this exhibit. (Dkt. No. 1519 at 2 ("Sustained. Samsung has not established that it disclosed DX628 in a timely manner.").) As the Court already found, Samsung failed to timely disclose its invalidity and non-infringement contentions concerning this trademark application during discovery. Samsung did not disclose this trademark application in its contention interrogatory responses or its expert reports. The first time this trademark application was disclosed was the April 27, 2012 deposition of Russell Winer, more than a month after the close of fact discovery. (*See id.* at 2.)

***SDX3705.109.*** Apple objects to SDX3705.109 on the ground that Samsung will be unable to lay a foundation for testimony about this demonstrative. SDX3705.109 depicts several percentages that do not appear anywhere in Mr. Poret's expert report. Presumably, these percentages were calculated by Samsung's lawyers. Mr. Poret will not be able to testify as to what the percentages mean or how they were derived. As such, Samsung will not be able to establish any foundation for testimony about SDX3706.109.

### B. Kent Van Liere

***SDX3900.112 & SDX3900.129.*** Apple objects to demonstrative exhibits SDX3900.112 and SDX3900.129. These demonstratives depict tablets and phones made by companies other than the parties. Samsung will not be able to lay a proper foundation for testimony about any of these products during its cross-examination of Dr. Van Liere. Dr. Van Liere's opinions in this action are concerned with surveying whether people associate Samsung phones with Apple and confuse Samsung tablets with Apple's iPad products; he has not studied or opined on the tablets and phones depicted in SDX3900.112 and SDX3900.129. Consequently, Dr. Van Liere lacks any

basis to testify about the tablets and phones depicted in these demonstratives.

### C. Russell Winer

*SDX3917.104.* Apple objects to demonstrative exhibit SDX3917.104 on the ground that it is misleading because it overemphasizes text from the description section of Apple's U.S. Registration No. 3,470,983 (JX1039). The Trademark Manual of Examining Procedure (TMEP) explains that "[a] description cannot be used to restrict the likely public perception of a mark," stating that "[a] mark's meaning is based on the impression actually created by the mark in the minds of consumers." TMEP § 808.02. Even though the description in a trade dress registration cannot limit the scope of the registered trade dress, Samsung appears to be using the description in JX1039 to narrow Apple's registered trade dress to something other than the overall appearance of the image provided in the application. Consequently, SDX3917.104 is not probative of any issue in this case, and the risk of misleading the jury substantially outweighs what limited probative value it has.

*SDX3917.119.* Apple objects to demonstrative exhibit SDX3917.119 on the ground that it is misleading because it depicts the applications screen of the Droid Charge in a manner that is inconsistent with the version of that product contained on the joint exhibit list – JX1025. The applications screen on JX1025 displays a different graphical user interface than the one depicted in SDX3917.119. Consequently, this demonstrative is not an accurate depiction of the physical record and therefore is not probative of any disputed issues.

### D. Ravin Balakrishnan

*DX2556.* Samsung claims that this "impeachment" exhibit, which does not appear on its exhibit list, is source code that was previously made available for inspection. Samsung failed to provide the actual pages of code that it now seeks to ambush Dr. Balakrishnan with, so Apple has been given no notice of its contents, much less an indication of whether this code even comes from the pages that were printed during discovery. Given this lack of transparency, Samsung may be attempting to circumvent Judge Grewal's 5/4/12 order sanctioning it for failure to produce source code, and preventing it from relying on source code that was not timely produced, or that may relate to design arounds. (Dkt. No. 898 at 9.) But given Samsung's hide the ball

strategy, neither Apple nor the Court will know until Samsung makes use of this exhibit, which raises the specter of exposing the jury to information that has specifically been excluded from this case. Moreover, given that Samsung's expert Jeff Johnson did not cite any Samsung source code in his list of materials considered in forming his non-infringement opinion on the '381 patent (Hung Decl. Ex. A), Samsung cannot have any legitimate non-infringement basis for using this exhibit during Dr. Balakrishnan's examination. Accordingly, it should be excluded on the grounds that it is not relevant, and because the prejudicial nature of this previously excluded information substantially outweighs any probative value.

*DX2552.* Despite having moved in limine to exclude the "findings or orders of [other] proceedings" because they "could only serve to mislead and/or confuse the jury," (Dkt. No. 1185-3 at 16), Samsung now seeks to violate the spirit, if not the letter, of both that motion and the Court's order granting it (Dkt. No. 1267 ¶ 14) by introducing as an exhibit Dr. Balakrishnan's declaration from a separate ITC investigation involving HTC Corp. That exhibit, which was not produced and which is not on Samsung's exhibit list, not only includes multiple competing constructions of claim terms that are not at issue in this case, but also proposed constructions that differ from the constructions provided by the Court here. (*See*, *e.g.*, DX2552 at 13-15 (identifying constructions for "electronic document" and almost every other claim term).) This exhibit is deeply confusing and will mislead the jury as to issues in this case, and should be excluded under FRE 403.

Moreover, this exhibit also includes a lengthy discussion of the "Glimpse" reference (DX2552 at 19-20) that was specifically excluded by the Court in its Order denying Samsung's motion for leave to amend its invalidity contentions. (Dkt. No. 836 at 8 ("Accordingly, Samsung's motion to supplement its invalidity contentions with the Glimpse reference (Chart G-7) is DENIED.").) The Court previously found that Samsung failed to disclose that reference in a timely manner and rightly excluded it. As it has done deliberately, repeatedly, and flagrantly, Samsung is again attempting an end run around the Court's order and trying to put before the jury evidence that has been excluded. For these reasons, this exhibit should be excluded.

## II. SAMSUNG'S OBJECTIONS TO APPLE'S DIRECT EXAMINATION MATERIALS SHOULD BE OVERRULED

### A. Hal Poret

*PDX30.* Samsung asserts an improper categorical objection to the demonstrative slides contained in PDX30, arguing that their use of the word "recognition" is misleading. First, "recognition" is not a legal term of art; rather, it is a term that Mr. Poret will use to explain his analysis to the jury. In particular, Mr. Poret will testify that he tested whether people *recognized* Apple as the source of the iPhone and iPad trade dress. Second, Mr. Poret will testify that his survey results – based on an appropriate universe of respondents who purchased a mobile phone within the past 12 months or are likely to purchase a mobile phone in the next 12 months – show that Apple's trade dress has acquired secondary meaning. Whether these survey results are relevant to the general population and thus probative of the fame of Apple's trade dress is a question for the jury. Nothing in PDX30 misleads the jury or confuses the issues.

### B. Kent Van Liere[1]

*PDX31.2 & PDX31.3.* Samsung objects that the word "dilution" in PDX31.2 and PDX31.3 should be excluded because Apple did not disclose in its interrogatory responses or in Dr. Van Liere's report that his likelihood of confusion survey results are relevant to Apple's dilution claims. But the relevance of such survey results to Apple's dilution claims are a *matter of law*; as the Court has noted in its ruling on Apple's *Daubert* motion, "[A] showing that confusion is likely may evidence an association between products." (Dkt. No. 1157 at 6.) That such evidence is relevant is not a contention or expert opinion that should have been disclosed according to the Court's procedural schedule. Samsung's objection is no more than a *motion in limine* in disguise and thus should be overruled.

### C. Russell Winer

*PDX28.25.* Samsung's objections to PDX28.25 should be overruled. A testifying expert

---

[1] At 2:19 a.m., counsel for Samsung informed Apple it would not be briefing its objection that the image of the Nook Color in PDX31 is misleading. Apple has not responded to that objection in writing, but reserves its responses should Samsung raise this objection in court.

may rely on the report of a nontestifying expert if the report consists of facts and data on which experts in the field would reasonably reply in forming an opinion. The expert is "not required to testify only upon data the expert has personally gathered or tested." *02 Micro Intern. Ltd. v. Monolithic Power Systems, Inc.*, 420 F. Supp. 2d 1070, 1088-89 (N.D. Cal. 2006) (admitting testimony of testifying expert based on "testing [that] was performed according to methods commonly accepted in the industry").

Dr. Winer can properly testify about consumer surveys regarding confusion and dilution because he has conducted research surveys in the past, including online surveys for the purposes of litigation. As a marketing expert, he is knowledgeable about the appropriate survey methodology and often reviews surveys of this kind. Moreover, surveys regarding confusion and dilution are appropriate subjects for expert testimony. These surveys are also highly probative of issues regarding trade dress infringement and dilution, and this probative value outweighs any risk of prejudice. Finally, Dr. Winer has personal knowledge of the survey evidence underlying PDX28.25, and Apple will be able to lay a proper foundation for his testimony.

**PDX28.27.** Samsung's objections to PDX28.27 should be overruled. That demonstrative exhibit reflects the deposition testimony of Sangeun Lee and an underlying document. PDX28.27 is highly probative of trade dress infringement and dilution for the iPad and iPad 2 because it shows actual confusion between the Galaxy Tab 10.1 and the iPad. The fact that PDX28.27 disputes Samsung's contentions regarding the absence of confusion and dilution does not make it highly prejudicial.

Apple had no obligation to disclose deposition testimony of Samsung own witnesses in response to any of Samsung's discovery requests and Samsung failed to cite to any of their discovery requests that allegedly asks for such disclosure. Samsung cannot rely on an overly broad request for "all facts" as warranting such a disclosure. *See In re eBay Seller Antitrust Litigation*, No. C 07-1882 JF (RS), 2008 WL 5212170, at *2, (N.D. Cal. Dec. 11, 2008). Nevertheless, Sangeun Lee's February 24, 2012 deposition testimony was cited in Dr. Winer's expert report and that same testimony is quoted in PDX28.27. (Hung Decl. Ex. B ¶157.) Additionally, Mr. Lee's testimony directly relates to PX59. The Court previously overruled

Samsung's objection to the use of PX59 and held that it is "relevant at least to damages and is not unduly prejudicial under FRE 403." (Dkt. No. 1563 at 3.)

### D. Ravin Balakrishnan

***PX46.***[2]  This internal Samsung document, which clearly demonstrates Samsung's copying of the "bounce back" feature disclosed in the '381 patent, is directly related to the IP at issue in this case.  In addition, because Apple has alleged willful infringement (Dkt. No. 75 at ¶ 193), evidence of copying is directly relevant to that analysis.  *See, e.g.*, *Stryker Corp. v. Intermedics Orthopedics, Inc.*, 96 F.3d 1409, 1414 (Fed. Cir. 1996) (noting that whether an infringer "intentionally copies the ideas of another" is relevant to determining willfulness, and recognizing "copying to be a factor [in] deciding the question of willfulness").  Furthermore, Samsung has long since been specifically aware of Apple's intent to rely on this document to support its willfulness contentions.  (*See* Hung Decl. Ex. C at 9 (identifying PX46, Bates-stamped SAMNDCA00508318, as relevant to Apple's willfulness allegations regarding the asserted utility patents).)  Regardless, copying also is relevant to secondary considerations of non-obviousness.

This document also is specifically cited and discussed at paragraph 52 of his March 22, 2012 expert report.  ("As just one example, in the document titled "Behold3 Usability Evaluation Results" (SAMNDCA00508318 – 508411), Samsung evaluated its Behold3 phone against Apple's iPhone. (SAMNDCA00508331[)] . . . ."  (*See* Hung Decl. Ex. E at 13.)

Dr. Balakrishnan will offer technical analysis of Samsung's evaluation of the "bounce back" software functionality, which is exactly the type of testimony contemplated under FRE 702 and 703.  He will also opine that Samsung copied this functionality from Apple based on the admissions and technical analysis of software features contained in this document.  Again, this kind of technical analysis is the type of information a human computer interface expert would reasonably rely upon to determine whether Samsung copied Apple.  This document is highly probative of Samsung's intent to copy the "bounce back" feature, and is therefore relevant under

---

[2] To Apple's prejudice, Samsung's counsel changed its objections to this exhibit at 2:19 a.m.

FRE 402.

Moreover, Samsung should not be rewarded for its failure to satisfy its discovery obligations. Apple requested a corporate designee to testify to this document's "author(s); its authenticity . . . for whom and for which groups, teams, or leads the evaluation was created." (Hung Decl. Ex. D.) Samsung never provided any such designee. Samsung's improper attempts to keep this document out of evidence should be rejected. Apple also notes that this document is not hearsay, as it is a party admission under FRE 801(d)(2).

Finally, the Court has already overruled Samsung's objections to similar exhibits for other experts such as Susan Kare. (*See* Dkt. No. 1520 at 3 (overruling objection to PX44 because internal Samsung documents are admissible as party admissions, relevant to Apple's claims, and admissible).)

***PDX27.33.*** Dr. Balakrishnan's presentation identifies the accused Samsung products by name and provides the exhibit numbers for the underlying products any time that videos of those devices are played. Samsung contends that PDX27.33 is misleading because the Android version of those products is not identified, despite the fact that the jury will have all of the accused products in evidence when determining the question of infringement.

The Court has already denied Samsung's Motion in Limine No. 6 ("to exclude generalizations regarding the operation of accused Samsung products"), which specifically addressed this issue. (*See* Dkt. No. 1267 ¶ 16.) Although Dr. Balakrishnan makes no sweeping "generalizations" as imagined by Samsung, his use of any representative Android source code would be an issue of Samsung's own making. Apple repeatedly requested the production of all the source code for the accused Samsung products. Judge Grewal found that Samsung failed to satisfy its discovery obligations by only producing a single "release-version source code that Samsung deemed most relevant" for individual products and granted Apple's motion for sanctions. (Dkt. No. 898 at 5, 9.) Samsung cannot claim that Apple is somehow misleading the jury by not displaying an Android version when it was Samsung that made differing Android versions irrelevant to this case by failing to produce them during discovery. Samsung's objection should be overruled because to find otherwise would reward Samsung for its discovery violations.

Dated: August 6, 2012                                MORRISON & FOERSTER LLP

                                                     By: /s/ Michael A. Jacobs
                                                         Michael A. Jacobs

                                                     Attorneys for Plaintiff
                                                     APPLE INC.