# EXHIBIT D

| | |
|---|---|
| 1 | QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>Charles K. Verhoeven (Bar No. 170151) |
| 2 | charlesverhoeven@quinnemanuel.com<br>50 California Street, 22nd Floor |
| 3 | San Francisco, California 94111<br>Telephone: (415) 875-6600 |
| 4 | Facsimile: (415) 875-6700 |
| 5 | Kevin P.B. Johnson (Bar No. 177129)<br>kevinjohnson@quinnemanuel.com |
| 6 | Victoria F. Maroulis (Bar No. 202603)<br>victoriamaroulis@quinnemanuel.com |
| 7 | 555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, California  94065-2139 |
| 8 | Telephone: (650) 801-5000<br>Facsimile: (650) 801-5100 |
| 9 | |
| 10 | Michael T. Zeller (Bar No. 196417)<br>michaelzeller@quinnemanuel.com |
| 11 | 865 S. Figueroa St., 10th Floor<br>Los Angeles, California 90017 |
| 12 | Telephone: (213) 443-3000<br>Facsimile: (213) 443-3100 |
| 13 | Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, |
| 14 | INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendant. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S OBJECTIONS AND RESPONSES TO APPLE'S ELEVENTH RULE 30(B)(6) DEPOSITION NOTICE** |

1  objects to the topic to the extent it seeks information that could be obtained more appropriately
2  through a different form of discovery request.  Samsung further objects to this topic as overbroad,
3  unduly burdensome, vague and ambiguous, in particular the terms and phrases "methodology used
4  to generate," leads," "relied on or otherwise used," and "what Samsung did" are vague and
5  ambiguous.  Samsung further objects to the topic to the extent it seeks information that is not
6  relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the
7  discovery of admissible evidence.

8  Subject to and without waiving the foregoing objections, and without representing that any
9  information responsive to the topic exists, Samsung will designate a witness on this topic limited
10 to the products alleged to infringe Apple's intellectual property in Apple's infringement
11 contentions and/or Apple's response to Samsung's Interrogatory No. 5 (served September 12,
12 2011).  Samsung will not designate a witness on additional Samsung products that Apple seeks to
13 accuse of infringement, but that have not been either agreed-to between the parties or ordered by
14 the Court to be added to this case.

**TOPICS NO. 3:**

For the evaluation entitled "Behold3 Usability Evaluation Results," dated May 10, 2010, and bearing beginning Bates number SAMNDCA00508318: the author(s); its authenticity; the methodology used to generate the information contained in the evaluation; the reason the evaluation was created; for whom and for which groups, teams, or leads the evaluation was created; which groups, teams, and/or leads within Samsung relied on or otherwise used the evaluation; what Samsung did regarding the design or development of any aspect of any Samsung Product At Issue after considering the results of the evaluation and who made any such decision(s).

**RESPONSE TO TOPICS NO. 3:**

In addition to its General Objections, which it hereby incorporates by reference, Samsung objects to this topic to the extent that it seeks to elicit information subject to and protected by the

attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity.  Samsung also objects to the topic to the extent it seeks information that could be obtained more appropriately through a different form of discovery request.  Samsung further objects to this topic as overbroad, unduly burdensome, vague and ambiguous, in particular the terms and phrases "methodology used to generate," leads," "relied on or otherwise used," and "what Samsung did" are vague and ambiguous.  Samsung further objects to the topic to the extent it seeks information that is not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, and without representing that any information responsive to the topic exists, Samsung will designate a witness on this topic limited to the products alleged to infringe Apple's intellectual property in Apple's infringement contentions and/or Apple's response to Samsung's Interrogatory No. 5 (served September 12, 2011).  Samsung will not designate a witness on additional Samsung products that Apple seeks to accuse of infringement, but that have not been either agreed-to between the parties or ordered by the Court to be added to this case.

**TOPICS NO. 4:**

For the analysis entitled "Competitor Analysis—Design & Layout—2009 GUI Framework," dated April 2008, and bearing beginning Bates number SAMNDCA00228887: the author(s); its authenticity; the methodology used to generate the information contained in the analysis; the reason the analysis was created; for whom and for which groups, teams, or leads the analysis was created; which groups, teams, and/or leads within Samsung relied on or otherwise used the analysis; what Samsung did regarding the design or development of any aspect of any Samsung Product At Issue after considering the results of the analysis and who made any such decision(s).