| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781) | WILLIAM F. LEE |
| hmcelhinny@mofo.com | william.lee@wilmerhale.com |
| MICHAEL A. JACOBS (CA SBN 111664) | WILMER CUTLER PICKERING |
| mjacobs@mofo.com | HALE AND DORR LLP |
| RACHEL KREVANS (CA SBN 116421) | 60 State Street |
| rkrevans@mofo.com | Boston, MA 02109 |
| JENNIFER LEE TAYLOR (CA SBN 161368) | Telephone: (617) 526-6000 |
| jtaylor@mofo.com | Facsimile: (617) 526-5000 |
| ALISON M. TUCHER (CA SBN 171363) | |
| atucher@mofo.com | |
| RICHARD S.J. HUNG (CA SBN 197425) | MARK D. SELWYN (SBN 244180) |
| rhung@mofo.com | mark.selwyn@wilmerhale.com |
| JASON R. BARTLETT (CA SBN 214530) | WILMER CUTLER PICKERING |
| jasonbartlett@mofo.com | HALE AND DORR LLP |
| MORRISON & FOERSTER LLP | 950 Page Mill Road |
| 425 Market Street | Palo Alto, California 94304 |
| San Francisco, California 94105-2482 | Telephone: (650) 858-6000 |
| Telephone: (415) 268-7000 | Facsimile: (650) 858-6100 |
| Facsimile: (415) 268-7522 | |

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | Case No.   11-cv-01846-LHK |
| Plaintiff, | **DECLARATION OF JASON R. BARTLETT IN SUPPORT OF APPLE'S OPPOSITION TO SAMSUNG'S MOTION FOR ADVERSE INFERENCE JURY INSTRUCTION** |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendants. | |

I, JASON R. BARTLETT, declare as follows:

1. I am a partner in the law firm of Morrison & Foerster LLP, counsel for Apple Inc. ("Apple"). I am licensed to practice law in the State of California and admitted to practice before this Court. I have personal knowledge of the matters stated herein or understand them to be true from members of my litigation team. I make this declaration in support of Apple's Opposition to Samsung's Motion for Adverse Inference Jury Instruction.

2. In conjunction with persons working under my direction, I analyzed Apple's production of email. In particular, I determined the total number of email sent by, received by, or copying certain Apple employees and the portion of such email sent before and after August 23, 2010. The results of my analysis of the email Apple produced are as follows:

| Custodian | Total Email | Total Pre-8/23/10 Email | Percentage |
|---|---|---|---|
| Stringer | 519 | 388 | 75% |
| Satzger | 133 | 133 | 100% |
| Whang | 149 | 82 | 55% |
| Ive | 688 | 522 | 76% |
| Rohrbach | 103 | 50 | 49% |
| Forstall | 1027 | 866 | 84% |
| Nishibori | 136 | 102 | 75% |
| Lemay | 1029 | 903 | 88% |
| Jobs | 1670 | 1183 | 71% |
| TOTAL | 5454 | 4229 | 78% |

3. Mark Buckley is a financial analyst who prepares financial information obtained from Apple's Finance department for production in litigation. He regularly testifies as Apple's corporate representative in depositions. In meet and confer sessions and correspondence Apple disclosed the scope of its finance-related document production. Attached as **Exhibit 1** are excerpts from the February 23, 2012 deposition of Beth Kellermann in which she testified with respect to Mark Buckley specifically that his computer's hard drive would not be searched but instead he would assemble relevant financial information from Apple's centralized systems of record. Attached as **Exhibit 2** is a letter I sent to Diane Hutnyan on March 15, 2012 detailing the scope of Apple's production of financial information.

BARTLETT DECL. ISO APPLE'S OPPOSITION TO SAMSUNG'S MOTION FOR ADVERSE INFERENCE JURY INSTRUCTION
CASE NO. 11-CV-01846-LHK
sf-3179362

1

4. Attached as **Exhibit 3** is a letter I sent to Diane Hutnyan on March 14, 2012 addressing Apple's production of documents from model shop employees.

5. Documents relating to patents-in-suit on which Mr. Hoellwarth worked as outside counsel prior to joining Apple were produced in this action from the files of his former employer.

6. Pursuant to the Court's order of September 28, beginning in October 2011 and continuing through February 2012, Apple served transparency disclosures identifying, on a witness-by-witness basis, the search terms and date limiting parameters, if any, it used to search Apple's electronic records.

7. Based on information provided to me from Apple, Brian Huppi left Apple in April 2010 and was re-hired on January 30, 2012. He received a document retention notice in connection with this action in February 2012. Attached to this declaration as **Exhibit 4** is a true and correct copy of excerpts from the deposition of Brian Huppi taken on October 18, 2011 in this action.

8. Attached to this declaration as **Exhibit 5** is a true and correct copy of excerpts from a letter from me to Marissa Ducca dated November 2, 2011 that describes the document collection procedures used by Apple in this action.

9. Attached to this declaration as **Exhibit 6** is a true and correct copy of excerpts from the deposition of Douglas Satzger taken on November 8, 2011 in this action.

10. Attached to this declaration as **Exhibit 7** is a true and correct copy of excerpts from the deposition of Chris Harris taken on March 6, 2012 in this action.

11. Attached to this declaration as **Exhibit 8** is a true and correct copy of excerpts from the deposition of Mark Lee taken on February 28, 2012.

12. Attached to this declaration as **Exhibit 9** is a true and correct copy of *Libertarian Paternalism Is Not an Oxymoron* by Cass R. Sunstein and Richard H. Thaler, 70 U. Chi. L. Rev. 1159 (2003).

13. Attached to this declaration as **Exhibit 10** is a true and correct copy of excerpts from the deposition of Evans Hankey, taken on March 15, 2012.

BARTLETT DECL. ISO APPLE'S OPPOSITION TO SAMSUNG'S MOTION FOR ADVERSE INFERENCE JURY INSTRUCTION
CASE NO. 11-CV-01846-LHK
sf-3179362

2

14. Attached to this declaration as **Exhibit 11** is a true and correct copy of excerpts from the deposition of Christopher Prest, taken on March 8, 2012.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 6th day of August, 2012 at San Jose, California.

                                        /s/  *Jason R. Bartlett*
                                            Jason R. Bartlett

BARTLETT DECL. ISO APPLE'S OPPOSITION TO SAMSUNG'S MOTION FOR ADVERSE INFERENCE JURY INSTRUCTION
CASE NO. 11-CV-01846-LHK
sf-3179362

3