# EXHIBIT 1

Highly Confidential

Page 1

1              INTERNATIONAL TRADE COMMISION
2
3    In the Matter of Certain    )
     Electronic Digital Media    )
4    Devices and Components      )   Inv. No. 337-TA-796
     Thereof,                    )
5    _____ )
6              UNITED STATES DISTRICT COURT
7                   STATE OF CALIFORNIA
8                    SAN JOSE DIVISION
9                       --oOo--
10   APPLE INC., A CALIFORNIA       )
     CORPORATION,                   )
11               PLAINTIFF,         )  No.  11-CV-01846-LHK
          vs.                       )
12   SAMSUNG ELECTRONICS CO.,       )
     LTD.,  A KOREAN BUSINESS       )
13   ENTITY; SAMSUNG ELECTRONICS    )
     AMERICA, INC., A NEW YORK      )
14   CORPORATION; SAMSUNG           )
     TELECOMMUNICATIONS AMERICA,    )
15   LLC, A DELAWARE LIMITED        )
     LIABILITY COMPANY,             )
16   _____)
17          ** HIGHLY CONFIDENTIAL TRANSCRIPT **
18
19           DEPOSITION OF BETH KELLERMANN
20              Redwood City, California
21             Thursday, February 23, 2012
22
23   Reported By:
24   LINDA VACCAREZZA, RPR, CLR, CRP, CSR. NO. 10201
25   JOB NO. 46385

Highly Confidential

Page 2

1
2
3
4        February 23, 2012
5          9:30 a.m.
6
7
8
9     Videotaped deposition of BETH
10   KELLERMANN, held at Quinn Emanuel
11   Urquhart & Sullivan LLP, 555 Twin
12   Dolphin Drive, Suite 500, Redwood
13   Shores, California, pursuant to
14   Subpoena before Linda Vaccarezza, a
15   Certified Shorthand Reporter of the
16   State of California.
17
18
19
20
21
22
23
24
25

Highly Confidential

Page 3

1    A P P E A R A N C E S:

2    QUINN EMANUEL URQUHART & SULLIVAN LLP

3        Attorneys for Defendants

4        555 Twin Dolphin Drive

5       Redwood Shores, California 94065

6        BY:   RANDA A. OSMAN, ESQ.

7          Randaosman@quinnemanuel.com

8

9

10   MORRISON & FOERSTER, LLP

11       Attorneys for Plaintiff

12          425 Market Street

13         San Francisco, California 94105

14       BY:   JASON R. BARTLETT, ESQ.

15         jasonbartlett@mofo.com

16

17

18

19

20

21

22   VIDEOGRAPHER:  Nick Kasimatis

23

24

25

1         THE VIDEOGRAPHER:  Good morning.
2    This is the start of the tape labeled
3    Number 1 for the videotaped deposition of
4    Beth Kellermann in the matter Certain
5    Electronic Digital Media Devices in the
6    International Trade Commission Case
7    Number 337-TA-796.
8            This deposition is being held
9    at Quinn Emanuel, 555 Twin Dolphin Drive,
10   in Redwood Shores, California, on
11   February 23, 2012, at approximately
12   9:34 a.m.
13           My name is Nick Kasimatris.
14   I'm the legal video specialist from TSG
15   Reporting, headquartered at 747 Third
16   Avenue, New York, New York.
17           Court reporter is Linda
18   Vaccarezza in association with TSG
19   Reporting.
20           Will counsel please introduce
21   yourself.
22       MR. BARTLETT:  Jason Bartlett from
23   Morrison Foerster for plaintiff, Apple,
24   also complainant, Apple.
25       MS. OSMAN:  Can you state your

1           name?
2                   THE WITNESS:  Beth Kellermann,
3           Apple.
4                   MS. OSMAN:  I'm Randa Osman from
5           Quinn Emanuel for the Samsung
6           defendants.
7                       BETH KELLERMANN,
8               Having been duly sworn, by the
9           Certified Shorthand Reporter, was
10          examined and testified as follows:
11                      EXAMINATION
12  BY MS. OSMAN:
13      Q.    Good morning.  Before we start the
14  deposition, Ms. Kellermann, I just wanted to take
15  care of a couple of housekeeping matters.  I
16  believe the videographer indicated that this
17  deposition was being taken in the ITC matter 796,
18  which is correct, but it's also being taken in
19  the Northern District of California case, which
20  is Case Number 11-CV-01846-LHK.
21                  And also when we were off the
22  record, counsel and I agreed because the
23  deposition is being taken in both the ITC 796
24  matter, as well as the Northern District case,
25  the time would just be split in half and half of

1  information requested by Samsung or if it was
2  something that Apple's counsel independently
3  determined?
4      A.   That's correct.
5      Q.   And then the specific reasons why
6  a particular custodian was added to the case,
7  you're not aware of those, correct?
8           MR. BARTLETT:  Object to the form.
9           THE WITNESS:  Can you ask it
10     again?
11     Q.   Sure.  Can you tell me for each of
12 the custodians what the specific reason was why
13 they were added to the case as a potential
14 custodian?
15     A.   No.
16     Q.   And for each of the custodians
17 that are listed in this Document Production
18 Summary, which is Exhibit 3 to your deposition,
19 were documents actually collected from their
20 computer's hard drives or other storage?
21     A.   If the custodian was someone who
22 worked on the products or had anything to do with
23 getting the products to market, they would -- and
24 they are on this list, they would have been
25 targeted for collection and processing.  A couple

1  of the collections, like Mark Buckley, for
2  example, or Chuck Lancaster or Andy Allen,
3  they're finances.
4           And so they are pulling -- anyone
5  who is like a database administrator or a person
6  we go to to pull data from a centralized
7  repository, that they are not going to have
8  documents about the case on their own personal
9  systems outside of what counsel specifically
10 asked them to pull, then their particular hard
11 drives would not be collected from.
12          We would simply be targeting the
13 -- they are on here because they were asked to do
14 data pulls for us.
15      Q.   Can you tell me, as you sit here
16 today as Apple's corporate designee on Apple's
17 document collection efforts, whether every single
18 custodian listed in this Document Production
19 Summary was interviewed by counsel in a document
20 collection interview?
21          MR. BARTLETT:  Asked and answered.
22          THE WITNESS:  I can't, from
23      looking at this document, determine
24      whether or not they were individually
25      interviewed for this case or whether they

```
                                                              Page 199
 1    record at 3:44 p.m.
 2            (Time noted:  3:44 p.m.)
 3
 4
 5                              _____
 6                              BETH KELLERMANN
 7
 8    Subscribed and sworn to before me
 9    This       day of              , 2012.
10    _____
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

Page 200

1      C E R T I F I C A T E
2  STATE OF CALIFORNIA      )
3                           )
4  COUNTY OF SAN FRANCISCO  )
5      I, LINDA VACCAREZZA, a Certified
6  Shorthand Reporter for the State of
7  California, do hereby certify:
8      That BETH KELLERMANN, the witness
9  whose deposition is hereinbefore set
10 forth, was duly sworn by me and that such
11 deposition is a true record of the
12 testimony given by such witness.
13     I further certify that I am not
14 related to any of the parties to this
15 action by blood or marriage; and that I
16 am in no way interested in the outcome of
17 this matter.
18     IN WITNESS WHEREOF, I have hereunto
19 set my hand this 23rd day of February,
20 2012.
21
22 _____
23  LINDA VACCAREZZA, CSR. NO. 10201
24
25