# EXHIBIT 3

MORRISON | FOERSTER

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA 94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO, LOS ANGELES, PALO ALTO, SAN DIEGO, WASHINGTON, D.C.

NORTHERN VIRGINIA, DENVER, SACRAMENTO, WALNUT CREEK

TOKYO, LONDON, BRUSSELS, BEIJING, SHANGHAI, HONG KONG

March 14, 2012

Writer's Direct Contact
415.268.6615
JasonBartlett@mofo.com

*By Email* (dianehutnyan@quinnemanuel.com)

Diane C. Hutnyan
Quinn Emanuel
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017

Re: *Apple v. Samsung*, Case No. 11-cv-1846-LHK (N.D. Cal.)

Dear Diane:

I write in response to your March 11 letter regarding model shop documents and documents sourced to Christopher Harris and Christopher Hood.

Apple has repeatedly warned Samsung that discovery of individuals connected with the model shop is wasteful, as these individuals are unlikely to have responsive documents or relevant knowledge. Samsung's recent deposition of Mark Lee, who manages the model shop, confirmed Apple's position. Mr. Lee testified that model shop members do not have relevant documents, do not have design responsibility, do not participate in alternative decisions, are unfamiliar with design changes, and are not part of any regular project meetings. Against this backdrop, your feigned surprise at the light productions for Mr. Harris and Mr. Hood—like your previous letter complaining about the thin production for Mr. Von Minden, Apple's *paint mixer*—is not credible.

Your claim that Samsung's request for production addressing invention conception reaches all documents, logs, and data created by the model shop is without merit. Apple has produced, *inter alia*, sketchbooks, schematics, all ID CAD files, external design MCOs, all ID models, and CAD "surface files" exchanged between ID and PD, and provided Samsung with *extensive* custodial productions and depositions from the inventors and designers who work with the models and would legitimately possess invention conception information. Model shop records and logs do not bear on the conception of Apple's design patents.

Apple collected and searched Mr. Harris's documents and, not surprisingly, did not discover anything responsive.

MORRISON | FOERSTER



Your assertion that Apple did not search Mr. Hood's documents and did not produce email sourced to him is easily shown to be false by simply looking at Apple's production. Despite Mr. Hood's irrelevance to this case, Apple produced 690 documents sourced to him, including many emails that hit on Apple's disclosed search terms. As we have requested many times in the past, please do not accuse Apple of failing to produce documents without first checking Apple's production and the provided custodial information.

Sincerely,

*/s/ Jason R. Bartlett*

Jason R. Bartlett

cc: Peter Kolovos
S. Calvin Walden