# EXHIBIT 5

**MORRISON** | **FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA  94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG

November 2, 2011

Writer's Direct Contact
415.268.6615
JasonBartlett@mofo.com

Via E-Mail (marissaducca@quinnemanuel.com)

Marissa Ducca
Quinn Emmanuel
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065-2139

Re:    *Apple v. Samsung*, Case No. 11-cv-1846-LHK (N.D. Cal.)

Dear Marissa:

This letter responds to your letter dated October 18, 2011, to questions raised by Samsung in
the parties' joint meet-and-confer working session on October 19, 2011, and to related
representations set forth in Rachel Herrick Kassabian's letter to Wes Overson dated October
21, 2011.

In response to your letters, and also in the interest of the "transparency" Judge Grewal has
instructed the parties to provide one another, we wanted to provide you some additional
information and context on the document collection and culling processes applied by Apple
in conjunction with the above-referenced suit brought against Samsung.

*Collection*

Apple follows a standardized collection procedure for individual custodians:

1.  A Morrison & Foerster attorney, a representative from Apple's internal legal department,
and a technician from Apple's in-house data collection vendor all meet with the custodian in
person at his or her workplace.  At least one additional Morrison & Foerster attorney
typically participates by phone.  Two hours are usually allotted for these meetings, during
which Apple and its outside counsel interview the custodian while his or her documents are
being collected to ensure that all relevant data sources are identified and captured.  To date,
Apple has collected documents from approximately 25 custodians in connection with this
case, according to this protocol.  A partner from Morrison & Foerster has personally
participated in all such collections.

2.  When a custodian's documents are collected, Apple's data collection vendor copies the
custodian's email and electronic documents, and collects additional potentially relevant
materials identified during the interview.  These emails, electronic documents, and other

**M O R R I S O N** | **F O E R S T E R**

Marissa Ducca
November 2, 2011
Page Two

materials are then processed into the attorney document review for production.  Typically, no automatic "keyword" limitations are applied at this stage of the collection.  In certain instances, when the custodian's documents are relevant to a very narrow or specific aspect of the case, a more targeted collection may be conducted by searching the index of documents maintained on the custodian's computer for documents and emails hitting certain keywords.

3.  For certain custodians whose emails and electronic files have already been collected for another recent litigation matter, a separate protocol is followed to facilitate expedient production.  Before the custodial interview, Apple and Morrison & Foerster review and analyze Apple's records of these "prior" collections to make a preliminary determination, in light of the breadth of the collections and the cases involved, whether one (or a combination) of the prior collections is potentially comprehensive enough to be used in lieu of a new collection to meet Apple's discovery obligations in this case.  If it is determined that the prior collection is not potentially sufficient, Apple follows the protocol described in (1) above.

4.  If Apple and Morrison & Foerster determine that a custodian's prior electronic collection is potentially sufficient, a representative from Apple's internal legal department and one or more Morrison & Foerster attorneys then proceed to interview the custodian by telephone to obtain additional information that will allow for a final determination on the issue.  During the phone interview, Apple and outside counsel also solicit sufficient information to determine whether there are any additional potentially relevant sources of information that should be collected to meet Apple's discovery obligations.  Where Apple and Morrison & Foerster determine, with input from the custodian, that a prior collection may be used in lieu of a new collection, the prior collection is processed into the attorney document review for production.  To date, Apple and its outside counsel have conducted approximately 16 such interviews inconnection with this case.  A partner from Morrison & Foerster personally participated in nearly all of them.

5.  Custodians who are no longer employed by Apple are processed in a similar manner as the protocol described in (4), using prior collections, including any collections made at the time of the employee's departure from the company.  To date, Apple and its outside counsel have incorporated the documents of approximately 6 former Apple employees into the attorney document review for production in this case.

For each current Apple employee named on a patent Apple has asserted in this litigation, as well as those patents it has asserted in the ITC case, Apple's internal legal team and Morrison & Foerster attorneys have followed these standardized collection and interview processes.  In addition, they have executed targeted data collections from Apple's various servers and central files, resulting in the processing of a large volume of additional data into the attorney document review for production, to meet discovery obligations with respect to other evidentiary needs.

**MORRISON | FOERSTER**

Marissa Ducca
November 2, 2011
Page Three

*Culling*

Of course, the volume of electronic documents collected according to the above procedure exceeds the volume that can reasonably be reviewed by attorneys for production. Therefore, after electronic documents are collected, they are culled for responsiveness by running a set of keyword search terms, prepared by attorneys intimately familiar with the claims and defenses in the case. The keywords are typically prepared in advance of the custodian interviews discussed above and the custodians themselves are given the opportunity to review and comment on the sufficiency of the keywords. Samsung has been provided with a list of the keyword search terms used to cull the document collections of all but the design inventors. Enclosed herewith is a listing of the keyword search terms and date limitations used for the culling of custodial collections of design inventors.

The documents are further processed to reduce volume by eliminating duplicates from the review set so that only one copy of each document collected from a particular custodian is reviewed and produced. Duplicates are not removed to the extent they appear in the documents of two or more different custodians.

After search terms are applied and the documents are "de-duplicated," the documents that hit one or more search terms are processed into a review tool that facilitates efficient review and tagging of the documents by attorneys. At least one, and often two, attorneys reviews each document. Based on the exercise of attorney judgment, relevant, non-privileged documents are identified and produced to Samsung as appropriate.

We hope this outline has illuminated the process by which Apple's documents go from a custodian's possession, custody, or control into Samsung's hands. Please do not hesitate to let me know if you have any questions or would like additional detail.

We are reviewing your specific questions regarding the documents of specific inventors such as Stephen LeMay, John Elias, and Imran Chaudhri, and will respond to them upon the completion of our research.

Sincerely,

*/s/ Jason R. Bartlett*

Jason R. Bartlett

Encl.

sf-3051348