| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781)<br>hmcelhinny@mofo.com<br>MICHAEL A. JACOBS (CA SBN 111664)<br>mjacobs@mofo.com<br>RACHEL KREVANS (CA SBN 116421)<br>rkrevans@mofo.com<br>JENNIFER LEE TAYLOR (CA SBN 161368)<br>jtaylor@mofo.com<br>ALISON M. TUCHER (CA SBN 171363)<br>atucher@mofo.com<br>RICHARD S.J. HUNG (CA SBN 197425)<br>rhung@mofo.com<br>JASON R. BARTLETT (CA SBN 214530)<br>jasonbartlett@mofo.com<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, California  94105-2482<br>Telephone:  (415) 268-7000<br>Facsimile:  (415) 268-7522 | WILLIAM F. LEE<br>william.lee@wilmerhale.com<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>60 State Street<br>Boston, MA 02109<br>Telephone: (617) 526-6000<br>Facsimile: (617) 526-5000<br><br>MARK D. SELWYN (SBN 244180)<br>mark.selwyn@wilmerhale.com<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>950 Page Mill Road<br>Palo Alto, California 94304<br>Telephone: (650) 858-6000<br>Facsimile: (650) 858-6100 |

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>                         Plaintiff,<br><br>         v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>                         Defendants. | Case No. 11-cv-01846-LHK<br><br>**DECLARATION OF BETH KELLERMANN IN SUPPORT OF APPLE'S OPPOSITION TO SAMSUNG'S MOTION FOR SPOLIATION ADVERSE INFERNECE INSTRUCTION AGAINST APPLE** |

I, Beth Kellermann, hereby declare as follows:

1. I am the Litigation eDiscovery Manager at Apple Inc. I submit this declaration in support of Apple's opposition to Samsung's motion for spoliation adverse inference instruction against Apple. I have personal knowledge of the matters set forth below. If called as a witness I could and would competently testify as follows.

2. In my role as Litigation eDiscovery Manager, I oversee discovery processes for litigation matters. I manage a team of analysts who are trained in eDiscovery practices and technology. Together, we oversee the process for collecting, processing and producing electronic evidence and paper that has been converted to electronic format.

3. Apple has no automatic email deletion policies or systems. Generally speaking, at Apple data is stored in a decentralized fashion. Each business unit and each employee within each business unit may individually store documents relevant to their work.

4. To satisfy its document retention and production obligations in ligation, Apple undertakes a rigorous document retention and collection process that includes the issuance of a legal hold to those employees who counsel has determined may have information that is potentially relevant to a specific matter. After a legal hold issues, counsel may conduct individual data collection interviews. During the interview, employees are asked questions about their document and email storage practices. Counsel will also confirm that each individual has received a document retention notice and understands his or her document retention obligations. If relevant documents are identified during the course of the interview, a collection is conducted by a computer analyst specially trained in techniques for collecting data from Apple computer equipment in a forensically sound manner. Typically, such a collection would include making a complete copy of all of the employee's work-related email accounts.

5. There is no policy at Apple dictating that an employee must delete particular emails after a certain period of time. Employees who are not subject to document retention notices are encouraged to keep the size of their email accounts below certain limits. Such employees whose email accounts are too large may receive automatic notices requesting that they

reduce the size of their email accounts.  Employees who are under document retention do not receive such notices.

6. Apple is frequently involved in litigation and therefore it issues many document retention notices.  Document retention notices are typically sent by email from the Vice President, Litigation to individual custodians.  My eDiscovery team maintains a database of all document retention notices that we have issued.

7. Based on our records, the following individuals each received document retention notices in connection with one or more pieces of litigation on or before August 2010:

        Bart Andre (19 notices)

        Brian Huppi (3 notices)

        Christopher Stringer (14 notices)

        Duncan Kerr (16 notices)

        Eugene Whang (8 notices)

        Jonathan Ive (41 notices)

        Matthew Rohrback (17 notices)

        Rico Zorkendorfer (1 notice)

        Shin Nishibori (3 notices)

        Steven Lemay (32 notices)

        Scott Forstall (78 notices)

Because Apple employees receive so many litigation hold notices covering diverse subject matters, many of them have adopted a general practice of attempting to retain all substantive documents and communications relating to their work.

8. Apple former CEO Steve Jobs was regularly identified as having data that was potentially relevant to many different pieces of litigation.  Accordingly, rather than repeatedly issue separate document retention notices to him, separate procedures were put in place to retain and search his data and to apprise him of the materials he was required to preserve.  As part of this, from time to time Apple made and retained copies of his email account.

9. When each new case arises, before conducting new collections, we go through a rigorous process of providing counsel with a complete inventory of all of our historical data collections. Counsel then determines, in consultation with the employee and Apple eDiscovery analysts, which prior collections should be searched for potential review. In connection with this case, prior collections from Steve Jobs, Jonathan Ive and Scott Forstall, among others, were included in the dataset that was searched for potential review.

10. After the issuance of a document retention notice, if an employee terminates employment with Apple, a complete preservation copy of all of the employee's user-created files are made. For instance, such a collection was conducted after Brian Huppi left Apple in April 2010. By contrast, Douglas Satzger left Apple in 2008 when he was not subject to document retention. Accordingly, no termination collection was made of his data.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 5th day of August, 2012 at Sacramento, California.

*/s/ Beth Kellermann*
Beth Kellermann

## ATTESTATION OF E-FILED SIGNATURE

I, Jason R. Bartlett, am the ECF User whose ID and password are being used to file this Declaration. In compliance with General Order 45, X.B., I hereby attest that Beth Kellermann has concurred in this filing.

Dated: August 6, 2012

*/s/ Jason R. Bartlett*
Jason R. Bartlett