UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California corporation,<br><br>                Plaintiff,<br>     v.<br><br>SAMSUNG ELECTRONICS CO., LTD., A Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>                Defendants. | Case No.: 11-CV-01846-LHK<br><br>ORDER ON OBJECTIONS RE: WINER, PORET, VAN LIERE, AND BALAKRISHNAN EXAMINATION EXHIBITS<br><br>(re: dkt. #1585, 1587) |

Both parties have filed objections to the exhibits and materials to be used for the direct and cross-examinations of: (1) Russell Winer; (2) Hal Poret; (3) Kent Van Liere; and (4) Ravin Balakrishnan. *See* ECF Nos. 1585, 1587. After reviewing the parties' briefing, considering the record in this case, and balancing the considerations set forth in Federal Rule of Evidence 403 ("FRE 403"), the Court rules on the parties' objections as follows:

**1.    RUSSELL WINER**

    **A.  Samsung's Objections**

| WITNESS | COURT'S RULING ON OBJECTION |
|---|---|

1

Case No.: 11-CV-01846-LHK
ORDER ON OBJECTIONS TO PROPOSED EXAMINATION EXHIBITS AND MATERIALS FOR WINER, PORET, VAN LIERE, AND BALAKRISHNAN

| WITNESS AND EXHIBIT NO. | COURT'S RULING ON OBJECTION |
|---|---|
| Winer: PDX28.25 | Sustained. FRE 703 permits an expert to base his or her opinion on "facts or data" that the expert has been made aware of or has personally observed. However, under FRE 703, "Facts or data that are otherwise inadmissible shall not be disclosed to the jury by the proponent of the opinion or inference unless the court determines that their probative value substantially outweighs their prejudicial effect." In this case, allowing Winer to testify regarding a survey conducted by Dr. Van Liere is not permitted by the Federal Rules. *See In re Imperial Credit Indus., Inc. Sec. Litig.*, 252 F. Supp. 2d 1005, 1012 (C.D. Cal. 2003). Indeed, Apple has not shown that the probative value of the survey evidence it seeks to introduce substantially outweighs the prejudicial effect of effectively shielding Dr. Van Liere from cross-examination. Apple has adduced no good reason why Dr. Van Liere himself cannot testify regarding his survey methodology and his survey results. |
| Winer: PDX28.27 | Sustained. FRCP 26(a) & 26(e)(1) requires that a party must timely supplement an interrogatory response when the party learns of additional information. A party may not use untimely disclosed evidence at trial except upon a showing that "the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Samsung's Interrogatory No. 71 required Apple to "state fully and in detail on a trade dress-by-trade dress and trademark-by-trademark basis all facts that support YOUR contention that the SAMSUNG product or product packaging is likely to cause confusion, cause mistake, or deceive consumers as to the affiliation, connection, or association of SAMSUNG with APPLE, or as to origin, sponsorship, or approval by APPLE of SAMSUNG'S goods, services or commercial activities." Apple failed to disclose its intent to rely on the testimony of Mr. Lee to support its argument of consumer confusion. Apple has not shown that this failure to amend is substantially justified or harmless. |

### B. Apple's Objections

| WITNESS AND EXHIBIT NO. | COURT'S RULING ON OBJECTION |
|---|---|
| Winer: SDX3917.104 | Overruled. The demonstrative is not unduly misleading. The demonstrative depicts the registration. |
| Winer: SDX3917.119 | Sustained. This issue was raised and resolved in Court on August 6, 2012. Samsung may demonstrate the actual home screen and the applications screen of the Droid Charge to the jury. Samsung's home screen is relevant to Apple's trade dress claim. However, the D'305 Patent is only being asserted against the application screen, so the parties should be clear that when discussing the D'305 Patent, the relevant comparison is the application screen. |

2. **HAL PORET**

   A. **Samsung's Objections**

2

Case No.: 11-CV-01846-LHK
ORDER ON OBJECTIONS TO PROPOSED EXAMINATION EXHIBITS AND MATERIALS FOR WINER, PORET, VAN LIERE, AND BALAKRISHNAN

| WITNESS AND EXHIBIT NO. | COURT'S RULING ON OBJECTION |
|---|---|
| Poret: PX23, PDX30.2-30.5 | Overruled.  Apple's expert Dr. Poret surveyed respondents who had purchased mobile phones in the past 12 months or were likely to purchase a mobile phone in the next 12 months, to determine whether these consumers recognized Apple as the source of the iPhone and iPad designs. Dr. Poret will testify that his recognition survey shows that Apple's iPhone and iPad designs have acquired secondary meaning.  PX23 contains the images used in Dr. Poret's recognition survey and PDX 30.2-30.5 summarize the recognition survey results.<br><br>Samsung argues that PX23 and PDX 30.2-30.5 are misleading because these exhibits use the term "recognition" in their titles.  "Recognition," Samsung argues, is only relevant to whether a trade dress is famous. *See* ECF No. 1585 at 6.  In contrast, Samsung argues that "recognition" is irrelevant to whether a design has acquired secondary meaning and become a protectable trade dress under the Lanham Act. *See id.*  Accordingly, Samsung argues that use of the term "recognition" will confuse the jury.  However, Samsung itself explains that the primary distinction between secondary meaning and fame is the size of the consumer audience. *See id.* ("Whereas secondary meaning is measured among plaintiff's purchasers and likely purchasers . . . fame is measured among the general consuming public of the United States") (internal citations and quotations omitted).  Whether mobile phone consumers recognize the iPhone and iPad designs as indicating an Apple product is highly relevant to the jury in determining whether these designs have acquired secondary meaning.  Accordingly, PX23 and PDX30.2-30.5 are admissible under FRE 401, 403, and 703.<br><br>Apple argues that the jury should also be allowed to consider the Poret survey as evidence of fame.  However, the survey did not sample the opinions of the general population, and Dr. Poret is not giving expert testimony as to the relevance of his survey to trade dress fame.  Accordingly, the jury may not apply the Poret survey findings to the issue of fame,  The Court will issue a limiting instruction that the jury may consider the Poret survey as evidence that the Apple designs have acquired secondary meaning, but the jury may not consider the Poret survey as evidence that the Apple designs are famous. |

### B. Apple's Objections

| WITNESS AND EXHIBIT NO. | COURT'S RULING ON OBJECTION |
|---|---|
| Poret: DX628 | Sustained.  Samsung has not established that it disclosed DX628 in a timely manner.  *See* ECF No. 1519 at 2 (excluding DX628 from cross-examination).  Accordingly, the Court has previously excluded DX628 as cross-examination evidence. *See id.*  The Court's prior ruling applies here. |
| Poret: SDX3705.109 | Reserved.  Apple objects that SDX3705.109 includes percentages not included in Dr. Poret's expert report.  Apple reasons that these percentages must have been calculated by Samsung attorneys by unknown methods.  Accordingly, Apple |

3

Case No.: 11-CV-01846-LHK
ORDER ON OBJECTIONS TO PROPOSED EXAMINATION EXHIBITS AND MATERIALS FOR WINER, PORET, VAN LIERE, AND BALAKRISHNAN

**United States District Court**
For the Northern District of California

argues that Samsung therefore cannot establish foundation for any testimony Dr. Poret might give on these percentages.

Samsung asserts that these percentages were calculated in Dr. Jacoby's rebuttal expert report, which re-analyzed Dr. Poret's survey data. Furthermore, Samsung asserts that Dr. Poret testified in deposition that he reviewed Dr. Jacoby's rebuttal report, and that Dr. Poret then re-examined his own data for 6-10 hours. Samsung has not provided the Court with all of its expert reports. Samsung must file by 8:00 a.m. on Tuesday, August 7, 2012, the portions of Dr. Jacoby's rebuttal report and the passages of Dr. Poret's deposition testimony discussing Dr. Jacoby's percentages.

3.  **KENT VAN LIERE**

  A. Samsung's Objections

| WITNESS AND EXHIBIT NO. | COURT'S RULING ON OBJECTION |
|---|---|
| Van Liere: PDX31 | Overruled. Samsung objects to Apple's references to "dilution" in the slides relating to Dr. Van Liere's post-sale confusion survey on the ground that this is a "new theory regarding trade dress dilution" not previously disclosed. Samsung does not, however, suggest that the surveys themselves were untimely disclosed. Evidence of post-sale consumer confusion is relevant to Apple's trade dress dilution claims as a matter of law, and therefore Apple is free to argue that Dr. Van Liere's expert testimony (including his consumer confusion survey evidence) is relevant to Apple's trade dress dilution claims. For the same reason, the titles of the slides are not misleading or improperly argumentative under FRE 403. *Federal Express Corp. v. Federal Espresso, Inc.*, 201 F.3d 168, 178 (2d Cir. 2000), on which Samsung relies, does not hold to the contrary. *Federal Express* in fact confirms that "[w]hile neither actual confusion nor likelihood of confusion is necessary to sustain an action for dilution, it does not follow that actual confusion cannot be highly probative of dilution. Confusion lessens distinction. When consumers confuse the junior mark with the senior, blurring has occurred." 201 F.3d at 176 (internal quotation marks and citation omitted). The Second Circuit later noted that the absence of any evidence of actual or likely confusion "is relevant" not to the court's determination of dilution, but rather "to the court's determination of *whether an injunction is needed before the merits are decided*," because the absence of confusion is relevant to "the likely pace" of any erosion of trade dress distinctiveness. *Id.* at 178 (emphasis added). Thus, to the extent Samsung is effectively seeking reconsideration of the Court's earlier *Daubert* ruling on George Mantis' consumer confusion survey evidence, such request is denied. It bears noting that while evidence of an absence of consumer confusion is not probative of a dilution claim, Samsung of course remains free to introduce evidence of lack of consumer association between Apple's and Samsung's marks. |

  B. Apple's Objections

4

Case No.: 11-CV-01846-LHK
ORDER ON OBJECTIONS TO PROPOSED EXAMINATION EXHIBITS AND MATERIALS FOR WINER, PORET, VAN LIERE, AND BALAKRISHNAN

| WITNESS AND EXHIBIT NO. | COURT'S RULING ON OBJECTION |
|---|---|
| Van Liere: SDX3900.112, SDX3900.129 | Overruled. Apple objects that these demonstratives depict tablets and phones made by companies other than the parties, and that Samsung will be unable to lay a proper foundation for testimony about these products. Samsung may be able to lay a proper foundation. Moreover, in examining Dr. Van Liere about his consumer confusion surveys, Apple will open the door on cross to rebuttal of Dr. Van Liere's survey design, including Dr. Van Liere's process for selecting control products (which were also products made by third-party companies). |

### 4. RAVIN BALAKRISHNAN

#### A. Samsung's Objections

| WITNESS AND EXHIBIT NO. | COURT'S RULING ON OBJECTION |
|---|---|
| Balakrishnan: PX46 | Overruled. PX46 ("Behold3 Usability Evaluation Results") is an internal Samsung document comparing features of a Samsung Behold3 phone and an Apple iPhone, and suggesting possible improvements to the Behold3. Dr. Balakrishnan discussed this document in ¶ 52 of his infringement expert report on the '381 Patent. Patel Decl., Ex. A at ¶ 52. Dr. Balakrishnan examined Samsung phones and concluded that Samsung had implemented the recommended improvement to "[p]rovide a fun visual effect when dragging a webpage," by implementing an embodiment of the '381 Patent. *Id.* at ¶¶ 51-52. Dr. Balakrishnan is qualified to give expert testimony on: (1) references to embodiments of '381 Patent's bounce back feature in PX46; (2) absence of the bounce back feature in the Behold3; and (3) existence of the bounce back feature in later Samsung phones. This expert testimony is relevant to whether Samsung copied the '381 Patent's bounce back feature, and copying in turn is relevant to whether Samsung willfully infringed the '381 Patent. Accordingly, PX46 is admissible. However, the ultimate determination of copying based on the PX46 evidence is a question for the jury and is not a proper subject for expert testimony. *See Abaxis Inc., v. Cepheid*, C.A. No. 10-CV-02840, 2012 U.S. Dist. LEXIS 100530 (N.D. Cal. July 19, 2012) (holding that an expert could testify regarding underlying technical issues relevant to copying but could not offer an opinion on the ultimate legal question of copying). Accordingly, although PX46 is admissible, Dr. Balakrishnan may not opine on the ultimate question of copying. |
| Balakrishnan: PDX27 | Overruled. Samsung objects to this demonstrative because it shows Samsung phones that allegedly infringe the '381 Patent without specifying which version of Android the phones are using. Samsung untimely disclosed source code designing around the '381 Patent. Judge Grewal excluded this evidence. ECF No. 898. This Court affirmed Judge Grewal's exclusion. ECF No. 1545. Thus, if design arounds are not at issue, which Android source code version is on each accused device appears irrelevant. The jurors will have each actual device to |

5

Case No.: 11-CV-01846-LHK
ORDER ON OBJECTIONS TO PROPOSED EXAMINATION EXHIBITS AND MATERIALS FOR WINER, PORET, VAN LIERE, AND BALAKRISHNAN

| | inspect themselves for alleged infringement. Samsung's objection is overruled per FRE 403. |

**B. Apple's Objections**

| WITNESS AND EXHIBIT NO. | COURT'S RULING ON OBJECTION |
|---|---|
| Balakrishnan: DX2556 | Sustained. Samsung seeks to introduce this Android source code because "Dr. Balakrishnan only relies on four versions of Android source code, but is accusing 21 products." *See* ECF No. 1585 at 8. However, Samsung has not informed Apple or the Court which source code is included in DX2556. *See* ECF No. 1585 at 8-9; ECF No. 1857 at 2-3. Nor has Samsung indicated that the DX2556 source code was timely disclosed during discovery. *See* ECF No. 1585 at 8-9. Judge Grewal sanctioned Samsung for failing to timely disclose Android source code, and ordered that that Samsung may not rely on Android source code that was not timely produced or that is relevant to Samsung design arounds. *See* ECF No. 898 at 5, 9. By 8:00 a.m. on Tuesday, August 7, 2012, Samsung must file a statement identifying what version of Android source code is in DX2556 and documentation that Samsung timely produced this source code. |
| Balakrishnan: DX2552 | Sustained. Samsung seeks to introduce this document "to establish that Dr. Balakrishnan provided expert testimony on behalf of Apple in [the parallel ITC proceeding] 337-TA-797." ECF No. 1585 at 8. DX2552 includes discussions of alternative claim constructions ("electronic document" and other terms, DX2552 at 13-15) and excluded evidence (the "Glimpse" reference, DX2552 at 19-20). Furthermore, the Court granted Samsung's motion in limine to exclude the findings of parallel proceedings as confusing to the jury. *See* ECF No. 1269 ¶ 14. Accordingly, the Court sustains Apple's objection because the risk of confusing the jury and of introducing excluded evidence outweighs the probative value of DX2552 under FRE 403. |

**IT IS SO ORDERED.**

Dated: August 6, 2012

*Lucy H. Koh*
LUCY H. KOH
United States District Judge