| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781) <br> hmcelhinny@mofo.com <br> MICHAEL A. JACOBS (CA SBN 111664) <br> mjacobs@mofo.com <br> RACHEL KREVANS (CA SBN 116421) <br> rkrevans@mofo.com <br> MORRISON & FOERSTER LLP <br> 425 Market Street <br> San Francisco, California 94105-2482 <br> Telephone: (415) 268-7000 <br> Facsimile: (415) 268-7522 <br><br> WILLIAM F. LEE (*pro hac vice*) <br> william.lee@wilmerhale.com <br> WILMER CUTLER PICKERING <br>   HALE AND DORR LLP <br> 60 State Street <br> Boston, Massachusetts 02109 <br> Telephone: (617) 526-6000 <br> Facsimile: (617) 526-5000 <br><br> Attorneys for Plaintiff and <br> Counterclaim-Defendant APPLE INC. | QUINN EMANUEL URQUHART & <br> SULLIVAN, LLP <br> Charles K. Verhoeven (Cal. Bar No. 170151) <br> 50 California Street, 22nd Floor <br> San Francisco, California 94111 <br> Telephone: (415) 875-6600 <br> Facsimile: (415) 875-6700 <br> Kevin P.B. Johnson (Cal. Bar No. 177129) <br> Victoria F. Maroulis (Cal. Bar No. 202603) <br> 555 Twin Dolphin Drive 5th Floor <br> Redwood Shores, California 94065 <br> Telephone: (650) 801-5000 <br> Facsimile: (650) 801-5100 <br> Michael T. Zeller (Cal. Bar No. 196417) <br> 865 S. Figueroa St., 10th Floor <br> Los Angeles, California 90017 <br> Telephone: (213) 443-3000 <br> Facsimile: (213) 443-3100 <br><br> Attorneys for SAMSUNG ELECTRONICS <br> CO., LTD., SAMSUNG ELECTRONICS <br> AMERICA, INC. and SAMSUNG <br> TELECOMMUNICATIONS AMERICA, LLC |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, <br><br> Defendants. | Case No. 11-cv-01846-LHK <br><br> **JOINT STIPULATION AND [PROPOSED] ORDER REGARDING A PROCEDURE FOR REDUCING THE NUMBER OF SEALING REQUESTS** |

WHEREAS, each of the parties in this case has produced highly confidential and sensitive financial data, source code, and licensing information that may be used at trial (the "Highly Confidential Information");

WHEREAS, in order to avoid disputes about the use and admission into evidence of the Highly Confidential Information, and to avoid burdening the Court and jury with potential motions, objections and delays arising therefrom, the parties have agreed on a mechanism regarding the use and admission of the Highly Confidential Information at trial, which mechanism is embodied in this stipulation;

WHEREAS, this stipulation shall not affect any objection to the admissibility of any exhibit unless the admissibility of such exhibit is specifically addressed herein;

WHEREAS, this stipulation is not a waiver of any claims or defenses or claims for relief;

WHEREAS, no stipulations about the admissibility or exclusion of exhibits, either in whole or in part, shall be implied other than what is specifically identified herein.

IT IS HEREBY AGREED AND STIPULATED BY AND BETWEEN THE PARTIES THROUGH THEIR RESPECTIVE COUNSEL OF RECORD AS FOLLOWS:

1. With the exception of calculations concerning manufacturing or supply capacity used in connection with Apple's claim for lost profits, each party will not challenge in the trial or appellate court the sufficiency of the evidence to support the opposing party's damage calculations on the ground that the calculations rely on the exhibits identified below and not the more detailed financial information available from other proposed exhibits.

2. With the exception of calculations concerning manufacturing or supply capacity used in connection with Apple's claim for lost profits, each party will not move for a new trial on the ground that the damages calculations expressed in the exhibits identified below were against the manifest weight of the evidence on the ground that detailed financial information was not submitted at trial.

3. With the exception of calculations concerning manufacturing or supply capacity used in connection with Apple's claim for lost profits, each party will not argue to the jury that the damages calculations presented by means of the exhibits discussed below were improper on the

ground that the jury had not received or seen the underlying supporting documents or more detailed calculations to support them.

4.  The parties will not oppose each others' efforts to seal the record with respect to the source code from exhibits PX31 (Samsung source code), PX121 (Apple source code), and DX645 (Apple source code), as well as with respect to the source code of third parties, including DX635 (Intel source code), and will cooperate to preserve the confidentiality of the source code.

5.  The parties will not oppose each other's efforts to seal the record with respect to license agreements, summaries of licensing terms, and royalty charts and will not oppose each other's efforts to move to have these materials placed under seal.  The parties will substitute neutral, non-identifying designations (such as "Party A") for all third parties identified in such licensing agreements, summaries or charts to the extent such third parties will not be the subject of testimony.  Nothing in this paragraph will limit a party's right to use information that is not under seal.  This paragraph applies only to:

    a.    PX76

    b.    PX77

    c.    PX81

    d.    PX82

    e.    DX630

    f.    DX631

    g.    DX757

    h.    DX758

6.  PX25 (Summary of Apple's damages calculations) will be modified to:

    a.    Separate pages 18-21 into a new JX1500, which will show units and revenues for each of the accused products on both sides, including the addition of the units and revenues for the iPod Touch on what is now page 21.  Separate totals for the number of units and

revenue that Samsung has accused will be added for each of iPhone, iPad and iPod Touch.  Gross profit information for Samsung's accused products would be removed.  Neither party will object to the admission of JX1500 into evidence.  A copy of JX1500 is attached as Exhibit A to this stipulation;

    b. Retain pages 1 (cover page), 3-8 (per product amounts), 17 (accused product carrier information), 24-29 (market share), 30 (Google document), 31-32 (capacity), and 33 (reasonable royalty figures);

    c. Remove pages 2 (summary of variables), 9-16 (detailed damages calculations), and 22-23 (iPhone and iPad LOB report); and

    d The parties agree to support the filing under seal of pages 31-32 (capacity figures) and PX182 (capacity information).  Such support would be without prejudice to Samsung's objections to the admission of the pages and of PX182 into evidence.

    e. A redacted revised copy of PX25 is attached as Exhibit B to this stipulation.

  7. Without waiving any objections to the admission of PX25, if PX25 is admitted, Samsung will not challenge a factual claim that the cost of goods sold figures used to calculate the profitability contained in PX25 derive from a financial spreadsheet that Samsung produced as SAMNDCA4875335.

  8. Samsung will not object to the admission into evidence of PX28 (Summary of Samsung's fixed, variable, and non-product costs).

  9. Apple will not object to the admission into evidence of DX 704 and DX781.

  10. Apple will permit Samsung to amend its proposed exhibit list to include a new proposed exhibit, DX783 (new Samsung Financial Schedule).  Apple reserves its right to object to the admission of DX783 on any ground, including but not limited to lack of timeliness.  A redacted copy of DX783 is attached as Exhibit C to this stipulation.

11. Without waiving any objections to the admission of DX783, if DX783 is admitted, Samsung will agree that the following are undisputed facts: "Defendants' Exhibit 781 and Defendants' Exhibit 783 were prepared by Samsung's damages expert using the same source, a spreadsheet prepared by Samsung, and reflect calculations of profitability for the same accused products and the same time periods."

12. In the event that Samsung objects to the admission of current pages 3, 5-8 of PX25 (per product amounts) and any of pages 5-8 are excluded, Apple may introduce PX180 (Samsung Financial Spreadsheet) without objection from Samsung. If Apple introduces PX180, Samsung may introduce DX676 (Samsung Financial Spreadsheet) without objection from Apple.

13. Samsung may seek the admission of DX676 (Samsung Financial Spreadsheet) at its own option without objection from Apple. If Samsung seeks the admission of DX676, Apple may seek the admission of PX180 without objection from Samsung.

14. Except to the extent provided in paragraphs 1 through 13, neither party will seek to admit the following documents as evidence:

    a. PX29
    b. PX102
    c. PX103
    d. PX180
    e. PX181
    f. DX541
    g. DX542
    h. DX543
    i. DX544
    j. DX755
    k. DX756

       l.     DX676

       m.    DX777

       n.     DX778

       o.     DX779

       p.     DX780

15. Apple will not challenge the accuracy of the number of accused units used by Dr. O'Brien and Dr. Teece for their royalty bases. Apple reserves all other rights to oppose or challenge Dr. O'Brien's and Dr. Teece's methodology, calculations and damage award.

16. Nothing in this stipulation shall affect the rights of the parties to examine or cross examine witnesses using designated confidential material which is subject to an obligation of confidentiality (including material under seal by the Court) or other restriction on disclosure in paragraphs 1 through 14 above, including, for example, material that may be the subject of expert reports. However, in order to preserve the confidentiality of information, the parties agree that designated confidential material (a) under seal or (b) specifically protected from disclosure above will not be publicly disclosed. For the avoidance of doubt, "publicly disclosed" includes without limitation display or recitation of the confidential material in open court or placing the confidential material into evidence except under seal; however, confidential material presented to the Court, jury, witnesses and/or opposing counsel only, without public display or recitation of the confidential material, will not be considered "publicly disclosed" and such use will not affect the confidential status of the information.

17. This stipulation shall apply only to the first trial of this dispute and any appeal therefrom. It shall not apply to any subsequent trial.

**IT IS SO STIPULATED.**

Dated: August 6, 2012

| MORRISON & FOERSTER LLP | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
|---|---|
| By: /s/ Michael A. Jacobs<br>　　HAROLD J. MCELHINNY<br>　　MICHAEL A. JACOBS<br>　　RACHEL KREVANS<br>　　JENNIFER LEE TAYLOR<br>　　ALISON M. TUCHER<br>　　RICHARD S.J. HUNG<br>　　JASON R. BARTLETT<br><br>Attorneys for APPLE INC. | By: /s/ Victoria Maroulis<br>　　CHARLES K. VERHOEVEN<br>　　KEVIN P.B. JOHNSON<br>　　VICTORIA F. MAROULIS<br>　　MICHAEL T. ZELLER<br><br>Attorneys for SAMSUNG ELECTRONICS CO. LTD, SAMSUNG ELECTRONICS AMERICA, INC., AND SAMSUNG TELECOMMUNICATIONS AMERICA, LLC. |

**ATTESTATION**

I, Michael A. Jacobs, am the ECF User whose ID and password are being used to file this Joint Stipulation. In compliance with General Order 45, X.B., I hereby attest that Victoria F. Maroulis has concurred in this filing.

Dated:  August 6, 2012               /s/ Michael A. Jacobs
                                     Michael A. Jacobs

1  Pursuant to stipulation,

2  **IT IS SO ORDERED.**

3

4
Dated: _____, 2012

5
                                                                    _____
                                                                    Honorable Lucy H. Koh
6                                                                   United States District Judge