HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
JENNIFER LEE TAYLOR (CA SBN 161368)
jtaylor@mofo.com
ALISON M. TUCHER (CA SBN 171363)
atucher@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
JASON R. BARTLETT (CA SBN 214530)
jasonbartlett@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000


MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No.    11-cv-01846-LHK<br><br>**APPLE'S OFFER OF PROOF REGARDING EVIDENCE OF ITS IPHONE AND IPAD ADVERTISEMENTS** |

1    Pursuant to Federal Rule of Evidence 103(a)(2), plaintiff Apple Inc. makes this offer of

2    proof regarding exhibits PX12, PX13, and PX14, summary exhibits comprising video clips

3    featuring Apple's iPhone and iPad products.  PX12 and PX13 feature Apple advertisements for its

4    iPhone and iPad products, respectively, that aired within the United States.  (Tr. at 643:12–644:2;

5    646:21–647:4.)  PX14 contains clips from television programs featuring iPhone and iPad

6    products.  (*Id.* at 651:11–22.)  PX12, PX13, and PX14 each contain two parts: (1) a DVD

7    containing video clips and (2) an index providing information such as title, date, and file name for

8    each clip.  (*See* PX12; PX13; PX14.)  These exhibits are admissible because they are relevant to

9    Apple's trade dress dilution claims.  As discussed below, PX12–PX14 are not needless

10   presentations of cumulative evidence, and Samsung has never asserted that they are prejudicial,

11   misleading, confusing, a source of undue delay, or a waste of time.  Finally, Philip Schiller,

12   Apple's Senior Vice President of Worldwide Marketing, testified about exhibits PX12–PX14 and

13   laid a proper foundation for them to come into evidence.  (Tr. at 643:12–644:2; 646:21–647:4;

14   651:11–22.)

15       Apple offered exhibits PX12–PX14 to prove that its iPhone trade dress and iPad trade

16   dress are famous, an element of Apple's trade dress dilution claims.  *See* 15 U.S.C.

17   § 1125(c)(2)(A)(i).  In assessing fame, courts consider evidence showing "the duration and extent

18   of advertising and publicity" of the trademark or trade dress.  *Playboy Enters. v. Netscape*

19   *Commc'ns Corp.*, 354 F.3d 1020, 1031 (9th Cir. 2004).  To be probative of this factor, however,

20   the content of the "advertising and publicity" must be "of the mark."  15 U.S.C.

21   § 1125(c)(2)(A)(i).  *Cf. First Brands Corp. v. Fred Meyer, Inc.*, 809 F.2d 1378, 1383 (9th Cir.

22   1987) ("Evidence of sales, advertising and promotional activities may be relevant in determining

23   whether a trade dress has acquired a secondary meaning.  However, the advertising and

24   promotional activities must involve 'image advertising,' that is, the ads must feature in some way

25   the trade dress itself."  (internal citation omitted).)

26       The clips contained in the DVD portions of exhibits PX12–PX14 establish Apple's

27   advertising of its iPhone and iPad trade dress, and the extensive publicity they have received.

28   Each of the clips contained in PX12–PX14 prominently features the iPhone or iPad trade dress.

1   Each of these clips differs.  Collectively, these clips establish that the iPhone trade dress and iPad

2   trade dress have been the subject of extensive advertising and publicity and are therefore famous.

3   *See Jada Toys v. Mattel, Inc.*, 518 F.3d 628, 635 (9th Cir. 2008).

4          Samsung filed written objections to Exhibits PX12–PX14 on July 30.  (Dkt. No. 1468

5   at 4:10-14.)  The Court overruled Samsung's objections, observing that "the advertisements and

6   television programs are . . . offered to establish fame, an element of [Apple's] trade dress claim."

7   (Dkt. No. 1520 at 4:4–8.)  Despite this ruling, Samsung objected again to PX12–PX14 during

8   trial on August 3, this time asserting that the DVD portions of these exhibits are cumulative.

9   (Tr. at 647:22-25; 651:23–652:1.)  The Court sustained these objections and allowed only the

10  indices into evidence.  (*Id.* at 655:21-25.)

11         The DVDs contained in PX12–PX14 are not cumulative of anything in the record.  They

12  are not cumulative of the indices, which provide only identifying information such as title, date,

13  and file name, similar to a book's table of contents.  Because the indices do not summarize the

14  substance of the advertisements or show that the iPhone trade dress and iPad trade dress are

15  prominently displayed, the DVDs are not cumulative of them.

16         Moreover, the DVDs are not cumulative of PX127 and PX128, the two advertisements

17  played before the jury.  (Tr. at 642:8–643:11; *id.* at 645:14–18.)  PX127 and PX128 are each

18  single advertisements for the iPhone and iPad, respectively.  The video clips contained in PX12

19  and PX13 are not cumulative of the single advertisements contained in PX127 and PX128

20  because the entire group of ads is probative of "the *extent* of advertising and publicity," a

21  "relevant factor" for assessing fame.  15 U.S.C. § 1125(c)(2)(A)(i) (emphasis added).  Moreover,

22  PX14 contains *media clips* featuring the iPhone and iPad, not advertisements.  Because PX14

23  differs substantively from PX127 and PX128, it cannot be cumulative of those exhibits.  *Cf.*

24  *United States v. Cruz-Garcia*, 344 F.3d 951, 956 (9th Cir. 2003) ("[E]vidence clearly was not

25  cumulative [where] it gave the jury information it learned from no other source.").  Moreover,

26  since each clip is from different news and entertainment shows, the collection of clips in PX14 is

27  not itself cumulative.

28

1

**CONCLUSION**

2

Apple respectfully submits this offer of proof concerning PX12, PX13 and PX14.

3

4      Dated: August 7, 2012                              MORRISON & FOERSTER LLP

5

6                                                         By:   /s/  *Michael A. Jacobs*
                                                                 Michael A. Jacobs

7
                                                         Attorneys for Plaintiff
8                                                        APPLE INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28