DAVID S. BLOCH (SBN: 184530)
dbloch@winston.com
JENNIFER A. GOLINVEAUX (SBN: 203056)
jgolinveaux@winston.com
MARCUS T. HALL (SBN: 206495)
mthall@winston.com
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111-5894
Telephone:    (415) 591-1000
Facsimile:    (415) 591-1400

PETER J. CHASSMAN (admitted *pro hac vice*)
pchassman@winston.com
WINSTON & STRAWN LLP
1111 Louisiana St., 25th Floor
Houston, TX 77002-5242
Telephone:    (713) 651-2623
Facsimile:    (713) 651-2700

Attorneys for Non-Party,
MOTOROLA MOBILITY LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO.: 11-CV-01846-LHK<br><br>**REPLY IN SUPPORT OF EMERGENCY MOTION BY NONPARTY MOTOROLA MOBILITY LLC TO SEAL EXHIBITS, CLOSE COURTROOM, AND SEAL PORTIONS OF TRANSCRIPT**<br><br>[Civ. L.R. 79-5]<br><br>Date: Expedited Request<br>Courtroom: 8, 4th Floor<br>Judge: Hon. Lucy H. Koh |

Motorola Mobility LLC files this brief reply in support of its emergency motion to seal exhibits, close the courtroom, and seal portions of the transcript (Dkt. No. 1400), its supplemental submission in support thereof (Dkt. No. 1491), and papers submitted in support thereof. The supporting papers included the declaration of Motorola's Thomas V. Miller, which provided a particularized document-by-document showing of the harm that would result from disclosure of the Motorola confidential information that was the subject of Motorola's motion.

Motorola is a non-party to the present case. On July 27, 2012, the Court held a hearing that addressed a number of issues, including requests by non-parties to seal their confidential license and other information. During that hearing, the Court indicated that, as requested by various non-parties, license terms including royalty rate, payment/compensation, and duration are protected from published disclosure. Transcript of Case Management Conference at 27:15-19 (July 27, 2012), *Apple v. Samsung*, No. 11-CV-01846-LHK (N.D. Cal.). At that hearing, Reuters argued that past license agreements should not be entitled to the same protections, and the Court permitted the non-parties to submit supplemental declarations to explain how disclosure of past license agreements would cause irreparable harm, then they would receive protection from disclosure as well. *Id*. at 28:11-14. Motorola's supplemental submission included the Declaration of one of its directors, Brian C. Blasius (Dkt. No. 1491-1). Mr. Blasius' declaration made a specific showing as to why disclosure of the terms of the three past Motorola license agreements at issue would cause irreparable harm to Motorola, just as disclosure of terms of current license agreements would. Mr. Blasuis' declaration, in combination with Motorola's motion and supporting declaration of Mr. Miller, satisfied the "compelling reasons" standard.

Reuters filed its opposition to the non-parties' motions to seal, but it did not address the specifics of any of the Motorola documents at issue. Despite Reuters' argument at the July 27 Case Management Conference that past license agreements should receive treatment different from current license agreements, Reuters provided no legal basis for that position in its opposition, nor did it address the particularized showing that Motorola made as to the Motorola-Samsung agreements at issue. Instead, Reuters turned to a contorted policy argument that the public would benefit from knowing the details of business deals between companies – a policy

that would lead to preposterous results. Opposition (Dkt. No. 1556) at p. 19. Instead of dealing with the facts and specific concerns of the non-parties at hand, incredibly Reuters relies on a joint declaration of five college professors who do not even purport to know the facts of the situation (Dkt. No. 1556-4). Yes, even Reuters' declarants "recognize and respect the value of confidentiality with respect to licensing data." *Id*., ¶ 7. Reuters failed to mention that in its opposition.

      Because Reuters has not come close to refuting Motorola's showing of compelling reasons, particularly as a non-party, that its confidential information at issue should be sealed, Motorola respectfully requests that the court grant Motorola's motion to seal.

Dated: August 6, 2012            WINSTON & STRAWN LLP

                                          By: /s/ Jennifer A. Golinveaux
                                                David S. Bloch
                                                Jennifer A. Golinveaux
                                                Marcus T. Hall
                                                Peter J. Chassman (admitted *pro hac vice*)
                                                Attorneys for Non-Party,
                                                MOTOROLA MOBILITY LLC