1  HAROLD J. MCELHINNY (CA SBN 66781)
   hmcelhinny@mofo.com
2  MICHAEL A. JACOBS (CA SBN 111664)
   mjacobs@mofo.com
3  RACHEL KREVANS (CA SBN 116421)
   rkrevans@mofo.com
4  JENNIFER LEE TAYLOR (CA SBN 161368)
   jtaylor@mofo.com
5  ALISON M. TUCHER (CA SBN 171363)
   atucher@mofo.com
6  RICHARD S.J. HUNG (CA SBN 197425)
   rhung@mofo.com
7  JASON R. BARTLETT (CA SBN 214530)
   jasonbartlett@mofo.com
8  MORRISON & FOERSTER LLP
   425 Market Street
9  San Francisco, California 94105-2482
   Telephone: (415) 268-7000
10 Facsimile: (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

11 Attorneys for Plaintiff and
   Counterclaim-Defendant APPLE INC
12

13              UNITED STATES DISTRICT COURT

14              NORTHERN DISTRICT OF CALIFORNIA

15                    SAN JOSE DIVISION

16

17 APPLE INC., a California corporation,            Case No. 11-cv-01846-LHK

18                Plaintiff,                        **APPLE'S OBJECTIONS AND
                                                    RESPONSES TO OBJECTIONS
19     v.                                           REGARDING PROPOSED
                                                    EXAMINATION MATERIALS FOR
20 SAMSUNG ELECTRONICS CO., LTD., a                 KARAN SINGH**
   Korean business entity; SAMSUNG
21 ELECTRONICS AMERICA, INC., a New York            **Trial:    August 10, 2012**
   corporation; SAMSUNG                             **Time:     8:30 a.m.**
22 TELECOMMUNICATIONS AMERICA, LLC, a               **Place:    Courtroom 1, 5th Floor**
   Delaware limited liability company,              **Judge:    Hon. Lucy H. Koh**
23
                  Defendants.
24

25

26

27

28

APPLE'S OBJS AND RESP. RE: PROPOSED EXAMINATION MATERIALS FOR SINGH
CASE NO. 11-CV-01846-LHK

Apple objects to Samsung's cross-examination materials for Karan Singh.

## I. APPLE'S OBJECTIONS TO SAMSUNG'S CROSS-EXAMINATION MATERIALS FOR DR. SINGH SHOULD BE SUSTAINED

*DX2557.* This video exhibit, which does not appear on Samsung's exhibit list, is improper because it contains footage of a Galaxy Tab 10.1 LTE that contains a design-around for the '381 "bounce" patent. At approximately the :06 mark, the web page cannot be pulled down further, resulting in a depiction of the "blue glow" design-around instead of displaying an area beyond its edge (visible a: 27~:28 mark on second device). While the video's poor lighting leaves the "blue glow" effect subtle, it will be clear to the jury should they attempt to recreate this action using the actual device. Judge Grewal's orders have excluded evidence of design-arounds, and the Court affirmed those orders. (Dkt. No. 898 at 9; Dkt. No. 1106; Dkt. No. 1545 at 10). DX2557 should be excluded pursuant to those orders.

*10/25/11 ITC-337-TA-796 Deposition Transcript.* Samsung again seeks to undo the Court's orders regarding Samsung's own Motions in Limine. Having had its motion in limine "to exclude evidence or argument not tied to the specific IP rights claimed by Apple in this action" granted (Dkt. No. 1267 at ¶ 11), Samsung cannot now claim that Dr. Singh's testimony on claim construction issues for different patents in an ITC investigation can be used here. In addition to being irrelevant, this exhibit violates the spirit of the Court's exclusion of "reference[s] to findings or rulings in other proceedings" (Dkt. No. 1267 at ¶ 11), as discussion of arguments made to the ITC may result in discussion of the disposition of those arguments. Finally, as the Court found with Samsung's attempt to use Dr. Balakrishnan's claim construction from a different ITC investigation, the high risk of jury confusion warrants exclusion under FRE 403.

## II. SAMSUNG'S OBJECTIONS TO APPLE'S DIRECT-EXAMINATION MATERIALS FOR DR. SINGH SHOULD BE OVERRULED

*PDX29.1–PDX29.52.* Ignoring the Court's clear instructions (Hr'g Tr. at 915:21–917:5.) Samsung asserts multiple categorical objections to each of the 52 demonstratives in Dr. Singh's direct examination. This improper categorical objection unfairly shifts the burden of identifying the portions of Dr. Singh's demonstratives subject to Samsung's objection to the Court and to Apple. These objections should be overruled on that basis alone.

On the merits, Samsung's objections that the slides in PDX29 lack foundation or exceed the scope of Dr. Singh's report are specious. Slides 3, 7-8, 9, 15, 17, 19, 25, 29-31, 33, 36, 38, and 40 highlight text from the '163 and '915 patents, which Dr. Singh's report discussed in detail. (*See*, *e.g.*, Singh Infringement Report (Decl. of J. Bartlett Exh. A, "Singh Report" or "Report") ¶¶ 14, 46-87, 231-51, 314-55, 386-98, Exhs. 4, 5, 16, 17 (element-by-element '163 and '915 claim charts).)

Other slides in PDX29 specifically track the Singh Report. In particular, the iPhone videos in slides 4 and 26 illustrate Dr. Singh's opinions that certain Apple products practice the '163 and '915 patents. (Report ¶¶ 33-35, 295-98.) Slides 2, 20–24, and 41–45, which list accused products and show videos demonstrating how they infringe the '163 and '915 patents, correspond to the Singh Report's identification of accused products (Report ¶¶ 38, 301) and of his opinions that all identified products infringe claim 50 of the '163 patent and claim 8 of the '915 patent (Report ¶¶ 231-51, 384-98).[1] Slides 47–49 feature Samsung internal documents discussed in Dr. Singh's Report. (Report ¶¶ 275-80.) PDX29 also contains an element-by-element analysis of the same Galaxy S II product analyzed in Dr. Singh's claim charts (Report Exhs. 5, 17), and clips and stills from *the videos of that product* that were *attached to his report*. (Report Exhs. 11a, 19.)

Where PDX29 employs graphics to illustrate source code—as, for example, in slides 10, and 12 through 14—it tracks the code flow laid out in the Singh Report's claim charts. *See* Report Exs. 4, 5, 16, & 17. For example, all of the method names and logical flow illustrated on slides 12 and 13 appear in the '915 smartphone claim chart's treatment of those same claim elements. Report Ex. 17 at 3-9. Likewise, the methods and logic shown on slide 14 are discussed in equivalent detail in the tablet claim chart. Report Ex. 16 at 3-8. A similar correspondence exists between all of the code illustrated in PDX29 and the Singh Report's claim charts.

Because Dr. Singh's infringement report provides explicit and identifiable support for

---

[1] In his report, Dr. Singh explicitly reserved the right to create additional "demonstrative exhibits to assist in the presentation of my testimony and opinions as described herein or to summarize the same or information cited in this Report."

1 every slide in PDX29, Samsung's objections to PDX29 should be overruled.

2     ***PX49.***  Samsung's objections to PX49, an internal Samsung document discussing 3 technical features of the '163 patent, should be overruled.  Samsung's appreciation of the 4 technical benefits of the '163 patent's invention is probative of its copying and implementation of 5 the '163 patent.  As such, PX49 is relevant to Apple's allegation of willful infringement.  (Dkt. 6 No. 75 at ¶ 193.)  PX49 is also probative of the Samsung's understanding of the '163 invention.[2] 7 Dr. Singh's technical expertise will help elucidate how Samsung's understanding as reflected in 8 PX49 corresponds to the technical elements and advances of the '163 patent's claim 50.  This 9 same rationale supported the Court's recent decision to overrule similar objections to PX46. (Dkt. 10 No. 1596 at 5.)

11     Because a technical description of a multitouch input system is precisely the sort of 12 information reasonably relied upon by user interface experts in forming opinions, Dr. Singh's 13 testimony about PX49 is proper under Federal Rules of Evidence 702 and 703, which do not 14 require personal knowledge of the document at issue in order to base his opinion on it.

15     While PX49 does not appear in the Singh Report, this is due to Samsung's own failure to 16 comply with discovery orders.  Samsung only produced PX49 on April 10, 2012—***more than a*** 17 ***month after the March 8, 2012 close of discovery, and after Dr. Singh's report was served***.  In 18 fact, PX49 was only produced after the Court granted Apple's motion to compel the deposition of 19 the document's custodian, Gee Sung Choi (Dkt. No. 850), which Samsung had previously 20 blocked.  Because Dr. Singh's inability to include PX49 in his infringement report was the result 21 of Samsung's late production, to exclude it now for exceeding the scope of Dr. Singh's report 22 would reward Samsung for its abusive discovery tactics.

---

[2] PX49 states, "Apple's in-depth claims cover such matters as resizing text, scaling documents, web pages and/or other programs in portrait or landscape modes; gesturing, tap gestures, multiple tap gestures, swipe gestures with a finger or stylus, how documents are associated with a 'render tree' and much, much more."  (PX49 at 30.)

1 | Dated: August 7, 2012          MORRISON & FOERSTER LLP

By:  /s/ *Michael A. Jacobs*
      Michael A. Jacobs

Attorneys for Plaintiff
APPLE INC.

APPLE'S OBJS AND RESP. RE: PROPOSED EXAMINATION MATERIALS FOR SINGH
CASE NO. 11-CV-01846-LHK      4