1   QUINN EMANUEL URQUHART & SULLIVAN, LLP
    Charles K. Verhoeven (Cal. Bar No. 170151)
2   charlesverhoeven@quinnemanuel.com
    50 California Street, 22nd Floor
3   San Francisco, California 94111
    Telephone: (415) 875-6600
4   Facsimile: (415) 875-6700

5   Kevin P.B. Johnson (Cal. Bar No. 177129)
    kevinjohnson@quinnemanuel.com
6   Victoria F. Maroulis (Cal. Bar No. 202603)
    victoriamaroulis@quinnemanuel.com
7   555 Twin Dolphin Drive 5th Floor
    Redwood Shores, California 94065
8   Telephone: (650) 801-5000
    Facsimile: (650) 801-5100

9
    Michael T. Zeller (Cal. Bar No. 196417)
10  michaelzeller@quinnemanuel.com
    865 S. Figueroa St., 10th Floor
11  Los Angeles, California 90017
    Telephone: (213) 443-3000
12  Facsimile: (213) 443-3100

13  Attorneys for SAMSUNG ELECTRONICS
    CO., LTD., SAMSUNG ELECTRONICS
14  AMERICA, INC. and SAMSUNG
    TELECOMMUNICATIONS AMERICA, LLC

15

16                  UNITED STATES DISTRICT COURT

17        NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

18  APPLE INC., a California corporation,        CASE NO. 11-cv-01846-LHK

19              Plaintiff,

20         vs.                                   **SAMSUNG'S OBJECTIONS AND
                                                 RESPONSES REGARDING EXHIBITS
21  SAMSUNG ELECTRONICS CO., LTD., a             TO BE USED WITH KARAN SINGH**
    Korean business entity; SAMSUNG
22  ELECTRONICS AMERICA, INC., a New
    York corporation; SAMSUNG
23  TELECOMMUNICATIONS AMERICA,
    LLC, a Delaware limited liability company,
24
                Defendants.
25

26

27

28

Samsung hereby submits objections to Apple's direct examination exhibits for Karan Singh and responses to Apple's objections regarding cross examination exhibits for Mr. Singh.

**KARAN SINGH**

    **A.**    **Samsung's Objections to Direct Examination Exhibits**

          **1.**    **PX49 was not Cited in Dr. Singh's Reports, Dr. Singh may not Opine on Willfulness, and PX49 Lacks Foundation**

Apple improperly seeks to use PX49 to allow Dr. Singh, a technical expert, to testify about the knowledge requirement for willfulness.   PX49 is a collection of third-party news articles about Apple, ostensibly compiled by Samsung Telecom Research Israel.   Dr. Singh failed to cite or refer to this document in either of his expert reports or the infringement claim charts.[1] Additionally, Dr. Singh gave no testimony about this document at his deposition.   For this reason alone, PX49 is not admissible through Dr. Singh.

Further, "willfulness of behavior is a classic jury question of intent.   When trial is had to a jury, the issues should be decided by the jury."   *Richardson v. Suzuki Motor Co., Ltd.*, 868 F.2d 1226, 1250 (Fed. Cir. 1989).   Dr. Singh's opinion about whether Samsung intended to infringe is inadmissible because "intent with respect to the patents-in-suit is a question for the trier of fact to decide and does not require the admission of expert testimony."   *BorgWarner, Inc. v. Honeywell Int'l, Inc.*, 750 F. Supp. 2d 596, 611 (W.D.N.C. 2010) (excluding expert testimony regarding defendant's alleged willfulness) (*citing Fuji Photo Film Co. v. Jazz Photo Corp.*, 394 F.3d 1368, 1378 (Fed. Cir. 2005) (noting intent to induce infringement "is a factual determination particularly within the province of the trier of fact")).   There is no doubt that Apple intends to have Dr. Singh opine that Samsung had knowledge, as evidenced by its demonstrative PDX29.50.

PX49 has also not been admitted into evidence by a fact witness.   Dr. Singh has no personal knowledge of the document.   Thus, there is complete lack of foundation and this document is inadmissible under Fed. R. Evid. 402.   And simply because an expert relies on

---

[1]   Although PX49 was produced between the time when Dr. Singh's initial and rebuttal expert reports were due, Dr. Singh could have addressed it in his rebuttal report or a supplemental report.   Apple instead waited until trial, thereby depriving Samsung the opportunity to depose Dr. Singh on his opinions related to PX49.

1    materials does not itself make those materials admissible.   *Lear Auto. Dearborn, Inc. v. Johnson*

2    *Controls, Inc.*, 789 F. Supp. 2d 777, 785 (E.D. Mich. 2011)    (inadmissible "materials do not

3    become admissible merely because the expert actually relies on them") (attached as Patel Decl.,

4    Ex. B); *Amini Innovation Corp. v. Anthony California, Inc.*, 2006 U.S. Dist. LEXIS 100800 at *21

5    (C.D. Cal. Sept. 2006) (allowing expert to rely on inadmissible evidence but noting that it "will

6    not necessarily be received into evidence").

7              **2.      PDX29 Should not be Admitted Because It Contains Source Code Not
                         Discussed by Dr. Singh in his Expert Report and It Lacks Foundation**
8

9              Two pages of PDX 29, PDX29.12-13 contain source code that Dr. Singh never discussed

10   in connection with claim 8 of the '915 patent.    Dr. Singh did not discuss this code in the body of

11   his report, nor did he discuss it in claim 8 of his infringement claim chart (*id.* at Ex. 17)[2].    Thus,

12   these demonstrative slides are outside the scope of Dr. Singh's expert report.    Further, these

13   demonstratives lack foundation.    For these reasons, Samsung's objection to PDX 29 should be

14   sustained.

15         **B.      <u>Samsung's Responses to Objections to Cross Examination Exhibits</u>**

16              **1.      Samsung will Replace DX2557**

17              DX2557 is a video displaying a non-infringing "two-finger scrolling" behavior on joint

18   exhibits JX1037 and JX1038 which at all times, these joint exhibits have been in the possession of

19   Apple.    This two-finger scrolling behavior in no way violates the exclusion order because it is

20   part of the same source code upon which Apple relies for its own infringement theory, and in

21   addition, Samsung's expert, Dr. Gray, fully disclosed this behavior in his expert report on non-

22   infringement.    (Gray Rebuttal Rpt. ¶¶33, 37, 75, 187; Gray Supplemental Rebuttal Rpt. ¶¶2-4).

23   Indeed, Judge Grewal denied Apple's motion to strike Samsung's two-finger non-infringement

24   theory and ordered Mr. Gray to appear for two more hours of deposition regarding this

25   theory.    *See* Order on Motion to Strike at 3-4 (Docket No. 1144).

26   _____

27   [2]     He did discuss this code in claim 1, but claim 1 is no longer asserted, and Dr. Singh's
     discussion of claim 8 does not refer back to claim 1, thereby failing to give notice that Dr. Singh
     would rely on source code for his opinions on claim 8.    Indeed, the claim chart for claim 8

28   includes citations to other evidence Dr. Singh may rely on.

1    However, upon a careful review of the video, Samsung has discovered a subtle "blue

2    glow" that is displayed for less than one second. On Monday, August 6 at 7:44 pm, counsel for

3    Apple notified Samsung for the first time that JX1038 contains the excluded "blue glow" feature.

4    Declaration of Diane C. Hutnyan, ¶ 2, Exh. A.    Samsung immediately inspected this device and

5    discovered that under limited conditions, a subtle blue glow is apparent.

6    Samsung will replace DX2557 with a video showing the non-infringing "two-finger

7    scrolling" behavior on JX1037 and a replacement for JX1038 without "blue glow."    Samsung is

8    currently working with counsel for Apple to work on a resolution to this matter.    This

9    replacement video will moot Apple's objection.

10                    **2.        The Use of Dr. Singh's Deposition Transcript for Impeachment
                                 Purposes Does Not Violate any Motion in Limine and Is Proper**
11                    **Impeachment Evidence**

12   Apple argues that Samsung's use of Dr. Singh's October 25, 2011 ITC 796 deposition

13   transcript violates Samsung's Motions in Limine Nos. 1 and 4.    Samsung intends to use this

14   testimony for impeachment purposes only, and it is improper to exclude this testimony before

15   Samsung has had the opportunity to hear Dr. Singh's testimony, especially since Samsung

16   disclosed the patented use out of an abundance of caution.    Further, this was a claim construction

17   deposition in the ITC 796 investigation and is not one of the "*findings or rulings* in other

18   proceedings" excluded by Samsung's Motion in Limine No. 4 which was limited findings or

19   rulings that were irrelevant or might mislead or confuse the jury.    (Dkt. 1185 at 24).    Further,

20   the motion explicitly noted that it "[did] not seek to exclude evidence or attorney argument from

21   other proceeding to the extent it is relevant to the issues here, including from the related '796

22   Investigation Apple brought in the ITC."    (*Id.* n.4).    Finally, this testimony is not excluded by

23   Samsung's Motion in Limine No. 1 because that Motion was granted on a limited basis to

24   excluded specific evidence; none of these exclusions cover the use of Dr. Singh's deposition

25   transcript for impeachment.    (Dkt. 1267 at 3).

26

27

28

1    DATED: August 7, 2012              QUINN EMANUEL URQUHART &
                                        SULLIVAN, LLP
2
                                        By  /s/ Victoria F. Maroulis
3                                           Victoria F. Maroulis
                                            Attorneys for SAMSUNG ELECTRONICS
4                                           CO., LTD., SAMSUNG ELECTRONICS
                                            AMERICA, INC., and SAMSUNG
5                                           TELECOMMUNICATIONS AMERICA, LLC

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OBJECTIONS AND RESPONSES RE: EXHIBITS TO BE USED WITH KARAN SINGH