1  IRELL & MANELLA LLP
   Andrei Iancu (184973)
2  aiancu@irell.com
   Alan J. Heinrich (212782)
3  aheinrich@irell.com
   David A. Schwarz (159376)
4  dschwarz@irell.com
   Jonathan Lange (238056)
5  jlange@irell.com
   1800 Avenue of the Stars, Suite 900
6  Los Angeles, California 90067-4276
   Telephone:  (310) 277-1010
7  Facsimile:   (310) 203-7199

8  Attorneys for Nonparties
   Research In Motion Corporation and
9  Research In Motion Ltd.

10                      UNITED STATES DISTRICT COURT

11                     NORTHERN DISTRICT OF CALIFORNIA

12                              SAN JOSE DIVISION

13  APPLE INC., a California corporation,   )   Case No. 11-CV-01846-LHK
                                            )
14          Plaintiff,                      )   **NONPARTIES RESEARCH IN MOTION**
                                            )   **CORPORATION AND RESEARCH IN**
15      vs.                                 )   **MOTION LTD.'S OBJECTION TO THE**
                                            )   **JOINT STIPULATION AND [PROPOSED]**
16  SAMSUNG ELECTRONICS CO., LTD., a        )   **ORDER REGARDING A PROCEDURE**
    Korean corporation; SAMSUNG             )   **FOR REDUCING THE NUMBER OF**
17  ELECTRONICS AMERICA, INC., a New        )   **SEALING REQUESTS**
    York corporation; SAMSUNG               )
18  TELECOMMUNICATIONS AMERICA,             )
    LLC, a Delaware limited liability company, )
19                                          )
            Defendants.                     )
20  _____     )

21

22

23

24

25

26

27

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2684611

NONPARTIES RESEARCH IN MOTION CORPORATION AND RESEARCH IN MOTION LTD.'S
OBJECTION TO THE JOINT STIPULATION REGARDING SEALING

Nonparties Research In Motion Corporation and Research In Motion Ltd. (collectively, "RIM") respectfully submit this objection to the Joint Stipulation and [Proposed] Order Regarding a Procedure for Reducing the Number of Sealing Requests (Dkt. 1597) ("Stipulation") filed by Apple and Samsung on August 6, 2012. The Stipulation, if adopted by the Court, would substantially undermine the relief RIM and other nonparties have sought in order to protect their highly sensitive and trade secret information.

The Stipulation appears to allow public disclosure[1] of key business and financial terms of RIM's Patent License Agreement with Samsung ("Patent Agreement") under at least two circumstances, neither of which provides adequate protection to the information in question.

First, the Stipulation would permit disclosure as long as "neutral non-identifying designations (such as 'Party A')" are substituted for the names of the affected third parties in Trial Exhibit 630. Stipulation ¶ 5. RIM (as with all other nonparties) has already filed a redacted version of Trial Exhibit 630, identifying RIM, with the Court. Dkt. 1396-1. It would be simple for one of RIM's competitors to match the non-redacted portions of the exhibit filed by RIM with the information that would be supplied by Trial Exhibit 630 pursuant to the Stipulation, and thereby gain access to the very information that RIM (and all other nonparties) sought to protect. The terms common to both public disclosures – including the "Date Last Signed" and the production Bates numbers – could easily be matched up to identify RIM as the counterparty to the licensing information identified by the allegedly neutral moniker "Party A" in Trial Exhibit 630 pursuant to the Stipulation. Moreover, even if RIM had not filed a redacted version of the relevant portion of Trial Exhibit 630, the remaining information made public pursuant to the Stipulation

---

[1] Although the Stipulation recites that "[t]he parties will not oppose each other's efforts to seal the record," ¶ 5, neither party moved to seal what is indisputably highly confidential RIM information. Saying that neither party will oppose a motion to seal is of little comfort, given that Samsung has made no effort (as required under its agreement with RIM) to take all necessary and appropriate steps to protect RIM's information from disclosure. Instead, the Stipulation appears to contemplate that the procedures discussed herein may be used in lieu of sealing. In any event, the Stipulation does not require sealing any information and indeed expressly states that "[n]othing in this paragraph will limit a party's right to use information that is not under seal." *Id.* ¶ 5. The concerns stated in RIM's motion to seal, and establishing compelling reasons justifying sealing, are thus undiminished.

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

- 1 -

2684611

NONPARTIES RESEARCH IN MOTION CORPORATION AND RESEARCH IN MOTION LTD.'S
OBJECTION TO THE JOINT STIPULATION REGARDING SEALING

would be sufficient to identify RIM because of the timing, nature, and scope of the Patent Agreement.

Second, the Stipulation appears to discard even the appearance of protection for nonparties by allowing disclosure of the identity of third parties that are "the subject of testimony" at trial. *See* Stipulation ¶ 5 ("The parties will substitute neutral, non-identifying designations . . . ***to the extent such third parties will not be the subject of testimony***.") (emphasis added). Such an open-ended exception appears to swallow the rule, and the purported protections, created by the Stipulation. Under the Stipulation, any third party that is the "subject of testimony" would have all of its highly sensitive licensing information disclosed, without any confidentiality protections at all. Such a result is directly contrary to the authorities cited by RIM and the other affected third parties in their briefing. Under the Stipulation, the danger therefore remains that RIM's highly sensitive and trade secret information will be publicly disclosed.

RIM established through sworn declarations in prior filings that RIM would be substantially and irreparably harmed by such disclosure and compelling reasons justify sealing the information in question. *See* RIM's Administrative Motion to File Under Seal (Dkt. 1396); Declaration of Michael J. Crowley (Dkt. 1396-2); RIM's Supplemental Brief (Dkt. 1484); and the Supplemental Declaration of Michael J. Crowley (Dkt. 1484-1). The Stipulation fails to protect this information, contrary to law, and instead allows disclosure under at least two circumstances. The Stipulation should therefore be rejected, and RIM's motion to seal granted.

Dated: August 8, 2012

Respectfully submitted,

IRELL & MANELLA LLP


By:   /s/  *Jonathan Lange*
         Jonathan Lange

Attorneys for Nonparties
Research In Motion Corporation and
Research In Motion Ltd.

- 2 -

NONPARTIES RESEARCH IN MOTION CORPORATION AND RESEARCH IN MOTION LTD.'S
OBJECTION TO THE JOINT STIPULATION REGARDING SEALING

2684611