| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781) | WILLIAM F. LEE |
| hmcelhinny@mofo.com | william.lee@wilmerhale.com |
| MICHAEL A. JACOBS (CA SBN 111664) | WILMER CUTLER PICKERING |
| mjacobs@mofo.com | HALE AND DORR LLP |
| RACHEL KREVANS (CA SBN 116421) | 60 State Street |
| rkrevans@mofo.com | Boston, MA 02109 |
| JENNIFER LEE TAYLOR (CA SBN 161368) | Telephone: (617) 526-6000 |
| jtaylor@mofo.com | Facsimile: (617) 526-5000 |
| ALISON M. TUCHER (CA SBN 171363) | |
| atucher@mofo.com | |
| RICHARD S.J. HUNG (CA SBN 197425) | MARK D. SELWYN (SBN 244180) |
| rhung@mofo.com | mark.selwyn@wilmerhale.com |
| JASON R. BARTLETT (CA SBN 214530) | WILMER CUTLER PICKERING |
| jasonbartlett@mofo.com | HALE AND DORR LLP |
| MORRISON & FOERSTER LLP | 950 Page Mill Road |
| 425 Market Street | Palo Alto, California 94304 |
| San Francisco, California 94105-2482 | Telephone: (650) 858-6000 |
| Telephone: (415) 268-7000 | Facsimile: (650) 858-6100 |
| Facsimile: (415) 268-7522 | |

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No.   11-cv-01846-LHK (PSG)<br><br>**APPLE'S SUR-REPLY TO SAMSUNG'S MOTION FOR *DE NOVO* DETERMINATION OF DISPOSITIVE MATTER REFERRED TO MAGISTRATE JUDGE, IN THE ALTERNATIVE, MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE** |

Samsung has wisely abandoned its original argument for *de novo* review, as Judge Grewal's Order is plainly not a "dispositive motion." (*See* Dkt. No. 1392 (Mot.) at 2.) But equally unavailing is Samsung's new theory that Judge Grewal lacks inherent power to impose sanctions because he is not an Article III judge. (*See* Dkt. No. 1579 (Reply) at 7.) This theory relies on a clear misreading of Ninth Circuit law and on an unpublished Fourth Circuit case that is distinguishable on its facts. Judge Grewal's Order is reviewable only for clear error, and he made none.[1]

Samsung's lead case for the proposition that Judge Grewal lacks inherent power to impose sanctions is *Rainbow Magazine, Inc. v. Unified Capital Corp.*, 77 F.3d 278 (9th Cir. 1996). But *Rainbow Magazine* held that Article I bankruptcy court judges *do* have inherent power to issue sanctions. *Id.* at 284. There, the Ninth Circuit relied on *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991), which "recognizes that courts created by Congress have inherent powers, unless Congress intentionally restricts those powers," *Rainbow Magazine*, 77 F.3d at 284. "[A]bsent congressional restriction, inherent powers exist within a court as part of the nature of the institution," *Rainbow Magazine*, 77 F.3d at 285.

Section 636 of the Federal Magistrates Act confers a magistrate judge's powers. 28 U.S.C. § 636. Nothing in Section 636 "abrogate[s] or restrict[s] the inherent power to sanction." *Rainbow Magazine*, 77 F.3d at 285. Consistent with magistrate judges' retention of inherent power, the portion of Section 636 that concerns magistrate judges' civil contempt authority provides that the section "shall not be construed to limit the authority of a magistrate judge to order sanctions under any other statute, the Federal Rules of Civil Procedure, or the Federal Rules of Criminal Procedure." 28 U.S.C. § 636(e)(4). As in *Rainbow Magazine*, Section 636(e)(4) "impliedly recognize[s] that [magistrate judges] have the inherent power to

---

[1] Although this Sur-Reply addresses only the standard of review, Apple disagrees with many other statements in Samsung's Reply, including any suggestion that Apple's August 2010 presentation to Samsung was limited to utility patents or that Samsung's litigation-hold notice in August went only to lower-level engineers. (*See, e.g.*, PX52 (August 2010 presentation); Dkt. No. 128 (Lutton Decl., filed under seal) ¶¶ 2-4; Dkt. No. 1047-2 (Reply) at 4 and Dkt. No. 895-1 (Mot.) at 4-5 (Samsung repeatedly represents that August litigation-hold notice went to lead designer Minhyouk Lee and apex witness Won Pyo Hong).)

sanction that *Chambers* recognized exists within Article III courts." *Rainbow Magazine*, 77 F.3d at 284.

Samsung relies on *National Labor Relations Board v. A-Plus Roofing, Inc.* for the proposition that "federal magistrates are creatures of statute, and so is their jurisdiction," 39 F.3d 1410, 1415 (9th Cir. 1994) (Dkt. No. 1579 at 2). But that principle does not limit the inherent power to sanction. Even as to courts "created by act of Congress, . . . we do not lightly assume that Congress has intended to depart from established principles such as the scope of a court's inherent power." *Chambers*, 501 U.S. at 47 (citation omitted). Moreover, *A-Plus Roofing* did not address a magistrate judge's power to issue sanctions in *civil* actions; it addressed whether a magistrate judge has authority to initiate and preside over *criminal* contempt proceedings. *National Labor*, 39 F.3d at 1415-1417.

Finally, Samsung relies heavily on *Reddick v. White*, an unreported per curiam decision from the Fourth Circuit holding that a magistrate judge's order denying sanctions against a non-party was subject to *de novo* review. 456 F. App'x 191 (4th Cir. 2011). That decision is readily distinguishable, as the magistrate judge's order was "dispositive" of the only claim against the non-party, an individual who had made threatening statements against one of the lawyers while the litigation was pending. *Id*. at 193. The underlying litigation settled before the magistrate judge's order issued. *Id*. Here, Judge Grewal's order granting an adverse inference instruction issued against a *party*, before conclusion of this case, consistent with a proper exercise of his inherent power to issue sanctions. *Reddick* is thus inapposite.

Accordingly, *de novo* review is neither necessary nor permitted. The Court should review for clear error, and Judge Grewal's order granting an adverse inference jury instruction for Samsung's spoliation of evidence should be affirmed.

APPLE'S SUR-REPLY TO MOT. FOR DE NOVO DETERMIN./MOT. FOR RELIEF FROM NON-DISPOSITIVE ORDER BY MAG.
CASE NO. 11-CV-01846-LHK (PSG)
sf-3180402

2

| | | |
|---|---|---|
| 1 | Dated: August 8, 2012 | MORRISON & FOERSTER LLP |
| 3 | | By:   */s/ Michael A. Jacobs* |
| | |       Michael A. Jacobs |
| | | Attorneys for Plaintiff |
| | | APPLE INC. |

APPLE'S SUR-REPLY TO MOT. FOR DE NOVO DETERMIN./MOT. FOR RELIEF FROM NON-DISPOSITIVE ORDER BY MAG.
CASE NO. 11-CV-01846-LHK (PSG)
sf-3180402

3