MICHAEL B. LEVIN (SBN: 172329)
mlevin@wsgr.com
DYLAN J. LIDDIARD (SBN: 203055)
dliddiard@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone:  (650) 493-9300
Facsimile:   (650) 565-5100

Attorneys for Non-Parties
INTERDIGITAL TECHNOLOGY
CORPORATION and
INTERDIGITAL COMMUNICATIONS LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California Corporation, | CASE NO.:  11-CV-01846-LHK |
| Plaintiff, | **INTERDIGITAL'S JOINDER IN THIRD PARTY REPLIES TO REUTERS' SUPPLEMENTAL OPPOSITION TO THIRD PARTY MOTIONS TO SEAL** |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendants. | |

1    Non-parties InterDigital Technology Corporation and InterDigital Communications, LLC (collectively, "InterDigital") join in the replies filed by Motorola (Dkt. No. 1594) and Nokia (Dkt. No. 1609) in connection with Reuters America LLC's Opposition to Motions to Seal Trial and Pretrial Evidence (Dkt. No. 1556).

Specifically, InterDigital respectfully submits that, as already noted in Motorola's and Nokia's replies, Reuters' opposition is misplaced because: (1) it is contrary to the law of the Ninth Circuit and the overwhelming majority of courts; (2) it improperly lumps together arguments against Samsung's, Apple's and all the third parties' motions to seal in a single opposition that fails to address on an individualized basis whether each of the third parties' requests to seal meets the compelling reasons standard; (3) it illogically argues that the inadvertent disclosure of IBM's and Qualcomm's agreements with Samsung and a court-ordered "exacting and even-handed" disclosure of confidential terms of the third parties' licenses (the practical possibility of which is highly questionable) somehow moots the third parties' competitive harm concerns; and (4) it relies on declarants that do not purport to know or address facts particular to of each of the third parties that were thrust into this litigation (Dkt. No. 1556-4). If anything, the Reuters declarants confirm that licensing terms are trade secrets when they state that they "recognize and respect the value of confidentiality with respect to licensing data." *Id.* ¶ 7.

In addition, InterDigital emphasizes that its motion to seal and its proposed redactions of licensing terms are narrowly tailored to protect only competitively sensitive business information. Because Reuters failed to refute nonparty InterDigital's showing of compelling reasons for sealing its confidential licensing terms, InterDigital respectfully requests that the Court grant InterDigital's motion to seal.

Dated: August 8, 2012    Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: /s/ Michael B. Levin
    Michael B. Levin

Attorneys for Non-Parties
INTERDIGITAL TECHNOLOGY
CORPORATION and
INTERDIGITAL COMMUNICATIONS, LLC

-3-

INTERDIGITAL'S JOINDER IN THIRD PARTY REPLIES
CASE NO. 11-CV-01846-LHK

**ATTESTATION OF E-FILED SIGNATURE**

I, Corina I. Cacovean, am the ECF User whose ID and password are being used to file this Motion. In compliance with General Order 45, X.B., I hereby attest that Michael B. Levin has concurred in this filing.

Dated: August 8, 2012

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

   /s/ Corina I. Cacovean
      Corina I. Cacovean

Attorneys for Non-Parties
INTERDIGITAL TECHNOLOGY CORPORATION and
INTERDIGITAL COMMUNICATIONS, LLC