MCKOOL SMITH HENNIGAN, P.C.
Courtland L. Reichman (SBN 268873)
creichman@mckoolsmith.com
303 Twin Dolphin Drive, 6th Floor
Redwood Shores, CA  94065
Tel.:  650-394-1400
Fax:  650-551-9901

*Attorneys for Non-Party Telefonaktiebolaget LM Ericsson*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 5:11-CV-01846-LHK<br><br>**DECLARATION OF COURTLAND L. REICHMAN IN SUPPORT OF NON-PARTY TELEFONAKTIEBOLAGET LM ERICSSON'S MOTION FOR LEAVE TO FILE REPLY TO THIRD- PARTY INTERVENOR REUTERS AMERICA LLC'S OPPOSITION TO MOTION TO SEAL TRIAL AND PRETRIAL EVIDENCE** |

I, Courtland L. Reichman, declare and state:

1. I am an attorney at law admitted to practice before this Court and the courts of the State of California, and am a shareholder in the law firm of McKool Smith Hennigan, P.C., counsel for non-party Telefonaktiebolaget LM Ericsson ("Ericsson"). I submit this declaration in support of "Non-Party Telefonaktiebolaget LM Ericsson's Motion for Leave to File Reply to Third-Party Intervenor Reuters America LLC's Opposition to Motion to Seal Trial and Pretrial Evidence." I have personal knowledge of the matters set forth herein, and if called as a witness, I could and would competently testify thereto.

2. Attached hereto as Exhibit A is "Non-Party Telefonaktiebolaget LM Ericsson's Reply to Third-Party Intervenor Reuters America LLC's ("Reuters") Opposition to Motion to Seal Trial and Pretrial Evidence."

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 8th day of August, 2012, in Redwood Shores, California.

*/s/Courtland L. Reichman*
Courtland L. Reichman

# PROOF OF SERVICE

I am employed in the County of San Mateo, State of California. I am over the age of 18 years and not a party to the within action; my business address is 303 Twin Dolphin Drive, Suite 600, Redwood Shores, California 94065.

On August 8, 2012, all counsel of record who are registered ECF users are being served with a copy of the foregoing document described as **DECLARATION OF COURTLAND L. REICHMAN IN SUPPORT OF NON-PARTY TELEFONAKTIEBOLAGET LM ERICSSON'S MOTION FOR LEAVE TO FILE REPLY TO THIRD- PARTY INTERVENOR REUTERS AMERICA LLC'S OPPOSITION TO MOTION TO SEAL TRIAL AND PRETRIAL EVIDENCE** via the Electronic Case Filing Program of the United States District Court for the Northern District of California per Local Rule 5-3.3.

Executed on August 8, 2012, at Redwood Shores, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

*/s/ Janet Wasson*
Janet Wasson

Case No. 5:11-CV-01846-LHK    DECLARATION OF COURTLAND L. REICHMAN IN SUPPORT OF NON-PARTY TELEFONAKTIEBOLAGET LM ERICSSON'S MOTION FOR LEAVE TO FILE REPLY TO THIRD-PARTY INTERVENOR REUTERS AMERICA LLC'S OPPOSITION TO MOTION TO SEAL TRIAL AND PRETRIAL EVIDENCE

McKool 549446v1

# EXHIBIT A

1  MCKOOL SMITH HENNIGAN, P.C.
   Courtland L. Reichman (SBN 268873)
2  creichman@mckoolsmith.com
   303 Twin Dolphin Drive, 6th Floor
3  Redwood Shores, CA  94065
   Tel.:  650-394-1400
4  Fax:  650-551-9901

5  *Attorneys for Non-Party*
   *Telefonaktiebolaget*
6  *LM Ericsson*

7

8                      UNITED STATES DISTRICT COURT

9                     NORTHERN DISTRICT OF CALIFORNIA

10                            SAN JOSE DIVISION

11  APPLE, INC., a California Corporation,    )   Case No. 5:11-CV-01846-LHK
                                              )
12               Plaintiff,                   )
                                              )
13         vs.                                )   **NON-PARTY TELEFONAKTIEBOLAGET**
                                              )   **LM ERICSSON'S REPLY TO THIRD-**
14  SAMSUNG ELECTRONICS CO., LTD.,            )   **PARTY INTERVENOR REUTERS**
    a Korean corporation; SAMSUNG             )   **AMERICA LLC'S OPPOSITION TO**
15  ELECTRONICS AMERICA, INC., a              )   **MOTION TO SEAL TRIAL AND PRETRIAL**
    New York corporation; SAMSUNG             )   **EVIDENCE**
16  TELECOMMUNICATIONS AMERICA,               )
    LLC, a Delaware limited liability         )
17  company,                                  )
                                              )
18               Defendants.                  )
                                              )
19

Non-Party Telefonaktiebolaget LM Ericsson ("Ericsson") replies to Third-Party Intervenor Reuters America LLC's ("Reuters") Opposition to Motion to Seal Trial and Pretrial Evidence (Doc. No. 1556).

Ericsson and the other movants will be competitively harmed by the disclosure of their sensitive license terms. Reuters argues that the competitive harm will be minimized if everyone's license terms are disclosed.[1] See Response at 18. The assumption underlying Reuters' argument is incorrect. "Everyone" will not be equally affected by an "across-the-board" disclosure. Many of the parties with whom Ericsson negotiates or has licenses, or may negotiate or have licenses in the future, do not have license information contained in the proposed Trial Exhibits and, therefore, will not have license information disclosed. Ericsson will be at a competitive disadvantage in dealing with parties that are not before this Court and with nothing at stake in these proceedings.[2]

Similarly, Reuters' claim that disclosure will lead to market efficiency and allow for better scholarship is misplaced.[3] See Response at 19-20. Again, not all license terms are before this Court. The release of only certain license terms from a limited set of licenses will not improve market efficiency nor provide for better or more accurate scholarship.[4]

In addition, Reuters' claim that disclosure is necessary for courts to better determine damages in patent cases in misplaced. In this case as in most cases, the damage experts of the

---

[1] Reuter's admits that even if all of the license information is disclosed "across-the-board" the movants will be competitively harmed. See Response at 18. They argue that it will not be as much. Reuters does not attempt to quantify this lesser harm nor does it show how such a position is consistent with *Nixon v. Warner Communications*, and the other cases cited in Ericsson's motion at notes 4-9.

[2] Reuters accuses the movants of failing to address the elephant in the room: the disclosure by IBM and Qualcomm of the information they seek to redact. See Response at 19. Neither Ericsson nor its counsel received that information. Even if Ericsson's counsel had received the IBM or Qualcomm information, it would not have disclosed that information to Ericsson consistent with the protections in place in this case. Moreover, the independent actions of IBM, Qualcomm, and Reuters should not somehow act as a waiver of Ericsson's confidential information and trade secrets.

[3] The professors' interest in more information does not create an overriding public interest. In fact, the professors, themselves, "recognize and respect the value of confidentiality with respect to license data."

[4] Ericsson and its licensing counterparts are rational actors, rational competitors. If the disclosure of license terms made the market more efficient, they would have done so. Moreover, contrary to Reuters' implication, the non-disclosure of license terms is not an anomaly in the business world. Ericsson and its competitors also do not disclose the terms of their major business contracts with suppliers or customers.

1
Case No. 5:11-CV-01846-LHK        NON-PARTY TELEFONAKTIEBOLAGET LM ERICSSON'S REPLY TO
THIRD-PARTY INTERVENOR REUTERS AMERICA LLC'S OPPOSITION
TO MOTION TO SEAL TRIAL AND PRETRIAL EVIDENCE
McKool 548747v1

1  parties have licensing information available to them.  Each side is able to test the conclusion of the
2  other side based on this information through the expert reports, depositions, and various motions.
3  To the extent the parties believe necessary or appropriate, the courts, too, have access to this
4  information through the motions and related exhibits filed with them.  At the same time, typical
5  protective orders ensure non-parties that their sensitive business information and trade secrets will
6  be kept confidential and not disclosed to the parties or the public.  This protection of confidential
7  information actually allows parties and courts to have the information they need to determine
8  damages.

9  Finally, Reuters fails to address, let alone refute, the evidence presented by Ericsson in
10  support of its Motion to Seal.

11  Ericsson respectfully requests that the Court grant the relief it seeks in its Motion to Seal.

13  DATED:  August 8, 2012                                      Respectively Submitted,

14                                                              By: */s/ Courtland L. Reichman*
                                                                    Courtland L. Reichman
15                                                                  McKool Smith Hennigan, P.C.
                                                                    303 Twin Dolphin Drive, 6th Fl
16                                                                  Redwood Shores, CA 94065

17                                                                  *Attorneys for Non-Party*
                                                                    *Telefonaktiebolaget LM Ericsson*

2

Case No. 5:11-CV-01846-LHK                      NON-PARTY TELEFONAKTIEBOLAGET LM ERICSSON'S REPLY TO
                                                THIRD-PARTY INTERVENOR REUTERS AMERICA LLC'S OPPOSITION
                                                TO MOTION TO SEAL TRIAL AND PRETRIAL EVIDENCE
                                                McKool 548747v1

# PROOF OF SERVICE

I am employed in the County of San Mateo, State of California.  I am over the age of 18 years and not a party to the within action; my business address is 303 Twin Dolphin Drive, Suite 600, Redwood Shores, California  94065.

On August 8, 2012, all counsel of record who are registered ECF users are being served with a copy of the foregoing document described as **NON-PARTY TELEFONAKTIEBOLAGET LM ERICSSON'S REPLY TO THIRD- PARTY  INTERVENOR REUTERS AMERICA LLC'S OPPOSITION TO MOTION TO SEAL TRIAL AND PRETRIAL EVIDENCE** via the Electronic Case Filing Program of the United States District Court for the Northern District of California per Local Rule 5-3.3.

Executed on August 8, 2012, at Redwood Shores, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

*/s/ Janet Wasson*
Janet Wasson

Case No. 5:11-CV-01846-LHK

NON-PARTY TELEFONAKTIEBOLAGET LM ERICSSON'S REPLY TO THIRD-PARTY INTERVENOR REUTERS AMERICA LLC'S OPPOSITION TO MOTION TO SEAL TRIAL AND PRETRIAL EVIDENCE
McKool 548747v1