DAVID S. BLOCH (SBN: 184530)
dbloch@winston.com
JENNIFER A. GOLINVEAUX (SBN: 203056)
jgolinveaux@winston.com
MARCUS T. HALL (SBN: 206495)
mthall@winston.com
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA  94111-5894
Telephone:     (415) 591-1000
Facsimile:      (415) 591-1400

PETER J. CHASSMAN (admitted *pro hac vice*)
pchassman@winston.com
WINSTON & STRAWN LLP
1111 Louisiana St., 25th Floor
Houston, TX  77002-5242
Telephone:     (713) 651-2623
Facsimile:      (713) 651-2700

Attorneys for Non-Party,
MOTOROLA MOBILITY LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California Corporation,<br><br>  Plaintiff,<br><br>  v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>  Defendants. | CASE NO.:  11-CV-01846-LHK<br><br>**NONPARTY MOTOROLA MOBILITY LLC'S OBJECTION TO THE JOINT STIPULATION AND [PROPOSED] ORDER REGARDING A PROCEDURE FOR REDUCING THE NUMBER OF SEALING REQUESTS**<br><br>Date: Expedited Request<br>Courtroom: 8, 4th Floor<br>Judge: Hon. Lucy H. Koh |

1	Nonparty Motorola Mobility LLC ("Motorola") submits this objection to the Joint
2	Stipulation and [Proposed] Order Regarding a Procedure for Reducing the Number of Sealing
3	Requests (Dkt. 1597) ("Stipulation") filed by parties Apple and Samsung. As set forth in
4	nonparties' Research in Motion Corp. and Research in Motion Ltd.'s ("RIM's") objection to the
5	Stipulation (Dkt. 1613), the Stipulation, if adopted by the Court, would substantially undermine
6	the relief that Motorola and other nonparties have sought in order to protect their highly sensitive
7	and trade secret information.

8	Specifically, the Stipulation appears to allow public disclosure of the key business and
9	financial terms of Motorola's licenses with Samsung if the parties "substitute neutral, non-
10	identifying designations (such as 'Party A') for all third parties identified in such licensing
11	agreements, summaries or charts to the extent such third parties will not be the subject of
12	testimony." Stipulation, ¶ 5. Like RIM and the other nonparties, Motorola has already filed
13	public redacted versions of the information contained in the Trial Exhibits referenced in
14	paragraph 5 of the Stipulation. Specifically, Motorola has filed public redacted versions of the
15	information contained in Trial Exhibits 77, 82, and 630, which identify Motorola as the licensor,
16	and a public redacted version of Trial Exhibit 631 with certain fields left unredacted. If these
17	Trial Exhibits are publicly disclosed pursuant to the Stipulation, with non-identifying
18	designations substituted for Motorola's name, it would be trivial for members of the public,
19	including Motorola's competitors, to compare the redacted versions filed by Motorola with the
20	redacted versions disclosed pursuant to the Stipulation, and gain access to the very information
21	that Motorola, and the other non-parties, seeks to protect—information that the Court has
22	indicated merits protection under controlling Ninth Circuit law. The terms common to both
23	public disclosures could easily be matched to identify Motorola as the counterparty to the
24	licensing information.

25	In addition, as explained by RIM in its opposition, any third party that is the "subject of
26	testimony" would appear to receive no protections whatsoever pursuant to the Stipulation.
27	Stipulation, ¶ 5 (emphasis added) ("The parties will substitute neutral, non-identifying
28	designations . . . <u>to the extent such third parties will not be the subject of testimony</u>."). For this

1  additional reason, the Stipulation is contrary to the authority cited by Motorola and the other
2  third parties in their motions to seal briefing.

3  Although the Stipulation states that the "parties will not oppose each other's efforts to
4  seal the record," Stipulation, ¶ 5, this provides no protection for Motorola's highly confidential
5  information at issue, because neither party has moved to seal this information.

6  For these reasons, the Stipulation fails to adequately protect Motorola's highly
7  confidential trade secret information. Accordingly, Paragraph 5 of the Stipulation should be
8  rejected and Motorola's Motion to Seal should be granted.

11  Dated:  August 8, 2012                              WINSTON & STRAWN LLP

13                                                     By:   /s/ Jennifer A. Golinveaux
                                                             David S. Bloch
14                                                           Jennifer A. Golinveaux
                                                             Marcus T. Hall
15                                                           Peter J. Chassman (admitted *pro hac vice*)
                                                             Attorneys for Non-Party,
16                                                           MOTOROLA MOBILITY LLC

19  SF:338227.1