| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781) hmcelhinny@mofo.com | WILLIAM F. LEE william.lee@wilmerhale.com |
| MICHAEL A. JACOBS (CA SBN 111664) mjacobs@mofo.com | WILMER CUTLER PICKERING HALE AND DORR LLP |
| RACHEL KREVANS (CA SBN 116421) rkrevans@mofo.com | 60 State Street Boston, MA 02109 |
| JENNIFER LEE TAYLOR (CA SBN 161368) jtaylor@mofo.com | Telephone: (617) 526-6000 Facsimile: (617) 526-5000 |
| ALISON M. TUCHER (CA SBN 171363) atucher@mofo.com | MARK D. SELWYN (SBN 244180) mark.selwyn@wilmerhale.com |
| RICHARD S.J. HUNG (CA SBN 197425) rhung@mofo.com | WILMER CUTLER PICKERING HALE AND DORR LLP |
| JASON R. BARTLETT (CA SBN 214530) jasonbartlett@mofo.com | 950 Page Mill Road Palo Alto, California 94304 |
| MORRISON & FOERSTER LLP 425 Market Street San Francisco, California 94105-2482 Telephone: (415) 268-7000 Facsimile: (415) 268-7522 | Telephone: (650) 858-6000 Facsimile: (650) 858-6100 |

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, Plaintiff, v. SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, Defendants. | Case No. 11-cv-01846-LHK **APPLE INC.'S OBJECTIONS AND RESPONSES TO OBJECTIONS REGARDING PROPOSED EXAMINATION MATERIALS FOR BORIS TEKSLER** **Trial:** August 10, 2012 **Time:** 9:00 a.m. **Place:** Courtroom 1, 5th Floor **Judge:** Hon. Lucy H. Koh |

**I.   APPLE'S OBJECTIONS TO SAMSUNG'S PROPOSED CROSS-EXAMINATION MATERIALS FOR BORIS TEKSLER**

**A.   PX51/DX586 (same document)**

PX51 is a settlement proposal Apple made to Samsung in October 2010, two months after Judge Grewal found that Apple provided "Samsung with a comprehensive summary of its specific patent infringement claims against specific Samsung products," and over a month after Samsung concluded "*there is a reasonable likelihood of future patent litigation between Samsung and Apple unless a business resolution can be reached.*"  (Dkt. No. 1321 at 16 (emphasis in original).)  As explained below, PX51 is inadmissible under Federal Rules of Evidence 408 and 403.  Apple withdraws PX51 from its own exhibit list.

**1.   Objection 1:  FRE 408**

PX51 is inadmissible under Federal Rule of Evidence 408.  PX51 states it was provided for "Business Settlement Purposes Only," and provided under "Rule 408 of Federal Rules of Evidence, Without Prejudice."  It refers to specific payment amounts and terms for a proposed settlement. (PX51 at 12-13, 15-18.)  The jury may improperly use PX51 as evidence of the existence of liability or the amount of damages, which is precisely what Rule 408 prohibits.  *See, e.g., Cornell University v. Hewlett-Packard Co.,* 2008 WL 2223122, *1 (N.D.N.Y. 2008) (excluding evidence of patentee's license offers to Hewlett-Packard and Intel under Rules 408 and 402) (Federal Circuit Judge Rader, sitting by designation).  Moreover, unlike with PX52 (discussed below), which Apple offers to establish when it gave notice to Samsung of Apple's infringement claims, Samsung cannot identify any proper justification for admitting PX51.

**2.   Objection 2:  FRE 403**

For these same reasons, PX51 is also inadmissible under Federal Rule of Evidence 403, because its "probative value is substantially outweighed by a danger of one or more of the following:  unfair prejudice, confusing the issues, [and] misleading the jury . . ."  *See, e.g., LadaTech, LLC v. Illumina, Inc*., 2012 WL 1188266, *1 (D. Del., 2012) (excluding failed license negotiations under Rule 403).

## II. SAMSUNG'S OBJECTIONS TO APPLE'S PROPOSED DIRECT-EXAMINATION MATERIALS FOR BORIS TEKSLER

### A. Testimony from Boris Teksler Concerning the August 4, 2010 Meeting between Apple and Samsung

Apple does not intend to elicit testimony from Mr. Teksler as to anything that was said at the August 4, 2010 meeting between Apple and Samsung, beyond the fact that at that meeting Apple presented PX52, a PowerPoint presentation giving Samsung notice of its infringement of Apple patents and trade dress.  Mr. Teksler has personal knowledge of this:  he helped prepare PX52 in anticipation of the meeting, and he participated in subsequent meetings with Samsung in which the parties cross-referenced the earlier presentation of PX52.  Samsung is free to cross-examine Mr. Teksler as to the limits of his personal knowledge, but this goes to the weight of the evidence, not its admissibility.

#### 1. Objection 1:  FRE 602

As noted above, Apple will only inquire into matters within Mr. Teksler's personal knowledge.  Samsung's Rule 602 objection is thus unfounded.

#### 2. Objection 2:  FRE 802

As noted above, Apple will not inquire into anything that was said at the August 4, 2010 meeting, beyond the fact that PX52 was presented—a fact that is within Mr. Teksler's personal knowledge based on his preparation of PX52 and his participation in subsequent discussions with Samsung personnel in which PX52 was discussed.

### B. PX52

#### 1. Objections 1 and 2:  FRE 602 and 802

Samsung's Rule 602 and Rule 802 objections to PX52 fail for the same reasons set out above.  Mr. Teksler helped create PX52 and has personal knowledge, based on discussions with Samsung personnel, that it was delivered to Samsung.  Further, the presentation is relevant, among other reasons, for the non-hearsay purpose of establishing that Apple put Samsung on notice of Apple's patent infringement, trade dress, and copying claims no later than August 4, 2010.

Dated: August 8, 2012

WILMER CUTLER PICKERING
HALE AND DORR LLP

By:  /s/ *Mark D. Selwyn*
         Mark D. Selwyn

Attorneys for Plaintiff
APPLE INC.