QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>　　　　Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S OBJECTIONS AND RESPONSES REGARDING EXHIBITS TO BE USED WITH BORIS TEKSLER** |

1  Samsung hereby submits objections to Apple's direct examination exhibits for Boris
2  Teksler and responses to Apple's objections regarding cross examination exhibits for Mr. Teksler.
3  **I.     BORIS TEKSLER**
4        **A.     Samsung's Objections to Direct Examination Topics and Exhibits**
5              **1.     Samsung's Objection to Testimony About the August 4, 2010 Meeting
6                    Between Apple and Samsung**
7  Apple proffers Mr. Teksler to testify regarding the August 4, 2010 meeting in order to
8  provide alleged evidence of "the beginning of the Apple-Samsung dispute, including when
9  Samsung was given notice of Apple's patents and trade dress."   However, Mr. Teksler testified
10 repeatedly in deposition that he was not ███████████████████████████████████████
11 ███████████████  *See, e.g.*, Hutnyan Decl., Ex. A (Teksler Depo., dated March 16, 2012 at
12 11:6-8 ██████████████████████████████████████████████████████████████████
13 ██████████████████████████  Because he was not ██████████  Mr. Teskler testified that
14 he could not ████████████████████████████████████████████████████████████████
15 ██████████████████████████████████  Hutnyan Decl., Ex. A (Teksler Depo.,
16 dated March 16, 2012 at 13:2-10 ████████████████████████████████████████████
17 ██████████████████████████████████████████████████████████████████████████
18 ██████████████████████████████████████████████████████████████████████████
19 ██████████████████████████████████████████████████████████████████████████
20 ██████████████████████████████████████████████████████████████████████████
21 ████████████████████████████████████████████  Under *FRE* 602 and *FRE* 802,
22 he should not be allowed to testify to the jury about either what was said ***or shown*** to Samsung at
23 this meeting.
24        While Mr. Teksler previously testified regarding ██████████████████████
25 ██ when he was designated as Apple's 30(b)(6) deponent, Apple's designation of Mr. Teksler
26 as a 30(b)(6) deponent does not allow him to testify regarding events of which he has no personal
27 knowledge.   Samsung, as the adverse party, may offer Mr. Tekler's testimony in his capacity as a
28

corporate designee, but Apple cannot.   *Union Pump Co. v. Centrifugal Technology, Inc.*, 404 F. App'x 899, 907-908 (5th Cir. 2010).   As the Fifth Circuit explained in *Union Pump*:

> [FRE 602] limits the scope of a witness's testimony to matters that are within his or her personal knowledge. Union Pump argues that Bixler was permitted to testify to matters that, although they were not within his own personal knowledge, were within the knowledge of the corporation because Bixler was designated as Union Pump's corporate representative. We disagree. [FRCP] 30(b)(6) allows corporate representatives to testify to matters within the corporation's knowledge during deposition, and Rule 32(a)(3) permits an *adverse* party to use that deposition testimony during trial. . . .. However, a corporate representative may not testify to matters outside his own personal knowledge "**to the extent that information [ is] hearsay not falling within one of the authorized exceptions**."

*Id.* (citations omitted) (emphasis in original);   *see also Cincinnati Insurance Co. v. Gray*, 2010 WL 3522954 *7 (S.D. Ind.) ("hearsay is not admissible at **trial** just because it was provided by a witness speaking for the company at a Rule 30(b)(6) deposition") (emphasis in original).

### 2. Samsung's Objection to PX-52

PX-52 is the PowerPoint presentation that Apple prepared for the August 4 meeting.   Mr. Teksler has no personal knowledge relating the only non-hearsay purpose for which PX-52 is proffered—Samsung's notice of Apple's infringement allegations.   Indeed, Mr. Teksler has no personal knowledge of what slides were, or were not, shown at the meeting or what was said in connection with whichever slides were shown.   Without admissible testimony establishing that each slide was shown to Samsung – testimony Mr. Teksler cannot give -- Apple cannot establish that the presentation put Samsung on notice of the alleged infringement.   Because notice is the only possible nonhearsay purpose for PX-52, it is inadmissible hearsay under *FRE* 802.   Mr. Teksler should also be prohibited from testifying about the presentation PX-52 by *FRE* 602.

### B. Samsung's Responses to Cross Examination Exhibits

While seeking to introduce PX-52, a pre-litigation Apple presentation bearing a legend stating that it is protected under *FRE* 408, Apple seeks to exclude PX-51, its own exhibit and another of its own pre-litigation presentations.   There is no basis for introducing one of these presentations to support Apple's affirmative case, while excluding the other, which Apple has suddenly decided is unfavorable.

1  Apple objects to this exhibit pursuant to *FRE* 408, which prohibits the introduction of
2  evidence for the purpose of proving or disproving the amount of a "disputed claim."  Apple's
3  objection fails for two reasons.
4  First, there was no litigation then and thus no disputed claim.  *See, e.g.*, *SanDisk Corp. v.*
5  *STMicroelectronics, Inc.*, 480 F.3d 1372, 1375 n.1 (holding that the patentee's "presentation was
6  made outside the context of litigation, and there is nothing on the record to indicate that it could be
7  properly considered an 'offer' to settle a claim which was then in dispute"); *Ecrix Corp. v.*
8  *Exabyte Corp.*, 191 F.R.D. 611, 615 (D. Colo. 2000) (noting that "evidence of negotiations
9  entered into before a patent infringement claim was filed was admissible but evidence of
10  negotiations after the claim was filed was inadmissible").  Indeed, in opposing Samsung's motion
11  regarding spoliation, Apple asserts that only after Spring 2011 could it anticipate that there would
12  be litigation between the parties.  Dkt. 1591 at 9-10.
13  Apple's objection should also be overruled because under *FRE* 408 evidence regarding
14  offers or conduct during compromise negotiation of a disputed claim can be admitted purposes
15  other than proving the validity or amount of the claim.  Samsung will introduce PX-51 to refute
16  Apple's contention that it gave Samsung notice of Apple's design patents.  This is a well-
17  recognized exception to *FRE* 408.  *FRE* 408, Advisory Notes ("The amendment does not affect
18  the case law providing that Rule 408 is inapplicable when evidence of the compromise is offered
19  to prove notice.")  Accordingly, at a minimum, PX-51 is admissible for this purpose.  Apple's
20  objection to PX-51 pursuant to *FRE* 403 should likewise be rejected.  As *FRE* 408 specifically
21  permits the introduction of settlement negotiations for purposes other than those excluded by the
22  rule, the mere fact that the exhibit includes information about settlement discussions is not
23  grounds for exclusion.
24
25
26
27
28

| | | |
|---|---|---|
| 1 | DATED: August 8, 2012 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| 2 | | |
| 3 | | By  */s/ Victoria F. Maroulis* |
| 4 | | Victoria F. Maroulis<br>Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC |