QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S OBJECTIONS AND RESPONSES REGARDING (1) EXHIBITS TO BE USED WITH JOHN HAUSER, TERRY MUSIKA AND EDWARD SITTLER, AND (2) DESIGNATED DEPOSITION TESTIMONY OF TIM BENNER, DONG HOON CHANG, AND JUN WON LEE** |

A02198.51855/4899110.1

Case No. 11-cv-01846-LHK
OBJECTIONS AND RESPONSES RE: EXHIBITS FOR HAUSER, MUSIKA AND SITTLER AND DESIGNATED DEPOSITION TESTIMONY OF BENNER. CHANG AND LEE

Samsung hereby submits objections and responses regarding (1) exhibits to be used in direct and cross examination of John Hauser, Terry Musika and Edward Sittler, and (2) deposition designations and counter designations for Tim Benner, Dong Hoon Chang, and Jun Won Lee.

## I. JOHN HAUSER

### A. Samsung's Objections to Direct Examination Exhibits

#### 1. PX30 contains inadmissible hearsay

Page two of PX30 contains a list of files produced by Apple as "sources" of Dr. Hauser's conjoint survey. As it is offered for the truth of the matter asserted, it is inadmissible hearsay. FRE 801. Included in this list are the names of the files purporting to represent the "statistical calculations for the smartphone and tablet surveys." Dr. Hauser cannot sponsor this document as he did not perform the calculations himself, he did not write the code used to perform the statistical calculations, and testified he is unable to read even a single line of calculation included in the code. Hutnyan Decl. Exh. I, Hauser 4/27/12 Dep. at 269:1-11 ("I gave them instructions on how to analyze it. They wrote -- they wrote the SAS code and which manipulated the data. And my understanding is they -- they -- they checked this a number of different ways, and then they would provide the output to me, the output of the SAS runs."), 238:23-25 ("Q. Okay. So your partworth estimates, they were multiplied by a scale factor, weren't they? A. If you're asking me can I read the SAS code, no."), 239:1-239:24 ("And, again, I can't read all the SAS code, so -- but I can -- I can describe what happens."), 239:25-240:3 (Q. "[D]idn't you put in the scale factor?"), 240:5("I can't read the SAS code."). Furthermore, Rule 1006 provides no basis for the admission of the second page of PX30, which is not a summary of evidentiary documents. Fed. R. Civ. P. 1006.

#### 2. PDX33.4 is irrelevant, unduly prejudicial, and misleading

The page purports to contain "[s]urvey [d]escriptions of [p]atented [f]eatures." Four such descriptions are included. Three of the descriptions explicitly reference the '915, '381, and '163 patents. At the top of the page, the following description is also included: "Touchscreen reliability. Whether the smartphone accurately carries out what you intend to do when you touch the screen." While it is true this description was included in Dr. Hauser's

surveys, Apple has since dropped this patent from this case. Any reference to this patent is thus irrelevant to the claims at issue, is prejudicial because it implies that it is still relevant, and should be excluded. FRE 401, 402. Even if relevant, which it is not, any probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time. FRE 403. Furthermore, while Rule 703 allows an expert to base an opinion on inadmissible evidence, it may not be disclosed to the jury unless its probative value in helping the jury evaluate the opinion substantially outweighs its prejudicial effect. FRE 703. As explained above, the description of a patent no longer at issue cannot possibly satisfy such a standard.

### B.  Samsung's Responses to Objections to Cross Examination Exhibits

Apple mistakenly claims SDX3920.002 is misleading. The document cited as source, APLNDC-Y0000028850 - APLNDC-Y0000028945, is a January 2011 US "Smartphone Market Study" commissioned by Apple itself. APLNDC-Y0000028851. Its stated purpose was to "provide a comprehensive view of the US consumer smartphone market, with a focus on iPhone and Android." APLNDC-Y0000028851. Contrary to Apple's assertions, SDX3920.002 precisely tracks the information contained in Apple's study. APLNDC-Y0000028875. The "survey results" to which Apple seems to refer are themselves misleading as it is unclear to what they refer. APLNDC-Y0000028875. There is no foundational basis for objection because the list is a complete and accurate reproduction of the list contained in the document. APLNDC-Y0000028875. Furthermore, Apple's foundational objection to the list of "touchscreen" features on the right does not apply because no such list appears in SDX3920.002.

Apple mistakenly claims SDX3920.010 is untimely and lacks foundation. Apple is incorrect in both regards. This demonstrative is based completely upon Dr. Hauser's own data and his methodology. Apple is apparently objecting because these "price premiums" were not in the text of Dr. Hauser's Expert Report. However, Dr. Hauser testified "They are – you can compute them; you can – they're in all the backup." Hutnyan Decl. Exh. I, Hauser 4/27/12 Dep. at 105:4-11. In fact, Dr. Hauser did calculate these price premiums for other tested features because these other premiums are necessary to determine the "relative" premiums for the allegedly

1  patented features.   Hauser Report ¶ 80 ("Thus, I need to estimate 21 relative partworths to

2  describe preferences for the smartphones or tablets."); Hutnyan Decl. Exh. I, Hauser 4/27/12 Dep.

3  at 90:16-24 ("And on many of these features, we got definitely significant partworths, which

4  means that they were important. I think for simplicity, since that not the focus of the case, I didn't

5  report them, but, you know, they were – they're in all the files; you can compute them, et cetera.").

6  The data in SDX3920.010 is nothing more than the partworths estimated by Dr. Hauser and the

7  "backup" is referenced within the demonstrative itself.

## II.   TERRY MUSIKA

### A.   Samsung's Objections to Direct Examination Exhibits

10  PDX34 contains misleading, improper and unfairly prejudicial information regarding (a) a

11  discovery sanctions order (PDX34.23) and (b) the alleged transfer of U.S. dollars to Korea to

12  avoid payment of U.S. taxes (PDX34.29-30).   Such information should be excluded because

13  experts in Mr. Musika's field do not rely on such information in forming damages opinions, FRE

14  702-03, confusion.   *See* Fed. R. Evid. 403.

15  PDX 34.23 accuses Samsung's "expense data" of being unreliable because Samsung

16  "[v]iolated court orders to produce financial records, sanctions."   This exhibit refers to the April

17  23, 2012 Order requiring that Samsung produce additional financial documents.   *See* Dkt. No.

18  880.   That Order resolved a dispute between the parties about the scope of Judge Grewal's

19  January 27 Order (Dkt. No. 673) requiring that Samsung produce certain categories of financial

20  documents.   Apple moved for sanctions and a finding of willfulness and bad faith.   *See* Dkt.

21  Nos. 759-02 (Apple's Rule 37(b)(2) Motion), 759-03 (Proposed Order).   Judge Grewal *rejected*

22  Apple's claim that Samsung acted willfully or in bad faith, Dkt. No. 880, at 15:6-7, but found

23  Samsung's interpretation of the January 27 Order too narrow and ordered it to produce additional

24  financial documents.   Dkt. No. 880, at 16:3-5.

The relevance of the April 23 Order is marginal at best.[1]  Samsung fully complied with Judge Grewal's April 23 Order clarifying the scope of the January 27 Order, producing all responsive financial documents.  Consequently, the imposition of sanctions and Judge Grewal's statements about aspects of a *superseded* production lack sufficient probative value to justify the extreme prejudice that Samsung would suffer if Apple is permitted to suggest to the jury that the Court has already determined as a matter of law that Samsung's financial production was inaccurate or misleading.  Indeed, the Third Circuit reversed a judgment due to the prejudice caused by the trial court's admission of a discovery sanctions order.  *See W.V. Realty Inc. v. Northern Ins. Co. of New York*, 334 F.3d 306, 312-14 (3rd Cir. 2003) (reversing judgment because trial court admitted prejudicial sanctions order).  The prejudice to Samsung would be severe.  Billions of dollars are at stake and stamping Apple's criticisms of Samsung's expense data with the imprimatur of the Court would render them a *fait accompli*.  Moreover, Samsung would have to expend significant time explaining the nature of the discovery dispute, the scope of the April 23 Order, which financial data was referred to in the Order, whether it is relied on by Samsung's witnesses, and whether produced after April 23.  *See White v. United States*, 148 F.3d 787, 792 (7th Cir. 1998) (excluding evidence that would "develop into a trial within a trial").  Ironically, submission of the issue of the April 23 Order to the jury would impose a harsher sanction than Apple sought from or was imposed by Judge Grewal.

PDX34.29-30 should be excluded because these slides suggest that Samsung engaged in tax evasion.  The Court has already precluded "any argument that the tax arrangement with the United States government is a form of tax evasion."  Dkt. No. 1267, at 5:19-21.  Even if there was some basis to suggest Samsung's tax arrangement somehow evades U.S. taxes – there is not because Samsung's tax arrangements are governed by an agreement with the federal government – the Court has already held that the probative value of such inflammatory insinuations is substantially outweighed by the threat of unfair prejudice.

---

[1]  Even if the April 23 Order is relevant to willfulness, Mr. Musika does not use it for that purpose, nor could he.  Willfulness is beyond the scope of his expertise.

1    PX25C is not evidence; it is inadmissible hearsay expert testimony. Fed. R. Evid. 802.
2  PX25C is a document prepared by Mr. Musika's firm presenting his opinions on damages. The
3  dollar amounts on pages 2, 4 and 5 are opinions of Mr. Musika. The tables on pages 7, 8, 10-12,
4  and 14-15 are all explicitly labeled "analysis" and the table on page 16 contains Mr. Musika's
5  opinions on "reasonable royalty." These are non-testimonial writings offered for the truth of the
6  assertions – pure hearsay.[2]

7    Fed. R. Civ. P. 1006 provides no basis for the admission of PX25C, which is not a
8  summary of evidentiary documents. Indeed, nothing in the Federal Rules contemplates the
9  admissibility of an expert report prepared by an expert witness testifying at trial. Moreover, the
10 damages figures on pages 2, 4 and 5 are untimely. Apple never disclosed these figures until
11 August 6, 2012. (See Hutnyan Decl. Exh. F [email of Aug. 6, 2012]).

**B.  Samsung's Responses to Objections to Cross Examination Exhibits**

13   A witness may be impeached by prior inconsistent statements under Fed. R. Civ. P. 613.
14 In *UniRam Tech., Inc. v. Taiwan Semiconductor Mfg. Co., Ltd.*, Case No. C-04-1268-VRW, Mr.
15 Musika testified as an expert witness on the calculation of damages. While it is impossible to
16 predict exactly what Mr. Musika will say in this case, his prior testimony should not be *per se*
17 excluded – it should be available as a precaution for possible impeachment.

18   Apple's contention that because *UniRam* is a trade secret case it cannot be used for
19 impeachment misses the mark. "To have evidentiary value for its inconsistency, the
20 contradiction need not be direct." *Arnold v. Groose*, 109 F.3d 1292, 1297 (8th Cir. 1997); *see
21 also Buckley v. Evans*, 2007 WL 2900173, *7 at n.22 (E.D. Cal, Sept. 28, 2007); 4 Jack B.
22 Weinstein & Margaret A. Berger, Weinstein's Evidence, ¶ 801(d)(1)(A)[01], at 801–142 (1996).
23 In *UniRam*, Mr. Musika opined on damages for unjust enrichment and a reasonable royalty, two

---

[2]  Page 13 is a figure from a document that Mr. Musika relies on in his opinions and pages 3, 6, and 9 are charts selectively presenting material from underlying documents. Apple should seek to introduce the underlying documents – if it can – rather than present material in demonstrative form prepared by an expert.

probable topics of his testimony here. That substantial overlap further shows that Mr. Musika's prior testimony should not be *per se* excluded.

Apple's motion to exclude the use of DX757 as irrelevant should be denied. Samsung does not intend to use the document for the truth of the matter with this witness, but rather as possible impeachment evidence if Mr. Musika disparages the consistency of Samsung's production. The document was cited by Samsung's damages expert Mr. Wagner in his list of materials considered. (Hutnyan Decl. Exh. G, Excerpt of Wagner List of Documents Considered,

### III. EDWARD SITTLER

#### A. Samsung's Objections to Direct Examination

Edward Sittler is a legal assistant employed by Apple's counsel, Morrison & Foerster. Apple intends to offer his testimony that he purchased the Samsung Galaxy Ace, Galaxy S i9000, and Galaxy S i9100 from *third party* online vendors Dolphin International, Inc., Liquid8 Group, Inc., Devices Now, and Amazon.com, LLC, to create the false appearance that Samsung has sold these products in the United States.

Apple's disclosure of Mr. Sittler as an intended witness is untimely.[3] The occurrence of a sale within the United States is an element of Apple's claim of patent infringement. 35 U.S.C. § 271(a) ("whoever without authority makes, uses, offers to sell, or sells any patented invention, *within the United States*, or imports *into the United States* any patented invention . . . infringes the patent"). Thus, Apple was *required* to disclose Mr. Sittler as a person likely to have discoverable information about its claims and defenses. Fed. R. Civ. P. 26(a)(1)(A)(i). But Apple did no such thing; Mr. Sittler is listed in no Apple disclosure prior to Apple's trial witness list, where he

---

[3] Apple's disclosure of Mr. Sittler was clearly intended to be an ambush. Besides the fact that he was never identified to Samsung before appearing on Apple's witness list on July 6, Apple also failed to disclose him timely with respect to the Court's order to identify its next seven witnesses on a rolling basis (Dkt. 1329) and the Court's August 6 order to disclose witnesses and their planned exhibits by 10:00 a.m. two days before the witness is to appear, (Mr. Sittler and his exhibit were disclosed six hours late) (Tr. at 935:5-9; Dkt. 1584 at 3).

appeared for the first time on July 6.  He was not disclosed in Apple's Rule 26 initial disclosures, *see* Hutnyan Decl., Exs. B-C, nor in response to any interrogatory from Samsung.  Apple did not designate Mr. Sittler as a 30(b)(6) witness, and his name was never mentioned in any deposition taken in this case.  In addition, Apple's apparent theory that Samsung induced the alleged infringement through these third-party online vendors, or is connected in any way to these vendors, was never disclosed in its infringement contentions, *see* Hutnyan Decl., Ex. D, and there is no mention of any of these third-party online vendors in any of Apple's interrogatory responses. *See* Apple's Inc.'s Objections and Responses to Samsung's Fourth Set of Interrogatories (Nos. 34-80) (Mar. 10, 2012), Response to Interrogatory 72, at 94-96, 112-13, 122.

      Apple's failure to disclose activates the automatic sanction of Rule 37, and Mr. Sittler must be barred from testifying. Fed. R. Civ. P. 37(c)(1).  Apple can offer no justification or defense that its failure to disclose was harmless.  Samsung has had no opportunity to depose Mr. Sittler or otherwise test his testimony.  Apple's attempt to unfairly ambush Samsung must be rejected.

      Beyond the complete failure to disclose Mr. Sittler, Apple's intended testimony is irrelevant and will be highly prejudicial and misleading.  Mr. Sittler intends to testify that his purchase from third-party vendors demonstrates that the Galaxy Ace, i9000, and i9100 were sold in or imported to the United States, but these sales have no connection to any Samsung entity and therefore are irrelevant.  See *Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1274 (Fed. Cir. 2004) ("A defendant's liability for indirect infringement must relate to the identified instances of direct infringement.  Plaintiffs who identify individual acts of direct infringement must restrict their theories of vicarious liability . . . to the identified act.") (emphasis in original).  These phones were *never* sold by Samsung in the United States, and Apple knows it; Apple's damages expert, Terry Musika, calculated *$0* in damages for sales of these three phones. Hutnyan Decl., Ex. E.  Mr. Sittler's testimony can only be intended to mislead the jury

into believing that because Mr. Sittler was able to purchase the Samsung phones *from third parties*, Samsung must have infringed Apple's patents. His testimony is probative of nothing and would only confuse the issues.

### 1. APLNDC-Y0000408232-236

APLNDC-Y0000408232-236 is Apple's compilation of four invoices from third-party vendors selling the Galaxy Ace, i9000, and i9100. This purported evidence is untimely and unduly prejudicial for the same reasons as Mr. Sittler's proffered testimony. First, Apple did not produce this evidence until *Wednesday, August 8*—less than *one day* before this filing. These documents purport to date from July 20, 2011, March 6, 2012, and May 9, 2012—Apple purchased these devices months ago—but did not see fit to produce these documents until yesterday. Nor was this evidence disclosed in response to any interrogatory from Samsung. Samsung would be prejudiced by the introduction of this evidence, as it has had no opportunity to depose the third-party vendors or to gather any other evidence refuting Apple's undisclosed contention of indirect or induced infringement. The Court has consistently ruled that late-produced evidence is inadmissible at trial and should do so again here.

Second, Apple's late-produced documents are unduly prejudicial, with no countervailing relevance. Fed. R. Evid. 403. The documents show purchases of mobile phones from such entities as Dolphin International, Inc., Liquid8 Group, Inc., Devices Now, and Amazon.com. They provide absolutely no evidence that any of the purchased devices were sold by Samsung or imported into the United States by Samsung. See 35 U.S.C. § 271(a). These documents can only be meant to confuse the jury into thinking that a *third party* selling Samsung's phones necessarily implies that *Samsung* sold those phones in the United States. Because the documents have no probative value and will only confuse the jury, they cannot be admissible. Fed. R. Evid. 403.

## IV. TIM BENNER

### A. Samsung's Objections to Deposition Designations

#### 1. PX89

PX89 was untimely disclosed and should not be admitted for any purpose. The Court's July 19, 2012 Case Management Order (Dkt. 1267) ordered the parties to serve and file new exhibit lists by July 23, 2012 at noon. *Id.* at 2. Apple's exhibit list served on July 23 had only a placeholder for exhibit PX89. (Hutnyan Decl. Ex. J). Apple did not identify the document bearing the bates range SAMNDCA00352115-352182 as PX89 until August 5, 2012 – nearly two weeks *after* the Court's ordered deadline. (*Id.* at ¶ 11). Thus, it is untimely.

Additionally, this document should be excluded pursuant to Fed. R. Evid. 403 because it is misleading and prejudicial. The images shown to the respondents to see if they recalled the Galaxy Tab 7.0 *ad* asked about in the survey were not restricted to the particular features that Apple is claiming comprise its patented design features or iPad trade dress. Rather, respondents were shown still images from the advertising. (*See* Samsung's MIL 2 at 10 (Dkt. 1185)). The document therefore does not go to the issue of confusion between the Galaxy Tab 7.0 (much less the 10.1, which had not yet been released) and the iPad. If anything, it establishes that the iPad was likely to be associated with *any* tablet computer that might be shown because of several months of heavy advertising before this survey was done. Accordingly, it would be highly misleading and prejudicial for Apple to present this evidence to the jury and claim that it shows that customers were confused about the Galaxy 10.1 when the only information it contains is about the original Galaxy Tab 7.0 – a smaller 7" device with a different industrial design—or that this survey gave Samsung notice of such confusion. Pursuant to this Court's ruling on Samsung's MIL 2 (Dkt. 1267 at 4) this document *cannot* be admitted as evidence of consumer confusion because it relates to a product—the original Galaxy Tab—no longer at issue in Apple's

02198.51855/4899110.1

-9-    Case No. 11-cv-01846-LHK
OBJECTIONS AND RESPONSES RE: EXHIBITS FOR HAUSER, MUSIKA AND SITTLER AND DESIGNATED DEPOSITION TESTIMONY OF BENNER, CHANG AND LEE

trade dress or design patent case.   (Dkt. No. 1178 (Case Narrowing Statement) ¶ A).

### 2. PX69

PX 69 is a report by JD Powers entitled "2011 Wireless Smartphone Satisfaction Study." The page Mr. Benner was questioned about showed results of a survey purporting to show "Reasons for Choosing Handset Brand."   As with PX89, discussed above, Apple first added the document bearing the bates range SAMNDCA10246338-10246445 as PX69 on August 5, 2012 and it should therefore be excluded as untimely.   Moreover, Apple questioned Mr. Benner about the document during his February 22, 2012 deposition.

Additionally, the features that are discussed in PX69 include functional features such "Ease of Operation," "Operating System," "Battery Function," in addition to physical design, and have no nexus to the trade dress and design patent features that Apple asserts in this case.   (PX 69 at 35).   *See Tokai Corp. v. Easton Enters.,* 632 F.3d 1358, 1369 (Fed. Cir. 2011) ("[A] nexus must exist between the commercial success and the claimed invention").   The survey does not even rank factors according to their importance, or shed any light on the significance of design among other factors considered in making a phone purchase.   Rather, it simply purports to reflect the percentage of respondents who identified each as one of the factors they considered.   Even if accepted for the truth of the matter asserted—that 46% of respondents considered design in some way—it is cumulative of other evidence and testimony and misleading to the jury in terms of what the survey claims to show.   In its questioning of Mr. Benner, Apple left little doubt that it would seek to portray such surveys as proof that design is the most important consideration in handset purchases.   (Hutnyan Decl. Ex. K, Benner Tr. at 61:24-62:4: "Q. Do you disagree that consumers ranked highly the physical appearance of a smartphone? …A. This is not a ranking question, this is merely a yes-or-no question in the form it was asked.").   PX 69 and related testimony should thus be excluded to avoid confusion.

**B.     Samsung's Responses to Objections to Counter Designations**

Apple's objection that certain testimony from the deposition of Tim Benner counter-designated by Samsung[4] falls outside the scope of Fed. R. Evid. 102 and/or Fed. R. Civ. Pro. 32(a)(6) is without merit.    Samsung's counter designations are necessary to ensure that the otherwise misleading excerpts of Mr. Benner's testimony presented by Apple are put in proper context for the jury.    Fed. R. Evid. 102.

First, Apple designates a portion of Mr. Benner's transcript in which he states that he is unaware of consumer research showing that the physical appearance of a smart phone is unimportant to consumers.    (Hutnyan Decl. Ex. K at 37:24-38:2.)    Samsung counter-designates testimony in which Mr. Benner identifies a research study showing that smart phone appearance is of lesser importance than other attributes, such as brand and carrier, to certain groups of consumers.    *Id*. at 36:16-19; 36:21-37:1; 38:8-11; 39:2-3; 40:5-7; 40:10-25; 42:20-23; 43:1-11; 43:13-24.    This additional testimony fairly and accurately portrays Mr. Benner's understanding of the relative importance of smart phone appearance to consumers.

Second, Apple designates testimony in which Mr. Benner is asked about the results of a study in gauging consumer reaction to an advertisement for the Galaxy Tab.    Apple's designations are misleading and incomplete because they include only one portion of Mr. Benner's response to a series of question in which he testifies to his understanding of a particular data point in the study. Id. at 145:7-146:1.    Samsung counter-designations include additional responses by Mr. Benner's to questions which reflect his complete testimony.

---

[4]    Apple objects to the following counter-designations proposed by Samsung:    Benner Depo. Tr. 36: 16-19; 36:21-31:1; 38:8-11; 39:2-3; 40:5-7; 40:10-25; 42:20-23; 43:1-11; 43:13-24 (countering Apple's designation of 37:24-38:2) and 146:2-4; 146:10-13; 147:14-19; 147:23-148:16; 149:7-11 (countering Apple's designation of 145:7-146:1).    Samsung withdraws the following counter designations: 13:9-23; 128:8, 10-11; 146:2-4, 10-13; 148:14-16;149:7-11.

02198.51855/4899110.1

-11-   Case No. 11-cv-01846-LHK
OBJECTIONS AND RESPONSES RE: EXHIBITS FOR HAUSER, MUSIKA AND SITTLER AND DESIGNATED DEPOSITION TESTIMONY OF BENNER, CHANG AND LEE

## V. DONG HOON CHANG

### A. Samsung's Objections to Deposition Designations

Apple has also improperly designated certain privileged testimony given by Mr. Chang at pages 157:20-22, 158:5-10, 158:18-19 and 158:23-25 of his deposition that Samsung's counsel clawed back at the deposition.   Mr. Chang testified in Korean and an interpreter was present.   The testimony at issue was elicited by counsel for Apple who asked Mr. Chang whether he had ever considered any of Apple's patents when designing Samsung's Galaxy phones.    March 7, 2012 Deposition of Dong Hoon Chang, at 157:16-158:25.    Immediately after responding to counsel's questions, Mr. Chang consulted with his counsel, and determined that his testimony inadvertently disclosed his consultations with Samsung's in-house legal team.  *See* Hutnyan Decl. Ex. H (March 7, 2012 Deposition of Dong Hoon Chang), at 159:22-160:9.   Counsel for Samsung immediately moved to strike the prior testimony as protected by the attorney-client privilege and attorney work product doctrine.  *See id.*   Counsel for Apple did not dispute or otherwise object to Samsung's motion to strike at the deposition, *see id.*    Moreover, Counsel for Apple never challenged the clawback at any time after the deposition had concluded and never moved to compel further testimony.

The Court has entered a Stipulated Protective Order in this case which provides that inadvertent disclosure of privileged material shall not constitute a waiver of the applicable privilege so long as notice and a prompt request for return is made.   Dkt. 687, § 16(a).   Here, counsel for Samsung properly invoked the protections provided by the Stipulated Protective Order by immediately notifying counsel for Apple of the privileged nature of the testimony, and by moving to strike the testimony from the record.   Tr. at 159:22-160:9.   Mr. Chang also explicitly confirmed on the record that his conversations regarding Apple's patents had been held with Samsung's in-house "legal team members."   Hutnyan Decl. Ex. H (March 7, 2012 Deposition of Dong Hoon Chang at 164:23-25; 165:18-22).   As a result, Apple's designation of this privileged testimony is improper and should not be played for the jury.  *See, e.g., In re Grand Jury Investigation,* 974 F.2d 1068, 1071 (9th Cir. 1992); Fed. R. Evid. 502(b).

### B. Samsung's Responses to Objections to Counter Designations

      Apple has objected to Samsung's counter-designation of six lines of Mr. Chang's deposition as unnecessary for completeness under Rule 32(a)(6) and needlessly cumulative pursuant to FRE 403.   The testimony Samsung has counter-designated appears on page 157 of Mr. Chang's deposition transcript, at lines 2-3, 8-10 and 14.   That testimony immediately precedes the passage designated by Apple, which relates to the very same subject matter as the testimony Samsung has counter-designated, *viz.,* whether Samsung considered any of Apple's patents in the course of designing its Galaxy smartphones.   *Id.*, at 157:2-158:19.   As set forth above, Samsung objects to Apple's designation of testimony that is protected by the attorney-client privilege and attorney work product doctrine, and Apple should be precluded from introducing such privileged material.   Should the Court overrule Samsung's objection, however, Rule 32 plainly allows Samsung to counter-designate a short passage of Mr. Chang's testimony that bears on the very same subject as the testimony Apple has designated.    This is particularly true where, as here, the testimony Samsung seeks to counter-designate is important to ameliorate the inference Apple seeks to draw from the testimony it has designated, *i.e.,* that Samsung's Galaxy phones were somehow based on Apple's utility patents.    The testimony counter-designated by Samsung makes clear that Samsung did not consider Apple's design patents when designing the Galaxy phones.   *See id.* at 157:2-3; 157:8-10; 157:14.    It is precisely this  type of testimony that "in fairness should be considered" together with the designated testimony that Rule 32(a)(6) allows.

      Moreover, Apple's objection to Samsung's counter-designation of six lines of testimony as needlessly cumulative under Fed. R. Evid. 403 is simply not credible.   The testimony will take only a few moments to play, and is not duplicative of any other testimony given by Mr. Chang or any other witness that has testified in this case.   Apple cannot demonstrate that the probative value of Samsung's counter-designations will be "substantially outweighed" by the danger of needlessly presenting cumulative evidence.   In the event that the Court allows Apple to present Mr. Chang's privileged testimony – and it should not – Samsung must, in fairness, be permitted to introduce the six lines of testimony it has counter-designated.

## VI.     JUN WON LEE

02198.51855/4899110.1
-13-
Case No. 11-cv-01846-LHK
OBJECTIONS AND RESPONSES RE: EXHIBITS FOR HAUSER, MUSIKA AND SITTLER AND DESIGNATED DEPOSITION TESTIMONY OF BENNER, CHANG AND LEE

A.  **Samsung's Objections to Deposition Designations**

    1.  **Deposition at 24:13-15**

Samsung objects to Apple's designation of Jun Won Lee's March 5, 2012 deposition at 24:13-15.  Hutnyan Decl. Ex. A.  In this portion of the transcript, Mr. Lee responds to the question of whether he had "reviewed any of the patents that Apple is asserting against Samsung in the Northern District of California" by responding: "I've never compared the patent numbers, so I don't know exactly, but probably for part of the patents, I probably have reviewed before." In admitting that he had never compared the numbers of the patents he reviewed to the patents in suit in this case, Mr. Lee made clear that he was guessing as to whether he had previously reviewed the patents in this suit.  Therefore, his testimony is speculative, lacks foundation and thus should not be played to the jury.

B.  **Samsung's Responses to Objections to Counter Designations**

    1.  **Deposition at 45:2-15, and 40:24-41:2, 44:3-5; 44:7-9; 55:20-21; 55:23-56:2**

Apple has objected to Samsung's counter-designation of portions of Mr. Lee's deposition as not relevant to Apple's affirmative claims or Samsung's defenses under FRE 402 and unnecessary for completeness under FRE 106.  The testimony Samsung has counter-designated appears at 45:2-15 and 40:24-41:2, 44:3-5; 44:7-9; 55:20-21; 55:23-56:2.  *See* Hutnyan Decl. Ex. A.  These counter designations are necessary to understand the context of Samsung's communications with Apple before the onset of litigation, an issue that Apple itself has put into play through its designations of Mr. Lee's testimony.  Apple itself designated Mr. Lee's testimony that Samsung met with Apple "three times in 2010 before the lawsuit."  Hutnyan Decl. Ex. at 28:5-7; see also 27:18-19, 21-23, and 25.  Apple followed that designation with the question, "Please tell me in as much detail as you can what Apple said and what Samsung said" but objects to Samsung's designation of testimony that answers precisely that question on relevancy grounds.  *See* Hutnyan Decl. Ex. A. at 31:15-16.  FRE 402 provides that all relevant evidence is admissible, and evidence which is not relevant is not admissible.  Fed.R.Evid. 402.

02198.51855/4899110.1

-14-

Case No. 11-cv-01846-LHK

OBJECTIONS AND RESPONSES RE: EXHIBITS FOR HAUSER, MUSIKA AND SITTLER AND DESIGNATED DEPOSITION TESTIMONY OF BENNER, CHANG AND LEE

1  "'Relevant evidence' means evidence having any tendency to make the existence of *any* fact that
2  is of consequence to the determination of the action more probable or less probable than it would
3  be without the evidence."  Fed.R.Evid. 401 (emphasis added).  FRE 402 plainly allows
4  Samsung to counter-designate passages of Mr. Lee's testimony that bear on the very same subject
5  as the testimony Apple has designated, particularly where, as here, the testimony Samsung seeks
6  to counter-designate is important to ameliorate the inference Apple seeks to draw from the
7  testimony it has designated, namely that the meetings between Apple and Samsung only
8  concerned Apple's allegations.  Samsung therefore designates short excerpts of testimony that
9  paint a more complete picture of what took place during the meetings, including for example that
10 "Samsung told Apple at the second meeting [that its patents] were infringed by the Apple iPhones
11 that use WCDMA technology."  *See* Hutnyan Decl. Ex. A, at 45:8-14.  Furthermore, Apple's
12 objection to Samsung's counter-designation of less than thirty lines of testimony as unnecessary
13 for completeness under Fed. R. Evid. 106 is simply not credible.  The testimony will take only a
14 few moments to play, and is not duplicative of any other testimony given by Mr. Lee or any other
15 witness that has testified in this case.  Samsung must, in fairness, be permitted to introduce the
16 testimony it has counter-designated.

18  DATED: August 9, 2012                    QUINN EMANUEL URQUHART &
                                             SULLIVAN, LLP

                                             By */s/ Victoria F. Maroulis*
                                                Victoria F. Maroulis
                                                Attorneys for SAMSUNG ELECTRONICS
                                                CO., LTD., SAMSUNG ELECTRONICS
                                                AMERICA, INC., and SAMSUNG
                                                TELECOMMUNICATIONS AMERICA, LLC