1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Cal. Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5  Kevin P.B. Johnson (Cal. Bar No. 177129)
   kevinjohnson@quinnemanuel.com
6  Victoria F. Maroulis (Cal. Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
7  555 Twin Dolphin Drive 5th Floor
   Redwood Shores, California 94065
8  Telephone: (650) 801-5000
   Facsimile: (650) 801-5100
9
   Michael T. Zeller (Cal. Bar No. 196417)
10 michaelzeller@quinnemanuel.com
   865 S. Figueroa St., 10th Floor
11 Los Angeles, California 90017
   Telephone: (213) 443-3000
12 Facsimile: (213) 443-3100

13 Attorneys for SAMSUNG ELECTRONICS
   CO., LTD., SAMSUNG ELECTRONICS
14 AMERICA, INC. and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC

15

16 |UNITED STATES DISTRICT COURT

17 |NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

18

| | |
|---|---|
| 19  APPLE INC., a California corporation, | CASE NO. 11-cv-01846-LHK |
| 20         Plaintiff, | **DECLARATION OF DIANE C. HUTNYAN IN SUPPORT OF SAMSUNG'S OBJECTIONS AND RESPONSES REGARDING (1) EXHIBITS TO BE USED WITH JOHN HAUSER, TERRY MUSIKA AND EDWARD SITTLER, AND (2) DESIGNATED DEPOSITION TESTIMONY OF TIM BENNER, DONG HOON CHANG, AND JUN WON LEE** |
| 21    vs. | |
| 22  SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| 26         Defendant. | |

<u>DECLARATION OF DIANE C. HUTNYAN</u>

I, Diane C. Hutnyan, declare as follows:

1. I am a member of the bar of the State of California and a partner at Quinn Emanuel Urquhart & Sullivan LLP, counsel for Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung"). I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2. Attached hereto as **Exhibit A** is a true and correct copy of excerpts from the deposition of Jun Won Lee, dated March 5, 2012.

3. Attached hereto as **Exhibit B** is a true and correct copy of Apple Inc.'s First Amended and Supplemental Initial Disclosures Pursuant to Rule 26(A)(1), dated March 4, 2012.

4. Attached hereto as **Exhibit C** is a true and correct copy of Apple Inc.'s Initial Disclosures Pursuant to Rule 26(A)(1), dated August 26, 2011.

5. Attached hereto as **Exhibit D** is a true and correct copy of Apple Inc.'s Disclosure of Asserted Claims & Infringement Contentions, dated August 26, 2011.

6. Attached hereto as **Exhibit E** is a true and correct copy of Joint Exhibit 1500.

7. Attached hereto as **Exhibit F** is a true and correct copy of an email from Erik J. Olson bearing the subject line "Apple's Disclosure – Musika," dated August 6, 2012.

8. Attached hereto as **Exhibit G** is a true and correct copy of excerpts from the List of Documents Considered from the Corrected Expert Report of Michael J. Wagner, dated April 20, 2012.

9. Attached hereto as **Exhibit H** is a true and correct copy of excerpts from the deposition of Dong Hoon Chang, dated March 7, 2012. At 159:22-160:9 of the March 7, 2012 deposition transcript of Dong Hoon Chang, counsel for Samsung moved to strike testimony that inadvertently revealed the content of privileged communications.

> MR. ZELLER:• I'm moving to strike the
> answers before the break on the grounds of work

1 | product and attorney-client privilege.• All this
2 | witness' communications regarding Apple's
3 | patents are protected by the attorney-client
4 | privilege and the work product doctrine.
5 | I've instructed, as a result of --
6 | obviously, with the particular challenges of
7 | this deposition, the witness did not understand
8 | it, but I have since confirmed that those are
9 | protected communications.
10 | I instruct the witness not to disclose those
11 | communications.

12. 10. Attached hereto as **Exhibit I** is a true and correct copy of excerpts from the deposition of John Hauser, dated April 27, 2012.

11. Attached hereto as **Exhibit J** is a true and correct copy of Apple's Revised Exhibit List, dated July 23, 2012.

12. Attached hereto as **Exhibit K** is a true and correct copy of excerpts from the deposition of Timothy Benner, dated February 22, 2012.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed August 9, 2012, at San Jose, California.

_____
Diane C. Hutnyan