1  John P. Bovich (SBN 150688)
   Email: jbovich@reedsmith.com
2  James A. Daire (SBN 239637)
   Email: jdaire@reedsmith.com
3  REED SMITH LLP
   101 Second Street, Suite 1800
4  San Francisco, CA  94105-3659
   Telephone:    +1 415 543 8700
5  Facsimile:    +1 415 391 8269

6  Attorneys for NON-PARTY
   Siemens AG
7

8                UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10                      San Jose Division

11 | APPLE INC., a California corporation,         | No.: 11-cv-01846-LHK (PSG)

12 |              Plaintiff,                        | **NON-PARTY SIEMENS AG'S AMENDED ADMINISTRATIVE MOTION TO SEAL**

13 |     vs.                                        | Honorable Lucy H. Koh

14 | SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,

17 |              Defendants.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Pursuant to Civil L.R. 7-11 and 79-5(c), and the Court's Order of July 23, 2012 (Docket No. 1288), non-party Siemens AG ("Siemens") respectfully submits this amended administrative motion for an order to seal. Yesterday afternoon, Siemens learned that Samsung Electronics Co., LTD. ("Samsung") initially gave Siemens the wrong information about what Samsung intends to use at trial. As a result, Siemens' initial administrative motion for an order to seal was not directed at **all** of the Siemens highly confidential and extremely sensitive business information at issue. Siemens submits this amended administrative motion for an order to seal specifically directed at all of Siemens' confidential information, which relates to the financial terms of license agreements with both Samsung and Apple Computer Inc. ("Apple").

## Request for Relief

Siemens seeks an order sealing the payment terms and consideration, technological scope, and duration of its licenses with Samsung ("the Samsung Agreement") and Apple ("the Apple Agreement"), as set forth in Trial Exhibits 77 and 630.

As the Court explained during its Friday, July 27, 2012 hearing, confidential terms in a patent license agreement are inherently sealable under *Electronic Arts, Inc. v. U.S. District Court for the Northern District of California*, 298 Fed. Appx. 568, 569 (9th Cir. 2008) ("*E.A.*"). Siemens' narrowly tailored request to seal is grounded in both the Court's reasoning during the hearing and its own compelling reasons to keep the confidential terms of the Samsung and Apple Agreements from unfettered public view.

## Background Facts

In a July 21, 2012 letter-Appendix, trial counsel for Samsung informed Siemens that Samsung intended to use the Samsung Agreement and a summary of its key terms as Trial Exhibit 77. [Daire Decl. ¶ 2.] On July 20, 2012 Siemens filed an administrative motion for an order to seal based on Samsung's letter-Appendix. [Dkt. No. 1498.]

On the afternoon of August 8, 2012, Siemens learned that the information in Samsung's letter-Appendix is wrong. Samsung does not intend to use the actual Samsung Agreement at trial, only the summary of its terms, including highly confidential and business sensitive terms. [Daire Decl. ¶¶ 3-4.] In addition, Samsung intends to introduce a summary of terms for the Apple

Agreement, also including highly confidential and business sensitive terms. [Nuzzi Decl. Exh. A.] Consequently, Siemens' initial administrative motion was both over inclusive (in that it was targeted to the Samsung Agreement, which will not be used at trial) and under inclusive (in that it was not targeted to the summary of the Apple Agreement, which Samsung intends to use at trial). This amended administrative motion remedies Samsung's mistake and is narrowly targeted to the actual confidential terms at issue.

### There Are Compelling Reasons to Grant Siemens' Proposed Order to Seal

Based on Samsung's August 8, 2012 Revised Appendix A, Siemens understands that Siemens' confidential information included in the trial exhibits is as follows: (a) a table summarizing key terms of the Samsung Agreement, including the initial expiration date, the term of the agreement and monetary considerations – included as Trial Exhibit 77; (b) a table summarizing key terms of the Samsung Agreement, including the term of the agreement, payments and licensed products/technology, attached as Exhibit 3A to Samsung's Expert Report of David Teece – included in Trial Exhibit 630; and (c) a table summarizing key terms of the Apple Agreement, including the term of the agreement, payments and licensed products/technology, attached as Exhibit 3B to Samsung's Expert Report – included in Trial Exhibit 630. [Nuzzi Decl. Exh. A.]

The Siemens confidential information in Trial Exhibits 77 and 630 relates to consideration/payment terms, technological scope, and duration of the Samsung and Apple Agreements and is extremely sensitive to non-party Siemens. Siemens owns one of the largest and most important patent portfolios in the world. To date, Siemens holds approximately 58,000 patents worldwide. The protection, utilization, and expansion of Siemens' intellectual property rights are vital to Siemens' success. Siemens is in constant negotiations with multiple companies regarding patent licenses, including the technologies at issue in the Samsung and Apple Agreements. Siemens' ability to negotiate these licenses on competitive terms would be severely hampered if the confidential terms of its existing license agreements were made public. This is especially true where, as in both the Agreements here, the confidential terms relate to licenses involving unexpired patents or patents for which there remains an enforceable term, the monetary consideration paid for the license rights granted, and/or the technological scope of the licenses. [Nuzzi Decl. ¶¶6-7.]

1  Siemens would thus be severely harmed should the information contained in Trial Exhibit 77

2  become public without redactions.  [*Id.* ¶ 8.]

3        The information that Siemens seeks to have sealed also more than meets the "compelling

4  reasons" standard of the Ninth Circuit.  "[P]ricing terms, royalty rates and guaranteed minimum

5  payment terms" found in licensing agreements "plainly fall[] within the definition of 'trade secrets.'"

6  *E.A., supra*, 298 F. App'x at 569; *see also Powertech Tec., Inc., v. Tessera, Inc.*, No. C 11-6121 CW,

7  2012 U.S. Dist. LEXIS 75831, at *5 (N.D. Cal. May 31, 2012) (compelling reasons to seal license

8  agreement).  Moreover, there is very little public interest in knowing the specific licenses and

9  agreements that Samsung entered into, and disclosing the information would risk substantial

10  competitive harm to non-party Siemens.  *See Network Appliance, Inc. v. Sun Microsystems Inc.*, No.

11  C-07-06053 EDL, 2010 U.S. Dist. LEXIS 21721, at *7 (N.D. Cal. Mar. 10, 2010) (material that

12  would subject third parties to competitive harm sealable).

13        Indeed, this Court explained that this type of information meets the compelling reasons

14  standard for sealing in this case as recently as Friday, July 27, 2012, when it stated:

16      THE COURT:  BASED ON THE NINTH CIRCUIT'S DECISION IN
       ELECTRONIC ARTS, PRICING, ROYALTY RATES, MINIMUM PAYMENT
17      TERMS OF LICENSING AGREEMENTS WILL BE SEALABLE. AND I THINK
       TO DO OTHERWISE GOT THE DISTRICT JUDGE REVERSED, SO I'M GOING
18      TO FOLLOW THE NINTH CIRCUIT PRECEDENT ON THAT. NOW, THE
       NINTH CIRCUIT DECISION DID NOT ADDRESS THE DURATION OF THE
       LICENSE, BUT I WILL ALLOW THAT ALSO TO BE SEALED.  [Daire Decl.
19      Exh. B (Transcript Excerpt) p. 9:8-17.]

20
         During the same hearing, the Court also explained that it would consider who the request was
21
   coming from when considering highly confidential information of non-parties who did not
22
   voluntarily initiate this litigation:
23

24      THE COURT:  SO AS FAR AS THE THIRD PARTIES ARE CONCERNED,
       YOUR REQUEST TO PROTECT THOSE, YOU KNOW, ROYALTY RATE AND
25      THE NO PAYMENT TERM, COMPENSATION TERM, HOWEVER IT'S
       STRUCTURED AND THE DURATION PRICING, THAT'S FINE. [*Id.* p. 27:15-
26      19.]

27        As noted in the various replies and joinders filed by the other non-parties to this dispute,

28  Reuters America LLC ("Reuters") has not offered any legitimate basis for opposing the non-parties'

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

administration motions.  Reuters has failed to rebut Ninth Circuit law, the majority of courts, and the rationales behind this Court's explanations during the July 27, 2012 hearing.  Reuters also fails to individually address any of the non-parties' particularized requests to seal and respective supporting evidence.  The only argument Reuters musters is that a supposed "exacting and even-handed" disclosure of confidential terms of patent licenses would moot any competitive harm concerns.  Setting aside all of the other previously identified logical problems in this argument, Reuters apparently just assumes that every relevant "player" has a license at issue in this case and would be subject to the supposed "exacting and even-handed" disclosure.  This argument is absurd on its face and also flatly contradicted by Reuters' own declarants, who "recognize and respect the value of confidentiality with respect to licensing data." [Dkt. No. 1556-4 ¶ 7.]

**Conclusion**

The relief requested in this motion is narrowly tailored to protect only non-party Siemens' extremely sensitive, competitive business information.  Granting this motion will not impede the public's ability to understand the substantive questions in this case.  As a result, Siemens respectfully requests that the Court grant this motion, as stated below and in the accompanying proposed order:

1) Seal those terms of the Samsung-Siemens Agreement included in Trial Exhibit 77 under the columns "Expiration Date," "Term of Agreement" and "Monetary Consideration;"

2) Seal those terms of the Samsung-Siemens Agreement included in Trial Exhibit 630 (Exhibit 3A to the Teece Report) under the columns "Term," "Licensed Products/Technology" and "Payments;"

3) Seal those terms of the Apple-Siemens Agreement included in Trial Exhibit 630 (Exhibit 3B to the Teece Report) under the columns "Term," "Licensed Products/Technology" and "Payments;"

4) Order that any exhibit containing Siemens' confidential information shall not be displayed or discussed in such a manner that its contents are made public;

5) Seal any portions of the trial transcript containing discussion of Siemens' confidential information; and

6) Seal any exhibits entered at trial that comprise or contain excerpts from Siemens' confidential information.

DATED this the 9th day of August, 2012.

> */s/ James A. Daire*
> James A. Daire
> REED SMITH LLP
> 101 Second Street, Suite 1800
> San Francisco, CA  94105-3659
> *Counsel for NON-PARTY*
> *Siemens AG*