| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781) | WILLIAM F. LEE |
| hmcelhinny@mofo.com | william.lee@wilmerhale.com |
| MICHAEL A. JACOBS (CA SBN 111664) | WILMER CUTLER PICKERING |
| mjacobs@mofo.com | HALE AND DORR LLP |
| RACHEL KREVANS (CA SBN 116421) | 60 State Street |
| rkrevans@mofo.com | Boston, MA 02109 |
| JENNIFER LEE TAYLOR (CA SBN 161368) | Telephone: (617) 526-6000 |
| jtaylor@mofo.com | Facsimile: (617) 526-5000 |
| ALISON M. TUCHER (CA SBN 171363) | |
| atucher@mofo.com | |
| RICHARD S.J. HUNG (CA SBN 197425) | MARK D. SELWYN (SBN 244180) |
| rhung@mofo.com | mark.selwyn@wilmerhale.com |
| JASON R. BARTLETT (CA SBN 214530) | WILMER CUTLER PICKERING |
| jasonbartlett@mofo.com | HALE AND DORR LLP |
| MORRISON & FOERSTER LLP | 950 Page Mill Road |
| 425 Market Street | Palo Alto, California 94304 |
| San Francisco, California 94105-2482 | Telephone: (650) 858-6000 |
| Telephone: (415) 268-7000 | Facsimile: (650) 858-6100 |
| Facsimile: (415) 268-7522 | |

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | Case No. 11-cv-01846-LHK |
| Plaintiff, | **APPLE'S REQUEST FOR AN INTERIM JURY INSTRUCTION REGARDING LIKELIHOOD OF CONFUSION** |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendants. | |

1   Apple will call its survey expert Kent Van Liere on August 10, 2012 to testify about, among other things, the confusion in the marketplace that Samsung's Tab 10.1 tablet product has caused and is likely to cause. Samsung's cross examination of earlier Apple witnesses suggests that Samsung's cross of Mr. Van Liere may mislead the jury about the import of his testimony for Apple's trade dress infringement claim. To avoid jury confusion, Apple requests that the Court give the jury an interim instruction about the requisite "likelihood of confusion."

A trade dress infringement claim requires a showing of "likelihood of confusion," but the law is clear that "actual confusion is not required." Ninth Circuit Model Civil Jury Instr. No. 15.16 (2007 Ed.); *see also Eclipse Assoc., Ltd. v. Data Gen. Corp.*, 894 F.2d 1114, 1118-1119 (9th Cir. 1990) ("Although no actual confusion was proven . . . , the district court was not clearly erroneous in determining that 'likelihood of confusion' existed"); *AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341, 353 (9th Cir. 1979) ("failure to prove instances of actual confusion is not dispositive"). Samsung's questioning of other witnesses has focused just on instances of actual confusion. For example, Samsung asked Mr. Winer whether he knew of any "evidence that consumers in the real world have actually bought Apple devices thinking they are Samsung devices" (8/7/12 Trial Tr. at 1532:3-5), and "whether consumers have actually bought Apple devices thinking they were Samsung devices." (*Id*. at 1534:5-7.) To avoid any confusion about "confusion," should Samsung take the same approach with Mr. Van Liere tomorrow, the Court should instruct the jury before Apple calls Mr. Van Liere that actual confusion is not required.

Samsung's questions are also likely to mislead the jury regarding *when* the likelihood of confusion must occur. Samsung's cross-examination of Mr. Winer focused exclusively on "point-of-sale" confusion, *i.e*., whether consumers are confused about the source of Samsung's products at the moment when they "actually bought" Samsung devices. (*Id*. at 1532:3-5, 1532:16-19, 1534:5-7; see also *id*. at 1541:5-13 ("customer[s] interested in a tablet will actually want to go in a store and play around with it"); *id*. at 1542:1-1543:13 (how consumer behaves when she "go[es] into the store to see how this [Samsung] tablet works"). Samsung's over-emphasis on point-of-sale confusion—as opposed to other types of confusion—runs the risk that

APPLE'S REQUEST FOR AN INTERIM JURY INSTRUCTION REGARDING LIKELIHOOD OF CONFUSION
CASE NO. 11-CV-01846-LHK (PSG)
pa-1545883

1

the jury will think this is the only type of confusion that is cognizable. That is not true as a matter of law, nor does it accurately characterize Apple's case.

Apple's trade dress infringement case includes post-sale confusion. "The law in the Ninth Circuit is clear that 'post-purchase confusion,' *i.e.*, confusion on the part of someone other than the purchaser who, for example, simply sees the item after it has been purchased, can establish the required likelihood of confusion under the Lanham Act…." *Karl Storz Endoscopy-Am., Inc. v. Surgical Techs., Inc.*, 285 F.3d 848, 854-855 (9th Cir. 2002). "Post-sale confusion occurs when consumers view a product outside the context in which it is originally distributed and confuse it with another, similar product." *Academy of Motion Picture Arts & Sciences v. Creative House Promotions, Inc.*, 944 F.2d 1446, 1455 (9th Cir. 1991); *see also Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt.*, 618 F.3d 1025, 1032 (9th Cir. 2010) ("This evidence suggests the possibility of post-purchase confusion, which, we have held, 'can establish the required likelihood of confusion under the Lanham Act….").

Apple's trade dress infringement case also includes initial interest confusion. A potential purchaser might be attracted to a Samsung product originally because it looks confusingly similar to Apple's trade dress. The Ninth Circuit recognizes this as "initial interest" confusion. *See Nissan Motor Co. v. Nissan Computer Corp.*, 378 F.3d 1002, 1018 (9th Cir. 2004) ("Initial interest confusion occurs when the defendant uses the plaintiff's trademark in a manner calculated to capture initial consumer attention, even though no actual sale is finally completed as a result of the confusion.") (citations and quotation marks omitted); *Brookfield Comm's., Inc. v. West Coast Entm't*, 174 F. 3d 1036, 1062, 1066 (9th Cir. 1999) ("no source confusion in the sense that consumers know they are patronizing West Coast rather than Brookfield" but actionable "initial interest confusion in the sense that . . ., by using [Brookfield's trademark] to divert people . . . to its web site, West Coast improperly benefits from the goodwill that Brookfield developed in its mark"); *Dr. Seuss Enters., L.P. v. Penguin Books USA, Inc.*, 109 F.3d 1394, 1405 (9th Cir. 1997) ("the use of the Cat's stove-pipe hat or the confusingly similar title to capture initial consumer attention, even though no actual sale is finally completed as a result of the confusion, may be still an infringement").

APPLE'S REQUEST FOR AN INTERIM JURY INSTRUCTION REGARDING LIKELIHOOD OF CONFUSION
CASE NO. 11-CV-01846-LHK (PSG)
pa-1545883

2

Apple has relied on such types of confusion from the start of this case. As stated in Apple's Amended Complaint:

> Samsung's adoption of a trade dress that slavishly copies the Apple iPhone Trade Dress, Apple iPhone 3G Trade Dress, Apple iPhone 4 Trade Dress, Apple iPad Trade Dress, and Apple iPad 2 Trade Dress . . . is likely to cause confusion or mistake, or to deceive consumers, purchasers, and others into thinking that Samsung products are Apple products, or that they are sponsored by or affiliated with Apple, when they are not. The copying is particularly problematic because the Samsung Galaxy products are the type of products that will be *used in public* — on the bus, in cafes, in stores, or at school, *where third parties, who were not present when the products were purchased*, *will associate them with Apple because they have the unmistakable Apple look* that is created from the various elements of the Apple iPhone Trade Dress, Apple iPhone 3G Trade Dress, Apple iPhone 4 Trade Dress, Apple iPad Trade Dress, and Apple iPad 2 Trade Dress.

(Dkt. No. 75 at ¶ 106 (emphasis added).)

Now is the time for the Court to clarify these issues. Apple requests that the jury be instructed that instances of actual confusion need not be shown, and that post-sale confusion and initial interest confusion (as well as point-of-sale confusion) are actionable. The members of the jury may otherwise listen to the evidence incorrectly believing that Apple must show customers at the point of sale to have been duped into thinking they were buying Apple products. If the Court waits until the close of evidence before instructing the jury on these well-established principles, there is a risk that the jury will be "confused about confusion" during Mr. Van Liere's testimony. An interim instruction as proposed in Apple's attached exhibit will reduce the risk that the jury receives this evidence while operating under a flawed understanding of the law.

Dated: August 9, 2012                    MORRISON & FOERSTER LLP

                                         By:  */s/ Michael A. Jacobs*
                                              Michael A. Jacobs

                                              Attorneys for Plaintiff and
                                              Counterclaim-Defendant
                                              APPLE INC.