1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Timothy T. Scott (State Bar No. 126971)
tscott@kslaw.com
Geoffrey M. Ezgar (State Bar No. 184243)
gezgar@kslaw.com
Leo Spooner, III (State Bar No. 241541)
lspooner@kslaw.com
KING & SPALDING LLP
333 Twin Dolphin Drive, Suite 400
Redwood Shores, CA 94065
Telephone:  +1 650 590 0700
Facsimile:  +1 650 590 1900

Attorneys for Non-Party
INTERNATIONAL BUSINESS MACHINES CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

APPLE INC., a California corporation,

            Plaintiff,

      v.

SAMSUNG ELECTRONICS CO., LTD., a
Korean corporation; SAMSUNG
ELECTRONICS AMERICA, INC., a New
York corporation; and SAMSUNG
TELECOMMUNICATIONS AMERICA,
LLC, a Delaware limited liability company,

            Defendants.

CASE NO. 11-CV-01846-LHK (PSG)

NON-PARTY INTERNATIONAL BUSINESS
MACHINES CORPORATION'S NOTICE OF
EMERGENCY ADMINISTRATIVE MOTION
FOR A LIMITED SEALING ORDER

Judge:   Hon. Judge Lucy H. Koh

1

1

### EMERGENCY ADMINISTRATIVE MOTION FOR A LIMITED SEALING ORDER

2
Pursuant to the Court's Order of July 23, 2012 (Dkt. No. 1288), and Civil Local Rules 7-

3
11 and 79-5, International Business Machines Corporation ("IBM") submits this administrative

4
motion requesting an order sealing information about royalty rates and balancing payments in two

5
documents, Samsung Trial Exhibits 2592 and 2593, which are commercially sensitive to IBM.

6
There are compelling reasons for a narrowly tailored sealing of this information.[1]

7
Apple today informed IBM that Samsung intends to use as trial exhibits in a witness

8
examination tomorrow (Friday, August 10) a license agreement and amendment between Apple

9
and IBM, which have been identified as DX2592 and DX2593, a 2002 IBM-Apple Patent Cross

10
License Agreement and 2006 License Amendment.  These exhibits contain confidential

11
information regarding the amount of royalty rates and balancing payments, which are payments

12
from one party to the other to account for differences in the size and relevance of the respective

13
patent portfolios.  *See* Petersen Declaration ¶ 3.

14
IBM requests an order sealing the portions of the IBM-Apple Agreements that disclose the

15
amount of royalty rates and balancing payments of the Agreements.  In particular, IBM seeks to

16
seal:  (1) in DX2592, Sections 2.1, and 2.2; and (2) in DX2593, the information on pages

17
DX2593.007 and DX2593.009 that reflects the consideration for the transaction.  If there are

18
other exhibits or testimony that also disclose those amounts, but that were not brought to IBM's

19
attention by Samsung or Apple, IBM also requests sealing those amounts in such other exhibits or

20
testimony.

21
There are compelling reasons for sealing this commercially sensitive information.  Public

22
disclosure of the amount of payments under IBM's license agreements would harm IBM  in

23
future license and settlement negotiations because potential licensees would be able to derive

24
IBM's business and strategic methodology for negotiating financial agreements, particularly by

25
making public royalty rates and balancing payments that are highly confidential.  Petersen Dec. ¶

26
5.  That methodology, which subsumes the exact factors IBM relies upon and how it weights

27

---

[1] IBM filed a Motion (Dkt No. 1376), Supplemental Declaration (Dkt No. 1479) and a Reply (Dkt No. 1575) requesting the sealing of similar information in a cross-license between Samsung and IBM.  That Motion is still pending.

28

1    those factors, is a valuable secret.  Petersen Dec. ¶ 4.  The amount of royalty rates and balancing

2    payments in particular agreements, such as the 2002 IBM-Apple Patent Cross License Agreement

3    and 2006 License Amendment, are significant data points that facilitate the reverse engineering of

4    IBM's pricing methodology.  Petersen Dec. ¶ 5.  Competitors and potential counterparties to

5    licensing and settlement agreements would gain an unfair insight into IBM's analyses,

6    particularly as IBM would know nothing about their methodology for the negotiations.  *Id*.  By

7    using their knowledge of the precise substantive and financial terms of this otherwise nonpublic

8    agreement, this unfair advantage would allow them to calibrate their negotiation strategies to the

9    determent of IBM.  *Id*.  Accordingly, confidential license agreements have been consistently held

10   by courts to meet the "compelling reasons" standard of the Ninth Circuit.  *See, e.g., Electronic*

11   *Arts, Inc. v. United States District Court for the Northern District of California*, 298 Fed. Appx.

12   568, 569 (9th Cir. 2008) (pricing terms, royalty rates, guaranteed minimum payment terms of

13   licensing agreement constituted trade secret); *Powertech Tec., Inc., v. Tessera, Inc.*, 2012 U.S.

14   Dist. LEXIS 75831, at *5 (N.D. Cal. May 31, 2012) (compelling reasons to seal license

15   agreement).

16          In view of the Court's Order of July 17, 2012 (Dkt. No. 1256), IBM's request is narrowly

17   tailored to sealing only royalty rates and balancing payments information in the IBM-Apple

18   Agreements.  There is little public interest in knowing the specific amounts under this particular

19   proprietary agreement.  The 2002 IBM-Apple Patent Cross License Agreement and 2006 License

20   Amendment require the parties to maintain the confidentiality of their terms, Petersen Decl. ¶ 6,

21   and IBM relies upon that confidentiality obligation to protect its sensitive corporate information.

22   *See In re Adobe Systems, Inc. Sec. Litigation*, 141 F.R.D. 155, 161-62 (N.D. Cal. 1992) (under-

23   seal filings preserve third parties' "legitimate expectation that confidential business information,

24   proprietary technology and trade secrets will not be publicly disseminated").  For the reasons

25   stated above, public disclosure of the commercially sensitive royalty rate and balancing payment

26   information specified in that agreement would harm IBM's active and substantial patent licensing

27   business.  Petersen Dec. ¶ 3, 6.

28

3

1       This Motion is accompanied by a declaration of Mark S. Petersen, IBM's Director of

2   Finance, Intellectual Property, and a Proposed Order.  Apple's counsel has informed IBM that it

3   intends to lodge proposed redacted copies of DX2592 and DX2593 with the court on Friday,

4   August 10, 2012.

5   DATED:  August 9, 2012              KING & SPALDING LLP

6

7                                       BY:  *Timothy T. Scott*_____
                                             Timothy T. Scott
8                                       Attorneys for Non-Party
                                        INTERNATIONAL BUSINESS MACHINES
9                                       CORPORATION

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4