| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781) <br> hmcelhinny@mofo.com <br> MICHAEL A. JACOBS (CA SBN 111664) <br> mjacobs@mofo.com <br> RACHEL KREVANS (CA SBN 116421) <br> rkrevans@mofo.com <br> JENNIFER LEE TAYLOR (CA SBN 161368) <br> jtaylor@mofo.com <br> ALISON M. TUCHER (CA SBN 171363) <br> atucher@mofo.com <br> RICHARD S.J. HUNG (CA SBN 197425) <br> rhung@mofo.com <br> JASON R. BARTLETT (CA SBN 214530) <br> jasonbartlett@mofo.com <br> MORRISON & FOERSTER LLP <br> 425 Market Street <br> San Francisco, California 94105-2482 <br> Telephone: (415) 268-7000 <br> Facsimile: (415) 268-7522 | WILLIAM F. LEE <br> william.lee@wilmerhale.com <br> WILMER CUTLER PICKERING <br> HALE AND DORR LLP <br> 60 State Street <br> Boston, MA 02109 <br> Telephone: (617) 526-6000 <br> Facsimile: (617) 526-5000 <br><br> MARK D. SELWYN (SBN 244180) <br> mark.selwyn@wilmerhale.com <br> WILMER CUTLER PICKERING <br> HALE AND DORR LLP <br> 950 Page Mill Road <br> Palo Alto, California 94304 <br> Telephone: (650) 858-6000 <br> Facsimile: (650) 858-6100 |

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, <br><br> Defendants. | Case No. 11-cv-01846-LHK (PSG) <br><br> **APPLE'S MOTION TO EXCLUDE SAMSUNG WITNESS TESTIMONY** |

Apple moves to exclude testimony from two witnesses the substance of whose testimony Samsung failed to disclose.

## I. DALE SOHN MUST BE EXCLUDED AS A WITNESS BECAUSE SAMSUNG FAILED TO DISCLOSE HIM AND FOUGHT HIS DEPOSITION.

Dale Sohn is the President and Chief Executive Officer of Samsung Telecommunications America. Samsung's witness list states that he "may testify regarding Samsung's innovative technology and products." Samsung's four-times-amended initial disclosures list nearly 100 witnesses, but Mr. Sohn was not among them. (Declaration of Jason Bartlett in Support Of Motion to Exclude or Limit Samsung Witness Testimony ("Bartlett Decl.") Ex. 1.) That is reason enough why Samsung cannot call him to testify now. Fed. R. Civ. P. 37(c)(1) (failure to disclose witness under Rule 26 prevents party from presenting witness at trial unless omission was "substantially justified" or "harmless."); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106-7 (9th Cir. 2001) (burden to prove exception to "automatic" exclusion sanctions under Rule 37(c)(1) is on party facing sanctions); *Tyco Thermal Controls, Inc. v. Redwood Indus.*, Case No. C 06-7164 SBA, C 10-1606 SBA, 2012 U.S. Dist. LEXIS 91598, at *5 (N.D. Cal. June 29, 2012) (exclusion of witnesses was appropriate because party failed to disclose witnesses under Fed. R. Civ. P. 26(a)(1) and made no showing that such failure was harmless or substantially justified).[1]

Moreover, Samsung fought tooth-and-nail to prevent Apple from taking Mr. Sohn's deposition. When Apple noticed his deposition in December 2011, Samsung expressed outrage that the notice "appears to have been sent for no other purpose than to harass Samsung and Mr. Sohn." (Bartlett Decl. Ex. 2 at 1.) Samsung protested that Apple could not demonstrate that Mr. Sohn had any "first-hand material knowledge" that was not available from others. Again in February, Samsung objected saying he had no "personal knowledge that is relevant to this case,

---

[1] Apple notes that Samsung has now objected to the testimony of Apple witness Edward Sittler on the grounds that he was not in Apple's Rule 26 disclosures, even though Mr. Sittler was timely placed on Apple's witness list and is merely offered on the narrow technical issue of the source of Apple's purchase of two Samsung products on the Joint Exhibit list. (Dkt. No. 1637 at 6-8.)

and no relationship to the accused products or the patents-in-suit other than [his] place atop Samsung's organizational hierarchy." (Id. Ex. 3 at 1.)

Apple was forced to move to compel Mr. Sohn's deposition. Mr. Sohn supported Samsung's opposition with a declaration stating that while he "oversee[s] those responsible for all STA products at a very high level" he was "not primarily responsible" for day-to-day decision making regarding "design, development or marketing of any STA products, including the smart phone and tablet products at issue in this case." (Dkt. No. 754-1 at 2.) In ruling on the motion, the Court noted Samsung's argument that Mr. Sohn's knowledge came only from "reports" he received in the process of overseeing "1,000 employees and three business divisions . . . " (Dkt. No. 850 at 13.) The Court allowed only a limited three hour deposition, which finally took place on April 20, more than a month after the close of fact discovery. Because of Samsung's objections, Apple was prevented from taking a full deposition of Mr. Sohn and the limited deposition Apple was allowed to take occurred far too late for Apple to conduct any follow-up discovery in connection with it.

In sum, Samsung failed to disclose the scope of Mr. Sohn's relevant knowledge in its disclosures, disclaimed that he had any such knowledge, and deprived Apple of the opportunity to take a full and timely deposition. Samsung cannot call him to testify now.

## II. HYOUNG SHIN PARK'S TESTIMONY SHOULD BE EXCLUDED UNDER THE COURT'S ORDERS EXCLUDING EVIDENC E OF THE F700.

Samsung offers Hyoung Shin Park on the topic of "Samsung design, including design of F700 and contemporaneous designs." (Dkt. No. 1332 at 2.) The Court has repeatedly excluded such testimony. (*See* Dkt. No. 934-1, 934-4 (motion to strike untimely disclosed design patent invalidity and noninfringement theories, including F700); Dkt. No. 1144 at 3-5 (granting Apple's motion); Dkt. No. 1545 at 9 (denying Samsung's motion for relief from order granting motion to strike); Dkt. No. 1456 at 2 (sustaining objection to Samsung's attempt to use untimely disclosed references, including F700, in opening statement); Dkt. No. 1510 at 2 (denying Samsung's motion for reconsideration of order sustaining objection to opening statement on F700); Trial Tr. Aug. 6, 2012 at 1188:4-1189:4 (sustaining objection to Samsung's attempt to introduce through

APPLE'S MOT. TO EXCLUDE SAMSUNG WITNESS TESTIMONY
CASE NO. 11-CV-01846-LHK (PSG)                                                                                           2

1 Apple's expert non-infringement argument based on F700).) The F700 and other
2 "contemporaneous designs" created by Ms. Park are not accused products in this case, are not
3 prior art, and were not timely disclosed in Samsung's interrogatory responses.

4 Ms. Park's testimony on the F700 is not relevant to the design history of the Samsung
5 products at issue. There is no evidence that the accused products were based on the F700 design.
6 Ms. Park testified in deposition that she is unaware of any Samsung phone having been based on
7 the F700. (Bartlett Decl. Ex. 4). Samsung Galaxy S head designer Minhyouk Lee said the
8 accused Galaxy S phone design was "his own independent one" and was *not* influenced by the
9 F700. (*Id*. Ex. 5).

10 Samsung may argue that the Court has held that the F700 "may be considered for
11 alternative design and functionality purposes" and that Samsung has already been permitted to
12 use it for that purpose. (Trial Tr. Aug. 6, 2012 at 1184:1-4.) If that is Samsung's intent,
13 Ms. Park's testimony is a waste of time and prejudicial under Federal Rule of Evidence 403.
14 Samsung already had the opportunity to present the F700 as an example of an alternative design
15 in their examination of Apple's expert, Peter Bressler.[2] Going into the creation history of an
16 alternative design is clearly intended to skirt the Court's previous rulings. Going into the design
17 history of the F700 in particular is extremely prejudicial because the risk is high that the jury will
18 consider the F700 as evidence of independent development, invalidity, or non-infringement
19 regardless of whether or not Samsung encourages them to do so. In short, there is *no* permissible
20 purpose for which Samsung can introduce Ms. Park's testimony on the F700 that is admissible.

21 It appears that Ms. Park has no relevant testimony to offer on "Samsung design" beyond
22 the F700. Samsung did not identify Ms. Park as a designer of accused products in response to
23 interrogatories, nor did she testify about them in her deposition. (Bartlett Decl. Ex. 6**.**) There is

---

[2] In fact, Samsung's claim that it wants to establish the F700 as an alternative design makes no sense. Alternative designs only *hurt* Samsung's case because they *rebut* Samsung's argument that Apple's asserted designs are functional. Just *two questions* after Samsung obtained the Court's permission to show the F700 to the jury for limited purposes, Samsung attempted to use it for the impermissible purpose of proving non-infringement of Apple's design patents. The Court immediately put a stop to it. (Trial Tr. Aug. 6, 2012 at 1188:4-19 (sustaining objection and ordering Samsung to take down image of F700 placed next to accused Infuse 4G.)) Samsung's proffer is plainly pretext.

no evidence that Ms. Park has *any* connection to *any* accused product.  The only disclosures Samsung has made with respect to Ms. Park relate to Samsung's untimely disclosed and repeatedly stricken evidence of alleged independent development.  Accordingly, any testimony she would have to offer on "Samsung design" would be irrelevant.  Samsung should *not* be allowed to use Ms. Park's testimony as an opportunity to end-run the Court's repeated orders excluding the F700 and similarly stricken theories of "independent development," invalidity and non-infringement.

Dated:  August 9, 2012                                         MORRISON & FOERSTER LLP

                                                               By:    /s/ *Michael A. Jacobs*
                                                                          MICHAEL A. JACOBS

                                                                      Attorneys for Plaintiff
                                                                      APPLE INC.