Exhibit 6

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5  Kevin P.B. Johnson (Bar No. 177129)
   kevinjohnson@quinnemanuel.com
6  Victoria F. Maroulis (Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
7  555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, California  94065-2139
8  Telephone: (650) 801-5000
   Facsimile: (650) 801-5100
9
   Michael T. Zeller (Bar No. 196417)
10 michaelzeller@quinnemanuel.com
   865 S. Figueroa St., 10th Floor
11 Los Angeles, California 90017
   Telephone: (213) 443-3000
12 Facsimile: (213) 443-3100

13 Attorneys for SAMSUNG ELECTRONICS CO.,
   LTD., SAMSUNG ELECTRONICS AMERICA,
14 INC. and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC
15

16                          UNITED STATES DISTRICT COURT

17                  NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

18

19 | APPLE INC., a California corporation,              | CASE NO. 11-cv-01846-LHK
20 |         Plaintiff,                                 | **SAMSUNG'S SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO**
21 |    vs.                                             | **APPLE'S INTERROGATORIES TO DEFENDANTS RELATING TO APPLE'S**
22 | SAMSUNG ELECTRONICS CO., LTD., a                   | **MOTION FOR A PRELIMINARY**
   | Korean business entity; SAMSUNG                    | **INJUNCTION - SET TWO (NOS. 10-11)**
23 | ELECTRONICS AMERICA, INC., a New
   | York corporation; SAMSUNG                          | **HIGHLY CONFIDENTIAL –**
24 | TELECOMMUNICATIONS AMERICA,                        | **ATTORNEYS' EYES ONLY**
   | LLC, a Delaware limited liability company,         | **UNDER THE PROTECTIVE ORDER**
25 |
   |         Defendant.
26 |

27

28

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC, ("Samsung") submit the following supplemental objections and responses to Plaintiff Apple Inc's ("Apple's") Interrogatories to Defendants Relating to Apple's Motion for a Preliminary Injunction.

Samsung expressly incorporates the following General Objections as though set forth fully in response to each of the following individual interrogatories and, to the extent that they are not raised in any particular response, Samsung does not waive those objections.

## GENERAL OBJECTIONS

The following general objections apply to each and every interrogatory propounded by Plaintiff, and are incorporated into each of the following responses by reference as if set forth fully therein:

1. Samsung objects to the "Definitions" and "Instructions" contained in Apple's Second Set of Interrogatories to the extent they are inconsistent with the Federal Rules of Civil Procedure.

2. Samsung objects to Apple's Definition of "Samsung," "You," "Your," and "Defendants" as overly broad to the extent it requires Samsung to pursue information from individuals no longer employed by Samsung whose data is not currently in the possession of Samsung. Samsung further objects to Apple's Definition of "Samsung," "You," "Your," and "Defendants" as overly broad, vague, and ambiguous to the extent it does not define "affiliates," and also to the extent that it requires Samsung to potentially seek information from thousands of people. Samsung will respond to interrogatories based on a reasonable inquiry of individuals expected to possess the requested information.

3. Samsung objects to Apple's definition of "Products at Issue" as overly broad and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, insofar as it seeks information about these products "as released anywhere in the world."

4. Samsung objects to Apple's definition of "Hardware Design" as overly broad, vague, and ambiguous insofar as it includes "all hardware, insignia or ornamentation thereon."

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

5. Samsung objects to these interrogatories as vague and ambiguous to the extent they include terms that are undefined. Samsung in its responses will identify any terms it believes are vague and ambiguous and will assume a reasonable meaning for each such term.

6. Samsung objects generally to each interrogatory to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity. Any inadvertent disclosure of such information shall not be deemed a waiver of the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity recognized by statute or case law. Samsung will exchange with Apple a log of withheld documents at a time agreed to by counsel for the parties. Samsung objects generally to the logging of privileged documents that were created on or after the date of filing of the original Complaint (on April 15, 2011). Samsung will not log privileged documents that were created on or after April 15, 2011.

7. Samsung objects generally to the interrogatories to the extent they seek information from outside a reasonable time period or from a point other than a reasonable time, or seek information about products outside the United States.

8. Samsung objects to these interrogatories to the extent they seek to compel Samsung to generate or create information and/or documents that do not already exist.

9. Samsung objects generally to the interrogatories to the extent that they prematurely call for contentions, identification of prior art, or identification of witnesses at this stage of the litigation.

10. Samsung objects to each interrogatory to the extent it is duplicative or cumulative of another interrogatory.

11. Samsung objects to each interrogatory to the extent it is compound and comprises discrete subparts resulting in separate interrogatories.

12. Samsung expressly reserves the right to respond to any or all of the interrogatories by specifying documents wherein the responsive information may be ascertained pursuant to Rule 33(d) of the Federal Rules of Civil Procedure.

13. Samsung objects generally to the interrogatories to the extent they seek confidential proprietary or trade secret information of third parties. Samsung will endeavor to work with third parties to obtain their consent, if necessary, before identifying or producing such information and/or documents.

14. Samsung objects generally to the interrogatories on the grounds that they are overly broad, unduly burdensome, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

15. Samsung objects to the interrogatories on the ground that they are overly broad, unduly burdensome and oppressive to the extent they purport to require Samsung to search its facilities and inquire of their employees other than those facilities and employees that would reasonably be expected to have responsive information. Samsung's responses are based upon (1) a reasonable search and investigation of facilities and files that could reasonably be expected to contain responsive information, and (2) inquiries of Samsung's employees and/or representatives who could reasonably be expected to possess responsive information.

16. Samsung objects to the interrogatories on the grounds that they seek information already in the possession of Apple, publicly available, or as readily available to Apple as it is to Samsung.

17. Samsung objects to the interrogatories on the grounds and to the extent that they seek legal conclusions or call for expert testimony. Samsung's responses should not be construed to provide legal conclusions.

18. Samsung further objects to interrogatories Nos. 10-14 as improperly delayed. Apple has known about the Court's discovery schedule relating to Apple's motion for a preliminary injunction since July 18, 2011. While Apple had the opportunity to serve these interrogatories at an earlier time, it waited until the last possible date under the Court's Order to serve these discovery requests, along with over 60 additional document requests. These interrogatories seek information that Apple could have requested at a much earlier date. None of these interrogatories are dependent on any arguments raised in Samsung's Opposition to Apple's preliminary injunction. Therefore, Samsung objects to Apple's bad faith in delaying service of

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

1  these requests.

2        Subject to and without waiving the foregoing General Objections, Samsung objects as

3  follows:

4  **SPECIFIC OBJECTIONS**

5  **INTERROGATORY NO. 10:**

6        Describe the circumstances surrounding the development and/or design of the Hardware

7  Design of the Products at Issue, including dates of conception of the design of the Hardware

8  Design, the persons who were involved, and the tools or software used to create or model the

9  design of the Hardware Design.

10 **SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO INTERROGATORY**

11 **NO. 10:**

[Irrelevant Material Redacted]

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Irrelevant Material Redacted

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

Irrelevant Material Redacted

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

Irrelevant Material Redacted

26  Samsung also incorporates by reference the transcript of the deposition of Samsung's Rule
27  30(b)(6) witness, Justin Denison, and the exhibits thereof.
28  The persons with direct personal knowledge of the design of the accused features of the

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

1  Products at Issue are Jinsoo Kim, Jung Min Yeo, Minhyouk Lee, GiYoung Lee, Yongseok Bang,
2  Bo-ra Kim, and Yunjung Lee.
3       Samsung has not yet completed its discovery and investigation of the facts relating to this
4  interrogatory.   Samsung will supplement this response with a narrative, and/or with the additional
5  documents reflecting this information pursuant to Fed. R. Civ. P. 33(d).
6  **INTERROGATORY NO. 11:**

*Irrelevant Material Redacted*

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

Irrelevant Material Redacted

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

1
2
3
4
5
6
7
8                                    Irrelevant Material Redacted
9
10
11  DATED: November 21, 2011         Respectfully submitted,
12                                   QUINN EMANUEL URQUHART &
                                     SULLIVAN, LLP
13
14
15                                   By      /s/ Victoria Maroulis
                                         Charles K. Verhoeven
16                                       Kevin P.B. Johnson
                                         Victoria F. Maroulis
17                                       Michael T. Zeller
18                                       Attorneys for SAMSUNG ELECTRONICS CO.,
                                         LTD., SAMSUNG ELECTRONICS AMERICA,
19                                       INC. and SAMSUNG
                                         TELECOMMUNICATIONS AMERICA, LLC
20
21
22
23
24
25
26
27
28

-11-                                                     Case No. 11-cv-01846-LHK
SAMSUNG'S SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO
APPLE'S INTERROGATORIES RELATING TO APPLE'S PI MOTION - SET TWO (NOS. 10-11)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

### CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2011, I caused **SAMSUNG'S SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S INTERROGATORIES RELATING TO APPLE'S PI MOTION - SET TWO (NOS. 10-11)** with corrected confidentiality designation to be electronically served on the following via email:

**ATTORNEYS FOR APPLE INC.**

AppleMoFo@mofo.com
HAROLD J. MCELHINNY
hmcelhinny@mofo.com
MICHAEL A. JACOBS
mjacobs@mofo.com
JENNIFER LEE TAYLOR
jtaylor@mofo.com
ALISON M. TUCHER
atucher@mofo.com
RICHARD S.J. HUNG
rhung@mofo.com
JASON R. BARTLETT
jasonbartlett@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING HALE
AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING HALE
AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

I declare under penalty of perjury that the foregoing is true and correct.   Executed in Redwood Shores, California on November 21, 2011.

_____ _/s/ Melissa N. Chan_____