UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California corporation,  ) | Case No.: 11-CV-01846-LHK |
| ) | |
| Plaintiff,  ) | ORDER RE: OBJECTIONS TO SINGH, |
| v.  ) | TEKSLER, LEE, AND CHANG |
| ) | EXHIBITS AND DEPOSITION |
| SAMSUNG ELECTRONICS CO., LTD., A  ) | DESIGNATIONS |
| Korean corporation; SAMSUNG  ) | |
| ELECTRONICS AMERICA, INC., a New York ) | |
| corporation; SAMSUNG  ) | |
| TELECOMMUNICATIONS AMERICA, LLC,  ) | |
| a Delaware limited liability company,  ) | |
| ) | |
| Defendants.  ) | |
| ) | |

After reviewing the parties' briefing, considering the record in the case, and balancing the considerations set forth in Federal Rule of Evidence 403, the Court rules on Samsung's objections as follows:

**A. Karan Singh**[1]

    **1. Samsung's Objections**

---

[1] Apple has filed a motion to seal related to its objections and responses to Dr. Singh. Specifically, Apple seeks to seal Dr. Singh's expert report. Although Samsung has not yet filed a declaration in support of the motion as is required by Civil Local Rule 79-5(d), the Court has reviewed the report and finds that only the portions of the report which contain undisclosed source code are properly sealable. *See Agency Solutions.Com, LLC v. TriZetto Group, Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D. Cal. 2011) ("[S]ource code is undoubtably[sic] a trade secret."); *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Accordingly, Apple's motion to seal is GRANTED, in part. Samsung shall file a redacted version that redacts only source code. Additionally, as the Court has already noted, the courtroom will be open at all times during trial. Therefore, any slides used during Dr. Singh's testimony will be available to the public.

1

Case No.: 11-CV-01846-LHK
ORDER ON OBJECTIONS TO EXHIBITS

| EXHIBIT NUMBER | COURT'S RULING ON OBJECTION |
|---|---|
| PX49 | Sustained. Although Samsung only produced PX 49 on April 10, 2012, over a month after the March 8, 2012 close of discovery, Dr. Singh's rebuttal report was not completed until April 16, 2012. Thus, even with Samsung's late production, Dr. Singh had the opportunity to include PX49 in his expert report but failed to do so. Because of this failure, Samsung lacked notice that Dr. Singh would be relying on PX49 in his testimony and therefore did not depose him on it. Because Samsung has not had the opportunity to depose Dr. Singh regarding PX49, it would be unfair to allow Dr. Singh to testify on PX49 at trial. FRE 102 and 403. However, this does not preclude Apple from seeking to introduce this document through another witness. |
| PDX29 | Overruled. Although Dr. Singh never explicitly discussed source code in connection with claim 8 of the '915 patent, he did discuss this code in connection with claim 1. Although claim 1 and claim 8 are technically distinct claims, a reading of the '915 patent reveals that claim 1 discloses a method for scrolling on a touch-sensitive display of a device and claim 8 discloses a machine readable storage medium that stores instruction that, when executed, performs the method of claim 1. Other than their preambles, claim 8 and claim 1 are substantially the same. Accordingly, although Dr. Singh only discussed source code in connection with claim 1, Samsung should have been on notice that such discussion would also apply to claim 8. Samsung provides no support for its claim that Dr. Singh lacks foundation to discuss PDX29; so long as Apple lays foundation at trial, PDX29 will be admissible. |

2. **Apple's Objections**

| EXHIBIT NUMBER | COURT'S RULING ON OBJECTION |
|---|---|
| DX2557 | Sustained. The video in DX2557 contains footage of a Galaxy Tab 10.1 LTE that shows a "blue glow" design-around for the '381 bounce-back patent, which was excluded by Judge Grewal. This Court affirmed Judge Grewal's ruling. Samsung concedes the presence of the "blue glow." |
| October 25, 2011 ITC 796 Deposition Transcript | Sustained. This exhibit contains testimony from Dr. Singh's ITC deposition regarding claim construction for patents not asserted in this litigation. Such information is not relevant to any issue in this case, and is therefore barred under FRE 402 and 403. Furthermore, the Court granted Samsung's motion in limine to exclude the findings of parallel proceedings as confusing to the jury. *See* ECF No. 1269 ¶ 14. Accordingly, the Court sustains Apple's objection because the risk of confusing the jury and wasting time by introducing excluded evidence outweighs the probative value of this testimony under FRE 403. |

**B. Boris Teksler[2]**

---

[2] Samsung filed a motion to seal portions of its objections based on the protective order and confidentiality designations made by Apple. See ECF No. 1628. Although Apple has not yet filed a declaration in support of the motion as is required by Civil Local Rule 79-5(d), the Court has reviewed the motion and finds that none of the information is properly sealable pursuant to the

2

Case No.: 11-CV-01846-LHK
ORDER ON OBJECTIONS TO EXHIBITS

United States District Court
For the Northern District of California

#### 1. Samsung's Objections

| EXHIBIT NUMBER | COURT'S RULING ON OBJECTION |
|---|---|
| Testimony About the August 4, 2012 Meeting Between Apple and Samsung | Reserved. Mr. Teksler was not present at the August 4, 2010 meeting. Accordingly, Mr. Teksler's knowledge of the August 4 meeting comes exclusively from speaking with Apple's General Counsel and from subsequent meetings with Samsung in which the parties cross-referenced the earlier PX52 presentation. In the portions of his deposition provided to the Court, Mr. Teksler repeatedly cited attorney-client privilege to avoid discussing the conversations with Apple's General Counsel, and it remains unclear what information exactly Mr. Teksler obtained from Samsung employees as opposed to what information was obtained from Apple's General Counsel. If Apple intends to introduce this testimony at trial, Apple must make a sufficient proffer that Mr. Teskler learned about the presentation from Samsung employees rather than from Apple's General Counsel. Apple must file this proffer by 7:30 a.m. on August 10, 2012. |
| PX52 | Reserved. Mr. Teksler created PX52 and therefore has personal knowledge under Rule 602 to introduce PX52. However, Apple has not provided enough evidence for the Court to find, by a preponderance of the evidence, that Samsung was shown the slide show presentation in PX52. Accordingly, Apple cannot introduce PX52 to prove that Samsung had notice of the information on the slides — the only non-hearsay purpose for which Apple offers the exhibit – unless Apple makes a sufficient proffer that Samsung was shown PX52. Apple must file this proffer by 7:30 a.m. on August 10, 2012. |

#### 2. Apple's Objections

| EXHIBIT NUMBER | COURT'S RULING ON OBJECTION |
|---|---|
| PX51/DX586 (same document) | Overruled. Although PX51 claims on its face that it is provided for "Business Settlement Purposes Only" and provided under "Rule 408 of Federal Rules of Evidence, Without Prejudice," Apple has offered no authority for the proposition that such a declaration is sufficient to exclude evidence under the FRE 408. FRE 408 precludes the use of compromise offers and negotiations "either to prove or disprove the validity or amount of a disputed claim." Samsung seeks to introduce PX51 to demonstrate lack of notice, a permissible purpose under Rule 408. *See* Fed. R. Evid. 408. To avoid any potential Rule 403 problems, the Court will issue a limiting instruction to the jury that "PX51 may be considered to establish whether or not Samsung had notice of Apple's design claims, and may not be used to prove or disprove the validity or amount of any disputed claims." |

### C. Jun Won Lee

#### 1. Samsung's Objections

---

"compelling reasons" standard set forth in *Kamakana*. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Accordingly, Samsung's motion is DENIED.

| EXHIBIT NUMBER | COURT'S RULING ON OBJECTION |
|---|---|
| Lee Dep. at 24:13-15 | Sustained. Apple has withdrawn this deposition designation. |

### 2. Apple's Objections

| EXHIBIT NUMBER | COURT'S RULING ON OBJECTION |
|---|---|
| Lee Dep. at 45:2-15, and 40:24-41:2, 44:3-5; 44:7-9; 55:20-21; 55:23-56:2 | Sustained in part. Consistent with this Court's prior ruling that Apple may not introduce evidence related to any FRAND issues until its rebuttal case, Samsung may not introduce evidence about Samsung's assertions of patent infringement against Apple in Apple's affirmative case. Rather, Samsung may present this evidence in its affirmative case. However, counter depo designations 55:20-21 and 55:23-56:2 relate to whether Apple discussed its trade dress at a meeting with Samsung. This relates to Apple's affirmative case and is admissible at this time. |

### D. DONG HOON CHANG

#### 1. Samsung's Objections

| WITNESS AND EXHIBIT NO. | COURT'S RULING ON OBJECTION |
|---|---|
| Chang Dep. at 157:20-22, 158:5-10, 158:18-19 and 158:23-25. | Reserved. Samsung objects that Dong Hoon Chang's March 7, 2012 deposition testimony at 157:20-22, 158:5-10, 158:18-19 and 158:23-25 references communications with Samsung's in-house legal team, and is protected by attorney-client privilege. Samsung filed portions of the Dong Hoon Chang deposition. *See* ECF No. 1637, Hutnyan Decl., Ex. H. However, Samsung did not file pages 157 and 158, which contain the allegedly privileged testimony. If Samsung wishes the Court to consider its objection, Samsung must lodge the disputed portions of the Chang deposition by August 10, 2012 at 7:30 a.m. |

#### 2. Apple's Objections

| WITNESS AND EXHIBIT NO. | COURT'S RULING ON OBJECTION |
|---|---|
| Chang Dep. at 157: 8-10. | Reserved. Neither party has submitted the relevant deposition pages to the Court. If Apple wishes the Court to consider its objection, Apple must lodge the relevant passages for review by August 10, 2012, at 7:30 a.m.<br><br>The Court's policy has been and will continue to be that a party requesting additional deposition testimony for the rule of completeness must play the additional deposition excerpts during its examination of the witness. |

**IT IS SO ORDERED.**

Dated: August 9, 2012

_____
LUCY H. KOH
United States District Judge

Case No.: 11-CV-01846-LHK
ORDER ON OBJECTIONS TO EXHIBITS