QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>　　　　　Defendants. | CASE NO. 11-cv-01846-LHK (PSG)<br><br>**SAMSUNG'S ADMINISTRATIVE MOTION TO LABEL JOINT EXHIBIT DEVICES IN A MANNER NOT OBSCURING TRADE DRESS** |

## I.   RELIEF REQUESTED

In accordance with Civil Local Rule 7-11, Samsung requests that this Court order that the devices on the joint trial exhibit list be labeled in a manner that does not cover up portions of or otherwise obscure the appearance of the devices.   Samsung recognizes that the labeling of the joint exhibits should be easily resolved between the parties and regrets having to involve the Court.   However, Apple demands that the devices be labeled in a manner that unfairly distorts the actual appearance of the devices, and will interfere with the jury's evaluation of the devices, particularly those accused of trade dress dilution and infringement.

## II.   FACTUAL BACKGROUND

Fifty-one of the parties' joint exhibits are Apple and Samsung devices (JX 1000 – JX 1038, 1050-1057, 1076-77, 1098-99), and eight more on the joint exhibit list are devices, such as prior art phones and tablets.   (Dkt. No. 1281.)   At those times that the joint exhibit Apple and Samsung devices are not in the Ceremonial Courtroom, Apple has physical custody and control of the accused Samsung devices.   (A. Abramowitz Dec. Exh. A)   To access the devices, Samsung must request that Apple make the devices available for inspection, and must arrange a time during which to look at the devices.

Apple affixed large exhibit labels to the backs of the joint exhibit Samsung devices.   (A. Abramowitz Dec. at ¶ 5)   In some cases, Apple also affixed control number labels to the backs of the devices.   (*Id.*)   Samsung has never consented to the application of labels to the backs of these devices.   (*Id.*)   The figures below show images from an August 6, 2012 inspection of these devices side-by-side with images of the same model of phones as they are found in the marketplace.   (Figs. 1 - 3)   As the Court can see from these images, all of the labels took up a substantial portion of the backs of the devices.   (*Id.*)   The Galaxy S 4G (JX1019) actually had three labels affixed to it.   (Fig. 1)   Several of the joint exhibit Samsung devices also have textured or distinctly shaped back casings, but the labels obscured the shape, finish and texture of a major portion of the phone devices in particular.   For example, the Galaxy S Captivate has a distinct checkered back panel that was significantly obscured by Apple's labels.   (Fig. 2)

-1-   Case No. 11-cv-01846-LHK (PSG)
SAMSUNG'S ADMINISTRATIVE MOTION TO LABEL JOINT EXHIBIT DEVICES IN A MANNER NOT OBSCURING TRADE DRESS

**Fig. 1: JX 1019, Galaxy S 4G**

 

**Fig. 2: JX 1011, Galaxy S Captivate**

 

**Fig. 3: JX 1017, Galaxy S Showcase 500**




On August 6, 2012, attorneys representing Samsung conducted an inspection of the joint exhibit devices in Apple's custody while in the presence of several Apple's attorneys.  Apple applied the new large exhibit labels to the joint exhibits between July 29, 2012 and August 6, 2012 without informing Samsung of the changes it was making to the joint exhibits.  (A. Abramowitz Dec. at ¶ 9.)  Upon seeing the manner in which Apple had labeled the devices so as to cover or obscure significant portions of the devices at issue, Samsung requested that the labels be removed and that the parties re-label them in manner that would not interfere with the appearance of the products.  (*Id.* at ¶11.)  Apple's counsel ultimately agreed to the removal of the exhibit labels and the parties discussed an alternative labeling system that would not obscure the product trade dress.  (*Id.* at ¶¶ 11-12.)  At this point, given Apple's agreement to the removal of the labels, Samsung believed that Apple had agreed that the devices would be labeled in a manner that would not obscure the product trade dress.  (*Id.* at ¶12.)

1        On August 7, 2012, Samsung's counsel explained to this Court that the labels had been
2   removed because they obscured the backs of the phones, including markings and branding, and
3   that alternative labels would be put in place.   Apple did not dispute or object to relabeling at that
4   time.   The Court did not order that the original labels be replaced, but directed that the parties file
5   a statement if any further changes were made to the joint exhibits.   (Tr. 1418-20)
6        On August 8, 2012, Samsung's counsel requested that Apple's counsel make the devices
7   available for cleaning and replacement of the labels.   (A. Abramowitz Dec. at ¶ 13.)   Samsung
8   proposed relabeling the joint exhibit Samsung devices by affixing a small sticker reflecting the
9   exhibit number to the side of each device, and affixing the full official exhibit labels to the boxes
10  for the devices.   (*Id.*)   Despite Apple's prior agreement, a different attorney representing Apple
11  refused and insisted "[w]e will not agree to anything other than full exhibit labels."   (*Id.* at ¶ 14.)
12  Even upon Samsung explaining that Apple's previous labels obscured large portions of the
13  phones, which would prevent the jury from making a fair determination of Apple's trade dress
14  claims, Apple's counsel asserted that "changing exhibit labels or risking mistake even in replacing
15  exhibit labels raises far more questions and issues than any concern over trade dress claims."
16  (*Id.*)

## III. DISCUSSION

From the beginning, Apple's trade dress claims have flown in the face of a basic principle of trade dress law: trade dress is the manner in which "a product is presented to a buyer." Art Attacks Ink, LLC v. MGA Entertainment Inc., 581 F.3d 1138, 1145 (9th Cir. 2009). Indeed, when this Court proposed instructing the jury to this effect, Apple repeatedly objected. The Court overruled Apple's objections and properly instructed the jury in accordance with elementary trade dress law and in accordance with the Ninth Circuit Model Jury Instructions. (*See* Tr. 270) ("Trade dress is the form in which a person presents a product or service to the market, its manner of display.").

Seeking to thwart that instruction, Apple tries to unfairly bolster its trade dress claims by obscuring and distorting the physical devices at issue by covering up large portions of the backs of the devices, by blotting out textures, shapes, colors and other information that consumers see. The joint exhibit devices themselves are the most important trade dress evidence in this case. Apple itself stated in opening that the jurors will "have the physical phones themselves so that [they] can compare them and make [their] determination at the end of trial." (Tr. 327-328). Given Apple's extravagant damages demands and other claims as to these devices, providing the jury with the true devices is far more important than having Apple's internal control numbers or a large exhibit sticker on the devices when a combination of the smaller sticker on the devices and their boxes will achieve the desired identification. Apple's demand that the jury be presented with devices that do not properly reflect how they look in the marketplace is improper and invites error.

## CONCLUSION

In light of the foregoing, Samsung respectfully requests that this Court order that the physical joint exhibits be marked with a small label reflecting the exhibit number on the side of each joint exhibit device. These small labels will be affixed in a location that does not cover the bezel or other features of any phone or obscure the back or any logo, name or other information of

the device.    The parties also will affix the corresponding full exhibit label to the device's packaging.

By   *Albert P. Bedecarre*

Albert P. Bedecarre
Attorney for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC
