# EXHIBIT B

| From: | Jacobs, Michael A. [MJacobs@mofo.com] |
|---|---|
| Sent: | Wednesday, August 08, 2012 2:25 PM |
| To: | Albert P Bedecarre; Anne Abramowitz; Ahn, Deok Keun Matthew |
| Cc: | AppleMoFo; Samsung v. Apple; Bill Trac; WHAppleSamsungNDCalService@wilmerhale.com |
| Subject: | Re: Apple v. Samsung - Labeling and cleaning joint exhibits |

Al,

There was no agreement to anything other than replacement of the original exhibit labels. In retrospect, it was an error to allow even temporary removal, and that will not happen again.

We will not agree to anything other than full exhibit labels. The jury will not be confused.

Michael

---

**From**: Albert P Bedecarre [mailto:albedecarre@quinnemanuel.com]
**Sent**: Wednesday, August 08, 2012 02:18 PM
**To**: Jacobs, Michael A.; Anne Abramowitz <anneabramowitz@quinnemanuel.com>; Ahn, Deok Keun Matthew
**Cc**: AppleMoFo; Samsung v. Apple <Samsungv.Apple@quinnemanuel.com>; Bill Trac <BillTrac@quinnemanuel.com>; 'WHAppleSamsungNDCalService@wilmerhale.com' <WHAppleSamsungNDCalService@wilmerhale.com>
**Subject**: RE: Apple v. Samsung - Labeling and cleaning joint exhibits

Mike-

We are surprised by your belated attempt to renege on the parties' prior agreement on the appropriate labeling of the joint exhibits. As you know, Apple retains possession of these joint exhibits and is responsible for bringing them to and from court every day. You should therefore be aware of developments related to the joint exhibits.

On Monday night, Apple consented to the removal of the exhibit stickers, which obscured a substantial portion of the devices, and to have the exhibits marked in an appropriate way so as to avoid that. Indeed, in court yesterday, the issue of labeling the phones arose. Anne Abramowitz represented to the Court that the labels had been removed because they obscured the backs of the devices, including branding on some of the devices. (Tr. 1418-1419). Apple did not dispute or object to re-labeling at that time. Judge Koh did not order that the original labels be replaced; rather, she understood what the parties had agreed the day before and simply directed that the parties file a statement the "next time anything is going to be done with actual exhibits that have already been admitted." (Tr. 1420).

Nor there is any merit to your position. Apple cannot seek to bolster its trade dress claims by obscuring the joint exhibits. Trade dress is the manner in which "*a product is presented to a buyer*." Art Attacks Ink, LLC v. MGA Entertainment Inc., 581 F.3d 1138, 1145 (9th Cir. 2009) (emphasis added). The Court has already instructed the jury on this point. (Tr. 270)("Trade dress is the form in which a person presents a product or service to the market, its manner of display."). The joint exhibit devices themselves are the most important trade dress evidence in this case. The total image of the joint exhibits as they are presented in the marketplace includes both the appearance and the texture of the devices, as well as any markings. Obviously, given Apple's extravagant damages demands and other claims as to these devices, providing the jury with the true devices is far more important than having Apple's internal control numbers or a large exhibit sticker on the phones.

As Apple itself stated in opening, the jurors will "have the physical phones themselves so that [they] can compare them and make [their] determination at the end of trial." (Tr. 327-328). It is not appropriate for Apple to insist now that it be allowed to obscure the devices with labels. The boxes will have the official NDCal exhibit sticker and each device will

have the matching exhibit number.  Samsung again requests access to the joint exhibits to effectuate the proper labeling that was agreed to previously.

Thanks, Al

---

**From:** Jacobs, Michael A. [mailto:MJacobs@mofo.com]
**Sent:** Wednesday, August 08, 2012 1:14 PM
**To:** Anne Abramowitz; Ahn, Deok Keun Matthew
**Cc:** AppleMoFo; Samsung v. Apple; Bill Trac; WHAppleSamsungNDCalService@wilmerhale.com
**Subject:** RE: Apple v. Samsung - Labeling and cleaning joint exhibits

Anne,

We await a response to my requested confirmation.

Michael

---

**From:** Jacobs, Michael A.
**Sent:** Wednesday, August 08, 2012 11:40 AM
**To:** 'Anne Abramowitz'; Ahn, Deok Keun Matthew
**Cc:** AppleMoFo; Samsung v. Apple; Bill Trac; 'WHAppleSamsungNDCalService@wilmerhale.com'
**Subject:** RE: Apple v. Samsung - Labeling and cleaning joint exhibits

Anne,

Absolutely not.  If original exhibit labels have been removed, original exhibit labels should be replaced.  You should not replace with "smaller" labels.

Furthermore, there should be no further manipulation of any labels whatsoever.  If anything became clear in Court yesterday, it is that changing exhibit labels or risking mistake even in replacing exhibit labels raises far more questions and issues than any concern over trade dress claims.

Please confirm immediately that (a) no further labels will be removed for any purpose, and (b) that original labels will be replaced.

Michael

---

**From:** Anne Abramowitz [mailto:anneabramowitz@quinnemanuel.com]
**Sent:** Wednesday, August 08, 2012 11:35 AM
**To:** Jacobs, Michael A.; Ahn, Deok Keun Matthew
**Cc:** AppleMoFo; Samsung v. Apple; Bill Trac; 'WHAppleSamsungNDCalService@wilmerhale.com'
**Subject:** RE: Apple v. Samsung - Labeling and cleaning joint exhibits

Michael,

On Sunday when we were doing the inspection with Matt Ahn, the parties agreed to remove the exhibit labels that are physically affixed to the devices.  Because the claims include trade dress, we believe it is critical that the devices that go to the jury are not obscured.  We will replace those labels today as per my earlier email.

Best,
Anne

**Anne Abramowitz**
*Associate,*

**Quinn Emanuel Urquhart & Sullivan, LLP**

50 California Street, 22nd Floor
San Francisco, CA 94111
415-875-6394 Direct
415.875.6600 Main Office Number
415.875.6700 FAX
anneabramowitz@quinnemanuel.com
www.quinnemanuel.com

---

**From:** Jacobs, Michael A. [mailto:MJacobs@mofo.com]
**Sent:** Wednesday, August 08, 2012 11:28 AM
**To:** Anne Abramowitz; Ahn, Deok Keun Matthew
**Cc:** AppleMoFo; Samsung v. Apple; Bill Trac; WHAppleSamsungNDCalService@wilmerhale.com
**Subject:** Re: Apple v. Samsung - Labeling and cleaning joint exhibits

Anne,

What agreement are you referring to?

Michael

---

**From**: Anne Abramowitz [mailto:anneabramowitz@quinnemanuel.com]
**Sent**: Wednesday, August 08, 2012 11:23 AM
**To**: Ahn, Deok Keun Matthew
**Cc**: AppleMoFo; Samsung v. Apple <Samsungv.Apple@quinnemanuel.com>; Bill Trac <BillTrac@quinnemanuel.com>; ''WHAppleSamsungNDCalService@wilmerhale.com' (WHAppleSamsungNDCalService@wilmerhale.com)' <WHAppleSamsungNDCalService@wilmerhale.com>
**Subject**: RE: Apple v. Samsung - Labeling and cleaning joint exhibits

Matt,

We have not received a response from you concerning when Apple will make the joint exhibit Samsung devices available.  We will plan on meeting at the Fairmont at 1:00 today unless you propose an alternative time.  Please confirm that you will meet us in the lobby of the Fairmont today at 1:00.

Based on our agreement to remove the official exhibit stickers and other control stickers from the phones, Samsung has printed small labels with the exhibit number that we will affix to the side of each device.  Samsung will bring official exhibit labels to apply to the device boxes so that the jury can keep them all straight.  Samsung will bring a device box for the Indulge, which is currently stored in a priority mail box.

Best regards,
Anne

**Anne Abramowitz**
*Associate,*
**Quinn Emanuel Urquhart & Sullivan, LLP**

50 California Street, 22nd Floor
San Francisco, CA 94111
415-875-6394 Direct
415.875.6600 Main Office Number
415.875.6700 FAX
anneabramowitz@quinnemanuel.com
www.quinnemanuel.com

**From:** Bill Trac
**Sent:** Tuesday, August 07, 2012 10:53 PM
**To:** Anne Abramowitz; 'Ahn, Deok Keun Matthew'
**Cc:** 'AppleMoFo'; Samsung v. Apple; ''WHAppleSamsungNDCalService@wilmerhale.com' (WHAppleSamsungNDCalService@wilmerhale.com)'
**Subject:** RE: Apple v. Samsung - Labeling and cleaning joint exhibits

Dear Matt,

In addition to taking photographs, Samsung would like to take videos of the joint exhibits.  Please provide a time tomorrow morning when we can do this.

Regards,
Bill


**Bill Trac**
*Associate,*
Quinn Emanuel Urquhart & Sullivan, LLP

555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
650-801-5094 Direct
650.801.5000 Main Office Number
650.801.5100 FAX
BillTrac@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.


**From:** Anne Abramowitz
**Sent:** Tuesday, August 07, 2012 9:34 PM
**To:** 'Ahn, Deok Keun Matthew'
**Cc:** 'AppleMoFo'; Samsung v. Apple; ''WHAppleSamsungNDCalService@wilmerhale.com' (WHAppleSamsungNDCalService@wilmerhale.com)'
**Subject:** Apple v. Samsung - Labeling and cleaning joint exhibits

Matt,

Please provide a time tomorrow morning when Samsung can apply new exhibit labels and clean the residual adhesive off the joint exhibit Samsung devices.  Samsung intends to apply small exhibit labels to the sides of the devices, as has been done with the joint exhibit Apple devices.  We will also need to take photographs of the phones after they have been cleaned.

Samsung will then prepare a short statement for the Court describing the application of new labels and cleaning of the phones, as Judge Koh requested today.

Best regards,
Anne


**Anne Abramowitz**
*Associate,*
**Quinn Emanuel Urquhart & Sullivan, LLP**

4

50 California Street, 22nd Floor
San Francisco, CA 94111
415-875-6394 Direct
415.875.6600 Main Office Number
415.875.6700 FAX
anneabramowitz@quinnemanuel.com
www.quinnemanuel.com

---------------------------------------------------------------------
To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

For information about this legend, go to
http://www.mofo.com/Circular230/

===========================================================================

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail @mofo.com, and delete the message.

---------------------------------------------------------------------


---------------------------------------------------------------------
To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

For information about this legend, go to
http://www.mofo.com/Circular230/

===========================================================================

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail @mofo.com, and delete the message.

---------------------------------------------------------------------

----------------------------------------------------------------------
To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

For information about this legend, go to
http://www.mofo.com/Circular230/

============================================================================

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail @mofo.com, and delete the message.

----------------------------------------------------------------------