QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>    Plaintiff,<br><br>    vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>    Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S OPPOSITION TO APPLE'S REQUEST FOR AN INTERIM JURY INSTRUCTION REGARDING LIKELIHOOD OF CONFUSION** |

I. **AN INTERIM JURY INSTRUCTION IS NEITHER NECESSARY NOR PROPER**

This Court already has given preliminary instructions about trade dress to the jury. Apple nevertheless seeks a partisan, interim jury instruction in advance of the expected testimony of its survey expert, Kent Van Liere, on the purported basis that "Samsung's cross examination of earlier Apple witnesses suggests that Samsung's cross of Mr. Van Liere may mislead the jury about the import of his testimony for Apple's trade dress infringement claim." (Dkt. 1640 at 1). Not only is Apple's allegation false, but Apple's instruction is inconsistent with the Ninth Circuit's Model Jury Instructions and recites erroneous legal standards. In addition, a jury instruction at this stage would unduly emphasize certain legal issues and could be misconstrued by the jury as the Court offering comment on the proceedings. The proper time for the jury to be instructed is after the parties have presented all of their evidence, when the jury can receive all necessary instructions at the same time in a complete and organized manner.

### A. Actual Confusion is Relevant under *Sleekcraft*

In its request, Apple appears to argue that evidence of actual confusion is irrelevant to showing likelihood of confusion and that the jury is likely to be misled because Samsung's questioning of certain witnesses has focused on "instances of actual confusion." (Dkt. 1640 at 1). In fact, the tenure of the questioning was far broader than mere "actual" confusion. *See, e.g.,* August 3, 2012 Trial Transcript at 683:7-684:4 (Samsung counsel asking witness if he "believe[d] people *would* confuse" Samsung phones for an iPhone (emphasis added)); 695:10-23 (same); August 7, 2012 Tr. at 1421:1-7 (Samsung counsel asking witness how a consumer "*might* make a mistake or be confused" about Samsung and Apple products (emphasis added)). In any event, while courts have held that a lack of actual confusion is not necessarily dispositive of the issue, the existence or absence of actual confusion is a factor under the analysis set forth by the Ninth Circuit in *AMF, Inc. v. Sleekcraft Boats,* 599 F.2d 341, 353 (9th Cir. 1979). Indeed, courts have held that a plaintiff's failure to prove significant levels of actual confusion weighs heavily against a finding of infringement where, as here, the accused products have been in the market for a significant period of time and enjoyed significant sales. *See Therma-Scan, Inc. v. Thermoscan,*

*Inc.,* 295 F.3d 623, 635 (6th Cir. 2002) ("[T]he existence of only a handful of instances of actual confusion after a significant time or a significant degree of concurrent sales under the respective marks may even lead to an inference that no likelihood of confusion exists."   (internal citation omitted)).   Apple's suggestion that the jury has been misled, or is confused, is baseless and should be rejected.

**B.   Instructions Regarding Post-Sale or Initial Interest Confusion Are Inappropriate**

Apple also argues that Samsung's cross examination questions have "over-emphasi[zed]" point-of-sale confusion, as opposed to other types of confusion, such as post-purchase confusion or initial interest confusion.   (Dkt. 1640).   But inclusion of an instruction on post-sale confusion — especially at an interim stage — is improper here for several reasons.   As an initial matter, Apple failed to identify either initial confusion or post-sale confusion in response to Samsung's contention interrogatories.   *See* Dkt. 1541-9 (Interrogatory No. 7); Dkt. 1585-6 (Interrogatory 71). Its proposed instruction is improper for this reason alone.

Furthermore, Apple's proposed instruction conflicts with the Ninth Circuit Model Jury Instructions.   Nowhere do the Model Instructions endorse the language and concepts espoused by Apple.   As Apple knows, this Court has made clear its intention to utilize those instructions and has rejected Apple's prior efforts to interject error and argument into these proceedings through instructions that materially stray from the Model Instructions.   *See* July 24, 2012 Hearing Transcript at 32:12-19; 34:20-35:9 (Court stating, "I'm not likely to deviate from model instructions" in rejecting Apple's unsupported argument that it believes the model jury instructions are "not reliable").   The Court should do so yet again here.

Apple also misstates elementary trade dress law.   Apple does not maintain that it has sustained reputational injury, which is precisely the harm post-sale confusion seeks to address. *See Karl Storz Endocscopy v. Surgical Tech., Inc.,* 285 F.3d 848, 854 (9th Cir. 2002 (post-sale confusion results in reputational injury); *Adidas-America, Inc. v. Payless Shoesource, Inc.,* 546 F. Supp. 2d 1029, 1058 (D. Or. 2008) (Adidas proffered evidence that post-sale confusion "negatively impact consumer perceptions of the Adidas brand as a source of quality footwear"

-2-                              Case No. 11-cv-01846-LHK
SAMSUNG'S OPPOSITION TO INTERIM JURY INSTRUCTION

given the "inferior quality" of Payless' shoes).   Apple does not allege harm to its reputation by mistaken attribution to it of lower quality products.   To the contrary, its expert, Professor Winer, admitted under oath that Apple had sustained no such injury at all.   *See* August 7, 2012 Trial Transcript at 1534:14-1536:6.   Moreover, the cases cited by Apple are distinguishable — one involving confusion arising from the sale of a statuette designed to mimic the famous Oscar statue and the other involving the use of plaintiff's trademark printed on a tee-shirt.   Neither of these cases is even remotely similar to the facts here where the trade dress at issue is embodied in product design and where there is no evidence that the sale harms Apple's reputation.   (Dkt. 1640 at 3).

Nor is Apple's instruction regarding "initial interest" confusion appropriate, as courts have rejected this doctrine in the context of product configuration.   As the Sixth Circuit explained in *Gibson Guitar Corp. v. Paul Reed Smith Guitars, LP*, 423 F.3d 539, 552 (6th Cir. 2005), "We decline to adopt such a broad reading of the initial-interest-confusion doctrine.   Many, if not most, consumer products will tend to appear like their competitors at a sufficient distance." Given that consumers "almost invariably" do not perceive product configurations as indicators of source, *see Wal-Mart Stores, Inc. v. Samara Bros., Inc.,* 529 U.S. 205, 213 (2000), initial interest confusion is inapposite here.   Initial interest confusion is also inapplicable because Apple has not provided any evidence that consumers are likely to go to a store or a website with the intention of purchasing an iPad because they mistakenly assume that a Samsung tablet computer is an iPad, and then, even once their initial assumption is corrected, decide to purchase the Samsung tablet anyway.   *See Brookfield Commn's, Inc. v. West Coast Entm't,* 174 F.3d 1036, 1066 (9th Cir. 1999).   Absent evidence of such initial interest confusion, Apple cannot even maintain an initial interest confusion claim, and an interim instruction is not appropriate.

Ultimately, Apple's proposed interim instructions are improper because they seek to distract the jury's focus from "what consumers 'encounter[] in the marketplace,'" which is the core assessment of the likelihood of confusion.   *Network Automation, Inc. v. Advanced Systems*

-3-   Case No. 11-cv-01846-LHK
SAMSUNG'S OPPOSITION TO INTERIM JURY INSTRUCTION

1 *Concepts, Inc*., 638 F.3d 1137, 1151 (9th Cir. 2011) (citing *Sleekcraft*, 599 F.2d at 351).   Apple's entire basis for asking for these instructions admits this.

For the foregoing reasons, Samsung respectfully requests that Apple's request for an interim jury instruction be denied.

DATED: August 10, 2012

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Victoria F. Maroulis*
    Charles K. Verhoeven
    Victoria F. Maroulis
    Kevin P.B. Johnson
    Michael T. Zeller
    Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC