UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California corporation,<br><br>Plaintiff,<br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., A Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No.: 11-CV-01846-LHK<br><br>AMENDED ORDER RE: OBJECTIONS TO SINGH, TEKSLER, LEE, AND CHANG EXHIBITS AND DEPOSITION DESIGNATIONS |

After reviewing the parties' briefing, considering the record in the case, and balancing the considerations set forth in Federal Rule of Evidence 403, the Court rules on Samsung's objections as follows:

**A. Karan Singh**[1]

    **1. Samsung's Objections**

---

[1] Apple has filed a motion to seal related to its objections and responses to Dr. Singh. Specifically, Apple seeks to seal Dr. Singh's expert report. Although Samsung has not yet filed a declaration in support of the motion as is required by Civil Local Rule 79-5(d), the Court has reviewed the report and finds that only the portions of the report which contain undisclosed source code are properly sealable. *See Agency Solutions.Com, LLC v. TriZetto Group, Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D. Cal. 2011) ("[S]ource code is undoubtably[sic] a trade secret."); *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Accordingly, Apple's motion to seal is GRANTED, in part. Samsung shall file a redacted version that redacts only source code. Additionally, as the Court has already noted, the courtroom will be open at all times during trial. Therefore, any slides used during Dr. Singh's testimony will be available to the public.

| EXHIBIT NUMBER | COURT'S RULING ON OBJECTION |
|---|---|
| PX49 | Sustained.  Although Samsung only produced PX 49 on April 10, 2012, over a month after the March 8, 2012 close of discovery, Dr. Singh's rebuttal report was not completed until April 16, 2012.  Thus, even with Samsung's late production, Dr. Singh had the opportunity to include PX49 in his expert report but failed to do so.  Because of this failure, Samsung lacked notice that Dr. Singh would be relying on PX49 in his testimony and therefore did not depose him on it.  Because Samsung has not had the opportunity to depose Dr. Singh regarding PX49, it would be unfair to allow Dr. Singh to testify on PX49 at trial.  FRE 102 and 403.  However, this does not preclude Apple from seeking to introduce this document through another witness. |
| PDX29 | Overruled.  Although Dr. Singh never explicitly discussed source code in connection with claim 8 of the '915 patent, he did discuss this code in connection with claim 1.  Although claim 1 and claim 8 are technically distinct claims, a reading of the '915 patent reveals that claim 1 discloses a method for scrolling on a touch-sensitive display of a device and claim 8 discloses a machine readable storage medium that stores instruction that, when executed, performs the method of claim 1.  Other than their preambles, claim 8 and claim 1 are substantially the same.  Accordingly, although Dr. Singh only discussed source code in connection with claim 1, Samsung should have been on notice that such discussion would also apply to claim 8.  Samsung provides no support for its claim that Dr. Singh lacks foundation to discuss PDX29; so long as Apple lays foundation at trial, PDX29 will be admissible. |

### 2. Apple's Objections

| EXHIBIT NUMBER | COURT'S RULING ON OBJECTION |
|---|---|
| DX2557 | Sustained.  The video in DX2557 contains footage of a Galaxy Tab 10.1 LTE that shows a "blue glow" design-around for the '381 bounce-back patent, which was excluded by Judge Grewal.  This Court affirmed Judge Grewal's ruling.  Samsung concedes the presence of the "blue glow." |
| October 25, 2011 ITC 796 Deposition Transcript | Sustained.  This exhibit contains testimony from Dr. Singh's ITC deposition regarding claim construction for patents not asserted in this litigation.  Such information is not relevant to any issue in this case, and is therefore barred under FRE 402 and 403.  Furthermore, the Court granted Samsung's motion in limine to exclude the findings of parallel proceedings as confusing to the jury.  *See* ECF No. 1269 ¶ 14.  Accordingly, the Court sustains Apple's objection because the risk of confusing the jury and wasting time by introducing excluded evidence outweighs the probative value of this testimony under FRE 403. |

### B. Boris Teksler[2]

---

[2] Samsung filed a motion to seal portions of its objections based on the protective order and confidentiality designations made by Apple.  See ECF No. 1628.  Although Apple has not yet filed a declaration in support of the motion as is required by Civil Local Rule 79-5(d), the Court has reviewed the motion and finds that none of the information is properly sealable pursuant to the

2
Case No.: 11-CV-01846-LHK
AMENDED ORDER ON OBJECTIONS TO EXHIBITS

### 1. Samsung's Objections

| EXHIBIT NUMBER | COURT'S RULING ON OBJECTION |
|---|---|
| Testimony About the August 4, 2012 Meeting Between Apple and Samsung | Overruled. Apple has provided a sufficient proffer to establish that Mr. Teksler will testify only about matters within his personal knowledge. The proffer also establishes that Mr. Teksler's testimony will not rely on privileged communications or hearsay. |
| PX52 | Overruled. Apple has provided a sufficient basis for the Court to find, by a preponderance of the evidence, that Samsung was shown the slide show presentation in PX52. |

### 2. Apple's Objections

| EXHIBIT NUMBER | COURT'S RULING ON OBJECTION |
|---|---|
| PX51/DX586 (same document) | Overruled. Although PX51 claims on its face that it is provided for "Business Settlement Purposes Only" and provided under "Rule 408 of Federal Rules of Evidence, Without Prejudice," Apple has offered no authority for the proposition that such a declaration is sufficient to exclude evidence under the FRE 408. FRE 408 precludes the use of compromise offers and negotiations "either to prove or disprove the validity or amount of a disputed claim." Samsung seeks to introduce PX51 to demonstrate lack of notice, a permissible purpose under Rule 408. *See* Fed. R. Evid. 408. To avoid any potential Rule 403 problems, the Court will issue a limiting instruction to the jury that "PX51 may be considered to establish whether or not Samsung had notice of Apple's design claims, and may not be used to prove or disprove the validity or amount of any disputed claims." |

## C. Jun Won Lee

### 1. Samsung's Objections

| EXHIBIT NUMBER | COURT'S RULING ON OBJECTION |
|---|---|
| Lee Dep. at 24:13-15 | Sustained. Apple has withdrawn this deposition designation. |

### 2. Apple's Objections

| EXHIBIT NUMBER | COURT'S RULING ON OBJECTION |
|---|---|
| Lee Dep. at 45:2-15, and 40:24-41:2, | Sustained in part. Consistent with this Court's prior ruling that Apple may not introduce evidence related to any FRAND issues until its rebuttal case, Samsung may not introduce evidence about Samsung's assertions of patent infringement |

---

"compelling reasons" standard set forth in *Kamakana*. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Accordingly, Samsung's motion is DENIED.

3

Case No.: 11-CV-01846-LHK
AMENDED ORDER ON OBJECTIONS TO EXHIBITS

| 44:3-5; 44:7-9; 55:20-21; 55:23-56:2 | against Apple in Apple's affirmative case. Rather, Samsung may present this evidence in its affirmative case. However, counter depo designations 55:20-21 and 55:23-56:2 relate to whether Apple discussed its trade dress at a meeting with Samsung. This relates to Apple's affirmative case and is admissible at this time. |

### D. DONG HOON CHANG

#### 1. Samsung's Objections

| WITNESS AND EXHIBIT NO. | COURT'S RULING ON OBJECTION |
|---|---|
| Chang Dep. at 157:20-22, 158:5-10, 158:18-19 and 158:23-25. | Overruled. Samsung objects that Dong Hoon Chang's March 7, 2012 deposition testimony at 157:20-22, 158:5-10, 158:18-19 and 158:23-25 references communications with Samsung's in-house legal team, and is protected by attorney-client privilege. Attorney-client privilege protects communications with attorneys, but will not protect an underlying fact simply because a client incorporated a statement of the fact into a communication with his or her attorney. *See Oracle Am. v. Google, Inc.*, 2011 U.S. Dist. LEXIS 88747, *7 (N.D. Cal. Aug. 10, 2011) (citing *Vasudevan Software, Inc. v. IBM Corp.*, No. 09-5897-RS, 2011 U.S. Dist. LEXIS 47764, *2 (N.D. Cal. Apr. 27, 2011)) (Where an individual learns of a patent's existence through communication with an attorney, the date of that communication is not protected by attorney-client privilege, because the date the individual learned of the patent is an independent fact.). Based on the deposition designations provided by the parties, the information to which the witness testified is an underlying fact, and is not an attorney-client communication. Moreover, it does not appear that Samsung has provided a privilege log to preserve this objection. *See* Fed. R. Civ. P. 26(b)(5)(A)(ii). |

#### 2. Apple's Objections

| WITNESS AND EXHIBIT NO. | COURT'S RULING ON OBJECTION |
|---|---|
| Chang Dep. at 157: 8-10. | Overruled. Under the rule of completeness Samsung may play the additional deposition excerpts during its examination of the witness. |

**IT IS SO ORDERED.**

Dated: August 10, 2012

*Lucy H. Koh*
LUCY H. KOH
United States District Judge