UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| APPLE, INC., a California corporation, | ) | Case No.: 11-CV-01846-LHK |
|---|---|---|
| Plaintiff, | ) ) | ORDER RE: OBJECTIONS TO SITTLER AND BENNER |
| v. | ) ) | |
| SAMSUNG ELECTRONICS CO., LTD., A Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

After reviewing the parties' briefing, considering the record in the case, and balancing the considerations set forth in Federal Rule of Evidence 403, the Court rules on Samsung's objections as follows:

**A. Edward Sittler**

    **1. Samsung's Objections**

| EXHIBIT NUMBER | COURT'S RULING ON OBJECTION |
|---|---|
| Sittler: Direct Testimony and APLNDC-Y0000408232-236 | Sustained. Sittler is a legal assistant to Apple's attorneys at Morrison & Foerster. Sittler would testify on direct examination that he purchased the Galaxy S i9000, Galaxy Ace, and Galaxy SII i9000 in the United States from third party online retailers. APLNDC-Y0000408232-236 are Sittler's purchase receipts.<br><br>Whether Samsung sold the Galaxy S i9000, Galaxy Ace, and Galaxy SII i9000 in the United States is at issue in the case. *See, e.g.*, ECF No. 1267 at 2. Samsung |

1

| | |
|---|---|
| | witness Denison testified that Samsung has not sold these phones in the United States. *See* August 6, 2012 Trial Tr. at 947:6-948:13; 961:15-19. |
| | Sittler was never disclosed by Apple in its initial disclosures and only appeared on the witness list on July 6. Moreover, Sittler's testimony is that he purchased the products from third parties. Apple never disclosed its theory that Samsung induced third parties to infringe in Apple's infringement contentions. |
| | Finally, even if Sittler's testimony was not precluded for the reasons stated above, Sittler's testimony would be precluded pursuant to FRE 403. This testimony is of limited probative value to establishing that Samsung sold the accused devices in the United States and would confuse the issues or unfairly prejudice Samsung. Accordingly, Sittler's testimony and his receipts are inadmissible. |

### B. Tim Benner

#### 1. Samsung's Objections

| EXHIBIT NUMBER | COURT'S RULING ON OBJECTION |
|---|---|
| PX69 | Overruled. Although Apple only added this exhibit to its exhibit list on August 5, 2012, this late addition comes as a result of Samsung dropping its '604 patent just two hours before the exhibit lists were due. Because of this late change by Samsung, Apple was forced to remove the exhibits that were originally marked PX69 and PX89, as those exhibits related to the '604 patent, and to substitute in replacement exhibits after the exhibit list deadline. Though Apple made this substitution later than the Court would have liked, Apple did provide Samsung with sufficient notice as to its intent to use PX69 so that Samsung was not prejudiced.<br><br>Additionally, Samsung's Rule 403 argument is unpersuasive. Samsung argues that PX69, a Samsung survey reflecting the percentage of respondents who identified each of a list of factors as important to their phone purchasing decision, will be confusing to the jury. In particular, Samsung argues that it will mislead the jury into thinking that design is the most important consideration in handset purchases when, in fact, the survey respondents were not asked to rank the importance of features to their decision-making. The Court is not convinced that the risk of jury confusion substantially outweighs the probative value of this exhibit. If Mr. Benner does not sufficiently explain what the results in PX69 show on direct examination, Samsung is free to seek clarification on cross-examination. |
| PX89 | Overruled. Although Apple only added this exhibit to its exhibit list on August 5, 2012, this late addition comes as a result of Samsung dropping its '604 patent just two hours before the exhibit lists were due. Because of this late change by Samsung, Apple was forced to remove the exhibits that were originally marked PX69 and PX89, as those exhibits related to the '604 patent, and to substitute in replacement exhibits after the exhibit list deadline. Though Apple made this substitution later than the Court would have liked, Apple did provide Samsung |

2

Case No.: 11-CV-01846-LHK
ORDER ON OBJECTIONS TO EXHIBITS

| | |
|---|---|
| | with sufficient notice as to its intent to use PX69 so that Samsung was not prejudiced.<br><br>The Court already explicitly held, in denying-in-part Samsung's motion in limine #2, that this survey is admissible for the purposes of showing intent, willfulness, and knowledge.  *See* ECF 1267 ¶ 12.  The Court sees no reason to depart from its earlier ruling.  Moreover, the fact that Samsung sought to exclude this evidence in limine indicates that Samsung was not unfairly prejudiced or surprised by Apple's August 5 addition of PX89 to its exhibit list. |

**2. Apple's Objections**

| EXHIBIT NUMBER | COURT'S RULING ON OBJECTION |
|---|---|
| Benner Depo. Transcript at 36:16-19; 36:21-37:1; 38:8-11; 39:2-3; 40:5-7; 40:10-25; 42:20-23; 43:1-11; 43:13-24 | Overruled-in-part and sustained-in-part.  Samsung has designated this testimony to counter Apple's designation of 37:24-38:2, and Apple objects that it is unnecessary.  The Court finds that the testimony at 36:16-19 and 36:21-37:1 is admissible under Rule 106 as it clarifies Mr. Benner's understanding of the word "important" in the context of the portion of the deposition that Apple has designated.  Additionally, the Court finds that the testimony at 40:5-7; 40:10-25; 42:20-23; 43:1-11; 43:13-24 are admissible under Rule 106 as they explain the single survey that Mr. Benner has identified as showing that physical appearance of a smartphone is of lesser importance to consumer purchasing decisions— testimony which completes the picture painted by Apple's designation of 37:24-38:2, in which Mr. Benner says he cannot name a single survey which shows that physical appearance of a smartphone is unimportant to consumer purchasing behavior.<br><br>Finally, the Court finds that, as currently designated, 38:8-11 and 39:2-3 are incomplete.  The answer at 39:2-3 is to a differently worded question than the question asked at 38:8-11.  If Samsung seeks to include these passages in its deposition designation under Rule 106, it must also include the question asked at 38:22-25.  Otherwise, this designation will not serve the purpose of Rule 106 and will run afoul of Rule 403.  A party seeking to introduce a counter designation for completeness must do so during its own examination time. |
| Benner Depo. Transcript at 147:14-19; 147:23-148:13 | Overruled.  Samsung has designated this testimony to counter Apple's designation of 145:7-146:1, and Apple objects that it is unnecessary.  The Court finds that this designation is admissible under Rule 106 as it clarifies Mr. Benner's testimony regarding a survey showing consumer confusion when shown a Samsung Galaxy Tab still photo advertisement.  The portions of Mr. Benner's deposition designated by Samsung counter this testimony by providing context for the confusion, explaining, for instance, that the survey was conducted at a time when the iPad had become firmly established in the market, so, in his opinion, it was natural for consumers to assume all tablets were iPads.  A party seeking to introduce a counter designation for completeness must do so during its own examination time. |

3

Case No.: 11-CV-01846-LHK
ORDER ON OBJECTIONS TO EXHIBITS

1   **IT IS SO ORDERED.**

2   Dated: August 10, 2012

_____
LUCY H. KOH
United States District Judge