QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floorfdd
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, <br><br> Plaintiff, <br><br> vs. <br><br> SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, <br><br> Defendants. | CASE NO. 11-cv-01846-LHK (PSG) <br><br> **SAMSUNG'S OPPOSITION TO APPLE'S MOTION TO EXCLUDE SAMSUNG WITNESS TESTIMONY** |

## I. PRELIMINARY STATEMENT

Apple's motion to exclude the testimony of Samsung's Senior Designer Hyoung Shin Park misstates this Court's rulings regarding Samsung's F700 phone, and the purposes for which Samsung has offered this witness' testimony. Indeed, it is an inappropriate motion for reconsideration.

Contrary to Apple's misleading string citation of prior rulings, this Court has repeatedly *refused* to exclude testimony regarding the F700 for all purposes. For example, in ruling on Samsung's motion to clarify the Court's summary judgment order, the Court noted that Samsung *could* seek to introduce evidence regarding the F700 on issues other than invalidity or non-infringement. Dkt. 1545, at 10-11. Similarly, in ruling on Apple's *in limine* motion to exclude the F700 on the ground that it did not constitute prior art, the Court *denied* the motion as to the F700 and expressly stated that all of the references raised in Apple's motion, including the F700, could be used "for other purposes, including to rebut an allegation of copying." Dkt. 1267, at 3. Most recently, the Court again confirmed that testimony regarding the F700 is relevant and admissible "for alternative design and functionality purposes." Aug. 6, 2012 Tr. at 1184:1-4.

Ms. Park's testimony goes to several of these permissible topics. Ms. Park was the principal designer on the project that led to the production of the F700 phone. She will describe for the jury her role in that project, the timing of the project, and how the project evolved. Ms. Park will explain how certain features of the F700 were selected, such as the rectangular shape, rounded corners, the bezel, the flat smooth glass screen, speaker, and optical jog button, and why these features, which also appear in Apple's designs, are functional for smartphones. She will explain that the project began in 2006, and that the design patent application for her design -- a patent Apple concedes has not been stricken -- was filed in December 2006, before the first public iPhone announcement. This goes directly to demonstrate functionality, to answer the alternative designs touted by Apple and to rebut Apple's allegations of copying and willfulness.

Apple does not even dispute that Ms. Park's testimony is relevant to functionality and alternative designs. Apple's only argument to exclude the testimony for this purpose is its claim that it would be a "waste of time and prejudicial under Federal Rule of Evidence 403" because

1  "Samsung has already had the opportunity to present the F700 as an example of an alternative
2  design in their examination of Apple's expert, Peter Bressler."  Dkt. 1647, at 3.  Ms. Park's
3  testimony regarding her personal involvement in the F700 project obviously does not duplicate
4  testimony by Apple's paid expert Mr. Bressler in response to impeachment evidence, and in any
5  event, Rule 403 does not grant Apple the right to substitute its judgment about how Samsung can
6  properly present its case.  Nor is the testimony "unfairly prejudicial," which would be required in
7  order to justify Rule 403 exclusion.

8  Apple is seeking billions of dollars in damages by claiming that Samsung willfully copied
9  its designs.  Samsung is entitled to present percipient testimony from its lead designer to rebut
10  those allegations and establish that relevant designs and design features are functional.

11  **II.     ARGUMENT**

12  **A.     Offer Of Proof Regarding Ms. Park's Testimony**

13  Pursuant to Federal Rule of Evidence 103(a)(2), Samsung submits the following as an
14  offer of proof with respect to the testimony of Ms. Park.  Ms. Park is a Senior Designer on the
15  Product Design Team at Samsung Electronics Corporation in Korea.  She has worked at Samsung
16  since 2003.  Ms. Park was the designer of what became the F700 phone, a project on which she
17  began working in May 2006.



1   Ms. Park was inspired by a bowl of water, with a smooth front surface, for the design.  It
2   was completed by August 2006, and the design patent application for the design was filed in
3   Korea in December 2006, KR 30-0452985 (the "KR'985 patent"), before the first public
4   announcement of the iPhone.  Ms. Park is a named inventor of the KR'985 patent.  (*See* JX-1086.)
5   Ms. Park will explain the various functional features of the smartphone that she created.
6   These include a rectangular housing with four evenly-rounded corners, rounded edges on all four
7   sides, a large, flat clear glass cover over the entire front face without ornamentation, a curved
8   bezel that extends towards the back of the phone, an oblong speaker slot at the top of the front flat
9   face, and a single optical jog button at the bottom of the front face.  She will explain why these
10  features serve functional purposes.
11  As the actual Samsung designer on this project, Ms. Park is the most knowledgeable
12  witness regarding its creation and development, and her testimony is not cumulative of that of any
13  other witness presented either by Samsung or Apple.

14  **B.    This Court's Prior Rulings Have Permitted Samsung To Introduce Evidence Regarding The F700 On Issues Of Alternative Design And Functionality, To Rebut Allegations of Copying, And As Impeachment**
15

16  Apple asserts that the Court "has repeatedly excluded" testimony on the topic for which
17  Ms. Park has been designated – "Samsung design, including the design of the F700 and
18  contemporaneous designs." Mot. at 2.  Apple is wrong.  As Apple has done in previous
19  evidentiary objections, it does not quote from the pleadings and rulings, but instead tries to gloss
20  over the Court's decisions by means of a misleading string cite.  For example, in its Motion *in*
21  *Limine* No. 3, Dkt. 1184-03, Apple sought to exclude the F700 on the ground that it did not
22  qualify as prior art.  *Id.* at 6.  While the Court granted Apple's motion as to certain references, the
23  Court denied the motion as to all others, including the F700, and noted even as to the excluded
24  references that such evidence would be "admissible for other purposes, including to rebut an
25  allegation of copying." Dkt. 1267, at 3.  Subsequently, while the Court's ruling on Samsung's
26  motion to clarify portions of its order denying Samsung's motion for summary judgment affirmed
27  the exclusion of evidence Apple had identified in its motion to strike, the Court expressly
28  permitted Samsung to seek to introduce such evidence "for purposes, unrelated to the untimely

disclosed theories" so long as it satisfied Fed. R. Evid. 401, 402, and 403.  Dkt. 1545, at 10.  Moreover, Apple itself has acknowledged that the design patent application for the F700 was not stricken by Judge Grewal because it was attached to a declaration submitted by Samsung's expert in opposition to the preliminary injunction motions over a year ago.  *See* July 5, 2012 e-mail from R. Hung to T. Watson ("As for the KR30-0452985 patent, it appeared on our list of references for striking because it was not mentioned in Mr. Sherman's declaration.  As you note, however, the reference was attached to his declaration.  In light of this, and because the corresponding application was discussed in the declaration, we agree that this patent need not be stricken.").

Most recently, the Court expressly ruled that evidence regarding the F700 *is* admissible on issues of "alternative design and functionality."  Aug. 6, 2012 Tr. at 1184:1-4.  The Court also permitted Samsung introduce the F700, which Apple's expert claims is an alternative design, and therefore is not substantially similar to Apple's designs.  Aug. 6, 2012 Tr. at 1188:20-1189-2; *see also id.* at 1033:1-16 (allowing questioning on F700 to impeach Mr. Bressler's infringement opinion).

Thus, Apple is simply wrong in claiming that the Court has "repeatedly excluded" testimony on the topic of "Samsung's design, including design of the F700 and contemporaneous designs."  As explained below, Ms. Park's testimony falls squarely within these permissible areas.

C.     **Ms. Park's Testimony Is Relevant To Alternative Design And Functionality**

Apple does not dispute that under this Court's prior rulings, testimony regarding the F700 is relevant and admissible on issues of alternative design and functionality.  Dkt. 1647 at 3 (quoting Aug. 6, 2012 Tr. at 1184:1-4).  That is precisely the purpose for which Samsung intends to offer Ms. Park's testimony.  As the principal designer of the F700, she is uniquely able to explain to the jury her own design and its various functional features.  Under this Court's ruling, such testimony is relevant and should not be excluded.  Fed. R. Evid. 402.

Recognizing that the F700 is plainly relevant and indeed has already been admitted, Apple seeks exclusion under Rule 403.  Dkt. 1647 at 3.  That argument should be rejected.  The fact that

1  Samsung was permitted briefly to question Apple's expert Peter Bressler based on the F700[1] does
2  not render testimony from the F700 designer a "waste of time" or "prejudicial" within the meaning
3  of Rule 403.  Ms. Park's testimony will not duplicate testimony Mr. Bressler provided, and in light
4  of the prior rulings of the Court regarding the relevance of the F700 testimony, there will be no
5  "unfair prejudice" which would be required for exclusion under Rule 403.  By contrast, precluding
6  Samsung from providing percipient testimony from its F700 designer will fundamentally
7  undermine Samsung's functionality defense, as no other witness will offer the same testimony.

### D. Ms. Park's Testimony Is Relevant To Rebut Apple's Allegations Of Copying And Wilfulness

As discussed above, in ruling on Apple's motion *in limine* relating to certain prior art references, the Court expressly permitted such evidence to be introduced "to rebut an allegation of copying." (Dkt. 1267, at 3.)  The evidence in question included the F700 and the KR'985 design patent.  Ms. Park's testimony on the F700 and the related patent are directly relevant to this issue as well.

A central theme in Apple's case has been allegations that its designs and patents have been copied.  Those allegations relate to issues *other* than infringement.  The Federal Circuit so held in *Allen Engineering Corp. v. Bartell Industries, Inc.*, 299 F.3d 1336, 1350-51 (Fed. Cir. 2002), where it stated that "[w]hile copying may be relevant to obviousness, it is of no import on the question of whether the claims of an issued patent are infringed."

The same is true in the design patent context where the sole test for infringement is the *Gorham* ordinary observer test.  Thus, in *L.A. Gear, Inc. v. Thom McAn Shoe Co.*, 988 F.2d 1117, 1126-27 (Fed. Cir. 1993), the defendant failed to rebut evidence that it copied its competitor's shoe design, but the Court considered this fact only for willfulness, not infringement.  As the

---

[1] Apple's incomplete footnote discussion of this examination neglects to include the fact that, in the exchange immediately following the portion Apple addresses, the Court overruled Apple's objection based on counsel's argument that Samsung is allowed "to show, through impeachment, that the phones that this witness is accusing of being substantially similar look different from a phone that's not accused that the witness says is not substantially similar." Aug. 6, 2012 Tr. at 1188:20-1189:2; *see also id.* at 1033:1-16 (allowing F700 questioning to impeach Mr. Bressler's infringement opinion).

Federal Circuit unambiguously found, alleged copying was "not relevant to patent infringement." *Id.* ("Melville presented no evidence to counteract the evidence of copying of the patented design. Indeed, Melville admitted copying, offering as its only justification the proposition that copying is prevalent in the fashion industry, *an issue not relevant to patent infringement.*") (emphasis added).[2]

Ms. Park's testimony that she began working on the F700, and that the related design patent application for that design was filed in December, 2006, *before* the first public announcement of the iPhone, rebuts Apple's copying allegation and its assertion that Samsung's infringement was willful.

### E. Apple Has Conceded That Evidence Regarding The KR-985 Patent Does Not Fall Within Magistrate Judge Grewal's Exclusion Ruling

Ms. Park will testify regarding the design patent that was issued for the Q-Bowl/F700 design, KR30-0452895.  As explained above, because that application was disclosed in connection with the preliminary injunction proceedings, Apple agreed that it does not fall within Magistrate Judge Grewal's exclusion ruling.  Accordingly, because the Court has ruled that evidence regarding this patent is admissible to, among other things, rebut Apple's copying allegations, Apple should not be heard to object to Ms. Park's testimony regarding this patent.

### F. Apple's Remaining Arguments Do Not Justify Exclusion

Apple begins its motion with the statement that it is purportedly moving to exclude Ms. Park's testimony because Samsung "failed to disclose" the "substance" of her testimony.  Dkt. 1647, at 1:1-2.  Yet, Apple only makes a non-disclosure argument with regard to Dale Sohn. Nowhere does Apple claim that Samsung failed to identify Ms. Park.  Nor could it, since Apple deposed her at length on February 29, 2012 and March 1, 2012 (Dkt 1465 at ¶ 5), and she was identified in Samsung's initial disclosures starting in September of last year (*id.* at ¶ 6).

---

[2]  Apple itself argued that alleged copying is not an element of infringement, but "an issue about secondary considerations." *See* Aug. 6, 2012 Tr. at 1282:12-1283:7.  Of course, Apple never propounded an interrogatory requiring Samsung to state all facts supporting Samsung's denial of Apple's allegation of willfulness or its rebuttal of Apple's copying allegations, nor were such contentions otherwise required.

Apple also asserts that "Ms. Park's testimony on the F700 is not relevant to the design history of the Samsung products at issue." Dkt. 1647, at 3. Samsung does not seek to introduce Ms. Park's testimony on this topic, so this argument is a red herring.[3] The fact that Ms. Park is not offering testimony on the design of the accused products does not make her testimony irrelevant or inadmissible for other purposes identified above, including on alternative design and functionality, and to rebut Apple's allegations of copying and willfulness.[4]

For this same reason, Ms. Park should also be allowed to testify about the other unreleased Samsung phones that were created at the same time as the F700 design as part of the same design project, and the documents that underlie that project. The Court has already ruled that the "unreleased Samsung phones can be admissible to rebut allegations of copying, even if they do not meet the requirements of § 102." (Dkt 1456 at 2.) Samsung was allowed to show images of these unreleased designs to the jury during opening arguments (*id.*), and Ms. Park is the appropriate witness to prove up those facts. These documents, called the MPCP documents, were timely produced (Dkt. 1465 at ¶ 7), were not relied upon by Samsung's experts, and therefore none were stricken by Magistrate Judge Grewal. The Court's ruling on Apple's motion *in limine* 3 also expressly stated that these "internal Samsung documents" could be allowed in for purposes other than invalidity, such as to "rebut an allegation of copying." (Dkt. 1267 at 3.).

**G.     The Court Should Not Exclude The Testimony Of Dale Sohn**

Apple has also moved to exclude the testimony of Dale Sohn. Due to time constraints, Samsung may not call Mr. Sohn to testify, in which case Apple's motion would be moot. Samsung therefore respectfully requests that resolution of Apple's motion as to Mr. Sohn be postponed until such time as Samsung discloses its intent to call Mr. Sohn. Samsung will not

---

[3] Apple's argument that the F700 has no relevance because Minhyouk Lee testified that the Galaxy S was "his own independent" design is misleading and ignores the other relevant portions of Mr. Lee's testimony that he had input in the design of the F700 because he sat next to Ms. Park's supervisor; that he was aware of the F700 when he designed the Galaxy S; and that the Galaxy S is an extension of Mr. Lee's accumulated design knowledge. Mar. 2, 2012 Deposition of M.H. Lee, at 69:2-71:18 (Ex. 1 to Arnold Decl.).

1  call Mr. Sohn on Monday, August 13 or Tuesday, August 14.  Samsung also strongly disputes the
2  merits of Apple's motion.  Courts have long recognized that the "disclosure requirements under
3  Rule 26 exist so that each party has time before trial to depose the other party's" witnesses.
4  *Harris v. U.S.*, 132 Fed. App'x 183, 185 (9th Cir. 2005) (excluding expert since party did not
5  disclose until a week before trial and opponent did not have an opportunity to depose); *see also St.*
6  *Ange v. ASML, Inc.*, 2012 WL 517309, at *2 (D. Conn. Feb. 16, 2012) (late disclosure of a fact
7  witness can be rendered harmless by granting a deposition); *Mformation Techs., Inc v. Research in*
8  *Motion Ltd.*, 2012 WL 2339762, at *7 (N.D. Cal. June 7, 2012) (holding that witnesses should be
9  excluded where the late disclosure "limited ability of Plaintiff to depose" witnesses prior to trial).
10 As Apple successfully argued to Magistrate Judge Grewal, "Rule 26(e) does not require a party to
11 identify 'each and every detail'" if the information "has been otherwise disclosed during
12 discovery."  Dkt. 996-04, at 10; *see* Fed. R. Civ. P. 26(e)(1)(A).  Where, as here, Apple obtained a
13 Court order allowing Apple to depose Mr. Sohn, and did depose him, there can be no claim of
14 prejudice and consequently no basis to exclude Mr. Sohn's trial testimony.  *See, e.g., Goodworth*
15 *Holdings Inc v. Suh*, 239 F. Supp. 2d 947, 967 (N.D. Cal. 2002) (noting that any failure to disclose
16 was "harmless" since the opponent deposed the witness and cited the testimony in its summary
17 judgment motion); *Great N. Ins. Co. v. Ruiz*, 2011 WL 321782, at *1 (S.D. Ga. Jan. 28, 2011)
18 (holding that Defendant's failure to list witnesses in initial disclosures was harmless since Plaintiff
19 knew of the witnesses and deposed them during the discovery period).   Indeed, Apple put Mr.
20 Sohn on one of the filed versions of their witness list.  (Dkt. No. 1189-3 at 16.)

21 **III.    CONCLUSION**
22         For the foregoing reasons, the Court should deny Apple's motion to exclude the testimony
23 of Hyoung Shin Park, and should defer ruling on Apple's motion to exclude testimony of Dale
24 Sohn until such time as it appears likely that Samsung will call him.

1  DATED: August 10, 2012              QUINN EMANUEL URQUHART &
2                                       SULLIVAN, LLP
3
4                                       By /s/ *Victoria F. Maroulis*
                                            Victoria F. Maroulis
5                                         Attorneys for SAMSUNG ELECTRONICS CO.,
                                          LTD., SAMSUNG ELECTRONICS AMERICA,
6                                         INC. and SAMSUNG
                                          TELECOMMUNICATIONS AMERICA, LLC
7