QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S RESPONSE TO APPLE'S OFFER OF PROOF REGARDING EVIDENCE OF ITS IPHONE AND IPAD ADVERTISEMENTS** |

Samsung hereby responds to Apple's Offer of Proof Regarding Evidence of its iPhone and iPad Advertisements (Dkt. 1602).

Apple's PX12, PX13 and PX14 each consist of a DVD containing numerous video clips and a document summarizing the videos on the DVD. The Court admitted the summary documents for each of these exhibits, but properly excluded the DVDs for each of PX12, PX13 and PX14 as needlessly cumulative under Federal Rule of Evidence 403. (Trial Tr. at 655:22-25.) Together, the DVDs in PX12, PX13 and PX14 contain over 100 different video clips, including 77 Apple iPhone and iPad advertisements and video clips from 27 different television shows in which the iPhone or iPad appeared. The videos, which Apple sought to introduce through its witness Phil Schiller, were properly excluded as cumulative of other video advertisements, the summary documents associated with each, and of Schiller's testimony regarding Apple's advertising. Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of…needlessly presenting cumulative evidence").

The Court has already permitted extensive testimony about Apple's advertising; additional testimony would be needlessly cumulative such that any probative value would be outweighed. The additional advertisements and media clips would add extremely little other than to expose the jury to extensive pro-Apple media. In his direct examination, Mr. Schiller testified that Apple takes a "very distinctive, unique approach" to advertising, which it calls "product as hero." (Trial Tr. at 639:8-15.) Following this testimony, Apple illustrated its "product as hero" approach to marketing by playing two television advertisements for the jury, one for the iPhone and one for the iPad. (*Id.* at 642:7-11, 646:3-7; PX127; PX128.) Mr. Schiller explained to the jury about the iPhone commercial that "in that 30 seconds, what you saw first was, what I spoke about earlier, the product was the hero. You saw the distinctive design very clearly." (*Id.* at 642:19-22.) In connection with each of these videos, Apple admitted a table listing numerous other "product as hero" advertisements. Specifically, Apple admitted one table listing 68 different iPhone television advertisements aired between March 2007 and July 2010, and another table showing nine different iPad television advertisements that aired between May 2010 and May 2011.

Mr. Schiller also testified that Apple uses product placement and "buzz marketing" to create excitement about its products. In Mr. Schiller's words, "[w]hat often happens is these product placements will have an actor or director who will contact the person at Apple who does buzz marketing and ask if they can get a device or a product to use in their show or movie." (Trial Tr. at 651:6-10.) Apple then admitted a chart summarizing 27 shows in which the iPhone or iPad appeared. (*Id.* at 651:11-652:8.) Similarly, Mr. Schiller spoke about Apple's substantial expenditures on advertising in the U.S. He explained that Apple has spent hundreds of millions of dollars a year on advertising for the iPhone and iPad since they were each introduced. (Trial Tr. at 652:11-654:7; PX16).

Based on this evidence, the Court excluded the 77 additional television advertisements and video clips from 27 different shows that Apple sought to play for the jury as needlessly cumulative under Federal Rule of Evidence 403. (Trial Tr. at 655:22-25.) This ruling was proper. Apple cites three reasons why it claims this ruling was incorrect. Each of them is wrong. First, Apple argues that the advertisements and clips from television shows in PX12, PX13 and PX14 "establish Apple's advertising of its iPhone and iPad trade dress…." (Dkt. 1602 at 1:26-27.) But Apple already submitted evidence of its advertising. Mr. Schiller discussed Apple's "product as hero" approach to marketing, explaining to the jury that the product is always prominently featured in Apple's television and other advertising. To further explain this approach, Apple admitted and played for the jury two video samples of the "product as hero" approach for television advertising, one for the iPhone and one for the iPad. Mr. Schiller also testified about Apple's product placement and buzz marketing efforts.

Apple also argues that the videos in PX12 and PX13 are not cumulative because they demonstrate that Apple's advertisements "prominently feature[] the iPhone and iPad trade dress." (*Id.* at 1:28.) Mr. Schiller discussed precisely this issue when he testified about Apple's "product as hero" advertisements: "our marketing strategy is to make the product the biggest, clearest, most obvious thing in our advertisements, often at the expense of anything else around it, to remove all the other elements of communication so you see the product most predominantly in the marketing." (Trial Tr. at 639:23-640:3.) Apple also played for the jury two examples of

1  television advertisements demonstrating what it calls the "product as hero" approach and how
2  prominently Apple's advertising features the iPhone and iPad.  (PX127; PX128.)
3       Apple further argues that the advertisements and video clips in PX12, PX13 and PX14, and
4  particularly the number of videos in the excluded DVDs, "is probative of the extent of advertising
5  and publicity" associated with the iPhone and iPad.  (Dkt. 1602 at 2:20-21.)   Again, however,
6  the excluded evidence is cumulative on this point.   Apple admitted the summaries of the videos
7  on each of the DVDs to show the extent of its advertising and product placement efforts.   Apple
8  also presented PX16 and Mr. Teksler's testimony about the hundreds of millions of dollars Apple
9  spends per year on promoting the iPhone and iPad in the U.S. through its "product as hero" style
10 advertisements and its product placement efforts.    In light of this admitted evidence, playing 77
11 video advertisements and video clips from 27 separate television shows adds little other than to
12 flood the jury with over 30 minutes of uninterrupted pro-Apple propaganda.
13      There are additional grounds for exclusion that Apple ignores.   Not only is the material
14 cumulative, but the DVDs will unfairly subject the jury to extensive pro-Apple media that
15 Samsung has no practical opportunity to test before the jury.   Apple's attempt to send hours of
16 Apple advertisements for the jury to peruse during deliberations – advertisements that Apple was
17 unwilling to spend its trial time actually addressing -- also represents an end-run around the
18 Court's Order limiting the number of exhibits each party may introduce (Dkt. 1267 at 2) and does
19 not comply with the requirements of FRE 1006 for compilation exhibits.   The exhibits are also
20 hearsay: out of court statements, including titles, about Apple's advertisements, as well as "Media
21 Clips" by third-parties, offered for the truth of the matter asserted.   The exhibits may be properly
22 excluded on these grounds as well.

### Conclusion

24      For the foregoing reasons, Samsung respectfully submits that the Court properly excluded
25 the DVDs and associated videos found in PX12, PX13 and PX14 as needlessly cumulative under
26 Federal Rule of Evidence 403.

1  DATED: August 10, 2012        QUINN EMANUEL URQUHART &
                                 SULLIVAN, LLP
2

3                                By */s/ Victoria F. Maroulis*
                                 Victoria F. Maroulis
4                                Attorneys for SAMSUNG ELECTRONICS
                                 CO., LTD., SAMSUNG ELECTRONICS
5                                AMERICA, INC., and SAMSUNG
                                 TELECOMMUNICATIONS AMERICA, LLC
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28