1

2

3

4

5

6

7                        UNITED STATES DISTRICT COURT

8                      NORTHERN DISTRICT OF CALIFORNIA

9                              SAN JOSE DIVISION

10  APPLE, INC., a California corporation,          )   Case No.: 11-CV-01846-LHK
                                                    )
11                    Plaintiff,                    )   ORDER RE: OBJECTIONS TO MUSIKA
                                                    )
12           v.                                     )
                                                    )
13  SAMSUNG ELECTRONICS CO., LTD., A                )
    Korean corporation; SAMSUNG                     )
14  ELECTRONICS AMERICA, INC., a New York           )
    corporation; SAMSUNG                            )
15  TELECOMMUNICATIONS AMERICA, LLC,                )
    a Delaware limited liability company,           )
16                                                  )
                      Defendants.                   )
17                                                  )
    _____)

18

19         After reviewing the parties' briefing, considering the record in the case, and balancing the

20  considerations set forth in Federal Rule of Evidence 403, the Court rules on Samsung's objections

21  as follows:

22         **A.  Terry Musika**

23                **1.  Samsung's Objections**

| WITNESS AND EXHIBIT NO. | COURT'S RULING ON OBJECTION |
|---|---|
| PDX34.23 | Sustained in part.  PDX34.23 lists reasons that "Samsung's Expense Data [may be] Unreliable."  Samsung objects to one of the bullet points in the "Management Forthcoming?" section.  The bullet reads, "Violated court orders to produce financial records, sanctions."  The Court previously held that evidence of Samsung's discovery conduct related to financial records was admissible evidence.  *See* ECF No. 1267 at 5:7-10 (denying Samsung's motion *in limine* #5). |

United States District Court
For the Northern District of California

However, under FRE 403, the demonstrative is unduly prejudicial.  Although Samsung's failure to timely produce data in discovery is probative of the accuracy of the data, there is a danger that evidence of discovery sanctions and violations of discovery orders will unfairly prejudice Samsung.  Apple must therefore delete the bullet that reads, "Violated court orders to produce financial records, sanctions."

In addition, in order to minimize the undue prejudice of evidence of discovery misconduct to Samsung, but to allow the jury to hear probative evidence regarding the accuracy of Samsung's financial data, Apple will be permitted to ask one leading question to elicit that Samsung's conduct in discovery has led to questions regarding the accuracy of the data produced.  Apple may ask: "Hasn't a Magistrate Judge managing the discovery process in this case questioned the accuracy of Samsung's financial data?"  Unless Samsung opens the door, no other questions in this line of questioning will be permitted, and Apple may not reference this issue in its demonstratives.

| PDX34.29-30 | Overruled.  Samsung Electronics Corporation, the Korean parent, sells phones to its American subsidiary at a significant fraction of retail price.  Thus, the profits of the American subsidiary represent only a small fraction of total Samsung profits.  PDX34.29-30 explains Samsung's business structure to the jury, and indicates how profits are calculated in each corporate entity.  Because those profit calculations arise from the company's structure and tax treatment, this evidence is relevant.  The Court has already ruled that the probative value of explaining the tax implications of Samsung's business structure outweighs the potential prejudice.  *See* ECF No. 1267 at 5:18-21 (Order granting-in-part and denying-in-part Samsung's motion *in limine* #9).  The Court did exclude any suggestion that Samsung's tax practices constitute improper tax evasion.  *See id.*  However, the slides simply explain the tax practices, and do not make any moral or legal judgments.  Accordingly, the Court overrules Samsung's objection. |

| PDX25C | Sustained.

First, Samsung objects that PDX25C is inadmissible hearsay expert testimony.  The Court disagrees.  PDX25C is not hearsay, it is a demonstrative used to aid the testimony of the expert in presenting his opinions.

Samsung's also objects that damages figures in PDX25C were not included in Mr. Musika's expert report.  Apple explains that these damages figures were calculated using the same methodology as in Mr. Musika's expert report, but were recalculated with two adjustments: (1) Mr. Musika used updated financial information that Samsung had untimely disclosed; and (2) Mr. Musika omitted damages related to claims dropped by Apple.  The parties agreed not to object to the use of updated financial damages opinions that were exchanged on July 28, 2012.  *See* ECF No. 1554 (Order Granting Stipulation).  Samsung cannot now claim that the updated damages calculations disclosed on July 28, 2012 are untimely.

However, the damages calculations in PDX25C are not the same as the damages calculations that were exchanged on July 28, 2012, and to which the parties |

2

| | |
|---|---|
| stipulated.  Apple has not explained this discrepancy, or explained why the calculations used in PDX25C, which were disclosed on August 7, 2012, were timely disclosed.  For example, the July 28, 2012 calculation for Apple's total lost profits was $488,777,933, while PDX25C includes the August 7, 2012 calculation: $553,790,273.  Apple may use PDX25C to present only damages calculations disclosed pursuant to the July 28 updated damages calculations. | |

### 2.   Apple's Objections

| WITNESS AND EXHIBIT NO. | COURT'S RULING ON OBJECTION |
|---|---|
| *UniRam* Transcript | Sustained.  Mr. Musika's prior testimony on damages in *UniRam Tech., Inc. v. Taiwan Semiconductor Mfg. Co., Ltd.*, Case No. C-04-1268-VRW, an unrelated litigation, is of limited relevance and is likely to waste time and lead to jury confusion.  Accordingly, this evidence is inadmissible under FRE 403. |
| DX757 | Overruled.  DX757 is a royalty chart considered by Samsung's damages expert Mr. Wagner.  Samsung seeks to use this chart in cross examining Apple's damages expert, Terry Musika.  Because the royalty chart is relevant to the issues discussed by the damages expert, Apple's objection under FRE 402 and 403 is overruled. |

**IT IS SO ORDERED.**

Dated: August 10, 2012

_Lucy H. Koh_
LUCY H. KOH
United States District Judge

Case No.: 11-CV-01846-LHK
ORDER ON OBJECTIONS TO EXHIBITS