# Exhibit I

**Sagapolu, Frances L. M.**

| | |
|---|---|
| **From:** | Thomas Watson <tomwatson@quinnemanuel.com> |
| **Sent:** | Thursday, August 09, 2012 6:57 PM |
| **To:** | Thomas Watson; Pernick, Marc J.; Victoria Maroulis |
| **Cc:** | Agrawal, Ruchika; Diane Hutnyan |
| **Subject:** | RE: Apple v. Samsung: Jury Instructions |

Marc,

Please add the following FRAND/Antitrust/Breach of Contract related instructions to the joint list. It appears that we do not have agreement on 65 and 68 at this point.

The following instructions from our 7/13/12 filing (using the numbering of that filing):
27
28
84.1
86
86.1

The following instructions that we sent you on 8/7/12 at 11:54 pm (using Apple's current numbering scheme)
65 (without the redline)
68 (without the redline)


**Thomas R. Watson** | Quinn Emanuel Urquhart & Sullivan, LLP | Office:  +1.650.801.5017

**From:** Thomas Watson
**Sent:** Thursday, August 09, 2012 5:59 PM
**To:** 'Pernick, Marc J.'; Victoria Maroulis
**Cc:** 'AppleMoFo'; 'WHAppleSamsungNDCalService@wilmerhale.com'; Samsung v. Apple
**Subject:** RE: Apple v. Samsung: Jury Instructions

Marc,

For the instructions we have not previously emailed about, please include the following Samsung Proposed Instructions in the joint submission you are preparing. I still owe you damages related instructions.

Design Patent
42 (both that are in the 7/13/12 filing under Instruction 42)
44.5
44
44.1
44.2
44.3
44.4
58.2
45
46

1

46.1
46.2
46.3
47.1
47.2
47.3
47.4
49
50
51
48

Trade Dress (numbering based on the 7/13/12 submission)
70
71
72
73
67
62
61
61.1
61.2
61.3
61.4
61.5
61.6
68
69 (the version at Dkt. 1264)
69.1
69.2
69.3
69.4
63
63.1
64
64.1
65
66
81
63.2


Inducement/Willfulness (numbering based on the 7/13/12 submission)
58.1
58.2
59  (the version at Dkt. 1279)

**Thomas R. Watson** | Quinn Emanuel Urquhart & Sullivan, LLP | Office: +1.650.801.5017

---

**From:** Pernick, Marc J. [mailto:MPernick@mofo.com]
**Sent:** Thursday, August 09, 2012 3:21 PM

**To:** Victoria Maroulis; Thomas Watson
**Cc:** AppleMoFo; WHAppleSamsungNDCalService@wilmerhale.com; Samsung v. Apple
**Subject:** RE: Apple v. Samsung: Jury Instructions

Vicki/Tom:

It's 3:20 and all we have from you are two instructions from this afternoon and a few from two nights ago.

Holding a meaningful meet-and-confer and preparation of the joint submission require us to know the full gamut of your proposed instructions.

Please provide them to us (with red-lining).

Marc

---

**From:** Pernick, Marc J.
**Sent:** Thursday, August 09, 2012 12:48 PM
**To:** 'Victoria Maroulis'; Thomas Watson
**Cc:** AppleMoFo; 'WHAppleSamsungNDCalService@wilmerhale.com'; Samsung v. Apple
**Subject:** RE: Apple v. Samsung: Jury Instructions

Vicki, we'll have to discuss this after we see your proposals.  We've been asking you for them for days.

---

**From:** Victoria Maroulis [mailto:victoriamaroulis@quinnemanuel.com]
**Sent:** Thursday, August 09, 2012 12:45 PM
**To:** Pernick, Marc J.; Thomas Watson
**Cc:** AppleMoFo; 'WHAppleSamsungNDCalService@wilmerhale.com'; Samsung v. Apple
**Subject:** RE: Apple v. Samsung: Jury Instructions

Charlie does not have much flexibility on the 5:30 time.  However, we can move the proposed 2:30 call to 3 or 4 if that helps.

---

**From:** Pernick, Marc J. [mailto:MPernick@mofo.com]
**Sent:** Thursday, August 09, 2012 12:39 PM
**To:** Victoria Maroulis; Thomas Watson
**Cc:** AppleMoFo; WHAppleSamsungNDCalService@wilmerhale.com; Samsung v. Apple
**Subject:** RE: Apple v. Samsung: Jury Instructions

Vicki, as I also told Tom a few minutes ago on the phone, we'll get back to you on scheduling the lead counsel meeting after we have a chance to review your proposals.

---

**From:** Pernick, Marc J.
**Sent:** Thursday, August 09, 2012 12:02 PM
**To:** 'Victoria Maroulis'; Thomas Watson
**Cc:** AppleMoFo; 'WHAppleSamsungNDCalService@wilmerhale.com'; Samsung v. Apple
**Subject:** RE: Apple v. Samsung: Jury Instructions

Vicki, with any instructions you send over at 1:30, please also send a red-line of them against your previous instructions.

---

**From:** Victoria Maroulis [mailto:victoriamaroulis@quinnemanuel.com]
**Sent:** Thursday, August 09, 2012 11:42 AM
**To:** Pernick, Marc J.; Thomas Watson

**Cc:** AppleMoFo; 'WHAppleSamsungNDCalService@wilmerhale.com'; Samsung v. Apple
**Subject:** RE: Apple v. Samsung: Jury Instructions

Michael and Mark,

We propose the following schedule for getting the jury instructions filing to the court tomorrow:

1:30 pm – Samsung to provide Apple with any additional revisions/possible agreements;
2:30 pm – Conference call to discuss;
5:30 pm – lead counsel meeting of Harold and Charlie and whoever needs to be present to conduct the required meet and confer.  Let's hold the meeting at Marriott, since we've been coming over to your hotel for the prior sessions.

Please let us know if you agree.

Thank you.

Vicki

---

**From:** Pernick, Marc J. [mailto:MPernick@mofo.com]
**Sent:** Thursday, August 09, 2012 9:47 AM
**To:** Thomas Watson; Victoria Maroulis
**Cc:** AppleMoFo; WHAppleSamsungNDCalService@wilmerhale.com; Samsung v. Apple
**Subject:** RE: Apple v. Samsung: Jury Instructions

Tom:

This is to follow up on the jury instructions.

First, we still have not heard back from you on the design, trade dress, or damages instructions.  You have also not been available to talk further about process.  These delays are making it hard to prepare the joint filing in a timely fashion.

In terms of substance, here are additional responses to the proposals you sent over at midnight on Tuesday night --

a)  We agree to add 9th Circuit Instruction 1.5 re: separate parties.

b)  We object to Samsung's proposed revisions to our Instruction 5 on the adverse inference/failure to preserve evidence.  Your proposal deviates from Judge Grewal's order.  There is no basis for doing that.

c)  We will not agree to Samsung's proposed Instruction 5.1.  There has been no spoliation by Apple, there has been no judicial finding of spoliation by Apple, and there is no court order authorizing such an instruction.

d)  We will not agree to Samsung's proposed changes to our Instruction 6 (which is now Instruction 7) on the sanctions previously ordered in this case.  There is no basis for informing the jury about the one sanctions ruling against Apple.  Judge Koh ruled that, as a general matter, she did not want the jury to be informed about sanctions rulings.  She made an express exception for the sanctions ruling regarding Samsung's damages productions because the failures there go to the reliability of Samsung's financial evidence.  That is not the case with regard to the sanctions order against Apple.  In addition, we disagree with your proposed changes to the text of our proposal concerning the damages sanctions ruling against Samsung.

e)  Regarding the red-line you sent on Instruction 8, which is a summary of the contentions, we can agree to the edits you proposed concerning the patent contentions.  We disagree, however, on the trade dress changes.  I can discuss these with you live.

f)  On Instruction 14 (regarding DOE), we will agree to make the instruction bilateral, subject to our footnote that is in the text already.  But we do not agree to removing the "software instructions" language.

Let's set up a time to talk this afternoon.

Marc

---

**From:** Thomas Watson [mailto:tomwatson@quinnemanuel.com]
**Sent:** Tuesday, August 07, 2012 11:54 PM
**To:** Pernick, Marc J.; Victoria Maroulis
**Cc:** AppleMoFo; 'WHAppleSamsungNDCalService@wilmerhale.com'; Samsung v. Apple
**Subject:** RE: Apple v. Samsung: Jury Instructions

Marc,

We write with respect to jury instructions.  We are still working on the design and damages related instructions, but we wanted to give you our agreements/draft proposals on the following General Civil, Utility Patent, and FRAND/Antitrust instructions now in the interests of time.  We do not intend this email and the attached instructions to be an exhaustive attempt to address all of Apple's proposed instructions, nor a waiver of instructions we have previously submitted or exchanged unless otherwise expressly stated below.

Marc, we are hoping you can start preparing the joint pleadings based on our agreements and draft proposed instructions in parallel with our meet and confer efforts considering how long that process takes.

### A.  General Civil Instructions

No. 5, Evidence Preservation – We have attached our proposed alternate instruction.
No. 6, Damages Production – We have attached our proposed alternate instruction.
No. 7, Evidence For Limited Purpose – Have you thought further about this one?
No. 8, Summary of Contentions – We have attached a proposed redline that brings the instruction Apple proposes into line with the Court's preliminary instructions.

We also want our old Instruction No. 13 (numbering from Joint Disputed Instructions submitted to Court) relating to "Two or More Parties—Different Legal Rights."  *See* Ninth Circuit Model Instruction 1.5.

### B.  Utility Patent (not including damages)

Areas of agreement to the extent we did not agree Sunday night
No. 12, Direct Infringement – Agreement based on your representation that Apple will move the paragraph on U.S. sales to 12.1.  We will send you a responsive instruction for 12.1.
No. 13, Literal Infringement – Agreement.
No. 16, Burden of Proof – Agree to short version.
No. 17, Written Description – Agreement.

5

No. 19, Statutory Bars – Agreement subject to our objection to Apple's inclusion of effective filing dates.  The effective filing dates language should be deleted.
No. 20, Obviousness – Agreement.

Proposed Revisions
No. 14, DOE – The instruction should be bilateral, and we will have a similar footnote stating that Samsung does not believe that Apple should be permitted to rely on DOE with a reservation of rights to modify the instruction if the Court rules in Samsung's favor.  Samsung also objects to the "software instructions" language Apple inserted.  We should stick to the model and delete all "software instructions" language.

Method Claim Instruction
I have attached our proposed method claim instruction that we had previously exchanged after we filed the initial set of disputed instructions.


    **C.**    **FRAND/Antitrust**

Apple's proposals (numbering consistent with Apple's latest proposed instructions)
No. 23, Equitable estoppel:  Agreement.
No. 63, Breach of contract – timely disclosure:  Agreement.
No, 64, Monopolization – Elements:  Agreement.
No. 65, Monopolization -- Relevant market:  Proposed revisions attached.
No. 67, Monopolization – Willful acquisition of monopoly power:  Proposed revisions attached.
No. 68, Monopolization – Anticompetitive behavior in standard-setting:  Proposed revisions attached.
No. 70, Monopolization—Interstate conduct:  Agreement.
No. 71, Monopolization—Injury and damages:  Agreement.

Samsung proposals (numbering from Joint Disputed Instructions submitted to Court)
We will drop 85.1 and 85.2.
We will drop 89.

Remaining disagreements (numbering from Joint Disputed Instructions submitted to Court)
No. 27, Patent Exhaustion
No. 28, Waiver
No. 84.1, Monopolization—Monopoly power generally
No. 86, Monopolization –Evidence of Monopoly power
No. 86.1, Monopolization –Existence of Monopoly power—Direct Proof

Tom Watson

**Thomas R. Watson** | Quinn Emanuel Urquhart & Sullivan, LLP | Office:  +1.650.801.5017

---

**From:** Pernick, Marc J. [mailto:MPernick@mofo.com]
**Sent:** Tuesday, August 07, 2012 10:57 AM
**To:** Victoria Maroulis; Thomas Watson
**Cc:** AppleMoFo; WHAppleSamsungNDCalService@wilmerhale.com; Samsung v. Apple
**Subject:** Apple v. Samsung: Jury Instructions

Vicki and Tom:
There were some instructions we discussed on Sunday night to which you agreed, subject to confirming that our proposed text did not substantively deviate from the model. Now that you've had some time to look at them, we wanted to see if we could officially put these instructions into the "undisputed" camp. These instructions include --

- Apple's Proposed Instruction Nos. 13, 14 (with the caveat that you think this DOE instruction should be bilateral), 17, 19 (subject to your objection about including the effective filing dates), 20, and 29.
- On Instruction No. 12 (direct infringement), we'll agree to move the paragraph on sales within the United States into a separate Instruction No. 12.1. With that, I think we can also agree to Instruction No. 12. Please let me know.
- Have you decided whether you prefer our shorter or longer proposals for Instruction Nos. 16 and 35 (burden of proof for invalidity)? We can hopefully put these two to rest too.

If you want to discuss these instructions live, let us know when today would work for a phone call or a meeting.
In addition, we propose that the parties exchange any further modifications to their proposed instructions by today at 9:00 pm. Does that work for you?

Regards,
Marc

----------------------------------------------------------------------
To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

For information about this legend, go to
http://www.mofo.com/Circular230/

===========================================================================

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail @mofo.com, and delete the message.

----------------------------------------------------------------------


----------------------------------------------------------------------
To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

For information about this legend, go to
http://www.mofo.com/Circular230/

===========================================================================

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail @mofo.com, and delete the message.

----------------------------------------------------------------------


----------------------------------------------------------------------
To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

For information about this legend, go to
http://www.mofo.com/Circular230/

============================================================================

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail @mofo.com, and delete the message.

----------------------------------------------------------------------


----------------------------------------------------------------------
To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

For information about this legend, go to
http://www.mofo.com/Circular230/

============================================================================

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail @mofo.com, and delete the message.

----------------------------------------------------------------------