```
 1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
      Charles K. Verhoeven (Bar No. 170151)
 2    charlesverhoeven@quinnemanuel.com
    50 California Street, 22nd Floor
 3  San Francisco, California 94111
    Telephone: (415) 875-6600
 4  Facsimile: (415) 875-6700

 5    Kevin P.B. Johnson (Bar No. 177129
      kevinjohnson@quinnemanuel.com
 6    Victoria F. Maroulis (Bar No. 202603)
      victoriamaroulis@quinnemanuel.com
 7  555 Twin Dolphin Drive, 5th Floor
    Redwood Shores, California  94065-2139
 8  Telephone:     (650) 801-5000
    Facsimile:     (650) 801-5100
 9

10    Michael T. Zeller (Bar No. 196417)
      michaelzeller@quinnemanuel.com
11  865 S. Figueroa St., 10th Floor
    Los Angeles, California 90017
12  Telephone: (213) 443-3000
    Facsimile: (213) 443-3100
13

14  Attorneys for SAMSUNG ELECTRONICS CO.,
    LTD., SAMSUNG ELECTRONICS AMERICA,
15  INC. and SAMSUNG
    TELECOMMUNICATIONS AMERICA, LLC
16
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | CASE NO. 11-cv-01846-LHK |
| Plaintiff, | **DECLARATION OF THOMAS R. WATSON IN SUPPORT OF SAMSUNG'S RESPONSE TO APPLE'S STATEMENT REGARDING JURY INSTRUCTIONS** |
| vs. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendant. | |

I, Thomas R. Watson, declare as follows:

1. I am a member of the bar of the State of California and an associate at Quinn Emanuel Urquhart & Sullivan LLP, attorneys for Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung").  I make this declaration of personal knowledge and could testify competently to the facts stated herein.

2. Over the past week, Victoria Maroulis and I have been diligently working with Apple in an attempt to resolve differences on jury instructions and reduce the number of disputes for the Court to resolve.  In particular, Samsung has agreed to more than twenty revised instructions proposed by Apple and is continuing to review Apple's remaining disputed instructions for any common ground.  By contrast, Apple has agreed to only two instructions offered solely by Samsung, and one of them was based on Model Instruction No. 1.5.

3. Marc Pernick told me the he experienced technical difficulties today with the preparation of the document containing the parties' disputed jury instructions.  Samsung still has not received from Apple the native version of the joint set of disputed instructions that Apple undertook to prepare as part of the submission.  Without a native version, Samsung is unable to make edits and changes to the disputed jury instructions.

4. I only received a PDF version of the joint set of disputed instructions at 9:40 p.m. this evening.  Because Apple had not provided a joint draft of the jury instructions by the time I spoke with Mr. Pernick after court concluded for the day, I proposed to have an interim meeting late tonight and to have the final lead counsel meeting over the weekend to submit the joint set shortly thereafter.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed August 10, 2012, at San Jose, California.

*/s/ Thomas R. Watson*
Thomas R. Watson

1 **GENERAL ORDER ATTESTATION**

2   I, Victoria Maroulis, am the ECF user whose ID and password are being used to file the

3 foregoing document. I hereby attest pursuant to General Order 45.X.B. that concurrence in the

4 electronic filing of this document has been obtained from Thomas R. Watson.

5

6

7                                                          */s/ Victoria Maroulis*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28