| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781) <br> hmcelhinny@mofo.com <br> MICHAEL A. JACOBS (CA SBN 111664) <br> mjacobs@mofo.com <br> RACHEL KREVANS (CA SBN 116421) <br> rkrevans@mofo.com <br> JENNIFER LEE TAYLOR (CA SBN 161368) <br> jtaylor@mofo.com <br> ALISON M. TUCHER (CA SBN 171363) <br> atucher@mofo.com <br> RICHARD S.J. HUNG (CA SBN 197425) <br> rhung@mofo.com <br> JASON R. BARTLETT (CA SBN 214530) <br> jasonbartlett@mofo.com <br> MORRISON & FOERSTER LLP <br> 425 Market Street <br> San Francisco, California 94105-2482 <br> Telephone: (415) 268-7000 <br> Facsimile: (415) 268-7522 | WILLIAM F. LEE <br> william.lee@wilmerhale.com <br> WILMER CUTLER PICKERING <br> HALE AND DORR LLP <br> 60 State Street <br> Boston, MA 02109 <br> Telephone: (617) 526-6000 <br> Facsimile: (617) 526-5000 <br><br> MARK D. SELWYN (SBN 244180) <br> mark.selwyn@wilmerhale.com <br> WILMER CUTLER PICKERING <br> HALE AND DORR LLP <br> 950 Page Mill Road <br> Palo Alto, California 94304 <br> Telephone: (650) 858-6000 <br> Facsimile: (650) 858-6100 |

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, <br><br> Defendants. | Case No. 11-cv-01846-LHK (PSG) <br><br> **APPLE'S REPLY IN SUPPORT OF MOTION TO EXCLUDE SAMSUNG WITNESS TESTIMONY** |

There is no way that a Samsung witness who was not involved in designing the accused devices can offer any testimony that is relevant to this case. Samsung does not allege that Hyoung-Shin Park has *any* personal knowledge of the creation of the designs of the accused devices. Indeed, Samsung now admits that it "does not seek to introduce Ms. Park's testimony" on the topic of the "design history of the Samsung products at issue." (Opp. at 7:1-3.) Samsung intends to use Ms. Park to evade the Court's prior orders sustaining Apple's objections to the untimely disclosed theories relating to the F700. Samsung plans to shoehorn *all* of its excluded theories back into the trial as "for alternative design and functionality purposes" or to support its excluded "independent derivation" theory. The Court should not allow it.

With respect to Mr. Sohn, Samsung knows it is in the wrong and pleads for a stay of execution. Samsung's opposition falls far short of proving that Samsung's failure to disclose Mr. Sohn and its successful efforts to limit dramatically Apple's opportunity to depose him were "harmless." The issue is fully briefed and there is no reason to delay.

**I.   THERE IS NO PROPER PURPOSE FOR WHICH MS. PARK CAN TESTIFY TO THE DESIGN HISTORY OF THE F700**

Evidence of the F700 and the MPCP Project 2006 has been stricken many, many times. The Court has been very clear and very consistent, yet here we are again. Samsung has a pack of new theories for why it should be allowed to introduce through Ms. Park the exact same evidence about the F700 that the Court has kept out. Each fails because Samsung cannot show that Ms. Park's testimony is any different from the evidence the Court has already excluded.

**A.   The Court Struck, Over and Over and Over, References to the F700 and the MPCP Project 2006 for Purposes of Invalidity and Non-Infringement**

Samsung expert Itay Sherman's March 23, 2012 expert report contained the opinion that there is "no basis to believe" the F700 and other Samsung designs were "copied from Apple's designs" and that "the substantial similarity of these designs is further proof that the D'677 lacked any novelty." He continued by citing the same "MPCP Project 2006" documents that Samsung offers as trial exhibits and attempted to show in slides 11-19 of its opening statement. Sherman wrote:

> The following images were included in several reports and presentations, which I understand Samsung created between July and September 2006 in connection with the project that yielded the F700 [Bates number]. I understand that these reports were designed to create and recommend an interface for a touchscreen mobile phone that was currently in development. The images show a design for a touchscreen phone having a rectangular shape, corners with equal radii, a large rectangular display covering most of the front surface, a single button below the display screen, a black border surrounding the display area, and a thin, white, even border on the perimeter of the device. These internal designs were created before the announcement or disclosure of the first iPhone or the filing of the application for the D'677 patent.

(Dkt. No. 939-4 Ex. 27 (sealed) at 39-40.) Similarly, Samsung expert Anders relied on the KR 30-0452985 patent application (which Samsung describes as "the design patent application for the F700") as "prior art" relevant to non-infringement. (*E.g., id.* Ex. 30 (sealed) at Part B page 8, Part C page 5.) Samsung expert Lucente also cited the F700 and MPCP Project 2006 as prior art to Apple's GUI design patents. (*Id.* Ex. 26 (sealed) at 36, 37, 58.)

      Judge Grewal scrutinized the parties' disclosures, weighed the arguments, and struck these theories because they were never previously disclosed. (Dkt. No. 1144 at 3-5.) Samsung sought relief from this Court and was denied.

> Based on Judge Grewal's Order, Samsung's expert testimony regarding the invalidity, noninfringement, and lack of distinctiveness arguments that were not timely disclosed in amended contention interrogatory answers are inadmissible pursuant to Judge Grewal's Order. In light of Judge Grewal's ruling, Samsung will not be permitted to argue, through fact witnesses or otherwise, for invalidity of design patents, non-infringement of design patents, or lack of distinctiveness of trade dress based on theories not timely disclosed in Samsung's amended responses to contention interrogatories.

(Dkt. No. 1545 at 9-10.) The Court expressed doubt as to whether there could be *any* permissible use of that evidence:

> Although it is difficult to determine in the abstract, the Court is doubtful that many (if not most) of the prior art references and other evidence will be admissible for purposes, unrelated to the untimely disclosed theories. These stricken prior art references will have to be relevant and admissible under FRE 401, 402 and 403.

(*Id.*)

Samsung attempted to use the same evidence in opening statement slides 11-19.  The Court struck them.  (Dkt. No. 1456 at 2.)  Samsung moved for reconsideration, arguing that the evidence relating to the F700 and the MPCP goes neither to invalidity nor non-infringement, but to "independent derivation."  The Court denied reconsideration, finding that the "independent derivation" theory was not timely disclosed, but gave Samsung the opportunity to make another written submission.  (Reply Declaration of Jason R. Bartlett in Support of Motion to Exclude Samsung Witness Testimony ("Bartlett Decl.") Ex. 1 at 39:7-9, 40:10-22.)  Samsung then made an offer of proof that evidence was offered for "independent creation and to rebut allegations of copying" and willful infringement.  (Dkt. No. 1463 at 2-3; *see also* 1480 (Apple response).)  The Court denied reconsideration.  (Dkt. No. 1510 at 2.)  Before opening statements, Samsung "begged" the Court to reconsider *again*, arguing that Samsung should be allowed to introduce "evidence that we had that design patent in 2006."  (Bartlett Decl. Ex. 1 at 291:22-292:9.)  The Court's response could not have been clearer:  "Mr. Quinn, please.  Please.  We've done three reconsiderations on this and we need to move forward. . . . You've made your record . . . Don't make me sanction you."  (*Id.* at 292:10-293:2; *see also* Bartlett Decl. Ex. 1 at 349:15-23 (overruling Samsung objection that Apple "opened the door" in opening statement and Samsung should be allowed to introduce evidence F700 was developed before iPhone).)

Next, Samsung leaked the excluded evidence to the press.  Apple moved for sanctions.  The Court reserved for after the trial the question of what consequences might be appropriate, but once again reiterated why evidence of the F700 and the MPCP Project 2006 had to be excluded:

> I don't want anyone to lose sight of the fact that this is a situation of Samsung and Quinn Emanuel's own making.  Had Samsung timely complied with its discovery obligations, there would be no exclusion.

(*Id.* at 575:25-576:5.)

### B. Samsung Tried to Sneak the F700 and the MPCP Project 2006 in as "Impeachment" but Was Stopped Cold

The Court already has rejected Samsung's theory that it can evade the Court's orders excluding the F700 for non-infringement purposes through impeachment. (*Id.* at 1188:4-1189:4.)

APPLE'S REPLY ISO MOTION TO EXCLUDE SAMSUNG WITNESS TESTIMONY
CASE NO. 11-CV-01846-LHK (PSG)
sf-3182150

3

Immediately after the Court allowed Mr. Bressler to answer a question as to whether the F700 was substantially similar to the iPhone initial design, Samsung showed a slide of the accused Infuse 4G next to the F700. Apple objected on the ground that Samsung was making a non-infringement argument, in violation of the Court's orders. The Court sustained Apple's objection, and directed Samsung to take down the slide. Samsung's counsel then argued that the slide was offered to impeach Mr. Bressler's testimony, asserting that Samsung is allowed "to show, through impeachment, that the phones that this witness is accusing of being substantially similar look different from a phone that's not accused that the witness says is not substantially similar." The Court rejected that argument, stating: "Overruled. Go ahead. Go to your next line of questioning please." (*Id.* at 1189:2-4.)

Remarkably, Samsung contends that the Court's rulings *authorized* use of the F700 as impeachment for non-infringement.[1] (Opp. at 5 n.1.) The transcript shows otherwise. And Samsung's improper questioning of Mr. Bressler to evade the Court's orders excluding the F700 for non-infringement purposes confirms the prejudice to Apple that would arise from allowing Ms. Park's testimony.[2]

### C. Apple Did Not Agree to Let Samsung Evade the Court's Orders By Admitting the KR30-0452985 Application

Apple did not stipulate to admission of KR30-0452985, the patent application allegedly relating to the F700. Samsung refers the Court to an email exchange that it purports to quote but tellingly does not attach to the declaration accompanying its opposition. Apple agreed that the KR'985, because it was attached to Mr. Sherman's preliminary injunction declaration, need not be stricken as a prior art reference under Judge Grewal's order pertaining to invalidity. But Apple expressly did *not* agree that KR'985 could be used for all purposes, such as non-infringement; nor did Apple agree not to move to exclude Samsung's alleged "invalidity" theory pertaining to the

---

[1] Samsung's citation to the transcript omits the Court's directive that Samsung move on to the next line of questioning and that the Court was overruling counsel's proffer after sustaining Apple's objection *twice*.

[2] Samsung completely mischaracterizes the Court's exchange with Samsung counsel at pages 1032:10-1041:11. Nowhere in this exchange does the Court "allow[] F700 questioning to impeach Mr. Bressler's infringement opinion." (Opp at 5 n.1.) The Court states that it understands Samsung's position, then concludes "I'll get back to you on the F700." (Bartlett Decl. Ex. 1 at 1032:10-1041:11.)

KR'985 application on other grounds. (Bartlett Decl. Ex. 2.) Furthermore, the Court subsequently *granted* Apple's motion *in limine* to exclude the KR'985 application as evidence of invalidity because it is *not* prior art. (Dkt. No. 1267 at 3 ("the following may not be introduced as prior art references under 35 U.S.C. § 102:  KR30-0452985").) Nor did Samsung timely disclose an independent development theory relating to the KR'985 patent any more than it did the F700 product on which it is allegedly based. Thus, Samsung has no grounds to introduce the KR'985 patent based on Apple's prior agreement, and its selective quotation of the parties' correspondence is misleading.

### D. Ms. Park and the F700 Cannot Help Samsung "Rebut" an Allegation of "Copying" and "Willful Infringement."

Samsung now claims that Ms. Park is going testify to the entire history of the F700 design to rebut Apple's allegation that Samsung copied the iPhone and that it willfully infringed. The Court, however, already struck the "independent creation" and "rebuttal" to "copying" and "willful infringement" theories. (Dkt. No. 1463 at 2-3; Dkt. No. 1480; Dkt. No. 1510 at 2.) Moreover, Samsung admits that it does not intend to offer any testimony from Ms. Park on the design of the accused products. (Opp. at 7.) Accordingly, there is no way that she could have rebutted Apple's allegation that those designs — which are the only designs at issue — were based on the iPhone. Samsung knows this, and has included lead designer Min-Hyouk Lee on its witness list, who "will testify regarding Samsung design and design of the accused Samsung devices." (Dkt. No. 1278 at 4.) If Samsung wants to attempt to rebut Apple's allegation that the accused devices copied the iPhone, it can call Mr. Lee. Ms. Park's testimony about the design of the F700 cannot rebut Apple's copying allegations as there is no allegation of copying pertaining to the F700 in this case.   The F700 is not an accused device.

Samsung vaguely asserts that Ms. Park will testify about "other unreleased Samsung phones" although its "offer of proof" does not explain what those are. (Opp. at 2-3, 7.) Given that Ms. Park was not involved in the development of the accused products, however, it is clear that these unspecified "other unreleased Samsung phones" are irrelevant to the copying issues in this case.

### E. Ms. Park's Proffered Testimony About "Alternative Design" and "Functionality" is Prejudicial and a Waste of Time

Samsung's offer of proof is that Ms. Park will discuss at length the design history of the F700 and the functional considerations that drove each of its features. The main purpose of this testimony, plainly, is to deliver the exact message regarding the F700 that Samsung failed to deliver in opening statement with the excluded slides 11-19. If the only purpose of Ms. Park's testimony were to discuss "alternative design" and functionality, it would be an enormous waste of time and *extremely* prejudicial. No limiting instruction could prevent the jury from considering Ms. Park's testimony on the history of the F700 design as evidence of Samsung's invalidity and non-infringement theories. And even assuming there was some legitimate basis for the testimony (and there is none) the prejudice to Apple far outweighs it. Federal Rule of Evidence 403.

Samsung has no need to present testimony regarding the whole design history of the F700 to establish that it is an alternative design. Samsung has already explored the existence of the F700 as a viable alternative to Apple's asserted designs in its examination of Mr. Bressler. In any event, the existence of alternatives such as the F700 further supports the *validity* of Apple's design patents.

Whether design elements of the F700 were "functional" is irrelevant. The question at issue is whether Apple's asserted designs and trade dress, taken as a whole, are functional. Neither party alleges that the F700 is an embodiment of Apple's design patents and trade dress. Indeed, Ms. Park testified at length about how different the F700 and the iPhone designs are. (Bartlett Decl. Ex. 3.) Moreover, the specific timing and design history of the F700 is irrelevant to whether the design is "functional." If Samsung merely wants to establish that all rounded corners are functional, it may attempt to do so. It does not matter *when* or in connection with *what project* Samsung tumbled to that conclusion. Once again, the *only* purpose for introducing the alleged "functionality" of the F700 is to induce the jury to consider the evidence for the impermissible purposes that Samsung seems determined to get before the jury by any means necessary.

## II. SAMSUNG'S SUCCESSFUL EFFORT TO LIMIT THE DEPOSITION OF DALE SOHN WAS NOT "HARMLESS"

Samsung cites no case supporting its contention that its refusal to present Mr. Sohn for a full deposition was "harmless." Samsung admits it failed to timely disclose Mr. Sohn. It admits it forced Apple to move to compel. It admits the deposition was only three hours and it admits that the deposition occurred well after the close of discovery. Apple was harmed because it was denied full and timely discovery of Mr. Sohn's testimony. In any event, Mr. Sohn has admitted he has no first-hand knowledge of the design, development, and marketing of" the products at issue. (Dkt. No. 754-1 at 2.) There is no reason to wait. He should be excluded now.

## CONCLUSION

Samsung's inability to introduce evidence of the F700 and the MPCP Project is a problem of Samsung's own making. Notwithstanding Samsung's failure to disclose, the Court has given it the opportunity to introduce a limited amount of F700-related information for specific purposes but Ms. Park cannot be the vehicle for that testimony. Samsung has shown itself unwilling to stay within the bounds of such limits in the past, and its offer of proof with respect to Ms. Park shows it has no intention of staying within bounds in the future. As for Mr. Sohn, Samsung has no excuse for belatedly offering his testimony now. Ms. Park and Mr. Sohn should be excluded from this trial.

Dated: August 12, 2012         MORRISON & FOERSTER LLP


                               By:    /s/ Michael A. Jacobs
                                      MICHAEL A. JACOBS

                               Attorneys for Plaintiff
                               APPLE INC.