Exhibit 1

```
1                UNITED STATES DISTRICT COURT

2              NORTHERN DISTRICT OF CALIFORNIA

3                    SAN JOSE DIVISION

4

5

    APPLE INC., A CALIFORNIA      )  C-11-01846 LHK
6   CORPORATION,                  )
                                  )  SAN JOSE, CALIFORNIA
7               PLAINTIFF,        )
                                  )  JULY 30, 2012
8         VS.                     )
                                  )  VOLUME 1
9   SAMSUNG ELECTRONICS CO.,      )
    LTD., A KOREAN BUSINESS       )  PAGES 1-282
10  ENTITY; SAMSUNG               )
    ELECTRONICS AMERICA,          )
11  INC., A NEW YORK              )
    CORPORATION; SAMSUNG          )
12  TELECOMMUNICATIONS            )
    AMERICA, LLC, A DELAWARE      )
13  LIMITED LIABILITY             )
    COMPANY,                      )
14                                )
                DEFENDANTS.       )
15  _____

16            TRANSCRIPT OF PROCEEDINGS
          BEFORE THE HONORABLE LUCY H. KOH
17           UNITED STATES DISTRICT JUDGE

18

19

20            APPEARANCES ON NEXT PAGE

21

22

23  OFFICIAL COURT REPORTER: LEE-ANNE SHORTRIDGE, CSR, CRR
                   CERTIFICATE NUMBER 9595
24

25
```

```
 1                (WHEREUPON, A RECESS WAS TAKEN.)

 2                THE COURT:  OKAY.  LET'S JUST GO BACK ON

 3     THE RECORD A MINUTE.

 4                WITH REGARD TO SAMSUNG'S SLIDE 51, WE

 5     HAVE CONFIRMED THAT IT WAS DISCLOSED, SO APPLE'S

 6     OBJECTION IS OVERRULED WITH REGARD TO SLIDE 51.

 7                WITH THE INDEPENDENT DERIVATION, THAT I'M

 8     DENYING THE MOTION FOR RECONSIDERATION.  IT WASN'T

 9     TIMELY DISCLOSED.  IT IS ESSENTIALLY INVALIDITY

10     THAT YOU INVENTED IT FIRST.

11                NOW, WITH REGARD TO THIS SLIDE 29 -- WITH

12     REGARD TO SLIDE 29, I'M GOING TO -- WELL, I GUESS I

13     WOULD LIKE A LITTLE BIT OF INFORMATION ON IF IT

14     REALLY IS REBUTTAL OR NOT.

15                AND THEN CAN YOU ALL HAVE JUST SOMEONE IN

16     OUR TEAMS DO JUST LIKE A ONE PARAGRAPH

17     EXPLAINING -- I MEAN, I MIGHT MAKE AN EXCEPTION

18     BECAUSE THIS IS AN APPLE DOCUMENT.

19                IS THERE A JUROR OUT THERE?  CAN WE KEEP

20     THAT DOOR CLOSED?  ARE THEY OUT THERE IN THE

21     HALLWAY?  CAN THEY HEAR WHAT I'M SAYING?

22                THE MARSHAL:  I DON'T BELIEVE SO, YOUR

23     HONOR.

24                THE COURT:  OKAY.  IT'S AN APPLE

25     DOCUMENT.  IT'S A PUBLIC DOCUMENT.  SO CAN YOU JUST
```

1     HAVE SOMEONE PREPARE, LIKE, A ONE PARAGRAPH --

2               MR. JACOBS:  WILL DO, YOUR HONOR.

3               THE COURT:  -- ON SLIDE 29?

4               BUT SLIDE 51 IS IN.  THE OBJECTION IS

5     OVERRULED.

6               INDEPENDENT DERIVATION THEORY, MOTION FOR

7     RECONSIDERATION IS DENIED.

8               AND I'LL WAIT TO GET THE NISHIBORI ORDER

9     FROM YOU.

10              MR. VERHOEVEN:  YOUR HONOR, I THOUGHT YOU

11    SAID THAT YOU WOULD GIVE US AN OPPORTUNITY TO MAKE

12    A SHOWING THAT THESE DOCUMENTS, THE INDEPENDENT --

13    YOU'RE REFERRING TO AN INDEPENDENT DERIVATION

14    BECAUSE THAT ALSO GOES TO REBUT WILLFULNESS.

15              THIS IS VERY IMPORTANT TO US FOR OUR

16    CASE.  WE'D LIKE THE OPPORTUNITY TO SHOW YOU THAT

17    THERE WAS NO -- THAT THERE -- THAT AN EXCLUSION IS

18    IMPROPER HERE, YOUR HONOR.  THAT'S VERY IMPORTANT

19    TO US IN THIS CASE.

20              WHAT WE'VE GOT HERE IS AN OBJECTION --

21              THE COURT:  GIVE ME ONE PARAGRAPH.  OKAY?

22    BOTH SIDES GIVE ME ONE PARAGRAPH ON SLIDE 59.

23              ALL RIGHT.  ARE WE READY TO GO?

24              THE CLERK:  ALMOST.

25              DO YOU WANT ME TO GIVE COUNSEL COPIES OF

1                 UNITED STATES DISTRICT COURT

2              NORTHERN DISTRICT OF CALIFORNIA

3                      SAN JOSE DIVISION

4


5

   APPLE INC., A CALIFORNIA   )  C-11-01846 LHK
6  CORPORATION,               )
                              )  SAN JOSE, CALIFORNIA
7              PLAINTIFF,      )
                              )  JULY 31, 2012
8          VS.                )
                              )  VOLUME 2
9  SAMSUNG ELECTRONICS CO.,   )
   LTD., A KOREAN BUSINESS    )  PAGES 283-555
10 ENTITY; SAMSUNG            )
   ELECTRONICS AMERICA,       )
11 INC., A NEW YORK           )
   CORPORATION; SAMSUNG       )
12 TELECOMMUNICATIONS         )
   AMERICA, LLC, A DELAWARE   )
13 LIMITED LIABILITY          )
   COMPANY,                   )
14                            )
                DEFENDANTS.   )
15 _____

16             TRANSCRIPT OF PROCEEDINGS
          BEFORE THE HONORABLE LUCY H. KOH
17          UNITED STATES DISTRICT JUDGE

18

19

20          APPEARANCES ON NEXT PAGE

21

22

23 OFFICIAL COURT REPORTER: LEE-ANNE SHORTRIDGE, CSR, CRR
                    CERTIFICATE NUMBER 9595
24

25

1          MR. QUINN:  YOUR HONOR, I'VE BEEN

2     PRACTICING 36 YEARS.  I'VE NEVER BEGGED THE COURT

3     LIKE I'M BEGGING THE COURT NOW TO HEAR ARGUMENT ON

4     THIS ISSUE.

5          THIS RELATES TO A CENTRAL ISSUE THAT HAS

6     BEEN IN THE CASE FROM THE VERY BEGINNING.  THERE

7     WAS NO -- THEY SAY, IN THEIR PAPERS THEY FILED LAST

8     NIGHT, WE DIDN'T DISCLOSE IT IN THE CONTENTION

9     INTERROGATORIES.

10          YOUR HONOR, THERE IS NO INTERROGATORY

11     THAT REQUIRED US TO DISCLOSE THAT, AND WE DID.  ALL

12     OF THAT WAS SERVED -- ALL THOSE IMAGES IN THOSE

13     SLIDES WERE SERVED IN FEBRUARY --

14          THE COURT:  I'VE GIVEN YOU --

15          MR. QUINN:  -- IN THE PRELIMINARY

16     INJUNCTION --

17          THE COURT:  -- AN ADDITIONAL OPPORTUNITY

18     TO BRIEF THIS ISSUE YESTERDAY, OKAY?  I REVIEWED

19     WHAT YOU FILED YESTERDAY.  I HEARD ARGUMENT ON THIS

20     YESTERDAY.

21          MR. QUINN:  ALL RIGHT.  YOUR HONOR,

22     WHAT'S THE POINT --

23          THE COURT:  I'VE GIVEN YOU THREE MOTIONS

24     FOR RECONSIDERATION.

25          MR. QUINN:  -- OF HAVING THE TRIAL?

```
1    WHAT'S THE POINT?
2            THEY WANT TO CREATE THE COMPLETELY FALSE
3    IMPRESSION, YOUR HONOR, THAT WE CAME UP WITH THIS
4    DESIGN AFTER JANUARY OF 2007 AND, YOUR HONOR, WHAT
5    THIS SUGGESTS, WHAT THEY'RE SEEKING IS TO EXCLUDE
6    INDISPUTABLE EVIDENCE THAT WE HAD THAT DESIGN
7    PATENT IN 2006.
8            AND WE CAME OUT WITH THAT PRODUCT IN
9    FEBRUARY OF 2007.
10           THE COURT:  MR. QUINN, PLEASE.  PLEASE.
11   WE'VE DONE THREE RECONSIDERATIONS ON THIS AND WE
12   NEED TO MOVE FORWARD.  WE HAVE A JURY WAITING.
13           YOU'VE MADE YOUR RECORD.  YOU'VE MADE
14   YOUR RECORD FOR APPEAL.  OKAY?
15           MR. QUINN:  ALL RIGHT.  CAN I ASK THE
16   COURT FOR SOME EXPLANATION, YOUR HONOR?  THERE IS
17   NO INTERROGATORY THAT REQUIRED IT.  WE DID DISCLOSE
18   IT IN THE PRELIMINARY INJUNCTION PAPERS.  WE GAVE
19   THEM THE DOCUMENTS --
20           THE COURT:  MR. QUINN, PLEASE, DON'T MAKE
21   ME SANCTION YOU.  PLEASE.  PLEASE.
22           MR. QUINN:  SO I WON'T GET --
23           THE COURT:  YOU'VE HAD THREE
24   RECONSIDERATIONS MOTIONS.  YOU'VE HAD AT LEAST TWO,
25   IF NOT THREE, IF NOT FOUR OPPORTUNITIES TO BRIEF
```

```
 1     THIS.  OKAY?  PLEASE, TAKE A SEAT.

 2              MR. QUINN:  ALL RIGHT.

 3              THE COURT:  ALL RIGHT.  WOULD YOU BRING

 4     OUT MS. FRIESEN?

 5              MR. QUINN:  YOUR HONOR, AS A MATTER OF

 6     PERSONAL PRIVILEGE, MAY I CHANGE THE SUBJECT?

 7              THE COURT:  NO.

 8              MR. QUINN:  ABOUT --

 9              THE COURT:  NO.  I WANT YOU TO SIT DOWN,

10     PLEASE.

11              (WHEREUPON, THE FOLLOWING PROCEEDINGS

12     WERE HELD IN OF THE PRESENCE JUROR FRIESEN.)

13              THE COURT:  OKAY.  MS. FRIESEN, WE

14     UNDERSTAND THAT YOUR SERVICE WOULD BE A SEVERE

15     ECONOMIC HARDSHIP ON YOU, AS WELL AS PSYCHOLOGICAL.

16     IT'S JUST VERY STRESSFUL; CORRECT?

17              JUROR:  I'M HAVING ANXIETY ATTACKS DUE TO

18     THE COMMUTE.  I'M NOT A VERY GOOD DRIVER.

19              THE COURT:  NO PROBLEM.  YOU DON'T NEED

20     TO EXPLAIN ANY FURTHER.

21              WE WANT TO THANK YOU FOR YOUR SERVICE AND

22     TO APOLOGIZE FOR THE ANXIETY AND THE STRESS THAT

23     THIS HAS ALREADY CAUSED YOU.

24              JUROR:  I'M SORRY FOR THE INCONVENIENCE.

25     I'M -- I DIDN'T REALLY THINK THAT IT WOULD AFFECT
```

1    YOUR HONOR, IS THAT THE F700 -- THAT SAMSUNG COPIED

2    THE IPHONE WITH THE F700.

3              THAT WAS MADE -- THAT WAS STATED TO THE

4    JURY, I READ IT, YOUR HONOR.

5              AND THE F700 IS THE PHONE THAT WAS

6    RELEASED BASED ON THE DEVELOPMENT DOCUMENTS YOUR

7    HONOR EXCLUDED US FROM USING.

8              SO I SUBMIT HE'S OPENED THE DOOR NOW.

9    HE'S ACCUSED THIS PHONE OF COPYING THE IPHONE IN

10   THIS SLIDE, YOUR HONOR.

11             AND THE DOCUMENTS THAT, THAT SHOW THE

12   DEVELOPMENT OF THIS VERY PHONE, THE F700, ARE THOSE

13   DOCUMENTS THAT PREDATE THE IPHONE THAT SHOW THAT

14   EXACT SAME FRONT FACE, YOUR HONOR.

15             SO I WOULD SUBMIT HE'S OPENED THIS DOOR

16   AND WE HAVE TO BE ABLE TO REBUT IT.

17             MR. MCELHINNY:  MAY I?

18             THAT'S A NICE TRY, BUT WHAT I SAID WAS

19   THESE WERE THE PHONES THAT WERE RELEASED AFTER THE

20   IPHONE.

21             I DIDN'T ACCUSE ANY OF THOSE BECAUSE I

22   SAID THEN WE GOT THE ONE, THE S900, THE NEXT SLIDE,

23   WHICH I SAID WAS THE IPHONE CLONE.

24             THAT'S WHERE WE STARTED ACCUSING THEM OF

25   INFRINGEMENT.

```
 1            IF YOU GO BACK AGAIN -- WE HAVEN'T
 2    ACCUSED -- IF YOU GO BACK ONE, PLEASE.
 3            NONE OF THOSE ARE INFRINGING.  WE SAID
 4    THEY CAME OUT AFTER AND THEN WE GOT TO THE
 5    INFRINGING PHONES.
 6            MR. VERHOEVEN:  THE CLEAR IMPLICATION TO
 7    THE JURY, IF WE GO BACK TO SLIDE -- GO BACK,
 8    PLEASE, TO THE PREVIOUS SLIDE, 23.
 9            THE TIMELINE OF SAMSUNG PHONES BEFORE THE
10    SMARTPHONE.  THEY SHOW A BUNCH OF DIFFERENT LOOKING
11    PHONES.
12            NEXT SLIDE, PLEASE, 24.
13            TIMELINE AFTER, THEY ALL HAVE THESE BIG
14    SCREENS.
15            THE F700, YOUR HONOR, WAS DEVELOPED --
16    THE ONE THAT LOOKS THE MOST LIKE THIS PHONE, YOUR
17    HONOR, WAS DEVELOPED BEFORE THE IPHONE WAS EVER
18    ANNOUNCED AND WE SHOULD BE ABLE -- IN FAIRNESS --
19            THE COURT:  ALL RIGHT.  I'VE ALREADY
20    RULED ON THIS OBJECTION.
21            MR. VERHOEVEN:  OKAY.
22            THE COURT:  YOU'VE MADE YOUR RECORD AND
23    THE OBJECTION IS OVERRULED.
24            MR. JACOBS:  QUICK HOUSEKEEPING MATTER,
25    YOUR HONOR.
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| APPLE INC., A CALIFORNIA CORPORATION, | ) ) | C-11-01846 LHK |
| | ) | SAN JOSE, CALIFORNIA |
| PLAINTIFF, | ) ) | AUGUST 3, 2012 |
| VS. | ) ) | VOLUME |
| SAMSUNG ELECTRONICS CO., LTD., A KOREAN BUSINESS ENTITY; SAMSUNG ELECTRONICS AMERICA, INC., A NEW YORK CORPORATION; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, A DELAWARE LIMITED LIABILITY COMPANY, | ) ) ) ) ) ) ) ) ) ) | PAGES 556-930 |
| DEFENDANTS. | ) | |

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE LUCY H. KOH
UNITED STATES DISTRICT JUDGE

APPEARANCES ON NEXT PAGE

OFFICIAL COURT REPORTER: LEE-ANNE SHORTRIDGE, CSR, CRR
CERTIFICATE NUMBER 9595

1    IS REAL.  OF OUR 34 POTENTIAL JURORS WHO WERE VOIR

2    DIRED ON MONDAY, 18 ADMITTED SOME EXPOSURE TO

3    PRETRIAL PUBLICITY.

4           OF OUR NINE SEATED JURORS, FOUR ADMITTED

5    TO EXPOSURE TO SOME PRETRIAL PUBLICITY.

6           SO THIS WAS A REAL AND POSSIBLE DANGER

7    THAT SAMSUNG AND QUINN, EMANUEL MADE THE DECISION

8    TO TAKE THE RISK OF TAINTING THE JURY.

9           AT THE TIME THAT MR. QUINN REQUESTED YET

10   ANOTHER RECONSIDERATION OF THE MULTIPLE RULINGS OF

11   THE COURT, THE PARTIES HAD BRIEFED AT LEAST THE

12   SONY-STYLE ISSUE NO LESS THAN SIX TIMES, SIX TIMES,

13   AND ON TUESDAY MORNING, I MADE IT ABSOLUTELY CLEAR

14   THAT I WAS NOT GOING TO RECONSIDER THAT RULING.

15          YET MR. QUINN LEFT THIS COURTROOM AND

16   DELIBERATELY AND WILLFULLY, WITH SAMSUNG, ISSUED A

17   PRESS RELEASE TO HIGHLIGHT EVIDENCE THAT THEY BOTH

18   KNEW WAS EXCLUDED AND WAS INADMISSIBLE IN THIS

19   TRIAL.

20          AND THE LINK TO THE EXCLUDED

21   DEMONSTRATIVES IN THE PRESS RELEASE WAS A WILLFUL

22   AND DELIBERATE ATTEMPT TO FURTHER PROPAGATE THAT

23   EXCLUDED EVIDENCE THE DAY AFTER A JURY HAD BEEN

24   IMPANELED.

25          THIS IS AN UNFORTUNATE SITUATION, BUT I

1    DON'T WANT ANYONE TO LOSE SIGHT OF THE FACT THAT

2    THIS IS A SITUATION OF SAMSUNG AND QUINN, EMANUEL'S

3    OWN MAKING.

4          HAD SAMSUNG TIMELY COMPLIED WITH ITS

5    DISCOVERY OBLIGATIONS, THERE WOULD BE NO EXCLUSION.

6          BOTH JUDGE GREWAL AND I HAVE HELD BOTH

7    PARTIES TO THE SAME STANDARD.  APPLE'S UNTIMELY

8    DISCOVERY AND THEORIES HAVE EQUALLY BEEN EXCLUDED

9    FROM THIS TRIAL.

10         I WILL NOT LET ANY THEATRICS OR ANY SIDE

11   SHOW DISTRACT US FROM WHAT WE ARE HERE TO DO, WHICH

12   IS TO FAIRLY AND EFFICIENTLY TRY THIS CASE.

13         WHEN THE JURY IS HERE, WE'RE GOING TO DO

14   OUR BEST TO MAKE THE MOST OF THEIR TIME, WHETHER

15   THAT MEANS READING JURY INSTRUCTIONS AT 4:30 ON

16   MONDAY AFTERNOON OR CALLING A WITNESS DURING THE

17   LAST FEW MINUTES OF THE DAY ON TUESDAY.

18         NOW, I HOPE THAT ALL PARTIES AND LAWYERS

19   IN THIS CASE WHO ARE SUPPOSED TO BE OFFICERS OF THE

20   COURT WILL RESPECT THE UNITED STATES JUSTICE SYSTEM

21   AND OUR JURY TRIAL PROCESS.

22         NOW, WOULD YOU PLEASE BRING IN THE JURY,

23   AND WHATEVER RECONSIDERATIONS AND OBJECTIONS TO

24   EVIDENCE, WE'RE GOING TO DO IT ON YOUR TIME.

25         MR. LEE:  YOUR HONOR, BEFORE THE JURY IS

1                  UNITED STATES DISTRICT COURT

2                 NORTHERN DISTRICT OF CALIFORNIA

3                       SAN JOSE DIVISION

4

5

     APPLE INC., A CALIFORNIA    )  C-11-01846 LHK
6    CORPORATION,                )
                                 )  SAN JOSE, CALIFORNIA
7                 PLAINTIFF,     )
                                 )  AUGUST 6, 2012
8            VS.                 )
                                 )  VOLUME 4
9    SAMSUNG ELECTRONICS CO.,    )
     LTD., A KOREAN BUSINESS     )  PAGES 931-1296
10   ENTITY; SAMSUNG             )
     ELECTRONICS AMERICA,        )
11   INC., A NEW YORK            )
     CORPORATION; SAMSUNG        )
12   TELECOMMUNICATIONS          )
     AMERICA, LLC, A DELAWARE    )
13   LIMITED LIABILITY           )
     COMPANY,                    )
14                               )
                  DEFENDANTS.    )
15   _____

16            TRANSCRIPT OF PROCEEDINGS
          BEFORE THE HONORABLE LUCY H. KOH
17            UNITED STATES DISTRICT JUDGE

18

19

20            APPEARANCES ON NEXT PAGE

21

22

23   OFFICIAL COURT REPORTER: LEE-ANNE SHORTRIDGE, CSR, CRR
                              CERTIFICATE NUMBER 9595
24                            IRENE RODRIGUEZ, CSR, CRR
                              CERTIFICATE NUMBER 8074
25

```
1     DIDN'T GET REMOVED FROM THE BINDER, YOUR HONOR.

2              THE COURT:  OKAY, FINE.

3              MR. VERHOEVEN:  BUT -- OKAY.

4              THE COURT:  OKAY.  SO THAT TAKES CARE OF

5     THOSE TWO.  I JUST WANT TO MAKE SURE WE DON'T HAVE

6     ANY OF THESE ISSUES OUTSTANDING.

7              SO I WILL GO BACK AND LOOK AT THE F700.

8              WHAT ELSE?  IS THERE ANYTHING ELSE AS

9     TO --

10             MR. VERHOEVEN:  I JUST WANTED TO SAY ONE

11    THING REALLY BRIEFLY ON THE F700, YOUR HONOR.

12             THE COURT:  YES.

13             MR. VERHOEVEN:  BECAUSE IF YOU LOOK AT

14    JUDGE GREWAL'S ORDER, I THINK IT MIGHT BE HELPFUL

15    TO ALSO LOOK AT THE PROPOSED ORDER THAT WAS

16    SUBMITTED BY APPLE.  IT DOES LIST THE F700, YOUR

17    HONOR, SO YOU SHOULD KNOW THAT, ALTHOUGH THAT IS

18    NOT IN THE GREWAL ORDER.  I JUST THOUGHT THAT MIGHT

19    BE HELPFUL FOR YOUR HONOR.

20             THE COURT:  OKAY.

21             MR. VERHOEVEN:  BUT, SECONDLY, THE

22    PROPOSED ORDER, WHICH I THINK JUDGE GREWAL INTENDED

23    TO ADOPT, IS TALKING ABOUT EXCLUSION FOR PURPOSES

24    OF ARGUMENT THAT THE '087 IS ANTICIPATED OR

25    RENDERED OBVIOUS.
```

1033

```
1              AND MY -- I JUST WANT TO CLARIFY FOR YOUR
2    HONOR, MY CROSS ON THIS SUBJECT WOULD NOT DEAL WITH
3    THAT SUBJECT AT ALL.  IT WOULD BE THAT THIS WITNESS
4    HAS SAID THE F700 IS A DESIGN ALTERNATIVE.  IT'S A
5    NON-INFRINGING, IT DOES NOT -- IT IS NOT
6    SUBSTANTIALLY SIMILAR AND I INTEND TO SAY -- TO THE
7    OPPOSITE OF WHAT THIS IS TALKING ABOUT AND SAY THIS
8    IS A NON-INFRINGING DESIGN.  IT'S NOT GOING TO BE
9    THE ARGUMENT THAT THIS IS A PIECE OF PRIOR ART THAT
10   INVALIDATES OR IS OBVIOUS.
11              SO THE PURPOSE FOR WHICH I WOULD INTEND
12   TO USE THIS ON CROSS WOULD BE TO SHOW, TO CONTRAST
13   WHAT THIS WITNESS HAS SAID IS A NON-INFRINGING
14   DESIGN AGAINST WHAT HE HAS SAID ARE INFRINGING
15   DESIGNS FOR PURPOSES OF IMPEACHMENT.
16              THE COURT:  ALL RIGHT.  I UNDERSTAND.
17              MR. VERHOEVEN:  THANK YOU, YOUR HONOR.
18              THE COURT:  AND YOUR POSITION IS THAT IT
19   WAS EXCLUDED FOR EVERYTHING, NOT JUST INVALIDITY?
20              MS. KREVANS:  YES, YOUR HONOR.  AND THE
21   REASON FOR THAT POSITION IS THE BASIS FOR
22   JUDGE GREWAL'S ORDER WAS -- NOT THAT THERE WAS
23   SOMETHING WRONG WITH WHAT WAS IN THE EXPERT REPORT
24   NECESSARILY, ABOUT YOU THAT WHAT WAS IN THE EXPERT
25   REPORT RELATED TO THINGS THAT HAD NEVER BEEN
```

1    DISCLOSED IN RESPONSE TO CONTENTION

2    INTERROGATORIES.  AND BECAUSE THAT WAS A BASIS FOR

3    EXCLUSION, IT APPLIES TO TRYING TO GET THE SAME

4    THING IN THROUGH OTHER WAYS.

5               THERE IS NO OTHER RELEVANCE TO THIS PHONE

6    BECAUSE IT'S NOT AN ACCUSED PRODUCT, AND IT'S NOT

7    SOMETHING THAT WAS IN THE DEVELOPMENT OF ANY

8    ACCUSED PRODUCT AND THE INDEPENDENT DEVELOPMENT

9    THEORY HAS BEEN STRUCK.

10               I DO WANT TO RAISE WITH YOUR HONOR --

11               THE COURT:  YEAH.

12               MS. KREVANS:  THESE ARE NOT THE ONLY

13    ISSUES THAT MAY COME UP DURING CROSS-EXAMINATION.

14    IF I CAN FIND IT IN THIS BIG STACK OF PAPER, AMONG

15    THE EXHIBITS THAT WERE GIVEN TO US AS POTENTIAL

16    CROSS EXHIBITS FOR MR. BRESSLER BY SAMSUNG, THERE

17    IS A LONG LIST OF EXHIBITS WHICH WE THINK ARE

18    OBJECTIONABLE BECAUSE THEY ARE DOCUMENTS AND

19    DEMONSTRATIVES DESIGNED TO INTRODUCE INTO THE CASE,

20    THROUGH CROSS, NON-INFRINGEMENT THEORIES THAT HAVE

21    BEEN STRUCK BY JUDGE GREWAL AND THAT ORDER IS

22    FINAL.

23               THE -- AND BECAUSE YOUR HONOR DENIED THE

24    MOTION FOR RECONSIDERATION, YOUR HONOR MAY RECALL

25    IN THEIR RESPONSES TO THE CONTENTION

```
 1    INTERROGATORIES ABOUT THE BASIS FOR

 2    NON-INFRINGEMENT IN THIS CASE, SAMSUNG GAVE A

 3    BOILERPLATE ANSWER TO EVERY -- WITH RESPECT TO

 4    EVERY DEVICE.

 5             THE COURT:  JUST GIVE ME THE NUMBER.

 6    WHAT'S THE NUMBER?  ARE YOU REFERRING TO A

 7    DEMONSTRATIVE NUMBER?

 8             MS. KREVANS:  IT'S MANY, MANY NUMBERS.

 9    DO YOU HAVE THE LIST OF WHICH DEMONSTRATIVES IT

10    APPLIES TO?

11             IT IS -- IT'S UNFORTUNATELY A LONG LIST.

12    IN PART IT'S PHOTOS, SO IT IS SDX 3756, 3757, 3760,

13    3761 --

14             THE COURT:  SO THAT WAS NEVER IN YOUR

15    OBJECTIONS?

16             MS. KREVANS:  WE JUST GOT THESE AND WE

17    HAVE OBJECTED ON THIS BASIS.

18             BUT THESE ARE NOT OBJECTIONS THAT WE'VE

19    AGREED TO --

20             MR. VERHOEVEN:  YOUR HONOR, THEY HAD

21    THESE SLIDES AND THIS IS, AGAIN, THE FIRST TIME

22    WE'RE HEARING ABOUT THIS.  THIS IS

23    CROSS-EXAMINATION OF A WITNESS AND, YOU KNOW,

24    THERE'S A DIFFERENCE BETWEEN CROSS-EXAMINING A

25    WITNESS ON HIS OPINIONS AND OFFERING AN EXPERT AND
```

```
 1    THE DISCLOSURE REQUIREMENTS FOR AN EXPERT.  I'M

 2    ENTITLED TO CROSS-EXAMINE THIS WITNESS AS TO HIS

 3    OPINIONS AND TO CHALLENGE HIS CONTENTIONS WITH

 4    RESPECT TO INFRINGEMENT AND POINT OUT TO THE JURY

 5    DIFFERENCES.

 6              MS. KREVANS:  YOUR HONOR, THIS IS --

 7              MR. VERHOEVEN:  THAT --

 8              THE COURT:  I DON'T EVEN SEE THE NUMBERS

 9    IN THE CROSS-EXAMINATION BINDER THAT YOU'VE JUST

10    LISTED.

11              MR. VERHOEVEN:  WE WENT THROUGH THIS

12    WHOLE PROCESS, YOUR HONOR, SO WE WOULDN'T HAVE TO

13    HAVE, YOU KNOW, JUMBLING AROUND WITH ALL THESE

14    OBJECTIONS.  WE'VE BEEN THROUGH THIS PROCESS.  THEY

15    HAVEN'T OBJECTED.  YOUR HONOR HAS ALREADY RULED ON

16    THE OBJECTIONS THEY'VE RAISED.

17              YOU KNOW, WE'LL NEVER GET DONE WITH THIS

18    TRIAL IF WE HAVE TO DO THIS FOR EVERY SINGLE SLIDE.

19              MS. KREVANS:  YOUR HONOR, THIS LIST

20    CONTINUES.  IT'S THE SAME OBJECTION FOR MANY OF THE

21    SLIDES AND THIS IS NOT ABOUT SOME ISSUE ABOUT

22    EXPERT REPORTS.

23              THIS IS ABOUT CONTENTIONS.  JUDGE GREWAL

24    HAS ALREADY RULED, AND YOUR HONOR HAS ALREADY

25    AFFIRMED --
```

```
 1              THE COURT:  WELL, I JUST WANT THE NUMBER,
 2    AND THE NUMBER THAT YOU GAVE ME, I'M NOT SEEING IT
 3    IF IN THE BINDERS.
 4              MS. KREVANS:  1545 IS YOUR HONOR'S RULING
 5    DENYING --
 6              THE COURT:  NO, NO.  I WANT THE EXHIBITS
 7    THAT YOU ARE OBJECTING TO.
 8              MS. KREVANS:  OH.  THESE ARE THEIR --
 9              THE COURT:  I JUST WANT THE NUMBERS.  I
10    DON'T SEE THEM IN YOUR MULTIPLE BRIEFINGS ON THESE
11    EXHIBITS.  I DON'T SEE THEM.
12              MS. KREVANS:  THESE HAVE NOT BEEN IN THAT
13    SERIES OF MULTIPLE BRIEFINGS, YOUR HONOR.  THE
14    OBJECTIONS ON THE CROSS-EXHIBITS WERE NEVER RULED
15    UPON BECAUSE THEY CAME LATER THAN THE LEST.  SO
16    THERE'S A LONG LIST OF SLIDES HERE IN WHICH -- AND
17    I HAVE A COPY OF THE SLIDES.
18              THE COURT:  I HAVE THE DEFENSE
19    CROSS-EXHIBITS.  JUST GIVE ME THE NUMBER.
20              MS. KREVANS:  OKAY.  IT'S, THEY'RE ALL,
21    THESE ARE ALL IN THE SDX, SO I SHOULD SAY THEY ARE
22    DEMONSTRATIVES, AND THEY ARE THE NUMBERS I READ,
23    AND IN ADDITION, 3764 THROUGH --
24              THE COURT:  I JUST DON'T HAVE ANY OF
25    THOSE NUMBERS IN MY BINDER.  THAT'S WHY I'M
```

1    COMPLETELY CONFUSED.  THE ONLY DEMONSTRATIVES I

2    HAVE FOR MR. BRESSLER ARE 511, 591, 628, WHICH

3    MR. VERHOEVEN SAID THEY'RE NOT GOING TO USE, 688,

4    740, 741, 743, THAT'S WHY I DON'T KNOW WHAT YOU'RE

5    TALKING ABOUT.

6              MS. KREVANS:  I'M NOT SURE WHAT THEY PUT

7    IN YOUR BINDER, YOUR HONOR, BUT I HAVE A FULL SET

8    OF THE DEMONSTRATIVES THAT INCLUDES THE ONES THAT

9    I'M REFERRING TO.

10             THE COURT:  WELL, IT SOUNDS LIKE -- I

11   DON'T HAVE THESE.  I'M ASSUMING WHAT I WAS GIVEN IS

12   WHAT YOU'RE GOING TO USE, RIGHT?

13             MR. VERHOEVEN:  I HAVEN'T LOOKED THROUGH

14   YOUR BINDER.  I CAN TAKE A LOOK AT IT, YOUR HONOR.

15             THE COURT:  IF YOU WOULD, PLEASE.  I HAVE

16   THREE BINDERS.  ONE OF THEM CONSISTS OF, YOU KNOW,

17   WITNESS STATEMENTS AND DEPOSITIONS AND THE EXPERT

18   REPORTS, AND I JUST DON'T HAVE THOSE EXHIBITS THAT

19   YOU'RE OBJECTING TO.

20             MS. KREVANS:  OKAY.  AND -- I'M NOT SURE

21   WHAT IS IN HIS BINDERS, YOUR HONOR.

22             IF I MAY, THERE HAS BEEN A RULING IN THIS

23   CASE BY JUDGE GREWAL AND YOURSELF THAT SAMSUNG MAY

24   NOT OFFER NON-INFRINGEMENT THEORIES EXCEPT FOR TWO

25   PHONES.  THE ONLY TWO PHONES ON WHICH THEY CAN

1    OFFER NON-INFRINGEMENT THEORIES ARE THE INFUSE 4G

2    AND THE GALAXY S 4G.  AND THAT WAS NOT --

3              MR. VERHOEVEN:  YOUR HONOR, WE OBVIOUSLY

4    DISPUTE THAT.

5              BUT THERE'S A MORE FUNDAMENTAL POINT

6    HERE.  WE EXCHANGED THESE DEMONSTRATIVES WITH THE

7    OTHER SIDE.  THEY'VE HAD THEM FOR DAYS.  THEY NEVER

8    ONCE SAID THEY OBJECTED TO THESE.  NOW ON THE VERY

9    DAY THAT THIS WITNESS IS ABOUT TO APPEAR FOR

10   CROSS-EXAMINATION, THEY WANT TO WHOLESALE OBJECTION

11   TO CROSS-EXAMINATION DEMONSTRATIVE SLIDES.  THESE

12   ARE JUST DEMONSTRATIVE SLIDES USED -- THEY'RE

13   PICTURES OF, YOUR HONOR, IF I CAN JUST -- THEY'RE

14   PICTURES --

15             THE COURT:  LET ME ASK, ARE THE BINDERS

16   THAT I WAS GIVEN BEFORE MR. BRESSLER STARTED

17   TESTIFYING, ARE THOSE COMPLETE OR IS THERE --

18             MR. VERHOEVEN:  WE'RE CHECKING THAT RIGHT

19   NOW, YOUR HONOR.

20             THE COURT:  OH, OKAY.

21             MR. VERHOEVEN:  BUT THE POINT I WANT TO

22   MAKE, YOUR HONOR, IS WE WENT THROUGH A PROCESS THAT

23   YOUR HONOR SPECIFIED AND THERE WAS NO OBJECTION

24   THAT WAS LODGED TO THESE SLIDES.  THEY WAIVED THEIR

25   OBJECTIONS.  WE NEED TO GET THIS TRIAL GOING.  THE

```
1    WHOLE POINT OF THE PROCESS WAS TO EXCHANGE

2    OBJECTIONS SO THAT THIS DOESN'T HAPPEN, AND THEY

3    DID NOT OBJECT.  WE STRONGLY DISPUTE WHAT THEY'RE

4    SAYING ABOUT THESE ORDERS AND --

5              THE COURT:  LET ME JUST -- THE ONLY ONES

6    THAT I HAD AN ISSUE WITH IS THE LG KE850.

7              NOW, IF THIS WAS IN YOUR INVALIDITY

8    CONTENTION INTERROGATORY RESPONSE, THEN LET ME SEE

9    THAT.

10             MR. VERHOEVEN:  I'M SORRY.  WHAT WAS THE

11   NUMBER, YOUR HONOR?

12             THE COURT:  THE LG KE850, THE TOUCHABLE

13   CHOCOLATE.  IT'S IN THE BACK OF, I THINK, VOLUME 1.

14             MS. KREVANS:  AND WHILE HE'S LOOKING THAT

15   UP, YOUR HONOR, I HAVE IN MY HAND THE WRITTEN

16   OBJECTIONS THAT WE SERVED UPON THEM AND FILED WITH

17   THE COURT THAT INCLUDED THE EXACT OBJECTIONS --

18             THE COURT:  IS THIS DOCUMENT NUMBER 1571?

19             MS. KREVANS:  IT IS 1571, YOUR HONOR, AND

20   THIS IS ON PAGE -- NUMBERED PAGE 4 AT THE TOP OF

21   THE PAGE.

22             I THINK MR. VERHOEVEN MAY SIMPLY HAVE

23   OVERLOOKED THIS, BUT WE HAVE OBJECTED.  IT'S AT THE

24   TOP OF THE COLUMN WHERE --

25             THE COURT:  THAT'S THE ONE THAT YOU'RE --
```

1041

```
 1    THAT'S THE ONE THAT YOU'RE --

 2              MR. VERHOEVEN:  YOUR HONOR HAS ALREADY

 3    RULED ON THEIR OBJECTION TO THE LG PRADA IN

 4    CONNECTION WITH MR. DENISON'S TESTIMONY AND YOU

 5    OVERRULED THE OBJECTION.

 6              THE COURT:  I DISAGREE WITH THAT.

 7              MS. KREVANS:  OKAY.  THIS EXHIBIT IS THE

 8    LG KE850.

 9              THE COURT:  RIGHT.  I DISAGREE WITH THAT.

10    I'M GOING TO SUSTAIN THAT OBJECTION.  OKAY?  I'LL

11    GET BACK TO YOU ON THE F700.

12              THE LG KE850, THE OBJECTION IS SUSTAINED.

13              AND --

14              MR. VERHOEVEN:  YOUR HONOR, JUST SO I

15    CAN -- YOU HAVE AN ORDER ON APPLE'S MOTION IN

16    LIMINE NUMBER 3 ON THIS ISSUE, AND I CAN HAND THIS

17    UP IF YOU'D LIKE, YOU GRANTED THE MOTION -- APPLE'S

18    MOTION ON MOTION IN LIMINE NUMBER 3 IN PART AND

19    DENIED IT IN OTHER RESPECTS, AND IT SAYS, QUOTE,

20    "THE MOTION IS DENIED IN ALL OTHER RESPECTS.  IN

21    OTHER WORDS, THE LG KE 750 MAY BE ADMISSIBLE AS A

22    PRIOR ART REFERENCE UNDER 35 U.S.C. SECTION 102."

23              THE COURT:  THIS IS THE LG KE 850.  IT'S

24    A DIFFERENT PRODUCT.

25              MS. KREVANS:  AND, YOUR HONOR, THE
```

```
 1                    (PAUSE IN PROCEEDINGS.)

 2              MR. VERHOEVEN:  I'LL JUST REASK THE

 3     QUESTION, YOUR HONOR, IN THE INTEREST OF TIME.

 4     Q    MR. BRESSLER, IT'S YOUR TESTIMONY TO THIS JURY

 5     THAT THE F700 IS NOT SUBSTANTIALLY SIMILAR TO THE

 6     INITIAL IPHONE DESIGN.  YES?

 7     A    WITHIN THE BOUNDS OF THE DESIGNS -- THAT THE

 8     DESIGNS DEFINE, YES.

 9     Q    OKAY.  NOW, RYAN, CAN WE ALSO PUT UP AN IMAGE

10     OF THE ACCUSED INFUSE 4G, JX 1027.

11              MS. KREVANS:  YOUR HONOR, NOW THEY'RE

12     MAKING A NON-INFRINGEMENT ARGUMENT WHICH YOUR HONOR

13     HAS ALREADY SAID IS BEYOND THE LINE OF WHAT THEY

14     CAN DO WITH THE F700.

15              THE COURT:  SUSTAINED.

16              MR. VERHOEVEN:  YOUR HONOR, I'M TRYING TO

17     SHOW --

18              THE COURT:  SUSTAINED.  PLEASE TAKE IT

19     DOWN.  TAKE IT DOWN.

20              MR. VERHOEVEN:  YOUR HONOR, I'M

21     ATTEMPTING TO SHOW, THROUGH IMPEACHMENT, THAT THE

22     PHONES THAT THIS WITNESS IS ACCUSING OF BEING

23     SUBSTANTIALLY SIMILAR LOOK DIFFERENT FROM A PHONE

24     THAT'S NOT ACCUSED THAT THE WITNESS SAYS IS NOT

25     SUBSTANTIALLY SIMILAR.  IT'S IMPEACHMENT.  IT'S
```

```
1    CROSS-EXAMINATION, YOUR HONOR.

2              THE COURT:  OVERRULED.

3              GO AHEAD.  GO TO YOUR NEXT LINE OF

4    QUESTIONING, PLEASE.

5              MR. VERHOEVEN:  ALL RIGHT.

6    Q   LET'S SWITCH TO THE '889 DESIGN PATENT, JX

7    1061 IN YOUR BINDER.  IF WE CAN GO TO THAT, RYAN,

8    AND PUT UP FIGURES 1A AND 1B.

9    A   I'M SORRY.  WHAT WAS IT AGAIN?

10   Q   IT'S THE '889 DESIGN PATENT, WHICH IS EXHIBIT

11   JX 1061.  GO AHEAD AND PUT THIS UP.  THERE'S NO

12   OBJECTION TO PUTTING THE DESIGN PATENT UP ON THE

13   SCREEN, I ASSUME.  IT'S IN EVIDENCE.

14             DO YOU SEE IT ON THE SCREEN, SIR?

15   A   I'M SORRY.  WHAT WAS THE NUMBER AGAIN?

16   Q   IT'S JX 1061.  GOT IT?

17   A   I DO.  THANK YOU.

18   Q   OKAY.  MR. BRESSLER, I'M HOLDING IN MY HAND A

19   PHYSICAL MODEL.  IT'S CALLED THE 035 MODEL

20   (INDICATING).

21             IT'S BEEN ADMITTED INTO EVIDENCE AS DX

22   741.

23             DO YOU RECOGNIZE THIS AS THE PHYSICAL

24   MODEL CALLED THE 035 MODEL?

25             MS. KREVANS:  YOUR HONOR, I HAVE TWO
```