# EXHIBIT I

Page 1

1      IN THE UNITED STATES DISTRICT COURT

2   NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

3

4   APPLE, INC., a California Corporation

5   vs.                              CN:11-CV-01846-LHK

6   SAMSUNG ELECTRONICS COMPANY,

7   LTD, a Korean business entity; SAMSUNG

8   ELECTRONICS AMERICA, INC., a New

9   York Corporation; SAMSUNG

10  TELECOMMUNICATIONS AMERICA, LLC,

11  a Delaware Limited Liability Company.

12  _____/

13

14

15      The videorecorded deposition of RAVIN

16  BALAKRISHNAN, PH.D., was held on Friday, April 20,

17  2012, commencing at 9:07 A.M., at the Law Offices of

18  Quinn Emanuel, 1299 Pennsylvania Avenue, N.W., Suite

19  825, Washington, D.C., before Ronda J. Thomas, a

20  Notary Public.

21

22

23  REPORTED BY:

24  Ronda J. Thomas, RPR, CLR

25  JOB NO. 48807

Page 217

| | | |
|---|---|---|
| 1 | the Tablecloth DiamondTouch system, right? | 04:54 |
| 2 | A    Yes. | 04:54 |
| 3 | Q    And you say it's merely because the image | 04:54 |
| 4 | has been moved off center. | 04:54 |
| 5 | A    Yes. | 04:54 |
| 6 | Q    But the image has been moved off center, | 04:54 |
| 7 | that is, in fact, that's referring to the translation | 04:55 |
| 8 | of the image, right? | 04:55 |
| 9 | A    Some translation of the image, yes. | 04:55 |
| 10 | Q    And is not, in fact, tied to the | 04:55 |
| 11 | limitation D, which is in response to an edge of the | 04:55 |
| 12 | electronic document being reached. | 04:55 |
| 13 | MR. BUSEY: Objection to the extent it | 04:55 |
| 14 | calls for a legal conclusion. | 04:55 |
| 15 | Q    Correct? | 04:55 |
| 16 | A    The translation of the image is due to the | 04:55 |
| 17 | recentering, not the edge of an electronic document | 04:55 |
| 18 | being reached. | 04:55 |
| 19 | Q    And the recentering is caused by what? | 04:55 |
| 20 | A    When you lift your finger up, the -- it | 04:55 |
| 21 | determines how far off center the object is and | 04:55 |
| 22 | recenters it. | 04:55 |
| 23 | Q    And when you lift your finger up, it | 04:55 |
| 24 | translates the electronic document in a second | 04:55 |
| 25 | direction until the area beyond the edge of an | 04:55 |

Page 218

| | | |
|---|---|---|
| 1 | electronic document is no longer displayed as described | 04:55 |
| 2 | down in limitation H? | 04:55 |
| 3 |        MR. BUSEY:  Objection.  Compound. | 04:55 |
| 4 | Confusing to the extent it calls for a legal | 04:55 |
| 5 | conclusion. | 04:56 |
| 6 |   A     When it recenters, the area beyond the edge | 04:56 |
| 7 | is no longer displayed.  Is that what you're asking? | 04:56 |
| 8 | That is true. | 04:56 |
| 9 |        Except that there's recentering that's | 04:56 |
| 10 | happening, this area beyond the edge is happening in | 04:56 |
| 11 | this situation where the system was never designed to | 04:56 |
| 12 | do it. | 04:56 |
| 13 |        MR. BUSEY:  Is this convenient -- | 04:56 |
| 14 |   Q     Yeah.  But it does do it, nevertheless, | 04:56 |
| 15 | right? | 04:56 |
| 16 |        MR. BUSEY:  Objection.  Confusing. | 04:56 |
| 17 | Ambiguous.  Go ahead. | 04:56 |
| 18 |   A     In this setup, it's recentering and you see | 04:56 |
| 19 | the area beyond the edge.  But it's still recentering. | 04:56 |
| 20 | It's the recentering is occurring not because of an | 04:56 |
| 21 | area beyond the edge -- sorry, the object is no longer | 04:57 |
| 22 | on or near the touch -- in response to an edge of an | 04:57 |
| 23 | electronic document being reached. | 04:57 |
| 24 |   Q     Okay. | 04:57 |
| 25 |        MR. JOHNSON:  Let's take a break. | 04:57 |

Page 219

| | | |
|---|---|---|
| 1 | THE VIDEOGRAPHER: This is the end of tape | 04:57 |
| 2 | 5. We're off the record at 16:57. | 04:57 |
| 3 | (Off the record.) | 05:07 |
| 4 | THE VIDEOGRAPHER: This is the beginning of | 05:09 |
| 5 | tape 6. We're back on the record at 17:09. | 05:09 |
| 6 | BY MR. JOHNSON: | 05:09 |
| 7 | Q   Dr. Balakrishnan, so at the end of your | 05:09 |
| 8 | report in section F you refer to secondary | 05:09 |
| 9 | consideration of nonobviousness? | 05:09 |
| 10 | A   Yes, sir. | 05:09 |
| 11 | Q   And you refer to several different articles | 05:09 |
| 12 | that talk about the iPhone, right? And I'm, my | 05:09 |
| 13 | question is: None of these documents refer | 05:09 |
| 14 | specifically to the features that are described in | 05:09 |
| 15 | the '381 patent as being the reason for the popularity | 05:09 |
| 16 | of the device, do they? | 05:10 |
| 17 | MR. BUSEY: Objection to form. | 05:10 |
| 18 | A   You're talking about these documents at the | 05:10 |
| 19 | bottom of 141 and 142 of my report? | 05:10 |
| 20 | Q   Right. | 05:10 |
| 21 | A   These documents in general talk in general | 05:10 |
| 22 | about the overall user interface experience of the | 05:10 |
| 23 | iPhone and the iPod, iPad and iPod Touch. And the '381 | 05:10 |
| 24 | patent is one part of that. | 05:10 |
| 25 | Q   Yeah but they don't specifically talk about | 05:10 |

1  Name of Case:         *Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-1846 LHK

2  Date of deposition:   April 20, 2012

3  Name of witness:      Ravin Balakrishnan

4  Reason Codes:

5    1.  To clarify the record.
     2.  To conform to the facts.
6    3.  To correct transcription errors.

| Page | Line | Now Reads | Should Read | Reason |
|------|------|-----------|-------------|--------|
| 22 | 17 | pat | part | 3 |
| 37 | 19 | faults | files | 3 |
| 54 | 22 | shift | ship by | 2, 3 |
| 55 | 14 | version of the Fascinate version | version of the Fascinate phone | 2, 3 |
| 97 | 13 | claim 105 | paragraph 105 | 2, 3 |
| 127 | 6,7 | in the same result | with the same result | 2, 3 |
| 150 | 10,11 | I said not, not all equally invalidating | I said all equally not invalidating | 1, 2 |
| 156 | 24 | Chechen | Chia Shen | 3 |
| 162 | 3 | Danny Wigdoor | Daniel Wigdor | 3 |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

Dated: June 6, 2012

RAVIN BALAKRISHNAN