# EXHIBIT O

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., A Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No.   11-cv-01846-LHK<br><br>**EXPERT REPORT OF KARAN SINGH, PH.D. REGARDING INFRINGEMENT OF U.S. PATENTS NOS. 7,864,163, 7,844,915 AND 7,853,891** |

**\*\*CONFIDENTIAL – CONTAINS MATERIAL DESIGNATED AS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY PURSUANT TO A PROTECTIVE ORDER\*\***

around the displayed web page using touch gestures like the double tap described in the manuals and on-screen tool tip. Accordingly, it is my opinion that all or virtually all users of the Samsung Accused products would engage in direct infringement of the '163 patent. Because Samsung encouraged and intended this direct infringement by end users, it is my opinion that the Samsung defendants have indirectly infringed the method claims of the '163 patent discussed below.

42. With respect to the claims of the '163 patent that claim an apparatus, device, or medium, it is my opinion that a Samsung defendant who makes, uses, sells, imports or offers to sell the Samsung Accused Product in the United States has engaged in direct infringement of the '163 claims discussed below.

43. Attached as Exhibits 4 and 5 are exemplary claim charts that illustrate the infringement of the claims below by the Galaxy Tab 10.1 (Exhibit 4) and the Galaxy S II (Exhibit 5). Where source code is cited in the Galaxy S II claim chart (corresponding to Android 2.3), reference is also made to analogous code in Android 2.2 (as exemplified by the Samsung Vibrant) and Android 2.1 (as exemplified by the Samsung Captivate).

44. **Claim 2.** Claim 2 of the '163 patent recites:

> A computer-implemented method, comprising:
>
> [a] at a portable electronic device with a touch screen display;
>
> [b] displaying at least a portion of a structured electronic document on the touch screen display, wherein the structured electronic document comprises a plurality of boxes of content;
>
> [c] detecting a first gesture at a location on the displayed portion of the structured electronic document;
>
> [d] determining a first box in the plurality of boxes at the location of the first gesture;
>
> [e] enlarging and translating the structured electronic document so that the first box is substantially centered on the touch screen display;
>
> [f] while the first box is enlarged, a second gesture is detected on a second box other than the first box; and
>
> [g] in response to detecting the second gesture, the structured electronic document is translated so that the second box is substantially centered on the touch screen display.

45. In my opinion, the Samsung Accused Products meet each and every limitation of claim 2 either literally or, in the alternative, under the doctrine of equivalents.

46. **Claim 2, Preamble:** The preamble of claim 2 recites: "A computer-implemented method."[5]

47. The Samsung Accused Products are mobile computing devices with processors that run the Android software platform and implement a number of methods of displaying structured electronic documents. As Samsung describes its own products, they are mobile computing devices with the following features:

- Galaxy S II: a "1.5 GHz, Dual Core (Qualcomm Snapdragon S3)" processor (Ex. 6 at APLNDC-Y0000066880);
- Galaxy Tab 10.1: a "1GHz Dual Core Nvidia Tegra2 Processor" (Ex. 7 at APLNDC-Y0000066821).

48. All of the Samsung Accused Products are either smartphones (like the Galaxy S II) or tablet computers (like the Galaxy Tab 10.1). These devices employ processors and run software that performs functions typically performed on computers, such as displaying structured electronic documents. Therefore, the ordinary and intended use of the Samsung Accused Products meets the preamble of claim 2: "[a] computer-implemented method."

49. To the extent that the preamble is found to be a limitation and is not met literally, in my opinion it is met under the doctrine of equivalents because the processors and relevant portions of the Android software of each of the Samsung Accused Products are insubstantially different from a computer-implemented method as recited in claim 2.

50. In particular, relevant portions of the processors and Android software of each of the Samsung Accused Products perform substantially the same function of implementing a method for displaying structured electronic documents, such as web pages, on a touch screen display, and navigating in them using touch gestures, as the computer-implemented method of the

---

[5] I understand that a preamble may or may not limit a claim depending on how it is used within the context of the claims. Because the preamble is clearly met within the Samsung Accused Products, I had no need to consider whether this particular preamble is a limitation.

1  '163 patent.  In addition, the processors and relevant portions of the Android software of the
2  Samsung Accused Products perform that function in substantially the same way by the execution
3  of computer instructions with a processor.  Finally, both the processors and relevant portions of
4  Android software, and the recited method achieve substantially the same result of displaying
5  structured electronic documents, such as web pages, on a touch screen display, which the user can
6  navigate using touch gestures.

7      51.    **Claim 2, Element [a]:** Claim 2 recites "at a portable electronic device with a
8  touch screen display."

9      52.    The ordinary and intended use of the Samsung Accused Products performs the
10 claimed method "at a portable electronic device with a touch screen display."  For example, the
11 Galaxy S II user manual states that the Galaxy S II is a phone, or portable electronic device, with
12 a touch screen display:

**Features of Your Phone**

Your ▮▮▮▮ is lightweight, easy-to-use and offers many significant features. The following list outlines a few of the features included in your phone.
- Touch screen with virtual (on-screen) QWERTY keyboard
- High Speed Packet Access Plus (HSPA+) delivering data speeds faster than the current 3G network technology.
- Android 2.3, Gingerbread Platform
- Compatible with Adobe® Flash® technology
- Wi-Fi® Capability
- USB Tethering-capable

20 (Ex. 8 at APLNDC-Y0000060923.)  By way of further example, the Galaxy Tab 10.1 user
21 manual describes a portable electronic "device" with a touch screen:

**Section 2: Understanding Your Device**

This section outlines key features of your ▮▮▮▮ and describes the screen and the icons that appear when the device is in use. It also shows how to navigate through the device.

**Features**
- 10.1-inch WXGA TFT (PLS) LCD touch screen
- Android™ 3.2, Honeycomb
- Android Market™ for access to over 250,000 Apps
- Full HTML Web Browser

(Ex. 9 at APLNDC-Y0000061396.)

53. Each of the other Samsung Accused Products is also a portable electronic device with a touch screen display. Therefore, the ordinary and intended use of the Samsung Accused Products infringes this element of claim 2.

54. To the extent that this limitation is not met literally, in my opinion it is met under the doctrine of equivalents because the portable devices with touch screen displays of the '163 Samsung Accused Products perform substantially the same function of implementing a method for displaying structured electronic documents, such as web pages, on a touch screen display, and navigating in them using touch gestures, as the portable electronic device with touch screen display of the '163 patent.

55. In addition, Samsung Accused Products perform that function in substantially the same way by executing computer instructions with a processor. Finally, the Samsung Accused Products achieve substantially the same result by enabling a user to interact with the presented information.

56. **Claim 2, Element [b]:** Claim 2 recites "displaying at least a portion of a structured electronic document on the touch screen display, wherein the structured electronic document comprises a plurality of boxes of content."

57. The ordinary and intended use of the Samsung Accused Products meets the claim limitation "displaying at least a portion of a structured electronic document on the touch screen display, wherein the structured electronic document comprises a plurality of boxes of content." Each of the Samsung Accused Products includes a Browser application for displaying web pages written in HyperText Markup Language (HTML). For example, the user manuals for the Galaxy S II and the Galaxy Tab 10.1 describe the capabilities of the Browser application on those devices:

Apple v. Samsung
Confidential – Attorneys' Eyes Only

**Web**

Your phone is equipped with a Google browser to navigate the mobile web. This section explains how to navigate the browser and use the basic features.

**Accessing the Internet**

To access the Browser:
▶ From the Home screen, tap [Applications] ➔ (Web).

Galaxy S II user manual excerpt (Ex. 8 at APLNDC-Y0000061077.)

**Browser**

Your device is equipped with a full HTML Browser that allows you to access the internet.

1. From the Home screen, tap (Browser).
   – or –
   From a Home screen, tap (Apps) ➔ (Browser).
   The Most visited screen displays.
2. Tap an entry, such as Google. The Google home screen displays.

Galaxy Tab 10.1 user manual excerpt (Ex. 9 at APLNDC-Y0000061493.)

58.    The Browser application on the Samsung Accused Products uses the WebView Android class to display web pages written in HTML.  (*See* http://developer.android.com/reference/android/webkit/WebView.html.)  HTML is a markup language that employs various "tags" (such as <html>, <head>, <body>, <img>, among many others) to structure and delimit a web page's content.  These tags indicate where different sections of a web page begin and end, and they define and delimit elements like images, paragraphs, headings, and links.  (*See, e.g.*, Exhibit 10, HTML source code for www.nytimes.com).  HTML documents displayed in the Browser application, therefore, are structured electronic documents. The figures below show the Browser application on the Galaxy S II and the Galaxy Tab 10.1 displaying a portion of a structured electronic document — in this case, the *New York Times* home page — on the touch screen displays of those devices.

Apple v. Samsung
Confidential – Attorneys' Eyes Only



Fig. 1: Galaxy S II Browser displaying www.nytimes.com

Fig. 2: Galaxy Tab 10.1 Browser displaying www.nytimes.com

59. As Figures 1 and 2 above show, a web page displayed in the Browser application on the Samsung Accused Products can include a plurality of boxes of content. In Figures 1 and 2, the boxes of content on www.nytimes.com have been highlighted for illustrative purposes with dashed rectangles. These illustrative boxes may not exactly match the boxes in the structured

EXPORT REPORT OF DR. KARAN SINGH REGARDING INFRINGEMENT OF THE '163, '915 AND '891 PATENTS
Case No. 11-cv-01846-LHK
sf-3123376

17

1  electronic document. The boxes contain headlines and snippets of images and text related to
2  news articles and other *New York Times* features. Like the rest of the web page structure, these
3  boxes of content are defined by the HTML of the displayed web page. In my opinion, the
4  ordinary and intended use of the Samsung Accused Products meets this recitation of claim 2.

5       60. To the extent that this limitation is not met literally, in my opinion it is met under
6  the doctrine of equivalents because the relevant operations of the Browser application of each of
7  the Samsung Accused Products in displaying at least a portion of a structured electronic
8  document on the touch screen display is insubstantially different from the recited method step in
9  claim 2.

10      61. In particular, the relevant operations of the Browser application of each of the
11 Samsung Accused Products performs substantially the same function of displaying at least a
12 portion of a structured electronic document on the touch screen display, wherein the structured
13 electronic document comprises a plurality of boxes of content. In addition, the relevant
14 operations of the Browser application of each of the Samsung Accused Products performs that
15 function in substantially the same way by executing computer instructions with a processor to
16 display at least a portion of a structured document. Finally, the relevant operations of the
17 Browser application of the Samsung Accused Products achieve substantially the same result by
18 displaying at least a portion of an electronic structured document composed of multiple elements
19 such as images, paragraphs, headings, and links.

20      62. **Claim 2, Element [c]:** Claim 2 recites "detecting a first gesture at a location on
21 the displayed portion of the structured electronic document."

22      63. The ordinary and intended use of the Samsung Accused Products meets the claim
23 limitation "detecting a first gesture at a location on the displayed portion of the structured
24 electronic document." When a structured electronic document, such as a web page in the
25 Browser application, is displayed on the touch screen, a user can touch the screen at different
26 locations on the document to interact with it. For example, as the discussion below of the
27 remaining elements of claim 2 illustrates in greater detail, tapping at a location on a web page
28 displayed in the Browser causes each Samsung Accused Product to respond by enlarging and

translating the web page based on the location of the user's tap. It is apparent that each Samsung Accused Product detects a user's gesture because it responds to it. The figures below, and the videos attached as Exhibits 11a and 12a,[6] show the Galaxy S II and Galaxy Tab 10.1 devices detecting a user's tap input:



Fig. 3: Galaxy S II Browser detecting a first gesture



---

[6] For the remainder of this section, I will refer to the videos in Exhibits 11 and 12, which demonstrate the '163 patent features on the Galaxy Tab 10.1 and the Galaxy S II. Analogous videos showing the same features on the Samsung Vibrant are attached as Exhibit 13, and videos showing the same features on the Samsung Galaxy S Showcase are attached as Exhibit 14.

Fig. 4: Galaxy Tab 10.1 Browser detecting a first gesture

64. In my opinion, the ordinary and intended use of the Samsung Accused Products meets this recitation of claim 2.

65. To the extent that this limitation is not met literally, in my opinion it is met under the doctrine of equivalents because the relevant operations of the Browser application of the Samsung Accused Products in detecting a first gesture on the display portion of a structured document, namely a webpage, are insubstantially different from the recited method step in claim 2.

66. In particular, the Browser application of the Samsung Accused Products perform substantially the same function of detecting a first gesture at a location on the displayed portion of the structured electronic document as recited in the '163 patent. In addition, the Samsung Accused Products perform that function in substantially the same way by executing computer instructions with a processor. Finally, the Samsung Accused Products achieve substantially the same result by detecting gestures on a portion of a structured web page.

67. **Claim 2, Element [d]:** Claim 2 recites "determining a first box in the plurality of boxes at the location of the first gesture."

68. The ordinary and intended use of the Samsung Accused Products meets the claim limitation "determining a first box in the plurality of boxes at the location of the first gesture." The Samsung Accused Products all contain computer code that uses the HTML-derived structure of the displayed web page to determine the box of content at the location of the user's touch.

69. For example, the Galaxy Tab 10.1 executes the zoomToReadingLevel() method in the ZoomManager class when a user double taps on a box of content while the displayed web page is fully zoomed out. (*See* SAMNDCA-C000002402; SAMNDCA-C000002406.) The zoomToReadingLevel() method then calls the nativeGetBlockLeftEdge() method of the associated WebView object (SAMNDCA-C000002406, line 1146), which ultimately returns the location of the left edge of the box at the location of the user's touch. The nativeGetBlockLeftEdge() finds the left edge of the touched box by calling methods that traverse

EXPORT REPORT OF DR. KARAN SINGH REGARDING INFRINGEMENT OF THE '163, '915 AND '891 PATENTS
Case No. 11-cv-01846-LHK
sf-3123376

20

a set of nodes corresponding to the web page's HTML-derived structure. (*See* SAMNDCA-C000003597 to -3598 (nativeGetBlockLeftEdge() and getBlockLeftEdge() in WebView.cpp); SAMNDCA-C000003625 to -3626 (getBlockLeftEdge() and findAt() in CachedRoot.cpp); SAMNDCA-C000003648 (findBestAt(), findBestFrameAt(), and findBestHitAt() in CachedFrame.cpp).)

70. Based on my inspection of Samsung source code for each major release of Android running on the Samsung Accused Products (Android 2.1, 2.2, 2.3, and 3.1), I believe that each Samsung Accused Product includes similar computer code that determines the touched box based on the HTML-derived structure of the displayed web page. The claim chart in Exhibit 5 identifies analogous code that satisfies this element in Android 2.3, 2.2, and 2.1. Therefore, it is my opinion that each of the Samsung Accused Products meets this recitation of claim 2.

71. To the extent that this limitation is not met literally, in my opinion it is met under the doctrine of equivalents because the relevant operations of the Android software in determining a first box among a plurality of boxes at the first location of an initial touch gesture of each of the Samsung Accused Products are insubstantially different from the recited method step.

72. In particular, the relevant operations of the Android software of each of the Samsung Accused Products performs substantially the same function as recited in claim 2, determining the touched box based on the HTML-derived structure of the displayed web page. In addition, the Android software of each of the Samsung Accused Products performs that function in substantially the same way by executing computer instructions in a processor. Finally, the Android software of the Samsung Accused Products achieves substantially the same result by determining the box in a webpage touched by the user.

73. **Claim 2, Element [e]:** Claim 2 recites "enlarging and translating the structured electronic document so that the first box is substantially centered on the touch screen display."

74. The ordinary and intended use of the Samsung Accused Products meets the claim limitation "enlarging and translating the structured electronic document so that the first box is substantially centered on the touch screen display." When a web page is displayed in the Browser

EXPERT REPORT OF DR. KARAN SINGH REGARDING INFRINGEMENT OF THE '163, '915 AND '891 PATENTS
Case No. 11-cv-01846-LHK
sf-3123376

21

1   application of the Samsung Accused Products, double tapping on a box of content causes the
2   tapped box to be enlarged and substantially centered on the touch screen display.  For example,
3   the figures below, as well as the videos attached as Exhibits 11a and 12a, show the Galaxy S II
4   and Galaxy Tab 10.1 devices enlarging and translating a web page in response to a double tap
5   gesture:



Fig. 5: Galaxy S II Browser enlarging and translating the structured electronic document



Fig. 6: Galaxy Tab 10.1 Browser enlarging and translating the structured electronic document

75. My review of Samsung source code running on the Samsung Accused Products confirms that they respond to a double tap gesture in the Browser by enlarging and translating the structured electronic document so that the first box is substantially centered on the touch screen display. For example, upon receiving user touch input, the Galaxy Tab 10.1 executes the handleTouchEventCommon() method of the WebView class, which calls the handleDoubleTap() method of the ZoomManager class if the touch input is a double tap. (*See* SAMNDCA-C000002377, line 7689.) The handleDoubleTap() method, in turn, calls zoomToReadingLevel() if the double tap occurs when the web page is fully zoomed out. (*See* SAMNDCA-C000002403, line 1030.) The zoomToReadingLevel() method first determines the touched box as outlined above in element [d] of this claim (*see* SAMNDCA-C000002406, line 1146), and then it adjusts the zoom center as necessary to substantially center the touched box on the touch screen display. (*See* SAMNDCA-C000002406, lines 1147-59.) Finally, zoomToReadingLevel() calls startZoomAnimation() with the scale parameter set to readingScale. (SAMNDCA-C000002406, ll64-66.) This causes the touched box to be enlarged, via a call in startZoomAnimation() to setZoomScale(). (*See* SAMNDCA-C000003690.)

76. Based on my inspection of Samsung source code for each major release of Android running on the Samsung Accused Products (Android 2.1, 2.2, 2.3, and 3.1), I believe that each Samsung Accused Product includes similar computer code that responds to a double tap gesture in the Browser by enlarging and translating the structured electronic document so that the first box is substantially centered on the touch screen display. The claim chart in Exhibit 5 identifies analogous code that satisfies this element in Android 2.3, 2.2, and 2.1. In my opinion, each of the Samsung Accused Products meets this recitation of claim 2.

77. **Claim 2, Element [f]:** Claim 2 recites "while the first box is enlarged, detecting a second gesture is detected on a second box other than the first box."

78. The ordinary and intended use of the Samsung Accused Products meets the claim limitation "while the first box is enlarged, a second gesture is detected on a second box other than the first box." After the actions corresponding to the claim elements above have enlarged the first box as previously described, a user can, while the first box is enlarged, touch the screen at the

EXPERT REPORT OF DR. KARAN SINGH REGARDING INFRINGEMENT OF THE '163, '915 AND '891 PATENTS
Case No. 11-cv-01846-LHK
sf-3123376

23

location of a second box other than the first box.  It is apparent that each Samsung Accused Product detects a user's gesture on the second box, because    as detailed further in element [g] of this claim    each device responds to such a gesture.  The figures below, and the videos attached as Exhibits 11a and 12a, show the Galaxy S II and Galaxy Tab 10.1 devices detecting a user's tap gesture on a second box:



Fig. 7: Galaxy S II Browser detecting a second gesture



Fig. 8: Galaxy Tab 10.1 Browser detecting a second gesture

79.     In my opinion, each of the Samsung Accused Products meets this limitation of claim 2.

80. To the extent that this limitation is not met literally, in my opinion it is met under the doctrine of equivalents because the relevant operations of the Samsung Accused Products in detecting a second gesture on a second box in a structured document while the first box is enlarged are insubstantially different from the recited method step.

81. In particular, the relevant operations of the Samsung Accused Products perform substantially the same function of detecting a second gesture, namely the user's touch, on a second box other than the first box, while the first box is enlarged as recited in claim 2. In addition, the relevant operations of the Samsung Accused Products perform that function in substantially the same way by executing computer instructions with a processor. Finally, the relevant operations of the Samsung Accused Products achieve substantially the same result by responding to the user's touch on the screen at the location of a second box other than the first box, while the first box is enlarged.

82. **Claim 2, Element [g]:** Claim 2 recites "in response to detecting the second gesture, the structured electronic document is translated so that the second box is substantially centered on the touch screen display."

83. The ordinary and intended use of the Samsung Accused Products meets the claim limitation "in response to detecting the second gesture, the structured electronic document is translated so that the second box is substantially centered on the touch screen display." When a web page is displayed in the Browser application of the Samsung Accused Products, and the user has already enlarged and substantially centered a first box by double tapping on it, tapping on a second box of content causes that web page to translate such that that box is substantially centered on the screen. For example, the figures below, as well as the videos attached as Exhibits 11a and 12a, show the Galaxy S II and Galaxy Tab 10.1 devices substantially centering a second box on the screen in response to a tap gesture:

EXPERT REPORT OF DR. KARAN SINGH REGARDING INFRINGEMENT OF THE '163, '915 AND '891 PATENTS
Case No. 11-cv-01846-LHK
sf-3123376

25



Fig. 9: Galaxy S II Browser substantially centering a second box on the screen

Fig. 10: Galaxy Tab 10.1 Browser substantially centering a second box on the screen

84. My review of Samsung source code running on the Samsung Accused Products confirms that they respond to a tap gesture on a second box by substantially centering that second box on the touch screen. For example, the Galaxy Tab 10.1 executes the doShortPress() method in the WebView class when the user lifts up from a single tap on the second box. (SAMNDCA-C000002369, line 7319.) The doShortPress() method, in turn, calls doMotionUp() (SAMNDCA-C000002440, line 9564), which calls nativeMotionUp() in the WebView.cpp file (SAMNDCA-

Case 5:11-cv-01846-LHK   Document 1681-15   Filed 08/12/12   Page 18 of 18

Apple v. Samsung
Confidential – Attorneys' Eyes Only

C000002441, line 9570). The nativeMotionUp() method calls motionUp() (SAMNDCA-C000002442, line 2515), which checks for the center of the tapped box (SAMNDCA-C000002443, line 1106) and then calls scrollBy() to translate the web page to substantially center the tapped box on the screen. (SAMNDCA-C000002443, line 1108).

85. Based on my inspection of Samsung source code for each major release of Android running on the Samsung Accused Products (Android 2.1, 2.2, 2.3, and 3.1), I believe that each Samsung Accused Product includes similar computer code that responds to a tap gesture on a second box by substantially centering that second box on the touch screen. The claim chart in Exhibit 5 identifies analogous code that satisfies this element in Android 2.3, 2.2, and 2.1. In my opinion, each of the Samsung Accused Products meets this recitation of claim 2.

86. To the extent that this limitation is not met literally, in my opinion it is met under the doctrine of equivalents because the relevant operations of the Android software of the Samsung Accused Products in translating the structured document so that the second box is substantially centered in response to a tap on the display are insubstantially different from the recited method step.

87. In particular, the relevant operations of the Android software of the Samsung Accused Products perform substantially the same function as recited in claim 2, translating the structured document so that the second box is substantially centered on the touch screen display in response to detecting the second gesture, namely a tap by the user. In addition, the relevant operations of the Android software of the Samsung Accused Products perform that function in substantially the same way by executing computer instructions with a processor. Finally, the relevant operations of the Android software of the Samsung Accused Products achieve substantially the same result by substantially centering a second box in response to a tap by the user.

88. Based on the foregoing analysis of documents, source code, and the operation of the Samsung Accused Products, I conclude that each and every element of claim 2 is met by the ordinary and intended use of the Samsung Accused Products. Therefore, the ordinary and intended use of the Samsung Accused Products infringes claim 2.

EXPRESS REPORT OF DR. KARAN SINGH REGARDING INFRINGEMENT OF THE '163, '915 AND '891 PATENTS
Case No. 11-cv-01846-LHK
sf-3123376

27