# EXHIBIT AA

**CONTAINS INFORMATION DESIGNATED AS APPLE HIGHLY CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER**

**United States District Court
Northern District of California
San Jose Division**

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity, SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants.<br><br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity, SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Counterclaim-Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Counterclaim-Defendant. | Civil Action No. 11-CV-01846-LHK |

**REBUTTAL EXPERT REPORT OF MANI SRIVASTAVA, Ph.D.
REGARDING NON-INFRINGEMENT
OF THE ASSERTED CLAIM OF U.S. PATENT NO. 7,577,460**

**CONTAINS INFORMATION DESIGNATED AS APPLE HIGHLY CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER**

burden of proving that there is infringement under the doctrine of equivalents. Moreover, I have been informed and understand that a patentee cannot use the doctrine of equivalents to vitiate a claim limitation, by raising an infringement theory that would effectively render the claim limitation meaningless.

16. I have been informed and understand that the doctrine of equivalents may not be used to find infringement if the accused product is the same as what was in the prior art before the application for the patent in suit or what would have been obvious to persons of ordinary skill in the field in light of what was in the prior art. In other words, a patent holder may not obtain, under the doctrine of equivalents, protection that it could not have lawfully obtained from the Patent and Trademark Office.

17. I have been informed and understand that the doctrine of equivalents may not be used to find infringement of disclosed but unclaimed subject matter in a patent. In other words, the disclosed subject matter can limit the range of equivalents available to a patentee, by considering the unclaimed subject matter to be dedicated to the public.

18. I have been informed and understand that arguments made during the prosecution of a patent can limit the range of equivalents available to a patentee, by preventing recapture of subject matter that is effectively surrendered by the inventors during prosecution. I have been further informed and understand that the presumption of complete surrender of equivalents for a claim limitation amended for reasons related to patentability may be rebutted by showing the alleged equivalent would have been unforeseeable at the time the prosecution argument was made, the rationale underlying the argument bore no more than a tangential relation to the equivalent at issue, or that there was some other reason suggesting that the patentee could not reasonably have been expected to have described the alleged equivalent.

**B.   Direct Infringement**

19. I have been informed and understand that a patent claim is directly infringed when a person makes, uses, sells, or offers to sell in the United States, or imports into the United

- 7 -

**CONTAINS INFORMATION DESIGNATED AS APPLE HIGHLY CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER**

91.     First, I understand that Samsung added the limitation "sequentially displaying other images stored in a memory through the use of scroll keys" during the prosecution of U.S. Patent No. 7,139,014, which is a parent of the '460 patent.[6]  Samsung added this limitation to overcome a prior art rejection.  Therefore, I am informed that Samsung is not entitled to doctrine of equivalents with respect to the scroll keys limitation.

92.     I have been further informed and understand that the presumption of complete surrender of equivalents for a claim limitation amended to overcome prior art may be rebutted by showing the alleged equivalent would have been unforeseeable at the time the prosecution argument was made, the rationale underlying the argument bore no more than a tangential relation to the equivalent at issue, or that there was some other reason suggesting that the patentee could not reasonably have been expected to have described the alleged equivalent.  I am unaware of these showings that would overcome the presumption of surrender.  In particular, using gestures to achieve the same result was not unforeseeable, and I see no other reason why Samsung could not have literally addressed the alleged equivalent.  Thus, for at least this reason I believe that the accused Apple products do not infringe the asserted claims under the doctrine of equivalents.

93.     Second, in any case, I do not agree with Dr. Yang's opinion that "swiping" as described in his report is substantially the same, with only insubstantial difference, as "the use of scroll keys" described in the '460 patent.  As I described earlier in this report, the use of gestures such as swiping, which are used in the accused Apple products, is fundamentally different from the use of actual keys/buttons as described in the '460 patent, or of soft keys/buttons or on-screen keys/buttons.  Swiping offers users a different metaphor and is handled differently in application and system software.

94.     When an image is displayed and the user presses a scroll key, there is an instantaneous transition of the displayed image to the previous or next image depending on

---

[6] As I explained in my Invalidity Report, I understand that "[a]ll amendments, claim rejections, and arguments relating to the '460 patent were made in prosecution of the parent U.S. Pat. No. 7,139,014." (*See* Invalidity Report at p. 18.)

**CONTAINS INFORMATION DESIGNATED AS APPLE HIGHLY CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER**

Dated: April 16, 2012

*Mani B. Srivastava*

Mani Srivastava, Ph.D.