# EXHIBIT EE

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE (*pro hac vice*)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

*Attorneys for Plaintiff and*
*Counterclaim-Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity, SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Civil Action No. 11-CV-01846-LHK<br><br>**APPLE INC.'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO SAMSUNG'S FIRST SET OF INTERROGATORIES (NO. 12)**<br><br>**CONFIDENTIAL UNDER THE PROTECTIVE ORDER** |

**SUBJECT TO PROTECTIVE ORDER**
<u>**CONTAINS CONFIDENTIAL INFORMATION**</u>

SAMSUNG ELECTRONICS CO., LTD., a Korean business entity, SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,

Counterclaim-Plaintiffs,

v.

APPLE INC., a California corporation,

Counterclaim-Defendant.

**PLAINTIFF AND COUNTERCLAIM-DEFENDANT APPLE INC.'S SUPPLEMENTAL RESPONSES TO SAMSUNG'S <u>FIRST SET OF INTERROGATORIES (NO. 12)</u>**

Under Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Rule 33, Apple Inc. ("Apple") hereby provides supplemental responses to the First Set of Interrogatories to Apple Inc. (No. 12) served by Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America LLC (collectively, "Samsung") on August 3, 2011.  These responses are based on information reasonably available to Apple at the present time.  Apple reserves the right to amend and supplement these responses when and if additional information becomes available.

**GENERAL OBJECTIONS**

The General Objections set forth in Apple Objections and Responses to Samsung's First Set of Interrogatories, served on September 12, 2011, are incorporated herein by reference.

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

**OBJECTIONS AND RESPONSES TO INTERROGATORIES**

Subject to the foregoing qualifications and General Objections and the specific objections made below, Apple objects and responds to Samsung Electronics Co. Ltd.'s First Set of Interrogatories to Apple Inc. as follows:

**INTERROGATORY NO. 12:**

If APPLE contends that it does not infringe any claim of the SAMSUNG PATENTS-IN-SUIT, identify in detail on a claim-by-claim and limitation-by-limitation basis in a claim chart format all bases for any allegation that APPLE does not infringe the claim(s), including an identification of each limitation of each claim which APPLE contends is not practiced by any of its products, and state in detail the reasons why APPLE's products do not practice those limitations.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 12:**

Apple objects to this Interrogatory as premature to the extent that it: (a) conflicts with the schedule entered by the Court, (b) conflicts with the obligations imposed by the Federal Rules of Civil Procedure, the Civil Local Rules and/or the Patent Local Rules of this Court, and/or any other applicable rule; (c) seeks information that is the subject of expert testimony; (d) seeks information and/or responses that are dependent on the Court's construction of the asserted claims of the patents-in-suit; or (e) seeks information and/or responses that are dependent on depositions and documents that have not been taken or produced. Moreover, the Court's Local Rules and the schedule entered by the Court do not contemplate the disclosure of claim construction positions at this time. Apple also objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, especially to the extent it seeks information about the accused Apple products beyond the components or technologies of those products that may be relevant to Samsung's patents-in-suit, and/or that Samsung has placed at issue in this case in its Patent Rule 3-1 Disclosures. Apple further objects to this Interrogatory to the extent it requires information

including radio frame matcher components, the outputs of which are combined by a multiplexer, TS 25.212 does not require more than one such processing chain.  The components in the Accused Products that could be radio frame matchers, if such term were definite, do not determine and/or insert filler bits.

The Accused Products do not practice the methods of claim 16, either literally or under the doctrine of equivalents, for at least the following reasons.  Samsung has not shown that any Accused Product has any of the features in TS 25.212, or that any of the Accused Products practice the methods.  Furthermore, the Accused Products do not practice a method that includes "segmenting the received data frames into radio frames in a number of radio frame matchers," nor do the Accused Products practice a method that includes "multiplexing the radio frames into a serial data frame."  The Accused Products do not have "radio frame matchers" as that term is vague and indefinite.  While TS 25.212 allows for the use of multiple processing chains, each including radio frame matcher components, the outputs of which are combined by a multiplexer, TS 25.212 does not require that there be more than one such processing chain.

Apple reserves its right to supplement this response with regard to the '001 patent as fact and expert discovery continue.

**'516 Patent**

Apple has not directly infringed, induced infringement of, or contributed to infringement of the '516 patent. Samsung's infringement contentions fail to demonstrate direct or indirect infringement of the '516 patent by Apple.  Samsung's contentions also fail to allege any facts to support its allegations of indirect infringement, including with respect to the critical issues of whether Apple intended to induce others to infringe the '516 patent, whether the Accused Products are capable of substantial noninfringing uses, whether the Accused Products were especially made or especially adapted for infringing use, and how others have supposedly directly infringed the '516 patent.

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

The Accused Products do not practice the methods of claim 1-6, 9, 10, and 14, either literally or under the doctrine of equivalents, for at least the following reasons. Samsung has not shown that any Accused Product has any of the features in TS 25.214, or that any of the Accused Products practice the methods. Furthermore, the Accused Products do not practice a method that includes "determining transmit power factors for the channels and determining if total transmit power required for transmission of the channels exceeds the maximum allowed power," based on Samsung's contentions. Samsung contends that the DPDCH is the claimed first channel not supporting HARQ, and that the E-DPDCH is the second channel supporting HARQ. The specifications require that total transmit power include the power of other channels. The methods recited in dependent claims are inconsistent such that they would not be performed; for example, to the extent that first channels are equally scaled, they would not be transmitted with the transmit power factor for the first channel. The Accused Products do not transmit data through the first and second channels using the scaled-down transmit power factor for the second channel and the transmit power factor for the first channel.

The Accused Products are not covered by the limitations of claims 15-20, 23, 24, and 28, either literally or under the doctrine of equivalents, for at least the following reasons. Samsung has not shown that any Accused Product has any of the features in TS 25.214. Furthermore, the Accused Products do not include a controller for "determining transmit power factors for the channels, determining if total transmit power required for transmission of the channels exceeds the maximum allowed power," based on Samsung's contentions. Samsung contends that the DPDCH is the claimed first channel not supporting HARQ, and that the E-DPDCH is the second channel supporting HARQ. The specifications require that total transmit power include the power of other channels. To the extent that first channels are equally scaled, the gain scaling unit would not use the transmit power factor for the first channel. The Accused Products do not use the scaled transit power factor for the second channel and the transmit power factor for the first channel.

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

Apple reserves its right to supplement this response with regard to the '516 patent as fact and expert discovery continue.

**'941 Patent**

Apple has not directly infringed, induced infringement of, or contributed to infringement of the '914 patent. Samsung's infringement contentions fail to demonstrate direct or indirect infringement of the '914 patent by Apple. Samsung's contentions also fail to allege any facts to support its allegations of indirect infringement, including with respect to the critical issues of whether Apple intended to induce others to infringe the '914 patent, whether the Accused Products are capable of substantial noninfringing uses, whether the Accused Products were especially made or especially adapted for infringing use, and how others have supposedly directly infringed the '914 patent.

The Accused Products do not practice the methods of claims 1, 2, and 4, either literally or under the doctrine of equivalents, for at least the following reasons. Samsung has not shown that any Accused Product has any of the features in TS 25.322. Furthermore, the Accused Products do not practice a method that includes a "one-bit field indicating that the PDU does not contain an entire STU in the data field"; TS 25.322 does identify a one-bit field, but it does not provide such an indication. In at least some cases, the header does not comprise at least one length indicator (LI) field. The Accused Products do not practice a method that includes "wherein if the data field of the PDU contains an intermediate segment of the SDU, the LI field and the PDU contains the intermediate segment of the SDU as set to a predefined value indicating that the PDU contains neither a first segment nor a last segment of SDU." Samsung has provided no evidence that such a one-bit field or a predefined value is or has been used by any Accused Products. Claims 2 and 4 incorporate the limitations of claim 1, and the Accused Products do not practice a method that includes the limitations of claim 1. Further, the Accused Products do not practice a method that includes a "one-bit field indicating that the PDU contains the entire SDU in the data field" for reasons similar to those in conjunction with claim 1.

SUBJECT TO PROTECTIVE ORDER
CONTAINS CONFIDENTIAL INFORMATION

The Accused Products do not practice the methods of claims 6-9, either literally or under the doctrine of equivalents, for at least the following reasons.  Samsung has not shown that any Accused Product has any of the features in TS 25.322.  Furthermore, the Accused Products do not practice a method that includes receiving a PDU with "a one-bit field indicating whether the PDU contains an entire service data unit (SDU) in its data field from the header."  The extension bit that is identified by Samsung does not make this indication and there is no evidence that the Accused Products perform or have performed this step.  The Accused Products do not practice a method that includes "if the one-bit field indicates that the PDU does not contain an entire SDU unit's data field, detecting the following length indicator (LI) field from the header of the PDU."  As noted above, the Accused Products do not practice a method that includes such a one-bit field.  The Accused Products do not practice a method that includes determining whether the LI field is set to a value indicating that the PDU contains an intermediate segment that is neither a first segment nor a last segment of the SDU.  Samsung has not shown that this step is performed or has been performed in or by any of the Accused Products.  The Accused Products do not perform the step of "storing the PDU until the PDU can be assembled with the previous segment and a following segment, if the LI field is set to the predefined value."  Samsung has not shown that any of the Accused Products perform or have performed this step or performing any action based on receipt of an LI field with such a predefined value.  The Accused Products do not perform the "constructing" step of claim 6 in that the Accused Products do not receive such an intermediate segment that has an LI field set to a predefined value.  With respect to claims 7, 8, and 9, these claims incorporate the limitations of claim 6, and are thus not infringed for at least the same reasons as set out above.  Furthermore, the Accused Products do not practice a method that includes a "one-bit field that [ ] indicates that the PDU contains the entire SDU and its data field," for the reasons identified above with respect to claim 6 that there is no such one-bit field. The Accused Products do not practice a method that includes receiving a PDU that has a LI field

set to a value indicating that the PDU contains an intermediate segment that is neither a first segment nor a last segment of the SDU.

The Accused Products are not covered by the limitations of claims 10, 11, and 13, either literally or under the doctrine of equivalents, for at least the following reasons. Samsung has not shown that any Accused Product has any of the features in TS 25.322. Furthermore, Samsung has not identified in the Accused Products a transmission buffer generally or a buffer that performs specific functions including determining, segmenting, and constructing as claimed. Samsung has not identified a header inserter, a one-bit field setter, and an LI inserter, and has not identified how structures meeting these limitations perform the functions that are identified. Samsung has not identified a structure that sets a "one-bit field of the at least PDU to indicate whether the PDU contains an entire SDU in the data field." As also indicated in claim 1, there is no evidence that the Accused Products implement such a one-bit field. Samsung has not identified any structure performing the LI inserter function including "setting an LI field to a predefined value indicating that the PDU contains neither a first segment nor a last segment of the SDU to contain the intermediate segment of the SDU." As also indicated in conjunction with claim 1, Samsung has not shown any Accused Products have a structure for performing such a function. Claims 11 and 13 include all the limitations of claim 10, and therefore are not infringed for at least the same reasons as claim 10. Furthermore, for reasons similar to those stated in conjunction with claims 1, 6, and 10, the Accused Products do not have apparatus that constructs a one-bit field indicating that the PDU contains the entire SDU in the data field or predefined LI fields for intermediate segments.

The Accused Products are not covered by the limitations of claims 15-18, either literally or under the doctrine of equivalents, for at least the following reasons. Samsung has not shown that any Accused Product has any of the features in TS 25.322. Furthermore, Samsung has not identified in the Accused Products a reception buffer, or a reassembly controller generally, or one that performs specific functions including the detecting limitations as claimed. Samsung has

SUBJECT TO PROTECTIVE ORDER
CONTAINS CONFIDENTIAL INFORMATION

not identified a header and LI mover, nor a reassembler, and has not identified how structures meeting these limitations perform the functions that are identified.  Samsung has not identified a structure that detects a "one-bit field indicating whether the PDU contains an entire SDU in its data field."  As also indicated in claim 1, there is no evidence that the Accused Products implement such a one-bit field.  Samsung has not identified any structure performing the header and LI remover function of eliminating fields nor the "one-bit that indicates that the PDU does not contain the entire SDU.  Samsung had not identified a structure for determining whether an LI field is set to a predefined value indicating that the PDU contains an intermediate segment of an SDU.  Claims 15-18 include all the limitations of claim 15, and therefore are not infringed for at least the same reasons as claim 10.  Furthermore, for reasons similar to those stated in conjunction with claims 1, 6, 10, and 15, the Accused Products do not have apparatus that eliminates the SN field or the one-bit field or reassembles based on whether an intermediate segment has a particular value.

Apple reserves its right to supplement this response with regard to the '941 patent as fact and expert discovery continue.

**'410 Patent**

Apple has not directly infringed, induced infringement of, or contributed to infringement of the '410 patent. Samsung's infringement contentions fail to demonstrate direct or indirect infringement of the '410 patent by Apple.  Samsung's contentions also fail to allege any facts to support its allegations of indirect infringement, including with respect to the critical issues of whether Apple intended to induce others to infringe the '410 patent, whether the Accused Products are capable of substantial noninfringing uses, whether the Accused Products were especially made or especially adapted for infringing use, and how others have supposedly directly infringed the '410 patent.