UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| APPLE, INC., a California corporation,  )  | Case No.: 11-CV-01846-LHK |
|---|---|
| Plaintiff,  ) <br> v.  ) <br>  ) <br> SAMSUNG ELECTRONICS CO., LTD., A  ) <br> Korean corporation; SAMSUNG  ) <br> ELECTRONICS AMERICA, INC., a New York  ) <br> corporation; SAMSUNG  ) <br> TELECOMMUNICATIONS AMERICA, LLC,  ) <br> a Delaware limited liability company,  ) <br>  ) <br> Defendants.  ) <br>  ) | ORDER RE: OBJECTIONS REGARDING MUSIKA, PALTIAN, ZORN, BEDERSON, BOGUE, FORLINES, AND YANG; ORDER GRANTING APPLE'S MOTION TO EXCLUDE TESTIMONY |

After reviewing the parties' briefing, considering the record in the case, and balancing the considerations set forth in Federal Rule of Evidence 403, the Court rules on the parties' objections as follows:

**A. Terry Musika**

    **1. Samsung's Objections**

| WITNESS AND EXHIBIT NO. | COURT'S RULING ON OBJECTION |
|---|---|
| PX25A | Sustained. Samsung objects that the right hand column on slide 2, and all of slides 6 and 7, show damages calculations that were not disclosed in Mr. Musika's expert report. On August 9, 2012, Samsung objected to an alternative version of this exhibit, PX25C, on other grounds. *See* ECF No. 1637. The Court sustained Samsung's objection, and Apple now seeks to enter PX25A as an alternative exhibit. As a preliminary matter, the Court notes that Samsung did |

| | |
|---|---|
| | not waive its objections to PX25A by objecting only to PX25C. |
| | Mr. Musika did not timely disclose his calculations pursuant to an alternative two notice period theory. Mr. Musika's expert report explained only that "I am prepared to calculate and render an opinion on the amount of damages if less than the total number of Samsung Accused Products proceeds to trial, if less than all patents proceed to trial, if damages are limited to any particular period for any of the Intellectual Property in Suit, or if Samsung was on notice of the intellectual property and began an effort to design around the patents at a different date, if and when requested to do so by counsel or the Court or based on the evidence presented at trial." *See* Hung Decl. Ex. 8 at ¶ 89. However, Mr. Musika did not discuss a two notice period theory, calculate damages based on the alternative theory, or otherwise disclose the assumptions and analysis that he intended to rely on to calculate this alternative theory of damages. Thus, Samsung was not able to cross examine Mr. Musika or otherwise test his application of the alternative theory. Accordingly, the Court sustains Samsung's objection. Apple may introduce a version of PX25A omitting slides 6, 7, and the right hand column of slide 2. |
| PDX34.74-76 | Overruled. The statutes cited in this demonstrative are not inaccurate or misleading. |

### 2. Apple's Objections

| WITNESS AND EXHIBIT NO. | COURT'S RULING ON OBJECTION |
|---|---|
| DX2606 | Sustained. DX2606 is a letter from Apple's counsel to Samsung's counsel. In this letter Apple requests discovery that would help Apple confirm that Samsung's financial summaries correspond to the underlying data stored in Samsung's financial database. Samsung asserts that DX2606 is designated as a demonstrative, not as evidence, and is therefore exempt from the rules of hearsay. However, Samsung has designated DX2606 as evidence and not as a demonstrative. Furthermore, Samsung proposes to use DX2606 as evidence showing: "(1) [Samsung] specifically asked Apple which Samsung documents Apple wanted in order to verify that Samsung's previously disclosed documents tied to its general ledger; (2) in response, Apple told Samsung which documents it wanted; and (3) Samsung produced all of those exact documents." Accordingly, the Court sustains Apple's objection pursuant to FRE 801. In addition, the Court notes that DX2606 would open the door to Apple's discussion of Judge Grewal's Sanctions Order. |
| DX2607 | Sustained. DX2607 is a chart showing Samsung's disclosures of financial data prior to Judge Grewal's April 23, 2012 Sanctions Order. *See* ECF No. 880. This chart is hearsay under FRE 801. The Court also notes that DX2607 would open the door to Apple's discussion of Judge Grewal's Sanctions Order. |

### B. Marcus Paltian

### 1. Samsung's Objections

| EXHIBIT NUMBER | COURT'S RULING ON OBJECTION |
|---|---|

| | |
|---|---|
| Paltian Counter Designation: 135:05-08; 135:10-12; 136:07-13. | Overruled. Although Apple's expert did not rely on the disputed testimony in his rebuttal report, the deposition counter-designations are admissible under the rule of completeness, as Samsung has placed the facts at issue by designating other related testimony from Paltian's deposition. |

### C. Andre Zorn

#### 1. Samsung's Objections

| EXHIBIT NUMBER | COURT'S RULING ON OBJECTION |
|---|---|
| Zorn Counter Designation: 91:22-23; 92:1-4; 92:6. | Overruled. Samsung objects to the counter-designated testimony in which Zorn, an Intel engineer, concedes he lacks knowledge regarding implementation of the Alternative E-bit interpretation. The purpose of Apple's counter-designation is to establish the limits of Zorn's knowledge and to rebut portions of Samsung's designated testimony which suggest that mobile devices must use the Alternative E-bit interpretation in order to operate. Thus, this testimony is admissible to rebut testimony presented in Samsung's designations. |

### D. Benjamin Bederson

#### 1. Samsung's Objections

| WITNESS AND EXHIBIT NO. | COURT'S RULING ON OBJECTION |
|---|---|
| Bederson: PX2226 | Sustained. Evidence of Dr. Bederson's role as a paid expert on the '381 patent against Apple in an ITC investigation is probative of bias or motive, which goes to credibility and outweighs any risk of confusing the jury or wasting time under FRE 403. However, mere questions should elicit the potential bias or motive information that Apple seeks. If Dr. Bederson denies his role as a paid expert against Apple, then the door has been opened, and Apple may use Dr. Bederson's Initial Expert Report on Claim Construction in an ITC Investigation, *Apple v. HTC*, ITC No. 337-TA-797. Otherwise the expert report is excluded pursuant to FRE 403. |
| Bederson: PDX41.2 | Overruled. Samsung objects to Apple's use of portions of a video showing the LaunchTile system in operation on the ground that the video shows modes of operation not disclosed as validity theories in Dr. Singh's rebuttal expert report. Contrary to Samsung's belief, Dr. Singh's rebuttal expert report explicitly discusses transitioning to the Zone View, the Zone View, launching applications, and the Application View, in addition to discussing the World View. *See, e.g.*, Singh Rep. ¶¶ 30-38. Thus, the video is not beyond the scope of Dr. Singh's report and may properly be used to cross-examine Dr. Bederson. This information is highly probative and will not likely confuse the jury or waste time under FRE 403. |

#### 2. Apple's Objections

3

Case No.: 11-CV-01846-LHK
ORDER ON OBJECTIONS TO EXHIBITS AND MOTION TO EXCLUDE TESTIMONY

| WITNESS AND EXHIBIT NO. | COURT'S RULING ON OBJECTION |
|---|---|
| Bederson: DX546, SDX3951.010 | Overruled.  Apple seeks to exclude a 1994 paper coauthored by Dr. Bederson titled *Pad++: A Zooming Graphical User Interface for Exploring Alternate Physics*, on grounds that: (1) the paper describes an untimely disclosed invalidity theory of "semantic zooming" against the '163 Patent; and (2) Dr. Bederson's lay testimony on this technical topic is impermissible under FRE 701.  Neither argument is persuasive.  First, Apple itself acknowledges that the paper was listed in Exhibit T to Samsung's invalidity contentions, and thus the paper was timely disclosed.  The paper was also cited and discussed in Dr. Bederson's Declaration in the preliminary injunction phase, providing Apple further notice of this paper's existence.  Second, Dr. Bederson has first-hand, percipient knowledge of both LaunchTile and the concept of "semantic zooming" as described in his own 1994 paper.  Whether LaunchTile employs "semantic zooming" or not is therefore a proper subject of his lay opinion pursuant to FRE 701, so long as he does not opine on issues of invalidity.  His testimony would not be analogous to "a layperson witnessing the removal of a bullet from a heart during an autopsy" who "opine[s] as to the cause of the decedent's death," in contravention of FRE 701.  *United States v. Figueroa-Lopez*, 125 F.3d 1241, 1246 (9th Cir. 1997). |
| Bederson: SDX3951.7, SDX3951.8 (Xnav Source Code) | Overruled.  Apple objects to Dr. Bederson's testimony on XNav source code on grounds that: (1) it is improper expert testimony under FRCP 26 and FRE 701; and (2) it involves untimely disclosed invalidity contentions.  Neither argument is persuasive.  First, so long as Dr. Bederson's testimony on XNav source code is limited to his first-hand, personal knowledge of XNav source code that he himself helped to create, and does not overreach to opining on issues of invalidity, his testimony is appropriate under FRE 701.  Second, although Apple complains that Stephen Gray's invalidity expert report on the '163 Patent "does not cite even a single line of XNav code," Apple's Objs. at 11, Dr. Gray's expert report expressly states that he reviewed the XNav source code (which was attached as an exhibit to Dr. Bederson's Preliminary Injunction Declaration) in forming his invalidity opinions.  Gray Expert Rep. ¶ 318.  Furthermore, Apple had the opportunity to – and did – question Dr. Bederson about the XNav source code during his September 17, 2011 deposition.  *See* Hutnyan Decl. Ex. Q [Bederson Dep. at 23:21-25]. |

### E.  Adam Bogue

#### 1.  Samsung's Objections

| WITNESS AND EXHIBIT NO. | COURT'S RULING ON OBJECTION |
|---|---|
| PDX46.4 | Overruled.  PDX46 is a video demonstrating the DiamondTouch system's snap back function.  Samsung objects that the final video segment, PDX46.4, presents a validity theory that Apple did not timely disclose: that the DiamondTouch does not anticipate the '381 Patent because it snaps back to the original screen image, |

4

Case No.: 11-CV-01846-LHK
ORDER ON OBJECTIONS TO EXHIBITS AND MOTION TO EXCLUDE TESTIMONY

|   |   |   |
|---|---|---|
|   |   | rather than snapping back only "until the area beyond the edge of the electronic document is no longer displayed," as required by the '381 Patent.

This theory was disclosed by Dr. Balakrishnan in his response to Dr. Van Dam's Declaration in Support of Samsung's Motion for Summary Judgment.  Dr. Van Dam's Declaration espoused a new invalidity theory: that the '381 Patent claimed snapping back all the way to the original screen image because the original screen image is the "electronic document."  Accordingly, Dr. Balakrishnan's rebuttal validity theory was timely disclosed.

Samsung also objects that PDX46.4 invites expert testimony by Bogue, a fact witness.  However, Bogue may testify as to how DiamondTouch does and does not work based on his personal knowledge.  PDX46.4 originally invited Bogue to offer legal conclusions by quoting the '381 Patent claim limitation "until the area beyond the edge of the electronic document is no longer displayed."  Apple has stipulated to removing this language.  Accordingly, Samsung's objection is overruled. |
|   | MERL-00000001 | Sustained-in-part and overruled-in-part.  MERL00000001 is a hard drive with 160 Gigabytes of data and over 400,000 files.  Apple has clearly overdesignated MERL00000001.  Apple argues that its overdesignation is simply a defense against "Samsung's [own] overbroad designation in its DX655 of '[f]iles related to DiamondTouch, DTFlash, and Tablecloth' that are 'not limited to' the files specifically served as DX655."  The Court has sustained Apple's objection to Samsung's overbroad designation of DX655.  *See infra*, Apple's Objection to Bogue Exhibit DX655.  Accordingly, Apple's defensive designation of MERL00000001 is unnecessary, and the Court sustains Samsung's objection.

Apple explains that it intends to use only two narrow portions of MERL00000001: (1) \diamondtouch\DTFlash\DTFlash-2005-06-07, which contains the "tablecloth_27.swf" file that Apple alleges Samsung has attempted to suppress since the briefing on its summary judgment motion (*see* ECF Nos. 1121 and 1127); and (2) diamondtouch\people\forlines\Mandelbrot\src\com\merl, which is the parent path of the folders identified in Samsung's description of its DX 548.  Apple may use these portions of MERL00000001 to rebut the anticipated Samsung evidence. |

### 2. Apple's Objections

| WITNESS AND EXHIBIT NO. | COURT'S RULING ON OBJECTION |
|---|---|
| DX655 | Sustained-in-part and overruled-in-part.  Apple objects that DX655.03 inappropriately hides the full file name "DTFlash-2005-06-07."  The next slide, DX655.04 shows the full file name.  The date on which the alleged Tablecloth prior art arose is in dispute, and cropping potentially relevant June 2005 date ("2005-06-07") may mislead the jury.  Accordingly, the Court sustains Apple's objection to DX655.03.

Apple objects that DX655.04 misleadingly shows the January 2005 file |

| | |
|---|---|
| | "tablecloth_27.htm." The Court has previously held that the January 2005 date of tablecloth_27.htm is relevant evidence as to the date of the Tablecloth prior art. *See* ECF Nos. 1121 (motion for leave to file objection to reply evidence); 1127, 1158 at 15-16 n. 2 (Order denying Samsung motion for summary judgment) ("The Court does not agree that the date stamp is "inaccurate and extremely misleading" in light of the discussion above. Apple may raise these issues in cross-examination. Therefore, the Court DENIES Apple's Objection to Reply Evidence."). Accordingly, the Court overrules Apple's objection to DX655.04.<br><br>Apple also objects to Samsung's designation of "'[f]iles related to DiamondTouch, DTFlash, and Tablecloth' that are 'not limited to' the files specifically served as DX655." Samsung must provide Apple advance notice as to the specific content of its exhibits. Accordingly, the Court sustains Apple's objection to Samsung's overbroad designation. |
| DX695 | Overruled. DX695 is a 2003 email from Mr. Bogue to an Apple employee discussing a meeting between Apple and MERL at which the DiamondTouch system was demonstrated to Apple. Although the email does not specify which DiamondTouch features were demonstrated, the email is relevant to disputed issues in the case, including the dates of DiamondTouch demonstrations by Mr. Bogue and as rebuttal to Apple's invention narrative. Accordingly, the Court overrules Apple's objection under FRE 403. |

### F. Clifton Forlines

#### 1. Samsung's Objections

| EXHIBIT NUMBER | COURT'S RULING ON OBJECTION |
|---|---|
| Dr. Balakrishnan Expert Report and Depo Transcript | Sustained. Dr. Balakrishnan's report is hearsay pursuant to FRE 801 and is therefore inadmissible. Moreover, even if it weren't inadmissible, permitting Apple to cross examine Mr. Forlines, a fact witness, with Dr. Balakrishnan's report would likely confuse the jury and waste time. Dr. Balakrishnan has already testified, and is subject to recall for rebuttal. Additionally, Apple may not use the deposition of Dr. Balakrishnan. As explained above, Dr. Balakrishnan has already testified, and Apple has not established that use of his deposition complies with FRCP 32. |

#### 2. Apple's Objections

| EXHIBIT NUMBER | COURT'S RULING ON OBJECTION |
|---|---|
| DX696 | Overruled. Samsung timely produced the DiamondTouch article in discovery, and disclosed its theory of invalidity based on DiamondTouch in discovery. Moreover, the reference was discussed in Dr. Van Dam's report. |
| DX693 | Overruled. Apple sought to exclude several references related to the DiamondTouch system in its motion to strike before Judge Grewal. Apple took the position that ten references should be stricken. Samsung argued that three |

6

Case No.: 11-CV-01846-LHK
ORDER ON OBJECTIONS TO EXHIBITS AND MOTION TO EXCLUDE TESTIMONY

references were sufficiently disclosed – Mandelbrot, DTLens, and DTMouse. Apple, in its reply, stated "Samsung concedes that Mr. Gray relies on ten references that its Invalidity Contentions did not disclose, but addresses only three—the Mandelbrot, DTLens, and DTMouse applications. (Opp. at 2-4.) The Court should grant Apple's uncontested motion as to the other seven." Based on this argument, Judge Grewal granted Apple's motion "to exclude reference to seven of the ten" references but denied Apple's motion "as to the remaining three [references]." On this basis, the Court concludes that Judge Grewal did not exclude the source code of the Mandelbrot application. This is consistent with the Court's prior ruling regarding Samsung's opening presentation. *See* ECF No. 1456.

### G. Woodward Yang

#### 1. Samsung's Objections

| EXHIBIT NUMBER | COURT'S RULING ON OBJECTION |
|---|---|
| PX2040 | Sustained. Apple may question Samsung's expert as to whether he spoke with Samsung's inventors as well as the inventors' availability, including their presence in the Ceremonial Courtroom last week. The Court finds PX2040 (Stretch Declaration) to be of limited probative value and does not want Apple to waste time on this document. Thus, this document is excluded unless Samsung opens the door. |
| PX61 | Sustained. Exhibit 61 is a Samsung presentation regarding the iPhone user experience. Apple argues that the presentation at PX 61.2 and 61.9 is relevant to Dr. Yang's opinions on the difference between modes and apps. However, these pages do not reference the distinction between modes and apps, or pertain to Dr. Yang's expert testimony. Nor is it clear that this document relates to Samsung's patent infringement claims against Apple. Therefore, the presentation is excluded under FRE 403 as to this witness. |

#### 2. Apple's Objections

| EXHIBIT NUMBER | COURT'S RULING ON OBJECTION |
|---|---|
| DX645 | Sustained. Dr. Yang's expert report does not clearly identify any applet. Dr. Yang's expert report merely identifies 38 bates ranges of source code for the '711 Patent's first claim limitation. During his deposition, Dr. Yang testified that he could not recall which source code bates range constitutes an applet. Now at trial Dr. Yang seeks to identify for the first time the exact source code that constitutes an applet. Dr. Yang's disclosure is untimely and prejudicial. Moreover, Samsung has not shown that such disclosure was ever made in its infringement contentions under the Patent Local Rules. |
| SDX3967.012 | Overruled. This slide contains an embedded video that shows Samsung's doctrine of equivalents theory with respect to the '460 Patent. Apple argues that this slide should be excluded because Samsung failed to timely disclose its doctrine of equivalents theory.<br><br>First, Apple's argument that Samsung's doctrine of equivalents theory was not |

|   |
|---|
| properly disclosed in Samsung's infringement contentions was previously rejected by Judge Grewal. *See* ECF No. 1144 at 6; 939-1 at 12-13. |
| Second, Samsung sufficiently disclosed its theory under the doctrine of equivalents in the expert report of Dr. Yang, and in his deposition. *See, e.g.* Ex. T ¶ 28; Ex. U; Ex. V; BB. |
| Finally, Apple argues that Samsung's doctrine of equivalents theory is barred by prosecution history estoppel. However, based on the prosecution history provided by Apple, it is not clear that Samsung narrowed the scope of the claim to overcome a prior art rejection. The patentee stated that "Claim 20 has been amended to include 'displaying an image most recently captured in a camera mode' and 'sequentially displaying other images stored in a memory through the use of scroll keys.'" It is not clear, however, that the prior art rejection related to the use of scroll keys, or one of the other aspects of the amendment adopted by the patentee. Apple's objection is therefore overruled. |

### H. Dale Sohn

**COURT'S RULING ON MOTION TO EXCLUDE**

Apple moves to exclude the testimony of Dale Sohn. ECF No. 1647. Samsung has filed an opposition. ECF No. 1664. Apple filed a reply. ECF No. 1676. For the reasons set forth below, the Court GRANTS Apple's motion.

Federal Rule of Civil Procedure 26(a)(1)(A) requires the disclosure of the name and contact information of individuals likely to have discoverable information. FRCP 26(e) requires timely supplementation or amendment of a party's initial disclosures. A party may not use untimely disclosed evidence at trial except upon a showing that "the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Samsung failed to disclose Mr. Sohn as a witness with discoverable information. Moreover, when Apple noticed a deposition of Mr. Sohn, Samsung refused to allow him to be deposed and claimed that Mr. Sohn does not "have unique personal knowledge that is relevant to this case, and no relationship to the accused products or the patents-in-suit." Bartlett Decl. Ex. 3, ECF No. 1648. After a motion to compel, Judge Grewal ordered Mr. Sohn to sit for 3 hours of deposition. ECF No. 850 at 13-14. Samsung cannot now claim that Mr. Sohn has knowledge regarding Samsung's technology and products after refusing for months to produce him for deposition. Samsung's failure to disclose Mr. Sohn in its initial disclosures, or in any of its amended initial disclosures precludes Samsung from now calling Mr. Sohn to testify. Moreover, the Court cannot say that the failure to disclose was substantially justified or harmless. Apple was only granted a limited three hour deposition well after the close of discovery, and was not allowed a full investigation into Mr. Sohn's knowledge. Mr. Sohn is therefore precluded from testifying on behalf of Samsung.

### I. Hyong Shin Park

**COURT'S RULING ON MOTION TO EXCLUDE**

Apple moves to exclude the testimony of Hyong Shin Park, one of the inventors of the F700. ECF No. 1647. Samsung has filed an opposition. ECF No. 1664. Apple filed a reply. ECF No. 1676. For the reasons set forth below, the Court GRANTS Apple's motion.

Judge Grewal previously excluded Samsung's theory that the F700 anticipated, or rendered obvious the D'677 Patent for failure to timely disclose the theory in discovery. ECF No. 1144 at 3-


5. This Court affirmed Judge Grewal's Order. ECF No. 1545. Indeed, Samsung was precluded, for the same reasons, from asserting its independent derivation theory in opening statements. *See* ECF No. 1456. Samsung has generally been permitted to rely on the F700 for alternative design and functionality purposes to rebut the testimony of Peter Bressler. *See* Aug. 6, 2012 Tr. at 1184:1-4.

Samsung has presented an offer of proof that it intends to illicit the testimony of Ms. Park to establish functionality of the F700 design, and to rebut allegations of copying or willfulness. While these topics have not prohibited, the Court finds that the risk of undue prejudice to Apple outweighs the probative value of Ms. Park's testimony and is excludable pursuant to FRE 403.

As to Samsung's argument that Ms. Park should be allowed to testify regarding the functionality of the F700 design, this testimony is of limited probative value. As the designer of the F700 and a named inventor of the KR'985 Patent, Ms. Park's testimony is of limited probative value in evaluating *Apple's* design patents in suit. Moreover, Ms. Park did not design any of the accused devices. Indeed, Ms. Park testified that she is unaware of any Samsung phone having been based on the F700. *See* Bartlett Decl. Ex. 4. Moreover, the Court notes that Samsung's position with respect to Ms. Park's testimony is somewhat inconsistent. On the one hand, Samsung explains that Ms. Park will testify that the F700 was functional, but also that she obtained a design patent (the KR'985 Patent) for the same design. This inconsistency underscores the limited probative value of the evidence. In contrast, there is a real likelihood that the jury will consider Ms. Park's testimony for a purpose that has been excluded by Judge Grewal.

Similarly, Samsung also argues that Ms. Park may testify that the F700 rebuts an allegation of copying or willfulness. While the F700 may be probative of non-willfulness and to rebut an allegation of copying, it is unlikely that a jury will be able to consider Ms. Park's testimony without using it for a purpose that has been excluded by Judge Grewal. Ms. Park will testify regarding the creation of the F700 and the KR'985, and it is highly likely that the jury will view this as evidence of an independent derivation of the designs at issue. Moreover, the Court is unconvinced that a limiting instruction will sufficiently address this issue. Therefore, under FRE 403, the Court excludes the testimony of Ms. Park.

**IT IS SO ORDERED.**

Dated: August 12, 2012

_____
LUCY H. KOH
United States District Judge