```
 1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
    Charles K. Verhoeven (Bar No. 170151)
 2  charlesverhoeven@quinnemanuel.com
    50 California Street, 22nd Floor
 3  San Francisco, California 94111
    Telephone: (415) 875-6600
 4  Facsimile: (415) 875-6700

 5  Kevin P.B. Johnson (Bar No. 177129)
    kevinjohnson@quinnemanuel.com
 6  Victoria F. Maroulis (Bar No. 202603)
    victoriamaroulis@quinnemanuel.com
 7  555 Twin Dolphin Drive, 5th Floor
    Redwood Shores, California  94065-2139
 8  Telephone: (650) 801-5000
    Facsimile: (650) 801-5100
 9
    Michael T. Zeller (Bar No. 196417)
10  michaelzeller@quinnemanuel.com
    865 S. Figueroa St., 10th Floor
11  Los Angeles, California 90017
    Telephone: (213) 443-3000
12  Facsimile: (213) 443-3100

13  Attorneys for SAMSUNG ELECTRONICS CO.,
    LTD., SAMSUNG ELECTRONICS AMERICA,
14  INC. and SAMSUNG
    TELECOMMUNICATIONS AMERICA, LLC
15
```

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK (PSG)<br><br>**SAMSUNG'S MOTION TO EXCLUDE EXAMINATION AND COMMENT ON ABSENT WITNESSES** |

**Preliminary Statement**

Due to the strict limits the Court has imposed on the parties' trial time coupled with the large number of claims at issue in this case, Samsung has no choice but to limit the number of witnesses it calls to testify at trial. Samsung expects that Apple may try either to elicit testimony or offer attorney comment stating or insinuating that the fact that certain persons were not called to testify reflects negatively on Samsung's case. Samsung requests that the Court prohibit counsel from eliciting such testimony or making such comments. Under the unique circumstances of this case, where each party has been limited to 25 hours of trial time, the fact that a particular witness does not testify does not reflect on the merits. Rather, it is the result of practical considerations and not a valid factor for the jury to consider in analyzing the merits of the case. In addition, the probative value of argument about the fact that a particular witness was not called would be substantially outweighed by the danger of undue prejudice. The jurors are likely to give undue weight to any statements about what witnesses did not testify because they are not aware of the practical constraints that require Samsung to pare down the number of witnesses it calls to testify.

**Argument**

**I. GIVEN THE EXTREME TIME CONSTRAINTS IMPOSED ON THIS TRIAL, IT WOULD BE INAPPROPRIATE TO ALLOW TESTIMONY OR ARGUMENT REGARDING SAMSUNG'S DECISION NOT TO CALL CERTAIN WITNESSES**

In this case, the Court has limited each side to 25 hours of testimony.[1] Even after substantial case narrowing, there are 12 patents at issue in this case as well as trade dress and antitrust allegations. With the large number of patents-in-suit and other causes of action, and the extremely limited amount of time available for trial, Samsung has no choice but to drastically limit the number of witnesses it calls live or by deposition. As a result, the decision whether or not to call a witness is governed by factors that have nothing to do with the merits of Samsung's positions.

---

[1] Samsung objected to this time limitation. See Dkt no. 1297. The Court denied Samsung's motion. See Dkt. no. 1329.

Commenting on the fact that a particular witness did not testify is particularly inappropriate here because Apple had the opportunity to call witnesses it deemed important in its case either live or by videotape. Apple has deposed numerous Samsung witnesses located all over the globe. It has taken roughly 182 depositions in this case alone and over 140 depositions in the 794 and 796 ITC investigations involving the two parties. Most of Samsung's witnesses reside outside the Court's subpoena power and, therefore, Apple could freely call them by deposition. It would be misleading for Apple to argue that Samsung's decision not to call a particular witness reflects poorly on Samsung's case when Apple could have sought to present the witnesses' testimony. Thus, Apple should not be permitted to solicit testimony or make comments regarding the fact that Samsung did not call particular witnesses to testify. *See e.g. Bellmore v. U.S. Steel Corp.*, 983 F.2d 1065 at *1 (6th Cir. 1992) (plaintiff's attorney's suggestion that defendant's failure to call certain witnesses was because their testimony would have been unfavorable to defendant was improper where plaintiff deposed several of the missing witnesses and listed several as prospective witnesses in the final pretrial order); *Hoffman v. Caterpillar, Inc.* 386 F.3d 709 (7th Cir. 2004) (district court properly prevented commentary in closing argument on expert witness' absence when party had reasonable explanations for not calling the expert witness);

## II. EVIDENCE OR ARGUMENT REGARDING THE FACT THAT CERTAIN WITNESSES DID NOT TESTIFY SHOULD ALSO BE EXCLUDED UNDER FEDERAL RULE OF EVIDENCE 403

The probative value of any comments, argument or testimony regarding the fact that certain witnesses did not testify is substantially outweighed by the risk of undue prejudice and jury confusion. Federal Rule of Evidence 403. It would confuse the jury if Apple were permitted to suggest that witnesses were not called because they are harmful or do not view the case as important. The jurors are unaware of the time constraints, legal rulings and other practical considerations that require counsel to reduce the number of witnesses it calls at trial. They are also not aware of what witnesses Apple deposed and whether Apple could have presented their testimony at the trial. Because the jurors do not have visibility into the rules governing this case, they may give undue weight and significance to the fact certain witnesses were not called. As a

1  result, evidence that Samsung did not call certain witnesses should be excluded under Federal

2  Rule of Evidence 403.

5  DATED: August 13, 2012              QUINN EMANUEL URQUHART &
                                       SULLIVAN, LLP

                                       By  /s/ *Victoria F. Maroulis*
                                           Victoria F. Maroulis
                                           Attorneys for SAMSUNG ELECTRONICS CO.,
                                           LTD., SAMSUNG ELECTRONICS AMERICA,
                                           INC. and SAMSUNG
                                           TELECOMMUNICATIONS AMERICA, LLC