HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

Attorneys for Plaintiff and
Counterclaim-Defendant Apple Inc.

WILLIAM F. LEE (*pro hac vice*)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity, SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity, SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Counterclaim-Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Counterclaim-Defendant. | Civil Action No. 11-CV-01846-LHK<br><br>**APPLE INC.'S MOTION TO STAY ORDER DENYING-IN-PART MOTIONS TO SEAL** |

Plaintiff Apple Inc. ("Apple") respectfully requests that the Court stay its Order Granting-in-Part and Denying-in-Part Motions to Seal (Dkt. No. 1649) ("Order") insofar as it applies to Apple's confidential financial data and Apple's confidential and proprietary market research reports so as to permit Apple to appeal the order to the United States Court of Appeals for the Federal Circuit.

A stay of this Court's order denying Apple's motion to seal Apple's confidential financial and market survey data—all highly-guarded trade secrets—is essential to Apple obtaining the relief requested in its appeal. Absent a stay, Apple's trade secret information would forever be made public, rendering the issues raised by Apple's appeal moot before the Federal Circuit ever has an opportunity to consider them on the merits.

## I.   BACKGROUND

On August 9, 2012, the Court entered its order granting-in-part and denying-in-part the parties' and third parties' motions to seal. (*See* Dkt. No. 1649.) Pursuant to that order, the Court declined to seal (among other things) certain Apple confidential financial data and certain confidential and proprietary Apple market research reports. (*See id.* at 5-9, 12-16.)

Today, Apple will file a notice of appeal to the United States Court of Appeals for the Federal Circuit in order to appeal these determinations. Specifically, Apple will appeal this Court's determinations that the following documents are not properly sealed:

| Document |
| --- |
| Ex. A to Musika Declaration in Support of Apple's Daubert Opposition |
| Ex. 3 to Martin Declaration in Support of Samsung's Daubert Motion |
| Ex. Q to Mazza Declaration in Support of Apple's Daubert Opposition |
| Ex. 6 to Martin Declaration in Support of Samsung's Daubert Motion |
| Ex. B to Musika Declaration in Support of Apple's Daubert Opposition |
| Ex. 1 to Martin Declaration in Support of Samsung Daubert Motion |
| Ex. C to Musika Declaration in Support of Apple's MSJ Opposition |
| Ex. E to Musika Declaration in Support of Apple's MSJ Opposition |

| |
|---|
| Ex. K to Musika Declaration in Support of Apple's Daubert Opposition |
| Ex. Y to Musika Declaration in Support of Apple's Daubert Opposition |
| Ex. Z to Musika Declaration in Support of Apple's Daubert Opposition |
| Ex. 7 to Martin Declaration in Support of Samsung's Daubert Motion |
| Ex. B to Wagner Declaration in Support of Samsung's Reply in Support of Motion to Strike |
| Ex. AA to Musika Declaration in Support of Apple's Daubert Opposition |

Depending on what exhibits the Court admits in the coming trial days, Apple may also appeal additional sealing determinations.

## II.   ARGUMENT

### A.   THE COURT SHOULD STAY ITS ORDER PENDING APPEAL

The Court should consider four factors when determining whether to stay its order pending appeal:  "likelihood of success, irreparable injury, balance of hardships, and the public interest."  *E.g.*, *Alarcon v. Shim, Inc.*, No. C-07-02894-SI, 2007 WL 4287336, at *3 (N.D. Cal. Dec. 5, 2007); *see also In re Cyclobenzaprine Hydrochloride Extended-Release Capsule Patent Litig.*, 449 Fed. App'x 35, 36 (Fed. Cir. 2011) (nonprecedential) ("[The Federal Circuit] balances four factors when determining whether to stay a district court's order pending appeal:  (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.") (citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)); *Standard Havens Prods., Inc. v. Gencor Indus., Inc.*, 897 F.2d 511, 512 (Fed. Cir. 1990) (reciting factors).

No single factor is dispositive, but the first two "are the most critical."  *Cyclobenzaprine*, 449 Fed. App'x at 36; *Standard Havens*, 897 F.2d at 513 ("When harm to applicant is great enough, a court will not require 'a strong showing' that applicant is 'likely to succeed on the merits.'" (quoting *Hilton*, 481 U.S. at 776)).

### 1.    APPLE WILL BE IRREPARABLY HARMED ABSENT A STAY.

The disclosure of the materials that are the subject of Apple's appeal—Apple's most sensitive financial and market research information—would irreparably harm Apple.  Those documents would provide Apple's competitors an unprecedented business advantage, allowing them access to cost, sales, and market research data that are not widely available even within Apple.  *See Am. Standard Inc. v. Pfizer Inc.*, 828 F.2d 734, 741 (Fed. Cir. 1987) (recognizing harms of disclosure of confidential business information to competitors and collecting cases); *cf. In re Sarkar*, 575 F.2d 870, 872 (C.C.P.A. 1978) ("[W]herever possible, trade secret law and patent law should be administered in such manner that the former will not deter an inventor from seeking the benefit of the latter[.]" (citing *Kewanee Oil Co. v. Bicron Corp.*, 416 U.S. 470 (1974)).  In fact, the logic of the Court's order makes clear that Apple's competitors could predict Apple's future product releases and marketing campaigns using certain of the confidential survey information that the Court has ordered unsealed.  As the Court has explained, "it stands to reason that [Apple's] competitors may infer the most significant results [of its market research] by simply observing Apple's product releases and marketing campaigns." (Order at 9.)  The converse is also true: equipped with Apple's market research, Apple's competitors could predict Apple's product releases and marketing campaigns—putting Apple at an irreparable competitive disadvantage.

Absent a stay, these harms cannot be undone.  As the Third Circuit has aptly stated, "a trade secret which, once disclosed, is lost." *Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 663 (3d Cir. 1991).  Once made public, no corrective measures can restore the confidentiality of these materials—even if the Federal Circuit ultimately determines that this Court was incorrect to order them unsealed.  Given the speed at which information propagates and duplicates in the digital age, even momentary public access to this information will allow it to reside in perpetuity within the public domain.  Those concerns are particularly acute here, given the close media attention to this case.  *See also* Order at 6 ("[T]his trial is especially unusual in the extraordinary public interest it has generated").  To avoid these immediate and

irreparable harms, a stay of this Court's order is necessary even to permit the Federal Circuit to consider the merits of Apple's appeal.

### 2.    THE THREE OTHER FACTORS ALSO SUPPORT A STAY.

#### a)    Apple Is Likely To Succeed On The Merits.

Respectfully, the Court's decision to unseal Apple's highly sensitive financial information and market research was an abuse of discretion.  The documents the Court ordered unsealed contain the company's most highly guarded trade secrets—to which few even within Apple have access.  Much of this information is only peripherally relevant to the issues at trial, and unsealing it therefore would do little or nothing to aid the public's understanding of the judicial process.  Because there are compelling reasons for maintaining the confidentiality of this information, and because they substantially outweigh any interest the public may have in their disclosure, Apple expects to succeed on the merits on appeal.

#### b)    A Stay Will Not Injure Any Entity Interested In These Proceedings.

A stay of this Court's order unsealing Apple's confidential documents will not injure anyone interested in these proceedings, including the public.  A stay merely would merely maintain the status quo for the brief period necessary to permit full consideration of Apple's appeal.  *Nken v. Holder*, 556 U.S. 418, 429 (2009) ("A stay 'simply suspend[s] judicial alteration of the status quo[.]'" (first alteration in original) (quoting *Ohio Citizens for Responsible Energy, Inc. v. NRC*, 479 U.S. 1312, 1313 (1986) (Scalia, J., in chambers))).  If the Federal Circuit ultimately rejects Apple's petition, the public and the media will be in the same position as they would have been absent a stay.

#### c)    A Stay Serves The Public Interest.

The public has a strong interest in ensuring that litigants, like Apple, have a full and fair opportunity to obtain judicial relief.  *Prometheus Radio Project v. FCC*, No. 03-3388, 2003 WL

22052896, at *1 (3d Cir. Sept. 3, 2003) (nonprecedential) (citing "the public's interest in reaching the proper resolution" as reason to stay "pending thorough and efficient judicial review").  Absent a stay, the Federal Circuit could not reach the merits of Apple's petition before those issues are rendered moot through the public disclosure of Apple's confidential information.  Thus, a stay pending a final resolution of Apple's appeal is necessary to promote the public's interest in providing a forum that can provide effective relief, and in ensuring meaningful review of district court determinations.

A stay would also promote the public's interest in protecting patentees' legitimate confidentiality interests.  To avoid a chilling effect on the enforcement of patent rights, patentees need confidence that the enforcement of their patents will not sacrifice the confidentiality of their most sensitive business information.  A stay would ameliorate those concerns by providing the opportunity for review by the Federal Circuit prior to any such disclosure.

APPLE INC.'S MOTION TO STAY ORDER
DENYING-IN-PART MOTIONS TO SEAL
Case No. 11-cv-01846 (LHK)

## III.     CONCLUSION

For the foregoing reasons, Apple respectfully requests that the Court stay its Order Granting-in-Part and Denying-in-Part Motions to Seal (Dkt. No. 1649) pending appeal, insofar as it applies to Apple's confidential financial data and Apple's confidential and proprietary market research reports.


Dated:  August 13, 2012              WILMER CUTLER PICKERING
                                     HALE AND DORR LLP

                             By:     /s/ Mark D. Selwyn
                                     Mark D. Selwyn

                                     Attorneys for Plaintiff
                                     APPLE INC.


                                     MORRISON & FOERSTER LLP


                             By:     /s/  Michael A. Jacobs
                                     Michael A. Jacobs

                                     Attorneys for Plaintiff
                                     APPLE INC.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above and foregoing document has been served on August 13, 2012 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.

<u>/s/ Mark D. Selwyn</u>
Mark D. Selwyn

APPLE INC.'S MOTION TO STAY ORDER
DENYING-IN-PART MOTIONS TO SEAL
Case No. 11-cv-01846 (LHK)