QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S OBJECTIONS AND RESPONSES REGARDING (1) EXHIBITS TO BE USED WITH JINSOO KIM, JEEYEUN WANG, SAMUEL LUCENTE, ITAY SHERMAN, AND MICHAEL KAMINS, AND (2) DEPOSITION DESIGNATIONS OF ROGER FIDLER** |

02198.51855/4905702.1

Case No. 11-cv-01846-LHK
OBJECTIONS AND RESPONSES RE: (1) EXHIBITS FOR KIM, WANG, LUCENTE, SHERMAN AND KAMINS, AND (2) DEPOSITION OF FIDLER

Samsung hereby submits objections and responses regarding (1) exhibits to be used in direct and cross examination of Jinsoo Kim, Jeeyeun Wang, Itay Sherman, Samuel Lucente and Michael Kamins, and (2) deposition designations and counter designations for Roger Fidler.

## I.   JINSOO KIM

### A.   Samsung's Objections to Cross Examination Exhibits

#### 1.   PX47 is irrelevant, unduly prejudicial, and misleading, and not timely disclosed

PX 47 contains confusing, misleading, improper and unfairly prejudicial non-expert opinions regarding Samsung phones, and should be excluded. *See FRE* 403. Any alleged probative value from the GDI Evaluation referenced in the exhibit is substantially outweighed by the danger of unfair prejudice and confusion. This is particularly true because the witness, Mr. Kim, has no knowledge of this document. He does not appear in the recipient line of the email, he was not asked about this document in either of his two depositions in February 2012, and he is not listed as a sponsoring witness for the exhibit. Questioning or attempting to impeach Mr. Kim with a document he does not recognize would unfairly mislead the jury as to his credibility and likely introduce testimony that lacks foundation.

Additionally, PX 47 was not timely disclosed with regard to copying or willfulness. PX 47 was included on Apple's Exhibit List for the purpose of proving design and trade dress claims and copying, yet it was not listed in response to Samsung's Interrogatory No. 7 nor to Interrogatory No. 71. (Hutnyan Decl. Exs. E, D). Apple was required to list all facts that support Apple's own contentions of copying and willfulness. Apple's failure to include PX 47 (SAMNDCA10159856) in response to Samsung's interrogatories gave Samsung no notice that Apple intended to use this document for those purposes. Therefore, this exhibit may not be used with Mr. Kim to prove copying or willfulness, the subject of those two contention interrogatories.

#### 2.   Deposition of Jung Min Yeo is improper

Samsung objects to the use of deposition testimony of Jung Min Yeo during Jin Soo Kim's testimony at trial. The deposition testimony of Ms. Yeo must not be used to impeach Mr. Kim. *See FRCP* 32(a)(2) ("any party may use a deposition to contradict or impeach the testimony *given*

*by the deponent as a witness*" (emphasis added)).   In addition, Ms. Yeo is not an "officer, director, managing agent, or designee (of Samsung) under Rule 30(b)(6) or 31(a)(4)."   *See FRCP* 32; (Hutnyan Decl. Ex. G at 72:15-16 (Yeo 02/02/2012 Dep. Tr.)); *Hynix Semiconductor Inc. v. Rambus Inc.*, No. C–06–00244 RMW, 2008 WL 2581632 (N.D. Cal. Feb. 2, 2008) ("These other people all have the capability to bind the corporation with their actions, indeed, a 30(b)(6) or 31(a)(4) designee literally speaks for the corporation.").   The Court sustained Samsung's objection to the use of non-manager, non-30b6 deposition testimony to impeach Justin Denison on these same grounds.   *See* Dkt. 1512.

Further, Apple's attempt to introduce testimony in Samsung's case that Apple should have introduced during its own case-in-chief is improper.   Apple designated Ms. Yeo's deposition testimony.   *See* Dkt. 1294-1.   By presenting this testimony during Samsung's case-in-chief under the guise of cross-examination, Apple attempts to circumvent the Court's efforts to limit the number of live and designated witnesses and its decision to close its affirmative case without calling her.   Accordingly, Samsung's objection should be sustained.

**B.     Samsung's Responses to Objections to Direct Examination Exhibits**

Apple mistakenly claims physical demonstrative DX2602 is an improper exhibit.   But Samsung offers DX2602, Tablet Mockup No. 14, solely as a demonstrative to assist the witness in illustrating his testimony and jury in understanding it.   Apple itself has used several demonstratives throughout this trial that did not appear on its exhibit list.   For example, during Mr. Schiller's testimony, Apple published PDX 13.1, a chart showing sales channels for Apple and Samsung, even though that slide was not listed as an exhibit on Apple's revised exhibit list. *See* Aug. 3, 2012 Trial Tr., 658:3-15 (The Court: "What about to the exhibit, Mr. Price, PDX 13?" Mr. McElhinny: "It's a demonstrative, Your Honor." The Court: "Okay. Go ahead."); *cf.* Dkt. 1286.   In addition, the demonstratives used during the examinations of Apple's expert witnesses routinely included background about the expert that was not contained in any exhibit on Apple's revised exhibit list and Apple often published the demonstratives as an aid to the jury. *See, e.g.,* Aug. 6, 2012 Trial Tr., 1003:6-10 (Bressler PDX 26.1); Aug. 7, 2012 Trial Tr., 1360:2-16 (Kare PDX 14.1).   DX2602 is being offered as a demonstrative in much the same way that Apple used

PDX 13 – as a demonstrative that will aid the jury, irrespective of whether it was disclosed on either party's exhibit list.

Apple's attempt to exclude JX1012, the Samsung Galaxy S Epic 4G, should also be denied. Mr. Kim is an industrial designer, responsible for the exterior design of cellular phones. (Hutnyan Decl. Ex. F (JS Kim 02/02/2012 Dep. Tr. at 9:17-18). He was deposed twice, on February 2, 2012 for this case and on February 3, 2012 for the related ITC matter. Apple first accused the Galaxy S Epic 4G with regard to anything having to do with industrial design on March 4, 2012 – four days before the close of discovery. (Hutnyan Decl. Ex. C (Apple's 03/04/2012 Amended Response to Samsung's Interrogatory No. 5)). The Epic 4G was never accused of trade dress infringement in response to any of Samsung's contention interrogatories. *Cf.* (Hutnyan Decl. Ex. J (Apple's 09/12/2011 Objections and Responses to Samsung's First Set of Interrogatories) (not identifying Epic 4G with respect to trade dress or design patents). At the time of Mr. Kim's deposition, which took place more than one month *before* the Epic 4G was at issue as to industrial design, Mr. Kim had no reason to specifically identify that device as part of his biography or design portfolio that was at issue. Mr. Kim is not testifying as an expert; he was personally involved in the design of the Epic 4G slider phone and will testify as to facts within his personal knowledge. The Court should overrule Apple's objection.

## II.  JEEYEUN WANG

### A.  Samsung's Objections to Cross Examination Exhibits

**PX 2253**.  PX 2253 should be excluded under *FRE* 401 because is not relevant to this litigation. This exhibit is a screenshot of metadata relating to PX 35. It contains no substantive information related to Apple's claims or Samsung's defenses, and makes no fact of consequence to the litigation more or less probable than it would be without it. In addition, PX 2253 should be excluded under *FRE* 403 because it is confusing, misleading and more prejudicial than probative. Ms. Wang is a fact witness with no knowledge of or experience relating to this document specifically or litigation custodial data generally. Additionally, introducing PX 2253 during her cross examination would not elicit any information from her helpful to the fact finder, and would instead confuse the witness and confuse the jury as to why this exhibit was being introduced with

her testimony.   PX 2253 would mislead the jury into thinking that Ms. Wang has knowledge about custodial metadata, or that such metadata is related to user interface design.   Questioning Ms. Wang about PX 2253 would waste the time of the court, the jury and the parties.

**PX 2255.**   Apple did not timely submit a translation of PX 2255.   The deadline for the parties to exchange translations was July 5.   Apple has still not submitted a translation of this exhibit and should not be allowed to use a 30 page untranslated Korean document less than 48 hours after disclosing it.   Additionally, Apple failed to disclose PX 2255 in response to Interrogatory Nos. 7 and 71, which called for all facts or evidence supporting Apple's claims of willfulness and copying.   (Hutnyan Decl., Exs. E, D)   Consequently Apple should be precluded from using this document to show willfulness or copying, the only purposes for which Apple could be attempting to use this document.

**B.     Samsung's Responses to Objections to Direct Examination Exhibits**

In objecting to Ms. Wang testifying about SDX3972.0023 and SDX3972.0027, Apple takes an internally contradictory position.   Apple's cross examination disclosures reveal that Apple intends to try to prove that Ms. Wang was fully aware of the iPhone.   Yet, Apple objects to demonstratives relating to the '305 patent, which Apple alleges was embodied by the original iPhone, and the iPhone 3GS, on the grounds that these demonstratives appear to relate to expert opinion.   Underlying Apple's objection is the presumption that Ms. Wang has no personal knowledge of the design of the iPhone application screen.   Apple cannot simultaneously argue that Ms. Wang has personal knowledge of the iPhone's design for purposes of cross, and that she has no knowledge for purposes of Samsung's direct examination.   In the course of Ms. Wang's work as a UX designer in the mobile device industry she has accumulated personal knowledge and perceptions relating to SDX3972.0023 and SDX3972.0027.   Additionally, these demonstratives will help the jury clearly understand her testimony and accord it the appropriate weight. SDX3972.0023 is not misleading because the jury will also be shown SDX3972.0022, the unmodified version of the D'305 patent.   And SDX3972.0027 is not misleading because the jury will also be shown SDX3972.0026, the unmodified version of the iPhone 3GS application screen. Additionally, Samsung timely disclosed theories related to SDX3972.0027 in its discussions of

02198.51855/4905702.1

-4-     Case No. 11-cv-01846-LHK
OBJECTIONS AND RESPONSES RE: (1) EXHIBITS FOR KIM, WANG, LUCENTE, SHERMAN AND KAMINS, AND (2) DEPOSITION OF FIDLER

"Icon Grid," "Size and Shape of the Icons, and "Icons" in its 3/7/12 response to Apple's Interrogatory No. 38 (Hutnyan Decl., Ex. H), and in Samsung's Answer to Apple's Amended Complaint, incorporated by reference into Samsung's 2/29/12 response to Apple's Interrogatory No. 40.   (Hutnyan Decl., Ex. I),

## III.  SAMUEL LUCENTE

### A.  Samsung's Objections to Cross Examination Exhibits

**PX 55**:   Samsung objects to Apple's use of PX 55 in its cross examination of Mr. Lucente.   PX 55 is a document that Apple argues goes to "willfulness" and "copying."  *See* Dkt. 1286, at 6.   But PX 55 was never disclosed as evidence of copying or willfulness in response to Samsung's Interrogatory No. 7, which required disclosure of "all facts supporting any contention by APPLE that Samsung has willfully infringed, diluted, or falsely designated the origin of its products for each patent, trade dress, and trademark, including when and how APPLE asserts Samsung had actual notice of the APPLE PATENTS-IN-SUIT, APPLE TRADE DRESS, and APPLE TRADEMARKS."   *See* Dkt. 1541, at 3; Dkt. 1541-9, at 6, 9.   Consistent with the Court's numerous rulings over the course of this trial, Apple should be precluded from using this undisclosed exhibit now.

This is not the first time Apple has attempted to use PX 55.   Apple offered PX 55 as evidence of alleged willfulness and copying during the direct examination of Ms. Kare.   *See* Dkt. 1462, at 4 ("These are internal Samsung documents that show Samsung's copying of Apple's graphical user interface (GUI) designs.").   Samsung objected to PX 55 at that time.   The Court sustained Samsung's objection, and precluded Apple from attempting to prove theories using facts and contentions that should have been disclosed in response to Samsung's Interrogatory No. 7, but were not.   *See* Dkt. 1563, at 4 ("Because these exhibits [PX 35 and PX 55] were not timely disclosed in response to Interrog. No. 7 regarding evidence of willfulness, they may not be used for this purpose.").   The Court should affirm that ruling again here and preclude Apple from using PX 55 to cross examine Mr. Lucente.

Apple may argue that PX 55 is admissible for some purpose other than as evidence of alleged copying or willfulness.   Such an argument should be rejected.   As the Court previously

noted, Apple's ability to use PX 55 is subject to Rule 403.  Dkt. 1563, at 4.  Apple has not suggested any other relevant alternative purpose for which it may use PX 55, and no such purpose exists.  Moreover, even if Apple could identify some relevant alternative use for the document, any relevance would be substantially outweighed by the danger of unfair prejudice, confusion, or misleading the jury.  PX 55 should therefore be excluded for this additional reason.  *See* Fed. R. Evid. 403.

**PX 160**:  PX 160 is a document created by Apple, which depicts a screenshot of the user interface of the Meizu M8, with the title "User Interface Alternative Designs."  Dr. Kare is the only sponsoring witness Apple listed for this exhibit.  Dkt. 1286, at 17.  When Apple sought to use PX 160 as an exhibit with Dr. Kare during her examination, Samsung objected because this purported "Alternative Design" was never disclosed in response to Samsung's Interrogatory No. 72 (Dkt. 935-08, at 94), even though Apple disclosed other user interface designs it argued were functional alternatives to the D'305 design.  *See* 8/7/12 Tr. at 1403:7-13.  Apple withdrew PX 160 in light of the Court's ruling only moments before that another undisclosed exhibit (the Nokia N9, PX 159) was inadmissible due to Apple's failure to identify it in response to Interrogatory No. 72.  *See* 8/7/12 Tr. at 1401:22-1402:7.  In excluding PX 159 as never disclosed in response to Samsung's interrogatories, the Court expressly rejected Apple's argument that disclosure in an expert report provided sufficient notice.  *See id.*  Despite the Court's rulings, Apple now attempts to introduce this exhibit through Mr. Lucente.  While the witness has changed, Apple's failure to disclose this document during fact discovery has not.  Thus, the Court should reaffirm its earlier ruling by excluding PX 159.

**B.  Samsung's Responses to Objections to Direct Examination Exhibits**

**SDX3970.08:**  Apple's objection to SDX 3970.08 on the basis that it "make[s] clear that Mr. Lucente intends to opine on Apple's trade dress" is unfounded.  Apple contends, without basis, that Mr. Lucente will rely on the opinions of Messrs. Mantis and Mazis, "who have not been disclosed as trial witnesses."  Apple is wrong.  Messrs. Mantis and Mazis are survey experts whose opinions relate to issues of trade dress infringement and dilution.  By contrast, Mr. Lucente's testimony with respect to Apple's asserted trade dress will be directed to issues of

functionality.   Whether a trade dress is invalid as functional is unrelated to the separate issues of whether that trade dress has been infringed or diluted.   Mr. Lucente's trade dress functionality opinion does not depend on or relate to the opinions proffered by Messrs. Mantis and Mazis. And there is nothing in SDX 3970.08 to suggest that it does.   Apple's objection to SDX 3970.08 should therefore be overruled.

**SDX 3970.02-.07**:   Apple argues that six demonstrative exhibits (SDX 3964.02-.07) are objectionable because the titles are allegedly misleading.   The title of each slide reads simply: "D'305 Patent – Functional Elements."   They do not purport to recite a legal standard.   And Apple's suggestion that particular elements of its asserted design may not be considered in the overall analysis of functionality is mistaken.   *See Richardson v. Stanley Works, Inc.*, 597 F.3d 1288, 1293 (Fed. Cir. 2010) ("[W]e have made clear that a design patent, unlike a utility patent, limits protection to the ornamental design of the article."); *OddzOn Products, Inc. v. Just Toys, Inc.*, 122 F.3d 1396, 1405 (Fed. Cir. 1997) ("The patentee 'must establish that an ordinary person would be deceived by reason of the common features in the claimed and accused designs which are ornamental.'") (*quoting Read Corp. v. Portec, Inc.*, 970 F.2d 816, 825 (Fed. Cir. 1992)). Thus, Apple's objection should be overruled.

## IV.   ITAY SHERMAN

### A.   Samsung's Objections to Cross Examination Exhibits

**PX151**:   In response to Samsung Interrogatory Nos. 68 and 72, Apple identified certain "alternative designs" as evidence that the iPhone design patents and trade dress are allegedly not functional.   (Dkt. 935-08 at 61-64; 94-96).   But Apple never disclosed the LG Optimus T, now marked as PX 151.   Nor was the LG Optimus T produced for inspection during fact discovery. *FRCP* 37(c)(1) prevents Apple from introducing evidence of "alternative designs" that it failed to produce during discovery and did not disclose in response to Samsung's contention interrogatories.   The Court has repeatedly recognized this principle over the course of this trial. *See, e.g.*, Dkt. No. 1563 at 2-3 (sustaining objections to PX4, PX152, PX197, and PX198); 08/07/2012 Tr. at 1401:19-1407:3 (excluding "alternative designs" not disclosed in response to contention interrogatories).   Because it was not timely disclosed, Apple should not now be

permitted to rely on the LG Optimus T as an "alternative design" in support of its validity and infringement claims.

Moreover, even if Apple could suggest some alternative purpose for its use of the LG Optimus T, any marginal relevance would be substantially outweighed by the danger of unfair prejudice to Samsung.  PX151 should therefore be excluded for this additional reason as well. See FRE 403.

NDCA Deposition of Robert Anders (11-cv-1846):  Apple improperly seeks to cross-examine Mr. Sherman with the deposition testimony of a different expert, Robert Anders. Mr. Sherman did not review or rely on the opinions of Mr. Anders in reaching his conclusions regarding the invalidity of Apple's design patents.  Mr. Sherman did not review the Anders expert reports or Mr. Anders' deposition testimony. The Anders deposition is not in evidence. And the transcript is hearsay that does not fall within any exception.  FRE 804(b).  Moreover, any use of the Anders deposition to cross-examine a different witness does not comport with any of the uses permitted by FRCP 32.

The Court has sustained similar objections in response to Apple's previous attempts to cross-examine Samsung witnesses with the deposition testimony of other witnesses.  See Dkt. No. 1690 at 6; Dkt. No. 1512 at 5-6.  Other courts have consistently recognized that expert testimony and reports are hearsay and inadmissible as impeachment evidence.  See In re Hanford Nuclear Reservation Litig., 534 F.3d 986, 1012 (9th Cir. 2008) (granting new trial because statement of plaintiff's expert in deposition testimony "should not have been used to impeach [defendant's expert] because they were inadmissible hearsay on which [defendant's expert] did not rely"); Wilson v. Hartford Ins. Co. of the Midwest, No. 10-993, 2011 WL 2670199, at *2-3 (W.D. Wash. 2011) (granting motion to exclude expert reports as hearsay); Bobb v. Modern Products, Inc., 648 F.2d 1051, 1055-56 (5th Cir. 1981) (cross-examination of a witness using an expert report improper and reversible error).

Further, because this testimony was not relied upon by Mr. Sherman and is not relevant in any way to his opinions, any probative value of the testimony would be far outweighed by its prejudicial effect and the likelihood that it will confuse the jury.  See FRE 403.

### B. Samsung's Responses to Objections to Direct Examination Exhibits

JX1093:   In its latest objection to JX1093, the LG Prada, Apple seeks to revisit – and have the Court again reconsider – what it has already decided.   The Court's ruling on Apple's Motion in Limine No. 3 was clear: "Prada may be admissible as a prior art reference under 35 U.S.C. § 102."   (Dkt. 1267 at 3).   The Court denied Apple's motion to exclude this reference as prior art and specifically held that it was admissible under § 102.   See id.   The Court confirmed its ruling on MIL 3 when JX1093 was admitted into evidence during the testimony of Apple's expert witness, Peter Bressler.   There, the Court again denied Apple's objection and admitted the LG Prada consistent with its ruling on MIL 3.   In ruling on MIL 3, the Court made no mention of a limiting instruction.   Instead, Apple now seeks to rewrite the record by insisting on unfounded limitations to the use of this prior art reference.   Thus, Apple's objection should be overruled and Samsung should be permitted to use this prior art – which has already been admitted into evidence – during the testimony of its invalidity expert, Mr. Sherman.

DX562:   Pursuant to several previous orders of the Court, DX562 is admissible for purposes of functionality, and this is precisely the reason Samsung seeks to use this document with Mr. Sherman.   Indeed, DX562 was discussed in the functionality section of Mr. Sherman's expert report (Dkt. 939-4, Ex. 27 at 96-97), and the Court has repeatedly ruled that DX 562 is admissible for purposes of proving functionality.   (Dkt. 1519 at 2; Dkt. 1545 at 11).   Apple admits that DX562 can be used for functionality purposes, but argues that Samsung failed to disclose this document in response to Interrogatory Nos. 38 and 40.   As Apple is well aware, the reason Samsung was not able to disclose DX562 in response to any interrogatories was because Apple failed to produce this key document until the very last day of fact discovery.   See Dkt. 1431 at 6.   Therefore, Apple's objection should be given no weight, and the Court should uphold its prior rulings and allow Mr. Sherman to discuss DX562 in the context of functionality.

## V. MICHAEL KAMINS

### A. Samsung's Objections to Cross Examination Exhibits

Samsung objects to the title of PDX51.1 as it is inconsistent with the summary of claims previously provided to the jury and would serve to confuse and mislead them.   FRE 403.

1  PDX51.1 should be consistent with the title of the trade dress descriptions that Apple has
2  submitted for the juror binders which contain the statement "Apple alleges, and Samsung denies,
3  that Samsung has infringed and/or diluted the following unregistered trade dresses claimed by
4  Apple." (Emphasis added.)   Apple's current title, "Combination iPhone trade dress (iPhone /
5  iPhone 3G / iPhone 4)," omits the language "claimed by Apple" and will be confusing and
6  misleading to a juror because it suggests that Apple has already proven the elements of its trade
7  dress, when that is not the case, and the jury will ultimately decide whether Apple has any
8  protectable trade dress elements.   In order to minimize any confusion, Apple should add "claimed
9  by Apple" to the end of the title of its slide.

## VI. ROGER FIDLER DEPOSITION DESIGNATIONS

### A. Samsung's Objections to Counter-Designations

On July 18, 2012, the Court ordered that the parties would be limited to designating testimony from a total of 45 deposition witnesses, and that the total designations would be 25 hours per side.   (Dkt. 1267 at 2)   The parties complied with this Order by exchanging deposition designations within these limits, and filed their designations with the Court on July 23, 2012. (Dkt. 1284 (Samsung), Dkt. 1287 (Apple))

Samsung disclosed videotape testimony from the deposition of Roger Fidler that Samsung intends to play in Court.   In a clear violation of the Court-ordered process of exchanging designations and the Court's limitations on the amount of deposition testimony that could be designated by a party, Apple has disclosed counter-designations that are mostly testimony that neither party designated before trial.   The following deposition excerpts are all outside the scope of the original designations and Apple should be precluded from playing these clips as counters to the properly designated testimony of Mr. Fidler offered by Samsung:

```
17:13-17:21
18:8-18:15
32:24-33:9
47:15-22
48:16-17
159:22-159:25
160:7-160:15
167:23-168:9
169:1-169:13
```

```
211:3-211:10
212:9-212:14
```

Permitting Apple to display this previously undesignated testimony for the jury would render the Court's order meaningless and would be prejudicial to Samsung. Accordingly, Samsung requests that the Court strike these untimely and previously undisclosed deposition designations.

### B.  Samsung's Responses Regarding Designations

Apple asserts two high priority objections in regard to a passage of the deposition testimony and to one exhibit Samsung intends to introduce through Mr. Fidler's deposition testimony. First, Apple argues that testimony by Mr. Fidler regarding Apple employee's knowledge of his tablet designs and concepts should be excluded as an "Apple copied" theory, which Apple suggests the Court has excluded previously. Regardless of any previous rulings, the testimony at issue here involves no claim whatsoever that Apple copied Mr. Fidler's designs. The testimony in its entirety is as follows:

> Q. Okay. So the last sentence in paragraph thirteen says members of the Apple Lab viewed this tablet shortly after its creation.
> A. Uh-huh.
> Q. Do you see that sentence?
> A. Uh-huh. That's correct.
> Q. So they viewed the black 1994 prototype that you brought with you today?
> A. Uh-huh. That's correct.

(Hutnyan Decl., Ex. B Deposition of Roger Fidler dated September 23, 2011 ("Fidler Dep.") at 208:15 – 23). This testimony neither states nor even suggests that Apple copied anything. Mr. Fidler's testimony is relevant to show Apple had notice of his designs, but there is no claim of copying in this short excerpt attacked by Apple. The Court should disregard Apple's unfounded claim of prejudice.

Second, Apple asserts that DX689 is a hearsay document that was "not produced" during discovery. In fact, DX689 is the sworn declaration and exhibits submitted by Mr. Fidler in the present case on August 16, 2011, (Dkt. 166) which in turn were marked by Apple as Exhibit 245 in Mr. Fidler's September 23, 2011 deposition and ratified as his signed declaration. (Hutnyan

Decl., Ex. B (Fidler Dep. at 11-12); Hutnyan Decl., Exh. A (Fidler Decl. 245)). It is hard to understand what Apple means when it claims that the declaration and exhibits were "not produced" in this action. Apple examined Mr. Fidler about them in great detail, exhibit by exhibit, and cannot assert it was not aware of the contents of the declaration and exhibits.

Mr. Fidler resides outside this jurisdiction, and is unavailable to testify live at trial. Samsung is therefore permitted to play his deposition for the jury and to introduce documents and things for which his deposition provides a foundation. If Mr. Fidler were available, then he could testify to the matters set forth in his sworn declaration and he could have laid the foundation the exhibits as he did in his deposition. Given Apple's unfettered opportunity to examine Mr. Fidler about the statements in his declaration and the exhibits, Apple cannot reasonably claim any prejudice from allowing this highly probative evidence of prior art and notice by Apple of that prior art. Thus, Samsung respectfully requests that the Court overrule Apple's objection and move DX689 into evidence after Mr. Fidler's testimony is played before the jury.

DATED: August 13, 2012

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Victoria F. Maroulis*
Victoria F. Maroulis
Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

02198.51855/4905702.1

-12-      Case No. 11-cv-01846-LHK
OBJECTIONS AND RESPONSES RE: (1) EXHIBITS FOR KIM, WANG, LUCENTE, SHERMAN AND KAMINS, AND (2) DEPOSITION OF FIDLER