# EXHIBIT E

**SUBJECT TO PROTECTIVE ORDER; CONTAINS HIGHLY CONFIDENTIAL –
OUTSIDE ATTORNEY'S EYES ONLY INFORMATION**

HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
JENNIFER LEE TAYLOR (CA SBN 161368)
jtaylor@mofo.com
ALISON M. TUCHER (CA SBN 171363)
atucher@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
JASON R. BARTLETT (CA SBN 214530)
jasonbartlett@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>　　　　　Defendants. | Case No.　11-cv-01846-LHK (PSG)<br><br>**APPLE INC.'S CORRECTED AMENDED OBJECTIONS AND RESPONSES TO SAMSUNG ELECTRONICS CO. LTD.'S INTERROGATORY NOS. 4, 6, 7, 16, 17, 18 TO APPLE INC.** |

**SUBJECT TO PROTECTIVE ORDER; CONTAINS HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEY'S EYES ONLY INFORMATION**

1  In accordance with Federal Rule of Civil Procedure 33(d), Apple refers to the following documents because the burden of deriving or ascertaining the answer to this Interrogatory from the produced business records is substantially the same for Apple as for Samsung:  APLNDC-X0000007220, APLNDC00013715, and APLNDC00013690.

**INTERROGATORY NO. 7:**

Separately for each of the APPLE PATENTS-IN-SUIT, APPLE TRADE DRESS and APPLE TRADEMARKS state all facts supporting any contention by APPLE that Samsung has willfully infringed, diluted, or falsely designated the origin of its products for each patent, trade dress, and trademark, including when and how APPLE asserts Samsung had actual notice of the APPLE PATENTS-IN-SUIT, APPLE TRADE DRESS, and APPLE TRADEMARKS.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 7:**

Apple objects to this Interrogatory as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Apple objects to this Interrogatory as premature to the extent that it: (a) conflicts with the schedule entered by the Court, (b) conflicts with the obligations imposed by the Federal Rules of Civil Procedure, the Civil Local Rules and/or the Patent Local Rules of this Court, and/or any other applicable rule; (c) seeks information that is the subject of expert testimony; (d) seeks information and/or responses that are dependent on the Court's construction of the asserted claims of the patents-in-suit; or (e) seeks information and/or responses that are dependent on depositions and documents that have not been taken or produced.  Apple further objects to this Interrogatory to the extent it seeks information that: (i) requires the disclosure of information, documents, and things protected from disclosure by the attorney-client privilege, work product doctrine, common interest doctrine, joint defense privilege, or any other applicable privilege, doctrine, or immunity; (ii) would require Apple to draw a legal conclusion to respond; (iii) is outside of Apple's possession, custody, or control; or (iv) can be obtained as easily by Samsung, is already in Samsung's possession, or is publicly available.

Subject to and incorporating its General Objections and its specific objections, Apple responds as follows:

APPLE'S CORRECTED AMENDED OBJECTIONS AND RESPONSES TO SAMSUNG'S INTERROGATORY NOS. 4, 6, 7, 16, 17, 18 — CASE NO. 11-CV-01846 LHK (PSG)
sf-3115679

6

**SUBJECT TO PROTECTIVE ORDER; CONTAINS HIGHLY CONFIDENTIAL –
OUTSIDE ATTORNEY'S EYES ONLY INFORMATION**

Samsung manufactured, distributed, imported into the United States, used in the United States, offered for sale in the United States, and sold in the United States products that infringed the Apple patents, trade dress, and trademarks at issue in this lawsuit despite an objectively high likelihood that its actions constituted infringement of valid patents, trade dress, and trademarks. Moreover, this objectively high likelihood of infringement was known to Samsung, or so obvious that it should have been known to Samsung. Samsung's objectively reckless infringement of the Apple patents, trade dress, and trademarks at issue in this lawsuit began before Apple commenced this action and continues to this day. There is no objectively reasonable non-infringement argument with respect to the accused products; nor is there any objectively reasonable argument that the Apple patents, trade dress, and trademarks at issue in this lawsuit are invalid.

For instance, starting in July 2010, Apple representatives provided notice to Samsung that it infringed Apple's patents and designs. On or about August 4, 2010, Apple representatives met with Samsung in Korea and showed a presentation titled "Samsung's Use of Apple Patents in Smartphones." This presentation emphasized Samsung's copying of the iPhone and identified two of the patents-in-suit (the '002 and '381 patents), giving Samsung actual notice of at least these patents, and many more.

On or about August 26, 2010, Apple sent Samsung an electronic archive file containing claim charts further illustrating Samsung's infringement of Apple patents. A presentation document that accompanied these claim charts identified the '002 and '381 patents as two patents that Samsung products infringed, and it substantiated these allegations with text from the patents and photographs of Samsung devices illustrating infringing functionality. Apple later presented these slides to Samsung at a meeting in Cupertino, California on or about September 9, 2010.

Moreover, even after Samsung indisputably had actual notice of its infringement of all of the Apple patents-in-suit as a result of the filing of this lawsuit, it continued the development, manufacture, importation, distribution and sale of electronic devices as to which there was no objectively reasonable theory of non-infringement. Samsung continues its willful infringing activities to the present.

APPLE'S CORRECTED AMENDED OBJECTIONS AND RESPONSES TO SAMSUNG'S INTERROGATORY NOS. 4, 6, 7, 16, 17, 18 — CASE NO. 11-CV-01846 LHK (PSG)
sf-3115679

7

1  During the August 4, 2010 presentation mentioned above, Apple also informed Samsung that Samsung's smart phones were infringing Apple's designs.

Moreover, with respect to the design patents-in-suit, and specifically with respect to D'889, Samsung was aware of this patent at least as early as April 14, 2008 when it was cited during the prosecution of U.S. Design Patents Nos. D578,983 and D583,342, which are assigned to Samsung. The D'889 was also cited during the prosecution of U.S. Design Patents Nos. D632,688 and D635,976. Specifically with respect to the D'790 patent, Samsung was aware of this patent at least as early as February 3, 2011 when it was cited during the prosecution of U.S. Design Patent No. D634,734, which is assigned to Samsung. Specifically with respect to the D'305 patent, Samsung was aware of this patent at least as early as November 27, 2009 when it was cited during the prosecution of U.S. Design Patent No. D618,700, which is assigned to Samsung. Moreover, there is substantial evidence of Samsung's copying of Apple's iPhone and iPad products, as shown by the numerous design similarities between Apple's and Samsung's phone and tablet products.

Furthermore, with respect to the trade dress and trademarks asserted in the lawsuit, Apple announced the original iPhone on January 9, 2007 and released the product on June 29, 2007; Apple announced the iPhone 3G on June 9, 2008 and released the product on July 11, 2008; Apple announced the iPhone 3GS on June 8, 2009 and released the product on June 19, 2009; and Apple announced the iPhone 4 on June 7, 2010 and released the product on June 24, 2010. Samsung was put on notice of Apple's distinctive Original iPhone Trade Dress, iPhone 3G Trade Dress, iPhone 4 Trade Dress, and iPhone Trade Dress upon the announcements of these respective products. Samsung was put on notice of the trade dress shown in the Trade Dress Registrations upon the announcement of the original iPhone. Samsung was put on notice of the trade dress shown in U.S. Application Serial No. 85/299,118 upon the announcement of the iPhone 4. Apple announced the iPad on January 27, 2010 and released the product on April 3, 2010, and Apple announced the iPad 2 on March 2, 2011 and released the product on March 11, 2011. Samsung was put on notice of Apple's distinctive iPad Trade Dress and the trade dress shown in U.S. Application Serial Nos. 77/921,838, 77/921,829, and 77/921,869 upon the

APPLE'S CORRECTED AMENDED OBJECTIONS AND RESPONSES TO SAMSUNG'S INTERROGATORY NOS. 4, 6, 7, 16, 17, 18 — CASE NO. 11-CV-01846 LHK (PSG)
sf-3115679

8

**SUBJECT TO PROTECTIVE ORDER; CONTAINS HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEY'S EYES ONLY INFORMATION**

announcement of the iPad, and it was put on notice of Apple's distinctive iPad 2 Trade Dress upon the announcement of the iPad 2.  Samsung was put on notice of the marks shown in U.S. Registration Nos. 3,886,196; 3,889,642; 3,886,200; 3,889,685; and 3,886,169 upon the announcement of the original iPhone.  Samsung was put on notice of the mark shown in U.S. Registration No. 3,886,197 at least as early as June 19, 2009.  Samsung was put on notice of the Purple iTunes Store Trademark at least as early as June 2008.  Samsung was put on notice of the iTunes Eighth Note and CD Design Trademark at least as early as January 9, 2001.

In accordance with Federal Rule of Civil Procedure 33(d), Apple refers to the following documents because the burden of deriving or ascertaining the answer to this Interrogatory from the produced business records is substantially the same for Apple as for Samsung:

SAMNDCA00036232, SAMNDCA00176053, SAMNDCA00191811, SAMNDCA00196646, SAMNDCA00201351, SAMNDCA00201771, SAMNDCA00202212, SAMNDCA00202336, SAMNDCA00203016, SAMNDCA00203092, SAMNDCA00203268, SAMNDCA00203727, SAMNDCA00203811, SAMNDCA00203880, SAMNDCA00214274, SAMNDCA00217372, SAMNDCA00221705, SAMNDCA00228887, SAMNDCA00228934, SAMNDCA00228981, SAMNDCA00229011, SAMNDCA00229396, SAMNDCA00229399, SAMNDCA00229410, SAMNDCA00229440, SAMNDCA00229449, SAMNDCA00232190, SAMNDCA00237929, SAMNDCA00237976, SAMNDCA00238251, SAMNDCA00238432, SAMNDCA00249029, SAMNDCA00251506, SAMNDCA00507826, SAMNDCA00508318, SAMNDCA00512454, SAMNDCA00514511, SAMNDCA00514571, SAMNDCA00515899, SAMNDCA00525347, SAMNDCA00530675, SAMNDCA00533129, SAMNDCA00533366, SAMNDCA10042955, SAMNDCA10154003, SAMNDCA10190890, SAMNDCA10244357, SAMNDCA10244604, SAMNDCA10247373, SAMNDCA10247537, SAMNDCA10247549, SAMNDCA10275576, SAMNDCA10403697, SAMNDCA10524415, SAMNDCA10806650, SAMNDCA10806707, SAMNDCA10807316, SAMNDCA10807388, SAMNDCA10808682, SAMNDCA10809390, SAMNDCA10809734, SAMNDCA10824971, all documents referenced in Apple's briefing on its motion for sanctions, all documents that Samsung has produced, and continues to produce,

APPLE'S CORRECTED AMENDED OBJECTIONS AND RESPONSES TO SAMSUNG'S INTERROGATORY NOS. 4, 6, 7, 16, 17, 18 — CASE NO. 11-CV-01846 LHK (PSG)
sf-3115679

9

SUBJECT TO PROTECTIVE ORDER; CONTAINS HIGHLY CONFIDENTIAL –
OUTSIDE ATTORNEY'S EYES ONLY INFORMATION

evidencing comparisons, analyses, studies, teardowns, and investigations of Apple products, and other documents produced late by Samsung that Apple is still in the process of reviewing.

**INTERROGATORY NO. 16:**

IDENTIFY all facts RELATING TO studies, including formal or informal analysis, investigation, surveys, focus groups, consumer research, or other information or reports that relate to, support, or refute YOUR claims in this action, including, for each such study, when it was commissioned, conducted, and completed, by whom it was conducted, and its conclusions.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 16:**

Apple objects to the phrases "all facts RELATING TO studies" and "formal or informal analysis" as vague and ambiguous. Apple objects to this Interrogatory as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, especially because it requests the identification of "all facts RELATING TO . . . analysis, investigation . . . or other information or reports that relate to . . . YOUR claims." Apple objects to this Interrogatory as premature to the extent that it: (a) conflicts with the schedule entered by the Court, (b) conflicts with the obligations imposed by the Federal Rules of Civil Procedure, the Civil Local Rules, and/or any other applicable rule; (c) seeks information that is the subject of expert testimony; or (d) seeks information and/or responses that are dependent on depositions and documents that have not been taken or produced. Apple objects to this Interrogatory to the extent it seeks information that: (i) requires the disclosure of information, documents, and things protected from disclosure by the attorney-client privilege, work product doctrine, common interest doctrine, joint defense privilege, or any other applicable privilege, doctrine, or immunity; (ii) is outside of Apple's possession, custody, or control; or (iii) can be obtained as easily by Samsung, is already in Samsung's possession, or is publicly available.

Subject to and incorporating its General Objections and its specific objections, in accordance with Federal Rule of Civil Procedure 33(d), Apple refers to the following documents because the burden of deriving or ascertaining the answer to this Interrogatory from the produced business records is substantially the same for Apple as for Samsung: Market and consumer studies produced by Apple, including APLNDC-X0000313770-314368; APLNDC-

APPLE'S CORRECTED AMENDED OBJECTIONS AND RESPONSES TO SAMSUNG'S INTERROGATORY NOS. 4, 6, 7, 16, 17, 18 — CASE NO. 11-CV-01846 LHK (PSG)
sf-3115679

10

**SUBJECT TO PROTECTIVE ORDER; CONTAINS HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEY'S EYES ONLY INFORMATION**

1 | SAMNDCA00229410, SAMNDCA00229440, SAMNDCA00229449, SAMNDCA00232190,
2 | SAMNDCA00237929, SAMNDCA00237976, SAMNDCA00238251, SAMNDCA00238432,
3 | SAMNDCA00249029, SAMNDCA00251506, SAMNDCA00507826, SAMNDCA00508318,
4 | SAMNDCA00512454, SAMNDCA00514511, SAMNDCA00514571, SAMNDCA00515899,
5 | SAMNDCA00525347, SAMNDCA00530675, SAMNDCA00533129, SAMNDCA00533366,
6 | SAMNDCA10042955, SAMNDCA10154003, SAMNDCA10190890, SAMNDCA10244357,
7 | SAMNDCA10244604, SAMNDCA10247373, SAMNDCA10247537, SAMNDCA10247549,
8 | SAMNDCA10275576, SAMNDCA10403697, SAMNDCA10524415, SAMNDCA10806650,
9 | SAMNDCA10806707, SAMNDCA10807316, SAMNDCA10807388, SAMNDCA10808682,
10 | SAMNDCA10809390, SAMNDCA10809734, SAMNDCA10824971, APLNDC-Y0000056158,
11 | APLNDC-Y0000054603-55359, APLNDC-Y0000054364-54602, all documents referenced in
12 | Apple's briefing on its motion for sanctions, all documents that Samsung has produced, and
13 | continues to produce, evidencing comparisons, analyses, studies, teardowns, and investigations of
14 | Apple products, and other documents produced late by Samsung that Apple is still in the process
15 | of reviewing.

16 | Dated: March 9, 2012                MORRISON & FOERSTER LLP

18 |                                     By:  /s/ Richard S.J. Hung
19 |                                          RICHARD S.J. HUNG
20 |                                     Attorneys for Plaintiff
                                         APPLE INC.

APPLE'S CORRECTED AMENDED OBJECTIONS AND RESPONSES TO SAMSUNG'S INTERROGATORY NOS. 4, 6, 7, 16, 17, 18 — CASE NO. 11-CV-01846 LHK (PSG)
sf-3115679

15

**CERTIFICATE OF SERVICE BY ELECTRONIC SERVICE**
[Code Civ. Proc sec. 1010.6]

I declare that I am employed with the law firm of Morrison & Foerster LLP, whose address is 425 Market Street, San Francisco, California 94105-2482. I am not a party to the within cause, and I am over the age of eighteen years.

I further declare that on March 9, 2012, I served a copy of:

**APPLE INC.'S CORRECTED AMENDED OBJECTIONS AND RESPONSES TO SAMSUNG ELECTRONICS CO. LTD.'S INTERROGATORY NOS. 4, 6, 7, 16, 17, 18 TO APPLE INC.**

by electronically mailing a true and correct copy through Morrison & Foerster LLP's electronic mail system to the e-mail address(es) set forth below, or as stated on the attached service list per agreement in accordance with Code of Civil Procedure section 1010.6.

| | |
|---|---|
| Charles K. Verhoeven<br>charlesverhoeven@quinnemanuel.com | Kevin P.B. Johnson<br>kevinjohnson@quinnemanuel.com |
| Victoria F. Maroulis<br>victoriamaroulis@quinnemanuel.com | Michael T. Zeller<br>michaelzeller@quinnemanuel.com |
| Edward J. DeFranco<br>eddefranco@quinnemanuel.com | Margret M. Caruso<br>margretcaruso@quinnemanuel.com |
| Todd M. Briggs<br>toddbriggs@quinnemanuel.com | Rachel H. Kassabian<br>rachelkassabian@quinnemanuel.com |

I declare under penalty of perjury that the foregoing is true and correct. Executed at San Francisco, California on March 9, 2012.

*/s/ Cyndi Knisely*
Cyndi Knisely