# EXHIBIT H

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY INFORMATION**

.QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>　　　　　Defendant. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S OBJECTIONS AND RESPONSES TO APPLE INC.'S TENTH SET OF INTERROGATORIES (NOS. 27-38)**<br><br>**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY UNDER THE PROTECTIVE ORDER** |

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY INFORMATION**

**INTERROGATORY NO. 38:**

Describe the functional benefit of every element of Apple's Asserted Design Patents that Samsung alleges is functional and identify every document supporting Samsung's claim.

**RESPONSE TO INTERROGATORY NO. 38:**

In addition to its General Objections above, which it hereby incorporates by reference, Samsung objects to this interrogatory on the grounds that it is vague, ambiguous, and overbroad, and not reasonably calculated to lead to the discovery of admissible evidence.   Samsung further objects to this interrogatory to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity.   Samsung further objects to this interrogatory as premature since document production is still ongoing.   Samsung further objects to the terms "functional benefit" as vague and ambiguous.   Samsung further objects to this interrogatory to the extent it prematurely calls for expert testimony or opinions at this stage of litigation.   Samsung will provide such contentions in accordance with the Court's Minute Order and Case Management order, dated August 25, 2011.

Subject to the foregoing general and specific objections, Samsung responds as follows:

At least the following elements of Apple's Asserted Design Patents for electronic devices are functional for the following reasons:

- Overall industrial design – As Apple's lead designer publicly stated with regard to the iPhone, everything in the design defers to the display, which is the primary means of interacting with the devices.   A design that defers to the display is functional because it maximizes the purpose of the device.
- Lack of Ornamentation – The lack of ornamentation is functional because it reduces clutter that might distract from the display, which is the primary means of use of the device.   A lack of ornamentation is also fundamentally unprotectable as it reflects the absence of "ornamental" design, which is what design patent law protects.

SUBJECT TO PROTECTIVE ORDER
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY INFORMATION**

- Surface Flatness – The flat surface is functional because having a single surface minimizes the chances of dust or water encroachment and makes it easier to keep the surface clean.  Further, the lack of raised keys or buttons reduces the chance of inadvertent transmissions from such keys.   The flat surface is functional because the device employs touch input as the primary input method, and in order for human fingers to glide over the glass surface, it makes sense to make the surface flat to reduce the stress on the fingers.   The touch sensors that are underneath the glass covering also requires the glass to be flat, as the sensors need the uniform thickness of the glass to function correctly.   Also, the transparent glass covering on top of the display needs to be flat so that the display will be shown without any distortion created by an uneven surface.

- Surface Transparency – Any permanent covering over a display screen must be transparent to allow for viewing of the underlying screen.

- Blackness of Surface – Black is a particularly useful color for the surface of a mobile device because it efficiently hides the wiring and electronic components underlying the surface; it makes it easier to determine if the display of the device is turned on or off; it minimizes the appearance of the phone, making it seem smaller and less prominent than a bright color would; and it provides a sharply-defined contrast to edge of the screen that helps the content of the display screen stand apart from whatever context the device is in.   The strong contrast also helps increase the saturation of the colors of the display screen, creating a finer impression of the quality of the display screen.

- Rectangular Shape – The rectangular shape follows naturally from the standard shape for reading media and viewing screens, and from the LCD components used in electronic devices.   Thus, to eliminate wasted "space" on the device, the functional solution is a design in which components, such as speaker and antennae, are situated around the display screen, which results in substantially similar shape

SUBJECT TO PROTECTIVE ORDER
CONTAINS HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY INFORMATION

as the display screen.  Further, the rectangular shape is a convenient shape for being held by a human hand.

- Inset Display Screen – An inset display screen is functional because display screens for mobile devices require active components and wiring, including components that activate the display.  These components force the actual size of the glass covering the display to be slightly larger than the active display screen area.  The space of the borders above or below the display screen accommodates the controller components.  In a phone, placing these components to the right and/or left of the display screen instead of below and above it would result in a phone device with an unnecessarily wide body and an awkward orientation for holding a phone.  The side borders are also necessary to hide some of these components in a minimum amount of space.  It is not feasible to eliminate the side borders altogether, or widen the side borders without adding to the width of the phone or reducing the size of the display screen.  Further, standard display screens for mobile devices are made of a relatively fragile material that needs to be protected. To be a viable commercial product, a mobile device needs to tolerate, to some extent, drops and casual hits.  Maintaining a border between the display and the exterior surface of the device functions to protect the display by absorbing the energy of such impacts directly.

- Centered Display Screen – A centered display screen is functional because it enables the user to easily use the device with any of its four edges oriented on top, without suggesting to the user any specific preferred orientation.

- Rounded Corners – Rounded corners eliminate snagging on clothing and bags, and reduce the risk of injury to the user.  Further, rounded corners are more comfortable to hold in the hand or place against the ear.  Rounded corners also make the device more durable.  Pointed or sharp corners on designs are mechanical weak points and they may bend, snag, or break with the application of relatively little force.  Rounded corners, on the other hand, are more robust and

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY INFORMATION**

1   less likely to break.   In addition, rounded corners are easier and more reliable to
2   manufacture.
3   • Shape and Orientation of Receiver Hole (i.e., Ear Hole) – Horizontal receiver
4   openings are commonly used because they enhance the sound leaving the slot.
5   Slim horizontal receiver hole shapes also help minimize the overall length of
6   phones without requiring a smaller active area   Relatively thin horizontal receiver
7   holes also compromise the structural integrity of the front face less than larger
8   holes.   The rounded edges of the hole are naturally formed by the rotating action of
9   the drill bit used to create the holes.
10  • Placement of Receiver Hole – The placement of the receiver hole on the upper
11  portion of the front face of a phone naturally aligns with the human ear when the
12  phone is held to the face.   Horizontally symmetrical placement facilitates use of
13  the phone in either the right or left hand, and because it is elongated it allows the
14  user some flexibility in where he or she holds the phone.   Placement of the
15  receiver hole also must align with the companion receiver and speaker unit within
16  the phone.   Given the size of those components, a receiver hole may not fit
17  properly against the very top edge of the phone, particularly one with a narrow rim.
18  • Borders Around the Screen – The borders around the display screen are also
19  functional elements of the design.   The borders surrounding the screen act as a
20  mask to hide components, including cables, connectors, glue, and the style or
21  manner of attachment used to hold the screen in place.   Unless these components
22  could be eliminated, the borders cannot be eliminated.   Nor is there much leeway
23  for adjusting the respective sizes of the borders without creating an awkward shape
24  for using the device or needlessly increasing its size.   Further, the borders allow a
25  user to rest his or her fingers along the edge of the device without touching and
26  potentially inadvertently activating the active area of the screen.
27  • Touchscreen Size and Placement – The size and placement of the display screen is
28  also a functional aspect of the design.   Touchscreen technology allowed for the

SUBJECT TO PROTECTIVE ORDER
CONTAINS HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY INFORMATION

1  removal of buttons from the front surface to eliminate visual clutter.   Vertical and
2  horizontal placement of the touchscreen also helps minimize the overall size given
3  natural and necessary component placement.   Horizontally symmetrical placement
4  also facilitates use of the device in either the right or left hand.

- Bezel – A bezel is functional in that it surrounds the front face of the device and joins and holds together the front and back pieces of the device.   It can also serve to protect the front surface and display screen of the device.
- Rim Around the Front Surface – A rim is functional because it holds in place the front surface.   Because leaving any part of glass edges exposed would expose the front surface to cracking or scratching, the rim surrounding the front surface functions to protect it.
- Thinness – The relative thinness of an electronic device's depth is functional because being thin facilitates the mobility and portability of the tablet.

At least the following elements of Apple's Asserted Design Patents for graphical user interfaces are functional for the following reasons:

- Icon Grid – The grid of icons is functional because it serves as an organizational structure that allows a user to see and understand information quickly.   The spacing of the icons within the grid is functional because it allows a human finger better to select only a single icon at a time.   The total number of icons in the grid is kept to a manageable number for ease of use.
- Size and Shape of the Icons –   The size and shape of the icons are functional because they allow maximum number per screen while allowing a human finger better to select only a single icon at a time.
- Icons – The icons themselves are functional because they are metaphors for the function the user wishes to access.   In other words, the icons are descriptive of the applications and/or features that they activate, thus they are functional.   Further, the use of multiple colors in the icons is functional because it differentiates the functions of the icons and differentiates one icon from those adjacent to it.

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY INFORMATION**

- Words Under the Icons – The words underneath each icon reinforce the functionality of that icon by providing additional description of it.
- Dots on the Lower Portion of the Screen – The dots at the bottom of the screen are functional because they communicate to the user which page he is on through a minimal amount of space.
- Dock – The dock of frequently- used icons that is always visible from a set of menu screens is functional because it allows the user to keep the most frequently-used icons in a location that can be quickly accessed from each page.   Further, the placement of the dock on the bottom end of the display screen is the most convenient location to access when operating the device with a single hand

Numerous documents produced by Apple and Samsung support the functionality of Apple's designs.

Samsung's investigation is ongoing, and Samsung will supplement this interrogatory after a reasonable investigation.

DATED: February 29, 2012            Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP


By  /s/   Victoria F. Maroulis
Charles K. Verhoeven
Kevin P.B. Johnson
Victoria F. Maroulis
Michael T. Zeller
Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY INFORMATION**

**CERTIFICATE OF SERVICE**

I hereby certify that on February 29, 2012, I caused **SAMSUNG'S OBJECTIONS AND RESPONSES TO APPLE INC.'S 10TH SET OF INTERROGATORIES (Nos. 27-38)** to be electronically served on the following via email:

**ATTORNEYS FOR APPLE INC.**

| | |
|---|---|
| AppleMoFo@mofo.com<br>HAROLD J. MCELHINNY<br>hmcelhinny@mofo.com<br>MICHAEL A. JACOBS<br>mjacobs@mofo.com<br>JENNIFER LEE TAYLOR<br>jtaylor@mofo.com<br>ALISON M. TUCHER<br>atucher@mofo.com<br>RICHARD S.J. HUNG<br>rhung@mofo.com<br>JASON R. BARTLETT<br>jasonbartlett@mofo.com<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, California 94105-2482<br>Telephone: (415) 268-7000<br>Facsimile: (415) 268-7522 | WHAppleSamsungNDCalService@wilmerhale.com<br>WILLIAM F. LEE<br>william.lee@wilmerhale.com<br>WILMER CUTLER PICKERING HALE AND DORR LLP<br>60 State Street<br>Boston, Massachusetts 02109<br>Telephone: (617) 526-6000<br>Facsimile: (617) 526-5000<br><br>MARK D. SELWYN<br>mark.selwyn@wilmerhale.com<br>WILMER CUTLER PICKERING HALE AND DORR LLP<br>950 Page Mill Road<br>Palo Alto, California 94304<br>Telephone: (650) 858-6000<br>Facsimile: (650) 858-6100 |

I declare under penalty of perjury that the foregoing is true and correct. Executed in Redwood Shores, California on February 29, 2012.

_/s/ Melissa N. Chan___