# Exhibit 12

HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
JENNIFER LEE TAYLOR (CA SBN 161368)
jtaylor@mofo.com
ALISON M. TUCHER (CA SBN 171363)
atucher@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
JASON R. BARTLETT (CA SBN 214530)
jasonbartlett@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK<br><br>**APPLE INC.'S TENTH SET OF INTERROGATORIES (NOS. 27-38)** |

1    Apple Inc. ("Apple" or "Plaintiff") hereby requests, pursuant to Rules 26 and 33 of the
2    Federal Rules of Civil Procedure, that Samsung Electronics Co., Ltd., Samsung Electronics
3    America, Inc., and Samsung Telecommunications America, LLC respond to each interrogatory
4    below and serve its answers on Apple's counsel at the offices of Morrison & Foerster LLP, 425
5    Market St., San Francisco, CA 94105-2482 within thirty (30) days, or such other time as the
6    parties agree or the Court orders.

## DEFINITIONS

8    The words and phrases used in these Interrogatories shall have the meanings ascribed to
9    them under the Federal Rules of Civil Procedure and the Local Rules of the United States
10   District Court for the Northern District of California. In addition, the following terms shall have
11   the meanings set forth below whenever used in any Request.

12   1. "Samsung," "You," "Your," and/or "Defendants" mean Samsung Electronics Co., Ltd.,
13      Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC
14      and all predecessors, successors, predecessors-in-interest, successors-in-interest,
15      subsidiaries, divisions, parents, and/or affiliates, past or present, any companies that have
16      a controlling interest in Defendants, and any current or former employee, officer,
17      director, principal, agent, consultant, representative, or attorney thereof, or anyone acting
18      on their behalf.

19   2. "Apple" means Apple Inc. and its subsidiary entities, divisions, predecessors,
20      successors, present and former officers, directors, employees, representatives, agents, and anyone
21      acting on its behalf.

22   3. "Products at Issue" means the following products that Samsung has imported into
23      or sold, or will import into or sell, in the United States: Acclaim, Captivate, Continuum, Droid
24      Charge, Exhibit 4G, Epic 4G, Fascinate, Gem, Galaxy Ace, Galaxy Prevail, Galaxy S (i9000),
25      Galaxy S 4G, Gravity, Indulge, Infuse 4G, Intercept, Mesmerize, Nexus S, Nexus S 4G,
26      Replenish, Showcase i500, Showcase Galaxy S, Sidekick, Transform, Vibrant, and Galaxy S II
27      (aka Galaxy S 2) phones and the Galaxy Tab, Galaxy Tab 10.1, and Galaxy Tab 8.9 tablet
28      computers, any similar products, and any products that Apple accuses of infringing its

1  intellectual property in this litigation.

2      4.  "Apple Products" means the original iPhone, iPhone 3G, iPhone 3GS, iPhone 4,
3  iPad, iPad 2, iPod touch, and future versions thereof.

4      5.  "Utility Patents at Issue" means U.S. Patent Nos. 7,812,828 (the "'828 Patent"),
5  6,493,002 (the "'002 Patent"), 7,469,381 (the "'381 Patent"), 7,844,915 (the "'915 Patent"),
6  7,853,891 (the "'891 Patent"), 7,663,607 (the "'607 Patent"), 7,864,163 (the "'163 Patent"), and
7  7,920,129 (the "'129 Patent").

8      6.  "Design Patents at Issue" means U.S. Design Patent Nos. D627,790 (the "D'790
9  Patent"), D617,334 (the "D'334 Patent"), D604,305 (the "D'305 Patent"), D593,087 (the "D'087
10  Patent"), D618,677 (the "D'677 Patent"), D622,270 (the "D'270 Patent"), and D504,889 (the
11  "D'270 Patent").

12      7.  "Patents at Issue" means the Utility Patents at Issue and the Design Patents at
13  Issue.

14      8.  "Hardware Design" means a device's casing, screen and screen borders, bezel or
15  band, buttons, ports, speaker, and all hardware, insignia, or ornamentation thereon.

16      9.  "Graphical User Interface Design" means the graphical user interface displayed
17  on a device's screen, including all of the icons displayed as part of the graphical user interface.

18      10. "Original iPhone Trade Dress" means the following elements of Apple's product
19  designs:  a rectangular product with four evenly rounded corners; a flat clear surface covering the
20  front of the product; the appearance of a metallic bezel around the flat clear surface; a display
21  screen under the clear surface; under the clear surface, substantial black borders above and below
22  the display screen and narrower black borders on either side of the screen; when the device is on,
23  a matrix of colorful square icons with evenly rounded corners within the display screen; and
24  when the device is on, a bottom dock of colorful square icons with evenly rounded corners set
25  off from the other icons on the display, which does not change as other pages of the user
26  interface are viewed.

27      11. "iPhone 3G Trade Dress" means the following elements of Apple's product
28  designs:  a rectangular product with four evenly rounded corners; a flat clear surface covering the

1  front of the product; the appearance of a metallic bezel around the flat clear surface; a display
2  screen under the clear surface; under the clear surface, substantial black borders above and below
3  the display screen and narrower black borders on either side of the screen; when the device is on,
4  a row of small dots on the display screen; when the device is on, a matrix of colorful square
5  icons with evenly rounded corners within the display screen; and when the device is on, a bottom
6  dock of colorful square icons with evenly rounded corners set off from the other icons on the
7  display, which does not change as other pages of the user interface are viewed.

8        12.    "iPhone 4 Trade Dress" means the following elements of Apple's product
9  designs:  a rectangular product with four evenly rounded corners; a flat clear surface covering the
10 front of the product; a display screen under the clear surface; under the clear surface, substantial
11 neutral (black or white) borders above and below the display screen and narrower black borders
12 on either side of the screen; a thin metallic band around the outside edge of the phone; when the
13 device is on, a row of small dots on the display screen; when the device is on, a matrix of
14 colorful square icons with evenly rounded corners within the display screen; and when the device
15 is on, a bottom dock of colorful square icons with evenly rounded corners set off from the other
16 icons on the display, which does not change as other pages of the user interface are viewed.

17       13.    "iPhone Trade Dress" means the following elements of Apple's product designs:
18 a rectangular product with four evenly rounded corners; a flat clear surface covering the front of
19 the product; a display screen under the clear surface; under the clear surface, substantial neutral
20 (black or white) borders above and below the display screen and narrower neutral borders on
21 either side of the screen; when the device is on, a matrix of colorful square icons with evenly
22 rounded corners within the display screen; and when the device is on, a bottom dock of colorful
23 square icons with evenly rounded corners set off from the other icons on the display, which does
24 not change as other pages of the user interface are viewed.

25       14.    "iPad Trade Dress" means the following elements of Apple's product designs:  a
26 rectangular product with four evenly rounded corners; a flat clear surface covering the front of
27 the product; the appearance of a metallic rim around the flat clear surface; a display screen under
28 the clear surface; under the clear surface, substantial neutral (black or white) borders on all sides

of the display screen; and when the device is on, a matrix of colorful square icons with evenly rounded corners within the display screen.

15.  "iPad 2 Trade Dress" means the following elements of Apple's product designs: a rectangular product with four evenly rounded corners; a flat clear surface covering the front of the product; the appearance of a metallic rim around the clear flat surface; a display screen under the clear surface; under the clear surface, substantial neutral (black or white) borders on all sides of the display screen; and when the device is on, a matrix of colorful square icons with evenly rounded corners within the display screen.

16.  "Trade Dress Registrations" means U.S. Registration Nos. 3,470,983; 3,457,218; and 3,475,327.

17.  "Trade Dress Applications" means U.S. Application Serial Nos. 77/921,838; 77/921,829; 77/921,867; and 85/299,118.

18.  "Registered Icon Trademarks" means the marks shown in U.S. Registration Nos. 3,866,196; 3,889,642; 3,886,200; 3,889,685; 3,886,169; and 3,886,197.

19.  "Purple iTunes Store Trademark" means the mark shown in U.S. Application Serial No. 85/041,463.

20.  "iTunes Eighth Note and CD Design Trademark" means the mark shown in U.S. Registration No. 2,935,038.

21.  "Apple Trademarks and Trade Dress" means the: Original iPhone Trade Dress, iPhone 3G Trade Dress, iPhone 4 Trade Dress, iPhone Trade Dress, iPad Trade Dress, iPad 2 Trade Dress, Trade Dress Registrations, Trade Dress Applications, Registered Icon Trademarks, Purple iTunes Store Trademark, and iTunes Eighth Note and CD Design Trademark

22.  "Accused Feature" means any aspect, element or function of any Product at Issue that is alleged to infringe any of the Patents at Issue, including each function identified in Apple's Infringement Contentions.  The term includes each of the following: (1) the function that allows for an image, list, or webpage to be scrolled beyond its edge until it is partially displayed; (2) the function that allows for an image, list, or webpage that is scrolled beyond its edge to scroll back or bounce back into place so that it returns to fill the screen; (3) the function that

allows for the automatic closing of a user interface window; (4) the function that allows for the display and operation of a user interface status bar; (5) the function that allows for the detection and identification of a touch or object on a touch screen display; (6) the function for detecting and interpreting user input or gestures on a touch screen display, including the function that determines whether a user input relates to scrolling or a scaling gesture; (7) the touch screen on the accused devices and any software, firmware, or other system used to control said touch screen.

23. "Source Code" means source code and source code repositories, including but not limited to: (1) all makefiles, history files, or similar code-generation control or version-control files for such source code, including files identifying (a) the date when code was checked in; (b) the identity of persons who coded and checked-in the code; and (2) an identification of such source code, including (a) version number(s), (b) the compiler used in the development of such source code and (c) the operating system used in the development of such source code. Requests for Source Code cover prototypes, released and unreleased versions, and public and proprietary Source Code.

24. "Document(s)" has the broadest possible meaning permitted by Federal Rules of Civil Procedure Rules 26 and 34 and the relevant case law, and the broadest meaning consistent with the terms "writings" or "recordings" as set forth in Rule 1001 of the Federal Rules of Evidence, and specifically and without limitation include tangible things and electronically stored information, including e-mail and information stored on computer disk or other electronic, magnetic, or optical data storage medium. "Document(s)" also includes all drafts or non-final versions, alterations, modifications, and amendments to any of the foregoing.

25. "Communication(s)" means the transmittal of information in the form of facts, ideas, inquiries, and any exchange or transfer of information whether written, oral, electronic, or in any form.

26. "Tangible Thing(s)" has the broadest possible meaning permitted by Federal Rules of Civil Procedure 26 and 34 and the relevant case law.

27. "Concerning" or "Relating" mean regarding, referring to, concerning, mentioning,

reflecting, pertaining to, analyzing, evidencing, stating, involving, identifying, describing, discussing, documenting, commenting on, dealing with, embodying, responding to, supporting, contradicting, comprising, containing, or constituting (in whole or in part), as the context makes appropriate.

28.  The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

29.  The use of the singular form of any word includes the plural and vice versa.

30.  "And" as well as "or" are to be construed either disjunctively or conjunctively to acquire the broadest meaning possible, so as to bring within the scope of the Request all information that might otherwise be construed to be outside its scope. The term "all" is to be construed to mean "any" and "each" and vice versa.

31.  "Including" shall be construed to mean "including, without limitation" or "including, but not limited to."

32.  "Person(s)" means natural persons as well as business entities and associations of all sorts, including partnerships, companies, proprietorships, joint ventures, corporations, government agencies, and unincorporated associations.

33.  "Entity" or "Entities" means, including without limitation, corporation, company, firm, partnership, joint venture, association, governmental body or agency, or persons other than a natural person.

34.  "Third Party" or "Third Parties" means all persons who are not parties to this Litigation, as well as their officers, directors, employees, agents and attorneys.

35.  "First Amended Complaint" means the first amended complaint in the above-captioned action dated June 16, 2011.

36.  "Answer" means Samsung's answer to the First Amended Complaint in the above-captioned action dated June 30, 2011.

37.  "Samsung's Counterclaims" means Samsung's Counterclaims asserted in response to the First Amended Complaint in the above-captioned action dated June 30, 2011.

38.  "Related Foreign Proceedings" means any litigation or court proceeding involving

Apple and Samsung occurring outside the United States regarding any of the same subject matter, patents, trademarks, or Products at Issue in this case.

**INSTRUCTIONS**

1. If Samsung contends that any Interrogatory is objectionable in whole or in part, please state with particularity each objection, the basis for it, and the categories of information to which the objection applies, and respond to the Interrogatory insofar as it is not deemed objectionable.

2. If Samsung finds the meaning of any term in these Interrogatories unclear, they shall assume a reasonable meaning, state what the assumed meaning is, and respond to the Interrogatory according to the assumed meaning.

3. If Samsung is withholding or intends to withhold any information requested by an Interrogatory by reason of the attorney-client privilege, work-product doctrine, or other privilege, doctrine, or immunity, please provide a privilege log identifying: (i) the information, document, or communication alleged to be so protected by author, subject matter, date, number of pages, attachments, and appendices; (ii) the names and job titles of all recipients of the information, document, or communication, including blind copy recipients and any individual to whom the information, document, or communication was distributed, shown, or explained; (iii) the information, document, or communication's current custodian; and (iv) all bases, factual and legal, upon which such protection from discovery rests.  Please provide this log at the time you serve your responses to these Interrogatories.

4. The following Interrogatories shall be deemed continuing so as to require supplemental production in the event that Samsung obtains additional knowledge or information responsive to the Interrogatories.

**INTERROGATORIES**

**INTERROGATORY NO. 27:**

From 2009 to the present, identify by month for each Product at Issue, the number of units sold by any defendant in the United States.

**INTERROGATORY NO. 28:**

From 2009 to the present, identify by month for each Product at Issue, the revenues that the defendants (on a consolidated basis) have obtained from sales of the Products at Issue. (When reporting on a consolidated basis, defendants should reflect the results of the sales for the defendants collectively, eliminating intercompany charges or transfers.)

**INTERROGATORY NO. 29:**

From 2009 to the present, identify by month for each Product at Issue, the gross margin in dollars and percentage of revenue that the defendants (on a consolidated basis) have obtained from sales of the Products at Issue. (When reporting on a consolidated basis, defendants should reflect the results of the sales for the defendants collectively, eliminating intercompany charges or transfers.)

**INTERROGATORY NO. 30:**

From 2009 to the present, identify by month for each Product at Issue, the income (or loss) before interest, taxes, and non-operating expenses that defendants (on a consolidated basis) have obtained from sales of the Products at Issue. (When reporting on a consolidated basis, defendants should reflect the results of the sales for the defendants collectively, eliminating intercompany charges or transfers.)

**INTERROGATORY NO. 31:**

Collectively from 2009 to the present, identify the amount that you contend defendants (on a consolidated basis) have earned as a total profit from each of the Products at Issue. (When reporting on a consolidated basis, defendants should reflect the results of the sales for the defendants collectively, eliminating intercompany charges or transfers.)

**INTERROGATORY NO. 32:**

From 2009 to the present, identify by month the amount of revenue that any defendant has obtained due to the sale of accessories or other services that are designed to work with any Product at Issue.

**INTERROGATORY NO. 33:**

From 2009 to the present, identify by month the amount in gross margin or gross profit

that any defendant has obtained from the sale of accessories or other services that are designed to work with any Product at Issue.

**INTERROGATORY NO. 34:**

Identify by licensor, licensee, effective date, consideration, royalty rate, royalty base, milestone payments (or other one-time or periodic payments) for each agreement that includes a license to a patent, trademark, or trade dress or a covenant not to sue that you contend is comparable to any hypothetical license that would be evaluated (for patents, under the *Georgia Pacific* factors) in determining a reasonable royalty.

**INTERROGATORY NO. 35:**

Identify the date (or dates) that you contend would form the date for the hypothetical negotiation contemplated by *Georgia Pacific* in determining a reasonable royalty for the patents asserted by either party.

**INTERROGATORY NO. 36:**

Identify the product names, model numbers, and U.S. release dates for each of the internal code names, project names, or other identifiers of Samsung mobile phones and tablet computers listed in Exhibit 1.

**INTERROGATORY NO. 37:**

For any touchscreen mobile phone or tablet computer designed by Samsung after January 1, 2005, that is not listed in the response to interrogatory number 36, identify the product names, model numbers, U.S. release dates, and all internal code names, project names, or other identifiers used by anyone at Samsung to identify the mobile phone or tablet computer.

**INTERROGATORY NO. 38:**

Describe the functional benefit of every element of Apple's Asserted Design Patents that Samsung alleges is functional and identify every document supporting Samsung's claim.

Dated: January 23, 2012                    MORRISON & FOERSTER LLP

                                           By:  */s/ Mia Mazza*
                                                Mia Mazza

                                           Attorneys for Plaintiff
                                           APPLE INC.

# EXHIBIT 1

| CODE NAME / IDENTIFIER | PRODUCT NAME | MODEL NUMBER (*e.g.*, "SGH-XXXX") | U.S. RELEASE DATE |
|---|---|---|---|
| P1 | | | |
| P2 | | | |
| P3 | | | |
| P4 | | | |
| P5 | | | |
| P6 | | | |
| P7 | | | |
| P8 | | | |
| Americano | | | |
| Affogato | | | |
| Apollo | | | |
| Aries | | | |
| Atlas | | | |
| Caister | | | |
| Chester | | | |
| Cooper | | | |
| Coyote | | | |
| Crunch | | | |
| Cubic 37 | | | |
| Dempsey | | | |
| Forte | | | |
| Garnett | | | |
| Geneva | | | |
| Hawk | | | |
| Kepler | | | |
| Lindy | | | |
| Octopus | | | |
| Orsay | | | |
| Ochan | | | |
| Rant 3 | | | |
| Roxy | | | |
| Seine | | | |
| Stealth | | | |
| Stealth Q | | | |
| Stealth V | | | |
| Talkki | | | |
| Ticker Tape | | | |
| Vegas | | | |
| Victory | | | |
| Vino | | | |
| VinsQ | | | |
| Vital-Q | | | |

# CERTIFICATE OF SERVICE

I hereby certify that on January 23, 2012, a true and correct copy of **APPLE INC.'S TENTH SET OF INTERROGATORIES (NOS. 27-38)** was served via electronic mail on the following counsel of record at the addresses indicated below:

Charles Kramer Verhoeven
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel: 415-875-6600
Email: charlesverhoeven@quinnemanuel.com

Edward J. DeFranco
Quinn Emanuel Urquhart & Sullivan, LLP
335 Madison Avenue, 22nd Floor
New York, NY 10017
Tel: 212-849-7000
Fax: 212-849-7100
Email: eddefranco@quinnemanuel.com

Kevin P.B. Johnson
Quinn Emanuel Urquhart & Sullivan LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Tel: 650-801-5000
Fax: 650-801-5100
Email: kevinjohnson@quinnemanuel.com

Michael Thomas Zeller
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel: 213-443-3000
Fax: 213-443-3100
Email: michaelzeller@quinnemanuel.com

Victoria F. Maroulis
Quinn Emanuel Urquhart & Sullivan, LLP
555 Twin Dolphin Drive, Fifth Floor
Redwood Shores, CA 94065
Tel: 650-801-5000
Fax: 650-801-5100
Email: victoriamaroulis@quinnemanuel.com

| | |
|---|---|
| 1 | Margret Mary Caruso |
| 2 | Quinn Emanuel Urquhart & Sullivan, LLP |
| | 555 Twin Dolphin Drive, Suite 560 |
| 3 | Redwood Shores, CA 94065 |
| | Tel: 650-801-5000 |
| 4 | Fax: 650-801-5100 |
| | Email: margretcaruso@quinnemanuel.com |

Todd Michael Briggs
Quinn Emanuel Urquhart & Sullivan, LLP
555 Twin Dolphin Drive, Fifth Floor
Redwood Shores, CA 94065
Tel: 650-801-5000
Email: toddbriggs@quinnemanuel.com

I declare under penalty of perjury that the foregoing is true and correct. Executed at San Francisco, California, this 23rd day of January 2012.

                                                     */s/ Esther Kim*
                                                        Esther Kim

CERTIFICATE OF SERVICE
CASE NO. 11-CV-01846-LHK
sf-3095052