Exhibit 13

| | | |
|---|---|---|
| 1 | | |
| 2 | HAROLD J. MCELHINNY (CA SBN 66781)<br>hmcelhinny@mofo.com | WILLIAM F. LEE<br>william.lee@wilmerhale.com |
| 3 | MICHAEL A. JACOBS (CA SBN 111664)<br>mjacobs@mofo.com | WILMER CUTLER PICKERING<br>HALE AND DORR LLP |
| 4 | JENNIFER LEE TAYLOR (CA SBN 161368)<br>jtaylor@mofo.com | 60 State Street<br>Boston, MA 02109 |
| 5 | ALISON M. TUCHER (CA SBN 171363)<br>atucher@mofo.com | Telephone: (617) 526-6000<br>Facsimile: (617) 526-5000 |
| 6 | RICHARD S.J. HUNG (CA SBN 197425)<br>rhung@mofo.com | |
| 7 | JASON R. BARTLETT (CA SBN 214530)<br>jasonbartlett@mofo.com | MARK D. SELWYN (SBN 244180)<br>mark.selwyn@wilmerhale.com |
| 8 | MORRISON & FOERSTER LLP<br>425 Market Street | WILMER CUTLER PICKERING<br>HALE AND DORR LLP |
| 9 | San Francisco, California 94105-2482<br>Telephone: (415) 268-7000 | 950 Page Mill Road<br>Palo Alto, California 94304 |
| 10 | Facsimile: (415) 268-7522 | Telephone: (650) 858-6000<br>Facsimile: (650) 858-6100 |

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>　　　　　　Defendants. | Case No. 11-cv-01846-LHK<br><br>**APPLE INC.'S ELEVENTH SET OF INTERROGATORIES (NOS. 39-64)** |

APPLE INC.'S ELEVENTH SET OF INTERROGATORIES (NOS. 39-64)
CASE NO. 11-CV-01846-LHK
sf-3096960

response, and any persons with knowledge regarding your response.

**INTERROGATORY NO. 40:**

Describe in detail all bases for Samsung's Fifth Affirmative Defense that Apple's "claims made in the Complaint and the relief sought therein are barred, in whole or in part, on the basis that the alleged marks at issue, the alleged trade dress at issue, the Apple Design Patents, and the use of said marks, said trade dress and said Apple Design Patents are functional." Please also identify all documents and things relating to your response, and any persons with knowledge regarding your response.

**INTERROGATORY NO. 41:**

Describe in detail all bases for Samsung's Seventh Affirmative Defense that the "claims made in the Complaint and the relief sought therein are barred, in whole or in part, on the basis that the marks and alleged trade dress at issue are generic." Please also identify all documents and things relating to your response, and any persons with knowledge regarding your response.

**INTERROGATORY NO. 42:**

Describe in detail all bases for Samsung's Eighth Affirmative Defense that each of the "purported claims set forth in Apple's Complaint is barred by the doctrines of waiver, acquiescence, and estoppel." Please also identify all documents and things relating to your response, and any persons with knowledge regarding your response.

**INTERROGATORY NO. 43:**

Describe in detail all bases for Samsung's Ninth Affirmative Defense that the "Apple Patents in Suit and the marks and alleged trade dress at issue are unenforceable, in whole or in part, against the Samsung Defendants under the doctrine of laches." Please also identify all documents and things relating to your response, and any persons with knowledge regarding your response.

**INTERROGATORY NO. 44:**

Describe in detail all bases for Samsung's Twelfth Affirmative Defense that the "relief sought by Apple as to the claims of one or more of the Apple Patents in Suit is barred under the doctrine of prosecution history estoppel." Please also identify all documents and things relating

**INTERROGATORY NO. 61:**

Identify the persons most knowledgeable about, along with a detailed description of each person's role with respect to, the design, specification, manufacture, and operation of the touch screens (including the displays and touch sensor panels) included in each Product at Issue.

**INTERROGATORY NO. 62:**

Identify the persons most knowledgeable about, along with a detailed description of each person's role with respect to, communicating or working with Atmel and other vendors who provide components related to the touch screens and touch screen controller chips in each Product at Issue.

**INTERROGATORY NO. 63:**

For each Product at Issue, identify each product that was available on the market simultaneously with the Product at Issue that you contend would have been an acceptable non-infringing alternative to consumers who purchased the Product at Issue.

**INTERROGATORY NO. 64:**

For each patent being asserted by Apple and for each alternative identified in response to interrogatories 15 and 16, state the amount that you contend Samsung would have to spend to implement the alleged non-infringing alternative in the Products at Issue, the time it would take to implement the alternative, and the complete factual basis for your calculation.

Dated:   January 23, 2012          MORRISON & FOERSTER LLP

By:   /s/ Mia Mazza
      Mia Mazza

Attorneys for Plaintiff
APPLE INC.