# Exhibit 14

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendant. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S SECOND SUPPLEMENTAL AND AMENDED OBJECTIONS AND RESPONSES TO APPLE'S ELEVENTH SET OF INTERROGATORIES (NO. 46)** |

1  Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendants Samsung Electronics
2  Co. Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC
3  (collectively, "Samsung") respond to Plaintiff Apple Inc.'s ("Apple") Eleventh Set of
4  Interrogatories (Nos. 39-64) as follows:

## GENERAL STATEMENT

6  The following responses are based on discovery available as of the date hereof.  Discovery
7  is continuing and ongoing, and these responses are subject to change accordingly.  It is anticipated
8  that further discovery, independent investigation and analysis may lead to the discovery of
9  additional information or documents, supply additional facts and add meaning to known facts, as
10 well as establish entirely new factual conclusions and legal contentions, all of which may lead to
11 additions to, changes to or variations from the responses set forth herein.

12 In addition, the following responses are given without prejudice to Samsung's right to
13 produce or rely on subsequently discovered information, facts or documents.  Samsung
14 accordingly reserves the right to change the responses herein and/or produce or rely on
15 subsequently discovered documents as additional facts are ascertained, analysis is conducted, legal
16 research is completed and contentions are made.  The responses herein are made in a good faith
17 effort to comply with the provisions of Rules 26 and 33 of the Federal Rules of Civil Procedure,
18 and to supply such responsive information as exists and is presently within Samsung's possession,
19 custody or control, but are in no way to be deemed to be to the prejudice of Samsung in relation to
20 further discovery, research and analysis.

21 An answer to an interrogatory shall not be deemed a waiver of any applicable general or
22 specific objection to an interrogatory.  In responding to the interrogatories, Samsung does not
23 waive any objections that may be applicable to the use, for any purpose, of any information or
24 documents provided in response, or the admissibility, relevance, or materiality of any such
25 information or documents to any issue in this case.

26 Samsung's responses to these interrogatories do not constitute admissions relative to the
27 existence of any documents or information, to the relevance or admissibility of any documents or
28 information, or to the truth or accuracy of any statement or characterization contained in Apple's

1  requests. All objections as to relevance, authenticity, or admissibility of any document are
2  expressly reserved.
3  Samsung expressly incorporates this General Statement and the following General
4  Objections as though set forth fully in response to each of the following individual interrogatories
5  and, to the extent that they are not raised in any particular response, Samsung does not waive those
6  objections.

## GENERAL OBJECTIONS

8  1. Samsung objects to the "Definitions" and "Instructions" contained in Apple's
9  Seventh Set of Special Interrogatories to the extent they are inconsistent with the Federal Rules of
10 Civil Procedure.

11 2. Samsung objects to Apple's Definition of "Samsung," "You," "Your," and
12 "Defendants" as overly broad to the extent it requires Samsung to pursue information from
13 individuals no longer employed by Samsung whose data is not currently in the possession of
14 Samsung. Samsung further objects to Apple's Definition of "Samsung," "You," "Your," and
15 "Defendants" as overly broad, vague, and ambiguous to the extent it does not define "affiliates,"
16 and also to the extent that it requires Samsung to potentially seek information from thousands of
17 people. Samsung will respond to interrogatories based on a reasonable inquiry of individuals
18 expected to possess the requested information.

19 3. Samsung objects to Apple's definition of "Apple" to as overly broad, vague, and
20 ambiguous.

21 4. Samsung objects to the definition of "Products at Issue" as vague and overbroad to
22 the extent it includes "similar products, and any products that Apple accuses of infringing its
23 intellectual property in this litigation" that have not been identified by Apple in its infringement
24 contentions. Samsung further objects to the definition of "Products at Issue" to the extent it
25 includes products that are not sold and/or have never been sold in the United States.

26 5. Samsung objects to the definition of "Hardware Design" as vague and ambiguous.
27 6. Samsung objects to the definition of "Graphical User Interface Design" as vague
28 and ambiguous.

7.     Samsung objects to the definitions of "Original iPhone Trade Dress," "iPhone 3G Trade Dress," "iPhone 4 Trade Dress," "iPhone Trade Dress," "iPad Trade Dress," "iPad 2 Trade Dress," and "Apple Trademarks and Trade Dress" to the extent they imply that any aspect of the Apple products' design constitutes an element of its trade dress.

8.     Samsung objects to the definition of "Accused Feature" to the extent it misstates or mischaracterizes the Patents at Issue.

9.     Samsung objects to the definition of "Source Code" as vague, ambiguous, overbroad and overly burdensome.  Samsung further objects to the definition to the extent it seeks information regarding unreleased prototypes that are not at issue in this lawsuit.  Samsung also objects to the definition to the extent it seeks multiple and discrete types of information and has multiple subparts.

10.    Samsung objects to the definitions of "Concerning" and/or "Relating," and each and every interrogatory that uses the term "Concerning" or "Relating," as overly broad, vague and ambiguous.

11.    Samsung objects to the definition of "Third Party" or "Third Parties" as overly broad.

12.    Samsung objects to these interrogatories as vague and ambiguous to the extent they include terms that are undefined.  Samsung in its responses will identify any terms it believes are vague and ambiguous and will assume a reasonable meaning for each such term.

13.    Samsung objects generally to each interrogatory to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity.  Any inadvertent disclosure of such information shall not be deemed a waiver of the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity recognized by statute or case law. Samsung will exchange with Apple a log of withheld documents at a time agreed to by counsel for the parties.  Samsung also will not log privileged documents that were created on or after April 15, 2011.

14.    Samsung objects generally to the interrogatories to the extent they seek

1  information from outside a reasonable time period or from a point other than a reasonable time.

2  15. Samsung objects to these interrogatories to the extent they seek to compel
3  Samsung to generate or create information and/or documents that do not already exist.

4  16. Samsung objects generally to the interrogatories to the extent that they prematurely
5  call for contentions, identification of prior art, or identification of witnesses at this stage of the
6  litigation.

7  17. Samsung objects to each interrogatory to the extent it is duplicative or cumulative
8  of another interrogatory.

9  18. Samsung objects to each interrogatory to the extent it is compound and comprises
10 discrete subparts resulting in separate interrogatories.

11 19. Samsung expressly reserves the right to respond to any or all of the interrogatories
12 by specifying documents wherein the responsive information may be ascertained pursuant to Rule
13 33(d) of the Federal Rules of Civil Procedure.

14 20. Samsung objects generally to the interrogatories to the extent they seek
15 confidential proprietary or trade secret information of third parties.  Samsung will endeavor to
16 work with third parties to obtain their consent, if necessary, before identifying or producing such
17 information and/or documents.

18 21. Samsung objects generally to the interrogatories on the grounds that they are
19 overly broad, unduly burdensome, and neither relevant nor reasonably calculated to lead to the
20 discovery of admissible evidence.

21 22. Samsung objects to the interrogatories on the ground that they are overly broad,
22 unduly burdensome and oppressive to the extent they purport to require Samsung to search its
23 facilities and inquire of its employees other than those facilities and employees that would
24 reasonably be expected to have responsive information. Samsung's responses are based upon (1)
25 a reasonable search and investigation of facilities and files that could reasonably be expected to
26 contain responsive information, and (2) inquiries of Samsung's employees and/or representatives
27 who could reasonably be expected to possess responsive information.

28 23. Samsung objects to the interrogatories on the grounds that they seek information

1  already in the possession of Apple, publicly available, or as readily available to Apple as it is to
2  Samsung.
3      24.    Samsung objects to each interrogatory to the extent that it seeks information before
4  Samsung is required to disclose such information in accordance with any applicable law, such as
5  the Northern District of California Patent Local Rules.
6      25.    Samsung objects to the interrogatories on the grounds and to the extent that they
7  seek legal conclusions or call for expert testimony. Samsung's responses should not be construed
8  to provide legal conclusions.
9      Subject to and without waiving the foregoing General Statement and General Objections,
10 Samsung responds as follows:
11
12 **<u>INTERROGATORIES</u>**
13 **<u>INTERROGATORY NO. 46:</u>**
14     Describe in detail all bases for Samsung's Nineteenth Affirmative Defense that "Apple's
15 claims against the Samsung Defendants are barred because Apple's damages, if any, were not
16 caused by the Samsung Defendants." Please also identify all documents and things relating to your
17 response, and any persons with knowledge regarding your response.
18 **<u>SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 46:</u>**
19     In addition to its General Objections above, which it hereby incorporates by reference,
20 Samsung objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, and
21 unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence.
22 Samsung further objects to this interrogatory to the extent that it seeks to elicit information subject
23 to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint
24 defense privilege, the common interest doctrine, and/or any other applicable privilege or
25 immunity. Samsung further objects to the extent it prematurely calls for Samsung's position on
26 damages before sufficient discovery has been conducted. Samsung further objects to this
27 interrogatory to the extent it prematurely calls for expert testimony or opinions at this stage of
28

1  litigation.  Samsung will provide such contentions in accordance with the Court's Minute Order
2  and Case Management order, dated August 25, 2011.
3        Subject to the foregoing general and specific objections, Samsung responds as follows:
4  Samsung filed an Answer, Affirmative Defenses, and Counterclaims on June 30, 2011 which
5  describes in detail, based upon information then known to Samsung, the factual bases for every
6  affirmative defense that Samsung has asserted in this lawsuit.  Furthermore, Samsung will provide
7  more detail concerning its damages theory in its expert report that will be served in accordance
8  with the Court's August 25, 2011 Order.  Samsung cannot provide a complete response to this
9  Interrogatory until Apple has set forth in full all its contentions concerning its alleged damages.
10 Samsung provides the following facts as a non-exclusive list of facts that may be responsive to
11 this Interrogatory.  Samsung's factual investigation is on-going due to Apple's production of
12 documents at or after the end of the fact discovery cut-off and Apple's refusal to provide witnesses
13 for deposition during the fact discovery period.
14       Apple has stated that it maintains third-party advertising guidelines to reduce confusion.
15 However, Apple has granted an increasing number of exceptions to its third-party advertising
16 guidelines.  In fact, the more a third-party markets Apple products, the more willing Apple is to
17 grant exceptions to its advertising guidelines.  Additional information regarding these facts may be
18 found in documents that Apple has produced in this litigation, as well as in the deposition
19 testimony and exhibits of Jared Gosler.
20       Apple has engaged in a competitive search campaign whereby advertisements for Apple
21 products appear when consumers conduct online searches for competing products, including
22 Samsung products.  Additional information regarding these facts may be found in documents that
23 Apple has produced in this litigation, documents OMD has produced in this litigation, and in the
24 deposition testimony and exhibits of Tamara Whiteside and Monica Karo.
25       Sales personnel at third-party retailers that sell Apple devices have, at times, emphasized
26 the disadvantages of Apple products, made negative comments about Apple products, compared
27 Apple products disfavorably to competing products, perpetuated "myths" concerning Apple
28 products, and/or provided customers with inaccurate information concerning Apple products.

02198.51855/4662858.2                                    -6-                              Case No. 11-cv-01846-LHK
SAMSUNG'S AMENDED OBJECTIONS AND RESPONSES TO
APPLE'S 11TH SET OF INTERROGATORIES

1  Additional information regarding these facts can be found in documents Apple has produced in
2  this litigation, as well as in the deposition testimony and exhibits of Eric Jue.
3      Apple personnel have recognized that Apple's point-of-sale marketing has been weak and
4  ineffective.  Additional information regarding these facts can be found in documents Apple has
5  produced in this litigation, as well as in the deposition testimony and exhibits of Arthur Rangel.
6      Apple has experienced negative press coverage regarding, among other things, the quality
7  of AT&T's 2G network, the quality of AT&T's 3G network, the durability of the iPhone 4,
8  antenna problems with the iPhone 4, and the labor practices of Apple's suppliers and
9  manufacturers, including Foxconn.  According to Apple marketing personnel, the press loves
10 writing about Apple and the media at times unfairly picks on Apple.  Additional information
11 concerning these facts may be found in documents Apple has produced in this litigation,
12 documents TBWA Worldwide has produced in this litigation, and in the deposition testimony and
13 exhibits of Eric Jue, Jared Gosler, and Stephanie Chen.
14     Some consumers have developed negative impressions about the Apple brand due to the
15 ubiquity of Apple's smartphone and tablet products, and Apple's marketing communications
16 regarding those products.  Additional information relating to these facts may be found in
17 documents Apple has produced in this litigation, documents Gravity Tank has produced in this
18 litigation, and in the deposition testimony and exhibits of Stephanie Chen and Arthur Rangel.

19 DATED: March 19, 2012            Respectfully submitted,

20                                  QUINN EMANUEL URQUHART &
21                                  SULLIVAN, LLP

23                                  By  */s/ Victoria F. Maroulis*
24                                      Charles K. Verhoeven
                                        Kevin P.B. Johnson
25                                      Victoria F. Maroulis
                                        Michael T. Zeller
26                                      Attorneys for SAMSUNG ELECTRONICS CO.,
                                        LTD., SAMSUNG ELECTRONICS AMERICA,
27                                      INC. and SAMSUNG
                                        TELECOMMUNICATIONS AMERICA, LLC
28

02198.51855/4662858.2
                                        -7-                   Case No. 11-cv-01846-LHK
                                        SAMSUNG'S AMENDED OBJECTIONS AND RESPONSES TO
                                                APPLE'S 11TH SET OF INTERROGATORIES

# CERTIFICATE OF SERVICE

I hereby certify that on March 19, 2012, I caused **SAMSUNG'S SECOND SUPPLEMENTAL AND AMENDED OBJECTIONS AND RESPONSES TO APPLE INC.'S 11TH SET OF INTERROGATORIES** to be electronically served on the following via email:

**ATTORNEYS FOR APPLE INC.**

| | |
|---|---|
| AppleMoFo@mofo.com | WHAppleSamsungNDCalService@wilmerhale.com |
| HAROLD J. MCELHINNY | WILLIAM F. LEE |
| hmcelhinny@mofo.com | william.lee@wilmerhale.com |
| MICHAEL A. JACOBS | WILMER CUTLER PICKERING HALE AND |
| mjacobs@mofo.com | DORR LLP |
| JENNIFER LEE TAYLOR | 60 State Street |
| jtaylor@mofo.com | Boston, Massachusetts 02109 |
| ALISON M. TUCHER | Telephone: (617) 526-6000 |
| atucher@mofo.com | Facsimile: (617) 526-5000 |
| RICHARD S.J. HUNG | |
| rhung@mofo.com | MARK D. SELWYN |
| JASON R. BARTLETT | mark.selwyn@wilmerhale.com |
| jasonbartlett@mofo.com | WILMER CUTLER PICKERING HALE AND |
| MORRISON & FOERSTER LLP | DORR LLP |
| 425 Market Street | 950 Page Mill Road |
| San Francisco, California 94105-2482 | Palo Alto, California 94304 |
| Telephone: (415) 268-7000 | Telephone: (650) 858-6000 |
| Facsimile: (415) 268-7522 | Facsimile: (650) 858-6100 |

I declare under penalty of perjury that the foregoing is true and correct. Executed in San Francisco, California on March 19, 2012.

_/s/ David C. Currie_