# Exhibit 17

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

_____

| | |
|---|---|
| APPLE INC., a California corporation | : |
| Plaintiff, | : Case No. 11-cv-01846-LHK |
| v. | : |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICAN, INC., A New York Corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company | : |
| Defendants. | : |

_____

_____

**REBUTTAL REPORT OF MICHAEL A. KAMINS, Ph.D.**

_____

1

serve as e-readers, the converse is not true. This was quite evident in Dr. Van Liere's video because the Nook displayed a rather drab page of text from a document or book, as opposed to the colorful internet sites displayed by the Galaxy Tab products in the test videos. It is also worth noting that Barnes & Noble released a product called the Nook Tablet last year, which has additional features found on tablet computers, but Dr. Van Liere did not use the Nook Tablet product for his control. Because the Nook device used by Dr. Van Liere is markedly different in size, visual design, and function and form from the Samsung Galaxy (as well as the Apple iPad), use of the Nook as the control minimizes the degree of confusion evident in the control cell. Because control-cell confusion is subtracted from confusion in the test condition, artificially reduced control data improperly and inaccurately increases the overall confusion level shown in Dr. Van Liere's study.

15. The intrinsic differences between the Nook and iPad and Galaxy Tab are to be expected, given that the Nook serves a different function. On page 10 of his report, Dr. Van Liere quotes Shari Diamond as noting, in regard to the control stimulus, that it should "share as many characteristics with the experimental stimulus as possible, with the key exception of the characteristic whose influence is being assessed." (Diamond, 2011, p. 258)  The Nook fails in this regard, because its size, functionality, case design and general look are not consistent with the product class at issue in this action, namely tablet computers. Lacking a proper control, Dr. Van Liere's study did not generate accurate data on which to base reliable findings.

16. Better control devices, for example, would have been an LG Slate or Motorola Xoom or other tablet computers that perform essentially the same functions as the Apple iPad and the Samsung Galaxy devices and have a general look and appearance that is closer to the brands at issue.

- **Improper Sample Selection**

17. Dr. Van Liere selected a sampling plan where men and women were equally represented in his final sample, as were individuals between the age of 18-24; 25-34; 35-44; 45-54; 55-64 and 65+. As his source for the demographic representation of his sample, Dr. Van Liere uses a Pew

- The universe selected – the general U.S. population – is overbroad for an association survey and thus contains irrelevant data.

- Dr. Van Liere's first and second questions were impermissibly leading and suggestive, tainting the entirety of the study.

- The Blackberry Storm 9550 is a poorly chosen and unreasonable control.

- The data actually show that if a unique association is made, it is equally as strong between Blackberry and Apple as between Samsung and Apple – a result indicative of an overall smart-phone category effect and Apple's role as market leader, and not due to trade dress.

- My own study replicating Dr. Van Liere's study in a usage environment shows that the actual degree of association between two different Samsung phones and Apple, when appropriate controls are used is de minimis, and when the average of two controls are used the degree of association is still very low and approximately one third to one quarter of that observed in Dr. Van Liere's internet study.

I reserve the right to supplement or amend this Report based on any facts, documents, or information that may come to my attention after the date of this Report. As part of my trial testimony, I may prepare and rely on demonstrative aids—such as charts, tables, and graphs—as I deem necessary and advisable to assist the trier of fact.

April 16, 2012

Dr. Michael A. Kamins