Exhibit 20

| | |
|---|---|
| 1 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
|   | Charles K. Verhoeven (Bar No. 170151) |
| 2 | charlesverhoeven@quinnemanuel.com |
|   | 50 California Street, 22nd Floor |
| 3 | San Francisco, California 94111 |
|   | Telephone: (415) 875-6600 |
| 4 | Facsimile: (415) 875-6700 |
| 5 | Kevin P.B. Johnson (Bar No. 177129) |
|   | kevinjohnson@quinnemanuel.com |
| 6 | Victoria F. Maroulis (Bar No. 202603) |
|   | victoriamaroulis@quinnemanuel.com |
| 7 | 555 Twin Dolphin Drive, 5th Floor |
|   | Redwood Shores, California 94065-2139 |
| 8 | Telephone: (650) 801-5000 |
|   | Facsimile: (650) 801-5100 |
| 9 | |
|   | Michael T. Zeller (Bar No. 196417) |
| 10| michaelzeller@quinnemanuel.com |
|   | 865 S. Figueroa St., 10th Floor |
| 11| Los Angeles, California 90017 |
|   | Telephone: (213) 443-3000 |
| 12| Facsimile: (213) 443-3100 |
| 13| Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, |
| 14| INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | CASE NO. 11-cv-01846-LHK |
| Plaintiff, | **SAMSUNG'S OBJECTIONS TO APPLE INC.'S FIFTH SET OF INTERROGATORIES (CORRECTED)** |
| vs. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | **HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY UNDER THE PROTECTIVE ORDER** |
| Defendant. | |

Case No. 11-cv-01846-LHK
SAMSUNG'S OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF INTERROGATORIES (11-13)

1  giving such attention as a purchaser usually gives, particularly when viewed in light of the prior
2  art and the functional elements of the design are excluded as a basis for similarity.  In addition,
3  Samsung's investigation is ongoing and Samsung will supplement this interrogatory after a
4  reasonable investigation and further discovery from Apple on the basis for its infringement
5  position.  Samsung also incorporates by reference the Declaration of Itay Sherman in Support of
6  Samsung's Opposition to Apple's Motion for a Preliminary Injunction (Dkt. No. 172).

7  For U.S. Patent No. D622,270, the accused Samsung products, as identified in Apple's
8  Response to Samsung Interrogatory No. 5, are not substantially similar to an ordinary observer
9  giving such attention as a purchaser usually gives, particularly when viewed in light of the prior
10 art and the functional elements of the design are excluded as a basis for similarity.  In addition,
11 Samsung's investigation is ongoing and Samsung will supplement this interrogatory after a
12 reasonable investigation and further discovery from Apple on the basis for its infringement
13 position.

14 For U.S. Patent No. D504,889, the accused Samsung products, as identified in Apple's
15 Response to Samsung Interrogatory No. 5, are not substantially similar to an ordinary observer
16 giving such attention as a purchaser usually gives, particularly when viewed in light of the prior
17 art and the functional elements of the design are excluded as a basis for similarity.  In addition,
18 Samsung's investigation is ongoing and Samsung will supplement this interrogatory after a
19 reasonable investigation and further discovery from Apple on the basis for its infringement
20 position.  Samsung also incorporates by reference the Declaration of Itay Sherman in Support of
21 Samsung's Opposition to Apple's Motion for a Preliminary Injunction (Dkt. No. 172).

22 **INTERROGATORY NO. 12:**

23 Specifically for each of the Design Patents at Issue, explain the factual and legal bases for
24 Samsung's Third Affirmative Defense: Patent Invalidity. The response should include: (a) the
25 identity of any item of prior art that Samsung alleges anticipates each Design Patent at Issue; (b)
26 the identity of any item of prior art that Samsung alleges is a primary reference pursuant to *In re*
27 *Rosen*, 673 F.2d 388 (CCPA 1982); (c) the identity of any combinations of prior art that Samsung
28 alleges render any of the Design Patents at Issue obvious, including an explanation of why the

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

1  prior art renders each Design Patent at Issue obvious; and (d) any other grounds of invalidity

2  alleged by Samsung, including those based on 35 U.S.C. §§ 101, 102, 103, 112 and/or 171.

3  **RESPONSE TO INTERROGATORY NO. 12:**

4      Samsung objects to this interrogatory as vague and ambiguous.  Samsung further objects to

5  this interrogatory to the extent that it seeks to elicit information subject to and protected by the

6  attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the

7  common interest doctrine, and/or any other applicable privilege or immunity.  Samsung further

8  objects to this interrogatory as premature to the extent it requests information regarding

9  Samsung's invalidity contentions before sufficient discovery has been conducted.  Samsung

10 further objects to this interrogatory to the extent it prematurely calls for contentions at this stage of

11 litigation.  Samsung further objects to this interrogatory because it contains multiple subparts such

12 that each should count as a separate interrogatory.  Samsung will provide such contentions in

13 accordance with the Court's Minute Order and Case Management Order, dated August 25, 2011.

14     Subject to the foregoing general and specific objections, Samsung responds as follows:

15     For U.S. Patent No. D627,790, because the burden of deriving or ascertaining the answer

16 to this Interrogatory from the produced business records is substantially the same for Apple as for

17 Samsung, in accordance with Federal Rule of Civil Procedure 33(d), Samsung refers Apple to

18 documents produced in this action related to prior art, including the following documents:

19 SAMNDCA00020035-20119; SAMNDCA00020499-20575; SAMNDCA00020879-20899;

20 SAMNDCA00021500-21504; SAMNDCA00021894-22450; SAMNDCA00022764-22801;

21 SAMNDCA00023585-23590; SAMNDCA00024570-24581; SAMNDCA00199073-199148;

22 SAMNDCA00199210-199401; SAMNDCA00199525-200616; SAMNDCA00200640-200649;

23 SAMNDCA00200659-200660; SAMNDCA00200666-200669; SAMNDCA00200677-200685;

24 SAMNDCA00200715-200723; SAMNDCA00200734-200736; SAMNDCA00200749-200750;

25 SAMNDCA00200789-200791; SAMNDCA00200807-200808; SAMNDCA00200839-200842;

26 SAMNDCA00200926-200927; SAMNDCA00200941-200952; SAMNDCA00200961-200971;

27 SAMNDCA00201021-201022; SAMNDCA00201076-201077; SAMNDCA00201095-201097;

28 SAMNDCA00201112-201113; SAMNDCA00201141-201142; SAMNDCA00201151-201159;

1  believes that Apple's design patent is invalid because it is the subject of double-patenting, is
2  indefinite, and because the design is not ornamental.  In addition, Samsung's investigation is
3  ongoing and Samsung will supplement this interrogatory after a reasonable investigation and
4  further discovery from Apple on the basis for its infringement position.
5         For U.S. Patent No. D504,889, in accordance with Federal Rule of Civil Procedure 33(d),
6  Samsung refers Apple to documents produced in this action related to prior art, including the
7  following documents, because the burden of deriving or ascertaining the answer to this
8  Interrogatory from the produced business records is substantially the same for Apple as for
9  Samsung: SAMNDCA00019932-19943; SAMNDCA00020120-20247; SAMNDCA00020394-
10 20498; SAMNDCA00020903-20906; SAMNDCA00020978-20989; SAMNDCA00021281-
11 21313; SAMNDCA00021330-21336; SAMNDCA00021341-21436; SAMNDCA00021479-
12 21485; SAMNDCA00021505-21588; SAMNDCA00021593-21596; SAMNDCA00021800-
13 21805; SAMNDCA00022451-22506; SAMNDCA00022514-22520; SAMNDCA00022732-
14 22763; SAMNDCA00022802-22812; SAMNDCA00022901-22910; SAMNDCA00022984-
15 23047; SAMNDCA00023234-23265; SAMNDCA00023520-23524; SAMNDCA00023591-
16 23801; SAMNDCA00024582-24629; SAMNDCA00027686-27690; SAMNDCA00027692-
17 27708; SAMNDCA00198059; SAMNDCA00198070-198076; SAMNDCA00198089-198096;
18 SAMNDCA00198109-198115; SAMNDCA00198134-198142; SAMNDCA00198245-198267;
19 SAMNDCA00198285-198289; SAMNDCA00198317-198318; SAMNDCA00198322;
20 SAMNDCA00198333-198336; SAMNDCA00198343-198344; SAMNDCA00198754-198808;
21 SAMNDCA00198884-198918; SAMNDCA00199164-199189; SAMNDCA00199204-199209;
22 SAMNDCA00199402-199411; SAMNDCA00199415-199419; SAMNDCA00199426-199432;
23 SAMNDCA00199439-199441; SAMNDCA00199445-199447; SAMNDCA00199454-199524;
24 SAMNDCA00200617-200639; SAMNDCA00200650-200658; SAMNDCA00200661-200665;
25 SAMNDCA00200670-200676; SAMNDCA00200686-200714; SAMNDCA00200724-200733;
26 SAMNDCA00200737-200740; SAMNDCA00201264-201271.
27        Samsung believes that the identified prior art, standing alone, or in combination, would be
28 substantially similar to an ordinary observer giving such attention as a purchaser usually gives, to

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

Apple's design patent, rendering the patent invalid as anticipated and/or obvious. Samsung also believes that Apple's design patent is invalid because it is the subject of double-patenting, is indefinite, and because the design is not ornamental. In addition, Samsung's investigation is ongoing and Samsung will supplement this interrogatory after a reasonable investigation and further discovery from Apple on the basis for its infringement position. Samsung also incorporates by reference the Declaration of Roger Fidler and the Declaration of Itay Sherman in Support of Samsung's Opposition to Apple's Motion for a Preliminary Injunction (Dkt. Nos. 166, 172).

**INTERROGATORY NO. 13:**

Identify (a) all individuals who are current or former members of Samsung's Industrial Design (ID) team and/or User Interface (UX) design team who have worked on any aspect of the design of any of Samsung's mobile phones and/or tablets since 2000, and (b) each identified individual's start date and end date (if any) of employment with Samsung.

**RESPONSE TO INTERROGATORY NO. 13:**

Samsung objects to this interrogatory on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, especially to the extent it seeks information about "any of Samsung's mobile phones since 2000" beyond the accused products or accused components or technologies of those products that may be relevant to the Patents at Issue, and/or that Apple has placed at issue in this case in its infringement contentions. Unlike Apple, which does not introduce more than a single mobile device in either the phone or tablet computer category in any given year and has introduced fewer than ten such products total in the past eleven years, Samsung introduces dozens of phones each year and hundreds since 2000. Samsung objects to the terms "have worked on" and "any aspect" as vague, ambiguous and overly broad. Samsung objects to this interrogatory to the extent it seeks information that is subject to a confidentiality or non-disclosure agreement or governed by a protective order preventing its production, or otherwise seeks confidential, proprietary or trade secret information of third parties. Samsung further objects to this interrogatory because it contains multiple subparts such that each should count as a separate interrogatory. Samsung

1 further objects to this interrogatory to the extent it seeks information beyond a reasonable time
2 period and outside the scope of permissible discovery.

3     Subject to the foregoing general and specific objections, Samsung responds as follows:

4     Samsung has nearly 200,000 employees, including approximately 450 that work on design
5 in the mobile division alone.  Therefore, a large number of Samsung employees have "worked on
6 any aspect of the design of any of Samsung's mobile phones and/or tablets."  Even with respect to
7 the Products at Issue, hundreds of Samsung employees have likely "worked on any aspect" of
8 such products.

9     Samsung further incorporates by reference the information set forth in its Initial
10 Disclosures as well as the information set forth in its response to Interrogatory No. 10.  Samsung's
11 investigation is ongoing, and Samsung will supplement this interrogatory to provide the identities
12 of the Samsung employees who are or were primarily responsible for the design and/or user
13 interface of the features for the products accused in this lawsuit.  Samsung is further willing to
14 meet and confer regarding the scope of this interrogatory.

15 DATED:  December 19, 2011        Respectfully submitted,

16     QUINN EMANUEL URQUHART &
17     SULLIVAN, LLP

19     By   */s/ Victoria F. Maroulis*
20     Charles K. Verhoeven
    Kevin P.B. Johnson
21     Victoria F. Maroulis
    Michael T. Zeller
22     Attorneys for SAMSUNG ELECTRONICS CO.,
    LTD., SAMSUNG ELECTRONICS AMERICA,
23     INC. and SAMSUNG
    TELECOMMUNICATIONS AMERICA, LLC

# CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2011, I caused **SAMSUNG'S OBJECTIONS AND RESPONSES TO APPLE INC.'S FIFTH SET OF INTERROGATORIES (Nos. 11-13)** to be electronically served on the following via email:

**ATTORNEYS FOR APPLE INC.**

| | |
|---|---|
| AppleMoFo@mofo.com<br>HAROLD J. MCELHINNY<br>hmcelhinny@mofo.com<br>MICHAEL A. JACOBS<br>mjacobs@mofo.com<br>JENNIFER LEE TAYLOR<br>jtaylor@mofo.com<br>ALISON M. TUCHER<br>atucher@mofo.com<br>RICHARD S.J. HUNG<br>rhung@mofo.com<br>JASON R. BARTLETT<br>jasonbartlett@mofo.com<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, California 94105-2482<br>Telephone: (415) 268-7000<br>Facsimile: (415) 268-7522 | WILLIAM F. LEE<br>william.lee@wilmerhale.com<br>WILMER CUTLER PICKERING HALE<br>AND DORR LLP<br>60 State Street<br>Boston, Massachusetts 02109<br>Telephone: (617) 526-6000<br>Facsimile: (617) 526-5000<br><br>MARK D. SELWYN<br>mark.selwyn@wilmerhale.com<br>WILMER CUTLER PICKERING HALE<br>AND DORR LLP<br>950 Page Mill Road<br>Palo Alto, California 94304<br>Telephone: (650) 858-6000<br>Facsimile: (650) 858-6100 |

I declare under penalty of perjury that the foregoing is true and correct. Executed in Redwood Shores, California on Dec. 19, 2011.

                                                                          /s/ Melissa N. Chan