1    HAROLD J. MCELHINNY (CA SBN 66781)
     hmcelhinny@mofo.com
2    MICHAEL A. JACOBS (CA SBN 111664)
     mjacobs@mofo.com
3    RACHEL KREVANS (CA SBN 116421)
     rkrevans@mofo.com
4    JENNIFER LEE TAYLOR (CA SBN 161368)
     jtaylor@mofo.com
5    ALISON M. TUCHER (CA SBN 171363)
     atucher@mofo.com
6    RICHARD S.J. HUNG (CA SBN 197425)
     rhung@mofo.com
7    JASON R. BARTLETT (CA SBN 214530)
     jasonbartlett@mofo.com
8    MORRISON & FOERSTER LLP
     425 Market Street
9    San Francisco, California  94105-2482
     Telephone:  (415) 268-7000
10   Facsimile:  (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

11   Attorneys for Plaintiff and
     Counterclaim-Defendant APPLE INC

13             UNITED STATES DISTRICT COURT

14          NORTHERN DISTRICT OF CALIFORNIA

15                SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | Case No. 11-cv-01846-LHK |
| Plaintiff, | **APPLE'S CORRECTED OBJECTIONS AND RESPONSES TO OBJECTIONS REGARDING JIN SOO KIM, JEEYUEN WANG, ROGER FIDLER, ITAY SHERMAN, SAMUEL LUCENTE, AND MICHAEL KAMINS** |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | **Trial:**    **August 14, 2012**<br>**Time:**    **8:30 a.m.**<br>**Place:**   **Courtroom 1, 5th Floor**<br>**Judge:**   **Hon. Lucy H. Koh** |
| Defendants. | |

## I.      JIN SOO KIM

### A.      Objections to Samsung's Direct Examination Exhibits

*DX2602.*  Apple objects to DX2602 on the ground that Samsung failed to timely disclose it on its list of 200 trial exhibits.  DX2602 is an internal Samsung tablet model bearing production No. 14.  Presumably, Samsung will argue that it relates to the development of the Galaxy Tab 10.1, an accused product.  Samsung did not include this model on its trial exhibit list filed with the Joint Pretrial Statement on July 6.  (*See* Dkt. No. 1189; Dkt. No. 1189-6.)  Nor was DX2602 on any of amended or revised exhibit list before Samsung disclosed it on Sunday morning, August 12.

Samsung had ample opportunity to disclose DX2602 and other tablet models like it, but did not do so.[1]  Samsung had physical custody of these tablet models, and DX2602 was used as an exhibit at Mr. Kim's deposition.  (Hung Decl. Ex. 1, J.S. Kim Dep. Tr. (Feb. 2, 2012), at 4:5, 101:11-20.)

Moreover, DX2602 is not a rebuttal or impeachment exhibit because Samsung has long planned for Mr. Kim to testify regarding its design of the Galaxy Tab.  Samsung identified Mr. Kim as knowledgeable of the "design of Galaxy Tab" *in September 2011*.  (Hung Decl. Ex. 2, Samsung's Init. Discl. Pursuant to Fed. R. Civ. P. 26(a)(1), at 5.)  Samsung subsequently identified Mr. Kim in the Joint Pretrial Statement as a trial witness on the "design of Galaxy Tab products" filed on July 6, 2012.  (Dkt. No. 1189-4 at 13.)  Accordingly, Samsung cannot plausibly contend that DX2602 is necessary to rebut unexpected evidence or arguments offered by Apple.  And because Mr. Kim is Samsung's own witness, it cannot use DX2602 for impeachment.

*JX1012.*  Apple objects to Mr. Kim offering testimony regarding JX1012, the Samsung Galaxy S Epic 4G, on the grounds of lack of foundation and relevance and because any testimony that Mr. Kim could offer on this exhibit would constitute improper expert opinion testimony by a lay witness.

---

[1]  DX2599, DX2600, DX2601, DX2603 are similarly untimely.

APPLE'S CORRECTED OBJS. AND RESP. RE: KIM, WANG, FIDLER, SHERMAN, LUCENTE, AND KAMINS
CASE NO. 11-CV-01846-LHK
sf-3182529

1

1  Samsung cannot lay a foundation to use JX1012 with Mr. Kim.  Mr. Kim testified that he

2  did not participate or have any involvement in the design of the Epic 4G.  (Hung Decl. Ex. 3, J.S.

3  Kim Dep. Tr. (U.S.I.T.C. Feb. 3, 2012), at 14:4-19:3.)  Indeed, Mr. Kim could not recall working

4  on any full touch technology product introduced into the U.S. market.  (Hung Decl. Ex. 1, J.S.

5  Kim Dep. Tr. (N.D. Cal. Feb. 2, 2012), at 26:16-20.)  And Samsung has never disclosed Mr. Kim

6  as knowledgeable of the Epic 4G.  (Hung Decl. Ex. 4, Samsung's 4th Am. and Supp. Init. Discl.

7  Pursuant to Fed. R. Civ. P. 26(a)(1), at 5; Dkt. No. 1189-4 at 13.)

8  Because he lacks personal knowledge of the JX1012, any testimony that Mr. Kim could

9  provide can only represent an improper attempt by Samsung to introduce undisclosed expert

10  opinion testimony from a lay witness.  Moreover, such testimony would evade Judge Grewal's

11  order striking non-infringement arguments that Samsung did not timely disclose.  (Dkt. No. 1144

12  at 3 (granting Apple motion to strike expert testimony of Robert Anders because it concerned

13  noninfringement theories not disclosed during discovery).)  Recognizing this, Samsung recently

14  withdrew Mr. Anders as a potential Tuesday witness after disclosing him and his materials.

15  (Hung Decl. Ex. 21, Aug. 12, 2012 V. Maroulis Email to Counsel.)  The Court also has

16  previously held that Samsung cannot introduce through fact witnesses non-infringement theories

17  struck from its expert reports by Judge Grewal's order.  (Dkt. No. 1545 at 10 ("Samsung will not

18  be permitted to argue, through fact witnesses or otherwise, for invalidity of design patents, ***non-

19  infringement of design patents***, or lack of distinctiveness of trade dress based on theories not

20  timely disclosed in Samsung's amended responses to contention interrogatories." (emphasis

21  added)).)  In light of the Court's and Judge Grewal's orders, Mr. Kim should not be permitted to

22  offer what would be tantamount to expert testimony on noninfringement.

23  **B.    Responses to Samsung's Objections to Apple's Cross-Examination Exhibits**

24  ***PX47.***  Apple properly offers PX47 for purposes of impeachment.  If Mr. Kim, a principal

25  designer who has been with Samsung for approximately ten years, affirmatively testifies that

26  Samsung did not copy the iPhone or that Samsung lacked knowledge of the striking similarity

27  between its Galaxy S phone and the iPhone, Apple may properly confront him with this contrary

28  evidence.  Apple also is entitled to question Mr. Kim as to whether he received this email, which

1   Samsung produced with garbled recipient information.  (*See* PX47 at SAMNDCA10159856.)

2   The face of the email shows that Dong Hoon Chang – the head of Samsung's design group and

3   Mr. Kim's superior (Hung Decl. Ex. 1, J.S. Kim Dep. Tr. (N.D. Cal. Feb. 2, 2012), at 18:1-20) –

4   received it shortly before the launch of the Galaxy S, making it likely that he did.  Apple also may

5   probe Mr. Kim's knowledge of PX47 and its surrounding circumstances.

6   Moreover, nothing about PX47 is misleading or unduly prejudicial.  The exhibit, a

7   Samsung internal email, reports that a group of well-respected Chinese designers evaluated the

8   Galaxy S and concluded that it "generally lacks an innovative feel in all categories" and that

9   "[n]ot just the shape, but even the packaging *looks like it copied the iPhone too much*, and

10  innovation is needed."  (PX47 at SAMNDCA10159856.)

11  In addition, PX47 is highly probative of the nonobviousness of Apple's iPhone designs.

12  Samsung will be calling Mr. Kim in its defensive case, in which Samsung seeks to prove that the

13  Apple iPhone design patents are invalid.  PX47 constitutes evidence of recognition by industry

14  leaders and prominent designers of the iPhone's design.  It reports that the panel of Chinese

15  designers praised the HTC Legend because it "*feels equivalent to the iPhone* and feels like it has

16  design leadership."  (PX47 at SAMNDCA10159856 (emphasis added).)   This evidence of

17  industry recognition is relevant as an objective indicium of nonobviousness.  Samsung cannot

18  assert untimeliness because it did not propound interrogatories calling for Apple to disclose its

19  underlying support for its contentions regarding secondary considerations of nonobviousness.

20  ***Jung Min Yeo Deposition Transcript].***  Apple proffers Ms. Yeo's deposition transcript

21  for purposes of impeachment.  Ms. Yeo reports directly to Mr. Kim and worked with him on the

22  Galaxy Tab 10.1 and Galaxy Ace. (Hung Decl. Ex. 5, J.M. Yeo Dep. Tr. (Feb. 2, 2012), at 22:23-

23  25; 25:9-25.)  Ms. Yeo's prior testimony on similar subject matter can be properly used to

24  impeach Mr. Kim's credibility.  It is important to note that the Court has already overruled

25  objections to the use of deposition testimony from a witness to examine a different witness at

26  trial.  (*See*, *e.g.*, Dkt. No. 1563 at 5-6 (overruling objection to use of deposition testimony of

27  Wookyun Kho during examination of Justin Denison).)  Samsung's objection should be

28  overruled.

## II.     JEEYUEN WANG

### A.      Objections to Samsung's Direct Examination Exhibits

*SDX3972.0023*.  SDX3972.0023 appears to have been prepared to allow Ms. Wang, a lay witness, to provide improper expert opinion testimony for which she is not qualified.  Apple therefore objects on this basis.

Rule 701 of the Federal Rules of Evidence provides that lay opinion testimony must be "(a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."  Fed. R. Evid. 701.  To be admissible, Ms. Wang's testimony regarding this demonstrative must be "predicated upon concrete facts within [her] own observation and recollection—that is facts perceived from [her] own senses, as distinguished from [her] opinions or conclusions drawn from such facts." *United States v. Skeet*, 665 F.2d 983, 985 (9th Cir. 1982).  In addition, Rule 26(a)(2) of the Federal Rules of Civil Procedure provides that any expert testimony must be timely disclosed and accompanied by a written report identifying the expert's opinions.  Fed. R. Civ. P. 26(a)(2)(B)–(C).

The demonstrative is a classic example of one that would be used by an expert witness.  It is a modified image of a drawing from the D'305 patent as the colorful rounded square containers have been removed from certain icons.  The image does not exist on any of Apple's iPhone products or in the D'305 patent itself.  But Ms. Wang, a Samsung employee, was never disclosed as an expert witness in this litigation.  Any expert opinion testimony from her is therefore improper, but that is precisely what SDX3972.0023 suggests that Samsung will offer.  There is no indication that Ms. Wang created this image or observed it firsthand outside of this litigation.  Thus, Ms. Wang cannot offer testimony based on her own perceptions, encounters, or observations of this drawing; instead, any testimony she could provide would consist entirely improper speculative lay opinion. *See Ciampi v. City of Palo Alto*, 790 F. Supp. 2d 1077, 1092 (N.D. Cal. 2011) (rejecting proffered lay opinion that was "speculative" and not based on witness's "own experience of the incident").

APPLE'S CORRECTED OBJS. AND RESP. RE: KIM, WANG, FIDLER, SHERMAN, LUCENTE, AND KAMINS
CASE NO. 11-CV-01846-LHK
sf-3182529

4

1  The demonstrative is also misleading because it depicts a modification to the D'305 patent

2  design and does not depict the actual claimed design in full.  As noted above, the image shown

3  appears to be a drawing from the D'305 patent but with modified icons.  It does not accurately

4  depict any drawing in the D'305 patent or any homescreen available on the original iPhone,

5  iPhone 3G, iPhone 3GS, or iPhone 4.

6  **SDX3927.0027**.  Apple objects to SDX3927.0027 for the same reasons it objects to

7  SDX3927.0023.  Specifically, SDX3927.0027 appears to have been prepared for Ms. Wang to

8  provide improper expert opinion testimony.

9  Apple further objects that this demonstrative appears to have been prepared to support an

10  undisclosed and untimely functionality theory.  SDX3927.0027 depicts a modified screenshot of

11  an iPhone 3GS homescreen with the colorful rounded square containers removed from certain

12  icons.  Samsung apparently intends this demonstrative to support a contention that colorful

13  squares are needed to ensure that icons remain visible on any non-black background, and thus that

14  the D'305 patent and graphical user interface elements of Apple's asserted trade dress are

15  functional.  But Samsung did not timely disclose this functionality theory in its responses to

16  Apple's two interrogatories (Nos. 38 and 40) seeking Samsung's functionality contentions

17  regarding the asserted design patents and trade dress.  (*See* Hung Decl. Ex. 7, Samsung's Resp. to

18  Interrog. No. 38 (Feb. 29, 2012), at 16–21; Hung Decl. Ex. 8, Samsung's Resp. to Interrog.

19  No. 40, (Feb. 22, 2012), at 6–7; Hung Decl. Ex. 14, Samsung's Supp. Resp. to Interrog. No. 40

20  (Mar. 22, 2012), at 6–13.)  Because Samsung did not timely disclose this functionality contention

21  during discovery, it cannot use SDX3927.0027 to support this contention at trial.

22  **B.  Responses to Samsung's Objections to Apple's Cross-Examination Exhibits**

23  **PX2253.**  Apple intends to offer PX2253 for impeachment purposes.  PX2253 is a

24  screenshot of computer metadata identifying Jeeyeun Wang as the custodian for PX185, which is

25  Bates-labeled SAMNDCA1057309–80.  PX2253 (and other exhibits like it, including PX2250–

26  52 and PX2254) shows that Ms. Wang was the custodian of many documents she denied having

27  knowledge of at her deposition.  For example, PX2254 is a similar exhibit to PX2253.  It contains

28  metadata for PX194 showing the Bates-range and that Ms. Wang is the custodian of that

APPLE'S CORRECTED OBJS. AND RESP. RE: KIM, WANG, FIDLER, SHERMAN, LUCENTE, AND KAMINS
CASE NO. 11-CV-01846-LHK
sf-3182529

5

document.  Despite the fact that Ms. Wang is the custodian of PX194, she testified under oath that she did not recall seeing it before.  (Hung Decl. Ex. 10, J. Wang Dep. Tr. (Feb. 2, 2012), at 89:14-23.)  Accordingly, Apple may properly use PX2253 and similar documents to impeach Ms. Wang during trial if she continues to deny knowledge of documents produced from her own custodial files.

   ***PX2255.***  Apple withdraws exhibits PX2255 and PX2268.  Samsung's objection to PX2255 is therefore moot.

APPLE'S CORRECTED OBJS. AND RESP. RE: KIM, WANG, FIDLER, SHERMAN, LUCENTE, AND KAMINS
CASE NO. 11-CV-01846-LHK
sf-3182529

6

1

2

## III.   ROGER FIDLER

### A.   Objections to Samsung's Deposition Designations

*DX689.*  Samsung seeks to admit into evidence a declaration of Mr. Fidler and the exhibits attached thereto.  DX689 is inadmissible for two reasons.  First, the declaration is hearsay.  It will be offered to prove the truth of the matter asserted.  To the extent Samsung argues Mr. Fidler's declaration should be admissible as a declarant-witness's prior statement under Rule 801(d), it is inadmissible because the declaration is not inconsistent with the deposition testimony to be admitted at trial.  To the extent Samsung argues Mr. Fidler's declaration should be admissible under Rule 804(b) as prior testimony, it is inadmissible because Mr. Fidler is not unavailable to testify.  He is represented by Samsung's counsel, and is being paid $220 an hour for his time spent on the case.  (Hung Decl. Ex. 11, R. Fidler Dep. Tr. (Sept. 23, 2011), at 76:24-78:22; 159:25-160:9.)

The exhibits to Mr. Fidler's declaration that form part of DX689 are also inadmissible.  They were never produced in this case, as evidenced by the lack of Bates numbers on the exhibits, and should be excluded.  Mr. Fidler's production of documents was quite small and did not include any of the photographs attached to his declaration.  Moreover, he testified that the photographs to his declaration were taken by Samsung's counsel.  (Hung Decl. Ex. 11, R. Fidler Dep. Tr., at 74:5-19.)  Rather than submitting the actual Fidler tablet mock-up so the jury can see the model in its entirety, Samsung is attempting to present to the jury misleading photographs that were never formally produced during discovery.[2]  (*See* Hr'g Tr. at 942:20–943:13 (sustaining objection to PX175 because, although it was attachment to declaration submitted during preliminary injunction phase, it was not formally produced during discovery).)

*Fidler Deposition Transcript at 208:15-23.*  Mr. Fidler testified at his deposition that "members of the Apple Lab viewed this tablet shortly after its creation."  (Hung Decl. Ex. 11, Fidler Dep. Tr., at 208:15-23.)  But, in terms of the D'889 patent, any evidence that Apple

_____

[2] Apple notes Samsung attempts to include these same photographs at SDX3970.011 and .012, the demonstrative exhibits for Mr. Sherman.

APPLE'S CORRECTED OBJS. AND RESP. RE: KIM, WANG, FIDLER, SHERMAN, LUCENTE, AND KAMINS
CASE NO. 11-CV-01846-LHK
sf-3182529

7

1   "viewed" alleged prior art can only be relevant to an allegation of inequitable conduct (*see* Dkt.

2   No. 80 at 28–33) – which Samsung has never pleaded – or invalidity under Section 102(f)

3   because Apple allegedly derived it from another, which Samsung has never contended (*see* Hung

4   Decl. Ex. 20, Samsung's Dec. 19, 2011 Resp. to Interrog. No. 12, at 7-8, 14-15).  *See also Ex*

5   *parte Kusko*, 215 U.S.P.Q. 972, 974 (Bd. App. 1981) ("[M]ost, if not all, determinations under

6   section 102(f) involve the question of whether one party derived an invention from another.").

7   Because this evidence is not relevant to any allegation or contention properly raised by Samsung,

8   its minimal probative value is greatly outweighed by the prejudice it will cause Apple.

9   　　　　There is also no allegation in this case that the Fidler mock-up is patented or otherwise

10  protected, or that Apple infringed any of Mr. Fidler's intellectual property rights.  If this

11  testimony has any probative value, it therefore is substantially outweighed by a danger of unfair

12  prejudice and confusing the jury.  The same rationale that motivated this Court's Order on the

13  exclusion of Sony-style design evidence (*see* Dkt. No. 1553 at 3-4) applies to this deposition

14  designation, and it should be excluded.

15  　　　　**B.　　　Responses to Samsung's Objections to Apple's Counter-Designations**

16  　　　　Samsung objects to several of Apple's counter-designations as allegedly untimely,

17  because they were not designated by the formal deadline for filing designations.  Samsung's

18  objection ignores the parties' agreement to adjust their designations during trial, and its own

19  adjustments to its designations after trial began consistent with that agreement.

20  　　　　At the parties' live meet and confer on the evening of Sunday, July 29, 2012, counsel for

21  both parties acknowledged that they might need to adjust the deposition designations and counter-

22  designations that they had already disclosed.  In view of the Court's process for handling witness

23  disclosures and objections thereto, the parties agreed that any such adjustments could be dealt

24  with as part of that process.  *I.e.*, per the agreed schedule, the party calling a witness by

25  designation would disclose the designations when it disclosed direct examination materials for

26  other witnesses testifying that same day, and the opposing party would disclose counter-

27  designations when it disclosed its cross examination materials for the other witnesses.  (Hung

28  Decl. ¶ 2.)

APPLE'S CORRECTED OBJS. AND RESP. RE: KIM, WANG, FIDLER, SHERMAN, LUCENTE, AND KAMINS
CASE NO. 11-CV-01846-LHK
sf-3182529

8

1    Both parties have been operating under this agreement.  For example, on August 8, 2012,

2    Samsung responded to Apple's August 5 and 7 disclosures, which included deposition testimony

3    Tim Benner, Dong Hoon Chang, and JunWon Lee.  *All but one* of Samsung's four

4    counterdesignations for Mr. Lee was newly disclosed.  *Fully half* of Samsung's

5    counterdesignations for Mr. Benner were new.  (*Compare* Samsung's Objs. and Counter

6    Designations to Apple's Aug. 5 and 7, 2012 Disclosures (Aug. 8, 2012) *with* Dkt. No. 1387-1

7    at 2-4, 30-34.)  Samsung's objection to Apple's adjustments to its counterdesignations for

8    Mr. Fidler ignores both the parties' agreement and its own practice consistent with that

9    agreement.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

APPLE'S CORRECTED OBJS. AND RESP. RE: KIM, WANG, FIDLER, SHERMAN, LUCENTE, AND KAMINS
CASE NO. 11-CV-01846-LHK
sf-3182529

9

IV.     **ITAY SHERMAN**

      A.     **Objections to Samsung's Direct Examination Exhibits**

     *DX562.*  The Court has already limited Samsung's potential use of DX562 solely to the issue of functionality.  (Dkt. No. 1510 (limiting use of slides in Samsung's opening statement because the "Howarth e-mail and the photo" were only "admissible to show functionality"); Hung Decl. Ex. 6, Hr'g Tr., at 455:2-11 (Court noting that reference to DX562 during Samsung's Opening Statement "crossed the line" because not limited to functionality.)

        Samsung should also not be permitted to offer DX562 into evidence because it did not identify the underlying document in its responses to Apple's interrogatories seeking Samsung's functionality contentions.  Apple's Interrogatory No. 38 asked Samsung to "[d]escribe the functional benefit of every element of Apple's Asserted Design Patents that Samsung alleges is functional and *identify every document supporting Samsung's claim*."  (Hung Decl. Ex. 12, Apple Inc.'s 10th Set of Interrog., at 10 (emphasis added).)  Its Interrogatory No. 40, which sought the bases for Samsung's affirmative defense that the asserted trade marks, trade dress, and design patents were functional, asked Samsung to "*identify all documents* and things relating to your response."  (Hung Decl. Ex. 13, Apple's 11th Set of Interrog., at 9 (emphasis added).)  None of Samsung's original or supplemental responses to these interrogatories identified DX562.  (Hung Decl. Ex. 7, Samsung's Feb. 29, 2012 Resp., at 16-21; Hung Decl. Ex. 8, Samsung's Feb. 22, 2012 Resp., at 6-7; Hung Decl. Ex. 9, Samsung's Mar. 7, 2012 Resp., at 6-13.; Hung Decl. Ex. 22, Samsung's Mar. 19, 2012 Supp. Resp., at 22.)  This Court has ruled on numerous occasions that documents not identified in interrogatory responses should be excluded.  (*See, e.g.,* Dkt. No. 1456 at 2 (excluding exhibits because they were not identified in response to a contention interrogatory).)  DX562 should be treated no differently and should be excluded for all purposes, including for functionality.

     *JX1093.*  This Court has already admitted JX1093 (the LG Prada phone) with a limiting instruction that it is not prior art:

        The Court:  All right.  So what – it's 1093?

        Mr. Price:  Yes, your honor.

APPLE'S CORRECTED OBJS. AND RESP. RE: KIM, WANG, FIDLER, SHERMAN, LUCENTE, AND KAMINS
CASE NO. 11-CV-01846-LHK
sf-3182529

10

The Court:  All right. So the limiting instruction is that this exhibit, or I guess this phone is admitted, but it is not prior art for purposes of any invalidity of the patents. Okay? So you can consider it.

Mr. Price: Thank you, Your Honor.

(Hr'g Tr. at 673:8-16.)

Given this limiting instruction, the only arguably probative testimony that Mr. Sherman could permissibly offer regarding JX1093 would be regarding the functionality of Apple's asserted design patents.  But, as with the F700, the alleged functionality of a third-party product is of limited probative value in evaluating the functionality of *Apple's* patents-in-suit.  And there is a "real likelihood that the jury will consider [the testimony] for a purpose that has been excluded."  (Dkt. No. 1690 at 9.)

Even if the Court were to allow Mr. Sherman to opine regarding JX1093 status as prior art, he would not be able do so.  Mr. Sherman's report asserts without support that the Prada "was released in late 2006."  (Hung Decl. Ex. 15, Excerpts from Mr. Sherman's Expert Report, at 41.)  But Mr. Sherman has no personal knowledge that the Prada was released at that time and his only evidence concerning it is an LG press release attached to his August 22, 2011 declaration.  (Dkt. No. 172-19.)  That December 12, 2006 press release contains no images of the Prada and states only that "an initial launch is planned for early 2007, with distribution starting in Europe . . ., followed by countries in Asia."  (*Id.*)  Samsung has disclosed no exhibit that shows that JX1093 was released in the U.S. at all, much less prior to the D'677 or D'087 patents, and thus cannot show that it qualifies as prior art.  Because Samsung cannot overcome the Court's limiting instruction, Mr. Sherman should not be permitted to testify about JX1093.

**B.     Responses to Samsung's Objections to Apple's Cross-Examination Exhibits**

*PX151.*  PX151 is the LG Optimus T physical device, an alternative design to the D'087 patent, D'667 patent, and the iPhone trade dresses.  Apple intends to use the LG Optimus T only to impeach Mr. Sherman's testimony.

Based on Samsung's direct exhibit disclosures, Mr. Sherman will likely testify that the following elements of the Apple design patents and trade dresses are dictated by function: (1) the

APPLE'S CORRECTED OBJS. AND RESP. RE: KIM, WANG, FIDLER, SHERMAN, LUCENTE, AND KAMINS
CASE NO. 11-CV-01846-LHK
sf-3182529

11

1   black front surface; (2) the centered rectangular display screen; (3) the speaker slot; (4) the

2   borders surrounding the display screen; (5) the bezel; and (6) the transparent front surface.

3   Indeed, Mr. Sherman states that "the proposed alternative designs disclosed by Apple do not alter

4   my opinion as to the functionality of the asserted design patents and Apple's claimed trade dress."

5   (Hung Decl. Ex. 15, Excerpts from Mr. Sherman's Expert Report, at 105.)

6          If Mr. Sherman provides such testimony at trial, Apple may use the LG Optimus T to

7   impeach him.  The LG Optimus T looks nothing like the Apple design patents or trade dress.  It

8   has (1) a front surface that is not completely black, (2) an off-centered display screen, (3) a

9   trapezoidal speaker slot, (4) non-rectangular borders surrounding the display screen, (5) a

10  differently shaped bezel, and (6) a front surface that is not completely transparent.  The LG

11  Optimus T therefore would contradict any attempted testimony by Mr. Sherman that elements of

12  the Apple design patents and trade dress are dictated by function.

13         ***Deposition transcript of Robert Anders.***  Robert Anders and Itay Sherman are Samsung's

14  two experts on the iPhone design patents, and Samsung identified both as trial witnesses.  (Dkt.

15  No. 1332).  Apple should be allowed to use Mr. Anders' testimony during its cross-examination

16  of Mr. Sherman.  The jury should be aware, and Apple should be able to elicit, that Mr. Anders

17  and Mr. Sherman hold contradictory views regarding, for instance, the applicable definition of a

18  designer of ordinary skill in the art of industrial design.  (Dkt. No. 940-1 at 4.)  Indeed,

19  Mr. Sherman does not meet Mr. Anders's definition of a designer of skill in the art.  The jury

20  should be informed of Mr. Sherman's lack of qualifications – as measured by Samsung's own

21  industrial design expert – to impeach his credibility as an expert.  (*Id.*)  Moreover, this Court has

22  already allowed Samsung – over Apple's objection – to use deposition testimony from other

23  witnesses during cross-examination.  (Hung Decl. Ex. 6, Hr'g Tr., at 1123:7-16.)

24

25

26

27

28

APPLE'S CORRECTED OBJS. AND RESP. RE: KIM, WANG, FIDLER, SHERMAN, LUCENTE, AND KAMINS
CASE NO. 11-CV-01846-LHK
sf-3182529

12

## V.     SAMUEL LUCENTE

### A.     Objections to Samsung's Direct Examination Exhibits

**SDX3970.08.**  Samsung's proffered demonstrative SDX3970.08 shows that it intends to elicit opinions from Mr. Lucente regarding Apple's asserted trade dress.  In view of the narrow disclosures of his expert report, Apple objects to Mr. Lucente's anticipated reliance on the survey opinions of Messrs. Mantis and Mazis for his own discussion of trade dress elements, including the *Sleekcraft* factors.  (Hung Decl. Ex. 16 at 46-48.)  As the Court has previously ruled, an expert should not be allowed to testify regarding surveys conducted by other experts.  (Dkt. No. 1596 at 2 (sustaining Samsung's objection to Dr. Winer's attempted reliance on surveys by Messrs. Poret and Van Liere).)

**SDX3970.02-.07.**  Apple objects to SDX3970.02-.07 because these slides mislead the jury as to the test for design patent functionality.  The title of the slides – "functional elements" – wrongly suggests that design patent functionality is based on the functionality of individual elements, rather than on the actual test – whether the overall design is "dictated by the use or purpose of the article."  *L.A. Gear v. Thom McAn Shoe Co.*, 988 F.2d 1117, 1123 (Fed. Cir. 1993) ("An article of manufacture necessarily serves a utilitarian purpose, and the design of a useful article is deemed to be functional when the appearance of the claimed design is 'dictated by' the use or purpose of the article.").

Moreover, Samsung's use of the word "functional" in the title may confuse the jury as to the legal concept of "functionality" (versus its plain English meaning).  *See id*. at 1123 ("That elements of the '081 design, such as the delta wing or the side mesh, also provide support for the foot does not mean that the specific design of each element, and the combination of these elements into the patented design, is dictated by primarily functional considerations.  The elements of the design may indeed serve a utilitarian purpose, but it is the ornamental aspect that is the basis of the design patent.").  Absent correction, these slides should be excluded given the potential for jury confusion on this complex issue.

**B.      Responses to Samsung's Objections to Apple's Cross-Examination Exhibits**

*PX55.*  Apple offers this document for purposes of impeachment.  Should Mr. Lucente testify that no alternative user interface designs were available to Samsung, or that its prior designs were functionally constrained to look like Apple's iPhone interface design, then Apple is entitled to confront Mr. Lucente with contrary evidence showing Samsung;s own different designs.  This evidence is particularly important as Mr. Lucente purports to have studied internal Samsung documents to ascertain its design style and asserts that the accused designs merely "align to the Samsung design principles."  (Hung Decl. Ex. 16 at 10.)  PX55 is specifically probative on the issue because it lays out a timeline for different Samsung graphical user interface designs over the years.  The document, which is Samsung's own document, is not confusing or misleading.

PX55 is also probative of the nonobviousness of Apple's iPhone user interface design.  Samsung will be calling Mr. Lucente to prove that Apple's D'305 design patent is invalid.  Evidence such as PX55 showing Samsung's adoption of user interface designs similar to the iPhone is relevant as objective evidence of nonobviousness.  Because Samsung did not propound any interrogatory that would have called for Apple to disclose its underlying support for secondary considerations, there is no basis for excluding PX55 on grounds of non-disclosure.

*PX160.*  Apple offers this document, a picture of the Meizu M8 user interface, for purposes of impeachment.  Should Mr. Lucente testify that no alternative user interface designs were available to Samsung, or that its accused designs were functionally constrained to look like Apple's iPhone interface design, then Apple is entitled to confront Mr. Lucente with this contrary evidence.  There is nothing confusing or misleading about the document, which is a straightforward image of a graphical user interface.

1    VI.    **MICHAEL KAMINS**

2         A.    **Responses to Samsung's Objections to Apple's Cross-Examination Exhibits**

3         ***PDX51.***  Samsung objects to Apple's depiction of its asserted combination iPhone trade

4    dress in the demonstrative slides for the cross examination of Michael Kamins without the

5    disclaimer that this trade dress is "claimed by Apple."  Such a qualification is unnecessary and

6    confusing.  The jury has already seen nearly identical images of Apple's trade dress in both the

7    opening statement slides and during the testimony of Dr. Russell Winer.  (*See* Hung Decl. Ex. 19

8    at 80; PDX28.3 (direct examination of Dr. Winer).)

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

APPLE'S CORRECTED OBJS. AND RESP. RE: KIM, WANG, FIDLER, SHERMAN, LUCENTE, AND KAMINS
CASE NO. 11-CV-01846-LHK
sf-3182529

15

1

2     Dated: August 13, 2012                    MORRISON & FOERSTER LLP

3

4                                               By:   /s/  *Michael A. Jacobs*
                                                      Michael A. Jacobs

5
                                                Attorneys for Plaintiff
6                                               APPLE INC.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28