1   HAROLD J. MCELHINNY (CA SBN 66781)       WILLIAM F. LEE
    hmcelhinny@mofo.com                       william.lee@wilmerhale.com
2   MICHAEL A. JACOBS (CA SBN 111664)         WILMER CUTLER PICKERING
    mjacobs@mofo.com                          HALE AND DORR LLP
3   RACHEL KREVANS (CA SBN 116421)            60 State Street
    rkrevans@mofo.com                         Boston, MA 02109
4   JENNIFER LEE TAYLOR (CA SBN 161368)       Telephone: (617) 526-6000
    jtaylor@mofo.com                          Facsimile: (617) 526-5000
5   ALISON M. TUCHER (CA SBN 171363)
    atucher@mofo.com                          MARK D. SELWYN (SBN 244180)
6   RICHARD S.J. HUNG (CA SBN 197425)         mark.selwyn@wilmerhale.com
    rhung@mofo.com                            WILMER CUTLER PICKERING
7   JASON R. BARTLETT (CA SBN 214530)         HALE AND DORR LLP
    jasonbartlett@mofo.com                    950 Page Mill Road
8   MORRISON & FOERSTER LLP                   Palo Alto, California 94304
    425 Market Street                         Telephone: (650) 858-6000
9   San Francisco, California  94105-2482     Facsimile: (650) 858-6100
    Telephone:  (415) 268-7000
10  Facsimile:  (415) 268-7522

11  Attorneys for Plaintiff and
    Counterclaim-Defendant APPLE INC
12

13              UNITED STATES DISTRICT COURT

14             NORTHERN DISTRICT OF CALIFORNIA

15                    SAN JOSE DIVISION

16

17  APPLE INC., a California corporation,        Case No. 11-cv-01846-LHK

18                   Plaintiff,                  **APPLE INC.'S OPPOSITION TO
                                                 SAMSUNG'S MOTION TO EXCLUDE
19          v.                                   EXAMINATION AND COMMENT ON
                                                 ABSENT WITNESSES**
20  SAMSUNG ELECTRONICS CO., LTD., a
    Korean business entity; SAMSUNG
21  ELECTRONICS AMERICA, INC., a New York
    corporation; SAMSUNG
22  TELECOMMUNICATIONS AMERICA, LLC, a
    Delaware limited liability company,
23
                     Defendants.
24

25

26

27

28

Samsung moves for a blanket order prohibiting Apple from eliciting testimony about – or even commenting on – the fact that a Samsung employee has not been called to testify at trial. Samsung seeks to justify its request by the supposedly "unique circumstances" here, namely that the Court has limited the time for Samsung – and Apple – to present its case.  But there is, of course, nothing "unique" about limiting time for trial, let alone anything about such time limits that would justify the extraordinary order Samsung seeks.  Samsung's motion should be denied.

## ARGUMENT

### I.     THE TYPICAL RULES REGARDING REFERENCES TO ABSENT WITNESSES SHOULD APPLY.

In the normal course, a party is free to examine or comment on the absence of an opposing witness, subject to specific objections.  *See Dillon v. City of Chicago*, 09 C 5251, 2012 U.S. Dist. LEXIS 46150, at *1 (N.D. Ill. Apr. 2, 2012) (rejecting request to bar evidence or argument regarding failure to call witnesses and agreeing with plaintiff that "plaintiff may comment on their absence . . . . Plaintiff is allowed to point out the alleged deficiencies in defendants' case."); *see also Food Machinery & Chemical Corp. v. Meader*, 294 F.2d 377, 384 (9th Cir. 1961) (noting that "[c]ounsel may comment to the jury on the failure to call a witness[.]"); *Tobar v. McEwen*, No. 07-2809, 2010 U.S. Dist. LEXIS 141586, at *81–82 (C.D. Cal. Dec. 28, 2010) (comments on absence of testimony and evidence not error).  Samsung nonetheless asks the Court to deviate from this rule and to instead adopt a blanket rule to the contrary because "Samsung has no choice but to drastically limit the number of witnesses it calls live or by deposition."  (Dkt. 1692 at 1.) As a threshold matter, that is simply not true:  Samsung in fact had a "choice," but made the tactical decision to try its affirmative case along with Apple's, rather than to accept the Court's offer of a bifurcated trial schedule that would have afforded it more time to present witness testimony.  (Dkt. 1329 at 2.)  Moreover, the exact same time limits apply to Apple, and Samsung is equally free to mention from whom Apple chooses, or does not choose, to offer testimony.

As a general rule, such questions or comments are perfectly appropriate.  The fact that a party chooses to call certain witnesses and not to call others may be highly relevant to the jury's understanding of the evidence.  For example, it appears that Samsung may not call Minhyouk Lee,

1   *the head designer responsible for the industrial design of Samsung's Galaxy S products* (Samsung

2   originally included Mr. Lee as a "will call" witness but then dropped him from its list of twenty

3   witnesses it "Definitely Intends to Call Live or By Deposition").  If Samsung in fact does not call

4   the lead designer for the accused Galaxy S products, and instead calls some other witness to testify

5   regarding product design issues, it would be appropriate for Apple to elicit testimony regarding or

6   comment on Mr. Lee's absence from trial.  Moreover, it would be equally appropriate for the jury

7   to take Mr. Lee's absence into account when evaluating Samsung's evidence.

8         Indeed, during this trial Samsung itself has elicited testimony that certain Apple inventors

9   are still working for Apple, thereby implying to the jury that those inventors could have been

10   available to testify at trial.  *See, e.g.,* 8/10/2012 Trial Tr. at 1877:21-1878:16 (cross-examination

11   of Dr. Singh); 1772:7-15 (cross-examination of Dr. Balakrishnan).  The Court should not

12   countenance Samsung's belated attempt to change the rules midstream.

13         Samsung argues that Apple had the opportunity to call Samsung witnesses at trial.  But

14   that, of course, in no manner relieves Samsung of responsibility for the choices it has made about

15   which witnesses it chooses to call at trial.[1]

16         Finally, Samsung argues that the Court should conclude – again, as a general rule – that

17   Apple should be prohibited from examining or commenting on the fact that certain witnesses did

18   not testify, because the value of any such evidence is outweighed by the risk of undue prejudice or

19   jury confusion, pursuant to Federal Rule of Evidence 403.  But Samsung makes no attempt to

20

21         [1] Samsung's reliance on *Hoffman v. Caterpillar, Inc.*, 368 F.3d 709 (7th Cir. 2004) and
*Bellmore v. U.S. Steel Corp.*, 983 F.2d 1065, 1992 WL 376952 (6th Cir. 1992) (unpublished table

22   decision) is misplaced.  *Hoffman* concerned whether a district court erred in refusing to give a
"missing witness" *instruction* or allowing counsel to comment on a missing expert witness during

23   closing argument where the other party had "offered entirely reasonable explanations about why
[the expert] was not called as a witness."  *Hoffman*, 368 F.3d at 716-17.  In *Bellmore*, counsel's

24   reference to absent witnesses suggested a "missing witness" adverse inference without such an
instruction being given by the Court, and thus the appeals court applied the standard for a "missing

25   witness" adverse inference instruction (but found any error was harmless).  *Bellmore v. United
States*, 1992 U.S. App. LEXIS 33660, at *2-3 (6th Cir. Dec. 18, 1992) (unpublished).  Neither

26   *Hoffman* nor *Bellmore* involved whether a party may elicit testimony regarding an absent witness
or discuss a witness's absence in general without going so far as to suggest the jury should draw

27   an adverse inference – let alone whether this issue may be decided in the abstract, as Samsung
requests.  *See, e.g.*, *Burgess v. United States*, 440 F.2d 226, 235 (D.C. Cir. 1970) (noting in dicta

28   that counsel may refer to absence of witness even if "missing witness" instruction not warranted).

explain why that will invariably be the case.  Samsung is free to move under Rule 403 with respect to specific evidence, and to make whatever arguments it deems appropriate in the particular circumstances, should the issue arise.  But the Court should deny Samsung's attempt to have this issue decided in the abstract, outside the context of any specific testimony.  *See*, *e.g.*, *United States v. Layton*, 767 F.2d 549, 554 (9th Cir. 1985) ("The considerations which arise under Rule 403, such as the potential for undue prejudice or confusion of the issues, are susceptible only to case-by-case determinations, requiring examination of the surrounding facts, circumstances, and issues.")

<u>**Conclusion**</u>

For the reasons set forth above, the Court should deny Samsung's Motion to Exclude Examination and Comment on Absent Witnesses.

Dated: August 13, 2012

WILMER CUTLER PICKERING
HALE AND DORR LLP

By:  /s/  *Mark D. Selwyn*
Mark D. Selwyn

Attorneys for Plaintiff
APPLE INC.

1

## CERTIFICATE OF SERVICE

2          I hereby certify that a true and correct copy of the above and foregoing document has been

3    served on August 13, 2012 to all counsel of record who are deemed to have consented to

4    electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.

5

6                                             /s/ Mark D. Selwyn
                                              Mark D. Selwyn

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28