1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California corporation, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SAMSUNG ELECTRONICS CO., LTD., A )<br>Korean corporation; SAMSUNG )<br>ELECTRONICS AMERICA, INC., a New York )<br>corporation; SAMSUNG )<br>TELECOMMUNICATIONS AMERICA, LLC, )<br>a Delaware limited liability company, )<br>)<br>Defendants. )<br>_____) | Case No.: 11-CV-01846-LHK<br><br>ORDER RE: OBJECTIONS TO<br>WILLIAMS'S EXHIBITS |

After reviewing the parties' briefing, considering the record in this case, and balancing the

considerations set forth in Federal Rule of Evidence 403 ("FRE 403"), the Court rules on the

parties' objections as follows:

### 1.     DR. TIM WILLIAMS

#### A.  Samsung's Objections

| WITNESS AND EXHIBIT NO. | COURT'S RULING ON OBJECTION |
|---|---|
| PX96 and PX188 | Sustained.  PX96 and PX118 are Samsung patents that cover technology similar to the '941 Patent at issue in the case.  PX96 is a U.S. patent that predates the '941 Patent, covers similar technology to the '941 Patent, and shares an inventor |

with the '941 Patent.  PX118 is the Japanese counterpart to the '941 Patent.

Apple failed to timely disclose the PX96 and PX188 in response to Samsung's Interrogatory #12 related to Apple's bases for non-infringement.  Apple also did not disclose PX96 and PX188 until serving Dr. Knightly's expert rebuttal report on April 16, 2012, after the close of fact discovery and expert report deadlines.

Although Samsung should have produced PX96 and PX188 (Samsung does not dispute that it failed to do so) to Apple, these documents are public.  Apple's untimely disclosure of its intent to rely on PX96 and PX188 is not excused by Samsung's conduct.

Additionally, the relevance of these documents to establishing non-infringement is not clear.  Indeed, based on the briefing by the parties, it appears that the evidence bears on the scope of the claim, an issue of claim construction, and not on a question of infringement properly presented to the jury.

## B.  Apple's Objections

| WITNESS AND EXHIBIT NO. | COURT'S RULING ON OBJECTION |
|---|---|
| Williams: SDX3966.012 | Overruled.  Apple objects that the theory that the claimed "first channel not supporting HARQ" is the DPDCH channel, while the claimed "second channel supporting HARQ" is the E-DPDCH channel.  This theory was disclosed in Samsung's infringement contentions.  *See* ECF No. 939, Ex. 1 at 14 ("Samsung previously alleged that the 'DPDCH channels' are the claimed first channel not supporting HARQ") (citing Pernick Decl. Ex. 22 at 3 (Samsung's infringment contentions)).<br><br>In his expert report, Dr. Williams, Samsung's expert, presented a new theory that the first channel included all non-E-DPDCH channels, including but not limited to DPDCH channels.  *See* ECF No. 939, Ex. 1 at 13-14.  Apple objected to this new theory and Judge Grewal struck  ¶¶ 58, 65, 105, 110, 119, 173, and 198 of Dr. Williams's report which referenced this theory.<br><br>Samsung now seeks to have Dr. Williams testify in support of Samsung's original theory: that the "first channel not supporting HARQ" includes DPDCH channels only.  The original theory disclosed in Samsung's infringement contentions also appeared in Dr. Williams's report.  Paragraph 84 of Dr. William's expert report reads, "The E-DPDCH channels support HARQ (see 3GPP[3] § 6.1; 7.3.6; 8) while the DPDCH channels do not."  *Id.* at § 7.3.6.  This is the exact language that Apple previously summarized as "the 'DPDCH channels' are the claimed first channel not supporting HARQ."  *See* ECF No. 939, Ex. 1 at 14 (citing Pernick Decl. Ex. 22 at 3 (Samsung's infringment contentions)).  Accordingly, Samsung's theory, initially disclosed in the contention interrogatories and then disclosed in Dr. Williams' expert report, was properly disclosed to Apple. |
| Williams: SDX3966.013 | Overruled.  Claims 15 and 16 require "a controller for…determining if total transmit power required for transmission of the channels exceeds the maximum |

allowed power." Apple objects to including the power of control channels (e.g, E-DPCCH and DPCCH) as part of the "total transmit power." In fact, the text of the infringement contentions and the Williams report clearly contemplate including the power of E-DPCCH and DPCCH as part of the total transmit power. *See, e.g.*, Hung Decl., Ex. 35 at 4 (Samsung's infringement contentions) ("the total UE transmit power (after applying DPCCH power adjustments and gain factors)") (quoting 3GPP[2] § 5.1.2.6.); *see also id.* at 3 (including E-DPCCH power transmission in Figure 1C). The Williams expert report includes identical language and citations at § VI(H)(2). Thus, Samsung disclosed its theory that "total transmit power" includes channels other than E-DPDCH and DPDCH in both its infringement contentions and the Williams expert report. Accordingly, the Court overrules Apple's objection to SDX3966.013.

**IT IS SO ORDERED.**

Dated: August 13, 2012

LUCY H. KOH
United States District Judge