UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California corporation,<br><br>Plaintiff,<br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., A Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No.: 11-CV-01846-LHK<br><br>ORDER RE: OBJECTIONS TO EXHIBITS AND TESTIMONY OF KIM, WANG, LUCENTE, SHERMAN, KAMINS, AND FIDLER |

After reviewing the parties' briefing, considering the record in the case, and balancing the considerations set forth in Federal Rule of Evidence 403, the Court rules on the parties' objections as follows:

**A. Jinsoo Kim**

    **1. Samsung's Objections**

| EXHIBIT NUMBER | COURT'S RULING ON OBJECTION |
|---|---|
| PX47 | Overruled. Samsung objects that Apple cannot lay foundation to introduce PX47. In particular, Samsung argues that PX47 is an email that was not sent to Mr. Kim, that Mr. Kim was not asked about this document in his depositions, and that he is not listed as a sponsoring witness on the exhibit. However, although the entire e-mail is completely legible in Korean and in the English translation, the "to" and "cc" lines are not in Korean or English and are merely non-sensical symbols. In addition, Apple has articulated a reasonable basis for concluding that Mr. Kim may in fact have been a recipient of the e-mail or may have seen |

1

Case No.: 11-CV-01846-LHK
ORDER ON OBJECTIONS TO EXHIBITS

| | |
|---|---|
| | the e-mail.<br><br>Samsung also argues that Apple failed to timely disclose PX47 with regard to copying or willfulness. Apple argues that it only seeks to use PX47 to establish non-obviousness. Accordingly, if PX47 is introduced at trial, the Court will issue a limiting instruction that prohibits the jury from considering PX47 for willfulness or trade dress confusion. |
| Deposition of Jung Min Yeo | Sustained. In order to introduce deposition testimony of Ms. Yeo, Apple must explain how such testimony is consistent with Fed. R. Civ. P. 32(a)(2)-(8). Apple argues that it intends to use Ms. Yeo's deposition testimony for purposes of impeachment, presumably pursuant to Rule 32(a)(2). However, Rule 32(a)(2) only allows a party to "use a deposition to contradict or impeach the testimony *given by the deponent as a witness*, or for any other purpose allowed by the Federal Rules of Evidence." Neither the Federal Rules of Evidence nor the Federal Rules of Civil Procedure contemplate impeachment by *another deponent's* prior inconsistent statement. Thus, Apple has not established that this testimony is admissible as impeachment evidence under Fed. R. Civ. P. 32. |

2. **Apple's Objections**

| EXHIBIT NUMBER | COURT'S RULING ON OBJECTION |
|---|---|
| DX2602 | Sustained. Apple objects that Samsung failed to timely disclose DX2602 on its list of 200 trial exhibits. Samsung responds that DX2602, a physical mockup of a tablet, is not an exhibit, but rather is a "physical demonstrative" that did not need to be disclosed. The Court does not agree. A tablet model is different from a slide. This model should have been timely disclosed and was not. |
| JX1012 | Overruled. Apple objects as to Mr. Kim's testimony regarding the Galaxy S Epic 4G (JX1012) on the grounds of lack of foundation, lack of relevance, and improper expert opinion testimony by lay witness. Samsung represents that Mr. Kim was personally involved in the design of the Epic 4G. Accordingly, if Samsung lays a proper foundation, then the Court will overrule Apple's lack of foundation and relevance objections. The Court agrees that Mr. Kim is not permitted to testify about invalidity or non-infringement of the design patents based on Judge Grewal's Order. If Samsung elicits such testimony, the Court will sustain Apple's objections. |

B. **Jeeyeun Wang**

1. **Samsung's Objections**

| EXHIBIT NUMBER | COURT'S RULING ON OBJECTION |
|---|---|
| PX2253 | Overruled. PX2253 is a screenshot of metadata identifying Jeeyeun Wang as the custodian for PX185. Samsung objects to its admissibility arguing that it is not relevant to any disputed fact and is therefore inadmissible under Rules 401 and 403. Ms. Wang has denied that she has personal knowledge of a document to which she is a custodian, thus Apple may use this document to impeach her testimony. |

2

Case No.: 11-CV-01846-LHK
ORDER ON OBJECTIONS TO EXHIBITS

| | |
|---|---|
| PX2255 | Sustained. Apple has withdrawn this exhibit. |

### 2. Apple's Objections

| EXHIBIT NUMBER | COURT'S RULING ON OBJECTION |
|---|---|
| SDX3972.0023 | Sustained. This exhibit is a modified image of a drawing from the D'305 patent with the colorful rounded square containers removed from certain icons. As a lay witness, Ms. Wang is only permitted to testify regarding matters that are "rationally based on [her] perception." *See* Fed. R. Evid. 701. Samsung has introduced no evidence that Ms. Wang created or perceived this image outside of this litigation, therefore any testimony she offers regarding it would be speculative. Furthermore, because this image is a *modified* version of a drawing from the D'305 patent, there is a substantial risk of misleading and confusing the jury. Accordingly, this evidence is excluded under Rule 403. |
| SDX3927.0027 | Sustained. This exhibit is a modified image of a screenshot from the iPhone 3GS homescreen with the colorful rounded square containers removed from certain icons. As a lay witness, Ms. Wang is only permitted to testify regarding matters that are "rationally based on [her] perception." *See* Fed. R. Evid. 701. Samsung has introduced no evidence that Ms. Wang created or perceived this image outside of this litigation, therefore any testimony she offers regarding it would be speculative. Furthermore, because this image is a *modified* version of a drawing from the D'305 patent, there is a substantial risk of misleading and confusing the jury. Accordingly, this evidence is excluded under Rule 403. |

## C. Samuel Lucente

### 1. Samsung's Objections

| WITNESS AND EXHIBIT NO. | COURT'S RULING ON OBJECTION |
|---|---|
| PX55 | Overruled. The Court previously ruled that, because Apple failed to disclose this document in response to Samsung's Interrogatory No. 7 regarding willfulness, PX55 may not be used to demonstrate willfulness. *See* ECF No. 1563 at 4. The Court did not, however, prohibit Apple from introducing PX55 for other purposes, such as impeachment or evidence of copying. Copying is a relevant secondary consideration for non-obviousness, and Samsung's Interrogatory No. 7 did not elicit disclosure of evidence of secondary considerations of non-obviousness. Accordingly, the Court concludes that PX55 is probative of the secondary consideration of copying, which outweighs its risk of prejudice under FRE 403. Furthermore, Apple may use PX55 to impeach Mr. Lucente. The Court will issue a limiting instruction that PX55 may not be considered as to willfulness but may be considered as to other purposes, including non-obviousness. |
| PX160 | Overruled. Apple asserts that it intends to use this exhibit solely for impeachment purposes, which is permissible and not unduly prejudicial under FRE 403. |

3

Case No.: 11-CV-01846-LHK
ORDER ON OBJECTIONS TO EXHIBITS

**United States District Court**
**For the Northern District of California**

### 2. Apple's Objections

| WITNESS AND EXHIBIT NO. | COURT'S RULING ON OBJECTION |
|---|---|
| SDX3970.08 | Overruled. Apple's objection to this demonstrative is based on Mr. Lucente's anticipated reliance on the survey opinions of two other experts, Michael Mazis and Michael Mantis. Samsung asserts that Mr. Lucente's testimony will "not depend on or relate to the opinions proffered by Messrs. Mantis and Mazis." Accordingly, there appears to be no basis for Apple's objection. However, the Court advises Samsung that any attempt by Mr. Lucente to testify regarding surveys conducted by Messrs. Mantis and Mazis, of which Mr. Lucente has no personal knowledge, would be improper, for the reasons stated in the Court's order sustaining Samsung's objection to Winer PDX28.25. *See* ECF No. 1596 at 2 (citing *In re Imperial Credit Indus., Inc. Sec. Litig.*, 252 F. Supp. 2d 1005, 1012 (C.D. Cal. 2003)). |
| SDX3970.02-.07 | Overruled. Apple objects on the ground that the title of these slides – "functional elements" – risks misleading the jury on the proper test for functionality. Under Federal Circuit case law, however, Samsung may argue to the jury that Apple's design patent "is limited to [ornamental] aspects alone and does not extend to any functional elements of the claimed article." *Richardson v. Stanley Works, Inc.*, 597 F.3d 1288, 1294 (Fed. Cir. 2010). Samsung's analysis of allegedly functional elements is therefore permissible. Moreover, the slides do not purport to recite a legal standard, and the jury will ultimately be properly instructed on design patent functionality, so Apple will suffer no prejudice. |

### D. Itay Sherman

#### 1. Samsung's Objections

| EXHIBIT NUMBER | COURT'S RULING ON OBJECTION |
|---|---|
| PX151 | Sustained. Apple failed to timely disclose PX151, the LG Optimus T, as an "alternative design" as evidence of the non-functionality of the iPhone design patents and trade dress. Accordingly, Apple will not be permitted to use this exhibit at trial. Although Apple initially purports to be using this exhibit "only to impeach Mr. Sherman's testimony," Apple goes on to clarify that it wishes to introduce this evidence to "contradict any attempted testimony by Mr. Sherman that elements of the Apple design patents and trade dress are dictated by function." Therefore, even if PX151 is nominally offered for impeachment purposes, it appears that Apple's true purpose in introducing it will be to prove non-functionality. Because PX151 and Apple's non-functionality contention were not timely disclosed, PX151 is inadmissible. |
| Anders Deposition Testimony | Sustained. Apple seeks to offer the Anders deposition transcript to establish that Mr. Sherman is not a person of ordinary skill in the art of industrial design. Thus, Apple offers the Anders testimony for the truth of the matter asserted, and the statement is hearsay. Apple has not established that the testimony is |

| | admissible under a hearsay exception. Additionally, Apple has not established that use of Mr. Anders's deposition complies with FRCP 32. |
|---|---|

### 2. Apple's Objections

| EXHIBIT NUMBER | COURT'S RULING ON OBJECTION |
|---|---|
| DX562 | Overruled. The Court has already ruled that DX562 will be admissible for purposes of functionality. Judge Grewal did not strike the portion of the expert report containing this theory, and Apple has essentially conceded that the e-mail is admissible. ECF No. 1437 at 2-3. The Court has already ruled on this issue numerous times and sees no need to revisit its decision. *See, e.g.*, ECF No. 1519 at 2; ECF No. 1545 at 11. The Court will issue the following limiting instruction to the jury: "You may not consider DX562 as evidence of invalidity or non-infringement. Rather, you may only consider DX562 as to functionality." |
| JX1093 | Overruled. The parties dispute whether the LG Prada constitutes prior art based on the priority dates of the LG Prada and the D'677 and D'087. These disputes should be resolved by the jury. Accordingly, this Court has already ruled that JX1093, the LG Prada, is admissible. *See* ECF No. 1267 at 3. Although the Court issued a limiting instruction when admitting JX1093 during the cross-examination of one of Apple's witnesses, that limiting instruction was applicable only to that cross-examination, when JX1093 was being used only for impeachment purposes and not as prior art. The admission of JX1093 with Mr. Sherman is governed only by the Court's ruling on Apple's Motion in Limine No. 3, which affirmed the admissibility of JX1093. |

### E. Michael Kamins

#### 1. Samsung's Objections

| WITNESS AND EXHIBIT NO. | COURT'S RULING ON OBJECTION |
|---|---|
| PDX51.1 | Overruled. Samsung appears to have provided the Court with the wrong demonstrative, as Samsung's description of the disputed title does not match the title of PDX51.1. Similarly, Apple appears to cite the wrong opening statement slide, as Hung Decl. Ex. 19 at 80 is Apple's opening slide about damages, not trade dress. Regardless, having considered the substance of Samsung's objection, the Court does not agree that Apple must add the language "claimed by Apple" in order to avoid jury confusion under FRE 403. The title "iPhone Trade Dress" is a proper description of the category of subject matter at issue in the demonstrative. |

#### 2. Apple's Objections

None.

5

Case No.: 11-CV-01846-LHK
ORDER ON OBJECTIONS TO EXHIBITS

### F. Roger Fidler

#### 1. Samsung's Objections to Counter-Designations

| EXHIBIT NUMBER | COURT'S RULING ON OBJECTION |
|---|---|
| Fidler Depo. at 17:13-17:21; 18:8-18:15; 32:24-33:9; 47:15-22; 48:16-17; 159:22-159:25; 160:7-160:15; 167:23-168:9; 169:1-169:13; 211:3-211:10; 212:9-212:14 | Overruled.  Samsung objects to Apple's counter-designations arguing that these counter-designations were not timely disclosed to the Court on July 23, 2012.  However, the parties apparently have agreed to an alternative disclosure schedule that allows that parties to disclose counter-designations at the same time the parties disclose their cross examination materials for the other witnesses.  Consistent with the parties' agreement, Samsung appears to have been operating under this agreement to its advantage during trial by disclosing counter-designations that Samsung did not disclose on July 23, 2012.  Samsung cannot now foreclose Apple from counter-designating deposition testimony consistent with the agreement reached by the parties. |

#### 2. Apple's Objections

| EXHIBIT NUMBER | COURT'S RULING ON OBJECTION |
|---|---|
| DX689 | Sustained-in-part, overruled-in-part.  DX689 is Mr. Fidler's declaration, as well as supporting exhibits.<br><br>First, Mr. Fidler's declaration is hearsay, as it is a prior statement being offered for the truth of the matter asserted.  Samsung has not identified an exception to the rule against hearsay that would allow the declaration to be admissible.  Thus, the Fidler declaration is not admissible.<br><br>Second, Apple has not objected to the exhibits in support of the Fidler declaration based on hearsay.  Rather Apple objects to the exhibits to the Fidler declaration because it claims that the documents were never formally produced in discovery because they do not bear any bates stamps.  However, it is undisputed that Apple was served with these documents in the preliminary injunction phase of this case, and these documents were used in the Fidler deposition.  Accordingly, the exhibits are admissible.  As long as Mr. Fidler laid proper foundation in his deposition, these exhibits are admissible. |
| Fidler Depo. at 208:15-23 | Overruled.  The testimony is relevant to rebut Apple's narrative regarding how its tablet design was invented.  Moreover, the short excerpt is not unduly prejudicial.  Mr. Fidler does not state that Apple stole or copied his design. |

**IT IS SO ORDERED.**

Dated: August 13, 2012

*Lucy H. Koh*
LUCY H. KOH
United States District Judge