UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| APPLE, INC., a California corporation,<br><br>Plaintiff,<br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., A Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | ) | Case No.: 11-CV-01846-LHK<br><br>ORDER DENYING SAMSUNG'S MOTION TO EXCLUDE EXAMINATION AND COMMENT ON ABSENT WITNESSES<br><br>(re: dkt. #1692) |

Samsung seeks to preclude Apple from either eliciting testimony or offering attorney comment on Samsung's failure to call certain witnesses to testify at trial. *See* ECF No. 1692 ("Mot."). Samsung argues that permitting such testimony or attorney comment would be unduly prejudicial under FRE 403, and would also be inappropriate in light of the Court's 25-hour trial time limit and the large number of claims at issue in this case, which circumscribe Samsung's trial decisions. Mot. at 1-2. Apple opposes. ECF No. 1712.

The Court has not found, and Samsung has not identified, any case law supporting Samsung's requested blanket prohibition on testimony or attorney comment regarding either party's failure to call particular witnesses. To the contrary, while "the law does not require that a party introduce all of the evidence that is available to him, . . . [c]ounsel may comment to the jury

United States District Court
For the Northern District of California

on the failure to call a witness or the judge may instruct on the presumption." *Food Machinery & Chem. Corp. v. Meader*, 294 F.2d 377, 384 (9th Cir. 1961). Furthermore, both parties have been subject to the same time limit and other legal and procedural constraints of which Samsung complains, and both parties are equally free to point out the alleged deficiencies in the opposing party's case, to the extent permitted by law. In fact, during cross-examination of Apple's experts, Samsung asked why Apple's experts had not communicated directly with certain Apple's inventors, who are still employed by Apple and available. Thus, the jury could have drawn inferences about these inventors' ability to testify and their absence at trial.

While the Court declines to impose a blanket prohibition on testimony or attorney comment regarding the absence of witness testimony, the parties should be mindful that abuse of the so-called "missing witness" or "uncalled witness" rule could be grounds for a curative instruction. As a general matter, the "missing witness" or "uncalled witness" rule allows a party to "properly argue to the jury the possibility of drawing [an adverse] inference from the absence of a witness," provided that the party first "establish[es] that the missing witness was peculiarly within the adversary's power to produce." *Chicago College of Osteopathic Med. v. George A. Fuller Co.*, 719 F.2d 1335, 1353 (7th Cir. 1983). That a missing witness was "peculiarly within the adversary's power to produce" can be established "by showing either that the witness is physically available only to the opponent or that the witness has the type of relationship with the opposing party that pragmatically renders his testimony unavailable to the opposing party." *Id.* However, "[i]f the uncalled witnesses are equally available to both parties, no inference should be drawn." *Bellmore v. U.S. Steel Corp.*, 983 F.2d 1065, at *1 (6th Cir. 1992) (unpublished) (citing *Harkins v. Perini*, 419 F.2d 468, 471 (6th Cir. 1969); *Herbert v. Wal-Mart Stores, Inc.*, 911 F.2d 1044, 1048 (5th Cir. 1990)).

The parties have not cited, and the Court has not found, any Ninth Circuit authority governing the applicability of the uncalled-witness rule in civil trials. However, in the criminal context, Ninth Circuit case law provides that "[w]hen the government can call a key percipient witness, but relies instead on out-of-court statements and on testimony by an agent who didn't

understand half the critical conversation, a jury could conclude that the witness's 'testimony, if produced, would [have been] unfavorable' to the prosecution." *United States v. Kojayan*, 8 F.3d 1315, 1317 (9th Cir. 1993) (quoting *Graves v. United States*, 150 U.S. 118, 121 (1893)). In the face of such circumstances, the district court has the discretion either to give a "missing witness" instruction, instructing jurors that they may, if they choose, draw an inference adverse to the prosecution, or simply "to leave the point to be argued by counsel." *Id.* at 1317 n.2 (citing *United States v. Bautista*, 509 F.2d 675, 678 (9th Cir. 1975), and Manual of Model Criminal Jury Instructions for the Ninth Circuit, No. 4.15 (1992), respectively).

Accordingly, any specific objections about improper attorney argument will be evaluated on a case-by-case basis. *See Littlefield v. McGuffey*, 954 F.2d 1337, 1346 (7th Cir. 1992) ("Whether to allow argument on a party's 'failure to produce a witness rest[s] largely in the discretion of the trial court, but the court should not preclude such argument when the case presents a significant question on this point.'") (quoting *Chicago College*, 719 F.2d at 1352-53).

**IT IS SO ORDERED.**

Dated: August 13, 2012

Lucy H. Koh
LUCY H. KOH
United States District Judge