QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

  Kevin P.B. Johnson (Bar No. 177129
  kevinjohnson@quinnemanuel.com
  Victoria F. Maroulis (Bar No. 202603)
  victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065-2139
Telephone:     (650) 801-5000
Facsimile:     (650) 801-5100

  Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>           Plaintiff,<br><br>      vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>           Defendant. | CASE NO. 11-cv-01846-LHK (PSG)<br><br>**SAMSUNG'S MOTION TO STAY AND SUSPEND ORDERS DENYING SEALING PENDING APPEAL OR, ALTERNATIVELY, PENDING DECISION BY FEDERAL CIRCUIT ON STAY PENDING APPEAL**<br><br>Judge: Hon. Lucy H. Koh |

**TABLE OF CONTENTS**

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................2

INTRODUCTION..............................................................................................................................2

    A.    Original Motions to Seal, and the Court's July 17, 2012 Order ..................................3

    B.    Renewed Motions to Seal, and the Court's August 9, 2012 Order..............................3

    C.    Samsung's Notice of Appeal .......................................................................................4

ARGUMENT .....................................................................................................................................4

    A.    The Court Applied The Wrong Standard to Non-Dispositive Motions .......................5

    B.    Samsung Established Both Good Cause and Compelling Reasons For Sealing Its Precise Revenue and Cost Information ..................................................................7

CONCLUSION ..................................................................................................................................8

**NOTICE OF MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung") shall and hereby do move the Court, pursuant to Rule 62(c) of the Federal Rules of Civil Procedure, to stay and suspend its July 17, 2012 Order Denying Sealing Motions and August 9, 2012 Order Granting-in-Part and Denying-in-Part Motions to Seal pending appeal, or, in the alternative, pending a decision by the United States Court of Appeals for the Federal Circuit on a motion for stay pending appeal.  This motion is based on this notice of motion and supporting memorandum, and such other written or oral argument as may be presented at or before the time this motion is taken under submission by the Court.

**RELIEF REQUESTED**

Samsung seeks an order staying and suspending the Court's July 17, 2012 Order Denying Sealing Motions and August 9, 2012 Order Granting-in-Part and Denying-in-Part Motions to Seal pending appeal, or, in the alternative, pending a decision by the United States Court of Appeals for the Federal Circuit on a motion for stay pending appeal.

DATED: August 13, 2012            QUINN EMANUEL URQUHART &
                                  SULLIVAN, LLP


                                  By  */s/ Victoria F. Maroulis*
                                     Charles K. Verhoeven
                                     Kevin P.B. Johnson
                                     Victoria F. Maroulis
                                     Michael T. Zeller

                                     Attorneys for SAMSUNG ELECTRONICS CO.,
                                     LTD., SAMSUNG ELECTRONICS AMERICA,
                                     INC., and SAMSUNG
                                     TELECOMMUNICATIONS AMERICA, LLC

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") respectfully submit this memorandum in support of their motion, pursuant to Rule 62(c) of the Federal Rules of Civil Procedure, to stay and suspend, pending appeal, the Court's July 17, 2012 Order Denying Sealing Motions and August 9, 2012 order that denied sealing of documents containing Samsung's most sensitive, confidential, and proprietary profit, loss and cost information. (Dkt. Nos. 1256 and 1649.) At a minimum, Samsung respectfully requests a stay and suspension of the orders pending the Federal Circuit's decision on whether to grant such relief pending appeal. *See, e.g.*, *County of Sonoma v. Fed. Housing Fin. Agency*, No. C 10-3270, 2011 WL 4536894, at *2 (N.D. Cal. Sept. 30, 2011) (granting stay of preliminary injunction until Ninth Circuit resolved motion for stay pending appeal). A stay pending appeal is necessary because, as the Ninth Circuit has recognized, "[s]ecrecy is a one-way street: Once information is published, it cannot be made secret again." *In re Copley Press, Inc. v. Ismael Highera-Guerrero*, 518 F.3d 1022, 1025 (9th Cir. 2008) (staying sealing order pending appeal); *accord Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 663 (3d Cir. 1991) (a trade secret "once disclosed, is lost").

Samsung is likely to succeed on appeal for two reasons. First, the Court erred as a matter of law by applying a heightened "compelling reasons" standard in assessing the merits of Samsung's motion to seal the documents attached to non-dispositive motions. As the August 9, 2012 order recognizes, "the public's interest in non-dispositive motions is relatively low" (Dkt. No. 1649, at 2), and a showing of "good cause" is therefore sufficient to justify sealing a majority of the documents in question (which pertain only to non-dispositive motions).

Second, even if the "compelling reasons" standard applied to all the documents at issue, courts routinely seal documents in the precise, narrow categories of financial information that Samsung sought to seal. The Court erred in concluding that Samsung would not be injured by the disclosure of its highly confidential financial information and that Samsung had failed to meet the "compelling reasons" standard.

Because of the immediate effect of the Court's orders, Samsung's appeal will be moot if enforcement is not stayed pending appeal. *See* Local Rule 79-5(e); General Order 62. Absent a stay, Samsung will have no way to protect its most confidential information or seek appellate review of the Court's orders. The only way to preserve the status quo and to maintain the confidentiality of Samsung's information until the resolution of the appeal is to stay enforcement of the Court's orders.

## FACTUAL STATEMENT

### A. Original Motions to Seal, and the Court's July 17, 2012 Order

Samsung and Apple filed administrative motions to seal confidential information contained in or attached to various motions, including the parties' motions for summary judgment, *Daubert* motions, and motions *in limine*. *See* Dkt. Nos. 1236, 1233, 1208, 1206, 1201, 1186, 1185, 1184, 1183, 1179, 1140, 1139, 1125, 1122, 1090, 1089, 1069, 1063, 1061, 1060, 1059, 1052, 1023, 1024, 1022, 1020, 1013, 1007, 1004, 997, 991, 930, 927, 925, and 847. On July 17, 2012, the Court denied these motions without prejudice, and permitted the parties to file renewed motions to seal within seven days. The Court advised the parties that it would apply the "compelling reasons" standard and that "only documents of exceptionally sensitive information that truly deserve protection will be allowed to be redacted or kept from the public." Dkt. No. 1256, at 2-3. The parties filed renewed motions to seal on July 24, 2012. At a hearing on those motions on July 27, 2012, the Court provided additional guidance on the type of information it believed was sealable. The Court invited the parties to submit revised motions based on those standards by July 30, 2012.

### B. Renewed Motions to Seal, and the Court's August 9, 2012 Order

On July 30, 2012, Samsung and Apple filed renewed motion to seal documents subject to the Court's July 17, 2012 Order. The parties moved to seal a narrow subset of the hundreds of documents at issue in the Court's July 17 order. On August 9, 2012, the Court granted the request to seal Apple's capacity information, but denied sealing of the parties' cost, profit, unit sales, revenue, and profit margin information. Dkt. No. 1649 at 21.

### C. Samsung's Notice of Appeal

Samsung has filed a notice of appeal to the Federal Circuit, and now seeks to stay and suspend the sealing orders pending that appeal, or at least until the Federal Circuit can rule on a motion for stay pending appeal.

### ARGUMENT

The factors governing the issuance of a stay pending appeal are: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). Each factor, however, need not be given equal weight. *See Providence Journal Co. v. Federal Bureau of Investigation*, 595 F.2d 889, 890 (1st Cir.1979) (granting stay pending appeal). "To obtain a stay, pending appeal, a movant must establish a strong likelihood of success on the merits, or, failing that, nonetheless demonstrate a substantial case on the merits provided that the harm factors militate in its favor." *Merial Ltd. v. Cipla Ltd.*, 426 Fed. App'x 915, 915 (Fed. Cir. 2011) (unpublished) (citing *Hilton v. Braunskill*, 481 U.S. 770, 778 (1987)).

The likelihood of success and irreparable injury prongs are accorded more weight than the balance of hardships and the public interest. *See In re Cyclobenzaprine Hydrochloride Extended-Release Capsule Patent Litig.*, 449 Fed. App'x 35, 36 (Fed. Cir. 2011); *Standard Havens Prods., Inc. v. Gencor Indus., Inc.*, 897 F.2d 511, 512 (Fed. Cir. 1990) ("When harm to applicant is great enough, a court will not require 'a strong showing' that applicant is 'likely to succeed on the merits.'"); *E.I. DuPont de Nemours & Co. v. Phillips Petroleum Co.*, 835 F.2d 277, 278 (Fed. Cir. 1987) ("In considering whether to grant a stay pending appeal, this court assesses movant's chances for success on appeal and weighs the equities as they affect the parties and the public."); *accord County of Sonoma*, 2011 WL 4536894, at *1.

Here, Samsung not only has a strong likelihood of success on appeal since the Court applied an incorrect standard and erred in holding that highly confidential financial information is not sealable, but absent a stay, the immediate enforcement of the order will cause Samsung significant

1  harm, while causing no injury to Apple, which is also appealing the Court's orders, or to the public,
2  which will receive sufficient information to understand the parties' claims and defenses during the
3  course of trial. A stay would simply postpone disclosure for a limited period of time until the
4  Federal Circuit has had an opportunity to rule on Samsung's appeal. A stay pending appeal is
5  therefore warranted.

**I.  SAMSUNG HAS A STRONG LIKELIHOOD OF SUCCESS ON APPEAL**

   **A.  The Court Applied The Wrong Standard to Non-Dispositive Motions**

Based on existing Ninth Circuit precedent, Samsung understood that documents attached to non-dispositive motions, including the parties' *Daubert* motions and motions *in limine*, would be sealed as long as Samsung established "good-cause" to permit sealing.  Although the Court has recognized that "the public's interest in non-dispositive motions is relatively low," requiring only a showing of "good cause," the Court incorrectly applied the higher "compelling reasons" standard to most of the documents that are at issue.  Dkt. No. 1649, at 2.  The Court reasoned that since the motions address the admissibility of evidence at trial, they should be judged by the "compelling reasons" standard.  Dkt. No. 1649, at 12.  This is contrary to law and policy.

The "strong presumption" of public access to judicial records was adopted "because the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the public's understanding of the judicial process and of significant public events."  *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (citation and internal quotation marks omitted); *accord Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1138 (9th Cir. 2003) (noting that "'summary judgment adjudicates substantive rights and serves as a substitute for trial'") (*quoting Rushford v. The New Yorker Magazine*, 846 F.2d 249, 252 (4th Cir. 1988)).  The justification for the "compelling reasons" standard is thus grounded in the public's substantial interest in the end result of a case—whether by summary judgment or through trial.

In contrast, the public has relatively little interest in the resolution of a non-dispositive motion that does not go to the heart of a case.  There is still less legitimate public interest in disclosure of documents exchanged during discovery and evidence that is not admissible at trial.

Courts are therefore more willing to seal non-dispositive motions and inadmissible evidence from public disclosure, and accordingly apply a lower "good cause" standard when determining whether to seal such information. *See Kamakana*, 447 F. 3d at 1179-80; *Foltz*, 331 F.3d at 1138; *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002). Courts have "'carved out an exception to the presumption of access' to judicial records for a 'sealed discovery document [attached] to a non-dispositive motion.'" *Kamakana*, 447 F.3d at 1179 (internal citations omitted). The public has less of an interest in "records attached only to non-dispositive motions." *Id.* Non-dispositive pre-trial motions that address the admissibility of evidence and testimony at trial are considerably less important to the public than the evidence actually introduced at trial. *Cf. United States v. McVeigh*, 119 F.3d 806, 813 (10th Cir. 1997) (the public's right of access "does not extend to the evidence actually ruled inadmissible").

Given that the parties have entered into a stipulation to reduce the amount of confidential information at trial based on the Court's numerous instructions, *see, e.g.,* July 18, 2012 Hearing Transcript, at 86:6-89:25; July 24, 2012 Hearing Transcript, at 54:25-56:5, 59:8-61:12; July 27, 2012 Hearing Transcript, at 6:4-23:17; June 29, 2012 Hearing Transcript, at 80:1-81:22, the information Samsung seeks to seal will not be introduced at trial. *See* Dkt. No. 1597. The Court has adopted the pertinent provisions of this stipulation. Dkt. No. 1649, at 2 n.1. The parties' stipulation demonstrates that, far from being critical to the public's understanding of the parties claims and defenses, the information at issue here is unrelated to trial.

Since most of the documents Samsung moved to seal were attached to non-dispositive motions, the Court should have applied the "good cause" standard to those documents, which Samsung has met through its showing that its most sensitive cost, profit, loss and profit margin information is kept confidential within Samsung, is shared with very few persons within Samsung on a need-to-know basis, is never disclosed to the public, and would benefit competitors to Samsung's disadvantage if revealed. *See* Dkt. No. 1490 (Ro Decl. ¶¶ 4-26). The Court erred as a matter of law in applying the "compelling reasons" standard, and its decision is likely to be reversed on appeal.

### B. Samsung Established Both Good Cause and Compelling Reasons For Sealing Its Precise Revenue and Cost Information

Even if the "compelling reasons" standard did apply to all of the documents that Samsung sought to seal, Samsung's motions should nevertheless have been granted, because Samsung established "compelling reasons" for the sealing of its most sensitive cost, profit, and loss information, consistent with applicable precedent. Courts applying the "compelling reasons" standard have consistently found that information of the precise type that is here at issue should be sealed. *See, e.g., Bean v. John Wiley & Sons, Inc.*, No. CV 11–08028–PCT–FJM, 2012 WL 1078662, at *6-7 (D. Ariz. Mar. 30, 2012) (production information and "precise revenue information results" and "exact sales and production numbers" which could be used by competitors to calibrate their pricing and distribution methods to undercut defendant also provide compelling reasons for sealing); *Bauer Bros. LLC v. Nike, Inc.*, No. 09cv500–WQH–BGS, 2012 WL 1899838, at *3-4 (S.D. Cal. May 24, 2012) (revenues per product, revenue reductions, merchandise costs, royalty costs, promotional costs, personnel costs, and costs of goods sold are sealable when a company's business competitors could use the information to replicate the company's business practices). The harm that will result from the disclosure of the detailed financial information at issue here is not speculative; as Samsung established through the declarations of GiHo Ro in support of its motions to seal, competitors will be able to use Samsung's comparable profit, loss, and cost information to Samsung's disadvantage. *See, e.g.*, Dkt. No. 1490, at 2-9.

Apple does not dispute that disclosure of such information would cause Samsung substantial harm; indeed, it filed (and has appealed the denials of) motions to seal exactly the same sort of information about its own finances. Specifically, the disclosure of Samsung's most confidential information to all of its competitors, vendors, suppliers, and customers would create information asymmetry and thus unduly alter Samsung's bargaining power and pricing strategy. Both parties agree that disclosure of the sensitive information that is at issue will cause significant and wholly unnecessary injury, sufficient to satisfy the "compelling reasons" standard.

The Court erred by applying the "compelling reasons" standard to the majority of the documents Samsung sought to seal and concluding that Samsung failed to meet the "compelling reasons" standard. Samsung is thus likely to succeed on the merits of its appeal.

## II. SAMSUNG WILL BE IRREPARABLY HARMED IF THE ORDERS ARE NOT STAYED PENDING APPEAL, WHEREAS, APPLE AND THE PUBLIC WILL NOT BE INJURED AT ALL

Denial of a stay pending appeal will cause substantial and irreparable injury to Samsung's interest, with no counterbalancing benefit to the public. Absent a stay, Samsung's highly confidential information will be filed publicly by August 16, 2012—thereby ringing a bell that cannot be un-rung. This will deprive Samsung the right to seek review of the Court's orders.

On the other hand, there is no indication that a stay pending appeal would result in substantial harm to Apple or to the public. Granting the stay would merely maintain the status quo pending appellate review. Apple will not be harmed by the status quo; it too has moved to stay enforcement of the Court's orders, and indeed does not oppose the underlying motions to seal. And as explained above, neither Apple nor the public has a substantial interest in evidence that will not be introduced at trial. Finally, even if there were a legitimate public interest in such information, it would not be furthered by requiring release *now* rather than after the Federal Circuit has fully considered the parties' appeals.

The balance of interests tips in favor of protecting Samsung from harm by preserving the status quo pending appeal. *See Prometheus Radio Project v. FCC*, No. 03-338, 2003 WL 22052896, at *1 (3d Cir. Sept. 3, 2003) ("Given the magnitude of this matter and the public's interest in reaching the proper resolution, a stay is warranted pending thorough and efficient judicial review."). The standard for a grant of a stay pending appeal has accordingly been met, and the Court should grant Samsung's motion.

## **CONCLUSION**

The Court should stay its July 17, 2012 Order Denying Sealing Motions and August 9, 2012 Order Granting-in-Part and Denying-in-Part Motions to Seal pending appeal or, alternatively, pending the Federal Circuit's ruling on a motion for a stay pending appeal.

|     |                          |                                                  |
| --- | ------------------------ | ------------------------------------------------ |
| 1   | DATED: August 13, 2012   | Respectfully submitted,                          |
| 2   |                          | QUINN EMANUEL URQUHART &                         |
| 3   |                          | SULLIVAN, LLP                                    |

By */s/ Victoria F. Maroulis*
    Charles K. Verhoeven
    Kevin P.B. Johnson
    Victoria F. Maroulis
    Attorneys for SAMSUNG ELECTRONICS
    CO., LTD., SAMSUNG ELECTRONICS
    AMERICA, INC. and SAMSUNG
    TELECOMMUNICATIONS AMERICA, LLC