Exhibit 9

1                UNITED STATES DISTRICT COURT

2              NORTHERN DISTRICT OF CALIFORNIA

3                    SAN JOSE DIVISION

4

5

      APPLE INC., A CALIFORNIA      )  C-11-01846 LHK
6     CORPORATION,                  )
                                    )  SAN JOSE, CALIFORNIA
7                    PLAINTIFF,     )
                                    )  JULY 31, 2012
8             VS.                   )
                                    )  VOLUME 2
9     SAMSUNG ELECTRONICS CO.,      )
      LTD., A KOREAN BUSINESS       )  PAGES 283-555
10    ENTITY; SAMSUNG               )
      ELECTRONICS AMERICA,          )
11    INC., A NEW YORK              )
      CORPORATION; SAMSUNG          )
12    TELECOMMUNICATIONS            )
      AMERICA, LLC, A DELAWARE      )
13    LIMITED LIABILITY             )
      COMPANY,                      )
14                                  )
                     DEFENDANTS.    )
15    _____

16             TRANSCRIPT OF PROCEEDINGS
           BEFORE THE HONORABLE LUCY H. KOH
17            UNITED STATES DISTRICT JUDGE

18

19

20          APPEARANCES ON NEXT PAGE

21

22

23    OFFICIAL COURT REPORTER: LEE-ANNE SHORTRIDGE, CSR, CRR
                        CERTIFICATE NUMBER 9595
24

25

1    IS GOING TO SHOW THAT WAS REFERRED TO AS THE

2    EXTRUDO SHAPE DESIGN.  YOU SEE HERE IT SAYS

3    "EXTRUDO SHAPE" IN THE E-MAIL.

4              ON THE LEFT-HAND SIDE IS A DIFFERENT

5    DESIGN, ONE THAT LOOKS A LOT MORE LIKE WHAT THE

6    ORIGINAL IPHONE, THE INITIAL IPHONE WHEN IT WAS

7    RELEASED LOOKED LIKE:  ROUNDED CORNERS, BLACK, AN

8    IPHONE SET UP VERY SIMILAR TO WHAT YOU SAW FOR THE

9    INITIAL IPHONE.

10             WELL, THE EVIDENCE IS GOING TO SHOW THAT

11   THAT DESIGN WAS -- AND ITS FUNCTIONALITY INSPIRED

12   APPLE TO CHANGE COURSE WITH THE DESIGN OF ITS

13   INITIAL IPHONE.  APPLE WAS INSPIRED BY SONY.

14             THIS E-MAIL IS DATED MARCH 8TH, 2006 FROM

15   RICHARD HOWARTH, WITHIN APPLE, TO JONATHAN IVE,

16   WHO'S THE HEAD OF THE DESIGN GROUP AT APPLE.  DATED

17   MARCH 8, 2006.

18             THEY'RE STILL WORKING -- THE EVIDENCE

19   WILL SHOW THEY WERE STILL WORKING ON THE DESIGN OF

20   THE IPHONE.  THEY HADN'T FINISHED IT.  THEY HADN'T

21   COMPLETED IT.

22             THE EVIDENCE IS GOING TO SHOW, MEMBERS OF

23   THE JURY, THIS EXTRUDO SHAPE IS WHAT THEY WERE

24   GOING WITH UNTIL IT BECAME INSPIRED BY THE

25   SONY-STYLE DESIGN FUNCTIONALITY.

```
 1              MR. MCELHINNY:  I UNDERSTAND THAT.
 2              IN OPENING, I THOUGHT THAT THE QUESTION
 3    OF WHAT WAS ADMISSIBLE FOR FUNCTIONALITY KIND OF
 4    GOT ABUSED, AND I DIDN'T OBJECT BECAUSE IT WAS THE
 5    OPENING.
 6              BUT WE MAY -- IF HE TRIES TO USE IT FOR
 7    THE SAME PURPOSE THAT HE DID IN THE OPENING, GIVEN
 8    YOUR HONOR'S LIMITATION, WE'RE GOING TO HAVE SOME
 9    OBJECTIONS.
10              THE COURT:  I UNDERSTAND.  I THOUGHT THAT
11    CROSSED THE LINE AS WELL.
12              MR. MCELHINNY:  THANK YOU, YOUR HONOR.
13              THE COURT:  OKAY.  JUST A SMALL
14    HOUSEKEEPING ISSUE IS THAT I WOULD APPRECIATE IT IF
15    YOU COULD PROVIDE MORE CARTS BECAUSE I WILL HAVE A
16    SEPARATE ONE OF THE WITNESS SPECIFIC BINDERS
17    SEPARATE FROM THIS WHOLE LIST, WHICH IS NOT EVEN
18    ALL OF THEM.  THERE ARE MORE DOWN IN MY CHAMBERS
19    THAT WE NEED TO BRING UP.
20              MR. MCELHINNY:  MAY I -- DO YOU
21    UNDERSTAND WHAT THE JUDGE WANTS?
22              YES, YOUR HONOR.
23              THE COURT:  I'M SORRY.  WE JUST DON'T
24    HAVE, UNFORTUNATELY, THINGS AS SIMPLE AS THAT.
25              OKAY.  SO ARE WE ALL SET ON WHAT'S COMING
```

1                  UNITED STATES DISTRICT COURT

2                 NORTHERN DISTRICT OF CALIFORNIA

3                       SAN JOSE DIVISION

4

5

    APPLE INC., A CALIFORNIA    )  C-11-01846 LHK
6   CORPORATION,                )
                                )  SAN JOSE, CALIFORNIA
7                 PLAINTIFF,     )
                                )  AUGUST 3, 2012
8             VS.                )
                                )  VOLUME
9   SAMSUNG ELECTRONICS CO.,     )
    LTD., A KOREAN BUSINESS      )  PAGES 556-930
10  ENTITY; SAMSUNG              )
    ELECTRONICS AMERICA,         )
11  INC., A NEW YORK             )
    CORPORATION; SAMSUNG         )
12  TELECOMMUNICATIONS           )
    AMERICA, LLC, A DELAWARE     )
13  LIMITED LIABILITY            )
    COMPANY,                     )
14                               )
                  DEFENDANTS.    )
15  _____

16            TRANSCRIPT OF PROCEEDINGS
          BEFORE THE HONORABLE LUCY H. KOH
17          UNITED STATES DISTRICT JUDGE

18

19

20          APPEARANCES ON NEXT PAGE

21

22

23  OFFICIAL COURT REPORTER: LEE-ANNE SHORTRIDGE, CSR, CRR
                    CERTIFICATE NUMBER 9595
24

25

1    IS REAL.  OF OUR 34 POTENTIAL JURORS WHO WERE VOIR

2    DIRED ON MONDAY, 18 ADMITTED SOME EXPOSURE TO

3    PRETRIAL PUBLICITY.

4              OF OUR NINE SEATED JURORS, FOUR ADMITTED

5    TO EXPOSURE TO SOME PRETRIAL PUBLICITY.

6              SO THIS WAS A REAL AND POSSIBLE DANGER

7    THAT SAMSUNG AND QUINN, EMANUEL MADE THE DECISION

8    TO TAKE THE RISK OF TAINTING THE JURY.

9              AT THE TIME THAT MR. QUINN REQUESTED YET

10   ANOTHER RECONSIDERATION OF THE MULTIPLE RULINGS OF

11   THE COURT, THE PARTIES HAD BRIEFED AT LEAST THE

12   SONY-STYLE ISSUE NO LESS THAN SIX TIMES, SIX TIMES,

13   AND ON TUESDAY MORNING, I MADE IT ABSOLUTELY CLEAR

14   THAT I WAS NOT GOING TO RECONSIDER THAT RULING.

15             YET MR. QUINN LEFT THIS COURTROOM AND

16   DELIBERATELY AND WILLFULLY, WITH SAMSUNG, ISSUED A

17   PRESS RELEASE TO HIGHLIGHT EVIDENCE THAT THEY BOTH

18   KNEW WAS EXCLUDED AND WAS INADMISSIBLE IN THIS

19   TRIAL.

20             AND THE LINK TO THE EXCLUDED

21   DEMONSTRATIVES IN THE PRESS RELEASE WAS A WILLFUL

22   AND DELIBERATE ATTEMPT TO FURTHER PROPAGATE THAT

23   EXCLUDED EVIDENCE THE DAY AFTER A JURY HAD BEEN

24   IMPANELED.

25             THIS IS AN UNFORTUNATE SITUATION, BUT I

1    DON'T WANT ANYONE TO LOSE SIGHT OF THE FACT THAT

2    THIS IS A SITUATION OF SAMSUNG AND QUINN, EMANUEL'S

3    OWN MAKING.

4             HAD SAMSUNG TIMELY COMPLIED WITH ITS

5    DISCOVERY OBLIGATIONS, THERE WOULD BE NO EXCLUSION.

6             BOTH JUDGE GREWAL AND I HAVE HELD BOTH

7    PARTIES TO THE SAME STANDARD.  APPLE'S UNTIMELY

8    DISCOVERY AND THEORIES HAVE EQUALLY BEEN EXCLUDED

9    FROM THIS TRIAL.

10            I WILL NOT LET ANY THEATRICS OR ANY SIDE

11   SHOW DISTRACT US FROM WHAT WE ARE HERE TO DO, WHICH

12   IS TO FAIRLY AND EFFICIENTLY TRY THIS CASE.

13            WHEN THE JURY IS HERE, WE'RE GOING TO DO

14   OUR BEST TO MAKE THE MOST OF THEIR TIME, WHETHER

15   THAT MEANS READING JURY INSTRUCTIONS AT 4:30 ON

16   MONDAY AFTERNOON OR CALLING A WITNESS DURING THE

17   LAST FEW MINUTES OF THE DAY ON TUESDAY.

18            NOW, I HOPE THAT ALL PARTIES AND LAWYERS

19   IN THIS CASE WHO ARE SUPPOSED TO BE OFFICERS OF THE

20   COURT WILL RESPECT THE UNITED STATES JUSTICE SYSTEM

21   AND OUR JURY TRIAL PROCESS.

22            NOW, WOULD YOU PLEASE BRING IN THE JURY,

23   AND WHATEVER RECONSIDERATIONS AND OBJECTIONS TO

24   EVIDENCE, WE'RE GOING TO DO IT ON YOUR TIME.

25            MR. LEE:  YOUR HONOR, BEFORE THE JURY IS

1                   UNITED STATES DISTRICT COURT

2                  NORTHERN DISTRICT OF CALIFORNIA

3                        SAN JOSE DIVISION

4

5

       APPLE INC., A CALIFORNIA    )  C-11-01846 LHK
6      CORPORATION,                )
                                   )  SAN JOSE, CALIFORNIA
7                    PLAINTIFF,    )
                                   )  AUGUST 10, 2012
8               VS.                )
                                   )  VOLUME 6
9      SAMSUNG ELECTRONICS CO.,    )
       LTD., A KOREAN BUSINESS     )  PAGES 1638-1988
10     ENTITY; SAMSUNG             )
       ELECTRONICS AMERICA,        )
11     INC., A NEW YORK            )
       CORPORATION; SAMSUNG        )
12     TELECOMMUNICATIONS          )
       AMERICA, LLC, A DELAWARE    )
13     LIMITED LIABILITY           )
       COMPANY,                    )
14                                 )
                     DEFENDANTS.   )
15     _____

16                  TRANSCRIPT OF PROCEEDINGS
                BEFORE THE HONORABLE LUCY H. KOH
17                UNITED STATES DISTRICT JUDGE

18

19

20              APPEARANCES ON NEXT PAGE

21

22

23     OFFICIAL COURT REPORTER: LEE-ANNE SHORTRIDGE, CSR, CRR
                          CERTIFICATE NUMBER 9595
24

25

```
1     Q    AND THAT EACH AND EVERY CLAIM LIMITATION IS

2     ACTUALLY CONTAINED IN THE ACCUSED DEVICES?

3     A    YES.

4     Q    AND IT'S NOT ENOUGH JUST TO SAY IT'S, IT'S

5     CONTAINED IN ONE DEVICE.  YOU HAVE TO SHOW THAT

6     EACH AND EVERY CLAIM LIMITATION IS SHOWN IN EACH

7     AND EVERY ONE OF THE 21 DEVICES THAT YOU'RE

8     ACCUSING OF INFRINGEMENT; RIGHT?

9     A    IN EACH OF THE DEVICES BEING ACCUSED, YES.

10    Q    OKAY.  AND YOU ALSO UNDERSTAND, GIVEN THAT

11    YOU'VE GOT SOME OF YOUR OWN PATENTS, THAT THE

12    CLAIMS MUST BE READ CONSISTENTLY FOR INFRINGEMENT

13    PURPOSES AND FOR INVALIDITY PURPOSES; RIGHT?

14    A    THAT'S CORRECT.

15    Q    AND SAID ANOTHER WAY, YOU CAN'T READ A CLAIM

16    BROADER TO ESTABLISH INFRINGEMENT, BUT THEN READ IT

17    NARROWLY IN ORDER TO AVOID THE PRIOR ART; RIGHT?

18    A    THAT'S TRUE.

19    Q    OKAY.  LET'S SHOW DX 751-A, MR. FISHER, AND

20    THIS IS THE VIBRANT.

21         OKAY.  AND ACTUALLY, BEFORE WE PLAY IT,

22    LET ME JUST ASK YOU, YOU'RE AWARE THAT SAMSUNG

23    BELIEVES IT DOESN'T INFRINGE THE '381 PATENT

24    BECAUSE SAMSUNG'S PHONES EXHIBIT SOMETHING CALLED

25    THE HOLD STILL BEHAVIOR; RIGHT?
```