# EXHIBIT T

# In The Matter Of:

*APPLE, INC.*

*v.*

*SAMSUNG ELECTRONICS CO*

_____

*RAMAMIRTHAM SUKUMAR, Ph.D. - Vol. 1*

*April 24, 2012*

_____

## *HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY*

**MERRILL CORPORATION**
LegaLink, Inc.

179 Lincoln Street
Suite 401
Boston, MA 02110
Phone: 617.542.0039
Fax: 617.542.2119

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
RAMAMIRTHAM SUKUMAR, Ph.D. - 4/24/2012

Page 16

```
09:11:05   1        A    Well, my survey pertains to the features
09:11:13   2    that are important to the customer base, so an
09:11:18   3    understanding of the features and -- is really what's
09:11:22   4    relevant to me.
09:11:23   5        Q    Okay.  And how did you get an understanding
09:11:24   6    of the features?
09:11:27   7        A    The first step was counsel gave me an
09:11:31   8    understanding of that.
09:11:32   9        Q    Okay.  Did they give you a description of
09:11:34  10    the features that then you used in connection with
09:11:37  11    your survey?
09:11:38  12             MR. ALDEN:  So let me object on the basis of
09:11:40  13    attorney/client privilege.  To the extent that you
09:11:43  14    relied on information provided by counsel, you can
09:11:46  15    testify to that.  Other communications I'll instruct
09:11:49  16    you not to answer.
09:11:51  17        A    Counsel communicated with me about the
09:11:54  18    descriptions, yes.
09:11:57  19        Q    Okay.  So in connection with the
09:11:58  20    descriptions of the feature that are contained in your
09:12:01  21    survey, did you rely exclusively on counsel for those?
09:12:07  22             MR. ALDEN:  Objection.  Vague and ambiguous.
09:12:10  23        A    I did not rely exclusively on counsel for
09:12:13  24    those.  We did other things, like pilot tests, to
09:12:18  25    ensure that consumers understood.
```

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
RAMAMIRTHAM SUKUMAR, Ph.D. - 4/24/2012

Page 17

```
09:12:20   1        Q    Okay.  But -- okay.  Now, but as far as the
09:12:25   2   descriptions of the features themselves that you used
09:12:28   3   in the survey, did you rely on anyone other than
09:12:33   4   counsel in order to obtain those descriptions?
09:12:37   5             MR. ALDEN:  Objection.  Vague and ambiguous.
09:12:42   6        A    So descriptions in the survey were written
09:12:45   7   by me and then tested.
09:12:49   8        Q    I understand that.  But where did you get
09:12:51   9   the descriptions from?
09:12:53  10             MR. ALDEN:  Objection.  Vague and ambiguous.
09:12:54  11   Asked and answered.
09:12:57  12        A    Communications with counsel.
09:12:58  13        Q    Okay.  Anyone else other than counsel?
09:13:12  14        A    I also had, in the presence of counsel,
09:13:14  15   verbal communications with Vince O'Brien.
09:13:22  16        Q    And what did Mr. O'Brien provide you with?
09:13:31  17             MR. ALDEN:  Objection.  Assumes facts not in
09:13:32  18   evidence.  Lacks foundation.
09:13:35  19        A    Well, oral communications about, you know,
09:13:37  20   the descriptions of the -- that were subsequently
09:13:41  21   written up by me in the survey.
09:13:45  22        Q    Well, did he give you any descriptions that
09:13:48  23   were different from the descriptions that counsel gave
09:13:51  24   you?
09:13:51  25        A    No.
```

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
RAMAMIRTHAM SUKUMAR, Ph.D. - 4/24/2012

Page 18

```
09:13:54   1         Q    So what is it that he told you about the
09:13:56   2    descriptions that you used in your survey?
09:14:00   3              MR. ALDEN:  I'll object to the extent these
09:14:01   4    communications were in the presence of counsel.
09:14:03   5              You can answer to the extent you relied on
09:14:06   6    any of those communications.  To the extent you did
09:14:09   7    not, I'll instruct you not to answer.
09:14:12   8              MR. HEYISON:  Well, the standard, Anthony,
09:14:12   9    is not reliance.  The answer is -- is the standard's
09:14:14  10    considered in connection with preparation of his
09:14:18  11    opinions.
09:14:20  12         A    So I don't recall the exact details of that,
09:14:24  13    so all I can say is that those were initial
09:14:29  14    discussions that helped me -- in the presence of
09:14:31  15    counsel -- that helped me write the feature
09:14:34  16    descriptions that were then pilot tested.
09:14:37  17         Q    Okay.  Now, Mr. O'Brien is the damages
09:14:41  18    expert for Samsung with respect to feature patents,
09:14:44  19    correct?
09:14:46  20              MR. ALDEN:  Objection.  Lacks foundation.
09:14:51  21         A    I don't know for sure.
09:14:51  22         Q    Okay.  You know that he's not an expert on
09:14:57  23    mobile communications device technology, correct?
09:14:59  24              MR. ALDEN:  Objection.  Vague and ambiguous.
09:15:01  25    Lacks foundation.
```

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
RAMAMIRTHAM SUKUMAR, Ph.D. - 4/24/2012

Page 19

```
09:15:02   1        A    I don't know that.
09:15:03   2        Q    Okay.  You know that he's not an expert in
09:15:05   3   patent law, correct?
09:15:07   4        A    I don't know.
09:15:08   5             MR. ALDEN:  Objection.  Vague and ambiguous.
09:15:10   6   Lacks foundation.
09:15:11   7        Q    Do you know if he's an expert in anything?
09:15:13   8             MR. ALDEN:  Objection.  Lacks foundation.
09:15:15   9        A    I don't know that.
09:15:15  10        Q    Okay.  Why is it that you spoke with him and
09:15:19  11   relied on him in connection with your survey if you
09:15:22  12   don't know he's an expert in anything?
09:15:26  13             MR. ALDEN:  Objection.  Mischaracterizes
09:15:27  14   prior testimony.
09:15:29  15        A    I did not rely on him.  I -- he was there in
09:15:32  16   the presence of counsel, and I wrote the features
09:15:36  17   myself, which was eventually tested.
09:15:40  18        Q    And you wrote the features based on what?
09:15:42  19   Information provided to you by counsel and
09:15:47  20   Mr. O'Brien?
09:15:49  21             MR. ALDEN:  Objection.  Asked and answered.
09:15:54  22        A    Counsel and O'Brien were on the call.
09:15:57  23        Q    Okay.  And you received information from
09:15:59  24   both counsel and O'Brien that you used in connection
09:16:02  25   with drafting the descriptions of the features; is
```