# Exhibit 1

| | |
|---|---|
| **From:** | Rawson, Taryn S. |
| **To:** | "Robert Becher"; "Diane Hutnyan"; "Samsung v. Apple" |
| **Cc:** | AppleMoFo; "WH Apple Samsung NDCal Service" |
| **Subject:** | Apple"s HPOs to O"Brien, Teece, Gary, Van Dam, Agnetta, Howarth and Nishibori |
| **Date:** | Monday, August 13, 2012 11:56:33 PM |

Counsel:

Apple's high priority objections are below:

**Vincent O'Brien**

- **SDX3956.022 –** Apple objects to Dr. O'Brien offering his reasonable royalty damages opinions, each of which he calculated using the formula set forth in SDX3956.022.  Because Dr. O'Brien's formula for calculating a per unit running royalty relies upon the conclusions and results of Samsung's marketing and survey expert Dr. Sukumar, who will not and cannot testify at trial, his damages opinion and calculations lack competent foundation and are inadmissible under Rule 703.
- **SDX3956.019 –** The sequence of Apple's pretrial production of royalty reports in response to Samsung's discovery requests is not relevant to damages or any other issue, and is confusing, misleading and unduly prejudicial.

**David Teece**

- **DX630 –** FRE 801/802: DX630 is an inadmissible hearsay chart prepared by Samsung's expert on FRAND damages and submitted as an exhibit to his expert report.  FRE 1006: DX630 is an inaccurate and misleading summary of licenses that was not disclosed by Samsung as a compilation pursuant to FRE 1006.
- **SDX3963.010 –** FRE 401:  Published rates for the LTE standard are irrelevant to the value of Samsung's patents declared essential to the UMTS standard.  Likewise, the Qualcomm rate listed as a "UMTS" rate includes CDMA license rates. FRE 403:  Royalty rates for other standards are both irrelevant and likely to confuse the jury as to the value of UMTS technology, and thus should be excluded under FRE 403.

**Stephen Gray**

- **SDX3953.026-032 –** Apple objects to the Nomura (Yosuhiro) demonstratives, as Mr. Gray in his expert report failed to apply Nomura at all to certain claim limitations addressed in the slides.  On other limitations, Gray failed to disclose the specific passages and/or figures from Nomura cited in the slides.
- **DX561; SDX3953.046; SDX3953.062 –** Apple objects to DX561 and related demonstratives to the extent that they include or reference Flynt provisional application 60/718,187.  This provisional application was not disclosed in Samsung's invalidity contentions.  It should also be excluded under FRE 402 or FRE 403 because it does not disclose key elements of the Flynt '632 patent that Samsung relies on in its invalidity analysis.

**Andries Van Dam**

- **DX 694 –** Apple objects to this exhibit under FRE 402 - this email does not relate to any issue in this case.  FRE 403.  This email is more prejudicial than probative because it is

misleading as to Apple's knowledge of LaunchTile.

- **DX720; SDX3964.003a-.037a; .071b; .02-.03; .013-.038; .071-.072** – Apple objects to this exhibit and related demonstratives because of Samsung's failure to produce the depicted Tablecloth prior art and the absence of any opinion on it in Dr. Van Dam's expert report.

**Bryan Agnetta**

- **Conception date** – Apple objects to Agnetta's deposition testimony relating to an alleged May 2005 conception date, as this date was not corroborated by any documents. Without corroboration, this date is irrelevant (F.R.E. 402) and prejudicial (F.R.E. 403).
- **Provisional application and date** – Apple objects to Agnetta's deposition testimony relating to the Flynt 60/718,187 provisional application as well as the underlying provisional application (portion of DX561). Samsung failed to disclose the provisional in its invalidity contentions, as required by Patent Local Rule 3-3. Further, the Flynt '632 patent is not entitled to the provisional application date because the provisional application does not disclose important elements of the Flynt patent.

**Richard Howarth**

- **DX579** – This exhibit was not timely disclosed in response to ROGS 38 or 40 regarding Samsung's functionality defenses. DX2627 contains information on the F700, which has been excluded by multiple Court orders.
- **DX2627** – DX2627 has the incorrect date, which makes it more prejudicial than probative because the jury may be misled into believing, incorrectly, that the phones disclosed in the document were prior art to the iPhone.

**Shin Nishibori**

- Apple objects to the designated testimony because the court has already expressly excluded Mr. Nishibori's testimony on any topic other than functionality in its Order on Apple's Motion to Enforce (Dkt. No. 1553 at 3) and the designated portions of the transcript do not concern functionality. In addition, the excerpts that Samsung has designated has incorrect translations from the Japanese. Apple objects to Samsung's proposal not to use the corrected translations provided with Mr. Nishibori's errata.

Kind regards,
Taryn

**Taryn S. Rawson**
Morrison & Foerster LLP
425 Market Street, San Francisco, CA 94105
(415) 268-7527
trawson@mofo.com