QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendant. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S MOTION TO EXCLUDE UNTIMELY UNDISCLOSED TESTIMONY OF GREG CHAPMAN, EMILIE KIM AND SONY KEEPER OF RECORDS** |

## I. INTRODUCTION

Under Rule 37(c), Apple may not present (1) the testimony of Greg Chapman, (2) the testimony of Emilie Kim regarding alleged prior art to Samsung's patents in suit or (3) the testimony of Sony's Keeper of Records. Mr. Chapman did not appear on Apple's Rule 26(a) initial disclosures until March 4, 2012—four days prior to the fact discovery cut off in this case—and Mr. Chapman was not referenced in response to any Samsung interrogatory, in any deposition prior to the end of fact discovery, and Apple did not produce a single custodial document from Mr. Chapman in this action. Apple waited even longer to disclose Ms. Kim's alleged prior art testimony and the testimony of the Sony Keeper of Records, first revealing its intent to introduce this testimony when Apple filed its witness and exhibit lists for this trial on July 6, 2012, four months *after* the close of discovery. Allowing Apple to present testimony from these witnesses would severely prejudice Samsung. As such, their testimony must be excluded under Rule 37(c).

## II. STATEMENT OF FACTS

### A. Apple Failed to Timely Disclose Greg Chapman

Apple did not disclose any information about Mr. Chapman until March 4, 2012, four days before the end of fact discovery. Declaration of Diane C. Hutnyan ("Hutnyan Decl.") ¶ 2, Exh. A (Apple Inc's First Amended and Supplemental Initial Disclosures Pursuant to Rule 26(A)(1), dated March 4, 2012). Apple's initial disclosures make no reference to Mr. Chapman. Hutnyan Decl. ¶ 3, Exh. B (Apple Inc's Initial Disclosures Pursuant to Rule 26(A)(1), dated August 26, 2011). Apple did not identify Mr. Chapman in response to a single interrogatory in this case. No witness testified about Mr. Chapman during fact discovery, nor did Apple produce any custodial documents from Mr. Chapman in this action. Hutnyan Decl. ¶ 4.

Apple first disclosed the identity of Mr. Chapman in its First Amended and Supplemental Initial Disclosures on March 4, 2012. Hutnyan Decl. ¶ 2, Exh. A (Apple Inc's First Amended and Supplemental Initial Disclosures Pursuant to Rule 26(A)(1), dated March 4, 2012). In that disclosure, Apple listed Mr. Chapman's name, listed Apple's address as his contact information, and listed his "potential area(s) of knowledge" as "[d]esign and operation of accused functionality

in accused Apple products." *Id.*  Apple disclosed no further information about Mr. Chapman during fact discovery.[1]

Then, on July 6, 2012, Apple listed Mr. Chapman as a witness it "Expects to Present at Trial" and described the substance of the testimony to be given as follows: "Mr. Chapman is currently an engineer at Apple and may testify regarding the design, development, research, operation, function, performance, features, and/or structure of the accused Apple products." Dkt. No. 1189-3, at 2.  On July 23, 2012, Apple again listed Mr. Chapman as a witness it expects to present at trial.  Dkt. No. 1287, at 4.

### B. Apple Never Disclosed Emilie Kim's Alleged Prior Art Testimony

Apple first disclosed that "Ms. Kim may testify regarding Apple prior art" on July 6, 2012 when it filed its witness list and listed Ms. Kim as the sponsoring witness for two documents related to "invalidating prior art."  Dkt. 1189-3 at 6 (Apple's Witness List); Dkt. 1189-5 at 17 (Apple's Exhibit List at TX 110, 111).  Prior to July 6, Apple had only disclosed Ms. Kim as knowledgeable regarding the operation of the accused Apple products, never as knowledgeable regarding prior art.  For example, in response to Samsung's Interrogatory No. 31, Apple identified Ms. Kim as a person knowledgeable about "the design and development" of software in the accused Apple products.  Declaration of Diane C. Hutnyan ("Hutnyan Decl."), ¶ 7, Exh. E at 24 (Apple Inc.'s Objections and Responses to Samsung's Second Set of Interrogatories).  Similarly, though Apple did not identify Ms. Kim as a potential witness at all in its initial disclosures, Apple amended those disclosures just four days prior to the close of discovery, adding Ms. Kim as a witness knowledgeable about the "design and operation of the accused functionality in accused

---

[1] On April 16, 2012, more than a month after the close of fact discovery, Mr. Chapman was briefly referenced in Dr. Tony D. Givargis' rebuttal expert report regarding non-infringement of Samsung's '711 patent.  Dr. Givargis stated that had "spoken with Apple engineer Greg Chapman regarding the relevant functions and programming in the accused Apple devices."  Hutnyan Decl. ¶ 5, Exh. C (Rebuttal Expert Report of Tony Givargis, Ph.D. ¶ 5).  This fact was also noted at Dr. Givargis' April 23, 2012 deposition.  Hutnyan Decl. ¶ 6, Exh. D (April 23, 2012 Deposition of Dr. Tony D. Givargis, at 20:8-15).  Mr. Chapman was not referenced in any other depositions taken during the course of expert discovery.

Apple products."[2]  Hutnyan Decl., Exh. A at 7 (Apple Inc.'s First Amended and Supplemental Initial Disclosures Pursuant to Rule 26(A)(1)).   At no point during discovery, or for four months after discovery closed, did Apple ever identify Ms. Kim as a witness who may testify regarding "Apple prior art."

### C. Apple Never Disclosed The Sony Keeper Of Records As A Witness

As with Ms. Kim's testimony regarding purported prior art, Apple never disclosed the Sony Keeper of Records in its Rule 26 disclosures as a witness in this action.  Moreover, Sony's Keeper of Records was never disclosed as a potential witness in any of Apple's interrogatory responses and was not discussed as a witness in any deposition testimony.  Hutnyan Decl. ¶ 8.  Instead, Apple first revealed the Sony Keeper of Records as a potential witness in this action in its July 6, 2012 witness list.  (Dkt. 1189-3 at 15.)

## III. ARGUMENT

### A. Apple May Not Present Greg Chapman's Testimony

Under Rule 26(1)(A)(i) of the Federal Rules of Civil Procedure, Apple was required to provide the following information in its initial disclosures:

> the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.

Fed. R. Civ. Proc. R. 26(1)(A)(i) (emphasis added).   This obligation is meant to "prevent[] prejudice and surprise."  *Reed v. Iowa Marine & Repair Corp.*, 16 F.3d 82, 85 (5th Cir. 1994).  Apple was also required to supplement its initial disclosures "***in a timely manner*** if the party learns that in some material respect the disclosure or response is incomplete or incorrect…"  Fed. R. Civ. Proc. R. 26(e)(1)(A) (emphasis added); *see also* Dkt. No. 1563 (August 2, 2012 Order on Samsung's Objections Regarding Forstall Exhibits) ("Apple is required to amend or supplement Rule 26 disclosures 'in a timely manner.'").   Apple's disclosure of Mr. Chapman four days prior to the end of fact discovery was not timely.  In *Vieste, LLC v. Hill Redwood Dev.*, the United States District Court for the Northern District of California held that the disclosure of six

---

[2]   By that point, Apple had previously designated Ms. Kim to testify as a Rule 30(b)(6) witness on topics related to the features and functionality of Apple's accused products.

1  individuals in Supplemental Initial Disclosures two weeks prior to the end of fact discovery was

2  not timely.   2011 WL 2181200, at *2-3 (N.D. Cal. June 3, 2011).   The Court noted that the

3  purpose of Rule 26 disclosures is to "enable[] the opposing party to plan its discovery, including

4  depositions based on disclosures."  *Id.* at *3.   Samsung was not afforded this opportunity with

5  Mr. Chapman.

6       Rule 37(c) of the Federal Rules of Civil Procedure prohibits Apple from presenting Mr.

7  Chapman's trial testimony unless it can prove that "the failure [to disclose or supplement] was

8  substantially justified or is harmless."   Fed. R. Civ. Proc. R. 37(c)(1).   Apple cannot carry this

9  burden.   First, Apple failed to produce a single document that identified Mr. Chapman as its

10 custodian.   Second, the  untimely disclosure of Mr. Chapman's testimony prevented Samsung

11 from obtaining any fact discovery regarding this witness.   The parties were well past the February

12 7, 2012 deadline for propounding new Requests for Production or Requests for Admission when

13 Apple first provided information about Mr. Chapman.   Finally, as Apple itself concedes, four

14 days is also insufficient time in which to notice, prepare and take his deposition.[3]   Thus, Apple's

15 failure to disclose Mr. Chapman until March 4 prevented Samsung from having "a meaningful

16 opportunity to take discovery regarding [Mr. Chapman's] knowledge."   *Vieste, LLC*, 2011 WL

17 2181200, at *3 (excluding a witness from testifying at trial who was produced for deposition on

18 certain 30(b)(6) topics five days prior to the discovery cut off on the grounds the late disclosure of

19 the witness prevented meaningful discovery on that witness).   Therefore, under Rule 37(c), Apple

20 is not allowed to introduce Mr. Chapman as a witness at trial.

21     **B.**    **Apple May Not Present Emilie Kim's Testimony Regarding Alleged Prior Art**

22     There is no question that Apple untimely disclosed Ms. Kim's testimony regarding alleged

23 prior art.   Not only did Apple fail to timely supplement its Rule 26 initial disclosures to notify

24 Samsung that Ms. Kim would testify regarding prior art, it never supplemented its initial

---

[3]   Apple itself refused to schedule the deposition of Saku Hieta – a declarant it had presented in support of its motion for partial summary judgment, – even though the deposition had been noticed ***ten days*** prior to the fact discovery cut off.   Apple characterized Samsung's ten-day notice as "an eleventh-hour deposition notice" that "fail[ed] to provide Apple with reasonable notice."   Dkt. No. 1041-03, at 9:15-19.

disclosures to notify Samsung about this testimony. Instead, Apple waited until four months after the close of fact discovery and disclosed this testimony for the first time on the eve of trial in its July 6, 2012 witness list. Accordingly, this testimony is barred by Rule 37(c) of the Federal Rules of Civil Procedure.

Apple undoubtedly will argue that it should be permitted to present Ms. Kim's testimony because the months-long failure to disclose her testimony was harmless in light of Samsung's truncated July 18, 2012 deposition of Ms. Kim.[4] However, Apple cannot credibly claim that this deposition put Samsung on notice of the substance of Ms. Kim's testimony. Not only was Samsung's time with Ms. Kim severely limited, but it became apparent in the course of the deposition that Ms. Kim had no personal knowledge about any of the facts for which she was being put forth to testify and that she herself had only been informed of the subject of her testimony the morning of her deposition. Though Apple named Ms. Kim as the sponsoring witness for certain documents regarding Apple's purported iBook/iSight prior art on July 6, 2012, Ms. Kim testified that she had never seen these documents until the morning of July 18, 2012, the day she was deposed, and that she doesn't work with such documents in the regular course of her job at Apple. Hutnyan Decl., ¶ 9, Exh. F (Kim Dep. Tr. at 108:10-12; 115:24-25; 109:6-14.) She further testified that she had never used the iBook with iSight device, but that she had "touched an iBook with iSight camera attached" the morning of her deposition. (*Id.* at 104:6-19.)

Unsurprisingly, Ms. Kim was unable to answer nearly all of the questions Samsung cross examined her regarding the iBook with iSight. Among other things, Ms. Kim testified that:

- she had never spoken with anyone other than Apple's attorneys about the subject of her prior art testimony (*Id.* at 93:23-94:1);
- she could not identify which iBook/iSight Apple is relying on (*Id.* at 94:22-95:1);
- she had never seen an iBook with iSight used (*Id.* at 105:14-19);

---

[4] Judge Grewal's July 11, 2012 Order allowed Samsung to take five additional depositions for up to a total of 10 hours, and Samsung deposed Ms. Kim as one of its five additional witnesses. Dkt. 1213 at 7.

1      - she had never seen a schematic for the iBook with iSight while working at Apple (*Id.* at
2         116:11-14).
3  Ms. Kim also testified that she did not know the answer to numerous questions that Samsung
4  asked regarding the operation of the iBook with iSight device.   (*See* Kim Dep. Tr. at 95:21-96:18;
5  102:12-103:13.)
6         Whether by design or by accident, Samsung was thus on no better notice of the intended
7  substance of Ms. Kim's intended testimony following her deposition than it was prior to her
8  deposition, and the deposition did nothing to cure the prejudice to Samsung from the tardy
9  disclosure of her testimony.   If Apple is permitted to call Ms. Kim to testify regarding prior art,
10 Samsung will be forced to cross examine testimony it will be hearing for the first time, without the
11 advantage of a fulsome deposition or other discovery.   Therefore, under Rule 37(c), Apple should
12 not be allowed to call Ms. Kim to testify about alleged prior art.

13         **C.     Apple May Not Present The Testimony Of The Sony Keeper Of Records**

14         Similarly, Apple never disclosed the Sony Keeper of Records as a witness in this action
15 until it filed its witness list on July 6, 2012.   (Dkt. 1189-3 at 15.)   Disclosure of witnesses for the
16 first time on the eve of trial is unquestionably untimely for purposes of Rules 26 and 37(c), and
17 Apple has offered no explanation as to why this late disclosure would not prejudice Samsung.
18 Accordingly, the testimony of the Sony Keeper of Records should be excluded.

19                                       **Conclusion**

20         For the foregoing reasons, the Court should exclude the testimony of Greg Chapman, any
21 testimony by Emilie Kim regarding alleged prior art to the Samsung patents in suit, and the
22 testimony of the Sony Keeper of Records.

23
24
25
26
27
28

1  DATED: August 14, 2012                    QUINN EMANUEL URQUHART &
                                             SULLIVAN, LLP
2

3

4                                            By */s/ Diane C. Hutnyan*
                                                Diane C. Hutnyan
5                                               Attorneys for Defendant
                                                SAMSUNG ELECTRONICS CO., LTD.,
6                                               SAMSUNG ELECTRONICS AMERICA, INC.
                                                and SAMSUNG TELECOMMUNICATIONS
7                                               AMERICA, LLC