# EXHIBIT C

CONTAINS INFORMATION DESIGNATED AS APPLE HIGHLY CONFIDENTIAL
INFORMATION SUBJECT TO PROTECTIVE ORDER

**United States District Court**
**Northern District of California**
**San Jose Division**

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>    Plaintiff,<br><br>    vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity, SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>    Defendants.<br><br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity, SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>    Counterclaim-Plaintiffs,<br><br>    v.<br><br>APPLE INC., a California corporation,<br><br>    Counterclaim-Defendant. | Civil Action No. 11-CV-01846-LHK |

**REBUTTAL EXPERT REPORT OF TONY GIVARGIS, Ph.D.**
**REGARDING NON-INFRINGEMENT**
**OF THE ASSERTED CLAIMS OF U.S. PATENT NO. 7,698,711**

**CONTAINS INFORMATION DESIGNATED AS APPLE HIGHLY CONFIDENTIAL
INFORMATION SUBJECT TO PROTECTIVE ORDER**

### III. MATERIALS CONSIDERED

5. In Exhibit 1, I list the materials I considered in reaching my opinions described in this report. In addition, I have spoken with Apple engineer Greg Chapman regarding the relevant functions and programming in the accused Apple devices, and have reviewed the source code used to program those functions. I have also reviewed Dr. Yang's Report including all appendices, exhibits, or materials cited in this report relating at least to the '711 patent.

6. My opinions in this report also rely on my academic qualifications and experience in the field of computer science as described in my *curriculum vitae*.

### IV. UNDERSTANDING OF THE LAW RELATING TO PATENT INFRINGEMENT

7. I am not an attorney. I have been informed about the legal standards for patent infringement by counsel for Apple.

8. I have been informed and understand that an infringement analysis is a two-step process. First, the patent claims are construed by the Court to ascertain their proper scope. Second, the construed claims are compared to the allegedly infringing product or process to determine whether those products or processes fall within the scope of the claims either literally or under the doctrine of equivalents.

#### A. Literal Infringement And Infringement Under The Doctrine Of Equivalents

9. I have been informed and understand that a patent claim is literally infringed when an accused product includes structures or steps in a process that are identical to each and every element of a patent claim. If, however, the accused product does not have every requirement in the patent claim, then the accused product does not literally infringe that claim. I have been informed and understand that the person asserting patent infringement has the burden of proving literal infringement, and thus the burden of establishing that each and every limitation in the asserted claim is met.

10. I have been informed and understand that if a patent claim uses the term "consisting of," that patent claim is to be understood as a closed claim. To infringe a closed claim, the accused product must have every requirement in the claim and no other parts or steps.

CONTAINS INFORMATION DESIGNATED AS APPLE HIGHLY CONFIDENTIAL
INFORMATION SUBJECT TO PROTECTIVE ORDER

consider an otherwise infringing phone to be non-infringing if it is either slightly larger or thicker *or* consumes battery power faster.

## XI. HEARING AND TRIAL EXHIBITS

80. If called as a witness at trial, I may rely upon visual aids and demonstrative exhibits that illustrate the bases of my opinions. These visual aids and demonstrative exhibits may include, for example, claim charts, patent drawings, excerpts from patent specifications, file histories, interrogatory responses, deposition testimony, deposition exhibits, published articles, and dictionaries, as well as optical components, charts, diagrams, videos, and animated or computer-generated video.

81. I have not yet prepared any exhibits for use at trial as a summary or support for the opinions expressed in this report, but I expect to do so in accordance with the Court's scheduling orders.

## XII. SUPPLEMENTATION OF OPINIONS

82. I reserve the right to adjust or supplement my analysis and opinions in light of any critique of my report or alternative opinions advanced by or on behalf of Samsung, including but not limited to supplemental reports submitted by Samsung.

Dated: April 16, 2012

_____
Tony D. Givargis, Ph.D.