# EXHIBIT D

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 1

```
 1
 2            UNITED STATES DISTRICT COURT
 3           NORTHERN DISTRICT OF CALIFORNIA
 4                 SAN JOSE DIVISION
 5
 6   APPLE INC., a California corporation,
 7
                  Plaintiffs,
 8
                  Vs.              Civil Action No.
 9                                 11-CV-01846-LHK
     SAMSUNG ELECTRONICS CO.,
10   LTD., a Korean business
     entity, SAMSUNG ELECTRONICS
11   AMERICA, INC., a New York
     corporation and SAMSUNG
12   TELECOMMUNICATIONS AMERICA
     LLC, a Delaware limited
13
                  Defendants.
14   ~~~~~~~~~~~~~~~~~~~~~~~~~
     AND RELATED CROSS ACTIONS.
15   _____
16
17      **Highly Confidential - Attorney's Eyes Only**
18            VIDEOTAPED DEPOSITION OF EXPERT
19                TONY D. GIVARGIS, PH.D.
20                Los Angeles, California
21                Monday, April 23, 2012
22
23   Reported By:
24   Jeanese Johnson, CSR No. 11635, CLR
25   Job No. 48793
```

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

## Page 2

```
 4      April 23, 2012
 5      9:11 a.m.


 8      Videotaped Deposition of Expert
 9   TONY D. GIVARGIS, PH.D., held at the
10   offices of Quinn Emanuel, 865 So. Figueroa
11   Street, 10th Floor, Los Angeles, California,
12   before Jeanese Johnson, CSR No. 11635,
13   Certified LiveNote Reporter, of the State
14   of California.
```

## Page 3

```
 2   A P P E A R A N C E S:

 5      WILMERHALE
 6      Attorneys for Plaintiff
 7         399 Park Avenue
 8         New York, New York  10022
 9      BY:   VICTOR F. SOUTO, ESQ.
10            ALI H. SHAH, PH.D.

12      QUINN EMANUEL URQUHART & SULLIVAN
13      Attorneys for Defendant
14         555 Twin Dolphin Drive
15         Redwood Shores, California  94065
16      BY:   VICTORIA F. MAROULIS, ESQ.
17            KENNETH K. SUH, ESQ.


20   ALSO PRESENT:

22      COURTNEY BATES, Legal Video Specialist
```

## Page 4

```
 2                   - o0o -

 5         THE VIDEOGRAPHER:  Good morning.
 6   The time on the record is 9:11 a.m.
 7   Today's date is April the 23rd of 2012.
 8   This marks the beginning of Disc No. 1 of the
 9   videotaped deposition of Tony D. Givargis in the
10   matter of Apple, Inc. Versus Samsung Electronics
11   Company Limited; Case No. 11-CV-01846-LHK.
12         This deposition is being held today at
13   865 South Figueroa Street on the 10th floor in Los
14   Angeles, California.  My name is Courtney Bates, and
15   I'm here from TSG Reporting, Inc., and I'm the legal
16   video specialist.  I'm here with our court reporter,
17   Jeanese Johnson, also with TSG.
18         At this time, will counsel please give
19   your appearances for the record.
20         MS. MAROULIS:  Victoria Maroulis with
21   Quinn Emanuel, counsel for Samsung.  And with me
22   is Mr. Ken Suh also of Quinn Emanuel, counsel for
23   Samsung.
24         MR. SOUTO:  Vick Souto of Wilmer
25   Hale, counsel for Apple.  And with me -- and the
```

## Page 5

```
 1   witness is -- and with me is Ali Shah, also of
 2   Wilmer Hale.
 3         THE VIDEOGRAPHER:  Thank you.
 4         And the reporter may now swear or
 5   affirm the witness.
 6         THE COURT REPORTER:  Please raise
 7   your right hand.
 8         Do you solemnly state the testimony
 9   you will give during this deposition proceeding
10   will be the truth, the whole truth, and nothing
11   but the truth?
12         THE WITNESS:  Yes.
13         THE COURT REPORTER:  Thank you.

15   EXAMINATION
16   MS. MAROULIS:
17      Q.  Good morning, Mr. Givargis.  How are
18   you today?
19      A.  Good.  Thanks.  Good morning.
20      Q.  Can you please state your full name
21   for the record.
22      A.  Yes.  My full name is Tony Degaolous
23   Givargis, G-I-V-A-R-G-I-S.
24      Q.  Can you please state your home
25   address.
```

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 18

1   Q. Do you have any corrections you wish
2   to make to the opinions stated in your report?
3   A. Not at this time.
4   Q. Have you formed any additional
5   opinions, since the time you submitted this
6   report, on the subjects of invalidity of the
7   '711?
8   A. No.
9   Q. Now, please take a look at Exhibit 2,
10  which is in front of you.
11      I'm sorry, I meant the exhibit marked
12  2, which is your Infringement Report.
13  A. I see.
14      MR. SOUTO: Oh.
15  Q. You can set aside the Invalidity
16  Report.
17      Sir, do you recognize Exhibit 2 as
18  your report on non-infringement of the '711
19  patent submitted on April 16, 2012?
20  A. May I take a look?
21  Q. Yes, please.
22      Is that your signature on the last
23  page?
24      I'm sorry, you didn't answer my
25  question.

Page 19

1   A. Yes, this is my -- my report on
2   non-infringement.
3   Q. And at the end of the report, is that
4   your signature that appears on the last page?
5   A. Yes.
6   Q. Sir, what did you review in
7   preparation of these two reports?
8   A. On the first report, Exhibit 2 of the
9   first report, I have a complete listing of
10  materials considered.
11  Q. Have you considered any materials
12  that are not listed on the Exhibit 2 to your
13  Invalidity Report?
14  A. No.
15  Q. In connection with preparation of
16  this report, did you interview anyone from Apple?
17      MR. SOUTO: Objection to form.
18      THE WITNESS: No.
19  Q. In connection with the preparation of
20  this report, did you interview any prior artists?
21  A. Personally interview, you mean?
22  Q. Yeah.
23  A. No.
24  Q. Did you speak with any other Apple
25  experts in preparation of this report?

Page 20

1   A. Do you mean the first report?
2   Q. Yes.
3   A. No.
4   Q. Did you speak with anyone, other than
5   counsel, in connection with preparation of your
6   Invalidity Report?
7   A. No.
8   Q. Turning to your Non-Infringement
9   Reports; did you interview anyone at Apple in
10  connection with preparation of the
11  Non-Infringement Report?
12  A. Yes.
13  Q. Who did you speak with?
14  A. I spoke briefly with an Apple
15  engineer by the name Greg Chapman.
16  Q. Can you spell his name for the
17  record, please.
18  A. Sure. G-R-E-G, first name; last name
19  Chapman, C-H-A-P-M-A-N.
20  Q. What is Mr. Chapman's position at
21  Apple?
22  A. I believe he's an engineer.
23  Q. What part of Apple does he work at;
24  what unit or group?
25  A. I do not know.

Page 21

1   Q. Did counsel set up that meeting?
2   A. Yes.
3   Q. Was it in person or by phone?
4   A. It was by phone.
5   Q. When was it?
6   A. I do not recall the exact date.
7       Approximately, a month ago.
8   Q. How long did you speak with
9   Mr. Chapman?
10  A. Approximately 15 minutes.
11  Q. What was the purpose of speaking with
12  Mr. Chapman?
13  A. I spoke to Mr. Chapman regarding the
14  relevant functions of programming in the Apple
15  devices that are being accused.
16  Q. During your conversation, did either
17  of you look at any source code?
18  A. Not during the conversation.
19  Q. Did you look at any other documents
20  while you were having this conversation?
21  A. Yes.
22  Q. Which documents were you looking at?
23  A. I had some personal notes I was
24  looking at.
25  Q. What about any Apple technical

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 239

1    questions.
2            MS. MAROULIS:  I don't have any
3    questions.
4            MR. SOUTO:  Thank you.
5            THE VIDEOGRAPHER:  Did you want to
6    put a stipulation on the record?
7            MR. SOUTO:  I'm sorry, regarding...
8            THE VIDEOGRAPHER:  No?  Okay.
9            This marks the end of Disc No. 4 and
10   the end of today's deposition.  The time is
11   5:54 p.m., and we are now off the record.
12
13
14            T. Givargis, Ph.D.
15
16            (Time noted:  5:54 p.m.)
17
18                        _____
19
20                        TONY D. GIVARGIS
21
22   Subscribed and sworn to before me
23   this___28th___ day of _____May_____, 2012.
24
25   _____