UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California corporation, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> SAMSUNG ELECTRONICS CO., LTD., A ) <br> Korean corporation; SAMSUNG ) <br> ELECTRONICS AMERICA, INC., a New York ) <br> corporation; SAMSUNG ) <br> TELECOMMUNICATIONS AMERICA, LLC, ) <br> a Delaware limited liability company, ) <br> ) <br> Defendants. ) <br> ) <br> ) | Case No.: 11-CV-01846-LHK <br><br> ORDER RE: OBJECTIONS TO EXHIBITS AND TESTIMONY OF RICHARD HOWARTH, ANDRIES VAN DAM, STEPHEN GRAY, VINCENT O'BRIEN, DAVID TEECE, SHIN NISHIBORI, AND BRIAN AGNETTA |

After reviewing the parties' briefing, considering the record in the case, and balancing the considerations set forth in Federal Rule of Evidence 403, the Court rules on the parties' objections as follows:

**A. Andries Van Dam**

    **1. Samsung's Objections**

| EXHIBIT NUMBER | COURT'S RULING ON OBJECTION |
|---|---|
| US ITC Inv. No. 337-TA-796, Vol. 4 Hearing Transcript | Sustained. This exhibit contains excerpts from Dr. Van Dam's ITC hearing testimony regarding patents not asserted in this litigation. Such information is not relevant to any issue in this case, and is therefore barred under FRE 402 and 403. Furthermore, the Court granted Samsung's motion in limine to exclude the findings of parallel proceedings as confusing to the jury. *See* ECF No. 1269 ¶ 14. Accordingly, the Court sustains Samsung's objection because the risk of confusing the jury and wasting time by introducing excluded evidence |

1

Case No.: 11-CV-01846-LHK
ORDER ON OBJECTIONS TO EXHIBITS

| | |
|---|---|
| | outweighs the probative value of this testimony under FRE 403. *Accord* ECF No. 1690 at 3; ECF No. 1657 at 2; ECF No. 1596 at 6. |
| PDX 27.22 | Overruled. Although Dr. Van Dam's expert report addressed invalidity of the '381 patent, his analysis required him to analyze and apply the claim terms of that patent, including the language of claim 19, to prior art devices. Accordingly, Apple is entitled to ask Dr. Van Dam about the application of his interpretations to other devices, including Samsung devices, in order to test their consistency. |

### 2. Apple's Objections

| EXHIBIT NUMBER | COURT'S RULING ON OBJECTION |
|---|---|
| DX720; SDX3964.003a-37a; SDX3964.071b; SDX3964.02-03; SDX3964.013-038; SDX3964.071-072 | Overruled. Apple argues that Dr. Van Dam only opined on the 2006 version of Tablecloth in his expert report, but is now being asked to testify at trial about the 2005 version. Apple apparently bases this argument on the fact that "[n]one of the ten photos of Tablecloth in his report depicts coordinate locations"—an identifying feature distinguishing the 2005 version from the 2006 version. These images alone are insufficient to conclude that Dr. Van Dam *only* considered the 2006 version of Tablecloth in his report. Indeed, in its supplemental statement, Samsung clarified that the 2005 Tablecloth source code was timely produced to Apple for inspection, that both versions behave the same way, and that Mr. Van Dam's expert report was not limited to the 2006 version. Accordingly, Apple's objections are overruled. |
| DX694 | Overruled. DX694 is an internal Apple email and thus is an admission of a party opponent. Apple's knowledge of LaunchTile is relevant and is admissible under FRE 403. |

## B. Stephen Gray

### 1. Samsung's Objections

| EXHIBIT NUMBER | COURT'S RULING ON OBJECTION |
|---|---|
| PX49 | Sustained-in-part and overruled-in-part. PX49 is a Samsung document and thus an admission. Although Mr. Gray has never reviewed this document, Apple may use the exhibit to impeach Mr. Gray if he testifies that Samsung's double tap development documents are unrelated to Apple or the '163 Patent. |
| PDX41.1 | Sustained-in-part and overruled-in-part. Samsung objects that this video shows bounceback functionality that is irrelevant to the '915 and '163 patents—the only patents about which Mr. Gray is testifying. However, the LaunchTile is relevant to both the '381 Patent and the '163 Patent. PDX41.1 shows the World View and depicts a user tapping on a group of tiles to enter the Zone View. To the extent the demonstrative shows a user tapping on a group of tiles, the demonstrative shows elements of LaunchTile's operation that are relevant to Mr. Gray's opinion that '163 is invalid. If Mr. Gray opines that the '163 Patent is invalid in light of LaunchTile, then Samsung has opened the door, and Apple may use this demonstrative to cross-examine Mr. Gray. |

### 2. Apple's Objections

United States District Court
For the Northern District of California

| EXHIBIT NUMBER | COURT'S RULING ON OBJECTION |
|---|---|
| SDX3593.028, .030 | Overruled.  Mr. Gray disclosed a theory of invalidity, contending that Nomura inherently disclosed claim elements [1b] and [1d] of the '915 patent.  Apple argues that this exhibit, however, attempts to show that Nomura meets elements [1b] and [1d], which it claims is a different theory than inherency.  The Court is not persuaded, inherency is effectively an argument that a particular piece of prior art *necessarily* anticipates a patent.  Thus, Apple had notice that Mr. Gray intended to argue that Nomura anticipated claims [1b] and [1d] of the '915 patent. |
| DX561; SDX3952.046, 0.62, 0.066, 0.067 | Overruled.  Apple argues that the '187 application was not disclosed, and that the filing date of the '187 application cannot serve as the priority date for the '632 Patent.  In fact, the '187 application is disclosed on the face of the '632 Patent, which was repeatedly cited in Samsung's invalidity contentions.  *See* Maroulis Decl., Ex. X.  Furthermore, the '187 application contains a written description that is substantially similar to the '632 Patent.  Accordingly, the '187 application is properly introduced as evidence.  Apple's concerns that the animations on slides SDX3953.066-.067 are not disclosed by '187 may be addressed on cross-examination of Mr. Gray. |

### C. Vincent O'Brien

#### 1. Samsung's Objections

| WITNESS AND EXHIBIT NO. | COURT'S RULING ON OBJECTION |
|---|---|
| PX2010; Samsung's Opening Slide 145 | Overruled.  Samsung objects to Apple's use of Samsung's own opening statement and slide on grounds that (1) they are inadmissible hearsay, and (2) they are not evidence and will confuse the jury.  Samsung's own opening statement and slide have already been presented to the jury and are party admissions under FRE 801(d)(2) and thus not hearsay.  Apple's use of these statements to cross-examine Samsung's own witnesses will not be unduly prejudicial or confusing to the jury under FRE 403. |

#### 2. Apple's Objections

| WITNESS AND EXHIBIT NO. | COURT'S RULING ON OBJECTION |
|---|---|
| SDX3956.022 | Overruled-in-part, sustained-in-part.  Apple argues that Dr. O'Brien's damages opinion should be altogether excluded because (1) his calculations rely, in part, on survey data collected by Samsung's survey and marketing expert, Dr. Sukumar, who is not listed by Samsung as a trial witness and will not testify because Samsung failed to include him on Samsung's narrowed witness list, and (2) he is not competent to sponsor Dr. Sukumar's survey opinions.  Apple points to the Court's prior ruling requiring Mr. Poret and Mr. Van Liere to testify live regarding their surveys, rather than simply allowing Dr. Winer to sponsor Mr. Poret's and Mr. Van Liere's results.  The Court finds that exclusion of Dr. Sukumar's survey would be unduly prejudicial to Samsung.  Accordingly, the |

3

Case No.: 11-CV-01846-LHK
ORDER ON OBJECTIONS TO EXHIBITS

| | |
|---|---|
| | Court finds good cause for Samsung to replace one of its current identified witnesses with Dr. Sukumar so that he may present his survey and be subject to cross-examination. |
| SDX3956.019 | Overruled. Apple argues that the parties should not re-litigate discovery disputes before the jury and objects to this demonstrative, which depicts a timeline of Apple's production of royalty reports, under FRE 403. In support of its argument, Apple cites Judge Grewal's ruling denying Samsung's motion to strike portions of an expert damages report prepared by Apple's damages expert, Terry Musika. *See* ECF No. 1144 at 8. However, Samsung's demonstrative does not contravene Judge Grewal's or any other Court order. Furthermore, Apple and its damages expert Mr. Musika have made an issue out of the alleged incompleteness of Dr. O'Brien's damages report, and Samsung may therefore attempt to bolster Dr. O'Brien's opinion by pointing to the unavailability of certain Apple licensing information at the time of Dr. O'Brien's expert report. Under these circumstances, the probative value of the demonstrative outweighs any prejudicial effect, and it will not be a waste of time under FRE 403. |

### D. David Teece

#### 1. Samsung's Objections

| **EXHIBIT NUMBER** | **COURT'S RULING ON OBJECTION** |
|---|---|
| Teece: PX85 and PX87 | Sustained. PX85 and PX87 risk creating litigation within litigation regarding a matter that is of limited relevance to this case and is therefore inadmissible under FRE 403.<br><br>PX85 is Samsung's "Re-Amended Defense and Counterclaim" in a British case. PX87 is an expert report prepared for Samsung in the British case by experts not testifying in the current case. Apple seeks to admit PX85 and PX87 as Samsung's party admissions about FRAND licensing that contradict Samsung's assertions in this case. Samsung argues that PX85 and PX87 are inadmissible under FRE 403 balancing and are hearsay.<br><br>PX85 and PX87 relate to a British case that involved different parties, different patents, and the setting of different industry-wide standards than the current case. Accordingly, PX85 and PX87 are of limited relevance and are likely to waste time and confuse the jury. |

#### 2. Apple's Objections

| **WITNESS AND EXHIBIT NO.** | **COURT'S RULING ON OBJECTION** |
|---|---|
| SDX3963.010 | Sustained. Samsung's demonstrative depicts UMTS rates and LTE rates. Dr. Teece admitted during his deposition that LTE and UMTS are different standards. However, Apple alleges that Dr. Teece was unable to explain the relationship between LTE and UMTS technology and standards and could not |

4

Case No.: 11-CV-01846-LHK
ORDER ON OBJECTIONS TO EXHIBITS

| | |
|---|---|
| | explain why a license offer for a portfolio of LTE patents is comparable to the reasonable royalty rate for two UMTS standard essential patents.  Samsung does not provide an explanation as to why the LTE licenses are comparable to the hypothetical license at issue.  Moreover, Dr. Teece could not identify whether any of Samsung's UMTS-declared essential patents have been declared essential to LTE.  *See* Walden Decl. Ex. 4 [Teece Dep. 141-42].  Thus, because the comparability of the licenses has not been shown, any probative value of the LTE licenses is outweighed by the risk of prejudice, wasting time, and confusing the jury, and the LTE licenses are therefore excluded under FRE 403.  *See Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1325 (Fed. Cir. 2009) ("[L]icenses relied on by the patentee in proving damages [must be] sufficiently comparable to the hypothetical license at issue in suit."); *accord Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1316-17 (Fed. Cir. 2011).<br><br>As for Qualcomm's UMTS rate, Apple argues that the rates cited pre-date finalization of the UMTS standard and principally involve standards other than UMTS.  Samsung does not dispute this point.  Accordingly, Samsung has not shown that the Qualcomm "UMTS rate" is a comparable license to the hypothetical license at issue, and thus its probative value is outweighed by the risk of prejudice, wasting time, and confusing the jury under FRE 403. |
| DX630 | Overruled.  Apple objects that Samsung did not identify DX630 on its trial exhibit list as a FRE 1006 exhibit.  Apple itself has introduced numerous summary exhibits pursuant to FRE 1006.  Rule 1006 provides: "The contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation."  "A proponent of summary evidence must establish that the underlying materials upon which the summary is based (1) are admissible in evidence and (2) were made available to the opposing party for inspection." *United States v. Rizk*, 660 F.3d 1125, 1130 (9th Cir. 2011) (citing *Amarel v. Connell*, 102 F.3d 1494, 1516 (9th Cir. 1996)). "These materials must be admissible, but need not themselves be admitted into evidence." *Id.* (citing *United States v. Meyers*, 847 F.2d 1408, 1412 (9th Cir. 1988)). "The availability requirement ensures that the opposing party has 'an opportunity to verify the reliability and accuracy of the summary prior to trial.'" *Id.* (quoting *Paddack v. Dave Christensen, Inc*., 745 F.2d 1254, 1261 (9th Cir. 1984)).  Apple challenges only the form in which this summary chart of information is presented, but Apple does not contest the admissibility of the underlying license agreements, nor does Apple claim that the underlying documents are unavailable for Apple's inspection.  Indeed, each underlying license agreement is identified by Bates number in DX630.  Accordingly, the Court finds that this exhibit is admissible under FRE 1006. |

### E.  Brian Agnetta

#### 1.  Samsung's Objections

| WITNESS AND EXHIBIT NO. | COURT'S RULING ON OBJECTION |
|---|---|
| Agnetta: Depo | Overruled.  As the inventor of the '632 Patent, Agnetta can testify to what he |

5

Case No.: 11-CV-01846-LHK
ORDER ON OBJECTIONS TO EXHIBITS

| | |
|---|---|
| 54:08-09, 54:18-19. | invented. Samsung objects that Mr. Agnetta cannot testify as an expert regarding all possible embodiments of the patent. However, Mr. Agnetta's testimony is limited to the embodiments actually contained in his own patent. |

### 2. Apple's Objections

| WITNESS AND EXHIBIT NO. | COURT'S RULING ON OBJECTION |
|---|---|
| Agnetta: Depo 14:1-7 | Sustained. Agnetta testified that the '632 Patent was conceived "at least prior to early May of 2005." The filing of the provisional patent application No. 60/718,187 (the '187 application) on September 16, 2005 is not corroboration of an early May 2005 conception date. |
| Agnetta: 15:21-16:19 and DX561 | Overruled. Agnetta testified as to the '187 application (DX561) filed on September 16, 2005. Apple argues that (1) the '187 application was not disclosed in Samsung's patent invalidity contentions, and (2) the filing date of the '187 application cannot serve as the priority date for the '632 Patent.<br><br>The '187 application is the provisional application which became the '632 Patent. The '187 application and the '632 Patent have substantially similar written descriptions. Moreover, the '187 application was disclosed on the face of the '632 Patent, which was repeatedly cited in Samsung's invalidity contentions. *See* Maroulis Decl., Ex. X. Accordingly, Agnetta Depo 15:21-16:19 and DX561 are relevant evidence as to the priority date of the '632 Patent. |

### F. Richard Howarth

#### 1. Apple's Objections

| EXHIBIT NUMBER | COURT'S RULING ON OBJECTION |
|---|---|
| DX579 | Sustained. This document was not disclosed in Samsung's interrogatory responses served on February 22, 2012, and February 29, 2012, which requested Samsung to disclose Samsung's documents in support of its claims of functionality. DX579, an e-mail, was not disclosed in the interrogatory responses and is excluded. |
| DX2627 | Overruled. This slide show presentation contains pictures of the F700 and the LG Prada. Apple contends that this slide show should be precluded because (1) it contains an incorrect date and therefore could be misleading to the jury, and (2) the F700 has been excluded.<br><br>Samsung explains that this document is relevant to show that Apple compares its own products with others in the industry. Evidence used for this purpose is admissible. To the extent that the date is erroneous on the document, the Court will explain to the jury that the correct date is 2007 and not 2006. Additionally, the Court will issue a limiting instruction with respect to the images of the F700: "You may not consider the F700 as evidence of invalidity or non-infringement; you may only consider the F700 for alternative design and functionality." |

### G. Shin Nishibori

6

Case No.: 11-CV-01846-LHK
ORDER ON OBJECTIONS TO EXHIBITS

### 1. Apple's Objections

| EXHIBIT NUMBER | COURT'S RULING ON OBJECTION |
|---|---|
| Nishibori Deposition | Sustained-in-part and overruled-in-part. The Court has reviewed Samsung's deposition designations for Nishibori. The Court has previously excluded Mr. Nishibori's testimony to rebut Apple's creation theory of the iPhone, to rebut allegations of copying and willfulness and to establish that the industry was moving towards the iPhone design concept. ECF No. 1553. The only purpose for which Mr. Nishibori's testimony is admissible is related to functionality of the design. The deposition designations at 6:24-7:1 and 10:6-10:15 contain background information and therefore this testimony is admissible. However, the remainder of the testimony that Samsung seeks to elicit from Mr. Nishibori is to be used for one of the improper purposes described above. The jury is unlikely to consider this evidence for functionality purposes. Therefore, pursuant to FRE 403, Apple's objection is sustained. The Court notes that Mr. Nishibori testified regarding the functionality of Apple designs, but Samsung has not designated this testimony. |

**IT IS SO ORDERED.**

Dated: August 14, 2012

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

Case No.: 11-CV-01846-LHK
ORDER ON OBJECTIONS TO EXHIBITS

7