UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California corporation,<br><br>Plaintiff,<br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., A Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No.: 11-CV-01846-LHK<br><br>ORDER GRANTING IN PART AND DENYING IN PART THE PARTIES' MOTIONS TO STAY PENDING APPEAL |

This Court issued an Order Granting-in-Part and Denying-in-Part Motions to Seal. ECF No. 1649. Apple has filed an appeal with the Federal Circuit, appealing the portions of the Order that denied Apple's request to seal "confidential financial data" and "confidential and proprietary market research reports." Apple's Mot. to Stay, ECF No. 1696. Apple appeals this Court's ruling with respect to documents filed in support of Apple's *Daubert* and summary judgment motions, as well as a document filed in support of Samsung's motion to strike. *See* Apple's Mot. to Stay at 1-2. Samsung has also filed an appeal with the Federal Circuit, appealing the portions of the Order that denied sealing of documents containing Samsung's "profit, loss and cost information." Samsung's Mot. to Stay at 2, ECF No. 1723. The parties have exempted from their appeals rulings on exhibits to be introduced at trial because the parties have entered into a stipulation to reduce the

1

Case No.: 11-CV-01846-LHK
ORDER GRANTING IN PART AND DENYING IN PART PARTIES' MOTIONS TO STAY

1 amount of confidential information at trial. *See* Samsung's Mot. to Stay at 6; Apple's Mot. to Stay at 2.

For the district court, Federal Rule of Civil Procedure 62(c) vests the power to stay an order pending appeal with the district court. *See* Fed. R. Civ. P. 62(c). For both the appellate court and the district court "the factors regulating the issuance of a stay are generally the same: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other [parties' interest] in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). Deciding whether to grant a stay of an order pending an appeal is an equitable inquiry. Each factor in the analysis need not be given equal weight. *Standard Havens Prods. v. Gencor Indus.*, 897 F.2d 511, 512 (Fed. Cir. 1990). "When harm to applicant is great enough, a court will not require 'a strong showing' that applicant is 'likely to succeed on the merits.'" *Id.* (citing *Hilton*, 481 U.S. at 776). Indeed, in *Hilton* the Supreme Court acknowledged, "the traditional stay factors contemplate individualized judgments in each case, the formula cannot be reduced to a set of rigid rules." *Hilton*, 481 U.S. at 777. "Thus, the four stay factors can effectively merge," and a court therefore, "assesses movant's chances for success on appeal and weighs the equities as they affect the parties and the public." *Standard Havens Prods.*, 897 F.2d at 513 (citations omitted).

Although this Court does not believe that the partial denial of the parties' sealing request was erroneous, this Court nonetheless recognizes that should the Federal Circuit disagree, the parties will be deprived of any remedy if this Court does not stay its order. When the information is publicly filed, what once may have been trade secret no longer will be. Thus, the parties may be irreparably injured absent a stay. In contrast, the public interest, which favors disclosure of relevant information in order to understand the proceedings, is not unduly harmed by a short stay. As explained above, none of the trial exhibits is the subject of the parties' appeals or this motion to stay. Moreover, a short stay would merely maintain the status quo until the parties can seek stay relief from the Federal Circuit. Accordingly, after balancing the interests of the parties and the

2

Case No.: 11-CV-01846-LHK
ORDER GRANTING IN PART AND DENYING IN PART PARTIES' MOTIONS TO STAY

public interest, the Court grants a brief stay of the August 9, 2012 Order[1] Granting-in-Part and Denying-in-Part the parties' motions to seal. The stay is only in effect pending a decision by the United States Court of Appeals for the Federal Circuit on a motion for stay pending appeal. This Court hereby denies the parties' request for a stay pending the Federal Circuit's ruling on the parties' respective appeals of this Courts' August 9, 2012 Order Granting-in-Part and Denying-in-Part the parties' motions to seal.

**IT IS SO ORDERED.**

Dated: August 15, 2012

_____
LUCY H. KOH
United States District Judge

---

[1] Because this Court's August 9, 2012 Order Granting-in-Part and Denying-in-Part Motions to Seal supersedes this Court's July 17, 2012 Order Denying Sealing Motions Without Prejudice, this Court denies Samsung's Motion to Stay this Court's July 17, 2012 Order as moot.

3
Case No.: 11-CV-01846-LHK
ORDER GRANTING IN PART AND DENYING IN PART PARTIES' MOTIONS TO STAY