Exhibit 4

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendant. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S AMENDED OBJECTIONS AND RESPONSE TO APPLE'S SIXTH SET OF INTERROGATORIES (NO. 14)**<br><br>**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY UNDER THE PROTECTIVE ORDER** |

**SUBJECT TO PROTECTIVE ORDER**
<u>**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**</u>

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendants Samsung Electronics Co. Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") respond to Plaintiff Apple Inc.'s ("Apple") Sixth Set of Interrogatories as follows:

## GENERAL STATEMENT

The following responses are based on discovery available as of the date hereof. Discovery is ongoing and continuing, and these responses are subject to change accordingly. It is anticipated that further discovery, independent investigation and analysis may lead to the discovery of additional information or documents, supply additional facts and add meaning to known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to additions to, changes to or variations from the responses set forth herein.

In addition, the following responses are given without prejudice to Samsung's right to produce or rely on subsequently discovered information, facts or documents. Samsung accordingly reserves the right to change the responses herein and/or produce or rely on subsequently discovered documents as additional facts are ascertained, analysis is made, legal research is completed and contentions are made. The responses herein are made in a good faith effort to comply with the provisions of Rules 26 and 33 of the Federal Rules of Civil Procedure, and to supply such responsive information as exists and is presently within Samsung's possession, custody or control, but are in no way to be deemed to be to the prejudice of Samsung in relation to further discovery, research and analysis.

An answer to an interrogatory shall not be deemed a waiver of any applicable general or specific objection to an interrogatory. In responding to the interrogatories, Samsung does not waive any objections that may be applicable to the use, for any purpose, of any information or documents provided in response, or the admissibility, relevance, or materiality of any such information or documents to any issue in this case.

Samsung's responses to these interrogatories do not constitute admissions relative to the existence of any documents or information, to the relevance or admissibility of any documents or information, or to the truth or accuracy of any statement or characterization contained in Apple's

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

1  requests. All objections as to relevance, authenticity, or admissibility of any document are
2  expressly reserved.

3  Samsung expressly incorporates this General Statement and the following General
4  Objections as though set forth fully in response to each of the following individual interrogatories
5  and, to the extent that they are not raised in any particular response, Samsung does not waive those
6  objections.

7  **GENERAL OBJECTIONS**

8  1. Samsung objects to the "Definitions" and "Instructions" contained in Apple's
9  Sixth Set of Interrogatories to the extent they are inconsistent with the Federal Rules of Civil
10  Procedure.

11  2. Samsung objects to Apple's Definition of "Samsung," "You," "Your," and
12  "Defendants" as overly broad to the extent it requires Samsung to pursue information from
13  individuals no longer employed by Samsung whose data is not currently in the possession of
14  Samsung. Samsung further objects to Apple's Definition of "Samsung," "You," "Your," and
15  "Defendants" as overly broad, vague, and ambiguous to the extent it does not define "affiliates,"
16  and also to the extent that it requires Samsung to potentially seek information from thousands of
17  people. Samsung will respond to interrogatories based on a reasonable inquiry of individuals
18  expected to possess the requested information.

19  3. Samsung objects to Apple's definition of "Apple" as overly broad, vague, and
20  ambiguous.

21  4. Samsung objects to Apple's definition of "Samsung Covered Product" as overly
22  broad, vague and ambiguous, and irrelevant to the extent it seeks information "at any time" and
23  not limited to the relevant time frame.

24  5. Samsung objects to the definition of "Defined Wireless Stsandards" [sic] as overly
25  broad and overly burdensome to the extent it asks Samsung to provide information relating to
26  standards and/or wireless standards to which the Samsung Patents-in-Suit have not been declared
27  as Essential or relating to standards and/or wireless standards upon which Samsung does not rely
28  in its infringement contentions.

6. Samsung objects to the definition of "Samsung's Alleged Essential Technology" as overly broad, and to the extent it seeks information protected from disclosure by the attorney-client privilege, attorney work product doctrine, community of interest doctrine, joint defense privilege, and/or any other applicable privilege.

7. Samsung objects to the definition of "Relating," and each and every interrogatory that uses the term "Relating," as overly broad, vague and ambiguous.

8. Samsung objects to the definition of "Third Party" or "Third Parties" as overly broad.

9. Samsung objects to these interrogatories as vague and ambiguous to the extent they include terms that are undefined. Samsung in its responses will identify any terms it believes are vague and ambiguous and will assume a reasonable meaning for each such term.

10. Samsung objects generally to each interrogatory to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity. Any inadvertent disclosure of such information shall not be deemed a waiver of the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity recognized by statute or case law. Samsung will exchange with Apple a log of withheld documents at a time agreed to by counsel for the parties. Samsung also will not log privileged documents that were created on or after April 15, 2011.

11. Samsung objects generally to the interrogatories to the extent they seek information from outside a reasonable time period or from a point other than a reasonable time.

12. Samsung objects to these interrogatories to the extent they seek to compel Samsung to generate or create information and/or documents that do not already exist.

13. Samsung objects generally to the interrogatories to the extent that they prematurely call for contentions, identification of prior art, or identification of witnesses at this stage of the litigation.

14. Samsung objects to each interrogatory to the extent it is duplicative or cumulative of another interrogatory.

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

15. Samsung objects to each interrogatory to the extent it is compound and comprises discrete subparts resulting in separate interrogatories.

16. Samsung expressly reserves the right to respond to any or all of the interrogatories by specifying documents wherein the responsive information may be ascertained pursuant to Rule 33(d) of the Federal Rules of Civil Procedure.

17. Samsung objects generally to the interrogatories to the extent they seek confidential proprietary or trade secret information of third parties. Samsung will endeavor to work with third parties to obtain their consent, if necessary, before identifying or producing such information and/or documents.

18. Samsung objects generally to the interrogatories on the grounds that they are overly broad, unduly burdensome, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

19. Samsung objects to the interrogatories on the ground that they are overly broad, unduly burdensome and oppressive to the extent they purport to require Samsung to search its facilities and inquire of its employees other than those facilities and employees that would reasonably be expected to have responsive information. Samsung's responses are based upon (1) a reasonable search and investigation of facilities and files that could reasonably be expected to contain responsive information, and (2) inquiries of Samsung's employees and/or representatives who could reasonably be expected to possess responsive information.

20. Samsung objects to the interrogatories on the grounds that they seek information already in the possession of Apple, publicly available, or as readily available to Apple as it is to Samsung.

21. Samsung objects to each interrogatory to the extent that it seeks information before Samsung is required to disclose such information in accordance with any applicable law, such as the Northern District of California Patent Local Rules.

22. Samsung objects to the interrogatories on the grounds and to the extent that they seek legal conclusions or call for expert testimony. Samsung's responses should not be construed to provide legal conclusions.

SUBJECT TO PROTECTIVE ORDER
CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

1   Subject to and without waiving the foregoing General Statement and General Objections,
2   Samsung responds as follows:
3
4   **INTERROGATORIES**
5   **INTERROGATORY NO. 14:**
6   Separately for each of the Samsung Patents-in-Suit, identify each Samsung Covered
7   Product, which Samsung patents is/are embodied in the Samsung Covered Product, the date each
8   Samsung Covered Product was first sold in the United States, and whether each Samsung Covered
9   Product was marked pursuant to 35 U.S.C. section 287 or otherwise, how each product was
10  marked including the location and manner of the marking, the individuals or entities that marked
11  each product, and any interruptions or other changes in the practice of marking the Samsung
12  Covered Product since it was first marked.  The Samsung Covered Products shall be identified by
13  commercial name, commercial model number, telecommunications carrier (if applicable), date of
14  product announcement, date of product release, "code name," and any other identifiers used
15  internally and/or externally to identify or refer to the product at any point during its research,
16  design, development, manufacture, marketing, sale, transfer, distribution, testing, qualification,
17  importation, export, or otherwise.
18  **AMENDED RESPONSE TO INTERROGATORY NO. 14:**
19  In addition to its General Objections above, which it hereby incorporates by reference,
20  Samsung objects to this interrogatory on the grounds that it is vague, ambiguous and overbroad
21  with regard to the terms "Samsung Covered Product" and "interruptions or other changes."
22  Samsung further objects to this interrogatory to the extent that it seeks to elicit information subject
23  to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint
24  defense privilege, the common interest doctrine, and/or any other applicable privilege or
25  immunity.  Samsung also objects to this interrogatory to the extent it is compound and comprises
26  at least 7 discrete subparts resulting in separate interrogatories.  Samsung also objects to this
27  interrogatory as overbroad, unduly burdensome, and not reasonably calculated to lead to the
28  discovery of admissible evidence.  Samsung further objects to this interrogatory to the extent it

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

1  seeks information more readily available to Apple than to Samsung, or equally available to Apple
2  as to Samsung, including documents and things that are publicly available.
3        Subject to the foregoing general and specific objections, Samsung responds as follows:
4        Samsung has identified at least the following products as examples of products that
5  embody the inventions disclosed in the Samsung patents-in-suit.
6        The Acclaim was first shipped for sale in the United States on or around June 23, 2010.
7  The Behold was first shipped for sale in the United States on or around October 13, 2008.  The
8  Behold II was first shipped for sale in the United States on or around November 4, 2009.  The
9  Blackjack was first shipped for sale in the United States on or around November 2, 2007.  The
10  Captivate was first shipped for sale in the United States on or around July 9, 2010.  The Captivate
11  Glide was first shipped for sale in the United States on or around November 5, 2011.  The
12  Comeback was first shipped for sale in the United States on or around July 13, 2009.  The
13  Continuum was first shipped for sale in the United States on or around October 29, 2010.  The
14  Dart was first shipped for sale in the United States on or around June 3, 2011.  The DoubleTime
15  was first shipped for sale in the United States on or around November 8, 2011.  The Droid Charge
16  was first shipped for sale in the United States on or around February 17, 2011.  The Epic 4G was
17  first shipped for sale in the United States on or around July 28, 2010.  The Epix was first shipped
18  for sale in the United States on or around October 13, 2008.  The Eternity was first shipped for
19  sale in the United States on or around November 7, 2008.  The Eternity II was first shipped for
20  sale in the United States on or around August 5, 2010.  The Evergreen was first shipped for sale in
21  the United States on or around October 22, 2010.  The Exhibit 4G was first shipped for sale in the
22  United States on or around June 1, 2011.  The Exhibit II 4G was first shipped for sale in the
23  United States on or around October 19, 2011.  The Fascinate was first shipped for sale in the
24  United States on or around August 30, 2010.  The Flight was first shipped for sale in the United
25  States on or around October 28, 2009.  The Flight II was first shipped for sale in the United States
26  on or around July 27, 2010.  The Focus was first shipped for sale in the United States on or around
27  November 1, 2010.  The Focus S was first shipped for sale in the United States on or around
28  October 28, 2011.  The Galaxy Prevail was first shipped for sale in the United States on or around

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

1  April 15, 2011.  The Galaxy S II was first shipped for sale in the United States on or around
2  September 15, 2011.  The Galaxy S 4G was first shipped for sale in the United States on or around
3  February 11, 2011.  The Galaxy S (i9000) was never sold in the United States.  The Gem was first
4  shipped for sale in the United States on or around January 18, 2011.  The Gravity T was first
5  shipped for sale in the United States on or around May 26, 2010.  The Gravity TXT was first
6  shipped for sale in the United States on or around August 3, 2011.  The Gravity 2 was first shipped
7  for sale in the United States on or around August 3, 2009.  The Gravity 3 was first shipped for sale
8  in the United States on or around May 26, 2010.  The Gravity Smart was first shipped for sale in
9  the United States on or around June 8, 2011.  The Highlight was first shipped for sale in the
10 United States on or around June 26, 2009.  The Impression was first shipped for sale in the United
11 States on or around March 23, 2009.  The Indulge was first shipped for sale in the United States on
12 or around February 8, 2011.  The Infuse 4G was first shipped for sale in the United States on or
13 around April 30, 2011.  The Intercept was first shipped for sale in the United States on or around
14 June 9, 2010.  The Jack was first shipped for sale in the United States on or around May 15, 2009.
15 The Memoir was first shipped for sale in the United States on or around February 9, 2009.  The
16 Mesmerize was first shipped for sale in the United States on or around October 25, 2010.  The
17 Mythic was first shipped for sale in the United States on or around November 2, 2009.  The Nexus
18 S was first shipped for sale in the United States on or around December 11, 2010.  The Propel was
19 first shipped for sale in the United States on or around October 20, 2008.  The Propel Pro was first
20 shipped for sale in the United States on or around April 3, 2009.  The Replenish was first shipped
21 for sale in the United States on or around April 14, 2011.  The Rugby was first shipped for sale in
22 the United States on or around September 4, 2008.  The Rugby II was first shipped for sale in the
23 United States on or around May 25, 2010.  The Showcase Galaxy S was first shipped for sale in
24 the United States on or around November 11, 2010.  The SGH-A657 was first shipped for sale in
25 the United States on or around April 3, 2009.  The SGH-A777 was first shipped for sale in the
26 United States on or around November 11, 2008.  The SGH-I677 was first shipped for sale in the
27 United States on or around October 24, 2011.  The SGH-I707 was first shipped for sale in the
28 United States on or around March 12, 2010.  The SGH-T528 was first shipped for sale in the

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

1  United States on or around June 15, 2011.  The SGH-T259 was first shipped for sale in the United

2  States on or around January 28, 2010.  The SGH-T636 was first shipped for sale in the United

3  States on or around November 11, 2008.  The SGH-T659 was first shipped for sale in the United

4  States on or around August 24, 2009.  The Sidekick was first shipped for sale in the United States

5  on or around April 11, 2011.  The Smiley was first shipped for sale in the United States on or

6  around May 26, 2010.  The Solstice was first shipped for sale in the United States on or around

7  July 23, 2009.  The Solstice II was first shipped for sale in the United States on or around

8  November 2, 2010.  The Strive was first shipped for sale in the United States on or around March

9  10, 2010.  The Vibrant was first shipped for sale in the United States on or around June 25, 2010.

10  The Galaxy Tab was first shipped for sale in the United States on or around May 3, 2011.  The

11  Galaxy Tab 8.9 was first shipped for sale in the United States on or around November 11, 2011.

12  The Galaxy Tab 10.1 was first shipped for sale in the United States on or around May 9, 2011.

13  Samsung has not marked the products listed above with any of the Samsung patents-in-suit.

14          Samsung's investigation is ongoing, and Samsung will supplement this interrogatory after

15  a reasonable investigation.  Samsung is further willing to meet and confer regarding the scope of

16  this interrogatory.

17  DATED:  March 7, 2012                    Respectfully submitted,

18                                           QUINN EMANUEL URQUHART &
                                             SULLIVAN, LLP
19

20

21                                           By    /s/ Victoria F. Maroulis
                                                 Charles K. Verhoeven
22                                               Kevin P.B. Johnson
                                                 Victoria F. Maroulis
23                                               Michael T. Zeller
24                                               Attorneys for SAMSUNG ELECTRONICS CO.,
                                                 LTD., SAMSUNG ELECTRONICS AMERICA,
25                                               INC. and SAMSUNG
                                                 TELECOMMUNICATIONS AMERICA, LLC
26

27

28

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

### CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2012, I caused **SAMSUNG'S AMENDED OBJECTIONS AND RESPONSES TO APPLE INC.'S SIXTH SET OF INTERROGATORIES (No. 14)** to be electronically served on the following via email:

**ATTORNEYS FOR APPLE INC.**

| | |
|---|---|
| AppleMoFo@mofo.com<br>HAROLD J. MCELHINNY<br>hmcelhinny@mofo.com<br>MICHAEL A. JACOBS<br>mjacobs@mofo.com<br>JENNIFER LEE TAYLOR<br>jtaylor@mofo.com<br>ALISON M. TUCHER<br>atucher@mofo.com<br>RICHARD S.J. HUNG<br>rhung@mofo.com<br>JASON R. BARTLETT<br>jasonbartlett@mofo.com<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, California 94105-2482<br>Telephone: (415) 268-7000<br>Facsimile: (415) 268-7522 | WHAppleSamsungNDCalService@wilmerhale.com<br>WILLIAM F. LEE<br>william.lee@wilmerhale.com<br>WILMER CUTLER PICKERING HALE AND DORR LLP<br>60 State Street<br>Boston, Massachusetts 02109<br>Telephone: (617) 526-6000<br>Facsimile: (617) 526-5000<br><br>MARK D. SELWYN<br>mark.selwyn@wilmerhale.com<br>WILMER CUTLER PICKERING HALE AND DORR LLP<br>950 Page Mill Road<br>Palo Alto, California 94304<br>Telephone: (650) 858-6000<br>Facsimile: (650) 858-6100 |

I declare under penalty of perjury that the foregoing is true and correct. Executed in Redwood Shores, California on March 7, 2012.

                 ___/s/ Melissa N. Chan___