# Exhibit 5

MORRISON | FOERSTER

755 PAGE MILL ROAD
PALO ALTO
CALIFORNIA 94304-1018

TELEPHONE: 650.813.5600
FACSIMILE: 650.494.0792

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG

February 19, 2012

Writer's Direct Contact
650.813.5718
MPernick@mofo.com

*By Email* (rachelkassabian@quinnemanuel.com)

Rachel Herrick Kassabian
Quinn Emanuel
555 Twin Dolphin Drive, Fifth Floor
Redwood Shores, CA 94065

Re:    *Apple v. Samsung*, Case No. 11-cv-1846-LHK (PSG) (N.D. Cal.)

Dear Rachel:

I write in response to your letters from the night of February 16, 2012 regarding Samsung's Rule 30(b)(6) designees.

**Todd Pendleton**

First, we have a question about Samsung's designation of Mr. Todd Pendleton. Topic 11 from Apple's Seventh Rule 30(b)(6) Notice refers to:

> The identity, organizational structure, and composition of each entity within Samsung that contributed to the planning, design, development, production, manufacture, testing, implementation, marketing, executive approval, or commercialization of the Products at Issue, including entities responsible for . . . (6) the marketing and advertising of the Products at Issue . . . .

In one of your letters, you identify Mr. Pendleton as Samsung's designee on this topic, but do so in a way that raises a question. In particular, your letter states that "Samsung designates Todd Pendleton to testify concerning the marketing and advertising of the Products at Issue."

Please clarify whether Samsung intends to produce Mr. Pendleton on the "identity, organizational structure and composition of each entity" that undertakes the enumerated tasks for Samsung entities with respect to "marketing and advertising" (as stated in Topic 11), or whether Samsung is also designating Mr. Pendleton to testify on a broader set of marketing and advertising topics. Your answer will have an impact on whether we can accept the date Samsung proposes, which has already been the subject of significant correspondence.

pa-1513235

**MORRISON | FOERSTER**

Rachel Herrick Kassabian
February 19, 2012
Page Two

### Tim Sheppard

Second, you also by letter of February 16th identified Mr. Tim Sheppard on, among other things, a series of financial topics that refer to *all* Samsung entities. We have a couple of questions about this.

Is Samsung identifying Mr. Sheppard as a witness to testify solely about STA, or about *all* Samsung entities? Will Mr. Sheppard testify as Samsung's representative concerning Samsung's financial results on a *consolidated* basis, or just for STA? We are asking these questions because Mr. Sheppard previously testified that he did not have information on Samsung's consolidated results, including on matters such as costs of goods sold, research and development, multiple expense categories, and consolidated profits. Mr. Sheppard has also testified that he did not have access to the financial results for SEA, for SEC, or for the consolidated companies.

Additionally, please let us know whether Mr. Sheppard will testify with respect to the topics in Apple's Tenth Rule 30(b)(6) notice. If Mr. Sheppard is not going to be Samsung's designee on those topics, please explain why Samsung has designated Mr. Sheppard on several topics from the Seventh Rule 30(b)(6) notice relating to Samsung's consolidated financial results (*e.g.*, Topics 1-5, 16-17, 20c, 22), but not for the topics in the Tenth Notice that relate to the primary document that Samsung has produced in response to the Court's January 27, 2012 Order.

Again, Samsung's answers to these questions are likely to have an impact on whether we can proceed on the date that your letter suggests.

\*   \*   \*

Given that these depositions are rapidly approaching, we would appreciate your prompt response to our questions.

Sincerely,

*/s/ Marc Pernick*

Marc Pernick

cc:   S. Calvin Walden
      Peter Kolovos

pa-1513235