Exhibit 7

Page 1

1      IN THE UNITED STATES DISTRICT COURT
2        NORTHERN DISTRICT OF CALIFORNIA
3              SAN JOSE DIVISION
4

   APPLE, INC., a California
5  corporation,
6
7                       Plaintiff,
8
        -vs-                          No. 11-CV-01846-LHK
9

   SAMSUNG ELECTRONICS CO., LTD.,
10 a Korean business entity; et al.,
11                       Defendants.
                                       /
12
13  VIDEOTAPED DEPOSITION OF TIMOTHY SHEPPARD - 30(b)(6)
14       HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
15              SAN FRANCISCO, CALIFORNIA
16             WEDNESDAY, FEBRUARY 29, 2012
17
18
19
20
21  Reported by: LOUISE MARIE SOUSOURES, CSR NO. 3575
22              Certified LiveNote Reporter
23
24
25 JOB NO: 47031

Highly Confidential - Attorneys Eyes Only

Page 15

| | | |
|---|---|---|
| 1 | difference to your answer? | 13:36 |
| 2 | A.  Yes. | 13:36 |
| 3 | Q.  How does it make a difference? | 13:36 |
| 4 | A.  I don't know what you mean by Samsung. | 13:36 |
| 5 | Samsung's a large, multi-national corporation. | 13:36 |
| 6 | Q.  Are you here to testify on behalf of any | 13:36 |
| 7 | Samsung entity with respect to research and | 13:37 |
| 8 | development expenses in any way? | 13:37 |
| 9 | A.  Yes. | 13:37 |
| 10 | Q.  All right.  In what way are you here to | 13:37 |
| 11 | testify on behalf? | 13:37 |
| 12 | MR. ALDEN:  Objection, vague and ambiguous. | 13:37 |
| 13 | THE WITNESS:  We started earlier discussing | 13:37 |
| 14 | STA and so I think I answered that I'm prepared to | 13:37 |
| 15 | discuss STA's financial information. | 13:37 |
| 16 | So if you're asking about R&D, I can explain | 13:37 |
| 17 | STA. | 13:37 |
| 18 | BY MR. OLSON: | 13:37 |
| 19 | Q.  Okay.  Are you able to speak as to SEA in any | 13:37 |
| 20 | way? | 13:37 |
| 21 | A.  Yes. | 13:37 |
| 22 | Q.  Are you able to speak on behalf of SEC in any | 13:37 |
| 23 | way? | 13:37 |
| 24 | A.  No. | 13:37 |
| 25 | Q.  Are you here to testify regarding the manner | 13:37 |

Highly Confidential - Attorneys Eyes Only

Page 39

| | | |
|---|---|---|
| 1 | with counsel.  If you otherwise saw it, you can answer | 14:10 |
| 2 | the question. | 14:10 |
| 3 | BY MR. OLSON: | 14:10 |
| 4 |     Q.  Have you ever seen Exhibit 1920 other than in | 14:10 |
| 5 | the presence of counsel? | 14:10 |
| 6 |     A.  No. | 14:10 |
| 7 |     Q.  Do you understand Exhibit 1920 to have been | 14:10 |
| 8 | solely prepared for the purposes of this litigation? | 14:10 |
| 9 |     A.  Yes, my understanding. | 14:10 |
| 10 |     Q.  Was any part of it prepared in the ordinary | 14:10 |
| 11 | course of business on behalf of STA? | 14:10 |
| 12 |         MR. ALDEN:  Objection, vague and ambiguous. | 14:10 |
| 13 | BY MR. OLSON: | 14:10 |
| 14 |     Q.  Let me ask a better question. | 14:10 |
| 15 |         Was any document in the format of | 14:10 |
| 16 | Exhibit 1920 prepared at STA in the ordinary course of | 14:10 |
| 17 | business? | 14:10 |
| 18 |     A.  No. | 14:10 |
| 19 |     Q.  Was any document in the format of | 14:10 |
| 20 | Exhibit 1920 prepared in the ordinary course of | 14:10 |
| 21 | business at SEA? | 14:11 |
| 22 |     A.  No. | 14:11 |
| 23 |     Q.  Was any document in the format of | 14:11 |
| 24 | Exhibit 1920 prepared in the ordinary course of | 14:11 |
| 25 | business at SEC? | 14:11 |

```
                                                              Page 40
```

1    MR. ALDEN:  Objection, beyond the scope.          14:11
2    THE WITNESS:  I have no personal knowledge of     14:11
3    what's prepared at SEC.                           14:11
4    BY MR. OLSON:                                     14:11
5        Q.  Do you know who prepared Exhibit 1920?    14:11
6        A.  I do not.                                 14:11
7        Q.  Do you have any information on where the  14:11
8    information prepared in 1920 comes from?          14:11
9        A.  I know where the data for STA and SEA comes 14:11
10   from.                                             14:11
11       Q.  All right.  Is it your understanding that 14:11
12   Exhibit 1920 was prepared at the instructions of  14:11
13   counsel?                                          14:12
14       MR. ALDEN:  Objection, to the extent that     14:12
15   your knowledge would -- comes from discussions with 14:12
16   counsel, I'll instruct you not to answer that     14:12
17   question.                                         14:12
18       If otherwise, you can answer that question.   14:12
19       THE WITNESS:  I think I explained earlier I   14:12
20   don't know who prepared this document.            14:12
21   BY MR. OLSON:                                     14:12
22       Q.  Do you know whether it's a member of your 14:12
23   staff that prepared it?                           14:12
24       A.  I don't know means I don't know.          14:12
25       Q.  Are your answers the same as to Exhibit 1921? 14:12

Highly Confidential - Attorneys Eyes Only

Page 134

| | | |
|---|---|---|
| 1 | We are off the record, time is 4:48. | 16:48 |
| 2 | (Recess taken.) | 16:48 |
| 3 | THE VIDEOGRAPHER:  Here marks the beginning | 17:00 |
| 4 | of tape 3 in the deposition for Mr. Sheppard. | 17:00 |
| 5 | We are back on the record, it's 5:00 o'clock. | 17:00 |
| 6 | BY MR. OLSON: | 17:00 |
| 7 | Q.  If you look at Exhibit 1922 and 1923, and | 17:00 |
| 8 | they both use the same number for this purpose, at | 17:00 |
| 9 | line 20, there's an item that says others and a number | 17:00 |
| 10 | of more going down to line 34. | 17:00 |
| 11 | Do you see that? | 17:00 |
| 12 | A.  Yeah, one of them stops at 33 and one of them | 17:00 |
| 13 | goes to 34, yeah. | 17:00 |
| 14 | Q.  Is it correct you are not here to speak on | 17:00 |
| 15 | behalf of any Samsung entity with respect to the | 17:00 |
| 16 | information that is found in those lines as to these | 17:00 |
| 17 | spreadsheets? | 17:00 |
| 18 | A.  That is correct. | 17:00 |
| 19 | Q.  With respect to the information that's found | 17:00 |
| 20 | in lines 9 -- under STA, quantity, sales, cost of | 17:01 |
| 21 | goods sold and expense? | 17:01 |
| 22 | A.  Yes. | 17:01 |
| 23 | Q.  Particularly cost of goods sold and expense? | 17:01 |
| 24 | A.  Yes. | 17:01 |
| 25 | Q.  Focusing on that, is any part of the | 17:01 |

Highly Confidential - Attorneys Eyes Only

Page 144

| | | |
|---|---|---|
| 1 | So this activity here represents all activity | 17:22 |
| 2 | for businesses for STA which includes network, handset | 17:22 |
| 3 | sales, represent accessory sales, represent all | 17:22 |
| 4 | activity, whereas this report is looking at specific | 17:22 |
| 5 | products. | 17:22 |
| 6 | So if I take -- so this would include | 17:22 |
| 7 | activity for selling parts to add warranty, repair | 17:22 |
| 8 | fenders, it would include the revenue for R&D that's | 17:23 |
| 9 | required to be booked under the APA agreement. | 17:23 |
| 10 | This activity here contains a lot more than | 17:23 |
| 11 | just on this document. | 17:23 |
| 12 | Q. Understood. Is the information that's in | 17:23 |
| 13 | 1922 and 1923 in that sales line available at this | 17:23 |
| 14 | level of detail? | 17:23 |
| 15 | MR. ALDEN: Objection, vague and ambiguous. | 17:23 |
| 16 | THE WITNESS: Yes, it is. | 17:23 |
| 17 | Both of these are just pure extracts straight | 17:23 |
| 18 | from SAP. | 17:23 |
| 19 | BY MR. OLSON: | 17:23 |
| 20 | Q. And the same then would be true as to -- that | 17:23 |
| 21 | the cost of goods line, COGS line is available in the | 17:23 |
| 22 | degree of detail that's available under cost of goods | 17:23 |
| 23 | sold on Exhibit 1926, correct? | 17:23 |
| 24 | MR. ALDEN: Same objection. | 17:23 |
| 25 | THE WITNESS: I'm sorry. Yes. | 17:23 |

Highly Confidential - Attorneys Eyes Only

Page 175

1    I, LOUISE MARIE SOUSOURES, duly
2    authorized to administer oaths pursuant to Section
3    2093(b) of the California Code of Civil Procedure, do
4    hereby certify: That the witness in the foregoing
5    deposition was by me duly sworn to testify the truth
6    in the within-entitled cause; that said deposition was
7    taken at the time and place therein cited; that the
8    testimony of the said witness was reported by me and
9    was hereafter transcribed under my direction into
10   typewriting; that the foregoing is a complete and
11   accurate record of said testimony; and that the
12   witness was given an opportunity to read and correct
13   said deposition and to subscribe the same.
14       Should the signature of the witness not be affixed
15   to the deposition, the witness shall not have availed
16   himself or herself of the opportunity to sign or the
17   signature has been waived.
18       I further certify that I am not of counsel, nor
19   attorney for any of the parties in the foregoing
20   deposition and caption named, nor in any way
21   interested in the outcome of the cause named in said
22   caption.
23   DATE: 3-1-2012
24                    LOUISE MARIE SOUSOURES, CSR. #3575
25