# EXHIBIT 12

**CONTAINS INFORMATION DESIGNATED AS APPLE HIGHLY CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER**

**United States District Court
Northern District of California
San Jose Division**

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>    Plaintiff,<br><br>    vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity, SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>    Defendants.<br><br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity, SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>    Counterclaim-Plaintiffs,<br><br>    v.<br><br>APPLE INC., a California corporation,<br><br>    Counterclaim-Defendant. | Civil Action No. 11-CV-01846-LHK |

**REBUTTAL EXPERT REPORT OF TONY GIVARGIS, Ph.D.
REGARDING NON-INFRINGEMENT
OF THE ASSERTED CLAIMS OF U.S. PATENT NO. 7,698,711**

**CONTAINS INFORMATION DESIGNATED AS APPLE HIGHLY CONFIDENTIAL
INFORMATION SUBJECT TO PROTECTIVE ORDER**

36. Dr. Yang's report is also vague as to how the "application module" limitation is met by the accused devices. Dr. Yang suggests the Music App "contains" an application module, but does not state if that application module is the Music App code itself, the MobileMusicPlayer and/or EmbeddedAVFoundation, or something else. The analysis he provides makes no distinction as to how the identified programs fit within the structure of the Music App and if they should be considered "application modules" or "applets."

37. For the above reasons, in my opinion Dr. Yang has failed to establish infringement by Apple at least because he does not clearly explain how Apple's devices allegedly provide the claimed music background play object including an application module or identify these elements in the accused devices. Indeed, in my opinion Dr. Yang cannot do so because the iOS devices do not have a notion of "music background play object." Instead, as I discuss in more detail below, the mediaserverd is responsible for audio playback.

38. Dr. Yang also fails to clearly identify what he believes constitutes the "applet" required by all asserted claims. The claims require that the "music background play object includes an application module including at least one applet." In my opinion, the accused devices do not contain the claimed applet. The term "applet" has been construed by the Court to mean "an application designed to run within an application module." Markman Order of April 4, 2012 at p. 11. In the analysis herein regarding "applet," I apply the Court's construction.[5] As noted above, Dr. Yang asserts that "[t]he Music App contains an application module and including [sic] an applet such as can be found in MobileMusicPlayer and EmbeddedAVFoundations and is executed as part of a multi-tasking method using iOS." Exhibit 3A-1 chart at element 1[a].

39. It is unclear from his report if Dr. Yang is accusing the entirety of the MobileMusicPlayer (MMP) or EmbeddedAVFoundation (AVF) as representing an "applet" or, alternatively, if he is suggesting that applets exist within each of these entities. Dr. Yang's report does not state what Dr. Yang believes is the relationship between the MobileMusicPlayer or EmbeddedAVFoundation. He has not provided any evidence that either of the MobileMusicPlayer or EmbeddedAVFoundation is an "application designed to run within an application module." Nor has he provided evidence that either of these is an application module in which another application (*i.e.*, an unidentified applet) is designed to run. Instead, Dr. Yang

---

[5] I provided my previous report on the invalidity of the '711 patent prior to the issuance of the Markman order, but my positions in that report are unchanged and apply equally in view of the Court's construction of "applet."