# EXHIBIT 13

| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781) | WILLIAM F. LEE (*pro hac vice*) |
| hmcelhinny@mofo.com | william.lee@wilmerhale.com |
| MICHAEL A. JACOBS (CA SBN 111664) | WILMER CUTLER PICKERING |
| mjacobs@mofo.com |    HALE AND DORR LLP |
| RICHARD S.J. HUNG (CA SBN 197425) | 60 State Street |
| rhung@mofo.com | Boston, Massachusetts 02109 |
| MORRISON & FOERSTER LLP | Telephone: (617) 526-6000 |
| 425 Market Street | Facsimile: (617) 526-5000 |
| San Francisco, California 94105-2482 | |
| Telephone: (415) 268-7000 | MARK D. SELWYN (CA SBN 244180) |
| Facsimile: (415) 268-7522 | mark.selwyn@wilmerhale.com |
| | WILMER CUTLER PICKERING |
| |    HALE AND DORR LLP |
| | 950 Page Mill Road |
| | Palo Alto, California 94304 |
| | Telephone: (650) 858-6000 |
| | Facsimile: (650) 858-6100 |

Attorneys for Plaintiff and
Counterclaim-Defendant Apple Inc.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| APPLE INC., a California corporation, | |
|         Plaintiffs, | |
|     vs. | Civil Action No. 11-CV-01846-LHK |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity, SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | **PLAINTIFF AND COUNTERCLAIM-DEFENDANT APPLE INC.'S INVALIDITY CONTENTIONS** |
|         Defendants. | |

| | Number | Country of Origin | Date Issued/Published |
|---|---|---|---|
| 12 | U.S. Patent No. 5,737,491 to Allen *et al.* | US | 4/7/1998 |
| 13 | U.S. Patent No. 5,757,346 to Mita *et al.* | US | 5/26/1998 |
| 14 | U.S. Patent No. 5,806,005 to Hull *et al.* | US | 9/8/1998 |
| 15 | U.S. Patent No. 5,825,408 to Yuyuma *et al.* | US | 10/20/1998 |
| 16 | U.S. Patent No. 5,917,542 to Moghadam *et al.* | US | 6/29/1999 |
| 17 | U.S. Patent No. 5,956,681 to Yamakita *et al.* | US | 9/21/1999 |
| 18 | U.S. Patent No. 5,969,750 to Hsieh *et al.* | US | 10/19/1999 |
| 19 | U.S. Patent No. 6,009,336 to Harris *et al.* | US | 12/28/1999 |
| 20 | U.S. Patent No. 6,037,991 to Thro *et al.* | US | 3/14/2000 |
| 21 | U.S. Patent No. 6,038,257 to Brusewitz *et al.* | US | 3/14/2000 |
| 22 | U.S. Patent No. 6,038,295 to Mattes *et al.* | US | 3/14/2000 |
| 23 | U.S. Patent No. 6,044,403 to Gerzberg *et al*. | US | 3/28/2000 |
| 24 | U.S. Patent No. 6,069,648 to Suso *et al.* | US | 5/30/2000 |
| 25 | U.S. Patent No. 6,167,469 to Safai *et al.* | US | 12/26/2000 |
| 26 | U.S. Patent No. 6,169,911 to Wagner *et al.* | US | 1/2/2001 |
| 27 | U.S. Patent No. 6,177,950 to Robb *et al.* | US | 1/23/2001 |
| 28 | U.S. Patent No. 6,192,257 to Ray *et al.* | US | 2/20/2001 |
| 29 | U.S. Patent No. 6,219,560 to Erkkila *et al.* | US | 4/17/2001 |
| 30 | U.S. Patent No. 6,252,588 to Dawson *et al.* | US | 6/26/2001 |
| 31 | U.S. Patent No. 6,259,469 to Ejima *et al.* | US | 7/10/2001 |
| 32 | U.S. Patent No. 6,308,084 to Lonka et al. | US | 10/23/2001 |
| 33 | U.S. Patent No. 6,366,698 to Yamakita | US | 4/2/2002 |

|  | Number | Country of Origin | Date Issued/Published |
|---|---|---|---|
| 34 | U.S. Patent No. 6,370,546 to Kondo et al. | US | 4/9/2002 |
| 35 | U.S. Patent No. 6,370,568 to Garfinkle | US | 4/9/2002 |
| 36 | U.S. Patent No. 6,377,818 to Irube et al. | US | 4/23/2002 |
| 37 | U.S. Patent No. 6,427,078 to Wilska et al. | US | 7/30/2002 |
| 38 | U.S. Patent No. 6,442,595 to Kelly | US | 8/27/2002 |
| 39 | U.S. Patent No. 6,469,731 to Saburi et al. | US | 10/22/2002 |
| 40 | U.S. Patent No. 6,501,968 to Ichimura et al. | US | 12/31/2002 |
| 41 | U.S. Patent No. 6,567,122 to Anderson et al. | US | 5/20/2003 |
| 42 | U.S. Patent No. 6,573,927 to Parulski et al. | US | 6/3/2003 |
| 43 | U.S. Patent No. 6,642,959 to Arai et al. | US | 11/4/2003 |
| 44 | U.S. Patent No. 6,661,529 to Sanbongi et al. | US | 12/9/2003 |
| 45 | U.S. Patent No. 6,690,417 to Yoshida et al. | US | 2/10/2004 |
| 46 | U.S. Patent No. 6,715,003 to Safai | US | 3/30/2004 |
| 47 | U.S. Patent No. 6,784,924 to Ward et al. | US | 8/31/2004 |
| 48 | U.S. Patent No. 6,812,954 to Priestman et al. | US | 11/2/2004 |
| 49 | U.S. Patent No. 7,173,651 to Knowles | US | 2/6/2007 |
| 50 | Great Britain App. Pub. No. 2 327 005 to Samsung Aerospace Industries | UK | 1/6/1999 |
| 51 | European Patent App. Pub. No. 0 614 305 to Hitachi Ltd. | EP | 9/7/1994 |

2. Prior Art Publications

The following prior art publications, including those publications listed in Exs. J1 through J-7, anticipate and/or render obvious the asserted claims of the '460 patent.

J.  The '460 Patent

1. U.S. Patent No. 6,069,648 to Suso et al. anticipates claim 1 of the '460 patent (Chart J-1).

2. U.S. Patent No. 6,167,469 to Safai et al. anticipates claim 1 of the '460 patent (Chart J-2).

3. U.S. Patent No. 6,573,927 to Parulski et al. anticipates claim 1 of the '460 patent (Chart J-3).

4. U.S. Patent No. 6,642,959 to Arai anticipates claim 1 of the '460 patent (Chart J-4).

5. The Nokia 9110 Communicator mobile phone together with "Nokia 9110 Communicator User's Manual" and "Digital Camera Connectivity with Nokia 9110 Communicator" anticipates claim 1 of the '460 patent (Chart J-7).

K.  The '941 Patent

1. L2 Considerations for VoIP Support (Qualcomm R2-021645) anticipates claims 1-2, 4, 6-11, 13, and 15-18 of the '941 patent (Chart K-5).

L.  The '711 Patent

1. The Sony Ericsson W800i mobile phone together with associated Sony Ericsson W800i User Guide (1st Ed.) anticipates claims 1-2, 7-10, 15-18 of the '711 patent (Chart L-1).

2. The Sony Ericsson K700 mobile phone together with associated Sony Ericsson K700 User Guide (1st Ed.) anticipates claims 1-2, 7-10, 15-18 of the '711 patent (Chart L-3).

J. <u>The '460 Patent</u>

In accordance with Patent L.R. 3-3(b), prior art references rendering the asserted claim of the '460 patent obvious, alone or in combination with other references, are discussed below and included in Exhibits J-1 through J-7.  Exhibits J-1 through J-7 include exemplary claim charts for the '460 patent showing specific combinations of references, including citations to where in the references the teachings, suggestions, and motivations to combine the references are disclosed. Further reasons to combine the references identified in Exhibits J-1 through J-7 include the nature of the problem being solved, the express, implied and inherent teachings of the prior art, the knowledge of persons of ordinary skill in the art, that such combinations would have yielded predictable results, and that such combinations would have represented known alternatives to a person of ordinary skill in the art.

In particular, Apple contends that the asserted claim of the '460 patent would have been obvious in view of the prior art references identified above.  For example, Exhibit J includes exemplary claim charts that describe how the asserted claim of the '460 patent would have been obvious in view of the following primary references alone or in combination:

- U.S. Patent No. 6,069,648 to Suso et al.
- U.S. Patent No. 6,167,469 to Safai et al.
- U.S. Patent No. 6,573,927 to Parulski et al.
- U.S. Patent No. 6,642,959 to Arai
- U.S. Patent No. 6,690,417 to Yoshida et al.
- U.S. Patent No. 7,173,651 to Knowles
- Nokia 9110 Communicator mobile phone, "Nokia 9110 Communicator User's Manual," and "Digital Camera Connectivity with Nokia 9110 Communicator"

Each primary reference teaches all or, at a minimum, the vast majority of the limitations of the '460 patent asserted claim. To the extent that any claim elements are found to be missing from the primary references, secondary references are designated for combination with the primary references, including the following:

- The IBM Simon mobile phone together with the "IBM Simon Users Manual"
- U.S. Patent No. 5,619,684 to Goodwin et al.
- U.S. Patent No. 6,009,336 to Harris et al.

Taken alone or together in the combinations set forth below, the primary prior art references include all limitations of the '460 patent asserted claim.

For example,

1. U.S. Patent No. 6,069,648 to Suso et al. alone or in view of any one of (i) the IBM Simon mobile phone together with the "IBM Simon Users Manual," (ii) U.S. Patent No. 5,619,684 to Goodwin et al., or (iii) U.S. Patent No. 6,009,336 to Harris et al. (Exhibit J-1).

2. U.S. Patent No. 6,167,469 to Safai et al. alone or in view of any one of (i) the IBM Simon mobile phone together with the "IBM Simon Users Manual," (ii) U.S. Patent No. 5,619,684 to Goodwin et al., or (iii) U.S. Patent No. 6,009,336 to Harris et al. (Exhibit J-2).

3. U.S. Patent No. 6,573,927 to Parulski et al. alone or in view of any one of (i) the IBM Simon mobile phone together with the "IBM Simon Users Manual," (ii) U.S. Patent No. 5,619,684 to Goodwin et al., or (iii) U.S. Patent No. 6,009,336 to Harris et al. (Exhibit J-3).

4. U.S. Patent No. 6,642,959 to Arai alone or in view of any one of (i) the IBM Simon mobile phone together with the "IBM Simon Users Manual," (ii) U.S. Patent No. 5,619,684 to Goodwin et al., or (iii) U.S. Patent No. 6,009,336 to Harris et al. (Exhibit J-4).

5. U.S. Patent No. 6,690,417 to Yoshida et al. in view of any one of (i) U.S. Patent No. 6,069,648 to Suso et al., (ii) U.S. Patent No. 6,167,469 to Safai et al., (iii) U.S. Patent No. 6,573,927 to Parulski et al., (iv) U.S. Patent No. 6,642,959 to Arai, and (v) the Nokia 9110 Communicator mobile phone, together with the "Nokia 9110 Communicator User's Manual" and the "Digital Camera Connectivity with Nokia 9110 Communicator," and further in view of any one of (i) the IBM Simon mobile phone together with the "IBM Simon Users Manual," (ii) U.S. Patent No. 5,619,684 to Goodwin et al., and (iii) U.S. Patent No. 6,009,336 to Harris et al. (Exhibit J-5).

6. U.S. Patent No. 7,173,651 to Knowles in view of any one of (i) U.S. Patent No. 6,069,648 to Suso et al., (ii) U.S. Patent No. 6,167,469 to Safai et al., (iii) U.S. Patent No. 6,573,927 to Parulski et al., (iv) U.S. Patent No. 6,642,959 to Arai, and (v) the Nokia 9110 Communicator mobile phone, together with the "Nokia 9110 Communicator User's Manual" and the "Digital Camera Connectivity with Nokia 9110 Communicator," and further in view of any one of (i) the IBM Simon mobile phone together with the "IBM Simon Users Manual," (ii) U.S. Patent No. 5,619,684 to Goodwin et al., and (iii) U.S. Patent No. 6,009,336 to Harris et al. (Exhibit J-6).

7. The Nokia 9110 Communicator mobile phone, "Nokia 9110 Communicator User's Manual," and "Digital Camera Connectivity with Nokia 9110 Communicator", alone or in view of any one of (i) the IBM Simon mobile phone together with the "IBM Simon Users Manual," (ii) U.S. Patent No. 5,619,684 to Goodwin et al., or (iii) U.S. Patent No. 6,009,336 to Harris et al. (Exhibit J-7).

K. The '941 Patent

used to improve one device, and a person of ordinary skill in the art would recognize that it would improve similar devices in the same way, using the technique is obvious unless its actual application is beyond his or her skill." 550 U.S. at 417; *see also id.* at 419 ("[t]he obviousness analysis cannot be confined by a formalistic conception of the words teaching, suggestion, and motivation") and *In re Translogic Tech., Inc.*, 504 F.3d 1249, 1260 (Fed. Cir. 2007) (noting that "'[a] person of ordinary skill is also a person of ordinary creativity'" (quoting *KSR*, 550 U.S. at 421)).  These additional features would be well within the skill set of a person of ordinary skill in the art, and, would therefore have been merely the result of ordinary design efforts.

Under the standard set forth in *KSR International Co. v. Teleflex Inc.*, 550 U.S. 398 (2007), and the Federal Circuit's recent decisions, the asserted claims of the '893 patent (which issued **before** *KSR* was decided) would have been obvious.

These combinations reflect Apple's present understanding of the potential scope of the claims that Samsung appears to be advocating, and should not be seen as Apple's acquiescence to Samsung's interpretation of the asserted claims.  Moreover, these examples are illustrative of the multitude of potential combinations of the prior art, and are not exhaustive.  Apple reserves the right to rely on other combinations of the prior art, including other combinations of the prior art references identified above with each other and/or with the prior art references disclosed in the prosecution history of the '893 patent.

J.  The '460 Patent

Any reference or combination of references that anticipates or makes obvious an asserted independent claim also makes obvious any asserted claim dependent on that independent claim because every element of each dependent claim was known by a person of ordinary skill at the

time of the alleged invention, and it would have been obvious to combine those known elements with the independent claims at least as a matter of common sense and routine innovation.

Numerous prior art references, including those identified above pursuant to Patent L.R. 3-3(a) and in the Exhibits, reflect common knowledge and the state of the prior art before the priority date of the '460 patent. Because it would be unduly burdensome to create detailed claim charts for the thousands of invalidating combinations, Apple has provided illustrative examples of such invalidating combinations below and in Exhibits J-1 through J-7. For at least the reasons described above and below in the examples provided, as well as in the attached claim charts, it would have been obvious to one of ordinary skill in the art to combine any of a number of prior art references, including any combination of those identified in Exhibits J-1 through J-7, to meet the limitations of the asserted claim. As such, Apple's identification of exemplary combinations is without limitation to Apple's identifying other invalidating combinations as appropriate.

U.S. Patent No. 6,069,648 to Suso *et al.* ("Suso"), U.S. Patent No. 6,167,469 to Safai *et al.* ("Safai"), U.S. Patent No. 6,573,927 to Parulski *et al.* ("Parulski"), U.S. Patent No. 6,642,959 to Arai ("Arai"), and the Nokia 9110 Communicator mobile phone, "Nokia 9110 Communicator User's Manual," and "Digital Camera Connectivity with Nokia 9110 Communicator" teach every limitation of claim 1 of the '460 patent. To the extent that any of these references is found not to anticipate, it would have been obvious to modify or combine the references to achieve the claimed method. Practicing a data transmitting method for a portable composite communication terminal which functions as both a portable phone and a camera, comprising the steps of: entering a first E-mail transmission sub-mode upon user request for E-mail transmission while operating in a portable phone mode, the first e-mail transmission sub-mode performing a portable phone function; entering a second E-mail transmission sub-mode upon user request for

E-mail transmission while operating in a display sub-mode, the second e-mail transmission sub-mode displaying an image most recently captured in a camera mode; sequentially displaying other images stored in a memory through the use of scroll keys; transmitting the address of the other party and a message received through a user interface in the first E-mail transmission sub-mode; and transmitting the address of the other party and the message received through the user interface and the image displayed on the display as an E-mail in the second E-mail transmission sub-mode, would have been the result of combining prior art elements according to known methods to yield predictable results, the simple substitution of one known element for another to obtain predictable results, the use of known techniques to improve similar devices in the same way, and applying a known technique to a known device to yield a predictable result.  One of ordinary skill in the art would have been motivated to perform a method for transmitting an email address of another party and a message body received through a user interface in a first E-mail transmission sub-mode; and transmitting the email address of the other party and the message body received through the user interface and an image displayed on a display as an E-mail in a second E-mail transmission sub-mode.

      To the extent that any of Suso, Safai, Parulski, Arai, U.S. Patent No. 6,690,417 to Yoshida *et al.* ("Yoshida"), U.S. Patent No. 7,173,651 to Knowles ("Knowles"), or the Nokia 9110 Communicator mobile phone together with "Nokia 9110 Communicator User's Manual" and "Digital Camera Connectivity with Nokia 9110 Communicator" is found not to teach the claimed first E-mail transmission sub-mode, it would have been obvious to combine any of these references, which teach emailing images, with additional references teaching transmitting text email messages.  Examples of such references include the IBM Simon mobile phone together with the "IBM Simon User's Manual," U.S. Patent No. 5,619,684 to Goodwin *et al.*

("Goodwin"), and U.S. Patent No. 6,009,336 to Harris *et al.* ("Harris"). Furthermore, to the extent that U.S. Patent No. 6,690,417 to Yoshida *et al.* ("Yoshida") or U.S. Patent No. 7,173,651 to Knowles ("Knowles") is found not to teach sequentially displaying other images stored in a memory through the use of scroll keys, it would have been obvious to combine these references with any of a large number of prior art reference teaching using scroll keys to move between images on a camera or portable phone, including Suso, Safai, Parulski, Arai, and the Nokia 9110 Communicator mobile phone together with the "Nokia 9110 Users Manual" and "Digital Camera Connectivity with the Nokia 9110 Communicator." All elements of claim 1 of the '460 patent were well known and readily combinable using known methods to obtain predictable results.

For example, in the 1997–1998 timeframe, digital cameras, cellular phones, camera phones, and personal computers were publicly available. *See, e.g.,* Suso col.1 ll.5–45; Safai col.1 l.12–col.2 l.25; Parulski col.1 l.28–col.2 l.27; Arai col.1 ll.7–48; Yoshida col.1 l.22–col.2 l.62; Knowles col.1 l.20–col.2 l.43; Harris col.1 ll.9–63. Digital cameras provided a playback function for displaying a recorded image on a display screen that was provided in the digital camera, and a review function for sequentially displaying other images stored in a memory through the use of scroll keys. *See, e.g.*, Safai col.1 ll.32–36; Arai col.1 ll.15–18; Yoshida col.1 ll.23–29, col.2 ll.15–19; Knowles col.1 ll.20–32. Emailing text and image attachments from personal computers and portable devices was also well-known. *See, e.g.*, Safai col.1 ll.37–47; Parulski col.1 ll.29–48; Arai col.1 ll.19–31; Knowles col.1 ll.20–32. Using common sense and the teaching of the prior art, a person of ordinary skill in the art would have recognized that it would be useful to send image attachments and text from a camera phone, and would have been able to implement the claimed method of the '460 patent by combining prior art elements

according to known methods and/or applying known techniques to known devices to yield predictable results.

### K.  The '941 Patent

Any reference or combination of references that anticipates or makes obvious an asserted independent claim also makes obvious any asserted claim dependent on that independent claim because every element of each dependent claim was known by a person of ordinary skill at the time of the alleged invention, and it would have been obvious to combine those known elements with the independent claims at least as a matter of common sense and routine innovation.

Numerous prior art references, including those identified above pursuant to Patent L.R. 3-3(a) and in the Exhibits, reflect common knowledge and the state of the prior art before the priority date of the '941 patent.  Because it would be unduly burdensome to create detailed claim charts for the thousands of invalidating combinations, Apple has provided illustrative examples of such invalidating combinations below and in Exhibit K.  For at least the reasons described above and below in the examples provided, as well as in the attached claim charts, it would have been obvious to one of ordinary skill in the art to combine any of a number of prior art references, including any combination of those identified in Exhibit K, to meet the limitations of the asserted claims.  As such, Apple's identification of exemplary combinations is without limitation to Apple's identifying other invalidating combinations as appropriate.

It was generally known and within the level of ordinary skill in the art to receive RLC SDUs and to segment them into smaller blocks of data to be transmitted in PDUs with headers. It was also known in the field, as indicated, for example, in the versions of TS 25.322 prior to the '941 patent, Agarwal, Petersen, and Nishihara, there are different ways to arrange the headers and different fields that can be used in these headers; and that depending on the arrangement,