# EXHIBIT 11

CONTAINS CONFIDENTIAL BUSINESS INFORMATION

Page 1

1   UNITED STATES INTERNATIONAL TRADE COMMISSION
             WASHINGTON, D.C.
2
    In The Matter Of            §
3                               §
    CERTAIN ELECTRONIC          §   Investigation No.
4   DIGITAL MEDIA DEVICES AND   §      337-TA-796
    COMPONENTS THEREOF          §
5

6

7

8   * CONTAINS CONFIDENTIAL BUSINESS INFORMATION *

9

10

11     VIDEOTAPED DEPOSITION OF TIM SHEPPARD

12               Dallas, Texas

13        Wednesday, December 21, 2011

14

15

16

17

18

19  Reported by:

20  MICHEAL A. JOHNSON, CRR

21  JOB NO. 44648

22

23

24

25

CONTAINS CONFIDENTIAL BUSINESS INFORMATION

Page 2

```
 1
 2                Wednesday, December 21, 2011
 3                      9:04 a.m.
 4
 5
 6      Videotaped deposition of TIM SHEPPARD, held
 7   at the Fairmont Hotel, 1717 North Akard
 8   Street, Dallas, Texas, pursuant to Notice
 9   before Micheal A. Johnson, a Certified
10   Realtime Reporter and Notary Public of the
11   State of Texas.
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

CONTAINS CONFIDENTIAL BUSINESS INFORMATION

Page 3

```
 1   A P P E A R A N C E S
 2     MORRISON & FOERSTER, LLP
 3     Attorney for Claimant Apple, Inc.
 4          2000 Pennsylvania Avenue, N.W.
 5          Washington, DC 20006
 6     BY:  Kristin Yohannan, ESQ.
 7     BY:  Josh Hartman, ESQ.
 8
 9     QUINN EMANUEL URQUHART & SULLIVAN, LLP
10     Attorney for Respondent Samsung
11          1299 Pennsylvania Avenue, N.W.
12          Washington, DC 20004
13     BY:  S. Alex Lasher, ESQ.
14     BY:  Karin J. Norton, ESQ.
15
16     VIDEOGRAPHER:
17          Adam Meggs
18
19
20
21
22
23
24
25
```

CONTAINS CONFIDENTIAL BUSINESS INFORMATION

Page 4

1
2        IT IS HEREBY STIPULATED AND AGREED by
3   and between the attorneys for the respective
4   parties herein, that filing and sealing be and
5   the same are hereby waived.
6        IT IS FURTHER STIPULATED AND AGREED
7   that all objections, except as to the form of
8   the question, shall be reserved to the time of
9   trial.
10       IT IS FURTHER STIPULATED AND AGREED
11  that the within deposition may be sworn to and
12  signed before any officer authorized to
13  administer an oath, with the same force and
14  effect as if signed and sworn to before the
15  Court.
16
17
18
19                    - oOo -
20
21
22
23
24
25

CONTAINS CONFIDENTIAL BUSINESS INFORMATION

Page 5

```
 1                    PROCEEDINGS
 2            THE VIDEOGRAPHER:  This is the
 3   start of tape labeled No. 1 of the videotaped
 4   deposition of Tim Sheppard in the matter of
 5   Certain Electronic Digital Media Devices in
 6   the United States International Trade
 7   Commission, Case No. 337-TA-796.
 8            The deposition is being held at the
 9   Fairmont Hotel in Dallas, Texas, on
10   December 21, 2011, and the time is
11   approximately 9:04 a.m.
12            My name is Adam Meggs, the legal
13   video specialist.  The court reporter is
14   Micheal Johnson in association with TSG
15   Reporting.
16            Will counsel please identify
17   yourselves.
18            MS. YOHANNAN:  Kristin Yohannan for
19   Apple, Incorporated.
20            MR. HARTMAN:  Josh Hartman, also
21   for Apple.
22            MR. LASHER:  Alex Lasher with Quinn
23   Emanuel Urquhart & Sullivan on behalf of the
24   Samsung respondents, the witness.  And with me
25   is Karin Norton from Samsung Electronics
```

CONTAINS CONFIDENTIAL BUSINESS INFORMATION

Page 6

1   America, Inc.
2           THE VIDEOGRAPHER:  The court
3   reporter may now swear in the witness.
4                TIM SHEPPARD,
5   called as a witness, having been duly sworn by
6   a Notary Public, was examined and testified as
7   follows:
8                 EXAMINATION
9   BY MS. YOHANNAN:
10       Q.   Good morning, Mr. Sheppard.
11       A.   Morning.
12       Q.   Can you please state your name for
13   the record.
14       A.   My name is Tim Sheppard.
15       Q.   And what is your home address?
16       A.   My home address?
17       Q.   Yes.
18       A.   It's 1905 Havershan Drive, Flower
19   Mound, Texas.
20       Q.   Can you speak up just a little bit?
21       A.   Sure.
22       Q.   And your business address?
23       A.   It is 1301 East Lookout Drive,
24   Richardson, Texas.
25       Q.   Okay.  Have you ever been deposed

CONTAINS CONFIDENTIAL BUSINESS INFORMATION

Page 19

1  don't recall specifically the order of the
2  questions, the order of the topics or numbers
3  of the topics.
4  BY MS. YOHANNAN:
5      Q.  So I'll ask again.  Before your
6  counsel made the statement for the record that
7  you were here to testify on behalf of SEC, did
8  you have an understanding that you would be
9  answering questions on behalf of SEC?
10         MR. LASHER:  Objection, asked and
11 answered.
12 BY MS. YOHANNAN:
13     Q.  I'm just asking for your
14 understanding.
15     A.  My understanding is you're going to
16 ask me topics and I'm going to represent STA,
17 and there may be some topics where I'm asked
18 to represent SEC.
19     Q.  And do you understand the
20 difference between representing STA and SEC?
21     A.  Perhaps you can clarify that for
22 me.
23     Q.  Do you understand that you're here
24 to testify as a corporate witness for the
25 knowledge of STA on certain topics, and you're

CONTAINS CONFIDENTIAL BUSINESS INFORMATION

Page 20

1  also going to be the corporate witness to
2  testify on behalf of SEC on certain topics?
3  Do you understand that?
4      A.   Yes.
5      Q.   Did you understand that before
6  today?
7      A.   Yes.
8      Q.   I'm going to mark a couple of
9  exhibits.
10          MS. YOHANNAN:  We will mark
11 Sheppard Exhibit 1, which is a Corrected
12 Notice of Deposition of Samsung Electronics
13 Company, Limited, Pursuant to Federal Rule of
14 Civil Procedure 30(b)(6).
15          (Deposition Exhibit 1 marked.)
16          MS. YOHANNAN:  And I will mark as
17 Sheppard Exhibit 2, Notice of Deposition of
18 Samsung Telecommunications America, LLC,
19 Pursuant to Federal Rule of Civil Procedure
20 30(b)(6).
21          (Deposition Exhibit 2 marked.)
22 BY MS. YOHANNAN:
23      Q.   Mr. Sheppard, would you please take
24 a moment and look through Sheppard Exhibit 1
25 and Sheppard Exhibit 2.

```
 1   position?
 2        A.   I was the controller for a venture
 3   capital company.
 4        Q.   And the name?
 5        A.   Best Merchant Partners.
 6        Q.   Was that also in Dallas?
 7        A.   It was.
 8        Q.   And how long did you hold that
 9   position?
10        A.   18 months.
11        Q.   And what was your next position
12   after the venture capital firm?
13        A.   Samsung at STA.
14        Q.   Sorry?
15        A.   At STA.
16        Q.   And when did you begin your
17   employment with STA?
18        A.   2008.
19        Q.   And what was the first position
20   that you held at STA?
21        A.   Same position.  I am the
22   controller.
23        Q.   You are the --
24        A.   Controller.
25        Q.   You are the controller?
```

CONTAINS CONFIDENTIAL BUSINESS INFORMATION

Page 33

1   A.   Uh-huh.
2   Q.   Do you hold any other positions
3   within STA?
4   A.   Can you clarify?  I'm not sure I
5   understand.
6   Q.   Sure.  Is the only title that you
7   hold at STA controller?
8   A.   I believe I have the title vice
9   president of finance and operations.
10   Q.   Okay.  Can you briefly describe for
11   me what the controller of STA does?
12   A.   Yes.  I'm the most senior financial
13   person in the organization --
14   Q.   And --
15   A.   -- other than the CFO.
16   Q.   And who is the CFO?
17   A.   Joseph Chung.
18   Q.   And you said that you had -- you
19   are also a vice president.  Do your duties and
20   responsibilities differ in any way with that
21   title versus controller?
22   A.   No.
23       MS. YOHANNAN:  Let's mark as
24   Sheppard Exhibit 3 a multipage document
25   entitled Samsung Telecommunications America,

Page 64

```
 1         A.   It is.
 2         Q.   Okay.  Do you know why you would be
 3   designated to testify about the global
 4   logistics team at SEC?
 5              MR. LASHER:  Objection, outside the
 6   scope of the topics, lacks foundation.
 7   BY MS. YOHANNAN:
 8         Q.   You've been designated to testify
 9   on behalf of SEC on this topic; is that
10   correct?
11         A.   It is.
12              MR. LASHER:  And I'll just --
13         A.   Let me rephrase.  That's my
14   understanding.
15   BY MS. YOHANNAN:
16         Q.   Okay.  Fair enough.
17              MR. LASHER:  And I'll just note
18   that this only refers to sourcing of products
19   into the United States.
20              MS. YOHANNAN:  I think he can
21   probably read the topic.
22   BY MS. YOHANNAN:
23         Q.   Do you know why you would be
24   designated to testify on behalf of SEC for
25   this topic?
```

Page 65

1        MR. LASHER:  Objection, asked and
2   answered.
3        A.   Again, I'm responsible for -- I
4   understand the logistics process, and I -- my
5   team is responsible for importing devices.
6   BY MS. YOHANNAN:
7        Q.   For STA, correct?
8        A.   For STA from SEC.
9        Q.   Okay.  And so what makes you
10  qualified to testify about this process on
11  behalf of SEC?
12       MR. LASHER:  Same objection.
13       A.   The SEC only sells product through
14  STA into the United States.
15  BY MS. YOHANNAN:
16       Q.   And there's a group within SEC
17  that's responsible for that that we talked
18  about called global logistics, right?
19       MR. LASHER:  Objection, misstates
20  testimony.
21       A.   The global logistics team is
22  responsible for working with STA to move
23  product into the US.
24  BY MS. YOHANNAN:
25       Q.   Right.  So the answer to my

CONTAINS CONFIDENTIAL BUSINESS INFORMATION

Page 188

```
 1         Q.    Verizon Wireless, T-Mobile --
 2         A.    Correct.
 3         Q.    Do you know how the wireless
 4   carriers set the retail price?
 5         A.    I could only speculate.
 6         Q.    Does STA have any -- play any role
 7   in setting a retail price?
 8         A.    No.
 9         Q.    Does STA have a role in setting
10   wholesale price?
11               MR. LASHER:  Objection, vague.
12         A.    Direct responsibility, no.  SEC
13   sets the wholesale price.
14   BY MS. YOHANNAN:
15         Q.    SEC sets the wholesale price for a
16   product being sold to a carrier?
17         A.    Yes.
18         Q.    Does STA have any role in pricing
19   mobile devices at all?
20               MR. LASHER:  Objection, vague.
21         A.    A limited role.
22   BY MS. YOHANNAN:
23         Q.    And what is the limited role?
24         A.    As a broad advisor of market
25   conditions for products in the US market STA
```