1   HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
2   MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
3   RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
4   JENNIFER LEE TAYLOR (CA SBN 161368)
jtaylor@mofo.com
5   ALISON M. TUCHER (CA SBN 171363)
atucher@mofo.com
6   RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
7   JASON R. BARTLETT (CA SBN 214530)
jasonbartlett@mofo.com
8   MORRISON & FOERSTER LLP
425 Market Street
9   San Francisco, California  94105-2482
Telephone:  (415) 268-7000
10  Facsimile:  (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC

11

12              UNITED STATES DISTRICT COURT

13              NORTHERN DISTRICT OF CALIFORNIA

14              SAN JOSE DIVISION

15

16  APPLE INC., a California corporation,

17              Plaintiff,

18       v.

19  SAMSUNG ELECTRONICS CO., LTD., a
Korean business entity; SAMSUNG
20  ELECTRONICS AMERICA, INC., a New York
corporation; SAMSUNG
21  TELECOMMUNICATIONS AMERICA, LLC, a
Delaware limited liability company,
22
              Defendants.
23

Case No. 11-cv-01846-LHK

**APPLE INC.'S OPPOSITION TO
SAMSUNG'S MOTION TO EXCLUDE
UNTIMELY UNDISCLOSED
TESTIMONY OF GREG CHAPMAN,
EMILIE KIM AND SONY KEEPER OF
RECORDS**

24

25

26

27

28

APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO EXCLUDE TESTIMONY
Case No. 11-cv-01846-LHK

1    **I.    INTRODUCTION**

2            Unable to present testimony from any fact witness to support its claims that Apple's

3    products allegedly infringe Samsung's three asserted feature patents, Samsung now seeks to

4    preclude Apple from presenting factual testimony that they do not infringe.  In its "Motion to

5    Exclude Untimely Undisclosed Testimony of Greg Chapman, Emilie Kim and Sony Keeper of

6    Records" (Dkt. 1747), Samsung argues that Apple should be precluded from offering certain

7    testimony of Mr. Chapman, Ms. Kim, and Mr. Dzuban[1] on the basis that Apple allegedly failed to

8    disclose these individuals and the scope of their anticipated testimony in a timely manner.  With

9    respect to all three witnesses, that is simply incorrect.

10   **II.    ARGUMENT**

11          **A.    There Is No Reason to Deny Mr. Chapman the Opportunity to Testify.**

12          Samsung's remarkable claim that "Apple did not produce a single custodial document

13   from Mr. Chapman in this action" is simply false. (Dkt. 1747 at 1.)  As Samsung well knows,

14   starting in December 2011, Apple produced more than *six thousand* documents from the custodial

15   files of Mr. Chapman in Investigation No. 337-TA-794 (Kolovos Decl., ¶ 3), and pursuant to the

16   Protective Order in this case all of those documents are "deemed produced in [this] action." (Dkt.

17   687 at 33.)  Indeed, the materials that Samsung identified yesterday for the cross-examination of

18   Mr. Chapman include a document from his custodial files.[2]  Samsung has made full use of the

19   "cross-use" provision of the Protective Order in this case.  At least twenty of Samsung's trial

20   exhibits are documents which were produced in either Investigation No. 794 or 796 (the two ITC

21   investigations between Apple and Samsung).

22          Apple timely disclosed Mr. Chapman before the close of fact discovery.  As Samsung

23   admits, he was disclosed on Apple's First Amended and Supplemental Initial Disclosures on

24   March 4, 2012  (Dkt. 1747 at 1), a week prior to the close of fact discovery.  In addition, contrary

25

26          [1] Apple anticipates that Mr. Dzuban will serve as a corporate representative on behalf of Sony Mobile Communications Inc. if called on to testify.

27          [2] Samsung included on its list of cross-examination disclosures a document bearing the Bates range APL7940014158481-519 and marked for identification as JX2646.  This document was produced from the
28   custodial files of Mr. Chapman before the close of fact discovery. (*See* Kolovos Decl. Ex. 1.)

1    to Samsung's representation, Apple first disclosed Mr. Chapman in its transparency disclosures

2    served on February 22, 2012.  (*See* Kolovos Decl. Ex. 2.)  This disclosure specifically informed

3    Samsung that Mr. Chapman's documents were being searched with search terms relevant to the

4    '711 patent.[3]  Thus, no later than this disclosure, Samsung was on notice (or should have been) of

5    Mr. Chapman's identity and his potential relevance to the '711 patent.

6           Samsung also complains that it was not able to depose Mr. Chapman before the close of

7    fact discovery.  That is not true.  Samsung never even *asked* to depose Mr. Chapman, even though

8    it began receiving documents from him more than three months before the close of fact discovery

9    (and Samsung knew the custodian of the documents based on the metadata the parties agreed to

10   exchange).  Nor did Samsung ask even after Apple amended its initial disclosures, four days

11   *before* the close of fact discovery, to depose Mr. Chapman.  Samsung took many depositions of

12   party and non-party witnesses after the close of fact discovery.  Further, even though Judge

13   Grewal granted Samsung the opportunity to take the depositions of five Apple witnesses of

14   Samsung's choosing by order dated April 12, 2012 (Dkt. 867), Samsung again declined the

15   opportunity to depose Mr. Chapman.  Samsung had ample opportunities to depose Mr. Chapman,

16   and any alleged prejudice to Samsung for not having deposed Mr. Chapman is its own doing.

17          Finally, Samsung received notice on July 6, 2012 that Mr. Chapman was on the list of

18   "Witnesses Apple Expects to Present at Trial" (Dkt. 1189-3), but never objected.  Apple included

19   Mr. Chapman again on its amended witness list on July 23, 2012 (Dkt. 1278), and again Samsung

20   did not object.  Apple seeks to present brief testimony from Mr. Chapman to explain the

21   functionality and operation of its accused products, and to specifically address whether Apple's

22   products have anything like an "applet" as claimed in Samsung's '711 patent.  The Court

23   permitted Dr. Yang to testify regarding this issue yesterday over Apple's objection that Dr. Yang

24   failure to adequately disclose his opinions in his expert report or during his deposition.  (*See, e.g.,*

25   8/14/2012 Trial Tr. at 2326:2-13; 2419:1-25.)  Apple should be permitted to present its rebuttal

26   fact witness.

27
          [3] Mr. Chapman was one of two custodians for whom search terms related to the '711 patent
28   were applied.  (*See* Kolovos Decl. Ex. 2.)

**B.     Although Proper, Apple Will Not Question Ms. Kim Regarding The Timely Disclosed Prior Art At Issue.**

Samsung also seeks to preclude the testimony of Ms. Kim regarding the iBook and iSight, which are timely disclosed prior art on Apple's exhibit list.  Although Apple disagrees with Samsung's argument, in order to streamline the presentation of testimony at trial, Apple will not to inquire about the iBook and iSight during Ms. Kim's direct examination.

**C.     If Necessary, Mr. Dzuban Should Be Allowed to Testify to Authenticate Sony Business Records Related to Timely Disclosed Prior Art**.

The testimony of the identified Sony corporate representative (Mr. Dzuban) relates to a Sony device (PX125) that is prior art to the '711 patent, and related business records about that device (such as its user manual and sales records, *e.g.*, PX113, PX116, PX117).  Apple timely disclosed the Sony device to Samsung on October 7, 2011 in Apple's invalidity contentions. (*See* Kolovos Decl. Ex. 3.)  There has been no dispute about the fact that the Sony device is prior art to the '711 patent, which Samsung's expert did not contest in his expert report or during his deposition.  Indeed, in the course of the parties' exchanges of invalidity contentions and through expert discovery, the parties have treated the Sony device as prior art.

Apple intends to introduce the device into evidence through its expert witness on the '711 patent.  Nonetheless, out of an abundance of caution,  Apple included a Sony corporate representative on its list of witnesses for trial so that, if necessary, he could offer brief testimony to lay the foundation for the admissibility of these materials.  There is nothing improper about this, nor is there any prejudice to Samsung.  *See, e.g., Beauperthuy v. 24 Hour Fitness USA, Inc.*, 772 F.Supp.2d 1111, 1120 (N.D. Cal. 2011) (overruling an objection that a declaration was not disclosed during discovery because it "merely authenticate[d]" documents that plaintiffs "already knew existed"); *Smith v. Normandy Properties, LLC*, Case No. 07-351, 2008 WL 4443827, *2 (Sept. 26, 2008, W.D. Penn.) (finding under Rule 37(c) that defendant's failure to disclose two witnesses used solely for authenticating documents was harmless).  Accordingly, Samsung's motion to exclude Mr. Dzuban's testimony should be overruled.

1

**III.    CONCLUSION**

2

For the reasons set forth above, the Court should deny Samsung's motion.

3

4

Dated: August 15, 2012                        WILMER CUTLER PICKERING
                                                                   HALE AND DORR LLP

5

6

By:   /s/  *Mark D. Selwyn*

7                                                                      Mark D. Selwyn

8                                                          Attorneys for Plaintiff and
                                                              Counterclaim-Defendant APPLE INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the above and foregoing document has been

served on August 15, 2012 to all counsel of record who are deemed to have consented to

electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.


<u>/s/ Mark D. Selwyn</u>
Mark D. Selwyn