1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Cal. Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5  Kevin P.B. Johnson (Cal. Bar No. 177129)
   kevinjohnson@quinnemanuel.com
6  Victoria F. Maroulis (Cal. Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
7  555 Twin Dolphin Drive 5th Floor
   Redwood Shores, California 94065
8  Telephone: (650) 801-5000
   Facsimile: (650) 801-5100

9
   Michael T. Zeller (Cal. Bar No. 196417)
10 michaelzeller@quinnemanuel.com
   865 S. Figueroa St., 10th Floor
11 Los Angeles, California 90017
   Telephone: (213) 443-3000
12 Facsimile: (213) 443-3100

13 Attorneys for SAMSUNG ELECTRONICS
   CO., LTD., SAMSUNG ELECTRONICS
14 AMERICA, INC. and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC

15

16                     UNITED STATES DISTRICT COURT

17           NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

18

19 | APPLE INC., a California corporation,                    | CASE NO. 11-cv-01846-LHK
20 |     Plaintiff,                                           | **REPLY IN SUPPORT OF SAMSUNG'S MOTION TO EXCLUDE UNTIMELY UNDISCLOSED TESTIMONY OF GREG CHAPMAN, EMILIE KIM AND SONY KEEPER OF RECORDS**
21 |     vs.                                                  |
22 | SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, |
26 |     Defendant.                                           |

Unable to refute the fact that, until four days before the close of discovery, it never disclosed Greg Chapman as a potential witness in this case in its initial disclosures, in interrogatory responses or in deposition testimony, Apple instead tries to distract from the issue presented by Samsung's motion, which is the untimeliness of Apple's disclosure of Mr. Chapman. Apple argues that because it produced documents sourced to Mr. Chapman in the ITC 794 Investigation Samsung should have known that Apple may call him as a witness in this trial, even though Apple failed to timely disclose him in violation of Rule 26.   The fact is, Apple produced documents in the 794 Investigation sourced to numerous custodians who have not and will not testify in this case.   Apple's suggestion that it need not timely disclose witnesses in this case as required by Rule 26 merely because it produced documents sourced to that witness in a different proceeding should be rejected.   Mr. Chapman was not timely disclosed as a witness in this case and his testimony should be excluded.

### Conclusion

For the foregoing reasons, the Court should exclude the testimony of Greg Chapman, any testimony by Emilie Kim regarding alleged prior art to the Samsung patents in suit, and the testimony of the Sony Keeper of Records.

DATED: August 15, 2012                QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Victoria F. Maroulis*
Victoria F. Maroulis
Attorneys for Defendant
SAMSUNG ELECTRONICS CO., LTD.,
SAMSUNG ELECTRONICS AMERICA, INC.
and SAMSUNG TELECOMMUNICATIONS
AMERICA, LLC