QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S PROFFER OF TESTIMONY OF MICHAEL WAGNER REGARDING HYPOTHETICAL DESIGN AROUND COSTS** |

Samsung respectfully makes a proffer regarding Michael Wagner's testimony regarding hypothetical design around costs for U.S. Patent Nos. 7,469,381, 7,864,163, and 7,844,915.

Mr. Wagner expects to testify that, in a hypothetical negotiation of a reasonable royalty as provided in *Georgia-Pacific*, Samsung would believe that it could hypothetically design around the '381 patent in four weeks and three days at a cost of $11,340; that it could hypothetically design around the '163 patent in two weeks and two days at a cost of $5,880; and that it could hypothetically design around the '915 patent in four weeks at a cost of $10,800. Mr. Wagner may further testify that in forming his opinion he relied on several sources.

First, Mr. Wagner reviewed Apple's damages expert Mr. Musika's March 22, 2012 expert report. In his report, Mr. Musika opined that Samsung could design around the '381 patent in one month; that Samsung could design around the '163 patent in one month; and that Samsung could design around the '915 patent in six months. (*See* Decl. of Joby Martin, Ex. 1.) Mr. Musika cited as his sources "Apple representatives" Henri Lamiraux and Steve Hotelling, and technical experts retained by Apple in this matter: Ravin Balakrishnan, Michel Maharbiz, Karan Singh, and Alex Snoeren. (*Id.* at n. 3.) Mr. Musika did not provide documentation for his estimates.

Second, in April 2012, Mr. Wagner had a series of conversations with technical experts retained by Samsung in this matter, including Jeff Johnson and Steven Gray, about the availability of possible design arounds for Apple's patents. In these conversations, Mr. Johnson mentioned multiple design around possibilities for the '381 patent, and Mr. Gray mentioned a possible design around for the '163 patent and multiple design around possibilities for the '915 patent.

Third, also in April 2012, Mr. Wagner had a conversation with Samsung engineers Jaewoo Park and Sun-young Yi (with translation assistance from Hoshin Lee). They provided Mr. Wagner with a series of estimates for the time required for a hypothetical design around of the '381, '163 and '915 patents if Samsung would have known that it may have been out of the market without the design around. This information solely concerned hypothetical design around times, and not the actual time spent on actual design around. These estimated times were reasonably comparable with Mr. Musika's opinions (namely, four weeks and three days or two weeks versus

1  one month, and four weeks versus six months). Based on his experience and professional

2  judgment, Mr. Wagner found these estimates to be reasonable.

3  On April 12, 2012, Mr. Wagner had a conversation regarding Samsung wage rates with

4  Jong-wook Shim from Samsung Human Resources.   Using this hourly wage data, Mr. Wagner

5  calculated the hypothetical expected labor costs for the work to do these hypothetical design

6  arounds.   Again, this data was used to calculate hypothetical costs, not actual costs incurred in

7  actual design around efforts.   Mr. Wagner relied on his experience and professional judgment to

8  evaluate these hypothetical expected costs, and found the estimates to be reasonable.

9  Based on his experience calculating patent damages, Mr. Wagner judged these methods,

10 sources and results to be reasonable and reliable.   Indeed, Mr. Musika similarly relied on Apple's

11 sources in forming his opinions on the same issue of design around times.   (*See id.*)

12 Further, in response to the Court's reference to the June 19, 2012 hearing on Samsung's

13 motion for clarification, in which Apple represented that it understood the Court had not blocked

14 Samsung from relying on material already in its expert reports about the hypothetical availability

15 of design-arounds, (Dkt. No. 1163 at 35:25-36:5), Samsung notes that Mr. Wagner's report was

16 already in Apple's hands at the time.   Mr. Wagner's Corrected Expert Report was served on

17 April 20, 2012 – two months earlier – and it discloses the opinions and bases as described in this

18 proffer.   Accordingly, Mr. Wagner's testimony will present exactly what Samsung "already [had]

19 in their experts reports," which Apple was fully aware of and explicitly agreed was not barred by

20 Judge Grewal's order.

1  DATED: August 16, 2012          QUINN EMANUEL URQUHART &
                                    SULLIVAN, LLP
2
3                                   By */s/ Victoria F. Maroulis*
                                        Charles K. Verhoeven
4                                       Victoria F. Maroulis
                                        Kevin P.B. Johnson
5                                       Michael T. Zeller
                                        Attorneys for SAMSUNG ELECTRONICS
6                                       CO., LTD., SAMSUNG ELECTRONICS
                                        AMERICA, INC., and SAMSUNG
7                                       TELECOMMUNICATIONS AMERICA, LLC