# EXHIBIT 1

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE (*pro hac vice*)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

*Attorneys for Plaintiff and*
*Counterclaim-Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity, SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Civil Action No. 11-CV-01846-LHK<br><br>**APPLE INC.'S OBJECTIONS AND RESPONSES TO SAMSUNG'S FOURTH SET OF INTERROGATORIES**<br><br>**CONFIDENTIAL UNDER THE PROTECTIVE ORDER** |

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

**RESPONSE TO INTERROGATORY NO. 35**

Apple objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including without limitation because it seeks information relating to "all ESSENTIAL IPRs" and to the extent it seeks information relating to technologies or functionality not at issue.  Apple objects to the terms "disclosed to ETSI or 3GPP" as vague and ambiguous and failing to identify with sufficient particularity the information sought.  Apple further objects because this interrogatory contains multiple, discrete interrogatories.

Subject to and without waiving the foregoing specific objections and General Statement and Objections, Apple responds as follows:

Apple declared certain patents to be essential to various specifications of the UMTS standard in July 2007 (S-ITC-003126935 – S-ITC-003126941), and November 2011 (S-ITC-003126942 – S-ITC-003126968).  In addition, in accordance with Federal Rule of Civil Procedure 33(d), Apple has produced and/or will produce documents responsive to this Interrogatory, and states that the burden of ascertaining the answer to this Interrogatory from the produced business records is substantially the same for Apple as for Samsung.

Apple reserves the right to supplement and/or amend its response as appropriate.

**INTERROGATORY NO. 36:**

State APPLE'S contention (and the bases therefor) of what it means to "timely inform ETSI of ESSENTIAL IPRs" under any ETSI IPR POLICY effective from March 1998 to the present, including any maximum temporal delay period *(e.g.,* one year) after which APPLE contends the disclosure of an ESSENTIAL IPR is presumptively untimely, and IDENTIFY whether APPLE'S disclosures of ESSENTIAL IPR RELATING to ETSI UMTS standards and technical specifications were in all cases timely, and IDENTIFY any related facts or DOCUMENTS.

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

**RESPONSE TO INTERROGATORY NO. 36**

Apple objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome, including without limitation because it calls for the identification of "any related facts or documents." Apple also objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, or other applicable privilege or immunity against disclosure. Apple further objects to this Interrogatory as premature in advance of expert discovery. Apple further objects because this interrogatory contains multiple, discrete interrogatories. Apple objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence insofar as it purports to require that Apple "IDENTIFY whether APPLE'S disclosures of ESSENTIAL IPR RELATING to ETSI UMTS standards and technical specifications were in all cases timely, and IDENTIFY any related facts or DOCUMENTS."

Subject to and without waiving the foregoing specific objections and General Statement and Objections, Apple responds as follows:

The meaning of ETSI members' obligation to "timely inform ETSI of ESSENTIAL IPRs," under every ETSI IPR Policy that has been in force since 1998, varies depending on the particular facts and circumstances.

Under the ETSI IPR Policy, any member that learns that it owns IPR that may be essential to technology under consideration for adoption into an ETSI standard must disclose that IPR as soon as practicable and, in all cases, before the freeze date for that standard. While there is no duty to search one's IPR portfolio for potentially essential IPR, the failure to disclose before the freeze date IPR about which the member has actual knowledge would be inconsistent with the obligation to use "reasonable endeavours" to disclose "timely," s*ee* 1997 ETSI IPR Policy Clause 4.1; 2011 ETSI IPR Policy Clause 4.1, as well as the custom and practice of ETSI members. This obligation applies with even more force when a member knows that its IPR may

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

be essential to a technical solution that it proposes for an ETSI standard because the IPR Policy provides that "a MEMBER submitting a technical proposal for a STANDARD shall, on a bona fide basis, draw the attention of ETSI to any of that MEMBER's IPR which might be ESSENTIAL if that proposal is adopted." 1997 and 2011 ETSI IPR Policy Clause 4.1.

Once the freeze date has passed, the obligation to use "reasonable endeavours" to disclose "timely," s*ee* 1997 ETSI IPR Policy Clause 4.1; 2011 ETSI IPR Policy Clause 4.1, can, in accordance with the custom and practice of ETSI members, be satisfied with prompt disclosure after a member learns that it owns essential IPR. Apple does not contend that there is any defined temporal delay after which disclosure of an ESSENTIAL IPR is presumptively untimely for that reason alone.

Apple's disclosures of IPR essential to the UMTS standard were in all cases timely. Apple disclosed patents in July 2007 (S-ITC-003126935 – S-ITC-003126941), and disclosed patents in November 2011 (S-ITC-003126942 – S-ITC-003126968). In each case, Apple made the disclosure promptly after learning that the IPR was essential to the UMTS standard after it conducted a review of its IPR portfolio to evaluate whether it owned essential patents. Before conducting that review, Apple was not aware that this IPR was essential to the UMTS standard.

David Singer participates in the 3GPP TSG-SA4 working group on behalf of Apple. Mr. Singer participated in a discussion with that working group concerning Apple's ownership of IPR relevant to 3GPP TS 26.244 V.6.3.0 in advance of the freeze date for that specification. Mr. Singer informed the group that the identified IPR was already subject to a licensing commitment with respect to the MPEG standard. In Apple's July 2007 declaration of essential IPR to ETSI, Apple formally disclosed the relevant IPR, U.S. Patent Nos. 6,744,763 and 6,829,648.

In addition, Apple incorporates by reference its response to Interrogatory 45 as if fully set forth herein.

Apple reserves the right to supplement and/or amend its response as appropriate.