# EXHIBIT 4

**SUBJECT TO PROTECTIVE ORDER – CONTAINS HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY INFORMATION**

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity, SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, a California corporation, <br><br> Counterclaim-Plaintiff,, <br><br> v. <br><br> APPLE INC., a California corporation, <br><br> Counterclaim-Defendants. | Case No. 11-cv-01846 (LHK) |

**OPENING REPORT OF DR. EDWARD W. KNIGHTLY REGARDING <u>U.S. PATENT NO. 7,675,941</u>**

SUBJECT TO PROTECTIVE ORDER – CONTAINS HIGHLY CONFIDENTIAL
INFORMATION – ATTORNEYS' EYES ONLY INFORMATION

alleged secondary considerations do not affect my conclusion that the claims of this patent are obvious in light of the prior art I have discussed.

122.    I understand that Samsung will be submitting a report on infringement on the same time that this report is due.  If this feature is not being used by the carriers, such a fact would suggest that there were not substantial or unexpected benefits as is generally asserted.

## VIII.    Alternative Techniques Were Available At The Time Of Alleged Invention

123.    I understand that Samsung asserts that the claims cover the Alternative E-bit feature in TS 25.331, Section 9.2.2.5.  Regardless of whether this is true, I believe there would have been alternatives to using the Alternative E-bit.

124.    The Alternative E-bit is optional, and its use is at the option of the network/carrier.   Thus one alternative would be to not use the Alternative E-bit.  This would reduce complexity by not requiring the network or the handset to switch between the "normal" interpretation and the  "alternative" interpretation of the first E-bit..

## IX.    Trial Exhibits

125.    If called as a witness at trial, I may rely on visual aids and demonstrative exhibits that demonstrate the bases of my opinions.  Examples of these visual aids and demonstrative exhibits may include, for example, claim charts, patent drawings, excerpts from patent specifications, file histories, interrogatory responses, deposition testimony and deposition exhibits, as well as charts, diagrams, videos and animated or computer-generated video.

126.    Other than as referred to in this report, I have not yet prepared any exhibits for use at trial as a summary or support for the opinions expressed in this report, but I expect to do so in accordance with the Court's scheduling orders.

**SUBJECT TO PROTECTIVE ORDER – CONTAINS HIGHLY CONFIDENTIAL
INFORMATION – ATTORNEYS' EYES ONLY INFORMATION**

**XII.**  **Supplementation of Opinions**

129.    I reserve the right to adjust or supplement my analysis in light of any critique of

or comments on my report or alternative opinions advanced by or on behalf of Samsung.

March 22, 2012                                             Edward W. Knightly, PhD