**Contains Confidential Business Information Subject To Protective Order --Includes Attorneys' Eyes Only Information**

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, </br></br>Plaintiffs, </br></br>v. </br></br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity, SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, </br></br>Defendants. | Civil Action No. 11-CV-01846-LHK |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity, SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, </br></br>Counterclaim-Plaintiff, </br></br>v. </br></br>APPLE INC., a California corporation, </br></br>Counterclaim-Defendants. | |

**EXPERT REPORT OF DR. HYONG S. KIM
REGARDING INVALIDITY OF U.S. PATENT NO. 7,447,516**

**Contains Confidential Business Information Subject To Protective Order --Includes Attorneys' Eyes Only Information**

controlled.  As I have explained above, this was a mere design decision, and the named '516 inventors made no contributions to the advancement of the art.

### 6. No Evidence of "Acclaim of Others" or Other Recognition

200.  I am not aware of any evidence that the named inventors of the '516 patent received any form of acclaim or recognition for their claimed invention.  Previously, I cited testimony showing that the inventors did not remember much about any work leading to the '516 patent, which would seem contrary to secondary considerations, such as acclaim by others.

## XI. Alternative Power Control Techniques Were Available At The Time Of Alleged Invention

201.  As noted in Part VI-B-1, it was known before the '516 patent that it is especially important to control the power of the CDMA-based systems, because multiple signals are sent over the same frequency and therefore the signals interfere with those other transmissions.  It was also known before the date of the alleged invention that, as noted in Part VI-A-2, DCH and E-DCH may be used together for data transmission and that, as noted in Part VI-B-4, transmission power deficiency may arise when DCH and E-DCH are used together for transmission of data.

202.  In my opinion, at least two alternative techniques that could be used to control the power of the CDMA-based systems were available at or around the date of the alleged invention of the '516 patent.  One alternative technique that was available was scaling down equally the transmit power of DCH and E-DCH when the total transmit power exceeds a maximum allowed power.  In fact, the inventors admitted in the Background of the '516 patent that the power control technique of scaling down equally the transmit power factor for DCH and

**Contains Confidential Business Information Subject To Protective Order --Includes Attorneys' Eyes Only Information**

E-DCH was available at the time of the alleged invention ('516 patent, col. 3, ll. 41-44).  (*See also e.g.*, R1-040697 submitted to 3GPP TSG RAN WG1 Release 6 Ad-Hoc meeting, held in Cannes, France on June 21-24, 2004 by Samsung ("Samsung Proposal"), Section 2.3, p. 2).

203. Another alternative technique that was also available is to not send data over E-DCH when the total transmit power exceeds the maximum allowed power.  Samsung admitted in one of its own proposals submitted during a 3GPP standards meeting that "[n]ot to send data over E-DCH [when] there's not enough power [for transmission]," was available at the time of the alleged invention.  (Samsung Proposal, Section 2.3, p. 2).

204. Neither of these options would have created additional complexity.

## XII.   Trial Exhibits

205. If called as a witness at trial, I may rely on visual aids and demonstrative exhibits that demonstrate the bases of my opinions.  Examples of these visual aids and demonstrative exhibits may include, for example, claim charts, patent drawings, excerpts from patent specifications, file histories, interrogatory responses, deposition testimony and deposition exhibits, as well as charts, diagrams, videos and animated or computer-generated video.

206. Other than as referred to in this report, I have not yet prepared any exhibits for use at trial as a summary or support for the opinions expressed in this report, but I expect to do so in accordance with the Court's scheduling orders.

Contains Confidential Business Information Subject To Protective Order --Includes Attorneys' Eyes Only Information

## XV. Supplementation of Opinions

209.  I reserve the right to adjust or supplement my analysis in light of any critique of or comments on my report or alternative opinions advanced by or on behalf of Samsung.

March 22, 2012

Hyong S. Kim, PhD