# EXHIBIT 6

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

APPLE INC., a California corporation,

       Plaintiff,

   v.

SAMSUNG ELECTRONICS CO., LTD., a
Korean business entity, SAMSUNG
ELECTRONICS AMERICA, INC., a New
York corporation, and SAMSUNG
TELECOMMUNICATIONS AMERICA,
LLC, a Delaware limited liability company,

       Defendants.

SAMSUNG ELECTRONICS CO., LTD., a
Korean business entity, SAMSUNG
ELECTRONICS AMERICA, INC., a New
York corporation, and SAMSUNG
TELECOMMUNICATIONS AMERICA,
LLC, a Delaware limited liability company,

       Counterclaim-Plaintiffs,

   v.

APPLE INC., a California corporation,

  Counterclaim-Defendant.

Civil Action No. 11-CV-01846-LHK

**EXPERT REPORT OF PETER
ROSSI**

**SUBJECT TO PROTECTIVE ORDER**

**CONFIDENTIAL**

representative casts doubts on his results and make them inappropriate as a means by which to calculate a quantitative value for a royalty.

In my opinion, Dr. Sukumar's sample cannot be used to project to the relevant population.

## 4.2 Questionnaire Design

Dr. Sukumar has designed a survey to measure "usage" and value of some of the features he has been instructed to assume are enabled by the patents-in-suit. Dr. Sukumar measures usage by asking respondents if they have used a feature on their phone. Valuation of some of the features is based on additional survey questions which form the basis of what is called a conjoint analysis.

*Feature Definition*

As discussed above, Dr. Sukumar makes erroneous assumptions about what features Samsung contends infringe the '460 and '893 patents and his descriptions do not adequately capture the technology being claimed. For the '460 and '893 patents, he uses a description that is broader than Samsung's technical expert's description of the allegedly infringing features. To compound these errors, Dr. Sukumar constructs a survey in such a manner as to confuse respondents by adopting a short-hand phrase to describe the feature without adequately explaining the relationship between the benefits of the feature and the short-hand phrase or providing some other basis to ensure their memory and comprehension.

Dr. Sukumar abbreviates the '460 patent feature as "E-mail Photo," the '893 patent feature as "Photo Gallery Bookmark," and the feature of U.S. patent 7,079,871 (the '871 patent) as "Window Dividing." (*See, e.g.,* Exhibit G to Sukumar report, pp. 31-33.) In the questionnaire, Dr. Sukumar first defines the feature using a sentence of text on one screen and then asks a usage question on a second screen (*See, e.g.,* Exhibit G to Sukumar report, pp. 31-33). This further confuses the respondent and, in some cases, might cause a bias toward higher usage numbers. For example, a respondent could simply think that the question "Have you used the E-mail Photo feature on your iPhone?" is a question about whether or not the respondent has ever emailed a photo from his iPhone. Of course, emailing a photo does not necessarily practice the asserted '460 patent claim, under Samsung's infringement theory, nor does it conform to Dr. Sukumar's own definition of the feature as "the ability to take a photo … and send … in the body of an email." (*See* Exhibit G to Sukumar report, p. 31.) In light of the fact that survey respondents completed the survey very quickly, the practice of requiring respondents to return to a previous screen to see the full definition of a feature is particularly dangerous.

Similarly, Dr. Sukumar abbreviates the '893 features as "Photo Gallery Bookmark" even though Samsung's technical expert acknowledges that the claims of the patent are considerably narrower than this. (*See, e.g.,* Exhibit G to Sukumar report, p. 32.)

iPad, or iPod touch) and does not consider competition or cost factors. That is, Dr. Sukumar assumes that Apple is a monopolist instead of one firm in a highly competitive market with other products such as products made by RIM, Motorola, Samsung and HTC.

Dr. Sukumar's MVAI calculations are simply not relevant to the market value of any of the features considered. The "MVAI" calculations sponsored by Dr. Sukumar must be higher than the true market value as they are based on the willingness to pay of the average consumer and do not take into consideration costs and competition.

## 6. Trial Exhibits

I may rely on audio or visual aids and demonstrative exhibits that demonstrate the bases of my opinions. These materials may include, for example, recordings of pre-test calls with the Sukumar survey respondents, slides comparing the feature descriptions utilized by Dr. Sukumar with the description of the patented invention as alleged by Samsungs or showing the Sukumar survey screen shots, as well as charts, diagrams, videos and animated or computer-generated video.

Other than as referred to in this report, I have not yet prepared any exhibits for use at trial as a summary or support for the opinions expressed in this report, but I expect to do so in accordance with the Court's scheduling order.

## 7. Supplementation of Opinion

I reserve the right to supplement my opinions after I have and the opportunity to review expert reports or other materials from Samsung or other additional documents or materials that are brought to my attention.


_____
Peter E. Rossi


Date: April 16, 2012