# EXHIBIT 1



# UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 29/328,018 | 11/18/2008 | Bartley K. ANDRE | 2607.0590002(P4984USD1) | 7091 |

63975          7590          10/02/2009
STERNE KESSLER GOLDSTEIN & FOX P.L.L.C.
1100 NEW YORK AVENUE, N.W.
WASHINGTON, DC 20005

| EXAMINER |
|---|
| LEE, ANGELA J |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2911 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 10/02/2009 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)

| | Application No. | Applicant(s) |
|---|---|---|
| **Office Action Summary** | 29/328,018 | ANDRE ET AL. |
| | Examiner | Art Unit |
| | ANGELA J. LEE | 2911 |

-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133). Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1) ☒ Responsive to communication(s) filed on <u>09 July 2009</u>.
2a) ☐ This action is **FINAL**.   2b) ☒ This action is non-final.
3) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4) ☒ Claim(s) <u>1</u> is/are pending in the application.
   4a) Of the above claim(s) _____ is/are withdrawn from consideration.
5) ☐ Claim(s) _____ is/are allowed.
6) ☒ Claim(s) <u>1</u> is/are rejected.
7) ☐ Claim(s) _____ is/are objected to.
8) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9) ☒ The specification is objected to by the Examiner.
10) ☐ The drawing(s) filed on _____ is/are: a) ☐ accepted or b) ☐ objected to by the Examiner.
    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).
11) ☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

**Priority under 35 U.S.C. § 119**

12) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
    a) ☐ All   b) ☐ Some * c) ☐ None of:
      1. ☐ Certified copies of the priority documents have been received.
      2. ☐ Certified copies of the priority documents have been received in Application No. _____.
      3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).
    * See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☒ Notice of References Cited (PTO-892)
2) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3) ☒ Information Disclosure Statement(s) (PTO/SB/08)
   Paper No(s)/Mail Date <u>7/9/09</u>.
4) ☐ Interview Summary (PTO-413)
   Paper No(s)/Mail Date. _____.
5) ☐ Notice of Informal Patent Application
6) ☐ Other: _____.

Application/Control Number: 29/328,018                                                                                         Page 2
Art Unit: 2911

### Introduction

Applicant's response of July 9, 2009, including election of Group I and amendment to the specification, has been reviewed.

Groups II – IV have been withdrawn from further consideration by the examiner, 37 CFR 1.142(b), as being for the nonelected design. Election was made without traverse in the reply filed on July 9, 2009.

FIGS. 9 - 32 have been cancelled by applicant.

### Incorporation by Reference

This application incorporates by reference D581,922 and D558,758. All the material from the D581,922 and D558,758 which is essential to the claimed design is included in this application. Amendments of the claim may be based on the content of the incorporated material. However, with or without a specific amendment, it is understood that any material in the D581,922 and D558,758 which is not present in this application forms no part of the claimed design.

### Specification

The specification is objected to because the first sentence of the description in paragraph [0012] is confusing. The first sentence, "More generally, the invention pertains to an ornamental design for an article of manufacture" is confusing, unnecessary and redundant. See MPEP 1503.01, subsection II. Therefore, this sentence should be deleted.

The specification is also objected to because it includes a description of color designations which are no longer applicable. Applicant has elected Group I. There are

Application/Control Number: 29/328,018                                                          Page 3
Art Unit: 2911

no dashed line patterns in Group I.  Therefore, the following portions of paragraph [0011] must be deleted: "the dashed line pattern indicates metal.  By way of example, the metallic portions may be selected from steel, aluminum, anodized aluminum, chrome, nickel, and/or the like."

### Double Patenting

The nonstatutory double patenting rejection is based on a judicially created doctrine grounded in public policy (a policy reflected in the statute) so as to prevent the unjustified or improper timewise extension of the "right to exclude" granted by a patent and to prevent possible harassment by multiple assignees.  See *In re Goodman*, 11 F.3d 1046, 29 USPQ2d 2010 (Fed. Cir. 1993); *In re Longi*, 759 F.2d 887, 225 USPQ 645 (Fed. Cir. 1985); *In re Van Ornum*, 686 F.2d 937, 214 USPQ 761 (CCPA 1982); *In re Vogel*, 422 F.2d 438, 164 USPQ 619 (CCPA 1970);and, *In re Thorington*, 418 F.2d 528, 163 USPQ 644 (CCPA 1969).

A timely filed terminal disclaimer in compliance with 37 CFR 1.321(c) may be used to overcome an actual or provisional rejection based on a non-statutory double patenting ground provided the conflicting application or patent is shown to be commonly owned with this application.  See 37 CFR 1.130(b).

Effective January 1, 1994, a registered attorney or agent of record may sign a terminal disclaimer.  A terminal disclaimer signed by the assignee must fully comply with 37 CFR 3.73(b).

The claim is provisionally rejected under the judicially created doctrine of the obviousness-type double patenting of the claim of copending Application No.

Application/Control Number: 29/328,018 Page 4
Art Unit: 2911

29/332,683. Although the conflicting claims are not identical, they are not patentably distinct from each other because the claims are identical with the exception that 29/328,018 includes a color designation (black) and 29/332,683 does not include a color designation. Patentability of a design may not rest on color alone and "it would be obvious to employ a chromatic color." *In re Iknayan et al.*, F.2d 943, 124 USPQ 507, 508 (CCPA 1960).

It is well settled that it is unobviousness in the overall appearance of the claimed design, when compared with the prior art, rather than minute details or small variations in design as appears to be the case here, that constitutes the test of design patentability. See *In re Frick*, 275 F2d 741, 125 USPQ 191 (CCPA 1960) and *In re Lamb,* 286 F2d 610, 128 USPQ 539 (CCPA 1961).

This is a provisional obviousness-type double patenting rejection because the conflicting claims have not in fact been patented.

<u>Rejection 35 USC 103</u>

The claim is rejected under 35 U.S.C. 103(a) as being unpatentable over U. S. Patent 7409059 in view of U. S. PGPUB 2008/0004083.

Although the invention is not identically disclosed or described as set forth in 35 U.S.C. 102, (from the point-of-view of a designer of ordinary skill in the art) if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a designer having ordinary skill in the art to which said subject matter pertains, the invention is not patentable.

Application/Control Number: 29/328,018 Page 5
Art Unit: 2911

The claimed invention is strikingly similar to the left portion of the design shown in FIG. 7 of 7409059. The differences in the claimed design over the reference are the modification of the elongated oval speaker, the modification of the rectangular display and the inclusion of color designation. It would have been obvious to a designer of ordinary skill in the art at the time the invention was made to modify the elongated oval to have more rounded edges as taught by the elongated oval in FIG. 56 of 2008/0004083 and to modify the rectangular display to extend to the left and right side edges and to remove the inner border as demonstrated by FIG. 56 of 2008/0004083. It would be obvious to modify the design by showing a color designation. Patentability of a design may not rest on color alone and "it would be obvious to employ a chromatic color." *In re Iknayan et al.*, F.2d 943, 124 USPQ 507, 508 (CCPA 1960).

Moreover, any differences that may exist between the claimed design and the basic reference as modified are considered minor in nature and insufficient to define a patentably distinct design.

The claimed design is held to be patentably indistinct even without the rounded edges on the elongated oval modification taught by 2008/0004083. It is acknowledged that the de minimis difference in the shape of the elongated oval has a minimal impact on the overall appearance. However, an elongated oval with rounded edges of this type utilized herein is known in the art. Incorporation of an elongated oval with rounded edges included into the primary reference would result in an appearance that is even closer to the claimed design. Therefore, the combination has been made.

Application/Control Number: 29/328,018  Page 6
Art Unit: 2911

The modification of the primary reference in light of the secondary references is proper because the applied references are so related that the appearance of features shown in one would suggest the application of those features to the other. See *In re Rosen,* 673 F.2d 388, 213 USPQ 347 (CCPA 1982); *In re* Carter, 673 F2d 1378, 213 USPQ 625 (CCPA 1982), and *In re Glavas,* 230 F.2d 447, 109 USPQ 50 (CCPA 1956). Further, it is noted that case law has held that one skilled in the art is charged with knowledge of the related art; therefore, the combination of old elements, herein, would have been well within the level of ordinary skill. See *In re Antle,* 444 F.2d 1168, 170 USPQ 285 (CCPA 1961) and *In re Nalbandian,* 661 F.2d 1214, 211 USPQ 782 (CCPA 1982).

It is well settled that it is unobviousness in the overall appearance of the claimed design, when compared with the prior art combination, rather than minute details or small variations in design as appears to be the case here, that constitutes the test of design.

*Conclusion/Contact Information*

The claim is rejected for the reasons set forth above.

The references cited but not applied are cumulative art related to the claimed design.

Any inquiry concerning this communication or earlier communications from the examiner should be directed to Angela J. Lee whose telephone number is 571-272-4453. The examiner can normally be reached on Monday to Friday from 8:30 am to 5:00 pm.

Application/Control Number: 29/328,018 Page 7
Art Unit: 2911

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Cathron Brooks, can be reached on 571-272-2633. The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

Information regarding the status of an application may be obtained from the Patent Application Information Retrieval (PAIR) system. Status information for published applications may be obtained from either Private PAIR or Public PAIR. Status information for unpublished applications is available through Private PAIR only. For more information about the PAIR system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free).

/A. J. L./
/Angela J Lee/
Examiner, Art Unit 2911