# EXHIBIT 2

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

APPLE INC., a California corporation,

Plaintiff,

v.

SAMSUNG ELECTRONICS CO., LTD., A Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,

Defendants.

Case No. 11-cv-01846-LHK

**REBUTTAL EXPERT REPORT OF SUSAN KARE**

****CONFIDENTIAL – CONTAINS MATERIAL DESIGNATED AS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY PURSUANT TO A PROTECTIVE ORDER****

### C. The Functions Identified By Mr. Lucente Do Not Dictate the Appearance of the Asserted Trade Dress

54. Mr. Lucente reaches the conclusion that "each of the three Asserted Trade Dress elements is functional," relying on the same analysis he applied to the Design Patents. (Lucente Report at 25.) As demonstrated above, however, that analysis does not consider whether the functions Mr. Lucente assigns to the "Asserted Trade Dress Elements" require the particular appearance of each element or the overall appearance of the trade dress. Mr. Lucente never even acknowledges the actual visual appearance of each part of the Asserted Trade Dress or of the overall Asserted Trade Dress, neither of which is primarily functional.[27]

## VI. THE ASSERTED TRADEMARKS DO NOT PREVENT OTHERS FROM CREATING EFFECTIVE ICONS COMMUNICATING THE SAME CONCEPTS

55. Mr. Lucente states that "[b]ecause the Asserted Trademarks are used as icons they are functional." (Lucente Report at 27.) The significance of that conclusion is unexplained, as none of the legal standards regarding "functionality" that Mr. Lucente set forth in his report pertains to trademarks. Although icons may be used to communicate concepts to users, Mr. Lucente's conclusion that Apple's ownership of each of the "Asserted Trademarks"[28] prevents others from using an efficient method of visually communicating certain concepts to users is wrong.

56. First, Mr. Lucente claims that U.S. Trademark Reg. No. 3,886,196 "uses a familiar and conventional icon for the function of making a phone call." (Lucente Report at 27.) Mr. Lucente misuses the term "familiar and conventional icon." The Apple Phone icon uses a representation of a conventional *symbol* for the function of making a phone call, but the icon itself has a particular design, orientation, and graphic style not required by any convention. Apple's Phone icon is rounded and incorporates colors and visual effects as described in my Opening

---

[27] As Mr. Lucente acknowledges, the Asserted Trade Dress concerns hardware elements as well as GUI-related elements. Neither Mr. Lucente's report nor this rebuttal report addresses the hardware-related elements.

[28] The Asserted Trademarks are: U.S. Trademark Reg. No. 3,886,196 (Phone icon); U.S. Trademark Reg. No. 3,886,169 (Notes icon); U.S. Trademark Reg. No. 3,889,642 (Messages icon); U.S. Trademark Reg. No. 3,886,200 (Photos icon); U.S. Trademark Reg. No. 3,889,685 (Settings icon); U.S. Trademark Application Serial No. 85/041,463 (iTunes icon); and U.S. Trademark Reg. No. 2,935,038 (iTunes Eighth Notes + CD icon).

Expert Report (Opening Expert Report at 24, 26, 28, 36-38); it is obviously visually distinct from the International Organization of Standardization ("ISO") symbol that Mr. Lucente compares it to, even though the icons use the same basic symbol (telephone receiver):

**U.S. Trademark Reg. No. 3,886,196**

**ISO Symbol for Telephone**

In fact, Mr. Lucente's report lays out 14 additional options for a phone icon, each with a distinct appearance yet also using a symbol of a phone receiver. (Lucente Report 63-64.) I understand that the registered trademark only prevents the use of designs that are confusingly similar, not all designs that use a symbol of a phone receiver but are visually distinct. Mr. Lucente is thus incorrect when he concludes that Apple's trademark registration for the Phone icon prevents others "from using the [*sic*] one of the best and most efficient methods of visually communicating to users how to make a phone call on their devices." (*Id.* at 27-28.)

57. Next, Mr. Lucente claims that U.S. Trademark Reg. No. 3,889,642 "uses a familiar and conventional icon for the function of messaging." (Lucente Report at 28.) Mr. Lucente misuses the term "familiar and conventional icon." The Apple Messages icon uses a representation of a conventional *symbol or metaphor* for speech, but the icon itself has a particular design and appearance not required by any convention. Apple's Messages icon is oval with a small, curved point and colors and visual effects similar to those used in the Phone icon; it is obviously distinct from the "three most common speech balloons" used in "comic books, comic strips, and cartoons" that Mr. Lucente collected from Wikipedia, even though the Apple Messages icon incorporates a speech bubble within its design:

 

**U.S. Trademark Reg. No. 3,886,196**

**"Three Most Common Speech Balloons"**

In fact, Mr. Lucente's report lays out 4 additional options for messaging icons, each with a distinct appearance yet also using speech bubbles. (Lucente Report 71.) I understand that the registered trademark only prevents the use of designs that are confusingly similar, not all designs that include speech bubbles but are visually distinct. Mr. Lucente is thus incorrect when he concludes that Apple's trademark registration for the Messages icon prevents others "from using one of the best and most efficient methods of visually communicating to users how to access the text messaging feature of their devices." (*Id*. at 27-28.)

58. Next, Mr. Lucente claims that U.S. Trademark Reg. No. 3,889,200 "uses a metaphorical representation of a photograph" and that "the close-up image of a flower is a widely used and functional convention to communicate photographs." (Lucente Report at 28.) Based upon my experience designing icons, I believe that Mr. Lucente is incorrect to state that such an image is "widely used" or is a "functional convention." Images of typical subjects of user photography are often used as iconic examples of photographs; they are not actually "metaphorical," and a flower is only one of many options. I note that the only example Mr. Lucente provides of an icon using a flower image appears to be a default *user account* icon from the Windows Vista operating system, not a "photo software icon," as represented by Mr. Lucente.[29] (*See* Exhibit 4[30].)

[29] Mr. Lucente claims that "[t]his image was used by Adobe for photo software." (Lucente Report at 28.) It is unclear whether this refers to the image from Apple's trademark or the icon he labels "photo software icon," and he provides no further information or documentation from which his claim can be verified. I have not found anything that supports Mr. Lucente's claim.

59. Nevertheless, even if Mr. Lucente were correct that the Apple Photos icon uses a representation of a conventional *symbol or metaphor* for photographs, the icon itself has a particular design and appearance not required by any convention. Apple's Photos icon features a recognizable sunflower and an arc-shaped lighting effect (*see* Opening Expert Report at 23, 26-27, 35-36); it is obviously distinct from the "Photo software icon" that Mr. Lucente compares it to, even though both icons include a flower:

**U.S. Trademark Reg. No. 3,889,200**

**"Photo software icon"**

In fact, there is a practically unlimited number of ways an icon can be designed using the subject of a flower, and Mr. Lucente does not argue otherwise. Even a cursory search of the Internet for examples of icons using flowers turns up countless different examples. (Exhibit 5.) I understand that the registered trademark only prevents the use of designs that are confusingly similar, not all designs that include images of flowers but are visually distinct. Mr. Lucente is thus incorrect when he concludes that Apple's trademark registration for the Photos icon prevents others "from using one of the best and most efficient methods of visually communicating to users how to access the photographs on their devices." (Lucente Report at 28.)

60. Next, Mr. Lucente claims that U.S. Trademark Reg. No. 3,889,685 is an icon that "is an established convention in the area of computers for utilities, preferences and settings." (Lucente Report at 29.) The Apple Settings icon uses a representation of a conventional *symbol or metaphor* for settings, but there is no "established convention" requiring the specific appearance of the icon itself. For example, Apple's Settings icon, with three cropped gears with

---

[30] Exhibit 4 is a screen capture image from the Vista operating system showing the user account logon screen. This image was provided to me by counsel. Images available on the Internet confirm that the flower icon in Mr. Lucente's report was used as a user account icon in Vista. (*See, e.g.*, http://www.expta.com/2009_03_01_archive.html, http://msdn.microsoft.com/en-us/library/windows/desktop/aa511445.aspx).

pointed teeth on a "perforated" background, is distinct from the "Typical Settings Icon" that Mr. Lucente compares it to, even though the icons both use gears:

**U.S. Trademark Reg. No. 3,889,685**

**"Typical Settings Icon"**

In fact, Mr. Lucente's report lays out 21 additional examples of settings icons, each with a distinct appearance yet all using gears. (Lucente Report at 65-66.) I understand that the registered trademark only prevents the use of designs that are confusingly similar, not all designs that use gears but are visually distinct. Mr. Lucente is thus incorrect when he concludes that Apple's trademark registration for the Settings icon prevents others "from using one of the best and most efficient methods of visually communicating to users how to access the computer utilities of their devices." (*Id*. at 27-28.)

61. Next, Mr. Lucente claims that U.S. Trademark Reg. No. 3,886,169 "uses a familiar and conventional icon for the function of making notes." (Lucente Report at 29.) Mr. Lucente misuses the term "familiar and conventional icon." The Apple Notes icon uses a representation of a conventional *symbol or metaphor* for an object used to make handwritten notes, but the icon itself has a particular design and appearance not required by any convention. For example, Apple's Notes icon is obviously distinct from the "ISO Standard Icon" and the "physical representations of a real-world notepads [*sic*]" that Mr. Lucente compares it to, even though the ISO Standard Icon uses a simplified, diagrammatic note pad and the Apple icon is rendered to resemble a particular type of physical note pad:



**U.S. Trademark Reg. No. 3,886,169**

**"ISO Standard Icon and physical representations of real-world notepads"**

In fact, Mr. Lucente's report lays out 14 additional examples of notes icons, each with a distinct appearance yet all using note pads. (Lucente Report at 67-68.) I understand that the registered trademark only prevents the use of designs that are confusingly similar, not all designs that use note pads but are visually distinct. Mr. Lucente is thus incorrect when he concludes that Apple's trademark registration for the Notes icon prevents others "from using one of the best and most efficient methods of visually communicating to users how to access the note taking feature of their devices." (*Id*. at 29.)

62. Next, Mr. Lucente claims that U.S. Trademark Reg. No. 3,886,197 "uses a familiar and conventional icon for the function of managing contacts." (Lucente Report at 29.) Mr. Lucente misuses the term "familiar and conventional icon." The Apple Contacts icon uses a representation of a conventional *symbol or metaphor* for an object used to keep track of addresses and telephone numbers, but the icon itself has a particular design and appearance not required by any convention. (*See* Opening Expert Report at 23-24, 27-28, 33.) For example, Apple's Contacts icon is obviously distinct from the "ISO Standard Icon for Address Book Icon" that Mr. Lucente compares it to, even though both icons use address books and a silhouette of a person's head and shoulders:

**U.S. Trademark Reg. No. 3,886,197**


**"ISO Standard Icon for Address Book Icon"**

In fact, Mr. Lucente's report lays out 11 additional examples of contacts icons, each with a distinct appearance and all but two using an address book and/or a silhouette of a person's head and shoulders. (Lucente Report at 68-69.) I understand that the registered trademark only prevents the use of designs that are confusingly similar, not designs that use address books but are visually distinct. Mr. Lucente is thus incorrect when he concludes that Apple's trademark registration for the Contacts icon prevents others "from using one of the best and most efficient methods of visually communicating to users how to access the note taking feature of their devices." (*Id*. at 29.)

63. Next, Mr. Lucente claims that U.S. Trademark Reg. No. 2,935,038 and Application No. 85/041,463 "use familiar, conventional icons for the function of playing and managing music as products and services in the Information and Communication Technology and Entertainment in general." (Lucente Report at 29.) Mr. Lucente misuses the term "conventional icons." The iTunes icon and iTunes Eighth Note + CD icon use representations of conventional *symbols or metaphors* for objects related to music, but the icons themselves have a particular design and appearance not required by any convention. (*See* Opening Expert Report at 25, 27, 29, 38-41.) For example, Apple's icons are obviously distinct from the "ISO Standard for Audio Application," "Music Symbol, Official Signs and Symbols," and "Compact Disc, Official Signs and Symbols" icons that Mr. Lucente compares them to, even though the icons use the same design concepts (compact disc and/or eighth notes):

 

**Application No. 85/041,463** **ISO Standard for Audio Application**

**U.S. Trademark Reg. No. 2,935,038** **Music Symbol, Official Signs and Symbols**

**Compact Disc, Official Signs and Symbols**

In fact, Mr. Lucente's report lays out 21 additional examples of music icons, each with a distinct appearance yet using representations of compact discs and/or eighth notes. (Lucente Report at 69-71.) I understand that trademarks only prevent the use of designs that are confusingly similar, not all designs that use compact discs and/or eighth notes but are visually distinct. Mr. Lucente is thus incorrect when he concludes that Apple's trademarks prevent others "from using one of the best and most efficient methods of visually communicating to users how to access the digital music-related applications of their devices." (*Id.* at 30.)

**X. EXHIBITS TO BE USED**

129. I anticipate using as exhibits during trial certain documents and things referenced or cited in this report or accompanying this report. I also anticipate using other demonstrative exhibits or things at trial.

Dated: April 16, 2012

Susan D. Kare

SUSAN KARE