# EXHIBIT 4

UNITED STATES INTERNATIONAL TRADE COMMISSION
WASHINGTON, D.C.

Before the Honorable E. James Gildea
Administrative Law Judge

EXHIBIT 1
Rachel A. Ferrier
CSR No. 6948
Date: 2/6/12
Lee

| In the Matter of<br><br>**CERTAIN ELECTRONIC DEVICES, INCLUDING WIRELESS COMMUNICATION DEVICES, PORTABLE MUSIC AND DATA PROCESSING DEVICES, AND TABLET COMPUTERS** | Inv. No. 337-TA-794 |
|---|---|

**RESPONDENT APPLE INC.'S THIRD NOTICE OF DEPOSITION TO COMPLAINANTS SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG TELECOMMUNICATIONS AMERICA, LLC**

PLEASE TAKE NOTICE THAT, pursuant to 19 C.F.R. § 210.28, Respondent Apple Inc. ("Apple") by and through its undersigned counsel, will take the deposition of Complainants Samsung Electronics Co., Ltd. and Samsung Telecommunications America, LLC (collectively, "Samsung" or "Complainants") upon oral examination before a certified shorthand reporter duly authorized to administer oaths at the offices of Wilmer Cutler Pickering Hale and Dorr LLP located at 1875 Pennsylvania Ave., N.W., Washington, DC 20006, on January 13, 2012, starting at 9:00 a.m., or on a date and time mutually agreeable to the parties. Testimony shall continue from day to day until completed.

PLEASE TAKE FURTHER NOTICE THAT, pursuant to 19 C.F.R. § 210.28(d) the deposition will also be recorded using audio-visual equipment, including the use of interactive, real-time transcription. Testimony derived pursuant to this Notice shall be used for any and all appropriate purposes permitted by the Commission's Rules of Procedure.

PLEASE TAKE FURTHER NOTICE THAT, pursuant to 19 C.F.R. § 210.28(c), Samsung shall designate one or more officers, directors, managing agents, or employees to

testify on behalf of Samsung as to each of the subjects listed in Attachment A hereto. The persons so designated shall testify as to matters known or reasonably available to Samsung. Samsung is requested to provide Respondents with written notice of both: (a) the name and employment position of each designee who will testify on behalf of Samsung in response to this Notice; and (b) all matters set forth below as to which each such designee has agreed to testify on behalf of Samsung, at least seven days in advance of the deposition.

Dated: January 26, 2012

Respectfully submitted,

Apple Inc.

By its counsel,

   /s/ Nina S. Tallon
William F. Lee
Peter M. Dichiara
Wendy H. Verlander
Richard W. O'Neill
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

James L. Quarles III
Michael D. Esch
Tonya T. Robinson
Nina S. Tallon
Thomas E. Anderson
T. Spence Chubb
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1875 Pennsylvania Ave., NW
Washington, DC 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363

Mark D. Selwyn
WILMER CUTLER PICKERING
  HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

James M. Dowd
WILMER CUTLER PICKERING
  HALE AND DORR LLP
350 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 443-5300
Facsimile: (213) 443-5400

## ATTACHMENT A
## DEFINITIONS

1. "Samsung" and "Complainants" shall each mean and refer to Complainants Samsung Electronics Co., Ltd. and Samsung Telecommunications America, LLC, including without limitation all of their corporate locations, and all predecessors, predecessors-in-interest, subsidiaries, parents, and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, entities acting in joint venture, licensing agreements, or partnership relationships with Samsung Electronics Co., Ltd. or Samsung Telecommunications America, LLC and others acting on behalf of Samsung Electronics Co., Ltd. or Samsung Telecommunications America, LLC.

2. "Apple" means Respondent Apple Inc.

3. "Document" is synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a) and includes, without limitation, any written, printed, typed, electronic, photostated, photographed, recorded, or otherwise reproduced communication or representation. A draft or non-identical copy is a separate document within the meaning of this term.

4. "Person" means any natural person or any business, proprietorship, firm, partnership, corporation, association, organization, or other entity. The acts of a Person shall include the acts of directors, officers, owners, members, employees, agents, attorneys, or other representatives acting on the Person's behalf.

5. "Relating to" or "concerning" means, without limitation, referring to, having any relationship to, pertaining to, reflecting, evidencing, involving, describing, or constituting, whether directly or indirectly, in whole or in part, the subject matter of the particular request.

6. The words "and" and "or" shall be construed conjunctively or disjunctively, whichever makes this subpoena more inclusive, and "any" shall mean each and every.

7. The term "communication" means and refers to any transmission of information, in any form, via any medium, including, without limitation, documents incorporating, summarizing, or describing the contents of the transmission, meetings and discussions, telephone and or video conversations, electronic communications, telegraphic communications, or any document containing a recording, transcription, summary or description or identifying the time, place, subject matter, medium of transmission or participants in the transmission.

8. The term "information" means and refers to communications and documents as those terms are defined herein.

9. "License" means any intellectual property license, cross-license, portfolio license, covenant not to sue, indemnity agreement, or agreement not to assert patent or other intellectual property rights.

10. "ITC Investigation 337-TA-794" means the investigation entitled *Certain Electronic Devices, Including Wireless Communication Devices, Portable Music and Data Processing Devices, and Tablet Computers*," which names Samsung Electronics Co., Ltd. and Samsung Telecommunications America, LLC as Complainants and Apple Inc. as Respondent, and which the U.S. International Trade Commission instituted on July 27, 2011.

11. The "'980 patent" shall mean U.S. Patent No. 6,771,980, issued on August 3, 2004, and entitled "Method of Dialing in a Smart Phone," the application that resulted in the '980 patent, and all related U.S. applications and patents, and all foreign counterparts or patent applications thereof (including rejected, abandoned, or pending applications).

12. The "'843 patent" shall mean U.S. Patent No. 6,879,843, issued on August 12, 2005, and entitled "Device and Method for Storing and Reproducing Digital Audio Data in a Mobile Terminal," the application that resulted in the '843 patent, and all related U.S. applications and patents, and all foreign counterparts or patent applications thereof (including rejected, abandoned, or pending applications).

13. The "'114 patent" shall mean U.S. Patent No. 7,450,114, issued on November 11, 2008, and entitled "User Interface Systems and Methods for Manipulating and Viewing Digital Documents," the application that resulted in the '114 patent, and all related U.S. applications and patents, and all foreign counterparts or patent applications thereof (including rejected, abandoned, or pending applications).

14. The "'644 patent" shall mean U.S. Patent No. 7,486,644, issued on February 3, 2009, and entitled "Method and Apparatus for Transmitting and Receiving Data With High Reliability in a Mobile Communication System Supporting Packet Data Transmission," the application that resulted in the '644 patent, and all related U.S. applications and patents, and all foreign counterparts or patent applications thereof (including rejected, abandoned, or pending applications).

15. The "'348 patent" shall mean U.S. Patent No. 7,706,348, issued on April 27, 2010, and entitled "Apparatus and Method For Encoding/Decoding Transport Format Combination Indicator in CDMA Mobile Communication System," the application that resulted in the '348 patent, and all related U.S. applications and patents, and all foreign counterparts or patent applications thereof (including rejected, abandoned, or pending applications).

16. "Samsung Patents-In-Suit" means the '980 Patent, the '843 Patent, the '114 Patent, the '644 Patent, and the '348 Patent, individually and collectively, and all foreign

counterparts or patent applications thereof (including rejected, abandoned, or pending applications).

17. The "Samsung Patents-In-Suit Family Tree" means any patent or patent application from or through which any of the Samsung Patents-In-Suit claim priority, and all patents and patent applications (including without limitation the Samsung Patents-In-Suit) that claim priority to or through the aforesaid applications, including without limitation any continuation, continuation in part, divisional, or any other patent or patent application (including rejected, abandoned, provisional, or pending applications) derived in whole or in part from said applications, and all foreign counterpart patents or patent applications (including rejected, abandoned, provisional, or pending applications). This includes without limitation all patents or applications (including rejected, abandoned, provisional, or pending applications) that claim priority to or through any Samsung Patent-In-Suit.

18. "Named Inventors" means the named inventors on the Samsung Patents-In Suit.

19. "Samsung Product" means each and every product, device, apparatus, method, act, or other instrumentality that, when made, used, offered for sale, sold, or practiced by or on behalf of Samsung or any of its licensees results in the practice or embodiment of a product, method, or process claimed in any Samsung Patent-in-Suit.

20. "3GPP" means Third Generation Partnership Project.

21. "3GPP2" means Third Generation Partnership Project 2.

22. "TS" means Technical Specification.

23. "CDMA" means Code Division Multiple Access.

24. "HSUPA" means High-Speed Uplink Packet Access.

25. "TFCI" means Transport Format Combination Indicator.

26. "UMTS" means Universal Mobile Telecommunication Services.

27. "UTRA FDD" means UMTS Terrestrial Radio Access - Frequency Division Duplexing.

28. "ETSI" means European Telecommunications Standards Institute.

29. "TSG" refers to a "Technical Specification Group" of the 3GPP standard-setting organization.

30. "RAN" refers to a "Radio Access Network" of the 3GPP standard-setting organization.

31. "Release 6" of the 3GPP TS 25.212 standard refers to any version of Release 6 from v6.0.0 to v6.10.0.

32. "Section" refers to the section, including all subsections, of the listed TS or UTRA FDD Standard. For example, section 4.3 refers to 4.3 along with sections 4.3.1, 4.3.2, 4.3.1.1, 4.3.2.2 and so on.

33. "IPR" means intellectual property rights, and includes patent rights.

34. "Qualcomm" means Qualcomm Incorporated, including without limitation all of its corporate locations, and all predecessors, predecessors-in-interest, subsidiaries, parents, and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, entities acting in joint venture, licensing agreements, or partnership relationships with Qualcomm Incorporated and others acting on behalf of Qualcomm Incorporated.

35. "Intel" means Intel Corporation, including without limitation all of its corporate locations, and all predecessors, predecessors-in-interest, subsidiaries, parents, and affiliates, and

all past or present directors, officers, agents, representatives, employees, consultants, attorneys, entities acting in joint venture, licensing agreements, or partnership relationships with Intel Corporation, Infineon Technologies AG Wireless Solutions, and others acting on behalf of Intel Corporation.

## TOPICS FOR EXAMINATION

1) Samsung's participation in 3GPP RAN Working Group 1 ("WG1").

    a) Correspondence between Samsung employees and members of WG1.

2) Samsung's policies, procedures, and objectives related to 3GPP meetings, including its attendance at WG1 meetings, Samsung's records of WG1 meetings its employees and representatives attended, the purpose of such records, how the records were used, and the authors and recipients of such records.

3) Samsung's obligations for participation at 3GPP under the ETSI Intellectual Property Rights ("IPR") Policy and/or IPR policies or requirements imposed by 3GPP.

    a) All steps taken by Samsung to comply with the obligations described in Topic 3.

4) The "Call for IPR" given at the beginning of every 3GPP meeting, including Samsung's understanding of its obligations and the obligations of its employees and representatives under that policy.

5) Samsung's evaluation of 3GPP submissions by other companies, including how Samsung decided whether to support or oppose proposals.

6) The Global Standards and Research Team, including the unit's purpose, objectives, organization, procedures, policies, and activities (*see, e.g.*, S-ITC-000060693-0000837).

7) The Samsung "patent team," as referred to by Samsung engineers during their depositions, the unit's membership, purpose, objectives, organization, procedures, policies, operations, and activities (*see, e.g.*, Changsoo Park Dep. Tr., Dec. 2, 2011 at 105:17-106:9, Min-Goo Kim Dep. Tr. (rough), Dec. 3, 2011 at 99:23-100:8, 101:2-7).

8) Samsung's policies and practices related to compensating its employees for the filing of patent applications, the issuance of patents, and the declaration of patents as essential to the UMTS standard.

9) All Patent applications filed by Samsung between 2004 and 2010 relating to the encoding or decoding of information on the Enhanced Uplink Absolute Grant Channel (E-AGCH), including applications disclosing a number of control information bits other than 6.

10) All patent applications filed by Samsung between 1998 and 2004 relating to the encoding of a Transport Format Combination Indicator, including applications disclosing the use of a Second Order Reed Muller code other than 32,10.

11) The meaning of the term "mouse" as used in Samsung documents (*see, e.g.*, S-794-ITC-005513045).

12) Samsung's policies, procedures, and activities related to the prosecution of patents related to UMTS standards, including 3GPP, both in the United States and internationally. This includes, but is not limited to:
    a) The identities and contact information for all individuals involved in every stage of prosecution of patents related to UMTS standards, including 3GPP, in the United States and internationally, whether employed by Samsung or not.
    b) The policies and procedures followed by Samsung employees to obtain patents related to UMTS standards, including 3GPP, together with all steps completed by Samsung employees prior to in-house or outside counsel beginning the prosecution process, the steps completed by in-house counsel during the prosecution process, and the steps completed by outside counsel during the prosecution process.

13) Samsung's policies, procedures, and activities related to seeking patents on technology proposed for standardization at 3GPP meetings.

14) Samsung's policies, procedures, and activities related to the decision to declare a patent as "essential" to any UMTS standard including 3GPP.

15) Samsung's policies, procedures, and activities related to the disclosure of intellectual property to 3GPP and/or ETSI including:
    a) licensing of the asserted patents on FRAND terms;
    b) prior statements by Samsung concerning FRAND licensing;
    c) the definition of a FRAND royalty and how such a royalty is calculated

16) The facts, circumstances, and timing considerations concerning Samsung's decision to declare, or not declare, the '644 and '348 patents to be essential to the UMTS standard.

17) Samsung's policies, procedures, and activities relating to collaboration with other companies in making joint presentations to 3GPP, especially between 2004 and 2006.

*In the Matter of* **CERTAIN ELECTRONIC DEVICES, INCLUDING WIRELESS COMMUNICATION DEVICES, PORTABLE MUSIC AND DATA PROCESSING DEVICES, AND TABLET COMPUTERS**

**Inv. No. 337-TA-794**

*U.S. International Trade Commission; Before the Honorable E. James Gildea*

**CERTIFICATE OF SERVICE**

I, Timothy A. Tatarka, herby certify that copies of the foregoing **APPLE INC.'S THIRD NOTICE OF DEPOSITION TO COMPLAINANTS SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG TELECOMMUNICATIONS AMERICA, LLC** were served upon the following parties as indicated below on this 26th day of January, 2012.

| | | |
|---|---|---|
| The Honorable James R. Holbein<br>Secretary<br>U.S. International Trade Commission<br>500 E Street, S.W., Room 112<br>Washington, D.C. 20436 | [ ]<br><br>[ ]<br>[ ] | Via Hand Delivery<br>(Original + 6 Copies)<br>Via Electronic Filing (EDIS)<br>Via Overnight Delivery |
| The Honorable E. James Gildea<br>Administrative Law Judge<br>U.S. International Trade Commission<br>500 E Street, S.W., Room 317-E<br>Washington, D.C. 20436 | [ ]<br>[ ]<br>[ ]<br>[ ] | Via Hand Delivery (2 Copies)<br>Via Overnight Delivery<br>Via Facsimile<br>Via Electronic Mail |
| Reginald Lucas<br>Office of Unfair Import Investigations<br>U.S. International Trade Commission<br>500 E Street S.W., Room 401<br>Washington, DC 20436 | [ ]<br>[ ]<br>[ ]<br>[X] | Via Hand Delivery (1 Copy)<br>Via Overnight Delivery<br>Via Facsimile<br>Via Electronic Mail<br>Reginald.Lucas@usitc.gov |

| | |
|---|---|
| Charles K. Verhoeven<br>Quinn Emanuel Urquhart & Sullivan LLP<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br>Telephone: 415-875-6600<br><br>Kevin P.B. Johnson<br>Victoria Maroulis<br>Quinn Emanuel Urquhart & Sullivan LLP<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, California 94065<br>Telephone: 650-801-5066<br><br>William Price<br>Quinn Emanuel Urquhart & Sullivan LLP<br>865 S. Figueroa St., 10th Floor<br>Los Angeles, California 90017<br>Telephone: 213-443-3000<br><br>Charles F. Schill<br>Jamie B. Beaber<br>Steptoe & Johnson LLP<br>1330 Connecticut Avenue, NW<br>Washington, DC 20036<br>Telephone: 202-429-8162 | [ ]  Via Hand Delivery (1 Copy)<br>[X]  Via Overnight Delivery<br>[ ]  Via Facsimile<br>[X]  Via Electronic Mail<br>      SamsungITC@quinnemanuel.com<br>      S&JSamsung794@steptoe.com |

 

                                                                        /s/   Timothy A. Tatarka<br>
                                                                          Timothy A. Tatarka