# EXHIBIT 5

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>                           Plaintiff,<br>     v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>                           Defendants. | Case No.11-cv-01846-LHK<br><br>**REBUTTAL EXPERT REPORT OF TERRY L. MUSIKA, CPA** |

**SUBJECT TO PROTECTIVE ORDER**

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

**TABLE OF CONTENTS**

| | | |
|---|---|---:|
| A. | QUALIFICATIONS | 1 |
| B. | ASSIGNMENT | 1 |
| C. | DATA AND OTHER INFORMATION CONSIDERED | 2 |
| D. | SAMSUNG'S FEATURE PATENTS | 2 |
| E. | APPLE INC. | 4 |
| F. | SAMSUNG | 5 |
| G. | INDUSTRY AND MARKET | 5 |
| H. | ASSUMPTIONS | 5 |
| I. | SUMMARY OF CONCLUSIONS AND OPINIONS | 5 |
| J. | DETAILED OPINIONS CONCERNING DR. O'BRIEN'S ANALYSIS AND CONCLUSIONS | 5 |
| K. | POSSIBLE REVISIONS TO THIS REPORT | 23 |
| L. | EXHIBITS | 24 |
| M. | PROFESSIONAL ARRANGEMENT | 24 |

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1  over $9.5 billion in revenue for Apple including over $3.8 billion of revenue for the fourth generation.[14]

### F. SAMSUNG

20. My description of Samsung as set forth in my Original Expert Report remains unchanged.

21. Throughout my report Samsung Electronics Co., Ltd. ("SEC"), Samsung Electronics America, Inc. ("SEA"), and Samsung Telecommunications America, LLC ("STA") will be referred to collectively as Samsung.

### G. INDUSTRY AND MARKET

22. My description of the Industry and Market as set forth in my Original Expert Report remains unchanged.

### H. ASSUMPTIONS

23. Although I understand that Apple disputes the validity of the Samsung Feature Patents In Suit and infringement thereof, I have been asked to assume that each of the Samsung Feature Patents In Suit is enforceable and not invalid in reviewing and considering the opinions of Dr. O'Brien.

### I. SUMMARY OF CONCLUSIONS AND OPINIONS

24. Based on my review and analysis of the Expert Report of Vincent E. O'Brien, I have concluded that Dr. O'Brien's reasonable royalty rates, royalty base, and paid-up royalty for the Samsung Feature Patents In Suit as set forth in "Table 6: Royalty Rates," "Table 8: Total Royalty Base (Units)," and paragraph 68 of Dr. O'Brien's report are speculative because they lack adequate credible support and are fatally flawed due to the mathematical and conceptual errors described below.

[14] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**



2

2

### Dr. O'Brien's Use of a $0.99 App as a Proxy is Unsupported, Speculative and Directly Contradicted by Existing Financial Facts

28. Dr. O'Brien concludes that Apple's sale of a $0.99 application is equivalent to the rate Apple should pay to Samsung for four of the Samsung Feature Patents In Suit that he refers to as "Feature Patents." Although he provides no supporting economic analysis for this conclusion, he explains his conclusion as follows. "The technologies protected by the Feature Patents can all generally be described as enabling features that enhance the consumer experience. As such, they are consistent with Apple's strategy of attempting to provide the best user experience and making something 'really great.' While these features are embedded in the Apple devices, they are similar to applications purchased by consumers from Apple's iTunes Store and their economic value can be gauged by examining the amount consumers pay to purchase similar functionality. Examples of iTunes applications that

---

[15] Order Denying Samsung's Motion to Amend Invalidity Contentions; Order Denying Samsung's Motion to Amend Infringement Contentions, dated 3/27/12, pp. 11-12.

[16] ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

11  Dr. O'Brien has Mistakenly Reversed the Percent of Application Developer Revenue that is Paid to
12  Developers in the Real World

13  35.  Providing Samsung 30 percent of the royalty as the developer is the direct opposite of the application
14       arrangement Dr. O'Brien claims to be using as his model. Apple pays the developer 70 percent not 30
15       percent and keeps 30 percent.[26] Dr. O'Brien's illogical reversal of the 30/70 revenue split is yet
16       another conceptual error in his analysis.

17  Dr. O'Brien's Usage Factor Lacks Adequate Support and is Therefore Speculative

18  36.  I understand, based on my discussion with Peter Rossi, that there is inadequate support for Dr.
19       O'Brien's use of the "Percent of Customers Using the Feature Patent Technologies" identified in his
20       Table 4. Dr. Rossi informed me that in his opinion there are multiple flaws in this data including an
21       improper survey construction.

22  Dr. O'Brien Inexplicably Varies the Rate Based on Percent of Consumers Using the Technologies
23  Related to the Samsung Feature Patents In Suit

24  37.  Dr. O'Brien's reasonable royalty rate for the four Samsung Feature Patents In Suit which is applied to
25       all three Apple accused products (iPhone, iPad, and iPod) starts with the same $0.99 rate. The royalty

---

[24] Goetz, Geoffrey, "The Average iOS App Publisher Isn't Making Much Money," April 21, 2011 (http://gigaom.com/apple/the-average-ios-app-publisher-isnt-making-much-money/).
[25] Expert Report of Vincent E. O'Brien, March 22, 2012, p. 22.
[26] Deposition of Mark Buckley, February 23, 2012, p. 161.

REBUTTAL EXPERT REPORT OF TERRY L. MUSIKA, CPA
Case No. 11-cv-01846-LHK                                                                              9

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

rates for each of the patents or the rates for a particular accused product within a single patent vary solely based on the percent of consumers that allegedly use the featured technology. This rate variation based solely on percent of consumer use is illogical and has no economic foundation. According to Dr. O'Brien, the '460 Patent is of less value to an iPod consumer than either an iPad or iPhone consumer.[27] Further, on Table 4 of his report, Dr. O'Brien lists the third most valuable Patent as the '055 Patent for iPhones. The table shows 63 percent usage by iPhone users for the '055 Patent which is the third highest percentage out of eleven presented and is within three percent of the most highly used patent.

---

[27] Expert Report of Vincent E. O'Brien, March 22, 2012, p. 17, Table 5.

REBUTTAL EXPERT REPORT OF TERRY L. MUSIKA, CPA
Case No. 11-cv-01846-LHK

10

**L. EXHIBITS**

72. **Exhibits 4 through 10** are attached to this report and support my analyses and opinions in this matter.

**M. PROFESSIONAL ARRANGEMENT**

73. My work for expert services provided in this matter is charged at a standard billing rate of $550 per hour and is in no way contingent on the outcome of this matter. In addition, I will be reimbursed for all reasonable out-of-pocket expenses incurred in connection with my analyses and testimony in this case.

April 16, 2012                                              Terry L. Musika, CPA