# EXHIBIT 6

SUBJECT TO PROTECTIVE ORDER – CONTAINS HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY INFORMATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity, SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, a California corporation, <br><br> Counterclaim-Plaintiff,, <br><br> v. <br><br> APPLE INC., a California corporation, <br><br> Counterclaim-Defendants. | Case No. 11-cv-01846 (LHK) |

**OPENING REPORT OF DR. EDWARD W. KNIGHTLY REGARDING U.S. PATENT NO. 7,675,941**

vs. last segments, as is done in 'admitted prior art' of the '941 patent (see 3:15-30, for an example of "predefined LIs, including one that indicates a first byte"). Likewise, in at least some of the references discussed below, length indicator fields are repurposed to indicate first, intermediate, and last segments.

56. It was also generally known by persons of ordinary skill in the art prior to the '941 patent that header fields can serve multiple purposes. Using Petersen as an example, the length indicator field can also serve as a sequence number counter; or in the Agarwal reference, a segmentation field can also be a counter.

### 4. Variable-length indication of four cases

57. While the four cases of segmentation, first, intermediate, and last PDUs can be indicated via two bits, different numbers of bits can be used in different cases, potentially saving header space in some cases while sacrificing header space in others. For example, the '941 patent uses one bit for segmentation and seven LI bits for each of the remaining 3 cases. The '658 patent (Agarwal) uses 1 bit for the first case and two for the remaining cases (first, F, and last, L, bits). In contrast, the Nishihara patent uses 2 bits for all 4 cases.

58. The table below compares how these four cases are distinguished in various prior art references.

| reference | '941 | Agarwal | Fengqi | Nishihara | Petersen |
|---|---|---|---|---|---|
| no segmentation code | 0 | 0 | 0 | 00 | actual length |
| first segment code | 1111 100 | 1 10 | LI | 01 | 48-55 |
| intermediate segment code | 1111 110 | 1 00 | LI | 10 | 56-63 |
| last segment code | LI | 1 01 (and total length) | LI | 11 | actual length |
| notes | latter 3 codes encoded in the LI field | information encoded in the least significant SAR bit and | LI enables the receiver to infer positioning | encoded in the "Frame Mode" field | encoded in LI; different modes have variations on which fields and values encode which |

19

alleged secondary considerations do not affect my conclusion that the claims of this patent are obvious in light of the prior art I have discussed.

122.    I understand that Samsung will be submitting a report on infringement on the same time that this report is due.  If this feature is not being used by the carriers, such a fact would suggest that there were not substantial or unexpected benefits as is generally asserted.

**VIII.   Alternative Techniques Were Available At The Time Of Alleged Invention**

123.    I understand that Samsung asserts that the claims cover the Alternative E-bit feature in TS 25.331, Section 9.2.2.5.  Regardless of whether this is true, I believe there would have been alternatives to using the Alternative E-bit.

124.    The Alternative E-bit is optional, and its use is at the option of the network/carrier.  Thus one alternative would be to not use the Alternative E-bit.  This would reduce complexity by not requiring the network or the handset to switch between the "normal" interpretation and the "alternative" interpretation of the first E-bit..

**IX.    Trial Exhibits**

125.    If called as a witness at trial, I may rely on visual aids and demonstrative exhibits that demonstrate the bases of my opinions.  Examples of these visual aids and demonstrative exhibits may include, for example, claim charts, patent drawings, excerpts from patent specifications, file histories, interrogatory responses, deposition testimony and deposition exhibits, as well as charts, diagrams, videos and animated or computer-generated video.

126.    Other than as referred to in this report, I have not yet prepared any exhibits for use at trial as a summary or support for the opinions expressed in this report, but I expect to do so in accordance with the Court's scheduling orders.

**SUBJECT TO PROTECTIVE ORDER – CONTAINS HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY INFORMATION**

## XII. Supplementation of Opinions

129. I reserve the right to adjust or supplement my analysis in light of any critique of or comments on my report or alternative opinions advanced by or on behalf of Samsung.

*[signature]*

March 22, 2012                                                             Edward W. Knightly, PhD