Exhibit 13

Apple v. Samsung
Confidential – Attorneys' Eyes Only

1
2
3
4
5
6
7

8   UNITED STATES DISTRICT COURT

9   NORTHERN DISTRICT OF CALIFORNIA

10   SAN JOSE DIVISION

11

12  APPLE INC., a California corporation,    Case No.   11-cv-01846-LHK

13               Plaintiff,                  **REBUTTAL EXPERT REPORT OF DR. KARAN SINGH, PH.D. REGARDING VALIDITY OF U.S. PATENTS NOS. 7,864,163, 7,844,915 AND 7,853,891**

14       v.

15  SAMSUNG ELECTRONICS CO., LTD., A Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,

16
17
18
19               Defendants.

20

21  **\*\*CONFIDENTIAL – CONTAINS MATERIAL DESIGNATED AS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY PURSUANT TO A PROTECTIVE ORDER\*\***

22
23
24
25
26
27
28

**12.    Claims 8-14.**

217.    Claims 8-14 are apparatus claims that are similar to the methods in claims 1-7. Mr. Gray fails to raise any new invalidity arguments for claims 8-14. In my opinion, each of these claims is valid for the reasons explained in claims 1-7 above.

**13.    Claims 15-21.**

218.    Claims 15-21 are apparatus claims that are similar to the methods in claims 1-7. Mr. Gray fails to raise any new invalidity arguments for claims 15-21. In my opinion, each of these claims is valid for the reasons explained in claims 1-7 above.

**D.    The Asserted Claims of the '915 Patent Are Not Anticipated by Jefferson Han's System.**

219.    In my opinion, the '915 patent is not anticipated or rendered obvious by Jefferson Han's system.

220.    I further note that Jefferson Han's system appears to post-date the '915 invention. For example, Mr. Gray's report only alleges that Han's system was introduced in 2005 but fails to be more specific   Additionally, Mr. Gray relies on at least one reference, Jefferson Y. Han "*Multi-touch interaction wall*" that is from 2006. In my opinion, these references are not prior art because they post-date the invention, which was conceived in the summer and fall of 2005, as I explained in my Report Regarding Infringement. Nevertheless, I will analyze these references below as if they were prior art.

**1.    Claim 1: "receiving a user input, the user input is one or more input points applied to the touch-sensitive display that is integrated with the device"**

221.    The Han system does not have a "touch-sensitive display that is integrated with the device." As Jefferson Han testified at his deposition, each of the components of the Han system were essentially peripherals and were not "integrated with the device":

16 BY MR. KREEGER:

17 Q Mr. Han, earlier today you were discussing

18 the system you put together and demonstrated on the

19 demo reel and at the TED Conference, and you

| | |
|---|---|
| 1 | 20 described the system as having several components – 03:19:56 |
| 2 | 21 A That's right. |
| 3 | 22 Q – a display, a camera, the LEDs, the |
| 4 | 23 computer. Were all those components integrated in a |
| 5 | 24 single device? |
| 6 | . . . |
| 7 | 1 THE WITNESS: What is a single device? 03:20:10 |
| 8 | 2 BY MR. KREEGER: |
| 9 | 3 Q Well, were all the components integrated |
| 10 | 4 into one housing? |
| 11 | . . . |
| 12 | 6 THE WITNESS: I would not characterize it |
| 13 | 7 that way. |
| 14 | 8 BY MR. KREEGER: |
| 15 | 9 Q Why not? |
| 16 | 10 A Because the system was set up very much 03:20:31 |
| 17 | 11 like a – a display is a peripheral, a sensor is a |
| 18 | 12 peripheral, all wired by cables to a CPU box. It |
| 19 | 13 was quite – it was – it's about as integrated as |
| 20 | 14 you would say a mouse is integrated with a desktop |
| 21 | 15 monitor is integrated with a display – I mean, with 03:20:59 |
| 22 | 16 a computer. |

(Gray Report Ex. Y (Han Depo.) at 218:16-219:16.)  Thus, the Han system does not meet this limitation.

**2.     Claim 1: "creating an event object in response to the user input;"**

222.   Han fails to discloses "creating an event object in response to the user input." In particular, Mr. Gray cites to deposition testimony showing that, according to Mr. Han,

commercially successful and have garnered widespread praise for their elegant and user-friendly interfaces.

### E. The Asserted Claims of the '891 Patent are Not Invalid as Indefinite Under 35 U.S.C. § 112 ¶ 6

310. I disagree with Dr. Darrell's opinion that claims 51-52, 55-56, 64-71, and 73-74 are indefinite because the specification of the '891 patent lacks corresponding structure to adequately identify the scope of these claims.

311. It is my opinion that there is sufficient disclosure of structure in the '891 patent specification for performing the functionality claimed in these means-plus-function claims. I have identified the physical components (such as hardware) and the algorithmic components (such as flow diagrams) of structure in the '891 patent specification associated with each element of claims 51-52, 55-56, 64-71, and 73-74 in my Expert Report Regarding Infringement. (See Expert Report of Karan Singh, Ph.D. Regarding Infringement of U.S. Patents Nos. 7,864,163, 7,844,915 and 7,853,891 at 154-165.) The relevant disclosed structure includes at least the text at 2:42-3:14, 3:45-50, 4:28-5:31, 5:54-6:8, 6:21-40, 7:7-50, and 8:4-9:63 and Figures 1, and 7-21. This structure is, in my opinion, sufficient to render claims 51-52, 55-56, 64-71, and 73-74 definite, and therefore not invalid under 35 U.S.C. § 112 ¶ 6.

Dated: April 16, 2012

_____
/s/ Karan Singh