Exhibit 14

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK |

**EXPERT REPORT OF STEPHEN GRAY
REGARDING INVALIDITY OF U.S. PATENT NOS. 7,844,915 AND 7,864,163**

16. The apparatus as in claim 15, further comprising: means for rubberbanding a scrolling region displayed within the window by a predetermined maximum displacement when the scrolling region exceeds a window edge based on the scroll.

17. The apparatus as in claim 15, further comprising: means for attaching scroll indicators to a content edge of the window.

18. The apparatus as in claim 15, further comprising: means for attaching scroll indicators to the window edge.

19. The apparatus as in claim 15, wherein determining whether the event object invokes a scroll or gesture operation is based on receiving a drag user input for a certain time period.

20. The apparatus as in claim 15, further comprising: means for responding to at least one gesture call, if issued, by rotating a view associated with the event object based on receiving a plurality of input points in the form of user input.

21. The apparatus as in claim 15, wherein the apparatus is one of: a data processing device, a portable device, a portable data processing device, a multi touch device, a multi touch portable device, a wireless device, and a cell phone.

129.   For ease of explanation, I describe elements of the asserted claims below.  This discussion is not meant to be exhaustive, and my full element-by-element analysis is provided in subsequent sections of this report and in Appendices 3-6.

### (a)   Touch-sensitive display (Claims 1[a], 8[a], 15[a])

130.   All of the asserted claims require receiving user input "on a touch-sensitive display," and further specify that "the user input is one or more input points applied to the [or "a"] touch-sensitive display."  As discussed in Section III.B.1.a, multi-touch display technology was well known by persons of ordinary skill in the art in 2007.

### (b)   Events and event objects (Claims 1[b], 8[b], 15[b])

131.   When an input event occurs in a computing system, data relating to the event is captured that represents that event.  This data is later used by the system to respond to or otherwise handle the event. As described in Section III.B.1.b, this was well known in 2007, and was in standard practice in every user interface I am aware of.

-40-

421. Just as the term "substantially centered" fails to reasonably apprise a person of ordinary skill as to the scope of claim 2, so too does the term "substantially the same" fail to reasonably apprise a person of ordinary skill as to the scope of claim 18.

   (c) **Means-plus-function Claim (Claim 50 and 52)**

422. It is my opinion that the specification of the '163 Patent lacks corresponding structure to adequately identify the scope of claims 50 and 52 with the requisite specificity.

423. I have reviewed Apple's P.L.R 4-2 disclosures in this case, and I am aware that Apple's position on the means-plus-function elements is that they are limited to "one or more special or general purpose processors programmed with special-purpose software to execute an algorithm."

424. It is my opinion that one of ordinary skill in the art would not understand this proposed construction to disclose a structure. Apple has not identified the particular algorithm used to perform the claimed functions, one of ordinary skill in the art could identify the corresponding algorithms from reading the Patent specification. It is my opinion that claims 50 and 52 are therefore invalid for indefiniteness.

**V. CONCLUSION**

For the foregoing reasons, it is my opinion that every asserted claim in both the '915 Patent and the '163 Patent are invalid.

Dated: March 22, 2012

By _____
Stephen Gray