Exhibit 15

**From:** Diane Hutnyan <dianehutnyan@quinnemanuel.com>
**Sent:** Thursday, August 16, 2012 1:11 AM
**To:** Diane Hutnyan; Hung, Richard S. J.
**Cc:** AppleMoFo; Samsung v. Apple; 'WH Apple Samsung NDCal Service'
**Subject:** RE: HPOs for 8/15

Counsel,

Your HPO to exhibit PX2267 for Dr. Kare demonstrates that Apple is acting in bad faith with respect to its exhibit disclosures.  First, PX2267 was an exhibit disclosed for Dr. Kare *by Apple*, and although Samsung believed that it was objectionable for numerous reasons, Samsung included it on its own cross disclosures in an abundance of caution in case it needed to cross Dr. Kare on an exhibit that Apple used during its direct examination.  Apple's HPO further demonstrates that Apple lacks any basis for disclosing nine of the exhibits it disclosed for Dr. Kare's direct exam.  PX35, 41, 44, 55, 178, 179, 185, 194, and 2267 are all documents that Apple intends to rely on to prove "Samsung's copying," yet Apple's HPO admits that "Dr. Kare did not opine on Samsung's copying in her rebuttal expert report."

Please confirm immediately that Apple will withdraw all of the above exhibits from Dr. Kare's direct disclosures or Samsung will raise the issue of Apple's bad faith disclosures with the Court in its HPOs and responses in the morning.

In addition, Samsung adds the following to its cross disclosures for Stringer:
- 11/4/11 Deposition (NDCA) of Douglas Satzger
- 2/9/12 Deposition (ITC) of Douglas Satzger
- 2/22/12 Deposition (NDCA) of Douglas Satzger

We are also dropping the 10/25/11 Deposition of Quin Hoellwarth from our Bressler cross disclosures which moots your objection to it.  Please confirm.  Thanks.

---

**From:** Diane Hutnyan
**Sent:** Thursday, August 16, 2012 12:42 AM
**To:** Diane Hutnyan; 'Hung, Richard S. J.'
**Cc:** 'AppleMoFo'; Samsung v. Apple; 'WH Apple Samsung NDCal Service'
**Subject:** RE: HPOs for 8/15

To clarify my last email, Samsung understands that Apple has unilaterally withdrawn its deposition designations of MH Lee and substituted deposition designations for WP Hong.  Accordingly, Samsung has no HPOs regarding MH Lee.

---

**From:** Diane Hutnyan
**Sent:** Thursday, August 16, 2012 12:34 AM
**To:** Diane Hutnyan; 'Hung, Richard S. J.'
**Cc:** 'AppleMoFo'; Samsung v. Apple; 'WH Apple Samsung NDCal Service'
**Subject:** RE: HPOs for 8/15

In light of Apple's objection, we agree to drop DX613 for both Kim and Knightly.  In addition, we have a change to two HPOs, below.

**From:** Diane Hutnyan
**Sent:** Thursday, August 16, 2012 12:01 AM
**To:** 'Hung, Richard S. J.'
**Cc:** 'AppleMoFo'; Samsung v. Apple; 'WH Apple Samsung NDCal Service'
**Subject:** HPOs for 8/15

**Yang**
- No HPOs.

**Williams**
- No HPOs.

**Teece**
- FRCP 32. Deposition testimony used for improper impeachment purposes.

**Ahn**
- PX81 lacks foundation as evidenced by the related Ahn testimony that Apple has designated.
- 98:10; 100:24-25; 101:7-8 contains testimony that is misleading; any probative value is substantially outweighed by the danger of undue prejudice and misleading the jury under FRE 403.

**Donaldson**
PX78
- FRE 702; Donaldson's opinion on Intel matters is limited to the customary industry understanding of contract terms—does not extend to interpreting invoices

PX82
- FRE 403; 408.

**Hyoung Kim**
- No HPOs.

**Knightly**
- PX189 is inadmissible hearsay and the witness lacks personal knowledge. (FRE 602)

**Jun Won Lee**
- 114:13-20, 22-24 contains testimony that is speculative; lacks foundation and is misleading; any probative value is substantially outweighed by the danger of undue prejudice and misleading the jury under FRE 403.
- 112:11-20, 22 contains testimony that is misleading; any probative value is substantially outweighed by the danger of undue prejudice and misleading the jury under FRE 403

**Musika**
- PDX39.3.  FRE 402, 403.

**Ordover**
PDX44.6
- Untimely; Agarwal prior art not disclosed as alternative in Ordover or Knightly reports
- 702; Ordover does not have technical expertise to opine on comparable technologies

PDX44.7
- Untimely; "leave out" not disclosed as alternative in Ordover or Kim reports
- 702; Ordover does not have technical expertise to opine on comparable technologies

**Rosenbrock**

- 79:19-21; 79:24-80:7 any probative value is substantially outweighed by the danger of undue prejudice and misleading the jury under FRE 403; testimony inconsistent with FRCP 32(a).
- 84:22-24 contains legal conclusions; any probative value is substantially outweighed by the danger of undue prejudice and misleading the jury under FRE 403.

**Rossi**
- PDX37.6.  FRE 402, 403.

**Teksler**
- PX79 contains hearsay including quotes from or paraphrases of articles and foreign decisions; any probative value is substantially outweighed by the danger of undue prejudice and misleading the jury under FRE 403.

**Walker**
- PDX45.6 lacks foundation; it is also misleading, incorrect and incomplete and any probative value is substantially outweighed by the danger of undue prejudice and misleading the jury under FRE 403.
- Did not disclose in expert report or deposition that Dr. Walker would opine on deposition testimony of KH Rosenbrock; any probative value of Rosenbrock's testimony is substantially outweighed by the danger of undue prejudice and misleading the jury under FRE 403; testimony inconsistent with FRCP 32(a).

**Balakrishnan**
- PX 63: Lack of foundation; outside the scope – not discussed in Dr. Balakrishnan's expert report or deposition.
- PX 210: Inaccurate and prejudicial depiction of DiamondTouch, needlessly cumulative to the physical exhibit. FRE 403.

**Bressler**
- PDX26.89 & PDX26.93— FRE 403/Hearsay —The characterization of the patent, which is identical on these slides, is hearsay from Mr. Bressler's rebuttal report.  This is not disclosed in the patent and it is misleading to present it to the jury as such.
- PDX26.99 — Untimely disclosed/ Not on exhibit list — This patent was not timely disclosed to Samsung and is therefore stricken by Judge Grewal's order (Dkt 1144).  It is also not on Apple's exhibit list.

**Kare**
- PDX14A.47-52 – Not relevant to any asserted claim remaining in case; FRE 403
- PX185 – Not relevant to UX design; not timely disclosed in response to Samsung's interrogatories

**Singh**
- DX546: Not cited by Dr. Singh in expert reports or discussed at deposition, thereby unfairly prejudicing Samsung. FRE 102 and 403.
- PDX29.7-11, -15, -17, -19: Dr. Singh has not previously opined whether the Han of MultiTouch systems are "integrated with the data processing system" and should not now be permitted to opine on this claim limitation. FRE 702, 703.

**Stringer**
- PX2319 – This exhibit is not a proper rebuttal exhibit and was not disclosed on Apple's exhibit list of 200 exhibit.  The exhibit also was not disclosed in response to Rog 68.

**Agnetta**
- Apple did not include Bryan Agnetta on its witness list or deposition designation list.

**Won Pyo Hong**
- Untimely disclosure – Samsung objects to Apple's untimely disclosure of Mr. Hong and its designation of his deposition testimony.

3

**Yeo**
- 67:25-68:2; 68:5: Lacks foundation; improper opinion testimony.

**MinHyouk Lee**
- No HPOs.