UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., <br><br>    Plaintiff, <br>    v. <br><br>SAMSUNG ELECTRONICS CO., LTD, a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, <br><br>    Defendants. | Case No.: C 11-1846 LHK (PSG) <br><br>**ORDER DENYING SAMSUNG'S MOTION FOR AN ADVERSE INFERENCE JURY INSTRUCTION** <br><br>**(Re: Docket No. 1388)** |

Before this case the undersigned thought the proposition unremarkable that courts set schedules and parties follow them. This basic division reflects a division not of power, but responsibility, for in setting schedules courts are responsible not only to the parties in one case but to parties in all cases. And the undeniable fact is that because they allow the court to allocate time and other resources in an orderly fashion, schedules and their deadlines in one case can and do impact those in every other case on a judge's docket.

But in so many ways this case has challenged the remarkable and the unremarkable alike. And so papers are filed hours before hearings rather than the days provided by local rule. Hearings themselves are presented on shortened rather than standard time, at least six times before the undersigned alone. Now the court is presented with a motion for an adverse jury instruction based

1

United States District Court
For the Northern District of California

on facts known to the moving party months and months ago in the middle of trial. And the justification for this latest demand outside of any rationale notion of compliance with the schedule of this case? The fact that a timely motion brought by the other side yielded an instruction that could harm the moving party's chances with the jury, and "fairness" somehow demands a similar instruction as to both parties.

Except that it doesn't. There is nothing at all unfair about denying relief to one party but not the other when the one but not the other springs into action long after any rational person would say it could have done so. The court has bent itself into a pretzel accommodating the scheduling challenges of this case. But at some point the accommodation must end, lest the hundreds of other parties in civil rights, Social Security, and other cases also presently before the undersigned and presiding judge might reasonably ask:  what makes the parties in this patent case so special? We are at that point in this case, and perhaps beyond. And so as a matter alone of this court's well-recognized discretion to hold parties to a schedule and insist upon requests that are timely, Samsung's motion is DENIED.

**IT IS SO ORDERED.**

Dated: August 16, 2012

_____/s/_____
PAUL S. GREWAL
United States Magistrate Judge

2

Case No.: 11-1846 LHK (PSG)
**ORDER DENYING SAMSUNG'S MOTION FOR AN ADVERSE INFERENCE JURY INSTRUCTION**