QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendant. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S OPPOSITION TO APPLE'S MOTION FOR JUDGMENT AS A MATTER OF LAW** |

"[A]ll findings of fact and conclusions of law at the preliminary injunction stage are subject to change upon the ultimate trial on the merits." *Jack Guttman, Inc. v. Kopykake Enterprises, Inc.*, 302 F.3d 1352, 1361 (Fed. Cir. 2002). In this case, the Federal Circuit itself made explicit that its decision was based on the limited evidentiary record at the preliminary injunction stage. Now that the record has been more fully developed, Samsung is entitled to have the jury to apply "the ordinary observer test" to resolve its obviousness defense, *Int'l Seaway Trading Corp. v. Walgreens Corp.*, 589 F.3d 1233, 1243-44 (Fed. Cir. 2009), particularly given this Court's ruling that the ordinary observer test is an issue of fact. *See* Dkt. 1159 at 37.

In considering evidence not available at the preliminary injunction stage and weighing the credibility of the testimony and other evidence presented, the jury may properly reach conclusions contrary to earlier judicial determinations at the preliminary injunction stage. For example, in *Hupp v. Siroflex of America, Inc.,* 122 F.3d 1456 (Fed. Cir. 1997), the Federal Circuit affirmed the district court's entry of judgment of non-infringement in favor of the defendant, despite the fact that the district court had granted the plaintiff a preliminary injunction. Likewise, in *Gold Seal Importers, Inc. v. Morris White Fashions, Inc.*, 124 F.2d 141 (2d Cir. 1941), the court initially held on a preliminary injunction motion that a design patent for a handbag valid and infringed upon. After hearing fuller evidence, however, the court held that the patented design was obvious in light of the prior art, and the Second Circuit affirmed.

Samsung also has constitutional right to have the facts, including its defense of obviousness, heard and determined by a jury, notwithstanding any findings by a court on the same issue. *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 471-73, 82 S. Ct. 894, 896-97 (1962) ("The holding in *Beacon Theatres* was that where both legal and equitable issues are presented in a single case, 'only under the most imperative circumstances, circumstances which in view of the flexible procedures of the Federal Rules we cannot now anticipate, can the right to a jury trial of legal issues be lost through prior determination of equitable claims.'"); *Bowers v. City of Philadelphia,* 2008 WL 5234357 (E.D. Pa. Dec. 12, 2008) ("The preliminary injunction findings that we made in this case must not abridge the City's Seventh Amendment right to a 'jury trial on

1   the legal claim, including all issues common to both claims.'") (quoting *Lytle v. Household Mfg.,*
2   *Inc.*, 494 U.S. 545, 547 (1990)).

3       Finally, Apple's request is beyond untimely and would unduly prejudice Samsung.  Apple
4   never moved *in limine* prior to trial to exclude evidence of the Fidler Tablet[1] or the Compaq TC
5   1000; never moved to exclude these exhibits once trial began; and did not even use an HPO to
6   preclude Samsung's use of these exhibits in its examination of Mr. Sherman.  Although Apple
7   raised other objections to Samsung's disclosure of Compaq TC 1000 and the Fidler Tablet, *see*
8   Dkt. 1707 (objecting to images of the Fidler Tablet under FRE 802 and 804), Apple did not argue
9   that the Federal Circuit's opinion precludes Samsung from having the jury consider these
10  references.  Excluding the Compaq TC1000 and Fidler Tablet reference now, after Samsung has
11  used valuable and limited trial time introducing and explaining the significance of these
12  references, would be prejudicial in the extreme.

14  DATED: August 16, 2012        QUINN EMANUEL URQUHART &
15                                      SULLIVAN, LLP

17                            By */s/ Victoria F. Maroulis*
18                              Victoria F. Maroulis
                            Attorneys for Defendant
19                              SAMSUNG ELECTRONICS CO., LTD.,
                            SAMSUNG ELECTRONICS AMERICA, INC.
                            and SAMSUNG TELECOMMUNICATIONS
20                              AMERICA, LLC

---

[1] The jury will also make its ultimate decision with access to a physical replica of the 1994 Fidler tablet (JX 1078), which Samsung intends to move into evidence through Mr. Bressler, who commissioned it to be made and can lay foundation for it as an accurate facsimile.