UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California corporation,<br><br>       Plaintiff and Counterdefendant,<br>   v.<br><br>SAMSUNG ELECTRONICS CO., LTD., A Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>       Defendants and Counterclaimants. | Case No.: 11-CV-01846-LHK<br><br>ORDER RE: PARTIES' MOTIONS PURSUANT TO RULE 50; ORDER RE: APPLE'S MOTION TO STRIKE |

At the close of Samsung's affirmative and defensive cases, Apple moved for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(a). Rule 50 provides that the court may grant a motion for judgment as a matter of law against a non-moving party if "the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on" an issue. After considering all of the evidence presented by Samsung in its affirmative case, the Court made the following rulings on the record with respect to Samsung's claims against Apple:

- The Court found that no reasonable jury would have a legally sufficient evidentiary basis to find that Apple induced infringement or contributorily infringed upon the '516 Patent, the '941 Patent, the '711 Patent, and the '893 Patent. Samsung conceded that it had not presented any evidence on these claims. Accordingly, the Court GRANTED Apple's motion pursuant to Rule 50 with respect to these claims.

- The Court found that no reasonable jury would have a legally sufficient evidentiary basis to find that Apple infringed the '516 Patent, the '941 Patent, the '711 Patent, and the '893 Patent under the doctrine of equivalents. Samsung conceded that it had not

1

Case No.: 11-CV-01846-LHK
ORDER REGARDING PARTIES' RULE 50 MOTIONS; APPLE'S MOTION TO STRIKE

presented any evidence on these claims. Accordingly, the Court GRANTED Apple's motion pursuant to Rule 50 with respect to these claims.

- The Court found that no reasonable jury would have a legally sufficient evidentiary basis to find that Apple contributorily infringed upon the '460 Patent. Samsung conceded it had not presented any evidence on this claim. Accordingly, the Court GRANTED Apple's Rule 50 motion with respect to this claim.
- The Court DENIED Apple's Rule 50 motion with respect to Samsung's claim that Apple induced infringement of the '460 Patent.
- The Court DENIED Apple's Rule 50 motion with respect to Samsung's claims of literal infringement of the '460 Patent, the '516 Patent, the '941 Patent, and the '711 Patent.
- The Court also DENIED Apple's Rule 50 motion with respect to willfulness as to the '460 Patent, the '516 Patent, the '941 Patent, the '711 Patent, and the '893 Patent.

Apple also raised a motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(a) with respect to Samsung's defensive case against Apple. After considering all of the evidence presented by Samsung in its defensive case, the Court made the following rulings on the record with respect to Samsung's defensive case:

- The Court DENIED Apple's Rule 50 motion with respect to Samsung's claims that the Galaxy i9000, the Galaxy S2 AT&T, the Galaxy S2 i9000, the Epic 4G Touch, and the Galaxy S2 Skyrocket do not infringe the D'087 Patent.
- The Court DENIED Apple's Rule 50 motion with respect to Samsung's claims that the Fascinate, the Galaxy Ace, the Galaxy S2 AT&T, the Galaxy S2 i9000, the Galaxy S2 T-Mobile, the Galaxy S2 Skyrocket, the Showcase, and the Mesmerize do not infringe the D'677 Patent.
- The Court DENIED Apple's Rule 50 motion with respect to Samsung's claims that the D'087 and the D'677 are invalid based on functionality.
- The Court DENIED Apple's Rule 50 motion with respect to Samsung's claims that the accused devices do not infringe the '381 Patent and that the '381 Patent is invalid.

2
Case No.: 11-CV-01846-LHK
ORDER REGARDING PARTIES' RULE 50 MOTIONS; APPLE'S MOTION TO STRIKE

- The Court DENIED Apple's Rule 50 motion with respect to Samsung's claims that the accused devices do not infringe the '163 Patent. The parties agreed that indefiniteness is not an issue of fact for the jury and will file, by 1:00 p.m. on August 17, 2012, a proposed jury instruction regarding Mr. Gray's testimony of the indefiniteness of the term "substantially centered" in the '163 Patent.
- The Court denied Apple's Rule 50 motion with respect to Samsung's claim that Apple's trade dresses are functional.
- The Court denied Apple's Rule 50 motion with respect to Samsung's claims that the '915 Patent is not infringed and that the '915 Patent is obvious.

The Court DENIED Samsung's renewed Rule 50 motion, including its motion for invalidity of Apple's trade dresses and design patents.

Apple also made a motion to strike certain theories based on Samsung's alleged failure to introduce evidence in support of the theories. The Court made the following rulings on the record with respect to Apple's motion to strike:

- The Court DENIED Apple's motion to strike Samsung's theory that the Apple design patents (the D'889 Patent, the D'087 Patent, the D'677 Patent, and the D'305 Patent) are invalid based on obviousness.
- The Court DENIED Apple's motion to strike Samsung's theory that the Korean patent D547 and the LG Prada may not serve as prior art references.

The Court took the issue of the Fidler tablet under submission.

**IT IS SO ORDERED.**

Dated: August 16, 2012

*Lucy H. Koh*
LUCY H. KOH
United States District Judge