United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

APPLE, INC., a California corporation,

Plaintiff and Counterdefendant,

v.

SAMSUNG ELECTRONICS CO., LTD., A Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,

Defendants and Counterclaimants.

Case No.: 11-CV-01846-LHK

QUESTIONS TO THE PARTIES REGARDING JURY INSTRUCTIONS

As indicated at the pre-trial conference at 8:30 a.m. this morning, the Court will be submitting a rolling list of questions to the parties regarding the disputed jury instructions. The following questions shall be addressed by the parties in a written response by August 17, 2012 at 8:00 p.m.

**Trade Dress Jury Instructions**

1. Proposed Instruction No. 59 – Trade Dress Damages – Plaintiff's Actual Damages
   - Samsung argues that Apple failed to disclose a theory of damages based on harm to good will or business reputation. Did Apple disclose a theory of harm to good will or business reputation in its pre-trial disclosures? What evidence did Apple introduce at trial of injury to its "reputation" or to "goodwill, including injury to Apple's general business reputation"?
   - Samsung requests an instruction allowing reduction of damages if Samsung shows any loss in Apple's profits was due to factors other than Samsung's infringement. What evidence did Samsung introduce that loss in Apple's profits was due to factors other than Samsung's infringement?

2. Proposed Instruction No. 61 – Trade Dress Damages – Reasonable Royalty
   - Samsung argues Apple failed to disclose a theory of reasonable royalty as damages for trade dress infringement. Did Apple disclose a theory of reasonable royalty in its pre-trial disclosures? What evidence did Apple introduce at trial of a reasonable royalty?

**Utility Patent Instructions**

1. Proposed Instruction No. 15 – Doctrine of Equivalents – Limitations
   - Apple proposes an instruction limiting the jury from considering doctrine of equivalents with respect to certain limitations of the '460 Patent, claim 1, because "Samsung made certain claim changes or statements during the patent application process." This instruction is addressed to the doctrine of prosecution history estoppel. What is the basis of Apple's argument that prosecution history estoppel applies to the specific limitations of claim 1 of the '460 Patent?
2. Proposed Instruction No. 19 – Statutory Bar
   - Apple has requested a jury instruction that enumerates the effective filing dates for the '381, '915, and '163 Patents. Apple's proposed effective filing dates for the '381 and the '163 Patents precede the actual filing dates, based on earlier provisional applications. No Samsung filing dates are listed in either proposed instruction.
   - For which Apple and Samsung patents have the parties introduced evidence of the statutory bar at trial?
   - What evidence has Apple introduced at trial to support its contention that it is entitled to an effective filing date earlier than the actual filing date for the '381 Patent or the '163 Patent? Presuming that there are disputed issues of fact as to Apple's entitlement to earlier effective filing dates for the '381 and '163 Patents, can the parties stipulate to an instruction as to how entitlement to an effective filing date may be proven? Or submit competing proposed instructions?

United States District Court
For the Northern District of California

- Can the parties stipulate to effective filing dates for the Samsung utility patents?

**IT IS SO ORDERED.**

Dated: August 16, 2012

LUCY H. KOH
United States District Judge