UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California corporation,<br><br>               Plaintiff,<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD., A Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>             Defendants. | Case No.: 11-CV-01846-LHK<br><br>ORDER RE: OBJECTIONS TO BRYAN AGNETTA, SEUNG-HO AHN, RAVIN BALAKRISHNAN, PETER BRESSLER, RICHARD DONALDSON, WON PYO HONG, SUSAN KARE, HYONG KIM, EDWARD KNIGHTLY, JUN WON LEE, TERRY MUSIKA, JANUSZ ORDOVER, KARL ROSENBROCK, PETER ROSSI, KARAN SINGH, CHRISTOPHER STRINGER, BORIS TEKSLER, MICHAEL WALKER, TIM WILLIAMS, WOODWARD YANG, AND JUNGMIN YEO<br><br>(re: dkt. #1781, 1782) |

After reviewing the parties' briefing, considering the record in this case, and balancing the considerations set forth in Federal Rule of Evidence 403 ("FRE 403"), the Court rules on the parties' objections as follows:

**1.    BRYAN AGNETTA**

Apple has withdrawn its rebuttal deposition designations of Bryan Agnetta.

1

### 2. SEUNG-HO AHN

#### A. Samsung's Objections

| WITNESS AND EXHIBIT NO. | COURT'S RULING ON OBJECTION |
|---|---|
| PX81 | Overruled. Mr. Ahn lays sufficient foundation for the admission of the Samsung/Intel license. |
| Ahn Depo. at 98:10; 100:24-25; 101:7-8 | Overruled. Samsung has argued that the testimony regarding Mr. Ahn's involvement in ensuring FRAND licensing terms is irrelevant because Mr. Ahn did not become head of the IP Center until July or August of 2010, well after the patents in suit were disclosed to ETSI in May 2006 and August 2007. However, the testimony designated in the transcript is regarding whether Samsung currently licenses on FRAND terms. Therefore, it is not material to Mr. Ahn's testimony that he was not the head of the IP Center when the patents-in-suit were first disclosed to ETSI. |

#### B. Apple's Objections

None.

### 3. RAVIN BALAKRISHNAN

#### A. Samsung's Objections

| WITNESS AND EXHIBIT NO. | COURT'S RULING ON OBJECTION |
|---|---|
| PX63 | Sustained. This exhibit is source code that was not mentioned in Dr. Balakrishnan's expert report or in the materials considered in preparing his report. Although Dr. Balakrishnan testified that he reviewed "The Deposition Transcript and Exhibits of Bas Ording" and "Apple Source Code," neither of these is sufficiently particular to put Samsung on notice of the particular source code that Apple now seeks to introduce through Dr. Balakrishnan. *See* ECF No. 1690 at 7 (precluding Dr. Yang from testifying regarding the particular source code that he believed to be an "applet"). |
| PX210 | Overruled. Samsung objects that PX210, a collection of pictures of DiamondTouch, are inadmissible under Rule 403. PX210 has already been admitted into evidence without objection by Samsung. Thus, Apple will be able to ask Dr. Balakrishnan about PX210. |

#### B. Apple's Objections

| WITNESS AND EXHIBIT NO. | COURT'S RULING ON OBJECTION |
|---|---|
| DX2652 | Sustained. DX2652 is a decision by the PTO granting an ex parte request for a re-examination of the '381 patent. The initiation of an ex parte reexamination is of minimal probative value which is outweighed by the wasting of time and confusion of the jury that will result. *See Hoechst Celanese Corp. v. BP Chemicals Ltd.*, 78 F.3d 1575, 1584 (Fed. Cir. 1996) ("We take notice that the |

|  | grant by the examiner of a request for reexamination is not probative of unpatentability. The grant of a request for reexamination . . . does not establish a likelihood of patent invalidity.) |
|---|---|
| DX2653 | Overruled. DX2653 is a paper that Dr. Balakrishnan co-authored on the DiamondTouch system. Samsung seeks to use it as evidence of a prior inconsistent statement to impeach Dr. Balakrishnan. Such evidence is admissible under Fed. R. Evid. 613. Because this exhibit is used purely to show a prior inconsistent statement and is not being offered for its truth, namely as prior art, Samsung was not required to disclose it in its invalidity contentions. |

**4.    PETER BRESSLER**

   **A.  Samsung's Objections**

| WITNESS AND EXHIBIT NO. | COURT'S RULING ON OBJECTION |
|---|---|
| PDX26.89; PDX26.93 | Overruled. The slide is not hearsay because it is not evidence, but rather a demonstrative that will be used in aid of Mr. Bressler's live testimony. Samsung itself has displayed images from Mr. Bressler's report during its earlier cross-examination. *See* Hung Decl. Ex. 1 at 1106:20-111:7. The images are adequately identified as excerpts from Mr. Bressler's rebuttal expert report and are not misleading or confusing to the jury. |
| PDX26.99 | Overruled. The subject of this demonstrative was not stricken by Judge Grewal's Order (ECF No. 1144) and is proper rebuttal. The design patent displayed in this demonstrative is from Mr. Sherman's former company Modu Ltd., about which Mr. Sherman testified, and is offered as rebuttal to Mr. Sherman's testimony regarding functionality. Moreover, the excerpt is from Mr. Bressler's rebuttal expert report, on which Samsung cross-examined Mr. Bressler. |

   **B.  Apple's Objections**

| WITNESS AND EXHIBIT NO. | COURT'S RULING ON OBJECTION |
|---|---|
| ITC Hr'g Tr. | Sustained. Samsung concedes that Mr. Bressler's ITC testimony concerned different patents than the patents-in-suit, arguing only that the patents are closely related. The Court has previously ruled that ITC hearing testimony regarding patents not asserted in this litigation is not relevant to any issue in this case, and is therefore barred under FRE 402 and 403. *See* ECF No. 1749 at 1-2; ECF No. 1690 at 3; ECF No. 1657 at 2; ECF No. 1596 at 6. Likewise, the risk of confusing the jury and wasting time justifies exclusion of this exhibit under FRE 403. |
| Satzger Dep. Tr. | Sustained. Apple argues that Samsung is improperly attempting to introduce Mr. Satzger's testimony during the cross-examination of Mr. Bressler and thus bypassing direct examination of Mr. Satzger himself, despite the fact that Mr. Satzger is on Samsung's will call list of 20 witnesses and is not unavailable. Samsung offers no response. The Court has previously ruled that a party may not attempt to impeach a witness with another deponent's testimony. *See* ECF No. 1720 at 2; *cf.* FRCP 32(a)(2). This is particularly true where the deponent is available to testify live. Accordingly, Apple's objection is sustained. |

**United States District Court**
For the Northern District of California

1  **5.    RICHARD DONALDSON**

2        **A. Samsung's Objections**

3  None.

4        **B. Apple's Objections**

| WITNESS AND EXHIBIT NO. | COURT'S RULING ON OBJECTION |
|---|---|
| DX593 | Sustained. Samsung has withdrawn its designation of DX593. |
| Musika Opening Rep. | Sustained. Samsung has withdrawn its disclosure of the Musika Opening Report for use with Mr. Donaldson. |

**6.    WON PYO HONG**

Apple has withdrawn its designation of Won Pyo Hong as a rebuttal witness.

**7.    SUSAN KARE**

   **A. Samsung's Objection**

| WITNESS AND EXHIBIT NO. | COURT'S RULING ON OBJECTION |
|---|---|
| PDX14A.47-52 | Sustained. The presentation of individual icons in isolation is misleading to the jury. Icons should be presented in their full context as claimed in Apple's design patent. |

**8.    HONG KIM**

   **A. Samsung's Objections**

None.

   **B. Apple's Objections**

| WITNESS AND EXHIBIT NO. | COURT'S RULING ON OBJECTION |
|---|---|
| DX613 | Sustained. Samsung has withdrawn its designation of DX613. |

**9.    EDWARD KNIGHTLY**

   **A. Samsung's Objections**

None.

   **B. Apple's Objections**

| WITNESS AND EXHIBIT NO. | COURT'S RULING ON OBJECTION |
|---|---|
| DX613 | Sustained. Samsung has withdrawn its designation of DX613. |

4

Case No.: 11-CV-01846-LHK
ORDER ON OBJECTIONS

### 10. JUN WON LEE

#### A. Samsung's Objections

| WITNESS AND EXHIBIT NO. | COURT'S RULING ON OBJECTION |
|---|---|
| Lee Depo. at 114:13-20; 22-24 | Overruled.  Mr. Lee has personal knowledge of Samsung's licensing practices and was Samsung's designated corporate witness on licensing.  The testimony designated is within his personal knowledge and on the very topic for which he was Samsung's designated corporate witness.  Such testimony is highly probative and admissible under FRE 403. |
| Lee Depo. at 112:11-20,22 | Overruled.  The testimony designated is not unduly prejudicial or misleading.  Moreover, this testimony is on the very topic for which Mr. Lee was designated as Samsung's corporate witness. |

#### B. Apple's Objections

None.

### 11. TERRY MUSIKA

#### A. Samsung's Objections

| WITNESS AND EXHIBIT NO. | COURT'S RULING ON OBJECTION |
|---|---|
| PDX39.3 | Overruled.  The red X's demonstrate Musika's opinion and are not unduly prejudicial. |

#### B. Apple's Objections

| WITNESS AND EXHIBIT NO. | COURT'S RULING ON OBJECTION |
|---|---|
| DX759 | Sustained.  This privilege log lists five (not eight) instances in which privileged information was clawed back from reasonable royalty spreadsheets.  Samsung argues that, "Mr. Musika's report contends that Apple has made a full and complete production of patent licensing information."  Samsung argues that the privilege log rebuts Mr. Musika's assertion.  However, Mr. Musika was not directly involved in these privilege issues.  Mr. Musika cannot testify as to what was clawed back and why.  Furthermore, introduction of this privilege log will raise issues of attorney-client privilege, risking jury confusion and wasting time. |
| DX2576 | Sustained.  As the Court previously ruled, the *UniRam* transcript is excluded under FRE 403. |

### 12. JANUSZ ORDOVER

#### A. Samsung's Objections

| WITNESS AND | COURT'S RULING ON OBJECTION |
|---|---|

| EXHIBIT NO. | |
|---|---|
| PDX44.6 | Overruled.  PDX44.6 is a demonstrative showing alternative technologies to Samsung's '941 patent.  Samsung objects that Dr. Ordover is not qualified to say whether the Agarwal prior art reference is an alternative technology.  However, Dr. Ordover's opinion relies on the opinion of Dr. Knightly, a technical expert, who opines that the Agarwal prior art reference discloses the relevant claim of the '941 patent.  Accordingly, Dr. Ordover can reasonably rely on Dr. Knightly's opinion that Agarwal would have been an alternative to the '941 patent. |
| PDX44.7 | Sustained-in-part and overruled-in-part.  PDX44.7 is analogous to PDX44.6, in that it displays alternative technologies to the '516 patent.  Again, Dr. Ordover based his opinions on the opinions of another expert, Dr. Kim.  As explained above, this is permissible within the Federal Rules of Evidence.  However, PDX44.7 suggests that leaving the '516 technology out of the standard would be a viable option.  But Dr. Kim did not opine that not including the '516 patent in the UMTS standard was a viable alternative, and therefore Dr. Ordover, who lacks technical expertise, cannot independently opine as such.  Accordingly, if Apple wishes to introduce this exhibit, it must remove "Leave out of UMTS" as an alternative. |

### B.  Apple's Objections

| WITNESS AND EXHIBIT NO. | COURT'S RULING ON OBJECTION |
|---|---|
| DX565 | Sustained.  This exhibit is inadmissible hearsay.  Samsung's claim that it does not seek to introduce this exhibit for the truth of the matter asserted is unpersuasive. |

### 13.   KARL ROSENBROCK

#### A.  Samsung's Objections

| WITNESS AND EXHIBIT NO. | COURT'S RULING ON OBJECTION |
|---|---|
| Rosenbrock Depo Designations | Sustained.  Apple seeks to introduce deposition testimony of Samsung's ETSI expert Rosenbrock, in which Rosenbrock affirms the opinion of Apple's ETSI expert Walker.  Apple has not persuasively established that use of this deposition complies with the requirements of Rule 32. |

### 14.   PETER ROSSI

Apple has withdrawn its designation of Peter Rossi as a rebuttal witness.

### 15.   KARAN SINGH

#### A.  Samsung's Objections

| WITNESS AND EXHIBIT NO. | COURT'S RULING ON OBJECTION |
|---|---|
| DX546 | Overruled.  Samsung originally introduced DX546, an article by Dr. Bederson that mentions "semantic zooming," but now seeks to prevent Dr. Singh from |

6

Case No.: 11-CV-01846-LHK
ORDER ON OBJECTIONS

| | |
|---|---|
| | discussing it because he did not disclose it in his expert report. Samsung's own expert, Dr. Gray, was able to refer to Dr. Bederson's testimony and use of the term "semantic zooming" during his testimony, despite having not disclosed DX546 in his expert report. Accordingly, Dr. Singh will be allowed to reference this exhibit during his rebuttal testimony. |
| PDX29.7-11, 15, 17, 19 | Overruled. Samsung objects to these slides prepared for Dr. Singh's testimony because they express an opinion that the Han and MultiTouch systems are not "integrated with the data processing system" as is required by claim 8 of the '915 patent. However, Samsung contends that, in his expert report, Dr. Singh only expressed an opinion that they are not "integrated with the device" as is required by claim 1 of the '915 patent. Samsung argues that because "device" and "data processing system" are different, Dr. Singh's opinion regarding the "data processing system" is a new argument, not previously disclosed. The Court disagrees. Dr. Singh makes clear in his expert report that his analysis applies to both claims 1 and 8 of the '915 patent. Accordingly, Samsung had ample notice of Dr. Singh's theories. Samsung is free to raise its concerns about the meaning of "device" and "data processing system" during cross-examination. |

### B. Apple's Objections

| EXHIBIT NUMBER | COURT'S RULING ON OBJECTION |
|---|---|
| DX2649 | Sustained. Samsung seeks to use DX2649 to impeach Dr. Singh's opinion that the "touch-sensitive display" of DiamondTouch is not "integrated" with the "data processing system." Dr. Singh is not an inventor of the DX2649, which is a patent. Moreover, Samsung did not produce this patent in discovery, list this patent in its invalidity contentions or identify this document in any expert reports. Samsung's untimely identification of this document at the end of the trial is prejudicial. |

### 16. CHRISTOPHER STRINGER

Apple has withdrawn its designation of Christopher Stringer as a rebuttal witness.

### 17. BORIS TEKSLER

Apple has withdrawn its designation of Boris Teksler as a rebuttal witness.

### 18. MICHAEL WALKER

#### A. Samsung's Objections

| WITNESS AND EXHIBIT NO. | COURT'S RULING ON OBJECTION |
|---|---|
| PDX45.6 | Overruled. Samsung argues that its disclosure to ETSI related to standard version 6.9.0, while the demonstrative slide addresses an earlier version of the standard, 6.4.0. The slide is not misleading because it contains accurate information and explains Apple's basis for addressing its arguments to version 6.4.0 rather than to version 6.9.0. |
| Testimony on Rosenbrock | Sustained. Walker did not disclose Rosenbrock's deposition testimony in any expert report or deposition. Accordingly, Walker may not now testify regarding |

7

Case No.: 11-CV-01846-LHK
ORDER ON OBJECTIONS

| | |
|---|---|
| Deposition | Rosenbrock's deposition testimony. The fact that Rosenbrock gave the deposition testimony in question after Walker wrote his report is immaterial. |

### B. Apple's Objections

| WITNESS AND EXHIBIT NO. | COURT'S RULING ON OBJECTION |
|---|---|
| SDX3916.03 | Sustained. This slide quotes Apple's admission that it disclosed a standard-essential patent (which is not at issue in this case) to ETSI six years after the relevant standard was frozen and six years after the patent issued. The Court excluded this slide from Samsung's opening statement on FRE 403 grounds, and the same reasoning applies. |
| DX599 | Sustained. The article is inadmissible hearsay. Samsung does not provide a hearsay exception. |

### 19. TIM WILLIAMS

No objections were filed.

### 20. WOODWARD YANG

No objections were filed.

### 21. JUNGMIN YEO

Apple has withdrawn its rebuttal depositions designation of Jungmin Yeo.

**IT IS SO ORDERED.**

Dated: August 16, 2012

LUCY H. KOH
United States District Judge

8

Case No.: 11-CV-01846-LHK
ORDER ON OBJECTIONS