QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

  Kevin P.B. Johnson (Bar No. 177129
  kevinjohnson@quinnemanuel.com
  Victoria F. Maroulis (Bar No. 202603)
  victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065-2139
Telephone:     (650) 801-5000
Facsimile:     (650) 801-5100

  Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>    Plaintiff,<br><br>    vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>    Defendant. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S MOTION FOR DE NOVO DETERMINATION OF DISPOSITIVE MATTER REFERRED TO MAGISTRATE JUDGE, OR, IN THE ALTERNATIVE, MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE** |

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE THAT, pursuant to Local Rule 72-3, Fed. R. Civ. P. 72, and 28 U.S.C. § 636(b)(1), Samsung will and hereby does move this Court for relief from the Magistrate Judge's August 16, 2012 Order Denying Samsung's Motion For Adverse Inference Jury Instruction ("Order") (Dkt. 1792) and for de novo determination of such motion. In the Order, the Magistrate Judge denied Samsung's request for an adverse inference jury instruction *solely* on the ground that such request purportedly was untimely – without identifying any missed deadline or any Rule or Court Order that required an earlier filing. Under any standard of review, that ruling must be reversed. Under Federal Rule of Civil Procedure 51(a)(1), a request for a jury instruction is timely if made "[a]t the close of the evidence or at any earlier reasonable time that the court orders." As explained below, at the time Samsung's motion was filed, the deadline for submitting jury instructions was August 6, 2012 (later extended to August 10, and then to August 13), and Samsung's motion requesting the instruction was filed on July 26, 2012, the day after Judge Grewal determined that an August 2010 preservation date applied to Samsung in this case. Magistrate Judge Grewal did not address any of these dates, and his untimeliness finding is contrary to law.

Samsung continues to believe that neither party should be subject to an adverse inference instruction; but if Samsung was under an obligation to preserve as of August 2010, then so was Apple; and the evidence is undisputed that Apple took no steps to do so. As there is no other basis for denying Samsung's requested instruction, and the Magistrate Judge identified none, the instruction should be given as to both parties, or as to neither. *Hunter v. County of Sacramento*, 652 F.3d 1225, 1232 (9th Cir. 2011) (each party is "entitled to an instruction about his or her theory of the case if it is supported by law and has foundation in the evidence."); *Clem v. Lomeli*, 566 F.3d 1177, 1181 (9th Cir. 2009) ("A district court therefore commits error when it rejects proposed jury instructions that are properly supported by the law and the evidence.").[1]

---

[1] The Court's ruling on Samsung's motion to exercise its inherent authority to issue an adverse inference instruction against Apple is subject to *de novo* review, because Magistrate Judges can
(footnote continued)

Case No. 11-cv-01846-LHK
**SAMSUNG'S MOTION FOR DE NOVO DETERMINATION OF DISPOSITIVE MATTER REFERRED TO MAGISTRATE JUDGE, OR, IN THE ALTERNATIVE, MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE**

### A. Samsung's Motion For An Adverse Inference Jury Instruction Was Timely Under Fed.R.Civ.P. 51(a)(1)

The Order rejects Samsung's motion as untimely, but it cites no Rule or Order that required an earlier filing. Likewise, although Apple moved to strike the motion as untimely, it cited no Rule or Order that required an earlier filing. (Dkt. 1402.) That is because there is none. Under the Federal Rules, the cut-off for a request for a jury instruction, which is what both Apple and Samsung sought in their motions, is "[a]t the close of the evidence or at any earlier reasonable time that the court orders." Fed. R. Civ. P. 51(a)(1). The procedural history regarding the setting of jury instruction deadlines is set out in the footnote.[2] Samsung's motion for an adverse inference jury instruction, filed on July 26, 2012, was filed within the time requirements of the Federal Rules and the schedule set by this Court. *See Gordon Mailloux Enterprises, Inc. v. Fireman's Ins.*

---

only exercise inherent authority on delegation from this Court. *Reddick v. White*, 456 F. App'x 191, 193 (4th Cir. 2011) (per curiam) (relying on *NLRB v. A-Plus Roofing, Inc.*, 39 F.3d 1410, 1415 (9th Cir. 1994) and *In re Rainbow Magazine, Inc.*, 77 F.3d 278, 284 (9th Cir. 1996)). But even under the standard of review governing non-dispositive motions, Magistrate Judge Grewal's conclusion that Samsung's motion for a jury instruction was untimely is clearly erroneous and contrary to law, as it conflicts with the jury instruction deadlines set by this Court, which Magistrate Judge Grewal never addressed, as well as Federal Rule of Civil Procedure 51(a)(1). *Osband v. Woodford*, 290 F.3d 1036, 1041 (9th Cir. 2002) (*de novo* review of magistrate judge rulings on issue of law); *Lerma v. URS Federal Support Services*, 2011 WL 2493764, at *3 (E.D. Cal. 2011) (court must perform "independent, plenary review of purely legal determinations by the magistrate judge").

[2] On May 1, 2012 the parties jointly proposed a July 11, 2012 deadline for submission of proposed jury instructions, Dkt. 893, at 13, which the Court adopted in an Order the following day. Dkt. 901. On July 12, 2012, the parties filed a joint stipulation requesting that the jury instruction deadline be moved to July 13, 2012, and the Court agreed. Dkt. 1225. On July 13, 2012, the parties submitted a joint set of instructions. Dkt. 1232. Apple did not submit a proposed adverse inference instruction in this set. On July 18, 2012, the Court convened a case management conference. On July 19, 2012, the Court issued a case management order informing the parties that the Court would issue a proposed set of jury instructions on July 23, 2012, "so that the parties may comment on, and finalize the instructions at the July 24, 2012 pretrial conference." Dkt. 1267. On July 23, 2012, the Court issued an Order requiring the parties to file a revised joint submission of disputed and undisputed final jury instructions by August 6, 2012. Dkt. 1296. At a hearing on August 6, 2012, the Court extended the deadline to August 10, 2012. Aug. 6, 2012 Tr. at 1285:9-1286:3. On August 10, 2012, both sides submitted status reports regarding their efforts to prepare the joint submission (Dkts. 1669, 1670), and on August 12, 2012, the Court issued an Order further extending the deadline until August 13, 2012. Dkt. 1679. The parties complied with that deadline (Dkt. 1693, 1694), and each side submitted their proposed adverse inference instructions.

-2-                                                                                       Case No. 11-cv-01846-LHK
**SAMSUNG'S MOTION FOR DE NOVO DETERMINATION OF DISPOSITIVE MATTER REFERRED TO MAGISTRATE JUDGE, OR, IN THE ALTERNATIVE, MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE**

*Co. of Newark, NJ*, 366 F.2d 740, 743 (9th Cir. 1966) (request for jury instruction "submitted four days before the evidence was closed" held timely).[3]

The Magistrate Judge ruled that his July 25, 2012 decision granting Apple an adverse inference instruction does not require, as a matter of "fairness," that Samsung benefit from such an instruction as well. (Dkt. 1792 at 2.)  The issue here is not "fairness," but evenhanded application of the law and this Court's deadlines, and factual findings of the court.  Samsung's view has always been that *neither* party had a duty to preserve as of August 2010, so it had no cause previously to request an adverse inference instruction against Apple.  On July 25, 2012, the Magistrate Judge rejected that position, holding that Apple's August 2010 presentation triggered Samsung's preservation obligations.  (Dkt. 1321.)  In so doing, the Magistrate Judge noted that "Samsung has always been free to argue, at the appropriate time, that Apple too is guilty of spoliation (*id.* at 16 n.82) and twice stated at the June 21, 2012 hearing that this may be a "terrific motion" (June 21, 2012 Tr. at 32-33, 64).  Samsung filed its motion one day after the ruling, arguing that the Court's finding that Samsung had a duty to preserve as of August 2010 necessarily applies with even greater force to Apple, as the putative plaintiff, and since Apple undisputedly did not issue litigation hold notices until April 2011 (and in some cases months later). (Dkt. 1388.)  Indeed, Apple continued to remind custodians to eliminate emails from their in-boxes and produced only 66 emails from 19 key custodians during the period from August 2010 to April 2011.  (Dkt. 1388-1 Binder Decl., ¶¶ 7-12, 14; Dkt. 1593 Kellermann Decl., ¶ 5.)  As a result, if true for Samsung, then Apple too must be subject to an adverse inference instruction – or neither side should.

---

[3] Under the standards applied by the Magistrate Judge, Apple's request for an instruction should have been rejected as untimely as well.  Apple's motion was not filed until May 1, 2012 (Dkt. 895-01), more than a month after the March 15 deadline for motions to compel (Dkt. 187; L.R. 37-3), and Apple did not include a requested adverse inference instruction in the proposed instructions it filed on July 13, 2012.  Dkt. 1232.  While it included a form of instruction with its motion on May 1, that instruction was rejected by the Magistrate Judge, and no instruction was submitted to this Court until August 13, the same time Samsung submitted its proposed instruction.

-3-   Case No. 11-cv-01846-LHK
**SAMSUNG'S MOTION FOR DE NOVO DETERMINATION OF DISPOSITIVE MATTER REFERRED TO MAGISTRATE JUDGE, OR, IN THE ALTERNATIVE, MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE**

Samsung could not have reasonably sought the instruction it now seeks earlier without taking inconsistent positions before the Court. "Fairness" does not require that every instruction that helps one party be given as to the other, but it does require that a party *not* be required to take inconsistent legal and factual positions in order to preserve its rights. All that Samsung seeks here – and is plainly entitled to – is the right to some opportunity to request a jury instruction based on a ruling of the Court that should be applied evenhandedly to all parties, within the time schedule set by this Court for jury instructions.

### B.  Apple Was Not Prejudiced By The Timing Of Samsung's Motion

In addition to failing to identify any allegedly missed deadline, Apple made no argument to Judge Grewal that it was prejudiced by the timing of Samsung's motion. Nor could it have done so. On July 27, 2012, this Court referred Samsung's motion, and Apple's motion to strike, to the Magistrate Judge. (Dkt. 1426.) On August 3, 2012, Judge Grewal set a hearing on both motions for August 7, 2012. (Dkt. 1574.) On August 6, 2012, eleven days after Samsung's motion was filed, Apple filed a 14-page opposition, along with two declarations, setting forth its arguments against the relief Samsung was seeking. (Dkt. 1591, 1592, 1593.) Apple presented detailed analyses of the document production data in that opposition, and presented its own counter arguments as to why Samsung's data was flawed. Apple had a further opportunity to present its arguments at the hearing on August 7, 2012. There is no basis for a finding of any prejudice resulting from the timing of Samsung's motion, particularly since both sides were granted until August 13, 2012 to submit jury instructions, well after Samsung requested its instruction.[4]

---

[4] Indeed, the evidence adduced at trial bears directly on issues relating to the import of the August 2010 negotiations, which further supports the rule that instruction requests may be made at any time before the close of evidence. *E.g.*, Aug. 10, 2012 Tr. at 1968:12-15; 1971:20-23; 1971:4-16; 1965:22-1967:6; Aug. 13, 2012 Tr. at 2019:21-202:4 (Boris Teksler testimony re August 2010 presentation); Aug. 10, 2012 Tr. at 1663:18-25 (Apple counsel acknowledging that August 2010 was "precisely" when Apple "said there was a dispute" with Samsung – which supports Samsung's contention that Apple was subject to a preservation obligation at that time).

-4-   Case No. 11-cv-01846-LHK
**SAMSUNG'S MOTION FOR DE NOVO DETERMINATION OF DISPOSITIVE MATTER REFERRED TO MAGISTRATE JUDGE, OR, IN THE ALTERNATIVE, MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE**

### C. Samsung Will Be Severely Prejudiced If Judge Grewal's Ruling Is Not Reversed

In the event the Court does not overturn the Magistrate Judge's rulings that *Samsung* should be subject to an adverse inference instruction but *Apple* need not even respond on the merits, Samsung will be severely prejudiced. There is no basis to subject only Samsung to an August 2010 preservation date where Apple, as the plaintiff, plainly knew what claims it intended to bring *before* Samsung did. *Micron Tech. v. Rambus, Inc.*, 645 F.3d 1311, 1325 (Fed. Cir. 2011); *See* Dkt. 1388; 1600. In fact, Apple was unable to cite, either in its papers or in answer to Judge Grewal's questions, a single case remotely like this one in which a defendant was subject to an earlier document retention date than a plaintiff, or any authority that its "automatic elimination" policy was legally distinct from the "auto-delete" policy that resulted in the failure to preserve documents prior to April 2011.

Even in its opposition and declarations, Apple acknowledged that it took no preservation steps prior to April 2011. It instead purported to detail what steps it "would" have taken or "typically" takes (although offering no declarations as to what it actually did do), but the results of such steps very clearly did not assure that all relevant evidence was preserved. Even accepting as true every error claimed by Apple in its opposition, Samsung established that as to every chart relied upon by Apple to prove spoliation by Samsung, equivalent (or worse) charts established precisely the same patterns as to Apple. (Dkt. 1600, at 9-14.)

The integrity of a trial which has consumed so much attention from the Court, the parties and the public should not be compromised, as it will be, if Judge Grewal's dual rulings creating severe prejudice without any justification except an unsubstantiated ruling on timeliness are allowed to stand. Either both parties should be subject to adverse inference instructions, or neither should. Either both motions were timely, or neither was.

DATED: August 17, 2012

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ Victoria F. Maroulis
Victoria F. Maroulis
Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC