QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>  Plaintiff,<br><br>  vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>  Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S OFFER OF EVIDENCE REGARDING JURY INSTRUCTIONS NOS. 36 & 37** |

Case No. 11-cv-01846-LHK

**EVIDENCE SUPPORTING SAMSUNG'S PROPOSED JURY INSTRUCTIONS**

**Instruction No. 36**

Samsung is entitled to its proposed Jury Instruction No. 36 on anticipation because the record evidence establishes that Apple's asserted patents were anticipated in light of the prior art. Both Samsung's and Apple's expert testimony – including comparisons between the asserted patents and the prior art – demonstrate that Apple's patents were anticipated, and the jury should be instructed on the issue of anticipation, as proposed in Samsung's Instruction No. 36.

*Anticipation of D'677 and D'087 Patents*

Samsung's expert, Itay Sherman, offered testimony sufficient to support a finding by the jury that the D'677 and D'087 patents are anticipated in light of Japanese Design Patent 1241638 ("JP638") (DX511).   Mr. Sherman testified that JP'638 was issued on June 6, 2005 – before the filing dates of the D'677 and D'087 patents.   (8/14/12 Tr. 2580:18-22).   Mr. Sherman also testified that he compared the JP'638 to the D'677 and D'087 patents and found that they all had an overall rounded shape, evenly rounded corners, a rectangular display that is centered on the front face, a lozenge-shaped centered earpiece slot on the top of the display area, and – with respect to the D'087 – a bezel surrounding the front face.   (Tr. 2581:9-21).   Because anticipation is a question of fact, *Int'l Seaway Trading Corp. v. Walgreens Corp.,* 589 F.3d 1233, 1237 (Fed. Cir. 2009), the issue of whether the design of the JP'638 is substantially the same as the D'677 and D'087 patents so as to anticipate them is a question for the jury, and Samsung's proposed instruction regarding anticipation should be given.

Mr. Sherman also testified that Korean Registered Design KR-30-418547 (DX727), issued on July 6, 2006, and the LG Prada (JX1093), released in 2006 – both prior to the filing dates of the D'677 and D'087 patents – disclosed designs with a completely flat front face, an overall rectangular shape, evenly rounded corners, a display centered on the front face, and a lozenge-shaped earpiece slot vertically centered on the device.   (Tr. 2583:22-2584:22; 2585:20-2586:3; 2588:4-2589:2).   Additionally, Mr. Sherman testified that the LG Prada has a black front surface, like the D'677 patent (Tr. 2588:10-21).   Mr. Sherman also testified that Japanese Design Patent 1241383 (DX728), issued on June 6, 2005 – again, before the filing dates of the D'677 and D'087

1  patents – has an overall rectangular shape, evenly rounded corners, centered rectangular display,
2  completely flat front surface, and a uniform bezel surrounding the front surface.   (Tr. 2589:13-
3  22).

4  Moreover, Apple's own expert, Peter Bressler, confirmed the similarities between the prior
5  art and the patented designs.   Mr. Bressler testified that the JP'638, KR'547, and LG Prada all
6  have a rectangular shape, rounded corners, lozenge-shaped speaker slot, a large, centered display
7  screen, and narrow lateral borders and/or wider borders above and below the display.   (8/6/12 Tr.
8  1110:23-1112:17; 1116:17-1117:2; 1118:19-1119:22).   With regard to the D'087, Mr. Bressler
9  also testified that the JP'638 depicts a bezel.   (Tr. 1110:23-1112:17).

10  This expert testimony, which compares and identifies the common elements of the prior art
11  and the patented designs, is sufficient for a jury to find that these prior art references anticipate the
12  D'677 and D'087 patents.   Moreover, it is proper to instruct the jury regarding anticipation
13  because the jury is the fact-finder regarding whether the prior art and the asserted patents are
14  substantially similar.   *See* Dkt. 1159 at 37 (holding that "[t]he *jury* must apply the ordinary
15  observer test to determine if one would find the patented design substantially the same as the
16  hypothetical prior art reference" (emphasis added)).   Additionally, during cross examination of
17  Mr. Sherman, Apple's counsel, herself, raised the issue of anticipation by asking Mr. Sherman to
18  confirm that, in his opinion, the LG Prada anticipated, as well as rendered obvious, the D'677
19  patent, which Mr. Sherman confirmed.   (8/14/12 Tr. 2625:13-18).   The jury should therefore be
20  instructed regarding anticipation in accordance with Samsung's proposed Instruction No. 36 with
21  regard to the D'677 and D'087 patents.

### *Apple Has Not Offered Sufficient Evidence of Conception Dates*

23  Apple has not established any conception dates or effective filing dates for any of its
24  design patents other than the actual filing dates and is therefore not entitled to an anticipation or
25  other instruction that uses any dates for the asserted patents other than the actual filing dates.
26  The only evidence Apple has presented regarding the conception dates of its patents are certain
27  CAD files showing dates related to various drawings.   (PX162, PX164).   But even Mr. Stringer
28  admitted that he does not personally operate the CAD system and therefore lacks sufficient

1  personal knowledge to confirm the accuracy of these files.   (Tr. 482:11-14).   Apple has
2  provided no further evidence regarding conception dates for the asserted patents.   In fact, the
3  Court, itself, has noted that while Mr. Stringer has testified that the patented iPhone designs were
4  created in April 2006, "the jury may choose not to credit Stringer's testimony as to the date he
5  designed the iPhone face and bezel."   (Dkt. 1563 at 7).   Because Apple has failed to offer
6  further proof regarding its conception or effective filing dates, Apple is not entitled to any
7  instruction regarding those dates.

**Instruction No. 37**

As explained above, Apple has not offered sufficient evidence regarding its effective filing dates, and those dates should not be used in Apple's proposed Instruction No. 37, nor in any other instruction.   Samsung believes that Apple's proposed Instruction No. 37 should not be given to the jury.

DATED: August 17, 2012

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Victoria F. Maroulis*
   Charles K. Verhoeven
   Victoria F. Maroulis
   Kevin P.B. Johnson
   Michael T. Zeller
   Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC