HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
JENNIFER LEE TAYLOR (CA SBN 161368)
jtaylor@mofo.com
ALISON M. TUCHER (CA SBN 171363)
atucher@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
JASON R. BARTLETT (CA SBN 214530)
jasonbartlett@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK (PSG)<br><br>**APPLE'S REPORT ON DISPUTED PROPOSED JURY INSTRUCTION NOS. 36 AND 37** |

Apple does not believe that disputed Jury Instruction Nos. 36 or 37, which explain the novelty and statutory bar provisions of 35 U.S.C. Section 102, should be read to the jury. There was no testimony from Dr. Itay Sherman or any other Samsung witness regarding anticipation of any Apple design patent. (*See* Sherman Testimony at Tr. 2576:23–2577:16 *et seq*. (opining on obviousness but not anticipation).) Apple has always believed that there would ultimately be no need to instruct the jury on anticipation for the design patents (*see* Dkt. No. 1694 at 106, 115), and the trial testimony has borne that out.[1] However, because the Court has found that portions of Samsung's obviousness defense should go to the jury, some language from proposed Jury Instruction Nos. 36 and 37 will need to be salvaged and read to the jury in order to provide context for the obviousness instruction, *i.e.*, proposed Jury Instruction No. 38.

In particular, the jury needs instruction as to what constitutes a "prior art reference." The Court has already instructed the jury in general terms that "prior art includes things that existed before the claimed design, that were publicly known in this country, or used in a publicly accessible way in this country, or that were patented or described in a publication in any country." (*See* Dkt. No. 1427 (Court's Preliminary Instruction) at No. 18.) Before reading proposed Jury Instruction No. 38, the Court should more specifically define "prior art" and should instruct the jury as to the critical dates for the Apple design patents. The critical dates from the anticipation instructions remain relevant because "[i]n order for prior art to be used in combination to determine obviousness under 35 U.S.C. § 103, the alleged prior art must first qualify as prior art under § 102(a), (b), (e), (f), or (g)." *Colucci v. Callaway Golf Co.*, 750 F. Supp. 2d 767 (E.D. Tex. 2010); *see also August Tech. Corp. v. Camtek, Ltd.*, 655 F.3d 1278, 1288 (Fed. Cir. 2011).

The conception dates for Apple's design patents remain relevant as long as Samsung is asserting the Korean '547 patent, which issued after the iPhone design had been fixed but before Apple filed for patent protection. *See* 35 U.S.C. § 102(a) ("patented or described in a printed publication . . . *before the invention* thereof by the applicant"). The unrebutted and unimpeached testimony at trial is that the Apple inventors conceived and reduced to practice the D'677 and

---

[1] Samsung's proposed Jury Instruction Nos. 36.1-36.3 are moot for the same reason.

D'087 patents no later than April 20, 2006.  (*See* Tr. 477:20-483:25 (Stringer testimony describing design process); 492:3-10 (Stringer testimony regarding date of iPhone CAD).)  Mr. Stringer's testimony is corroborated by a date clearly displayed in Apple's CAD file directory, which shows that files named "tonga1.pix," "tonga2b.pix," etc., were lasted edited on April 20, 2006.  The files by that name completely describe the iPhone and the inventions claimed in the '677 and '087 patents.  (Compare PX162.2 (CAD file directory with dates) with PX162.3 - PX162.13 (CAD drawings).)  This is the evidence that supports lines 18 to 22 of Apple's proposed Jury Instruction 36 (Dkt. No. 1694 at 106:18-22), which is language that should still be read to the jury.  (Dkt. No. 1694 at 106:18-22.)  April 20, 2006 is the invention date the jury will need to determine whether certain references are prior art.

       The effective filing dates for Apple's design patents also remain relevant as long as the jury will be instructed with regard to obviousness, and Samsung's obviousness defense relies on purported Section 102(b) prior art.  *See* 35 U.S.C. § 102(b) ("patented or described in a printed publication . . . more than one year prior to the *date of the application* for patent in the United States").  Samsung does not dispute that the D'889 patent is entitled to an effective filing date of March 17, 2004, and that the D'305 patent is entitled to a date of June 23, 2007.  (*See* Dkt. No. 1694 at 117:27-28.)  For the D'677 and D'087 patents, Apple is presumptively entitled to an effective date of January 5, 2007—the priority date on the face pages of both patents—because they are continuations.  *See Judkins v. HT Window Fashions Corp.*, 624 F. Supp. 2d 427, 432 (W.D. Pa. 2009) ("'282 Application was filed on November 25, 1996, but is entitled to claim priority to the March 29, 1995 filing date of the grandparent application because it was a continuation application"); *Aptix Corp. v. Quickturn Design Sys.*, No. C 98-00762 WHA, 2000 U.S. Dist. LEXIS 8408, at *5 (N.D. Cal. June 14, 2000) ("The application for the '069 Patent was a continuation of an application filed September 20, 1989.  September 20, 1989, was therefore the presumed date of invention….").

       Samsung did not contest Apple's right to the effective dates on the face pages of these patents in its expert reports, its opposition to Apple's Motion in Limine No. 3 seeking exclusion of non-prior art, or with any evidence Samsung presented at trial.  It would confuse and mislead

the jury not to provide instructions as to these dates. The language at lines 18 to 22 of Apple's proposed Jury Instruction 37 should therefore also still be included in the jury instructions. (Dkt. No. 1694 at 115:18-22.)

To the extent the Court finds there is a jury question on the obviousness of Apple's design patents, Apple proposes that the Court import into an instruction defining prior art the text from Apple's Proposed Instruction Nos. 36-37 regarding conception dates and effective filing dates. Apple's proposed replacement for existing Jury Instruction Nos. 36 and 37 is attached to this report. The replacement is based on Samsung's proposed Instruction No. 36, shorn of its objectionable language, adjusted to comply with the prior art provisions of Northern District Model Instruction Nos. 4.3a1 and 4.3a2, and supplemented with (a) the Court's preliminary instruction defining prior art in general terms and (b) those portions of Apple's proposed Jury Instruction Nos. 36 and 37 that remain necessary for the jury to understand the dates to apply to an obviousness analysis. Should the Court find that the jury must also determine the conception and effective filing dates for the D'677 and D'087 patents, Apple proposes including the bracketed text at the bottom of the instruction.

Dated: August 17, 2012         MORRISON & FOERSTER LLP


                               By:   /s/ Michael A. Jacobs
                                     MICHAEL A. JACOBS

                               Attorneys for Plaintiff
                               APPLE INC.

# PROPOSED JURY INSTRUCTION 36
# DESIGN PATENT PRIOR ART

Before I describe how to assess whether Apple's design patents would have been obvious, I will instruct you about documents and things called "prior art."

In general, prior art includes things that existed before the claimed design, that were publicly known in this country, or used in a publicly accessible way in this country, or that were patented or described in a publication in any country.

Specifically, prior art includes any of the following items received into evidence during trial:

1. Any design that was publicly known or publicly used by others in the United States before the conception of the patented Apple design;

2. Any design that was patented or described in a printed publication in the United States or a foreign country before the conception of the patented Apple design;

3. Any issued United States patent or published United States patent application that was based on an application filed before the conception of the patented Apple design;

4. Any printed publications having a date more than one year before the effective filing date of the Apple patent;

5. Any design that was in public use or on sale in the United States more than one year before the effective filing date of the Apple patent; and

6. Any design that was made by another inventor in this country before the conception of the patented Apple design where the other inventor's design was not abandoned, suppressed, or concealed.

The patented Apple designs were conceived on the following dates:

- D'677 patent:         April 20, 2006
- D'087 patent:         April 20, 2006

For the D'889 and D'305 patents, you should use the patent's effective filing date as the date on which the patented design was conceived.

The Apple design patents have the following effective filing dates:

- D'677 patent:  January 5, 2007
- D'087 patent:  January 5, 2007

- D'889 patent: March 17, 2004

- D'305 patent: June 23, 2007

If the parties dispute who is a first inventor, the person who first conceived of the claimed design and first reduced it to practice is the first inventor. If one person conceived of the claimed design first, but reduced to practice second, that person is the first inventor only if that person (a) began to reduce the claimed design to practice before the other party conceived of it and (b) continued to work diligently to reduce it to practice.

A claimed design is "reduced to practice" when a three-dimensional drawing or figure of the design is made or when it is fully described in a patent application filed with the PTO.

**[IN THE EVENT THE COURT DECIDES NOT TO INSTRUCT THE JURY ON ALL OF THE SPECIFIC DATES FOR THE APPLE DESIGN PATENTS, THE FOLLOWING TEXT WOULD BE INCLUDED AFTER (1)-(6) ABOVE]**

You should consider the patented design for Apple's D'889 patent to have been conceived on March 17, 2004, and the patented design for Apple's D'305 patent to have been conceived on June 23, 2007. You, however, need to decide the dates on which Apple's claimed designs for the D'677 and D'087 were conceived. Conception is the mental part of an inventive act and is proven when the design is shown in its complete form by drawings, disclosure to another, or other forms of evidence presented at trial.

If the parties dispute who is a first inventor, the person who first conceived of the claimed design and first reduced it to practice is the first inventor. If one person conceived of the claimed design first, but reduced to practice second, that person is the first inventor only if that person (a) began to reduce the claimed design to practice before the other party conceived of it and (b) continued to work diligently to reduce it to practice.

A claimed design is "reduced to practice" when a three-dimensional drawing or figure of the design is made or when it is fully described in a patent application filed with the PTO.

The effective filing date for the D'889 patent is March 17, 2004, and the effective filing date for the D'305 patent is June 23, 2007. You, however, need to decide the effective filing dates for the D'677 and D'087 design patents.

Each of the D'677 and D'087 patents on its face page claims entitlement to the date on which an earlier patent application was filed. You should presume that the D'677 and D'087 patents are entitled to the benefit of the dates they claim. Samsung must persuade you that it is highly probable that each design patent is not entitled to that benefit.

In deciding whether Samsung has met its burden, keep in mind that a design patent is entitled to the benefit of the filing date of an earlier application if an ordinary observer viewing the earlier filed application at the time it was filed would have recognized that

the application disclosed the claimed design, even though the figures and their description in the application may not be exactly the same as those found in the claimed design.  An aspect of the claimed design need not be specifically disclosed in the earlier application if an ordinary observer would understand that that aspect is necessarily implied in the earlier application.

**Authorities:**

<u>General Authority</u>:  Court's Preliminary Instruction No. 18 (What A Patent Is And How One Is Obtained); Samsung's Proposed Jury Instruction No. 36, 35 U.S.C. Section 102.

<u>Effective Filing Dates</u>:  Adapted from N.D. Cal. Model Patent Jury Instr. B.4.2a; *Judkins v. HT Window Fashions Corp*., 624 F. Supp. 2d 427, 432 (W.D. Pa. 2009) ("The '875 Application was filed on March 29, 1995.  The '282 Application was filed on November 25, 1996, but is entitled to claim priority to the March 29, 1995 filing date of the grandparent application because it was a continuation application."); *Aptix Corp. v. Quickturn Design Sys*., 2000 U.S. Dist. LEXIS 8408, at *5 (N.D. Cal. June 14, 2000) ("The application for the '069 Patent was a continuation of an application filed September 20, 1989.  September 20, 1989, was therefore the presumed date of invention…"); *In re Daniels*, 144 F.3d 1452, 1456-57 (Fed. Cir. 1998); *PowerOasis, Inc. v. T-Mobile USA, Inc*., 522 F.3d 1299, 1307 (Fed. Cir. 2008); *Research Corp. Techs. v. Microsoft Corp*., 627 F.3d 859, 869-71 (Fed. Cir. 2010); *Tech. Licensing Corp. v. Videotek, Inc*., 545 F.3d 1316 (Fed. Cir. 2008).

<u>Conception</u>:  Adapted from N.D. Cal. Model Patent Jury Instr. B.4.3.a1; *Coleman v. Dines*, 754 F.2d 353, 359 (Fed. Cir. 1985).