QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floorfdd
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO.,
LTD., SAMSUNG ELECTRONICS AMERICA,
INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | CASE NO. 11-cv-01846-LHK (PSG) |
| Plaintiff, | **SAMSUNG'S STATEMENT AND PROPOSED JURY INSTRUCTION REGARDING THE INDEFINITENESS OF THE TERM "SUBSTANTIALLY CENTERED"** |
| vs. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendants. | |

02198.51855/4916046.1

Case No. 11-cv-01846-LHK (PSG)
SAMSUNG'S PROPOSED JURY INSTRUCTION REGARDING THE INDEFINITENESS OF THE TERM "SUBSTANTIALLY CENTERED"

As the Court instructed in its August 16 Order, the parties are to submit a proposed jury instruction regarding Mr. Gray's testimony of the indefiniteness of the term "substantially centered" in the '163 patent.[1]  Apple is entirely incorrect that a curative instruction is needed. Although indefiniteness is a question of law, many courts have ruled that indefiniteness may be submitted to the jury where, as here, there are underlying factual issues that the jury must resolve. *See, e.g., BJ Services Co. v. Halliburton Energy Services, Inc.*, 338 F.3d 1368, 1372 (Fed. Cir. 2003) ("Like enablement, ***definiteness, too, is amenable to resolution by the jury where the issues are factual in nature***.  Because the issues here are essentially factual, we review the jury's verdict to determine if the ultimate conclusion reached is supported by substantial evidence.")[2]

Here, the issues are factual in nature as the jury has heard conflicting testimony from both fact and expert witnesses concerning the term "substantially centered," and the jury is required to evaluate and weigh the credibility of that testimony.[3]

In denying Apple's JMOL motion as to indefiniteness, the Court noted that Mr. Gray had made a "very valid indefiniteness point" on the "substantially centered" limitation.  (8/16/12 Tr. at

---

[1]  The parties were unable to agree on joint instruction, and Samsung has not yet received Apple's revised statement, so is filing this statement in lieu of a joint filing.

[2]  *See also Northpoint Technology, Ltd. v. MDS America, Inc.*, 413 F.3d 1301 (Fed. Cir. 2005) ("***jury*** also found patents obvious and ***indefinite***"); *Union Carbide Chemicals & Plastics Technology Corp. v. Shell Oil Co.*, 308 F.3d 1167 (Fed. Cir. 2002) ("Specifically, ***the jury found*** that the synergy patent was invalid as indefinite . . ."); *Minnesota Min. & Mfg. Co. v. Chemque, Inc.,* 303 F.3d 1294 (Fed. Cir. 2002) ("***The jury found*** that claim 9 was . . . not indefinite . . . ."); *Texas Instruments Inc. v. Cypress Semiconductor Corp.,* 5 F.3d 1504 (Fed. Cir. 1993) ("[S]ubstantial evidence supports ***the jury's finding of indefiniteness*** as to claims 1-3 . . ."); *Tech. Licensing Corp. v. Videotek, Inc.*, 545 F.3d 1316, 1338 (Fed. Cir. 2008) (after bench trial, reviewing ***factual findings underlying indefiniteness*** inquiry for clear error);  *Orthokinetics, Inc. v. Safety Travel Chairs, Inc.,* 806 F.2d 1565 (Fed. Cir. 1986) (reversing district court's order on JNOV, which had set aside jury verdict with respect to definiteness where "***the jury found*** (question No. 51) that Safety failed to prove by clear and convincing evidence that the '867 patent was invalid because of claim language that does not particularly point out and distinctly claim the invention."); *Dow Chemical Co. v. Nova Chemicals Corp.*, 629 F. Supp. 2d 397, 403 (D. Del. 2009) (appropriate circumstances warrant submission of indefiniteness to the jury).

[3]  Any position by Apple to the contrary is incorrect. (8/16/12 Tr. at 3335:8-18.)  Also, Apple's counsel stated that this Court already construed the claim.  (*Id*. at 3335:8-24).   In the Court's July 20, 2012 order addressing the '163 patent, the Court considered a different claim term but declined to it ("structured electronic document").  Dkt. 1266.

3335:4-5). The fact testimony of '163 patent inventor Mr. Forstall highlights the indefiniteness of the term when he testified that substantial centering involves placing the box "where it makes sense." (8/3/12 Tr. at 758:13-14.)  Mr. Forstall even suggested that placing a narrow column of text "on the very left-hand side of a web page" might satisfy the "substantially centering" limitation. (*Id.* at 758:1-4.) Apple's expert, Dr. Singh, admitted that while there might be a "good reason" for placing a box in a particular location, "reasonable minds might . . . deviate" as to whether or not that object is "substantially centered" (8/10/12 Tr. 1901:20-1902:4.)

The Model Patent Jury Instructions do not include a definiteness instruction.  However, because the jury is well-suited to weigh the conflicting trial testimony, Samsung submits the following jury instruction on definiteness based on a 2002 version of Federal Circuit Bar Association Model Patent Jury Instruction, Section 10.5 (omitted in the current version):

> The patent laws have requirements for the way in which patent claims are written. Patent claims must be sufficiently clear that a person of ordinary skill in the field of the invention reading them is able to determine what the claims cover and what they do not cover. A person of ordinary skill is a person of average education and training in the field. If a patent claim does not meet this requirement, then the claim is said to be indefinite, and the claim is invalid.
>
> The amount of detail required for a claim to be definite depends on the particular invention, the prior art and the description of the invention contained in the patent. A patent claim, when read along with the rest of the patent, must reasonably inform those skilled in the field of the invention what the patent claims cover. Simply because claim language may not be precise does not automatically mean that the claim is indefinite. The claim language need only be as precise as the subject matter permits.
>
> Defendant contends that claim~~s~~ 50 of the '163 patent is ~~are~~ invalid because the ~~language of the claims~~ term "substantially centered" is indefinite. ~~[[Defendant]] contends that claims ____ of the ___ patent are indefinite because they use the word "about" to modify the claim term ____.~~  The use of the word ~~"about"~~ "substantially" or similar language, does not by itself cause the claim to be indefinite.  In order to decide whether or not the word~~s~~ ~~"about"~~ "substantially centered" in claim~~s~~ 50 renders ~~those~~ the claim~~s~~ indefinite, you must consider whether or not the '163 patent provides some guidance about what is included within the claim term ~~"about ____"~~ "substantially centered."  You must also consider whether or not a person of ordinary skill in the field reading the patent would understand what is included within the claim term.~~]~~
>
> If you find that [defendant] has proved that it is highly probable that claim~~s~~ 50 of the '163 patent ~~are~~ is indefinite because a person of ordinary skill in the art would not understand what is, and what is not, covered by the claim~~s~~, you must then find that ~~those~~ the claim~~s~~ ~~are~~ is invalid.

02198.51855/4916046.1

-2-  Case No. 11-cv-01846-LHK (PSG)
SAMSUNG'S PROPOSED JURY INSTRUCTION REGARDING THE INDEFINITENESS OF THE TERM "SUBSTANTIALLY CENTERED"

DATED: August 17, 2012

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ *Victoria F. Maroulis*
Victoria F. Maroulis
Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

02198.51855/4916046.1

-3-   Case No. 11-cv-01846-LHK (PSG)
SAMSUNG'S PROPOSED JURY INSTRUCTION REGARDING THE INDEFINITENESS OF THE TERM "SUBSTANTIALLY CENTERED"