| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781) <br> hmcelhinny@mofo.com <br> MICHAEL A. JACOBS (CA SBN 111664) <br> mjacobs@mofo.com <br> RACHEL KREVANS (CA SBN 116421) <br> rkrevans@mofo.com <br> JENNIFER LEE TAYLOR (CA SBN 161368) <br> jtaylor@mofo.com <br> ALISON M. TUCHER (CA SBN 171363) <br> atucher@mofo.com <br> RICHARD S.J. HUNG (CA SBN 197425) <br> rhung@mofo.com <br> JASON R. BARTLETT (CA SBN 214530) <br> jasonbartlett@mofo.com <br> MORRISON & FOERSTER LLP <br> 425 Market Street <br> San Francisco, California  94105-2482 <br> Telephone:  (415) 268-7000 <br> Facsimile:  (415) 268-7522 | WILLIAM F. LEE <br> william.lee@wilmerhale.com <br> WILMER CUTLER PICKERING <br> HALE AND DORR LLP <br> 60 State Street <br> Boston, MA 02109 <br> Telephone: (617) 526-6000 <br> Facsimile: (617) 526-5000 <br><br> MARK D. SELWYN (SBN 244180) <br> mark.selwyn@wilmerhale.com <br> WILMER CUTLER PICKERING <br> HALE AND DORR LLP <br> 950 Page Mill Road <br> Palo Alto, California 94304 <br> Telephone: (650) 858-6000 <br> Facsimile: (650) 858-6100 |

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, <br><br> Defendants. | Case No. 11-cv-01846-LHK (PSG) <br><br> **APPLE'S PROPOSED JURY INSTRUCTION REGARDING INDEFINITENESS** <br><br> Place:   Courtroom 1, 5th Floor <br> Judge:   Hon. Lucy H. Koh |

"A determination of claim indefiniteness is a legal conclusion that is drawn from the court's performance of its duty as a construer of patent claims." *Telcordia Techs., Inc. v. Cisco Sys.*, 612 F.3d 1365, 1376 (Fed. Cir. 2010) (quoting *Personalized Media Commc'ns, L.L.C. v. Int'l Trade Comm'n*, 161 F.3d 696, 705 (Fed. Cir. 1998)); *Exxon Research & Eng'g Co. v. United States*, 265 F.3d 1371, 1376 (Fed. Cir. 2001) (same). Accordingly, indefiniteness is "*not a question for the jury*." *Accentra Inc. v. Staples, Inc.*, Case No. CV 07-5862 ABC (RZx), 2011 U.S. Dist. LEXIS 154692, at *9-10 (C.D. Cal. Dec. 19, 2011) (emphasis added). It is therefore no surprise that the model jury instructions from this Court, the Federal Circuit Bar Association, the AIPLA, and the National Jury Project all lack an instruction on indefiniteness. It is also no surprise that—as Samsung highlights—the Federal Circuit Bar Association's instructions used to have an indefiniteness instruction, but no longer do. The more recent National Jury Project's model set is crystal clear on this question. It states: "The Committee has not included instructions on indefiniteness because the Federal Circuit has ruled that this is a matter for the court to decide." (Model Patent Jury Instructions Prepared by the National Jury Instruction Project at 14.)

Nevertheless, Samsung's expert Stephen Gray testified during trial that the "substantially centered" language in claim 50 of the '163 patent "is an ambiguous term." (Trial Tr. at 2922:13-15.) He continued:

> Part of what a patent does is provide information to an engineer to allow them to understand the scope of the patent so that they can avoid infringing the patent. I don't know when something is fully centered or not centered, but "substantially centered" is ambiguous.

(*Id.* at 15-22.)

Whether "substantially centered" is "ambiguous"—and whether it is a phrase that "allow[s] [an engineer] to understand the scope of the patent"—is a legal question for the Court to answer. *Telcordia Techs.*, 612 F.3d at 1376; *Exxon Research*, 265 F.3d at 1376. Mr. Gray's testimony is not probative of any issue the jury will decide. Allowing the jury to consider such evidence would invade the Court's authority to perform claim construction. It would also run the risk of confusing the jury, which has already been instructed that "[i]t is [the Court's] job as judge

to explain to you the meaning of any language in the claims that needs interpretation." (Dkt. No. 1295 at 23 (Instruction 20)).) *See Cytologix Corp. v. Ventana Med. Sys.*, 424 F.3d 1168, 1172 (Fed. Cir. 2005) ("The risk of confusing the jury is high when experts opine on claim construction before the jury even when, as here, the district court makes it clear to the jury that the district court's claim constructions control.").

Samsung's citation to testimony from witnesses such as Mr. Forstall does not help its cause. Samsung has by now waived its right to assert an indefiniteness defense, but in any event indefiniteness is a legal question for the Court.

There is one final glaring problem with Samsung's position. Samsung's proposed instruction does not even state the correct test for indefiniteness. A claim is not indefinite unless "reasonable efforts at claim construction prove futile," and "it is 'insolubly ambiguous' and not 'amenable to construction.'" *See Novo Indus., L.P. v. Micro Molds Corp.*, 350 F.3d 1348, 1353 (Fed. Cir. 2003). Samsung's instruction does not ask for a determination of these types of questions.[1]

For all of these reasons, the Court should instruct the jury to disregard this testimony, and to assume that one of ordinary skill in the art would both understand the "substantially centered" claim language, and also understand that it had its plain and ordinary meaning. That is how the Court will instruct the jury to apply all of the other claim language the Court has not formally

---

[1] The Federal Circuit cases cited by Samsung are inapposite. In *Northpoint Technology, Ltd. v. MDS America, Inc.*, 413 F.3d 1301 (Fed. Cir. 2005), *Union Carbide Chemicals & Plastics Technology Corp. v. Shell Oil Co.*, 308 F.3d 1167 (Fed. Cir. 2002), and *Minnesota Min. & Mfg. Co. v. Chemque, Inc.,* 303 F.3d 1294 (Fed. Cir. 2002), it is not clear how the question got decided by the jury. The opinions do not indicate, for instance, whether the parties may have stipulated to have the jury decide indefiniteness. Moreover, in none of these cases was the question of indefiniteness before the Federal Circuit on appeal. *Tech. Licensing Corp. v. Videotek, Inc.*, 545 F.3d 1316, 1338 (Fed. Cir. 2008), was a bench trial. *Orthokinetics, Inc. v. Safety Travel Chairs, Inc.,* 806 F.2d 1565 (Fed. Cir. 1986), was decided long ago, when it was not even settled whether claim construction was an issue of law for the court or was amenable to jury determination. In *BJ Services Co. v. Halliburton Energy Services, Inc.*, 338 F.3d 1368, 1372 (Fed. Cir. 2003), the jury was called upon to evaluate the soundness of the measurement methodologies employed by the parties' experts that went to the issue of whether a skilled person, having performed the necessary experiments, would have understood the results reached to meet the disputed claim limitation. *Id.* Here, the question of whether "substantially centered" is definite does not rely on any expert experiments or measurements; the parties have not presented test data or experimental results that the jury is required to evaluate.

1 construed. (*See* Dkt. No. 1693 at 16:22-23 (Undisputed Proposed Final Jury Instruction No. 10).)
2 That is how the jury should treat this language as well. Apple's proposed curative instruction
3 immediately below this submission will help cure any prejudice to Apple that Mr. Gray's
4 testimony might cause. *See United States v. Sanchez*, 659 F.3d 1252, 1258-59 (9th Cir. 2011)
5 (holding district court erred by failing to issue curative instruction that addressed improper
6 statement).

Dated: August 17, 2012               MORRISON & FOERSTER LLP

                                     By:   */s/ Michael A. Jacobs*
                                           Michael A. Jacobs

                                           Attorneys for Plaintiff and
                                           Counterclaim-Defendant
                                           APPLE INC.

**PROPOSED JURY INSTRUCTION
REGARDING INDEFINITENESS**

As I explained to you at the start of this case, it is my job as judge to explain to you the meaning of any language in the claims that needs interpretation.

You heard some testimony about whether a person of ordinary skill in the art would or would not understand the phrase "substantially centered" in Apple's '163 patent. You should disregard that testimony. You must assume that one of ordinary skill in the art would understand that claim language, and would understand it to have its plain and ordinary meaning.

**Sources:**

Preliminary Jury Instruction No. 20 (Summary of Patent Contentions); Undisputed Proposed Final Jury Instruction No. 10 (Utility Patents—Interpretation Of Claims); *Cytologix Corp. v. Ventana Med. Sys.*, 424 F.3d 1168, 1172 (Fed. Cir. 2005) ("[B]y agreement the parties also presented expert witnesses who testified before the jury regarding claim construction, and counsel argued conflicting claim constructions to the jury. This was improper, and the district court should have refused to allow such testimony despite the agreement of the parties. The risk of confusing the jury is high when experts opine on claim construction before the jury even when, as here, the district court makes it clear to the jury that the district court's claim constructions control."); *Exxon Research & Eng'g Co. v. United States*, 265 F.3d 1371, 1376 (Fed. Cir. 2001) (determining whether a patent complies with 35 U.S.C. § 112(2) presents a question of law "that is drawn from the court's performance of its duty as the construer of patent claims") *Atmel Corp. v. Information Storage Devices, Inc.*, 198 F.3d 1374, 1378 (Fed. Cir. 1999) (same); *Personalized Media Communs., L.L.C. v. ITC*, 161 F.3d 696, 702-03 (Fed. Cir. 1998) (same); *Accentra Inc. v. Staples, Inc.*, Case No. CV 07-5862 ABC (RZx), 2011 U.S. Dist. LEXIS 154692, at *9-10 (C.D. Cal. Dec. 19, 2011) ("Indefiniteness is a legal conclusion that is drawn from the court's performance of its duty as the construer of patent claims, *not a question for the jury*.") (internal quotations omitted, emphasis added).