| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781) | WILLIAM F. LEE |
| hmcelhinny@mofo.com | william.lee@wilmerhale.com |
| MICHAEL A. JACOBS (CA SBN 111664) | WILMER CUTLER PICKERING |
| mjacobs@mofo.com | HALE AND DORR LLP |
| RACHEL KREVANS (CA SBN 116421) | 60 State Street |
| rkrevans@mofo.com | Boston, MA 02109 |
| JENNIFER LEE TAYLOR (CA SBN 161368) | Telephone: (617) 526-6000 |
| jtaylor@mofo.com | Facsimile: (617) 526-5000 |
| ALISON M. TUCHER (CA SBN 171363) | |
| atucher@mofo.com | MARK D. SELWYN (SBN 244180) |
| RICHARD S.J. HUNG (CA SBN 197425) | mark.selwyn@wilmerhale.com |
| rhung@mofo.com | WILMER CUTLER PICKERING |
| JASON R. BARTLETT (CA SBN 214530) | HALE AND DORR LLP |
| jasonbartlett@mofo.com | 950 Page Mill Road |
| MORRISON & FOERSTER LLP | Palo Alto, California 94304 |
| 425 Market Street | Telephone: (650) 858-6000 |
| San Francisco, California 94105-2482 | Facsimile: (650) 858-6100 |
| Telephone: (415) 268-7000 | |
| Facsimile: (415) 268-7522 | |

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | Case No. 11-cv-01846-LHK |
| Plaintiff, | **APPLE'S RESPONSES TO THE COURT'S QUESTIONS REGARDING JURY INSTRUCTIONS** |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendants. | |

Pursuant to the Court's Questions to the Parties Regarding Jury Instructions (Dkt. 1797) Apple submits its responses to the Court's inquiries.

## I.   PROPOSED INSTRUCTION NO. 59—TRADE DRESS DAMAGES—PLAINTIFF'S ACTUAL DAMAGES

### A.   Apple Agrees No Harm to Goodwill or Business Reputation Instruction Is Needed

Without waiving any other claim, defense or argument, Apple agrees that the specific references to "goodwill" and "business reputation" can be removed from the Ninth Circuit model jury instruction.

### B.   Samsung Did Not Introduce Evidence at Trial That Would Support an Instruction on "Other Market Factors"

Samsung's instruction regarding "other market factors" is both improperly vague and unsupported by the record at trial. First, it will be entirely unclear to the jury to what, if anything, "other market factors" refers.

Only Michael Wagner testified for Samsung regarding Apple's damages. Mr. Wagner testified that Samsung's trade dress violations did not cause any lost profits for Apple due to demand for other technology within the Samsung phone. His testimony was qualitative and absolute, advocating a flat denial of *any* lost profit award. (Trial Tr. 3038:20-3042:16.) Mr. Wagner provided no evidence or analysis regarding how any lost profit award could or should be adjusted downward based on "other market factors." Wagner provided no evidence of how consumer behavior would change incrementally based on features or market conditions or how that change could be quantified.

Mr. Wagner's only testimony regarding any adjustment to a lost profit award was testimony that Apple's incremental profit calculation was overstated by 20%. (Trial Tr. 3051:21-3052:10.) This deals with a different issue – the question of how profitable Apple is. The 20% adjustment does not affect the *number* of sales but the *amount* Apple would make for each sale. (*Id.*) That is not evidence of "market factors" driving Samsung sales. It is evidence relating to the incremental profitability or "profit margin," which is a different element of proof. This testimony will not support an adjustment to sales due to "other market adjustments" in the manner

provided in Samsung's proposed instruction.

## II. PROPOSED INSTRUCTION NO. 61—TRADE DRESS DAMAGES—REASONABLE ROYALTY

### A. Apple Disclosed a Theory of Reasonable Royalty in its Pre-Trial Disclosures

Apple's pre-trial disclosures gave Samsung adequate notice that Apple sought reasonable royalties as an element of its damages. The theory of a reasonable royalty appears in Apple's damages interrogatory response when discussing the patents and intellectual property being asserted. (Pernick Decl. Ex. 1 ("Pursuant to 35 U.S.C. § 284, Apple claims damages adequate to compensate for Samsung's infringement of Apple's design and utility patents, which shall in no event be less than a reasonable royalty for Samsung's infringement. A reasonable royalty shall apply to any sales of infringing products that are not proved to have resulted in lost profits.").) In addition, Apple disclosed its calculations of a reasonable royalty for trade dress in the March 22, 2012 Expert Report of Terry L. Musika, CPA. Mr. Musika stated: "I have calculated a reasonable royalty amount for those accused products that infringe a design patent, and those products which infringe or dilute a trade dress or trademark for which no other damage remedy was available." (Pernick Decl. Ex. 2 ¶ 82.) Mr. Musika identified in Exhibit 15 on a trade-dress-by-trade-dress basis whether he included reasonable royalties in his damages calculation. (*Id.* at Exhibit 15.) This disclosure provided specific notice of Apple's theory of recovery in March 2012.

Reasonable royalties are a damage remedy available under 15 U.S.C. § 1117. *Playboy Enters., Inc. v. Baccarat Clothing Co., Inc.*, 692 F.2d 1272, 1275 (9th Cir. 1982) (acknowledging reasonable royalty as a remedy for trademark infringement); *Shakey's USA, Inc. v. Tutto's Pizza Corp.*, No. 09-cv-0093 OWW DLB, 2009 U.S. Dist LEXIS 90472, at *12-13 (E.D. Cal. Sept. 30, 2009) (reasonable royalty based on a franchising agreement between the parties is an "appropriate" form of damages).

### B. Apple Introduced Evidence at Trial of Reasonable Royalty

Apple's damages expert, Terry Musika, testified at trial about reasonable royalty damages caused by Samsung's trade dress violation. (*See* Trial Tr. 2090:19-2093:21.) Mr. Musika also

showed demonstrative slide PDX34B.51 to the jury, which listed the reasonable royalty rates he used for each utility patent, design patent, and trade dress claim in his damages calculations. (Trial Tr. 2090:19.) Finally, Mr. Musika explained to the jury how it could use trial exhibit PX25A1 to calculate damages, including the application of a reasonable royalty for trade dress violations. (Trial Tr. 2163:13 – 2165:4 ("But as we remember from the, from the royalty rate, whether it's one or all of them, that would be $24. So they know, once it's infringing one of those either design patents or trade dress, it's $24, and then the unit times each of the utility patents that are infringed.") Accordingly, Apple's proposed instruction is justified.

### III. PROPOSED INSTRUCTION NO. 15—DOCTRINE OF EQUIVALENTS--LIMITATIONS

There is only one limitation in any of the asserted claims of the Apple and Samsung patents-in-suit for which a party has sought to argue infringement under the doctrine of equivalents at trial: *i.e.*, the "scroll keys" limitation of Samsung's '460 patent. Samsung is estopped from asserting doctrine of equivalents for this limitation, however, because it was added during prosecution in order to overcome prior art. Accordingly, Jury Instruction 14 – UTILITY PATENTS – INFRINGEMENT UNDER THE DOCTRINE OF EQUIVALENTS – is unnecessary because the jury should not be allowed to find infringement under the doctrine of equivalents for any Samsung patent. In addition, Jury Instruction 15 should be modified simply to note that the jury is not allowed to find infringement under the doctrine of equivalents for any of the patents-in-suit.

Samsung is estopped from asserting that the accused products infringe the "scroll keys" in the '460 patent under the doctrine of equivalents. During prosecution of the grandparent application to the '460 patent, Samsung added the step of "sequentially displaying other images stored in a memory through the use of scroll keys" to pending claim 20 (corresponding to issued claim 1 of the '460 patent) to overcome a prior art rejection. (JX1066 at 11/7/2002 Amendment, JX1066.172-.183 (emphasis added).) At the same time, Samsung also added the requirement of displaying an image "most recently" captured in a camera mode as part of the same amendment

to overcome prior art. (Id.) Samsung argued that these new limitations distinguished the invention of claim 20 from the prior art relied upon by the Examiner in the Office Action. Specifically, Samsung argued that

> Claim 20 has been amended, and as amended is distinguishable over the cited references. Particularly, Claim 20 has been amended to include 'displaying an image most recently captured in a camera mode' and 'sequentially displaying other images stored in memory through the use of scroll keys.' Neither Wagner *et al*, Suso *et al* nor Dawson, alone or in combination, teach or disclose these limitations.

(JX1066.180 11/7/2002 Response to Office Action; *see also* Dkt. No. 1001, Yang Decl. in Opp. to Apple Motion for S.J. ¶ 31 ("Samsung responded to the initial rejection of claim 20 by amending it to claim "sequentially displaying other images stored in a memory through the use of scroll keys." … Samsung contended that its amendment distinguished claim 20 from the asserted patents.").)

Samsung is estopped from invoking the doctrine of equivalents for claim limitations that were added by amendment during prosecution to overcome prior art. *See Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722, 740 (2002) ("A patentee's decision to narrow his claims through amendment may be presumed to be a general disclaimer of the territory between the original claim and the amended claim."). The addition of two claim limitations as part of the same amendment to overcome prior art results in prosecution history estoppel with respect to both limitations. *Felix v. Am. Honda Motor Co., Inc.*, 562 F.3d 1167, 1184 (Fed. Cir. 2009) ("It is immaterial that [the patent owner] chose to add the channel and the gasket limitations, rather than just one. The resulting estoppel attaches to each added limitation."). Samsung has presented no evidence supporting any of the limited circumstances under which a patentee may attempt to rebut the presumption that equivalents are barred by prosecution history estoppel. (Trial Tr. 2396:18-2398:18; *see Festo Corp*, 535 U.S. at 740-41). Accordingly, Samsung is estopped from claiming that the accused products infringe under the doctrine of equivalents the limitations "sequentially displaying other images stored in a memory through the use of scroll keys," and the second e-mail transmission sub-mode displaying an image "most recently" captured in a camera mode.

### IV. PROPOSED INSTRUCTION NO. 19—STATUTORY BAR

Apple has presented evidence of prior art qualifying under 35 U.S.C. § 102(b) with respect to Samsung's U.S. Patent Nos. 7,675,941, 7,456,893 and 7,698,711.  In particular, Apple has presented evidence that the '941 patent is invalid over U.S. Patent No. 6,819,658 to Agarwal (PX97), which issued November 16, 2002, more than one year before the effective filing date of the '941 patent.  (Trial Tr. 3453:11-3460:6.)  The '893 patent is invalid over Korean Patent No. 10-2004-0013792 to LG Electronics (PX 112), which published February 14, 2004, more than one year before the effective filing date of the '893 patent.  (Trial Tr. 3205:25-3216:25.)  Apple has also presented evidence that the '711 patent is invalid over the Sony Ericsson K700i device (PX125) (Trial Tr. 3234:6-3245:15), which was in public use and on sale in the US more than one year before effective filing date of the '711 patent (*see* PX116 (Sony Ericsson K700i User Guide, March 2004) (Trial Tr. 3236:8-3236:25) and PX117 (Sony Press Releases of March 9, 2004 and March 21, 2004) (Trial Tr. 3235:7-3236:7)), and U.S. Patent No. 6,928,648 to Wong et al. (PX91) (Trial Tr. 3245:16-3246:15), which published as US2002/0156937 on October 24, 2002, also more than one year before the effective filing date of the '711 patent.

Samsung has introduced evidence that Samsung contends establishes that all Apple utility patents in suit ('381, '915, '163) are anticipated by third party prior art references and therefore statutorily barred.

Based on the evidence presented, there is no defense that turns on the priority dates of the patents in suit.  Accordingly, Apple agrees with Samsung that there is no need to instruct the jury as to the specific effective filing dates of the utility patents in suit.

1
2
3  Dated: August 17, 2012                    MORRISON & FOERSTER LLP
4
5                                            By:  /s/ *Michael A. Jacobs*
6                                                   Michael A. Jacobs
7                                            Attorneys for Plaintiff
                                             APPLE INC.
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

APPLE'S RESPONSES TO THE COURT'S QUESTIONS REGARDING JURY INSTRUCTIONS
CASE NO. 11-CV-01846-LHK                                                    6
sf-3184785