# Exhibit 2

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>                Plaintiff,<br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>                Defendants. | Case No.11-cv-01846-LHK<br><br>**EXPERT REPORT OF TERRY L. MUSIKA, CPA** |

**SUBJECT TO PROTECTIVE ORDER**

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

application of one or both remedies to each utility patent as it relates to both smartphones and tablets is identified on **Exhibit 15**.

81. I have also considered both a lost profits and/or a reasonable royalty remedy for each design patent. However, I have also considered a third remedy for the assumed infringement of Apple's design patents under 35 U.S.C. §289. A damage amount based on an infringer's total profit is an acceptable form of remedy for the infringement of a design patent. The specific application of each of the three remedies to each design patent as it relates to both smartphones and tablets is identified on **Exhibit 15**.

82. Infringer's profits and plaintiff's damages are both acceptable forms of remedies for the infringement or dilution of a trade dress or trademark. Plaintiff's damages include the profits lost by the trade dress holder due to infringement by the defendant and I calculate an amount reflecting that as a part of my report. Unlike 35 U.S.C. § 289, the infringer's profit remedy regarding trade dress and trademarks involves an apportionment of the infringer's profit. However, I understand that the defendant bears the burden of that apportionment. Accordingly, I have not apportioned infringer's profits but intend to comment on and provide an opinion on any apportionment for which Samsung argues in its opening report. Finally, I understand that a reasonable royalty is an acceptable form of damages for the infringement of design patents and is an acceptable form of damages for trade dress, and trademarks in circumstances where no other form of damages is available. Accordingly, I have calculated a reasonable royalty amount for those accused products that infringe a design patent, and those products which infringe or dilute a trade dress or trademark for which no other damage remedy was available. The specific application of each of the three remedies to each group of design patents, trade dress, and trademarks as it relates to both smartphones and tablets is identified on **Exhibit 15**

83. Each item of Apple Intellectual Property In Suit is entitled to only one damage remedy (i.e., either lost profits, infringer's profits where appropriate or a reasonable royalty). Further, once lost profits or infringer's profits have been awarded for the unit sale of an accused product, no further damages are appropriate even though the same item may infringe multiple items of Apple Intellectual Property In Suit. However, if no lost profits or infringer's profits is awarded for a unit sale of an accused product, then that particular accused item may qualify for a reasonable royalty award based on each item of

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

## S. PROFESSIONAL ARRANGEMENT

265. My work for expert services provided in this matter is charged at a standard billing rate of $550 per hour and is in no way contingent on the outcome of this matter. In addition, I will be reimbursed for all reasonable out-of-pocket expenses incurred in connection with my analyses and testimony in this case.

March 22, 2012                                          Terry L. Musika, CPA

## Identification of Appropriate Forms of Damages

| IP Type | Patent/Registration No. | Form of Damages | | | | | |
|---|---|---|---|---|---|---|---|
| | | Lost Profits | | Infringer's Profits | | Reasonable Royalty | |
| | | Smartphones | Tablets | Smartphones | Tablets | Smartphones | Tablets |
| Utility Patents | 6,493,002 | n/a | n/a | n/a 1/ | n/a 1/ | Calculated | Calculated |
| | 7,469,381 | Calculated | Calculated | n/a 1/ | n/a 1/ | Calculated | Calculated |
| | 7,663,607 | n/a 2/ | Calculated | n/a 1/ | n/a 1/ | n/a 2/ | Calculated |
| | 7,844,915 | Calculated | Calculated | n/a 1/ | n/a 1/ | Calculated | Calculated |
| | 7,853,891 | n/a | n/a | n/a 1/ | n/a 1/ | Calculated | Calculated |
| | 7,864,163 | Calculated | Calculated | n/a 1/ | n/a 1/ | Calculated | Calculated |
| | 7,920,129 | n/a 2/ | n/a | n/a 1/ | n/a 1/ | n/a 2/ | Calculated |
| Design Patents | D627,790 | n/a | n/a | Calculated | n/a 3/ | Calculated | n/a 3/ |
| | D617,334 | n/a | n/a | Calculated | n/a 3/ | Calculated | n/a 3/ |
| | D604,305 | n/a | n/a | Calculated | n/a 3/ | Calculated | n/a 3/ |
| | D618,677 | Calculated | n/a 3/ | Calculated | n/a 3/ | Calculated | n/a 3/ |
| | D504,889 | n/a 2/ | Calculated | n/a 2/ | Calculated | n/a 2/ | Calculated |
| | D593,087 | Calculated | n/a 3/ | Calculated | n/a 3/ | Calculated | n/a 3/ |
| | D622,270 | Calculated | n/a 3/ | Calculated | n/a 3/ | Calculated | n/a 3/ |
| Trade Dress | iPhone | Calculated | n/a 3/ | Calculated | n/a 3/ | Calculated | n/a 3/ |
| | iPhone 3G | Calculated | n/a 3/ | Calculated | n/a 3/ | Calculated | n/a 3/ |
| | iPhone 4 | Calculated | n/a 3/ | Calculated | n/a 3/ | Calculated | n/a 3/ |
| | iPhone / iPhone 3G / iPhone4 | Calculated | n/a 3/ | Calculated | n/a 3/ | Calculated | n/a 3/ |
| | iPad and iPad 2 | n/a 2/ | Calculated | n/a 2/ | Calculated | n/a 2/ | Calculated |
| | 3,470,983 | Calculated | n/a 3/ | Calculated | n/a 3/ | Calculated | n/a 3/ |
| | 3,457,218 | Calculated | n/a 3/ | Calculated | n/a 3/ | Calculated | n/a 3/ |
| | 3,475,327 | Calculated | n/a 3/ | Calculated | n/a 3/ | Calculated | n/a 3/ |
| Trademarks | 3,886,196 | n/a 4/ | n/a 4/ | Calculated | Calculated | Calculated | Calculated |
| | 3,889,642 | n/a 4/ | n/a 4/ | Calculated | Calculated | Calculated | Calculated |
| | 3,886,200 | n/a 4/ | n/a 4/ | Calculated | Calculated | Calculated | Calculated |
| | 3,889,685 | n/a 4/ | n/a 4/ | Calculated | Calculated | Calculated | Calculated |
| | 3,886,169 | n/a 4/ | n/a 4/ | Calculated | Calculated | Calculated | Calculated |
| | 3,886,197 | n/a 4/ | n/a 4/ | Calculated | Calculated | Calculated | Calculated |
| | 2,935,038 | n/a 4/ | n/a 4/ | Calculated | Calculated | Calculated | Calculated |
| | 85/041,463 (Pending) | n/a 4/ | n/a 4/ | Calculated | Calculated | Calculated | Calculated |

**Sources/Notes:**
1/ Form of intellectual property is not appropriate for the damages remedy.
2/ Intellectual property relevant to tablets only.
3/ Intellectual property relevant to smartphones only.
4/ Not a form of damages claimed by Apple regarding certain Trademarks.