QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

APPLE INC., a California corporation,

Plaintiff,

vs.

SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,

Defendant.

CASE NO. 11-cv-01846-LHK

**SAMSUNG'S RESPONSES TO FIRST SET OF QUESTIONS REGARDING PROPOSED JURY INSTRUCTIONS**

Samsung respectfully submits the following responses to the Court's First Set of Questions Regarding Jury Instructions (Dkt. 1797).

**<u>Trade Dress Jury Instructions</u>**

### A. Proposed Instruction No. 59 – Trade Dress Damages – Plaintiff's Actual Damages

1. <u>Apple's Proposed Instruction</u>

The Court has asked whether Apple disclosed a theory of harm to goodwill or business reputation in its pretrial disclosures. In its response to Samsung's interrogatory no. 70 – which required Apple to "state fully and in detail all facts that support [Apple's] contention that SAMSUNG is diluting or has diluted [Apple's asserted] trade dress[,]" Apple generally referred to diminishment of "its reputation as an innovator in design[,]" which Apple alleged was caused by Samsung's diluting trade dress. Apple has since made clear that it is not pursuing a theory of dilution by tarnishment. *See* Dkt. 1694, at 231. Apple did not disclose a theory of harm to business reputation, and nowhere disclosed a theory of harm to goodwill.

Wholly aside from the lack of adequate disclosure of these theories, Apple has also failed to adduce any evidence to support them. Apple's expert Dr. Winer agreed that he "had no empirical evidence to show that Samsung's actions [have] diluted Apple's brand." R.T. 8/7/2012, at 1534:18-21. Dr. Winer also agreed that he had "never quantified the amount of any alleged harm from dilution or loss of any kind to Apple as a result of Samsung's actions." *Id.* at 1534:22-25. Dr. Winer also conceded that he had no empirical evidence that Apple "lost any market share as a result of Samsung's sales of its devices," or any information quantifying the amount of any allegedly lost market share. *Id.* at 1535:1-11.

Apple's damages expert Mr. Musika also did not offer any testimony regarding any purported harm to goodwill or business reputation. Mr. Musika expressly testified that his analysis of Apple's alleged trade dress damages was limited to quantifying Samsung's profits and Apple's alleged lost profits. *See* R.T. 8/13/2012, at 2045:11-25; *id.* at 2046:6-14; *id*. at 2047:23-2048:7 ("And, again, we can see in the enumeration [PDX 34B.76], one, defendant's profits, that would be Samsung again; and damages sustained by Plaintiff, ***that would be lost profits***; and costs

of the action. I'm not giving any opinion on that third piece.") (emphasis added). Mr. Musika did not offer any opinion or other testimony that could support a claim for harm to Apple's goodwill or business reputation. Instructing the jury that they may consider "injury to Apple's reputation" and "loss of Apple's goodwill, including injury to Apple's general business reputation," despite the complete failure of proof on these issues would be confusing and prejudicial to Samsung. The Court should not issue Apple's proposed instruction No. 59.

2. Samsung's Proposed Instruction

Samsung has proffered ample evidence from which the jury may reasonably find that any profits lost by Apple were due to factors other than any infringement of Apple's trade dress. The jury has seen evidence and knows from experience that smart phones and tablets contain hundreds of features that are not implicated in any way by Apple's asserted trade dresses. Mr. Wagner testified that consumers were interested in features that had more to do with functionality than design, such as larger screen size or GPS turn-by-turn navigation. *See* R.T. 8/16/2012 at 3041:11-3042:5. Apple's Smartphone Market Study from January 2011 (DX 572) corroborated that testimony, noting that preference for wireless service provider, "trust[] [in] the Google brand," preference for a larger screen and the Android Market for apps, better integration with Google services, preference for turn-by-turn GPS navigation, and a desire for the latest technology were among the top reasons for buying an Android phone among consumers who considered the iPhone. *See* DX 572.082. Mr. Musika also conceded that considerations such as service provider, operating system, and price are all factors unrelated to the asserted trade dresses that consumers take into consideration when purchasing smartphones. *See* R.T. 8/13/2012, at 2126:2-2125:25; 2130:2-2130:20; 2131:19-2132:9. Moreover, the jury heard additional evidence that Apple faced manufacturing capacity challenges during the relevant time period that prevented Apple from meeting any additional consumer demand. *See* R.T. 8/13/2012 at 2139:13-2141:18; R.T. 8/16/2012 at 3045:10-3047:8.

The jury may therefore properly consider any and all of these factors, as well as its own experience, in determining whether to credit Apple's claim for lost profits. The jury is also entitled to determine for itself what weight to accord any given factor in reaching its ultimate

conclusion with respect to the measure of Apple's claim for lost profits. *See* Ninth Circuit Model Instruction No. 15.25(6) (providing that jury may consider "any other factors that bear on plaintiff's actual damages"). The jury should therefore be given Samsung's proposed instruction no. 59.

**B. Proposed Instruction No. 61 – Trade Dress Damages – Reasonable Royalty**

Apple has never asserted a right to recoup a reasonable royalty for Samsung's alleged infringement or dilution of Apple's asserted trade dresses. In response to Samsung's Interrogatory No. 8 – which required Apple to "identify and fully describe any and all damages that APPLE is claiming [] and the detailed basis for any such damages claim, including whether APPLE is seeking lost profits or a reasonable royalty" – Apple claimed to be seeking damages in the amount of Samsung's profits or Apple's lost profits, but did not identify a reasonable royalty as among the bases for its claimed damages. *See* Dkt. 1233-05, at 29. Apple's initial disclosures similarly did not identify a reasonable royalty as among the damages Apple sought for Samsung's alleged infringement and/or dilution of Apple's asserted trade dresses. *See* Dkt. 1233-03, 1233-04.

Moreover, Apple's damages expert, Mr. Musika, expressly testified that his opinions with respect to trade dress damages were limited to (1) Samsung's profits; and (2) Apple's lost profits. *See* R.T. 8/13/2012 at 2045:11-25 ("I considered three different forms of remedy in total as it relates to the design, and that would be the design patent and the trade dress. I considered two forms of damage. Q. What were those forms? A. One. One is called Samsung's profits, and the other is called Apple's lost profits."); *see also id.* at 2047:23-2048:7 ("And, again, we can see in the enumeration [PDX 34B.76], one, defendant's profits, that would be Samsung again; and damages sustained by Plaintiff, that would be lost profits; and costs of the action. I'm not giving any opinion on that third piece."); *id.* at 2046:6-14; PDX 34B.76 (listing "(1) defendant's profits, (2) any damages sustained by the plaintiff, and(3) the costs of the action" as the statutory bases for his trade dress damages opinion). In fact, Mr. Musika testified that "for the design elements, that being the design patents and the trade dress, I looked at those as a group, recognizing that Apple would not, and really could not license that out. You can't take your identity, you can't take

basically what you've built your company around and license a piece of that." R.T. 8/13/2012, at 2091:3-9. As set forth in Samsung's opposition to Apple's Proposed Instruction No. 61, a reasonable royalty is not a cognizable measure of damages for trade dress infringement or dilution claims. *See* Dkt. 1694, at 243. Apple's instruction should therefore be rejected as untimely and lacking in any factual or legal support.

**Utility Patent Jury Instructions**

**A. Proposed Instruction No. 15 – Doctrine of Equivalents – Limitations**

Apple requests a jury instruction that certain of its devices cannot infringe claim 1 of the '460 patent under the doctrine of equivalents. Apple's request has no merit.

The '460 patent combines three core functions of a mobile phone: (1) sending an email with text; (2) sending an email with an image; and (3) scrolling through pictures. In some Apple products, the user scrolls through pictures by using the touch screen to tap on the scroll keys. These products literally infringe the '460 patent. In others, the user scrolls through pictures by swiping her finger to scroll through the pictures. Dr. Yang testified that those products infringe under the Doctrine of Equivalents because swiping to scroll is equivalent to tapping the button to scroll.

According to Apple, Samsung made "claim changes or statements" during prosecution that surrendered "swiping" as an equivalent to the "use of scroll keys." (Dkt. 1797 (Apple's Proposed Jury Instruction No. 15). In support of its instruction, Apple argues that these "changes or statements"—which, to date, Apple has not specified—preclude Samsung from asserting infringement by equivalents under the doctrine of prosecution history estoppel.

The Court has already ruled on this issue. Specifically, on August 9, 2012, Apple filed a High Priority Objection to exclude Dr. Woodward Yang from testifying that Apple infringed under the doctrine of equivalents based on this opinion. Dkt. 1683 at 21. Based on the same theory as here, Apple argued that prosecution history estoppel barred the doctrine of equivalents. *Id.*

The Court rejected Apple's High Priority Objection. Dkt. 1690 at 8. The Court concluded that, in its review of the prosecution history, "it is not clear that Samsung narrowed the scope of

the claim to overcome a prior art rejection." *Id.* The court further noted that "[i]t is not clear . . . that the prior art rejection related to the use of scroll keys, or one of the other aspects of the amendment adopted by the patentee." *Id.* at 8.

The Court's ruling was unquestionably correct. "Prosecution history estoppel bars a patentee from imposing liability for infringement by an otherwise equivalent device or method, when the claim scope that would have reached the accused device or method ***was relinquished by the patentee in order to avoid the prior art***." *Pall Corp. v. Hemasure Inc.*, 181 F.3d 1305, 1311 (Fed. Cir. 1999) (emphasis added). Stated differently, "[t]he doctrine of prosecution history estoppel prevents a patent owner from recapturing with the doctrine of equivalents subject matter ***surrendered to acquire the patent***." *Honeywell Intern., Inc. v. Hamilton Sundstrand Corp.*, 523 F.3d 1304, 1312 (Fed. Cir. 2008) (emphasis added); *see also Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722, 733-35 (2002) ("Where the original application ***once embraced the purported equivalent*** but the patentee narrowed his claims to obtain the patent or to protect its validity, the patentee cannot assert that he lacked the words to describe the subject matter in question."). Apple has the burden of proving that prosecution history estoppels applies. *McHugh v. Hillerich & Bradsby Co.*, No. C 07-03677 JSW, 2010 U.S. Dist. Lexis 16164, at *25-26 (N.D. Cal. Feb. 24, 2010) (White, J.) ("The party asserting prosecution history estoppel has the burden to establish that a patentee made a narrowing amendment.").

The prosecution history of the '460 patent confirms that the addition of the "scroll keys" element was not a narrowing amendment. Original claim 20 of Samsung's patent application issued as claim 1 of the '460 patent. (JX 1066.238-39.) This claim set forth only two core function: (1) sending an email with a message through a "first email transmission sub-mode"; and (2) sending an email displaying an image and a message through a "second email transmission sub-mode." (*Id.*) The claim had nothing to do with scrolling through photos. Therefore, in subsequent Office Actions, the Patent Office did not assert that the prior art disclosed scrolling through photos. (*See, e.g.*, JX 1066.192-94.) Instead, the Patent Office asserted combinations of prior art purportedly disclosing two ways of sending email.

Samsung responded with two amendments: (1) requiring the second email transmission

sub-mode to "display[] an image most recently captured"; and (2) adding "sequentially displaying other images through the use of scroll keys." (JX 1066.183.) Only the first of these additions addressed previous rejections. (JX 1066.180.) As this Court correctly noted, "[i]t is not clear. . . that the prior art rejection related to the use of scroll keys, or one of the other aspects of the amendment adopted by the patentee." Dkt. 1690 at 8. Therefore, Apple has failed to prove that the addition of scroll keys was an amendment related to patentability. Apple's proposed jury instruction should be rejected.

In any event, Apple's proposed instruction identifies the wrong scope of equivalents that would be surrendered if, hypothetically, prosecution history estoppel applied here. The relevant standard is that prosecution history estoppel effects "a general disclaimer of the territory between the original claim and the amended claim." *Festo Corp.*, 535 U.S. at 725. Here, the original claim had only two core functions and no scrolling. The amended claim added a third function, scrolling. Thus, under Apple's theory, Samsung would be barred from asserting that two core functions are equivalent to three core functions. That is not what Samsung is asserting. Samsung is asserting that "swiping" is equivalent to "use of scroll keys." In other words, Samsung "did not surrender the particular equivalent in question." *Festo Corp.*, 535 U.S. at 740.

**B. Proposed Instruction No. 19 – Statutory Bar**

1. <u>Samsung's Evidence of Statutory Bar Prior Art</u>

Samsung has introduced evidence at trial of the 102(b) statutory bar for each one of Apple's utility patents. The 102(b) prior art for each patent is discussed below.

**'163 Patent:** The critical date of the '163 patent is September 4, 2006. Samsung has introduced evidence that the following art was in public use or on sale before the critical date. Thus, the following art qualifies as 102(b) prior art:

- LaunchTile. This prior art was presented by fact witness Dr. Benjamin Bederson at the April 2005 CHI Conference (*see* DX 518, SDX 3951.009, R.T. 8/13/2012 at 2248:2-2249:6) and demonstrated by Dr. Bederson at the May 2005 University of Maryland Human Computer Interaction Lab Symposium (*see id*. 2251:25-2252:11).

- XNav. This source code for this prior art was sent by e-mail to Microsoft without restrictions on its use on August 25, 2005. (*See* PDX 2227; R.T. 8/13/2012 at 2243:22-2244:10, 2269:25-2271:3).
- U.S. Patent No. 7,327,349 ("Robbins"). This prior art patent was published on September 8, 2005. (*See* JX 1081).

**'381 Patent:** The critical date of the '381 patent is December 14, 2006. Samsung has introduced evidence that the following art was in public use or on sale before the critical date. Thus, the following art qualifies as 102(b) prior art:

- Tablecloth. This prior art, a program running on the DiamondTouch device, was for example on display in the lobby of Mitsubishi Electronics Research Labs and shown to Senator Bob Kerry in January 2005 (*see* DX 713, R.T. 8/13/2012 at 2296:14-2297:10), and on sale by October 2005 (*see* DX 661, R.T. 8/13/2012 at 2286:25-2289:6, DX 662, R.T. 8/13/2012 at 2287:25-2290:18).
- LaunchTile. (*See* '163 Patent above).

**'915 Patent:** The critical date of the '915 patent is January 7, 2006. Samsung has introduced evidence that the following art was in public or on sale before the critical date. Thus, the following art qualifies as 102(b) prior art:

- FractalZoom. This prior art, a program running on the DiamondTouch system, was developed by fact witness Dr. Clifton Forlines in November 2004 (*see* R.T. 8/14/2012 at 2351:9-2352:1) and demonstrated by fact witness Adam Bogue at numerous conferences, presented to the public in the lobby of the Mitsubishi Electronics Research Labs, and shown to Senator Bob Kerry in January 2005 (*see* DX 713, R.T. 8/13/2012 at 2285:4-2286:16, 2296:14-2297:11), and on sale by October 2005 (*see* DX 661, R.T. 8/13/2012 at 2286:25-2289:6, DX 662, R.T. 8/13/2012 at 2287:25-2290:18).

Japanese Patent Publication No. 2000-163031 ("Nomura"). This patent application was filed in November 1998 and published in 2000. (*See* DX 550, R.T. 8/15/2012 at 2902:6-2903:13).

2. Apple's Failure to Introduce Evidence That its Patents are Entitled to an Earlier Effective Filing Date

Apple has failed to introduce any evidence that the '381 or '163 Patents are entitled to an effective filing date earlier than their actual filing dates of December 14, 2007 for the '381 Patent and September 4, 2007 for the '163 Patent. The plaintiff has the burden of establishing the earlier date. *PowerOasis, Inc. v. T-Mobile USA, Inc.*, 22 F. 3d 1299, 1305-06 (Fed. Cir. 2008).

With respect to the '163 Patent, during the rebuttal examination of Apple's expert witness, Dr. Singh, counsel for Apple moved JX 1049, the file history for the '163 Patent, into evidence. But JX 1049 does not contain the provisional applications cited on the face of the patent – the first entry in file history that is now in evidence is the September 4, 2007 patent application.

With respect to the '381 Patent, Dr. Balakrishnan testified today that "all the functionality in claim 9 was disclosed in that earlier provisional application as the file history shows." R.T. 8/17/2012, at 3637:6-8. However, a careful review of the file history (JX 1047) reveals that the provisional application is not included. Instead, there is only a chart which purports to provide support for each claim by cross references lines, figures, and page numbers of the provisional applications, but the chart is otherwise devoid of substantive content. That is, no portion of the provisional applications are contained in the file history. Apple did not enter any of the provisional applications into evidence.

Because Apple has failed to enter the '163 and '381 provisional applications into evidence, and because it failed to enter any other evidence or testimony on an earlier effective filing date, it is not entitled a priority date earlier than the filing dates listed on the faces of the '163 and '381 patents. Because of this complete lack of evidence, Samsung believes that an instruction as to how entitlement to an effective filing date may be proven would be improper.

DATED: August 17, 2012

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Victoria F. Maroulis*
Victoria F. Maroulis

Attorneys for Defendant
SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC