| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781) <br> hmcelhinny@mofo.com <br> MICHAEL A. JACOBS (CA SBN 111664) <br> mjacobs@mofo.com <br> RACHEL KREVANS (CA SBN 116421) <br> rkrevans@mofo.com <br> JENNIFER LEE TAYLOR (CA SBN 161368) <br> jtaylor@mofo.com <br> ALISON M. TUCHER (CA SBN 171363) <br> atucher@mofo.com <br> RICHARD S.J. HUNG (CA SBN 197425) <br> rhung@mofo.com <br> JASON R. BARTLETT (CA SBN 214530) <br> jasonbartlett@mofo.com <br> MORRISON & FOERSTER LLP <br> 425 Market Street <br> San Francisco, California  94105-2482 <br> Telephone:  (415) 268-7000 <br> Facsimile:  (415) 268-7522 | WILLIAM F. LEE <br> william.lee@wilmerhale.com <br> WILMER CUTLER PICKERING <br> HALE AND DORR LLP <br> 60 State Street <br> Boston, MA 02109 <br> Telephone: (617) 526-6000 <br> Facsimile: (617) 526-5000 <br><br> MARK D. SELWYN (SBN 244180) <br> mark.selwyn@wilmerhale.com <br> WILMER CUTLER PICKERING <br> HALE AND DORR LLP <br> 950 Page Mill Road <br> Palo Alto, California 94304 <br> Telephone: (650) 858-6000 <br> Facsimile: (650) 858-6100 |

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, <br><br> Defendants. | Case No. 11-cv-01846-LHK <br><br> **APPLE'S STATEMENT RE IMPACT OF TRIAL EVIDENCE ON PROPOSED JURY INSTRUCTIONS AND VERDICT FORM** |

Pursuant to the Court's Order Regarding Miscellaneous Issues (Dkt. No. 1775) Apple submits this statement explaining how the trial evidence changes the proposed jury instructions (Dkt. No. 1694) and verdict form (Dkt. No. 1280.)  For those jury instructions Apple proposes to modify (rather than eliminate), Apple attaches hereto as **Exhibit A** Apple's proposed modifications showing red-line changes against the instructions contained in Dkt. No. 1694.

## I. SAMSUNG'S MOTION FOR A "SPOLIATION" JURY INSTRUCTION WAS DENIED

Samsung's Proposed Instruction No. 5.1 seeks an instruction that Apple failed to preserve evidence.  Samsung's motion for adverse inference sanctions was denied.  (Dkt. No. 1792.)  There is therefore no basis to include Instruction 5.1.

## II. IN LIGHT OF THE EVIDENCE, SEVERAL JURY INSTRUCTIONS CAN BE ELIMINATED

Several previously proposed jury instructions relate to subject matter on which no evidence was presented at trial.  Accordingly, they can be eliminated:

- Design patent prosecution history estoppel – Instruction 34.6
- Design patent anticipation – Instructions 36.1 – 37 (*see* Dkt. No. 1803)
- Design patent double patenting – Instruction 39.2
- Trade dress tarnishment – Instruction 57.5
- Trade dress apportionment of profits – Instruction 60.1[1]

## III. THE JURY SHOULD RECEIVE A CURATIVE INDEFINITENESS INSTRUCTION

Indefiniteness is not a question for the jury.  (*See* Dkt. No. 1810.)  Accordingly, Instructions 19.1 and 39.2 should be removed.   In addition, Apple has requested a curative

---

[1] As the Court has held, 35 U.S.C. § 289 does not allow for apportionment in any event.  (*See* Dkt. No. 1157 at 9 ("Samsung's opposition cites no legal basis for Mr. Wagner's apportionment of damages, in clear contravention of 35 U.S.C. § 289 . . . . Mr. Wagner's apportionment of damages with respect to Apple's design patent infringement claims is contrary to law . . .").)

1  instruction addressing testimony previously received regarding claim definiteness.  (*See id.* at 4.)

## IV.  THERE IS NO NEED FOR DOCTRINE OF EQUIVALENTS INSTRUCTIONS

Apple elected to present at trial proof of literal infringement of its asserted design and utility patent claims.  Furthermore, as discussed in Apple's Responses to the Court's Questions Regarding Jury Instructions (Dkt. No. 1811), Samsung is estopped from claiming the doctrine of equivalents on the sole remaining claim for which it has asserted equivalents – the "scroll keys" limitation of the '460 patent.  Accordingly, the Court should eliminate Instruction 14 (Doctrine of Equivalents) and the related Instruction 15 (Limitations on the Doctrine of Equivalents).

Further, Apple's proposed Instruction 12 (Utility Patents – Direct Infringement) should be modified by deleting the final paragraph, which discusses the difference between literal infringement and infringement under the doctrine of equivalents, as unnecessary.  Further, because Samsung elicited testimony about "swiping" images in the Apple accused devices only in the context of its assertion of the doctrine of equivalents (*see* Yang testimony, Tr. 2394-2398), Apple thus requests that the Court add the following curative Instruction 13.1:

> **INSTRUCTION NO. 13.1**
>
> With respect to Samsung's '460 patent, you heard evidence about how images may be "swiped" on the Apple accused devices in order to view them sequentially.  You are instructed that you may not find that swiping on the accused Apple devices satisfies the limitation "sequentially displaying other images stored in a memory through the use of scroll keys" in claim 1 of the '460 patent.

## V.  BY STIPULATION, JX 1500 IS THE AGREED SOURCE FOR UNITS AND REVENUE DATA FOR BOTH SIDES

The parties have stipulated and the Court ordered that JX 1500 shows "units and revenues for each of the accused products on both sides. . . ." (Dkt. No. 1597 at 2.)  Accordingly, all instructions that refer to the gross revenues of the parties may be simplified by referring to JX 1500.  This change affects Instruction 42 (Design Patent Infringement Damages – Defendant's Profits) and Instruction 60 (Trade Dress Damages – Defendant's Profits).

APPLE'S STMT RE IMPACT OF TRIAL EVIDENCE ON PROP. JURY INST. AND VERDICT FORM
CASE NO. 11-CV-01846-LHK
sf-3185097

2

## VI. PROPOSED MODIFICATIONS TO CERTAIN GENERAL, UTILITY PATENT, AND ANTITRUST INSTRUCTIONS

- **Evidence Admitted for Limited Purposes – Instruction 6.**  Apple has amended its proposed Instruction 6 to add exhibits that were entered into evidence for limited purposes at trial. (*See* Exhibit A.)

- **Utility Patents – Statutory Bars – Instruction 19.**  In light of the evidence adduced at trial, Apple agrees to delete the text "(or 'priority date')" from the first bullet of Instruction 19 (consistent with Samsung's proposed instruction).

- **Patent Exhaustion – Instruction 21.**  In light of the evidence adduced at trial, and consistent with Samsung's own proposed instruction, Apple agrees to delete the clause "and (ii) have no reasonable non-infringing use" from the third sub-paragraph of Instruction 21.

- **Samsung's Instructions 21 and 22.**  Samsung's proposed instructions refer to the '604 patent, but Samsung is no longer asserting that patent.

- **Monopolization – Relevant Market – Instruction 65.**  The third and fourth paragraphs of this instruction should be replaced with "The relevant geographic market is the area in which the Samsung technologies face competition from other technologies to which customers can reasonably turn.  In this case, there is no dispute that the relevant geographic market is worldwide."  Apple's economic expert Dr. Janusz Ordover testified that the relevant geographic market is worldwide.  (Tr. 3583:1-3584:8.)  Samsung did not present any evidence disputing Dr. Ordover's testimony.

- **Monopolization – Injury and Damages – Instruction 71.**  This instruction should be modified to replace the final paragraph with the following text:

  > If you find that Samsung has violated the federal antitrust laws as alleged by Apple, you must then decide if Apple is entitled to recover damages from Samsung.

Apple is entitled to recover damages for an injury to its business or property, and there is no dispute in this case that if Samsung has violated the antitrust laws, Apple has suffered injury to its business or property.

If you find that Samsung has violated the antitrust laws, you must then determine whether Apple has proven that it is entitled to damages as a result of the injury to its business and property. The amount of any such damages is the amount of damages that Apple has proven at trial with reasonable certainty.

The Court has already held in this case that expert fees incurred in defending against an assertion of declared-essential patents constitute antitrust injury. (Dkt. No. 1158 at 39-40.) Apple introduced testimony from two expert witnesses for the '516 and '941 patents, Drs. Kim and Knightly, regarding expert fees they have received from Apple in this case, (Tr. 3326:11-18; 3439:14-19), and Samsung has not disputed this evidence.

### VII. APPLE'S PROPOSED VERDICT FORM IS STILL APPROPRIATE, WITH SMALL MODIFICATIONS

Apple respectfully submits that its First Revised Proposed Special Verdict Form (Dkt. No. 1280) is still appropriate. Apple has served an updated proposed verdict form on Samsung which makes small changes to Apple's draft, including deleting reference to patents no longer being asserted, and clarifying which patents are being asserted against particular products. The parties will submit a joint revised proposed verdict form at Noon today.

Dated: August 19, 2012                    MORRISON & FOERSTER LLP

                                          By: /s/ *Michael A. Jacobs*
                                                Michael A. Jacobs

                                          Attorneys for Plaintiff
                                          APPLE INC.

# Exhibit A

## Proposed Modified Instructions

**PROPOSED FINAL JURY INSTRUCTION NO. 6**
**EVIDENCE ADMITTED FOR LIMITED PURPOSES**

**Apple's Proposed Instruction**

Throughout this trial, certain evidence has been admitted for limited purposes. You are to consider this evidence for the limited purposes I have authorized, but not for other purposes.

1. I have allowed into evidence numerous press reports and other materials that showed how people reacted to the iPhone and the iPad when the products were first released. I have admitted these reports and other materials into evidence for the limited purpose of allowing you to consider what those in industry or the marketplace thought of the iPhone and iPad when they were first released. Whether an invention is met with praise or skepticism may be relevant to whether the invention was non-obvious. Whether the consuming public sees a product in news reports may be relevant to whether any trade dress that is embodied in the product is famous.

Likewise, I have allowed into evidence press reports and other materials that showed how people reacted to certain Samsung phones and tablets when those products were released. I have admitted these reports and other materials into evidence for the limited purpose of allowing you to consider what those in industry or the marketplace thought of the Samsung products described in the articles.

You may consider the press reports and news items I allowed into evidence for these purposes. However, you should not consider these materials as evidence of the truth of the matters asserted in these documents. In other words, you may for example consider them as evidence that some people said that the iPhone or iPad is beautiful, but you may not consider them as evidence of whether the iPhone or iPad is or is not beautiful.

2. The 035 model (JX 741) and the photographs of the 035 model (JX 740) were admitted for the limited purpose of showing that Apple had created a device in accordance with one embodiment of the design claimed by Apple's D'889 design patent. The 035 model is not prior art that you can consider for purposes of assessing the validity of any Apple patent. This device is also not relevant to your determination of whether Samsung has infringed any Apple patents.

3. JX 1038, a Samsung Galaxy Tab 10.1 LTE, was admitted for a limited purpose relating to design patents and trade dress. You are not to consider JX 1038 in connection with Apple's utility patent claims against the Galaxy Tablet 10.1 (Wi-Fi or LTE versions).

4. DX 526, a Samsung F700 phone, may ~~only~~ be considered only for alternative design and functionality purposes; it cannot be considered as evidence of non-infringement or~~for~~ invalidity ~~purposes or to show obviousness~~ of any Apple patent.

5. DX 2627, an Apple powerpoint presentation, is incorrectly dated. The year shown on the document should be 2007, not 2006. Further, DX 2627 may be considered only for alternative design and functionality purposes; it cannot be considered as evidence of non-infringement or invalidity of any Apple patent.

6. DX 2528, an LG phone, may not be considered as prior art, and may be considered only for the purpose of evaluating how Apple expert Hal Poret chose his control devices for his study.

7. DX 2529, a Motorola tablet, may not be considered as prior art, and may be considered only for the purpose of challenging the study conducted by Apple expert, Hal Poret.

8. DX 2534, a Motorola tablet, may not be considered as prior art, and may be considered only for the purpose of evaluating how Apple expert Hal Poret chose his control devices for his study.

9. DX 586, a Samsung/Apple licensing presentation, may not be considered to prove or disprove the validity or invalidity of any claim or the amount of any disputed claim.  However, you may consider DX 586 for some other purpose, for example, to establish whether or not Samsung lacked notice of Apple's infringement claims.

10. DX 562, an internal Apple e-mail with photographs as attachments, may not be considered for invalidity or non-infringement of any of Apple's asserted design patents, but may instead be considered only as to functionality.

11.  JX 1040, this patent may not be used as evidence of invalidity of any other Apple patent.

12.  PX 54, a presentation, is evidence of Samsung's state of mind, but should not be considered for the truth of the matters asserted.

13.  PX 62, a presentation, should not be considered as evidence that Samsung willfully infringed Apple's patents, but may be used for other purposes.

14.  PX 23, a summary document, is not to be used as evidence of fame of the Apple devices. It may be considered as evidence that Apple's designs have acquired secondary meaning.

15.  DX 2526-34 are to be considered only for the purpose of understanding the surveys in which they appear and not for any other purpose.

16.  PX 89, a presentation, may be considered only as evidence of Samsung's intent, willfulness and knowledge and not for any other purpose.

**PROPOSED FINAL JURY INSTRUCTION NO. 12**
**DESIGN PATENT INFRINGEMENT DAMAGES—DEFENDANT'S PROFITS**

**Apple's Proposed Instruction**

A patent's claims define what is covered by the patent.  A product or method directly infringes a patent if it is covered by at least one claim of the patent.

Deciding whether a claim has been directly infringed is a two-step process.  The first step is to decide the meaning of the patent claim.  I have already made this decision, and I have already instructed you as to the meaning of the asserted patent claims.  The second step is to decide whether Samsung and/or Apple has made, used, sold, offered for sale, or imported within the United States a product or method covered by any of the asserted claims of the other side's utility patents. If Samsung or Apple has done so, it infringes.  You, the jury, make this decision.

With one exception, you must consider each of the asserted claims of the patents individually, and decide whether the accused Samsung and/or Apple products or methods infringe that claim.  The

one exception to considering claims individually concerns dependent claims. A dependent claim includes all of the requirements of a particular independent claim, plus additional requirements of its own. As a result, if you find that an independent claim is not infringed, you must also find that its dependent claims are not infringed. On the other hand, if you find that an independent claim has been infringed, you must still separately decide whether the additional requirements of its dependent claims have also been infringed.

You have heard evidence about both side's commercial products. However, in deciding the issue of utility patent infringement you may not compare the Samsung and Apple commercial products to each other. Rather, you must compare the accused Samsung products to the claims of the Apple utility patents, and the accused Apple products or methods to the claims of the Samsung utility patents.

Whether or not Samsung or Apple knew its products or methods infringed or even knew of the other side's patents does not matter in determining direct infringement.

~~There are two ways in which a patent claim may be directly infringed. A claim may be "literally" infringed, or it may be infringed under the "doctrine of equivalents." The following instructions will provide more detail on these two types of direct infringement.~~

**PROPOSED FINAL JURY INSTRUCTION NO. 13.1 [NEW]**
**UTILITY PATENTS – THE '460 PATENT**

**Apple's Proposed Instruction**

With respect to Samsung's '460 patent, you heard evidence about how images may be "swiped" on the Apple accused devices in order to view them sequentially. Swiping does not entail the literal use of scroll keys. Therefore, you are instructed that you may not find that swiping on the accused Apple devices satisfies the limitation "sequentially displaying other images stored in a memory through the use of scroll keys" in claim 1 of the '460 patent.

**PROPOSED FINAL JURY INSTRUCTION NO. 19**
**UTILITY PATENTS – STATUTORY BARS**

**Apple's Proposed Instruction**

A utility patent claim is invalid if the patent application was not filed within the time required by law. This is called a "statutory bar." For a patent claim to be invalid by a statutory bar, all of its requirements must have been present in one prior art reference dated more than one year before the patent application was filed. Here is a list of ways either side can show that the patent application was not timely filed:

– If the claimed invention was already patented or described in a printed publication anywhere in the world more than one year before the effective filing date ~~(or "priority date")~~ of the patent application. A reference is a "printed publication" if it is accessible to those interested in the field, even if it is difficult to find;

– If the claimed invention was already being openly used in the United States more than one year before the effective filing date of the patent application and that use was not primarily an experimental use (a) controlled by the inventor, and (b) to test whether the invention worked for its intended purpose;

– If a device or method using the claimed invention was sold or offered for sale in the United States, and that claimed invention was ready for patenting, more than one year before the effective filing date of the patent application;

– If the patent holder had already obtained a patent on the claimed invention in a foreign country before filing the original U.S. application, and the foreign application was filed at least one year before the U.S. application.

For a claim to be invalid because of a statutory bar, all of the claimed requirements must have been either (1) disclosed in a single prior art reference, (2) implicitly disclosed in a reference to one skilled in the field, or (3) must have been present in the reference, whether or not that was understood at the time.  The disclosure in a reference does not have to be in the same words as the claim, but all the requirements must be there, either described in enough detail or necessarily implied, to enable someone of ordinary skill in the field looking at the reference to make and use the claimed invention.

~~The Apple utility patents at issue have the following effective filing dates:~~

- ~~'381 patent:  January 7, 2007.~~

- ~~'915 patent:  January 7, 2007.~~

- ~~'163 patent:  September 6, 2006.~~

**PROPOSED FINAL JURY INSTRUCTION NO. 21**
**PATENT EXHAUSTION**

**Apple's Proposed Instruction**

I will now instruct you on how to decide Apple's defense of patent exhaustion.  Apple contends that Samsung is barred from enforcing the '516 and '941 patents against Apple's accused iPhone and iPad products because they incorporate baseband chips that Intel sold to Apple with authorization from Samsung.

To prevail on the defense of patent exhaustion, Apple must prove that the following is more likely true than not:

**First**, that Intel was authorized to sell the baseband chips under the terms of the license agreement between Samsung and Intel;

**Second**, that the sales were made in the United States.  The location of the sale depends on many factors, and you may find that the sale occurred in several places.  A sale occurs wherever the "essential activities" of the sale take place.  The essential activities include, for example, negotiating the contract and performing obligations under the contract; and

**Third**, that, if the accused products infringe, it is because the baseband chips substantially embody the '516 and/or '941 patents.  The baseband chips embody the relevant patent if

1  they: (i) include all the inventive aspects of the patented device; and (ii) have no reasonable non-infringing use.

If you find that Intel acted within the scope of authorization received from Samsung in selling its baseband chips to Apple in the United States, and the baseband chips substantially embody the '516 and/or '941 patents, then you must find that Samsung is barred from enforcing those patents against Apple's products that incorporate the Intel baseband chips.

**PROPOSED FINAL JURY INSTRUCTION NO. 42**
**DESIGN PATENT INFRINGEMENT DAMAGES—DEFENDANT'S PROFITS**

**Apple's Proposed Instruction**

If you decide not to award Apple its lost profits for certain sales by Samsung that infringed Apple design patents, you should award Apple the total profits that Samsung earned from those infringing sales. "Total profits" include the entire profit on the sale of products with patented designs, and not just the portion of profit attributable to the design. "Total profits" do not include profit attributable to other products that may have been sold in association with an infringing article.

Profit is determined by deducting certain expenses from gross revenue. Gross revenue is all of Samsung's receipts from the sale of infringing products. ~~Apple has the burden of proving the gross revenue that Samsung more likely than not received.~~ You are instructed to accept the revenue figures for each Samsung accused product as provided in Exhibit 1500.

Samsung has the burden of proving the deductible expenses. Expenses can include costs incurred in producing the gross revenue, such as the cost of the goods. Other costs may be included as deductible expenses if they are directly attributable to the sale or manufacture of the infringing products.

**PROPOSED FINAL JURY INSTRUCTION NO. 60**
**TRADE DRESS DAMAGES—DEFENDANT'S PROFITS (15 U.S.C. § 1117(A))**

**Apple's Proposed Instruction**

Apple also is entitled to any profits earned by Samsung that are attributable to willful infringement or willful dilution. You may not, however, include in any award of profits any amount that you took into account in determining actual damages.

Profit is determined by deducting all expenses from gross revenue.

Gross revenue is all of Samsung's receipts from sales of products that infringed or diluted Apple's trade dresses. You are instructed to accept the revenue figures for each Samsung accused product as provided in Exhibit 1500. ~~Apple has the burden of proving the gross revenues that Samsung more likely than not received.~~

Expenses are all operating, overhead, and production costs incurred in producing the gross revenue. Samsung has the burden of proving the expenses that it more likely than not incurred.

~~Unless you find that Samsung has proven that a portion of the profit from the sale of its products that infringed or diluted any Apple trade dress is attributable to factors other than use of the trade dress, you shall find that the total profit is attributable to the infringement or dilution.~~

**PROPOSED FINAL JURY INSTRUCTION NO. 65**
**MONOPOLIZATION – RELEVANT MARKET**

**Apple's Proposed Instruction**

To prove a monopolization claim, one of the elements Apple must prove is that Samsung has monopoly power in a relevant antitrust market. An antitrust market is defined both by the relevant technologies that compete with each other, and by the geographic area in which they compete.

A relevant technology market includes all those technologies that are reasonable substitutes for each other from the user's point of view; that is, the technologies that compete with each other. These technologies are not physical products themselves, but rather are intellectual property rights and close substitutes – including ideas or techniques not covered by such property rights – that are used to produce products. A relevant technology market includes the technologies that users believe are reasonably interchangeable to achieve certain functionality, and need not be identical or precisely interchangeable as long as they are reasonable substitutes. This is a practical test, and you may consider the actual behavior of users or potential users and the marketing efforts of licensors in making this determination.

The relevant geographic market is the area in which the Samsung technologies face competition from other technologies to which customers can reasonably turn. In this case, there is no dispute that the relevant geographic market is worldwide. ~~The relevant geographic market is the area in which the Samsung technologies face competition from other technologies to which customers can reasonably turn. The geographic market may be as large as global or nationwide, or as small as a single town or even smaller.~~

~~In this case, Apple claims that the relevant geographic market is worldwide. Samsung does not propose any geographic market, but asserts that Apple has not shown a worldwide market.~~

**PROPOSED FINAL JURY INSTRUCTION NO. 71**
**MONOPOLIZATION – INJURY AND DAMAGES**

**Apple's Proposed Instruction**

If you find that Samsung has violated the federal antitrust laws as alleged by Apple, you must then decide if Apple is entitled to recover damages from Samsung.

Apple is entitled to recover damages for an injury to its business or property if it can establish three elements of injury and causation.

> **First**, Apple must prove that it was in fact injured as a result of Samsung's alleged violation of the antitrust laws.
>
> **Second**, Apple must prove that Samsung's alleged illegal conduct was a material cause of Apple's injury. This means that Apple must prove that some damages occurred as a result of Samsung's alleged antitrust violation, and not some other cause. Apple is not required to prove that Samsung's alleged antitrust violation was the sole cause of its injury; nor need Apple eliminate all other possible causes of injury.
>
> **Third**, Apple must prove that its injury is the type of injury that the antitrust laws were intended to prevent. If Apple's injury was caused by a reduction in

competition or acts that would otherwise harm consumers, then Apple's injury is an "antitrust injury." The costs and expenses in defending against the assertion of declared-essential patents may be antitrust injury. On the other hand, if Apple's injuries were caused by heightened competition, the competitive process itself, or by acts that would benefit consumers, then Apple's injuries are not antitrust injuries and Apple may not recover damages for those injuries under the antitrust laws.

<u>If you find that Samsung has violated the federal antitrust laws as alleged by Apple, you must then decide if Apple is entitled to recover damages from Samsung.</u>

<u>Apple is entitled to recover damages for an injury to its business or property, and there is no dispute in this case that if Samsung has violated the antitrust laws, Apple has suffered injury to its business or property.</u>

<u>If you find that Samsung has violated the antitrust laws, you must then determine whether Apple has proven that it is entitled to damages as a result of the injury to its business and property. The amount of any such damages is the amount of damages that Apple has proven at trial with reasonable certainty.</u>

~~If you find that Apple has suffered injury to its business or property, you must determine whether Apple has proven that it is entitled to damages for such injury. The amount of any such damages is the amount of damages that Apple has proven at trial with reasonable certainty.~~

APPLE'S STMT RE IMPACT OF TRIAL EVIDENCE ON PROP. JURY INST. AND VERDICT FORM
CASE NO. 11-CV-01846-LHK
sf-3185097

12