1   HAROLD J. MCELHINNY (CA SBN 66781)        WILLIAM F. LEE
    hmcelhinny@mofo.com                       william.lee@wilmerhale.com
2   MICHAEL A. JACOBS (CA SBN 111664)         WILMER CUTLER PICKERING
    mjacobs@mofo.com                          HALE AND DORR LLP
3   RACHEL KREVANS (CA SBN 116421)            60 State Street
    rkrevans@mofo.com                         Boston, MA 02109
4   JENNIFER LEE TAYLOR (CA SBN 161368)       Telephone: (617) 526-6000
    jtaylor@mofo.com                          Facsimile: (617) 526-5000
5   ALISON M. TUCHER (CA SBN 171363)
    atucher@mofo.com
6   RICHARD S.J. HUNG (CA SBN 197425)         MARK D. SELWYN (SBN 244180)
    rhung@mofo.com                            mark.selwyn@wilmerhale.com
7   JASON R. BARTLETT (CA SBN 214530)         WILMER CUTLER PICKERING
    jasonbartlett@mofo.com                    HALE AND DORR LLP
8   MORRISON & FOERSTER LLP                   950 Page Mill Road
    425 Market Street                         Palo Alto, California 94304
9   San Francisco, California  94105-2482     Telephone: (650) 858-6000
    Telephone:  (415) 268-7000                Facsimile: (650) 858-6100
10  Facsimile:  (415) 268-7522

11  Attorneys for Plaintiff and
    Counterclaim-Defendant APPLE INC.

12

13

14                    UNITED STATES DISTRICT COURT

15                   NORTHERN DISTRICT OF CALIFORNIA

16                          SAN JOSE DIVISION

17

18  APPLE INC., a California corporation,       Case No. 11-cv-01846-LHK (PSG)

19                 Plaintiff,                   **APPLE'S RULE 50(A) MOTION FOR
                                                JUDGMENT AS A MATTER OF
20          v.                                  LAW**

21  SAMSUNG ELECTRONICS CO., LTD., a            Date:      August 20, 2012
    Korean corporation; SAMSUNG                 Time:      8:00 a.m.
22  ELECTRONICS AMERICA, INC., a New            Place:     Courtroom 8 - 4th Floor
    York corporation; and SAMSUNG              Judge:     Hon. Lucy H. Koh
23  TELECOMMUNICATIONS AMERICA,
    LLC, a Delaware limited liability company,

24

25                 Defendants.

26

27

28

Apple moves for judgment as a matter of law on all claims, as summarized in attached chart, and on all defenses.  More particularly:

**Apple's Design Patents:  D'677, D'087, D'889, D'305**

- All infringed—Bressler (Tr. at 1049:6-1070:16, 1338:7-1349:12); Kare (Tr. at 1372:5-1381:23, 1479:24-1488:3, 1492:3-1493:10); PX7 & corresponding JXs (Samsung products); PX173 & PX174 (articles); PX59 (Best Buy).  See *Apple Inc. v. Samsung Elecs. Co.*, 678 F.3d 1314, 1329-1330 (Fed. Cir. 2012).  Samsung offered no contrary testimony.

- No elements dictated by function—Samsung complains that Apple's witnesses have not factored out functional elements, but Samsung has not established that any elements of Apple's designs are dictated by function.  Stringer (Tr. at 485-505; PX4 & PX10 (alternative designs)); Bressler (Tr. at 3606:5-18); Wagner (Tr. at 3036-3038 (non-infringing alternatives)).  Sherman testified in generalities and failed to account for alternatives in purporting to opine on functionality of elements.  (Tr. at 2621:6-2625:3; 2627:18-2636:3, and PXs referenced therein.)

- Not invalid as wholly dictated by function—Sherman (Tr. at 2602:11-2611:5, addressed certain elements only).  *See L.A. Gear, Inc. v. Shoe Co.*, 88 F.2d 1117, 1123 (Fed. Cir. 1993).

- Not indefinite—no contrary testimony

- D'677 and D'087 not anticipated or obvious over JP '638, KR'547, LG Prada or combinations thereof—Sherman (Tr. at 2577-2601) did not apply the legal standard set forth in *Apple v. Samsung*, 678 F.3d 1314, 1329-32.  LG Prada is not prior art (Bressler (Tr. at 1340:16-21), Sherman (Tr. at 2586:1-3); *PB Farradyne v. Peterson*, No. C-05-3447 SI, 2006 U.S. Dist. LEXIS 67281 (N.D. Cal. Sept. 5, 2006).  KR '547 was published less than one year before the invention of the D'677 and D'087 patents (Stringer (Tr. at 492:3-10), PX162 (CAD files), DX727.07 (KR '547), Sherman (Tr. at 2584:8-15); Bressler (Tr. at 1011:12-23, 3590:13-3602:8).  *See* 35 U.S.C. 102(b)).

- D'889 not anticipated or obvious over Fidler tablet, TC1000, or combination thereof; Sherman (Tr. at 2601:1-17) is inconsistent with *Apple v. Samsung*, 678 F.3d at 1329-32; Bressler (Tr. at 3602:11-3606:4 & JX1078 (mock-up)).

- D'305 not anticipated or obvious—no contrary testimony

**Apple's Utility Patents:  '381, '915, '163**

- '381 infringed—Balakrishnan (Tr. at 1743:2-1809:8); no contrary testimony.

- '381 not anticipated or obvious over LaunchTile and/or Tablecloth—Van Dam (Tr. at 2862:7-2870:1, 2874:6-2876: 4); Balakrishnan (Tr. at 3630:20-3637:8); Bederson (Tr. at 2241:1-18; 2255:10-2257:9 ) (no snapback based on reaching edge of electronic document);  Forlines (Tr. at 2361:4-2362:3) (snap back function set up to run on touch or release); Bogue (Tr. at 2291:13-18; 2309:13-2310:24).

- '915 infringed—Singh (Tr. at 1818:23-1830:21); Gray (Tr. at 2912:2-19; 2931:22-2932:4) (no non-infringement opinion as to particular devices); Gray (Tr. at 2930:18-2931:13) (Gray not sure about "invoke" construction and acknowledges event object data used)

- '915 not anticipated or obvious over Mandelbrot/FractalZoom, Nomura, and/or Han TED presentation—Van Dam (Tr. at 2880:4-8); Singh (Tr. at 3622:19-3628:10); Forlines (Tr. at 2356:11-2357:15) (three fingers results in scrolling rather than a gesture because "if it's not a two-finger touch, we set the application mode to panning mode"); Gray (Tr. at 2924:12-17) (no obviousness opinion; inherency opinion fails legal standard); Gray, (Tr. at 2928:9-2930:18  (MPEP § 2112 (citing *In re Robertson*, 169 F.3d 743, 745 (Fed. Cir. 1999))).

- '163 infringed—Singh (Tr. at 1833:21-1842:6); Singh (Tr. at 2923:24-2924:3) (insufficient testimony that elements not met); Gray (Tr. at 2923:2-19) (nested boxes not required).

- '163 not anticipated or obvious over LaunchTile, Agnetta, and/or Robbins and not indefinite – Gray (Tr. at 2932:8-2935:5) (no enlargement/magnification of content); Singh (Tr. at 3614:10-3620:21) ("substantially center" not indefinite, *Andrew Corp. v. Gabriel Elecs., Inc.*, 847 F.2d 819, 821 (Fed. Cir. 1988)); *Synthes USA, LLC v. Spinal Kinetics, Inc.*, No. C-09-01201 RMW, 2011 U.S. Dist. LEXIS 93093, at *47-48 (N.D. Cal. Aug. 19, 2011); Bederson (Tr. at 2234:17-2235:6; 2236:15-2238:2).

**Apple's Trade Dresses**

- Distinctive—PX11-13, 127-128 (ads); PX14 (media clips); PX15 (iPhone/iPad sales); PX23 (recognition survey results); PX16, 33 (iPhone/iPad ad spend data); PX143-146 (iPhone Buyer Surveys); Schiller (Tr. at 597:19-660:30); Winer (Tr. at 1499:1-1571:24); Poret (Tr. at 1577:17-1589:22).  Evidence is unrebutted, and registered trade dress is presumed valid.  (*See* Dkt. No. 1694 at 174-175 (Apple's Proposed Jury Instruction No. 50 and authorities).)

- Non-functional—PX4, 10 (alternative designs); PX11-12, 127-128 (ads do not tout utilitarian advantage); Stringer (Tr. at 485-505); Bressler (Tr. at 1093:1-1096:22; 1197:13-1210:18); Kare (Tr. at 1399:22-1405:12; 1471:3-1475:24); Winer (Tr. at 1499:1-1500:14). Evidence is insufficiently rebutted by Sherman (Tr. at 2602:11-2611:5, re certain elements only).  (*See* Dkt. No. 1694 at 190-192 (Apple's Proposed Jury Instruction No. 51 and authorities).)

- Famous as of July 15, 2010 (phones) and June 8, 2011 (tablets)—PX14, 17, 133-135, 138-142 (significant press coverage of the iPhone and iPad); Stringer (Tr. at 508); Schiller (Tr. at 618:24-655:2); Winer (Tr. at 1507:10-1520:22); evidence of distinctiveness discussed above.  Evidence is unrebutted.  (*See* Dkt. No. 1694 at 200-201 (Apple's Proposed Jury Instruction No. 53 and authorities).)

- Likelihood of dilution re: phones—PX6 (press report summaries re: Samsung phone designs); PX36 at 60, 199; PX24 (association survey photographs); Winer (Tr. at 1521:14-1528:21); Van Liere (Tr. at 1691:1-1695:22).

- Likelihood of dilution re: tablets—PX5 (press report summaries re: Samsung tablet designs); PX23 (recognition survey photos); Winer (Tr. at 1519:11-1521:13); evidence of confusion discussed below.

- Likelihood of confusion re: tablets—PX16 (iPhone/iPad ad spend chart); PX24 (confusion survey videos); PX33 (underlying iPad ad spend data); PX56 at 30 (internal Samsung document recognizing distinctiveness of Apple iPad); PX59 (internal Samsung document showing consumers at Best Buy were confused that Galaxy Tab 10.1 was an iPad 2); Schiller (Tr. at 656:2-665:24); Winer (Tr. at 1509:25-1518:19; 1570:1-1571:24); Van Liere (Tr. at 1696:3-1701:24).

***All* Apple patents and trade dress willfully infringed or diluted; all Samsung defendants directly liable; SEC liable for inducement**

- Willful infringement because objectively high likelihood that products infringe a valid patent, and Samsung knew (or should have known) no later than August 2010—Teksler (Tr. at 1958:25-1964:8), PX52.17-21, J.W. Lee (2023:11-2025:3, PX201), D.H. Chang (Tr. at 2025:22-2026:10, PX202). See *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (en banc); *Adidas-Am. v. Payless ShoeSource*, 546 F. Supp. 2d 1029, 1046 (D. Or. 2008).

- Copying as evidence of willfulness—PX34.26; PX43.2; PX44, PX46.66, PX57.19, PX194.1 and other copying documents.  See *Read Corp. v. Portec, Inc.*, 970 F.2d 816, 826-827 (Fed. Cir. 1992).

- All Samsung defendants are liable as direct infringers for sales in U.S.—Denison (Tr. at 791:22-796:18); Sheppard (Tr. at 2030, PX204); PX59; Musika (Tr. at 2068-2071) (ownership and control by SEC); J.Y. Wang (Tr. at 2522:18-2523:15); J.S. Kim (Tr. at 2787:14-2788:8, 2801:25-2802:20, 2817:7-20); (Dkt. No. 1694 at 20 (Apple's Proposed Jury Instruction No. 12.1 and authorities)).

- SEC liable for inducing infringement, based on evidence in three bullets above.  (*See* Dkt. No. 1694 at 20 (Apple's Proposed Jury Instruction No. 45 and authorities).)

**Apple's Damages from Samsung's Infringement and Dilution of Apple's IP**

- Notice established as a matter of law no later than the complaint and amended complaint (Tr. at 3022-3023).

- No evidence that STA or SEA stand-alone financial results reflect actual economic profits. Musika (Tr. at 2066–2072); Wagner (Tr. at 3032-3034, 3064-65).

- Apple is entitled to Samsung's "total profit" from sales of Samsung products infringing design patents.  35 U.S.C. § 289.  Samsung's gross profits for accused products not disputed.  JX 1500; Musika (Tr. at 2058-2061); Wagner (Tr. at 3028:7-3029:7).

- For design patents, Samsung can only deduct overhead costs "directly attributable" to sale or manufacture of infringing products.  *See* ECF No. 1694 at 147 (Prop. Jury Inst. 42 and cited cases).  Samsung never gave jury a basis to directly attribute overhead and other indirect expenses to the accused products. *See, e.g.*, Wagner (Tr. at 3060:14- 3063:20); Sheppard (Tr. at 3005:20-3007:7; 3011:12-25); Musika (Tr. at 2066:1-22).

- If the jury finds at least one design patent infringed for any product, minimum design patent damages are $519 million, or the per product amount stated on page 1 of Exhibit DX781.  Wagner (Tr. at 3064:1-3066:16).

- No notice period for unregistered trade dress.  ECF No. 1694 at 243 (Proposed Jury Inst. 58).  To the extent that any product violated Apple's trade dress, the per product damages amounts cannot be less than the per product amount stated in DX781 at 3 or $1.089 billion as a whole.  Wagner (Tr. at 3033-3034); DX781 at 3.

- No record evidence by which the jury could quantify and apportion profits based on factors other than the use of Apple's trade dress.

- Samsung admits profit using Samsung notice period, but not deducting for overhead, is $1.396 billion—Wagner (Tr. at 3064:1-3066:16).

**Samsung's '893, '711, '460, '516, and '941 Patents**

- No literal infringement of "mode" and "irrespective of a duration" limitations ('893): JX1068, Dourish (Tr. at 3188-3205), E. Kim (Tr. at 3173-3187), Yang (Tr. at 2373-2492, 3664-3673).

- Invalid as anticipated or obvious over KR Patent No. 10-2004-0013792 ('893): JX1068, PX112, Dourish (Tr. at 3188-3197, 3205-3219), Yang (Tr. at 3664-3673).

- No literal infringement of "a controller for generating a music background play object, wherein the music background play object includes an application module including at least one applet" or "MP3 mode" limitations ('711): JX1071, Givargis (Tr. at 3227-3233), Yang (Tr. at 2373-2492, 3664-3673).

- Invalid as obvious over Sony Ericsson K700i and Wong ('711): JX1071, PX91, PX113, PX116, PX117, PX125, Givargis (Tr. at 3233-3248), Yang (Tr. at 3664-3673).

- No literal infringement of "mode," "sub-mode," and "scroll keys" limitations and steps not performed in order required by claim language ('460): JX1069, Srivastava (Tr. at 3291-3306, 3317-3320), Yang (Tr. at 2373-2492, 3664-3673), E. Kim (Tr. at 3173-3187).

- No DOE infringement ('460): Prosecution history estoppel bars Samsung from relying on DOE for the "scroll keys" limitation. JX1066. Also, Samsung did not present the requisite "particularized testimony and linking argument" (*Amgen Inc. v. F. Hoffman-La Roche Ltd.*, 580 F.3d 1340, 1382 (Fed. Cir. 2009)). JX1069, Srivastava (Tr. at 3291-3306, 3317-3320), Yang (Tr. at 2373-2492, 3664-3673), E. Kim (Tr. at 3173-3187).

- No induced infringement ('460): No evidence of direct infringement by third parties or that Apple had specific intent to induce infringement. Yang (Tr. at 2373-2492, 3663-3673).

- Invalid as obvious over Suso, Harris, and Yoshida ('460): JX1069, PX118, PX119, PX120, Srivastava (Tr. at 3292-3296, 3306-3320), Yang (Tr. at 3664-3673).

- No literal infringement of "total transmit power" limitations ('516): JX1073, JX1083, H. Kim (Tr. at 3322-32, 3414-34), Williams (Tr. at 2676-2711, 2742-75), Paltian (PX208, DX804).

- Invalid as obvious over '516 prior art and Hatta ('516): JX1073, PX100, H. Kim (Tr. 3422-3431), Williams (Tr. at 3656-3658, 3660-61, 3663).

- No literal infringement of "one-bit field" limitation ('941): JX1070, JX1060, DX557, Knightly (Tr. at 3435-53, 3461-64), Williams (Tr. at 2711-61, 2775-85), Zorn (PX209, DX 803).

- Invalid as anticipated or obvious over Agarwal ('941): JX1070, PX97, Knightly (Tr. at 3453-60), Williams (Tr. at 3658-59, 3662-63).

- No reasonable juror could find willful infringement ('893, '711, '460, '516, '941): Samsung has not proved by clear and convincing evidence that Apple acted "despite an objectively high likelihood that its actions infringed a valid patent" or that Apple knew or should have known of that objectively high risk.  *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (en banc).

- Any reasonable juror must find waiver, equitable estoppel, and unclean hands due to Samsung's conduct as to the '516 and '941 patents:  JX1070, JX1073, JX1083, JX1084, JX1085, PX70, PX72, PX74, PX84, PX101, PX104, PX122, PX193, DX549, DX557, DX613, DX685, H. Kim (Tr. at 3322-32, 3414-22, 3431-34), Knightly (Tr. at 3435-53, 3460-64), Williams (Tr. at 2676-2785), Walker (Tr. at 3477-3530), Ahn (PX218); J.W. Lee (PX219).

- Any reasonable juror must find that Samsung's patent rights in the '516 and '941 patents are exhausted because the Intel chips substantially embody the claimed inventions, Intel sold those chips to Apple in the United States, and those sales were authorized by Samsung under a license agreement:  PX78, PX81, Blevins (Tr. at 3164-72), H. Kim (Tr. at 3322-32, 3414-22, 3432-34), Knightly (Tr. at 3435-53, 3461-64), Williams (Tr. at 2676-2785), Donaldson (Tr. at 3531-46), Paltian (PX208, DX804), Zorn (PX209, DX803).

**Samsung's Damages Claims Against Apple**

- '516 and '941 Patents:  Samsung presented no evidence to support use of the entire market value under *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1318 (Fed. Cir. 2011). Samsung also failed to present sufficient evidence to establish a reasonable royalty including a flawed methodology, reliance on non-comparable licenses, failure to consider *Georgia-Pacific* factors including those establishing the claimed inventions' impact on the marketplace, and non-infringing alternatives.  Samsung further failed to provide any evidence that the royalty sought by Samsung would comply with Samsung's FRAND obligations.  These issues should have been addressed by Teece (Tr. at 3123-60, 3642-56).

- '893, '711, and '460 Patents:  Samsung failed to present sufficient evidence to support a reasonable royalty, including a flawed *Georgia-Pacific* methodology and reliance on an invalid and irrelevant survey.  O'Brien (Tr. at 3100-22); Sukumar (Tr. at 3092-3100).

**Breach of Contract—FRAND and Other Standard-Related Misconduct**

- Samsung failed to rebut Apple's claims that Samsung breached its FRAND obligations and breached its ETSI disclosure obligations, and thereby injured Apple:  PX72, PX74, PX78 PX80, PX81, PX84, PX101, PX104, PX122, JX1083, JX1085, DX549, DX613; Teece (Tr. at 2690, 2743-45, 3142-60, 3147-48, 3536-37, 3653); Donaldson (Tr. at 3535-46), Walker (Tr. at 3477-3530), Ahn (PX218), J.W. Lee (PX219).

**Violation of Sherman Antitrust Act, 15 U.S.C. § 2**

- Samsung failed to rebut Apple's claim that Samsung willfully acquired monopoly power in the relevant technology markets through its anticompetitive behavior, and has exercised that power to injure competition and Apple:  PX72, PX74, PX80, PX84, PX101, PX104, PX122, JX1083, JX1085, DX549, DX613, Ordover (Tr. at 3569-88); Teece (Tr. at 3648-49, 2752, 3654-55), Williams (Tr. at 2750-51, 2757, 2760-61), Walker (Tr. at 3477-3530); Ahn (PX218); J.W. Lee (PX219); Knightly (Tr. at 3439, 3460); Kim (Tr. at 3326, 3419-20, 3431-32).

1

**Unfair Competition—Cal Bus. & Prof. Code § 17200**

2

• Samsung failed to rebut Apple's claim that Samsung violated Sherman Act § 2, which anticompetitive behavior injured Apple competition and consumers:  JX1085, PX72, PX74, PX80, PX84, PX101, PX122, DX549, DX613, Ordover (Tr. 3569-88), Teece (Tr. at 2752, 3648-49, 3654-55), Williams (Tr. at 2750-51, 2757, 2760-61), Walker (Tr. at 3477-3530).

3

4

5

Dated:  August 18, 2012                            MORRISON & FOERSTER LLP

6

7

By:    /s/  Michael A. Jacobs
       _____
       Michael A. Jacobs

8

9

Attorneys for Plaintiff and
Counterclaim-Defendant
APPLE INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28