QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floorfdd
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK (PSG)<br><br>**SAMSUNG'S STATEMENT OF APPLE'S EVIDENCE AT TRIAL** |

Samsung submits the following statement regarding Apple's trial evidence and its effect on the proposed jury instructions and verdict form:

1.   Based on this Court's Rule 50 Orders, the jury should be instructed that it cannot find the '460, '711, and '516 patents are anticipated (Dkt. 1813 at 2) and that it cannot find against STA or SEA on the Galaxy Ace (JX1030), the Galaxy (Si9000) (JX1007) or the Galaxy SII (i9100) (JX1032). (Dkt. 1713.)

2.   With respect to Apple's '381, '915 and '163 patents, the evidence has shown that Apple and its experts only analyzed specific versions of code running on the accused products. R.T. 8/10/12 at 1771:21-1772:6 and *passim.* (Balakrishnan); R.T. 8/10/12 at 1865:14-1865:11 and *passim.* (Singh). Consequently, the verdict form should specifically identify only the accused versions of code associated with each accused product.

3.   Instruction Nos. 31 and 44 allow for the possibility of pre-filing notice of infringement. There is no trial evidence that STA or SEA ever received pre-filing notice or that SEC received pre-filing notice for any patent other than the '381. The instructions thus should state that STA and SEA received notice on April 15, 2011 for '381, '915 and D'677 and received notice on June 16, 2011 for '163, D'305, D'889 and D'087. SEC received the same notice, with the exception that the jury "may identify an earlier date by which" SEC received notice of '381. As for the required trade dress notice, Samsung proposes that Ninth Circuit Model Civil Jury Instruction 15.24 be given without substantive modification. A revised proposed instruction is found in Appendix A hereto.

4.   The Court should not give Instruction Nos. 58 through 61.3 or provide for potential damages in the verdict form for Apple's trade dress claims because there is no evidence that Apple suffered damages arising out of any alleged dilution or infringement. R.T. 8/7/2012 at 1534:18-21, 1534:22-25, 1535:1-11 (Winer). Similarly, even if those instructions are given, the Court should remove references to "dilution" from Instruction Nos. 58 through 61 and remove Instruction Nos. 61.1 and 61.2 because Apple concedes that Samsung has not harmed Apple's trade dress. R.T. 8/7/2012 at 1534:22-1536:7 (Winer). Finally, the Court should not provide Instruction No. 61 because Apple itself asserts that the parties have never had or contemplated a

license for any trade dress for which Apple claims damages (8/10/12 R.T. 1968:2-8 (Teksler)), which disentitles Apple to any such relief.  *E.g.*, *A&H Sportswear Inc. v. Victoria's Secret Stores*, 166 F.3d 197, 208-09 (3rd Cir. 1999); *Buffalo Wild Sings, Inc. v. Buffalo Wings & Rings*, 2011 WL 4537970, *3-5 (D. Minn. Sept. 29, 2011).

> 5. Ninth Circuit Model Civil Jury Instruction 15.7 should be given with its disputed contestable registration paragraph. The official Comment for that Instruction Model states:

> > "**B. Disputed Contestable Registration:** When a trademark registration is still contestable because the trademark has not been in continuous use for five consecutive years subsequent to the date of registration under 15 U.S.C. § 1065, substitute the following after the third paragraph of this instruction, if the defendant disputes the facts stated in the registration certificate:

> > > The law presumes that the facts noted in the certificate are true, that is that [*summarize certificate entries as to validity and ownership of trademark, as well as limitations on the registration*]. But this presumption can be overcome by sufficient evidence to the contrary. Here, the defendant has presented evidence that [*summarize defendant's contentions, e.g., that the trademark was abandoned, the registration was fraudulently obtained, etc.*]. If the defendant is able to show this evidence by a preponderance of the evidence, then you cannot rely on the registration as stating the truth of the matters contained therein."

Apple's Registration No. 3,470,983 is contestable because the purported trade dress has not been in continuous use for five consecutive years subsequent to the date of registration, July 22, 2008, and there is trial evidence of its functionality under 15 U.S.C. § 1115(b)(8). *E.g.*, 8/03/12 Trial Tr. at 674:20-675:24, 676:22-677:8; 678:22-679:8, 679:9-11; 679:15-20, 680:9-15, 688:12-689:13; 8/06/12 Trial Tr. at 1197:13-23; 1199:25-1200:16; 8/14/12 Trial Tr. at 2603:11-2604:2, 2604:7-22, 2605:2-18, 2607:6-2608:2, 2608:19-2609:9, 2609:14-2610:12, 2610:16-2611:7.  Thus, the model instruction should be given with its disputed contestable registration paragraph as directed by the official Comment. *See also* 15 U.S.C. §§ 1057(b) & 1115(a); *see Levi Strauss & Co. v. Blue Bell, Inc.*, 778 F.2d 1352,1354-55 (9th Cir. 1985).  An amended proposed instruction is found in Appendix C hereto.

> 6. The jury should be instructed that a design patent may be found obvious based not only on combined prior art references, but also on a single reference. "For design patents, the role of one skilled in the art in the obviousness context lies only in determining whether to combine earlier references to arrive at a single piece of art for comparison with the potential design *or to*

*modify a single prior art reference.* Once that piece of prior art has been constructed, obviousness, like anticipation, requires application of the ordinary observer test, not the view of one skilled in the art." *Int'l Seaway Trading Corp. v. Walgreens Corp.*, 589 F.3d 1233,1240 (Fed. Cir. 2009) (emphasis added). There is evidence that D'087 and D'677 are obvious in light of JP638 (as well as other single prior art references). R.T. 08/14/12 at 2581:22-2583:17. There also is evidence that D'889 is obvious in light of the 1994 Fidler tablet as modified according to Mr. Fidler's intent and drawings as Mr. Fidler testified. *Id.* at 2597:24-2598:10; DX-805. Thus, the instructions should reflect that obviousness may be based on modifying a single reference. Amended proposed instructions 38 and 38.1 are filed herewith as Appendix B hereto.

7. Apple has requested Proposed Jury Instruction No. 45, 45.1, 45.2, and 45.3, but it offered no evidence that Samsung actively induced infringement of any design patent. "To establish liability under section 271(b), a patent holder must prove that once the defendants knew of the patent, they actively and knowingly aided and abetted another's direct infringement." *DSU Medical Corp. v. JMS Co.*, 471 F.3d 1293, 1305 (Fed. Cir. 2006) (*en banc*). The evidence at most establishes only passive knowledge, which is insufficient.[1]

8. Samsung will submit a revised verdict form pursuant today pursuant to the Court's August 17, 2012 order. (Dkt. 1814.)

---

[1] "[M]ere knowledge of possible infringement by others does not amount to inducement; specific intent and action to induce infringement must be proven." *JMS*, 471 F.3d at 1305. This is true for parent and sub relationships as well: "evidence of mere inaction by a parent company in the face of infringement by a subsidiary—i.e., a failure to stop infringement" is not sufficient. *Tegal Corp. v. Tokyo Electron Co., Ltd.*, 248 F.3d 1376, 1379 (Fed. Cir. 2001) (citation omitted). "Absent evidence of active inducement," it is "mere speculation, not a justifiable inference" to assume that the parent "did assent to, endorse, [or] condone continued infringement." *A. Stucki Co. v. Worthington Indus., Inc.*, 849 F.2d 593, 597 (Fed. Cir. 1988).

1 | DATED: August 18, 2012

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ *Victoria F. Maroulis*
    Victoria F. Maroulis
Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

# APPENDIX A

**PROPOSED FINAL JURY INSTRUCTION NO. 61.2
TRADE DRESS DAMAGES—
ACTUAL OR STATUTORY NOTICE (15 U.S.C. § 1111)**

In order for Apple to recover damages, Apple has the burden of proving by a preponderance of the evidence that Samsung Electronics Company, Samsung Electronics America and Samsung Telecommunications America had either statutory or actual notice that Apple's trade dress was registered.

Samsung Electronics Company, Samsung Electronics America, and Samsung Telecommunications America had statutory notice if:
1. Apple displayed with the trade dress the words "Registered in U.S. Patent and Trademark Office,"
2. Apple displayed with the trade dress the words "Reg. U.S. Pat. & Tm. Off." or
3. Apple displayed the trade dress with the letter R enclosed within a circle, thus ®.

**Source**
Model Instructions No. 15.24; *See also Coach Inc. v. Asia Pac. Trading Co.*, 676 F. Supp. 2d 914, 924 (C.D. Cal. 2009) (where plaintiff sues under both 15 U.S.C. §§ 1114 and 1125(a), "the plain language of § 1117(a) and § 1111 indicates that a plaintiff must meet § 1111's 'actual notice requirement to recover profits or damages").

# APPENDIX B

[AMENDED INSTRUCTIONS]

### PROPOSED FINAL JURY INSTRUCTION NO. 38
### DESIGN PATENT OBVIOUSNESS

**Samsung's Proposed Instruction**

Even if a design is not anticipated by a single reference, it may still be invalid because it was an obvious design at the time it was made. Design patents are not valid when the design is an obvious one. This means that it would have been obvious for a designer of skill in the field to combine ~~or modify~~ earlier designs or to modify a single earlier design to arrive at the design in the patent.

In deciding whether any design is invalid because it was obvious at the time it was made, you should analyze whether there are any relevant differences between the prior art and the design from the view of a person of ordinary skill in the art at the time of the invention.

You do not need to look for precise teachings in the prior art directed to the subject matter of the claimed invention. You may take into account the creative steps and inferences that a person of ordinary skill in the art would have employed when viewing the prior art at the time of the invention. For example, if the claimed invention combines elements already known in the prior art and the combination yielded results that were predictable to a person of ordinary skill in the art at the time of the invention, then this evidence would make it more likely that the claim was obvious. On the other hand, if the combination of known elements yielded unexpected or unpredictable results, or if the prior art teaches away from combining the known elements, then this evidence would make it more likely that the claim that successfully combined those elements was not obvious.

A claim is not proved obvious merely by demonstrating that each of the elements was independently known in the prior art. Most inventions rely on building blocks long since uncovered, and claimed discoveries almost of necessity will likely be combinations of what is already known. Therefore, you should consider whether a reason existed at the time of the invention that would have prompted a person of ordinary skill in the art in the relevant field to combine the known elements in the way the claimed invention does. The reason could come from the prior art, the background knowledge of one of ordinary skill in the art, the nature of the problem to be solved, market demand, or common sense.

If you find that a reason existed at the time of the invention to combine the elements of the prior art to arrive at the claimed design, this evidence would make it more likely that the claimed invention was obvious.

**Source**
AIPLA Model Jury Instruction 7.2; *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 127 S.Ct. 1727, 1742-43 (2007); *Graham v. John Deere Co.*, 383 U.S. 1, 17-18 (1966); *Stratoflex, Inc. v. Aeroquip Corp.*, 713 F.2d 1530, 1536-37 (Fed. Cir. 1983); *Medtronic, Inc., v. Cardiac Pacemakers, Inc.*, 721 F.2d 1563, 1567-68 (Fed. Cir. 1983); *Titan Tire Corp. v. Case New Holland, Inc.*, 566 F.3d 1372, 1384-85 (Fed. Cir. 2009) ("Design patents, like utility patents, must meet the nonobviousness requirement of 35 U.S.C. §103, and it is not obvious that the Supreme Court necessarily intended to exclude design patents from the reach of KSR."); *Int'l Seaway Trading Corp. v. Walgreens Corp.*, 589 F.3d 1233,1240 (Fed. Cir. 2009) ("For design patents, the role of one skilled in the art in the obviousness context lies only in determining whether to combine earlier references to arrive at a single piece of art for comparison with the potential design or to modify a single prior art reference. Once that piece of prior art has been constructed, obviousness,

1 like anticipation, requires application of the ordinary observer test, not the view of one skilled in the art.") (internal note omitted); *Smith v. Whitman Saddle Co.*, 148 U.S. 674, 681-82, 13 S.Ct. 768, 770-71, 37 L.Ed. 606 (1893) ("The presence or the absence of the central open slot was not material, and we do not think that the addition of a known cantle to a known saddle, in view of the fact that such use of the cantle was common, in itself involved genius or invention, or produced a patentable design… The shape of the front end being old, the sharp drop of the pommel at the rear seems to constitute what was new and to be material. . . . If, therefore, this drop were material to the design, and rendered it patentable as a complete and integral whole, there was no infringement.").

# PROPOSED FINAL JURY INSTRUCTION NO. 38.1
# DESIGN PATENT OBVIOUSNESS – PRIMARY AND SECONDARY REFERENCES

**Samsung's Proposed Instruction**

Even if a design is not anticipated by a single reference, it may still be invalid because it was an obvious design at the time it was made.  Design patents are not valid when the design is an obvious one.  This means that it would have been obvious for a designer of skill in the field to combine or modify earlier designs to arrive at the design in the patent.

There are several steps you have to take in determining that a design patent is invalid because it is obvious.

First, you have to find that there is a prior art reference that has basically the same design as the one in the patent.  This is called a primary reference.  The primary reference does not have to be deceptively similar to the design in the patent, since that is a higher standard.

If you find that there is a primary reference for the patent, the next step is to find one or more secondary references that are similar in appearance to the primary reference such that the appearance of ornamental features in one would suggest application of those features to the other.  If you find that there are one or more such secondary references, the features of those references can be used to modify the primary reference to look more like the patented design.

A single reference may also be modified without a secondary reference if there is evidence that a designer skilled in the art would have found the modifications to be obvious.

Finally, you must decide whether this combined or modified obviousness reference is substantially the same as the design in the patent using the standard of deceptive similarity you used for infringement and anticipation.

Samsung must prove obviousness by clear and convincing evidence.

**Source**
*Int'l Seaway Trading Corp. v. Walgreens Corp.*, 589 F.3d 1233,1240 (Fed. Cir. 2009) ("For design patents, the role of one skilled in the art in the obviousness context lies only in determining whether to combine earlier references to arrive at a single piece of art for comparison with the potential design or to modify a single prior art reference.  Once that piece of prior art has been constructed, obviousness, like anticipation, requires application of the ordinary observer test, not the view of one skilled in the art.") (internal note omitted); In re Rosen, 673 F.2d 388, 390 (C.C.P.A. 1982); Durling v. Spectrum Furniture Co., Inc., 101 F.3d 100, 103 (Fed. Cir. 1996) ("More specifically, the inquiry is whether one of ordinary skill would have combined teachings of the prior art to create the same overall visual appearance as the claimed design."); Titan Tire Corp. v. Case New Holland, Inc., 566 F.3d 1372, 1384-85 (Fed. Cir. 2009) ("Design patents, like utility patents, must meet the nonobviousness requirement of 35 U.S.C. §103, and it is not obvious that the Supreme Court necessarily intended to exclude design patents from the reach of KSR."); Int'l Seaway Corp. v. Walgreens Corp., 589 F.3d 1233, 1240 (Fed. Cir. 2009) ("For design patents, the role of one skilled in the art in the obviousness context lies only in determining whether to combine earlier references to arrive at a single piece of art for comparison with the potential design or to modify a single prior art reference. Once that piece of prior art has been constructed, obviousness, like anticipation, requires application of the ordinary observer test, not the view of one skilled in the art.").

# APPENDIX C

[AMENDED INSTRUCTIONS]

**PROPOSED FINAL JURY INSTRUCTION NO. 52.1**
**TRADE DRESS DILUTION—ELEMENTS**

**Samsung's Proposed Instruction**

With respect to the claimed, unregistered trade dresses, in order to prove dilution, Apple must prove **each** of the following elements by a preponderance of evidence:

1. That each of the alleged trade dresses is famous;
2. That each of the alleged trade dresses is not functional;
3. That each of the alleged trade dresses is distinctive by having acquired secondary meaning;
4. That each of the alleged trade dresses was famous before any of the accused Samsung products were sold to the public; and
5. That Samsung's alleged use of each of the claimed trade dresses is likely to cause dilution of the distinctive quality of each alleged trade dress.

With respect to the trade dress claimed in U.S. Registration No. 3,470,983, the law presumes that the facts in the certificate are true, that is ownership and validity (i.e. the second and third elements above) of that registered trade dress, subject to the limitations set forth in the registration. But this presumption can be overcome by sufficient evidence to the contrary. Here, Samsung has presented evidence that the registered trade dress is functional. If Samsung is able to show this evidence by a preponderance of evidence, then you cannot rely on the registration as stating the truth.

**Source**
Ninth Circuit Model Civil Jury Instruction 15.7 comment "Other Registration Issues, B. Disputed Contestable Registration"; *Visa Intern. Service Ass'n v. JSL Corp.*, 610 F.3d 1088, 1089-90 (9th Cir. 2010) ("A plaintiff seeking relief under federal anti-dilution law must show that its mark is famous and distinctive, that defendant began using its mark in commerce after plaintiff's mark became famous and distinctive, and that defendant's mark is likely to dilute plaintiff's mark.").