1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Cal. Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5  Kevin P.B. Johnson (Cal. Bar No. 177129)
   kevinjohnson@quinnemanuel.com
6  Victoria F. Maroulis (Cal. Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
7  555 Twin Dolphin Drive 5th Floor
   Redwood Shores, California 94065
8  Telephone: (650) 801-5000
   Facsimile: (650) 801-5100
9
   Michael T. Zeller (Cal. Bar No. 196417)
10 michaelzeller@quinnemanuel.com
   865 S. Figueroa St., 10th Floor
11 Los Angeles, California 90017
   Telephone: (213) 443-3000
12 Facsimile: (213) 443-3100

13 Attorneys for SAMSUNG ELECTRONICS
   CO., LTD., SAMSUNG ELECTRONICS
14 AMERICA, INC. and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC
15

16                  UNITED STATES DISTRICT COURT

17        NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| 18  APPLE INC., a California corporation, | CASE NO. 11-cv-01846-LHK |
| 19           Plaintiff, | |
| 20        vs. | **SAMSUNG'S NOTICE OF MOTION AND MOTION FOR JUDGMENT AS A MATTER OF LAW** |
| 21  SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG | |
| 22  ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG | **Judge:   Hon. Lucy H. Koh** |
| 23  TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| 24           Defendants. | |
| 25 | |

26

27

28

# TABLE OF CONTENTS

**Page**

I.      THERE IS NO EVIDENCE OF INFRINGEMENT OF ANY APPLE PATENTS ............. 1

    A.      There Is No Evidence of Infringement of D618,677, or D593,087, or D504,889 ..................................................................................................... 1

    B.      There Is No Evidence of Infringement of D640,305 ................................. 1

    C.      There Is No Evidence that Samsung Infringes the 7,469,381 Patent ....................... 1

    D.      There Is No Evidence that Samsung Infringes the 7,864,163 Patent ....................... 2

    E.      There Is No Evidence that Samsung Infringes the 7,844,915 Patent ....................... 2

    F.      There Is No Evidence That Samsung Has Induced Infringement ........................... 2

    G.      There Is No Evidence of Infringement by Numerous Products ................................ 2

II.     APPLE'S PATENTS ARE INVALID AS A MATTER OF LAW .................................. 3

    A.      The 7,469,381 Patent Is Invalid As a Matter of Law ................................. 3

    B.      The 7,864,163 Patent Is Invalid as a Matter of Law ................................. 3

    C.      The 7,844,915 Patent Is Invalid as a Matter of Law ................................. 3

    D.      The D640,305 Patent Is Invalid as a Matter of Law ................................. 3

    E.      The D678,677 and D593,087 Patents Are Invalid as a Matter of Law .................... 3

    F.      The D504,889 Patent Is Invalid As a Matter of Law ................................. 4

III.    THERE IS NO EVIDENCE OF TRADE DRESS INFRINGEMENT ................................ 4

IV.     ANTITRUST/UNFAIR COMPETITION ..................................................................... 4

V.      APPLE'S DAMAGES CLAIMS FAIL AS A MATTER OF LAW .................................. 4

VI.     THERE IS NO EVIDENCE OF EXHAUSTION ........................................................... 5

VII.    APPLE'S WAIVER / UNCLEAN HANDS / BREACH OF CONTRACT/ FRAND LICENSE DEFENSES AND ITS CLAIM FOR A DECLARATORY JUDGMENT THAT IT IS LICENSED FAIL AS A MATTER OF LAW ................................................ 6

VIII.   APPLE INFRINGES SAMSUNG'S PATENTS AS A MATTER OF LAW .................... 6

IX.     THERE IS NO EVIDENCE TO SUPPORT EQUITABLE ESTOPPEL ........................... 6

X.      CONCLUSION ........................................................................................................... 6

1    Judgment as a matter of law is appropriate under Rule 50 when "a party has been fully

2    heard on an issue during a jury trial and the court finds that a reasonable jury would not have a

3    legally sufficient evidentiary basis to find for the party on that issue."   Fed. R. Civ. P. 50(a)(1).

4    Samsung incorporates by reference its prior Rule 50 motion and moves on the following

5    additional bases.

6    **I.    THERE IS NO EVIDENCE OF INFRINGEMENT OF ANY APPLE PATENTS**

7         **A.    There Is No Evidence of Infringement of D618,677, or D593,087, or D504,889**

8    Apple's infringement claims for the 'D'677, D'087 and D'889 fail because: (1) Apple

9    presented no evidence to satisfy the controlling *Gorham* standard, Tr. at 472:24-473:1, 522:24-

10   523:4, 528:12-15, 531:7-11, 1101:11-1104:18, 1225:15-1232:10; (2) the patents as asserted by

11   Apple purport to improperly cover public domain concepts and ideas; (3) the patents have to be

12   construed so narrowly to avoid invalidity based on the prior art, Tr. 3603:18-3605:13; and (4)

13   Apple's expert testimony and infringement theory failed to factor out functional features.   *E.g.*,

14   Tr. at 1199:8-1200:4.

15        **B.    There Is No Evidence of Infringement of D640,305**

16   Apple has not introduced substantial evidence that Samsung infringes the D640,305.

17   Apple's expert testimony did not follow the *Gorham* standard, Tr. at 1370:7-23; 1424:21-22,

18   1448:5, failed to consider alleged similarity in view of the prior art, failed to consider all views of

19   the product, Tr. at 1414:5-1415:2, 1424:7-8, and failed to factor out functional elements, Tr. at

20   1470:12-16.

21        **C.    There Is No Evidence that Samsung Infringes the 7,469,381 Patent**

22   There is no evidence that Samsung infringes the '381 patent either literally or by

23   equivalents.   Tr. 1782:14-1799:5.   Samsung's products have a "hold still" feature wherein the

24   product does not translate the electronic document into a second direction.   Tr. at 1791:14-

25   1799:4.   Samsung's products also exhibit a "hard stop" behavior, wherein they do not display an

26   area beyond the edge of the electronic document at all.   Tr. at 1785:4-1787:3.   Apple's expert

27   further admitted that he did not review the source code of the accused products to determine if

28

they always snap back.   Tr. at 1793:8-17.   Apple's expert presented no evidence that the source code for the Contacts application infringes.   Tr. at 1749:13-1751:10.   Finally, there is no properly considered evidence that the Samsung Gem infringes the '381 patent because Apple failed to comply with Patent Local Rule 3 with respect to this product.

### D. There Is No Evidence that Samsung Infringes the 7,864,163 Patent

There is no evidence that Samsung infringes the '163 patent either literally or by equivalents.   Tr. 1877:12-1888:10.   There is no evidence that: (1) any Samsung product displays a structured document comprising boxes of content; (2) any Samsung product has "instructions for determining a first box in the plurality of boxes at the location of the first gesture," Tr. at 1837:24-1838:21; or (3) any Samsung product translates a structured document so that the first and second boxes are substantially centered.

### E. There Is No Evidence that Samsung Infringes the 7,844,915 Patent

There is no evidence that Samsung infringes the '915 patent either literally or by equivalents.   First, Samsung's products do not meet the limitation "determining whether the event object invokes a scroll or gesture operation."   Tr. at 1827:22-1828:17, 1872:3-1877:5. Second, Samsung's products do not meet the limitation of "determin[es] whether the event object invokes a scroll or gesture operations by distinguishing between a single input point . . . interpreted as the scroll operation and two or more input points . . . interpreted as the gesture operation" because they support scrolling with multiple fingers.   Tr. at 1855:3-1865:9.

### F. There Is No Evidence That Samsung Has Induced Infringement

There is no evidence that Samsung actively induced any infringement.   The evidence, at most, establishes only passive knowledge.

### G. There Is No Evidence of Infringement by Numerous Products

Apple only introduced testimony regarding a subset of the products alleged by Apple to infringe each of the asserted utility patents.   Apple introduced no evidence concerning how the other products or other versions work or how they allegedly infringe the asserted patents.   Apple has therefore failed to meet its burden on those products.

## II.   APPLE'S PATENTS ARE INVALID AS A MATTER OF LAW

### A.   The 7,469,381 Patent Is Invalid As a Matter of Law

The DiamondTouch system running Tablecloth and the HP iPaq system running LaunchTile are prior art to the '381 patent.   Tr. at 2229:14-2253:16, 2275:22-2282:4, 2290:21-2299:16; 2350:15-2351:8, 2357:19-2364:5; 2864:13-23, 2870:9-14.   Tablecloth and LaunchTile anticipate or render obvious claim 19 of the '381 patent.   Tr. at 2854:18-2858:22, 2860:3-2864:11, 2864:24-2870:22, 2872:17-2873:9.

### B.   The 7,864,163 Patent Is Invalid as a Matter of Law

The Agnetta, Robbins, LaunchTile, and XNav references are prior art to the '163 patent. 2229:14-2253:16, 2917:3-22, 2919:17-2920:14.   Agnetta, Robbins, LaunchTile, and XNav anticipate or render obvious claim 8 of the '915 patent.   Tr. at 2913:2-2917:2, 2917:23-2919:16, 2920:17-2922:6.   The phrase "substantially centered" is indefinite, rendering claim 50 of the '163 patent invalid as a matter of law because there is no standard for measuring whether instructions "substantially" center a given box.   Tr. at 757:15-758:15, 1901:3-1903:22, 2922:14-2923:2.

### C.   The 7,844,915 Patent Is Invalid as a Matter of Law

The DiamondTouch system running Fractal Zoom, the Nomura Japanese patent publication, and the Jefferson Han system are prior art to the '915 patent.   Tr. at 2275:22-2290:20; 2350:15-2357:18, 2362:8-2366:19, 2902:6-20, 2908:8-2909:6.   Fractal Zoom, Nomura, and the Han system anticipate or render obvious claim 8 of the '915 patent.   Tr. at 289812-2902:5, 2903:15-2907:25, 2908:1-7, 2909:4-2910:5.

### D.   The D640,305 Patent Is Invalid as a Matter of Law

The D'305 patent is obvious and is functional.   *E.g.*, Tr. 1438:1-19; 1440:4-1440:18, 1453:19-1454:24, 1467:6-1469:20, 1475:25-1476:7, 1451:22-1454:24, 1455:2-25, 1467:6-1470:16, 2531:21-2534:15, 2535:8-2536:16, 2537:3-2541:10, 2551:3-16, 2552:25-2554:5, 3475:6-3476:11, DX805.

### E.   The D678,677 and D593,087 Patents Are Invalid as a Matter of Law

The D'677 and D'087 are invalid in light of prior art, Tr. at 2578:1-2595:22, and functional.   Tr. at 2601:18-2611:9.

1    **F.      The D504,889 Patent Is Invalid As a Matter of Law**

2         The D'889 patent is invalid in light of the prior art, Tr. 2595:23-2601:22; 2613:12-

3    2624:14; 2805-2831:15; 3603:18-3604:14; 3611:11-3613:11, and is functional.    Tr. 1138:18-

4    1139:2; 1162:14-17; 1199:25-1201:12; 2601:23-2609:9.

5    **III.    THERE IS NO EVIDENCE OF TRADE DRESS INFRINGEMENT**

6         Apple's trade dress claims fail as a matter of law.    There is no evidence that the trade

7    dresses are not dictated by function and do not affect cost or quality    or are not aesthetically

8    functional.    Tr. at 625:15; 626:9-10; 674:20-675:24, 676:22-677:8; 678:22-679:8, 679:9-11;

9    679:15-20, 680:9-15, 688:12-689:13; 721:3-7; 1196:22-1197-23; 1199:25-1200:16; 1207:9-20;

10   1209:3-14; 1211:12-18.    There is no evidence of likely consumer confusion or dilution.    Tr. at

11   1702:6-14; 1704:1-8.    There is no evidence that any trade dress was famous as of the time

12   Samsung's alleged use began.    Tr. at 1595:1-3.

13   **IV.     ANTITRUST/UNFAIR COMPETITION**

14        Apple's Sherman Act and California Business & Professional Code § 17200 claims fail as

15   a matter of law because: (1) there is no evidence of any viable economic substitutes for Samsung's

16   technology and, therefore, no evidence of a relevant antitrust market (Tr.. at 3431:7-3432:2-13,

17   3460:15-25, 3580:8-3584:16); (2) a mere showing that a technology is incorporated into the

18   UMTS standard is an insufficient basis for establishing monopoly power (Tr. at 3585:6-3586:1,

19   DX630); (3) Apple did not introduce evidence of anticompetitive conduct; and (4) Apple's only

20   alleged antitrust injury stems from litigation conduct, but Apple has not demonstrated either that

21   this is sham litigation or that Samsung's activity is part of an anticompetitive scheme.

22   **V.      APPLE'S DAMAGES CLAIMS FAIL AS A MATTER OF LAW**

23        Samsung is entitled to judgment as a matter of law because Apple has failed to introduce

24   substantial evidence for much of its alleged damages.    First, Apple's damages calculations

25   include as much as $10.2 million in lost profits for the improperly accused Gem smartphone.

26   Second, Apple did not provide substantial evidence of lost profits because it failed to account for

27   price elasticity or to introduce evidence of demand for the intellectual property rights at issue,

28   sufficient excess capacity, an absence of non-infringing substitutes, or that it practiced its patents.

1    Third, Apple failed to demonstrate an entitlement to a reasonable royalty because it did not

2    apportion between infringing and non-infringing features, and its expert assumed without support

3    that Samsung would have wholly abandoned the market and that Apple was an unwilling licensee.

4    Fourth, Apple's calculations of Samsung's profits fail to account for all of Samsung's costs and

5    Apple failed to apportion Samsung's profits for both design patent infringement and trade dress

6    dilution and infringement.    Fifth, Apple's claims for damages must be limited to the period after

7    Samsung received actual notice because Apple admits it does not mark its products and did not

8    introduce evidence that Samsung was on actual notice of any patents, other than the '381 patent,

9    before Apple filed its complaint.    35 U.S.C. § 287.    Likewise, there is no evidence of actual or

10   statutory notice of Apple's trade dress before Apple filed its complaint.    Sixth, Apple failed to

11   present a reasonable royalty theory for its trade dress infringement and dilution claims in response

12   to written discovery, and there is no legal support for such a theory in the context of a pure trade

13   dress claim, as opposed to a combined trade dress and trademark action.    Further, there is no

14   evidence that, before the filing of this lawsuit, Apple and SEC, SEA or STA had or contemplated

15   a license for the specific trade dress at issue.    Seventh, there is no evidence that any trade dress

16   was harmed by dilution or that Apple otherwise suffered loss.    Eighth, there is no evidence that

17   any patent or trade dress infringement or dilution was willful.    Ninth, Apple is not entitled to mix

18   and match remedies under sections 284 and 289.    Tenth, Apple's damages are duplicative and

19   speculative, including because Apple failed to offer any method for the jury to calculate damages

20   if less than all of Apple's intellectual property is found to infringe or the jury found for Samsung

21   with respect to the relevant damages period.

22   ## VI.    THERE IS NO EVIDENCE OF EXHAUSTION

23        Apple has not proven exhaustion because there is no evidence: (1) that the baseband chips

24   were delivered in the United States (*see* PX78); (2) a sale by Intel Corp.; or (3) that Intel Corp.

25   extended its license to Intel Americas Inc.    *Intel Corp. v. Broadcom Corp.*, 173 F. Supp. 2d 201,

26   222 (D. Del 2001).

27

28

**VII. APPLE'S WAIVER / UNCLEAN HANDS / BREACH OF CONTRACT/ FRAND LICENSE DEFENSES AND ITS CLAIM FOR A DECLARATORY JUDGMENT THAT IT IS LICENSED FAIL AS A MATTER OF LAW**

There is no evidence that Samsung violated the ETSI intellectual property disclosure policies.   Tr. 3525:9-3526:11.   Further, it is undisputed that Samsung was "prepared to grant" licenses to patents on FRAND terms.   Tr. at 3522:1-3523:15; DX549.

**VIII. APPLE INFRINGES SAMSUNG'S PATENTS AS A MATTER OF LAW**

Apple infringes the 7,698,711 patent as a matter of law.   Tr. at 2373-2436, 2485-2490, 3173-3322.   Apple infringes the 7,577,460 patent as a matter of law.   Tr. at 2373-2436, 2485-2490, 3173-3322.   Apple infringes the 7,456,893 patent as a matter of law.   Tr. at 2373-2436, 2485-2490, 3173-3322.   Apple infringes the 7,447,516 patent as a matter of law..   In particular, Apple provided no evidence or expert testimony that Apple did not perform the limitations as identified in the Intel source code and other evidence.   Tr. at 3433:33434:24.   Apple infringes the 7,675,941 as a matter of law because Apple failed to provide any evidence it did not infringe. In particular, Apple provided no evidence or expert testimony that Apple did not perform the limitations as identified in the Intel source code and other evidence.   Tr. at 3462:5-24.   In addition, Apple admitted that it sometimes sends an entire SDU, as set forth in the claims.   Tr. at 3463:23-25.

**IX. THERE IS NO EVIDENCE TO SUPPORT EQUITABLE ESTOPPEL**

Apple has failed to prove equitable estoppel because there has been no showing that Apple relied on Samsung's alleged deception.   Tr. at 356:3-6.

**X. CONCLUSION**

For the foregoing reasons, judgment as a matter of law on Apple's affirmative claims for relief is warranted.

DATED: August 18, 2012                    QUINN EMANUEL URQUHART &
                                          SULLIVAN, LLP

1

2
By    /s/ Victoria Maroulis
Charles K. Verhoeven

3
Kevin P.B. Johnson
Victoria F. Maroulis

4
Michael T. Zeller
Attorneys for SAMSUNG ELECTRONICS CO.,

5
LTD., SAMSUNG ELECTRONICS AMERICA,
INC., and SAMSUNG

6
TELECOMMUNICATIONS AMERICA, LLC

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28