| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781) <br> hmcelhinny@mofo.com <br> MICHAEL A. JACOBS (CA SBN 111664) <br> mjacobs@mofo.com <br> RACHEL KREVANS (CA SBN 116421) <br> rkrevans@mofo.com <br> JENNIFER LEE TAYLOR (CA SBN 161368) <br> jtaylor@mofo.com <br> ALISON M. TUCHER (CA SBN 171363) <br> atucher@mofo.com <br> RICHARD S.J. HUNG (CA SBN 197425) <br> rhung@mofo.com <br> JASON R. BARTLETT (CA SBN 214530) <br> jasonbartlett@mofo.com <br> MORRISON & FOERSTER LLP <br> 425 Market Street <br> San Francisco, California 94105-2482 <br> Telephone: (415) 268-7000 <br> Facsimile: (415) 268-7522 <br><br> Attorneys for Plaintiff and <br> Counterclaim-Defendant APPLE INC. | QUINN EMANUEL URQUHART & <br> SULLIVAN, LLP <br> Charles K. Verhoeven (Cal. Bar No. 170151) <br> 50 California Street, 22nd Floor <br> San Francisco, California 94111 <br> Telephone: (415) 875-6600 <br> Facsimile: (415) 875-6700 <br> Kevin P.B. Johnson (Cal. Bar No. 177129) <br> Victoria F. Maroulis (Cal. Bar No. 202603) <br> 555 Twin Dolphin Drive 5th Floor <br> Redwood Shores, California 94065 <br> Telephone: (650) 801-5000 <br> Facsimile: (650) 801-5100 <br> Michael T. Zeller (Cal. Bar No. 196417) <br> 865 S. Figueroa St., 10th Floor <br> Los Angeles, California 90017 <br> Telephone: (213) 443-3000 <br> Facsimile: (213) 443-3100 <br><br> Attorneys for SAMSUNG ELECTRONICS <br> CO., LTD., SAMSUNG ELECTRONICS <br> AMERICA, INC. and SAMSUNG <br> TELECOMMUNICATIONS AMERICA, <br> LLC |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., A Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, <br><br> Defendant. | Case No. 11-cv-01846-LHK (PSG) <br><br> **JOINT STATEMENT REGARDING PROPOSED VERDICT FORM** |

The parties have been unable to agree on a verdict form, but have agreed on the following points:

- The order of questions, except as noted below;
- The format for patent invalidity questions, except as to the wording for the standard of proof;
- The form of the chart that the jury will be asked to complete in response to the question of whether Samsung has proven infringement by Apple (although not the wording for the question itself). (Charts below Apple Question No. 14 and Samsung Question No. 25.)
- The two questions under the heading "Damages to Samsung from Apple". (Apple Question Nos. 17 and 18; Samsung Question Nos. 28 and 29).
- The three questions under the heading "Breach of Contract Claims and Antitrust" (Apple Question Nos. 19-21; Samsung Question Nos. 30-32).

The parties' disagree, as set forth more fully in the attached proposed verdict forms of Apple (Exhibit A) and Samsung (Exhibit B), respectively, on these points:

- How to assess liability separately for the three Samsung defendants (*compare*, *e.g.*, Apple Question 5 with Samsung Questions 1-6);
- Whether to identify and break out applications in asking about infringement of Apple's utility patents (Apple Question 1; Samsung Questions 1-3);
- Whether to list Android version numbers and certain carrier names (Apple Question 1; Samsung Questions 1-4, 12);
- Whether the jury should be asked whether the Gem infringes the '381 patent and whether the jury should be asked whether SEC is liable with respect to the Galaxy Ace, Galaxy i9000, and Galaxy i9100 (Apple Questions 1,2, 10; Samsung Questions 1-5);
- How to phrase the question about willfulness for patent infringement (*e.g.*, Apple Questions 3, 15; Samsung Questions 6, 26) and for trade dress dilution or infringement (Apple Question 12; Samsung Question 16);

- Whether, on trade dress claims, to ask a single question about dilution (Apple Question 10) or a separate question addressing fame (Samsung Question 10-12);
- Whether to instruct the jury on liability for SEC, and if so whether to instruct only on inducement (*e.g.*, Apple Questions 1, 2, 5, 11; Samsung Questions 3, 5, 15);
- Whether to include questions beyond a single interrogatory regarding the amount of damages, once infringement or dilution is found (*compare* Apple Question 13 *with* Samsung questions 20-24);
- Whether to use "more likely than not" or "preponderance of the evidence" and whether to use "highly probable" or "by clear and convincing evidence," although the parties agree that the verdict form should track the language of the jury instructions;
- On the question of the validity of the Samsung patents, Samsung's form notes the grounds for invalidity, but Apple's does not. (Compare Apple Question 16 and Samsung Question 27).
- On Apple's patent exhaustion claim, whether the standard should be phrased "more likely than not" or "preponderance of the evidence." (Compare Apple Question 22 and Samsung Question 33). Apple's version of this question includes equitable estoppel, Samsung's does not.
- Apple's proposed verdict form includes a question on waiver for Samsung's '516 and '941 patents. Samsung's does not. (Apple Question 23).
- How the verdict form should distinguish, if at all, between the different Galaxy Tab 10.1 models. (Apple Questions 2, 10 and Samsung Questions 4, 12, 13.)
- The order of the questions concerning the validity of Apple's trade dresses. (Apple Questions 6-9; Samsung Questions 8-10.)

Dated: August 18, 2012

MORRISON & FOERSTER LLP

By: */s/ Michael A. Jacobs*

HAROLD J. MCELHINNY
MICHAEL A. JACOBS
JENNIFER LEE TAYLOR
ALISON M. TUCHER
RICHARD S.J. HUNG
JASON R. BARTLETT

Attorneys for APPLE INC.

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: */s/ Victoria F. Maroulis*

CHARLES K. VERHOEVEN
KEVIN P.B. JOHNSON
VICTORIA F. MAROULIS
EDWARD DEFRANCO
MICHAEL T. ZELLER

Attorneys for SAMSUNG ELECTRONICS CO. LTD, SAMSUNG ELECTRONICS AMERICA, INC., AND SAMSUNG TELECOMMUNICATIONS AMERICA, LLC.

**ATTESTATION OF E-FILED SIGNATURE**

I, Michael A. Jacobs, am the ECF User whose ID and password are being used to file this Joint Statement Regarding Proposed Verdict Form.  In compliance with General Order 45, X.B., I hereby attest that Victoria F. Maroulis has concurred in this filing.

Dated:  August 18, 2012                           */s/ Michael A. Jacobs*
                                                                       Michael A. Jacobs