UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California corporation,<br><br>        Plaintiff and Counterdefendant,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., A Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>        Defendants and Counterclaimants. | Case No.: 11-CV-01846-LHK<br><br>ORDER ON JURY INSTRUCTIONS OBJECTION PROCEDURE; TENTATIVE FINAL JURY INSTRUCTIONS (PART I) |

In an effort to provide the parties as much advance notice as possible, the Court will file tentative final jury instructions in installments as they are prepared.  The Court will file one complete set of tentative final jury instructions on Sunday, August 19, 2012, which will reflect the Court's rulings on all objections made by the parties regarding disputed instructions in ECF No. 1694.  Attached as Exhibit A is the first installment of tentative general civil and utility patent instructions that are currently ready.

The Court is revising the procedure for objecting to jury instructions.  The parties shall still file no more than 16 pages of their 8 high priority objections by 8:00 a.m. on Monday, August 20,

2012.  However, the parties shall not file any other objections.  Instead, the parties shall be prepared to argue all of their objections at the hearing on Monday, August 20, 2012, to preserve their objections for appeal.  On Sunday, August 19, 2012, the Court will set the time of Monday's hearing as well as the parties' time limits for orally objecting to the jury instructions.

**IT IS SO ORDERED.**

Dated: August 18, 2012

*Lucy H. Koh*

LUCY H. KOH
United States District Judge

ORDER ON JURY INSTRUCTION OBJECTION PROCEDURE; TENTATIVE FINAL JURY INSTRUCTIONS – PART I
5:11-CV-01846-LHK

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

**EXHIBIT A**

ORDER ON JURY INSTRUCTION OBJECTION PROCEDURE; TENTATIVE FINAL JURY INSTRUCTIONS –
PART I
5:11-CV-01846-LHK

# GENERAL CIVIL INSTRUCTIONS

ORDER ON JURY INSTRUCTION OBJECTION PROCEDURE; TENTATIVE FINAL JURY INSTRUCTIONS –
PART I
5:11-CV-01846-LHK

**FINAL JURY INSTRUCTION NO. 1.1C**
**DUTY OF JURY**

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you as to the law of the case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**Source**

Ninth Circuit Model Civil Jury Instructions – 1.1C (2007 ed.)

**[UNDISPUTED] FINAL JURY INSTRUCTION NO. 1**
**BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim or defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**Source**

Ninth Circuit Model Civil Jury Instr. - 1.3 (2007 Ed.).

ORDER ON JURY INSTRUCTION OBJECTION PROCEDURE; TENTATIVE FINAL JURY INSTRUCTIONS – PART I
5:11-CV-01846-LHK

**[UNDISPUTED] FINAL JURY INSTRUCTION NO. 2**
**BURDEN OF PROOF—CLEAR AND CONVINCING EVIDENCE**

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means you must be persuaded by the evidence that the claim or defense is highly probable. This is a higher standard of proof than proof by a preponderance of the evidence.

You should base your decision on all of the evidence, regardless of which party presented it.

**Source**

Ninth Circuit Model Civil Jury Instr. - 1.4 (2007 Ed.).

ORDER ON JURY INSTRUCTION OBJECTION PROCEDURE; TENTATIVE FINAL JURY INSTRUCTIONS – PART I
5:11-CV-01846-LHK

**[UNDISPUTED] FINAL JURY INSTRUCTION NO. 2.1**
**TWO OR MORE PARTIES—DIFFERENT LEGAL RIGHTS**

You should decide the case as to each party separately. Unless otherwise stated, the instructions apply to all parties.

**Source**

Ninth Circuit Model Civil Jury Instr. - 1.5 (2007 Ed.).

ORDER ON JURY INSTRUCTION OBJECTION PROCEDURE; TENTATIVE FINAL JURY INSTRUCTIONS – PART I
5:11-CV-01846-LHK

## PROPOSED FINAL JURY INSTRUCTION NO. 14
### WHAT IS EVIDENCE

The trial is now over.  The evidence you are to consider in deciding what the facts are consists of:

      1. the sworn testimony of any witness;

      2. the exhibits which are received into evidence; and

      3. any facts to which the lawyers have agreed.

**<u>Source</u>**

Adapted from Ninth Circuit Model Civil Jury Instructions - 1.6 (2007 Edition).

ORDER ON JURY INSTRUCTION OBJECTION PROCEDURE; TENTATIVE FINAL JURY INSTRUCTIONS –
PART I
5:11-CV-01846-LHK

**PROPOSED FINAL JURY INSTRUCTION NO. 15**
**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits that were received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)     Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they said in their opening statements and throughout the trial, and what they will say in their closing arguments or at other times are all intended to help you interpret the evidence. But these arguments and statements are not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)     Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

(4)     Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**Source**

Adapted from Ninth Circuit Model Civil Jury Instructions - 1.7 (2007 Edition).

ORDER ON JURY INSTRUCTION OBJECTION PROCEDURE; TENTATIVE FINAL JURY INSTRUCTIONS – PART I
5:11-CV-01846-LHK

**United States District Court**
For the Northern District of California

**PROPOSED FINAL JURY INSTRUCTION NO. 16**
**EVIDENCE FOR LIMITED PURPOSE**

Some evidence may have been admitted for a limited purpose only.  You must consider it only for that limited purpose and for no other.

**<u>Source</u>**

Adapted from Ninth Circuit Model Civil Jury Instructions - 1.8 (2007 Edition).

ORDER ON JURY INSTRUCTION OBJECTION PROCEDURE; TENTATIVE FINAL JURY INSTRUCTIONS – PART I
5:11-CV-01846-LHK

**United States District Court**
For the Northern District of California

**[UNDISPUTED] FINAL JURY INSTRUCTION NO. 3
CHARTS AND SLIDES NOT RECEIVED IN EVIDENCE**

Certain charts and slides not received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case.  They are not themselves evidence or proof of any facts.

**Source**

Adapted from Ninth Circuit Model Civil Jury Instr. – 2.12 (2007 Ed.).

ORDER ON JURY INSTRUCTION OBJECTION PROCEDURE; TENTATIVE FINAL JURY INSTRUCTIONS – PART I
5:11-CV-01846-LHK

**[UNDISPUTED] FINAL JURY INSTRUCTION NO. 4**
**CHARTS AND SUMMARIES IN EVIDENCE**

Certain charts and summaries have been received into evidence to illustrate information brought out in the trial.  You may use those charts and summaries as evidence, even though the underlying documents and records are not here.  You should give them only such weight as you think they deserve.

**Source**

Adapted from Ninth Circuit Model Civil Jury Instr. – 2.13 (2007 Ed.).

ORDER ON JURY INSTRUCTION OBJECTION PROCEDURE; TENTATIVE FINAL JURY INSTRUCTIONS – PART I
5:11-CV-01846-LHK

**United States District Court**
For the Northern District of California

United States District Court
For the Northern District of California

## PROPOSED FINAL JURY INSTRUCTION NO. 17
## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

**<u>Source</u>**

Ninth Circuit Model Civil Jury Instructions - 1.9 (2007 Edition).

ORDER ON JURY INSTRUCTION OBJECTION PROCEDURE; TENTATIVE FINAL JURY INSTRUCTIONS – PART I
5:11-CV-01846-LHK

**PROPOSED FINAL JURY INSTRUCTION NO. 18**
**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness said, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testified about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

<u>**Source**</u>

Ninth Circuit Model Civil Jury Instructions - 1.11 (2007 Edition).

**PROPOSED FINAL JURY INSTRUCTION NO. 19**
**IMPEACHMENT EVIDENCE—WITNESS**

The evidence that a witness lied under oath or gave different testimony on a prior occasion may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

**<u>Source</u>**

Ninth Circuit Model Civil Jury Instructions – 2.8 (2007 Edition).

ORDER ON JURY INSTRUCTION OBJECTION PROCEDURE; TENTATIVE FINAL JURY INSTRUCTIONS –
PART I
5:11-CV-01846-LHK

## PROPOSED FINAL JURY INSTRUCTION NO. 20
## TAKING NOTES

You may have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

**<u>Source</u>**

Adapted from Ninth Circuit Model Civil Jury Instructions - 1.14 (2007 Edition).

**United States District Court**
For the Northern District of California

ORDER ON JURY INSTRUCTION OBJECTION PROCEDURE; TENTATIVE FINAL JURY INSTRUCTIONS – PART I
5:11-CV-01846-LHK

**PROPOSED FINAL JURY INSTRUCTION NO. 21**
**DEPOSITION IN LIEU OF LIVE TESTIMONY**

You heard some witnesses testify by deposition.  A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.

You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

**<u>Source</u>**

Adapted from Ninth Circuit Model Civil Jury Instructions - 2.4 (2007 Edition).

ORDER ON JURY INSTRUCTION OBJECTION PROCEDURE; TENTATIVE FINAL JURY INSTRUCTIONS – PART I
5:11-CV-01846-LHK

## PROPOSED FINAL JURY INSTRUCTION NO. 22
## USE OF INTERROGATORIES OF A PARTY

Evidence was presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side.  These answers were given in writing and under oath, before the actual trial, in response to questions that were submitted in writing under established court procedures.  You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

### Source

Ninth Circuit Model Civil Jury Instructions - 2.10 (2007 Edition).

ORDER ON JURY INSTRUCTION OBJECTION PROCEDURE; TENTATIVE FINAL JURY INSTRUCTIONS – PART I
5:11-CV-01846-LHK

**United States District Court**
For the Northern District of California

## PROPOSED FINAL JURY INSTRUCTION NO. 23
## EXPERT OPINION

Some witnesses, because of education or experience, were permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

### <u>Source</u>

Ninth Circuit Model Civil Jury Instructions - 2.11 (2007 Edition).

ORDER ON JURY INSTRUCTION OBJECTION PROCEDURE; TENTATIVE FINAL JURY INSTRUCTIONS – PART I
5:11-CV-01846-LHK

**[DISPUTED] FINAL JURY INSTRUCTION NO. 8
SUMMARY OF CONTENTIONS**

I will now again summarize for you each side's contentions in this case. I will then tell you what each side must prove to win on each of its contentions.

As I previously explained, Apple seeks money damages from Samsung for allegedly infringing the '381, '915, '163, D'889, D'087, D'677, and D'305 patents by making, importing, using, selling, and/or offering for sale the tablet and smart phone products that Apple argues are covered by claim 19 of the '381 patent, claim 8 of the '915 patent, claim 50 of the '163 patent, and the D'889, D'087, D'677, and D'305 patents. Apple also argues that Samsung's Korean parent, Samsung Electronics Company ("SEC"), actively induced the U.S. Samsung entities, Samsung Electronics America, Inc. ("SEA") and Samsung Telecommunications America, LLC ("STA"), to infringe the patents. Apple also contends that Samsung's infringement has been willful.

Samsung denies that it has infringed the asserted claims of Apple's patents and argues that, in addition, those claims are invalid. Invalidity is a defense to infringement.

Samsung has also brought claims against Apple for patent infringement. Samsung seeks money damages from Apple for allegedly infringing the '941, '516, '711, '460, and '893 patents by making, importing, using, selling and/or offering for sale Apple's iPhone, iPad and iPod products that Samsung argues are covered by claims 10 and 15 of the '941 patent, claims 15 and 16 of the '516 patent, claim 9 of the '711 patent, claim 1 of the '460 patent, and claim 10 of the '893 patent. Samsung also contends that Apple's infringement has been willful.

Apple denies that it has infringed the claims asserted by Samsung and argues that the claims asserted by Samsung are invalid, and for the '516 and '941 patents, also unenforceable. Invalidity and unenforceability are defenses to infringement. Apple also contends that, by asserting its "declared essential" patents against Apple, Samsung has violated the antitrust laws and breached its contractual obligations to timely disclose and then license these patents on fair and reasonable terms.

For each party's patent infringement claims against the other, the first issue you will have to decide is whether the alleged infringer has infringed the claims of the patent holder's patents and whether those patents are valid. If you decide that any claim of either party's patents has been infringed and is not invalid, you will then need to decide any money damages to be awarded to the patent holder to compensate for the infringement. You will also need to make a finding as to whether the infringement was willful. If you decide that any infringement was willful, that decision should not affect any damage award you give. I will take willfulness into account later.

To resolve Apple's claims regarding Samsung's "declared essential" patents, you will need to make a finding as to whether Samsung violated the antitrust laws and whether Samsung breached its contractual obligations. If you decide that Samsung violated the antitrust laws or breached its contractual obligations, you will then need to decide what money damages to award to Apple.

Apple accuses Samsung of diluting Apple's Registered Trade Dress No. 3,470,983. This trade dress relates to the iPhone. Apple also accuses Samsung of diluting two unregistered trade dresses relating to the iPhone. Finally, Apple claims that Samsung has diluted and infringed its unregistered trade dress relating to the iPad.

For each of Apple's trade dress dilution and infringement claims, the first issue you will have to decide is whether the Apple trade dress is protectable (or valid). An asserted trade dress is only protectable if the trade dress design as a whole, as opposed to its individual features standing alone, is both distinctive and non-functional.

ORDER ON JURY INSTRUCTION OBJECTION PROCEDURE; TENTATIVE FINAL JURY INSTRUCTIONS –
PART I
5:11-CV-01846-LHK

For Apple's trade dress dilution claims, the next issues you will decide are whether Apple's trade dress was famous before Samsung started selling its accused products, and whether Samsung's accused products are likely to cause dilution of the asserted Apple trade dresses by impairing their distinctiveness.

Apple's trade dress infringement claim will require you to resolve different issues. You will need to determine whether Apple's trade dress had acquired distinctiveness before Samsung started selling its accused products, and whether Samsung's accused products are likely to cause confusion about the source of Samsung's goods.

If you decide that any Apple trade dress is both protectable and has been infringed or willfully diluted by Samsung, you will then need to decide the money damages to be awarded to Apple.

Samsung denies that it has infringed or diluted any Apple trade dress and argues that each asserted trade dress is not protectable. If a trade dress is not protectable, that is a defense to infringement and dilution.

**Sources**

Adapted from Ninth Circuit Model Civil Jury Instr. – 15.8, 15.10, 15.11 (2007 Ed.); Apple's proposed instruction.

ORDER ON JURY INSTRUCTION OBJECTION PROCEDURE; TENTATIVE FINAL JURY INSTRUCTIONS – PART I
5:11-CV-01846-LHK

**United States District Court**
For the Northern District of California

# PROPOSED FINAL JURY INSTRUCTION NO. 24
## DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should.  Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**Source**

Ninth Circuit Model Civil Jury Instructions - 3.1 (2007 Edition).

ORDER ON JURY INSTRUCTION OBJECTION PROCEDURE; TENTATIVE FINAL JURY INSTRUCTIONS – PART I
5:11-CV-01846-LHK

**PROPOSED FINAL JURY INSTRUCTION NO. 25**
**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the Bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

**<u>Source</u>**

Ninth Circuit Model Civil Jury Instructions - 3.2 (2007 Edition).

ORDER ON JURY INSTRUCTION OBJECTION PROCEDURE; TENTATIVE FINAL JURY INSTRUCTIONS –
PART I
5:11-CV-01846-LHK

**[UNDISPUTED] FINAL JURY INSTRUCTION NO. 9**
**RETURN OF VERDICT**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

**Source**

Ninth Circuit Model Civil Jury Instr. - 3.3 (2007 Ed.).

ORDER ON JURY INSTRUCTION OBJECTION PROCEDURE; TENTATIVE FINAL JURY INSTRUCTIONS – PART I
5:11-CV-01846-LHK

# UTILITY PATENT JURY INSTRUCTIONS

United States District Court
For the Northern District of California

ORDER ON JURY INSTRUCTION OBJECTION PROCEDURE; TENTATIVE FINAL JURY INSTRUCTIONS –
PART I
5:11-CV-01846-LHK

**[UNDISPUTED] FINAL JURY INSTRUCTION NO. 10**
**UTILITY PATENTS—INTERPRETATION OF CLAIMS**

<u>**Apple's Proposed Instruction**</u>

Before you decide whether Apple or Samsung has infringed the claims of the other side's utility patents or whether the claims are invalid, you will need to understand the patent claims. As I mentioned, the patent claims are numbered sentences at the end of the patent that describe the boundaries of the patent's protection. It is my job as judge to explain to you the meaning of any language in the claims that needs interpretation.

I have interpreted the meaning of some of the language in the utility patent claims involved in this case. You must accept those interpretations as correct. My interpretation of the language should not be taken as an indication that I have a view regarding the issues of infringement and invalidity. The decisions regarding infringement and invalidity are yours to make.

- **U.S. Patent No. 7,469,381**

The term "displaying" means "showing or revealing to the viewer."

The term "electronic document" means "a document stored in a digital format." An "electronic document" includes, but is not limited to, a web page; a digital image; a word processing, spreadsheet or presentation document; or a list of items in a digital format. An electronic document need not be stored in a single file.

The term "first direction" does not require a strictly linear finger movement.

The term "edge of the electronic document" has its plain and ordinary meaning. An edge of an electronic document is not limited to an external edge and may be internal.

- **U.S. Patent No. 7,844,915**

The term "invokes" means "causes" or "causes a procedure to be carried out."

- **U.S. Patent No. 7,698,711**

The term "applet" means "an application designed to run within an application module that need not be operating system-independent."

*       *       *

For claim language where I have not provided you with any meaning, you should apply the claim language's plain and ordinary meaning.

**Source**

Adapted from N.D. Cal. Model Patent Jury Instr. B.2.1.

**Authorities**

*Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 384-391 (1996); *Phillips v. AWH Corp.*, 415 F.3d 1303, 1324 (Fed. Cir. 2005); *Pitney Bowes, Inc. v. Hewlett-Packard Co.*, 182 F.3d 1298, 1304-13 (Fed. Cir. 1999); *Cybor Corp. v. FAS Techs.*, 138 F.3d 1448 (Fed. Cir. 1998) (*en banc*); *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 977 (Fed. Cir. 1995) (*en banc*).

ORDER ON JURY INSTRUCTION OBJECTION PROCEDURE; TENTATIVE FINAL JURY INSTRUCTIONS – PART I
5:11-CV-01846-LHK

## [UNDISPUTED] FINAL JURY INSTRUCTION NO. 11
## UTILITY PATENTS—INFRINGEMENT BURDEN OF PROOF

I will now instruct you on the rules you must follow in deciding whether either Apple or Samsung (or both) has proven that the other side has infringed one or more of the asserted claims of the asserted utility patents.  To prove infringement of any claim, the patent holder must persuade you that it is more likely than not that the alleged infringer has infringed that claim.

**Source**

Adapted from N.D. Cal. Model Patent Jury Instr. B.3.1.

**Authorities**

*Warner-Lambert Co. v. Teva Pharm. USA, Inc.,* 418 F.3d 1326, 1341 n.15 (Fed. Cir. 2005); *Seal-Flex, Inc. v. Athletic Track and Court Constr.,* 172 F.3d 836, 842 (Fed. Cir. 1999); *Morton Int'l, Inc. v. Cardinal Chem. Co.*, 5 F.3d 1464, 1468-69 (Fed. Cir. 1993).

ORDER ON JURY INSTRUCTION OBJECTION PROCEDURE; TENTATIVE FINAL JURY INSTRUCTIONS – PART I
5:11-CV-01846-LHK

**United States District Court**
For the Northern District of California

# [UNDISPUTED] FINAL JURY INSTRUCTION NO. 12
## UTILITY PATENTS—DIRECT INFRINGEMENT

A patent's claims define what is covered by the patent.  A product or method directly infringes a patent if it is covered by at least one claim of the patent.

Deciding whether a claim has been directly infringed is a two-step process.  The first step is to decide the meaning of the patent claim.  I have already made this decision, and I have already instructed you as to the meaning of the asserted patent claims.  The second step is to decide whether Samsung and/or Apple has made, used, sold, offered for sale, or imported within the United States a product or method covered by any of the asserted claims of the other side's utility patents.  If Samsung or Apple has done so, it infringes.  You, the jury, make this decision.

With one exception, you must consider each of the asserted claims of the patents individually, and decide whether the accused Samsung and/or Apple products or methods infringe that claim.  The one exception to considering claims individually concerns dependent claims.  A dependent claim includes all of the requirements of a particular independent claim, plus additional requirements of its own.  As a result, if you find that an independent claim is not infringed, you must also find that its dependent claims are not infringed.  On the other hand, if you find that an independent claim has been infringed, you must still separately decide whether the additional requirements of its dependent claims have also been infringed.

You have heard evidence about both side's commercial products.  However, in deciding the issue of utility patent infringement you may not compare the Samsung and Apple commercial products to each other.   Rather, you must compare the accused Samsung products to the claims of the Apple utility patents, and the accused Apple products or methods to the claims of the Samsung utility patents.

Whether or not Samsung or Apple knew its products or methods infringed or even knew of the other side's patents does not matter in determining direct infringement.

There are two ways in which a patent claim may be directly infringed.  A claim may be "literally" infringed, or it may be infringed under the "doctrine of equivalents."  The following instructions will provide more detail on these two types of direct infringement.

**Source**

Adapted from N.D. Cal. Model Patent Jury Instr. B.3.2.

**Authorities**

35 U.S.C. § 271; *Warner-Jenkinson Co., Inc. v. Hilton Davis Chem. Co.,* 520 U.S. 17 (1997); *Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.,* 424 F.3d 1293, 1310-11 (Fed. Cir. 2005); *DeMarini Sports, Inc. v. Worth, Inc.,* 239 F.3d 1314, 1330-34 (Fed. Cir. 2001); *Seal-Flex, Inc. v. Athletic Track and Court Constr.,* 172 F.3d 836, 842 (Fed. Cir. 1999); *Carroll Touch, Inc. v. Electro Mech. Sys., Inc.,* 15 F.3d 1573, 1576 (Fed. Cir. 1993).

ORDER ON JURY INSTRUCTION OBJECTION PROCEDURE; TENTATIVE FINAL JURY INSTRUCTIONS – PART I
5:11-CV-01846-LHK

**United States District Court**
For the Northern District of California

**[DISPUTED] FINAL JURY INSTRUCTION NO. 12.1
UTILITY PATENTS—DIRECT INFRINGEMENT**

In deciding whether a sale has taken place "within the United States," you may find the following guidelines helpful to your analysis:

The location of the sale depends on many factors, and you may find that the sale occurred in several places.  A sale occurs wherever the "essential activities" of the sale take place.  The essential activities include, for example, negotiating the contract and performing obligations under the contract.

**Authorities**

35 U.S.C. § 271; *Litecubes, LLC v. N. Light Prods.*, 523 F.3d 1353, 1369-71 (Fed. Cir. 2008); *SEB S.A. v. Montgomery Ward & Co.*, 594 F.3d 1360, 1375 (Fed. Cir. 2010); *Transocean Offshore Deepwater Drilling, Inc. v. Maersk Contrs. USA, Inc.*, 617 F.3d 1296, 1310 (Fed. Cir. 2010); *MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon*, 420 F.3d 1369, 1375 (Fed. Cir. 2005).

ORDER ON JURY INSTRUCTION OBJECTION PROCEDURE; TENTATIVE FINAL JURY INSTRUCTIONS – PART I
5:11-CV-01846-LHK

**United States District Court**
For the Northern District of California

**[UNDISPUTED] FINAL JURY INSTRUCTION NO. 13**
**UTILITY PATENTS—LITERAL INFRINGEMENT**

To decide whether each accused Samsung and Apple product or method literally infringes a claim of an asserted patent, you must compare the product or method with the patent claim and determine whether every requirement of the claim is included in that product or method.  If so, the Samsung or Apple product or method in question literally infringes that claim.  If, however, a particular Samsung or Apple product or method does not have every requirement in the patent claim, that product or method does not literally infringe that claim.  You must decide literal infringement for each asserted claim separately.

If the patent claim uses the term "comprising," that patent claim is to be understood as an open claim.  An open claim is infringed as long as every requirement in the claim is present in the accused product or method. The fact that a particular accused Samsung or Apple product or method also includes other parts or steps will not avoid infringement, as long as it has every requirement in the patent claim.

**Source**

Adapted from N.D. Cal. Model Patent Jury Instr. B.3.3.

**Authorities**

*MicroStrategy Inc. v. Business Objects, S.A.*, 429 F.3d 1344, 1352-53 (Fed. Cir. 2005); *Netword, LLC v. Centraal Corp.*, 242 F.3d 1347, 1353 (Fed. Cir. 2001); *Cole v. Kimberly-Clark Corp.*, 102 F.3d 524, 532 (Fed. Cir. 1996); *Ecolab, Inc. v. FMC Corp.*, 569 F.3d 1335 (Fed. Cir. 2009); *Cross Med. Prods. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293 (Fed. Cir. 2005); *BMC Res., Inc. v. Paymentech, L.P.*, 498 F.3d 1373 (Fed. Cir. 2007). Note that the issue of divided infringement is the subject of two en banc cases pending at this writing: *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 629 F.3d 1311 (Fed. Cir. 2010) and *McKesson Techs. v. Epic Sys. Corp.*, 463 F. App'x 906 (Fed. Cir. May 26, 2011).

ORDER ON JURY INSTRUCTION OBJECTION PROCEDURE; TENTATIVE FINAL JURY INSTRUCTIONS – PART I
5:11-CV-01846-LHK

**United States District Court**
For the Northern District of California

## [DISPUTED] FINAL JURY INSTRUCTION NO. 14
## UTILITY PATENTS—INFRINGEMENT UNDER THE DOCTRINE OF EQUIVALENTS

If you decide that an accused Samsung product does not literally infringe an asserted Apple utility patent claim, you must then decide whether that product infringes the asserted claim under what is called the "doctrine of equivalents."  If you decide that an accused Apple product or method does not literally infringe claim 1 of Samsung's '460 patent, you must then decide whether that product or method infringes the asserted claim under what is called the "doctrine of equivalents."

Under the doctrine of equivalents, the product or method can infringe an asserted utility patent claim if it includes parts or software instructions that are identical or equivalent to the requirements of the claim.  If the product or method lacks a part or software instructions that is identical or equivalent to even one requirement of the asserted utility patent claim, the product or method cannot infringe the claim under the doctrine of equivalents.  Thus, in making your decision under the doctrine of equivalents, you must look at each individual requirement of the asserted utility patent claim and decide whether the product or method has either a part or software instructions that are identical or equivalent to that individual claim requirement.

A product part or software instructions are equivalent to a requirement of an asserted claim if a person of ordinary skill in the field would think that the differences between the part or software instructions and the requirement were not substantial as of the time of the alleged infringement.

Changes in technique or improvements made possible by technology developed after the utility patent application is filed may still be equivalent for the purposes of the doctrine of equivalents if it still meets the other requirements of the doctrine of equivalents set forth in this instruction.

One way to decide whether any difference between a requirement of an asserted claim and a product part or software instructions are not substantial is to consider whether, as of the time of the alleged infringement, the part or software instructions performed substantially the same function, in substantially the same way, to achieve substantially the same result as the requirement in the patent claim.

In deciding whether any difference between a claim requirement and the product or method is not substantial, you may consider whether, at the time of the alleged infringement, persons of ordinary skill in the field would have known of the interchangeability of the part or software instructions with the claimed requirement. The known interchangeability between the claim requirement and the part or software instructions of the product or method is not necessary to find infringement under the doctrine of equivalents. However, known interchangeability may support a conclusion that the difference between the part or software instructions and the claim requirement is not substantial. The fact that a part or software instructions of the product or method performs the same function as the claim requirement is not, by itself, sufficient to show known interchangeability.

**Source**

Adapted from N.D. Cal. Model Patent Jury Instr. B.3.4.

**Authorities**

*Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.,* 535 U.S. 722 (2002); *Warner-Jenkinson Co., Inc. v. Hilton Davis Chem. Co.,* 520 U.S. 17 (1997); *Graver Tank & Mfg. Co. v. Linde Air Prods. Co.,* 339 U.S. 605, 609 (1950); *Abraxis Bioscience, Inc. v. Mayne Pharma (USA) Inc.,* 467 F.3d 1370, 1379-82 (Fed. Cir. 2006); *Pfizer, Inc. v. Teva Pharms. USA, Inc.,* 429 F.3d 1364, 1378 (Fed. Cir. 2005); *Johnston & Johnston Assocs. v. R.E. Serv. Co.,* 285 F.3d 1046 (Fed. Cir. 2002) (*en banc*); *Multiform Desiccants, Inc. v. Medzam, Ltd.,* 133 F.3d 1473, 1480 (Fed. Cir. 1998);

ORDER ON JURY INSTRUCTION OBJECTION PROCEDURE; TENTATIVE FINAL JURY INSTRUCTIONS –
PART I
5:11-CV-01846-LHK

*Dolly, Inc. v. Spalding & Evenflo Cos.*, 16 F.3d 394, 397 (Fed. Cir. 1994).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ORDER ON JURY INSTRUCTION OBJECTION PROCEDURE; TENTATIVE FINAL JURY INSTRUCTIONS –
PART I
5:11-CV-01846-LHK

1

**[DISPUTED] FINAL JURY INSTRUCTION NO. 15.1**
**UTILITY PATENT INFRINGEMENT OF '460 METHOD CLAIM**

2

3    In this case, Samsung asserts that Apple infringes claim 1 of the '460 patent which is known as a
method claim.  Method claims are commonly drafted by describing the method as comprising
4    certain steps followed by a list of actions that comprise the method that is claimed.

5    As I've already instructed you, if the patent claim uses the term "comprising," that patent claim is
to be understood as an open claim.  An open method claim is infringed as long as every step in the
6    claim is performed by the user.  The fact that the user may perform additional steps will not avoid
infringement, as long as the user performs every step set forth in the method claim.

7    Absent language specifying a specific order in which the steps are to be performed, the steps need
not be performed in sequential order to find infringement.
8

9    For claim 1 of the '460 patent, I have already determined that the "entering a first E-mail
transmission submode . . ."  step must occur before the "transmitting . . . in the first E-mail
10   transmission submode" step, and the "entering a second E-mail transmission submode . . ." step
must occur before the "transmitting . . . in the second E-mail transmission submode" step.
11   However, the steps need not be ordered otherwise.  You must accept that interpretation as correct.
My interpretation should not be taken as an indication that I have a view regarding the issues of
12   infringement and invalidity.  The decisions regarding infringement and invalidity are yours to
make.

13   **Source**

14   Adapted from N.D. Cal. Model Patent Jury Instr. B.2

15   **Authorities**

16   *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 384-391 (1996); *Phillips v. AWH Corp.*,
415 F.3d 1303, 1324 (Fed. Cir. 2005); *Pitney Bowes, Inc. v. Hewlett-Packard Co.*, 182 F.3d 1298,
17   1304-13 (Fed. Cir. 1999); *Cybor Corp. v. FAS Techs.*, 138 F.3d 1448 (Fed. Cir. 1998) (*en banc*);
*Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 977 (Fed. Cir. 1995) (*en banc*); *Baldwin*
18   *Graphic Sys., Inc. v. Siebert, Inc.*, 512 F.3d 1338, 1345 (Fed. Cir. 2008); *Interactive Gift Express,
Inc. v. Compuserve Inc.,* 256 F.3d 1323, 1342 (Fed. Cir. 2001) ("Unless the steps of a method
19   actually recite an order, the steps are not ordinarily construed to require one."); *Altiris, Inc.v.
Symantec Corp.,* 318 F.3d 1363, 1369-71 (Fed. Cir. 2003) (reversing district court's finding that
20   steps of method claim must be performed in a certain order); June 29, 2012 Order Granting In Part
and Denying In Part Apple's Partial Motion for Summary Judgment.

21

22

23

24

25

26

27

28

ORDER ON JURY INSTRUCTION OBJECTION PROCEDURE; TENTATIVE FINAL JURY INSTRUCTIONS –
PART I
5:11-CV-01846-LHK

**United States District Court**
For the Northern District of California

**[UNDISPUTED] FINAL JURY INSTRUCTION NO. 16
UTILITY PATENTS—INVALIDITY—BURDEN OF PROOF**

I will now instruct you on the rules you must follow in deciding whether each party has proven that claims of the other side's utility patents are invalid.  Before discussing the specific rules, I want to remind you about the standard of proof that applies to this defense.  To prove invalidity of any patent claim, the alleged infringer must persuade you that it is highly probable that the claim is invalid.

**Source**

Adapted from N.D. Cal. Model Patent Jury Instr. B.4.1.

**Authorities**

*Microsoft Corp. v. i4i Ltd. P'ship,* 131 S. Ct. 2238, 2242, 2251 (2011); *Buildex, Inc. v. Kason Indus., Inc.,* 849 F.2d 1461, 1463 (Fed. Cir. 1988); *Hybritech, Inc. v. Monoclonal Antibodies, Inc.,* 802 F.2d 1367, 1375 (Fed. Cir. 1986); *Sciele Pharma Inc. v. Lupin Ltd.*, No. 2012-1228, 2012 U.S. App. LEXIS 13513, at *12-14 (Fed. Cir. July 2, 2012) ("Whether a reference was previously considered by the PTO, the burden of proof is the same: clear and convincing evidence of invalidity.").

ORDER ON JURY INSTRUCTION OBJECTION PROCEDURE; TENTATIVE FINAL JURY INSTRUCTIONS – PART I
5:11-CV-01846-LHK

**[UNDISPUTED] FINAL JURY INSTRUCTION NO. 17**
**UTILITY PATENTS—WRITTEN DESCRIPTION REQUIREMENT**

A utility patent claim is invalid if the patent does not contain an adequate written description of the claimed invention. The purpose of this written description requirement is to demonstrate that the inventor was in possession of the invention at the time the application for the patent was filed, even though the claims may have been changed or new claims added since that time. The written description requirement is satisfied if a person of ordinary skill in the field reading the original patent application at the time it was filed would have recognized that the patent application described the invention as claimed, even though the description may not use the exact words found in the claim. A requirement in a claim need not be specifically disclosed in the patent application as originally filed if a person of ordinary skill would understand that the missing requirement is necessarily implied in the patent application as originally filed.

**Source**

N.D. Cal. Model Patent Jury Instr. B.4.2a.

**Authorities**

35 U.S.C. § 112(1) and (2); *In re Skvorecz*, 580 F.3d 1262, 1269 (Fed. Cir. 2009); *Kao Corp. v. Unilever U.S., Inc.,* 441 F.3d 963, 968 (Fed. Cir. 2006); *Chiron Corp. v. Genentech, Inc.,* 363 F.3d 1247 (Fed. Cir. 2004); *Purdue Pharma L.P. v. Faulding, Inc.,* 230 F.3d 1320, 1323 (Fed. Cir. 2000); *Lampi Corp. v. Am. Power Prods., Inc.,* 228 F.3d 1365, 1377-78 (Fed. Cir. 2000); *Gentry Gallery, Inc. v. Berkline Corp.,* 134 F.3d 1473, 1478-80 (Fed. Cir. 1998); *In re Alton,* 76 F.3d 1168, 1172 (Fed. Cir. 1996); *Univ. of Rochester v. G.D. Searle & Co.,* 358 F.3d 916, 926-928 (Fed. Cir. 2004).

ORDER ON JURY INSTRUCTION OBJECTION PROCEDURE; TENTATIVE FINAL JURY INSTRUCTIONS – PART I
5:11-CV-01846-LHK

# [UNDISPUTED] FINAL JURY INSTRUCTION NO. 18
# UTILITY PATENTS—ANTICIPATION

A utility patent claim is invalid if the claimed invention is not new.  For the claim to be invalid because it is not new, all of its requirements must have existed in a single device or method that predates the claimed invention, or must have been described in a single previous publication or patent that predates the claimed invention.  In patent law, these previous devices, methods, publications or patents are called "prior art references."  If a patent claim is not new we say it is "anticipated" by a prior art reference.

The description in the written reference does not have to be in the same words as the claim, but all of the requirements of the claim must be there, either stated or necessarily implied, so that someone of ordinary skill in the field looking at that one reference would be able to make and use the claimed invention.

Here is a list of the ways that either party can show that a patent claim was not new:

> – If the claimed invention was already publicly known or publicly used by others in the United States before the  date of conception of the claimed invention;

> – If the claimed invention was already patented or described in a printed publication anywhere in the world before the date of conception of the claimed invention.  A reference is a "printed publication" if it is accessible to those interested in the field, even if it is difficult to find;

> – If the claimed invention was already made by someone else in the United States before the date of conception of the claimed invention, if that other person had not abandoned the invention or kept it secret;

> If the patent holder and the alleged infringer dispute who is a first inventor, the person who first conceived of the claimed invention and first reduced it to practice is the first inventor. If one person conceived of the claimed invention first, but reduced to practice second, that person is the first inventor only if that person (a) began to reduce the claimed invention to practice before the other party conceived of it, and (b) continued to work diligently to reduce it to practice.  A claimed invention is "reduced to practice" when it has been tested sufficiently to show that it will work for its intended purpose or when it is fully described in a patent application filed with the PTO.

> – If the claimed invention was already described in another issued U.S. patent or published U.S. patent application that was based on a patent application filed before the patent holder's application filing date or the date of conception of the claimed invention.

Since certain of them are in dispute, you must determine dates of conception for the claimed inventions and prior inventions.  Conception is the mental part of an inventive act and is proven when the invention is shown in its complete form by drawings, disclosure to another, or other forms of evidence presented at trial.

**Source**

Adapted from N.D. Cal. Model Patent Jury Instr. B.4.3a1.

**Authorities**

35 U.S.C. § 102; *Flex-Rest, LLC v. Steelcase, Inc.*, 455 F.3d 1351, 1358-60 (Fed. Cir. 2006); *Invitrogen Corp. v. Biocrest Mfg., L.P.*, 424 F.3d 1374, 1379-82 (Fed. Cir. 2005); *In re*

38

*Klopfenstein*, 380 F.3d 1345, 1348-51 (Fed. Cir. 2004); *Toro Co. v. Deere & Co.*, 355 F.3d 1313, 1320-21 (Fed. Cir. 2004); *Schering Corp. v. Geneva Pharms., Inc.*, 339 F.3d 1373, 1377-80 (Fed. Cir. 2003); *Apotex U.S.A., Inc. v. Merck & Co.*, 254 F.3d 1031, 1035 (Fed. Cir. 2001); *Mycogen Plant Sci., Inc. v. Monsanto Co.*, 243 F.3d 1316, 1330-31 (Fed. Cir. 2001); *Ecolochem, Inc. v. S. Cal. Edison Co.*, 227 F.3d 1361, 1367-70 (Fed. Cir. 2000); *Singh v. Brake*, 222 F.3d 1362, 1366-70 (Fed. Cir. 2000); *Pannu v. Iolab Corp.*, 155 F.3d 1344, 1349 (Fed. Cir. 1998); *Gambro Lundia AB v. Baxter Healthcare Corp.*, 110 F.3d 1573, 1576-78 (Fed. Cir. 1997); *Lamb-Weston, Inc. v. McCain Foods, Ltd.*, 78 F.3d 540, 545 (Fed. Cir. 1996); *In re Bartfeld*, 925 F.2d 1450, 1452-53 (Fed. Cir. 1991); *Ralston Purina Co. v. Far-Mar-Co, Inc.*, 772 F.2d 1570, 1574 (Fed. Cir. 1985); *Am. Stock Exch., LLC v. Mopex, Inc.*, 250 F. Supp. 2d 323, 328-32 (S.D.N.Y. 2003); *In re Wyer*, 655 F.2d 221, 226 (C.C.P.A. 1981); *Pfaff v. Wells Elecs. Inc.*, 525 U.S. 55 (1998); *Helifix Ltd. v. Blok-Lok, Ltd.*, 208 F.3d 1339, 1346 (Fed. Cir. 2000); *Abbott Labs. v. Geneva Pharms., Inc.*, 182 F.3d 1315, 1318 (Fed. Cir. 1999); *Finnigan Corp. v. ITC*, 180 F.3d 1354, 1365 (Fed. Cir. 1999); *J.A. LaPorte, Inc. v. Norfolk Dredging Co.*, 787 F.2d 1577, 1581 (Fed. Cir. 1986); *In re Hall*, 781 F.2d 897, 898-99 (Fed. Cir. 1986); *D.L. Auld Co. v. Chroma Graphics Corp.*, 714 F.2d 1144, 1147-50 (Fed. Cir. 1983).

**United States District Court**
For the Northern District of California

ORDER ON JURY INSTRUCTION OBJECTION PROCEDURE; TENTATIVE FINAL JURY INSTRUCTIONS – PART I
5:11-CV-01846-LHK

# [DISPUTED] FINAL JURY INSTRUCTION NO. 19
## UTILITY PATENTS—STATUTORY BARS

A utility patent claim is invalid if the patent application was not filed within the time required by law. This is called a "statutory bar." For a patent claim to be invalid by a statutory bar, all of its requirements must have been present in one prior art reference dated more than one year before the patent application was filed. Here is a list of ways either side can show that the patent application was not timely filed:

> – If the claimed invention was already patented or described in a printed publication anywhere in the world more than one year before the effective filing date of the patent application. A reference is a "printed publication" if it is accessible to those interested in the field, even if it is difficult to find;

> – If the claimed invention was already being openly used in the United States more than one year before the effective filing date of the patent application and that use was not primarily an experimental use (a) controlled by the inventor, and (b) to test whether the invention worked for its intended purpose;

> – If a device or method using the claimed invention was sold or offered for sale in the United States, and that claimed invention was ready for patenting, more than one year before the effective filing date of the patent application;

> – If the patent holder had already obtained a patent on the claimed invention in a foreign country before filing the original U.S. application, and the foreign application was filed at least one year before the U.S. application.

For a claim to be invalid because of a statutory bar, all of the claimed requirements must have been either (1) disclosed in a single prior art reference, (2) implicitly disclosed in a reference to one skilled in the field, or (3) must have been present in the reference, whether or not that was understood at the time. The disclosure in a reference does not have to be in the same words as the claim, but all the requirements must be there, either described in enough detail or necessarily implied, to enable someone of ordinary skill in the field looking at the reference to make and use the claimed invention.

Apple argues that the effective filing dates for the '381 and '163 Patents are the dates on which Apple filed provisional patent applications. A patent is entitled to the effective filing date of a provisional patent application if the provisional application: (1) provides adequate written description of the claimed invention; and (2) enables the claimed invention.

I have already explained to you the written description requirement.

A provisional application enables a patent claim if the provisional application contains a description of the claimed invention that is sufficiently full and clear to enable a person of ordinary skill in the field at the time to make and use the full scope of the invention. The patent may be enabling even though it does not expressly state some information if a person of ordinary skill in the field could make and use the invention without having to do excessive experimentation. In determining whether excessive experimentation is required, you may consider the following factors: the scope of the claimed invention; the amount of guidance presented in the patent; the amount of experimentation necessary; the time and cost of any necessary experimentation; how routine any necessary experimentation is in the field; whether the patent discloses specific working examples of the claimed invention; the nature and predictability of the field; and the level of

ORDER ON JURY INSTRUCTION OBJECTION PROCEDURE; TENTATIVE FINAL JURY INSTRUCTIONS – PART I
5:11-CV-01846-LHK

United States District Court
For the Northern District of California

ordinary skill in the field.  The question of whether a patent is enabling is judged as of the date the original application for the patent was first filed.

**Source**

Adapted from N.D. Cal. Model Patent Jury Instr. B.4.3a2 (Statutory Bars); 4.2b (Enablement)

**Authorities**

*PowerOasis v. T-Mobile USA*, 522 F.3d 1299, 1305-06 (Fed. Cir. 2008); *Bradford Co. v. Conteyor North Am.*, 603 F.3d 1262, 1269 (Fed. Cir. 2010); *Chiron Corp. v. Genentech, Inc.*, 363 F.3d 1247, 1253-54 (Fed. Cir. 2004); 35 U.S.C. § 102; *Flex-Rest, LLC v. Steelcase, Inc.*, 455 F.3d 1351, 1358-60 (Fed. Cir. 2006); *Invitrogen Corp. v. Biocrest Mfg., L.P.*, 424 F.3d 1374, 1379-82 (Fed. Cir. 2005); *In re Klopfenstein*, 380 F.3d 1345, 1348-51 (Fed. Cir. 2004); *Toro Co. v. Deere & Co.*, 355 F.3d 1313, 1320-21 (Fed. Cir. 2004); *Schering Corp. v. Geneva Pharms., Inc.*, 339 F.3d 1373, 1377-80 (Fed. Cir. 2003); *Apotex U.S.A., Inc. v. Merck & Co.*, 254 F.3d 1031, 1035 (Fed. Cir. 2001); *Mycogen Plant Sci., Inc. v. Monsanto Co.*, 243 F.3d 1316, 1330-31 (Fed. Cir. 2001); *Ecolochem, Inc. v. S. Cal. Edison Co.*, 227 F.3d 1361, 1367-70 (Fed. Cir. 2000); *Singh v. Brake*, 222 F.3d 1362, 1366-70 (Fed. Cir. 2000); *Pannu v. Iolab Corp.*, 155 F.3d 1344, 1349 (Fed. Cir. 1998); *Gambro Lundia AB v. Baxter Healthcare Corp.*, 110 F.3d 1573, 1576-78 (Fed. Cir. 1997); *Lamb-Weston, Inc. v. McCain Foods, Ltd.*, 78 F.3d 540, 545 (Fed. Cir. 1996); *In re Bartfeld*, 925 F.2d 1450, 1452-53 (Fed. Cir. 1991); *Ralston Purina Co. v. Far-Mar-Co, Inc.*, 772 F.2d 1570, 1574 (Fed. Cir. 1985); *Am. Stock Exch., LLC v. Mopex, Inc.*, 250 F. Supp. 2d 323, 328-32 (S.D.N.Y. 2003); *In re Wyer*, 655 F.2d 221, 226 (C.C.P.A. 1981); *Pfaff v. Wells Elecs. Inc.*, 525 U.S. 55 (1998); *Helifix Ltd. v. Blok-Lok, Ltd.*, 208 F.3d 1339, 1346 (Fed. Cir. 2000); *Abbott Labs. v. Geneva Pharms., Inc.*, 182 F.3d 1315, 1318 (Fed. Cir. 1999); *Finnigan Corp. v. ITC*, 180 F.3d 1354, 1365 (Fed. Cir. 1999); *J.A. LaPorte, Inc. v. Norfolk Dredging Co.*, 787 F.2d 1577, 1581 (Fed. Cir. 1986); *In re Hall*, 781 F.2d 897, 898-99 (Fed. Cir. 1986); *D.L. Auld Co. v. Chroma Graphics Corp.*, 714 F.2d 1144, 1147-50 (Fed. Cir. 1983).

ORDER ON JURY INSTRUCTION OBJECTION PROCEDURE; TENTATIVE FINAL JURY INSTRUCTIONS – PART I
5:11-CV-01846-LHK

**[UNDISPUTED] FINAL JURY INSTRUCTION NO. 20**
**UTILITY PATENTS—OBVIOUSNESS**

Not all innovations are patentable. A utility patent claim is invalid if the claimed invention would have been obvious to a person of ordinary skill in the field at the time of invention. This means that even if all of the requirements of the claim cannot be found in a single prior art reference that would anticipate the claim or constitute a statutory bar to that claim, a person of ordinary skill in the field who knew about all this prior art would have come up with the claimed invention.

The ultimate conclusion of whether a claim is obvious should be based upon your determination of several factual decisions.

First, you must decide the level of ordinary skill in the field that someone would have had at the time the claimed invention was made. In deciding the level of ordinary skill, you should consider all the evidence introduced at trial, including:

      (1)    the levels of education and experience of persons working in the field;

      (2)    the types of problems encountered in the field; and

      (3)    the sophistication of the technology.

Second, you must decide the scope and content of the prior art. The parties disagree as to whether certain prior art references should be included in the prior art you use to decide the validity of claims at issue. In order to be considered as prior art to a particular patent at issue here, these references must be reasonably related to the claimed invention of that patent. A reference is reasonably related if it is in the same field as the claimed invention or is from another field to which a person of ordinary skill in the field would look to solve a known problem.[1]

Third, you must decide what differences, if any, existed between the claimed invention and the prior art.

Finally, you should consider any of the following factors that you find have been shown by the evidence:

      (1)    commercial success of a product due to the merits of the claimed invention;

      (2)    a long felt need for the solution provided by the claimed invention;

      (3)    unsuccessful attempts by others to find the solution provided by the claimed invention;

      (4)    copying of the claimed invention by others;

      (5)    unexpected and superior results from the claimed invention;

      (6)    acceptance by others of the claimed invention as shown by praise from others in the field or from the licensing of the claimed invention; and

      (7)    independent invention of the claimed invention by others before or at about the same time as the named inventor thought of it.

---

[1] Apple reserves its right to argue after the close of evidence that the scope and content of the prior art is not in dispute, and that the jury does not therefore need to receive an instruction about how to resolve the second *Graham* factor.

ORDER ON JURY INSTRUCTION OBJECTION PROCEDURE; TENTATIVE FINAL JURY INSTRUCTIONS – PART I
5:11-CV-01846-LHK

The presence of any of factors 1-6 may be considered by you as an indication that the claimed invention would not have been obvious at the time the claimed invention was made, and the presence of factor 7 may be considered by you as an indication that the claimed invention would have been obvious at such time.  Although you should consider any evidence of these factors, the relevance and importance of any of them to your decision on whether the claimed invention would have been obvious is up to you.

A patent claim composed of several elements is not proved obvious merely by demonstrating that each of its elements was independently known in the prior art.  In evaluating whether such a claim would have been obvious, you may consider whether the alleged infringer has identified a reason that would have prompted a person of ordinary skill in the field to combine the elements or concepts from the prior art in the same way as in the claimed invention.  There is no single way to define the line between true inventiveness on the one hand (which is patentable) and the application of common sense and ordinary skill to solve a problem on the other hand (which is not patentable).  For example, market forces or other design incentives may be what produced a change, rather than true inventiveness.  You may consider whether the change was merely the predictable result of using prior art elements according to their known functions, or whether it was the result of true inventiveness.  You may also consider whether there is some teaching or suggestion in the prior art to make the modification or combination of elements claimed in the patent.  Also, you may consider whether the innovation applies a known technique that had been used to improve a similar device or method in a similar way.  You may also consider whether the claimed invention would have been obvious to try, meaning that the claimed innovation was one of a relatively small number of possible approaches to the problem with a reasonable expectation of success by those skilled in the art.  However, you must be careful not to determine obviousness using the benefit of hindsight; many true inventions might seem obvious after the fact.  You should put yourself in the position of a person of ordinary skill in the field at the time the claimed invention was made and you should not consider what is known today or what is learned from the teaching of the patent.

**Source**

Adapted from N.D. Cal. Model Patent Jury Instr. B.4.3b.

**Authorities**

35 U.S.C. § 103; *Graham v. John Deere Co.*, 383 U.S. 1 (1966); *KSR Int'l Co. v. Teleflex, Inc.*, 550 U.S. 398, 407 (2007); *Ruiz v. A.B. Chance Co.*, 234 F.3d 654 (Fed. Cir. 2000); *Arkie Lures, Inc. v. Gene Larew Tackle, Inc.*, 119 F.3d 953, 957 (Fed. Cir. 1997); *Specialty Composites v. Cabot Corp.*, 845 F.2d 981, 991 (Fed. Cir. 1988); *Windsurfing Int'l, Inc. v. AMF, Inc.*, 782 F.2d 995, 1000 (Fed. Cir. 1986); *Pentec. Inc. v. Graphic Controls Corp.*, 776 F.2d 309, 313 (Fed. Cir. 1985).  *See Novo Nordisk A/S v. Becton Dickinson & Co.*, 304 F.3d 1216, 1219-20 (Fed. Cir. 2002); *Wang Labs, Inc.. v. Toshiba Corp.*, 993 F.2d 858, 864 (Fed. Cir. 1993); *Daiichi Sankyo Co. v. Apotex, Inc.*, 501 F.3d. 1254, 1256 (Fed. Cir. 2007)*; Brown & Williamson Tobacco Corp. v. Philip Morris Inc.*, 229 F.3d 1120, 1125 (Fed. Cir. 2000); *SIBIA Neurosciences, Inc. v. Cadus Pharm. Corp.*, 225 F.3d 1349, 1355 (Fed. Cir. 2000); *Ryko Mfg. Co. v. Nu-Star, Inc.*, 950 F.2d 714, 718-19 (Fed. Cir. 1991).

ORDER ON JURY INSTRUCTION OBJECTION PROCEDURE; TENTATIVE FINAL JURY INSTRUCTIONS – PART I
5:11-CV-01846-LHK

**United States District Court**
For the Northern District of California

## [DISPUTED] FINAL JURY INSTRUCTION NO. 21
## PATENT EXHAUSTION

I will now instruct you on how to decide Apple's defense of patent exhaustion.  Apple contends that Samsung is barred from enforcing the '516 and '941 patents against Apple's accused iPhone and iPad products because they incorporate baseband chips that Intel sold to Apple with authorization from Samsung.

To prevail on the defense of patent exhaustion, Apple must prove that the following is more likely true than not:

> **First**, that Intel was authorized to sell the baseband chips under the terms of the license agreement between Samsung and Intel;

> **Second**, that the sales were made in the United States.  The location of the sale depends on many factors, and you may find that the sale occurred in several places.  A sale occurs wherever the "essential activities" of the sale take place.  The essential activities include, for example, negotiating the contract and performing obligations under the contract; and

> **Third**, that, if the accused products infringe, it is because the baseband chips substantially embody the '516 and/or '941 patents.  The baseband chips embody the relevant patent if they include all the inventive aspects of the patented device.

Apple must prove all three of these elements to prevail on this defense of patent exhaustion.   If Apple does not prove any one of these elements, you must reject Apple's affirmative defense and find for Samsung on this issue.  If you find that Apple has proven all three elements, you must find for Apple on this issue.

## Authorities

*Quanta Computer, Inc. v. LG Elecs., Inc.*, 553 U.S. 617 (2008) (holding that a chip substantially embodied a patent where there was "no reasonable use" for the chip other than to practice the patent, and the chips "embod[ied] the essential features" of the patented invention); *Transcore, LP v. Elec. Transaction Consultants Corp.*, 563 F.3d 1271 (Fed. Cir. 2009); *U.S. v. Univis Lens*, 316 U.S. 241 (1942); *Adams v. Burke*, 84 U.S. 453 (1873); *Bloomer v. Millinger*, 68 U.S. 340, 350-51 (1863); *Litecubes, LLC v. Northern Light Prods., Inc.*, 523 F.3d 1353, 1370-71 (Fed. Cir. 2008) (determining the location of a sale by considering where the customers were located when they contracted for the accused products and where the products were delivered); *N. Am. Philips Corp. v. Am. Vending Sales, Inc.*, 35 F.3d 1576, 1579 (Fed. Cir. 1994) (stating that a sale occurs not only where legal title passes, but also where contracting and performance occur); *MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1377 (Fed. Cir. 2005); *id..* at 1376-77 (determining the location of a sale by considering where its "essential activities," such as ordering, packaging, shipping and payment, took place); *Cyrix Corp. v. Intel Corp.*, 846 F. Supp. 522, 539 (E.D. Tex. 1994) ("Cyrix 1994"); *Intel Corp. v. ULSI Sys. Tech., Inc.*, 995 F.2d 1566, 1568 (Fed. Cir. 1993); *Cornell Univ. v. Hewlett-Packard Co.*, No. 01-CV-1974, 2008 U.S. Dist. LEXIS 60209 (N.D.N.Y. Aug. 1, 2008).

ORDER ON JURY INSTRUCTION OBJECTION PROCEDURE; TENTATIVE FINAL JURY INSTRUCTIONS – PART I
5:11-CV-01846-LHK

United States District Court
For the Northern District of California

ORDER ON JURY INSTRUCTION OBJECTION PROCEDURE; TENTATIVE FINAL JURY INSTRUCTIONS – PART I
5:11-CV-01846-LHK