UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California corporation, ) | Case No.: 11-CV-01846-LHK |
| Plaintiff and Counterdefendant, ) | |
| v. ) | TENTATIVE FINAL JURY |
| ) | INSTRUCTIONS – PART III |
| SAMSUNG ELECTRONICS CO., LTD., A ) | |
| Korean corporation; SAMSUNG ) | (TRADE DRESS INSTRUCTIONS) |
| ELECTRONICS AMERICA, INC., a New York ) | |
| corporation; SAMSUNG ) | |
| TELECOMMUNICATIONS AMERICA, LLC, ) | |
| a Delaware limited liability company, ) | |
| ) | |
| Defendants and Counterclaimants. ) | |

Attached as Exhibit C are the tentative trade dress final jury instructions that are currently ready.

The Court has now provided largely all of the tentative liability jury instructions in the case. The Court will file the tentative final damages instructions and address the adverse inference motions tomorrow, August 19, 2012.  By 7:00 p.m. on August 19, 2012, the parties shall file a 1-page statement of the topics and instruction numbers that will likely be the subject of their high priority objections.  The parties are not bound by this statement, but the Court appreciates the advance notice.

**IT IS SO ORDERED.**

Dated: August 18, 2012

_Lucy H. Koh_
LUCY H. KOH
United States District Judge

**EXHIBIT C**

# TRADE DRESS JURY INSTRUCTIONS

**[DISPUTED] FINAL JURY INSTRUCTION NO. 47**
**TRADE DRESS DILUTION AND INFRINGEMENT—INTRODUCTION**

Apple seeks damages against Samsung for diluting Apple's Registered Trade Dress No. 3,470,983, unregistered iPhone 3 trade dress, unregistered combination iPhone trade dress, and unregistered iPad/iPad2 trade dress. Samsung denies that it diluted Apple's asserted trade dresses and contends the trade dresses are unprotectable and thus invalid.

Apple also seeks damages against Samsung for infringement of Apple's unregistered iPad/iPad2 trade dress. Samsung denies that it infringed Apple's asserted iPad-related trade dress and, as already stated, contends it unprotectable.

Here are the instructions you must follow in deciding Apple's trade dress dilution and infringement claims.

**Source**

Adapted from Ninth Circuit Model Civil Jury Instr. - 15.0 (2007 Ed.).

**Authorities**

15 U.S.C. § 1051 *et seq*.

**[DISPUTED] FINAL JURY INSTRUCTION NO. 48**
**TRADE DRESS DILUTION AND INFRINGEMENT—DEFINITION OF TRADE DRESS**
**(15 U.S.C. § 1125(A))**

Trade dress is the non-functional physical detail and design of a product, which identifies the product's source and distinguishes it from the products of others.

Trade dress is the product's total image and overall appearance, and may include features such as size, shape, color, color combinations, texture, or graphics. In other words, trade dress is the form in which a person presents a product or service to the market, its manner of display.

A trade dress is non-functional if, taken as a whole, the collection of trade dress elements is not essential to the product's use or purpose or does not affect the cost or quality of the product even though certain particular elements of the trade dress may be functional.

Trade dress concerns the overall visual impression created in the consumer's mind when viewing the non-functional aspects of the product and not from the utilitarian or useful aspects of the product. In considering the impact of these non-functional aspects, which are often a complex combination of many features, you must consider the appearance of features together, rather than separately.

A person who uses the trade dress of another may be liable for damages.

**Source**

Ninth Circuit Model Civil Jury Instr. - 15.2 (2007 Ed.).

**Authorities**

15 U.S.C. § 1125(a); *Wal-Mart Stores, Inc. v. Smara Brothers, Inc.*, 529 U.S. 205, 209-10, 213-15 (2000); *Clicks Billards, Inc. v. Sixshooters, Inc.*, 251 F.3d 1252, 1259 (9th Cir. 2001)

### [DISPUTED] FINAL JURY INSTRUCTION NO. 49
### TRADE DRESS DILUTION AND INFRINGEMENT—PROTECTABILITY

The first step in considering Apple's claims that Samsung diluted and infringed certain of Apple's iPhone and iPad trade dresses is to determine whether or not each asserted trade dress is protectable. You need to make this determination for each of Apple's asserted trade dresses.

You must find that an asserted Apple trade dress is protectable if the trade dress:

1. has acquired distinctiveness through secondary meaning; and

2. is non-functional.

For Apple's registered iPhone trade dress, you must presume the trade dress is both distinctive and non-functional, and thus protectable. Samsung bears the burden of proving by a preponderance of the evidence that Apple's registered iPhone trade dress is either functional or not distinctive. If you find that Samsung has met its burden, you must find the trade dress unprotectable. Otherwise, you must find Apple's registered iPhone trade dress protectable.

For each unregistered iPhone trade dress and for the unregistered iPad trade dress, Apple bears the burden of proving by a preponderance of the evidence that the trade dress is both distinctive and non-functional. If you find that Apple has met its burden, you must find that trade dress is protectable. Otherwise, you must find the trade dress unprotectable.

For each Apple trade dress that you find protectable, resolving whether Samsung has diluted or infringed the trade dress will require you to assess additional questions that I will explain after addressing protectability more fully.

**Source**

Adapted from ABA 3.2.1-3.2.2, Ninth Circuit Model Civil Jury Instr. - 15.6 ,15.7 (2007 Ed.); Apple's proposed instruction.

**Authorities**

15 U.S.C. § 1125(a)(3); 15 U.S.C. § 1115(a); *Wal-Mart Stores, Inc. v. Samara Brothers, Inc.*, 529 U.S. 205, 209-10, 216 (2000).

**[DISPUTED] FINAL JURY INSTRUCTION NO. 50
TRADE DRESS DILUTION AND INFRINGEMENT—PROTECTABILITY—
DISTINCTIVENESS—SECONDARY MEANING**

To be protectable, Apple's trade dresses must have acquired distinctiveness through "secondary meaning." A trade dress acquires a secondary meaning when it has been used in such a way that its primary significance in the minds of the prospective consumers is not the product itself, but the identification of the product with a single source, regardless of whether consumers know who or what that source is.

For each asserted Apple trade dress, you must find that the preponderance of the evidence shows that a significant number of the consuming public associates the trade dress with a single source, in order to find that it has acquired secondary meaning.

When you are determining whether each trade dress has acquired a secondary meaning, consider the following factors:

1. <u>Consumer Perception</u>. Whether the people who purchase smartphones and tablet computers associate the claimed trade dress with Apple;

2. <u>Advertisement</u>. To what degree and in what manner Apple may have advertised featuring the claimed trade dress;

3. <u>Demonstrated Success</u>. Whether Apple has successfully used the claimed trade dress to increase the sales of its products;

4. <u>Extent of Use</u>. The length of time and manner in which Apple has used the claimed trade dress;

5. <u>Exclusivity</u>. Whether Apple's use of the claimed trade dress was exclusive;

6. <u>Copying</u>. Whether Samsung intentionally copied Apple's alleged trade dress; and

7. <u>Actual Confusion</u>. Whether Samsung's use of Apple's alleged trade dress has led to actual confusion among a significant number of consumers.

The presence or absence of any particular factor should not necessarily resolve whether the asserted trade dress has acquired secondary meaning.

Apple has the burden of proving by a preponderance of the evidence that its unregistered trade dresses have acquired a secondary meaning. Samsung has the burden of proving by a preponderance of the evidence that Apple's registered iPhone trade dress has not acquired secondary meaning.

The mere fact that Apple is using the asserted trade dresses does not mean that they have acquired secondary meaning. There is no particular length of time that a trade dress must be used before it acquires a secondary meaning.

**Source**

Adapted from Ninth Circuit Model Instruction 15.10 (2007)

**Authorities**

*Wal-Mart Stores, Inc. v. Samara Brothers, Inc.*, 529 U.S. 205, 216 (2000); *First Brands Corp. v. Fred Meyer, Inc.*, 809 F.2d 1378, 1383 (9th Cir. 1987); *Adray v. Adry-Mart, Inc.*, 76 F.3d 984, 987 (9th Cir. 1995); *Fuddruckers, Inc. v. Doc's B.R. Others, Inc.*, 826 F,2d 837, 843 (9th Cir. 1987).

# [DISPUTED] FINAL JURY INSTRUCTION NO. 51
# TRADE DRESS DILUTION AND INFRINGEMENT—PROTECTABILITY—
# NON-FUNCTIONALITY REQUIREMENT

A product feature is functional if it is essential to the product's use or purpose, or if it affects the product's cost or quality. However, if the feature serves no purpose other than as an assurance that a particular entity made, sponsored or endorsed the product, it is non-functional. A product feature is also non-functional if its shape or form makes no contribution to the product's function or operation.

To determine whether a product's particular shape or form is functional, you should consider whether the design as a whole is functional, that is whether the whole collection of elements making up the design or form are essential to the product's use or purpose.

You should assess the following factors in deciding if the product feature is functional or non-functional:

   1. The Design's Utilitarian Advantage. In considering this factor, you may examine whether the particular design or product feature yield a utilitarian advantage over how the product might be without that particular design or product feature. If there is a utilitarian advantage from having the particular design or feature, this would weigh in favor of finding the design or feature is functional; if it seems merely ornamental, incidental, or arbitrary it is more likely to be nonfunctional;

   2. Availability of Alternate Designs. In considering this factor, you may examine whether an alternate design could have been used, so that competition in the market for that type of product would not be hindered by allowing only one person to exclusively use the particular design or configuration. For this to be answered in the affirmative, the alternatives must be more than merely theoretical or speculative. They must be commercially feasible. The unavailability of a sufficient number of alternate designs weighs in favor of finding the design or feature is functional;

   3. Advertising Utilitarian Advantage in the Design. In considering this factor, you may examine whether the particular design or configuration has been touted in any advertising as a utilitarian advantage, explicitly or implicitly. If a seller advertises the utilitarian advantages of a particular feature or design, this weighs in favor of finding that design or feature is functional; and

   4. The Design's Method of Manufacture. In considering this factor, you may examine whether the particular design or feature result from a relatively simple or inexpensive method of manufacture. If the design or feature is a result of a particularly economical production method, this weighs in favor of finding the design or feature is functional; if the feature is essential to the use or purpose of the device or affects its cost or quality, it is more likely functional.

If, after considering these factors, you find that the preponderance of the evidence shows that the trade dress is essential to the product's use or purpose, or that it affects the product's cost or quality, then you must find the trade dress functional and thus unprotectable.

Alternatively, if you find that the preponderance of the evidence shows that limiting Apple's competitors' use of the feature would impose a significant non-reputation-related competitive disadvantage, then you must find the trade dress functional and thus unprotectable. However, the fact that the feature contributes to consumer appeal and saleability of the product does not mean that the trade dress is necessarily functional.

9

5:11-CV-01846-LHK
TENTATIVE FINAL JURY INSTRUCTIONS – PART III (TRADE DRESS INSTRUCTIONS)

Apple has the burden of proving by a preponderance of the evidence that its unregistered trade dresses are non-functional. Samsung has the burden of proving by a preponderance of the evidence that Apple's registered iPhone trade dress is functional.

**Source**

Ninth Circuit Model Civil Jury Instr. - 15.11 (2007 ed.).

**Authorities**

*TrafFix Devices, Inc. v. Marketing Displays, Inc.*, 532 U.S. 23, 29 (2001); *Qualitex Co. v. Jacobson Prods. Co.*, 514 U.S. 159, 165 (1995); *Au-tomotive Gold, Inc. v. Volkswagen of America, Inc.*, 457 F.3d 1062, 1072 (9th Cir. 2006); *Vuitton Et Fils S.A. v. J. Young Enterps., Inc.*, 644 F.2d 769, 773-74 (9th Cir. 1981); *Disc Golf Ass'n v. Champion Discs, Inc.*, 158 F.3d 1002, 1006-09 (9th Cir. 1998)

## [DISPUTED] FINAL JURY INSTRUCTION NO. 52
## TRADE DRESS DILUTION—ELEMENTS AND BURDEN OF PROOF

Apple contends that Samsung has diluted Apple's asserted iPhone- and iPad-related trade dresses. "Dilution" means a lessening of the capacity of a famous trade dress to identify and distinguish goods or services, regardless of the presence or absence of competition, actual or likely confusion, mistake, deception, or economic injury.

To prove this claim as to any of its asserted trade dresses that you have found is protectable, Apple has the burden of proving each of the following additional elements by a preponderance of the evidence:

    1.    that the asserted Apple trade dress is famous;

    2.    that Samsung began selling its accused products in commerce after Apple's asserted trade dress became famous; and

    3.    that Samsung's accused products are likely to cause dilution of Apple's asserted trade dress.

For any Apple trade dress that you have found is protectable, if you also find that Apple has proved each of these three elements by a preponderance of the evidence, your verdict on dilution with respect to that trade dress should be for Apple. If Apple has failed to prove any of these elements, your verdict on dilution with respect to that trade dress should be for Samsung.

**Source**

Adapted from ABA 3.4.1.

**Authorities**

15 U.S.C. § 1125(c)(2)(1); 15 U.S.C. § 1125(c)(2)(B); *Mattel, Inc. v. MCA Records, Inc.*, 296 F.3d 894, 905 (9th Cir. 2002); *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 765 n.1 (1992).

# [DISPUTED] FINAL JURY INSTRUCTION NO. 53
## TRADE DRESS DILUTION—ELEMENTS—FAME-- TIMING

A trade dress is famous if it is widely recognized by the general consuming public of the United States as a designation of source of the goods of the trade dress owner.

In determining whether each of Apple's trade dresses is famous, you may consider the following factors. These factors are only suggestions and may not constitute all of the possible types of evidence indicating whether an asserted trade dress is famous. The presence or absence of any one particular factor on this list should not necessarily determine whether the trade dress is famous. You should consider all the relevant evidence in making your determination about whether each iPhone and iPad-related trade dress is famous.

The factors you may consider are:

1. the duration, extent and geographic reach of advertising and publicity of the trade dress, whether advertised or publicized by Apple or third parties;

2. the amount, volume and geographic extent of sales of goods offered under the trade dress;

3. the extent of actual recognition of the trade dress; and

4. whether the trade dress was federally registered.

Apple bears the burden of proving by a preponderance of the evidence that each of its trade dresses was famous at the time of Samsung's first commercial sale of its accused products.

For each of its asserted iPhone-related trade dresses, Apple must prove by a preponderance of the evidence that the trade dress was famous by July 15, 2010, the date Samsung first sold a product accused of using the iPhone-related trade dresses.

Apple must prove by a preponderance of the evidence that its asserted iPad-related trade dress was famous by June 8, 2011, the date Samsung first sold a product accused of using the iPad-related trade dress.

**Source**

Adapted from ABA 3.4.2—3.4.3.

**Authorities**

15 U.S.C. § 1125(c)(2)(A); *Apple Inc. v. Samsung Elecs. Co.*, Case No. 11-CV-01846-LHK, Order Denying Motion for Summary Judgment, Dkt. No. 1159, at 8 (N.D. Cal., June 30, 2012) (citing *Jada Toys, Inc. v. Mattel, Inc.*, 518 F.3d 628, 634 (9th Cir. 2008)); *Nissan Motor Co. v. Nissan Computer Corp.*, 378 F.3d 1002, 1013, 1014 (9th Cir. 2004) (material disputed issue of fact regarding whether "fame" existed where Nissan Motor introduced evidence of 898 million dollars in sales over a five year period and 65% consumer recognition at the point when another company introduced a Nissan mark)); *First Brands Corp. v. Fred Meyer, Inc.*, 809 F.2d 1378, 1383 (9th Cir. 1987); *Visa Int'l Serv. Ass'n v. JSL Corp.*, 610 F.3d 1088, 1090 (9th Cir. 2010); *Jada Toys, Inc. v. Mattel, Inc.*, 518 F.3d 628, 634 (9th Cir. 2008)

# [DISPUTED] FINAL JURY INSTRUCTION NO. 55
# TRADE DRESS DILUTION—ELEMENTS—DILUTION

Dilution by blurring is an association arising from the similarity between the appearance of the defendant's accused products and plaintiff's trade dress that impairs the distinctiveness of the trade dress.  Dilution by blurring occurs when a trade dress previously associated with one product also becomes associated with a second.  In determining whether the appearance of Samsung's accused products is likely to cause dilution of each asserted Apple trade dress, you may consider all relevant factors, including the following:

1. the degree of similarity between Samsung's accused products and Apple's trade dress;

2. the degree of acquired distinctiveness of Apple's trade dress;

3. the extent to which Apple is engaging in substantially exclusive use of the trade dress;

4. the degree of recognition of Apple's trade dress;

5. whether Samsung intended to create an association with Apple's trade dress; and

6. any actual association between Samsung's accused products and Apple's trade dress.

For each of Apple's asserted trade dresses, Apple bears the burden of proving by a preponderance of the evidence that the accused Samsung products are likely to dilute the trade dress.

**Source**

Adapted from ABA 3.4.4.

**Authorities**

15 U.S.C. § 1125(c)(2)(1); 15 U.S.C. § 1125(c)(2)(B); *Visa Int'l Serv. Ass'n v. JSL Corp.*, 610 F.3d 1088, 1090 (9th Cir. 2010); *Mattel, Inc. v. MCA Records, Inc.*, 296 F.3d 894, 903-04 (9th Cir. 2002); *Jada Toys, Inc. v. Mattel, Inc.*, 518 F.3d 628, 634 n.2 (9th Cir. 2008);

# [DISPUTED] FINAL JURY INSTRUCTION NO. 56
# INFRINGEMENT—ELEMENTS AND BURDEN OF PROOF—TRADE DRESS
# (15 U.S.C. § 1125(A)(1))

Apple also claims that Samsung's Galaxy Tab 10.1 tablet computers infringe Apple's iPad-related trade dress. To prove trade dress infringement, Apple bears the burden of proving by a preponderance of the evidence each of the following elements:

1. Apple's iPad-related trade dress is non-functional. *See* Instruction Nos. ___ above.

2. Apple's iPad-related trade dress has acquired distinctiveness through secondary meaning. *See* Instruction Nos. ___ above.

3. Samsung used Apple's iPad-related trade dress in a manner that is likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of Samsung's goods.

If you find that Apple has proved each of these elements, your verdict should be for Apple. If, on the other hand, Apple has failed to prove any one of these elements, your verdict should be for Samsung.

**Source**

Adapted from Ninth Circuit Model Civil Jury Instr. - 15.6 (2007 Ed.).

**Authorities**

15 U.S.C. § 1125; *Talking Rain Beverage Co. Inc. v. South Beach Beverage Co.*, 349 F.3d 601, 603 (9th Cir. 2003); *Au-tomotive Gold, Inc. v. Volkswagen of Am., Inc.*, 457 F.3d 1062, 1075-77 (9th Cir. 2006); *Fuddruckers, Inc. v. Doc's B.R. Others, Inc.*, 826 F.2d 837, 845 (9th Cir. 1987); *Karl Storz Endoscopy-Am., Inc. v. Surgical Techs., Inc.*, 285 F.3d 848, 854 (9th Cir. 2002)

5:11-CV-01846-LHK
TENTATIVE FINAL JURY INSTRUCTIONS – PART III (TRADE DRESS INSTRUCTIONS)

**[UNDISPUTED] FINAL JURY INSTRUCTION NO. 50.6
TRADE DRESS INFRINGEMENT—SECONDARY MEANING—TIMING**

Apple must prove by a preponderance of the evidence that the asserted iPad-related trade dress acquired secondary meaning before Samsung first sold a product that Apple claims is infringing that trade dress.

If you find that Apple has not proved by a preponderance of the evidence that the asserted iPad-related trade dress acquired secondary meaning before June 8, 2011, then you must find for Samsung.

**Source**

*Carter-Wallace, Inc. v. Procter & Gamble Co.*, 434 F.2d 794 (9th Cir. 1970) (plaintiff must prove the existence of secondary meaning in its trademark at the time and place that the junior user first began use of that mark).