QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S RESPONSE TO QUESTION REGARDING INSTRUCTION NO. 23** |

The Court asked the parties to file a response to the question below:

Proposed Instruction No. 23 – Equitable Defenses – Equitable Estoppel.   Why is the equitable estoppel defense, addressed in Joint Undisputed Instruction 23, appropriate for the jury?

Samsung believes it is unnecessary to submit equitable defenses to the jury.   The jury is already faced with an extraordinary amount of claims that it must decide.   Regardless of an advisory verdict, the court must make separate findings or facts and conclusions of law regarding these defenses.   Fed.R.Civ.P. 52(a); *see also Transmatic, Inc. v. Gulton Indus., Inc.*, 53 F.3d 1270, 1275 (Fed. Cir. 1995).   It would be overly burdensome for the jury to be tasked with rendering an advisory verdict.   As set forth in its Answer, Defenses, and Counterclaims (Dkt. 124), all of Apple's equitable defenses are predicated on Apple's theory that "Samsung has engaged in standards-setting misconduct, including without limitation Samsung's breach of its commitments to license the Declared-Essential Patents on FRAND terms and Samsung's breach of its patent disclosure requirements or based on other circumstances."   Thus, in connection with at least Jury Instructions No. 62-63 regarding breach of contract relating to Samsung's alleged standards-setting misconduct, the jury will already make factual findings on the issues that underlie Apple's equitable estoppel defense.

The addition of a jury instruction on equitable estoppel will only confuse the jury because the instruction sets forth extremely broad equitable considerations -- e.g. that "equitable estoppel need not be found if such a finding would be unfair in light of the conduct of the parties" -- which the jury will be unable to weigh or consider.   Equitable defenses are properly excluded from a jury because "admission of such evidence or reference to such defenses might invite the jury to make a determination on the basis of 'equitable' considerations that do not properly enter into any determination that the jury must make."   *Pioneer Hi-Bred Int'l, Inc. v. Ottawa Plant Food, Inc.*, 219 F.R.D. 135, 145 (N.D. Iowa 2003).   With respect to equitable estoppel, the jury is asked to consider whether Samsung's actions have resulted in prejudice to Apple.   Allowing the jury to conduct a wide-ranging inquiry into whether Samsung had behaved "inequitably" and whether Apple had been prejudiced by Samsung's conduct creates a risk that the jury will decide other issues – such as infringement – on these same equitable considerations.   Therefore, Samsung opposes the inclusion of Jury Instruction No. 23 since it will result in undue prejudice.   As with a similar instruction such as waiver, where Samsung submitted a conditional alternative instruction, Samsung opposed including this instruction at all but in the interest of minimizing disputes presented to the Court, agreed to the language itself in the event the Court gives the instruction.

| | | |
|---|---|---|
| 1 | DATED: August 19, 2012 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| 2 | | |
| 3 | | By */s/ Victoria F. Maroulis* |
| | | Charles K. Verhoeven |
| 4 | | Victoria F. Maroulis |
| | | Kevin P.B. Johnson |
| 5 | | Michael T. Zeller |
| 6 | | Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC |