HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
JENNIFER LEE TAYLOR (CA SBN 161368)
jtaylor@mofo.com
ALISON M. TUCHER (CA SBN 171363)
atucher@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
JASON R. BARTLETT (CA SBN 214530)
jasonbartlett@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

APPLE INC., a California corporation,

Plaintiff,

v.

SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,

Defendants.

Case No. 11-cv-01846-LHK (PSG)

**APPLE'S OPPOSITION TO SAMSUNG'S MOTION FOR JUDGMENT AS A MATTER OF LAW**

Date: August 20, 2012
Time: 8:00 a.m.
Place: Courtroom 1 - 5th Floor
Judge: Hon. Lucy H. Koh

Apple files this brief in opposition to Samsung's motion for judgment as a matter of law (Dkt. 1819). The Court has already denied Samsung's motion in large part (Tr. 2221-22, 3261-62, 3690), and Samsung has provided no basis for reconsidering those rulings. Samsung's motion should also be denied because, based on the evidentiary record established at trial and the applicable law, a reasonable jury could find for Apple on all issues. *See* Fed. R. Civ. P. 50(a).

## I. APPLE HAS PROVED INFRINGEMENT OF ITS PATENTS

- **D'677, D'087 and D'889 Patents:** Apple proved infringement under the *Gorham* standard through Bressler (Tr. 1049-70, 1338-49), exhibits regarding Samsung's products (PX7, PX59, PX173, PX174), and the products themselves. Samsung offers no support for its statements that Apple's patents "improperly cover public domain concepts and ideas" and that prior art supports a narrow construction of the asserted designs. (*See* Dkt. 1819 at 3 (citing only evidence that the D'889 patent is not invalid).)

- **D'305 Patent:** Apple proved infringement through Kare (Tr. 1372-81, 1479-88, 1492-93), images of Samsung's products (PX7), and the products themselves. Apple's infringement expert did not fail to consider all views of the accused products; comparing the patent to the accused products' home screens is irrelevant. The D'305 claims a graphical user interface for a display screen, and Apple proved that Samsung's products' application screens infringe Apple's design. (Kare (Tr. 1372-81, 1479-88, 1492-93).)

- **'381 Patent:** Samsung argues non-infringement based on certain accused products' "hold still" and "hard stop" features. But these products still contain the claimed "instructions" and thus infringe. (Tr. 1756-57, 1808-09.) The "hold still" and "hard stop" features exist only in certain applications of some accused devices; other applications do not exhibit these behaviors.

  - **'163 Patent:** Samsung ignores evidence that the accused products contain:

(1) "[i]nstructions for displaying at least a portion of a structured electronic document … compris[ing] a plurality of boxes of content" (Tr. 1835-37); (2) "instructions for determining a first box in the plurality of boxes at the location of the first gesture" (Tr. 1837-39); and (3) instructions for translating a structured electronic document so that first and second boxes of

content are substantially centered (Tr. 1839-40).

- **’915 Patent:** Apple presented evidence showing that Samsung’s products meet the limitation “determining whether the event object invokes a scroll or gesture” under the Court’s construction of “invokes.” (Tr. 1827-28, 1874-77; *see also* Dkt. 1158 at 18-20.) Samsung argues that its products do not infringe “because they support scrolling with multiple fingers,” but did not show that this feature exists in any specific product (Tr. 2912), and Apple proved that this feature does not negate infringement (Tr. 1826-27).

Contrary to Samsung’s argument, Apple showed infringement by each accused product. (Tr. 1728, 1743-57 (’381 patent); Tr. 1818-30 (’915 patent); Tr. 1831-42 (’163 patent).)

## II. APPLE PROVED ACTIVE INDUCEMENT

SEC directly infringes, but Samsung has not moved for JMOL on that issue. Apple proved inducement against SEC because SEC had notice of Apple’s patents (Tr. 1958-62, PX52, 2023-25, PX201, Tr. 3031-33, DX781), copied Apple’s products disregarding Apple’s patent rights (*e.g.*, Tr. 2025-26, PX202, PX44, PX57), and controls the activities of its U.S. subsidiaries (Tr. 791-96, 2030, 2067-72, PX204, Dkt. 1189 ¶ 24). *See Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2069 (2011) (inducement with willful blindness).

## III. APPLE’S PATENTS ARE VALID

The D’677 and D’087 patents are not anticipated or obvious over JP ’638, KR’547, and/or LG Prada. Samsung’s expert did not apply the legal standard set forth in *Apple v. Samsung*, 678 F.3d 1314, 1329-32 (Fed. Cir. 2012). (Sherman (Tr. at 2577-2601).) The LG Prada is not prior art, and the KR ’547 patent was published after the conception date and less than one year before the priority date of both patents. (Bressler (Tr. 1011, 1340, 3590-3602), Sherman (Tr. 2586), Stringer (Tr. 492), PX162, DX727.07.)

The D’889 patent is not anticipated or obvious over the Fidler tablet and/or TC1000. (Bressler (Tr. 3602-06).) In addition, Sherman’s testimony (Tr. 2601) was inconsistent with *Apple v. Samsung*, 678 F.3d at 1329-32.

Samsung identifies no reference that anticipates or renders obvious the D’305 patent. None of Apple’s design patents is invalid as wholly dictated by function. (Stringer (Tr. 485-505),

Bressler (Tr. 1079-91, 1197-1210), Kare (1399-1405, 1471-75), PX4, PX165-168.) Samsung's design expert testified about the purported functionality of individual elements of Apple's design patents, not the entirety of the claimed design. (Sherman (Tr. 2602-11).) But "the utility of each of the various elements that comprise the design is not the relevant inquiry with respect to a design patent." *L.A. Gear, Inc. v. Thom McAn Shoe Co.*, 988 F.2d 1117, 1123 (Fed. Cir. 1993).

The '381 patent is not anticipated or obvious over DiamondTouch/Tablecloth and/or LaunchTile. DiamondTouch is not a touch-screen display. (Tr. 3623.) Neither reference snaps back "in response to the edge of an electronic document being reached." (Tr. 3630-3637; *see also* Tr. 2241, 2255-57, 2291, 2309-10.) Both references re-center when a user lifts her finger regardless of whether an edge has been reached (Tr. 3634-35), and LaunchTile re-centers based on proximity to a threshold (Tr. 2241, 2255-57). In addition, when a user lifts her finger, Tablecloth translates the electronic document not "until the area beyond the edge . . . is no longer displayed," but rather all the way back to the original position. (Tr. 3634.)

The '163 patent is not anticipated or obvious over Agnetta, Robbins, and/or LaunchTile/XNav at least because the references do not enlarge and translate a structured electronic document. (Tr. 2932-35, 3614-20.) In addition, "substantially centered" is not indefinite. (Tr. 1900-03, 2234-38.) *See Andrew Corp. v. Gabriel Elecs., Inc.*, 847 F.2d 819, 821 (Fed. Cir. 1988); *Synthes USA, LLC v. Spinal Kinetics, Inc.*, No. C-09-01201 RMW, 2011 U.S. Dist. LEXIS 93093, at *47-48 (N.D. Cal. Aug. 19, 2011).

The '915 patent is not anticipated or obvious over FractalZoom/DiamondTouch, Nomura, and/or the Han TED presentation. DiamondTouch does not have a "touch-sensitive display that is integrated with the data processing system." (Tr. 2880.) Nomura does not explicitly disclose an "event object [that] invokes a scroll or gesture operation," and Samsung's expert relied on an incorrect inherency standard. (Tr. 2929-30.) *See* MPEP § 2112 (citing *In re Robertson*, 169 F.3d 743, 745 (Fed. Cir. 1999)). Apple established that multiple elements (b-f) were missing. (Tr. 3622-29.) Samsung offered no evidence of obviousness. (Tr. 2924.)

## IV. APPLE HAS PROVED TRADE DRESS DILUTION AND INFRINGEMENT

The Court has denied Samsung's motion for JMOL on Apple's trade dress claims.

(Tr. 2221-22.) Contrary to Samsung's arguments, Apple proved that: (1) its iPhone and iPad trade dresses are distinctive (PX11-16, 127-128, Schiller (Tr. 597-660), Winer (Tr. 1499-1571), Poret (Tr. 1577-89)); (2) its trade dresses are non-functional (PX4, 10-12, 127-128, Stringer (Tr. 485-505), Bressler (Tr. 1093-96, 1197-1210), Kare (Tr. 1399-1405, 1471-75), Winer (Tr. 1499-1500)); (3) Apple's iPhone and iPad trade dresses were famous as of July 15, 2010, and June 8, 2011, respectively (*see* evidence of distinctiveness above; PX14, 17, 133-135, 138-142); (4) Samsung phones and tablets are likely to cause dilution of Apple's iPhone and iPad trade dresses (PX5-6, PX36 at 60, 199, Winer (Tr. 1519-28), Van Liere (Tr. 1691-95); and (5) Samsung's Galaxy Tab 10.1 is likely to cause confusion with Apple's iPad trade dress (PX16, 33, 56 at 30, 59, Schiller (Tr. 656-65), Winer (Tr. 1509-18, 1570-71), Van Liere (Tr. 1696-1701)).

## V. APPLE HAS PROVED ITS ANTITRUST / UNFAIR COMPETITION CLAIMS

The Court has denied Samsung's motion for JMOL on Apple's antitrust and unfair competition claims. (Tr. 3678-80, 3690.) Contrary to Samsung's arguments, Apple proved: (1) a relevant antitrust market (Ordover (Tr. 3580-84)); (2) that Samsung acquired monopoly power (Ordover (Tr. 3584-87), *see Broadcom Corp. v. Qualcomm Inc.*, 501 F. 3d 297, 314 (3d Cir. 2007)); (3) that Samsung engaged in anticompetitive conduct (Ordover (Tr. 3578-88), Walker (Tr. 3477-3530), Donaldson (Tr. 3531-46)); and (4) that Apple was injured by that conduct (Ordover (Tr. 3587-88), H. Kim (Tr. 3326), Knightly (Tr. 3439), Dkt. 1158 at 39-41 (litigation defense costs can be antitrust injuries)). (*See* JX1083, JX1085, PX72, PX74, PX80, PX84, PX101, PX104, PX122, DX549, DX613, Ordover (Tr. 3569-88), Teece (Tr. 3648-49, 2752, 3654-55), Williams (Tr. 2750-52, 2759-61), Walker (Tr. 3477-3530), Donaldson (Tr. 3531-46), Ahn (PX218), Lee (PX219), Knightly (Tr. 3453-60), H. Kim (Tr. 3419-20, 3431-32).)

## VI. APPLE HAS PROVED ITS DAMAGES CLAIMS

Samsung's ten damages-related arguments lack a single factual or legal citation. Samsung also ignores its stipulation not to raise Rule 50 claims based on the lack of detailed evidence supporting damages calculations, which precludes many of its arguments. (Dkt. 1597 ¶ 1.) And

Samsung's own expert testimony provides a sufficient alternative basis for an award of damages. (*See e.g.*, Wagner (Tr. 3033, 3055), DX781.) Apple responds to each argument with illustrative examples of evidence. These provide a more than sufficient basis to deny the motion.

1. The Court denied Samsung's motions as to Gem's infringement of the '381 patent. *See* § 1, *supra*. Further, Gem infringes the '163, '915, and D'305 patents. (*See* PX25A at 5.)

2. Apple's lost profits evidence addresses each item Samsung challenges: (a) price elasticity (Tr. 2084-85); (b) demand for IP rights at issue (Tr. 2075-83, PX15, PX30); (c) capacity (Tr. 2085-86, PX25A1.14-.15); and (d) non-infringing substitutes (Tr. 2083-85). Apple need not practice the patents to obtain lost profits, but there is ample evidence of Apple's use. (PX8, Tr. 1021-23, 1047-48, 1368-70, 1740-41, 1818, 1832-33.)

3. The Court rejected identical arguments regarding Apple's reasonable royalty analysis in its *Daubert* order. (Dkt 1157 at 11-12.) Musika's income approach is driven by "how much revenue is being produced by Samsung and/or Apple using these patents," and both experts agree that any design-around will take some time. (Tr. 2089, 2125.) A debate over how much is not a legal issue. Teksler supported Apple's unwillingness to license the relevant patents. (Tr. 2010.)

4. Samsung has the burden to show costs "directly attributable" to the sale or manufacture of infringing products or any apportionment for trade dress. (*See* Dkt. 1694 at 147.) Samsung provided no basis to attribute overhead and other indirect expenses to the accused products. (*E.g.*, Musika (Tr. 2066).) No evidence on apportionment exists and § 289 precludes apportionment.

5. Notice is not required to recover on the unregistered trade dress. (Dkt. 1694 at 243.) And Apple introduced evidence of Samsung's notice of Apple's claims. (Tr. 1958-64, 2023-25, PX52, PX201, PX202.) Notice by specific patent number is not required. *Ceeco Mach. Mfg., Ltd. v. Intercole, Inc.*, 817 F. Supp. 979, 986-87 (D. Mass. 1992). Samsung's claim that Apple does not practice its patents (Dkt. 1819 at 4) precludes Samsung's argument because notice is not required if Apple is not practicing the claims. *See Dig. Sys., Inc. v. Telegenix, Inc.*, 308 F.3d 1193, 1219 (Fed. Cir. 2002). Finally, the issue is fact specific and suited for resolution by the jury. *Minks v. Polaris Indus., Inc.*, 546 F.3d 1364, 1376-77 (Fed. Cir. 2008); Dkt. 1694 at 68, 150, 249-50.

6. Reasonable royalties are a remedy available for trade dress under 15 U.S.C. § 1117 in

these circumstances. (*See* Dkt. 1811 at 2.) Musika supported this claim. (Tr. 2089-91.)

7. Apple's trade dress was harmed and Apple suffered loss as shown by the testimony of Schiller, Winer, and Musika. (Tr. 656-57, 660-61, 1510, 1517, 1519, 152, 1570, 2075-76.)

8. Apple presented overwhelming evidence of willfulness. There was an objectively high likelihood that Samsung products infringed a valid patent, and Samsung knew (or should have known) of this no later than August 2010. (Teksler (Tr. 1958-64), PX52.17-21, J.W. Lee (2023-25), PX201, Chang (Tr. 2025-26, PX202). *See In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (en banc). Samsung's deliberate copying is also evidence of willfulness. (*E.g.*, PX34.26, PX43.2, PX44, PX46.66, PX57.19, PX194.1.) *See Read Corp. v. Portec, Inc.*, 970 F.2d 816, 826-27 (Fed. Cir. 1992). Further, Samsung intentionally withheld copying documents from Justin Denison to conceal it from Apple and the Court. (Tr. 819-20.)

9. Apple can legally obtain different remedies on the sale of different units of the same product. (*See* Dkt. 1694 at 250 (Proposed Jury Instruction 61.3 and cited cases). )

10. There is ample evidence that Apple is not double counting (*e.g.*, Tr. 2049-51, 2120-21) and of various options by which the jury could construct a damages award for individual products, individual patents, and alternative notice periods. (*E.g.*, Tr. 2055-56, 2060, 2073-74, 2086-87, 2090-94, 2163-65, 3033, 3065-66, PX25A1, DX781, JX1500.)

## VII. APPLE HAS PROVED PATENT EXHAUSTION

The Court has denied Samsung's motion for JMOL on exhaustion. (Tr. 3677-78, 3690.) Apple presented evidence that the sales of Intel's chips to Apple occurred in the United States (PX78, Blevins (Tr. 3164-72)); delivery in the United States is not required. *See N. Am. Philips Corp. v. Am. Vending Sales, Inc.*, 35 F.3d 1576, 1579 (Fed. Cir. 1994) (sale occurs, for example, where contracting and performance occur). Apple presented evidence that the sales were made by Intel Americas and authorized by a Samsung license (PX81), which allowed Intel Corporation to make sales indirectly through subsidiaries such as Intel Americas. (Donaldson (Tr. 3531-46).)

## VIII. APPLE HAS PROVED ITS WAIVER, UNCLEAN HANDS, BREACH OF CONTRACT, AND FRAND CLAIMS

The Court has denied Samsung's motion for JMOL on Apple's waiver, unclean hands,

breach of contract, and FRAND claims. (Tr. 3680, 3690.) Apple has presented sufficient evidence to support a jury finding—including that Samsung violated the ETSI IPR disclosure policies (PX74, Walker (Tr. 3489-91, 3494-3516, 3527-30)) and that Samsung was not "prepared to grant" licenses to Apple on FRAND terms (PX218, Donaldson (Tr. 3534-39, 3543-46)). (*See* JX1073, JX1083, JX1084, JX1085, PX72, PX74, PX78, PX80, PX81, PX84, PX101, PX104, PX122, PX193, PX219, DX549, DX613, Teece (Tr. 2690, 2743-45, 3142-60, 3147-48, 3536-37, 3653), Donaldson (Tr. 3535-46), Walker (Tr. 3477-3530), Ahn (PX218), J.W. Lee (PX219).)

## IX. APPLE DOES NOT INFRINGE SAMSUNG'S PATENTS

Samsung has not proved infringement as a matter of law. The Court has already granted JMOL of no DOE infringement for the '711, '893, '516, and '941 patents (Tr. 3261-62), and a reasonable jury could certainly find for Apple on Samsung's remaining infringement claims:

- **'711 Patent:** Samsung has not proved infringement of the "controller for generating a music background play object, wherein the music background play object includes an application module including at least one applet" and "MP3 mode" limitations. (*See* JX1071, Givargis (Tr. 3227-33), Yang (Tr. 2373-2492, 3664-73).)

- **'460 Patent:** Samsung has not proved infringement of the "mode," "sub-mode," and "scroll keys" limitations or that the claimed steps are performed in the order required by the claim language. (JX1069, Srivastava (Tr. 3291-3306, 3317-20), Yang (Tr. 2373-2492, 3664-73), E. Kim (Tr. 3173-87).) Prosecution history estoppel bars Samsung from relying on the DOE because Samsung added "scroll keys" during prosecution to overcome prior art (JX1066.180). *See Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722, 734 (2002). Samsung failed to present sufficient evidence, including "particularized testimony and linking argument," *Amgen Inc. v. F. Hoffman-La Roche Ltd.*, 580 F.3d 1340, 1382 (Fed. Cir. 2009), required to prove DOE. (*See* Yang (Tr. 2394-98).) In addition, Apple presented unrebutted testimony that "swiping" does not perform substantially the same function, in substantially the same way, with substantially the same result as "scroll keys." (E. Kim (Tr. 3181-83), Srivastava (Tr. 3300-04); *see* Yang (Tr. 3663-73).) Furthermore, Samsung has not proved induced infringement, as it has failed to present sufficient evidence of direct infringement by third parties (or anyone) or that

Apple had the specific intent to induce others to infringe. (*See* Yang (Tr. 2373-2492, 3663-73).)

- **’893 Patent:** Samsung has not proved infringement of the “mode,” “mode-switching operation,” and “irrespective of a duration” limitations. (*See* JX1068, Dourish (Tr. 3188-3205), E. Kim (Tr. 3173-87), Yang (Tr. 2373-2492, 3664-73).)

- **’516 Patent:** Samsung has not proved infringement of the “total transmit power” limitations. The evidence—which includes the 3GPP standard (JX1083) and testimony from an Intel engineer (DX804), Apple’s expert Dr. Kim (Tr. 3419-20, 3434), and Samsung’s expert—demonstrates that the Intel chip in Apple’s accused products complies with the 3GPP standard and does not determine “total transmit power” as required by the ’516 patent. (JX1073, JX1083, H. Kim (Tr. 3322-32, 3414-34), Williams (Tr. 2676-2711, 2742-75), Paltian (PX208, DX804).)

- **’941 Patent:** Samsung has not proved infringement of the “one-bit field” limitations. The evidence demonstrates that the Intel chip in Apple’s accused products complies with the 3GPP standard and does not have a “one-bit field” indicating “whether the PDU contains an entire SDU” as required by the ’516 patent. (JX1070, JX1060, DX557, Knightly (Tr. 3435-53, 3461-64), Williams (Tr. 2711-61, 2775-85), Zorn (PX209, DX803).) The asserted claims do not recite merely “sending” an entire SDU. (JX1070, Knightly (Tr. 3435-53, 3461-64).)

## X. APPLE HAS PROVED ITS EQUITABLE ESTOPPEL CLAIMS

The Court has denied Samsung’s motion for JMOL on equitable estoppel. (Tr. 3680, 3690.) The evidence demonstrates that Samsung is estopped from enforcing the ’516 and ’941 patents due to its standard-related conduct—including that Apple relied on Samsung’s deception by selling products that comply with the 3GPP standard. (JX1070, JX1073, JX1083, JX1084, JX1085, PX70, PX72, PX74, PX84, PX101, PX104, PX122, PX193, DX549, DX557, DX613, DX685, Kim (Tr. 3322-32, 3414-22, 3431-34), Knightly (Tr. 3435-53, 3460-64), Williams (Tr. 2676-2785), Walker (Tr. 3477-3530), Donaldson (Tr. 3531-46), Ahn (PX218), Lee (PX219).)

Dated: August 19, 2012

MORRISON & FOERSTER LLP

By:    */s/ Michael A. Jacobs*
      Michael A. Jacobs

Attorneys for Plaintiff and
Counterclaim-Defendant
APPLE INC.