QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S OPPOSITION TO MOTION FOR JUDGMENT AS A MATTER OF LAW** |

Case No. 11-cv-01846-LHK
**SAMSUNG'S OPPOSITION TO MOTION FOR JUDGMENT AS A MATTER OF LAW**

**TABLE OF CONTENTS**

**Page**

I.     APPLE IS NOT ENTITLED TO JMOL ON ITS DESIGN PATENTS ............................... 1

II.    APPLE IS NOT ENTITLED TO JMOL ON ITS UTILITY PATENTS ............................. 2

    A.   Apple Is Not Entitled to JMOL on the '381 Patent ...................................................... 2

    B.   Apple Is Not Entitled to JMOL on the '915 Patent ...................................................... 2

    C.   Apple Is Not Entitled to JMOL on the '163 Patent ...................................................... 3

III.   APPLE IS NOT ENTITLED TO JMOL ON ITS TRADE DRESS ..................................... 3

IV.    APPLE IS NOT ENTITLED TO JMOL ON ITS CLAIMED DAMAGES ......................... 4

V.     APPLE IS NOT ENTITLED TO JMOL ON SAMSUNG'S PATENTS ............................. 5

    A.   Apple Is Not Entitled to JMOL on the '893 Patent ...................................................... 5

    B.   Apple Is Not Entitled to JMOL on the '460 Patent ...................................................... 5

    C.   Apple Is Not Entitled to JMOL on the '711 Patent ...................................................... 6

    D.   Apple Is Not Entitled to JMOL on the '516 Patent ...................................................... 6

    E.   Apple Is Not Entitled to JMOL on the '914 Patent ...................................................... 6

    F.   Apple Is Not Entitled to JMOL on Willfulness ............................................................ 6

    G.   Apple Is Not Entitled to JMOL on Its Defenses .......................................................... 7

VI.    APPLE IS NOT ENTITLED TO JMOL ON SAMSUNG'S DAMAGES CLAIMS ........... 7

VII.   APPLE IS NOT ENTITLED TO JMOL ON BREACH OF CONTRACT/FRAND ........... 8

VIII.  APPLE IS NOT ENTITLED TO JMOL ON ITS SHERMAN ACT AND UNFAIR
      COMPETITION CLAIMS .................................................................................................. 8

IX.    CONCLUSION .................................................................................................................... 8

## I. APPLE IS NOT ENTITLED TO JMOL ON ITS DESIGN PATENTS

• Apple asserts that all design patents are infringed, but as explained in Samsung's motion for judgment as a matter of law ("Samsung's JMOL") (Dkt. 1819), the evidence supports a finding of non-infringement on Apple's design patents.   (*Id.* at 1).

• Apple asserts that no elements of the design patents are dictated by function, but the record supports a finding of functionality as to individual elements and the overall designs of the patents. (Dkt. 1819 at 3-4; Tr. 866:6-874:7).   Apple has not demonstrated that alternative designs have similar functionality.   "The presence of alternative designs may or may not assist in determining whether the challenged design can overcome a functionality challenge." *Berry Sterling Corp. v. Pescor Plastics, Inc.*, 122 F.3d 1452, 1456 (Fed Cir. 1997) (emphasis added).

• Apple erroneously claims that the design patents are valid because they are not "wholly dictated" by function.   But Samsung provided expert testimony supporting not only the functionality of individual elements of the asserted design patents, but also the functionality of the overall design where the design affects the cost or quality of the article or where the design would be dictated by function.   (Tr. 2602:9-2611:9; *see also* Dkt. 1819 at 3-4; *Amini Innovation Corp. v. Anthony California, Inc.*, 439 F.3d 1365, 1371 (Fed. Cir. 2006)); *PGH ech., Inc. v. St. John Co., Inc.,* 469 F.3d 1361, 1366 (Fed Cir. 2006).

• Apple claims that Samsung has offered no testimony in support of indefiniteness, but where, as here, indefiniteness is evident from the patents themselves (JX1040, JX1041, JX1042, JX1043) – no further or expert testimony is required.   *Intellectual Property Development, Inc. v. UA-Columbia Cablevision*, 336 F.3d 1308, 1318 (Fed. Cir. 2003) (indefiniteness is a "legal conclusion")).   Issues concerning presence or absence of surface shading have been raised at trial, and testimony concerning both the D'087 and D'889 patents demonstrate indefiniteness in each patent.   (Tr. 1014:2-19, 1018:18-1019:20, 1230:6-15; JX104, JX1041, JX1043).   Not only do the patent figures support a finding of indefiniteness on their own, but the fact that Apple witnesses testified that the 035 Mockup (DX741) and the iPad 2 *both* show the design of the D'889 is further proof of indefiniteness, as the two items do not look similar.   (Tr. 472:24-473:1, 528:12-15).   When patent drawings are such that two such different models or products can embody the same design, the scope of the patent is clearly ambiguous and open to conjecture, and therefore indefinite.   (Manual of Patent Examining Procedures § 1503.2 (2012); *Ultimax Cement Mfg. Corp. v. CTS Cement Mfg. Corp.*, 587 F.3d 1339, 1352 (Fed. Cir. 2009).

• Apple argues that the D'677 and D'087 patents are not anticipated or obvious, but the Federal Circuit's opinion does not preclude a finding of obviousness based on combinations of the JP638, KR'547 and LG Prada prior art.   This is particularly true in light of Mr. Sherman's testimony that his opinion was not limited to the front view of the patents and prior art, and because of additional evidence and testimony offered since the Federal Circuit's opinion.   KR'547 and LG Prada are proper prior art – KR'547 was issued on July 6, 2006 (DX727) and Prada was released in late 2006 (Tr. 2588:4-6; DX2627), while the D'087 and D'677 patents were not filed until July 30, 2007 and November 18, 2008, respectively.   The jury is free to disregard Apple's alleged conception dates and find that these references are prior art. (Dkt. 1563 at 7).

• As the Court already has found, Apple incorrectly asserts that the D'889 patent is not anticipated or obvious over certain pieces of prior art or in light of the Federal Circuit decision. First, "findings of fact and conclusions of law at the preliminary injunction stage are subject to change upon the ultimate trial on the merits."   *Jack Guttman, Inc. v. Kopykake Enterprises, Inc.,*

302 F.3d 1352, 1361 (Fed. Cir. 2002).  Also, the Federal Circuit opinion does not preclude a finding of obviousness based on a combination of the Fidler Tablet and the TC1000 in light of additional evidence and testimony, including the deposition of Roger Fidler, which was played to the jury (Tr. 2565:20-22), the 035 Mockup, which embodies the design of the D'889 patent (DX741 Stipulation; Tr. 528:12-13), and other evidence.  The Federal Circuit also did not consider the TC1000 as a possible primary reference.  *Apple v. Samsung,* 678 F.3d 1314, 1329-1331 (Fed. Cir. 2012).

- Apple claims that Samsung has offered no testimony supporting the claim that the D'305 design patent is anticipated or obvious.  As explained in Samsung's motion for judgment as a matter of law, the evidence supports a finding of obviousness with regard to the D'305 patents. (Dkt. 1819 at 3; Tr. 1438:1-19, 1440:4-1440:18, 1475:25-1476:7, 2531:21-2534:15, 2535:8-2536:16, 2537:3-2541:10, 2551:3-16, 2552:25-2554:5.)

## II. APPLE IS NOT ENTITLED TO JMOL ON ITS UTILITY PATENTS

### A. Apple Is Not Entitled to JMOL on the '381 Patent

- Apple is not entitled to judgment as a matter of law that the '381 patent is infringed.  (Tr. 1785:19-1786:3, 1787:5-6) (different versions of products work differently), 1791:14-1799:4 ("hold still" and "hard stop" behaviors do not infringe); 1793:8-17 (did not review source code to determine if always snaps back), 1729:9-24 (only analyzed source code for four products); 1749:13-1751:10 (no source code for Contacts), 1782:19-1783:20 (not all bounce back infringes), 3279:24- 3281:24, 3341:21-3352:15 (oral JMOL denied)

- Apple is not entitled to judgment as a matter of law that the '381 patent is not anticipated and/or obvious.  (Tr. 1730:11-1731:8 (no evidence sufficient to show 2005 conception date), 1772:2-6 (source code not necessary to determine claims are practiced).)  LaunchTile anticipates/renders obvious.  (Tr. 2229:14-2253:16, 2870:9-14) (LaunchTile is prior art), 2864:24-2870:22, 2872:17-2873:9 (LaunchTile teaches every element of the claim), 1791:9-13 (does not always have to bounce back), 2870:4-22 (snaps back in response to edge being crossed). Tablecloth anticipates/renders obvious.  (Tr. 2275:22-2282:4, 2290:21-2299:16, 2350:15-2351:8, 2357:19-2364:5, 2864:13-23 (Tablecloth is prior art); 2854:18-2858:22, 2860:3-2864:11 (Tablecloth teaches every element); 2854:18-2855:23 (electronic document is two images); 2862:25-2863:21 (snaps back in response to edge being crossed).

### B. Apple Is Not Entitled to JMOL on the '915 Patent

- Apple is not entitled to judgment as a matter of law that the '915 patent is infringed.  Apple does not deny that some Samsung products perform multi-finger scrolling, yet fails to identify those that do not.  (*See* Tr. 2912:2-19 (two finger scrolling non-infringing); 3352:16-21 (denying JMOL).)  Mr. Gray also opined that the event object does not invoke a scroll or gesture operation in the accused products.  (*See* Tr. 2910:6-2912:1).  Mr. Gray's opinion is consistent with the Court's construction of "invoke" (Dkt. 1158 at 20) because he explained that the event object does not cause *any* procedure to be carried out directly or indirectly; it merely "contains the data" which is "used by the web view object."  (Tr. 2911:20-2912:1).

- Apple is not entitled to judgment as a matter of law that the '915 patent is not anticipated and/or obvious.  Claim 8 does not require a "touch pad" integrated with a display.  (JX 1044 at 24:2-3).  Dr. van Dam also testified that it is a "touchscreen display."  (Tr. 2881:16-2882:11, 2883:9-2884:1, 2855:24-2856:14, 2857:12-22; *see also* 2898:12-2899:2).  Mr. Gray testified that

all prior art anticipates (Tr. 2897:12-2910:5.)    Apple argues that three fingers on FractalZoom causes scrolling.    But Apple does not deny that two fingers results in *only* scaling, which a reasonably jury can find meets the "two *or* more" limitation.    (JX 1044 at col. 24:6-11).    The Court has already denied Apple's JMOL on obviousness.    (Tr. 3352:22-3356:2)    Finally, Apple is mistaken regarding Mr. Gray's inherency opinion.    (Tr. 2903:15-2905:6, 2929:3-2930:12 ("it's either necessary or implied").)

### C. Apple Is Not Entitled to JMOL on the '163 Patent

• Apple is not entitled to judgment as a matter of law that the '163 patent is infringed.   (Tr. 3338:20-24) (denying motion orally), 1883:11-18) (Apple's expert admitting that infringement analysis required him to "dig in deep" to the code), 1884:1-9 (detailed code analysis provided for only 4 of the 24 accused products), 2923:10-19 (Claim 50 requires a plurality of boxes to all coincide at the location of the first gesture and Dr. Singh's analysis addresses only a single box at the location of the first gesture), 756:22-757:8 (the '163 patent is directed to "figur[ing] out" which of the "boxes" (*i.e.* letter, word, or story) that the user cared about).

• Apple is not entitled to judgment as a matter of law that the '163 patent is not anticipated or obvious.   (Tr. 2933:11-12; 2919:3-10 (LaunchTile and Agnetta embody a "semantic zooming" process that results in the enlarging of a single structured electronic document); 2234:5-8 (LaunchTile embodies a "single coherent" "zoom space"); 2237:7-2238:2 (describing "semantic zooming); DX-546; *see Wyers v. Master Lock Co.*, 616 F.3d 1231, 1239-40 (Fed. Cir. 2010) (because "the legal determination of obviousness may include recourse to logic, judgment, and common sense, in lieu of expert testimony," Mr. Gray's not testifying to the obviousness of the '163 patent should not keep the issue from the jury).

• Apple is not entitled to judgment as a matter of law that the term "substantially centered" is not indefinite.   (Tr. 1901:25-1902:4 ("reasonable minds might . . . deviate" as to whether a box of content was substantially centered); 2922:14-2923:1 ("substantially centered" would not provide sufficient notice to an engineer to allow them to understand the scope of the patent and avoid infringement); 757:15-758:15 (the "goal" was to move a box of content to "where it makes sense"); *see Dow Chem. Co. v. Nova Chem. Corp.*, 629 F. Supp. 2d 397, 403 (D. Del. 2009) (appropriate circumstances warrant submission of indefiniteness question to the trier of fact); *Sys. Mgmt. Arts Inc. v. Avesta Techs., Inc.*, 137 F. Supp. 2d 382, 399-400 (S.D.N.Y. 2001) (denying summary judgment on issue of indefinites in light of genuine issues of fact).    The Court has requested parties to "stipulate to a jury instruction on indefiniteness for the '163" (Tr. 3339:2-3).

### III.    APPLE IS NOT ENTITLED TO JMOL ON ITS TRADE DRESS

• The evidence demonstrates that Apple's trade dress is not distinctive: Many claimed features have been commonly used in the industry.    (DX 709, 710, 712 (Apple's competitive study); Tr. 894:16-896:4.)    Moreover, Apple bears the burden of proof on its unregistered trade dress.    15 U.S.C. §1125(a)(3); *see also* Dkt. No. 1828 at 7-8.

• There is substantial evidence that Apple's trade dress is functional.    (Dkt. No. 1819 at 4; Tr. 625:15, 626:9-10, 674:20-675:24, 676:22-677:8, 678:22-679:8, 679:9--20, 680:9-15, 688:12-689:13, 721:3-7, 1196:22-1197:23, 1199:25-1200:16, 1207:9-20, 1209:3-14, 1211:12-18, 2601:18-2611:7; *see also* Dkt. No. 1828 at 10 ("Authorities").)

• Apple has not demonstrated that the level of recognition of its products is so high that it is a "household name."    *See Thane Int., Inc., v. Trek Bicycle Corp.*, 305 F.3d 894, 911 (9th Cir.

1  2002); (*see also* Dkt. No. 1819 at 4; Tr. 1595:1-21).

2  • The evidence does not support dilution. (Dkt. No. 1819 at 4 Tr. 1702:6-14, 1704:1-8, 1534:14-17, 1535:1-20, 1537:2-13, 1591:9-21, 1595:1-3; *see also* Dkt. No. 1828 at 13.)

3
4  • The evidence does not support a finding of likely confusion regarding phones or tablets. Dkt. No. 1819 (Tr. 896:5-900:11, 1101:23-1104:18, 1537:2-1538:19, 1540:20-1543:13, 1566:11-1567:7, 1702:6-14, 1704:1-8; PX 60).

5
6  • The evidence weighs against a finding of willfulness and/or copying. (Tr. 850:3-11, 858:6-18, 873:18-874:7, 878:5-879:19, 881:16-884:7, 896:15-900:11, 1968:2-8, 2522:25-2541:10, 2549:4-2557:20, 2801:25-2821:5, 2833:22-2835:21; Dkt. No. 1694 at 187 ("Source").)

7
8  • There is no evidence of trade dress infringement. As a result, Apple also has failed to show induced infringement. (Dkt. No. 1819 at 4; Tr. 896:5-900:11, 1101:23-1104:18, 1537:2-1538:19, 1540:20-1543:13, 1566:11-1567:7, 1702:6-14, 1704:1-8; PX60.)

9  **IV.   APPLE IS NOT ENTITLED TO JMOL ON ITS CLAIMED DAMAGES**

10
11  • Apple fails to identify the applicable notice dates for each patent and trade dress. On this basis alone, Apple's motion on this point should be denied.

12  • Apple's phrases "stand-alone financial results" and "actual economic profits" are legally meaningless and irrelevant. The amount to which a patent holder may be entitled under 35 U.S.C. § 289 is "total profits," not "economic profits." There is evidence of Samsung's profits. (*See* PX180; DX676; DX781; Tr. 3010:12-3011:1, 3021:15-3034:9.)

13
14
15  • Apple's reference to "total profit" is merely a statement of disputed law. And Apple's statement that Samsung's "gross profits for accused products is not disputed" is wrong. The parties dispute which products are properly accused and the notice periods, which affect gross profits. Even if those issues were resolved, "gross profits" is not appropriate for a JMOL.

16
17  • Apple misstates the law regarding what costs are deductable to determine infringer's profits for design patent damages. Costs that are *attributable* to the sale or manufacture of the goods may be deducted. The phrase advanced by Apple – "directly attributable" – is not supported by any authority. (*See* Dkt. No. 1694 at 135:3-137:21. In any event, Samsung has submitted evidence that overhead and other expenses meet either legal standard. (*See* PX180; DX676; DX781; Tr. 3010:12-3011:1, 3021:15-3034:9.)

18
19
20
21  • Apple's contention that "[i]f the jury finds at least one design patent infringed for any product, minimum design patent damages are $519 million, or the per product amount stated on page 1 of Exhibit DX781" is wrong. The Wagner testimony cited by Apple says no such thing. Indeed, even Mr. Musika's design patent damages number applies only if *all* Apple' patents are found valid and infringed. (*See* Tr. 2118:25-2119:16.)

22
23
24  • Apple misstates the law regarding notice for unregistered trade dress. Apple must prove that each Samsung entity had actual notice of Apple's unregistered trade dress claims. (*See* Dkt. No. 248:1-18.) Apple purported minimum "per product damages amounts" also fail to apportion.

25
26  • There is evidence to determine apportionment of profits. (*See, e.g.,* PX143.6; PX143.12; PX143.16; PX143.22; PX143.25; DX 572.082; Tr. 699:4-8, 1103:13-23, 2126:2-2125:25, 2130:2-2130:20, 2131:19-2132:9, 3041:11-3042:5.)

27
28  • Apple's statement that "Samsung admits profit using Samsung [sic] notice period, but not

-4-                          Case No. 11-cv-01846-LHK
**SAMSUNG'S OPPOSITION TO MOTION FOR JUDGMENT AS A MATTER OF LAW**

deducting for overhead, is $1.396 billion" is wrong. Mr. Wagner was merely responding to an incomplete hypothetical based on Mr. Musika's incorrect calculations. It is also not appropriate for JMOL; it is Apple's skewed interpretation of the evidence.

## V. APPLE IS NOT ENTITLED TO JMOL ON SAMSUNG'S PATENTS

### A. Apple Is Not Entitled to JMOL on the '893 Patent

• Apple is not entitled to judgment as a matter of law that it does not infringe claim 10 of the '893 patent. Samsung has presented sufficient evidence for a reasonable jury to find that Apple literally infringes every limitation that claim including "mode," "mode-switching operation," and "irrespective of a duration." (JX1050, JX1051, JX1054, JX1055, JX1056, JX1057, JX1068, JX1076, JX1077, DX533, DX539, DX645, Tr. at 2402:22-2403:13, 2403:23-2404:15, 2407:6-2408:18, 2408:19-2409:14, 2410:8-2411:2, 2485:25-2486:28, 3175:3-6, 3180:19-21, 3181:2-8, 3186:19-3187:2, 3193:18-22, 3194:12-20, 3196:15-3197:5, 3198:5-10, 3199:4-18, 3200:5-3202:5, 3202:6-14, 3232:23-3233:1; 3294:11-23, 3305:21-3306:4, 3317:10-3319:18, 3664:15-3666:2.)

• Apple is not entitled to judgment as a matter of law that claim 10 is invalid over KR Patent No. 10-2004-0013792. (JX1068, PX112; Tr. 3664-3673; 3188-3197, 3205-3219.)

### B. Apple Is Not Entitled to JMOL on the '460 Patent

• Apple is not entitled to judgment as a matter of law that it does not infringe claim 1. A reasonable jury could find that Apple literally infringes every limitation of that claim, including "mode," "sub-mode," and "scroll keys." (JX1050, JX1051, JX1053, JX1054, JX1055, JX1056, JX1057, JX1069, JX1076, JX1077, DX533, DX539, DX645, Tr. 710:21-25, 711:14-19, 2383:1-6, 2384:21-2385:9, 2390:1-2392:4, 2394:5-2394:18, 2396:11-2398:18, 2399:19-2400:16, 2402:22-2404:15, 2407:6-2409:14, 2410:8-2411:2, 2485:25-2486:28, 2487:1-2488:4, 2489:22-2490:12, 3665:3-9, 3664:15-3666:2, 3175:3-6, 3180:19-21, 3181:2-8, 3186:19-3187:2, 3193:18-22, 3194:12-20, 3196:15-3197:5, 3198:5-10, 3199:4-18, 3200:5-7, 3200:25-3202:14, 3232:23-3233:1, 3294:11-23, 3305:21-3306:4, 3317:10-3319:18. The Court has twice rejected Apple's argument that the steps in claim 1 of the '460 Patent must be performed in order. Dkt. 1826 at 35; Dkt. 1156 at 13-17. Nothing in the intrinsic evidence or otherwise requires a specific sequence.

• Apple is not entitled to judgment as a matter of law that prosecution history estoppel bars Samsung from relying on the doctrine of equivalents for the "scroll keys" limitation. Samsung has presented evidence sufficient to show that prosecution history estoppel does not bar the application of the doctrine of equivalents. (JX1066 , 1069, Dkt. 1690 HPO Order, Dkt. 1812 at 4-6.) Samsung has presented the requisite "particularized testimony and linking argument." (JX1050, JX1051, JX1053, JX1054, JX1055, JX1056, JX1057, JX1069, JX1076, JX1077, JX1091, DX533  DX 533, DX539, DX645, DX647, DX648, PX12, PX127, Tr. 2383:1-6, 2391:20-2392:4, 2394:5-2394:18, 2396:11-2398:4, 2398:5-18, 2399:19-2400:16, 3318:23-3319:18).

• Apple is not entitled to judgment as a matter of law that it did not induce infringement of claim 1. A reasonable jury could find infringement by third parties, and intent by Apple to induce infringement, including willful blindness. (JX1050, JX105, JX1054, JX1055, JX1056, JX1057, JX1068, JX1076, JX1077 DX531; DX533, DX539, DX645, DX647, DX648, PX12, PX127; Tr. 710:21-25, 711:14-19, 2398:19-2399:18, 2400:17-2401:6, 3090:22-3191:18, 3183:11-19, 3185:5-12.)

• Apple is not entitled to judgment as a matter of law that claim 1 is obvious over Suso, Harris,

-5-   Case No. 11-cv-01846-LHK
**SAMSUNG'S OPPOSITION TO MOTION FOR JUDGMENT AS A MATTER OF LAW**

and Yoshida.   Apple failed to meet its burden of proof that this reference renders the claim obvious.   (JX1069, PX118, PX119, PX120, Tr. 3664-3673, 3292-3296, 3306-3320.)

### C.   Apple Is Not Entitled to JMOL on the '711 Patent

• Apple is not entitled to judgment as a matter of law that it does not infringe claim 9.   A reasonable jury could find that Apple literally infringes every limitation, including "a controller for generating a music background play object, wherein the music background play object includes an application module including at least one applet" and "mp3 mode."   (Tr. 2418-2419, 2421-2422, 2423:16-2424:11, 2433, 3180:19-21, 3181:2-8, 3226:6-7, 3244:25, 3305:21-3306:4, 3318:3-15; DX 645; DX 533; DX 539; SDX3967.028; SDX3967.043; JX 1055; JX 1053; JX 1057; JX 1054; JX 1056; JX 1076; JX 1077; JX 1071.)

• Apple is not entitled to judgment as a matter of law that claim 9 is obvious over Sony Ericsson K700i and Wong.   Apple failed to meet its burden of proof that these references render the claim obvious.   (Tr. 3242, 3246, 3666-3667; JX 1071; PX 91; PX 125.)   Apple's expert also used the incorrect construction for the terms "applet" and "application module."   (Tr. 3225:23-3226:7, 3227:12-18, 3247:10-22.)

### D.   Apple Is Not Entitled to JMOL on the '516 Patent

• Apple is not entitled to judgment as a matter of law that it does not infringe the "total transmit power" limitations.   (Tr. 2670:22-24, 2683:11-19, 2686:6-2689:10, 2692:23-2694:4, 2695:7-16, 2699:10-25, 2701:2-2703:10, 2704:25-2705:7, 2709:22-2710:19; JX1083, DX636, DX635A.)

• Apple is not entitled to judgment as a matter of law that the '516 patent is obvious.   (Tr. 3657:8-3658:17.)

### E.   Apple Is Not Entitled to JMOL on the '914 Patent

• Apple is not entitled to judgment as a matter of law that Apple does not literally infringe the "one-bit field" limitations.   (Tr. 2671:21-23, 2721:20-2723:14, 2729:14-23, 2731:3-2738:24; DX557, DX635A, DX635B.)

• Apple is not entitled to judgment as a matter of law that the '941 patent is anticipated or obvious over Agarwal.   Samsung provided evidence and expert testimony that Apple failed to meet its burden of proof that this reference renders the asserted claims anticipated or obvious. (Tr. 3558:23-3659:21.)

### F.   Apple Is Not Entitled to JMOL on Willfulness

• Apple is not entitled to judgment as a matter of law of no willful infringement of the '893, '711, '460, '516, and '941 patents.   Apple had knowledge of the patent, and Apple failed to provide evidence that it obtained an opinion of counsel.   *See Golden Blount, Inc. v. Robert H. Peterson Co.*, 438 F.3d 1354, 1368 (Fed. Cir. 2006) (affirming willful infringement when infringer had actual notice and failed to obtain competent opinions); *see also Nat'l Presto Indus. Inc. v. West Bend Co.*, 76 F.3d 1185, 1192 (Fed. Cir. 1996) (affirming willful infringement where infringer had actual notice of pending patent and despite this the infringer flooded the market with its infringing product).   Apple conceded notice to the '516, '941, and '460 patents on September 9, 2010.   (Tr. 3091:3-17.)   Apple was also on notice of the '941 and '516 patents as early as May 19, 2006, when Samsung declared these patents to ETSI.   PX122.   In addition, Apple had notice of all these patents at the time Samsung answered Apple's Amended Complaint in this case

on June 30, 2011 (Dkt. No. 80) and at the time Samsung submitted its infringement contentions in this case on September 7, 2011.   (Tr. 3257:21-3258:18.)

### G.   Apple Is Not Entitled to JMOL on Its Defenses

• Apple asserts that Samsung's "conduct" is the basis for these defenses based on its flawed reading of the ETSI IPR Policy.   Samsung timely disclosed its essential IPR in a matter consistent with the ETSI membership.   (Tr. 3643:8-3646:12).   Dr. Walker, Apple's own expert, had no opinion as to whether Samsung violated the ETSI Policy section entitled "Violation of Policy."   (Tr. 3525:9-3526:11).   Dr. Walker admitted that "confidential information" is excluded from the Policy's definition of "IPR" and that he did not know whether Samsung's Korean patent applications underlying the '516 and '941 patents were confidential at the time Apple alleges they should have been disclosed.   (Tr. 3517:23-25, 3518:6-11).   Additionally, there is no evidence that Apple relied on any alleged misrepresentation by Samsung because Apple admitted it was not aware of the '516 and '941 patents before it released the iPhone.   (Tr. 356:3-6).

• Apple is not entitled to judgment as a matter of law on exhaustion.   The location of delivery is one of the "essential activities" used to determine the location of a sale.   *See Minebea Co., Ltd. v. Papst*, 444 F. Supp. 2d 68, 146 (D.D.C. 2006); *Cornell Research Found., Inc. v. Hewlett-Packard Co*., 2007 WL 4349135, *51 (N.D.N.Y. Jan. 31, 2007); *MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp*., 420 F.3d 1369, 1376-77(Fed. Cir. 2005) (determining the location of a sale by considering where its "essential activities," such as ordering, packaging, shipping and payment, took place).   Apple admitted that the place of delivery of the Intel baseband processors was in China, and not in the United States, as shown in the representative invoices from Intel Americas, Inc. (*See e.g.* Tr. 3663:22-3664:9 (reciting Apple's RFA No. 1996); PX78.)   If delivery of a product does not occur in the U.S., then the sale of the product is not a U.S. sale, even if invoicing or other sales activity happened inside the U.S.   *See Minebea*, 444 F. Supp 2d at 146 ("to prevail on its patent exhaustion claim [defendant] must show that specific motor sales resulted in delivery of mass-produced quantities [] into the United States").   Apple has not introduced any evidence of a sale, direct or indirect, by Intel Corp., the only entity licensed under the Intel/Samsung Agreement (*See* PX78.)   Additionally, in failing to introduce any evidence establishing an affirmative act by which Intel Corp. extended its rights to Intel Americas, Apple has failed to prove that the sale of the baseband processors was even authorized.   *Intel Corp. v. Broadcom Corp*., 173 F. Supp. 2d 201, 222 (D. Del 2001).)

## VI.   APPLE IS NOT ENTITLED TO JMOL ON SAMSUNG'S DAMAGES CLAIMS

• There is presented evidence that, because Samsung's patents are essential to UMTS functionality, they substantially create the value of the iPhone and iPad, as they allow Apple to charge a significant price premium, thus justifying the use of the entire price of the accused products as a royalty base.   (Tr. 3127:2-3128:21.)   Dr. Teece also testified that he considered comparable licenses and the *Georgia-Pacific* factors.   (Tr. 3128:23-3140:24.)   The evidence also demonstrates that the rate offered by Samsung was within industry norms and thus FRAND.   (DX630; Tr. 3128:23-3140:24, 3142:1-3143:17.)

• Samsung is entitled to "no less than a reasonable royalty" for Apple's infringement of the '893, '711, and '460 patents.   35 U.S.C. § 284.   Apple has failed to articulate any deficiencies either in Dr. Sukumar's survey methodology (Tr. 3092:10-3095:14) or Dr. O'Brien's damages calculations (Tr. 3101:5-3113:16), much less error requiring the imposition of judgment as a

matter of law.   Indeed, Apple failed to offer any rebuttal whatsoever to these witnesses.   *See also* JX1091 (Time: 1:24:52-1:25:46).

### VII.   APPLE IS NOT ENTITLED TO JMOL ON BREACH OF CONTRACT/FRAND

- The ETSI IPR Policy states that members must be "prepared to grant" licenses to essential patents on FRAND terms and conditions.   (*See* DX613)   Samsung's July 24, 2011 offer letter to Apple proposing a license to Samsung's essential UMTS patents at a 2.4% rate shows that it was prepared to grant a FRAND license.   (*See* PX80).   Samsung offered FRAND licenses to many other companies in the industry and its 2.4% offer was within industry norms.   (*See* Tr. 3128:23-3140:24, DX630, DX631).

- Samsung timely disclosed its essential IPR in a matter consistent with the ETSI membership and never violated the ETSI IPR Policy. (Tr. 3525:9-3526:11, 3643:8-3646:12).   The Korean patent applications in question were confidential at the time Samsung made its proposals to ETSI, and did not fall within ETSI's definition of "IPR." (Tr. 3517:23-25, 3518:6-11.)

### VIII.   APPLE IS NOT ENTITLED TO JMOL ON ITS SHERMAN ACT AND UNFAIR COMPETITION CLAIMS

- Apple identified no relevant antitrust market and thus no anticompetitive behavior whatsoever. (Tr. 3648:5-3649:24.) Apple identified no cognizable injury to itself or to competition.   Apple identified no evidence to support its claim that Samsung has the ability to maintain increased prices and exclude competition; the uncontested evidence shows that Apple did not take a license and has paid nothing to Samsung.   (Tr. 3646:22-3647:8.)   Samsung's offer was within industry norms.   (DX630; Tr. 3128:23-3140:24, 3142:1-3143:17.)   Samsung timely disclosed its IPRs as is expected at ETSI and that no anticompetitive conduct occurred.   (Tr. 3644:7-3646:12.) Apple's significant profit margin and dominant market share belies its contention that it has incurred any anticompetitive harm.   (DX25.)

### IX.   CONCLUSION[1]

For the foregoing reasons, Apple's Motion for Judgment as a Matter of Law should be denied.

DATED: August 19, 2012          QUINN EMANUEL URQUHART & SULLIVAN, LLP

---

[1]   Samsung incorporates by reference all its prior motions for judgment as a matter of law and oppositions to Apple's motions for judgment as a matter of law.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

By  /s/ *Victoria Maroulis*
    Charles K. Verhoeven
    Kevin P.B. Johnson
    Victoria F. Maroulis
    Michael T. Zeller
    Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

-9-  Case No. 11-cv-01846-LHK
**SAMSUNG'S OPPOSITION TO MOTION FOR JUDGMENT AS A MATTER OF LAW**