| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781)<br>hmcelhinny@mofo.com<br>MICHAEL A. JACOBS (CA SBN 111664)<br>mjacobs@mofo.com<br>RACHEL KREVANS (CA SBN 116421)<br>rkrevans@mofo.com<br>JENNIFER LEE TAYLOR (CA SBN 161368)<br>jtaylor@mofo.com<br>ALISON M. TUCHER (CA SBN 171363)<br>atucher@mofo.com<br>RICHARD S.J. HUNG (CA SBN 197425)<br>rhung@mofo.com<br>JASON R. BARTLETT (CA SBN 214530)<br>jasonbartlett@mofo.com<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, California  94105-2482<br>Telephone:  (415) 268-7000<br>Facsimile:  (415) 268-7522 | WILLIAM F. LEE<br>william.lee@wilmerhale.com<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>60 State Street<br>Boston, MA 02109<br>Telephone: (617) 526-6000<br>Facsimile: (617) 526-5000<br><br>MARK D. SELWYN (SBN 244180)<br>mark.selwyn@wilmerhale.com<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>950 Page Mill Road<br>Palo Alto, California 94304<br>Telephone: (650) 858-6000<br>Facsimile: (650) 858-6100 |

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>          Plaintiff,<br><br>     v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>          Defendants. | Case No. 11-cv-01846-LHK<br><br>**APPLE'S REQUEST FOR DIRECTION TO JURY REGARDING USE OF INTERNET ON DEVICES IN EVIDENCE DURING DELIBERATIONS** |

1   Early in the trial, the Court made the following suggestion for jury deliberations: "The
2   jurors will have all of these phones in the jury room. Why don't we let them just play with them?"
3   (Trial Tr. 1274:13-15.)
4   On Friday, Counsel for Samsung identified a risk inherent in the jury's use of the accused
5   Samsung products: "There's some design around activity that happens with over-the-air updates, so
6   you don't want that to get in the phones." (Trial Tr. 3557:15-17.) Apple agrees that this is a risk,
7   and urges the Court to provide the jurors with the information they need to avoid inadvertently
8   updating the products and potentially downloading to the devices certain design-arounds precluded
9   from evidence by Judge Grewal. *See* Dkt. No. 898 at 9; *see also* Dkt. No. 1545 at 5.
10   The accused Samsung products in evidence are capable of accessing the Internet. Some
11   devices have active mobile data connections and will automatically connect to the Internet when
12   powered on. Others can connect to the Internet through the Court's Wi-Fi network. Jurors will
13   need Internet access to use the Web Browser application on the accused Samsung products during
14   their deliberations. This is important because many of the examples of utility patent infringement
15   provided by Apple were demonstrated on web pages viewed in the Web Browser application.
16   Both parties are aware of these issues and previously requested during their respective
17   inspections of each other's physical devices that the inspecting party avoid installing updates.
18   Because the jury is not as familiar as the parties with these issues, Apple proposes that the Court
19   provide the Device Handling Directions, attached as Exhibit 1, to the jury. It provides clear
20   directions on how to connect to the Court's Wi-Fi network correctly and directs the jury **not** to
21   accept any software updates.
22   Despite being focused on the exact concern raised by counsel for Samsung, Samsung
23   opposes this request.

24   Dated: August 19, 2012                    MORRISON & FOERSTER LLP
25
26                                              By:  /s/ Michael A. Jacobs
                                                     Michael A. Jacobs
27
28