QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S OPPOSITION TO APPLE'S REQUEST FOR DIRECTION TO JURY REGARDING USE OF INTERNET ON DEVICES IN EVIDENCE DURING DELIBERATIONS** |

02198.51855/4917825.1

Case No. 11-cv-01846-LHK
SAMSUNG'S OPPOSITION TO APPLE'S REQUEST FOR DIRECTION TO JURY REGARDING USE OF INTERNET ON DEVICES IN EVIDENCE DURING DELIBERATIONS

1    Apple's request to allow jurors to access the internet on devices in evidence during their
2 deliberations should be denied because there is a substantial risk that the admitted exhibits will be
3 unintentionally modified, resulting in risk of juror error.   The parties had the opportunity to put
4 their evidence in the record and to object to the evidence coming into the record.   That carefully
5 controlled procedure should not be jeopardized by now allowing the jurors to access the internet
6 on the devices in evidence and potentially download electronic updates that change the devices
7 that were admitted as joint exhibits.

8    Denying Apple's request would be consistent with the emphasis throughout this case on
9 ensuring that the exhibits are closely monitored, joint exhibits remain unchanged after being
10 admitted into evidence, and all parties know exactly what is being provided to the jury.   *Id.* at
11 1323:18-21 ("It's important to have both sides confirm that whatever is being shown to the
12 witness or the jury is the joint exhibit that both parties have stipulated to.")   The Court and the
13 parties have emphasized many times during these proceedings that it is critical to maintain the
14 integrity of admitted evidence.   *See e.g.* Trial Transcript at 1320:20-22 (Apple represented, "We
15 have done everything we can to preserve the integrity of the exhibits we've used in the case").
16 Indeed, when Samsung's counsel raised a concern about whether the home screen icons on a joint
17 exhibit reflected what the phone looked like immediately after purchase, Apple's counsel argued:
18 "We can't have a redo of the joint exhibits at this stage.   They're in evidence."   *Id.* at 1325:18-
19 20.   He further argued, "To now do a redo of this in the middle of trial would create the potential
20 for serious error."   *Id.* at 1326:2-4.   The Court stated that the parties had stipulated to the joint
21 exhibits, they needed to remain unchanged after being admitted into evidence, and requested that
22 Apple confirm it had not modified any of the joint exhibits.   *Id.* at 1324:21-1325:5, 1325:22-23,
23 1326:10-24.   Despite its prior statements, Apple now seeks to throw caution into the wind and
24 authorize the jurors to access the internet from the devices in evidence without any supervision or
25 involvement on the part of the attorneys or Court.   Apple's proposal flies in the face of its prior
26 position that devices must be left unchanged after they are admitted.   Apple's proposal would
27 dramatically increase the chance that the physical devices will be altered.
28

1    The risks of allowing the jury to access the internet are substantial. When these physical
2 devices are connected to the internet, as Apple requests, software updates may automatically be
3 sent and downloaded. The updates could noticeably change the functionality of the device. *Id.*
4 at 3557: 3-8. There is also design-around activity that occurs with over-the-air updates and a risk
5 it could be incorporated into the devices. *Id* at 3558:9-13. Instead of being given access to the
6 internet, the jurors should be provided the devices that are in evidence but prohibited from
7 accessing the internet. Under this approach, the jurors will still have the opportunity to turn on
8 the phones and use them during their deliberations. The jurors will also have all of the
9 information provided by the attorneys during the trial at their disposal. But there is no reason to
10 jeopardize the integrity of the proceeding by opening up the risk that a phone will be inadvertently
11 updated.

12   Although Apple proposes to give the jurors instructions about accessing the internet, its
13 proposal would not necessarily prevent accidental or automatic updates. The jurors do not have
14 experience with each of the devices in evidence and there is too great of a risk that they will
15 inadvertently not follow the instructions or mistakenly allow the devices to be updated. It would
16 be logistically impossible for the entire jury to hold the phone and respond to queries regarding
17 updating the phone. As a result, this work would likely fall to just one juror and there is no way
18 to know if that one juror will be familiar with operating the devices that have been admitted as
19 physical exhibits. Moreover, the parties will never know if the updates are installed because the
20 deliberations are secret. If any updates or patches are inadvertently installed by any of the jurors,
21 neither party will ever find out.

22   Apple had its opportunity to present its evidence to the jury and to display any aspects of
23 the phones that it believed were necessary to support its claims and defenses. The evidence is
24 closed and the risk that the jury will potentially be exposed to updates on the admitted devices
25 weighs dramatically against granting Apple's request. As a result, Apple's request should be
26 denied.

27
28

02198.51855/4917825.1

-2-   Case No. 11-cv-01846-LHK
SAMSUNG'S OPPOSITION TO APPLE'S REQUEST FOR DIRECTION TO JURY REGARDING USE OF
INTERNET ON DEVICES IN EVIDENCE DURING DELIBERATIONS

1  DATED: August 19, 2012         QUINN EMANUEL URQUHART &
2                                 SULLIVAN, LLP

3                                 By  */s/ Victoria F. Maroulis*
                                     Charles K. Verhoeven
4                                    Victoria F. Maroulis
                                     Kevin P.B. Johnson
5                                    Michael T. Zeller
                                     Attorneys for SAMSUNG ELECTRONICS
6                                    CO., LTD., SAMSUNG ELECTRONICS
                                     AMERICA, INC., and SAMSUNG
7                                    TELECOMMUNICATIONS AMERICA, LLC