HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
JENNIFER LEE TAYLOR (CA SBN 161368)
jtaylor@mofo.com
ALISON M. TUCHER (CA SBN 171363)
atucher@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
JASON R. BARTLETT (CA SBN 214530)
jasonbartlett@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK<br><br>**STATEMENT OF INSTRUCTIONS LIKELY TO BE SUBJECT OF APPLE'S HIGH PRIORITY OBJECTIONS** |

Pursuant to the Court's August 18, 2012 Order (Dkt. No. 1828) and the Court's August 19, 2012 Order (Dkt. No. 1838), Apple submits the following statement of the instructions that will likely be the subject of Apple's high priority objections.

- <u>Tentative Proposed Instruction No. 14</u>. Apple is likely to object to this instruction because Samsung should be barred by prosecution history estoppel from asserting the doctrine of equivalents for claim 1 of Samsung's '460 patent.

- <u>Tentative Proposed Instruction No. 15.1</u>. Apple is likely to object to the Court's inclusion of language regarding the ordering of steps in claim 1 of Samsung's '460 patent.

- <u>Tentative Proposed Instruction No. 29</u>. Apple is likely to object to the Court's inclusion of language relating to a lump-sum royalty, as well as its inclusion of language that the entire value of an accused product may be utilized as the royalty base even where the accused feature is not the reason for customer demand by utilizing a lower royalty rate.

- <u>Tentative Proposed Instruction No. 34.1</u>. Apple is likely to object to this instruction to the extent it suggests that deception or confusion is required to prove design patent infringement.

- <u>Tentative Proposed Instruction No. 40</u>. Apple is likely to object to the statement in this instruction that Apple must elect between the pursuit of compensatory damages or Samsung's profits for design patent infringement, and to request clarifying language that applies the limitation with respect to each sale as opposed to Apple's overall remedies.

- <u>Tentative Proposed Instruction No. 48</u>. Apple is likely to object to the portions of the instruction that suggest consumers should consider only non-functional aspects of a trade dress rather than the trade dress taken as a whole.

- <u>Tentative Proposed Instruction No. 57</u>. Apple is likely to object to the language in this instruction suggesting that trade dress infringement is assessed at the point of purchase, and to the failure of this instruction expressly to allow post-sale and initial interest confusion.

- <u>Tentative Proposed Instruction No. 65</u>. Apple is likely to object to this instruction to the extent that it does not include a statement of Apple's claim with respect to the relevant geographic market and Samsung's failure to introduce any evidence in the record, and to the extent that it does not adequately define the "practical test" for the relevant technology market.

Dated: August 19, 2012                    MORRISON & FOERSTER LLP


                                          By:    /s/ Michael A. Jacobs
                                                 Michael A. Jacobs

                                          Attorneys for Plaintiff
                                          APPLE INC.