UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California corporation, | Case No.: 11-CV-01846-LHK |
| Plaintiff and Counterdefendant, | |
| v. | TENTATIVE FINAL JURY INSTRUCTIONS – PART V |
| SAMSUNG ELECTRONICS CO., LTD., A Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | (TRADE DRESS DAMAGES AND ADVERSE INFERENCE INSTRUCTIONS) |
| Defendants and Counterclaimants. | |

Attached as Exhibit E are the tentative trade dress damages and adverse inference final jury instructions. This is the final installment. The Court does not intend to file any further jury instructions. The Court will issue its orders on the parties' adverse inference motions shortly. The hearing will remain as set at noon on Monday, August 20, 2012. The agenda will be as follows: the Rule 50 motions, the verdict form, the exhibit list, patches and updates to accused products, and jury instructions. The parties will be allotted 1 hour each to argue high priority and other objections to jury instructions to preserve the record for appeal. Having reviewed the parties' one page statements, the Court believes that its liability instructions are unlikely to change. Instead, the Court believes that clarification from the parties regarding damages would be most useful.

**IT IS SO ORDERED.**

Dated: August 19, 2012

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

1

5:11-CV-01846-LHK
TENTATIVE FINAL JURY INSTRUCTIONS – PART V (TRADE DRESS DAMAGES INSTRUCTIONS)

# EXHIBIT E

**[DISPUTED] FINAL JURY INSTRUCTION NO. 5
SAMSUNG'S FAILURE TO PRESERVE EVIDENCE**

Samsung Electronics Company has failed to preserve evidence for Apple's use in this litigation after Samsung Electronics Company's duty to preserve arose.  Whether this fact is important to you in reaching a verdict in this case is for you to decide.

**Source**

*Apple Inc. v. Samsung Electronics Co.*, Ltd., No. 11-CV-01846-LHK, Order Re: Samsung's Motions for De Novo Determination of Dispositive Matter Referred to Magistrate Judge, or, in the Alternative, Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge, Dkt. No. 18__ (N.D. Cal., Aug. 19, 2012) (*forthcoming*).

### [DISPUTED] FINAL JURY INSTRUCTION NO. 5.1
### APPLE'S FAILURE TO PRESERVE EVIDENCE

Apple has failed to preserve evidence for Samsung's use in this litigation after Apple's duty to preserve arose. Whether this fact is important to you in reaching a verdict in this case is for you to decide.

**Source**

*Apple Inc. v. Samsung Electronics Co.*, Ltd., No. 11-CV-01846-LHK, Order Re: Samsung's Motions for De Novo Determination of Dispositive Matter Referred to Magistrate Judge, or, in the Alternative, Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge, Dkt. No. 18__ (N.D. Cal., Aug. 19, 2012) (*forthcoming*).

**[DISPUTED] FINAL JURY INSTRUCTION NO. 58**
**TRADE DRESS DAMAGES IN GENERAL**

If you find that Apple has proven by a preponderance of the evidence that Samsung Electronics Company, Samsung Electronics America, and/or Samsung Telecommunications America have diluted or infringed upon any of Apple's trade dresses, then there are two forms of monetary relief to which Apple may be entitled: Apple's actual damages or each Samsung entity's profits.

In determining the amount of money to award Apple for its trade dress claims, you must determine the date on which damages began to accrue. Damages for trade dress dilution and trade dress infringement of Apple's unregistered trade dresses started on the date that the diluting or infringing conduct of an unregistered Apple trade dress began. You may award Apple money damages for all violations that occurred on the date the products that diluted or infringed each unregistered Apple trade dress were released and any date after that. For Apple's registered trade dress claim, Apple has the burden of proving by a preponderance of the evidence that the Samsung entities had either statutory or actual notice that the plaintiff's trade dress was registered. You may award Apple money damages for all violations that occurred on the date of actual notice and any date after that.

You should not award Apple monetary relief for any of its dilution claims unless Apple proves by a preponderance of the evidence that Samsung's acts of dilution were willful. If you determine that Samsung's dilution was not willful, you do not need to assess monetary damages for that claim.

Proof of damages to a certainty is not required. However, the burden is on Apple to show any damages to a reasonable certainty, and awarded damages may not be speculative.

**Source/Authorities**

Apple's Proposed Instruction Number 58 (modified); Samsung's Proposed Instruction Number 58 (modified); 15 U.S.C. § 1111; 15 U.S.C. § 1117(a) ("When a violation of any right of the registrant of a mark registered in the Patent and Trademark Office, a violation under section 1125(a) or (d) of this title, or a willful violation under section 1125(c) of this title, shall have been established in any civil action arising under this chapter, the plaintiff shall be entitled, subject to the provisions of sections 1111 and 1114 of this title, and subject to the principles of equity, to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action."); *Coach, Inc. v. Asia Pac. Trading Co., Inc.,* 676 F. Supp. 2d 914, 924-9259 (C.D. Cal. 2009); *Lindy Pen Co. v. Bic Pen Corp.*, 982 F. 2d 1400, 1407 (9th Cir. 1993) (damages must be proved to a "reasonably certainty" and may not be "speculative"); Ninth Circuit Model 15.24.

**[DISPUTDED] FINAL JURY INSTRUCTION NO. 59
TRADE DRESS DAMAGES—PLAINTIFF'S ACTUAL DAMAGES
(15 U.S.C. § 1117(a))**

If you find for Apple on its trade dress infringement and dilution claims, you must determine Apple's actual damages. Apple has the burden of proving by a preponderance of the evidence the actual damages it has suffered. Damages means the amount of money which will reasonably and fairly compensate Apple for any injury you find was caused by any Samsung entity's infringement or dilution of Apple's registered or unregistered trade dresses.

You should consider the profits that Apple would have earned but for Samsung's infringement and/or dilution. Such lost profits are determined by deducting all expenses from gross revenue.

**Source**

Adapted from Ninth Circuit Model Civil Jury Instr. - 15.25 (2007 Ed.).

**Authorities**

15 U.S.C. § 1117(a); 15 U.S.C. § 1125; *Intel Corp. v. Terabyte Int'l, Inc.,* 6 F.3d 614, 620-21 (9th Cir. 1993) ("Damages are typically measured by any direct injury which a plaintiff can prove, as well as any lost profits which the plaintiff would have earned but for the infringement." *Id.* "[T]he purpose of section 1117 is to 'take all the economic incentive out of trademark infringement.'") (internal citations omitted); *Lindy Pen Co. v. Bic Pen Corp.*, 982 F.2d 1400, 1407 (9th Cir. 1993) (15 U.S.C. § 1117(a) further provides for an award, subject to equitable principles, of "any damages sustained by the plaintiff...." A plaintiff must prove both the fact and the amount of damage. 2 J. Thomas McCarthy, Trademarks and Unfair Competition § 30:27, at 511 (2d ed. 1984)").

# [DISPUTED] FINAL JURY INSTRUCTION NO. 60
# TRADE DRESS DAMAGES—DEFENDANT'S PROFITS
# (15 U.S.C. § 1117(a))

In addition to actual damages, Apple is entitled to any profits earned by the Samsung entities that are attributable to willful infringement or willful dilution, which the plaintiff proves by a preponderance of the evidence. You may not, however, include in any award of profits any amount that you took into account in determining actual damages.

Profit is determined by deducting all expenses from gross revenue.

Gross revenue is each of the Samsung entity's sales of products that infringed or diluted Apple's trade dresses. Apple has the burden of proving the gross revenues of each Samsung entity's sales of products that infringed or diluted Apple's trade dresses by a preponderance of the evidence.

Expenses are all operating, overhead, and production costs incurred in producing the gross revenue. Each Samsung entity has the burden of proving the expenses and the portion of the profit attributable to factors other than use of the infringed or diluted trade dress by a preponderance of the evidence.

Unless you find that the Samsung entities have proven that a portion of the profit from the sale of its products that infringed or diluted any Apple trade dress is attributable to factors other than use of the trade dress, you shall find that the total profit is attributable to the infringement or dilution.

**Source**

Adapted from Ninth Circuit Model Civil Jury Instr. - 15.26 (2007 Ed.).

**Authorities**

15 U.S.C. § 1117(a); *Jerry's Famous Deli, Inc. v. Papanicolaou*, 383 F.3d 998, 1004–05 (9th Cir. 2004); *Adray v. Adry-Mart, Inc.*, 76 F.3d 984, 989 (9th Cir. 1995) ("[T]he burden of any uncertainty in the amount of damages should be borne by the wrongdoer . . . ."); *Kamar Int'l, Inc. v. Russ Berrie & Co., Inc.*, 752 F.2d 1326, 1332 (9th Cir. 1984); *Maier Brewing Co. v. Fleischmann Distilling Corp.*, 390 F.2d 117, 124 (9th Cir. 1968); *Landes Mfg. Co. v. Chromodern Chair Co.*, No. CV 76-3540, 1978 U.S. Dist. LEXIS 15095, at *11 (C.D. Cal. Oct. 5, 1978).

# [DISPUTED] FINAL JURY INSTRUCTION NO. 61.3
# MONETARY REMEDIES—ONLY ONE RECOVERY PER ACCUSED SALE

You should award any remedy to which a party has proven it is entitled with respect to each sale of an accused smart phone or tablet, except that you should not award a party twice for the same sale of any accused smartphone or tablet.  This means that if you award infringer's profits under trade dress or design patent infringement for the sale of a certain number of accused smartphones or tablets, you may not also award reasonable royalties or lost profits for those same sales.  If you award reasonable royalties or lost profits for the sale of a certain number of accused smartphones or tablets, you may not award infringer's profits as to those accused smartphones or tablets.

You do not have to use the same theory to calculate damages for every sale, however.  For example, an award may be split between lost profits for some sales and a reasonable royalty for the remainder of sales of a product that infringes a patent and/or infringes or dilutes a trade dress.

For any sale where you measure damages by a reasonable royalty or apportioned lost profits, you may include royalty amounts or apportioned lost profits for each patent that you find valid and infringed by the sale.

**Authorities:**

*Catalina Lighting, Inc. v. Lamps Plus, Inc.*, 295 F.3d 1277, 1291-1292 (Fed. Cir. 2002) ("[W]hen both a design patent and a utility patent have been infringed [the plaintiff] … is entitled to damages for each infringement, but once it receives profits under § 289 for each sale, [the plaintiff] is not entitled to a further recovery from the same sale") (awarding infringer's profits instead of a reasonable royalty because the infringer's profits amount was greater than the reasonable royalty amount); *Aero Prods. Int'l, Inc. v. Intex Recreation Corp.*, 466 F.3d 1000, 1017-19 (Fed. Cir. 2006) ("Generally, the double recovery of damages is impermissible," holding that a plaintiff cannot recover damages from a defendant for patent infringement and trademark infringement if the damages were calculated from the sale of the same product by the same defendant); *Nintendo of Am., Inc. v. Dragon Pac. Int'l*, 40 F.3d 1007, 1010 (9th Cir. 1994) ("[R]ecovery of both plaintiff's lost profits and disgorgement of defendant's profits is generally considered a double recovery under the Lanham Act."); *State Indus., Inc. v. Mor-Flo Indus., Inc.*, 883 F.2d 1573, 1577 (Fed. Cir. 1989), cert. denied, 493 U.S. 1022, 110 S. Ct. 725, 107 L. Ed. 2d 744 (1990) ("the award may be split between lost profits as actual damages to the extent that they are proven and a reasonable royalty for the remainder."); *Minco Inc. v. Combustion Eng'g*, 95 F.3d 1109, 1119 (Fed. Cir. 1996) ("The Patent Act permits damages awards to encompass both lost profits and a reasonable royalty on that portion of an infringer's sales not included in the lost profit calculation.").