QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S MOTION TO ENFORCE COURT ORDER AND TO CORRECT THE ADMITTED EXHIBIT LIST** |

**Introduction**

In accordance with the Court's August 15, 2012 Order regarding video demonstratives on the admitted exhibit list, Samsung requests that the Court strike several videos currently listed on the list – PX 24.5-24.7, PX64, PX66A, PX66B, DX 751A and DX 2557. These are demonstrative videos created for purposes of this trial which show the operation of certain accused products, and videos created by an Apple expert for purposes of this case and then shown to survey respondents in connection with the expert's survey. Under the Court's Order, they should not be included on the admitted exhibit list or provided to the jury for deliberations.

**Statement of Facts**

On August 15, the Court ordered that "I'm going to strike all of [the demonstratives] from the exhibit list, all of them for both sides, because they're largely argument of the attorneys…." August 15, 2012 Trial Tr. at 2870:25-2817:7. The Court again emphasized this ruling later that day, stating that "I've decided I'm not going to let any demonstratives in, even videos, because we're going to get into all these disputes about the videos…so no videos, no demonstratives, period." *Id.* at 2949:25-2950:7; *see also* Dkt. No. 1775, August 15, 2012 Order Regarding Miscellaneous Issues ("The Court made the following rulings on the record at trial…[t]he Court struck all demonstratives from the admitted exhibit list.") However, the Court carved out an exception to this rule for videos that are "actually evidence" – such as the Fidler video discussed on the record as an example of this exception – as opposed to videos "created by attorneys in this case." August 15, 2012 Trial Tr. at 2950:12-24.

Apple has refused to abide by this Court's order and remove litigation videos from the admitted exhibit list. In addition, it has taken the position that two pieces of evidence have been disallowed by the Court as demonstratives. One of these is a contemporaneously made video presentation of a prior art system at a TED conference in 2006. This video clearly falls within the evidentiary video exception that the Court carved out. The other is an email that was depicted (accurately) on a PowerPoint slide and that was previously admitted, without objection by Apple.

**Argument**

**I.     All Litigation Videos Should Be Removed From the Admitted Exhibit List**

Apple has several litigation videos that it refuses to remove from the joint list. The first is PX 64, a video Apple used in connection with its examination of Dr. Balakrishnan which purports to show Samsung's infringement of the '381 patent. The video was created as a demonstrative for this trial, and, in fact, it contains annotations showing the claim language of the '381 patent. The other two videos are marked as PX 66A and PX 66B. They too are demonstrative videos created for purposes of this trial. Under the Court's August 15 Order, none of these three videos should appear on the final admitted exhibit list. Samsung accordingly requests that the Court strike them.

Samsung also requests that the Court strike PX 24.5 through PX 24.7. These slides contain videos prepared for this litigation by Apple expert Kent Van Liere. Mr. Van Liere showed these videos to the respondents in the survey he conducted on behalf of Apple in this case to supply an opinion regarding purported consumer confusion. These videos are not evidence. They were created at the direction of an expert retained by Apple for purposes of this litigation, and they should accordingly be stricken from the exhibit list.

Applying the same rule to Samsung's own exhibits, Samsung agrees that DX 751A and DX 2557 may also be removed from the admitted exhibit list.[1]

**II.    The January 6, 2010 Jinsoo Kim Email and 2006 Han TED Presentation Video Should Be Added to the Admitted Exhibit List**

Samsung also moves to modify the admitted exhibit list to include certain ***non-***demonstrative exhibits that contain only evidence. In particular, Apple has refused to recognize

---

[1]    However, if the Court permits Apple to keep its demonstrative videos on the admitted exhibit list, Samsung requests that the above-listed videos remain on the list and that the following exhibits be added to the list: SDX 3918.103, 3918.104, 3918.105, 3918.106 (videos demonstrating "hold still" behavior of accused produced), SDX 3952.101, 3952.102 (videos of Fractal Zoom and TableCloth running on DiamondTouch Table), and SDX 3967.006, 3967.012, 3967.015, 3967.025, 3967.028 and 3967.043 (videos demonstrating infringement of the '460, '893 and '711 patents by the iPhone and iPad).

the Court's admission of SDX 3973.009-.010.   SDX 3973.009-.010 is a January 6, 2010 email to Jinsoo Kim with an early drawing and specifications for a 10.1-inch tablet on a slide with the heading "January 6, 2010 Email re: P3."   (Hutnyan Decl., Exhs. A, B.)   This document is highly probative because it shows Samsung was working on the Galaxy Tab 10.1 well before Apple announced the iPad, on January 27, 2010 and began selling the iPad in the United States on April 3, 2010.   SDX 3973.009-.010 accurately reproduces SAMNDCA10097468-69 and its translation, was authenticated and discussed by Jinsoo Kim on the stand, and the Korean language original was admitted without objection by Apple (August 15, 2012 Trial Tr. at 2803:12-2804:25), as was the English translation (*Id.* at 2820:13-24).

Apple does not contend that the document is now inadmissible; indeed, it cannot. Nor is it concerned with the heading, although Samsung is agreeable to removing the heading.   Instead, Apple now refuses to respect the Court's prior ruling admitting this email merely because it appears on a PowerPoint slide and is branded with an "SDX" number.   Apple waived all objections to admission of this email long ago, and Samsung respectfully requests that Apple's last-minute attempt to exclude this relevant evidence be denied.

Samsung also requests that the Court permit Samsung to include DX 556 on the admitted exhibit list.   DX 556 is a video of a 2006 demonstration by Jefferson Han of a device with a large-scale multi-touch user interface that Mr. Han created.   On August 15, 2012, during Dr. Stephen Gray's testimony, Samsung played for the jury a short portion of Mr. Han's 2006 demonstration after Dr. Gray described Mr. Han's background and his multi-touch device. August 15, 2012 Trial Tr. at 2908:11-25.   Dr. Gray then explained that the device displayed in the Han video performed the elements of Claim 9 of the '915 patent.   *Id.* at 2909:14-2910:5.

Because this video is evidence and not created for purposes of this litigation, having been filmed in 2006, it falls within the carve-out for videos that are "actually evidence" that the Court articulated.   *Id.* at 2949:25-2950:8.   The video is a contemporaneous demonstration of Mr. Han's multi-touch device and there is no reason to exclude it—Samsung has laid proper foundation and the exhibit contains information plainly relevant to Apple's claims regarding the

'915 patent. Accordingly, Samsung requests that the Court permit Samsung to add DX 556 to the admitted exhibit list.

### Conclusion

For the foregoing reasons, Samsung respectfully requests that the Court strike PX 24.5, PX 24.6, PX 24.7, PX 64, PX 66A and PX 66B from the admitted exhibit list, and along with them, DX 751A and DX 2557. Samsung also requests that SDX 3973.009-.010 and DX 556 be added to the admitted exhibit list and be provided to the jury for deliberations.

DATED: August 19, 2012

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Victoria F. Maroulis*
Charles K. Verhoeven
Victoria F. Maroulis
Kevin P.B. Johnson
Michael T. Zeller
Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC