# EXHIBIT A

PROPOSED FINAL JURY INSTRUCTION NO. 39
DESIGN PATENTS—INVALIDITY—LACK OF ORNAMENTALITY

**Samsung's Proposed Instruction**

Design patents protect the ornamental appearance of an article of manufacture, not the functionality of the article. You'll remember that when you determine infringement, you have to ignore any features that are functional and compare only the ornamental features. When determining invalidity, you have to decide if the design as a whole is functional rather than ornamental. In determining whether the overall design is functional, the functionality of each of the various elements that comprise the patented design may be relevant.  You should consider the following criteria in deciding whether any of the designs in Apple's patents are functional, and are therefore ineligible for design patent protection:

> 1. Whether the design in the patent represents the best design
>
> 2. Whether alternative designs would adversely affect the usefulness of the article
>
> 3. Whether there are any utility patents related to the same article
>
> 4. Whether there is any advertising touting particular features of the design as having specific usefulness
>
> 5. Whether there are any elements in the design that are purely ornamental
>
> 6. Whether the design elements affect the cost or quality of the article

Samsung must prove that the D'667, D'087, D'035 or D'889 design patent claims are functional by clear and convincing evidence.

**Source**
35 U.S.C. §171 (a design patent may be granted for any "new, original and ornamental design for an article of manufacture."); *PGH Technologies, LLC v. St. John Co., Inc.*, 469 F.3d 1361, 1366 (Fed. Cir. 2006) ("Our cases reveal a 'list of ... considerations for assessing whether the patented design as a whole—its overall appearance—was dictated by functional considerations,' including: whether the protected design represents the best design; whether alternative designs would adversely affect the utility of the specified article; whether there are any concomitant utility patents; whether the advertising touts particular features of the design as having specific utility; and whether there are any elements in the design or an overall appearance clearly not dictated by function." (quoting *Berry Sterling Corp. v. Pescor Plastics, Inc.*, 122 F.3d 1452, 1456 (Fed. Cir. 1997)); *id.* at 1367 ("Our case law makes clear that a full inquiry with respect to alleged alternative designs includes a determination as to whether the alleged 'alternative designs would adversely affect the utility of the specified article,' such that they are not truly 'alternatives' within the meaning of our case law."); *Richardson v. Stanley Works, Inc.*, 597 F.3d 1288 (Fed. Cir. 2010); *Five Star Manufacturing, Inc. v. Ramp Lite Manufacturing, Inc.,* 4 Fed.Appx. 922, 2001 WL 120070 (Fed. Cir. Feb, 12, 2001) ("The design of a utilitarian article is

deemed to be functional when the appearance of the claimed design is dictated by the use or purpose of the article. *L.A. Gear, Inc. v. Thom McAn Shoe Co.*, 988 F.2d 1117, 1123, 25 USPQ2d 1913, 1917 (Fed.Cir.1993). While the functionality of each of the various elements that comprise the patented design may be relevant, the ultimate question is whether the claimed design, viewed in its entirety, is dictated by the utilitarian purpose of the article. *Id.; see also Power Controls Corp. v. Hybrinetics, Inc.*, 806 F.2d 234, 239, 231 USPQ 774, 777-78 (Fed.Cir.1986) (finding that testimony from an inventor as to the functionality of each feature of a patented design is evidence of the functionality of the patented design)."); *Amini Innovation Corp. v. Anthony Cal. Inc.*, 439 F.3d 1365, 1371 (Fed. Cir. 2006) (a design "aspect is functional 'if it is essential to the use or purpose of the article or if it affects the cost or quality of the article.'").