# EXHIBIT B

**[DISPUTED] FINAL JURY INSTRUCTION NO. 32
DESIGN PATENTS—INTERPRETATION OF PATENT CLAIMS**

Before you decide whether Samsung Electronics Company, Samsung Electronics America, and/or Samsung Telecommunications America have infringed one or more of Apple's asserted design patents, or whether the design patents are invalid, you will have to understand the design patent claims.

Unlike utility patents, a design patent can only have one claim. That claim covers all the figures in the patent. It is permissible to illustrate more than one embodiment of a design in a single design patent application. Each design patent contains multiple drawings to illustrate the claimed design. The scope of the claim encompasses the design's visual appearance as a whole. It does not cover a general design concept, and is not limited to isolated features of the drawings. All matter depicted in solid lines contributes to the overall appearance of the design.

It is my job as a judge to interpret for you what is claimed by the patents. You must accept my interpretations as correct. My interpretations should not be taken as an indication that I have an opinion one way or another regarding the issues of infringement and invalidity. The decisions regarding infringement and invalidity are yours to make. When considering the design patents, you should view certain features in the drawings in this way:

**• D'677 Patent**

The D'677 Patent claims the ornamental design of an electronic device as shown in Figures 1-8. The broken lines in the D'677 Patent constitute unclaimed subject matter. The use of "solid black surface shading" on the D'677 Patent represents the color black. The use of oblique line shading on the D'677 Patent is used to show a transparent, translucent, or highly polished or reflective surface.

**• D'087 Patent**

The D'087 Patent claims the ornamental design of an electronic device as shown in Figures 1-48. The broken lines in the D'087 Patent constitute unclaimed subject matter. Thus, the D'087 Patent claims the front face, a "bezel encircling the front face of the patented design [that] extends from the front of the phone to its sides," and a flat contour of the front face, but does not claim the rest of the article of manufacture.

**• D'889 Patent**

The D'889 Patent claims the ornamental design of an electronic device as shown in Figures 1-9. The broken lines depicting the human figure in Figure 9 do not form a part of the claimed design. The other broken lines in the other figures are part of the claimed design. The D'889 also includes oblique line shading on several of the figures. The oblique line shading in Figures 1-3 and Figure 9 depicts a transparent, translucent, or highly polished or reflective surface from the top perspective view of the claimed design, the top view of the claimed design, and the bottom perspective view of the claimed design.

### • D'305 Patent

The D'305 Patent claims the ornamental design for a graphical user interface for a display screen or portion thereof, as shown in Figures 1-2. The broken line showing of a display screen in both views forms no part of the claimed design.

Additionally, design patents can only protect ornamental designs, not functional features. I have identified several functional elements that are not protected in the following patents. When you conduct your infringement analysis, you must ignore these features. You may find that additional features are also functional, but at a minimum, you must assume that the following design elements are functional for the D'677, D'087, and D'889 patents:

1. A rectangular display screen;
2. A relatively large display screen; and
3. A clear, unadorned cover over the display screen.

Having a speaker in the upper portion of the device is an additional functional feature for D'677 and D'087.

**Source**
Adapted from N.D. Cal. Model Patent Jury Instr. B.2.1; The Intellectual Property Owners Ass'n Model Design Patent Jury Instr. 5, 7.2; Samsung's Proposed Instruction 32; Apple's Proposed Instruction 32.