# EXHIBIT C

**PROPOSED FINAL JURY INSTRUCTION NO. 44.4**
**DESIGN PATENT DIRECT INFRINGEMENT—ORNAMENTAL VERSUS**
**FUNCTIONAL FEATURES**

**Samsung's Proposed Instruction**

Design patents do not protect the functional aspects of a design, only the ornamental aspects. Thus, to determine infringement under the ordinary observer test as I have instructed you on previously, you must consider only the ornamental design features of the design patents. You must not consider functional elements for purposes of comparing a design patent to an accused device in deciding infringement. A feature is functional if the feature is essential to the use or purpose of the article. A design feature also is functional if it affects the cost or quality of the article.

When there are several ways to achieve the function of an article of manufacture, the design of the article is more likely to serve a primarily ornamental purpose. A full inquiry with respect to alleged alternative designs, however, must include a determination as to whether the alleged alternative designs would adversely affect the utility of the specified article, such that they are not truly "alternatives". In other words, even if a feature of the article can be designed in a different way, it is not a legitimate alternative design under the law if it lowers the quality or utility of the article.

If you determine that any of the design patents includes functional features, you cannot find infringement unless Apple proves by a preponderance of the evidence that the ordinary observer would be deceived by reason of the common features in the claimed and accused designs that are ornamental. The similarity cannot be a result of any functional features.

I have already determined that the following features are functional for the D'677, D'087, and D'889 patents:

1. A rectangular display screen;
2. A relatively large display screen; and
3. A clear, unadorned cover over the display screen.

Having a speaker in the upper portion of the device is an additional functional feature for D'677 and D'087

You must not consider these functional elements when comparing the design patent to an accused device in deciding infringement. You may determine that additional features are also functional, including for the D'305 patent. Apple must prove by a preponderance of the evidence that the ordinary observer would be deceived by reason of the remaining features in the claimed design that are ornamental. The similarity cannot be a result of any functional features.

**Source**
*Read Corp. v. Portec, Inc.*, 970 F.2d 816, 825-26 (Fed. Cir. 1992) ("[Where] a design is

composed of functional as well as ornamental features, to prove infringement a patent owner must establish that an ordinary person would be deceived by reason of the common features in the claimed and accused designs which are ornamental."); *OddzOn Prods., Inc. v. Just Toys, Inc.*, 122 F.3d 1396, 1405 (Fed. Cir. 1997); *Richardson v. Stanley Works, Inc.*, 597 F.3d 1288, 1293-94 (Fed. Cir. 2010); *id*. at 1296 ("We also agree that, ignoring the functional elements of the tools, the two designs are indeed different."); *Amini Innovation Corp. v. Anthony Cal. Inc.*, 439 F.3d 1365, 1371-72 (Fed. Cir. 2006) ("An aspect is functional 'if it is essential to the use or purpose of the article or if it affects the cost or quality of the article.'"); *PHG Tech., Inc. v. St. John Co., Inc.*, 469 F.3d 1361, 1366 (Fed Cir. 2006) ("When there are several ways to achieve the function of an article of manufacture, the design of the article is more likely to serve a primarily ornamental purpose.  [citation].  Our case law makes clear that a full inquiry with respect to alleged alternative designs includes a determination as to whether the alleged 'alternative designs would adversely affect the utility of the specified article,' such that they are not truly 'alternatives' within the meaning of our case law."); *Berry Sterling Corp. v. Pescor Plastics, Inc.*, 122 F.3d 1452, 1456 (Fed Cir. 1997).

**Samsung's Statement in Support**
This instruction is based on clear Federal Circuit law that functional features cannot be protected by a design patent. *See Richardson v. Stanley Works, Inc.*, 597 F.3d 1288, 1293 (Fed. Cir. 2010) ("[W]e have made clear that a design patent, unlike a utility patent, limits protection to the ornamental design of the article."). It properly informs the jury that they may not consider the similarity of functional features in the infringement analysis and that Apple bears the burden to prove that the ordinary observer would be deceived by similarities in their ornamental features alone, excluding the functional features. *OddzOn Products, Inc. v. Just Toys, Inc.*, 122 F.3d 1396, 1405 (Fed. Cir. 1997) ("The patentee 'must establish that an ordinary person would be deceived by reason of the common features in the claimed and accused designs which are ornamental.'") (quoting *Read Corp. v. Portec, Inc.*, 970 F.2d 816, 825 (Fed. Cir. 1992).) The instruction is presented as a pair of alternatives depending on whether the Court determines which elements are functional or asks the jury to do so. In either case, the Court should instruct the jury on the significance of a feature or features being deemed functional because that determination affects the entire infringement analysis. In the event the Court asks the jury to determine which features are functional for the infringement analysis, the second alternate instruction includes Federal Circuit language giving the guidelines for determining functionality. *See, e.g.*, *Amini Innovation Corp. v. Anthony Cal. Inc.*, 439 F.3d 1365, 1371-72 (Fed. Cir. 2006) ("An aspect is functional if it is essential to the use or purpose of the article or if it affects the cost or quality of the article.") (quotation marks omitted); *PHG Tech., Inc. v. St. John Co., Inc.*, 469 F.3d 1361, 1366 (Fed Cir. 2006) ("When there are several ways to achieve the function of an article of manufacture, the design of the article is more likely to serve a primarily ornamental purpose.  [citation].  Our case law makes clear that a full inquiry with respect to alleged alternative designs includes a determination as to whether the alleged 'alternative designs would adversely affect the utility of the specified article,' such that they are not truly 'alternatives' within the meaning of our case law.").