# EXHIBIT D

**Samsung's Proposed Modifications to the Court's Tentative Final Jury Instruction No. 51**

A product feature is functional if it is essential to the product's use or purpose, or if it affects the product's cost or quality.  <span style="color:red">A feature is also functional if it is part of the actual benefit that consumers wish to purchase when they buy the product.</span>  However, if the feature serves no purpose other than as an assurance that a particular entity made, sponsored or endorsed the product, it is non-functional.  A product feature is also non-functional if its shape or form makes no contribution to the product's function or operation.

To determine whether a product's particular shape or form is functional, you should consider whether the design as a whole is functional, that is whether the whole collection of elements making up the design or form are essential to the product's use or purpose.

<span style="color:red">[*Samsung does not believe that it is necessary or appropriate under* TrafFix, 532 U.S. 23 (2001), *to instruct on the* Disc Golf *factors but, if the Court chooses to do so, Samsung believes that the modified language below is consistent with Ninth Circuit precedent*]</span>

You ~~should assess~~<span style="color:red">may consider</span> the following factors in deciding if the product feature is functional or non-functional:

> 1. The Design's Utilitarian Advantage.  In considering this factor, you may examine whether the particular design or product feature yield a utilitarian advantage over how the product might be without that particular design or product feature.  If there is a utilitarian advantage from having the particular design or feature, this would weigh in favor of finding the design or feature is functional; if it seems merely ornamental, incidental, or arbitrary it is more likely to be nonfunctional;

> 2. Availability of Alternate Designs.  In considering this factor, you may examine whether an alternate design could have been used, so that competition in the market for that type of product would not be hindered by allowing only one person to exclusively use the particular design or configuration.  For this to be answered in the affirmative, the alternatives must be more than merely theoretical or speculative.  They must be commercially feasible.  The unavailability of a sufficient number of alternate designs weighs in favor of finding the design or feature is functional;

> 3. Advertising Utilitarian Advantage in the Design.  In considering this factor, you may examine whether the particular design or configuration has been touted in any advertising as a utilitarian advantage, explicitly or implicitly.  If a seller advertises the utilitarian advantages of a particular feature or design, this weighs in favor of finding that design or feature is functional; and

> 4. The Design's Method of Manufacture.  In considering this factor, you may examine whether the particular design or feature result from a relatively simple or

inexpensive method of manufacture. If the design or feature is a result of a particularly economical production method, this weighs in favor of finding the design or feature is functional; if the feature is essential to the use or purpose of the device or affects its cost or quality, it is more likely functional.

If~~, after considering these factors,~~ you find that the preponderance of the evidence shows that the trade dress is essential to the product's use or purpose, or that it affects the product's cost or quality, then you must find the trade dress functional and thus unprotectable.

~~Alternatively~~In addition, if you find that the preponderance of the evidence shows that limiting Apple's competitors' use of the feature would impose a significant non-reputation-related competitive disadvantage, then you must find the trade dress functional and thus unprotectable. However, the fact that the feature contributes to consumer appeal and saleability of the product does not <u>necessarily</u> mean that the trade dress is ~~necessarily~~ functional.

Apple has the burden of proving by a preponderance of the evidence that its unregistered trade dresses are non-functional. Samsung has the burden of proving by a preponderance of the evidence that Apple's registered iPhone trade dress is functional.