HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RACHEL KREVANS
rkrevans@mofo.com
JENNIFER LEE TAYLOR (CA SBN 161368)
jtaylor@mofo.com
ALISON M. TUCHER (CA SBN 171363)
atucher@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
JASON R. BARTLETT (CA SBN 214530)
jasonbartlett@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK (PSG)<br><br>**APPLE'S STATEMENT AND RESPONSE REGARDING INFORMATION FOR DAMAGES INSTRUCTIONS**<br><br>Date:  August 20, 2012<br>Time:  12:00 p.m.<br>Place:  Courtroom 1, 5th Floor<br>Judge:  Hon. Lucy H. Koh |

**STATEMENT AND RESPONSE**

Apple respectfully submits this statement in response to the Court's Order Regarding Information for Damages Instructions dated August 19, 2012. (Dkt. No. 1851.)

Per the Court's request, Apple provides as <u>Exhibit A</u> hereto a chart indicating which types of damages (lost profits, reasonable royalties, or defendant's profits) Apple has sought for each intellectual property asset that has been asserted against Samsung. Apple has not included "reasonable royalty" under trade dress based on the tentative instructions provided by the Court last evening, but reserves its right to seek this remedy based on Apple's objection to the failure to include this instruction, which will be made during the charging conference.

Per the Court's request, Apple provides as <u>Exhibit B</u> hereto a color-coded chart with annotations intended to prevent the jury from improperly double-counting with respect to remedies. Apple provides this chart subject to the comments and objections discussed below.

Apple has already carefully tailored its damages summary (PX25A1 attached as <u>Exhibit C</u> <u>hereto</u>) to permit the calculation of damages without double counting. Pages 4 and 5 of PX25A1 separately state the amounts that Apple is seeking in lost profits, Samsung's profits, and reasonable royalties for each accused product. Apple has also already provided a separate chart identifying the specific assets being asserted against each accused smartphone and tablet, both as page 3 of PX25A1 and in a separate submission after the close of evidence. (Dkt. No. 1823-1.) The calculations in PX25A1 were prepared in a manner to assure that no double counting occurred. (*See, e.g.*, Tr. at 2048-52 (Musika) & PDX36B.64 & 65, attached as <u>Exhibit D</u> hereto.) Moreover, the last page of PX25A1 provides per unit reasonable royalty amounts as determined by Mr. Musika. (Exhibit C at 16.) This information, when combined with Mr. Musika's calculation of Samsung's profit as 35.5% of revenue (Exhibit D at 2060) or Mr. Wagner's calculation of Samsung's profit as 12% of revenue (<u>Exhibit E</u> hereto, Tr. at 3065), together with Samsung's unit and revenue numbers in Joint Exhibit 1500 (<u>Exhibit F</u>), permit the jury to calculate Samsung's profits or reasonable royalties for a variety of circumstances. These already admitted exhibits are a vital part of the answer to the Court's questions. Notably, the materials in PX25A1 are presently substantially less detailed than they would have been due to the parties'

1    stipulation concerning damages documents and the related waiver of post-verdict challenges
2    based on the sufficiency of the evidence.  (Dkt. No. 1597.)
3            As Apple has already indicated in connection with its high priority objections to the
4    Court's final jury instructions, damages must be evaluated at the level of the individual unit sale
5    of the accused product.  *See, e.g.*, *Catalina Lighting, Inc. v. Lamps Plus, Inc.*, 295 F.3d 1277,
6    1291 (Fed. Cir. 2002).  While Apple cannot recover more than once with respect to any individual
7    sale, Apple is entitled to seek alternative remedies for Samsung's infringing conduct.  *See, e.g.,*
8    *Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1549 & 1554 (Fed Cir. 1995).  This idea is itself
9    incorporated into the Northern District's Patent Model Jury Instructions.  *See* N.D. Cal. Model
10   Patent Jury Instruction No. B.5.2.
11           Accounting for remedies at the level of the individual product sale is all that is required
12   under 35 U.S.C. § 289 and *Catalina Lighting*.  Thus, Apple objects to any requirement that it
13   "elect" between lost profits, Samsung's profits, or reasonable royalties with respect to either
14   specific assets or specific products.  Such an election of remedies between 35 U.S.C. § 284 and
15   35 U.S.C. § 289 deprives Apple of the opportunity to recover the full scope of its remedies for its
16   other intellectual property and is highly likely to leave Apple without compensation for many
17   infringing units.
18           If the Court nevertheless requires Apple, over its objection, to make an "election" under
19   which it may seek only one form of remedy per accused product or IP asset,  Apple will "elect" to
20   recover Samsung's profits for all products for which that remedy is available.  In practice, this
21   means all items in the blue or green columns on Exhibit B to this submission will be subject to
22   only a single finding of infringement or dilution by the jury, even though other remedies are
23   presented in the alternative and would not result in impermissible double-counting.
24
25
26
27
28

| | | |
|---|---|---|
| 1 | Dated: August 20, 2012 | MORRISON & FOERSTER LLP |
| 2 | | |
| 3 | | By:   /s/ *Michael A. Jacobs* |
| 4 | |       Michael A. Jacobs |
| 5 | | Attorneys for Plaintiff<br>APPLE INC. |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28