HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
JENNIFER LEE TAYLOR (CA SBN 161368)
jtaylor@mofo.com
ALISON M. TUCHER (CA SBN 171363)
atucher@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
JASON R. BARTLETT (CA SBN 214530)
jasonbartlett@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>            Plaintiff,<br><br>      v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>            Defendants. | Case No. 11-cv-01846-LHK<br><br>**APPLE'S MOTION REGARDING CLOSING ARGUMENT** |

1   Apple requests that the Court instruct Samsung in advance of closing arguments that it

2   may not argue based on excluded evidence or cross other boundaries in violation of pre-trial or

3   trial rulings.  As the Court noted, during opening statements Samsung "crossed the line" on the

4   Sony issue.  Apple requests that the Court address problematic areas now to ensure that closing

5   arguments will be orderly and free of objections to the maximum possible extent.

6   **1.   "Sony-style Phone" Evidence and Argument Is Limited to Functionality.**

7   Samsung is precluded from relying on its "Sony-style phone" evidence and argument "to

8   rebut Apple's creation theory of the iPhone, to rebut allegations of copying and willfulness and to

9   establish that the industry was moving towards the iPhone design concept."  (Dkt. No. 1749 at 7;

10   Dkt. No. 1553 at 4.)  Despite these limits, the Court noted that Samsung "crossed the line" in

11   opening statement (Tr. at 455:2-11) by arguing that Apple was "inspired by" Sony.  Any

12   argument about the alleged Sony-style model or the Howarth email (DX562) should be strictly

13   limited to the functionality benefits mentioned in the email.  Claims that Apple copied, was

14   "inspired by," or imitated Sony in any way are irrelevant to functionality and can serve only

15   improper purposes, and Samsung should be instructed not to advance such arguments.

16   **2.   F700 Evidence and Argument Is Limited to Alternative Design and
17         Functionality.**

18   Samsung is precluded from relying on the F700 and other internal Samsung designs pre-

19   dating the iPhone to support its theory of invalidity, non-infringement, "independent

20   development," or copying, or to rebut Apple's claim of willful infringement.  (Dkt. No. 1456 at 2

21   (sustaining objection to Samsung opening slides) Dkt. No. 1690 at 8-9 (excluding testimony from

22   F700 designer H.S. Park).  The Court admitted limited evidence of the F700 and related internal

23   designs, including an alleged timeline purporting to show that Samsung created the designs

24   before the iPhone.  (*See* DX562.)  Samsung is precluded, however, from relying on that evidence

25   or similar evidence to support a theory of independent development.  Samsung should be

26   instructed not to use the F700 for such purposes in closing.

27   Apple's closing may note that Samsung failed to call Minhyouk Lee or other industrial

28   designers of the accused devices.  Doing so will not "open the door" to Samsung's independent

development arguments.  Samsung has produced no evidence that the accused devices were based on the F700 or any other "independently developed" design.  The evidence is to the contrary.  (*See* Dkt. No. 1690 at 9 (citing testimony from designer of F700 that she was unaware of any Samsung phone having been based on it); *see also* Dkt. No. 1647 at 3 (citing testimony from Minhyouk Lee that the Galaxy S design was independent and not influenced by the F700.)

### 3.  035 Model Evidence and Argument Is Limited to Impeachment.

In opening, Samsung invited the jury to compare the 035 model to the accused Galaxy Tab 10.1 and conclude based on that comparison that Samsung did not infringe.  (Tr. at 412:7-13 ("I submit the evidence will show that an ordinary observer can tell the difference between the 035 model and this much different accused tablet.")  The Court has found that the 035 model is not admissible for purposes of proving non-infringement and invalidity, however, because it was not timely identified in interrogatories.  (Dkt. No. 1519 at 2:21-22 ("Judge Grewal's order excluded the 035 prototype to establish invalidity of the D'677 patent because the theory of invalidity was not timely disclosed."); Tr. at 1218:12-1223:2 (theory of non-infringement based on 035 model not proper because "it hasn't been timely disclosed in an expert report, or in a contention interrogatory, it should not – and it's improper to raise it now.  It's untimely.").)[1]  Thus, the 035 model can be used, if at all, only for impeachment.  (Dkt. No. 1519 at 2.)  The model is not impeaching of any testimony, however, so there is no justification for Samsung to refer to the model in closing argument.

### 4.  Lack of Confusion Evidence and Argument Is Limited to Tablets.

The Court has repeatedly held that actual confusion is not a requirement of trademark dilution nor is it required for design patent infringement.  Most recently in excluding deposition testimony of Gregory Joswiak, an Apple marketing executive, regarding whether consumers had confused the iPhone and the accused Samsung phones, the Court held:

---

[1] The Court also found that the 035 model is irrelevant to infringement of the D'889 Patent.  The Examiner excluded the photographs of the prototype from the prosecution history by cancelling the "statement regarding the appendix" which included the photographs of the 035 model.  "Thus, the photographs do not otherwise change the scope of the D'889 Patent, as the drawings in the D'889 Patent establish the claimed design."  (Dkt. No. 1171 at 6.)

1

> Absence of consumer confusion is not relevant to trade dress dilution, which merely requires consumer association. Samsung argues that Joswiak's testimony that consumers do not confuse Apple and Samsung phones is relevant to design patent infringement. Consumer confusion is not required to establish design patent infringement. Instead, design patent infringement is established by considering whether the accused device creates the same overall visual impression as the patent in suit. Lack of consumer confusion is not strongly probative of the issue of whether the accused devices do not infringe. In contrast, this testimony is outweighed by the risk that the jury would draw an improper inference.

(Dkt. No. 1774 at 2.)  Alleged lack of actual confusion is equally irrelevant to whether Apple's

asserted iPhone trade dress has acquired secondary meaning (*see* Tentative Instruction 50)

because absence of actual confusion does not evidence a lack of association between the accused

products and Apple's designs.

For the same reason, Samsung should not be permitted to confuse the jury by arguing in

closing that lack of actual confusion evidence relating to phones defeats Apple's trade dress

dilution and design patent infringement claims. Samsung cannot be allowed to encourage the jury

to draw the erroneous inference that Apple's iPhone design claims turn on consumer confusion

and not likelihood of association (in the case of trade dress dilution) or similarity of overall visual

impression (in the case of design patent infringement).

### 5. No Evidence or Argument Regarding Alleged Failure to Examine More Source Code

Samsung was sanctioned for failing to comply with Judge Grewal's Order requiring

production of source code. (*See* Dkt. No. 1106 "As a sanction for Samsung's extended non-

compliance with the December 22 Order, for each of the '381, '891 and '163 patents, Samsung

may not offer any evidence of its design-arounds. This means no source code evidence, no non-

source code evidence, no evidence of any kind, whether for liability purposes or any other

purpose. Period."); *see also* Dkt. No. 1545 at 5 (affirming).) Samsung has tried to make a silk

purse out of that sow's ear by insinuating in cross-examination of Apple's experts that they failed

to do all of the code review that they should have done. (*See* Tr. at 1884:6-1885:17 (sustaining

on 403 grounds the objection that it is "unfair to imply any kind of limitation on the scope of the

1    inquiry when the scope of the inquiry was limited by Samsung's conduct" in response to

2    questioning of Apple's expert regarding the number of devices for which he "specifically

3    mapped" code).)  Apple's experts testified that they evaluated the relevant portions of all code

4    (Tr. at 1819:13-17, 1883:21-1885:17 (Singh)) or code representative of all the code (Tr.

5    at 1728:11-1729:10 (Balakrishnan)) that Samsung produced.  Accordingly, Samsung's argument

6    is extremely unfair and, if permitted, would let Samsung to benefit from its own misconduct.

7         **6.   No Argument Regarding Evidence Samsung Would Have Adduced Given More
              Trial Time**

8

9             During trial, Samsung repeatedly referenced the fact that it was under "strict" time limits

10   and stated that it waived cross-examination for certain experts "in the interest of time."  Pretrial,

11   Samsung expressed the view that it would not have enough time to present its case within

12   25 hours.  The Court offered Samsung the chance to sever its counterclaims to get more time to

13   be heard, but Samsung declined.  (July 24, 2012 Pretrial Hr'g Tr. at 45-48 (Court offering

14   Samsung a trial date in August or September, Samsung responding "we'll go to trial on the

15   limits").)  Nobody could reasonably assert that there has been a denial of due process in this case,

16   and Samsung should not be permitted to attack the integrity of the proceeding in closing argument

17   by suggesting that it was defending itself with one hand tied behind its back.  Nor should

18   Samsung be permitted to suggest that, if there were more time, there was additional evidence it

19   would have presented.

20

21   Dated: August 20, 2012                    MORRISON & FOERSTER LLP

22

23                                            By:    /s/  *Michael A. Jacobs*
                                                   MICHAEL A. JACOBS

24
                                             Attorneys for Plaintiff
25                                           APPLE INC.

26

27

28

APPLE'S MOTION REGARDING CLOSING ARGUMENT
CASE NO. 11-cv-01846-LHK (PSG)                                            4
sf-3185286