HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
JENNIFER LEE TAYLOR (CA SBN 161368)
jtaylor@mofo.com
ALISON M. TUCHER (CA SBN 171363)
atucher@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
JASON R. BARTLETT (CA SBN 214530)
jasonbartlett@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK<br><br>**APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO ENFORCE COURT ORDER & TO CORRECT ADMITTED EXHIBIT LIST**<br><br>**Trial:**  August 20, 2012<br>**Time:**  12:00 p.m.<br>**Place:**  Courtroom 1, 5th Floor<br>**Judge:**  Hon. Lucy H. Koh |

Just one day after the parties filed the *final* admitted exhibit list (Dkt. No. 1829), and after the Court annotated that *final* agreed list with limiting instructions (Dkt. No. 1852), Samsung moves to strike exhibits from that list.  Samsung did so without giving Apple notice – either of its desire to strike these exhibits, or its intent to file a motion at 2:21 a.m. for hearing that same day.  The Court should deny Samsung's motion.

## I.     BACKGROUND

On August 19, 2012, the parties jointly submitted their final list of "admitted exhibits that the parties agree on." (Dkt. No. 1829.)  At Samsung's insistence, the parties' one-paragraph submission identified "a handful of exhibits to which [the parties] have a disagreement." (*Id.*)[1] *Not* mentioned were the exhibits that are the subject of Samsung's current motion to strike – specifically, PX 24.5-24.7, PX64, PX66A, PX66B, DX751A, and DX2557.  Without objection by Samsung, the Court subsequently annotated the parties' agreed list to clarify the limiting instructions applicable to each exhibit.

Samsung does not provide a shred of evidence that Apple "refused to abide by this Court's order and remove [the identified] litigation videos from the admitted exhibit list."  (Dkt. No. 1853 at 1.)  Indeed, it could not.  Samsung never flagged its intent to strike exhibits from the parties' agreed exhibit list before filing this motion.  For example, Samsung did not raise this issue during the parties' marathon ***six-hour meet and confer session*** (conducted until almost midnight on August 19, 2012, and involving no fewer than four Samsung attorneys) to jointly review and confirm the agreed-upon admitted exhibits page-by-page.

Samsung's motion transparently seeks to strike critical Apple evidence from the admitted exhibit list -- after agreeing that those exhibits could and should be on list.  Via its motion, Samsung also seeks to add (not "correct") to the agreed exhibit list.  Both purposes are improper.

## II.    THE "LITIGATION VIDEOS"

**Dr. Van Liere's Survey Videos (PX24.5-24.7).**  PX24.5-24.7 are three videos that were shown to Kent Van Liere's survey respondents to assess the dilution or infringement of Apple's

---

[1] These were: "SDX 3918.103-106, SDX 3951.002, SDX.002, .004, .007, .010, SDX 3952.101-.102, SDX 3966.104-108, SDX 3973.009-010, and DX 2538."  (Dkt. No. 1829.)

asserted trade dress for its iPad/iPad 2 products.  These videos depict a seated woman using: (1) the accused Galaxy Tab 10.1; (2) a control product (the Nook Color); and (3) an iPad 2.  Dr. Van Liere's survey respondents reviewed these videos before responding to his survey.

These videos have been on the parties' agreed list, as submitted to the Court, since August 14, 2012.  (*See* Dkt. No. 1724 at 5.)  They are not demonstrative videos "created by attorneys in this case" (Aug. 15, 2012 Trial. Tr. at 2950:12-24), but factual evidence underlying the survey respondents' answers.  They thus are properly on the parties' exhibit list and should remain so.

**Video of the bounce effect in Samsung's products (PX64).**   Again, Apple could not have "refused to remove [PX64] from the joint list," as Samsung never raised it.  Regardless, this video should remain on the exhibit list.

The video depicts the operation of and confirms Samsung's infringement of the '381 patent.  The jury's access to this video will be particularly important if the Court "disallow[s] internet access entirely on the[] [admitted] devices," as Samsung proposes.  (Dkt. No. 1858 at 2.)  Like PX24.5-24.7, this video has been on the parties' exhibit lists (without any objection from Samsung before this motion) since at least August 16, 2012.  (*See, e.g.,* Dkt. No. 1778-1 at 5).

**Samsung's video excerpts (PX66-A & PX66-B)*.*  Samsung implies that it was *Apple* that marked these videos for admission into evidence, but that now "refuse[s] to remove [them] from the joint list."  (Dkt. No. 1853 at 2.)  This is incorrect.

Despite their PX prefix, these videos are clips that *Samsung* prepared from Apple's PX66 video.  Moreover, it was *Samsung* that moved these videos into evidence – during its cross-examination of Ravin Balakrishnan, and over Apple's objection.  (Aug. 10, 2012 Trial Tr. at 1795:7-17.)  Apple does not object to removal of PX66A and PX66B from the agreed exhibit list.

**Samsung's other videos (DX751A and DX2557)*.*  Apple does not object to the removal of DX751A and DX2557, two Samsung-created videos, from the exhibit list.

### III.   SAMSUNG'S "CORRECTIONS"

With its motion to enforce, Samsung also seeks to "correct" the parties' agreed exhibit list to add two exhibits.  Neither should be admitted now.

APPLE'S OPPOSITION TO SAMSUNG MOT. TO ENFORCE COURT ORDER & CORRECT ADMITTED EX. LIST
CASE NO. 11-CV-01846-LHK
sf-3181466

2

**Samsung's demonstratives of the Jinsoo Kim e-mail (SDX3973.009-.010).** SDX3973.009 and .010 are two demonstratives drawn from a Samsung January 6, 2010 e-mail bearing production labels SAMNDCA10097468-69.  As the absence of any DX number in the demonstratives confirms, the underlying e-mail was not on the parties' exhibit lists.  Samsung also never provided an advance translation of this e-mail before its publication to the jury, in contravention of the parties' agreed procedures for doing so.

Despite its questionable lineage, and Samsung's failure to seek to move into evidence the e-mail itself, Samsung now asks that the Court "correct" the exhibit list to add these two demonstratives with blow-outs from this e-mail.  This is improper and plainly inconsistent with the Court's ruling that all of the parties' PDX and SDX demonstratives are not evidence.  (Dkt. No. 1775 (striking "all demonstratives from the admitted exhibit list.").

**The Jefferson Han video (DX556).**  As for the Jefferson Han video, Samsung does not seek to "correct the admitted exhibit list," but to cure its failure to obtain Apple's agreement as to its admission.  The Jefferson Han video has never appeared on the parties' agreed lists of admitted exhibit filed with the Court.

At the time that Samsung sought its admission, the Court denied it.  The Court explained that it was "pending the [parties'] stipulation" concerning the admission of video testimony, but it would not be "admitted right now unless there's a stipulation on the video."  (Aug. 15, 2012 Trial Tr. at 2909:7-10.)

Conspicuously absent from Samsung's motion is any evidence that it ever sought Apple's stipulation to this exhibit's admission.  The parties' admitted exhibit list, as annotated by the Court, has already been finalized, and Apple has already prepared its closing argument presentation on the basis of the admitted exhibit list.  It thus would be prejudicial to allow Samsung's late amendment now.

### IV.  SAMSUNG'S FOOTNOTED ALTERNATIVE REQUESTS

In a footnote, Samsung requests that several of its own exhibits be added to the exhibit list if Apple's evidence is not struck.  The problems with these exhibits are legion.  For example:

APPLE'S OPPOSITION TO SAMSUNG MOT. TO ENFORCE COURT ORDER & CORRECT ADMITTED EX. LIST
CASE NO. 11-CV-01846-LHK
sf-3181466

3

- **Samsung videos of the "hold still" behavior (SDX3918.103-.106)**: Each video is argumentative. Each bears the legend, "Samsung Products Do Not Infringe the '381 Patent." The videos cite to DX751, which was *not* admitted. Although DX751A (a modified version of DX751) *was* admitted, Samsung itself has proposed to delete DX751A from the exhibit list. (Dkt. No. 1853 at 1.) There is no evidence in the transcript that SDX3918.103 was ever shown to the jury, much less sought to be admitted.

- **The Fractal Zoom and TableCloth videos (SDX3952.101-.102):** These videos are plainly attorney-created demonstratives. SDX3952.101 purports to be based on DX548, but that is just a listing of source code files – not a video. If SDX3952.101 is actually based on DX548, which has been admitted, then it is redundant. SDX3952.101 also purports to be based on DX655, but that exhibit merely contains source code, a webpage printout, and a file listing. DX655 also has already been admitted.

- **Slides demonstrating alleged infringement (SDX3967.006, .012, .015, .025, .028 & .043):** Before filing this motion, Samsung agreed that these demonstratives should be excluded from the final exhibit list. (*See* Dkt. No. 1829 (not listing these demonstratives among those remaining in dispute.) Samsung does not dispute that these demonstratives are obviously attorney-created. SDX3967.006, for example, is Dr. Yang's videotaped demonstration of photographing an orange with an iPhone. The remaining slides appear to be callouts from patents with attorney argument, based on its review of a prior version of these slides.[2] (*See, e.g.,* SDX3967.012 (callout from '460 patent); SDX3967.015 (cover of '893 patent with "photo gallery bookmark" graphic); SDX3967.025 (callout from '893 patent); and SDX3967.043 (callout from '711 patent claim 9).

Dated: August 20, 2012                   MORRISON & FOERSTER LLP


                                         By: /s/ *Michael A. Jacobs*
                                              Michael A. Jacobs

                                         Attorneys for Plaintiff
                                         APPLE INC.

---

[2] Apple has not been unable to download the .zip file containing the latest version of Exhibits Q through W, as the file is <u>491MB</u> in size. Samsung did not upload the file to its ftp site until 8:52 a.m. (*see* timestamp on ftp folder), and Samsung did not inform Apple of its availability until 10:37 a.m. (C. Walker e-mail to R. Hung.) Apple therefore relies on a prior version of SDX3967. If these exhibits contain videos, as Samsung represents, the same arguments as for SDX3967.006 apply.

APPLE'S OPPOSITION TO SAMSUNG MOT. TO ENFORCE COURT ORDER & CORRECT ADMITTED EX. LIST
CASE NO. 11-CV-01846-LHK
sf-3181466

4