HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
JENNIFER LEE TAYLOR (CA SBN 161368)
jtaylor@mofo.com
ALISON M. TUCHER (CA SBN 171363)
atucher@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
JASON R. BARTLETT (CA SBN 214530)
jasonbartlett@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK (PSG)<br><br>**APPLE'S OBJECTIONS TO SAMSUNG'S CLOSING DEMONSTRATIVES** |

Pursuant to the Court's August 17, 2012 Order (Dkt. No. 1814), Apple states the following objections to Samsung's closing demonstratives.  Apple will lodge with the Court copies of the slides to which it is objecting.

| SLIDE NUMBER | APPLE'S OBJECTIONS |
|---|---|
| SDX5000.002 | Misleading.  This slide purports to show images that are contained in DX687; however, most of these images are not found in this exhibit.  The only image depicted on the slide that appears in DX687 is the one of the HP "Opal." |
| SDX5000.001, SDX5000.002 | This is an attempt to argue that third party products render Apple's asserted trade dress nondistinctive, a theory that was stricken from Mr. Sherman's expert report because Samsung failed to disclose it in discovery.  (Dkt. No. 939-12 at 9; Dkt. 939-4, Ex. 27 at 80-85.)  The slide is also misleading because it depicts products released after the accused Samsung products were already on the market, without reference to their release dates. (*Compare* SDX3586 and 3587, which included release dates.)  The design of products released after Samsung introduced its first accused products is not relevant to trade dress dilution. |
| SDX5007.003–005 | These demonstratives are misleading.  This is an attempt to introduce an independent development theory for the Samsung tablet, which was never disclosed in discovery.  Samsung's earlier attempts to introduce untimely independent development theories were repeatedly rejected by the Court. (Dkt. 1267; Dkt. 1456; Dkt. 1510; Dkt. 1545.) |
| SDX5001.022–25 | These demonstratives include the F700, which is in evidence only as an alternative design.  Yet Samsung clearly intends to argue non-infringement using the F700, by arraying it next to the iPhone and an accused Samsung phone in a "three way analysis." (SDX5001.024.)  Also, SDX5001.025 is objectionable because it does not include the Court's limiting instruction on the incorrect date shown in the document. (*Compare* SDX5007.013.)  Apple also refers to its motion to exclude certain topics from the closing argument, which addresses the F700 in detail. (Dkt. No. 1865.) |
| SDX5001.035 | This slide is objectionable because Mr. Bressler's testimony is incomplete. Mr. Bressler testified to additional reasons why the Fidler does not look basically the same as the D'889 patent, which are not included on the slide. |
| SDX5001.036, SDX5001.037 | This slide is irrelevant and misleading because actual consumer confusion is not required for design patent infringement or trade dress dilution.  Apple is only alleging dilution of its iPhone trade dress.  Moreover, SDX5001.036 contains a title that is misleading as to the scope of the claimed design. |

| SLIDE NUMBER | APPLE'S OBJECTIONS |
|---|---|
| SDX5002.037 and video labeled SDX5002.052–632.wmv | Apple objects to the Byran Agnetta animation for two reasons.  First, this demonstrative was never presented to the jury through a witness.  (*See* Trial Tr. at 2917:3-2919:16 (entire testimony on Agnetta).)  Second, the animated behavior is misleading and was contradicted by named inventor Bryan Agnetta, who testified at deposition that the background was not enlarged. (*See* B. Agnetta Depo. Tr., May 6. 2012, at 54:1-3, 54:6-54:9, 54:18-19; 56:02-6:07.)  Apple previously counter-designated Agnetta's testimony, but Samsung withdrew its designations.  Apple later offered Agnetta's designations in rebuttal, but withdrew his testimony due to lack of time. |
| SDX5003.003 | This slide is misleading and irrelevant to the '516 and '941 patents.  The iPhone depicted on the slide (iPhone 3G) is not accused of infringing either the '516 patent or the '941 patent. |
| SDX5004.10 | This slide misrepresents the evidence.  According to DX630, which summarizes Samsung's and Apple's licenses with various parties, Samsung's licenses with Ericsson, Alcatel-Lucent, Motorola, Siemens and NEC are expired. |
| SDX5005.025 | The first bullet on this slide does not accurately state the Court's claim construction for "applet" as set forth in Final Jury Instruction No. 10 (Dkt. No. 1849 at 28).  The second bullet is misleading because there is no supporting testimony for the statement "the music app box is not empty." Finally, the third bullet point does not accurately characterize the limited testimony that Dr. Yang was permitted to offer regarding this claim limitation;  in his testimony, Dr. Yang never pointed to any *specific* source code file as being the application module or the applet. |
| SDX5005.026 | This slide is misleading because Dr. Yang acknowledged on cross-examination that the Patent Office had neither the K750i nor the K700 phone before it during prosecution.  In addition, Dr. Yang provided no testimony that the K7**50**i manual taught all the relevant functions demonstrated by Dr. Givargis on the K700i. |
| SDX5006.001[1] | No support in the record; misleading.  The costs to develop the Transamerica Pyramid, the Golden Gate Bridge, or any of the other structures listed on this slide have not been admitted into evidence.  This slide is also misleading because it is unclear whether any of the cost numbers reflect historical or present-day values. |
| SDX5006.005 | Inconsistent with the evidence; misleading.  Mr. Musika deducted cost of sales – i.e., cost of goods sold.  Samsung's expert admitted as much in his direct testimony.  (Tr. at 3029:4-7 ("Q:  You said Mr. Musika deducted costs of goods sold.  Was that obtained from this same document?  A:  Yes.").) The parties' dispute turns on overhead costs, not direct costs of sales. |

---

[1] Some of the slides in the file labeled "SDX5006" appear to be mislabeled "SDX5000." (*See*, *e.g.*, SDX5000.001, 5000.002.).  Apple assumes this is a typographical error and has referred to all slides contained in this file as SDX5006 for clarity and consistency.

| SLIDE NUMBER | APPLE'S OBJECTIONS |
|---|---|
| SDX5006.008 | Violates the Court's *Daubert* Order; lacks support in the record; misleading; prejudicial; irrelevant. The Court already precluded as unreliable, unsound, misleading, and prejudicial the opinion of Samsung's expert that trade dress damages may be apportioned based on an evaluation of consumer survey evidence. (Dkt. No. 1157 at 9-10.) Further, causation and apportionment of damages are not areas within a juror's ordinary experience; there is no expert testimony in the record that would allow a rational jury to apportion damages in this case. |
| SDX5006.010, SDX5006.011, SDX5006.017, SDX5006.018 | Misleading; prejudicial. This series of slides is misleading because it suggests that if the jury does not award one form of remedy, such as Apple's lost profits, it may simply disregard those units, rather than assign them to another form of remedy, such as reasonable royalties. Apple is entitled to adequate compensation for all units found to infringe a valid intellectual property right. These slides therefore create a substantial risk of confusing the jury and prejudicing Apple. |

Dated: August 20 2012                    MORRISON & FOERSTER LLP

                                         By:  /s/ *Michael A. Jacobs*
                                              Michael A. Jacobs

                                              Attorneys for Plaintiff
                                              APPLE INC.