QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S OBJECTIONS TO APPLE'S SLIDES FOR CLOSING ARGUMENT** |

Samsung hereby submits the following objections to Apple's proposed slides for use in closing argument.

| SLIDE NO. | OBJECTIONS TO CLOSING SLIDES FOR APPLE'S AFFIRMATIVE CASE |
|---|---|
| 6, 8, 9 | The poor-quality image of the Samsung phone is misleading because it blurs important details that are otherwise clear to an ordinary observer. |
| 7 | Irrelevant, confusing, and misleading. Mr. Musika admitted that this chart does not reflect the market share of accused products. Tr. at 2106:12-2107:6. |
| 10 | Slide 10 is irrelevant, confusing and misleading. The testimony of Jun Won Lee does not identify any particular intellectual property, much less provide notice of any of the patents-in-suit. Additionally, this slide does not identify alleged infringement on a claim-by-claim basis.<br><br>Also, Slide 10 uses an improper, unflattering photo of Jun Won Lee. Throughout its opening slides, Samsung has used the official photos of Apple's witnesses that were submitted to court for the jury binders. Apple must similarly utilize the official photos of Samsung's witnesses which were also submitted for the jury binders. The photo of Mr. Lee that Samsung submitted is attached hereto as Exhibit A.<br><br>Finally, slide 10 portrays two distinct portions of Mr. Lee's transcript, which are separated by two pages, as continuous testimony. Without any indication of a break in Mr. Lee's testimony, the slide is highly misleading. |
| 11 | The title of this slide is false and misleading to the jury. Samsung intended to call Dale Sohn, President and CEO of Samsung Telecommunications America, to testify, but Apple moved to exclude Mr. Sohn's testimony. (Dkt. 1647). The Court granted Apple's motion. (Dkt. 1690 at 8). Apple should not now be permitted to use this slide in its closing argument because it misleadingly suggests that Samsung intentionally chose not to call its executives to testify, as if to suggest that Samsung is hiding or withholding information. Samsung would be significantly prejudiced by this misrepresentation.<br><br>This slide is also false because Justin Denison, the Chief Strategy Officer of Samsung Telecommunications America, testified during trial. (08/03/12 Trial Tr. at 790:17-791:3). Apple acknowledged that Mr. Denison was "an STA executive." (Trial 837:9-12).<br><br>Moreover, the title and the text of the slide is false because Dr. Seung-Ho Ahn is Executive Vice President and Head of Intellectual Property Center of Samsung Electronics. Dr. Ahn testified by deposition (8/17/12 Tr. 3546:18-3547:24). Dr. Ahn reports directly to the CEO. (7/31/12 Tr. 362:14-16). Thus Apple's slide is false in its statement that Samsung Executives (and, in particular, Samsung Electronics executives) did not testify. |
| 12 | This slide tries to improperly impugn and impeach Jeeyuen Wang by implying that she is a liar. The transcript excerpt indicates Ms. Wang was asked if she made reference to the Apple icons, and she replied that she did not. Apple tries to show that the exhibit depicted here, PX2281 (iPhone Human Interface Guidelines), was present in Ms. Wang's custodial files with date from March 2008. But the document itself make no reference whatsoever to Apple icons. Indeed, the only image in the entire 101-page document that even shows the applications screen of an |

| | | |
|---|---|---|
| | | iPhone actually depicts an alert bar, and the icons are only seen grayed-out behind the alert.  (SAMNDCA20001681).   The section of the document that actually concerns "Icons and Images" does not depict any Apple icons. (SAMNDCA20001713-717).   As such, this exhibit does not impeach Ms. Wang's statement, and Apple should not be permitted to mislead the jury into thinking that it does. |
| | **13-17** | The poor-quality images of the Samsung phones are misleading because they blur important details that are otherwise clear to an ordinary observer. |
| | **18-19** | These slides are misleading because they suggest to the jury that Samsung has not met its burden with respect to design patent noninfringement simply because it did not call an expert to testify on this issue.   Samsung has no obligation to present expert testimony on an issue as to which Apple bears the burden of proof.   Design patent infringement is determined by the standard of the ordinary observer, and the jury is entirely capable of determining noninfringement without expert testimony. Apple's closing demonstratives nos. 18 and 19 are therefore misleading and suggest a burden of proof that is inaccurate and contrary to law.<br><br>Additionally the use of the Quinn Emanuel logo on slide 19 is improper, as the identify of Samsung's attorneys is entirely irrelevant to any issue in this trial. Moreover, the suggestion that Samsung's attorneys are experienced trial lawyers and therefore Samsung may have an unfair advantage is inappropriate.   Further, the implication that cross examination by attorneys is an inappropriate method by which to test the integrity of an expert's opinion is improper, misleading and inflammatory. |
| | **20-22** | The poor-quality images of the Samsung phones are misleading because they blur important details that are otherwise clear to an ordinary observer. |
| | **23** | Apple's slide 23 misleadingly suggests that Samsung did not proffer any evidence to rebut Dr. Kare's testimony.   Samsung did proffer the testimony of Jeeyuen Wang, who rebutted Dr. Kare's testimony that Samsung copied its GUI design from Apple, and who testified regarding the development of Samsung's accused user interface. Samsung has no obligation to present expert testimony on an issue as to which Apple bears the burden of proof.   Design patent infringement is determined by the standard of the ordinary observer, and the jury is entirely capable of determining noninfringement without expert testimony.   Apple's closing demonstrative no. 23 is therefore misleading and suggests a burden of proof that is inaccurate and contrary to law. |
| | **26** | The title of this slide is an incorrect statement of law and inconsistent with the jury instruction for design patent infringement (Final Jury Instr. No. 34).   The jury will be instructed on the ordinary observer test, which does not include the phrase "basically the same as the claimed design."   Apple should not be permitted to mislead the jury on the standard that it must apply. |
| | **27** | The title of this slide is contrary to the jury instructions in this case.   First, the slide cites to Final Jury Instruction No. 8, but Instruction No. 8. is simply the summary of the parties' contentions.   Instruction No. 38 concerns obviousness of design patents. However, Instruction No. 38 makes clear that the jury may only consider "may only consider those factors that Apple has established through evidence admitted at trial." The title of this slide suggests that the jury must consider these factors no matter what – i.e. even if Apple has failed to establish them through the evidence.   Apple should not be allowed to mislead the jury concerning the instructions that they must follow. |

| | | |
|---|---|---|
| **32, 34** | Samsung objects to slides 32 and 34 under FRE 403 because the slides are misleading and prejudicial.   Infringement is Apple's burden to prove, and Apple failed to meet that burden.   Slides 32 and 34 imply that Samsung does not have a non-infringement position, which is false.   Indeed, the court denied Apple's JMOLs for infringement.   This slide may mislead the jury into believing that Samsung has a burden to establish it does not infringe and that Samsung did not present any evidence of non-infringement. | |
| **36** | Samsung objects to slide as misleading because it implies that this source code applies to all of the Accused Products when it does not. | |
| **37** | Samsung objects to Slide 37 because it includes information not previously disclosed, is misleading, misconstrues the record, and implies non-existent facts in evidence.   Apple should not be able to argue in its closing argument that DiamondTouch does not "distinguish[] between a single input point… interpreted as the scroll operation and two or more input points … interpreted as the gesture operation"   First, Apple never disclosed this argument in its interrogatory responses or expert reports. *See* Expert Reports of Karan Singh, generally.   Second, It was not even clear at the trial that this argument was even being propounded at the hearing, and it appeared to be combined with other arguments. *See* Singh Tr. 3624:8-14.   Third, to the extent Dr. Singh's testimony is understood, the apparent basis for this argument, that Mr. Forlines testified that "you put three fingers down and it'll strictly scroll[] the object" is false.   A review of Mr. Forlines testimony shows that he never testified to those facts and in fact conversely testified that FractalZoom only scales with two fingers (unlike some Samsung products that can scale AND scroll with two fingers). Forlines Tr. 2351:14-2357:15.   No additional factual bases were provided by Dr. Singh, and therefore, the argument is based on a misrepresentation of the record.   Finally, this is a brand new claim construction argument submitted after the final day of the trial.   Apple is apparently now arguing that the '915 claims must only scroll for all input points greater than 1.   But this is not what the claim language says.   The claim says "two or more" input points results in a scroll.   Not "greater than 1" or "a plurality."   Moreover, to the extent Apple argues this, then Samsung must not infringe because it scrolls with two fingers.<br><br>Moreover, Apple should not be able to pursue the argument that DiamondTouch fails to display an area beyond the edge "in response to the edge of the document being reached."   There is absolutely no evidence in the record supporting this contention.   Instead, it represent's Apple's attempt to conflate this limitation with the later claim element requiring that the DiamondTouch device perform a snap-back "in response to the object [i.e., finger] no longer being detected on or near the touch screen." | |
| **42** | The reference to "$360 per unit" is not in evidence and should not be presented to the jury. | |
| **44** | Apple's use of the term "indirect costs" is not the subject of any testimony. Additionally, this slide ignores the Court's decision that Apple is not entitled to a reasonable royalty for its trade dress claims.   Dkt. No. 1849. | |
| **45** | The Court has already found that a demonstrative referencing Judge Grewal's April 23 discovery order was unduly prejudicial.   Dkt. No. 1668.   For the same reasons, the Court should preclude this slide.   Dkt. No. 1637:3:15-4:18.   At the very least, the slide should be modified to clarify that the accuracy of certain Samsung financial documents was "questioned" in the context of the "discovery process."   Dkt. No. 1668, 2:7-8.   Additionally, Apple' use of the term "indirect costs" is not the subject of any testimony. | |

| | |
|---|---|
| 46 | Confusing and misleading and offers no assistance to the jury.   Apple's use of the term "indirect costs" is not the subject of any testimony.   Finally, this slide ignores the Court's decision that Apple is not entitled to a reasonable royalty for its trade dress claims.   Dkt. No. 1849. |
| 49 | Confusing, misleading, and misstates the law.   Apple deletes a portion of the instruction that qualifies the portion excerpted.   The slide should include the statement, "A damages award should put the patent holder in approximately the financial position it would have been in had the infringement not occurred…." |
| 52-53 | The poor-quality images of the Samsung phones are misleading because they blur important details that are otherwise clear to an ordinary observer. |
| **SLIDE NO.** | **OBJECTIONS TO CLOSING SLIDES FOR APPLE'S DEFENSIVE CASE** |
| 4 | FRE 401 and 403.   The application date is irrelevant (401) and misleading (403).  Both Dr. Dourish and Dr. Yang refer to it by the disclosure number:   (11) Disclosure No. 10-2004-0013792.   The application number is misleading because it implies the date of the prior art is two years earlier than recognized under 35 USC 102(a).   Both Dr. Dourish and Dr. Yang agreed that the disclosure date was the proper date under Section 102(a). |
| 10 | Apple is improperly arguing claim construction to the jury.   This slide will confuse and mislead the jury regarding the proper scope of claim terms for the '941 patent. |

DATED: August 20, 2012

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  */s/ Victoria F. Maroulis*
Charles K. Verhoeven
Victoria F. Maroulis
Kevin P.B. Johnson
Michael T. Zeller
Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC