QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S PROFFER OF INDEFINITENESS ARGUMENT DURING CLOSING** |

02198.51855/4920152.1

Case No. 11-cv-01846-LHK
SAMSUNG'S PROFFER REGARDING EXCLUDED EVIDENCE

1    Samsung respectfully makes a proffer regarding how it would present the issue of
2 indefiniteness to the jury during closing argument.[1]  If Samsung were permitted to argue the
3 issue of indefiniteness to the jury, it would inform the jury that a patent applicant has an obligation
4 to particularly point out and distinctively claim the subject matter which the patentee regards as
5 the invention.   35 U.S.C. § 112 ¶ 2.   Samsung would argue that the purpose of the requirement
6 is to provide notice to others of skill in the art as to the bounds of the invention.

7    In arguing that claim 50 of the '163 patent fails to satisfy the definiteness requirement,
8 Samsung would focus on the testimony presented at trial that demonstrates the bounds of the '163
9 patent are far from clear.   Samsung would point out that when asked about the "substantially
10 centered" limitation of claim 50, the only explanation named inventor Scott Forstall was able to
11 offer was that the term meant placing a box "where it makes sense."   Tr. at 758:13:14.   Samsung
12 would point out that Mr. Forstall even seemed to suggest at one point that placing a narrow
13 column of text "on the very left-hand side of a web page" might somehow satisfy the
14 "substantially centered" limitation.   *Id.* at 758:1-4.

15    Samsung would also highlight expert testimony that demonstrates that the bounds of the
16 '163 patent are ambiguous.    Apple's expert, Dr. Singh admitted that while there might be a "good
17 reason" for placing a box in a particular location, "***reasonable minds might . . . deviate***" as to
18 whether the box would be "substantially centered."   Tr. 1901:20-1902:4 (emphasis added).

---

[1]   Although indefiniteness is an issue often taken up in conjunction with claim construction, the essential inquiry focuses on whether those skilled in the art would understand the scope of the claim when read in light of the patent specification.  *Union Pac. Resources Co. v. Chesapeake Energy Corp.*, 236 F.3d 684, 692 (Fed. Cir. 2001).   Therefore, in appropriate circumstances – where the question of indefiniteness turns on questions of extrinsic fact – district courts have submitted the issue to the trier of fact.   *Dow Chem. Co. v. NOVA Chems. Corp.*, 629 F. Supp. 2d 397, 402-04 (D. Del. 2009); *see also Baxter Healthcare Corp. v. Fresenius Med. Care Holdings, Inc.*, No. 07-1359, 2010 WL 668039, at *3 (N.D. Cal. Feb. 19, 2010) ("[W]here evidence beyond the claims and the written description may be reviewed, factual issues may arise."); *Sys. Mgmt. Arts Inc. v. Avesta Techs., Inc.*, 137 F. Supp. 2d 382, 399-400 (S.D.N.Y. 2001) (denying summary judgment on issue of indefinites in light of genuine issues of fact).   The Federal Circuit will review the finding of a jury on the question of indefiniteness under the substantial evidence standard of review.   *BJ Servs. Co. v. Halliburton Energy Servs., Inc.*, 338 F.3d 1368, 1372 (Fed. Cir. 2003).

1  Samsung's expert Mr. Gray opined that the term "substantially centered" was ambiguous, and that
2  an engineer would not understand how to avoid positioning a box of content so that it was not
3  "substantially centered."    Tr. 2922:14-2923:1.
4       In this case, the term "substantially centered" is vague and ambiguous on its face, and the
5  patent specification provides no additional guidance as to the scope of the term.    The issue of
6  indefiniteness requires a weighing of the trial testimony.    The jury has had the benefit of hearing
7  this evidence and is uniquely positioned to decide the underlying factual issues.    The jury should
8  be instructed according to Samsung's August 17, 2012 proposal, and Samsung should be entitled
9  to present the issue to the trier of fact.

12  DATED: August 20, 2012              QUINN EMANUEL URQUHART &
                                        SULLIVAN, LLP

                                        By */s/ Victoria F. Maroulis*
                                            Charles K. Verhoeven
                                            Victoria F. Maroulis
                                            Kevin P.B. Johnson
                                            Michael T. Zeller
                                            Attorneys for SAMSUNG ELECTRONICS
                                            CO., LTD., SAMSUNG ELECTRONICS
                                            AMERICA, INC., and SAMSUNG
                                            TELECOMMUNICATIONS AMERICA, LLC