QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S RESPONSES REGARDING APPLE'S OBJECTIONS TO SAMSUNG'S CLOSING ARGUMENT SLIDES** |

Samsung hereby submits the following responses to Apple's objections to Samsung's proposed slides for use in closing argument.

| SLIDE NO. | RESPONSES |
| --- | --- |
| SDX5000.002 | The slide does not "purport" to show images from document DX687, as Apple argues. The slide is a demonstrative that shows images of Apple's competitors' products that are specifically named and/or shown in DX687. In referring to these competitor products listed in the email, Mr. Stringer specifically requests "the latest summary of our enemies." Thus the slide is not misleading. Moreover, SDX5000.002 is simply a modified version of slide 41 from Samsung's opening presentation, which was also shown to the jury during the cross examination of Dr. Winer. (Tr. at 1572:14-1575:6) without objection. Apple did not argue that SDX5000.002 was misleading at that time. Accordingly, Samsung will use slide 41 from its opening presentation and cross examination in lieu of SDX5000.002. |
| SDX5000.001-002 | Samsung timely responded to Apple's Interrogatory No. 41, which requested the basis for Samsung's defense that Apple's marks and alleged trade dress at issue are generic. In doing so, Samsung noted that many third party products contained Apple's asserted trade dress. Thus, this theory was timely disclosed to Apple, and Samsung's use of this demonstrative to show third party products for trade dress purposes, competitive analysis purposes, or otherwise, is permissible. Apple is also wrong that these slides are not relevant to trade dress dilution because there is no proof that they predated Samsung's products. The Court previously overruled this objection with regard to slides 41-42 of Samsung's opening presentation, finding these images relevant to issues including allegedly ongoing dilution. (Dkt. 1456 at 2). These slides are relevant to whether Apple's use of the alleged trade dress was exclusive, a factor for determining secondary meaning under the instructions to be given to the jury which in turn goes to whether Apple's claimed trade dresses are protectable<br><br>Again, Samsung is willing to use slides 41 and 42 from its opening presentation in lieu of SDX5000.001-002 to avoid a dispute on this issue. |
| SDX5007.003-005 | Apple did not object when this document was used during the direct examination of Jin Soo Kim and when it was offered into evidence, (Tr. at 2803:25-2804:25), so any objection to its use during closing argument is now waived.<br><br>The project Mr. Kim testified about that is reflected in this document is the project that led directly to the development of the Galaxy Tab 10.1. Apple has told this jury repeatedly throughout the case that Samsung copied the iPad, yet this document directly refutes that claim. Apple should not be permitted to mislead the jury about facts of which it is aware; this is especially true when the admitted documentary evidence demonstrates that Apple's claims are false. |
| SDX5001.022- | Apple's knee-jerk objection to these documents is consistent with its general |

| | | |
|---|---|---|
| | 025 | strategy of objecting to certain Samsung documents and evidence even when it is clear that Samsung's use is within the bounds of any operative limiting instruction.   Samsung does not intend to use the F700 for any prohibited purpose.   Nothing in these slides indicates that Samsung intends to do so.   This is simply another attempt by Apple to interfere with Samsung's reliance on properly admitted evidence.   As examples of Apple's over-reaching, SDX5001.022 is simply a picture of an admitted exhibit alone that has already been shown to the jury.   SDX5001.023 stems directly from Mr. Bressler's own sworn testimony that the F700 is an alternative design to both the D'677 and D'087 patents.   (Trial Tr. at 1186:5-8.)   SDX5001.024 is also admissible in light of Mr. Bressler's testimony that the iPhone is not substantially similar to the F700 (id. at 1188:4-8).   Indeed, Apple itself has relied heavily on carefully selected alternative designs to try and bolster its claims about the state of the art, the availability of alternative designs, and Samsung's supposed copying.   (See PX10)   Samsung should be able to show its own F700 design, which Apple's expert admitted is an alternative design.   Finally, SDX5001.025 is a single page from an already admitted exhibit that the jury has a right to see (DX2627.026).   There is nothing on the slide other than the exhibit.   In admitting the exhibit, the Court has already handled the objections Apple is re-hashing.   (Dkt No. 1749 at 6; Trial Tr. 2838:23-2839:78; 2839:21-2840:14).   Substantively, the slide demonstrates Apple's own benchmarking against competitors, which is plainly relevant because Apple has repeatedly argued that Samsung's benchmarking is evidence of copying.   Samsung is permitted to rely on this Apple document for this rebuttal purpose. |
| | SDX5001.035 | Apple objects that Samsung omits portions of Mr. Bressler's testimony. Samsung has presented a solid chunk of Mr. Bressler's testimony and has not excised or redacted anything from within it.   Samsung is under no obligation to include even more of Mr. Bressler's testimony on any given issue merely because Apple wishes to show some of that testimony to the jury; this a demonstrative for closing argument and Samsung is permitted to characterize the evidence.   Apple may respond in its own closing statement if it chooses to do so. |
| | SDX5001.036-037 | Apple's objection to these slides is unclear.   These slides show the asserted patent and images from an accused product.   They are not "irrelevant and misleading because actual consumer confusion is not required for design patent infringement or trade dress dilution," as Apple argues.   Samsung should be permitted to show the jury the asserted patent and the accused products.   Moreover, the title of SDX5001.036 is not misleading simply because it fails to quote the entire text of the patent; this a demonstrative for closing argument and Samsung is permitted to characterize the evidence consistent with the overall record. |
| | SDX5002.037 and SDX5002.052-632.wmv | Apple's objection to SDX 5002.037 and SDX5002.052-632.wmv lacks merit. The animation on this slide has already been presented to the jury during opening argument, Tr. 431:3-6, and Samsung's expert Mr. Gray testified how the reference supporting the animation anticipates the '163 patent during his direct examination, Tr. 2918:14-2919:10.   The animation is based off of Figure 8 of the Agnetta patent and depicts functionality clearly described in the patent specification.   *See* DX 561, 2:18-20, 4:39-43, 11:21-24.   In |

| | |
|---|---|
| | alleging that the animation is contradicted by Mr. Agnetta's deposition testimony, Apple misrepresents – for the third time in this trial – the full substance of Mr. Agnetta's testimony.  As Samsung pointed out twice before, Mr. Agnetta contradicted his own testimony regarding the scope of embodiments covered by the '632 Patent during re-direct questioning at his deposition.  *See* B. Agnetta Dep. Tr., May 6, 2012 at 55:16-56:1.  In any event, Mr. Agnetta's testimony is not part of the record because Apple did not designate him as a potential live or deposition trial witness. |
| SDX5003.003 | Apple is claiming that Samsung's high speed data patents are not important to the accused products.  The '941 and '516 patents relate to the 3G standard, and this slide illustrates that Apple has advertised the importance of 3G in its products.  Moreover, PX11.2 is Apple's own exhibit used to show product placement and marketing.  (Schiller Tr. 649:5-651:10).  This demonstrative is being used to show the features that Apple considers important to the iPhone |
| SDX5004.10 | SDX5004.10 is not misleading. It accurately represents several of Samsung's licensing partners. The fact that some licenses are expired is irrelevant.  Regardless of whether these licenses have expired, the licenses still provide relevant information regarding the industry terms on which Samsung and third parties licensed UMTS declared-essential patents.  The jury has a summary chart of licenses with each of these companies (DX630) and SDX5004.10 accurately identifies those licensing partners.  This slide is also relevant to Samsung's rebuttal to Apple's antitrust claims as it is evidence that Samsung was prepared to grant licenses on FRAND terms to its competitors. |
| SDX5005.025 | Samsung will amend the first bullet point to read "an application designed to run within an application module that need not be operating system independent."  That obviates the objection on the first bullet.  As to the second bullet point, Samsung disagrees that there is no supporting evidence for the statement that "the music app box is not empty."  Dr. Yang testified that he reviewed the code and it contained the corresponding structure.  Trial Tr. at 2433:8-11.  Moreover, Samsung submitted the source code for the music app (DX 645) as evidence of that fact.  It is also a common sense fact that Apple is free to try to rebut.  As to the third bullet point, it accurately characterizes Dr. Yang's testimony.  Trial Tr. 2418-2419; 2423-2424; 2433.  The bullet says nothing about any specific source code file. |
| SDX5005.026 | Samsung will amend the second bullet to say "Patent Office knew about the successor to the K700 – it considered the K750 user manual – and still issued the '711."  That obviates the objection on this slide.  Apple is free to argue to the jury what Dr. Yang did or did not show.  *See* Trial Tr. 3666-3667. |
| SDX5006.001 | The chart is proper argument, not evidence.  The cost numbers in the slide reflect present-day values. |
| SDX5006.005 | Apple's objection is misplaced and depends on incorrectly construing the phrase "cost of sales" to mean "cost of goods."  Cost of sales is a different category from cost of goods sold.  The slide nowhere mentions "cost of goods sold."  The slide does not purport to equate the two phrases, nor did Mr. Wagner, who testified that Mr. Musika had failed to deduct "one penny" for "sales" expenses (among others).  Tr. at 3025:1-8.  Indeed, Mr. Wagner testified at length about the "selling expenses" and "sales expenses" that |

| | | |
|---|---|---|
| | | should be deducted.   Tr. at 3022:23-3024:12. |
| | SDX5006.008 | Nothing in the Court's Daubert Order precluded submission of the issue of apportionment to the jury, which is why the Court admitted numerous documents related to the issue, including the source for this slide, PX69.  The jury is capable of resolving factual disputes regarding apportionment and has sufficient evidence to make such determinations.   Samsung identified this evidence when opposing Apple's JMOL on this issue, which the Court denied this morning.   Dkt. No. 1833. (*See, e.g.*, PX143.6, .12, .16, .22, .25; TX592; PX69; R.T., 8/3/2012, at 699:4-8, R.T., 8/6/12 at 1103:13-23, R.T., 8/13/2012, at 2126:2-2125:25; 2130:2-2130:20; 2131:19-2132:9). |
| | SDX5006.010, .011, .017, .018 | The jury would not be misled by these slides because the totals are removed as well as particular types of damages.   Apple will have the opportunity to argue the form and amount of remedy it seeks.   Samsung will not argue to the jury that the underlying exhibit, PX25A1, presents Samsung's position on Apple's damages.   The slides are illustrative of the fact that Samsung's profits are available only for design and trade dress, and that Apple bears the burden of proof on lost profits. |

DATED: August 20, 2012                    QUINN EMANUEL URQUHART &
                                          SULLIVAN, LLP

                                          By */s/ Victoria F. Maroulis*
                                          Charles K. Verhoeven
                                          Victoria F. Maroulis
                                          Kevin P.B. Johnson
                                          Michael T. Zeller
                                          Attorneys for SAMSUNG ELECTRONICS
                                          CO., LTD., SAMSUNG ELECTRONICS
                                          AMERICA, INC., and SAMSUNG
                                          TELECOMMUNICATIONS AMERICA, LLC