HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
JENNIFER LEE TAYLOR (CA SBN 161368)
jtaylor@mofo.com
ALISON M. TUCHER (CA SBN 171363)
atucher@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
JASON R. BARTLETT (CA SBN 214530)
jasonbartlett@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK (PSG)<br><br>**APPLE'S RESPONSES TO SAMSUNG'S OBJECTIONS TO CLOSING DEMONSTRATIVES** |

Pursuant to the Court's request, Apple responds to Samsung's objections to closing demonstratives as follows:

| SLIDE | APPLE'S RESPONSES TO SAMSUNG'S OBJECTION |
|---|---|
| **Apple's Affirmative Case** | |
| 6, 8, 9, 13-17, 20-22, 52-53 | Samsung's blanket objection to Apple's use of photographs of Samsung products is baseless.  These images are drawn from admitted evidence (e.g., PX3, PX7, PX21A) and Samsung did not complain about the photo quality until now.  In fact, Samsung has objected to photographs that were taken from its own demonstratives.  (*Compare* slide 21 *with* SDX3758.) |
| 7 | Slide 7 is neither irrelevant nor misleading.  Mr. Musika testified that Samsung's United States market share increased dramatically following Samsung's launch of the infringing devices in June 2010.  (Tr. at 2044:14-23.)  This is relevant to show competition between Apple and Samsung in the smartphone markets.  The heading of Slide 7 accurately describes the content of the graphic as Samsung's U.S. smartphone market share. |
| 10 | Apple will use the photograph of Jun Won Lee that Samsung provided and insert asterisks to indicate the break in the transcript.  This moots Samsung's objection. |
| 11 | The slide indicates that Samsung brought no *SEC* executives to testify.  The only SEC executive mentioned in Samsung's objection, Dr. Ahn, did not testify live, and was called by Apple, not Samsung.  Moreover, the Court excluded Dale Sohn's testimony because he was not properly disclosed during discovery.  *Cf. Menendez v. Terhune*, 422 F.3d 1012, 1033-37 (9th Cir. 2005) (permissible to comment "on the absence of evidence even when such evidence was available, but inadmissible, so long as there is sufficient evidence to support the prosecutor's version of events."). |

| SLIDE | APPLE'S RESPONSES TO SAMSUNG'S OBJECTION |
|---|---|
| 12 | Samsung's objection misrepresents the facts.  As shown below, the document in question contains an entire section on "Application Icons" that describes and shows the design of Apple's unique "rounded rect" icons.  (PX2281 at 93-94.)<br><br> |
| 18-19 | These slides correctly illustrate that Samsung did not introduce expert testimony regarding design patent infringement.  Contrary to Samsung's suggestion, they do not relate to Apple's burden of proof. |
| 23 | These slides correctly illustrate that Samsung did not introduce expert testimony regarding design patent infringement.  Contrary to Samsung's suggestion, they do not relate to Apple's burden of proof.  Furthermore, while Samsung argues that Jeeyeun Wang rebutted Dr. Kare's testimony, Ms. Wang was a lay witness who was precluded from offering expert testimony by the Court.  (Dkt. No. 1720 at 3; Tr. at 2510-2515.) |
| 26 | This slide correctly states part the test for design patent obviousness.  Contrary to Samsung's assertion, it does not relate to design patent infringement. |

| SLIDE | APPLE'S RESPONSES TO SAMSUNG'S OBJECTION |
|---|---|
| 27 | Apple will prepare a revised slide to correct the citation.  This moots Samsung's objection because the slide accurately reflects the content of the jury instruction. |
| 32, 34 | These slides correctly illustrate that Samsung did not introduce expert testimony regarding the infringement of certain utility patents.  Contrary to Samsung's suggestion, they do not relate to Apple's burden of proof. |
| 36 | Karan Singh testified that this code is representative of all accused smartphones and the Tab 7.0.  (See Trial Tr. at 1825:23-1826:5 (Dr. Singh's statement on code applying to 23 of 24 devices); see generally Trial Tr. at 1823:1827:17 (Dr. Singh's code diagram discussion).)  His testimony was admitted, as was this slide until the Court decided not to admit demonstratives.  (See PDX29.12-29.13)  Dr. Singh testified regarding a different slide limited specifically to the Tab 10.1 code, which also infringes.  (See Trial Tr. 1826:2-1827:17) |
| 37 | First, the slide's section on "distinguish[] between a single input point . . . interpreted as the scroll operation and two or more input points . . . interpreted as the gesture operation," is not objectionable.  Samsung failed to object to Karan Singh's testimony when he so testified.  Dr. Singh clearly testified that, for DiamondTouch, "you put three fingers down and it'll strictly scrolls the object."  (Trial Tr. at 3624:8-14).  Dr. Singh provided his testimony to point out Samsung expert Stephen Gray's erroneous interpretation of the fact testimony of Mr. Forlines, a witness called by Samsung.  Mr. Forlines testified that, for FractalZoom, a two finger touch results in a zoom and that everything else results in panning (moving).  (Trial Tr. 2356:22-2357:5).  Dr. Singh simply highlighted what happens with 3-fingers.  The point is that FractalZoom does not perform a gesture operation when there are more than two touch points.<br><br>This slide also does not raise a new claim construction argument. It applies Samsung's construction.  In DiamondTouch, three or more fingers are not interpreted as a gesture and thus cannot anticipate.  Samsung's objection further is clearly incorrect – the claim language never says scroll for all input points greater than one, it say gesture for input points greater than one.<br><br>Second, on the "in response to the edge of the document being reached" section, Samsung ignores Ravin Balakrishnan's testimony.  Dr. Balakrishnan testified directly to why DiamondTouch Tablecloth does not meet this limitation. (See 3633:13-3634:11.)  In addition, Dr. Balakrishnan separately testified to the "until the area beyond the edge is no longer displayed" limitation cannot being present in Tablecloth (See Trial Tr. at 3634:12-19.) |

| SLIDE | APPLE'S RESPONSES TO SAMSUNG'S OBJECTION |
|---|---|
| 42 | All the information on the slide is contained in exhibit cited on the slide, JX1500, which is in evidence.  Revenue of $360 per unit is derived from dividing total Samsung revenue by total Samsung units sold.  The $360 per unit figure is a simple calculation derived from Samsung's undisputed infringing units and revenues.  $360 is the result of $8.160 billion revenues divided 22.7 million units.  (*See* Tr. at 2042:4-2043:10 (Mr. Musika's testimony discussing how to calculate the $8.160 billion and 22.7 million numbers from JX1500.) |
| 44 | Samsung is mistaken.  The reliability of Samsung's allocation of indirect costs is a hotly disputed issue in the case, which was specifically discussed by both parties' damages experts at trial.  (*See* Tr. at 3061:1 ("Q:  Now, let's talk about the allocation spreadsheets that you were discussing with Samsung's counsel.  These are the spreadsheets that purport to show indirect costs allocated to products; true, sir?  A:  That's true.").) |
| 45 | The Court ruled at the July 19 pretrial hearing that "Samsung's failure to disclose accurate financial data in discovery is relevant to Apple's damages claim," and that "the prejudicial effect of disclosing to the jury discovery conduct is outweighed by the probative value of the evidence of the financial data errors." (Dkt. No. 1267 at 5.)  At trial, the Court allowed Apple to ask the following leading question of its damages expert:  "Q:  Mr. Musika, hasn't a Magistrate Judge managing the discovery process in this case questioned the accuracy of Samsung's financial data?  A:  Yes.  It wasn't just me." (Tr. at 2066 at 12-15.)  Slide 45 merely reminds the jury of this highly relevant testimony. |
| 46 | There is nothing confusing, misleading, or irrelevant about the four damages scenarios presented on Slide 46, since these numbers come from the direct testimony of each party's damages expert.  Mr. Musika testified that damages would equal either $2.481 billion or $1.086 billion under Apple's notice period, depending on whether indirect costs are included in the calculation of Samsung's profits.  (Tr. at 2086:23, 2056:16.)  Mr. Wagner testified that damages would equal either $1.396 billion or $519 million under Samsung's notice period, again depending on whether indirect costs are included.  (Tr. at 3066:15, 3032:16.)  These numbers will have obvious value to the jury.  The term "indirect costs" is adequately supported in the record, as described above in connection with Slide 44.  This slide does not ignore the Court's ruling on reasonable royalties; these numbers do not include any reasonable royalty due to trade dress infringement.  (*Compare* PX25A1.2 (infringement map), *with* PX25A1.5 (reasonable royalties calculated only for products not accused of trade dress infringement).) |

| SLIDE | APPLE'S RESPONSES TO SAMSUNG'S OBJECTION |
|---|---|
| 49 | Slide 49 is not confusing, misleading, or a misstatement of the law.  35 U.S.C. § 284 says, "Upon finding for the claimant the court shall award the claimant damages adequate to compensate for the infringement but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court."  The jury will have the Court's final jury instructions, and will not be confused. |
| | **Apple's Defensive Case** |
| 4 | To obviate Samsung's objection, Apple has revised this slide to call out the entire header of the first page of PX112, and to thus include the disclosure number (Disclosure No. 10-2004-0013792).  The revised slide is as follows: |

| SLIDE | APPLE'S RESPONSES TO SAMSUNG'S OBJECTION |
|-------|------------------------------------------|
| 10 | This slide is simply a call out of certain figures (7A and 7B) of the prior art Agarwal patent (PX97), with highlighting.  There is nothing on this slide to suggest any claim construction argument. |

Dated:  August 20 2012                    MORRISON & FOERSTER LLP

By:    /s/  Michael A. Jacobs
             Michael A. Jacobs

             Attorneys for Plaintiff
             APPLE INC.