QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS
CO., LTD., SAMSUNG ELECTRONICS
AMERICA, INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S OPPOSITION TO APPLE'S MOTION REGARDING CLOSING ARGUMENT** |

1   Apple's attempt to impose a gag order on Samsung's counsel during closing argument

2   should be rejected.    The Court has issued ruling on evidentiary issues throughout the trial, and

3   Samsung has abided by those rulings and will continue to do so.    Moreover, the parties have filed

4   objections to each other's closing demonstratives, which will be addressed by the Court in due

5   course.    There is no basis for the advisory relief Apple seeks, which is based on nothing more

6   than conjecture.    Even if the Court were to consider Apple's speculation regarding the arguments

7   Samsung may make in closing, Apple has misstated the record and the Court's prior rulings on

8   each point it raised, so the motion should be denied on the merits as well.

9   **A.    Evidence Regarding Apple's "Sony-style" Phone**

10   Apple misrepresents the context in which Samsung's counsel referenced Apple's

11   inspiration vis-à-vis the Sony-style design.    In Samsung's opening statement, counsel actually

12   said that "Apple itself was inspired by ***the functionality*** of another company's design, Sony," (Tr.

13   at 391:21-22), and also said that the model's "***functionality*** inspired Apple to change course with

14   the design of its initial phone." *Id*. at 392:11-13.    Apple elides those comments, which

15   immediately preceded counsel's statement that "Apple was inspired by Sony," (*Id*. at 392:13),

16   because Apple knows that the Court had expressly ruled that the Sony-style designs may be used

17   for purposes of demonstrating functionality. *See* Dkt. 1865, at 1.    In addition, Apple implies that

18   Samsung's opening statement violated two Court orders, but one was issued two days after the

19   openings and the other two weeks later.    Because Samsung does not intend to rely on the Sony-

20   style evidence of functionality for any purpose other than the purposes the Court has previously

21   identified as permissible, Apple's motion is baseless and should be denied.

22   **B.    Evidence of F700**

23   The Court has repeatedly made clear that evidence of Samsung's F700 phone may be used

24   to demonstrate functionality of features, including, *inter alia*, the body shape, large screen, and

25   lozenge-shaped receiver at the top of the front face.    *See* Dkt. 1749, at 6 (overruling Apple's

26   objection to DX 2627, which contains images of F700).    The Court has also noted that the

27   document is relevant and admissible as an alternative design (Tr. 1084:1-4) and to show Apple's

28   own comparison of its products with those made by other manufacturers:

SAMSUNG'S OPPOSITION TO APPLE'S MOTION REGARDING CLOSING ARGUMENT

1

2

> Samsung explains that this document is relevant to show that Apple compares its own products with others in the industry. Evidence used for this purpose is admissible.

3    Dkt. 1749, at 6.

4        Because Samsung's closing argument will not include theories that have been precluded by

5    the Court's prior rulings, Apple's motion is moot.   To the extent Apple seeks to expand the scope

6    of those prior rulings, the Court should reject that request and reaffirm its rulings by making clear

7    that Samsung may argue to the jury the evidence of Samsung's F700 that has already been

8    adduced for the limited purposes of (1) functionality; (2) as an alternative design; and (3) to show

9    that Apple compares its own products with others in the industry.

10                    **C.      Evidence of the 035 Model**

11        The Court previously addressed the issue of the 035 model in its ruling on Apple's motion

12   *in limine*, which sought to preclude use of the 035 model at trial.    Specifically, the Court denied

13   Apple's motion because, *inter* alia, Apple "Conceded previously that the 035 model is an

14   embodiment of the '889 patent."   *See* Dkt. 1267; Jul. 19, 2012 Tr. at 129:9-14.

15        The 035 model (DX 741) was admitted into evidence during the testimony of Apple

16   designer Christopher Stringer, a named inventor of the D'889 patent.    Tr. at 538:1-18.

17   Mr. Stringer confirmed that the 035 model was an embodiment of the D'889 patent, testifying that

18   the D'889 patent "represented" the design of the 035 model.   *Id.* at 528:12-15.   Apple has also

19   stipulated that the 035 model that was entered into evidence is the same model depicted in the

20   photographs submitted to the PTO with the 889 application.   *See* DX 741.

21        The Court's Tentative Final Jury Instruction No. 34.2 (Dkt. 1849, at 60) recognizes the

22   importance that embodiments may play in understanding the patents:

23

24

25

26

27

28

> In deciding the issue of infringement you must compare Samsung's accused products to the design patents.   In addition, you have heard evidence about certain Apple products and models.   ***If you determine that any of Apple's products or models are substantially the same as an Apple patent design, and that the product or model has no significant distinctions with the design, you may compare the product or model directly to the accused Samsung products.*** This may facilitate your determination of whether the accused products infringe the Apple patent design. If you determine that a particular Apple product or model does not embody a patented design, you may not compare it to the accused devices."

-2-

SAMSUNG'S OPPOSITION TO APPLE'S MOTION REGARDING CLOSING ARGUMENT

1    Samsung is therefore entitled to use the 035 model consistently with the Court's prior

2    orders in its closing arguments to the jury.    Apple's argument that Samsung is somehow limited

3    to using the 035 model for "impeachment" is neither consistent with the Court's prior rulings nor

4    common sense.    This embodiment of one of the asserted patents has significant probative value

5    and Samsung cannot be precluded from referencing it within the Court's actual limitations.

6    **D.    Evidence of Lack of Confusion**

7    Apple seeks to preclude all argument by Samsung based on evidence that there is a lack of

8    confusion in the marketplace for smartphones.    Underlying Apple's argument is its faulty

9    assumption that evidence suggesting lack of confusion is *solely* relevant to Apple's trade dress

10   infringement claims, which are limited to its asserted iPad/iPad2 trade dress.    But lack of

11   confusion is relevant to a number of issues in this case, and Samsung should not be prevented

12   from commenting on the evidence that has been adduced during trial.

13   Evidence regarding confusion, or lack thereof, is relevant to Samsung's defense to Apple's

14   design patent infringement claims.    For example, in *OddzOn v. Inc. v Just Toys, Inc.*, 122 F.3d

15   1396, 1406 (Fed. Cir. 1997), the Federal Circuit agreed that exclusion of evidence of confusion

16   (*i.e.,* that one party's product was returned by retailers to the other party on nineteen different

17   occasions) on relevance grounds was an abuse of discretion because it was "clear that the evidence

18   was relevant."    *Id*. at 1406-07.    Similarly, in *Keystone Retaining Wall Systems, Inc. v Rockwood*

19   *Retaining Wall, Inc.*, 2001 WL 36102284 (D. Minn. 2001), the Court noted that the "Federal

20   Circuit has held, however, that, given the low threshold for relevancy, evidence of actual

21   confusion by consumers as to whether the accused product was manufactured by the plaintiff did

22   have a tendency to make the existence of a fact material to a design infringement claim more

23   probable or less probable than it would be without the evidence."    Similarity of the asserted trade

24   dress is even one of the statutory dilution factors such that evidence or confusion or the lack

25   thereof is relevant to Apple's dilution claims regarding Samsung's mobile phone products as well.

26   Lack of confusion is therefore relevant to Apple's design patent infringement and trade dress

27   dilution claims, so Samsung must be permitted to comment on that evidence at closing.

28

**E.      Evidence or Argument Regarding Failure to Examine Source Code**

Apple argues for at least the third time that Samsung should be precluded from arguing that Samsung should not be able to raise questions regarding Apple's experts' insufficient source code analysis. See Tr. 1871:1-10; 1884:11-1885:17.   Samsung has not, and does not intend to run afowl of Judge Grewal's order.   However, that order did not give Apple blanket permission to disregard its burden to prove its claims.   The order does not preclude Samsung from raising questions regarding the adequacy of Apple's experts' analysis of documents properly produced during discovery.

Apple moved to compel Samsung to produce source code for the Accused Products early in the case.   On December 22, 2011, the Court granted Apple's motion to compel, and ordered Samsung to produce code no later than December 31, 2011. (Dkt. No. 537.)   Samsung produced one version of source code for each and every Accused Device in the case.   Apple then moved for a sanction, among other things, that Apple be permitted to prove infringement of all products through the use of representative products.   (Dkt. 898 at 4.)   On May 4, 2005, Judge Grewal granted Apple's design around sanction, but did not grant Apple's other request to prove infringement through representative products.   (Dkt. No. 898 at 2 ("While Apple's motion raises a number of complaints, the court will focus on just one:   Samsung's production of code for its "design-around" products.")

Undeterred by the Court's refusal to grant the requested sanction, Apple proceeded to (1) serve expert reports; and (2) try its case using only a few versions of the source code produced by Samsungs pursuant to Judge Grewal's December 22 order.   Because Apple's experts failed to analyze all of the source code produced on time, during discovery, Samsung naturally challenges the sufficiency of Apple's proof.

During cross examination, Apple objected and was overruled.   During Apple's objection, the Court questioned the parties on the scope of the order, and found the design-around issue was not relevant to the line of questioning regarding sufficiency of proof because it targeted the produced source code identified and analyzed in the parties' experts' reports. Tr. at 1890:24-1895:24 (Samsung is "not saying [Singh] didn't review all the versions of the code for each

1   product.   [Samsung's] point is your report only addressed four out of the 24.   So that's why I

2   overruled your objection, because I look at my order that's Document Number 1545 and I just

3   don't think it's relevant to the dispute at hand.")

4         Moreover, the Court properly stated that   the Order was geared towards the design around,

5   and whether there were subsequent versions of the same code that were not produced. Tr. at

6   1890:24-1894:24.   Samsung does not intend to make any arguments regarding design arounds as

7   precluded by Judge Grewal's order.   But, Apple has identified no legitimate basis to prevent

8   Samsung from questioning its experts' decisions to avoid a full analysis of each and every version

9   of source code timely produced in this case.   For these reasons, as well as the reasons this

10  objection was overruled at the hearing, Apple's request should be denied.

11        **F.      Argument Regarding Evidence Samsung Would Have Submitted If it Had
                    More Trial Time**

12

13        Apple contends that Samsung should not "be permitted to suggest that, if there were more

14  time, there was additional evidence it would have presented" and that any suggestion that

15  Samsung was limited in putting forth supporting evidence is an "attack" on "the integrity of the

16  proceeding."   (Apple's Mot. at 4)   As Apple acknowledges in its motion, Samsung has

17  maintained its position to the Court that 25 hours was not sufficient time for Samsung to present

18  the complete merits of its case.   Samsung should not be prevented from mentioning this fact to

19  the jury.   In its deliberations, the jury is able to give the proper weight to Samsung's assertion

20  that it would have presented additional evidence in support of its case, had it been given the time

21  to do so.   Indeed, the Court has previously made clear to the jury that the parties were limited to

22  "25 hours to present their evidence."   (8/15/12 Tr. 2886:18-2887:1)   Apple's objection to

23  statements similar to those Apple itself made in its opening should be denied.   (See 7/31/12 Tr.

24  326:14-327:8 (Apple told the jury that it had "hundreds of patents" covering the design, hardware,

25  and software of the iPhone and iPad that Samsung infringed but because it could not cover them

26  all in this trial it had selected only 12 claims on which to present evidence.))

27        For all the foregoing reasons, Samsung respectfully asks the Court to deny Apple's

28  unfounded motion forthwith so that Samsung can finalize its presentation for closing.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DATED: August 20, 2012             QUINN EMANUEL URQUHART &
                                   SULLIVAN, LLP

                                   By  /s/ Victoria F. Maroulis
                                       Charles K. Verhoeven
                                       Victoria F. Maroulis
                                       Kevin P.B. Johnson
                                       Michael T. Zeller
                                       Attorneys for SAMSUNG ELECTRONICS
                                       CO., LTD., SAMSUNG ELECTRONICS
                                       AMERICA, INC., and SAMSUNG
                                       TELECOMMUNICATIONS AMERICA, LLC

-6-                                    Case No. 11-cv-01846-LHK

SAMSUNG'S OPPOSITION TO APPLE'S MOTION REGARDING CLOSING ARGUMENT