| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781) <br> hmcelhinny@mofo.com <br> MICHAEL A. JACOBS (CA SBN 111664) <br> mjacobs@mofo.com <br> JENNIFER LEE TAYLOR (CA SBN 161368) <br> jtaylor@mofo.com <br> ALISON M. TUCHER (CA SBN 171363) <br> atucher@mofo.com <br> RICHARD S.J. HUNG (CA SBN 197425) <br> rhung@mofo.com <br> JASON R. BARTLETT (CA SBN 214530) <br> jasonbartlett@mofo.com <br> MORRISON & FOERSTER LLP <br> 425 Market Street <br> San Francisco, California  94105-2482 <br> Telephone:  (415) 268-7000 <br> Facsimile:  (415) 268-7522 <br><br> Attorneys for Plaintiff and <br> Counterclaim-Defendant APPLE INC. | QUINN EMANUEL URQUHART & SULLIVAN, LLP <br> Charles K. Verhoeven (Cal. Bar No. 170151) <br> 50 California Street, 22nd Floor <br> San Francisco, California 94111 <br> Telephone: (415) 875-6600 <br> Facsimile: (415) 875-6700 <br> Kevin P.B. Johnson (Cal. Bar No. 177129) <br> Victoria F. Maroulis (Cal. Bar No. 202603) <br> 555 Twin Dolphin Drive 5th Floor <br> Redwood Shores, California 94065 <br> Telephone: (650) 801-5000 <br> Facsimile: (650) 801-5100 <br> Michael T. Zeller (Cal. Bar No. 196417) <br> 865 S. Figueroa St., 10th Floor <br> Los Angeles, California 90017 <br> Telephone: (213) 443-3000 <br> Facsimile: (213) 443-3100 <br><br> Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, <br><br> Defendants. | Case No. 11-cv-01846-LHK (PSG) <br><br> **JOINT STIPULATION AND [PROPOSED] ORDER DISMISSING CLAIMS WITHOUT PREJUDICE** |

1

2   *Additional attorneys for Plaintiff and
    Counterclaim-Defendant APPLE INC.*

3
    WILLIAM F. LEE
4   william.lee@wilmerhale.com
    WILMER CUTLER PICKERING
5   HALE AND DORR LLP
    60 State Street
6   Boston, MA 02109
    Telephone: (617) 526-6000
7   Facsimile: (617) 526-5000

8   MARK D. SELWYN (SBN 244180)
    mark.selwyn@wilmerhale.com
9   WILMER CUTLER PICKERING
    HALE AND DORR LLP
10  950 Page Mill Road
    Palo Alto, California 94304
11  Telephone: (650) 858-6000
    Facsimile: (650) 858-6100

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), the Court's May 10, 2012 Order Regarding Parties' Statements Narrowing Claims to be Asserted at Trial (Dkt. No. 912), and the Court's directive during the June 29, 2012 Case Management Conference to further streamline and simplify the issues in this case, the parties, through their respective counsel of record, hereby stipulate and agree as set forth below.  This statement reflects case narrowing that took place prior to trial.

WHEREAS, Apple Inc. ("Apple") commenced the above-captioned action (the "Litigation") against Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung," and together with Apple, "the Parties" and individually each a "Party") on April 15, 2011;

WHEREAS, pursuant to the Court's May 2, 2012 Case Management Order, a trial in this action commenced on July 30, 2012 (Dkt. No. 901);

WHEREAS, both parties have previously represented to each other and to the Court that each is willing to dismiss certain claims and counterclaims in the interests of streamlining and simplifying the issues in this case (Dkt. Nos. 893, 902, 1178, 1277);

WHEREAS, both parties previously submitted a Joint Stipulation and Proposed Order Dismissing Claims Without Prejudice, which was entered by the Court on May 29, 2012 (Dkt. No. 981); and

WHEREAS, both parties previously submitted a Joint Stipulation and Proposed Order Dismissing Claims Concerning D617,334 Without Prejudice, which was entered by the Court on June 21, 2012 (Dkt. 1116).

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by the Parties as follows:

1. This Stipulation and Order dismisses without prejudice any claims by Apple against Samsung for infringement of Claim 8 of U.S. Patent No. 7,663,607 (Tenth Claim for Relief).

2. This Stipulation and Order dismisses without prejudice any claims by Apple against Samsung for infringement or dilution by the original Galaxy Tab 7.0 of Apple's

unregistered iPad/iPad 2 trade dress (First and Fourth Claims for Relief).  This Stipulation and Order does not dismiss Apple's claims against the Galaxy Tab 7.0 for infringement of Apple's utility patents.

3. This Stipulation and Order dismisses without prejudice any claims by Apple against Samsung's Acclaim, Nexus S, and Sidekick devices and any claims against the ThinkFree Office application relating to Apple's claims of infringement of the '381 Patent.

4. Samsung agrees that its corresponding counterclaims seeking declaratory judgment of non-infringement and invalidity for Apple's dismissed claims for infringement of the '607 Patent should be dismissed without prejudice.  Samsung further agrees that its corresponding counterclaims of non-infringement against the Acclaim, Nexus S, and Sidekick devices and the ThinkFree Office application should be dismissed without prejudice.  This stipulation of dismissal without prejudice is made subject to Samsung's reservation of rights to reassert these or other counterclaims and defenses relating to Apple's dismissed claims should any such dismissed claim be revived or reasserted by Apple for any reason.

5. This Stipulation and Order dismisses without prejudice any claims by Samsung against Apple for infringement of:

    a. Claim 11 of U.S. Patent No. 7,675,941;

    b. Claim 17 of U.S. Patent No. 7,447,516;

    c. Claim 10 of U.S. Patent No. 7,698,711;

    d. Claim 12 of U.S. Patent No. 7,546,893; and

    e. All remaining claims of U.S. Patent No. 6,928,604.

6. Apple agrees that its corresponding counterclaims seeking declaratory judgment of non-infringement and invalidity for Samsung's dismissed claims for infringement of claim 11 of the '941 Patent, claim 17 of the '516 Patent, claim 10 of the '711 Patent, claim 12 of the '893 Patent, and all remaining claims of the '604 Patent should be dismissed without prejudice.  Apple further agrees that its corresponding counterclaims for Breach of Contract – FRAND and Other Standard-Related Misconduct (Twenty-Fifth Counterclaim), Declaratory Judgment that Apple is Licensed to Samsung's Declared Essential Patents (Twenty-Seventh Counterclaim), violation of

Section 2 of the Sherman Antitrust Act (Twenty-Eighth Counterclaim), and Unfair Competition Under Cal. Bus. & Prof. Code §17200, et seq. (Twenty-Ninth Counterclaim) as they relate to claim 11 of the '941 Patent, claim 17 of the '516 Patent,, and all remaining claims of the '604 Patent should be dismissed without prejudice.  This stipulation of dismissal without prejudice is made subject to Apple's reservation of rights to reassert these or other counterclaims and defenses relating to Samsung's dismissed claims should any such dismissed claim be revived or reasserted by Samsung for any reason.

7. Apple agrees that its counterclaims seeking Breach of Contract – FRAND and Other Standard-Related Misconduct (Twenty-Fifth Counterclaim), Declaratory Judgment that Apple is Licensed to Samsung's Declared Essential Patents (Twenty-Seventh Counterclaim), violation of Section 2 of the Sherman Antitrust Act (Twenty-Eighth Counterclaim) and Unfair Competition Under Cal. Bus. & Prof. Code §17200, et seq. (Twenty-Ninth Counterclaim) for the Samsung claims dismissed in the May 29 Joint Stipulation and Order should be dismissed without prejudice.  This stipulation of dismissal without prejudice is made subject to Apple's reservation of rights to reassert these or other counterclaims and defenses relating to Samsung's dismissed claims should any such dismissed claim be revived or reasserted by Samsung for any reason.

8. Due to the Court's granting summary adjudication of non-infringement with respect to Samsung's U.S. Patent No. 7,362,867 ("'867 patent") (Dkt. No. 1185), Apple agrees that its counterclaims seeking declaratory judgment of invalidity (Twelfth Counterclaim), Breach of Contract – FRAND and Other Standard-Related Misconduct (Twenty-Fifth Counterclaim), Declaratory Judgment that Apple is Licensed to Samsung's Declared Essential Patents (Twenty-Seventh Counterclaim), violation of Section 2 of the Sherman Antitrust Act (Twenty-Eighth Counterclaim), and Unfair Competition Under Cal. Bus. & Prof. Code §17200, et seq. (Twenty-Ninth Counterclaim) for the '867 patent should be dismissed without prejudice.  This stipulation of dismissal without prejudice is made subject to Apple's reservation of rights to reassert these or other counterclaims and defenses relating to Samsung's dismissed claims should the '867 patent be revived or reasserted by Samsung for any reason.

9. This Stipulation and Order is not an adjudication on the merits of any of the claims or counterclaims that are hereby dismissed without prejudice.

Dated: August 20, 2012

| MORRISON & FOERSTER LLP | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
|---|---|
| By: /s/ *Harold McElhinny*<br>   HAROLD J. MCELHINNY<br>   MICHAEL A. JACOBS<br>   JENNIFER LEE TAYLOR<br>   ALISON M. TUCHER<br>   RICHARD S.J. HUNG<br>   JASON R. BARTLETT<br><br>   WILLIAM F. LEE<br>   MARK D. SELWYN<br><br>Attorneys for APPLE INC. | By: /s/ *Victoria Maroulis*<br>   CHARLES K. VERHOEVEN<br>   KEVIN P.B. JOHNSON<br>   VICTORIA F. MAROULIS<br>   EDWARD DEFRANCO<br>   MICHAEL T. ZELLER<br><br>Attorneys for SAMSUNG ELECTRONICS CO. LTD, SAMSUNG ELECTRONICS AMERICA, INC., AND SAMSUNG TELECOMMUNICATIONS AMERICA, LLC. |

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: _____, 2012     By: _____
                                      The Honorable Lucy H. Koh
                                      United States District Judge