United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>    Plaintiff and Counterdefendant,<br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD.,<br>a Korean corporation;<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br>a New York corporation;<br>SAMSUNG TELECOMMUNICATIONS<br>AMERICA, LLC,<br>a Delaware limited liability company,<br><br>    Defendants and Counterclaimants. | Case No.: 11-CV-01846-LHK<br><br>ORDER ON SAMSUNG'S<br>OBJECTIONS TO APPLE'S CLOSING<br>SLIDES |

## I.     SAMSUNG'S OBJECTIONS TO APPLE'S CLOSING SLIDES

Samsung has filed objections to Apple's Closing Slides.  After reviewing the parties'

briefing, considering the record in the case, and balancing the considerations set forth in Federal

Rule of Evidence 403, the Court rules on Samsung's objections as follows:

| SAMSUNG SLIDE NUMBER | COURT'S RULING ON OBJECTION |
|---|---|
| 6, 8, 9 | Overruled.  Samsung contests the quality of the photographs used to depict their products.  There is nothing misleading about the quality of the photo reproduction Apple has used. |
| 7 | Overruled.  Samsung claims that Mr. Musika admitted that this chart does not reflect the market share of accused products.  This chart is probative and admissible under FRE 403. |
| 10 | Overruled in part, Sustained in part.  Samsung's objection regarding the quoted |

1

| | |
|---|---|
| | testimony from the Lee deposition is overruled.  Lee's testimony regarding the meeting between the parties is relevant to notice, even though Mr. Lee does not identify specific patents.<br><br>Apple agreed to use the official jury book photograph of Mr. Lee in order to aid the jury and to use ellipses in the deposition quotes to indicate the page spaces. Apple's concession moots these parts of Samsung's objection. |
| 11 | Sustained in part, overruled in part.  Mr. Ahn was a Samsung Electronics executive that testified at trial through deposition, thus making Apple's slide misleading.  Apple must change the title of the slide to accurately reflect the record. |
| 12 | Overruled.  This slide relates to the testimony and impeachment of Jeeyuen Wang.  Apple may argue that Ms. Wang was impeached by the documentary evidence in her custody. |
| 13-17 | Overruled.  Samsung contests the quality of the photographs used to depict their products.  There is nothing misleading about the quality of the photo reproduction Apple has used. |
| 18-19 | Sustained in part, overruled in part.  These slides demonstrate that Samsung did not introduce its own design patent infringement expert.  Apple may point this out to the jury, and doing so is not improper.  However, slide number 19, which uses the Quinn Emmanuel logo to imply that cross-examination by attorneys is an inappropriate method by which to challenge an expert's opinion is improper. |
| 20-22 | Overruled.  Samsung contests the quality of the photographs used to depict their products.  There is nothing misleading about the quality of the photo reproduction Apple has used. |
| 23 | Overruled.  These slides demonstrate that Samsung did not introduce its own design patent infringement expert.  Apple may point this out to the jury, and doing so is not improperly misleading. |
| 26 | Overruled.  Samsung objects to the title of the slide because Samsung claims that the title misstates the test for infringement.  However, the slide accurately states the test for a primary reference in the context of obviousness. |
| 27 | Overruled.  Samsung objects to slide 27 as a misstatement on the law of secondary considerations.  However, Apple's statement of the law is not incorrect: the jury is required to consider secondary considerations in its analysis.  Therefore, the slide is not misleading. |
| 32, 34 | Overruled.  These slides demonstrate that Samsung did not introduce its own utility patent infringement experts related to Apple's patents.  Apple may point this out to the jury, and doing so is not improperly misleading. |
| 36 | Overruled.  This slide suggests that source code infringes on the '915 Patent.  Samsung argues that this slide is misleading because it suggests that the source code applies to all devices when it does not.  However, Apple's expert testified that the code is representative of the accused smartphones.  Apple's argument is not unduly misleading. |
| 37 | Sustained.  Samsung objects that Slide 37 contains an argument rebutting invalidity not previously disclosed and presents a theory not supported by evidence in the record.  Specifically, Samsung objects to the second bullet under Patent '915 which states: "No "distinguishing between a single input point . . . interpreted as the scroll operation and two or more input points . . . |

Case No.: 11-CV-01846-LHK
ORDER ON SAMSUNG'S OBJECTIONS TO APPLE'S CLOSING SLIDES

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

| | |
|---|---|
| | interpreted as the gesture operation." It appears that Apple never disclosed this theory in any of the Singh expert reports. Therefore, this theory (and the second bullet under the '915 Patent) is excluded. |
| 42 | Overruled. Samsung objects that the $360 per unit revenue is not in evidence. Apple has identified the source of the information in evidence, i.e. Samsung's total revenue divided by Samsung's total units sold. Therefore, the objection is overruled. |
| 44 | Overruled. Samsung objects that evidence of "indirect costs" is not the subject of any testimony. Apple has identified testimony regarding this topic. Therefore, the objection is overruled. Moreover, there is no indication that this slide relates to reasonable royalty rates for Apple's trade dress claim. |
| 45 | Overruled in part and sustained in part. Consistent with the Court's previous ruling, Apple's reference to "Accuracy Questioned by Magistrate Judge" in a demonstrative is unduly prejudicial. Apple was permitted to ask one question on cross-examination and was not permitted to include the reference in a demonstrative. Samsung's objection regarding the use of the term "indirect costs" is overruled for the reasons stated above. |
| 46 | Overruled. This slide shows Apple's damages scenarios. There is nothing unduly prejudicial or misleading about this slide. There is no indication that Apple is arguing for reasonable royalties for its trade dress claims. Finally, to the extent that Samsung objects to the use of the term "indirect costs," Samsung's objection is overruled for the reasons stated above. |
| 49 | Overruled. This slide quotes parts of the jury instructions on the burden of proof for patent damages. The modified quotation is not an unduly misleading statement of the law. |
| 52-53 | Overruled. Samsung contests the quality of the photographs used to depict their products. There is nothing misleading about the quality of the photo reproduction Apple has used. |
| Apple Defensive Slide 4 | Overruled. Samsung objects that the slide is misleading because the application date of the patent is irrelevant. Apple has revised the slide to call out the entire header, emphasizing the disclosure date and addressing Samsung's objection. |
| Apple Defensive Slide 10 | Overruled. This is a slide of the Agarwal prior art reference. There is nothing in the slide that suggests that Apple intends to argue claim construction to the jury. |

**IT IS SO ORDERED.**

Dated: August 21, 2012

*Lucy H. Koh*
_____
LUCY H. KOH
United States District Judge

3