UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| APPLE, INC., a California corporation, | ) Case No.: 11-CV-01846-LHK |
|---|---|
| Plaintiff, | ) |
| v. | ) ORDER ON APPLE'S OBJECTIONS TO ) SAMSUNG'S CLOSING SLIDES |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | ) (re: dkt. #1871) |
| Defendants. | ) |

## I. APPLE'S OBJECTIONS TO SAMSUNG'S CLOSING SLIDES

Apple has filed objections to Samsung's Closing Slides. After reviewing the parties' briefing, considering the record in the case, and balancing the considerations set forth in Federal Rules of Evidence 403, the Court rules on Apple's objections as follows:

| SAMSUNG SLIDE NUMBER | COURT'S RULING ON OBJECTION |
|---|---|
| SDX5000.002 | Overruled. Samsung stipulates to substituting slide 41 from Samsung's opening presentation. Samsung later used opening slide 41 again in its cross-examination of Dr. Winer. |

1

Case No.: 11-CV-01846-LHK
ORDER ON APPLE'S OBJECTIONS TO SAMSUNG'S CLOSING SLIDES

| | |
|---|---|
| SDX5000.001-002 | Overruled.  Samsung stipulates to substituting slides 41-42 from Samsung's opening presentation. |
| SDX5007.003-005 | Overruled.  Underlying document (SDX3973.009) is admitted into evidence as DX900.  This demonstrative goes to lack of copying. |
| SDX5001.022-025 | Sustained-In-Part and Overruled-In-Part.  Overruled as to SDX001.022, which shows the F700.  Sustained as to SDX001.023, a comparison for invalidity, contrary to the Court's limiting instruction.  Sustained as to SDX001.023, a comparison for non-infringement, contrary to the Court's limiting instruction.  Overruled as to SDX001.025, which the Court has already admitted to show that Apple compares its own products with others in the industry.  *See* ECF No. 1749 at 6. |
| SDX5001.035 | Overruled.  Samsung may use this demonstrative, which contains a continuous fragment of Mr. Bressler's testimony. |
| SDX5001.036-037 | Overruled.  Samsung may show the asserted design patent and the accused device.  Moreover, Apple has withdrawn its objection SDX5001.037. |
| SDX5002.037 and video labeled SDX5002.052-632.wmv | Sustained-In-Part and Overruled-In-Part.  Overruled as to the SDX5002.037; the Agnetta patent was admitted during trial as DX561.  Sustained as to the Agnetta video which was never presented to the jury during trial. |
| SDX5003.003 | Overruled.  Apple argues that this slide is misleading and irrelevant because it discusses the iPhone 3G in relation to '516 and '941 high-speed patents, which the iPhone 3G is not accused of infringing.<br><br>The significance of Samsung's high-speed patents is at issue.  Evidence that Apple advertises phone speed is relevant. |
| SDX5004.10 | Overruled.  The slide lists Samsung licensing partners.  The slide does not specify whether these are past or present licensing partners, and therefore does not misrepresent the evidence. |
| SDX5005.025 | Sustained-In-Part and Overruled-In-Part.  Sustained as to the first bullet.  Samsung must include the Court's entire claim construction of applet.  Overruled as to the second and third bullets.  Dr. Yang was permitted to testify about what was in his expert report regarding applet. |
| SDX5005.026 | Sustained.  Samsung stipulates to amending the bullet to which Apple objects to read, "Patent Office knew about the successor to the K700 – it considered the K750 user manual – and still issued the '711."  This amendment is consistent with Dr. Yang's testimony at 3666:20-3667:9. |
| SDX5006.001 | Sustained.  The costs to build the Golden Gate, Transamerica Pyramid, etc., are not in evidence. |
| SDX5006.005 | Overruled.  Although Apple is correct that Mr. Musika deducted the cost of goods sold, Mr. Musika did not deduct sales expenses in his damages calculations. |
| SDX5006.008 | Sustained.  The Court struck the design and trade dress apportionment analysis of Samsung's damages expert Mr. Wagner.  Samsung may not now introduce apportionment analysis without supporting expert testimony. |
| SDX5006.010-.011, SDX5006.017- | Overruled.  Samsung's proposed use of these slides to illustrate that Samsung's profits are available only for design and trade dress, and that Apple bears the burden of proof on lost profits, is not misleading. |

**United States District Court**
For the Northern District of California

.018.

**IT IS SO ORDERED.**

Dated: August 21, 2012

_Lucy H. Koh_
LUCY H. KOH
United States District Judge