# EXHIBIT 40

HIGHLY CONFIDENTIAL BUSINESS INFORMATION
JUN WON LEE - 3/5/2012

Page 1

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

---o0o---


APPLE, INC., a California
corporation,

          Plaintiff,

          vs.                              Case No.
                                           4:11-cv-01846-LHK
SAMSUNG ELECTRONICS CO., LTD.,
et al.,

          Defendants.
_____          /



DEPOSITION OF

JUN WON LEE

_____

Monday, March 05, 2012


HIGHLY CONFIDENTIAL BUSINESS INFORMATION





REPORTED BY:  RACHEL FERRIER, CSR 6948

                              (3-441636)

HIGHLY CONFIDENTIAL BUSINESS INFORMATION
JUN WON LEE - 3/5/2012

Page 18

1    BY MR. HEYISON:

2        Q   Okay.  So did you get involved with Apple

3    licensing matters before Apple filed its lawsuit in

4    court?

09:40:40    5        MR. WEINSTEIN:  Objection; vague and ambiguous,

6    lacks foundation.

7        THE WITNESS:  That is correct.

8    BY MR. HEYISON:

9        Q   Okay.  How long before Apple filed its lawsuit

09:41:13   10    in court did you get involved with Apple licensing

11    matters?

12        A   I don't remember the exact time frame, but

13    before, probably six months before that time --

14        THE INTERPRETER:  Interpreter's correction:

09:41:58   15    More than six months before that time, I studied the

16    negotiation and met with Apple.

17    BY MR. HEYISON:

18        Q   Okay.  What was the event that occurred after

19    which you got involved in Apple licensing matters?

09:42:31   20        MR. WEINSTEIN:  Objection; lacks foundation.

21        THE WITNESS:  It was after -- it was after the

22    first contact from Apple about our infringement of a

23    patent.

24        THE CHECKER INTERPRETER:  Just quick

09:43:24   25    interjection.

e5d97282-55e7-4358-a0f1-71abcdb1c12f

HIGHLY CONFIDENTIAL BUSINESS INFORMATION
JUN WON LEE - 3/5/2012

Page 19

1           "It was after Apple had contacted us in regard

2       to the patent infringement issue."

3           THE INTERPRETER:  And the -- the witness said,

4       "The first contact, after the first contact."

09:44:03    5           MR. HEYISON:  Okay.  So is there a disagreement

6       among you on this, and is that just noted on the record

7       or -- or what?

8           THE CHECKER INTERPRETER:  There isn't any

9       substantive disagreement to my eyes.  First -- the --

09:44:20   10       the word "first" can be inserted in that answer, which

11      is just fine.

12      BY MR. HEYISON:

13          Q   Okay.  Was that first contact in writing or a

14      meeting?

09:44:39   15      A   Since I did not receive it, I don't know for

16      sure, but probably with Steve Jobs or with the

17      management of Apple and the management of our company,

18      there might have been a meeting when the issue came up.

19          THE CHECKER INTERPRETER:  Just quickly.

09:45:44   20          "Since I was not the one who got the contact,

21      I'm not entirely sure, but it was probably at the

22      meeting between Steve Jobs or the Apple management with

23      my company's management when that issue came up."

24          MR. HEYISON:  I really don't see any difference

09:46:18   25      between those two, frankly.

Merrill Corporation - Boston

e5d97282-55e7-4358-a0f1-71abcdb1c12f

HIGHLY CONFIDENTIAL BUSINESS INFORMATION
JUN WON LEE - 3/5/2012

Page 32

|         |    |                                                          |
|---------|----|----------------------------------------------------------|
|         | 1  | MR. WEINSTEIN:  Objection; outside the scope.            |
|         | 2  | THE WITNESS:  I don't remember any specific              |
|         | 3  | contents in detail.                                      |
|         | 4  | BY MR. HEYISON:                                          |
| 10:16:47| 5  | Q   And so what did Apple say in response?               |
|         | 6  | MR. WEINSTEIN:  Objection; outside the scope.            |
|         | 7  | MR. HEYISON:  Samsung.  Thank you.                       |
|         | 8  | Q   What did Samsung say in response?                    |
|         | 9  | MR. WEINSTEIN:  Same objection.                          |
| 10:17:06| 10 | THE WITNESS:  Samsung contended that there was           |
|         | 11 | no such infringement and also requested the evidences    |
|         | 12 | for the contention of the infringement.                  |
|         | 13 | BY MR. HEYISON:                                          |
|         | 14 | Q   Okay.  At that first meeting you attended,           |
| 10:17:49| 15 | Mr. Lee, did Samsung assert that Apple was infringing    |
|         | 16 | any of Samsung's patents?                                |
|         | 17 | MR. WEINSTEIN:  Objection; outside the scope.            |
|         | 18 | THE WITNESS:  Samsung did not assert that any            |
|         | 19 | specific Samsung's patent was infringed.                 |
| 10:18:32| 20 | BY MR. HEYISON:                                          |
|         | 21 | Q   At that meeting, that first meeting, did             |
|         | 22 | Samsung tell Apple that Samsung believed Apple was       |
|         | 23 | infringing any Samsung patents?                          |
|         | 24 | MR. WEINSTEIN:  Objection; outside the scope.            |
| 10:19:10| 25 | THE WITNESS:  It is possible that Samsung might          |

e5d97282-55e7-4358-a0f1-71abcdb1c12f

HIGHLY CONFIDENTIAL BUSINESS INFORMATION
JUN WON LEE - 3/5/2012

Page 55

1       Let me just finish again.

2               Objection; outside the scope.  Objection; vague

3       and ambiguous.

4               THE WITNESS:  I just understood it --

11:48:14   5    THE INTERPRETER:  Interpreter's correction:  I

6       just understood that Samsung had some complaints but --

7       Apple had some complaints, but Apple did not make any

8       specific assertions.

9       BY MR. HEYISON:

11:48:31  10    Q    Well, did Apple mention design patents?

11              MR. WEINSTEIN:  Objection; outside the scope.

12              THE WITNESS:  I don't remember there was no --

13      I mean no such -- I don't remember hearing such mention.

14      BY MR. HEYISON:

11:49:07  15    Q    And did Apple mention its transaction?

16              MR. WEINSTEIN:  Same objection.

17              THE WITNESS:  My recollection is that they did

18      not make any such mention.

19      BY MR. HEYISON:

11:49:32  20    Q    Okay.  And in those first two meetings you

21      attended, did Apple mention its trade dress?

22              MR. WEINSTEIN:  Same objection.

23              THE WITNESS:  I cannot remember everything

24      exactly, and also I'm not confident if I heard

11:50:24  25    everything that they said, but as far as I could

Merrill Corporation - Boston

e5d97282-55e7-4358-a0f1-71abcdb1c12f

HIGHLY CONFIDENTIAL BUSINESS INFORMATION
JUN WON LEE - 3/5/2012

Page 56

1    remember or as far as I know, I don't think there was

2    such assertions.

3    BY MR. HEYISON:

4        Q    Okay.  Now --

11:50:40   5        A    Assertion.

6        Q    Okay.  In those first two meetings that you

7    attended, what was Apple asking Samsung to do with

8    respect to copying the iPhone?

9            MR. WEINSTEIN:  Objection; outside the scope,

11:51:16  10    vague and ambiguous.

11            THE WITNESS:  There was no specific request was

12    made, but it was a meeting where the Apple -- that

13    Samsung know that Apple had these kind of complaints,

14    and they talk about their complaints.

11:51:58  15    BY MR. HEYISON:

16        Q    Okay.  Well, Mr. Lee, was it clear to you after

17    those first and second meetings that Apple wanted

18    Samsung to stop copying the design of its iPhone?

19            MR. WEINSTEIN:  Objection; outside the scope,

11:52:37  20    lacks foundation.

21            THE WITNESS:  It was not clear, but, anyway,

22    the assertion about copying or infringement is same as

23    the request, to stop copying or infringement in this IP

24    industry, to my understanding.

11:53:31  25    BY MR. HEYISON:

e5d97282-55e7-4358-a0f1-71abcdb1c12f

# ERRATA SHEET

NAME OF CASE:        Apple v. Samsung, No. 11-cv-1846-LHK (ND Cal)

DATE OF DEPOSITION:          March 5, 2012 (Vol. 1)

NAME OF WITNESS:          Jun Won Lee

Reason Codes:

    1.    To clarify the record.
    2.    To conform to the facts.
    3.    To correct transcription errors.

| Page | Line | Now Reads | Should Read | Reason |
|------|------|-----------|-------------|--------|
| 16 | 5 | entering a | entering into a | 1 |
| 16 | 18 | mobile phone | mobile phones | 1 |
| 22 | 22 | sineo | for a | 3 |
| 22 | 23 | ago so | so | 1 |
| 22 | 25 | touch wheel issue, touch wheel | a touch wheel issue; a touch wheel | 1 |
| 28 | 6 | I met | we met | 1 |
| 32 | 19 | Samsung's | Samsung | 3 |
| 33 | 10 | Samsung's | Samsung | 3 |
| 42 | 14 | I think I did. | I think I do. | 1 |
| 42 | 16 | make | made | 1 |
| 42 | 17 | such meeting, I don't need them anymore, so I discard | the meeting, I didn't need them anymore, so I discarded | 1 |
| 53 | 17 | none about | no mention of | 1 |
| 57 | 16 | a different terms and condition | different terms and conditions | 1 |
| 58 | 16 | the Apple's | Apple's | 1 |
| 58 | 22 | includes | include | 1 |
| 62 | 25 | Nothing. | No. | 1 |
| 63 | 15 | The next meeting after this. | Yes, the next meeting after that one. | 1 |
| 69 | 5 | Samsung have | Samsung has | 1 |
| 74 | 20 | royalty | royalties | 1 |
| 74 | 23 | royalty | royalties | 1 |
| 79 | 19 | base that | based that | 1 |
| 80 | 24 | Apple. | Apple's agreement. | 1 |
| 81 | 10 | license | licensed | 1 |
| 89 | 11 | the Microsoft | Microsoft | 1 |
| 90 | 3 | the Microsoft | Microsoft | 1 |
| 93 | 6 | May not be exact | It may not be exact | 1 |
| 97 | 8 | I rather like you | I rather pose | 1 |

Highly Confidential - Attorneys' Eyes Only

Page 2

| 98 | 1 | experiences in licensing agreement | experience in licensing agreements | 1 |
|---|---|---|---|---|
| 98 | 15 | cannot | do not | 1 |
| 98 | 17 | cannot | do not | 1 |
| 101 | 16 | standard's | standards | 3 |
| 101 | 17 | standard's | standards | 3 |
| 110 | 4 | the companies | companies | 1 |
| 113 | 11 | reviewed about the companies | reviewed the portfolios of companies | 1 |
| 114 | 5 | values valuation | valuation | 1 |
| 114 | 10 | there is no such thing | no | 1 |
| 118 | 21 | made or not | were made or not | 1 |
| 119 | 10 | I have not involved | I have not been involved | 1 |
| 122 | 23 | -- Apple nor | -- neither Apple nor | 1 |
| 133 | 15 | assertion where | assertion | 1 |
| 133 | 16 | the Ericsson conducted – Ericsson had an improper | that Ericsson conducted – Ericsson engaged in improper | 1 |
| 139 | 22 | it's | is | 1 |
| 140 | 13 | on a | on the | 1 |
| 140 | 23 | we have | rely | 1 |
| 143 | 15 | that | those | 1 |
| 145 | 9 | we had | did we | 1 |
| 145 | 10 | sought | seek a | 1 |
| 145 | 17 | demanded royalty | demanded royalties | 1 |
| 149 | 10 | Some Samsung | Samsung | 1 |
| 152 | 18 | applying patents | applying for patents | 1 |
| 154 | 4 | Apples | Apple | 3 |
| 157 | 10 | entered | entered into | 1 |

Signed: _JUN WON LEE_____          Date: _May 24, 2012_____

HIGHLY CONFIDENTIAL BUSINESS INFORMATION
JUN WON LEE - 3/5/2012

Page 164

1          MR. OLSON:  But we can save some of that with

2     me, actually, tomorrow morning saying closing that

3     notice -- or closing that transcript or not.

4          MR. HEYISON:  Okay.

19:32:25   5          MR. WEINSTEIN:  And the one request I would

6     make is that for the specific documents where you made

7     requests for production, if you could put that in

8     writing.

9          MR. HEYISON:  We will do so.

19:32:34   10         MR. WEINSTEIN:  Very good.

11         MR. HEYISON:  Thank you.

12         THE VIDEOGRAPHER:  This marks the end of Tape

13    No. 5 in the deposition of Jun Won Lee.

14         Going off the record, the time is 7:32.

19:32:48   15         (Whereupon, the deposition was adjourned at

16         7:32 p.m. )

17                         ---o0o---

18         I declare under penalty of perjury that the

19    foregoing is true and correct.  Subscribed at

20    _____SF_____, California, this 24 day of

21    _____May_____, 2012.

22

23                              _____

24                              Signature of the witness

25

Merrill Corporation - Boston
617-542-0039                    www.merrillcorp.com/law

e5d97282-55e7-4358-a0f1-71abcdb1c12f

# EXHIBIT 41

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO.,
LTD., SAMSUNG ELECTRONICS AMERICA,
INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>        Plaintiff,<br><br>    vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>        Defendant. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S OBJECTIONS TO APPLE'S NOTICE OF RULE 30(B)(6) DEPOSITION OF SAMSUNG ELECTRONICS CO., LTD. RELATING TO APPLE'S MOTION FOR A PRELIMINARY INJUNCTION** |

In accordance with Federal Rule of Civil Procedure 30(b)(6), Samsung Electronics Co., Ltd. ("Samsung") hereby serves its objections to the Notice of Rule 30(b)(6) Deposition of Samsung Relating to Apple's Motion for a Preliminary Injunction served by Apple Inc. ("Apple") on August 26, 2011.

## GENERAL OBJECTIONS

Samsung makes the following general responses and objections ("General Objections") to each deposition topic listed in Apple's notice of deposition. These General Objections are hereby incorporated into each specific response. The assertion of the same, similar, or additional objections or partial responses to the individual deposition topics does not waive any of Samsung's General Objections. Samsung reserves its right to object to any questions asked of any deponent during a deposition.

1.      Samsung objects to the designation of Morrison & Foerster LLP's San Francisco, California, offices as the location for the deposition and to the deposition as "continu[ing] day-to-day until completed." Samsung will confer with Apple on mutually-agreeable date(s), location(s), and times for the deposition.

2.      Samsung objects to the "Definitions" contained in Apple's Notice of Rule 30(B)(6) Deposition of Samsung Electronics Co., Ltd. Relating to Apple's Motion for a Preliminary Injunction to the extent they are inconsistent with the Federal Rules of Civil Procedure.

3.      Samsung objects to Apple's Definition of "Samsung," "You," "Your," and "Defendants" as overly broad to the extent it requires Samsung to pursue information from individuals no longer employed by Samsung whose data is not currently in the possession of Samsung. Samsung further objects to Apple's Definition of "Samsung," "You," "Your," and "Defendants" as overly broad, vague, and ambiguous to the extent it does not define "affiliates," and also to the extent that it requires Samsung to potentially seek information from thousands of people. Samsung will respond to interrogatories based on a reasonable inquiry of individuals expected to possess the requested information.

4.      Samsung objects to Apple's definition of "Products at Issue" as overly broad and

neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, insofar as it seeks information about these products "as released anywhere in the world" and is not limited to products sold in the United States.

5.    Samsung objects to Apple's definition of "Hardware Design" as overly broad, vague, and ambiguous insofar as it includes "all hardware, insignia or ornamentation thereon."

6.    Samsung objects to Apple's definition of "Relating," and each and every interrogatory that uses the term "Relating," as overly broad, vague and ambiguous.

7.    Samsung further objects to this notice as improperly delayed.  Apple has known about the Court's discovery schedule relating to Apple's motion for a preliminary injunction since July 18, 2011.  While Apple had the opportunity to serve this notice at an earlier time, it waited until the last possible date under the Court's Order to serve this deposition notice, along with interrogatories and over 60 additional document requests.  This notice seeks information that Apple could have requested at a much earlier date.  None of the topics below are dependent on any arguments raised in Samsung's Opposition to Apple's preliminary injunction.  Therefore, Samsung objects to Apple's bad faith in delaying service of this deposition notice.

Subject to the foregoing qualifications and General Objections and the specific objections made below, Samsung objects and responds to Apple's Notice of Rule 30(b)(6) Deposition of Samsung Relating to Apple's Motion for a Preliminary Injunction as follows:

<u>**TOPICS**</u>

<u>**TOPIC NO. 1**</u>:

Samsung's imitation, copying, or emulation of any Apple product in developing, creating, or designing any of the Products at Issue.

<u>**RESPONSE TO TOPIC NO. 1**</u>:

In addition to its General Objections, which it hereby incorporates by reference, Samsung objects to this topic to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity.  Samsung further objects to the topic as vague and ambiguous; for example, the terms "imitation, copying or

emulation" are vague and ambiguous. Samsung further objects to the topic to the extent it seeks information that is not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence. Samsung further objects to the topic as overbroad in that it seeks information pertaining to products not at issue in Apple's motion for a preliminary injunction and/or this litigation. Samsung further objects to this topic as oppressive and harassing inasmuch as it improperly and without basis implies Samsung engaged in copying and other such activity. Samsung further objects to the topic as overbroad in that it is not limited to any reasonable time period and seeks information from time periods not at issue in Apple's motion for a preliminary injunction and/or this litigation.

Subject to and without waiving the foregoing objections, and without representing that any information responsive to the topic exists, Samsung will designate one or more witnesses on this topic, limited to the features in the Products at Issue that Apple has accused of infringement in its preliminary injunction motion and relating only to the following "Apple product(s)": the Apple iPhone or iPad products.

**TOPIC NO. 2:**

The development and/or design of the Hardware Design of the Products at Issue.

**RESPONSE TO TOPIC NO. 2:**

In addition to its General Objections, which it hereby incorporates by reference, Samsung objects to this topic to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity. Samsung further objects to the topic as vague and ambiguous; for example, the terms "Hardware Design" is vague and ambiguous. Samsung further objects to the topic to the extent it seeks information that is not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence. Samsung further objects to the topic as overbroad in that it seeks information pertaining to products released outside the U.S., which are not at issue in Apple's motion for a preliminary injunction.

1    Subject to and without waiving the foregoing objections, and without representing that any

2    information responsive to the topic exists, Samsung will designate one or more witnesses on this

3    topic, limited to development or design activities relating to the features in the Products at Issue

4    that Apple has accused of infringement in its preliminary injunction motion .

5    **TOPIC NO. 3:**

6    The identity of the individuals involved in the development and/or design of the Hardware

7    Design of the Products at Issue and the roles and responsibilities of each.

8    **RESPONSE TO TOPIC NO. 3:**

9    In addition to its General Objections, which it hereby incorporates by reference, Samsung

10    objects to this topic to the extent that it seeks to elicit information subject to and protected by the

11    attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the

12    common interest doctrine, and/or any other applicable privilege or immunity.  Samsung further

13    objects to the topic as vague and ambiguous; for example, the term "Hardware Design" is vague

14    and ambiguous.  Samsung further objects to the topic to the extent it seeks information that is not

15    relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the

16    discovery of admissible evidence.  Samsung further objects to the topic as overbroad in that it

17    seeks information pertaining to products released outside the U.S., which are not at issue in

18    Apple's motion for a preliminary injunction.

19    Subject to and without waiving the foregoing objections, and without representing that any

20    information responsive to the topic exists, Samsung will designate one or more witnesses on this

21    topic, limited to activities relating to the features in the Products at Issue that Apple has accused of

22    infringement in its preliminary injunction motion.

23    **TOPIC NO. 4:**

24    The identity of the individuals involved in marketing the Products at Issue and the roles

25    and responsibilities of each.

26    **RESPONSE TO TOPIC NO. 4:**

27    In addition to its General Objections, which it hereby incorporates by reference, Samsung

28    objects to this topic to the extent that it seeks to elicit information subject to and protected by the

SAMSUNG'S OBJ. TO APPLE'S NOTICE OF RULE 30(B)(6) DEPOSITION

attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity. Samsung further objects to the topic as vague and ambiguous; for example, the term "marketing" is vague and ambiguous. Samsung further objects to the topic to the extent it seeks information that is not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence. Samsung further objects to the topic as overbroad in that it seeks information pertaining to products released outside the U.S., which are not at issue in Apple's motion for a preliminary injunction.

Subject to and without waiving the foregoing objections, and without representing that any information responsive to the topic exists, Samsung will designate one or more witnesses on this topic, limited to identifying the primary individuals responsible for activities relating to the Products at Issue.

**TOPIC NO. 5:**

The development and/or design of features in the Products at Issue relating to (1) the functionality that allows for a list to be scrolled beyond its terminus or a document to be translated beyond its edge until the list or document is partially displayed; and (2) functionality that allows for a list that is scrolled beyond its terminus to scroll back or bounce back into place or for a document that is translated beyond its edge to translate back or bounce back so that the list or document returns to fill the screen.

**RESPONSE TO TOPIC NO. 5:**

In addition to its General Objections, which it hereby incorporates by reference, Samsung objects to this topic to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity. Samsung objects to this Request on the grounds that it is vague, ambiguous, or overly broad with regard to the terms "scrolled beyond its terminus" or "translated beyond its edge" or "translate back" or "functionality." Samsung further objects to the topic to the extent it seeks information that is not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the

discovery of admissible evidence.  Samsung further objects to the topic as overbroad in that it seeks information pertaining to products released outside the U.S., which are not at issue in Apple's motion for a preliminary injunction.

Subject to and without waiving the foregoing objections, and without representing that any information responsive to the topic exists, Samsung will designate one or more witnesses on this topic, limited to activities relating to the Products at Issue.

**TOPIC NO. 6:**

Aesthetic, functional, and cost considerations that affected, constrained, or altered the Hardware Design of the Galaxy S 4G, Infuse 4G, and Galaxy Tab 10.1.

**RESPONSE TO TOPIC NO. 6:**

In addition to its General Objections, which it hereby incorporates by reference, Samsung objects to this topic to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity.  Samsung objects to this Request on the grounds that it is vague and ambiguous with regard to the terms "aesthetic, functional, and cost considerations" or "affected, constrained, or altered" or "Hardware Design." Samsung further objects to the topic to the extent it seeks information that is not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.  Samsung further objects to the topic as overbroad in that it seeks information pertaining to products released outside the U.S., which are not at issue in Apple's motion for a preliminary injunction.

Subject to and without waiving the foregoing objections, and without representing that any information responsive to the topic exists, Samsung will designate one or more witnesses on this topic, limited to activities relating to the features in the Products at Issue that Apple has accused of infringement in its preliminary injunction motion.

**TOPIC NO. 7:**

Alternative Hardware Designs considered by Samsung during the development of the Galaxy S 4G, Infuse 4G, and Galaxy Tab 10.1.

**RESPONSE TO TOPIC NO. 7:**

In addition to its General Objections, which it hereby incorporates by reference, Samsung objects to this topic to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity. Samsung objects to this Request on the grounds that it is vague and ambiguous with regard to the term "Hardware Designs." Samsung further objects to the topic to the extent it seeks information that is not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence. Samsung further objects to the topic as overbroad in that it seeks information pertaining to products released outside the U.S., which are not at issue in Apple's motion for a preliminary injunction.

Subject to and without waiving the foregoing objections, and without representing that any information responsive to the topic exists, Samsung will designate one or more witnesses on this topic, limited to the features in the Products at Issue that Apple has accused of infringement in its preliminary injunction motion.

**TOPIC NO. 8:**

Alternative user interfaces considered by Samsung during the development of the Galaxy S 4G, Infuse 4G, Droid Charge, and Galaxy Tab 10.1.

**RESPONSE TO TOPIC NO. 8:**

In addition to its General Objections, which it hereby incorporates by reference, Samsung objects to this topic to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity. Samsung objects to this Request on the grounds that it is vague and ambiguous with regard to the term "user interfaces." Samsung further objects to the topic to the extent it seeks information that is not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence. Samsung further objects to the topic as overbroad in that it

1  seeks information pertaining to products released outside the U.S., which are not at issue in

2  Apple's motion for a preliminary injunction.

3      Subject to and without waiving the foregoing objections, and without representing that any

4  information responsive to the topic exists, Samsung will designate one or more witnesses on this

5  topic, limited to the features in the Products at Issue that Apple has accused of infringement in its

6  preliminary injunction motion.

7  **TOPIC NO. 9:**

8      Any reference to or consideration of an Apple product during the design of the Products at

9  Issue.

10 **RESPONSE TO TOPIC NO. 9:**

11     In addition to its General Objections, which it hereby incorporates by reference, Samsung

12 objects to this topic to the extent that it seeks to elicit information subject to and protected by the

13 attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the

14 common interest doctrine, and/or any other applicable privilege or immunity.  Samsung objects to

15 this Request on the grounds that it is vague, ambiguous or overly broad with regard to the terms

16 "reference to" or "consideration."  Samsung further objects to the topic to the extent it seeks

17 information that is not relevant to the claims or defenses of any party and/or not reasonably

18 calculated to lead to the discovery of admissible evidence.  Samsung further objects to the topic as

19 overbroad in that it seeks information pertaining to products not at issue in Apple's motion for a

20 preliminary injunction and/or this litigation.  Samsung further objects to the topic as overbroad in

21 that it is not limited to any reasonable time period and seeks documents and things from time

22 periods not at issue in Apple's motion for a preliminary injunction and/or this litigation.  Samsung

23 further objects to the topic as overbroad in that it seeks information pertaining to products released

24 outside the U.S., which are not at issue in Apple's motion for a preliminary injunction.

25     Subject to and without waiving the foregoing objections, and without representing that any

26 information responsive to the topic exists, Samsung will designate one or more witnesses on this

27 topic, limited to the features in the Products at Issue that Apple has accused of infringement in its

28

preliminary injunction motion and relating only to the following "Apple product(s)": the Apple iPhone or iPad products.

**TOPIC NO. 10:**

Your awareness of any of the Patents at Issue.

**RESPONSE TO TOPIC NO. 10:**

In addition to its General Objections, which it hereby incorporates by reference, Samsung objects to this topic to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity. Samsung objects to this Request on the grounds that it is vague, ambiguous or overly broad with regard to the term "awareness." Samsung further objects to the topic to the extent it seeks information that is not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence. Samsung further objects to the topic as overbroad in that it is not limited to any reasonable time period and seeks documents and things from time periods not at issue in Apple's motion for a preliminary injunction and/or this litigation.

Subject to and without waiving the foregoing objections, and without representing that any information responsive to the topic exists, Samsung will meet and confer with Apple regarding what testimony Apple seeks with this topic, and how that testimony is relevant to Apple's motion for a preliminary injunction.

**TOPIC NO. 11:**

Your analysis, review, consideration, or copying of, or comparison against, any Apple product or product feature with respect to any features of the Products at Issue, including (1) their Hardware Design; (2) the functionality that allows for a list to be scrolled beyond its terminus or a document to be translated beyond its edge until the list or document is partially displayed; and (3) functionality that allows for a list that is scrolled beyond its terminus to scroll back or bounce back into place or for a document that is translated beyond its edge to translate back or bounce back so that the list or document returns to fill the screen.

**RESPONSE TO TOPIC NO. 11:**

In addition to its General Objections, which it hereby incorporates by reference, Samsung objects to this topic to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity. Samsung objects to this Request on the grounds that it is vague, ambiguous or overly broad with regard to the terms "analysis, review, consideration," "Hardware Design," "scrolled beyond its terminus," "translated beyond its edge," or "functionality." Samsung further objects to the topic to the extent it seeks information that is not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence. Samsung further objects to the topic as overbroad in that it seeks information pertaining to products not at issue in Apple's motion for a preliminary injunction and/or this litigation. Samsung further objects to this topic as oppressive and harassing inasmuch as it implies Samsung engaged in copying and other such activity. Samsung further objects to the topic as overbroad in that it is not limited to any reasonable time period and seeks documents and things from time periods not at issue in Apple's motion for a preliminary injunction and/or this litigation. Samsung further objects to the topic as overbroad in that it seeks information pertaining to products released outside the U.S., which are not at issue in Apple's motion for a preliminary injunction.

Subject to and without waiving the foregoing objections, and without representing that any information responsive to the topic exists, Samsung will designate one or more witnesses on this topic, limited to the features in the Products at Issue that Apple has accused of infringement in its preliminary injunction motion and relating only to the following "Apple product(s)": the Apple iPhone or iPad products.

**TOPIC NO. 12:**

Your communications with Apple relating to the Patents at Issue.

**RESPONSE TO TOPIC NO. 12:**

In addition to its General Objections, which it hereby incorporates by reference, Samsung objects to this topic to the extent that it seeks information that are not relevant to the claims or

defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.  Samsung further objects to the topic to the extent it seeks communications equally or more readily available to Apple than to Samsung.  Samsung further objects to the topic as overbroad in that it is not limited to any reasonable time period and seeks information from time periods not at issue in Apple's motion for a preliminary injunction and/or this litigation.  Samsung further objects to the topic as overbroad in that it seeks information pertaining to products released outside the U.S., which are not at issue in Apple's motion for a preliminary injunction.

Subject to and without waiving the foregoing objections, and without representing that any information responsive to the topic exists, Samsung will designate one or more witnesses on this topic.

**TOPIC NO. 13:**

Your communications with Apple relating to the Products at Issue.

**RESPONSE TO TOPIC NO. 13:**

In addition to its General Objections, which it hereby incorporates by reference, Samsung objects to this topic to the extent that it seeks information that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.  Samsung further objects to the topic as overbroad in that it seeks information regarding products not at issue in Apple's motion for a preliminary injunction.  Samsung further objects to the topic to the extent it seeks communications equally or more readily available to Apple than to Samsung.  Samsung further objects to the topic as overbroad in that it is not limited to any reasonable time period and seeks information from time periods not at issue in Apple's motion for a preliminary injunction and/or this litigation.  Samsung further objects to the topic as overbroad in that it seeks information pertaining to products released outside the U.S., which are not at issue in Apple's motion for a preliminary injunction.

Subject to and without waiving the foregoing objections, and without representing that any information responsive to the topic exists, Samsung will designate one or more witnesses on this topic, limited to the features in the Products at Issue that Apple has accused of infringement in its preliminary injunction motion.

1  **TOPIC NO. 14:**

2      Any customer surveys, market studies, market analyses, or other investigations conducted

3  by Samsung or on behalf of Samsung relating to the Products at Issue.

4  **RESPONSE TO TOPIC NO. 14:**

5      In addition to its General Objections, which it hereby incorporates by reference, Samsung

6  objects to this topic to the extent that it seeks to elicit information subject to and protected by the

7  attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the

8  common interest doctrine, and/or any other applicable privilege or immunity.  Samsung objects to

9  this Request on the grounds that it is vague, ambiguous or overly broad with regard to the terms

10  "market studies" or "market analyses" or "investigations."  Samsung further objects to the topic to

11  the extent it seeks information that is not relevant to the claims or defenses of any party and/or not

12  reasonably calculated to lead to the discovery of admissible evidence.  Samsung further objects to

13  the topic as overbroad in that it seeks information pertaining to products not at issue in Apple's

14  motion for a preliminary injunction and/or this litigation.  Samsung further objects to the topic as

15  overbroad in that it is not limited to any reasonable time period and seeks documents and things

16  from time periods not at issue in Apple's motion for a preliminary injunction and/or this litigation.

17  Samsung further objects to the topic as overbroad in that it seeks information pertaining to

18  products released outside the U.S., which are not at issue in Apple's motion for a preliminary

19  injunction.

20      Subject to and without waiving the foregoing objections, and without representing that any

21  information responsive to the topic exists, Samsung will meet and confer with Apple regarding

22  what testimony Apple seeks with this topic, and how that testimony is relevant to Apple's motion

23  for a preliminary injunction.

24  **TOPIC NO. 15:**

25      Any reference to Apple or Apple products in advertising of the Products at Issue.

26  **RESPONSE TO TOPIC NO. 15:**

27      In addition to its General Objections, which it hereby incorporates by reference, Samsung

28  objects to this topic to the extent that it seeks information that is not relevant to the claims or

1  defenses of any party and/or not reasonably calculated to lead to the discovery of admissible

2  evidence. Samsung further objects to the topic as overbroad in that it seeks information pertaining

3  to products not at issue in Apple's motion for a preliminary injunction and/or this litigation.

4  Samsung further objects to the topic as overbroad in that it is not limited to any reasonable time

5  period and seeks documents and things from time periods not at issue in Apple's motion for a

6  preliminary injunction and/or this litigation. Samsung further objects to the topic to the extent it

7  seeks publicly available information equally or more readily available to Apple than to Samsung.

8  Samsung further objects to the topic as overbroad in that it seeks information pertaining to

9  products released outside the U.S., which are not at issue in Apple's motion for a preliminary

10  injunction.

11         Subject to and without waiving the foregoing objections, and without representing that any

12  information responsive to the topic exists, Samsung will meet and confer with Apple regarding

13  what testimony Apple seeks with this topic, and how that testimony is relevant to Apple's motion

14  for a preliminary injunction.

15  **TOPIC NO. 16:**

16         Your identification or analysis of the market or markets to which Samsung intends to sell

17  the Products at Issue.

18  **RESPONSE TO TOPIC NO. 16:**

19         In addition to its General Objections, which it hereby incorporates by reference, Samsung

20  objects to this topic to the extent that it seeks to elicit information subject to and protected by the

21  attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the

22  common interest doctrine, and/or any other applicable privilege or immunity. Samsung objects to

23  this Request on the grounds that it is vague, ambiguous or overly broad with regard to the terms

24  "analysis" or "market or markets." Samsung further objects to the topic to the extent it seeks

25  information that is not relevant to the claims or defenses of any party and/or not reasonably

26  calculated to lead to the discovery of admissible evidence. Samsung further objects to the topic as

27  overbroad in that it seeks information pertaining to products not at issue in Apple's motion for a

28  preliminary injunction and/or this litigation. Samsung further objects to the topic as overbroad in

SAMSUNG'S OBJ. TO APPLE'S NOTICE OF RULE 30(B)(6) DEPOSITION

1  that it is not limited to any reasonable time period and seeks documents and things from time

2  periods not at issue in Apple's motion for a preliminary injunction and/or this litigation. Samsung

3  further objects to the topic as overbroad in that it seeks information pertaining to products released

4  outside the U.S., which are not at issue in Apple's motion for a preliminary injunction.

5       Subject to and without waiving the foregoing objections, and without representing that any

6  information responsive to the topic exists, Samsung will designate one or more witnesses on this

7  topic.

8  **TOPIC NO. 17:**

9       Samsung's smartphones [*sic*] and tablet computer market share.

10 **RESPONSE TO TOPIC NO. 17:**

11      In addition to its General Objections, which it hereby incorporates by reference, Samsung

12 objects to this topic to the extent that it seeks to elicit information subject to and protected by the

13 attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the

14 common interest doctrine, and/or any other applicable privilege or immunity. Samsung further

15 objects to the topic to the extent it seeks information that is not relevant to the claims or defenses

16 of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

17 Samsung further objects to the topic as overbroad in that it seeks information pertaining to

18 products not at issue in Apple's motion for a preliminary injunction and/or this litigation.

19 Samsung further objects to the topic as overbroad in that it is not limited to any reasonable time

20 period and seeks documents and things from time periods not at issue in Apple's motion for a

21 preliminary injunction and/or this litigation. Samsung further objects to the topic as overbroad in

22 that it seeks information pertaining to products released outside the U.S., which are not at issue in

23 Apple's motion for a preliminary injunction.

24      Subject to and without waiving the foregoing objections, and without representing that any

25 information responsive to the topic exists, Samsung will designate one or more witnesses on this

26 topic, limited to the Products at Issue.

27

28

**TOPIC NO. 18:**

Any instances of consumer confusion in which Samsung was made aware that a person confused an Apple product for a Product at Issue, or a Product at Issue for an Apple product.

**RESPONSE TO TOPIC NO. 18:**

In addition to its General Objections, which it hereby incorporates by reference, Samsung objects to this topic to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity. Samsung objects to this Request on the grounds that it is vague, ambiguous or overly broad with regard to the term "customer confusion." Samsung further objects to this topic to the extent that it seeks information that is not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence. Samsung further objects to the topic as overbroad in that it seeks information pertaining to products not at issue in Apple's motion for a preliminary injunction and/or this litigation. Samsung further objects to the topic as overbroad in that it is not limited to any reasonable time period and seeks documents and things from time periods not at issue in Apple's motion for a preliminary injunction and/or this litigation. Samsung further objects to the topic as overbroad in that it seeks information pertaining to products released outside the U.S., which are not at issue in Apple's motion for a preliminary injunction.

Subject to and without waiving the foregoing objections, and without representing that any information responsive to the topic exists, Samsung will meet and confer with Apple regarding what testimony Apple seeks with this topic, and how that testimony is relevant to Apple's motion for a preliminary injunction.

**TOPIC NO. 19:**

Marketing and promotion of the Products at Issue.

**RESPONSE TO TOPIC NO. 19:**

In addition to its General Objections, which it hereby incorporates by reference, Samsung objects to this topic to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the

common interest doctrine, and/or any other applicable privilege or immunity.  Samsung objects to

this Request on the grounds that it is vague, ambiguous or overly broad with regard to the terms

"marketing" or "promotion."  Samsung further objects to the topic to the extent it seeks

information that is not relevant to the claims or defenses of any party and/or not reasonably

calculated to lead to the discovery of admissible evidence.  Samsung further objects to the topic as

overbroad in that it seeks information pertaining to products not at issue in Apple's motion for a

preliminary injunction and/or this litigation.  Samsung further objects to the topic as overbroad in

that it is not limited to any reasonable time period and seeks documents and things from time

periods not at issue in Apple's motion for a preliminary injunction and/or this litigation.  Samsung

further objects to the topic as overbroad in that it seeks information pertaining to products released

outside the U.S., which are not at issue in Apple's motion for a preliminary injunction.

   Subject to and without waiving the foregoing objections, and without representing that any

information responsive to the topic exists, Samsung will designate one or more witnesses on this

topic, limited to general marketing and promotion of the Products at Issue.

DATED: August 31, 2011          Respectfully submitted,

                    QUINN EMANUEL URQUHART &
                    SULLIVAN, LLP


                    By   /s/ Victoria Maroulis
                       Charles K. Verhoeven
                       Kevin P.B. Johnson
                       Victoria F. Maroulis
                       Michael T. Zeller
                       Attorneys for SAMSUNG ELECTRONICS CO.,
                       LTD., SAMSUNG ELECTRONICS AMERICA,
                       INC. and SAMSUNG
                       TELECOMMUNICATIONS AMERICA, LLC

# CERTIFICATE OF SERVICE

I hereby certify that on August 31, 2011, I caused **SAMSUNG'S OBJECTIONS TO APPLE'S NOTICE OF RULE 30(B)(6) DEPOSITION OF SAMSUNG ELECTRONICS CO., LTD. RELATING TO APPLE'S MOTION FOR A PRELIMINARY INJUNCTION** to be electronically served on the following via email:

**ATTORNEYS FOR APPLE INC.**

HAROLD J. MCELHINNY
hmcelhinny@mofo.com
MICHAEL A. JACOBS
mjacobs@mofo.com
JENNIFER LEE TAYLOR
jtaylor@mofo.com
ALISON M. TUCHER
atucher@mofo.com
RICHARD S.J. HUNG
rhung@mofo.com
JASON R. BARTLETT
jasonbartlett@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING HALE
AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING HALE
AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

I declare under penalty of perjury that the foregoing is true and correct. Executed in Redwood Shores, California on August 31, 2011.

_____/s/ Melissa N. Chan_____

# EXHIBIT 42





Report of the Samsung Mobile Design Team – "Master Popular Communication Piece" – Summer 2006 (Exh. 596.009)



# Samsung Designs In Development Before The iPhone

**"Vessel"**

**Report of the Samsung Mobile Design Team –
"MPCP Project 2006"** (Exh. 522.042)







# Samsung Designs In Development Before The iPhone

**"Q-Bowl"**

**Report of the Samsung Mobile Design Team – "MPCP Project 2006"** (Exh. 522.045)







# Samsung Designs In Development Before The iPhone

**"Bowl"**

**Report of the Samsung Mobile Design Team –**
**"MPCP Project 2006"** (Exh. 522.043)







# Samsung Designs In Development Before The iPhone

**"Slide"**

**Samsung Mobile Design Team –**
**"Master Popular Communication Piece" –**
**July 2006** (Exh. 625.010)







# Samsung Designs In Development Before The iPhone



Samsung Mobile UX Group – Report Entitled "IReen Interaction Design" – Sept. 14, 2006 (Exh. 566.014)

# Samsung Designs In Development Before The iPhone



**Samsung Mobile UX Group –
"IReen Interaction Design"**
(Sept. 14, 2006) (Exh. 566.014)









# Samsung Designs In Development Before The iPhone

**Samsung Mobile UX Group – "IReen Interaction Design"** (Sept. 14, 2006) (Exh. 566.038)







# Samsung Designs In Development Before The iPhone



Samsung "Vessel"

Samsung "Q-Bowl"

Samsung "Bowl"

Samsung "Slide"

Samsung Design from "IReen" Report

Initial iPhone

**2006**

**2007**

# EXHIBIT 43

# Apple's FRAND and Exhaustion Defenses are Meritless

# EXHIBIT 44

# Apple Also Does Not Disclose Before "Freeze" Date



**REQUEST FOR ADMISSION NO. 1824:**

Admit that U.S. Patent No. 5,835,721 was issued by the U.S. Patent and Trademark Office on November 10, 1998.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1824:**

Apple admits Request No. 1824.

**REQUEST FOR ADMISSION NO. 1828:**

Admit that 3GPP TS 04.60 Release 1999 was frozen at a meeting on December 17, 1999.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1828:**

Apple admits Request No. 1828.

**REQUEST FOR ADMISSION NO. 1846:**

Admit that APPLE disclosed U.S. Patent No. 5,835,721 as essential, or likely to become essential, with respect to the 3GPP TS 04.60 V8.27.0 Technical Specification more than six years after the technical specification was published.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1846:**

Apple admits Request No. 1846, but denies that such disclosure was untimely under the relevant facts and circumstances.

3/10/12 Apple Resp. to Samsung's RFA [1824; 1828; 1846]

# EXHIBIT 45



# The '711 Patent

- Apple admits no single prior art reference discloses Samsung's invention

- Apple merely argues that the '711 patent would have been obvious

- The Patent Office rejected invalidity arguments now made by Apple



# EXHIBIT 46



## Why Consumers Buy

- Apple's patents are for very small features among the hundreds of important factors in choosing to buy.

| | | |
|---|---|---|
| • Brand | • Screen Size | • Multimedia |
| • Price | • Easy to Use | • Available Apps |
| • Carrier | • Easy to Sync | • Turn-by-turn GPS |

# EXHIBIT 47

# Samsung Seeks A Reasonable Royalty while Apple Seeks More Than Samsung's Total Profits



# EXHIBIT 48



# Apple Is Overreaching

| SAMSUNG | Apple |
|---|---|
| **$348,618,213** for Samsung's essential patents | Apple has **<u>NO</u>** essential patents |
| **$22,843,684** for Samsung's non-essential patents | **$2,750,590,095** for Apple's non-essential patents |

# EXHIBIT 49

# Peter W. Bressler

**"The D'678 design and the front surfaces of each generation of the iPhone are also all substantially free of ornamentation."**