UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | Case No.: 11-CV-01846-LHK |
| Plaintiff and Counterdefendant, | ORDER RE: CHANGES TO FINAL JURY INSTRUCTIONS |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendants and Counterclaimants. | |

The Court intends to make the following typographical changes to the Final Jury Instructions filed last night at ECF No. 1893:

- Instruction No. 55 – Delete "[DISPUTED]"
- Instruction No. 58 – Replace SEC, SEA, and STA with entity names, and delete last paragraph
- Instruction No. 60 – Insert "is" at line 6

**IT IS SO ORDERED.**

Dated: August 21, 2012

_____
LUCY H. KOH
United States District Judge

1

5:11-CV-01846-LHK
ORDER RE: CHANGES TO JURY INSTRUCTIONS

## FINAL JURY INSTRUCTION NO. 55
## DESIGN PATENT DAMAGES—LOST PROFITS

Apple may alternatively recover compensatory damages in the form of lost profits. As previously explained, Apple may not recover both Samsung's profits and compensatory damages on each sale of an infringing product. In assessing Apple's right to recover lost profits for Samsung Electronics Company's, Samsung Electronics America's, and Samsung Telecommunications America's infringement of its design patents, you should apply the same rules I already explained in the context of lost profits for infringement of Apple's utility patents. Those Instructions are set out in Jury Instruction Nos. 36, 37, 38, and 39.

Wherever in those Instructions I referred to Apple's utility patents, you should now focus on Apple's design patents. Wherever in those Instructions I referred to the patented invention, you should now focus on the patented design. Wherever in those Instructions I referred to patented products or products covered by a patent claim, you should now focus on products or articles that use or embody the patented design.

# JURY INSTRUCTION NO. 58
# UTILITY AND DESIGN PATENTS—INDUCING PATENT INFRINGEMENT

Apple claims that Samsung Electronics Company actively induced its subsidiaries in the United States, Samsung Telecommunications America and Samsung Electronics America, to infringe Apple's utility and design patents. Samsung claims that Apple actively induced third parties to infringe Samsung's '460 patent.

In order for there to be inducement of infringement by either Samsung Electronics Company or Apple, someone else must directly infringe the asserted patent; if there is no direct infringement by anyone, there can be no induced infringement. In order to be liable for inducement of infringement, the alleged infringer must:

1. have intentionally taken action that actually induced direct infringement by another;

2. have been aware of the asserted patent; and

3. have known that the acts it was causing would be infringing.

The "knowledge" and "awareness" requirements for inducement can be satisfied by showing that a party was willfully blind. If Samsung Electronics Company or Apple did not know of the existence of the patent in question or that the acts it was inducing were infringing, it can be liable for inducement only if it actually believed that it was highly probable its actions would encourage infringement of a patent and it took intentional acts to avoid learning the truth. It is not enough that Samsung Electronics Company or Apple was merely indifferent to the possibility that it might encourage infringement of a patent. Nor is it enough that Samsung Electronics Company or Apple took a risk that was substantial and unjustified.

If you find that Samsung Electronics Company or Apple was aware of an asserted patent, but believed that the acts it encouraged did not infringe that patent, or that the patent was invalid, Samsung Electronics Company or Apple cannot be liable for inducement.

**FINAL JURY INSTRUCTION NO. 60**
**TRADE DRESS DILUTION AND INFRINGEMENT—INTRODUCTION**

Apple seeks damages against Samsung for diluting Apple's Registered Trade Dress No. 3,470,983, unregistered iPhone 3G trade dress, unregistered combination iPhone trade dress, and unregistered iPad/iPad 2 trade dress. Samsung denies that it diluted Apple's asserted trade dresses and contends the trade dresses are unprotectable and thus invalid.

Apple also seeks damages against Samsung for infringement of Apple's unregistered iPad/iPad 2 trade dress. Samsung denies that it infringed Apple's asserted iPad-related trade dress and, as already stated, contends it is unprotectable.

Here are the instructions you must follow in deciding Apple's trade dress dilution and infringement claims.