QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

  Kevin P.B. Johnson (Bar No. 177129)
  kevinjohnson@quinnemanuel.com
  Victoria F. Maroulis (Bar No. 202603)
  victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065-2139
Telephone:      (650) 801-5000
Facsimile:      (650) 801-5100

  Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS
CO., LTD., SAMSUNG ELECTRONICS
AMERICA, INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendant. | CASE NO. 11-cv-01846-LHK (PSG)<br><br>**SAMSUNG'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISSOLVE THE JUNE 26, 2012 PRELIMINARY INJUNCTION**<br><br>Date:<br>Time:<br>Place: Courtroom 8, 4th Floor<br>Judge: Hon. Lucy H. Koh |

# **TABLE OF CONTENTS**

**Page**

NOTICE OF MOTION ...............................................................................................................1

INTRODUCTION......................................................................................................................2

FACTUAL BACKGROUND .....................................................................................................2

ARGUMENT .............................................................................................................................2

I.      THE PRELIMINARY INJUNCTION SHOULD BE DISSOLVED IN LIGHT OF
        THE JURY VERDICT ON NON-INFRINGEMENT OF THE D'889 PATENT...................2

II.     THE BOND SHOULD BE RETAINED PENDING A HEARING ON DAMAGES.............3

CONCLUSION .........................................................................................................................4

-i-                          Case No. 11-cv-01846-LHK (PSG)
SAMSUNG'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY JUNE
26, 2012 ORDER PENDING APPEAL

1

**NOTICE OF MOTION**

2          TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

3          PLEASE TAKE NOTICE that Defendants Samsung Electronics Co., Ltd., Samsung

4   Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively

5   "Samsung") shall and hereby do move the Court to dissolve its June 26, 2012 Order Granting

6   Preliminary Injunction or, alternatively, in the event the Court determines that it does not have

7   jurisdiction, for an indicative ruling pursuant to Fed. R. Civ. P. 62.1 that the Court would dissolve

8   the preliminary injunction were jurisdiction restored to the Court.  This motion is based on this

9   notice of motion and supporting memorandum, and such other written or oral argument as may be

10  presented at or before the time this motion is taken under submission by the Court.

11

**RELIEF REQUESTED**

12          Samsung seeks an order dissolving the Court's June 26, 2012 Order Granting Preliminary

13  Injunction and/or an indicative ruling that the Court would dissolve the preliminary injunction were

14  jurisdiction restored to the Court.  Samsung also requests that the Court retain Apple's bond

15  pending a determination of the damages suffered by Samsung as a result of the injunction.

16  Samsung concurrently files a Motion to Shorten Briefing Schedule.

17

18  DATED:  August 26, 2012              QUINN EMANUEL URQUHART &
                                         SULLIVAN, LLP
19

20

21                                       By */s/ Victoria F. Maroulis*
                                            Charles K. Verhoeven
22                                          Kevin P.B. Johnson
                                            Victoria F. Maroulis
23                                          Michael T. Zeller

24                                          Attorneys for SAMSUNG ELECTRONICS CO.,
                                            LTD., SAMSUNG ELECTRONICS AMERICA,
25                                          INC., and SAMSUNG
                                            TELECOMMUNICATIONS AMERICA, LLC
26

27

28

02198.51855/4931157.1
                                          -1-                    Case No. 11-cv-01846-LHK (PSG)
SAMSUNG'S MEMORANDUM  OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISSOLVE
                                      JUNE 26, 2012 PRELIMINARY INJUNCTION

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### INTRODUCTION

Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") respectfully submit this memorandum in support of their motion that the Court (1) dissolve the preliminary injunction entered on June 26, 2012, that enjoined sales of Samsung's Galaxy Tab 10.1 (Dkt. No. 1135), and (2) retain the bond posted by Plaintiff Apple, Inc. ("Apple") pending a determination of damages suffered by Samsung as a result of the injunction.  In the event that the Court determines it does not presently have jurisdiction to dissolve the preliminary injunction, Samsung respectfully requests that the Court provide an indicative ruling pursuant to Fed. R. Civ. P. 62.1.

### FACTUAL BACKGROUND

On June 26, 2012, the Court preliminarily enjoined Samsung from "making, using, offering to sell, or selling within the United States, or importing into the United States, Samsung's Galaxy Tab 10.1 tablet computer, and any product that is no more than colorably different from this specified product and embodies any design contained in U.S. Design Patent No. D504,889." (Dkt. No. 1135, at 7.)  Samsung timely filed a notice of appeal that same day.  A trial in this matter was held from July 30-August 24, 2012, resulting in a finding by the jury that the Galaxy Tab 10.1 did not infringe Apple's D'889 patent.  (Dkt. No. 1931, at 7.)  The Court has entered final judgment reflecting the jury's verdict.  (Dkt. No. 1933.)  Accordingly, Samsung requests that the Court dissolve the preliminary injunction and retain the $2.6 million bond posted by Apple pending a determination of damages suffered by Samsung as a result of the injunction.

### ARGUMENT

**I.   THE PRELIMINARY INJUNCTION SHOULD BE DISSOLVED IN LIGHT OF THE JURY VERDICT ON NON-INFRINGEMENT OF THE D'889 PATENT**

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  In light of the jury's unanimous finding of non-infringement as to the D'889 patent and the entry of final judgment reflecting that finding,

1    Apple no longer has a likelihood of success on the merits.  *Cf. Amazon.com, Inc. v.*

2    *Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1350-51 (Fed. Cir. 2001) (holding that preliminary

3    injunction should not issue if the defendant raises a substantial question concerning infringement).

4    There is thus no proper basis for maintaining the injunction.  *See, e.g.*, *Fiber Systems Int'l., Inc. v.*

5    *Applied Optical Systems, Inc.*, 2010 WL 3064286, *1 (E.D. Tex. Aug. 3, 2010) (dissolving

6    preliminary injunction after finding of non-infringement).  *Cf. Salazar v. Buono,* 130 S. Ct. 1803,

7    1816 (2010) (reversing district court's refusal to modify an injunction and holding that "[b]ecause

8    injunctive relief 'is drafted in light of what the court believes will be the future course of events,

9    … a court must never ignore significant changes in the law or circumstances underlying an

10   injunction lest the decree be turned into an 'instrument of wrong.'").[1]

11   ## II.     THE BOND SHOULD BE RETAINED PENDING A HEARING ON DAMAGES

12        Rule 65 of the Federal Rules of Civil Procedure provides that the movant for a preliminary

13   injunction must "give[] security in the amount that the court considers proper to pay the costs and

14   damages sustained by any party found to have been wrongfully enjoined or restrained."  Fed. R.

15   Civ. P. 65(c).  The Court required Apple to post a $2.6 million bond as a condition of obtaining

16   the preliminary injunction. (Dkt. No. 1135, at 7.)  Issues relating to injunction bonds are governed

17   by the law of the regional circuit.  *Hupp v. Siroflex of America, Inc.*, 122 F.3d 1456, 1467 (Fed.

18   Cir. 1997).

19        The Ninth Circuit has held that a party has been "wrongfully enjoined within the meaning

20   of Rule 65(c) when it turns out the party enjoined had the right all along to do what it was

21   enjoined from doing."  *Nintendo of Am., Inc. v. Lewis Galoob Toys, Inc.*, 16 F.3d 1032, 1036 (9th

22   Cir. 1994) (citing *Blumenthal v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 910 F.2d 1049, 1054

---

23   [1]  The June 26, 2012 preliminary injunction was based on U.S. Design Patent No. D504,889 and
24   not any of the utility patents at issue in this lawsuit.  Although Apple previously moved for a
     preliminary injunction on U.S. Utility Patent No. 7,469,381, this Court found that an injunction
25   based this patent would not be appropriate because Apple would suffer no irreparable harm. *See*
     Dkt. No. 449, Order Denying Motion for Preliminary Injunction at 63-64.  This finding was later
26   affirmed by the Federal Circuit. *Apple, Inc. v. Samsung Electronics Co., Ltd.*, 678 F.3d 1314, 1327-
     28 (Fed. Cir. May 14, 2012) (Bryson, J., joined by Prost, J.; O'Malley J., concurring in part and
27   dissenting in part).

28

1    (2d Cir. 1990) ("A party has been 'wrongfully enjoined' under Fed. R. Civ. P. 65(c) if it is

2    ultimately found that the enjoined party had at all times the right to do the enjoined act.")).  There

3    "is a rebuttable presumption that a wrongfully enjoined party is entitled to have the bond executed

4    and recover provable damages up to the amount of the bond." *Nintendo*, 16 F.3d at 1036; *see also*

5    *Blumenthal*, 910 F.2d at 1056 ("Plaintiffs are entitled to damages as may be shown to have been

6    proximately caused by the injunction….").  Good faith of the party who obtained the injunction

7    does not rebut the presumption that damages should be awarded on the bond.  *See Nintendo*, 16

8    F.3d at 1037 ("Good faith in the maintenance of litigation is the standard expected of all litigants.

9    That a party lives up to this standard simply means the party did what it ought to have done.  On

10   the other hand, if a party obtains a preliminary injunction in bad faith, that party flunks the good

11   faith test and the presumption in favor of enforcement of the bond congeals virtually into a rock.").

12   No separate action is required to execute on a bond.  *See, e.g., Milan Exp., Inv. v. Averitt Exp.,*

13   *Inc.*, 208 F.3d 975, 979-80 (11th Cir. 2000).

14          Here, the jury found that Samsung's Galaxy Tab 10.1 does not infringe the D'889 patent.

15   Since the purported infringement of the D'889 patent was the only basis for the preliminary

16   injunction, the jury's finding means that Samsung had a right to sell the Galaxy Tab 10.1 during

17   the period in which the injunction has been in effect.  Samsung is therefore entitled to recover

18   damages caused by the improper injunction, and the Court should retain the bond so that it may do

19   so.

20                                        **CONCLUSION**

21          For the foregoing reasons, Samsung respectfully requests that the Court dissolve the June

22   26, 2012 preliminary injunction and retain Apple's bond pending a hearing on damages resulting

23   from the wrongful injunction.

24

25

26

27

28

1    DATED:  August 26, 2012                Respectfully submitted,

2                                           QUINN EMANUEL URQUHART &
                                            SULLIVAN, LLP
3

4
                                              By/s/ Victoria Maroulis
5                                               Charles K. Verhoeven
                                                Kevin P.B. Johnson
6                                               Victoria F. Maroulis
                                                Attorneys for SAMSUNG ELECTRONICS
7                                               CO., LTD., SAMSUNG ELECTRONICS
                                                AMERICA, INC. and SAMSUNG
8                                               TELECOMMUNICATIONS AMERICA, LLC

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28