1  HAROLD J. MCELHINNY (CA SBN 66781)   WILLIAM F. LEE
   hmcelhinny@mofo.com   william.lee@wilmerhale.com
2  MICHAEL A. JACOBS (CA SBN 111664)   WILMER CUTLER PICKERING
   mjacobs@mofo.com   HALE AND DORR LLP
3  RACHEL KREVANS (CA SBN 116421)   60 State Street
   rkrevans@mofo.com   Boston, MA 02109
4  JENNIFER LEE TAYLOR (CA SBN 161368)   Telephone: (617) 526-6000
   jtaylor@mofo.com   Facsimile: (617) 526-5000
5  ALISON M. TUCHER (CA SBN 171363)
   atucher@mofo.com
6  RICHARD S.J. HUNG (CA SBN 197425)   MARK D. SELWYN (SBN 244180)
   rhung@mofo.com   mark.selwyn@wilmerhale.com
7  JASON R. BARTLETT (CA SBN 214530)   WILMER CUTLER PICKERING
   jasonbartlett@mofo.com   HALE AND DORR LLP
8  MORRISON & FOERSTER LLP   950 Page Mill Road
   425 Market Street   Palo Alto, California 94304
9  San Francisco, California 94105-2482   Telephone: (650) 858-6000
   Telephone: (415) 268-7000   Facsimile: (650) 858-6100
10 Facsimile: (415) 268-7522

11

12 Attorneys for Plaintiff and
   Counterclaim-Defendant APPLE INC.

13

14 UNITED STATES DISTRICT COURT

15 NORTHERN DISTRICT OF CALIFORNIA

16 SAN JOSE DIVISION

17

| 18 | APPLE INC., a California corporation, | Case No.   11-cv-01846-LHK (PSG) |
|---|---|---|
| 19 | Plaintiff, | **APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO** |
| 20 | v. | **SHORTEN TIME ON MOTION TO DISSOLVE PRELIMINARY** |
| 21 | SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG | **INJUNCTION** |
| 22 | ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG | |
| 23 | TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| 24 | | |
| 25 | Defendants. | |

26

27

28

1   Last Friday, August 24, the jury found that Samsung's Galaxy Tab and Galaxy Tab 10.1

2   (Wi-Fi) infringe Apple's '381, '915, and '163 patents; that Samsung failed to prove that those

3   patents were invalid; and that Samsung's infringement is willful.  (Dkt. No. 1931 at 2-4, 9.)

4   Despite this verdict, Samsung contends that the preliminary injunction against its infringing

5   Galaxy Tab 10.1 sales should be dissolved almost immediately, with Apple's normal 14-day

6   response period shortened to *one business day*, and no oral argument.

7   Samsung's motion for shortened time should be denied because (1) Samsung has failed to

8   show any need for immediate action; and (2) Samsung's motion to dissolve the injunction should

9   be decided on the same schedule as Apple's motion for a preliminary injunction.

10   As to urgency, Samsung has previously represented to this Court that Samsung is no

11   longer selling the Wi-Fi only version of the Galaxy Tab 10.1.  (Dkt. No. 977-3 at 1.)   In addition,

12   Samsung has represented to the public that the preliminary injunction against Galaxy Tab 10.1

13   sales "will not deal a big blow to sales of tablet PC's, since the successor model to the Galaxy

14   Tab 10.1 is already on the market."  (Dkt. No. 1161-6; *see also* Dkt. No. 1161-7 (Samsung does

15   not expect injunction will have a "significant impact on our business operations").)  In view of

16   these representations, Samsung cannot plausibly argue that there is an urgent need to dissolve the

17   injunction.  Indeed, this Court relied on these representations—and even stronger representations

18   that Samsung submitted under seal—in concluding that "Samsung cannot establish irreparable

19   harm absent a stay" of the Galaxy Tab 10.1 preliminary injunction.  (Dkt. No. 1171 at 11 (under

20   seal, public version at Dkt. No. 1170), citing Dkt. No. 977-3 at 11 (under seal).)

21   Samsung's motion also ignores the fact that when Samsung contacted Apple yesterday

22   about its proposed motion to shorten time, Apple offered to brief Samsung's motion to dissolve

23   the Galaxy Tab 10.1 injunction on the same schedule as Apple's forthcoming motion for a

24   preliminary injunction based on the jury verdict that Samsung is willfully infringing multiple

25   Apple patents and trade dress rights.  Samsung declined, and is thus demanding that Apple

26   respond to Samsung's motion in a single day, while insisting that Samsung should have the full

27   14-day period to oppose Apple's preliminary injunction motion.  Samsung has no valid basis for

28   its asymmetrical demand.  Whether to dissolve the injunction raises important issues that should

1    be resolved after full briefing that provides Apple with an adequate opportunity to consider its

2    options.  The portion of the jury verdict that found that the Galaxy Tab 10.1 (Wi-Fi) does not

3    infringe the D'889 patent is contrary to this Court's prior finding of likely infringement, which

4    the Federal Circuit affirmed.  Moreover, while the cellular version of the Galaxy Tab 10.1 was

5    not included in the verdict form, it is not colorably different from the products that the jury found

6    to be infringing as to some Apple utility patents, and thus should be covered by an injunction

7    against sales of products that infringe those patents.

8       Samsung contends that the Galaxy Tab 10.1 injunction should be dissolved immediately

9    because Samsung's opening brief in its appeal of the injunction is due on September 4, 2012.

10   Samsung fails to explain the basis for this Court to exercise jurisdiction over an order that is

11   currently on appeal to the Federal Circuit.  Nor does Samsung explain why it cannot simply file

12   its opening brief or ask the Federal Circuit for an extension of time until after this Court rules on

13   Samsung's motion.

14       In sum, Samsung has presented no justification for resolving its motion to dissolve the

15   Galaxy Tab 10.1 preliminary injunction on an expedited schedule, let alone its extraordinary

16   proposal that Apple have only one day to respond to the motion. Apple respectfully requests that

17   the Court deny Samsung's motion to shorten time and put Samsung's motion to dissolve the

18   Galaxy Tab 10.1 injunction on the same schedule as Apple's motion for a preliminary injunction.

19

20   Dated: August 27, 2012            MORRISON & FOERSTER LLP

21

22                           By:    */s/ Michael A. Jacobs*
                                  Michael A. Jacobs

23                                 Attorneys for Plaintiff

24                                 APPLE INC.

25

26

27

28