QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

  Kevin P.B. Johnson (Bar No. 177129
  kevinjohnson@quinnemanuel.com
  Victoria F. Maroulis (Bar No. 202603)
  victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065-2139
Telephone:     (650) 801-5000
Facsimile:     (650) 801-5100

  Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>            Plaintiff,<br><br>     vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>            Defendant. | CASE NO. 11-cv-01846-LHK (PSG)<br><br>**SAMSUNG'S NOTICE OF MOTION AND MOTION FOR STAY OF AUGUST 24, 2012 JUDGMENT UNDER FED.R.CIV.P. 62(b) PENDING RESOLUTION OF POST-TRIAL MOTIONS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:<br>Time:<br>Place: Courtroom 8, 4th Floor<br>Judge: Hon. Lucy H. Koh |

**NOTICE OF MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung") shall and hereby do move the Court, pursuant to Federal Rule of Civil Procedure 62(b), to stay the Court's August 24, 2012 judgment (the "Judgment") pending the resolution of post-judgment motions under Rules 50, 52(b), 59 and 60, and for 14 days thereafter, in order to preserve the status quo pending the Court's ruling on Samsung's post-trial motions.

Such a limited stay during the pendency of post-trial motions is appropriate because Samsung has a right to obtain a stay of execution pending appeal upon posting bond, and yet its notice of appeal is not due until post-trial motions are resolved. For this reason Rule 62(b) expressly provides for stays pending the resolution of post-judgment motions which toll the time to file a notice of appeal. Apple will suffer no prejudice from this limited stay because Samsung has an unfettered right to stay execution of the money judgment upon posting bond until its appeal is finally decided, and Samsung seeks here a stay only for the limited period before Samsung's notice of appeal is due under the Rules.

Moreover, because post-judgment motions may well alter the amount of the Court's Judgment, including through Samsung's likely remittitur motion, Samsung should not be required to post a bond for the $1.049 billion that was awarded until the final amount of such award is confirmed. Alternatively, Samsung is prepared to post a bond for the full $1.049 billion judgment if the Court so requires.

This motion is based on this notice of motion and supporting memorandum and such other evidence and argument as may be presented at or before the time this motion is taken under submission by the Court.

**RELIEF REQUESTED**

Samsung respectfully seeks an order (i) granting a limited stay of the Judgment, pursuant to Rule 62(b), pending the Court's resolution of all post-judgment motions that will be filed under Rules 50, 52(b), 59, and 60, and for 14 days thereafter, and (ii) postponing the requirement that

1  Samsung post a bond until the Court finalizes the amount of the Judgment upon resolution of post-
2  trial motions.
3        Alternatively, Samsung seeks an order granting a limited stay of the Judgment pursuant to
4  Rule 62(b) pending the Court's resolution of all post-judgment motions that will be filed under
5  Rules 50, 52(b), 59, and 60, and for 14 days thereafter, upon Samsung's posting of bond in the
6  amount of the jury verdict.
7        Samsung concurrently files a Motion to Shorten Time for Briefing and Hearing in order to
8  obtain the relief requested herein before it becomes moot.

10  DATED:  August 27, 2012        QUINN EMANUEL URQUHART &
11                                                    SULLIVAN, LLP

13                                 By  */s/ Victoria F. Maroulis*
14                                     Charles K. Verhoeven
                                   Kevin P.B. Johnson
15                                     Victoria F. Maroulis
                                   Michael T. Zeller
16
17                                     Attorneys for SAMSUNG ELECTRONICS CO.,
                                   LTD., SAMSUNG ELECTRONICS AMERICA,
                                   INC., and SAMSUNG
18                                     TELECOMMUNICATIONS AMERICA, LLC

# INTRODUCTION

Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") respectfully submit this memorandum in support of their motion for a stay of the Judgment under Rule 62(b) pending the resolution of post-trial motions. The Court entered judgment on August 24, 2012, the day of the jury's verdict. The Federal Rules provide for an automatic stay of that Judgment for a period of 14 days. *Fed. R. Civ. P.* 62(a). The Rules also provide for a mandatory stay of execution upon the filing of an appeal and the posting of bond. *Fed. R. Civ. P.* 62(d). Samsung's appeal is not due, however, until post-trial motions are decided. *Fed. R. App. P.* 4(a)(4). To provide for a continuing stay of execution during the interim period (1) after Rule 62(a)'s automatic stay expires and (2) before Rule 62(d)'s mandatory stay takes effect, the Rules expressly provide that, "[o]n appropriate terms for the opposing party's security, the court may stay the execution of a judgment--or any proceedings to enforce it--pending disposition of" post-judgment motions that include motions for judgment as a matter of law and for a new trial. *Fed. R. Civ. P.* 62(b).

There is every reason to grant a Rule 62(b) stay here pending resolution of post-trial motions, for Apple cannot justify any claim that it should be permitted to execute before such motions are adjudicated. There is also every reason to postpone the requirement that Samsung post bond to cover the Judgment as the post-trial motions at issue may well alter the Judgment's amount – meaning that the appropriate bond amount is itself in flux. Setting the bond amount now could lead to multiple motions to adjust the bond amount down the line.

Accordingly, Samsung respectfully requests that the Court order a stay of execution of the Judgment pending the resolution of post-trial motions, with the appropriate bond amount to be decided once the final amount of the Judgment is determined. Alternatively, Samsung stands ready to post a bond in the amount of the jury's verdict should the Court require this as security for granting the requested stay.

# ARGUMENT

## I. THE COURT SHOULD STAY THE JUDGMENT PENDING THE RESOLUTION OF POST-JUDGMENT MOTIONS

On August 24, 2012, the Court entered a final judgment on the jury's verdict awarding Apple approximately $1.049 billion. (Dkt. No. 1933.) That Judgment is stayed for 14 days automatically. *Fed. R. Civ. P.* 62(a) ("Except as stated in this rule, no execution may issue on a judgment, nor may proceedings be taken to enforce it, until 14 days have passed after its entry.").

Samsung has an absolute right to obtain a further stay of the Judgment pending appeal by appealing and posting bond. *Fed. R. Civ. P.* 62(d) ("If an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1) or (2). The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond."). A party appealing from a judgment "is entitled to a stay of a money judgment as a matter of right if he posts a bond in accordance with Fed.R.Civ.P. 62(d)." *Am. Mfrs. Mut. Ins. Co. v. Am. Broadcasting-Paramount Theatres, Inc.*, 87 S. Ct. 1, 3 (1966). *See Bass v. First Pac. Networks, Inc.*, 219 F.3d 1052, 1055 (9th Cir. 2000); *In re Swift Aire Lines, Inc.* 21 B.R. 12, 14 (9th Cir. BAP 1982) (because stay pending appeal upon posting bond is a "matter of right, [] its allowance does not rest in the sound discretion of court or judge.") (citation and quotation marks omitted).

Under the Rules, however, no notice of appeal is due until post-judgment motions are resolved. *Fed. R. App. P.* 4(a)(4). To address the interim period between (1) the date that is 14 days after judgment, when the automatic stay on execution expires, and (2) the date on which an appeal is filed and appellate bond is posted – which normally follows the adjudication of post-trial "tolling" motions – the Federal Rules expressly authorize the Court to grant a stay of execution while post-trial motions are decided. *Fed. R. Civ. P.* 62(b) ("On appropriate terms for the opposing party's security, the court may stay the execution of a judgment--or any proceedings to enforce it-- pending disposition of any of the following motions: (1) under Rule 50, for judgment as a matter of law; (2) under Rule 52(b), to amend the findings or for additional findings; (3) under Rule 59, for a new trial or to alter or amend a judgment; or (4) under Rule 60, for relief from a judgment or

order."). A stay is "authorized under Rule 62(b) so long as the interests of the [opposing party] are sufficiently protected" in order to "preserv[e] the status quo and protect[] all parties involved." *United States v. Melot*, 2012 WL 2914224 at * 2 (D.N.M. 2012).[1]

A stay of execution plainly should issue under this Rule. Samsung's right to obtain a stay of the damages judgment under Rule 62(d) upon appealing and posting bond is absolute. Samsung will appeal and post whatever bond is required to obtain a stay unless the Court vacates the jury's damages awards when ruling on post-trial motions. Apple will have no grounds to execute on the judgment until the appeal is decided in either case: if the Court vacates the verdict, Apple will have no judgment to execute upon; and if the Court does not do so, Samsung will post bond to obtain a stay pending appeal. Rule 62(b) properly allows for a continuing stay while post-trial motions are decided without requiring the early filing of a notice of appeal, which is appropriate to ensure the orderly administration of post-trial procedures.

Such a procedure also takes into account the reality that, until post-trial motions are decided, the final amount of the judgment and final amount that should be bonded is uncertain. Samsung will likely file, among other motions, a motion for remittitur that will address instances where the jury's damages awards are unsupported by the evidence produced by Apple at trial.[2] The Court will

---

[1] In *United States v. Moyer*, 2008 WL 3478063, at *6 (N.D. Cal. 2008), a case that involved an order for the sale of real property, Judge Armstrong applied the traditional four-factor equitable balancing standard to a Rule 62(b) motion. That test does not apply here because the rules governing stays of damages awards are very different from those governing stays of injunctive orders. In particular, damages awards are stayed automatically pending appeal upon approval of a bond, *Fed. R. Civ. P.* 62(d), while injunctive orders are not. Because this case involves a damages award, as opposed to the granting of equitable relief, the factors governing stays of injunctions pending appeal under Rule 62(c) do not apply. *Melot*, 2012 WL 2914224, at *2 (distinguishing *Moyer* and noting that "the four factor analysis typically applies to motions to stay equitable relief, which are brought under Rule 62(c)"). Because a stay of a money judgment pending appeal is mandatory under Rule 62(d) upon posting bond, it would make no sense to require a party seeking an interim Rule 62(b) stay of a money judgment pending post-trial motions to satisfy the equitable relief standard governing an injunction.

[2] For instance, the jury awarded $57,867,383 for the Galaxy Prevail's infringement of Apple utility patents, Dkt. No. 1931 at 16, yet Apple did not even seek such a high utility patent damages award for this product. *See* PX25A1 at 5-6 (seeking $8,573,370 in lost profits on the Galaxy Prevail). Apple's alternative proposed royalty calculation for the Galaxy Prevail did not exceed $16,100,700 – calculated by multiplying 2,255,000 units sold (*see* JX1500) times Apple's
  (footnote continued)

1  need to resolve these and other issues to determine the final amount of any award.  Posting bond

2  now, only to have the amounts involved change in coming weeks, will require further and

3  unnecessary motion practice relating to the bond.  And it is expensive to obtain and post a bond; the

4  premium for one in this case is likely to be between .25% and 1%, and there may be additional

5  expenses in connection with any collateral that is required.  The Court should postpone the posting

6  of bond until the final judgment amount is determined and the proper bond amount is known;

7  Samsung has ample resources to bond the judgment once its amount is finally determined and will

8  do so pending appeal, so such a postponement will cause no prejudice.

9         Alternatively, should the Court require this as a condition of the stay, Samsung is prepared

10  to post a bond in the full amount of the jury's verdict.  Either way, whether a bond is required at this

11  time or postponed, the requested stay should issue.  Samsung will post an appropriate bond to

12  obtain a stay under Rule 62(d) at the appropriate juncture; Rule 62(b) permits this Court to enter

13  such a stay now, pending resolution of post-trial motions and before Samsung's appeal is due, in

14  order to promote the orderly administration of post-trial procedures.  The Court should enter such a

15  stay.

---

maximum combined royalty rate of $7.14 (*see* PX25A1 at 16).  Apple sought much more for trade dress infringement for this product, *see id.* at 5-6, but the jury *rejected* the trade dress claims.  *See* Dkt. No. 1931 at 11-12.

**CONCLUSION**

For the foregoing reasons, Samsung respectfully requests that the Court (i) grant a limited stay of the Judgment, pursuant to Rule 62(b), pending the Court's resolution of all post-judgment motions that will be filed under Rules 50, 52(b), 59 and 60, and for 14 days thereafter, and (ii) postpone the requirement that Samsung post a bond until the Court finalizes the amount of the Judgment upon resolution of post-trial motions. Alternatively, the Court should grant a limited stay of the Judgment pursuant to Rule 62(b) pending the Court's resolution of all post-judgment motions that will be filed under Rules 50, 52(b), 59 and 60, and for 14 days thereafter, upon Samsung's posting of bond in the amount of the jury verdict.

DATED: August 27, 2012

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By/s/ Victoria Maroulis
Charles K. Verhoeven
Kevin P.B. Johnson
Victoria F. Maroulis
Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC