1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5  Kevin P.B. Johnson (Bar No. 177129)
   kevinjohnson@quinnemanuel.com
6  Victoria F. Maroulis (Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
7  555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, California 94065-2139
8  Telephone: (650) 801-5000
   Facsimile: (650) 801-5100
9

10  Michael T. Zeller (Bar No. 196417)
    michaelzeller@quinnemanuel.com
11  865 S. Figueroa St., 10th Floor
    Los Angeles, California 90017
12  Telephone: (213) 443-3000
    Facsimile: (213) 443-3100
13

14  Attorneys for SAMSUNG ELECTRONICS CO.,
    LTD., SAMSUNG ELECTRONICS AMERICA,
15  INC. and SAMSUNG
    TELECOMMUNICATIONS AMERICA, LLC
16

17                    UNITED STATES DISTRICT COURT

18              NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

19

20  APPLE INC., a California corporation,      | CASE NO. 11-cv-01846-LHK

21              Plaintiff,                     | **REPLY IN SUPPORT OF MOTION TO SHORTEN TIME FOR BRIEFING AND HEARING REGARDING MOTION TO DISSOLVE TAB 10.1 INJUNCTION**

22       vs.

23  SAMSUNG ELECTRONICS CO., LTD., a
    Korean business entity; SAMSUNG
24  ELECTRONICS AMERICA, INC., a New
    York corporation; SAMSUNG
25  TELECOMMUNICATIONS AMERICA,
    LLC, a Delaware limited liability company,
26
               Defendant.
27

28

1    Apple does not dispute that the jury has found that Samsung's Galaxy Tab 10.1 does not
2    infringe the D'889 patent and thus has rejected the sole ground upon which Samsung's Galaxy Tab
3    10.1 was preliminarily enjoined.  An extended briefing schedule is not required to determine that
4    an injunction based on a finding of likely infringement of the D'889 cannot stand once there is a
5    finding that there is no such actual infringement.  Apple notes that the jury's verdict is "contrary to
6    this Court's prior finding of *likely* infringement, which the Federal Circuit affirmed." Opp. at 3
7    (emphasis added).  That is indeed the point; the jury's verdict demonstrates that Apple's
8    predictions about what the jury would do as to the D'889 were wrong and that the injunction
9    entered on that basis therefore can no longer be maintained.

10   Apple argues that there is no need to expeditiously dissolve the preliminary injunction
11   because Samsung is not being harmed by it.  There is no authority for Apple's remarkable
12   proposition that an injunction, no longer supportable as to its conclusions about likely
13   infringement, can be maintained merely because it supposedly is causing no harm.  Further, Apple
14   has sent letters to multiple carriers and downstream customers insisting that *they* are obliged by
15   the preliminary injunction to "immediately remov[e] for sale the Galaxy Tab 10.1 from all
16   physical and online venues under your direction or control" and further asserted that the injunction
17   required them to "ceas[e] immediately" selling or offering to sell "the Galaxy Tab 10.1 tablet
18   computer and any product that is no more than colorably different from it and embodies the '889
19   patent's design."  *See* Reply in Support of Motion For Stay of Preliminary injunction Pending
20   Appeal (Case No. 2012-1506) at 8-9.  That claim by Apple was and remains utterly false.  *See,*
21   *e.g., Additive Controls & Measurement Sys., Inc. v. Flowdata, Inc.*, 96 F.3d 1390, 1395 (Fed. Cir.
22   1996) ("Because the appellants were never made parties to the underlying action and thus never
23   had an opportunity to contest the findings of liability in that case, they are not subject to being
24   enjoined or held in contempt with respect to their independent conduct regarding the subject
25   matter of the [underlying] case."); *Paramount Pictures Corp. v. Carol Publishing Group, Inc.,* 25
26   F. Supp. 2d 372, 374-76 (S.D.N.Y. 1998) (nonparty distributors and retailers were not subject to
27   injunction against publisher and thus were entitled to continue sales of their existing inventory).
28   Prompt relief in the form of dissolving the injunction is more than amply warranted in light of

02198.51855/4933617.2

Case No. 11-cv-01846-LHK
REPLY IN SUPPORT OF MOTION TO SHORTEN TIMEO SHORT

Apple's efforts to disrupt the business of both Samsung and its retail partners through such misrepresentations about the injunction.

Apple contends that it needs additional time to "consider its options." It fails to identify what those options could be when the current record cannot support the continuance of an injunction. The sole basis for the preliminary injunction was a likely showing of infringement of D'889 – a basis that is now not borne out by the jury's verdict.[1]

Finally, Apple argues that this Court lacks jurisdiction to grant relief in light of the pending Federal Circuit appeal challenging the preliminary injunction. Apple ignores, however, that Samsung has requested relief under Federal Rule of Civil Procedure 62.1. That Rule provides: "If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may . . . state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." There can therefore be no dispute that this Court has jurisdiction, at a minimum, to provide an indicative ruling that it is prepared to dissolve the injunction. If the Court believes it lacks jurisdiction to actually dissolve the injunction as of now, Samsung will petition the Federal Circuit for a remand based on the indicative ruling requested here. *Fed. R. Civ. P.* 62.1; *In re DirecTV Early Cancellation Fee Mktg. & Sales Practices Litig.*, 810 F. Supp. 2d 1060, 1066 (C.D. Cal. 2011) (issuing indicative ruling that intervening change in law raised substantial issue); *Sierra Pac. Power Co. v. Hartford Steam Boiler Inspection & Ins. Co.*, 3:04-CV-00034-LRH, 2011 WL 586417 (D. Nev. Feb. 8, 2011) (issuing indicative ruling that the court would alter judgment if the Ninth Circuit were to remand).

---

[1] Apple also cannot, for example, dispute that it has not demonstrated likely irreparable harm from any infringement of the '381, '915, or '163 patents. Apple's opposition does not even argue that there is such harm, nor that there is any nexus between the inventions claimed in those patents and demand for the parties' products. In any case, the current injunction, which is based on a finding of likely infringement of the D'889, plainly can no longer be sustained in light of the jury's verdict. To the extent that Apple believes it has other grounds to support the issuance of an injunction post-verdict, it needs to file a noticed motion to seek one. Tellingly, no Galaxy Tab products are among the eight devices that Apple has advised the Court it intends to move against. Dkt. No. 1940.

1  DATED: August 28, 2012            Respectfully submitted,

2                                     QUINN EMANUEL URQUHART &
                                      SULLIVAN, LLP
3

4

5                                       By  */s/ Victoria F. Maroulis*
                                           Charles K. Verhoeven
6                                          Kevin P.B. Johnson
                                           Victoria F. Maroulis
7                                          Michael T. Zeller
8                                          Attorneys for SAMSUNG ELECTRONICS CO.,
                                           LTD., SAMSUNG ELECTRONICS AMERICA,
9                                          INC. and SAMSUNG
                                           TELECOMMUNICATIONS AMERICA, LLC
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28