UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>    Plaintiff and Counterdefendant,<br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD.,<br>a Korean corporation;<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br>a New York corporation; and<br>SAMSUNG TELECOMMUNICATIONS<br>AMERICA, LLC,<br>a Delaware limited liability company,<br><br>    Defendants and Counterclaimants. | Case No.: 11-CV-01846-LHK<br><br>ORDER RE: POST-TRIAL<br>PROCEEDINGS |

On August 26, 2012, Samsung filed a Motion to Dissolve the June 26, 2012 Preliminary Injunction (ECF No. 1936), along with a Motion to Shorten Time for Briefing and Hearing (ECF No. 1937), the latter of which Apple opposed (ECF No. 1938), to which Samsung replied (ECF No. 1943). On August 27, 2012, Samsung filed a Motion for Stay of the August 24, 2012 Judgment Under Fed. R. Civ. P. 62(b) Pending Resolution of Post-Trial Motions (ECF No. 1941), also accompanied by a Motion to Shorten Time for Briefing and Hearing (ECF No. 1942). In accordance with the briefing schedule set forth below, both of Samsung's motions to shorten time are GRANTED.

In response to the Court's August 24, 2012 Order, Apple filed a statement on August 27, 2012, indicating that it intends to seek a preliminary injunction against eight Samsung phones,

1

Case No.: 11-CV-01846-LHK
ORDER RE: POST-TRIAL PROCEEDINGS

which were collectively found by the jury to infringe two design patents and three utility patents, and to dilute one registered trade dress and one unregistered trade dress. *See* ECF No. 1940.

Having considered the scope of Apple's preliminary injunction request, the additional post-trial motions that the parties have already filed and will file, and the substantial overlap between the analysis required for Apple's preliminary injunction motion and the parties' various other post-trial motions, the Court believes consolidation of the briefing and hearing on the post-trial motions is appropriate. Accordingly, the Court hereby sets forth the following modified briefing deadlines, hearing schedule, and page limits regarding the parties' various post-trial motions:

| Filing | Deadline |
|---|---|
| Samsung's Motion for Stay of August 24, 2012 Judgment | Filed August 27, 2012 |
| Apple's opposition (max. 7 pages) | August 31, 2012 |
| Samsung's reply (max. 3 pages) | September 4, 2012 |
| Hearing | None |

| Filing | Deadline |
|---|---|
| Samsung's Motion to Dissolve June 26, 2012 Preliminary Injunction | Filed August 26, 2012 |
| Apple's opposition (max. 7 pages) | September 7, 2012 |
| Samsung's reply (max. 3 pages) | September 13, 2012 |
| Hearing (if necessary) | September 20, 2012, at 1:30 p.m. |

| Filing | Deadline |
|---|---|
| Rule 50 motions[1] (1 per side, max. 30 pages) | September 21, 2012 |
| Oppositions (max. 30 pages) | October 19, 2012 |
| Replies (max. 20 pages) | November 9, 2012 |
| Hearing | December 6, 2012, at 1:30 p.m. |

| Filing | Deadline |
|---|---|
| Apple's motion for permanent injunction and willfulness enhancements[2] (max. 30 pages) | September 21, 2012 |

---

[1] The Court will entertain only one post-judgment motion for relief per side, not including Apple's motion for permanent injunction and willfulness enhancement. Accordingly, any party who wishes to move for relief pursuant to Rules 52(b), 59, or 60, shall incorporate such motion(s) into its Rule 50 motion.

2

Case No.: 11-CV-01846-LHK
ORDER RE: POST-TRIAL PROCEEDINGS

| Samsung's opposition (max. 35 pages) | October 19, 2012 |
| Apple's reply (max. 15 pages) | November 9, 2012 |
| Hearing | December 6, 2012, at 1:30 p.m. |

In briefing Samsung's Motion to Dissolve the June 26, 2012 Preliminary Injunction, the parties shall address whether the Court has jurisdiction to grant Samsung's motion, as well as Samsung's request in the alternative for an indicative ruling pursuant to Rule 62.1.

The page limits set forth herein will be strictly enforced. Any argument that is not explicitly articulated within the briefing page limits will be disregarded. Any supporting documentation shall be for corroboration purposes solely and shall not be used as a vehicle for circumventing the Court's page limits. Any citations to the record must include the relevant testimony or exhibit language. Any single-spaced bullets in an attempt to circumvent the briefing page limits will be disregarded.

**IT IS SO ORDERED.**

Dated: August 28, 2012

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

---

[2] If the Court's ruling on Samsung's renewed motion for judgment as a matter of law entitles Samsung to move for a permanent injunction, the Court will set a separate briefing schedule at that time.

3

Case No.: 11-CV-01846-LHK
ORDER RE: POST-TRIAL PROCEEDINGS