Exhibit 2

1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5  Kevin P.B. Johnson (Bar No. 177129)
   kevinjohnson@quinnemanuel.com
6  Victoria F. Maroulis (Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
7  555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, California  94065-2139
8  Telephone: (650) 801-5000
   Facsimile: (650) 801-5100
9
   Michael T. Zeller (Bar No. 196417)
10 michaelzeller@quinnemanuel.com
   865 S. Figueroa St., 10th Floor
11 Los Angeles, California 90017
   Telephone: (213) 443-3000
12 Facsimile: (213) 443-3100

13 Attorneys for SAMSUNG ELECTRONICS CO.,
   LTD., SAMSUNG ELECTRONICS AMERICA,
14 INC. and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC
15

16                    UNITED STATES DISTRICT COURT

17               NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

18

| | |
|---|---|
| 19  APPLE INC., a California corporation, | CASE NO. 11-cv-01846-LHK |
| 20          Plaintiff, | **SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE INC.'S FIFTH SET OF INTERROGATORIES  (11-12)** |
| 21     vs. | |
| 22  SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG | |
| 23  ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG | **HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY UNDER THE PROTECTIVE ORDER** |
| 24  TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| 25          Defendant. | |

02198.51855/4660268.2

Case No. 11-cv-01846-LHK
SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF INTERROGATORIES (11-12)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

already in the possession of Apple, publicly available, or as readily available to Apple as it is to Samsung.

24.   Samsung objects to each interrogatory to the extent that it seeks information before Samsung is required to disclose such information in accordance with any applicable law, such as the Northern District of California Patent Local Rules.

25.   Samsung objects to the interrogatories on the grounds and to the extent that they seek legal conclusions or call for expert testimony. Samsung's responses should not be construed to provide legal conclusions.

Subject to and without waiving the foregoing General Statement and General Objections, Samsung responds as follows:

## INTERROGATORIES

**INTERROGATORY NO. 11:**

Specifically for each of the Design Patents at Issue, explain the factual and legal bases for Samsung's Second Affirmative Defense: Patent Non-Infringement.

**RESPONSE TO INTERROGATORY NO. 11:**

Samsung objects to this interrogatory as vague and ambiguous. Samsung further objects to this interrogatory to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity. Samsung further objects to this interrogatory as premature to the extent it requests information regarding Samsung's non-infringement contentions before sufficient discovery has been conducted. Samsung further objects to this interrogatory to the extent it prematurely calls for contentions at this stage of litigation. Samsung will provide such contentions in accordance with the Court's Minute Order and Case Management Order, dated August 25, 2011.

Subject to the foregoing general and specific objections, Samsung responds as follows:

For U.S. Patent No. D627,790, the accused Samsung products, as identified in Apple's Response to Samsung Interrogatory No. 5, are not substantially similar to an ordinary observer

**SUBJECT TO PROTECTIVE ORDER**
<u>**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**</u>

1  giving such attention as a purchaser usually gives, particularly when viewed in light of the prior
2  art and the functional elements of the design are excluded as a basis for similarity.  In addition,
3  Samsung's investigation is ongoing and Samsung will supplement this interrogatory after a
4  reasonable investigation and further discovery from Apple on the basis for its infringement
5  position.

6  For U.S. Patent No. D617,334, the accused Samsung products, as identified in Apple's
7  Response to Samsung Interrogatory No. 5, are not substantially similar to an ordinary observer
8  giving such attention as a purchaser usually gives, particularly when viewed in light of the prior
9  art and the functional elements of the design are excluded as a basis for similarity.  In addition,
10 Samsung's investigation is ongoing and Samsung will supplement this interrogatory after a
11 reasonable investigation and further discovery from Apple on the basis for its infringement
12 position.

13 For U.S. Patent No. D604,305, the accused Samsung products, as identified in Apple's
14 Response to Samsung Interrogatory No. 5, are not substantially similar to an ordinary observer
15 giving such attention as a purchaser usually gives, particularly when viewed in light of the prior
16 art and the functional elements of the design are excluded as a basis for similarity.  In addition,
17 Samsung's investigation is ongoing and Samsung will supplement this interrogatory after a
18 reasonable investigation and further discovery from Apple on the basis for its infringement
19 position.

20 For U.S. Patent No. D593,087, the accused Samsung products, as identified in Apple's
21 Response to Samsung Interrogatory No. 5, are not substantially similar to an ordinary observer
22 giving such attention as a purchaser usually gives, particularly when viewed in light of the prior
23 art and the functional elements of the design are excluded as a basis for similarity.  In addition,
24 Samsung's investigation is ongoing and Samsung will supplement this interrogatory after a
25 reasonable investigation and further discovery from Apple on the basis for its infringement
26 position.  Samsung also incorporates by reference the Declaration of Itay Sherman in Support of
27 Samsung's Opposition to Apple's Motion for a Preliminary Injunction (Dkt. No. 172).
28

02198.51855/4660268.2

-6-                                  Case No. 11-cv-01846-LHK
SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF
INTERROGATORIES (11-12)

**SUBJECT TO PROTECTIVE ORDER**
<u>**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**</u>

1    For U.S. Patent No. D618,677, the accused Samsung products, as identified in Apple's
Response to Samsung Interrogatory No. 5, are not substantially similar to an ordinary observer
giving such attention as a purchaser usually gives, particularly when viewed in light of the prior
art and the functional elements of the design are excluded as a basis for similarity.  In addition,
Samsung's investigation is ongoing and Samsung will supplement this interrogatory after a
reasonable investigation and further discovery from Apple on the basis for its infringement
position.  Samsung also incorporates by reference the Declaration of Itay Sherman in Support of
Samsung's Opposition to Apple's Motion for a Preliminary Injunction (Dkt. No. 172).

   For U.S. Patent No. D622,270, the accused Samsung products, as identified in Apple's
Response to Samsung Interrogatory No. 5, are not substantially similar to an ordinary observer
giving such attention as a purchaser usually gives, particularly when viewed in light of the prior
art and the functional elements of the design are excluded as a basis for similarity.  In addition,
Samsung's investigation is ongoing and Samsung will supplement this interrogatory after a
reasonable investigation and further discovery from Apple on the basis for its infringement
position.

   For U.S. Patent No. D504,889, the accused Samsung products, as identified in Apple's
Response to Samsung Interrogatory No. 5, are not substantially similar to an ordinary observer
giving such attention as a purchaser usually gives, particularly when viewed in light of the prior
art and the functional elements of the design are excluded as a basis for similarity.  In addition,
Samsung's investigation is ongoing and Samsung will supplement this interrogatory after a
reasonable investigation and further discovery from Apple on the basis for its infringement
position.  Samsung also incorporates by reference the Declaration of Itay Sherman in Support of
Samsung's Opposition to Apple's Motion for a Preliminary Injunction (Dkt. No. 172).

**<u>FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 11 (3/19/12)</u>:**

   Samsung objects to this interrogatory as vague and ambiguous.  Samsung further objects to this interrogatory to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

1  common interest doctrine, and/or any other applicable privilege or immunity.  Samsung further
2  objects to this interrogatory to the extent it prematurely calls for expert testimony.  Samsung
3  hereby incorporates by reference any expert testimony, declarations, or reports previously
4  submitted in this action or which may be submitted in accordance with the Court's Minute Order
5  and Case Management Order, dated August 25, 2011, which address the scope of the Design
6  Patents at Issue or the non-infringement of any Samsung product accused of design patent
7  infringement.  Samsung also reserves the right to supplement or amend this response if Apple
8  attempts to supplement or amend in any way its design patent infringement contentions contained
9  in its Response to Samsung's Interrogatory No. 72, either through direct supplementation or
10  amendment of its Response or through any expert report or testimony.

11       Subject to the foregoing general and specific objections, Samsung responds as follows:
12       Design patents can only protect those aspects of the design that are ornamental, not
13  functional.  "If the patented design is primarily functional rather than ornamental, the patent is
14  invalid.  However, when the design also contains ornamental aspects, it is entitled to a design
15  patent whose scope is limited to those aspects alone and does not extend to any functional
16  elements of the claimed article."  *Richardson v. Stanley Works, Inc.*, 597 F.3d 1288, 1293-94 (Fec.
17  Cir. 2010) (internal citation omitted).  Therefore, to the extent that each the Design Patents at Issue
18  contain *any* ornamental aspects, the scope of those patents is narrowly limited to only those
19  ornamental aspects and does not include the entirety of the claimed designs, which incorporate
20  numerous functional features.  *See id.* ("A claim to a design containing numerous functional
21  elements, such as here, necessarily mandates a narrow construction.").  Further, "it is the non-
22  functional, design aspects that are pertinent to determinations of infringement."  *Lee v. Dayton-
23  Hudson Corp.*, 838 F.2d 1186, 1188 (Fed. Cir. 1988).  Thus, only those features of the Design
24  Patents at Issue which are ornamental, if such features exist at all, are properly compared with the
25  accused Samsung products to assess infringement.  *See id.* at 1188-89 ("A device that copies the
26  utilitarian or functional features of a patented design is not an infringement unless the ornamental
27  aspects are also copied.")  Samsung incorporates by reference its Responses to Apple's
28  Interrogatory No. 38 (Samsung's Objections and Responses to Apple's Tenth Set of

1  Interrogatories (nos. 27-38), dated Feb. 29, 2012) and No. 12 (contained herein), which detail

2  functional features contained in the Design Patents at Issue.

3        Moreover, any assessment of infringement must consider the prior art.  "The ordinary

4  observer is deemed to view the differences between the patented design and the accused product in

5  the context of the prior art.  When the differences between the claimed and accused design are

6  viewed in light of the prior art, the attention of the hypothetical ordinary observer will be drawn to

7  those aspects of the claimed design that differ from the prior art.  And when the claimed design is

8  close to the prior art designs, small differences between the accused design and the claimed design

9  are likely to be important to the eye of the hypothetical ordinary observer."  *Egyptian Goddess,*

10  *Inc. v. Swisa, Inc.*, 543 F.3d 665, 676 (Fed. Cir. 2008).  Because the designs claimed by the

11  Design Patents at Issue are incredibly close to, if not wholly anticipated or made obvious by, the

12  prior art, the differences between the accused Samsung products and the Design Patents at Issue

13  are likely to be important to the ordinary observer.  Samsung incorporates by reference its

14  Supplemental Response to Apple's Interrogatory No. 12, contained herein, which details the prior

15  art to the Design Patents at Issue.

16        Further, the scope of the Design Patents at Issue is necessarily limited because Apple and

17  Samsung have both obtained design patents since the issuance of the Design Patents at Issue that

18  demonstrate unequivocally that similar designs are not substantially the same as those claimed in

19  the Design Patents at Issue.  By way of example only, Apple obtained U.S. Patent No. D633,091

20  after it obtained U.S. Patent No. 622,270 (the "D'270 patent"), one of the Design Patents at Issue.

21  Because a design patent may only be granted for a "*new, original*, and ornamental design," 35

22  U.S.C. § 171 (emphasis added), the design claimed in D633,091 cannot be substantially the same

23  as the design claimed by the D'270 patent.  However, since the differences between D633,091 and

24  D'270 are minor, the scope of the D'270 patent must therefore be very narrow, such that a minor

25  difference results in a "new, original" design.  Similarly, D602,486, D602,014, D624,536,

26  D622,718, D604,297, D613,735, D622,719, D633,091, D637,596, D627,777, D558,758,

27  D558,756, D580,387, D581,922, D613,736, D634,319, D618,677, D618,678, D593,087,

28  D622,270, D504,889, D627,790, D617,334, D604,305, D644,239, and D597,101, as well as all of

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

the patents and file histories produced at SAMNDCA00359166-SAMNDCA00365544, SAMNDCA00365600-SAMNDCA00365840, and SAMNDCA00373535-SAMNDCA00374040, demonstrate that the scope of each of the Design Patents at Issue must be very narrow.

Regarding U.S. Patent No. D627,790 (the "D'790 patent"), Samsung incorporates by reference its Response to Apple's Interrogatory No. 38 (Samsung's Objections and Responses to Apple's Tenth Set of Interrogatories (nos. 27-38), dated Feb. 29, 2012) and No. 12 (contained herein) which explain that every aspect of the claimed design is functional. Accordingly, the D'790 patent is invalid. However, if it is determined that any of the features claimed by the D'790 patent are ornamental, the scope of the D'790 patent is limited to those features. To the extent that the Samsung devices Apple accuses of infringement of the D'790 patent share any features with the D'790 patent, such features are wholly functional and therefore irrelevant to a determination of infringement. To the extent the D'790 patent claims any ornamental features, such features are not present in the Samsung devices accused of infringement of the D'790 patent.

Moreover, Samsung incorporates by reference its Supplemental Response to Apple's Interrogatory No. 12, contained herein, which demonstrates that the D'790 patent is anticipated or made obvious by the prior art, or is invalid due to double patenting, indefiniteness, or otherwise. To the extent the D'790 patent is valid, the differences between the D'790 patent and the Samsung devices accused of infringement of the D'790 patent, viewed in light of the prior art, are likely to be important to the eye of the hypothetical ordinary observer. Therefore, the ordinary observer is not likely to find the Samsung devices accused of infringement of the D'790 patent to be substantially the same as the D'790 patent.

Finally, the scope of the D'790 patent is necessarily narrow since Apple has subsequently obtained design patents on similar designs, including but not limited to D644,239 and D597,101. Because the scope of the D'790 patent is so limited, the ordinary observer would not find the Samsung devices accused of infringement of the D'790 patent to be substantially the same as the narrowly-construed D'790 claimed design.

Regarding U.S. Patent No. D617,334 (the "D'334 patent"), Samsung incorporates by reference its Response to Apple's Interrogatory No. 38 (Samsung's Objections and Responses to

Apple's Tenth Set of Interrogatories (nos. 27-38), dated Feb. 29, 2012) and No. 12 (contained herein), which explain that every aspect of the claimed design is functional. Accordingly, the D'334 patent is invalid. However, if it is determined that any of the features claimed by the D'334 patent are ornamental, the scope of the D'334 patent is limited to those features. To the extent that the Samsung devices Apple accuses of infringement of the D'334 patent share any features with the D'334 patent, such features are wholly functional and therefore irrelevant to a determination of infringement. To the extent the D'334 patent claims any ornamental features, such features are not present in the Samsung devices accused of infringement of the D'334 patent.

Moreover, Samsung incorporates by reference its Supplemental Response to Apple's Interrogatory No. 12, contained herein, which demonstrates that the D'334 patent is anticipated or made obvious by the prior art, or is invalid due to double patenting, indefiniteness, or otherwise. To the extent the D'334 patent is valid, the differences between the D'334 patent and the Samsung devices accused of infringement of the D'334 patent, viewed in light of the prior art, are likely to be important to the eye of the hypothetical ordinary observer. Therefore, the ordinary observer is not likely to find the Samsung devices accused of infringement of the D'334 to be substantially the same as the D'334 patent.

Finally, the scope of the D'334 patent is necessarily narrow since Apple obtained this patent subsequent to being granted U.S. Patent No. D604,305, which contains a very similar design. The D'334 patent could not have issued in light of the D604,305 patent unless the D'334 claimed design were different from that of the D604,305 patent. However, because the designs of these two patents are so similar, the scope of the D'334 patent must be narrowly construed to explain its issuance in light of D604,305. Because the scope of the D'334 patent is so limited, the ordinary observer would not find the Samsung devices accused of infringement of the D'334 patent to be substantially the same as the narrowly-construed D'334 claimed design.

Regarding U.S. Patent No. D604,305 (the "D'305 patent"), Samsung incorporates by reference its Response to Apple's Interrogatory No. 38 (Samsung's Objections and Responses to Apple's Tenth Set of Interrogatories (nos. 27-38), dated Feb. 29, 2012) and No. 12 (contained herein), which explains that every aspect of the claimed design is functional. Accordingly, the

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

D'305 patent is invalid. However, if it is determined that any of the features claimed by the D'305 patent are ornamental, the scope of the D'305 patent is limited to those features. To the extent that the Samsung devices Apple accuses of infringement of the D'305 patent share any features with the D'305 patent, such features are wholly functional and therefore irrelevant to a determination of infringement. To the extent the D'305 patent claims any ornamental features, such features are not present in the Samsung devices accused of infringement of the D'305 patent.

Moreover, Samsung incorporates by reference its Supplemental Response to Apple's Interrogatory No. 12, contained herein, which demonstrates that the D'305 patent is anticipated or made obvious by the prior art, or is invalid due to double patenting, indefiniteness, or otherwise. To the extent the D'305 patent is valid, the differences between the D'305 patent and the Samsung devices accused of infringement of the D'305 patent, viewed in light of the prior art, are likely to be important to the eye of the hypothetical ordinary observer. Therefore, the ordinary observer is not likely to find the Samsung devices accused of infringement of the D'305 patent to be substantially the same as the D'305 patent.

Finally, the scope of the D'305 patent is necessarily narrow since Apple has subsequently obtained design patents on similar designs, including the D'334 patent. Because the scope of the D'305 patent is so limited, the ordinary observer would not find the Samsung devices accused of infringement of the D'305 patent to be substantially the same as the narrowly-construed D'305 claimed design.

Regarding U.S. Patent No. D593,087 (the "D'087 patent"), Samsung incorporates by reference its Response to Apple's Interrogatory No. 38 (Samsung's Objections and Responses to Apple's Tenth Set of Interrogatories (nos. 27-38), dated Feb. 29, 2012) and No. 12 (contained herein), which explain that every aspect of the claimed design is functional. Accordingly, the D'087 patent is invalid. However, if it is determined that any of the features claimed by the D'087 patent are ornamental, the scope of the D'087 patent is limited to those features. To the extent that the Samsung devices Apple accuses of infringement of the D'087 patent share any features with the D'087 patent, such features are wholly functional and therefore irrelevant to a determination of

**SUBJECT TO PROTECTIVE ORDER**
<u>**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**</u>

1  infringement.  To the extent the D'087 patent claims any ornamental features, such features are

2  not present in the Samsung devices accused of infringement of the D'087 patent.

3  Moreover, Samsung incorporates by reference its Supplemental Response to Apple's

4  Interrogatory No. 12, contained herein, which demonstrates that the D'087 patent is anticipated or

5  made obvious by the prior art, or is invalid due to double patenting, indefiniteness, or otherwise.

6  To the extent the D'087 patent is valid, the differences between the D'087 patent and the Samsung

7  devices accused of infringement of the D'087 patent, viewed in light of the prior art, are likely to

8  be important to the eye of the hypothetical ordinary observer.  Therefore, the ordinary observer is

9  not likely to find the Samsung devices accused of infringement of the D'087 patent to be

10  substantially the same as the D'087 patent.

11  Finally, the scope of the D'087 patent is necessarily narrow since Apple has subsequently

12  obtained design patents on similar designs.  Because the scope of the D'087 patent is so limited,

13  the ordinary observer would not find the Samsung devices accused of infringement of the D'087

14  patent to be substantially the same as the narrowly-construed D'087 claimed design.

15  Regarding U.S. Patent No. D618,677(the "D'677 patent"), Samsung incorporates by

16  reference its Response to Apple's Interrogatory No. 38 (Samsung's Objections and Responses to

17  Apple's Tenth Set of Interrogatories (nos. 27-38), dated Feb. 29, 2012) and No. 12 (contained

18  herein), which explain that every aspect of the claimed design is functional.  Accordingly, the

19  D'677 patent is invalid.  However, if it is determined that any of the features claimed by the D'677

20  patent are ornamental, the scope of the D'677 patent is limited to those features.  To the extent that

21  the Samsung devices Apple accuses of infringement of the D'677 patent share any features with

22  the D'677 patent, such features are wholly functional and therefore irrelevant to a determination of

23  infringement.  To the extent the D'677 patent claims any ornamental features, such features are

24  not present in the Samsung devices accused of infringement of the D'677 patent.

25  Moreover, Samsung incorporates by reference its Supplemental Response to Apple's

26  Interrogatory No. 12, contained herein, which demonstrates that the D'677 patent is anticipated or

27  made obvious by the prior art, or is invalid due to double patenting, indefiniteness, or otherwise.

28  To the extent the D'677 patent is valid, the differences between the D'677 patent and the Samsung

**SUBJECT TO PROTECTIVE ORDER**
<u>**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**</u>

devices accused of infringement of the D'677 patent, viewed in light of the prior art, are likely to be important to the eye of the hypothetical ordinary observer. Therefore, the ordinary observer is not likely to find the Samsung devices accused of infringement of the D'677 patent to be substantially the same as the D'677 patent.

Finally, the scope of the D'677 patent is necessarily narrow since Apple has subsequently obtained design patents on similar designs. Because the scope of the D'677 patent is so limited, the ordinary observer would not find the Samsung devices accused of infringement of the D'677 patent to be substantially the same as the narrowly-construed D'677 claimed design.

Regarding U.S. Patent No. D622,270 (the "D'270 patent"), Samsung incorporates by reference its Response to Apple's Interrogatory No. 38 (Samsung's Objections and Responses to Apple's Tenth Set of Interrogatories (nos. 27-38), dated Feb. 29, 2012) and No. 12 (contained herein), which explain that every aspect of the claimed design is functional. Accordingly, the D'270 patent is invalid. However, if it is determined that any of the features claimed by the D'270 patent are ornamental, the scope of the D'270 patent is limited to those features. To the extent that the Samsung devices Apple accuses of infringement of the D'270 patent share any features with the D'270 patent, such features are wholly functional and therefore irrelevant to a determination of infringement. To the extent the D'270 patent claims any ornamental features, such features are not present in the Samsung devices accused of infringement of the D'270 patent.

Moreover, Samsung incorporates by reference its Supplemental Response to Apple's Interrogatory No. 12, contained herein, which demonstrates that the D'270 patent is anticipated or made obvious by the prior art, or is invalid due to double patenting, indefiniteness, or otherwise. To the extent the D'270 patent is valid, the differences between the D'270 patent and the Samsung devices accused of infringement of the D'270 patent, viewed in light of the prior art, are likely to be important to the eye of the hypothetical ordinary observer. Therefore, the ordinary observer is not likely to find the Samsung devices accused of infringement of the D'270 patent to be substantially the same as the D'270 patent.

Finally, the scope of the D'270 patent is necessarily narrow since Apple has subsequently obtained design patents on similar designs. Because the scope of the D'270 patent is so limited,

**SUBJECT TO PROTECTIVE ORDER**
<u>**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**</u>

the ordinary observer would not find the Samsung devices accused of infringement of the D'270 patent to be substantially the same as the narrowly-construed D'270 claimed design.

Regarding U.S. Patent No. D504,889 (the "D'889 patent"), Samsung incorporates by reference its Response to Apple's Interrogatory No. 38 (Samsung's Objections and Responses to Apple's Tenth Set of Interrogatories (nos. 27-38), dated Feb. 29, 2012) and No. 12 (contained herein), which explain that every aspect of the claimed design is functional. Accordingly, the D'889 patent is invalid. However, if it is determined that any of the features claimed by the D'889 patent are ornamental, the scope of the D'889 patent is limited to those features. To the extent that the Samsung devices Apple accuses of infringement of the D'889 patent share any features with the D'889 patent, such features are wholly functional and therefore irrelevant to a determination of infringement. To the extent the D'889 patent claims any ornamental features, such features are not present in the Samsung devices accused of infringement of the D'889 patent.

Moreover, Samsung incorporates by reference its Supplemental Response to Apple's Interrogatory No. 12, contained herein, which demonstrates that the D'889 patent is anticipated or made obvious by the prior art, or is invalid due to double patenting, indefiniteness, or otherwise. To the extent the D'889 patent is valid, the differences between the D'889 patent and the Samsung devices accused of infringement of the D'889 patent, viewed in light of the prior art, are likely to be important to the eye of the hypothetical ordinary observer. Therefore, the ordinary observer is not likely to find the Samsung devices accused of infringement of the D'889 patent to be substantially the same as the D'889 patent.

Finally, the scope of the D'889 patent is necessarily narrow since Apple has subsequently obtained design patents on similar designs. Because the scope of the D'889 patent is so limited, the ordinary observer would not find the Samsung devices accused of infringement of the D'889 patent to be substantially the same as the narrowly-construed D'889 claimed design.

**<u>INTERROGATORY NO. 12</u>:**

Specifically for each of the Design Patents at Issue, explain the factual and legal bases for Samsung's Third Affirmative Defense: Patent Invalidity. The response should include: (a) the

reexaminations and reissue applications and all documents cited during those proceedings; all documents cited on the face of or in the D'790, D'305, and D'334 patents; all related patents and file histories; and all of the documents produced or to be produced by Apple or third parties constituting prior art.

Samsung also incorporates by reference the Declaration of Itay Sherman in Support of Samsung's Opposition to Apple's Motion for a Preliminary Injunction (Dkt. No. 172), and any and all expert reports that have been or may be submitted in this action that support the invalidity of Apple's asserted design patents.

Samsung's investigation is ongoing and Samsung will supplement this interrogatory after a reasonable investigation and further discovery from Apple on the basis for its infringement and validity positions.

DATED: March 19, 2012          Respectfully submitted,

                                QUINN EMANUEL URQUHART &
                                SULLIVAN, LLP


                                By   */s/ Victoria F. Maroulis*
                                     Charles K. Verhoeven
                                     Kevin P.B. Johnson
                                     Victoria F. Maroulis
                                     Michael T. Zeller
                                     Attorneys for SAMSUNG ELECTRONICS CO.,
                                     LTD., SAMSUNG ELECTRONICS AMERICA,
                                     INC. and SAMSUNG
                                     TELECOMMUNICATIONS AMERICA, LLC

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

### CERTIFICATE OF SERVICE

I hereby certify that on March 19, 2012, I caused **SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE INC.'S FIFTH SET OF INTERROGATORIES (Nos. 11-12)** to be electronically served on the following via email:

**ATTORNEYS FOR APPLE INC.**

| | |
|---|---|
| AppleMoFo@mofo.com<br>HAROLD J. MCELHINNY<br>hmcelhinny@mofo.com<br>MICHAEL A. JACOBS<br>mjacobs@mofo.com<br>JENNIFER LEE TAYLOR<br>jtaylor@mofo.com<br>ALISON M. TUCHER<br>atucher@mofo.com<br>RICHARD S.J. HUNG<br>rhung@mofo.com<br>JASON R. BARTLETT<br>jasonbartlett@mofo.com<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, California 94105-2482<br>Telephone: (415) 268-7000<br>Facsimile: (415) 268-7522 | WILLIAM F. LEE<br>william.lee@wilmerhale.com<br>WILMER CUTLER PICKERING HALE<br>AND DORR LLP<br>60 State Street<br>Boston, Massachusetts 02109<br>Telephone: (617) 526-6000<br>Facsimile: (617) 526-5000<br><br>MARK D. SELWYN<br>mark.selwyn@wilmerhale.com<br>WILMER CUTLER PICKERING HALE<br>AND DORR LLP<br>950 Page Mill Road<br>Palo Alto, California 94304<br>Telephone: (650) 858-6000<br>Facsimile: (650) 858-6100 |

I declare under penalty of perjury that the foregoing is true and correct. Executed in Redwood Shores, California on March 19, 2012.

                                                     /s/ Scott C. Hall