Exhibit 4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | Case No.    11-cv-01846-LHK |
| Plaintiff, | **EXPERT REPORT OF PETER W. BRESSLER, FIDSA** |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD., A Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendants. | |

**\*\*CONFIDENTIAL – CONTAINS MATERIAL DESIGNATED AS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY PURSUANT TO A PROTECTIVE ORDER\*\***

274.   The minor differences between the design of the Vibrant and the design of the D'270 Patent are details that are insufficient to differentiate the overall impression given by the Vibrant from that given by the claimed design of the D'270 Patent.  An ordinary observer's overall impression is created by the design as a whole; for the ordinary observer, changes in details that are clearly subordinate to the primary visual elements are insufficient to alter that overall impression.

275.   In my opinion, the Vibrant design is substantially the same as the D'270 design and embodies that patented design.  It is similarly my opinion that an ordinary observer would also find the Vibrant design to be substantially the same as the patented D'270 design.

### XIV.   APPLE PRACTICES THE CLAIM OF THE D'889 PATENT

276.   It is my opinion that the iPad 2 practices the claim of the D'889 Patent.

277.   In forming this opinion, I reviewed the prosecution history of the D'889 Patent and analyzed and familiarized myself with the prior art cited therein.

278.   To determine whether the iPad 2 practices the D'889 Patent, I compared Figures 1–8 of the D'889 Patent with corresponding views of the iPad 2.[67]

| D'889 Patent Claim | Apple iPad 2 |
|---|---|
| FIG. 1 | |
| FIG. 2 | |

---

[67] To ensure accuracy, my comparisons involving the Apple Products were done using actual devices rather than pictures of the Apple Products.  I reserve the right to rely on the actual phones for purposes of trial testimony.

| D'889 Patent Claim | Apple iPad 2 |
|---|---|
|  FIG. 3 |  |
|  FIG. 4 |  |
|  FIG. 5 <br> FIG. 6 |  |
|  FIG. 7 <br> FIG. 8 |  |

279.   The elements depicted in the D'889 Patent are present in the corresponding portions of the design of Apple's iPad 2.  For instance, both the D'889 Patent and the iPad 2 have the same overall shape that is symmetrical both vertically and horizontally with four evenly rounded corners.  Just like the D'889 Patent, the iPad 2 has a flat, clear front surface surrounded by a thin rim.  In both the D'889 Patent and the iPad 2, the clear surface extends across to the perimeter of the front surface, which is substantially free of added adornment.  Moreover, both the patented D'889 design and the iPad 2 have a rectangular display screen bordered by a mask centered behind the clear front surface.  Both the patented D'889 design and the iPad 2 have a substantially flat back that curves upwards at the side to meet the front plane at an edge.  Also, both the patented D'889 design and the iPad 2 have a thin profile.

280.   Some minor differences exist between the iPad 2 and the patented D'889 design. For instance, the side profile of the iPad 2 is not quite as vertical as the side profile in the D'889 design; and the iPad 2 is slightly thinner than the D'889 design.

281.   These minor differences between the design of the iPad 2 and the design of the D'889 Patent are details that are insufficient to differentiate the overall impression given by the iPad 2 from that given by the claimed design of the D'889 Patent.  An ordinary observer's overall impression is created by the design as a whole; for the ordinary observer, changes in details that are clearly subordinate to the primary visual elements are insufficient to alter that overall impression.

282.   In my opinion, the iPad 2 design is substantially the same as the D'889 design and embodies that patented design.  It is similarly my opinion that an ordinary observer purchasing a smartphone would also find the iPad 2 design to be substantially the same as the patented D'889 design.

XV.   **APPLE PRACTICES THE CLAIM OF THE D'087 PATENT**

283.   It is my opinion that the following Apple products practice the claim of the D'087 Patent: iPhone (original), iPhone 3G, and iPhone 3GS.

284.   In forming this opinion, I reviewed the prosecution history of the D'087 Patent and analyzed and familiarized myself with the prior art cited therein.

285.   To determine whether each of the Apple Products practices the D'087 Patent, I compared Figures 5-9, 11, 17 & 19 of the D'087 Patent with corresponding views of each of the Apple Products.

1 | **XXI.  SUPPLEMENTATION**

2        370.  I reserve the right to supplement or amend this report if additional facts and

3 information that affect my opinion become available.  In particular, I understand that Samsung

4 may serve an expert report concerning one or more of the issues addressed by this report.  I may

5 therefore supplement or amend my report or opinions in response to additional discovery or other

6 events and may rebut the expert report submitted by Samsung.

7 | **XXII.  EXHIBITS TO BE USED**

8        371.  I anticipate using as Exhibits during trial certain documents and things referenced

9 or cited in this report or accompanying this report.  I also anticipate using other demonstrative

10 Exhibits or things at trial.

13 Dated:  March 22, 2012                      PETER BRESSLER