Exhibit 5

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., A Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No.   11-cv-01846-LHK<br><br>**REBUTTAL EXPERT REPORT OF PETER W. BRESSLER, FIDSA** |

**\*\*CONFIDENTIAL – CONTAINS MATERIAL DESIGNATED AS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY PURSUANT TO A PROTECTIVE ORDER\*\***

39.     Moreover, the Fidler 1994 mockup lacks biaxial symmetry, includes added adornments on the front surface, and includes a number of slots and notches along its perimeter. It also includes a hatch on the back secured by four screws.

40.     Based on the contrast in overall visual impression, it is my opinion that the ordinary observer would not find the Fidler 1994 mockup substantially the same as the D'889 design.

41.     **Fidler 1997 Plexiglas Sheet.**  Mr. Sherman alleges that a sheet of Plexiglas material marked as Exhibit 267 to Mr. Fidler's deposition constitutes an anticipating prior art design to the D'889 patent. I have inspected this sheet of Plexiglas, along with photographs of it taken during inspections, and disagree with Mr. Sherman. As Mr. Fidler testified during his deposition, this was merely a "blank rectangle with round corners" made of Plexiglas used to test user preference for portrait or landscape orientation during a mall survey. (Fidler Dep. at 138:16-139:23; 307:11-311:9 (Sep. 23, 2011).) Moreover, Mr. Fidler indicated that Exhibit 267 was a replica actually different in form factor from the original Plexiglas sheet that was used in 1997. (*Id.* at 308:3-14.)

42.     Accordingly, this sheet of Plexiglas is merely that—it is not a tablet design. To belabor the point, it does not include a clear sheet of material over the entire front surface because the Exhibit is a single sheet of Plexiglas with no separate surface layer. The Exhibit does not include a body that rounds up at the sides to form a thin rim around the front surface, because it is a single sheet of Plexiglas with no design for a body, rim, or front surface.

43.     It is my opinion that the ordinary observer would not find this sheet of Plexiglas to be substantially the same as the D'889 design for an electronic device.

44.     **D500,037 ("the D'037 patent")**. Mr. Sherman also asserts that the D'037 patent constitutes an anticipatory reference against the D'889 patent. I disagree. In particular, the D'037 design lacks distinctive features of the D'889 patent—an edge-to-edge transparent front surface and an underlying rectangular element that marks even borders all the way around the perimeter of the device. In contrast, the D'037 patent merely uses straight surface shading to indicate a continuous front surface. No oblique lines are used in the D'037 patent to indicate that

1   its front surface is entirely transparent.  And no lines are used to mark a rectangular element
2   underneath a transparent front surface.

| D500,037 | D'889 Patent |
|---|---|
|  | FIG. 1 |
|  | FIG. 2 |
|  | FIG. 3 |
|  | FIG. 4 |
|  | FIG. 5 |
|  | FIG. 6 |
|  | FIG. 7 |

## V. SUPPLEMENTATION

426. I reserve the right to supplement this report with new information and/or documents that may be discovered or produced in this case, or to address any new arguments offered by Samsung.

Dated: April 16, 2012

_____
Peter W. Bressler