| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781) | WILLIAM F. LEE |
| hmcelhinny@mofo.com | william.lee@wilmerhale.com |
| MICHAEL A. JACOBS (CA SBN 111664) | WILMER CUTLER PICKERING |
| mjacobs@mofo.com | HALE AND DORR LLP |
| RACHEL KREVANS (CA SBN 116421) | 60 State Street |
| rkrevans@mofo.com | Boston, MA 02109 |
| JENNIFER LEE TAYLOR (CA SBN 161368) | Telephone: (617) 526-6000 |
| jtaylor@mofo.com | Facsimile: (617) 526-5000 |
| ALISON M. TUCHER (CA SBN 171363) | |
| atucher@mofo.com | |
| RICHARD S.J. HUNG (CA SBN 197425) | MARK D. SELWYN (SBN 244180) |
| rhung@mofo.com | mark.selwyn@wilmerhale.com |
| JASON R. BARTLETT (CA SBN 214530) | WILMER CUTLER PICKERING |
| jasonbartlett@mofo.com | HALE AND DORR LLP |
| MORRISON & FOERSTER LLP | 950 Page Mill Road |
| 425 Market Street | Palo Alto, California 94304 |
| San Francisco, California 94105-2482 | Telephone: (650) 858-6000 |
| Telephone: (415) 268-7000 | Facsimile: (650) 858-6100 |
| Facsimile: (415) 268-7522 | |

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | Case No.   11-cv-01846-LHK (PSG) |
| Plaintiff, | **APPLE'S MOTION FOR LEAVE TO FILE MOTION TO RECONSIDER ASYMMETRICAL SCHEDULE FOR INJUNCTIVE RELIEF** |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendants. | |

APPLE'S MOTION FOR LEAVE TO SEEK RECONSIDERATION
CASE NO. 11-CV-01846-LHK (PSG)
sf-3189864

Apple moves for leave to file the motion attached hereto as Exhibit A, which seeks reconsideration of the schedule for addressing injunctive relief set by the Court's Orders of August 28 and 29, 2012.

Reconsideration is warranted under Civil Local Rule 7(b)(1) because "a material difference in fact" exists from what the parties previously presented to the Court. When the parties addressed the post-trial schedule on August 1, Samsung did not suggest it would seek to dissolve the June 26 injunction based on the jury verdict. (Dkt. No. 1538.) Apple, therefore, did not address the schedule for any such motion. Similarly, when Samsung proposed a schedule for its motion to dissolve the injunction on August 27, Samsung did not argue that the Court should decline to consider Apple's request for a preliminary injunction. (*See* Dkt. No. 1937.) Thus, Apple never had an opportunity to address the imbalance that results from addressing preliminary injunctive relief in the context of Samsung's motion while declining to address Apple's request for a preliminary injunction at all and delaying the hearing on a permanent injunction until two and a half months later.

As explained in the attached motion, Apple's motion for injunctive relief is more urgent than Samsung's request to dissolve the injunction. Samsung's motion certainly should not be addressed before Apple's motion for injunctive relief. Apple requests that the Court grant leave for Apple to file the attached motion for reconsideration so that the imbalance created by the current schedule can be remedied.

Dated: August 30, 2012     MORRISON & FOERSTER LLP

By:   */s/ Michael A. Jacobs*
       Michael A. Jacobs

Attorneys for Plaintiff
APPLE INC.

APPLE'S MOTION FOR LEAVE TO SEEK RECONSIDERATION
CASE NO. 11-CV-01846-LHK (PSG)
sf-3189864

1