Exhibit A

HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
JENNIFER LEE TAYLOR (CA SBN 161368)
jtaylor@mofo.com
ALISON M. TUCHER (CA SBN 171363)
atucher@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
JASON R. BARTLETT (CA SBN 214530)
jasonbartlett@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No.      11-cv-01846-LHK (PSG)<br><br>**APPLE'S MOTION TO RECONSIDER ASYMMETRICAL SCHEDULE FOR DECIDING INJUNCTIVE RELIEF** |

1   The Court's recent scheduling orders have created a severe imbalance in the schedule for

2   addressing injunctive relief.  On the one hand, based on the "substantial overlap" between

3   motions for preliminary and permanent injunctions and for Rule 50 relief, the Court declined to

4   consider Apple's motion for a preliminary injunction against products that the jury has found to

5   infringe, and set a hearing on a permanent injunction and Rule 50 motions for December 6, 2012.

6   (Dkt. No. 1946 at 1; Dkt. No. 1945.)  On the other hand, the Court set a much faster schedule for

7   Samsung's motion to dissolve the June 26, 2012 preliminary injunction, with Apple's opposition

8   due on September 7 and a hearing (if necessary) on September 20.  (Dkt. No. 1945 at 2.)

9   Samsung's motion to dissolve the June 26 injunction involves the same "substantial

10  overlap" with motions for permanent injunction and Rule 50 relief as Apple's motion for a

11  preliminary injunction.  Samsung moves to dissolve the injunction based on the jury verdict that

12  the Galaxy Tab 10.1 does not infringe the D'889 patent.  This argument is inextricably

13  intertwined with whether JMOL should be granted on that portion of the verdict.  Apple has a

14  substantial basis for a JMOL motion, given this Court's prior finding of likely infringement,

15  which the Federal Circuit affirmed.   Moreover, Samsung's motion also overlaps with whether a

16  permanent injunction should be entered in view of the jury verdict that the Galaxy Tab 10.1

17  infringes Apple's utility patents.

18  If Apple's request for injunctive relief is not heard until December 6 in view of the

19  overlap with JMOL and permanent injunction motions, Samsung's request to dissolve the

20  injunction should also be heard on December 6 in view of the overlap with the same motions.

21  Any other schedule would result in Samsung's request to dissolve the injunction being addressed

22  before Apple's request for injunctive relief.

23  This Court previously found that Samsung's smartphone and tablet sales are causing

24  Apple to lose downstream sales that would be difficult to quantify or recover.  This Court also

25  found that Samsung failed to show irreparable harm that would warrant a stay of the Galaxy Tab

26  10.1 injunction, and the Federal Circuit likewise declined to stay the injunction.  Apple's request

27  for injunctive relief is, if anything, more urgent than Samsung's attempt to dissolve the injunction,

28  and should not be resolved on a slower schedule than Samsung's motion.  Apple requests that the

1   Court reconsider its prior scheduling order by setting Samsung's motion to dissolve the June 26

2   injunction for hearing on the same schedule as Apple's motion for an injunction.

3

4   Dated: August 30, 2012                        MORRISON & FOERSTER LLP

5

6                                         By:    /s/ Michael A. Jacobs
                                                 Michael A. Jacobs

7                                                Attorneys for Plaintiff
8                                                APPLE INC.