QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

  Kevin P.B. Johnson (Bar No. 177129
  kevinjohnson@quinnemanuel.com
  Victoria F. Maroulis (Bar No. 202603)
  victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:   (650) 801-5000
Facsimile:   (650) 801-5100

  Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendant. | CASE NO. 11-cv-01846-LHK (PSG)<br><br>**DECLARATION OF DIANE C. HUTNYAN IDENTIFYING SAMSUNG'S ATTORNEYS' FEES AND COSTS PURSUANT TO THE COURT'S AUGUST 24, 2012 ORDER** |

I, Diane C. Hutnyan, declare as follows:

1. I am a member of the bar of the State of California and a partner at Quinn Emanuel Urquhart & Sullivan LLP, attorneys for Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung"). I make this declaration of personal knowledge and could testify competently to the facts stated herein.

2. On July 11, 2012, this Court granted in part Samsung's Motion for Rule 37 Sanctions for Apple's Violation of December 22, 2011 Court Order, and it awarded Samsung its "requested fees and costs." (*See* Dkt. No. 1213 at 11.)

3. On July 22, 2012, Samsung filed the Declaration of Diane C. Hutnyan Identifying Samsung's Attorneys' Fees And Costs Pursuant to the Court's July 11, 2012 Order. (Dkt. No. 1275). On August 24, 2012, the Court issued an order requiring additional documentation regarding Quinn Emanuel attorney billing rates and a description of the hours each attorney billed by task. (Dkt. No. 1924).

I.  **INTRODUCTION**

4. On December 12, 2011, Samsung filed a motion to compel Apple to produce certain categories of documents and other discovery materials, one of which was deposition testimony from Apple employees taken in cases in which the same patented technology or same products were at issue. (Dkt. 487 at 2.) This motion resulted in the Court's December 22, 2011 Order, which required Apple to produce all its employee deposition transcripts that had a "technological nexus" to this action by January 15, 2012. (Dkt. 536 at 5, hereinafter "December 22 Order.")

5. Apple did not comply with the Court's December 22 Order and, after an unsuccessful meet and confer process, Samsung filed a motion on March 6, 2012 to enforce the Court's December 22 Order with respect to the production of Apple employee deposition transcripts. (Dkt. 782.) The Court granted Samsung's motion to enforce on April 12, 2012, finding that Samsung was prejudiced by Apple's failure to produce all responsive deposition transcripts in a timely manner. (Dkt. No. 867 at 10.)

6. Apple subsequently produced 283 partial and complete employee deposition transcripts, which amounted to over 34,000 pages of deposition testimony. Samsung's counsel's review of those transcripts revealed that Apple had withheld numerous inventor transcripts and more than 240 other relevant transcripts. Apple had also withheld from production, and had refused to deem produced – throughout the entire discovery period – deposition testimony taken from Apple inventors and employees in the 796 Investigation, which involved design patents closely related to those asserted by Apple in the present suit.

7. Based on Apple's belated production of hundreds of transcripts, Samsung brought a motion for Rule 37 Sanctions for Apple's Violation of the December 22, 2011 Court Order on the grounds that Apple's failure to produce those transcripts was both willful and prejudicial to Samsung. (Dkt. 968.) Samsung sought sanctions against Apple in the form of, *inter alia*, payment of its attorneys' fees and expenses it has incurred (and will incur) arising out of Apple's violations. (*Id.* at 1-2.) Specifically, Samsung sought fees and expenses incurred in connection with:

(a) Samsung's Motion to Compel that resulted in the December 22, 2011 Order to the extent it related to production of the Apple employee deposition transcripts at issue;

(b) Samsung's analysis of Apple's compliance with the December 22, 2011 Order, including Samsung's review of the documents that Apple produced from December 22 through the present, and Samsung's efforts to redress Apple's noncompliance with that Order through correspondence and meeting and conferring;

(c) Samsung's Motion to Compel Production of Materials From Related Proceedings and to Enforce the December 22 Order, to the extent it related to enforcement of the December 22 Order requiring production of the Apple employee deposition transcripts at issue; and

(d) Samsung's fees and expenses in connection with Samsung's Motion for Rule 37 Sanctions for Apple's Violation of the December 22 Order. (See id. at 2.)

8. The Court granted Samsung's Motion for Rule 37 sanctions and awarded Samsung "its requested fees and costs." (See Dkt. No. 1213 at 11.)

## II. THE MOTION TO COMPEL THAT RESULTED IN THE DECEMBER 22 ORDER REQUIRING THE PRODUCTION OF THE TRANSCRIPTS AT ISSUE

9. In early October, 2011, Samsung requested that Apple produce the deposition transcripts of its employees in other cases. We wrote several meet and confer letters, and had 7 meet and confer calls with Apple to try to resolve this issue without the involvement of the Court.

10. Unable to reach agreement, we prepared the motion to compel that was granted on December 22, 2011. I managed this work. Associates Marissa Ducca, Alex Hu, and Joby Martin and I were principally involved in preparing for and conducting these meet and confer efforts and in preparing the motion to compel.

11. At least 12 attorney hours were spent on meet and confer efforts concerning this issue, including analysis of Apple's production, legal research, preparation of meet and confer letters, and meeting and conferring with Apple's outside counsel. At the time, Apple said it agreed to produce employee transcripts, but subject to an undefined and shifting "technological nexus" standard. As a result, Samsung was forced to engage in an extended meet and confer process about what that term meant and how it would be applied to Apple's production. Thus, all of the legal research and other work needed to prepare the portion of the motion to compel on this issue was conducted as part of this process.. At least 10 additional attorney hours were spent preparing and filing the portion of the motion relating to this issue, including the supporting declaration and exhibits. An additional hour was spent by Victoria Maroulis to prepare and argue this aspect of the motion at the hearing.

12. Samsung incurred $11,885 in fees in connection with the portion of its motion pertaining to the employee deposition transcripts. Although Samsung also incurred costs as a result of having to file its motion, no costs are included in this request.

13. Attached hereto as Exhibit 1 is a true and accurate chart prepared by individuals working under my direction that reflects the hours worked by each of the above individuals in connection with this portion of Samsung's motion to compel, including each attorney's hourly rate. A description of each individual's role is set forth in more detail below.

## III. SAMSUNG'S MOTION TO ENFORCE THE DECEMBER 22, 2011 COURT ORDER

14. After the Court's January 15, 2012 deadline for Apple to produce the transcripts had passed, I directed a search through Apple's production to see if all responsive materials had been produced. Several contract attorneys were involved that search, which took more than 10 hours to complete. We were able to locate only a small number of responsive deposition transcripts, none of which had been produced after the Court's December 22 Order.

15. During February and March 2012, we made significant efforts to avoid motion practice by meeting and conferring with Apple in an effort to obtain its compliance with the Court's December 22 order. Although it had agreed to produce all deposition transcripts from cases meeting its requested "technological nexus" standard, Apple's counsel refused to provide any information that would facilitate the discussions. For example, although the Court order had contemplated Apple's assistance with identifying cases with a "technological nexus" to this one, Apple refused to identify a single case and, at one point, affirmed the supposed accuracy of a list of cases that it knew to be incomplete.

16. As a result, my team had to conduct research to determine which cases fell within the scope of the Court's order, and determine the scope of Apple's violation. Through these efforts, Quinn Emanuel attorneys Todd Briggs, Alex Hu, and I identified nine cases bearing a "technological nexus" to this action. We wrote several letters to Apple and discussed this issue in the lead counsel meet and confer on February 6, 2012 in an attempt to obtain Apple's cooperation in identifying these cases and bringing itself into compliance, all to no avail. We spent more than 22 attorney hours on this issue, preparing correspondence and discussing at the lead counsel meet and confer, and most of this work was also necessary for the preparation of the Motion to Enforce.

17. Marc Becker was primarily responsible for preparing the Motion to Enforce, but associates Kara Borden and James Ward assisted with the analysis and drafting of the motion, as well as the preparation of the supporting declarations and exhibits. Associates Brad Goldberg, Curran Walker and I were primarily responsible for the reply brief. I managed all of the work for both briefs and argued the motion. Curran Walker and I were primarily responsible for preparing

1  my argument at the hearing. More than 130 attorney hours were spent on preparation of the
2  motion, reply and supporting materials and in preparing for the hearing.

3      18.    Samsung incurred $104,519 in connection with the Motion to Enforce the
4  December 22 Order. Although Samsung also incurred costs as a result of having to file its motion,
5  no costs are included in this request. The time spent by contract attorneys ascertaining the status
6  of Apple's production was not included in this request either.

7      19.    The second chart in Exhibit 1 is a true and accurate chart prepared by individuals
8  working under my direction that reflects hours worked by each of the above individuals in support
9  of Samsung's motion to enforce, including each attorney's hourly rate. A description of each
10 individual's role is set forth in more detail below.

**IV.    SAMSUNG'S MOTION FOR RULE 37 SANCTIONS FOR APPLE'S VIOLATION OF DECEMBER 22, 2011 COURT ORDER**

13     20.    Following this Court's April 12 Order granting Samsung's Motion to Enforce,
14 Apple produced (or deemed produced) more than 34,000 pages of Apple employee deposition
15 transcripts from ten different cases with a technological nexus, including two cases Apple had
16 never previously identified as having a technological nexus.

17     21.    Samsung filed a Motion for Rule 37 Sanctions. Associates Curran Walker, Kara
18 Borden, James Ward, and I were principally involved preparing the Motion for Rule 37 Sanctions
19 and corresponding reply, as well as preparing the response to Apple's post-hearing supplemental
20 brief (Dkt. 1119). Several contract attorneys also assisted in analyzing Apple's new production in
21 support of the motion. My partner, Marc Becker, also worked on the motion for sanctions and
22 reply brief. Associate Alex Hu assisted by identifying and preparing exhibits to support the
23 motion. I managed all their work. Associate Curran Walker and I were primarily responsible for
24 preparing for the hearing, with the support of several contract attorneys who pulled together the
25 information supporting the factual metrics used in the argument. More than 262 attorney hours
26 were spent on preparation of the motion, reply and supporting materials and in preparing for the
27 hearing.

22. Samsung incurred $141,796.50 in connection with the Motion for Rule 37 Sanctions for Apple's violation of the December 2011 Order. Although Samsung also incurred costs as a result of having to file its motion, no costs are included in this request. Only a small portion of the relevant contract attorney time is being charged, to ensure that all time claimed relates directly to the preparation of these three briefs and preparation for the hearing.

23. The third chart in Exhibit 1 is a true and accurate chart prepared by individuals working under my direction that reflects hours worked by each of the above individuals in support of Samsung's motion for sanctions, including each attorney's hourly rate. The total amount of fees claimed is $258,200.50. A description of each individual's role is set forth in more detail below.

## V. THE TOTAL AMOUNT OF TIME CLAIMED IN CONNECTION WITH SAMSUNG'S MOTION TO COMPEL, MOTION TO ENFORCE AND MOTION FOR RULE 37 SANCTIONS IS REASONABLE

24. Considerable effort was required to develop and file the motions described in this declaration. Apple multiplied costs associated with these motions by refusing to meet and confer in good faith, for example, refusing to cooperate in identifying which of its cases have a technological nexus with the instant matter, or even in confirming its own production. Much of the information about Apple's actions in connection with the deposition transcripts were only revealed in oppositions filed in response to Samsung's motions.

25. As is well documented in the Court's April 12 and July 11 Orders, Apple not only "read self-serving limitations" into the Court's December 22 Order to avoid production, but also argued these same limitations in response to both the motion to enforce and motion for sanctions, unnecessarily multiplying the costs associated with these motions.

26. In addition, Apple's refusal to permit Samsung use of its employee deposition transcripts from the 796 Investigation made it necessary for Samsung to request leave to file those transcripts *in camera* rather than being able to file them under seal under the operative protective order in this case. Samsung is not requesting reimbursement for the costs associated with preparing that request.

27. Nor has Samsung claimed the costs it incurred as a direct result of Apple's successful concealment of relevant facts and sworn testimony of its employees throughout the pendency of discovery and in blatant violation of the Court's December 22 Order. The Court's April 12 Order granting five additional depositions for a total of ten hours was issued before Apple revealed the comprehensive scope of its noncompliance and thus did not address the prejudice caused by Apple's willful violation.

28. Samsung incurred significant fees in addition to the fees detailed in this motion. Samsung is not seeking reimbursement for most of the contract attorney time, or for the time of senior partners who reviewed and edited the briefs, or for paralegal time incurred. Also, the hours that are claimed herein are limited to those that I was able to ascertain with reasonable precision were specifically directed to the work for which reimbursement was requested by Samsung in its motion for sanctions, and granted by the Court in its July 11, 2012 Order.

29. The amount Samsung has claimed is almost *exactly* the same as what Apple claimed in connection with a similar attorney's fees award. Apple claimed it spent 231 hours preparing its December 2011 motion to compel, and that it incurred $116,669 for that work. Apple only claimed $29,167 from Samsung because that was all it was permitted to claim. The Court had awarded Apple "its fees arising from Samsung's failure to produce one of . . . four categories of documents" in that motion. (Decl. of Jason Bartlett, Dkt. 906, at 1:15-20; *see also* Order, Dkt. 880) ("Apple shall not collect fees related to [the other three categories]").

30. Here, the Court awarded Samsung the fees it incurred in connection with the three briefs that were necessary to force Apple to produce these deposition transcripts.[1] (Order Granting-in-Part Samsung's Motion for Sanctions, Dkt. 1213, at 10-11.) More specifically, Samsung was awarded its fees incurred in preparing the portion of the motion to compel relating

---

[1] The materials withheld until the Court's April 12, 2012 order were the deposition transcripts of Apple inventors and other employees taken in cases with a "technological nexus" with the instant suit – for example, cases in which the same or closely related patents were asserted. Apple represented Samsung and to the Court that it would produce these materials back in November 2011.

to the transcripts (for which Samsung claimed less than $12,000, as there were many unrelated issues included in that motion), as well as Samsung's motion to enforce, and motion for sanctions for Apple's failure to comply with, the December 22 order compelling production of the transcripts (the average cost of each of which was around $120,000, just like Apple's). (*Id.* at 2, 11; Dkt. 1275-1.) Both of those latter two motions were solely focused on Apple's failure to produce the responsive transcripts.

## VI. THE RATES CHARGED IN CONNECTION BY QUINN EMANUEL ARE CONSISTENT WITH PREVAILING INDUSTRY RATES

### A. Quinn Emanuel Attorneys

31. **Diane Hutnyan**. I received a JD/MBA from Stanford in 1997 and have been a partner at Quinn Emanuel for more than nine years. My practice focuses on intellectual property litigation, including patent, copyright and trade secret cases. I supervised the associates working on all of the above-mentioned discovery motions, as well as assisted in drafting these motions and preparing for their hearings.

32. The motion to compel Apple to produce the transcripts was centered on the question of what constituted a "technological nexus," as Apple purported to be willing to produce the transcripts that fell within that standard. I managed the negotiations with Apple as to the proper legal standard to apply and in that context supervised the preparation of the legal research that ultimately was used in Samsung's motion to compel on this issue. I also edited the motion to compel and supervised the other attorneys' work on preparation of that motion. I billed 6 hours in connection with these tasks at an hourly rate of $790. No fees have been claimed with respect to Samsung's motion to compel that did not pertain to the portion of the motion seeking production of the deposition transcripts.

33. I also supervised preparation of the Motion to Enforce the December 22, 2011 Order and corresponding Reply Brief and participated in research to determine the scope of Apple's violation of the Court order. I assisted in the identification of the nine cases bearing a technological nexus to this action and prepared letters that ultimately narrowed the scope of Samsung's motion to enforce. I also prepared portions of and reviewed the Motion to Enforce and

reply brief, prepared my argument for hearing on the Motion, and argued the Motion at the April 9, 2012 hearing. I billed 10.5 hours in connection with these tasks at an hourly rate of $790.

34. I was also involved in the preparation and review of Samsung's Motion for Sanctions and corresponding reply, wrote, reviewed and edited both documents, and managed the work of other attorneys. I was also responsible for preparation of my argument at hearing and argued the motion at the June 21, 2012 hearing. I billed 57.5 hours in connection with these tasks in connection with Samsung's Motion for Sanctions at an hourly rate of $790.

35. **Victoria Maroulis**. Ms. Maroulis has been a partner at Quinn Emanuel for over nine years as well. She graduated from Yale Law School in 1995. She is the co-chair of the firm's National Life Science Practice, and her practice primarily focuses on intellectual property litigation. She prepared to argue and argued the motion that led to the December 22 Order, including the portion of the motion that related to production of the Apple transcripts. Ms. Maroulis billed 1 hour in connection with arguing that portion of the motion at an hourly rate of $815.

36. **Todd Briggs**. Mr. Briggs is a partner at Quinn Emanuel, and is registered to practice before the United States Patent and Trademark Office. His practice focuses on patent infringement and other intellectual property cases, and he has litigated cases throughout the United States relating to a wide variety of technologies including microprocessors, memory devices, and wireless communications. Mr. Briggs assisted with the preparation of Samsung's motion to enforce by analyzing several Apple cases and investigations and identifying which cases bear a technological nexus to this action. Mr. Briggs billed 4 hours in connection with this task at an hourly rate of $735. All of this time had to be incurred because Apple refused to identify the cases it considered to have a "technological nexus," even though it had promised the Court last fall that it would produce all employee transcripts from those cases.

37. **Marc Becker**. Mr. Becker is a partner at Quinn Emanuel, and practices law in both the UK and the US. He graduated from Boalt Hall School of Law in 1988. He has extensive experience litigating intellectual property disputes, including patent, copyright, trademark, and trade secret matters. Mr. Becker was primarily responsible for writing Samsung's Motion to

1 Enforce and supervised work on the reply brief in support of the motion. Mr. Becker billed 50
2 hours in connection with these tasks. Mr. Becker and also assisted with preparation and review of
3 Samsung's Motion for Sanctions and reply brief and billed 18.7 hours in connection with these
4 tasks at an hourly rate of $1035.

5       38.    **Melissa Dalziel**. Ms. Dalziel has worked at Quinn Emanuel for seven years. She
6 supervised the analysis of Apple's production of deposition transcripts in connection with
7 Samsung's Motion to Enforce. Specifically, she researched Apple's compliance and thus
8 determined the proper scope of the motion to enforce. Ms. Dalziel billed 2 hours in connection
9 with this task at an hourly rate of $730.

10       39.    **Curran Walker**. Mr. Walker has been an associate at Quinn Emanuel's Los
11 Angele office for over five years, and his practice focuses on intellectual property litigation. Mr.
12 Walker helped draft Samsung's reply brief in support of the Motion to Compel and to Enforce,
13 helped prepare my argument on the motion, and attended the April 9, 2012 hearing on the motion,
14 during which he assisted in me in rebutting arguments made in response. Mr. Walker billed 27.7
15 hours in connection with these tasks at an hourly rate of $555. Mr. Walker also provided
16 substantial assistance with all aspects of the preparation of Samsung's Motion for Sanctions and
17 corresponding reply brief, the response to Apple's post-hearing supplemental brief (Dkt. 1119),
18 preparation of my argument on the motion, and attended the June 21, 2012 hearing on the motion,
19 during which he assisted me in preparing rebuttal points to those made by Mr. Jacobs. Mr. Walker
20 billed 93.5 hours in connection with these tasks at an hourly rate of $555.

21       40.    **Marissa Ducca**. Ms. Ducca is an associate in the Washington, D.C. office of
22 Quinn Emanuel. She participated in telephonic meet and confer efforts with Apple's counsel, and
23 helped draft, review, and revise the motion leading to the December 22 Order. Ms. Ducca billed 6
24 hours in connection with these tasks at an hourly rate of $622.

25       41.    **Kara Borden**. Ms. Borden is an associate in the Los Angeles office of Quinn
26 Emanuel. She assisted with the analysis and drafting of the Motion to Enforce as well as
27 preparation of the supporting declarations and exhibits. Ms. Borden billed 8.8 hours in connection
28 with these tasks at an hourly rate of $445. Ms. Borden also was involved in preparing the Motion

1 for Sanctions, supporting declaration, exhibits and corresponding reply and billed 23.9 hours in
2 connection with these tasks at an hourly rate of $445.

3      42. **Alex Hu.** Mr. Hu is an associate in the Los Angeles office of Quinn Emanuel. He
4 performed numerous tasks in connection with all of the motions described herein. Mr. Hu assisted
5 with the legal research and other tasks necessary for the negotiations with Apple about its position
6 on "technological nexus" that formed the basis of Samsung's motion to compel on production of
7 the transcripts. He also helped draft, review, and revise the motion leading to the December 22
8 Order. Mr. Hu billed 8 hours in connection with these tasks at an hourly rate of $290. Mr. Hu
9 also assisted with preparation of the motion to enforce by researching cases thought to have a
10 potential technological nexus with the present case and ultimately identifying nine such cases.
11 Mr. Hu billed 16.3 hours in connection with these tasks at an hourly rate of $415 (all of which
12 could have been avoided had Apple participated meaningfully in the meet and confer process to
13 identify the cases it considered to have a "technological nexus"). Mr. Hu also identified and
14 prepared exhibits to support Samsung's Motion for Sanctions and billed 10.6 hours on this task at
15 an hourly rate of $415.

16      43. **Joby Martin**. Mr. Martin is an associate in the San Francisco office of Quinn
17 Emanuel. He helped draft and review the declaration supporting the motion to compel that led to
18 the December 22 Order. Mr. Martin billed 1 hour in connection with this task at an hourly rate of
19 $290.

20      44. **James Ward**. Mr. Ward is an associate in the Chicago office of Quinn Emanuel.
21 Mr. Ward assisted in the preparation of the reply brief in support of the Motion to Enforce and
22 billed 5 hours in connection with this task at an hourly rate of $480. Mr. Ward also assisted with
23 researching, drafting, and filing Samsung's Motion for Sanctions and billed 8 hours on these tasks
24 at an hourly rate of $480.

25      45. **Brad Goldberg**. Mr. Goldberg is a former associate in the Los Angeles office of
26 Quinn Emanuel. He assisted with the drafting of Samsung's reply brief in support of its Motion to
27 Enforce and conducted legal research in support of the motion. Mr. Goldberg billed 28 hours in
28 connection with this task at an hourly rate of $415.

46. **Contract Attorneys.** Several contract attorneys were involved in each of the motions; however, Samsung is only claiming a small portion of those fees. For example, several contract attorneys were involved in the search through Apple's production after the January 15, 2012 deadline for Apple to produce transcripts had passed, which took more than 10 hours to complete, but the time spent by contract attorneys ascertaining the status of Apple's production was not included in Samsung's request. Several contract attorneys also assisted in the analysis of Apple's new production of deposition transcripts in support of the Motion for Sanctions and pulled together information supporting factual metrics used in preparation of the briefing for, and the argument on, the motion. This was a time consuming task because of the quantity and late timing of Apple's production. Only 50 hours, a small portion of the relevant contract attorney time, is being charged. Each contract attorney performed these tasks at an hourly rate of $125.

**B.    Comparable Rates**

47. Quinn Emanuel's hourly rates for Samsung are consistent with prevailing market rates for attorneys of similar skill and expertise. As shown in the 2011 National Law Journal survey of billing rates across the nation, the hourly rates of these Quinn Emanuel attorneys are consistent with the hourly rates at large law firms in large metropolitan areas.

48. Quinn Emanuel's rates are comparable to the rates charged by Apple's outside counsel, Morrison & Foerster, based on the Declaration of Jason Bartlett in Support of Apple's Petition for Attorneys' Fees Pursuant to the Court's April 23 Order. (*See* Dkt. No. 906.)

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

1  49. As set forth in Exhibit 1, the mean billing rate for partners who worked on these motions is $821.  The mean rate for associates who worked on these motions is $448.  These numbers are consistent with the numbers Morrison & Foerster provided in support of Apple's Petition for Attorney's Fees.  (Dkt. 906 at 6.)

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed August 30, 2012, at London, England.

*[signature]*

Diane C. Hutnyan