QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

  Kevin P.B. Johnson (Bar No. 177129)
  kevinjohnson@quinnemanuel.com
  Victoria F. Maroulis (Bar No. 202603)
  victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065-2139
Telephone:     (650) 801-5000
Facsimile:     (650) 801-5100

  Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>              Plaintiff,<br><br>       vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>              Defendant. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO APPLE'S MOTION FOR LEAVE TO FILE MOTION TO RECONSIDER SCHEDULE FOR INJUNCTIVE RELIEF** |

Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") respectfully submit this opposition to the motion of Apple, Inc. ("Apple") for leave to seek reconsideration of the Court's post-trial scheduling orders regarding injunctive relief.

Apple seeks to disrupt the Court's carefully crafted orders for post-trial motions by delaying consideration of Samsung's motion to dissolve the Galaxy Tab 10.1 preliminary injunction and placing it on the same schedule as Apple's motion for a permanent injunction, which will be heard December 6. The motion should denied for at least two reasons.

*First*, Apple has failed to satisfy the requirements for reconsideration. Northern District Civil Local Rule 7-9 requires the party seeking reconsideration to show:

> (1) "a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order which reconsideration is sought";
>
> (2) "new material facts or a change of law occurring after the time of such order"; or
>
> (3) "a manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order."

Civil L.R. 7-9(b). Apple purports to invoke the first ground for reconsideration—the existence of "'a material difference in fact' … from what the parties previously presented to the Court." (Leave Mot. 1.) But Apple fails to identify any fact that the Court was not aware of when it entered its scheduling orders of August 28 and August 29, 2012. Specifically, at the time of the orders, the Court was aware that (1) Samsung had filed a motion to dissolve the Galaxy Tab 10.1 preliminary injunction (Dkt. No. 1936); (2) Samsung had sought a shortened briefing and hearing schedule for the dissolution motion (Dkt. No. 1937); (3) Apple opposed Samsung's proposed scheduled (Dkt. No. 1938); (4) Apple desired to file a motion for preliminary injunctive relief as to different products (Dkt. No. 1940); and (5) Apple separately intended to seek permanent injunctive relief (Dkt. No. 1538). The Court evaluated the parties' competing positions and, in the course of two orders over two days, exercised its broad discretion to sequence and streamline the

-1-   Case No. 11-cv-01846-LHK
SAMSUNG'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO APPLE'S MOTION
FOR LEAVE TO FILE MOTION TO RECONSIDER SCHEDULE FOR INJUNCTIVE RELIEF

1  post-trial proceedings.  (*See* Dkt. Nos. 1945, 1946.)  Apple has no basis for seeking
2  reconsideration of the schedule that the Court has developed.

3        *Second*, Apple offers no legitimate grounds to delay consideration and resolution of
4  Samsung's dissolution motion.  There is no "asymmetry" that the Court needs to correct:
5  dissolving an injunction issued based on purported infringement of a single patent bears no
6  resemblance to—and certainly is not asymmetrical with—briefing and decision on an "injunction
7  against eight Samsung phones involving seven different intellectual property rights." (Dkt. No.
8  1946, at 1).  Nor is Samsung's straightforward motion intertwined with the other motions for post-
9  trial relief that will be heard on December 6, since it is premised on the incompatibility between
10  Apple's *2011* contention that it was likely to succeed on the merits of its D'889 claim and the
11  jury's actual finding of *non*-infringement of the D'889 patent.  Furthermore, the jury found non-
12  infringement based on a more complete record than was before the Court when it issued the
13  preliminary injunction.[1]  Supreme Court precedent instructs courts to take account of "significant
14  changes in … circumstances underlying an injunction" so that the injunction does not turn into "an
15  instrument of wrong." *Salazar v. Buono*, 130 S. Ct. 1803, 1816 (2010).  Apple's proposal that the
16  Court delay its consideration of whether to dissolve the injunction conflicts with this governing
17  authority.  Such a delay would also require Samsung either to file its opening brief on the
18  preliminary injunction appeal (which is now due November 1) prior to resolution of its dissolution
19  motion or to seek a further extension of that briefing schedule.  The Court's existing schedule
20  avoids these inefficiencies.  There is thus no basis to permit Apple to seek reconsideration.[2]

---

[1] Apple's suggestion that it has a "substantial basis for a JMOL motion, given this Court's prior finding of likely infringement" (Mot. at 1) overlooks that this preliminary finding did not reflect the evidence presented at trial, critical portions of which were produced *after* the October 2011 preliminary injunction hearing.

[2] Under Civil Local Rule 7-9, Samsung need not respond to a motion for reconsideration unless the Court so requests.  Samsung submits this brief on the threshold issue of whether the Court's August 28 and August 29 Orders should be reconsidered.  If the Court grants leave to seek reconsideration, Samsung requests the opportunity to submit additional arguments.

1   DATED:  August 31, 2012           Respectfully submitted,

2                                     QUINN EMANUEL URQUHART &
                                      SULLIVAN, LLP
3

4
                                        By/s/ Victoria Maroulis
5                                         Charles K. Verhoeven
                                          Kevin P.B. Johnson
6                                         Victoria F. Maroulis
                                          Attorneys for SAMSUNG ELECTRONICS
7                                         CO., LTD., SAMSUNG ELECTRONICS
                                          AMERICA, INC. and SAMSUNG
8                                         TELECOMMUNICATIONS AMERICA, LLC

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28