1   HAROLD J. MCELHINNY (CA SBN 66781)        WILLIAM F. LEE
    hmcelhinny@mofo.com                       william.lee@wilmerhale.com
2   MICHAEL A. JACOBS (CA SBN 111664)         WILMER CUTLER PICKERING
    mjacobs@mofo.com                          HALE AND DORR LLP
3   RACHEL KREVANS (CA SBN 116421)            60 State Street
    rkrevans@mofo.com                         Boston, MA 02109
4   JENNIFER LEE TAYLOR (CA SBN 161368)       Telephone: (617) 526-6000
    jtaylor@mofo.com                          Facsimile: (617) 526-5000
5   ALISON M. TUCHER (CA SBN 171363)
    atucher@mofo.com
6   RICHARD S.J. HUNG (CA SBN 197425)         MARK D. SELWYN (SBN 244180)
    rhung@mofo.com                            mark.selwyn@wilmerhale.com
7   JASON R. BARTLETT (CA SBN 214530)         WILMER CUTLER PICKERING
    jasonbartlett@mofo.com                    HALE AND DORR LLP
8   MORRISON & FOERSTER LLP                   950 Page Mill Road
    425 Market Street                         Palo Alto, California 94304
9   San Francisco, California  94105-2482     Telephone: (650) 858-6000
    Telephone:  (415) 268-7000                Facsimile: (650) 858-6100
10  Facsimile:  (415) 268-7522

11

12  Attorneys for Plaintiff and
    Counterclaim-Defendant APPLE INC.

13

14                  UNITED STATES DISTRICT COURT

15                 NORTHERN DISTRICT OF CALIFORNIA

16                       SAN JOSE DIVISION

17

18  APPLE INC., a California corporation,       Case No.      11-cv-01846-LHK (PSG)

19                  Plaintiff,                   **APPLE'S RESPONSE TO STAY**
                                                 **SAMSUNG'S MOTION TO STAY**
20       v.                                      **DAMAGES JUDGMENT**
                                                 **PENDING RESOLUTION OF**
21  SAMSUNG ELECTRONICS CO., LTD., a            **POST-TRIAL MOTIONS**
    Korean business entity; SAMSUNG
22  ELECTRONICS AMERICA, INC., a New York
    corporation; SAMSUNG
23  TELECOMMUNICATIONS AMERICA, LLC, a
    Delaware limited liability company,

24
                    Defendants.
25

26

27

28

1    Samsung contends that the damages judgment based on the jury verdict of approximately

2    $1.049 billion should be stayed until post-trial motions are resolved.  Samsung relies on Federal

3    Rule of Civil Procedure 62(b), which provides that "[o]n appropriate terms for the opposing

4    party's security," the Court may stay execution of a judgment pending resolution of post-trial

5    motions (Dkt. No. 1941 at 4.)  Samsung also asserts that Rule 62(d) entitles Samsung to stay the

6    judgment by filing a notice of appeal and posting a bond.  (*Id.*)  Samsung requests that the Court

7    issue a stay without any security, but states that "Samsung is prepared to post a bond in the full

8    amount of the jury's verdict" as a condition to a stay.  (*Id.* at 6.)

9    Apple does not oppose a stay if Samsung posts an adequate bond, but opposes a stay

10   without a bond.  As Samsung notes, Rule 62(b) conditions a stay pending resolution of post-trial

11   motions "[o]n appropriate terms for the opposing party's security."  Fed. R. Civ. P. 62(b).  This is

12   consistent with Rule 62(d), which authorizes a stay pending appeal on the filing of "a supersedeas

13   bond."  Fed. R. Civ. P. 62(d).  Having cited Rules 62(b) and (d) as the basis for its motion,

14   Samsung cannot plausibly argue that a stay should be granted without the required security.

15   Samsung contends that it should not be required to post a bond because the precise

16   amount of the judgment may be adjusted and a bond will involve some costs.  (Dkt. No. 1941 at

17   4-6.)  Samsung cites no authority, however, for waiving a bond on these grounds, which could

18   apply in every case.  Nor does Samsung explain why the amount of the bond cannot be adjusted

19   later, or why this Court should stay the judgment without requiring Samsung to provide security.

20   "Appropriate terms" for Apple's security include, at a minimum, a bond for the full

21   amount of the jury verdict.[1]  An appropriate proposed order is submitted herewith.

22
23   Dated: August 31, 2012                    MORRISON & FOERSTER LLP

24                                             By:   */s/ Michael A. Jacobs*
                                                     Michael A. Jacobs
25                                                   Attorneys for Plaintiff APPLE INC.

26

27   _____
     [1]  Apple is entitled to a bond for the full amount of the judgment, interest, costs, and other
28   damages from delay.  Apple limits its request for a bond pending post-trial motions to the amount
     of the verdict, but reserves the right to seek additional amounts after those motions are resolved.