1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Cal. Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5  Kevin P.B. Johnson (Cal. Bar No. 177129)
   kevinjohnson@quinnemanuel.com
6  Victoria F. Maroulis (Cal. Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
7  555 Twin Dolphin Drive 5th Floor
   Redwood Shores, California 94065
8  Telephone: (650) 801-5000
   Facsimile: (650) 801-5100
9
   Michael T. Zeller (Cal. Bar No. 196417)
10 michaelzeller@quinnemanuel.com
   865 S. Figueroa Street, 10th Floor
11 Los Angeles, California 90017
   Telephone: (213) 443-3000
12 Facsimile: (213) 443-3100

13 Attorneys for SAMSUNG ELECTRONICS
   CO., LTD., SAMSUNG ELECTRONICS
14 AMERICA, INC., and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC
15

16                    UNITED STATES DISTRICT COURT

17              NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

18

19 | APPLE INC., a California corporation, | CASE NO. 11-cv-01846-LHK |
|---|---|
20 | Plaintiff, | |
21 | vs. | **SAMSUNG'S REPLY BRIEF RE PROFFER OF WITNESS TESTIMONY AND EXHIBITS** |
22 | SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG | |
23 | ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG | |
24 | TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
25 | Defendants. | |

**Samsung's Reply to Apple's Objections and Response to Proffer of Evidence**

Although Apple is ambiguous about what it seeks to accomplish through its "objections and response" to Samsung's proffer, to the extent Apple is asking the Court to strike Samsung's proffer or otherwise limit Samsung's right to preserve for appeal its objections to the Court's adverse rulings, Apple's request has no merit and should be rejected.

Apple argues that "Samsung's proffer is an inappropriate attempt to augment the record with evidence that it failed to produce in a timely manner, and for which it was properly sanctioned." Dkt. 1949 at 14. Apple both mischaracterizes Samsung's proffer of evidence and misapprehends the very purpose of an offer of proof under Rule 103(a)(2). Samsung is not trying to "augment the record with evidence" at all. Rather, Samsung is *preserving for appellate review* the evidence that it contends was improperly excluded from the trial, which is "the point of an offer of proof." *U.S. v. Boulware*, 558 F.3d 971, 975-76 (9th Cir. 2009). Apple's misguided rhetoric fails.

In a similar vein, Apple argues that Samsung's proffer of evidence is "improper" because certain evidence was not excluded on an "evidentiary basis," but rather because Samsung allegedly did not timely disclose the evidence in discovery. *See*, *e.g*., Dkt. 1949 at 1, 4, 5. According to Apple, Samsung's proffer as to evidence excluded as a discovery or disclosure matter "goes far beyond what Rule 103(a)(2) contemplates." Dkt. 1949 at 1. But Rule 103(a)(2) draws no such distinction based on the reasons *why* evidence was excluded. It states that "[a] party may claim error in *a ruling to admit or exclude evidence* only if the error affects a substantial right of the party and . . . *if the ruling excludes evidence*, a party informs the court of its substance by an offer of proof, unless the substance was apparent from the context." Fed. R. Evid. 103(a)(2) (emphasis added). Indeed, elsewhere, Apple itself states that the evidence Samsung proffers was "excluded." *See*, *e.g*., Dkt. 1949 at 8 ("Magistrate Judge Grewal properly excluded all of the above evidence and analysis because it was untimely disclosed."). Thus, under the express language of Rule 103(a)(2), Samsung is entitled to preserve its appellate rights as to evidence that was excluded by a ruling of the Court, no matter the basis for the ruling. Precedent is in accord as well. *See*, *e.g*., *Dead Oak Estates, Inc. v. Kupka*, 2011 WL 7145993, *8

1  (9th Cir. BAP Dec. 16, 2011) (district court properly considered offer of proof regarding evidence
2  excluded because it was not disclosed in pretrial order); *Johnson v. Acevedo*, 572 F.3d 398, 401
3  (7th Cir. 2009) (evaluating impact of evidence preserved through offer of proof made after the
4  evidence was excluded for not having been disclosed in discovery); *cf. United States v.*
5  *Rettenberger*, 344 F.3d 702, 706 (7th Cir. 2003) (by failing to make offer of proof in trial court,
6  defendant waived appellate challenge to evidence that was excluded because it was not disclosed
7  before trial).[1]

8  Apple also raises several untimely challenges to the substance of the evidentiary issues
9  Samsung raised.   For example, Apple argues that certain evidence Samsung proffers would have
10 been irrelevant (Dkt. 1949 at 10, 11); was properly excluded under Rule 403 (*id*. at 9, 12); or is
11 hearsay (*id*. at 14, 19).   While Samsung disputes Apple's arguments and looks forward to
12 addressing the merits of the evidentiary issues it raises on appeal, Samsung's offer of proof under
13 Rule 103(a)(2) was made *to preserve Samsung's arguments for appeal* as to ruling that this Court
14 made during trial.   It is not the forum to address the merits of these evidentiary issues, and
15 Apple's attempt to do so is misplaced.   If anything, to the extent Apple's "response" to
16 Samsung's proffer has any bearing on the evidentiary issues Samsung raises, it serves only to
17 show that such evidence was material and controverted and should have been presented to the jury.
18 As to much of Samsung's excluded evidence, Apple makes a belated so-called "counter-proffer"
19 of evidence it claims it would have submitted in response to Samsung's excluded evidence.   *See*,
20 *e.g*., Dkt. 1949 at 2, 3, 6, 12.   Far from showing that Samsung's proffer of evidence is improper

---

[1]   In any case, even if (contrary to fact and law) Samsung's proffer of evidence did exceed the scope of what Rule 103(a)(2) "contemplates," Apple has no basis for relief in the form of striking or otherwise limiting Samsung's proffer since it does not and cannot articulate any prejudice to the creation of a full appellate record.   *See U.S. Aviation Underwriters, Inc. v. Aerospatiale, Societe Nationale Industrielle, S.A*., 2006 WL 6049471, *1 (D. Ariz. Feb. 09, 2006) ("The Court will not strike the remaining Offers of Proof" where "[o]ne of the reasons Plaintiffs cite for filing the Offers of Proof is to create a record for appeal," and "Defendants will not be prejudiced at trial by allowing the Offers of Proof to remain in the Court file for possible use on appeal.").

1   or meritless, Apple's "counter-proffers" only serves to confirm that the evidence Samsung proffers
2   raises substantial disputed issues of fact that should have been evaluated by the jury.

4   DATED:     September 4, 2012          QUINN EMANUEL URQUHART &
                                          SULLIVAN, LLP

                                          By  */s/ Victoria F. Maroulis*
                                              Charles K. Verhoeven
                                              Victoria F. Maroulis
                                              Kevin P.B. Johnson
                                              Michael T. Zeller
                                              Attorneys for SAMSUNG ELECTRONICS
                                              CO., LTD., SAMSUNG ELECTRONICS
                                              AMERICA, INC., and SAMSUNG
                                              TELECOMMUNICATIONS AMERICA, LLC