UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>  Plaintiff and Counterdefendant,<br>  v.<br><br>SAMSUNG ELECTRONICS CO., LTD.,<br>a Korean corporation;<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br>a New York corporation; and<br>SAMSUNG TELECOMMUNICATIONS<br>AMERICA, LLC,<br>a Delaware limited liability company,<br><br>  Defendants and Counterclaimants. | Case No.: 11-CV-01846-LHK<br><br>ORDER DENYING MOTION FOR LEAVE TO FILE MOTION TO RECONSIDER POST-TRIAL BRIEFING SCHEDULE<br><br>(re: dkt. #1950) |

On August 30, 2012, Apple filed a Motion for Leave to File Motion to Reconsider Asymmetrical Schedule for Injunctive Relief. ECF No. 1950. Samsung filed an opposition on August 31, 2012. ECF No. 1952.

Apple argues that its request for injunctive relief is more urgent than Samsung's request to dissolve an existing injunction, and that Samsung's motion should therefore also be heard on December 6, 2012, alongside Apple's motion. Apple contends that reconsideration is warranted because when the parties addressed the post-trial schedule on August 1, Samsung did not suggest it would seek to dissolve the June 26 injunction based on the jury verdict. However, in opposing Samsung's motion to shorten time for briefing and hearing on Samsung's motion to dissolve the June 26, 2012 preliminary injunction, Apple both knew of Samsung's motion to dissolve and had

1

the opportunity to be heard regarding an appropriate briefing schedule. *See* ECF No. 1936 (Samsung's motion to dissolve); ECF No. 1937 (Samsung's motion to shorten time); ECF No. 1938 (Apple's opposition to motion to shorten time). Apple argued in its opposition that "Samsung's motion to dissolve the injunction should be decided on the same schedule as Apple's motion for a preliminary injunction." ECF No. 1938 at 2. The Court disagreed, and no change in facts or the law has changed the Court's opinion. Whereas Samsung's motion to dissolve the June 26, 2012 preliminary injunction involves review of an injunction against a single product (the Galaxy Tab 10.1) based on alleged infringement of a single Apple patent (the D'889 Patent), *see* ECF No. 1135, Apple's proposed motion for a post-trial, pre-JMOL preliminary injunction would seek to enjoin eight different Samsung products based on the jury's finding of infringement across seven different intellectual property rights. Moreover, Apple has indicated that its motion for a permanent injunction may be even broader in scope. *See* ECF No. 1940 (identifying eight products as the subject of a preliminary injunction, but "reserve[ing] all rights regarding a permanent injunction"). Accordingly, the Court finds good cause for setting different briefing and hearing schedules for the parties' respective injunction-related motions. Apple's motion for reconsideration does not meet the requirements for reconsideration under Civil Local Rule 7-9(b), and it is therefore DENIED.

In briefing Samsung's Motion to Dissolve the June 26, 2012 Preliminary Injunction, the parties shall address, in particular, the following issues: (1) whether the June 26, 2012 Preliminary Injunction order ("PI Order") automatically dissolves upon entry of final judgment, *see U.S. Philips Corp. v. KBC Bank N.V.*, 590 F.3d 1091, 1093-94 (9th Cir. 2010); (2) whether the fact that the PI Order is on appeal impacts or stays any such dissolution; and (3) whether this Court has jurisdiction to rule on Samsung's dissolution motion while the PI Order is on appeal, *see Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 59 (1982) (per curiam); *McClatchy Newspapers v. Cent. Valley Typographical Union No. 46*, 686 F.2d 731, 734-35 (9th Cir. 1982).

The briefing schedule on Samsung's Motion to Dissolve set forth in the Court's August 28, 2012 Order Regarding Post-Trial Proceedings is modified as follows: (a) Apple's opposition,

previously due September 7, 2012, is now due September 10, 2012; and (b) Samsung's reply, previously due September 13, 2012, is now due September 14, 2012.

**IT IS SO ORDERED.**

Dated: September 6, 2012

_____
LUCY H. KOH
United States District Judge