UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California corporation,<br><br>              Plaintiff,<br>       v.<br><br>SAMSUNG ELECTRONICS CO., LTD., A Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>              Defendants. | Case No.: 11-CV-01846-LHK<br><br>ORDER RE: INTEL'S REQUEST FOR CLARIFICATION |

Non-party Intel has requested clarification from the Court regarding the applicability of the Court's August 9, 2012 Order on Sealing Motions (ECF No. 1649) (hereafter "August 9 Order") to several documents Intel had identified in its Revised Motion to Seal on July 30, 2012 (ECF No. 1489) that are not explicitly addressed in the Court's August 9 Order. Intel's present request concerns two categories of documents: license agreements between Intel and Samsung and documents disclosing confidential technical information.

**I.  INTEL/SAMSUNG LICENSE AGREEMENTS USED AS EXHIBITS IN PREVIOUSLY SEALED FILINGS**

In the August 9 Order, the Court granted Intel's motion concerning license agreements "with respect to the payment terms of the licensing agreement only." August 9 Order at 28. This

1

Case No.: 11-CV-01846-LHK
ORDER RE: INTEL'S REQUEST FOR CLARIFICATION

Order applies to the 1993 Samsung/Intel Cross License (Exhibit K1 to the Hecht Declaration in Support of Samsung's Opposition to Motion for Partial Summary Judgment, ECF No. 847), and to the 2002 and 2003 Amendments to that license (Exhibits K2 and K3 to the Hecht Declaration), to the extent that they contain payment terms.  Consistent with the August 9 Order, Intel's motion is GRANTED with respect to the payment terms of those documents only, and denied as to the rest of the license agreement and amendments.

## II.     TECHNICAL DISCLOSURES IN PREVIOUSLY SEALED FILINGS

Intel also requests that the Court seal certain technical information contained in the Wessel Declaration and accompanying exhibits filed in Support of Samsung's Opposition to Apple's Motion for Summary Judgment, ECF No. 1003.  Specifically, Intel seeks to seal three documents: Intel Scrambling Circuit Presentation, X-GOLD 61x Product Specification, and portions of the Wessel Declaration containing technical material concerning implementation of scrambling codes.

One of these documents—the X-GOLD 61x Product Specification—is explicitly addressed in the August 9 Order.  *See* August 9 Order at 27 ("[T]he Product Specification, which provides a complete specification of the X-GOLD 61x system and specifies the algorithms used by each constituent module. . . [is] sealable under Ninth Circuit law.").  Accordingly, that document is, and will remain, sealed.  Intel's Motion as to the X-GOLD 61x Product Specification is GRANTED.

The two remaining documents were not mentioned by name in the August 9 Order.  Accordingly, the Court will now consider whether they may properly be sealed.  As the Court explained in the August 9 Order, under Ninth Circuit law, there is a strong presumption in favor of public access to judicial documents, and a party seeking to seal a judicial record attached to a dispositive motion or presented at trial must articulate "compelling reasons" in favor of sealing that outweigh the public's interest in access.  *See Kamakana v. City and Cnty. Of Honolulu,*, 447 F.3d 1172, 1179 (9th Cir. 2006).  "In general, 'compelling reasons' . . . exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to . . . release trade secrets."  *Id.* (citing *Nixon*, 435 U.S. 589, 598 (1978)).

The Intel Scrambling Circuit Presentation "describes the principles behind the design of the scrambling code generators used in some IMC modem products."  *See* Declaration of Josef

Hausner in Support of Intel's Revised Motion to Seal, ECF No. 1489-1, at ¶ 6. The Court has previously ruled that material concerning the functions and data structures of Intel's scrambling code generators constituted sealable trade secrets. *See* August 9 Order at 27. Specifically, the Court ordered sealed a Product Specification, which "provides a complete specification" and "specifies the algorithms used," and a Detailed Design Description, which identifies "the functions, input and output variables, and data structures used by each module." *Id.* Similarly, the Scrambling Circuit Presentation contains equations, diagrams, and other details explaining exactly how the codes are generated. Thus it, too, constitutes trade secrets, and is sealable under Ninth Circuit law. Intel's motion to seal Exhibit K to the Declaration of Richard Wessel in Support of Samsung's Opposition to Apple's Motion for Summary Judgment, ECF No. 1003, is GRANTED.

Finally, Intel has proposed a set of redactions to the Declaration of Richard Wessel in Support of Samsung's Opposition to Apple's Motion for Summary Judgment, ECF No. 1003. The portions Intel has proposed to redact constitute expert analysis of Intel's source code and circuitry, a category of information which the Court ruled to be sealable as trade secrets in the August 9 Order. *See* August 9 Order at 28. Accordingly, consistent with the August 9 Order, Intel's motion to seal the Intel technical material in the Wessel Declaration is GRANTED.

**IT IS SO ORDERED.**

Dated: September 7, 2012

_____
LUCY H. KOH
United States District Judge