QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S OPPOSITION TO APPLE'S MOTION REGARDING SCHEDULE FOR BRIEFING OF NON-JURY CLAIMS** |

**Samsung's Opposition to Apple's Motion Regarding Schedule for Briefing Non-Jury Claims**

The Court's August 28, 2012 Order was clear: "The Court will entertain only one post-judgment motion for relief per side, not including Apple's motion for permanent injunction and willfulness enhancement." Dkt. No. 1945 at 2 n.1. Apple nevertheless requests another 20-page post-trial brief (and 50 pages of briefing in total) for certain purported "non-jury" claims that Apple would like to argue at the December 6, 2012 hearing.

Apple's request should be rejected. Granting Apple an additional 20 pages to brief equitable issues for argument on December 6—on top of the numerous important matters already set for briefing and argument that day—would unnecessarily burden the Court and waste time and resources. Any post-trial issues Apple believes need to be resolved by the Court, including "non-jury claims," should be briefed within the page limits already ordered by the Court. *See* Dkt. No. 1945.

Additional briefing is particularly inappropriate because the equitable issues Apple identifies in its motion here are moot or may well be mooted by the Court's rulings on the parties' *Rule* 50 motions. The jury found no liability on Samsung's claims against Apple. Thus, unless the Court grants judgment as a matter of law on the relevant Samsung claims (a motion Samsung has not yet even filed), Apple's equitable defenses of waiver, estoppel and unclean hands are entirely moot. Moreover, these affirmative defenses and Apple's unfair competition counterclaim are based entirely on the FRAND theories that the jury rejected when it found in favor of Samsung on Apple's antitrust and breach of contract claims. *See* Dkt. No. 1189 (Joint Pre-Trial Statement) at 1, 13; *see also* Apple's Amended Counterclaims in Reply, Dkt. 381, at 82-83. The jury's rejection of Apple's FRAND claims forecloses Apple's assertion of similar claims that would require the Court to make a contrary finding. *See L.A. Police Protective League v. Gates*, 995 F.2d 1469, 1473 (9th Cir. 1993) ("[I]n a case where legal claims are tried by a jury and equitable claims are tried by a judge, and the claims are 'based on the same facts,' in deciding the equitable claims 'the Seventh Amendment requires the trial judge to follow the jury's implicit or explicit factual determinations.'") (quoting *Miller v. Fairchild Indus.*, 885 F.2d 498, 507 (9th Cir. 1989)).

1       There is no reason to exempt "non-jury claims" from the Court's August 28, 2012 Order, 2 and let alone devote 50 pages of separate briefing to issues that are potentially moot and irrelevant. 3 At the very least, Apple's one-sided request for separate briefing on equitable issues is improper. 4 Samsung has its own equitable issues it may raise, and pursuant to its understanding of the Court's 5 Order, had intended to include them as warranted in its consolidated post-trial motion to be filed 6 on September 21.   However, if the Court is inclined to grant Apple's request for additional, 7 separate briefing on non-jury claims, then it should be mutual and extend to the Samsung 8 equitable issues that remain to be resolved.   These include, among others, the indefiniteness of 9 the "substantially centered" limitation in the '163 patent as well as indefiniteness of the asserted 10 design patents.

11       The Court should deny Apple's motion.   But to the extent the Court grants Apple's 12 request for separate briefing on non-jury claims, Samsung respectfully requests a mutual schedule 13 so that Samsung's non-jury issues may be separately briefed as well.

15 DATED:    September 7, 2012          QUINN EMANUEL URQUHART &
                                        SULLIVAN, LLP

                                        By  */s/ Victoria F. Maroulis*
                                            Charles K. Verhoeven
                                            Victoria F. Maroulis
                                            Kevin P.B. Johnson
                                            Michael T. Zeller
                                            Attorneys for SAMSUNG ELECTRONICS
                                            CO., LTD., SAMSUNG ELECTRONICS
                                            AMERICA, INC., and SAMSUNG
                                            TELECOMMUNICATIONS AMERICA, LLC