HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
JENNIFER LEE TAYLOR (CA SBN 161368)
jtaylor@mofo.com
ALISON M. TUCHER (CA SBN 171363)
atucher@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
JASON R. BARTLETT (CA SBN 214530)
jasonbartlett@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC.,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., A Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK (PSG)<br><br>**APPLE'S REPLY IN SUPPORT OF ITS MOTION REGARDING SCHEDULE FOR BRIEFING OF NON-JURY CLAIMS** |

1    Throughout this litigation, Apple has maintained its affirmative defenses of waiver,

2    equitable estoppel, and unclean hands and its counterclaim for unfair competition.  The Court

3    opted not to send any of these defenses or counterclaims to the jury for an advisory verdict, and

4    now, Apple simply requests a briefing schedule that would allow these issues to be presented to

5    and decided by the Court in the first instance.  In its opposition, Samsung contends—rather

6    inconsistently—that Apple's non-jury claims should be briefed in the post-trial brief addressing

7    issues that were decided by the jury, while also arguing that Apple's non-jury claims should not

8    be briefed at all because they are moot.  Samsung alternatively contends that it should be

9    permitted to brief additional non-jury claims.  Each of Samsung's arguments should be rejected.

10   **_First_**, Samsung contends that Apple must brief its non-jury claims in the same brief in

11   which it raises any other post-trial issues.  (Dkt. No. 1961 at 1.)  Respectfully, Apple does not

12   read the Court's Order that way.  The Court's August 28, 2012 Order set a briefing schedule for

13   all post-trial issues raised pursuant to Rules 50, 52(b), 59, and 60.  (Dkt. No. 1945 at 2 & n.1)

14   The Order also set a separate briefing schedule for Apple's motion for a permanent injunction and

15   willfulness enhancements.  (Dkt. No. 1945 at 2-3.)  In contrast, the Court's Order did not address

16   Apple's non-jury claims for which there has been no entry of judgment and which remain to be

17   decided in the first instance under Rule 52(a).  Apple therefore requests a schedule for the parties

18   to brief these issues, which will allow the Court to make findings of fact and conclusions of law

19   for Apple's non-jury claims as contemplated by Rule 52(a).

20   **_Second_**, Samsung incorrectly contends that Apple's equitable claims are moot.  (Dkt. No.

21   1961 at 1.)  They are not.  The jury found that Apple has not infringed any of Samsung's patents

22   and that Samsung's rights with respect to the asserted claims of the '516 and '941 patents have

23   been exhausted.  (Dkt. No. 1931 at 17, 20.)  Apple's affirmative defenses of waiver, estoppel, and

24   unclean hands are equitable claims that relate to the unenforceability of Samsung's '516 and '941

25   patents in their entirety and that would separately support an "exceptional case" finding and an

26   award of attorney's fees to Apple.  Samsung cites no case law to support its contention that the

27   jury's verdict renders Apple's affirmative defenses moot, and in fact, other courts have decided

28   similar equitable claims following a jury's finding of no liability on claims for patent

1   infringement.  In *Qualcomm Inc. v. Broadcom Corp.*, No. 05-CV-1958B (BLM), 2007 U.S. Dist.

2   LEXIS 28211 (S.D. Cal. Mar. 21, 2007), for example, a jury found that the defendant had not

3   infringed any asserted patents.  *Id.* at *4-5.  In post-trial proceedings following that verdict, the

4   district court considered the defendant's equitable claims and found in favor of the defendant on

5   its affirmative defense of waiver.  *Id.* at *3-5.  On appeal, the Federal Circuit affirmed the finding

6   of waiver and specifically noted that the patent owner's "failure to appeal the non-infringement

7   judgment [did] not moot its appeal of the unenforceability judgment."  *Qualcomm Inc. v.*

8   *Broadcom Corp.*, 548 F.3d 1004, 1010 n.1 (Fed. Cir. 2008); *cf. In re Omeprazole Patent*

9   *Litigation*, 483 F.3d 1364, 1375 (Fed. Cir. 2007) (stating that an "inequitable conduct claim was

10  not technically moot, because it would have rendered the entire … patent unenforceable, rather

11  than just the claims that were held invalid").  Similarly here, Apple's affirmative defenses of

12  waiver, estoppel, and unclean hands are not moot, and this Court should hear and decide them in

13  post-trial proceedings.

14          Moreover, the jury's verdict with respect to Apple's FRAND-related claims does not

15  foreclose Apple's assertion of its affirmative defenses.  The jury found in favor of Samsung on

16  Apple's antitrust and breach of contract claims.  (Dkt. No. 1931 at 19.)  Apple's affirmative

17  defenses of waiver, estoppel, and unclean hands do not depend on any factual determinations,

18  either explicit or implicit, made by the jury.  The jury only made findings with respect to the

19  ultimate questions of liability for the antitrust and breach of contract claims and did not make any

20  specific findings on subsidiary factual issues.  (*Id.*)  For example, the jury verdict does not

21  prevent this Court from concluding, as a separate matter, that Samsung waived its rights to

22  enforce its patents by indicating to others in the industry that it did not intend to enforce its

23  patents (waiver) or that Apple relied on Samsung's misleading conduct or silence regarding its

24  intent to enforce its patents (estoppel).  Thus, there would be no inconsistency between the jury

25  verdict and the Court's finding that the '516 and '941 patents are unenforceable due to waiver,

26  estoppel, or unclean hands.[1]

27          [1]  With respect to Apple's unfair competition counterclaim, Apple only intends to assert
this counterclaim if the jury's finding on the breach of contract claim is overturned.

28

1    ***Third***, Samsung argues that Apple's "one-sided request for separate briefing on equitable

2    issues is improper." (Dkt. No. 1961 at 2.)  Apple was not aware that Samsung had equitable

3    issues of its own (much less wanted to raise any in post-trial briefing), since Samsung's counsel

4    did not raise these issues when Apple proposed a briefing schedule on its non-jury claims before

5    filing the present motion.  Samsung now mentions indefiniteness issues, but these are not

6    equitable issues.  They are issues of law that Samsung could have raised (and in one instance did

7    raise) during claim construction or summary judgment.  *See Datamize, LLC v. Plumtree Software*,

8    417 F.3d 1342, 1347 (Fed. Cir. 2005) (stating that whether a claim is indefinite is a question of

9    law "that is drawn from the court's performance of its duty as the construer of patent claims"

10   (quoting *Personalized Media Communications., L.L.C. v. Int'l Trade Comm'n*, 161 F.3d 696, 705

11   (Fed. Cir. 1998))); Samsung's Motion for Summary Judgment, Dkt. No. 930-1 at 15 n.21

12   (Samsung contending that the D'889 patent is invalid due to indefiniteness and stating that it "will

13   address this further at claim construction").

14

15

16   Dated: September 10, 2012                 WILMER CUTLER PICKERING
                                                HALE AND DORR LLP
17

18                                             By:    */s/ Mark D. Selwyn*
19                                                    Mark D. Selwyn

20                                             Attorneys for Plaintiff
                                               APPLE INC.
21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the above and foregoing document has been served on September 10, 2012 to all counsel of record who have consented to electronic service via the Court's CM/ECF system.

/s/ *Mark. D Selwyn*
Mark D. Selwyn