HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
JENNIFER LEE TAYLOR (CA SBN 161368)
jtaylor@mofo.com
ALISON M. TUCHER (CA SBN 171363)
atucher@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
JASON R. BARTLETT (CA SBN 214530)
jasonbartlett@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No.     11-cv-01846-LHK (PSG)<br><br>**APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO DISSOLVE GALAXY TAB 10.1 PRELIMINARY INJUNCTION** |

**INTRODUCTION**

Samsung's motion to dissolve the June 26, 2012 preliminary injunction against the Galaxy Tab 10.1 should be denied because Samsung's appeal of that order divests this Court of jurisdiction. This Court held that Apple's appeal of the prior order denying a preliminary injunction deprived the Court of jurisdiction to change substantial rights under that order until the Federal Circuit issued its mandate. (Dkt. No. 1032.) Similarly, Samsung's appeal of the June 26 injunction deprives this Court of jurisdiction to dissolve the June 26 injunction.

This Court's August 24 judgment reflecting the jury verdict did not automatically dissolve the preliminary injunction because it did not address injunctive relief. *U.S. Philips Corp. v. KBC Bank N.V.*, 590 F.3d 1091 (9th Cir. 2010), the case cited in the Court's September 6 Order, is inapposite because the judgment in that case resolved all issues, including injunctive relief.

Samsung's alternative request for an immediate "indicative ruling" should be denied because it is inextricably linked with Apple's motions for JMOL on the jury verdict that the Tab 10.1 does not infringe the D'889 patent, and for a permanent injunction against the Tab 10.1 based on the verdict that the Tab 10.1 infringes the Apple '381, '915, and '163 patents. Apple will be entitled to an injunction if it prevails on either motion. Therefore, the injunction should not be dissolved until the Court decides Apple's directly related motions.

The Court's denial of Apple's motion to reconsider the briefing schedule does not require that the injunction be dissolved. That order focused on the briefing schedule, and not on the merits of Samsung's motion. Dissolving the injunction only to reinstate it shortly thereafter would cause confusion in the market and is not necessary to prevent irreparable harm. Indeed, Samsung admitted that the injunction is not likely to have a significant impact on its business, given that it is already selling a successor to the Galaxy Tab 10.1.

**ARGUMENT**

**I.   THIS COURT LACKS JURISDICTION TO DISSOLVE THE GALAXY TAB 10.1 PRELIMINARY INJUNCTION DUE TO SAMSUNG'S APPEAL**

Samsung argued previously that even though the Federal Circuit had vacated this Court's order denying a preliminary injunction against the Galaxy Tab 10.1, this Court had no jurisdiction

to issue an injunction until the Federal Circuit issued its mandate terminating Apple's appeal of that order. (Dkt. No. 956 at 1-3, Dkt. No. 977-3 at 3-5.) This Court agreed, holding as follows:

> The general rule is that once a notice of appeal is filed it confers jurisdiction on the court of appeals and divests the district court of jurisdiction with respect to matters involved with the appeal. *See, e.g.*, *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 59 (1982). Until the court of appeals issues the mandate, the case ordinarily remains within the jurisdiction of the court of appeals and "the district court lacks power to proceed further with respect to the matters involved with the appeal." 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 3987; *see also United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996) ("Simply put, jurisdiction follows the mandate.").

(Dkt. No. 1032 at 2.) This Court held that Federal Rule of Civil Procedure 62(c) merely creates "a narrowly limited right" that allows a district court to "*preserve the status quo* during the pendency of an appeal; it 'does not restore jurisdiction to the district court to adjudicate anew the merits of the case.' *McClatchy Newspapers v. Central Valley Typographical Union No. 46*, 686 F.2d 731, 734 (9th Cir. 1982)." (*Id.* at 2-3 (emphasis in original).) "Thus, while a preliminary injunction is pending on appeal, a district court lacks jurisdiction to modify the injunction in such manner as to 'finally adjudicate substantial rights directly involved in the appeal.' *Newton v. Consolidated Gas Co.*, 258 U.S. 165, 177 (1922)." (*Id.*)

This Court further held that Apple sought "to have the Court adjudicate anew the preliminary injunction motion while the same issue is on appeal before the Federal Circuit," and that granting Apple's motion would "alter[] the respective rights of the parties and chang[e] the status quo that existed at the time of the appeal." (*Id.* at 3-4.) This Court concluded that it lacked jurisdiction to adjudicate Apple's motion until the Federal Circuit issued its mandate. (*Id.* at 3-5.)

Samsung indisputably seeks to adjudicate "substantial rights" by dissolving the injunction that Samsung has appealed to the Federal Circuit. Samsung's motion, if granted, would change the status quo that existed at the time of the appeal, which was that Samsung was enjoined from selling the Galaxy Tab 10.1. Therefore, this Court lacks jurisdiction to grant that motion until and unless the Federal Circuit returns jurisdiction to this Court. *See A&M Records v. Napster, Inc.*, 284 F.3d 1091, 1099 (9th Cir. 2002) ("While a preliminary injunction is pending on appeal, a

1   district court lacks jurisdiction to modify the injunction in such manner as to 'finally adjudicate

2   substantial rights directly involved in the appeal'") (quoting *Newton*, 258 U.S. at 177).)

## II. THE AUGUST 24 JUDGMENT REFLECTING THE JURY VERDICT DID NOT AUTOMATICALLY DISSOLVE THE PRELIMINARY INJUNCTION

5       The Court asked whether the June 26 preliminary injunction "automatically dissolves

6   upon entry of final judgment," citing *U.S. Philips Corp. v. KBC Bank N.V.*, 590 F.3d 1091,

7   1093-94 (9th Cir. 2010).  (Dkt. No. 1958 at 2.)  The answer would be "yes," *if* the "final

8   judgment" resolved *all issues, including injunctive relief*.  In *U.S. Philips*, "[t]he default judgment

9   imposed a permanent injunction prohibiting the KXD Defendants from infringing Philips's

10  patents and awarded Philips treble compensatory damages in the amount of $ 87,765,249."  590

11  F.3d at 1092.  The judgment there resolved all issues and thus dissolved a preliminary injunction.

12      But no such final judgment has been entered here.  The Court's August 24 judgment

13  simply referred to the jury verdict; it did not address injunctive relief, enhanced damages, or Rule

14  50, 52, and 59 motions, which are issues for the Court (not the jury).  Thus, that judgment is not

15  "final" for present purposes.  *See Riley v. Kennedy*, 553 U.S. 406, 419-20 (2008) (order that

16  addressed liability but not injunction is not final, because "an order resolving liability without

17  addressing a plaintiff's requests for relief is not final"); *Warehouse Restaurant, Inc. v. Customs*

18  *House Restaurant, Inc.*, 726 F.2d 480, 480-81 (9th Cir. 1984) (no final appealable judgment

19  because district court deferred entry of permanent injunction); *Nartron Corp. v. Borg Indak, Inc.*,

20  2012 U.S. App. LEXIS 16245, at *1-2 (Fed. Cir. Aug. 3, 2012) (no final appealable judgment,

21  "[b]ecause a claim for injunctive relief remains pending and there appears to be a dispute as to

22  whether there is ongoing infringement, such that we cannot say that the district court denied

23  injunctive relief *sub silentio*").  Indeed, Samsung itself asserted in a letter to Apple that the

24  Court's August 24 judgment does not qualify as a "final judgment" because the Court set a

25  schedule for "additional substantive remedies, including injunctive relief and enhanced damages,"

26  which is "incompatible with entry of final judgment."  (Declaration of Grant L. Kim In Support

27  of Apple's Opposition to Samsung's Motion to Dissolve ("Kim Decl."), Ex. A at 1.)

28

Automatically dissolving an injunction upon entry of a judgment that does not address injunctive relief would lead to the nonsensical result that entry of a judgment reflecting a verdict of *infringement* would dissolve a preliminary injunction, *before* the court decided whether to issue a permanent injunction. *U.S. Philips* does not support such a rule. Because the August 24 judgment did not address injunctive relief and is not "final" for purposes of Samsung's motion, it did not dissolve the June 26 preliminary injunction.

### III. THE COURT SHOULD DECLINE TO ISSUE AN INDICATIVE RULING BECAUSE WHETHER THE INJUNCTION SHOULD BE DISSOLVED DEPENDS ON APPLE'S JMOL AND INJUNCTION MOTIONS

Samsung argues that Federal Rule of Civil Procedure 62.1 allows the Court to issue an "indicative ruling" that it would dissolve the injunction upon remand from the Federal Circuit. (Dkt. No. 1943 at 2.) Rule 62.1 makes clear, however, that in response to a motion for relief from an order that is on appeal, a district court has full authority to "deny the motion" or to "defer considering the motion." Fed. R. Civ. P. 62.1(a).

The Court should decline to issue an indicative ruling now because Samsung's motion cannot fairly be decided without resolving Apple's motions for JMOL that the Tab 10.1 infringes the D'889 patent and for an injunction based on the verdict that the Tab 10.1 infringes the '381, '915, and '163 patents (*see* Dkt. No. 1931 at 2-5).[1] Samsung seeks to dissolve the injunction based on the verdict of non-infringement of the D'889 patent. Apple challenges that verdict and relies on

---

[1] The jury verdict form for Apple's '381, '915, and '163 utility patents was limited to the "Galaxy Tab 10.1 (Wi-Fi)" and did not explicitly address the "Galaxy Tab 10.1 (4G LTE)," which is the cellular model. (*See* Dkt. No. 1031 at 1-3.) Even assuming the Court does not grant JMOL on D'889 infringement, an injunction on utility patents against the Galaxy Tab 10.1 (Wi-Fi) would also apply to any product that is "no more than colorably different" as to the claimed features. *See Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1299-1301 (Fed. Cir. 2012) (injunction applies in contempt proceeding to new product that is not more than colorably different from previously adjudged infringing product and that also infringes patent) (citing *TiVo Inc. v. EchoStar Corp.*, 646 F.3d 869, 882 (Fed. Cir. 2011) (en banc)); *nCUBE Corp. v. SeaChange Int'l, Inc.*, 809 F. Supp. 2d 337, 344-46, 353 (D. Del. 2011) (applying same test and further holding that *res judicata* did not bar contempt proceeding to enforce injunction because "a contempt proceeding is not a new proceeding, but, rather, a continuation of the *same proceeding*") (emphasis in original). Thus, unless the relevant software is *more than* colorably different with regard to the accused features, an injunction against the Galaxy Tab 10.1 (Wi-Fi) would also cover the Galaxy Tab 10.1 (4G LTE).

Samsung's infringement of Apple's utility patents as an independent basis to enjoin the Tab 10.1. If Apple prevails on either motion, it will be entitled to an injunction against the Tab 10.1.

Samsung asks the Court to proceed in piecemeal fashion, indicating that it would dissolve the injunction upon remand (which would require further proceedings in the Federal Circuit), even though the parties are briefing motions that will entitle Apple to an injunction if granted. If the Tab 10.1 injunction were dissolved and then reinstated, this would be confusing to the market and would undermine the orderly administration of justice. It makes far more sense to decide whether to issue an indicative ruling at the same time that this Court decides Apple's directly related motions.

Samsung cannot show any urgent need to decide its motion, given the Court's finding that "Samsung cannot establish that it will likely suffer irreparable harm absent a stay" of the injunction. (Dkt. No. 1171 at 11 (under seal; public version at Dkt. No. 1170).) The Court relied on Samsung's public announcements that the injunction is not expected to have a "significant impact on our business operations" and "will not deal a big blow to sales of tablet PC's, since the successor model to the Galaxy Tab 10.1 is already on the market." (Dkt. No. 1171 at 11, citing Dkt. No. 1161-6, 1161-7.) The Court also relied on Samsung's representation that "because it is nearing the end of its product lifecycle, sales of the accused Galaxy Tab 10.1 will soon fall to zero." (Dkt. No. 1171 at 11, citing Dkt. No. 1147-3 at 11 (under seal);[2] *see* Dkt. No. 977-3 at 1 ("Samsung no longer sells new units of the accused WiFi-only version of the Galaxy Tab 10.1 . . . .").) The Court rejected Samsung's argument that the injunction is harming relationships with customers, emphasizing that "one who elects to build a business on a product found to infringe cannot be heard to complain if an injunction against a continuing infringement destroys the business so elected." (Dkt. No. 1135 at 5 (citations omitted).)

Consistent with Samsung's representation that "the successor model to the Galaxy Tab 10.1 is already on the market," Samsung announced the "Galaxy Tab 2" series in April 2012, which is currently being sold in the United States. (*See* Kim Decl. Exs. B, C.) Thus, there is indisputably no need to dissolve the injunction immediately to prevent irreparable harm to

---

[2] Samsung's motion to file Docket No. 1147-3 under seal was subsequently denied (Dkt. No. 1269), and Samsung filed the quoted material in the public record (Dkt. No. 1315 at 11).

Samsung.[3] In contrast, both this Court and the Federal Circuit found that Apple is "likely to suffer irreparable harm from the sales of Samsung's infringing tablets." (Dkt. No. 1135 at 2, 5.)

Samsung asserts that whether the Tab 10.1 injunction is causing irreparable harm has no relevance to whether it should be dissolved. (Dkt. No. 1943 at 1.) Samsung misses the point. The issue is whether this Court should issue an indicative ruling to dissolve the injunction before it decides motions that may entitle Apple to an injunction. Irreparable harm is relevant because there is no justification for resolving Samsung's motion on a much faster schedule absent some urgent need. The balance of hardships favors Apple, not Samsung. As the Court already held, sales of the Tab 10.1 are likely to cause irreparable harm to Apple, while enjoining those sales is not likely to cause irreparable harm to Samsung. Even if Samsung were able to establish some harm, Apple posted a bond in the amount Samsung requested, which provides protection against any "potential harm." (*See* Dkt. No. 1171 at 11 (Order denying stay of injunction, under seal).)

Samsung argues that an "extended briefing schedule" is not necessary on its motion because the jury "rejected the sole ground" on which the Tab 10.1 injunction was based. (Dkt. No. 1943 at 1.) Samsung does not dispute, however, that the injunction should remain in effect if the Court grants Apple's motion for JMOL that the Tab 10.1 infringes the D'889 patent. Nor does Samsung dispute that the jury found the Tab 10.1 infringes Apple's '381, '915, and '163 patents; that Samsung Electronics took action that it knew or should have known would induce its U.S. affiliates to infringe those patents; and that Samsung's infringement was willful. (*See* Dkt. No. 1931 at 2-5, 9.) That verdict should result in a permanent injunction against the Tab 10.1.

Samsung contends Apple has not shown a sufficient nexus between its utility patents and irreparable harm to support an injunction against the Tab 10.1. (Dkt. No. 1943 at 2.) That nexus is shown, however, by the evidence presented at trial and additional evidence that Apple will present in its motion for a permanent injunction. Having successfully argued that Apple's

---

[3] Samsung stated on August 26 that it needs a quick ruling because its opening appellate brief is due on September 4. (Dkt. No. 1937 at 2.) On August 28, however, Samsung asked the Federal Circuit for a 60-day extension of time, which Apple did not oppose. Apple also will not oppose a further extension, so that Samsung's appellate brief will not be due until after this Court decides whether to dissolve the Tab 10.1 injunction or to convert it into a permanent injunction.

1  entitlement to an injunction should not be decided until other post-trial motions are addressed,
2  Samsung has no basis to demand that Apple move for a permanent injunction immediately.

3        The Court's denial of reconsideration of the asymmetrical briefing schedule does not
4  mandate immediate issuance of an indicative ruling aimed at dissolving the injunction. That
5  order focused on the briefing schedule, not the substance or timing of a ruling on whether the
6  injunction should remain in effect. (*See* Dkt. No. 1958.) The schedule for briefing Samsung's
7  motion does not require the injunction to be dissolved before the Court decides Apple's JMOL
8  and injunction motions. The Court correctly noted that Apple had proposed to seek a preliminary
9  injunction against "eight different Samsung products based on the jury's finding of infringement
10 across seven different intellectual property rights." (*Id.* at 2.) Apple's Tab 10.1 motions are far
11 narrower, limited to Apple's entitlement to JMOL that the Tab 10.1 infringes the D'889 patent
12 and permanent injunction against the Tab 10.1 based on Apple's utility patents.

13       If there were an urgent need to decide Samsung's motion, Apple's related Tab 10.1
14 motions could be briefed and decided at the same time. The Court concluded, however, that "the
15 interests of justice and judicial economy will be best served by addressing Apple's requests for
16 equitable relief together with the parties' Rule 50 motions." (Dkt. No. 1946 at 1.) Similarly, the
17 interests of justice and judicial economy will be best served by deciding Samsung's request to
18 dissolve the Tab 10.1 injunction at the same time that Apple's motions are resolved.

19 **CONCLUSION**

20       Samsung's motion to dissolve the Galaxy Tab 10.1 injunction should be denied because
21 Samsung's appeal of that injunction divests this Court of jurisdiction to modify it. Samsung's
22 request for an immediate indicative ruling should be denied because it cannot be fairly decided
23 without ruling on Apple's challenge to the Tab 10.1 verdict and motion for an injunction based on
24 the verdict that the Tab 10.1 infringes Apple's utility patents. When the parties' positions were
25 reversed, Samsung argued that Apple's entitlement to an injunction based on Samsung's willful
26 infringement of multiple Apple patents should not be decided until Samsung's challenges to the
27 verdict are resolved. Similarly, Samsung's request to dissolve the injunction should be decided at
28 the same time as Apple's challenge to the verdict and motion for an injunction.

Dated: September 10, 2012          MORRISON & FOERSTER LLP

By:   */s/ Michael A. Jacobs*
      Michael A. Jacobs

Attorneys for Plaintiff
APPLE INC.