# EXHIBIT A

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California  90017-2543 | TEL: (213) 443-3000  FAX: (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(650) 801-5022**

WRITER'S INTERNET ADDRESS
**victoriamaroulis@quinnemanuel.com**

<u>VIA ELECTRONIC MAIL</u>

August 30, 2012

Michael Jacobs, Esq.
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105-2482

Re:   *Apple v. Samsung Elecs. Co. et al.*, Case No. 11-cv-1846 LHK (N.D. Cal.)

Dear Michael,

I am writing regarding the "judgment" entered by the clerk on August 24, 2012 (Dkt. 1933).  For the reasons summarized below, we do not believe that Docket No. 1933 constitutes an enforceable final judgment.  If Apple agrees, we will be able to withdraw our pending Rule 62 motion and avoid unnecessarily burdening the Court with further motion practice on this subject.  Please let me know Apple's position by no later than noon on Friday, August 31.

The briefing schedule recently set by the Court makes it clear that Docket No. 1933 is not a final judgment.  The Court has set a briefing schedule for additional substantive remedies, including injunctive relief and enhanced damages, in connection with the claims addressed by Docket No. 1933.  Such additional substantive proceedings are incompatible with entry of a final judgment. *See Harris v. Goldblatt Bros., Inc.*, 659 F.2d 784, 786-87 (7th Cir. 1981) ("[T]he parties and the court here expressly agreed that the issues of equitable relief and statutory attorney's fees would be heard by the court following the jury trial so that, Goldblatt's present position notwithstanding, it is plain that neither the parties nor the court ever contemplated that the jury

**quinn emanuel urquhart & sullivan, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York  10010-1601  | TEL (212) 849-7000  FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California  94111-4788 | TEL (415) 875-6600  FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California  94065-2139 | TEL (650) 801-5000  FAX (650) 801-5100
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois  60661-2510 | TEL (312) 705-7400  FAX (312) 705-7401
WASHINGTON, DC | 1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia  20004-2400 | TEL (202) 538-8000  FAX (202) 538-8100
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44 20 7653 2000  FAX +44 20 7653 2100
TOKYO | NBF Hibiya Building, 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 3 5510 1711  FAX +81 3 5510 1712
MANNHEIM | Mollstraße 42, 68165 Mannheim, Germany | TEL +49 621 43298 6000  FAX +49 621 43298 6100
MOSCOW | Voentorg Building, 3rd Floor, 10 Vozdvizhenka Street, Moscow 125009, Russia | TEL +7 495 797 3666  FAX +7 495 797 3667
HAMBURG | An der Alster 3, 20099 Hamburg, Germany | TEL +49 40 89728 7000  FAX +49 40 89728 7100

verdict judgment would constitute the final judgment on Harris' case."); *In re Atlas*, 210 F.3d 1305, 1308 (11th Cir. 2000) (where "awarding of other relief remains to be resolved [judgments] have never been considered to be 'final' within the meaning of 28 U.S.C. § 1291") (quoting *In re Morrell*, 880 F.2d 855, 856 (5th Cir. 1989); *see also* WRIGHT & MILLER, FED. PRAC. & PROC. § 3928 ("A judgment finding validity and infringement would not be final, for example, if issues of license or release remained to be decided. As to other remedial issues, it has been indicated that no appeal could be taken if, after final findings of validity and infringement, the district court had ordered an accounting and withheld determination whether to issue a permanent injunction.").

Moreover, Docket No. 1933 does not state the resolution of any claims by or against the parties, nor does it state any relief being awarded, whether in dollars or any other terms.  Rule 58, however, requires a judgment be a separate, free-standing document that includes a clear statement of the disposition of the claims, including the relief granted.  *See, e.g.*, *Stamatakis Indus., Inc. v. J. Walter Thompson, U.S.A., Inc.*, 944 F.2d 382, 384 (7th Cir. 1991) ("The district court should enter final judgment-that is, a self-contained order specifying the disposition of all of the claims and the relief to which the prevailing parties are entitled."); *Pacific Employers Ins. Co. v. Domino's Pizza, Inc.*, 144 F.3d 1270 (9th Cir. 1998) (to satisfy Rule 58, judgment must be "self-contained, clearly stating all of the relief that the district court found [a party] entitled to"). *Local Union No. 1992 of Int'l Broth. of Elec. Workers v. Okonite Co.*, 358 F.3d 278 (3d Cir. 2004) (satisfying "the separate document requirement" requires an order that is "self-contained . . . [and] sets forth the relief granted").  Moreover, because Rule 58 requires a judgment to be self-contained, the Rule is not satisfied by referencing the jury verdict.  *See Massey Ferguson Div. of Varity Corp. v. Gurley*, 51 F.3d 102, 104 (7th Cir. 1995) ("A judgment must be self-contained" and cannot "refer[] for essential terms to" other documents.); *American Inter-Fidelity Exchange v. American Re-Insurance Co.*, 17 F.3d 1018, 1020 (7th Cir. 1994) (Easterbrook, J.) ("A 'judgment' saying that one party is 'entitled to judgment' is of little use; it implies that one must go somewhere else to find that judgment to which the party is 'entitled.'").

For these reasons, Samsung does not believe the clerk's entry of judgment—which states only that the jury has reached a verdict and that "judgment is entered in favor of plaintiff and against defendants"—constitutes an enforceable final judgment.  Again, please let me know if Apple agrees with this by noon on August 31, 2012.  If Apple disagrees, we will be forced to continue with otherwise unnecessary Rule 62 briefing.

Very truly yours,

/s/


Victoria Maroulis

02198.51855/4938646.1

2