UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California corporation, | Case No.: 11-CV-01846-LHK |
| Plaintiff, | ORDER GRANTING-IN-PART AND DENYING-IN-PART MOTIONS TO SEAL |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendants. | |

Before the Court are numerous administrative motions to file documents under seal, which have been filed by both parties. *See* ECF Nos. 1684, 1711, 1735, 1760, 1781, 1785, 1898, 1907, 1911, 1912, 1914, 1918, 1919, 1921, 1923, and 1925. These administrative motions relate to two types of documents: (1) documents the parties used in pretrial motions and at trial, and (2) excluded exhibits and demonstratives filed under seal as a temporary matter while the jury deliberated, pursuant to the Court's instruction on August 21, 2012. *See* Transcript at 4261:3-12.

On August 9, 2012, the Court issued an order addressing the litigants' and third parties' motions to seal that had been filed to that point (hereafter "August 9 Order"). ECF No. 1649. In the August 9 Order, the Court laid out several categories of information that were sealable under Ninth Circuit law. Specifically, the Court granted motions to seal with respect to confidential

1

source code and "pricing terms, royalty rates, and minimum payment terms" of licensing agreements. August 9 Order at 8, 10.  The Court also ordered sealed certain detailed technical information regarding Intel's scrambling codes, including a Product Specification.  *Id*. at 27-28.  Much of the information the parties seek to seal in the present motions falls into these categories, and will thus be treated similarly.

**I.     Legal Standard**

Historically, courts have recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978).  "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  In order to overcome this strong presumption, a party seeking to seal a judicial record must articulate justifications for sealing that outweigh the public policies favoring disclosure.  *See id.* at 1178-79.  Because the public's interest in non-dispositive motions is relatively low, a party seeking to seal a document attached to a non-dispositive motion need only demonstrate "good cause." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (applying "good cause" standard to all non-dispositive motions, because such motions "'are often unrelated, or only tangentially related, to the underlying cause of action'" (citing *Kamakana*, 447 F.3d at 1179)).

Conversely, "the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the 'public's understanding of the judicial process and of significant public events.'" *Kamakana*, 447 F.3d at 1179 (quoting *Valley Broadcasting Co. v. U.S. Dist. Court for Dist. of Nev.*, 798 F.2d 1289, 1294 (9th Cir. 1986)).  Thus, a party seeking to seal a judicial record attached to a dispositive motion or presented at trial must articulate "compelling reasons" in favor of sealing.  *See id.* at 1178.  "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id*. (citing *Foltz*, 331 F.3d at 1136).  "In general, 'compelling reasons' . . . exist when such 'court files might have become a

2

vehicle for improper purposes,' such as the use of records to . . . release trade secrets." *Id.* at 1179 (citing *Nixon*, 435 U.S. at 598). The Ninth Circuit has adopted the Restatements' definition of "trade secret" for purposes of sealing, holding that "[a] 'trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *In re Electronic Arts*, 298 Fed. App'x 568, 569-70 (9th Cir. 2008) (quoting *Restatement of Torts* § 757, cmt. b). Additionally, "compelling reasons" may exist if sealing is required to prevent judicial documents from being used "'as sources of business information that might harm a litigant's competitive standing.'" *Id.* at 569 (9th Cir. 2008) (citing *Nixon*, 435 U.S. at 598).

## II. Motions to Seal Temporarily

Pursuant to the Court's instructions, both Apple and Samsung filed their excluded exhibits and demonstratives under seal at the end of the trial, while the jury deliberated. *See* Transcript 4261:3-12; ECF Nos. 1907, 1911, 1914, 1918, 1919, and 1921. Because the jury is no longer deliberating, the need to keep these documents under seal is obviated. These motions are DENIED as moot.

## III. Regular Motions to Seal

### A. Motions Pursuant to Civil Local Rule 79-5(d)

Civil Local Rule 79-5(d) governs motions to seal documents designated as confidential by another party. It requires that "the designating party must file with the Court and serve a declaration establishing that the designated information is sealable" within seven days of the motion. Several of the motions presently before the Court were filed pursuant to that rule, but were never supported by a declaration. Specifically, no supporting declaration was filed in connection with ECF Nos. 1711, 1781, 1785, and 1898.[1] However, some of the documents the parties sought to seal in these motions may still contain sealable information. Accordingly, these motions to seal

---

[1] In one of Apple's motions seeking temporary seal discussed above, ECF No. 1907, Apple also seeks to seal three documents exclusively on the grounds that they were designated as confidential by Samsung or third parties. The motion does not specify whether Apple's request is for permanent sealing, in addition to the temporary sealing as directed by the Court. As no supporting declaration was filed, to the extent that Apple also intends to move for permanent sealing of those documents, the motion is DENIED without prejudice.

3

Case No.: 11-CV-01846-LHK
ORDER GRANTING-IN-PART AND DENYING-IN-PART MOTIONS TO SEAL

1   are DENIED without prejudice.  The parties may file renewed motions to seal within one week of
2   the date of this Order.  Before doing so, the parties shall meet and confer regarding any documents
3   they seek to file under seal based on a designation of confidentiality by another party pursuant to
4   Civil Local Rule 79-5(d) and shall endeavor to resolve sealing disputes so as to minimize the
5   number of sealing requests raised with the Court.

6   Further, Apple filed a Declaration of Peter J. Kolovos in response to Samsung's motion at
7   ECF No. 1760 disavowing any desire to seal the documents identified in Samsung's motion.  ECF
8   No. 1788.  Accordingly, this motion is DENIED with prejudice.

9       B.   Samsung's Motion, ECF No. 1684

10  On August 12, 2012, Samsung filed a motion to seal seven documents designated by Apple
11  and/or Intel as confidential.  In support, Apple filed the Declaration of Peter J. Kolovos on August
12  14, 2012. ECF No. 1741.  In that Declaration, Apple seeks to seal only two of the designated
13  documents: Exhibit Y to the Declaration of Diane Hutnyan In Support of Samsung's Objections
14  and Responses, ECF No. 1681, and Exhibit BB to the same declaration.  Intel filed no declaration.

15  Exhibit Y, which contains excerpts from the Rebuttal Expert Report of Tony Givargis,
16  Ph.D. Regarding Non-Infringement of the Asserted Claims of U.S. Patent No. 7,698,711, contains
17  detailed description of Apple's source code. The exhibit contains only an excerpt from the report,
18  and the excerpt is limited to portions actually discussing the source code.  The Court has already
19  ruled that confidential source code meets the compelling reasons standard and is sealable.  *See*
20  August 9 Order at 8; see also *Agency Solutions.Com, LLC v. TriZetto Group, Inc.*, 819 F. Supp. 2d
21  1001, 1017 (E.D. Cal. 2011).  Accordingly, Samsung's motion is GRANTED as to Exhibit Y.

22  Apple claims that  Exhibit BB, which contains excerpts from the deposition of Woodward
23  Yang, Ph.D., discusses Apple source code.  This exhibit actually contains several discrete excerpts
24  from the same deposition transcript.  The first, encompassing pages 277-278, says nothing
25  whatsoever about source code, nor does it include any of the code itself.  The second,
26  encompassing pages 282-288, does discuss source code.  However, only a very limited part of the
27  transcript actually reveals the contents or specific structure of any Apple code.  Specifically, there
28  is one item of code spoken out loud on page 285, whose function is then discussed.  But the bulk of

4

the exchange is in generic terms, or refers to code the expert was examining, but which is not itself included or described in the exhibit.  It thus does not run the risk of revealing a trade secret, and is not properly sealable.  The third excerpt is page 299, which discusses the contents of a users guide, and makes no mention of source code.  The final excerpt is page 328, which discusses methods for reviewing images, with no discussion of source code.  As Judge Alsup advised counsel in *Oracle America v. Google, Inc.,* 10-CV-3561-WHA, at ECF No. 540, "unless they identify a limited amount of exceptionally sensitive information that truly deserves protection, the motions will be denied outright."  Because Exhibit BB consists almost entirely of non-sealable  information, the parties' request to seal is vastly overdesignated.  Accordingly, the motion to seal is DENIED without prejudice as to Exhibit BB, and, because no supporting declarations were filed, also DENIED without prejudice as to Exhibits  U, V, W, X, and FF.  The parties may file renewed motions to seal within one week, but as discussed above, the parties are ordered to meet and confer before filing any renewed motions pursuant to Civil Local Rule 79-5(d).

C. Samsung's Motion, ECF No. 1735

On August 14, 2012, Samsung filed an additional motion to seal three documents designated by Apple, and Apple filed an additional Declaration of Peter J. Kolovos on August 15, 2012.  ECF No. 1770.  In that Declaration, Apple seeks to seal only two of the documents: Exhibits P and R to the Declaration of Diane Hutnyan In Support of Samsung's Objections and Responses, ECF No. 1681.  Exhibit P, which consists of excerpts from the Rebuttal Expert Report of Terry L. Musika, CPA, contains information regarding the payment terms of Apple's license agreements.  Exhibit R, consisting of the Declaration of Terry L. Musika, CPA in Support of Apple's Opposition to Samsung's Motion to Strike Expert Testimony Based on Undisclosed Facts and Theories, also contains information on the payment terms of Apple's licenses.  Apple has proposed specific redactions to these documents, limited to portions that reveal the actual payment terms.  The Court has already ruled that the payment terms of licensing agreements meet the compelling reasons standard and are sealable. *See* August 9 Order at 11; *see also Electronic Arts*, 298 Fed. App'x at 569.  Accordingly, Samsung's Motion is GRANTED with regards to the specific portions of Exhibits P and R identified by Apple containing the payment terms of license agreements, and

5

DENIED with prejudice as to all other portions of these documents and as to the Portions of Samsung's Objections and Responses, which Apple did not seek to seal.

D. Samsung's Motion, ECF No. 1912

On August 21, 2012, Samsung filed a motion seeking to seal four documents designated by Apple and one document Samsung wished to seal. Samsung concurrently filed the Declaration of Prashanth Chennakesavan, ECF No. 1912-1, in support of its motion.

The document Samsung seeks to seal is Exhibit 2 to the Declaration of Diane Hutnyan in Support of Samsung's Proffer of Witness Testimony and Exhibits. That Exhibit consists entirely of Samsung's confidential source code. For the reasons discussed above and in the August 9 Order, confidential source code meets the compelling reasons standard and is sealable. Accordingly, Samsung's motion is GRANTED with respect to Exhibit 2.

The remaining documents—Exhibits A, Q, S, and T to the Declaration of Brett Arnold in Support of Samsung's Proffer of Witness Testimony and Exhibits—were designated by Apple, but no declaration was filed as required by Civil Local Rule 79-5(d). Accordingly, the motion is DENIED without prejudice as to these documents. The parties may file renewed motions to seal within one week, but as discussed above, the parties are ordered to meet and confer before filing any renewed motions pursuant to Civil Local Rule 79-5(d).

E. Apple's Motion, ECF No. 1923

On August 24, 2012, Apple filed a motion seeking to seal nine slides from Apple's published demonstratives (PDX27.31, PDX29.10, PDX29.12, PDX29.13, PDX29.14, PDX29.34, PDX29.36, and PDX42.06). ECF No. 1923. All nine slides contain confidential source code and little else. Apple did not file a separate declaration with this motion, as required by Local Civil Rule 79.5(b)(1). However, Apple did clearly state its reasons, which were consistent with the Court's August 9 Order, in the motion itself, and no declaration was necessary for the Court to evaluate the motion. For the reasons discussed above and in the August 9 Order, confidential source code meets the compelling reasons standard and is sealable. Accordingly, Apple's motion is GRANTED.

F. Samsung's Motion, ECF No. 1925

6
Case No.: 11-CV-01846-LHK
ORDER GRANTING-IN-PART AND DENYING-IN-PART MOTIONS TO SEAL

Samsung's last motion to seal was filed on August 24, 2012, concurrently with the supporting Declaration of Melissa Dalziel. ECF Nos. 1925, 1925-1. The motion seeks to seal two types of documents: Samsung slides containing license pricing, royalty, and payment terms, and Samsung slides containing excerpts from Intel's X-GOLD 61x Product Specification and source code.

As discussed above, the Court has previously ordered that license pricing, royalty, and payment terms meet the compelling reasons standard, and are sealable. *See* August 9 Order at 10. Samsung's slides SDX 3693.019, 3693.020, 3693.022,[2] 3693.024, and 3693.025 contain license pricing, royalty, and payment terms. Samsung has proposed redactions to these slides to eliminate only that specific sealable information. Accordingly, Samsung's motion is GRANTED as to these slides.

The Court has also ruled that Intel's entire X-GOLD 61x Product Specification meets the compelling reasons standard, and may be sealed. *See* August 9 Order at 27. Samsung's slides SDX 3966.105, 3966.106, 5010.264 and 5010.265 reproduce parts of that Product Specification, and are thus sealable, consistent with the Court's previous Orders. Accordingly, Samsung's motion is GRANTED with respect to these four slides.

Finally, Samsung's slides SDX 3966.019, 5010.266 and 5010.275 all reproduce and discuss confidential source code. The Court has repeatedly explained, above and in the August 9 Order, that confidential source code meets the compelling reasons standard, and is sealable. Accordingly, Samsung's motion is GRANTED with respect to these three slides. In sum, each of the slides Samsung seeks to seal in this motion contains information that this Court has already identified as sealable. Accordingly, Samsung's motion is GRANTED.

**IT IS SO ORDERED.**

Dated: September 14, 2012

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

---

[2] Samsung's motion refers to "SDX 3963.019 to 3963.022." However, nowhere in Samsung's filing of excluded exhibits or of demonstratives published to the jury does any slide 3693.021 appear. Accordingly, the motion as to that slide, if such slide exists, is DENIED.