QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

  Kevin P.B. Johnson (Bar No. 177129)
  kevinjohnson@quinnemanuel.com
  Victoria F. Maroulis (Bar No. 202603)
  victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065-2139
Telephone:     (650) 801-5000
Facsimile:     (650) 801-5100

  Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>              Plaintiff,<br><br>       vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>              Defendant. | CASE NO. 11-cv-01846-LHK (PSG)<br><br>**SAMSUNG'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION TO DISSOLVE THE JUNE 26, 2012 PRELIMINARY INJUNCTION**<br><br>Date:  September 20, 2012<br>Time: 1:30 p.m.<br>Place: Courtroom 8, 4th Floor<br>Judge: Hon. Lucy H. Koh |

# TABLE OF CONTENTS

**Page**

ARGUMENT ...................................................................................................................................1

I.    NO FINAL JUDGMENT HAS DISSOLVED THE PRELIMINARY INJUNCTION............1

II.   THE COURT SHOULD ISSUE AN INDICATIVE RULING NOW AND THEN DISSOLVE THE PRELIMINARY INJUNCTION UPON RESTORATION OF JURISDICTION ........................................................................................................................1

CONCLUSION ................................................................................................................................3

1    Pursuant to the Court's Orders of August 28, 2012 (Dkt. No. 1945) and September 6, 2012
2    (Dkt. No. 1958), Samsung respectfully submits this reply memorandum in further support of its
3    motion to dissolve the Galaxy Tab 10.1 preliminary injunction.  Samsung agrees that the August
4    24 judgment did not automatically dissolve the injunction since it is not a "final judgment."
5    Samsung also agrees that the Court does not presently have jurisdiction to dissolve the injunction,
6    given Samsung's pending appeal.  It is for this reason that Samsung sought an indicative ruling
7    under FRCP 62.1, which will provide Samsung with the guidance necessary either to withdraw its
8    appeal under FRAP 42(b), seek a limited remand from the Federal Circuit under FRAP 12.1, or
9    pursue its appeal.  Apple does not dispute that the Court may proceed under FRCP 62.1, and it
10   offers no justification based on *present circumstances* for continuing an injunction that is no
11   longer supportable as to its bases about likely infringement given the jury's non-infringement
12   verdict.  The Court should issue an indicative ruling that it would dissolve the preliminary
13   injunction and then do so without further proceedings once jurisdiction is restored.

## ARGUMENT

**I.  NO FINAL JUDGMENT HAS DISSOLVED THE PRELIMINARY INJUNCTION**

The August 24 judgment entered by the Clerk following the verdict does not constitute a final, appealable "judgment," and thus the preliminary injunction has not been automatically dissolved. *See, e.g.*, *U.S. Philips Corp. v. KBC Bank N.V.*, 590 F.3d 1091, 1093-94 (9th Cir. 2010).  *First*, that judgment does not purport to resolve all substantive remedies, including injunctive relief and enhanced damages, as would be necessary to constitute a final judgment. (*See* Dkt. No. 1964-1.)  *Second*, contrary to FRCP 58 (*see id.*), it does not state the resolution of any claims by or against the parties, nor does it state any relief being awarded, but instead simply states that "judgment is entered in favor of plaintiff and against defendants."  (Dkt. No. 1933.)

**II.  THE COURT SHOULD ISSUE AN INDICATIVE RULING NOW AND THEN DISSOLVE THE PRELIMINARY INJUNCTION UPON RESTORATION OF JURISDICTION**

Since the pending appeal of the preliminary injunction deprives the Court of jurisdiction to dissolve the injunction, *see, e.g.*, *McClatchy Newspapers v. Central Valley Typographical Union*

*No. 46*, 686 F.2d 731, 734-35 (9th Cir. 1982), Samsung has sought an indicative ruling pursuant to FRCP 62.1 (*see* Mot. 1).  Under that rule, where "a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending," a court may, *inter alia*, state that "it would grant the motion" if it had jurisdiction.  FED. R. CIV. P. 62.1(a).  The moving party must then notify the Court of Appeals.  FED. R. CIV. P. 62.1(b).  As this makes clear, Apple is mistaken in arguing that Samsung's motion should be denied for lack of jurisdiction.  (Opp. 1, 7.)[1]  Rather, the proper procedure is for the Court: (1) to consider whether it would grant the motion if it had jurisdiction; (2) if it would, to so indicate, *see* FED. R. CIV. P. 62.1(a); and (3) upon restoration of jurisdiction, "decide the motion," FED. R. CIV. P. 62.1(c).

On the merits, Apple again seeks to defer a ruling on Samsung's motion in light of its forthcoming JMOL motion and the verdict on utility patents.  Not only is this a result Apple failed to achieve through the scheduling orders, but its position is flawed for four reasons.  *First*, Apple ignores that it is entitled to a preliminary injunction only where it has "establish[ed] that [it] is likely to succeed on the merits," *Winter v. NRDC*, 555 U.S. 7, 20 (2008), and that a preliminary injunction may not lie where there is a "substantial question" concerning infringement, *Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1350-51 (Fed. Cir. 2001).  The jury's non-infringement verdict on the D'889 patent surely raises a substantial question, and Apple has not sought to demonstrate that, when viewed in the light most favorable to Samsung, "the evidence permits only one reasonable conclusion and the conclusion is contrary to that reached by the jury." *Lakeside–Scott v. Multnomah County,* 556 F.3d 797, 802 (9th Cir. 2009).

*Second*, Apple offers no authority that Samsung is required to show an "urgent need to decide its motion" or that dissolution is warranted "to prevent irreparable harm to Samsung." (Opp. 5-6.)  Rather, a court is obligated to reassess a preliminary injunction where an enjoined party presents "significant changes in the law or circumstances."  *Salazar v. Bruno*, 130 S. Ct.

---

[1]  Apple relies by analogy on the denial of its request for an injunction pending appeal under FRCP 62(c) following the Federal Circuit's May decision.  But there Apple did not request an indicative ruling on its underlying preliminary injunction motion.

1803, 1816 (2010).  Apple is not entitled to the continuance of an injunction that is based on outdated and incorrect assumptions, let alone one that is no longer tenable after a jury verdict.[2]

*Third*, even if the jury's findings that the Galaxy Tab 10.1 (Wi-Fi) infringed the '381, '915 and '163 utility patents could support an injunction that was premised on likely infringement of the D'889 patent, there is no basis in the record to conclude that there is "some causal nexus between Samsung's infringement [of these utility patents] and the alleged harm to Apple." *Apple, Inc. v. Samsung Elecs. Co., Ltd.*, 678 F.3d 1314, 1324 (Fed. Cir. 2012).  Apple's *ipse dixit* (Opp. 6-7) is insufficient to demonstrate that these patents "drive the demand for the product." *Id.* To the contrary, there is abundant, unrefuted record evidence that in the current market, Samsung's tablets cause no irreparable harm to Apple.  *See, e.g.*, Dkt. No. 1132.[3]

*Finally*, there simply is no jury finding that the Galaxy Tab 10.1 (4G LTE) infringed the '381, '915 and '163 utility patents.  In an effort to circumvent this, Apple argues that that product is likely not "colorably different" than the Wi-Fi version as to which the jury found infringement. (Opp. 4 n.1.)  But, as Apple admits, "Samsung no longer sells new units of the accused WiFi only version of the Galaxy Tab 10.1," (Opp. 5), so injunctive relief as to that product is unlikely, and Apple's attempt to bootstrap fails.  Indeed, Apple's argument is nonsensical.  The sole basis of the injunction was the D'889 patent, and "colorably different" can only apply in the context of that fact.  Apple's attempt to rewrite the preliminary injunction to cover inapposite products and patents is unsupported by precedent and contrary to fundamental principles of equity and fairness.

## CONCLUSION

The Court should indicate that it would dissolve the preliminary injunction if it had jurisdiction, and, upon restoration of jurisdiction, dissolve that injunction and retain Apple's bond.

---

[2]  Since Samsung's damages for the improper injunction are limited to the amount of the bond (which was at the bottom of Samsung's estimated range), *see Nintendo of Am., Inc. v. Lewis Galoob Toys, Inc.*, 16 F.3d 1032, 1036 (9th Cir. 1994), it also would be inequitable to continue an injunction that is inconsistent with a jury verdict pending briefing of still further motions.

[3]  While the Court previously declined to consider this evidence (Dkt. 1131), Apple cannot plausibly maintain now that the Court should consider an entirely new basis for continuing the injunction but not the current record showing the lack of irreparable harm.

| | | |
|---|---|---|
| 1 | DATED:  September 14, 2012 | Respectfully submitted, |
| 2 | | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| 3 | | |
| 4 | | |
| 5 | | By /s/ Victoria Maroulis |
| | | Charles K. Verhoeven |
| 6 | | Kevin P.B. Johnson |
| | | Victoria F. Maroulis |
| 7 | | Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC |

-4-   Case No. 11-cv-01846-LHK (PSG)
SAMSUNG'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF
MOTION TO DISSOLVE JUNE 26, 2012 PRELIMINARY INJUNCTION