United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | Case No.: 11-CV-01846-LHK |
| Plaintiff and Counterdefendant,<br>v. | ORDER DENYING WITHOUT PREJUDICE SAMSUNG'S MOTION TO DISSOLVE THE JUNE 26, 2012 PRELIMINARY INJUNCTION AND ISSUING INDICATIVE RULING |
| SAMSUNG ELECTRONICS CO., LTD.,<br>a Korean corporation;<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br>a New York corporation; and<br>SAMSUNG TELECOMMUNICATIONS<br>AMERICA, LLC,<br>a Delaware limited liability company, | (re: dkt. #1936) |
| Defendants and Counterclaimants. | |

On June 26, 2012, the Court preliminarily enjoined Samsung from "making, using, offering to sell, or selling within the United States, or importing into the United States, Samsung's Galaxy Tab 10.1 tablet computer, and any product that is no more than colorably different from this specified product and embodies any design contained in U.S. Design Patent No. D504,889." ECF No. 1135 ("June 26 Preliminary Injunction") at 7. Samsung timely filed a notice of appeal that same day, and that appeal remains pending before the Federal Circuit. After the conclusion of a three-week trial in this case, the jury returned a verdict finding that the Galaxy Tab 10.1 does not infringe Apple's D'889 Patent. ECF No. 1930 at 7; ECF No. 1931 at 7. Judgment was entered in favor of Apple and against Samsung on August 24, 2012. ECF No. 1933 ("August 24 Judgment").

1    Based on what it claimed to be the Court's "ent[ry of] final judgment reflecting the jury

2  verdict," on August 26, 2012, Samsung filed a motion for the Court to dissolve the June 26

3  Preliminary Injunction and to retain the $2.6 million bond posted by Apple pending determination

4  of damages suffered by Samsung as a result of the injunction.  ECF No. 1936 ("Mot.") at 2.

5  Pursuant to the briefing schedule set by the Court, Apple filed an opposition on September 10,

6  2012, *see* ECF No. 1963 ("Opp'n"), and Samsung filed a reply on September 14, 2012, *see* ECF

7  No. 1967 ("Reply").  The Court finds this matter suitable for determination without oral argument

8  and thus VACATES the hearing set on Samsung's motion scheduled for September 20, 2012.  *See*

9  Civ. L.R. 7-1(b).  Having considered the parties' submissions, and for the reasons explained below,

10  the Court DENIES without prejudice Samsung's motion to dissolve, and instead ISSUES an

11  indicative ruling pursuant to Federal Rule of Civil Procedure 62.1 that Samsung's motion raises a

12  substantial issue.

13    First, notwithstanding Samsung's characterization of the August 24 Judgment as "final" in

14  its opening brief, the parties now agree that, because the August 24 Judgment referred simply to the

15  jury verdict and did not resolve all substantive remedies, including Apple's requests for injunctive

16  relief and enhanced damages, the judgment is not "final" for purposes of appeal.  *See* Opp'n at 3;

17  Reply at 1; *see also Riley v. Kennedy*, 553 U.S. 406, 419 (2008) ("[A]n order resolving liability

18  without addressing a plaintiff's requests for relief is not final.").  Accordingly, the August 24

19  Judgment likewise is not a final judgment as would automatically dissolve the June 26 Preliminary

20  Injunction.  *Cf. U.S. Philips Corp. v. KBC Bank N.V.*, 590 F.3d 1091, 1093-94 (9th Cir. 2010) ("A

21  preliminary injunction imposed according to the procedures outlined in Federal Rule of Civil

22  Procedure 65 dissolves *ipso facto* when a final judgment is entered in the cause.").

23    Second, the parties agree that Samsung's pending appeal of the June 26 Preliminary

24  Injunction deprives the Court of jurisdiction to dissolve the injunction until and unless the Federal

25  Circuit returns jurisdiction to this Court.  *See* Opp'n at 1-2; Reply at 1; *see also Griggs v. Provident

26  Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam); *Newton v. Consolidated Gas Co.*, 258

27  U.S. 165, 177 (1922); *McClatchy Newspapers v. Cent. Valley Typographical Union No. 46*, 686

28

**United States District Court**
For the Northern District of California

2

Case No. 5:11-CV-01846-LHK
ORDER DENYING WITHOUT PREJUDICE MOTION TO DISSOLVE PRELIMINARY INJUNCTION AND
ISSUING INDICATIVE RULING

1     F.2d 731, 734-35 (9th Cir. 1982).  Because the Court lacks jurisdiction to grant Samsung's motion,

2     the motion to dissolve must be denied.

3           Finally, Samsung seeks, in the alternative, an indicative ruling pursuant to Federal Rule of

4     Civil Procedure 62.1.  *See* Reply at 1-2.  Rule 62.1(a) provides:

5           If a timely motion is made for relief that the court lacks authority to grant because of
            an appeal that has been docketed and is pending, the court may:
6               (1) defer considering the motion;
7               (2) deny the motion; or
                (3) state either that it would grant the motion if the court of appeals remands for
8                   that purpose or that the motion raises a substantial issue.

9     If the Court states that it would grant the motion or that the motion raises a substantial issue, the

10    movant must promptly notify the circuit clerk, and the Court of Appeals may then decide whether

11    to remand for further proceedings.  *See* Fed. R. Civ. P. 62.1(b); Fed. R. App. P. 12.1(a) & (b).

12          Samsung asks this Court to indicate that it would grant the requested relief if the Federal

13    Circuit remanded for that purpose, and upon restoration of jurisdiction, to dissolve the injunction

14    and retain Apple's bond pursuant to Federal Rule of Civil Procedure 62.1(c).  Reply at 3.  Apple

15    opposes this request on grounds that "Samsung's motion cannot fairly be decided without resolving

16    Apple's motions for JMOL that the Tab 10.1 infringes the D'889 patent and for an injunction based

17    on the verdict that the Tab 10.1 infringes the '381, '915, and '163 patents."  Opp'n at 4.  Apple

18    argues that the parties are currently briefing motions that could entitle Apple to a permanent

19    injunction against the Galaxy Tab 10.1, and that, "[i]f the Tab 10.1 injunction were dissolved and

20    then reinstated, this would be confusing to the market and would undermine the orderly

21    administration of justice."  Opp'n at 5.

22          The Court agrees with both parties, in part.  The Court agrees with Samsung that the sole

23    basis for the June 26 Preliminary Injunction was the Court's finding that Samsung likely infringed

24    the D'889 Patent.  The jury has found otherwise.  Thus, the sole basis for the June 26 Preliminary

25    Injunction no longer exists.  Based on these facts alone, the Court at this time would dissolve the

26    June 26 Preliminary Injunction if the Court had jurisdiction.  "Because injunctive relief is drafted

27    in light of what the court believes will be the future course of events, . . . a court must never ignore

28

3

United States District Court
For the Northern District of California

1   significant changes in the law or circumstances underlying an injunction lest the decree be turned

2   into an 'instrument of wrong.'"[1]  *Salazar v. Buono*, 130 S. Ct. 1803, 1816 (2010) (plurality

3   opinion) (quoting 11A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2961, at

4   393-94 (quoting *United States v. Swift & Co.*, 286 U.S. 106, 115 (1932))); *see Sys. Fed'n No. 91 v.

5   Wright*, 364 U.S. 642, 647-48 (1961) (holding that a district court has "wide discretion" to modify

6   an injunction based on changed circumstances or new facts); *A&M Records, Inc. v. Napster, Inc.*,

7   284 F.3d 1091, 1098 (9th Cir. 2002) (same).  The jury's finding of non-infringement based on all

8   the evidence presented at trial clearly constitutes such a significant change in circumstances.  *Cf.

9   Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1350-51 (Fed. Cir. 2001) (holding

10  that a preliminary injunction should not issue if the non-moving party "raises a substantial question

11  concerning either infringement or invalidity, *i.e.*, asserts an infringement or invalidity defense that

12  the patentee cannot prove 'lacks substantial merit'" (quoting *Genentech, Inc. v. Novo Nordisk, A/S*,

13  108 F.3d 1361, 1364 (Fed. Cir. 1997)).

14         Moreover, the Court does not agree with Apple that Samsung's motion for dissolution of

15  the June 26 Preliminary Injunction cannot be fairly decided without resolving Apple's post-trial

16  motions.  Even if Apple ultimately prevails on its post-trial motions, any permanent injunction

17  would be prospective and not retroactive.[2]  Furthermore, the public has no interest in enjoining a

18  non-infringing product, and thus any market disruption caused by dissolution would be

19  insignificant compared to Samsung's interest in restoring its product to market.

20         Nonetheless, the Court agrees with Apple that based on the post-trial motions, the Court

21  could, potentially, issue a permanent injunction on the Galaxy Tab 10.1.  Thus, whether the Court

22  would dissolve the June 26 Preliminary Injunction may depend on the timing of when the Federal

23  Circuit issues the mandate restoring jurisdiction to this Court.  Accordingly, the Court cannot issue

24

25  [1] As noted by the Ninth Circuit, a party may be "wrongfully enjoined" without a preliminary
    injunction having been "wrongfully issued."  *See Nintendo of Am., Inc. v. Lewis Galoob Toys, Inc.*,
26  16 F.3d 1032, 1036 n.4 (9th Cir. 1994) (affirming execution of bond upon determining defendant
    had been wrongfully enjoined, despite having upheld the district court's issuance of the preliminary
27  injunction in an earlier appeal).
    [2] The Court is not in any way commenting on the merits of any of the parties' post-trial motions.
28

Case No. 5:11-CV-01846-LHK
ORDER DENYING WITHOUT PREJUDICE MOTION TO DISSOLVE PRELIMINARY INJUNCTION AND
ISSUING INDICATIVE RULING

1    an indicative ruling that it would dissolve the June 26 Preliminary Injunction under all

2    circumstances.

3       However, under all circumstances, Samsung's motion raises a substantial issue, and the

4    Court therefore issues such an indicative ruling.  "A statement that the motion raises substantial

5    issues does not tie the district court to a particular ruling on the motion after remand."  *In re*

6    *DirecTV Early Cancellation Fee Mktg. & Sales Practices Litig.*, 810 F. Supp. 2d 1060, 1066 (C.D.

7    Cal. 2011), *rejected on other grounds by Kilgore v. KeyBank, Nat'l Ass'n*, 673 F.3d 947 (9th Cir.

8    2012).

9       Accordingly, the Court DENIES without prejudice Samsung's motion to dissolve the June

10   26 Preliminary Injunction for lack of jurisdiction, and ISSUES an indicative ruling pursuant to

11   Rule 62.1(a)(3) that the motion raises a substantial issue.

12   **IT IS SO ORDERED.**

13

14   Dated: September 17, 2012                      *Lucy H. Koh*
                                                    _____
15                                                   LUCY H. KOH
                                                     United States District Judge
16

17

18

19

20

21

22

23

24

25

26

27

28

                                                    5