# EXHIBIT 8

1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Cal. Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5  Kevin P.B. Johnson (Cal. Bar No. 177129)
   kevinjohnson@quinnemanuel.com
6  Victoria F. Maroulis (Cal. Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
7  555 Twin Dolphin Drive 5th Floor
   Redwood Shores, California 94065
8  Telephone: (650) 801-5000
   Facsimile: (650) 801-5100
9
   Michael T. Zeller (Cal. Bar No. 196417)
10 michaelzeller@quinnemanuel.com
   865 S. Figueroa St., 10th Floor
11 Los Angeles, California 90017
   Telephone: (213) 443-3000
12 Facsimile: (213) 443-3100

13 Attorneys for SAMSUNG ELECTRONICS
   CO., LTD., SAMSUNG ELECTRONICS
14 AMERICA, INC. and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC
15

16                    UNITED STATES DISTRICT COURT

17          NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

18

19 | APPLE INC., a California corporation, | CASE NO. 11-cv-01846-LHK
20 | Plaintiff, | **SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S SEVENTH SET OF INTERROGATORIES (NO. 16)**
21 | vs. |
22 | SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | **HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY UNDER THE PROTECTIVE ORDER**
23 |
24 |
25 | Defendant. |
26

27

28

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

1  already in the possession of Apple, publicly available, or as readily available to Apple as it is to
2  Samsung.

3      24.    Samsung objects to each interrogatory to the extent that it seeks information before
4  Samsung is required to disclose such information in accordance with any applicable law, such as
5  the Northern District of California Patent Local Rules.

6      25.    Samsung objects to the interrogatories on the grounds and to the extent that they
7  seek legal conclusions or call for expert testimony. Samsung's responses should not be
8  construed to provide legal conclusions.

9      Subject to and without waiving the foregoing General Statement and General Objections,
10 Samsung responds as follows:

11

12 **INTERROGATORY NO. 16:**

13     Specifically for each Utility Patent at Issue, identify and explain in detail each design-
14 around and/or alleged alternative technology or method that can be used as an alternative to the
15 patented technology, including but not limited to: (1) a description of the alleged design-around;
16 (2) a description of when and how the alleged design-around was developed; (3) the identity of
17 individuals involved in developing the alleged design-around, including their titles and
18 departments if they are or were Samsung employees; and (4) dates when the alleged design-around
19 was incorporated in Samsung's products.

20

21 **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 16:**

22     In addition to its General Objections above, which it hereby incorporated by reference,
23 Samsung objects to this interrogatory on the grounds that it is vague, ambiguous, and overbroad,
24 and not reasonably calculated to lead to the discovery of admissible evidence. Samsung further
25 objects to this interrogatory to the extent that it seeks to elicit information subject to and protected
26 by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the
27 common interest doctrine, and/or any other applicable privilege or immunity. Samsung further
28 objects to this interrogatory as premature to the extent it requests information regarding

'915 Patent: Design arounds or non-infringing alternatives, either known to Samsung or implemented by Samsung, include not using event objects, not distinguishing between a single input point/scroll operation and a two or more input point/gesture operation, utilizing techniques that remove any association between the view with the event object that invokes the command; implementing something other than the event object associated with the view to invoke the scrolling or gesture command, implementing a scrolling method that utilizes more than one finger, and not stopping a scroll at a predetermined position in relation to the user input.

'381 Patent:   Design arounds or non-infringing alternatives, either known to Samsung or implemented by Samsung, include using techniques such as blue glow (or edge glow or yellow glow), tilt, partial bounce back, spring back, or no bounce back.   The "blue glow" functionality can be used as an alternative to at least one of the accused features.   Pursuant to Rule 33(d), Samsung refers to the source code produced by Samsung on January 23, 2012 regarding the blue glow technique.   The functionality was incorporated into Samsung's code for the Samsung accused products with the assistance of Wookyun Kho, Kihyung Nam, Dooju Byun, Jaegwan Shin, and Seunghwan Han on or around September 2011.

'163 Patent: Design arounds or non-infringing alternatives, either known to Samsung or implemented by Samsung, include not enlarging and translating a web page to substantially center a first box, not expanding the first box so that the width of the first box is substantially the same as the width of the touch screen display, not resizing text in an enlarged first box to meet or exceed a predetermined minimum text size on the touch screen display, and not translating a web page so as to substantially center a second box on the touch screen display while a first box is enlarged.   Additionally, the '163 patent is not infringed when, upon a "second" gesture from the user, either (1) the structured electronic document returns to its original size; and/or (2) no further actions are performed.   This design eliminates any actions that could be interpreted to "when the first box is enlarged, detect a second gesture on a second box other than the first box," and/or "in response to detecting the second gesture, translate the structured electronic document so that the second box is substantially centered on the touch screen display."   Samsung has modified or is modifying the functionality of its products including its Galaxy Attain 4G, Galaxy Tab 10.1, Epic

4G, Galaxy S II Epic 4G Touch, and Galaxy S II Skyrocket devices.   Samsung has or is presently preparing to produce the source code for the design around on the source code computer, and will produce such source code as soon as possible.

'607 Patent: Design arounds or non-infringing alternatives, either known to Samsung or implemented by Samsung, include the use of AMOLED screens which are already incorporated into many of Samsung's products, the use of non-transparent conductors, not using conductive lines, and not using conductors that are transverse, and using a single layer instead of first and second layers.

'129 Patent: Design arounds or non-infringing alternatives, either known to Samsung or implemented by Samsung, include the use of AMOLED screens which are already incorporated into many of Samsung's products, the use of conductors that are not on a two-dimensional coordinate system, the use of a second set of conductors having a widths that are not substantially greater than the widths of a first set of conductors, and using a single layer instead first and second layers spatially separated by a dielectric.

Samsung's investigation is ongoing and Samsung will provide further alternatives in its expert report(s) to be submitted in accordance with the Court's Minute Order and Case Management Order, dated August 25, 2011, and after Apple has provided a detailed explanation of the basis for its infringement positions with regard to the Utility Patents at Issue.   Samsung also may supplement this interrogatory after the Court enters an order construing the claims of the Utility Patents at Issue.