# EXHIBIT 13



# UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/012,304 | 05/23/2012 | 7,469,381 | P4304USREX2/063266-5682US | 4807 |

61725        7590        07/30/2012

Morgan Lewis & Bockius LLP/ AI
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA  94306

| EXAMINER |
|---|

| ART UNIT | PAPER NUMBER |
|---|---|

DATE MAILED: 07/30/2012

**DEFENDANT'S EXHIBIT NO. 2652**

United States District Court
Northern District of California
No. 11-CV-1846-LHK (PSG)
*Apple v. Samsung*
Date Admitted:_____  By: _____

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 10/03)

 UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

**DO NOT USE IN PALM PRINTER**

(THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS)

BRYAN CAVE LLP

1290 AVENUE OF THE AMERICAS

NEW YORK, NY 10104

**MAILED**

JUL 3 0 2012

**CENTRAL REEXAMINATION UNIT**

# *EX PARTE* REEXAMINATION COMMUNICATION TRANSMITTAL FORM

REEXAMINATION CONTROL NO. *90/012,304*.

PATENT NO. *7,469,381*.

ART UNIT *3992*.

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified *ex parte* reexamination proceeding (37 CFR 1.550(f)).

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a reply has passed, no submission on behalf of the *ex parte* reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).

PTOL-465 (Rev.07-04)

| *Order Granting / Denying Request For* *Ex Parte Reexamination* | Control No. | Patent Under Reexamination |
|---|---|---|
| | 90/012,304 | 7,469,381 |
| | Examiner | Art Unit |
| | DENNIS BONSHOCK | 3992 |

*--The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

The request for *ex parte* reexamination filed <u>23 May 2012</u> has been considered and a determination has been made. An identification of the claims, the references relied upon, and the rationale supporting the determination are attached.

Attachments: a)☐ PTO-892,   b)☒ PTO/SB/08,   c)☐ Other: _____

1. ☒   The request for *ex parte* reexamination is GRANTED.

RESPONSE TIMES ARE SET AS FOLLOWS:

For Patent Owner's Statement (Optional):  TWO MONTHS  from the mailing date of this communication (37 CFR 1.530 (b)). **EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**

For Requester's Reply (optional): TWO MONTHS from the **date of service** of any timely filed Patent Owner's Statement (37 CFR 1.535). **NO EXTENSION OF THIS TIME PERIOD IS PERMITTED.** If Patent Owner does not file a timely statement under 37 CFR 1.530(b), then no reply by requester is permitted.

2. ☐   The request for *ex parte* reexamination is DENIED.

This decision is not appealable (35 U.S.C. 303(c)).  Requester may seek review by petition to the Commissioner under 37 CFR 1.181 within ONE MONTH from the mailing date of this communication (37 CFR 1.515(c)). **EXTENSION OF TIME TO FILE SUCH A PETITION UNDER 37 CFR 1.181 ARE AVAILABLE ONLY BY PETITION TO SUSPEND OR WAIVE THE REGULATIONS UNDER 37 CFR 1.183.**

In due course, a refund under 37 CFR 1.26 ( c ) will be made to requester:

a) ☐  by Treasury check or,

b) ☐  by credit to Deposit Account No. _____,  or

c) ☐  by credit to a credit card account, unless otherwise notified (35 U.S.C. 303(c)).

/Dennis  G. Bonshock/
Primary Examiner, Art Unit 3992

cc:Requester ( if third party requester )

Application/Control Number: 90/012,304                                    Page 2
Art Unit: 3992

## DECISION ON REQUEST FOR REEXAMINATION

A substantial new question of patentability affecting claims 1-20, of United States Patent Number: 7,469,381 issued to Ording is raised by the request for *ex parte* reexamination.

Extensions of time under 37 CFR 1.136(a) will not be permitted in these proceedings because the provisions of 37 CFR 1.136 apply only to "an applicant" and not to parties in a reexamination proceeding.  Additionally, 35 U.S.C. 305 requires that *ex parte* reexamination proceedings "will be conducted with special dispatch" (37 CFR 1.550(a)).  Extensions of time in *ex parte* reexamination proceedings are provided for in 37 CFR 1.550(c).

### References

(1)     WO 03/081458 issued to Luigi Lira ("Lira")

(2)     US 7,786,975 issued to Bas Ording et al ("Ording")

(3)     WO 01/029702 issued to Elise A. W. H. Van Den Hoven et al ("Van Den Hoven")

### Prosecution History

U.S. Patent Application Serial No. 11/956,969, which resulted in issued Patent 7,469,381 (hereinafter the '381 patent), was filed on 12/14/2007.

On February 28, 2008, the U.S. Patent and Trademark Office (PTO) dismissed the Petition to Make Special citing the Applicant's search terms and the resulting

Application/Control Number: 90/012,304                                    Page 3
Art Unit: 3992

narrowness of the search as the reason for dismissal. In response to the dismissal,

Applicant filed on March 13, 2008 a Request for Reconsideration along with a revised

Pre-Examination search statement which included the supplemental search terms

required by the PTO. According to the Applicant, the supplemental search did not reveal

any additional relevant references. Applicant's Petition to Make Special was granted on

April 17, 2008. In the Applicant's Supplemental Accelerated Examination Support

Document filed on April 30, 2008, Applicant cited U.S. Patent 6,690,387 to Zimmerman

et al. ("Zimmerman"), U.S. Patent 5,495,566 to Kwatinetz et al. ("Kwatinetz"), U.S.

Patent Application Publication 2005/0012723 ("Pallakoff") and D. Miller, Personal Java

Application Environment, (1999) ("Miller") as the references most closely related to the

subject matter claimed in the Application.

On June 2, 2008, the PTO Examiner conducted an interview with the Applicant

during which the parties discussed Zimmerman, a collection of Microsoft Word

screenshots and U.S. Patent Application Publication 2008/0104544 ("Collins"). At the

interview, Applicant agreed to amend the last limitation of each of the independent

claims to read "in response to detecting that the object is no longer on or near the touch

screen display, translating the document in a second direction until the area beyond the

edge of the document is no longer displayed." The agreed to amendment was to

replace the following language "after the object is no longer detected" phrasing used in

the independent claims of the original application with the phrasing "in response to

detecting that the object."

Application/Control Number: 90/012,304                                    Page 4
Art Unit: 3992

During a second interview on June 30, 2008, the Applicant and Examiner again discussed the Zimmerman reference along with Photo Mesa screenshots and U.S. Publication 2004/0027398 ("Jaeger"). To distinguish over the cited prior art, Applicant proposed to make further amendments to the claims. During a third interview on August 4, 2008, Applicant's proposed amended claims were discussed with the Examiner along with the Photo Mesa and Jaeger references. The Examiner conceded that the proposed amended claims were patentable over the cited prior art, and agreed to enter the changes by an Examiner's amendment. The Examiner's amendment mainly added four displayed portions of the electronic document at various stages of the process recited in each independent claim.

A Notice of Allowance issued on October 29, 2008, in which the Examiner's amendments and reasons for allowance were detailed. In particular, the Examiner's reasons for allowance stated that the prior art failed to teach: 1) in response to an edge of the document being reached while translating the document in a first direction, displaying an area beyond the edge of the document along with a third portion of the document that is smaller than the first portion; and 2) in response to no longer detecting the object, translating the document in a second direction until the area beyond the edge is no longer displayed, and displaying a fourth portion of the electronic document that is distinct from the first portion. The '381 Patent subsequently issued on December 23, 2008.

DEFENDANTS' EXHIBIT NO. 2652.007

Application/Control Number: 90/012,304                                    Page 5
Art Unit: 3992

### Reexamination History

On April 28, 2010, a Request for Ex Parte Reexamination (90/010963) was filed at the PTO in connection with the '381 Patent. On July 14, 2010, the PTO issued a Decision Granting Ex Parte Reexamination finding that the references cited in the request raised a substantial new question of patentability with respect to all claims of the '381 Patent. The Request for Ex Parte Reexamination cited the following references as the basis for the substantial new question of patentability: Forlines et al., Glimpse: A Novel Input Model for Multi-Level Devices, (2005) ("Glimpse"), Millhollon et al., Microsoft Office Word 2003 Inside Out, (2003) ("Inside Out"), U.S. Patent Application Publication 2005/0195154 ("Robbins") and Zimmerman. The Decision stated that although Zimmerman was previously cited, it had not been considered in combination with the new prior art, namely, Glimpse, Inside and Robbins which were submitted with the reexamination request.

On January 13, 2011, the PTO issued a Notice of Intent to Issue Ex Parte Reexamination Certificate confirming the patentability of claims 1-20 of the '381 Patent. The Examiner found that, while the prior art (e.g., Inside Out) discloses displaying an area beyond the edge of the document, none of the Glimpse, Inside Out, Robbins or Zimmerman references taught or suggested the following: "in response to detecting that the object is no longer on or near the touch screen display, translating the electronic document in a second direction until the area beyond the edge of the electronic document is no longer displayed to display a fourth portion of the electronic document wherein the fourth portion is different than the first portion."

## Substantial New Question of Patentability

The Requester suggests that the following references and/or combinations of references provide elements which are allegedly equivalent to claims 1-20 of the '381 patent.

Claim 1 is presented below with italicized sections showing the limitations that are believed to be the allowable limitations, and which are used by the Examiner to show how specific teachings of the proposed references raise a substantial new question of patentability.

Claim 1:

1.  A computer-implemented method, comprising:

at a device with a touch screen display: displaying a first portion of an electronic
            document;

    detecting a movement of an object on or near the touch screen display;

    in response to detecting the movement, translating the electronic document
            displayed on the touch screen display in a first direction to display a
            second portion of the electronic document, wherein the second portion is
            different from the first portion;

    *in response to an edge of the electronic document being reached while*
            *translating the electronic document in the first direction while the*
            *object is still detected on or near the touch screen display:*

DEFENDANTS' EXHIBIT NO. 2652.009

> **displaying an area beyond the edge of the document, and**
>
> **displaying a third portion of the electronic document, wherein the**
>
> **third portion is smaller than the first portion; and**
>
> **in response to detecting that the object is no longer on or near the**
>
> **touch screen display, translating the electronic document in**
>
> **a second direction until the area beyond the edge of the**
>
> **electronic document is no longer displayed to display a**
>
> **fourth portion of the electronic document, wherein the fourth**
>
> **portion is different from the first portion.**

## LIRA REFERENCE

The Requestor alleges that Lira raises a substantial new question of patentability with respect to claims 1-20 of the '381 patent. For purposes of determination, claim 1 is a representative claim.  For purposes or Reexamination the reading of Lira on the claims is provided on pages 23-60 of the Request and in Exhibit 6, Part A - Pages 1-30, Part B - Pages 1-16, Part C - Pages 1-17.

Lira is new art that provides new, non-cumulative technological teachings that were not previously considered and discussed on the record during prosecution or reexamination of the 381 patent.

Application/Control Number: 90/012,304                                    Page 8
Art Unit: 3992

*Lira* teaches a system for browsing documents arranged in columns on a small
screen display device via a display window (200) superimposed over a larger than fully
displayable webpage.  The user can pan/scroll back and forth via tactile input  between
columns and outside of the display space (see figures 2 and 14), where when the user
lifts their finger off of the screen subsequent to a panning, the display window snaps
(pans automatically via an animated motion) to align with the nearest column (see
pages 14-15 and figure 14B).

Specifically:

The requestor alleges that the limitation of ***in response to an edge of the
electronic document being reached while translating the electronic document in
the first direction while the object is still detected on or near the touch screen
display: displaying an area beyond the edge of the document, and displaying a
third portion of the electronic document, wherein the third portion is smaller than
the first portion*** recited in claim 1, of the '381 patent is equivalent to the *user moving
the display laterally away from the column being read during panning/scrolling, where
the display screen displays an additional area outside of the edge of the column*  (see
page 14, line 29 through page 15, line 31 and figure 14B of Lira).  (see pages 32-34 for
the Request)

Application/Control Number: 90/012,304                                    Page 9
Art Unit: 3992

The requestor alleges that the limitation of *in response to detecting that the*
*object is no longer on or near the touch screen display, translating the electronic*
*document in a second direction until the area beyond the edge of the electronic*
*document is no longer displayed to display a fourth portion of the electronic*
*document, wherein the fourth portion is different from the first portion* recited in
claim 1, of the '381 patent is equivalent to the *snapping to the nearest column*
*subsequent to the user terminating scrolling by moving the display screen in a second*
*direction* (see page 14, line 29 through page 15, line 31 and figure 14B of Lira).  (see
pages 34-37 for the Request)


It is agreed that Lira, either alone or in combination with other prior art references
(Van Den Hoven), as proposed in the request, raises a SNQ with respect to at least
claim 1 of the '381 patent.  There is a substantial likelihood that a reasonable Examiner
would consider this teaching important in deciding whether or not these claims are
patentable.

Accordingly, the Lira reference raises a substantial new question to at least claim
1, and likely claims 2-20, which question has not been decided in a previous
examination of the '381 patent nor was there a final holding of invalidity by the Federal
Courts regarding the '381 patent.

Application/Control Number: 90/012,304                                     Page 10
Art Unit: 3992

## ORDING REFERENCE

The Requestor alleges that Ording raises a substantial new question of

patentability with respect to claims 1-5, 7-13, and 15-20 of the '381 patent. For purposes

of determination, claim 1 is a representative claim.  For purposes or Reexamination the

reading of Ording on the claims is provided on pages 61-85 of the Request and in

Exhibit 6, Part d - Pages 1-38.

Ording is new art that provides new, non-cumulative technological teachings that

were not previously considered and discussed on the record during prosecution or

reexamination of the 381 patent.

*Ording teaches* a system for scrolling a list of items where when a user

approaches the end of the list, and maintains touch based input, the list is scrolled past

the last element revealing an overflow area.  When the user releases contact the list

bounces back in the opposite direction to place a new list region back in the display

(see 6:60-7:5 and 9:10-36)

Specifically:

The requestor alleges that the limitation of ***in response to an edge of the***

***electronic document being reached while translating the electronic document in***

***the first direction while the object is still detected on or near the touch screen***

Application/Control Number: 90/012,304                                    Page 11
Art Unit: 3992

*display: displaying an area beyond the edge of the document, and displaying a*

*third portion of the electronic document, wherein the third portion is smaller than*

*the first portion* recited in claim 1, of the '381 patent is equivalent to the *user scrolling*

*the list out of view till element 612-1, the item at the beginning of the list, is the only one*

*remaining on the bottom of the screen, where this scrolling of the list off the screen*

*results in a display an empty are above element 612-1 (third portion), smaller than the*

*first portion where the screen is filled with elements*  (see 9:10-36 and figures 7A-C).

(see 70-72 for the Request)


        The requestor alleges that the limitation of *in response to detecting that the*

*object is no longer on or near the touch screen display, translating the electronic*

*document in a second direction until the area beyond the edge of the electronic*

*document is no longer displayed to display a fourth portion of the electronic*

*document, wherein the fourth portion is different from the first portion* recited in

claim 1, of the '381 patent is equivalent to the *bouncing back of the list back onto the*

*screen after the use attempted to scroll the list off of the screen* (see 9:10-36 and

figures 7A-C).  (see 72-75 for the Request)


        It is agreed that Ording, as proposed in the request, raises a SNQ with respect to

at least claim 1 of the '381 patent.  There is a substantial likelihood that a reasonable

Examiner would consider this teaching important in deciding whether or not these

claims are patentable.

Application/Control Number: 90/012,304                                   Page 12
Art Unit: 3992

Accordingly, the Lira reference raises a substantial new question to at least claim

1, and likely claims 2-5, 7-13, and 15-20, which question has not been decided in a

previous examination of the '381 patent nor was there a final holding of invalidity by the

Federal Courts regarding the '381 patent.


## VAN DEN HODEN REFERENCE

The Van Den Hoden reference individually does not raise an SNQ, however, in

light of the SNQ's raised in view of the Lira reference, Van Den Hoden raise a SNQ with

respect to claims 7, 13-15, 17, and 18 of the '381 patent.


## Summary

Claims 1-20 will be reexamined as requested in the Request.


## *Conclusion*

**Extensions of time under 37 CFR 1.136(a) do not apply in reexamination**

**proceedings**. The provisions of 37 CFR 1.136 apply only to "an applicant" and not to parties in a

reexamination proceeding.  Further, in 35 U.S.C. 305 and in 37 CFR 1.550(a), it is required that

reexamination proceedings "will be conducted with special dispatch within the Office."

The patent owner is reminded of the continuing responsibility under 37 CFR 1.565(a) to

apprise the Office of any litigation activity, or other prior or concurrent proceeding, involving the

patent throughout the course of this reexamination proceeding.  The requester is also reminded of

DEFENDANTS' EXHIBIT NO. 2652.015

Application/Control Number: 90/012,304                                    Page 13

Art Unit: 3992

the ability to similarly appraise the Office of any such activity or proceeding throughout the

course of this reexamination proceeding.  See MPEP § § 2207, 2282, and 2286.


All correspondence relating to this *ex parte* reexamination proceeding should be directed:


By Mail to:      Mail Stop Ex Parte Reexam

                 Central Reexamination Unit

                 Commissioner for Patents

                 United States Patent & Trademark Office

                 P.O. Box 1450

                 Alexandria, VA 22313-1450


By FAX to:       (571) 273-9900

                 Central Reexamination Unit


By hand:         Customer Service Window

                 Randolph Building

                 401 Dulany Street

                 Alexandria, VA 22314


By EFS-Web:

DEFENDANTS' EXHIBIT NO. 2652.016

Application/Control Number: 90/012,304                                    Page 14

Art Unit: 3992

Registered users of EFS-Web may alternatively submit such correspondence via the electronic filing system EFS-Web, at

https://efs.uspto.gov/efile/myportal/efs-registered

EFS-Web offers the benefit of quick submission to the particular area of the Office that needs to act on the correspondence. Also, EFS-Web submissions are "soft scanned" (i.e., electronically uploaded) directly into the official file for the reexamination proceeding, which offers parties the opportunity to review the content of their submissions after the "soft scanning" process is complete.

Any inquiry concerning this communication or earlier communications from the

Reexamination Legal Advisor or Examiner, or as to the status of this proceeding, should be

directed to the Central Reexamination Unit at telephone number (571) 272-7705.

/Dennis G. Bonshock/

Central Reexamination Unit 3992

/Adam L Basehoar/

Primary Examiner, Art Unit 3992

ALEXANDER J. KOSOWSKI
Supervisory Patent Reexamination Specialist
CRU -- Art Unit 3992

Doc code: IDS
Doc description: Information Disclosure Statement (IDS) Filed

PTO/SB/08a (01-10)
Approved for use through 07/31/2012. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** (Not for submission under 37 CFR 1.99) | Application Number | |
| | Filing Date | |
| | First Named Inventor | |
| | Art Unit | |
| | Examiner Name | |
| | Attorney Docket  Number | 0331834.381 |

### U.S.PATENTS

| Examiner Initial* | Cite No | Patent Number | Kind Code[1] | Issue Date | Name of Patentee or Applicant of cited Document | Pages,Columns,Lines where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|---|
| | 1 | 7786975 | | 2010-08-31 | Ording et al. | |

If you wish to add additional U.S. Patent citation information please click the Add button.

### U.S.PATENT APPLICATION PUBLICATIONS

| Examiner Initial* | Cite No | Publication Number | Kind Code[1] | Publication Date | Name of Patentee or Applicant of cited Document | Pages,Columns,Lines where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|---|
| | 1 | | | | | |

If you wish to add additional U.S. Published Application citation information please click the Add button.

### FOREIGN PATENT DOCUMENTS

| Examiner Initial* | Cite No | Foreign Document Number[3] | Country Code[2] i | Kind Code[4] | Publication Date | Name of Patentee or Applicant of cited Document | Pages,Columns,Lines where Relevant Passages or Relevant Figures Appear | T[5] |
|---|---|---|---|---|---|---|---|---|
| | 1 | WO 01/29702 | WO | | 2001-04-26 | Van Den Hoven et al. | | ☐ |
| | 2 | WO 03/081458 | WO | | 2003-10-02 | Lira | | ☐ |

If you wish to add additional Foreign Patent Document citation information please click the Add button

### NON-PATENT LITERATURE DOCUMENTS

EFS Web 2.1.17          ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH.  /D.B./

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT (Not for submission under 37 CFR 1.99) | Application Number | |
| | Filing Date | |
| | First Named Inventor | |
| | Art Unit | |
| | Examiner Name | |
| | Attorney Docket  Number | 0331834.381 |

| Examiner Initials* | Cite No | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc), date, pages(s), volume-issue number(s), publisher, city and/or country where published. | T⁵ |
|---|---|---|---|
| | 1 | | ☐ |

If you wish to add additional non-patent literature document citation information please click the Add button

**EXAMINER SIGNATURE**

| Examiner Signature | /Dennis Bonshock/ | Date Considered | 07/27/2012 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through a citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

[1]See Kind Codes of USPTO Patent Documents at www.USPTO.GOV or MPEP 901.04.  [2]Enter office that issued the document, by the two-letter code (WIPO Standard ST.3).  [3]For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document.  [4]Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible.  [5]Applicant is to place a check mark here if English language translation is attached.

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH.  /D.B./

| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** (Not for submission under 37 CFR 1.99) | Application Number | |
|---|---|---|
| | Filing Date | |
| | First Named Inventor | |
| | Art Unit | |
| | Examiner Name | |
| | Attorney Docket  Number | 0331834.381 |

## CERTIFICATION STATEMENT

Please see 37 CFR 1.97 and 1.98 to make the appropriate selection(s):

☐ That each item of information contained in the information disclosure statement was first cited in any communication from a foreign patent office in a counterpart foreign application not more than three months prior to the filing of the information disclosure statement. See 37 CFR 1.97(e)(1).

**OR**

☐ That no item of information contained in the information disclosure statement was cited in a communication from a foreign patent office in a counterpart foreign application, and, to the knowledge of the person signing the certification after making reasonable inquiry, no item of information contained in the information disclosure statement was known to any individual designated in 37 CFR 1.56(c) more than three months prior to the filing of the information disclosure statement. See 37 CFR 1.97(e)(2).

☐ See attached certification statement.

☐ The fee set forth in 37 CFR 1.17 (p) has been submitted herewith.

☐ A certification statement is not submitted herewith.

### SIGNATURE

A signature of the applicant or representative is required in accordance with CFR 1.33, 10.18. Please see CFR 1.4(d) for the form of the signature.

| Signature | | Date (YYYY-MM-DD) | |
|---|---|---|---|
| Name/Print | | Registration Number | |

This collection of information is required by 37 CFR 1.97 and 1.98.  The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application.  Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14.  This collection is estimated to take 1 hour to complete, including gathering, preparing and submitting the completed application form to the USPTO.  Time will vary depending upon the individual case.  Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450.  DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS.  **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

EFS Web 2.1.17           ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH.  /D.B./

## Privacy Act Statement

The Privacy Act of 1974 (P.L. 93-579) requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1.  The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C. 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether the Freedom of Information Act requires disclosure of these records.

2.  A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.

3.  A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.

4.  A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).

5.  A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.

6.  A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).

7.  A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/ her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (i.e., GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.

8.  A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspections or an issued patent.

9.  A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH.   /D.B./