**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

8

NORTHERN DISTRICT OF CALIFORNIA

9

SAN JOSE DIVISION

10

11 | APPLE INC., a California corporation

12 |        Plaintiff,
   |    v.

13 | SAMSUNG ELECTRONICS CO. LTD., a
14 | Korean business entity; SAMSUNG
   | ELECTRONICS AMERICA, INC., a New York
15 | corporation; SAMSUNG
   | TELECOMMUNICATIONS AMERICA, LLC,
16 | a Delaware limited liability company,

17 |        Defendants.

Case No.: 11-CV-01846 LHK (PSG)

**ORDER GRANTING-IN-PART AND
DENYING-IN-PART APPLE'S AND
SAMSUNG'S ADMINISTRATIVE
MOTIONS TO FILE DOCUMENTS
UNDER SEAL**

(**Re: Docket Nos. 602, 637, 642, 643, 707,
715, 736, 737, 754, 758, 759**)

18

19        Requests for sealing continue to consume the resources of both the parties and the court.

20 Perhaps this is inevitable in a case of this scope and technical complexity, but the court cannot

21 again but wonder at whether there is a better way.  In any event, before the court are still more

22 motions by Apple, Inc. ("Apple") and Samsung Electronics Co., Ltd., Samsung Electronics

23 America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung") to seal

24 various nondispositive motions and supporting exhibits.  The parties have filed declarations with

25 each motion to support their claims that the documents should remain sealed.  Because of the large

26 number of documents designated for sealing, the court first reiterates the legal standards for sealing

27

28

1

and then summarizes, in table format, the motions, the parties' requests, and the result of each request.

## I.  LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'"[1]  Accordingly, when considering a sealing request, "a strong presumption in favor of access is the starting point."[2]  Parties seeking to seal judicial records relating to dispositive motions bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure.[3]

Records attached to nondispositive motions, however, are not subject to the strong presumption of access.[4]  Because the documents attached to nondispositive motions "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Rule 26(c).[5]  As with dispositive motions, the standard applicable to nondispositive motions requires a "particularized showing"[6] that "specific prejudice or harm will result" if the information is disclosed.[7]  "[B]road allegations of harm, unsubstantiated by specific examples or articulated reasoning" will not suffice.[8]  A protective order sealing the documents during discovery may reflect the court's previous determination that good

---

[1] *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

[2] *Id.*

[3] *Id.* at 1178-79.

[4] *See id.* at 1180.

[5] *Id.* at 1179 (internal quotations and citations omitted).

[6] *Id.*

[7] Fed. R. Civ. P. 26(c).

[8] *Id.*

2

Case No: 11-CV-01846 LHK
ORDER GRANTING-IN-PART AND DENYING-IN-PART APPLE'S AND SAMSUNG'S
ADMINISTRATIVE MOTIONS TO FILE DOCUMENTS UNDER SEAL

United States District Court
For the Northern District of California

cause exists to keep the documents sealed,[9] but a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether each particular document should remain sealed.[10]

In addition to making particularized showings of good cause, parties moving to seal documents must comply with the procedures established by Civil Local Rule 79-5.  The rule allows sealing orders only where the parties have "establishe[d] that the document or portions thereof is privileged or protectable as a trade secret or otherwise entitled to protection under the law."[11]  As this court has previously pointedly noted, the rule requires parties to "narrowly tailor" their requests only to sealable material.[12]

## II.  DISCUSSION

The court notes at the outset that much of the information the parties want sealed has become publicly available, either through presentation at trial or through the parties' commercial activities.  In consideration of the burden from sealing imposed on the court and, more importantly, the public, the parties should keep in mind their obligation to inform the court if the information in previously sealed materials becomes publicly available.

All of the motions to seal at issue here relate to discovery motions that were nondispositive.  Thus, the lower "good cause" standard applies.  The court has considered each of the documents the parties have designated for sealing and, as articulated in the table below, determined which documents may remain under seal or redacted and which documents must be unsealed.

---

[9] *See id.* at 1179-80.

[10] *See* Civil L.R. 79-5(a).

[11] *Id.*

[12] *Id.*

United States District Court
For the Northern District of California

3

| DN[13] | Material | Result |
|---|---|---|
| 602 | Confidential portions of Samsung's Notice of Motion and Motion to Compel Apple to Produce Documents and Things ("Samsung's Motion to Compel"); Memorandum of Points and Authorities in Support Thereof | DENIED. Apple's request is not narrowly tailored. |
| | Confidential portions of the Declaration of Diane C. Hutnyan ISO Samsung's Motion to Compel ("Hutnyan Declaration") | DENIED. Apple's request is not narrowly tailored. The proposed redactions primarily consist of descriptions of exhibits and names of deposed Apple employees. |
| | Exhibits A, B, D, J-Z, AA-CC ("Hutnyan Declaration") | The requests to seal Exhibits B, J, O, P, R, V, X, Y, AA, BB, and CC are DENIED. Apple does not maintain claims of confidentiality on these exhibits.<br><br>The requests to seal or redact portions Exhibits A, D, K, L, M, N, P, Y, Q, U, W, and Z are DENIED because they are not narrowly tailored. As noted below, the redactions proposed by Apple include information for which Apple has failed to provide a particularized showing that specific harm will result if the information is made publicly available.<br>• The redactions to Exhibit A contain general references to Apple's use of mechanical outlines ("MCO"), which are not confidential, and the fact of Apple's license with Nokia, which also is not confidential.<br>• The redactions to Exhibit D contain information about whether Apple had its products tested for 3GPP compliance as adopted by the PTCRB, which are both standard setting organizations. Apple has not shown what specific harm it would suffer if this information is revealed. The redactions also include responses that Apple does not have enough information to admit or deny.<br>• The redactions to Exhibit K include information about models Apple rejected when it was developing its products, names of employees who worked on Apple's product development, and facts about the departments involved in Apple's product development.[14] Apple has not shown what specific harm it would suffer if this information is revealed. |

---

13 "DN" refers to the docket number attached to the motion.

14 Many of the same facts presented in this deposition excerpt are the subject of a recently published book about Apple's product development. *See* Matthew Panzarino, *This Is How Apple's Top Secret Product Development Process Works*, The Next Web, January 24, 2012,

Case No: 11-CV-01846 LHK
ORDER GRANTING-IN-PART AND DENYING-IN-PART APPLE'S AND SAMSUNG'S
ADMINISTRATIVE MOTIONS TO FILE DOCUMENTS UNDER SEAL

- Exhibit L, which Apple requests to be sealed entirely, is a letter describing Apple's use of MCOs and CAD drawings in its product development. Apple has not shown what specific harm it would suffer if this information is revealed.
- Exhibit M, which Apple requests to be sealed entirely, consists of an excerpt from an Apple employee's deposition during which he discusses graphic icons that are the subject of publicly available design patents.
- The proposed redactions to Exhibit N include references to Apple's acquisition of Fingerworks, Ltd., which is publicly available information, and generalized descriptions of where Apple's designers save their designs.
- The proposed redactions to Exhibits P and Y reveal that Apple investigates competitors' products. Apple has not shown what specific harm it would suffer if this information is revealed.
- The proposed redactions to Exhibit Q contain descriptions of documents that Samsung sought from Apple during discovery regarding Apple's advertising for its products. Most of the descriptions do not reveal Apple's proprietary or trade secret information, and Apple has not shown what specific harm it would suffer if this information is revealed.
- Exhibit S, which Apple requests to be sealed entirely, is a deposition excerpt of an Apple employee who broadly discusses another employee's design project. Apple has not shown what specific harm it would suffer if this information is revealed.
- Exhibit T, which Apple requests to be sealed entirely, is a deposition excerpt of an Apple employee who describes an exercise from a decade ago by Apple employees to study and replicate a competitor's product. Apple has not shown what specific harm it would suffer if this information is revealed.
- The proposed redactions to Exhibit W includes generic search terms, such as "double tap," "enlarge*," and "expand*." Apple has not shown what specific harm it would suffer if this type of information is revealed.

The requests to seal portions of Exhibits U and Z are

---

http://thenextweb.com/apple/2012/01/24/this-is-how-apples-top-secret-product-development-process-works/.

Case No: 11-CV-01846 LHK
ORDER GRANTING-IN-PART AND DENYING-IN-PART APPLE'S AND SAMSUNG'S
ADMINISTRATIVE MOTIONS TO FILE DOCUMENTS UNDER SEAL

<table>
<tr><td></td><td>GRANTED because they are narrowly tailored to Apple's internal code names for its products.</td></tr>
<tr><td>Confidential portions of Samsung's Renewed Motion to Compel Discovery Relating to Mac OS 10.0 ("Samsung's Renewed Motion to Compel"); Memorandum of Points and Authorities in Support Thereof</td><td>DENIED.  Apple does not maintain a claim of confidentiality on Samsung's Renewed Motion to Compel.</td></tr>
<tr><td>Exhibits A-C of the Declaration of Diane C. Hutnyan ISO Samsung's Renewed Motion to Compel</td><td>Samsung's requests to seal Exhibit A and B are DENIED.  Apple does not maintain claims of confidentiality on these exhibits.<br><br>The request to redact portions of Exhibit C is DENIED because it is not narrowly tailored.  The redactions include the fact that Apple investigates competitors' products.  Apple has not shown what specific harm it would suffer if this information is revealed.</td></tr>
<tr><td>Confidential Portions of Samsung's Motion to Enforce Various Court Orders Requiring the Production of Materials Relevant to Apple's Asserted Design Patents ("Samsung's Motion to Enforce"); Memorandum and Points of Authorities in Support thereof</td><td>DENIED.  Apple's request is not narrowly tailored. Most of the proposed redactions describe MCOs and discovery between Apple and Samsung.</td></tr>
<tr><td>Exhibits C, D, F, and I of the Declaration of Diane C. Hutnyan ISO Samsung's Motion to Enforce</td><td>Samsung's requests to seal Exhibits F and I are DENIED.  Apple does not maintain claims of confidentiality on these exhibits.<br><br>The request to seal Exhibit C is DENIED because it is not narrowly tailored.  The exhibit includes information about models Apple rejected when it was developing its products, names of employees who worked on Apple's product development, and facts about the departments involved in Apple's product development.  Apple has not shown what specific harm it would suffer if this information is revealed.<br><br>The request to seal portions of Exhibit D is DENIED because it is not narrowly tailored.  The proposed redactions contain general references to Apple's use of mechanical outlines ("MCO"), which are not confidential, and the fact of Apple's license with Nokia, which also is not confidential.</td></tr>
<tr><td>Confidential portions of Samsung's Motion for Clarification Regarding the Court's December 22, 2011 Order ("Samsung's Motion for</td><td>DENIED.  Apple's request is not narrowly tailored.  The proposed redactions primarily consist of descriptions, but not the contents, of accompanying exhibits.  Apple has not shown what specific harm it would suffer if this</td></tr>
</table>

Case No: 11-CV-01846 LHK
ORDER GRANTING-IN-PART AND DENYING-IN-PART APPLE'S AND SAMSUNG'S
ADMINISTRATIVE MOTIONS TO FILE DOCUMENTS UNDER SEAL

<div style="sidebar">**United States District Court**
For the Northern District of California</div>

| | |
|---|---|
| Clarification") | information is revealed. |
| Confidential portions of the Declaration of Brett Arnold ISO Samsung's Motion for Clarification ("Arnold Declaration") | DENIED.  Apple's request is not narrowly tailored.  The proposed redactions consist of descriptions, but not the contents, of accompanying exhibits.  Apple has not shown what specific harm it would suffer if this information is revealed. |
| Exhibits A-J of the Arnold Declaration | Samsung's request to seal Exhibits J and I are DENIED. Apple does not maintain claims of confidentiality on these exhibits.<br><br>The requests to seal Exhibits C and G are DENIED because they are not narrowly tailored.  As noted below, the exhibits include information for which Apple has failed to provide a particularized showing that specific harm will result if the information is made publicly available.<br>• Exhibit C describes aspirational design goals of the iPad, which has been available for retail purchase since 2010.<br>• Exhibit G, which consists of a declaration by a Senior Director of Industrial Design at Apple, contains information about Apple's design aspirations and design process that is publicly available.<br><br>The requests to seal or redact portions of Exhibits A, B, D, E and F are GRANTED because the requests are narrowly tailored to Apple's proprietary and trade secret information.<br>• Exhibit A consists of emails and diagrams discussing specific product development.<br>• Exhibit B consists of an email discussing details about product development.<br>• Exhibit D consists of survey responses regarding the iPad's features.<br>• Exhibit E and F consist of close up photographs of an unreleased Apple product.<br>• The proposed redaction in Exhibit H consists of an Apple employee's written commentary about a patent. |
| Samsung's Notice of Motion and Motion for a Protective Order | DENIED.  Apple's request is not narrowly tailored.  The proposed redactions primarily consist of descriptions, but not the contents, of accompanying exhibits.  Apple has not shown what specific harm it would suffer if this information is revealed. |
| Exhibits B-K of the Declaration of Diane C. Hutnyan ISO Samsung's Motion for a Protective Order | The requests to seal or redact portions of Exhibits B, C, D, and E are GRANTED because the requests are narrowly tailored to Apple's proprietary or trade secret information or to information for which Apple has provided a particularized showing that specific harm would result if revealed.<br>• The redactions to Exhibit B, C, and D contain Apple |

Case No: 11-CV-01846 LHK
ORDER GRANTING-IN-PART AND DENYING-IN-PART APPLE'S AND SAMSUNG'S
ADMINISTRATIVE MOTIONS TO FILE DOCUMENTS UNDER SEAL

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

| | | |
|---|---|---|
| | | executives' internal email addresses, which implicate privacy concerns.<br>• Exhibit G consists of survey responses regarding the iPad's features.<br>• Exhibit H consists of an internal presentation discussing Apple's proprietary product designs and development.<br>• Exhibit J consists of an email discussing details about product development.<br><br>The requests to seal or redact portions of Exhibits E, F, I and K are DENIED because they are not narrowly tailored.  As noted below, the exhibits include information for which Apple has failed to provide a particularized showing that specific harm will result if the information is made publicly available.<br>• Exhibit E consists of slides showing features of the iPad 2.  The iPad 2 has since been released.<br>• Exhibit F consists of talking points about the features of the iPad 2.  The iPad 2 has since been released.<br>• Exhibit I describes aspirational design goals of the iPad, which has been available for retail purchase since 2010.<br>• The proposed redactions to Exhibit K include selected quotes from an article Apple executives shared via email.  The quotes appear in the unredacted portions of the email. |
| 637 | Exhibits B, C, F, G, H to Declaration of Jason Bartlett ISO Apple's Opposition to Samsung's Motion to Enforce Various Court Orders ("Bartlett Declaration") | The request to seal portions of Exhibit B is DENIED because it is not narrowly tailored.   The proposed redactions contain general references to Apple's use of mechanical outlines ("MCO"), which are not confidential, and the fact of Apple's license with Nokia, which also is not confidential.<br><br>The requests to seal or redact portions of Exhibits C, F, G, and H are GRANTED because the requests are narrowly tailored to Apple's proprietary or trade secret information or to information for which Apple has provided a particularized showing that specific harm would result if revealed.<br>• Exhibit C contains a CAD design of an Apple product.<br>• The proposed redactions of Exhibit F refer to the number of models Apple produced.<br>• The proposed redactions of Exhibit G refer to the number of models Apple produced.<br>• Exhibit H consists of an MCO image of an Apple |

Case No: 11-CV-01846 LHK
ORDER GRANTING-IN-PART AND DENYING-IN-PART APPLE'S AND SAMSUNG'S
ADMINISTRATIVE MOTIONS TO FILE DOCUMENTS UNDER SEAL

United States District Court
For the Northern District of California

| | | | |
|---|---|---|---|
| | | | product. |
| | | Bartlett Declaration Sections Referring to Exhibits B, C, F, G, H | DENIED.  Apple's request is not narrowly tailored.  The proposed redactions consist of general references to Apple's use of MCOs, and Apple has failed to provide a particularized showing that specific harm will result if the information is made publicly available. |
| | | Portions of Apple's Opposition to Samsung's Motion to Enforce Various Court Orders | DENIED.  Apple's request is not narrowly tailored.  The proposed redactions contain general references to Apple's use of MCOs, and Apple has failed to provide a particularized showing that specific harm will result if the information is made publicly available. |
| | | Portions of Declaration of Samuel J. Maselli ISO Apple's Opposition to Samsung's Motion to Compel | DENIED.  Apple's request is not narrowly tailored.  The proposed redactions include references to Intel chips in Apple products, which is publicly available information. |
| | | Portions of Apple's Opposition to Samsung's Motion to Compel | DENIED.  Apple's request is not narrowly tailored.  The proposed redactions include references to Intel chips in Apple products, which is publicly available information.  The redactions also include general references to Apple's use of MCOs, and Apple has failed to provide a particularized showing that specific harm will result if the information is made publicly available. |
| | | Exhibits B and C to the Declaration of Mia Mazza ISO Apple's Opposition to Motion for Clarification | The requests to seal or redact portions of Exhibits B and C are GRANTED because the requests are narrowly tailored to Apple's proprietary or trade secret information or to information for which Apple has provided a particularized showing that specific harm would result if revealed. Exhibits B and C contain internal Apple-only technical presentations and touch screen schematics. |
| | 642 | Confidential, unredacted version of Samsung's Opposition to Apple's Motion to Compel Documents and Things ("Samsung's Opposition") | Samsung's request to seal or redact portions of the Samsung Opposition is DENIED.  The request to seal the entire motion is not narrowly tailored.  Samsung's proposed redactions include references to its "blueglow" technology, which is publicly available information. |
| | | Confidential, unredacted version of the Declaration of Melissa Chan ISO Samsung's Opposition | Samsung's request to seal or redact portions of entire declaration is DENIED.  The request to seal is not narrowly tailored.  Samsung's proposed redactions include references to its "blueglow" technology and to its touchscreen technology.  Samsung has failed to provide a particularized showing that specific harm will result if the information is made publicly available. |
| | | Exhibits 1 and 4 to the Chan Declaration | The requests to seal Exhibits 1 and 4 are DENIED.  Samsung's requests are not narrowly tailored.  As noted below, the exhibits include information for which Samsung has failed to provide a particularized showing that specific harm will result if the information is made publicly available.<br>• Exhibit 1 consists of discovery plans between Apple and Samsung.<br>• Exhibit 4 consists of deposition dates for Samsung executives. |

9

| | | Declaration of Hankil Kang ISO Samsung's Opposition | DENIED.  Samsung's request is not narrowly tailored. The declaration includes, for example, non-confidential facts about Samsung's released models and its attempts to comply with Apple's discovery requests, and Samsung has failed to provide a particularized showing that specific harm will result if the information is made publicly available. |
|---|---|---|---|
| | 643 | Confidential, unredacted version of Samsung's Opposition to Apple's Motion to Compel Relating to Affirmative Defenses/Counterclaims | The request to seal or redact portions of the motion is DENIED.  Samsung's request is not narrowly tailored. The motion includes legal analysis that has no connection to Samsung's confidential business practices. The proposed redactions include discovery practices, such as statements about searching an employee's computer or that certain inventors were no longer employed by Samsung, and Samsung has failed to provide a particularized showing that specific harm will result if the information is made publicly available. |
| | | Confidential, unredacted version of Declaration of Melissa Chan dated January 17, 2012 ("Chan Declaration 1/17") | DENIED.  Because the Court finds none of the documents described in the declaration meet the standard for sealing, the proffer for sealing the declaration – that it references confidential exhibits – fails.  Even if one or all of the exhibits did meet the standard, the declaration includes only descriptions of the materials without reference to their specific content, and Samsung has failed to provide a particularized showing that specific harm will result if the descriptions are made publicly available. |
| | | Exhibits 1, 2, 7, 8, 9, 10, 11, 12[15] to Chan Declaration 1/17 | DENIED.  Samsung's requests to seal Exhibits 1, 2, 7, 8, 9, 10, and 11 are not narrowly tailored.  As noted below, each of the exhibits include information for which Samsung has failed to provide a particularized showing that specific harm will result if the information is made publicly available.<br><br>• Exhibit 1 includes references to generic search terms used during discovery and discovery procedures.<br><br>• Exhibit 2 includes a letter discussing discovery search terms, including generic search terms, such as "double tap," "enlarge*," and "expand*."  Apple has not shown what specific harm it would suffer if this type of information is revealed.<br><br>• Exhibit 7, which consists of excerpts from Dr. Joonyoung Cho's deposition, contains information about Dr. Cho's education and his position with Samsung.<br><br>• In Exhibit 8, which consists of excerpts from the deposition of Jae-Seung Yoon, Yoon discusses preservation notices and searches he performed for |

**United States District Court**
For the Northern District of California

---

[15] Samsung's motion does not include Exhibit 12 (see Docket No. 643), but because the exhibit was included in the declaration in support of sealing the documents and is currently under seal, the court addresses the merits of whether it should remain sealed.

Case No: 11-CV-01846 LHK
ORDER GRANTING-IN-PART AND DENYING-IN-PART APPLE'S AND SAMSUNG'S
ADMINISTRATIVE MOTIONS TO FILE DOCUMENTS UNDER SEAL

| | | |
|---|---|---|
| | | this litigation, which do not include trade secret or confidential business information.<br>• In Exhibit 9, which consists of excerpts from Juho Lee's deposition, Lee discusses Samsung's various research and development centers, and that information is publicly available on Samsung's website.[16]<br>• Exhibit 10, which consists of excerpts from Gert-Jan Van Lieshout's deposition, includes Lieshout's speculation about business motivations and instances where he could not answer the questions.  Samsung has failed to provide a particularized showing that specific harm will result if the information is made publicly available.<br>• Exhibit 11, which contains excerpts from Jeong-Seok Oh's deposition, primarily consists of a dispute between the parties' attorneys about the breadth of the attorney-client privilege.  Samsung has failed to provide a particularized showing that specific harm will result if the dispute is made publicly available.<br>• Exhibit 12, which consists of a letter between Apple's and Samsung's counsel, includes descriptions of discoverable documents without disclosing the contents of those documents.  Neither party has provided a particularized showing that specific harm will result if the descriptions are made publicly available. |
| | Confidential, unredacted version of Declaration of Rosa Kim dated January 17, 2012 | The request to seal or redact portions of the declaration is DENIED.  Samsung's request is not narrowly tailored. The declaration includes widely accessible information about the standard setting organizations of which Samsung is a part.  The proposed redactions include information about discovery procedures, such as Samsung's practice of searching inventors' hard drives. Samsung has failed to provide a particularized showing that specific harm will result if the discovery procedures are made publicly available. |
| 707 | Samsung's Unopposed Motion for Issuance of a Request for Judicial Assistance | The request to redact portions of the motion is DENIED. Samsung's request is not narrowly tailored. |
| | Exhibits 1-6 to the Declaration of Sam Stake ISO Samsung's Unopposed Motion for Issuance of a Request for Judicial Assistance | The requests to seal or redaction portions of Exhibits 1, 4, and 6 is GRANTED because the requests are narrowly tailored to Apple's proprietary or trade secret information or to information for which Apple has |

---

[16] *See* Samsung, http://www.samsung.com/us/aboutsamsung/ourbusinesses/researchdevelopment.html (last visited Sept. 14, 2012).

Case No: 11-CV-01846 LHK
ORDER GRANTING-IN-PART AND DENYING-IN-PART APPLE'S AND SAMSUNG'S
ADMINISTRATIVE MOTIONS TO FILE DOCUMENTS UNDER SEAL

| | | |
|---|---|---|
| | | provided a particularized showing that specific harm would result if revealed.<br>• The proposed redactions in Exhibit 1, which contains excerpts from Dr. Joshua Strickon's deposition, consist of Apple's confidential product development.<br>• Exhibit 4 consists of an email among Apple employees describing Apple's proprietary schematics for the iPad.<br>• The proposed redactions to Exhibit 6 consist of Apple's confidential internal product codes.<br><br>The requests to seal or redact portions of Exhibits 2, 3, and 5 because they are not narrowly tailored. As noted below, the redactions proposed by Apple include information for which Apple has failed to provide a particularized showing that specific harm will result if the information is made publicly available.<br>• The proposed redactions to Exhibit 2, which contains excerpts from Brian Huppi's deposition, include the names of Apple employees and facts about the relationship between FingerWorks, Inc. and Apple, which is publicly available.<br>• Exhibit 3 contains primarily information about the user experience of Apple's iPad, which has been widely available for two years.<br>• The proposed redactions to Exhibit 5 primarily discuss an Apple employee and his role at the company, and Apple has failed to provide a particularized showing that specific harm will result if the information is made publicly available. |
| 715 | Confidential, unredacted version of Apple Inc.'s Motion for Rule 37(B)(2) Sanctions for Samsung's Violation of Two Discovery Orders ("Motion for Sanctions") | The request to seal or redact portions of the motion is DENIED. Samsung's request is not narrowly tailored. |
| | Confidential, unredacted version of Declaration of Minn Chung ISO the Motion for Sanctions | The request to seal or redact portions of the declaration is DENIED. Samsung's request is not narrowly tailored. |
| | Exhibits A-S, U, W, X, and BB to Chung Declaration | The requests to seal Exhibits A, B, C, F, H, L, M, N, R, S, U, W, X and BB are DENIED. Samsung's requests were not narrowly tailored. As noted below, each of the exhibits include information for which Samsung has failed to provide a particularized showing that specific harm will result if the information is made publicly available. |

Case No: 11-CV-01846 LHK
ORDER GRANTING-IN-PART AND DENYING-IN-PART APPLE'S AND SAMSUNG'S
ADMINISTRATIVE MOTIONS TO FILE DOCUMENTS UNDER SEAL

- Exhibits A and B consist of Samsung's objections to Apple's interrogatories and Samsung has not highlighted confidential information contained therein.
- Exhibit C consists of a chart detailing Samsung's production of documents for this litigation and the names of custodians for those documents.
- Exhibit F consists of a presentation comparing Samsung's products to various competitors' products.  Most of the information is publicly available.
- Exhibit H is an email with general aspirations about future Samsung designs.  Samsung has failed to provide a particularized showing that specific harm will result if these aspirations are made publicly available.
- Exhibit L consists of Samsung's comparisons between its products and Apple's products.  The comparisons are of publicly available features on the products.
- Exhibit M consists of a letter from Apple's counsel to Samsung's counsel discussing discovery procedures.
- Exhibit N consists of a chart detailing how many documents had been produced during discovery.
- Exhibit R and S consist of a chart with a list of custodians and short descriptions of emails retrieved during discovery searches.
- Exhibit U consists of litigation hold notice dates and descriptions of Samsung's discovery procedures.
- Exhibits W and X consist of letters from Apple's counsel discussing Samsung's discovery procedures.
- Exhibit BB consists of excerpts from a deposition discussing whether Samsung designers used the iPhone in their design decisions.  The excerpt includes questions and answers about the witness's ability to testify to the design decisions, and therefore, is not narrowly tailored.

The requests to seal Exhibits D, E, G, I, J, K, O, P, and Q are GRANTED because the requests are narrowly tailored to Samsung's proprietary or trade secret information or to information for which Samsung has provided a particularized showing that specific harm would result if revealed.

- Exhibits D and E consist of Samsung presentations of customer and designer evaluations of its smartphone in comparison to competitors' products.

13

| | | |
|---|---|---|
| | | • Exhibits G and I consist of emails among Samsung employees about specific product development and user feedback on products.<br>• Exhibits J and K consist of market analysis and product comparison reports.<br>• Exhibit O consists of Samsung's consumer research.<br>• Exhibit P consists of a Samsung report detailing response to a competitor's product.<br>• Exhibit Q consists of a Samsung report of consumer research. |
| | Proposed Order Granting the Motion for Sanctions | GRANTED.  The proposed redactions are narrowly tailored to information the Court has determined should remain under seal. |
| 736 | Confidential, unredacted version of Apple's Motion to Compel Depositions of 14 of Samsung's Purported "Apex" Witnesses ("Apple's Motion to Compel") | The request to seal or redact portions of the motion is DENIED.  Samsung's request is not narrowly tailored.  The redactions include the names of Samsung executives that Apple sought to depose and the executives' roles at Samsung, and Samsung has failed to provide a particularized showing that specific harm will result if the information is made publicly available.  The redactions also include examples of Samsung executives seeking to replicate in Samsung designs the advantages of Apple's product designs, and that information goes to the heart of this litigation. |
| | Confidential, unredacted version of Declaration of Mia Mazza ISO Apple's Motion to Compel | The request to seal or redact portions of the declaration is DENIED.  Samsung's request is not narrowly tailored.  The declaration contains descriptions of exhibits neither Samsung nor Apple have requested sealed.  The proposed redactions primarily consist of descriptions of exhibits the Court has determined should be unsealed. |
| | Exhibits 1-14 and 17-55 to the Declaration of Mia Mazza ISO Apple's Motion to Compel | Apple's requests, at Samsung's behest, to seal or redact portions of Exhibits 1, 4, 5-7, 9, 23-28, 39, 42, 44, and 45-55 are DENIED because they are not narrowly tailored.  As noted below, the exhibits and the proposed redactions include information for which Samsung has failed to provide a particularized showing that specific harm will result if the information is made publicly available.<br>• Exhibits 1 to 4 consist of deposition notices to its executives and Samsung's objections to those notices.<br>• Exhibits 5 to 7 include names and titles of Samsung executives that are not confidential.<br>• Exhibits 9 and 39 primarily contain Samsung executives' generalized aspirations about products and marketing.  Samsung has failed to provide a particularized showing that specific harm will result if the generalized aspirations are made publicly |

Case No: 11-CV-01846 LHK
ORDER GRANTING-IN-PART AND DENYING-IN-PART APPLE'S AND SAMSUNG'S
ADMINISTRATIVE MOTIONS TO FILE DOCUMENTS UNDER SEAL

| | | available. |
|---|---|---|
| | | • Exhibits 23-28, and 42 contain comparisons of non-confidential features of Samsung, Apple, and HTC devices.  Samsung has failed to provide a particularized showing that specific harm will result if its comparisons of the phones are made publicly available.<br>• Exhibit 44 consists of Samsung's Advanced Purchase Agreement with the IRS, and Samsung has failed to provide a particularized showing that specific harm will result if the information is made publicly available. .<br>• Exhibits 45-55 contain large excerpts from deposition transcripts, and in those excerpts are non-confidential information, such as Samsung employees' names and position titles, information about its management, competitive research, and structure.  Samsung has failed to provide a particularized showing that specific harm will result if this information is made publicly available.<br><br>The requests to seal or redact portions of Exhibits 8, 10, 11-12, 13, 14, 17-18, 19, 20-22, 29-38, and 40-41 are GRANTED because the requests are narrowly tailored to Samsung's proprietary or trade secret information or to information for which Samsung has provided a particularized showing that specific harm would result if revealed.<br>• Exhibits 8, 11-12, 14, 17-18, 20-22, 29-38, and 40-41 contain confidential information about Samsung's product and marketing development.<br>• Exhibits 10, 19, and 13 primarily contain specific product development information. |
| 737 (A) | Confidential, unredacted version of the Declaration of S. Calvin Walden ISO Apple's Motion to Compel Depositions of Samsung's Purported "Apex" Witnesses ("Walden Declaration") | The request to seal or redact portions of the declaration is DENIED.  Apple's request is not narrowly tailored.  The proposed redactions are summaries of exhibits accompanying the declaration, and those summaries provide only the name of the person being deposed and the date of the deposition.  Apple has failed to provide a particularized showing that specific harm will result if the information is made publicly available. |
| | Exhibits 2-6 and 21-25 to the Walden Declaration (Samsung's designation) | Apple's requests, at Samsung's behest, to seal or redact portions Exhibits 2-6 and 21-25 are DENIED because they are not narrowly tailored.  As noted below, the exhibits and proposed redactions include information for which Apple has failed to provide a particularized showing that specific harm will result if the information |

Case No: 11-CV-01846 LHK
ORDER GRANTING-IN-PART AND DENYING-IN-PART APPLE'S AND SAMSUNG'S
ADMINISTRATIVE MOTIONS TO FILE DOCUMENTS UNDER SEAL

| | | is made publicly available. |
|---|---|---|
| | | • The proposed redactions to Exhibits 2 through 6 and 21 contains names and positions of two of its employees and the structure of its research and development department, and Samsung has failed to provide a particularized showing that specific harm will result if the information is made publicly available. |
| | | • Exhibit 22 contains descriptions of a standard setting negotiation from 2006 that has already been publicized.[17]  The proposed redactions include information for which Samsung has failed to provide a particularized showing that specific harm will result if the information is made publicly available. |
| | | • Exhibit 23 consists of a ten-year old licensing negotiation between it and a third party.  The proposed redactions consist of the date and location of the negotiation and the name of one of its executives involved in the negotiation, and Samsung has failed to provide a particularized showing that specific harm will result if the information is made publicly available. |
| | | • Exhibit 24 contains a list of patents, which are public information.  The proposed redactions include the name of a third party with which Samsung negotiated.  In addition, Samsung has failed to be consistent in its redaction: although the name of the third party is redacted on the first page of the letter, it was not redacted on the second page. |
| | | • The proposed redactions to Exhibit 25 include references to Samsung's internal structure, and Samsung has failed to provide a particularized showing that specific harm will result if the information is made publicly available. |
| | Exhibits 7-10 to the Walden Declaration | The requests to seal Exhibits 7-10 are DENIED because they are not narrowly tailored.  As noted below, the exhibits include information for which Apple has failed to provide a particularized showing that specific harm will result if the information is made publicly available. |
| | | • Exhibit 7 includes meeting plans between Apple and Samsung executives. |
| | | • Exhibit 8 includes information about a Samsung employee's position.  The proposed redactions include an executive's name and position, and Apple |

---

[17] *See* Tatum Anderson, *Mobile Phone Manufacturers Seek to Control Rising IP Costs*, Intellectual Property Watch, Apr. 21, 2008, http://www.ip-watch.org/2008/04/21/mobile-phone-manufacturers-seek-to-control-rising-ip-costs/.

16

Case No: 11-CV-01846 LHK
ORDER GRANTING-IN-PART AND DENYING-IN-PART APPLE'S AND SAMSUNG'S
ADMINISTRATIVE MOTIONS TO FILE DOCUMENTS UNDER SEAL

United States District Court
For the Northern District of California

| | | | |
|---|---|---|---|
| | | | has failed to provide a particularized showing that specific harm will result if that information is made publicly available.<br>• Exhibit 9 and 10 contain facts about a Samsung employee's offer and request to meet with an Apple employee.  Apple has failed to provide a particularized showing that specific harm will result if this information is made publicly available. |
| | 752/ 754 | Confidential, unredacted version of Samsung's Motion for a Protective Order Precluding the Depositions of Ten High-Ranking Samsung Executives ("Motion for a Protective Order") | DENIED.  Because the Court has found that none of the exhibits or declarations that were cited in the motion should remain sealed (see below), Samsung's proffered good cause for sealing or redacting the motion no longer supports sealing or redacting the motion. |
| | | Exhibits A, B, and E to M to the Declaration of Rachel Kassabian ISO the Motion for a Protective Order | The requests to seal or redact Exhibits A, B, and E-M are DENIED because they are not narrowly tailored.  As noted below, the exhibits include information for which Samsung has failed to provide a particularized showing that specific harm will result if the information is made publicly available.<br>• Exhibit A contains a list of Samsung executives that Apple sought to depose.<br>• Exhibit B contains names, titles, and primary job responsibilities of Samsung executives Apple sought to depose.<br>• Exhibit E contains the names, titles, and responsibilities of three Samsung executives.<br>• Exhibit F contains comparisons of Apple's and Samsung's retail packaging, which are publicly available.<br>• Exhibit G contains questions about practices that are not part of Samsung's internal procedures.  The proposed redactions contain the name of an art direction executive and the name of a human resources executive at Samsung.  Samsung has failed to provide a particularized showing that specific harm will result if the names are made publicly available.<br>• Exhibit H contains descriptions of Samsung's and Apple's products, which are widely available.  The proposed redactions are questions by Apple attorneys regarding whether Samsung executives intended to copy Apple's products, and those questions go to the heart of the litigation.<br>• Exhibit I and the proposed redactions contain |

Case No: 11-CV-01846 LHK
ORDER GRANTING-IN-PART AND DENYING-IN-PART APPLE'S AND SAMSUNG'S
ADMINISTRATIVE MOTIONS TO FILE DOCUMENTS UNDER SEAL

| | | |
|---|---|---|
| | | references to full-touch technology, which is widespread in the United States,[18] and comparisons between Samsung products before and after the release of Apple's products. |
| | | • Exhibit J contains information about Samsung's general design considerations, such as usability and aesthetics, and the proposed redaction contains the name of a Samsung employee who had input on a product.  Samsung has failed to provide a particularized showing that specific harm will result if this information is made publicly available. |
| | | • Exhibit K describes meetings attended by Samsung executives, but the contents of those meetings are not disclosed in the excerpt.  The proposed redaction contains the name of a Samsung executive who attended the meeting and the frequency of his attendance. |
| | | • Exhibit L is a declaration of a Samsung executive before the ITC describing his position in the company. |
| | | • Exhibit M is a declaration of a Samsung executive before the ITC describing his position in the company.  Samsung has failed to provide a particularized showing that specific harm will result if this information is made publicly available. |
| | Declarations of Gee Sung Choi, Jong Hyun Shin, Dale Sohn, Joseph Cheong, Seunghwan Cho, WonPyo Hong, Heonbae Kim, Jaewan Chi ISO the Motion for a Protective Order | The requests to seal or redact portions of the declarations are DENIED.  Samsung's requests are not narrowly tailored because all of them contain non-confidential information, such as the declarant's name and position in Samsung.  The proposed redactions include information about which departments the declarants oversee or whether they are involved in day-to-day decisions, and Samsung has failed to provide a particularized showing that specific harm will result if this information is made publicly available. |
| | Declaration of Samuel Lee ISO the Motion for a Protective Order | The request to redact portions of the declaration is DENIED.  The proposed redactions primarily consist of information about the identity of Samsung executives and the chain of command in the organization.  Samsung has failed to provide a particularized showing that specific harm will result if the information is made publicly available. |
| 758 | Confidential, unredacted | DENIED.  Because the Court has found that none of the |

---

[18] *See, e.g.,* Ian Paul, *Disney Technology Turns Everything into a Touch Device*, PC World, May 7, 2012, http://www.pcworld.com/article/255124/disney_technology_turns_everything_into_a_touch_device.html.

Case No: 11-CV-01846 LHK
ORDER GRANTING-IN-PART AND DENYING-IN-PART APPLE'S AND SAMSUNG'S
ADMINISTRATIVE MOTIONS TO FILE DOCUMENTS UNDER SEAL

| | |
|---|---|
| version of Samsung's Opposition to Apple's Motion for Rule 37(B)(2) Sanctions for Samsung's Violation of Two Discovery Orders ("Samsung's Opposition to Apple's Sanction Motion") | exhibits (except Exhibit H) or declarations that were cited in the motion should remain sealed (see below), the parties' proffered good cause for sealing or redacting the motion no longer applies. |
| Confidential, unredacted version of the Declaration of Sara Jenkins ISO Samsung's Opposition to Apple's Sanctions Motion ("Jenkins Declaration") | The request to seal or redact portions of the declaration is DENIED.  Samsung's request is not narrowly tailored. The proposed redactions describe Samsung's discovery proceduresm and Samsung has failed to provide a particularized showing that specific harm will result if the information is made publicly available.  Because the Court has found that all of the exhibits, save Exhibit H, should not be redacted or sealed (see below), the parties' proffered good cause redacting parts of the declaration referring to those exhibits no longer applies. |
| Exhibits A, C-F, H-N to the Jenkins Declaration | The requests to seal or redact portions of Exhibits A, C-F, and I-N are DENIED because they are not narrowly tailored.  As noted below, the exhibits and the proposed redactions include information for which Apple has failed to provide a particularized showing that specific harm will result if the information is made publicly available. <br>• The proposed redactions in Exhibit A state that Apple has licensing relationships with Nokia, Corp., International Business Machines, Corp., Ericsson, Inc., and Interdigital, Inc., and the facts of those relationships are not confidential.  The redactions also state that Apple has settlement agreements with Hootoo.com, Inc., and Sunvalleytek International, Inc.  The facts of those lawsuits and settlements are not confidential. <br>• Exhibit C contains generic search terms and the names of Samsung employees whose computers were searched pursuant to Apple's discovery requests. <br>• Apple does not maintain a claim of confidentiality as to Exhibit D. <br>• Exhibits E and F describe Samsung's discovery procedures and types of documents that might be discovered, and Samsung has failed to provide a particularized showing that specific harm will result if the information is made publicly available. <br>• Exhibit I describes how Apple analyzes its competition's products by taking the products apart.  Apple has failed to provide a particularized showing that specific harm will result if the information is made publicly available. <br>• Exhibits J, K, L, and M are Apple presentations of |

Case No: 11-CV-01846 LHK
ORDER GRANTING-IN-PART AND DENYING-IN-PART APPLE'S AND SAMSUNG'S
ADMINISTRATIVE MOTIONS TO FILE DOCUMENTS UNDER SEAL

| | | |
|---|---|---|
| | | information gleaned from a tear down of a competitor's product.  Apple has failed to provide a particularized showing that specific harm will result if the information is made publicly available.<br>• Exhibit N is an email referencing a tear down of a competitor's product.  Apple has failed to provide a particularized showing that specific harm will result if the information is made publicly available.<br><br>The proposed redactions to Exhibit H are GRANTED because Apple narrowly tailored its request to confidential contact information for high level executives. |
| | Declaration of Hankil Kang ISO Samsung's Opposition to Apple's Sanction Motion | The request to seal the declaration is DENIED.  The declaration primarily describes Samsung's discovery procedures and Samsung has failed to provide a particularized showing that specific harm will result if the information is made publicly available. |
| 759 | Confidential, unredacted version of Apples Rule 37(b)(2) Motion for Samsung's Violation of January 27, 2012 Damages Discovery Order ("Damages Motion") | The request to seal or redact portions of the motion is DENIED.  Samsung's request is not narrowly tailored.  The proposed redactions serve mainly to insulate Samsung from Apple's criticism regarding its discovery production.  Sealing orders are not intended to allow a party to avoid public scrutiny of its actions during litigation. |
| | Confidential, unredacted version of Declaration of Erik Olson ISO the Damages Motion ("Olson Declaration") | DENIED.  The request to seal the declaration is not narrowly tailored.  The proposed redactions include discovery procedures, names of executives that are publicly available, and descriptions of documents that do not disclose confidential contents. |
| | Confidential, unredacted version of Declaration of Eric Roberts ISO the Damages Motion ("Roberts Declaration") | DENIED.  The request to seal the declaration is not narrowly tailored.  The proposed redactions include discovery procedures and descriptions of documents that do not disclose confidential contents. |
| | Exhibits 1-19 to the Olson Declaration | Apple's motion to seal Exhibits 1-5, 7-8, 11-14 is DENIED.  Samsung has not designated those exhibits as confidential.<br><br>The requests to seal or redact portions of Exhibits 6, 10, 15, 16, 1810, 15, 16, 18, and 19 are DENIED because they are not narrowly tailored.  As noted below, the exhibits and proposed redactions include information for which Samsung has failed to provide a particularized showing that specific harm will result if the information is made publicly available.<br>• Exhibit 6 contains a letter from Samsung's counsel to Apple's counsel describing Samsung's discovery procedures.<br>• Exhibits 10, 15, 16, and 18 contain letters from |

United States District Court
For the Northern District of California

| | | |
|---|---|---|
| | | Apple's counsel to Samsung's counsel describing financial documents Apple wanted Samsung to produce.  The contents of the requested documents are not disclosed.  Samsung has failed to provide a particularized showing that specific harm will result if the information is made publicly available.<br>• Exhibit 19 is DENIED.  The exhibit contains an International Trade Commission order that is part of the public record.<br><br>The requests to seal Exhibits 9 and 17 are GRANTED because the requests are narrowly tailored to Samsung's proprietary or trade secret information or to information for which Samsung has provided a particularized showing that specific harm would result if revealed.<br>• Exhibit 9 contains excerpts from a deposition in which a Samsung employee provides a detailed explanation of Samsung's accounting practices.<br>• Exhibit 17 contains a letter from Apple's counsel to Samsung's counsel that discloses the contents of financial documents Samsung had previously produced. |
| | Exhibits A-F to the Roberts Declaration | The request to seal Exhibit A, B, D, E, and F are GRANTED because they are narrowly tailored to sensitive financial information, and Samsung has shown good cause why revealing the information would be detrimental.<br><br>The request to seal Exhibit C is GRANTED because it contains one of the Samsung subsidiaries financial statements, which are not publically available.  Samsung has shown good cause why this information would be detrimental if released. |

The court orders the parties to file within fourteen days documents that comply with the court's determinations above.

**IT IS SO ORDERED.**

Dated:  September 18, 2012

_Paul S. Grewal_
PAUL S. GREWAL
United States Magistrate Judge

Case No: 11-CV-01846 LHK
ORDER GRANTING-IN-PART AND DENYING-IN-PART APPLE'S AND SAMSUNG'S
ADMINISTRATIVE MOTIONS TO FILE DOCUMENTS UNDER SEAL