| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781) | WILLIAM F. LEE (*pro hac vice*) |
| hmcelhinny@mofo.com | william.lee@wilmerhale.com |
| MICHAEL A. JACOBS (CA SBN 111664) | WILMER CUTLER PICKERING |
| mjacobs@mofo.com | HALE AND DORR LLP |
| RICHARD S.J. HUNG (CA SBN 197425) | 60 State Street |
| rhung@mofo.com | Boston, Massachusetts 02109 |
| MORRISON & FOERSTER LLP | Telephone: (617) 526-6000 |
| 425 Market Street | Facsimile: (617) 526-5000 |
| San Francisco, California 94105-2482 | |
| Telephone: (415) 268-7000 | MARK D. SELWYN (SBN 244180) |
| Facsimile: (415) 268-7522 | mark.selwyn@wilmerhale.com |
| | WILMER CUTLER PICKERING |
| | HALE AND DORR LLP |
| | 950 Page Mill Road |
| | Palo Alto, California 94304 |
| | Telephone: (650) 858-6000 |
| | Facsimile: (650) 858-6100 |

Attorneys for Plaintiff and
Counterclaim-Defendant Apple Inc.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| APPLE INC., a California corporation, | Civil Action No. 11-CV-01846-LHK |
| Plaintiff, | |
| vs. | **APPLE INC.'S RENEWED ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL** |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity, SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendants. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity, SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Counterclaim-Plaintiffs, | |
| v. | |
| APPLE INC., a California corporation, | |
| Counterclaim-Defendant. | |

1    In accordance with Civil L.R. 7-11 and 79-5, General Order No. 62, and this Court's
2 Order Granting-in-Part and Denying-in-Part Motions to Seal (Dkt. No. 1966), Apple Inc.
3 ("Apple") moves for an order to seal the following documents:
4    1.   PX63 (Dkt. No. 1907).  Apple moves to seal all of PX63 because it contains
5         Apple-confidential source code.  Apple previously moved to seal this material in
6         connection with its motion to seal trial exhibits (Dkt. No. 1495 at 9-10), which the Court
7         granted.  (Dkt. No. 1649 at 8.)  Apple supported the confidentiality of its source code at
8         that time with two declarations—one from Henri Lamiraux, Apple's Vice President of
9         iOS Apps & Frameworks, and one from Beth Kellermann, a Litigation eDiscovery
10        Manager.  (Dkt. Nos. 1504, 1505.)  Apple's source code is clearly the type of information
11        that qualifies as a trade secret.  *See Agency Solutions.Com, LLC v. TriZetto Group, Inc.*,
12        819 F. Supp. 2d 1001, 1017 (E.D. Cal. 2011).  Apple's declarants confirmed that Apple
13        derives independent economic value from its source code, and that Apple goes to
14        extraordinary lengths to maintain the secrecy and security of its source code.  (Dkt. Nos.
15        1504 ¶¶ 5-8, 1505 ¶¶ 4-9.)  If Apple's source code were subject to disclosure and
16        copying, it would amount to a transfer of Apple's investment in developing the iOS
17        source code from it to a competitor, providing an unfair competitive advantage.  (Dkt.
18        No. 1505 ¶¶ 6-9.)  Apple respectfully requests the Court confirm that, consistent with its
19        prior order, Apple may file PX63 under seal in connection with its notice of excluded
20        exhibits.  Declaration of Cyndi Wheeler ("Wheeler Declaration") ¶ 14.
21   2.   Exhibit 14 to Declaration of Diane Hutnyan in Support of Samsung's Proffer
22        (Dkt. Nos. 1911, 1912).  Apple moves to seal only the portion of this exhibit that
23        discusses an Apple internal memo setting forth royalty rates that Apple currently pays for
24        licenses to patents declared essential to the UMTS standard and royalty rates that have
25        been requested by third parties for licenses to patents declared essential to the UMTS
26        standard.  As the Court has recognized (*see* Dkt. 1649 at 10-11), the disclosure of this
27        sensitive financial information would harm both Apple and third parties' opportunities to
28

1   negotiate and consummate license agreements in the future and, accordingly, it is
2   appropriate for such information to be filed under seal.   Wheeler Declaration ¶ 17.

4   Pursuant to the Court's standing order regarding motions to file under seal, effective
5 December 1, 2011, attached are the proposed public redacted versions of the documents that
6 Apple is seeking to file under seal.
7   Pursuant to General Order No. 62, Apple's entire filing will be lodged with the Court for
8 in camera review and served on all parties.

- 2 -	APPLE INC.'S RENEWED ADMINISTRATIVE
MOTION TO FILE DOCUMENTS UNDER SEAL
Case No. 11-cv-01846 (LHK)

ActiveUS 101315718v.1

Dated: September 21, 2012

/s/ Mark D. Selwyn
Mark D. Selwyn (SBN 244180)
(mark.selwyn@wilmerhale.com)
WILMER CUTLER PICKERING
   HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California  94304
Telephone:  (650) 858-6000
Facsimile:   (650) 858-6100

William F. Lee (admitted *pro hac vice*)
(william.lee@wilmerhale.com)
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, Massachusetts  02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

Harold J. McElhinny (SBN 66781)
(HMcElhinny@mofo.com)
Michael A. Jacobs (SBN 111664)
(MJacobs@mofo.com)
Richard S.J. Hung (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105
Telephone: ( 415) 268-7000
Facsimile:  (415) 268-7522

Attorneys for Plaintiff and
Counterclaim-Defendant Apple Inc.

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on September 21, 2012 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.  Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

        /s/ Mark D. Selwyn
        Mark D. Selwyn