HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
JENNIFER LEE TAYLOR (CA SBN 161368)
jtaylor@mofo.com
ALISON M. TUCHER (CA SBN 171363)
atucher@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
JASON R. BARTLETT (CA SBN 214530)
jasonbartlett@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., A Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No.   11-cv-01846-LHK (PSG)<br><br>**DECLARATION OF CYNDI WHEELER IN SUPPORT OF APPLE'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL** |

I, Cyndi Wheeler, do hereby declare as follows:

1. I am an attorney for Apple Inc. ("Apple"). I submit this declaration in support of Apple's Administrative Motion to File Documents Under Seal. Except as otherwise noted, I have personal knowledge of the matters set forth below. If called as a witness I could and would testify competently as follows.

Docket No. 1684

2. Docket No. 1684 seeks to seal Exhibits U, V, W, X, Y, BB and FF to the Declaration of Diane C. Hutnyan in Support of Samsung's Objections and Responses Regarding (1) Exhibits To Be Used With Musika, Bogue, Forlines, Bederson, Williams, Zorn, Paltian, Yang, and (2) Designated Deposition Testimony of Paltian and Zorn (Dkt. 1681, 1682, and 1684) (the "Hutnyan Declaration").

3. With respect to Exhibit FF of the Hutnyan Declaration, I have been informed that Samsung has indicated that Exhibit FF may contain Intel confidential information. (Dkt. 1684 at 1.) To the extent that Exhibit FF contains Intel confidential information, Apple expects that Intel will file a declaration in support of sealing. This exhibit does not contain any Apple information that Apple seeks to seal.

4. As noted in the August 14, 2012 Declaration of Peter J. Kolovos (Dkt. 1741), Apple does not seek to seal Exhibits U, V, W and X of the Hutnyan Declaration. Nor does Apple seek to seal Exhibit BB to the Hutnyan Declaration.

5. This Court has already granted the motion to seal Exhibit Y of the Hutnyan Declaration. (Dkt. 1966 at 4.)

Docket No. 1781

6. Docket No. 1781 seeks to seal Exhibits 7, 10 and 11 to the Declaration of Curran M. Walker ("Walker Declaration") in Support of Samsung's Objections and Responses Regarding Exhibits and Deposition Designations Disclosed on August 15, 2012.

7. With respect to Exhibits 7 and 10 to the Walker Declaration, I have been informed that Samsung has indicated that these exhibits may contain Intel and/or Microsoft confidential information. (Dkt. 1781 at 2.) To the extent Exhibit 10 contains Microsoft confidential

1    information, Apple expects Microsoft will file a declaration in support of sealing.  Apple

2    understands from counsel for Intel that Intel does not intend to seek sealing of any information in

3    Exhibit 7.  These exhibits do not contain any Apple information that Apple seeks to seal.

4         8.     Apple does not seek to seal Exhibit 11 to the Walker Declaration.

5    <u>Docket No. 1785</u>

6         9.     Docket No. 1785 seeks to seal Apple's Objections and Responses to Objections

7    Regarding David Teece, Tim Williams, Woodward Yang, Seung-Ho Ahn, Richard Donaldson,

8    Hyong Kim, Edward Knightly, Jun Won Lee, Terry Musika, Janusz Ordover, Karl Rosenbrock,

9    Peter Rossi, Boris Teksler, Michael Walker, Ravin Balakrishnan, Peter Bressler, Won Pyo Hong,

10   Bryan Agnetta, Susan Kare, Minhyouk Lee, Karan Singh, Christopher Stringer, Jungmin Yeo

11   ("Objections and Responses") and Exhibits 1 and 2 to the Declaration of Peter J. Kolovos in

12   Support of Apple's Objections and Responses ("Kolovos Declaration").

13        10.     These documents do not contain any Apple information that Apple seeks to seal.

14   Apple also understands from counsel for Intel that Intel does not intend to seek sealing of any

15   information filed at Docket No. 1785.

16   <u>Docket No. 1898</u>

17        11.     Docket No. 1898 seeks to seal Exhibits 8, 21, 29, 34, 35, 36, 39, 50, 51, 53 and 73

18   to Samsung's Notice of Filing of Excluded Exhibits.

19        12.     Apple does not seek to seal any of these exhibits.

20   <u>Docket No. 1907</u>

21        13.     Docket No. 1907 seeks to seal PX63, PX87 and PX2065, filed with Apple's

22   Notice of Filing of Excluded Exhibits.

23        14.     PX63 contains Apple-confidential source code.  Apple previously moved to seal

24   this material in connection with its motion to seal trial exhibits.  (Dkt. No. 1495 at 9-10.)  Apple

25   supported the confidentiality of its source code at that time with two declarations—one from

26   Henri Lamiraux, Apple's Vice President of iOS Apps & Frameworks, and one from Beth

27   Kellermann, a Litigation eDiscovery Manager.  (Dkt. Nos. 1504, 1505.)  Apple's source code is a

28   critical trade secret of Apple.  As Apple's declarants have confirmed, Apple derives independent

1  economic value from its source code, and Apple goes to extraordinary lengths to maintain the
2  secrecy and security of its source code.  (Dkt. Nos. 1504 ¶¶ 5-8, 1505 ¶¶ 4-9.)  If Apple's source
3  code were subject to disclosure and copying, it would amount to a transfer of Apple's investment
4  in developing the iOS source code from it to a competitor, providing an unfair competitive
5  advantage.  (Dkt. No. 1505 ¶¶ 6-9.)  The Court granted Apple's motion to seal PX63, agreeing
6  that source code is a trade secret.  (Dkt. No. 1649 at 8.)  Apple respectfully requests the Court
7  confirm that, consistent with its prior order, Apple may file PX63 under seal in connection with
8  its notice of excluded exhibits.

9       15.    I have been informed that PX87 and PX2065 may contain Samsung and/or third
10 party confidential information.  To the extent they do, Apple expects Samsung and/or a third
11 party, such as Sony-Ericsson, will file a declaration in support of sealing.  These documents do
12 not contain any Apple information that Apple seeks to seal.

13     <u>Docket Nos. 1911 and 1912</u>

14      16.    Docket Nos. 1911 and 1912 seek to seal Samsung's Proffer of Witness Testimony
15 and Exhibits to the Declaration of Diane Hutnyan in Support of Samsung's Proffer ("Hutnyan
16 Declaration") and the Declaration of Brett Arnold in Support of Samsung's Proffer ("Arnold
17 Declaration").

18      17.    Exhibit 14 to the Hutnyan Declaration is an excerpt from the Expert Report of
19 Professor David J. Teece.  Paragraphs 128-130 discuss an Apple internal memo that sets forth
20 royalty rates that Apple currently pays for licenses to patents declared essential to the UMTS
21 standard and royalty rates that have been requested by third parties for licenses to patents declared
22 essential to the UMTS standard.  As the Court has recognized (*see* Dkt. 1649 at 10-11), the
23 disclosure of this sensitive financial information would harm both Apple and third parties'
24 opportunities to negotiate and consummate license agreements in the future and, accordingly, it is
25 appropriate for such information to be filed under seal.  A proposed redacted copy is attached as
26 Exhibit 1.

27      18.    Apple does not seek to seal exhibits A, Q, S and T to the Arnold Declaration.
28

19. The relief requested in this motion is necessary and is narrowly tailored to protect confidential information.

I declare under the penalty of perjury under the laws of the United States of America that the forgoing is true and correct to the best of my knowledge and that this Declaration was executed this 21st day of September, 2012, at Cupertino, CA.

Dated:  September 21, 2012                    By:   /S/ Cyndi Wheeler
                                                     Cyndi Wheeler

**ATTESTATION OF E-FILED SIGNATURE**

1  
2       I, Mark D. Selwyn, am the ECF User whose ID and password are being used to file this
3  Declaration.  In compliance with General Order 45, X.B., I hereby attest that Cyndi Wheeler has
4  concurred in this filing.
5  Dated:  September 21, 2012          By:        */s/ Mark D. Selwyn*
                                                  Mark D. Selwyn

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served on September 21, 2012 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4. Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

/s/ Mark D. Selwyn
Mark D. Selwyn