HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
JENNIFER LEE TAYLOR (CA SBN 161368)
jtaylor@mofo.com
ALISON M. TUCHER (CA SBN 171363)
atucher@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
JASON R. BARTLETT (CA SBN 214530)
jasonbartlett@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK<br><br>**APPLE'S MOTION TO SEAL REGARDING APPLE'S MOTION FOR DAMAGES ENHANCEMENTS AND PERMANENT INJUNCTION** |

1    In accordance with Civil Local Rules 7-11 and 79-5, and General Order No. 62, Apple

2    submits this motion for an order to seal the following documents or portions thereof:

3        1.      The confidential, unredacted version of Apple's Motion for Damages

4    Enhancements and Permanent Injunction ("Apple's Motion");

5        2.      The confidential, unredacted version of the Declaration of Terry Musika in

6    Support of Apple's Motion ("Musika Decl.");

7        3.      Exhibits 2, 6-9, 12-14, 21, 24-26, 37, 48-49, 52, and 62-63 to the Musika Decl.;

8        4.      The confidential, unredacted version of the Declaration of Marylee Robinson in

9    Support of Apple's Motion ("Robinson Decl.");

10       5.      Exhibits 8 and 30 to the Robinson Decl.

11   As discussed further below, some of the Apple confidential financial information included

12   in the request stated above is identical to information that is presently the subject of Apple's

13   appeal to the Federal Circuit.  For the reasons stated below, Apple requests that the Court order

14   the information filed under seal or, if the Court denies Apple's motion to seal, Apple respectfully

15   requests that the Court stay the disclosure of any information until a ruling by the Federal Circuit

16   on the related appeal.

17       **Confidential Samsung Information**

18   Apple's Motion, the Musika Decl., Exhibits 6-9, 12-14, 21, 24-26, 37, 48-49, 52 and 62-

19   63 to the Musika Decl., the Robinson Decl., and Exhibit 30 to the Robinson Decl. contain

20   materials and refer to information that Samsung has designated as confidential under the

21   protective order entered in this case.  Apple expects that pursuant to Civil Local Rule 79-5(d),

22   Samsung will file a declaration supporting the filing of these materials under seal.

23       **Confidential IDC Information**

24   Portions of pages 8-9 of the Musika Decl. and Exhibit 2 to the Musika Decl. contain

25   market share data from third-party IDC.  Apple previously moved to seal IDC information in the

26   form of a full report and underlying spreadsheet, (Dkt. No. 1495 at 12-13), which the Court

27   granted.  (Dkt. No. 1649 at 10).  This data includes industry-wide feature phone and smartphone

28   totals for every year from 2004 through 2011, as well as IDC's projections for 2012, 2013, 2014,

1    and 2015, including IDC's projections of the number of new smartphones entering the market for

2    each of those projected years.  The data is condensed into a short table, but discloses extensive

3    and important elements of the data from the underlying IDC report.  Disclosure of this level of

4    detailed data would eviscerate the demand for sale of the IDC's report from which the data is

5    gleaned, as discussed in Apple's prior motion and supporting declaration, and thus would

6    significantly harm IDC's business.  Consistent with the Court's prior order, and for the same

7    reasons discussed in Apple's prior motions to seal, Apple respectfully requests that the Court

8    permit this material to remain under seal.

9              **Confidential Apple Financial Information**

10             Apple's Motion, the Robinson Decl., and Exhibit 8 to the Robinson Decl. contain product-

11   specific profit information regarding the iPhone.  The underlying information contained in these

12   documents is identical to information that Apple previously moved to seal (Dkt. No. 1499). Apple

13   provided a detailed supporting declaration from its Vice President of Worldwide Financial

14   Planning and Analysis, Jim Bean, at that time, providing an extensive factual background why

15   this information reflects trade secrets, is competitively sensitive and needs to remain under

16   seal.(Dkt. No. 1502).

17             The Court previously denied Apple's motion to seal the financial information addressed in

18   this section.  The order denying sealing is on appeal to the Federal Circuit, was stayed by this

19   Court, and has also been stayed by the Federal Circuit pending final resolution of the appeal.

20   (Fed. Cir. Case No. 12-1600, Dkt. No. 39-1.)  For the reasons stated below, Apple believes

21   sealing is appropriate.  To the extent that this Court disagrees, Apple respectfully requests that the

22   Court stay its ruling pending the resolution of Apple's appeal regarding the same information.

23   Repetition of the stay procedure here or at the Federal Circuit would needlessly duplicate filings

24   and proceedings.

25             The proper standard to apply with respect to this non-dispositive motion is a showing of

26   "good cause."  *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003);

27   *Philips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002).

28   Nonetheless, the need to protect trade secrets contained in Apple's filings qualifies as a

1    "compelling reason" to seal material, which is sufficient to outweigh the public's interest in

2    disclosure. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).  In

3    particular, the Ninth Circuit has explained that "[t]he publication of materials that could result in

4    infringement upon trade secrets has long been considered a factor that would overcome this

5    strong presumption [for public access]." *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th

6    Cir. 2011) (*citing EEOC v. Erection Co.*, 900 F.2d 168, 170 (9th Cir. 1990)).   Courts have

7    similarly found that public access to court documents—and even trials—should be denied if there

8    is a substantial risk that valuable trade secrets will be disclosed. *See, e.g., Jazz Photo Corp. v.

9    United States*, 439 F.3d 1344, 1357-1358 (Fed. Cir. 2006) (upholding district court's decision to

10   deny public access to a trial and the corresponding record to avoid disclosure of confidential

11   "documents and information relating to [litigant's] customers, suppliers, manufacturing

12   processes, financial condition, and the quantity and value of its imports").   Congress also has

13   endorsed such limitations.  *See*, *e.g.*, 11 U.S.C. § 107; 5 U.S.C. § 552(b)(4).

14         The type of information that Apple seeks to seal—confidential financial information—

15   qualifies as trade secret.  Trade secrets, as defined in the Restatement of Torts, include

16   information used in a business that gives an advantage over competitors who do not know or use

17   it.  *Restatement (First) of Torts* § 757, cmt. B.  Detailed profits information, as discussed in more

18   detail below, are precisely this type of information.  *See, e.g.*, *SI Handling Sys., Inc. v. Heisley*,

19   753 F.2d 1244, 1260 (3d Cir. 1985) (concluding that data relating to profit margin constituted

20   trade secrets); *Den-Tal-Ez, Inc. v. Siemens Capital Corp.*, 566 A.2d 1214, 1230 (Pa. Super. Ct.

21   1989) (finding profit margin data protectable as trade secret).  For this reason, courts consistently

22   recognize that detailed financial information constitutes a trade secret and a compelling need

23   exists for maintaining its confidentiality.  *AMC Tech., LLC v. Cisco Sys.*, 2012 U.S. Dist. LEXIS

24   9934 (N.D. Cal. Jan. 27, 2012) (finding compelling reasons to seal information that would have

25   allowed public to determine profit margins); *TriQuint Semiconductor v. Avago Techs. Ltd.*, 2011

26   U.S. Dist. LEXIS 143942, at *10, 11, 21 (D. Ariz. Dec. 12, 2011) (sealing confidential financial

27   information including market analysis information, cost information, capacity information and

28   profit margins for specific products).  The irreparable harm that would result from disclosure of

1    trade secrets is undeniable. *See Am. Standard Inc. v. Pfizer Inc.*, 828 F.2d 734, 741 (Fed. Cir.

2    1987) (recognizing harms of disclosure of confidential business information to competitors and

3    collecting cases). Indeed, "[a] trade secret once lost is, of course, lost forever." *North Atl.*

4    *Instruments, Inc. v. Haber*, 188 F.3d 38, 49 (2d Cir. 1999) (quotation omitted).  And vigorous

5    protection of such information is essential to maintaining a competitive business environment.

6    *Rockwell Graphic Sys., Inc. v. DEV Indus. Inc.*, 925 F.2d 174, 180 (7th Cir. 1991).

7          Apple takes extensive steps to protect the secrecy of its critical financial information.

8    Even within Apple, very few people haves access to this information.  Access is on a "need to

9    know" basis and must be approved in advance by one of Apple's Vice Presidents of Finance.

10   (Dkt. No. 1502 ¶ 3.)  The list of approved individuals is reviewed quarterly and revised to ensure

11   that employees who no longer require access do not receive that information.  (*Id.*)  On the very

12   rare occasions Apple must disclose its nonpublic financial information to those outside Apple, it

13   marks such information "confidential" and distributes it only subject to highly restrictive

14   nondisclosure agreements or protective orders.  (*Id.*)

15         Apple goes to such lengths because the financial information that Apple seeks to keep

16   confidential is competitively sensitive and derives enormous value from the fact that it is not

17   shared with the general public or others who could derive economic benefit from this data –

18   Apple's competitors and suppliers.  (Dkt. No. 1502 at ¶¶ 4-8.)  Apple's competitors could use

19   profits and margins data to undercut Apple's prices by determining the products for which Apple

20   has substantial profits, low costs, and wide margins and thus would be most susceptible to a price

21   cut.  (*Id.* at ¶ 7.)  Competitors' products—particularly if released with pricing designed to take

22   advantage of unfair knowledge of Apple's bottom line—will substantially affect demand for

23   Apple's products.  Competitors could use the information to develop a slightly less advanced

24   smartphone or tablet and sell that product successfully at a price strategically below Apple's

25   margins.  The facts of this case substantiate this risk, as Samsung may be in a position to undercut

26   Apple's prices for smartphones and tablets, having already economized on design costs by free-

27   riding off Apple's innovation.  Moreover, Apple's suppliers could use quarterly profits, costs, and

28

1  margins data to determine when Apple has the lowest margins and is thus more vulnerable to a

2  cost increase.  (*Id.* at ¶ 8.)

3      Apple's confidential financial data constitute invaluable trade secrets, and a compelling

4  need exists for maintaining their confidentiality.  *See, e.g., Jazz Photo*, 439 F.3d at 1357-1358

5  (affirming order denying competitor access to a trial to avoid disclosure of confidential

6  "documents and information relating to [litigant's] customers, suppliers, manufacturing

7  processes, financial condition, and the quantity and value of its imports"); *TriQuint*

8  *Semiconductor*, 2011 WL 6182346, at *2-4, 6-7 (sealing confidential financial information

9  including market analysis information, cost information, capacity information, and profit margins

10  for specific products).  In light of the great volume of information already disclosed, there is no

11  public need for disclosure of Apple's narrowly identified trade secret information.  Any further

12  disclosure would provide "comparatively little value to the public in terms of enhancing its

13  'understanding [of] the judicial process.'"  *Richardson v. Mylan Inc.*, 2011 WL 837148, at *2

14  (S.D. Cal. Mar. 9, 2011) (noting that sealed portions of record "do not include any information

15  vital to understanding the nature of the underlying proceedings"); *see also MMI, Inc. v. Baja, Inc.*,

16  743 F. Supp. 2d 1101, 1106 (D. Ariz. 2010) (moving party demonstrated good cause to seal

17  licensing agreement in patent infringement case in part since "public has a diminished need for

18  th[e] document because it is 'only tangentially related to the underlying cause of action'" (*quoting*

19  *Kamakana*, 447 F.3d at 1179)).

20      Apple therefore respectfully requests that it be permitted to file the financial information

21  at issue under seal.

22      The relief requested in this motion is narrowly tailored to protect only information that is

23  exceptionally sensitive and meets the "compelling reasons" standard.

24

25

26

27

28

1   Dated: September 21, 2012        MORRISON & FOERSTER LLP

2

3                               By:    /s/ Michael A. Jacobs

4                                        MICHAEL A. JACOBS

5                                   Attorneys for Plaintiff
                                     APPLE INC.

APPLE'S MOTION TO SEAL RE APPLE'S MOT. FOR DAMAGES ENHANCEMENTS AND PERMANENT INJUNCTION
CASE NO. 11-CV-01846-LHK
sf-3197574

6