Exhibit 41

1989

1              UNITED STATES DISTRICT COURT

2            NORTHERN DISTRICT OF CALIFORNIA

3                 SAN JOSE DIVISION

4

5

   APPLE INC., A CALIFORNIA    )  C-11-01846 LHK
6  CORPORATION,                )
                               )  SAN JOSE, CALIFORNIA
7               PLAINTIFF,     )
                               )  AUGUST 13, 2012
8          VS.                 )
                               )  VOLUME 7
9  SAMSUNG ELECTRONICS CO.,    )
   LTD., A KOREAN BUSINESS     )  PAGES 1989-2320
10 ENTITY; SAMSUNG             )
   ELECTRONICS AMERICA,        )
11 INC., A NEW YORK            )
   CORPORATION; SAMSUNG        )
12 TELECOMMUNICATIONS          )
   AMERICA, LLC, A DELAWARE    )
13 LIMITED LIABILITY           )
   COMPANY,                    )
14                             )
                DEFENDANTS.    )
15 _____

16           TRANSCRIPT OF PROCEEDINGS
         BEFORE THE HONORABLE LUCY H. KOH
17          UNITED STATES DISTRICT JUDGE

18

19

20         APPEARANCES ON NEXT PAGE

21

22

23 OFFICIAL COURT REPORTER: LEE-ANNE SHORTRIDGE, CSR, CRR
                    CERTIFICATE NUMBER 9595
24

25

```
 1    A P P E A R A N C E S:

 2    FOR PLAINTIFF          MORRISON & FOERSTER
      APPLE:                 BY:  HAROLD J. MCELHINNY
 3                                MICHAEL A. JACOBS
                                  RACHEL KREVANS
 4                           425 MARKET STREET
                             SAN FRANCISCO, CALIFORNIA  94105
 5

 6    FOR COUNTERCLAIMANT WILMER, CUTLER, PICKERING,
      APPLE:                 HALE AND DORR
 7                           BY:  WILLIAM F. LEE
                             60 STATE STREET
 8                           BOSTON, MASSACHUSETTS  02109

 9                           BY:  MARK D. SELWYN
                             950 PAGE MILL ROAD
10                           PALO ALTO, CALIFORNIA  94304

11    FOR THE DEFENDANT:     QUINN, EMANUEL, URQUHART,
                             OLIVER & HEDGES
12                           BY:  CHARLES K. VERHOEVEN
                             50 CALIFORNIA STREET, 22ND FLOOR
13                           SAN FRANCISCO, CALIFORNIA  94111

14                           BY:  VICTORIA F. MAROULIS
                                  KEVIN P.B. JOHNSON
15                           555 TWIN DOLPHIN DRIVE
                             SUITE 560
16                           REDWOOD SHORES, CALIFORNIA  94065

17                           BY:  MICHAEL T. ZELLER
                                  WILLIAM C. PRICE
18                           865 SOUTH FIGUEROA STREET
                             10TH FLOOR
19                           LOS ANGELES, CALIFORNIA  90017

20

21

22

23

24

25
```

1                        INDEX OF WITNESSES

2        <u>PLAINTIFF'S</u>

3        **BORIS TEKSLER**
              CROSS-EXAM BY MS. MAROULIS (RES.)  P. 2006
4             REDIRECT EXAM BY MR. MUELLER        P. 2009
              RECROSS-EXAM BY MS. MAROULIS        P. 2019
5             FURTHER REDIRECT EXAM              P. 2022

6        **JUN WON LEE**
              BY VIDEOTAPED DEPOSITION           P. 2023
7                                                   2025

8        **DONG HOON CHANG**
              BY VIDEOTAPED DEPOSITION           P. 2026
9

10       **TIMOTHY BENNER**
              BY VIDEOTAPED DEPOSITION           P. 2028
11                                                  2029

12       **TIMOTHY SHEPPARD**
              BY VIDEOTAPED DEPOSITION           P. 2030
13

14       **TERRY MUSIKA**
              DIRECT EXAM BY MS. KREVANS         P. 2031
15            CROSS-EXAM BY MR. PRICE            P. 2098
              REDIRECT EXAM BY MS. KREVANS       P. 2160
16            RECROSS-EXAM BY MR. PRICE          P. 2165
              FURTHER REDIRECT EXAM              P. 2171
17

18

19       <u>DEFENDANT'S</u>

20       **BENJAMIN BEDERSON**
              DIRECT EXAM BY MR. DEFRANCO        P. 2228
21            CROSS-EXAM BY MR. JACOBS           P. 2254
              REDIRECT EXAM BY MR. DEFRANCO      P. 2269
22

23       **ADAM BOGUE**
              DIRECT EXAM BY MR. JOHNSON         P. 2274
24            CROSS-EXAM BY MR. JACOBS           P. 2300

25

1992

```
 1                       INDEX OF EXHIBITS

 2                                 MARKED          ADMITTED

 3      PLAINTIFF'S

 4      69 AND 89                                  2028
        28                                         2057
 5      34                                         2079
        194                                        2082
 6      25A-1                                      2094
        2227                                       2273
 7      41.1 AND 41.2                              2273

 8      DEFENDANT'S

 9      572.003                                    2128
        518                                        2235
10      3951.001 AND 3951.002                      2235
        3951.010                                   2239
11      546                                        2240
        528                                        2245
12      518                                        2251
        3951.007 AND 3951.009                      2251
13      696                                        2277
        695                                        2281
14      661                                        2287
        3952.101                                   2287
15      662                                        2289
        3952.102                                   2291
16      713                                        2298

17


18      JOINT

19      1500                                       2041

20

21

22

23

24

25
```

2040

1    PROPERTY, SHOULD GO BACK TO APPLE, AND THAT'S WHY

2    THAT MONEY SLIDES BACK ACROSS.

3    Q    OKAY.  FOR PURPOSES OF FORMING YOUR OPINIONS

4    IN THIS CASE, HAVE YOU DONE ANYTHING TO EVALUATE

5    SAMSUNG'S ACCUSED SMARTPHONE SALES AND SAMSUNG'S

6    ACCUSED TABLET SALES?

7    A    I HAVE.

8    Q    OKAY.  CAN WE SEE SLIDE 34B.6.

9         WHAT WAS YOUR OVERALL CONCLUSION ABOUT

10   THE VOLUME OF SAMSUNG'S ACCUSED SMARTPHONE AND

11   TABLET SALES AND THE REVENUES ASSOCIATED WITH THAT?

12   A    WELL, THE DAMAGE NUMBERS I'VE JUST GIVEN YOU

13   ARE VERY LARGE, AND THEY'RE VERY LARGE BECAUSE

14   WE'RE DEALING WITH A VERY LARGE QUANTITY OF SALES.

15        WHAT'S DEPICTED HERE IS THAT THE

16   COMBINATION OF SMARTPHONES AND TABLETS, OVER THE

17   TWO YEARS THAT'S AT ISSUE IN THIS CASE, SAMSUNG HAS

18   SOLD 22.7 MILLION INDIVIDUAL SMARTPHONES AND/OR

19   TABLETS.

20        THE AMOUNT THAT'S ASSOCIATED WITH THOSE

21   SALES IS $8,160,000,000.  THAT'S SAMSUNG'S NUMBER.

22   THAT'S JUST -- THAT'S THAT MONEY THAT SLID ACROSS.

23   IT WAS EQUAL TO $8,160,000,000.

24   Q    WHERE DID YOU GET THE INFORMATION THAT YOU

25   USED TO DERIVE THE 22 MILLION INFRINGING SALES AND

```
1    THE $8 BILLION OF REVENUE?

2    A    THAT'S AN IMPORTANT POINT.  THESE AREN'T MY

3    NUMBERS.  THESE ARE SAMSUNG'S NUMBERS.  THIS IS

4    ACTUALLY TAKEN DIRECTLY FROM SAMSUNG'S RECORDS.

5    Q    OKAY.  COULD WE LOOK AT JOINT EXHIBIT 1500,

6    PLEASE.  JUST LOOK AT THAT IN YOUR BINDER FOR A

7    MOMENT, MR. MUSIKA.

8              DO YOU HAVE -- IT SHOULD BE RIGHT AT THE

9    FRONT.

10   A    I'VE GOT IT.

11   Q    OKAY.  WHAT IS JOINT EXHIBIT 1500?

12   A    JOINT EXHIBIT 1500 IS AN EXHIBIT THAT HAS BEEN

13   JOINTLY SUBMITTED BY BOTH APPLE AND SAMSUNG AND

14   AGREED TO BY BOTH PARTIES, AND IT LISTS THOSE TOTAL

15   8 BILLION OF SALES --

16   Q    LET ME STOP YOU FOR A MOMENT BEFORE YOU TELL

17   US THE NUMBERS.

18              YOUR HONOR, WE WOULD MOVE THE ADMISSION

19   OF JOINT EXHIBIT 1500.

20              THE COURT:  ANY OBJECTION?

21              MR. PRICE:  NO OBJECTION.

22              THE COURT:  OKAY.  IT'S ADMITTED.

23              (WHEREUPON, JOINT EXHIBIT NUMBER 1500,

24              HAVING BEEN PREVIOUSLY MARKED FOR

25              IDENTIFICATION, WAS ADMITTED INTO
```

```
 1              EVIDENCE.)

 2              MS. KREVANS:  COULD WE SHOW THE JURY,

 3    MR. LEE, JOINT EXHIBIT 1500.

 4    Q    CAN YOU -- IN EXHIBIT 1500, CAN YOU SHOW US

 5    WHERE YOU GOT THE 22 MILLION PHONE AND TABLET SALES

 6    AND THE 8 BILLION REVENUE NUMBERS.

 7    A    RIGHT.  I'D LIKE TO APOLOGIZE, FIRST, FOR THE

 8    SMALL NUMBERS; AND SECONDLY, I'M GOING TO BE

 9    ABBREVIATING A LOT OF NUMBERS FROM TIME TO TIME, SO

10    THAT COULD GET A LITTLE CONFUSING.  I WANT TO MAKE

11    SURE THAT I TRY TO POINT OUT WHEN I'M SAYING 2.4

12    BILLION OR MILLION SO I DON'T CONFUSE THE COURT.

13              SO YOUR PENDING QUESTION, IF WE WOULD GO

14    DOWN TO THE -- IN MOST SCHEDULES, IT ADDS ACROSS.

15    THESE ARE CALENDAR QUARTERS, AND THEN THAT FINAL

16    COLUMN ON THE RIGHT TOTALS DOWN.

17              SO THIS IS THE PORTION OF THE SALES THAT

18    RELATE TO THE SMARTPHONES, AND IF WE GO TO THE

19    BOTTOM THERE, SO THIS IS -- THIS IS A TRUNCATED --

20    OR IT'S A NUMBER THAT'S CUT OFF, SO THAT 21 IS

21    21,251,000 SMARTPHONE UNITS, AND THE NUMBER BELOW

22    IT WITH THE DOLLAR SIGN IS 7,516,000,000.

23              AND TO GET BACK TO OUR 22 MILLION AND OUR

24    $8 BILLION NUMBER, WE HAVE TO ADD PAGE 2, WHICH IS

25    THE TABLETS.
```

```
 1              WE GO TO THE SAME SPOT, AND THERE'S THE

 2      1,438 TABLETS, WE ADD THAT TO THE SMARTPHONE TO GET

 3      TO THE $22 MILLION -- OR 22 MILLION UNITS, AND

 4      THERE'S 644,000, WHICH WE ADD THAT BACK TO THE

 5      SMARTPHONES, WE GET TO THE $8.1 BILLION.

 6      Q    NOW, MR. MUSIKA, YOU SAID 644,000, THAT NUMBER

 7      THERE IS -- BECAUSE IT'S MISSING ZEROS, IT'S

 8      ACTUALLY WHAT?

 9      A    MILLIONS.  SORRY.  I DID IT MYSELF.  I

10      APOLOGIZE.

11      Q    ALL RIGHT.  DOES THIS REPRESENT SALES JUST IN

12      THE UNITED STATES?

13      A    SALES OF TABLETS AND SMARTPHONES ONLY IN THE

14      UNITED STATES BY THE DEFENDANT SAMSUNG.

15      Q    OKAY.  HAVE YOU LOOKED AT INFORMATION ABOUT

16      HOW SAMSUNG'S SALES OF THE ACCUSED PRODUCTS IN THIS

17      CASE -- LET ME START OVER.

18              HAVE YOU LOOKED AT INFORMATION ABOUT HOW

19      SAMSUNG SALES OF SMARTPHONES AND TABLETS BEFORE THE

20      INTRODUCTION OF THE ACCUSED PRODUCTS IN THIS CASE

21      COMPARED TO SAMSUNG SALES OF SMARTPHONES AND

22      TABLETS AFTER THE INTRODUCTION OF THE ACCUSED

23      PRODUCTS?

24      A    YES.

25      Q    OKAY.  COULD WE SEE SLIDE 34B.9.  WHAT
```

```
1    INFORMATION IS SHOWN ON 34B.9, MR. MUSIKA?

2    A    THIS IS A GRAPH, AND ON THE VERTICAL AXIS,

3    IT'S THE MARKET SHARE PERCENT.  SO IT'S HOW MUCH OF

4    THE OVERALL SMARTPHONE MARKET DID SAMSUNG HAVE OVER

5    TIME, WHICH IS OUR HORIZONTAL X AXIS THERE.

6              AND THE SLIDE IS DIVIDED UP, AS YOU JUST

7    INDICATED, INTO TWO SEGMENTS.  ON THE LEFT-HAND

8    SIDE WITH THE BLUE IS THE TIME PERIOD FOR SAMSUNG

9    PRIOR TO THE INTRODUCTION OF THEIR FIRST ACCUSED

10   PHONE, AND WHAT WE CAN SEE THEN WITH THE

11   INTRODUCTION OF THE FIRST ACCUSED PHONE, THE RED

12   LINE, ON THE RIGHT-HAND SIDE IS THE PERIOD OF TIME

13   AFTERWARDS.

14   Q    AND HOW DO THE TWO PERIODS, THAT IS, BEFORE

15   AND AFTER, COMPARE TO ONE ANOTHER?

16   A    YES.  IT'S A RATHER DRAMATIC DEMONSTRATION OF

17   SAMSUNG WAS LOSING MARKET SHARE DURING THE PERIOD

18   PRIOR TO 2010, APPROXIMATELY JUNE OF 2010 WHEN THEY

19   INTRODUCED THE FIRST ACCUSED PHONE.

20              AFTER THEY INTRODUCED THE FIRST ACCUSED

21   PHONE, SAMSUNG'S MARKET SHARE TOOK AN ABRUPT UPWARD

22   SWING AND HAS CONTINUED TODAY TO ADVANCE

23   DRAMATICALLY IN INCREASES IN MARKET SHARE.

24   Q    WHERE DID THE INFORMATION THAT FORMS THIS

25   CHART COME FROM?
```

1    A    ONCE AGAIN, THIS ISN'T MY INFORMATION.  THIS

2    IS TAKEN NOT FROM APPLE OR FROM SAMSUNG IN THIS

3    CASE.  THIS IS TAKEN -- YOU CAN SEE PERHAPS RIGHT

4    DOWN THERE ON THE BOTTOM, SOURCE IDC WORLDWIDE

5    QUARTERLY.

6          IDC IS AN INDEPENDENT MARKETING

7    ORGANIZATION THAT BOTH APPLE AND SAMSUNG USE TO

8    HELP THEM IN DOING THEIR OWN MARKET RESEARCH.  SO

9    THIS IS AN INDEPENDENT STUDY AND ANALYSIS THAT WAS

10   DONE BY IDC.

11   Q    OKAY.  LET'S TURN TO THE SPECIFIC DAMAGES

12   REMEDIES THAT YOU EVALUATED IN THIS CASE.

13         WHAT KINDS OF REMEDIES DID YOU APPLY WITH

14   RESPECT TO THE VARIOUS INTELLECTUAL PROPERTY RIGHTS

15   THAT APPLE HAS ASSERTED IN THE CASE?

16   A    I CONSIDERED THREE DIFFERENT FORMS OF REMEDY

17   IN TOTAL AS IT RELATES TO THE DESIGN, AND THAT

18   WOULD BE THE DESIGN PATENT AND THE TRADE DRESS.  I

19   CONSIDERED TWO FORMS OF DAMAGE.

20   Q    WHAT WERE THOSE TWO FORMS?

21   A    ONE, ONE IS CALLED SAMSUNG'S PROFITS, AND THE

22   OTHER IS CALLED APPLE'S LOST PROFITS.

23         TO PUT IT IN REAL STRAIGHT TERMS, IT'S

24   EITHER WHAT SAMSUNG HAS GAINED OR IT'S WHAT APPLE

25   HAS LOST.

1          IN THE CASE OF SAMSUNG'S GAIN, THAT'S

2   SOMETIMES REFERRED TO AS AN UNJUST ENRICHMENT

3   BECAUSE THE PRESUMPTION IS THEY'VE MADE THAT GAIN,

4   THAT MONEY HAS SLID ACROSS THE SLIDE BECAUSE THEY

5   VIOLATED APPLE'S INTELLECTUAL PROPERTY.

6   Q    OKAY.  AND REMIND US AGAIN, WHICH TYPES OF

7   INTELLECTUAL PROPERTY RIGHTS DID YOU USE THIS KIND

8   OF ANALYSIS, THE SAMSUNG PROFIT OR APPLE'S LOST

9   PROFITS FOR?

10  A    I USED THEM BOTH, AND WE'RE GOING TO SEE THE

11  SITUATION -- THIS ISN'T DOUBLE COUNTING.  I USED

12  THEM BOTH FOR THE DESIGN PATENTS AND TRADE DRESS.

13  Q    OKAY.  WHAT KIND OF REMEDY DID YOU LOOK AT FOR

14  VIOLATIONS OF APPLE'S UTILITY PATENT RIGHTS?

15  A    DIFFERENT COMBINATION THERE.  LOST PROFITS

16  AGAIN, WHICH I'VE ALREADY DESCRIBED, THAT'S APPLE'S

17  LOSS.

18          BUT HERE I'VE CONSIDERED IN THE

19  ALTERNATIVE WHAT'S CALLED A REASONABLE ROYALTY.

20  Q    OKAY.  HOW DID YOU -- WHAT WAS YOUR BASIS FOR

21  APPLYING A DIFFERENT KIND OF REMEDY FOR SOME KINDS

22  OF PATENT RIGHTS THAN OTHERS?

23  A    IT'S MY UNDERSTANDING OF WHAT IS THE ACCEPTED

24  DAMAGE METHODOLOGY TO BE USED, DEPENDING ON THE

25  TYPE OF INTELLECTUAL PROPERTY.  SO THAT'S WHY WE

1

2

3

4                          CERTIFICATE OF REPORTER

5

6

7

8               I, THE UNDERSIGNED OFFICIAL COURT

9     REPORTER OF THE UNITED STATES DISTRICT COURT FOR

10    THE NORTHERN DISTRICT OF CALIFORNIA, 280 SOUTH

11    FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY

12    CERTIFY:

13               THAT THE FOREGOING TRANSCRIPT,

14    CERTIFICATE INCLUSIVE, CONSTITUTES A TRUE, FULL AND

15    CORRECT TRANSCRIPT OF MY SHORTHAND NOTES TAKEN AS

16    SUCH OFFICIAL COURT REPORTER OF THE PROCEEDINGS

17    HEREINBEFORE ENTITLED AND REDUCED BY COMPUTER-AIDED

18    TRANSCRIPTION TO THE BEST OF MY ABILITY.

19

20

21                    /S/
                      _____
22                    LEE-ANNE SHORTRIDGE, CSR, CRR
                      CERTIFICATE NUMBER 9595
23

24                    DATED:  AUGUST 14, 2012

25