Exhibit 38

# Patent Damages Law & Practice

## 2012 Edition

John Skenyon
Christopher Marchese
John Land

**WEST**

*Intellectual Property Library*

# Patent Damages Law & Practice

John Skenyon
Christopher Marchese
John Land

Case summary appendix
prepared by Frank Porcelli

Fish & Richardson, P.C.



**WEST**®

A Thomson Reuters business

*For Customer Assistance Call 1-800-328-4880*

Mat #41187301

interest only from the date of infringement until the date of filing suit, rather than until the date of judgment, without a statement of reasons for limiting the term to the date suit was filed.
- Richardson v. Suzuki Motor Co., 868 F.2d 1226, 1250 (Fed. Cir. 1989), cert. denied, 493 U.S. 853, 110 S. Ct. 154, 107 L. Ed. 2d 112 (1989). As to patent infringement and trade secret damage awards, prejudgment interest is the rule. Absent a showing of exceptional circumstances, it was an abuse of discretion to deny prejudgment interest as to both.
- Allen Archery, Inc. v. Browning Manufacturing Co., 898 F.2d 787, 791-92 (Fed. Cir. 1990). The court remanded to increase the prejudgment interest award to cover the period during which the district court case was stayed pending earlier-filed litigation against a third party on the same patent.
- Oiness v. Walgreen Co., 980 F.2d 742, 26 U.S.P.Q.2d 1548 (Fed. Cir. 1992) (unpublished). It was an abuse of discretion to deny prejudgment interest on the ground that the patent owner received damages in a prior case, where the present damage award was for unrelated sales.
- Sensonics, Inc. v. Aerosonic Corp., 81 F.3d 1566 (Fed. Cir. 1996). It was error to deny prejudgment interest solely due to the difficulty of its calculation.
- Ecolab, Inc. v. FMC Corp., 569 F.3d 1335, 1353, 91 U.S.P.Q.2d 1225 (Fed. Cir. 2009), reh'g granted in part, (Sept. 30, 2009) and amended on reh'g in part by, 366 Fed. Appx. 154 (Fed. Cir. 2009). Abuse of discretion to deny prejudgment interest without stating a valid justification.

## § 4:6 Prejudgment interest—Applicable interest rate

The selection of an applicable interest rate is left to the sound discretion of the trial court and is rarely overturned on appeal.[1] However, in exercising that discretion, a district court must be guided by the purpose of prejudgment interest, which is to ensure that the patent owner is placed in as good a position as it would have been had the infringer entered into a reasonable royalty agreement.[2]

The prime rate is the most common candidate for an appropri-

---

[Section 4:6]

[1]See, e.g., Gyromat Corp. v. Champion Spark Plug Co., 735 F.2d 549, 556-57 (Fed. Cir. 1984); Kaufman Co. v. Lantech, Inc., 807 F.2d 970, 978-79 (Fed. Cir. 1986).

[2]Bio-Rad Labs., Inc. v. Nicolet Instrument Corp., 807 F.2d 964, 969 (Fed. Cir. 1986) (Lower court's selection of rate vacated. The only evidence in that

ate interest rate, but a higher rate may be used if based on a proper evidentiary showing.[3] Rates that have been upheld include:

- Prime rate;[4]
- Prime rate plus a percentage;[5]
- Prime rate minus a percentage;[6]
- Treasury bill rate;[7]
- State statutory rate;[8]

---

case suggested that the appropriate rate was prime rate compounded or the rate the patent owner actually paid on its corporation borrowings, while the lower court applied the reduced rate of 7 % simple interest (the standard California prejudgment rate) because of a clearly erroneous finding of dilatory conduct by the patent owner.); Hockerson-Halberstadt, Inc. v. Propet USA, Inc., 62 Fed. Appx. 322 (Fed. Cir. 2003) (unpublished) (Lower court's selection of rate vacated; "Although the rate of prejudgment interest is a matter left largely to the discretion of the district court, the court must be guided by the purpose of prejudgment interest in exercising that discretion... Here, we do not believe that the district court's use of the prime rate in effect at the time of the prejudgment interest award ensures that HHI is placed in as good a position as it would have been had Propet entered into a reasonable royalty agreement.").

[3]See, e.g., Lam, Inc. v. Johns-Manville Corp., 718 F.2d 1056, 1066 (Fed. Cir. 1983) ("Once the claimant has affirmatively demonstrated that a higher rate should be used, . . . the district court may fix the interest at that higher rate."); Bio-Rad Labs., Inc. v. Nicolet Instrument Corp., 807 F.2d 964, 969 (Fed. Cir. 1986) ("[T]he only evidence in the record relating to the appropriate rate of interest suggests the use of either the prime rate or the rate that Bio-Rad paid on its corporate borrowings during the period of infringement."); Uniroyal, Inc. v. Rudkin-Wiley Corp., 939 F.2d 1540 (Fed. Cir. 1991) ("[I]t is not necessary that a patentee demonstrate that it borrowed at the prime rate in order to be entitled to prejudgment interest at that rate. A trial court may award interest at or above the prime rate.").

[4]Lam, Inc. v. Johns-Manville Corp., 718 F.2d 1056, 1066 (Fed. Cir. 1983); Studiengesellschaft Kohle m.b.H. v. Dart Indus., Inc., 862 F.2d 1564, 1579-80 (Fed. Cir. 1988); Uniroyal, Inc. v. Rudkin-Wiley Corp., 721 F. Supp. 28 (D. Conn. 1989), aff'd in part and vacated in part, remanded, 939 F.2d 1540 (Fed. Cir. 1991) (averaged prime rate).

[5]Water Techs. Corp. v. Calco, Ltd., 658 F. Supp. 980 (N.D. Ill. 1987) (prime plus 1%, year by year); Bott v. Four Star Corp., 229 U.S.P.Q. 241, 250 (E.D. Mich. 1985) (prime plus 2%).

[6]Transmatic, Inc. v. Gulton Industries, Inc., 180 F.3d 1343, 1345 50 U.S.P.Q.2d (BNA) 1591(Fed. Cir. 1999) (lower court awarded prime lending rate minus 10%, compounded monthly).

[7]Laitram Corp. v. NEC Corp., 115 F.3d 947 (Fed. Cir. 1997); W.L. Gore & Assocs., Inc. v. Garlock, Inc., 10 U.S.P.Q.2d 1628, 1631 (N.D. Ohio 1989) (average treasury bill rate from 1980 through 1988).

[8]Railroad Dynamics, Inc. v. A. Stucki Co., 727 F.2d 1506, 1520 (Fed. Cir. 1984).