QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO.,
LTD., SAMSUNG ELECTRONICS AMERICA,
INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendant. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE INC.'S FIFTH SET OF INTERROGATORIES  (11-12)**<br><br>**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY UNDER THE PROTECTIVE ORDER** |

02198.51855/4660268.2

Case No. 11-cv-01846-LHK
SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF
INTERROGATORIES (11-12)

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendants Samsung Electronics Co. Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") respond to Plaintiff Apple Inc.'s ("Apple") Fifth Set of Interrogatories as follows:

## GENERAL STATEMENT

The following responses are based on discovery available as of the date hereof. It is anticipated that expert discovery, independent investigation and analysis may lead to the discovery of additional information or documents, supply additional facts and add meaning to known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to additions to, changes to or variations from the responses set forth herein.

In addition, the following responses are given without prejudice to Samsung's right to produce or rely on subsequently discovered information, facts or documents. Samsung accordingly reserves the right to change the responses herein and/or produce or rely on subsequently discovered documents as additional facts are ascertained, analysis is made, legal research is completed and contentions are made. The responses herein are made in a good faith effort to comply with the provisions of Rules 26 and 33 of the Federal Rules of Civil Procedure, and to supply such responsive information as exists and is presently within Samsung's possession, custody or control, but are in no way to be deemed to be to the prejudice of Samsung in relation to further discovery, research and analysis.

An answer to an interrogatory shall not be deemed a waiver of any applicable general or specific objection to an interrogatory. In responding to the interrogatories, Samsung does not waive any objections that may be applicable to the use, for any purpose, of any information or documents provided in response, or the admissibility, relevance, or materiality of any such information or documents to any issue in this case.

Samsung's responses to these interrogatories do not constitute admissions relative to the existence of any documents or information, to the relevance or admissibility of any documents or information, or to the truth or accuracy of any statement or characterization contained in Apple's

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

1   requests.   All objections as to relevance, authenticity, or admissibility of any document are

2   expressly reserved.

3        Samsung expressly incorporates this General Statement and the following General

4   Objections as though set forth fully in response to each of the following individual interrogatories

5   and, to the extent that they are not raised in any particular response, Samsung does not waive those

6   objections.

7                    **GENERAL OBJECTIONS**

8        1.       Samsung objects to the "Definitions" and "Instructions" contained in Apple's

9   Second Set of Interrogatories to the extent they are inconsistent with the Federal Rules of Civil

10  Procedure.

11       2.       Samsung objects to Apple's Definition of "Samsung," "You," "Your," and

12  "Defendants" as overly broad to the extent it requires Samsung to pursue information from

13  individuals no longer employed by Samsung whose data is not currently in the possession of

14  Samsung. Samsung further objects to Apple's Definition of "Samsung," "You," "Your," and

15  "Defendants" as overly broad, vague, and ambiguous to the extent it does not define "affiliates,"

16  and also to the extent that it requires Samsung to potentially seek information from thousands of

17  people.   Samsung will respond to interrogatories based on a reasonable inquiry of individuals

18  expected to possess the requested information.

19       3.       Samsung objects to Apple's definition of "Apple" to as overly broad, vague, and

20  ambiguous.

21       4.       Samsung objects to the definition of "Products at Issue" as vague and overbroad to

22  the extent it includes "similar products, and any products that Apple accuses of infringing its

23  intellectual property in this litigation."   Samsung further objects to the definition of "Products at

24  Issue" to the extent it includes products that are not sold and/or have never been sold in the

25  United States.

26       5.       Samsung objects to the definition of "Hardware Design" as vague and ambiguous.

27       6.       Samsung objects to the definition of "Graphical User Interface Design" as vague

28  and ambiguous.

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

7.     Samsung objects to the definitions of "Original iPhone Trade Dress," "iPhone 3G Trade Dress," "iPhone 4 Trade Dress," "iPhone Trade Dress," "iPad Trade Dress," "iPad 2 Trade Dress," to the extent they imply that any aspect of the Apple products' design constitutes an element of its trade dress.

8.     Samsung objects to the definition of "Accused Feature" to the extent it misstates or mischaracterizes the Patents at Issue.

9.     Samsung objects to the definition of "Source Code" as vague, ambiguous, overbroad and overly burdensome.  Samsung further objects to the definition to the extent it seeks information regarding unreleased prototypes that are not at issue in this lawsuit.  Samsung also objects to the definition to the extent it seeks multiple and discrete types of information and has multiple subparts.

10.     Samsung objects to the definitions of "Concerning" and/or "Relating," and each and every interrogatory that uses the term "Concerning" or "Relating," as overly broad, vague and ambiguous.

11.     Samsung objects to the definition of "Third Party" or "Third Parties" as overly broad.

12.     Samsung objects to these interrogatories as vague and ambiguous to the extent they include terms that are undefined.  Samsung in its responses will identify any terms it believes are vague and ambiguous and will assume a reasonable meaning for each such term.

13.     Samsung objects generally to each interrogatory to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity.  Any inadvertent disclosure of such information shall not be deemed a waiver of the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity recognized by statute or case law. Samsung will exchange with Apple a log of withheld documents at a time agreed to by counsel for the parties.  Samsung also will not log privileged documents that were created on or after April 15, 2011.

14.     Samsung objects generally to the interrogatories to the extent they seek

SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF
INTERROGATORIES (11-12)

**SUBJECT TO PROTECTIVE ORDER**
<u>**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**</u>

1  information from outside a reasonable time period or from a point other than a reasonable time.

2  15.     Samsung objects to these interrogatories to the extent they seek to compel

3  Samsung to generate or create information and/or documents that do not already exist.

4  16.     Samsung objects generally to the interrogatories to the extent that they prematurely

5  call for contentions, identification of prior art, or identification of witnesses at this stage of the

6  litigation.

7  17.     Samsung objects to each interrogatory to the extent it is duplicative or cumulative

8  of another interrogatory.

9  18.     Samsung objects to each interrogatory to the extent it is compound and comprises

10  discrete subparts resulting in separate interrogatories.

11  19.     Samsung expressly reserves the right to respond to any or all of the interrogatories

12  by specifying documents wherein the responsive information may be ascertained pursuant to Rule

13  33(d) of the Federal Rules of Civil Procedure.

14  20.     Samsung objects generally to the interrogatories to the extent they seek

15  confidential proprietary or trade secret information of third parties.  Samsung will endeavor to

16  work with third parties to obtain their consent, if necessary, before identifying or producing such

17  information and/or documents.

18  21.     Samsung objects generally to the interrogatories on the grounds that they are

19  overly broad, unduly burdensome, and neither relevant nor reasonably calculated to lead to the

20  discovery of admissible evidence.

21  22.     Samsung objects to the interrogatories on the ground that they are overly broad,

22  unduly burdensome and oppressive to the extent they purport to require Samsung to search its

23  facilities and inquire of its employees other than those facilities and employees that would

24  reasonably be expected to have responsive information. Samsung's responses are based upon (1)

25  a reasonable search and investigation of facilities and files that could reasonably be expected to

26  contain responsive information, and (2) inquiries of Samsung's employees and/or representatives

27  who could reasonably be expected to possess responsive information.

28  23.     Samsung objects to the interrogatories on the grounds that they seek information

SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF
INTERROGATORIES (11-12)

**SUBJECT TO PROTECTIVE ORDER**
<u>**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**</u>

1    already in the possession of Apple, publicly available, or as readily available to Apple as it is to

2    Samsung.

3        24.      Samsung objects to each interrogatory to the extent that it seeks information before

4    Samsung is required to disclose such information in accordance with any applicable law, such as

5    the Northern District of California Patent Local Rules.

6        25.      Samsung objects to the interrogatories on the grounds and to the extent that they

7    seek legal conclusions or call for expert testimony.  Samsung's responses should not be construed

8    to provide legal conclusions.

9        Subject to and without waiving the foregoing General Statement and General Objections,

10   Samsung responds as follows:

11                              <u>**INTERROGATORIES**</u>

12   <u>**INTERROGATORY NO. 11**</u>:

13       Specifically for each of the Design Patents at Issue, explain the factual and legal bases for

14   Samsung's Second Affirmative Defense: Patent Non-Infringement.

15

16   <u>**RESPONSE TO INTERROGATORY NO. 11**</u>:

17       Samsung objects to this interrogatory as vague and ambiguous.  Samsung further objects to

18   this interrogatory to the extent that it seeks to elicit information subject to and protected by the

19   attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the

20   common interest doctrine, and/or any other applicable privilege or immunity.  Samsung further

21   objects to this interrogatory as premature to the extent it requests information regarding

22   Samsung's non-infringement contentions before sufficient discovery has been conducted.

23   Samsung further objects to this interrogatory to the extent it prematurely calls for contentions at

24   this stage of litigation.  Samsung will provide such contentions in accordance with the Court's

25   Minute Order and Case Management Order, dated August 25, 2011.

26       Subject to the foregoing general and specific objections, Samsung responds as follows:

27       For U.S. Patent No. D627,790, the accused Samsung products, as identified in Apple's

28   Response to Samsung Interrogatory No. 5, are not substantially similar to an ordinary observer

**SUBJECT TO PROTECTIVE ORDER**
<u>**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**</u>

1   giving such attention as a purchaser usually gives, particularly when viewed in light of the prior

2   art and the functional elements of the design are excluded as a basis for similarity.  In addition,

3   Samsung's investigation is ongoing and Samsung will supplement this interrogatory after a

4   reasonable investigation and further discovery from Apple on the basis for its infringement

5   position.

6          For U.S. Patent No. D617,334, the accused Samsung products, as identified in Apple's

7   Response to Samsung Interrogatory No. 5, are not substantially similar to an ordinary observer

8   giving such attention as a purchaser usually gives, particularly when viewed in light of the prior

9   art and the functional elements of the design are excluded as a basis for similarity.  In addition,

10  Samsung's investigation is ongoing and Samsung will supplement this interrogatory after a

11  reasonable investigation and further discovery from Apple on the basis for its infringement

12  position.

13         For U.S. Patent No. D604,305, the accused Samsung products, as identified in Apple's

14  Response to Samsung Interrogatory No. 5, are not substantially similar to an ordinary observer

15  giving such attention as a purchaser usually gives, particularly when viewed in light of the prior

16  art and the functional elements of the design are excluded as a basis for similarity.  In addition,

17  Samsung's investigation is ongoing and Samsung will supplement this interrogatory after a

18  reasonable investigation and further discovery from Apple on the basis for its infringement

19  position.

20         For U.S. Patent No. D593,087, the accused Samsung products, as identified in Apple's

21  Response to Samsung Interrogatory No. 5, are not substantially similar to an ordinary observer

22  giving such attention as a purchaser usually gives, particularly when viewed in light of the prior

23  art and the functional elements of the design are excluded as a basis for similarity.  In addition,

24  Samsung's investigation is ongoing and Samsung will supplement this interrogatory after a

25  reasonable investigation and further discovery from Apple on the basis for its infringement

26  position.  Samsung also incorporates by reference the Declaration of Itay Sherman in Support of

27  Samsung's Opposition to Apple's Motion for a Preliminary Injunction (Dkt. No. 172).

28

SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF
INTERROGATORIES (11-12)

SUBJECT TO PROTECTIVE ORDER
CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

1   For U.S. Patent No. D618,677, the accused Samsung products, as identified in Apple's

2   Response to Samsung Interrogatory No. 5, are not substantially similar to an ordinary observer

3   giving such attention as a purchaser usually gives, particularly when viewed in light of the prior

4   art and the functional elements of the design are excluded as a basis for similarity.  In addition,

5   Samsung's investigation is ongoing and Samsung will supplement this interrogatory after a

6   reasonable investigation and further discovery from Apple on the basis for its infringement

7   position.  Samsung also incorporates by reference the Declaration of Itay Sherman in Support of

8   Samsung's Opposition to Apple's Motion for a Preliminary Injunction (Dkt. No. 172).

9   For U.S. Patent No. D622,270, the accused Samsung products, as identified in Apple's

10  Response to Samsung Interrogatory No. 5, are not substantially similar to an ordinary observer

11  giving such attention as a purchaser usually gives, particularly when viewed in light of the prior

12  art and the functional elements of the design are excluded as a basis for similarity.  In addition,

13  Samsung's investigation is ongoing and Samsung will supplement this interrogatory after a

14  reasonable investigation and further discovery from Apple on the basis for its infringement

15  position.

16  For U.S. Patent No. D504,889, the accused Samsung products, as identified in Apple's

17  Response to Samsung Interrogatory No. 5, are not substantially similar to an ordinary observer

18  giving such attention as a purchaser usually gives, particularly when viewed in light of the prior

19  art and the functional elements of the design are excluded as a basis for similarity.  In addition,

20  Samsung's investigation is ongoing and Samsung will supplement this interrogatory after a

21  reasonable investigation and further discovery from Apple on the basis for its infringement

22  position.  Samsung also incorporates by reference the Declaration of Itay Sherman in Support of

23  Samsung's Opposition to Apple's Motion for a Preliminary Injunction (Dkt. No. 172).

24

25  **FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 11 (3/19/12):**

26  Samsung objects to this interrogatory as vague and ambiguous.  Samsung further objects to

27  this interrogatory to the extent that it seeks to elicit information subject to and protected by the

28  attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the

**SUBJECT TO PROTECTIVE ORDER**
<u>**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**</u>

1  common interest doctrine, and/or any other applicable privilege or immunity.  Samsung further

2  objects to this interrogatory to the extent it prematurely calls for expert testimony.  Samsung

3  hereby incorporates by reference any expert testimony, declarations, or reports previously

4  submitted in this action or which may be submitted in accordance with the Court's Minute Order

5  and Case Management Order, dated August 25, 2011, which address the scope of the Design

6  Patents at Issue or the non-infringement of any Samsung product accused of design patent

7  infringement.  Samsung also reserves the right to supplement or amend this response if Apple

8  attempts to supplement or amend in any way its design patent infringement contentions contained

9  in its Response to Samsung's Interrogatory No. 72, either through direct supplementation or

10  amendment of its Response or through any expert report or testimony.

11        Subject to the foregoing general and specific objections, Samsung responds as follows:

12        Design patents can only protect those aspects of the design that are ornamental, not

13  functional.  "If the patented design is primarily functional rather than ornamental, the patent is

14  invalid.  However, when the design also contains ornamental aspects, it is entitled to a design

15  patent whose scope is limited to those aspects alone and does not extend to any functional

16  elements of the claimed article."  *Richardson v. Stanley Works, Inc.*, 597 F.3d 1288, 1293-94 (Fec.

17  Cir. 2010) (internal citation omitted).  Therefore, to the extent that each the Design Patents at Issue

18  contain *any* ornamental aspects, the scope of those patents is narrowly limited to only those

19  ornamental aspects and does not include the entirety of the claimed designs, which incorporate

20  numerous functional features.  *See id.* ("A claim to a design containing numerous functional

21  elements, such as here, necessarily mandates a narrow construction.").  Further, "it is the non-

22  functional, design aspects that are pertinent to determinations of infringement."  *Lee v. Dayton-*

23  *Hudson Corp.*, 838 F.2d 1186, 1188 (Fed. Cir. 1988).  Thus, only those features of the Design

24  Patents at Issue which are ornamental, if such features exist at all, are properly compared with the

25  accused Samsung products to assess infringement.  *See id.*at 1188-89 ("A device that copies the

26  utilitarian or functional features of a patented design is not an infringement unless the ornamental

27  aspects are also copied.")  Samsung incorporates by reference its Responses to Apple's

28  Interrogatory No. 38 (Samsung's Objections and Responses to Apple's Tenth Set of

**SUBJECT TO PROTECTIVE ORDER**
<u>**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**</u>

1  Interrogatories (nos. 27-38), dated Feb. 29, 2012) and No. 12 (contained herein), which detail

2  functional features contained in the Design Patents at Issue.

3      Moreover, any assessment of infringement must consider the prior art. "The ordinary

4  observer is deemed to view the differences between the patented design and the accused product in

5  the context of the prior art. When the differences between the claimed and accused design are

6  viewed in light of the prior art, the attention of the hypothetical ordinary observer will be drawn to

7  those aspects of the claimed design that differ from the prior art. And when the claimed design is

8  close to the prior art designs, small differences between the accused design and the claimed design

9  are likely to be important to the eye of the hypothetical ordinary observer." *Egyptian Goddess,*

10  *Inc. v. Swisa, Inc.*, 543 F.3d 665, 676 (Fed. Cir. 2008). Because the designs claimed by the

11  Design Patents at Issue are incredibly close to, if not wholly anticipated or made obvious by, the

12  prior art, the differences between the accused Samsung products and the Design Patents at Issue

13  are likely to be important to the ordinary observer. Samsung incorporates by reference its

14  Supplemental Response to Apple's Interrogatory No. 12, contained herein, which details the prior

15  art to the Design Patents at Issue.

16      Further, the scope of the Design Patents at Issue is necessarily limited because Apple and

17  Samsung have both obtained design patents since the issuance of the Design Patents at Issue that

18  demonstrate unequivocally that similar designs are not substantially the same as those claimed in

19  the Design Patents at Issue. By way of example only, Apple obtained U.S. Patent No. D633,091

20  after it obtained U.S. Patent No. 622,270 (the "D'270 patent"), one of the Design Patents at Issue.

21  Because a design patent may only be granted for a "*new, original*, and ornamental design," 35

22  U.S.C. § 171 (emphasis added), the design claimed in D633,091 cannot be substantially the same

23  as the design claimed by the D'270 patent. However, since the differences between D633,091 and

24  D'270 are minor, the scope of the D'270 patent must therefore be very narrow, such that a minor

25  difference results in a "new, original" design. Similarly, D602,486, D602,014, D624,536,

26  D622,718, D604,297, D613,735, D622,719, D633,091, D637,596, D627,777, D558,758,

27  D558,756, D580,387, D581,922, D613,736, D634,319, D618,677, D618,678, D593,087,

28  D622,270, D504,889, D627,790, D617,334, D604,305, D644,239, and D597,101, as well as all of

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

1  the patents and file histories produced at SAMNDCA00359166-SAMNDCA00365544,

2  SAMNDCA00365600-SAMNDCA00365840, and SAMNDCA00373535-SAMNDCA00374040,

3  demonstrate that the scope of each of the Design Patents at Issue must be very narrow.

4        Regarding U.S. Patent No. D627,790 (the "D'790 patent"), Samsung incorporates by

5  reference its Response to Apple's Interrogatory No. 38 (Samsung's Objections and Responses to

6  Apple's Tenth Set of Interrogatories (nos. 27-38), dated Feb. 29, 2012) and No. 12 (contained

7  herein) which explain that every aspect of the claimed design is functional.  Accordingly, the

8  D'790 patent is invalid.  However, if it is determined that any of the features claimed by the D'790

9  patent are ornamental, the scope of the D'790 patent is limited to those features.  To the extent that

10 the Samsung devices Apple accuses of infringement of the D'790 patent share any features with

11 the D'790 patent, such features are wholly functional and therefore irrelevant to a determination of

12 infringement.  To the extent the D'790 patent claims any ornamental features, such features are

13 not present in the Samsung devices accused of infringement of the D'790 patent.

14       Moreover, Samsung incorporates by reference its Supplemental Response to Apple's

15 Interrogatory No. 12, contained herein, which demonstrates that the D'790 patent is anticipated or

16 made obvious by the prior art, or is invalid due to double patenting, indefiniteness, or otherwise.

17 To the extent the D'790 patent is valid, the differences between the D'790 patent and the Samsung

18 devices accused of infringement of the D'790 patent, viewed in light of the prior art, are likely to

19 be important to the eye of the hypothetical ordinary observer.  Therefore, the ordinary observer is

20 not likely to find the Samsung devices accused of infringement of the D'790 patent to be

21 substantially the same as the D'790 patent.

22       Finally, the scope of the D'790 patent is necessarily narrow since Apple has subsequently

23 obtained design patents on similar designs, including but not limited to D644,239 and D597,101.

24 Because the scope of the D'790 patent is so limited, the ordinary observer would not find the

25 Samsung devices accused of infringement of the D'790 patent to be substantially the same as the

26 narrowly-construed D'790 claimed design.

27       Regarding U.S. Patent No. D617,334 (the "D'334 patent"), Samsung incorporates by

28 reference its Response to Apple's Interrogatory No. 38 (Samsung's Objections and Responses to

SUBJECT TO PROTECTIVE ORDER
CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

1   Apple's Tenth Set of Interrogatories (nos. 27-38), dated Feb. 29, 2012) and No. 12 (contained

2   herein), which explain that every aspect of the claimed design is functional.  Accordingly, the

3   D'334 patent is invalid.  However, if it is determined that any of the features claimed by the D'334

4   patent are ornamental, the scope of the D'334 patent is limited to those features.  To the extent that

5   the Samsung devices Apple accuses of infringement of the D'334 patent share any features with

6   the D'334 patent, such features are wholly functional and therefore irrelevant to a determination of

7   infringement.  To the extent the D'334 patent claims any ornamental features, such features are

8   not present in the Samsung devices accused of infringement of the D'334 patent.

9          Moreover, Samsung incorporates by reference its Supplemental Response to Apple's

10  Interrogatory No. 12, contained herein, which demonstrates that the D'334 patent is anticipated or

11  made obvious by the prior art, or is invalid due to double patenting, indefiniteness, or otherwise.

12  To the extent the D'334 patent is valid, the differences between the D'334 patent and the Samsung

13  devices accused of infringement of the D'334 patent, viewed in light of the prior art, are likely to

14  be important to the eye of the hypothetical ordinary observer.  Therefore, the ordinary observer is

15  not likely to find the Samsung devices accused of infringement of the D'334 to be substantially

16  the same as the D'334 patent.

17         Finally, the scope of the D'334 patent is necessarily narrow since Apple obtained this

18  patent subsequent to being granted U.S. Patent No. D604,305, which contains a very similar

19  design.  The D'334 patent could not have issued in light of the D604,305 patent unless the D'334

20  claimed design were different from that of the D604,305 patent.  However, because the designs of

21  these two patents are so similar, the scope of the D'334 patent must be narrowly construed to

22  explain its issuance in light of D604,305.  Because the scope of the D'334 patent is so limited, the

23  ordinary observer would not find the Samsung devices accused of infringement of the D'334

24  patent to be substantially the same as the narrowly-construed D'334 claimed design.

25         Regarding U.S. Patent No. D604,305 (the "D'305 patent"), Samsung incorporates by

26  reference its Response to Apple's Interrogatory No. 38 (Samsung's Objections and Responses to

27  Apple's Tenth Set of Interrogatories (nos. 27-38), dated Feb. 29, 2012) and No. 12 (contained

28  herein), which explains that every aspect of the claimed design is functional.  Accordingly, the

SUBJECT TO PROTECTIVE ORDER
<u>CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION</u>

1   D'305 patent is invalid.  However, if it is determined that any of the features claimed by the D'305

2   patent are ornamental, the scope of the D'305 patent is limited to those features.  To the extent that

3   the Samsung devices Apple accuses of infringement of the D'305 patent share any features with

4   the D'305 patent, such features are wholly functional and therefore irrelevant to a determination of

5   infringement.  To the extent the D'305 patent claims any ornamental features, such features are

6   not present in the Samsung devices accused of infringement of the D'305 patent.

7            Moreover, Samsung incorporates by reference its Supplemental Response to Apple's

8   Interrogatory No. 12, contained herein, which demonstrates that the D'305 patent is anticipated or

9   made obvious by the prior art, or is invalid due to double patenting, indefiniteness, or otherwise.

10   To the extent the D'305 patent is valid, the differences between the D'305 patent and the Samsung

11   devices accused of infringement of the D'305 patent, viewed in light of the prior art, are likely to

12   be important to the eye of the hypothetical ordinary observer.  Therefore, the ordinary observer is

13   not likely to find the Samsung devices accused of infringement of the D'305 patent to be

14   substantially the same as the D'305 patent.

15            Finally, the scope of the D'305 patent is necessarily narrow since Apple has subsequently

16   obtained design patents on similar designs, including the D'334 patent.  Because the scope of the

17   D'305 patent is so limited, the ordinary observer would not find the Samsung devices accused of

18   infringement of the D'305 patent to be substantially the same as the narrowly-construed D'305

19   claimed design.

20            Regarding U.S. Patent No. D593,087 (the "D'087 patent"), Samsung incorporates by

21   reference its Response to Apple's Interrogatory No. 38 (Samsung's Objections and Responses to

22   Apple's Tenth Set of Interrogatories (nos. 27-38), dated Feb. 29, 2012) and No. 12 (contained

23   herein), which explain that every aspect of the claimed design is functional.  Accordingly, the

24   D'087 patent is invalid.  However, if it is determined that any of the features claimed by the D'087

25   patent are ornamental, the scope of the D'087 patent is limited to those features.  To the extent that

26   the Samsung devices Apple accuses of infringement of the D'087 patent share any features with

27   the D'087 patent, such features are wholly functional and therefore irrelevant to a determination of

28

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

1  infringement.  To the extent the D'087 patent claims any ornamental features, such features are

2  not present in the Samsung devices accused of infringement of the D'087 patent.

3      Moreover, Samsung incorporates by reference its Supplemental Response to Apple's

4  Interrogatory No. 12, contained herein, which demonstrates that the D'087 patent is anticipated or

5  made obvious by the prior art, or is invalid due to double patenting, indefiniteness, or otherwise.

6  To the extent the D'087 patent is valid, the differences between the D'087 patent and the Samsung

7  devices accused of infringement of the D'087 patent, viewed in light of the prior art, are likely to

8  be important to the eye of the hypothetical ordinary observer.  Therefore, the ordinary observer is

9  not likely to find the Samsung devices accused of infringement of the D'087 patent to be

10  substantially the same as the D'087 patent.

11      Finally, the scope of the D'087 patent is necessarily narrow since Apple has subsequently

12  obtained design patents on similar designs.  Because the scope of the D'087 patent is so limited,

13  the ordinary observer would not find the Samsung devices accused of infringement of the D'087

14  patent to be substantially the same as the narrowly-construed D'087 claimed design.

15      Regarding U.S. Patent No. D618,677(the "D'677 patent"), Samsung incorporates by

16  reference its Response to Apple's Interrogatory No. 38 (Samsung's Objections and Responses to

17  Apple's Tenth Set of Interrogatories (nos. 27-38), dated Feb. 29, 2012) and No. 12 (contained

18  herein), which explain that every aspect of the claimed design is functional.  Accordingly, the

19  D'677 patent is invalid.  However, if it is determined that any of the features claimed by the D'677

20  patent are ornamental, the scope of the D'677 patent is limited to those features.  To the extent that

21  the Samsung devices Apple accuses of infringement of the D'677 patent share any features with

22  the D'677 patent, such features are wholly functional and therefore irrelevant to a determination of

23  infringement.  To the extent the D'677 patent claims any ornamental features, such features are

24  not present in the Samsung devices accused of infringement of the D'677 patent.

25      Moreover, Samsung incorporates by reference its Supplemental Response to Apple's

26  Interrogatory No. 12, contained herein, which demonstrates that the D'677 patent is anticipated or

27  made obvious by the prior art, or is invalid due to double patenting, indefiniteness, or otherwise.

28  To the extent the D'677 patent is valid, the differences between the D'677 patent and the Samsung

SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF
INTERROGATORIES (11-12)

**SUBJECT TO PROTECTIVE ORDER**
<u>**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**</u>

1   devices accused of infringement of the D'677 patent, viewed in light of the prior art, are likely to

2   be important to the eye of the hypothetical ordinary observer.  Therefore, the ordinary observer is

3   not likely to find the Samsung devices accused of infringement of the D'677 patent to be

4   substantially the same as the D'677 patent.

5          Finally, the scope of the D'677 patent is necessarily narrow since Apple has subsequently

6   obtained design patents on similar designs.  Because the scope of the D'677 patent is so limited,

7   the ordinary observer would not find the Samsung devices accused of infringement of the D'677

8   patent to be substantially the same as the narrowly-construed D'677 claimed design.

9          Regarding U.S. Patent No. D622,270 (the "D'270 patent"), Samsung incorporates by

10  reference its Response to Apple's Interrogatory No. 38 (Samsung's Objections and Responses to

11  Apple's Tenth Set of Interrogatories (nos. 27-38), dated Feb. 29, 2012) and No. 12 (contained

12  herein), which explain that every aspect of the claimed design is functional.  Accordingly, the

13  D'270 patent is invalid.  However, if it is determined that any of the features claimed by the D'270

14  patent are ornamental, the scope of the D'270 patent is limited to those features.  To the extent that

15  the Samsung devices Apple accuses of infringement of the D'270 patent  share any features with

16  the D'270 patent, such features are wholly functional and therefore irrelevant to a determination of

17  infringement.  To the extent the D'270 patent claims any ornamental features, such features are

18  not present in the Samsung devices accused of infringement of the D'270 patent.

19         Moreover, Samsung incorporates by reference its Supplemental Response to Apple's

20  Interrogatory No. 12, contained herein, which demonstrates that the D'270 patent is anticipated or

21  made obvious by the prior art, or is invalid due to double patenting, indefiniteness, or otherwise.

22  To the extent the D'270 patent is valid, the differences between the D'270 patent and the Samsung

23  devices accused of infringement of the D'270 patent, viewed in light of the prior art, are likely to

24  be important to the eye of the hypothetical ordinary observer.  Therefore, the ordinary observer is

25  not likely to find the Samsung devices accused of infringement of the D'270 patent to be

26  substantially the same as the D'270 patent.

27         Finally, the scope of the D'270 patent is necessarily narrow since Apple has subsequently

28  obtained design patents on similar designs.  Because the scope of the D'270 patent is so limited,

SUBJECT TO PROTECTIVE ORDER
CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

1   the ordinary observer would not find the Samsung devices accused of infringement of the D'270

2   patent to be substantially the same as the narrowly-construed D'270 claimed design.

3          Regarding U.S. Patent No. D504,889 (the "D'889 patent"), Samsung incorporates by

4   reference its Response to Apple's Interrogatory No. 38 (Samsung's Objections and Responses to

5   Apple's Tenth Set of Interrogatories (nos. 27-38), dated Feb. 29, 2012) and No. 12 (contained

6   herein), which explain that every aspect of the claimed design is functional.  Accordingly, the

7   D'889 patent is invalid.  However, if it is determined that any of the features claimed by the D'889

8   patent are ornamental, the scope of the D'889 patent is limited to those features.  To the extent that

9   the Samsung devices Apple accuses of infringement of the D'889 patent share any features with

10  the D'889 patent, such features are wholly functional and therefore irrelevant to a determination of

11  infringement.  To the extent the D'889 patent claims any ornamental features, such features are

12  not present in the Samsung devices accused of infringement of the D'889 patent.

13         Moreover, Samsung incorporates by reference its Supplemental Response to Apple's

14  Interrogatory No. 12, contained herein, which demonstrates that the D'889 patent is anticipated or

15  made obvious by the prior art, or is invalid due to double patenting, indefiniteness, or otherwise.

16  To the extent the D'889 patent is valid, the differences between the D'889 patent and the Samsung

17  devices accused of infringement of the D'889 patent, viewed in light of the prior art, are likely to

18  be important to the eye of the hypothetical ordinary observer.  Therefore, the ordinary observer is

19  not likely to find the Samsung devices accused of infringement of the D'889 patent to be

20  substantially the same as the D'889 patent.

21         Finally, the scope of the D'889 patent is necessarily narrow since Apple has subsequently

22  obtained design patents on similar designs.  Because the scope of the D'889 patent is so limited,

23  the ordinary observer would not find the Samsung devices accused of infringement of the D'889

24  patent to be substantially the same as the narrowly-construed D'889 claimed design.

25

26  **INTERROGATORY NO. 12:**

27         Specifically for each of the Design Patents at Issue, explain the factual and legal bases for

28  Samsung's Third Affirmative Defense: Patent Invalidity. The response should include: (a) the

SUBJECT TO PROTECTIVE ORDER
CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

1  identity of any item of prior art that Samsung alleges anticipates each Design Patent at Issue; (b)

2  the identity of any item of prior art that Samsung alleges is a primary reference pursuant to *In re*

3  *Rosen*, 673 F.2d 388 (CCPA 1982); (c) the identity of any combinations of prior art that Samsung

4  alleges render any of the Design Patents at Issue obvious, including an explanation of why the

5  prior art renders each Design Patent at Issue obvious; and (d) any other grounds of invalidity

6  alleged by Samsung, including those based on 35 U.S.C. §§ 101, 102, 103, 112 and/or 171.

7

8  **RESPONSE TO INTERROGATORY NO. 12:**

9        Samsung objects to this interrogatory as vague and ambiguous.  Samsung further objects to

10  this interrogatory to the extent that it seeks to elicit information subject to and protected by the

11  attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the

12  common interest doctrine, and/or any other applicable privilege or immunity.  Samsung further

13  objects to this interrogatory as premature to the extent it requests information regarding

14  Samsung's invalidity contentions before sufficient discovery has been conducted.  Samsung

15  further objects to this interrogatory to the extent it prematurely calls for contentions at this stage of

16  litigation.  Samsung further objects to this interrogatory because it contains multiple subparts such

17  that each should count as a separate interrogatory.  Samsung will provide such contentions in

18  accordance with the Court's Minute Order and Case Management Order, dated August 25, 2011.

19        Subject to the foregoing general and specific objections, Samsung responds as follows:

20        For U.S. Patent No. D627,790, because the burden of deriving or ascertaining the answer

21  to this Interrogatory from the produced business records is substantially the same for Apple as for

22  Samsung, in accordance with Federal Rule of Civil Procedure 33(d), Samsung refers Apple to

23  documents produced in this action related to prior art, including the following documents:

24  SAMNDCA00020035-20119; SAMNDCA00020499-20575; SAMNDCA00020879-20899;

25  SAMNDCA00021500-21504; SAMNDCA00021894-22450; SAMNDCA00022764-22801;

26  SAMNDCA00023585-23590; SAMNDCA00024570-24581; SAMNDCA00199073-199148;

27  SAMNDCA00199210-199401; SAMNDCA00199525-200616; SAMNDCA00200640-200649;

28  SAMNDCA00200659-200660; SAMNDCA00200666-200669; SAMNDCA00200677-200685;

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

1   SAMNDCA00200715-200723; SAMNDCA00200734-200736; SAMNDCA00200749-200750;

2   SAMNDCA00200789-200791; SAMNDCA00200807-200808; SAMNDCA00200839-200842;

3   SAMNDCA00200926-200927; SAMNDCA00200941-200952; SAMNDCA00200961-200971;

4   SAMNDCA00201021-201022; SAMNDCA00201076-201077; SAMNDCA00201095-201097;

5   SAMNDCA00201112-201113; SAMNDCA00201141-201142; SAMNDCA00201151-201159;

6   SAMNDCA00201168-201171; SAMNDCA00201183-201188; SAMNDCA00201205-201206;

7   SAMNDCA00201211-201220; SAMNDCA00201241-201249.

8        Samsung believes that the identified prior art, standing alone, or in combination, would be

9   substantially similar to an ordinary observer giving such attention as a purchaser usually gives, to

10  Apple's design patent, rendering the patent invalid as anticipated and/or obvious.  Samsung also

11  believes that Apple's design patent is invalid because it is the subject of double-patenting, is

12  indefinite, and because the design is not ornamental.  In addition, Samsung's investigation is

13  ongoing and Samsung will supplement this interrogatory after a reasonable investigation and

14  further discovery from Apple on the basis for its infringement position.

15       For U.S. Patent No. D617,334, because the burden of deriving or ascertaining the answer

16  to this Interrogatory from the produced business records is substantially the same for Apple as for

17  Samsung, in accordance with Federal Rule of Civil Procedure 33(d), Samsung refers Apple to

18  documents produced in this action related to prior art, including the following documents:

19  SAMNDCA00020035-20119; SAMNDCA00020499-20575; SAMNDCA00020879-20899;

20  SAMNDCA00021500-21504; SAMNDCA00021894-22450; SAMNDCA00022764-22801;

21  SAMNDCA00023585-23590; SAMNDCA00024570-24581; SAMNDCA00199073-199148;

22  SAMNDCA00199210-199401; SAMNDCA00199525-200616; SAMNDCA00200640-200649;

23  SAMNDCA00200659-200660; SAMNDCA00200666-200669; SAMNDCA00200677-200685;

24  SAMNDCA00200715-200723; SAMNDCA00200734-200736; SAMNDCA00200749-200750;

25  SAMNDCA00200789-200791; SAMNDCA00200807-200808; SAMNDCA00200839-200842;

26  SAMNDCA00200926-200927; SAMNDCA00200941-200952; SAMNDCA00200961-200971;

27  SAMNDCA00201021-201022; SAMNDCA00201076-201077; SAMNDCA00201095-201097;

28  SAMNDCA00201112-201113; SAMNDCA00201141-201142; SAMNDCA00201151-201159;

SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF
INTERROGATORIES (11-12)

**SUBJECT TO PROTECTIVE ORDER**
<u>**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**</u>

1   SAMNDCA00201168-201171; SAMNDCA00201183-201188; SAMNDCA00201205-201206;

2   SAMNDCA00201211-201220; SAMNDCA00201241-201249.

3   Samsung believes that the identified prior art, standing alone, or in combination, would be

4   substantially similar to an ordinary observer giving such attention as a purchaser usually gives, to

5   Apple's design patent, rendering the patent invalid as anticipated and/or obvious.  Samsung also

6   believes that Apple's design patent is invalid because it is the subject of double-patenting, is

7   indefinite, and because the design is not ornamental.  In addition, Samsung's investigation is

8   ongoing and Samsung will supplement this interrogatory after a reasonable investigation and

9   further discovery from Apple on the basis for its infringement position.

10   For U.S. Patent No. D604,305, because the burden of deriving or ascertaining the answer

11   to this Interrogatory from the produced business records is substantially the same for Apple as for

12   Samsung, in accordance with Federal Rule of Civil Procedure 33(d), Samsung refers Apple to

13   documents produced in this action related to prior art, including the following documents:

14   SAMNDCA00020035-20119; SAMNDCA00020499-20575; SAMNDCA00020879-20899;

15   SAMNDCA00021500-21504; SAMNDCA00021894-22450; SAMNDCA00022764-22801;

16   SAMNDCA00023585-23590; SAMNDCA00024570-24581; SAMNDCA00199073-199148;

17   SAMNDCA00199210-199401; SAMNDCA00199525-200616; SAMNDCA00200640-200649;

18   SAMNDCA00200659-200660; SAMNDCA00200666-200669; SAMNDCA00200677-200685;

19   SAMNDCA00200715-200723; SAMNDCA00200734-200736; SAMNDCA00200749-200750;

20   SAMNDCA00200789-200791; SAMNDCA00200807-200808; SAMNDCA00200839-200842;

21   SAMNDCA00200926-200927; SAMNDCA00200941-200952; SAMNDCA00200961-200971;

22   SAMNDCA00201021-201022; SAMNDCA00201076-201077; SAMNDCA00201095-201097;

23   SAMNDCA00201112-201113; SAMNDCA00201141-201142; SAMNDCA00201151-201159;

24   SAMNDCA00201168-201171; SAMNDCA00201183-201188; SAMNDCA00201205-201206;

25   SAMNDCA00201211-201220; SAMNDCA00201241-201249.

26   Samsung believes that the identified prior art, standing alone, or in combination, would be

27   substantially similar to an ordinary observer giving such attention as a purchaser usually gives, to

28   Apple's design patent, rendering the patent invalid as anticipated and/or obvious.  Samsung also

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

1  believes that Apple's design patent is invalid because it is the subject of double-patenting, is

2  indefinite, and because the design is not ornamental.  In addition, Samsung's investigation is

3  ongoing and Samsung will supplement this interrogatory after a reasonable investigation and

4  further discovery from Apple on the basis for its infringement position.

5      For U.S. Patent No. D593,087, because the burden of deriving or ascertaining the answer

6  to this Interrogatory from the produced business records is substantially the same for Apple as for

7  Samsung, in accordance with Federal Rule of Civil Procedure 33(d), Samsung refers Apple to

8  documents produced in this action related to prior art, including the following documents:

9  SAMNDCA00019932-20034; SAMNDCA00020120-20303; SAMNDCA00020394-20498;

10  SAMNDCA00020782-20878; SAMNDCA00020900-20906; SAMNDCA00020978-20989;

11  SAMNDCA00021255-21313; SAMNDCA00021315-21336; SAMNDCA00021341-21471;

12  SAMNDCA00021479-21499; SAMNDCA00021505-21588; SAMNDCA00021593-21604;

13  SAMNDCA00021608-21632; SAMNDCA00021634-21805; SAMNDCA00021812-21857;

14  SAMNDCA00022451-22522; SAMNDCA00022732-22763; SAMNDCA00022802-22812;

15  SAMNDCA00022901-22971; SAMNDCA00022984-23064; SAMNDCA00023137-23182;

16  SAMNDCA00023234-23524; SAMNDCA00023542—23584; SAMNDCA00023591-24061;

17  SAMNDCA00024582-24662; SAMNDCA00024749-24752; SAMNDCA00027670-27722;

18  SAMNDCA00198059-198067; SAMNDCA00198070-198096; SAMNDCA00198101-198274;

19  SAMNDCA00198289-198307; SAMNDCA00198313-198456; SAMNDCA00198754-198846;

20  SAMNDCA00198884-199046; SAMNDCA00199164-199222; SAMNDCA00199298-199306;

21  SAMNDCA00199402-199524; SAMNDCA00200425-200472; SAMNDCA00200617-200639;

22  SAMNDCA00200650-200658; SAMNDCA00200661-200665; SAMNDCA00200670-200676;

23  SAMNDCA00200686-200714; SAMNDCA00200724-200733; SAMNDCA00200737-200748;

24  SAMNDCA00200751-200788; SAMNDCA00200793-200806; SAMNDCA00200809-200838;

25  SAMNDCA00200843-200873; SAMNDCA00201264-201278.

26      Samsung believes that the identified prior art, standing alone, or in combination, would be

27  substantially similar to an ordinary observer giving such attention as a purchaser usually gives, to

28  Apple's design patent, rendering the patent invalid as anticipated and/or obvious.  Samsung also

SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF
INTERROGATORIES (11-12)

**SUBJECT TO PROTECTIVE ORDER**
<u>**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**</u>

1   believes that Apple's design patent is invalid because it is the subject of double-patenting, is

2   indefinite, and because the design is not ornamental.  In addition, Samsung's investigation is

3   ongoing and Samsung will supplement this interrogatory after a reasonable investigation and

4   further discovery from Apple on the basis for its infringement position.  Samsung also

5   incorporates by reference the Declaration of Itay Sherman in Support of Samsung's Opposition to

6   Apple's Motion for a Preliminary Injunction (Dkt. No. 172).

7        For U.S. Patent No. D618,677, because the burden of deriving or ascertaining the answer

8   to this Interrogatory from the produced business records is substantially the same for Apple as for

9   Samsung, in accordance with Federal Rule of Civil Procedure 33(d), Samsung refers Apple to

10   documents produced in this action related to prior art, including the following documents:

11   SAMNDCA00019932-20034; SAMNDCA00020120-20303; SAMNDCA00020394-20498;

12   SAMNDCA00020782-20878; SAMNDCA00020900-20906; SAMNDCA00020978-20989;

13   SAMNDCA00021255-21313; SAMNDCA00021315-21336; SAMNDCA00021341-21471;

14   SAMNDCA00021479-21499; SAMNDCA00021505-21588; SAMNDCA00021593-21604;

15   SAMNDCA00021608-21632; SAMNDCA00021634-21805; SAMNDCA00021812-21857;

16   SAMNDCA00022451-22522; SAMNDCA00022732-22763; SAMNDCA00022802-22812;

17   SAMNDCA00022901-22971; SAMNDCA00022984-23064; SAMNDCA00023137-23182;

18   SAMNDCA00023234-23524; SAMNDCA00023542—23584; SAMNDCA00023591-24061;

19   SAMNDCA00024582-24662; SAMNDCA00024749-24752; SAMNDCA00027670-27722;

20   SAMNDCA00198059-198067; SAMNDCA00198070-198096; SAMNDCA00198101-198274;

21   SAMNDCA00198289-198307; SAMNDCA00198313-198456; SAMNDCA00198754-198846;

22   SAMNDCA00198884-199046; SAMNDCA00199164-199222; SAMNDCA00199298-199306;

23   SAMNDCA00199402-199524; SAMNDCA00200425-200472; SAMNDCA00200617-200639;

24   SAMNDCA00200650-200658; SAMNDCA00200661-200665; SAMNDCA00200670-200676;

25   SAMNDCA00200686-200714; SAMNDCA00200724-200733; SAMNDCA00200737-200748;

26   SAMNDCA00200751-200788; SAMNDCA00200793-200806; SAMNDCA00200809-200838;

27   SAMNDCA00200843-200873; SAMNDCA00201264-201278.

28

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

1   Samsung believes that the identified prior art, standing alone, or in combination, would be

2   substantially similar to an ordinary observer giving such attention as a purchaser usually gives, to

3   Apple's design patent, rendering the patent invalid as anticipated and/or obvious.  Samsung also

4   believes that Apple's design patent is invalid because it is the subject of double-patenting, is

5   indefinite, and because the design is not ornamental.  In addition, Samsung's investigation is

6   ongoing and Samsung will supplement this interrogatory after a reasonable investigation and

7   further discovery from Apple on the basis for its infringement position.  Samsung also

8   incorporates by reference the Declaration of Itay Sherman in Support of Samsung's Opposition to

9   Apple's Motion for a Preliminary Injunction (Dkt. No. 172).

10   For U.S. Patent No. D622,270, because the burden of deriving or ascertaining the answer

11   to this Interrogatory from the produced business records is substantially the same for Apple as for

12   Samsung, in accordance with Federal Rule of Civil Procedure 33(d), Samsung refers Apple to

13   documents produced in this action related to prior art, including the following documents:

14   SAMNDCA00019932-20034; SAMNDCA00020120-20303; SAMNDCA00020394-20498;

15   SAMNDCA00020782-20878; SAMNDCA00020900-20906; SAMNDCA00020978-20989;

16   SAMNDCA00021255-21313; SAMNDCA00021315-21336; SAMNDCA00021341-21471;

17   SAMNDCA00021479-21499; SAMNDCA00021505-21588; SAMNDCA00021593-21604;

18   SAMNDCA00021608-21632; SAMNDCA00021634-21805; SAMNDCA00021812-21857;

19   SAMNDCA00022451-22522; SAMNDCA00022732-22763; SAMNDCA00022802-22812;

20   SAMNDCA00022901-22971; SAMNDCA00022984-23064; SAMNDCA00023137-23182;

21   SAMNDCA00023234-23524; SAMNDCA00023542—23584; SAMNDCA00023591-24061;

22   SAMNDCA00024582-24662; SAMNDCA00024749-24752; SAMNDCA00027670-27722;

23   SAMNDCA00198059-198067; SAMNDCA00198070-198096; SAMNDCA00198101-198274;

24   SAMNDCA00198289-198307; SAMNDCA00198313-198456; SAMNDCA00198754-198846;

25   SAMNDCA00198884-199046; SAMNDCA00199164-199222; SAMNDCA00199298-199306;

26   SAMNDCA00199402-199524; SAMNDCA00200425-200472; SAMNDCA00200617-200639;

27   SAMNDCA00200650-200658; SAMNDCA00200661-200665; SAMNDCA00200670-200676;

28   SAMNDCA00200686-200714; SAMNDCA00200724-200733; SAMNDCA00200737-200748;

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

1   SAMNDCA00200751-200788; SAMNDCA00200793-200806; SAMNDCA00200809-200838;

2   SAMNDCA00200843-200873; SAMNDCA00201264-201278.

3        Samsung believes that the identified prior art, standing alone, or in combination, would be

4   substantially similar to an ordinary observer giving such attention as a purchaser usually gives, to

5   Apple's design patent, rendering the patent invalid as anticipated and/or obvious.  Samsung also

6   believes that Apple's design patent is invalid because it is the subject of double-patenting, is

7   indefinite, and because the design is not ornamental.  In addition, Samsung's investigation is

8   ongoing and Samsung will supplement this interrogatory after a reasonable investigation and

9   further discovery from Apple on the basis for its infringement position.

10       For U.S. Patent No. D504,889, in accordance with Federal Rule of Civil Procedure 33(d),

11  Samsung refers Apple to documents produced in this action related to prior art, including the

12  following documents, because the burden of deriving or ascertaining the answer to this

13  Interrogatory from the produced business records is substantially the same for Apple as for

14  Samsung: SAMNDCA00019932-19943; SAMNDCA00020120-20247; SAMNDCA00020394-

15  20498; SAMNDCA00020903-20906; SAMNDCA00020978-20989; SAMNDCA00021281-

16  21313; SAMNDCA00021330-21336; SAMNDCA00021341-21436; SAMNDCA00021479-

17  21485; SAMNDCA00021505-21588; SAMNDCA00021593-21596; SAMNDCA00021800-

18  21805; SAMNDCA00022451-22506; SAMNDCA00022514-22520; SAMNDCA00022732-

19  22763; SAMNDCA00022802-22812; SAMNDCA00022901-22910; SAMNDCA00022984-

20  23047; SAMNDCA00023234-23265; SAMNDCA00023520-23524; SAMNDCA00023591-

21  23801; SAMNDCA00024582-24629; SAMNDCA00027686-27690; SAMNDCA00027692-

22  27708; SAMNDCA00198059; SAMNDCA00198070-198076; SAMNDCA00198089-198096;

23  SAMNDCA00198109-198115; SAMNDCA00198134-198142; SAMNDCA00198245-198267;

24  SAMNDCA00198285-198289; SAMNDCA00198317-198318; SAMNDCA00198322;

25  SAMNDCA00198333-198336; SAMNDCA00198343-198344; SAMNDCA00198754-198808;

26  SAMNDCA00198884-198918; SAMNDCA00199164-199189; SAMNDCA00199204-199209;

27  SAMNDCA00199402-199411; SAMNDCA00199415-199419; SAMNDCA00199426-199432;

28  SAMNDCA00199439-199441; SAMNDCA00199445-199447; SAMNDCA00199454-199524;

SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF
INTERROGATORIES (11-12)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

1   SAMNDCA00200617-200639; SAMNDCA00200650-200658; SAMNDCA00200661-200665;

2   SAMNDCA00200670-200676; SAMNDCA00200686-200714; SAMNDCA00200724-200733;

3   SAMNDCA00200737-200740; SAMNDCA00201264-201271.

4          Samsung believes that the identified prior art, standing alone, or in combination, would be

5   substantially similar to an ordinary observer giving such attention as a purchaser usually gives, to

6   Apple's design patent, rendering the patent invalid as anticipated and/or obvious.  Samsung also

7   believes that Apple's design patent is invalid because it is the subject of double-patenting, is

8   indefinite, and because the design is not ornamental.  In addition, Samsung's investigation is

9   ongoing and Samsung will supplement this interrogatory after a reasonable investigation and

10  further discovery from Apple on the basis for its infringement position.  Samsung also

11  incorporates by reference the Declaration of Roger Fidler and the Declaration of Itay Sherman in

12  Support of Samsung's Opposition to Apple's Motion for a Preliminary Injunction (Dkt. Nos. 166,

13  172).

14

15  **FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 12 (3/19/12):**

16         Samsung objects to this interrogatory as vague and ambiguous.  Samsung further objects to

17  this interrogatory to the extent that it seeks to elicit information subject to and protected by the

18  attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the

19  common interest doctrine, and/or any other applicable privilege or immunity.  Samsung further

20  objects to this interrogatory as premature to the extent it requests information regarding

21  Samsung's invalidity contentions before expert reports have been submitted.  Samsung further

22  objects to this interrogatory because it contains multiple subparts such that each should count as a

23  separate interrogatory.

24         Subject to the foregoing general and specific objections, Samsung responds as follows:

25

26  ***For U.S. Patent No. D593,087***

27              **Invalidity Under 35 U.S.C. § 102 or 103**

28         Samsung identifies the following prior art that anticipates and/or renders obvious  the

SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF
INTERROGATORIES (11-12)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

D'087 patent either expressly or inherently as understood by a person having ordinary skill in the art at the time of the alleged invention, either alone or in combination with other references identified below.  These references anticipate and/or render obvious one or more embodiments of the D'087 patent.  These references are prior art under at least 35 U.S.C. §§ 102(a), (b), (e), (g) and/or 103.

Without waiving any right to address additional design characteristics of this prior art that anticipate and/or render obvious the design claimed in D'087, and without waiving any right to show that the design claimed in D'087 is indefinite, the prior art shown below shares at least the design characteristics identified below with those that Apple has claimed in D'087:

| **Prior Art Design Elements** | **Disclosure Rendering the Claim Unpatentable** |
|---|---|
| • Rounded Corners<br>• Lack of Significant Ornamentation<br>• Rectangular Shape<br>• Flat Continuous Surface<br>• Reflective or Transparent Surface<br>• Horizontal Speaker Slot<br>• Speaker Slot Located Near Top of Device<br>• Display Screen Covering Substantial Portion of Front Face<br>• Display Screen in Center of Device<br>• Narrow Borders on Sides of ScreenBroader<br>• Borders Above and Below Screen<br>• Uniform bezel surrounding front face | **1.      Bluebird Pidion BM-200 —** (released November 2005; SAMNDCA00326344 - SAMNDCA00326346)<br> |

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

- Rounded Corners
- Lack of Significant Ornamentation
- Rectangular Shape
- Flat Continuous Surface
- Horizontal Speaker Slot
- Speaker Slot Located Near Top of Device
- Reflective or Transparent Surface
- Display Screen Covering Substantial Portion of Front Face
- Display Screen in Center of Device
- Narrow Borders on Sides of Screen
- Broader Borders Above and Below Screen
- Uniform bezel surrounding front face

2.  **Korean Patent 0398307 —** (Issued Nov. 15, 2005; SAMNDCA00282113 - SAMNDCA00282120)



SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF INTERROGATORIES (11-12)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

【 우측면도 】

【 평면도 】

【 저면도 】

- Rounded Corners
- Lack of Significant Ornamentation
- Rectangular Shape
- Alleged by Apple to have flat Continuous Surface
- Alleged by Apple to have reflective or Transparent Surface
- Display Screen Covering Substantial Portion of Front Face
- Display Screen in Center of Device

3.   **United States Patent D504,889 —** (filed March 17, 2004; SAMNDCA00200769—SAMNDCA00200773)

FIG. 1

FIG. 2

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

- Rounded Corners
- Lack of Significant Ornamentation
- Rectangular Shape
- Flat Continuous Surface
- Reflective or Transparent Surface
- Horizontal Speaker Slot
- Speaker Slot Located Near Top of Device
- Display Screen Covering Substantial Portion of Front Face
- Display Screen in Center of Device
- Narrow Borders on Sides of Screen
- Broader Borders Above and Below Screen
- Uniform bezel surrounding front face

4.    **LG Prada —** (Images available to public by December 2006; SAMNDCA00326458 - SAMNDCA00326461)



SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF INTERROGATORIES (11-12)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

| | |
|---|---|
| <ul><li>Rounded Corners</li><li>Lack of Significant Ornamentation</li><li>Rectangular Shape</li><li>Horizontal Speaker Slot</li><li>Speaker Slot Located Near Top of Device</li><li>Display Screen Covering Substantial Portion of Front Face</li><li>Display Screen in Center of Device</li><li>Narrow Borders on Sides of Screen</li><li>Broader Borders Above and Below Screen</li><li>Uniform bezel surrounding front face</li></ul> | **5.** **Sharp Japanese Registration – JP 1241638 —** (Issued June 6, 2005; SAMNDCA00255247—SAMNDCA00255260) <br>  |
| <ul><li>Rounded Corners</li><li>Lack of Significant Ornamentation</li><li>Rectangular Shape</li><li>Flat Continuous Surface</li><li>Reflective or Transparent Surface</li><li>Horizontal Speaker Slot</li><li>Speaker Slot Located Near Top of Device</li><li>Display Screen Covering Substantial Portion of Front Face</li><li>Narrow Borders on Sides of Screen</li><li>Broader Borders Above and Below Screen</li></ul> | **6.** **LG Chocolate (LG KG800) —** (Released March 2006; SAMNDCA00326329 - SAMNDCA00326331; SAMNDCA00326462) <br>  |

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

| | |
|---|---|
| • Uniform bezel surrounding front face | |
| • Rounded Corners<br>• Lack of Significant Ornamentation<br>• Rectangular Shape<br>• Flat Continuous Surface<br>• Reflective or Transparent Surface<br>• Horizontal Speaker Slot<br>• Speaker Slot Located Near Top of Device<br>• Display Screen Covering Substantial Portion of Front Face<br>• Narrow Borders on Sides of Screen<br>• Broader Borders Above and Below Screen<br>• Uniform bezel surrounding front face | **7.** **United States Patent, D536,691** — (Filed Mar. 13, 2006; Issued Feb. 13, 2007; SAMNDCA00200883—SAMNDCA00200888)<br><br> |

-29-                                    Case No. 11-cv-01846-LHK

SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF
INTERROGATORIES (11-12)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

- Rounded Corners
- Lack of Significant Ornamentation
- Rectangular Shape
- Flat Continuous Surface
- Reflective or Transparent Surface
- Display Screen Covering Substantial Portion of Front Face
- Display Screen in Center of Device
- Narrow Borders on Sides of Screen
- Broader Borders Above and Below Screen
- Uniform bezel surrounding front face

8.    **Japanese Patent JP 1241383** — (Issued June 2005; SAMNDCA00255283—SAMNDCA00255295)

SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF
INTERROGATORIES (11-12)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

- Rounded Corners
- Lack of Significant Ornamentation
- Rectangular Shape
- Flat Continuous Surface
- Horizontal Speaker Slot
- Speaker Slot Located Near shorter edge of Device
- Display Screen Covering Substantial Portion of Front Face
- Display Screen in Center of Device
- Narrow Borders on two opposing sides of the screen
- Broader Borders on two other opposing sides of screen

**9.     Japanese Design Patent JP 1009317** — (Issued Feb. 20, 1998; SAMNDCA00255278—SAMNDCA00255282)

SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF
INTERROGATORIES (11-12)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

- Rounded Corners
- Lack of Significant Ornamentation
- Rectangular Shape
- Flat Continuous Surface
- Reflective or Transparent Surface
- Horizontal Speaker Slot
- Speaker Slot Located Near Top of Device
- Display Screen Covering Substantial Portion of Front Face
- Display Screen in Center of Device
- Narrow Borders on Sides of Screen
- Broader Borders Above and Below Screen
- Bezel surrounding front face

10. **Samsung Korean Patent 30-0452985; Application KR 30-2006-0050769** — (Applied for December 2006; patent issued Aug. 2007; SAMNDCA00255357—SAMNDCA00255365)

SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF INTERROGATORIES (11-12)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

| | |
|---|---|
| • Rounded Corners<br>• Lack of Significant Ornamentation<br>• Rectangular Shape<br>• Display Screen Covering Substantial Portion of Front Face<br>• Display Screen in Center of Device | **11.   Japanese Design Patent JP-S-887388** — (Issued Dec. 21, 1993; SAMNDCA00255215—SAMNDCA00255221)<br> |
| • Rounded Corners<br>• Lack of Significant Ornamentation<br>• Rectangular Shape<br>• Display Screen Covering Substantial Portion of Front Face<br>• Display Screen in Center of Device | **12.   Japanese Design Patent JP-S-1142127** — (Issued May 27, 2002; SAMNDCA00255229—SAMNDCA00255246)<br> |

SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF
INTERROGATORIES (11-12)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**



- Rounded Corners
- Lack of Significant Ornamentation
- Rectangular Shape
- Flat Continuous Surface
- Reflective or Transparent Surface
- Display Screen Covering Substantial Portion of Front Face
- Display Screen in Center of Device
- Uniform bezel surrounding front face

13.    **United States Design Patent D497,364** — (Filed Nov. 27, 2002, Issued Oct. 19, 2004; SAMNDCA00326308 - SAMNDCA00326314)

FIG. 1



FIG. 2

SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF INTERROGATORIES (11-12)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**



- Rounded Corners
- Lack of Significant Ornamentation
- Rectangular Shape
- Flat Continuous Surface
- Reflective or Transparent Surface

14.     **United States Patent D548,747 —** (filed August 24, 2005; SAMNDCA00200936—SAMNDCA00200940)

FIG. 1

FIG. 2

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**



FIG. 3

FIG. 4

FIG. 5

FIG. 6

FIG. 7

15.    **iRiver U10** — (Released October 2005;SAMNDCA00326325 - SAMNDCA00326328)



- Rounded Corners
- Lack of Significant Ornamentation
- Rectangular Shape
- Flat Continuous Surface
- Reflective or Transparent Surface
- Display Screen Covering Substantial Portion of Front Face
- Display Screen in Center of Device
- Narrow Borders on Two Opposing Sides of Screen
- Broader Borders on the Remaining Two Sides of

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

| | | |
|---|---|---|
| 1 | the Screen<br>• Uniform bezel<br>surrounding front face | <br> |
| 12 | • Rounded Corners<br>• Lack of Significant<br>Ornamentation<br>• Rectangular Shape<br>• Flat Continuous Surface<br>• Reflective or<br>Transparent Surface<br>• Horizontal Speaker Slot<br>• Speaker Slot Located<br>Near Top of Device<br>• Display Screen<br>Covering Substantial<br>Portion of Front Face<br>• Display Screen in Center<br>of Device<br>• Narrow Borders on<br>Sides of Screen<br>• Broader Borders Above<br>and Below Screen<br>• Uniform bezel<br>surrounding front face | **16.   Nokia N92 —** (Released 2005; SAMNDCA00326338 -<br>SAMNDCA00326339)<br><br> |

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

| | | |
|---|---|---|
| 1 | • Rounded Corners<br>• Lack of Significant Ornamentation<br>• Rectangular Shape<br>• Flat Continuous Surface<br>• Reflective or Transparent Surface<br>• Display Screen<br>• Uniform bezel surrounding front face | **17.    Olympus m:robe MR-100 —** (Released 2005; SAMNDCA00326463 - SAMNDCA00326466) |





**18.    Japanese Design Patent 1204221 —** (Issued May 10, 2004; - SAMNDCA00256066—SAMNDCA00256079)

• Rounded Corners
• Lack of Ornamentation
• Rectangular Shape
• Flat Continuous Surface
• Horizontal Ear Speaker Slot
• Ear Speaker Slot Located Near Top of Device
• Display Screen Covering Substantial

SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF
INTERROGATORIES (11-12)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

Portion of Front Face
- Display Screen in Center of Device
- Narrow Borders on Sides of Screen
- Broader Borders Above and Below Screen

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- Rounded Corners
- Lack of significant Ornamentation
- Flat Continuous Surface
- Ear Speaker Opening Near Top of Device
- Display Screen Covering Substantial Portion of Front Face
- Display Screen in Center of Device
- Narrow Borders on Sides of Screen
- Broader Borders Above and Below Screen
- Uniform bezel surrounding front face

**19.    Nokia Design Contest Phone by Ricardo Villas-Boas —** (Publicly displayed online in 2004; SAMNDCA00326336 - SAMNDCA00326337; SAMNDCA00326380 - SAMNDCA00326385)






**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

| | |
|---|---|
| • Rounded Corners<br>• Lack of Ornamentation<br>• Rectangular Shape<br>• Flat Continuous Surface<br>• Reflective or Transparent Surface<br>• Horizontal Speaker Slot<br>• Speaker Slot Located Near Top of Device<br>• Display Screen Covering Substantial Portion of Front Face<br>• Display Screen in Center of Device<br>• Narrow Borders on Sides of Screen<br>• Broader Borders Above and Below Screen<br>• Uniform bezel surrounding front face | **20.   Korean Design Patent KR 30-0418547** — (Issued July 2006; SAMNDCA00255321—SAMNDCA00255329) |

02198.51855/4660268.2

SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF
INTERROGATORIES (11-12)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

| | |
|---|---|
| • Rounded Corners<br>• Lack of Ornamentation<br>• Rectangular Shape<br>• Flat Continuous Surface<br>• Reflective or Transparent Surface<br>• Horizontal Speaker Slot<br>• Speaker Slot Located Near Top of Device<br>• Display Screen Covering Substantial Portion of Front Face | **21.**  **U.S. Design Patent No. D514,590** (Filed November 1, 2004; Issued February 7, 2006; SAMNDC00023918-00023921)<br><br> |

SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF
INTERROGATORIES (11-12)

SUBJECT TO PROTECTIVE ORDER
CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

FIG. 4    FIG. 5

FIG. 6

FIG. 7

SUBJECT TO PROTECTIVE ORDER
CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- Rounded Corners
- Lack of Ornamentation
- Rectangular Shape
- Flat Continuous Surface
- Reflective or Transparent Surface
- Display Screen Covering Substantial Portion of Front Face
- Display Screen in Center of Device
- Narrow Borders on two opposing sides of the screen
- Broader Borders on two other opposing sides of screen
- Uniform bezel surrounding front face

**22.    Olympus MR500i** (Publicly disclosed in 2005; SAMNDCA00365586-00365589)



**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

| | |
|---|---|
| • Rounded Corners | **23.** **European Union RCD 000569157-0005** (Registered August 1, 2006; Published September 5, 2006; SAMNDCA00021315-00021319) |
| • Lack of Ornamentation | |
| • Rectangular Shape | |
| • Flat Continuous Surface | |
| • Reflective or Transparent Surface | |
| • Horizontal Speaker Slot | |
| • Speaker Slot Located Near Top of Device | |
| • Display Screen Covering Substantial Portion of Front Face | |
| • Display Screen in Center of Device | |
| • Narrow Borders on Sides of Screen | |
| • Broader Borders Above and Below Screen | |

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

| | |
|---|---|
| • Rounded Corners<br>• Lack of Ornamentation<br>• Rectangular Shape<br>• Flat Continuous Surface<br>• Reflective or Transparent Surface<br>• Horizontal Speaker Slot<br>• Speaker Slot Located Near Top of Device<br>• Display Screen Covering Substantial Portion of Front Face<br>• Narrow Borders on Sides of Screen<br>• Broader Borders Above and Below Screen | **24.**   **U.S. Design Patent No. 534,516** (Filed March 9, 2006; Issued January 2, 2007; SAMNDCA00255377-255387) |

SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF
INTERROGATORIES (11-12)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- Rounded Corners
- Lack of Ornamentation
- Rectangular Shape
- Flat Continuous Surface
- Reflective or Transparent Surface
- Bezel surrounding front face

**25.   Samsung Yepp YP-K3 MP3 Player** (Publicly disclosed in 2006; SAMNDCA00326549-00326557)



**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- Rounded Corners
- Lack of Ornamentation
- Rectangular Shape
- Horizontal Speaker Slot
- Speaker Slot Located Near Top of Device
- Display Screen Covering Substantial Portion of Front Face
- Narrow Borders on Sides of Screen
- Broader Borders Above and Below Screen

**26.    Sony Ericsson Walkman Phone W950** (Images publicly available by February 2006)





SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF
INTERROGATORIES (11-12)

SUBJECT TO PROTECTIVE ORDER
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

| | |
|---|---|
| • Rounded Corners<br>• Lack of Significant Ornamentation<br>• Rectangular Shape<br>• Flat Continuous Surface<br>• Reflective or Transparent Surface<br>• Display Screen Covering Substantial Portion of Front Face<br>• Thin rim surrounding the front surface | **27.   United States Design Patent D500,037** — (Filed September 3, 2002, Issued December 21, 2004; SAMNDCA00027716 -0027722) |



FIG. 2



02198.51855/4660268.2

-49-   Case No. 11-cv-01846-LHK
SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF INTERROGATORIES (11-12)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

| | |
|---|---|
| • Rounded Corners<br>• Lack of Significant Ornamentation<br>• Rectangular Shape<br>• Flat Continuous Surface<br>• Display Screen Covering Substantial Portion of Front Face<br>• Display Screen in Center of Device<br>• Thin rim surrounding the front surface<br>• Reflective or Transparent Surface | **28.** **U.S. Patent No. 6,919,678** — (Filed November 20, 2002; Issued July 19, 2005; SAMNDCA00354855— SAMNDCA00354872)<br><br> |

-50-                                        Case No. 11-cv-01846-LHK
SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF
INTERROGATORIES (11-12)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

| | |
|---|---|
| • Rounded Corners<br>• Lack of Ornamentation<br>• Rectangular Shape<br>• Horizontal Speaker Slot<br>• Speaker Slot Located Near Top of Device<br>• Narrow Borders on Sides of Screen<br>• Broader Borders Above and Below Screen | 29.   **JPD1247215** — (Filed in 2004)<br> |

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

| | |
|---|---|
| • Rounded Corners<br>• Lack of Ornamentation<br>• Rectangular Shape<br>• Horizontal Speaker Slot<br>• Speaker Slot Located Near Top of Device<br>• Narrow Borders on Sides of Screen<br>• Broader Borders Above and Below Screen | **30.   JPD1263649** — (Filed in 2005) |

02198.51855/4660268.2

-52-                                    Case No. 11-cv-01846-LHK
SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF
INTERROGATORIES (11-12)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

| | |
|---|---|
| • Rounded Corners<br>• Lack of Ornamentation<br>• Rectangular Shape<br>• Flat Continuous Surface<br>• Transparent or Reflective Surface | **31.    The 'black box' – concept design from electronics giant BenQ winning the iF2006 awards** (June 2006)<br><br><br><br>THE BLACK BOX |

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

- Rounded Corners
- Lack of Significant Ornamentation
- Rectangular Shape
- Flat Continuous Surface
- Reflective or Transparent Surface
- Horizontal Speaker Slot
- Speaker Slot Located Near Top of Device
- Display Screen Covering Substantial Portion of Front Face
- Display Screen in Center of Device
- Narrow Borders on Sides of Screen
- Broader Borders Above and Below Screen
- Bezel surrounding front face

**32.** **U.S. Design Patent No. D560,192** (Filed: December 22, 2006; Issued: January 22, 2008)

SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF INTERROGATORIES (11-12)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

Samsung believes that the identified prior art, standing alone, or in combination, would appear to an ordinary observer — giving such attention as a purchaser usually gives — to be substantially the same as the design shown in D'087, rendering that patent invalid as anticipated and/or obvious.

Without waiving any right to address additional design characteristics of this prior art that anticipate and/or render obvious the design claimed in D'087, at least the prior art references numbered 4, 5, 18 and 23 in the chart above contain all of the claimed elements of the D'087 and, therefore, anticipate the D'087.  Furthermore, any of numbers 3, 8, 13, 15, 19, 21, 22, 25, 27 and 28 could serve as primary references that would have been obvious to one of ordinary skill in the art to combine with the shape and position of the speaker slot of numbers 4, 5, 18 or 23. Additionally, any of numbers 1, 2, 6, 7, 9, 11, 12, 14, 16, 17, 20, 24, 26, 29 and 30 could serve as primary references that it would have been obvious to one of ordinary skill in the art to combine with the proportions of the display or speaker slots of numbers 4, 5, 18 and 23.  It also would have been obvious to one of ordinary skill in the art to combine the bezel of numbers 1, 2, 6, 7, 8, 10, 13, 15, 16, 17, 19, 20, 22, 25 or 32 with any of numbers 4, 5, 18 or 23.

**Bates Ranges of Prior Art Produced by Samsung**

Samsung also incorporates by reference all prior art that has been produced and/or disclosed by Samsung, including the documents listed in the Bates Ranges below.  These incorporated pieces of prior art further show that the design claimed by the D'087 patent is obvious and anticipated:

SAMNDCA00019932-20034; SAMNDCA00020120-20303; SAMNDCA00020394-20498;

SAMNDCA00020782-20878; SAMNDCA00020900-20906; SAMNDCA00020978-20989;

SAMNDCA00021255-21313; SAMNDCA00021315-21336; SAMNDCA00021341-21471;

SAMNDCA00021479-21499; SAMNDCA00021505-21588; SAMNDCA00021593-21604;

SAMNDCA00021608-21632; SAMNDCA00021634-21805; SAMNDCA00021812-21857;

SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF
INTERROGATORIES (11-12)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

SAMNDCA00022451-22522; SAMNDCA00022732-22763; SAMNDCA00022802-22812;

SAMNDCA00022901-22971; SAMNDCA00022984-23064; SAMNDCA00023137-23182;

SAMNDCA00023234-23524; SAMNDCA00023542—23584; SAMNDCA00023591-24061;

SAMNDCA00024582-24662; SAMNDCA00024749-24752; SAMNDCA00027670-27722;

SAMNDCA00198059-198067; SAMNDCA00198070-198096; SAMNDCA00198101-198274;

SAMNDCA00198289-198307; SAMNDCA00198313-198456; SAMNDCA00198754-198846;

SAMNDCA00198884-199046; SAMNDCA00199164-199222; SAMNDCA00199298-199306;

SAMNDCA00199402-199524; SAMNDCA00200425-200472; SAMNDCA00200617-200639;

SAMNDCA00200650-200658; SAMNDCA00200661-200665; SAMNDCA00200670-200676;

SAMNDCA00200686-200714; SAMNDCA00200724-200733; SAMNDCA00200737-200748;

SAMNDCA00200751-200788; SAMNDCA00200793-200806; SAMNDCA00200809-200838;

SAMNDCA00200843-200873; SAMNDCA00201264-201278; SAMNDCA00255026 –

SAMNDCA00256183; SAMNDCA00282113 - SAMNDCA00282120; SAMNDCA00326302 –

SAMNDCA00326557; SAMNDCA00359127-00365840; SAMNDCA00370485-00370527;

SAMNDCA00373535-374040.


### Invalidity Due to Functionality

The D'087 patent is also invalid because it is functional and not ornamental.  *See Lee v. Dayton-Hudson Corp.*, 838 F.2d 1186, 1188 (Fed. Cir. 1988).  Apple's principal designer, Jonathan Ive, has even said about the iPhone that "everything defers to the display.  A lot of what we seem to be doing in a product like that is actually getting design out of the way.  And I think when forms develop with that sort of reason, and they're not just arbitrary shapes, it feels almost inevitable.  It feels almost undesigned."  Jonathan Ive, *Objectified* (2009).   Because the display is the primary means of user interaction with the device, having "everything defer[] to the display"

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

serves a highly functional purpose, which would be diminished by designs with additional design.

In addition to the overall design of D'087 being non-ornamental, and therefore functional, individual aspects of the design are also functional and render its scope either invalid or indefinite. For example:

- **Front Surface Flatness and Transparency** – The introduction of touch technology allowed the removal of keypads and otherwise allowed for the reduction in the number of surface mounted buttons. Early commercial smartphone models used resistive touch technology. Resistive touch technology dictated that the active touch layer would be exposed externally so that the user could apply pressure to it. Because this active layer is not resistant to scratches and since it is activated by pressure, a bezel elevated from its surface typically was used to provide protection from scratches and false triggering. Unlike resistive touch technology, capacitive technology allows placement of the active surface below an externally hardened surface, such as reinforced glass or plastic. The screen therefore could be made flush but still protected against scratches, since an elevated surround was no longer required to protect the exposed touch layer of the screen. The underlying LCD displays have a flat surface and manufacturing a contoured glass surface to place over the LCD touch screen is a time-consuming, technologically-challenging and more expensive than a primarily smooth front surface. The choice of a flat cover is the natural and economical choice. Once touch screentechnology reached the maturity level where capacitive touch screens could be made in the right size and form factor for mobile electronic devices, at a commercially palatable price point, the concept of a continuous flat, transparent surface emerged almost simultaneously from multiple companies. Any cover over

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

a display screen must be transparent, otherwise the display screen would have no purpose.  Any continuous flat surface on the front of the phone must necessarily be transparent.  Also, it is functional to have the flat surface be continuous and to extend all the way from side to side and top to bottom because having a rim or edge around the touch surface creates limitations on unimpeded access to the touch surface, the amount of surface that is accessible, and other issues.

- **Rounded Corners** — The rounded corners of the claimed rectangular area of the front face of the device are a natural consequence of the rounded outside corners of the device.  Almost all designs of portable consumer devices use some degree of rounding on corners of devices.  Rounded corners are functional because of various human factors and ergonomics issues.  Rounded corners also make a portable electronic device more durable and easier to manufacture.  Pointed or sharp corners on designs are mechanical weak points and they may bend, snag, or break with the application of relatively little force.  Rounded corners, on the other hand, are more able to absorb impact and less likely to break.  It is also easier and more reliable to manufacture rounded corners with smooth and accurate finishes than it is to create sharp corners that are clean, accurate, and aesthetic.  Users may also find sharp corners uncomfortable to hold by their faces or against their palms.

- **Centered Rectangular Screen** — Rectangular screens are virtually mandatory for any use of a display screen. That is not proprietary to Apple, but rather in accord with the longstanding use of rectangular shapes as the format for viewing any media--movies, television, magazines, newspapers, books, letters, legal briefs, or clay tablets.  Available display screen options that might exist other than an elongated rectangle would be less efficient for use in a modern mobile electronic

SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF
INTERROGATORIES (11-12)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

device and would be considerably more expensive.  The rectangular element with square corners is definitely dictated by the function of the component it depicts and the type of device disclosed.

- **Inset display screen with narrow borders on the sides and wider borders on the top and bottom of the front surface** – The display screen on a phone needs to be inset; it cannot protrude or be directly exposed as part of the surface without increasing the risk of damage to the screen.  Nor was it technologically feasible for a display to extend from edge to edge on the front of a device in 2006.  Display screens then, and now, include active components and wiring and require a controller to activate the display.  These wires force the actual size of the display glass to be slightly larger than the active viewable area.  The controller for the display may be located either on the glass substrate of the display (COG – Chip on Glass) or on a flexible cable extending from the display (COF – chip on flex).  In both cases this yields additional length on top or bottom of screen that needs to be reserved for the controller functionality, as well as some space on the sides to offset the display screen from other components of the edge of the device.  Standard display screens are made of a relatively fragile material and needs to be protected. A mobile handset needs to tolerate, to some extent, drops and casual hits.  To avoid having the display absorb the energy of such impacts directly, it is a common practice to maintain a border between the glass of the display screen and the exterior surface of the handset.  Narrow borders are preferable to wide borders on the long sides of a screen because significantly widening the borders would reduce the width of the display screen or require a wider product, which could be awkward to hold in the hand. Handsets are often designed to be operated using a single hand,

SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF
INTERROGATORIES (11-12)

SUBJECT TO PROTECTIVE ORDER
CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

with the thumb being able to press the display/keys, while the device is held on the same hand. This requirement, considering the standard range for human hands, forces designs to have limited width.  In addition, having no side border would increase the likelihood that the screen would be damaged if it bumped against anything, and that the display screen would be accidentally activated when the phone is held. The wider borders on the top and bottom of the display screen are a practical solution to placing earpiece and navigational buttons on the front surface without having to drill through or otherwise interrupt the display screen.  In addition to facilitating the placement of the earpiece slots and navigation buttons, the wider borders provide functional space for other components such as the antenna.  The display screen operates using high frequency signals, extending over wires which have considerable length.  As a result, the display tends to emit radiated noise that may interfere with the operation of other components.  It is a common practice to cover the display with a metal shield on its back side.  A mobile communication device design also must include an antenna to enable its cellular radio operation.  The existence of large metal objects in the area of the antenna influences and distorts its radiation pattern.  It is therefore a common practice to keep the antenna's area from overlapping with the metal shielded area of the display.  Therefore, the antenna is commonly placed behind one of these larger borders.

- **Earpiece with horizontally-oriented elongated ellipse or lozenge-shape centered over the display screen** – The use of an earpiece is necessary on a smartphone to allow the user to listen to a conversation privately without the use of a separate headphone or ear bud connection.  Ever since mobile phones were

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

invented, the most natural place to put the earpiece of the phone was on the upper portion of the handheld part of the phone, near the ear—on the opposite end from the microphone, which is customarily placed on the end closest to the user's mouth. Centering the earpiece on the vertical axis is required as it allows users to conveniently align the phone to their ears, and hold the phone in the same alignment relative to the head irrespective of whether it is held in the right or left hand. Placing the earpiece anywhere other than on the upper portion of the phone, such as on the back or side of the phone, would be a highly unusual choice that would force users to hold the smartphone in an unnatural position when using the phone feature. Horizontal earpiece slots (as opposed to vertical slots) maximize the area that can be devoted to a speaker without impinging on the display screen size. The slot shape, with its narrow height, also serves to protect the mesh covering the speaker below it by not having a more expansive area, such as a circle or square, which might allow the mesh to be more easily punctured, torn, or obstructed by dirt or dust. The slot shape also increases the durability of the smartphone surface by not weakening it with a relatively large expanse of less rigid material. In addition, having rounded edges increases the ease of manufacturing by allowing the slot to be created by a drill (the slots created by which are naturally rounded on the edges due to the spinning of the round drill bit).

- **Bezel** – A bezel in a mobile phone handset is a frame that surrounds the front face of the device to provide structural support and to join and hold together the front and back pieces of the device. A bezel also can protect the display screen and cover glass or plastic from side impacts and drops, as Apple acknowledged in its bezel patent: "By their very nature, portable electronic devices are carried around

SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF
INTERROGATORIES (11-12)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

and subject to impacts and inadvertent blows to which static electronic devices are not subject.  To protect the electronic systems of these portable devices … there is a need for a hard, easily manufactured and aesthetically pleasing case for portable electronic devices."  US Patent 7,688,574 at 1:8-19.

Moreover, Apple sought and obtained a number of utility patents on the same elements present in the D'087 design patent.  *See*, *e.g.*, United States Patent No. 7,688,574 (SAMNDCA00365600-612); US Patent Publication 2009/0247244 A1 (APLNDC0003037770-781); United States Patent No. 7,902,474.  These utility patents render the design patent invalid because they confirm that the elements shown in the D'087 design are functional.  *See PHG Techs., LLC v. St. John Cos.*, 469 F.3d 1361, 1366 (Fed. Cir. 2006) (noting that courts should consider "whether there are any concomitant utility patents" when ruling on invalidity due to functionality); *see also Power Controls Corp. v. Hybrinetics, Inc.*, 806 F.2d 234, 238-240 (Fed. Cir. 1986).

Samsung also incorporates by reference its Response to Apple's Interrogatory No. 38, regarding functionality of Apple's asserted design patents.

**Invalidity Due to Indefiniteness**

The asserted claim of the D'087 patent is also invalid under paragraph 2 of Section 112 of Title 35 of the United States Code because the claim is indefinite in that the drawings depicting the design do not enable a person skilled in the art to make the design.  *See* Manuel of Patent Examining Procedure § 1504.04; 1503.2 ("As the drawing or photograph constitutes the entire visual disclosure of the claim, it is of utmost importance that the drawing or photograph be clear and complete, and that nothing regarding the design sought to be patented is left to conjecture.") Where, as with the D'087 patent, design patent drawings are inconsistent and/or ambiguous and leave the scope of the design open to conjecture, the patent may be rendered invalid due to

SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF
INTERROGATORIES (11-12)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

1  indefiniteness.  *See, e.g., Seed Lighting Design Co., Ltd. v. Home Depot*, 2005 WL 1868152, *8

2  (N.D. Cal. Aug. 3, 2005).

3

4  The drawings of the D'087 are subject to varying interpretations.  For example, Apple

5  claims that the D'087 has a flat surface, but the D'087 figures have no surface details indicating

6  that the surface is flat or reflective similar to the designs shown in the D'677, D'270 and D'889

7  patents.  The varying and inconsistent use of dotted lines within the figures of the D'087 patent is

8  also contrary to convention and creates uncertainty as to the scope of the design and whether

9  certain elements are or are not a part of the design, or are intended to be less important aspects of

10  the design, which is prohibited.  *See* MPEP 1503.02.  Because the drawings are subject to

11  conjecture and multiple interpretations, the D'087 is indefinite.

12

13  **Invalidity Due to Double Patenting**

14  To the extent the D'087 patent is construed in any way other than very narrowly, such as to

15  require almost virtual identity for infringement, the D'087 patent is also invalid under the doctrine

16  of double patenting because it is substantially the same design that Apple sought to patent, and did

17  patent, in a number of other applications.  For example, D'087, D558,758, D558,756, D580,387,

18  D581,922, D613,736, D634,319, D618,677, and D618678, among other Apple design patents, all

19  appear to be substantially the same design.

20

21  **Incorporation by Reference of Other Materials**

22  In support of all of its bases for invalidity of Apple's asserted design patents, Samsung also

23  incorporates by reference the deposition testimony of witnesses providing testimony related to

24  Apple's design patents, including Daniele de Iuliis, Rico Zorkendorfer, Matthew Rohrbach,

25  Bartley Andre, Duncan Kerr, Daniel Coster, Eugene Whang, Richard Howarth, Christopher

26  Stringer, Douglas Satzger, Jonathan Ive, Cooper Woodring, Itay Sherman, Erin Wong, Tracy

27

28

-63-                    Case No. 11-cv-01846-LHK
SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF
INTERROGATORIES (11-12)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

1  Durkin, Quinn Hoellwarth, Peter Russell-Clarke, Richard Dinh, Phil Hobson, Mark Lee, Fletcher

2  Rothkopf, Steven Zadesky, Christopher Harris, Christopher Hood, Evans Hankey, Richard Lutton,

3  Christopher Prest, as well as all deposition testimony provided by third parties, and all exhibits

4  used in those depositions.  Moreover, because Apple delayed in providing Samsung with identities

5  of all individuals involved in the designs and alleged embodiments at issue, Samsung currently

6  does not have all relevant testimony on this issue.

7

8      Samsung further incorporates by reference the file history of the D'087 patent and any

9  continuing application from the D'087 patent including reexaminations and reissue applications

10 and all documents cited during those proceedings; all documents cited on the face of or in the

11 D'087 patent; all related patents and file histories; and all of the documents produced or to be

12 produced by Apple or third parties constituting prior art.

13

14     Samsung also incorporates by reference the Declaration of Itay Sherman in Support of

15 Samsung's Opposition to Apple's Motion for a Preliminary Injunction (Dkt. No. 172), and any

16 and all expert reports that have been or may be submitted in this action that support the invalidity

17 of Apple's asserted design patents.

18

19 ***For U.S. Patent No. D618,677***

20              <u>**Invalidity Under 35 U.S.C. § 102 or 103**</u>

21     Samsung identifies the following prior art that anticipates and/or renders obvious  the

22 D'677 patent either expressly or inherently as understood by a person having ordinary skill in the

23 art at the time of the alleged invention, either alone or in combination with other references

24 identified below.  These references are prior art under at least 35 U.S.C. §§ 102(a), (b), (e), (g)

25 and/or 103.

26

27     Without waiving any right to address additional design characteristics of this prior art that

28 anticipate and/or render obvious the design claimed in D'677, and without waiving any right to

SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF
INTERROGATORIES (11-12)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

1  show that the design claimed in D'677 is indefinite, Samsung incorporates by reference all of the

2  prior art and explanatory discussion identified above regarding the D'087.  Samsung also

3  identifies certain of those references, including numbers 1, 4, 6, 17, 18, 19, 25 and 31 as sharing

4  the sole additional characteristic claimed by Apple as part of the D'677 – a black front face.

5  Additionally, numbers 10, 23 and 32 could serve as primary references that would have been

6  obvious to one of ordinary skill in the art to combine with the black surface of numbers 1, 4, 6, 17,

7  18, 19, 25 or 31.

8      Samsung believes that the identified prior art, standing alone, or in combination, would

9  appear to an ordinary observer — giving such attention as a purchaser usually gives — to be

10 substantially the same as the design shown in D'677, rendering that patent invalid as anticipated

11 and/or obvious.

12
**Bates Ranges of Prior Art Produced by Samsung**

13      Samsung also incorporates by reference all prior art that has been produced and/or

14 disclosed by Samsung, including the documents listed in the Bates Ranges below.  These

15 incorporated pieces of prior art further show that the design claimed by the D'677 patent is

16 obvious and anticipated:

17

18 SAMNDCA00019932-20034; SAMNDCA00020120-20303; SAMNDCA00020394-20498;

19 SAMNDCA00020782-20878; SAMNDCA00020900-20906; SAMNDCA00020978-20989;

20 SAMNDCA00021255-21313; SAMNDCA00021315-21336; SAMNDCA00021341-21471;

21 SAMNDCA00021479-21499; SAMNDCA00021505-21588; SAMNDCA00021593-21604;

22 SAMNDCA00021608-21632; SAMNDCA00021634-21805; SAMNDCA00021812-21857;

23 SAMNDCA00022451-22522; SAMNDCA00022732-22763; SAMNDCA00022802-22812;

24 SAMNDCA00022901-22971; SAMNDCA00022984-23064; SAMNDCA00023137-23182;

25 SAMNDCA00023234-23524; SAMNDCA00023542—23584; SAMNDCA00023591-24061;

26 SAMNDCA00024582-24662; SAMNDCA00024749-24752; SAMNDCA00027670-27722;

27

28

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

SAMNDCA00198059-198067; SAMNDCA00198070-198096; SAMNDCA00198101-198274;

SAMNDCA00198289-198307; SAMNDCA00198313-198456; SAMNDCA00198754-198846;

SAMNDCA00198884-199046; SAMNDCA00199164-199222; SAMNDCA00199298-199306;

SAMNDCA00199402-199524; SAMNDCA00200425-200472; SAMNDCA00200617-200639;

SAMNDCA00200650-200658; SAMNDCA00200661-200665; SAMNDCA00200670-200676;

SAMNDCA00200686-200714; SAMNDCA00200724-200733; SAMNDCA00200737-200748;

SAMNDCA00200751-200788; SAMNDCA00200793-200806; SAMNDCA00200809-200838;

SAMNDCA00200843-200873; SAMNDCA00201264-201278; SAMNDCA00255026 –

SAMNDCA00256183; SAMNDCA00282113 - SAMNDCA00282120; SAMNDCA00326302 –

SAMNDCA00326557; SAMNDCA00359127-00365840; SAMNDCA00370485-00370527;

SAMNDCA00373535-374040.

**Invalidity Due to Functionality**

Samsung incorporates by reference its functionality response regarding the D'087, and

identifies the following additional functional elements of the D'677 design: In addition to the

overall design of D'677 being non-ornamental, and therefore functional, individual aspects of the

design are also functional and render its scope either invalid or indefinite. For example:

- **Blackness of Surface** – For similar reasons that the display screen mandates a

   transparent covering, it also is obvious that any single color applied to the front

   surface would be a shade of black given that display screens only come in shades of

   black.  In addition, black is a particularly useful color for the surface of a phone.  It

   efficiently hides the wiring and electronic components underlying it; it makes it

   easier to determine if the display of the device is turned on or off; it minimizes the

   appearance of the phone, making it seem smaller and less prominent than a bright

   color would; and it provides a sharply-defined contrast to edge of the screen that

SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF
INTERROGATORIES (11-12)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

1
2
3
4
5
6
7

helps the content of the display screen stand apart from whatever context the

smartphone is in.  The strong contrast also helps increase the saturation of the

colors of the display screen, creating a finer impression of the quality of the display

screen, and, given the vast consumer preference for black for electronic products

well before January 2006, serves a neutral color choice for consumers, which does

not send an overt message of flashiness or frivolity.

8   Samsung also incorporates by reference its Response to Apple's Interrogatory No. 38, regarding

9   functionality of Apple's asserted design patents.

10                          **Invalidity Due to Indefiniteness**

11          Samsung incorporates by reference its indefiniteness response regarding the D'087, and

12   identifies the following additional information regarding the D'677 design: The drawings of the

13   D'677 are subject to varying interpretations by Apple's own named inventors of the D'677.  For

14   example, Apple's named inventors of the D'677 had differing opinions of what was depicted in

15   the drawings of the surface of the D'677.  *Compare* De Iuliis Depo. Tr. 164:18-166:5 (stating that

16   the grid pattern on Figures 1 and 3 of the D'677 indicate a contiguous surface) *with* Kerr Depo. Tr.

17   (noting that the surface is illustrated with the designation for the color black).  Additionally, many

18   of the figures in the D'677 contain dotted lines, which are typically used to show portions of the

19   environment surrounding a design that are not claimed.  Yet, the D'677 patent does not make clear

20   whether the aspects of the design shown in dotted lines are included or excluded from the claimed

21   design.  Indeed, the D'677 patent fails to state anything about the use of broken lines in the patent

22   figures.  Thus, the use of dotted lines in the figures of the D'677 patent is contrary to convention

23   and creates uncertainty as to the scope of the design and whether certain elements are or are not a

24   part of the design, or are intended to be less important aspects of the design, which is prohibited.

25   *See* MPEP  1503.02.  Because the figures in the D'677 patent are unclear and subject to multiple

26
27
28

SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF
INTERROGATORIES (11-12)

SUBJECT TO PROTECTIVE ORDER
CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

interpretations, even by the very inventors of the design, the D'677 is indefinite.

**Invalidity Due to Double Patenting**

Samsung incorporates by reference its double patenting response regarding the D'087.

**Incorporation by Reference of Other Materials**

In support of all of its bases for invalidity of Apple's asserted design patents, Samsung also incorporates by reference the deposition testimony of witnesses providing testimony related to Apple's design patents, including Daniele de Iuliis, Rico Zorkendorfer, Matthew Rohrbach, Bartley Andre, Duncan Kerr, Daniel Coster, Eugene Whang, Richard Howarth, Christopher Stringer, Douglas Satzger, Jonathan Ive, Cooper Woodring, Itay Sherman, Erin Wong, Tracy Durkin, Quinn Hoellwarth, Peter Russell-Clarke, Richard Dinh, Phil Hobson, Mark Lee, Fletcher Rothkopf, Steven Zadesky, Christopher Harris, Christopher Hood, Evans Hankey, Richard Lutton, as well as all deposition testimony provided by third parties, and all exhibits used in those depositions. Moreover, because Apple delayed in providing Samsung with identities of all individuals involved in the designs and alleged embodiments at issue, Samsung currently does not have all relevant testimony on this issue.

Samsung further incorporates by reference the file history of the D'677 patent and any continuing application from the D'677 patent including reexaminations and reissue applications and all documents cited during those proceedings; all documents cited on the face of or in the D'677 patent; all related patents and file histories; and all of the documents produced or to be produced by Apple or third parties constituting prior art.

Samsung also incorporates by reference the Declaration of Itay Sherman in Support of Samsung's Opposition to Apple's Motion for a Preliminary Injunction (Dkt. No. 172), and any and all expert reports that have been or may be submitted in this action that support the invalidity

**SUBJECT TO PROTECTIVE ORDER**
<u>**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**</u>

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

of Apple's asserted design patents.

*For U.S. Patent No. D622,270*

<u>**Invalidity Under 35 U.S.C. § 102 or 103**</u>

Samsung identifies the following prior art that anticipates and/or renders obvious the D'270 patent either expressly or inherently as understood by a person having ordinary skill in the art at the time of the alleged invention, either alone or in combination with other references identified below.  These references are prior art under at least 35 U.S.C. §§ 102(a), (b), (e), (g) and/or 103.

Without waiving any right to address additional design characteristics of this prior art that anticipate and/or render obvious the design claimed in D'270, and without waiving any right to show that the design claimed in D'270 is indefinite, Samsung incorporates by reference all of the prior art and explanatory discussion identified above regarding the D'087.

Samsung believes that the identified prior art, standing alone, or in combination, would appear to an ordinary observer — giving such attention as a purchaser usually gives — to be substantially the same as the design shown in D'270, rendering that patent invalid as anticipated and/or obvious.

**Bates Ranges of Prior Art Produced by Samsung**

Samsung also incorporates by reference all prior art that has been produced and/or disclosed by Samsung, including the documents listed in the Bates Ranges below.  These incorporated pieces of prior art further show that the design claimed by the D'270 patent is obvious and anticipated:

SAMNDCA00019932-20034; SAMNDCA00020120-20303; SAMNDCA00020394-20498;

SAMNDCA00020782-20878; SAMNDCA00020900-20906; SAMNDCA00020978-20989;

SAMNDCA00021255-21313; SAMNDCA00021315-21336; SAMNDCA00021341-21471;

SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF
INTERROGATORIES (11-12)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

SAMNDCA00021479-21499; SAMNDCA00021505-21588; SAMNDCA00021593-21604;

SAMNDCA00021608-21632; SAMNDCA00021634-21805; SAMNDCA00021812-21857;

SAMNDCA00022451-22522; SAMNDCA00022732-22763; SAMNDCA00022802-22812;

SAMNDCA00022901-22971; SAMNDCA00022984-23064; SAMNDCA00023137-23182;

SAMNDCA00023234-23524; SAMNDCA00023542—23584; SAMNDCA00023591-24061;

SAMNDCA00024582-24662; SAMNDCA00024749-24752; SAMNDCA00027670-27722;

SAMNDCA00198059-198067; SAMNDCA00198070-198096; SAMNDCA00198101-198274;

SAMNDCA00198289-198307; SAMNDCA00198313-198456; SAMNDCA00198754-198846;

SAMNDCA00198884-199046; SAMNDCA00199164-199222; SAMNDCA00199298-199306;

SAMNDCA00199402-199524; SAMNDCA00200425-200472; SAMNDCA00200617-200639;

SAMNDCA00200650-200658; SAMNDCA00200661-200665; SAMNDCA00200670-200676;

SAMNDCA00200686-200714; SAMNDCA00200724-200733; SAMNDCA00200737-200748;

SAMNDCA00200751-200788; SAMNDCA00200793-200806; SAMNDCA00200809-200838;

SAMNDCA00200843-200873; SAMNDCA00201264-201278; SAMNDCA00255026 –

SAMNDCA00256183; SAMNDCA00282113 - SAMNDCA00282120; SAMNDCA00326302 –

SAMNDCA00326557; SAMNDCA00359127-00365840; SAMNDCA00370485-00370527;

SAMNDCA00373535-374040.

**Invalidity Due to Functionality**

Samsung incorporates by reference its functionality response regarding the D'087.

Samsung also incorporates by reference its Response to Apple's Interrogatory No. 38, regarding

functionality of Apple's asserted design patents.

**Invalidity Due to Indefiniteness**

Samsung incorporates by reference its indefiniteness response regarding the D'087, and

SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF
INTERROGATORIES (11-12)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

1   identifies the following additional information regarding the D'270 design: The drawings of the

2   D'270 are subject to varying interpretations by Apple's own named inventors of the D'270.  For

3   example, certain of Apple's named inventors of the D'270 testified that a certain portion of Figure

4   5 of the D'270 was the bezel, while others stated that they did not know what was depicted.

5   *Compare, e.g.,* De Iuliis Depo. Tr. 175:23-176:12 and November 4, 2011 Deposition of

6   Christopher Stringer Tr. 114:23-117:5 (identifying the bezel) *with* Kerr Depo Tr. 41:16-44:14 and

7   October 24, 2011 Deposition of Matthew Rohrbach Tr. 139:4-140:8 (stating that they do not know

8   or cannot interpret whether the object shown is a bezel).  Further, the use of dotted lines within the

9   figures of the D'270 patent is contrary to convention and creates uncertainty as to the scope of the

10  design and whether certain elements are or are not a part of the design, or are intended to be less

11  important aspects of the design, which is prohibited.  *See* MPEP  1503.02.  Because the figures in

12  the D'270 patent are unclear and subject to multiple interpretations by the very inventors of the

13  design, the D'270 is indefinite.

14

15

16              **Invalidity Due to Double Patenting**

17          Samsung incorporates by reference its double patenting response regarding the D'087 and

18  adds the following additional information regarding the D'270 design: For example, the D'270,

19  D602,486, D602,014, D624,536, D622,718, D604,297, D613,735, D622,719 and D633,091,

20  among other Apple design patents, all appear to be substantially the same design.

21

22              **Incorporation by Reference of Other Materials**

23          In support of all of its bases for invalidity of Apple's asserted design patents, Samsung also

24  incorporates by reference the deposition testimony of witnesses providing testimony related to

25  Apple's design patents, including Daniele de Iuliis, Rico Zorkendorfer, Matthew Rohrbach,

26  Bartley Andre, Duncan Kerr, Daniel Coster, Eugene Whang, Richard Howarth, Christopher

27  Stringer, Douglas Satzger, Jonathan Ive, Cooper Woodring, Itay Sherman, Erin Wong, Tracy

28

SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF
INTERROGATORIES (11-12)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

Durkin, Quinn Hoellwarth, Peter Russell-Clarke, Richard Dinh, Phil Hobson, Mark Lee, Fletcher

Rothkopf, Steven Zadesky, Christopher Harris, Christopher Hood, Evans Hankey, Richard Lutton,

as well as all deposition testimony provided by third parties, and all exhibits used in those

depositions.  Moreover, because Apple delayed in providing Samsung with identities of all

individuals involved in the designs and alleged embodiments at issue, Samsung currently does not

have all relevant testimony on this issue.

Samsung further incorporates by reference the file history of the D'270 patent and any

continuing application from the D'270 patent including reexaminations and reissue applications

and all documents cited during those proceedings; all documents cited on the face of or in the

D'270 patent; all related patents and file histories; and all of the documents produced or to be

produced by Apple or third parties constituting prior art.

Samsung also incorporates by reference the Declaration of Itay Sherman in Support of Samsung's

Opposition to Apple's Motion for a Preliminary Injunction (Dkt. No. 172), and any and all expert

reports that have been or may be submitted in this action that support the invalidity of Apple's

asserted design patents.


***For U.S. Patent No. D504,889***

Samsung identifies the following prior art that anticipates and/or renders obvious the D'889

patent either expressly or inherently as understood by a person having ordinary skill in the art at

the time of the alleged invention, either alone or in combination with other references identified

below.  These references are prior art under at least 35 U.S.C. §§ 102(a), (b), (e), (g) and/or 103.

Without waiving any right to address additional design characteristics of this prior art that

anticipate and/or render obvious the design claimed in D'889, and without waiving any right to

SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF
INTERROGATORIES (11-12)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

show that the design claimed in D'889 is indefinite, the prior art shown below shares at least the

design characteristics identified below with those that Apple has claimed in D'889:

| **Prior Art Design Elements** | **Disclosure Rendering the Claim Unpatentable** |
|---|---|
| • Rounded Corners<br>• Lack of Significant Ornamentation<br>• Rectangular Shape<br>• Flat Clear Surface<br>• Reflective or Transparent Surface<br>• Display Screen Covering Substantial Portion of Front Face<br>• Display Screen in Center of Device<br>• Thin form factor<br>• Substantially flat black<br>• Border around display | **1. 1981 Fidler Tablet** (1981 – Exhibit B to Declaration of Roger Fidler in Support of Samsung's Opposition to Apple's Motion for Preliminary Injunction)<br><br> |

-73-                                        Case No. 11-cv-01846-LHK

SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF
INTERROGATORIES (11-12)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

- Rounded Corners
- Lack of Significant Ornamentation
- Rectangular Shape
- Flat Clear Surface
- Display Screen Covering Substantial Portion of Front Face
- Display Screen in Center of Device
- Thin form factor
- Substantially flat back panel that rounds up near the edges
- Border around display

**2. 1994 Knight-Ridder Tablet** (1994 – Exhibit I to the Declaration of Roger Fidler in Support of Samsung's Opposition to Apple's Motion for Preliminary Injunction; FIDLER00000030)





**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- Rounded Corners
- Lack of Significant Ornamentation
- Rectangular Shape
- Flat Clear Surface
- Reflective or Transparent Surface
- Display Screen Covering Substantial portion of Front Face
- Display Screen in Center of Device
- Thin form factor
- Substantially flat back panel that rounds up near the edges to form the thin rim
- Border around display

**3.    1995 Fidler Tablet** (1995)



SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF
INTERROGATORIES (11-12)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

| | |
|---|---|
| • Rounded Corners | **4.**   **1997 Fidler Tablet** (1997) |
| • Lack of Significant Ornamentation | |
| • Rectangular Shape | |
| • Flat Clear Surface | |
| • Reflective or Transparent Surface | |
| • Display Screen Covering Substantial Portion of Front Face | |
| • Display Screen in Center of Device | |
| • Thin form factor | |
| • Substantially flat back panel that rounds up near the edges | |

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

| | |
|---|---|
| • Rounded Corners<br>• Lack of Significant Ornamentation<br>• Rectangular Shape<br>• Flat Continuous Surface<br>• Display Screen Covering Substantial Portion of Front Face<br>• Thin form factor<br>• Back panel that rounds up near the edges<br>• Thin rim surrounding the front surface | **5.   EU RCD 48061-0001 (Bloomberg Tablet)** (Filed June 24, 2003; Publication Date: August 19, 2003; SAMNDCA00019932-19933)<br><br> |

SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF INTERROGATORIES (11-12)

SUBJECT TO PROTECTIVE ORDER
CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

- Rounded Corners
- Lack of Significant Ornamentation
- Rectangular Shape
- Flat Continuous Surface
- Thin form factor
- Substantially flat back panel that rounds up near the edges
- Thin rim surrounding the front surface

6.   **JP D1178470** (Registration Date: May 16, 2003; Publications Date: July 7, 2003; SAMNDCA00027686-00027690)

-78-                          Case No. 11-cv-01846-LHK

SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF INTERROGATORIES (11-12)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

- Rounded Corners
- Lack of Significant Ornamentation
- Rectangular Shape
- Flat Continuous Surface
- Reflective or Transparent Surface
- Display Screen Covering Substantial Portion of Front Face
- Display Screen in Center of Device
- Thin form factor
- Substantially flat back panel that rounds up near the edges
- Border around display

7.  **Japanese Design Patent JP-S-887388** — (Issued Dec. 21, 1993; SAMNDCA00255215—SAMNDCA00255221)

SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF INTERROGATORIES (11-12)

SUBJECT TO PROTECTIVE ORDER
CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

- Lack of Significant Ornamentation
- Rectangular Shape
- Flat Continuous Surface
- Display Screen Covering Substantial Portion of Front Face
- Display Screen in Center of Device
- Border around display
- Thin form factor Substantially flat back panel

8.  **JPD921403** (Filing Date: November 24, 1992; Issue Date: March 9, 1995; SAMNDCA00255222-00255228)



正 面 図

平 面 図

SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF INTERROGATORIES (11-12)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

| | |
|---|---|
| • Rounded Corners<br>• Lack of Significant Ornamentation<br>• Rectangular Shape<br>• Flat Continuous Surface<br>• Display Screen Covering Substantial Portion of Front Face<br>• Display Screen in Center of DeviceThin form factor<br>• Substantially flat back panel | **9.    U.S. Design Patent No. 337,569** (Filing Date: August 30, 1992; Issue Date: July 20, 1993; SAMNDCA00023644-00023646)<br><br> |

SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF
INTERROGATORIES (11-12)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- Rounded Corners
- Lack of Significant Ornamentation
- Rectangular Shape
- Flat Continuous Surface
- Reflective or Transparent Surface
- Display Screen Covering Substantial Portion of Front Face
- Display Screen in Center of Device
- Thin form factor
- Substantially flat back panel
- Thin rim surrounding the front surface

10.   **United States Design Patent D497,364** — (Filed Nov. 27, 2002, Issued Oct. 19, 2004; SAMNDCA00326308 - SAMNDCA00326314)

FIG. 1



FIG. 2



-82-                    Case No. 11-cv-01846-LHK
SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF
INTERROGATORIES (11-12)

SUBJECT TO PROTECTIVE ORDER
CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

-83-                                                  Case No. 11-cv-01846-LHK
SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF
INTERROGATORIES (11-12)

SUBJECT TO PROTECTIVE ORDER
CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

- Rounded Corners
- Lack of Significant Ornamentation
- Rectangular Shape
- Flat Continuous Surface
- Reflective or Transparent Surface
- Display Screen Covering Substantial Portion of Front Face
- Thin form factor
- Substantially flat back panel
- Thin rim surrounding the front surface

**11.    United States Design Patent D500,037** — (Filed September 3, 2002, Issued December 21, 2004; SAMNDCA00027716 -0027722)



**FIG. 2**



SUBJECT TO PROTECTIVE ORDER
CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

| | |
|---|---|
| • Rounded Corners<br>• Lack of Significant Ornamentation<br>• Clear Flat Surface<br>• Rectangular Shape<br>• Display Screen Covering Substantial Portion of Front Face<br>• Display Screen in Center of Device<br>• Thin form factor<br>• Substantially flat back panel that rounds up near the edges<br>• Thin rim surrounding the front surface<br>• Border around display | **12.**   **Japanese Design Patent JP-S-1142127** — (Issued May 27, 2002; SAMNDCA00255229—SAMNDCA00255246)<br> |

SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF
INTERROGATORIES (11-12)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

- Rounded Corners
- Lack of Significant Ornamentation
- Rectangular Shape
- Flat Continuous Surface
- Display Screen Covering Substantial Portion of Front Face
- Display Screen in Center of Device
- Thin form factor
- Substantially flat back panel
- Thin rim surrounding the front surface
- Border around display
- Reflective or Transparent Surface

13.  **U.S. Patent No. 6,919,678** — (Filed November 20, 2002; Issued July 19, 2005; SAMNDCA00354855—SAMNDCA00354872)

SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF INTERROGATORIES (11-12)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- Lack of Significant Ornamentation
- Rectangular Shape
- Flat Continuous Surface
- Reflective or Transparent Surface
- Display Screen Covering Substantial Portion of Front Face
- Display Screen in Center of Device
- Thin form factor
- Substantially flat back panel
- Border around display

**14.    The Tablet** — (Publicly disclosed in 1988; SAMNDCA00370485—SAMNDCA00370527)





02198.51855/4660268.2

-87-                                          Case No. 11-cv-01846-LHK
SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF
INTERROGATORIES (11-12)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

| | |
|---|---|
| • Rounded Corners<br>• Lack of Significant Ornamentation<br>• Rectangular Shape<br>• Flat Continuous Surface<br>• Reflective or Transparent Surface<br>• Display Screen Covering Substantial Portion of Front Face<br>• Display Screen in Center of Device<br>• Thin form factor<br>• Substantially flat back panel<br>• Border around display | **15.**   **The Brain Box Display** — (Created in 1989; Shown in *Appledesign: The Work of the Apple Industrial Design Group*, Paul Kunkel (1997); SAMNDCA00354743—SAMNDCA00354746)<br><br> |
| • Rounded Corners<br>• Lack of Significant Ornamentation<br>• Rectangular Shape<br>• Flat Continuous Surface<br>• Reflective or Transparent Surface<br>• Display Screen Covering Substantial Portion of Front Face<br>• Display Screen in Center of Device<br>• Thin form factor<br>• Substantially flat back panel<br>• Thin rim surrounding the front surface | **16.**   **KR 30-0304213** — (Application Date: June 29, 2001; Publication Date: August 16, 2002); SAMNDCA00021593—SAMNDCA00021596) |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

02198.51855/4660268.2

-88-                                Case No. 11-cv-01846-LHK
SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF
INTERROGATORIES (11-12)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

| | |
|---|---|
| • Rounded Corners<br>• Lack of Significant Ornamentation<br>• Rectangular Shape<br>• Flat Continuous Surface<br>• Reflective or Transparent Surface<br>• Display Screen Covering Substantial Portion of Front Face<br>• Thin form factor<br>• Thin rim surrounding the front surface | **17.** **German Registered Design 40301867-0001** — (Publication Date: September 10, 2003); SAMNDCA00020402—SAMNDCA00020404)<br><br> |
| • Rounded Corners<br>• Lack of Significant Ornamentation<br>• Rectangular Shape<br>• Flat Continuous Surface<br>• Reflective or Transparent Surface<br>• Display Screen Covering Substantial Portion of Front Face<br>• Display Screen in Center of Device<br>• Thin form factor<br>• Substantially flat back panel that rounds up near the edges to form the thin rim around the front surface<br>• Thin rim surrounding the front surface<br>• Border around display | **18.** **U.S. Design Patent No. D461,802** — (Filed: August 29, 2001; Issued: August 20, 2002); SAMNDCA00023750—SAMNDCA00023757)<br><br> |

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

| | |
|---|---|
| • Rounded Corners<br>• Lack of Significant Ornamentation<br>• Rectangular Shape<br>• Flat Continuous Surface<br>• Display Screen Covering Substantial Portion of Front Face<br>• Display Screen in Center of Device<br>• Thin form factor<br>• Substantially flat back panel that rounds up near the edges<br>• Thin rim surrounding the front surface<br>• Border around display<br>• Reflective or Transparent Surface | **19.** **HP Compaq TC 1000** (Filed: August 29, 2001; Issued: August 20, 2002); SAMNDCA00023750—SAMNDCA00023757)<br><br> |
| • Rounded Corners<br>• Lack of Significant Ornamentation<br>• Rectangular Shape<br>• Flat Continuous Surface<br>• Reflective or Transparent Surface<br>• Display Screen Covering Substantial Portion of Front Face<br>• Display Screen in Center of Device<br>• Thin form factor<br>• Border around display | **20.** **Plastic Logic Tablet** (2006)<br><br> |

SUBJECT TO PROTECTIVE ORDER
CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

Samsung believes that the identified prior art, standing alone, or in combination, would appear to an ordinary observer — giving such attention as a purchaser usually gives — to be substantially the same as the design shown in D'889, rendering that patent invalid as anticipated and/or obvious.

Without waiving any right to address additional design characteristics of this prior art that anticipate and/or render obvious the design claimed in D'889, at least the prior art references numbered 1-4, 7-8, 12-13 and 15 in the chart above anticipate the D'889.  Furthermore, any of these references could serve as primary references that would have been obvious to one of ordinary skill in the art to combine with the flat, continuous or reflective surface shown in numbers 5, 9, 10, 11, and 17.  Additionally, numbers 14, 18 and 19 could likewise serve as primary references that would have been obvious to one of ordinary skill in the art to combine with the thin form factor, flat continuous or reflective surface and/or rounded corners of numbers 1-5, 7-15 and 17-19.

**Bates Ranges of Prior Art Produced by Samsung**

Samsung also incorporates by reference all prior art that has been produced and/or disclosed by Samsung, including the documents listed in the Bates Ranges below.  These incorporated pieces of prior art further show that the design claimed by the D'889 patent is obvious and anticipated:

SAMNDCA00019932-19943; SAMNDCA00020120-20247; SAMNDCA00020394-20498; SAMNDCA00020903-20906; SAMNDCA00020978-20989; SAMNDCA00021281-21313; SAMNDCA00021330-21336; SAMNDCA00021341-21436; SAMNDCA00021479-21485; SAMNDCA00021505-21588; SAMNDCA00021593-21596; SAMNDCA00021800-21805; SAMNDCA00022451-22506; SAMNDCA00022514-22520; SAMNDCA00022732-22763; SAMNDCA00022802-22812; SAMNDCA00022901-22910; SAMNDCA00022984-23047; SAMNDCA00023234-23265; SAMNDCA00023520-23524; SAMNDCA00023591-23801; SAMNDCA00024582-24629; SAMNDCA00027686-27690; SAMNDCA00027692-27708;

SUBJECT TO PROTECTIVE ORDER
CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

SAMNDCA00198059; SAMNDCA00198070-198076; SAMNDCA00198089-198096;

SAMNDCA00198109-198115; SAMNDCA00198134-198142; SAMNDCA00198245-198267;

SAMNDCA00198285-198289; SAMNDCA00198317-198318; SAMNDCA00198322;

SAMNDCA00198333-198336; SAMNDCA00198343-198344; SAMNDCA00198754-198808;

SAMNDCA00198884-198918; SAMNDCA00199164-199189; SAMNDCA00199204-199209;

SAMNDCA00199402-199411; SAMNDCA00199415-199419; SAMNDCA00199426-199432;

SAMNDCA00199439-199441; SAMNDCA00199445-199447; SAMNDCA00199454-199524;

SAMNDCA00200617-200639; SAMNDCA00200650-200658; SAMNDCA00200661-200665;

SAMNDCA00200670-200676; SAMNDCA00200686-200714; SAMNDCA00200724-200733;

SAMNDCA00200737-200740; SAMNDCA00201264-201271; SAMNDCA00255026-00256183;

SAMNDCA00282113-00282120; SAMNDCA00326302-00326557; SAMNDCA00359127-

00365840; SAMNDCA00370485-00370527; SAMNDCA00373535-374040.

**Invalidity Due to Functionality**

The asserted claim of the D'889 patent is also invalid because it is functional and not

ornamental.  *See Lee v. Dayton-Hudson Corp.*, 838 F.2d 1186, 1188 (Fed. Cir. 1988).  Indeed, the

D'889 patent contains no ornamentation whatsoever, and therefore has nothing to protect.  In

addition to the overall design of D'889 being non-ornamental, and therefore functional, individual

aspects of the design are also functional and render its scope either invalid or indefinite. For

example:

- **Rectangular Shape** – Virtually any device used to view media—newspapers,
  movies, magazines, or television—has a rectangular shape.  This is natural given
  that the device for viewing media is essentially merely a frame for the content of
  the media.  Thus, the dominant trend for televisions, computer monitors, and

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

electronic readers has long been toward a rectangular shape with a reduced frame, well before the claimed invention of the Apple design patents.  As Mr. Woodring testified in his deposition, rectangular screens are commonplace and not proprietary to anyone.  Woodring Dep. Tr. at 28:1-21.

- **Rounded Corners** — Rounded corners are functional because they ensure comfort, safety, and ease of use.  Pointed or sharp corners are uncomfortable to hold in one's hands or rest anywhere on the body.  Further, they may scratch or puncture the skin of the user, specifically in cases where the device falls.  Pointed or sharp corners also may also snag or tear clothing or the material inside a briefcase, backpack, purse, or other carrying case.  Rounded corners minimize all of these hazards.  Rounded corner also make the device more durable.  Pointed or sharp corners on designs are mechanical weak points and they may bend, snag, or break with the application of relatively little force.  Rounded corners, on the other hand, are more robust and less likely to break.  Rounded corners are easier and more reliable to manufacture – specifically, for plastic molds, creating clean and esthetic corners is difficult.  Having changes in the thickness of plastic created in molds tends to leave marks on the surface; therefore it is better to have a uniform thickness.

- **Flat Surface** — Because commercial display screens are flat, devices in which the functionality of the display screen has primary importance, the front surface of the device will be mostly flat.  The use of display touch technology allows for removal of physical keys from the device's front face.  This helps keep the tablet surface clean and minimizes the chances of dust or water encroachment, which could harm the tablet.  Having a smooth, continuous surface maximizes the significance of the

SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF
INTERROGATORIES (11-12)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

display screen—which is the primary reason for being of the tablet computer.  With no unnecessary ornamentation, no tactile buttons, and no contrasting surface materials, nothing distracts from the user's interaction with the display screen.  Having a flat, rather than embedded, screen design for a tablet device also makes it easier to keep the device clean, since a flat surface does not accumulate dirt and other debris along the edges of the screen border like an embedded screen does.

- **Clear Surface Without Ornamentation** — If a single continuous flat front surface is used on a tablet computer, having that surface be clear best allows unimpeded viewing of the display screen.  The lack of ornamentation that Apple claims as part of its "ornamental design" is, by definition, not ornamental.  Also, given the functional purpose of the display screen, adding ornamentation around (or on top of) the display screen would distract from the display screen, thus detracting from the quality of the device's functionality.  The border around the screen shown in the D'889 is also functional.  The display screen includes active components and wiring and a controller is required to activate the display.  These wires force the actual size of the display glass to be slightly larger than the active viewable area. The controller for the display may be either located on the glass substrate of the display (COG- Chip on Glass) or on a flexible cable extending from the display (COF – chip on flex).  The space of the borders above or below the display screen accommodates the controller wiring.

- **Rim around front surface** — Having a rim around a clear surface to hold it into place is the most obvious design choice for a mobile electronic device.  Theoretically, the clear surface could be glued from underneath or clamped into place by braces that do not surround the entire edge.  However, leaving any part of

SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF
INTERROGATORIES (11-12)

SUBJECT TO PROTECTIVE ORDER
CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

1    glass edges exposed would expose the front surface to cracking or scratching.

2    Consider what would happen if, for example, the exposed edge of the surface hit

3    the side of a table.  For the same reason that watches have bezels, having a rim

4    surrounding the surface of the tablet is a highly functional choice.  Standard

5    displays are made of a relatively fragile material that needs to be protected.  To be a

6    viable commercial product, a tablet needs to tolerate, to some extent, drops and

7    casual bumps.  Maintaining a border between the display and the exterior surface of

8    the device functions to protect the display by absorbing the energy of such impacts

9    directly. Together, these functions and physical limitations work to force the

10   inclusion of a border between the active area of the display and the edge of the

11   front surface in all four directions.

12   • **Thinness of Design** – The relative thinness of the tablet's depth is functional.

13   Being thin facilitates the mobility and portability of the tablet.  The trend in

14   electronics for the past decade has been to make products thin while still being

15   resilient and usable.   Samsung also hereby incorporates by reference its Response

16   to Apple's Interrogatory No. 38, regarding functionality of Apple's asserted design

17   patents.

18   **Invalidity Due to Indefiniteness**

19   Samsung incorporates by reference its indefiniteness  response regarding the D'087, and

20   identifies the following additional information: The drawings of the D'889 are subject to varying

21   interpretations by Apple's own named inventors of the D'889.  For example, certain of the named

22   inventors of the D'889 patent testified that Figure 1 of the D'889 showed a gap or groove near the

23   edge of the device, while other inventors testified that there was not a gap, and others stated that

24   they could not tell whether there was a gap.  (*Compare, e.g.,* October 21, 2011 Deposition of

SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF
INTERROGATORIES (11-12)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

Daniele De Iuliis, Tr. 188:24-190:10 (agreeing that Figure 1 shows a gap) *with* October 31, 2011

Deposition of Richard Howarth, Tr. 100:9-13; 104:13-105:10 (testifying that he did not believe

Figure 1 was depicting a gap or groove) *with* October 27, 2011 Deposition of Daniel Coster, Tr.

29:3-30:21 (stating that he could not interpret with the Figure 1 of the 889 was depicting a gap or

groove)).  One of Apple's named inventors of the D'889 patent also testified that a dotted line in

Figure 1 of the D'889 could be "a number of things."  October 26, 2011 Deposition of Duncan

Kerr, Tr. 26:24-25; 27:2-17 (stating that a given line in Figure 1 of the D'889 could be the edge of

the active area of the display, or a demarcation of the inactive area from the touch perspective, or a

design detail).  Additionally, one of Apple's named inventors on the D'889 also indicated that

Figure 2 of the D'889 is subject to multiple interpretations.  Kerr Depo. Tr. 27:19-28:25 (stating

that a tapering effect shown in Figure 2 of the D'889 could be an attempt at perspective or an

actual change in the thickness of the object, or a combination).

  As another example of the indefiniteness of the D'889 drawings, Figure 2 and Figure 4

both appear to show the back or rear of the device, but only Figure 2 shows a surface detail of

three sets of diagonal lines.  There is no explanation as to why these details are absent in Figure 4

or whether Figure 2 is showing a reflective or transparent back to the D'889 similar to the front

surface.  Also, Figure 3 supposedly shows a top view of the device with the device positioned in

the landscape orientation.  However, Figures 5-8, which purportedly depict the left, right, upper

and lower views of the device are incomprehensible if the device is oriented in the landscape

perspective.  And Figure 9 purportedly shows the device in use, but the device appears to be in the

portrait orientation.  The use of broken lines in the D'889 patent is also confusing and contrary to

convention.

  Because the figures in the D'889 patent are unclear and subject to multiple interpretations,

even by the very inventors of the design, the D'889 is indefinite.

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

**Invalidity Due to Double Patenting**

Samsung incorporates by reference its double patenting response regarding the D'087, and identifies as further examples , D'889, D637,596 and D627,777, among other Apple design patents, which all appear to be substantially the same design.

**Incorporation by Reference of Other Materials**

In support of all of its bases for invalidity of Apple's asserted design patents, Samsung also incorporates by reference the deposition testimony of witnesses providing testimony related to Apple's design patents, including Daniele de Iuliis, Rico Zorkendorfer, Matthew Rohrbach, Bartley Andre, Duncan Kerr, Daniel Coster, Eugene Whang, Richard Howarth, Christopher Stringer, Douglas Satzger, Jonathan Ive, Cooper Woodring, Itay Sherman, Roger Fidler, Erin Wong, Tracy Durkin, Quinn Hoellwarth, Peter Russell-Clarke, Richard Dinh, Phil Hobson, Mark Lee, Fletcher Rothkopf, Steven Zadesky, Christopher Harris, Christopher Hood, Evans Hankey, Richard Lutton, as well as all deposition testimony provided by third parties, and all exhibits used in those depositions.  Moreover, because Apple delayed in providing Samsung with identities of all individuals involved in the designs and alleged embodiments at issue, Samsung currently does not have all relevant testimony on this issue.

Samsung further incorporates by reference the file history of the D'889 patent and any continuing application from the D'889 patent including reexaminations and reissue applications and all documents cited during those proceedings; all documents cited on the face of or in the D'889 patent; all related patents and file histories; and all of the documents produced or to be produced by Apple or third parties constituting prior art.

Samsung also incorporates by reference the Declaration of Itay Sherman in Support of Samsung's Opposition to Apple's Motion for a Preliminary Injunction (Dkt. No. 172), and any

**SUBJECT TO PROTECTIVE ORDER**
<u>**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**</u>

and all expert reports that have been or may be submitted in this action that support the invalidity

of Apple's asserted design patents.

***For U.S. Patent Nos. D'790, D'305, and D'334***

**I.   Invalidity Under 35 U.S.C. § 102 or 103**

Samsung identifies the following additional prior art that anticipates and/or renders

obvious the D'790, D'305, and D'334 patents either expressly or inherently as understood by a

person having ordinary skill in the art at the time of the alleged invention, either alone or in

combination with other references identified below.  These references are prior art under at least

35 U.S.C. §§ 102(a), (b), (e), (g) and/or 103.

Without waiving any right to address additional design characteristics of this prior art that

anticipate and/or render obvious the designs claimed in D'790, D'305, and D'334, and without

waiving any right to show that the designs claimed in D'790, D'305, and D'334 are indefinite, the

prior art shown below shares at least the following features with those that may be claimed in

D'790, D'305, and D'334:

| Prior Art Features | Disclosure Rendering the Claim Unpatentable |
|---|---|
| <ul><li>Rectangular display screen</li><li>Colorful array of icons</li><li>Icons in matrix pattern</li><li>Status bar or region at top of display screen including information such as time, network, battery power, and signal strength.</li><li>Icons for various applications such as messages, telephone calls, tasks, notes, calculator, clock, volume, calendar, and</li></ul> | **1.   BlackBerry 7130g** (Released Sept. 2006)<br> |

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

| Prior Art Features | Disclosure Rendering the Claim Unpatentable |
|---|---|
| address book.<br>• An icon featuring the receiver of an analog phone.<br>• An icon featuring a yellow piece of paper. | |
| • Rectangular display screen<br>• Array of icons in matrix pattern<br>• Status bar or region at top of display screen, including information such as time, network, battery power, and signal strength.<br>• Icons for various applications such as messages, telephone calling, tasks, notes, calculator, clock, volume, calendar, address book. | **2. BlackBerry 6710** (released Oct. 2002))<br> |
| • Rectangular display screen<br>• Colorful array of icons<br>• Icons in matrix pattern<br>• Status bar or region at top of display screen, including information such as time, network, battery power, and signal strength.<br>• Icons for various applications such as messages, telephone calling, tasks, settings, notes, calculator, clock, volume, calendar, address | **3. BlackBerry 7290** (released early 2005)<br> |

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

| Prior Art Features | Disclosure Rendering the Claim Unpatentable |
|---|---|
| book.<br>• An icon featuring the receiver of an analog phone.<br>• An icon featuring a yellow piece of paper. | |
| • Rectangular display screen<br>• Array of icons in matrix pattern<br>• Dock of four icons for frequently used applications either at the bottom or side of display<br>• Dock of four square icons at bottom of display screen<br>• Status bar or region at top of display screen including information such as time, network, battery power, and signal strength.<br>• Icons for various applications such as messages, telephone calling, settings, contacts.<br>• An icon featuring the receiver of an analog phone.<br>• An icon featuring a gear wheel.<br>• An icon featuring an address book. | **4.  LG Prada —** (Images available to public by December 2006)<br> |

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

| Prior Art Features | Disclosure Rendering the Claim Unpatentable |
|---|---|
| |  |

**5. BlackBerry 8700g** (Released April 17, 2006)

- Rectangular display screen
- Colorful array of icons
- Icons in matrix pattern
- Status bar or region at top of display screen, including information such as time, network, battery power, and signal strength.
- Icons for various applications such as messages, telephone calling, tasks, settings, notes, calculator, clock, volume, calendar, address book.
- An icon featuring the receiver of an analog phone.
- An icon featuring a yellow piece of paper.

SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF
INTERROGATORIES (11-12)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

| Prior Art Features | Disclosure Rendering the Claim Unpatentable |
|---|---|
| | |
| • Rectangular Display screen<br>• Colorful array of icons<br>• Dock at bottom of display screen containing frequently used icons.<br>• Status bar or region at top of display screen, including information such as battery power<br>• A series of dots above a bottom row of icons<br>• An icon featuring musical eighth notes. | **6. Samsung F300** (Dec. 2006)<br> |
| • Rectangular display screen<br>• Array of icons<br>• Icons in matrix pattern<br>• Icons for various applications such as messages, tasks, settings, notes, calendar, contacts<br>• Dock of four frequently used icons or commands at bottom of display<br>• An icon featuring an address book.<br>• An icon featuring the receiver of an analog phone.<br>• An icon featuring a piece of lined paper.<br>• An icon featuring musical eighth notes. | **7. Samsung F700** – (Announced Feb. 2007)<br> |
| • Rectangular display screen<br>• Array of colored icons | **8. Korean Patent 30-20060005195** (Issued February 11, 2006). |

SUBJECT TO PROTECTIVE ORDER
CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

| Prior Art Features | Disclosure Rendering the Claim Unpatentable |
|---|---|
| in matrix pattern <br>• Status bar or region at top of display screen including information such as battery power and signal strength. <br>• Icons for various applications such as messages, clock, web browsing, settings, music, and contacts. <br>• Rounded square containers around the icons. <br>• An icon featuring the receiver of an analog phone. <br>• An icon featuring gear wheels. <br>• An icon featuring eighth notes. <br>• An icon featuring a silhouette of a person's head and shoulders. <br>• An icon featuring a spiral-bound pad. |  |
| • Rectangular display screen <br>• Array of icons in matrix pattern <br>• Rounded square icons. <br>• Dock feature at bottom of display screen. | **9. Samsung Mobile UX Group — Intelligent Screen Interaction Studies —** (July – September 2006) (SAMNDCA00321457-656) |

SUBJECT TO PROTECTIVE ORDER
CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

| Prior Art Features | Disclosure Rendering the Claim Unpatentable |
|---|---|
| |  |

SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF
INTERROGATORIES (11-12)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

| Prior Art Features | Disclosure Rendering the Claim Unpatentable |
|---|---|
|  |  |
|  | **10. Motorola Razr** (Released late 2004) |
| • Rectangular display screen<br>• Colorful array of icons<br>• Icons in matrix pattern<br>• Icons for various applications such as messages, settings, music, web browsing, and contacts.<br>• An icon featuring the receiver of an analog phone. |  |
| • Rectangular display screen<br>• Colorful array of icons<br>• Icons in matrix pattern<br>• Status bar or region at top of display screen, | **11. BlackBerry 8700C** (released Nov. 2005) |

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

| Prior Art Features | Disclosure Rendering the Claim Unpatentable |
|---|---|
| including information such as time, carrier, network, battery power, and signal strength.<br>• Icons for various applications such as messages, telephone calling, tasks, contacts, settings, and web browsing.<br>• An icon featuring wheel gears.<br>• An icon featuring eighth notes. |  |
| • Rectangular display screen<br>• Colorful array of icons<br>• Icons in matrix pattern<br>• Status bar or region at top of display screen including information such as time, network, battery power, and signal strength.<br>• Icons for various applications such as messages, calendar, telephone calling, tasks, contacts, settings, notes, photos, and web browsing.<br>• An icon featuring the receiver of an analog phone.<br>• An icon featuring a yellow piece of paper. | **12. BlackBerry 7130e** (Released Nov. 2005)<br> |
| • Rectangular display screen<br>• Colorful array of icons<br>• Icons in matrix pattern | **13.** RIM BlackBerry 7100V (~released Oct. 2004) |

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

| Prior Art Features | Disclosure Rendering the Claim Unpatentable |
|---|---|
| • Status bar or region at top of display screen including information such as time, carrier, network, battery power, and signal strength.<br>• Icons for various applications such as messages, calendar, telephone calling, tasks, contacts, settings, and notes. |  |
| • Rectangular display screen<br>• Colorful array of icons<br>• Icons in matrix pattern<br>• Status bar or region at top of display screen including information such as time, network, battery power, and signal strength.<br>• Icons for various applications such as messages, calendar, picture/video, calculator, memos, and contacts.<br>• Text labels below each icon. | **14. Palm Treo** (released ~ Nov. 2006)<br> |
| • Rectangular display screen<br>• Icons in matrix pattern | **15. Palm i705** (released ~ Jan. 2002) |

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

| Prior Art Features | Disclosure Rendering the Claim Unpatentable |
|---|---|
| • Status bar or region at top of display screen including information such as time and battery power.<br>• Icons for various applications such as messages, calendar, clock, calculator, memos, notes, and contacts.<br>• Indicator showing location of currently viewed icons within full catalog of icons.<br>• Text labels below each icon.<br>• An icon featuring the receiver of an analog phone. |  |
| • Rectangular display screen<br>• Icons in matrix pattern<br>• Status bar or region at top of display screen including information such as time and battery power.<br>• Icons for various applications such as contacts, memos, calculator, calendar, settings, and notes.<br>• Indicator showing location of currently viewed icons within full catalog of icons.<br>• Text labels below each icon. | **16. United States Patent 7,844,913** (filed Jan. 11, 2005) (SAMNDCA00022764-22801); **US 2005/0183026 A1** (Published Aug. 18, 2005) |

SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF
INTERROGATORIES (11-12)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

| Prior Art Features | Disclosure Rendering the Claim Unpatentable |
|---|---|
| |  |
| • Rectangular display screen<br>• Icons for various applications such as pictures and settings.<br>• Rectangular icons.<br>• Dock of icons arrayed in a row. | **17. United States Patent 7,152,210 —** (Filed June 20, 2001; Issued Dec. 19, 2006) (SAMNDCA00023585-23590); World Intellectual Property Organization, Int'l Publication No. WO 01/29702 A2 (Published April 26, 2001) (SAMNDCA00024570-24581) |

02198.51855/4660268.2

-110-                                    Case No. 11-cv-01846-LHK
SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF
INTERROGATORIES (11-12)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

| Prior Art Features | Disclosure Rendering the Claim Unpatentable |
|---|---|
| |  |
| • Rectangular display screen <br> • Icons in matrix pattern <br> • Rectangular icons.. | **18. Japanese Patent Application 2004-290256** — (Published Oct. 26, 2005) (APL-ITC796-0000003794-3875); **United States Patent Application** — (Filed Sept. 28, 2005) (SAMNDCA00199073-148) |

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

| Prior Art Features | Disclosure Rendering the Claim Unpatentable |
|---|---|
| |  |
| • Rectangular display screen<br>• Icons in matrix pattern<br>• Status bar or region at top of display screen including information such as time, signal strength, and battery power.<br>• Icons for various applications such as music, messages, pictures, web browsing, calendar, and contacts.<br>• Text labels below each | **19. European Community Design Registration No. 000584529-0001** (Published Nov. 14, 2006) (SAMNDCA00199220-222) |

SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF
INTERROGATORIES (11-12)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

| Prior Art Features | Disclosure Rendering the Claim Unpatentable |
|---|---|
| icon. | 

0001.2          0001.3 |
| • Rectangular display screen<br>• Colorful array of icons<br>• Icons in matrix pattern<br>• Icons for various applications such as messages, settings, videos, contacts, and web browsing.<br>• Rounded rectangular containers for each icon.<br>• An icon featuring the receiver of an analog phone.<br>• An icon featuring a gear wheel. | **20. European Community Design Registration No. 000505532-0001** (Published May 23, 2006) (SAMNDCA00199223-226)



0001.2 |

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

| Prior Art Features | Disclosure Rendering the Claim Unpatentable |
|---|---|
| | |
| <ul><li>Rectangular display screen</li><li>Icons in matrix pattern</li><li>Status bar or region at top of display screen.</li><li>Icons for various applications such as settings, music, calendar, and contacts.</li><li>Contains icon with a gear</li><li>Contains icon with eighth notes and CD</li></ul> | **21. European Community Design Registration No. 000778741-0001** (Published April 9, 2007) (SAMNDCA00199230-232)<br><br><br><br>0001.1 |
| <ul><li>Rectangular display screen</li><li>Colorful array of icons</li><li>Icons in matrix pattern</li><li>Icons for various applications such as settings, pictures, contacts, and voice recordings</li><li>Rounded rectangular containers for icons.</li><li>An icon featuring a gear wheel.</li><li>An icon featuring an address book.</li></ul> | **22. Korean Design Patent 30-0403504** (Published Jan. 10, 2006) (SAMNDCA00199270-275) |

SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF
INTERROGATORIES (11-12)

**SUBJECT TO PROTECTIVE ORDER**
<u>**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**</u>

| Prior Art Features | Disclosure Rendering the Claim Unpatentable |
|---|---|
| |  |
| • Rectangular display screen<br>• Colorful array of icons<br>• Icons in matrix pattern<br>• Status bar or region at top of display screen.<br>• Icons for various applications such as web browser, camera, calculator, settings, clock, calendar, and contacts.<br>• Text labels below each icon. | **23. Korean Design Patent 30-0441582** (Published Feb. 27, 2007) (SAMNDCA00199288-292)<br><br> |

SUBJECT TO PROTECTIVE ORDER
CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

| Prior Art Features | Disclosure Rendering the Claim Unpatentable |
|---|---|
| |  |
| • Rectangular display screen<br>• Colorful array of icons<br>• Icons in matrix pattern<br>• Status bar or region at top of display screen.<br>• Icons for various applications such as clock, settings, calendar, and pictures.<br>• Rounded rectangular containers for each icon. | **24. Japanese Design Patent D1189312** (Issued Nov. 5, 2003) (SAMNDCA00199315-319) |

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

| Prior Art Features | Disclosure Rendering the Claim Unpatentable |
|---|---|
| | 【変化した状態を示す正面図〔1〕】  |
| • Rectangular display screen<br>• Icons in matrix pattern<br>• Icons for various applications such as settings, memos, and pictures.<br>• Rounded rectangular containers for each icon.<br>• Dock at bottom of display screen. | **25. Japanese Design Patent D1279226** (Issued Aug. 21, 2006) (SAMNDCA00199346-353) |

SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF
INTERROGATORIES (11-12)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

| Prior Art Features | Disclosure Rendering the Claim Unpatentable |
|---|---|
|  |  |
| • Rectangular display screen<br>• Colorful array of icons<br>• Icons in matrix pattern<br>• Icons for various applications such as messages, settings, videos, contacts, and web browsing.<br>• Rounded rectangular containers for each icon.<br>• An icon featuring a gear wheel<br>• An icon featuring an address book.. | **26. Japanese Design Patent D1300217** (Issued May 14, 2007) (SAMNDCA00199354-358) |

02198.51855/4660268.2

-118-                                    Case No. 11-cv-01846-LHK
SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF
INTERROGATORIES (11-12)

SUBJECT TO PROTECTIVE ORDER
<u>CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION</u>

| Prior Art Features | Disclosure Rendering the Claim Unpatentable |
|---|---|
| |  |
| • Rectangular display screen<br>• Icons in matrix pattern<br>• Rectangular icons. | **27. United States Patent 6,983,424** (Filed June 23, 2000, Issued Jan. 3 2006) (SAMNDCA00199786-806)<br><br><br>Fig. 76 |

-119-

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

| Prior Art Features | Disclosure Rendering the Claim Unpatentable |
|---|---|
| | |
| • Rectangular display screen<br>• Icons in matrix pattern<br>• Icons for various applications such as messaging, calendar, contacts, memos, tasks, and clock. | **28. United States Patent D445,428** (Filed April 5, 2000, Issued July 24, 2001) (SAMNDCA00200533-534)<br><br> |
| • Rectangular display screen<br>• Colorful array of icons<br>• Icons in matrix pattern<br>• Status bar or region on display screen including information such as time and signal strength.<br>• Icons for various | **29. Bluebird Pidion BM-200** (Released Nov. 2005) |

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

| Prior Art Features | Disclosure Rendering the Claim Unpatentable |
|---|---|
| applications such as media playing and web browsing.<br>• Text labels below each icon. |  |
| • Rectangular display screen<br>• Icons in matrix pattern<br>• Square icons | **30. United States Patent Application 2006/0107207 ("Wada")** (Filed Jan. 4, 2005; Published May 18, 2006; issued as United States Patent 7,587,680 on Sept. 8, 2009)<br><br><br><br>FIG. 4 |
| • Rectangular display screen<br>• Colorful array of icons<br>• Icons for various applications such as | **31.** Mac OS X 10.4, Tiger — Dashboard (Released mid-2005) |

SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF INTERROGATORIES (11-12)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

| Prior Art Features | Disclosure Rendering the Claim Unpatentable |
|---|---|
| contacts, calculator, calendar, and memos.<br>• Dock at bottom of screen with most frequently used icons<br>• Rounded rectangular icons. |  |
| • Rectangular display screen<br>• Icons in matrix pattern<br>• Status bar or region at top of display screen, including information such as time.<br>• Icons for various applications such as calendar, contacts, clock, note pad, messages, calculator, and settings.<br>• Text labels below each icon.<br>• Dock of four icons at bottom of display screen.<br>• Square icons with rounded corners. | **32. BellSouth/IBM Simon Personal Communicator —** (publicly announced 1993)<br><br> |

SUBJECT TO PROTECTIVE ORDER
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

| Prior Art Features | Disclosure Rendering the Claim Unpatentable |
|---|---|
|  |  |

**33. Nokia 7710** – (Nov. 2004)

- Rectangular display screen
- Icons in matrix pattern
- Status bar or region at top of display screen including information such as signal strength and battery strength.
- Icons for various applications such as telephone calling, messaging, contacts, calendar, web browsing, music, camera, pictures, and



02198.51855/4660268.2

-123-                                      Case No. 11-cv-01846-LHK
SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF
INTERROGATORIES (11-12)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

| Prior Art Features | Disclosure Rendering the Claim Unpatentable |
|---|---|
| settings.<br>• Text labels below each icon.<br>• Location indicator.<br>• Square icons with rounded corners. | |
| • Rectangular display screen<br>• Icons in matrix pattern<br>• Status bar or region at top of display screen including information such as time.<br>• Icons for various applications such as settings.<br>• Text labels below each icon. | **34. Amiga** – (1987)<br> |
| • Rectangular display screen<br>• Colorful array of icons<br>• Icons in rows<br>• Icons for various applications.<br>• Text labels below each icon. | **35. BeOS interface** –<br> |

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

| Prior Art Features | Disclosure Rendering the Claim Unpatentable |
|---|---|
| |  |
| • Rectangular display screen<br>• Icons arranged in rows and columns<br>• Icons for various applications and documents.<br>• Text labels for each icon.<br>• Square icons. | **36. Xerox Star display** – (1981)<br><br> |
| • Rectangular display screen<br>• Colorful array of icons<br>• Icons arranged in rows and columns<br>• Icons for various applications and documents. | **37. Windows 95** – (1995) |

-125-

Case No. 11-cv-01846-LHK

SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF INTERROGATORIES (11-12)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

| Prior Art Features | Disclosure Rendering the Claim Unpatentable |
|---|---|
| • Text labels for each icon. |  |
| • Rectangular display screen<br>• Colorful array of icons<br>• Icons arranged in matrix<br>• Icons for various applications such as media player, web browsing, calendar, messaging, contacts, and settings.<br>• Text labels for each icon.<br>• Status bar or region at top of display screen including information such as signal strength and battery strength | **38. Windows Mobile 5.0** – (2005)<br><br><br><br>http://blogs.zdnet.com/mobile-gadgeteer/?p=286 |
| • Rectangular display screen<br>• Colorful array of icons<br>• Icons arranged in | **39. Windows Mobile 6.0** – (Feb. 2007) |

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

| Prior Art Features | Disclosure Rendering the Claim Unpatentable |
|---|---|
| matrix<br>• Icons for various applications such as media player, web browsing, tasks, calendar, messaging, contacts, and settings.<br>• Text labels for each icon.<br>• Status bar or region at top of display screen including information such as signal strength and battery strength | http://blogs.zdnet.com/mobile-gadgeteer/?p=286 |
| • Rectangular display screen<br>• Icons arranged in row<br>• Icons forming a dock at bottom of screen<br>• Icons for various applications such as notes, calling, messages, clock, and calculator. | **40. Tandy Zoomer** – |

-127-                              Case No. 11-cv-01846-LHK

SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF
INTERROGATORIES (11-12)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

| Prior Art Features | Disclosure Rendering the Claim Unpatentable |
|---|---|
| | <br><br>http://blogs.zdnet.com/mobile-gadgeteer/?p=286 |
| • Rectangular display screen<br>• Icons arranged in matrix<br>• Icons forming a dock at bottom of screen<br>• Icons for various applications such as notes, settings, messages, clock, and calculator. | **41. Newton MessagePad** – (various models)<br><br> |

02198.51855/4660268.2

-128-

Case No. 11-cv-01846-LHK
SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF
INTERROGATORIES (11-12)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

| Prior Art Features | Disclosure Rendering the Claim Unpatentable |
|---|---|
|  |   http://blogs.zdnet.com/mobile-gadgeteer/?p=286 |
| • Rectangular display screen<br>• Icons arranged in matrix<br>• Icons forming a dock at bottom of screen around the stylus entry pad<br>• Icons for various applications such as calculator, messages, and memos. | **42. Handspring Visor –**<br><br><br><br>http://blogs.zdnet.com/mobile-gadgeteer/?p=286 |

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

| Prior Art Features | Disclosure Rendering the Claim Unpatentable |
|---|---|
| | |
| | **43. Phone Icons —** (Various dates) |
| • An icon featuring the receiver of an analog phone.<br>• Receiver depicted at a near 45 degree angle.<br>• Green color used either for the phone receiver or the phone. | Samsung M4300 (2005)<br><br>Windows Mobile 5.0 (2005)<br><br>(08.2007 – KU990Viewty)<br><br>(09.2007 - LG KS20)<br><br>(05.2007 - LG U960)<br><br>(Samsung SGH 800 (1999))<br><br>(Samsung SCH-X800 (2003))<br><br>Nokia 6310i (March 2002)<br><br>Skype (~2005-2006) |
| • An icon featuring gear wheel(s). | **44. Settings Icons —** (Various dates)<br><br>2002 Samsung  (CDMA2000)<br><br>2004 Samsung (Mega2 model)<br><br>2005 design registration<br><br>Windows Mobile 5.0 (2005) |

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

| Prior Art Features | Disclosure Rendering the Claim Unpatentable |
|---|---|
| |  중남미향  (2002) |
| |  의장등록  (2004) |
| |  (2006 – Samsung SCH-U420) |
| |  (2004 Sony Ericsson Q4 T290) |
| |  (Dec. 2006 – LG ke850 prada) |
| |  **GNOME 2.0 (2002 – "Applications")** |
| |  **Windows 95 (1995 – "Settings")** |
| |  **Windows 98 (1998 – "Settings")** |
| |  **GNOME 2.0 (2002 – "Run")** |

SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF
INTERROGATORIES (11-12)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

| Prior Art Features | Disclosure Rendering the Claim Unpatentable |
|---|---|
| |  (Slicer – 2006 Windows icons) <br><br>  (Slicer – 2006 Windows Icons) <br><br>  BlackBerry 8700c  (Nov. 2005) <br><br>  Windows Mobile 6 (Feb. 2007) |
| • An icon featuring paper bound at one edge | **45. Notes Icons —** (Various dates) <br><br> **GEOS (1986)** <br><br>  <br><br> **GeoWorks 1990-2002** <br><br>  <br><br> **Mac OS 1995-1999** <br><br>  <br><br> **OS/2 (1992)** |

-132-                Case No. 11-cv-01846-LHK

SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF
INTERROGATORIES (11-12)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

| Prior Art Features | Disclosure Rendering the Claim Unpatentable |
|---|---|
| | <br><br>**OS/2 (1994)**<br><br><br><br>**OS/2 (1996)**<br><br><br><br> BlackBerry 7130e (Nov. 2005)<br><br>  BlackBerry 8700g (April 2006)<br><br> BlackBerry 7130g (Sept. 2006) |
| • Colorful icons that include the silhouette of a person's head and shoulders on or next to a bound address book or information card. | **46. Contacts Icons —** (Various dates)<br><br> **Palm Treo 700p (Q2 2006)**<br><br>Gigabyte GSmart q60 (May 2007)<br><br> Windows Mobile 5.0 (2005)<br><br> **Windows Mobile 6.0 (Feb. 2007)** |

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

| Prior Art Features | Disclosure Rendering the Claim Unpatentable |
|---|---|
| |  Vodafone v1240 (HTC Tornado Noble) (Jan. 2006) <br><br>  Sony Clie PEG-NX73VE (Sept. 2003) <br><br>  Blackberry 8703e (Verizon 2006) <br><br>  BlackBerry 8700c  (Nov. 2005) |
| • Colorful icons that include eighth notes <br> • Icons that include a CD <br> • Icons that include eighth notes and a CD | **47. Music Icons —** (Various dates) <br><br>  **GNOME 2.0 (2002 – "Media Player")** <br><br>  **GNOME 2.0 (2002 – "CD Player")** <br><br>  **OS/2 Warp 3 (1994 – "CD Player")** <br><br>  **Window NT 3.1 (1993 – "CD Player")** |

02198.51855/4660268.2

Case No. 11-cv-01846-LHK
SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF
INTERROGATORIES (11-12)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

| Prior Art Features | Disclosure Rendering the Claim Unpatentable |
|---|---|
| |  **BeOS Operating System -**  (08.2002 – Samsung SCH-X650)  (06.2006 – SonyEricsson K800)  **2007 SAMSUNG SGH-F700**  **Nokia N77**  (Slicer 2006 Windows icons)  BlackBerry 8700c  (Nov. 2005) |
| • Colorful icons or images depicting an orange or yellow flower. | **48. Photos Icons —** (Various dates)  **01.2007 Windows Vista**  **Photoshop 2006** |

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

| Prior Art Features | Disclosure Rendering the Claim Unpatentable |
|---|---|
| • Colorful icons featuring cartoon text balloons of various shapes including rounded rectangles.<br>• Text balloons including several letters or a small picture. | **49. Text Messages Icons —** (Various dates)<br> **01.2005 – Samsung SGH-Z130**<br> **2005 AOL Icon**<br> **2003 ICQ**<br> **Blackberry 8830 (Q2 2007)** |

Samsung also incorporates by reference all prior art that was previously produced and/or disclosed. These incorporated pieces of prior art further show that the designs claimed by the D'790, D'305, and D'334 patents are both obvious and anticipated. Samsung also incorporates by reference all testimony of Apple's inventors and employees, Samsung's witnesses, and of other relevant prior art witnesses.

**E. Bates Ranges of Prior Art Produced by Samsung**

SAMNDCA00020035-20119; SAMNDCA00020499-20575; SAMNDCA00020879-20899; SAMNDCA00021500-21504; SAMNDCA00021894-22450; SAMNDCA00022764-22801; SAMNDCA00023585-23590; SAMNDCA00024570-24581; SAMNDCA00199073-199148; SAMNDCA00199210-199401; SAMNDCA00199525-200616; SAMNDCA00200640-200649; SAMNDCA00200659-200660; SAMNDCA00200666-200669; SAMNDCA00200677-200685; SAMNDCA00200715-200723; SAMNDCA00200734-200736; SAMNDCA00200749-200750; SAMNDCA00200789-200791; SAMNDCA00200807-200808; SAMNDCA00200839-

SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF
INTERROGATORIES (11-12)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

200842; SAMNDCA00200926-200927; SAMNDCA00200941-200952; SAMNDCA00200961-200971; SAMNDCA00201021-201022; SAMNDCA00201076-201077; SAMNDCA00201095-201097; SAMNDCA00201112-201113; SAMNDCA00201141-201142; SAMNDCA00201151-201159; SAMNDCA00201168-201171; SAMNDCA00201183-201188; SAMNDCA00201205-201206; SAMNDCA00201211-201220; SAMNDCA00201241-201249.

Samsung believes that the identified prior art, standing alone, or in combination, would appear to an ordinary observer — giving such attention as a purchaser usually gives — to be substantially the same as the designs shown in D'790, D'305, and D'334, rendering those patents invalid as anticipated and/or obvious.

## II.  Invalidity Due to Functionality

The designs shown in the D'790, D'305, and D'334 patents are also functional and not ornamental.  Design patent law does not protect functional features.  *See Lee v. Dayton-Hudson Corp.*, 838 F.2d 1186, 1188 (Fed. Cir. 1988).  In addition to the overall designs of D'790, D'305, and D'334 being non-ornamental, and therefore functional, each individual aspect of the designs is also functional and renders the scope of the patents either invalid or indefinite.  For example:

- **Icons** – Using icons instead of simply listing applications with text allows users to more quickly identify and execute the application they desire. This convention has been used for decades in personal computing programs.

- **Icons Arrayed in a Matrix** – Arranging icons in a matrix or grid pattern as opposed to a more randomized or disorganized configuration follows traditional patterns of organization (e.g., ten-key calculators and touchtone phone key pads) and allows users to more quickly and efficiently scan and identify the available icons.

SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF
INTERROGATORIES (11-12)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

- **Rectangular Display Screen** – Using a rectangular display screen instead of a different shape maximizes the efficient use of screen space for displaying information.  Computers monitors and displays have almost exclusively used rectangular display screens for the last several decades.  Indeed, the rectangular display screen is dictated by the virtual non-availability of differently shaped LED displays used in mobile electronic devices.

- **Size of Icons** – The icons are large enough to provide visual cues to the user, but small enough that they do not unnecessarily use up valuable real estate on the screen.  The size of the icons is compatible for use in a touchscreen device operated by human fingers.

- **Spacing of Icons –**The spacing between the icons enables users to distinguish among different icons.  It also helps to prevent users from inadvertently touching two icons at once when trying to launch a particular application.  The icons are spaced closely enough, however, to maximize the display screen real estate.

- **Dock** – The location of the dock at the bottom of the screen sets it apart from the remaining icons both visually and functionally.  Not only does the dock not interfere with the moving pages of icons, it is also located in the most efficient place for the user to use a thumb to access it during one-handed control of the mobile device.

- **Page Dots** – The page dots visible in the D'334 patent are useful for informing users about which page of icons they are currently viewing. This allows users to navigate from any particular display screen back to the main or home screen and vice versa without having to guess which page in the icon hierarchy they are viewing.

02198.51855/4660268.2

-138-

Case No. 11-cv-01846-LHK
SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF
INTERROGATORIES (11-12)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

- **Empty Row** – For the D'790 and D'305 patents, the empty row just above the dock serves to distinguish between the lower and upper sets of icons. The empty space can also be used for adding more icons to the display screen.

- **Text Labels –** The short one- to two-word text labels below each icon in the D'334 and D'305 patents further enables users to quickly and efficiently identify what application will be launched when the displayed icon is pressed. The size of the text is also dictated by its function: it needs to be large enough so that a user can read it, but small enough that it does not waste valuable screen real estate by encroaching on adjacent icons.

- **Status Bar** – The status bar in each patent segregates certain important information in a visually distinct region away from the icon grid. This configuration makes the process of determining the phone's network, carrier, battery strength and signal strength much more efficient.

The following functionality considerations further invalidate the D'305 and D'334 patents:

- **Using Images for Icons –** The individual pictures or images that appear to be displayed in the D'305 and D'334 patents each conveys a message about the underlying application. The images are common metaphors that have been consistently used in iconography, as seen from the prior art. This convention of using common metaphors brings the D'305 and D'334 designs into conformity with wider icon usage so that users will have an intuitive understanding about what each icon is designed to represent. All of this makes the mobile device graphical user interface more intuitive, and therefore easier to use.

- **Specific Icons –** The icons that appear to be represented in D'305 and D'334 in most instances depict common metaphors used in numerous prior art devices

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

because they quickly and efficiently communicate to users what application will launch when the icon is pressed.  This is due at least in part to the icons using logical real world metaphors that are intuitive for users and to these metaphors having been used consistently in numerous prior art computing devices.  The icons in the D'305 and D'334 patents follow these standard, functional conventions and metaphors:

o **Settings Icon –** A gear or gears symbolizing the inner-workings of the machine or device.

o **Notes Icon –** A lined notepad representing a physical pad of note paper used for writing.

o **Music Icon –** A set of eighth notes like those used in real world sheet music, and an image of a CD, representing a common medium for storing and playing music.

o **Contacts Icon –** A silhouette of a person's head and shoulders on a wire-bound address book, representing commonly used spiral-bound address books.  The silhouette is a common convention in iconography to indicate that the application includes information about people.

o **Messaging Icon –** A text balloon as used for decades in cartoons to represent spoken words.  This metaphor has been used more recently in iconography to symbolize a written conversation.

o **Photos Icon –** A picture of a flower symbolizing a photograph or set of photographs.  Flowers are commonly the object of photography and images of flowers have been used previously to represent photo-editing software.

SUBJECT TO PROTECTIVE ORDER
<u>CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION</u>

Flower icons are also commonly used on camera controls to indicate that

the settings are designed for close-up pictures.

Moreover, Apple sought to obtain utility patents on the same graphical user interface presumably at issue in the D'790, D'305, and D'334 design patents. *See*, *e.g*., US Patent Application 2009/0064038 (filed Sept. 4, 2007; published Mar. 5, 2009) (SAMNDCA00200287). This renders the design patents invalid because it confirms that the elements in the designs claimed in D'790, D'305, and D'334 are functional. *See PHG Techs., LLC v. St. John Cos.*, 469 F.3d 1361, 1366 (Fed. Cir. 2006) (noting that courts should consider "whether there are any concomitant utility patents" when ruling on invalidity due to functionality); *see also Power Controls Corp. v. Hybrinetics, Inc.*, 806 F.2d 234, 238-240 (Fed. Cir. 1986).

Samsung also incorporates by reference its Response to Apple's Interrogatory No. 38, regarding functionality of Apple's asserted design patents.

## III. Invalidity Due to Indefiniteness

The asserted claims of the D'790, D'305, and D'334 patents are also invalid under paragraph 2 of Section 112 of Title 35 of the United States Code because the claims are indefinite in that the drawings and pictures depicting the design do not enable a person skilled in the art to make the design.

For example, the patents are not limited to scale. A designer skilled in the art would not know from the designs how to scale the elements in the design. For example, if the designer were to enlarge the screen, it is unclear whether the icons would also need to be enlarged proportionately, or if the icons should remain the same size so that new rows or columns of icons could be added. If new squares or icons were to be added, the patent does not indicate what those squares or icons should depict, if anything.

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

Further, the use of broken or dashed lines within the figures of the D'790, D'305, and D'334 patents is confusing and contrary to convention and creates uncertainty as to the scope of the design and whether certain elements are or are not a part of the design, or are intended to be less important aspects of the design, which is prohibited. *See* MPEP 1503.02. The description of the broken lines in the Description section is also unhelpful in overcoming the uncertainty and indefiniteness inherent in the designs of the D'790, D'305, and D'334 patents.

## IV.   Invalidity Due to Double Patenting

The asserted claims of the D'305 and D'334 patent are also invalid under the doctrine of double patenting because they are substantially the same design. D'790, D'305, and D'334 also appear to be substantially the same design as several of Apple's non-asserted design patents: D597,101 and D644,239.

## IV.   Incorporation by Reference of Other Materials

In support of all of its bases for invalidity of Apple's asserted graphical user interface design patents, Samsung also incorporates by reference the deposition testimony of witnesses providing testimony related to these design patents, including but not limited to Imran Chaudhri, Freddy Anzures, Scott Forstall, Steve Lemay, and Evans Hankey, as well as all deposition testimony provided by third parties, and all exhibits used in those depositions. Samsung also incorporates by reference all testimony provided by Samsung witnesses. Moreover, because Apple delayed in providing Samsung with identities of all individuals involved in the designs and alleged embodiments at issue, Samsung currently does not have all relevant testimony on these issue.

Samsung further incorporates by reference the file histories of the D'790, D'305, and D'334 patents and any continuing applications from the D'790, D'305, and D'334 patents including

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

1  reexaminations and reissue applications and all documents cited during those proceedings; all

2  documents cited on the face of or in the D'790, D'305, and D'334 patents; all related patents and

3  file histories; and all of the documents produced or to be produced by Apple or third parties

4  constituting prior art.

5

6  Samsung also incorporates by reference the Declaration of Itay Sherman in Support of Samsung's

7  Opposition to Apple's Motion for a Preliminary Injunction (Dkt. No. 172), and any and all expert

8  reports that have been or may be submitted in this action that support the invalidity of Apple's

9  asserted design patents.

10

11

12  Samsung's investigation is ongoing and Samsung will supplement this interrogatory after a

13  reasonable investigation and further discovery from Apple on the basis for its infringement and

14  validity positions.

15

16

17  DATED:  March 19, 2012                    Respectfully submitted,

18                                           QUINN EMANUEL URQUHART &
                                             SULLIVAN, LLP
19

20

21                                           By     /s/ Victoria F. Maroulis
                                                 Charles K. Verhoeven
22                                               Kevin P.B. Johnson
                                                 Victoria F. Maroulis
23                                               Michael T. Zeller
                                                 Attorneys for SAMSUNG ELECTRONICS CO.,
24                                               LTD., SAMSUNG ELECTRONICS AMERICA,
                                                 INC. and SAMSUNG
25                                               TELECOMMUNICATIONS AMERICA, LLC

26

27

28

SUBJECT TO PROTECTIVE ORDER
<u>CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION</u>

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on March 19, 2012, I caused **SAMSUNG'S SUPPLEMENTAL**

**OBJECTIONS AND RESPONSES TO APPLE INC.'S FIFTH SET OF**

**INTERROGATORIES (Nos. 11-12)** to be electronically served on the following via email:

**ATTORNEYS FOR APPLE INC.**

| | |
|---|---|
| AppleMoFo@mofo.com | WILLIAM F. LEE |
| HAROLD J. MCELHINNY | william.lee@wilmerhale.com |
| hmcelhinny@mofo.com | WILMER CUTLER PICKERING HALE |
| MICHAEL A. JACOBS | AND DORR LLP |
| mjacobs@mofo.com | 60 State Street |
| JENNIFER LEE TAYLOR | Boston, Massachusetts 02109 |
| jtaylor@mofo.com | Telephone: (617) 526-6000 |
| ALISON M. TUCHER | Facsimile: (617) 526-5000 |
| atucher@mofo.com | |
| RICHARD S.J. HUNG | MARK D. SELWYN |
| rhung@mofo.com | mark.selwyn@wilmerhale.com |
| JASON R. BARTLETT | WILMER CUTLER PICKERING HALE |
| jasonbartlett@mofo.com | AND DORR LLP |
| MORRISON & FOERSTER LLP | 950 Page Mill Road |
| 425 Market Street | Palo Alto, California 94304 |
| San Francisco, California 94105-2482 | Telephone: (650) 858-6000 |
| Telephone: (415) 268-7000 | Facsimile: (650) 858-6100 |
| Facsimile: (415) 268-7522 | |

I declare under penalty of perjury that the foregoing is true and correct.  Executed in

Redwood Shores, California on March 19, 2012.

_____/s/ Scott C. Hall_____

02198.51855/4660268.2

-144-                                Case No. 11-cv-01846-LHK
SAMSUNG'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S FIFTH SET OF
INTERROGATORIES (11-12)