Proctor Declaration

# EXHIBIT 5

```
 1                  UNITED STATES DISTRICT COURT

 2                NORTHERN DISTRICT OF CALIFORNIA

 3                       SAN JOSE DIVISION

 4

 5
     APPLE INC., A CALIFORNIA    ) C-11-01846 LHK
 6   CORPORATION,                )
                                 ) SAN JOSE, CALIFORNIA
 7              PLAINTIFF,       )
                                 ) AUGUST 15, 2012
 8         VS.                   )
                                 ) VOLUME 9
 9   SAMSUNG ELECTRONICS CO.,    )
     LTD., A KOREAN BUSINESS     ) PAGES 2651-2965
10   ENTITY; SAMSUNG             )
     ELECTRONICS AMERICA,        )
11   INC., A NEW YORK            )
     CORPORATION; SAMSUNG        )
12   TELECOMMUNICATIONS          )
     AMERICA, LLC, A DELAWARE    )
13   LIMITED LIABILITY           )
     COMPANY,                    )
14                               )
                DEFENDANTS.      )
15   _____

16             TRANSCRIPT OF PROCEEDINGS
          BEFORE THE HONORABLE LUCY H. KOH
17            UNITED STATES DISTRICT JUDGE

18

19

20             APPEARANCES ON NEXT PAGE

21

22

23   OFFICIAL COURT REPORTER: LEE-ANNE SHORTRIDGE, CSR, CRR
                              CERTIFICATE NUMBER 9595
24                            IRENE RODRIGUEZ, CSR, CRR
                              CERTIFICATE NUMBER 8074
25
```

```
 1    A P P E A R A N C E S:

 2    FOR PLAINTIFF          MORRISON & FOERSTER
      APPLE:                 BY:  HAROLD J. MCELHINNY
 3                                MICHAEL A. JACOBS
                                  RACHEL KREVANS
 4                           425 MARKET STREET
                             SAN FRANCISCO, CALIFORNIA  94105
 5

 6    FOR COUNTERCLAIMANT    WILMER, CUTLER, PICKERING,
      APPLE:                 HALE AND DORR
 7                           BY:  WILLIAM F. LEE
                             60 STATE STREET
 8                           BOSTON, MASSACHUSETTS  02109

 9                           BY:  MARK D. SELWYN
                             950 PAGE MILL ROAD
10                           PALO ALTO, CALIFORNIA  94304

11    FOR THE DEFENDANT:     QUINN, EMANUEL, URQUHART,
                             OLIVER & HEDGES
12                           BY:  CHARLES K. VERHOEVEN
                                  ALBERT P. BEDECARRE
13                           50 CALIFORNIA STREET, 22ND FLOOR
                             SAN FRANCISCO, CALIFORNIA  94111
14
                             BY:  VICTORIA F. MAROULIS
15                                KEVIN P.B. JOHNSON
                             555 TWIN DOLPHIN DRIVE
16                           SUITE 560
                             REDWOOD SHORES, CALIFORNIA  94065
17
                             BY:  MICHAEL T. ZELLER
18                                WILLIAM C. PRICE
                                  JOHN B. QUINN
19                           865 SOUTH FIGUEROA STREET
                             10TH FLOOR
20                           LOS ANGELES, CALIFORNIA  90017

21    FOR INTERVENOR         RAM, OLSON,
      REUTERS:               CEREGHINO & KOPCZYNSKI
22                           BY:  KARL OLSON
                             555 MONTGOMERY STREET, SUITE 820
23                           SAN FRANCISCO, CALIFORNIA  94111

24
      INTERPRETERS:          JAMES YIM VICTORY
25                           ANN PARK
                             ALBERT KIM
```

1

2                          INDEX OF WITNESSES

3     DEFENDANT'S

4     **MARKUS PALTIAN**
             VIDEO DEPOSITION PLAYED              P. 2670
5                                                 P. 2671

6

      **ANDRE ZORN**
7            VIDEO DEPOSITION PLAYED              P. 2671
                                                  P. 2672
8
      **TIM ARTHUR WILLIAMS**
9            DIRECT EXAM BY MR. VERHOEVEN         P. 2676
             CROSS-EXAM BY MR. LEE                P. 2739
10

11    **JIN SOO KIM**
             DIRECT EXAM BY MR. QUINN             P. 2787
12           CROSS-EXAM BY MR. MCELHINNY          P. 2821
             REDIRECT EXAM BY MR. QUINN           P. 2833
13

14    **RICHARD HOWARTH**
             DIRECT EXAM BY MR. PRICE             P. 2838
15           CROSS-EXAM BY MR. MCELHINNY          P. 2842

16
      **ANDRIES VAN DAM**
17           DIRECT EXAM BY MR. JOHNSON           P. 2845
             CROSS-EXAM BY MS. KREVANS            P. 2873
18           REDIRECT EXAM BY MR. JOHNSON         P. 2883
             RECROSS-EXAM BY MS. KREVANS          P. 2884
19

20    **STEPHEN GRAY**
             DIRECT EXAM BY MR. DEFRANCO          P. 2893
21           CROSS-EXAM BY MR. JACOBS             P. 2924

22

23

24

25

INDEX OF EXHIBITS

|  | MARKED | ADMITTED |
|---|---|---|
| **PLAINTIFF'S** | | |
| 2011 | | 2669 |
| 43 | | 2828 |
| 42 | | 2829 |
| **DEFENDANT'S** | | |
| 636 | | 2673 |
| 635 | | 2674 |
| 1083 | | 2674 |
| 557 | | 2675 |
| 1073 | | 2682 |
| 3966.104 | 2697 | |
| 3966.105 | 2703 | |
| 3966.106 | 2705 | 2705 |
| 1070 | | 2711 |
| 107 | | 2721 |
| 3666.108 | | 2730 |
| 635-A & 635-B | | 2733 |
| 685 | | 2764 |
| 3973.009 | | 2804 |
| 684.001 | | 2820 |
| 3973.010 | | 2820 |
| 621-A | | 2837 |
| 2627 | | 2839 |
| 712 | | 2841 |
| 717 | | 2842 |
| 3964.015A | | 2860 |
| 2964.026 - 038 | | 2864 |
| 655 | | 2883 |
| 655 & 548 | | 2886 |
| 550 | | 2903 |
| 561 | | 2917 |
| 1081 | | 2920 |

1    ENLARGED AND CENTERED, SO THAT MEANS THAT CLAIM 50D
2    AND E ARE MET, AND F FOR THAT MATTER.
3                AND IN ADDITION, ONCE THAT -- ONCE THE
4    TILE HAS BEEN ENLARGED AND CENTERED, THE ADJACENT
5    TILES AROUND IT ARE AVAILABLE, THE USER THEN HAS
6    THE OPPORTUNITY TO SELECT THOSE ADJACENT TILES,
7    WHICH THAT TILE WILL NOW BE CENTERED AND ENLARGED
8    AS WELL.  SO MUCH LIKE LAUNCHTILE, THE AGNETTA
9    PATENT PERFORMS THE SAME OPERATIONS AND SAME
10   FUNCTIONS.
11   Q    AND WHAT IS YOUR YOUR OPINION OF THE VALIDITY
12   OF CLAIM 50 OF THE '163 PATENT IN VIEW OF THE
13   AGNETTA REFERENCE, SIR?
14   A    I BELIEVE THE AGNETTA REFERENCE INVALIDATES
15   CLAIM 50 BECAUSE IT MEETS ALL THE CLAIM
16   LIMITATIONS.
17   Q    WE HAVE ONE MORE TO DO, THE ROBBINS PATENT.
18   IT SHOULD BE IN YOUR BINDER AGAIN.  IT'S '349
19   PATENT.  DO YOU SEE THAT THERE, SIR?  IT'S EXHIBIT
20   DX 1081.
21                AND, RYAN, WHILE WE'RE DOING THAT, CAN
22   YOU PLEASE PUT UP THE SUMMARY SLIDE FOR THAT
23   REFERENCE.
24   A    I DO.  I SEE EXHIBIT 1081 AND IT IS THE '349
25   OR ROBBINS PATENT.

1    Q    IS THAT THE ROBBINS PATENT THAT YOU ANALYZED
2    IN YOUR WORK IN THIS CASE?
3    A    IT IS.
4              MR. DEFRANCO:  YOUR HONOR, WE WOULD MOVE
5    EXHIBIT DX 1081 INTO EVIDENCE, PLEASE.
6              THE COURT:  ANY OBJECTION?
7              MR. JACOBS:  IS THAT THE PATENT?
8              THE COURT:  YES, IT IS.
9              MR. JACOBS:  NO OBJECTION.
10             THE COURT:  IT'S ADMITTED.
11             (WHEREUPON, DEFENDANT'S EXHIBIT NUMBER
12             1081, HAVING BEEN PREVIOUSLY MARKED FOR
13             IDENTIFICATION, WAS ADMITTED INTO
14             EVIDENCE.)
15             THE COURT:  GO AHEAD, PLEASE.
16   BY MR. DEFRANCO:
17   Q    MR. GRAY, ONE MORE TIME.  WE'RE ALMOST DONE.
18   WOULD YOU PLEASE DO THE SAME.  TAKE US THROUGH EACH
19   ELEMENT IN CLAIM 50 OF THE '163 PATENT AND TELL US
20   WHERE IN YOUR OPINION THAT IS FOUND IN THE ROBBINS
21   '349 PRIOR ART PATENT.
22   A    SO THE ROBBINS PATENT, AGAIN, IS A ZOOM
23   PATENT.  IT IS DIRECTED TO PORTABLE ELECTRONIC
24   DEVICES.  AGAIN, THERE'S A MAP APPLICATION
25   UNDERNEATH IT.  THE ROBBINS PATENT AGAIN BEING

1    DIRECTED TO A PORTABLE ELECTRONIC DOCUMENT HAS
2    PROCESSOR AND A TOUCHSCREEN AND A VARIETY -- AND
3    MEMORY AND INSTRUCTIONS THAT PERFORM VARIOUS
4    OPERATIONS.
5            IN THIS PARTICULAR CASE, WHAT HAPPENS IS,
6    IN THIS EXAMPLE THAT'S SHOWN HERE, THE SCREEN IS
7    DIVIDED INTO THREE-BY-THREE MATRIX THAT OVERLAPS,
8    AND WE'LL TALK A LITTLE BIT ABOUT WHY THAT
9    OVERLAPS.
10           THE USER THEN CAN SELECT ANY OF THOSE
11   SEGMENTS AND THOSE SEGMENTS THEN BECOME CENTERED
12   AND ENLARGED ON THE DISPLAY SCREEN.
13           IF YOU NOTICE ON THE -- IF YOU TAKE THE
14   UPPER RIGHT-HAND SEGMENT, THERE'S A SMALL RECTANGLE
15   TO THE LEFT-HAND SIDE OF THAT SEGMENT.  THE
16   SELECTION OF THAT SEGMENT NOW ALLOWS THE, THE USER
17   INTERFACE TO MOVE TO THE ADJACENT SEGMENT AND HAVE
18   THAT BE CENTERED AND ENLARGED AS WELL.
19           SO THE PATENT MEETS THE LIMITATIONS OF
20   THE FIRST PART OF 50A AND B BECAUSE IT IS A
21   STRUCTURED -- IT'S A PORTABLE ELECTRONIC DEVICE.
22   IT ALLOWS FOR THE ENLARGEMENT OF THE DOCUMENTS,
23   THAT'S 50C.  IT ALLOWS FOR SELECTION OF THE SECOND,
24   A SECOND SPACE, AND THEN THE ENLARGEMENT AND
25   CENTERING OF THAT.  SO IT MEETS ALL THE LIMITATIONS

```
 1    OF THE CLAIM AS WELL.
 2    Q    AND, IN YOUR VIEW, IS CLAIM 50 INVALID IN VIEW
 3    OF THIS REFERENCE?
 4    A    AGAIN, ROBBINS AS WELL, THIS CLAIM COVERS ALL
 5    OF THE CLAIM LIMITATIONS OF '163, CLAIM 50, AND
 6    CONSEQUENTLY IS -- INVALIDATES IT AS WELL.
 7    Q    SHIFTING GEARS BRIEFLY TO INFRINGEMENT,
 8    NON-INFRINGEMENT ISSUE, YOU'VE HEARD THE TERM
 9    "SUBSTANTIALLY CENTERED."  IS THAT CORRECT?
10    A    RIGHT.  ONE OF THE CLAIM ELEMENTS HERE, 50F,
11    FOR EXAMPLE, REFERS TO SOMETHING BEING
12    SUBSTANTIALLY CENTERED.
13    Q    AND WHAT IS YOUR VIEW ON THAT, SIR?
14    A    IN MY OPINION, THE TERM "SUBSTANTIALLY
15    CENTERED" IS AN AMBIGUOUS TERM.  I -- PART OF WHAT
16    A PATENT DOES IS PROVIDE INFORMATION TO AN ENGINEER
17    TO ALLOW THEM TO UNDERSTAND THE SCOPE OF THE PATENT
18    SO THAT THEY CAN AVOID INFRINGING THE PATENT.
19              I DON'T KNOW WHEN SOMETHING IS
20    SUBSTANTIALLY CENTER.  I KNOW WHEN SOMETHING IS
21    FULLY CENTERED OR NOT CENTERED, BUT "SUBSTANTIALLY
22    CENTERED" IS AMBIGUOUS.
23              HOW WOULD A PATENT -- HOW WOULD AN
24    ENGINEER UNDERSTAND HOW TO MAKE SOMETHING
25    SUBSTANTIALLY CENTERED OR NOT?  SO IN MY OPINION,
```

```
 1        "SUBSTANTIALLY CENTERED" IS AN AMBIGUOUS TERM.
 2   Q    AND, FINALLY, SIR, WITH RESPECT TO ELEMENT E,
 3   DETERMINING A FIRST BOX IN THE PLURALITY OF BOXES
 4   AT THE LOCATION OF THE FIRST GESTURE, CAN YOU GIVE
 5   US YOUR OPINION AS IT RELATES TO INFRINGEMENT ON
 6   THAT ELEMENT?
 7   A    AGAIN, 50E TALKS ABOUT IDENTIFYING A BOX IN
 8   PLURALITY OF BOXES AT THE LOCATION OF THE FIRST
 9   GESTURE.
10             WHAT THAT SEEMS TO INTEND, AT LEAST THE
11   WAY I READ THIS CLAIM THE FIRST TIME I READ IT, WAS
12   THAT THERE ARE A PLURALITY OF BOXES.
13             IF YOU THINK ABOUT NESTED BOXES WHERE
14   THERE ARE MULTIPLE BOXES THAT ARE NESTED AND THE
15   USER SELECTS A BOX OR A SPACE, SOME LOCATION WITHIN
16   THAT NESTED BOX, WHAT HAPPENS IS THE SYSTEM WOULD
17   THEN NEED TO DETERMINE WHICH ONE OF THOSE NESTED
18   BOXES THE USER WAS ACTUALLY INTENDING TO HAVE
19   CENTERED AND ENLARGED.
20             SIMILARLY TO THE WAY LAUNCHTILE WORKS.
21   IF YOU RECALL LAUNCHTILE, YOU CAN SELECT ANY ONE OF
22   THE FOUR IN THE QUAD TILES AND THAT WHOLE QUAD TILE
23   GETS ENLARGED AND CENTERED.
24             AGAIN, I'M NOT SEEING ANY EVIDENCE AT ALL
25   SUPPLIED, OR ANYTHING IN ANY OF THE REPORTS THAT
```

```
 1    INDICATE HOW THE ACCUSED PRODUCTS MEET THE
 2    LIMITATION OF SELECTING A -- SOMETHING IN A
 3    PLURALITY OF BOXES.  SO, AGAIN, I'M NOT SEEING IT.
 4              MR. DEFRANCO:  MY TIME IS UP.  THANK YOU,
 5    SIR.
 6              THE COURT:  ALL RIGHT.  THE TIME IS NOW
 7    4:20.  GO AHEAD, PLEASE, WITH ANY CROSS.
```

### CROSS-EXAMINATION

```
 9    BY MR. JACOBS:
10    Q    GOOD AFTERNOON, MR. GRAY.
11    A    GOOD AFTERNOON.
12    Q    NOW, YOUR TESTIMONY ON THE SUBJECT OF
13    INVALIDITY WAS PREMISED ON THE IDEA OF
14    ANTICIPATION; CORRECT, SIR?
15    A    THAT'S CORRECT.
16    Q    AND ANTICIPATION IS ALL YOU SPOKE TO; CORRECT?
17    A    THAT'S CORRECT.
18    Q    AND ANTICIPATION REQUIRES THAT EVERY ELEMENT,
19    THE JURY HAS HEARD THIS MANTRA, EVERY ELEMENT OF
20    THE CLAIM BE PRESENT IN THE PROPOSED INVALIDATING
21    REFERENCE; CORRECT, SIR?
22    A    THAT'S CORRECT.
23    Q    AND SO IF THE JURY --
24    A    WELL, WITH A POSSIBLE EXCEPTION THERE.  IT IS
25    EITHER -- IT IS EITHER COVERED OR IS INHERENTLY IN
```

1  THE REFERENCE.
2  Q    AND SO IF THE JURY FINDS THAT IN -- WHEN IT
3  COMES TO INVALIDITY, IF ANY ELEMENT OF THE CLAIM IS
4  NOT PRESENT IN THE PROPOSED INVALIDATING REFERENCE,
5  THEN YOUR OPINION SHOULD BE REJECTED; CORRECT, SIR?
6  A    AGAIN, WITH THE PROVISO THAT IF IT IS AN
7  ELEMENT THAT IS INHERENT OR IMPLIED, THAT'S MY
8  UNDERSTANDING.
9  Q    OTHERWISE YOU AGREE WITH ME, YOUR OPINION
10 RISES AND FALLS ON THE IDEA OF -- THERE'S NO CLOSE
11 HERE, YOU EITHER GOT IT, EVERY ELEMENT IS PRESENT,
12 OR YOU DON'T.  CORRECT, SIR?
13 A    EITHER EVERY ELEMENT IS PRESENT OR IT IS
14 INHERENT AS IS REQUIRED.
15 Q    NOW, I LISTENED CAREFULLY TO THE ANSWER TO THE
16 QUESTION ABOUT YOUR ROLE IN LITIGATION SUPPORT OVER
17 THE LAST COUPLE YEARS, AND YOU SAID YOU SPENT SOME
18 TIME DOING LITIGATION SUPPORT.
19          WHAT DID YOU MEAN BY "SOME TIME," SIR?
20 A    WELL, ACTUALLY SINCE, STARTING IN 1984, I DID
21 SOME LITIGATION SUPPORT, AND THROUGHOUT MY CAREER
22 AS AN ENGINEER, I PERIODICALLY DID LITIGATION
23 SUPPORT ASSIGNMENTS.  SO IT'S BEEN OVER A LONG
24 TIME, SINCE 1984.
25 Q    BUT OVER THE LAST COUPLE OF YEARS, ALMOST ALL

1    OF YOUR TIME HAS BEEN SPENT DOING LITIGATION
2    SUPPORT; CORRECT, SIR?
3    A    I THINK OVER THE LAST FEW YEARS THE MAJORITY
4    OF MY CONSULTING WORK HAS BEEN WITH RESPECT TO
5    LITIGATION SUPPORT, YES.
6    Q    AND IN THIS PARTICULAR CASE -- AGAIN, THE JURY
7    HAS HEARD A LOT ABOUT EXPERT COMPENSATION -- YOU'VE
8    MADE ABOUT $200,000; CORRECT, SIR?
9    A    I THINK THAT SOUNDS HIGH, BUT IT COULD BE.  I
10   DON'T KNOW THE EXACT NUMBER, BUT IT MAY BE.
11   Q    AND YOUR BACKGROUND, SIR, IS IN ECONOMICS;
12   CORRECT?  THAT WAS YOUR UNDERGRADUATE DEGREE?
13   A    THAT'S CORRECT.
14   Q    NO FORMAL TRAINING IN THE SENSE OF ADVANCED
15   DEGREES IN COMPUTER SCIENCE OR ENGINEERING?
16   A    THAT'S CORRECT.
17   Q    AND YOU NEVER TOOK A COURSE IN OBJECT ORIENTED
18   PROGRAMMING?
19   A    THAT'S A QUESTION?  YES, I HAVE NOT TAKEN ANY
20   FORMAL COURSES IN OBJECT ORIENTATION.  I'M AN
21   ENGINEER.  I WAS WORKING, DOING THE WORK, BUT, YES,
22   I'VE NOT TAKEN ANY OBJECT ORIENTED COURSES.
23   Q    AND SINCE THE DATE OF THE INTRODUCTION OF THE
24   IPHONE, JUST TO PICK A POINT IN TIME, YOU HAVEN'T
25   DONE ANY PROGRAMMING FOR TOUCH SENSITIVE DEVICES?

```
 1
 2
 3                     CERTIFICATE OF REPORTERS
 4
 5
 6          WE, THE UNDERSIGNED OFFICIAL COURT
 7   REPORTERS OF THE UNITED STATES DISTRICT COURT FOR
 8   THE NORTHERN DISTRICT OF CALIFORNIA, 280 SOUTH
 9   FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY
10   CERTIFY:
11          THAT THE FOREGOING TRANSCRIPT,
12   CERTIFICATE INCLUSIVE, CONSTITUTES A TRUE, FULL AND
13   CORRECT TRANSCRIPT OF OUR SHORTHAND NOTES TAKEN AS
14   SUCH OFFICIAL COURT REPORTERS OF THE PROCEEDINGS
15   HEREINBEFORE ENTITLED AND REDUCED BY COMPUTER-AIDED
16   TRANSCRIPTION TO THE BEST OF OUR ABILITY.
17
18                      /S/
                        _____
19                      LEE-ANNE SHORTRIDGE, CSR, CRR
                        CERTIFICATE NUMBER 9595
20
21                      /S/
                        _____
22                      IRENE RODRIGUEZ, CSR, CRR
                        CERTIFICATE NUMBER 8074
23
24
                        DATED:  AUGUST 15, 2012
25
```