Proctor Declaration

# EXHIBIT 10

```
 1                 UNITED STATES DISTRICT COURT

 2               NORTHERN DISTRICT OF CALIFORNIA

 3                      SAN JOSE DIVISION

 4

 5

     APPLE INC., A CALIFORNIA     ) C-11-01846 LHK
 6   CORPORATION,                 )
                                  ) SAN JOSE, CALIFORNIA
 7              PLAINTIFF,        )
                                  ) JULY 24, 2012
 8         VS.                    )
                                  ) PAGES 1-87
 9   SAMSUNG ELECTRONICS CO.,     )
     LTD., A KOREAN BUSINESS      )
10   ENTITY; SAMSUNG              )
     ELECTRONICS AMERICA,         )
11   INC., A NEW YORK             )
     CORPORATION; SAMSUNG         )
12   TELECOMMUNICATIONS           )
     AMERICA, LLC, A DELAWARE     )
13   LIMITED LIABILITY            )
     COMPANY,                     )
14                                )
                DEFENDANTS.       )
15   _____

16              TRANSCRIPT OF PROCEEDINGS
          BEFORE THE HONORABLE LUCY H. KOH
17             UNITED STATES DISTRICT JUDGE

18

19

20              APPEARANCES ON NEXT PAGE

21

22

23

24   OFFICIAL COURT REPORTER: LEE-ANNE SHORTRIDGE, CSR, CRR
                       CERTIFICATE NUMBER 9595
25
```

```
 1
 2    A P P E A R A N C E S:
 3    FOR PLAINTIFF         MORRISON & FOERSTER
      APPLE:                BY:  HAROLD J. MCELHINNY
 4                               MICHAEL A. JACOBS
                                 RACHEL KREVANS
 5                          425 MARKET STREET
                            SAN FRANCISCO, CALIFORNIA  94105
 6

 7    FOR COUNTERCLAIMANT   WILMER, CUTLER, PICKERING,
      APPLE:                HALE AND DORR
 8                          BY:  WILLIAM F. LEE
                            60 STATE STREET
 9                          BOSTON, MASSACHUSETTS  02109

10                          BY:  MARK D. SELWYN
                            950 PAGE MILL ROAD
11                          PALO ALTO, CALIFORNIA  94304

12    FOR THE DEFENDANT:    QUINN, EMANUEL, URQUHART,
                            OLIVER & HEDGES
13                          BY:  CHARLES K. VERHOEVEN
                            50 CALIFORNIA STREET, 22ND FLOOR
14                          SAN FRANCISCO, CALIFORNIA  94111

15                          BY:  VICTORIA F. MAROULIS,
                                 KEVIN P.B. JOHNSON
16                          555 TWIN DOLPHIN DRIVE
                            SUITE 560
17                          REDWOOD SHORES, CALIFORNIA  94065

18                          BY:  MICHAEL T. ZELLER,
                                 WILLIAM C. PRICE
19                          865 SOUTH FIGUEROA STREET
                            10TH FLOOR
20                          LOS ANGELES, CALIFORNIA  90017

21    FOR INTERVENOR        RAM, OLSON,
      REUTERS:              CEREGHINO & KOPCZYNSKI
22                          BY:  KARL OLSON
                            555 MONTGOMERY STREET, SUITE 820
23                          SAN FRANCISCO, CALIFORNIA  94111

24

25
```

1   HIGHLY POLISHED OR REFLECTIVE SURFACES, AND THAT'S
2   M.P.E.P. 1530.02, AND IT STATES VERY CLEARLY THAT
3   OBLIQUE LINE SHADING MUST BE USED TO CLAIM THAT.
4   THAT IS THE RULE, AND THAT IS WHAT THE PUBLIC'S
5   ENTITLED TO RELY ON.
6           AND THEY HAVE -- YOUR HONOR, THEY HAVE
7   FILED MULTIPLE DESIGN PATENTS FOR EACH VERSION OF
8   THEIR IPHONE, MANY, MANY OF THEM, AND SOME OF THEM
9   HAVE THOSE LINES.
10          THEY CHOSE TO FILE THIS ONE WHERE THEY
11  DIDN'T FOLLOW THE RULES FOR CLAIMING A TRANSPARENT,
12  TRANSLUCENT, OR HIGHLY POLISHED OR REFLECTIVE
13  SURFACE.
14          NOW, TURNING TO THE ARGUMENT I HEARD, IT
15  REALLY DOESN'T MAKE ANY SENSE IN THE CONTEXT OF
16  DESIGN PATENTS, BECAUSE WHAT THEY'RE SAYING IS
17  1530.02 SAYS YOU MUST USE OBLIQUE LINE SHADING TO
18  CLAIM TRANSPARENT, BUT EVEN THOUGH WE DIDN'T DO
19  THAT, WE'RE CLAIMING TRANSPARENT ON THIS DESIGN
20  PATENT, THE '087.
21          BUT THAT'S TOTALLY INCONSISTENT WITH WHAT
22  THE RULE SAYS, WHICH IS YOU MUST PUT THESE LINES ON
23  THERE IF YOU'RE CLAIMING THAT.
24          THEY DIDN'T DO IT.
25          AND I DISAGREE THAT THAT MEANS THAT THEY

1    CAN THEN DISREGARD THIS RULE AND CLAIM ANYTHING
2    THEY WANT FOR THAT SURFACE.
3             THE RULE SAYS IF YOU WANT THAT TO BE
4    TRANSPARENT, TRANSLUCENT, OR HIGHLY POLISHED OR
5    REFLECTIVE, THIS IS WHAT YOU MUST DO, AND THIS IS
6    WHAT THEY COULD DO WHEN THEY WANTED TO DO THAT.
7             THEY HAVE OTHER PATENTS THEY COULD HAVE
8    CHOSEN, THEY DIDN'T CHOOSE, THAT HAD THAT LINING ON
9    OTHER DESIGNS FOR THEIR PHONES.
10            SO WE STRONGLY OBJECT TO THE
11   INTERPRETATION IN THE DESIGN PATENT CONTEXT THAT
12   YOU CAN DISREGARD M.P.E.P. 1530.02.
13            THE PUBLIC HAS A RIGHT TO RELY ON THESE
14   RULES AND TO LOOK AND SAY, OKAY, THEY PUT DOTTED
15   LINES AROUND THE BACK, THAT MEANS THEY'RE NOT
16   CLAIMING THE BACK.
17            OKAY.  THEY PUT THESE OBLIQUE LINE
18   SHADINGS ON ONE OF THEIR PATENTES.  THAT MEANS IT'S
19   GOT THE TRANSLUCENT SURFACE OR SHINY SURFACE.
20            HERE THEY DIDN'T DO IT.  THAT MEANS IT
21   DOESN'T HAVE IT.
22            AND I THINK WE'RE ENTITLED AND THE PUBLIC
23   IS ENTITLED TO RELY ON THAT AND THEY SHOULDN'T BE
24   ABLE TO CIRCUMVENT THE RULES FOR HOW THEY DRAW
25   THEIR PATENT.

```
1              IT'S THEIR PROCEEDING, IT'S EX PARTE,
2    THEY'RE SUPPOSED TO FOLLOW THE RULES AND IT'S NOT
3    THIS COURT'S JOB TO FIX THAT.
4              THE COURT:  LET ME ASK YOU, WITH REGARD
5    TO THE '087 ON THE PHONES, APPLE'S PROPOSED
6    ADDITIONAL LANGUAGE THAT THE -- EVEN IF THE USE OF
7    THE SCREEN IS FUNCTIONAL, THE PLACEMENT, SHAPE, AND
8    DIMENSION OF THE SCREEN ISN'T FUNCTIONAL AND THAT
9    CAN BE PART OF THE CLAIMED DESIGN.
10             WHAT'S SAMSUNG'S POSITION ON THAT
11   ADDITIONAL LANGUAGE?
12             MR. VERHOEVEN:  WELL, WHAT OUR POSITION
13   IS, IS THAT THE -- WE'VE ASKED THE COURT -- THIS IS
14   ON SLIDE 16 FOR YOUR CONVENIENCE, YOUR HONOR, IF
15   YOU WANT TO LOOK -- ON THE FUNCTIONALITY PART TO
16   RULE THAT THE '087 DID NOT GIVE APPLE RIGHTS TO THE
17   SIZE THAT CAN BE HANDHELD, A LARGE SCREEN ON THE
18   FRONT FACE OF A SMARTPHONE, OR A SPEAKER ON THE
19   UPPER PORTION OF THE FRONT FACE.
20             THIS IS HOW WE READ THE LAW.  WHEN WHAT
21   THEY'RE ASKING FOR IS FOR YOU TO ADD WORDS TO THIS
22   THAT MAKE IT SOUND LIKE -- YOU'LL HAVE TO READ IT
23   TO ME AGAIN, YOUR HONOR.
24             THE COURT:  IT WAS THAT EVEN IF THE USE
25   OF THE SCREEN IS FUNCTIONAL, THAT THE SHAPE, THE
```

|     |     |
| --- | --- |
| 1   | PLACEMENT, AND THE DIMENSIONS OF THE SCREEN ARE NOT |
| 2   | FUNCTIONAL.  THAT WAS APPLE'S PROPOSAL. |
| 3   |         MR. VERHOEVEN:  IT -- I THINK THAT'S |
| 4   | ARGUMENTATIVE, YOUR HONOR. |
| 5   |         I MEAN, WHAT THEY'RE PROPOSING FOR A |
| 6   | CONSTRUCTION, IF YOU LOOK AT SLIDE 16, IS AN |
| 7   | AFFIRMATIVE DESCRIPTION THAT'S USED IN CONJUNCTION |
| 8   | WITH THE FIGURES, AND THEN WE'RE CALLING OUT |
| 9   | ASPECTS OF THE DESIGN THAT ARE FUNCTIONAL. |
| 10  |         AND WHAT THEY'RE DOING IS THEY'RE TAKING |
| 11  | THAT AND TRYING TO TURN IT INTO A NEGATIVE AND MAKE |
| 12  | IT SOUND LIKE IT'S NOT FUNCTIONAL OR THAT |
| 13  | FUNCTIONALITY IS LIMITED SOMEWHERE. |
| 14  |         SO WE DO HAVE A PROBLEM WITH THE WAY |
| 15  | THAT'S WORDED. |
| 16  |         THE COURT:  LET ME -- THIS IS THE LAST |
| 17  | QUESTION ON THE CLAIM CONSTRUCTION. |
| 18  |         LET ME ASK APPLE.  SO WITH AT LEAST -- I |
| 19  | MEAN, WITH SEVERAL OF THESE DESIGN PATENTS, THERE'S |
| 20  | UNFORTUNATE INCONSISTENCY OR SLOPPINESS IN HOW IT'S |
| 21  | DONE. |
| 22  |         SOME OF THE, YOU KNOW, PICTURES OF THE |
| 23  | BACK FACE HAVE THE OPAQUE LINE SHADING, SOME OF |
| 24  | THEM DON'T.  YOU KNOW, SOME OF THEM THAT HAVE THE |
| 25  | BROKEN LINES -- HAVE THE BROKEN LINE DISCLAIMER, |

```
 1    SOME OF THEM DON'T.  SOME OF THEM -- IT'S -- WHAT
 2    AM I SUPPOSED TO MAKE OF THIS OTHER THAN, YOU KNOW,
 3    THERE MAY HAVE BEEN SOME UNFORTUNATE PROSECUTION
 4    HERE?
 5               MS. KREVANS:  SO I THINK THE FIRST THING
 6    THAT'S KEY TO REMEMBER HERE IS THAT VERY FEW OF THE
 7    SUPPOSED RULES THAT SAMSUNG CITES IN THEIR BRIEF
 8    FOR HOW THINGS ARE TO BE UNDERSTOOD WHEN THEY ARE
 9    DRAWN FOR DESIGN PATENTS ARE ACTUALLY HARD AND FAST
10    RULES.
11               IN FACT, THE ONLY ONE IS THIS ONE ABOUT
12    IF YOU WANT TO SPECIFICALLY CLAIM, LIMIT YOUR
13    DEVICE TO A SURFACE THAT IS TRANSLUCENT,
14    TRANSPARENT, ET CETERA, YOU MUST USE -- BECAUSE THE
15    M.P.E.P. USES THE WORD "MUST" -- YOU MUST USE
16    OBLIQUE LINES.
17               THE OTHER THINGS THAT HAVE BEEN TALKED
18    ABOUT HERE, LIKE THE DOTTED LINES, THE DASHED
19    LINES, THOSE ARE GUIDELINES.  THEY SAY "MAY."
20    THEY'RE SUGGESTIONS.  YOU STILL HAVE TO LOOK AT THE
21    CONTEXT.
22               AND WHAT WE HAVE HERE IS WE HAVE PATENTS
23    THAT HAVE SOMEWHAT DIFFERENT STATEMENTS IN
24    DIFFERENT CONTEXTS.  SO THE '305 AND THE '087
25    EXPLICITLY STATE RIGHT ON THE PATENTS, ON BROKEN
```

1    LINES, THAT THE BROKEN LINES IN THE FIGURES FORM NO
2    PART OF THE CLAIM'S DESIGN.
3            THE '677 ACTUALLY SAID THAT AS WELL, AND
4    DUE TO AN ERROR BEFORE IT WAS PRINTED BY THE PATENT
5    OFFICE, THAT PARAGRAPH THAT HAD THAT LANGUAGE GOT
6    LEFT OUT.
7            BUT IT'S THERE IN THE PROSECUTION HISTORY
8    AND THERE'S NO QUESTION THAT WAS THE INTENT, SO WE
9    THINK THE '677 SHOULD BE TREATED JUST LIKE THE '305
10   AND THE '087, AND WE'VE CITED THAT PART OF THE
11   PROSECUTION HISTORY IN OUR BRIEF.
12           WITH RESPECT TO THE '889, THERE'S A
13   DIFFERENT ISSUE BECAUSE RATHER THAN A GENERAL
14   STATEMENT, THERE'S A STATEMENT AND A DESCRIPTION OF
15   THE SINGLE FIGURE, FIGURE 9, THAT SAYS, "IN FIGURE
16   9, THE DOTTED LINES SHOW ENVIRONMENT.  THEY'RE NOT
17   PART OF THE CLAIMED DESIGN."  IT'S A STATEMENT
18   THAT'S ONLY ABOUT FIGURE 9, AND THE LAW ABOUT
19   DOTTED AND BROKEN LINES IS YOU HAVE TO LOOK TO
20   SEE --
21           THE COURT:  BUT FIGURE 9 IS A LITTLE BIT
22   CONFUSING -- I'M SORRY TO INTERRUPT YOU -- BECAUSE
23   THE MAN IS IN A BROKEN LINE AND THEN THERE'S A
24   BROKEN LINE ON THE TABLET.
25           SO, I MEAN, WHAT IS THAT DISCLAIMER

1    APPLYING TO?  A HUMAN BEING OR TO THE INSET IN THE
2    TABLET SCREEN?
3              MR. VERHOEVEN:  THEY CAN ARGUE THAT NO
4    HUMAN BEING CAN USE IT, BUT WE DIDN'T HEAR THAT.
5              (LAUGHTER.)
6              MS. KREVANS:  DURING THE PROSECUTION,
7    THERE WAS A BACK AND FORTH BETWEEN THE PATENT
8    OFFICE AND THE APPLICANT AND THE PATENT OFFICE SAID
9    "YOU NEED TO PUT THAT STATEMENT ABOUT FIGURE 9 SO
10   IT'S CLEAR THAT THAT MAN AND HIS DOTTED LINE IN
11   WHICH IT APPEARS IN THE DESIGN IS JUST, THE WHOLE
12   THING IS JUST SHOWING ENVIRONMENT."  BUT WHAT'S
13   REALLY CLEAR IS IT'S ONLY ABOUT FIGURE 9.
14             AND THE CASE LAW, WHICH WE HAVE CITED TO
15   YOUR HONOR IN OUR BRIEFS, MAKES IT ABSOLUTELY CLEAR
16   THAT UNLESS THERE IS AN EXPLICIT STATEMENT THAT
17   DOTTED LINES ARE SUPPOSED TO SHOW DISCLAIMER, THEY
18   DON'T.
19             AND THAT'S WHY IN SOME CIRCUMSTANCES,
20   LIKE THE DASH LINES THAT ARE UNDERNEATH THE SCREEN
21   THAT YOUR HONOR HAS ALREADY FOUND WITH RESPECT TO
22   THE TABLET, SHOW WHERE THE DISPLAY AREA IS AND THE
23   WHOLE FRONT FACE OF THE TABLET.
24             THOSE DASH LINES MEAN SOMETHING DIFFERENT
25   BECAUSE THERE'S NOTHING TO SUGGEST THAT THEY ARE A

1   DISCLAIMER AND, ABSENT CLEAR EVIDENCE OF A
2   DISCLAIMER, THOSE DOTTED OR BROKEN LINES DON'T MEAN
3   A DISCLAIMER.
4              I -- WITH RESPECT TO THE CROSS HATCHING
5   ON THE BACK AND THE PERSPECTIVE VIEW OF THE '889
6   TABLET --
7              THE COURT:  UM-HUM.
8              MS. KREVANS:  -- THOSE CROSS HATCHES,
9   WHICH SAMSUNG SAYS MUST MEAN IT'S TRANSLUCENT, ET
10  CETERA, REGARDLESS OF CONTEXT, DON'T ACTUALLY MEAN
11  THAT.
12             THAT RESULT IS NOT COMPELLED, AND PART OF
13  THE WAY YOU KNOW THAT IS THERE ARE SIX OTHER
14  FIGURES IN THE PATENT THAT ALSO SHOW THE BACK VIEW,
15  AT LEAST IN PART, AND NONE OF THEM HAVE IT.
16             IN FACT, WHEN YOU SEE THE PLANNED VIEW OF
17  THE BACK, WHAT THERE IS IS INSTEAD CONTOUR LINES
18  AROUND THE OUTSIDE.
19             WE THINK THE BEST INTERPRETATION OF THOSE
20  OBLIQUE LINES IN THE PERSPECTIVE VIEW OF THE BACK
21  IS TO SHOW THAT IT'S FLAT, BECAUSE OTHERWISE YOU
22  COULDN'T TELL FROM THE PERSPECTIVE VIEW.
23             IN THE PLANNED VIEW, THERE ARE CONTOUR
24  LINES THAT SHOW YOU THAT IT'S FLAT, AND SO THE REST
25  TELLS YOU THAT IT'S FLAT.

```
 1
 2
 3
 4                    CERTIFICATE OF REPORTER
 5
 6
 7
 8           I, THE UNDERSIGNED OFFICIAL COURT
 9   REPORTER OF THE UNITED STATES DISTRICT COURT FOR
10   THE NORTHERN DISTRICT OF CALIFORNIA, 280 SOUTH
11   FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY
12   CERTIFY:
13           THAT THE FOREGOING TRANSCRIPT,
14   CERTIFICATE INCLUSIVE, CONSTITUTES A TRUE, FULL AND
15   CORRECT TRANSCRIPT OF MY SHORTHAND NOTES TAKEN AS
16   SUCH OFFICIAL COURT REPORTER OF THE PROCEEDINGS
17   HEREINBEFORE ENTITLED AND REDUCED BY COMPUTER-AIDED
18   TRANSCRIPTION TO THE BEST OF MY ABILITY.
19
20
21                       /S/
                         _____
22                       LEE-ANNE SHORTRIDGE, CSR, CRR
                         CERTIFICATE NUMBER 9595
23
24                       DATED: JULY 25, 2012
25
```