Proctor Declaration

# EXHIBIT 16

1          UNITED STATES DISTRICT COURT

2         NORTHERN DISTRICT OF CALIFORNIA

3             SAN JOSE DIVISION

4

5

   APPLE INC., A CALIFORNIA    )  C-11-01846 LHK
6  CORPORATION,                )
                               )  SAN JOSE, CALIFORNIA
7              PLAINTIFF,       )
                               )  AUGUST 6, 2012
8         VS.                  )
                               )  VOLUME 4
9  SAMSUNG ELECTRONICS CO.,    )
   LTD., A KOREAN BUSINESS     )  PAGES 931-1296
10 ENTITY; SAMSUNG             )
   ELECTRONICS AMERICA,        )
11 INC., A NEW YORK            )
   CORPORATION; SAMSUNG        )
12 TELECOMMUNICATIONS          )
   AMERICA, LLC, A DELAWARE    )
13 LIMITED LIABILITY           )
   COMPANY,                    )
14                             )
              DEFENDANTS.      )
15 _____

16        TRANSCRIPT OF PROCEEDINGS
          BEFORE THE HONORABLE LUCY H. KOH
17         UNITED STATES DISTRICT JUDGE

18

19

20        APPEARANCES ON NEXT PAGE

21

22

23 OFFICIAL COURT REPORTER: LEE-ANNE SHORTRIDGE, CSR, CRR
                           CERTIFICATE NUMBER 9595
24                         IRENE RODRIGUEZ, CSR, CRR
                           CERTIFICATE NUMBER 8074
25

```
1    A P P E A R A N C E S:

2    FOR PLAINTIFF        MORRISON & FOERSTER
     APPLE:                   BY:  HAROLD J. MCELHINNY
3                                  MICHAEL A. JACOBS
                                   RACHEL KREVANS
4                             425 MARKET STREET
                              SAN FRANCISCO, CALIFORNIA  94105
5

6    FOR COUNTERCLAIMANT WILMER, CUTLER, PICKERING,
     APPLE:                  HALE AND DORR
7                            BY:  WILLIAM F. LEE
                             60 STATE STREET
8                            BOSTON, MASSACHUSETTS  02109

9                            BY:  MARK D. SELWYN
                             950 PAGE MILL ROAD
10                           PALO ALTO, CALIFORNIA  94304

11   FOR THE DEFENDANT:    QUINN, EMANUEL, URQUHART,
                            OLIVER & HEDGES
12                          BY:  CHARLES K. VERHOEVEN
                                 ALBERT P. BEDECARRE
13                          50 CALIFORNIA STREET, 22ND FLOOR
                            SAN FRANCISCO, CALIFORNIA  94111
14
                            BY:  VICTORIA F. MAROULIS
15                               KEVIN P.B. JOHNSON
                            555 TWIN DOLPHIN DRIVE
16                          SUITE 560
                            REDWOOD SHORES, CALIFORNIA  94065
17
                            BY:  MICHAEL T. ZELLER
18                               WILLIAM C. PRICE
                                 JOHN B. QUINN
19                          865 SOUTH FIGUEROA STREET
                            10TH FLOOR
20                          LOS ANGELES, CALIFORNIA  90017

21   FOR INTERVENOR        RAM, OLSON,
     REUTERS:                CEREGHINO & KOPCZYNSKI
22                          BY:  KARL OLSON
                            555 MONTGOMERY STREET, SUITE 820
23                          SAN FRANCISCO, CALIFORNIA  94111

24

25
```

INDEX OF WITNESSES

PLAINTIFF'S

**JUSTIN DENISON**
      AS-ON DIRECT EXAM BY MR. QUINN      P. 946
      AS-ON RECROSS-EXAM BY MR. LEE       P. 977
      AS-ON REDIRECT EXAM BY MR. QUINN    P. 997

**PETER BRESSLER**
      DIRECT EXAM BY MS. KREVANS          P. 1002
      CROSS-EXAM BY MR. VERHOEVEN         P. 1098
      REDIRECT EXAM BY MS. KREVANS        P. 1236

1                        INDEX OF EXHIBITS

2                                MARKED          ADMITTED

3     PLAINTIFF'S

4     40                                         995
      8                                          1021
5     7                                          1049
      17                                         1055
6     1032                                       1061
      1034                                       1062
7     3                                          1071
      4                                          1076
8     173                                        1079
      59                                         1086
9     10                                         1097

10
      DEFENDANT'S
11
      1010                                       949
12    1011                                       953
      1012                                       953
13    1013                                       953
      1019                                       953
14    1031                                       954
      1033                                       954
15    1034                                       954
      1035                                       954
16    1020                                       957
      1022                                       959
17    1015                                       959
      1017                                       959
18    1026                                       959
      1005                                       961
19    1007                                       961
      1037                                       961
20    1038                                       972
      511                                        1114
21    728                                        1115
      727                                        1115
22    3750                                       1118

23

24

25

1011

1    RIGHT-HAND CORNER.  DIRECTLY BELOW THAT IS THE DATE

2    THAT THE PATENT WAS ISSUED.  AND IF YOU FOLLOW DOWN

3    ON THE LEFT-HAND SIDE, YOU WILL SEE THE DATE THAT

4    IT WAS FILED.  AND IF YOU READ CAREFULLY FURTHER,

5    YOU'LL SEE THAT IT MAY OR MAY NOT BE PART OF

6    SOMETHING THAT WAS FILED EARLIER.

7              AND THEN IN THE SECOND COLUMN, THERE'S

8    OTHER INFORMATION ON THERE, BUT THE SECOND COLUMN

9    CONTAINS, TO ME, THE REALLY IMPORTANT STUFF, WHICH

10   IS WHAT THE CLAIM IS AND THE DESCRIPTION OF THE

11   DRAWINGS IN THE PATENT.

12   Q    BEFORE WE GET TO THE CLAIM, OVER ON THE

13   LEFT-HAND COLUMN, CAN YOU POINT OUT TO THE JURY

14   WHAT WAS THE DATE OF THE FIRST APPLICATION THAT WAS

15   FILED ON WHICH THIS PATENT ENDED UP BEING ISSUED,

16   THE EARLIEST DATE OF THE EARLIEST APPLICATION?

17   A    IF YOU READ AT THE BOTTOM OF, I THINK, THE

18   NUMBER IS 60 WITH THE LITTLE PARENS ON THE LEFT, IF

19   YOU READ AT THE BOTTOM OF THAT, YOU'LL SEE THAT

20   THIS IS A DIVISION OF AN APPLICATION WHICH IS A

21   CONTINUATION, WHICH MEANS THAT THERE'S BEEN A LOT

22   OF THEM IN A ROW, WHICH WERE ORIGINALLY FILED ON

23   JANUARY 5TH OF 2007.

24   Q    OKAY.  LOOKING OVER ON THE RIGHT-HAND SIDE

25   THEN WHERE YOU SAID WE STARTED GETTING TO THE

1012

```
1    IMPORTANT STUFF, DO YOU SEE THE PARAGRAPH -- THE

2    SENTENCE UNDER THE PARAGRAPH THAT'S HEADED CLAIM?

3    A    YES.

4    Q    WHAT DOES THE '677 PATENT SAY THAT IT CLAIMS?

5    A    IT CLAIMS "THE ORNAMENTAL DESIGN OF AN

6    ELECTRONIC DEVICE, AS SHOWN AND DESCRIBED."

7    Q    AND WHAT DO THE WORDS "AS SHOWN AND DESCRIBED"

8    REFER TO?

9    A    THEY REFER TO A LIST OF THE DRAWINGS THAT COME

10   UNDER THE HEADING DESCRIPTION RIGHT BELOW, AND IN

11   THIS CASE AND IN MOST CASES, THERE ARE EIGHT

12   DRAWINGS OR FIGURES IS WHAT THEY CALL THEM, AND

13   THEN SOMETIMES THERE ARE ADDITIONAL SPECIFICATIONS

14   THAT ARE IN A PARAGRAPH BELOW THOSE 8.  BUT IN THIS

15   CASE -- YEAH.

16   Q    OKAY.  SO LET'S KEEP THAT BLOWN UP FOR A

17   MOMENT, MR. LEE.

18        SO WE HAVE THE LIST OF EIGHT DRAWINGS,

19   AND THEN COULD WE LOOK AT THE TEXT THAT'S RIGHT

20   UNDER THAT LIST?

21        WHAT DOES THE TEXT THAT'S PART OF THE

22   DESCRIPTION OF THE D'677 UNDER THE LIST OF FIGURES

23   TELL US, MR. BRESSLER?

24   A    IT TELLS US THAT THE "THE CLAIMED SURFACE OF

25   THE ELECTRONIC DEVICE IS ILLUSTRATED WITH A COLOR
```

1013

1    DESIGNATION FOR THE COLOR BLACK," WHICH I THINK YOU

2    CAN EVEN SEE IN THE THREE-QUARTER VIEW.

3    Q    OKAY.  AND THE NEXT SENTENCE SAYS "THE

4    ELECTRONIC DEVICE IS NOT LIMITED TO THE SCALE SHOWN

5    HERE IN."

6            WHAT DOES THAT MEAN?

7    A    AS A GENERAL RULE, RULE OF THUMB IN EXAMINING

8    DESIGN PATENTS, SIZE DOESN'T MATTER.  WHATEVER THE

9    DRAWING IS, IT COULD BE ANY SIZE AS LONG AS, IF

10   IT'S NOT SPECIFIED OTHERWISE.

11   Q    SO THE DRAWINGS DON'T PURPORT TO REPRESENT

12   WHAT THE ACTUAL SIZE OF THE DEVICE MIGHT BE?

13   A    CORRECT, UNLESS THERE IS SOME REFERENCE IN THE

14   PATENT THAT GIVES YOU AN UNDERSTANDING OF THAT

15   SIZE.

16   Q    OKAY.  CAN WE LOOK AT YOUR SLIDE PDX 26.4.

17           WHAT HAVE YOU SET OUT ON PDX 26.4,

18   MR. BRESSLER?

19   A    WHAT I'VE DONE HERE IS PUT TOGETHER A SLIDE

20   THAT SHOWS ALL OF THE VIEWS THAT YOU WOULD SEE ON

21   THE SEVERAL PAGES OF THE DESIGN PATENT INTO ONE

22   SHEET SO THAT THEY'RE EASIER TO SEE ALL AT ONE

23   TIME.

24   Q    OKAY.  SO THESE ARE THE EIGHT FIGURES THAT WE

25   JUST LOOKED AT IN THE LIST?

2014

```
 1    A      CORRECT.

 2    Q      OKAY.  USING THESE EIGHT FIGURES OF THE '677

 3    PATENT, CAN YOU WALK THE JURY THROUGH THE DESIGN

 4    THAT IS CLAIMED BY THESE PICTURES?

 5    A      YES.  PERHAPS SINCE IT WAS JUST DISCUSSED, YOU

 6    CAN SEE FROM THE SHADING THAT WHAT'S BEING CLAIMED

 7    IN THIS DESIGN IS THE FRONT FACE OF AN ELECTRONIC

 8    DEVICE THAT IS BLACK IN COLOR.

 9           IF YOU NOTICE THE DIAGONAL LINES, OR

10    DIAGONAL HATCHING THAT RUNS FROM ONE CORNER TO THE

11    OTHER, OR ALL THE WAY ACROSS THE FRONT FACE, THOSE

12    ARE A CONVENTION FOR INDICATING THAT IT'S

13    REFLECTIVE OR TRANSPARENT OR TRANSLUCENT.

14           AND IN THIS PARTICULAR CASE, I SEE THAT

15    IT'S TRANSPARENT BECAUSE YOU CAN SEE AT A

16    RECTANGULAR, OR WHAT WE'RE PRESUMING TO BE A

17    DISPLAY AREA THAT IS CENTERED IN THAT RECTANGULAR

18    FIELD THAT'S DEFINED THAT IT GOES END TO END ACROSS

19    THE FACE AS TRANSPARENT.

20    Q      AND WHAT FIGURE ARE WE LOOKING AT HERE,

21    MR. BRESSLER?

22    A      I'M SORRY.  WE ARE -- I TEND TO TALK OFF OF

23    FIGURE 1 BECAUSE TO ME, ALL OF THE ELEMENTS ARE

24    SEEN IN THERE.

25           BUT FOR REFERENCING THE THINGS I'M
```

1    SAYING, YOU COULD ALSO LOOK AT FIGURE 3 THAT SHOWS

2    IT ON A STRAIGHT ON VIEW.

3              BUT YOU SHOULDN'T NOT LOOK AT THE OTHER

4    VIEWS BECAUSE, FOR INSTANCE, FIGURE 5 AND 8 AND 7

5    AND 6 SHOW THE SIDE AND END VIEWS, AND BECAUSE

6    THERE IS A SINGLE, SOLID LINE THERE, THOSE ARE

7    INDICATING THAT ALL IT'S CLAIMING IS THAT FRONT

8    FACE.  OKAY.

9              AND THE OTHER CONVENTION IS THAT THE

10   BROKEN LINES, OR WHAT YOU MIGHT CALL DOTTED LINES,

11   THAT ARE SHOWING OTHER ILLUSTRATED PORTIONS ARE

12   ILLUSTRATING PORTIONS OF WHAT MIGHT BE A DESIGN BUT

13   ARE NOT BEING CLAIMED IN THIS PATENT.

14             SO THE ONLY THING BEING CLAIMED IS THE

15   AREA IN THE SOLID LINES.

16             A COUPLE OTHER DETAILS THAT I WANTED TO

17   POINT OUT, WHICH YOU CAN SEE BOTH IN FIGURE 3 AND

18   FIGURE 1.

19             AS I MENTIONED, THERE IS THIS

20   RECTANGULAR, I THINK I MENTIONED, THERE'S A

21   RECTANGULAR DISPLAY AREA CENTERED IN THE DEVICE

22   THAT HAS LATERAL BORDERS ON EITHER SIDE THAT ARE

23   THIN ON THE SIDE AND THEN THEY'RE WIDER ON THE TOP

24   AND BOTTOM, AND THERE IS A LOZENGE SHAPED EAR SLOT,

25   BASICALLY, OR RECEIVER SLOT IN THE UPPER BORDER

2016

```
 1    AREA.

 2              AND THE DOTTED LINES ARE EVEN A LITTLE

 3    BIT ON THE FACE THERE WHERE THEY'RE DEFINING AN

 4    AREA THAT'S NOT BEING CLAIMED.

 5              SO WHEN YOU LOOK AT THIS FACE, IT DOESN'T

 6    MATTER TO YOU WHAT IS IN THAT SPACE BECAUSE NOTHING

 7    IS BEING CLAIMED THERE.

 8    Q    AND ARE YOU REFERRING THERE TO THE WHITE

 9    CIRCLE INSIDE THE DOTTED LINES?

10    A    YES.

11    Q    OKAY.  WHAT DO THESE FIGURES TELL YOU ABOUT

12    THE SHAPE OF THE FRONT FACE OF THE DEVICE THAT'S

13    CLAIMED?

14    A    IT'S INDICATING THAT THE SHAPE OF THE FRONT

15    FACE OF THIS DEVICE IS A VERY SPECIFIC RECTANGULAR

16    PROPORTION AS INDICATED ON THE DRAWINGS, AS YOU CAN

17    SEE PERHAPS IN FIGURE 3, THE LENGTH AND WIDTH

18    PROPORTION IN COMPARISON TO THE CURVES ON THE

19    CORNERS, THAT'S TO PROVIDE A VERY SPECIFIC

20    IMPRESSION OR DESIGN.

21    Q    NOW, I'D LIKE YOU TO TURN TO THE '087 PATENT,

22    THAT IS EXHIBIT JX 1041 IN YOUR BINDER.

23              AND FOR THE RECORD, I THINK THIS IS

24    ALREADY ADMITTED, YOUR HONOR.

25              COULD YOU LOOK AT THE '087 PATENT?  AND
```

2017

```
 1    LOOKING SPECIFICALLY AT THE FIRST PRINTED PAGE,

 2    TELL THE JURY WHEN THIS PATENT WAS ISSUED AND WHEN

 3    IT WAS FIRST APPLIED FOR.

 4    A    THIS PATENT WAS ISSUED ON MAY 26TH, 2009.  AND

 5    IT WAS FIRST APPLIED FOR IN THE PARENS 63 ON

 6    JANUARY 5TH, 2007.

 7    Q    OKAY.  COULD YOU TURN TO THE NEXT PAGE AND TO

 8    THE SECTION HEADED CLAIM.  AND TELL THE JURY WHAT

 9    IS THE DESIGN THAT IS CLAIMED IN THE '087 PATENT?

10    A    AGAIN, THERE IS A SINGLE CLAIM IN THE PATENT,

11    WHICH IS "THE ORNAMENTAL DESIGN OF AN ELECTRONIC

12    DEVICE SUBSTANTIALLY AS SHOWN AND DESCRIBED," AND

13    THEN THERE'S THE LIST OF FIGURES OR DRAWINGS THAT

14    YOU'RE GOING TO SEE IN THE REST OF THE PATENT.

15    Q    NOW, IN THIS PATENT, THERE'S A MUCH LONGER

16    LIST OF DRAWINGS, RIGHT.

17    A    YES.

18    Q    THERE'S NOT -- INSTEAD OF EIGHT, THERE ARE 48?

19    A    CORRECT.

20    Q    CAN YOU EXPLAIN TO US WHY THERE ARE 48

21    DRAWINGS RATHER THAN 8 DRAWINGS IN THIS PATENT?

22    A    THIS PATENT COVERS SEVEN DIFFERENT VERSIONS,

23    OR COMBINATIONS OF ELEMENTS, OF DIFFERENT DESIGNS

24    WHICH ARE CALLED EMBODIMENTS, AND ALL OF THOSE

25    EMBODIMENTS ARE COVERED BY THE PATENT, BUT THEY'RE
```

1    COVERED SEPARATELY.

2    Q    AND EACH OF THEM HAS EIGHT DRAWINGS?

3    A    I'M SORRY.  EACH OF THEM HAS EIGHT DRAWINGS,

4    FIGURES 1 THROUGH 8, THEN FIGURES 9 THROUGH 16, ET

5    CETERA, FOR SIX DIFFERENT VERSIONS.

6    Q    SO 6 TIMES 8 IS 48?

7    A    YES.

8    Q    SO 48 FIGURES IS 6 EMBODIMENTS?

9    A    CORRECT.

10   Q    OKAY.  COULD WE LOOK AT THE SECOND EMBODIMENT?

11        AND, THOMAS, IF YOU COULD PUT UP ON THE

12   SCREEN SIDE BY SIDE THE PAGES THAT SHOW THE EIGHT

13   FIGURES FOR THE SECOND EMBODIMENT, WHICH IS FIGURES

14   9 THROUGH 16.

15        AND YOU'LL FIND THOSE IN YOUR BINDER AS

16   WELL, MR. BRESSLER?

17   A    YES, I HAVE THEM.

18   Q    SO COULD WE SEE THE ACTUAL FIGURES.

19        GREAT.

20        USING THE DRAWINGS THAT ARE INCORPORATED

21   INTO THE CLAIMS OF THE '087 PATENT, COULD YOU WALK

22   THE JURY THROUGH THE DESIGN THAT IS CLAIMED BY

23   THESE FIGURES?

24   A    YES.

25        THIS DESIGN IS CLAIMING THE FRONT FACE,

1    THE FLAT FRONT FACE AND THE BEZEL OF AN ELECTRONIC

2    DEVICE.  AS YOU CAN SEE BY THE BROKEN LINES, AGAIN,

3    IT'S NOT CLAIMING THE BODY.  IT'S CLAIMING THE

4    BEZEL AND THE FRONT FACE.

5            THAT FRONT FACE IS A RECTANGULAR DESIGN

6    WITH ROUNDED CORNERS IN THE PROPORTIONS AND THE

7    SCALE, LENGTH TO WIDTH AND PROPORTIONAL RATIOS THAT

8    ARE BEING SHOWN HERE IN THE DRAWING.

9            AND IT INCLUDES A RECTANGULAR DISPLAY, AS

10   DID THE OTHER PATENT, WITH NARROW BORDERS ON EITHER

11   SIDE AND WIDER BORDERS TOP AND BOTTOM.

12           AND IT SHOWS THAT RECTANGULAR FRONT FACE

13   AREA AS NOT HAVING ANY SPECIFICATION.  IT DOESN'T

14   HAVE DIAGONAL CROSS ACTION, IT DOESN'T HAVE

15   SHEETING.  SO THAT FLAT FRONT SURFACE COULD BE ANY

16   COLOR.  IT COULD BE TRANSPARENT.  IT COULD BE

17   ANYTHING.  NOTHING IS BEING SPECIFIED.

18           THE OTHER PART OF IT TO NOTICE IS IN THE

19   SIDE VIEWS THAT, AGAIN, THIS IS SPECIFYING A FRONT

20   FACE AND BEZEL THAT ARE ABSOLUTELY FLAT.

21           MS. KREVANS:  YOUR HONOR, MAY I APPROACH

22   THE WITNESS AND HAND HIM SOME OF THE PHONES --

23           THE COURT:  YES.

24           MS. KREVANS:  -- HE HAS TO TALK ABOUT?

25           THE WITNESS:  THANK YOU.

```
1              THE COURT:  LET'S BREAK AT 10:25.  OKAY?

2    THANK YOU.

3    BY MS. KREVANS:

4    Q    MR. BRESSLER, I'VE HANDED YOU FOUR PHONES, THE

5    ORIGINAL IPHONE; THE 3G; THE 3GS; AND THE IPHONE 4.

6              THOSE ARE EXHIBITS JX 1000, 1001, 1002

7    AND 1003, ALL IN EVIDENCE, YOUR HONOR.

8              DID YOU STUDY THESE IPHONES FOR THIS

9    CASE?

10   A    I DID.

11   Q    OKAY.  COULD YOU LOOK AT PX 8 IN YOUR BINDER.

12   THAT'S GOING TO BE BACK CLOSER TO THE FRONT.  WHAT

13   IS PX 8, MR. BRESSLER?

14   A    PX 8 IS A PHOTOGRAPHIC PRESENTATION OF ALL OF

15   THE VIEWS OF ALL OF THE PHONES THAT YOU PRESENTED

16   TO ME.

17   Q    SO PX 8 SHOWS A COLLECTION OF PHOTOS OF ALL

18   THE DIFFERENT VIEWS OF THE FOUR IPHONES THAT I JUST

19   GAVE YOU, THE ORIGINAL, 3G, 3GS, AND 4?

20   A    CORRECT.  AND THEY'RE IN VIEWS THAT YOU MIGHT

21   SEE THEM -- SEE A DESIGN THAT IS SIMILAR TO THEM IN

22   THE PATENT.

23   Q    OKAY.

24              YOUR HONOR, WE'D MOVE THE ADMISSION OF PX

25   8.
```

```
 1                THE COURT:  ANY OBJECTION?
 2                MR. VERHOEVEN:  IT'S A DEMONSTRATIVE,
 3      YOUR HONOR, SO MY UNDERSTANDING IS DEMONSTRATIVES
 4      SHOULDN'T BE INTRODUCED INTO EVIDENCE.
 5                MS. KREVANS:  YOUR HONOR, IT'S NOT A
 6      DEMONSTRATIVE.  IT WAS OFFERED AS AN EXHIBIT.
 7      THERE WERE OBJECTIONS THAT WERE MADE PREVIOUSLY
 8      THAT YOUR HONOR HAS OVERRULED.
 9                THE COURT:  IT'S ADMITTED.
10                (WHEREUPON, PLAINTIFF'S EXHIBIT NUMBER 8,
11                HAVING BEEN PREVIOUSLY MARKED FOR
12                IDENTIFICATION, WAS ADMITTED INTO
13                EVIDENCE.)
14                THE COURT:  GO AHEAD.
15      BY MS. KREVANS:
16      Q    DID YOU REACH ANY CONCLUSIONS, MR. BRESSLER,
17      ABOUT WHETHER THE DESIGNS OF THE IPHONE ARE ANY OF
18      THE IPHONES IN FRONT OF YOU WERE THE DESIGN OF THE
19      D'677 PATENT?
20      A    YES.  I BELIEVE ALL OF THESE PHONES ARE
21      SUBSTANTIALLY THE SAME AS THE '677 PATENT.
22      Q    OKAY.  COULD WE SEE YOUR SLIDE 26.5, PLEASE,
23      MR. LEE.
24                WHAT HAVE YOU DEPICTED ON YOUR SLIDE
25      26.5?
```

2022

```
1    A    26.5 IS EFFECTIVELY A FOUR-WAY COMPARISON, IF
2    YOU WILL, THAT SHOWS ALL OF THE FIGURES OF THE '677
3    DESIGN PATENT, AND IT SHOWS THE CORRESPONDING VIEWS
4    OF EACH OF THE ORIGINAL IPHONE, THE 3G AND 3GS AND
5    THE 4.
6              I THINK IT ILLUSTRATES FAIRLY CLEARLY
7    THAT ALL OF THEM EMBODY THE DESIGN THAT YOU SEE IN
8    THE '677 PATENT.
9    Q    OKAY.  LET ME ASK YOU A QUESTION ON ONE
10   SPECIFIC ASPECT OF THIS DESIGN.
11             DOES THE -- DO THE DRAWINGS IN THE D'677
12   PATENT TELL YOU WHETHER THE MATERIAL THAT'S THE
13   SURFACE OF THE FLAT FRONT FACE YOU DESCRIBED IS THE
14   SAME MATERIAL, EDGE TO EDGE, ACROSS THE WHOLE FACE?
15   A    YES, IT DOES.
16             AS I MENTIONED IN MY DESCRIPTION OF THE
17   '677 PATENT, THE DIAGONAL LINE, IF YOU LOOK AT
18   THEM, I THINK I POINTED IT OUT, GO FROM ONE
19   DIAGONAL CORNER TO THE OTHER ALL THE WAY,
20   UNINTERRUPTED, ACROSS, AND THAT FRONT DIAGONAL
21   CROSS ACTION SHOWS THAT IT GOES ALL THE WAY ACROSS
22   THE FACE.
23   Q    OKAY. DID YOU DO A SIMILAR ANALYSIS TO
24   DETERMINE WHETHER ANY OF THE FOUR IPHONES I GAVE
25   YOU INCORPORATE THE DESIGN OR EMBODY THE DESIGN OF
```

2043

```
 1    ORDER, BUT IT WILL BE ADMISSIBLE FOR ALTERNATIVE

 2    DESIGN.

 3              I'M GOING TO ASK MR. VERHOEVEN PLEASE NOT

 4    TO CROSS THE LINE INTO INVALIDITY AND OBVIOUSNESS

 5    SINCE THAT'S BEEN EXCLUDED.

 6              THE DEMONSTRATIVES, I'M GOING TO RESERVE

 7    AND GIVE YOU A RULING ON THAT LATER, SO IF YOU

 8    COULD MAKE THAT TOWARDS THE END OF YOUR CROSS, I'D

 9    APPRECIATE IT.

10              NOW, WITH REGARD TO THE LG CHOCOLATE,

11    IT'S NOT PRIOR ART, BUT IT CAN BE USED FOR OTHER

12    PURPOSES.  WE CAN HAVE A LIMITING INSTRUCTION IF

13    NECESSARY.

14              THE LG PRADA, THAT WAS RAISED IN APPLE'S

15    MOTION IN LIMINE NUMBER 3, AND THERE IS A FACTUAL

16    DISPUTE AS TO WHETHER IT WAS, IN FACT, SOLD IN THE

17    U.S. OR NOT AND WHETHER, IN FACT, IT IS OR IS NOT

18    PRIOR ART.  SO SAMSUNG CAN USE THAT.

19              MS. KREVANS:  YOUR HONOR, WITH RESPECT TO

20    THE SPECIFIC DOCUMENT THAT RAISED THIS ISSUE, THIS

21    DOCUMENT HAS NEVER BEEN PRODUCED OR DISCLOSED

22    BEFORE, SO INDEPENDENT OF WHETHER THEY CAN TALK

23    ABOUT THOSE DEVICES, WE DON'T THINK THEY CAN USE

24    THIS DOCUMENT BECAUSE --

25              THE COURT:  OKAY.  WELL, THEN, LET ME
```

2044

1   HEAR FROM SAMSUNG.  GIVE ME THE DOCUMENT PRODUCTION

2   NUMBER.

3              I DON'T SEE THAT THIS IS BATES LABELED AT

4   ALL.

5              MR. VERHOEVEN:  YES, YOUR HONOR.  THIS

6   IS -- THIS IS SIMPLY POTENTIALLY GOING TO BE USED

7   FOR IMPEACHMENT, OR TO REFRESH THE WITNESSES

8   RECOLLECTION.

9              YOUR HONOR HAS DIRECTED US THAT FOR ANY

10  POTENTIAL IMPEACHMENT EXHIBITS, WE NEEDED TO

11  EXCHANGE THEM WITH THE OTHER SIDE.

12             SO THIS KIND OF FALLS UNDER THAT.

13             THE COURT:  ALL RIGHT.  THEN IT'S

14  EXCLUDED.  ALL RIGHT.  OKAY.  LET'S GO FORWARD

15  THEN.  OKAY.  THANK YOU.

16             (WHEREUPON, THE FOLLOWING PROCEEDINGS

17  WERE HELD IN THE PRESENCE OF THE JURY:)

18             THE COURT:  I APOLOGIZE FOR THE DELAY.

19             IT'S NOW 11:19.  GO AHEAD, PLEASE.

20  BY MS. KREVANS:

21  Q   MR. BRESSLER, I'D LIKE YOU TO TURN TO EXHIBIT

22  JX 1040 IN YOUR BINDER, YOU SHOULD FIND IT

23  SOMEWHERE NEAR THE BACK.

24             FOR THE RECORD, 1040 IS ALREADY IN

25  EVIDENCE.

2045

```
 1              WHAT IS JX 1040, MR. BRESSLER?

 2    A    THIS IS THE '889 PATENT.

 3    Q    AND COULD YOU TURN TO THE FIRST PRINTED PAGE,

 4    WHICH IS SHOWING ON THE SCREEN, AND TELL US, GOING

 5    TO THE SECTION HEADED CLAIM, WHAT IS CLAIMED BY

 6    APPLE'S D'889 DESIGN PATENT?

 7    A    WHAT IS CLAIMED IS "AN ORNAMENTAL DESIGN FOR

 8    AN ELECTRONIC DEVICE, SUBSTANTIALLY AS SHOWN AND

 9    DESCRIBED," AND THE SUBSEQUENT DESCRIPTION.

10    Q    OKAY.  AND HOW MANY FIGURES DOES THE '889

11    PATENT HAVE THAT SHOW AND DESCRIBE WHAT IS CLAIMED?

12    A    THERE ARE, IN FACT, NINE FIGURES IN THIS

13    PATENT.

14    Q    TELL US ABOUT THE NINE FIGURES.

15    A    THE FIRST, AS -- THE FIRST EIGHT ARE REALLY

16    THE NORMAL FIGURES THAT YOU WOULD EXPECT TO SEE IN

17    A DESIGN PATENT.

18              THE NINTH FIGURE IS EXPLAINED AT THE

19    BOTTOM OF THE LIST ACTUALLY AS "AN EXEMPLARY

20    DIAGRAM OF THE USE OF THE ELECTRONIC DEVICE THEREOF

21    THE BROKEN LINES BEING SHOWN FOR ILLUSTRATIVE

22    PURPOSES ONLY AND FORM NO PART OF THE CLAIMED

23    DESIGN."

24    Q    OKAY.  COULD WE LOOK AT FIGURE 9, MR. LEE?

25              I TAKE IT, MR. BRESSLER, THAT THAT TEXT
```

2046

```
 1    YOU READ MEANS THAT APPLE WASN'T TRYING TO DISCLAIM

 2    THE MAN SHOWING THIS PICTURE ACTUALLY HOLDING THE

 3    DEVICE?

 4    A    CORRECT.

 5    Q    BUT THE DEVICE AND THE UTILITY IS WHAT'S

 6    CLAIMED?

 7    A    YES.

 8    Q    OKAY.  LET'S LOOK AT YOUR SLIDE PDX 26.6.  IS

 9    THIS THE FIRST -- IN FACT, THIS IS ALL OF THE

10    FIGURES OF THE '889 PATENT?

11    A    YES.  THIS IS A SLIDE INCLUDING ALL THE

12    FIGURES.

13    Q    OKAY.  USING THESE FIGURES OF THE '889 PATENT,

14    CAN YOU WALK THE JURY THROUGH THE DESIGN THAT IS

15    CLAIMED AND SHOWN IN THESE FIGURES?

16    A    YES.  THIS DESIGN INCLUDES AN ELECTRONIC

17    DEVICE THAT HAS A FLAT, TRANSPARENT, AS YOU CAN SEE

18    BY THE DIAGONAL LINES, AND SHINY, FLAT SURFACE THAT

19    GOES IN A RECTANGULAR FORM AS SHOWN IN THE DRAWING

20    FROM EDGE TO EDGE ACROSS THE FRONT OF THE DEVICE.

21              IT MEETS A THIN EDGE AT THE BORDER AND

22    YOU CAN SEE THROUGH THAT CLEAR MATERIAL A BORDER

23    THAT GOES AROUND THE DISPLAY THAT IS OF EQUAL WIDTH

24    ALL THE WAY AROUND.

25              AND THEN IF YOU LOOK -- I WAS LOOKING AT
```

2047

```
 1    FIGURES 1 AND 3.
 2              IF YOU THEN LOOK AT THE OTHER FIGURES,
 3    YOU CAN SEE THAT THE BACK OF THE PRODUCT IS FLAT
 4    AND THAT -- OR THE BACK OF THE DESIGN IS FLAT AND
 5    THAT THE SLIDES CURVE UP TO MEET THE FRONT FROM THE
 6    BACK.
 7    Q    AND WHAT DO THE FIGURES OF THE '889 PATENT
 8    TELL US ABOUT THE OVERALL SHAPE OF THE FRONT OF THE
 9    DEVICE?
10    A    THE OVERALL SHAPE OF THE FRONT OF THE DEVICE
11    IS A RECTANGLE IN THE PROPORTION THAT'S SHOWN IN
12    THE DESIGN.
13    Q    WHAT DO YOU MEAN BY "PROPORTION"?
14    A    THE LENGTH TO WIDTH RELATIONSHIP SHOULD BE --
15    SHOULD BE SEEN AS THIS OVERALL DESIGN.
16              AND IT HAS CORNERS THAT ARE RADIUS.
17    Q    NOW, IF I'VE DONE THIS RIGHT, MR. BRESSLER,
18    ONE OF THE MANY DEVICES ON THE TABLE IN FRONT OF
19    YOU SHOULD BE THE IPAD 2, WHICH IS JX 1005.  THERE
20    ARE MANY THINGS THERE.
21              HAVE YOU FOUND JX 1005?
22    A    I'M JUST CHECKING THE STICKER.  YES.
23    Q    OKAY.  AND CAN WE SEE PDX 26.7?
24              WHAT HAVE YOU DEPICTED IN SLIDE 26.7?
25    A    THIS IS A COMPARISON OF THE '889 PATENT AND
```

```
 1    THE IPAD 2.

 2    Q    AND WHAT DID YOU CONCLUDE FROM COMPARING THE

 3    '889 PATENT TO THE IPAD 2?

 4    A    I CONCLUDED THAT THE DESIGN OF THE IPAD 2 IS

 5    SUBSTANTIALLY THE SAME AS THE DESIGN '889 AND WOULD

 6    BE IN THE EYES OF THE ORDINARY OBSERVER.

 7    Q    SO APPLE'S OWN IPAD 2 PRODUCT IS USING THE

 8    DESIGN OF APPLE'S PATENT?

 9    A    YES.

10    Q    OKAY.  LET'S TURN TO SAMSUNG'S PRODUCTS, AND

11    I'D LIKE YOU TO GO FIRST TO EXHIBIT PX 7 IN YOUR

12    BINDER.

13              YOU CAN PUT THE IPAD 2 ASIDE FOR NOW.

14              WHAT IS EXHIBIT PX 7?

15    A    EXHIBIT PX 7 IS A PHOTOGRAPHIC COMPILATION OF

16    ALL OF THE SAMSUNG -- OF ALL OF THE SAMSUNG PHONES

17    THAT WERE CONSIDERED IN THIS CASE.

18    Q    OKAY.  WHEN YOU SAY "CONSIDERED," DO YOU MEAN

19    CONSIDERED BY YOU?

20    A    THESE WERE THE ONES THAT WERE REVIEWED BY ME

21    RELATIVE TO THE DESIGN PATENTS.

22              MS. KREVANS:  OKAY.  YOUR HONOR, I'D MOVE

23    PX 7 INTO EVIDENCE.

24              MR. VERHOEVEN:  NO FURTHER OBJECTION.

25              THE COURT:  ALL RIGHT.  THAT'S ADMITTED.
```

2049

```
 1                  (WHEREUPON, PLAINTIFF'S EXHIBIT NUMBER 7,

 2                  HAVING BEEN PREVIOUSLY MARKED FOR

 3                  IDENTIFICATION, WAS ADMITTED INTO

 4                  EVIDENCE.)

 5      BY MS. KREVANS:

 6      Q    OKAY.  ALSO ON THE TABLE IN FRONT OF YOU

 7      SHOULD BE EXHIBIT JX 1019, WHICH SHOULD BE THE

 8      GALAXY S 4G.

 9      A    YES.

10      Q    DO YOU HAVE THAT, MR. BRESSLER?

11      A    I DO.

12      Q    IS THIS ONE OF THE SAMSUNG PHONES THAT YOU

13      ANALYZED?

14      A    IT IS.

15      Q    AND WHAT CONCLUSION DID YOU COME TO ABOUT

16      WHETHER THE GALAXY S 4G INFRINGED EITHER THE D'677

17      OR D'087 PATENT?

18      A    IT'S MY OPINION THAT THIS PHONE, THE DESIGN OF

19      THIS PHONE WOULD BE CONSIDERED SUBSTANTIALLY THE

20      SAME AS THE DESIGN OF THE '087 AND '677 PATENTS BY

21      AN ORDINARY OBSERVER.

22      Q    SO THIS IS A PHONE THAT YOU FOUND INFRINGING?

23      A    I FOUND IT INFRINGING, YES.

24      Q    OKAY.  LET'S START WITH THE '677.  CAN WE LOOK

25      AT YOUR SLIDE PDX 26.11?
```

2227

1    Q    WITH RESPECT TO THE ACCUSED PRODUCT, THE BACK

2    HOUSING IS NOT A SINGLE -- A SINGLE, SEAMLESS

3    VESSEL, IS IT, SIR?

4    A    NO, IT'S NOT.  I BELIEVE IT GIVES THE

5    IMPRESSION OF ONE.

6    Q    THANK YOU, SIR.

7    A    BUT I DON'T BELIEVE IT IS.

8    Q    IF YOU LOOK AT THE BACK -- ACTUALLY, LET'S GO

9    TO SDX 3784.

10              AND YOUR HONOR, MAY I APPROACH TO HAND

11   THE TAB TO THE JURY?

12              THE COURT:  YES, PLEASE GO AHEAD.

13              MR. VERHOEVEN:  THANK YOU.

14              SO FOR THE RECORD, I'VE HANDED PHYSICAL

15   EXHIBIT JX 1038 TO THE JURY TO INSPECT.  THAT'S THE

16   GALAXY TAB 10.1.

17   Q    AND ON THE SCREEN, SLIDE SDX 3784, WE'VE GOT

18   SOME IMAGES OF THAT SAME TAB 10.1 BLOWN UP SO

19   PEOPLE CAN SEE.

20              SO I'M GOING TO REFER TO THESE IMAGES

21   WHILE THE JURY IS -- JURORS ARE LOOKING AT THE

22   PHYSICAL PRODUCT.  OKAY?

23   A    SURE.

24   Q    SO IF YOU LOOK AT THE ACCUSED PRODUCT, YOU'LL

25   SEE -- IF YOU'RE LOOKING AT THE BACK, THERE'S AT

2228

```
1    LEAST TWO PIECES; RIGHT?

2    A    YES.

3    Q    AND THERE'S A SEAM THAT GOES ALONG THE BACK

4    AND PROTRUDES DOWN UNDER -- I GUESS THAT'S A

5    CAMERA.  IS THAT A CAMERA?

6    A    I BELIEVE SO.

7    Q    AND THEN THAT WHOLE ASSEMBLY -- LET'S GO TO

8    SDX 3785 -- ALSO FORMS A RIM BETWEEN THE FRONT

9    GLASS SURFACE AND THE BACK SURFACE, THERE'S A WHOLE

10   RIM STRUCTURE THAT GOES ALL THE WAY AROUND THE TAB

11   BETWEEN THOSE TWO; RIGHT?

12   A    I SEE THAT.

13   Q    THERE'S NO RIM BETWEEN THE BACK HOUSING AND

14   THE FRONT GLASS IN THE '889 DESIGN PATENT.  TRUE?

15   A    THAT'S TRUE.

16   Q    AND THERE'S NO SEAM THAT GOES ALONG THE BACK

17   SEPARATING TWO PORTIONS OF THE BACK HOUSING IS

18   THERE, SIR, ON THE '889?

19   A    NO.

20   Q    BUT THERE IS ON THE GALAXY TAB 10.1; RIGHT?

21   A    IT'S AN ABSOLUTELY FLUSH SEAM, YES, THAT MAKES

22   IT APPEAR TO BE A CONTINUOUS SURFACE.

23   Q    YOU'RE SAYING IN THE PHOTO, AN OBSERVER

24   LOOKING AT THIS WOULD THINK THIS IS A CONTINUOUS

25   SURFACE, THIS SILVER COLOR THAT CHANGES COLOR
```

2229

```
1    TWO-TONE TO A BLACK COLOR?

2    A    I THINK THEIR PERCEPTION WOULD BE THAT IT'S

3    ALL THE SAME SHAPE, PARTICULARLY IF THERE WASN'T

4    ANY CHANGE IN COLOR, WHICH ON A DESIGN PATENT THERE

5    ISN'T.

6    Q    WELL, MR. STRINGER DIDN'T TALK ABOUT THE

7    BACK -- WE CAN GO BACK TO SDX 3790.  EXCUSE ME.

8    3789.

9              MR. STRINGER DIDN'T TALK ABOUT THE SAME

10   SHAPE OR TWO DIFFERENT PIECES OF THE HOUSING.  HE

11   SAYS THE "OBJECTIVES WERE TO REDUCE THE PRODUCT TO

12   WHAT WAS ESSENTIALLY A SINGLE, SEAMLESS VESSEL,"

13   AND THERE'S NO SEAMS AT ALL VISIBLE ON THE '889;

14   RIGHT?

15   A    I BELIEVE THAT WAS HIS DESIGN, YES.

16   Q    AND THE TAB 10.1 IS NOT A SINGLE, SEAMLESS

17   VESSEL WITH A REAR HOUSING, IS IT, SIR?

18   A    NO.  BUT IT APPEARS TO BE.

19   Q    LET'S GO TO SDX 3787.

20             NOW, THIS IS JUST A SLIDE WITH THE GALAXY

21   TAB 10 ON THE RIGHT AND IMAGES FROM THE '889 PATENT

22   ON THE LEFT.

23             DO YOU SEE THAT, SIR?

24   A    I DO.

25   Q    NOW, YOU KNEW, WHEN YOU FORMED YOUR
```

2230

```
 1    OPINIONS -- WITHDRAW THE QUESTION.

 2              DO YOU SEE THESE LINES ON THE BACK?

 3    A    I DO.

 4    Q    CAN YOU TELL THE JURORS WHAT THAT -- WELL,

 5    WITHDRAW THE QUESTION AGAIN.

 6              IS IT FAIR TO REFER TO THAT AS OBLIQUE

 7    LINE SHADING?

 8    A    THAT'S ONE WAY TO VIEW IT, YES.

 9    Q    THAT'S WHAT IT'S CALLED; RIGHT?

10    A    I BELIEVE SO.

11    Q    RIGHT.  AND WHEN YOU FORMED YOUR OPINIONS FOR

12    THE '889 PATENT, YOU KNEW THAT OBLIQUE LINE SHADING

13    MUST BE USED TO SHOW TRANSPARENT, TRANSLUCENT, AND

14    HIGHLY POLISHED SURFACES; RIGHT?

15    A    YES.

16    Q    SO WHAT THIS IS TELLING US IS THAT THE BACK OF

17    THE '889 PATENT IS A SHINY SURFACE?

18    A    I BELIEVE SO.

19    Q    NOW, IF YOU LOOK AT THE TAB, AND I DON'T

20    KNOW -- DID WE -- MAYBE WE CAN PASS IT OUT ONE MORE

21    TIME SO THE JURORS CAN SEE.

22    A    I BELIEVE THE TERM I WOULD USE WOULD NOT BE

23    SHINY.  IT WAS BE REFLECTIVE.

24    Q    MS. KHAN, IF WE COULD JUST HAND THAT TO THE

25    JURORS SO THEY CAN PASS IT AROUND ONE MORE TIME.
```

2231

```
 1              NOW, WHEN YOU LOOK AT THE BACK SURFACE OF
 2    THE GALAXY TAB 10.1, IT IS NOT A SHINY SURFACE, IS
 3    IT?
 4    A    IT IS NOT SHINY.  IT'S REFLECTIVE.
 5    Q    IT'S BRUSHED MATTE FINISH, ISN'T IT, SIR?
 6    A    IT'S OVER THERE.
 7    Q    DO YOU NEED TO LOOK AT IT?
 8    A    WELL, IT'S -- I DON'T KNOW IF THAT ONE IS
 9    BRUSHED.  I KNOW ONE OF THEM IS BRUSHED.  I KNOW
10    ONE OF THEM IS PAINTED.  THEY ALL HAVE SOME DEGREE
11    OF REFLECTIVITY.
12    Q    AS SOON AS THE JURORS ARE DONE, I'LL SHOW IT
13    TO YOU.  OKAY.
14              YOU DO KNOW WHAT A BRUSHED, MATTE FINISH
15    IS; RIGHT?
16    A    YES.
17    Q    AND A BRUSHED, MATTE FINISH IS NOT THE SAME AS
18    A TRANSPARENT OR HIGHLY POLISHED SURFACE, IS IT?
19    A    NO.  BUT IT IS A REFLECTIVE SURFACE.
20    Q    SO THE ANSWER IS NO; RIGHT?
21    A    IT'S NOT THE WORDS YOU USED, THAT'S CORRECT.
22    Q    IT'S NOT A TRANSPARENT, TRANSLUCENT, OR HIGHLY
23    POLISHED SURFACE, IS IT, A BRUSHED MATTE SURFACE?
24    A    I'M NOT SURE IT'S HIGHLY POLISHED.  I BELIEVE
25    IT'S REFLECTIVE.
```

2232

```
 1              MR. VERHOEVEN:  YOUR HONOR, MAY I

 2    APPROACH?

 3              THE WITNESS:  AND I DO BELIEVE THAT THIS

 4    IS REFLECTIVE.

 5              MR. VERHOEVEN:  MAY I APPROACH?

 6              THE COURT:  PLEASE, GO AHEAD.

 7    BY MR. VERHOEVEN:

 8    Q    OKAY.  WHEN YOU HOLD THIS UP AND LOOK AT IT,

 9    CAN YOU SEE YOUR REFLECTION IN IT, SIR?

10    A    NO, I CAN'T SEE MY REFLECTION.

11    Q    BUT YOU'RE SAYING IT'S REFLECTIVE?

12    A    I CAN SEE LIGHTS REFLECTING OFF OF IT.

13    Q    WELL, YOU CAN SEE LIGHT REFLECTING ON ANY

14    SURFACE, CAN'T YOU, SIR?

15    A    PRETTY MUCH.

16    Q    YOU CAN SEE LIGHT REFLECTING OFF A BRUSHED

17    MATTE FINISH, CAN'T YOU, SIR?

18    A    I BELIEVE SO.

19    Q    BUT YOU'D AGREE THAT THAT PRODUCT RIGHT THERE,

20    THE BACK IS A BRUSHED, MATTE SURFACE?

21    A    YES.

22    Q    AND IT'S TWO --

23    A    I BELIEVE IT'S A BRUSHED SURFACE.  I DON'T

24    KNOW IF I'D QUALIFY IT AS MATTE.

25    Q    YOU CAN'T SEE YOUR FACE IN IT?
```

1    A    YES, I CAN'T SEE MY FACE IN IT.

2    Q    IN FACT, IT'S TWO-TONED; RIGHT?

3    A    YES.  BUT THAT DOESN'T MATTER IN A DESIGN

4    PATENT.

5    Q    TELL THE JURORS WHAT COLORS YOU SEE ON THE

6    BACK.

7    A    I BELIEVE THERE IS A LIGHT GRAY AND A SLIGHTLY

8    DARKER GRAY.

9    Q    OKAY.  YOU CAN PUT THAT DOWN.  THANKS.

10          MR. BRESSLER, APPLE IS PAYING YOU TO

11    TESTIFY AS THEIR EXPERT WITNESS IN THIS CASE;

12    RIGHT?

13    A    YES, THEY ARE.

14    Q    HOW MUCH ARE YOU BEING PAID PER HOUR?

15    A    $400.

16    Q    HOW MUCH MONEY HAS APPLE PAID YOU SO FAR?

17    A    SO FAR?

18    Q    YES.

19    A    FOR THIS CASE, ABOUT $75,000.

20    Q    YOU ADVERTISE YOURSELF ON THE INTERNET AS AN

21    EXPERT WITNESS; CORRECT?

22    A    I BELIEVE I'M LISTED ON THE IDSA WEBSITE

23    HAVING TAKEN A CERTIFICATION COURSE.

24    Q    SO IS THAT YES?

25    A    I GUESS IN THAT ONE PLACE, YES.

1

2

3

4                          CERTIFICATE OF REPORTERS

5

6

7              WE, THE UNDERSIGNED OFFICIAL COURT

8     REPORTERS OF THE UNITED STATES DISTRICT COURT FOR

9     THE NORTHERN DISTRICT OF CALIFORNIA, 280 SOUTH

10    FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY

11    CERTIFY:

12              THAT THE FOREGOING TRANSCRIPT,

13    CERTIFICATE INCLUSIVE, CONSTITUTES A TRUE, FULL AND

14    CORRECT TRANSCRIPT OF OUR SHORTHAND NOTES TAKEN AS

15    SUCH OFFICIAL COURT REPORTERS OF THE PROCEEDINGS

16    HEREINBEFORE ENTITLED AND REDUCED BY COMPUTER-AIDED

17    TRANSCRIPTION TO THE BEST OF OUR ABILITY.

18

19                        /S/
                   _____
20                 LEE-ANNE SHORTRIDGE, CSR, CRR
                   CERTIFICATE NUMBER 9595
21

22                        /S/
                   _____
23                 IRENE RODRIGUEZ, CSR, CRR
                   CERTIFICATE NUMBER 8074
24

25                 DATED:  AUGUST 6, 2012