2012-1105

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

APPLE INC.,

Plaintiff-Appellant,

v.

SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., AND SAMSUNG TELECOMMUNICATIONS AMERICA, LLC,

Defendants-Appellees.

Appeal from the United States District Court for the Northern District of California in case no. 11-CV-01846-LHK, Judge Lucy H. Koh

## CORRECTED PUBLIC NON-CONFIDENTIAL BRIEF OF DEFENDANTS-APPELLEES

Charles K. Verhoeven
Kathleen M. Sullivan
Kevin P.B. Johnson
Victoria F. Maroulis
Michael T. Zeller
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
50 California St., 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

January 11, 2012

*Attorneys for Defendants-Appellees*

challenge that finding, and its new evidence fares no better. Even if design is a factor in the commercial success of tablet computers generally, since Apple has never claimed the iPad as an embodiment of the D'889, any arguments about its success are irrelevant to that patent's validity.[12]

*Finally*, Apple faults the district court for not considering that "consumer buying decisions are linked to Apple's advertising of its iPad product design." (Br. 67.) Yet again, Apple did not make this argument below in response to Samsung's obviousness argument, and, even if it had, Apple has not shown that such evidence would have tipped the district court's fact-intensive assessment in its favor.

## B. Alternative And Independently Sufficient Grounds Support The Denial Of Apple's Motion As To The D'889 Patent

If there is any doubt about the district court's grounds for denying a preliminary injunction as to the D'889 patent, this Court should reach and correct the district court's error in rejecting (A39-40) Samsung's showing of a substantial question as to the invalidity of the D'889 patent based on functionality, which

---

[12] Apple also took inconsistent positions below as to whether the *iPad2* was an embodiment of the D'889 patent, only belatedly asserting that it was (*see* A47 n.27). Apple cannot rely on the shared features between the iPad and iPad2 since there is no evidence that the success of either device is attributable to the design elements claimed by the D'889 patent.

provides an independently sufficient alternative ground for affirmance for the same reasons as with respect to the D'087 and D'677 patents.[13]

The district court's denial of a Apple's motion as to the D'889 patent also may be affirmed on the alternative ground that Apple failed to demonstrate likely success in proving that the Galaxy Tab 10.1 infringes the D'889 patent. The district court acknowledged that there were "several differences" between them, including "the profile view of the D'889 patent is thicker and with less curved/sloping profile view than the Galaxy Tab 10.1; the Galaxy Tab 10.1 has a different aspect ratio than the D'889 design; and the Galaxy Tab 10.1 has an upper tab cut out of the back portion with an embedded camera and a logo and other writing that is not claimed in D'889." (A46-47).

---

[13] The few features of the D'889 design not present in the D'087 and D'677 designs are also functional:

| Thin form factor | Reduces size and weight |
| Rim surrounding the front surface | Secures the front surface |
| Smooth back panel | Allows the device to lie flat |

(A4063-64.)



(A186-87; A4067-69.) The district court nevertheless concluded, without analysis, that the similarities overcome the differences. (A47).

In so ruling, the district court failed to follow the analysis set forth in *Gorham* and its progeny, instead resting on the *ipse dixit* that differences between the Galaxy Tab 10.1 and the D'889 patent (and/or Apple's iPad and iPad2)[14] are "minor." This assessment cannot be reconciled with the undisputed record

---

[14] The district court also erred in comparing the Galaxy Tab 10.1 to either the iPad or iPad2. Although it is permissible to compare an accused article to the patentee's article "when the patented design and the design of the article sold by the patentee are substantially the same," *L.A. Gear*, 988 F.2d at 1125, neither device is "substantially the same" as the D'889 design.

62

reflecting that the Galaxy Tab 10.1: (1) is approximately half as thick as the D'889 design; (2) has a display screen with a 16:1 aspect ratio that is significantly different from the D'889 screen's 4:3 aspect ratio; (3) has an outer casing made of three parts (not two); (4) has noticeably more softly rounded corners; (5) has differently-shaped edges and bezel; (6) has a metallic lip and substantial ornamentation on the back; and (7) has no gap between the flat front surface and the device's edge. (A4066-67; A4765-69; A8626-42.) Apple has emphasized the significance of a tablet's thickness, as its marketing campaign highlights that the iPad2, at 8.8 mm, is "thinner" than the first iPad. (A4821.)

With these substantial differences in appearance, a sophisticated consumer, familiar with the prior art, would not be deceived into thinking that the Galaxy Tab 10.1 design was an iPad or an iPad2, thereby "inducing him to purchase one supposing it to be the other." *Egyptian Goddess*, 543 F.3d at 678. Indeed, Apple has not identified a single example of customer confusion. Under the proper standard, Samsung has presented substantial questions of non-infringement.

The district court's finding (A48-49) that Apple would be irreparably harmed by infringement of the D'889 patent is also clearly erroneous. The court's conclusion was based on the erroneous premise that Apple practices the D'889 patent ████████████████████████████

(A49.) ████████████████████████████████████████