HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
JENNIFER LEE TAYLOR (CA SBN 161368)
jtaylor@mofo.com
ALISON M. TUCHER (CA SBN 171363)
atucher@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
JASON R. BARTLETT (CA SBN 214530)
jasonbartlett@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

APPLE INC., a California corporation,

Plaintiff,

v.

SAMSUNG ELECTRONICS CO., LTD., a
Korean corporation; SAMSUNG
ELECTRONICS AMERICA, INC., a New
York corporation; and SAMSUNG
TELECOMMUNICATIONS AMERICA,
LLC, a Delaware limited liability company,

Defendants.

Case No. 11-cv-01846-LHK (PSG)

**[PROPOSED] ORDER GRANTING
APPLE'S MOTION FOR
JUDGMENT AS A MATTER OF
LAW (RENEWED), NEW TRIAL,
AND AMENDED JUDGMENT**

1   Before the Court is the Motion for Judgment as a Matter of Law (Renewed), New Trial,

2   and Amended Judgment brought by Plaintiff Apple Inc. ("Apple") against Defendants Samsung

3   Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications

4   America, Inc. (collectively "Samsung").

5   WHEREAS the Court concludes based on the trial record and submissions of the parties

6   that the evidence permits only one reasonable conclusion as to the following:

7   • Apple's unregistered iPad/iPad 2 Trade Dress is protectable;

8   • Apple's unregistered iPad/iPad 2 Trade Dress was famous as of June 2011;

9   • the Samsung's Galaxy Tab 10.1 (WiFi) and Galaxy Tab 10.1 (4G LTE) infringe

10   Apple's unregistered iPad/iPad 2 Trade Dress;

11   • the Samsung's Galaxy Tab 10.1 (WiFi) and Galaxy Tab 10.1 (4G LTE) dilute

12   Apple's unregistered iPad/iPad 2 Trade Dress;

13   • the Samsung's Galaxy Tab 10.1 (WiFi) and Galaxy Tab 10.1 (4G LTE) infringe

14   U.S. Design Patent No. 504,889 (D'889 patent);

15   • the Samsung Galaxy Ace phone infringes U.S. Design Patent No. 618,677 (D'677

16   patent);

17   • the Samsung Galaxy S II (AT&T, i9100, Epic 4G Touch, and Skyrocket) and

18   Infuse 4G phones infringe U.S. Design Patent No. 593,087 (D'087 patent);

19   • the Samsung Captivate, Continuum, Droid Charge, Epic 4G, Galaxy Prevail,

20   Galaxy S II (AT&T, i9100, T-Mobile, Epic 4G Touch, and Skyrocket), and Infuse

21   4G phones dilute Apple's registered iPhone Trade Dress (U.S. Trademark

22   Registration No. 3,470,983);

23   • the Samsung Captivate, Continuum, Droid Charge, Epic 4G, Galaxy Prevail,

24   Galaxy S II (AT&T, i9100, T-Mobile, Epic 4G Touch, and Skyrocket), and Infuse

25   4G phones dilute Apple's unregistered iPhone 3G Trade Dress;

26   • Apple's unregistered combination iPhone Trade Dress is protectable;

27   • Apple's unregistered combination iPhone Trade Dress was famous as of July

28   2010;

[PROPOSED] ORDER GRANTING MOTION FOR JUDGMENT AS A MATTER OF LAW (RENEWED),
NEW TRIAL, AND AMENDED JUDGMENT
CASE NO. 11-cv-01846-LHK (PSG)
sf- 3197100

1

- each accused Samsung smartphone product dilutes Apple's unregistered combination iPhone Trade Dress;

- the Samsung Galaxy Ace, Intercept, and Replenish phones infringe claim 8 of U.S. Patent No. 7,844,915 ('915 patent);

- the Samsung Captivate, Continuum, Gem, Indulge, Intercept, Nexus S 4G, Transform, and Vibrant phones infringe claim 50 of U.S. Patent No. 7,864,163 ('163 patent);

- Samsung's infringement of the D'087 patent was willful;

- Samsung's infringement of the D'889 patent was willful;

- Samsung's dilution of Apple's unregistered combination iPhone Trade Dress was willful;

- Samsung's dilution of Apple's unregistered iPad/iPad 2 Trade Dress was willful;

- Samsung's infringement of Apple's unregistered iPad/iPad 2 Trade Dress was willful;

- Samsung Electronics Co. (SEC) took action with respect to the Samsung Intercept and Replenish phones that it knew or should have known would induce STA or SEA to infringe the '915 patent;

- Samsung Electronics Co. (SEC) took action with respect to the Samsung Captivate, Continuum, Gem, Indulge, Intercept, Nexus S 4G, Transform, and Vibrant phones that it knew or should have known would induce STA or SEA to infringe the '163 patent;

- Samsung Electronics Co. (SEC) took action with respect to the Samsung Galaxy S II (AT&T, Epic 4G Touch, and Skyrocket), and Infuse 4G phones that it knew or should have known would induce STA or SEA to infringe the D'087 patent;

- Samsung Electronics Co. (SEC) took action with respect to the Samsung Galaxy Tab 10.1 (WiFi) and Galaxy Tab 10.1 (4G LTE) that it knew or should have known would induce STA or SEA to infringe the D'889 patent;

- Claim 10 of Samsung's U.S. Patent No. 7,456,893 ('893 patent) is invalid;

[PROPOSED] ORDER GRANTING MOTION FOR JUDGMENT AS A MATTER OF LAW (RENEWED), NEW TRIAL, AND AMENDED JUDGMENT
CASE NO. 11-cv-01846-LHK (PSG)
sf- 3197100

2

- Claim 9 of Samsung's U.S. Patent No. 7,698,711 ('711 patent) is invalid;
- Claim 1 of Samsung's U.S. Patent No. 7,577,460  ('460 patent) is invalid;
- Claims 15 and 16 of Samsung's U.S. Patent No. 7,447,516 ('516 patent) are invalid;
- Claims 10 and 15 of Samsung's U.S. Patent No. 7,675,941 ('941 patent) are invalid;
- Samsung breached its contractual obligations to timely disclose its declared-essential '516 and '941 patents as required by the ETSI IPR policy;
- Samsung breached its contractual obligations to license its declared-essential '516 and '941 patents on FRAND terms;
- Samsung violated Section 2 of the Sherman Act;
- Apple proved actual damages of $365,000 with respect to its breach of contract counterclaims;
- Apple proved actual damages of $365,000 with respect to its antitrust counterclaims, which amounts to $1,095,000 in damages when trebled pursuant to 15 U.S.C. § 15;

WHEREAS, in the alternative, the Court concludes based on the trial record and submissions of the parties that the jury was incorrectly instructed on the D'889's claim construction and on design patent infringement, which prejudiced Apple on its claim that Samsung's Galaxy Tab 10.1 (WiFi) and Galaxy Tab 10.1 (4G LTE) infringe the D'889 patent;

WHEREAS the jury's award of $1,049,349,540 to Apple for Samsung's infringing and diluting sales only includes such sales through June 30, 2012;

WHEREAS the Court concludes that supplemental damages are warranted, and that such damages should be calculated based on the jury's damages award, the undisputed information of actual past unit sales, and estimates of future unit sales based thereon; and

WHEREAS the Court concludes that prejudgment interest is warranted, and that such interest should be calculated based on the prime rate of 3.25%, compounded annually;

[PROPOSED] ORDER GRANTING MOTION FOR JUDGMENT AS A MATTER OF LAW (RENEWED), NEW TRIAL, AND AMENDED JUDGMENT
CASE NO. 11-cv-01846-LHK (PSG)
sf- 3197100

3

1    Accordingly, having considered the verdict of the jury and the papers submitted, and good

2 cause having been shown, IT IS HEREBY ORDERED:

3    A.    Judgment as a matter of law is granted in favor of Apple, and against Samsung,

4 that Apple's unregistered iPad/iPad 2 Trade Dress is protectable, or in the alternative, a new trial

5 is granted because the jury's finding is against the clear weight of the evidence.

6    B.    Judgment as a matter of law is granted in favor of Apple, and against Samsung,

7 that Apple's unregistered iPad/iPad 2 Trade Dress is famous, or in the alternative, a new trial is

8 granted because the jury's finding is against the clear weight of the evidence.

9    C.    Judgment as a matter of law is granted in favor of Apple, and against Samsung

10 Electronics Co. and Samsung Electronics America, Inc., that Samsung's Galaxy Tab 10.1 (WiFi)

11 infringes Apple's unregistered iPad/iPad 2 Trade Dress, or in the alternative, a new trial is granted

12 because the jury never reached the issue of likelihood of confusion.

13    D.    Judgment as a matter of law is granted in favor of Apple, and against Samsung

14 Electronics Co. and Samsung Telecommunications America, LLC, that Samsung's Galaxy Tab

15 10.1 (4G LTE) infringes Apple's unregistered iPad/iPad 2 Trade Dress, or in the alternative, a

16 new trial is granted because the jury never reached the issue of likelihood of confusion.

17    E.    Judgment as a matter of law is granted in favor of Apple, and against Samsung

18 Electronics Co. and Samsung Electronics America, Inc., that Samsung's Galaxy Tab 10.1 (WiFi)

19 dilutes Apple's unregistered iPad/iPad 2 Trade Dress, or in the alternative, a new trial is granted

20 because the jury never considered whether there was a likelihood of dilution.

21    F.    Judgment as a matter of law is granted in favor of Apple, and against Samsung

22 Electronics Co. and Samsung Telecommunications America, LLC, that Samsung's Galaxy Tab

23 10.1 (4G LTE) dilutes Apple's unregistered iPad/iPad 2 Trade Dress, or in the alternative, a new

24 trial is granted because the jury never considered whether there was a likelihood of dilution.

25    G.    Judgment as a matter of law is granted in favor of Apple, and against Samsung

26 Electronics Co. and Samsung Electronics America, Inc., that the Galaxy Tab 10.1 (WiFi)

27 infringes U.S. Design Patent No. 504,889 (D'889 patent), or in the alternative, a new trial is

28 granted because the jury's finding is against the clear weight of the evidence and the jury was

1  erroneously instructed on the D'889's claim construction and design patent infringement, which

2  prejudiced Apple.

3       H.      Judgment as a matter of law is granted in favor of Apple, and against Samsung

4  Electronics Co. and Samsung Telecommunications America, LLC, that Samsung's Galaxy Tab

5  10.1 (4G LTE) infringes the D'889 patent, or in the alternative, a new trial is granted because the

6  jury's finding is against the clear weight of the evidence and the jury was erroneously instructed

7  on the D'889's claim construction and design patent infringement, which prejudiced Apple.

8       I.      Judgment as a matter of law is granted in favor of Apple, and against Samsung

9  Electronics Co., that the Samsung Galaxy Ace phone infringes U.S. Design Patent No. 618,677

10  (D'677 patent).

11      J.      Judgment as a matter of law is granted in favor of Apple, and against Samsung

12  Electronics Co. and Samsung Telecommunications America, LLC, that the Samsung Galaxy S II

13  (AT&T, Epic 4G Touch, and Skyrocket) and Infuse 4G phones infringe U.S. Design Patent No.

14  593,087 (D'087 patent).

15      K.      Judgment as a matter of law is granted in favor of Apple, and against Samsung

16  Electronics Co., that the Samsung Galaxy S II (i9100) phone infringes U.S. Design Patent No.

17  593,087 (D'087 patent).

18      L.      Judgment as a matter of law is granted in favor of Apple, and against Samsung

19  Electronics Co. and Samsung Telecommunications America, LLC, that the Samsung Captivate,

20  Continuum, Droid Charge, Epic 4G, Galaxy Prevail, Galaxy S II (AT&T, T-Mobile, Epic 4G

21  Touch, and Skyrocket), and Infuse 4G phones dilute Apple's registered iPhone Trade Dress (U.S.

22  Trademark Registration No. 3,470,983).

23      M.      Judgment as a matter of law is granted in favor of Apple, and against Samsung

24  Electronics Co., that the Samsung Galaxy S II (i9100) phone dilutes Apple's registered iPhone

25  Trade Dress (U.S. Trademark Registration No. 3,470,983).

26      N.      Judgment as a matter of law is granted in favor of Apple, and against Samsung

27  Electronics Co. and Samsung Telecommunications America, LLC, that the Samsung Captivate,

28

Continuum, Droid Charge, Epic 4G, Galaxy Prevail, Galaxy S II (AT&T, T-Mobile, Epic 4G Touch, and Skyrocket), and Infuse 4G phones dilute Apple's unregistered iPhone 3G Trade Dress.

O.      Judgment as a matter of law is granted in favor of Apple, and against Samsung Electronics Co., that the Samsung Galaxy S II (i9100) phone dilutes Apple's unregistered iPhone 3G Trade Dress.

P.      Judgment as a matter of law is granted in favor of Apple, and against Samsung Electronics Co. and Samsung Telecommunications America, LLC, that Apple's unregistered combination iPhone Trade Dress is protectable.

Q.      Judgment as a matter of law is granted in favor of Apple, and against Samsung Electronics Co. and Samsung Telecommunications America, LLC, that Apple's unregistered combination iPhone Trade Dress is famous.

R.      Judgment as a matter of law is granted in favor of Apple, and against Samsung Electronics Co. and Samsung Telecommunications America, LLC, that each accused Samsung smartphone product dilutes Apple's unregistered combination iPhone Trade Dress.

S.      Judgment as a matter of law is granted in favor of Apple, and against Samsung Electronics Co. and Samsung Telecommunications America, LLC, that the Samsung Intercept and Replenish phones infringe claim 8 of U.S. Patent No. 7,844,915 ('915 patent).

T.      Judgment as a matter of law is granted in favor of Apple, and against Samsung Electronics Co., that the Samsung Galaxy Ace phone infringes claim 8 of the '915 patent.

U.      Judgment as a matter of law is granted in favor of Apple, and against Samsung Electronics Co. and Samsung Telecommunications America, LLC, that the Samsung Captivate, Continuum, Gem, Indulge, Intercept, Nexus S 4G, Transform, and Vibrant phones infringe claim 50 of U.S. Patent No. 7,864,163 ('163 patent).

V.      Judgment as a matter of law is granted in favor of Apple, and against Samsung Electronics Co. and Samsung Telecommunications America, LLC, that Samsung's infringement of the D'087 patent was willful.

W.      Judgment as a matter of law is granted in favor of Apple, and against Samsung, that Samsung's infringement of the D'889 patent was willful.

[PROPOSED] ORDER GRANTING MOTION FOR JUDGMENT AS A MATTER OF LAW (RENEWED), NEW TRIAL, AND AMENDED JUDGMENT
CASE NO. 11-cv-01846-LHK (PSG)
sf- 3197100

6

X. Judgment as a matter of law is granted in favor of Apple, and against Samsung Electronics Co. and Samsung Telecommunications America, LLC, that Samsung's dilution of Apple's unregistered combination iPhone Trade Dress was willful.

Y. Judgment as a matter of law is granted in favor of Apple, and against Samsung, that Samsung's dilution of Apple's unregistered iPad/iPad 2 Trade Dress was willful.

Z. Judgment as a matter of law is granted in favor of Apple, and against Samsung, that Samsung's infringement of Apple's unregistered iPad/iPad 2 Trade Dress was willful.

AA. Judgment as a matter of law is granted in favor of Apple, and against Samsung Electronics Co., that Samsung Electronics Co. took action with respect to the Samsung Intercept and Replenish phones that it knew or should have known would induce Samsung Electronics America, Inc. or Samsung Telecommunications America, LLC to infringe the '915 patent.

BB. Judgment as a matter of law is granted in favor of Apple, and against Samsung Electronics Co., that Samsung Electronics Co. took action with respect to the Samsung Captivate, Continuum, Gem, Indulge, Intercept, Nexus S 4G, Transform, and Vibrant phones that it knew or should have known would induce Samsung Electronics America, Inc. or Samsung Telecommunications America, LLC to infringe the '163 patent.

CC. Judgment as a matter of law is granted in favor of Apple, and against Samsung Electronics Co., that Samsung Electronics Co. took action with respect to the Samsung Galaxy S II (AT&T, Epic 4G Touch, and Skyrocket), and Infuse 4G phones that it knew or should have known would induce Samsung Electronics America, Inc. or Samsung Telecommunications America, LLC to infringe the D'087 patent.

DD. Judgment as a matter of law is granted in favor of Apple, and against Samsung Electronics Co., that Samsung Electronics Co. took action with respect to the Samsung Galaxy Tab 10.1 (WiFi) and Galaxy Tab 10.1 (4G LTE) that it knew or should have known would induce Samsung Electronics America, Inc. or Samsung Telecommunications America, LLC to infringe the D'889 patent.

EE. Judgment as a matter of law is granted in favor of Apple, and against Samsung, that claim 10 of Samsung's U.S. Patent No. 7,456,893 ('893 patent) is invalid.

[PROPOSED] ORDER GRANTING MOTION FOR JUDGMENT AS A MATTER OF LAW (RENEWED), NEW TRIAL, AND AMENDED JUDGMENT
CASE NO. 11-cv-01846-LHK (PSG)
sf- 3197100

7

1   FF.    Judgment as a matter of law is granted in favor of Apple, and against Samsung,

2   that claim 9 of Samsung's U.S. Patent No. 7,698,711 ('711 patent) is invalid.

3   GG.    Judgment as a matter of law is granted in favor of Apple, and against Samsung,

4   that claim 1 of Samsung's U.S. Patent No. 7,577,460 ('460 patent) is invalid.

5   HH.    Judgment as a matter of law is granted in favor of Apple, and against Samsung,

6   that claims 15 and 16 of Samsung's U.S. Patent No. 7,447,516 ('516 patent) are invalid.

7   II.    Judgment as a matter of law is granted in favor of Apple, and against Samsung,

8   that claims 10 and 15 of Samsung's U.S. Patent No. 7,675,941 ('941 patent) are invalid.

9   JJ.    Judgment as a matter of law is granted in favor of Apple, and against Samsung,

10  that Samsung breached its contractual obligations to timely disclose its patents as required by the

11  ETSI IPR policy and to license its declared-essential patents on FRAND terms.

12  KK.    Judgment as a matter of law is granted in favor of Apple that Samsung violated

13  Section 2 of the Sherman Act.

14  LL.    Judgment as a matter of law is granted in favor of Apple that Samsung owes

15  damages of $1,095,000 collectively on Apple's breach of contract and antitrust counterclaims.

16  MM.    Samsung is ordered to pay Apple supplemental damages of $121,098,389 through

17  December 31, 2012, with an additional $516,197 in supplemental damages for each additional

18  day prior to entry of judgment; prejudgment interest of $49,868,289 through December 31, 2012,

19  with an additional $108,658 in prejudgment interest for each additional day prior to entry of

20  judgment; and $1,095,000 collectively in damages on Apple's breach of contract and antitrust

21  counterclaims.

22

23  **IT IS SO ORDERED.**

24

25  Dated: _____, 2012

26                                                              _____
                                                                HONORABLE LUCY H. KOH
                                                                United States District Judge

27

28

[PROPOSED] ORDER GRANTING MOTION FOR JUDGMENT AS A MATTER OF LAW (RENEWED),
NEW TRIAL, AND AMENDED JUDGMENT                                                          8
CASE NO. 11-CV-01846-LHK (PSG)
sf- 3197100