Pierce Declaration

EXHIBIT 12

1             UNITED STATES DISTRICT COURT

2          NORTHERN DISTRICT OF CALIFORNIA

3              SAN JOSE DIVISION

4

5

6   APPLE INC., A CALIFORNIA   )  C-11-01846 LHK
    CORPORATION,                )

                           )  SAN JOSE, CALIFORNIA

7            PLAINTIFF,    )

                           )  AUGUST 20, 2012

8         VS.              )

                           )  VOLUME 12

9   SAMSUNG ELECTRONICS CO.,   )
    LTD., A KOREAN BUSINESS    )  PAGES 3712-3940

10  ENTITY; SAMSUNG           )
    ELECTRONICS AMERICA,       )

11  INC., A NEW YORK          )
    CORPORATION; SAMSUNG       )

12  TELECOMMUNICATIONS        )
    AMERICA, LLC, A DELAWARE    )

13  LIMITED LIABILITY         )
    COMPANY,                  )

14                         )
             DEFENDANTS.   )

15  _____

16          TRANSCRIPT OF PROCEEDINGS
      BEFORE THE HONORABLE LUCY H. KOH

17       UNITED STATES DISTRICT JUDGE

18

19

20        APPEARANCES ON NEXT PAGE

21

22

23  OFFICIAL COURT REPORTER: LEE-ANNE SHORTRIDGE, CSR, CRR
                    CERTIFICATE NUMBER 9595

24                   IRENE RODRIGUEZ, CSR, CRR
                    CERTIFICATE NUMBER 8074

25

713

```
 1    A P P E A R A N C E S:

 2    FOR PLAINTIFF         MORRISON & FOERSTER
      APPLE:                    BY:  HAROLD J. MCELHINNY
 3                                   MICHAEL A. JACOBS
                                     RACHEL KREVANS
 4                             425 MARKET STREET
                              SAN FRANCISCO, CALIFORNIA  94105
 5

 6    FOR COUNTERCLAIMANT   WILMER, CUTLER, PICKERING,
      APPLE:                    HALE AND DORR
 7                             BY:  WILLIAM F. LEE
                               60 STATE STREET
 8                             BOSTON, MASSACHUSETTS  02109

 9                             BY:  MARK D. SELWYN
                               950 PAGE MILL ROAD
10                             PALO ALTO, CALIFORNIA  94304

11    FOR THE DEFENDANT:     QUINN, EMANUEL, URQUHART,
                                OLIVER & HEDGES
12                             BY:  CHARLES K. VERHOEVEN
                               50 CALIFORNIA STREET, 22ND FLOOR
13                             SAN FRANCISCO, CALIFORNIA  94111

14                             BY:  VICTORIA F. MAROULIS
                                     KEVIN P.B. JOHNSON
15                             555 TWIN DOLPHIN DRIVE
                               SUITE 560
16                             REDWOOD SHORES, CALIFORNIA  94065

17                             BY:  MICHAEL T. ZELLER
                                     WILLIAM C. PRICE
18                                   SUSAN ESTRICH
                               865 SOUTH FIGUEROA STREET
19                             10TH FLOOR
                              LOS ANGELES, CALIFORNIA  90017
20

21

22

23

24

25
```

1

2                          INDEX OF EXHIBITS

3                                   MARKED          ADMITTED

4

5       DEFENDANT'S

6       556                                         3722

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

3850

1    INFRINGEMENT CONTENTIONS.

2            I WOULD NOTE THAT ONE OF THE PHONES WAS

3    RULED OUT BECAUSE WE FLIPPED THE ORDER OF THE TERMS

4    AND WE DIDN'T COME BACK TO THE COURT ON THAT AND

5    ASK FOR RECONSIDERATION.  IT WAS --

6            THE COURT:  WHICH PHONE WAS THAT?

7            MR. JACOBS:  SHOWCASE.  I THINK WE SAID

8    THE SHOWCASE, THE GALAXY S SHOWCASE, AND IT'S THE

9    SHOWCASE GALAXY S.  THE COURT SAID WE HADN'T PUT IN

10   OUR INFRINGEMENT CONTENTIONS.  WE MOVED ON.

11           NOW FOR SAMSUNG TO COME IN AT THE LAST

12   MINUTE AND SAY, "WE FORGOT TO MOVE ON THIS, BUT

13   IT'S OUT OF THE CASE," THAT'S QUITE UNFAIR.

14           MS. MAROULIS:  WE ACTUALLY MOVED FOR JMOL

15   AND I THINK WE PREVIOUSLY OBJECTED TO THAT, SO THIS

16   IS DEFINITELY NOT THE FIRST TIME THAT COUNSEL IS

17   HEARING ABOUT IT.

18           THE COURT:  WELL, I GUESS WHAT'S

19   CONFUSING TO ME IS IF THESE ARE THE INFRINGEMENT

20   CONTENTIONS, GEM IS ON HERE.

21           MS. MAROULIS:  NOT WITH RESPECT TO '381,

22   YOUR HONOR.  IT SAYS N/A.

23           THE COURT:  OH, I SEE WHAT YOU'RE SAYING.

24   I THINK IT'S UNTIMELY FOR THIS REQUEST.

25           OKAY.  GO AHEAD.  WHAT'S NEXT?

```
 1            MS. MAROULIS:  YOUR HONOR, CAN WE SKIP A
 2    LITTLE BIT, THERE'S A PRETTY SIMPLE ISSUE, BEFORE
 3    WE GET TO DAMAGES, WHICH IS WAIVER, WHICH IS THE
 4    VERY LAST PORTION OF THE VERDICT FORM.
 5            WAIVER IS AN EQUITABLE ISSUE, AND YOUR
 6    HONOR DID NOT ISSUE JURY INSTRUCTIONS ON WAIVER
 7    BECAUSE IT IS AN EQUITABLE ISSUE AND SHOULD NOT GO
 8    BEFORE THE JURY.  SO WE RESPECTFULLY REQUEST THAT
 9    IT BE REMOVED FROM THE VERDICT FORM.
10            THE COURT:  LET ME ASK, AND I APOLOGIZE
11    IF THIS WAS A MISTAKE, BUT THE PRELIMINARY
12    INSTRUCTIONS, WE TALKED ABOUT THE SUMMARY OF
13    CONTENTIONS AND ACTUALLY INCLUDED ANTITRUST, PATENT
14    EXHAUSTION, WAIVER, AND BREACH OF CONTRACT.
15            SO IT WAS IN THAT PRELIMINARY --
16            MS. MAROULIS:  WE'VE ALWAYS MAINTAINED,
17    SAMSUNG HAS ALWAYS MAINTAINED THAT ESTOPPEL AND
18    WAIVER SHOULD NOT BE BEFORE THE JURY, BUT BECAUSE
19    WE WERE NEGOTIATING JURY INSTRUCTIONS.  WE PROPOSED
20    COMPETING LANGUAGE SO THAT IF THE COURT DECIDED IT
21    DOES GO, THERE'S SOMETHING FOR THE JURY TO LOOK AT.
22            BUT THE COURT IS NOT SENDING THIS ISSUE
23    TO THE JURY, SO IT WOULD NOT BE USEFUL TO HAVE THIS
24    IN THE JURY VERDICT FORM.
25            MR. SELWYN:  YOUR HONOR, IT WAS IN THE
```

2852

```
 1     PRELIMINARY JURY INSTRUCTIONS, YOU'RE QUITE RIGHT.

 2             IN THE BROADCOM CASE, WHICH IS BASED ON

 3     SIMILAR STANDARD SETTING AS THIS ONE, THE COURT

 4     ALSO SOUGHT AN ADVISORY VERDICT ON THE WAIVER

 5     ISSUE.

 6             WE BELIEVE, CONSISTENT WITH THE

 7     PRELIMINARY INSTRUCTIONS, IT SHOULD GO TO THE JURY.

 8             THE COURT:  YOU KNOW, I ACTUALLY DON'T

 9     WANT ANY ADVISORY VERDICTS.

10             AND I RECOGNIZE I DID INCLUDE IT IN THE

11     PRELIMINARY.  I DON'T HAVE A WAIVER INSTRUCTION IN

12     THIS FINAL SET.

13             I THINK I'M GOING TO TAKE IT OUT.  OKAY?

14             MS. MAROULIS:  THANK YOU, YOUR HONOR.

15             THE COURT:  ALL RIGHT.  WHAT ELSE?

16             MS. MAROULIS:  RETURNING BACK TO THE

17     BEGINNING OF THE FORM, AGAIN, BECAUSE WE'RE LODGING

18     OUR OBJECTIONS, WE PROPOSE TO INCLUDE VERSION,

19     ANDROID VERSION ON DIFFERENT PHONES THAT ACTUALLY

20     ARE IN THE CASE.  WE SEE THAT IT'S NOT IN THERE AND

21     WE RESPECTFULLY REQUEST THAT IT BE INCLUDED.

22             THE COURT:  OKAY.  THAT'S DENIED.

23             WHAT'S NEXT?

24             MS. MAROULIS:  WE'RE MOVING ON TO THE

25     DAMAGES SECTION, AND WITH RESPECT TO DAMAGES, AS
```

2853

```
 1    YOUR HONOR NOTED, IT'S A COMPLICATED ISSUE, AND ONE
 2    THING THAT WE NEED TO ADD TO THE EXISTING DAMAGES
 3    CHART -- AND I WAS TRYING TO SCRATCH IT OUT BUT
 4    DIDN'T HAVE A CHANCE TO FULLY FIGURE OUT HOW TO DO
 5    IT -- BUT THERE ARE THREE DIFFERENT THEORIES ON
 6    WHICH APPLE IS SEEKING DAMAGES, AND SAMSUNG
 7    INDICATED IN ITS PRETRIAL SUBMISSIONS AND ITS JMOLS
 8    THAT THERE ARE INFIRMITIES WITH EACH OF THEM.
 9              FOR IT TO BE PROPERLY REVIEWED, TO THE
10    EXTENT THERE'S A REVIEW OF THESE, WE NEED TO
11    IDENTIFY WHICH DAMAGES THEORIES APPLE IS SEEKING
12    DAMAGES ON AND WHAT THE JURORS WOULD AWARD, IF
13    ANYTHING.
14              SO ONE WAY TO DO IT WOULD BE TO ADD
15    COLUMNS TO THE EXISTING CHART, WHICH IS REASONABLE
16    ROYALTY PROFITS AND LOST PROFITS; OR POTENTIAL
17    ALTERNATIVE, WHAT WE SUGGEST IN OUR VERDICT FORM IS
18    TO ASK AN INTERROGATORY, WHICH IS "OF THE NUMBER
19    THAT YOU GAVE, WHAT IS THE BREAKDOWN BETWEEN THE
20    THREE DIFFERENT THEORIES?" TO HAVE THAT IN THE
21    RECORD AND TO UNDERSTAND WHAT THE JURY DID.
22              THE SECOND ISSUE WITH THIS IS THAT IT
23    DOESN'T TIE PRODUCTS TO THE PATENT.  THERE ARE SOME
24    PRODUCTS ON WHICH APPLE IS SEEKING MULTIPLE
25    THEORIES AND MULTIPLE PATENTS AND ACCUSING THEM OF
```

```
 1   DIFFERENT I.P.

 2             SO IDEALLY WE'D LIKE TO HAVE A CHART OR

 3   SOME FORM THAT ADDRESSES ALL OF THESE ISSUES SO THE

 4   RECORD IS CLEAR.

 5             AND WE IDENTIFIED ISSUES THAT WE HAVE

 6   WITH IT, BUT HAVE NOT YET PROPOSED A SOLUTION.

 7   THIS IS ONE PLACE WHERE POTENTIALLY IF WE CAN HAVE

 8   A FEW HOURS TO BRAINSTORM AND SUGGEST SOMETHING TO

 9   THE COURT, IT MIGHT BE USEFUL.

10             THE COURT:  I DON'T WANT A MATRIX THAT'S

11   SO COMPLICATED.  TO HAVE SEVEN PATENTS AND FOUR

12   TRADE DRESSES BROKEN DOWN BY THIS MANY NUMBER OF

13   PRODUCTS I THINK WOULD BE OVERCOMPLICATED.

14             MS. MAROULIS:  WE DO NEED TO INDICATE

15   BOTH WHICH ENTITY THE DAMAGES ARE BEING SOUGHT FROM

16   AND WHICH THEORY OF DAMAGES IS BEING RELIED ON,

17   BECAUSE THEY ALL HAVE DIFFERENT LEGAL FRAMEWORK,

18   AND TO THE EXTENT THAT THE JURY GETS IT WRONG OR

19   DOES NOT APPLY THE CORRECT THEORY OR WHERE WE

20   BELIEVE THE THEORY HAS NOT BEEN SUFFICIENTLY

21   PROVEN, WE NEED THAT RECORD.

22             THE COURT:  WELL, WOULDN'T THAT BE

23   REFLECTED IN THE EARLIER PAGES?  BECAUSE THE

24   EARLIER PAGES ARE REQUIRING REQUIREMENTS BY

25   PRODUCT, BY PATENT, BY DEFENDANT.
```

2855

```
 1              SO I'M HOPING THAT THE FIRST 17 PAGES,
 2    FROM THE FIRST 17 PAGES AND THE FINAL NUMBER, IF
 3    THE JURY PICKS A NUMBER, THAT YOU CAN SORT OF WORK
 4    BACKWARDS AND FIGURE OUT WHICH I.P. WAS ACTUALLY
 5    FOUND VALID AND INFRINGED, WHICH PRODUCT, WHICH
 6    ENTITY.
 7              MR. JACOBS:  THIS IS A MATTER OF FINDING
 8    A HAPPY MEDIUM, YOUR HONOR, AND OVER DETAIL GIVES
 9    RISE TO CLAIMS OF ERROR, TOO, BECAUSE IF THE JURY
10    DOES THINGS AT A VERY GRANULAR LEVEL THAT PRESENT
11    INCONSISTENCIES, THEN IT JUMPS OUT.
12              AND WE THINK THIS IS TOO SPECIFIC.  WE
13    OBJECT TO THIS LEVEL OF SPECIFICITY IN QUESTION 25,
14    FOR EXAMPLE.
15              BUT TO GO ANY DEEPER WOULD REALLY PRESENT
16    VERY SERIOUS PROBLEMS.
17              MS. MAROULIS:  YOUR HONOR, TO ILLUSTRATE
18    AN ISSUE THAT WE MIGHT HAVE IF WE DON'T IDENTIFY
19    THE THEORIES, FOR EXAMPLE, PROFITS ARE NOT
20    APPROPRIATE FOR UTILITY PATENTS.  IF THE JURY IS TO
21    INCLUDE PROFITS IN THE UTILITY PATENT
22    DETERMINATION, THAT IS NOT PROPER.
23              THE COURT:  UM-HUM.
24              MR. JACOBS:  THE JURY WILL GIVE US
25    AMOUNTS, AND THAT'S ALL THAT WE SHOULD ASK THEM TO
```

1    DO.

2              THE COURT:  AS YOU MIGHT IMAGINE, THIS

3    WAS THE PAGE THAT TOOK THE MOST TIME TO FIGURE OUT.

4              MS. MAROULIS:  YES.

5              THE COURT:  AND IT IS COMPLICATED.

6              BUT OVERALL, I THINK THAT THIS MAY BE THE

7    BEST WAY TO DO IT, ASSUMING THAT THE JURY IS GOING

8    TO FOLLOW THE JURY INSTRUCTIONS AND NOT DO ANYTHING

9    INAPPROPRIATE IN AWARDING IMPROPER DAMAGES FOR ANY

10   PARTICULAR CLAIM AND NOT GIVING DOUBLE RECOVERY.

11             MR. JACOBS:  YOUR HONOR --

12             MS. MAROULIS:  WOULD YOUR HONOR CONSIDER

13   INCLUDING FORMER QUESTION 23 FROM THE SAMSUNG FORM,

14   WHICH IS -- SAY, "IF YOU FIND ANY DAMAGES, CAN YOU

15   SEPARATE IT BY ENTITY?"  IT'S A YES OR NO QUESTION.

16             MR. JACOBS:  AND THE PROBLEM THERE IS

17   THAT MR. WAGNER, FROM THE ACCOUNTING PERSPECTIVE,

18   TESTIFIED THERE REALLY WAS NO BASIS TO DO THAT.

19             MS. MAROULIS:  YOUR HONOR, WE'RE NOT

20   GOING TO ARGUE ABOUT THE TESTIMONY HERE.

21   MR. WAGNER PROVIDED A ROADMAP FOR THE JURY.

22             BUT THE POINT IS THAT IF YOU CAN'T FIND

23   DAMAGES ATTRIBUTABLE JUST TO ONE SINGLE ENTITY, IF

24   YOU ASSUME THREE DIFFERENT DEFENDANTS, THAT

25   DEFENDANTS HAVE AN OPPORTUNITY TO KNOW WHAT DAMAGES

1    ARE AWARDED AGAINST THEM.

2            MR. JACOBS:  NO PREJUDICE HERE, YOUR

3    HONOR.  IT'S A CONSOLIDATED ENTITY, CONSOLIDATED

4    BALANCE SHEETS, CONSOLIDATED FINANCIALS, CONTROLLED

5    BY SAMSUNG ELECTRONICS FOR BOTH ENTITIES, VERY

6    CLOSE CONTROL.  THAT WAS TESTIFIED TO.

7            THE COURT:  WELL, I'M ALSO HOPING THAT

8    PAGES 1 THROUGH 17 WILL ALSO HELP IN INFORMING AS

9    WELL, BECAUSE IT COULD BE THAT THE JURY FINDS ONE

10   OR MORE OF THESE ENTITIES NOT LIABLE AT ALL BASED

11   ON THE EVIDENCE, WHICH WAS REALLY GEARED MORE

12   TOWARDS SEC ANYWAY.

13           LET ME ASK YOU, WITH REGARD TO HOW I

14   SHOULD HANDLE THE TRADE DRESS CLAIMS AGAINST THE

15   TABLETS, I GUESS I SHOULD THEN JUST DIVIDE UP --

16           MS. MAROULIS:  YES, YOUR HONOR, THAT WAS

17   ONE OF THE ISSUES THAT WE NOTED IN QUESTION 19.

18           THERE WAS A TAB TRADE DRESS THAT REALLY

19   PROBABLY SHOULDN'T BE THERE BECAUSE YOU'RE ALREADY

20   ASKING QUESTION 18 OF THE TAB TRADE DRESS.

21           MR. JACOBS:  AND THEN WHAT YOUR HONOR

22   COULD --

23           THE COURT:  ALTHOUGH 18 IS DILUTION AND

24   21 AND 22 ARE INFRINGEMENT.  THAT'S WHY IT'S BROKEN

25   OUT DIFFERENTLY.

2858

```
 1              MS. MAROULIS:  19 IS FOR DILUTION.
 2              MR. JACOBS:  BUT I DO THINK IF WE DO AN
 3    18 STYLE BREAKOUT --
 4              THE COURT:  NO, 19 IS INDUCEMENT.  SO THE
 5    WAY IT'S WORKED OUT IS ON PAGE 10, 12 AND 13 ARE
 6    GOING TO, IS THIS PROTECTABLE?  AND THEN 14 SAYS IS
 7    THIS FAMOUS?
 8              AND THEN 15 SAYS, "IF YOU FIND IT
 9    PROTECTABLE AND FAMOUS, THEN HAS THERE BEEN
10    DILUTION OF THE REGISTERED PHONE DRESS?"
11              AND THEN THE NEXT QUESTION IS, "HAS THERE
12    BEEN DILUTION OF THE UNREGISTERED IPHONE 3 DRESS?"
13              AND THEN THE NEXT QUESTION IS, "HAS THERE
14    BEEN DILUTION OF THE UNREGISTERED COMBINATION PHONE
15    DRESS?"  AND THEN IT GOES TO THE PATENT.
16              AND THEN AFTER THAT, WE GO TO INDUCEMENT
17    AND WILLFULNESS AND THEN TRADE DRESS AND
18    INFRINGEMENT.  SO THAT'S HOW IT'S ORGANIZED.
19              MR. JACOBS:  UNDERSTOOD.
20              THE COURT:  I'LL FIGURE OUT SOME WAY TO
21    SPLIT UP THESE TABS.
22              MR. JACOBS:  I THINK IF YOU SPLIT OUT THE
23    TABS, YOU CAN MAKE THE REST OF THE CHART TWO
24    COLUMNS AND HAVE TWO COLUMNS FOR THE TABS, OR THREE
25    COLUMNS WITH A SHADED BOX FOR THE TABS.
```

```
 1              A COUPLE OF THINGS ON OUR END, YOUR

 2    HONOR.

 3              MS. MAROULIS:  I'M NOT DONE.

 4              WITH RESPECT TO TRADE DRESS, THERE WERE A

 5    COUPLE OF PREDICATE QUESTIONS WE INCLUDED IN THE

 6    VERDICT FORM AS TO DAMAGES.  WE BELIEVE THEY'RE

 7    APPROPRIATE.

 8              FOR EXAMPLE, YOU HAVE TO SHOW ACTUAL HARM

 9    FOR THE SPECIFIC TRADE DRESS DAMAGES, AND THAT WAS

10    FORMER QUESTION 17 ON OUR FORM.

11              AND SIMILARITY, YOU NEED TO SHOW ACTUAL

12    CONFUSION WITH INTENT TO DECEIVE.  AGAIN, THIS IS A

13    PREDICATE FOR DILUTION DAMAGES.

14              SO WE RESPECTFULLY REQUEST THAT THEY BE

15    PUT BACK IF POSSIBLE, RECOGNIZING THAT THE FORM

16    IS -- HAS TO HAVE SOME LIMITATIONS, BUT BECAUSE

17    THOSE ARE PREDICATE FOR DAMAGES, WE THINK IT'S

18    NECESSARY FOR TRADE DRESS.

19              THE COURT:  I'M GOING TO ASSUME A JURY IS

20    GOING TO FOLLOW JURY INSTRUCTIONS AND MAKE THE

21    REQUIRED FINDINGS BEFORE THEY MAKE ANY LIABILITY

22    DETERMINATION IN AWARDING DAMAGES.  OKAY?

23              MS. MAROULIS:  AND FINALLY, YOUR HONOR,

24    WITH RESPECT TO TRADE DRESS INDUCEMENT, SAMSUNG

25    BELIEVES THAT THERE'S NO SUCH THEORY UNDER NINTH
```

2918

```
1    INSTRUCTION.
2              IN NUMBER 44, IN THE FOURTH PARAGRAPH,
3    FIRST SENTENCE, WE THINK THAT THE WORD "DESIGN"
4    SHOULD BE INCLUDED BEFORE "PATENT" TO MAKE IT CLEAR
5    THAT THIS IS DESIGN PATENTS.
6              I UNDERSTAND IT'S IN THE HEADING, BUT
7    JUST TO ELIMINATE ANY QUESTIONS.
8              THE COURT:  THAT'S FINE.
9              MR. ZELLER:  SINCE OBVIOUSLY THEY'RE
10   DEALING WITH MORE THAN ONE.
11             WITH RESPECT TO NUMBER 45, WE HAVE MADE
12   THIS OBJECTION BEFORE AND WE WOULD SIMPLY REITERATE
13   THAT THIS INSTRUCTION SHOULDN'T APPLY TO -- IN THIS
14   PARTICULAR CASE FOR A HOST OF REASONS THAT WE'VE
15   ALREADY RAISED.
16             THE COURT:  WELL, THERE'S NO -- THERE IS
17   INDUCEMENT ON THE DESIGN PATENTS; CORRECT?
18             MR. ZELLER:  I'M SORRY, YOUR HONOR?
19             THE COURT:  THAT'S BEEN ALLEGED.  THERE
20   IS INDUCEMENT OF BOTH THE DESIGN AND THE UTILITY
21   PATENTS, RIGHT?  WHAT'S YOUR POINT, THAT IT'S
22   INAPPLICABLE?
23             MR. ZELLER:  WE'VE OBJECTED PREVIOUSLY,
24   YOUR HONOR, BECAUSE WE DO NOT BELIEVE, AND WE'VE
25   RAISED THIS BEFORE, THAT THIS THEORY OF INDUCEMENT
```

2919

```
 1    WAS TIMELY RAISED.

 2              THE COURT:  I SEE.

 3              MR. ZELLER:  THIS WAS BRIEFED PREVIOUSLY,

 4    YOUR HONOR, AND THE COURT HAS RULED ON IT, BUT WE

 5    JUST WANT TO --

 6              THE COURT:  PRESERVE YOUR OBJECTION?

 7              MR. ZELLER:  EXACTLY.

 8              THE COURT:  OKAY.

 9              MR. ZELLER:  ALSO, FOR THE SAME REASONS

10    WE TALKED ABOUT PREVIOUSLY, WE DON'T BELIEVE THIS

11    IS AN ACCURATE STATEMENT OF THE LAW.

12              THE COURT:  OKAY.

13              MR. ZELLER:  WITH RESPECT TO NUMBER 46,

14    WE OBJECT ON THE BASIS THAT THE COURT HAS ALREADY

15    CONSIDERED, WHICH DEALS WITH THE STANDARD FOR

16    WILLFUL INFRINGEMENT.  WE BELIEVE THAT THERE'S

17    AUTHORITY THAT SHOWS THAT IT HAS TO BE PROVEN BY

18    CLEAR AND CONVINCING EVIDENCE.

19              MR. ZELLER:  ALSO, WE OBJECT ON THE BASIS

20    THAT IT DOESN'T INCLUDE THE LANGUAGE FROM THE

21    NORTHERN DISTRICT OF CALIFORNIA MODEL PATENT JURY

22    INSTRUCTIONS, B.3.10.

23              WITH RESPECT TO INSTRUCTION NUMBER 48, WE

24    OBJECT TO THE DELETION OF THE FOURTH PARAGRAPH AS

25    WE DISCUSSED PREVIOUSLY.  AND WHAT I WAS SAYING,
```

2920

```
 1    YOUR HONOR, IS THAT THIS LANGUAGE HAS ALREADY BEEN

 2    PRESENTED TO THE JURY.  IT'S IN PRELIMINARY

 3    INSTRUCTION NUMBER 21.

 4              AND WE'RE CONCERNED THAT ITS ABSENCE HERE

 5    MAY CAUSE SOME CONFUSION.  THAT'S BEEN IN THE -- IN

 6    FACT, THE COURT WILL RECALL THAT EVEN BEFORE WE

 7    SUBMITTED THE PRELIMINARY INSTRUCTIONS TO THE JURY,

 8    APPLE SPECIFICALLY OBJECTED TO TWO DIFFERENT

 9    PARAGRAPHS IN THAT INSTRUCTION, AND THE COURT RULED

10    IN OUR FAVOR.

11              WE BELIEVE THAT THEY SHOULD GO IN.  THESE

12    ARE RIGHT OUT OF THE MODEL INSTRUCTION.

13              THE COURT:  YOU'RE RIGHT ON THAT.  THAT'S

14    NOT GOING TO BE DELETED.  IT WAS IN PRELIMINARY

15    INSTRUCTION NUMBER 21.  OKAY.

16              MR. ZELLER:  WE OBJECT ON THE GROUNDS

17    THAT OUR PROPOSED INSTRUCTIONS 48.1 AND 48.2

18    DEALING WITH TRADE DRESS ARE NOT BEING GIVEN.

19              THE COURT:  OKAY.

20              MR. ZELLER:  WITH RESPECT TO INSTRUCTION

21    NUMBER 49, WE DON'T BELIEVE THAT THIS ACCURATELY

22    STATES THE LAW, AND THE SAME IS TRUE OF INSTRUCTION

23    NUMBER 50.

24              AND WE OBJECT TO THE OMISSION OF OUR

25    INSTRUCTIONS 50.1 THROUGH 50.5.
```

```
 1            WITH RESPECT TO INSTRUCTION NUMBER 51, WE

 2     OBJECT THAT THIS DOES NOT PROPERLY OR CORRECTLY

 3     STATE THE LAW.

 4            IT'S ALSO MISSING A SENTENCE FROM THE

 5     MODEL THAT SHOULD BE INCLUDED IN THE FIRST

 6     PARAGRAPH, AND THAT LANGUAGE IS "IF THE FEATURE IS

 7     PART OF ACTUAL BENEFIT THAT CONSUMERS WISH TO

 8     PURCHASE WHEN THEY BUY THE PRODUCT, THEN THE

 9     FEATURE IS FUNCTIONAL."

10            THAT'S FROM THE MODEL INSTRUCTION.

11            AND WITH RESPECT TO THE CHANGES THAT WERE

12     MADE DURING THE COURSE OF THIS HEARING, WE OBJECT

13     TO THOSE AS WELL.

14            THE LAW, AS WE UNDERSTAND IT, INCLUDING

15     FROM INWOOD AND OTHER DECISIONS, IS THAT IF THE

16     INWOOD TEST IS MET, THE INQUIRY IS OVER.  THE

17     FACTORS ARE NOT CONSIDERED.

18            AND I BELIEVE THAT WE HAVE BRIEFED THIS

19     PREVIOUSLY, SO I WILL RELY ON THAT BRIEFING.

20            BUT WE DO THINK THAT IT'S -- AND THIS WAS

21     IN PARTICULAR ON SUMMARY JUDGMENT WHEN THIS WAS

22     AIRED, SO WE WOULD REITERATE THOSE GROUNDS.

23            WITH RESPECT TO NUMBER 52, WE DO NOT

24     BELIEVE THAT THIS ACCURATELY STATES THE LAW.

25            THERE'S LANGUAGE FROM THIS ABA MODEL
```

```
 1    INSTRUCTION NUMBER 3 THAT HAS BEEN OMITTED, AND WE

 2    THINK IT SHOULD BE INCLUDED, AND THAT IS THAT

 3    "DEFENDANT IS MAKING OR HAS MADE USE IN COMMERCE OF

 4    AN IDENTICAL OR NEARLY AN IDENTICAL TRADE DRESS."

 5            WE OBJECT TO THE OMISSION OF OUR PROPOSED

 6    INSTRUCTIONS 52.1 -- ACTUALLY, I APOLOGIZE -- YEAH,

 7    51.1 AND 52.2.

 8            WITH RESPECT TO INSTRUCTION NUMBER 53,

 9    AND WE DON'T BELIEVE THAT THIS ACCURATELY STATES

10    THE LAW AND WE THINK THAT IT SHOULD SAY THAT THE

11    PUBLICITY IS FEATURING THE TRADE DRESS.

12            ALSO, WE OBJECT ON THE GROUNDS THAT THIS

13    OMITS LANGUAGE FROM THE ABA MODEL INSTRUCTION.

14            AS TO INSTRUCTION NUMBER 55, WE OBJECT

15    THAT WE DO NOT BELIEVE THIS IS A CORRECT STATEMENT

16    OF THE LAW.

17            AS TO NUMBER 58, WE OBJECT.  THIS ALSO

18    DOES NOT CORRECTLY STATE THE LAW.

19            AND WE ALSO OBJECT THAT IT -- THAT THE

20    TWO FORMS OF MONETARY RELIEF TO WHICH APPLE MAY BE

21    ENTITLED SHOULD BE STATED AS APPLE'S ACTUAL DAMAGES

22    OR THE PROFITS OF THE SAMSUNG ENTITY YOU FIND

23    LIABLE FOR INFRINGEMENT OR DILUTION" TO MAKE IT

24    CLEAR THAT YOU CAN'T, AGAIN, HAVE THIS KIND OF

25    MIXING AND MATCHING THAT APPLE IS ADVOCATING.
```

1          WE OBJECT TO THE OMISSION OF THE SECOND

2    PARAGRAPH OF THE NINTH CIRCUIT MODEL INSTRUCTION

3    52.4.

4          AND WE BELIEVE IT'S ON CLEAR AND

5    CONVINCING EVIDENCE HERE AS WELL.

6          WE OBJECT TO THE FAILURE TO GIVE OUR

7    PROPOSED INSTRUCTION 58, OR AN INSTRUCTION THAT'S

8    CONSISTENT WITH ABA MODEL INSTRUCTION 3.6.1.

9          WE OBJECT TO THE INSTRUCTION UNDER 59 ON

10   THE GROUNDS THAT IT DOES NOT PROPERLY STATE THE

11   LAW, AND THE SAME IS TRUE FOR NUMBER 60.

12          AND THESE INCLUDE, IN PARTICULAR, YOUR

13   HONOR, THE POINT WE MADE PREVIOUSLY ABOUT THE CLEAR

14   AND CONVINCING EVIDENCE STANDARD.

15          WITH RESPECT TO 61.3, I DID RAISE THIS

16   PREVIOUSLY, BUT I WANTED TO, PERHAPS, DISCUSS IT A

17   LITTLE BIT FURTHER, AND WE DO BELIEVE THAT IT NEEDS

18   TO BE CLARIFIED, IN ADDITION TO THE OTHER PROBLEMS

19   WE'VE RAISED, THAT THERE CANNOT BE A DOUBLE

20   RECOVERY FOR BOTH PATENT AND UTILITY PATENT.  AND

21   THAT'S RIGHT OUT OF FEDERAL CIRCUIT PRECEDENT.

22          ONCE THERE'S AN AWARD OF AN INFRINGER'S

23   PROFITS FOR, AGAIN, WHETHER A UNIT OR A DEVICE OR

24   CATEGORY OF DEVICES, THERE JUST SIMPLY CANNOT BE

25   THEN A FURTHER AWARD.  THEY'RE DONE.

```
 1            AND I DON'T THINK THAT THAT'S MADE CLEAR

 2    TO THE JURY AT ALL.

 3            AND CONSIDERING THAT MR. MUSIKA HAS THIS

 4    ANALYSIS WHERE HE'S ATTEMPTING TO CLAIM THAT

 5    MULTIPLE TYPES OF RECOVERY SHOULD BE ALLOWED, WE

 6    THINK THAT'S -- IT'S VERY DANGEROUS AND THAT THEY

 7    ARE GOING TO POTENTIALLY START ADDING ON ADDITIONAL

 8    SUMS BEYOND THAT ONE RECOVERY THAT'S SIMPLY

 9    ALLOWED.

10            THE COURT:  DO YOU HAVE ANY SPECIFIC

11    LANGUAGE FOR THIS ONE?

12            MR. ZELLER:  I, I --

13            MR. JACOBS:  I DO, YOUR HONOR.

14            THE COURT:  WHAT'S THAT?

15            MR. JACOBS:  IF -- AT THE END OF THE

16    INSTRUCTION 61.3, "IF A SALE IS AWARDED ONE REMEDY,

17    THAT SAME SALE SHOULD NOT BE AWARDED A DIFFERENT

18    REMEDY."

19            THE COURT:  "IF A SALE IS AWARDED ONE

20    REMEDY, THAT SALE" --

21            MR. JACOBS:  -- "THAT SAME SALE SHOULD

22    NOT BE AWARDED A DIFFERENT REMEDY."

23            THE COURT:  HOW ABOUT "CANNOT BE"?

24            MR. JACOBS:  "CANNOT BE" --

25            THE COURT:  -- "AWARDED ANOTHER REMEDY."
```

1

2

3

4                    <u>CERTIFICATE OF REPORTER</u>

5

6

7

8          I, THE UNDERSIGNED OFFICIAL COURT

9    REPORTER OF THE UNITED STATES DISTRICT COURT FOR

10   THE NORTHERN DISTRICT OF CALIFORNIA, 280 SOUTH

11   FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY

12   CERTIFY:

13          THAT THE FOREGOING TRANSCRIPT,

14   CERTIFICATE INCLUSIVE, CONSTITUTES A TRUE, FULL AND

15   CORRECT TRANSCRIPT OF MY SHORTHAND NOTES TAKEN AS

16   SUCH OFFICIAL COURT REPORTER OF THE PROCEEDINGS

17   HEREINBEFORE ENTITLED AND REDUCED BY COMPUTER-AIDED

18   TRANSCRIPTION TO THE BEST OF MY ABILITY.

19

20

21                    /S/

                 _____
22               LEE-ANNE SHORTRIDGE, CSR, CRR
                 CERTIFICATE NUMBER 9595
23

24               DATED:  AUGUST 20, 2012

25