1          UNITED STATES DISTRICT COURT

2         NORTHERN DISTRICT OF CALIFORNIA

3             SAN JOSE DIVISION

4

5

   APPLE INC., A CALIFORNIA    )  C-11-01846 LHK
6  CORPORATION,                )
                               )  SAN JOSE, CALIFORNIA
7            PLAINTIFF,        )
                               )  AUGUST 24, 2012
8         VS.                  )
                               )  VOLUME 14
9  SAMSUNG ELECTRONICS CO.,    )
   LTD., A KOREAN BUSINESS     )  PAGES 4265-4333
10 ENTITY; SAMSUNG             )
   ELECTRONICS AMERICA,        )
11 INC., A NEW YORK            )
   CORPORATION; SAMSUNG        )
12 TELECOMMUNICATIONS          )
   AMERICA, LLC, A DELAWARE    )
13 LIMITED LIABILITY           )
   COMPANY,                    )
14                             )
            DEFENDANTS.    )
15 _____

16        TRANSCRIPT OF PROCEEDINGS
      BEFORE THE HONORABLE LUCY H. KOH
17       UNITED STATES DISTRICT JUDGE

18

19

20        APPEARANCES ON NEXT PAGE

21

22

23 OFFICIAL COURT REPORTER: LEE-ANNE SHORTRIDGE, CSR, CRR
                     CERTIFICATE NUMBER 9595
24

25

```
 1    A P P E A R A N C E S:

 2    FOR PLAINTIFF         MORRISON & FOERSTER
      APPLE:                   BY:  HAROLD J. MCELHINNY
 3                                  MICHAEL A. JACOBS
                                    RACHEL KREVANS
 4                              425 MARKET STREET
                               SAN FRANCISCO, CALIFORNIA  94105
 5

 6    FOR COUNTERCLAIMANT WILMER, CUTLER, PICKERING,
      APPLE:                 HALE AND DORR
 7                           BY:  WILLIAM F. LEE
                             60 STATE STREET
 8                           BOSTON, MASSACHUSETTS  02109

 9                           BY:  MARK D. SELWYN
                             950 PAGE MILL ROAD
10                           PALO ALTO, CALIFORNIA  94304

11    FOR THE DEFENDANT:   QUINN, EMANUEL, URQUHART,
                           OLIVER & HEDGES
12                         BY:  CHARLES K. VERHOEVEN
                           50 CALIFORNIA STREET, 22ND FLOOR
13                         SAN FRANCISCO, CALIFORNIA  94111

14                           BY:  VICTORIA F. MAROULIS
                                  KEVIN P.B. JOHNSON
15                           555 TWIN DOLPHIN DRIVE
                             SUITE 560
16                           REDWOOD SHORES, CALIFORNIA  94065

17                           BY:  MICHAEL T. ZELLER
                                  WILLIAM C. PRICE
18                           865 SOUTH FIGUEROA STREET
                             10TH FLOOR
19                           LOS ANGELES, CALIFORNIA  90017

20

21

22

23

24

25
```

```
 1    SAN JOSE, CALIFORNIA              AUGUST 24, 2012

 2                    P R O C E E D I N G S

 3              (WHEREUPON, THE FOLLOWING PROCEEDINGS

 4    WERE HELD OUT OF THE PRESENCE OF THE JURY:)

 5              THE COURT:  I SAW SAMSUNG'S REQUEST FOR

 6    30 MINUTES TO REVIEW THE VERDICT FORM FOR ANY

 7    CONSISTENCY, AND I THINK THAT ACTUALLY MAKES SENSE.

 8              SO WAS APPLE'S -- I COULDN'T TELL WHETHER

 9    YOU DISAGREED OR YOU JUST DIDN'T GET BACK TO

10    SAMSUNG ON THAT QUESTION.

11              MR. JACOBS:  WE THOUGHT 30 MINUTES WAS

12    LONGER THAN SHOULD BE NECESSARY.

13              THE COURT:  HOW MUCH TIME DO YOU THINK IS

14    NECESSARY?  15 MINUTES?

15              MR. JACOBS:  TEN MINUTES, 15 MINUTES.

16              THE COURT:  OKAY.  I WOULD LIKE TO

17    INITIALLY -- SO WHAT -- I HAVE NOT SEEN THE VERDICT

18    FORM, SO I'M GOING TO -- I DON'T KNOW WHO THE

19    FOREPERSON IS.

20              SO I WAS GOING TO TAKE AN INITIAL LOOK AT

21    IT.  IF IT LOOKS LIKE THERE ARE SOME SLOTS THAT ARE

22    EITHER NOT FILLED IN OR IT LOOKS UNCLEAR OR THERE

23    ARE MULTIPLE NUMBERS THAT ARE HARD TO READ, I WILL

24    ASK THEM TO CLARIFY THAT.

25              IF I SEE ANY OBVIOUS INCONSISTENCIES,
```

1    SUCH AS AWARDING DAMAGES FOR A PATENT THAT THEY

2    FOUND INVALID OR THEY FOUND NO INFRINGEMENT, THEN I

3    WAS PLANNING TO SEND THEM BACK TO HAVE THEM

4    RECONSIDER IT.

5              BUT WOULD YOU -- LET'S TALK HERE.  HOW

6    WOULD YOU PREFER THAT THAT BE DONE?  IF I JUST SEE

7    IT, CAN I GO AHEAD -- I'LL PUT ON THE RECORD WHAT I

8    SEE THAT'S INCONSISTENT AND THEN SEND THEM BACK, OR

9    WHAT'S YOUR --

10             MR. VERHOEVEN:  YOUR HONOR, MY PRACTICE

11   TYPICALLY IS THAT ANYTHING THAT IS COMMUNICATED

12   FROM THE JURORS, YOU KNOW, EVERYONE SHOULD HAVE AN

13   OPPORTUNITY LOOK AT IT AND THEN SPEAK TO YOU FIRST.

14   SO I THINK THAT'S WHAT WE'D PREFER.

15             THE COURT:  SO JUST HAVE THE WHOLE THING

16   READ AND THEN WE'LL HAVE A 10, 15 BREAK TO SEE WHAT

17   INCONSISTENCIES OR THINGS THAT ARE UNCLEAR, AND

18   THEN HAVE THEM GO BACK AND FIX IT?

19             LET ME HEAR, IS THAT WHAT YOU WANT TO DO

20   AS WELL?

21             MR. JACOBS:  I THINK THAT'S RIGHT, YOUR

22   HONOR.  WE MIGHT SEE A NON-INCONSISTENCY WHERE

23   OTHERS MIGHT SEE A CONSISTENCY.

24             THE COURT:  THAT'S FINE.  SO EVEN IF IT'S

25   AN ISSUE WHERE I CAN'T TELL WHAT A NUMBER IS OR IT

1    LOOKS UNCLEAR, OR EVEN IF THEY FAIL TO ANSWER WITH

2    REGARD TO A SPECIFIC QUESTION, YOU STILL WANT US TO

3    GO AHEAD AND READ THE WHOLE THING?  IS THAT --

4              MR. VERHOEVEN:  THAT'S TYPICALLY, I

5    THINK, HOW IT'S DONE, YOUR HONOR.

6              AND THAT WAY AT LEAST THE PARTIES HAVE AN

7    OPPORTUNITY TO -- FOR EXAMPLE, ON THE UNCLEARNESS,

8    THE PARTIES HAVE AN OPPORTUNITY TO AGREE WITH YOU

9    THAT IT'S UNCLEAR BEFORE IT GETS SENT BACK AND --

10   OR WHATNOT.

11             SO I'M NOT SURE THE READING OF IT IS AS

12   IMPORTANT AS JUST HAVING US HAVE AN OPPORTUNITY TO

13   SPEAK TO YOU BEFORE YOU TELL THE JURY SOMETHING.

14             MR. JACOBS:  I THINK YOU'RE GOING TO GET

15   IT AND THEN YOU'RE GOING TO LOOK AT IT AND THEN

16   YOU'RE GOING TO HAVE -- ASK THEM TO READ IT, AND

17   THAT'S GOING TO BE QUITE A PROCESS.

18             THE COURT:  IT'S GOING TO TAKE A WHILE TO

19   READ THIS VERDICT FORM.

20             MR. JACOBS:  EXACTLY.  SO UNLESS THEY'RE

21   ABLE TO SAY SOMETHING LIKE "YES ALL THE WAY DOWN

22   THE COLUMN" OR SOMETHING LIKE THAT, IT'S GOING TO

23   BE A SOMEWHAT TEDIOUS PROCESS.

24             THE COURT:  UM-HUM, YEAH.

25             WELL, WHAT I WAS PLANNING TO DO IS I WILL

```
 1    TAKE A QUICK LOOK.  IF I SEE ANYTHING THAT'S
 2    OBVIOUS, LIKE THERE'S JUST A HOLE WHERE THERE'S NO
 3    ANSWER, SAY, YOU KNOW, "QUESTION, WHAT NUMBER
 4    BLANK, LINE BLANK IS EMPTY.  PLEASE GO BACK AND
 5    FILL IT OUT."
 6              MR. VERHOEVEN:  YEAH.  I DON'T THINK WE
 7    HAVE AN ISSUE WITH THAT, YOUR HONOR.
 8              THE COURT:  YEAH.  AND -- BUT IF IT'S
 9    SOMETHING OBVIOUS, LIKE THEY AWARD DAMAGES TO A
10    PATENT THEY FOUND INVALID, I THINK I SHOULD JUST
11    SEND THEM BACK.
12              BUT LET ME HEAR FROM YOU.
13              MR. VERHOEVEN:  WELL, IT'S HARD TO
14    PREDICT EXACTLY WHAT MIGHT HAPPEN, SO THAT'S WHY MY
15    SUGGESTION WAS THAT WE -- YOU KNOW, FOR EXAMPLE, IF
16    THERE'S A JURY NOTE, OFTEN TIMES THE WAY IT WOULD
17    BE HANDLED IS YOU'D PRESENT THE NOTE TO US.
18              THE COURT:  RIGHT, AND WE HAD NONE.
19              MR. VERHOEVEN:  RIGHT.  WE'D TALK ABOUT
20    IT AND THEN IT WOULD GO BACK.
21              THAT'S THE ONLY THING I'M A LITTLE
22    CONCERNED ABOUT.
23              THE COURT:  ALL RIGHT.  I JUST WANT TO
24    GET AN AGREEMENT HERE BETWEEN THE PARTIES.  IF I
25    SEE A QUESTION THAT WAS SIMPLY NOT ANSWERED, I WILL
```

```
1      SEND THEM BACK.  OKAY?

2              NOW, IF THERE'S ONE THAT IS DIFFICULT TO

3      READ, MAYBE IT'S BEEN WRITTEN ON MULTIPLE TIMES,

4      ERASED AND REWRITTEN, DO YOU WANT ME TO SEND THEM

5      BACK OR DO YOU WANT AN OPPORTUNITY TO --

6              MR. JACOBS:  I THINK IF YOU CAN'T READ

7      THE NUMBER ON THERE, YES, THAT WOULD BE SOMETHING

8      THEY SHOULD CLARIFY.

9              THE COURT:  OKAY.  SO EITHER IF IT'S

10     UNANSWERED OR I CAN'T TELL WHAT IT IS, I'M GOING TO

11     ASK THEM TO CLARIFY THOSE ISSUES AND I'LL PUT ON

12     THE RECORD WHAT IT IS THAT I'M ASKING THEM TO

13     CLARIFY.

14              BUT --

15              MR. JACOBS:  OTHER THAN THAT --

16              THE COURT:  BUT YOU'RE SAYING ANYTHING

17     BEYOND THAT, IF I FIND THAT THERE'S AN

18     INCONSISTENCY, WHETHER A FINDING ON EITHER

19     WILLFULNESS OR DAMAGES WHERE THERE'S NO

20     INFRINGEMENT OR AN INVALID PATENT, AND I THINK

21     THAT'S INCONSISTENT, I WILL HOLD OFF ON THAT, OKAY?

22              I WILL HAVE -- MS. PARKER BROWN IS GOING

23     TO READ THE WHOLE THING, WE WON'T SAY ANYTHING

24     MORE, AND THEN WE'LL TAKE A BRIEF BREAK WHERE THE

25     PARTIES AND ALSO THE COURT WILL REVIEW IT AND THEN
```

1    WE CAN HAVE A DISCUSSION OUTSIDE THE PRESENCE OF

2    THE JURY ABOUT ANY INCONSISTENCIES AND THEN I'LL

3    GET AN AGREEMENT AS TO HOW THEY SHOULD BE RECHARGED

4    IF FURTHER WORK NEEDS TO BE DONE.

5             BUT I AGREE WITH SAMSUNG.  I WANT THIS TO

6    BE CLEANED UP AND NOT DISMISS THIS JURY PREMATURELY

7    IF THERE IS A PROBLEM.

8             NOW, WE MAY DISAGREE ON WHETHER SOMETHING

9    IS A PROBLEM OR NOT.

10            ALL RIGHT.  I THINK WE UNDERSTAND.

11            OKAY.  SO ARE THEY HERE?

12            THE CLERK:  I'M NOT SURE IF THEY'RE HERE

13   YET OR NOT.  LET ME CHECK.

14            THE COURT:  NOW, LET ME ALSO TELL YOU

15   WHAT I'M PLANNING TO DO.

16            FOR ANY JUROR WHO WANTS TO SPEAK EITHER

17   TO THE ATTORNEYS OR TO THE PRESS, I'M GOING TO TELL

18   THEM TO GO TO THE FIRST STREET -- THE AREA THAT'S

19   RIGHT OUTSIDE THE GATE WHERE THEY HAVE THAT WATER

20   FOUNTAIN WITH THE BRONZE PEOPLE IN IT.  I'M GOING

21   TO SAY IF YOU WANT TO TALK, GO THERE.  AND IF YOU

22   DON'T WANT TO TALK, THEN YOU CAN JUST GO HOME.

23            OKAY?  THAT'S WHAT I'D LIKE TO DO.

24            AND THEN IT'S THEIR INDIVIDUAL CHOICE AS

25   TO HOW THEY WOULD LIKE TO PROCEED.

```
1              BUT BECAUSE WE MAY RUN INTO WHEN THIS

2    BUILDING CLOSES, IT WOULD BE BEST FOR THOSE

3    COMMUNICATIONS TO HAPPEN OUTSIDE THE GATES.  THAT'S

4    WHAT I'VE BEEN TOLD BY OUR MARSHAL'S SERVICE.

5    OKAY?

6              ALL RIGHT.  SO THAT'S HOW WE'RE GOING TO

7    PROCEED.

8              ANYTHING ELSE THAT WE SHOULD COVER NOW?

9              MR. VERHOEVEN:  NOTHING FROM SAMSUNG,

10   YOUR HONOR.

11             (PAUSE IN PROCEEDINGS.)

12             THE COURT:  I MIGHT TELL THE JURORS HOW

13   WE'RE GOING TO PROCEED.  DO YOU HAVE ANY PROBLEMS

14   WITH THAT, JUST SO THEY UNDERSTAND?  THEY MAY THINK

15   THEY'RE GOING HOME RIGHT AWAY.

16             MR. JACOBS:  THAT'S FINE.

17             MR. VERHOEVEN:  THAT'S FINE, YOUR HONOR.

18   NO PROBLEM.

19             THE COURT:  I'LL BANISH THEIR

20   EXPECTATIONS.  OKAY.

21             (PAUSE IN PROCEEDINGS.)

22             (WHEREUPON, THE FOLLOWING PROCEEDINGS

23   WERE HELD IN THE PRESENCE OF THE JURY:)

24             THE COURT:  WELCOME BACK.  PLEASE TAKE A

25   SEAT.
```

```
 1              SO LET ME JUST TELL YOU HOW WE'RE GOING
 2    TO PROCEED.
 3              I'M JUST GOING TO ASK THE FOREPERSON TO
 4    IDENTIFY HIM OR HERSELF, THEN I'M GOING TO TAKE A
 5    LOOK AT THE VERDICT.
 6              IF THERE ARE ANY EITHER QUESTIONS THAT
 7    WERE NOT ANSWERED OR SOMETHING THAT IS NOT CLEAR,
 8    LIKE A NUMBER OR AN ANSWER IS NOT CLEAR, THEN I'M
 9    GOING TO ANNOUNCE THAT; AND THEN I'LL ASK THE JURY
10    TO PLEASE GO BACK TO EITHER ANSWER THAT ONE
11    QUESTION OR PERHAPS TO, YOU KNOW, IF IT'S SOMETHING
12    THAT WE CAN'T READ THE WRITING, JUST TO FIX THAT.
13    OKAY?
14              AFTER THAT MS. PARKER BROWN IS GOING TO
15    READ THE OPUS INTO THE RECORD, AND THEN WE'RE
16    ACTUALLY GOING TO BREAK FOR ABOUT 15 MINUTES, I'LL
17    THANK YOU FOR YOUR PATIENCE, WHERE THE PARTIES ARE
18    THEN ALSO GOING TO LOOK AT THE VERDICT FORM AND I'M
19    ALSO GOING TO LOOK AT IT MORE CLOSELY SO THAT IF
20    THERE IS SOMETHING THAT NEEDS FURTHER
21    CLARIFICATION, WE NEED TO GET THAT FROM YOU BEFORE
22    YOU ARE DISMISSED.  OKAY?
23              SO IF YOU WOULDN'T MIND, WE'LL TAKE A
24    BREAK SO WE'LL HAVE AN OPPORTUNITY TO REVIEW IT AND
25    THEN HAVE A DISCUSSION.
```

1           SO IF THERE IS A QUESTION THAT REQUIRES

2    FURTHER CLARIFICATION, THEN AFTER TALKING TO THE

3    PARTIES, I'M GOING TO ASK YOU TO PLEASE CLARIFY

4    THOSE ISSUES AND SO YOU'LL GO BACK TO THE JURY ROOM

5    AND CLARIFY THAT AND THEN COME BACK.

6           NOW, I DON'T KNOW IF ANY OF THIS WILL BE

7    NECESSARY, BUT I JUST WANTED TO TELL YOU THE

8    PROCESS THAT I HAVE HAD THE PARTIES AGREE UPON.

9           ALL RIGHT?  SO WITH THAT, I'M GOING TO

10   ASK THE FOREPERSON TO IDENTIFY HIM OR HERSELF.

11           JUROR 1:  I AM, YOUR HONOR.

12           THE COURT:  ALL RIGHT.  THAT IS JUROR

13   NUMBER 1.

14           JUROR 1:  YES.

15           THE COURT:  ALL RIGHT.  IF YOU WOULD,

16   PLEASE, LET ME FIRST ASK YOU IF THE JURY HAS

17   REACHED A VERDICT?

18           JUROR 1:  YES, YOUR HONOR.

19           THE COURT:  ALL RIGHT.  WOULD YOU PLEASE

20   HAND THAT TO THE BAILIFF.

21           AND THEN I'M JUST GOING TO CHECK IT TO

22   MAKE SURE THAT IT'S SIGNED, IT'S FILLED OUT

23   COMPLETELY, AND IF THERE ARE ANY HOLES.

24           (PAUSE IN PROCEEDINGS.)

25           THE COURT:  ALL RIGHT.  I'M GOING TO ASK

```
 1    MS. PARKER BROWN TO PLEASE READ THE VERDICT INTO

 2    THE RECORD.

 3              THE CLERK:  AND MAY I REMAIN SEATED?

 4              THE COURT:  AND YOU MAY REMAIN SEATED

 5    BECAUSE THAT IS A LONG VERDICT.  NORMALLY SHE WOULD

 6    STAND.

 7              THE CLERK:  UNITED STATES DISTRICT COURT,

 8    NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION,

 9    CASE NUMBER 11-CV-01846 LHK, APPLE INCORPORATED,

10    PLAINTIFF AND COUNTERCLAIM DEFENDANT VERSUS SAMSUNG

11    ELECTRONICS COMPANY, LIMITED; SAMSUNG ELECTRONICS

12    AMERICA INCORPORATED; SAMSUNG TELECOMMUNICATIONS

13    AMERICA, LLC; DEFENDANTS AND COUNTERCLAIM

14    PLAINTIFFS.

15              VERDICT FORM.

16              WE, THE JURY, UNANIMOUSLY AGREE TO THE

17    ANSWERS TO THE FOLLOWING QUESTIONS AND RETURN THEM

18    UNDER THE INSTRUCTIONS OF THIS COURT AS OUR VERDICT

19    IN THIS CASE.

20              FINDING ON APPLE'S CLAIMS.

21              APPLE'S UTILITY AND DESIGN PATENTS CLAIMS

22    AGAINST SAMSUNG.

23              FOR EACH OF THE FOLLOWING PRODUCTS, HAS

24    APPLE PROVEN BY A PREPONDERANCE OF THE EVIDENCE

25    THAT SAMSUNG ELECTRONICS COMPANY (SEC), SAMSUNG
```

4277

1    ELECTRONICS AMERICA (SEA), AND/OR SAMSUNG

2    TELECOMMUNICATIONS AMERICA (STA) HAS INFRINGED

3    CLAIM 19 OF THE '381 PATENT?

4            THE ANSWER FOR ALL DEVICES IS YES FOR

5    SAMSUNG ELECTRONICS COMPANY LIMITED.

6            THE ANSWER IS YES REGARDING THE GALAXY

7    TAB 10.1 (WI-FI) (JX 1037) FOR SAMSUNG ELECTRONICS

8    AMERICA, INC.

9            FOR SAMSUNG TELECOMMUNICATIONS AMERICA,

10   LLC, THE ANSWER IS YES FOR THE CAPTIVATE, THE

11   CONTINUUM, THE DROID CHARGE, THE EPIC 4G, THE

12   EXHIBIT 4G, THE FASCINATE, THE GALAXY ACE, THE

13   GALAXY PREVAIL, THE GALAXY S 4G, THE GALAXY S II,

14   THE GALAXY TAB, THE GEM, THE INDULGE, THE

15   INFUSE 4G, THE MESMERIZE, THE NEXUS S 4G, THE

16   REPLENISH, AND THE VIBRANT.

17           NUMBER 2.  FOR EACH OF THE FOLLOWING

18   PRODUCTS, HAS APPLE PROVEN BY A PREPONDERANCE OF

19   THE EVIDENCE THAT SAMSUNG ELECTRONICS COMPANY,

20   SAMSUNG ELECTRONICS AMERICA, AND/OR SAMSUNG

21   TELECOMMUNICATIONS AMERICA HAS INFRINGED CLAIM 8 OF

22   THE '915 PATENT?

23           THE ANSWER FOR SAMSUNG ELECTRONICS

24   COMPANY LIMITED IS YES FOR THE CAPTIVATE, THE

25   CONTINUUM, THE DROID CHARGE, THE EPIC 4G, THE

1    EXHIBIT 4G, THE FASCINATE JX, THE GALAXY PREVAIL,

2    THE GALAXY S, THE GALAXY S 4G, THE GALAXY S II, THE

3    GALAXY S II (I9100), THE GALAXY S II (T-MOBILE),

4    THE GALAXY TAB, THE GALAXY TAB 10.1, THE GEM, THE

5    INDULGE, THE INFUSE, THE MESMERIZE, THE NEXUS S 4G,

6    THE TRANSFORM, AND THE VIBRANT.

7              THE ANSWER IS NO FOR THE GALAXY ACE, THE

8    INTERCEPT, AND THE REPLENISH.

9              REGARDING SAMSUNG ELECTRONICS AMERICA,

10   INC., THE ANSWER IS YES FOR THE GALAXY TAB 10.1.

11             REGARDING SAMSUNG TELECOMMUNICATIONS

12   AMERICA, LLC, THE ANSWER IS YES FOR CAPTIVATE,

13   CONTINUUM, DROID CHARGE, EPIC 4G, EXHIBIT 4G,

14   FASCINATE, GALAXY PREVAIL, GALAXY S 4G, GALAXY S II

15   (AT&T), GALAXY S II (T-MOBILE), GALAXY TAB, GEM,

16   INDULGE, INFUSE 4G, MESMERIZE, NEXUS S 4G,

17   TRANSFORM, AND VIBRANT.

18             THE ANSWER IS NO FOR INTERCEPT AND

19   REPLENISH.

20             NUMBER 3.  FOR EACH OF THE FOLLOWING

21   PRODUCTS, HAS APPLE PROVEN BY A PREPONDERANCE OF

22   THE EVIDENCE THAT SAMSUNG ELECTRONICS COMPANY,

23   SAMSUNG ELECTRONICS AMERICA, AND/OR SAMSUNG

24   TELECOMMUNICATIONS AMERICA HAS INFRINGED CLAIM 50

25   OF THE '163 PATENT?

```
 1            THE ANSWER IS YES FOR THE DROID CHARGE,
 2    THE EPIC 4G, THE EXHIBIT 4G, THE FASCINATE, THE
 3    GALAXY ACE, THE GALAXY PREVAIL, THE GALAXY S, THE
 4    GALAXY S 4G, THE GALAXY S II (AT&T), THE
 5    GALAXY S II (I9100), THE GALAXY S II (T-MOBILE),
 6    THE GALAXY TAB, THE GALAXY TAB 10.1, THE INFUSE 4G,
 7    THE MESMERIZE, AND THE REPLENISH.
 8            THE ANSWER IS NO FOR CAPTIVATE,
 9    CONTINUUM, GEM, INDULGE, INTERCEPT, NEXUS S 4G,
10    TRANSFORM, AND VIBRANT.
11            THE COURT:  I DON'T THINK -- DID YOU SAY
12    FOR FASCINATE?
13            THE CLERK:  IT WAS YES FOR FASCINATE.
14            SAMSUNG ELECTRONICS AMERICA, INC.
15            THE COURT:  NO, THERE'S NO AMERICA, INC.
16    YOU MEAN ELECTRONICS AMERICA, INC.
17            THE CLERK:  ELECTRONICS AMERICA, INC.
18    GALAXY TAB 10.1, YES.
19            FOR SAMSUNG TELECOMMUNICATIONS AMERICA,
20    LLC, THE ANSWER IS YES FOR DROID CHARGE, EPIC 4G,
21    EXHIBIT 4G, FASCINATE, GALAXY PREVAIL, GALAXY S 4G,
22    GALAXY S II (AT&T), GALAXY S II (T-MOBILE), GALAXY
23    TAB, INFUSE 4G, MESMERIZE, AND REPLENISH.
24            THE ANSWER IS NO FOR CAPTIVATE,
25    CONTINUUM, GEM, INDULGE, INTERCEPT, NEXUS S 4G,
```

1     TRANSFORM, AND VIBRANT.

2              NUMBER 4.  FOR EACH OF THE FOLLOWING

3     PRODUCTS, HAS APPLE PROVEN BY A PREPONDERANCE OF

4     THE EVIDENCE THAT SAMSUNG ELECTRONICS COMPANY TOOK

5     ACTION THAT IT KNEW OR SHOULD HAVE KNOWN WOULD

6     INDUCE STA OR SEA TO INFRINGE THE '381, '915 OR

7     '163 PATENTS?

8              REGARDING THE '381 PATENT, CLAIM 19, THE

9     ANSWER IS YES FOR ALL DEVICES.

10             DO YOU WANT ME TO READ EACH INDIVIDUAL

11    DEVICE?

12             THE COURT:  WHY DON'T YOU GO AHEAD,

13    PLEASE?

14             THE CLERK:  OKAY.  THE CAPTIVATE, THE

15    CONTINUUM, THE DROID CHARGE, THE EPIC 4G, THE

16    EXHIBIT 4G, THE FASCINATE, THE GALAXY PREVAIL, THE

17    GALAXY S 4G, THE GALAXY S II (AT&T), THE GALAXY

18    TAB, THE GALAXY TAB 10.1, THE GEM, THE INDULGE, THE

19    INFUSE, THE MESMERIZE, THE NEXUS S 4G, THE

20    REPLENISH, AND THE VIBRANT.

21             REGARDING THE '915 PATENT, CLAIM 8, THE

22    ANSWER IS YES FOR CAPTIVATE, CONTINUUM, DROID

23    CHARGE, EPIC 4G, EXHIBIT 4G, FASCINATE, GALAXY

24    PREVAIL, GALAXY S 4G, GALAXY S II (AT&T),

25    GALAXY S II (T-MOBILE), GALAXY TAB, GALAXY TAB

1    10.1, GEM, INDULGE, INFUSE 4G, INTERCEPT,

2    MESMERIZE, NEXUS, TRANSFORM, AND VIBRANT.

3                 THE ANSWER IS NO FOR REPLENISH.

4                 THE '163 PATENT, CLAIM 50.  THE ANSWER IS

5    YES FOR DROID CHARGE, EPIC 4G, EXHIBIT 4G,

6    FASCINATE, GALAXY PREVAIL, GALAXY S 4G, GALAXY S II

7    (AT&T), GALAXY S II (T-MOBILE), GALAXY TAB, GALAXY

8    TAB 10.1, INDUCE 4G, MESMERIZE, AND REPLENISH.

9                 THE ANSWER IS NO FOR CAPTIVATE,

10   CONTINUUM, GEM, INDULGE, INTERCEPT, NEXUS S 4G,

11   TRANSFORM, AND VIBRANT.

12                NUMBER 5.  FOR EACH OF THE FOLLOWING

13   PRODUCTS, HAS APPLE PROVEN BY A PREPONDERANCE OF

14   THE EVIDENCE THAT SAMSUNG ELECTRONICS COMPANY

15   AND/OR SAMSUNG TELECOMMUNICATIONS AMERICA HAS

16   INFRINGED THE D'6777 PATENT?

17                THE ANSWER IS FOR -- REGARDING SAMSUNG

18   ELECTRONICS COMPANY, LIMITED IS YES FOR FASCINATE,

19   GALAXY S, GALAXY S 4G, GALAXY S II (AT&T),

20   GALAXY S II (I9100), GALAXY S II (T-MOBILE),

21   GALAXY S II (EPIC 4G TOUCH), GALAXY S II

22   (SKYROCKET), GALAXY S SHOWCASE (I500), INFUSE 4G,

23   MESMERIZE, AND VIBRANT.

24                THE ANSWER IS NO FOR THE GALAXY ACE.

25                REGARDING SAMSUNG TELECOMMUNICATIONS

1    AMERICA, THE ANSWER IS YES FOR FASCINATE, GALAXY S

2    4G, GALAXY S II (AT&T), GALAXY S II T-MOBILE,

3    GALAXY S II (EPIC 4G TOUCH), GALAXY S II

4    (SKYROCKET), GALAXY S SHOWCASE (I500), INFUSE 4G,

5    MESMERIZE, AND VIBRANT.

6              NUMBER 6.  FOR EACH OF THE FOLLOWING

7    PRODUCTS, HAS APPLE PROVEN BY A PREPONDERANCE OF

8    THE EVIDENCE THAT SAMSUNG ELECTRONICS COMPANY

9    AND/OR SAMSUNG TELECOMMUNICATIONS AMERICA HAS

10   INFRINGED THE D'087 PATENT?

11             THE ANSWER FOR SAMSUNG ELECTRONICS

12   COMPANY LIMITED IS YES FOR THE GALAXY S (I9000),

13   THE GALAXY S 4G, AND THE VIBRANT.

14             AND NO FOR THE GALAXY S II (AT&T), THE

15   GALAXY S II (I9100), THE GALAXY S II (EPIC 4G

16   TOUCH), THE GALAXY S II (SKYROCKET), AND THE

17   INFUSE 4G.

18             REGARDING SAMSUNG TELECOMMUNICATIONS

19   AMERICA, LLC, THE ANSWER IS YES FOR THE GALAXY S

20   4G, AND THE VIBRANT.

21             THE ANSWER IS NO FOR GALAXY S II (AT&T),

22   GALAXY S II (EPIC 4G TOUCH), GALAXY S II

23   (SKYROCKET), AND THE INFUSE 4G.

24             NUMBER 7.  FOR EACH OF THE FOLLOWING

25   PRODUCTS, HAS APPLE PROVEN BY A PREPONDERANCE OF

1    THE EVIDENCE THAT SAMSUNG ELECTRONICS COMPANY

2    AND/OR SAMSUNG TELECOMMUNICATIONS AMERICA HAS

3    INFRINGED THE D'305 PATENT?

4           THE ANSWER IS YES FOR THE CAPTIVATE --

5    FOR SAMSUNG ELECTRONICS COMPANY LIMITED, ANSWER IS

6    YES FOR THE CAPTIVATE, THE CONTINUUM, DROID CHARGE,

7    EPIC 4G, FASCINATE, GALAXY S (I9000), GALAXY S 4G,

8    GALAXY S SHOWCASE (I500), GEM, INDULGE, INFUSE 4G,

9    MESMERIZE, AND VIBRANT.

10          REGARDING SAMSUNG TELECOMMUNICATIONS

11   AMERICA, LLC, THE ANSWER IS YES FOR CAPTIVATE,

12   CONTINUUM, DROID CHARGE, EPIC 4G, FASCINATE,

13   GALAXY S 4G, GALAXY S SHOWCASE (I500), GEM,

14   INDULGE, INFUSE 4G, MESMERIZE, AND VIBRANT.

15          NUMBER 8.  FOR EACH OF THE FOLLOWING

16   PRODUCTS, HAS APPLE PROVEN BY A PREPONDERANCE OF

17   THE EVIDENCE THAT SAMSUNG ELECTRONICS COMPANY AND

18   SAMSUNG ELECTRONICS AMERICA, AND/OR SAMSUNG

19   TELECOMMUNICATIONS AMERICA HAS INFRINGED THE D'899

20   PATENT?

21          THE COURT:  '889.

22          THE CLERK:  '889, EXCUSE ME.

23          FOR SAMSUNG ELECTRONICS COMPANY LIMITED,

24   THE ANSWER IS NO FOR GALAXY TAB 10.1 (WI-FI), AND

25   ALSO NO FOR GALAXY TAB 10.1 (4G LTE).

1          FOR SAMSUNG ELECTRONICS AMERICA, THE

2    ANSWER IS NO FOR THE GALAXY 10.1 (WI-FI).

3          FOR SAMSUNG TELECOMMUNICATIONS AMERICA,

4    THE ANSWER IS NO FOR THE GALAXY TAB 10.1 (4G LTE).

5          NUMBER 9.  IF YOU FOUND THAT SAMSUNG

6    ELECTRONICS OR SAMSUNG TELECOMMUNICATIONS AMERICA

7    INFRINGED IN ANY OF QUESTIONS 1 THROUGH 8, HAS

8    APPLE PROVEN BY A PREPONDERANCE OF THE EVIDENCE

9    THAT SAMSUNG ELECTRONICS COMPANY TOOK ACTION THAT

10   IT KNEW OR SHOULD HAVE KNOWN WOULD INDUCE SEA OR

11   STA TO INFRINGE THE D'677, D'087, D'305, AND/OR

12   D'889 PATENTS?

13          REGARDING THE D'677 PATENT, THE ANSWER IS

14   YES FOR FASCINATE, GALAXY S II 4G, GALAXY S II

15   (AT&T), GALAXY S II (T-MOBILE), GALAXY S II

16   (EPIC 4G TOUCH), GALAXY S II (SKYROCKET), GALAXY S

17   SHOWCASE (I500), INFUSE 4G, MESMERIZE, AND VIBRANT.

18          FOR THE D'087 PATENT, THE ANSWER IS YES

19   FOR THE GALAXY S 4G AND THE VIBRANT.

20          AND NO FOR THE GALAXY S II (AT&T), THE

21   GALAXY S II (EPIC 4G TOUCH), THE GALAXY S II

22   (SKYROCKET), AND THE INFUSE 4G.

23          FOR THE D'305 PATENT, THE ANSWER IS YES

24   FOR CAPTIVATE, CONTINUUM, DROID CHARGE, EPIC 4G,

25   FASCINATE, GALAXY S 4G, GALAXY S SHOWCASE (I500),

1    GEM, INDULGE, INFUSE 4G, MESMERIZE, AND VIBRANT.

2              FOR THE D'889 PATENT, THE ANSWER IS NO

3    FOR THE GALAXY TAB 10.1 (WI-FI) AND THE GALAXY

4    TAB 10.1 (4G LTE).

5              NUMBER 10.  IF YOU ANSWERED YES TO ANY OF

6    QUESTIONS 1 THROUGH 9 AND THUS FOUND THAT ANY

7    SAMSUNG ENTITY HAS INFRINGED ANY APPLE PATENTS, HAS

8    APPLE PROVEN BY A CLEAR AND CONVINCING EVIDENCE

9    THAT THE SAMSUNG ENTITY'S INFRINGEMENT WAS WILLFUL?

10             REGARDING SAMSUNG ELECTRONICS COMPANY

11   LIMITED, THE '381 PATENT, CLAIM 19, YES.

12             THE '915 PATENT, CLAIM 8, YES.

13             THE '163 PATENT, CLAIM 50, YES.

14             THE D'677 PATENT, YES.

15             THE D'087 PATENT, NO.

16             THE D'305 PATENT, YES.

17             AND THE D'889 PATENT, NO.

18             SAMSUNG ELECTRONICS AMERICA,

19   INCORPORATED.

20             FOR THE '381 PATENT, CLAIM 19, YES.

21             THE '915 PATENT, CLAIM 8, YES.

22             THE '163 PATENT, CLAIM 50, YES.

23             THE D'889 PATENT, NO.

24             FOR SAMSUNG TELECOMMUNICATIONS AMERICA,

25   LLC.

1              THE '381 PATENT, CLAIM 19, YES.

2              THE '915 PATENT, CLAIM 8, YES.

3              THE '163 PATENT, CLAIM 50, YES.

4              THE D'677 PATENT, YES.

5              THE D'087 PATENT, NO.

6              THE D'305 PATENT, YES.

7              AND THE D'889 PATENT, NO.

8              NUMBER 11.  HAS SAMSUNG PROVEN BY CLEAR

9     AND CONVINCING EVIDENCE THAT APPLE'S ASSERTED

10    UTILITY AND/OR DESIGN PATENT CLAIMS ARE INVALID?

11             THE '381 PATENT, CLAIM 19, NO.

12             THE '915 PATENT, CLAIM 8, NO.

13             THE '163 PATENT, CLAIM 50, NO.

14             THE D'677 PATENT, NO.

15             THE D'087 PATENT, NO.

16             THE D'305 PATENT, NO.

17             THE D'889 PATENT, NO.

18             APPLE'S TRADE DRESS CLAIMS AGAINST

19    SAMSUNG.

20             PROTECTABILITY.  NUMBER 12.  HAS SAMSUNG

21    PROVEN BY A PREPONDERANCE OF THE EVIDENCE THAT

22    APPLE'S REGISTERED IPHONE TRADE DRESS 983 IS NOT

23    PROTECTABLE?  NO.

24             13.  HAS APPLE PROVEN BY A PREPONDERANCE

25    OF THE EVIDENCE THAT APPLE'S UNREGISTERED TRADE

```
 1    DRESSES ARE PROTECTABLE?

 2              FOR THE UNREGISTERED IPHONE 3G TRADE

 3    DRESS, YES.

 4              FOR THE UNREGISTERED COMBINATION IPHONE

 5    TRADE DRESS, NO.

 6              FOR THE UNREGISTERED IPAD/IPAD 2 TRADE

 7    DRESS, NO.

 8              TRADE DRESS DILUTION.  NUMBER 14.  HAS

 9    APPLE PROVEN BY A PREPONDERANCE OF THE EVIDENCE

10    THAT APPLE'S TRADE DRESSES ARE FAMOUS?

11              FOR THE REGISTERED IPHONE TRADE DRESS,

12    YES.

13              FOR THE UNREGISTERED IPHONE 3G TRADE

14    DRESS, YES.

15              FOR THE UNREGISTERED COMBINATION IPHONE

16    TRADE DRESS, NO.

17              FOR THE UNREGISTERED IPAD/IPAD 2 TRADE

18    DRESS, NO.

19              NUMBER 15.  IF YOU FOUND THE REGISTERED

20    IPHONE TRADE DRESS PROTECTABLE AND FAMOUS, FOR EACH

21    OF THE FOLLOWING PRODUCTS, HAS APPLE PROVEN BY A

22    PREPONDERANCE OF THE EVIDENCE THAT SAMSUNG

23    ELECTRONICS COMPANY AND/OR SAMSUNG

24    TELECOMMUNICATIONS AMERICA HAS DILUTED THE

25    REGISTERED IPHONE TRADE DRESS?
```

1               FOR SAMSUNG ELECTRONICS COMPANY LIMITED,

2      THE ANSWER IS YES FOR THE FASCINATE, THE

3      GALAXY S (I9000), THE GALAXY S 4G, THE GALAXY S II

4      SHOWCASE (I500), THE MESMERIZE, AND THE VIBRANT.

5               THE ANSWER IS NO FOR CAPTIVATE,

6      CONTINUUM, DROID CHARGE, EPIC 4G, GALAXY PREVAIL,

7      GALAXY S II (AT&T), GALAXY S II (I9100),

8      GALAXY S II (T-MOBILE), GALAXY S II (EPIC 4G

9      TOUCH), GALAXY S II (SKYROCKET), AND INFUSE 4G.

10               FOR SAMSUNG TELECOMMUNICATIONS AMERICA

11      LLC, THE ANSWER IS YES FOR THE FASCINATE, THE

12      GALAXY S 4G, THE GALAXY S II SHOWCASE (I500), THE

13      MESMERIZE, AND THE VIBRANT.

14               THE ANSWER IS NO FOR CAPTIVATE,

15      CONTINUUM, DROID CHARGE, EPIC 4G, GALAXY PREVAIL,

16      GALAXY S II (AT&T), GALAXY S II (T-MOBILE),

17      GALAXY S II (EPIC 4G TOUCH), GALAXY S II

18      (SKYROCKET) AND INFUSE 4G.

19               NUMBER 16.  IF YOU FOUND THE UNREGISTERED

20      IPHONE 3G TRADE DRESS PROTECTABLE AND FAMOUS, FOR

21      EACH OF THE FOLLOWING PRODUCTS, HAS APPLE PROVEN BY

22      A PREPONDERANCE OF THE EVIDENCE THAT SAMSUNG

23      ELECTRONICS COMPANY AND/OR SAMSUNG

24      TELECOMMUNICATIONS AMERICA HAS DILUTED THE

25      UNREGISTERED IPHONE 3G TRADE DRESS?

```
 1                    FOR SAMSUNG ELECTRONICS COMPANY LIMITED,
 2        THE ANSWER IS YES TO THE FASCINATE, THE
 3        GALAXY S (I9000), THE GALAXY S 4G, THE GALAXY S II
 4        SHOWCASE (I500), THE MESMERIZE, AND THE VIBRANT.
 5                    THE ANSWER IS NO FOR THE CAPTIVATE,
 6        CONTINUUM, DROID CHARGE, EPIC 4G, GALAXY PREVAIL,
 7        GALAXY S II (AT&T), GALAXY S II (I9100),
 8        GALAXY S II (T-MOBILE), GALAXY S II (EPIC 4G
 9        TOUCH), GALAXY S II (SKYROCKET), AND THE INFUSE 4G.
10                    FOR SAMSUNG TELECOMMUNICATIONS AMERICA,
11        LLC, THE ANSWER IS YES FOR THE FASCINATE, THE
12        GALAXY S 4G, THE GALAXY S II SHOWCASE (I500), THE
13        MESMERIZE, AND THE VIBRANT.
14                    THE ANSWER IS NO FOR THE CAPTIVATE,
15        CONTINUUM, DROID CHARGE, EPIC 4G, GALAXY PREVAIL,
16        GALAXY S II (AT&T), GALAXY S II (T-MOBILE),
17        GALAXY S II (EPIC 4G TOUCH), GALAXY S II
18        (SKYROCKET), AND THE INFUSE 4G.
19                    NUMBER 17.  IF YOU FOUND THE UNREGISTERED
20        COMBINATION IPHONE TRADE DRESS PROTECTABLE AND --
21        OH, WAIT.  I GUESS THEY DID NOT BECAUSE THERE'S
22        NO --
23                    THE COURT:  THEY DIDN'T FIND IT.  SO THAT
24        WOULD BE BLANK.
25                    THE CLERK:  AND THE SAME GOES FOR NUMBER
```

1    18, SO I GO TO NUMBER 19.

2              IF YOU ANSWERED YES TO ANY OF QUESTIONS

3    15 THROUGH 18 AND THUS FOUND THAT ANY SAMSUNG

4    ENTITY HAS DILUTED ANY APPLE TRADE DRESSES, HAS

5    APPLE PROVEN BY A PREPONDERANCE OF THE EVIDENCE

6    THAT THE SAMSUNG ENTITY'S DILUTION WAS WILLFUL?

7              FOR SAMSUNG ELECTRONICS COMPANY LIMITED,

8    THE ANSWER IS YES FOR REGISTERED IPHONE TRADE DRESS

9    AND UNREGISTERED IPHONE 3 TRADE DRESS.

10             THE ANSWER IS NO FOR UNREGISTERED

11   COMBINATION IPHONE TRADE DRESS AND UNREGISTERED

12   IPAD/IPAD 2 TRADE DRESS.

13             FOR SAMSUNG ELECTRONICS AMERICA

14   INCORPORATED, THE ANSWER IS NO FOR THE UNREGISTERED

15   IPAD/IPAD 2 TRADE DRESS.

16             SAMSUNG TELECOMMUNICATIONS AMERICA LLC,

17   THE ANSWER IS YES FOR THE REGISTERED IPHONE TRADE

18   DRESS AND THE UNREGISTERED IPHONE 3 TRADE DRESS.

19             THE ANSWER IS NO FOR THE UNREGISTERED

20   COMBINATION IPHONE TRADE DRESS AND THE UNREGISTERED

21   IPAD/IPAD 2 TRADE DRESS.

22             THAT SKIPS US TO DAMAGES TO APPLE FROM

23   SAMSUNG, NUMBER 22.  WHAT IS THE TOTAL DOLLAR

24   AMOUNT THAT APPLE IS ENTITLED TO RECEIVE FROM

25   SAMSUNG ON THE CLAIMS ON WHICH YOU HAVE RULED IN

1    FAVOR OF APPLE?

2           AND IF I'M READING THIS RIGHT, IT'S

3    $1,051,855,000.  AND I CAN READ THE INDIVIDUAL

4    NUMBERS.

5           NUMBER 23.  FOR THE TOTAL DOLLAR AMOUNT

6    IN YOUR ANSWER TO QUESTION 22, PLEASE PROVIDE THE

7    DOLLAR BREAKDOWN BY PRODUCT.

8           FOR THE CAPTIVATE, 80,840,162.

9           FOR THE CONTINUUM, 16,399,117.

10          FOR THE DROID CHARGE, 50,672,869.

11          FOR THE EPIC 4G, 130,180,896.

12          FOR THE EXHIBIT 4G, 1,081,820.

13          FOR THE FASCINATE, 143,539,179.

14          FOR THE GALAXY ACE, 0.

15          FOR THE GALAXY PREVAIL, 57,867,383.

16          FOR THE GALAXY S (I9000), 0.

17          FOR THE GALAXY S 4G, 73,344,668.

18          FOR THE GALAXY S II (AT&T), 40,494,356.

19          FOR THE GALAXY S II (I9100), 0.

20          FOR THE GALAXY S II (T-MOBILE),

21    83,791,708.

22          FOR THE GALAXY S II (EPIC 4G TOUCH),

23    100,326,988.

24          FOR THE GALAXY S II (SKYROCKET),

25    32,273,558.

1          FOR THE GALAXY S SHOWCASE (I500),

2     22,002,146.

3          FOR THE GALAXY TAB, 1,966,691.

4          FOR THE GALAXY TAB 10.1 (WI-FI), 833,076.

5          FOR THE GALAXY TAB 10.1 (4G LTE),

6     219,694.

7          FOR THE GEM, 4,075,585.

8          FOR THE INDULGE, 16,011,184.

9          FOR THE INFUSE 4G, 44,792,974.

10         FOR THE INTERCEPT, 2,242,013.

11         FOR THE MESMERIZE, 53,123,612.

12         FOR THE NEXUS S 4G, 1,828,297.

13         FOR THE REPLENISH, 3,350,256.

14         FOR THE TRANSFORM, 953,060.

15         FOR THE VIBRANT, 89,673,957.

16         SAMSUNG'S UTILITY PATENT CLAIMS AGAINST

17     APPLE.

18         FOR EACH OF THE FOLLOWING PRODUCTS, HAS

19     SAMSUNG PROVEN BY A PREPONDERANCE OF THE EVIDENCE

20     THAT APPLE HAS INFRINGED THE INDICATED SAMSUNG

21     UTILITY PATENT CLAIMS?

22         FOR THE '711 PATENT ON THE IPHONE 3G, NO.

23         FOR THE '460 PATENT ON THE IPHONE 3G,

24     CLAIM 1, LITERAL INFRINGEMENT, NO.

25         FOR THE '711 PATENT, CLAIM 9 FOR THE

1    IPHONE 3GS, NO.

2              FOR THE '893 PATENT, CLAIM 10 FOR THE

3    IPHONE 3GS, NO.

4              '460 PATENT, CLAIM 1, LITERAL

5    INFRINGEMENT FOR THE IPHONE 3GS, NO.

6              '460 PATENT, CLAIM 1, DOCTRINE OF

7    EQUIVALENTS FOR THE IPHONE 3GS, NO.

8              THE NEXT CLAIMS ARE ALL FOR THE IPHONE 4

9    REGARDING THE '516 PATENT.

10             CLAIM 15, NO.

11             CLAIM 16, NO.

12             ON THE '941 PATENT, CLAIM 10, NO.

13             CLAIM 15, NO.

14             FOR THE '711 PATENT, CLAIM 9, NO.

15             FOR THE '893 PATENT, CLAIM 10, NO.

16             FOR THE '460 PATENT, CLAIM 1, LITERAL

17   INFRINGEMENT, NO.

18             FOR THE '460 PATENT, CLAIM 1, DOCTRINE OF

19   EQUIVALENTS, NO.

20             THE NEXT GROUP IS FOR THE IPAD 2 3G.

21             FOR THE '516 PATENT, CLAIM 15.  NO.

22             CLAIM 16, NO.

23             FOR THE '941 PATENT, CLAIM 10, NO.

24             CLAIM 15, NO.

25             FOR THE '893 PATENT, CLAIM 10, NO.

1           FOR THE '460 PATENT, CLAIM 1, DOCTRINE OF

2    EQUIVALENTS, NO.

3           NOW FOR THE IPOD TOUCH, 4TH GENERATION.

4           THE '711 PATENT, CLAIM 9, NO.

5           THE '893 PATENT, CLAIM 10, NO.

6           THE '460 PATENT, CLAIM 1, LITERAL

7    INFRINGEMENT, NO.

8           THE '460 PATENT, CLAIM 1, DOCTRINE OF

9    EQUIVALENTS, NO.

10          NUMBER 26.  HAS APPLE PROVEN BY CLEAR AND

11   CONVINCING EVIDENCE THAT SAMSUNG'S ASSERTED UTILITY

12   PATENT CLAIMS ARE INVALID?

13          '516 PATENT, CLAIM 15, NO.

14          '516 PATENT, CLAIM 16, NO.

15          '941 PATENT, CLAIM 10, NO.

16          '941 PATENT, CLAIM 15, NO.

17          '711 PATENT, CLAIM 9, NO.

18          '893 PATENT, CLAIM 10, NO.

19          '460 PATENT, CLAIM 1, NO.

20          DAMAGES TO SAMSUNG FROM APPLE, NUMBER 27.

21          WHAT IS THE TOTAL DOLLAR AMOUNT THAT

22   SAMSUNG IS ENTITLED TO RECEIVE FROM APPLE FOR

23   SAMSUNG'S UTILITY PATENT INFRINGEMENT CLAIMS ON THE

24   '516 AND '941 PATENTS?  ZERO.

25          WHAT IS THE TOTAL DOLLAR AMOUNT THAT

```
 1    SAMSUNG IS ENTITLED TO RECEIVE FROM APPLE FOR

 2    SAMSUNG'S UTILITY PATENT INFRINGEMENT CLAIMS ON THE

 3    '711, '893, AND '460 PATENTS?  ZERO.

 4              BREACH OF CONTRACT CLAIMS AND ANTITRUST.

 5              NUMBER 30.  HAS APPLE PROVEN BY A

 6    PREPONDERANCE OF THE EVIDENCE THAT SAMSUNG BREACHED

 7    ITS CONTRACTUAL OBLIGATIONS BY FAILING TO TIMELY

 8    DISCLOSE ITS INTELLECTUAL PROPERTY RIGHTS (IPR)

 9    DURING THE CREATION OF THE UMTS STANDARD OR BY

10    FAILING TO LICENSE ITS "DECLARED ESSENTIAL" PATENTS

11    ON FAIR, REASONABLE, AND NON-DISCRIMINATORY (FRAND)

12    TERMS?  NO.

13              NUMBER 31.  HAS APPLE PROVEN BY A

14    PREPONDERANCE OF THE EVIDENCE THAT SAMSUNG HAS

15    VIOLATED SECTION 2 OF THE SHERMAN ANTITRUST ACT BY

16    MONOPOLIZING ONE OR MORE TECHNOLOGY MARKETS RELATED

17    TO THE UMTS STANDARD?  NO.

18              PATENT EXHAUSTION.

19              NUMBER 33.  HAS APPLE PROVEN BY A

20    PREPONDERANCE OF THE EVIDENCE THAT SAMSUNG IS

21    BARRED BY PATENT EXHAUSTION FROM ENFORCING THE

22    FOLLOWING SAMSUNG PATENTS AGAINST APPLE?

23              THE '516 PATENT, YES.

24              THE '941 PATENT, YES.

25              SIGNED BY THE PRESIDING JUROR, JUROR
```

1    NUMBER 1, DATED AUGUST 24, 2012.

2              THE COURT:  ALL RIGHT.  LET ME ASK THE

3    FOREPERSON, JUROR NUMBER 1, DID MS. PARKER BROWN

4    CORRECTLY READ THE VERDICT FORM?

5              JUROR 1:  YES, YOUR HONOR.

6              THE COURT:  ALL RIGHT.  WHAT I'D LIKE TO

7    DO NOW IS ASK MS. PARKER BROWN TO MAKE COPIES OF

8    THE VERDICT FORM FOR THE PARTIES.

9              WE ARE GOING TO TAKE A RECESS UNTIL 4:30

10   TO GIVE THE PARTIES AN OPPORTUNITY TO REVIEW IT AND

11   THEN TO GIVE ME AN OPPORTUNITY TO DISCUSS ANY OF

12   THEIR ISSUES OUTSIDE YOUR PRESENCE.

13             SO IF YOU WOULDN'T MIND, I'M GOING TO

14   EXCUSE YOU TO PLEASE GO BACK INTO THE JURY ROOM.

15             WHY DON'T YOU GO AHEAD -- WOULD YOU

16   PREFER TO GO BACK DOWN, OR STAY UP HERE ON THE

17   FIFTH FLOOR?

18             JUROR 1:  IT DOESN'T MATTER.

19             THE COURT:  ALL RIGHT.  IF YOU WOULDN'T

20   MIND, PLEASE STAY UP HERE ON THE FIFTH FLOOR AND

21   WE'LL SEE YOU BACK HERE AT 4:30.

22             OKAY.  THANK YOU.

23             (WHEREUPON, A RECESS WAS TAKEN.)

24             (WHEREUPON, THE FOLLOWING PROCEEDINGS

25   WERE HELD OUT OF THE PRESENCE OF THE JURY:)

```
 1              THE COURT:  OKAY.  WELCOME BACK.  PLEASE
 2    TAKE A SEAT.
 3              OKAY.  SO THERE ARE AT LEAST TWO
 4    PROBLEMS, BUT LET ME HEAR FROM THE PARTIES WHAT YOU
 5    ALL HAVE IDENTIFIED.  GO AHEAD.
 6              MS. MAROULIS:  YOUR HONOR, WE HAVE ONE
 7    ISSUE, WHICH IS UNDER '915 PATENT, THE INTERCEPT
 8    WAS NOT FOUND TO HAVE INFRINGED DIRECTLY, BUT
 9    THERE'S A STATEMENT YES FOR INDUCEMENT, SO IT
10    SHOULD BE NO TO INDUCEMENT AS WELL.
11              THE COURT:  I SEE THAT, AND SINCE THERE
12    WAS NO INFRINGEMENT ON THE '163, THERE SHOULD ALSO
13    BE NO DAMAGES FOR THAT PRODUCT, BECAUSE THAT ONE
14    WAS JUST ACCUSED OF THE '915 AND '163; CORRECT?
15              MS. MAROULIS:  I BELIEVE SO, BUT LET ME
16    DOUBLE-CHECK.
17              THE COURT:  IT WAS NOT ACCUSED OF THE
18    '381.
19              MS. MAROULIS:  THAT'S CORRECT, YOUR
20    HONOR, IT'S NOT ACCUSED OF '381 OR --
21              THE COURT:  OR THE DESIGN PATENTS.  AND
22    IT WAS ALSO NOT ACCUSED OF ANY OF THE TRADE
23    DRESSES, SO THERE SHOULD BE NO DAMAGES FOR THAT
24    ONE.
25              THE OTHER ISSUE THAT I SAW IS ON THE
```

1   TAB 10.1 (4G LTE), IT IS ACCUSED OF THE D'889, BOTH

2   DIRECT AND INDUCEMENT, AND THEN DILUTION

3   INFRINGEMENT OF THE TRADE DRESS, BUT THEY FOUND NO

4   LIABILITY ON ANY OF THAT, SO THERE SHOULD BE NO

5   DAMAGES FOR THAT PRODUCT, EITHER.

6           SO THOSE ARE THE TWO PROBLEMS THAT I SAW.

7           DID YOU HAVE ANYTHING, MR. JACOBS?

8           MR. JACOBS:  NO, YOUR HONOR.

9           THE COURT:  SO THIS IS WHAT I'M GOING TO

10  DO.  I AM GOING TO -- AND I WILL PUT IT IN AS

11  NEUTRAL A FORM AS I CAN, THAT THERE SEEMS TO BE AN

12  INCONSISTENCY IN THAT THERE WAS NO FINDING OF

13  DIRECT INDUCEMENT OR INDUCEMENT OF DIRECT

14  INFRINGEMENT OF THE D'889, AND THERE WAS NO FINDING

15  OF DILUTION OR INFRINGEMENT AS TO THE TAB 10.1 (4G

16  LTE), AND YET, 219,694 IN DAMAGES HAS BEEN AWARDED,

17  SO THAT'S AN INCONSISTENCY THAT I WOULD LIKE THEM

18  TO ADDRESS.

19          WITH REGARD TO THE INTERCEPT, NO

20  INFRINGEMENT WAS FOUND AS TO THE '915 AND '163

21  PATENTS, BUT INDUCEMENT WAS FOUND ON THE '915,

22  WHICH RESULTED IN AN AWARD OF DAMAGES IN THE AMOUNT

23  OF $2,242,013, AND I AM JUST GOING TO REMIND THEM

24  OF THE -- I'LL JUST POINT THEM TO THE INDUCEMENT

25  INSTRUCTION, THAT THERE CAN BE NO INDUCEMENT

```
 1    WITHOUT DIRECT INFRINGEMENT, AND JUST SAY THAT
 2    DEPENDING ON WHAT THEY DECIDE, THEY MAY NEED TO
 3    ALTER THE NUMBERS IN RESPONSE TO QUESTIONS 22 AND
 4    23 AND JUST LEAVE IT AT THAT.
 5              I'LL TRY TO BE AS NEUTRAL AS POSSIBLE AND
 6    THEY GO WHICHEVER WAY THEY WANT TO GO.  OKAY?  IS
 7    THAT ACCEPTABLE?
 8              MR. JACOBS:  I WOULD ASK TWO THINGS.
 9    ONE, IF POSSIBLE, THAT THEY'LL GO BACK AND LOOK AT
10    DIRECT INFRINGEMENT AGAIN AND CHANGE THEIR MIND ON
11    THAT, SO THAT'S THE NEUTRALITY THAT WE WOULD SEEK
12    ON THAT QUESTION.
13              AND THEN ALSO, I THINK TELLING THEM THAT
14    THESE ARE THE ONLY ISSUES THAT WERE SPOTTED WOULD
15    BE QUITE HELPFUL.
16              THE COURT:  THAT'S FINE.  NOW, YOU'RE
17    SAYING YOU WANT ME TO SAY THAT THEY CAN DO IT
18    EITHER WAY?
19              MR. JACOBS:  AS YOU FRAME IT, YOUR HONOR,
20    IT SHOULD BE FRAMED SUCH THAT THE INCONSISTENCY
21    COULD BE RESOLVED IN EITHER DIRECTION.
22              MR. VERHOEVEN:  I THINK THE WAY YOUR
23    HONOR FRAMED IT WHEN YOU READ IT TO US IS FINE.
24    THAT SEEMS NEUTRAL WHEN YOU READ IT TO US, YOUR
25    HONOR.
```

```
 1          MR. JACOBS:  WOULD YOU MIND RESTATING IT,

 2     YOUR HONOR?

 3          THE COURT:  OKAY.  I WILL SAY THAT WE

 4     HAVE IDENTIFIED TWO INCONSISTENCIES.  NUMBER ONE IS

 5     THAT THE GALAXY TAB 10.1 (4G LTE) WAS ACCUSED OF

 6     DIRECT INFRINGEMENT AND INDUCEMENT OF DIRECT

 7     INFRINGEMENT OF THE D'889 PATENT AND DILUTION AND

 8     INFRINGEMENT OF THE IPAD/IPAD 2 TRADE DRESS, THAT

 9     THE JURY'S RESPONSE WAS NO AS TO ALL OF THOSE

10     ALLEGATIONS, BUT $219,694 IN DAMAGES WAS AWARDED.

11          AND THAT AS FAR AS THE INTERCEPT, THE

12     JURY FOUND NO INFRINGEMENT OF THE '915 PATENT AND

13     THE '163 PATENT, BUT DID FIND INDUCEMENT ON THE

14     '915 PATENT AND HAD AWARDED $2,242,013 IN DAMAGES,

15     AND I WOULD JUST REMIND THEM TO LOOK AT JURY

16     INSTRUCTION NUMBER 58, WHICH DISCUSSES INDUCEMENT

17     AND THE REQUIREMENTS FOR INDUCEMENT, AND THAT THEY

18     SHOULD, DEPENDING ON THEIR DECISIONS, LOOK AT THOSE

19     QUESTIONS, AS WELL AS NUMBERS 22 AND 23.  THOSE ARE

20     THE DAMAGES ONES.

21          IS THAT SATISFACTORY?

22          MR. JACOBS:  YES, YOUR HONOR.

23          THE COURT:  IS THAT SATISFACTORY?

24          MR. VERHOEVEN:  YES, YOUR HONOR.

25          THE COURT:  OKAY.  CAN YOU PLEASE BRING
```

```
1      IN OUR JURY?  THANK YOU.

2                (WHEREUPON, THE FOLLOWING PROCEEDINGS

3      WERE HELD IN THE PRESENCE OF THE JURY:)

4                THE COURT:  OKAY.  WELCOME BACK.

5                PLEASE TAKE A SEAT.  THANK YOU FOR YOUR

6      PATIENCE.

7                BEFORE I DISCUSS THE SUBSTANCE, I JUST

8      WANT TO CLARIFY ONE THING FOR THE RECORD.

9                MS. PARKER BROWN READ THE LAST DIGIT OF

10     DAMAGES FOR THE EPIC 4G IN QUESTION 23 AS A 6.  THE

11     TRANSCRIPT HAS BEEN CHECKED.  BUT THAT NUMBER WAS

12     ACTUALLY A 4.

13               IT'S JUST THAT THE -- THE 4'S AND THE

14     6'S, YOU KNOW, WHEN WE SAW LATER WHAT THE

15     CONVENTION WAS, IT BECAME A LITTLE MORE CLEAR, THE

16     DISTINCTION, BUT I WANTED TO CLEAR THAT UP FOR THE

17     RECORD.

18               NOW, THE PARTIES AND THE COURT HAVE

19     REVIEWED THE VERDICT FORM AND THERE ARE TWO

20     INCONSISTENCIES THAT WE'D LIKE TO BRING TO YOUR

21     ATTENTION.  OKAY?

22               THE FIRST ONE IS FOR THE GALAXY TAB 10.1

23     (4G LTE), THAT IS JX 1038, IT WAS ACCUSED OF

24     INFRINGING THE DESIGN PATENT '889, AND THERE WAS AN

25     ALLEGATION OF INDUCEMENT OF INFRINGEMENT OF THE
```

1    DESIGN PATENT '889, AND THERE ALSO WAS A CLAIM OF

2    IPAD AND IPAD 2 TRADE DRESS DILUTION AND

3    INFRINGEMENT.

4              THE JURY ANSWERED NO ON THOSE CLAIMS, BUT

5    DID AWARD $219,694 IN DAMAGES, SO WE'D LIKE YOU TO

6    GO BACK AND LOOK AT THAT QUESTION, THOSE QUESTIONS.

7              JUROR 1:  OKAY.

8              THE COURT:  THE SECOND ISSUE IS THAT THE

9    INTERCEPT WAS ACCUSED OF INFRINGING THE '915 AND

10   '163 UTILITY PATENTS AND THERE WAS -- THE JURY

11   FOUND NO DIRECT INFRINGEMENT, BUT DID FIND

12   INDUCEMENT OF DIRECT INFRINGEMENT ON THE '915

13   PATENT.

14             I'M GOING TO ASK THAT YOU GO BACK AND

15   LOOK AT JURY INSTRUCTION NUMBER 58, WHICH IS

16   ENTITLED UTILITY AND DESIGN PATENTS, INDUCING

17   PATENT INFRINGEMENT, AND THERE WAS AN AWARD OF

18   $2,242,013 IN DAMAGES.

19             SO WE'D LIKE YOU TO LOOK AT THE QUESTIONS

20   AS TO THOSE.

21             NOW, DEPENDING ON YOUR ANSWER, YOU MAY

22   NEED TO GO BACK AND LOOK AT QUESTIONS 22 AND 23

23   WHICH CONCERN THE DAMAGES.

24             I'M GOING TO HAVE THE ORIGINAL VERDICT

25   FORM GIVEN BACK, AND I'M GOING TO ASK THAT WHATEVER

4303

```
1    CHANGES YOU MAKE -- AND WITH THE ORIGINAL VERDICT
2    FORM, ALL OF YOUR ANSWERS WERE IN PENCIL; CORRECT?
3              JUROR 1:  NO.  THEY'RE IN INK.
4              THE COURT:  OKAY.  BUT THEY'RE IN BLACK
5    INK?
6              THE CLERK:  BLUE.
7              THE COURT:  OKAY.  I MUST BE COLOR BLIND
8    TODAY.
9              ANYWAY, I'M GOING TO ASK, IF YOU WOULD,
10   PLEASE, ANY CHANGES YOU MAKE IN RESPONSE TO THESE
11   TWO ISSUES, WOULD YOU PUT IT IN RED INK, PLEASE?
12             JUROR 1:  SURE.
13             THE COURT:  AND IF THE FOREPERSON WOULD
14   PLEASE INITIAL AND DATE ANY OF THOSE CHANGES, OKAY,
15   SO WE CAN KEEP THOSE VISUALLY SEPARATE?
16             JUROR 1:  OKAY.
17             THE COURT:  ALL RIGHT.  SO WITH THAT, I'M
18   GOING TO -- I GUESS ALL OF YOUR THINGS ARE DOWN ON
19   THE FOURTH FLOOR; CORRECT?
20             JUROR 1:  YES.
21             THE COURT:  ALL RIGHT.  THEN I'M SORRY,
22   I'M GOING TO ASK THAT YOU BE ESCORTED DOWN TO THE
23   FOURTH FLOOR TO CONTINUE YOUR DELIBERATIONS.
24             ALL RIGHT.  NOW, DOES ANYONE HAVE TIME
25   LIMITATIONS?  WE COULD COME BACK MONDAY MORNING AT
```

```
1    9:00 O'CLOCK, BECAUSE IT IS A FEW MINUTES TO 5:00.

2              OKAY.  THEN IF YOU WOULD, PLEASE -- I

3    SHOULD HAVE ASKED THE PARTIES IN ADVANCE.  WOULD

4    YOU PREFER THAT THEY COME BACK ON MONDAY?

5              MR. JACOBS:  NO, YOUR HONOR.

6              MR. VERHOEVEN:  THIS IS FINE.

7              MR. JACOBS:  THIS IS FINE.

8              THE COURT:  THEN IF YOU WOULD, PLEASE,

9    TAKE THEM BACK DOWN TO THE FOURTH FLOOR.

10             ALL RIGHT.  WE'LL BE IN RECESS WHILE THE

11   JURY IS DELIBERATING.  THANK YOU VERY MUCH.

12             (WHEREUPON, THE FOLLOWING PROCEEDINGS

13   WERE HELD OUT OF THE PRESENCE OF THE JURY:)

14             THE COURT:  OKAY.  THE RECORD SHOULD

15   REFLECT THE JURORS HAVE LEFT THE COURTROOM.  THANK

16   YOU.

17             PLEASE TAKE A SEAT.

18             ANYTHING ELSE WE NEED TO COVER?  NO?

19             OKAY.  THEN WE WILL BE IN RECESS AND

20   MS. PARKER BROWN WILL RECONTACT YOU WHEN WE HEAR

21   BACK FROM THE JURY.

22             MR. JACOBS:  WE'LL STAND BY THE

23   COURTROOM.  I'M HOPEFUL THEY'RE GOING TO BE PRETTY

24   QUICK.

25             THE COURT:  YEAH, I WOULDN'T GO FAR.  ALL
```

```
 1      RIGHT.  THANK YOU.
 2                 (WHEREUPON, A RECESS WAS TAKEN.)
 3                 (WHEREUPON, THE FOLLOWING PROCEEDINGS
 4      WERE HELD OUT OF THE PRESENCE OF THE JURY:)
 5                 THE COURT:  PLEASE TAKE A SEAT.
 6                 IS EVERYONE ASSEMBLED OR DO YOU STILL
 7      NEED YOUR TEAM?  OKAY.  NO PROBLEM.
 8                 (PAUSE IN PROCEEDINGS.)
 9                 MS. MAROULIS:  YOUR HONOR, MAY WE RAISE
10      ONE MORE ISSUE THAT WE IDENTIFIED WHILE WE WERE
11      LOOKING AT THE JURY INSTRUCTIONS DURING THE RECESS?
12                 THE COURT:  OKAY, WHAT'S THAT?
13                 MS. MAROULIS:  THE JURY FOUND NO
14      INFRINGEMENT ON THE '915 AND '163, BUT WE HAVE ONE
15      ELEMENT -- IF YOUR HONOR LOOKS AT THE JURY
16      INSTRUCTIONS, THERE ARE SEVERAL ELEMENTS THAT APPLE
17      NEEDS TO PROVE TO SHOW EXHAUSTION, AND ONE OF THEM
18      IS THAT THE ACCUSED PRODUCTS EMBODY THE BASEBAND --
19      SUBSTANTIALLY EMBODIES THE '516 AND '941 PATENTS.
20                 SO TO THE EXTENT THEY FOUND THE CHIP DID
21      NOT INFRINGE, DID NOT EMBODY THE PATENTS-IN-SUIT,
22      THEY SHOULDN'T HAVE FOUND EXHAUSTION.
23                 AND THIS IS JURY INSTRUCTION NUMBER 21,
24      YOUR HONOR.
25                 THE COURT:  YOU SAID 21?
```

4306

```
 1              MS. MAROULIS:  YES.

 2              THE COURT:  THAT'S RETURN OF VERDICT.  I

 3    THINK THEY WERE ALL SEQUENTIALLY NUMBERED.

 4              MS. MAROULIS:  I'M SORRY, YOUR HONOR.

 5    ARE YOU ASKING ABOUT THE INTERROGATORY ON THE

 6    VERDICT FORM?  THAT'S INTERROGATORY NUMBER 33.

 7              THE COURT:  NO.  I'M LOOKING AT THE

 8    ACTUAL JURY INSTRUCTIONS.

 9              MR. SELWYN:  I THINK IT'S 34, YOUR HONOR.

10              MS. MAROULIS:  YES, YOUR HONOR, IT'S 34.

11    THEY WERE RENUMBERED AFTER WE ARGUED THEM.

12              THE COURT:  THAT MAKES SENSE TO ME.

13              DO YOU WANT TO BE HEARD?

14              MR. SELWYN:  I DO, YOUR HONOR.  THERE'S

15    ABSOLUTELY NO INCONSISTENCY BETWEEN THE TWO.

16    PATENT EXHAUSTION IS SIMPLY AN ALTERNATIVE FINDING.

17    IT WAS ALWAYS INTENDED TO BE A FREE STANDING

18    QUESTION NOT DEPENDENT ON ANY PRIOR QUESTIONS THAT

19    THE JURY HAD TO ANSWER.

20              THE THIRD ELEMENT OF THE JURY CHARGE, OR

21    JURY INSTRUCTION NUMBER 34 IS, IN FACT, PHRASED IN

22    THE ALTERNATIVE AND DID NOT REQUIRE A FINDING OF

23    INFRINGEMENT.

24              IT SPECIFICALLY SAYS IF THE ACCUSED

25    PRODUCTS INFRINGE, IT IS BECAUSE THE BASEBAND CHIPS
```

1    SUBSTANTIALLY EMBODY THE '516 AND '941 PATENTS.

2              SO THE JURY MAY NOT HAVE FOUND

3    INFRINGEMENT ON EITHER OF THOSE PATENTS FOR THEM TO

4    FIND IN THE AFFIRMATIVE ON THE QUESTION OF PATENT

5    EXHAUSTION.

6              SAMSUNG DID NOT OBJECT TO THIS PART OF

7    THE CHARGE AT ALL, SO THERE'S NO INCONSISTENCY

8    BETWEEN --

9              THE COURT:  BUT READ THE NEXT SENTENCE,

10   PLEASE.

11             MS. MAROULIS:  YES, YOUR HONOR.  IT SAYS

12   "APPLE MUST PROVE ALL THREE OF THESE ELEMENTS TO

13   PREVAIL ON THIS DEFENSE OF PATENT EXHAUSTION."

14             THE COURT:  SO HOW DO YOU EXPLAIN THAT?

15             MR. SELWYN:  BECAUSE THE THIRD ELEMENT

16   REQUIRES IF THE ACCUSED PRODUCTS INFRINGE, IT IS

17   BECAUSE.

18             IT DOES NOT REQUIRE THAT THE JURY HAVE

19   FOUND INFRINGEMENT OF THE '516 AND '941 WHATSOEVER.

20             IT'S PHRASED IN THE ALTERNATIVE SUCH THAT

21   THERE CAN BE A JURY RESULT, JUST AS WE HAVE, AND

22   THERE WOULD BE NO INCONSISTENCY BETWEEN THE TWO.

23             MS. MAROULIS:  YOUR HONOR, WE BELIEVE

24   IT'S AN INCONSISTENCY THAT NEEDS TO BE RESOLVED.

25             MR. SELWYN:  YOUR HONOR, THERE'S NOTHING

1    THAT THE JURY NEEDS TO RESOLVE HERE.  THERE IS NO

2    INCONSISTENCY BETWEEN THE TWO.

3              THE JURY HAS FOUND NON-INFRINGEMENT OF

4    THE '516 AND '941.

5              AS JURY INSTRUCTION 34 MAKES CLEAR, THEY

6    NEED NOT HAVE FOUND INFRINGEMENT OF THOSE TWO

7    PATENTS FOR THEM TO ALSO FIND IN THE AFFIRMATIVE

8    FOR PATENT EXHAUSTION.

9              THAT'S EXACTLY WHAT HAS HAPPENED HERE.

10   IT WAS PHRASED THAT WAY FOR A REASON, AND THE

11   REASON WAS BECAUSE WE WANTED TO MAKE SURE THAT THEY

12   COULD FIND AS THEY DID, NO INFRINGEMENT, BUT ALSO

13   FIND IN THE AFFIRMATIVE FOR PATENT EXHAUSTION AND

14   THERE WOULD BE NO INCONSISTENCY.

15             THE COURT:  ALL RIGHT.  I'M ACTUALLY

16   PERSUADED BY THAT.

17             YOU WANT TO RESPOND?  BECAUSE IT DOES SAY

18   IF THERE'S INFRINGEMENT, IT'S BECAUSE THE BASEBAND

19   CHIPS SUBSTANTIALLY EMBODY THE PATENTS.

20             MS. MAROULIS:  THERE IS A REASON WHY

21   THERE ARE THREE ELEMENTS HERE, YOUR HONOR, AND EACH

22   OF THEM HAS TO BE SATISFIED FOR THEM TO HAVE THE

23   EXHAUSTION DEFENSE.

24             SO THE INFRINGEMENT OF THE PATENTS WAS

25   PREDICATED ON INFRINGEMENT OF THE CHIPS, AND IF

```
 1    THERE'S NO INFRINGEMENT BY THE CHIPS, THEN THERE'S

 2    NO EXHAUSTION, EITHER.

 3              IT'S NOT THE SAME AS INVALIDITY AND

 4    NON-INFRINGEMENT.  THEY EXIST INDEPENDENTLY.

 5              MR. SELWYN:  AND THAT'S WHERE WE

 6    DISAGREE.

 7              MS. MAROULIS:  YOU CANNOT HAVE EXHAUSTION

 8    WITHOUT INFRINGEMENT.

 9              MR. SELWYN:  THAT'S NOT SO THE WAY THIS

10    JURY CHARGE WAS PHRASED.  THE JURY CAN FIND, AND

11    DID FIND, THAT ALL THREE ELEMENTS HAVE BEEN

12    SATISFIED BECAUSE THE THIRD ELEMENT IS PHRASED IN

13    THE ALTERNATIVE.

14              THE COURT:  DO YOU HAVE -- UNFORTUNATELY,

15    I'VE ALREADY TAKEN ALL OF MY JURY INSTRUCTIONS DOWN

16    TO THE FOURTH FLOOR.  LET ME TAKE A LOOK AT THIS

17    ISSUE.

18              IN THE MEANTIME, LET'S AT LEAST GIVE

19    THEM -- WE FINALLY GOT A JURY NOTE AND IT SAYS

20    PLEASE -- IT'S JURY NOTE NUMBER 1, 8-24 AT 5:15,

21    SIGNED BY OUR FOREPERSON, AND IT READS, "PLEASE LET

22    THE JURY KNOW OF THE INCONSISTENCIES WE ARE

23    SUPPOSED TO DELIBERATE ON."

24              SO I WAS IN THE MIDDLE OF DRAFTING --

25              MR. JOHNSON:  YOUR HONOR, I WAS THINKING
```

```
 1    AS YOU WERE READING -- WHEN YOU WERE READING THE

 2    TWO DISCREPANCIES THAT IT WOULD BE HELPFUL FOR THEM

 3    TO HAVE THE JURY VERDICT FORM, BECAUSE IT LOOKED

 4    LIKE THEY WERE NOT SURE WHERE IN THE VERDICT FORM

 5    WE WERE REFERRING, SO MAYBE IDENTIFYING THE

 6    QUESTIONS.

 7              THE COURT:  OKAY.  SO I WAS IN THE MIDDLE

 8    OF DRAFTING A RESPONSE.  I WAS GOING TO STATE, FOR

 9    THE FIRST ONE, "THE JURY FOUND THE FOLLOWING AS TO

10    THE GALAXY TAB 10.1 (4G LTE) (JX 1038), QUESTION 9,

11    NO INFRINGEMENT BY SEC AND STA OF THE D'889

12    PATENT" -- I'M SORRY.  THAT'S QUESTION 8.

13              AND THEN QUESTION 9 IS, NO INDUCEMENT BY

14    SEC.  SEC DID NOT INDUCE STA TO INFRINGE THE D'889

15    PATENT.

16              OKAY.  SO THE FIRST ONE IS GOING TO READ

17    "THE JURY FOUND THE FOLLOWING AS TO THE GALAXY

18    TAB 10.1 (4G LTE) (JX 1038).

19              "QUESTION 8, NO INFRINGEMENT BY SEA AND

20    STA" -- I GUESS I SHOULD JUST SAY "BY STA OF THE

21    D'889 PATENT.

22              "QUESTION 9.  SEC DID NOT INDUCE STA TO

23    INFRINGE THE D'889 PATENT.

24              "QUESTION 13.  IPAD/IPAD 2 TRADE DRESS

25    NOT PROTECTABLE.
```

1           "QUESTION 14.  IPAD/IPAD 2 TRADE DRESS

2    NOT FAMOUS.

3           "QUESTION 23, $219,694 IN DAMAGES."

4           IS THAT ACCEPTABLE, MR. JACOBS?

5           MR. JACOBS:  YES, YOUR HONOR.

6           THE COURT:  MR. JOHNSON?

7           MR. JOHNSON:  YES, YOUR HONOR.

8           THE COURT:  OKAY.  NOW, WITH REGARD TO

9    THE SECOND ONE -- OKAY.

10          SO THE SECOND ONE IS GOING TO READ, "THE

11   JURY FOUND THE FOLLOWING AS TO THE INTERCEPT (JX

12   1009).

13          "QUESTION 2.  NO INFRINGEMENT BY SEA OR

14   STA OF THE '915 PATENT.

15          "QUESTION 3.  NO INFRINGEMENT BY SEC OR

16   STA OF '163 PATENT.

17          "QUESTION 4.  SEA INDUCED STA TO INDUCE

18   THE '915 PATENT.

19          QUESTION 23.  $2,242,013 IN DAMAGES."

20          IS THAT ACCEPTABLE, MR. JACOBS?

21          MR. JACOBS:  COULD YOU READ WHAT YOU SAID

22   RIGHT AFTER QUESTION 4, YOUR HONOR?

23          THE COURT:  SEA INDUCED STA TO INFRINGE

24   THE '915 PATENT.

25          MR. JACOBS:  UNDERSTOOD.  YES, THAT'S

1    FINE.  THANK YOU.

2            THE COURT:  OKAY.  WHAT ABOUT FOR

3    SAMSUNG?

4            MR. JOHNSON:  THAT'S FINE.

5            THE COURT:  ALL RIGHT.  SO THIS IS WHAT

6    I'M GOING TO DO.  I'M GOING TO -- I THINK IT'LL BE

7    EASIER TO TYPE THIS UP AND ATTACH IT AND MAKE A

8    COPY TO THE JURY NOTE.

9            AND IN THE MEANTIME, I WILL TAKE A LOOK

10   AT THIS PATENT EXHAUSTION QUESTION.

11           THE OTHER THING I WOULD LIKE TO DO WHILE

12   YOU ALL ARE WAITING IS I'D LIKE YOU TO MEET AND

13   CONFER ABOUT WHAT YOU WANT TO DO AFTER THE VERDICT.

14   OKAY?

15           THANK YOU.

16           (WHEREUPON, A RECESS WAS TAKEN.)

17           (WHEREUPON, THE FOLLOWING PROCEEDINGS

18   WERE HELD OUT OF THE PRESENCE OF THE JURY:)

19           THE COURT:  OKAY.  WELCOME BACK.  PLEASE

20   TAKE A SEAT.

21           SO AT ABOUT 5:38, THE FOREPERSON -- I

22   BELIEVE IT'S THE FOREPERSON, TOLD THE CSO THAT THEY

23   HAD FIGURED IT OUT AND THEY DIDN'T NEED THE NOTE

24   ANSWERED ANYMORE, BUT I GAVE IT TO THEM ANYWAY.

25           HERE ARE COPIES FOR THE PARTIES AND WE'LL

4313

```
 1    FILE THESE NOTES FOR THE RECORD LATER.
 2              BUT WHAT I UNDERSTAND NOW IS THAT IT'S
 3    NOW 5:54 AND THEY HAVE A VERDICT.
 4              SO --
 5              THE CLERK:  I HAVE THE CSO'S PHONE
 6    NUMBER, OR IS HE BRINGING THEM UP?
 7              THE COURT:  HE SHOULD BE BRINGING THEM
 8    UP, BUT IF YOU WANT TO CALL JUST TO MAKE SURE.
 9              AND I REVIEWED THE PATENT EXHAUSTION, AND
10    I AGREE WITH MR. SELWYN'S INTERPRETATION THAT THE
11    THIRD ONE IS IF THERE IS A FINDING, INFRINGEMENT IS
12    NOT ACTUALLY REQUIRED, AND THAT WAS APPLE'S
13    PROPOSED INSTRUCTION AND THERE WAS NO OBJECTION
14    FROM SAMSUNG AS TO THAT JURY INSTRUCTION, SO I
15    DON'T BELIEVE THERE'S AN INCONSISTENCY AND I WILL
16    NOT ASK THE JURORS TO RECONSIDER THAT ONE.
17              MS. MAROULIS:  YOUR HONOR, WE OBJECT FOR
18    THE RECORD AND RESERVE OUR RIGHTS ON THIS.
19              THE COURT:  I UNDERSTAND.
20              NOW, HOW WOULD YOU LIKE US TO DO -- DO
21    YOU WANT THE WHOLE THING TO BE REREAD, OR ONLY THE
22    ISSUE THAT WE FOUND TO BE INCONSISTENT?
23              MR. JACOBS:  JUST THAT.
24              THE COURT:  OKAY.  ALL RIGHT.  AND
25    ACTUALLY, WE SHOULD BE ABLE TO JUST SEE THAT
```

```
1    BECAUSE IT'LL BE WRITTEN IN RED BY THE FOREPERSON.

2              WHAT WE WILL DO IS WE'RE GOING TO FILE

3    THE ORIGINAL VERDICT FORM AND THEN WE'LL FILE THE

4    AMENDED, THE SECOND VERDICT FORM, SO PEOPLE WILL BE

5    ABLE TO SEE THE DIFFERENCES, EVEN IF THEY'RE ALL IN

6    BLACK, BY CHECKING IT.  SO THAT SHOULD BE OKAY.

7              THE CLERK:  THEY'RE ON THEIR WAY UP.

8              THE COURT:  OKAY.

9              (PAUSE IN PROCEEDINGS.)

10             (WHEREUPON, THE FOLLOWING PROCEEDINGS

11   WERE HELD IN THE PRESENCE OF THE JURY:)

12             THE COURT:  ALL RIGHT.  THANK YOU.

13   PLEASE TAKE A SEAT.

14             ALL RIGHT.  WELCOME BACK.

15             LET ME ASK OUR FOREPERSON, JUROR NUMBER

16   1, IF THE JURY HAS REACHED A VERDICT.

17             JUROR 1:  YES, WE HAVE, YOUR HONOR.

18             THE COURT:  ALL RIGHT.  WOULD YOU PLEASE

19   HAND THAT TO THE BAILIFF, PLEASE?

20             (PAUSE IN PROCEEDINGS.)

21             THE COURT:  OKAY.  SO LET ME GIVE THIS TO

22   MS. PARKER BROWN TO READ.

23             THE CLERK:  SO JUST READ THE QUESTIONS

24   AND ANSWERS THAT HAVE THE RED PART?

25             THE COURT:  ONLY WHAT'S BEEN CHANGED IN
```

1   RED.  THANK YOU.

2              THE CLERK:  THE FIRST WOULD BE IN

3   QUESTION NUMBER 4.

4              FOR EACH OF THE FOLLOWING PRODUCTS, HAS

5   APPLE PROVEN BY A PREPONDERANCE OF THE EVIDENCE

6   THAT SAMSUNG ELECTRONICS COMPANY TOOK ACTION THAT

7   IT KNEW OR SHOULD HAVE KNOWN WOULD INDUCE STA OR

8   SEA TO INFRINGE THE '381, '915 OR '163 PATENTS?

9              AND WHAT HAS BEEN CHANGED IS FOR THE '915

10  PATENT, CLAIM 8, FOR THE INTERCEPT, THE ANSWER IS

11  NOW NO AND IT'S BEEN INITIALLED AND DATED BY THE

12  FOREPERSON.

13             DAMAGES TO APPLE FROM SAMSUNG, NUMBER 22.

14             WHAT IS THE TOTAL DOLLAR AMOUNT THAT

15  APPLE IS ENTITLED TO RECEIVE FROM SAMSUNG ON THE

16  CLAIMS ON WHICH YOU HAVE RULED IN FAVOR OF APPLE?

17             THE NUMBER NOW IS $1,049,343,540.  IT IS

18  ALSO INITIALLED AND DATED BY THE FOREPERSON.

19             NUMBER 23.  FOR THE TOTAL DOLLAR AMOUNT

20  IN YOUR ANSWER TO QUESTION 22, PLEASE PROVIDE THE

21  DOLLAR BREAKDOWN BY PRODUCT.

22             THE NUMBER FOR THE GALAXY TAB 10.1 (4G

23  LTE) IS NOW 0, AS IS THE NUMBER FOR THE INTERCEPT

24  IS NOW 0, BOTH INITIALLED AND DATED BY THE

25  FOREPERSON.

```
1            THE COURT:  ALL RIGHT.  SO JUROR NUMBER

2    1, DID MS. PARKER BROWN CORRECTLY READ YOUR CHANGES

3    TO THE VERDICT FORM?

4            JUROR 1:  YES, SHE DID, YOUR HONOR.

5            THE COURT:  ALL RIGHT.  ANY COUNSEL WISH

6    THE JURY TO BE POLLED?

7            MR. JACOBS:  NO, YOUR HONOR.

8            MR. JOHNSON:  NO, YOUR HONOR.

9            THE COURT:  ALL RIGHT.  THEN I'M ORDING

10   BOTH THE ORIGINAL VERDICT FORM AND THE AMENDED

11   VERDICT FORM TO BE FILED.

12            AND ANY OTHER -- HAS EITHER PARTY FOUND

13   ANY FURTHER INCONSISTENCIES WITH REGARD TO THE

14   VERDICT FORM?

15            I UNDERSTAND THAT SAMSUNG RESERVES ITS

16   OBJECTIONS TO NUMBER 33.

17            MR. JACOBS:  NO, YOUR HONOR.

18            MR. JOHNSON:  THAT'S IT FOR RIGHT NOW,

19   YOUR HONOR, YES.

20            THE COURT:  AT THIS POINT, OTHER THAN 33,

21   NO FURTHER INCONSISTENCIES; RIGHT?

22            MR. JOHNSON:  THAT'S CORRECT.

23            THE COURT:  ALL RIGHT.  THANK YOU,

24   MR. JOHNSON.

25            OKAY.  THEN UNLESS THERE'S ANY OBJECTION
```

```
 1    FROM EITHER PARTY, I'M GOING TO EXCUSE THIS JURY.

 2              ANY OBJECTION, MR. JACOBS?

 3              MR. JACOBS:  NO OBJECTION, YOUR HONOR.

 4              MR. JOHNSON:  NO, YOUR HONOR.

 5              THE COURT:  OKAY.  NONE FOR MR. JOHNSON,

 6    EITHER.

 7              SO, LADIES AND GENTLEMEN, I WANT TO THANK

 8    YOU VERY MUCH FOR YOUR PATIENCE AND FOR YOUR

 9    SERVICE.  YOUR PARTICIPATION IN THIS CASE FULFILLED

10    AN IMPORTANT PUBLIC SERVICE TO OUR JURY SYSTEM.  WE

11    APPRECIATE YOUR DOING SO.

12              YOU ARE NO LONGER UNDER THE COURT'S ORDER

13    NOT TO DISCUSS THE CASE.  YOU ARE FREE TO DISCUSS

14    IT WITH WHOMEVER YOU'D LIKE, AND OFTEN THE

15    ATTORNEYS IN A CASE FIND IT USEFUL TO TALK TO

16    JURORS AFTER THE CASE IS CONCLUDED TO GET THEIR

17    IMPRESSIONS.

18              YOU MAY SEE THAT THERE ARE ALSO MANY

19    MEMBERS OF THE MEDIA HERE WHO WOULD LIKE TO SPEAK

20    WITH YOU.

21              YOU ARE FREE TO DISCUSS THE CASE WITH

22    ANYONE, BUT YOU ARE ALSO FREE NOT TO DISCUSS THE

23    CASE WITH ANYONE.

24              SO IT IS COMPLETELY YOUR CHOICE.

25              FOR ANY OF YOU WHO DO WANT TO SPEAK
```

```
1    EITHER TO THE MEDIA OR TO THE ATTORNEYS, I'M GOING

2    TO RECOMMEND THAT YOU GO TO THE FIRST STREET

3    ENTRANCE, AND RIGHT OUTSIDE THE GATES OF THE

4    COURTHOUSE, THERE IS A WATER FOUNTAIN THAT HAS

5    BRONZE PEOPLE IN IT, AND I WOULD SUGGEST THAT YOU

6    GO THERE.

7              AND FOR THE MEDIA AND FOR ANY ATTORNEYS

8    WHO WISH TO SPEAK TO JURORS, PLEASE MEET THERE.

9              IF YOU ARE NOT INTERESTED IN TALKING TO

10   ANYONE, THEN YOU CAN LEAVE BY A SEPARATE ENTRANCE

11   AND THE MARSHAL'S SERVICE WILL GIVE YOU ADVICE AS

12   TO HOW TO LEAVE THE BUILDING.

13             NOW, I AM GOING TO BE TRUE TO MY WORD.

14   OUR COURT LIBRARIAN, MR. LEE VAN DUZER, HAS PUT

15   TOGETHER A BINDER OF ALL THE PRESS IN THIS CASE, SO

16   YOU CAN NOW CATCH UP ON WHAT YOU'VE MISSED OUT ON.

17             THESE INCLUDE EVERYTHING, WEB LINKS --

18   HE'S INCLUDED A LOT, SO HE'S PUT THAT TOGETHER.

19   I'M THANKFUL THAT HE TOOK ON THAT PROJECT AND SO

20   THAT IS AVAILABLE FOR YOU.

21             THE CLERK:  IS HE STILL HERE?  I'M NOT

22   SURE WHETHER HE IS.

23             THE COURT:  I BELIEVE HE IS -- WE'LL GET

24   THEM FOR YOU.

25             THE CLERK:  HE IS.
```

```
1              THE COURT:  HE IS, OKAY, GREAT.

2                  SO THEN THE MARSHALS WILL TAKE YOU DOWN

3       TO THE FOURTH FLOOR JURY ROOM WHERE YOU MAY HAVE

4       LEFT SOME OF YOUR PERSONAL BELONGINGS AND

5       MR. LEE VAN DUZER WILL GIVE YOU YOUR PRESS BINDERS.

6                  IF YOU WOULD, PLEASE, LEAVE YOUR JURY

7       BINDERS AND YOUR NOTES IN THE JURY ROOM.  THOSE --

8       YOUR NOTES WILL DESTROYED.  AND PLEASE LEAVE YOUR

9       JUROR BADGES THERE AS WELL.

10                 THANK YOU AGAIN VERY MUCH FOR YOUR

11      SERVICE AND YOUR TIME.  OKAY?  YOU ARE NOW EXCUSED.

12                 (WHEREUPON, THE FOLLOWING PROCEEDINGS

13      WERE HELD OUT OF THE PRESENCE OF THE JURY:)

14                 THE COURT:  ALL RIGHT.  THE JURORS HAVE

15      LEFT THE COURTROOM.  PLEASE TAKE A SEAT.

16                 SO LET ME HEAR -- I'M NOT GOING TO KEEP

17      YOU LONG, BUT I DO WANT TO GET A SENSE OF WHAT IS

18      TO COME.

19                 MR. JACOBS:  YOUR HONOR, WE HAVE A

20      VARIETY OF POST-TRIAL PROCEEDINGS TO ENGAGE IN, OF

21      COURSE.

22                 THE COURT:  OKAY.

23                 MR. JACOBS:  AND THERE WILL BE JMOL

24      MOTIONS, THERE WILL BE A MOTION ON ENHANCEMENT.

25                 THE -- WE HAD SUBMITTED, AT DOCKET 1538,
```

```
 1    OUR COMPETING PROPOSALS FOR POST-TRIAL MOTIONS.
 2    APPLE PROPOSES TO FILE A PRELIMINARY INJUNCTION
 3    MOTION BASED ON THE JURY VERDICT.  WE PROPOSED, IN
 4    OUR -- IN DOCKET 1538 TO DO THAT SEVEN DAYS AFTER
 5    THE VERDICT.  WE WOULD PROPOSE TO DO THAT TEN DAYS
 6    AFTER THE VERDICT.
 7              AND THEN SAMSUNG'S OPPOSITION BRIEF WOULD
 8    BE DUE 14 DAYS AFTER THE VERDICT, AND OUR REPLY
 9    BRIEF WOULD BE DUE -- WE ORIGINALLY PROPOSED THREE
10    DAYS, I THINK WE WOULD ASK FOR FIVE DAYS FOR THE
11    REPLY BRIEF.
12              WE NOTED IN THAT THAT AT THE FEDERAL
13    CIRCUIT HEARING ON THE PRELIMINARY INJUNCTION,
14    JUDGE BRYSON HAD NOTED THE AVAILABILITY OF
15    PRELIMINARY INJUNCTIVE RELIEF AFTER A VERDICT.
16              MR. JOHNSON:  YOUR HONOR, IN THAT SAME
17    PAPER, WE SET FORTH OUR PROPOSAL THAT THE MOST
18    EFFICIENT WAY IN OUR MIND TO PROCEED WOULD BE TO
19    HAVE THE JMOL RULE 50 MOTIONS HEARD FIRST, AND WE
20    PROPOSE A SCHEDULE THAT THOSE BE SUBMITTED 28 DAYS
21    FROM JUDGMENT, WITH OPPOSITIONS DUE 14 DAYS AFTER
22    THAT, AND THEN THE 7 DAYS AFTER THAT FOR REPLY.
23              AND THEN ANY -- TO THE EXTENT THAT
24    THERE'S ANY NEED FOR A PERMANENT INJUNCTION AFTER
25    THAT, THAT WE SET FORTH A SCHEDULE AS WELL IN
```

1    ACCORDANCE WITH THAT.

2            BUT OBVIOUSLY GIVEN THE AMOUNT OF

3    EVIDENCE HERE AND THE RULE 50 MOTIONS THAT WE THINK

4    ARE IMPORTANT, THE MOST EFFICIENT WAY, IN OUR VIEW,

5    TO PROCEED WOULD BE TO ADDRESS THOSE FIRST BEFORE

6    ADDRESSING ANY PRELIMINARY INJUNCTION ISSUES.

7            THE COURT:  OKAY.

8            MR. JOHNSON:  AND EVEN UNDER THE SCHEDULE

9    I JUST HEARD MR. JACOBS PROPOSE, IT SOUNDS LIKE WE

10   ONLY HAVE FOUR DAYS FOR AN OPPOSITION.

11           I MEAN, LOOKING AT IT, WE THINK WE OUGHT

12   TO DEAL WITH THE RULE 50 ISSUES FIRST.

13           THE COURT:  ALL RIGHT.  WELL, I'M NOT

14   GOING TO HAVE THE PRELIMINARY INJUNCTION MOTION

15   HEARD AFTER THE RULE 50 MOTIONS BECAUSE THE RULE 50

16   MOTIONS WILL PROBABLY EXTEND OUT MANY MONTHS.

17           I'M FINE WITH HAVING ANY PERMANENT

18   INJUNCTION DECIDED AFTER THE RULE 50 MOTIONS

19   BECAUSE THAT MAY OBVIATE THE NEED TO HAVE A

20   PERMANENT INJUNCTION HEARING.

21           UNFORTUNATELY FOR MY SCHEDULE, THE BEST

22   TIME TO HAVE ANY HEARING ON A PRELIMINARY

23   INJUNCTION WOULD BE SEPTEMBER 20TH, BUT THAT GIVES

24   YOU LESS THAN A MONTH TO BRIEF IT.

25           SO I THINK IF ANY TIME IS TO BE

4322

```
1    TRUNCATED, IT SHOULD BE APPLE'S SINCE YOU'RE THE
2    ONE MAKING US GO THROUGH THIS AND SAMSUNG SHOULD
3    HAVE A MINIMUM OF 14 DAYS.
4              MR. JOHNSON:  YOUR HONOR, EVEN UNDER THAT
5    SCHEDULE, 14 DAYS TO RESPOND, GIVEN THE AMOUNT OF
6    EVIDENCE IN THIS CASE AND WHAT WE'VE DEALT WITH SO
7    FAR, I JUST THINK 14 DAYS IS REALLY TOO SHORT.
8              I KNOW --
9              THE COURT:  WELL, LET ME HEAR, LIKE WHAT
10   ELSE IS THERE?  I MEAN, LIKELIHOOD OF SUCCESS ON
11   THE MERITS?  YOU HAVE A JURY VERDICT.  WE'VE ARGUED
12   THE RULE 50 MOTIONS MULTIPLE TIMES.  IT'S BEEN
13   FULLY BRIEFED.
14             I'M NOT -- I MEAN, OBVIOUSLY WHEN THINGS
15   ARE UNDER CLOSE SCRUTINY WITH MORE TIME AND NOT IN
16   THE HEAT OF TRIAL, I THINK MORE ISSUES WILL BECOME
17   MORE CLEAR.
18             BUT WON'T THIS HEARING LARGELY BE ON
19   IRREPARABLE HARM, BALANCING OF INTEREST, AND WHAT'S
20   IN THE PUBLIC INTEREST?
21             MR. JOHNSON:  AND ALSO DESIGN AROUNDS.  I
22   MEAN, THAT'S -- THAT WAS NOT PRESENT IN THIS TRIAL,
23   BUT OBVIOUSLY IT IS OUT THERE AND IT'S A
24   SIGNIFICANT ISSUE THAT INVOLVES -- THERE'S A LOT OF
25   EVIDENCE AND IT AFFECTS A LOT OF PRODUCTS.
```

```
 1              THE COURT:  SO WHAT'S YOUR PROPOSAL?

 2              MR. JOHNSON:  WELL, I DON'T HAVE THE

 3    COURT'S CALENDAR IN MIND, BUT I WOULD THINK WE'D

 4    NEED -- I MEAN, I'M THINKING WE NEED 30 DAYS TO

 5    OPPOSE AT THE VERY LEAST.

 6              MR. JACOBS:  YOUR HONOR, THAT JUST

 7    DOESN'T MAKE ANY SENSE.  IF THERE'S A DESIGN

 8    AROUND -- IF THERE'S A PRELIMINARY INJUNCTION AND

 9    THERE'S AN INJUNCTION THAT'S ENTERED AND THERE'S A

10    DESIGN AROUND THAT THEY WANT TO ADVANCE AS A WAY TO

11    GET PRODUCTS ON THE MARKET, THERE'S A PROCEDURE FOR

12    THAT.

13              I'M NOT SURE WHERE THE DESIGN AROUNDS FIT

14    INTO THIS PARTICULAR EXERCISE.

15              WE'RE GOING TO BE ASSEMBLING THE RECORD

16    THAT'S ALREADY BEEN ADDUCED AT TRIAL AND ADDING TO

17    IT ADDITIONAL EVIDENCE ON IRREPARABLE HARM, JOIN

18    THE NEXUS AND THE OTHER ELEMENTS THAT WE HAVE TO --

19    THAT WE EXPECT THE COURT TO ASK OF US.

20              BUT THAT IS A -- THAT IS NOT A VERY

21    TECHNICAL ANALYSIS.  THAT'S PRIMARILY A HARM-BASED

22    ANALYSIS.  SO I DON'T THINK MORE THAN 14 DAYS

23    SHOULD BE NECESSARY.

24              AND OF COURSE THEY CAN GET STARTED NOW,

25    EVEN AS WE'RE DRAFTING OUR MOVING PAPERS.
```

4324

1          MR. JOHNSON:  WELL, WE'RE LOOKING AT A

2     CASE THAT WAS FILED LAST APRIL.  THERE'S AN

3     INCREDIBLE AMOUNT OF EVIDENCE HERE, AND AN EXTRA

4     COUPLE OF WEEKS TO DEAL WITH THIS, YOUR HONOR,

5     PARTICULARLY GIVEN THE SCHEDULE AND THE TIMEFRAME

6     THAT MY TEAM HAS BEEN UNDER AS WELL.

7          SO, YOU KNOW, ASKING FOR 30 DAYS HERE I

8     DON'T THINK IS OUTSIDE THE -- JUST DECENCY WITH

9     RESPECT TO LOOKING AT EVERYTHING THAT WE HAVE WITH

10    THE, YOU KNOW, THE RECORD THAT'S IN FRONT OF US.

11         THE COURT:  YEAH, I HEAR YOU.

12         BUT I'M JUST SAYING FROM MY PERSPECTIVE

13    AND MY OWN RESOURCES, I'M NOT GOING TO BE ABLE

14    TO -- IF IT'S NOT SOON -- I HAVE ANOTHER PATENT

15    CASE GOING TO TRIAL; I HAVE ANOTHER CRIMINAL CASE

16    GOING TO TRIAL SEPTEMBER 1, I THINK IT IS, 21, I

17    THINK IT'S A ONE DAY TRIAL; I HAVE ANOTHER PATENT

18    CASE GOING TO TRIAL SEPTEMBER 24TH.

19         SO THE MORE WE KEEP PUSHING THIS BACK, I

20    HAVE OTHER PATENT CASES AND OTHER CASES SET FOR

21    TRIAL IN OCTOBER AND NOVEMBER.

22         NOW, OBVIOUSLY SOME OF THESE MIGHT GO

23    AWAY.

24         BUT I HAVE A WINDOW TO DEAL WITH IT.  IF

25    WE MISS THIS WINDOW, THEN I'M GOING TO HAVE TO PUSH

```
 1    THIS OUT JUST BECAUSE THERE ARE OTHER CASES THAT

 2    HAVE BEEN WAITING IN LINE.

 3              MR. JOHNSON:  WHAT ABOUT RIGHT AFTER YOUR

 4    SEPTEMBER 21ST PATENT TRIAL, OR EVEN A DATE IN THE

 5    MIDDLE OF IT?

 6              MR. JACOBS:  YOUR HONOR, I THINK WE

 7    SHOULD BE ABLE TO MAKE THAT SEPTEMBER 20 DATE.  WE

 8    WILL DO EVERYTHING HUMANLY POSSIBLE ON OUR END.

 9              THE COURT:  THE PROBLEM IS I HAVE A TAX

10    FRAUD CRIMINAL TRIAL STARTING OCTOBER 5TH.

11              MR. JACOBS:  AND, OF COURSE --

12              THE COURT:  AND I HAVE A CRIMINAL TRIAL

13    SET OCTOBER 22ND.  I'VE GOT MULTIPLE OTHER TRIALS

14    SET IN OCTOBER AND NOVEMBER.  I THINK THEY MAY GO

15    AWAY, BUT I HAVE ANOTHER PATENT CASE SET TO GO

16    NOVEMBER 26TH.

17              MR. JACOBS:  I'M ALSO MINDFUL OF THE

18    COURT'S COMMENT ABOUT THE EVIDENCE DURING TRIAL,

19    THAT HAD THE COURT BEEN AWARE OF SOME OF THAT

20    EVIDENCE DURING THE PRELIMINARY INJUNCTION PHASE,

21    MAYBE FINDINGS WOULD HAVE BEEN DIFFERENT.

22              AND WE HAVE SHOWN NOW WILLFUL

23    INFRINGEMENT, WHICH ADDS TO THE EQUITIES ON OUR

24    SIDE FOR A PRELIMINARY INJUNCTION.  WE HAVE A JURY

25    FINDING TO THAT EFFECT.
```

```
 1              WE HAVE THE EVIDENCE THAT GOES TO THE

 2      IMPORTANCE OF THESE PATENTS TO SAMSUNG, SO WE HAVE

 3      THE NEXUS EVIDENCE.

 4              AND THEN WE HAVE THE EVIDENCE OF COPYING.

 5              SO SEPTEMBER 20TH, THAT SEEMS LIKE THE

 6      RIGHT DATE, YOUR HONOR, TO STOP THIS IRREPARABLE

 7      HARM FROM GOING ANY FURTHER.

 8              (PAUSE IN PROCEEDINGS.)

 9              MR. JACOBS:  IF WE FILED ON THE 31ST,

10      YOUR HONOR, AND SAMSUNG FILED ON THE 14TH, WE COULD

11      GET A REPLY ON BY THE 17TH.

12              MR. JOHNSON:  THAT GIVES YOUR HONOR THREE

13      DAYS.  THAT GIVE US -- AND THAT'S -- NOBODY ON THIS

14      TEAM HAS HAD ANY VACATION, JUST LIKE THE COURT

15      HASN'T.

16              BUT THAT'S -- I'M ASKING FOR MORE TIME

17      THAN 14 DAYS OVER A HOLIDAY WEEKEND WITH THREE DAYS

18      FOR A REPLY.

19              THE COURT:  WELL, I WAS GOING TO

20      SUGGEST -- OTHERWISE APPLE ON AUGUST 29TH, THAT

21      ONLY GIVES YOU FIVE DAYS, BUT IF YOU WANT THIS, I'D

22      LIKE TO GIVE MAXIMUM TIME TO SAMSUNG.

23              (PAUSE IN PROCEEDINGS.)

24              THE COURT:  WELL, THE ONLY WAY THIS WOULD

25      WORK, WHAT IF ON WEDNESDAY, AUGUST 29TH FOR APPLE,
```

4327

```
1      THAT GIVES YOU A VERY SHORT TURNAROUND TIME; AND IT

2      GIVES SAMSUNG TWO WEEKS TO SEPTEMBER 12TH; AND THEN

3      I WOULD LIKE THE BRIEFING COMPLETED BY THE 14TH,

4      BUT THAT ONLY GIVES APPLE TWO DAYS, WHICH I ASSUME

5      IS NOT ENOUGH.

6              BUT I'M GOING TO NEED SOME TIME.  I HAVE

7      OTHER CASES SET DURING THIS WINDOW, SO I WILL NEED

8      AT LEAST -- IF THE HEARING IS ON THE 20TH, WHICH IS

9      THURSDAY, THAT ONLY GIVES ME THREE BUSINESS DAYS TO

10     TRY TO ABSORB EVERYTHING.

11             HOW QUICKLY CAN APPLE TURN AROUND THE

12     REPLY?

13             MR. JACOBS:  WE'LL GET IT IN BY THE 14TH,

14     YOUR HONOR, END OF THE EVENING OF THE 14TH.

15             THE COURT:  SO AUGUST 29TH FOR YOUR -- I

16     WANT TO PUT SOME PAGE LIMITS ON THIS AS WELL.

17             SO ARE YOU GOING TO BE MOVING ON

18     EVERYTHING?  OR I HOPE THAT YOU SHOW SOME JUDGMENT

19     AND ACTUALLY PICK YOUR BATTLES, BUT LET ME HEAR

20     FROM YOU.

21             MR. JACOBS:  I THINK WE'LL DEFINITELY

22     SHOW JUDGMENT AND PICK OUR BATTLES, YOUR HONOR.

23             THE COURT:  SO WHAT -- I MEAN, HAVE YOU

24     TALKED WITH YOUR CLIENT?  WHAT ARE YOU GOING TO BE

25     MOVING ON?
```

1          MR. JACOBS:  I THINK WE HAVEN'T ABSORBED

2     THE VERDICT YET AND SORTED OUT HOW THE VERDICT

3     PLAYS OUT AGAINST VARIOUS PRODUCTS AND WHAT

4     PRODUCTS ARE STILL IN THE MARKET NOW.

5          THE COURT:  AND SOME OF THESE ARE END OF

6     LIFE, RIGHT?

7          MR. JACOBS:  SOME OF THEM HAVE LARGELY

8     CEASED, SO WE WILL BE FOCUSSING ON THE --

9          THE COURT:  WHICH ARE THE ONES THAT ARE

10     STILL ACTIVELY --

11          MR. JACOBS:  I'M SORRY, YOUR HONOR, I

12     JUST DON'T HAVE THAT HANDY.  I KNOW WE'VE STARTED

13     LOOKING AT IT, BUT I DON'T HAVE THAT.

14          THE COURT:  IT'S GOING TO BE 25, 25 -- IN

15     TERMS OF PAGE LIMITS, LET'S JUST GO WITH NORMAL

16     RULES, 25, 25, 15.

17          MR. JACOBS:  THANK YOU, YOUR HONOR.

18          THE COURT:  ALL RIGHT.  WHAT ELSE?

19          MR. JACOBS:  I THINK IT WOULD BE HELPFUL

20     IF THE COURT SET A BRIEFING SCHEDULE ON THE

21     REMAINING --

22          THE COURT:  JMOL MOTIONS?

23          MR. JACOBS:  -- JMOL AND ENHANCEMENT --

24          THE COURT:  ENHANCEMENT, I'M NOT GOING TO

25     EXPEDITE THAT.

```
 1                 MR. JACOBS:  I'M SORRY?

 2                 THE COURT:  I'M NOT GOING TO EXPEDITE

 3      ENHANCEMENTS.

 4                 MR. JACOBS:  I WASN'T URGING EXPEDITION.

 5                 THE COURT:  LET ME HEAR ON THE JMOL'S, DO

 6      YOU WANT TO JUST GO ACCORDING TO -- NORMALLY YOU'D

 7      HAVE, WHAT, 28 DAYS?

 8                 MR. JACOBS:  YES.  THE USUAL BRIEFING

 9      SCHEDULE WOULD BE FINE WITH APPLE, YOUR HONOR.

10                 THE COURT:  ALL RIGHT.  WHY DON'T WE DO

11      THE USUAL BRIEFING SCHEDULE ON JMOL MOTIONS AND --

12      I MEAN, ENHANCEMENTS CAN BE ON AN EVEN LATER

13      SCHEDULE THAN THAT, JUST -- I'M NOT GOING TO BE

14      ABLE TO HANDLE ALL THIS AND KEEP MY OTHER CASE LOAD

15      GOING.

16                 SO DO YOU WANT TO HANDLE ENHANCEMENTS

17      AFTER JMOL?  OR GIVE ME A PROPOSAL.

18                 MR. JOHNSON:  THAT MAKES THE MOST SENSE,

19      JUST TO DO IT AFTERWARDS.

20                 MR. JACOBS:  I THINK THAT -- GIVEN HOW

21      WE'RE -- GIVEN WHAT WE'RE DOING ON THE PRELIMINARY

22      INJUNCTION ON THE FRONT END OF THINGS, IF WE BACK

23      END THE ENHANCEMENT, THAT'S OKAY, YOUR HONOR.

24                 THE COURT:  OKAY.  SO WE'LL HAVE THE

25      USUAL BRIEFING, WHICH IS, WHAT, 28, 14, 7, OR NO,
```

```
 1    ON THE JMOL MOTIONS?

 2              MR. JOHNSON:  YES.

 3              THE COURT:  OKAY.  SO 28, 14, 7 ON THAT.

 4    WE'LL HAVE ENHANCEMENTS AFTER JMOL IS DECIDED.

 5              AND AS FAR AS THE JMOL MOTION, WE'LL JUST

 6    HAVE TO SET A HEARING DATE LATER BASED ON THE

 7    COURT'S SCHEDULE.  OKAY?

 8              ALL RIGHT.  WHAT ELSE?  ANYTHING ELSE?

 9              MR. JOHNSON:  YOUR HONOR, I'D JUST ASK,

10    WITH RESPECT TO THE -- IF WE'RE GOING TO DO A BRIEF

11    ON THE 12TH, I'D ASK THAT WE -- I HAVE IN MIND JUST

12    A FEW EXTRA PAGES.

13              THE COURT:  OKAY.  WHAT'S YOUR PROPOSAL?

14              MR. JOHNSON:  YOU KNOW, APPLE WILL HAVE

15    25 AND 15, THAT'S 40, IF I COULD GET 35 ON MY

16    OPPOSITION?

17              THE COURT:  WHY DON'T I JUST CUT APPLE'S

18    AND MAKE IT EVEN?

19              WHAT ABOUT 10 ON THE REPLY?  CAN I GIVE

20    YOU 10 ON THE REPLY AND 20 ON THE MOVING PAPERS AND

21    THEN SAMSUNG CAN GET 30 ON THE OPPOSITION?

22              MR. JOHNSON:  THAT SOUNDS GOOD.

23              THE COURT:  ALL RIGHT.  SO IT'S GOING TO

24    BE 20 PAGES ON AUGUST 29TH BY APPLE; 30 PAGES BY

25    SAMSUNG ON SEPTEMBER 12TH; AND THEN 10 PAGES BY
```

1    APPLE ON SEPTEMBER 14TH.

2              MR. JACOBS:  THANK YOU, YOUR HONOR.

3              THE COURT:  WHAT ELSE.  ANYTHING ELSE?

4    THE HEARING IS GOING TO BE AT 1:30.

5              ANYTHING ELSE FOR TODAY?

6              MR. JOHNSON:  NO, YOUR HONOR.

7              THE COURT:  ALL RIGHT.  THANK YOU ALL

8    VERY MUCH.

9              MR. JACOBS:  YOUR HONOR, THANK YOU FOR

10   THE INTENSE HARD WORK DURING THE TRIAL.  WE KNOW WE

11   IMPOSED A LOT AND WE APPRECIATE HOW HARD THE COURT

12   AND ITS STAFF WORKED THROUGH THE TRIAL TO GET OUT

13   RULINGS ON A TIMELY BASIS SO WE COULD DO THE

14   EXAMINATIONS THE NEXT DAY.

15             THE COURT:  WELL, I VERY MUCH WOULD LIKE

16   TO THANK ALL OF MY LAW CLERKS AND, IN FACT, ONE OF

17   THEM, WHO HAD THIS CASE FOR THE LAST YEAR, HAS

18   ACTUALLY LEFT, HER LAST DAY WAS TUESDAY, LAURIE

19   DEAN.

20             BUT I HAVE A GREAT TEAM AND I THANK THEM

21   FOR ALL THEIR WORK.

22             MR. JOHNSON:  AND SAMSUNG DOES, TOO, YOUR

23   HONOR.

24             THE COURT:  THANK YOU.

25             MR. JOHNSON:  WE RECOGNIZE HOW HARD

1    EVERYBODY WORKED AND THE HOURS THAT EVERYBODY PUT

2    IN AND THE ORDERS WE GOT IN THE MIDDLE OF THE NIGHT

3    WHEN EVERYBODY WAS WORKING INCREDIBLY HARD.

4            THE COURT:  THANK YOU.  I KNOW YOU ALL

5    HAD WORKED INCREDIBLY HARD AND I'M VERY

6    APPRECIATIVE TO HOW RESPONSIVE YOU ALL HAVE BEEN TO

7    ALL THE COURT'S REQUESTS.

8            I'D ALSO LIKE TO THANK ANOTHER LAW CLERK,

9    WHO WILL BE LEAVING IN NOT TOO LONG, CONNIE CHAN,

10   WHO'S BEEN HELPING ON THESE CASES VERY MUCH.

11           AND THANK YOU ALL VERY MUCH.

12           MR. JACOBS:  THANK YOU, YOUR HONOR.

13           MR. JOHNSON:  THANK YOU, YOUR HONOR.

14           THE COURT:  OKAY.  THANK YOU.

15           SO FOR THE EXHIBITS THAT HAVE BEEN

16   ADMITTED --

17           THE CLERK:  THEY'RE STILL IN THE JURY

18   ROOM.

19           THE COURT:  THEY'RE IN THE JURY ROOM.

20   THOSE WILL BE KEPT IN THE CLERK'S OFFICE FOR THE

21   APPEALS.

22           I'LL HAVE TO -- YOU KNOW, WE'LL BE IN

23   TOUCH WITH YOU ABOUT THESE.  WE'LL NEED TO KEEP

24   SOME OF THESE EXHIBITS FOR THE JMOL MOTIONS, BUT --

25           MS. MAROULIS:  WOULD YOU LIKE TO KEEP

```
 1    EXPERT REPORTS AS WELL FOR JMOL'S, OR NO?

 2              MR. JOHNSON:  DO YOU WANT TO JUST THINK

 3    ABOUT IT AND LET US KNOW?

 4              THE COURT:  WHY DON'T WE DO THAT?  MAYBE

 5    WE WILL NEED THEM.

 6              ALL RIGHT.  THANK YOU ALL VERY MUCH.

 7              MS. MAROULIS:  THANK YOU.

 8              MR. JOHNSON:  THANK YOU, YOUR HONOR.

 9              MR. JACOBS:  THANK YOU, YOUR HONOR.

10              (WHEREUPON, THE PROCEEDINGS IN THIS

11    MATTER WERE CONCLUDED.)

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1

2

3

4                    <u>CERTIFICATE OF REPORTER</u>

5

6

7

8          I, THE UNDERSIGNED OFFICIAL COURT

9    REPORTER OF THE UNITED STATES DISTRICT COURT FOR

10   THE NORTHERN DISTRICT OF CALIFORNIA, 280 SOUTH

11   FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY

12   CERTIFY:

13            THAT THE FOREGOING TRANSCRIPT,

14   CERTIFICATE INCLUSIVE, CONSTITUTES A TRUE, FULL AND

15   CORRECT TRANSCRIPT OF MY SHORTHAND NOTES TAKEN AS

16   SUCH OFFICIAL COURT REPORTER OF THE PROCEEDINGS

17   HEREINBEFORE ENTITLED AND REDUCED BY COMPUTER-AIDED

18   TRANSCRIPTION TO THE BEST OF MY ABILITY.

19

20

21                    /S/

                 _____
22               LEE-ANNE SHORTRIDGE, CSR, CRR
                 CERTIFICATE NUMBER 9595
23

24                    DATED:  AUGUST 29, 2012

25