HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
JENNIFER LEE TAYLOR (CA SBN 161368)
jtaylor@mofo.com
ALISON M. TUCHER (CA SBN 171363)
atucher@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
JASON R. BARTLETT (CA SBN 214530)
jasonbartlett@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No.   11-cv-01846-LHK<br><br>**APPLE'S PARTIAL OPPOSITION TO SAMSUNG'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL AND FOR AN ORDER PROHIBITING THE PARTIES FROM COMMUNICATING WITH JURORS [DKT. NO. 1990]** |

Continuing the attack on the jury and the jury process that Samsung has waged in the press worldwide, Samsung has filed a motion for a new trial based on alleged juror misconduct. Samsung seeks to seal the arguments and certain supporting declarations and exhibits concerning the alleged misconduct, citing concern for the jurors' privacy and the integrity of the proceedings. But Samsung's actions belie its words, as it has publicly filed documents that reveal the very facts that it seeks to seal. As a result, the media were quickly able to discern not only that Samsung had accused the jury of misconduct but also *which* juror it accused.

Nonetheless, because it is the province of the Court to determine whether undue burdens are placed on those who serve on the Court's juries, Apple would not object if the Court determines in its discretion that sealing Samsung's allegations of misconduct is the best way to prevent such burdens.

Samsung also moves for an order "prohibiting the parties from any further communication with jurors" until after the matters raised in its post-trial motions have been "finally resolved." (Dkt. No. 1099 ("Mot.") at 2.) Apple objects because there is no valid basis for Samsung's request, which is not supported by any of the authority Samsung cites and is not the proper subject of an administrative motion in any event. Nor does Samsung reveal whether it has already contacted jurors. Apple has not done so to date, yet Samsung is seeking to preclude Apple from equal access to information. Nevertheless, despite the lack of any merit to Samsung's request, Apple will not contact any jurors until the Court resolves this administrative motion.

Finally, as to the portion of Samsung's motion that addresses sealing of documents that Apple has designated as confidential, Apple already has made the appropriate showing as to the two documents that it seeks to have sealed.

### I. APPLE DOES NOT OBJECT IF THE COURT DETERMINES THAT SAMSUNG'S JUROR MISCONDUCT ALLEGATIONS SHOULD BE SEALED.

Samsung seeks to seal the entirety of its jury misconduct arguments, as well as the evidence submitted in support of that argument. (Mot. at 1.) All of that evidence is publicly available information. (*See* Estrich JMOL Decl. Exs. A-O.) Yet at the same time Samsung purported to seek privacy for the jury it attacked, it revealed that it was accusing the jury of

misconduct, both in portions of its filing that it made public and in its motion to seal. The public version of the jury misconduct motion referenced multiple cases involving juror misconduct and a bankruptcy court action involving a juror. (*See* Dkt. No.1990-3 at iii-ix.) Samsung also publicly filed excerpts from the voir dire trial transcript. (*See* Dkt. No. 1991-1.) Samsung's motion to seal makes clear that its jury misconduct motion has the "potential to subject all of the jurors to extra-judicial scrutiny and public criticism" (Mot. at 1). As a result, the media are now widely reporting that Samsung is attacking the jury verdict based on alleged juror misconduct. *See, e.g.*, http://www.mercurynews.com/business/ci_21621841/samsung-apple-seeks-new-trial-legal-feud-smartphone?IADID=Search-www.mercurynews.com-www.mercurynews.com (attached as Exhibit A to Declaration of Nathan Sabri ("Sabri Decl.") filed herewith). One such article reports that the juror who is the subject of Samsung's accusations recognizes that Samsung's accusations are about him. http://newsandinsight.thomsonreuters.com/Legal/News/ViewNews.aspx?id=57594&terms=%40ReutersTopicCodes+CONTAINS+%27ANV%27 (Sabri Decl. Ex. B).

Samsung's attack on the jury's verdict began with Samsung's issuance of a stinging press release after the reading of the verdict on August 24, *see* http://news.cnet.com/8301-13579_3-57500159-37/jury-awards-apple-more-than-$1b-finds-samsung-infringed (quoting Samsung press release) (Sabri Decl. Ex. C), and continues to this day. That attack is directed at, among other things, the same juror who is the target of Samsung's jury misconduct motion. *See* http://www.koreatimes.co.kr/www/news/nation/2012/08/182_118662.html (Sabri Decl. Ex. D).

Samsung's attacks are baseless, and its jury misconduct motion frivolous on its face. Among other failings, Samsung's motion does not even address, let alone disclose, when Samsung learned the facts on which it bases its misconduct allegations, and in particular, whether Samsung impermissibly delayed raising this issue, as the facts Samsung does disclose suggest. *See*, *e.g.*, *Robinson v. Monsanto Co.*, 758 F.2d 331, 335 (8th Cir. 1985) (party waived jury misconduct arguments where information disclosed at voir dire could have permitted discovery of information at issue).[1]

---

[1] On the afternoon of September 24, Apple asked Samsung to disclose how and when it learned of each of the facts underlying its allegations and notified Samsung of its intent to file an expedited

APPLE'S PARTIAL OPP. TO SAMSUNG'S MOT. TO SEAL & FOR ORDER PROHIBITING JUROR COMMUNICATIONS
CASE NO. 11-CV-01846-LHK
sf-3198561

2

Samsung's sealing motion is also defective, both because all the information it seeks to seal is public, and because Samsung failed to redact enough material from its jury misconduct motion and supporting papers to keep the substance of its allegations secret.  Notwithstanding the flaws in Samsung's sealing motion, Apple understands that accusations like the ones Samsung has made, however unwarranted, could cause a significant invasion of privacy of all the jurors and place an undue burden upon them.  If the Court concludes that that would be the case, Apple would not object to sealing of the juror misconduct portion of Samsung's JMOL Motion and related exhibits and to sealing of relevant portions of the opposition and reply on this issue.

## II. SAMSUNG'S "ADMINISTRATIVE" MOTION FOR AN ORDER PROHIBITING APPLE FROM COMMUNICATING WITH THE JURORS SHOULD BE DENIED.

The jury issued its verdict more than a month ago.  The Court advised the jurors at that time that they were "free to discuss [the case] with whomever [they'd] like," but "also free not to discuss the case with anyone."  (Trial Tr. at 4317:12-14, 21-23.)  The Court noted that "often the attorneys in a case find it useful to talk to jurors after the case is concluded to get their impressions," and "[t]here are also many members of the media here who would like to speak with you."  (Trial Tr. at 4317:14-20.)  A quick internet search reveals that *multiple* jurors have spoken with *multiple* media sources since that time.  *See*, *e.g.*, http://online.wsj.com/article/SB10000872396390444270404577612160843420578.html (Sabri Decl. Ex. E).

Despite this passage of time, Samsung now asks that the parties be "prohibit[ed] . . . from any *further* communications with jurors who served during the trial until the matters raised by [Samsung's JMOL] motion have been finally resolved."  (Mot. at 1 (emphasis added).)  This relief is not the proper subject of an administrative motion and can be denied on that ground alone.  *See* Civil L. R. 7-11.  Even if considered, Samsung's request should be denied on the merits.

First, Samsung's requested order would not serve Samsung's stated purpose of protecting jurors from "extra-judicial scrutiny and public criticism."  (Mot. at 1.)  Samsung asks that the *parties* be precluded from communicating with the jurors, but does not seek to bar the *media* from

---

motion to compel such disclosure if Samsung does not provide it voluntarily.  Apple is waiting for Samsung's response.

APPLE'S PARTIAL OPP. TO SAMSUNG'S MOT. TO SEAL & FOR ORDER PROHIBITING JUROR COMMUNICATIONS
CASE NO. 11-CV-01846-LHK
sf-3198561

3

communicating with the jurors—even though Samsung identifies "further inquiries from . . . the media and others" as a basis for its motion. (*Id.*; *see also* Dkt. No. 1990-2 (Proposed Order).) Apple has no intention of subjecting jurors to unwanted scrutiny or criticism, and Apple's Rule 50 and 59 motion did not provide any grounds for doing so. Samsung offers no basis for the Court to prevent Apple from contacting jurors until Samsung's JMOL Motion is fully resolved, which presumably includes any appeal. Apple notes that Samsung does not state whether *Samsung* has already contacted any of the jurors and is thus seeking now to bar Apple from an opportunity of which Samsung has already taken advantage.

Second, Samsung's authorities do not support its requested relief and actually contradict its position. *Kamakana v. City and County of Honolulu* did not involve juror interviews at all, but rather the "compelling reasons" standard for sealing. 447 F.3d 1172, 1179 (9th Cir. 2006). *Muhammad v. Woodford*, No. 04-cv-1856, 2008 U.S. Dist. LEXIS 119841, at *6 (E.D. Cal. Apr. 11, 2008), and *Bryson v. United States*, 238 F.2d 657, 655 (9th Cir. 1956), both specifically note that post-verdict interviews may be proper under certain circumstances. Samsung's requested order should be denied.

### III. EXHIBITS 14 AND 28 TO THE PIERCE DECLARATION SHOULD REMAIN SEALED.

Samsung also asks that the Court seal Exhibit Nos. 13, 14, 18, 19, and 28 to the Declaration of John Pierce in Support of Samsung's JMOL Motion, which contain information previously designated as confidential by Apple and third party Intel.

Apple has submitted the required declaration to support sealing for Exhibit Nos. 14 and 28. (Dkt. No. 1994.) The Court previously ordered that both exhibits be sealed, in full or in part, as they relate to capacity information and source code. (*See* Trial Tr. 1993:18-19 (Ex. 14); Dkt. No. 1649 at 8 (Ex. 28).) Apple no longer maintains a claim of confidentiality as to Exhibit Nos. 13 and 18 and does not object to their public filing. (Dkt. No. 1994 ¶ 3 .)

Samsung filed a corrected Exhibit No. 19 that does not require sealing, as the version admitted at trial was redacted of Intel-confidential information, and requested to remove the previous incorrectly-filed version. (Dkt. No. 2000-1.)

APPLE'S PARTIAL OPP. TO SAMSUNG'S MOT. TO SEAL & FOR ORDER PROHIBITING JUROR COMMUNICATIONS
CASE NO. 11-CV-01846-LHK
sf-3198561

4

| | | |
|---|---|---|
| Dated: September 25, 2012 | | MORRISON & FOERSTER LLP |
| | By: | */s/ Michael A. Jacobs* |
| | | Michael A. Jacobs |
| | | Attorneys for Plaintiff APPLE INC. |

APPLE'S PARTIAL OPP. TO SAMSUNG'S MOT. TO SEAL & FOR ORDER PROHIBITING JUROR COMMUNICATIONS
CASE NO. 11-CV-01846-LHK
sf-3198561

5