| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781)<br>hmcelhinny@mofo.com<br>MICHAEL A. JACOBS (CA SBN 111664)<br>mjacobs@mofo.com<br>RACHEL KREVANS (CA SBN 116421)<br>rkrevans@mofo.com<br>JENNIFER LEE TAYLOR (CA SBN 161368)<br>jtaylor@mofo.com<br>ALISON M. TUCHER (CA SBN 171363)<br>atucher@mofo.com<br>RICHARD S.J. HUNG (CA SBN 197425)<br>rhung@mofo.com<br>JASON R. BARTLETT (CA SBN 214530)<br>jasonbartlett@mofo.com<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, California 94105-2482<br>Telephone: (415) 268-7000<br>Facsimile: (415) 268-7522 | WILLIAM F. LEE<br>william.lee@wilmerhale.com<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>60 State Street<br>Boston, MA 02109<br>Telephone: (617) 526-6000<br>Facsimile: (617) 526-5000<br><br>MARK D. SELWYN (SBN 244180)<br>mark.selwyn@wilmerhale.com<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>950 Page Mill Road<br>Palo Alto, California 94304<br>Telephone: (650) 858-6000<br>Facsimile: (650) 858-6100 |

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No.   11-cv-01846-LHK (PSG)<br><br>**APPLE'S OPPOSITION TO SAMSUNG'S RENEWED APPLICATION TO DISSOLVE GALAXY TAB 10.1 PRELIMINARY INJUNCTION** |

Apple opposes Samsung's renewed application to dissolve the Galaxy Tab 10.1 preliminary injunction (Dkt. No. 2007), because Apple's recently-filed motion for permanent injunction and JMOL support continuation of the injunction based on (1) the jury verdict that the Tab 10.1 willfully infringes Apple's '381, '915, and '163 patents; and (2) JMOL that the Tab 10.1 infringes the D'889 patent, and also infringes and dilutes Apple's iPad/iPad 2 trade dress rights.

The Federal Circuit remanded the appeal so that this Court could consider "Samsung's motion and *Apple's arguments in opposition thereto.*" (Dkt. No. 2007-1 at 3 (emphasis added).) The Federal Circuit emphasized that it "takes no position on the proceedings the trial court should employ in considering the motion to dissolve the preliminary injunction or on the merits of the motion." (*Id.* at 3.) Thus, the Federal Circuit expressly left it for this Court to decide both the timing of its ruling (*i.e.*, whether to decide Samsung's motion now or to wait until the December 6 hearing on Apple's permanent injunction and JMOL motions) and the content of its ruling.

On September 17, 2012, this Court stated in its Order Denying Without Prejudice Samsung's Motion to Dissolve the June 26, 2012 Preliminary Injunction and Issuing Indicative Ruling that "based on the post-trial motions, the Court could, potentially, issue a permanent injunction on the Galaxy Tab 10.1." (Dkt. No. 1968 at 4.) That conclusion is reinforced by Apple's permanent injunction and JMOL motions, which Apple filed four days later on September 21. Apple demonstrated that the jury verdict that Samsung has willfully infringed Apple's '381, '915, and '163 patents by marketing the Galaxy Tab 10.1 (Wi-Fi) entitles Apple to a permanent injunction against that product because (1) Samsung's infringing sales impose irreparable harm on Apple; (2) the evidence shows a sufficient nexus between irreparable harm and the patented features; and (3) the balance of hardships and public interest both favor an injunction. (Dkt. No. 1982-1 at vi, 1-11.)

Apple also demonstrated that JMOL should be granted that the Galaxy Tab 10.1 infringes the D'889 patent because (1) the only reasonable conclusion from the evidence is that the Tab 10.1 looks substantially the same as the D'889 design, as indicated by this Court's prior finding of likely infringement and the Federal Circuit's denial of Samsung's appeal of that finding; and (2) Samsung's argument that the Tab 10.1 does not infringe because it does not have a highly

polished or reflective back was based on the erroneous claim construction that the D'889 patent requires a highly polished or reflective back. (Dkt. No. 1989 at 7-11.) Apple further demonstrated that JMOL should be granted that Apple's iPad/iPad 2 trade dress is protectable and famous, and that the Galaxy Tab 10.1 infringes and dilutes this trade dress. (*Id.* at 2-7.)

Apple's September 21 filing of its permanent injunction and JMOL motions is a significant new development that enables this Court to assess the merits of Apple's arguments. If Apple prevails on any of its permanent injunction or JMOL arguments related to the Tab 10.1, the preliminary injunction should be sustained, not dissolved. Indeed, in the context of the preliminary injunction, it is sufficient for Apple to show that it is likely to prevail on its arguments. Apple is very likely to prevail in obtaining a permanent injunction, in view of the jury's verdict that Samsung is willfully infringing Apple's three utility patents. Apple is also likely to obtain JMOL on the Tab 10.1 for the reasons set forth in Apple's motion. Thus, if this Court chooses to address the merits of Samsung's motion now, the motion should be denied.

Given that JMOL and permanent injunction motions have already been filed and that oppositions are due in just three weeks, Apple believes that the more logical course is for the Court to decide all issues of injunctive relief (including Samsung's motion to dissolve and Apple's motion for a permanent injunction) at the same time that it decides the related JMOL motions. Samsung cannot show any urgent need to decide its motion first, given that Samsung has admitted that the injunction will not cause significant harm because Samsung is already selling a successor product and the Tab 10.1 is nearing the end of its product life. (Dkt. No. 1171 at 11.) Finally, Samsung's motion, which seeks equitable relief, must be judged in the context of the jury's verdict on all patents: Samsung asks the Court to permit it to reinject into the market, in what would indisputably be an act of willful infringement, a product that has now been found to infringe three different Apple patents.

Accordingly, Apple respectfully requests that the Court either deny Samsung's motion to dissolve the Tab 10.1 preliminary injunction, or defer ruling on Samsung's motion until the arguments in Apple's permanent injunction and JMOL motions that support continuation of the injunction have been briefed and considered by this Court. Apple also requests that if the Court is

1 | considering granting Samsung's motion, it first hold a hearing so that Apple will have an
2 | opportunity to address at that hearing the important issues raised by this motion.

Dated: September 28, 2012          MORRISON & FOERSTER LLP


                                          By:   */s/ Rachel Krevans*
                                                        Rachel Krevans

                                                        Attorneys for Plaintiff
                                                        APPLE INC.