UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California corporation,<br><br>Plaintiff,<br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., A Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No.: 11-CV-01846-LHK<br><br>ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL; DENYING REQUEST FOR ORDER PROHIBITING COMMUNICATION WITH JURORS |

On September 21, 2012, Samsung filed a motion making two requests: to file portions of its Motion for Judgment as a Matter of Law and supporting documents under seal, and for an order prohibiting the parties from further communication with the jurors ("Mot."). ECF No. 1990. On September 25, 2012, Apple filed a partial opposition to this motion ("Opp'n"). ECF No. 2003.

**I.  Background**

On September 21, 2012, Samsung filed a redacted version of its Motion for Judgment as a Matter of Law raising nine distinct arguments. ECF No. 1990, Exh. 3. One of these arguments concerns the conduct of the jury during voir dire. This argument consumes two whole pages of the motion, as well as a single footnote later in the motion. Samsung seeks to seal this entire section of the Motion. In addition, Samsung seeks to seal almost all of the Declaration of Susan Estrich in

1

Case No.: 11-CV-01846-LHK
ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL; DENYING REQUEST FOR ORDER PROHIBITING COMMUNICATION WITH JURORS

support of that motion, and 15 exhibits attached to the Estrich Declaration. Samsung has cited these exhibits as evidence of "extensive media coverage" that the trial and deliberations have received. Mot. at 1.

Samsung further requests that the parties be "ordered to have no further contact with any of the jurors until the matters raised by the Rules 50 and 59 Motion have been finally resolved." *Id.*

Finally, Samsung has moved to seal five exhibits to the Declaration of John Pierce in Support of Samsung's Motion for Judgment as a Matter of Law pursuant to Civil Local Rule 79-5(d), because they have been designated as confidential by either Apple or Intel. The Court will consider each of these three requests in turn.

**II.     Motion to File Under Seal Samsung's Motion for Judgment as a Matter of Law**

As this Court has explained in its previous orders on Motions to Seal in this case, *see* ECF Nos. 1966, 1649, 1269 and 1256, there is a "strong presumption in favor of access." *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). In order to overcome this strong presumption, a party seeking to seal a judicial record must articulate justifications for sealing that outweigh the public policies favoring disclosure. *See id.* at 1178-79. Because the public's interest in non-dispositive motions is relatively low, a party seeking to seal a document attached to a non-dispositive motion need only demonstrate "good cause." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (applying "good cause" standard to all non-dispositive motions, because such motions "'are often unrelated, or only tangentially related, to the underlying cause of action'" (citing *Kamakana*, 447 F.3d at 1179)). Conversely, "the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the 'public's understanding of the judicial process and of significant public events.'" *Kamakana*, 447 F.3d at 1179 (quoting *Valley Broadcasting Co. v. U.S. Dist. Court for Dist. of Nev.*, 798 F.2d 1289, 1294 (9th Cir. 1986)). Thus, a party seeking to seal a judicial record attached to a dispositive motion or presented at trial must articulate "compelling reasons" in favor of sealing. *See id.* at 1178. This reasoning applies equally to potentially dispositive motions made during or after trial, such as motions for judgment as a matter of law, which, like summary judgment motions and trials, resolve

2

Case No.: 11-CV-01846-LHK
ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL; DENYING REQUEST FOR ORDER PROHIBITING COMMUNICATION WITH JURORS

the merits of a case.  Accordingly, to prevail on this motion, Samsung would need to demonstrate compelling reasons for sealing.

Samsung's articulated reason for sealing here is "to protect both the privacy of the jurors and the integrity of the process." Mot. at 1.  This reason might satisfy the "good cause" standard. *See Kamakana*, 447 F.3d at 1180 ("[I]f 'good cause' is shown in discovery, a district court may issue 'any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'") (citing Fed. R. Civ. P. 26).  But as the Ninth Circuit has explained, "[a] 'good cause' showing will not, without more, satisfy a 'compelling reasons' test." *Id.*  "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (citing *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 598 (1978)).  There is no indication of such purposes here.

There is, of course, an important interest in protecting the privacy of jurors.  *See Press-Enterprise Co. v. Superior Court of California, Riverside County*, 464 U.S. 501, 514 (1984) (Blackmun, J., concurring).  For instance, the Supreme Court has noted that in the context of jury selection in a criminal trial, there may be "a compelling interest of a prospective juror when interrogation touches on deeply personal matters that person has legitimate reasons for keeping out of the public domain." *Press-Enterprise*, 464 U.S. at 511.  However, the information Samsung seeks to seal here relates not to something private, but to matters that are already public in that they are the subject of publically filed lawsuits and extensive news reporting.  *See* Mot. at 1; Exhibits to Declaration of Nathan Sabri in Support of Opp'n.

Further, because the trial has already been completed, there is no longer any need to avoid the "risk that members of the public, press or non-press, could approach the jurors and attempt to influence the verdict in the case." *U.S. v. Bonds*, 2011 WL 902207 (N.D.Ca, March 14, 2011) (ruling that the names of jurors in a high-profile case could be released only after the verdict was

3

Case No.: 11-CV-01846-LHK
ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL; DENYING REQUEST FOR ORDER PROHIBITING COMMUNICATION WITH JURORS

announced). And the interest in protecting the secrecy and integrity of the deliberative process, which has prompted some judicial concern about post-verdict interviews, is not implicated here, since the motion concerns voir dire, not deliberations. *See, e.g.*, *Traver v. Meshriy*, 627 F.2d 934, 941 (9th Cir. 1980) ("Because a verdict may not be impeached on the basis of the jury's internal deliberations or the manner in which it arrived at its verdict, the practice of counsel in propounding questions on these subjects to jurors after trial should be discouraged."); *Smith v. Cupp*, 457 F.2d 1098, 1100 (9th Cir. 1972) ("Moreover, this court has held, in a federal case, that it is improper and unethical for lawyers to interview jurors to discover what was the course of deliberation of a trial jury.").

Additionally, all of the exhibits attached to the Estrich Declaration are already publically available, either because they come from public websites or because they are documents from other court cases that have not been sealed. This Court has previously ruled that information that is already in the public record fails even to satisfy the "good cause" standard. *See* Order Denying Motions to Seal, ECF No. 1269, at 3.

In sum, though there is an important interest in protecting juror privacy, the subjects of Samsung's Motion for Judgment as a Matter of Law are not private matters. Given the very important interest in the "public's understanding of the judicial process and of significant public events," *Valley Broadcasting*, 798 F.2d at 1294, there is simply not a strong enough interest in privacy at stake here to justify denying the public access to the content of Samsung's arguments. Accordingly, neither Samsung's Motion for Judgment as a Matter of Law, nor the documents supporting it, can meet the "compelling reasons" standard. Samsung's motion to file portions of its Motion, the Estrich Declaration, and the Exhibits to the Estrich Declaration under seal is DENIED with prejudice.

### III.   Request for Order Prohibiting Parties from Communicating with Jurors

Samsung's second request is for an order prohibiting the parties from further communicating with the jurors. This request comes too late. The parties have already had some opportunity to speak to the jurors. *See* Trial Tr. at 4317:12-20 (advising jurors that the attorneys

4

and media may wish to speak with them, and that they may do so).  Prohibiting the parties from speaking to the jurors now, after Samsung has placed the jurors' conduct in issue having had a full opportunity to speak with them in presenting its argument, could unfairly prejudice Apple, who would be forced to respond without the same level of access.  Further, Samsung cites, and the Court is aware of, no law supporting Samsung's position that such an order would be appropriate.  As explained above, the Ninth Circuit cases discussing the propriety of post-verdict juror interviews address discussion of the deliberative process, not voir dire.

Finally, such an order would not accomplish Samsung's stated goal of protecting the jurors from "extra-judicial scrutiny and public criticism."  Mot. at 1.  An order restraining the parties would not prevent the media from continuing to speak with jurors, which they have continued to do in the weeks following trial.  *See, e.g.*, Alison Frankel and Dan Levine, "What's behind Samsung's claims of jury misconduct in Apple patent win?"  San Jose Mercury News, September 26, 2012 (quoting juror on the issues raised in Samsung's Motion for Judgment as a Matter of Law).  Accordingly, Samsung's request for an order prohibiting the parties from communicating with jurors is DENIED with prejudice.

### IV.   Motion to Seal Pursuant to Civil Local Rule 79-5(d)

Finally, Samsung has moved to seal five exhibits to the Declaration of John Pierce in Support of Samsung's Motion for Judgment as a Matter of Law on the grounds that Apple and/or Intel have designated them as confidential.  On September 24, 2012, Apple filed the Declaration of Cyndi Wheeler in support of this request.  ECF No. 1994.  In that Declaration, Apple specifically disavowed any desire to seal Exhibits 13 or 18.  Accordingly, Samsung's motion is DENIED with prejudice as to exhibits 13 and 18.

Apple does seek to seal Exhibit 14.  This document was admitted as a trial exhibit, PX25A1, and this Court ordered it partially sealed before its introduction at trial.  *See* ECF No. 1649 at 6-7.  Specifically, this Court found that the confidential capacity data in the document met the "compelling reasons" standard and approved redactions of that confidential capacity data.

Accordingly, Samsung's motion is GRANTED in so far as it seeks to seal only the parts of this document that the Court previously ordered sealed.

Apple also seeks to seal Exhibit 28. This is also an admitted trial exhibit, DX645, which the Court previously ordered sealed, on the grounds that the exhibit contains confidential source code, and thus meets the "compelling reasons" standard. *See* ECF No. 1649 at 8. Accordingly, consistent with this Court's prior order, Samsung's motion to seal Exhibit 28 is GRANTED.

As to the fifth document Samsung moved to seal, Exhibit 19, Samsung indicated that it had been designated as confidential by Intel. Mot at 2. Intel has not filed any supporting declaration, as required by Civil Local Rule 79-5(d). Accordingly, Samsung's motion is DENIED without prejudice as to exhibit 19.

**IT IS SO ORDERED.**

Dated: September 28, 2012

_____
LUCY H. KOH
United States District Judge