United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff and Counterdefendant,<br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants and Counterclaimants. | Case No.: 11-CV-01846-LHK<br><br>ORDER GRANTING SAMSUNG'S MOTION TO DISSOLVE THE JUNE 26, 2012 PRELIMINARY INJUNCTION<br><br>(re: dkt. #1936) |

On June 26, 2012, the Court preliminarily enjoined Samsung from "making, using, offering to sell, or selling within the United States, or importing into the United States, Samsung's Galaxy Tab 10.1 tablet computer, and any product that is no more than colorably different from this specified product and embodies any design contained in U.S. Design Patent No. D504,889." ECF No. 1135 ("June 26 Preliminary Injunction") at 7. Samsung timely filed a notice of appeal that same day, and that appeal remains pending before the Federal Circuit. After the conclusion of a three-week trial in this case, the jury returned a verdict finding that the Galaxy Tab 10.1 does not infringe Apple's D'889 Patent. ECF No. 1930 at 7; ECF No. 1931 at 7. Judgment was entered in favor of Apple and against Samsung on August 24, 2012. ECF No. 1933 ("August 24 Judgment").

United States District Court
For the Northern District of California

Based on what it claimed to be the Court's "ent[ry of] final judgment reflecting the jury verdict," on August 26, 2012, Samsung filed a motion for the Court to dissolve the June 26 Preliminary Injunction and to retain the $2.6 million bond posted by Apple pending determination of damages suffered by Samsung as a result of the injunction. ECF No. 1936 ("Mot.") at 2. Pursuant to the briefing schedule set by the Court, Apple filed an opposition on September 10, 2012, *see* ECF No. 1963 ("Opp'n"), and Samsung filed a reply on September 14, 2012, *see* ECF No. 1967 ("Reply"). Finding that it had no jurisdiction to dissolve the injunction while the appeal was pending, this Court then denied without prejudice Samsung's motion to dissolve, and issued an indicative ruling pursuant to Federal Rule of Civil Procedure 62.1 that Samsung's motion raises a substantial issue. ECF No. 1968. On September 28, 2012, the Federal Circuit issued a limited remand order to permit this Court to rule on the motion to dissolve. ECF No. 2007.

First, notwithstanding Samsung's characterization of the August 24 Judgment as "final" in its opening brief, the parties now agree that, because the August 24 Judgment referred simply to the jury verdict and did not resolve all substantive remedies, including Apple's requests for injunctive relief and enhanced damages, the judgment is not "final" for purposes of appeal. *See* Opp'n at 3; Reply at 1; *see also Riley v. Kennedy*, 553 U.S. 406, 419 (2008) ("[A]n order resolving liability without addressing a plaintiff's requests for relief is not final."). Accordingly, the August 24 Judgment likewise is not a final judgment as would automatically dissolve the June 26 Preliminary Injunction. *Cf. U.S. Philips Corp. v. KBC Bank N.V.*, 590 F.3d 1091, 1093-94 (9th Cir. 2010) ("A preliminary injunction imposed according to the procedures outlined in Federal Rule of Civil Procedure 65 dissolves *ipso facto* when a final judgment is entered in the cause.").

Samsung asks this Court to dissolve the injunction and retain Apple's bond pursuant to Federal Rule of Civil Procedure 62.1(c). Reply at 3. Apple opposes this request on grounds that "Samsung's motion cannot fairly be decided without resolving Apple's motions for JMOL that the Tab 10.1 infringes the D'889 patent and for an injunction based on the verdict that the Tab 10.1 infringes the '381, '915, and '163 patents." Opp'n at 4. Apple argues that the parties are currently briefing motions that could entitle Apple to a permanent injunction against the Galaxy Tab 10.1,

United States District Court
For the Northern District of California

and that, "[i]f the Tab 10.1 injunction were dissolved and then reinstated, this would be confusing to the market and would undermine the orderly administration of justice." Opp'n at 5.

The Court agrees with Samsung that the sole basis for the June 26 Preliminary Injunction was the Court's finding that Samsung likely infringed the D'889 Patent. The jury has found otherwise. Thus, the sole basis for the June 26 Preliminary Injunction no longer exists. Based on these facts alone, the Court finds it proper to dissolve the injunction. "Because injunctive relief is drafted in light of what the court believes will be the future course of events, . . . a court must never ignore significant changes in the law or circumstances underlying an injunction lest the decree be turned into an 'instrument of wrong.'"[1] *Salazar v. Buono*, 130 S. Ct. 1803, 1816 (2010) (plurality opinion) (quoting 11A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2961, at 393-94 (quoting *United States v. Swift & Co.*, 286 U.S. 106, 115 (1932))); *see Sys. Fed'n No. 91 v. Wright*, 364 U.S. 642, 647-48 (1961) (holding that a district court has "wide discretion" to modify an injunction based on changed circumstances or new facts); *A&M Records, Inc. v. Napster, Inc.*, 284 F.3d 1091, 1098 (9th Cir. 2002) (same). The jury's finding of non-infringement based on all the evidence presented at trial clearly constitutes such a significant change in circumstances. *Cf. Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1350-51 (Fed. Cir. 2001) (holding that a preliminary injunction should not issue if the non-moving party "raises a substantial question concerning either infringement or invalidity, *i.e.*, asserts an infringement or invalidity defense that the patentee cannot prove 'lacks substantial merit'" (quoting *Genentech, Inc. v. Novo Nordisk, A/S*, 108 F.3d 1361, 1364 (Fed. Cir. 1997)).

Moreover, the Court does not agree with Apple that Samsung's motion for dissolution of the June 26 Preliminary Injunction cannot be fairly decided without resolving Apple's post-trial motions. Even if Apple ultimately prevails on its post-trial motions, any permanent injunction would be prospective and not retroactive.[2] Furthermore, the public has no interest in enjoining a

---

[1] As noted by the Ninth Circuit, a party may be "wrongfully enjoined" without a preliminary injunction having been "wrongfully issued." *See Nintendo of Am., Inc. v. Lewis Galoob Toys, Inc.*, 16 F.3d 1032, 1036 n.4 (9th Cir. 1994) (affirming execution of bond upon determining defendant had been wrongfully enjoined, despite having upheld the district court's issuance of the preliminary injunction in an earlier appeal).

[2] The Court is not in any way commenting on the merits of any of the parties' post-trial motions.

United States District Court
For the Northern District of California

non-infringing product, and thus any market disruption caused by dissolution would be insignificant compared to Samsung's interest in restoring its product to market. Accordingly, the Court GRANTS Samsung's motion to dissolve the June 26 Preliminary Injunction.

Finally, Samsung has requested that the Court retain the $2.6 million bond that Apple posted as a condition of obtaining the preliminary injunction. *See* ECF No. 1135. The purpose of this bond is "to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). The Ninth Circuit[3] has held that "wrongfully enjoined" means that a party "had the right all along to do what it was enjoined from doing." *Nintendo of Am. Inc. v. Lewis Galoob Toys, Inc.*, 16 F.3d 1032, 1036 (9th Cir. 1994). The question of whether Samsung was wrongfully enjoined is inextricably intertwined with the Court's resolution of the post-trial motions. Accordingly, the Court will retain the bond pending resolution of the post-trial motions. After the Court issues its Order on those motions, it will invite the parties to submit a proposed briefing schedule on any issues remaining concerning the preliminary injunction.

**IT IS SO ORDERED.**

Dated: October 1, 2012

Lucy H. Koh

LUCY H. KOH
United States District Judge

[3] The law of the regional circuit governs issues relating to injunctions and bonds in patent cases. *See Hupp v. Siroflex of America, Inc.*, 122 F.3d 1456, 1467 (Fed. Cir. 1997).