# EXHIBIT A



**From:** Susan R. Estrich [mailto:susanestrich@quinnemanuel.com]
**Sent:** Thursday, September 27, 2012 12:22 PM
**To:** Krevans, Rachel; Bartlett, Jason R.; Victoria Maroulis
**Cc:** Samsung v. Apple; ''WHAppleSamsungNDCalService@wilmerhale.com' (WHAppleSamsungNDCalService@wilmerhale.com)'; AppleMoFo; Dylan Proctor; John M. Pierce; Borenstein, Ruth N.
**Subject:** RE: Apple v. Samsung - Samsung's allegations of juror misconduct

Rachel:

I have just returned to the office from the Yom Kippur holiday.  We will provide a declaration per your request by Monday, and are doing so subject to your agreement that this does not constitute and you will not argue constitutes a waiver of any privilege.

Best regards,

Susan Estrich

**Susan R. Estrich**
*Partner*
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
213-443-3193 Direct
213-443-3000 Main Office Number
213-443-3100 Fax
susanestrich@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Krevans, Rachel [mailto:RKrevans@mofo.com]
**Sent:** Thursday, September 27, 2012 12:17 PM
**To:** Bartlett, Jason R.; Victoria Maroulis
**Cc:** Samsung v. Apple; ''WHAppleSamsungNDCalService@wilmerhale.com' (WHAppleSamsungNDCalService@wilmerhale.com)'; AppleMoFo; Susan R. Estrich; Dylan Proctor; John M. Pierce;

Borenstein, Ruth N.
**Subject:** RE: Apple v. Samsung - Samsung's allegations of juror misconduct

Vicki, it is now past noon on Thursday, the time at which you promised a response to the request we made this past Monday. Please give us your response by 1 pm today or we will be forced to file without it and let the Court know that you refused to respond.

---

**From:** Bartlett, Jason R.
**Sent:** Tuesday, September 25, 2012 4:51 PM
**To:** 'Victoria Maroulis'
**Cc:** 'Samsung v. Apple'; "WHAppleSamsungNDCalService@wilmerhale.com' (WHAppleSamsungNDCalService@wilmerhale.com)'; AppleMoFo; Krevans, Rachel; 'Susan R. Estrich'; 'Dylan Proctor'; 'John M. Pierce'
**Subject:** RE: Apple v. Samsung - Samsung's allegations of juror misconduct

Vicki,

The information is relevant to whether Samsung has preserved arguments concerning juror misconduct. Apple confirms that Apple will not argue waiver of privilege due to Samsung's provision of the requested declaration.

Jason


Jason R. Bartlett
Morrison Foerster

-----Original Message-----
**From:** Victoria Maroulis [victoriamaroulis@quinnemanuel.com]
**Sent:** Tuesday, September 25, 2012 03:48 PM Pacific Standard Time
**To:** Bartlett, Jason R.
**Cc:** Samsung v. Apple; "WHAppleSamsungNDCalService@wilmerhale.com' (WHAppleSamsungNDCalService@wilmerhale.com)'; AppleMoFo; Krevans, Rachel; Susan R. Estrich; Dylan Proctor; John M. Pierce
**Subject:** RE: Apple v. Samsung - Samsung's allegations of juror misconduct

Jason,

As I previously stated, we are unable to get back to you today because of the holiday. We can get back to you by noon on Thursday. To facilitate the process, please advise why Apple considers this information relevant and please confirm that should Samsung provide the requested declaration, Apple will not argue any waiver of privilege.

Vicki

---

**From:** Bartlett, Jason R. [mailto:JasonBartlett@mofo.com]
**Sent:** Tuesday, September 25, 2012 2:42 PM
**To:** Victoria Maroulis
**Cc:** Samsung v. Apple; "WHAppleSamsungNDCalService@wilmerhale.com' (WHAppleSamsungNDCalService@wilmerhale.com)'; AppleMoFo; Krevans, Rachel; Susan R. Estrich; Dylan Proctor; John M. Pierce
**Subject:** RE: Apple v. Samsung - Samsung's allegations of juror misconduct

2

Vicki,

We certainly respect the Jewish holiday that begins at sundown today, which is being observed by several members of our team (including people working on a response to your sealing motion that is due today). However due to the urgency of this matter, we cannot wait until Friday.

Jason



Jason Bartlett
Morrison & Foerster

-----Original Message-----
**From:** Victoria Maroulis [victoriamaroulis@quinnemanuel.com]
**Sent:** Tuesday, September 25, 2012 10:53 AM Pacific Standard Time
**To:** Bartlett, Jason R.
**Cc:** Samsung v. Apple; "WHAppleSamsungNDCalService@wilmerhale.com' (WHAppleSamsungNDCalService@wilmerhale.com)'; AppleMoFo; Krevans, Rachel; Susan R. Estrich; Dylan Proctor; John M. Pierce
**Subject:** RE: Apple v. Samsung - Samsung's allegations of juror misconduct

Dear Jason,

We are considering Apple's request. In view of the Jewish holiday that begins today and the fact that several of our key team members will not be available until Thursday, we will respond to your inquiry by Friday morning.

Vicki


**Victoria Maroulis**
*Partner,*
**Quinn Emanuel Urquhart & Sullivan, LLP**

555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
650-801-5022 Direct
650.801.5000 Main Office Number
650.801.5100 FAX
victoriamaroulis@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.


**From:** Bartlett, Jason R. [mailto:JasonBartlett@mofo.com]
**Sent:** Monday, September 24, 2012 5:21 PM
**To:** Victoria Maroulis
**Cc:** Samsung v. Apple; 'WHAppleSamsungNDCalService@wilmerhale.com' (WHAppleSamsungNDCalService@wilmerhale.com); AppleMoFo; Krevans, Rachel
**Subject:** Apple v. Samsung - Samsung's allegations of juror misconduct

Dear Vicki,

Samsung's motion for new trial does not disclose how and when it learned of the facts underlying its allegations that the judicial process was tainted.  Will Samsung agree to provide by tomorrow a sworn declaration disclosing that information?  If not, please let us know by tomorrow morning whether Samsung will agree to shorten time on a motion to compel Samsung to do so.

Apple proposes that Samsung respond within two business days after Apple's motion is filed and that the Court thereafter decide the matter without a hearing.

Sincerely,

Jason

Jason R. Bartlett
Morrison & Foerster
425 Market St.
San Francisco, CA  94105
Direct: 415.268.6615

---------------------------------------------------------------------
To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

For information about this legend, go to
http://www.mofo.com/Circular230/

============================================================================

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail @mofo.com, and delete the message.

---------------------------------------------------------------------


---------------------------------------------------------------------
To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

For information about this legend, go to
http://www.mofo.com/Circular230/

============================================================================

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail @mofo.com, and delete the message.

---------------------------------------------------------------------

---------------------------------------------------------------------

To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

For information about this legend, go to
http://www.mofo.com/Circular230/

============================================================================

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail @mofo.com, and delete the message.

---------------------------------------------------------------------

---------------------------------------------------------------------

To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

For information about this legend, go to
http://www.mofo.com/Circular230/

============================================================================

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail @mofo.com, and delete the message.

---------------------------------------------------------------------

# EXHIBIT B

Login to OnePass | Settings | Help     SEARCH

# THOMSON REUTERS NEWS & INSIGHT


Featuring content from WESTLAW

**LEGAL**     HOME     NEWS     INSIGHT     LEGAL MATERIALS



## Samsung goes after jury foreman in bid to reverse Apple verdict

9/25/2012                                               COMMENTS (0)

By Alison Frankel and Dan Levine

Samsung doesn't want you to know why it believes juror misconduct tainted the $1.05 billion verdict that a San Jose federal court jury delivered to Apple in August. Its lawyers at **Quinn Emanuel Urquhart & Sullivan** redacted that entire section of the motion for judgment as a matter of law that they filed Friday with U.S. District Judge Lucy Koh in San Jose, California. But from a close examination of the statute and cases Samsung cited in the redacted section, we've discerned Samsung's two-pronged argument for juror misconduct: The nine-person jury improperly considered extraneous evidence during deliberations and jury foreman Velvin Hogan failed to disclose in voir dire that he was involved in 1993 litigation with a former employer that led him and his wife to declare personal bankruptcy.

In an exclusive interview Tuesday about Samsung's secret new allegations, Hogan, an engineer, confirmed that he was a party in two cases cited in Samsung's brief, a 1993 case from municipal court in Santa Cruz titled Seagate Technology v. Hogan and a 1993 federal bankruptcy case titled In re Velvin R. Hogan. According to Hogan, when Seagate hired him in the 1980s and he moved from Colorado to California, his new employer agreed to split the cost of paying off the mortgage on his Colorado home. But after Hogan was laid off in the early 1990s, he told us, Seagate claimed he owed the company that money. Hogan said he sued Seagate for fraud, Seagate countersued, and he ultimately declared personal bankruptcy to protect his house.

Can Quinn Emanuel credibly argue that Koh needs to hold a hearing to determine whether Hogan's failure to disclose the 1993 litigation is grounds to throw out an unrelated patent infringement verdict for Apple? Again, we don't know precisely what Samsung's argument is, but several of the cases it cited in the new brief's table of authorities concern juror bias and the failure to disclose relevant information in the jury selection process. In U.S. v. Perkins, for instance, the 11th Circuit Court of Appeals ruled in 1984 that the defendant in a criminal obstruction of justice case was entitled to a new trial because a juror didn't reveal that he had previously been both a defendant in a civil case over stolen union funds and a witness in a criminal case involving the firebombing of a union hall. In a 1989 2nd Circuit ruling called U.S. v. Colombo, the court called for an evidentiary hearing on whether a juror deliberately failed to disclose that her brother-in-law was a government prosecutor in order to get on the jury, and held that if she hid her ties to the government, convictions in a huge Mafia racketeering case must be vacated.

The new Samsung brief also cited two relevant 9th Circuit cases, one criminal and one civil. In 1989, in Hard v. Burlington Northern, the appeals court ruled that the district court must hold an evidentiary hearing to find out whether a juror lied in voir dire to cover up his former employment with the railroad and then tainted deliberations by telling other jurors about the railroad's workers' compensation policies. And a divided en banc court emphasized the importance of probing for juror bias in the 1998 case Dyer v. Calderon, in which the appeals court said a state judge hadn't adequately checked the story of a juror in a double homicide case who said her brother had been shot accidentally when, in fact, his killer had been prosecuted. "A court confronted with a colorable claim of juror bias must undertake an investigation of the relevant facts and circumstances," the 9th Circuit held.

Samsung appears to be arguing that Hogan's previous litigation with Seagate may have biased him. The cases it cited suggest that, at the very least, the company wants Koh to hold an evidentiary hearing on Hogan's failure to reveal the 1993 litigation in voir dire.

Hogan told us Tuesday that he didn't mention the 1993 Seagate case or bankruptcy in the jury selection process because he wasn't asked specifically to disclose every case he'd ever been involved in. According to a complete transcript of voir dire, Koh asked jurors, "Have you or a family member or someone very close to you ever been involved in a lawsuit, either as a plaintiff, a defendant or as a witness?" In answering that question, Hogan said that in 2008, after the failure of a company he founded, a programmer sued him in a dispute over ownership of software they developed. He also said he lost his house after his start-up failed (and disclosed his ownership of a patent), but he did not mention the 1993 cases.

Hogan became something of a celebrity after the Apple verdict was announced. Reuters published the first interview with him the day after the trial ended, then the foreman spoke to many other publications and sat for a 15-minute video interview with Bloomberg. His post-trial comments led some commenters to question whether the jury placed undue reliance on his explanations of the relevant law and calculations of damages. Samsung's brief appears to

### RELATED COURT DOCUMENTS & INSIGHT

Dyer v. Calderon
Hard v. Burlington Northern RR
U.S. v. Perkins
U.S. v. Colombo
Apple v. Samsung -- transcript
Samsung's notice of motion



**Pom loses another round in ad with FTC. Not that it matters** read more »

**The next target for Dodd-Frank haters: SEC 'conflict minerals' rule** read more »

**Attention bankruptcy lawyers: Creditors want to cut your fees** read more »

make this argument as well. The table of authorities cited Rule 606(b) of the Federal Rules of Civil Evidence, which says that jurors may be called to testify about (among a very few other things) "extraneous prejudicial information (that) was brought to the jury's attention." That citation adds to the evidence that Samsung wants Koh to hold a hearing in which the jury answers questions about Hogan.

It will be tough for Samsung to show that a 20-year-old financial dispute between Hogan and his onetime employer had a direct bearing on the jury award in this case; and Quinn partners **Charles Verhoeven** and **Michael Zeller** didn't return my calls requesting comment. But Hogan, for one, doesn't fault Samsung or its lawyers for trying. "They've got a job to do and I don't hold that against them," he told us.

Follow us on Twitter @AlisonFrankel, @ReutersLegal  | Like us on Facebook

**Register or log in** to comment.

© 2012 THOMSON REUTERS

CONTACT US   PRIVACY POLICY   TERMS OF USE   COPYRIGHT   SITE MAP