Estrich Declaration

# EXHIBIT A

| ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME AND ADDRESS) | TELEPHONE NO. | FOR COURT USE ONLY |
|---|---|---|
| Michael F. Grady<br>BERGESON & ELIOPOULOS<br>Ten Almaden Boulevard, Suite 200<br>San Jose, CA 95113<br>ATTORNEY FOR (NAME): Seagate Technology, Inc. | (408) 25_-_200 | **FILED**<br>JUN 30 1993<br>PAUL AHERN, CLERK<br>BY JANICE WARD<br>DEPUTY, SANTA CRUZ COUNTY |

Insert name of court, judicial district or branch court, if any, and post office and street address:
Santa Cruz County Municipal Court
701 Ocean Street, Room 120
Santa Cruz, CA 95060

PLAINTIFF: Seagate Technology, Inc.

DEFENDANT: Velvin Hogan

☐ DOES 1 TO ____

**CONTRACT**
[X] COMPLAINT   ☐ CROSS-COMPLAINT

CASE NUMBER: MS 93 0919

1. This pleading, including exhibits and attachments, consists of the following number of pages: 4

2. a. Each plaintiff named above is a competent adult
   [X] Except plaintiff (name): Seagate Technology, Inc.

   [X] a corporation qualified to do business in California
   ☐ an unincorporated entity (describe):
   ☐ other (specify):

   b. [X] Plaintiff (name): Seagate Technology, Inc.
   [X] has complied with the fictitious business name laws and is doing business under the fictitious name of (specify): Seagate Technology
   ☐ has complied with all licensing requirements as a licensed (specify):

   c. ☐ Information about additional plaintiffs who are not competent adults is shown in Complaint-Attachment 2c.

3. a. Each defendant named above is a natural person
   ☐ Except defendant (name):                          ☐ Except defendant (name):

   ☐ a business organization, form unknown            ☐ a business organization, form unknown
   ☐ a corporation                                     ☐ a corporation
   ☐ an unincorporated entity (describe):              ☐ an unincorporated entity (describe):

   ☐ a public entity (describe):                       ☐ a public entity (describe):

   ☐ other (specify):                                  ☐ other (specify):

   b. The true names and capacities of defendants sued as Does are unknown to plaintiff.
   c. ☐ Information about additional defendants who are not natural persons is contained in Complaint-Attachment 3c.
   d. ☐ Defendants who are joined pursuant to Code of Civil Procedure section 382 are (names):

(Continued)

If this form is used as a cross-complaint, plaintiff means cross-complainant and defendant means cross-defendant.

Form Approved by the
Judicial Council of California
60   Effective January 1, 1982
Rule 982.1(20)

**COMPLAINT - Contract**

CCP 425.12

**COMPLAINT-Contract**

Page two

4. ☐ Plaintiff is required to comply with a claims statute, and
   a. ☐ plaintiff has complied with applicable claims statutes, or
   b. ☐ plaintiff is excused from complying because *(specify):*

5. ☐ This action is subject to ☐ Civil Code section 1812.10 ☐ Civil Code section 2984.4.

6. This action is filed in this ☒ county ☒ judicial district because
   a. ☒ a defendant entered into the contract here.
   b. ☐ a defendant lived here when the contract was entered into.
   c. ☐ a defendant lives here now.
   d. ☒ the contract was to be performed here.
   e. ☐ a defendant is a corporation or unincorporated association and its principal place of business is here.
   f. ☐ real property that is the subject of this action is located here.
   g. ☐ other *(specify):*

7. ☐ The following paragraphs of this pleading are alleged on information and belief *(specify paragraph numbers):*

8. ☐ Other:

9. The following causes of action are attached and the statements above apply to each: *(Each complaint must have one or more causes of action attached.)*
   ☒ Breach of Contract        ☐ Common Counts
   ☐ Other *(specify):*

10. PLAINTIFF PRAYS
    For judgment for costs of suit; for such relief as is fair, just, and equitable; and for
    ☒ damages of $ 25,000
    ☒ interest on the damages ☐ according to proof ☒ at the rate of  10   percent per year
    from *(date):* July 19, 1991
    ☐ attorney fees ☐ of $_____ ☐ according to proof.
    ☐ other *(specify):*

Michael F. Grady . . . . . . . .        *(Signature of plaintiff or attorney)*
(Type or print name)

*(If you wish to verify this pleading, affix a verification.)*

Page two

| FIRST | CAUSE OF ACTION - Breach of Contract | Page 3 |
|---|---|---|
| (number) | | |

ATTACHMENT TO ☒ Complaint ☐ Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

BC-1. Plaintiff *(name):* Seagate Technology, Inc.

   alleges that on or about *(date):* July 17, 1989
   a ☒ written ☐ oral ☐ other *(specify):*
   agreement was made between *(name parties to agreement):* plaintiff and Velvin Hogan

   ☒ A copy of the agreement is attached as Exhibit A, or
   ☐ The essential terms of the agreement ☐ are stated in Attachment BC-1 ☐ are as follows *(specify):*

BC-2. On or about *(dates):* April 19, 1992
   defendant breached the agreement by ☐ the acts specified in Attachment BC-2 ☒ the following acts
   *(specify):* Failure to repay plaintiff the principal sum of $25,000.00, together with accrued interest thereon, within 270 days of defendant's termination of employment with plaintiff which occurred on or about July 19, 1991

BC-3. Plaintiff has performed all obligations to defendant except those obligations plaintiff was prevented or excused from performing.

BC-4. Plaintiff suffered damages legally (proximately) caused by defendant's breach of the agreement
   ☐ as stated in Attachment BC-4 ☒ as follows *(specify):* The principal sum of $25,000.00 plus prejudgment interest thereon from July 19, 1991 at the agreed rate of ten percent

BC-5. ☐ Plaintiff is entitled to attorney fees by an agreement or a statute
   ☐ of $
   ☐ according to proof.

BC-6. ☐ Other:

---

61   Form Approved by the
     Judicial Council of California
     Effective January 1, 1982
     Rule 982.1(21)

**CAUSE OF ACTION - Breach of Contract**

CCP 425.12

$25,000.00                                          Scotts Valley, California

                                                    July 17, 1989


FOR VALUE RECEIVED, Velvin Hogan ("Employee") promises to pay
SEAGATE TECHNOLOGY ("Company"), 920 Disc Drive, Scotts Valley,
California, 95066, on order, on June 30, 1990 the sum of TWENTY
FIVE THOUSAND DOLLARS with interest at TEN PERCENT (10%) per
annum, interest to be forgiven so long as Employee remains in
Seagate's employment. Employee further agrees to apply FIFTY
PERCENT (50%) of any bonus received, net of tax, to payment of
principal and any interest due on the note starting with the
bonus payment for calendar quarter performance beginning
April 1, 1989.

Any unpaid balance is due and payable within 270 days of
Employee's termination of employment with Seagate or sale of the
Employee's real property, whichever occurs first.

This note is subject to Section 2966 of the Civil Code, which
provides that the holder of this note shall give written notice
to the Trustor, or his successor in interest, of prescribed
information at least 60 and not more than 150 days before any
balloon payment is due.

This note supersedes any and all past note agreements with
Employee. The Employee will be forgiven past interest charges
that may have accrued and were unpaid.


                                            _____
                                            Velvin Hogan

B10 (Official Form 10)
(Rev. 6/91)

| United States Bankruptcy Court<br>NORTHERN District of CALIFORNIA | PROOF OF CLAIM | 1994 FEB 28 AM 10:33 |
|---|---|---|

In re (Name of Debtor) VELVIN R. HOGAN and CAROL K. HOGAN

Case Number 93-58291-MM

PAUL G. KA[...] CLERK
U.S. BANKR[...] COURT
SAN JOSE, [...]

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" of payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor
(The person or entity to whom the debtor owes money or property)
Seagate Technology, Inc.

Name and Addresses Where Notices Should be Sent
c/o Michael F. Grady
Bergeson, Eliopoulos, Grady & Gray
10 Almaden Blvd., #200
San Jose, CA   95113

Telephone No. 408-291-6200

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☒ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR COURT USE ONLY

ACCOUNT OR OTHER NUMBER BY WHICH CREDITOR IDENTIFIES DEBTOR:

Check here if this claim: ☐ replaces   ☐ amends   a previously filed claim, dated: _____

1. BASIS FOR CLAIM:
☐ Goods sold
☐ Services performed
☒ Money loaned
☐ Personal injury/wrongful death
☐ Taxes
☐ Other (Describe briefly)

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensations (Fill out below)
Your social security number _____
Unpaid compensations for services performed
from _____ (date) to _____ (date)

2. DATE DEBT WAS INCURRED:
7/17/89

3. IF COURT JUDGMENT, DATE OBTAINED:

4. CLASSIFICATION OF CLAIM. Under the Bankruptcy Code all claims are classified as one or more of the following: (1) Unsecured nonpriority, (2) Unsecured Priority, (3) Secured. It is possible for part of a claim to be in one category and part in another. CHECK THE APPROPRIATE BOX OR BOXES that best describe your claim and STATE THE AMOUNT OF THE CLAIM.

☐ SECURED CLAIM $ _____
Attach evidence of perfection of security interest
Brief Description of Collateral:
☐ Real Estate   ☐ Motor Vehicle   ☐ Other (Describe briefly)

Amount of arrearage and other charges included in secured claim above, if any $ _____

☒ UNSECURED NONPRIORITY CLAIM $25,000 + interest & court costs
A claim is unsecured if there is no collateral or lien on property of the debtor securing the claim or to the extent that the value of such property is less than the amount of the claim.

☐ UNSECURED PRIORITY CLAIM $ _____
Specify the priority of the claim.
☐ Wages, salaries, or commissions (up to $2000), earned not more than 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier—11 U.S.C. § 507(a)(3)
☐ Contributions to an employee benefit plan—U.S.C. § 507(a)(4)
☐ Up to $900 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use—11 U.S.C. § 507(a)(6)
☐ Taxes or penalties of governmental units—11 U.S.C. § 507(a)(7)
☐ Other—11 U.S.C. §§ 507(a)(2), (a)(5)—(Describe briefly)

5. TOTAL AMOUNT OF CLAIM AT TIME CASE FILED: $25,000 + interest from 7/19/91 and court costs (Unsecured)    $_____ (Secured)    $_____ (Priority)    $25,000 + interest & court costs (Total)

☒ Check this box if claim includes prepetition charges in addition to the principal amount of the claim. Attach itemized statement of all additional charges.

6. CREDITS AND SETOFFS: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim. In filing this claim, claimant has deducted all amounts that claimant owes to debtor.

THIS SPACE IS FOR COURT USE ONLY

7. SUPPORTING DOCUMENTS: Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, or evidence of security interests. If the documents are not available, explain. If the documents are voluminous, attach a summary.

8. TIME-STAMPED COPY: To receive an acknowledgement of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) |
|---|---|
| February 23, 1994 | Michael F. Grady, Attorney for Seagate Technology |

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

3-1-94

**Exhibit A**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME AND ADDRESS): | TELEPHONE: (408) 291-6200 | FOR COURT USE ONLY |
|---|---|---|
| Michael F. Grady<br>BERGESON & ELIOPOULOS<br>Ten Almaden Boulevard, Suite 200<br>San Jose, CA 95113<br>ATTORNEY FOR (NAME): Seagate Technology, Inc. | | **FILED**<br>JUN 3 0 1993<br>PAUL AHERN, CLERK<br>BY JANICE WARD<br>DEPUTY, SANTA CRUZ COUNTY |
| Insert name of court, judicial district or branch court, if any, and post office and street address:<br>Santa Cruz County Municipal Court<br>701 Ocean Street, Room 120<br>Santa Cruz, CA 95060 | | |

PLAINTIFF: Seagate Technology, Inc.

DEFENDANT: Velvin Hogan

☐ DOES 1 TO _____

**CONTRACT**
☒ COMPLAINT   ☐ CROSS-COMPLAINT

CASE NUMBER: MS 93 0919

1. This pleading, including exhibits and attachments, consists of the following number of pages: **4**

2. a. Each plaintiff named above is a competent adult
   ☒ Except plaintiff (name): Seagate Technology, Inc.
      ☒ a corporation qualified to do business in California
      ☐ an unincorporated entity (describe):
      ☐ other (specify):

   b. ☒ Plaintiff (name): Seagate Technology, Inc.
      ☒ has complied with the fictitious business name laws and is doing business under the fictitious name of (specify): Seagate Technology
      ☐ has complied with all licensing requirements as a licensed (specify):

   c. ☐ Information about additional plaintiffs who are not competent adults is shown in Complaint-Attachment 2c.

3. a. Each defendant named above is a natural person
      ☐ Except defendant (name):                          ☐ Except defendant (name):
         ☐ a business organization, form unknown             ☐ a business organization, form unknown
         ☐ a corporation                                     ☐ a corporation
         ☐ an unincorporated entity (describe):              ☐ an unincorporated entity (describe):

         ☐ a public entity (describe):                       ☐ a public entity (describe):

         ☐ other (specify):                                  ☐ other (specify):

   b. The true names and capacities of defendants sued as Does are unknown to plaintiff.
   c. ☐ Information about additional defendants who are not natural persons is contained in Complaint-Attachment 3c.
   d. ☐ Defendants who are joined pursuant to Code of Civil Procedure section 382 are (names):

(Continued)

If this form is used as a cross-complaint, plaintiff means cross-complainant and defendant means cross-defendant.

| SHORT TITLE Seagate v. /gan | CASE NUMBER |
|---|---|

**COMPLAINT-Contract**

Page two

4. ☐ Plaintiff is required to comply with a claims statute, and
    a. ☐ plaintiff has complied with applicable claims statutes, or
    b. ☐ plaintiff is excused from complying because (specify):

5. ☐ This action is subject to ☐ Civil Code section 1812.10 ☐ Civil Code section 2984.4.

6. This action is filed in this ☒ county ☒ judicial district because
    a. ☒ a defendant entered into the contract here.
    b. ☐ a defendant lived here when the contract was entered into.
    c. ☐ a defendant lives here now.
    d. ☒ the contract was to be performed here.
    e. ☐ a defendant is a corporation or unincorporated association and its principal place of business is here.
    f. ☐ real property that is the subject of this action is located here.
    g. ☐ other (specify):

7. ☐ The following paragraphs of this pleading are alleged on information and belief (specify paragraph numbers):

8. ☐ Other:

9. The following causes of action are attached and the statements above apply to each: (Each complaint must have one or more causes of action attached.)
    ☒ Breach of Contract      ☐ Common Counts
    ☐ Other (specify):

10. PLAINTIFF PRAYS
For judgment for costs of suit; for such relief as is fair, just, and equitable; and for
☒ damages of $ 25,000
☒ interest on the damages ☐ according to proof ☒ at the rate of 10 percent per year from (date): July 19, 1991
☐ attorney fees ☐ of $_____ ☐ according to proof.
☐ other (specify):

Michael F. Grady
(Type or print name)

_____
(Signature of plaintiff or attorney)

(If you wish to verify this pleading, affix a verification.)

Page two

| SHORT TITLE Seagate v. jan | CASE NUMBER |
|---|---|

FIRST _(number)_ CAUSE OF ACTION - Breach of Contract    Page 3

ATTACHMENT TO [X] Complaint - [ ] Cross-Complaint

_(Use a separate cause of action form for each cause of action.)_

BC-1. Plaintiff _(name)_: Seagate Technology, Inc.

alleges that on or about _(date)_: July 17, 1989
a [X] written [ ] oral [ ] other _(specify)_:
agreement was made between _(name parties to agreement)_: plaintiff and Velvin Hogan

[X] A copy of the agreement is attached as Exhibit A, or
[ ] The essential terms of the agreement [ ] are stated in Attachment BC-1 [ ] are as follows _(specify)_:

BC-2. On or about _(dates)_: April 19, 1992
defendant breached the agreement by [ ] the acts specified in Attachment BC-2 [X] the following acts _(specify)_: Failure to repay plaintiff the principal sum of $25,000.00, together with accrued interest thereon, within 270 days of defendant's termination of employment with plaintiff which occurred on or about July 19, 1991

BC-3. Plaintiff has performed all obligations to defendant except those obligations plaintiff was prevented or excused from performing.

BC-4. Plaintiff suffered damages legally (proximately) caused by defendant's breach of the agreement
[ ] as stated in Attachment BC-4 [X] as follows _(specify)_: The principal sum of $25,000.00 plus prejudgment interest thereon from July 19, 1991 at the agreed rate of ten percent

BC-5. [ ] Plaintiff is entitled to attorney fees by an agreement or a statute
[ ] of $
[ ] according to proof.

BC-6. [ ] Other:

Exhibit A

$25,000.00                                      Scotts Valley, California

                                                July 17, 1989


FOR VALUE RECEIVED, Velvin Hogan ("Employee") promises to pay
SEAGATE TECHNOLOGY ("Company"), 920 Disc Drive, Scotts Valley,
California, 95066, on order, on June 30, 1990 the sum of TWENTY
FIVE THOUSAND DOLLARS with interest at TEN PERCENT (10%) per
annum, interest to be forgiven so long as Employee remains in
Seagate's employment. Employee further agrees to apply FIFTY
PERCENT (50%) of any bonus received, net of tax, to payment of
principal and any interest due on the note starting with the
bonus payment for calendar quarter performance beginning
April 1, 1989.

Any unpaid balance is due and payable within 270 days of
Employee's termination of employment with Seagate or sale of the
Employee's real property, whichever occurs first.

This note is subject to Section 2966 of the Civil Code, which
provides that the holder of this note shall give written notice
to the Trustor, or his successor in interest, of prescribed
information at least 60 and not more than 150 days before any
balloon payment is due.

This note supersedes any and all past note agreements with
Employee. The Employee will be forgiven past interest charges
that may have accrued and were unpaid.


                                     _____
                                     Velvin Hogan