# Exhibit W

**MORRISON | FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA  94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG

October 10, 2011

Writer's Direct Contact
415.268.6096
WOverson@mofo.com

*Via E-Mail*

Kevin Johnson
Victoria Maroulis
Sara Jenkins
Quinn Emanuel
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065

Re: *Apple Inc. v. Samsung Elecs. Co., Samsung Elecs. Am., Inc., & Samsung Telecomm.*, LLC,
Case No. 11-cv-1846 LHK (N.D. Cal.); CONFIDENTIAL—Subject to Protective Order

Dear Sara, Kevin and Victoria:

I write in response to your October 10, 2011 letter, and to the Amended Identification of Custodians, Litigation Hold Notices, and Search Terms (Samsung's "Amended Statement"). Your letter and Amended Statement are still unclear and leave several important problems unaddressed. We will respond to your questions about Apple's production in a separate letter.

1.  **Deleted Text and Missing Attachments**

Many of the documents you produced include unexplained redactions of large amounts of text. Examples include:

- SAMNDCA 00044703-07: This is an email sent to Lee Don-Joon, Minhyouk Lee and numerous others about what appears to be an important design strategy meeting. Almost all of the text has been deleted with the notation, "Redacted," leaving only a few fragments of text.

- SAMNDCA 00533120-28. This is an agenda for a weekly meeting on design from which almost all text has been deleted, with boxes stating "Confidential."

- SAMNDCA 00533165-68: This is an email that discusses the design of the Galaxy S smartphone, which includes Minhyouk Lee and other designers as recipients. Once again, a substantial amount of text has been redacted.

sf-3056933

**MORRISON | FOERSTER**

Kevin Johnson
Victoria Maroulis
Sara Jenkins
October 10, 2011
Page Two

- SAMNDCA 00533129-59: This is a "Design Preference Study" that comments on the design of the iPhone and competing smartphones. Portions have been redacted as "Confidential," such as SAMNDCA 00533139 and 140.

Samsung has produced numerous other redacted documents. Please produce full versions of all such documents or provide a valid explanation of the redactions.

You have also produced numerous emails that refer to attachments, but the attachments were not produced. For example, SAMNDCA 00525265 is a cover email called, "iPhone Related Material," which refers to an attachment called "iPhone Deck (Cusick – 28July09).pdf." SAMNDCA 00533118-19 is an email sent to Minhyouk Lee and others that refers to attachments called "NA_2012 selected model.ppt" and "Executive Summary_NA Design Preference Report_20110208.pptx." These attachments do not appear to have been produced. There appear to be numerous other missing attachments, such as SAMNDCA00036658-60; 00036661-65; 00036666-69; 00036674-76; 00036676-83; 00036676-88. Please produce all missing attachments.

**2.    Production of Lee Don-Joo's Custodial Files**

The Court ordered Samsung to search for and produce from Lee Don-Joo's custodial files "all documents relating to the redesign of the Galaxy Tab 10.1 following Apple's announcement of the iPad 2 on or about March 2, 2011." Your Amended Statement now indicates that you searched though Lee Don-Joo's documents, but the table listing him does not contain a header as is found in the other tables. Moreover, you did not search for relevant documents after March 31, 2011, despite the Court's Order that you produce "all" documents related to the redesign of the Galaxy Tab 10.1 following the announcement of the iPad2. Please identify what documents and files were searched, and explain why you applied a date restriction that was not included in the Court's Order.

**3.    Production of Survey Documents**

The Court ordered Samsung to produce survey documents referencing Apple products from any central file, or the custodial files of any individuals with specific responsibility for surveying customers. While your letter claims that Korean files were searched, neither your statement nor your letter identify what those files are, how they were searched, or what search terms were used. Moreover, while your Exhibit V lists two U.S. central files, "STA Central Files" and "Marketing backup files," neither your letter or your Amended Statement state that these files were searched or, if they were, how that search was conducted and what

sf-3056933

**MORRISON | FOERSTER**

Kevin Johnson
Victoria Maroulis
Sara Jenkins
October 10, 2011
Page Three

search terms were used.  Please identify the specific files that were searched and how that search was conducted.

What custodial files did you search for individuals responsible for surveying customers under paragraph 3 of the Order?  In its Initial Disclosures, Samsung listed Justin Denison and Brian Rosenberg as individuals responsible for marketing and sales.  Apparently, you have not searched Mr. Rosenberg's documents, and Mr. Denison's name, which was listed in your original Statement, no longer appears in the Amended Statement.  Accordingly, it appears that you have not searched for relevant surveys in any American or Korean employee's files.  If that is incorrect, please explain.

4.     **Production of Documents Concerning the "Bounce" Feature**

I pointed out in my October 8 letter that your search for documents related to "Bounce" feature claimed by the '381 utility patent was deficient because it did not include Korean terms that Samsung's own designers used in referring to this feature.  Your October 10 letter refers to Samsung's Amended Statement, but we do not see any relevant amendment.  In particular, the Amended Statement does not include any Korean search terms for "bounce."  Are you refusing to conduct searches with the Korean terms that Samsung's designers used?

5.     **Inconsistent Searches**

According to your letter, you discontinued using the search term "Apple" during the document collection process because you wanted to eliminate "an overly burdensome volume of false positive hits."  There is no reason for Samsung's designers to refer to "Apple," however, unless they thought that Apple products were relevant to their design work for Samsung.  Documents from the files of Samsung's designers mentioning Apple are reasonably calculated to lead to the discovery of admissible evidence and should be produced.

Your use of inconsistent search terms is also improper. Although you claim that you "tailored" searches to specific developers or designers, that explanation does not make sense.  For example, you applied different search terms to Jeeyen Wang, Jaegwan Shin, and Wookyun Kho's custodial files, even though all of these individuals were responsible for UI design.  Why did you fail to search Jaewan Shin's and Wookyun Kho's custodial files for the term "Apple"?  Why did you search Jaegwan Shin's files for the phrase "bounce effect" (without the Korean translation) but not the word "bounce"?  And why did you fail to search each of these custodians for other possibly-relevant search terms related to the '381 patent

sf-3056933

MORRISON | FOERSTER

Kevin Johnson
Victoria Maroulis
Sara Jenkins
October 10, 2011
Page Four

functionality?  By failing to apply consistent search terms, you have ensured that your production is not complete.

As previously noted, you have also taken the inconsistent approach of searching for the Korean equivalent of "iPhone" and "iPad," but not searching for the Korean equivalents of other English search terms, such as "Galaxy," "Infuse," "Dempsey," "Behold," "Vibrant," "Droid Charge," "Stealth," "P4," and "P5."  While you allege that your Korean employees do not tend to use the Korean name for these products, your search does not ensure that all relevant documents have been produced.  We note in this regard that an Internet search for the Korean equivalent of "Galaxy" yields numerous references on Korean-language websites to Samsung's "Galaxy" line of products.

6.      **Failure to Search Files of All Designers**

It appears that you did not search the custodial files of Sun Young Yi, whom you previously identified as an individual responsible for UI design.  Please explain why.

7.      **Clarification of Samsung's Statement**

You fail to explain why the Statement includes two separate tables, each describing two separate ways that documents were collected.  These tables indicate that you have conducted your searches inconsistently.  While you searched through the hard drives and e-mail accounts of the custodians listed in the second table, you did not conduct the same type of search for the custodians listed in the first table.  Indeed, your first table indicates that those custodian's documents were reviewed manually.  That is especially troubling because, according to your prior discovery responses, the custodians listed on your first table were responsible for the hardware design of the accused products.  Please explain in detail how you searched through each custodian's files, and explain why you conducted these searches differently.

Finally, please explain whether any searches were performed on the custodians in Exhibit V, apart from those listed in Samsung's Amended Statement?  If so, what were they, how were they conducted, what search terms were used, and what documents were produced?

We are continuing our review of the documents that Samsung has produced to date and reserve the right to raise additional issues as a result of our ongoing review.  We note that we have yet to find an email drafted by Minhyouk Lee, a key designer of the products at issue, in your production in response to the Order.

sf-3056933

MORRISON | FOERSTER

Kevin Johnson
Victoria Maroulis
Sara Jenkins
October 10, 2011
Page Five


We suggest that we meet and confer on these issues tomorrow.  We are available at 11 am.  We can use my call-in number:  1-800-650-4949, passcode 2686096.  If that time does not work, please suggest another time after 11 am tomorrow.


Sincerely,

*/s/ Wesley E. Overson*

Wesley E. Overson

cc:     Rachel Herrick Kassabian     Michael A. Jacobs
        Melissa Chan                 Richard S.J. Hung
        Samuel Maselli               Mia Mazza
        Mark Selwyn                  Matthew I. Kreeger
        Peter Kolovos                Jason R. Bartlett
                                     Kristin L. Yohannan

sf-3056933