# Exhibit X

**quinn emanuel** trial lawyers | silicon valley
555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065-2139 | TEL: (650) 801-5000 FAX: (650) 801-5100

WRITER'S DIRECT DIAL NO.
**(650) 801-5005**

WRITER'S INTERNET ADDRESS
**rachelkassabian@quinnemanuel.com**

October 25, 2011

**VIA E-MAIL**

Wesley E. Overson
Morrison & Foerster
425 Market Street
San Francisco, CA 94105-2482

Re: *Apple v. Samsung Elecs. Co. et al.*, Case No. 11-cv-1846 LHK (N.D. Cal.)

Dear Wes:

I write in response to your letter of October 19 regarding the parties' most recent meet and confer call. While the parties made good progress and touched upon all of the issues on our respective agendas, we agree that various discovery issues remain unresolved. We will discuss those issues during our next scheduled call on October 26, 2011.

In your letter Apple makes four claims related to Samsung's compliance with the Court's September 28 Order: (1) you claim that Samsung improperly limited its search for survey documents to "U.S. marketing documents"; (2) you claim that Samsung's disclosure statement fails to list any individual responsible for survey documents whose files were searched; (3) you claim that Samsung's searches were incomplete (giving only one search term, "Apple," as an example), and (4) you take issue with Samsung's production of documents related to Lee Don Joo. None of these claims has merit.

**First**, and as you well know, the scope of Apple's Northern District of California lawsuit is the U.S. market. And more specifically, the requests upon which Apple filed its motion to compel on this issue (Requests 206 and 214) pertained to Apple's preliminary injunction-related discovery – and Apple's proposed order thereon makes clear that its scope would be limited to

quinn emanuel urquhart & sullivan, llp
LOS ANGELES | 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois 60661-2510 | TEL (312) 705-7400 FAX (312) 705-7401
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44(0) 20 7653 2000 FAX +44(0) 20 7653 2100
TOKYO | NBF Hibiya Bldg., 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 3 5510 1711 FAX +81 3 5510 1712
MANNHEIM | Erzbergerstraße 5, 68165 Mannheim, Germany | TEL +49(0) 621 43298 6000 FAX +49(0) 621 43298 6100

the U.S. market. *See* Apple's Proposed Order for Preliminary Injunction, D.N. 86-1; *see also* Apple's Motion for Preliminary Injunction, D.N. 86, at i. (seeking a preliminary injunction to prohibit Samsung from continuing to ***make, use, offer to sell, or sell within the United States***, or to import into the United States, “Samsung’s Galaxy S 4G and Infuse 4G, and Droid Charge phones and Galaxy Tab 10.1 tablet computer, and any product that is no more than colorably different from these specified products.”). Further, Samsung timely objected to the overbroad definition of "Products at Issue" associated with these two document requests. *See* Samsung's Objections and Responses to Apple's Request for Production of Documents and Things Relating to Apple's Motion for a Preliminary Injunction – Sets One And Two, at 2:8-10. Samsung made clear that it would only produce relevant documents pertaining to the U.S. Market for these Products, and Apple elected not to contest that objection or otherwise ask for an order overruling it. *See* Apple's Motion to Compel, filed 9/20/11. Indeed, Apple's Motion effectively admitted that Samsung's objection was well-taken by arguing that survey documents "are highly relevant to Apple’s contention that continued ***domestic*** sales of Samsung’s accused products results in irreparable harm to Apple." *Id.* at 11 (emphasis added). It thus is not surprising that Judge Grewal's order does not compel Samsung to search for and produce non-U.S. market documents. *See* 9/28/11 Order Granting-in-Part and Denying-in-Part Pl.'s Mot. to Compel ("the Order").

**Second**, regarding Apple’s claim that Samsung’s disclosure statement fails to list any individual responsible for survey documents whose files were searched, the Court never ordered Samsung to provide such information. Rather, the Court ordered that (1) ***Samsung*** must produce certain categories of documents, and separately, (2) ***both parties*** must identify certain custodian and search term information. Regardless, Apple indicated that if Samsung produced this specific custodian information regarding survey documents, Apple would provide information in response to a similar request by Samsung. Accordingly, please advise whether Apple will agree to tell us which of the mockups Apple produced came from which custodian(s).

**Third**, regarding your suggestion that Samsung was obligated to search every relevant custodian's files for the term "Apple," the Order required no such thing. Rather, the Order explicitly limits the required productions to documents that reference any of the four Products at Issue. *See* Order at 3-4. Samsung’s searches fully complied with the Court's directives on this point. Moreover, while Samsung tested the term “Apple” in certain custodians’ files, it quickly became clear that those searches were retrieving an inordinate number of irrelevant documents and thus, Samsung discontinued using the term. Apple did the exact same thing, according to Ms. Mazza, who admitted in her October 10, 2011 letter that “standard sampling processes” were employed to test search terms. Moreover, Apple’s “Keyword Search Terms,” served October 7, 2011, reveal that Apple applied at least seven different lists of search terms, none of which are consistent with each other. If Apple elects to press this objection, please provide us with a complete list of all of the search terms Apple “sampled,” including the terms it ultimately elected not to use for each custodian, along with an explanation of why those terms were rejected.

Further, please add the search term "Samsung" to Apple's searches for all custodians. Apple should have run this term in the first instance, given that it would have located highly relevant documents regarding, for example, Apple inventors' awareness of Samsung's patents, Apple admissions that Samsung products do not infringe and do not reflect copying of Apple's products, Apple admissions regarding whether it has lost market share to Samsung or considers Samsung a competitive threat, and the like. Please run this search and produce these documents immediately.

In addition, as Apple's October 7, 2011 disclosures and Ms. Mazza's letter make clear, Apple has failed to demonstrate that it has engaged in a reasonable search for documents. For example:

• Apple has NOT searched all of its custodians' emails, citing "narrowly tailored" preliminary injunction discovery, while demanding that Samsung's employees search all of their emails, and more.

• Apple has not provided "[a]ny search terms used as part of its collection and production efforts." *See* Sept. 28, 2011 Order at 4. While the entirety of Apple's October 7, 2011 submission focuses on the search terms used to determine what to produce, paragraph 3 of Ms. Mazza's October 10, 2011, letter makes clear that Apple has not provided what search terms were used to collect the documents from the custodians. For 25 of your "custodians" – more than half of the custodians listed in your "Apple Custodians Produced," Apple has completely failed to comply with the Court's September 28, 2011 Order. You fail to provide the search terms or the methods used to collect documents from key witnesses – such as Sissie Twiggs and Christopher Stringer, who submitted declarations in support of Apple's motion for a preliminary injunction motion. Please identify the specific files that were searched and how that search was conducted in order to collect the documents that you claim were collected without any pre-review filtering.

• Several key witnesses are missing entirely from Apple's October 7, 2011 disclosures. For instance, Messrs. Anzures, Boule, Satzger, Bartley, Nishibori and Christensen are inventors whom Samsung has deposed (or will depose shortly), yet these names don't appear at all on Apple's search term list. Thus, it appears that Apple has made no effort whatsoever to search for and collect these custodians' documents.

• With respect to the design inventors, Apple indicated that it would be applying search terms at a later date, but has not yet provided those terms.

We asked Apple for the above-referenced information weeks ago, but Apple has not yet responded. Please do so by October 27.

**Fourth**, during our meet and confer call last week we did confirm that Samsung limited its search of Lee Don-Joo's emails to a one month period ending on March 31, 2011. Contrary to

your letter, however, I did not "represent[] that the redesign of the Tablet 10.1 was complete as of March 31, 2011." Rather, I specifically did not comment on Apple's characterization of the substance of the issue, and instead merely confirmed that the design of the Galaxy Tab 10.1 was complete by March 31, 2011, and thus, Samsung's date restriction was appropriate. The Court's order plainly contemplates these limitations, calling for documents relating to any changes made to the design of the Galaxy Tab 10.1 after March 2, 2011. *See* Order at 4.

Regarding the redaction explanations and missing attachments we discussed in prior correspondence, Samsung expects to produce this information by October 26. We look forward to receiving Apple's explanations for the redactions identified in our October 12th letter.

Finally, I take issue with your comment that I was not prepared for our meet and confer call last week because I attempted to provide Apple with additional information on the spot by reaching out to other team members during our meet and confer call. I was indeed prepared for the call, and your letter points to no facts indicating otherwise. In any event, it appears that you would prefer that I not make an effort to obtain immediate answers to Apple's questions posed during our calls. Consider it done. I will take all of Apple's questions up with our team after the parties' meet and confer calls, as Apple does with Samsung's questions, and provide that information as appropriate in subsequent correspondence.

Very truly yours,

/s/

Rachel Herrick Kassabian