# Exhibit BB

Highly Confidential Pursuant to Protective Order

Page 1

1          UNITED STATES DISTRICT COURT
2         NORTHERN DISTRICT OF CALIFORNIA
3              SAN JOSE DIVISION
4  APPLE INC., a California       §
   Corporation,                   §
5                                 §
        Plaintiff,                §
6                                 §
   Vs.                            §     Case No.
7                                 §   11-CV-01846-LHK
                                  §
8  SAMSUNG ELECTRONICS CO.,       §
   LTD., a Korean business        §
9  entity; SAMSUNG ELECTRONICS    §
   AMERICA, INC., a New York      §
10 corporation; SAMSUNG           §
   TELECOMMUNICATIONS AMERICA,    §
11 LLC, a Delaware limited        §
   liability company,             §
12                                §
        Defendants.               §
13
14            HIGHLY CONFIDENTIAL
            UNDER THE PROTECTIVE ORDER
15
16
17        DEPOSITION OF JUSTIN DENISON
                 Dallas, Texas
18       Wednesday, September 21st, 2011
19
20
21
22
   Reported by:
23
   Daniel J. Skur, Notary Public and CSR
24
   JOB NO. 41964
25

Highly Confidential Pursuant to Protective Order

Page 2

```
 1
 2
 3
 4
 5               September 21st, 2011
 6              9:36 a.m. - 7:32 p.m.
 7
 8
 9      Deposition of JUSTIN DENISON, held
10  at the offices of Regus, 4514 Cole Avenue,
11  Suite 600, Dallas, Texas, before Daniel J.
12  Skur, Notary Public and Certified Shorthand
13  Reporter in and for the State of Texas.
14
15
16
17
18
19
20
21
22
23
24
25
```

```
                                                              Page 3
 1    A P P E A R A N C E S:
 2    FOR THE PLAINTIFF APPLE INC.:
      MORRISON & FOERSTER
 3    BY:   RICHARD S.J. HUNG, ESQ.
            DIANA B. KRUZE, ESQ.
 4    425 Market Street
      San Francisco, California 94105
 5
 6
 7
 8    FOR THE DEFENDANTS SAMSUNG:
      QUINN EMANUEL URQUHART & SULLIVAN
 9    BY:   VICTORIA F. MAROULIS, ESQ.
            MARK TUNG, ESQ.
10    555 Twin Dolphin Drive
      Redwood Shores, California 94065
11
12
13    ALSO PRESENT:
                    Ms. Cindi Moreland, Samsung
14                  Ms. Ann Park, Interpreter
                    Mr. John Hines, Videographer
15
16
17
18
19
20
21
22
23
24
25
```

Highly Confidential Pursuant to Protective Order

Page 4

1          P R O C E E D I N G S
2               VIDEOGRAPHER:  This is tape 1 in the
3      video deposition of Justin Denison.  Today
4      is Wednesday, September 21st, 2011.  We're
5      now on record at approximately 9:36 a.m.
6      Will the attorneys please introduce
7      themselves for the record.
8               MR. HUNG:  Richard Hung of Morrison
9      & Foerster on behalf of Apple, Inc.  With
10     me today is Diana Kruze, also of Morrison &
11     Foerster and also for Apple.
12              MS. MAROULIS:  Victoria Maroulis
13     with Quinn Emanuel, counsel for Samsung,
14     and with me is Mark Tung of Quinn Emanuel,
15     Cindy Moreland of STA, and we have an
16     interpreter, Ann Park.
17                   JUSTIN DENISON,
18  having been duly sworn, testified as follows:
19                    EXAMINATION
20   BY MR. HUNG:
21      Q.   Morning, Mr. Denison.
22      A.   Morning.
23           MR. HUNG:  Before we get started, I
24     did have a discussion with Ms. Maroulis,
25     and I just wanted to note a couple of

Highly Confidential Pursuant to Protective Order

1    market analysis.
2         MR. HUNG: Samsung is declining to
3    offer a witness on customer surveys under
4    topic 14, correct?
5         MS. MAROULIS: That is correct.
6  BY MR. HUNG:
7    Q.   I want to start out by asking you,
8  in particular, about topics -- topic number 9.
9  Could you read that topic to yourself?
10   A.   I have.
11   Q.   Are you prepared to testify with
12 respect to any reference to or consideration of
13 an Apple product during the design of the
14 products at issue?
15   A.   Yes.
16   Q.   Are you able to testify on behalf of
17 Samsung with respect to topic number 10,
18 Samsung's awareness of any of the patents at
19 issue?
20   A.   Yes.
21   Q.   Are you equally able to testify on
22 behalf of Samsung with respect to topics 11,
23 12, and 13?
24   A.   With respect to topic 11, I'm
25 available and aware to testify. I apologize,

Highly Confidential Pursuant to Protective Order

Page 77

1            Has Samsung ever analyzed the
2    hardware characteristics of the original
3    iPhone?
4            MS. MAROULIS:  Objection, vague.
5        A.    I think -- I think I would need you
6    to define "analyze" in this case.
7    BY MR. HUNG:
8        Q.    Sure.  Studied it.  By studied it, I
9    mean study it in any sense but with respect to
10   product development.
11           MS. MAROULIS:  Same objection,
12       vague.
13       A.    I cannot confirm any study that was
14   directly tied to development, let's say, of
15   Samsung products.
16   BY MR. HUNG:
17       Q.    So this will be a common issue today
18   where I need to make sure I understand your
19   understanding or lack of understanding.
20           So you don't know whether such
21   studies took place in terms of the iPhone and
22   Samsung product development?
23           MS. MAROULIS:  I believe that
24       misstates testimony.
25       A.    I'm not sure I understand your

Highly Confidential Pursuant to Protective Order

Page 78

1  question. Maybe you can rephrase?
2  BY MR. HUNG:
3      Q.   Sure. Do you know whether or not
4  such studies took place of the iPhone with
5  respect to Samsung product development?
6           MS. MAROULIS: Objection, vague.
7      A.   With respect to the products at
8  issue, I asked each hardware designer whether
9  they had studied or considered the iPhone or
10 its variants as a normal course or as a course
11 of their actual design, and each designer told
12 me they had not.
13 BY MR. HUNG:
14     Q.   For the Galaxy S on Exhibit 225, how
15 did you arrive at Mr. Minhyouk Lee as the
16 appropriate person to speak with about the
17 hardware design for the Galaxy S?
18     A.   I was not personally involved in
19 identifying the designers of the Galaxy S 4G;
20 however, when participating in a conference
21 call with said designers, I asked them
22 specifically what their roles were or whether
23 they were involved in the design of the Galaxy
24 S 4G, and each confirmed the role -- their role
25 as is written in these meeting notes.

```
 1   C E R T I F I C A T E
 2   STATE OF TEXAS      )
                         )
 3   COUNTY OF DALLAS    )
 4
 5           I, Daniel J. Skur, a Notary Public
 6   within and for the State of Texas, do
 7   hereby certify:
 8           That JUSTIN DENISON, the witness
 9   whose deposition is hereinbefore set forth,
10   was duly sworn by me and that such
11   deposition is a true record of the
12   testimony given by such witness.
13           I further certify that I am not
14   related to any of the parties to this
15   action by blood or marriage; and that I am
16   in no way interested in the outcome of this
17   matter.
18           IN WITNESS WHEREOF, I have hereunto
19   set my hand this 21st day of September,
20   2011.
21
22           _____
             Daniel J. Skur
23           Notary Public, State of Texas.
             My Commission Expires 7/10/2014
24
25
```