| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781) | WILLIAM F. LEE |
| hmcelhinny@mofo.com | william.lee@wilmerhale.com |
| MICHAEL A. JACOBS (CA SBN 111664) | WILMER CUTLER PICKERING |
| mjacobs@mofo.com | HALE AND DORR LLP |
| JENNIFER LEE TAYLOR (CA SBN 161368) | 60 State Street |
| jtaylor@mofo.com | Boston, MA 02109 |
| ALISON M. TUCHER (CA SBN 171363) | Telephone: (617) 526-6000 |
| atucher@mofo.com | Facsimile: (617) 526-5000 |
| RICHARD S.J. HUNG (CA SBN 197425) | |
| rhung@mofo.com | |
| JASON R. BARTLETT (CA SBN 214530) | MARK D. SELWYN (SBN 244180) |
| jasonbartlett@mofo.com | mark.selwyn@wilmerhale.com |
| MORRISON & FOERSTER LLP | WILMER CUTLER PICKERING |
| 425 Market Street | HALE AND DORR LLP |
| San Francisco, California 94105-2482 | 950 Page Mill Road |
| Telephone: (415) 268-7000 | Palo Alto, California 94304 |
| Facsimile: (415) 268-7522 | Telephone: (650) 858-6000 |
| | Facsimile: (650) 858-6100 |

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | Case No.   11-cv-01846-LHK (PSG) |
| Plaintiff, | **DECLARATION OF MIA MAZZA IN SUPPORT OF APPLE'S MOTION TO COMPEL DEPOSITIONS OF 14 OF SAMSUNG'S PURPORTED "APEX" WITNESSES** |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD., A Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company., | |
| Defendants. | Date:   February 28, 2012<br>Time:   10:00 a.m.<br>Place:  Courtroom 5, 4th Floor<br>Judge:  Hon. Paul S. Grewal |

**SUBMITTED UNDER SEAL**

I, Mia Mazza, declare as follows:

1. I am a partner in the law firm of Morrison & Foerster LLP, counsel for Apple Inc. ("Apple"). I am licensed to practice law in the State of California. Unless otherwise indicated, I have personal knowledge of the matters stated herein or understand them to be true from members of my litigation team. I make this Declaration in support of Apple's Motion to Compel Depositions of 14 of Samsung's Purported "Apex" Witnesses ("Motion to Compel").

2. Certain of the exhibits to this Declaration consist of Korean-language documents produced by Samsung in this action. To the extent time has permitted, Apple has obtained certified translations of those documents and submits those translations herewith along with each Korean original. With respect to the remaining Korean-language documents attached hereto, Apple has obtained non-certified translations and submits those herewith along with the Korean original.

3. Between December 6, 2012, and January 28, 2012, Apple timely served written notices of the 14 depositions at issue here. Attached hereto as **Exhibit 1** are true and correct copies of deposition notices for Seungho Ahn, Dong Hoon Chang, Joseph Cheong, Jaewan Chi, Seunghwan Cho, Gee Sung Choi, Minhyung Chung, Won-Pyo Hong, Heonbae Kim, Dong Jin Koh, Ken Korea, Seung Gun Park, Jong-Kyun Shin, and Dale Sohn.

4. Apple served each of the above-referenced deposition notices at least 10 days before the noticed deposition date, and served many of the notices more than 30 days in advance. All depositions were noticed for dates well before the March 8, 2012, discovery cutoff, and were set for dates when Apple's attorneys would be in Korea taking other depositions in this case.

5. Samsung formally objected to some of the 14 depositions at issue in this motion in January 2012, and others on February 2, 2012. Samsung did not always object on the basis that the witnesses were apex employees. Attached hereto as **Exhibit 2** is a true and correct copy of Samsung's January 13, 2012, objection to the deposition of Dale Sohn. Attached hereto as **Exhibit 3** are true and correct copies of Samsung's January 21 and February 2 notices of objection.

6. On February 3, Samsung's counsel sent a letter to Apple's counsel identifying a list of 23 purportedly "high-ranking Samsung executives" whose depositions had been noticed by Apple. Samsung's letter asserted that "these depositions are highly unlikely to lead to the discovery of relevant information" and claimed that the 23 witnesses have "no relationship to the accused products or the patents-in-suit other than their place atop Samsung's organization hierarchy." Attached hereto as **Exhibit 4** is a true and correct copy of this letter. Samsung did not move for a protective order with respect to any of the 23 witnesses at that time.

7. The parties held a lead trial counsel meet-and-confer on February 6, 2012. They discussed, among other topics, Samsung's objections on purported "apex" grounds to the depositions of the 23 witnesses in the February 3 letter. Samsung did not agree to withdraw its objections as to any of the 23 witnesses. Instead, Samsung asked Apple to send a letter providing more information as to why Apple should be permitted to depose the witnesses.

8. On February 9th, Apple sent Samsung a thirteen-page letter containing a witness-by-witness summary outlining why Samsung's objections were meritless. Attached hereto as **Exhibit 5** is a true and correct copy of this letter. The letter discussed each witness's involvement with key issues in this case and cited to specific documents establishing each witness's connection to the issues.

9. Between February 3 and February 14, 2012, Apple agreed to defer calendaring of six of the depositions to which Samsung was objecting on purported "apex" grounds.

10. Attached hereto as **Exhibit 6** is a true and correct copy of Samsung's response to Apple's letter of February 9. Apple sent an additional letter to Samsung on February 12 further articulating its position on this issue. Among other things, the letter noted that most of the witnesses at issue in Apple's Motion to Compel were not apex witnesses. Attached hereto as **Exhibit 7** is a true and correct copy of Apple's February 12, 2012, letter to Samsung.

11. The parties held another lead trial counsel meet-and-confer on February 14 and 15. The parties discussed Samsung's "apex" objections and Samsung agreed to withdraw its objections to three of the witnesses listed in its February 3, 2012, letter, leaving a total of 14 purported "apex" witnesses still in dispute. Samsung refused to produce the remaining 14

1  witnesses for deposition. During that meeting, counsel for Samsung acknowledged Apple's intent to move to compel the depositions of the remaining 14 purported "apex" witnesses, and stated that Samsung intended to move for a protective order to prevent Apple from deposing those 14 witnesses.

12. Apple produced (or is scheduled to produce) three of its nine most senior executives—Scott Forstall, Jonathan Ive, and Phil Schiller, the most senior individuals in the iOS Software, Industrial Design, and Marketing groups, respectively.

13. Apple also produced, or agreed to produce, many other senior executives, vice presidents, and directors (the same ranks as most of Samsung's witnesses at issue in this motion) for deposition. This list includes, among others, Michael Tchao, Steve Zadesky, and Henri Lamiraux – Vice Presidents for Product Marketing (iPad), iPod/iPhone Product Design, and Software Engineering (iOS Apps & Frameworks), respectively.

14. Samsung produced for deposition, without objection, Brian Rosenberg—Senior Vice President of Sales for Samsung Telecommunications America. Mr. Rosenberg testified at his deposition that Corey Kerstetter reports to him. *See* Ex. 54.

15. Samsung originally included Mr. Kerstetter among its "Apex" objections in its letter on February 3, 2012. *See* Ex. 4.

16. Attached hereto as **Exhibit 8** is a true and correct copy of the document produced by Samsung beginning with Bates number SAMNDCA10247549, an email from March 2, 2010, relating remarks by Gee Sung Choi to Samsung Designers, where Mr. Choi criticized Samsung's designers for "clinging to the past generation" and charged them to "learn the wisdom of the iPhone." A certified translation is included.

17. Attached hereto as **Exhibit 9** is a true and correct copy of the document produced by Samsung beginning with Bates number SAMNDCA10247373, an email relating a speech by Jong-Kyun Shin, the Head of Mobile Communications during a February 2010 meeting. A certified translation is included.

18. Attached hereto as **Exhibit 10** is a true and correct copy of an excerpt from the document produced by Samsung beginning with Bates number SAMNDCA00202336, entitled "Phase 2 Design Strategy" and dated October 2007. A certified translation is included.

19. Attached hereto as **Exhibit 11** is a true and correct copy of the document produced by Samsung beginning with Bates number SAMNDCA00514511, an email chain from March 2011 describing decisions by Gee Sung Choi concerning tablet design A certified translation is included.

20. Attached hereto as **Exhibit 12** is a true and correct copy of the document produced by Samsung beginning with Bates number SAMNDCA00513783, an email from March 6, 2011, relating remarks by Gee Sung Choi concerning tablet design. A certified translation is included.

21. Attached hereto as **Exhibit 13** is a true and correct copy of the document produced by Samsung beginning with Bates number SAMNDCA10403697, describing minutes of a meeting with G.S. Choi regarding the Galaxy Tab Slim design.

22. Attached hereto as **Exhibit 14** is a true and correct copy of the document produced by Samsung beginning with Bates number SAMNDCA00516172, an email chain from February 2011 where Jong-Kyun Shin discusses general strategy for the Galaxy Tab. A certified translation is included.

23. Attached hereto as **Exhibit 15** is a true and correct copy of the webpage at http://english.yonhapnews.co.kr/business/2011/10/19/26/0501000000AEN20111019000200320F.html from February 15, 2012.

24. Attached hereto as **Exhibit 16** is a true and correct copy of the webpage at http://www.androidpolice.com/2011/10/20/samsung-decides-galaxy-nexus-was-not-actually-designed-to-avoid-apple-patents-doesnt-know-how-that-rumor-got-started-nothing-to-see-here/ from February 15, 2012.

25. Attached hereto as **Exhibit 17** is a true and correct copy of the document produced by Samsung beginning with Bates number SAMNDCA10185356, an email chain from August 2010 where Jong-Kyun Shin discusses changes to smartphone design with Samsung designers. A non-certified translation is included.

Case 5:11-cv-01846-LHK   Document 2018-1   Filed 10/02/12   Page 6 of 11

1      26.    Attached hereto as **Exhibit 18** is a true and correct copy of the document produced
2   by Samsung beginning with Bates number SAMNDCA10172082, an email from May 10, 2010,
3   relating Jung-Kyun Shin's states that packaging should be changed to the "iPhone style."
4      27.    Attached hereto as **Exhibit 19** is a true and correct copy of the document produced
5   by Samsung beginning with Bates number SAMNDCA10174517, a spreadsheet tracking
6   responsibility for issues with the Galaxy S phone.
7      28.    Attached hereto as **Exhibit 20** is a true and correct copy of the document produced
8   by Samsung beginning with Bates number SAMNDCA10763758, an email chain from March
9   2010 relating the minutes of a meeting with a Samsung department head. A certified translation
10  is included.
11     29.    Attached hereto as **Exhibit 21** is a true and correct copy of the document produced
12  by Samsung beginning with Bates number SAMNDCA10763853, an email chain from June 2010
13  relating to Jong-Kyun Shin's confirmation of product coverings. A certified translation is
14  included.
15     30.    Attached hereto as **Exhibit 22** is a true and correct copy of the document produced
16  by Samsung beginning with Bates number SAMNDCA00507493, an email from April 17, 2011,
17  describing Samsung's side-by-side comparison of Apple and Samsung accessories. A certified
18  translation is included.
19     31.    Attached hereto as **Exhibit 23** is a true and correct copy of an excerpt from the
20  document produced by Samsung beginning with Bates number SAMNDCA00214274, a
21  presentation comparing Samsung and Apple phones. A non-certified translation is included.
22     32.    Attached hereto as **Exhibit 24** is a true and correct copy of the document produced
23  by Samsung beginning with Bates number SAMNDCA00214454, a competitive analysis
24  presentation. A certified translation of the first page is included.
25     33.    Attached hereto as **Exhibit 25** is a true and correct copy of an excerpt from the
26  document produced by Samsung beginning with Bates number SAMNDCA00209377, a
27  presentation examining the iPhone in detail. A non-certified translation is included.
28

MAZZA DECL. ISO APPLE'S MOTION TO COMPEL DEPOSITIONS OF 14 OF SAMSUNGS' PURPORTED "APEX" WITNESSES
Case No. 4:11-cv-01846-LHK                                                                                5
sf-3107162

1      34.    Attached hereto as **Exhibit 26** is a true and correct copy of an excerpt from the
2 document produced by Samsung beginning with Bates number SAMNDCA00209001, a
3 presentation detailing the features of the iPad.  A certified translation of the first page is included.
4      35.    Attached hereto as **Exhibit 27** is a true and correct copy of an excerpt from the
5 document produced by Samsung beginning with Bates number SAMNDCA00209083, a
6 presentation detailing Apple's mobile user interface.  A certified translation of the first page is
7 included.
8      36.    Attached hereto as **Exhibit 28** is a true and correct copy of an excerpt from the
9 document produced by Samsung beginning with Bates number S-ITC-009427168, a competitive
10 analysis presentation relating to the Omnia 2.  A certified translation of the first page is included.
11      37.    Attached hereto as **Exhibit 29** is a true and correct copy of the document produced
12 by Samsung beginning with Bates number SAMNDCA10247679, an email from Dong Hoon
13 Chang discussing icon design.  A non-certified translation is included.
14      38.    Attached hereto as **Exhibit 30** is a true and correct copy of the document produced
15 by Samsung beginning with Bates number SAMNDCA10247685, an email detailing Dong Hong
16 Chang's involvement with icon design.
17      39.    Attached hereto as **Exhibit 31** is a true and correct copy of the document produced
18 by Samsung beginning with Bates number SAMNDCA10182955, an email chain from July 2010
19 describing Heonbae Kim's role on a marketing task force.  A certified translation is included.
20      40.    Attached hereto as **Exhibit 32** is a true and correct copy of the document produced
21 by Samsung beginning with Bates number SAMNDCA10763734, an email chain from March
22 2010 describing workshops.  A non-certified translation is included.
23      41.    Attached hereto as **Exhibit 33** is a true and correct copy of the document produced
24 by Samsung beginning with Bates number SAMNDCA10190076, an email chain from November
25 2010 describing Samsung phone features.  A non-certified translation is included.
26      42.    Attached hereto as **Exhibit 34** is a true and correct copy of the document produced
27 by Samsung beginning with Bates number SAMNDCA10319614, an email chain from February
28 2010 describing the Lismore phone.  A non-certified translation is included.

43. Attached hereto as **Exhibit 35** is a true and correct copy of the document produced by Samsung beginning with Bates number SAMNDCA10167858, an email chain from February 2010 where Seunghwan Cho states that Samsung employees should improve the usability of various GUIs. A certified translation is included.

44. Attached hereto as **Exhibit 36** is a true and correct copy of the document produced by Samsung beginning with Bates number SAMNDCA10544756, an email chain from February 2011 referencing User Experience issues. A non-certified translation is included.

45. Attached hereto as **Exhibit 37** is a true and correct copy of the document produced by Samsung beginning with Bates number SAMNDCA10508131, an email chain from January 2011 referencing User Experience issues. A non-certified translation is included.

46. Attached hereto as **Exhibit 38** is a true and correct copy of the document produced by Samsung beginning with Bates number SAMNDCA10560237, an email from December 31, 2011, describing Seunghwan Cho's directions at a meeting about User Experience. A non-certified translation is included.

47. Attached hereto as **Exhibit 39** is a true and correct copy of the document produced by Samsung beginning with Bates number SAMNDCA10343802, an email from December 28, 2011, authored by Dale Sohn concerning Samsung's "Beat Apple" campaign.

48. Attached hereto as **Exhibit 40** is a true and correct copy of the document produced by Samsung beginning with Bates number SAMNDCA10360108, an email from September 15, 2010, authored by Dale Sohn concerning competing with Apple and setting up product workshops.

49. Attached hereto as **Exhibit 41** is a true and correct copy of the document produced by Samsung beginning with Bates number SAMNDCA00513439, an email from January 26, 2011, describing Dale Sohn's views on logo placement. A non-certified translation is included.

50. Attached hereto as **Exhibit 42** is a true and correct copy of the document produced by Samsung beginning with Bates number S-ITC-500008574, a memorandum dated January 12, 2011, from Joseph Cheong.

51. Attached hereto as **Exhibit 43** is a true and correct copy of the document produced by Samsung beginning with Bates number SAMNDCA10349617, an email dated December 29, 2010, regarding carrier negotiations.

52. Attached hereto as **Exhibit 44** is a true and correct copy of the document produced by Samsung beginning with Bates number S-ITC-007274461, an Advanced Pricing Agreement between the IRS and Samsung.

53. Apple sought to streamline discovery by requesting 30(b)(6) depositions of Samsung witnesses with knowledge of the accused features, but to date Samsung has only designated four 30(b)(6) witnesses to cover a narrow range of issues.

54. Attached hereto as **Exhibit 45** is a true and correct copy of excerpts from the transcripts of the depositions of Jinsoo (Jin-soo) Kim taken on February 2 & 3, 2012.

55. Attached hereto as **Exhibit 46** is a true and correct copy of excerpts from the transcript of the deposition of Omar Sharif Khan taken on September 20, 2011.

56. Attached hereto as **Exhibit 47** is a true and correct copy of excerpts from the transcript of the deposition of Jeeyeun Wang taken on February 2, 2012.

57. Attached hereto as **Exhibit 48** is a true and correct copy of excerpts from the transcript of the depositions of Nara Cho taken on January 14, 2012.

58. Attached hereto as **Exhibit 49** is a true and correct copy of excerpts from the transcripts of the depositions of Justin Denison taken on September 21, 2011 and January 25, 2012.

59. Attached hereto as **Exhibit 50** is a true and correct copy of excerpts from the transcript of the depositions of deposition of Tim Sheppard taken on January 24, 2012.

60. Attached hereto as **Exhibit 51** is a true and correct copy of excerpts from the transcript of the deposition of JungMin Yeo taken on February 12, 2012.

61. Attached hereto as **Exhibit 52** is a true and correct copy of excerpts from the transcripts of the depositions of Ahyoung Kim taken on January 11 & 13, 2012.

62. Attached hereto as **Exhibit 53** is a true and correct copy of excerpts from the transcript of the deposition of Qi Ling taken on February 1, 2012.

1   63.   Attached hereto as **Exhibit 54** is a true and correct copy of excerpts from the transcript of the deposition of Brian Rosenberg taken on January 27, 2012.

2

3   64.   Attached hereto as **Exhibit 55** is a true and correct copy of excerpts from the transcript of the deposition of Hangil Song taken on February 8, 2012.

4

5   I declare under penalty of perjury that the foregoing is true and correct.  Executed February 16, 2012 at San Francisco, California.

6

7                                              */s/ Mia Mazza*
                                               Mia Mazza
8

**ATTESTATION OF E-FILED SIGNATURE**

I, Michael A. Jacobs, am the ECF User whose ID and password are being used to file this Declaration. In compliance with General Order 45, X.B., I hereby attest that Mia Mazza has concurred in this filing.

Dated: February 16, 2012                */s/ Michael A. Jacobs*
                                        Michael A. Jacobs