# EXHIBIT 7

# FILED UNDER SEAL

**MORRISON | FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA  94105-2482
U.S.A.

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG

February 12, 2012

Writer's Direct Contact
415.268.6024
MMazza@mofo.com

*By Email* (rachelkassabian@quinnemanuel.com)

Rachel Herrick Kassabian
Quinn Emanuel
555 Twin Dolphin Drive, Fifth Floor
Redwood Shores, CA 94065

Re:    *Apple v. Samsung*, Case No. 11-cv-1846-LHK (PSG) (N.D. Cal.)
       **CONFIDENTIAL—Attorneys' Eyes Only—Contains Information Subject to Protective Order**

Dear Rachel:

This is further to my February 9, 2012 letter regarding Samsung's purported apex witnesses and your request for further details.  Initially, the details set forth in my February 9th letter are more than sufficient for Samsung to see that is objections are meritless.  But to avoid any confusion on Samsung's part about Apple's position, unless Samsung provides dates for these witnesses by Monday, February 13, Apple's motion to compel will make the following arguments:

- Most of the witnesses at issue are not apex witnesses.  Their titles alone are not dispositive, nor particularly relevant, given the number teams, groups, and divisions with Samsung, as well as the number of vice presidents, senior vice presidents, and executive vice presidents within Samsung.  Apple will cite to the January 2011 Organizational Chart Samsung produced to support this point.

- For those witnesses (if any) determined to in fact be apex witnesses, Apple will set forth an *accurate* recounting of the standard to be considered in determining whether depositions are warranted.

- In addition to the documents, deposition transcript excerpts, and summaries outlined on my February 9 letter (there will be more similar to those we have already provided), Apple will cite to deposition transcript excerpts showing how evasive Samsung witnesses have been when asked substantive questions or the identity of

sf-3106429

MORRISON | FOERSTER

Rachel Herrick Kassabian
February 12, 2012
Page Two

       decision-makers, and showing how Samsung's witnesses have been improperly coached to provide evasive answers. And when combined with the time limits placed on the parties for taking depositions, as well as Samsung's delay in identifying dates for witnesses, Apple should not be required to continue deposing low level people who cannot provide substantive answers as to why Samsung decided to copy Apple and who gave those orders.

- Apple will contrast Samsung's conduct with how Apple has permitted Samsung to take, without objection to date, the depositions of true Apple apex witnesses.

At the end of the day, Samsung's position is untenable. And unless Samsung provides dates for these depositions by tomorrow (and the issue is not otherwise resolved during Tuesday's lead counsel meet and confer), Apple will pursue its motion to compel, or an order prohibiting Samsung from providing testimony of any type from these witnesses.

Please also confirm by Monday that Samsung will agree to the expedited briefing and hearing schedule proposed in my February 9 letter, should this issue remain unresolved following Tuesday's meet and confer meeting.

Sincerely,

*/s/ Mia Mazza*

Mia Mazza

cc:    S. Calvin Walden
        Peter Kolovos

sf-3106429