HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
JENNIFER LEE TAYLOR (CA SBN 161368)
jtaylor@mofo.com
ALISON M. TUCHER (CA SBN 171363)
atucher@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
JASON R. BARTLETT (CA SBN 214530)
jasonbartlett@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD., A Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company.,<br><br>    Defendants. | Case No.    11-cv-01846-LHK (PSG)<br><br>**DECLARATION OF ERIK J. OLSON IN SUPPORT OF APPLE'S RULE 37(B)(2) MOTION RE SAMSUNG'S VIOLATION OF JANUARY 27, 2012 DAMAGES DISCOVERY ORDER**<br><br>Date:    April 3, 2012<br>Time:    10:00 a.m.<br>Place:    Courtroom 5, 4th Floor<br>Judge:   Hon. Paul S. Grewal |

**SUBMITTED UNDER SEAL**

I, Erik J. Olson, declare as follows:

1. I am a partner in the law firm of Morrison & Foerster LLP representing Apple in this matter. I am licensed to practice law in the State of California. I have personal knowledge of the facts set forth below, except where I note that I am relying on the work of others whom I supervise. I make this declaration in support of Apple's Rule 37(b)(2) Motion Re Samsung's Violation of the January 27, 2012 Damages Discovery Order ("Rule 37 Motion").

2. On August 26, 2011, and October 26, 2011, Apple propounded on Samsung detailed requests for the production of relevant documents as to Samsung's U.S. and worldwide revenue, units sales, profits, selling prices, costs, and other financial information. Attached hereto as Exhibits 1 and 2, respectively, are true and correct copies of excerpts of Apple Inc.'s Requests for Production of Documents and Things Relating to Apple's Motion for a Preliminary Injunction—Set Two, dated August 26, 2011, and Apple Inc.'s Sixth Set of Requests for Production of Documents, dated October 26, 2011.

3. By mid-December, and after it became clear that Samsung had produced only a smattering of unconnected reports, Apple wrote multiple letters to Samsung requesting that Samsung produce financial documents in response to Apple's requests. Attached hereto as Exhibits 3, 4, and 5 are true and correct copies of letters from Apple counsel Mia Mazza to Samsung counsel Diane Hutnyan on December 19, 26, and 28, 2011, respectively. Samsung did not produce significant additional financial documents. At my direction, attorneys for Apple confirmed by searching Samsung's production that Samsung had not yet provided meaningful discovery into revenues, profits, and sales on the accused products.

4. In January and after Apple noted it would seek relief from the Court by filing a motion to compel the next day, Samsung offered to supplement its production of financial documents by February 3, 2012. Attached hereto as Exhibit 6 is a true and correct copy of a letter, dated January 10, 2012, from Rachel Herrick Kassabian to Harold McElhinny.

5. On January 11, 2012, Apple moved to compel the production of financial documents. (*See* Apple's Motion to Compel Production of Documents and Things, filed Jan. 11, 2012, Dkt. No. 613). Apple sought an order requiring Samsung to produce documents by

1  January 23, which would have allowed Apple to use the documents in connection with the

2  deposition of Tim Sheppard, which took place on January 24, 2012.

3   6. Along with the motion, Apple filed a detailed proposed order granting the motion,

4  Dkt. No. 616 ("[Proposed] Order Granting Apple's Motion to Compel Production of Documents

5  and Things"), a true and correct copy of which is attached to the Rule 37 Motion as Appendix A.

6   7. Attached hereto as Exhibit 7 is a true and correct copy of a letter, dated

7  January 18, 2012, from Mia Mazza to Rachel Herrick Kassabian, requesting that Samsung

8  identify the Bates numbers containing the financial information that Samsung claims to have

9  produced. Samsung failed to respond to this request.

10   8. On January 19, 2012, the Court held a hearing on Apple's January 11 Motion

11  to Compel. Attached hereto as Exhibit 8 is a true and correct copy of excerpted portions of the

12  transcript of that January 19, 2012 hearing.

13   9. On January 24, 2012, I took the deposition of Samsung Telecommunications

14  America Controller and VP of Finance Tim Sheppard. Apple did not have the financial

15  information Apple sought in its Motion to Compel for that deposition; instead, Apple was forced

16  to use its limited deposition time to identify the categories of financial and sales data and

17  documents Samsung maintained but had not produced.

18   10. Mr. Sheppard testified that Samsung maintains several categories of financial

19  information, and generates several types of documents, in the ordinary course of business.

20  Attached hereto as Exhibit 9 is a true and correct copy of excerpted portions of the transcript of

21  the deposition of Mr. Sheppard.

22   11. Shortly after the deposition of Mr. Sheppard, attorneys for Apple, at my direction,

23  searched for the financial documents mentioned by Mr. Sheppard, and with few exceptions, did

24  not find them. On January 27, 2012, Apple then wrote to Samsung to confirm that Samsung

25  would produce under the Order the financial documents that Mr. Sheppard had identified but that

26  Samsung had not yet produced. Attached hereto as Exhibit 10 is a true and correct copy of that

27  letter, dated January 27, 2012, from Erik Olson to Rachel Herrick Kassabian.

28

1    12.     Later in the day on January 27, the Court issued an Order, Docket No. 673, on
2  Apple's motion to compel the production of financial documents. The Order stated: "All
3  production subject to this order must be completed on a rolling basis and no later than
4  February 3, 2012."

5    13.     Attached hereto as Exhibit 11 is a true and correct copy of a letter, dated
6  February 1, 2012, from Mark Pernick to Rachel Herrick Kassabian, requesting that Samsung
7  respond to Apple's January 27, 2012 letter confirming that Samsung would produce the identified
8  financial documents.

9    14.     On February 2, Samsung responded to Apple's January 27 letter by saying it
10 intended to produce documents in accordance with the Order. Attached hereto as Exhibit 12 is a
11 true and correct copy of that letter, from Rachel Herrick Kassabian to me.

12   15.     On February 3, the last day Samsung could comply with the Order, Samsung
13 produced fewer than 20 additional financial documents. Samsung produced one 26-tab Excel
14 spreadsheet (SAMNDCA00323946) that is discussed in the declaration of Eric Roberts and
15 attached to the Roberts Declaration as Exhibit A. Samsung also produced twelve audited
16 financial statements, eight for SEA and four for STA.

17   16.     Attached hereto as Exhibit 13 is a true and correct copy of a letter, dated
18 February 4, 2012, from Mark Pernick to Rachel Herrick Kassabian, asking whether Samsung
19 intends to produce the documents described in the January 27, 2012 letter.

20   17.     On February 6, 2012, lead counsel for Apple and Samsung met and conferred
21 about the financial documents that Samsung had failed to produce.

22   18.     Attached hereto as Exhibit 14 is a true and correct copy of a letter, dated
23 February 9, 2012, from Mark Pernick to Rachel Herrick Kassabian, again requesting that
24 Samsung identify the specific Bates ranges of financial documents that Samsung contends it
25 produced to Apple. Again, Samsung failed to respond.

26   19.     On February 10, 2012, Samsung supplemented the Spreadsheet
27 (SAMNDCA00325495) in the same format as SAMNDCA00323946 but including two additional
28

1  Samsung products, namely, the Mesmerize and the Showcase smartphones, and is attached to the
2  Roberts Declaration as Exhibit B.

3  20.  Attached hereto as Exhibit 15 is a true and correct copy of a letter, dated
4  February 10, 2012, from Marc Pernick to Rachel Herrick Kassabian addressing Samsung's failure
5  to comply with the Court's January 27 Order. The letter includes, "Exhibit 1: Deficiencies in
6  SAMNDCA000323946," which provides a detailed listing of deficiencies in the 26-tab Excel
7  spreadsheet.

8  21.  Attached hereto as Exhibit 16 is a true and correct copy of a letter, dated
9  February 12, 2012, from Marc Pernick to Rachel Herrick Kassabian addressing Samsung's failure
10 to produce the documents requested for production in Erik Olson's January 27, 2012 letter
11 (Exhibit 10 above). This letter also identified, for each category of documents that Samsung did
12 not produce, which Apple requests for production covering each document category, and notes
13 the categories unequivocally covered in the Order.

14 22.  Attached hereto as Exhibit 17 is a true and correct copy of a letter, dated
15 February 12, 2012, from Marc Pernick to Rachel Herrick Kassabian discussing problems with the
16 26-tab Excel spreadsheet, and Samsung's failure to comply with the Court's January 27 Order.

17 23.  Attached hereto as Exhibit 18 is a true and correct copy of a letter, dated
18 February 13, 2012, from Rachel Herrick Kassabian to Marc Pernick. In it, Samsung asserts that
19 Samsung fulfilled its obligation to produce financial documents, that Samsung's production
20 satisfies the Court's January 27 Order, and that Samsung would not produce the documents Apple
21 had identified.

22 24.  On February 14 and 15, 2012, lead counsel for Apple and Samsung again met and
23 conferred regarding the documents Samsung had failed to produce and were unable to make an
24 agreement.

25 25.  Samsung's failure to produce financial documents in accordance with the
26 February 3 deadline set by the Order has prejudiced Apple. Specifically, the deposition of
27 Samsung's 30(b)(6) witness on various financial topics is scheduled to occur before
28 March 8, 2012. The initial exchange of expert reports, including those addressing monetary

1  damages from infringement, is set to occur on March 22, 2012. Even if the Court orders
2  Samsung to produce the requested financial information, such production would be *after* Apple
3  has deposed Samsung's 30(b)(6) witness and *after* Apple's damages experts have prepared their
4  reports.

5        26.    Lacking basic financial information from Samsung such as sales in units, profits,
6  revenues, costs, fixed costs, and allocations for the accused products, as prepared in the ordinary
7  course, Apple's damages expert will not have the information required to prove the full measure
8  of Apple's damages under governing law. Should Samsung produce new, corrected or additional
9  financial information, *e.g.* at the close of fact discovery or before other deposition of individuals
10 with financial responsibilities, Apple will be prejudiced by the untimely production, *e.g.* by
11 having to revise its expert reports to reflect profitability data newly produced.

12       27.    Apple brought an action against Samsung before the International Trade
13 Commission ("ITC"), in which Apple seeks to block importation and sale of the same products as
14 at issue in the instant suit, based on the same Apple intellectual property as at issue here. In that
15 suit, the ITC has twice ordered Samsung to comply with Apple's discovery requests. Attached
16 hereto as Exhibit 19 is a true and correct copy of the ITC's most recent order in that case, Order
17 No. 14, issued on February 14, 2012.

18       28.    I asked attorneys working with me to review the documents produced in both this
19 action and the two ITC actions to find any additional documents responsive to Apple's requests
20 and the Court's order. In the course of this review, we discovered a haphazard set of sporadically
21 produced financial reports containing the type of financial information that Apple has requested
22 and Samsung has failed to produce. There is nothing close to a comprehensive or complete set of
23 documents in the multiple productions.

24       29.    Specifically, the recent review of the ITC 794 documents revealed nine
25 STA Monthly Closing Reports out of the twenty-four months in 2010 and 2011, an old chart
26 containing details of STA's expense general ledger accounts, as well the sporadic production of
27 certain global financial reporting documents. (*See* Roberts Decl. Exhibits D, E, F (STA Monthly
28 Closing Report, bearing Bates Numbers S-ITC-500036295, STA expense general ledger

1  accounts, bearing Bates Numbers S-ITC-500000702-706, and GCPS documents, bearing Bates
2  Numbers S-ITC-500021629-21678).)  The significance of these documents and their usefulness is
3  discussed in the declaration of Eric Roberts.  Nonetheless, these sporadic productions show that
4  Samsung has access to these documents, that they include relevant, responsive information and
5  that Samsung's failure to produce reflects an intentional decision to withhold them.

6        30.    In am familiar with Apple's document production to Samsung.  Apple's
7  productions include more detailed information on financial issues, more comprehensive
8  documents in terms of the years and quarters that were included, costed bills of materials,
9  additional detailed information on costs and manufacture and marketing of the products, and
10 certain reports created in the ordinary course of business or given to management.

11       I declare under penalty of perjury that the foregoing is true and correct.  Executed this
12 28th day of February, 2012 at San Francisco, California.

*/s/ Erik J. Olson*
Erik J. Olson

**ATTESTATION OF E-FILED SIGNATURE**

I, Michael A. Jacobs, am the ECF User whose ID and password are being used to file this Declaration. In compliance with General Order 45, X.B., I hereby attest that Erik J. Olson has concurred in this filing.

Dated: February 28, 2012               */s/ Michael A. Jacobs*
                                       Michael A. Jacobs