# EXHIBIT 4

# FILED UNDER SEAL

**MORRISON | FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA 94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG

December 26, 2011

Writer's Direct Contact
415.268.6024
MMazza@mofo.com

*Via E-Mail* (dianehutnyan@quinnemanuel.com)

Diane Hutnyan
Quinn Emanuel
865 South Figueroa Street
Los Angeles, CA 90017

Re:   *Apple v. Samsung*, Case No. 11-cv-1846-LHK (PSG) (N.D. Cal.)

Dear Diane:

I write in response to your letter of December 20, 2011, regarding financial documents and as a follow up to our discussions.

In my letter of December 19, to which your December 20 letter responded, Apple referred to only the most basic data on pricing and on sales in units and revenue for the accused products. There is no legitimate argument that Samsung can withhold this basic data.

You suggested in our call that Samsung might not retain or report on data reflecting the number of units sold, the price at which units are sold and the revenue (including subsidies) that Samsung receives from individual carriers. That is essentially impossible because without this data, Samsung could not invoice carriers for its sales, could not verify receipts and could not reconcile its accounts receivable. Without this data, Samsung would be unable to prepare even rudimentary financial statements. It is equally inconceivable that Samsung employees who are responsible for relationships with carriers do not receive data at least monthly, if not more frequently. In the present age, Samsung employees most certainly are capable of looking up reports on this information in Samsung's sales tracking system to evaluate information on sales by product, time, and period, and to find the consolidated standard costs for the units sold. Please check specifically with Samsung employees who handle shipping, accounts receivable, and revenue accounting, and check with Samsung employees who manage Samsung's relationships with each of the carriers, before representing that carrier-specific information may be beyond Samsung's ability to produce.

sf-3087757

MORRISON | FOERSTER

Diane Hutnyan
December 26, 2011
Page Two

Samsung's failure to retain carrier-specific information would be inconsistent with modern business practice. Accordingly, if Samsung does not produce the requested financial information on a carrier-by-carrier basis Apple will expect a written stipulation agreeing that Samsung will not use or introduce carrier-specific data, and that Samsung will not make any arguments on liability or damages calculations on the basis of a claim that the carrier who made a sale matters. Otherwise, Apple will be forced to move to compel.

Moreover, although sales ex-U.S. may not infringe (unless the sale occurred in the U.S. or the product was made here), worldwide sales are relevant to damages. Apple is entitled to an award in damage equal to Samsung's profits and it is entitled to consider Samsung's profits in determining a reasonable royalty under the *Georgia-Pacific* factors. Unless Samsung is prepared to agree that no expense incurred by it after the reductions made to calculate gross margin for U.S. is relevant or admissible, it must produce worldwide sales figures so that each side's experts can examine whether and how any allocation should be made from such expenses. Further, the worldwide figures are needed to evaluate the importance of U.S. sales to Samsung and to tie the amounts reported on U.S. sales to published financials on a consistent basis. Note that Apple does not need worldwide unit and sales data by carrier.

Apple has been waiting for this information for over *four months*, since August 2011. If Samsung does not agree by January 4, 2012, to produce the requested information by January 13, Apple will include this issue (and timing of production) in its January 6 motion to compel.

Finally, your claim that Samsung has produced meaningful financial data in the related ITC proceedings is inaccurate. Samsung's production thus far in the ITC proceedings reflects a smattering of partial, incomplete financial data on certain products, units, customers or periods that do not tie together. If you believe that Samsung has provided a comprehensive report on sales in units and revenues for the accused products that ties to the general ledger, please identify the relevant bates numbers. Until that happens, Samsung's production to date does not resolve the issue.

Sincerely,

*/s/ Mia Mazza*

Mia Mazza

cc:     Samuel Maselli
        S. Calvin Walden
        Peter Kolovos

sf-3087757