# EXHIBIT 8

# FILED UNDER SEAL

```
1

2                IN THE UNITED STATES DISTRICT COURT

3              FOR THE NORTHERN DISTRICT OF CALIFORNIA

4                          SAN JOSE DIVISION

5
     APPLE, INC.,                    )  CV-11-1846-LHK
6                                    )
                    PLAINTIFF,       )  SAN JOSE, CALIFORNIA
7                                    )
               VS.                   )
8                                    )  JANUARY 19, 2012
     SAMSUNG ELECTRONICS, CO.,       )
9    LTD., ET AL,                    )
                                     )  PAGES 1-276
10                  DEFENDANT.       )
     _____
11

12                     TRANSCRIPT OF PROCEEDINGS
                BEFORE THE HONORABLE PAUL S. GREWAL
13                  UNITED STATES DISTRICT JUDGE

14

15   A P P E A R A N C E S:

16   FOR THE PLAINTIFF:  MORRISON & FOERSTER, LLP
                         BY:  MICHAEL JACOBS
17                            JASON BARTLETT
                              HAROLD MCELHINNY
18                            MIA MAZZA
                         425 MARKET STREET, 34TH FL
19                       SAN FRANCISCO, CA 94105

20   FOR THE DEFENDANT:  QUINN EMANUEL
                         BY:  DIANE HUTNYAN
21                       865 S. FIGUEROA ST., 10TH FL
                         LOS ANGELES, CA 90017
22

23          (APPEARANCES CONTINUED ON THE NEXT PAGE)

24

25   OFFICIAL COURT REPORTER: SUMMER FISHER, CSR, CRR
                              CERTIFICATE NUMBER 13185

                                                              1
```

```
 1    FOR THE PLAINTIFF:   WILMER HALE
                           BY:  MARK SELWYN
 2                              CALVIN WALDEN
                           950 PAGE MILL ROAD
 3                         PALO ALTO, CA 94304

 4    FOR THE DEFENDANT:   QUINN EMANUEL
                           BY:  VICTORIA MAROULIS
 5                              RACHEL KASSABIAN
                                JOBY MARTIN
 6                              KEN SUH
                                SCOTT HALL
 7                         555 TWIN DOLPHIN DRIVE, 5TH FL
                           REDWOOD SHORES, CA 94065
 8

 9
      ALSO PRESENT:        CHRISTOPHER KELLY
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1	PRIVILEGED EVENT.
2	          THE DIRECTION FROM A MANAGER TO AN
3	ENGINEER CREATES THE BLUE GLOW EFFECT, IS NOT A
4	PRIVILEGED EVENT.  IT MAY BE THERE WAS LEGAL ADVICE
5	IN REACHING THE DECISION TO IMPLEMENT THE DESIGN
6	AROUND, AND SOME DAY WE WILL GET TO PRIVILEGE LOGS,
7	BUT THAT CAN'T BE RIGHT.
8	          AND THEN, OF COURSE, IF THEY'RE GOING TO
9	ARGUE NON INFRINGING ALTERNATIVES AND THAT THEY
10	HAVE SOMETHING IN THE WORKS AND IT WOULD HAVE BEEN
11	TRIVIAL TO DESIGN OF THE PATENTS, THAT SHOULD BE
12	DOCUMENTED.
13	          THE ISSUE OF FINANCIAL DOCUMENTS IS A
14	KNOTTY ONE.  IT'S KNOTTY BECAUSE OUR BURDEN IN ONE
15	SENSE IS FAIRLY EASY, AND IN ANOTHER SENSE IT'S
16	FAIRLY CHALLENGING.
17	          WE ARE ENTITLED, FOR DESIGN PATENT
18	INFRINGEMENT, TO SAMSUNG'S PROFITS.  BUT SAMSUNG IS
19	A GLOBAL COMPANY WITH LOTS OF OPPORTUNITY TO MOVE
20	REVENUES INTO A SUBSIDIARY IF IT'S TAX ADVANTAGED
21	OR NOT OR ALLOCATE COSTS IN PARTICULAR WAYS.
22	          AND WE HAVE TO REVERSE ENGINEER THAT FROM
23	THE UNDERLYING DOCUMENTATION AND WE HAVE TO CREATE
24	A DAMAGES MODEL THAT CREATES AN APPROPRIATELY
25	ALLOCATED MODELLING OF SAMSUNG'S PROFITS.

1          IT'S NOT MERELY WHAT SAMSUNG REPORTS AS,
2     SAY, PROFITS FOR THE HANDSET DIVISION, BECAUSE SOME
3     PRODUCTS INFRINGE THE DESIGN PATENTS, WE ALLEGE,
4     AND SOME PRODUCTS DO NOT.  SO WE NEED TO GET DOWN
5     TO A FAIRLY GRANULAR LEVEL HERE.
6          NOW AGAIN, WE ARE NOT EXACTLY SURE WHAT
7     SAMSUNG HAS PROMISED TO DO BUT IT DOES HAVE TO BE
8     QUITE COMPLETE, IT DOES HAVE TO BE GLOBAL AND IT
9     DOES HAVE TO BE DOWN TO THE PRODUCT IN A
10    MONTH-BY-MONTH LEVEL.
11         THE COURT:  DOESN'T THE CHAN DECLARATION,
12    OR EXHIBIT 1 TO IT, LAY OUT THAT JANUARY 10TH
13    LETTER WHAT THEY'VE AGREED TO PRODUCE?
14         MR. JACOBS:  YES.
15         AND I THINK IT'S THE -- THE SHORT ANSWER
16    IS IT'S INCOMPLETE.
17         SO I DON'T THINK WE ARE TRULY GETTING --
18    AMONG THE THINGS THAT WE'VE SPOTTED, WE NEED TO GET
19    THIS FROM ALL THE ENTITIES THAT ARE INVOLVED IN THE
20    SALES.
21         SO WE NEED IT AT THE SUBSIDIARY AND AT
22    THE PARENT LEVEL.  WE NEED IT AT THE MONTH-BY-MONTH
23    LEVEL BECAUSE PRODUCTS ARE BEING ROLLED IN AND OUT.
24    WE NEED IT AT THE PRODUCT LEVEL BECAUSE IT'S A
25    PRODUCT-BY-PRODUCT ASSESSMENT.  WE NEED THE BUILD

1   OF MATERIALS, WE NEED THE GNA ALLOCATION.  WE NEED
2   A PRETTY COMPREHENSIVE VIEW OF THE INCOME AND COSTS
3   STRUCTURE OF SAMSUNG'S MOBILE PHONE GROUP DOWN TO
4   THOSE LEVELS OF GRANULARITY.
5            THE COURT:  YOU ARE ASKING FOR THE BILL
6   OF MATERIALS FOR EACH OF THE INDIVIDUAL UNITS THAT
7   INFRINGE?
8            MR. JACOBS:  OH, YES.  AND WE HAVE GIVEN
9   THAT ON THE APPLE'S SIDE, YOUR HONOR.
10           THE COURT:  HOW MANY BILLS OF MATERIAL
11  ARE THERE?
12           MR. JACOBS:  WELL, THERE ARE A NUMBER OF
13  ACCUSED PRODUCTS.  FOR THIS PURPOSE, I DON'T THINK
14  IS THAT HUGE.
15           SO THAT'S AN AREA THAT'S PROBABLY WORTH A
16  LITTLE FURTHER EXPLORATION.
17           THOSE ARE THE ONES I WANTED, THAT I
18  THOUGHT IMPORTANT TO HIGHLIGHT, YOUR HONOR.
19           WE'VE ACTUALLY, WE COVERED A LOT OF
20  TOPICS WITH THIS MOTION.  WE THINK IT'S IMPORTANT
21  THAT WE GET AN ORDER FROM YOUR HONOR ORDERING
22  SAMSUNG TO DO WHAT IN MANY CASES, NOW ON THE EVE OF
23  THE LAST MINUTE IT SAID IT WAS WILLING TO DO,
24  BECAUSE ONLY WITH AN ORDER DO WE REALLY GET THEIR
25  ATTENTION.

```
 1    DEAL WITH THIS.  SO IT'S AN AMBUSH TO SHOW UP AT

 2    LEAD COUNSEL MEET AND CONFER WHEN WE, THE LOWER

 3    LEVEL LAWYERS, HAVEN'T EVEN HAD A CHANCE TO DISCUSS

 4    IT.

 5              THAT'S ALL I MEANT, YOUR HONOR.  I'M NOT

 6    SAYING THEY SHOULDN'T BE, INVOLVED THEY MUST BE

 7    INVOLVED.  BUT IT'S NOT EFFICIENT AND IT SEEMS LIKE

 8    IT'S A CHECK THE BOX, OKAY, LEAD COUNSEL HAS MET

 9    AND CONFERRED, WE GET TO BOTHER JUDGE GREWAL ABOUT

10    THIS.

11              THAT'S NOT HOW IT SHOULD WORK.  THERE

12    SHOULD BE A MEANINGFUL DISCUSSION AND IF WE ARE

13    LEARNING ABOUT SOMETHING AT THE FIRST TIME LEAD

14    COUNSEL MEET AND CONFER, WE HAVE NO TIME TO CONSULT

15    WITH OUR CLIENT, NO TIME TO REACH AGREEMENT.

16              SO LET ME QUICKLY MOVE ON.  FINANCIAL

17    DOCUMENTS.

18              MR. JACOBS MENTIONED THREE THINGS.

19    SUBSIDIARY AND PARENT, HE SAID, I'M FINE WITH

20    SAMSUNG'S PROPOSAL BUT IT'S MISSING THREE THINGS.

21    HE SAID, WE WANT A BREAKDOWN BETWEEN SUBSIDIARIES

22    AND PARENTS.

23              I'M NOT SURE WHAT HE'S TALKING ABOUT.  I

24    DON'T THINK ANYONE HAS MADE THAT DISTINCTION.  WE

25    CERTAINLY HAVEN'T.  I DON'T RECALL SEEING APPLE
```

1    MEET AND CONFER LETTERS TALKING ABOUT THAT.
2              BUT THERE CERTAINLY IS AN AGREEMENT AND
3    WE'VE MADE CLEAR OUR OFFER THAT FOR THE ACCUSED
4    DEFENDANTS WHICH WOULD INCLUDE STA WHICH IS A
5    SUBSIDIARY OF SCC, THAT ALL THOSE FINANCIAL
6    DOCUMENTS ARE GOING TO BE PRODUCED AND HAVE BEEN
7    AND WE HAVE AGREED TO PRODUCE THEM.
8              SO I DON'T UNDERSTAND THAT POINT BUT I
9    DON'T THINK THAT IT MATTERS BECAUSE THERE'S NOT
10   BEEN A REFUSAL ON SAMSUNG'S PART TO PRODUCE
11   DOCUMENTS RELATING TO THE FINANCIAL CATEGORIES
12   INVOLVED FOR THE THREE NAMED DEFENDANTS.
13             HE ALSO SAID, WE WANT INFORMATION AT THE
14   PRODUCT LEVEL AND SAMSUNG HASN'T OFFERED THAT, AND
15   THAT'S JUST COMPLETELY NOT TRUE.
16             IN OUR BRIEF IT LISTS OUT THE EXACT
17   CATEGORIES THAT HAVE BEEN AGREED TO AND IT INCLUDES
18   AT THE PRODUCT LEVEL.
19             SO I'M NOT SURE WHERE HE GOT THAT BUT
20   IT'S DEFINITELY NOT SOMETHING THAT WE REFUSED TO
21   PRODUCE.
22             THE NEXT THING HE IDENTIFIED IS BILLS OF
23   MATERIALS.  I AGREE WITH YOU THAT I THINK THAT'S
24   OVERKILL BY A LARGE MARGIN WHEN THERE ARE SUMMARY
25   FINANCIAL DOCUMENTS AT COMPANIES THIS LARGE.  BUT

 1   TO TRY TO STAVE OFF A MOTION, WE AGREED TO DO IT,
 2   AND WE ARE GOING TO TRY TO GET TO THOSE AND LOOK
 3   FOR THEM.
 4           SO THAT'S TOO -- HE'S INCORRECT THAT THAT
 5   WAS MISSING FROM OUR OFFER.  SO EVERYTHING HE'S
 6   SAYING IS WRONG WITH OUR OFFER, I DON'T AGREE WITH.
 7   AND I THINK THE OFFER SPEAKS FOR ITSELF WHICH IS IN
 8   THE JANUARY 10TH LETTER AND ALSO LISTED AGAIN IN
 9   OUR OPPOSITION BRIEF.
10           THE COURT:  DOES YOUR OFFER INCLUDE SALES
11   DATA, REVENUE DATA OUTSIDE THE UNITED STATES?
12           MS. KASSABIAN:  FOR THE PRODUCTS THAT ARE
13   SOLD OUTSIDE, YES, WE AGREED TO THAT AND STILL THIS
14   MOTION WAS FILED.
15           MOST OF THESE PRODUCTS AREN'T SOLD
16   ANYWHERE ELSE, BUT THINGS LIKE THE TAB ARE.  SO
17   YES, IF IT'S SOLD -- AGAIN, I DON'T KNOW WHY WE ARE
18   HERE ON THIS ISSUE.
19           THE COURT:  WELL, IF IT'S NOT SOLD
20   OUTSIDE THE U.S. THERE IS NO DATA.
21           MS. KASSABIAN:  THAT'S RIGHT.
22           SO WE CAN'T AGREE TO PRODUCE ANYTHING
23   THAT DOESN'T EXIST.  BUT FOR THE PRODUCTS SOLD
24   ABROAD, WE AGREED TO PRODUCE WORLDWIDE DATA FOR
25   THOSE PRODUCTS WHICH THE TAB IS AN EXAMPLE.

1
2
3
4       **CERTIFICATE OF REPORTER**
5
6
7
8             I, THE UNDERSIGNED OFFICIAL COURT
9   REPORTER OF THE UNITED STATES DISTRICT COURT FOR
10  THE NORTHERN DISTRICT OF CALIFORNIA, 280 SOUTH
11  FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY
12  CERTIFY:
13            THAT THE FOREGOING TRANSCRIPT,
14  CERTIFICATE INCLUSIVE, CONSTITUTES A TRUE, FULL AND
15  CORRECT TRANSCRIPT OF MY SHORTHAND NOTES TAKEN AS
16  SUCH OFFICIAL COURT REPORTER OF THE PROCEEDINGS
17  HEREINBEFORE ENTITLED AND REDUCED BY COMPUTER-AIDED
18  TRANSCRIPTION TO THE BEST OF MY ABILITY.
19
20
21
22                          _____
                            SUMMER A. FISHER, CSR, CRR
23                          CERTIFICATE NUMBER 13185
24
25