# EXHIBIT 15

# FILED UNDER SEAL

MORRISON | FOERSTER

755 PAGE MILL ROAD
PALO ALTO
CALIFORNIA 94304-1018

TELEPHONE: 650.813.5600
FACSIMILE: 650.494.0792

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG

February 10, 2012

Writer's Direct Contact
650.813.5718
MPernick@mofo.com

*Via E-Mail* (rachelkassabian@quinnemanuel.com)

Rachel Herrick Kassabian
Quinn Emanuel
555 Twin Dolphin Drive, Fifth Floor
Redwood Shores, CA 94065

Re: *Apple v. Samsung*, Case No. 11-cv-1846-LHK (PSG) (N.D. Cal.)
**CONFIDENTIAL - Attorneys' Eyes Only – Contains Information Subject to Protective Order**

Dear Rachel:

I write to address Samsung's failure to produce a range of financial documents that the Court's January 27, 2012 Order directed Samsung to produce by February 3, 2012. As I stated in the lead counsel meet-and-confer session on Monday, February 6th, Samsung's production does not comply with that Order. It does not come close.

I will in this letter—as Samsung requested in our meet-and-confer session—identify the portions of the Court's Order with which Samsung has failed to comply. Samsung's failures are particularly troubling given how long Apple has been seeking these documents, given the specificity with which Apple has previously identified the requested documents, and given Samsung's representations about what it has already produced and what it would produce.

**Samsung Has Not Complied with the Court's Order**

Apple's January 11, 2012 motion to compel sought eight specifically identified categories of financial information that it needed for its damages case. Several of the categories contained particularized subcategories. Apple's motion asked for the following:

A. Documents evidencing Samsung's U.S. and worldwide revenue, unit sales and selling price for the accused products (smartphones and tablets), including:

1. Samsung's U.S. and worldwide revenues for the accused products (1) per smartphone or tablet (2) per carrier (3) per quarter.

2. Samsung's U.S. and worldwide unit sales for the accused products (1) per smartphone or tablet (2) per carrier (3) per quarter.

3. Samsung's U.S. and worldwide average selling price for the accused products (1) per smartphone or tablet (2) per carrier (3) per quarter.

B. Documents sufficient to show the date when each accused product was introduced into the U.S. market.

C. Reports showing gross profit and Samsung's cost of goods sold:

1. For each accused product, costed bills of materials and financial reports provided to U.S. or corporate management reflecting Samsung's calculation of its gross margin for the accused products from June 2009 to the present.

2. To the extent the reports are not prepared on a product-by-product basis, reports reflecting gross margins or gross profit consolidated for the accused products, for tablets and for smartphones or for Galaxy S and Galaxy SII line of phones as reflected on a quarterly or monthly basis.

3. Based on standard accounting and financial conventions, these reports should show both standard costs for the components that make up the phones and allocations of other expenses (such as freight, variances, and manufacturing overhead) to calculate a consolidated cost of goods sold.

D. Reports reflecting operating costs and profitability with respect to smartphones:

1. Consolidated reports provided to U.S. and corporate management reflecting any expenses not included in costs of goods sold that Samsung incurs or allocates to U.S. smartphone or tablet products, including any research and development expenses, sales and marketing expenses, and general and administrative expenses.

2. Consolidated reports that reflect how such expenses for the accused products compare to U.S. expenses for mobile phones more generally and/or to worldwide expenses.

3. Consolidated reports on operating profit for any of the accused phones, for smartphones, and for mobile phones more broadly reflecting the foregoing expenses.

E. Audited or unaudited financial reports for each entity named as a defendant in this case and for each Samsung entity that sells any of the accused products, audited (or, if audited are unavailable, unaudited) financial reports (including at a minimum an income statement, balance sheet, cash flow statement and all associated notes) for each quarter or fiscal year ending on or after March 31, 2009.

F. Documents relating to any financial valuation of the intellectual property in suit. The foregoing should include any reports on in-process research and development calculations that include technology related to any accused products, any valuation used for balance sheet valuations, amortization, or a write-off of intangible assets.

G. Documents sufficient to show relevant expense for research and development and to design around any patent, including:

1. Any consolidated reports on the expense Samsung incurred to develop any of the accused products.

2. Any reports or financial information that reflect the actual or projected expense to design around any patent.

H. Any quarterly, annual or multi-year business plans prepared for the accused products or the divisions of Samsung that sell the accused products.

(*See* Proposed Order at 8-10, Docket No. 616.)

Samsung never once argued that such materials were not relevant or necessary to the calculation of damages. To the contrary, Samsung's opposition brief represented that Samsung had "agreed to produce *all of the financial information that Apple request[ed]*." (Samsung's Opposition Brief at 14, Docket No. 642-3 (emphasis added).) Indeed, Samsung claimed that its promise had rendered Apple's requests "*moot*"—which could only be the case if Samsung were agreeing to produce *all* the materials Apple sought. (*Id*. at 15.)

At the hearing on Apple's motion, Samsung represented to the Court that "our offer [is] that for the accused defendants which would include STA, which is a subsidiary of SEC, that *all those financial documents* are going to be produced and have been and we have agreed to produce them." (01/19/2012 Hr'g Tr. 168:3-7 (emphasis added).) Samsung explicitly stated that "there's not been a refusal on Samsung's part to produce documents relating to the financial categories involved for the three named defendants." (*Id.* at 168:9-12.) And

Samsung promised on the record that it would look for and produce costed bills of materials for the accused products. (*Id.* at 168:22-169:3.)

On January 27, 2012, the Court relied specifically on Samsung's statements in resolving the motion. The Court ordered Samsung to produce *all of the documents* it had agreed to produce by February 3rd. (Order re Discovery Motions at 15, Docket No. 673.) The Court stated, "Samsung has agreed to supplement its production to date and provide responsive documents to *all of the categories listed by Apple*." (*Id*. (emphasis added).)

We have, as I told you at the February 6th lead counsel meet-and-confer session, reviewed Samsung's February 3rd document production. It does not comply with the Court's Order. With respect to several categories of the core financial information described above, Samsung produced one 26-page Excel spreadsheet and a handful of audited financial statements. *See* SAMNDCA000323946. This 26-page Excel spreadsheet is the *only document* in Samsung's production that responds in any way to categories A1-A3, C1-C3, D1-D3, and G-1 of Apple's proposed order. But the Court did not order Samsung to produce *just one* document in each of these categories. On top of that, it appears to us that Samsung produced no documents responsive to categories G-2 and H from Apple's proposed order, and no "costed bills of materials" as required by category C-1.

**Samsung Has Not Lived up to Its Own Representations**

The problem here goes beyond Samsung's failure to abide by the Court's Order. Samsung has also reneged on its own representations. Apple's motion was not the first time that it tried to get Samsung to produce the basic financial information at issue here. Apple raised the persistent problems with Samsung's production of financial data in two specific letters on December 19 and 28, 2011. Apple was clear and specific about what information, tied to the general ledger, was needed. In response, Samsung made vague representations about what it had or would produce, but promised that Samsung would produce documents regarding revenues and profitability that Samsung "maintains in the ordinary course of its business." (01/02/2012 Letter from R. Kassabian to M. Mazza.) Samsung specifically emphasized that it should not have to create documents in new formats.

The issues were then discussed during a lead counsel meet-and-confer session on January 6, 2012. Samsung again refused to provide specifics about the scope and timing of its production. Then, on the eve of Apple's motion, in your January 10, 2012 letter, Samsung stated that it would produce nonprivileged documents "reflecting U.S. (and where appropriate, worldwide) units by month or quarter from product release to 2011 for the accused products, U.S. (and where appropriate, worldwide) revenue by month or quarter from product release to 2011 for the accused products, responsive non-privileged documents

showing gross profit, cost of goods sold, operating costs and profitability for the accused products . . . ."

But the 26-page Excel spreadsheet cited above is the *only document produced on February 3rd* that provides information that corresponds to the promises Samsung made regarding documents reflecting units, revenues, costs, expenses, profits, gross profits, or earnings of Samsung with respect to any accused products. It is the *only document* that begins to provide even summarized answers in the categories that Apple has raised since mid-December. That does not suffice.

**Samsung Has Not Produced the Documents about Which STA's Financial Controller Testified**

Compounding these problems even further, after Apple's motion was filed and heard, Apple took the deposition of STA's financial controller, Tim Sheppard, on January 24, 2012. Three days after that deposition, on January 27th, I sent a letter to you identifying 21 categories of specific financial documents that Mr. Sheppard said were prepared for Samsung by STA's financial professionals. These were exactly the types of documents that Samsung "maintains in the ordinary course of its business."

We asked repeatedly during the week of January 30th for a specific response relating to the 21 specific categories in my January 27th letter. Samsung refused to provide any feedback, and just told Apple that it should look in Samsung's production. That response was inadequate because Samsung is in a far better position to know what it did and did not produce. That response also stood in violation of the Federal Rules. (*See* 02/04/2012 Letter from M. Pernick to R. Kassabian.) Nonetheless, at great burden and expense, Apple completed its review of every document produced by Samsung on February 3rd over the weekend. I have already reported to you the troubling conclusions reached as a result of that review as compared to the Court's Order. Beyond that problem, the Samsung production contained *no documents* in 20 of the 21 categories of documents specifically identified by Mr. Sheppard and called out by my January 27th letter.

**Samsung's Spreadsheet Is Internally Inconsistent and Incomplete**

Making matters even worse, the one Excel spreadsheet discussed above is on its face not a reliable exposition of Samsung's financial and profitability data with respect to the accused products. And despite Samsung's repeated emphasis on the production of documents prepared in the ordinary course of business, the single Excel spreadsheet clearly does not fit this description. To the contrary, it reflects a litigation-driven decision by Samsung or its attorneys to prepare a new document of their own liking based on criteria of their own making. I have attached an exhibit to this letter that sets out some of the problems with this document.

* * *

In sum, Samsung's February 3rd production does not comply with what it promised in January, with what its own witness said about Samsung's financial documents, with what Samsung told the Court, or with what the Court ordered Samsung to produce.

Samsung must remedy its non-compliance by **February 13th**. It must by then produce *all* documents prepared in the ordinary course reflecting the information sought in Apple's motion, and that the Court ordered Samsung to produce. It must produce *all* documents reflecting Samsung's revenues, costs, expenses and profits that were identified by Mr. Sheppard and included specifically in my January 27th letter. It must produce costed bills of materials. It must produce the finalized 2012 STA Business Plan. Further, Samsung must produce a version of the single 26-page spreadsheet that resolves all the internal problems identified on the attached exhibit.

If Samsung is unwilling to make the production requested above by **February 13, 2012**, we will add this to the agenda for the February 14th lead counsel meet-and-confer session. However, please note that, especially because this is discovery that the Court has already ordered Samsung to produce—and because it has already been covered in the meet-and-confer discussions that led to Apple's original motion—we will expect to resolve any disputes on this issue either before or at the lead counsel meeting. To that end, if Samsung objects to producing the materials requested in this letter, please explain the bases for its objection right away.

Sincerely,

*/s/ Marc Pernick*

Marc Pernick

cc: S. Calvin Walden
Peter Kolovos

Exhibit 1
Deficiencies in SAMNDCA000323946

The following deficiencies make clear that the 26-page document, which was created by Samsung solely for purposes of this litigation, is an insufficient response to the Court order:

- It is internally inconsistent and illogical:
  - The "Total" worksheet does not tie to the totals of the individual worksheets. For example, there is a $263,307,500.20 variance between the consolidated 4Q 2011 revenue figure provided on the "Total" worksheet, and the corresponding revenue figures provided on the underlying per-product worksheets.
  - The "Qty" figures for the "Manufacturing" section of each worksheet do not match the "Qty" figures for the amounts in the rows above.
  - The "Consolidate" numbers do not match the "Manufacturing" numbers.
  - The report repeatedly shows "revenue" figures that are a negative value (as though Samsung is paying others to provide them Samsung phones).
  - Similarly, the report includes "negative" cost of goods sold figures, indicating that Samsung is being paid by manufacturers to ship phones to Samsung.
  - The document includes other equally irrational financial data, such as for the Nexus S product in Q2 2011 (in which STA purportedly received one returned phone and paid others $1,622,568 for the privilege), or for the Nexus S 4G phone in Q3 2011 (in which STA sold 23,020 phones but paid others $5,206,577 for the privilege).
- The spreadsheet contains no information on numerous accused products including at least: the Mesmerize, Showcase i500, Showcase Galaxy S, Captivate Glide, Exhibit II 4G, and Galaxy S II Skyrocket.
- The spreadsheet provides inaccurate data regarding the Tab 7.0. Despite the fact that this product was introduced in the fall 2010, the spreadsheet shows no sales at all until a year later in the fourth quarter of 2011.
- Even though Tim Sheppard made clear that Samsung routinely tracks each of the headings you provided, such as "GA expense" "Sales Expense," "R&D Expense" and "COGS", at an additional level of detail in the ordinary course of business, the

spreadsheets provide no information on that detail. Samsung's reporting should at a minimum be provided at the same level of detail that Samsung tracks on a monthly and quarterly basis as illustrated in Samsung's Business Plans. (*See* 01/24/2012 Sheppard Dep. at 61-62. *See also* S-ITC-007274378-81.)

- Despite specific requests for detailed information on COGS sold (such as standard costs, freight, variances, etc.) and other expenses, the spreadsheet provides only a single entry for COGS. This same error is repeated with respect to each of the following rows: "Expense," "GA Expense," "Sales Expense," and "R&D Expense." The absence of such detail is a transparent attempt to prevent Apple from being able to test or evaluate in any way how Samsung has prepared or manipulated the information used to create this litigation-driven document.

- The "Consolidate" numbers lack any information on consolidated gross or operating profits even though Samsung reports its earnings in a consolidated financial statement and thus prepares such information.

- None of the 26 pages ever states the amount of Samsung's gross profits or gross margin, even though the documents that Samsung creates in the ordinary course of business track this profit metric. (*See, e.g.* S-ITC-007274378.)

- The document never provides the equivalent figures for STA, SEA or SEC as a whole so that the amounts could be tied out to audited financials or other consistent internal or external reportings that are prepared in a manner to ensure their accuracy.

These items are all "artifacts" created by Samsung's self-serving effort to create a single document for use in the litigation without using the normal checks and balances provide by Samsung's internal accounting procedures. Samsung then seeks to make the document unimpeachable by eliminating all detail and providing no documents, created in the ordinary course, to which it can be compared. This reflects neither good faith nor compliance with the Court's order.