# EXHIBIT 18

# FILED UNDER SEAL

quinn emanuel trial lawyers | silicon valley

555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065-2139 | TEL: (650) 801-5000 FAX: (650) 801-5100

February 13, 2012

**VIA ELECTRONIC MAIL**

Marc J. Pernick, Esq.
Morrison Foerster
755 Page Mill Road
San Francisco, California 94304-1018

Re:     Apple v. Samsung, N.D. Cal. Case No. 11-cv-1846-LHK (PSG)

Dear Marc:

I write in response to your letter of February 10, 2012 and your three letters sent within the space of 30 minutes on Sunday night, February 12, 2012, regarding Samsung's production of financial documents.

Samsung Has Fulfilled Its Obligation to Produce Financial Documents

Samsung has fulfilled its obligation to produce financial documents, as required by the Court's January 27, 2012 Order (the "Order") (Dkt. # 673). In an attempt to impose an undue and unnecessary burden on Samsung, Apple misconstrues the Order and Samsung's statements related thereto. Samsung never agreed to produce the documents demanded in your February 10, 2012 letter. Rather, Samsung identified with specificity the financial documents it agreed to produce in my January 10, 2012 letter to Harold J. McElhinny (Dkt # 642-1, Ex. 1). The January 10, 2012 letter identified financial documents that Samsung had already produced, as well as additional documents that it would produce by February 3.

> In addition to this prior production, to the extent it has not already been produced, Samsung further agrees to supplement this production with responsive, non-privileged and non-public audited financial reports from each of the Samsung defendant entities, documents reflecting U.S. (and where appropriate, worldwide)

quinn emanuel urquhart & sullivan, llp
LOS ANGELES | 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois 60661-2510 | TEL (312) 705-7400 FAX (312) 705-7401
WASHINGTON, DC | 1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia 20004-2400 | TEL (202) 538-8000 FAX (202) 538-8100
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44(0) 20 7653 2000 FAX +44(0) 20 7653 2100
TOKYO | NBF Hibiya Building, 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 3 5510 1711 FAX +81 3 5510 1712
MANNHEIM | Mollstraße 42, 68165 Mannheim, Germany | TEL +49(0) 621 43298 6000 FAX +49(0) 621 43298 6100
MOSCOW | Voentorg Building, 3rd Floor, 10 Vozdvizhenka Street, Moscow 125009, Russia | TEL +7 495 797 3666 FAX +7 495 797 3667

units by quarter from product release to 2011 for the accused products, U.S. (and where appropriate, worldwide) revenue by quarter from product release to 2011 the accused products, documents sufficient to show the date each accused product became available to U.S. markets (at least for accused products that were actually sold or offered for sale in the U.S.), and any non-privileged valuations for the patents-in-suit. We anticipate substantially completing this production by February 3.

Unsatisfied with Samsung's proposal, Apple moved to compel, and demanded the production of documents described in its motion and proposed order. (Dkt. # 616 and # 613-1). In response, Samsung reiterated its proposal to produce particular documents, and attached my January 10, 2012 letter to Samsung's opposition. (Dkt. # 642-3). Samsung made no open ended commitment to produce documents to meet Apple's overbroad and unreasonable demands, but clearly identified the documents it would produce.

At the hearing on Apple's motion to compel, Samsung again offered to produce the documents identified in my January 10 letter. Your citation to the January 19, 2012 hearing transcript misleads by omission. The statement by Samsung's counsel about the production of "all those financial documents" was an explicit reference to "Samsung's proposal," not Apple's characterization of the documents it seeks. See 1/19/2012 Hr. Tr. at 167:18-20. Moreover, Samsung's counsel emphasized at the hearing that it was offering to produce the documents identified in its opposition brief, nothing more. Id. at 168:16-18 ("In our brief it lists out the exact categories that have been agreed to….").

Contrary to your self-serving assertion, the Court's Order did not compel the production of the documents identified in your February 10 letter, Apple's motion to compel, or Apple's accompanying proposed order. Rather, the Court specifically found "Samsung's proposed production to be *sufficient* to meet Apple's legitimate requests for this category of documents." Dkt. # 673, at 15:22-23 (emphasis added). Indeed, the Court incorporated my January 10, 2012 letter into its Order. Id. at 15, n. 34. Accordingly, the Court has determined that the documents Samsung offered to produce fulfill its discovery obligations *vis-à-vis* the pertinent requests for production.

Samsung's Production Satisfies the Court's January 27 Order to Produce Financial Documents

Samsung has substantially completed its production of documents that satisfy its January 10 proposal and the Court's January 27 Order. Regarding your February 10 and 12, 2012 letters discussing purported inconsistencies in SAMNDCA00323946 and SAMNDCA00325495, this is the first time Apple has raised these issues. We are conferring with our client about them and expect to respond to you within a few days. Either way, Samsung agrees to produce the same sales, revenues, and costs data for the Showcase i500 and the Showcase Galaxy S by the end of this week.

Apple next complains that Samsung produced documents in a "new format." But in my January 10 letter, Samsung proposed to "supplement this production with responsive, non-privileged documents *reflecting* …." particular financial information. See Jan. 10 letter, at 2 (emphasis

added).  As discussed above, the Court found Samsung's proposal "sufficient."  Dkt. # 673, at 15:22-23.

This is also consistent with Apple's expectations.  In Eric J. Olson's January 27 letter to me, Apple demanded that Samsung extract and produce data from its "accounting database," stating that "Samsung has previously confirmed that it will produce information contained in this database."  Accordingly, the production of documents extracted from Samsung's database is consistent with Samsung's prior statements, the Court's Order, and Apple's expectations.  Apple has all of the sales, revenues, and costs data that it needs.  It appears that Apple's constantly shifting positions are intended solely to harass Samsung, create "busy work", and to drive up Samsung's litigation costs.

Finally, as to your demand that Samsung produce this document in its native format, Apple has refused to produce documents in their native format because it purportedly determined that they were legible and useable.  See Jason R. Bartlett's February 10, 2012 letter to Diane C. Hutnyan.  For the same reason, we see no reason to produce this document in its native format.

Samsung is Not Obligated to Produce 21 New Categories of Documents In Response to Apple's Prior Requests

Apple has not articulated a basis for its demand that Samsung produce an additional "21 categories" of documents purportedly identified by Tim Sheppard at his January 24, 2012 deposition.  Merely because a document is mentioned in a deposition does not mean that its production is required.  As discussed above, the Court determined that Samsung's proposed production would satisfy its discovery obligations regarding Apple's requests for the production of financial documents.  In your February 12, 2012 letter, you concede that, "with a few limited exceptions … these categories of documents are covered by the Court's January 27th Order."  Accordingly, you agree that the Court's January 27th Order has already addressed – and rejected – Apple's request for most of these documents.  That Apple is not happy with the Court's Order is no reason to keep harassing Samsung.

As to the three categories of documents you claim are covered by requests for production not at issue in the January 27 Order, Samsung does not agree that the requests for production referenced in your February 12 letter encompass the three categories of documents demanded.  Moreover, Samsung objected to Request Nos. 262, 264, 265 in its Objections and Responses to Apple Inc.'s Fifth and Sixth Sets of Requests for Production of Documents and stands by those objections.

Indeed, in a transparent attempt to circumvent the Court's Order, on February 6, Apple served additional requests for production that mirror the "21 categories" it previously contended were encompassed by its prior requests.  Samsung will respond to those requests in due course.  Rather than waste both the Court's and Samsung's time and resources with premature motion

practice, we suggest that Apple review those responses after they are served, and meet and confer with Samsung in good faith regarding any concerns it may have at that time.

Very truly yours,

*/s/ Rachel Herrick Kassabian*

Rachel Herrick Kassabian

02292.62107/4599432.2