# EXHIBIT 19

# FILED UNDER SEAL

CONTAINS CONFIDENTIAL BUSINESS INFORMATION

UNITED STATES INTERNATIONAL TRADE COMMISSION

Washington, D.C.

| | |
|---|---|
| In the Matter of<br><br>**CERTAIN ELECTRONIC DIGITAL MEDIA DEVICES AND COMPONENTS THEREOF** | Inv. No. 337-TA-796 |

ORDER NO. 14:   **GRANTING-IN-PART APPLE INC.'S OMNIBUS MOTION TO COMPEL AND REQUEST FOR SHORTENED TIME TO RESPOND TO MOTION**

(February 14, 2012)

On February 1, 2012, complainant Apple Inc. ("Apple") filed a motion for an order

compelling respondents Samsung Electronics Co., Ltd. (SEC), Samsung Electronics America,

Inc. (SEA), and Samsung Telecommunications America, LLC (STA) (collectively, "Samsung")

to:

- identify each of its mobile phones, tablet computers, media players, and any other products responsive to Apple's Interrogatory No. 1 and to supplement its responses to Apple's other interrogatories and document requests to provide complete discovery concerning these products;

- substantially complete its production of documents responsive to Apple's outstanding discovery requests within one week after the Court rules on this motion;

- continue the depositions of Do-Hyung Kim, Jong-Ik Won, Hyung-Geun Lee, Dae-Yoel Kim, Man-Young Park, and any other witness for whom relevant documents are produced less than one week prior to the witness's initial deposition, and requiring that these continued depositions occur within the United States;

- respond fully to Apple's Interrogatory No. 44, including by describing the process by which it searched for and collected potentially responsive documents and by identifying the physical locations searched, the networks searched, the employees whose computers and files were searched, all removable media that were searched, and any keyword terms or other filters that were used to search for information;

CONTAINS CONFIDENTIAL BUSINESS INFORMATION

- compelling SEC to respond fully to Interrogatory No. 45, including by describing its policies and practices with respect to the retention or deletion of electronic documents, including email;

- compelling STA to make an adequately prepared corporate representative available to testify on these topics, make such representative available in Washington, DC, and bear the costs of the court reporter for the continued deposition;

- compelling SEA to designate a witness to testify regarding the full scope of Topic 13; and

- compelling Samsung to make available for deposition Jong-Hoon Oh, Hyoung-Shin Park, Hyun-Joo Sohn, and Sang-Soo Bruce Lee during the week of February 6, 2012, Suk Geun Kim and Chong Hwan Hwang during the weeks of February 13 or 20, 2012, and Min-Hyouk Lee on February 28, 2012.

(Motion Docket No. 796-013.)  Apple also requests a shortened period of time to respond to the motion.[1]  On February 8, 2012, Samsung filed a response opposing the motion and the Commission Investigative Staff ("Staff") filed a response supporting the motion.

This Order addresses Apple's request for an Order compelling Samsung to identify each of its mobile phones, tablet computers, media players, and any other products responsive to Apple's Interrogatory No. 1 and to supplement its responses to Apple's other interrogatories and document requests to provide complete discovery concerning these products.  All other issues raised in Samsung's motion will be addressed in a separate order.

## I. <u>Parties' Positions</u>

<u>Apple's Position</u>

Apple asserts that Samsung has unilaterally attempted to narrow the scope of discovery. Apple states that in responding to Apple's discovery requests, Samsung identified only a subset of its mobile phones and tablet computers that run the Android operating system.  Apple asserts

---

[1] I granted-in-part Apple's motion for a shortened response time by email on February 3, 2012.

CONTAINS CONFIDENTIAL BUSINESS INFORMATION

that Samsung's responses to Apple's discovery requests omitted many products falling within the scope of this investigation, including:

- mobile phones that use operating systems other than Android, such as phone that use Samsung's proprietary SHP operating system or the Windows Mobile operating system;

- at least six tablet computers sold within the United States; and

- Samsung's media players, including products in its Galaxy Player line of media players.

Apple argues that not only has Samsung omitted these products from its response to Interrogatory No. 1, it has also refused to produce information and documents concerning them in response to Apple's other discovery requests. Apple states that for example, Samsung did not identify the operating systems, cantilevered push buttons, or headphone /headset jacks and hardware audio CODECs used in these products in response to Interrogatory Nos. 2-4, and it has refused to make available source code for its devices running operating systems other than Android. Apple contends that nothing in the Notice of Institution of Investigation, the Complaint, or Apple's discovery requests limit the universe of accused products to mobile phone handsets or tablet computers running the Android operating system.

Apple states that it raised Samsung's improper restriction on the scope of discovery in a letter dated January 18, 2012 and during a discovery Committee Meeting held on January 25, 2012. Apple states that although Samsung did not respond to the January 18 letter, Samsung stated unequivocally during the January 25, 2012 discovery committee meeting call that it construed non-Android devices and media players to be outside of the scope of this investigation.

<u>Samsung's Position</u>

Samsung opposes the motion, arguing that the parties understood that the scope of discovery is limited to Android-based mobile phones and tablets. Samsung asserts that it

CONTAINS CONFIDENTIAL BUSINESS INFORMATION

identified twenty-one Android-based mobile phones and six Android-based tables in response to

Interrogatory No. 1 "based on [its] current understanding of the term[s] as defined by Apple

during previous discovery committee meetings" and that Apple did not challenge the sufficiency

of its response to Interrogatory No. 1.  Samsung argues that Apple's untimely motion effectively

seeks reconsideration of Order No. 8 without satisfying the heightened standard or even

attempting to do so.  Samsung contends that Apple should not be permitted to renege on its

choice to limit discovery at this late date.  Finally, Samsung asserts that Apple's requested relief

would be unduly burdensome at this late date.

> Staff's Position

The Staff submits that the evidence supports Apple's allegation that it has been denied

discovery on certain relevant products.  The Staff respectfully submits that Apple's motion to

compel Samsung to identify all of its products responsive to Apple's interrogatory No. 1 and to

supplement its related responses to Apple's other discovery requests and interrogatories should

be granted.

## II.   **Standards of Law**

"Discovery in a Section 337 investigation is not limited to specific products identified in

the Complaint.  Instead, the scope of discovery is governed by the Notice of Investigation."

*Certain Biometric Scanning Devices, Components Thereof, Associated Software, and Products*

*Containing the Same,* Inv. No. 337-TA-720, Order No. 10 (Sept. 7, 2010).  Commission Rule

210.27(b) governs the scope of discovery and provides that a party may obtain discovery about

any non-privileged matter that is relevant to any claim or defense it may have.  19 C.F.R.

§ 210.27(b).  The rule further provides that:

CONTAINS CONFIDENTIAL BUSINESS INFORMATION

> It is not grounds for objection that the information sought will be inadmissible at the hearing if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

*Id.* "Indeed, the scope of discovery in section 337 investigations has been held to be broad, generally somewhat broader than the scope of the investigation itself." *Certain Biometric Scanning Devices.* Discovery should be permitted on the basis of relevance unless the resisting party demonstrates that the information sought can have no bearing on the action or is clearly irrelevant. *See, e.g., Certain Gel-Filled Wrist Rests and Prods. Containing Same*, Inv. No. 337-TA-456, Order No. 8 (Dec. 5, 2001) ("On a motion to compel discovery, the burden of proving that an issue is beyond discovery rests squarely with party resisting the request.").

III.   **Analysis**

The Notice of Investigation defines the scope of this investigation as "electronic digital media devices and components thereof." (Not. of Inst. of Inv. at 1 (Aug. 2, 2011).) On August 8, 2011, Apple propounded Interrogatory No. 1 which states:

> Identify each Electronic Media Device and state whether it is a Touchscreen Device, Translucent Display Device, Cantilevered Push Button Device, Headphone Device, and/or Design Device.

(Mot. Ex. 3 at 8.) Samsung responded to Interrogatory No. 1 on September 9, 2011, and identified certain devices "based on Respondent's current understanding on the term[s Touchscreen Device, Translucent Display Device, Cantilevered Push Button Device, Headphone Device] as defined by Apple during previous discovery committee meetings."[2] (Mot. Ex. 3 at 9-

---

[2] Samsung supplemented its response to Interrogatory No. 1 on September 28, 2011 after Apple moved to compel with respect to "Design Devices" responsive to Interrogatory No. 1. Apple agreed Samsung's supplementation rendered its motion moot. Despite Samsung's arguments to the contrary, the previous motion practice regarding Interrogatory No. 1 did not relate in any way to whether the accused products were limited to Samsung's Android-based mobile phones and tablet computers. I decline to entertain Samsung's arguments to the contrary.

CONTAINS CONFIDENTIAL BUSINESS INFORMATION

11.)  However, Samsung identified only a subset of its mobile phones and tablet computers that run the Android operating system.  (Mot. Mem. at 5.)

Samsung fails to offer any explanation supported by the evidence as to why it believes the accused products are limited to Samsung's Android-based mobile phones and tablet computers.[3]  Samsung's decision to unilaterally limit discovery to Android-based mobile phones and tablet computers is improper.  As such, Samsung's argument that granting Apple's requested relief would be unduly burdensome is unavailing.

Samsung attempts to turn discovery on its head.  Samsung effectively asks me to put the burden on Apple to challenge the sufficiency of every discovery response submitted by Samsung.  This I will not do.  It is Samsung, not Apple that has a duty to ensure that Samsung's discovery responses are accurate.  *See* 19 C.F.R. § 210.27(d)(2).

ORDER

Motion No. 796-013 is hereby GRANTED-IN-PART.  Within seven (7) days of the date of this Order, Samsung shall identify each of its mobile phones, tablet computers, media players, and any other products responsive to Apple's Interrogatory No. 1 and supplement its responses to Apple's other interrogatories and document requests to provide complete discovery concerning these products.

Within seven days of the date of this document, each party shall submit to the Office of the Administrative Law Judges a statement as to whether or not it seeks to have any portion of this document deleted from the public version.  The parties' submission may be made by facsimile and/or hard copy by the aforementioned date.

---

[3] Samsung argues that Apple never supplemented its response to Samsung's Interrogatory No. 15.  (Opp. at 7-8.)  However, Apple objected to that Interrogatory as prematurely seeking its infringement contentions.  (Opp. Ex. F at 19.)  Further, Samsung never moved to compel Apple to respond to Interrogatory No. 15.

**CONTAINS CONFIDENTIAL BUSINESS INFORMATION**

Any party seeking to have any portion of this document deleted from the public version thereof must submit to this office a copy of this document with red brackets indicating any portion asserted to contain confidential business information.  The parties' submissions concerning the public version of this document need not be filed with the Commission Secretary.

**SO ORDERED.**

Thomas B. Pender
Administrative Law Judge