# EXHIBIT D
# FILED UNDER SEAL

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE (*pro hac vice*)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

*Attorneys for Plaintiff and
Counterclaim-Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

APPLE INC., a California corporation,

     Plaintiffs,

     vs.

SAMSUNG ELECTRONICS CO., LTD., a Korean business entity, SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,

     Defendants.

Civil Action No. 11-CV-01846-LHK

**APPLE INC.'S OBJECTIONS AND RESPONSES TO SAMSUNG'S FIRST SET OF REQUESTS FOR ADMISSION**

**CONFIDENTIAL UNDER THE PROTECTIVE ORDER**

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

SAMSUNG ELECTRONICS CO., LTD., a
Korean business entity, SAMSUNG
ELECTRONICS AMERICA, INC., a New
York corporation, and SAMSUNG
TELECOMMUNICATIONS AMERICA,
LLC, a Delaware limited liability company, a
California corporation,

                 Counterclaim-Plaintiff,

    v.

APPLE INC., a California corporation,

                Counterclaim-Defendants.

**PLAINTIFF AND COUNTERCLAIM-DEFENDANT APPLE INC.'S**
**RESPONSES TO SAMSUNG'S**
**FIRST SET OF REQUESTS FOR ADMISSION (1-55)**

Under Rules 26 and 36 of the Federal Rules of Civil Procedure and Local Rule 36,  Apple

Inc. ("Apple") hereby objects and responds to the First Set of Requests for Admission to Apple

Inc. (Nos. 1-55) served by Samsung Electronics Co., Ltd., Samsung Electronic America, Inc. and

Samsung Telecommunications America, LLC  (collectively, "Samsung") on September 16,

2011.

**GENERAL OBJECTIONS**

Apple makes the following general responses and objections ("General Objections") to

each definition, instruction, and request for admission propounded in Samsung's First Set of

Requests for Admission to Apple Inc.  These General Objections are hereby incorporated into

each specific response. The assertion of the same, similar or additional objections or partial

responses to individual requests does not waive any of Apple's General Objections.

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

1.      Apple objects to Samsung's definitions of "APPLE," "PLAINTIFF," "YOU," and "YOUR" to the extent they purport to include persons or entities that are separate and distinct from Apple and are not under Apple's control. "Apple" refers only to Apple Inc.

2.      Apple objects to Samsung's Instruction No. 1 because it is vague, ambiguous, overly broad, and unduly burdensome. Apple further objects to this instruction on the ground that it purports to impose upon Apple duties and obligations that are inconsistent with and in excess of those obligations that are imposed by the Federal Rules of Civil Procedure and the Civil Local Rules.  Apple further objects to this instruction because it calls for the disclosure of information that is privileged and protected by the work product doctrine.

3.      Apple provides these objections and responses to the best of its current knowledge.  Discovery or further investigation may reveal additional or different information warranting amendment of these objections and responses. Apple reserves the right to produce at trial and make reference to any evidence, facts, documents, or information not discovered at this time, omitted through good-faith error, mistake, or oversight, or the relevance of which Apple has not presently identified.

4.      By responding to these requests for admission, Apple does not concede the relevance or materiality of any of the requests for admission or of the subjects to which it refers. Apple's responses are made subject to, and without waiving any objections as to the competency, relevancy, materiality, privilege, or admissibility of any of the responses, or of the subject matter to which they concern, in any proceeding in this action or in any other proceeding.

5.      Apple objects to any request for admission to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privilege,

APPLE INC.'S RESPONSES TO SAMSUNG'S
FIRST SET OF REQUESTS FOR ADMISSION
Case No. 11-cv-01846 (LHK)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

doctrine, or discovery immunity.  The inadvertent production by Apple of information protected from disclosure by any such privilege, doctrine, or immunity shall not be deemed a waiver by Apple of such privileges or protections. Pursuant to the parties' agreement, to the extent any request for admission calls for the identification of information dated after April 15, 2011 that is protected by such privilege, doctrine, or immunity, such information will not be included on Apple's privilege log.

6.      Apple objects generally to the Requests for Admission to the extent they seek confidential, proprietary, or trade secret information of third parties.  Apple will endeavor to work with third parties in order to obtain their consent, if necessary, before providing such information. To the extent a request for admission seeks information of a confidential or proprietary nature to Apple, or to others to whom Apple is under an obligation of confidentiality, Apple will respond pursuant to the terms of the protective order to be entered in this case and subject to notice to third parties, as necessary.

7.      Apple objects to Samsung's definition of "APPLE ACCUSED PRODUCTS" to the extent it is overly broad and unduly burdensome and to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Apple further objects to Samsung's definition of "Apple Accused Products" to the extent that it requires a legal conclusion.  For purposes of responding to these Requests, Apple interprets the term "Apple Accused Products" to mean those products that are specifically identified and accused in Samsung's Patent Local Rule 3-1 Infringement Contentions, served on September 7, 2011.

8.      Apple objects to any request for admission to the extent it is premature and/or to the extent that it: (a) conflicts with the schedule entered by the Court; (b) conflicts with obligations that are imposed by the Federal Rules of Civil Procedure, the Civil Local Rules

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

and/or the Patent Local Rules of this Court, and/or any other applicable rule; (c) seeks information that is the subject of expert testimony; (d) seeks information and/or responses that are dependent on the Court's construction of the asserted claims of the patents-in-suit; and/or (e) seeks information and/or responses that are dependent on depositions and documents that have not been taken or produced.

9.      Apple objects to each request for admission as overbroad and unduly burdensome to the extent that it calls for information that is neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence.

10.      Apple objects to each request for admission and to Samsung's "Definitions" and "Instructions" to the extent they are vague, ambiguous, overbroad, or unduly burdensome, or purport to impose upon Apple any duty or obligation that is inconsistent with or in excess of those obligations that are imposed by the Federal Rules of Civil Procedure, the Civil Local Rules and/or the Patent Local Rules of this Court, or any other applicable rule.

11.      Apple objects to any Request for Admission to the extent it seeks irrelevant information about Apple's products or business operations. Such requests are overbroad and unduly burdensome. Apple will only produce information that is relevant to the patents-in-suit, or that is otherwise related to the claims or defenses asserted by the parties in this litigation.

12.      Apple objects to each Request for Admission to the extent that it would impose a duty on Apple to undertake a search for or an evaluation of information, documents, or things for which Samsung is equally able to search for and evaluate. In particular, Apple objects to each request for admission to the extent that it seeks information or documents that are publicly available.

APPLE INC.'S RESPONSES TO SAMSUNG'S
FIRST SET OF REQUESTS FOR ADMISSION
Case No. 11-cv-01846 (LHK)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

13. Apple objects to each Request for Admission to the extent that it seeks information that can be derived or ascertained from documents that will be produced in discovery or that are uniquely in Samsung's possession, custody, and control.

14. Apple objects to each Request for Admission to the extent it would require Apple to make a legal conclusion or contention to make a proper response.

15. Apple objects to any Definition, Instruction or Request for Admission to the extent that it purports to require identification of oral communications. Such Definition, Instruction or Request for Admission is overbroad, vague, ambiguous, and unduly burdensome.

16. Apple objects to the definition of the terms "referring to," "relating to," "concerning," or "regarding" as vague, ambiguous, overbroad, and unduly burdensome to the extent that they depart from Apple's own definitions of these terms, as defined in Apple's Third Set of Interrogatories, dated August 3, 2011.

17. Apple objects to the definition of the term "3GPP" as vague, ambiguous, overbroad and unduly burdensome to the extent it departs from Apple's own definition of this term, as defined in Apple's Third Set of Requests for Production of Documents.

18. Apple objects to the definition of "Software" as overly broad, vague, ambiguous, and unduly burdensome, especially with regards to the term "listings." Apple further objects because much of the uncompiled "hardware code, machine code, assembly code" for hardware provided by third parties is not within Apple's possession, custody or control.

19. Apple objects to the definition of "Executable Software" as overly broad, vague, ambiguous, and unduly burdensome, especially with regards to the phrase "any release notes."

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

20.     Apple objects to the definition of "Hardware" as overly broad, vague, ambiguous, and unduly burdensome, especially with regards to the term "hardware-based capabilities."

21.     Apple objects to the definition of "Baseband Processor" because it is inaccurate, overly broad, vague, ambiguous, and unduly burdensome, especially with regards to the phrase "mainly used to process communication functions."

22.     Apple objects to the Requests for Admission to the extent that they purport to define words or phrases to have a meaning different from their commonly understood meaning, or to include more than their commonly understood definitions.

23.     In Apple's objections, the terms "and" and "or" are intended to be construed conjunctively or disjunctively as necessary to make the objections inclusive rather than exclusive.

24.     Apple objects to the Requests for Admission to the extent they purport to require Apple to identify or describe or identify "every," "each," "any," or other similarly expansive, infinite, or all-inclusive terms to the extent that such requests are overly broad and unduly burdensome.

25.     Apple objects to the Requests for Admission to the extent they seek information that is not in the possession, custody, or control of Apple, purport to require Apple to speculate about the identity of persons who might have responsive documents, and/or purport to call for any description of documents that Apple no longer possesses and/or was under no obligation to maintain.

26.     Apple objects to the Requests for Admission to the extent they are not limited in time and seek information for periods of time that are not relevant to any claim or defense.

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

27.     Apple's objections as set forth herein are made without prejudice to Apple's right to assert any additional or supplemental objections pursuant to Rule 26(e).

28.     Apple will make, and has made, reasonable efforts to respond to Samsung's First Set of Requests for Admission, to the extent that no objection is made, as Apple reasonably understands and interprets each Request for Admission.  If Samsung subsequently asserts any interpretation of any Request for Admission that differs from the interpretation of Apple, then Apple reserves the right to supplement and amend its objections and responses.

**OBJECTIONS AND RESPONSES TO REQUESTS FOR ADMISSION**

Subject to the foregoing qualifications and General Objections and the specific objections made below, Apple objects and responds to Samsung Electronics Co. Ltd.'s First Set of Requests for Admission to Apple Inc. as follows:

**REQUEST FOR ADMISSION NO. 1:**

Admit that the Baseband Processors in each APPLE ACCUSED PRODUCT use 16QAM modulation.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Apple objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it is not limited in time.  Apple objects to this Request to the extent it seeks information that is subject to a confidentiality or non-disclosure agreement or governed by a protective order preventing its production, or otherwise seeks confidential, proprietary or trade secret information of third parties.  Apple further objects to this Request for Admission to the extent it requires information outside Apple's possession, custody and control, including, for example, information concerning components that Apple has purchased from third parties.  Apple also objects to this

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

request as not relevant to the claims or defenses of the parties nor reasonably calculated to lead

to the discovery of admissible evidence to the extent it seeks admissions regarding the iPhone,

iPod Touch, iPad, and iPad 2, as the only patents asserted by Samsung against those products in

its Patent Local Rule 3-1 Infringement Contentions do not implicate 16QAM modulation; no

response to this request is required as to those products.

Subject to and without waiving its objections, Apple denies this request.

**REQUEST FOR ADMISSION NO. 2**

Admit that the Baseband Processors in the Apple iPhone use 16QAM modulation.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2**

Apple objects to this Request on the grounds that it is duplicative of Request for

Admission No. 1.  Apple objects to this Request on the grounds that it is overly broad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the

extent that it is not limited in time.  Apple objects to this Request to the extent it seeks

information that is subject to a confidentiality or non-disclosure agreement or governed by a

protective order preventing its production, or otherwise seeks confidential, proprietary or trade

secret information of third parties.  Apple further objects to this Request for Admission to the

extent it requires information outside Apple's possession, custody and control, including, for

example, information concerning components that Apple has purchased from third parties.

Apple also objects to this request as not relevant to the claims or defenses of the parties nor

reasonably calculated to lead to the discovery of admissible evidence on the ground that the

patents that Samsung has asserted against the iPhone in its Patent Local Rule 3-1 Infringement

Contentions do not implicate 16QAM modulation, and thus no response to this request is

required.

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

Subject to and without waiving its objections, Apple denies this request.

**REQUEST FOR ADMISSION NO. 3:**

Admit that the Baseband Processors in the Apple iPhone 3G use 16QAM modulation.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Apple objects to this Request on the grounds that it is duplicative of Request for Admission No. 1.  Apple objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it is not limited in time.  Apple objects to this Request to the extent it seeks information that is subject to a confidentiality or non-disclosure agreement or governed by a protective order preventing its production, or otherwise seeks confidential, proprietary or trade secret information of third parties.  Apple further objects to this Request for Admission to the extent it requires information outside Apple's possession, custody and control, including, for example, information concerning components that Apple has purchased from third parties.

Subject to and without waiving its objections, Apple admits that the baseband processors in the iPhone 3G are capable of using 16QAM modulation, and further states that whether the iPhone 3G uses 16QAM modulation is not determined by Apple.

**REQUEST FOR ADMISSION NO. 4:**

Admit that the Baseband Processors in the Apple iPhone 3GS use 16QAM modulation.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Apple objects to this Request on the grounds that it is duplicative of Request for Admission No. 1.  Apple objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it is not limited in time.  Apple objects to this Request to the extent it seeks

APPLE INC.'S RESPONSES TO SAMSUNG'S
FIRST SET OF REQUESTS FOR ADMISSION
Case No. 11-cv-01846 (LHK)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

information that is subject to a confidentiality or non-disclosure agreement or governed by a protective order preventing its production, or otherwise seeks confidential, proprietary or trade secret information of third parties.  Apple further objects to this Request for Admission to the extent it requires information outside Apple's possession, custody and control, including, for example, information concerning components that Apple has purchased from third parties.

Subject to and without waiving its objections, Apple admits that the baseband processors in the iPhone 3GS are capable of using 16QAM modulation, and further states that whether the iPhone 3GS uses 16QAM modulation is not determined by Apple.

**REQUEST FOR ADMISSION NO. 5:**

Admit that the Baseband Processors in the Apple iPhone 4 use 16QAM modulation.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Apple objects to this Request on the grounds that it is duplicative of Request for Admission No. 1.  Apple objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it is not limited in time.  Apple objects to this Request to the extent it seeks information that is subject to a confidentiality or non-disclosure agreement or governed by a protective order preventing its production, or otherwise seeks confidential, proprietary or trade secret information of third parties.  Apple further objects to this Request for Admission to the extent it requires information outside Apple's possession, custody and control, including, for example, information concerning components that Apple has purchased from third parties.

Subject to and without waiving its objections, Apple admits that the baseband processors in the iPhone 4 are capable of using 16QAM modulation, and further states that whether the iPhone 4 uses 16QAM modulation is not determined by Apple.

APPLE INC.'S RESPONSES TO SAMSUNG'S
FIRST SET OF REQUESTS FOR ADMISSION
Case No. 11-cv-01846 (LHK)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

**REQUEST FOR ADMISSION NO. 6:**

Admit that the Baseband Processors in the iPod Touch use 16QAM modulation.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Apple objects to this Request on the grounds that it is duplicative of Request for Admission No. 1.  Apple objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it is not limited in time.  Apple objects to this Request to the extent it seeks information that is subject to a confidentiality or non-disclosure agreement or governed by a protective order preventing its production, or otherwise seeks confidential, proprietary or trade secret information of third parties.  Apple further objects to this Request for Admission to the extent it requires information outside Apple's possession, custody and control, including, for example, information concerning components that Apple has purchased from third parties. Apple also objects to this request as not relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence on the ground that the patents that Samsung has asserted against the iPod Touch in its Patent Local Rule 3-1 Infringement Contentions do not implicate 16QAM modulation, and thus no response to this request is required.

Subject to and without waiving its objections, Apple denies this request.

**REQUEST FOR ADMISSION NO. 7:**

Admit that the Baseband Processors in the iPad use 16QAM modulation.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Apple objects to this Request on the grounds that it is duplicative of Request for Admission No. 1.  Apple objects to this Request on the grounds that it is overly broad, unduly

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it is not limited in time.  Apple objects to this Request to the extent it seeks information that is subject to a confidentiality or non-disclosure agreement or governed by a protective order preventing its production, or otherwise seeks confidential, proprietary or trade secret information of third parties.  Apple further objects to this Request for Admission to the extent it requires information outside Apple's possession, custody and control, including, for example, information concerning components that Apple has purchased from third parties. Apple also objects to this request as not relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence on the ground that the patents that Samsung has asserted against the iPad in its Patent Local Rule 3-1 Infringement Contentions do not implicate 16QAM modulation, and thus no response to this request is required.

Subject to and without waiving its objections, Apple denies this request.

**REQUEST FOR ADMISSION NO. 8:**

Admit that the Baseband Processors in the iPad 3G use 16QAM modulation.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Apple objects to this Request on the grounds that it is duplicative of Request for Admission No. 1.  Apple objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it is not limited in time.  Apple objects to this Request to the extent it seeks information that is subject to a confidentiality or non-disclosure agreement or governed by a protective order preventing its production, or otherwise seeks confidential, proprietary or trade secret information of third parties.  Apple further objects to this Request for Admission to the

APPLE INC.'S RESPONSES TO SAMSUNG'S
FIRST SET OF REQUESTS FOR ADMISSION
Case No. 11-cv-01846 (LHK)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

extent it requires information outside Apple's possession, custody and control, including, for example, information concerning components that Apple has purchased from third parties.

Subject to and without waiving its objections, Apple admits that the baseband processors in the iPad 3G are capable of using 16QAM modulation, and further states that whether the iPad 3G uses 16QAM modulation is not determined by Apple.

**REQUEST FOR ADMISSION NO. 9:**

Admit that the Baseband Processors in the iPad 2 use 16QAM modulation.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Apple objects to this Request on the grounds that it is duplicative of Request for Admission No. 1. Apple objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it is not limited in time. Apple objects to this Request to the extent it seeks information that is subject to a confidentiality or non-disclosure agreement or governed by a protective order preventing its production, or otherwise seeks confidential, proprietary or trade secret information of third parties. Apple further objects to this Request for Admission to the extent it requires information outside Apple's possession, custody and control, including, for example, information concerning components that Apple has purchased from third parties. Apple also objects to this request as not relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence on the ground that the patents that Samsung has asserted against the iPad 2 in its Patent Local Rule 3-1 Infringement Contentions do not implicate 16QAM modulation, and thus no response to this request is required.

Subject to and without waiving its objections, Apple denies this request.

APPLE INC.'S RESPONSES TO SAMSUNG'S
FIRST SET OF REQUESTS FOR ADMISSION
Case No. 11-cv-01846 (LHK)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

**REQUEST FOR ADMISSION NO. 10:**

Admit that the Baseband Processors in the iPad 2 3G use 16QAM modulation.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Apple objects to this Request on the grounds that it is duplicative of Request for Admission No. 1. Apple objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it is not limited in time. Apple objects to this Request to the extent it seeks information that is subject to a confidentiality or non-disclosure agreement or governed by a protective order preventing its production, or otherwise seeks confidential, proprietary or trade secret information of third parties. Apple further objects to this Request for Admission to the extent it requires information outside Apple's possession, custody and control, including, for example, information concerning components that Apple has purchased from third parties.

Subject to and without waiving its objections, Apple admits that the baseband processors in the iPad 2 3G are capable of using 16QAM modulation, and further states that whether the iPad 2 3G uses 16QAM modulation is not determined by Apple.

**REQUEST FOR ADMISSION NO. 11:**

Admit that the Apple iPhone 3G incorporates the following Baseband Processor: Infineon PMB 8878 (X-GOLD 608).

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Apple objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it is not limited in time. Apple objects to this Request to the extent it seeks information that is subject to a confidentiality or non-disclosure agreement or governed by a protective order

APPLE INC.'S RESPONSES TO SAMSUNG'S
FIRST SET OF REQUESTS FOR ADMISSION
Case No. 11-cv-01846 (LHK)

SUBJECT TO PROTECTIVE ORDER
CONTAINS CONFIDENTIAL INFORMATION

preventing its production, or otherwise seeks confidential, proprietary or trade secret information of third parties.

Subject to and without waiving its objections, Apple admits that some versions of the Apple iPhone 3G incorporate the PMB 8878 baseband chip.

**REQUEST FOR ADMISSION NO. 12:**

Admit that the Apple iPhone 3G is compliant with 3GPP Technical Specification 25.212 v.6.0.0.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Apple objects to this Request on the grounds that the term "compliant" is vague and ambiguous.  Apple further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it is not limited in time.  Apple also objects to this Request to the extent it seeks information that is subject to a confidentiality or non-disclosure agreement or governed by a protective order preventing its production, or otherwise seeks confidential, proprietary or trade secret information of third parties.  Apple further objects to this Request for Admission to the extent it requires information outside Apple's possession, custody and control, including, for example, information concerning components that Apple has purchased from third parties.

Subject to and without waiving its objections, Apple states that it has made a reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable Apple to admit or deny this request.

**REQUEST FOR ADMISSION NO. 13:**

Admit that the Baseband Processor used in Apple iPhone 3G is compliant with 3GPP Technical Specification 25.212 v.6.0.0.

APPLE INC.'S RESPONSES TO SAMSUNG'S
FIRST SET OF REQUESTS FOR ADMISSION
Case No. 11-cv-01846 (LHK)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

Apple objects to this Request on the grounds that the term "compliant" is vague and ambiguous.  Apple further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it is not limited in time.  Apple also objects to this Request to the extent it seeks information that is subject to a confidentiality or non-disclosure agreement or governed by a protective order preventing its production, or otherwise seeks confidential, proprietary or trade secret information of third parties.  Apple further objects to this Request for Admission to the extent it requires information outside Apple's possession, custody and control, including, for example, information concerning components that Apple has purchased from third parties.

Subject to and without waiving its objections, Apple states that it has made a reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable Apple to admit or deny this request.

**REQUEST FOR ADMISSION NO. 14:**

Admit that the Apple iPhone 3G is compliant with 3GPP Technical Specification 25.212 v.5.0.0.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

Apple objects to this Request on the grounds that the term "compliant" is vague and ambiguous.  Apple further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it is not limited in time.  Apple also objects to this Request to the extent it seeks information that is subject to a confidentiality or non-disclosure agreement or governed by a protective order preventing its production, or otherwise seeks confidential, proprietary or trade secret information of third parties.  Apple further objects to this Request for Admission to the

APPLE INC.'S RESPONSES TO SAMSUNG'S
FIRST SET OF REQUESTS FOR ADMISSION
Case No. 11-cv-01846 (LHK)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

extent it requires information outside Apple's possession, custody and control, including, for example, information concerning components that Apple has purchased from third parties.

Subject to and without waiving its objections, Apple states that it has made a reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable Apple to admit or deny this request.

**REQUEST FOR ADMISSION NO. 15:**

Admit that the Baseband Processor used in Apple iPhone 3G is compliant with 3GPP Technical Specification 25.212 v.5.0.0.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

Apple objects to this Request on the grounds that the term "compliant" is vague and ambiguous.  Apple further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it is not limited in time.  Apple also objects to this Request to the extent it seeks information that is subject to a confidentiality or non-disclosure agreement or governed by a protective order preventing its production, or otherwise seeks confidential, proprietary or trade secret information of third parties.  Apple further objects to this Request for Admission to the extent it requires information outside Apple's possession, custody and control, including, for example, information concerning components that Apple has purchased from third parties.

Subject to and without waiving its objections, Apple states that it has made a reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable Apple to admit or deny this request.

**REQUEST FOR ADMISSION NO. 16**

Admit that the Apple iPhone 3GS incorporates the following Baseband Processor: Infineon PMB 8878 (X-GOLD 608).

APPLE INC.'S RESPONSES TO SAMSUNG'S
FIRST SET OF REQUESTS FOR ADMISSION
Case No. 11-cv-01846 (LHK)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

**RESPONSE TO REQUEST FOR ADMISSION NO. 16**

Apple objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it is not limited in time.  Apple objects to this Request to the extent it seeks information that is subject to a confidentiality or non-disclosure agreement or governed by a protective order preventing its production, or otherwise seeks confidential, proprietary or trade secret information of third parties.

Subject to and without waiving its objections, Apple admits that some versions of the Apple iPhone 3GS incorporate the PMB 8878 baseband chip.

**REQUEST FOR ADMISSION NO. 17:**

Admit that the Apple iPhone 3GS is compliant with 3GPP Technical Specification 25.212 v.6.0.0.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

Apple objects to this Request on the grounds that the term "compliant" is vague and ambiguous.  Apple further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it is not limited in time.  Apple also objects to this Request to the extent it seeks information that is subject to a confidentiality or non-disclosure agreement or governed by a protective order preventing its production, or otherwise seeks confidential, proprietary or trade secret information of third parties.  Apple further objects to this Request for Admission to the extent it requires information outside Apple's possession, custody and control, including, for example, information concerning components that Apple has purchased from third parties.

Subject to and without waiving its objections, Apple states that it has made a reasonable

APPLE INC.'S RESPONSES TO SAMSUNG'S
FIRST SET OF REQUESTS FOR ADMISSION
Case No. 11-cv-01846 (LHK)

SUBJECT TO PROTECTIVE ORDER
CONTAINS CONFIDENTIAL INFORMATION

inquiry and that the information it knows or can readily obtain is insufficient to enable Apple to admit or deny this request.

**REQUEST FOR ADMISSION NO. 18:**

Admit that the Baseband Processor used in Apple iPhone 3GS is compliant with 3GPP Technical Specification 25.212 v.6.0.0.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

Apple objects to this Request on the grounds that the term "compliant" is vague and ambiguous.  Apple further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it is not limited in time.  Apple also objects to this Request to the extent it seeks information that is subject to a confidentiality or non-disclosure agreement or governed by a protective order preventing its production, or otherwise seeks confidential, proprietary or trade secret information of third parties.  Apple further objects to this Request for Admission to the extent it requires information outside Apple's possession, custody and control, including, for example, information concerning components that Apple has purchased from third parties.

Subject to and without waiving its objections, Apple states that it has made a reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable Apple to admit or deny this request.

**REQUEST FOR ADMISSION NO. 19:**

Admit that the Apple iPhone 3GS is compliant with 3GPP Technical Specification 25.212 v.5.0.0.

**RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

Apple objects to this Request on the grounds that the term "compliant" is vague and ambiguous.  Apple further objects to this Request on the grounds that it is overly broad, unduly

APPLE INC.'S RESPONSES TO SAMSUNG'S
FIRST SET OF REQUESTS FOR ADMISSION
Case No. 11-cv-01846 (LHK)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it is not limited in time.  Apple also objects to this Request to the extent it seeks information that is subject to a confidentiality or non-disclosure agreement or governed by a protective order preventing its production, or otherwise seeks confidential, proprietary or trade secret information of third parties.  Apple further objects to this Request for Admission to the extent it requires information outside Apple's possession, custody and control, including, for example, information concerning components that Apple has purchased from third parties.

Subject to and without waiving its objections, Apple states that it has made a reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable Apple to admit or deny this request.

**REQUEST FOR ADMISSION NO. 20:**

Admit that the Baseband Processor used in Apple iPhone 3GS is compliant with 3GPP Technical Specification 25.212 v.5.0.0.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

Apple objects to this Request on the grounds that the term "compliant" is vague and ambiguous.  Apple further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it is not limited in time.  Apple also objects to this Request to the extent it seeks information that is subject to a confidentiality or non-disclosure agreement or governed by a protective order preventing its production, or otherwise seeks confidential, proprietary or trade secret information of third parties.  Apple further objects to this Request for Admission to the extent it requires information outside Apple's possession, custody and control, including, for example, information concerning components that Apple has purchased from third parties.

Subject to and without waiving its objections, Apple states that it has made a reasonable

APPLE INC.'S RESPONSES TO SAMSUNG'S
FIRST SET OF REQUESTS FOR ADMISSION
Case No. 11-cv-01846 (LHK)

SUBJECT TO PROTECTIVE ORDER
CONTAINS CONFIDENTIAL INFORMATION

inquiry and that the information it knows or can readily obtain is insufficient to enable Apple to admit or deny this request.

**REQUEST FOR ADMISSION NO. 21:**

Admit that the Apple iPad 3G incorporates the following Baseband Processor: Infineon PMB 8878 (X-GOLD 608).

**RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

Apple objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it is not limited in time.  Apple objects to this Request to the extent it seeks information that is subject to a confidentiality or non-disclosure agreement or governed by a protective order preventing its production, or otherwise seeks confidential, proprietary or trade secret information of third parties.

Subject to and without waiving its objections, Apple admits that some versions of the Apple iPad 3G incorporate the PMB 8878 baseband chip.

**REQUEST FOR ADMISSION NO. 22:**

Admit that the Apple iPad 3G is compliant with 3GPP Technical Specification 25.212 v.6.0.0.

**RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

Apple objects to this Request on the grounds that the term "compliant" is vague and ambiguous.  Apple further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it is not limited in time.  Apple also objects to this Request to the extent it seeks information that is subject to a confidentiality or non-disclosure agreement or governed by a protective order preventing its production, or otherwise seeks confidential, proprietary or trade

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

1  secret information of third parties.  Apple further objects to this Request for Admission to the

2  extent it requires information outside Apple's possession, custody and control, including, for

3  example, information concerning components that Apple has purchased from third parties.

4
5          Subject to and without waiving its objections, Apple states that it has made a reasonable

6  inquiry and that the information it knows or can readily obtain is insufficient to enable Apple to

7  admit or deny this request.

8  **REQUEST FOR ADMISSION NO. 23:**

9          Admit that the Baseband Processor used in Apple iPad 3G is compliant with 3GPP
10  Technical Specification 25.212 v.6.0.0.

11  **RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

12          Apple objects to this Request on the grounds that the term "compliant" is vague and

13  ambiguous.  Apple further objects to this Request on the grounds that it is overly broad, unduly

14  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the

15  extent that it is not limited in time.  Apple also objects to this Request to the extent it seeks

16  information that is subject to a confidentiality or non-disclosure agreement or governed by a

17  protective order preventing its production, or otherwise seeks confidential, proprietary or trade

18  secret information of third parties.  Apple further objects to this Request for Admission to the

19  extent it requires information outside Apple's possession, custody and control, including, for

20  example, information concerning components that Apple has purchased from third parties.

21          Subject to and without waiving its objections, Apple states that it has made a reasonable

22  inquiry and that the information it knows or can readily obtain is insufficient to enable Apple to

23  admit or deny this request.

24
25
26
27
28

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

**REQUEST FOR ADMISSION NO. 24:**

Admit that the Apple iPad 3G is compliant with 3GPP Technical Specification 25.212 v.5.0.0.

**RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

Apple objects to this Request on the grounds that the term "compliant" is vague and ambiguous.  Apple further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it is not limited in time.  Apple also objects to this Request to the extent it seeks information that is subject to a confidentiality or non-disclosure agreement or governed by a protective order preventing its production, or otherwise seeks confidential, proprietary or trade secret information of third parties.  Apple further objects to this Request for Admission to the extent it requires information outside Apple's possession, custody and control, including, for example, information concerning components that Apple has purchased from third parties.

Subject to and without waiving its objections, Apple states that it has made a reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable Apple to admit or deny this request.

**REQUEST FOR ADMISSION NO. 25:**

Admit that the Baseband Processor used in Apple iPad 3G is compliant with 3GPP Technical Specification 25.212 v.5.0.0.

**RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

Apple objects to this Request on the grounds that the term "compliant" is vague and ambiguous.  Apple further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it is not limited in time.  Apple also objects to this Request to the extent it seeks

APPLE INC.'S RESPONSES TO SAMSUNG'S
FIRST SET OF REQUESTS FOR ADMISSION
Case No. 11-cv-01846 (LHK)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

information that is subject to a confidentiality or non-disclosure agreement or governed by a

protective order preventing its production, or otherwise seeks confidential, proprietary or trade

secret information of third parties.  Apple further objects to this Request for Admission to the

extent it requires information outside Apple's possession, custody and control, including, for

example, information concerning components that Apple has purchased from third parties.

Subject to and without waiving its objections, Apple states that it has made a reasonable

inquiry and that the information it knows or can readily obtain is insufficient to enable Apple to

admit or deny this request.

**REQUEST FOR ADMISSION NO. 26:**

Admit that the Apple iPhone 4 incorporates the following Baseband Processor: Infineon
(X-GOLD 616).

**RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

Apple objects to this Request on the grounds that the term "Infineon" is vague and

ambiguous.  Apple further objects to this Request on the grounds that it is overly broad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the

extent that it is not limited in time.  Apple also objects to this Request to the extent it seeks

information that is subject to a confidentiality or non-disclosure agreement or governed by a

protective order preventing its production, or otherwise seeks confidential, proprietary or trade

secret information of third parties.

Subject to and without waiving its objections, Apple admits that some versions of the

Apple iPhone 4 incorporate the PMB 9801 baseband chip.

**REQUEST FOR ADMISSION NO. 27:**

Admit that the Apple iPhone 4 is compliant with 3GPP Technical Specification 25.212
v.6.0.0.

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

**RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

Apple objects to this Request on the grounds that the term "compliant" is vague and ambiguous.  Apple further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it is not limited in time.  Apple also objects to this Request to the extent it seeks information that is subject to a confidentiality or non-disclosure agreement or governed by a protective order preventing its production, or otherwise seeks confidential, proprietary or trade secret information of third parties.  Apple further objects to this Request for Admission to the extent it requires information outside Apple's possession, custody and control, including, for example, information concerning components that Apple has purchased from third parties.

Subject to and without waiving its objections, Apple states that it has made a reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable Apple to admit or deny this request.

**REQUEST FOR ADMISSION NO. 28:**

Admit that the Baseband Processor used in Apple iPhone 4 is compliant with 3GPP Technical Specification 25.212 v.6.0.0.

**RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

Apple objects to this Request on the grounds that the term "compliant" is vague and ambiguous.  Apple further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it is not limited in time.  Apple also objects to this Request to the extent it seeks information that is subject to a confidentiality or non-disclosure agreement or governed by a protective order preventing its production, or otherwise seeks confidential, proprietary or trade secret information of third parties.  Apple further objects to this Request for Admission to the

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

extent it requires information outside Apple's possession, custody and control, including, for example, information concerning components that Apple has purchased from third parties.

Subject to and without waiving its objections, Apple states that it has made a reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable Apple to admit or deny this request.

**REQUEST FOR ADMISSION NO. 29:**

Admit that the Apple iPhone 4 is compliant with 3GPP Technical Specification 25.212 v.5.0.0.

**RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

Apple objects to this Request on the grounds that the term "compliant" is vague and ambiguous.  Apple further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it is not limited in time.  Apple also objects to this Request to the extent it seeks information that is subject to a confidentiality or non-disclosure agreement or governed by a protective order preventing its production, or otherwise seeks confidential, proprietary or trade secret information of third parties.  Apple further objects to this Request for Admission to the extent it requires information outside Apple's possession, custody and control, including, for example, information concerning components that Apple has purchased from third parties.

Subject to and without waiving its objections, Apple states that it has made a reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable Apple to admit or deny this request.

**REQUEST FOR ADMISSION NO. 30:**

Admit that the Baseband Processor used in Apple iPhone 4 is compliant with 3GPP Technical Specification 25.212 v.5.0.0.

APPLE INC.'S RESPONSES TO SAMSUNG'S
FIRST SET OF REQUESTS FOR ADMISSION
Case No. 11-cv-01846 (LHK)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

**RESPONSE TO REQUEST FOR ADMISSION NO. 30:**

Apple objects to this Request on the grounds that the term "compliant" is vague and ambiguous.  Apple further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it is not limited in time.  Apple also objects to this Request to the extent it seeks information that is subject to a confidentiality or non-disclosure agreement or governed by a protective order preventing its production, or otherwise seeks confidential, proprietary or trade secret information of third parties.  Apple further objects to this Request for Admission to the extent it requires information outside Apple's possession, custody and control, including, for example, information concerning components that Apple has purchased from third parties.

Subject to and without waiving its objections, Apple states that it has made a reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable Apple to admit or deny this request.

**REQUEST FOR ADMISSION NO. 31:**

Admit that the Apple iPad 2 incorporates the following Baseband Processor: Infineon (X-GOLD 616).

**RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

Apple objects to this Request on the grounds that the term "Infineon" is vague and ambiguous.  Apple further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it is not limited in time.   Apple  also objects to this Request to the extent it seeks information that is subject to a confidentiality or non-disclosure agreement or governed by a protective order preventing its production, or otherwise seeks confidential, proprietary or trade secret information of third parties.

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

1   Subject to and without waiving its objections, Apple denies this request.

2    **REQUEST FOR ADMISSION NO. 32:**

3    Admit that the Apple iPad 2 is compliant with 3GPP Technical Specification 25.212
4   v.6.0.0.

5   **RESPONSE TO REQUEST FOR ADMISSION NO. 32:**

6    Apple objects to this Request on the grounds that the term "compliant" is vague and

7   ambiguous.  Apple further objects to this Request on the grounds that it is overly broad, unduly

8   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the
9

10  extent that it is not limited in time.  Apple also objects to this Request to the extent it seeks

11  information that is subject to a confidentiality or non-disclosure agreement or governed by a

12  protective order preventing its production, or otherwise seeks confidential, proprietary or trade

13  secret information of third parties.  Apple further objects to this Request for Admission to the
14

15  extent it requires information outside Apple's possession, custody and control, including, for

16  example, information concerning components that Apple has purchased from third parties.

17   Subject to and without waiving its objections, Apple denies this request.

18  **REQUEST FOR ADMISSION NO. 33:**

19   Admit that the Baseband Processor used in Apple iPad 2 is compliant with 3GPP
20  Technical Specification 25.212 v.6.0.0.

21  **RESPONSE TO REQUEST FOR ADMISSION NO. 33:**

22   Apple objects to this Request on the grounds that the term "compliant" is vague and

23  ambiguous.  Apple further objects to this Request on the grounds that it is overly broad, unduly

24  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the

25  extent that it is not limited in time.  Apple also objects to this Request to the extent it seeks

26  information that is subject to a confidentiality or non-disclosure agreement or governed by a
27

28

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

protective order preventing its production, or otherwise seeks confidential, proprietary or trade secret information of third parties.  Apple further objects to this Request for Admission to the extent it requires information outside Apple's possession, custody and control, including, for example, information concerning components that Apple has purchased from third parties.

Subject to and without waiving its objections, Apple denies this request.

**REQUEST FOR ADMISSION NO. 34:**

Admit that the Apple iPad 2 is compliant with 3GPP Technical Specification 25.212 v.5.0.0.

**RESPONSE TO REQUEST FOR ADMISSION NO. 34:**

Apple objects to this Request on the grounds that the term "compliant" is vague and ambiguous.  Apple further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it is not limited in time.  Apple also objects to this Request to the extent it seeks information that is subject to a confidentiality or non-disclosure agreement or governed by a protective order preventing its production, or otherwise seeks confidential, proprietary or trade secret information of third parties.  Apple further objects to this Request for Admission to the extent it requires information outside Apple's possession, custody and control, including, for example, information concerning components that Apple has purchased from third parties.

Subject to and without waiving its objections, Apple denies this request.

**REQUEST FOR ADMISSION NO. 35:**

Admit that the Baseband Processor used in Apple iPad 2 is compliant with 3GPP Technical Specification 25.212 v.5.0.0.

**RESPONSE TO REQUEST FOR ADMISSION NO. 35:**

APPLE INC.'S RESPONSES TO SAMSUNG'S
FIRST SET OF REQUESTS FOR ADMISSION
Case No. 11-cv-01846 (LHK)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

Apple objects to this Request on the grounds that the term "compliant" is vague and ambiguous.  Apple further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it is not limited in time.  Apple also objects to this Request to the extent it seeks information that is subject to a confidentiality or non-disclosure agreement or governed by a protective order preventing its production, or otherwise seeks confidential, proprietary or trade secret information of third parties.  Apple further objects to this Request for Admission to the extent it requires information outside Apple's possession, custody and control, including, for example, information concerning components that Apple has purchased from third parties.

Subject to and without waiving its objections, Apple denies this request.

**REQUEST FOR ADMISSION NO. 36:**

Admit that Apple has tested the iPhone 3G in the United States for compliance with 3GPP standards.

**RESPONSE TO REQUEST FOR ADMISSION NO. 36:**

Apple objects to this Request on the grounds that the terms "compliance" and "3GPP standards" are vague and ambiguous.  Apple further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it is not limited in time.  Apple also objects to this Request to the extent it seeks information that is subject to a confidentiality or non-disclosure agreement or governed by a protective order preventing its production, or otherwise seeks confidential, proprietary or trade secret information of third parties.  Apple further objects to this Request for Admission to the extent it requires information outside Apple's possession, custody and control, including, for example, information concerning components that Apple has purchased from third parties.

APPLE INC.'S RESPONSES TO SAMSUNG'S
FIRST SET OF REQUESTS FOR ADMISSION
Case No. 11-cv-01846 (LHK)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

Subject to and without waiving its objections, Apple admits that it has tested the iPhone 3G for compliance with the 3GPP tests as adopted by the PTCRB, and otherwise denies this request.

**REQUEST FOR ADMISSION NO. 37:**

Admit that Apple has tested the iPhone 3G in the United States for compliance with a 3GPP carrier's network.

**RESPONSE TO REQUEST FOR ADMISSION NO. 37:**

Apple objects to this Request on the grounds that the terms "compliance" and "3GPP carrier's network" are vague and ambiguous.  Apple further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it is not limited in time.  Apple also objects to this Request to the extent it seeks information that is subject to a confidentiality or non-disclosure agreement or governed by a protective order preventing its production, or otherwise seeks confidential, proprietary or trade secret information of third parties.  Apple further objects to this Request for Admission to the extent it requires information outside Apple's possession, custody and control, including, for example, information concerning components that Apple has purchased from third parties.

Subject to and without waiving its objections, Apple admits that it has tested the iPhone 3G for compliance with the 3GPP tests as adopted by the PTCRB, and otherwise denies this request.

**REQUEST FOR ADMISSION NO. 38:**

Admit that a third party has tested the iPhone 3G in the United States for compliance with 3GPP standards.

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

**RESPONSE TO REQUEST FOR ADMISSION NO. 38:**

Apple objects to this Request on the grounds that the terms "compliance" and "3GPP standards" are vague and ambiguous. Apple further objects to this Request that the phrase "a third party" is vague, ambiguous and overly broad. Apple further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it is not limited in time. Apple also objects to this Request to the extent it seeks information that is subject to a confidentiality or non-disclosure agreement or governed by a protective order preventing its production, or otherwise seeks confidential, proprietary or trade secret information of third parties. Apple further objects to this Request for Admission to the extent it requires information outside Apple's possession, custody and control, including, for example, information concerning components that Apple has purchased from third parties.

Subject to and without waiving its objections, Apple admits that a third party has tested the iPhone 3G for compliance with the 3GPP tests as adopted by the PTCRB, and otherwise states that it has made a reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable Apple to admit or deny the remainder of this request.

**REQUEST FOR ADMISSION NO. 39:**

Admit that a third party has tested the iPhone 3G in the United States for compliance with a 3GPP carrier's network.

**RESPONSE TO REQUEST FOR ADMISSION NO. 39:**

Apple objects to this Request on the grounds that the terms "compliance" and "3GPP carrier's network" are vague and ambiguous. Apple further objects to this Request that the phrase "a third party" is vague, ambiguous and overly broad. Apple further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

1   to lead to the discovery of admissible evidence to the extent that it is not limited in time.  Apple

2   also objects to this Request to the extent it seeks information that is subject to a confidentiality or

3   non-disclosure agreement or governed by a protective order preventing its production, or

4
    otherwise seeks confidential, proprietary or trade secret information of third parties.  Apple
5
6   further objects to this Request for Admission to the extent it requires information outside Apple's

7   possession, custody and control, including, for example, information concerning components that

8   Apple has purchased from third parties.

9           Subject to and without waiving its objections, Apple admits that a third party has tested
10
    the iPhone 3G for compliance with the 3GPP tests as adopted by the PTCRB, and otherwise
11
12  states that it has made a reasonable inquiry and that the information it knows or can readily

13  obtain is insufficient to enable Apple to admit or deny the remainder of this request.

14  **REQUEST FOR ADMISSION NO. 40:**

15          Admit that Apple has tested the iPhone 3GS in the United States for compliance with
16  3GPP standards.

17  **RESPONSE TO REQUEST FOR ADMISSION NO. 40:**

18          Apple objects to this Request on the grounds that the terms "compliance" and "3GPP"

19  standards" are vague and ambiguous.  Apple further objects to this Request on the grounds that it

20  is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of

21  admissible evidence to the extent that it is not limited in time.  Apple also objects to this Request
22
    to the extent it seeks information that is subject to a confidentiality or non-disclosure agreement
23
24  or governed by a protective order preventing its production, or otherwise seeks confidential,

25  proprietary or trade secret information of third parties.  Apple further objects to this Request for

26  Admission to the extent it requires information outside Apple's possession, custody and control,

27

28

APPLE INC.'S RESPONSES TO SAMSUNG'S
FIRST SET OF REQUESTS FOR ADMISSION
Case No. 11-cv-01846 (LHK)

including, for example, information concerning components that Apple has purchased from third

parties.

Subject to and without waiving its objections, Apple admits that it has tested the iPhone

3GS for compliance with the 3GPP tests as adopted by the PTCRB, and otherwise denies this

request.

**REQUEST FOR ADMISSION NO. 41:**

Admit that Apple has tested the iPhone 3GS in the United States for compliance with a
3GPP carrier's network.

**RESPONSE TO REQUEST FOR ADMISSION NO. 41:**

Apple objects to this Request on the grounds that the terms "compliance" and "3GPP

carrier's network" are vague and ambiguous. Apple further objects to this Request on the

grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the

discovery of admissible evidence to the extent that it is not limited in time. Apple also objects to

this Request to the extent it seeks information that is subject to a confidentiality or non-

disclosure agreement or governed by a protective order preventing its production, or otherwise

seeks confidential, proprietary or trade secret information of third parties. Apple further objects

to this Request for Admission to the extent it requires information outside Apple's possession,

custody and control, including, for example, information concerning components that Apple has

purchased from third parties.

Subject to and without waiving its objections, Apple admits that it has tested the iPhone

3GS for compliance with the 3GPP tests as adopted by the PTCRB, and otherwise denies this

request.

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

**REQUEST FOR ADMISSION NO. 42:**

Admit that a third party has tested the iPhone 3GS in the United States for compliance with 3GPP standards.

**RESPONSE TO REQUEST FOR ADMISSION NO. 42:**

Apple objects to this Request on the grounds that the terms "compliance" and "3GPP standards" are vague and ambiguous. Apple further objects to this Request that the phrase "a third party" is vague, ambiguous and overly broad. Apple further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it is not limited in time. Apple also objects to this Request to the extent it seeks information that is subject to a confidentiality or non-disclosure agreement or governed by a protective order preventing its production, or otherwise seeks confidential, proprietary or trade secret information of third parties. Apple further objects to this Request for Admission to the extent it requires information outside Apple's possession, custody and control, including, for example, information concerning components that Apple has purchased from third parties.

Subject to and without waiving its objections, Apple admits that a third party has tested the iPhone 3GS for compliance with the 3GPP tests as adopted by the PTCRB, and otherwise states that it has made a reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable Apple to admit or deny the remainder of this request.

**REQUEST FOR ADMISSION NO. 43:**

Admit that a third party has tested the iPhone 3GS in the United States for compliance with a 3GPP carrier's network.

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

**RESPONSE TO REQUEST FOR ADMISSION NO. 43:**

Apple objects to this Request on the grounds that the terms "compliance" and "3GPP carrier's network" are vague and ambiguous.  Apple further objects to this Request that the phrase "a third party" is vague, ambiguous and overly broad.  Apple further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it is not limited in time.  Apple also objects to this Request to the extent it seeks information that is subject to a confidentiality or non-disclosure agreement or governed by a protective order preventing its production, or otherwise seeks confidential, proprietary or trade secret information of third parties.  Apple further objects to this Request for Admission to the extent it requires information outside Apple's possession, custody and control, including, for example, information concerning components that Apple has purchased from third parties.

Subject to and without waiving its objections, Apple admits that a third party has tested the iPhone 3GS for compliance with the 3GPP tests as adopted by the PTCRB, and otherwise states that it has made a reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable Apple to admit or deny the remainder of this request.

**REQUEST FOR ADMISSION NO. 44:**

Admit that Apple has tested the iPad 3G in the United States for compliance with 3GPP standards.

**RESPONSE TO REQUEST FOR ADMISSION NO. 44:**

Apple objects to this Request on the grounds that the terms "compliance" and "3GPP standards" are vague and ambiguous.  Apple further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it is not limited in time.  Apple also objects to this Request

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

to the extent it seeks information that is subject to a confidentiality or non-disclosure agreement or governed by a protective order preventing its production, or otherwise seeks confidential, proprietary or trade secret information of third parties.  Apple further objects to this Request for Admission to the extent it requires information outside Apple's possession, custody and control, including, for example, information concerning components that Apple has purchased from third parties.

Subject to and without waiving its objections, Apple admits that it has tested the iPad 3G for compliance with the 3GPP tests as adopted by the PTCRB, and otherwise denies this request.

**REQUEST FOR ADMISSION NO. 45:**

Admit that Apple has tested the iPad 3G in the United States for compliance with a 3GPP carrier's network.

**RESPONSE TO REQUEST FOR ADMISSION NO. 45:**

Apple objects to this Request on the grounds that the terms "compliance" and "3GPP carrier's network" are vague and ambiguous.  Apple further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it is not limited in time.  Apple also objects to this Request to the extent it seeks information that is subject to a confidentiality or non-disclosure agreement or governed by a protective order preventing its production, or otherwise seeks confidential, proprietary or trade secret information of third parties.  Apple further objects to this Request for Admission to the extent it requires information outside Apple's possession, custody and control, including, for example, information concerning components that Apple has purchased from third parties.

Subject to and without waiving its objections, Apple admits that it has tested the iPad 3G for compliance with the 3GPP tests as adopted by the PTCRB, and otherwise denies this request.

APPLE INC.'S RESPONSES TO SAMSUNG'S
FIRST SET OF REQUESTS FOR ADMISSION
Case No. 11-cv-01846 (LHK)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

**REQUEST FOR ADMISSION NO. 46:**

Admit that a third party has tested the iPad 3G in the United States for compliance with 3GPP standards.

**RESPONSE TO REQUEST FOR ADMISSION NO. 46:**

Apple objects to this Request on the grounds that the terms "compliance" and "3GPP standards" are vague and ambiguous. Apple further objects to this Request that the phrase "a third party" is vague, ambiguous and overly broad. Apple further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it is not limited in time. Apple also objects to this Request to the extent it seeks information that is subject to a confidentiality or non-disclosure agreement or governed by a protective order preventing its production, or otherwise seeks confidential, proprietary or trade secret information of third parties. Apple further objects to this Request for Admission to the extent it requires information outside Apple's possession, custody and control, including, for example, information concerning components that Apple has purchased from third parties.

Subject to and without waiving its objections, Apple admits that a third party has tested the iPad 3G for compliance with the 3GPP tests as adopted by the PTCRB, and otherwise states that it has made a reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable Apple to admit or deny the remainder of this request.

**REQUEST FOR ADMISSION NO. 47:**

Admit that a third party has tested the iPad 3G in the United States for compliance with a 3GPP carrier's network.

APPLE INC.'S RESPONSES TO SAMSUNG'S
FIRST SET OF REQUESTS FOR ADMISSION
Case No. 11-cv-01846 (LHK)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

**RESPONSE TO REQUEST FOR ADMISSION NO. 47:**

Apple objects to this Request on the grounds that the terms "compliance" and "3GPP carrier's network" are vague and ambiguous.  Apple further objects to this Request that the phrase "a third party" is vague, ambiguous and overly broad.  Apple further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it is not limited in time.  Apple also objects to this Request to the extent it seeks information that is subject to a confidentiality or non-disclosure agreement or governed by a protective order preventing its production, or otherwise seeks confidential, proprietary or trade secret information of third parties.  Apple further objects to this Request for Admission to the extent it requires information outside Apple's possession, custody and control, including, for example, information concerning components that Apple has purchased from third parties.

Subject to and without waiving its objections, Apple admits that a third party has tested the iPad 3G for compliance with the 3GPP tests as adopted by the PTCRB, and otherwise states that it has made a reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable Apple to admit or deny the remainder of this request.

**REQUEST FOR ADMISSION NO. 48:**

Admit that Apple has tested the iPhone 4 in the United States for compliance with 3GPP standards.

**RESPONSE TO REQUEST FOR ADMISSION NO. 48:**

Apple objects to this Request on the grounds that the terms "compliance" and "3GPP standards" are vague and ambiguous.  Apple further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it is not limited in time.  Apple also objects to this Request

APPLE INC.'S RESPONSES TO SAMSUNG'S
FIRST SET OF REQUESTS FOR ADMISSION
Case No. 11-cv-01846 (LHK)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

to the extent it seeks information that is subject to a confidentiality or non-disclosure agreement or governed by a protective order preventing its production, or otherwise seeks confidential, proprietary or trade secret information of third parties.  Apple further objects to this Request for Admission to the extent it requires information outside Apple's possession, custody and control, including, for example, information concerning components that Apple has purchased from third parties.

Subject to and without waiving its objections, Apple admits that it has tested the iPhone 4 for compliance with the 3GPP tests as adopted by the PTCRB, and otherwise denies this request.

**REQUEST FOR ADMISSION NO. 49:**

Admit that Apple has tested the iPhone 4 in the United States for compliance with a 3GPP carrier's network.

**RESPONSE TO REQUEST FOR ADMISSION NO. 49:**

Apple objects to this Request on the grounds that the terms "compliance" and "3GPP carrier's network" are vague and ambiguous.  Apple further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it is not limited in time.  Apple also objects to this Request to the extent it seeks information that is subject to a confidentiality or non-disclosure agreement or governed by a protective order preventing its production, or otherwise seeks confidential, proprietary or trade secret information of third parties.  Apple further objects to this Request for Admission to the extent it requires information outside Apple's possession, custody and control, including, for example, information concerning components that Apple has purchased from third parties.

Subject to and without waiving its objections, Apple admits that it has tested the iPhone 4 for compliance with the 3GPP tests as adopted by the PTCRB, and otherwise denies this request.

APPLE INC.'S RESPONSES TO SAMSUNG'S
FIRST SET OF REQUESTS FOR ADMISSION
Case No. 11-cv-01846 (LHK)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

**REQUEST FOR ADMISSION NO. 50:**

Admit that a third party has tested the iPhone 4 in the United States for compliance with 3GPP standards.

**RESPONSE TO REQUEST FOR ADMISSION NO. 50:**

Apple objects to this Request on the grounds that the terms "compliance" and "3GPP standards" are vague and ambiguous.  Apple further objects to this Request that the phrase "a third party" is vague, ambiguous and overly broad.  Apple further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it is not limited in time.  Apple also objects to this Request to the extent it seeks information that is subject to a confidentiality or non-disclosure agreement or governed by a protective order preventing its production, or otherwise seeks confidential, proprietary or trade secret information of third parties.  Apple further objects to this Request for Admission to the extent it requires information outside Apple's possession, custody and control, including, for example, information concerning components that Apple has purchased from third parties.

Subject to and without waiving its objections, Apple admits that a third party has tested the iPhone 4 for compliance with the 3GPP tests as adopted by the PTCRB, and otherwise states that it has made a reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable Apple to admit or deny the remainder of this request.

**REQUEST FOR ADMISSION NO. 51:**

Admit that a third party has tested the iPhone 4 in the United States for compliance with a 3GPP carrier's network.

APPLE INC.'S RESPONSES TO SAMSUNG'S
FIRST SET OF REQUESTS FOR ADMISSION
Case No. 11-cv-01846 (LHK)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

**RESPONSE TO REQUEST FOR ADMISSION NO. 51:**

Apple objects to this Request on the grounds that the terms "compliance" and "3GPP carrier's network" are vague and ambiguous.  Apple further objects to this Request that the phrase "a third party" is vague, ambiguous and overly broad.  Apple further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it is not limited in time.  Apple also objects to this Request to the extent it seeks information that is subject to a confidentiality or non-disclosure agreement or governed by a protective order preventing its production, or otherwise seeks confidential, proprietary or trade secret information of third parties.  Apple further objects to this Request for Admission to the extent it requires information outside Apple's possession, custody and control, including, for example, information concerning components that Apple has purchased from third parties.

Subject to and without waiving its objections, Apple admits that a third party has tested the iPhone 4 for compliance with the 3GPP tests as adopted by the PTCRB, and otherwise states that it has made a reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable Apple to admit or deny the remainder of this request.

**REQUEST FOR ADMISSION NO. 52:**

Admit that Apple has tested the iPad 2 in the United States for compliance with 3GPP standards.

**RESPONSE TO REQUEST FOR ADMISSION NO. 52:**

Apple objects to this Request on the grounds that the terms "compliance" and "3GPP standards" are vague and ambiguous.  Apple further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it is not limited in time.  Apple also objects to this Request

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

to the extent it seeks information that is subject to a confidentiality or non-disclosure agreement or governed by a protective order preventing its production, or otherwise seeks confidential, proprietary or trade secret information of third parties.  Apple further objects to this Request for Admission to the extent it requires information outside Apple's possession, custody and control, including, for example, information concerning components that Apple has purchased from third parties.

Subject to and without waiving its objections, Apple denies this request.

**REQUEST FOR ADMISSION NO. 53:**

Admit that Apple has tested the iPad 2 in the United States for compliance with a 3GPP carrier's network.

**RESPONSE TO REQUEST FOR ADMISSION NO. 53:**

Apple objects to this Request on the grounds that the terms "compliance" and "3GPP carrier's network" are vague and ambiguous.  Apple further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it is not limited in time.  Apple also objects to this Request to the extent it seeks information that is subject to a confidentiality or non-disclosure agreement or governed by a protective order preventing its production, or otherwise seeks confidential, proprietary or trade secret information of third parties.  Apple further objects to this Request for Admission to the extent it requires information outside Apple's possession, custody and control, including, for example, information concerning components that Apple has purchased from third parties.

Subject to and without waiving its objections, Apple denies this request.

APPLE INC.'S RESPONSES TO SAMSUNG'S
FIRST SET OF REQUESTS FOR ADMISSION
Case No. 11-cv-01846 (LHK)

SUBJECT TO PROTECTIVE ORDER
CONTAINS CONFIDENTIAL INFORMATION

**REQUEST FOR ADMISSION NO. 54:**

Admit that a third party has tested the iPad 2 in the United States for compliance with 3GPP standards.

**RESPONSE TO REQUEST FOR ADMISSION NO. 54:**

Apple objects to this Request on the grounds that the terms "compliance" and "3GPP standards" are vague and ambiguous.  Apple further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it is not limited in time.  Apple also objects to this Request to the extent it seeks information that is subject to a confidentiality or non-disclosure agreement or governed by a protective order preventing its production, or otherwise seeks confidential, proprietary or trade secret information of third parties.  Apple further objects to this Request for Admission to the extent it requires information outside Apple's possession, custody and control, including, for example, information concerning components that Apple has purchased from third parties.

Subject to and without waiving its objections, Apple denies this request.

**REQUEST FOR ADMISSION NO. 55:**

Admit that a third party has tested the iPad 2 in the United States for compliance with a 3GPP carrier's network.

**RESPONSE TO REQUEST FOR ADMISSION NO. 55:**

Apple objects to this Request on the grounds that the terms "compliance" and "3GPP carrier's network" are vague and ambiguous.  Apple further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it is not limited in time.  Apple also objects to this Request to the extent it seeks information that is subject to a confidentiality or non-

APPLE INC.'S RESPONSES TO SAMSUNG'S
FIRST SET OF REQUESTS FOR ADMISSION
Case No. 11-cv-01846 (LHK)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

disclosure agreement or governed by a protective order preventing its production, or otherwise

seeks confidential, proprietary or trade secret information of third parties.  Apple further objects

to this Request for Admission to the extent it requires information outside Apple's possession,

custody and control, including, for example, information concerning components that Apple has

purchased from third parties.

Subject to and without waiving its objections, Apple denies this request.

Dated:  October 26, 2011

/s/ Mark D. Selwyn
Mark D. Selwyn (SBN 244180)
(mark.selwyn@wilmerhale.com)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California  94304
Telephone:  (650) 858-6000
Facsimile:   (650) 858-6100

William F. Lee (admitted *pro hac vice*)
(william.lee@wilmerhale.com)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, Massachusetts  02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

Harold J. McElhinny (SBN 66781)
(HMcElhinny@mofo.com)
Michael A. Jacobs (SBN 111664)
(MJacobs@mofo.com)
Richard S.J. Hung (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105
Telephone: ( 415) 268-7000
Facsimile:  (415) 268-7522

Attorneys for Plaintiff and
Counterclaim-Defendant Apple Inc.

APPLE INC.'S RESPONSES TO SAMSUNG'S
FIRST SET OF REQUESTS FOR ADMISSION
Case No. 11-cv-01846 (LHK)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

1

**CERTIFICATE OF SERVICE**

2

3          The undersigned hereby certifies that a true and correct copy of the above and foregoing

document has been served on October 26, 2011 by electronic mail upon the following:

4

5
Charles Kramer Verhoeven (Cal. Bar No. 170151)
6    (charlesverhoeven@quinnemanuel.com)
Quinn Emanuel Urquhart & Sullivan LLP
7    50 California Street, 22nd Floor
San Francisco, California 94111
8    Telephone: (415) 875-6600
Facsimile:  (415) 875-7600
9

10   Kevin P.B. Johnson (Cal. Bar No. 177129)
(kevinjohnson@quinnemanuel.com)
11   Victoria F. Maroulis (Cal. Bar No. 202603)
(victoriamaroulis@quinnemanuel.com)
12   Quinn Emanuel Urquhart & Sullivan LLP
555 Twin Dolphin Drive 5th Floor
13   Redwood Shores, California 94065
Telephone: (650) 801-5000
14   Facsimile: (650) 801-5100

15
Edward J. DeFranco (Cal. Bar No. 165596)
16   (eddefranco@quinnemanuel.com)
Quinn Emanuel Urquhart & Sullivan LLP
17   51 Madison Avenue, 22nd Floor
New York, New York 10010
18   Telephone: (212) 849-7000
Facsimile: (212) 849-7100
19

20   Michael T. Zeller (Cal. Bar No. 196417)
(michaelzeller@quinnemanuel.com)
21   Quinn Emanuel Urquhart & Sullivan LLP
865 S. Figueroa St., 10th Floor
22   Los Angeles, California 90017
Telephone: (213) 443-3000
23   Facsimile: (213) 443-3100

24

25

26                                                   /s/ Mark. D Selwyn
                                                     Mark D. Selwyn
27

28