# EXHIBIT J
# FILED UNDER SEAL

**quinn emanuel** trial lawyers | silicon valley

555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California  94065-2139 | TEL: (650) 801-5000 FAX: (650) 801-5100

WRITER'S INTERNET ADDRESS
kennethsuh@quinnemanuel.com

December 27, 2011

**VIA E-MAIL**

Mia Mazza
Morrison & Foerster, LLP
425 Market Street
San Francisco, CA 94105-2482

Re:    *Apple v. Samsung Electronics, et al.*, No. 5:11-cv-01846-LHK (N.D. Cal.)

Dear Mia:

I write to follow up on the December 21, 2011 meet-and-confer and your letter of December 24, 2011, regarding NeXTSTEP OS related source code and documents.

As an initial matter, you indicated that Apple will produce "all available source code."  In the context of Samsung's request, it is not clear what "all available source code" entails.  Samsung identified two versions of NeXTSTEP OS, 3.0 and 3.1, and expects the relevant portions of source code for both versions to be made available for inspection.  Please advise Samsung immediately if this is not the case.

Second, although your letter attempts to minimize Apple's duty to identify and produce all relevant prior art, the relevant portions of NeXTSTEP OS are no smaller than the feature against which Apple has asserted its '002 patent.  Unless Apple is now willing to stipulate that the accused feature is a "narrow" and "if anything, a small fraction" of the overall Samsung accused products, your arguments are warrantless.  Further, as you may know, in patent litigation, the pertinent question is the degree of relevancy to the asserted patent.

quinn emanuel urquhart & sullivan, llp

LOS ANGELES | 865 South Figueroa Street, 10th Floor, Los Angeles, California  90017-2543  | TEL (213) 443-3000  FAX (213) 443-3100
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York  10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California  94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois  60661-2510 | TEL (312) 705-7400 FAX (312) 705-7401
WASHINGTON, DC | 1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia  20004-2400 | TEL (202) 538-8000 FAX (202) 538-8100
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom  | TEL +44(0) 20 7653 2000  FAX +44(0) 20 7653 2100
TOKYO | NBF Hibiya Building, 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 3 5510 1711  FAX +81 3 5510 1712
MANNHEIM | Erzbergerstraße 5, 68165 Mannheim, Germany  | TEL +49(0) 621 43298 6000  FAX +49(0) 621 43298 6100
MOSCOW | Voentorg Building, 3rd Floor, 10 Vozdvizhenka Street, Moscow 125009, Russia | TEL +7 495 797 3666  FAX +7 495 797 3667

Third, during the meet-and-confer, Samsung stated it was willing to stipulate to a narrower set of functioning exemplars and source code, if such stipulation included declarations by Apple corporate representatives and counsel that the non-produced source code and exemplars were examined and determined to function identically to those produced, in aspects relevant to this case. Apple refused. Samsung stated it was willing to accept documents on a rolling basis, beginning with those already identified, collected, and produced in prior litigation. Apple refused. Apple acknowledged that even if source code was made available for inspection, Samsung would have no reason to inspect any non-relevant source code. It is unclear why this request is unduly burdensome.

Fourth, during the meet-and-confer, Apple denied it had any knowledge that the NeXTSTEP OS was relevant prior art to the '002 patent and (amazingly) that the '002 patent was at issue in *Apple, Inc. v. Motorola, Inc.,* Case No. 10-CV-662, Western District of Wisconsin. Lest there be any confusion about this, public records confirm that Apple asserted the patent against Motorola in that case, and NeXTSTEP OS was specifically identified as prior art to the '002 in that litigation.

Samsung repeats its request for all the documents and things contained in our December 16, 2011, letter. I have reproduced the requests below for your convenience:

(1) a fully operational exemplar of NeXTcube and NeXTstation workstation computers running the NeXTSTEP Operating System, versions 3.0 and 3.1;

(2) fully operational and installable copy of the executable software for NeXTSTEP Operating System, version 3.0 and 3.1, and source code for the same;

(3) all documents describing the function or operation of the NeXTSTEP Operating System, versions 3.0 and 3.1, including, but not exclusive to technical documents, user guides, manuals, design documents, development documents, use cases, functional diagrams, and marketing documents;

(4) documents sufficient to identify all persons involved in the design and coding of the NeXTSTEP application dock, the icon bar on the right side of the NeXTSTEP Operating System, versions 3.0 and 3.1; and

(5) all documents and things relating to the NeXTSTEP application dock, NeXTcube,NeXTstation, all versions of the NeXTSTEP Operating System, NeXT Computer, Inc., (a.k.a. NeXT Software, Inc., or NeXT, Inc.) or subsidiaries of NeXT Computer, Inc., produced to Motorola in Apple, Inc. v. Motorola, Inc., Case No. 10-CV-662, Western District of Wisconsin.

As Apple is aware from the *Motorola* case, this is highly relevant prior art and Samsung cannot continue to accept continued delays regarding this issue. Nor will Samsung entertain Apple's continued attempts to have Samsung blindly accept stipulations or narrow discovery requests based on boilerplate objections that hold no water. Please confirm immediately that Apple will

produce all of the requested items by January 2, 2012.  If Apple will not agree, these items will be placed on the lead counsel meet-and-confer agenda.

Very truly yours,

Kenneth Suh