# EXHIBIT N
# FILED UNDER SEAL

**quinn emanuel** trial lawyers | washington, dc

1101 Pennsylvania Avenue NW, 6th Floor, Washington, District of Columbia  20004-2544 | TEL: (202) 756-1950 FAX: (202) 756-1951

WRITER'S DIRECT DIAL NO.
**(202) 756-5011**

WRITER'S INTERNET ADDRESS
**marissaducca@quinnemanuel.com**

October 18, 2011

**May Contain Confidential Information**

**VIA ELECTRONIC MAIL**

Jason Bartlett
Morrison & Foerster
425 Market Street
San Francisco, California  94105-2482

Re:   Apple Inc. v. Samsung Electronics Co. Ltd., Case No. 11-CV-01846-LHK (N.D. Cal)

Dear Jason,

We have now conducted several inventor depositions, and it is apparent that Apple is not taking its discovery responsibilities seriously.

First, it appears that custodian interviews have not been conducted with each and every inventor (see, e.g., LeMay dep. at 178:7-22).  This is a basic necessity to confirm that Apple is producing all relevant documents in their possession, custody, or control, and should have been conducted long before their depositions.  Please confirm that Apple will conduct such interviews and produce all relevant documents found as a result of the interviews.

Next, it is apparent that Apple did not thoroughly search nor produce documents related to the patents it asserts against Samsung.  Below is a sampling of the deficiencies we have identified.  Please be prepared to discuss these, and Apple's inventor productions generally on tomorrow's meet and confer.

quinn emanuel urquhart & sullivan, llp

LOS ANGELES | 865 South Figueroa Street, 10th Floor, Los Angeles, California  90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York  10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California  94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California  94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois  60661-2510 | TEL (312) 705-7400 FAX (312) 705-7401
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44(0) 20 7653 2000 FAX +44(0) 20 7653 2100
TOKYO | NBF Hibiya Bldg., 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo  100-0011, Japan | TEL +81 3 5510 1711 FAX +81 3 5510 1712

### Deposition of Stephen LeMay

Apple produced less than five documents from Stephen LeMay. This is not surprising considering that, though he received a document retention notice, Mr. LeMay did not search for documents (111:12-19), he did not search his emails (113:5-114:1), and he did not search the humaninterface.apple.com server where he stores documents (119:17-21). Mr. LeMay's emails, documents and documents stored on the server are relevant to this litigation. As Apple asserted the '163 patent against Samsung, Apple should have produced these documents.

Furthermore, Mr. LeMay testified that at some point, a document collection company took an image of his hard drive. Therefore, relevant communications and emails are in the possession of Apple's legal department or Morrison and Foerster. Please produce all documents on Mr. LeMay's hard drive from the 2005-2007 timeframe, including any documents related to Mr. LeMay's work on the Safari project immediately.

### Deposition of John Elias

Mr. Elias identified many documents that have not been produced. Below is a sampling of these documents:

- A spreadsheet demonstrating the different ownership shares in FingerWorks (80:11-84:20)

- Legal documents describing the sale of FingerWorks to Apple (90:17-93:24)

- An invoice from and layout/design information provided to a Korean foundry retained to manufacture a sensor chip in 1997 that was added to the FingerWorks prototype (112:1-118:20)

- An invoice from a Delaware company retained to assemble a sensor chip and circuit board (116:9-116:25). Apple also possesses schematics for physical exhibit 522 (Phalange) (124:14-125:4), and code for the prototype demonstrating ellipse fitting via unitary transformation of the group covariance matrix of the second moment (149:3-15:13).

Mr. Elias testified that he provided all of these documents to Apple's legal department. Samsung has not identified these documents. Please provide the Bates numbers, or produce the documents immediately.

In addition to the documents Mr. Elias provided to Apple, he also testified that he has a set of documents related to the '828 patent. He also testified regarding a set of emails that was provided to Apple in conjunction with the Quantum case. Please produce these immediately. Please also produce any documents on Mr. Elias' old computer, that was collected by Apple legal.

**Deposition of Imran Chaudhri**

Mr. Chaudhri is listed as an inventor on five Apple patents. Yet, his production is sorely lacking. The following documents identified by Mr. Chaudhri have not been produced:

- Mr. Chaudhri's previous deposition transcripts (5:14-7:6)[1]

- All folders in the Aqua UI folder showing the conception, development, and reduction to practice of the '891 patent (16:5-18:7)

- All files that Mr. Chaudhri produced or made available to Apple's counsel (19:19-19:25)

- Documents sufficient to show the date of release of Mac OS X (39:20-39:21)

- All documents, including but not limited to source code, showing (a) the development of the user interface of Mac OS X; and (b) any other documents relating to the '891 patent's implementation in Mac OS X (60:20-61:18).

- Design documents and prototypes on the "human interface server" (145:25 – 147:3).

- Presentations of icons and layouts presented at the design team's regular weekly meetings, and any emails that include those presentations (243:13-245:7).

All we received for Mr. Chaudhri's production were several dozen emails that were irrelevant to the patents he invented. And almost none of them were from the time when Mr. Chaudhri is claimed to have invented the patents. There were also no files produced that show drafts of any icons, layouts, or any other design features found in the D334, D305, or D790 patents. For example, we received no Photoshop or Illustrator files and no presentations used in design review meetings. Indeed, it appears that the only type of document reviewed was email, and that review appears to be deficient.

---

[1] Apple has failed to produce many of the inventors' previous deposition transcripts.

**Deposition of Freddy Anzures**

Mr. Anzures is listed as an inventor on the D305 patent, yet his production included no documents showing images or drafts of the icons, screen layout, or other design features depicted in that patent. Like Mr. Chaudhri's production, Mr. Anzures' documents consisted of several dozen irrelevant emails, none of which predated the application date for the D305 patent — June 23, 2007. Indeed, Mr. Anzures testified that the project to create designs for the iPhone began even earlier than that, in early 2005 (*see, e.g.*, 57:20-58:16). Mr. Anzures also testified that he regularly uses programs like Photoshop and Illustrator to create designs, yet Apple produced no such files (4:17-5:2). Mr. Anzures testified that he saves design documents such as these on his own machine as well as the Human Interface Server, and that other designers on the team do the same (*see, e.g.*, 112:6-113:18; 119:19-25). According to Mr. Anzures, the files are usually saved either in a project folder or an individual designer's folder on the server (115:1-11).

Like Mr. Chaudhri, Mr. Anzures also testified about presentations of icons and layouts that are created for design review meetings. For example, Mr. Anzures testified that the design depicted in D305 was part of an internal Apple design presentation (171:23-172:7). That presentation, nor any other presentations were produced. Mr. Anzures' also testified that emails were often sent back and forth within the team as members helped create the icons found in the D305 patent. No such emails were produced.

Mr. Anzures also testified that a number of icons as well as the dock in the D305 and D334 patents were based on icons and features in Mac OS X Tiger. Nevertheless, we received no documents regarding these prior Tiger designs from either Mr. Anzures' or Mr. Chaudhri's files or any other design team files relating to the above patents.

Given the deficient document production for Mr. Anzures, it appears that Apple has failed to attempt any reasonable search for documents, emails, presentations, or any other files relevant to Mr. Anzures' work on the D305 patent, either on his own computer or the Human Interface Server. It is not plausible that Apple conducted a reasonable review of Mr. Anzures' files and could not find a single sketch, rendering, draft, or image of any icon or other design feature created by Mr. Anzures during the time he is claimed to have invented the D305 patent.

Please produce these documents immediately. Samsung reserves the right to re-depose and/or seek any other relief from the Court as a result of Apple's failure to produce documents relevant to the claims Apple asserts against Samsung.

Best regards,

*/s/ Marissa R. Ducca*

Marissa R. Ducca

cc:   Mark D. Selwyn, Esq.
      Peter J. Kolovos, Esq.
      Melissa N. Chan, Esq.

Rachel Herrick Kassabian, Esq.

5