# EXHIBIT AA
# FILED UNDER SEAL

MORRISON | FOERSTER

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA  94105-2482
U.S.A.

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG

December 27, 2011

Writer's Direct Contact
415.268.6024
MMazza@mofo.com

*Via E-Mail* (dianehutnyan@quinnemanuel.com)

Diane Hutnyan
Quinn Emanuel
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017

Re:     *Apple v. Samsung*, Case No. 11-cv-1846-LHK (PSG) (N.D. Cal.)

Dear Diane:

We have received Samsung's First 30(b)(6) Deposition Notice to Apple, Inc.  As we
discussed during last Wednesday's meet-and-confer teleconference, the Notice is oppressive
on its face.

The Notice's 229 topics (and more than 600 subparts) are plainly intended to harass Apple,
rather than to seek testimony that is reasonably necessary for Samsung's claims and defenses
in this case.  Samsung cannot possibly expect to cover all of these topics within the 250
hours that Judge Koh has allotted each party for depositions — particularly in view of
Samsung's position that a 30(b)(6) deposition notice is constrained by the 7-hour limit of
Rule 30(b)(1).

But even putting aside the sheer number of Samsung's topics, many of Samsung's topics are
so overbroad that Apple could not meaningfully prepare a witness to testify.  *See, e.g.*, Nos.
51, 66, 111, 123, 129, 144, 151, 158, 165, 172, 182, 184, 192, 198, and 205 (seeking
testimony concerning "all communications" with certain parties); *see also* Nos. 74, 110, 122,
128, 136, 139, 143, 149, 150, 157, 164, 171, 176, 190, 191, 197, and 204 (seeking testimony
concerning "all software" relating to a specified topic).  Other topics also are unreasonably
cumulative of each other and of discovery that Samsung has already sought and obtained
from Apple.  By way of example only, 29 topics cover the "baseband processors"
incorporated into the accused Apple devices.  Two of these 29 topics, in turn, separately seek
identification of the baseband processors incorporated into the accused products.  And
another 6 of these 29 topics separately seek identification of the software used to operate the
baseband processors.  But Apple has already provided a substantive response to Samsung's
interrogatories that seek similar information (*e.g.*, Nos. 19 and 20).

sf-3088222

**MORRISON | FOERSTER**

Diane Hutnyan
December 27, 2011
Page Two


For at least these reasons, Apple objects to Samsung's First 30(b)(6) Deposition Notice.  As we also discussed during the call, there may be limited topics in your notice that would be appropriate for a 30(b)(6) deposition, if stated separately or clarified.  Apple would be willing to provide 30(b)(6) testimony on such topics, provided that Samsung is willing to reciprocate and provide corporate testimony to Apple on similar topics.  During our call, we asked Samsung to go back and reexamine its Notice and identify a narrowed and more focused set of topics on which Samsung seeks testimony and for which it will be willing to provide reciprocal testimony.  We look forward to Samsung's identification of such topics.

Finally, if Samsung truly intends to seek a 30(b)(6) deposition of Apple pursuant to its 229-topic Notice, Apple reserves all rights, including moving for a protective order.

Sincerely,

*/s/ Mia Mazza*

Mia Mazza

cc:     Samuel Maselli
        Calvin Walden
        Peter Kolovos


sf-3088222