# EXHIBIT BB
# FILED UNDER SEAL

quinn emanuel trial lawyers | los angeles
865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL: (213) 443-3000 FAX: (213) 443-3100

December 31, 2011

VIA E-MAIL

Mia Mazza
Morrison & Foerster, LLP
425 Market Street
San Francisco, CA 94105-2482

Re:   Apple v. Samsung Electronics, et al., No. 5:11-cv-01846-LHK (N.D.Cal.)

Dear Mia:

I write in response to your December 27 letter about Samsung's First 30(b)(6) Deposition Notice to Apple, Inc. and in particular Apple's latest announcement that it will not provide witnesses on any topic unless Samsung is "willing to provide reciprocal testimony."

It is highly improper for Apple to condition its production of these witnesses on whether Samsung will provide reciprocal testimony. The Federal Rules expressly reject this position. As Fed. R. Civ. P. 26(d)(2)(B) provides, "discovery by one party does not require any other party to delay its discovery." *Accord* Schwarzer et al., *Cal. Prac. Guide: Fed. Civ. Pro. Before Trial* ¶ 11:1390 (Rutter) ("The fact one party is conducting discovery (by deposition or otherwise) does *not* operate to delay another party's right to discovery."). Courts likewise have rejected claims that alleged deficiencies in another party's discovery can support a refusal to be deposed *See, e.g., George C. Frey Ready-Mixed Concrete, Inc. v. Pine Hill Concrete Mix Corp.,* 554 F.2d 551, 556 at n.5 (2d Cir. 1977) (stating that parties' respective rights to discovery are "concurrent" with one another); *Struthers Scientific & Int'l Corp. v. Gen. Foods Corp.,* 290 F. Supp. 122, 128 (S.D. Tex. 1968) ("the failure to answer plaintiff's interrogatories provides no grounds for vacating or staying defendant's notice of taking of depositions.")

quinn emanuel urquhart & sullivan, llp

LOS ANGELES | 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois 60661-2510 | TEL (312) 705-7400 FAX (312) 705-7401
WASHINGTON, DC | 1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia 20004-2400 | TEL (202) 538-8000 FAX (202) 538-8100
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44(0) 20 7653 2000 FAX +44(0) 20 7653 2100
TOKYO | NBF Hibiya Building, 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 3 5510 1711 FAX +81 3 5510 1712
MANNHEIM | Erzbergerstraße 5, 68165 Mannheim, Germany | TEL +49(0) 621 43298 6000 FAX +49(0) 621 43298 6100
MOSCOW | Voentorg Building, 3rd Floor, 10 Vozdvizhenka Street, Moscow 125009, Russia | TEL +7 495 797 3666 FAX +7 495 797 3667

Moreover, the parties each have their own time limit for depositions on issues relevant to the case. Samsung has the right to use its time as it sees fit and will be scheduling deposition time with Apple on particular topics and with particular individuals it noticed shortly. Meanwhile, Apple has made its own choices with respect to how it would like to spend its limited deposition time. Apple does not get to add to its time by demanding "reciprocal" discovery on top of what it is entitled to under the Court's guidelines.

Apple's position is clearly designed to waste time. On the December 21 call, we invited Apple to work with us cooperatively to overcome any breadth objections, but you insisted we withdraw our whole notice and start all over again. Now you claim we need to agree to provide witnesses on unidentified "similar topics," without explaining which topics you consider "similar" or why you think they are appropriate for reciprocal treatment, much less for additional deposition time for Apple. Meanwhile, Apple *has not offered a single date* for any of the 49 individual witnesses we noticed, nor for any topic in either of our two deposition notices.

With respect to your other boilerplate objections, they are meritless:

- You cannot point to a single topic that is not relevant to the claims and defenses in this case, and the number of topics is entirely appropriate for a case with so many issues in play.

- Samsung has not insisted that a witness be provided on every topic, and so your premise to the contrary is false.

- Topics that ask for "all communications" on a given matter or with certain parties can be perfectly appropriate depending on what they relate to, and you've not shown why any of those requests are overbroad, irrelevant or harassing.

- To the extent that there are several detailed topics appearing to relate to each other, the detail is provided to give Apple notice of precisely what information is sought and to break the information down into logical pieces. Certainly, if there were fewer, broader topics, you would be complaining that all the topics were too broad to cover.

- Nor are the topics cumulative of other types of discovery. Samsung is entitled to Apple's testimony on all of these topics regardless of what other discovery it has gathered or wll gather relating to those issues. *See* Fed. R. Civ. P. 26(d)(2)(A) (discovery may be conducted in any sequence).

The stall tactics need to stop. Please confirm, no later than January 2, 2012, that Apple will provide witnesses on Samsung's topics (up to Samsung's time limit and subject to any agreement between the parties as to scope or any limitations from the Court as to scope) without requiring reciprocal testimony of any kind. Failure to withdraw your improper objections by January 2 will place this issue on the meet-and-confer agenda for January 5.

Kind regards,

/s/

Diane C. Hutnyan