1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
     Charles K. Verhoeven (Bar No. 170151)
2    charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700
     Kevin P.B. Johnson (Bar No. 177129
5    kevinjohnson@quinnemanuel.com
     Victoria F. Maroulis (Bar No. 202603)
6    victoriamaroulis@quinnemanuel.com
   555 Twin Dolphin Drive, 5th Floor
7  Redwood Shores, California  94065-2139
   Telephone:     (650) 801-5000
8  Facsimile:     (650) 801-5100
     Michael T. Zeller (Bar No. 196417)
9    michaelzeller@quinnemanuel.com
   865 S. Figueroa St., 10th Floor
10 Los Angeles, California 90017
   Telephone: (213) 443-3000
11 Facsimile: (213) 443-3100

12 Attorneys for SAMSUNG ELECTRONICS CO.,
   LTD., SAMSUNG ELECTRONICS AMERICA,
13 INC. and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| APPLE INC., a California corporation, | CASE NO. 11-cv-01846-LHK |
|---|---|
| Plaintiff, | **SAMSUNG'S RENEWED MOTION TO COMPEL DISCOVERY RELATING TO MAC OS 10.0; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| vs. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | Date: January 18, 2012<br>Time: 2:00 p.m.<br>Place: Courtroom 5, 4th Floor<br>Judge: Hon. Paul S. Grewal<br>**CONTAINS CONFIDENTIAL INFORMATION SUBMITTED UNDER SEAL** |
| Defendant. | |

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION ....................................................................................... 1

RELIEF REQUESTED ................................................................................................................. 1

SAMSUNG'S CIVIL L.R. 37-2 STATEMENT ............................................................................ 1

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................... 3

I.     INTRODUCTION.................................................................................................. 3

II.    STATEMENT OF FACTS..................................................................................... 3

II.    LEGAL STANDARDS.......................................................................................... 7

III.   ARGUMENT ......................................................................................................... 8

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on January 18, 2012 at 2:00 p.m., or as soon thereafter as the matter may be heard by the Honorable Paul S. Grewal in Courtroom 5, United States District Court for the Northern District of California, Robert F. Peckham Federal Building, 280 South 1st Street, San Jose, CA 95113, Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung") move the Court to compel Apple to produce a computer running the Mac OS 10.0 operating system on which the brightness button can be manipulated to produce the brightness settings display window.

This motion is based on this notice of motion and supporting memorandum of points and authorities; the supporting declaration of Diane C. Hutnyan and exhibits attached thereto; and such other written or oral argument as may be presented at or before the time this motion is deemed submitted by the Court.

**RELIEF REQUESTED**

Pursuant to Federal Rule of Civil Procedure 37(b), Samsung requests that the Court enter an order requiring Apple to produce a device capable of running the Mac OS 10.0 operating system with a functional brightness button, capable of producing the "brightness settings" window display, no later than January 22, 2012.

**SAMSUNG'S CIVIL L.R. 37-2 STATEMENT**

Pursuant to Civil L.R. 37-2, Samsung's discovery requests to Apple are set forth in full below along with Apple's responses and objections:

**SAMSUNG'S REQUEST FOR PRODUCTION NO. 86:**

All DOCUMENTS and things relating to the reduction to practice of any alleged invention claimed by the APPLE IP, including, without limitation, any documents or things which APPLE contends corroborate such reduction to practice.

**APPLE'S RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**

Apple objects to the phrase "relating to the reduction to practice" as vague and ambiguous, and the request is vague and ambiguous to the extent it seeks reduction to practice of Apple's

1  asserted trademark and trade dress rights. Apple objects to this request as overly broad, unduly
2  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence,
3  especially because it requests "all DOCUMENTS and things." Apple objects to this request to the
4  extent it seeks production of documents that: (i) are protected from discovery by the attorney-
5  client privilege or the work product doctrine, or any other applicable privilege or immunity; (ii)
6  are outside of Apple's possession, custody, or control; (iii) would require Apple to draw a legal
7  conclusion to respond; or (iv) can be obtained as easily by Samsung, are already in Samsung's
8  possession, or are publicly available.

   Subject to and without waiving the foregoing General and Specific Objections, Apple has produced or will produce responsive, non-privileged documents in the possession, custody, or control of the named inventors of Apple's asserted patents currently employed by Apple, if any, located after a reasonable search, sufficient to show reduction to practice of the Apple utility and design patents.

**SAMSUNG'S CERTIFICATION PURSUANT TO FED. R. CIV. P. 37(a)(1)**

Samsung hereby certifies that it has been excused by the Court from conferring with Apple with regard to the discovery described immediately above.[1] Nevertheless, Samsung's further efforts to resolve this discovery dispute without court intervention are described in paragraph 9 of the declaration of Diane C. Hutnyan, submitted herewith.

DATED: January 10, 2012            QUINN EMANUEL URQUHART &
                                   SULLIVAN, LLP


                                   By /s/ *Victoria F. Maroulis*
                                      Charles K. Verhoeven
                                      Kevin P.B. Johnson
                                      Victoria F. Maroulis
                                      Michael T. Zeller
                                      Attorneys for SAMSUNG ELECTRONICS CO.,
                                      LTD., SAMSUNG ELECTRONICS AMERICA,
                                      INC., and SAMSUNG
                                      TELECOMMUNICATIONS AMERICA, LLC

---

[1] *See* Dkt. 498.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Apple's Mac OS X version 10.0 includes a user interface window that appears to automatically close a certain amount of time after a user stops providing input to the window. This makes it invalidating prior art to the '891 patent.

Samsung established in its first motion to compel on this subject[2] the relevance of Mac OS X version 10.0 and the need for production of this software on a fully functioning computer that could demonstrate the relevant features.  But Apple represented to Samsung prior to the hearing, and to the Court at the hearing, that it had just made a full production and on that representation the Court declined to rule on the issue, believing it moot.

Now, almost three weeks later, Apple has never provided a functioning computer that can demonstrate the features of Mac OS X version 10.0 and refuses to do so.

Samsung respectfully renews its prior motion and requests that the Court now enter the order it would have entered on December 22, compelling Apple to produce a Mac OS 10.0 computer with the feature Samsung wishes to inspect.

## II.  STATEMENT OF FACTS

Despite having told the Court it was "already produced" on December 16, Apple has still not produced the Mac OS 10.0 Operating System on a fully functioning computer, preventing Samsung from establishing the invalidity/unenforceability of Apple's U.S. Patent Number 7,853,891 ("the '891 patent") and narrowing the issues in this case.

Apple develops and maintains an operating system entitled Mac OS X.  Mac OS X version 10.0 includes a user interface window that appears to automatically close a certain amount of time after a user stops providing input to the window.  Specifically, when a user presses a hardware button to adjust the brightness of the monitor while using Mac OS X, a small brightness indicator window appears, displays the current brightness, and then disappears a few seconds later. The feature is here depicted:

---

[2]  *See* Dkt. 487

Apple released the first version of Mac OS X, version 10.0, on March 24, 2001 and the last update to version 10.0 on June 22, 2001.

The application for the '891 patent was filed on February 1, 2008, but claims priority to an application filed July 10, 2002.[3] The patent claims a window that automatically closes a certain amount of time after a user stops providing input to the window.  Claim 1 is representative:

> A method to display a user interface window for a digital processing system the method comprising:
> displaying a first window in response to receiving a first input from a user input device of the digital processing system which is capable of displaying at least a portion of a second window concurrently with the first window on a screen;
> starting a timer;
> and closing the first window in response to a determination that the timer expired;
> wherein the first window does not close in response to any input from a user input device of the digital processing system wherein the first window has been displayed independently from a position of a cursor on the screen.

The '891 patent appears to relate to a feature first appearing in a later version of Mac OS

---

[3] The application lists Imran Chaudhri and Bas Ording as inventors and was assigned to Apple. The '891 patent issued on December 14, 2010, more than eight years after its parent application was filed.

1  X, Mac OS 10.1, which was released a couple of months within the section 102(b) grace period.
2  For example, Figures 16 and 17 of the '891 patent depict a volume indicator window, with art that
3  was first released with Mac OS 10.1.  This fading window, which is the very display feature
4  contemplated by the '891 patent, opens when the user adjusts the volume on the computer's
5  speakers and fades out a few seconds later.



891 patent, Figure 16.

But during depositions of Apple's designers in October, Samsung realized this fading window feature might also be included in *Mac OS version 10.0, which was released well before the earliest possible priority date of the '891 patent.  See* Hutnyan Decl. Ex. A (Deposition of Bas Ording, at 149:17-24 ("Q. So when you developed the overlay feature, the one with the volume control and – and the brightness control . . . – that was implemented in Mac OS X . . . ?  A. Yes.")).

On November 1, Samsung specifically requested that Apple produce source code from Mac OS 10.0 that embodied the patent, as well as a functioning computer running the operating system.[4]  From the *very first request*, Samsung made clear to Apple that it was interested in Mac OS 10.0 because it was prior art to the '891 patent, and that it desired to inspect a computer that could demonstrate the features claimed in the patent.

This request then touched off a two-month shell game designed to avoid giving Samsung

---

[4] *See* Hutnyan Decl. Ex. B (Letter from M. Ducca to M. Mazza, 11-01-11).

the last piece of the puzzle that would invalidate the '891 patent.  In early November, Apple agreed to produce both the relevant source code and a functioning computer embodying the window feature but despite numerous discussions and follow-up correspondence, it never did.[5]  On November 15, Samsung even sent Apple screenshots of the "fading brightness window" to Apple to ensure there could be no confusion about the feature that needed to be visible.

Samsung moved to compel production of the Mac OS 10.0 source code and working computer on December 12, 2011.  At the end of the day before the hearing on the motion – and too late for Samsung to inspect the source code and computer before the hearing – Apple announced it was finally making available a set of code and a computer that it represented would satisfy Samsung's requests.  At the hearing, knowing Samsung was in no position to independently confirm or challenge Apple's representation, Apple represented to Samsung and to the Court that it had produced everything requested by Samsung's motion to compel.[6]  And, based on this representation, the Court determined that Samsung's motion was moot and declined to rule on the issue.

Following Apple's eleventh-hour production, Samsung discovered that although Apple had produced a computer running Mac OS X, contrary to Samsung's repeated, specific, detailed, and illustrated requests for a computer embodying a *very particular* feature, the computer that Apple produced was entirely incapable of producing the brightness adjustment window.[7]  Although the provided computer and monitor had a button for adjusting the brightness (it was etched with an iconized sun), it was entirely impossible to adjust the computer's brightness, much less produce

---

[5]  *See* Hutnyan Decl. Ex. C (Letter from M. Ducca to M. Mazza, 11-08-11; Letter from R. Kassabian to J. Bartlett, 11-08-1; Letter from M. Mazza to M. Ducca, 11-10-11; Letter from M. Mazza to R. Kassabian, 12-05-11  Letter from R. Kassabian to J. Bartlett, 11-15-11; Letter from R. Kassabian to M. Mazza, 11-20-11; Letter from R. Kassabian to M. Mazza, 12-03-11); *see also* Hutnyan Decl. ¶ 5.

[6]  *See* Hutnyan Decl. Ex. D (12.16.11 Tr. 45.5 (Counsel for Apple: "On Mac OS, *already produced*.") (emphasis added)); *see also id.* at Tr. 31:1-7 (Counsel for Samsung: "[J]ust yesterday Apple sent us a letter saying that they will produce the Superclock and a Mac code that we have been asking for.  And *assuming* that the code when you look at it actually is the code they represent it is, we don't think the Court needs to concern itself with that.") (emphasis added).

[7]  *See* Trac Decl. ¶¶1-5.

the window that Samsung had identified.[8]  Samsung immediately notified Apple of the deficiency in the production, but has been unable to obtain relief despite more letters and meeting and conferring.[9]  **Apple has never produced what it told the Court it had already produced.**

In an attempt to resolve the dispute, Samsung drafted a stipulation regarding an Apple Mac computer it acquired independently, to relieve Apple of the supposed burden of providing a functioning computer.  But instead of stipulating, revising, or even offering to discuss the draft, Apple rejected Samsung's offer wholesale.[10]  It is clear that Apple fully recognizes the invalidating nature of this evidence and will do anything to avoid its duty to produce.

## II.     LEGAL STANDARDS

A party is entitled to seek through discovery "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).  "A party may serve on any other party a request within the scope of Rule 26(b): (1) to produce . . . . (A) any designated documents . . . ; or (B) any designated tangible things." Fed. R. Civ. P. 34(a).

"[T]he moving papers [on a motion to compel] must detail the basis for the party's contention that it is entitled to the requested discovery and must show how the proportionality and other requirements of Fed. R. Civ. P. 26(b)(2) are satisfied." Civil Local Rule 37-2.

A party's promises to produce do not moot a motion to compel, and an order compelling production is perfectly appropriate (and, as it is here, necessary) to back up or expand on a party's vague promises of future production. "Either information has been disclosed or it has not been disclosed.  If it has not been disclosed, then, plainly, it remains to be compelled." *Lamoureux v. Genesis Pharmacy Services, Inc.*, 226 F.R.D. 154, 159 (D. Conn. 2004) (emphasis in original). *See also Mintz v. Dietz & Watson, Inc.*, 2008 WL 5147234 (S.D. Cal. Dec. 5, 2008) (granting motion to compel where defendant agreed to produce invoices, but full production had not been made and the late production had delayed a deposition); *Streck, Inc. v. Research & Diagnostic*

---

[8]  *See* Trac Decl. ¶¶4-5.
[9]  *See* Hutnyan Decl. Ex. E (Letter from M. Ducca to M. Mazza, 12-20-11).
[10] *See* Hutnyan Decl. Ex. G (Letter from J. Bartlett to M. Ducca, 01-02-12).

1  *Systems, Inc.*, 250 F.R.D. 426, 435 (D. Neb. 2008) (granting motion to compel where "defendants
2  ha[d] agreed to the production, but later refused" to comply).

3  III.    ARGUMENT

4       Apple's deception surrounding the production of a functioning computer running Mac OS
5  10.0 is pure discovery abuse.  Apple knows Mac OS 10.0 is prior art that will invalidate the '891
6  patent and that Samsung needs to see it running on a machine that included a brightness button
7  that would allow the timed brightness window to appear.  Not only did Apple manage to find and
8  produce a computer on which the brightness button *did not work*, but it did so just hours before the
9  last discovery hearing so it could misrepresent that its production was compliant and avoid a Court
10 order.  And now, weeks later, it still has not produced a properly functioning computer.

11      A party's failure to produce responsive materials "it knew existed" and choice to make
12 "blatant misrepresentations to the district court about [them]" constitute "willful and
13 contumacious" disregard of discovery obligations and Court orders.  *Chilcutt v. United States,* 4
14 F.3d 1313, 1322 (5th Cir. 1993).  Not only does Apple show no sign of ever producing that
15 computer, but every day of delay deprives Samsung of follow-up analysis and discovery, or of the
16 savings it could enjoy if the '891 patent were removed from this case.  The only way to prevent
17 further prejudice to Samsung is for the Court to either enter an order compelling Apple to produce
18 a Mac OS 10.0 compliant computer with a functioning brightness button or, alternatively,
19 establishing that Mac OS X, Version 10.0 includes the window as claimed in the '891 patent.

**CONCLUSION**

For the foregoing reasons, Samsung requests that the Court enter an order compelling Apple to produce a machine running the Mac OS 10.0 operating system with a functioning brightness button no later than January 22, 2012.

DATED: January 10, 2012

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ *Victoria F. Maroulis*
  Charles K. Verhoeven
  Kevin P.B. Johnson
  Victoria F. Maroulis
  Michael T. Zeller
  Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC