QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

  Kevin P.B. Johnson (Bar No. 177129
  kevinjohnson@quinnemanuel.com
  Victoria F. Maroulis (Bar No. 202603)
  victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065-2139
Telephone:    (650) 801-5000
Facsimile:     (650) 801-5100

  Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendant. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S MOTION TO ENFORCE VARIOUS COURT ORDERS REQUIRING THE PRODUCTION OF MATERIALS RELEVANT TO APPLE'S ASSERTED DESIGN PATENTS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: January 18, 2012<br>Time: 2:00 p.m.<br>Place: Courtroom 5, 4th Floor<br>Judge: Hon. Paul S. Grewal<br><br>**SUBMITTED UNDER SEAL** |

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION .................................................................................. 1

RELIEF REQUESTED ............................................................................................................ 1

SAMSUNG'S CERTIFICATION PURSUANT TO FED. R. CIV. P. 37(A)(1) ...................... 2

MEMORANDUM OF POINTS AND AUTHORITIES ......................................................... 3

I.     INTRODUCTION ....................................................................................................... 3

II.    STATEMENT OF FACTS .......................................................................................... 4

    A.   Apple Has Violated the Court's September 13 and December 22, 2010 Orders To Produce Relevant Sketchbooks ......................................................... 4

    B.   Apple Has Violated Three Court Orders Requiring The Production Of Certain MCOs, CAD Drawings, Documents, And Tangibles ................................ 6

    C.   Apple Has Violated The Court's December 22 Order to De-Designate Photographs of the Publicly Disclosed Features of the 035 Tablet Model ............... 8

    D.   Apple Has Violated The Court's November 16 Order to Identify Specifically Which Files Were Searched To Find Photographs Submitted to the PTO During Prosecution of the D'889 Patent ...................................................... 10

IV.    ARGUMENT ............................................................................................................. 11

CONCLUSION ....................................................................................................................... 13

02198.51845/4543833.2

-i-                                    Case No. 11-cv-01846-LHK
SAMSUNG'S MOTION TO ENFORCE VARIOUS COURT ORDERS REQUIRING PRODUCTION OF
MATERIALS RELEVANT TO APPLE'S ASSERTED DESIGN PATENTS

# NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on January 18, 2012 at 2:00 p.m., or as soon thereafter as the matter may be heard by the Honorable Paul S. Grewal in Courtroom 5, United States District Court for the Northern District of California, Robert F. Peckham Federal Building, 280 South 1st Street, San Jose, CA 95113, Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung") move the Court to enforce several of its discovery orders against Plaintiff Apple.

This motion is based on this notice of motion and supporting memorandum of points and authorities; the supporting declaration of Diane C. Hutnyan and exhibits attached thereto; and such other written or oral argument as may be presented at or before the time this motion is deemed submitted by the Court.

# RELIEF REQUESTED

Pursuant to Federal Rule of Civil Procedure 37, Samsung requests that the Court enforce its orders compelling discovery from Apple, including:

(1)     Enforce the September 13 and December 22, 2011 Orders requiring Apple to produce all relevant design inventor sketchbooks.

(2)     Enforce the July 13, 2011 Order requiring Apple to produce MCOs, CAD drawings, working prototypes, and physical models pertaining to the iPhone and iPad products.

(3)     Enforce the December 22, 2011 Order requiring Apple to produce all CAD Drawings pertaining to the 035 tablet.

(4)     Enforce the December 22, 2011 Order requiring Apple to de-designate the photographs taken by Samsung of the 035 tablet: APLNDC-X000005851-5887.

(5)     Enforce the November 16, 2011 Order requiring Apple to identify which custodians' files were actually searched to find the photographs submitted to the PTO during the prosecution of the D'889 patent.

**SAMSUNG'S CERTIFICATION PURSUANT TO FED. R. CIV. P. 37(a)(1)**

Samsung hereby certifies that it has in good faith conferred with Apple in an effort to obtain the discovery described immediately above without Court action and has complied with the Court's directive for in-person meet and confers on all these issues. Samsung's efforts to resolve these discovery disputes without court intervention are described in paragraph 15 of the declaration of Diane C. Hutnyan, submitted herewith.

DATED: January 10, 2012            QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ Victoria F. Maroulis
Charles K. Verhoeven
Kevin P.B. Johnson
Victoria F. Maroulis
Michael T. Zeller
Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

02198.51845/4543833.2

-2-     Case No. 11-cv-01846-LHK
SAMSUNG'S MOTION TO ENFORCE VARIOUS COURT ORDERS REQUIRING PRODUCTION OF MATERIALS RELEVANT TO APPLE'S ASSERTED DESIGN PATENTS

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.  INTRODUCTION

Apple has violated multiple court orders to avoid discovery into its design patents. It is now less than two months from the end of the expedited discovery period that Apple insisted on, and Apple shows no signs of relenting. Samsung here provides just a few examples of Apple's continuing misconduct:

- On September 13 and December 22, 2011, the Court ordered Apple to produce *all relevant* sketchbooks relating to the D'087, D'677 and D'889 design patents. But Apple refuses to search for and produce any sketchbooks dated before 2003, even though it has conceded that January 1, 2002 is an appropriate earlier cut-off for searches of the design inventors' electronic documents based on a conception date of September 3, 2003 for the D'889 patent.

- On July 18, 2011, the Court issued an order regarding preliminary injunction discovery that authorized Samsung to seek evidence relevant to infringement and validity. Samsung served requests for production on these issues and Apple was under an obligation to produce highly relevant documents and things such as Mechanical Outlines ("MCOs"), CAD drawings, prototypes and models *by early August*. Now, months later, Apple has admitted that "thousands" of models were never produced. Though it now belatedly promises to abide by this Court's orders requiring production of these items, it has not produced them. Apple was also required by two additional orders (September 13 and December 22) to produce CAD files, yet it has still failed to produce the native CAD files that match the 035 model. And Apple still refuses to produce MCOs, even though they are critical development documents that likely contain significant evidence of functionality, among other subjects.

- On December 22, 2011, the Court ordered Apple to de-designate photographs taken by Samsung of Apple's 035 tablet mockup. These photographs disclose no features

1  of the device that Apple itself did not include in its own public PTO filing for the
2  D'889 patent. Yet Apple has not de-designated any of them.

3  - On November 16, 2011, the Court ordered Apple to specifically identify which
4  files were searched to find the photographs submitted to the PTO during
5  prosecution of the D'889 patent. Apple represented that all electronic files related
6  to the D'889 patent had been searched. As it turns out, there are CDs containing
7  electronic files that apparently were never searched.

8  There is a distinct pattern here. In defiance of Court orders, Apple is withholding these
9  sketchbooks, CAD drawings, documents, prototypes and photographs because they are highly
10 relevant to the design patents Apple is asserting. Apple's refusal to abide by the Court's orders
11 allows it to pursue and develop its case while depriving Samsung of follow-up discovery it might
12 conduct if it had the same access. Samsung obtained relief from this Court as to several key
13 pieces of evidence only to find that Apple will not produce it. Samsung therefore asks the Court
14 to enforce its prior discovery orders and compel Apple's compliance by a date certain no later than
15 January 22, 2012, with respect to these items.

16 II.   STATEMENT OF FACTS

17    A.   <u>Apple Has Violated the Court's September 13 and December 22, 2010 Orders To
18         Produce Relevant Sketchbooks</u>

19 This Court's September 13, 2011 Order required that Apple produce all sketchbooks
20 relating to the four patents at issue in Apple's preliminary injunction motion, including the D'087,
21 D'677 and D'889 design patents, by no later than September 30, 2011.[1] Samsung needed these
22 documents months ago to adequately review them and question Apple's design inventors on the
23 sketches contained therein. Instead, Samsung received only incomplete portions of a small subset
24 of Apple's design sketchbooks in advance of the design inventor depositions.

---

[1] *See* Dkt. 233 at 2.

Samsung moved on December 12 for a more complete production of all inventor sketchbooks relevant to the case, including the missing information from the sketchbooks subject to the September 13 Order.[2]  The Court agreed, and its December 22 Order required Apple to re-scan and produce all relevant inventor sketchbooks no later than December 31, 2011.[3]  The Court did not allow Apple to arbitrarily pick a date range for this production, but required *all* relevant sketchbooks to be produced.[4]

Apple continues to disregard the Court's clear directive.  Instead of searching its inventory for sketchbooks that meet the controlling relevance standard, Apple has unilaterally declared it will not search for or produce sketchbooks dated before January 1, 2003.[5]  Apple has done so even thought it also has conceded that electronic searches of the design inventors' documents should include documents from *2002* based on the alleged September 3, 2003 conception date for the D'889 patent.[6]  Yet it has provided no explanation of how design inventors' sketches in the 2002 time period could be irrelevant, while their emails and other documents in the same time period would be relevant.  Nor has it represented that no relevant tablet sketches were created before the arbitrary date that Apple has purported to unilaterally impose on the requirements of this Court's order.[7]  Apple's fundamentally inconsistent position on this issue, offered in defiance of the prior order compelling production, suggests that there are simply some sketches Apple would rather Samsung's counsel never see, and that it will not produce without further Court intervention.

Furthermore, even the sketchbooks that Apple has produced are not in compliance with its discovery obligations.  Though Samsung understood these sketchbooks were to be redacted, at the Lead Counsel Meet and Confer on January 5, 2012, Samsung learned for the first time that it was

---

[2] *See* Dkt. 467-01 at 15-16.
[3] *See* Dkt. 536 at 4.
[4] *See* id. at 4-5.
[5] *See* Hutnyan Decl. Ex. A (Letter from M. Mazza to D. Hutnyan on 12-24-11).
[6] *See* Dkt. 487-21.
[7] In contrast, Samsung has not used any date restriction for its sketchbook production so as to ensure it captures all relevant sketches.

Apple outside counsel that decided, independently, which sketches to redact.[8] Apple's counsel could not have done so accurately, given that these sketches often are impossible to decipher by anyone other than the designers, as these sketches do not necessarily resemble a particular final product. This too reflects a lack of good faith in Apple's conduct in the wake of this Court's discovery orders.

B. <u>Apple Has Violated Three Court Orders Requiring The Production Of Certain MCOs, CAD Drawings, Documents, And Tangibles</u>

The MCOs, CAD drawings, prototypes and physical models that Samsung seeks relate to Apple's D'087, D'677 and D'889 design patents, which were at issue in Apple's motion for a preliminary injunction. Samsung's requests for production in connection with that motion requested, among other things, all materials related to the conception and reduction to practice of the design patents at issue.[9] Apple was therefore required to produce materials responsive to Samsung's requests pertaining to the invalidity or infringement of the D'087, D'677 and D'889 patents *by early August* pursuant to the Court's July 18 Order setting the preliminary injunction discovery schedule.[10] Additionally, this Court confirmed that Samsung's discovery request for these materials was valid by issuing an order on September 13, 2011 requiring Apple to produce CAD files that related to the conception and reduction to practice of the patents at issue.[11]

Yet, through Autumn, Apple made no such production, implicitly representing it possessed no responsive materials. Then, at the December 1, 2011 deposition of Apple designer Jonathan Ive, Mr. Ive revealed in response to Samsung's questioning that Apple had in its possession previously undisclosed MCOs, CAD drawings and other documents related to the conception and reduction to practice of the design patents asserted in the PI motion, as well as to the design and development of the iPhone and iPad products Apple contends embody those patents. During this

---

[8] *See* Hutnyan Decl. ¶11.
[9] *See, e.g.,* Hutnyan Decl. Ex. B (Samsung's Requests for Production of Documents and Things Relating to Apple Inc.'s Motion for a Preliminary Injunction, Request No.1.)
[10] *See* Dkt. 115.
[11] *See* Dkt. 233 at 2.

deposition, Mr. Ive testified that Apple prepared MCOs and CAD drawings in designing and developing the iPhone and iPad products.[12] Mr. Ive also testified that Apple created additional models and mockups — called "small samples" — of particular pieces contemplated in the design process for these products.[13] Finally, Samsung learned from Mr. Ive that Apple developed physical models of alternate iPhone designs, as well as working prototypes of phones and tablets.[14]

In response to Samsung's inquiries after that deposition, Apple finally admitted that many of those items had never been produced. On December 24, 2011, Apple announced that it "*plans to produce* all models and CAD relating to iPhone, iPad, and iPod touch, regardless of date, other than those relating to unannounced products."[15] On January 5, 2012, Apple stated that it "*will produce* per Judge Grewal's December 22 order, all models, partial models, and parts relating to announced iPhone, iPod touch, and iPad products by *January 15, 2012.  These models will number in the thousands.*  Apple *anticipates* it *will be able to produce* MCO data, if any, relating to the external appearance of products that are the subject of asserted patents *by January 31.*"[16] And on January 7, 2012, Apple stated "Apple *agrees to produce* MCO data relating to the external appearance of products that are the subject of asserted patents and that it is able to locate after a reasonable search, *by January 31, 2012*."[17] Not only were these relevant tangibles withheld, and continue to be withheld, but Apple's January 5 letter falsely suggested that they were being produced in compliance with the Court's December 22 order, rather than pursuant to the July 2011 Order that had, in fact, compelled their production long ago.

---

[12] See Hutnyan Decl. Ex. C (December 1, 2011 Deposition of Jonathan Ive, Tr. 21:4-28:25).
[13] See id at Tr. 29:10-33:7.
[14] See id at 62:3-69:18; 168:14-169:13).
[15] See Hutnyan Decl. Ex. A (Letter from M. Mazza to D. Hutnyan, 12-24-11 (emphasis added).
[16] See Hutnyan Decl. Ex. D (Letter from J. Bartlett to D. Hutnyan, 1-5-12) (emphasis added).
[17] See Hutnyan Decl. Ex. E (Letter from M. Mazza to C. Verhoeven, 1-7-12) (emphasis added).

What the December 22 Order did require, however, was the production of "any CAD files connected to the 035 tablet no later than December 31, 2011." And Apple violated that Order too. Samsung's lawyer set up review sessions and travelled to the escrow facility several times to see the 035 CAD files that supposedly had been produced. After two unsuccessful visits and four emails asking Apple to identify where the files were located on the computer, on Saturday, January 7, 2012, Apple finally admitted that the 035 CAD files were not visible at the escrow facility and that it would send over .pdf files instead.[18] Past 10:00 p.m. on Saturday, January 7, 2012, some .pdfs were produced, but despite Samsung's request, Apple did not provide any filepath or metadata information, much less any identification at all, so it is not at all clear whether this relates to the 035 tablet.[19] Even so, .pdfs are not CAD files. This Court ordered *four months ago* that these CAD files were to be produced by September 30, 2011 and ordered it again in December. Samsung still does not have access to them.

### C. Apple Has Violated The Court's December 22 Order to De-Designate Photographs of the Publicly Disclosed Features of the 035 Tablet Model

On October 20 and November 1, 2011, Samsung inspected various Apple tablet models, including the 035 mockup, and took photographs of these items. Although Apple had admitted that photos of the 035 mockup were sent to the United States Patent and Trademark Office (USPTO) in connection with the D'889 patent application and thus became a matter of public record, Apple designated Samsung's photographs as "Highly Confidential – Attorneys' Eyes Only" so as to prevent Samsung from uses of the photographs consistent with their public nature.

On December 22, 2011, the Court ruled that "Apple [] may maintain its confidentiality designation on *only those photos* that display details or aspects of the tablet mockups that were not disclosed in the earlier patent filings," and that but for a few of Samsung's photos, "no additional details appear to be revealed by the majority of Samsung's photos."[20] The Court further

---

[18] *See* Hutnyan Decl. Ex. F (Letter from J. Bartlett to D. Hutnyan on 1-8-12).
[19] *See* Hutnyan Decl. ¶ 12.
[20] *See* Dkt. 536 at 3 fn. 3

emphasized that "the burden of establishing the proprietary nature of any of the photos at issue is squarely on Apple."[21]

To date, despite this Court's ruling, Apple has not de-designated any photographs, and it continues to maintain meritless objections to waste Samsung's time and money fighting inevitable de-designation.[22] For example, up through the lead counsel meet-and-confer, Apple refused to de-designate several photos on the basis that the rulers or other indications of scale that also appear in the photographs display proprietary information about the size of the mockup, when it had admitted that the images of the device itself do not display proprietary information.[23] This is completely frivolous, as the photographs sent to the PTO showed the device being held by a person, and thus disclosed the size of the device long ago.[24] Moreover, even assuming the possibly higher quality of the photos taken by Samsung,[25] Samsung's photos reveal no additional information or technical detail regarding the device that is not already public. The only detail Apple has ever identified as a basis for designating the photos as confidential is the vent feature around the rim of the front of the device. But this detail is clearly visible even in the grainy scans from the PTO's files.[26] Apple has failed to meet its burden of justifying any confidentiality designation for these photos.

On Sunday, January 8, 2012, at 5:30 p.m., Apple belatedly "agreed" to produce de-designated redacted copies of these photographs, but no de-designation has actually happened.[27]

---

[21] *See id.* fn. 3.
[22] *See* Hutnyan Decl. ¶ 13.
[23] *See* Hutnyan Decl. ¶ 14.
[24] *See* Hutnyan Decl. Ex. G (Photographs of the 035 Tablet Mockup, Bates Range APLNDC-X0000006126-6127)
[25] It is of course not established that Samsung's photos are any higher quality than what Apple submitted to the PTO. Apple still has not produced copies of the original photographs it submitted in its patent filings, and the only copies of photos available to date are scans of scans that the parties have obtained from the PTO's files. Apple obviously should not be rewarded for its failure with any favorable inferences with regard to the extent or details of what the photographs publicly filed with the PTO disclosed.
[26] *See id.* at APLNC-X0000006124.
[27] *See* Hutnyan Decl. ¶ 13.

### D. Apple Has Violated The Court's November 16 Order to Identify Specifically Which Files Were Searched To Find Photographs Submitted to the PTO During Prosecution of the D'889 Patent

On October 28, 2011, Samsung moved to compel Apple to produce the best available photographs of the model submitted to the PTO during prosecution of the D'889 patent.[28] The Court granted the motion on November 16, 2011, requiring Apple to identify, among other things, which custodians' files had been searched.[29] In response, Apple sent a letter to Samsung stating that "the entire file that Beyer Weaver possessed relating to the prosecution of the D'889 Patent" was transferred to the Sterne Kessler firm.[30] Apple also represented that Tracy Durkin of Sterne Kessler had searched these "electronic and paper files relating to the D'889 Patent" and that "Apple acquired from Ms. Durkin the best copies of the photographs that were present in the file."[31] But in her deposition, Ms. Durkin claimed that she had no obligation to search for documents responsive to Samsung's requests in this case because she was not subject to personal jurisdiction in San Jose.[32] And more recently, Samsung has become aware that there are several CDs containing materials potentially relevant to the prosecution of the D'889 patent that were apparently never searched.

## III. LEGAL STANDARDS

Pursuant to Fed. R. Civ. Pro 37, a district court has authority to issue and enforce orders to compel discovery. "It has long been held that the Federal Courts possess the inherent power to order discovery and inspection." *United States v. Bender*, 331 F. Supp. 1074, 1075 (C.D. Cal.

---

[28] *See* Dkt. 346.
[29] *See* Dkt. 398 at 3.
[30] Hutnyan Decl. Ex. H (Letter from J. Bartlett to R. Kassabian, 11-28-11)
[31] *Id.*
[32] *See* Hutnyan Decl. Ex. I (October 7, 2011, Deposition of Tracy Durkin, Tr. 103:16-104:5.) ("Q. Did you think, as an attorney, as an officer of the court, you had any kind of obligation to look for documents in response to the subpoena? A. ***I'm not subject to personal jurisdiction in San Jose, California.***  Q. So the answer is, no, you did not believe you had any obligation to search for and produce documents in response to these requests for production; is that true? MS. YOHANNAN: Objection, it mischaracterizes the witness's testimony. BY MR. ZELLER: Q. Is that true? A. ***I don't believe I did.***") (emphasis added).

02198.51845/4543833.2

-10-   Case No. 11-cv-01846-LHK
SAMSUNG'S MOTION TO ENFORCE VARIOUS COURT ORDERS REQUIRING PRODUCTION OF MATERIALS RELEVANT TO APPLE'S ASSERTED DESIGN PATENTS

1971) *(quoting Peek v. United States,* 321 F.2d 934, 942 (9th Cir. 1963), cert. denied 376 U.S. 954, 84 S.Ct. 973, 11 L.Ed.2d 973 (1964)).

IV.   ARGUMENT

***Sketchbooks****.* — Apple's design inventor sketchbooks, which detail the conception and reduction to practice of Apple's asserted design patents, including the D'087, D'677 and D'889 patents, are key documents that are vital to Samsung's defenses of invalidity and non-infringement and should have been produced months ago and before all the design inventors' depositions were taken.  Yet, despite the Court's September 13 and December 22 orders requiring their production, Apple continues to withhold sketchbooks dated before January 2003 by imposing its own unilateral, arbitrary date restriction on its Court-ordered production obligations.  Apple also continues to improperly withhold certain redacted pages of the produced sketchbooks based on the guesses of outside counsel rather than the knowledgeable design inventors themselves.  While Apple demands draconian deadlines be applied to Samsung on production of hundreds of thousands of pages from three continents over the winter holidays, it has continued to resist production of far fewer pages of highly relevant sketchbooks for months.

***Conception and Reduction to Practice Materials.*** — Apple's admitted failure to produce "thousands" of CAD drawings, prototypes and physical models as well as MCOs pertaining to all iPhone, iPad and iPod Touch products constitutes multiple violations of the Court's July 18 Order, as well as (with respect to the 035 CAD files) the Court's September 13 and December 22 Orders. These items all should have been produced months ago, during preliminary injunction discovery and before the design inventor depositions.  Nor should this Court accept Apple's belated promises to comply as sufficient to avoid a clear, unequivocal order enforcing compliance.  To ensure there is no further defiance or delay by Apple, the Court should compel Apple's full obedience to produce these documents and models by an immediate date certain.  Apple is in no position to dispute that it must comply immediately.  Not only is discovery expedited in this

02198.51845/4543833.2

-11-    Case No. 11-cv-01846-LHK
SAMSUNG'S MOTION TO ENFORCE VARIOUS COURT ORDERS REQUIRING PRODUCTION OF
MATERIALS RELEVANT TO APPLE'S ASSERTED DESIGN PATENTS

litigation and the cut-off is approaching, but Apple has asserted that even short extensions of existing Court-ordered deadlines will cause prejudice.[33]

***De-designation of Photographs.*** — In failing to de-designate any photographs of the 035 model or establish even a reasonable argument for their designation, Apple is deliberately continuing to violate the Interim Protective Order[34] and the Court's December 22 Order by concealing information that cannot arguably be considered proprietary. The images show information previously disclosed to the PTO, and the indications of "size" are not proprietary, as the size of the object was disclosed to the PTO as well. Moreover, ==even the close-up images merely show the vent== that is visible in other images submitted to the PTO.[35] The Court should order the de-designation of these photos immediately as Apple has presented no good faith basis not to do so.[36] *Lockheed Martin Corp. v. Boeing Co.*, 6:03CV796 ORL28KRS, 2005 WL 5278461 (M.D. Fla. Jan. 26, 2005) (in making designations under a protective order, "counsel shall *in good faith* attempt to designate documents properly at the time of production") (emphasis added).

***Search for Photographs Submitted to the PTO.*** — Apple's representations about the supposedly thorough search conducted for photographs appears to be false. Samsung requests that

---

[33] *See* Dkt. 565 at 1, 5 (Apple's Opposition to Samsung's Administrative Motion to Extend Time.)
[34] *See* N.D. Cal Patent Local Rule 2-2 Interim Model Protective Order, section 5.1 ("Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.")
[35] *See* Hutnyan Decl. Ex. G (Photographs of the 035 Tablet Mockup, Bates Range APLNDC-X0000006124)
[36] The photos Samsung previously sought to be de-designated are APLNDC-X000005851-5887. *See* Dkt. 487-4 (submitted under seal).

02198.51845/4543833.2

-12-                                                   Case No. 11-cv-01846-LHK
SAMSUNG'S MOTION TO ENFORCE VARIOUS COURT ORDERS REQUIRING PRODUCTION OF MATERIALS RELEVANT TO APPLE'S ASSERTED DESIGN PATENTS

1  the Court order the immediate production of all relevant files found on the CDs.  In addition to the
2  photos submitted to the PTO, these CDs may well contain documents responsive to a number of
3  Samsung's requests, including those asking for MCOs, CAD drawings, prototypes and other
4  tangibles related to Apple's design patents or the products that embody those inventions.

## CONCLUSION

Court Orders compelling discovery apparently mean little to Apple.  When a party is "forced to file a second motion to seek to compel [a party] to do what the court had already ordered that they must do" that party's "behavior is inexcusable."  *Kipperman v. Onex Corp.*, 260 F.R.D. 682, 693 (N.D. Ga. 2009).  Samsung needs all these materials produced immediately in order to prepare its case and respectfully asks the Court to enforce its prior orders and to require full compliance no later than January 22.

For the foregoing reasons, Samsung requests that the Court enforce its standing discovery orders as requested herein.

DATED: January 10, 2012               Respectfully submitted,

QUINN EMANUEL URQUHART &
SULLIVAN, LLP


By/s/ *Victoria F. Maroulis*
Charles K. Verhoeven
Kevin P.B. Johnson
Victoria F. Maroulis
Michael T. Zeller
Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC