QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>        Plaintiff,<br><br>    vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>        Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**DECLARATION OF BRETT ARNOLD IN SUPPORT OF SAMSUNG'S MOTION FOR CLARIFICATION REGARDING THE COURT'S DECEMBER 22, 2011 ORDER (DKT NO. 535)**<br><br>Date: January 18, 2012<br>Time: 2:00 pm<br>Place: Courtroom 5, 4th Floor<br>Magistrate Judge Paul S. Grewal<br><br>SUBMITTED UNDER SEAL CONTAINS CONFIDENTIAL INFORMATION |

I, Brett Arnold, declare:

1. I am an associate in the law firm of Quinn Emanuel Urquhart & Sullivan, LLP, counsel for Samsung Electronics Co., Ltd., Samsung Electronics America, Inc. and Samsung Telecommunications America, LLC (collectively, "Samsung"). I have personal knowledge of the facts set forth in this declaration and, if called upon as a witness, I could and would testify as follows.

2. On September 20, 2011, during preliminary injunction discovery, counsel for the parties conducted a meet and confer in which Samsung offered a compromise that would allow Mr. Sherman to see CAD files, inventor notebooks, the deposition transcript of Christopher Stringer (who was the only design inventor to have been deposed by that time), and Apple's presentations showing that certain design features are functional. Apple rejected this compromise.

3. On January 5, 2012, lead trial counsel met and conferred. I am informed that at the meeting, counsel for Samsung indicated that it would like to show Mr. Sherman several additional categories of design documents. Counsel for Apple indicated that it would consider the categories that Samsung would provide. On January 10, 2012, counsel for Apple indicated without explanation that Apple would limit Mr. Sherman's access to the categories identified in Magistrate Judge Grewal's order. I immediately inquired as to Apple's reasons for this decision. As of the time of filing, counsel for Apple had not responded.

4. On January 5, 2012, Apple stated in a letter that it had "thousands" of models and parts relating to its products that it would make available for inspection.

5. On December 24, 2011, Apple confirmed in a letter from its counsel to counsel for Samsung that it was running a number of basic design search terms through its designers' emails and files, and was beginning to produce the results on a rolling basis. By agreement between the parties, these documents were due to be produced prior to the depositions of Apple's designers back in October 2011. Even now, the parties continue to negotiate over the terms and delimiters Apple is using on many of these design search terms.

6. Attached hereto as Exhibit A is a true and correct copy of a March 2010 email

1  between Apple designers, marked during an Apple design inventor deposition as Stringer Exhibit
2  1168.

3      7.  Attached hereto as Exhibit B is a true and correct copy of an April 2006 email from
4  Richard Howarth, marked during an Apple design inventor deposition as Howarth Exhibit 1133.

5      8.  Attached hereto as Exhibit C is a true and correct copy of an Apple report marked
6  during an Apple design inventor deposition as Stringer Exhibit 49.

7      9.  Attached hereto as Exhibit D is a true and correct copy of an Apple report marked
8  during an Apple design inventor deposition as Whang Exhibit 1072.

9      10. Attached hereto as Exhibit E is a true and correct copy of photographs, marked
10  during an Apple design inventor deposition as Kerr Exhibit 1039.

11      11. Attached hereto as Exhibit F is a true and correct copy of photographs, marked
12  during an Apple design inventor deposition as Satzger Exhibit 1173.

13      12. Attached hereto as Exhibit G is a true and correct copy of the Reply Declaration of
14  Christopher Stringer in Support of Apple's Motion for a Preliminary Injunction (submitted under
15  seal on September 30, 2011), marked during an Apple design inventor deposition as Stringer
16  Exhibit 1161.

17      13. Attached hereto as Exhibit H is a true and correct copy of a patent that was marked
18  on by an Apple designer during deposition and labeled Coster Exhibit 1101.

19      14. Attached hereto as Exhibit I is a true and correct copy of a patent that was marked
20  on by an Apple designer during deposition and labeled Howarth Exhibit 1132.

21      15. Attached hereto as Exhibit J is a true and correct copy of a drawing made during a
22  deposition by an Apple designer and marked as Stringer Exhibit 47.

23

24      I declare under penalty of perjury that the foregoing is true and correct.  Executed in
25  Redwood Shores, California on January 10, 2012.

26

27      /s/ Brett Arnold

28

**GENERAL ORDER ATTESTATION**

I, Victoria Maroulis, am the ECF user whose ID and password are being used to file the foregoing document.   I hereby attest pursuant to General Order 45.X.B. that concurrence in the electronic filing of this document has been obtained from Brett Arnold.

                                        /s/ Victoria Maroulis