QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendant. | CASE NO. 11-cv-01846-LHK<br><br>**DECLARATION OF HANKIL KANG IN SUPPORT OF SAMSUNG'S OPPOSITION TO MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND THINGS**<br><br>Date:   January 19, 2012<br>Time:   10:00 a.m.<br>Place:   Courtroom 5, 4th Floor<br>Judge:   Hon. Paul S. Grewal<br><br>SUBMITTED UNDER SEAL<br>CONTAINS CONFIDENTIAL INFORMATION |

I, Hankil Kang, do hereby declare as follows:

1. I am Legal Counsel at Samsung Electronics Co., Ltd. I submit this Declaration in support of Samsung's Opposition to Apple's Motion to Compel Production of Documents and Things ("Motion to Compel"). I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would competently testify to them.

2. I have reviewed Apple's Motion to Compel and the accompanying proposed order.

### Apple's Requests Relating to Technical Documents

3. Apple has requested documents sufficient to show which versions, updates or changes/modifications included the accused functionalities, and when such versions, updates or changes/modifications were implemented or incorporated into the accused products. I understand that this request is not limited to changes to the accused features, but instead covers any versions, updates or changes/modifications to the operating systems or applications that include the accused functionalities, regardless of whether the changes were made specifically to the accused features.

4. I understand that there can be literally hundreds of different versions, updates and changes/modifications that have been released or incorporated into the operating system, software or programs used to control the touchscreens, or applications that include the accused features, such that it will be unduly burdensome to identify each and every one of these versions, updates and/or changes in a short amount of weeks.

5. For example, for the "bounceback" feature, just one of the features accused by Apple, there are hundreds of versions and updates for the source code and the various phone models, since source code is continuously updated. I understand that the operating systems and/or applications incorporating the "bounceback" feature have been updated multiple times.

6. For the operating systems or applications incorporating the bounceback feature, these different versions, updates and/or changes are not necessarily stored in any central location, nor does Samsung maintain a document that logs such versions, updates and/or changes and where such modifications are stored. Samsung engineers also do not necessarily track every single version with a new version number. In order to locate even just documents "sufficient to show," we would have to conduct interviews with dozens of Samsung engineers responsible for each of

the accused applications as well as engineers responsible for changes or updates to the operating system in order to determine whether such information is stored in a central location or has been retained elsewhere.  Then, we would then have to expend a significant amount of time and resources collecting the information regarding each version, update or change—including versions, updates or changes for operating systems or applications that have nothing to do with the accused functionalities.

7. This process would have to be repeated for each of the other features accused by Apple of infringement.  Although we have already started to collect this information, I do not believe that this process can be completed by Apple's deadline of January 23, 2012.  This is particularly true in light of the upcoming Korean New Year holiday, which falls on that date.  It is a national holiday, and Samsung will be closed that day (as will nearly all businesses in Korea).  Additionally, many employees take holidays around that time period.

### Apple's Requests Relating to Design Documents

8. Apple has demanded sketchbooks, CAD drawings (or other schematics used by Samsung in designing its products) and physical models depicting designs created on or after January 1, 2000, that depict designs for *any* Samsung mobile phone product, tablet product, or touchscreen digital media player worldwide—i.e. all accused and unaccused products—regardless of where sold, whether for a final design or an alternative design that was not commercially released.

9. This request will be effectively impossible to satisfy.  Since 2000, Samsung has commercially released more than 4,000 mobile phones, tablet products and touchscreen digital media players worldwide.  This number does not include hundreds (if not thousands) of other designs that since 2000 were either in the planning and development stages, but never commercially released.  In the United States alone, during the last seven years Samsung has released nearly 400 mobile phone and tablet products of varying design and features.

10. To even attempt to comply with such a request, Samsung would need to identify and interview the hundreds of industrial designers responsible for those products going back 12 years, locate any industrial designers who have left the company since 2000, and locate and collect

1 sketchbooks, CAD drawings and physical models for thousands of products that are not even
2 accused in this lawsuit.
3     11.    It is nearly impossible to estimate just how long it would take Samsung to even
4 attempt to comply with such a sweeping discovery demand.  If I had to offer an estimate, I suspect
5 that it would take several months of full-time work by several Samsung in-house attorneys to
6 ensure a substantially complete production.  If would also severely hamper our ability to continue
7 our industrial design business operations, as our compliance efforts would require our designers to
8 cease their regular work activities for many days or weeks to assist the legal team in such
9 collection efforts.  Such a burdensome undertaking would effectively shut down the design group,
10 which would have significant business repercussions since it would delay business operations and
11 halt design and development projects.
12     I declare under the penalty of perjury under the laws of the United States of America that
13 the forgoing is true and correct to the best of my knowledge.
14     Executed this 18th day of January, 2012, at Suwon, South Korea.

                                                                     HANKIL KANG

**General Order 45 Attestation**

I, Victoria F. Maroulis, am the ECF user whose ID and password are being used to file this Declaration. In compliance with General Order 45(X)(B), I hereby attest that Hankil Kang has concurred in this filing.

*/s/ Victoria Maroulis*