QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**DECLARATION OF MELISSA N. CHAN IN SUPPORT OF SAMSUNG'S OPPOSITION TO APPLE'S MOTION TO COMPEL DISCOVERY RELATING TO APPLE'S AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**<br><br>Date: January 19, 2012<br>Time: 10:00 a.m.<br>Place: Courtroom 5, 4th Floor<br>Judge: Hon. Paul S. Grewal<br><br>**SUBMITTED UNDER SEAL CONTAINS CONFIDENTIAL INFORMATION** |

I, Melissa N. Chan, declare:

1. I am an associate in the law firm of Quinn Emanuel Urquhart & Sullivan, LLP, counsel for Samsung Electronics Co., Ltd., Samsung Electronics America, Inc. and Samsung Telecommunications America, LLC (collectively, "Samsung"). I am licensed to practice law in the State of California. I submit this declaration in support of Samsung's Opposition to Apple's Motion to Compel Discovery Relating to Apple's Affirmative Defenses and Counterclaims. I have personal knowledge of the facts set forth in this declaration, except as otherwise noted, and, if called upon as a witness, I could and would testify to the following facts.

2. From October 19, 2011 to December 21, 2011, the parties' non-lead trial counsel have met and conferred via lengthy telephonic conference calls on a weekly basis, except for the week of Thanksgiving. The parties have also exchanged dozens of meet and confer letters during this period and until the present.

3. During the course of these meet and confer conferences, in the interests of transparency, the parties have agreed to report to each other regarding the custodians each party searches and the search terms it uses in conducting searches for responsive documents. Samsung also has agreed to consider reasonable requests by Apple to apply additional search terms. When Apple has raised specific questions about Samsung's methodology in performing its searches, Samsung has provided detailed written responses outlining the steps it has taken to fulfill its discovery obligations.

4. The parties' lead counsel attended an in-person meet and confer conference on January 5, 2012, during which several of the issues below were discussed.

**Samsung's Production of Documents from Inventors' Custodial Files**

5. On December 1, 2011, Samsung served its First Amended and Supplemental Identification of Custodians, Litigation Hold Notices and Search Terms. In that disclosure, Samsung listed in detail the search terms that were used to collect documents from the inventors of the Samsung patents-in-suit.

6. Without disclosing or waiving the privilege covering attorney/client communications or work product, I am informed and believe that both Samsung's in house

counsel and its outside counsel have been extensively involved in the collection, review, processing and production of documents and things sourced to the inventors of the Samsung patents in suit.   Among other things, attorneys at Quinn Emanuel have helped to craft search terms, have investigated where responsive documents might be located, have personally interviewed the inventors (both by phone and in person), and have quality-checked the inventors' collection efforts in face-to-face meetings.   In addition to interfacing directly with the inventors, Samsung's outside counsel also interfaced with and advised Samsung's in house counsel regarding these inventor document collections.

7.   According to our records, to date, Samsung has produced over 122,000 pages of documents sourced to the inventors of the Samsung patents-in-suit.   In addition to these documents, Samsung also has produced source code collected from the inventors, as well as source code and other things relating to the Samsung patents-in-suit or the inventors that were collected from Samsung's central servers.

8.   The parties exchanged meet and confer correspondence regarding Samsung's inventor document collection on various dates in December 2011 and January 2012.   Attached hereto as Exhibit 1 is one recent meet and confer letter from Samsung's counsel, in which Samsung answered various questions Apple had raised and confirmed the adequacy of its search efforts.

9.   It is Samsung's position that the additional search terms Apple has proposed that Samsung run are unnecessary, overbroad and irrelevant.

10.   For example, Apple insists that Samsung run the following searches on the files of the '941 inventors: "25.212" or "25.322"; "TSG RAN Working Group2," "TSGR2," or "WG2"; "header" near5 ("PDU" or "protocol data unit") or ("RLC" or "radio link control" near5 "PDU" or "protocol data unit"), "Voice over internet," "Voice over IP," "VoIP," "VOIP," "segment*," "concatenat*," "padding," "frame alignment," ("header" near5 "efficiency"), "ebit," "e-bit," "length indicat*," ("segment" near5 ("SDU" or "service data unit")), and ("entir*" or "complet*") near5 ("SDU" or "service data unit")).

11.   These search terms were run against the hard drives for two of the '941 patent

inventors, Gert-Jan Van Lieshout and Himke Van Der Velde.   I am informed and believe that these searches retrieved nearly one-third of the entire volume of files on these inventors' computers – specifically 17,085 files out of a total 63,566 files.

12.   Apple's proposed search terms also were run against the email files for these two '941 patent inventors.   I am informed and believe that these searches retrieved more than one-third of the entire volume of emails on these inventors' computers – specifically, 207,260 emails out of a total of 609,667 emails.

13.   I am informed and believe that based on a review of a random sampling of 100 documents that matched Apple's overly broad search terms, we discovered that none of the results were relevant to the invention described in the '941 patent.   ==For example, the reviewed documents related to one of the hundreds of other 3GPP contributions relating to RLC PDU size, VoIP enhancements, or follow-up optimizations to the alternative E-bit interpretation.   Many of these contributions were authored by parties other than Samsung well after Samsung's contribution was made and adopted by the 3GPP working group.==   These documents are in no way related or relevant to the invention described in the '941 patent.   This review confirms Samsung's position that Apple's search terms are overly broad and not adequately tailored to yield relevant or responsive documents.

14.   Attached as Exhibit 2 is a true and correct copy of Apple's letter dated November 2, 2011, describing Apple's procedures for document collection.

15.   At the parties' lead counsel meet and confer conference on January 5, 2012, Apple's counsel stated that Apple refused to run the search term "Android" requested by Samsung because the search term resulted in hundreds of thousands of hits.

**Licensing and Standard Setting Organization Documents**

16.   Attached as Exhibit 3 is a true and correct copy of Samsung's 2010 Annual Report, at http://www.samsung.com/us/aboutsamsung/ir/financialinformation/annualreport/downloads/2010/SECAR2010_Eng_Final.pdf.

17. Attached as Exhibit 4 are true and correct copies of pages from ETSI's website at http://www.etsi.org/WebSite/AboutETSI/AboutEtsi.aspx; http://www.etsi.org/WebSite/AboutETSI/Introduction/history.aspx; and http://www.etsi.org/WebSite/Technologies/Technologies.aspx.

18. Attached as Exhibit 5 are true and correct copies of Samsung's IPR Declarations from September 19, 2003, January 30, 2008, and December 30, 2008, publicly accessible from the ETSI IPR Database at http://ipr.etsi.org/. I am informed and believe that Samsung's IPRs from this public database address over 3,500 patents and/or applications.

19. Attached as Exhibit 6 is a true and correct copy of pages from 3GPP's website at http://www.3gpp.org/3GPP-scope and http://www.3gpp.org/Technologies.

20. Attached as Exhibit 7 is a true and correct copy of excerpts from the deposition transcript for Joon-Young Cho on November 30, 2011. I am informed and believed that 174 documents, totaling 11,842 pages, were produced from the files of Dr. Cho.

21. Attached as Exhibit 8 is a true and correct copy of excerpts from the deposition transcript for Jae-Seung Yoon on December 3, 2011.

22. Attached as Exhibit 9 is a true and correct copy of excerpts from the deposition transcript for Ju-Ho Lee on December 3, 2011. I am informed and believed that 662 documents, totaling 11,842 pages, were produced from the files of Dr. Lee.

23. Attached as Exhibit 10 is a true and correct copy of excerpts from the deposition transcript for Gert-Jan Van Lieshout on November 4, 2011. I am informed and believed that 112 documents, totaling 19,913 pages, were produced from the files of Dr. Van Lieshout.

24. Attached as Exhibit 11 is a true and correct copy of excerpts from the deposition transcript for Jeong-Seok Oh on November 11, 2011.

25. Attached as Exhibit 12 is a true and correct copy of Samsung's January 10, 2012, letter to Apple's counsel, responding to various meet and confer issues including Apple's demands relating to inventor searches, licensing documents and standards-setting organization documents.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed in Redwood Shores, California on January 17, 2011.

By /s/ *Melissa N. Chan*
Melissa N. Chan

**General Order 45 Attestation**

I, Victoria F. Maroulis, am the ECF user whose ID and password are being used to file this Declaration.    In compliance with General Order 45(X)(B), I hereby attest that Melissa N. Chan has concurred in this filing.

<em>/s/ Victoria Maroulis</em>