# EXHIBIT 11
# FILED UNDER SEAL

In The Matter Of: ORIGINAL

*APPLE INC.,*

*v.*

*SAMSUNG ELECTRONICS CO.,*

JEONG-SEOK OH - Vol. 1
November 11, 2011

**PROTECTIVE ORDER CONFIDENTIAL ATTORNEYS' EYES ONLY**

**MERRILL CORPORATION**
LegaLink, Inc.

101 Arch Street
3rd Floor
Boston, MA 02110
Phone: 617.542.0039
Fax: 617.542.2119

PROTECTIVE ORDER - CONFIDENTIAL - ATTORNEYS' EYES ONLY
JEONG-SEOK  OH - 11/11/2011

Page 16

| | | |
|---|---|---|
| 1 | the only time that you met with attorneys to prepare for | 10:20:57 |
| 2 | your deposition? | 10:20:58 |
| 3 | A    Yes. | 10:21:11 |
| 4 | Q    Did the e-mail that you received contain | 10:21:17 |
| 5 | information other than scheduling information? | 10:21:21 |
| 6 | MS. MAROULIS:  Objection; the question calls | 10:21:22 |
| 7 | for attorney/client communication.  I'm going to | 10:21:25 |
| 8 | instruct the witness not to answer after the | 10:21:27 |
| 9 | interpretation. | 10:21:52 |
| 10 | Q    Let me be clear.  I'm not asking for the | 10:21:55 |
| 11 | substance of an attorney/client communication; I'm only | 10:21:58 |
| 12 | asking a general question to test the assertion of the | 10:22:02 |
| 13 | privilege.  Did the e-mail communication that you | 10:22:06 |
| 14 | received contain other than scheduling information? | 10:22:11 |
| 15 | MS. MAROULIS:  I'm going to instruct the | 10:22:12 |
| 16 | witness not to answer on privilege grounds.  It's an | 10:22:18 |
| 17 | client/attorney communication, you may not inquire. | 10:22:46 |
| 18 | MR. CULTICE:  Ms. Maroulis, you did not give me | 10:22:48 |
| 19 | an opportunity to ask a standard question that will | 10:22:54 |
| 20 | allow me to test whether or not the assertion is | 10:22:57 |
| 21 | bona fide or not. | 10:23:00 |
| 22 | MS. MAROULIS:  You can ask whether the e-mail | 10:23:02 |
| 23 | was from counsel, but you cannot inquire as to the | 10:23:06 |
| 24 | substance of the e-mail. | 10:23:40 |
| 25 | BY MR. CULTICE: | |

| | | |
|---|---|---|
| 1 | Q Was the e-mail communication from counsel to | 10:23:44 |
| 2 | you? | 10:23:44 |
| 3 | A Yes. | 10:23:55 |
| 4 | Q Let me try again, Ms. Maroulis, and then I will | 10:24:05 |
| 5 | I guess have to respectfully disagree with your | 10:24:10 |
| 6 | assertion. | 10:24:11 |
| 7 | Did the e-mail from counsel to you contain | 10:24:15 |
| 8 | information other than scheduling information, yes or no? | 10:24:34 |
| 9 | MS. MAROULIS: I'm going to instruct the | 10:24:39 |
| 10 | witness not to answer on the grounds of | 10:24:40 |
| 11 | attorney/client privilege. | 10:24:41 |
| 12 | MR. CULTICE: I respectfully disagree that | 10:24:53 |
| 13 | that's a proper assertion of the privilege. We'll | 10:24:58 |
| 14 | reserve our rights and move on in the interests of | 10:25:00 |
| 15 | time. | 10:25:07 |
| 16 | BY MR. CULTICE: | 10:25:07 |
| 17 | Q Did you search for documents relating to the | 10:25:19 |
| 18 | 460 patent? | 10:25:20 |
| 19 | A Yes. | 10:25:27 |
| 20 | Q When did you begin your search? | 10:25:32 |
| 21 | A I think that might be within the last one | 10:25:50 |
| 22 | month. | 10:25:51 |
| 23 | Q What did you do? | 10:25:54 |
| 24 | A By way of Windows Explorer and going by way of | 10:26:14 |
| 25 | key words as provided to me by counsel, I conducted a | |

| | | |
|---|---|---|
| 1 | search. | 10:26:18 |
| 2 | CHECK INTERPRETER:  I believe it was window | 10:26:21 |
| 3 | word search software, not Windows Explorer. | 10:26:34 |
| 4 | THE INTERPRETER:  Interjection by the | 10:26:35 |
| 5 | interpreter of record.  This probably is not a major | 10:26:37 |
| 6 | problem, but I think may have been Windows Explorer, | 10:26:40 |
| 7 | the proper noun, but otherwise I stand corrected. | 10:26:43 |
| 8 | BY MR. CULTICE: | 10:26:43 |
| 9 | Q    Did you do anything else to search for | 10:26:46 |
| 10 | documents? | 10:26:48 |
| 11 | A    Well, I otherwise sifted through certain | 10:27:06 |
| 12 | folders that I might not frequently use as maybe they are | 10:27:13 |
| 13 | within my PC. | 10:27:14 |
| 14 | Q    What did you find? | 10:27:15 |
| 15 | A    There wasn't anything. | 10:27:21 |
| 16 | Q    Please hand the witness what we've pre-marked | 10:27:34 |
| 17 | as Exhibit Oh 1A. | 10:27:40 |
| 18 | (Deposition Exhibit Oh 1A was marked.) | 10:27:52 |
| 19 | MS. MAROULIS:  Counsel, you're not going to | 10:27:54 |
| 20 | follow the northern district practice of sequential | 10:27:58 |
| 21 | numbering, you're going to start anew in this | 10:28:00 |
| 22 | deposition? | 10:28:01 |
| 23 | MR. CULTICE:  Yes.  I understand what you're | 10:28:03 |
| 24 | saying, but my understanding was that in prior | 10:28:05 |
| 25 | depositions it was done in this fashion. | |

```
 1   BY MR. CULTICE:                                               10:29:17
 2       Q    Please identify what we've marked as Exhibit         10:29:20
 3   1A.                                                           10:29:35
 4       A    This would be a patent that was filed by yours       10:29:40
 5   truly and some other inventors.                               10:29:44
 6       Q    You're listed as an inventor on the patent that      10:29:47
 7   we've marked at 1A, correct?                                  10:29:49
 8       A    Yes.                                                 10:29:57
 9       Q    When was the last time that you reviewed             10:30:04
10   Exhibit 1A or a copy of it?                                   10:30:17
11            MS. MAROULIS:  Objection; assumes facts.             10:30:25
12       A    I got to see this during my deposition               10:30:28
13   preparation.                                                  10:30:28
14       Q    When prior to your deposition did you last           10:30:35
15   review what we've marked as Exhibit 1A?                       10:30:37
16       A    By that do you mean during that preparatory          10:30:54
17   period?                                                       10:30:56
18       Q    No, prior to seeing the document during your         10:31:00
19   preparation.                                                  10:31:16
20       A    Not that I can quite recall.                         10:31:17
21       Q    Please identify the other two inventors by name     10:31:21
22   for the record.                                               10:31:21
23       A    That would be -- those would be my colleagues,       10:31:36
24   Messrs. Jae-Min Kim and Sang-Ryul Park.                       10:31:42
25       Q    Was Mr. Kim your supervisor at that time?
```