**MORRISON | FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA  94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG

August 5, 2011

Writer's Direct Contact
415.268.6615
JasonBartlett@mofo.com

<u>Via Email</u>

Victoria Maroulis, Esq.
Quinn Emanuel
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, California  94065

Re:   *Apple v. Samsung*, Case No. 11-cv-1846-LHK (N.D. Cal.)

Dear Victoria:

This letter responds to your letter to Michael Jacobs of July 28.

Samsung's Interrogatory No. 1 "Relating to Apple Inc.'s Motion for a Preliminary Injunction" requests that Apple identify the dates on which Apple became aware of Samsung's infringement of the three design patents and one utility patent at issue in Apple's preliminary injunction motion.  Apple has already responded to this interrogatory, and no supplementation of its response is necessary.

Apple could not have become aware that the Galaxy Tab 10.1, Infuse 4G, Galaxy S 4G, and Droid Charge were infringing the patents at issue in Apple's preliminary injunction motion until these products were released for sale.  As Charles Verhoeven expressly noted during the hearing on Apple's motion to expedite discovery, Samsung's unreleased products "aren't final, your Honor, and they may change."  (5/12/11 Hearing Tr. 47:8-9.)  Accordingly, even assuming that one or more Apple employees had read news articles containing advance images or descriptions of these unreleased products, any such employees could not have confirmed the final appearance and functionality of these products until they became publicly available for purchase.

In your letter, you also demand that Apple identify other Samsung products that infringe the four Apple patents at issue in its preliminary injunction motion.  Your demand inappropriately seeks to expand the permissible scope of discovery relating to Apple's preliminary injunction motion.  As the Court explained, Samsung's "discovery requests [should be] reasonable in scope and narrowly tailored to address the preliminary injunction motion." (D.N. 115 at 2.)

sf-3027178

MORRISON | FOERSTER

Victoria Maroulis, Esq.
August 5, 2011
Page Two

The Federal Circuit authority that you cite, *Polymer Techs. v. Bridwell*, 103 F.3d 970 (Fed. Cir. 1996), does not support your assertion that "[t]he date [on which] Apple first became aware of these devices is directly relevant to Apple's claim of irreparable harm." Rather, that decision stands for the *opposite* proposition:

> The fact that other infringers may be in the marketplace does not negate irreparable harm. A patentee does not have to sue all infringers at once. Picking off one infringer at a time is not inconsistent with being irreparably harmed.

*Id.* at 975. Under *Polymer Techs.*, there is no basis for your contention that Apple's awareness of infringement by other Samsung devices (or any other party's devices that Apple has accused of infringing its intellectual property, such as Nokia's) is relevant to Apple's claim of irreparable harm.

**Response to Interrogatory No. 2**

Apple has already produced a license with IBM and a settlement agreement with Sunvalleytek and Hootoo.com. Apple has sought permission to produce a patent license agreement with Nokia. Nokia's counsel agreed to respond this week, but has not yet done so. We will inquire with Nokia's counsel on this issue today. As soon as the Nokia license has been produced, Apple will supplement its response to this interrogatory to include the pertinent Bates numbers.

**Responses to Interrogatories Nos. 3 & 6**

In its responses to these interrogatories, Apple identified the Samsung products that are the subject of its preliminary injunction motion. Apple will identify other Samsung products that infringe the four patents at issue in Apple's preliminary injunction motion when serving its infringement contentions, consistent with this District's Patent Local Rules.

As discussed above in connection with Interrogatory No. 1, Samsung has no basis for demanding that Apple identify other infringing products at this time. In any event, Richard Lutton already provided testimony on these subjects during his recent deposition.

**Responses to Interrogatories Nos. 4 (Corrected & Uncorrected), 5, and 8**

Apple's identification of documents in response to these interrogatories (uncorrected) is substantially complete, in view of the reasonable and narrowly tailored scope of discovery appropriate for Apple's preliminary injunction motion. Apple further notes that the documents labeled Highly Confidential - Source Code that Apple has made for inspection are responsive to Interrogatory No. 4 (uncorrected).

sf-3027178

MORRISON | FOERSTER

Victoria Maroulis, Esq.
August 5, 2011
Page Three

As for "corrected" Interrogatory No. 4, Samsung's position that the Court's July 18, 2011 order does not govern discovery relating to Apple's preliminary injunction motion is puzzling.  Indeed, Samsung has relied on the issuance of this order to delay serving its own objections to Apple's discovery requests -- despite previously agreeing to do so by July 25th.  *See* July 25, 2011 Briggs E-mail to Bartlett (changing position to note that "Samsung will be serving its objections to Apple's discovery pursuant to the Court's July 18, 2011 Order").

Regardless, and despite the tardy nature of Samsung's "corrected" interrogatory, Apple has already produced prosecution histories and made available for inspection CAD files containing responsive information under Rule 33(d) of the Federal Rules of Civil Procedure.  Apple also made Chris Stringer available on August 3rd to discuss the corresponding 30(b)(6) topic, subject to its objections.  Should Samsung still believe that supplementation of these interrogatories is required, Apple is willing to meet and confer on this subject.

**Documents Identified During Richard Lutton's Deposition**

As explained above, Apple will produce the patent license agreement with Nokia as soon as possible.  In addition, Apple will produce responsive presentations to Google that can be located after a reasonable search.

Regarding Samsung's other requests, they are not relevant to Apple's preliminary injunction motion.  For example, Samsung's Request for Production No. 23 (and related Interrogatory No. 2) requests "all licenses and potential licenses for the DESIGN PATENTS or the '381 PATENT."  Mr. Lutton testified that Apple obtained licenses *from* Ericsson and InterDigital on phone-related technology.  These licenses clearly are not responsive to any of your discovery requests or the issues in Apple's preliminary injunction motion.

Concerning Samsung's request that Apple produce images of Samsung's products, your letter misstates Mr. Lutton's testimony.  He testified that he had seen images of these products, but that he could not recall what specific images he had seen.

Because Samsung is already in possession of its own products and images of the same, there is nothing to be produced in response to this request.  In addition, because Samsung already has a copy of Apple's preliminary injunction motion, there is no need for Apple to produce "any photographs or images that Apple used in its Motion for Preliminary Injunction."

Nevertheless, Apple will conduct a reasonable search to determine if Mr. Lutton possesses any additional documents that are responsive to Samsung's document requests and issues relevant to Apple's preliminary injunction motion.  There is no reason to require Mr.

sf-3027178

MORRISON | FOERSTER

Victoria Maroulis, Esq.
August 5, 2011
Page Four

Lutton to appear for a second deposition on these documents, however, and Apple does not intend to make him available.

### **Documents Identified During Sissie Twiggs' Deposition**

As for the media plans referenced during Sissie Twiggs' deposition, this information is not responsive to the two requests that you identified (Request Nos. 26 and 27). This is because the media plans do not identify the markets or market share for each version of the iPhone and the iPad, as sought by these requests. Instead, as Ms. Twiggs testified, the media plans indicate which advertisement will be placed in which media and the amount budgeted for each advertisement.

Moreover, during her deposition, Ms. Twiggs identified the type of media in which Apple advertises its iPad and iPhone products -- even identifying the specific media in which the products have been advertised. She also testified about Apple's overall advertising expenditures for the iPad and the iPhone. Accordingly, the documents that you are seeking are cumulative of Ms. Twiggs' testimony and of documents that have already been produced, in any event.

Nevertheless, Apple will conduct a reasonable search for media plans for the iPad and iPhone products and will produce any media plans that it is able to locate. Apple will not, however, produce Ms. Twiggs to appear for a second deposition on any such documents.

### **ComTech Presentation**

Finally, we will conduct a reasonable search for any subsequent "ComTech United States" presentations in Apple's possession. If any exist and are responsive to Samsung's requests, we will produce them.

Sincerely,


Jason R. Bartlett

sf-3027178