# MORRISON | FOERSTER

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA 94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG

December 5, 2011

Writer's Direct Contact
415.268.6024
MMazza@mofo.com

*Via E-Mail* (rachelkassabian@quinnemanuel.com)

Rachel Herrick Kassabian
Quinn Emanuel
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, California 94065

Re:   *Apple v. Samsung*, Case No. 11-cv-1846-LHK (PSG) (N.D. Cal.)

Dear Rachel:

I write to summarize the discussion of Apple's issues in our meet-and-confer call on Wednesday, November 30, 2011, and to address a few follow-up items arising therefrom. Our summary of the discussions of Samsung's issues will be sent by Jason Bartlett in a separate letter.

1. Schedule for Apple's motion to compel

We understand that the parties' lead trial counsel are attempting to schedule the required meet-and-confer. In the meantime, and as we have explained previously, Judge Grewal is unavailable the week of December 19. Thus, any motion to compel must be heard on or before December 16. Otherwise, due to Quinn Emanuel's apparent unavailability the entire subsequent week, the motion would be delayed until next year. Given the impending March 8 discovery cutoff, it is critical that court intervention, if necessary, take place before the Winter holidays.

As we also emphasized during the call, there are specific categories of documents, discussed further below, that need to be produced on an expedited basis for Apple to proceed with litigating its case in an orderly manner. This requires substantial completion by Samsung of its production of at least those categories by mid-December. **Apple intends to immediately move to compel complete production of these categories of documents by a date certain before the Winter holidays unless Samsung commits to that production now.** Samsung has not been willing to do so.

We advised you that in the event that motion practice is required, Apple would like to propose the following shortened briefing and hearing schedule:

sf-3078893

MORRISON | FOERSTER

Rachel Herrick Kassabian
December 5, 2011
Page Two

- Motions to compel:  Thursday, December 8, 2011
- Opposition briefs:  Monday, December 12, 2011
- Reply briefs:  Wednesday, December 14, 2011
- Hearing:  Friday, December 16, 2011

2. Protective order

The parties also discussed finalization of a proposed, stipulated protective order for purposes of this action.  Based on our discussions, we understand that Samsung will agree to the provisions negotiated by Samsung's counsel in the ITC investigations.  As you know, Apple and Samsung recently agreed to provisions regarding source code production and prosecution bar in the ITC investigations, but we continue to await Samsung's response to the proposed provision concerning cross-use of documents produced in the Northern District of California action.  (*See, e.g.*, December 1, 201 email from Maselli to Lasher et al.).  Aside from this remaining issue, we believe that all other provisions set forth in our proposed draft have been agreed to by the parties.

Please immediately advise as to whether Samsung agrees to the proposed cross-use language.  We are hopeful that the parties can finalize the proposed protective order by Wednesday, December 7.  **If we do not receive a timely reply to this issue, Apple is prepared to unilaterally file a motion for protective order in this case.**

3. Production of documents mentioning "Apple," Apple products, or aliases

During the call, you confirmed that Samsung will search for documents that mention the term "Apple," or any Apple product at issue in this case, or any alias therefor, or any Korean equivalent thereof, as described in Wes Overson's November 15, 2011, letter.  This means, as stated in that letter, that these terms would be applied to the files of "all relevant custodians, including designers and engineers who worked on the products at issue, employees responsible for marketing those products, and employees responsible for developing the infringing features."

We specified that, per Mr. Overson's December 20 letter, "employees responsible for marketing" should at least include customer survey, R&D management, and product planning groups.  You did not disagree with that clarification.  We asked that you let us know immediately if Samsung thinks any of those groups should be excluded from Samsung's search.

As discussed during the call and in recent correspondence, Apple is reciprocating.  Apple agrees to search for "Samsung," or any Samsung product at issue in this case, or any alias therefore, with respect to documents in the files of its designers and engineers who worked

sf-3078893

MORRISON | FOERSTER

Rachel Herrick Kassabian
December 5, 2011
Page Three

on the relevant products, employees responsible for marketing those products, and employees responsible for developing the features at issue.

The parties confirmed that in performing these searches, each party may use reasonable delimiters solely to exclude wholly irrelevant documents from their respective productions. In other words, if Samsung finds that a large number of documents hit a relevant term like "Apple" *solely* because of discussions that are wholly irrelevant to this lawsuit, Samsung may set up a secondary search term covering documents in that category and set up a rule that those documents may be excluded from the production. Note that if any document hits more than one of these relevant search terms or a particular relevant search term more than once, all instances of the search terms must be subject to one or more delimiters or the document must be produced. Any delimiters will be identified in the parties' disclosures of search terms applied to each custodian.

Samsung suggested that a document containing the statement: "I bought this new Apple product, isn't it cool?" would be irrelevant. In Apple's view, however, that is a relevant document that should be produced.

We note that in a December 4 letter, you referenced an upcoming production of these types of documents from Samsung's "central marketing files." Although Apple appreciates Samsung's commitment to produce those documents, the agreed scope of documents to be produced is much broader and also includes the files of numerous individual custodians, as outlined above. **Apple will not agree to limit the scope of Samsung's required search to "central marketing files."**

As discussed below, Apple has requested that Samsung commit to substantially completing its *entire* production of the documents discussed above by December 15, 2011, and absent such a commitment, Apple is prepared to immediately move to compel production of the documents by a date certain before the Winter holidays. This issue will therefore be placed on the agenda for the upcoming lead trial counsel meeting.

    4. Production of survey documents

During the call, you confirmed that Samsung agrees to the scope of production of survey documents described in Wes Overson's November 15, 2011, letter. As stated in that letter, Samsung agrees to produce "from any central file or from the files of any custodian with survey responsibility, anywhere in the world, all survey documents that refer to Apple's products." Within this category, no relevance cut will be made.

You asked us to confirm whether Apple views this as a reciprocal obligation. We stated that although Apple generally agrees to produce relevant survey documents, unlike Samsung, Apple is not required to do so by a court order. We understand that Samsung views this

sf-3078893

**MORRISON | FOERSTER**

Rachel Herrick Kassabian
December 5, 2011
Page Four

production to be broader than the scope of the Court's September 28 Order, but in any event, Samsung's production of survey documents is pursuant to a court order and therefore, should proceed immediately regardless of otherwise ongoing discussions regarding reciprocity.

We note that in a December 4 letter, you referenced an upcoming production of these documents from Samsung's "central marketing files." Again, although Apple appreciates Samsung's commitment to produce those documents, the agreed scope of documents to be produced is much broader and also includes the files of numerous individual custodians, as set forth above. **Again, Samsung's search must extend beyond central marketing files.**

As discussed below, Apple has requested that Samsung commit to substantially completing its *entire* production of survey documents by December 15, 2011, and absent such a commitment, Apple is prepared to immediately move to compel complete production of the documents by a date certain before the Winter holidays. This issue will therefore be placed on the agenda for the upcoming lead trial counsel meeting.

5. <u>Production of source code and other technical documents</u>

During the call, we pointed out that we had enumerated a number of specific categories of source code and other technical documents in a letter dated November 9 (and reiterated on November 28), and that although Samsung had stated on November 20 that it would respond, no response had been received.

You did not identify any category of source code or other technical document as being excluded from the scope of Samsung's required production, but instead asked whether Apple was going to produce the same categories of source code. We noted that the categories in the November 9 and 28 letters were specific to Samsung and its products and were therefore not directly applicable to Apple and its products, but that Apple agrees, as a general matter, to produce relevant source code and other technical documents. We further noted that although Apple has already made available substantial source code for inspection on a stand-alone computer, Samsung has never come to inspect that source code. We noted that Samsung had not produced any source code other than in connection with the inventor depositions that took place in November 2011, and those did not relate to the issues in Apple's offensive case.

As of November 30, Samsung had only identified two items of source code that it would like Apple to frontload – Mac OS 10.0 and Super Clock. As noted in our November 28 letter on this topic, Samsung requested these two items of source code as potential prior art, and thus Apple had no prior obligation to search for this source code or to produce them. Nevertheless, as we have stated repeatedly in correspondence and in meet-and-confer discussions, Apple is currently engaged in the burdensome process of locating these 10 and 20-year-old bits of code and has not objected to producing them.

sf-3078893

MORRISON | FOERSTER

Rachel Herrick Kassabian
December 5, 2011
Page Five


During Wednesday's call, you stated that Samsung would send a letter responding to our November 9 and 28 letters regarding Apple's request for source code and other technical documents from Samsung. You sent that letter on December 2, but focused primarily on new requests for categories of source code and technical documents that *Samsung* was interested in receiving from *Apple*. **We will respond to that letter in detail shortly, but it does not change Apple's position or need for Samsung's substantial completion of its *entire* production of source code and other technical documents by December 15.** This issue will therefore be placed on the agenda for the upcoming lead trial counsel meeting.

      6.   <u>Substantial completion of production in certain categories by December 15</u>

The parties spent a significant portion of the November 30 meet-and-confer session discussing the timing of Samsung's production of the above three categories of documents (hereinafter referred to as "copying, survey, and technical documents").

We stated that Apple wishes Samsung to substantially complete its production of those three specific categories of documents by December 15, and that Apple intends to move to compel on this topic on December 8, absent Samsung's commitment to such substantial production. Apple will consider Samsung's production of these three categories of documents substantially complete by December 15 if Samsung has made a good-faith, expedited effort to locate and produce the documents on or before that date. **In addition, to the extent that Samsung has been unable to make a substantially complete production of any of these three categories of documents, Samsung will on December 15 provide a written disclosure** identifying the specific steps taken to search for and produce the documents, the additional specific steps that need to be taken to complete the search for and production of documents, and an estimated, near-term date certain by when production will be substantially complete.

Apple is entitled to these copying, survey, and technical documents to litigate its offensive case, and you did not disagree with that general proposition. You asked for an explanation of why these documents needed to be frontloaded and produced before other documents. In response, we discussed: (1) Samsung's long-overdue obligation to produce some of these documents as part of its Patent Local Rules production; (2) Apple's need for some of the documents for claim construction purposes; and finally, (3) Apple's need for all of these documents to prepare for upcoming depositions.

More generally, however, there is a March 8 fact discovery cutoff in this case. It is for this reason that **Apple has noticed nine depositions that will take place in the second half of December and in early January, and it has notified Samsung that it will be noticing additional depositions to take place in January and early February.** Apple is entitled to receive the documents it needs in connection with these depositions, and Apple is not

MORRISON | FOERSTER

Rachel Herrick Kassabian
December 5, 2011
Page Six

required to justify its reasons for needing certain categories of documents on an expedited basis.

Although we received correspondence purporting to address this timing issue after Wednesday's meet-and-confer call, Samsung still has not made the above-described commitment to substantially complete its production of these three categories of documents by December 15:

- Melissa Chan's December 2 letter states that Samsung "hopes" to make a *limited* set of source code (*and no other technical documents*) available for inspection by December 15, "*or we will let you know if such inspections are not possible on that date.*"

**This is not a sufficiently firm commitment as to either scope or accountability.** Samsung must agree to substantial production of the *entire* scope of agreed technical documents by December 15, and it must agree to provide the above-described report on December 15 identifying the specific steps have been taken to search for and produce the documents, the additional specific steps that need to be taken to substantially complete production, and an estimated, near-term date certain by when production will be substantially complete.

- Your December 3 letter states that Samsung "will use its best efforts" to substantially complete its production of survey documents before December 15, and "*if we are unable to substantially complete production by that date, we will so advise.*"

- Your December 4 letter states that Samsung "is working in good faith" to produce the agreed copying and survey documents "as expeditiously as possible," and that Samsung "is committed to using its best efforts to substantially complete" production of those documents "from Samsung's central marketing files" (*excluding, by omission, any documents from custodial files*) by December 15, "*or as soon as possible thereafter.*"

**These are not sufficiently firm commitments as to either scope or accountability.** Samsung must agree to substantial production of the entire scope of agreed copying and survey documents by December 15, and it must agree to provide the above-described report on December 15 identifying the specific steps have been taken to search for and produce the documents, the additional specific steps that need to be taken to substantially complete production, and an estimated, near-term date certain by when production will be substantially complete.

**Absent a meaningful, concrete, written commitment that will hold Samsung accountable for additional delays as described above, Apple is prepared to immediately move to compel a complete production of the entire scope of copying, survey, and**

sf-3078893

**MORRISON | FOERSTER**

Rachel Herrick Kassabian
December 5, 2011
Page Seven

**technical documents by a date certain before the Winter holidays.** This issue will therefore be placed on the agenda for the upcoming lead trial counsel meeting.

7. Reciprocal production agreements

On Wednesday's call you acknowledged receiving Apple's charts on reciprocal discovery, labeled Exhibits A and B. We stated that Apple had expected a response to at least the first set of proposals by this time. You stated that Samsung did not have a response to Apple's proposals, that you were working on a redline response, and that you were unable to state when Samsung would have a response.

We asked that Samsung respond to at least our proposals contained in Exhibit A by the end of the week. We further noted that we expected a full response on both Exhibits A and B before next week's regularly scheduled meet-and-confer. You were unable to give us a commitment regarding when your response would be ready and stated that you would consider sending a response to Exhibit A first, if it made sense to you. There is no longer time for this kind of noncommittal response in discovery matters. You have now had Exhibit A for over *three weeks*. **Please be prepared at the next meet-and-confer to discuss the categories in Exhibits A and B, and provide your redlines of these exhibits no later than the evening of December 5 so that Apple may have time to consider Samsung's proposed scope of reciprocal production in those categories.**

As we noted on the call, the parties should enter into any reciprocal agreements as soon as possible so that the agreements can serve their purpose of guiding the parties' subsequent collection and production efforts. Neither party should be suspending *any* efforts at collection, review, or production of documents pending these negotiations.

8. Production of Samsung inventor documents

During the call, we noted that Apple is expecting responses to three pieces of correspondence we have sent regarding inventor document collection and production (November 17, 2011, email from M. Silhasek to R. Kassabian; November 18, 2011, letter from S. Maselli to R. Kassabian, November 29, 2011, email from C. Walden to R. Kassabian). Although you stated that responses were being drafted, you were unable to tell us when to expect these responses. We reiterated our concerns addressed in prior meet-and-confers, particularly our concern that Samsung has not taken proper steps to identify, collect, search, review, and produce documents from the files of its named inventors.

We stated that we would follow-up with a letter summarizing our concerns and detailing even more instances in which the inventors discussed how they searched for documents, and why those searches were inadequate. That letter was sent to you by Sam Maselli on December 2, 2011. Given that inventor depositions were ordered to have been completed by

sf-3078893

**MORRISON | FOERSTER**

Rachel Herrick Kassabian
December 5, 2011
Page Eight

now, we are very concerned that Samsung's *initial* collection from its inventors has been so woefully deficient. We have therefore asked for a response to Mr. Maselli's letter by December 5, and if we do not get a satisfactory answer, we will need to place this issue on the agenda for the upcoming lead trial counsel meeting.

9. Production of documents related to standards-setting organizations

During the call we noted that Apple is expecting answers to letters sent on October 13 (C. Walden to V. Maroulis), November 15 (C. Walden to M. Chan), and November 18 (S. Maselli to R. Kassabian) pertaining to Samsung's inadequate production of internal and public documents relating to Standards Setting Organizations ("SSO"). You stated that Samsung was working on responses to those letters, but were unable to give us a date for when the responses would be forthcoming.

This subject has now been discussed in meet-and-confers for at least three weeks in a row, and Samsung is still unwilling to provide *any clarity* regarding what types of SSO documents it is willing to produce, or any date by which it will commit to having a substantially complete production. By Monday, December 5, Samsung must provide substantive responses to the October 13, November 15, and November 18 letters identified above, and further commit to providing the categories of SSO documents identified in Mr. Walden's October 13 and November 15 letters by a reasonable date certain. If Samsung is unwilling to do so, we will need to place this issue on the agenda for the upcoming lead trial counsel meeting.

10. Apple's Second Set of Preliminary Injunction Interrogatories, Nos. 12-14

During the call we discussed Samsung's failure to supplement Apple's Preliminary Injunction Interrogatories Nos. 12–14 despite its multiple oral and written commitments that it would do so no later than November 21.

You represented on Wednesday *for the first time* that when you had stated in previous correspondence and meet-and-confer discussions that Samsung was going to supplement its responses to PI Interrogatories 10–14, it actually meant that it was only going to supplement its responses to Nos. 10 and 11. Samsung apparently has no current plan to supplement its responses to Nos. 12 through 14.

You further represented, also for the first time, that you are unaware of Apple's basis for asserting the insufficiency of Samsung's responses to Nos. 12 through 14. As we discussed Wednesday, Wes Overson's first letter on the subject stated that all five Interrogatory responses were equally insufficient. He pointed to Nos. 10 and 11 as examples, but the letter identified all of them as insufficiently substantive for the same reasons. And in Samsung's first supplementation of its responses, it supplemented its responses to all five

sf-3078893

MORRISON | FOERSTER

Rachel Herrick Kassabian
December 5, 2011
Page Nine

interrogatories, not just Nos. 10 and 11.  Apple would have provided detailed discussion of the insufficiencies of Samsung's responses had you not represented that Samsung was in the process of supplementing its responses.  This is an unacceptable course of conduct that we will address further in separate correspondence.

Sincerely,

*/s/ Mia Mazza*

Mia Mazza

cc:     Samuel Maselli
        S. Calvin Walden
        Peter Kolovos

sf-3078893