**MORRISON | FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA  94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG


November 15, 2011

Writer's Direct Contact
415.268.6096
WOverson@mofo.com


*Via E-Mail* (rachelkassabian@quinnemanuel.com)

Rachel Herrick Kassabian
Quinn Emanuel
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065


Re:   *Apple Inc. v. Samsung Elecs. Co. et al.* Case No. 11-cv-1846 LHK (N.D. Cal.)
      CONFIDENTIAL—Subject to Protective Order

Dear Rachel:

This letter addresses the issue of Samsung including the word "Apple" in its searches of custodial documents.

In your November 8, 2011 letter, you stated that Samsung is "generally agreeable to including the term 'Apple' (perhaps with delimiters) in its searches of its designers' custodial documents." Please do so. Moreover, Samsung's search should not be limited to designers. Samsung has already admitted in interrogatory responses that Samsung engineers copied the iPhone's patented rubberbanding user interface. Samsung's copying is as relevant to utility patent infringement as design patent infringement. Samsung should search for the term "Apple" in the files of all relevant custodians, including designers and engineers who worked on the products at issue, employees responsible for marketing those products, and employees responsible for developing the infringing features. Delimiters may be used, for example to exclude documents that refer to the other party only for irrelevant purposes, and those delimiters should be disclosed.

In addition, to ensure that Samsung's searches are complete, please include internal codenames used to refer to Apple as search terms. For example, the documents Samsung has produced to date show that it sometimes uses the word "A Company" in Korean to refer to Apple.

Samsung has requested that Apple re-run its searches of its designers' documents for the term "Samsung." There is no basis for this request. Apple's iPhone was introduced to the market years before Samsung first introduced the imitations that are the subject of this

sf-3071323

MORRISON | FOERSTER

Rachel Herrick Kassabian
November 15, 2011
Page Two

lawsuit.  Nevertheless, in an effort to compromise and to remove any excuse for Samsung not to run the searches needed to locate relevant and responsive documents, Apple will reciprocally search its relevant custodians' documents for the term "Samsung" and review those documents for responsiveness and production.

While it is Apple's position that Samsung is already required to conduct these searches pursuant to the Court's September 28 Order and Apple's remaining document requests, it is willing to make the specific, reciprocal agreement described above so as to make Samsung's obligations crystal clear without requiring court intervention.  Of course, Samsung should continue to search its relevant custodians' documents for other pertinent search terms, such as the names of Apple's products at issue.

Please confirm that Samsung will produce all documents described above by the end of the month.

Best regards,

/s/

Wesley E. Overson

sf-3071323