QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**DECLARATION OF HANKIL KANG IN SUPPORT OF SAMSUNG'S OPPOSITION TO APPLE'S MOTION FOR RULE 37(B)(2) SANCTIONS**<br><br>Date: March 27, 2012<br>Time: 10:00 a.m.<br>Place: Courtroom 5, 4th Floor<br>Judge: Hon. Paul S. Grewal |

Case No. 11-cv-01846-LHK
KANG DECLARATION IN SUPPORT OF SAMSUNG'S
OPPOSITION TO APPLE'S MOTION FOR RULE 37(B)(2) SANCTIONS

I, Hankil Kang, declare:

1. I am Legal Counsel at Samsung Electronics Co., Ltd. I submit this declaration in support of Samsung's Opposition to Apple's Motion to For Rule 37(B)(2) Sanctions for Samsung's Violation of Two Discovery Orders. I have personal knowledge of the facts set forth in this declaration and, if called upon as a witness, I could and would testify to the following facts.

2. On April 15, 2011, Apple, Inc. ("Apple") filed suit against Samsung Electronics Co., Ltd., Samsung Electronics America, Inc. and Samsung Telecommunications America, LLC (collectively, "Samsung") alleging infringement of several Apple design and utility patents, trademarks, trade dress, as well as related common-law claims.

3. On July 1, 2011, Apple, Inc. ("Apple") filed a motion for preliminary injunction to halt sales of the Samsung Infuse 4G, Galaxy S 4G, Droid Charge, and Galaxy Tab 10.1, based on Samsung's alleged infringement of Apple's design and utility patents.

4. At least as early as May 2011, and before Apple even served any discovery requests upon Samsung, Samsung began working on identifying custodians and conducting dozens of interviews to identify and locate documents that might be relevant to this litigation. After Apple filed its motion for preliminary injunction, Samsung's counsel also worked toward identifying documents that were potentially relevant to Apple's motion for preliminary injunction. As Apple served its preliminary injunction-related document requests, Samsung continued to work with outside counsel to identify additional custodians and collect documents. As part of this effort, Samsung collected documents from each of the designers and engineers who it had identified as responsible for products and features that were relevant to the preliminary injunction motion. Samsung also collected files from the North American Product planning group, which was likely to have documents related to the marketing of the accused products.

5. After the Court's September 28, 2011 Discovery Order, Samsung took immediate steps to comply with that Order. Samsung's outside counsel immediately flew to Korea, and a team of attorneys, including Samsung's in house and outside counsel, conducted several days of document collection interviews with dozens of Samsung employees.

6. Samsung's in house counsel team then ran searches on the custodians' desktop computers for the relevant search terms (including "iPhone" and "iPad"). This process consumed many hours due to the high volume of irrelevant and false hits. Samsung then decrypted, processed and uploaded those documents for Samsung's counsel's review in the United States – a process that consumed a significant amount of additional time due to the security measures that needed to be addressed relating to the documents, the volume of the documents, as well as the geographic distance. Samsung performed manual searches for responsive documents as well. Given the Court-ordered deadline, we had only one week to perform all of these tasks.

7. We have not been able to determine precisely what sort of technical glitch caused some of the documents containing the Apple product names not to be collected from the October 2011 search of the desktop computer of Jeeyeun Wang. But, we can confirm that Samsung did follow the Court's Order by running the relevant search terms on her desktop computer and turning the resulting hits over to outside counsel for production by the Court-ordered deadline of October 7, 2011. Ms. Wang's hard drive was later collected and imaged by an outside vendor, and additional term searches were run in response to the Court's December 22, 2011 Court order, and in preparation for Ms. Wang's deposition. These later searches were performed using different software and hardware than the October 2011 search, which may explain the discrepancy in resulting hits.

8. Throughout October, November, and December 2011, Samsung and outside counsel worked together to collect documents from the custodial files of the numerous inventors of Samsung's patents-at-issue. Among other things, Samsung worked with its outside counsel on search terms, identifying the location of responsive documents, inventor interviews (both by phone and in person), and quality-checking the inventors' collection efforts in face-to-face meetings.

9. In December 2011, and to a more expedited degree after the Court's December 22, 2011, Order, Samsung continued its effort to collect and complete production of documents relevant to the hundreds of Apple's non-preliminary injunction related requests. As Samsung

1  informed the Court previously regarding its compliance efforts, given the massive volume of data
2  that had to be collected pursuant to the Order, and the physical limitations on how much
3  Samsung's current e-discovery vendor could process in such a short period of time (nine days over
4  the winter holiday period), Samsung engaged an additional discovery vendor to assist in collecting
5  and processing the requested documents.   Samsung also arranged for the imaging of all relevant
6  custodians' hard drives, to facilitate the collection given the massive scale of documents and
7  witnesses involved.   Samsung further directed its outside counsel to hire additional attorneys to
8  assist in the expedited review process, given the amount of data involved and the limited
9  availability of certain personnel over this nine-day holiday period.   Both Samsung and its outside
10 counsel worked straight through the holidays, including on Christmas Eve and Christmas Day, to
11 meet the Court's deadlines.   These efforts were described in detail in my previous declaration of
12 December 29, 2011 in support of Samsung's Motion to Extend Time for Compliance with the
13 Court's Order (Dkt No. 544.)
14      I declare under penalty of perjury under the laws of the United States that the foregoing is
15 true and correct.
16      Executed in Suwon, Korea on February 25, 2012.

By_____
Hankil Kang

**GENERAL ORDER ATTESTATION**

I, Victoria Maroulis, am the ECF user whose ID and password are being used to file the foregoing document.   I hereby attest pursuant to General Order 45.X.B. that concurrence in the electronic filing of this document has been obtained from Hankil Kang.

                                                                */s/ Victoria Maroulis*