Estrich Declaration

# EXHIBIT B

Specialty Software, Royal Oak, MI

# United States Bankruptcy Court
## CENTRAL  District of CALIFORNIA
## SOUTHERN DIVISION

**FILED**

DEC 27 1993

In re *VELVIN R. HOGAN and CAROL K. HOGAN*

Case No. ~~U.S. BANKRUPTCY COURT~~
PAUL C KARNEY, JR., CLERK
U.S. BANKRUPTCY COURT
Chapter   7 SAN JOSE, CA

Attorney for Debtor: *David R.  Hagen*

_____ / Debtor

# 93  58291

# MM

## VERIFICATION OF CREDITOR MATRIX

The above named Debtor(s) hereby verify that the attached list of creditors is true and correct
to the best of our knowledge.

Date: _12/17/93_

X _____ Velvin R. Hogan
Debtor

X _____ Carol K. Hogan
Joint Debtor

AT&T UNIVERSAL CARD
P.O. BOX 9999
COLUMBUS, GA 31997


CITIBANK
P.O. BOX 6200
THE LAKES, NV 88901


CORSTAN
4100 W. FLAMINGO #2100
LAS VEGAS, NV 89103


David R. Hagen
6400 CANOGA AVE.
SUITE 311
WOODLAND HILLS, CA 91367

FRANCHISE TAX BOARD
SPECIAL PROCEDURES
P.O.BOX 2952
SACRAMENTO, CA 95812

Franchise Tax Board
Special Procedures
P. O. Box 2952
Sacramento, CA 95812

IRS-SPECIAL PROCEDURES
INSOLVENCY UNIT
P.O.BOX 1431
LOS ANGELES, CA 90053

IRS-Special Procedures
Insolvency Unit
P. O. Box 1431
Los Angeles, CA 90053


WELLS FARGO BANK
P.O. BOX 49049
SAN JOSE, CA 95161

FILED

DEC 27 1993

# United States Bankruptcy Court
## CENTRAL  District of CALIFORNIA
## SOUTHERN DIVISION

PAUL C. KARNEY, JR., CLERK
U.S. BANKRUPTCY COURT
SAN JOSE, CA

In re *VELVIN R. HOGAN and CAROL K. HOGAN*

Case No. 93  58293 MM
Chapter  7

_____ / Debtor

Attorney for Debtor: *David R. Hagen*

## CHAPTER 7 STATEMENT OF INTENTION – JOINT DEBTS

| 1. I, the debtor, have filed a schedule of assets and liabilities which includes consumer debts secured by property of the estate. |
|---|

2. My intention with respect to the property of the estate which secures those consumer debts is as follows:

a.  **Property to Be Surrendered.**

| Description of Property | Creditor's Name |
|---|---|
| *None* | |

b.  **Property to Be Retained.** [Check applicable statement of debtor's intention concerning reaffirmation, redemption, or lien avoidance.]

| Description of Property | Creditor's Name | Debt will be re-affirmed pursuant to §524 (c) | Property is claimed as exempt and will be redeemed pursuant to §722 | Lien will be avoided pursuant to §522(f) and property will be claimed as exempt |
|---|---|---|---|---|
| *PROPERTY AT 306 COLVILLE DRIVE* | *CORSTAN* | X | | |

3. I understand that §521(2)(B) of the Bankruptcy Code requires that I perform the above stated intention within 45 days of the filing of this statement with the court, or within such additional time as the court, for cause, within such 45-day period fixes.

Date: *12/17/93*

Debtors: *Velvin R. Hogan*    *Carol K. Hogan*

Attorney: *David R. Hagen*
         *Merritt & Hagen*
Address: *6400 CANOGA AVE.*
        *SUITE 311*
        *WOODLAND HILLS, CA 91367*
Telephone: *(818) 992-1940*

FILED

DEC 27 1993

PAUL C KARNEY, JR., CLERK
U.S. BANKRUPTCY COURT
SAN JOSE, CA

# United States Bankruptcy Court
## Central District of California

In re *VELVIN R. HOGAN*
    *NO OTHER NAMES*
      *and*
  *CAROL K. HOGAN*
    *NO OTHER NAMES*

Case No.
Chapter    7

**93  58291**

MM

Social Security No. ▮▮▮▮▮▮
Social Security No. ▮▮▮▮▮▮
Debtor's Employer's Tax Identification No. _____

## STATEMENT PURSUANT TO RULE 2016(B)

The undersigned, pursuant to Rule 2016(b), Bankruptcy Rules, states that:

1.  The undersigned is the attorney for the debtor(s) in this case.

2.  The compensation paid or agreed to be paid by the debtor(s), to the undersigned is:
    a)  for legal services rendered or to be rendered in contemplation of and in connection with this case . . . . . $   *975.00*
    b)  prior to the filing of this statement, debtor(s) have paid . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $   *975.00*
    c)  the unpaid balance due and payable is . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $   *0.00*

3.  _____*All*_____ of the filing fee in this case has been paid.

4.  The Services rendered or to be rendered include the following:
    a)  Analysis of the financial situation, and rendering advice and assistance to the debtor(s) in determining whether to file a petition under Title 11 of the United States Code.
    b)  Preparation and filing of the petition, schedules of assets and liabilities, statement of affairs, and other documents required by the court.
    c)  Representation of the debtor(s) at the first meeting of creditors.

5.  The source of payments made by the debtor(s) to the undersigned was from earnings, wages and compensation for services performed, and *
    *none other.*

6.  The source of payments to be made by the debtor(s) to the undersigned for the unpaid balance remaining, if any, will be from earnings, wages and compensation for services performed, and *none other.*

7.  The undersigned have not shared or agreed to share, with any other person, other than with members of their law firm or corporation, any compensation paid or to be paid except as follows: *None.*

Dated: *12/17/93*

*David R. Hagen*
**Attorneys for Debtor(s)**

* If a fee is paid by transfer of property or if security is taken, give details here and in appropriate Section of Schedules or Statement of Affairs.

Rule 2016(b) (4/91) Specialty Software, Royal Oak, Mi

Attorney or Party Name, Address and Telephone

DAVID R. HAGEN

MERRITT & HAGEN
6400 Canoga Ave., Suite 311
Woodland Hills, CA 91367-2498
818-992-1940

FOR CU     USE ONLY

93  58291

FILED

DEC 27 1993

PAUL C. KARNEY, JR., CLERK
U.S. BANKRUPTCY COURT
SAN JOSE, CA

Attorney for   DEBTORS

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

In re:

VELVIN R. HOGAN AND
CAROL K. HOGAN

Debtor.

CHAPTER ___ 7   CASE NUMBER

(No Hearing Required)

## DECLARATION RE: LIMITED SCOPE OF APPEARANCE
## PURSUANT TO LOCAL BANKRUPTCY RULE 102

TO THE COURT, THE DEBTOR, THE TRUSTEE (if any), AND THE UNITED STATES TRUSTEE:

1. I am the attorney for the Debtor in the above-captioned bankruptcy case.

2. On (specify date) __DECEMBER, 1993__, I agreed with the Debtor that for a fee of $ __975.00__, I would provide only the following services:

   a. [XX] Prepare and file the Petition and Schedules
   b. [XX] Represent the Debtor at the 341(a) Hearing
   c. [ ] Represent the Debtor in any relief from stay actions
   d. [ ] Represent the Debtor in any proceeding involving an objection to Debtor's discharge pursuant to 11 U.S.C. § 727
   e. [ ] Represent the Debtor in any proceeding to determine whether a specific debt is nondischargeable under 11 U.S.C. § 523
   f. [ ] Other (specify):

3. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that th declaration was executed on the following date at the city set forth in the upper left-hand corner of this page.

Dated: 12 /17 ,1993

I HEREBY APPROVE THE ABOVE:

X _Velvin R. Hogan_    VELVIN HOGAN

X _Carol K. Hogan_    CAROL HOGAN
Signature of Debtor

MERRITT & HAGEN
Law Firm Name

By: _David R. Hagen_

Name: DAVID R. HAGEN
Attorney for Debtor

January 1989   This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

21

## FORM 1. VOLUNTARY PETITION

| United States Bankruptcy Court<br>*CENTRAL* District of *CALIFORNIA* | VOLUNTARY PETITION |
|---|---|

| IN RE (Name of debtor - if individual, enter Last, First, Middle) | NAME OF JOINT DEBTOR (Spouse)(Last, First, Middle) |
|---|---|
| *HOGAN, VELVIN R.* | *HOGAN, CAROL K.* |

| ALL OTHER NAMES used by the debtor in the last six years | ALL OTHER NAMES used by the joint debtor in the last six years |
|---|---|
| *NO OTHER NAMES* | *NO OTHER NAMES* |

| SOC. SEC./TAX I.D. NO. (If more than one, state all) | SOC. SEC./TAX I.D. NO. (If more than one, state all) |
|---|---|

| STREET ADDRESS OF DEBTOR (No. and street, city, state, zip) | STREET ADDRESS OF JOINT DEBTOR (No. and street, city, state, zip) |
|---|---|
| *306 COLVILLE DRIVE*<br>*SAN JOSE, CA 95123* | *306 COLVILLE DRIVE*<br>*SAN JOSE, CA 95123* |

| County of Residence or Principal Place of Business<br>*SAN JOSE* | County of Residence or Principal Place of Business<br>*SAN JOSE* |
|---|---|

| MAILING ADDRESS OF DEBTOR (If different from street address) | MAILING ADDRESS OF JOINT DEBTOR (If different from street address) |
|---|---|
| *SAME* | *SAME AS DEBTOR* |

| LOCATION OF PRINCIPAL ASSETS OF BUSINESS DEBTOR (If different from above)<br>*NOT APPLICABLE* | VENUE<br>☒ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in the District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.<br>☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District. |
|---|---|

### INFORMATION REGARDING DEBTOR (Check applicable boxes)

**TYPE OF DEBTOR**
☒ Individual
☒ Joint (Husband and Wife)
☐ Partnership
☐ Other

☐ Corporation Publicly Held
☐ Corporation Not Publicly Held
☐ Municipality

**CHAPTER or SECTION of BANKRUPTCY CODE UNDER WHICH THE PETITION is FILED**
☒ Chapter 7   ☐ Chapter 11   ☐ Chapter 13
☐ Chapter 9   ☐ Chapter 12   ☐ Sec. 304-Case Ancillary to Foreign Proceeding

**FILING FEE (Check one box)**
☒ Filing fee attached.
☐ Filing fee to be paid in installments. (Applicable to individuals only.) Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form No. 3.

**NATURE OF DEBT**
☒ Non-Business/Consumer   ☐ Business-Complete A & B below

**A. TYPE OF BUSINESS** (Check one box)
☐ Farming
☐ Professional
☐ Retail/Wholesale
☐ Railroad
☐ Transportation
☐ Manufacturing/ Mining
☐ Stockbroker
☐ Commodity Broker
☐ Construction
☐ Real Estate
☐ Other Business

**NAME AND ADDRESS OF LAW FIRM OR ATTORNEY**
*Merritt & Hagen*
*6400 CANOGA AVE.*
*SUITE 311*
*WOODLAND HILLS, CA 91367*

Telephone No. *(818) 992-1940*

**B. BRIEFLY DESCRIBE NATURE OF BUSINESS**

**NAME(S) OF ATTORNEY(S) DESIGNATED TO REPRESENT THE DEBTOR**
*David R. Hagen#108383*

SUZANNE L. DECKER, TRUSTEE
1032 EAST 14TH ST.
SAN LEANDRO, CA 94577

☐ Debtor is not represented by an attorney.   Phone:

### STATISTICAL/ADMINISTRATIVE INFORMATION (U.S.C. § 604)(Estimates only) (Check applicable boxes)

☐ Debtor estimates that funds will be available for distribution to unsecured creditors.
☒ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE FOR COURT USE ONLY

**ESTIMATED NUMBER OF CREDITORS**

| 1-15 | 16-49 | 50-99 | 100-199 | 200-999 | 1000-over |
|---|---|---|---|---|---|
| ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |

**ESTIMATED ASSETS (In thousands of dollars)**

| Under 50 | 50-99 | 100-499 | 500-999 | 1000-9999 | 10,000-99,999 | 100,000-over |
|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

**ESTIMATED LIABILITIES (In thousands of dollars)**

| Under 50 | 50-99 | 100-499 | 500-999 | 1000-9999 | 10,000-99,999 | 100,000-over |
|---|---|---|---|---|---|---|
| ☐ | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |

**ESTIMATED NUMBER OF EMPLOYEES - CH. 11 & 12 ONLY**

| 0 | 1-19 | 20-99 | 100-999 | 1000-over |
|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ |

**ESTIMATED NUMBER OF EQUITY SECURITY HOLDERS - CH. 11 & 12 ONLY**

| 0 | 1-19 | 20-99 | 100-499 | 500-over |
|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ |

93 58291 MM

Name of Debtor *VELVIN R. HOGAN and CAROL K. HOGAN*          / Debtor          Case No._____

### FILING OF PLAN

For Chapter 9, 11, 12 and 13 cases only. Check appropriate box.

☐ A copy of debtor's proposed plan dated _____          ☐ Debtor intends to file a plan within the time allowed by
is attached.                                                                                                                  statute, rule, or order of the court.

### PRIOR BANKRUPTCY CASE FILED WITHIN LAST 6 YEARS (If more than one, attach additional sheet)

| LOCATION WHERE FILED | CASE NUMBER | DATE FILED |
|---|---|---|
| *NONE* | | |

### PENDING BANKRUPTCY CASE FILED BY ANY SPOUSE, PARTNER, OR AFFILIATE OF THE DEBTOR (If more than one, attach additional sheet)

| NAME OF DEBTOR | CASE NUMBER | DATE |
|---|---|---|
| *NONE* | | |
| RELATIONSHIP | DISTRICT | JUDGE |

### REQUEST FOR RELIEF

Debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

## SIGNATURES

**ATTORNEY**

X _David R. Hogan_                                                 _12/17/93_
Signature *David R. Hagen*                                    Date

| INDIVIDUAL / JOINT DEBTOR(S) | CORPORATE OR PARTNERSHIP DEBTOR |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct. | I declare under penalty of perjury that the information provided in this petition is true and correct, and that the filing of this petition on behalf of the debtor has been authorized. |
| X _Velvin R. Hogan_<br>Signature of Debtor *VELVIN R. HOGAN* | X _____<br>Signature of Authorized Individual |
| X _12/17/93_<br>Date | _____<br>Print or Type Name of Authorized Individual |
| X _Carol K Hogan_<br>Signature of Joint Debtor *CAROL K. HOGAN* | _____<br>Title of Individual Authorized by Debtor to File this Petition |
| X _12/17/93_<br>Date | _____<br>Date |

### EXHIBIT "A" (To be completed if debtor is a corporation, requesting relief under chapter 11.)

☐ Exhibit "A" is attached and made a part of this petition.

### TO BE COMPLETED BY INDIVIDUAL CHAPTER 7 DEBTOR WITH PRIMARILY CONSUMER DEBTS (See P.L. 98-353 § 322)

I am aware that I may proceed under chapter 7, 11, or 12, or 13 of title 11, United States Code, understand the relief available under such chapter, and choose to proceed under chapter 7 of such title. If I am represented by an attorney, exhibit B has been completed.

X _Velvin R. Hogan_                                      X _12/17/93_
Signature of Debtor *VELVIN R. HOGAN*          Date

X _Carol K. Hogan_                                        X _12/17/93_
Signature of Joint Debtor *CAROL K. HOGAN*    Date

### EXHIBIT "B" (To be completed by attorney for individual chapter 7 debtor(s) with primarily consumer debts.)

I, the attorney for the debtor(s) named in the foregoing petition, declare that I have informed the debtor(s) that (he, she, or they) may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under such chapter.

X _David R. Hogan_                                      _12/17/93_
Signature of Attorney *David R. Hagen*            Date

Name: *David R. Hagen*
      *Merritt & Hagen*
Address: *6400 CANOGA AVE.*
         *SUITE 311*
         *WOODLAND HILLS, CA 91367*
Telephone: *(818) 992-1940*
☒ Attorney for Debtor(s)
☐ Debtor In Pro Per

# United States Bankruptcy Court
# Central District of California

In re *VELVIN R. HOGAN*
      *NO OTHER NAMES*
       *and*
   *CAROL K. HOGAN*
      *NO OTHER NAMES*

Case No.
Chapter   7

Social Security No. ████████
Social Security No. ████████
Debtor's Employer's Tax Identification No. _____

# NOTICE OF AVAILABLE CHAPTERS

1. Section 342(b) of 11 U.S. Code ("The Bankruptcy Code") states:
   "Prior to the commencement of a case under this title by an individual whose debts are primarily consumer debts, the clerk shall give written notice to such individual that indicates each chapter of this title under which such individual may proceed."

2. If your debts are primarily consumer ones (as opposed to business debts) and they do not exceed $100,000.00 unsecured or $350,000.00 secured (11 USC §109(e)), you are eligible to file under Chapter 13 and to use future income to pay all or a portion of your existing debts.

3. You are eligible to file under Chapter 7 ("straight bankruptcy"), whereby debts are eliminated and your non-exempt assets are liquidated by the trustee for the benefit of your creditors.

4. You are also eligible to file under Chapter 11 ($600.00 filing fees) for debt reorganization.

5. You are not eligible to file under Chapter 9.

6. You may be eligible to file under Chapter 12.

7. All general filing eligibility is subject to 11 USC §§ 109, 727(a) (8) and (9), and 707(b). **Consult your attorney.**

I HAVE READ THE ABOVE "NOTICE OF AVAILABLE CHAPTERS."

_____
Clerk of Court

_____
Signature of Debtor

_____
Signature of Joint Debtor

Notice of Available Chapters (4/91) Specialty Software, Royal Oak, MI

# United States Bankruptcy Court
## CENTRAL  District of CALIFORNIA
## SOUTHERN DIVISION

In re *VELVIN R. HOGAN and CAROL K. HOGAN*

Case No.
Chapter  7

_____ / Debtor

Attorney for Debtor: *David R. Hagen*

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts from Schedule D, E, and F to determine the total amount of the debtor's liabilities.

| NAME OF SCHEDULE | Attached (Yes/No) | No. of Sheets | AMOUNTS SCHEDULED | | |
|---|---|---|---|---|---|
| | | | ASSETS | LIABILITIES | OTHER |
| A-Real Property | Yes | 1 | $ 235,000.00 | | |
| B-Personal Property | Yes | 2 | $ 10,000.00 | | |
| C-Property Claimed as Exempt | Yes | 1 | | | |
| D-Creditors Holding Secured Claims | Yes | 1 | | $ 186,354.00 | |
| E-Creditors Holding Unsecured Priority Claims | Yes | 2 | | $ 0.00 | |
| F-Creditors Holding Unsecured Nonpriority Claims | Yes | 1 | | $ 12,205.00 | |
| G-Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H-Codebtors | Yes | 1 | | | |
| I-Current Income of Individual Debtor(s) | Yes | 1 | | | $ 4,000.00 |
| J-Current Expenditures of Individual Debtor(s) | Yes | 1 | | | $ 4,009.00 |
| Total Number of Sheets in All Schedules ▶ | | 12 | | | |
| Total Assets ▶ | | | $ 245,000.00 | | |
| Total Liabilities ▶ | | | | $ 198,559.00 | |

In re _VELVIN R. HOGAN and CAROL K. HOGAN_ _____ / Debtor          Case No. _____

<span style="float:right">(If known)</span>

# SCHEDULE A-REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, or both own the property by placing an "H,""W,""J," or "C"in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G-Executory Contracts and Unexpired Leases.

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C-Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband—H Wife—W Joint—J Community—C | Current Market Value of Debtor's Interest, in Property without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| _PROPERTY AT 306 COLVILLE DRIVE, SAN JOSE, CA_ | | J | $ 235,000 | $ 186,354 |
| | | | | |

_NO_   continuation sheets attached

TOTAL $    235,000<br>(Report also on Summary of Schedules.)

In re _VELVIN R. HOGAN and CAROL K. HOGAN_ / Debtor     Case No. _____

(If known)

# SCHEDULE B-PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "X" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, or both own property by placing an "H","W","J", or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C-Property Claimed as Exempt.

Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G-Executory Contracts and Unexpired Leases. If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

| Type of Property | None | Description and Location of Property | Husband—H Wife—W Joint—J Community—C | Current Market Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand. | | CASH ON PERSON | J | $ 100 |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | BALANCE OF CHECKING ACCOUNT

BALANCE OF SAVINGS ACCOUNT | J

J | $ 300

$ 500 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | | SECURITY DEPOSIT WITH LANDLORD | J | $ 700 |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | FURNITURE AND FURNISHINGS AT RESIDENCE | J | $ 2,000 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | CLOTHING AT RESIDENCE | J | $ 200 |
| 7. Furs and jewelry. | | JEWELRY AT RESIDENCE | J | $ 500 |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | POLICY WITH PRUDENTIAL | J | $ 400 |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Itemize. | | IRA | J | $ 2,800 |
| 12. Stock and interests in incorporated and unincorporated businesses. Itemize. | | STOCK OPTION (500 SHARES INVESTED) | J | NONE |
| 13. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 14. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 15. Accounts Receivable. | X | | | |
| 16. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 17. Other liquidated debts owing debtor include tax refunds. Give particulars. | X | | | |

In re _VELVIN R. HOGAN and CAROL K. HOGAN_ ____ / Debtor     Case No. _____

(If known)

# SCHEDULE B-PERSONAL PROPERTY

(Continuation Sheet)

| Type of Property | None | Description and Location of Property | Husband—H Wife—W Joint—J Community—C | Current Market Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 18. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | X | | | |
| 19. Contingent and non-contingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 20. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 21. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 22. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 23. Automobiles, trucks, trailers and other vehicles. | | _1983 EAGLE WAGON_ | J | $ 2,000 |
| 24. Boats, motors, and accessories. | X | | | |
| 25. Aircraft and accessories. | X | | | |
| 26. Office equipment, furnishings, and supplies. | | _HOME COMPUTER_ | J | $ 500 |
| 27. Machinery, fixtures, equipment and supplies used in business. | X | | | |
| 28. Inventory. | X | | | |
| 29. Animals. | X | | | |
| 30. Crops - growing or harvested. Give particulars. | X | | | |
| 31. Farming equipment and implements. | X | | | |
| 32. Farm supplies, chemicals, and feed. | X | | | |
| 33. Other personal property of any kind not already listed. Itemize. | X | | | |

Page ___2___ of ___2___     Total → | $ 10,000

(Report total also on Summary of Schedules)

In re _VELVIN R. HOGAN and CAROL K. HOGAN_____ / Debtor        Case No. _____
                                                                              (If known)

# SCHEDULE C-PROPERTY CLAIMED EXEMPT

Debtor elects the exemptions to which debtor is entitled under:

(Check one box)

☐ 11 U.S.C. § 522(b)(1): Exemptions provided in 11 U.S.C. § 522(d). Note: These exemptions are available only in certain states.

☒ 11 U.S.C. § 522(b)(2): Exemptions available under applicable nonbankruptcy federal laws, state or local law where the debtor's domicile has been located for the 180 days immediately preceding the filing of the petition, or for a longer portion of the 180-day period than in any other place, and the debtor's interest as a tenant by the entirety or joint tenant to the extent the interest is exempt from process under applicable nonbankruptcy law.

| Description of Property | Specify Law Providing each Exemption | Value of Claimed Exemption | Current Value of Property without Deducting Exemption |
|---|---|---|---|
| PROPERTY AT 306 COLVILLE DRIVE, SAN JOSE, CA | Calif. C.C.P. S704.910 ET SEQ. | $ 75,000 | $ 235,000 |
| FURNITURE AND FURNISHINGS AT RESIDENCE | Calif. C.C.P. S.704.020 | $ 2,000 | $ 2,000 |
| CLOTHING AT RESIDENCE | Calif. C.C.P. S704.020 | $ 200 | $ 200 |
| JEWELRY AT RESIDENCE | Calif. C.C.P. S704.040 | $ 500 | $ 500 |
| POLICY WITH PRUDENTIAL | Calif. C.C.P. S704.100 | $ 400 | $ 400 |
| IRA | Calif. C.C.P. S704.115 | $ 2,800 | $ 2,800 |
| 1983 EAGLE WAGON | Calif. C.C.P. S.704.010 | $ 1,200 | $ 2,000 |
| HOME COMPUTER | Calif. C.C.P. S704.020 | $ 500 | $ 500 |

In re *VELVIN R. HOGAN and CAROL K. HOGAN*  _____ / Debtor     Case No. _____

(If known)

# SCHEDULE D–CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and account number, if any, of all entities holding claims secured by property of the debtor as of the date of filing of the petition.  List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.  List creditors in alphabetical order to the extent practicable.  If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate  schedule of creditors and complete Schedule H - Codebtors.  If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place and "X" in the column labeled "Contingent."  If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the  claim is disputed, place an "X" in the column labeled "Disputed."  (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule.  Report this total also on the Summary of Schedules.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| Creditor's Name and Mailing Address including Zip Code | Codebtor | Date Claim was Incurred, Nature of Lien, and Description and Market Value of Property Subject to Lien | Contingent | Unliquidated | Disputed | Amount of Claim without Deducting Value of Collateral | Unsecured Portion, if any |
|---|---|---|---|---|---|---|---|
| Account No. ▓▓▓▓▓▓ <br> *Creditor #: 1* <br> *CORSTAN* <br> *4100 W. FLAMINGO #2100* <br> *LAS VEGAS, NV 89103* | J | *Mortgage* <br> *PROPERTY AT 306 COLVILLE DRIVE* <br> *SAN JOSE, CA 95123* <br><br> Value: *$ 235,000.00* | | | | $186,354.00 | $ 0.00 |
| Account No. | | <br><br> Value: | | | | | |
| Account No. | | <br><br> Value: | | | | | |
| Account No. | | <br><br> Value: | | | | | |
| Account No. | | <br><br> Value: | | | | | |

*No*  continuation sheets attached

Subtotal $ | 186,354.00
(Total of this page)

Total $ | 186,354.00
(Use only on last page and on Summary of Schedules)

FORM B6E (6/90) Specialty Software, Royal Oak, MI

In re _VELVIN R. HOGAN and CAROL K. HOGAN_ _____ / Debtor   Case No. _____

(If known)

# SCHEDULE E-CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed on this schedule. In the boxes provided on the attached sheets, state the name and mailing address, including zip code, and account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of this petition.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H,""W,""J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotal" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Repeat this total also on the Summary of Schedules.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

## TYPES OF PRIORITY CLAIMS

☐   **Extensions of credit in an involuntary case**
Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(2).

☐   **Wages, salaries, and commissions**
Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees, up to a maximum of $2000 per employee, earned within 90 days immediately preceding the filing of the petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(3).

☐   **Contributions to employee benefit plans**
Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐   **Certain farmers and fishermen**
Claims of certain farmers and fishermen, up to a maximum of $2000 per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(5).

☐   **Deposits by individuals**
Claims of individuals up to a maximum of $900 for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(6).

☒   **Taxes and Other Certain Debts Owed to Governmental Units**
Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(7).

☐   **Commitments to Maintain the Capital of an Insured Depository Institution**
Claims based on commitments to FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(8).

_____ _1_ continuation sheets attached

In re _VELVIN R. HOGAN and CAROL K. HOGAN_ _____ / Debtor    Case No. _____
                                                                                    (If known)

# SCHEDULE E-CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
### (Continuation Sheet)

TYPE OF PRIORITY: _Taxes and Certain Other debts Owed to Governmental Units_

| Creditor's Name and Mailing Address including Zip Code | Codebtor | Date Claim was Incurred, and Consideration for Claim | Contingent | Unliquidated | Disputed | Total Amount of Claim | Amount Entitled to Priority |
|---|---|---|---|---|---|---|---|
| Account No. | J | | | | | $ 0.00 | $ 0.00 |
| _Creditor #: 1_ _FRANCHISE TAX BOARD_ _SPECIAL PROCEDURES_ _P.O.BOX 2952_ _SACRAMENTO, CA 95812_ | | _State income taxes_ | | | | | |
| Account No. | J | | | | | $ 0.00 | $ 0.00 |
| _Creditor #: 2_ _IRS-SPECIAL PROCEDURES_ _INSOLVENCY UNIT_ _P.O.BOX 1431_ _LOS ANGELES, CA 90053_ | | _Federal income taxes_ | | | | | |
| Account No. | | | | | | | |
| | | | | | | | |
| Account No. | | | | | | | |
| | | | | | | | |
| Account No. | | | | | | | |
| | | | | | | | |
| Account No. | | | | | | | |
| | | | | | | | |
| Account No. | | | | | | | |
| | | | | | | | |

H—Husband
W—Wife
J—Joint
C—Community

Sheet No. _1_ of _1_ continuation sheets attached to
Schedule of Creditors holding Unsecured Priority Claims

Subtotal $ (Total of this page) — 0.00

Total $ (Use only on last page and on Summary of Schedules) — 0.00

In re _VELVIN R. HOGAN and CAROL K. HOGAN_ / Debtor    Case No. _____

                                                                (If known)

# SCHEDULE F-CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and account number, if any, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| Creditor's Name and Mailing Address Including Zip Code | Codebtor | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|
| | | H—Husband W—Wife J—Joint C—Community | | | | |
| Account No. ▄▄▄▄▄▄▄▄▄<br>Creditor #: 1<br>AT&T UNIVERSAL CARD<br>P.O. BOX 9999<br>COLUMBUS, GA 31997 | J | 10/93<br>MASTERCARD ACCOUNT | | | | $ 3,100.00 |
| Account No. ▄▄▄▄▄▄▄▄▄<br>Creditor #: 2<br>CITIBANK<br>P.O. BOX 6200<br>THE LAKES, NV 88901 | J | 10/93<br>VISA ACCOUNT | | | | $ 300.00 |
| Account No. ▄▄▄▄▄▄▄▄▄<br>Creditor #: 3<br>WELLS FARGO BANK<br>P.O. BOX 49049<br>SAN JOSE, CA 95161 | J | 1992<br>LOAN | | | | $ 8,805.00 |
| Account No. | | | | | | |
| Account No. | | | | | | |
| | | | | | Subtotal $<br>(Total of this page) | $ 12,205.00 |
| | | | | | Total $<br>(Use only on last page and on Summary of Schedules) | $ 12,205.00 |

_No_ continuation sheets attached

In re _VELVIN R. HOGAN and CAROL K. HOGAN_ _____ / Debtor      Case No. _____
                                                                                      (If known)

# SCHEDULE G-EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests.
State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease.
Provide the names and complete mailing addresses of all other parties to each lease or contract described.

NOTE: A party listed on this schedule will not receive notice of the filing of this case unless the party is also scheduled in the appropriate schedule of creditors.

☒ Check this box if the debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, including Zip Code, of other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether Lease is for Nonresidential Real Property. State Contract Number of any Government Contract. |
|---|---|
|  |  |

In re _VELVIN R. HOGAN and CAROL K. HOGAN_     / Debtor     Case No. _____

(If known)

# SCHEDULE H-CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. In community property states, a married debtor not filing a joint case should report the name and address of the nondebtor spouse on this schedule.  Include all names used by the nondebtor spouse during the six years immediately preceding the commencement of this case.

☒ Check this box if the debtor has no codebtors.

| Name and Address of Codebtor | Name and Address of Creditor |
|------------------------------|------------------------------|
|                              |                              |

FORM B6I (6/90) Specialty Software, Royal Oak, MI

In re _VELVIN R. HOGAN and CAROL K. HOGAN_ / Debtor    Case No. _____
                                                                        (If known)

# SCHEDULE I-CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled spouse must be completed in all cases filed by joint debtors and by a married debtor in a chapter 12 or 13 case whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.

| Debtor's Marital Status: *Married* | DEPENDENTS OF DEBTOR AND SPOUSE | | |
|---|---|---|---|
| | NAMES *ONE* | AGE | RELATIONSHIP |

| EMPLOYMENT: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | *ELECTRIC ENGINEER* | *UNEMPLOYED* |
| Name of Employer | *MICROPOLIS CORP.* | |
| How Long Employed | *2 YEARS* | |
| Address of Employer | *21211 NORDOFF STREET* *CHATSWORTH, CA 91311* | |

| Income: (Estimate of average monthly income) | DEBTOR | | SPOUSE | |
|---|---|---|---|---|
| Current Monthly gross wages, salary, and commissions (pro rate if not paid monthly) | $ | *6,166.00* | $ | *0.00* |
| Estimated Monthly Overtime | $ | *0.00* | $ | *0.00* |
| SUBTOTAL | $ | *6,166.00* | $ | *0.00* |
| LESS PAYROLL DEDUCTIONS | | | | |
| a. Payroll Taxes and Social Security | $ | *2,166.00* | $ | *0.00* |
| b. Insurance | $ | *0.00* | $ | *0.00* |
| c. Union Dues | $ | *0.00* | $ | *0.00* |
| d. Other (Specify): | $ | *0.00* | $ | *0.00* |
| SUBTOTAL OF PAYROLL DEDUCTIONS | $ | *2,166.00* | $ | *0.00* |
| TOTAL NET MONTHLY TAKE HOME PAY | $ | *4,000.00* | $ | *0.00* |
| Regular income from operation of business or profession or farm (attach detailed statement) | $ | *0.00* | $ | *0.00* |
| Income from Real Property | $ | *0.00* | $ | *0.00* |
| Interest and dividends | $ | *0.00* | $ | *0.00* |
| Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | $ | *0.00* | $ | *0.00* |
| Social Security or other government assistance Specify: | $ | *0.00* | $ | *0.00* |
| Pension or retirement income | $ | *0.00* | $ | *0.00* |
| Other monthly income Specify: | $ | *0.00* | $ | *0.00* |
| TOTAL MONTHLY INCOME | $ | *4,000.00* | $ | *0.00* |

TOTAL COMBINED MONTHLY INCOME    $    *4,000.00*
(Report also on Summary of Schedules)

Describe any increase or decrease of more than 10% in any of the above categories anticipated to occur within the year following the filing of this document:

FORM B6J (6/90) Specialty Software, Royal Oak, MI

In re _VELVIN R. HOGAN and CAROL K. HOGAN_ _____/ Debtor   Case No. _____

(If known)

# SCHEDULE J-CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR

Complete this schedule by estimating the average monthly expenses of the debtor and the debtor's family. Pro rate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate schedule of expenditures labeled "Spouse."

| Item | | Amount |
|---|---|---|
| Rent or home mortgage payment (include lot rented for moble home) | $ | 779.00 |
| Are real estate taxes included?      Yes ☒      No ☐ | | |
| Is property insurance included?      Yes ☒      No ☐ | | |
| Utilities:  Electricity and heating fuel | $ | 100.00 |
| Water and sewer | $ | 100.00 |
| Telephone | $ | 50.00 |
| Other | $ | 0.00 |
| Home maintenance (repairs and upkeep) | $ | 0.00 |
| Food | $ | 600.00 |
| Clothing | $ | 50.00 |
| Laundry and Dry cleaning | $ | 50.00 |
| Medical and Dental expenses | $ | 40.00 |
| Transportation (not including car payments) | $ | 250.00 |
| Recreaton, clubs, and entertainment, newspapers, magazines, etc. | $ | 50.00 |
| Charitable contributions | $ | 0.00 |
| Insurance (not deducted from wages or included in home mortgage payments) | | |
| Homeowner's or renter's | $ | 0.00 |
| Life | $ | 160.00 |
| Health | $ | 0.00 |
| Auto | $ | 100.00 |
| Other: | $ | 0.00 |
| Taxes (not deducted from wages or included in home mortgage) | | |
| Specify: | $ | 0.00 |
| Installment payments: (In chapter 12 and 13 cases, do not list payments to be included in the plan) | | |
| Auto | $ | 0.00 |
| Other: | $ | 0.00 |
| Alimony, maintenance, and support paid to others | $ | 0.00 |
| Payments for support of additional dependents not living at your home | $ | 0.00 |
| Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | 0.00 |
| Other:  _MORTGAGE_ | $ | 1,680.00 |
| Other: | $ | 0.00 |
| TOTAL MONTHLY EXPENSES  (Report also on summary of Schedules) | $ | 4,009.00 |

[FOR CHAPTER 12 AND 13 DEBTORS ONLY]
Provide the information requested below, including whether plan payments are to be made bi-weekly, monthly, annually, or at some other regular interval.

| | |
|---|---|
| A. Total projected monthly income | $ |
| B. Total projected monthly expenses | $ |
| C. Excess Income (A minus B) | $ |
| D. Total amount to be paid into plan each: | $ |

FORM B8 (6/90) Specialty Software, Royal Oak, MI

In re _VELVIN R. HOGAN and CAROL K. HOGAN_____ / Debtor   Case No. _____

(If known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing Summary and Schedules, consisting of ___13___ sheets, and that they are true and correct to the best of my knowledge, information and belief.                (Total shown on summary page plus 1)

X Date: _12/17/93_         X Signature _Velvin R. Hogan_
                                      VELVIN R. HOGAN

X Date: _12/17/93_         X Signature _Carol K. Hogan_
                                      CAROL K. HOGAN

Penalty for making a false statement or concealing property:  Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. §152 and §3571.

# United States Bankruptcy Court
## CENTRAL  District of CALIFORNIA
## SOUTHERN DIVISION

In re *VELVIN R. HOGAN and CAROL K. HOGAN*

Case No.
Chapter    7

_____ / Debtor

Attorney for Debtor: *David R. Hagen*

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.  An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.

Questions 1 - 15 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 16 - 21. Each question must be answered. If the answer to any question is "None," or the question is not applicable, mark the box labeled "None." If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

## DEFINITIONS

"In business."  A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within the two years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or person in control of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed.

"Insider."  The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any person in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor.  11 U.S.C. §101(30).

---

**1. Income from employment or operation of business.**
State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                                            SOURCE (if more than one)
*Year to date:$72,000.00*
   *Last year:$86,593.00*
 *Year before:$89,303.00*

---

**2. Income other than from employment or operation of business.**
State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                                            SOURCE
*Year to date:$4,500.00*                  *APPROXIMATE AMOUNT*
   *Last year:*
 *Year before:*

---

**3a. Payments to creditors.**

List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any creditor, made within 90 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**☒ NONE**

**3b.** List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**☒ NONE**

**4a. Suits, executions, garnishments and attachments.**

List all suits to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| *SEEGATE V. HOGAN* SEAGATE *CASE NO. MS930919* | *CIVIL* | *SANTA CRUZ MUNICIPAL COURT* | *PENDING* |

**4b.** Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**☒ NONE**

**5. Repossessions, foreclosures and returns.**

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**☒ NONE**

**6a. Assignments and receiverships.**

Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**☒ NONE**

**6b.** List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**☒ NONE**

**7. Gifts**

List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**☒ NONE**

**8. Losses**

List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and joint petition is not filed.)

**☒ NONE**

**9. Payments related to debt counseling or bankruptcy.**

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR (if other than debtor) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| David R. Hagen<br>6400 CANOGA AVE.<br>SUITE 311<br>WOODLAND HILLS, CA 91367 | Payor: VELVIN R. HOGAN | $ 975.00 |

**10. Other transfers**

List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as a security within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

**11. Closed financial accounts**

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless spouses are separated and a joint petition is not filed.)

☒ NONE

**12. Safe deposit boxes**

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE of Transfer or Surrender if any |
|---|---|---|---|
| Inst:WELLS FARGO BANK<br>Addr:SAN JOSE | Name:VELVIN AND CAROL HOGAN<br>Addr:20253 KESWICK ST. #301<br>CANOGA PARK, CA 91306 | LEGAL PAPERS | |

**13. Setoffs**

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

**14. Property held for another person**

List all property owned by another person that the debtor holds or controls.

☒ NONE

**15. Prior address of debtor.**

If the debtor has moved within the two years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME(S) USED | DATES of Occupancy |
|---|---|---|
| Address:20253 KESWICK ST. #301<br>CANOGA PARK, CA 91309 | Name(s)SAME | 7/93 TO PRESENT |
| Address:10445 CANOGA AVENUE | Name(s)SAME | 7/92 TO 7/93 |

QUESTION 15 CONTINUED . . .

| ADDRESS | NAME(S) USED | DATES of Occupancy |
|---|---|---|
| Address:306 COLVILLE DRIVE SAN JOSE, CA 91523 | Name(s)SAME | 10/88 TO 7/92 |

**The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who** is or has been, within two years immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or otherwise self-employed.

(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within the two years immediately preceding the commencement of this case.)

**16. Nature, location and name of business**

  a.  If the debtor is an individual, list the names and addresses of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship, or was a self-employed professional within the two years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the two years immediately preceding the commencement of this case.

  b.  If the debtor is a partnership, list the names and addresses of all businesses in which the debtor was a partner or owned 5 percent or more of the voting securities, within  the two years immediately preceding the commencement of this case.

  c.  If the debtor is a corporation, list the names and addresses of all businesses in which the debtor was a partner or owned 5 percent or more of the voting securities within the two years immediately preceding the commencement of this case.

  ☒ NONE

**17a. Books, records and financial statements**

  List all bookkeepers and accountants who within the six years immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

  ☒ NONE

**17b.** List all firms or individuals who within the two years immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

  ☒ NONE

**17c.** List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor.  If any of the books of account and records are not available, explain.

  ☒ NONE

**17d.** List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued within two years immediately preceding the commencement of this case by the debtor.

  ☒ NONE

**18a. Inventories**

  List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

  ☒ NONE

**18b.** List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

  ☒ NONE

**19a. Current Partners, Officers, Directors and Shareholders**

  If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

  ☒ NONE

Form 7 (6/90) Specialty Software, Royal Oak, MI

**19b.** If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting securities of the corporation.

☒ NONE

**20a. Former partners, officers, directors and shareholders.**
If the debtor is a partnership, list each member who withdrew from the partnership within one year immediately preceding the commencement of this case.

☒ NONE

**20b.** If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within one year immediately preceding the commencement of this case.

☒ NONE

**21. Withdrawals from a partnership or distribution by a corporation**
If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other prerequisite during one year immediately preceding the commencement of this case.

☒ NONE

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of Perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date  12/17/93          Signature  _Velvin R. Hogan_
                                    VELVIN R. HOGAN

Date  12/17/93          Signature  _Carol K. Hogan_
                                    CAROL K. HOGAN

Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §152 and §3571.

B10 (Official Form 10)
(Rev. 6/91)

| **United States Bankruptcy Court** | **PROOF OF CLAIM** |
|---|---|
| NORTHERN ____ District of ___ CALIFORNIA | |

| In re (Name of Debtor) VELVIN R. HOGAN and CAROL K. HOGAN | Case Number 93-58291-MM |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" of payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

FILED

94 MAR -4  AM 10: 44

PAUL C. KARNEY, CLERK
U.S. BANKRUPTCY COURT
SAN JOSE, CA

Name of Creditor
*(The person or entity to whom the debtor owes money or property)*

Seagate Technology, Inc.

Name and Addresses Where Notices Should Be Sent
c/o Michael F. Grady
Bergeson, Eliopoulos, Grady & Gray
10 Almaden Blvd., #200
San Jose, CA  95113

Telephone No. 408-291-6200

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☒ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR COURT USE ONLY

ACCOUNT OR OTHER NUMBER BY WHICH CREDITOR IDENTIFIES DEBTOR:

Check here if this claim: ☐ replaces   ☐ amends   a previously filed claim, dated: _____

**1. BASIS FOR CLAIM:**
- ☐ Goods sold
- ☐ Services performed
- ☒ Money loaned
- ☐ Personal injury/wrongful death
- ☐ Taxes
- ☐ Other (Describe briefly)

- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries, and compensations (Fill out below)
  Your social security number _____
  Unpaid compensations for services performed
  from _____ to _____
  (date)           (date)

**2. DATE DEBT WAS INCURRED:**  7/17/89

**3. IF COURT JUDGMENT, DATE OBTAINED:**

**4. CLASSIFICATION OF CLAIM.** Under the Bankruptcy Code all claims are classified as one or more of the following: (1) Unsecured nonpriority, (2) Unsecured Priority, (3) Secured. It is possible for part of a claim to be in one category and part in another.
CHECK THE APPROPRIATE BOX OR BOXES that best describe your claim and STATE THE AMOUNT OF THE CLAIM.

☐ SECURED CLAIM $ _____
Attach evidence of perfection of security interest
Brief Description of Collateral:
☐ Real Estate   ☐ Motor Vehicle   ☐ Other (Describe briefly)

Amount of arrearage and other charges included in secured claim above, if any $ _____

☒ UNSECURED NONPRIORITY CLAIM $25,000 + interest & court costs
A claim is unsecured if there is no collateral or lien on property of the debtor securing the claim or to the extent that the value of such property is less than the amount of the claim.

☐ UNSECURED PRIORITY CLAIM $ _____
Specify the priority of the claim.
- ☐ Wages, salaries, or commissions (up to $2000), earned not more than 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier—11 U.S.C. § 507(a)(3)
- ☐ Contributions to an employee benefit plan—11 U.S.C. § 507(a)(4)
- ☐ Up to $900 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use—11 U.S.C. § 507(a)(6)
- ☐ Taxes or penalties of governmental units—11 U.S.C. § 507(a)(7)
- ☐ Other—11 U.S.C. §§ 507(a)(2), (a)(5)—(Describe briefly)

**5. TOTAL AMOUNT OF CLAIM AT TIME CASE FILED:** $ 25,000 + interest from 7/18/91 and court costs (Unsecured)   $ _____ (Secured)   $ _____ (Priority)   $25,000 + interest & court costs (Total)

☒ Check this box if claim includes prepetition charges in addition to the principal amount of the claim. Attach itemized statement of all additional charges.

**6. CREDITS AND SETOFFS:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim. In filing this claim, claimant has deducted all amounts that claimant owes to debtor.

THIS SPACE IS FOR COURT USE ONLY

**7. SUPPORTING DOCUMENTS:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, or evidence of security interests. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**8. TIME-STAMPED COPY:** To receive an acknowledgement of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

| Date February 23, 1994 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) *[signature]* Michael F. Grady, Attorney for Seagate Technology |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

| ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME AND ADDRESS) | TELEPHONE | FOR COURT USE ONLY |
|---|---|---|

Michael F. Grady
BERGESON & ELIOPOULOS
Ten Almaden Boulevard, Suite 200
San Jose, CA 95113
ATTORNEY FOR (NAME): Seagate Technology, Inc.

(408) 25 200

Insert name of court, judicial district or branch court, if any, and post office and street address:

Santa Cruz County Municipal Court
701 Ocean Street, Room 120
Santa Cruz, CA 95060

# F I L E D

## JUN 3 0 1993

PAUL AHERN, CLERK
BY JANICE WARD
DEPUTY, SANTA CRUZ COUNTY

PLAINTIFF: Seagate Technology, Inc.

DEFENDANT: Velvin Hogan

☐ DOES 1 TO _____

## CONTRACT

[X] COMPLAINT ☐ CROSS-COMPLAINT

CASE NUMBER:

MS 93 0919

1. This pleading, including exhibits and attachments, consists of the following number of pages: 4

2. a. Each plaintiff named above is a competent adult
   [X] Except plaintiff (name): Seagate Technology, Inc.

   [X] a corporation qualified to do business in California
   ☐ an unincorporated entity (describe):
   ☐ other (specify):

   b. [X] Plaintiff (name): Seagate Technology, Inc.
   [X] has complied with the fictitious business name laws and is doing business under the fictitious name
   of (specify): Seagate Technology
   ☐ has complied with all licensing requirements as a licensed (specify):

   c. ☐ Information about additional plaintiffs who are not competent adults is shown in Complaint-Attachment 2c.

3. a. Each defendant named above is a natural person
   ☐ Except defendant (name):                          ☐ Except defendant (name):

   ☐ a business organization, form unknown            ☐ a business organization, form unknown
   ☐ a corporation                                     ☐ a corporation
   ☐ an unincorporated entity (describe):              ☐ an unincorporated entity (describe):

   ☐ a public entity (describe):                       ☐ a public entity (describe):

   ☐ other (specify):                                  ☐ other (specify):

   b. The true names and capacities of defendants sued as Does are unknown to plaintiff.
   c. ☐ Information about additional defendants who are not natural persons is contained in Complaint-Attachment 3c.
   d. ☐ Defendants who are joined pursuant to Code of Civil Procedure section 382 are (names):

(Continued)

If this form is used as a cross-complaint, plaintiff means cross-complainant and defendant means cross-defendant.

Form Approved by the
Judicial Council of California
Effective January 1, 1982
Rule 982.1(20)

**COMPLAINT - Contract**

60

CCP 425.12

## COMPLAINT-Contract

4. ☐ Plaintiff is required to comply with a claims statute, and
    a. ☐ plaintiff has complied with applicable claims statutes, or
    b. ☐ plaintiff is excused from complying because (specify):

5. ☐ This action is subject to ☐ Civil Code section 1812.10 ☐ Civil Code section 2984.4.

6. This action is filed in this ☒ county ☒ judicial district because
    a. ☒ a defendant entered into the contract here.
    b. ☐ a defendant lived here when the contract was entered into.
    c. ☐ a defendant lives here now.
    d. ☒ the contract was to be performed here.
    e. ☐ a defendant is a corporation or unincorporated association and its principal place of business is here.
    f. ☐ real property that is the subject of this action is located here.
    g. ☐ other (specify):

7. ☐ The following paragraphs of this pleading are alleged on information and belief (specify paragraph numbers):

8. ☐ Other:

9. The following causes of action are attached and the statements above apply to each: (Each complaint must have one or more causes of action attached.)
    ☒ Breach of Contract          ☐ Common Counts
    ☐ Other (specify):

10. PLAINTIFF PRAYS
For judgment for costs of suit; for such relief as is fair, just, and equitable; and for
☒ damages of $ 25,000
☒ interest on the damages ☐ according to proof ☒ at the rate of 10      percent per year
    from (date): July 19, 1991
☐ attorney fees ☐ of $ _____ ☐ according to proof.
☐ other (specify):

Michael F. Grady . . . . . . . .
    (Type or print name)

                                  (Signature of plaintiff or attorney)

(If you wish to verify this pleading, affix a verification.)

FIRST _____   **CAUSE OF ACTION - Breach of Contract**     Page 3 ____
     *(number)*

ATTACHMENT TO [X] Complaint· [ ] Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

BC-1.  Plaintiff *(name)*: Seagate Technology, Inc.

alleges that on or about *(date)*: July 17, 1989
a [X] written  [ ] oral  [ ] other *(specify)*:
agreement was made between *(name parties to agreement)*: plaintiff and Velvin Hogan

[X] A copy of the agreement is attached as Exhibit A, or
[ ] The essential terms of the agreement [ ] are stated in Attachment BC-1 [ ] are as follows *(specify)*:

BC-2.  On or about *(dates)*: April 19, 1992
defendant breached the agreement by [ ] the acts specified in Attachment BC-2 [X] the following acts
*(specify)*: Failure to repay plaintiff the principal sum of $25,000.00,
together with accrued interest thereon, within 270 days of
defendant's termination of employment with plaintiff which
occurred on or about July 19, 1991

BC-3.  Plaintiff has performed all obligations to defendant except those obligations plaintiff was prevented or
excused from performing.

BC-4.  Plaintiff suffered damages legally (proximately) caused by defendant's breach of the agreement
[ ] as stated in Attachment BC-4 [X] as follows *(specify)*: The principal sum of $25,000.00
plus prejudgment interest thereon from July 19, 1991 at the agreed
rate of ten percent

BC-5.  [ ] Plaintiff is entitled to attorney fees by an agreement or a statute
[ ] of $
[ ] according to proof.

BC-6.  [ ] Other:

**61**  Form Approved by the
Judicial Council of California
Effective January 1, 1982
Rule 982.1(21)          **CAUSE OF ACTION - Breach of Contract**          CCP 425.12

$25,000.00                                    Scotts Valley, California

                                              July 17, 1989


FOR VALUE RECEIVED, Velvin Hogan ("Employee") promises to pay
SEAGATE TECHNOLOGY ("Company"), 920 Disc Drive, Scotts Valley,
California, 95066, on order, on June 30, 1990 the sum of TWENTY
FIVE THOUSAND DOLLARS with interest at TEN PERCENT (10%) per
annum, interest to be forgiven so long as Employee remains in
Seagate's employment.  Employee further agrees to apply FIFTY
PERCENT (50%) of any bonus received, net of tax, to payment of
principal and any interest due on the note starting with the
bonus payment for calendar quarter performance beginning
April 1, 1989.

Any unpaid balance is due and payable within 270 days of
Employee's termination of employment with Seagate or sale of the
Employee's real property, whichever occurs first.

This note is subject to Section 2966 of the Civil Code, which
provides that the holder of this note shall give written notice
to the Trustor, or his successor in interest, of prescribed
information at least 60 and not more than 150 days before any
balloon payment is due.

This note supersedes any and all past note agreements with
Employee.  The Employee will be forgiven past interest charges
that may have accrued and were unpaid.


                                    _____
                                    Velvin Hogan

B10 (Official Form 10)
(Rev. 6/91)

| **United States Bankruptcy Court**<br>NORTHERN _____ District of _ CALIFORNIA | **PROOF OF CLAIM** |
|---|---|

FILED

1994 FEB 28 AM 10:30

Ma

PAUL C. KARROW, CLERK
U.S. BANKRUPTCY COURT
SAN JOSE, CA

| In re (Name of Debtor) VELVIN R. HOGAN and<br>CAROL K. HOGAN | Case Number<br>93-58291-MM |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" of payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor<br>*(The person or entity to whom the debtor owes money or property)*<br>Seagate Technology, Inc.<br>Name and Addresses Where Notices Should be Sent<br>c/o Michael F. Grady<br>Bergeson, Eliopoulos, Grady & Gray<br>10 Almaden Blvd., #200<br>San Jose, CA  95113<br>Telephone No. 408-291-6200 | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☒ Check box if you have never received any notices from the bankruptcy court in this case.<br><br>☐ Check box if the address differs from the address on the envelope sent to you by the court. | THIS SPACE IS FOR<br>COURT USE ONLY |
|---|---|---|

3-1-94

| ACCOUNT OR OTHER NUMBER BY WHICH CREDITOR IDENTIFIES DEBTOR: | Check here if this claim: ☐ replaces ☐ amends   a previously filed claim, dated: _____ |
|---|---|

| 1. BASIS FOR CLAIM<br>☐ Goods sold<br>☐ Services performed<br>☒ Money loaned<br>☐ Personal injury/wrongful death<br>☐ Taxes<br>☐ Other (Describe briefly) | ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)<br>☐ Wages, salaries, and compensations (Fill out below)<br>  Your social security number _____<br>  Unpaid compensations for services performed<br>  from _____ to _____<br>       (date)        (date) |
|---|---|

| 2. DATE DEBT WAS INCURRED:<br>7/17/89 | 3. IF COURT JUDGMENT, DATE OBTAINED: |
|---|---|

4. CLASSIFICATION OF CLAIM. Under the Bankruptcy Code all claims are classified as one or more of the following: (1) Unsecured nonpriority, (2) Unsecured Priority, (3) Secured. It is possible for part of a claim to be in one category and part in another.
CHECK THE APPROPRIATE BOX OR BOXES that best describe your claim and STATE THE AMOUNT OF THE CLAIM.

| ☐ SECURED CLAIM $ _____<br>Attach evidence of perfection of security interest<br>Brief Description of Collateral:<br>☐ Real Estate  ☐ Motor Vehicle  ☐ Other (Describe briefly)<br><br>Amount of arrearage and other charges included in secured claim above, if any is $ _____<br><br>☒ UNSECURED NONPRIORITY CLAIM $ 25,000/ + interest / court costs<br>A claim is unsecured if there is no collateral or lien on property of the debtor securing the claim or to the extent that the value of such property is less than the amount of the claim. | ☐ UNSECURED PRIORITY CLAIM $ _____<br>Specify the priority of your claim.<br>☐ Wages, salaries, or commissions (up to $2000), earned not more than 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier)—11 U.S.C. § 507(a)(3)<br>☐ Contributions to an employee benefit plan—U.S.C. § 507(a)(4)<br>☐ Up to $900 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use—11 U.S.C. § 507(a)(6)<br>☐ Taxes or penalties of governmental units—11 U.S.C. § 507(a)(7)<br>☐ Other—11 U.S.C. §§ 507(a)(2), (a)(5)—(Describe briefly) |
|---|---|

| 5. TOTAL AMOUNT OF CLAIM AT TIME CASE FILED: | $ 25,000/ + interest from 7/19/91's (Unsecured) court costs | $ _____ (Secured) | $ _____ (Priority) | $ 25,000 + interest & court costs (Total) |
|---|---|---|---|---|

☒ Check this box if claim includes prepetition charges in addition to the principal amount of the claim. Attach itemized statement of all additional charges.

| 6. CREDITS AND SETOFFS: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim. In filing this claim, claimant has deducted all amounts that claimant owes to debtor. | THIS SPACE IS FOR<br>COURT USE ONLY |
|---|---|

7. SUPPORTING DOCUMENTS: *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, or evidence of security interests. If the documents are not available, explain. If the documents are voluminous, attach a summary.

8. TIME-STAMPED COPY: To receive an acknowledgement of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

| Date<br><br>February 23, 1994 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any)<br><br>Michael F. Grady, Attorney for Seagate Technology |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

Exhibit A

ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME AND ADDRESS):   TELEPHONE:   FOR COURT USE ONLY

Michael F. Grady
BERGESON & ELIOPOULOS
Ten Almaden Boulevard, Suite 200
San Jose, CA  95113

(408) 291-6200

ATTORNEY FOR (NAME): Seagate Technology, Inc.

Insert name of court, judicial district or branch court, if any, and post office and street address:

Santa Cruz County Municipal Court
701 Ocean Street, Room 120
Santa Cruz, CA  95060

**F I L E D**

JUN 30 1993

PAUL AHERN, CLERK
BY JANICE WARD
DEPUTY, SANTA CRUZ COUNTY

PLAINTIFF: Seagate Technology, Inc.

DEFENDANT: Velvin Hogan

☐ DOES 1 TO _____

| **CONTRACT** | CASE NUMBER: |
| ☒ COMPLAINT   ☐ CROSS-COMPLAINT | MS 93 0919 |

1. This pleading, including exhibits and attachments, consists of the following number of pages: _4_

2. a. Each plaintiff named above is a competent adult
   ☒ Except plaintiff *(name)*: Seagate Technology, Inc.

      ☒ a corporation qualified to do business in California
      ☐ an unincorporated entity *(describe)*:
      ☐ other *(specify)*:

   b. ☒ Plaintiff *(name)*: Seagate Technology, Inc.
      ☒ has complied with the fictitious business name laws and is doing business under the fictitious name
         of *(specify)*: Seagate Technology
      ☐ has complied with all licensing requirements as a licensed *(specify)*:

   c. ☐ Information about additional plaintiffs who are not competent adults is shown in Complaint-Attachment 2c.
3. a. Each defendant named above is a natural person
      ☐ Except defendant *(name)*:        ☐ Except defendant *(name)*:

      ☐ a business organization, form unknown     ☐ a business organization, form unknown
      ☐ a corporation                 ☐ a corporation
      ☐ an unincorporated entity *(describe)*:    ☐ an unincorporated entity *(describe)*:

      ☐ a public entity *(describe)*:         ☐ a public entity *(describe)*:

      ☐ other *(specify)*:              ☐ other *(specify)*:

   b. The true names and capacities of defendants sued as Does are unknown to plaintiff.
   c. ☐ Information about additional defendants who are not natural persons is contained in Complaint-
      Attachment 3c.
   d. ☐ Defendants who are joined pursuant to Code of Civil Procedure section 382 are *(names)*:

*(Continued)*

If this form is used as a cross-complaint, plaintiff means cross-complainant and defendant means cross-defendant.

Form Approved by the
Judicial Council of California
Effective January 1, 1982
Rule 982.1(20)

60

**COMPLAINT - Contract**

CCP 425.12

| SHORT TITLE: Seagate v. Jgan | CASE NUMBER |
|---|---|

**COMPLAINT**-Contract

4. ☐ Plaintiff is required to comply with a claims statute, and
    a. ☐ plaintiff has complied with applicable claims statutes, or
    b. ☐ plaintiff is excused from complying because *(specify):*

5. ☐ This action is subject to ☐ Civil Code section 1812.10 ☐ Civil Code section 2984.4.

6. This action is filed in this ☒ county ☒ judicial district because
    a. ☒ a defendant entered into the contract here.
    b. ☐ a defendant lived here when the contract was entered into.
    c. ☐ a defendant lives here now.
    d. ☒ the contract was to be performed here.
    e. ☐ a defendant is a corporation or unincorporated association and its principal place of business is here.
    f. ☐ real property that is the subject of this action is located here.
    g. ☐ other *(specify):*

7. ☐ The following paragraphs of this pleading are alleged on information and belief *(specify paragraph numbers):*

8. ☐ Other:

9. The following causes of action are attached and the statements above apply to each:  *(Each complaint must have one or more causes of action attached.)*
    ☒ Breach of Contract        ☐ Common Counts
    ☐ Other *(specify):*

10. PLAINTIFF PRAYS
    For judgment for costs of suit; for such relief as is fair, just, and equitable; and for
    ☒ damages of $ 25,000
    ☒ interest on the damages ☐ according to proof ☒ at the rate of 10 percent per year
    from *(date):* July 19, 1991
    ☐ attorney fees ☐ of $_____ ☐ according to proof.
    ☐ other *(specify):*

Michael F. Grady
    *(Type or print name)*                *(Signature of plaintiff or attorney)*

*(If you wish to verify this pleading, affix a verification.)*

| SHORT TITLE: Seagate v. Hogan | CASE NUMBER |
|---|---|

<u>FIRST</u> **CAUSE OF ACTION** - Breach of Contract  Page **3**
(number)

ATTACHMENT TO [X] Complaint- [ ] Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

BC-1.  Plaintiff *(name):* Seagate Technology, Inc.

alleges that on or about *(date):* July 17, 1989
a [X] written [ ] oral [ ] other *(specify):*
agreement was made between *(name parties to agreement):* plaintiff and Velvin Hogan

[X] A copy of the agreement is attached as Exhibit A, or
[ ] The essential terms of the agreement [ ] are stated in Attachment BC-1 [ ] are as follows *(specify):*

BC-2.  On or about *(dates):* April 19, 1992
defendant breached the agreement by [ ] the acts specified in Attachment BC-2 [X] the following acts
*(specify):* Failure to repay plaintiff the principal sum of $25,000.00,
together with accrued interest thereon, within 270 days of
defendant's termination of employment with plaintiff which
occurred on or about July 19, 1991

BC-3.  Plaintiff has performed all obligations to defendant except those obligations plaintiff was prevented or
excused from performing.

BC-4.  Plaintiff suffered damages legally (proximately) caused by defendant's breach of the agreement
[ ] as stated in Attachment BC-4 [X] as follows *(specify):* The principal sum of $25,000.00
plus prejudgment interest thereon from July 19, 1991 at the agreed
rate of ten percent

BC-5.  [ ] Plaintiff is entitled to attorney fees by an agreement or a statute
[ ] of $
[ ] according to proof.

BC-6.  [ ] Other:

61  Form Approved by the
Judicial Council of California
Effective January 1, 1982
Rule 982.1(21)

**CAUSE OF ACTION** - Breach of Contract

CCP 425.12

Exhibit A

$25,000.00                                   Scotts Valley, California

                                             July 17, 1989


FOR VALUE RECEIVED, Velvin Hogan ("Employee") promises to pay
SEAGATE TECHNOLOGY ("Company"), 920 Disc Drive, Scotts Valley,
California, 95066, on order, on June 30, 1990 the sum of TWENTY
FIVE THOUSAND DOLLARS with interest at TEN PERCENT (10%) per
annum, interest to be forgiven so long as Employee remains in
Seagate's employment.  Employee further agrees to apply FIFTY
PERCENT (50%) of any bonus received, net of tax, to payment of
principal and any interest due on the note starting with the
bonus payment for calendar quarter performance beginning
April 1, 1989.

Any unpaid balance is due and payable within 270 days of
Employee's termination of employment with Seagate or sale of the
Employee's real property, whichever occurs first.

This note is subject to Section 2966 of the Civil Code, which
provides that the holder of this note shall give written notice
to the Trustor, or his successor in interest, of prescribed
information at least 60 and not more than 150 days before any
balloon payment is due.

This note supersedes any and all past note agreements with
Employee.  The Employee will be forgiven past interest charges
that may have accrued and were unpaid.


                                 _____
                                 Velvin Hogan

# United States Bankruptcy Court

__Northern__ District of __California__

**PROOF OF CLAIM**

| In re (Name of Debtor) | Case Number |
|---|---|
| Hogan, Velvin R and Carol K. | 93-58291MM |

**NOTE:** This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" of payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

**Name of Creditor**
*(The person or entity to whom the debtor owes money or property)*

Corstan, Inc.

**Name and Addresses Where Notices Should be Sent**

Corstan Inc.
Collection Department
P.O. Box 94707
Las Vegas, NV 89193

Telephone No. __702-222-1886__

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

**THIS SPACE IS FOR COURT USE ONLY**

ACCOUNT OR OTHER NUMBER BY WHICH CREDITOR IDENTIFIES DEBTOR:   Check here if this claim ☐ replaces ☐ amends a previously filed claim, dated: _____

**1. BASIS FOR CLAIM**
☐ Goods sold
☒ Services performed
☒ Money loaned
☐ Personal injury/wrongful death
☐ Taxes
☐ Other (Describe briefly)

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensations (Fill out below)
Your social security number _____
Unpaid compensations for services performed
from _____ to _____
(date)          (date)

**2. DATE DEBT WAS INCURRED**
October 6, 1988

**3. IF COURT JUDGMENT, DATE OBTAINED:**

**4. CLASSIFICATION OF CLAIM.** Under the Bankruptcy Code all claims are classified as one or more of the following: (1) Unsecured nonpriority, (2) Unsecured Priority, (3) Secured. It is possible for part of a claim to be in one category and part in another.
CHECK THE APPROPRIATE BOX OR BOXES that best describe your claim and STATE THE AMOUNT OF THE CLAIM.

☒ SECURED CLAIM $ __185,865.22__
Attach evidence of perfection of security interest
Brief Description of Collateral:
☐ Real Estate  ☐ Motor Vehicle  ☐ Other (Describe briefly)

Amount of arrearage and other charges included in secured claim above, if any $ _____

☐ UNSECURED NONPRIORITY CLAIM $ _____
A claim is unsecured if there is no collateral or lien on property of the debtor securing the claim or to the extent that the value of such property is less than the amount of the claim.

☐ UNSECURED PRIORITY CLAIM $ _____
Specify the priority of the claim.
☐ Wages, salaries, or commissions (up to $ 2000), earned not more than 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier) - 11 U.S.C. § 507(a)(3)
☐ Contributions to an employee benefit plan - U.S.C. § 507(a)(4)
☐ Up to $ 900 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6)
☐ Taxes or penalties of governmental units - 11 U.S.C. § 507(a)(7)
☐ Other - 11 U.S.C. §§ 507(a)(2), (a)(5) - (Describe briefly)

**5. TOTAL AMOUNT OF CLAIM AT TIME CASE FILED:**

| $ =0= (Unsecured) | $ 185,865.22 (Secured) | $ -0- (Priority) | $ 185865.22 (Total) |
|---|---|---|---|

☐ Check this box if claim includes prepetition charges in addition to the principal amount of the claim. Attach itemized statement of all additional charges.

**6. CREDITS AND SETOFFS:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim. In filing this claim, claimant has deducted all amounts that claimant owes to debtor.

**THIS SPACE IS FOR COURT USE ONLY**

**7. SUPPORTING DOCUMENTS:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, or evidence of security interests. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**8. TIME-STAMPED COPY:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) |
|---|---|
| 01/17/94 | *Candace Carducci* Candace Carducci, Collection/foreclosure Counselor |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# WESTCO SAVINGS BANK

Loan Servicing and Accounting Department
5510 La Palma Avenue
La Palma, California 90623
(714) 821-6571
FAX (714) 527-8392

June 1, 1989

Velvin R. Hogan
Carol K. Hogan
Harley E. Whitcomb
306 Colville Dr.
San Jose, Ca. 95123

RE:   Servicing Transfer of
      Westco Savings Loan Number: ▮▮▮▮▮

Dear Homeowner:

As of June 30, 1989, the servicing of your loan will be transferred to
Corstan, Inc., in Las Vegas, Nevada.  It is normal practice within the
mortgage banking industry to transfer servicing between two mortgage
servicing companies.   This transfer will not affect the terms of
conditions of your mortgage in any way.

Beginning  with  your  July  1,  1989,  payment  in  the  amount  of
$ 1,924.29 , your check should be made payable to Corstan, Inc., and
mailed to the address below:

> Corstan, Inc.
> P.O. Box 81200
> Las Vegas, NV   89180-1200
> Attn:  Cashiering Department

... have provided you with a self-addressed postage paid envelope to
for your July 1989 payment.   Once your loan has been set up on
tan's system you will be receiving payment coupons.

... the meantime, should you have any questions regarding the transfer
your loan, you may contact the person(s) listed below by dialing 1-
...-251-5440 or for your convenience you use their toll free number at
...00-234-7717:

| | |
|---|---|
| Dan Miller, Cashiering Manager | Ext. 277 |
| Karletta Williams, Escrow Manager | Ext. 253 |
| Doug Schreiner, Collections Manager | Ext. 251 |

...cerely,

*Laura Barry*

WESTCO SAVINGS BANK

RECORDING REQUESTED BY

WESTCO SAVINGS BANK, F.S.B.

AND WHEN RECORDED MAIL TO

Name    WESTCO SAVINGS BANK, F.S.B.
Address   4000 MOORPARK AVE. #206
City &    SAN JOSE, CA 95117
State

LOAN #
SYS #

Title Order No. _____   Escrow No. 300352

SPACE ABOVE THIS LINE FOR RECORDER'S USE

# Corporation Assignment of Deed of Trust

FOR VALUE RECEIVED, the undersigned hereby grants, assigns and transfers to

    RESIDENTIAL FUNDING CORPORATION

all beneficial interest under that certain Deed of Trust dated    OCTOBER 3, 1988
executed by   VELVIN R. HOGAN AND CAROL K. HOGAN HUSBAND AND WIFE
       HARLEY E. WHITCOMB AND LOU E. WHITCOMB HUSBAND AND WIFE

                                                            , Trustor,
                                                            , Trustee,

to      WILMINGTON FINANCIAL CORPORATION, A CALIFORNIA CORPORATION
and recorded as Instrument No. 9861455    on OCTOBER 6, 1988    in book         , page
       , of Official Records in the County Recorder's office of     SANTA CLARA    County,
California, describing land therein as:

     Lot 63, Tract 4493, filed July 10, 1968 in Map Book 239 at page 46, Santa
Clara County Records.

    TOGETHER with the note or notes therein described or referred to, the money due and to become due thereon
with interest, and all rights accrued or to accrue under said Deed of Trust.

STATE OF CALIFORNIA
COUNTY OF    SANTA CLARA       SS.            WESTCO SAVINGS BANK, F.S.B.
On this   12TH    day of OCTOBER     19 88
before me, the undersigned, a Notary Public in and for said State,
personally appeared _____        CALVIN M. WATTS
         CALVIN M. WATTS               EXEC. VICE-PRESIDENT
who executed the within instrument as    EXEC VICE
President, and _____    *Deborah J. Moore*
       DEBORAH J. MOORE            DEBORAH J. MOORE
who executed the within instrument as    SR. VICE-PRES       SR. VICE-PRESIDENT
x Secretary, personally known to me (or proved to me on the basis of
satisfactory evidence) to be the persons who executed the within
instrument on behalf of the corporation therein named, and
acknowledged to me that such corporation executed the within
instrument pursuant to its by-laws or a resolution of its board of
directors.

signature   *Bridget L. Schmidt*
         BRIDGET L. SCHMIDT
       Name (Typed or Printed)
    Notary Public in and for said State



OFFICIAL SEAL
BRIDGET L. SCHMIDT
NOTARY PUBLIC - CALIFORNIA
ORANGE COUNTY
My comm. expires JUN 4, 1990

(This area for official notarial seal)

MC 0031 P

WHEN RECORDED MAIL TO

WESTCO SAVINGS BANK, F.S.B.
4000 MOORPARK AVE. #206
SAN JOSE, CA 95117

LOAN #
SYS #

| REC FEE | 7 |
| RMF | |
| MICRO | 5 |
| LIEN NOT | |
| SMPF | |
| PCOR | |

Recorded at the request of
American Title Insurance Company

OCT  6 1988   8:00 A.M.

Laurie Kane, Recorder
Santa Clara County, Official Records

K 708 PAGE 1827

SPACE ABOVE THIS LINE FOR RECORDER'S USE

# DEED OF TRUST

THIS DEED OF TRUST ("Security Instrument") is made on  OCTOBER 3 , 19 88 . The trustor is  VELVIN R. HOGAN AND CAROL K. HOGAN HUSBAND AND WIFE
AND HARLEY E. WHITCOMB AND LOU E. WHITCOMB HUSBAND AND WIFE

("Borrower").

The trustee is  WILMINGTON FINANCIAL CORPORATION,
A CALIFORNIA CORPORATION

("Trustee").

The beneficiary is  WESTCO SAVINGS BANK, F.S.B.

which is organized and existing under the laws of  CALIFORNIA , and whose
address is  1000 CORPORATE POINTE
CULVER CITY, CA 90230

("Lender").

Borrower owes Lender the principal sum of  ONE HUNDRED NINETY FIVE THOUSAND AND 00/100
Dollars (U.S. $ 195,000.00 ). This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for monthly payments, with the full debt, if not paid earlier, due and payable on  NOVEMBER 1, 2018 . This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all renewals, extensions and modifications; (b) the payment of all other sums, with interest, advanced under paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in  SANTA CLARA  County, California:

All that certain real property situated in the city of San Jose, County of Santa Clara, State of California, described as follows:

Lot 63, Tract 4493, filed July 10, 1968 in Map Book 239 at page 46, Santa Clara County Records.

which has the address of  306 COLVILLE DRIVE  (Street)

SAN JOSE  (City) , California  95123  (Zip Code) ("Property Address");

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances, rents, royalties, mineral, oil and gas rights and profits, water rights and stock and all fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

CALIFORNIA—Single Family—FNMA/FHLMC UNIFORM INSTRUMENT

Form 3005 12/83

K 708 PAGE 1829

Any amounts disbursed by Lender under this paragraph 7 shall become additional debt of Borrower secured by this Security Instrument. Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.

If Lender required mortgage insurance as a condition of making the loan secured by this Security Instrument, Borrower shall pay the premiums required to maintain the insurance in effect until such time as the requirement for the insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

8. **Inspection.** Lender or its agent may make reasonable entries upon and inspections of the Property. Lender shall give Borrower notice at the time of or prior to an inspection specifying reasonable cause for the inspection.

9. **Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender.

In the event of a total taking of the Property, the proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with any excess paid to Borrower. In the event of a partial taking of the Property, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the taking, divided by (b) the fair market value of the Property immediately before the taking. Any balance shall be paid to Borrower.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the condemnor offers to make an award or settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the proceeds, at its option, either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due.

Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in paragraphs 1 and 2 or change the amount of such payments.

10. **Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successors in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

11. **Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 17. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

12. **Loan Charges.** If the loan secured by this Security Instrument is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge under the Note.

13. **Legislation Affecting Lender's Rights.** If enactment or expiration of applicable laws has the effect of rendering any provision of the Note or this Security Instrument unenforceable according to its terms, Lender, at its option, may require immediate payment in full of all sums secured by this Security Instrument and may invoke any remedies permitted by paragraph 19. If Lender exercises this option, Lender shall take the steps specified in the second paragraph of paragraph 17.

14. **Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any other address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

15. **Governing Law; Severability.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

16. **Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

17. **Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

18. **Borrower's Right to Reinstate.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earlier of: (a) 5 days (or such other period as applicable law may specify for reinstatement) before sale of the Property pursuant to any power of sale contained in this Security Instrument; or (b) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note had no acceleration occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees; and (d) takes such action as Lender may reasonably require to assure that the lien of this Security Instrument, Lender's rights in the Property and Borrower's obligation to pay the sums secured by this Security Instrument shall continue unchanged. Upon reinstatement by Borrower, this Security Instrument and the obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under paragraphs 13 or 17.



Any amounts disbursed by Lender under this paragraph 7 shall become additional debt of Borrower secured by this Security Instrument. Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.

If Lender required mortgage insurance as a condition of making the loan secured by this Security Instrument, Borrower shall pay the premiums required to maintain the insurance in effect until such time as the requirement for the insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

**8. Inspection.** Lender or its agent may make reasonable entries upon and inspections of the Property. Lender shall give Borrower notice at the time of or prior to an inspection specifying reasonable cause for the inspection.

**9. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender.

In the event of a total taking of the Property, the proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with any excess paid to Borrower. In the event of a partial taking of the Property, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the taking, divided by (b) the fair market value of the Property immediately before the taking. Any balance shall be paid to Borrower.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the condemnor offers to make an award or settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the proceeds, at its option, either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due.

Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in paragraphs 1 and 2 or change the amount of such payments.

**10. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successors in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

**11. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 17. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

**12. Loan Charges.** If the loan secured by this Security Instrument is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge under the Note.

**13. Legislation Affecting Lender's Rights.** If enactment or expiration of applicable laws has the effect of rendering any provision of the Note or this Security Instrument unenforceable according to its terms, Lender, at its option, may require immediate payment in full of all sums secured by this Security Instrument and may invoke any remedies permitted by paragraph 19. If Lender exercises this option, Lender shall take the steps specified in the second paragraph of paragraph 17.

**14. Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any other address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**15. Governing Law; Severability.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

**16. Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

**17. Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**18. Borrower's Right to Reinstate.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earlier of: (a) 5 days (or such other period as applicable law may specify for reinstatement) before sale of the Property pursuant to any power of sale contained in this Security Instrument; or (b) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note had no acceleration occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees; and (d) takes such action as Lender may reasonably require to assure that the lien of this Security Instrument, Lender's rights in the Property and Borrower's obligation to pay the sums secured by this Security Instrument shall continue unchanged. Upon reinstatement by Borrower, this Security Instrument and the obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under paragraphs 13 or 17.

Case 5:12-cv-00405-LHK Document 350 Filed 12/07/12 Page 47 of 62

K 708 PAGE 1830

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

19. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under paragraphs 13 and 17 unless applicable law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this paragraph 19, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute a written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold. Trustee shall cause this notice to be recorded in each county in which any part of the Property is located. Lender or Trustee shall mail copies of the notice as prescribed by applicable law to Borrower and to the other persons prescribed by applicable law. Trustee shall give public notice of sale to the persons and in the manner prescribed by applicable law. After the time required by applicable law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or its designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

20. Lender in Possession. Upon acceleration under paragraph 19 or abandonment of the Property, Lender (in person, by agent or by judicially appointed receiver) shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property (including those past due. Any rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorneys' fees, and then to the sums secured by this Security Instrument.

21. Reconveyance. Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all notes evidencing debt secured by this Security Instrument to Trustee. Trustee shall reconvey the Property without warranty and without charge to the person or persons legally entitled to it. Such person or persons shall pay any recordation costs.

22. Substitute Trustee. Lender, at its option, may from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by Lender and recorded in the office of the Recorder of the county in which the Property is located. The instrument shall contain the name of the original Lender, Trustee and Borrower, the book and page where this Security Instrument is recorded and the name and address of the successor trustee. Without conveyance of the Property, the successor trustee shall succeed to all the title, powers and duties conferred upon the Trustee herein and by applicable law. This procedure for substitution of trustee shall govern to the exclusion of all other provisions for substitution.

23. Request for Notices. Borrower requests that copies of the notices of default and sale be sent to Borrower's address which is the Property Address.

24. Statement of Obligation. Lender may collect a fee, not to exceed the maximum amount permitted by law for furnishing the statement of obligation as provided by Section 2943 of the Civil Code of California ($50.00).

25. Riders to this Security Instrument. If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants and agreements of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument. [Check applicable box(es)]

☒ Adjustable Rate Rider     ☐ Condominium Rider          ☐ 1-4 Family Rider
☐ Graduated Payment Rider   ☐ Planned Unit Development Rider
☐ Other(s) [specify]

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

X *Velvin R. Hogan* _____ (Borrower)    X *Carol K. Hogan* _____ (Borrower)
VELVIN R. HOGAN                                CAROL K. HOGAN

X *Harley E. Whitcomb* _____ (Borrower)    X *Lou E. Whitcomb* _____ (Borrower)
HARLEY E. WHITCOMB                             LOU E. WHITCOMB

[Space Below This Line Reserved For Acknowledgment]

State of California,   SANTA CLARA                County ss:

On this   4th                  day of   October          , 19 88   before me, the undersigned, a Notary Public in and for said State, personally appeared VELVIN R. HOGAN           CAROL K. HOGAN
HARLEY E. WHITCOMB          LOU E. WHITCOMB
personally known to me or proved to me on the basis of satisfactory evidence to be the person(s) whose name(s)  are/is   subscribed to the foregoing instrument and acknowledged that   they/he/she   executed the same.

Witness my hand and official seal.

Signature _____
             V. HEAP

(Reserved for official seal)

My commission expires: 8-10-90

OFFICIAL SEAL
V. HEAP
Notary Public-California
SANTA CLARA COUNTY

REQUEST FOR RECONVEYANCE

TO TRUSTEE:
The undersigned is the holder of the note or notes secured by this Deed of Trust. Said note or notes, together with all other indebtedness secured by this Deed of Trust, have been paid in full. You are hereby directed to cancel said note or notes and this Deed of Trust, which are delivered hereby, and to reconvey, without warranty, all the estate now held by you under this Deed of Trust to the person or persons legally entitled thereto.

Dated: _____

# FEDERAL TRUTH-IN-LENDING DISCLOSURE STATEMENT
(THIS IS NEITHER A CONTRACT NOR A COMMITMENT TO LEND)

Creditor:  WESTCO SAVINGS BANK, F.S.B.          VELVIN R. HOGAN
4000 MOORPARK AVE. #206          306 COLVILLE DRIVE
SAN JOSE, CA 95117          SAN JOSE, CA 95123

Date:  OCTOBER 3, 1988          Loan Number:
Check box if applicable:

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. | ☐ Total Sale Price The total cost of your purchase on credit including your down-payment of |
|---|---|---|---|---|
| 10.87 % | $ 456,140.57 | $ 188,593.42 | $ 644,733.99 | $ |
| | | | | $ |

☐ REQUIRED DEPOSIT: The annual percentage rate does not take into account your required deposit.

PAYMENTS: Your payment schedule will be:

| Number of Payments | Amount of Payments | When Payments Are Due | Number of Payments | Amount of Payments | When Payments Are Due | Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|---|---|---|---|---|---|
| 6 | 1413.89 | 71.50 12/01/88 | | | | | | |
| 6 | 1550.31 | 71.50 06/01/89 | | | | | | |
| 6 | 1689.75 | 71.50 12/01/89 | | | | | | |
| 90 | 1742.61 | 71.50 06/01/90 | | | | | | |
| 240 | 1742.61 | 55.25 12/01/97 | | | | | | |
| 11 | 1742.61 | 12/01/17 | | | | | | |
| 1 | 1741.28 | 11/01/18 | | | | | | |

☐ DEMAND FEATURE: This obligation has a demand feature.

☒ VARIABLE RATE:
- THE ANNUAL PERCENTAGE RATE MAY INCREASE DURING THE TERM OF THIS TRANSACTION IF THE "INDEX" INCREASES. THE RATE MAY NOT INCREASE MORE OFTEN THAN EVERY  6  MONTHS COMMENCING ON          MAY 1, 1989
- ANY CHANGE IN THE RATE SHALL NOT EXCEED 1.0000 % MORE OR LESS THAN THE IMMEDIATELY PRECEDING RATE.
- THE INTEREST RATE WILL NOT EXCEED  13.375 % ANY INCREASE IN RATE WILL TAKE THE FORM OF HIGHER PAYMENTS.

THE "INDEX" IS THE MONTHLY WEIGHTED COST OF FUNDS OF MEMBERS OF THE FEDERAL HOME LOAN BANK OF SAN FRANCISCO . PUBLISHED BY THE FEDERAL HOME LOAN BANK OF SAN FRANCISCO .

- BASED ON 1.0000% ADJUSTMENTS PER CHANGE DATE. ONCE YOU'VE REACHED YOUR MAXIMUM INTEREST RATE OF  13.3750% YOUR PAYMENT WOULD INCREASE TO $ 2,121.92

INSURANCE: The following insurance is required to obtain credit:
☐ Credit life insurance and credit disability          ☒ Property insurance          ☐ Flood insurance
You may obtain the insurance from anyone you want that is acceptable to creditor.
☐ If you purchase ☐ property ☐ flood insurance from creditor you will pay $          for a one year term.

SECURITY: You are giving a security interest in:
☒ The goods or property being purchased          ☐ Real property you already own.

FILING FEES: $  25.00

LATE CHARGE: If a payment is more than  15 days late, you will be charged          5  % of the payment.

PREPAYMENT: If you pay off early, you
☐ may ☒ will not          have to pay a penalty.
☐ may ☒ will not          be entitled to a refund of part of the finance charge.

Someone buying your property may, subject to conditions, assume the remainder of your loan on the original terms.

See your contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date and prepayment refunds and penalties.

☐ * means an estimate          ☒ all dates and numerical disclosures except the late payment disclosures are estimates.

The undersigned acknowledge receiving and reading a completed copy of this disclosure.
Neither you nor the creditor previously has become obligated to make or accept this loan, nor is any such obligation made by the delivery or signing of this disclosure.

X _Velvin R. Hogan_          X _Carol K. Hogan_
(Applicant)   VELVIN R. HOGAN          (Applicant)   CAROL K. HOGAN

X _Harley E. Whitcomb_          X _Lou E. Whitcomb_
(Applicant)   HARLEY E. WHITCOMB          (Applicant)   LOU E. WHITCOMB

This disclosure does not include reserve deposits for taxes, assessments, and property or flood insurance.

MSS REG 2 3/85 PA
MC 0018 P

## ADJUSTABLE RATE NOTE
### (RATE CAPS)

8000517O

THIS NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST RATE AND MY MONTHLY PAYMENT. THIS NOTE LIMITS THE AMOUNT MY INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE I MUST PAY.

SYS #

LOAN #

SAN JOSE    CA
(City)         (State)

OCTOBER 3 , 19 88

305 COLVILLE DRIVE SAN JOSE, CA 95123

(Property Address)

**1.    BORROWER'S PROMISE TO PAY**

In return for a loan that I have received, I promise to pay U.S. $    195,000.00    (this amount is called "principal"), plus interest, to the order of the Lender. The Lender is    WESTCO SAVINGS BANK, F.S.B.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

**2.    INTEREST**

Interest will be charged on unpaid principal until the full amount of principal has been paid. I will pay interest at a yearly rate of    7.875 %. The interest rate I will pay will change in accordance with Section 4 of this Note.

The interest rate required by this Section 2 and Section 4 of this Note is the rate I will pay both before and after any default described in Section 7 (B) of this Note.

**3.    PAYMENTS**

(A) Time and Place of Payments

I will pay principal and interest by making payments every month.

I will make my monthly payments on the first day of each month beginning on    DECEMBER 1    , 19 88 . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. My monthly payments will be applied to interest before principal. If, on    NOVEMBER 1    , 2018 , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "maturity date."

I will make my monthly payments at    5510 LA PALMA AVENUE
LA PALMA, CA 90623
, or at a different place if required by the Note Holder.

(B) Amount of My Initial Monthly Payments

Each of my initial monthly payments will be in the amout of U.S. $    1,413.89    . This amount may change.

(C) Monthly Payment Changes

Changes in my monthly payment will reflect changes in the unpaid principal of my loan and in the interest rate that I must pay. The Note Holder will determine my new interest rate and the changed amount of my monthly payment in accordance with Section 4 of this Note.

**4.    INTEREST RATE AND MONTHLY PAYMENT CHANGES**

(A) Change Dates

The interest rate I will pay may change on the first day of    MAY    , 19 89, and on that day every    6th month thereafter. Each date on which my interest rate could change is called a "Change Date."

(B) The Index

BEGINNING WITH THE FIRST CHANGE DATE, MY INTEREST RATE WILL BE BASED ON AN INDEX. THE "INDEX" IS THE MONTHLY WEIGHTED AVERAGE COST OF SAVINGS, BORROWINGS AND ADVANCES OF MEMBERS OF THE FEDERAL HOME LOAN BANK OF SAN FRANCISCO (THE "BANK"), AS MADE AVAILABLE BY THE BANK. THE MOST RECENT INDEX FIGURE AVAILABLE AS OF THE DATE 45 DAYS BEFORE EACH CHANGE DATE IS CALLED THE "CURRENT INDEX". INITIAL INDEX VALUE IS 7.5930 %.

If the Index is no longer available, the Note Holder will choose a new index which is based upon comparable information. The Note Holder will give me notice of this choice.

(C) Calculation of Changes

Before each Change Date, the Note Holder will calculate my new interest rate by adding    + 2.6250    percentage points ( 2.6250    %) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the maturity date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

(D) Limits on Interest Rate Changes

The interest rate I am required to pay at the first Change Date will not be greater than    8.875    % or less than    6.875 %. Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than    1.0000%    from the rate of interest I have been paying for the preceding    6    months. My interest rate will never be greater than    13.375    %.

(E) Effective Date of Changes

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

(F) Notice of Changes

The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

**5.    BORROWER'S RIGHT TO PREPAY**

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Note Holder in writing that I am doing so.

MULTISTATE ADJUSTABLE RATE NOTE

RDF-001

Distribution: Original - Title: Copy - File: Copy - Borrower

Page 1 of 2

I may make a full prepayment or partial prepayments without paying any prepayment charge. The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be no changes in the due dates of my monthly payments unless the Note Holder agrees in writing to those changes. My partial prepayment may reduce the amount of my monthly payments after the first Change Date following my partial prepayment. However, any reduction due to my partial prepayment may be offset by an interest rate increase.

6.   **LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (i) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (ii) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the principal I owe under this Note or by making a direct payment to me. If a refund reduces principal, the reduction will be treated as a partial prepayment.

7.   **BORROWER'S FAILURE TO PAY AS REQUIRED**

(A) Late Charges for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of   15   calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be   5      % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

(B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

(C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is delivered or mailed to me.

(D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

(E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

8.   **GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

9.   **OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety, or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

10.   **WAIVERS**

I and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

11.   **UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

Transfer of the Property or a Beneficial Interest in Borrower. If all or any part of the property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by applicable law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender may also require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

Witness the hand(s) and seal(s) of the undersigned.

X _Velvin R. Hogan_ (Seal)
  Borrower
VELVIN R. HOGAN

X _Carol K. Hogan_ (Seal)
  Borrower
CAROL K. HOGAN

X _Harley E. Whitcomb_ (Seal)
  Borrower
HARLEY E. WHITCOMB

X _Lou E. Whitcomb_ (Seal)
  Borrower
LOU E. WHITCOMB

*(Sign Original Only)*

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

CHAPTER: 07
IN RE:                        CASE NUMBER: 93-58291MM
    VELVIN R. HOGAN
    CAROL K. HOGAN               SSN/ID:
    306 COLVILLE DR.

    SAN JOSE, CA 95123

FILED

MAY 17 1994

PAUL C KARNEY, JR., CLERK
U.S. BANKRUPTCY COURT
SAN JOSE, CA

U. S. BANKRUPTCY COURT
U.S.COURTHOUSE & FED. BLDG
280 SOUTH FIRST ST.,ROOM 3035
SAN JOSE, CA 95113

## D I S C H A R G E   O F   D E B T O R

It appearing that a petition commencing a case under title 11,
United States Code, was filed by or against the person named above
on DECEMBER 27, 1993 , and that an order for relief was entered
under chapter 7, and that no complaint objecting to the discharge
of the debtor was filed within the time fixed by the court (or that
a complaint objecting to discharge of the debtor was filed and, after
due notice and hearing, was not sustained);

IT IS ORDERED that

1.  The above-named debtor is released from all dischargeable debts.

2.  Any judgment heretofore or hereafter obtained in any court
    other than this court is null and void as a determination of
    the personal liability of the debtor with respect to any of
    the following:

    (a) debts dischargeable under 11 U.S.C. sec. 523;

    (b) unless heretofore or hereafter determined by order of this
        court to be nondischargeable, debts alleged to be excepted
        from discharge under clauses (2), (4) and (6) of 11 U.S.C.
        sec 523(a);

    (c) debts determined by this court to be discharged.

3.  All creditors whose debts are discharged by this order and all
    creditors whose judgments are declared null and void by paragraph
    2 above are enjoined from instituting or continuing any action
    or employing any process or engaging in any act to collect such
    debts as personal liabilities of the above-named debtor.

_Marilyn Morgan_

FOR THE COURT, MARILYN MORGAN, DATED MAY 17, 1994
        UNITED STATES BANKRUPTCY JUDGE

```
-BKY0930, CASE 9356281  BP-15429 TASK 05/13/94-AD      NOTICES DATED 05/17/94 SENT TO THE FOLLOWING.  # 817DIS  OFFICE 951  PAGE   1

- CODEBT     CAROL K. HOGAN                  306 COLVILLE DR.                                              SAN JOSE         CA 95123
- DEBTOR     VELVIN R.    HOGAN              306 COLVILLE DR.                                              SAN JOSE         CA 95123
-.   ATTY    DAVID R. HAGEN                  MERRITT & HAGEN                                               WOODLAND HILLS   CA 91367
-SPECIAL 02  EMPLOYMENT DEVELOPMENT DEPT.    ATTN: BANKRUPTCY GROUP         6400 CANOGA AVE. #311          SACRAMENTO       CA 942306203
-SPECIAL 03  STATE BOARD OF EQUALIZATION     ATTN: COLLECTION UNIT          P.O. BOX 826203               SACRAMENTO       CA 95808
-SPECIAL 10  UNITED STATES TRUSTEE           U.S. FEDERAL BLDG.             P.O. BOX 1799                 SAN JOSE         CA 951133004
-TRUSTEE     SUZANNE L. DECKER               1032 E. 14TH STREET            260 S. FIRST ST., RM 268      SAN LEANDRO      CA 94577
-0000001     AT&T UNIVERSAL CARD             P.O. BOX 9999                                                COLUMBUS         GA 31997
-0000002     CITIBANK                        P.O. BOX 6200                                                THE LAKES        NV 889016001
-0000003     CORSTAN                         4100 W. FLAMINGTO #2100                                      LAS VEGAS        NV 851033900
-0000004     DAVID R. HAGEN                  6400 CANOGA AVE                SUITE 311                     WOODLAND HILLS   CA 913672433
-0000005     FRANCHISE TAX BOARD             SPECIAL PROCEDURES             P.O.BOX 2952                  SACRAMENTO       CA 958122852
-0000006     FRANCHISE TAX BOARD             SPECIAL PROCEDURES             P. O. BOX 2852                SACRAMENTO       CA 958122852
-0000007     IRS-SPECIAL PROCEDURES          INSOLVENCY UNIT                P.O.BOX 1431                  LOS ANGELES      CA 900531431
-0000008     IRS-SPECIAL PROCEDURES          INSOLVENCY UNIT                P. O. BOX 1431                LOS ANGELES      CA 900531431
-0000009     WELLS FARGO BANK                P.O. BOX 49049                                               SAN JOSE         CA 951519049
-0000010     CORSTAN INC                     COLL DEPT                      P O BOX 94707                 LAS VEGAS        NV 8919034707
-0000011     SEAGATE TECHNOLOGY INC          C/O MICHAEL F GRADY            TEN ALMADEN BLVD #200         SAN JOSE         CA 951132235
-0000012     SEAGATE TECH INC                BERGESON,ELIOPOULOS,GRADY ETAL 10 ALMADEN BLVD #200         SAN JOSE         CA 951132235
-0000013     SEAGATE TECH INC                MICHAEL F GRADY                10 ALMADEN BLVD #200          SAN JOSE         CA 951132235
                                                                                                                          20 NOTICES

- NOTICING CHARGE IS         $10.00
```

THE ABOVE REFERENCED NOTICE WAS MAILED TO EACH OF THE ABOVE
ON 05/17/94.   I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING
IS TRUE AND CORRECT.   EXECUTED ON 05/17/94 BY

951

B100B (4/91) BANKRUPTCY CL___'G REPORT

| | DOCKET NUMBER |
|---|---|

**Forward this form to:**
Administrative Office of U.S. Courts
Attn: Statistics Division – Bankruptcy
Washington, D.C. 20544

| DIST.NO. | | OFF.NO. | | YR–NUMBER | |
|---|---|---|---|---|---|
| 0971 | 1 | 5 | 2 | 93  58291 | 3 |

| DATE PETITION FILED | REOPENED | | CHECK IF APPLICABLE |
|---|---|---|---|
| 12/27/93 | | 4 | X  Joint Petition |

| NAME OF DEBTOR (Last,First,Middle) | NAME OF JOINT DEBTOR |
|---|---|
| HOGAN, VELVIN R. | HOGAN, CAROL K. |
| AKA/DBA | AKA/DBA |

| SS or EMPLOYEE ID | SS or EMPLOYEE ID |
|---|---|
| ▮▮▮▮▮ | |

| ADDRESS OF DEBTOR | ADDRESS OF JT. DEBTOR |
|---|---|
| 306 COLVILLE DR. | |
| SAN JOSE    CA  95123 | |

| NAME OF COUNTY | COUNTY CODE | TRUSTEE CODE | NAME OF JUDGE | | JUDGE CODE | |
|---|---|---|---|---|---|---|
| SANTA CLARA | 06085 | DECS  6 | MARILYN MORGAN | | A462 | 5 |

**DISPOSITION (CHECK ONE)** 7

| | | | |
|---|---|---|---|
| X | 1. Discharge Granted | | 4. Discharge Not Applicable |
| | 2. Discharge Denied | | 5. Petition Dismissed |
| | 3. Discharge Waived/Revoked | | 6. Transferred To Another District |

**TERMINATED UNDER (CHECK ONE)** 8

| X | 1. Ch. 7 | | 9. Ch. 12 |
|---|---|---|---|
| | 4. Ch. 9 | | 7. Ch. 13 |
| | 5. Ch. 11 | | 8. Sec. 304 |

**COMPLETE FOR CHAPTER 11 CASES ONLY**

| | |
|---|---|
| ☐ 1 Plan Confirmed | ___ % Dividend to Be Paid  10 |
| ☐ 2 Plan Not Confirmed  9 | |

Check box if future payments are contemplated under Chapter 11 Plan but percentage dividend is not determinable. 11

| REPORT PREPARED BY (Name) | DATE REPORT PREPARED | DATE CASE CLOSED |
|---|---|---|
| SAC | 05/23/94 | 05/23/94  12 |

13

$ ____ 0    **1. GROSS CASH RECEIPTS** (Do not complete below if amount is zero)

**FEES AND EXPENSES**

$ ____ 0    2. Trustee Compensation

$ ____ 0    3. Fee for Attorney for Trustee

$ ____ 0    4. Other Professional Fees and All Expenses (Including Fee For Attorney for Debtor)

**DISTRIBUTIONS**

$ ____ 0    5. Secured Creditors

$ ____ 0    6. Priority Creditors

$ ____ 0    7. Unsecured Creditors

$ ____ 0    8. Equity Security Holders

$ ____ 0    9. Other Distributions (Including Payments to Debtor)

B100B (4/91) BANKRUPTCY CLOSING REPORT

FILED

MAY 2 3 1994

PAUL C KARNEY, JR., CLERK
U.S. BANKRUPTCY COURT
SAN JOSE, CA

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

In Re:

**VELVIN HOGAN**

**CAROL HOGAN**

Debtor(s)

Bankruptcy Case: **93-58291 MM**

# FINAL DECREE

The estate of the above named debtor has been fully administered.

( )   The deposit required by the plan has been distributed.

## IT IS ORDERED THAT:

(XX)   **SUZANNE L. DECKER**
is discharged as trustee of the estate of the above-named debtor and the bond is cancelled;

(XX)   the chapter 7 case of the above-named debtor is closed; and

( )   [other provisions as needed]

MAY 2 3 1994
_____
Date

_____
Bankruptcy Judge





93-58291

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA
NORTHERN

| | |
|---|---|
| In re:<br><br>VELVIN R. HOGAN and<br>CAROL K. HOGAN<br><br><br><br>Debtor(s) | Case No. LA- 93-58291-MM<br>S.S. No.<br>SS No.<br><br>Chapter 7 XX  11____  12____  13____<br><br>AMENDED SCHEDULES<br><br>[XX] Schedule A (MAILING LIST MUST BE ATTACHED LISTING ADDITIONAL CREDITORS ONLY<br><br>[ ] Schedule B or Statement of Affairs<br><br>[ ] Dates and/or Nature of Debts |

FILED

FEB 15 1994

PAUL C. KARNEY, JR. CLERK
U.S. BANKRUPTCY COURT
SAN JOSE, CA

AMENDMENT TO SCHEDULE F:

Seagate Technology, Inc.
c/o Michael F. Grady
Ten Almaden Blvd., #200
San Jose, CA 95113                    AMOUNT UNKNOWN

I/ WE   VELVIN AND CAROL HOGAN_____, the person(s) who subscribed to the foregoing amended schedule do hereby declare under penalty of perjury that the foregoing is true and correct.

X DATED: 2/10/94    X _Velvin R. Hogan_      X _Carol K. Hogan_
                         DEBTOR VELVIN HOGAN          DEBTOR CAROL HOGAN

NOTE:  IT IS THE RESPONSIBILITY OF THE DEBTOR TO MAIL COPIES OF ALL AMENDMENTS TO THE TRUSTEE AND TO ALL CREDITORS LISTED IN AMENDED SCHEDULE A AND TO COMPLETE THE PROOF OF SERVICE PROVIDED ON THE REVERSE OF THIS FORM.

B-1008 Rev. 2/88 3/88          AMENDED SCHEDULES

Seagate Technology, Inc.
c/o Michael F. Grady
Ten Almaden Blvd., #200
San Jose, CA 95113


Suzanne L. Decker, Trustee
1032 East 14th Street
San Leandro, CA 94577

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

In re:
**VELVIN HOGAN**
**CAROL HOGAN**

Debtor(s)

Case No.   93-58291 MM

( X )  Report of Trustee at 341 Meeting

(   )  Initial Report of Trustee in Asset Case

**FILED**

FEB 14 1994

PAUL C. KARNEY, Jr., CLERK
United State Bankruptcy Court
San Jose, California

## REPORT OF TRUSTEE AT 341 MEETING

1. Date of Meeting:  February 10, 1994                    7.  Debtor Counsel MERRITT AND HAGEN
2. ( X ) Meeting concluded.                                   ( 1 2 3 4 ) Postion _____.
3. (   ) Debtor(s) failed to appear (H)_____ (W)_____ Converted case (11/13 to 7).
4. (   ) Debtor(s) counsel failed to appear.              341 continued to: _____
5. (   ) Debtor(s) failed to cooperate with the trustee pursuant to 11 U.S.C. Sec. 521.
6. (   ) Appearance waived (H)____ (W)____ (Report of waiver placed on record).

COMMENTS: _____

_____

_____

The trustee declares the foregoing is true and correct under penalty of perjury.
-----------------------------------------------------------------------------------

### ACTION REQUESTED

1. (   ) TRUSTEE REQUESTS <u>ISSUANCE OF ORDER</u> FOR REASONS STATED BELOW:
        (   ) FAILURE OF DEBTOR(S) TO APPEAR AT FIRST MEETING OF CREDITOR. MEETING CONTINUED TO _____
        (   ) FAILURE OF DEBTOR(S) TO FILE SCHEDULES, STATEMENTS OR OTHER REQUIRED DOCUMENTS.
2. (   ) DEBTOR FAILED TO APPEAR AT CONTINUED HEARING.  COURT TO DISMISS CASE.
3. (   ) CONVERTED CASE - ISSUE <u>OSC</u> AND SET FOR HEARING BEFORE THE COURT.
-----------------------------------------------------------------------------------

## (   ) INITIAL REPORT OF TRUSTEE IN ASSET CASE

1. (   ) The trustee has found assets in this estate to be administered for the benefit of creditors, or believes
         there is a substantial likelihood that such assets will be recovered within a reasonable period of time.

2. (   ) Trustee requests a Notice of Possible Dividend to be sent.

## (   ) DEBTOR(S) CHANGE OF ADDRESS

New Address: _____

_____

DATED:  February 10, 1994

_____
SUZANNE L. DECKER, Trustee

93-58291



FILED

FEB 14 1994

PAUL C. KARNEY, JR., CLERK
United State Bankruptcy Court
San Jose, California

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

In Re:

**VELVIN HOGAN**

**CAROL HOGAN**

Debtor(s)

Bankruptcy Case: 93-58291 MM

(   )   WIFE ONLY

(   )   HUSBAND ONLY

## REPORT OF TRUSTEE IN NO ASSET CASE

The trustee of the estate of the above-named debtor(s) reports that the trustee has neither received any property nor paid any money on account of this estate except exempt property; that the trustee has made diligent inquiry into the whereabouts of property belonging to the estate and that there is no property available for distribution from the estate over and above that exempted by the debtor(s).

DATED: Feb 10, 1994


SUZANNE L. DECKER, Trustee

### CERTIFICATION OF REVIEW

The United States Trustee has reviewed and approved the foregoing report for compliance with Title 11.

DATED: 2-14-94          By: _____
                             U.S. TRUSTEE

93-58291



# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA

                                        CHAPTER: 07
        IN RE:                   CASE NUMBER: 93-58291MM
             VELVIN R. HOGAN
             CAROL K. HOGAN
             306 COLVILLE DR.              SSN/ID:

             SAN JOSE, CA 95123

FILED

DEC 30 1993

PAUL C. KARNEY
United States Bankruptcy Court
San Jose, California

        U. S. BANKRUPTCY COURT
        U.S.COURTHOUSE & FED. BLDG
        280 SOUTH FIRST ST.,ROOM 3035
        SAN JOSE, CA 95113

                                   DATE OF ORDER
                                   FOR RELIEF:
                                   DECEMBER 27, 1993

              NOTICE OF APPOINTMENT OF TRUSTEE
                    AND APPROVAL OF BOND

  YOU ARE HEREBY NOTIFIED THAT:

  THE ABOVE NAMED DEBTOR(S) HAVING FILED A PETITION FOR RELIEF UNDER
  CHAPTER 7 OF THE TITLE 11 U.S.C. SEC. 521 OR AN ORDER FOR RELIEF HAVING BEEN
  ENTERED ON THE DATE SET FORTH FOLLOWING THE NAME OF EACH; AND

  SUZANNE L. DECKER HAS BEEN APPOINTED TRUSTEE OF THE ESTATE OF SAID
  DEBTOR(S) BY THE UNITED STATES TRUSTEE, ANTHONY G. SOUSA.

  DEBTOR(S) PURSUANT TO 11 U.S.C. SEC. 521 SHALL PROVIDE THE TRUSTEE
  HEREIN WITH BANK STATEMENTS, CANCELLED CHECKS, TAX RETURNS OR OTHER DOCUMENTS
  RELATING TO THE PROPERTY OF THE ESTATE UPON REQUEST OF THE TRUSTEE WITHIN
  FIVE (5) DAYS OF SAID REQUEST.

  SUZANNE L. DECKER AND THE BONDING COMPANY SHALL BE HELD AND BOUND
  BY THE BOND FILED WITH OFFICE OF UNITED STATES TRUSTEE AND THE COURT.

  TRUSTEE - SUZANNE L. DECKER, 1032 E. 14TH STREET
  510-562-9410          SAN LEANDRO, CA 94577

                           DATED DECEMBER 30, 1993 AT SAN JOSE, CA

                           FOR THE COURT

  NOTICE OF APPOINTMENT OF TRUSTEE
  ANTHONY G. SOUSA               PAUL C. KARNEY, JR., CL
  U.S. TRUSTEE, REGION 17

```
-BKY0930, CASE 9358291  BP-05345 TASK 12/28/83-01      NOTICES DATED 12/30/93 SENT TO THE FOLLOWING.  # 429BL   OFFICE 951  PAGE    1
- CODEBT    CAROL K. HOGAN             306 COLVILLE DR.                                      SAN JOSE      CA 95123
- DEBTOR    VELVIN R.  HOGAN          306 COLVILLE DR.                                       SAN JOSE      CA 95123
-.  ATTY    DAVID R. HAGEN            MERRITT & HAGEN                                        WOODLAND HILLS CA 91367
-SPECIAL 10 UNITED STATES TRUSTEE     U.S. FEDERAL BLDG.           6400 CANOGA AVE. #311     SAN JOSE      CA 951133004
-TRUSTEE    SUZANNE L. DECKER         1032 E. 14TH STREET          280 S. FIRST ST., RM 268  SAN LEANDRO   CA 94577
-                                                                                                          5 NOTICES
- NOTICING CHARGE IS            $2.50
```

THE ABOVE REFERENCED NOTICE WAS MAILED TO EACH OF THE ABOVE
ON 12/30/93.  I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING
IS TRUE AND CORRECT.   EXECUTED ON 12/30/83 BY

U. S. BANKRUPTCY COURT
U.S. COURTHOUSE & FED. BLDG
280 SOUTH FIRST ST., ROOM 3035
SAN JOSE, CA 95113

**United States Bankruptcy Court**
NORTHERN DISTRICT OF CALIFORNIA

NOTICE OF COMMENCEMENT OF CASE
UNDER CHAPTER 7 OF THE
BANKRUPTCY CODE,
MEETING OF CREDITORS, AND FIXING OF DATES
(Individual or Joint Debtor No Asset Case)

IN RE (NAME OF DEBTOR)
VELVIN R. HOGAN
CAROL K. HOGAN

CASE NUMBER:                FILED:
93-58291MM                  12/27/93

SOC. SEC./TAX ID NOS

ADDRESS OF DEBTOR
   306 COLVILLE DR.

   SAN JOSE, CA 95123

FILED
DEC 3 0 1993
PAUL C. KARNEY, JR., Clerk
United States Bankruptcy Court
San Jose, California

MEETING OF CREDITORS

DATE:  FEB. 10, 1994
HOUR:  9.00 A.M.
AT:   UNITED STATES FEDERAL BLDG.
        ROOM 130
        280 SOUTH FIRST ST.
        SAN JOSE, CA

DEBTOR'S ATTORNEY
   DAVID R. HAGEN
   MERRITT & HAGEN
   6400 CANOGA AVE. #311
   WOODLAND HILLS, CA 91367
   TELEPHONE:  818-992-1940

TRUSTEE
   SUZANNE L. DECKER
   1032 E. 14TH STREET

   SAN LEANDRO, CA 94577
   TELEPHONE:  510-562-9410

DEADLINE TO FILE A COMPLAINT OBJECTING TO DISCHARGE OF THE DEBTOR OR TO
   DETERMINE DISCHARGEABILITY OF CERTAIN TYPES OF DEBTS: APRIL 11, 1994

AT THIS TIME THERE APPEAR TO BE NO ASSETS AVAILABLE FROM WHICH PAYMENT MAY BE MADE TO UNSECURED CREDITORS. DO NOT FILE A PROOF OF CLAIM UNTIL YOU RECEIVE NOTICE TO DO SO.

COMMENCEMENT OF CASE. A petition for liquidation under chapter 7 of the Bankruptcy Code has been filed in this court by or against the person or persons named above as the debtor, and an order for relief has been entered. You will not receive notice of all documents filed in this case. All documents filed with this court, including lists of the debtor's property, debts, and property claimed as exempt are available for inspection at the office of the clerk of the bankruptcy court.

CREDITORS MAY NOT TAKE CERTAIN ACTIONS. A creditor is anyone to whom the debtor owes money or property. Under the Bankruptcy Code, the debtor is granted certain protection against creditors. Common examples of prohibited actions by creditors are contacting the debtor to demand repayment, taking action against the debtor to collect money owed to creditors or to take property of the debtor, and starting or continuing foreclosure actions, repossessions, or wage deductions. If unauthorized actions are taken by a creditor against a debtor, the court may penalize that creditor. A creditor who is considering taking action against the debtor or the property of the debtor should review section 362 of the Bankruptcy Code and may wish to seek legal advice. The staff of the clerk of the bankruptcy court is not permitted to give legal advice.

MEETING OF CREDITORS. The debtor (both husband and wife in a joint case) is required to appear at the meeting of creditors on the date and at the place set forth above for the purpose of being examined under oath. Attendance by creditors at the meeting is welcomed, but not required. At the meeting, the creditors may elect a trustee other than the one named above, elect a committee of creditors, examine the debtor, and transact such other business as may properly come before the meeting. The meeting may be continued or adjourned from time to time by notice at the meeting, without further written notice to creditors.

LIQUIDATION OF THE DEBTOR'S PROPERTY. The trustee will collect the debtor's property and turn any that is not exempt into money. At this time, however, it appears from the schedules of the debtor that there are no assets from which any distribution can be paid to creditors. If at a later date it appears that there are assets from which a distribution may be paid, the creditors will be notified and given an opportunity to file claims.

EXEMPT PROPERTY. Under state and federal law, the debtor is permitted to keep certain money or property as exempt. If a creditor believes that an exemption of money or property is not authorized by law, the creditor may file an objection. An objection must be filed not later than 30 days after the conclusion of the meeting of creditors.

DISCHARGE OF DEBTS. The debtor is seeking a discharge of debts. A discharge means that certain debts are made unenforceable against the debtor personally. Creditors whose claims against the debtor are discharged may never take action against the debtor to collect the discharged debts. If a creditor believes that the debtor should not receive any discharge of debts under section 727 of the Bankruptcy Code or that a debt owed to the creditor is not dischargeable under section 523(a)(2), (4), or (6) of the Bankruptcy Code, timely action must be taken in the bankruptcy court by the deadline set forth above labeled "Discharge of Debts." Creditors considering taking such action may wish to seek legal advice.

DO NOT FILE A PROOF OF CLAIM UNLESS YOU RECEIVE A COURT NOTICE TO DO SO

FOR INFORMATION, THERE IS A $15 SEARCH FEE PAYABLE IN ADVANCE. NO PERSONAL CHECKS ACCEPTABLE. WRITE TO THIS OFFICE TO REQUEST PHOTOCOPY FORM.

FOR THE COURT, PAUL C. KARNEY, JR., DATED DEC. 30, 1993
DIRECT ALL CORRESPONDENCE TO: 280 SOUTH FIRST STREET, ROOM 3035
                               SAN JOSE, CA 95113-3099

SE

```
-BKY0930, CASE 9358291  BP-05350 TASK 12/28/93-00      NOTICES DATED 12/30/93 SENT TO THE FOLLOWING.  # 53489A  OFFICE 951  PAGE   1
-  CODEBT    CAROL K. HOGAN            306 COLVILLE DR.                                                SAN JOSE           CA 95123
-  DEBTOR    VELVIN R.  HOGAN         306 COLVILLE DR.                                                 SAN JOSE           CA 95123
-.  ATTY     DAVID R. HAGEN           MERRITT & HAGEN                                                  WOODLAND HILLS     CA 91367
-SPECIAL 02  EMPLOYMENT DEVELOPMENT DEPT.  ATTN: BANKRUPTCY GROUP   8400 CANOGA AVE. #311              SACRAMENTO         CA 942306203
-SPECIAL 03  STATE BOARD OF EQUALIZATION   ATTN: COLLECTION UNIT    P.O. BOX 826203                    SACRAMENTO         CA 95808
-SPECIAL 10  UNITED STATES TRUSTEE    U.S. FEDERAL BLDG.            P.O. BOX 1799                       SAN JOSE           CA 951133000
-TRUSTEE     SUZANNE L. DECKER        1032 E. 14TH STREET           280 S. FIRST ST., RM 268           SAN LEANDRO        CA 94577
-0000001     AT&T UNIVERSAL CARD      P.O. BOX 9999                                                    COLUMBUS           GA 31997
-0000002     CITIBANK                 P.O. BOX 6200                                                    THE LAKES          NV 889016001
-0000003     CORSTAN                  4100 W. FLAMINGTO #2100                                          LAS VEGAS          NV 891033900
-0000004     DAVID R. HAGEN           6400 CANOGA AVE.                                                 WOODLAND HILLS     CA 913672432S
-0000005     FRANCHISE TAX BOARD      SPECIAL PROCEDURES            SUITE 311                           SACRAMENTO         CA 958122952
-0000006     FRANCHISE TAX BOARD      SPECIAL PROCEDURES            P.O.BOX 2952                        SACRAMENTO         CA 958122952
-0000007     IRS-SPECIAL PROCEDURES   INSOLVENCY UNIT               P.O. BOX 2952                       LOS ANGELES        CA 900531431
-0000008     IRS-SPECIAL PROCEDURES   INSOLVENCY UNIT               P.O. BOX 1431                       LOS ANGELES        CA 900531431
-0000009     WELLS FARGO BANK         P.O. BOX 49049                P. O. BOX 1431                      SAN JOSE           CA 951619049
-                                                                                                                         16 NOTICES
- NOTICING CHARGE IS          $8.00
```

THE ABOVE REFERENCED NOTICE WAS MAILED TO EACH OF THE ABOVE
ON 12/30/93.  I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING
IS TRUE AND CORRECT.  EXECUTED ON 12/30/93 BY