# EXHIBIT A

## Joseph Sarles

| | |
|---|---|
| **From:** | Joseph Sarles |
| **Sent:** | Monday, October 01, 2012 11:53 PM |
| **To:** | 'RKrevans@mofo.com'; 'JasonBartlett@mofo.com'; 'rborenstein@mofo.com' |
| **Cc:** | Michael T Zeller; Dylan Proctor; Susan R. Estrich |
| **Subject:** | RE: Apple v. Samsung - Samsung's allegations of juror misconduct |
| **Attachments:** | October 1, 2012 Zeller Declaration.pdf |

Rachel:

Further to the emails below, attached please find the Declaration of Michael T. Zeller.

Best,

Joseph Sarles

---

**From:** Krevans, Rachel [mailto:RKrevans@mofo.com]
**Sent:** Thursday, September 27, 2012 12:24 PM
**To:** Susan R. Estrich; Bartlett, Jason R.; Victoria Maroulis
**Cc:** Samsung v. Apple; "WHAppleSamsungNDCalService@wilmerhale.com'
(WHAppleSamsungNDCalService@wilmerhale.com)'; AppleMoFo; Dylan Proctor; John M. Pierce; Borenstein, Ruth N.
**Subject:** RE: Apple v. Samsung - Samsung's allegations of juror misconduct

Thank you, Susan.

---

**From:** Susan R. Estrich [mailto:susanestrich@quinnemanuel.com]
**Sent:** Thursday, September 27, 2012 12:22 PM
**To:** Krevans, Rachel; Bartlett, Jason R.; Victoria Maroulis
**Cc:** Samsung v. Apple; "WHAppleSamsungNDCalService@wilmerhale.com'
(WHAppleSamsungNDCalService@wilmerhale.com)'; AppleMoFo; Dylan Proctor; John M. Pierce; Borenstein, Ruth N.
**Subject:** RE: Apple v. Samsung - Samsung's allegations of juror misconduct

Rachel:

I have just returned to the office from the Yom Kippur holiday.  We will provide a declaration per your request by Monday, and are doing so subject to your agreement that this does not constitute and you will not argue constitutes a waiver of any privilege.

Best regards,

Susan Estrich

**Susan R. Estrich**
*Partner*
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
213-443-3193 Direct
213-443-3000 Main Office Number
213-443-3100 Fax
susanestrich@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Krevans, Rachel [mailto:RKrevans@mofo.com]
**Sent:** Thursday, September 27, 2012 12:17 PM
**To:** Bartlett, Jason R.; Victoria Maroulis
**Cc:** Samsung v. Apple; ''WHAppleSamsungNDCalService@wilmerhale.com'
(WHAppleSamsungNDCalService@wilmerhale.com)'; AppleMoFo; Susan R. Estrich; Dylan Proctor; John M. Pierce;
Borenstein, Ruth N.
**Subject:** RE: Apple v. Samsung - Samsung's allegations of juror misconduct

Vicki, it is now past noon on Thursday, the time at which you promised a response to the request we made this past Monday.  Please give us your response by 1 pm today or we will be forced to file without it and let the Court know that you refused to respond.

---

**From:** Bartlett, Jason R.
**Sent:** Tuesday, September 25, 2012 4:51 PM
**To:** 'Victoria Maroulis'
**Cc:** 'Samsung v. Apple'; ''WHAppleSamsungNDCalService@wilmerhale.com'
(WHAppleSamsungNDCalService@wilmerhale.com)'; AppleMoFo; Krevans, Rachel; 'Susan R. Estrich'; 'Dylan Proctor';
'John M. Pierce'
**Subject:** RE: Apple v. Samsung - Samsung's allegations of juror misconduct

Vicki,

The information is relevant to whether Samsung has preserved arguments concerning juror misconduct. Apple confirms that Apple will not argue waiver of privilege due to Samsung's provision of the requested declaration.

Jason



Jason R. Bartlett
Morrison Foerster

-----Original Message-----
**From:** Victoria Maroulis [victoriamaroulis@quinnemanuel.com]
**Sent:** Tuesday, September 25, 2012 03:48 PM Pacific Standard Time
**To:** Bartlett, Jason R.
**Cc:** Samsung v. Apple; "WHAppleSamsungNDCalService@wilmerhale.com'
(WHAppleSamsungNDCalService@wilmerhale.com)'; AppleMoFo; Krevans, Rachel; Susan R. Estrich; Dylan
Proctor; John M. Pierce
**Subject:** RE: Apple v. Samsung - Samsung's allegations of juror misconduct

Jason,

As I previously stated, we are unable to get back to you today because of the holiday.  We can get back to you by noon on Thursday.  To facilitate the process, please advise why Apple considers this information relevant and please confirm that should Samsung provide the requested declaration, Apple will not argue any waiver of privilege.

Vicki

**From:** Bartlett, Jason R. [mailto:JasonBartlett@mofo.com]
**Sent:** Tuesday, September 25, 2012 2:42 PM
**To:** Victoria Maroulis
**Cc:** Samsung v. Apple; "WHAppleSamsungNDCalService@wilmerhale.com'
(WHAppleSamsungNDCalService@wilmerhale.com)'; AppleMoFo; Krevans, Rachel; Susan R. Estrich; Dylan Proctor; John M. Pierce
**Subject:** RE: Apple v. Samsung - Samsung's allegations of juror misconduct

Vicki,

We certainly respect the Jewish holiday that begins at sundown today, which is being observed by several members of our team (including people working on a response to your sealing motion that is due today). However due to the urgency of this matter, we cannot wait until Friday.

Jason



Jason Bartlett
Morrison & Foerster

-----Original Message-----
**From:** Victoria Maroulis [victoriamaroulis@quinnemanuel.com]
**Sent:** Tuesday, September 25, 2012 10:53 AM Pacific Standard Time
**To:** Bartlett, Jason R.
**Cc:** Samsung v. Apple; "WHAppleSamsungNDCalService@wilmerhale.com'
(WHAppleSamsungNDCalService@wilmerhale.com)'; AppleMoFo; Krevans, Rachel; Susan R. Estrich; Dylan Proctor; John M. Pierce
**Subject:** RE: Apple v. Samsung - Samsung's allegations of juror misconduct

Dear Jason,

We are considering Apple's request.  In view of the Jewish holiday that begins today and the fact that several of our key team members will not be available until Thursday, we will respond to your inquiry by Friday morning.

Vicki

**Victoria Maroulis**
*Partner,*
**Quinn Emanuel Urquhart & Sullivan, LLP**

555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
650-801-5022 Direct
650.801.5000 Main Office Number
650.801.5100 FAX
victoriamaroulis@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Bartlett, Jason R. [mailto:JasonBartlett@mofo.com]
**Sent:** Monday, September 24, 2012 5:21 PM
**To:** Victoria Maroulis
**Cc:** Samsung v. Apple; 'WHAppleSamsungNDCalService@wilmerhale.com'
(WHAppleSamsungNDCalService@wilmerhale.com); AppleMoFo; Krevans, Rachel
**Subject:** Apple v. Samsung - Samsung's allegations of juror misconduct

Dear Vicki,

Samsung's motion for new trial does not disclose how and when it learned of the facts underlying its allegations that the judicial process was tainted.  Will Samsung agree to provide by tomorrow a sworn declaration disclosing that information?  If not, please let us know by tomorrow morning whether Samsung will agree to shorten time on a motion to compel Samsung to do so.

Apple proposes that Samsung respond within two business days after Apple's motion is filed and that the Court thereafter decide the matter without a hearing.

Sincerely,

Jason

Jason R. Bartlett
Morrison & Foerster
425 Market St.
San Francisco, CA  94105
Direct: 415.268.6615

--------------------------------------------------------------------
To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

For information about this legend, go to
http://www.mofo.com/Circular230/

===========================================================================

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail @mofo.com, and delete the message.

--------------------------------------------------------------------


--------------------------------------------------------------------
To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any

attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

For information about this legend, go to
http://www.mofo.com/Circular230/

==============================================================================

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail @mofo.com, and delete the message.

--------------------------------------------------------------------

--------------------------------------------------------------------
To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

For information about this legend, go to
http://www.mofo.com/Circular230/

==============================================================================

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail @mofo.com, and delete the message.

--------------------------------------------------------------------

--------------------------------------------------------------------
To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

For information about this legend, go to
http://www.mofo.com/Circular230/

==============================================================================

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any

information contained in the message. If you have received the message in error, please advise the sender by reply e-mail @mofo.com, and delete the message.

--------------------------------------------------------------------

# EXHIBIT B

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kathleen M. Sullivan (Cal. Bar No. 242261)
kathleensullivan@quinnemanuel.com
Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Susan R. Estrich (Cal. Bar No. 124009)
susanestrich@quinnemanuel.com
Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Samsung Electronics Co., Ltd.,
Samsung Electronics America, Inc., and Samsung
Telecommunications America, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>       Plaintiff,<br><br>       vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>       Defendants. | **CASE NO. 11-cv-01846-LHK**<br><br>**DECLARATION OF MICHAEL T. ZELLER**<br><br>**[*CONFIDENTIAL – UNDER SEAL PURSUANT TO PROTECTIVE ORDER*]** |

I, Michael T. Zeller, declare as follows:

1.     I am a member of the State Bars of California, New York and Illinois, admitted to practice before this Court, and a partner at Quinn Emanuel Urquhart & Sullivan, LLP, counsel for Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung").   Unless otherwise indicated, I have personal knowledge of the facts set forth in this declaration and, if called upon as a witness, I would testify to such facts under oath.

2.     I submit this declaration in response to Apple's request for additional information concerning the timing of Samsung's knowledge of facts related to Velvin Hogan's litigation with Seagate.   Nothing herein is intended as a waiver of privilege or work product protections, and this declaration is expressly subject to, and is expressly given in reliance upon, Apple's promise and agreement that disclosure of this information is not and will not be argued to be a waiver.

3.     Samsung had no knowledge of Velvin Hogan's litigation against Seagate until after the jury verdict was rendered in this case.   Samsung did not know until after the verdict that Mr. Hogan had ever been in litigation with Seagate, had been a defendant to claims brought by Seagate or had filed his own claims against Seagate.   Not having been aware of the litigation between Mr. Hogan and Seagate until after the verdict, Samsung also did not know until after that time that the attorney who represented Seagate in that litigation was Michael Grady.   Samsung also had no information regarding Mr. Hogan's influence on the verdict or the jury's decision-making process until after the verdict.   After the verdict, Mr. Hogan made numerous statements to the press. Samsung learned the information set forth above only after Mr. Hogan began making those public statements.

4.     More specifically, after the verdict and after the publication of press accounts raising questions about Mr. Hogan's impartiality, Samsung requested and subsequently received on September 10, 2012 a copy of the bankruptcy court file from *In re Velvin R. Hogan and Carol K. Hogan*, Case No. 93-58291-MM (Bankr. N.D. Cal. Dec. 27, 1993), a copy of which is Dkt. No. 1990 ("Estrich Decl.") Ex. B.   That bankruptcy court file included papers showing that Seagate Technology, Inc. had filed litigation against Mr. Hogan in *Seagate Tech., Inc. v. Hogan*, MS 93-

1   0919 (Santa Cruz Sup. Ct.) (attached as Exhibit A to the Estrich Decl., Dkt. 1990).   This was the

2   first time Samsung learned of any litigation between Mr. Hogan and Seagate.   These same papers

3   in the bankruptcy court file showed that Seagate's attorney in the lawsuit was Michael Grady, a

4   fact which Samsung also had not known prior to the verdict and prior to obtaining the bankruptcy

5   court file.

6          5.     After receiving the bankruptcy court file, Samsung ordered a copy of the *Seagate*

7   *Tech., Inc. v. Hogan* court file that was referenced in the bankruptcy court file.   Samsung learned

8   on September 11, 2012 that the *Seagate Tech., Inc. v. Hogan* file had not been retained by the

9   court.   On September 26, 2012, Reuters published an interview with Mr. Hogan in which Mr.

10   Hogan stated that he sued Seagate for alleged fraud.   Samsung learned of this fraud claim by Mr.

11   Hogan against Seagate for the first time through that Reuters' article, a copy of which is attached

12   as Exhibit B to the Supplemental Estrich Declaration in Support of Samsung's Motion for

13   Judgment as a Matter of Law, New Trial and/or Remittitur, filed on October 1, 2012.

15        I declare under penalty of perjury that the foregoing is true and correct.

16        Executed in Los Angeles, California on October 1, 2012.

19          By       */s/  Michael T. Zeller*
                   Michael T. Zeller

# EXHIBIT C

**Joseph Sarles**

| | |
|---|---|
| **From:** | Victoria Maroulis |
| **Sent:** | Thursday, October 04, 2012 7:59 PM |
| **To:** | 'Hung, Richard S. J.'; Susan R. Estrich; Joseph Sarles; Dylan Proctor; Michael T Zeller |
| **Cc:** | 'Jacobs, Michael A.'; 'Krevans, Rachel'; 'Bartlett, Jason R.'; 'Borenstein, Ruth N.'; "mark.selwyn@wilmerhale.com' (mark.selwyn@wilmerhale.com)'; "peter.kolovos@wilmerhale.com' (peter.kolovos@wilmerhale.com)'; 'AvSS_NDC_Post_Trial' |
| **Subject:** | RE: Apple v. Samsung (11-cv-1846) -- Samsung's allegations of juror misconduct |

Rich,

Your email mischaracterizes Samsung's motion and the history of Apple's demands for information.

Samsung's motion is based on Mr. Hogan's failure to disclose his litigation with Seagate during voir dire.  Thus, his answers in response to questioning by the Court during voir dire were false and misleading.  As is clear from Samsung's motion, and contrary to your email below, Samsung does not allege that Mr. Hogan's bankruptcy or his failure to specifically disclose it during voir dire is a basis for its jury misconduct arguments.  Moreover, unlike Mr. Hogan's failure to disclose his Seagate litigation, none of the questioning during voir dire would have required Mr. Hogan to disclose his 1993 bankruptcy.  If Apple believes that Mr. Hogan was in fact asked a question during voir dire that required him to disclose his 1993 bankruptcy, please identify it.

Your email is similarly mistaken in its claims that Apple had previously requested the additional information it now seeks.   Your email underscores the point.  Apple never previously asked, for example, about "database searches" that were conducted but did not reveal Mr. Hogan's Seagate litigation or "[w]hether and when the Quinn partner whose husband filed the Seagate lawsuit realized that this lawsuit involved Velvin Hogan, as well as whether and when her husband first became aware of this connection."  Your email fails to cite any prior communication where such information was requested.

Nevertheless, to avoid Apple motion practice, and in reliance upon Apple's previously confirmed agreement that doing so will not constitute waiver of any privilege or work product protection, Samsung's forthcoming declaration will address the matters you request in your email below.

To the extent your email implies that some distinction is being drawn between Samsung and Quinn Emanuel, it is also inaccurate.  As used in Samsung's prior declaration, and in the additional one it will be sending Apple, the term "Samsung" includes Quinn Emanuel.

Last, to date Apple has not disclosed any information about when and how it learned of Mr. Hogan's litigation with Seagate.  Please provide by noon on Monday, October 8, 2012, a declaration providing all the same information regarding Apple's knowledge of Mr. Hogan that Apple has demanded from Samsung, including when and how Apple first learned of Mr. Hogan's litigation with Seagate.  We look forward to your prompt confirmation no later than tomorrow that Apple will provide such a declaration within the time requested.

Vicki

**Victoria Maroulis**
*Partner,*
**Quinn Emanuel Urquhart & Sullivan, LLP**

555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
650-801-5022 Direct
650.801.5000 Main Office Number

650.801.5100 FAX
victoriamaroulis@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Hung, Richard S. J. [mailto:RHung@mofo.com]
**Sent:** Wednesday, October 03, 2012 9:47 PM
**To:** Victoria Maroulis; Susan R. Estrich; Joseph Sarles; Dylan Proctor; Michael T Zeller
**Cc:** Jacobs, Michael A.; Krevans, Rachel; Bartlett, Jason R.; Borenstein, Ruth N.; ''mark.selwyn@wilmerhale.com' (mark.selwyn@wilmerhale.com)'; ''peter.kolovos@wilmerhale.com' (peter.kolovos@wilmerhale.com)'; AvSS_NDC_Post_Trial
**Subject:** RE: Apple v. Samsung (11-cv-1846) -- Samsung's allegations of juror misconduct

Vicki,

We do not agree that Apple did not request information about when and how Samsung learned of the bankruptcy until last night.  Our September 24 request was directed to how and when Samsung learned of the facts underlying its jury misconduct arguments, which allege that Velvin Hogan "lie[d] materially and repeatedly" by not disclosing the old Seagate lawsuit or that Mr. Hogan "filed for personal bankruptcy 6 months later."  (Dkt. No. 2013 at 2.)  Samsung has still not disclosed when and how it learned of Mr. Hogan's bankruptcy, despite agreeing to provide this information.

Nevertheless, we agree to wait until the end of the business day tomorrow (i.e., 5 p.m. PDT) to receive the requested declaration.  That declaration should specifically address the following:

1.      When and how Samsung obtained any and all information about Mr. Hogan's bankruptcy, including the date and results of any database searches for information about Mr. Hogan conducted by Samsung, Quinn, or anyone else working for Samsung or Quinn.

2.      The date that Samsung requested the bankruptcy court file (you have disclosed when the file was received, but not when it was requested).

3.      Whether and when the Quinn partner whose husband filed the Seagate lawsuit realized that this lawsuit involved Velvin Hogan, as well as whether and when her husband first became aware of this connection.  Michael Zeller's declaration states that "Samsung" did not know the name of the lawyer who represented Seagate before obtaining the bankruptcy file, but does not address whether and when the Quinn partner and her husband became aware of these facts.

We agree that it would be better to resolve this issue without involving the Court, and hope that you will provide a fully responsive declaration by 5 p.m. tomorrow.  If you do not do so, however, Apple will take appropriate action.

Rich

**From:** Victoria Maroulis [mailto:victoriamaroulis@quinnemanuel.com]
**Sent:** Wednesday, October 03, 2012 5:56 PM
**To:** Hung, Richard S. J.; Susan R. Estrich; Joseph Sarles; Dylan Proctor; Michael T Zeller
**Cc:** Jacobs, Michael A.; Krevans, Rachel; Bartlett, Jason R.; Borenstein, Ruth N.; ''mark.selwyn@wilmerhale.com' (mark.selwyn@wilmerhale.com)'; ''peter.kolovos@wilmerhale.com' (peter.kolovos@wilmerhale.com)'; AvSS_NDC_Post_Trial
**Subject:** RE: Apple v. Samsung (11-cv-1846) -- Samsung's allegations of juror misconduct

Rich,

We will provide a supplemental declaration by the end of the day tomorrow, although we will endeavor to do it earlier rather than later.  Regarding your rehashing of Apple's unsubstantiated allegations of delay, the parties expressly agreed on the time for Samsung to respond to Apple's earlier request and to provide the earlier declaration, including because of the religious holidays.  And, as you do not dispute, Apple's latest demand for additional information was raised for the first time last night.  Any delay is thus on account of Apple, not Samsung.  Finally, since we will be providing a declaration so as to avoid burdening the Court with needless Apple motion practice, no motion, on shortened notice or otherwise, will be necessary.

Vicki

---

**From:** Hung, Richard S. J. [mailto:RHung@mofo.com]
**Sent:** Wednesday, October 03, 2012 5:03 PM
**To:** Victoria Maroulis; Susan R. Estrich; Joseph Sarles; Dylan Proctor; Michael T Zeller
**Cc:** Jacobs, Michael A.; Krevans, Rachel; Bartlett, Jason R.; Borenstein, Ruth N.; ''mark.selwyn@wilmerhale.com' (mark.selwyn@wilmerhale.com)'; ''peter.kolovos@wilmerhale.com' (peter.kolovos@wilmerhale.com)'; AvSS_NDC_Post_Trial
**Subject:** RE: Apple v. Samsung (11-cv-1846) -- Samsung's allegations of juror misconduct

Vicki,

We agree that Samsung's provision of the requested information in a supplemental declaration will not constitute a waiver of any privilege or work product protection.  Because we have delayed our filing twice now to try to work through these issues with Samsung, please confirm immediately that Samsung will provide the declaration by 10AM tomorrow.  If Samsung cannot do so, we will file our motion at that time.

Please also confirm that Samsung will agree to shortened time for its response to our motion if we are forced to file our motion, such that Samsung's opposition will be due at 2PM on Monday with no hearing thereafter.

Rich

Richard S.J. Hung
Morrison & Foerster LLP
rhung@mofo.com
(415) 268-7602

**From:** Victoria Maroulis [mailto:victoriamaroulis@quinnemanuel.com]
**Sent:** Wednesday, October 03, 2012 3:46 PM
**To:** Hung, Richard S. J.; Susan R. Estrich; Joseph Sarles; Dylan Proctor; Michael T Zeller
**Cc:** Jacobs, Michael A.; Krevans, Rachel; Bartlett, Jason R.; Borenstein, Ruth N.; ''mark.selwyn@wilmerhale.com' (mark.selwyn@wilmerhale.com)'; ''peter.kolovos@wilmerhale.com' (peter.kolovos@wilmerhale.com)'; AvSS_NDC_Post_Trial
**Subject:** RE: Apple v. Samsung (11-cv-1846) -- Samsung's allegations of juror misconduct

Rich,

Samsung has already fully responded to Apple's original request by providing a declaration relating to how and when it learned of the facts showing that the judicial process was tainted.  Apple's latest request seeks additional information that is both not relevant and not encompassed by the prior request.  Nevertheless, to avoid burdening the Court with a needless Apple motion, Samsung is willing to provide a supplemental declaration pursuant to Apple's latest request, if Apple again agrees that doing so is not, and will not be argued to be, a waiver of any privilege or work product protection.  Please confirm that Apple so agrees.

Vicki

---

**From:** Victoria Maroulis
**Sent:** Tuesday, October 02, 2012 10:06 PM
**To:** 'Hung, Richard S. J.'; Susan R. Estrich; Joseph Sarles; Dylan Proctor; Michael T Zeller
**Cc:** 'Jacobs, Michael A.'; 'Krevans, Rachel'; 'Bartlett, Jason R.'; 'Borenstein, Ruth N.'; ''mark.selwyn@wilmerhale.com' (mark.selwyn@wilmerhale.com)'; ''peter.kolovos@wilmerhale.com' (peter.kolovos@wilmerhale.com)'; 'AvSS_NDC_Post_Trial'
**Subject:** RE: Apple v. Samsung (11-cv-1846) -- Samsung's allegations of juror misconduct

Rich,

We have received and are considering your email.  We will respond tomorrow.  Please note, however, that Samsung has already done exactly what Apple asked: provide a declaration relating to
how and when it learned of the facts showing that the judicial process was tainted.

 And it did so on the day and in the timeframe agreed to by the parties in view of a religious holiday.

Vicki

**Victoria Maroulis**
*Partner,*
**Quinn Emanuel Urquhart & Sullivan, LLP**

555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
650-801-5022 Direct
650.801.5000 Main Office Number
650.801.5100 FAX
victoriamaroulis@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** Hung, Richard S. J. [mailto:RHung@mofo.com]
**Sent:** Tuesday, October 02, 2012 8:24 PM
**To:** Victoria Maroulis; Susan R. Estrich; Joseph Sarles; Dylan Proctor; Michael T Zeller
**Cc:** Jacobs, Michael A.; Krevans, Rachel; Bartlett, Jason R.; Borenstein, Ruth N.; 'mark.selwyn@wilmerhale.com' (mark.selwyn@wilmerhale.com); 'peter.kolovos@wilmerhale.com' (peter.kolovos@wilmerhale.com); AvSS_NDC_Post_Trial
**Subject:** Apple v. Samsung (11-cv-1846) -- Samsung's allegations of juror misconduct

Vicki,

On Monday, September 24, we informed you that we intended to move on shortened time to compel disclosure of how and when Samsung learned of the facts underlying its allegations of juror misconduct. We indicated that we would do so unless Samsung provided a sworn declaration the next day with those facts. On September 25, you responded that you could not respond until noon on Thursday. Then on Thursday, Samsung agreed to provide "a declaration per your request by Monday." In reliance on Samsung's agreement that it would provide a declaration with all of the facts, Apple did not move to compel this disclosure.

Just before midnight last night, we received Michael Zeller's declaration. That declaration does not provide all the facts that Samsung agreed to disclose. For example, it refers to when Samsung requested the 1993 bankruptcy court file concerning Velvin Hogan, but not how and when Samsung first learned of Mr. Hogan's 1993 bankruptcy.

As we explained previously, information regarding when and how Samsung learned of the facts underlying its claims of alleged juror misconduct is relevant to whether Samsung has preserved those arguments. Apple needs that information for its opposition to Samsung's motion. Accordingly, if we do not receive a declaration with all the facts, specifically including when and how Samsung learned of the 1993 bankruptcy, by 2PM tomorrow, we will proceed with our motion on shortened time at that time. Given the 8-day delay caused by Samsung's failure first to respond promptly and then to comply with its agreement, the schedule we will propose the following schedule to the Court:

    Apple's opening brief: Wednesday, October 3 at 2PM
    Samsung's opposition brief: Friday, October 5 at 2PM
    No hearing/submission on the papers

Please confirm whether you agree to this schedule, should we be forced to file a motion.

In addition, we will need to provide the Zeller declaration to the Court with our motion. Although we see nothing in it to warrant sealing, you have marked it confidential. Please let us know whether you would like us to file it under seal, in which event it will be Samsung's obligation to follow up with a declaration justifying the sealing.

Rich

-----------------------------------------------------------------------
To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

For information about this legend, go to
http://www.mofo.com/Circular230/

=========================================================================

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail @mofo.com, and delete the message.

-----------------------------------------------------------------------

-----------------------------------------------------------------------

To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

For information about this legend, go to
http://www.mofo.com/Circular230/

=========================================================================

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail @mofo.com, and delete the message.

---------------------------------------------------------------------

---------------------------------------------------------------------
To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

For information about this legend, go to
http://www.mofo.com/Circular230/

=========================================================================

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail @mofo.com, and delete the message.

---------------------------------------------------------------------

# EXHIBIT D

**1 OF 3 RECORD(S)**

FOR INFORMATIONAL PURPOSES ONLY
Copyright 2012 LexisNexis
a division of Reed Elsevier Inc. All Rights Reserved.

| Full Name | Address | Phone |
|---|---|---|
| HOGAN, VELVIN R | 420 SANDS DR APT 115<br>SAN JOSE, CA 95125-6228<br>SANTA CLARA COUNTY | None Listed |

## ADDITIONAL PERSONAL INFORMATION

| SSN | DOB | Gender | LexID(sm) |
|---|---|---|---|
| ███████ | ████ | | ████████ |

## Subject Summary

### Name Variations
1:    HOGAN, V
2:    HOGAN, VELVIN
3:    HOGAN, VELVIN R

### SSNs Summary

| No. | SSN | State Iss. | Date Iss. | Warnings |
|---|---|---|---|---|
| | | | Most frequent SSN attributed to subject: | |
| 1: | ████████ | California | ████ | |

### DOBs
Reported DOBs:

████████

### Address Summary - 12 records found

| No. | Address |
|---|---|
| 1: | 420 SANDS DR APT 115<br>SAN JOSE, CA 95125-6228<br>SANTA CLARA COUNTY |
| 2: | 306 COLVILLE DR<br>SAN JOSE, CA 95123-3504<br>SANTA CLARA COUNTY |
| 3: | 420 SANDS DR APT 317<br>SAN JOSE, CA 95125-6228<br>SANTA CLARA COUNTY |
| 4: | COLVILLE DR<br>SAN JOSE, CA 95123<br>SANTA CLARA COUNTY |
| 5: | 21211 NORDHOFF ST<br>CHATSWORTH, CA 91311-5844<br>LOS ANGELES COUNTY |
| 6: | 20253 KESWICK ST APT 301<br>WINNETKA, CA 91306-4428<br>LOS ANGELES COUNTY |
| 7: | 462 CROW CT<br>SAN JOSE, CA 95123-3318 |

SANTA CLARA COUNTY

8:   10445 CANOGA AVE APT 106
CHATSWORTH, CA 91311-2297
LOS ANGELES COUNTY

9:   1848 LOTMAN DR
SANTA CRUZ, CA 95062-2021
SANTA CRUZ COUNTY

10:   9975 RAYGOR RD
COLORADO SPRINGS, CO 80908-4805
EL PASO COUNTY

11:   10795 SALBECK LN
COLORADO SPRINGS, CO 80908-4418
EL PASO COUNTY

12:   955 FOXCHASE DR APT 632
SAN JOSE, CA 95123-1178
SANTA CLARA COUNTY

**Address Details**
**1: 420 SANDS DR APT 115 SAN JOSE, CA 95125-6228**

| Address | Dates | Phone |
|---|---|---|
| 420 SANDS DR APT 115<br>SAN JOSE, CA 95125-6228<br>SANTA CLARA COUNTY | 10/2009 -<br>8/2012 | |

**Census Data for Geographical Region**
Median Head of Household Age: 36
Median Income: $35,000
Median Home Value: $329,500
Median Education: 13 years
**Household Members**
None Listed
**Other Associates**
None Listed

**2: 306 COLVILLE DR SAN JOSE, CA 95123-3504**

| Address | Dates | Phone |
|---|---|---|
| 306 COLVILLE DR<br>SAN JOSE, CA 95123-3504<br>SANTA CLARA COUNTY | 10/1988 -<br>6/2012 | |

**Census Data for Geographical Region**
Median Head of Household Age: 34
Median Income: $73,828
Median Home Value: $377,300
Median Education: 13 years
**Household Members**
HOGAN, CAROL K
HOGAN, MELISSA K
**Other Associates**
WHITCOMB, LOU E

**3: 420 SANDS DR APT 317 SAN JOSE, CA 95125-6228**

| Address | Dates | Phone |
|---|---|---|

420 SANDS DR APT 317
SAN JOSE, CA 95125-6228
SANTA CLARA COUNTY

10/2009 -
5/2010

**Census Data for Geographical Region**
Median Head of Household Age: 36
Median Income: $35,000
Median Home Value: $329,500
Median Education: 13 years

**Household Members**
None Listed

**Other Associates**
None Listed

### 4: COLVILLE DR SAN JOSE, CA 95123

| Address | Dates | Phone |
|---|---|---|
| COLVILLE DR<br>SAN JOSE, CA 95123<br>SANTA CLARA COUNTY | 10/2004 -<br>7/2008 | |

**Household Members**
None Listed

**Other Associates**
None Listed

### 5: 21211 NORDHOFF ST CHATSWORTH, CA 91311-5844

| Address | Dates | Phone |
|---|---|---|
| 21211 NORDHOFF ST<br>CHATSWORTH, CA 91311-5844<br>LOS ANGELES COUNTY | 1/1994 - 1/1994 | (818) 734-5300 |

**Census Data for Geographical Region**
Median Head of Household Age: 42
Median Income: $75,635
Median Home Value: $295,600
Median Education: 14 years

**Household Members**
None Listed

**Other Associates**
None Listed

### 6: 20253 KESWICK ST APT 301 WINNETKA, CA 91306-4428

| Address | Dates | Phone |
|---|---|---|
| 20253 KESWICK ST APT 301<br>WINNETKA, CA 91306-4428<br>LOS ANGELES COUNTY | 8/1987 - 9/1993 | |

**Census Data for Geographical Region**
Median Head of Household Age: 30
Median Income: $51,742
Median Home Value: $247,000
Median Education: 12 years

**Household Members**
None Listed

**Other Associates**
None Listed

### 7: 462 CROW CT SAN JOSE, CA 95123-3318

| Address | Dates | Phone |
|---|---|---|

462 CROW CT
SAN JOSE, CA 95123-3318
SANTA CLARA COUNTY

1/1988 - 7/1988   (408) 978-8286

**Census Data for Geographical Region**
Median Head of Household Age: 33
Median Income: $82,422
Median Home Value: $367,600
Median Education: 13 years
**Household Members**
None Listed
**Other Associates**
WHITCOMB, LOU E

### 8: 10445 CANOGA AVE APT 106 CHATSWORTH, CA 91311-2297

| Address | Dates | Phone |
|---|---|---|
| 10445 CANOGA AVE APT 106<br>CHATSWORTH, CA 91311-2297<br>LOS ANGELES COUNTY | 8/1987 - 8/1987 | |

**Census Data for Geographical Region**
Median Head of Household Age: 37
Median Income: $64,630
Median Home Value: $247,000
Median Education: 13 years
**Household Members**
None Listed
**Other Associates**
None Listed

### 9: 1848 LOTMAN DR SANTA CRUZ, CA 95062-2021

| Address | Dates | Phone |
|---|---|---|
| 1848 LOTMAN DR<br>SANTA CRUZ, CA 95062-2021<br>SANTA CRUZ COUNTY | 8/1987 - 8/1987 | |

**Census Data for Geographical Region**
Median Head of Household Age: 34
Median Income: $60,500
Median Home Value: $320,500
Median Education: 13 years
**Household Members**
None Listed
**Other Associates**
None Listed

### 10: 9975 RAYGOR RD COLORADO SPRINGS, CO 80908-4805

| Address | Dates | Phone |
|---|---|---|
| 9975 RAYGOR RD<br>COLORADO SPRINGS, CO 80908-4805<br>EL PASO COUNTY | 10/1985 -<br>4/1986 | (719) 495-6467 |

**Census Data for Geographical Region**
Median Head of Household Age: 32
Median Income: $73,871
Median Home Value: $192,800
Median Education: 14 years
**Household Members**
None Listed

**Other Associates**
WHITCOMB, LOU E

**11: 10795 SALBECK LN COLORADO SPRINGS, CO 80908-4418**

| Address | Dates | Phone |
|---|---|---|
| 10795 SALBECK LN<br>COLORADO SPRINGS, CO 80908-4418<br>EL PASO COUNTY | 9/1985 - 4/1986 | (719) 495-3530 |

**Census Data for Geographical Region**
Median Head of Household Age: 32
Median Income: $73,871
Median Home Value: $192,800
Median Education: 14 years
**Household Members**
None Listed
**Other Associates**
None Listed

**12: 955 FOXCHASE DR APT 632 SAN JOSE, CA 95123-1178**

| Address | Dates | Phone |
|---|---|---|
| 955 FOXCHASE DR APT 632<br>SAN JOSE, CA 95123-1178<br>SANTA CLARA COUNTY | | |

**Census Data for Geographical Region**
Median Head of Household Age: 40
Median Income: $45,409
Median Home Value: $241,200
Median Education: 13 years
**Household Members**
None Listed
**Other Associates**
None Listed

**Real Property - 2 records found**

**1: Deed Record  for SANTA CLARA County**

**Buyer Information**
**Name:**  HOGAN, CAROL & VELVIN
**Property Information**
**Address:**  306 COLVILLE DR SAN JOSE, CA 95123-3504
**County/FIPS:**  SANTA CLARA
**Data Source:**  A
**Legal Information**
**Assessor's Parcel Number:**  ███████
**Recording Date:**  08/26/2009
**Document Number:**  ██████
**Document Type:**  NOTICE OF DEFAULT
**Mortgage Information**
**Title Company:**  FIRST AMERICAN TITLE INSURANCE

**2: Assessment Record  for SANTA CLARA County, CA**

**Owner Information**
**Name:**  HOGAN VELVIN R

**Name:** HOGAN CAROL K
**Address:** 306 COLVILLE DR SAN JOSE, CA 95123-3504
**County/FIPS:** SANTA CLARA

### Property Information

**Address:** 306 COLVILLE DR SAN JOSE, CA 95123-3504
**County/FIPS:** SANTA CLARA
**Data Source:** A

### Legal Information

**Assessor's Parcel Number:** ████████
**Recording Date:** 02/07/1990

### Assessment Information

**Assessed Value:** $320580

## Bankruptcy Information - 1 records found

### 1: CALIFORNIA NORTHERN - SAN JOSE

#### Petitioner Information

#### Petitioner 1

**Name:** HOGAN, VELVIN R
**Address:** 306 COLVILLE DR SAN JOSE, CA 95123-3504
**SSN:** ████████
**Type:** INDIVIDUAL - JOINT

#### Petitioner 2

**Name:** HOGAN, CAROL K
**Address:** 306 COLVILLE DR SAN JOSE, CA 95123-3504
**SSN:** ████████
**Type:** INDIVIDUAL - JOINT

#### Bankruptcy Information

**Case Number:** 9358291
**Court:** CALIFORNIA NORTHERN - SAN JOSE
**Filing Date:** 12/27/1993
**Filing Type:** CHAPTER 7

#### Status Information

**Status:** DISCHARGED
**Status Date:** 05/17/1994

#### Trustee Information

**Name:** DECKER, SUZANNE L
**Address:** 151 CALLAN AVE STE 305 SAN LEANDRO, CA 94577-4536

#### Attorney Information

**Name:** HAGEN, DAVID R
**Address:** 6400 CANOGA AVE STE 311 WOODLAND HLS, CA 91367-2433

## Notice Of Defaults - 2 records found

### 1:  Notice Of Defaults

#### Default Information

**Site Address:** 306 COLVILLE DR
SAN JOSE, CA 95123-3504
**Site Address 2:** 306 COLVILLE DR
SAN JOSE, CA 95123-3504
**Recording Date:** 08/26/2009
**Document Type:** NOTICE OF TRUSTEES SALE

#### Defendants

#### Defendant 1

**SSN:** ████████
**Name:** HOGAN, CAROL

**Defendant 2**

SSN: ███████

Name: HOGAN, VELVIN

**Defendant 3**

SSN: ███████

Name: ████████████

## 2:  Notice Of Defaults

**Default Information**

Site Address: 306 COLVILLE DR
SAN JOSE, CA 95123-3504

Site Address 2: 306 COLVILLE DR
SAN JOSE, CA 95123-3504

Recording Date: 05/21/2009

Document Type: NOTICE OF DEFAULT

**Defendants**

**Defendant 1**

SSN: ███████

Name: HOGAN, CAROL

**Defendant 2**

SSN: ███████

Name: HOGAN, VELVIN

**Defendant 3**

SSN: ███████

Name: ████████████

## Potential Relatives - 10 records found

1st Degree: 5, 2nd Degree: 5

| No. | Full Name | Address/Phone |
|---|---|---|
| 1. | HOGAN, CAROL K | 436290 SUSAN DR |
| | • AKA HERNANDEZ, CARO-LYN S | DOYLE, CA 96109 |
| | • AKA HERNANDEZ, CAR-OLINE S | 306 COLVILLE DR |
| | • AKA HERNANDEZ, CARO-LYN DAVISHERNANDIZ | SAN JOSE, CA 95123-3504 |
| | • AKA DAVIS, CAROLINE S | PO BOX 583 |
| | • AKA HOGAN, CAROL K | DOYLE, CA 96109-0583 |
| | • AKA DAVIS, CAROLINE S | |
| | • AKA DAVIS, CAROLYN S | PO BOX 248 |
| | • AKA DAVIS-HERNANDEZ, CAROLYN S | HERLONG, CA 96113-0248 |
| | • AKA HOGAN, CAROLYN S | |
| | • AKA YBARRA, CAROLYN S | 7375 WOODY CREEK DR |
| | • AKA DAVISHERNANDIZ, CAR-OLYN | COLORADO SPRINGS, CO 80911-9392 |
| | • AKA DAVISHERNANDEZ, CAROLYN SUE | |
| | • AKA HERNANDEZ, CARO-LYN S | |
| | • AKA HOGAN, C S | |
| | • AKA DAVIS HERNANDEZ, CAROL | |
| | • AKA HERNANDEZ, CAROL D | |
| | • AKA DAVIS HERNANDEZ, CAROLYN SUE | |
| | • AKA DAVIS, HERNAN-DEZ CAROL | |
| | • AKA DAVIS, CAROLINE S | |
| | • AKA DAVISHERNANDIZ, CAR-OLYN | |
| | • AKA DAVISHERNANDIZ, CAR-OLYN S | |
| | • AKA DAVIS, HERNANDEZ C | |
| | • AKA DAVIS, HERNAN- | |

DEZ CAROL
  • AKA HERNANDEZ, CAROL D
  • AKA DAVIS HERNANDIZ,
CAROLYN
  • AKA DAVISHERNAN, CARO-
LYN
  • AKA DAVIS, C S
  • AKA DAVISHERNANDEZ, C S
  • AKA HERNANDEZ, CARO-
LYN S
  • AKA HERNANDEZDAVIS,
CAROLYN S
  • AKA WHITE, CAROLYN S
  • AK ███████RNANDEZ C
SSN ███████

| | | |
|---|---|---|
| 1.A. | DAVIS, SHERNANDIZ | 300 ROCKERFELLER RD<br>BERRY CREEK, CA 95916-9724 |

1.B.  HERNANDEZ, RUBEN R

⚠ Deceased
  • AKA HERNANDEZ, RUBEN C
  • AKA HERNADEZ, RUBEN R
  • AKA HERNANDEZ, RO-
DOLFO RUBEN
  • AKA HERNANDEZ, RUEBEN
  • AKA HERNANDEZ, RUBEN R
  • AKA HERNANDEZ,
RUDO
SSN ███████

PO BOX 583
DOYLE, CA 96109-0583

PO BOX 248
HERLONG, CA 96113-0248

300 ROCKERFELLER RD
BERRY CREEK, CA 95916-9724

436 290 SUSAN DR
DOYLE, CA 96109

2.  HOGAN, THOMAS R
  • AKA HOGAN, THOMAS R
  • AK
SSN
D ███████

360 MERIDIAN AVE APT 333
SAN JOSE, CA 95126-3462

360 MERIDIAN AVE APT 222
SAN JOSE, CA 95126-3460

225 UNION AVE APT 260
CAMPBELL, CA 95008-3523

180 33RD AVE
SANTA CRUZ, CA 95062-5504
(831) 713-5245
(831) 462-1459

4962 WHITFIELD AVE
FREMONT, CA 94536-7158

3.  HOGAN, MELISSA K
  • AKA LANGEDYK, MELISSA K
  • AKA HOGAN, MELISSA K
  • AKA HOGAN, MELLISSA K
  • AKA LANGEDYK, MELLISSA K
  • AKA ERICKSON, MELISSA K
             K, MELLISSA K

985 FOXCHASE DR APT 554
SAN JOSE, CA 95123-1191
(408) 799-7818

3641 COPPERFIELD DR APT 284
SAN JOSE, CA 95136-4046

306 COLVILLE DR
SAN JOSE, CA 95123-3504

5664 BLUEGRASS LN
SAN JOSE, CA 95118-3513

4951 CHERRY AVE APT 28
SAN JOSE, CA 95118-2749
(408) 269-2126

4.  DAGMAN, TODD D
  • AKA HOGAN, TODD
  • AKA DAGMAN, T

1505 DOVETAIL WAY
GILROY, CA 95020-8304

SSN 

766 1ST ST APT 1
GILROY, CA 95020-4927

18311 CARRIAGE DR 1831
MORGAN HILL, CA 95037-3004

18313 CARRIAGE DR
MORGAN HILL, CA 95037-3004
(408) 612-8021
(408) 776-8009

18311 CARRIAGE DR APT 18313
MORGAN HILL, CA 95037-3004

4.A.   DAGMAN, DONNA M
       • AKA DAGMAN, D
       • AK              DANNA
       SSN

4625 S 85TH CIR
LINCOLN, NE 68526-9211

4623 S 85TH CT
LINCOLN, NE 68526-9210
(402) 489-7423

7600 HALLADALE CT
SAN JOSE, CA 95135-2115
(408) 613-2220

130 BARONI AVE APT 50
SAN JOSE, CA 95136-2221

3591 CHARTER PARK DR
SAN JOSE, CA 95136-1346
(408) 265-5566

4.B.   DAGMAN, GLENN D
       • AKA DAGMAN, GLEN D
       • AKA DAGMAN, G
       • AKA DOGMAN, GLEN
       • AKA DAGMAN, GLEN R
       • AK              GLENN R
       SSN
       D

4625 S 85TH CIR
LINCOLN, NE 68526-9211

7600 HALLADALE CT
SAN JOSE, CA 95135-2115
(408) 613-2220

130 BARONI AVE APT 50
SAN JOSE, CA 95136-2221

705 TULLY RD
SAN JOSE, CA 95111-1035
(408) 278-9370
(408) 292-3600
(408) 297-7422

366 AVENIDA ARBOLES
SAN JOSE, CA 95123-1501
(408) 224-7525

4.C.   FLETTNER, HEIDI KATHLEEN
       • AKA DAGMAN,
       HEIDI KATHLEEN
       • AK              , H
       SSN
       D

1505 DOVETAIL WAY
GILROY, CA 95020-8304

3290 E PAUL AVE
FRESNO, CA 93710-4951

18311 CARRIAGE DR
MORGAN HILL, CA 95037-3004

766 1ST ST APT 1
GILROY, CA 95020-4927

18313 CARRIAGE DR
MORGAN HILL, CA 95037-3004
(408) 612-8021
(408) 776-8009

5.     HOGAN, SIERRA
       • AK
       SSN

360 MERIDIAN AVE APT 333
SAN JOSE, CA 95126-3462

360 MERIDIAN AVE APT 222
SAN JOSE, CA 95126-3460

225 UNION AVE APT 260
CAMPBELL, CA 95008-3523

180 33RD AVE
SANTA CRUZ, CA 95062-5504
(831) 713-5245

707 PELTON AVE APT 300
SANTA CRUZ, CA 95060-6549

## Business Associates - 11 records found

### 1: EAST FOOTHILL CHURCH OF CHRIST

| | |
|---|---|
| **Name:** | HOGAN, V R |
| **Address:** | 214 N WHITE RD<br>SAN JOSE, CA 95127-1941 |
| **Status:** | ACTIVE |
| **State:** | CA |
| **Corporation Number:** | C0348123 |
| **Descriptive Status:** | ACTIVE |
| **Title:** | PRESIDENT |
| **Record Type:** | CURRENT |
| **Record Date:** | 6/19/2012 |

### 2: INTELEMAX, INC.

| | |
|---|---|
| **Name:** | HOGAN, VELVIN |
| **Address:** | 306 COLVILLE DR<br>SAN JOSE, CA 95123-3504 |
| **Status:** | ACTIVE |
| **State:** | CA |
| **Corporation Number:** | C2933300 |
| **Descriptive Status:** | ACTIVE |
| **Title:** | PRESIDENT |
| **Record Type:** | CURRENT |
| **Record Date:** | 7/11/2007 |
| **Filing Date:** | 11/3/2006 |

### 3: INTELEMAX, INC.

| | |
|---|---|
| **Name:** | HOGAN, VELVIN |
| **Status:** | ACTIVE |
| **State:** | NV |
| **Corporation Number:** | C16302-2001 |
| **Descriptive Status:** | ACTIVE |
| **Title:** | PRESIDENT |
| **Record Type:** | CURRENT |
| **Record Date:** | 7/6/2009 |
| **Filing Date:** | 6/20/2001 |

### 4: INTELEMAX, INC.

| | |
|---|---|
| **Name:** | HOGAN, VELVIN |
| **Status:** | DEFAULT |
| **State:** | NV |
| **Corporation Number:** | C16302-2001 |
| **Descriptive Status:** | DEFAULT |
| **Title:** | PRESIDENT |
| **Record Type:** | CURRENT |
| **Record Date:** | 7/30/2009 |
| **Filing Date:** | 7/1/2009 |

### 5: INTELEMAX, INC.

| | |
|---|---|
| **Name:** | HOGAN, VELVIN |

**Status:** REVOKED
**State:** NV
**Corporation Number:** C16302-2001
**Descriptive Status:** REVOKED
**Title:** PRESIDENT
**Record Type:** CURRENT
**Record Date:** 7/1/2010
**Filing Date:** 7/1/2010

**6: JAMAY INVESTMENTS LLC**

**Name:** HOGAN, VELVIN R
**Address:** 306 COLVILLE DR
SAN JOSE, CA 95123-3504
**Status:** ACTIVE
**State:** CA
**Corporation Number:** 200705310347
**Descriptive Status:** ACTIVE
**Title:** MEMBER
**Record Type:** CURRENT
**Record Date:** 4/10/2012

**7: JAMAY INVESTMENTS LLC**

**Name:** HOGAN, VELVIN R
**Address:** 306 COLVILLE DR
SAN JOSE, CA 95123-3504
**Status:** CANCELLED
**State:** CA
**Corporation Number:** 200705310347
**Descriptive Status:** CANCELLED
**Title:** MEMBER
**Record Type:** CURRENT
**Record Date:** 6/19/2012

**8: MULTICAST LABS, INC.**

**Name:** HOGAN, VELVIN
**Address:** 306 COLVILLE DR
SAN JOSE, CA 95123-3504
**Status:** ACTIVE
**State:** CA
**Corporation Number:** C2933300
**Descriptive Status:** ACTIVE
**Title:** PRESIDENT
**Record Type:** CURRENT
**Record Date:** 6/22/2010
**Filing Date:** 11/3/2006

**9: MULTICAST LABS, INC.**

**Name:** HOGAN, VELVIN
**Address:** 306 COLVILLE DR
SAN JOSE, CA 95123-3504
**Status:** SUSPENDED
**State:** CA
**Corporation Number:** C2933300
**Descriptive Status:** SUSPENDED
**Title:** PRESIDENT
**Record Type:** CURRENT
**Record Date:** 6/19/2012
**Filing Date:** 9/1/2010

**10: VELVIN R. HOGAN AND CAROL HOGAM FAMILY LIMITED PARTNERSHIP, A CALIFORNIA LIMITED PART-NERSHIP**

| | |
|---|---|
| **Name:** | HOGAN, VELVIN R |
| **Address:** | 306 COLVILLE DR |
| | SAN JOSE, CA 95123-3504 |
| **Status:** | ACTIVE |
| **State:** | CA |
| **Corporation Number:** | 200035300001 |
| **Descriptive Status:** | ACTIVE |
| **Title:** | PARTNER |
| **Record Type:** | CURRENT |
| **Record Date:** | 7/11/2007 |
| **Filing Date:** | 12/6/2000 |

**11: VELVIN R. HOGAN AND CAROL HOGAN FAMILY LIMITED PARTNERSHIP, A CALIFORNIA LIMITED PART-NERSHIP**

| | |
|---|---|
| **Name:** | HOGAN, VELVIN R |
| **Address:** | 306 COLVILLE DR |
| | SAN JOSE, CA 95123-3504 |
| **Status:** | ACTIVE |
| **State:** | CA |
| **Corporation Number:** | 200035300001 |
| **Descriptive Status:** | ACTIVE |
| **Title:** | PARTNER |
| **Record Type:** | CURRENT |
| **Record Date:** | 6/19/2012 |

## Person Associates - 2 records found

| No. | Full Name | Address | SSN | Phone | DOB |
|---|---|---|---|---|---|
| 1: | WHITCOMB, LOU E | 306 COLVILLE DR SAN JOSE, CA 95123-3504 | ██████ | ████████ | ████ |
| | | 462 CROW CT SAN JOSE, CA 95123-3318 | | | |
| | | 9975 RAYGOR RD COLORADO SPRINGS, CO 80908-4805 | | | |
| 2: | WHITCOMB, HAR-LEY EVERETTWHITCOMO, HARLEY EWHITCOMB, HARVEY | 420 SANDS DR APT 317F SAN JOSE, CA 95125-6228 | ██████ | ████████ | ████ |
| | | 306 COLVILLE DR SAN JOSE, CA 95123-3504 | | | |
| | | 1565 ENDICOTT DR SAN JOSE, CA 95122-1144 | | | |
| | | 462 CROW CT SAN JOSE, CA 95123-3318 | | | |
| | | 9975 RAYGOR RD COLORADO SPRINGS, CO 80908-4805 | | | |

## Employment   - 14 records found

1:

| | |
|---|---|
| **Company Name:** | EAST FOOTHILL CHURCH OF CHRIST |
| **Name:** | HOGAN, V R |
| **Title:** | PRESIDENT |
| **Address:** | 214 N WHITE RD |
| | SAN JOSE, CA 95127-1941 |

**SSN:** ████████

**Phone:** (409) 251-2637

**Confidence:** High

2:

**Company Name:** VELVIN R. HOGAN AND CAROL HOGAN FAMILY LIMITED PARTNERSHIP,
A CALIFORNIA LIMITED PARTNERSHIP

**Name:** HOGAN, VELVIN R

**Title:** PARTNER

**Address:** 306 COLVILLE DR
SAN JOSE, CA 95123-3504

**SSN:** ████████

**Phone:** (408) 629-3055

**Confidence:** Medium

3:

**Company Name:** MULTICAST LABS, INC.

**Name:** HOGAN, VELVIN

**Title:** PRESIDENT

**Address:** 306 COLVILLE DR
SAN JOSE, CA 95123-3504

**SSN:** ████████

**Confidence:** High

4:

**Company Name:** JAMAY INVESTMENTS LLC

**Name:** HOGAN, VELVIN R

**Title:** MEMBER

**Address:** 306 COLVILLE DR
SAN JOSE, CA 95123-3504

**SSN:** ████████

**Confidence:** High

5:

**Company Name:** MULTICAST LABS, INC.

**Name:** HOGAN, VELVIN

**Title:** PRIN

**Address:** SAN JOSE, CA

**SSN:** ████████

**Confidence:** High

6:

**Company Name:** JAMAY INVESTMENT

**Name:** HOGAN, VELVINR

**Title:** PRIN

**Address:** SAN JOSE, CA

**SSN:** ████████

**Confidence:** High

7:

**Company Name:** INTELEMAX, INC.

**Name:** HOGAN, VELVIN

**Title:** PRESIDENT

**SSN:** ████████

**Confidence:** Medium

8:

**Company Name:** INTELEMAX, INC.

**Name:** HOGAN, VELVIN

**Title:** SECRETARY

**SSN:** ████████

**Confidence:** Medium

9:

**Company Name:** EAST FOOTHILL CHURCH OF CHRIST
**Name:** HOGAN, V R
**Title:** PRESIDENT
**Address:** 214 N WHITE RD
SAN JOSE, CA 95127-1941
**SSN:** ███████
**Phone:** (409) 251-2637
**Confidence:** High

10:

**Company Name:** INTELEMAX, INC.
**Name:** HOGAN, VELVIN
**Title:** PRESIDENT
**Address:** 306 COLVILLE DR
SAN JOSE, CA 95123-3504
**SSN:** ███████
**Confidence:** Medium

11:

**Company Name:** VELVIN R. HOGAN AND CAROL HOGAM FAMILY LIMITED PARTNERSHIP,
A CALIFORNIA LIMITED PARTNERSHIP
**Name:** HOGAN, VELVIN R
**Title:** PARTNER
**Address:** 306 COLVILLE DR
SAN JOSE, CA 95123-3504
**SSN:** ███████
**Phone:** (408) 629-3055
**Confidence:** Medium

12:

**Company Name:** POWER VISION SYSTEMS, INC
**Name:** HOGAN, VELVIN
**Title:** VICE PRESIDENT
**Address:** SAN JOSE, CA
**SSN:** ███████
**Confidence:** High

13:

**Company Name:** VELVIN R. HOGAN AND CAROL HOGAM FAMILY LIMITED PARTNERSHIP,
A CALIFORNIA LIMITED PARTNERSHIP
**Name:** HOGAN, VELVIN R
**Address:** 306 COLVILLE DR
SAN JOSE, CA 95123-3504
**SSN:** ███████
**Phone:** (408) 629-3055
**Confidence:** Medium

14:

**Company Name:** POWER VISION SYSTEMS INC
**Name:** HOGAN, VELVIN
**Address:** 306 COLVILLE DR
SAN JOSE, CA 95123-3504
**SSN:** ███████
**Phone:** (408) 289-8669
**Confidence:** Medium

**Sources - 82 records found**
 **All Sources**                                                    82 Source Document(s)

| | |
|---|---|
| **Bankruptcy Records** | 1 Source Document(s) |
| **Corporate Affiliations** | 11 Source Document(s) |
| **Deed Transfers** | 20 Source Document(s) |
| **Historical Person Locator** | 21 Source Document(s) |
| **Notice Of Defaults Records** | 1 Source Document(s) |
| **Person Locator 2** | 9 Source Document(s) |
| **Person Locator 4** | 1 Source Document(s) |
| **Phone** | 5 Source Document(s) |
| **Tax Assessor Records** | 11 Source Document(s) |
| **Utility Locator** | 2 Source Document(s) |

**Important:** The Public Records and commercially available data sources used on reports have errors. Data is sometimes entered poorly, processed incorrectly and is generally not free from defect. This system should not be relied upon as definitively accurate. Before relying on any data this system supplies, it should be independently verified. For Secretary of State documents, the following data is for information purposes only and is not an official record. Certified copies may be obtained from that individual state's Department of State.

Your DPPA Permissible Use is: Litigation
Your GLBA Permissible Use is: I have no permissible use

Copyright© 2012 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

## 2 OF 3 RECORD(S)

FOR INFORMATIONAL PURPOSES ONLY
Copyright 2012 LexisNexis
a division of Reed Elsevier Inc. All Rights Reserved.

| **Full Name** | **Address** | **Phone** |
|---|---|---|
| HOGAN, VELVIN R | 1565 ENDICOTT DR<br>SAN JOSE, CA 95122-1144<br>SANTA CLARA COUNTY | (408) 254-2792 |

### ADDITIONAL PERSONAL INFORMATION

| **SSN** | **DOB** | **Gender** | **LexID(sm)** |
|---|---|---|---|
| | | | ██████ |

### Subject Summary

### Name Variations
1:   HOGAN, VELVIN R

### SSNs Summary
| **No.** | **SSN** | **State Iss.** | **Date Iss.** | **Warnings** |
|---|---|---|---|---|

### DOBs
Reported DOBs:

### Address Summary - 1 records found
| **No.** | **Address** |
|---|---|
| 1: | 1565 ENDICOTT DR<br>SAN JOSE, CA 95122-1144<br>SANTA CLARA COUNTY |

### Address Details
**1: 1565 ENDICOTT DR SAN JOSE, CA 95122-1144**

| Address | Dates | Phone |
|---|---|---|
| 1565 ENDICOTT DR<br>SAN JOSE, CA 95122-1144<br>SANTA CLARA COUNTY | 1/1983 -<br>12/1992 | (408) 254-2792 |

**Census Data for Geographical Region**
Median Head of Household Age: 30
Median Income: $87,042
Median Home Value: $285,800
Median Education: 10 years

**Household Members**
None Listed

**Other Associates**
None Listed


**Neighbors - 7 records found**
**1565 ENDICOTT DR SAN JOSE, CA 95122-1144**

| Name | Address | Phone |
|---|---|---|
| LUNA SR, ISRAEL R<br>LUNA, MARIA ANTONIETA | 1536 ENDICOTT DR<br>SAN JOSE, CA 95122-1145 | (408) 272-4608 |
| DOMINQUEZ, GLADYS<br>PHANITHAVONG, VATH | 1539 ENDICOTT DR<br>SAN JOSE, CA 95122-1144 | |
| SOUZA JR, JOHN C | 1544 ENDICOTT DR<br>SAN JOSE, CA 95122-1145 | (408) 929-0976 |
| STORZ, JOHN A<br>STORZ, MARK ALLEN<br>STORZ, TAMMY A | 1547 ENDICOTT DR<br>SAN JOSE, CA 95122-1144 | |
| BETANCOURT, MARTHA R<br>RAMOS, SHIRLEY JEAN | 1558 ENDICOTT DR<br>SAN JOSE, CA 95122-1145 | |
| MAGANA, ALMA D | 1570 ENDICOTT DR<br>SAN JOSE, CA 95122-1145 | (408) 272-0206 |
| COLLINS, CELESTINE E<br>MCCLINE, LUCIA FERNE | 1571 ENDICOTT DR<br>SAN JOSE, CA 95122-1144 | |

**Sources - 1 records found**

| | |
|---|---|
| **All Sources** | 1 Source Document(s) |
| **Historical Person Locator** | 1 Source Document(s) |

**Important:** The Public Records and commercially available data sources used on reports have errors. Data is sometimes entered poorly, processed incorrectly and is generally not free from defect. This system should not be relied upon as definitively accurate. Before relying on any data this system supplies, it should be independently verified. For Secretary of State documents, the following data is for information purposes only and is not an official record. Certified copies may be obtained from that individual state's Department of State.

Your DPPA Permissible Use is: Litigation
Your GLBA Permissible Use is: I have no permissible use

Copyright© 2012 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

**3 OF 3 RECORD(S)**

FOR INFORMATIONAL PURPOSES ONLY
Copyright 2012 LexisNexis
a division of Reed Elsevier Inc. All Rights Reserved.

| Full Name | Address | Phone |
|---|---|---|
| HOGAN, VELVIN R | PO BOX 533<br>ALVISO, CA 95002-0533<br>SANTA CLARA COUNTY | None Listed |

**ADDITIONAL PERSONAL INFORMATION**

| SSN | DOB | Gender | LexID(sm) |
|---|---|---|---|
| | | | ▮▮▮▮▮ |

**Subject Summary**

**Name Variations**
1:     HOGAN, VELVIN R

**SSNs Summary**

| No. | SSN | State Iss. | Date Iss. | Warnings |
|---|---|---|---|---|

**DOBs**
Reported DOBs:

**Address Summary - 1 records found**

| No. | Address |
|---|---|
| 1: | PO BOX 533<br>ALVISO, CA 95002-0533<br>SANTA CLARA COUNTY |

**Address Details**
**1: PO BOX 533 ALVISO, CA 95002-0533**

| Address | Dates | Phone |
|---|---|---|
| PO BOX 533<br>ALVISO, CA 95002-0533<br>SANTA CLARA COUNTY | 1/1983 - 1/1983 | |

**Census Data for Geographical Region**
Median Head of Household Age: 31
Median Income: $57,589
Median Home Value: $205,600
Median Education: 9 years
**Household Members**
HOGAN, CAROL K
**Other Associates**
None Listed

**Potential Relatives - 1 records found**
1st Degree: 1

| No. | Full Name | Address/Phone |
|---|---|---|
| 1. | HOGAN, CAROL K | PO BOX 533<br>ALVISO, CA 95002-0533 |

**Sources - 1 records found**

| All Sources | 1 Source Document(s) |
|---|---|
| **Historical Person Locator** | 1 Source Document(s) |

**Important:** The Public Records and commercially available data sources used on reports have errors. Data is sometimes entered poorly, processed incorrectly and is generally not free from defect. This system should not be relied upon as definitively accurate.

Before relying on any data this system supplies, it should be independently verified. For Secretary of State documents, the following data is for information purposes only and is not an official record. Certified copies may be obtained from that individual state's Department of State.

Your DPPA Permissible Use is: Litigation
Your GLBA Permissible Use is: I have no permissible use

Copyright© 2012 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

# EXHIBIT E

# YAHOO! NEWS



# Apple-Samsung court verdict under cloud as jury foreman found to have own smartphone patents

By ANI | ANI – Wed 29 Aug, 2012

London, Aug 29 (ANI): The jury foreman in Apple's landmark legal victory over Samsung, has a patent in his own name for a device that can be used in smart phones and tablets, it has emerged.

Velvin Hogan reportedly filed documents with the US Patent Office in 2002 for the 'method and apparatus for recording and storing video information'.

This also included technology for a wireless keyboard to allow users to surf the web and order films on demand, a feature, which is already available on Apple iPads.

According to the Daily Mail, the disclosure has raised a huge potential conflict of interest as it is not clear if the patent has ever been bought or used by any tech companies.

It is not known if Hogan's patent has been used or seen by either Apple or Samsung, but if he were biased in any way towards Apple it could have had a massive influence on jury's decision.

Hogan, 67, also played a crucial role in the jury's decision to rule against Samsung in the civil trial.

According to the paper, at the start of the second day of deliberations he told the others about what he called his 'aha! moment', which meant he could not defend Samsung's claims.

The following day the jury followed his 'expert' view and announced that they were siding with Apple and awarding it 1.05 billion dollars in damages, the paper said. (ANI)

Copyright © 2012 Yahoo India Pvt. Ltd. All rights reserved.  | Yahoo! News Network |    /

# **Mail**Online

## Was the Apple victory tainted? Verdict in the $1 billion triumph over Samsung questioned as it is revealed the jury foreman holds his own smartphone patents

By Daniel Bates

**PUBLISHED:** 15:15 EST, 28 August 2012 | **UPDATED:** 16:22 EST, 28 August 2012

The jury foreman in the $1bn Apple vs Samsung patent lawsuit has a patent in his own name for a device which could be used in smart phones and tablets.

Velvin Hogan filed documents with the US Patent Office in 2002 for the 'method and apparatus for recording and storing video information'.

They also include technology for a wireless keyboard to allow users to surf the web and order films on demand - a feature which the iPad has.

**Scroll Down for Video**



It has been revealed that the jury foreman in the Apple v Samsung trial, Velvin Hogan, 67, has patents related to use within smartphones and tablets

The disclosure raises a huge potential conflict of interest as it is not clear if the patent has ever been bought or used by any tech companies - not least Apple or Samsung.

Hogan, 67, also played a crucial role in the jury's decision to rule against Samsung in the civil trial and used his experience with patents to guide them.

At the start of the second day of deliberations he told the others about what he called his 'aha! moment' which meant he could not defend Samsung's claims.

The following day they followed his 'expert' view and announced that they were siding with Apple and awarding it $1.05bn in damages.





The validity of the verdict in the Apple (left) v Samsung (right) legal duel has been called into question as the jury foreman Velvin Hogan has been revealed to hold a patent for a wireless keyboard which can be used on tablet or smartphone

Hogan, from San Jose, California, worked for 35 years in the computer hard disk drive business and filed his patent with the US Patent Office on February 15 2002, three years before the first iPod to integrate video came out.

It is described as a 'personal video recording/storage apparatus for downloading streaming video and data contents from a number of sources and storing the video files to an internal storage device, such as a disk drive'.

It would have the ability to offload the video files to an 'internal removable media storage device' which appears similar to an SD card on a digital camera.

The patent reads: 'The video files stored in the internal storage devices may thereafter be retrieved, processed, and provided for viewing on demand at a later time (e.g., on a standard television set, a high-definition television set, flat panel display, computer monitor, or an equivalent output device).'



Just like the other? Apple won a major victory in court after arguing that Samsung devices like the Galaxy S III, right was copied from the Apple iPhone 4s, left

The documents also include plans for a link with a wireless keyboard and mouse that 'enables the user to access the Web and email services, edit recorded material, order a movie on demand, and/or perform other functions'.

iPad users can connect up a wireless keyboard and mouse to carry out all these functions.

It is not known if Hogan's patent has been used or seen by either Apple or Samsung, but if he were biased in any way towards Apple it could have had a massive influence on jury's decision.

In an interview before the verdict, University of Notre Dame Law professor Mark McKenna said: 'I could imagine him being very useful to the other jurors as long as he's not trying to dominate the jury room.

'It could be the case that because this guy has a lot of expertise that a lot of jurors defer a lot of specific questions to him.'



Legal battle: In this drawing from inside the San Jose court room earlier this month, Apple marketing chief Phil Schiller addresses a judge during the California trial

He added that even though Hogan's patent was not directly related to the issues at hand, it was 'not as unrelated to Apple's as a biotech patent or a piece of farm machinery - it's still in the tech industry.'

According the Washington Post, the verdict could have far-reaching consequences in the mobile phone industry and even lead to the end of 'pinch and zoom' outside Apple's products, which is the method by which users zoom in.

Manufacturers in the future are likely to steer clear of the feature through fear of more legal action with circles, taps and squiggles having been suggested as potential replacements.

Ken Yarmosh, a developer of applications for Android and Apple smartphones, suggested that one option for Samsung could be zoom buttons or apps that automatically fit the screen to the right size.

The disclosure has set off a firestorm of criticism on the Internet, with some calling for the verdict of the lawsuit to be overturned.



Last week a Californian court decided that Apple's iPad was copied by Samsung Electronics' Galaxy tablet 10.1 (right) and that the South Korean firm must pay over $1 billion in damages



**Claims: Apple filed its lawsuit in April of last year alleging that 28 Samsung smartphones and computer tablets had 'slavishly copied' the iPhones and iPads**

Writing on mobile phone website AndroidPIT Steven Blum said we still had no idea what Hogan's 'biases' may have been towards Apple or Samsung.

He wrote: 'As someone who patented a technology which must have been used in products by certain manufacturers, it seems doubtful that he wouldn't have opinions of his own about who in the tech field were deserved of greater sympathy.

'Furthermore, the fact that a patent-owner was treated as a patent-expert is patently absurd.

'We need expert judges to handle these court cases, not someone like Hogan who could have swayed the opinion of the eight other jury members simply because of the fact that he owned a patent. Once that was established, Hogan could have convinced the jury of anything.'

In discussions on Google+, others were more forthright.

Eric Roussounis said: 'Surely this verdict will be invalidated now...in addition to the foreman being patent inclined, they were told that so much rested on their decision yet they had made their decision from day one?

Adam DiFrischia added: 'I'd love to see how a murder trial would turn out of the jury handled it in a similar fashion.

'I'm sure the general public would be throwing up quite a stink right now.'

MailOnline has reached out to Hogan, Apple and Samsung for comment.

**MOST READ NEWS**

- Previous
- 1
- 2
- 3
- Next

-  The smile that says it all: Romney celebrates debate win as...

-  Female teacher, 31, quits job after she is caught having sex...

-  Detroit police chief suspended over affair with officer, who...

-  Religious fanatic killed baby daughter by stuffing pages of...

-  Justice department charges 91 doctors, nurses, and medical...

-  Teen 'starved by parents and locked in bedroom' was so...

-  From joy to despair in just 23 hours: The heartbreaking...

-  Was it body language, bad briefing... or did he just miss...

-  California mom jailed for 180 days over children's chronic...

-  'He got a clean shot in the head and he's dead': Chilling...

-  Father and son caught on camera mocking limp of girl, 10,...

-  Bosom buddies: Hillary honours Christina Aguilera's...

**Comments (60)**

Newest
Oldest
Best rated
Worst rated

View all

Ban software patents. Please don't let American style litigation hit British shores.

- vanessadeagan , London, 20/9/2012 10:24

Click to rate _ _ Rating   (0)

Report abuse

Apple will soon sit down with their emotional pride, and then all the hypes about owning an Iphone and Ipad will soon fade away quietly. Remember the Blackberry? Remember the hypes about owning a blackberry? This goes to show you nothing stay on top forever. If Apple now going to start suing other companies to stay on top, then it's safe to say the end is near for Apple.

- Michael Braveman , New York, United States of America, 30/8/2012 10:03

Click to rate _ _ Rating   15

Report abuse

'We have always been shameless about stealing great ideas' - Steve Jobs. So apparently its ok to take ideas from others as long as youre Apple. Seems to be true from their track record. WRT the case, IMO: 1. How did Apple get approval 4 these overly broad patents in 1st place? 2. Prior art exists for all patents in case. E.g. Mitsubishi Diamond Touch (2001?) 3. Unfairness apparent in post trial jury comments (e.g. Ilagan, Hogan) who stated they had decided on trial day 1 Samsung were guilty. Hogan also stated 'We wanted to make sure it was sufficiently high to be painful...' after instructions state damages should not punish infringer (2x no less). 4. Experts surpised at speed of deliberation. 700 complex Qs, about 1.8min per q was 1 estimate! Then inconsistency awarding damages Stinks of jury didnt do job. I hope Samsung overturn or win appeal. Apple arent innovators, they are anti-competitive acquirer's of others ideas. I smell anti-trust lawsuit brewing :)

- mick , london, 29/8/2012 22:16

Click to rate _ _ Rating   17

Report abuse

the movie of this will be called "12 angry geeks"

- perturbed , london, 29/8/2012 16:49

Click to rate _ _ Rating   10

Report abuse

Apple = Sith empire.

- uberspacemonkey , London, 29/8/2012 14:11

Click to rate _ _ Rating   31

Report abuse

I knew it the moment I read that Apple won the case. It was biased as it was on American turf and that too in California... are you kidding me ! Apple has never "invented" anything. They saw something... and bettered it. Its called creativity and NOT invention which Apple claims ! What a farce.

- Nilesh , London, 29/8/2012 12:36

Click to rate _ _ Rating   34

Report abuse

What do you expect from a country that kidnaps people then imprisons them without trial or rights.

- Fanatical northerner , Yorkshire, 29/8/2012 12:03

Click to rate _ _ Rating   9

Report abuse

Biased jury and court now exposed for what they are - a total sham biased towards an American company.

- Mowdiwarp , Huddersfield, 29/8/2012 12:01

Click to rate _ _ Rating   34

Report abuse

This is an appalling revelation! Anything that even has the potential to inject bias into litigation involving a jury should be summarily halted! This has the potential to completely undermine the credibility of due process in this case, or any other under similar conditions! What I would like to know is how in the world was this not spotted at jury selection? The verdict is unsafe regardless of the circumstances and should immediately be set aside by the judge next month! So as much as I admire Apple technology and their wonderful cutting edge products I would strongly advise them not to count their chickens just yet!

- Christopher Smithers , London UK, 29/8/2012 12:00

Click to rate _ _ Rating   34

Report abuse

As a consumer, this is not healthy for the news for the technology and marketing development. It will make huge bad influence on all platforms (Ex, Technology, pricewise, quality wise). This is a bad example for electronic world. So consumers are boycotts the APPLE products and campaign for the Apple products boycott. If the consumers are boycott the APPLE products, that's good indicator for technology world.

- Luther , Romford, Essex, 29/8/2012 12:00

Click to rate _ _ Rating   27

Report abuse

The views expressed in the contents above are those of our users and do not necessarily reflect the views of MailOnline.

**anti aging**
Discover Our New,
Most Advanced
Anti-Aging Triple
Power Solution.
LorealParisUSA.co...

**54-Year-Old Mom
Looks 27**
Follow this 1 weird
tip and remove 20
years of wrinkles in
20 days.
theSmartConsumer...

**Best Retirement
Plans**
Create A More
Secure Retirement
Through Smarter
Plans & Higher
RO.
retirementincomede...

**Mutual Fund Tips**
Want Inside
Advice? Learn
How To Read
Stocks & Mutual
Funds Today.
beckervaluefunds.com

Published by Associated Newspapers Ltd

Part of the Daily Mail, The Mail on Sunday & Metro Media Group

GlamEntertainment
© Associated Newspapers Ltd

.

# EXHIBIT F

Login to OnePass | Settings | Help      [SEARCH]

## THOMSON REUTERS NEWS & INSIGHT



Featuring content from WESTLAW

### LEGAL

HOME      NEWS      INSIGHT      LEGAL MATERIALS

*Alison Frankel's* **ON THE CASE**

## Samsung goes after jury foreman in bid to reverse Apple verdict

9/25/2012                                COMMENTS (0)

By Alison Frankel and Dan Levine

Samsung doesn't want you to know why it believes juror misconduct tainted the $1.05 billion verdict that a San Jose federal court jury delivered to Apple in August. Its lawyers at **Quinn Emanuel Urquhart & Sullivan** redacted that entire section of the motion for judgment as a matter of law that they filed Friday with U.S. District Judge Lucy Koh in San Jose, California. But from a close examination of the statute and cases Samsung cited in the redacted section, we've discerned Samsung's two-pronged argument for juror misconduct: The nine-person jury improperly considered extraneous evidence during deliberations and jury foreman Velvin Hogan failed to disclose in voir dire that he was involved in 1993 litigation with a former employer that led him and his wife to declare personal bankruptcy.

In an exclusive interview Tuesday about Samsung's secret new allegations, Hogan, an engineer, confirmed that he was a party in two cases cited in Samsung's brief, a 1993 case from municipal court in Santa Cruz titled Seagate Technology v. Hogan and a 1993 federal bankruptcy case titled In re Velvin R. Hogan. According to Hogan, when Seagate hired him in the 1980s and he moved from Colorado to California, his new employer agreed to split the cost of paying off the mortgage on his Colorado home. But after Hogan was laid off in the early 1990s, he told us, Seagate claimed he owed the company that money. Hogan said he sued Seagate for fraud, Seagate countersued, and he ultimately declared personal bankruptcy to protect his house.

Can Quinn Emanuel credibly argue that Koh needs to hold a hearing to determine whether Hogan's failure to disclose the 1993 litigation is grounds to throw out an unrelated patent infringement verdict for Apple? Again, we don't know precisely what Samsung's argument is, but several of the cases it cited in the new brief's table of authorities concern juror bias and the failure to disclose relevant information in the jury selection process. In U.S. v. Perkins, for instance, the 11th Circuit Court of Appeals ruled in 1984 that the defendant in a criminal obstruction of justice case was entitled to a new trial because a juror didn't reveal that he had previously been both a defendant in a civil case over stolen union funds and a witness in a criminal case involving the firebombing of a union hall. In a 1989 2nd Circuit ruling called U.S. v. Colombo, the court called for an evidentiary hearing on whether a juror deliberately failed to disclose that her brother-in-law was a government prosecutor in order to get on the jury, and held that if she hid her ties to the government, convictions in a huge Mafia racketeering case must be vacated.

The new Samsung brief also cited two relevant 9th Circuit cases, one criminal and one civil. In 1989, in Hard v. Burlington Northern, the appeals court ruled that the district court must hold an evidentiary hearing to find out whether a juror lied in voir dire to cover up his former employment with the railroad and then tainted deliberations by telling other jurors about the railroad's workers' compensation policies. And a divided en banc court emphasized the importance of probing for juror bias in the 1998 case Dyer v. Calderon, in which the appeals court said a state judge hadn't adequately checked the story of a juror in a double homicide case who said her brother had been shot accidentally when, in fact, his killer had been prosecuted. "A court confronted with a colorable claim of juror bias must undertake an investigation of the relevant facts and circumstances," the 9th Circuit held.

Samsung appears to be arguing that Hogan's previous litigation with Seagate may have biased him. The cases it cited suggest that, at the very least, the company wants Koh to hold an evidentiary hearing on Hogan's failure to reveal the 1993 litigation in voir dire.

Hogan told us Tuesday that he didn't mention the 1993 Seagate case or bankruptcy in the jury selection process because he wasn't asked specifically to disclose every case he'd ever been involved in. According to a complete transcript of voir dire, Koh asked jurors, "Have you or a family member or someone very close to you ever been involved in a lawsuit, either as a plaintiff, a defendant or as a witness?" In answering that question, Hogan said that in 2008, after the failure of a company he founded, a programmer sued him in a dispute over ownership of software they developed. He also said he lost his house after his start-up failed (and disclosed his ownership of a patent), but he did not mention the 1993 cases.

Hogan became something of a celebrity after the Apple verdict was announced. Reuters published the first interview with him the day after the trial ended, then the foreman spoke to many other publications and sat for a 15-minute video interview with Bloomberg. His post-trial comments led some commenters to question whether the jury placed undue reliance on his explanations of the relevant law and calculations of damages. Samsung's brief appears to

### RELATED COURT DOCUMENTS & INSIGHT

Dyer v. Calderon

Hard v. Burlington Northern RR

U.S. v. Perkins

U.S. v. Colombo

Apple v. Samsung -- transcript

Samsung's notice of motion



*Alison Frankel's*
**ON THE CASE**



**Pom loses another round in ad with FTC. Not that it matters** read more »

**The next target for Dodd-Frank haters: SEC 'conflict minerals' rule** read more »

**Attention bankruptcy lawyers: Creditors want to cut your fees** read more »

make this argument as well. The table of authorities cited Rule 606(b) of the Federal Rules of Civil Evidence, which says that jurors may be called to testify about (among a very few other things) "extraneous prejudicial information (that) was brought to the jury's attention." That citation adds to the evidence that Samsung wants Koh to hold a hearing in which the jury answers questions about Hogan.

It will be tough for Samsung to show that a 20-year-old financial dispute between Hogan and his onetime employer had a direct bearing on the jury award in this case; and Quinn partners **Charles Verhoeven** and **Michael Zeller** didn't return my calls requesting comment. But Hogan, for one, doesn't fault Samsung or its lawyers for trying. "They've got a job to do and I don't hold that against them," he told us.

Follow us on Twitter @AlisonFrankel, @ReutersLegal  | Like us on Facebook

---

**Register or log in** to comment.

© 2012 THOMSON REUTERS

CONTACT US   PRIVACY POLICY   TERMS OF USE   COPYRIGHT   SITE MAP

# EXHIBIT G

**Bloomberg**

# Samsung Claims Jury Foreman Misconduct Tainted Apple Case

By Joel Rosenblatt - Oct 3, 2012

Apple Inc. (AAPL)'s billion-dollar trial victory in August was tainted by the jury foreman's failure to disclose a lawsuit and his personal bankruptcy, Samsung Electronics Co. (005930) said in a request for dismissal of the verdict.

Samsung said foreman Velvin Hogan was asked during jury selection whether he'd been involved in lawsuits and didn't tell the judge that he had filed for bankruptcy in 1993 and had been sued by his former employer, Seagate Technology Inc.

Samsung has a "substantial strategic relationship" with Seagate and the lawyer who filed the complaint against Hogan is married to an attorney who works for the firm that represented Samsung in the trial against Apple, the Suwon, South Korea-based company said in a filing yesterday in federal court in San Jose, California.

"Mr. Hogan's failure to disclose the Seagate suit raises issues of bias that Samsung should have been allowed to explore," Samsung said in its request for a new trial. The company also said Hogan's public statements after the verdict suggest he failed to answer the court's questions truthfully to "secure a seat on the jury."

The Aug. 24 verdict is part of a global fight for dominance in the $219 billion global smartphone market. The world's two biggest makers of high-end phones have accused each other of copying designs and technology for mobile devices and are waging patent battles on four continents.

"It is very hard to get a jury verdict thrown out for juror misconduct," Mark Lemley, a Stanford Law School professor, said in an e-mail. "If he truthfully answered the questions he was asked, Samsung will have a hard time proving bias."

## Denied Misconduct

Hogan, in a phone interview yesterday, denied that there was any misconduct, saying the court instructions for potential jurors required disclosure of any litigation they were involved in within the

last 10 years -- and that the 1993 bankruptcy and related litigation involving Seagate fell well outside that time range.

"Had I been asked an open-ended question with no time constraint, of course I would've disclosed that," Hogan said, referring to the bankruptcy and related litigation. "I'm willing to go in front of the judge to tell her that I had no intention of being on this jury, let alone withholding anything that would've allowed me to be excused."

Hogan said once he was selected as a juror he "took it as an honor" because the suit was related to his job as an electrical engineer, which he's done for almost 40 years.

"I answered every question the judge asked me" and Samsung "had every opportunity to question me," Hogan said. He added that he's surprised Samsung didn't know about the history it's now citing given the relationship the lawyer Samsung refers to in its filing has with another lawyer at Quinn Emanuel Urquhart & Sullivan LLP, the firm representing the company.

## 'An Excuse'

Hogan said yesterday's filing has him wondering whether Samsung "let me in the jury just to have an excuse for a new trial if it didn't go in their favor."

Susan Estrich, a Quinn Emanuel lawyer, wrote in an Oct. 1 filing that Apple demanded to know when Samsung's lawyers learned of Seagate's lawsuit involving Hogan. Samsung "did not know of Mr. Hogan's undisclosed litigation against Seagate until after the verdict," according to the filing.

Samsung said in a filing yesterday that Diane M. Doolittle, a partner in the Silicon Valley office of Quinn Emanuel, is married to Michael F. Grady, the attorney who filed the 1993 complaint against Hogan on behalf of Seagate. The lawsuit was a breach of contract claim over a loan Seagate said it to have made to Hogan for $25,000.

Kristin Huguet, a spokeswoman for Cupertino, California- based Apple, declined to comment on Samsung's filing.

Adam Yates, a spokesman in the U.S. for Samsung, didn't respond to an e-mail yesterday seeking comment on Hogan's remarks.

## Unanimous Verdict

The nine-member panel reached a unanimous verdict in three days of deliberations following the trial. The jury awarded Apple $1.05 billion after finding that Samsung infringed six of seven patents

at issue. Apple is using the verdict to seek a permanent U.S. sales ban on eight Samsung smartphones and a tablet computer.

Hogan, who told the court he had served on three juries in civil cases, spent seven years working with lawyers to obtain his own patent covering "video compression software," a hobby of his. He worked in the computer hard-drive industry for 35 years at companies including Memorex Corp., Colorado-based Storage Technology Corp. and Massachusetts-based Digital Equipment Corp.

Based in part on that experience, jurors elected him foreman, Hogan said in an interview in August. The only dissenting vote was his own, he said.

The case is Apple Inc. v. Samsung Electronics Co. Ltd., 11- cv-01846, U.S. District Court, Northern District of California (San Jose).

To contact the reporter on this story: Joel Rosenblatt in San Francisco at jrosenblatt@bloomberg.net

To contact the editor responsible for this story: Michael Hytha at mhytha@bloomberg.net

®2012 BLOOMBERG L.P. ALL RIGHTS RESERVED.

# EXHIBIT H

ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME AND ADDRESS): TELEPHONE: FOR COURT USE ONLY

Michael F. Grady
BERGESON & ELIOPOULOS
Ten Almaden Boulevard, Suite 200
San Jose, CA 95113      (408) 297-9200

ATTORNEY FOR (NAME): Seagate Technology, Inc.

Insert name of court, judicial district or branch court, if any, and post office and street address:

Santa Cruz County Municipal Court
701 Ocean Street, Room 120
Santa Cruz, CA 95060

# FILED

JUN 30 1993

PAUL AHERN, CLERK
BY JANICE WARD
DEPUTY, SANTA CRUZ COUNTY

PLAINTIFF: Seagate Technology, Inc.

DEFENDANT: Velvin Hogan

☐ DOES 1 TO _____

CONTRACT

☒ COMPLAINT      ☐ CROSS-COMPLAINT

CASE NUMBER:

MS 93 0919

1. This pleading, including exhibits and attachments, consists of the following number of pages: 4

2. a. Each plaintiff named above is a competent adult
   ☒ Except plaintiff (name): Seagate Technology, Inc.

   ☒ a corporation qualified to do business in California
   ☐ an unincorporated entity (describe):
   ☐ other (specify):

   b. ☒ Plaintiff (name): Seagate Technology, Inc.
   ☒ has complied with the fictitious business name laws and is doing business under the fictitious name
   of (specify): Seagate Technology
   ☐ has complied with all licensing requirements as a licensed (specify):

   c. ☐ Information about additional plaintiffs who are not competent adults is shown in Complaint-Attachment 2c.

3. a. Each defendant named above is a natural person
   ☐ Except defendant (name):                          ☐ Except defendant (name):

   ☐ a business organization, form unknown      ☐ a business organization, form unknown
   ☐ a corporation                                           ☐ a corporation
   ☐ an unincorporated entity (describe):          ☐ an unincorporated entity (describe):

   ☐ a public entity (describe):                         ☐ a public entity (describe):

   ☐ other (specify):                                         ☐ other (specify):

   b. The true names and capacities of defendants sued as Does are unknown to plaintiff.
   c. ☐ Information about additional defendants who are not natural persons is contained in Complaint-Attachment 3c.
   d. ☐ Defendants who are joined pursuant to Code of Civil Procedure section 382 are (names):

(Continued)

If this form is used as a cross-complaint, plaintiff means cross-complainant and defendant means cross-defendant.

60    Form Approved by the
      Judicial Council of California
      Effective January 1, 1982        **COMPLAINT - Contract**                    CCP 425.12
      Rule 982.1(20)

COMPLAINT-Contract                                    Page two

4. ☐ Plaintiff is required to comply with a claims statute, and
   a. ☐ plaintiff has complied with applicable claims statutes, or
   b. ☐ plaintiff is excused from complying because (specify):

5. ☐ This action is subject to ☐ Civil Code section 1812.10 ☐ Civil Code section 2984.4.

6. This action is filed in this ☒ county ☒ judicial district because
   a. ☒ a defendant entered into the contract here.
   b. ☐ a defendant lived here when the contract was entered into.
   c. ☐ a defendant lives here now.
   d. ☒ the contract was to be performed here.
   e. ☐ a defendant is a corporation or unincorporated association and its principal place of business is here.
   f. ☐ real property that is the subject of this action is located here.
   g. ☐ other (specify):

7. ☐ The following paragraphs of this pleading are alleged on information and belief (specify paragraph numbers):

8. ☐ Other:

9. The following causes of action are attached and the statements above apply to each: (Each complaint must have one or more causes of action attached.)

   ☒ Breach of Contract                         ☐ Common Counts
   ☐ Other (specify):

10. PLAINTIFF PRAYS
    For judgment for costs of suit; for such relief as is fair, just, and equitable; and for
    ☒ damages of $ 25,000
    ☒ interest on the damages ☐ according to proof ☒ at the rate of 10          percent per year
       from (date): July 19, 1991
    ☐ attorney fees ☐ of $_____ ☐ according to proof.
    ☐ other (specify):


Michael F. Grady . . . . . . . .          _____
        (Type or print name)                    (Signature of plaintiff or attorney)

        (If you wish to verify this pleading, affix a verification.)

                                                            Page two

FIRST     **CAUSE OF ACTION** - Breach of Contract     Page 3
_(number)_

ATTACHMENT TO [X] Complaint · [ ] Cross-Complaint

_(Use a separate cause of action form for each cause of action.)_

BC-1.   Plaintiff _(name)_: Seagate Technology, Inc.

     alleges that on or about _(date)_: July 17, 1989
     a [X] written [ ] oral [ ] other _(specify)_:
     agreement was made between _(name parties to agreement)_: plaintiff and Velvin Hogan

     [X] A copy of the agreement is attached as Exhibit A, or
     [ ] The essential terms of the agreement [ ] are stated in Attachment BC-1 [ ] are as follows _(specify)_:

BC-2.   On or about _(dates)_: April 19, 1992
     defendant breached the agreement by [ ] the acts specified in Attachment BC-2 [X] the following acts
     _(specify)_: Failure to repay plaintiff the principal sum of $25,000.00,
     together with accrued interest thereon, within 270 days of
     defendant's termination of employment with plaintiff which
     occurred on or about July 19, 1991

BC-3.   Plaintiff has performed all obligations to defendant except those obligations plaintiff was prevented or
     excused from performing.

BC-4.   Plaintiff suffered damages legally (proximately) caused by defendant's breach of the agreement
     [ ] as stated in Attachment BC-4 [X] as follows _(specify)_: The principal sum of $25,000.00
     plus prejudgment interest thereon from July 19, 1991 at the agreed
     rate of ten percent

BC-5.   [ ] Plaintiff is entitled to attorney fees by an agreement or a statute
     [ ] of $
     [ ] according to proof.

BC-6.   [ ] Other:

Form Approved by the
Judicial Council of California
Effective January 1, 1982
Rule 982.1(21)

**CAUSE OF ACTION** - Breach of Contract

CCP 425.12

$25,000.00                                    Scotts Valley, California

                                             July 17, 1989


FOR VALUE RECEIVED, Velvin Hogan ("Employee") promises to pay
SEAGATE TECHNOLOGY ("Company"), 920 Disc Drive, Scotts Valley,
California, 95066, on order, on June 30, 1990 the sum of TWENTY
FIVE THOUSAND DOLLARS with interest at TEN PERCENT (10%) per
annum, interest to be forgiven so long as Employee remains in
Seagate's employment.  Employee further agrees to apply FIFTY
PERCENT (50%) of any bonus received, net of tax, to payment of
principal and any interest due on the note starting with the
bonus payment for calendar quarter performance beginning
April 1, 1989.

Any unpaid balance is due and payable within 270 days of
Employee's termination of employment with Seagate or sale of the
Employee's real property, whichever occurs first.

This note is subject to Section 2966 of the Civil Code, which
provides that the holder of this note shall give written notice
to the Trustor, or his successor in interest, of prescribed
information at least 60 and not more than 150 days before any
balloon payment is due.

This note supersedes any and all past note agreements with
Employee.  The Employee will be forgiven past interest charges
that may have accrued and were unpaid.


                                    _____
                                    Velvin Hogan

B10 (Official Form 10)
(Rev. 6/91)

FILED

| United States Bankruptcy Court | PROOF OF CLAIM |
|---|---|

NORTHERN _____ District of _CALIFORNIA_

1994 FEB 28 AM 10 30

In re (Name of Debtor)
**VELVIN R. HOGAN and
CAROL K. HOGAN**

Case Number
**93-58291-MM**

MA

PAUL C. KAGEL, CLERK
U.S. BANKRUPTCY COURT
SAN JOSE

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" of payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor
*(The person or entity to whom the debtor owes money or property)*
**Seagate Technology, Inc.**

Name and Addresses Where Notices Should be Sent
c/o Michael F. Grady
Bergeson, Eliopoulos, Grady & Gray
10 Almaden Blvd., #200
San Jose, CA 95113

Telephone No. 408-291-6200

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☒ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR
COURT USE ONLY

ACCOUNT OR OTHER NUMBER BY WHICH CREDITOR IDENTIFIES DEBTOR:

Check here if this claim: ☐ replaces ☐ amends   a previously filed claim, dated: _____

**1. BASIS FOR CLAIM:**
☐ Goods sold
☐ Services performed
☒ Money loaned
☐ Personal injury/wrongful death
☐ Taxes
☐ Other (Describe briefly)

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensations (Fill out below)
Your social security number _____
Unpaid compensations for services performed
from _____ to _____
    (date)          (date)

**2. DATE DEBT WAS INCURRED:**
7/17/89

**3. IF COURT JUDGMENT, DATE OBTAINED:**

**4. CLASSIFICATION OF CLAIM.** Under the Bankruptcy Code all claims are classified as one or more of the following: (1) Unsecured nonpriority, (2) Unsecured Priority, (3) Secured. It is possible for part of a claim to be in one category and part in another.
CHECK THE APPROPRIATE BOX OR BOXES that best describe your claim and STATE THE AMOUNT OF THE CLAIM.

☐ SECURED CLAIM $ _____
Attach evidence of perfection of security interest
Brief Description of Collateral:
☐ Real Estate ☐ Motor Vehicle ☐ Other (Describe briefly)

Amount of arrearage and other charges included in secured claim above, if any $ _____ + interest &
☒ UNSECURED NONPRIORITY CLAIM $25,000 / court costs
A claim is unsecured if there is no collateral or lien on property of the debtor securing the claim or to the extent that the value of such property is less than the amount of the claim.

☐ UNSECURED PRIORITY CLAIM $ _____
Specify the priority of your claim.
☐ Wages, salaries, or commissions (up to $2000), earned not more than 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier—11 U.S.C. § 507(a)(3)
☐ Contributions to an employee benefit plan—U.S.C. § 507(a)(4)
☐ Up to $900 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use—11 U.S.C. § 507(a)(6)
☐ Taxes or penalties of governmental units—11 U.S.C. § 507(a)(7)
☐ Other—11 U.S.C. §§ 507(a)(2), (a)(5)—(Describe briefly)

**5. TOTAL AMOUNT OF CLAIM AT TIME CASE FILED:**
$25,000/+ interest from 7/19/91s (Unsecured) and court costs
$ _____ (Secured)
$ _____ (Priority)
$25,000 + interest & court costs (Total)

☒ Check this box if claim includes prepetition charges in addition to the principal amount of the claim. Attach itemized statement of all additional charges.

THIS SPACE IS FOR
COURT USE ONLY

**6. CREDITS AND SETOFFS:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim. In filing this claim, claimant has deducted all amounts that claimant owes to debtor.

**7. SUPPORTING DOCUMENTS:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, or evidence of security interests. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**8. TIME-STAMPED COPY:** To receive an acknowledgement of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) |
|---|---|
| February 23, 1994 | Michael F. Grady, Attorney for Seagate Technology |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

**Exhibit A**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME AND ADDRESS): | TELEPHONE: | FOR COURT USE ONLY |
|---|---|---|
| Michael F. Grady<br>BERGESON & ELIOPOULOS<br>Ten Almaden Boulevard, Suite 200<br>San Jose, CA 95113 | (408) 291-6200 | |

ATTORNEY FOR (NAME): Seagate Technology, Inc.

Insert name of court, judicial district or branch court, if any, and post office and street address:

Santa Cruz County Municipal Court
701 Ocean Street, Room 120
Santa Cruz, CA 95060

**F I L E D**

JUN 30 1993

PAUL AHERN, CLERK
BY JANICE WARD
DEPUTY, SANTA CRUZ COUNTY

PLAINTIFF: Seagate Technology, Inc.

DEFENDANT: Velvin Hogan

☐ DOES 1 TO _____

| CONTRACT | CASE NUMBER: |
|---|---|
| [X] COMPLAINT ☐ CROSS-COMPLAINT | MS 93 0919 |

1. This pleading, including exhibits and attachments, consists of the following number of pages: _4_

2. a. Each plaintiff named above is a competent adult
   [X] Except plaintiff (name): Seagate Technology, Inc.

   [X] a corporation qualified to do business in California
   ☐ an unincorporated entity (describe):
   ☐ other (specify):

   b. [X] Plaintiff (name): Seagate Technology, Inc.
   [X] has complied with the fictitious business name laws and is doing business under the fictitious name
   of (specify): Seagate Technology
   ☐ has complied with all licensing requirements as a licensed (specify):

   c. ☐ Information about additional plaintiffs who are not competent adults is shown in Complaint-Attachment 2c.

3. a. Each defendant named above is a natural person
   ☐ Except defendant (name):                              ☐ Except defendant (name):

   ☐ a business organization, form unknown        ☐ a business organization, form unknown
   ☐ a corporation                                              ☐ a corporation
   ☐ an unincorporated entity (describe):              ☐ an unincorporated entity (describe):

   ☐ a public entity (describe):                            ☐ a public entity (describe):

   ☐ other (specify):                                           ☐ other (specify):

   b. The true names and capacities of defendants sued as Does are unknown to plaintiff.
   c. ☐ Information about additional defendants who are not natural persons is contained in Complaint-Attachment 3c.
   d. ☐ Defendants who are joined pursuant to Code of Civil Procedure section 382 are (names):

(Continued)

If this form is used as a cross-complaint, plaintiff means cross-complainant and defendant means cross-defendant.

Form Approved by the
Judicial Council of California
Effective January 1, 1982
Rule 982.1(20)

60

**COMPLAINT - Contract**

CCP 425.12

### COMPLAINT-Contract

4. ☐ Plaintiff is required to comply with a claims statute, and
    a. ☐ plaintiff has complied with applicable claims statutes, or
    b. ☐ plaintiff is excused from complying because *(specify):*

5. ☐ This action is subject to ☐ Civil Code section 1812.10 ☐ Civil Code section 2984.4.

6. This action is filed in this ☒ county ☒ judicial district because
    a. ☒ a defendant entered into the contract here.
    b. ☐ a defendant lived here when the contract was entered into.
    c. ☐ a defendant lives here now.
    d. ☒ the contract was to be performed here.
    e. ☐ a defendant is a corporation or unincorporated association and its principal place of business is here.
    f. ☐ real property that is the subject of this action is located here.
    g. ☐ other *(specify):*

7. ☐ The following paragraphs of this pleading are alleged on information and belief *(specify paragraph numbers):*

8. ☐ Other:

9. The following causes of action are attached and the statements above apply to each: *(Each complaint must have one or more causes of action attached.)*
    ☒ Breach of Contract          ☐ Common Counts
    ☐ Other *(specify):*

10. PLAINTIFF PRAYS
    For judgment for costs of suit; for such relief as is fair, just, and equitable; and for
    ☒ damages of $ 25,000
    ☒ interest on the damages ☐ according to proof ☒ at the rate of 10      percent per year
    from *(date):* July 19, 1991
    ☐ attorney fees ☐ of $_____ ☐ according to proof.
    ☐ other *(specify):*

Michael F. Grady
*(Type or print name)*

_____
*(Signature of plaintiff or attorney)*

*(If you wish to verify this pleading, affix a verification.)*

| SHORT TITLE  Seagate v. Hogan | CASE NUMBER |
|---|---|

<u>FIRST</u>            CAUSE OF ACTION - Breach of Contract              Page _3_
     *(number)*

ATTACHMENT TO [X] Complaint- [ ] Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

BC-1.   Plaintiff *(name)*: Seagate Technology, Inc.

alleges that on or about *(date)*: July 17, 1989
a [X] written [ ] oral [ ] other *(specify)*:
agreement was made between *(name parties to agreement)*: plaintiff and Velvin Hogan

[X] A copy of the agreement is attached as Exhibit A, or
[ ] The essential terms of the agreement [ ] are stated in Attachment BC-1 [ ] are as follows *(specify)*:

BC-2.   On or about *(dates)*: April 19, 1992
defendant breached the agreement by [ ] the acts specified in Attachment BC-2 [X] the following acts
*(specify)*: Failure to repay plaintiff the principal sum of $25,000.00,
together with accrued interest thereon, within 270 days of
defendant's termination of employment with plaintiff which
occurred on or about July 19, 1991

BC-3.   Plaintiff has performed all obligations to defendant except those obligations plaintiff was prevented or
excused from performing.

BC-4.   Plaintiff suffered damages legally (proximately) caused by defendant's breach of the agreement
[ ] as stated in Attachment BC-4 [X] as follows *(specify)*: The principal sum of $25,000.00
plus prejudgment interest thereon from July 19, 1991 at the agreed
rate of ten percent

BC-5.   [ ] Plaintiff is entitled to attorney fees by an agreement or a statute
        [ ] of $
        [ ] according to proof.

BC-6.   [ ] Other:

Form Approved by the
Judicial Council of California
Effective January 1, 1982
Rule 982.1(21)                      CAUSE OF ACTION - Breach of Contract              CCP 425.12

Exhibit A

$25,000.00                               Scotts Valley, California

                                         July 17, 1989


FOR VALUE RECEIVED, Velvin Hogan ("Employee") promises to pay
SEAGATE TECHNOLOGY ("Company"), 920 Disc Drive, Scotts Valley,
California, 95066, on order, on June 30, 1990 the sum of TWENTY
FIVE THOUSAND DOLLARS with interest at TEN PERCENT (10%) per
annum, interest to be forgiven so long as Employee remains in
Seagate's employment.  Employee further agrees to apply FIFTY
PERCENT (50%) of any bonus received, net of tax, to payment of
principal and any interest due on the note starting with the
bonus payment for calendar quarter performance beginning
April 1, 1989.

Any unpaid balance is due and payable within 270 days of
Employee's termination of employment with Seagate or sale of the
Employee's real property, whichever occurs first.

This note is subject to Section 2966 of the Civil Code, which
provides that the holder of this note shall give written notice
to the Trustor, or his successor in interest, of prescribed
information at least 60 and not more than 150 days before any
balloon payment is due.

This note supersedes any and all past note agreements with
Employee.  The Employee will be forgiven past interest charges
that may have accrued and were unpaid.


                              _____
                              Velvin Hogan

# EXHIBIT I

Specialty Software, Royal Oak, MI

## United States Bankruptcy Court
## CENTRAL District of CALIFORNIA
## SOUTHERN DIVISION

**FILED**

DEC 27 1993

In re *VELVIN R. HOGAN and CAROL K. HOGAN*

Case No. _____
U.S. BANKRUPTCY COURT
PAUL C KARNEY, JR., CLERK
Chapter    7  SAN JOSE, CA

Attorney for Debtor: *David R. Hagen*                              / Debtor

# 93  58291

# MM

### VERIFICATION OF CREDITOR MATRIX

The above named Debtor(s) hereby verify that the attached list of creditors is true and correct

to the best of our knowledge.

Date: _12/17/93_

X _____
Debtor

X _____
Joint Debtor

AT&T UNIVERSAL CARD
P.O. BOX 9999
COLUMBUS, GA 31997


CITIBANK
P.O. BOX 6200
THE LAKES, NV 88901


CORSTAN
4100 W. FLAMINGO #2100
LAS VEGAS, NV 89103


David R. Hagen
6400 CANOGA AVE.
SUITE 311
WOODLAND HILLS, CA 91367


FRANCHISE TAX BOARD
SPECIAL PROCEDURES
P.O.BOX 2952
SACRAMENTO, CA 95812


Franchise Tax Board
Special Procedures
P. O. Box 2952
Sacramento, CA 95812


IRS-SPECIAL PROCEDURES
INSOLVENCY UNIT
P.O.BOX 1431
LOS ANGELES, CA 90053


IRS-Special Procedures
Insolvency Unit
P. O. Box 1431
Los Angeles, CA 90053


WELLS FARGO BANK
P.O. BOX 49049
SAN JOSE, CA 95161

Form B8 (8/91) Specialty Software, Hoyal Oak, MI

Case 5:11-cv-01846-LHK Document 2015 Filed 10/05/12 Page 69 of 127
Case 5:11-cv-01846-LHK Document 2013-3 Filed 10/02/12 Page 4 of 62

**United States Bankruptcy Court**
**CENTRAL District of CALIFORNIA**
**SOUTHERN DIVISION**

FILED

DEC 27 1993

PAUL C. KARNEY, JR., CLERK
U.S. BANKRUPTCY COURT
SAN JOSE, CA

In re *VELVIN R. HOGAN and CAROL K. HOGAN*

Case No. 93 58 293

Chapter 7

_____ / Debtor

Attorney for Debtor: *David R. Hagen*

## CHAPTER 7 STATEMENT OF INTENTION – JOINT DEBTS

| 1. I, the debtor, have filed a schedule of assets and liabilities which includes consumer debts secured by property of the estate. |
|---|

2. My intention with respect to the property of the estate which secures those consumer debts is as follows:

a. **Property to Be Surrendered.**

| Description of Property | Creditor's Name |
|---|---|
| *None* | |

b. **Property to Be Retained.** [Check applicable statement of debtor's intention concerning reaffirmation, redemption, or lien avoidance.]

| Description of Property | Creditor's Name | Debt will be re-affirmed pursuant to §524 (c) | Property is claimed as exempt and will be redeemed pursuant to §722 | Lien will be avoided pursuant to §522(f) and property will be claimed as exempt |
|---|---|---|---|---|
| *PROPERTY AT 306 COLVILLE DRIVE* | *CORSTAN* | | X | |

3. I understand that §521(2)(B) of the Bankruptcy Code requires that I perform the above stated intention within 45 days of the filing of this statement with the court, or within such additional time as the court, for cause, within such 45-day period fixes.

Date: *12/17/93*

Debtors: *Velvin R. Hogan    Carol K. Hogan*

Attorney: *David R. Hagen*
*Merritt & Hagen*
Address: *6400 CANOGA AVE.*
*SUITE 311*
*WOODLAND HILLS, CA 91367*
Telephone: *(818) 992-1940*

**F I L E D**

DEC 27 1993

PAUL C KARNEY, JR., CLERK
U.S. BANKRUPTCY COURT
SAN JOSE, CA

# United States Bankruptcy Court
## Central District of California

In re *VELVIN R. HOGAN*
    *NO OTHER NAMES*
     *and*
    *CAROL K. HOGAN*
    *NO OTHER NAMES*

Case No.
Chapter   7

**93: 58291**

**MM**

Social Security No. ▮▮▮▮
Social Security No. ▮▮▮▮
Debtor's Employer's Tax Identification No. _____

## STATEMENT PURSUANT TO RULE 2016(B)

The undersigned, pursuant to Rule 2016(b), Bankruptcy Rules, states that:

1. The undersigned is the attorney for the debtor(s) in this case.

2. The compensation paid or agreed to be paid by the debtor(s), to the undersigned is:
   a) for legal services rendered or to be rendered in contemplation of and in connection with this case . . . . . $   *975.00*
   b) prior to the filing of this statement, debtor(s) have paid . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $   *975.00*
   c) the unpaid balance due and payable is . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $   *0.00*

3.   *All*   of the filing fee in this case has been paid.

4. The Services rendered or to be rendered include the following:
   a) Analysis of the financial situation, and rendering advice and assistance to the debtor(s) in determining whether to file a petition under Title 11 of the United States Code.
   b) Preparation and filing of the petition, schedules of assets and liabilities, statement of affairs, and other documents required by the court.
   c) Representation of the debtor(s) at the first meeting of creditors.

5. The source of payments made by the debtor(s) to the undersigned was from earnings, wages and compensation for services performed, and * *none other.*

6. The source of payments to be made by the debtor(s) to the undersigned for the unpaid balance remaining, if any, will be from earnings, wages and compensation for services performed, and *none other.*

7. The undersigned have not shared or agreed to share, with any other person, other than with members of their law firm or corporation, any compensation paid or to be paid except as follows: *None.*

Dated: *12/17/93*

David R. Hagen

*David R. Hagen*

Attorneys for Debtor(s)

\* If a fee is paid by transfer of property or if security is taken, give details here and in appropriate Section of Schedules or Statement of Affairs.

Rule 2016(b) (4/91) Specialty Software, Royal Oak, MI

DAVID R. HAGEN

MERRITT & HAGEN
6400 Canoga Ave., Suite 311
Woodland Hills, CA 91367-2498
818-992-1940

93 58291

**FILED**

DEC 27 1993

PAUL C. KARNEY, JR., CLERK
U.S. BANKRUPTCY COURT
SAN JOSE, CA

Attorney for   DEBTORS

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

In re:

VELVIN R. HOGAN AND
CAROL K. HOGAN

Debtor.

CHAPTER ____ 7   CASE NUMBER

(No Hearing Required)

## DECLARATION RE: LIMITED SCOPE OF APPEARANCE
## PURSUANT TO LOCAL BANKRUPTCY RULE 102

TO THE COURT, THE DEBTOR, THE TRUSTEE (if any), AND THE UNITED STATES TRUSTEE:

1. I am the attorney for the Debtor in the above-captioned bankruptcy case.

2. On (specify date) ___DECEMBER, 1993___, I agreed with the Debtor that for a fee of $ ___975.00___, I would provid only the following services:

   a. [XX] Prepare and file the Petition and Schedules
   b. [XX] Represent the Debtor at the 341(a) Hearing
   c. [ ] Represent the Debtor in any relief from stay actions
   d. [ ] Represent the Debtor in any proceeding involving an objection to Debtor's discharge pursuant to 11 U.S.C. § 727
   e. [ ] Represent the Debtor in any proceeding to determine whether a specific debt is nondischargeable under 11 U.S.C. § 523
   f. [ ] Other (specify) :

3. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that th declaration was executed on the following date at the city set forth in the upper left-hand corner of this page.

Dated: 12 /17 ,1993

I HEREBY APPROVE THE ABOVE:

X _Velvin R. Hogan_
X _Carol K. Hogan_
Signature of Debtor

VELVIN HOGAN

CAROL HOGAN

MERRITT & HAGEN
Law Firm Name

By: _David R. Hagen_

Name: DAVID R. HAGEN
Attorney for Debtor

January 1989   This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

21

## FORM 1. VOLUNTARY PETITION

| United States Bankruptcy Court<br>*CENTRAL* District of *CALIFORNIA* | VOLUNTARY PETITION |
|---|---|

| IN RE (Name of debtor - if individual, enter Last, First, Middle)<br><br>*HOGAN, VELVIN R.* | NAME OF JOINT DEBTOR (Spouse)(Last, First, Middle)<br><br>*HOGAN, CAROL K.* |
|---|---|
| ALL OTHER NAMES used by the debtor in the last six years<br><br>*NO OTHER NAMES* | ALL OTHER NAMES used by the joint debtor in the last six years<br><br>*NO OTHER NAMES* |
| SOC. SEC./TAX I.D. NO. (If more than one, state all) | SOC. SEC./TAX I.D. NO. (If more than one, state all) |
| STREET ADDRESS OF DEBTOR (No. and street, city, state, zip)<br><br>*306 COLVILLE DRIVE*<br>*SAN JOSE, CA 95123* | STREET ADDRESS OF JOINT DEBTOR (No. and street, city, state, zip)<br><br>*306 COLVILLE DRIVE*<br>*SAN JOSE, CA 95123* |
| County of Residence or Principal Place of Business<br>*SAN JOSE* | County of Residence or Principal Place of Business<br>*SAN JOSE* |
| MAILING ADDRESS OF DEBTOR (If different from street address)<br><br>*SAME* | MAILING ADDRESS OF JOINT DEBTOR (If different from street address)<br><br>*SAME AS DEBTOR* |

VENUE
- [X] Debtor has been domiciled or has had a residence, principal place of business, or principal assets in the District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.
- [ ] There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

LOCATION OF PRINCIPAL ASSETS OF BUSINESS DEBTOR (If different from above)
*NOT APPLICABLE*

### INFORMATION REGARDING DEBTOR (Check applicable boxes)

**TYPE OF DEBTOR**
- [ ] Individual
- [X] Joint (Husband and Wife)
- [ ] Partnership
- [ ] Other
- [ ] Corporation Publicly Held
- [ ] Corporation Not Publicly Held
- [ ] Municipality

**NATURE OF DEBT**
- [X] Non-Business/Consumer
- [ ] Business-Complete A & B below

**A. TYPE OF BUSINESS** (Check one box)
- [ ] Farming
- [ ] Professional
- [ ] Retail/Wholesale
- [ ] Railroad
- [ ] Transportation
- [ ] Manufacturing/ Mining
- [ ] Stockbroker
- [ ] Commodity Broker
- [ ] Construction
- [ ] Real Estate
- [ ] Other Business

**B. BRIEFLY DESCRIBE NATURE OF BUSINESS**

**CHAPTER or SECTION of BANKRUPTCY CODE UNDER WHICH THE PETITION is FILED**
- [X] Chapter 7
- [ ] Chapter 9
- [ ] Chapter 11
- [ ] Chapter 12
- [ ] Chapter 13
- [ ] Sec. 304-Case Ancillary to Foreign Proceeding

**FILING FEE** (Check one box)
- [X] Filing fee attached.
- [ ] Filing fee to be paid in installments. (Applicable to individuals only.) Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form No. 3.

**NAME AND ADDRESS OF LAW FIRM OR ATTORNEY**
*Merritt & Hagen*
*6400 CANOGA AVE.*
*SUITE 311*
*WOODLAND HILLS, CA 91367*

Telephone No. *(818) 992-1940*

**NAME(S) OF ATTORNEY(S) DESIGNATED TO REPRESENT THE DEBTOR**
*David R. Hagen#108383*

- [ ] Debtor is not represented by an attorney.   Phone:

SUZANNE L. DECKER, TRUSTEE
1032 EAST 14th ST.
SAN LEANDRO, CA 94577

### STATISTICAL/ADMINISTRATIVE INFORMATION (U.S.C. § 604)(Estimates only) (Check applicable boxes)

- [ ] Debtor estimates that funds will be available for distribution to unsecured creditors.
- [X] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE FOR COURT USE ONLY

R42970
8/6
$130
$30

**ESTIMATED NUMBER OF CREDITORS**

| 1-15 | 16-49 | 50-99 | 100-199 | 200-999 | 1000-over |
|---|---|---|---|---|---|
| [X] | [ ] | [ ] | [ ] | [ ] | [ ] |

**ESTIMATED ASSETS (In thousands of dollars)**

| Under 50 | 50-99 | 100-499 | 500-999 | 1000-9999 | 10,000-99,999 | 100,000-over |
|---|---|---|---|---|---|---|
| [ ] | [X] | [ ] | [ ] | [ ] | [ ] | [ ] |

**ESTIMATED LIABILITIES (In thousands of dollars)**

| Under 50 | 50-99 | 100-499 | 500-999 | 1000-9999 | 10,000-99,999 | 100,000-over |
|---|---|---|---|---|---|---|
| [ ] | [ ] | [X] | [ ] | [ ] | [ ] | [ ] |

**ESTIMATED NUMBER OF EMPLOYEES - CH. 11 & 12 ONLY**

| 0 | 1-19 | 20-99 | 100-999 | 1000-over |
|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [ ] |

**ESTIMATED NUMBER OF EQUITY SECURITY HOLDERS - CH. 11 & 12 ONLY**

| 0 | 1-19 | 20-99 | 100-499 | 500-over |
|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [ ] |

93 58291 MM

FORM B1 (6/90) Specialty Software, Royal Oak, MI

Name of Debtor *VELVIN R. HOGAN and CAROL K. HOGAN*     / Debtor     Case No._____

## FILING OF PLAN

For Chapter 9, 11, 12 and 13 cases only. Check appropriate box.

☐ A copy of debtor's proposed plan dated _____     ☐ Debtor intends to file a plan within the time allowed by
is attached.                                                      statute, rule, or order of the court.

### PRIOR BANKRUPTCY CASE FILED WITHIN LAST 6 YEARS (If more than one, attach additional sheet)

| LOCATION WHERE FILED | CASE NUMBER | DATE FILED |
|---|---|---|
| *NONE* | | |

### PENDING BANKRUPTCY CASE FILED BY ANY SPOUSE, PARTNER, OR AFFILIATE OF THE DEBTOR (If more than one, attach additional sheet)

| NAME OF DEBTOR | CASE NUMBER | DATE |
|---|---|---|
| *NONE* | | |
| RELATIONSHIP | DISTRICT | JUDGE |

### REQUEST FOR RELIEF

Debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

## SIGNATURES

### ATTORNEY

X_____ *David R. Hagen*     Date 12/17/93
Signature *David R. Hagen*

| INDIVIDUAL / JOINT DEBTOR(S) | CORPORATE OR PARTNERSHIP DEBTOR |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct. | I declare under penalty of perjury that the information provided in this petition is true and correct, and that the filing of this petition on behalf of the debtor has been authorized. |

X_____ *Velvin R. Hogan*
Signature of Debtor *VELVIN R. HOGAN*

X_____ 12/17/93
Date

X_____ *Carol K Hogan*
Signature of Joint Debtor *CAROL K. HOGAN*

X_____ 12/17/93
Date

X_____
Signature of Authorized Individual

_____
Print or Type Name of Authorized Individual

_____
Title of Individual Authorized by Debtor to File this Petition

_____
Date

### EXHIBIT "A" (To be completed if debtor is a corporation, requesting relief under chapter 11.)

☐ Exhibit "A" is attached and made a part of this petition.

### TO BE COMPLETED BY INDIVIDUAL CHAPTER 7 DEBTOR WITH PRIMARILY CONSUMER DEBTS (See P.L. 98-353 § 322)

I am aware that I may proceed under chapter 7, 11, or 12, or 13 of title 11, United States Code, understand the relief available under such chapter, and choose to proceed under chapter 7 of such title. If I am represented by an attorney, exhibit B has been completed.

X_____ *Velvin R. Hogan*     X_____ 12/17/93
Signature of Debtor *VELVIN R. HOGAN*     Date

X_____ *Carol K. Hogan*     X_____ 12/17/93
Signature of Joint Debtor *CAROL K. HOGAN*     Date

### EXHIBIT "B" (To be completed by attorney for individual chapter 7 debtor(s) with primarily consumer debts.)

I, the attorney for the debtor(s) named in the foregoing petition, declare that I have informed the debtor(s) that (he, she, or they) may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under such chapter.

X_____ *David R. Hagen*     X_____ 12/17/93
Signature of Attorney *David R. Hagen*     Date

Name: *David R. Hagen*
        *Merritt & Hagen*
Address: *6400 CANOGA AVE.*
          *SUITE 311*
          *WOODLAND HILLS, CA 91367*
Telephone: *(818) 992-1940*
☒ Attorney for Debtor(s)
☐ Debtor In Pro Per

# United States Bankruptcy Court
# Central District of California

In re *VELVIN R. HOGAN*
        *NO OTHER NAMES*
          *and*
    *CAROL K. HOGAN*
        *NO OTHER NAMES*

Case No.
Chapter  7

Social Security No. ▮▮▮▮▮▮▮
Social Security No. ▮▮▮▮▮▮▮
Debtor's Employer's Tax Identification No. _____

# NOTICE OF AVAILABLE CHAPTERS

1. Section 342(b) of 11 U.S. Code ("The Bankruptcy Code") states:
   "Prior to the commencement of a case under this title by an individual whose debts are primarily consumer debts, the clerk shall give written notice to such individual that indicates each chapter of this title under which such individual may proceed."

2. If your debts are primarily consumer ones (as opposed to business debts) and they do not exceed $100,000.00 unsecured or $350,000.00 secured (11 USC §109(e)), you are eligible to file under Chapter 13 and to use future income to pay all or a portion of your existing debts.

3. You are eligible to file under Chapter 7 ("straight bankruptcy"), whereby debts are eliminated and your non-exempt assets are liquidated by the trustee for the benefit of your creditors.

4. You are also eligible to file under Chapter 11 ($600.00 filing fees) for debt reorganization.

5. You are not eligible to file under Chapter 9.

6. You may be eligible to file under Chapter 12.

7. All general filing eligibility is subject to 11 USC §§ 109, 727(a) (8) and (9), and 707(b).  **Consult your attorney.**

_____
Clerk of Court

I HAVE READ THE ABOVE "NOTICE OF AVAILABLE CHAPTERS."

_____
Signature of Debtor

_____
Signature of Joint Debtor

Notice of Available Chapters (4/91) Specialty Software, Royal Oak, MI

FORM B6 (6/90) Specialty Software, Royal Oak, MI

Case 5:11-cv-01846-LHK   Document 2025-3 Filed 10/05/12   Page 75 of 127
Case 5:11-cv-01846-LHK   Document 2025-3 Filed 10/05/12   Page 75 of 127

# United States Bankruptcy Court
## CENTRAL  District of CALIFORNIA
## SOUTHERN DIVISION

In re *VELVIN R. HOGAN and CAROL K. HOGAN*

Case No.

Chapter   7

_____ / Debtor

Attorney for Debtor: *David R. Hagen*

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts from Schedule D, E, and F to determine the total amount of the debtor's liabilities.

| NAME OF SCHEDULE | Attached (Yes/No) | No. of Sheets | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A-Real Property | Yes | 1 | $ 235,000.00 | | |
| B-Personal Property | Yes | 2 | $ 10,000.00 | | |
| C-Property Claimed as Exempt | Yes | 1 | | | |
| D-Creditors Holding Secured Claims | Yes | 1 | | $ 186,354.00 | |
| E-Creditors Holding Unsecured Priority Claims | Yes | 2 | | $ 0.00 | |
| F-Creditors Holding Unsecured Nonpriority Claims | Yes | 1 | | $ 12,205.00 | |
| G-Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H-Codebtors | Yes | 1 | | | |
| I-Current Income of Individual Debtor(s) | Yes | 1 | | | $ 4,000.00 |
| J-Current Expenditures of Individual Debtor(s) | Yes | 1 | | | $ 4,009.00 |
| Total Number of Sheets in All Schedules ▶ | | 12 | | | |
| Total Assets ▶ | | | $ 245,000.00 | | |
| Total Liabilities ▶ | | | | $ 198,559.00 | |

In re _VELVIN R. HOGAN and CAROL K. HOGAN_ _____ / Debtor          Case No. _____
                                                                                          (If known)

# SCHEDULE A-REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, or both own the property by placing an "H,""W,""J," or "C"in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G-Executory Contracts and Unexpired Leases.

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C-Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband—H Wife—W Joint—J Community—C | Current Market Value of Debtor's Interest, In Property without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| _PROPERTY AT 306 COLVILLE DRIVE, SAN JOSE, CA_ | | J | $ 235,000 | $ 186,354 |
| | | | | |

_NO_  continuation sheets attached

TOTAL $          235,000
(Report also on Summary of Schedules.)

In re *VELVIN R. HOGAN and CAROL K. HOGAN* _____ / Debtor    Case No. _____

<span style="text-align:right">(If known)</span>

# SCHEDULE B-PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "X" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, or both own property by placing an "H","W","J", or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C-Property Claimed as Exempt.

Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G-Executory Contracts  and Unexpired Leases. If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

| Type of Property | None | Description and Location of Property | Husband—H Wife—W Joint—J Community—C | Current Market Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand. | | *CASH ON PERSON* | J | $ 100 |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | *BALANCE OF CHECKING ACCOUNT* | J | $ 300 |
| | | *BALANCE OF SAVINGS ACCOUNT* | J | $ 500 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | | *SECURITY DEPOSIT WITH LANDLORD* | J | $ 700 |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | *FURNITURE AND FURNISHINGS AT RESIDENCE* | J | $ 2,000 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | *CLOTHING AT RESIDENCE* | J | $ 200 |
| 7. Furs and jewelry. | | *JEWELRY AT RESIDENCE* | J | $ 500 |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | *POLICY WITH PRUDENTIAL* | J | $ 400 |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans.  Itemize. | | *IRA* | J | $ 2,800 |
| 12. Stock and interests in incorporated and unincorporated businesses.  Itemize. | | *STOCK OPTION (500 SHARES INVESTED)* | J | NONE |
| 13. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 14. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 15. Accounts Receivable. | X | | | |
| 16. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled.   Give particulars. | X | | | |
| 17. Other liquidated debts owing debtor include tax refunds.  Give particulars. | X | | | |

Page   *1*   of   *2*

Case 5:11-cv-01846-LHK   Document 2013-3   Filed 10/02/12   Page 73 of 62

In re _VELVIN R. HOGAN and CAROL K. HOGAN_ _____ / Debtor     Case No. _____

(If known)

# SCHEDULE B-PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | None | Description and Location of Property | Husband—H Wife—W Joint—J Community—C | Current Market Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 18. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | X | | | |
| 19. Contingent and non-contingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 20. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 21. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 22. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 23. Automobiles, trucks, trailers and other vehicles. | | _1983 EAGLE WAGON_ | J | $ 2,000 |
| 24. Boats, motors, and accessories. | X | | | |
| 25. Aircraft and accessories. | X | | | |
| 26. Office equipment, furnishings, and supplies. | | _HOME COMPUTER_ | J | $ 500 |
| 27. Machinery, fixtures, equipment and supplies used in business. | X | | | |
| 28. Inventory. | X | | | |
| 29. Animals. | X | | | |
| 30. Crops - growing or harvested. Give particulars. | X | | | |
| 31. Farming equipment and implements. | X | | | |
| 32. Farm supplies, chemicals, and feed. | X | | | |
| 33. Other personal property of any kind not already listed. Itemize. | X | | | |

Page __2__ of __2__                                    Total → | $ 10,000

(Report total also on Summary of Schedules)

In re _VELVIN R. HOGAN and CAROL K. HOGAN_ _____ / Debtor          Case No. _____

                                                                              (If known)

## SCHEDULE C-PROPERTY CLAIMED EXEMPT

Debtor elects the exemptions to which debtor is entitled under:

(Check one box)

☐ 11 U.S.C. § 522(b)(1): Exemptions provided in 11 U.S.C. § 522(d). Note: These exemptions are available only in certain states.

☒ 11 U.S.C. § 522(b)(2): Exemptions available under applicable nonbankruptcy federal laws, state or local law where the debtor's domicile has been located
for the 180 days immediately preceding the filing of the petition, or for a longer portion of the 180-day period than in any other place, and the debtor's interest as a tenant by the entirety or joint tenant to the extent the interest is exempt from process under applicable nonbankruptcy law.

| Description of Property | Specify Law Providing each Exemption | Value of Claimed Exemption | Current Value of Property without Deducting Exemption |
|---|---|---|---|
| _PROPERTY AT 306 COLVILLE DRIVE, SAN JOSE, CA_ | _Calif. C.C.P. S704.910 ET SEQ._ | $ 75,000 | $ 235,000 |
| _FURNITURE AND FURNISHINGS AT RESIDENCE_ | _Calif. C.C.P. S.704.020_ | $ 2,000 | $ 2,000 |
| _CLOTHING AT RESIDENCE_ | _Calif. C.C.P. S704.020_ | $ 200 | $ 200 |
| _JEWELRY AT RESIDENCE_ | _Calif. C.C.P. S704.040_ | $ 500 | $ 500 |
| _POLICY WITH PRUDENTIAL_ | _Calif. C.C.P. S704.100_ | $ 400 | $ 400 |
| _IRA_ | _Calif. C.C.P. S704.115_ | $ 2,800 | $ 2,800 |
| _1983 EAGLE WAGON_ | _Calif. C.C.P. S.704.010_ | $ 1,200 | $ 2,000 |
| _HOME COMPUTER_ | _Calif. C.C.P. S704.020_ | $ 500 | $ 500 |

FORM B6D (6/90) Specialty Software, Royal Oak, MI

In re _VELVIN R. HOGAN and CAROL K. HOGAN_ _____ / Debtor      Case No. _____

(If known)

# SCHEDULE D-CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and account number, if any, of all entities holding claims secured by property of the debtor as of the date of filing of the petition. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests. List creditors in alphabetical order to the extent practicable. If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place and "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| Creditor's Name and Mailing Address including Zip Code | Codebtor | Date Claim was Incurred, Nature of Lien, and Description and Market Value of Property Subject to Lien H—Husband W—Wife J—Joint C—Community | Contingent | Unliquidated | Disputed | Amount of Claim without Deducting Value of Collateral | Unsecured Portion, if any |
|---|---|---|---|---|---|---|---|
| Account No. ▇▇▇▇▇ <br> _Creditor #: 1_ <br> _CORSTAN_ <br> _4100 W. FLAMINGO #2100_ <br> _LAS VEGAS, NV 89103_ | J | _Mortgage_ <br> _PROPERTY AT 306 COLVILLE DRIVE_ <br> _SAN JOSE, CA 95123_ <br><br> Value: $ 235,000.00 | | | X | $186,354.00 | $ 0.00 |
| Account No. | | <br><br> Value: | | | | | |
| Account No. | | <br><br> Value: | | | | | |
| Account No. | | <br><br> Value: | | | | | |
| Account No. | | <br><br> Value: | | | | | |

_No_  continuation sheets attached

Subtotal $ (Total of this page)   186,354.00

Total $ (Use only on last page and on Summary of Schedules)   186,354.00

In re **VELVIN R. HOGAN and CAROL K. HOGAN** _____ / Debtor    Case No. _____

(If known)

# SCHEDULE E-CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed on this schedule. In the boxes provided on the attached sheets, state the name and mailing address, including zip code, and account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of this petition.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H,""W,""J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotal" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Repeat this total also on the Summary of Schedules.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

## TYPES OF PRIORITY CLAIMS

☐ **Extensions of credit in an involuntary case**
Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(2).

☐ **Wages, salaries, and commissions**
Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees, up to a maximum of $2000 per employee, earned within 90 days immediately preceding the filing of the petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(3).

☐ **Contributions to employee benefit plans**
Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Certain farmers and fishermen**
Claims of certain farmers and fishermen, up to a maximum of $2000 per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(5).

☐ **Deposits by individuals**
Claims of individuals up to a maximum of $900 for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(6).

☒ **Taxes and Other Certain Debts Owed to Governmental Units**
Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(7).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**
Claims based on commitments to FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(8).

_____ _1_ continuation sheets attached

In re __VELVIN R. HOGAN and CAROL K. HOGAN_____ / Debtor        Case No. _____

(If known)

# SCHEDULE E-CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

(Continuation Sheet)

TYPE OF PRIORITY: *Taxes and Certain Other debts Owed to Governmental Units*

| Creditor's Name and Mailing Address including Zip Code | Code-btor | Date Claim was Incurred, and Consideration for Claim | H—Husband W—Wife J—Joint C—Community | Contingent | Unliquidated | Disputed | Total Amount of Claim | Amount Entitled to Priority |
|---|---|---|---|---|---|---|---|---|
| Account No. *Creditor #: 1* *FRANCHISE TAX BOARD* *SPECIAL PROCEDURES* *P.O.BOX 2952* *SACRAMENTO, CA 95812* | J | *State income taxes* | | | | | $ 0.00 | $ 0.00 |
| Account No. *Creditor #: 2* *IRS-SPECIAL PROCEDURES* *INSOLVENCY UNIT* *P.O.BOX 1431* *LOS ANGELES, CA 90053* | J | *Federal income taxes* | | | | | $ 0.00 | $ 0.00 |
| Account No. | | | | | | | | |
| Account No. | | | | | | | | |
| Account No. | | | | | | | | |
| Account No. | | | | | | | | |
| Account No. | | | | | | | | |

Sheet No. _1_ of _1_ continuation sheets attached to Schedule of Creditors holding Unsecured Priority Claims

| | |
|---|---|
| Subtotal $ (Total of this page) | 0.00 |
| Total $ (Use only on last page and on Summary of Schedules) | 0.00 |

In re _VELVIN R. HOGAN and CAROL K. HOGAN_ _____ / Debtor      Case No. _____

(If known)

# SCHEDULE F–CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and account number, if any, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| Creditor's Name and Mailing Address including Zip Code | Codebtor | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. H—Husband W—Wife J—Joint C—Community | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|
| Account No. ████████ <br> **Creditor #: 1** <br> **AT&T UNIVERSAL CARD** <br> **P.O. BOX 9999** <br> **COLUMBUS, GA 31997** | J | 10/93 <br> MASTERCARD ACCOUNT | | | | $ 3,100.00 |
| Account No. ████████ <br> **Creditor #: 2** <br> **CITIBANK** <br> **P.O. BOX 6200** <br> **THE LAKES, NV 88901** | J | 10/93 <br> VISA ACCOUNT | | | | $ 300.00 |
| Account No. ████████ <br> **Creditor #: 3** <br> **WELLS FARGO BANK** <br> **P.O. BOX 49049** <br> **SAN JOSE, CA 95161** | J | 1992 <br> LOAN | | | | $ 8,805.00 |
| Account No. | | | | | | |
| Account No. | | | | | | |

_No_  continuation sheets attached

| | | |
|---|---|---|
| | Subtotal $ <br> (Total of this page) | $ 12,205.00 |
| | Total $ <br> (Use only on last page and on Summary of Schedules) | $ 12,205.00 |

FORM B6G (6/90) Specialty Software, Royal Oak, MI

Case 5:11-cv-01846-LHK   Document 2025-3   Filed 10/05/12   Page 84 of 127
Case 5:11-cv-01846-LHK   Document 2015-3   Filed 10/02/12   Page 19 of 62

In re *VELVIN R. HOGAN and CAROL K. HOGAN* _____ / Debtor       Case No. _____
(If known)

# SCHEDULE G-EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests.
State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease.
Provide the names and complete mailing addresses of all other parties to each lease or contract described.

NOTE: A party listed on this schedule will not receive notice of the filing of this case unless the party is also scheduled in the appropriate schedule of creditors.

☒ Check this box if the debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, including Zip Code, of other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether Lease is for Nonresidential Real Property. State Contract Number of any Government Contract. |
|---|---|
| | |

In re _VELVIN R. HOGAN and CAROL K. HOGAN_ _____ / Debtor    Case No. _____

(If known)

# SCHEDULE H-CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. In community property states, a married debtor not filing a joint case should report the name and address of the nondebtor spouse on this schedule.  Include all names used by the nondebtor spouse during the six years immediately preceding the commencement of this case.

☒ Check this box if the debtor has no codebtors.

| Name and Address of Codebtor | Name and Address of Creditor |
| --- | --- |
| | |

Page __1__ of __1__

FORM B6I (6/90) Specialty Software, Royal Oak, MI

In re _VELVIN R. HOGAN and CAROL K. HOGAN_ _____ / Debtor   Case No. _____

(If known)

# SCHEDULE I-CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled spouse must be completed in all cases filed by joint debtors and by a married debtor in a chapter 12 or 13 case whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.

| Debtor's Marital | DEPENDENTS OF DEBTOR AND SPOUSE | | | |
|---|---|---|---|---|
| Status: _Married_ | NAMES _ONE_ | AGE | RELATIONSHIP | |

| EMPLOYMENT: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | _ELECTRIC ENGINEER_ | _UNEMPLOYED_ |
| Name of Employer | _MICROPOLIS CORP._ | |
| How Long Employed | _2 YEARS_ | |
| Address of Employer | _21211 NORDOFF STREET_ _CHATSWORTH, CA 91311_ | |

| Income: (Estimate of average monthly income) | | DEBTOR | | SPOUSE |
|---|---|---|---|---|
| Current Monthly gross wages, salary, and commissions (pro rate if not paid monthly) | $ | _6,166.00_ | $ | _0.00_ |
| Estimated Monthly Overtime | $ | _0.00_ | $ | _0.00_ |
| SUBTOTAL | $ | _6,166.00_ | $ | _0.00_ |
| LESS PAYROLL DEDUCTIONS | | | | |
| a. Payroll Taxes and Social Security | $ | _2,166.00_ | $ | _0.00_ |
| b. Insurance | $ | _0.00_ | $ | _0.00_ |
| c. Union Dues | $ | _0.00_ | $ | _0.00_ |
| d. Other (Specify): | $ | _0.00_ | $ | _0.00_ |
| SUBTOTAL OF PAYROLL DEDUCTIONS | $ | _2,166.00_ | $ | _0.00_ |
| TOTAL NET MONTHLY TAKE HOME PAY | $ | _4,000.00_ | $ | _0.00_ |
| | | | | |
| Regular income from operation of business or profession or farm (attach detailed statement) | $ | _0.00_ | $ | _0.00_ |
| Income from Real Property | $ | _0.00_ | $ | _0.00_ |
| Interest and dividends | $ | _0.00_ | $ | _0.00_ |
| Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | $ | _0.00_ | $ | _0.00_ |
| Social Security or other government assistance Specify: | $ | _0.00_ | $ | _0.00_ |
| Pension or retirement income | $ | _0.00_ | $ | _0.00_ |
| Other monthly income Specify: | $ | _0.00_ | $ | _0.00_ |
| TOTAL MONTHLY INCOME | $ | _4,000.00_ | $ | _0.00_ |

TOTAL COMBINED MONTHLY INCOME   $   _4,000.00_
(Report also on Summary of Schedules)

Describe any increase or decrease of more than 10% in any of the above categories anticipated to occur within the year following the filing of this document:

FORM B6J (6/90) Specialty Software, Royal Oak, MI

Case 5:11-cv-01846-LHK   Document 2023-3  Filed 10/05/12   Page 87 of 127
Case 5:11-cv-01846-LHK   Document 2013-3  Filed 10/02/12   Page 22 of 52

In re _VELVIN R. HOGAN and CAROL K. HOGAN_ _____ / Debtor   Case No. _____

(If known)

# SCHEDULE J-CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR

Complete this schedule by estimating the average monthly expenses of the debtor and the debtor's family. Pro rate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate schedule of expenditures labeled "Spouse."

| | |
|---|---:|
| Rent or home mortgage payment (include lot rented for moble home) | $ 779.00 |
| Are real estate taxes included?   Yes ☒   No ☐ | |
| Is property insurance included?   Yes ☒   No ☐ | |
| Utilities:  Electricity and heating fuel | $ 100.00 |
| Water and sewer | $ 100.00 |
| Telephone | $ 50.00 |
| Other | $ 0.00 |
| Home maintenance (repairs and upkeep) | $ 0.00 |
| Food | $ 600.00 |
| Clothing | $ 50.00 |
| Laundry and Dry cleaning | $ 50.00 |
| Medical and Dental expenses | $ 40.00 |
| Transportation (not including car payments) | $ 250.00 |
| Recreaton, clubs, and entertainment, newspapers, magazines, etc. | $ 50.00 |
| Charitable contributions | $ 0.00 |
| Insurance (not deducted from wages or included in home mortgage payments) | |
| Homeowner's or renter's | $ 0.00 |
| Life | $ 160.00 |
| Health | $ 0.00 |
| Auto | $ 100.00 |
| Other: | $ 0.00 |
| Taxes (not deducted from wages or included in home mortgage) | |
| Specify: | $ 0.00 |
| Installment payments: (In chapter 12 and 13 cases, do not list payments to be included in the plan) | |
| Auto | $ 0.00 |
| Other: | $ 0.00 |
| Alimony, maintenance, and support paid to others | $ 0.00 |
| Payments for support of additional dependents not living at your home | $ 0.00 |
| Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ 0.00 |
| Other:  _MORTGAGE_ | $ 1,680.00 |
| Other: | $ 0.00 |
| TOTAL MONTHLY EXPENSES  (Report also on summary of Schedules) | $ 4,009.00 |

[FOR CHAPTER 12 AND 13 DEBTORS ONLY]
Provide the information requested below, including whether plan payments are to be made bi-weekly, monthly, annually, or at some other regular interval.

| | |
|---|---|
| A. Total projected monthly income | $ |
| B. Total projected monthly expenses | $ |
| C. Excess Income (A minus B) | $ |
| D. Total amount to be paid into plan each: | $ |

FORM B8 (6/90) Specialty Software, Royal Oak, MI

In re <u>VELVIN R. HOGAN and CAROL K. HOGAN</u>_____ / Debtor    Case No. _____
                                                                      (If known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing Summary and Schedules, consisting of ___13___ sheets, and that they are true and correct to the best of my knowledge, information and belief.    (Total shown on summary page plus 1)

X Date: 12/17/93 _____   X Signature _Velvin R. Hogan_____
                                           VELVIN R. HOGAN

X Date: 12/17/93 _____   X Signature _Carol K. Hogan_____
                                           CAROL K. HOGAN

Penalty for making a false statement or concealing property:  Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. §152 and §3571.

# United States Bankruptcy Court
## CENTRAL District of CALIFORNIA
## SOUTHERN DIVISION

In re *VELVIN R. HOGAN and CAROL K. HOGAN*

Case No.
Chapter   7

_____ / Debtor

Attorney for Debtor: *David R. Hagen*

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.

Questions 1 - 15 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 16 - 21. Each question must be answered. If the answer to any question is "None," or the question is not applicable, mark the box labeled "None." If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

## DEFINITIONS

"In business." A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within the two years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or person in control of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed.

"Insider." The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any person in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. §101(30).

1. **Income from employment or operation of business.**
State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE (if more than one) |
|---|---|
| Year to date:*$72,000.00* | |
| Last year:*$86,593.00* | |
| Year before:*$89,303.00* | |

2. **Income other than from employment or operation of business.**
State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| Year to date:*$4,500.00* | *APPROXIMATE AMOUNT* |
| Last year: | |
| Year before: | |

**3a. Payments to creditors.**

List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any creditor, made within 90 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

**3b.** List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

**4a. Suits, executions, garnishments and attachments.**

List all suits to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| *SEEGATE V. HOGAN* SEAGATE *CASE NO. MS930919* | *CIVIL* | *SANTA CRUZ MUNICIPAL COURT* | *PENDING* |

**4b.** Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

**5. Repossessions, foreclosures and returns.**

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

**6a. Assignments and receiverships.**

Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

**6b.** List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

**7. Gifts**

List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

**8. Losses**

List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and joint petition is not filed.)

☒ NONE

**9. Payments related to debt counseling or bankruptcy.**

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR (if other than debtor) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| *David R. Hagen* *6400 CANOGA AVE.* *SUITE 311* *WOODLAND HILLS, CA 91367* | *Payor: VELVIN R. HOGAN* | *$ 975.00* |

**10. Other transfers**

List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as a security within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

**11. Closed financial accounts**

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless spouses are separated and a joint petition is not filed.)

☒ NONE

**12. Safe deposit boxes**

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE of Transfer or Surrender if any |
|---|---|---|---|
| *Inst:WELLS FARGO BANK* *Addr:SAN JOSE* | *Name:VELVIN AND CAROL HOGAN* *Addr:20253 KESWICK ST. #301* *CANOGA PARK, CA 91306* | *LEGAL PAPERS* | |

**13. Setoffs**

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

**14. Property held for another person**

List all property owned by another person that the debtor holds or controls.

☒ NONE

**15. Prior address of debtor.**

If the debtor has moved within the two years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME(S) USED | DATES of Occupancy |
|---|---|---|
| *Address:20253 KESWICK ST. #301* *CANOGA PARK, CA 91309* | *Name(s)SAME* | *7/93 TO PRESENT* |
| *Address:10445 CANOGA AVENUE* | *Name(s)SAME* | *7/92 TO 7/93* |

Statement of Affairs -- Page 3

QUESTION 15 CONTINUED . . .

| ADDRESS | NAME(S) USED | DATES of Occupancy |
|---|---|---|
| Address:306 COLVILLE DRIVE | Name(s)SAME | 10/88 TO |
| SAN JOSE, CA 91523 | | 7/92 |

**The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who** is or has been, within two years immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or otherwise self-employed.

(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within the two years immediately preceding the commencement of this case.)

**16. Nature, location and name of business**
   a.  If the debtor is an individual, list the names and addresses of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship, or was a self-employed professional within the two years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the two years immediately preceding the commencement of this case.

   b.  If the debtor is a partnership, list the names and addresses of all businesses in which the debtor was a partner or owned 5 percent or more of the voting securities, within the two years immediately preceding the commencement of this case.

   c.  If the debtor is a corporation, list the names and addresses of all businesses in which the debtor was a partner or owned 5 percent or more of the voting securities within the two years immediately preceding the commencement of this case.

☒ NONE

**17a.  Books, records and financial statements**
   List all bookkeepers and accountants who within the six years immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

☒ NONE

**17b.**  List all firms or individuals who within the two years immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

☒ NONE

**17c.**  List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor.  If any of the books of account and records are not available, explain.

☒ NONE

**17d.**  List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued within two years immediately preceding the commencement of this case by the debtor.

☒ NONE

**18a.  Inventories**
   List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

☒ NONE

**18b.**  List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

☒ NONE

**19a.  Current Partners, Officers, Directors and Shareholders**
   If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

☒ NONE

Form 7 (6/90) Specialty Software, Royal Oak, MI

Case 5:11-cv-01846-LHK   Document 2025-3   Filed 10/05/12   Page 93 of 127
Case 5:11-cv-01846-LHK   Document 2025-3   Filed 10/05/12   Page 28 of 62

**19b.** If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting securities of the corporation.

☒ NONE

**20a. Former partners, officers, directors and shareholders.**
If the debtor is a partnership, list each member who withdrew from the partnership within one year immediately preceding the commencement of this case.

☒ NONE

**20b.** If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within one year immediately preceding the commencement of this case.

☒ NONE

**21. Withdrawals from a partnership or distribution by a corporation**
If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other prerequisite during one year immediately preceding the commencement of this case.

☒ NONE

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of Perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date  12/17/93          Signature  *Velvin R. Hogan*
                                    VELVIN R. HOGAN

Date  12/17/93          Signature  *Carol K. Hogan*
                                    CAROL K. HOGAN

Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §152 and §3571.

B10 (Official Form 10)
(Rev. 6/91)

| United States Bankruptcy Court | PROOF OF CLAIM |
|---|---|

NORTHERN ____ District of ____ CALIFORNIA

In re (Name of Debtor)  VELVIN R. HOGAN and
CAROL K. HOGAN

Case Number
93-58291-MM

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" of payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

FILED

94 MAR -4  AM 10: 44

PAUL C. KARNEY, CLERK
U.S. BANKRUPTCY COURT
SAN JOSE, CA

Name of Creditor
(The person or entity to whom the debtor owes money or property)

Seagate Technology, Inc.

Name and Addresses Where Notices Should Be Sent
c/o Michael F. Grady
Bergeson, Eliopoulos, Grady & Gray
10 Almaden Blvd., #200
San Jose, CA  95113

Telephone No. 408-291-6200

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☒ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR COURT USE ONLY

ACCOUNT OR OTHER NUMBER BY WHICH CREDITOR IDENTIFIES DEBTOR:

Check here if this claim: ☐ replaces ☐ amends  a previously filed claim, dated: ____

1. BASIS FOR CLAIM:
☐ Goods sold
☐ Services performed
☒ Money loaned
☐ Personal injury/wrongful death
☐ Taxes
☐ Other (Describe briefly)

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensations (Fill out below)
Your social security number ____
Unpaid compensations for services performed
from ____ to ____
    (date)              (date)

2. DATE DEBT WAS INCURRED:
7/17/89

3. IF COURT JUDGMENT, DATE OBTAINED:

4. CLASSIFICATION OF CLAIM. Under the Bankruptcy Code all claims are classified as one or more of the following: (1) Unsecured nonpriority, (2) Unsecured Priority, (3) Secured. It is possible for part of a claim to be in one category and part in another.
CHECK THE APPROPRIATE BOX OR BOXES that best describe your claim and STATE THE AMOUNT OF THE CLAIM.

☐ SECURED CLAIM $ ____
Attach evidence of perfection of security interest
Brief Description of Collateral:
☐ Real Estate  ☐ Motor Vehicle  ☐ Other (Describe briefly)

Amount of arrearage and other charges included in secured claim above, if any $ ____

☒ UNSECURED NONPRIORITY CLAIM $25,000 + interest & court costs
A claim is unsecured if there is no collateral or lien on property of the debtor securing the claim or to the extent that the value of such property is less than the amount of the claim.

☐ UNSECURED PRIORITY CLAIM $ ____
Specify the priority of the claim.
☐ Wages, salaries, or commissions (up to $2000), earned not more than 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier—11 U.S.C. § 507(a)(3)
☐ Contributions to an employee benefit plan—U.S.C. § 507(a)(4)
☐ Up to $900 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use—11 U.S.C. § 507(a)(6)
☐ Taxes or penalties of governmental units—11 U.S.C. § 507(a)(7)
☐ Other—11 U.S.C. §§ 507(a)(2), (a)(5)—(Describe briefly)

5. TOTAL AMOUNT OF CLAIM AT TIME CASE FILED:
$25,000 + interest from 7/18/91 s ____ $ ____
(Unsecured) and court costs    (Secured)         (Priority)

$25,000 + interest & court costs (Total)

☒ Check this box if claim includes prepetition charges in addition to the principal amount of the claim. Attach itemized statement of all additional charges.

6. CREDITS AND SETOFFS: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim. In filing this claim, claimant has deducted all amounts that claimant owes to debtor.

7. SUPPORTING DOCUMENTS: Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, or evidence of security interests. If the documents are not available, explain. If the documents are voluminous, attach a summary.

8. TIME-STAMPED COPY: To receive an acknowledgement of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

Date
February 23, 1994

Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any)

Michael F. Grady, Attorney for Seagate Technology

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME AND ADDRESS):                    TELEPHONE                    FOR COURT USE ONLY

Michael F. Grady                                                          (408) 21-3212 200
BERGESON & ELIOPOULOS
Ten Almaden Boulevard, Suite 200
San Jose, CA  95113
ATTORNEY FOR (NAME): Seagate Technology, Inc.

Insert name of court, judicial district or branch court, if any, and post office and street address:

Santa Cruz County Municipal Court
701 Ocean Street, Room 120
Santa Cruz, CA  95060

# F I L E D

**JUN 30 1993**

PAUL AHERN, CLERK
BY JANICE WARD
DEPUTY, SANTA CRUZ COUNTY

PLAINTIFF: Seagate Technology, Inc.

DEFENDANT: Velvin Hogan

☐ DOES 1 TO _____

|  | CASE NUMBER: |
|---|---|
| CONTRACT<br>☒ COMPLAINT  ☐ CROSS-COMPLAINT | MS 93 0919 |

1. This pleading, including exhibits and attachments, consists of the following number of pages: __4__

2. a. Each plaintiff named above is a competent adult
   ☒ Except plaintiff (name): Seagate Technology, Inc.

   ☒ a corporation qualified to do business in California
   ☐ an unincorporated entity (describe):
   ☐ other (specify):

   b. ☒ Plaintiff (name): Seagate Technology, Inc.
   ☒ has complied with the fictitious business name laws and is doing business under the fictitious name
   of (specify): Seagate Technology
   ☐ has complied with all licensing requirements as a licensed (specify):

   c. ☐ Information about additional plaintiffs who are not competent adults is shown in Complaint-Attachment 2c.

3. a. Each defendant named above is a natural person
   ☐ Except defendant (name):                                    ☐ Except defendant (name):

   ☐ a business organization, form unknown                       ☐ a business organization, form unknown
   ☐ a corporation                                               ☐ a corporation
   ☐ an unincorporated entity (describe):                        ☐ an unincorporated entity (describe):

   ☐ a public entity (describe):                                 ☐ a public entity (describe):

   ☐ other (specify):                                            ☐ other (specify):

   b. The true names and capacities of defendants sued as Does are unknown to plaintiff.
   c. ☐ Information about additional defendants who are not natural persons is contained in Complaint-
      Attachment 3c.
   d. ☐ Defendants who are joined pursuant to Code of Civil Procedure section 382 are (names):

(Continued)

If this form is used as a cross-complaint, plaintiff means cross-complainant and defendant means cross-defendant.

Form Approved by the
Judicial Council of California
Effective January 1, 1982
Rule 982.1(20)

**COMPLAINT - Contract**

CCP 425.12

60

Case5:11-cv-01846-LHK   Document2025-3 Filed 10/05/12   Page31 of 52

## COMPLAINT-Contract

4. ☐ Plaintiff is required to comply with a claims statute, and
    a. ☐ plaintiff has complied with applicable claims statutes, or
    b. ☐ plaintiff is excused from complying because *(specify)*:

5. ☐ This action is subject to ☐ Civil Code section 1812.10 ☐ Civil Code section 2984.4.

6. This action is filed in this ☒ county ☒ judicial district because
    a. ☒ a defendant entered into the contract here.
    b. ☐ a defendant lived here when the contract was entered into.
    c. ☐ a defendant lives here now.
    d. ☒ the contract was to be performed here.
    e. ☐ a defendant is a corporation or unincorporated association and its principal place of business is here.
    f. ☐ real property that is the subject of this action is located here.
    g. ☐ other *(specify)*:

7. ☐ The following paragraphs of this pleading are alleged on information and belief *(specify paragraph numbers)*:

8. ☐ Other:

9. The following causes of action are attached and the statements above apply to each: *(Each complaint must have one or more causes of action attached.)*
    ☒ Breach of Contract        ☐ Common Counts
    ☐ Other *(specify)*:

10. PLAINTIFF PRAYS
    For judgment for costs of suit; for such relief as is fair, just, and equitable; and for
    ☒ damages of $ 25,000
    ☒ interest on the damages ☐ according to proof ☒ at the rate of 10 percent per year
    from *(date)*: July 19, 1991
    ☐ attorney fees ☐ of $_____ ☐ according to proof.
    ☐ other *(specify)*:

Michael F. Grady . . . . . . . .
(Type or print name)
_____
(Signature of plaintiff or attorney)

*(If you wish to verify this pleading, affix a verification.)*

<u>FIRST</u>      **CAUSE OF ACTION** - Breach of Contract     Page 3
    (number)

ATTACHMENT TO [X] Complaint- [ ] Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

BC-1. Plaintiff *(name):* Seagate Technology, Inc.

alleges that on or about *(date):* July 17, 1989
a [X] written [ ] oral [ ] other *(specify):*
agreement was made between *(name parties to agreement):* plaintiff and Velvin Hogan

[X] A copy of the agreement is attached as Exhibit A, or
[ ] The essential terms of the agreement [ ] are stated in Attachment BC-1 [ ] are as follows *(specify):*

BC-2. On or about *(dates):* April 19, 1992
defendant breached the agreement by [ ] the acts specified in Attachment BC-2 [X] the following acts
*(specify):* Failure to repay plaintiff the principal sum of $25,000.00,
together with accrued interest thereon, within 270 days of
defendant's termination of employment with plaintiff which
occurred on or about July 19, 1991

BC-3. Plaintiff has performed all obligations to defendant except those obligations plaintiff was prevented or
excused from performing.

BC-4. Plaintiff suffered damages legally (proximately) caused by defendant's breach of the agreement
[ ] as stated in Attachment BC-4 [X] as follows *(specify):* The principal sum of $25,000.00
plus prejudgment interest thereon from July 19, 1991 at the agreed
rate of ten percent

BC-5. [ ] Plaintiff is entitled to attorney fees by an agreement or a statute
[ ] of $
[ ] according to proof.

BC-6. [ ] Other:

Form Approved by the
Judicial Council of California
Effective January 1, 1982
Rule 982.1(21)      **CAUSE OF ACTION** - Breach of Contract     CCP 425.12

$25,000.00                                Scotts Valley, California

                                          July 17, 1989

FOR VALUE RECEIVED, Velvin Hogan ("Employee") promises to pay
SEAGATE TECHNOLOGY ("Company"), 920 Disc Drive, Scotts Valley,
California, 95066, on order, on June 30, 1990 the sum of TWENTY
FIVE THOUSAND DOLLARS with interest at TEN PERCENT (10%) per
annum, interest to be forgiven so long as Employee remains in
Seagate's employment.  Employee further agrees to apply FIFTY
PERCENT (50%) of any bonus received, net of tax, to payment of
principal and any interest due on the note starting with the
bonus payment for calendar quarter performance beginning
April 1, 1989.

Any unpaid balance is due and payable within 270 days of
Employee's termination of employment with Seagate or sale of the
Employee's real property, whichever occurs first.

This note is subject to Section 2966 of the Civil Code, which
provides that the holder of this note shall give written notice
to the Trustor, or his successor in interest, of prescribed
information at least 60 and not more than 150 days before any
balloon payment is due.

This note supersedes any and all past note agreements with
Employee.  The Employee will be forgiven past interest charges
that may have accrued and were unpaid.

                                    _____
                                    Velvin Hogan

B10 (Official Form 10)
(Rev. 6/91)

| United States Bankruptcy Court | PROOF OF CLAIM |
|---|---|
| NORTHERN _____ District of _CALIFORNIA_ | |

**FILED**

1994 FEB 28 AM 10:30

*Ma*

PAUL C. KARRER, CLERK
U.S. BANKRUPTCY COURT
SAN JOSE

| In re (Name of Debtor) VELVIN R. HOGAN and CAROL K. HOGAN | Case Number 93-58291-MM |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" of payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor
*(The person or entity to whom the debtor owes money or property)*
**Seagate Technology, Inc.**

Name and Addresses Where Notices Should be Sent
c/o Michael F. Grady
Bergeson, Eliopoulos, Grady & Gray
10 Almaden Blvd., #200
San Jose, CA  95113

Telephone No. 408-291-6200

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☒ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR
COURT USE ONLY

ACCOUNT OR OTHER NUMBER BY WHICH CREDITOR IDENTIFIES DEBTOR:

Check here if this claim: ☐ replaces ☐ amends   a previously filed claim, dated: _____

**1. BASIS FOR CLAIM**
- ☐ Goods sold
- ☐ Services performed
- ☒ Money loaned
- ☐ Personal injury/wrongful death
- ☐ Taxes
- ☐ Other (Describe briefly)

- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries, and compensations (Fill out below)
  Your social security number _____
  Unpaid compensations for services performed
  from _____ (date) to _____ (date)

**2. DATE DEBT WAS INCURRED:** 7/17/89

**3. IF COURT JUDGMENT, DATE OBTAINED:**

**4. CLASSIFICATION OF CLAIM.** Under the Bankruptcy Code all claims are classified as one or more of the following: (1) Unsecured nonpriority, (2) Unsecured Priority, (3) Secured. It is possible for part of a claim to be in one category and part in another.
CHECK THE APPROPRIATE BOX OR BOXES that best describe your claim and STATE THE AMOUNT OF THE CLAIM.

☐ SECURED CLAIM $ _____
Attach evidence of perfection of security interest
Brief Description of Collateral:
☐ Real Estate   ☐ Motor Vehicle   ☐ Other (Describe briefly)

Amount of arrearage and other charges included in secured claim above, if any $ _____

☒ UNSECURED NONPRIORITY CLAIM $ 25,000 + interest & court costs
A claim is unsecured if there is no collateral or lien on property of the debtor securing the claim or to the extent that the value of such property is less than the amount of the claim.

☐ UNSECURED PRIORITY CLAIM $ _____
Specify the priority of your claim.
- ☐ Wages, salaries, or commissions (up to $2000,) earned not more than 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier—11 U.S.C. § 507(a)(3)
- ☐ Contributions to an employee benefit plan—U.S.C. § 507(a)(4)
- ☐ Up to $900 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use—11 U.S.C. § 507(a)(6)
- ☐ Taxes or penalties of governmental units—11 U.S.C. § 507(a)(7)
- ☐ Other—11 U.S.C. §§ 507(a)(2), (a)(5)—(Describe briefly)

| 5. TOTAL AMOUNT OF CLAIM AT TIME CASE FILED: | $ 25,000 + interest from 7/19/91s (Unsecured) + court costs | $ _____ (Secured) | $ _____ (Priority) | $ 25,000 + interest & court costs (Total) |
|---|---|---|---|---|

☒ Check this box if claim includes prepetition charges in addition to the principal amount of the claim. Attach itemized statement of all additional charges.

**6. CREDITS AND SETOFFS:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim. In filing this claim, claimant has deducted all amounts that claimant owes to debtor.

**7. SUPPORTING DOCUMENTS:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, or evidence of security interests. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**8. TIME-STAMPED COPY:** To receive an acknowledgement of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR
COURT USE ONLY

Date
February 23, 1994

Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any)
Michael F. Grady, Attorney for Seagate Technology

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

**Exhibit A**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME AND ADDRESS): | TELEPHONE: | FOR COURT USE ONLY |

ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME AND ADDRESS): TELEPHONE: (408) 291-6200

Michael F. Grady
BERGESON & ELIOPOULOS
Ten Almaden Boulevard, Suite 200
San Jose, CA 95113
ATTORNEY FOR (NAME): Seagate Technology, Inc.

Insert name of court, judicial district or branch court, if any, and post office and street address:
Santa Cruz County Municipal Court
701 Ocean Street, Room 120
Santa Cruz, CA 95060

FOR COURT USE ONLY

F I L E D

JUN 30 1993

PAUL AHERN, CLERK
BY JANICE WARD
DEPUTY, SANTA CRUZ COUNTY

PLAINTIFF: Seagate Technology, Inc.

DEFENDANT: Velvin Hogan

☐ DOES 1 TO _____

| CONTRACT | CASE NUMBER: |
| ☒ COMPLAINT ☐ CROSS–COMPLAINT | MS 93 0919 |

1. This pleading, including exhibits and attachments, consists of the following number of pages: _4_

2. a. Each plaintiff named above is a competent adult
   ☒ Except plaintiff (name): Seagate Technology, Inc.

   ☒ a corporation qualified to do business in California
   ☐ an unincorporated entity (describe):
   ☐ other (specify):

   b. ☒ Plaintiff (name): Seagate Technology, Inc.
   ☒ has complied with the fictitious business name laws and is doing business under the fictitious name
   of (specify): Seagate Technology
   ☐ has complied with all licensing requirements as a licensed (specify):

   c. ☐ Information about additional plaintiffs who are not competent adults is shown in Complaint-Attachment 2c.

3. a. Each defendant named above is a natural person
   ☐ Except defendant (name):                          ☐ Except defendant (name):

   ☐ a business organization, form unknown         ☐ a business organization, form unknown
   ☐ a corporation                                 ☐ a corporation
   ☐ an unincorporated entity (describe):          ☐ an unincorporated entity (describe):

   ☐ a public entity (describe):                   ☐ a public entity (describe):

   ☐ other (specify):                              ☐ other (specify):

   b. The true names and capacities of defendants sued as Does are unknown to plaintiff.
   c. ☐ Information about additional defendants who are not natural persons is contained in Complaint-Attachment 3c.
   d. ☐ Defendants who are joined pursuant to Code of Civil Procedure section 382 are (names):

(Continued)

If this form is used as a cross-complaint, plaintiff means cross-complainant and defendant means cross-defendant.

Form Approved by the
Judicial Council of California
Effective January 1, 1982
Rule 982.1(20)

60

**COMPLAINT - Contract**

CCP 425.12

## COMPLAINT-Contract

Page two

4. ☐ Plaintiff is required to comply with a claims statute, and
    a. ☐ plaintiff has complied with applicable claims statutes, or
    b. ☐ plaintiff is excused from complying because *(specify):*

5. ☐ This action is subject to ☐ Civil Code section 1812.10 ☐ Civil Code section 2984.4.

6. This action is filed in this ☒ county ☒ judicial district because
    a. ☒ a defendant entered into the contract here.
    b. ☐ a defendant lived here when the contract was entered into.
    c. ☐ a defendant lives here now.
    d. ☒ the contract was to be performed here.
    e. ☐ a defendant is a corporation or unincorporated association and its principal place of business is here.
    f. ☐ real property that is the subject of this action is located here.
    g. ☐ other *(specify):*

7. ☐ The following paragraphs of this pleading are alleged on information and belief *(specify paragraph numbers):*

8. ☐ Other:

9. The following causes of action are attached and the statements above apply to each: *(Each complaint must have one or more causes of action attached.)*
    ☒ Breach of Contract    ☐ Common Counts
    ☐ Other *(specify):*

10. PLAINTIFF PRAYS
For judgment for costs of suit; for such relief as is fair, just, and equitable; and for
☒ damages of $ 25,000
☒ interest on the damages ☐ according to proof ☒ at the rate of 10     percent per year
from *(date):* July 19, 1991
☐ attorney fees ☐ of $_____ ☐ according to proof.
☐ other *(specify):*

Michael F. Grady
*(Type or print name)*

_____
*(Signature of plaintiff or attorney)*

*(If you wish to verify this pleading, affix a verification.)*

Page two

| SHORT TITLE Seagate v. Hogan | CASE NUMBER |
|---|---|

**FIRST** _____   **CAUSE OF ACTION** - Breach of Contract          Page **3**
_(number)_

ATTACHMENT TO [X] Complaint- ☐ Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

BC-1.  Plaintiff *(name)*: Seagate Technology, Inc.

alleges that on or about *(date)*: July 17, 1989
a [X] written ☐ oral ☐ other *(specify)*:
agreement was made between *(name parties to agreement)*: plaintiff and Velvin Hogan

[X] A copy of the agreement is attached as Exhibit A, or
☐ The essential terms of the agreement ☐ are stated in Attachment BC-1 ☐ are as follows *(specify)*:

BC-2.  On or about *(dates)*: April 19, 1992
defendant breached the agreement by ☐ the acts specified in Attachment BC-2 [X] the following acts
*(specify)*: Failure to repay plaintiff the principal sum of $25,000.00,
together with accrued interest thereon, within 270 days of
defendant's termination of employment with plaintiff which
occurred on or about July 19, 1991

BC-3.  Plaintiff has performed all obligations to defendant except those obligations plaintiff was prevented or
excused from performing.

BC-4.  Plaintiff suffered damages legally (proximately) caused by defendant's breach of the agreement
☐ as stated in Attachment BC-4 [X] as follows *(specify)*: The principal sum of $25,000.00
plus prejudgment interest thereon from July 19, 1991 at the agreed
rate of ten percent

BC-5.  ☐ Plaintiff is entitled to attorney fees by an agreement or a statute
☐ of $
☐ according to proof.

BC-6.  ☐ Other:

**61**  Form Approved by the
Judicial Council of California
Effective January 1, 1982
Rule 982.1(21)                    **CAUSE OF ACTION** - Breach of Contract                    CCP 425.12

Exhibit A

$25,000.00

Scotts Valley, California

July 17, 1989

FOR VALUE RECEIVED, Velvin Hogan ("Employee") promises to pay
SEAGATE TECHNOLOGY ("Company"), 920 Disc Drive, Scotts Valley,
California, 95066, on order, on June 30, 1990 the sum of TWENTY
FIVE THOUSAND DOLLARS with interest at TEN PERCENT (10%) per
annum, interest to be forgiven so long as Employee remains in
Seagate's employment.  Employee further agrees to apply FIFTY
PERCENT (50%) of any bonus received, net of tax, to payment of
principal and any interest due on the note starting with the
bonus payment for calendar quarter performance beginning
April 1, 1989.

Any unpaid balance is due and payable within 270 days of
Employee's termination of employment with Seagate or sale of the
Employee's real property, whichever occurs first.

This note is subject to Section 2966 of the Civil Code, which
provides that the holder of this note shall give written notice
to the Trustor, or his successor in interest, of prescribed
information at least 60 and not more than 150 days before any
balloon payment is due.

This note supersedes any and all past note agreements with
Employee.  The Employee will be forgiven past interest charges
that may have accrued and were unpaid.

Velvin Hogan

# United States Bankruptcy Court

__Northern__ District of __California__

## PROOF OF CLAIM

**In re (Name of Debtor)**
Hogan, Velvin R and Carol K.

**Case Number**
93-58291MM

1993 JUN 20 AM 11:29

PAUL O. BAGLEY, CLERK
U.S. BANKRUPTCY COURT

**NOTE:** This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" of payment of an administrative expense may be filed pursuant to 11 U.S.C § 503.

**Name of Creditor**
*(The person or entity to whom the debtor owes money or property)*
Corstan, Inc.

**Name and Addresses Where Notices Should be Sent**
Corstan Inc.
Collection Department
P.O. Box 94707
Las Vegas, NV 89193

**Telephone No.** 702-222-1886

- ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.
- ☐ Check box if you have never received any notices from the bankruptcy court in this case.
- ☐ Check box if the address differs from the address on the envelope sent to you by the court.

**THIS SPACE IS FOR COURT USE ONLY**

**ACCOUNT OR OTHER NUMBER BY WHICH CREDITOR IDENTIFIES DEBTOR** | Check here if this claim ☐ replaces ☐ amends a previously filed claim, dated: _____

## 1. BASIS FOR CLAIM

- ☐ Goods sold
- ☒ Services performed
- ☒ Money loaned
- ☐ Personal injury/wrongful death
- ☐ Taxes
- ☐ Other (Describe briefly)

- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries, and compensations (Fill out below)
  Your social security number _____
  Unpaid compensations for services performed
  from _____ (date) to _____ (date)

## 2. DATE DEBT WAS INCURRED
October 6, 1988

## 3. IF COURT JUDGMENT, DATE OBTAINED:

## 4. CLASSIFICATION OF CLAIM.
Under the Bankruptcy Code all claims are classified as one or more of the following: (1) Unsecured nonpriority, (2) Unsecured Priority, (3) Secured. It is possible for part of a claim to be in one category and part in another.
CHECK THE APPROPRIATE BOX OR BOXES that best describe your claim and STATE THE AMOUNT OF THE CLAIM.

☒ **SECURED CLAIM** $ 185,865.22
Attach evidence of perfection of security interest
Brief Description of Collateral:
☐ Real Estate ☐ Motor Vehicle ☐ Other (Describe briefly)

Amount of arrearage and other charges included in secured claim above, if any $ _____

☐ **UNSECURED NONPRIORITY CLAIM** $ _____
A claim is unsecured if there is no collateral or lien on property of the debtor securing the claim or to the extent that the value of such property is less than the amount of the claim.

☐ **UNSECURED PRIORITY CLAIM** $ _____
Specify the priority of the claim.

- ☐ Wages, salaries, or commissions (up to $ 2000), earned not more than 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier) - 11 U.S.C. § 507(a)(3)
- ☐ Contributions to an employee benefit plan - U.S.C. § 507(a)(4)
- ☐ Up to $ 900 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6)
- ☐ Taxes or penalties of governmental units - 11 U.S.C. § 507(a)(7)
- ☐ Other - 11 U.S.C. §§ 507(a)(2), (a)(5) - (Describe briefly)

## 5. TOTAL AMOUNT OF CLAIM AT TIME CASE FILED:

| $ -0- (Unsecured) | $ 185,865.22 (Secured) | $ -0- (Priority) | $ 185865.22 (Total) |

☐ Check this box if claim includes prepetition charges in addition to the principal amount of the claim. Attach itemized statement of all additional charges.

## 6. CREDITS AND SETOFFS:
The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim. In filing this claim, claimant has deducted all amounts that claimant owes to debtor.

**THIS SPACE IS FOR COURT USE ONLY**

## 7. SUPPORTING DOCUMENTS:
__Attach copies of supporting documents__, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, or evidence of security interests. If the documents are not available, explain. If the documents are voluminous, attach a summary.

## 8. TIME-STAMPED COPY:
To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) |
| 01/17/94 | Candace Carducci, Collection/foreclosure Counselor |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

Case 5:11-cv-01846-LHK Document 2023-7 Filed 09/30/12 Page 47 of 127

# WESTCO SAVINGS BANK

Loan Servicing and Accounting Department
5510 La Palma Avenue
La Palma, California 90623
(714) 821-6571
FAX (714) 527-8392

June 1, 1989

Velvin R. Hogan
Carol K. Hogan
Harley E. Whitcomb
306 Colville Dr.
San Jose, Ca. 95123

RE: Servicing Transfer of
Westco Savings Loan Number: ███

Dear Homeowner:

As of June 30, 1989, the servicing of your loan will be transferred to
Corstan, Inc., in Las Vegas, Nevada. It is normal practice within the
mortgage banking industry to transfer servicing between two mortgage
servicing companies. This transfer will not affect the terms of
conditions of your mortgage in any way.

Beginning with your July 1, 1989, payment in the amount of
$ 1,924.29 , your check should be made payable to Corstan, Inc., and
mailed to the address below:

> Corstan, Inc.
> P.O. Box 81200
> Las Vegas, NV    89180-1200
> Attn: Cashiering Department

We have provided you with a self-addressed postage paid envelope to
for your July 1989 payment. Once your loan has been set up on
Corstan's system you will be receiving payment coupons.

In the meantime, should you have any questions regarding the transfer
of your loan, you may contact the person(s) listed below by dialing 1-
800-251-5440 or for your convenience you use their toll free number at
1-800-234-7717:

| | |
|---|---|
| Dan Miller, Cashiering Manager | Ext. 277 |
| Karletta Williams, Escrow Manager | Ext. 253 |
| Doug Schreiner, Collections Manager | Ext. 251 |

Sincerely,

*Laura Barby*

WESTCO SAVINGS BANK

Case 5:11-cv-02449-EJD Document 2023-2 Filed 04/22/14 Page 109 of 127

WESTCO SAVINGS BANK, F.S.B.

**AND WHEN RECORDED MAIL TO**

Name / Address / City & State

WESTCO SAVINGS BANK, F.S.B.
4000 MOORPARK AVE. #206
SAN JOSE, CA 95117

LOAN # ▓▓▓▓▓▓
SYS # ▓▓▓▓▓▓

Title Order No. ▓▓▓▓    Escrow No. 300352

SPACE ABOVE THIS LINE FOR RECORDER'S USE

# Corporation Assignment of Deed of Trust

FOR VALUE RECEIVED, the undersigned hereby grants, assigns and transfers to

RESIDENTIAL FUNDING CORPORATION

all beneficial interest under that certain Deed of Trust dated    OCTOBER 3, 1988

executed by  VELVIN R. HOGAN AND CAROL K. HOGAN HUSBAND AND WIFE
HARLEY E. WHITCOMB AND LOU E. WHITCOMB HUSBAND AND WIFE

, Trustor,
, Trustee,

to    WILMINGTON FINANCIAL CORPORATION, A CALIFORNIA CORPORATION
and recorded as Instrument No. 9861455    on OCTOBER 6, 1988    in book
, of Official Records in the County Recorder's office of    SANTA CLARA    County,
California, describing land therein as:

Lot 63, Tract 4493, filed July 10, 1968 in Map Book 239 at page 46, Santa
Clara County Records.

TOGETHER with the note or notes therein described or referred to, the money due and to become due thereon
with interest, and all rights accrued or to accrue under said Deed of Trust.

STATE OF CALIFORNIA
COUNTY OF    SANTA CLARA    SS.    WESTCO SAVINGS BANK, F.S.B.

On this  12TH  day of OCTOBER    19 88
before me, the undersigned, a Notary Public in and for said State,
personally appeared    CALVIN M. WATTS
who executed the within instrument as    EXEC VICE
President, and    CALVIN M. WATTS
EXEC VICE-PRESIDENT

DEBORAH J. MOORE    *Deborah J. Moore*
who executed the within instrument as    SR. VICE PRES
Secretary, personally known to me (or proved to me on the basis of    DEBORAH J. MOORE
satisfactory evidence) to be the persons who executed the within    SR. VICE-PRESIDENT
instrument on behalf of the corporation therein named, and
acknowledged to me that such corporation executed the within
instrument pursuant to its by-laws or a resolution of its board of
directors.

Signature  *Bridget L. Schmidt*

BRIDGET L. SCHMIDT
Name (Typed or Printed)
Notary Public in and for said State



OFFICIAL SEAL
BRIDGET L. SCHMIDT
NOTARY PUBLIC - CALIFORNIA
ORANGE COUNTY
My comm. expires JUN 4, 1990

(This area for official notarial seal)

MC 0031 P

Case 5:11-cv-01846-LHK   Document 2035   Filed 10/04/12   Page 44 of 52
Case 5:11-cv-01846-LHK   Document 2013-3   Filed 10/05/12   Page 44 of 52
9861455

| REC FEE | 7 |
| RMF | |
| MICRO | 5 |
| LIEN NOT | |
| SMPF | |
| PCOR | |

Recorded at the request of
American Title Insurance Company

OCT 6 1988   8:00 A.M.

Laurie Kane, Recorder
Santa Clara County, Official Records

K 708 PAGE 1827

WESTCO SAVINGS BANK, F.S.B.
4000 MOORPARK AVE. #206
SAN JOSE, CA 95117

LOAN #
SYS #

SPACE ABOVE THIS LINE FOR RECORDER'S USE

# DEED OF TRUST

THIS DEED OF TRUST ("Security Instrument") is made on          OCTOBER 3          , 19 88 . The trustor is
VELVIN R. HOGAN AND CAROL K. HOGAN HUSBAND AND WIFE
AND HARLEY E. WHITCOMB AND LOU E. WHITCOMB HUSBAND AND WIFE

("Borrower").

The trustee is          WILMINGTON FINANCIAL CORPORATION,          ("Trustee").
A CALIFORNIA CORPORATION

The beneficiary is          WESTCO SAVINGS BANK, F.S.B.

which is organized and existing under the laws of          CALIFORNIA          , and whose
address is          1000 CORPORATE POINTE
CULVER CITY, CA 90230          ("Lender").

Borrower owes Lender the principal sum of
ONE HUNDRED NINETY FIVE THOUSAND AND 00/100
Dollars (U.S. $          195,000.00          ). This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"),
which provides for monthly payments, with the full debt, if not paid earlier, due and payable on          NOVEMBER 1, 2018          . This
Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all renewals, extensions and modifications;
(b) the payment of all other sums, with interest, advanced under paragraph 7 to protect the security of this Security Instrument; and (c) the performance
of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys
to Trustee, in trust, with power of sale, the following described property located in          SANTA CLARA          County, California:

All that certain real property situated in the city of San Jose, County of
Santa Clara, State of California, described as follows:

Lot 63, Tract 4493, filed July 10, 1968 in Map Book 239 at page 46, Santa
Clara County Records.

which has the address of          306 COLVILLE DRIVE          (Street)

SAN JOSE          (City)          , California          95123          (Zip Code)          ("Property Address");

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances, rents, royalties,
mineral, oil and gas rights and profits, water rights and stock and all fixtures now or hereafter a part of the property. All replacements and additions
shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property
and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property
against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction
to constitute a uniform security instrument covering real property.

CALIFORNIA—Single Family—FNMA/FHLMC UNIFORM INSTRUMENT          Form 3005 12/83

Case 2:10-cv-00646-LDG Document 20-2 Filed 06/01/2... Page 46 of 127

K708 PAGE 1829

Any amounts disbursed by Lender under this paragraph 7 shall become additional debt of Borrower secured by this Security Instrument. Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.

If Lender required mortgage insurance as a condition of making the loan secured by this Security Instrument, Borrower shall pay the premiums required to maintain the insurance in effect until such time as the requirement for the insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

8. Inspection. Lender or its agent may make reasonable entries upon and inspections of the Property. Lender shall give Borrower notice at the time of or prior to an inspection specifying reasonable cause for the inspection.

9. Condemnation. The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender.

In the event of a total taking of the Property, the proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with any excess paid to Borrower. In the event of a partial taking of the Property, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the taking, divided by (b) the fair market value of the Property immediately before the taking. Any balance shall be paid to Borrower.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the condemnor offers to make an award or settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the proceeds, at its option, either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due.

Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in paragraphs 1 and 2 or change the amount of such payments.

10. Borrower Not Released; Forbearance By Lender Not a Waiver. Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successors in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

11. Successors and Assigns Bound; Joint and Several Liability; Co-signers. The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 17. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

12. Loan Charges. If the loan secured by this Security Instrument is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge under the Note.

13. Legislation Affecting Lender's Rights. If enactment or expiration of applicable laws has the effect of rendering any provision of the Note or this Security Instrument unenforceable according to its terms, Lender, at its option, may require immediate payment in full of all sums secured by this Security Instrument and may invoke any remedies permitted by paragraph 19. If Lender exercises this option, Lender shall take the steps specified in the second paragraph of paragraph 17.

14. Notices. Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any other address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

15. Governing Law; Severability. This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

16. Borrower's Copy. Borrower shall be given one conformed copy of the Note and of this Security Instrument.

17. Transfer of the Property or a Beneficial Interest in Borrower. If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

18. Borrower's Right to Reinstate. If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earlier of: (a) 5 days (or such other period as applicable law may specify for reinstatement) before sale of the Property pursuant to any power of sale contained in this Security Instrument; or (b) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note had no acceleration occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, and (d) takes such action as Lender may reasonably require to assure that the lien of this Security Instrument, Lender's rights in the Property and Borrower's obligation to pay the sums secured by this Security Instrument shall continue unchanged. Upon reinstatement by Borrower, this Security Instrument and the obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under paragraphs 13 or 17.



Any amounts disbursed by Lender under this paragraph 7 shall become additional debt of Borrower secured by this Security Instrument. Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.

If Lender required mortgage insurance as a condition of making the loan secured by this Security Instrument, Borrower shall pay the premiums required to maintain the insurance in effect until such time as the requirement for the insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

**8. Inspection.** Lender or its agent may make reasonable entries upon and inspections of the Property. Lender shall give Borrower notice at the time of or prior to an inspection specifying reasonable cause for the inspection.

**9. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender.

In the event of a total taking of the Property, the proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with any excess paid to Borrower. In the event of a partial taking of the Property, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the taking, divided by (b) the fair market value of the Property immediately before the taking. Any balance shall be paid to Borrower.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the condemnor offers to make an award or settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the proceeds, at its option, either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due.

Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in paragraphs 1 and 2 or change the amount of such payments.

**10. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successors in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

**11. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 17. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

**12. Loan Charges.** If the loan secured by this Security Instrument is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge under the Note.

**13. Legislation Affecting Lender's Rights.** If enactment or expiration of applicable laws has the effect of rendering any provision of the Note or this Security Instrument unenforceable according to its terms, Lender, at its option, may require immediate payment in full of all sums secured by this Security Instrument and may invoke any remedies permitted by paragraph 19. If Lender exercises this option, Lender shall take the steps specified in the second paragraph of paragraph 17.

**14. Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any other address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**15. Governing Law; Severability.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

**16. Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

**17. Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**18. Borrower's Right to Reinstate.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earlier of: (a) 5 days (or such other period as applicable law may specify for reinstatement) before sale of the Property pursuant to any power of sale contained in this Security Instrument; or (b) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note had no acceleration occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees; and (d) takes such action as Lender may reasonably require to assure that the lien of this Security Instrument, Lender's rights in the Property and Borrower's obligation to pay the sums secured by this Security Instrument shall continue unchanged. Upon reinstatement by Borrower, this Security Instrument and the obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under paragraphs 13 or 17.

MC 0493 C

Case 5:12-cv-05141-EJD Document 4558-2 Filed 09/03/12 Page 12 of 127

**NON-UNIFORM COVENANTS.** Borrower and Lender further covenant and agree as follows:

19. **Acceleration; Remedies.** Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under paragraphs 13 and 17 unless applicable law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this paragraph 19, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute a written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold. Trustee shall cause this notice to be recorded in each county in which any part of the Property is located. Lender or Trustee shall mail copies of the notice as prescribed by applicable law to Borrower and to the other persons prescribed by applicable law. Trustee shall give public notice of sale to the persons and in the manner prescribed by applicable law. After the time required by applicable law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or its designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

20. **Lender in Possession.** Upon acceleration under paragraph 19 or abandonment of the Property, Lender (in person, by agent or by judicially appointed receiver) shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. Any rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorneys' fees, and then to the sums secured by this Security Instrument.

21. **Reconveyance.** Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all notes evidencing debt secured by this Security Instrument to Trustee. Trustee shall reconvey the Property without warranty and without charge to the person or persons legally entitled to it. Such person or persons shall pay any recordation costs.

22. **Substitute Trustee.** Lender, at its option, may from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by Lender and recorded in the office of the Recorder of the county in which the Property is located. The instrument shall contain the name of the original Lender, Trustee and Borrower, the book and page where this Security Instrument is recorded and the name and address of the successor trustee. Without conveyance of the Property, the successor trustee shall succeed to all the title, powers and duties conferred upon the Trustee herein and by applicable law. This procedure for substitution of trustee shall govern to the exclusion of all other provisions for substitution.

23. **Request for Notices.** Borrower requests that copies of the notices of default and sale be sent to Borrower's address which is the Property Address.

24. **Statement of Obligation.** Lender may collect a fee, not to exceed the maximum amount permitted by law for furnishing the statement of obligation as provided by Section 2943 of the Civil Code of California ($50.00).

25. **Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants and agreements of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument. [Check applicable box(es)]

[X] Adjustable Rate Rider      [ ] Condominium Rider          [ ] 1-4 Family Rider
[ ] Graduated Payment Rider    [ ] Planned Unit Development Rider
[ ] Other(s) [specify]

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

X Velvin R. Hogan                                    X Carol K. Hogan
VELVIN R. HOGAN          —Borrower                   CAROL K. HOGAN          —Borrower

X Harley E. Whitcomb                                 X Lou E. Whitcomb
HARLEY E. WHITCOMB       —Borrower                   LOU E. WHITCOMB         —Borrower

[Space Below This Line Reserved For Acknowledgement]

State of California,    SANTA CLARA            County ss:

On this    4th    day of October    , 19 88    before me, the undersigned, a Notary
Public in and for said State, personally appeared    VELVIN R. HOGAN            CAROL K. HOGAN
HARLEY E. WHITCOMB                                    LOU E. WHITCOMB
XXXXXXXXX or proved to me on the basis of satisfactory evidence to be the person(s) whose name(s)    are/is    subscribed to the foregoing
instrument and acknowledged that    they/he/she    executed the same.

Witness my hand and official seal.

Signature    [signature]

(Reserved for official seal)                         V. HEAP
                                                     (Name typed or printed)

My commission expires: 8-10-90

[Notary seal:]
OFFICIAL SEAL
V. HEAP
Notary Public—California
SANTA CLARA COUNTY
My Comm. Exp. Aug. 10, 1990

REQUEST FOR RECONVEYANCE

TO TRUSTEE:
The undersigned is the holder of the note or notes secured by this Deed of Trust. Said note or notes, together with all other indebtedness secured by this Deed of Trust, have been paid in full. You are hereby directed to cancel said note or notes and this Deed of Trust, which are delivered hereby, and to reconvey, without warranty, all the estate now held by you under this Deed of Trust to the person or persons legally entitled thereto.

Dated: _____

# FEDERAL TRUTH-IN-LENDING DISCLOSURE STATEMENT
(THIS IS NEITHER A CONTRACT NOR A COMMITMENT TO LEND)

Creditor:  WESTCO SAVINGS BANK, F.S.B.          VELVIN R. HOGAN
           4000 MOORPARK AVE. #206              306 COLVILLE DRIVE
           SAN JOSE, CA 95117                   SAN JOSE, CA 95123

Date:  OCTOBER 3, 1988          Loan Number:
Check box if applicable:

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. | ☐ Total Sale Price The total cost of your purchase on credit including your down-payment of $ |
|---|---|---|---|---|
| 10.87 % | $ 456,140.57 | $ 188,593.42 | $ 644,733.99 | $ |

☐XX REQUIRED DEPOSIT: The annual percentage rate does not take into account your required deposit.
PAYMENTS: Your payment schedule will be:

| Number of Payments | Amount of Payments | When Payments Are Due | Number of Payments | Amount of Payments | When Payments Are Due | Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|---|---|---|---|---|---|
| 6 | 1413.89 | 71.50 | 12/01/88 | | | | | |
| 6 | 1550.31 | 71.50 | 06/01/89 | | | | | |
| 6 | 1689.75 | 71.50 | 12/01/89 | | | | | |
| 90 | 1742.61 | 71.50 | 06/01/90 | | | | | |
| 240 | 1742.61 | 55.25 | 12/01/97 | | | | | |
| 11 | 1742.61 | | 12/01/17 | | | | | |
| 1 | 1741.28 | | 11/01/18 | | | | | |

☐ DEMAND FEATURE: This obligation has a demand feature.
☐X VARIABLE RATE:
  - THE ANNUAL PERCENTAGE RATE MAY INCREASE DURING THE TERM OF THIS TRANSACTION IF THE "INDEX" INCREASES. THE RATE MAY NOT INCREASE MORE OFTEN THAN EVERY 6 MONTHS COMMENCING ON MAY 1, 1989
  - ANY CHANGE IN THE RATE SHALL NOT EXCEED 1.0000 % MORE OR LESS THAN THE IMMEDIATELY PRECEDING RATE.
  - THE INTEREST RATE WILL NOT EXCEED 13.375 % ANY INCREASE IN RATE WILL TAKE THE FORM OF HIGHER PAYMENTS.

THE "INDEX" IS THE MONTHLY WEIGHTED COST OF FUNDS OF MEMBERS OF THE FEDERAL HOME LOAN BANK OF SAN FRANCISCO, PUBLISHED BY THE FEDERAL HOME LOAN BANK OF SAN FRANCISCO.

  - BASED ON 1.0000% ADJUSTMENTS PER CHANGE DATE. ONCE YOU'VE REACHED YOUR MAXIMUM INTEREST RATE OF 13.3750% YOUR PAYMENT WOULD INCREASE TO $ 2,121.92

INSURANCE: The following insurance is required to obtain credit:
☐ Credit life insurance and credit disability          ☐X Property insurance          ☐ Flood insurance
You may obtain the insurance from anyone you want that is acceptable to creditor.
☐ If you purchase ☐ property ☐ flood insurance from creditor you will pay $          for a one year term.
SECURITY: You are giving a security interest in:
☐X the goods or property being purchased          ☐ Real property you already own.
FILING FEES: $ 25.00
LATE CHARGE: If a payment is more than 15 days late, you will be charged 5 % of the payment.
PREPAYMENT: If you pay off early, you
  ☐ may  ☐X will not  have to pay a penalty.
  ☐ may  ☐X will not  be entitled to a refund of part of the finance charge.
  Someone buying your property may, subject to conditions, assume the remainder of your loan on the original terms.
See your contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date and prepayment refunds and penalties.
☐ * means an estimate          ☐X all dates and numerical disclosures except the late payment disclosures are estimates.

The undersigned acknowledge receiving and reading a completed copy of this disclosure.
Neither you nor the creditor previously has become obligated to make or accept this loan, nor is any such obligation made by the delivery or signing of this disclosure.

X _Velvin R. Hogan_          X _Carol K. Hogan_
(Applicant)  VELVIN R. HOGAN          (Applicant)  CAROL K. HOGAN

X _Harley E. Whitcomb_          X _Lou E. Whitcomb_
(Applicant)  HARLEY E. WHITCOMB          (Applicant)  LOU E. WHITCOMB

MSS REG Z 3/85 PA
MC 0018 P

Case 5:09-cv-05746-EXX Document 303 Filed 06/06/... Page 114 of 127

# ADJUSTABLE RATE NOTE
## (RATE CAPS)

80005170

THIS NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST RATE AND MY MONTHLY PAYMENT. THIS NOTE LIMITS THE AMOUNT MY INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE I MUST PAY.

SYS #
LOAN #

SAN JOSE            CA
(City)              (State)

OCTOBER 3 , 19 88

305 COLVILLE DRIVE SAN JOSE, CA 95123

(Property Address)

**1. BORROWER'S PROMISE TO PAY**

In return for a loan that I have received, I promise to pay U.S. $ 195,000.00 (this amount is called "principal"), plus interest, to the order of the Lender. The Lender is WESTCO SAVINGS BANK, F.S.B.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

**2. INTEREST**

Interest will be charged on unpaid principal until the full amount of principal has been paid. I will pay interest at a yearly rate of 7.875 %. The interest rate I will pay will change in accordance with Section 4 of this Note.

The interest rate required by this Section 2 and Section 4 of this Note is the rate I will pay both before and after any default described in Section 7 (B) of this Note.

**3. PAYMENTS**

(A) Time and Place of Payments

I will pay principal and interest by making payments every month.

I will make my monthly payments on the first day of each month beginning on DECEMBER 1 , 19 88 . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. My monthly payments will be applied to interest before principal. If, on NOVEMBER 1 , 2018 , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "maturity date."

I will make my monthly payments at 5510 LA PALMA AVENUE
LA PALMA, CA 90623
, or at a different place if required by the Note Holder.

(B) Amount of My Initial Monthly Payments

Each of my initial monthly payments will be in the amout of U.S. $ 1,413.89 . This amount may change.

(C) Monthly Payment Changes

Changes in my monthly payment will reflect changes in the unpaid principal of my loan and in the interest rate that I must pay. The Note Holder will determine my new interest rate and the changed amount of my monthly payment in accordance with Section 4 of this Note.

**4. INTEREST RATE AND MONTHLY PAYMENT CHANGES**

(A) Change Dates

The interest rate I will pay may change on the first day of MAY , 19 89 , and on that day every 6th month thereafter. Each date on which my interest rate could change is called a "Change Date."

(B) The Index

BEGINNING WITH THE FIRST CHANGE DATE, MY INTEREST RATE WILL BE BASED ON AN INDEX. THE "INDEX" IS THE MONTHLY WEIGHTED AVERAGE COST OF SAVINGS, BORROWINGS AND ADVANCES OF MEMBERS OF THE FEDERAL HOME LOAN BANK OF SAN FRANCISCO (THE "BANK"), AS MADE AVAILABLE BY THE BANK. THE MOST RECENT INDEX FIGURE AVAILABLE AS OF THE DATE 45 DAYS BEFORE EACH CHANGE DATE IS CALLED THE "CURRENT INDEX". INITIAL INDEX VALUE IS 7.5930 %.

If the Index is no longer available, the Note Holder will choose a new index which is based upon comparable information. The Note Holder will give me notice of this choice.

(C) Calculation of Changes

Before each Change Date, the Note Holder will calculate my new interest rate by adding + 2.6250 percentage points ( 2.6250 %) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the maturity date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

(D) Limits on Interest Rate Changes

The interest rate I am required to pay at the first Change Date will not be greater than 8.875 % or less than 6.875 %. Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than 1.0000% from the rate of interest I have been paying for the preceding 6 months. My interest rate will never be greater than 13.375 %.

(E) Effective Date of Changes

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

(F) Notice of Changes

The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

**5. BORROWER'S RIGHT TO PREPAY**

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Note Holder in writing that I am doing so.

MULTISTATE ADJUSTABLE RATE NOTE
RDP-001        Distribution: Original - Title; Copy - File; Copy - Borrower        Page 1 of 2

I may make a full prepayment or partial prepayments without paying any prepayment charge. The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be no changes in the due dates of my monthly payments unless the Note Holder agrees in writing to those changes. My partial prepayment may reduce the amount of my monthly payments after the first Change Date following my partial prepayment. However, any reduction due to my partial prepayment may be offset by an interest rate increase.

6. **LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (i) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (ii) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the principal I owe under this Note or by making a direct payment to me. If a refund reduces principal, the reduction will be treated as a partial prepayment.

7. **BORROWER'S FAILURE TO PAY AS REQUIRED**

(A) Late Charges for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of 15 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 5 % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

(B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

(C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is delivered or mailed to me.

(D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

(E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

8. **GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

9. **OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety, or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

10. **WAIVERS**

I and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

11. **UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

Transfer of the Property or a Beneficial Interest in Borrower. If all or any part of the property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by applicable law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender may also require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

Witness the hand(s) and seal(s) of the undersigned.

X _Velvin R. Hogan_ (Seal)
VELVIN R. HOGAN                 Borrower

X _Carol K. Hogan_ (Seal)
CAROL K. HOGAN                  Borrower

X _Harley E. Whitcomb_ (Seal)
HARLEY E. WHITCOMB              Borrower

X _Lou E. Whitcomb_ (Seal)
LOU E. WHITCOMB                 Borrower

*(Sign Original Only)*

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

IN RE:                                    CHAPTER: 07
VELVIN R. HOGAN                  CASE NUMBER: 93-58291MM
CAROL K. HOGAN
306 COLVILLE DR.                              SSN/ID: ▮▮▮▮▮

SAN JOSE, CA 95123

FILED

MAY 17 1994

PAUL C KARNEY, JR., CLERK
U.S. BANKRUPTCY COURT
SAN JOSE, CA

U. S. BANKRUPTCY COURT
U.S.COURTHOUSE & FED. BLDG
280 SOUTH FIRST ST.,ROOM 3035
SAN JOSE, CA 95113

## D I S C H A R G E   O F   D E B T O R

It appearing that a petition commencing a case under title 11,
United States Code, was filed by or against the person named above
on DECEMBER 27, 1993 , and that an order for relief was entered
under chapter 7, and that no complaint objecting to the discharge
of the debtor was filed within the time fixed by the court (or that
a complaint objecting to discharge of the debtor was filed and, after
due notice and hearing, was not sustained);

IT IS ORDERED that

1.  The above-named debtor is released from all dischargeable debts.

2.  Any judgment heretofore or hereafter obtained in any court
    other than this court is null and void as a determination of
    the personal liability of the debtor with respect to any of
    the following:

    (a) debts dischargeable under 11 U.S.C. sec. 523;

    (b) unless heretofore or hereafter determined by order of this
        court to be nondischargeable, debts alleged to be excepted
        from discharge under clauses (2), (4) and (6) of 11 U.S.C.
        sec 523(a);

    (c) debts determined by this court to be discharged.

3.  All creditors whose debts are discharged by this order and all
    creditors whose judgments are declared null and void by paragraph
    2 above are enjoined from instituting or continuing any action
    or employing any process or engaging in any act to collect such
    debts as personal liabilities of the above-named debtor.

FOR THE COURT, MARILYN MORGAN, DATED MAY 17, 1994

UNITED STATES BANKRUPTCY JUDGE

```
-BKY0930, CASE 9358281  BP-15429 TASK 05/13/94-AD      NOTICES DATED 05/17/94 SENT TO THE FOLLOWING.  # 817DIS  OFFICE 951  PAGE   1
- CODEBT    CAROL K. HOGAN                   306 COLVILLE DR.                                          SAN JOSE       CA 95123
- DEBTOR    VELVIN R.    HOGAN               306 COLVILLE DR.                                          SAN JOSE       CA 95123
-.  ATTY    DAVID R. HAGEN                   MERRITT & HAGEN                 6400 CANOGA AVE. #311      WOODLAND HILLS CA 91367
-SPECIAL 02 EMPLOYMENT DEVELOPMENT DEPT.     ATTN: BANKRUPTCY GROUP          P.O. BOX 826203            SACRAMENTO     CA 942306203
-SPECIAL 03 STATE BOARD OF EQUALIZATION      ATTN: COLLECTION UNIT           P.O. BOX 1799             SACRAMENTO     CA 95808
-SPECIAL 10 UNITED STATES TRUSTEE            U.S. FEDERAL BLDG.              260 S. FIRST ST., RM 268   SAN JOSE       CA 951133004
-TRUSTEE    SUZANNE L. DECKER                1032 E. 14TH STREET                                       SAN LEANDRO    CA 94577
-0000001    AT&T UNIVERSAL CARD              P.O. BOX 9999                                             COLUMBUS       GA 31997
-0000002    CITIBANK                         P.O. BOX 6200                                             THE LAKES      NV 889016001
-0000003    CORSTAN                          4100 W. FLAMINGTO #2100                                   LAS VEGAS      NV 851033900
-0000004    DAVID R. HAGEN                   6400 CANOGA AVE.                SUITE 311                  WOODLAND HILLS CA 913872433
-0000005    FRANCHISE TAX BOARD              SPECIAL PROCEDURES              P.O.BOX 2952              SACRAMENTO     CA 958122852
-0000006    FRANCHISE TAX BOARD              SPECIAL PROCEDURES              P.O. BOX 2952             SACRAMENTO     CA 958122952
-0000007    IRS-SPECIAL PROCEDURES           INSOLVENCY UNIT                 P.O.BOX 1431              LOS ANGELES    CA 900531431
-0000008    IRS-SPECIAL PROCEDURES           INSOLVENCY UNIT                 P.O. BOX 1431             LOS ANGELES    CA 900531431
-0000009    WELLS FARGO BANK                 P.O. BOX 49049                                            SAN JOSE       CA 951619049
-0000010    CORSTAN INC                      COLL DEPT                       P O BOX 94707             LAS VEGAS      NV 891934707
-0000011    SEAGATE TECHNOLOGY INC           C/O MICHAEL F GRADY             TEN ALMADEN BLVD #200      SAN JOSE       CA 951132235
-0000012    SEAGATE TECH INC                 BERGESON,ELIOPOULOS,GRADY ETAL 10 ALMADEN BLVD #200      SAN JOSE       CA 951132235
-0000013    SEAGATE TECH INC                 MICHAEL F GRADY                 10 ALMADEN BLVD #200       SAN JOSE       CA 951132235
                                                                                                                     20 NOTICES
- NOTICING CHARGE IS            $10.00
```

    THE ABOVE REFERENCED NOTICE WAS MAILED TO EACH OF THE ABOVE
ON 05/17/94.   I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING
IS TRUE AND CORRECT.   EXECUTED ON 05/17/94 BY

B100B (4/91) BANKRUPTCY CLOSING REPORT

| | DOCKET NUMBER |
|---|---|

951

Forward this form to:
**Administrative Office of U.S. Courts**
Attn: Statistics Division — Bankruptcy
Washington, D.C. 20544

| DIST.NO. 0971 | 1 | OFF.NO. 5 | 2 | YR—NUMBER 93 58291 | 3 |
|---|---|---|---|---|---|
| DATE PETITION FILED 12/27/93 | | REOPENED | 4 | CHECK IF APPLICABLE X Joint Petition | |

| NAME OF DEBTOR (Last,First,Middle) | NAME OF JOINT DEBTOR |
|---|---|
| HOGAN, VELVIN R. | HOGAN, CAROL K. |
| AKA/DBA | AKA/DBA |

| SS or EMPLOYEE ID | SS or EMPLOYEE ID |
|---|---|
| ████████ | |

| ADDRESS OF DEBTOR | 306 COLVILLE DR. | ADDRESS OF JT. DEBTOR |
|---|---|---|
| SAN JOSE | CA 95123 | |

| NAME OF COUNTY | COUNTY CODE | TRUSTEE CODE | NAME OF JUDGE | JUDGE CODE |
|---|---|---|---|---|
| SANTA CLARA | 06085 | DECS 6 | MARILYN MORGAN | A462 5 |

**DISPOSITION (CHECK ONE)** 7

| | | | |
|---|---|---|---|
| X | 1. Discharge Granted | | 4. Discharge Not Applicable |
| | 2. Discharge Denied | | 5. Petition Dismissed |
| | 3. Discharge Waived/ Revoked | | 6. Transferred To Another District |

**TERMINATED UNDER (CHECK ONE)** 8

| | | | |
|---|---|---|---|
| X | 1. Ch. 7 | | 9. Ch. 12 |
| | 4. Ch. 9 | | 7. Ch. 13 |
| | 5. Ch. 11 | | 8. Sec. 304 |

**COMPLETE FOR CHAPTER 11 CASES ONLY**

| ☐ 1 Plan Confirmed ☐ 2 Plan Not Confirmed 9 | ——— % Dividend to Be Paid 10 | | Check box if future payments are contemplated under Chapter 11 Plan but percentage dividend is not determinable. 11 |
|---|---|---|---|

| REPORT PREPARED BY (Name) SAC | DATE REPORT PREPARED 05/23/94 | DATE CASE CLOSED 05/23/94 12 |
|---|---|---|

13

$ **0** **1. GROSS CASH RECEIPTS** (Do not complete below if amount is zero)

**FEES AND EXPENSES**

$ ——— 0   2. Trustee Compensation

$ ——— 0   3. Fee for Attorney for Trustee

$ ——— 0   4. Other Professional Fees and All Expenses (Including Fee For Attorney for Debtor)

**DISTRIBUTIONS**

$ ——— 0   5. Secured Creditors

$ ——— 0   6. Priority Creditors

$ ——— 0   7. Unsecured Creditors

$ ——— 0   8. Equity Security Holders

$ ———   9. Other Distributions (Including Payments to Debtor)

B100B (4/91) BANKRUPTCY CLOSING REPORT

FILED

MAY 23 1994

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

PAUL C. KARNEY, JR., CLERK
U.S. BANKRUPTCY COURT
SAN JOSE, CA

In Re:

**VELVIN HOGAN**

**CAROL HOGAN**

Debtor(s)

**Bankruptcy Case: 93-58291 MM**

# FINAL DECREE

The estate of the above named debtor has been fully administered.

( )  The deposit required by the plan has been distributed.

## IT IS ORDERED THAT:

(XX)  **SUZANNE L. DECKER**
is discharged as trustee of the estate of the above-named debtor and the bond is cancelled;

(XX)  the chapter 7 case of the above-named debtor is closed; and

( )  [other provisions as needed]

MAY 23 1994
_____
Date

_____
Bankruptcy Judge



93-58291

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
NORTHERN

In re:

VELVIN R. HOGAN and
CAROL K. HOGAN

**FILED**

FEB 15 1994

PAUL C. KARNEY, JR., CLERK
U.S. BANKRUPTCY COURT
SAN JOSE, CA

Case No. LA- 93-58291-MM
S.S. No.
SS No.

Chapter 7 XX  11____ 12____ 13____

AMENDED SCHEDULES

| XX | Schedule A (MAILING LIST MUST BE ATTACHED LISTING ADDITIONAL CREDITORS ONLY |

| | Schedule B or Statement of Affairs |

Debtor(s)

| | Dates and/or Nature of Debts |

AMENDMENT TO SCHEDULE F:

Seagate Technology, Inc.
c/o Michael F. Grady
Ten Almaden Blvd., #200
San Jose, CA 95113

AMOUNT UNKNOWN

R45446
$20

WE  VELVIN AND CAROL HOGAN_____, the person(s) who subscribed to the foregoing amended schedule do hereby declare under penalty of perjury that the foregoing is true and correct.

DATED: 2/10/94   X _Velvin R. Hogan_____   X _Carol K. Hogan_____
                    DEBTOR VELVIN HOGAN        DEBTOR CAROL HOGAN

NOTE: IT IS THE RESPONSIBILITY OF THE DEBTOR TO MAIL COPIES OF ALL AMENDMENTS TO THE TRUSTEE AND TO ALL CREDITORS LISTED IN AMENDED SCHEDULE A AND TO COMPLETE THE PROOF OF SERVICE PROVIDED ON THE REVERSE OF THIS FORM.

B-1008 Rev. 2/88 3/88        AMENDED SCHEDULES

Seagate Technology, Inc.
c/o Michael F. Grady
Ten Almaden Blvd., #200
San Jose, CA 95113


Suzanne L. Decker, Trustee
1032 East 14th Street
San Leandro, CA 94577

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

| In re:<br>**VELVIN HOGAN**<br>**CAROL HOGAN**<br><br>Debtor(s) | **Case No. 93-58291 MM**<br><br>( X )  Report of Trustee at 341 Meeting<br><br>(   )  Initial Report of Trustee in Asset Case |
|---|---|

**FILED**

**FEB 14 1994**

PAUL C. KARNEY, SR., CLERK
United State Bankruptcy Court
San Jose, California

## REPORT OF TRUSTEE AT 341 MEETING

1. Date of Meeting:  February 10, 1994                     7. Debtor Counsel MERRITT AND HAGEN
2. ( X ) Meeting concluded.                                (  Chapter 1 2 3 4 ) Postion _____.
3. (   ) Debtor(s) failed to appear (H)_____ (W)_____ Converted case (11/13 to 7).
4. (   ) Debtor(s) counsel failed to appear.              341 continued to: _____
5. (   ) Debtor(s) failed to cooperate with the trustee pursuant to 11 U.S.C. Sec. 521.
6. (   ) Appearance waived (H)_____ (W)_____ (Report of waiver placed on record).

COMMENTS: _____

_____

_____

The trustee declares the foregoing is true and correct under penalty of perjury.

----------------------------------------------------------------

### ACTION REQUESTED

1. (   ) TRUSTEE REQUESTS <u>ISSUANCE OF ORDER</u> FOR REASONS STATED BELOW:
   - (   ) FAILURE OF DEBTOR(S) TO APPEAR AT FIRST MEETING OF CREDITOR. MEETING CONTINUED TO _____
   - (   ) FAILURE OF DEBTOR(S) TO FILE SCHEDULES, STATEMENTS OR OTHER REQUIRED DOCUMENTS.
2. (   ) DEBTOR FAILED TO APPEAR AT CONTINUED HEARING.  COURT TO DISMISS CASE.
3. (   ) CONVERTED CASE - ISSUE <u>OSC</u> AND SET FOR HEARING BEFORE THE COURT.

----------------------------------------------------------------

## (   ) **INITIAL REPORT OF TRUSTEE IN ASSET CASE**

1. (   ) The trustee has found assets in this estate to be administered for the benefit of creditors, or believes there is a substantial likelihood that such assets will be recovered within a reasonable period of time.

2. (   ) Trustee requests a Notice of Possible Dividend to be sent.

## (   ) **DEBTOR(S) CHANGE OF ADDRESS**

New Address: _____

_____

**DATED: February 10, 1994**

SUZANNE L. DECKER, Trustee

93-58291

9



**FILED**

FEB 1 4 1994

PAUL C. KARNEY, JR., CLERK
United State Bankruptcy Court
San Jose, California

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

In Re:

| | |
|---|---|
| **VELVIN HOGAN** | **Bankruptcy Case: 93-58291 MM** |
| **CAROL HOGAN** | ( ) WIFE ONLY |
| Debtor(s) | ( ) HUSBAND ONLY |

## REPORT OF TRUSTEE IN NO ASSET CASE

The trustee of the estate of the above-named debtor(s) reports that the trustee has neither received any property nor paid any money on account of this estate except exempt property; that the trustee has made diligent inquiry into the whereabouts of property belonging to the estate and that there is no property available for distribution from the estate over and above that exempted by the debtor(s).

DATED: Feb 10, 1994



SUZANNE L. DECKER, Trustee

---

### CERTIFICATION OF REVIEW

---

The United States Trustee has reviewed and approved the foregoing report for compliance with Title 11.

DATED: 2-14-94                    By: _____

U.S. TRUSTEE

93-58291



UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

CHAPTER: 07

IN RE:                              CASE NUMBER: 93-58291MM
VELVIN R. HOGAN
CAROL K. HOGAN                      SSN/ID:
306 COLVILLE DR.

SAN JOSE, CA 95123

FILED

DEC 30 1993

PAUL C. KARNEY
United States Bankruptcy Court
San Jose, California

U. S. BANKRUPTCY COURT
U.S. COURTHOUSE & FED. BLDG
280 SOUTH FIRST ST., ROOM 3035
SAN JOSE, CA 95113

DATE OF ORDER
FOR RELIEF:
DECEMBER 27, 1993

NOTICE OF APPOINTMENT OF TRUSTEE
AND APPROVAL OF BOND

YOU ARE HEREBY NOTIFIED THAT:

THE ABOVE NAMED DEBTOR(S) HAVING FILED A PETITION FOR RELIEF UNDER
CHAPTER 7 OF THE TITLE 11 U.S.C. SEC. 521 OR AN ORDER FOR RELIEF HAVING BEEN
ENTERED ON THE DATE SET FORTH FOLLOWING THE NAME OF EACH; AND

SUZANNE L. DECKER HAS BEEN APPOINTED TRUSTEE OF THE ESTATE OF SAID
DEBTOR(S) BY THE UNITED STATES TRUSTEE, ANTHONY G. SOUSA.

DEBTOR(S) PURSUANT TO 11 U.S.C. SEC. 521 SHALL PROVIDE THE TRUSTEE
HEREIN WITH BANK STATEMENTS, CANCELLED CHECKS, TAX RETURNS OR OTHER DOCUMENTS
RELATING TO THE PROPERTY OF THE ESTATE UPON REQUEST OF THE TRUSTEE WITHIN
FIVE (5) DAYS OF SAID REQUEST.

SUZANNE L. DECKER AND THE BONDING COMPANY SHALL BE HELD AND BOUND
BY THE BOND FILED WITH OFFICE OF UNITED STATES TRUSTEE AND THE COURT.

TRUSTEE - SUZANNE L. DECKER, 1032 E. 14TH STREET
510-562-9410            SAN LEANDRO, CA 94577

DATED DECEMBER 30, 1993 AT SAN JOSE, CA

FOR THE COURT

NOTICE OF APPOINTMENT OF TRUSTEE
ANTHONY G. SOUSA                    PAUL C. KARNEY, JR., CL
U.S. TRUSTEE, REGION 17

-BKY0930, CASE 8358291   BP-05345 TASK 12/28/83-01          NOTICES DATED 12/30/93 SENT TO THE FOLLOWING.   # 4298L     OFFICE 951   PAGE     1
- CODEBT     CAROL K. HOGAN              306 COLVILLE DR.                                           SAN JOSE        CA 95123
- DEBTOR     VELVIN R.   HOGAN          306 COLVILLE DR.                                            SAN JOSE        CA 95123
-.  ATTY     DAVID R. HAGEN             MERRITT & HAGEN                                             WOODLAND HILLS  CA 91367
-SPECIAL 10 UNITED STATES TRUSTEE       U.S. FEDERAL BLDG.       5400 CANOGA AVE. #311              SAN JOSE        CA 951133004
-TRUSTEE     SUZANNE L. DECKER          1032 E. 14TH STREET      280 S. FIRST ST., RM 268           SAN LEANDRO     CA 94577
                                                                                                                   5 NOTICES
- NOTICING CHARGE IS          $2.50

THE ABOVE REFERENCED NOTICE WAS MAILED TO EACH OF THE ABOVE
ON 12/30/93.   I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING
IS TRUE AND CORRECT.   EXECUTED ON 12/30/83 BY

U. S. BANKRUPTCY COURT
U.S. COURTHOUSE & FED. BLDG
280 SOUTH FIRST ST., ROOM 3035
SAN JOSE, CA 95113

**United States Bankruptcy Court**
NORTHERN DISTRICT OF CALIFORNIA

FILED
DEC 30 1993
PAUL C. KARNEY, JR., Clerk
United States Bankruptcy Court
San Jose, California

**NOTICE OF COMMENCEMENT OF CASE
UNDER CHAPTER 7 OF THE
BANKRUPTCY CODE,
MEETING OF CREDITORS, AND FIXING OF DATES**
(Individual or Joint Debtor No Asset Case)

IN RE (NAME OF DEBTOR)
VELVIN R. HOGAN
CAROL K. HOGAN

CASE NUMBER:
93-58291MM

FILED:
12/27/93

SOC. SEC./TAX ID NOS
███████████

MEETING OF CREDITORS

ADDRESS OF DEBTOR
306 COLVILLE DR.

SAN JOSE, CA 95123

DATE:  FEB. 10, 1994
HOUR:  9.00 A.M.
AT:  UNITED STATES FEDERAL BLDG.
     ROOM 130
     280 SOUTH FIRST ST.
     SAN JOSE, CA

DEBTOR'S ATTORNEY
  DAVID R. HAGEN
  MERRITT & HAGEN
  6400 CANOGA AVE. #311
  WOODLAND HILLS, CA 91367
  TELEPHONE:  818-992-1940

TRUSTEE
  SUZANNE L. DECKER
  1032 E. 14TH STREET

  SAN LEANDRO, CA 94577
  TELEPHONE:  510-562-9410

DEADLINE TO FILE A COMPLAINT OBJECTING TO DISCHARGE OF THE DEBTOR OR TO
DETERMINE DISCHARGEABILITY OF CERTAIN TYPES OF DEBTS: APRIL 11, 1994

AT THIS TIME THERE APPEAR TO BE NO ASSETS AVAILABLE FROM WHICH PAYMENT MAY BE MADE TO UNSECURED CREDITORS.
DO NOT FILE A PROOF OF CLAIM UNTIL YOU RECEIVE NOTICE TO DO SO.

**COMMENCEMENT OF CASE.** A petition for liquidation under chapter 7 of the Bankruptcy Code has been filed in this court by or against the person or persons named above as the debtor, and an order for relief has been entered. You will not receive notice of all documents filed in this case. All documents filed with this court, including lists of the debtor's property, debts, and property claimed as exempt are available for inspection at the office of the clerk of the bankruptcy court.

**CREDITORS MAY NOT TAKE CERTAIN ACTIONS.** A creditor is anyone to whom the debtor owes money or property. Under the Bankruptcy Code, the debtor is granted certain protection against creditors. Common examples of prohibited actions by creditors are contacting the debtor to demand repayment, taking action against the debtor to collect money owed to creditors or to take property of the debtor, and starting or continuing foreclosure actions, repossessions, or wage deductions. If unauthorized actions are taken by a creditor against a debtor, the court may penalize that creditor. A creditor who is considering taking action against the debtor or the property of the debtor should review section 362 of the Bankruptcy Code and may wish to seek legal advice. The staff of the clerk of the bankruptcy court is not permitted to give legal advice.

**MEETING OF CREDITORS.** The debtor (both husband and wife in a joint case) is required to appear at the meeting of creditors on the date and at the place set forth above for the purpose of being examined under oath. Attendance by creditors at the meeting is welcomed, but not required. At the meeting, the creditors may elect a trustee other than the one named above, elect a committee of creditors, examine the debtor, and transact such other business as may properly come before the meeting. The meeting may be continued or adjourned from time to time by notice at the meeting, without further written notice to creditors.

**LIQUIDATION OF THE DEBTOR'S PROPERTY.** The trustee will collect the debtor's property and turn any that is not exempt into money. At this time, however, it appears from the schedules of the debtor that there are no assets from which any distribution can be paid to creditors. If at a later date it appears that there are assets from which a distribution may be paid, the creditors will be notified and given an opportunity to file claims.

**EXEMPT PROPERTY.** Under state and federal law, the debtor is permitted to keep certain money or property as exempt. If a creditor believes that an exemption of money or property is not authorized by law, the creditor may file an objection. An objection must be filed not later than 30 days after the conclusion of the meeting of creditors.

**DISCHARGE OF DEBTS.** The debtor is seeking a discharge of debts. A discharge means that certain debts are made unenforceable against the debtor personally. Creditors whose claims against the debtor are discharged may never take action against the debtor to collect the discharged debts. If a creditor believes that the debtor should not receive any discharge of debts under section 727 of the Bankruptcy Code or that a debt owed to the creditor is not dischargeable under section 523(a)(2), (4), or (6) of the Bankruptcy Code, timely action must be taken in the bankruptcy court by the deadline set forth above labeled "Discharge of Debts." Creditors considering taking such action may wish to seek legal advice.

**DO NOT FILE A PROOF OF CLAIM UNLESS YOU RECEIVE A COURT NOTICE TO DO SO**

FOR INFORMATION, THERE IS A $15 SEARCH FEE PAYABLE IN ADVANCE. NO PERSONAL
CHECKS ACCEPTABLE. WRITE TO THIS OFFICE TO REQUEST PHOTOCOPY FORM.

FOR THE COURT, PAUL C. KARNEY, JR., DATED DEC. 30, 1993
DIRECT ALL CORRESPONDENCE TO: 280 SOUTH FIRST STREET, ROOM 3035
                              SAN JOSE, CA 95113-3099

SE

```
-BKY0930, CASE 9358291  BP-05350 TASK 12/28/93-00      NOTICES DATED 12/30/93 SENT TO THE FOLLOWING.  # 53489A  OFFICE 951  PAGE  1
-  CODEBT     CAROL K. HOGAN              306 COLVILLE DR.                                      SAN JOSE            CA 95123
-  DEBTOR     VELVIN R.  HOGAN            306 COLVILLE DR.                                      SAN JOSE            CA 95123
-.  ATTY      DAVID R. HAGEN              MERRITT & HAGEN                                       WOODLAND HILLS     CA 91367
-SPECIAL 02   EMPLOYMENT DEVELOPMENT DEPT. ATTN: BANKRUPTCY GROUP   8400 CANOGA AVE. #311       SACRAMENTO         CA 942306203
-SPECIAL 03   STATE BOARD OF EQUALIZATION ATTN: COLLECTION UNIT     P.O. BOX 826203             SACRAMENTO         CA 95808
-SPECIAL 10   UNITED STATES TRUSTEE      U.S. FEDERAL BLDG.         P.O. BOX 1799               SAN JOSE           CA 951133006
-TRUSTEE      SUZANNE L. DECKER          1032 E. 14TH STREET        280 S. FIRST ST., RM 268    SAN LEANDRO        CA 94577
-0000001      AT&T UNIVERSAL CARD        P.O. BOX 9999                                          COLUMBUS           GA 31987
-0000002      CITIBANK                   P.O. BOX 6200                                          THE LAKES          NV 889016001
-0000003      CORSTAN                    4100 W. FLAMINGTO #2100                                LAS VEGAS          NV 891033900
-0000004      DAVID R. HAGEN             6400 CANOGA AVE.                                       WOODLAND HILLS     CA 913672432:
-0000005      FRANCHISE TAX BOARD        SPECIAL PROCEDURES         SUITE 311                   SACRAMENTO         CA 958122952
-0000006      FRANCHISE TAX BOARD        SPECIAL PROCEDURES         P.O.BOX 2952                SACRAMENTO         CA 958122952
-0000007      IRS-SPECIAL PROCEDURES     INSOLVENCY UNIT            P. O. BOX 2952              LOS ANGELES        CA 900531431
-0000008      IRS-SPECIAL PROCEDURES     INSOLVENCY UNIT            P.O.BOX 1431                LOS ANGELES        CA 900531431
-0000009      WELLS FARGO BANK           P.O. BOX 49049             P. O. BOX 1431              SAN JOSE           CA 951619049
-                                                                                                                 16 NOTICES
-  NOTICING CHARGE IS              $8.00
```

THE ABOVE REFERENCED NOTICE WAS MAILED TO EACH OF THE ABOVE
ON 12/30/93.  I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING
IS TRUE AND CORRECT.  EXECUTED ON 12/30/93 BY