Exhibit 1

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 1

1           UNITED STATES DISTRICT COURT

2   NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

3   _____

4   APPLE INC., a California        )
    corporation,                    )

5                                   )

            Plaintiff,              )

6                                   )

      vs.                           ) Case No.

7                                   ) 11-CV-01846-LHK

    SAMSUNG ELECTRONICS CO.,        )

8   LTD., a Korean business         )
    entity; SAMSUNG ELECTRONICS     )

9   AMERICA, INC., a New York       )
    corporation; SAMSUNG            )

10  TELECOMMUNICATIONS AMERICA,     )
    LLC, a Delaware limited         )

11  liability company,              )
                                    )

12          Defendants.             )

    _____

13

      HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

14

15   VIDEOTAPED DEPOSITION OF KARAN SINGH, PH.D.

16          Redwood Shores, California

17          Thursday, April 26, 2012

18                 Volume I

19

20

21   Reported by:
     Danielle de Gracia

22   CSR No. 13650

23   Job No. 143641

24

25   PAGES 1 - 285

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 2

1               UNITED STATES DISTRICT COURT

2      NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

3      _____

4      APPLE INC., a California        )
       corporation,                    )

5                                      )

           Plaintiff,                  )

6                                      )

         vs.                           ) Case No.

7                                      ) 11-CV-01846-LHK

       SAMSUNG ELECTRONICS CO.,        )

8      LTD., a Korean business         )
       entity; SAMSUNG ELECTRONICS     )

9      AMERICA, INC., a New York       )
       corporation; SAMSUNG            )

10     TELECOMMUNICATIONS AMERICA,     )
       LLC, a Delaware limited         )

11     liability company,              )

                                       )

12             Defendants.             )

       _____

13

14

15          VIDEOTAPED DEPOSITION of KARAN SINGH, PH.D.,

16     Volume I, taken on behalf of Defendants, at 555 Twin

17     Dolphin Drive, Suite 560, Redwood Shores, California,

18     beginning at 11:03 a.m. and ending at 8:37 p.m. on

19     Thursday, April 26, 2012, before Danielle de Gracia,

20     Certified Shorthand Reporter No. 13650.

21

22

23

24

25

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 8

1   Foerster, also for Apple.

2           THE VIDEOGRAPHER:  The court reporter today

3   is Danielle de Gracia of Veritext.  Would the

4   reporter please swear in the witness?

5                                                  11:04:52

6               KARAN SINGH PH.D.,

7   having been administered an oath, was examined and

8   testified as follows:

9

10      THE VIDEOGRAPHER:  Please begin.          11:05:02

11

12                  EXAMINATION

13  BY MR. BRIGGS:

14      Q   Good morning.

15      A   Good morning.                          11:05:04

16      Q   Please state your name for the record.

17      A   Karan Singh.  My passport has my first name

18  as Karansher.

19      Q   What is your business address?

20      A   My university address?                 11:05:16

21      Q   Yes.

22      A   40 St. George Street, Toronto, Ontario,

23  University of Toronto.

24      Q   Do you live in Toronto?

25      A   Yes.                                   11:05:29

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 108

```
1        A    It -- I believe the '163 patent does provide

2    enough evidence in -- in -- in its context and in --

3    in the specifications to -- that a person of ordinary

4    skill in the art would be able to -- to -- to

5    implement such functionality of determination.        02:44:02

6        Q    But -- but my question --

7        A    (Inaudible.)

8        Q    -- was a little bit different.

9        A    Okay.

10        Q    Does the '163 patent define what determining   02:44:09

11    a first box means?

12        A    It provides examples to indicate what it

13    means, yes.

14        Q    But it doesn't provide an explicit

15    definition other than the examples?                    02:44:25

16        A    It provides enough of a definition -- it

17    provides enough evidence that -- that -- that a

18    person of ordinary skill in the art would be able --

19    would -- would be able to -- would be able to

20    construe -- construct a determination as the patent   02:44:52

21    intends.

22        Q    What is the meaning of the term

23    "substantially centered" as used in the claims of the

24    '163 patent?

25            MR. MONACH:  Object that it calls for a        02:45:16
```

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 109

1    legal conclusion.  You can give your understanding.

2         THE WITNESS:  Without giving a legal

3    opinion, I -- the -- the patent -- given the -- given

4    the overall design goals of the patent,

5    "substantially centered" essentially means mostly      02:45:40

6    centered.

7    BY MR. BRIGGS:

8         Q    When does a box or -- strike that.  When is

9    a box mostly centered versus not mostly centered?

10   How do you draw the line?                              02:45:56

11        MR. MONACH:  Object to the form of the

12   question.

13        THE WITNESS:  So I think -- I think a person

14   of ordinary skill in the art would draw the line

15   based on what the -- what the intended -- what the     02:46:06

16   intended positioning and -- and what the rationale

17   behind the intended positioning of -- of the box was.

18        So if the ra- -- notion of substantial

19   centering essentially teaches to the -- the -- the

20   rationale of the -- or -- or the design goal of the    02:46:30

21   '163 patent, which is to maximize the readability of,

22   in this case, the determined box, the -- the

23   particular box.

24        So as long as that notion is being -- is --

25   is -- is what is being practiced, then it -- it -- it  02:46:52

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 110

1    pertains to this claim element.

2    BY MR. BRIGGS:

3        Q    So if I were to design a -- a program that

4    enlarged a first box but did not substantially center

5    it, how could I do that?                              02:47:12

6           MR. MONACH:  Objection.  Incomplete

7    hypothetical.

8           THE WITNESS:  As in how could you write such

9    a program?

10   BY MR. BRIGGS:                                        02:47:19

11       Q    Well, where would the box have to appear on

12   the screen for it to be not substantially centered?

13       A    You -- that's actually -- I would not be

14   able to answer the question the way you asked it

15   because you would have to -- as I said, you -- you     02:47:37

16   have to provide the design -- the -- the -- the

17   design rationale for -- for your placement.  And then

18   I can answer the question for you as in would I

19   consider this substantially centered or not?

20       Q    So to determine where something is            02:47:54

21   substantially centered or not, you would have to look

22   at the design rationale for that particular product?

23          MR. MONACH:  Object --

24          THE WITNESS:  No, not for that particular

25   product.  You would have to look at design rationale   02:48:07

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 111

1    of the -- the -- the patent and as to -- as -- and --

2    and -- and what the -- what the centering algorithm

3    or the placement algorithm was attempting to do.

4    BY MR. BRIGGS:

5        Q    So what is the design rationale of the        02:48:23

6    patent?

7        A    The design rationale of the patent, as I

8    said, is to maximize -- enable and maximize the

9    efficient readability of structured electronic

10   documents on portable electronic devices.            02:48:45

11       Q    So I'm just trying to get a little bit

12   clearer picture of how that ties into the definition

13   of -- of "substantially centered."  So again I'll ask

14   my question.

15            If -- if I wanted to hypothetically create a  02:49:05

16   product that displayed a first window that enlarged

17   the first window, how would I know whether the first

18   window was substantially centered or not in view of

19   the '163 patent?

20       A    I -- I believe I've -- I may have provided    02:49:23

21   some additional examples, or -- or -- or -- or I may

22   have pointed to certain things in my -- in my report

23   that might -- might help provide more clarity.

24       Q    Okay.

25       A    If I can take a look?  I -- I'm not certain,  02:49:38

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 112

1    but -- but there may be such.  It may either be here

2    or in my validity report.  Sorry, which claim element

3    is substantial -- oh, okay.

4           Right.  So here's -- here's an example.  So

5    there are some examples provided in -- in Figure 11A,   02:50:27

6    12, I guess 12.

7       Q   And where are you looking right now?

8       A   Sorry.  Am I -- I'm looking in my

9    infringement report.  Oh, sorry, where exactly in it?

10   I'm looking at page 25.  Oh, sorry, it's not figures.   02:50:47

11   I was -- I was -- it said the figures below.

12          There are also some videos that have been

13   attached.  I don't have access to those videos right

14   now.  But it's showing you -- it's showing examples

15   of -- of substantial centering.  In addition, the       02:51:06

16   figure -- what is it?  Figure 5 -- 5C of the patent

17   actually shows an enlarged and substantially

18   centered, substantially centered box.

19          To my eyesight, you know, the -- the --

20   the -- the difference from the edge of the -- the --    02:51:43

21   the box on the left is a little bit larger than the

22   one on the right, but semantically to me, that is

23   a -- a substantially centered box.

24          So I think you might also find -- I believe

25   there is inventor testimony that also provides          02:52:04

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 113

1    further examples of substantial centering.  I -- I --

2    I'm not exactly positive of who it was or -- or where

3    in the deposition or whatever, but I -- I -- I --

4    seem to recall some -- an example that, for instance,

5    said that, you know, one instance where the -- the        02:52:33

6    box might not be -- sort of -- would be substantially

7    centered, would be one where maybe there was some

8    interface elements on one side of -- of -- of your

9    window which would require the centering to be with

10   respect to whatever was left of the screen real          02:52:54

11   estate -- of the window real estate, which would be

12   -- which -- which is what it would be centered with

13   respect to, rather than the overall -- overall

14   window.  And that is one example where -- where your

15   box happens to be substantially centered.                02:53:12

16        And so I -- I believe that this is something

17   that, you know, the inventors clearly, you know, as

18   people of skill in the art clearly understand, and --

19   and I believe that's the message that a person of

20   ordinary skill in the art would take as well.            02:53:29

21      Q   So let's -- let's look at Figure 5C since

22   you pointed to that, and I think you were talking

23   about Block 5 as -- as the box that is substantially

24   centered; is that correct?

25      A   Yes.                                               02:53:44

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

**Page 285**

1          I, the undersigned, a Certified Shorthand

2     Reporter of the State of California, do hereby

3     certify:

4          That the foregoing proceedings were taken

5     before me at the time and place herein set forth;

6     that any witnesses in the foregoing proceedings,

7     prior to testifying, were placed under oath; that a

8     verbatim record of the proceedings was made by me

9     using machine shorthand which was thereafter

10    transcribed under my direction; further, that the

11    foregoing transcript is an accurate transcription

12    thereof.

13          I further certify that I am neither

14    financially interested in the action nor a relative

15    or employee of any attorney or party to this action.

16          IN WITNESS WHEREOF, I have this date

17    subscribed my name.

18

19    Dated:  April 30, 2012

20

21

22    _____

         Danielle de Gracia

23       CSR No. 13650

24

25