Exhibit 2

Highly Confidential - Outside Counsels Eyes Only

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

APPLE INC., a California corporation,

    Plaintiff,

vs.    CASE NO.  11-cv-01846-LHK

SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA,INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,

    Defendants.
_____/

H I G H L Y   C O N F I D E N T I A L

O U T S I D E   C O U N S E L   O N L Y

VIDEOTAPED DEPOSITION OF SCOTT FORSTALL

REDWOOD SHORES, CALIFORNIA

THURSDAY, OCTOBER 27, 2011

BY:  ANDREA M. IGNACIO HOWARD, CSR, RPR, CCRR, CLR

CSR LICENSE NO. 9830

JOB NO. 43002

Highly Confidential - Outside Counsels Eyes Only

1    Apple legal.
2
3                    SCOTT FORSTALL,
4            having been sworn as a witness,
5           by the Certified Shorthand Reporter,
6                  testified as follows:
7
8
9              EXAMINATION BY MR. JOHNSON
10           MR. JOHNSON:  Q.  Good morning, Mr. Forstall.
11      A    Good morning.
12      Q    Have you been deposed before?
13      A    Yes.
14      Q    How many times?
15      A    One time.
16      Q    Do you remember what the case was that you
17   were deposed in?
18      A    Yes.
19      Q    Can you tell me what it is.
20      A    It was -- I'm going to -- there was -- it was
21   a case in Texas, and I believe it had to do with, I
22   guess, a number of things, but I think one was related
23   to time machine.  I remember there was a relation
24   there, something with UI or some of the backup stuff
25   we did.  I think there were stacks in there.  I think

Highly Confidential - Outside Counsels Eyes Only

Page 19

1  of these elements that you have chosen by, I believe
2  it says, you know, first gesture, which could be, say,
3  a double tap, would involve potentially zooming in,
4  so -- so enlarging that region.
5       So let's say you had many small areas,
6  regions, all being displayed, say, on your iPhone, and
7  you -- you double tap on one of these small logical
8  regions.  Let's say it's a -- it's a single column of
9  a story.  Then it would enlarge that to fill the
10 display, potentially filling it from one side to the
11 other.
12       And it may translate it because it might have
13 been shifted over slightly to the left, and so it
14 translates it so that the column is centered now on
15 the display of the iPhone.
16       MR. JOHNSON:  Q.  What does "substantially
17 centered" mean?
18       MR. JACOBS:  Objection; form; legal
19 conclusion.
20       MR. JOHNSON:  I know what "centered" means.
21    Q   What does substantially centered mean?
22    A   So I'm not a lawyer, but the way I would take
23 that to mean is, there are -- there are times, based
24 on some -- some elements or some portion of a display,
25 that you may not have it precisely in the center.  So

Highly Confidential - Outside Counsels Eyes Only

1  you might not actually just take the -- the X length,
2  divide by two, and then center that, you know,
3  precisely from -- from one end of the screen to
4  another.  You may have it slightly off for some
5  reason.
6          And there's a lot of reasons for that.  I can
7  postulate on several.  One would be if we had a UI
8  element at one side of the screen or another, and so
9  you wouldn't want to center it within the entire
10 display, but we'd want to center it within the region
11 that isn't being taken up by the chrome of -- of the
12 rest of the user interface.
13     Q   Okay.  And you mentioned, you know, X, then
14 whatever -- whatever the length is and divide it up by
15 two.
16         How much -- how much is substantially
17 centered versus not substantially centered?  At what
18 point -- where do you draw the line, so to speak?
19         MR. JACOBS:  Objection; form; legal
20 conclusion.
21         THE WITNESS:  I think many people can draw
22 the line in many different ways.  It's like asking,
23 you know, what's the -- when you're taking a photo of
24 someone, a portrait, what's -- what's the right way
25 to -- to center them in a photo?

Highly Confidential - Outside Counsels Eyes Only

Page 21

1      And so people center someone when they take a
2  photo of someone.  Some people will put the face of
3  the person they're taking the photo of precisely and
4  exactly in the -- you know, the midpoint of both X and
5  Y of the viewfinder.
6      Some people will use the golden rule; right?
7  So the golden rule is -- it's about 60-point-something
8  percent up toward the -- the ver -- you know, the top
9  of the viewfinder.
10     And so I would consider an example like that
11 to be substantially centered but not in the center.
12 It actually gives you a better feel for -- for the
13 look and the composition of that.
14     So when I say it's substantially centered,
15 you know, there are, you know, different ways to take
16 it.  But I would -- I would -- I would say that, you
17 know, both of those would be valid ways of thinking of
18 centering.
19     MR. JOHNSON:  Okay.
20   Q   And if -- if I wanted to try and avoid using,
21 you know, this particular element by enlarging and
22 translating the structured electronic document so that
23 the first box is substantially centered, if I wanted
24 to try and avoid using this, you know, substantially
25 centered piece of this claim, how would I do that?

Highly Confidential - Outside Counsels Eyes Only

Page 23

1  screen versus in the precise X/Y center of the screen.
2  And I think there are reasons sometimes for the
3  substantially centered piece.
4       Here's an example.  Let's say that the font
5  size -- and I think this is in some of the claims as
6  well -- is very, very, very small, and so you have a
7  huge logical region with some very, very small text.
8  Then when you zoom it in, you actually zoom in beyond
9  the bounds of -- of the screen to display more.  And
10 so now you're sort of -- you're not necessarily
11 centering.  In fact, it's -- it's partially off
12 screen.
13      And so what's most useful to -- to the user
14 of that wouldn't necessarily be to center the center
15 of that logical region, that box, that block, but to
16 figure out sort of how to -- how to get the right
17 information on screen.
18      And so you might not center the center point
19 of that box.  You might actually right-justify it in
20 an attempt to get more of the text toward the left on
21 screen as well, which might be part of, you know, the
22 beginning of the story or whatever you're reading.
23      So you're -- you know, there's a number of
24 reasons that you may center directly in the center or
25 move it over.  But in all cases, you're helping to --

Highly Confidential - Outside Counsels Eyes Only

Page 24

1  to put sort of up front the -- the content the person
2  cares to see.
3         MR. JOHNSON:  Okay.
4     Q   So is that a way to think of it?  You're
5  putting up front the content that the person cares to
6  see?
7     A   That's one way of looking at it.
8     Q   Okay.  This -- the '163 patent is used in
9  Apple products; right?
10    A   Yes.
11    Q   And do you know which products?
12    A   Certainly, it's in the iPhone, it's in the
13 iPod Touch, it's in the iPad.  I believe we added it
14 to Mac OS X.  I believe it's -- it was in Lion.  It
15 may be in Safari on Windows.  I'm not positive about
16 that.
17    Q   Okay. And I'm just going to give you an
18 iPhone and just sort of -- I just want to ask you, you
19 know, this is just a web page that happens to be on
20 my -- on the phone.  And so can you show me the
21 different -- just --
22        MR. JACOBS:  I know what you're buying.
23        MR. JOHNSON:  I just have it -- probably my
24 kids at some point, but -- and, you know -- and I do
25 have, just for the record, a Samsung device as well,

Highly Confidential - Outside Counsels Eyes Only

Page 166

1    Q    Yeah.  The column down the left?

2    A    Maybe the column.  But also, it doesn't have
3    to be just the column.  It could actually be -- you
4    know, if you look in here, there could be a story
5    itself, which it itself is a box of content; not just
6    the column itself, but the subpart of the column is
7    the box.

8    Q    Okay.  All right.

9         So the next element says:

10        "Detecting a first gesture at a location on
11   the displayed portion of the structured electronic
12   document."

13        So that qualifies --

14   A    Uh-huh.

15   Q    -- right, me tapping it?

16   A    Uh-huh.

17   Q    "Determining a first box in the plurality of
18   boxes at the location of the first gesture."

19        What would be the first box?

20   A    Well, in that case, it seemed like this was
21   the box over here that you tapped on.

22   Q    Okay.

23   A    And this actually is a great example where
24   earlier we were talking about substantially centered.
25   So this here is on the left-hand side, so it's not in

Highly Confidential - Outside Counsels Eyes Only

Page 167

1  the center of -- of the phone.  The reason is because
2  the content of that box is on the left-hand side of
3  the device.  And even when zoomed in to the -- the
4  appropriate size for you to read it, not too big in
5  this case, you leave on part of the web page in the
6  right-hand side.
7           Instead of zooming to a ridiculous size, you
8  in some -- you know, at least in this embodiment, can
9  make it so it's still at a reasonable size.  And now
10 it's actually 50 percent on the left-hand side.  It's
11 completely against the left-hand side; but it did zoom
12 in and substantially centered it from being way on the
13 side before until it came up.
14     Q   Yeah. But the -- the claim says -- because
15 this is where I was going with this.  I actually was
16 asking about this.  The claim says that the box is
17 substantially centered on the touch -- on the touch
18 screen display.
19     A   Right.
20     Q   So is this box right here substantially
21 centered on the touch screen display?
22     A   Oh, I'd say yes.  I'd say yes, because to
23 move it such that you now have dead space, something
24 empty -- in fact, if you move it, you know, over
25 there, there's nothing there except what's behind it.

Highly Confidential - Outside Counsels Eyes Only

Page 168

1  There's no reason for us to -- to actually lose
2  content, meaning lose this right content, and push
3  that off so you're seeing less data than you otherwise
4  would, less detail than you otherwise would, by having
5  it sized to the right size, and then not put this
6  black bar, in this case a linen background bar, on the
7  left-hand side.
8        So that's sort of part -- that's one of
9  the -- you know, the points of the substantial part
10 there is we don't want to get sort of, you know,
11 ridiculous on how far we have to center it.  The goal
12 here is to zoom it up to something which works well
13 for the user without going beyond what doesn't make
14 sense.
15     Q   Okay.  So -- so in your estimation, the left
16 box here is substantially centered?
17     A   Uh-huh.
18     Q   It meets the requirements of the claims,
19 right?
20     A   Uh-huh.
21     Q   And if it were even reduced, I mean, at that
22 point it's no longer substantially centered, or is it?
23     A   Well --
24     Q   I zoomed out.
25     A   Right, right, right.

Highly Confidential - Outside Counsels Eyes Only

Page 225

```
 1                    CERTIFICATE OF REPORTER
 2
 3
 4          I, ANDREA M. IGNACIO HOWARD, hereby certify
 5   that the witness in the foregoing deposition was by me
 6   duly sworn to tell the truth, the whole truth, and
 7   nothing but the truth in the within-entitled cause;
 8
 9          That said deposition was taken in shorthand
10   by me, a Certified Shorthand Reporter of the State of
11   California, and was thereafter transcribed into
12   typewriting, and that the foregoing transcript
13   constitutes a full, true and correct report of said
14   deposition and of the proceedings which took place;
15
16          That I am a disinterested person to the said
17   action.
18
19          IN WITNESS WHEREOF, I have hereunto set my
20   hand this 27th day of October, 2011.
21
22          _____
23   ANDREA M. IGNACIO HOWARD, RPR, CCRR, CLR, CSR No. 9830
24
25
```