# Exhibit 3

Page 1

1        UNITED STATES DISTRICT COURT
2   NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION
3
4   APPLE INC., a California       )
    corporation,                   )
5              Plaintiff,          )
                                   )
6   vs.                            ) Case No. 11-cv-01846-LHK
                                   )
7   SAMSUNG ELECTRONICS CO.,       )
    LTD., a Korean business        )
8   entity; SAMSUNG ELECTRONICS    )
    AMERICA, INC., a New York      )
9   corporation; SAMSUNG           )
    TELECOMMUNICATIONS AMERICA,    )
10  LLC, a Delaware limited        )
    liability company,             )
11             Defendants.         )
    _____)
12
13
14        H I G H L Y   C O N F I D E N T I A L
15        A T T O R N E Y S'   E Y E S   O N L Y
16
17        VIDEOTAPED DEPOSITION OF STEPHEN GRAY
18                Palo Alto, California
19                Friday, May, 4, 2012
20
21
22  BY:  HEIDI BELTON, CSR, RPR, CRR, CCRR
23  CSR LICENSE NO. 12885
24  JOB NO. 49273
25

Highly Confidential - Attorneys' Eyes Only

Page 6

1  Samsung.  With me are my colleagues Patrick Schmidt and       08:57:52
2  Guy Eddon.
3          And note for the record that we need to
4  correct the case number; it's a different case.
5          MR. MONACH:  It should be 1846.  What did you         08:58:04
6  say?  You said 630?  It should be case number
7  11-cv-01846-LHK.
8          MS. MAROULIS:  That's correct.
9          MR. MONACH:  Thank you.
10         THE VIDEOGRAPHER:  Okay.  I'll read that case          08:58:19
11 number on again.
12         11-cv-01846-LHK.
13         Will the court reporter please swear in the
14 witness.
15         (Whereupon, the witness, STEPHEN GRAY,                 08:58:31
16    having been duly sworn, testified as follows:)
17                      EXAMINATION
18 BY MR. MONACH:
19    Q.   Good morning, sir.
20    A.   Good morning.                                           08:58:42
21    Q.   Could you state and spell your name for the
22 record, please.
23    A.   My name is Steven Gray.  Spelling is
24 S-T-E-P-H-E-N.  G-R-A-Y.
25    Q.   Mr. Gray, where do you live?                            08:58:53

Highly Confidential - Attorneys' Eyes Only

Page 181

| | | |
|---|---|---|
| 1 | centered" means, but I presume we'll get there. | 15:51:40 |
| 2 | BY MR. MONACH: | |
| 3 | Q.   But you at least concluded that in some cases | |
| 4 | when this first gesture was made on a first box, that | |
| 5 | the Samsung-accused products did enlarge and translate | 15:51:52 |
| 6 | that box of content so that it was substantially | |
| 7 | centered on the screen?  You've observed that? | |
| 8 | MS. MAROULIS:  Objection; compound.  Vague. | |
| 9 | THE WITNESS:  Can -- yes.  I've observed it in | |
| 10 | my operation of the devices.  And I believe that there | 15:52:08 |
| 11 | is video support for that, too, which was offered in the | |
| 12 | Singh report that shows where a box was shifted -- at | |
| 13 | least in one direction -- to be centered.  I believe it | |
| 14 | was one of the videos as well, at least one of the | |
| 15 | videos. | 15:52:24 |
| 16 | BY MR. MONACH: | |
| 17 | Q.   In all of the Samsung-accused products that | |
| 18 | you tested, did they have the capability of doing what | |
| 19 | you've just described, of determining a first box in a | |
| 20 | layout that's similar to figure 5A and in response to | 15:52:43 |
| 21 | that first gesture enlarging, translating, and | |
| 22 | substantially centering that content? | |
| 23 | MS. MAROULIS:  Objection; compound. | |
| 24 | THE WITNESS:  So of the products that I -- | |
| 25 | that I have tested, except for -- except for the tab -- | 15:53:01 |

Highly Confidential - Attorneys' Eyes Only

Page 182

| | | |
|---|---|---|
| 1 | I think the tab 10.1.  Then at least on one occasion in | 15:53:11 |
| 2 | the boxes that I tested, my best recollection today is | |
| 3 | that there were none of the products which were | |
| 4 | incapable of centering in at least one direction under | |
| 5 | some circumstances when that first gesture selected a | 15:53:30 |
| 6 | box.  My recollection -- or "substantially centered" is | |
| 7 | the language.  But not in all cases; there's cases where | |
| 8 | they don't.  But there are some -- some cases where at | |
| 9 | least they did center it at some -- as best I can | |
| 10 | recollect, or at least approximate a centering of it. | 15:53:52 |
| 11 | And, in fact, let me rephrase.  I think that | |
| 12 | my recollection is that even in the tab 10.1, there is | |
| 13 | occasions when -- when it when it enlarged and | |
| 14 | substantially centered.  There's a further claim down | |
| 15 | here that talks about enlarging to the width of the | 15:54:15 |
| 16 | display; and I think that's not the claim we're talking | |
| 17 | about. | |
| 18 | So I'll rephrase that.  Let me correct that. | |
| 19 | That even in the case of the tab 10.1, I think | |
| 20 | it -- at least in certain conditions -- enlarged and | 15:54:27 |
| 21 | substantially centered the box that was at the first | |
| 22 | location of the first gesture. | |
| 23 | BY MR. MONACH: | |
| 24 | Q.   Okay.  Is it your interpretation of -- let's | |
| 25 | stick with Claim 50, that if the -- that -- I'll start | 15:54:51 |

Highly Confidential - Attorneys' Eyes Only

Page 185

| | | |
|---|---|---|
| 1 | Q.   The corrected version of the claim language | 15:59:52 |
| 2 | I'm not sure changes the meaning, but a corrected | |
| 3 | version is, "While the first box is enlarged, a second | |
| 4 | gesture on a second box other than the first box | |
| 5 | instructions for in response to detecting the second | 16:00:20 |
| 6 | gesture translating the structured electronic document | |
| 7 | so that the second box is substantially centered on the | |
| 8 | touch-sensitive display." | |
| 9 | You've observed that behavior, while the first | |
| 10 | box is enlarged, there's a second gesture on a second | 16:00:38 |
| 11 | box other than the first box.  And in response to | |
| 12 | detecting the second gesture, translating the structured | |
| 13 | electronic document so the second box is substantially | |
| 14 | centered, right? | |
| 15 | MS. MAROULIS:  Objection; vague. | 16:00:53 |
| 16 | THE WITNESS:  I believe that I have observed | |
| 17 | on at least some of the accused devices the ability to, | |
| 18 | while a first box is enlarged, select a -- select a | |
| 19 | second box.  And then in response to detecting the | |
| 20 | second gesture, that that second box is substantially | 16:01:15 |
| 21 | centered -- translated so that the second box is | |
| 22 | substantially centered on the touch screen display. | |
| 23 | BY MR. MONACH: | |
| 24 | Q.   Have you tested any of the accused products | |
| 25 | that Dr. Singh opines infringe the '163 patent that are | 16:01:32 |

Page 186

| | | |
|---|---|---|
| 1 | incapable of -- while the first box is enlarged -- | 16:01:40 |
| 2 | detecting a touch on the second box, and in response, | |
| 3 | translating the structured electronic document so the | |
| 4 | second box is substantially centered? | |
| 5 |     MS. MAROULIS:  Objection; vague. | 16:01:56 |
| 6 |     THE WITNESS:  So my -- you'll recall a little | |
| 7 | earlier in the day we were talking about some testing | |
| 8 | that I had performed on a variety of different machines. | |
| 9 | It is -- sitting here today -- and I characterize that | |
| 10 | as informal testing.  Sitting here today, I don't know | 16:02:15 |
| 11 | that I tested on all of those machines the ability to | |
| 12 | detect the second gesture and do the -- the basic -- the | |
| 13 | tap-to-scroll gesture.  I don't know that I did test it | |
| 14 | on there.  So I can't -- with the same level of | |
| 15 | authority -- say that there were those eight devices | 16:02:32 |
| 16 | that didn't do something; I didn't quite go that far | |
| 17 | here.  But I don't recollect observing any of the | |
| 18 | Samsung products, the accused products that were | |
| 19 | incapable of responding to a second gesture with a tap | |
| 20 | to scroll. | 16:02:49 |
| 21 | BY MR. MONACH: | |
| 22 |   Q.   "Tap to scroll" and "substantially centering" | |
| 23 | on the second box of the electronic document? | |
| 24 |   A.   Well -- | |
| 25 |     MS. MAROULIS:  Objection; compound.  Vague. | 16:02:59 |

Highly Confidential - Attorneys' Eyes Only

Page 233

1         CERTIFICATE
2  STATE OF CALIFORNIA    )
                          ) ss.:
3  COUNTY OF CONTRA COSTA )
4
5      I, Heidi Belton, a Certified Shorthand
6  Reporter, a Registered Professional Reporter,
7  a Certified Realtime Reporter, and a
8  Certified Realtime Professional within and
9  for the State of California, do hereby
10 certify:
11     That STEPHEN GRAY, the witness whose
12 deposition is herein before set forth, was
13 duly sworn by me and that such deposition is
14 a true record of the testimony given by such
15 witness.
16     I further certify that I am not related to
17 any of the parties to this action by blood or
18 marriage and that I am in no way interested
19 in the outcome of this matter.
20     In witness whereof, I have hereunto set my
21 hand this 5th day of May, 20112.
22     _____
23     HEIDI BELTON, CSR, RPR, CRR, CCRR
24     Certified Shorthand Reporter No. 12885
25