# Exhibit 4

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

APPLE INC., a California corporation,

Plaintiff,

vs.

SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,

Defendant.

CASE NO. 11-cv-01846-LHK

**SAMSUNG'S OBJECTIONS TO APPLE INC.'S FIFTH SET OF INTERROGATORIES (CORRECTED)**

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY UNDER THE PROTECTIVE ORDER**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendants Samsung Electronics Co. Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") respond to Plaintiff Apple Inc.'s ("Apple") Fifth Set of Interrogatories (Corrected) as follows:

## GENERAL STATEMENT

The following responses are based on discovery available as of the date hereof. Discovery is just beginning and is continuing, and these responses are subject to change accordingly. It is anticipated that further discovery, independent investigation and analysis may lead to the discovery of additional information or documents, supply additional facts and add meaning to known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to additions to, changes to or variations from the responses set forth herein.

In addition, the following responses are given without prejudice to Samsung's right to produce or rely on subsequently discovered information, facts or documents. Samsung accordingly reserves the right to change the responses herein and/or produce or rely on subsequently discovered documents as additional facts are ascertained, analysis is made, legal research is completed and contentions are made. The responses herein are made in a good faith effort to comply with the provisions of Rules 26 and 33 of the Federal Rules of Civil Procedure, and to supply such responsive information as exists and is presently within Samsung's possession, custody or control, but are in no way to be deemed to be to the prejudice of Samsung in relation to further discovery, research and analysis.

An answer to an interrogatory shall not be deemed a waiver of any applicable general or specific objection to an interrogatory. In responding to the interrogatories, Samsung does not waive any objections that may be applicable to the use, for any purpose, of any information or documents provided in response, or the admissibility, relevance, or materiality of any such information or documents to any issue in this case.

Samsung's responses to these interrogatories do not constitute admissions relative to the existence of any documents or information, to the relevance or admissibility of any documents or information, or to the truth or accuracy of any statement or characterization contained in Apple's

requests. All objections as to relevance, authenticity, or admissibility of any document are expressly reserved.

Samsung expressly incorporates this General Statement and the following General Objections as though set forth fully in response to each of the following individual interrogatories and, to the extent that they are not raised in any particular response, Samsung does not waive those objections.

## GENERAL OBJECTIONS

1. Samsung objects to the "Definitions" and "Instructions" contained in Apple's Second Set of Interrogatories to the extent they are inconsistent with the Federal Rules of Civil Procedure.

2. Samsung objects to Apple's Definition of "Samsung," "You," "Your," and "Defendants" as overly broad to the extent it requires Samsung to pursue information from individuals no longer employed by Samsung whose data is not currently in the possession of Samsung. Samsung further objects to Apple's Definition of "Samsung," "You," "Your," and "Defendants" as overly broad, vague, and ambiguous to the extent it does not define "affiliates," and also to the extent that it requires Samsung to potentially seek information from thousands of people. Samsung will respond to interrogatories based on a reasonable inquiry of individuals expected to possess the requested information.

3. Samsung objects to Apple's definition of "Apple" to as overly broad, vague, and ambiguous.

4. Samsung objects to the definition of "Products at Issue" as vague and overbroad to the extent it includes "similar products, and any products that Apple accuses of infringing its intellectual property in this litigation." Samsung further objects to the definition of "Products at Issue" to the extent it includes products that are not sold and/or have never been sold in the United States.

5. Samsung objects to the definition of "Hardware Design" as vague and ambiguous.

6. Samsung objects to the definition of "Graphical User Interface Design" as vague and ambiguous.

7. Samsung objects to the definitions of "Original iPhone Trade Dress," "iPhone 3G Trade Dress," "iPhone 4 Trade Dress," "iPhone Trade Dress," "iPad Trade Dress," "iPad 2 Trade Dress," to the extent they imply that any aspect of the Apple products' design constitutes an element of its trade dress.

8. Samsung objects to the definition of "Accused Feature" to the extent it misstates or mischaracterizes the Patents at Issue.

9. Samsung objects to the definition of "Source Code" as vague, ambiguous, overbroad and overly burdensome. Samsung further objects to the definition to the extent it seeks information regarding unreleased prototypes that are not at issue in this lawsuit. Samsung also objects to the definition to the extent it seeks multiple and discrete types of information and has multiple subparts.

10. Samsung objects to the definitions of "Concerning" and/or "Relating," and each and every interrogatory that uses the term "Concerning" or "Relating," as overly broad, vague and ambiguous.

11. Samsung objects to the definition of "Third Party" or "Third Parties" as overly broad.

12. Samsung objects to these interrogatories as vague and ambiguous to the extent they include terms that are undefined. Samsung in its responses will identify any terms it believes are vague and ambiguous and will assume a reasonable meaning for each such term.

13. Samsung objects generally to each interrogatory to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity. Any inadvertent disclosure of such information shall not be deemed a waiver of the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity recognized by statute or case law. Samsung will exchange with Apple a log of withheld documents at a time agreed to by counsel for the parties. Samsung also will not log privileged documents that were created on or after April 15, 2011.

14. Samsung objects generally to the interrogatories to the extent they seek

information from outside a reasonable time period or from a point other than a reasonable time.

15. Samsung objects to these interrogatories to the extent they seek to compel Samsung to generate or create information and/or documents that do not already exist.

16. Samsung objects generally to the interrogatories to the extent that they prematurely call for contentions, identification of prior art, or identification of witnesses at this stage of the litigation.

17. Samsung objects to each interrogatory to the extent it is duplicative or cumulative of another interrogatory.

18. Samsung objects to each interrogatory to the extent it is compound and comprises discrete subparts resulting in separate interrogatories.

19. Samsung expressly reserves the right to respond to any or all of the interrogatories by specifying documents wherein the responsive information may be ascertained pursuant to Rule 33(d) of the Federal Rules of Civil Procedure.

20. Samsung objects generally to the interrogatories to the extent they seek confidential proprietary or trade secret information of third parties. Samsung will endeavor to work with third parties to obtain their consent, if necessary, before identifying or producing such information and/or documents.

21. Samsung objects generally to the interrogatories on the grounds that they are overly broad, unduly burdensome, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

22. Samsung objects to the interrogatories on the ground that they are overly broad, unduly burdensome and oppressive to the extent they purport to require Samsung to search its facilities and inquire of its employees other than those facilities and employees that would reasonably be expected to have responsive information. Samsung's responses are based upon (1) a reasonable search and investigation of facilities and files that could reasonably be expected to contain responsive information, and (2) inquiries of Samsung's employees and/or representatives who could reasonably be expected to possess responsive information.

23. Samsung objects to the interrogatories on the grounds that they seek information

already in the possession of Apple, publicly available, or as readily available to Apple as it is to Samsung.

24. Samsung objects to each interrogatory to the extent that it seeks information before Samsung is required to disclose such information in accordance with any applicable law, such as the Northern District of California Patent Local Rules.

25. Samsung objects to the interrogatories on the grounds and to the extent that they seek legal conclusions or call for expert testimony. Samsung's responses should not be construed to provide legal conclusions.

Subject to and without waiving the foregoing General Statement and General Objections, Samsung responds as follows:

## INTERROGATORIES

**INTERROGATORY NO. 11:**

Specifically for each of the Design Patents at Issue, explain the factual and legal bases for Samsung's Second Affirmative Defense: Patent Non-Infringement.

**RESPONSE TO INTERROGATORY NO. 11:**

Samsung objects to this interrogatory as vague and ambiguous. Samsung further objects to this interrogatory to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity. Samsung further objects to this interrogatory as premature to the extent it requests information regarding Samsung's non-infringement contentions before sufficient discovery has been conducted. Samsung further objects to this interrogatory to the extent it prematurely calls for contentions at this stage of litigation. Samsung will provide such contentions in accordance with the Court's Minute Order and Case Management Order, dated August 25, 2011.

Subject to the foregoing general and specific objections, Samsung responds as follows:

For U.S. Patent No. D627,790, the accused Samsung products, as identified in Apple's Response to Samsung Interrogatory No. 5, are not substantially similar to an ordinary observer giving such attention as a purchaser usually gives, particularly when viewed in light of the prior

art and the functional elements of the design are excluded as a basis for similarity. In addition, Samsung's investigation is ongoing and Samsung will supplement this interrogatory after a reasonable investigation and further discovery from Apple on the basis for its infringement position.

For U.S. Patent No. D617,334, the accused Samsung products, as identified in Apple's Response to Samsung Interrogatory No. 5, are not substantially similar to an ordinary observer giving such attention as a purchaser usually gives, particularly when viewed in light of the prior art and the functional elements of the design are excluded as a basis for similarity. In addition, Samsung's investigation is ongoing and Samsung will supplement this interrogatory after a reasonable investigation and further discovery from Apple on the basis for its infringement position.

For U.S. Patent No. D604,305, the accused Samsung products, as identified in Apple's Response to Samsung Interrogatory No. 5, are not substantially similar to an ordinary observer giving such attention as a purchaser usually gives, particularly when viewed in light of the prior art and the functional elements of the design are excluded as a basis for similarity. In addition, Samsung's investigation is ongoing and Samsung will supplement this interrogatory after a reasonable investigation and further discovery from Apple on the basis for its infringement position.

For U.S. Patent No. D593,087, the accused Samsung products, as identified in Apple's Response to Samsung Interrogatory No. 5, are not substantially similar to an ordinary observer giving such attention as a purchaser usually gives, particularly when viewed in light of the prior art and the functional elements of the design are excluded as a basis for similarity. In addition, Samsung's investigation is ongoing and Samsung will supplement this interrogatory after a reasonable investigation and further discovery from Apple on the basis for its infringement position. Samsung also incorporates by reference the Declaration of Itay Sherman in Support of Samsung's Opposition to Apple's Motion for a Preliminary Injunction (Dkt. No. 172).

For U.S. Patent No. D618,677, the accused Samsung products, as identified in Apple's Response to Samsung Interrogatory No. 5, are not substantially similar to an ordinary observer

giving such attention as a purchaser usually gives, particularly when viewed in light of the prior art and the functional elements of the design are excluded as a basis for similarity. In addition, Samsung's investigation is ongoing and Samsung will supplement this interrogatory after a reasonable investigation and further discovery from Apple on the basis for its infringement position. Samsung also incorporates by reference the Declaration of Itay Sherman in Support of Samsung's Opposition to Apple's Motion for a Preliminary Injunction (Dkt. No. 172).

For U.S. Patent No. D622,270, the accused Samsung products, as identified in Apple's Response to Samsung Interrogatory No. 5, are not substantially similar to an ordinary observer giving such attention as a purchaser usually gives, particularly when viewed in light of the prior art and the functional elements of the design are excluded as a basis for similarity. In addition, Samsung's investigation is ongoing and Samsung will supplement this interrogatory after a reasonable investigation and further discovery from Apple on the basis for its infringement position.

For U.S. Patent No. D504,889, the accused Samsung products, as identified in Apple's Response to Samsung Interrogatory No. 5, are not substantially similar to an ordinary observer giving such attention as a purchaser usually gives, particularly when viewed in light of the prior art and the functional elements of the design are excluded as a basis for similarity. In addition, Samsung's investigation is ongoing and Samsung will supplement this interrogatory after a reasonable investigation and further discovery from Apple on the basis for its infringement position. Samsung also incorporates by reference the Declaration of Itay Sherman in Support of Samsung's Opposition to Apple's Motion for a Preliminary Injunction (Dkt. No. 172).

**INTERROGATORY NO. 12:**

Specifically for each of the Design Patents at Issue, explain the factual and legal bases for Samsung's Third Affirmative Defense: Patent Invalidity. The response should include: (a) the identity of any item of prior art that Samsung alleges anticipates each Design Patent at Issue; (b) the identity of any item of prior art that Samsung alleges is a primary reference pursuant to *In re Rosen*, 673 F.2d 388 (CCPA 1982); (c) the identity of any combinations of prior art that Samsung alleges render any of the Design Patents at Issue obvious, including an explanation of why the

prior art renders each Design Patent at Issue obvious; and (d) any other grounds of invalidity alleged by Samsung, including those based on 35 U.S.C. §§ 101, 102, 103, 112 and/or 171.

**RESPONSE TO INTERROGATORY NO. 12:**

Samsung objects to this interrogatory as vague and ambiguous. Samsung further objects to this interrogatory to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity. Samsung further objects to this interrogatory as premature to the extent it requests information regarding Samsung's invalidity contentions before sufficient discovery has been conducted. Samsung further objects to this interrogatory to the extent it prematurely calls for contentions at this stage of litigation. Samsung further objects to this interrogatory because it contains multiple subparts such that each should count as a separate interrogatory. Samsung will provide such contentions in accordance with the Court's Minute Order and Case Management Order, dated August 25, 2011.

Subject to the foregoing general and specific objections, Samsung responds as follows:

For U.S. Patent No. D627,790, because the burden of deriving or ascertaining the answer to this Interrogatory from the produced business records is substantially the same for Apple as for Samsung, in accordance with Federal Rule of Civil Procedure 33(d), Samsung refers Apple to documents produced in this action related to prior art, including the following documents: SAMNDCA00020035-20119; SAMNDCA00020499-20575; SAMNDCA00020879-20899; SAMNDCA00021500-21504; SAMNDCA00021894-22450; SAMNDCA00022764-22801; SAMNDCA00023585-23590; SAMNDCA00024570-24581; SAMNDCA00199073-199148; SAMNDCA00199210-199401; SAMNDCA00199525-200616; SAMNDCA00200640-200649; SAMNDCA00200659-200660; SAMNDCA00200666-200669; SAMNDCA00200677-200685; SAMNDCA00200715-200723; SAMNDCA00200734-200736; SAMNDCA00200749-200750; SAMNDCA00200789-200791; SAMNDCA00200807-200808; SAMNDCA00200839-200842; SAMNDCA00200926-200927; SAMNDCA00200941-200952; SAMNDCA00200961-200971; SAMNDCA00201021-201022; SAMNDCA00201076-201077; SAMNDCA00201095-201097; SAMNDCA00201112-201113; SAMNDCA00201141-201142; SAMNDCA00201151-201159;

SAMNDCA00201168-201171; SAMNDCA00201183-201188; SAMNDCA00201205-201206; SAMNDCA00201211-201220; SAMNDCA00201241-201249.

Samsung believes that the identified prior art, standing alone, or in combination, would be substantially similar to an ordinary observer giving such attention as a purchaser usually gives, to Apple's design patent, rendering the patent invalid as anticipated and/or obvious. Samsung also believes that Apple's design patent is invalid because it is the subject of double-patenting, is indefinite, and because the design is not ornamental. In addition, Samsung's investigation is ongoing and Samsung will supplement this interrogatory after a reasonable investigation and further discovery from Apple on the basis for its infringement position.

For U.S. Patent No. D617,334, because the burden of deriving or ascertaining the answer to this Interrogatory from the produced business records is substantially the same for Apple as for Samsung, in accordance with Federal Rule of Civil Procedure 33(d), Samsung refers Apple to documents produced in this action related to prior art, including the following documents: SAMNDCA00020035-20119; SAMNDCA00020499-20575; SAMNDCA00020879-20899; SAMNDCA00021500-21504; SAMNDCA00021894-22450; SAMNDCA00022764-22801; SAMNDCA00023585-23590; SAMNDCA00024570-24581; SAMNDCA00199073-199148; SAMNDCA00199210-199401; SAMNDCA00199525-200616; SAMNDCA00200640-200649; SAMNDCA00200659-200660; SAMNDCA00200666-200669; SAMNDCA00200677-200685; SAMNDCA00200715-200723; SAMNDCA00200734-200736; SAMNDCA00200749-200750; SAMNDCA00200789-200791; SAMNDCA00200807-200808; SAMNDCA00200839-200842; SAMNDCA00200926-200927; SAMNDCA00200941-200952; SAMNDCA00200961-200971; SAMNDCA00201021-201022; SAMNDCA00201076-201077; SAMNDCA00201095-201097; SAMNDCA00201112-201113; SAMNDCA00201141-201142; SAMNDCA00201151-201159; SAMNDCA00201168-201171; SAMNDCA00201183-201188; SAMNDCA00201205-201206; SAMNDCA00201211-201220; SAMNDCA00201241-201249.

Samsung believes that the identified prior art, standing alone, or in combination, would be substantially similar to an ordinary observer giving such attention as a purchaser usually gives, to Apple's design patent, rendering the patent invalid as anticipated and/or obvious. Samsung also

believes that Apple's design patent is invalid because it is the subject of double-patenting, is indefinite, and because the design is not ornamental. In addition, Samsung's investigation is ongoing and Samsung will supplement this interrogatory after a reasonable investigation and further discovery from Apple on the basis for its infringement position.

For U.S. Patent No. D604,305, because the burden of deriving or ascertaining the answer to this Interrogatory from the produced business records is substantially the same for Apple as for Samsung, in accordance with Federal Rule of Civil Procedure 33(d), Samsung refers Apple to documents produced in this action related to prior art, including the following documents: SAMNDCA00020035-20119; SAMNDCA00020499-20575; SAMNDCA00020879-20899; SAMNDCA00021500-21504; SAMNDCA00021894-22450; SAMNDCA00022764-22801; SAMNDCA00023585-23590; SAMNDCA00024570-24581; SAMNDCA00199073-199148; SAMNDCA00199210-199401; SAMNDCA00199525-200616; SAMNDCA00200640-200649; SAMNDCA00200659-200660; SAMNDCA00200666-200669; SAMNDCA00200677-200685; SAMNDCA00200715-200723; SAMNDCA00200734-200736; SAMNDCA00200749-200750; SAMNDCA00200789-200791; SAMNDCA00200807-200808; SAMNDCA00200839-200842; SAMNDCA00200926-200927; SAMNDCA00200941-200952; SAMNDCA00200961-200971; SAMNDCA00201021-201022; SAMNDCA00201076-201077; SAMNDCA00201095-201097; SAMNDCA00201112-201113; SAMNDCA00201141-201142; SAMNDCA00201151-201159; SAMNDCA00201168-201171; SAMNDCA00201183-201188; SAMNDCA00201205-201206; SAMNDCA00201211-201220; SAMNDCA00201241-201249.

Samsung believes that the identified prior art, standing alone, or in combination, would be substantially similar to an ordinary observer giving such attention as a purchaser usually gives, to Apple's design patent, rendering the patent invalid as anticipated and/or obvious. Samsung also believes that Apple's design patent is invalid because it is the subject of double-patenting, is indefinite, and because the design is not ornamental. In addition, Samsung's investigation is ongoing and Samsung will supplement this interrogatory after a reasonable investigation and further discovery from Apple on the basis for its infringement position.

For U.S. Patent No. D593,087, because the burden of deriving or ascertaining the answer to this Interrogatory from the produced business records is substantially the same for Apple as for Samsung, in accordance with Federal Rule of Civil Procedure 33(d), Samsung refers Apple to documents produced in this action related to prior art, including the following documents: SAMNDCA00019932-20034; SAMNDCA00020120-20303; SAMNDCA00020394-20498; SAMNDCA00020782-20878; SAMNDCA00020900-20906; SAMNDCA00020978-20989; SAMNDCA00021255-21313; SAMNDCA00021315-21336; SAMNDCA00021341-21471; SAMNDCA00021479-21499; SAMNDCA00021505-21588; SAMNDCA00021593-21604; SAMNDCA00021608-21632; SAMNDCA00021634-21805; SAMNDCA00021812-21857; SAMNDCA00022451-22522; SAMNDCA00022732-22763; SAMNDCA00022802-22812; SAMNDCA00022901-22971; SAMNDCA00022984-23064; SAMNDCA00023137-23182; SAMNDCA00023234-23524; SAMNDCA00023542—23584; SAMNDCA00023591-24061; SAMNDCA00024582-24662; SAMNDCA00024749-24752; SAMNDCA00027670-27722; SAMNDCA00198059-198067; SAMNDCA00198070-198096; SAMNDCA00198101-198274; SAMNDCA00198289-198307; SAMNDCA00198313-198456; SAMNDCA00198754-198846; SAMNDCA00198884-199046; SAMNDCA00199164-199222; SAMNDCA00199298-199306; SAMNDCA00199402-199524; SAMNDCA00200425-200472; SAMNDCA00200617-200639; SAMNDCA00200650-200658; SAMNDCA00200661-200665; SAMNDCA00200670-200676; SAMNDCA00200686-200714; SAMNDCA00200724-200733; SAMNDCA00200737-200748; SAMNDCA00200751-200788; SAMNDCA00200793-200806; SAMNDCA00200809-200838; SAMNDCA00200843-200873; SAMNDCA00201264-201278.

Samsung believes that the identified prior art, standing alone, or in combination, would be substantially similar to an ordinary observer giving such attention as a purchaser usually gives, to Apple's design patent, rendering the patent invalid as anticipated and/or obvious. Samsung also believes that Apple's design patent is invalid because it is the subject of double-patenting, is indefinite, and because the design is not ornamental. In addition, Samsung's investigation is ongoing and Samsung will supplement this interrogatory after a reasonable investigation and further discovery from Apple on the basis for its infringement position. Samsung also

incorporates by reference the Declaration of Itay Sherman in Support of Samsung's Opposition to Apple's Motion for a Preliminary Injunction (Dkt. No. 172).

For U.S. Patent No. D618,677, because the burden of deriving or ascertaining the answer to this Interrogatory from the produced business records is substantially the same for Apple as for Samsung, in accordance with Federal Rule of Civil Procedure 33(d), Samsung refers Apple to documents produced in this action related to prior art, including the following documents: SAMNDCA00019932-20034; SAMNDCA00020120-20303; SAMNDCA00020394-20498; SAMNDCA00020782-20878; SAMNDCA00020900-20906; SAMNDCA00020978-20989; SAMNDCA00021255-21313; SAMNDCA00021315-21336; SAMNDCA00021341-21471; SAMNDCA00021479-21499; SAMNDCA00021505-21588; SAMNDCA00021593-21604; SAMNDCA00021608-21632; SAMNDCA00021634-21805; SAMNDCA00021812-21857; SAMNDCA00022451-22522; SAMNDCA00022732-22763; SAMNDCA00022802-22812; SAMNDCA00022901-22971; SAMNDCA00022984-23064; SAMNDCA00023137-23182; SAMNDCA00023234-23524; SAMNDCA00023542—23584; SAMNDCA00023591-24061; SAMNDCA00024582-24662; SAMNDCA00024749-24752; SAMNDCA00027670-27722; SAMNDCA00198059-198067; SAMNDCA00198070-198096; SAMNDCA00198101-198274; SAMNDCA00198289-198307; SAMNDCA00198313-198456; SAMNDCA00198754-198846; SAMNDCA00198884-199046; SAMNDCA00199164-199222; SAMNDCA00199298-199306; SAMNDCA00199402-199524; SAMNDCA00200425-200472; SAMNDCA00200617-200639; SAMNDCA00200650-200658; SAMNDCA00200661-200665; SAMNDCA00200670-200676; SAMNDCA00200686-200714; SAMNDCA00200724-200733; SAMNDCA00200737-200748; SAMNDCA00200751-200788; SAMNDCA00200793-200806; SAMNDCA00200809-200838; SAMNDCA00200843-200873; SAMNDCA00201264-201278.

Samsung believes that the identified prior art, standing alone, or in combination, would be substantially similar to an ordinary observer giving such attention as a purchaser usually gives, to Apple's design patent, rendering the patent invalid as anticipated and/or obvious. Samsung also believes that Apple's design patent is invalid because it is the subject of double-patenting, is indefinite, and because the design is not ornamental. In addition, Samsung's investigation is

ongoing and Samsung will supplement this interrogatory after a reasonable investigation and further discovery from Apple on the basis for its infringement position. Samsung also incorporates by reference the Declaration of Itay Sherman in Support of Samsung's Opposition to Apple's Motion for a Preliminary Injunction (Dkt. No. 172).

For U.S. Patent No. D622,270, because the burden of deriving or ascertaining the answer to this Interrogatory from the produced business records is substantially the same for Apple as for Samsung, in accordance with Federal Rule of Civil Procedure 33(d), Samsung refers Apple to documents produced in this action related to prior art, including the following documents: SAMNDCA00019932-20034; SAMNDCA00020120-20303; SAMNDCA00020394-20498; SAMNDCA00020782-20878; SAMNDCA00020900-20906; SAMNDCA00020978-20989; SAMNDCA00021255-21313; SAMNDCA00021315-21336; SAMNDCA00021341-21471; SAMNDCA00021479-21499; SAMNDCA00021505-21588; SAMNDCA00021593-21604; SAMNDCA00021608-21632; SAMNDCA00021634-21805; SAMNDCA00021812-21857; SAMNDCA00022451-22522; SAMNDCA00022732-22763; SAMNDCA00022802-22812; SAMNDCA00022901-22971; SAMNDCA00022984-23064; SAMNDCA00023137-23182; SAMNDCA00023234-23524; SAMNDCA00023542—23584; SAMNDCA00023591-24061; SAMNDCA00024582-24662; SAMNDCA00024749-24752; SAMNDCA00027670-27722; SAMNDCA00198059-198067; SAMNDCA00198070-198096; SAMNDCA00198101-198274; SAMNDCA00198289-198307; SAMNDCA00198313-198456; SAMNDCA00198754-198846; SAMNDCA00198884-199046; SAMNDCA00199164-199222; SAMNDCA00199298-199306; SAMNDCA00199402-199524; SAMNDCA00200425-200472; SAMNDCA00200617-200639; SAMNDCA00200650-200658; SAMNDCA00200661-200665; SAMNDCA00200670-200676; SAMNDCA00200686-200714; SAMNDCA00200724-200733; SAMNDCA00200737-200748; SAMNDCA00200751-200788; SAMNDCA00200793-200806; SAMNDCA00200809-200838; SAMNDCA00200843-200873; SAMNDCA00201264-201278.

Samsung believes that the identified prior art, standing alone, or in combination, would be substantially similar to an ordinary observer giving such attention as a purchaser usually gives, to Apple's design patent, rendering the patent invalid as anticipated and/or obvious. Samsung also

believes that Apple's design patent is invalid because it is the subject of double-patenting, is indefinite, and because the design is not ornamental. In addition, Samsung's investigation is ongoing and Samsung will supplement this interrogatory after a reasonable investigation and further discovery from Apple on the basis for its infringement position.

For U.S. Patent No. D504,889, in accordance with Federal Rule of Civil Procedure 33(d), Samsung refers Apple to documents produced in this action related to prior art, including the following documents, because the burden of deriving or ascertaining the answer to this Interrogatory from the produced business records is substantially the same for Apple as for Samsung: SAMNDCA00019932-19943; SAMNDCA00020120-20247; SAMNDCA00020394-20498; SAMNDCA00020903-20906; SAMNDCA00020978-20989; SAMNDCA00021281-21313; SAMNDCA00021330-21336; SAMNDCA00021341-21436; SAMNDCA00021479-21485; SAMNDCA00021505-21588; SAMNDCA00021593-21596; SAMNDCA00021800-21805; SAMNDCA00022451-22506; SAMNDCA00022514-22520; SAMNDCA00022732-22763; SAMNDCA00022802-22812; SAMNDCA00022901-22910; SAMNDCA00022984-23047; SAMNDCA00023234-23265; SAMNDCA00023520-23524; SAMNDCA00023591-23801; SAMNDCA00024582-24629; SAMNDCA00027686-27690; SAMNDCA00027692-27708; SAMNDCA00198059; SAMNDCA00198070-198076; SAMNDCA00198089-198096; SAMNDCA00198109-198115; SAMNDCA00198134-198142; SAMNDCA00198245-198267; SAMNDCA00198285-198289; SAMNDCA00198317-198318; SAMNDCA00198322; SAMNDCA00198333-198336; SAMNDCA00198343-198344; SAMNDCA00198754-198808; SAMNDCA00198884-198918; SAMNDCA00199164-199189; SAMNDCA00199204-199209; SAMNDCA00199402-199411; SAMNDCA00199415-199419; SAMNDCA00199426-199432; SAMNDCA00199439-199441; SAMNDCA00199445-199447; SAMNDCA00199454-199524; SAMNDCA00200617-200639; SAMNDCA00200650-200658; SAMNDCA00200661-200665; SAMNDCA00200670-200676; SAMNDCA00200686-200714; SAMNDCA00200724-200733; SAMNDCA00200737-200740; SAMNDCA00201264-201271.

Samsung believes that the identified prior art, standing alone, or in combination, would be substantially similar to an ordinary observer giving such attention as a purchaser usually gives, to

Apple's design patent, rendering the patent invalid as anticipated and/or obvious. Samsung also believes that Apple's design patent is invalid because it is the subject of double-patenting, is indefinite, and because the design is not ornamental. In addition, Samsung's investigation is ongoing and Samsung will supplement this interrogatory after a reasonable investigation and further discovery from Apple on the basis for its infringement position. Samsung also incorporates by reference the Declaration of Roger Fidler and the Declaration of Itay Sherman in Support of Samsung's Opposition to Apple's Motion for a Preliminary Injunction (Dkt. Nos. 166, 172).

**INTERROGATORY NO. 13:**

Identify (a) all individuals who are current or former members of Samsung's Industrial Design (ID) team and/or User Interface (UX) design team who have worked on any aspect of the design of any of Samsung's mobile phones and/or tablets since 2000, and (b) each identified individual's start date and end date (if any) of employment with Samsung.

**RESPONSE TO INTERROGATORY NO. 13:**

Samsung objects to this interrogatory on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, especially to the extent it seeks information about "any of Samsung's mobile phones since 2000" beyond the accused products or accused components or technologies of those products that may be relevant to the Patents at Issue, and/or that Apple has placed at issue in this case in its infringement contentions. Unlike Apple, which does not introduce more than a single mobile device in either the phone or tablet computer category in any given year and has introduced fewer than ten such products total in the past eleven years, Samsung introduces dozens of phones each year and hundreds since 2000. Samsung objects to the terms "have worked on" and "any aspect" as vague, ambiguous and overly broad. Samsung objects to this interrogatory to the extent it seeks information that is subject to a confidentiality or non-disclosure agreement or governed by a protective order preventing its production, or otherwise seeks confidential, proprietary or trade secret information of third parties. Samsung further objects to this interrogatory because it contains multiple subparts such that each should count as a separate interrogatory. Samsung

further objects to this interrogatory to the extent it seeks information beyond a reasonable time period and outside the scope of permissible discovery.

Subject to the foregoing general and specific objections, Samsung responds as follows:

Samsung has nearly 200,000 employees, including approximately 450 that work on design in the mobile division alone. Therefore, a large number of Samsung employees have "worked on any aspect of the design of any of Samsung's mobile phones and/or tablets." Even with respect to the Products at Issue, hundreds of Samsung employees have likely "worked on any aspect" of such products.

Samsung further incorporates by reference the information set forth in its Initial Disclosures as well as the information set forth in its response to Interrogatory No. 10. Samsung's investigation is ongoing, and Samsung will supplement this interrogatory to provide the identities of the Samsung employees who are or were primarily responsible for the design and/or user interface of the features for the products accused in this lawsuit. Samsung is further willing to meet and confer regarding the scope of this interrogatory.

DATED: December 19, 2011

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By *___/s/ Victoria F. Maroulis___*
Charles K. Verhoeven
Kevin P.B. Johnson
Victoria F. Maroulis
Michael T. Zeller
Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on December 19, 2011, I caused **SAMSUNG'S OBJECTIONS AND RESPONSES TO APPLE INC.'S FIFTH SET OF INTERROGATORIES (Nos. 11-13)** to be electronically served on the following via email:

**ATTORNEYS FOR APPLE INC.**

AppleMoFo@mofo.com
HAROLD J. MCELHINNY
hmcelhinny@mofo.com
MICHAEL A. JACOBS
mjacobs@mofo.com
JENNIFER LEE TAYLOR
jtaylor@mofo.com
ALISON M. TUCHER
atucher@mofo.com
RICHARD S.J. HUNG
rhung@mofo.com
JASON R. BARTLETT
jasonbartlett@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

I declare under penalty of perjury that the foregoing is true and correct. Executed in Redwood Shores, California on Dec. 19, 2011.

*/s/ Melissa N. Chan*