DAVID S. BLOCH (SBN: 184530)
dbloch@winston.com
JENNIFER A. GOLINVEAUX (SBN: 203056)
jgolinveaux@winston.com
MARCUS T. HALL (SBN: 206495)
mthall@winston.com
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA  94111-5894
Telephone:      (415) 591-1000
Facsimile:       (415) 591-1400

PETER J. CHASSMAN (*pro hac vice*)
pchassman@winston.com
WINSTON & STRAWN LLP
1111 Louisiana, 25th Floor
Houston, TX  77002-5242
Telephone:      (713) 651-2623
Facsimile:       (713) 651-2700

Attorneys for Non-Party,
MOTOROLA MOBILITY LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO.:  11-CV-01846-LHK<br><br>**EMERGENCY MOTION BY NONPARTY MOTOROLA MOBILITY LLC TO SEAL CONFIDENTIAL DOCUMENT**<br><br>[Civ. L.R. 79-5]<br><br>Date: Expedited Request<br>Courtroom: 8, 4th Floor<br>Judge: Hon. Lucy H. Koh<br>Courtroom: 5, 4th Floor<br>Magistrate: Paul S. Grewal |

## I. INTRODUCTION

Nonparty Motorola Mobility LLC ("Motorola") brings the present motion in response to this Court's Order Granting-In-Part and Denying-In-Part Apple's and Samsung's Administrative Motions to File Documents Under Seal (Dkt. No. 1978) ("Order on Administrative Motions") in which the Court denied a motion by party, Samsung, to seal portions of Exhibit 23 to the Declaration of Calvin Walden ISO Apple's Motion to Compel Depositions of Samsung's Purported "Apex" Witnesses ("Exhibit 23").[1] *See id.*, pp. 15-16. Motorola seeks to seal this single document because it contains highly confidential, sensitive financial licensing and licensing negotiation information, the public disclosure of which would be damaging to Motorola. In the present motion, Motorola presents substantial, specific bases demonstrating good cause for sealing Exhibit 23 not previously presented by Samsung.

## II. BACKGROUND AND RULINGS ON PREVIOUS MOTIONS TO SEAL

Before trial in this case, the Court resolved issues raised by nonparties to this case with regard to the treatment of their confidential information. Numerous nonparties have filed motions to seal with regard to various documents (or their contents), including the Emergency Motion by Nonparty Motorola Mobility LLC to Seal Exhibits, Close Courtroom, and Seal Portions of Transcript (Dkt. No. 1400) ("Motorola's Motion"). *See also* Motorola's reply in support thereof (Dkt. No. 1605). Motorola's Motion sought to have the Court seal documents that disclosed the terms of Motorola's patent license agreements, all of which had expired, as well as a related document. At a Case Management Conference, one nonparty raised the issue of whether terms of nonparties' expired patent license agreements were eligible for protection from public disclosure, due to their highly sensitive, confidential nature. The Court stated that such information could be eligible for protection upon proper showing. *See* Transcript of Case Management Conference at 27:15-28:14 (July 27, 2012), *Apple v. Samsung*, No. 11-CV-01846-

---

[1] Motorola, as a nonparty to this case, only learned of this Order and the issue concerning Exhibit 23 on October 2, 2012 and has taken prompt steps to prepare this motion and supporting declaration.

LHK (N.D. Cal.). The Court invited third parties to make supplemental submissions in support of their motions to seal: "The Court: So who wants to redo their sealing motion, other than the two parties and Intel? Anyone else? Or is everyone else satisfied with what they have submitted?" *Id*. at 29:20-23. Motorola sought and was granted approval to supplement its motion to seal. *Id*. at 35:23-36:6. *See also* Minute Order and Case Management Order (Dkt. No. 1426) at p. 2 (the Court ordered that "Intel, and possibly RIM, IBM, Motorola Mobility, and Philips may also file supplemental declarations in support of the motions to seal by July 30, 2012 at 5:00 p.m."). Motorola filed its Supplemental Submission in Support of Emergency Motion by Nonparty Motorola Mobility LLC to Seal Exhibits, Close Courtroom, and Seal Portions of Transcript and supporting documents demonstrating the compelling reasons why the financial terms of Motorola's expired license agreements (as contained in Samsung's proposed trial exhibits) and a related negotiation document should be sealed. (Dkt. No. 1491). The Court issued an order on the motions by Motorola and other nonparties, granting Motorola's motion to seal certain trial exhibits intended to be used by a damages expert to the extent that they revealed payment and monetary considerations of three expired Motorola license agreements. Order Granting-In-Part and Denying-In-Part Motions to Seal (Dkt. No. 1649), pp. 21-22, 26-27. The Court ruled that these aspects of Motorola's agreements were protectable under the "compelling reasons" standard. *Id*., pp. 1-3, 21-22, 26-27.

### III.  ARGUMENT

####   A.  The Present Motion Should be Decided Under the Lower "Good Cause" Standard of Rule 26(c)

Exhibit 23, at issue, was an exhibit to the declaration of S. Calvin Walden filed in support of Apple Inc.'s Motion to Compel Depositions of 14 of Samsung's Purported "Apex" Witnesses. *See* Dkt. No. 736. In this Court's Order on Administrative Motions, the Court explained that, in contrast to the "compelling reasons" standard for overcoming the presumption of public access, sealing records in support of dispositive motions ("compelling reasons" also was the standard applied by the Court in deciding to seal portions of trial exhibits that disclosed sensitive terms of Motorola's license agreements and an associated document), "[r]ecords attached to

nondispositive motions, however, are not subject to the strong presumption of access. Because the documents attached to nondispositive motions 'are often unrelated, or only tangentially related, to the underlying cause of action,' parties moving to seal must meet the lower 'good cause' standard of Rule 26(c). As with dispositive motions, the standard applicable to nondispositive motions requires a 'particularized showing' that 'specific prejudice or harm will result' if the information is disclosed." Order on Administrative Motions (Dkt. No. 1978), p. 2 (footnotes omitted).

### B. Good Cause Requires Sealing Walden Declaration Exhibit 23

Motorola has previously established that the financial terms of Motorola's patent license agreements, even expired license agreements, are highly sensitive, trade secret information, the disclosure of which to parties involved in present or future licensing negotiations would be damaging and that this sensitivity required protection even under the Court's "compelling reasons" standards. *See* Motorola's Motion (Dkt. No. 1400), reply in support thereof (Dkt. No. 1605), and supplemental submission in support thereof (Dkt. No. 1649), as well as the Court's Order granting Motorola relief (Dkt. No. 1426), pp. 1-3, 21-22, 26-27. Motorola's reasons, as explained in the foregoing papers and supporting declarations, as set forth herein, and in the accompanying Declaration of Thomas V. Miller in Support of Emergency Motion by Nonparty Motorola Mobility LLC to Seal Confidential Document ("Miller Dec. #2"), submitted with the present motion, demonstrate specifically why the contents of Exhibit 23 constitute trade secret information and otherwise satisfy the lower "good cause" standard for protection from public disclosure.

As was the subject of Motorola's previous motion to seal (Dkt. No. 1400), Motorola is and has been a party to patent licensing agreements with Samsung, including a Cellular Cross License Agreement having an effective date of September 30, 2000 ("the 2000 Agreement") and an expiration date of December 31, 2004, as described in the Declaration of Brian C. Blasius, paragraph 5(b) (Dkt. No. 1491-1), submitted with Motorola's Supplemental Submission in Support of Emergency Motion by Nonparty Motorola Mobility LLC to Seal Exhibits, Close Courtroom, and Seal Portions of Transcript (Dkt. No. 1491) ("Blasius Dec."). Motorola regards

terms of its agreements with Samsung and Motorola's strategies in negotiating the terms of those agreements to be highly confidential. Such terms include: monetary terms, including license rates and direction of payments; identification of licensed products and technologies; geographic scope; and temporal scope. Blasius Dec., ¶6; Miller Dec. #2, ¶3. Motorola considers this information to be highly confidential and extremely sensitive, for a number of reasons including that Motorola is engaged in ongoing licensing negotiations with numerous companies, and the disclosure of this information to such companies or to the general public would be harmful to Motorola's ongoing licensing program negotiations. Blasius Dec., ¶10; Miller Dec. #2, ¶3.

Exhibit 23 is a summary of a licensing negotiation meeting between Motorola and Samsung, which took place only several weeks before the effective date of the 2000 Agreement. Miller Dec. #2, ¶5 and Ex. A. Specifically, Exhibit 23 describes, extensively and throughout the document, the negotiations between Motorola and Samsung, including the pattern of financial offers made by each of Motorola and Samsung. *Id.*, ¶5. Exhibit 23 also describes issues identified by Motorola as important to the negotiations. *Id.*, ¶5.

During negotiations for patent licenses, Motorola and its competitors negotiate concerning the relative values of their respective patent portfolios as well as the values of other terms in the agreement. Blasius Dec., ¶8; Miller Dec. #2 ¶6. This often results in balancing payments or other license terms between the parties to the resulting agreement. Blasius Dec., ¶8; Miller Dec. #2 ¶6. The terms of the agreements are highly sensitive to Motorola because they reflect Motorola's valuations of other parties' intellectual property and of other license terms and because, if Motorola did not keep those terms confidential, then other companies would use this information unfairly to increase their leverage in their own negotiations with Motorola. Blasius Dec., ¶9; Miller Dec. #2 ¶7. Relative portfolio values and the circumstances of any given license vary from party to party. Blasius Dec., ¶9; Miller Dec. #2 ¶7. Similarly, Motorola's offers and negotiation strategies, such as those disclosed in Exhibit 23, are highly sensitive to Motorola, because if others in negotiations with Motorola were to learn of Motorola's strategies, they could use that information in an unfair manner in negotiating against Motorola. Blasius Dec., ¶10; Miller Dec. #2 ¶8.

The fact that the negotiations disclosed in Exhibit 23 concerned a patent license that has now expired does not change the sensitivity of the details of the *negotiations of its terms*, for the same reasons that the terms of the resulting, expired license agreements themselves remain sensitive. Blasius Dec., ¶10; Miller Dec. #2 ¶9. Motorola's patent license agreements cover many patents directed to vast areas of both older and newer technologies. Blasius Dec., ¶10; Miller Dec. #2 ¶9. Patents are in effect for many years (approximately twenty years from the filing dates of their applications, depending upon certain other events), in many cases longer than the time period covered by an agreement. Blasius Dec., ¶10; Miller Dec. #2 ¶9. Thus, many of the patents in expired agreements are still the subject of active licenses, are the subject of active licensing negotiations today, and would be the subject of resulting future licenses. Blasius Dec., ¶10; Miller Dec. #2 ¶9. So, Motorola would be damaged in its ongoing and future patent licensing negotiations with its competitors, not only if they were able to learn the highly confidential terms of Motorola's license agreements but also Motorola's **strategies in negotiating those terms**, such as those described in Exhibit 23. Blasius Dec., ¶10; Miller Dec. #2 ¶9.

Moreover, the expiration of the 2000 Agreement does not mean that it is directed to obsolete or stale patents, for other additional reasons. Blasius Dec., ¶11; Miller Dec. #2 ¶10. The 2000 Agreement is directed to portfolios of patents that cover fields of technology; new patents enter the portfolios over time, and, as a result, the portfolios have not expired. In other words, while some patents in the licensed portfolios expire, the portfolios are expanding by the addition of other patents. Blasius Dec., ¶11; Miller Dec. #2 ¶10. Even many of the older patented technologies, such as GSM, are still in use in cellular telephones today. Blasius Dec., ¶11; Miller Dec. #2 ¶10. Accordingly, Exhibit 23, which discloses sensitive licensing negotiation details concerning patents at issue in the 2000 Agreement are still sensitive today, and public disclosure of them still would be damaging to Motorola in ongoing and future licensing negotiations.

## IV. CONCLUSION

For the foregoing reasons, Motorola respectfully requests that this Court place Exhibit 23 to the Declaration of Calvin Walden ISO Apple's Motion to Compel Depositions of Samsung's Purported "Apex" Witnesses under seal.

Dated:  October 5, 2012                     WINSTON & STRAWN LLP


                                            By:  /s/ Jennifer A. Golinveaux
                                                 David S. Bloch
                                                 Jennifer A. Golinveaux
                                                 Marcus T. Hall
                                                 Peter J. Chassman (*pro hac vice*)
                                                 Attorneys for Non-Party,
                                                 MOTOROLA MOBILITY LLC