1  DAVID S. BLOCH (SBN: 184530)
   dbloch@winston.com
2  JENNIFER A. GOLINVEAUX (SBN: 203056)
   jgolinveaux@winston.com
3  MARCUS T. HALL (SBN:  206495)
   mthall@winston.com
4  WINSTON & STRAWN LLP
   101 California Street
5  San Francisco, CA  94111-5894
   Telephone:      (415) 591-1000
6  Facsimile:       (415) 591-1400

7  PETER J. CHASSMAN (*pro hac vice*)
   pchassman@winston.com
8  WINSTON & STRAWN LLP
   1111 Louisiana, 25th Floor
9  Houston, TX  77002-5242
   Telephone:      (713) 651-2623
10 Facsimile:       (713) 651-2700

11 Attorneys for Non-Party,
   MOTOROLA MOBILITY LLC
12

13                 UNITED STATES DISTRICT COURT

14              NORTHERN DISTRICT OF CALIFORNIA

15                      SAN JOSE DIVISION

16

17 APPLE, INC., a California Corporation,        )   CASE NO.:  11-CV-01846-LHK
                                                 )
18              Plaintiff,                        )
                                                 )
19       v.                                       )   **DECLARATION OF**
                                                 )   **THOMAS V. MILLER IN SUPPORT**
20 SAMSUNG ELECTRONICS CO., LTD., a              )   **OF EMERGENCY MOTION BY**
   Korean corporation; SAMSUNG                    )   **NONPARTY MOTOROLA**
21 ELECTRONICS AMERICA, INC., a New York         )   **MOBILITY LLC TO SEAL**
   corporation; SAMSUNG                           )   **CONFIDENTIAL DOCUMENT**
22 TELECOMMUNICATIONS AMERICA, LLC, a           )
   Delaware limited liability company,            )
23                                               )   [Civ. L.R. 79-5]
                Defendants.                       )
24                                               )   Date: Expedited Request
                                                 )   Courtroom: 8, 4th Floor
25                                               )   Judge: Hon. Lucy H. Koh
                                                 )   Magistrate Judge Paul S. Grewal
26 _____)

27

28

## DECLARATION OF THOMAS V. MILLER

I, Thomas V. Miller, declare and state:

1.      I am an employee of Motorola Mobility LLC, formerly known as Motorola Mobility, Inc. ("Motorola"). As Vice President, Intellectual Property for Motorola, my present responsibilities include patent counseling and previously included litigation and licensing of patents.  As such, I am familiar with Motorola's intellectual property licenses, Motorola's licensing practices, and its confidentiality requirements. I am over the age of 18 and make this declaration based on my own personal knowledge.  If called and sworn as a witness, I could and would testify as set forth below.

2.      Attached as Exhibit A to this declaration is a copy of a document identified as "Exhibit 23," which I understand is a copy of an exhibit to a "Declaration S. Calvin Walden ISO Apple's Motion to Compel Depositions of Samsung's Purported 'Apex' Witness and was further identified as being contained within Document 737(A) in this Court's Order Granting-in-Part and Denying-in-Part Apple's and Samsung's Administrative Motions to File Documents Under Seal (Dkt. 1978) on page 15. I will refer to this document as "Exhibit 23."

3.      Motorola is and has been a party to licensing agreements with Samsung. Motorola regards certain terms of those agreements and Motorola's strategies in negotiating the terms of those agreements to be highly confidential.  Such terms include: monetary terms, including license rates and direction of payments; identification of licensed products and technologies; geographic scope; and temporal scope.  Motorola considers this information to be highly confidential and extremely sensitive, for a number of reasons including that Motorola engages in ongoing licensing negotiations with numerous companies, and the disclosure of this information to such companies or the general public would be harmful to Motorola's ongoing licensing program negotiations.

4.      Exhibit 23 appears to be a summary, prepared by a Samsung employee, of a September 7, 2000 licensing negotiation meeting between representatives of Samsung and Motorola.  Exhibit 23 was provided to me in connection with this declaration with Samsung's permission.

5.      Motorola and Samsung entered a Cellular Cross License Agreement having an effective date of September 30, 2000 ("the 2000 Agreement") and an expiration date of December 31, 2004, as described in the Declaration of Brian C. Blasius, paragraph 5(b) (Dkt. No. 1491-1), submitted in support of the Supplemental Submission of Emergency Motion by Nonparty Motorola Mobility LLC to seal Exhibits, Close Courtroom, and Seal Portions of Transcript (Dkt. No. 1491) ("Blasius Declaration").  Exhibit 23 discloses that it was prepared several weeks before the effective date of that Cellular Cross License Agreement.  Exhibit 23 discloses not only specific dollar amounts of Motorola's licensing proposals but also Motorola's sequence or pattern of offers and also identified other issues that were most important to Motorola in the negotiation.

6.      As explained in the Blasius Declaration, during negotiations for patent licenses, Motorola and its competitors negotiate concerning the relative values of their respective patent portfolios as well as the values of other terms in the agreement.  This often results in balancing payments or other license terms between the parties to the resulting agreement.

7.      Also as explained in the Blasius Declaration, the terms of the agreements are highly sensitive to Motorola because they reflect Motorola's valuations of other parties' intellectual property and of other license terms and because, if Motorola did not keep those terms confidential, then other companies would use this information unfairly to increase their leverage in their own negotiations with Motorola.   Relative portfolio values and the circumstances of any given license vary from party to party.

8.      Similarly, Motorola's offers and negotiation strategies, including the identification of the issues or terms most important to Motorola in the negotiation, such as those disclosed in Exhibit 23 with regard to the September 2000 Motorola-Samsung negotiation, are highly sensitive to Motorola, because if others in ongoing or future negotiations with Motorola were to learn of Motorola's strategies, they could use that information in an unfair manner in negotiating against Motorola.

9.      The fact that the negotiations disclosed in Exhibit 23 concerned a patent license that has now expired does not change the sensitivity of the details of the negotiations, for the

1   same reasons that the terms of expired license agreements remain sensitive.  As explained in the

2   Blasius Declaration, Motorola's patent license agreements cover many patents directed to vast

3   areas of both older and newer technologies.  Patents are in effect for many years (approximately

4   twenty years from the filing dates of their applications, depending upon certain other events), in

5   many cases longer than the time period covered by an the agreement.  Thus, many of the patents

6   in expired agreements are still the subject of active licenses, are the subject of active licensing

7   negotiations today, and would be the subject of resulting future licenses.  So, Motorola would

8   be damaged in its ongoing and future patent licensing negotiations with its competitors, if they

9   were able to learn the highly confidential terms, particularly the financial terms, of the 2000

10  Agreement or Motorola's strategy in negotiating those terms or the contents of the negotiations.

11       10.     Moreover, even though the 2000 Agreement itself has expired, it is not directed

12  to obsolete or stale patents, for other additional reasons.   The 2000 Agreement concerns

13  portfolios of patents that cover fields of technology.  New patents enter the portfolios over time,

14  and, as a result, the portfolios have not expired.  In other words, while some patents in the

15  licensed portfolios expire, the portfolios are expanding by the addition of other patents.  Even

16  many of the older patented technologies, such as GSM, are still in use in cellular telephones

17  today.

18       11.     Thus, Motorola regards the contents of Exhibit 23 to be highly confidential and

19  sensitive and believes that public disclosure of this document would be damaging to Motorola

20  in ongoing and future licensing negotiation with third parties and thereby seeks to have Exhibit

21  23 placed under seal.

     I declare under the penalty of perjury under the laws of the United States that the

     foregoing is true and correct.  Executed this _5_ th day of October, 2012, in Libertyville, Illinois.

                                             Thomas V. Miller

# EXHIBIT A – REDACTED

# LODGED WITH THE CLERK

DOCUMENT IDENTIFIED AS EXHIBIT 23 TO DECLARATION S. CALVIN WALDEN ISO APPLE'S MOTION TO COMPEL DEPOSITIONS OF SAMSUNG'S PURPORTED "APEX" WITNESS