QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>                Plaintiff,<br><br>     vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>                Defendant. | CASE NO. 11-cv-01846-LHK<br><br>**MOTION TO STRIKE PORTIONS OF DECLARATIONS OF CHRISTOPHER CROUSE, TERRY MUSIKA, MARYLEE ROBINSON, PHILLIP W. SCHILLER, AND RUSSELL S. WINER IN SUPPORT OF APPLE'S MOTION FOR A PERMANENT INJUNCTION** |

**NOTICE OF MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung") shall and hereby do move the Court to Strike Portions of Declarations of Christopher Crouse, Terry Musika, Marylee Robinson, Phillip W. Schiller, and Russell S. Winer in Support of Apple's Motion for a Permanent Injunction.   This motion is brought on the ground that the cited portions of each of these declarations violate this Court's August 28, 2012 Order limiting each party to 30 pages of briefing regarding Apple's Motion for Permanent Injunction and Enhancements, and expressly prohibiting either party from circumventing these limitations through the use of supporting materials that are not included in the brief in support of the motion.

This motion is based on this notice of motion and supporting memorandum and such other written or oral argument as may be presented at or before the time this motion is taken under submission by the Court.

**RELIEF REQUESTED**

Samsung seeks an Order Striking:

A.  Paragraphs 2 and 4 (portion from 1:13 "In order to meet" to 1:14) of the Declaration of Christopher Crouse in Support of Apple's Motion for a Permanent Injunction;

B.  Paragraphs 7, 10-28, and 31-60 of the Declaration of Terry Musika in Support of Apple's Motion for a Permanent Injunction;

C.  Paragraphs 34-36, 38-40, and 42 of the Declaration of Marylee Robinson in Support of Apple's Motions for a Permanent Injunction, for Damages Enhancement, for Supplemental Damages and for Prejudgment Interest;

D.  Paragraphs 3-10, 13, 15 (from 5:21 "I also believe" to 5:26) of the Declaration of Philip W. Schiller in Support of Apple's Motion for a Permanent Injunction; and

E.  Paragraphs 7-14 of the Declaration of Russell S. Winer in Support of Apple's Motion for a Permanent Injunction.

1  October 5, 2012               QUINN EMANUEL URQUHART &
2                                SULLIVAN, LLP
3
4                           By  */s/ Victoria F. Maroulis*
                               Charles K. Verhoeven
5                              Kevin P.B. Johnson
                               Victoria F. Maroulis
6                              Michael T. Zeller

7                              Attorneys for SAMSUNG ELECTRONICS CO.,
                               LTD., SAMSUNG ELECTRONICS AMERICA,
8                              INC., and SAMSUNG
                               TELECOMMUNICATIONS AMERICA, LLC
9

02198.51855/4994044.6                               -2-                Case No. 11-cv-01846-LHK
MOTION TO STRIKE DECLARATIONS ISO APPLE'S MOTION FOR A PERMANENT INJUNCTION

## PRELIMINARY STATEMENT

This is a motion to enforce this Court's 30-page limit on briefing Apple's Motion for Permanent Injunction and Enhancements ("Apple's Motion").  Apple's Motion (Dkt. 1982-1) includes only 10 pages devoted to its request for a permanent injunction covering 26 products. Yet, in an end-run around the Court's page limits, Apple has supported its injunction request with more than forty pages of declarations, as well as countless exhibits, many of which are never cited in the brief.

This Court's August 28 scheduling Order expressly anticipated such an inappropriate strategy of expanding page limits by use of declarations or other supporting materials, and barred it in no uncertain terms:

> The page limits set forth herein will be strictly enforced.  Any argument that is not explicitly articulated within the briefing page limits will be disregarded.  Any supporting documentation shall be for corroboration purposes solely and shall not be used as a vehicle for circumventing the Court's page limits.  Any citations to the record must include the relevant testimony or exhibit language.

Dkt. No. 1945.

This Court should strike those portions of the declarations that were either (1) not cited in the briefs, or (2) were used "as a vehicle for circumventing the Court's page limits."  Otherwise, Samsung will have only 35 pages to respond not only to Apple's 30 page motion seeking a wide-ranging permanent injunction and $535 million in purported enhancements, but to dozens of pages of additional argument and other materials that Apple has relied on in support of its motion.  That is neither fair nor consistent with the Court's Order.

Apple chose to devote only ten pages of its motion to its injunction argument, leaving the rest for its request for enhancements.  Having made that choice, it should be not be permitted to extend its injunction argument by more than 400%.  The Court's August 28 Order prohibits precisely this kind of manipulation of the page limits.

Accordingly, Samsung respectfully requests that the Court strike the portions of the Declarations of Christopher Crouse, Terry Musika, Marylee Robinson, Philip W. Schiller, and Russell S. Winer that do not comply with this Court's August 28 Order.

**ARGUMENT**

Apple's strategy with regard to its motion for permanent injunction was to include a limited 10-page argument in its brief, but provide the bulk of the actual argument on critical issues of irreparable harm, causal nexus, and others, in five supporting declarations.  As explained below, the bulk of the declarations contain argument and other material that violates this Court's August 28 Order because it (1) was not expressly articulated within the brief or (2) was not solely for corroboration purposes but instead was used to circumvent the page limits.  In addition, Apple did not include the actual "relevant testimony or exhibit language" in its citations, as required by the Order.  The offending portions of Apple's declarations should therefore be stricken.  *See King County v. Rasmussen*, 299 F.3d 1077, 1082 (9th Cir. 2002) ("Declarations, which are supposed to 'set forth facts as would be admissible in evidence,' should not be used to make an end-run around the page limitations . . . .") (quoting Fed. R. Civ. P. 56(e)).  Each declaration is addressed in turn below.

### 1.  Declaration of Terry Musika

The August 29 Declaration of Terry Musika submitted by Apple in Support of its Motion for a Permanent Injunction is 26 pages long—more than twice as long as the portion of the brief devoted to argument in support of a permanent injunction, not even counting the 68 exhibits appended to the Declaration.  Dkt. Nos. 1982-1, 1982-2.  Apple fails to cite numerous paragraphs of the declaration.  For example, paragraphs 7, 10-19, and 58-60 are referenced nowhere in the brief.  *Id.*  Collectively, these portions of the declaration are more than six pages long, and contains extensive argument not included in Apple's brief concerning alleged irreparable harm. Dkt. No. 1982-2 at ¶¶ 7, 10-19, 58-60.  These sections of the Musika Declaration should be stricken.

Apple's brief barely mentions the rest of the declaration.  For example, at paragraphs 40-57, Mr. Musika's declaration contains nine pages of argument—entitled "A Substantial Link Exists Between the Infringed Features and Consumer Purchasing Decisions"—that discusses six separate Apple patents and its alleged trade dress.  The sole sentence of Apple's brief that references this portion of the Declaration, however, states in its entirety, without quoting any of

the referenced evidence:   "This evidence demonstrates strong consumer demand for each patented invention".   Dkt. No. 1982-2 at ¶¶ 40-57; Dkt. No. 1982-1 at 9:14-15.   There is no question but that Apple's use of eighteen paragraphs of Mr. Musika's declaration to support one sentence of a one-page causal nexus argument is an effort to circumvent the page limitations in violation of this Court's Order.   These paragraphs should be stricken.

The same holds true for the seven pages of argument found in paragraphs 20-28 and 31-39. There, Mr. Musika describes in detail his claim that "Large Numbers of First-Time Customers Will Be Purchasing a Smartphone Platform Over the Next 12-18 Months," that "The Ability to Capture First-Time Buyers Today Will Have Profound, Long-Lasting Effects in the Future Due to Key Smartphone Market Characteristics" as well as a large portion of his claim that Apple will lose market share absent an injunction.   Dkt. No. 1982-2 at ¶¶ 20-28, 31-39.   Apple cites these seven pages of declaration only as support for a few conclusory sentences that argue that first time purchasers are likely to develop brand and platform loyalty, that damages cannot be reasonably quantified, and as a parenthetical that states in its entirety "discussing harm arising from damage to the Apple ecosystem."   Dkt. No. 1982-1 at 5:5-11, 23-24, 9:25-27; 10:3-5.   Apple's citation to seven pages of argument disguised as a declaration to support a few conclusory statements in its brief violates the Court Order.   Paragraphs 7, 10-28, and 31-60 of Mr. Musika's Declaration should be stricken.

### 2. Declaration of Marylee Robinson

Apple also submitted a declaration from Mr. Musika's colleague, Marylee Robinson.   Her declaration is 15 pages long, consisting of 42 paragraphs, and attaches 38 exhibits.   Dkt. No. 1982-71.   More than seven pages (not including the background) relate to the permanent injunction and enhancement motion, with the remaining portion ostensibly supporting arguments for supplemental damages and prejudgment interest presented in a separate motion.

Ms. Robinson argues at paragraphs 34-36, 38-40, and 42 that "a substantial nexus exists between Apple's User Interface Patents and consumer demand for Samsung's infringing tablets." Those paragraphs are cited only in support of the following sentence in Apple's brief:   "This evidence demonstrates strong consumer demand for each patented invention."   Dkt. No. 1982-1,

1  at 9:14-15.  This is also the same sentence that cited seventeen paragraphs of Mr. Musika's

2  declaration, as explained above.  Thus, with a single sentence, Apple has attempted to incorporate

3  24 paragraphs of causal nexus argument from two separate declarants, as well as supporting

4  materials.  This is precisely the conduct this Court anticipated and prohibited as improper when it

5  issued its August 28 Order.

6  Apple also attempts to use Ms. Robinson's declaration to shoehorn additional witness

7  testimony into the record that it does not cite in its brief.  For example, in paragraphs 35 and 39,

8  Ms. Robinson discusses the trial testimony of Apple witnesses Phil Schiller and Dr. Balakrishnan.

9  That testimony is never discussed in Apple's brief.  *Id.* at ¶¶ 34-36, 38-40, 42.

### 3. Declaration of Russell S. Winer

11  Apple presented a four-page Declaration from Russell Winer in support of its Motion for a

12  Permanent Injunction.  Dkt. No. 1986.  Yet, this entire declaration is referenced in only one

13  sentence in Apple's 30-page brief.  Dkt. No. 1982-1 at 6:6-8.  That sentence states in its entirety:

14  "Moreover, Samsung's diluting sales injure Apple's brand equity and the ability of Apple to use

15  its trade dress to attract and retain customers. (Winer Decl. ¶¶ 7-14)."  *Id.*  The specific

16  discussion in the eight paragraphs and three pages of Mr. Winer's Declaration cited in support of

17  Apple's claim is found nowhere in Apple's Motion.  For example, Mr. Winer discusses Apple's

18  purported "coolness" factor, the Apple "consumer experience," the "branded house strategy" and

19  the "house of brands" strategy, amongst other allegations.  Dkt. No. 1986 at ¶¶ 7-14.  Here, too,

20  Apple has attempted to circumvent the Court's page limits by presenting the substance of its

21  argument by declaration.  Paragraphs 7-14 of the Winer Declaration should be stricken as

22  violating the Court's Order.

### 4. Declaration of Philip W. Schiller

24  Apple filed a five-page Declaration by Philip Schiller in support of its Motion for a

25  Permanent Injunction.  Dkt. No. 1985.  Paragraphs 3-10 and 14, spanning three pages, are not

26  cited anywhere in Apple's brief.  In these paragraphs, Mr. Schiller discusses whether Apple and

27  Samsung are direct competitors; makes various allegations about the smartphone market, the

28  Apple ecosystem, consumer loyalty, and lost sales; and concludes that "the loss of sales,

particularly the loss of sales to new smartphone purchasers, to Samsung causes significant ongoing injury to Apple…" *Id.* at ¶¶ 3-10.   Apple cannot be permitted to advance Mr. Schiller's argument because they have not cited his testimony on this topic in the brief.   Similar claims about the harm Apple alleges are made in summary fashion in the last five lines of paragraph 15 of Mr. Schiller's Declaration.   Although paragraph 15 is cited in a single sentence in Apple's brief, that sentence solely relates to Apple's claim that the designs of the iPhone 3G and 3GS are associated with Apple, and not any alleged harm to Apple.   Dkt. 1982-1, at 6:12-17.   Paragraphs 3-10, 14, and 15 (lines 21-26) should be stricken.

In addition, Mr. Schiller opines in paragraph 13 of his Declaration that Apple has focused on the design of the iPhone in its advertising campaigns.   While Apple does reference paragraph 13 in its brief, stating that "Apple ads feature the 'product as hero,'" Apple does not discuss any of the specific ads mentioned in Mr. Schiller's declaration, or reference Trial Exhibit 12 which is attached to the Declaration and contains the six TV commercials discussed.   Dkt. No. 1985 at ¶ 13; Dkt. No. 1982-1 at 7:11-12.   This goes beyond mere corroboration and is improper circumvention of the page limitations.   Paragraph 13 should be stricken as well.

### 5.   <u>Declaration of Christopher Crouse</u>

Finally, Apple has submitted a declaration from Christopher Crouse that addresses Apple's policies on repairing and replacing phones.   Dkt. No. 1984.   Only one paragraph from his declaration is cited in Apple's motion.   Dkt. No. 1982-1 at 6:19-20.   The sentence in the brief states: "Apple continues to provide replacement iPhone 3GS phones to customers with phones that cannot be repaired."   *Id.*   However, Mr. Crouse's claims in paragraphs 2 and 4 about the AppleCare department, its repair vs. replacement policy, and its intent to "arrange for the manufacture of new iPhone 3GS phones for several years" are not cited at all in Apple's brief.   As a result, they violate this Court's Order and should be stricken.

### CONCLUSION

Samsung has been allotted 35 pages to respond to Apple's motion seeking to enjoin 26 products and enhanced damages of $535 million.   It is not fair to require Samsung to confine its response to such a limitation, while allowing Apple to flout the same limitations imposed by the

1  Court on its briefing through declarations and exhibits that are not referenced in the brief.

2  Samsung respectfully requests that the Court strike paragraphs 2 and 4 (portion from 1:13 "In

3  order to meet" to 1:14) of the Crouse Declaration, paragraphs 7, 10-28, and 31-60 of the Musika

4  Declaration, paragraphs 9-22, 31 (portion from 11:19-12:4), 34-36, 38-40, 42 of the Robinson

5  Declaration, paragraphs 3-10, 13, 15 (from 5:21 "I also believe" to 5:26) of the Schiller

6  Declaration, and paragraphs 7-14 of the Winer Declaration.

8  DATED: October 5, 2012            QUINN EMANUEL URQUHART &
                                     SULLIVAN, LLP


                                     By  */s/ Victoria F. Maroulis*
                                         Victoria F. Maroulis
                                         Attorneys for Defendant
                                         SAMSUNG ELECTRONICS CO., LTD.,
                                         SAMSUNG ELECTRONICS AMERICA, INC.
                                         and SAMSUNG TELECOMMUNICATIONS
                                         AMERICA, LLC