# EXHIBIT 1

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

                                                              Page 1

 1            UNITED STATES DISTRICT COURT
 2     NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION
 3    _____
 4    APPLE INC., a California       )
      corporation,                   )
 5                                   )
              Plaintiff,             )
 6                                   )
         vs.                         ) Case No.
 7                                   ) 11-CV-01846-LHK
      SAMSUNG ELECTRONICS CO.,       )
 8    LTD., a Korean business        )
      entity; SAMSUNG ELECTRONICS    )
 9    AMERICA, INC., a New York      )
      corporation; SAMSUNG           )
10    TELECOMMUNICATIONS AMERICA,    )
      LLC, a Delaware limited        )
11    liability company,             )
                                     )
12            Defendants.            )
      _____
13
          HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
14
15      VIDEOTAPED DEPOSITION OF KARAN SINGH, PH.D.
16             Redwood Shores, California
17              Thursday, April 26, 2012
18                    Volume I
19
20
21    Reported by:
      Danielle de Gracia
22    CSR No. 13650
23    Job No. 143641
24
25    PAGES 1 - 285

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 2

```
 1              UNITED STATES DISTRICT COURT
 2     NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION
 3    _____
 4     APPLE INC., a California       )
       corporation,                   )
 5                                    )
            Plaintiff,                )
 6                                    )
         vs.                          ) Case No.
 7                                    ) 11-CV-01846-LHK
       SAMSUNG ELECTRONICS CO.,       )
 8     LTD., a Korean business        )
       entity; SAMSUNG ELECTRONICS    )
 9     AMERICA, INC., a New York      )
       corporation; SAMSUNG           )
10     TELECOMMUNICATIONS AMERICA,    )
       LLC, a Delaware limited        )
11     liability company,             )
                                      )
12          Defendants.               )
      _____
13
14
15          VIDEOTAPED DEPOSITION of KARAN SINGH, PH.D.,
16    Volume I, taken on behalf of Defendants, at 555 Twin
17    Dolphin Drive, Suite 560, Redwood Shores, California,
18    beginning at 11:03 a.m. and ending at 8:37 p.m. on
19    Thursday, April 26, 2012, before Danielle de Gracia,
20    Certified Shorthand Reporter No. 13650.
21
22
23
24
25
```

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 3

1  APPEARANCES:
2
3  For Plaintiff APPLE, INC.:
4       MORRISON & FOERSTER
5       BY:  ANDREW E. MONACH
6       Attorney at Law
7       425 Market Street
8       San Francisco, California 94104
9       415.268.7588
10      Amonach@mofo.com
11
12 For Defendant SAMSUNG ELECTRONICS, CO., LTD.:
13      QUINN EMANUEL URQUHART & SULLIVAN
14      BY:  TODD M. BRIGGS
15      Attorney at Law
16      555 Twin Dolphin Drive, Suite 560
17      Redwood Shores, California 94065
18      650.801.5020
19      Toddbriggrs@quinnemanuel.com
20
21
22
23
24
25

1  APPEARANCES (Continued):
2
3  Also Present:
4        Jeffrey Anderson, Videographer
5        Patrick T. Schmidt, Esq.
6        Guy Eddon, Esq.
7        Alexander Baxter, Esq.
8        Mark Melahn, Esq.
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 117

1  mistake?
2      MR. MONACH:  I think so.  I'm just trying to
3  look quickly to see if this is in fact a -- a Box
4  3900C --
5      MR. BRIGGS:  Oh.                              02:58:12
6      MR. MONACH:  -- as opposed to something
7  else.
8  BY MR. BRIGGS:
9      Q   Well, what it appears to be is the edge of
10 the screen.  Would you agree with that?  3900C --    02:58:34
11     A   Yeah, I mean, I -- I -- I wouldn't be able
12 to say so conclusively without actually seeing how
13 it's -- how it's -- how it's specifically defined.
14 But -- but I don't know where that would be.
15     Q   Well, let's just call it the edge on the    02:59:01
16 right-hand side of 3900C.
17     A   Okay.  Fair enough.
18         MR. MONACH:  Do you want to know what the
19 patent says about 3900C?
20         MR. BRIGGS:  Sure.                          02:59:12
21         MR. MONACH:  Okay.  It's in column 17.  It
22 says, "The block may be enlarged and centered in the
23 display as shown in UI3900C which -- "
24         MR. BRIGGS:  Okay.  Let's just call it the
25 right edge of 3900C.                                02:59:25

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 118

1        THE WITNESS:  Fair enough.
2    BY MR. BRIGGS:
3        Q   Now, if I moved the right edge of Block 5
4    all the way over to where it lined up with the right
5    edge of 3900C --                                         02:59:40
6        A   Uh-huh.
7        Q   -- would Block 5 still be substantially
8    centered?
9        A   Depending on the -- depending on the other
10   considerations.  It could depending on the other         02:59:59
11   considerations.  I -- I've --
12       Q   It could still be substantially centered?
13       A   Depending on what the other considerations
14   related to the layout might be, potentially.
15           It -- it -- as I said, to be -- to answer        03:00:17
16   that question, I'd -- I'd need -- you'd need to know
17   the rationale for it being there.  If you know the
18   rationale for it being there, that gives you
19   information to answer -- answer this -- this
20   question.                                                03:00:34
21           The -- the -- the concept of -- of centering
22   and enlargement and layout of documents, in con- --
23   you know, in -- in the context of a structured
24   electronic document, as I have given you some
25   examples, have other considerations.  So to be able     03:00:55

Page 119

1  to answer this particular question, it could be.  It
2  could be substantially centered.
3       Q   So is it your testimony that to know -- to
4  know whether a box is substantially centered, you
5  have to understand the rationale for the placement of      03:01:11
6  the box on that particular user interface?
7          MR. MONACH:  Object to the form of the
8  question.
9          THE WITNESS:  Without -- without it sort of
10 -- without being a conclusive answer, the -- the            03:01:33
11 general -- what substantially centers is teaching you
12 is -- is that the -- the -- the program should
13 attempt to -- to center the document while bearing in
14 mind the consid- -- the overall intent or the overall
15 design intent of the patent.                                03:02:05
16         And so typically you will see scenarios as a
17 result.  Typically, you will see scenarios -- mostly
18 scenarios where the box is -- is -- anybody that -- a
19 person of ordinary skill in the art, or actually even
20 a -- a person, a layman, would tell you that visually       03:02:23
21 it's by and large centered.  But there may be --
22 there may be considerations under which it is not the
23 case.
24 BY MR. BRIGGS:
25      Q   Dr. Singh, taking into consideration the           03:02:38

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 120

| | |
|---|---|
| 1 | design rationales of the patent, of the '163 patent, |
| 2 | if we moved Block 5 all the way over so that the |
| 3 | right-hand edge of Block 5 lined up the right edge of |
| 4 | 3900C, would that block be substantially centered? |
| 5 |     MR. MONACH:  Objection.  Asked and answered.   03:03:02 |
| 6 |     THE WITNESS:  I've -- I believe I've |
| 7 | answered that question.  You would -- you -- you |
| 8 | would have to give me more information in terms of |
| 9 | the overall layout of the document and the layout of |
| 10 | potentially other -- other aspects of -- of -- of the   03:03:17 |
| 11 | interface. |
| 12 | BY MR. BRIGGS: |
| 13 |   Q  So what other information would you need to |
| 14 | know about Figure 5C to -- to be able to answer that |
| 15 | question?                                               03:03:29 |
| 16 |     MR. MONACH:  Objection.  Incomplete |
| 17 | hypothetical.  Vague. |
| 18 |     THE WITNESS:  In -- at -- at least the -- |
| 19 | the general block structure -- the -- the block |
| 20 | structure of -- of the rest of the structured          03:03:44 |
| 21 | electronic document.  So what you see over here is -- |
| 22 | is -- is a portion of it.  You would need to know at |
| 23 | least that. |
| 24 | BY MR. BRIGGS: |
| 25 |   Q  And what other block structure are you        03:04:02 |

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 121

1   referring to?
2       A   Whatever other block structure might exist.
3       Q   And what other block structure exists with
4   respect to 5C?
5       A   Well, I can't see it in 5C.                    03:04:17
6       Q   So I think what you're telling me is you
7   cannot determine whether something is substantially
8   centered by just looking at a box on a display, is
9   that correct, you have to look at other
10  considerations?                                        03:04:36
11      A   I'm saying that, in general, you may be able
12  to if a box is -- is subs- -- is -- is by and large
13  centered or almost centered.  Then by visually
14  looking at it, you would say that that is mostly
15  centered or visually centered.                         03:04:59
16          There may be special considerations under
17  which, because of the design rationale of the -- the
18  patent, when the -- when the box might not appear
19  truly visually centered.  And I have given you some
20  examples of it.                                        03:05:19
21          That's pretty much what I have to say.
22      Q   Now, looking at Figure 5C, assuming that
23  Block 5 is in the position that is shown in Figure
24  5C, in some cases could that be essentially centered
25  and in other case could that not be substantially      03:05:38

Page 122

1   centered?
2           MR. MONACH:  Objection.  Vague and
3   incomplete hypothetical.
4           THE WITNESS:  Well, given that one doesn't
5   really have access to additional information, Block     03:05:49
6   5C to me is as it is.  Generally, would -- I would --
7   I would call it substantially centered.
8   BY MR. BRIGGS:
9       Q   Could you think of any other considerations
10  or any other factors that would make Block 5 not       03:06:04
11  substantially centered as it's shown in Figure 5C?
12      A   I have given you some examples already.
13      Q   So it's possible that Block 5 could appear
14  like it appears in Figure 5C and not be substantially
15  centered; is that right?                               03:06:27
16          MR. MONACH:  Objection.  Misstates
17  testimony.
18          THE WITNESS:  Not the way it's described in
19  the patent.
20  BY MR. BRIGGS:                                         03:06:33
21      Q   So just to finish off this line of
22  questioning, how would -- how would one of ordinary
23  skill in the art understand whether a block or --
24  excuse me.
25          How would one of ordinary skill in the art    03:06:56