# EXHIBIT 2

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS
CO., LTD., SAMSUNG ELECTRONICS
AMERICA, INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>          Plaintiff,<br><br>     vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>          Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S PATENT LOCAL RULE 3-3 AND 3-4 DISCLOSURES** |

**VII.    THE '163 PATENT**

**A.    Local Patent Rule 3-3(a):  Identification of Prior Art**

At this time, Samsung contends that at least the following prior art references anticipate or render obvious, either alone or in combination, the asserted claims of the '163 Patent:

**1.    Patent References[18]**

| Chart No(s). | Country of Origin | Patent Number | Date of Issue |
|---|---|---|---|
| S-1 | United States | 6,211,856 | April 3, 2001 |
| S-2 | United States | 7,327,349 | February 5, 2008 |
| S-3 | United States | 5,615,384 | March 25, 1997 |
| S-4 | United States | 5,579,037 | November 26, 1996 |
| S-5 | United States | 4,899,292 | February 6, 1990 |
| S-6, U | United States | 5,877,751 | March 2, 1999 |
| U | United States | 7,933,632 | April 26, 2011 |
| U | United States | 7,089,507 | August 8, 2006 |
| U | United States | 6,054,990 | April 25, 2000 |
| U | United States | 7,289,102 | October 30, 2007 |
| U | United States | 6,157,935 | December 5, 2000 |
| U | United States | 5,463,725 | October 31, 1995 |
| U | United States | 7,138,983 | November 21, 2006 |
| U | United States | 7,522,198 | April 21, 2009 |
| U | United States | 7,852,357 | December 9, 2010 |
| U | United States | 7,327,932 | February 5, 2008 |
| U | Japan | 20000163031A | June 16, 2000 |

**2.    Publications[19]**

| Chart No(s). | Title | Date of Publication | Author | Publisher |
|---|---|---|---|---|
| S-7, U | AppLens and LaunchTile: Two Designs for One-Handed Thumb Use on Small Devices | 2005 (submitted to CHI Conference by Sep. 13, 2004) | Karlson, Amy; Bederson, Benjamin, SanGiovanni, John | Association for Computing Machinery |
| S-8 | West:  A Web Browser for Small Terminals | 1999 | Bjork | Association for Computing Machinery |
| S-6 | 2002/0030699  Hand-Held with Auto-Zoom for Graphical Display of Web Page | March 14, 2002 | Jan Van Ee (Inventor) | United States Patent Office |
| S-2 | ZoneZoom:  Map Navigation for | January 2004 | Robbins, Daniel C.; Cutrell, | Association for Computing |

---

[18]   Samsung incorporates by reference all prior art references cited in the patents listed herein and/or their file histories.

[19]   Samsung incorporates by reference all prior art references identified in the publications listed herein.

| Chart No(s). | Title | Date of Publication | Author | Publisher |
|---|---|---|---|---|
| | Smartphones with Recursive View Segmentation | | Edward; Sarin, Raman; Horvitz, Eric | Machinery |
| S-9 | 2005/0195221 System and Method for Facilitating the Presentation of Content via Device Displays | September 8, 2005 | Berger et al. | United States Patent Office |
| U | 2004/0107403 Presenting HTML Content on a Small Screen Terminal Display | June 3, 2004 | Jon Stephenson Von Tetzchner | United States Patent Office |
| U | 2006/0048051 Method for Rendering Formatted Content on a Mobile Device | March 2, 2006 | Mihal Lazaridis | United States Patent Office |
| U | 2002/0069220 Remote Data Access and Management System Utilizing Handwriting Input | June 6, 2002 | Bao Q. Tran | United States Patent Office |
| U | 2009/0135162 System and Method for Detecting the Location, Size, and Shape of Multiple Objects that Interact with a Touch Screen Display | May 28, 2009 | Wijdeven et al. | United States Patent Office |
| U | 2006/0101354 Gesture inputs for a Portable Display Device | May 11, 2006 | Hashimoto et al. | United States Patent Office |
| U | 2006/0026535 Mode Based Graphical User Interfaces for Touch Sensitive Input Devices | February 2, 2006 | Hotelling et al. | United States Patent Office |
| U | 2004/0236790 Systems and Methods for Digital Document Processing | November 25, 2004 | Majid Anwar | United States Patent Office |
| U | 2002/0060701 Graphical user interface for displaying and navigating in a directed graph structure | May 23, 2002 | Patrick J. Naughton et al. | United States Patent Office |

3.    **Systems**[20]

All versions of the following prior art systems commercially sold, publicly known or used before the priority date of the '163 Patent, including documents and source code describing the same:

| Chart No(s). | System | Date Offered/Known | Offering Entity |
|---|---|---|---|
| S-7 | LaunchTile Software[21] | September 2004 | Ben Bederson *et al.* |
| S-2 | ZoneZoom Flash Prototype | At least as early as January 2004 | Microsoft[22] |
| S-2 | SmartPhlow Traffic Monitoring Application | At least as early as January 2004 | Microsoft[23] |
| S-10 | XNav | At least as early as August 25, 2005 | Ben Bederson *et al.* |
| U | Jeff Han's Breakthrough Touchscreen, *See* http://blog.ted.com/2006/08/01/jeff_han_on_ted | At least as early as August 1, 2006 | Jeff Han |

Additional prior art that that is relevant to the invalidity of the '163 Patent is listed in Exhibit T.  Samsung reserves the right to amend these invalidity contentions to assert these references depending on the claim construction and infringement positions Apple may take as the case proceeds.  Moreover, Samsung reserves the right to use these references in combination with

---

[20]   Discovery, and in particular, third party discovery is ongoing.  As discovery is in the early stages, Samsung is not yet in possession of all evidence regarding the systems that invalidate the '163 patent.  Where possible, Samsung has cited to documentation that evidences the systems' practicing of the invention.  However, Samsung anticipates amending these contentions as discovery progresses.

[21]   The LaunchTile software is described in AppLens and LaunchTile:  Two Designs for One-Handed Thumb Use on Small Devices, *Bederson et al.*, CHI 2005, ACM, Apr. 2-7, 2005 (Exhibits A-C to the Bederson Declaration filed Aug. 22, Dkt. No. 165); Video Demonstration of LaunchTile (Exhibit D to the Bederson Declaration filed Aug. 22, Dkt. No. 165); PowerPoint slides displayed at the CHI conference (Exhibit E to the Bederson Declaration filed Aug. 22, Dkt. No. 165); Executable version of LaunchTile (Exhibit F to the Bederson Declaration filed Aug. 22, Dkt. No. 165).  In addition to being attached the Bederson declaration filed on August 22, these documents have been previously produced in this litigation.

[22]   *See* ZoneZoom: Map Navigation for Smartphones with Recursive View Segmentation, Robbins *et al.*, ACM Press (Jan. 2004) at 4.1.

[23]   *See* ZoneZoom: Map Navigation for Smartphones with Recursive View Segmentation, Robbins *et al.*, ACM Press (Jan. 2004) at 4.2.  Samsung is seeking third party discovery on these products.  Also relevant is "ZoneZoom: map navigation for smartphones with recursive view segmentation", Robbins et al., AVI '04 Proceedings of the working conference on advanced visual interfaces.

other references to render the claims of the '163 Patent obvious in the event Apple takes the

position that certain claim limitations are missing from the references charted in Exhibits S and U.

**B.     Local Patent Rule 3-3(b):  Whether Each Item Anticipates or Renders Obvious the Asserted Claims**

Plaintiff asserts claims 2, 4-13, 17-18, 27-42, and 47-52 of the '163 Patent against

Samsung in this lawsuit.  All of those claims are invalid because the '163 Patent fails to meet one

or more of the requirements for patentability.  The individual bases for invalidity are provided

below and in the claim charts attached as Exhibits S and U.  Each of the foregoing listed prior art

documents, the underlying work, and/or the underlying apparatus or method qualifies as prior art

under one or more sections of 35 U.S.C. § 102 and/or 35 U.S.C. § 103.

Although Samsung has identified at least one citation per limitation for each reference,

each and every disclosure of the same limitation in the same reference is not necessarily identified.

Rather, in an effort to focus the issues, Samsung has cited representative portions of identified

references, even where a reference may contain additional support for a particular claim element.

In addition, persons of ordinary skill in the art generally read a prior art reference as a whole and

in the context of other publications and literature.  Thus, to understand and interpret any specific

statement or disclosure within a prior art reference, such persons would rely on other information

within the reference, along with other publications and their general scientific knowledge.

Samsung may rely upon uncited portions of the prior art references and on other publications

expert testimony to provide context, and as aids to understanding and interpreting the portions that

are cited.  Samsung may also rely on uncited portions of the prior art references, other disclosed

publications, and the testimony of experts to establish that a person of ordinary skill in the art

would have been motivated to modify or combine certain of the cited references so as to render the

claims obvious.

**4.     Anticipation**

Some or all of the asserted claims of the '163 Patent are invalid as anticipated under 35

U.S.C. § 102 in view of each of the prior art references identified above and in the claim charts

included in Exhibit S, which identify specific examples of where each limitation of the asserted

1  claims is found in the prior art references.  As explained above, the cited portions of prior art

2  references identified in the attached claim charts are exemplary only and representative of the

3  content and teaching of the prior art references, and should be understood in the context of the

4  reference as a whole and as they would be understood by a person of ordinary skill in the art.

5              5.    **Obviousness**

6        To the extent any limitation is deemed not to be exactly met by an item of prior art listed

7  above and in Exhibit S, then any purported differences are such that the claimed subject matter as

8  a whole would have been obvious to one skilled in the art at the time of the alleged invention, in

9  view of the state of the art and knowledge of those skilled in the art.  The item of prior art would,

10  therefore, render the relevant claims invalid for obviousness under 35 U.S.C. § 103(a).

11        In addition, the references identified above render one or more asserted claims of the '163

12  Patent obvious when the references are read in combination with each other, and/or when read in

13  view of the state of the art and knowledge of those skilled in the art.  Each and every reference

14  identified is also relevant to the state of the art at the time of the alleged invention.  Any of the

15  references disclosed above may be combined to render obvious (and therefore invalid) each of

16  Plaintiff's asserted claims.  Samsung may rely upon a subset of the above identified references or

17  all of the references identified above, including all references in Exhibits S, T, and U, for purposes

18  of obviousness depending on the Court's claim construction, positions taken by Apple during this

19  litigation, and further investigation and discovery.

20        Moreover, to the extent the foregoing references are found not to anticipate the asserted

21  claims, the foregoing references render the asserted claims obvious either alone or in combination

22  with one or more of the other references identified above pursuant to P.R. 3-3(a).  As explained

23  herein and/or in the accompanying charts, it would have been obvious to a person of skill in the art

24  at the time of the alleged invention of the asserted claims of the '163 Patent to combine the various

25  references cited herein so as to practice the asserted claims of the '163 Patent.

26

27        In accordance with P.R. 3-3(b), prior art references rendering the asserted claims obvious,

28  alone or in combination with other references, are outlined below and included in Exhibits S and

U, which includes exemplary claim charts for the asserted claims of the '163 Patent showing specifically where in each reference or combinations of references each asserted claim is found, and an explanation of why the prior art renders the asserted claim obvious.

In particular, Samsung contends that the asserted claims of the '163 patent would have been obvious in view of the prior art references identified above and in Exhibits S, T and U.  For example, Exhibits S and U include exemplary claim charts that describe how the asserted claims of the '163 Patent would have been obvious in view of the following references alone or in combination:

- All references identified above and in the claim charts in Exhibit S, if found not to anticipate the claims of the '163 Patent, render the claims of the '163 patent obvious alone;

- Any reference identified above and in the claim charts in Exhibit S, if found not to anticipate the claims of the '163 patent, can be combined with any other reference identified above and in the claim charts in Exhibit S to render the claims of the '163 patent obvious;

- To the extent any element is found to be missing from any reference charted in Exhibit S, that reference can be combined with any reference or combination of references disclosing the allegedly missing element and identified in Exhibit U to render the claims of the '163 patent obvious.

- Any reference identified in Exhibit U may be combined with any other reference or combination of references identified in Exhibit U to render the claims of the '163 patent obvious.

In addition to these specific combinations of prior art and the specific combinations of groups of prior art disclosed, Samsung reserves the right to rely on any other combination of any prior art references disclosed herein.  Samsung further reserves the right to rely upon combinations disclosed within the prosecution history of the references cited herein.  These obviousness

1    combinations reflect Samsung's present understanding of the potential scope of the claims that

2    Plaintiff appears to be advocating and should not be seen as Samsung's acquiescence to Plaintiff's

3    interpretation of the patent claims.

4            Samsung also reserves the right to amend or supplement these contentions regarding

5    anticipation or obviousness of the asserted claims, in view of further information from Plaintiff,

6    information discovered during discovery, or a claim construction ruling by the Court.  Plaintiff has

7    not identified what elements or combinations it alleges were not known to one of ordinary skill in

8    the art at the time.  Therefore, for any claim limitation that Plaintiff alleges is not disclosed in a

9    particular prior art reference, Samsung reserves the right to assert that any such limitation is either

10   inherent in the disclosed reference or obvious to one of ordinary skill in the art at the time in light

11   of the same, or that the limitation is disclosed in another of the references disclosed above and in

12   combination would have rendered the asserted claim obvious.

13           **C.      Local Patent Rule 3-3(c):  Charts Identifying where Specifically in each
                        Alleged item of Prior Art each Asserted Claim is Found**
14

15           Pursuant to Local Patent Rule 3-3(c), charts identifying where specifically in each alleged

16   item of prior art each limitation of each asserted claim is found, including for each limitation that

17   Apple contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or

18   material(s) in each item of prior art that performs the claimed function is attached in Exhibits S

19   and U.

20           **D.      Local Patent Rule 3-3(d):  Other Grounds for Invalidity**

21           Samsung identifies the following grounds for invalidity of the asserted claims of the '163

22   Patent based on 35 U.S.C. §§ 101 and/or 112.  Samsung reserves the right to supplement these

23   disclosures based on further investigation and discovery.

24           **1.      Invalidity Based on 35 U.S.C. § 101**

25           The asserted claims of the '163 patent are invalid under 35 U.S.C. § 101 because they only

26   claim abstract ideas.   For example, each asserted claim of the '163 Patent contains the limitations

27   "detecting a first gesture at a location on the displayed portion of the structured electronic

28

document" and "determining a first box in the plurality of boxes at the location of the first gesture."  Furthermore, the claims merely contain abstract software instructions.

### 2. Invalidity Based on Enablement or Written Description Under 35 U.S.C. § 112(1) and/or Indefiniteness Under 35 U.S.C. § 112(2)

Based on Samsung's present understanding of Plaintiff's infringement contentions, Samsung asserts that claims 2, 4-13, 17-18, 27-42, & 47-52 of the '163 Patent are invalid for reciting at least the following claim terms/phrases:

- "at least a portion of a structured electronic document"

- "boxes of content," "first box," and "second box"

- "translating"

- "substantially centered"

- "enlarging and translating the structured electronic document so that the first box is substantially centered on the touch screen display"

- "while the first box is enlarged, detecting a second gesture on a second box other than the first box; and translating the structured electronic document so that the second box is substantially centered on the touch screen display"

- "the plurality of boxes are defined by a style sheet language"

- "the width of the first box is substantially the same as the width of the touch screen display"

- "means for displaying at least a portion of a structured electronic document on the touch screen display, wherein the structured electronic document comprises a plurality of boxes of content"

- "means for detecting a first gesture at a location on the displayed portion of the structured electronic document"

- "means for determining a first box in the plurality of boxes at the location of the first gesture"

- "means for enlarging and translating the structured electronic document so that the first box is substantially centered on the touch screen display"

- "means for, while the first box is enlarged, a second gesture is detected on a second box other than the first box"

- "means for, in response to detecting the second gesture, the structured electronic document is translated so that the second box is substantially centered on the touch screen display"

These claim terms/phrases as apparently construed by Apple violate the written description, enablement, and/or definiteness requirements of 35 U.S.C. § 112.

Based on Samsung's present understanding of Plaintiff's infringement contentions, at least one or more of these claim terms/phrases are indefinite because they are inconsistent with and broader than the alleged invention disclosed in the specification and given Plaintiff's apparent constructions of the claims, any person of ordinary skill in the art at the time of the invention would not understand what is claimed, even when the claims are read in light of the specification. Moreover, based on Samsung's present understanding of Plaintiff's infringement contentions, each of the asserted claims in which these claim terms/phrases appear lack written description because the specification of the '163 Patent demonstrates that the patentee neither conceived of nor demonstrated possession of all that Apple now contends the claims cover.  In addition, based on Samsung's present understanding of Plaintiff's infringement contentions, each of the asserted claims in which these claim terms/phrases appear are invalid because the specification fails to provide sufficient disclosure to enable any person of ordinary skill in the art to which it pertains, or with which it is most nearly connected, to implement the invention without undue experimentation.  Therefore, the claims fail to satisfy the requirements of § 112 ¶¶ 1 and 2.

## VIII.   THE '129 PATENT

### A.      Local Patent Rule 3-3(a):  Identification of Prior Art

At this time, Samsung contends that at least the following prior art references anticipate or render obvious, either alone or in combination, the asserted claims of the '129 Patent:

### 1.      Patent References[24]

| Chart No(s). | Country of Origin | Patent Number | Date of Issue | Priority Date |
|---|---|---|---|---|
| V-1 | US | 4,571,454 | 2/18/1986 | 11/11/1982 |
| V-2 | US | 5,083,118 | 1/21/1992 | 4/16/1990 |
| V-3 | US | 5,113,041 | 5/12/1992 | 12/28/1990 |

[24]  Samsung incorporates by reference all prior art references cited in the patents listed herein and/or their file histories.