# EXHIBIT 3

```
                                                          Page 1
 1               UNITED STATES DISTRICT COURT
 2             NORTHERN DISTRICT OF CALIFORNIA
 3                   SAN JOSE DIVISION
 4   APPLE INC., a California          )
     corporation,                      )
 5                                     )
                   Plaintiff,          )
 6                                     )
          vs.                          )  No: 11-CV-01846-LHK
 7                                     )
     SAMSUNG ELECTRONICS CO., LTD,     )
 8   a Korean business entity;         )
     SAMSUNG ELECTRONICS AMERICA,      )
 9   INC., a New York corporation;     )
     SAMSUNG TELECOMMUNICATIONS        )
10   AMERICA, LLC, a Delaware          )
     limited liability company         )
11                                     )
                   Defendants.         )
12   _____)
13
14      **HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**
15
16             DEPOSITION OF FREDDY ANZURES
17              Redwood Shores, California
18              Tuesday, October 18, 2011
19
20
21
22
23   Reported By:
24   LINDA VACCAREZZA, RPR, CLR, CRP, CSR. NO. 10201
25   JOB NO. 42857
```

Highly Confidential Attorneys' Eyes Only

Page 2

1

2

3

4                    October 18, 2011

5                    10:11 a.m.

6

7

8        Videotaped deposition of FREDDY

9    ANZURES, held at Quinn Emanuel Urquhart

10   & Sullivan, LLP, 555 Twin Dolphin

11   Drive, Suite 500, Redwood Shores,

12   California, pursuant to Subpoena before

13   Linda Vaccarezza, a Certified Shorthand

14   Reporter of the State of California.

15

16

17

18

19

20

21

22

23

24

25

Highly Confidential Attorneys' Eyes Only

1          A P P E A R A N C E S:

2                  QUINN EMANUEL URQUHART & SULLIVAN

3                  Attorneys for Defendants

4                       865 South Figueroa Street

5                       Los Angeles, California 90017

6                  BY:   MICHAEL T. ZELLER, ESQ.

7                        BRETT ARNOLD, ESQ.

8

9

10

11                 MORRISON & FOERSTER

12                 Attorneys for Plaintiff

13                      425 Market Street

14                      San Francisco, California 94105

15                 BY:   ANDREW E. MONACH, ESQ.

16

17

18

19

20

21

22

23    Videographer:   Jason Kocol

24

25

Highly Confidential Attorneys' Eyes Only

Page 104

1          Q.     That, I think, is probably the

2    easier way of approaching this.

3                So you don't know one way or the

4    other whether Mr. Chaudhri also believed that a

5    reason for the empty space was for users to put

6    their own icons into it?  That's something you

7    don't know one way or the other?

8          A.     I don't know that.

9          Q.     Do you know one way or the other

10   whether having that empty space between the third

11   row of the icons and the dock made the design,

12   that's shown here in Exhibit 305, different or

13   new or original when compared to other designs

14   that were already in existence at the time?

15              MR. MONACH:  Objection.  Vague,

16          lack of foundation.

17              THE WITNESS:  I wasn't aware of

18          any other designs in existence at the

19          time.

20         Q.     You don't know one way or the

21   other, right?

22         A.     No.

23         Q.     Just so we have a clear record,

24   you agree with me you don't know one way or the

25   other, right?

Highly Confidential Attorneys' Eyes Only

Page 105

1        A.        I don't know one way or the other.

2        Q.        And whether there was something

3    new or different or original about having that

4    missing space, is something that you would defer

5    to Mr. Chaudhri on?

6                  MR. MONACH:   Objection.  Lack of

7            foundation, calls for speculation about

8            what Mr. Chaudhri would know or didn't

9            know.

10                 THE WITNESS:   I don't know what he

11           knows.

12       Q.        Do you think he would know, better

13   than you do, whether or not there was something

14   new or original about having missing space as

15   part of the design?

16                 MR. MONACH:   Objection.  Lack of

17           foundation, vague and calls for

18           speculation.

19                 THE WITNESS:   I wouldn't know if

20           he would know.

21       Q.        Was the particular design that's

22   shown here in the '305 design patent ever

23   actually used by Apple on any product or

24   packaging?

25                 MR. MONACH:   Objection.  Lack of

Highly Confidential Attorneys' Eyes Only

Page 106

1          foundation, vague.

2                    THE WITNESS:  I don't know.

3          Q.    Do you have any knowledge or

4    information as to when was the last time Apple

5    ever used the design that's shown here on the

6    '305 design patent on any device or any

7    packaging?

8                    MR. MONACH:  Objection to the

9          extent it calls for a legal conclusion.

10         Outside the scope.  Objection.  Lack of

11         foundation.

12                   THE WITNESS:  I don't recall the

13         time.

14         Q.    Is the design that's shown here in

15   the '305 design patent still being used on any

16   Apple devices today?

17                   MR. MONACH:  Objection.  Lack of

18         foundation.  Object to the extent it

19         calls for a legal conclusion.

20                   THE WITNESS:  I don't know.

21         Q.    Let's please mark as Exhibit 665 a

22   multi-page document bearing Bates numbers

23   APLNDC0000092277 through '2282.  The top of the

24   first page is an e-mail from the witness dated

25   December 3rd, 2007.

Highly Confidential Attorneys' Eyes Only

1          (Exhibit 665, E-mail dated

2       December 3, 2007, marked for

3       identification.)

4       Q.    Please let me know when you've had

5  a chance to look at Exhibit 665?

6          MR. MONACH:  This exhibit is

7       marked "Highly Confidential.  Attorneys'

8       Eyes Only."  Some of the other testimony

9       may have been about confidential or

10      highly confidential design issues.

11          So pursuant to the protective

12      order, we'll designate the entire

13      transcript as "Highly Confidential AEO"

14      and then redesignate later within the

15      appropriate time frame.

16          (Testimony marked as

17      requested.)

18          THE WITNESS:  Okay.

19      Q.    First, do you recognize Exhibit

20  665 as an e-mail exchange that you had with

21  others there at Apple in the December of 2007

22  time period?

23      A.    Yes.

24      Q.    Direct your attention to the last

25  page of Exhibit 665, which is the number ending