# EXHIBIT 9

Confidential Attorneys' Eyes Only

Page 1

1              UNITED STATES DISTRICT COURT
2             NORTHERN DISTRICT OF CALIFORNIA
3                   SAN JOSE DIVISION
4  APPLE INC., a California corporation,
5
6            Plaintiff,
7  vs.                         Case No. 11-CV-01846-LHK
8  SAMSUNG ELECTRONICS CO., LTD.,
   a Korean business entity;
9  SAMSUNG ELECTRONICS AMERICA,
   INC., a New York corporation;
10 SAMSUNG TELECOMMUNICATIONS
   AMERICA, LLC, a Delaware
11 limited liability company,
12           Defendants.
   ----------------------------------/
13
14
15
16                  CONFIDENTIAL
17              ATTORNEYS' EYES ONLY
18
19       VIDEOTAPED DEPOSITION OF DUNCAN KERR
            Redwood Shores, California
20          Wednesday, October 26, 2011
21
22 Reported by:
   LORRIE L. MARCHANT, CSR No. 10523
23 RPR, CRR, CCRR, CLR
24 JOB NO. 42863
25

Confidential Attorneys' Eyes Only

Page 2

1         October 26, 2011

2           10:09 a.m.

3

4    Videotaped Deposition of DUNCAN KERR,

5    held at the offices of Quinn Emanuel

6    Urquhart & Sullivan, LLP, 555 Twin

7    Dolphin Drive, Suite 500, Redwood

8    Shores, California, before Lorrie L.

9    Marchant, a Certified Shorthand

10   Reporter, Registered Professional

11   Reporter, Certified Realtime Reporter,

12   California Certified Realtime Reporter

13   and Certified LiveNote Reporter.

14

15

16

17

18

19

20

21

22

23

24

25

Confidential Attorneys' Eyes Only

Page 3

```
 1              A P P E A R A N C E S:
 2   FOR THE PLAINTIFF APPLE INC.:
 3       MORRISON & FOERSTER
         BY:   ANDREW E. MONACH, ESQ.
 4       425 Market Street
         San Francisco, California 94105
 5
 6
 7   FOR THE DEFENDANTS SAMSUNG:
 8       QUINN EMANUEL URQUHART & SULLIVAN
         BY:   MARGRET CARUSO, ESQ.
 9             SCOTT HALL, ESQ.
         555 Twin Dolphin Drive
10       Redwood Shores, California 94065
11
12
13   ALSO PRESENT:
14       Tom Vigdal, Apple Litigation Counsel
15       Nick Kasimatis, Videographer
16                    ---oOo---
17
18
19
20
21
22
23
24
25
```

Confidential Attorneys' Eyes Only

Page 13

1    504,889, and you are identified as an inventor on
2    that design patent.
3           Do you see that?
4       A.   Yes, I do.
5       Q.   Do you have any understanding of what the
6    design reflected in Design Patent '889 reflects?
7           MR. MONACH:  Objection.  Vague and
8    ambiguous.  Objection.  Calls for a legal conclusion
9    from a nonlawyer witness.
10          THE WITNESS:  An electronic device.
11          BY MS. CARUSO:
12      Q.   Is it an electronic device that you
13   invented?
14          MR. MONACH:  Object to the extent it calls
15   for a legal conclusion.
16          But you can give your understanding of
17   whether you participated or not.
18          THE WITNESS:  So as a design team, we
19   collaborate completely on all the projects that we
20   work on.  So if this is a -- a record of something
21   that we created, then, yes, I contributed to that.
22          BY MS. CARUSO:
23      Q.   Do you have any understanding of whether
24   this is a record of something you created?
25          MR. MONACH:  Objection.  Vague.

Page 14

1  THE WITNESS: I understand it is a patent
2  document, yes.
3  BY MS. CARUSO:
4  Q. Did you create a product that looks like
5  what's in -- described in Design Patent '889?
6  MR. MONACH: Objection. Vague with respect
7  to "product." Vague with respect to "like." And I
8  object to the extent it calls for a legal conclusion
9  about the scope of the patent.
10  THE WITNESS: Again, I'm a designer. I'm
11  not a patent attorney. I don't know fully how to --
12  I don't know how to interpret these -- these
13  drawings.
14  BY MS. CARUSO:
15  Q. Are you aware of any product that Apple has
16  released that these drawings show the design of?
17  MR. MONACH: Same objection. Object to the
18  extent it calls for a legal conclusion. Lack of
19  foundation.
20  THE WITNESS: One more time.
21  BY MS. CARUSO:
22  Q. Are you aware of any products that Apple
23  has released that has the design reflected in these
24  drawings of D'889?
25  MR. MONACH: Same objection.

Confidential Attorneys' Eyes Only

Page 15

1    THE WITNESS:  What do you mean by "has the
2    design"?
3            BY MS. CARUSO:
4    Q.   Looking at the D'889, is there any product
5    that you are aware of that you created that bears
6    any resemblance to the drawings in the D'889?
7            MR. MONACH:  Same objection.  Vague.
8            THE WITNESS:  I'd have to understand what
9    these drawings represent to be able to answer that
10   question.
11           BY MS. CARUSO:
12   Q.   And you have no understanding of what these
13   drawings represent?
14           MR. MONACH:  Object to the form of the
15   question.
16           THE WITNESS:  I could make a professional
17   interpretation.
18           BY MS. CARUSO:
19   Q.   What is that profession interpretation?
20   A.   A handheld device, electronic device.  It's
21   a scale beyond this drawing, which is pretty
22   ambiguous.
23   Q.   And when you say "this drawing," you're
24   referring to Figure 9?
25   A.   Yes.

Confidential Attorneys' Eyes Only

Page 16

1  Q. Can you be any more specific than an
2  electronic device?
3  A. Well, my professional interpretation would
4  be there is a screen on this device. The user is
5  looking at the screen and touching the screen.
6  Q. Do you -- at some point in your time with
7  Apple, did you work on the design for a tablet?
8  A. Yes, I did.
9  Q. When was that?
10  A. I don't recall.
11  Q. If you wanted to understand what time that
12  was, what would you do to figure that out?
13      MR. MONACH: Objection. Lack of
14  foundation. Calls for speculation.
15      THE WITNESS: Going through documents.
16      BY MS. CARUSO:
17  Q. What kind of documents?
18  A. E-mail. Drawings.
19  Q. When you say "e-mail," what e-mail are you
20  referring to?
21      MR. MONACH: Objection. Vague. Lack of
22  foundation.
23      THE WITNESS: I would search through my
24  e-mail for anything that was relevant.
25

1        BY MS. CARUSO:
2    Q.   Do you have any understanding of what the
3 sort of interior line that goes within the outline
4 of the front surface represents?
5        MR. MONACH:  Same objection.  Vague.
6        THE WITNESS:  So this dot -- this dotted
7 line (indicating)?
8        BY MS. CARUSO:
9    Q.   Yes.
10       MR. MONACH:  Same objection.  Lack of
11 foundation.  And calls for a legal conclusion.
12       THE WITNESS:  Again, as a designer, I would
13 be interpreting this patent drawing, which I would
14 understand that drawing to mean something for a
15 patent attorney.  I would be making an
16 interpretation of it as a designer.
17       BY MS. CARUSO:
18   Q.   Do you have any understanding of what it
19 represents?
20       MR. MONACH:  Objection.  Lack of
21 foundation.  Calls for a legal conclusion.
22       Continuing instruction not to reveal any
23 attorney-client communications, if you had them.
24       THE WITNESS:  It could be a number of
25 things.

Page 27

1    BY MS. CARUSO:
2    Q.   Which are?
3         MR. MONACH:  Same objection.
4         THE WITNESS:  Making the assumption that
5    this -- has a display visible from the front
6    surface, it could be the edge of the active area of
7    the display.
8         If this were a -- a display which had touch
9    sensing on it, it could be a demarcation of what's
10   active and what's inactive from a touch perspective.
11   It could be -- it could be some -- a design detail
12   on the front surface.
13        It could be -- presuming, again, that this
14   is a reflective material which is transparent, there
15   could be some detail on the back side of that
16   surface.  It could be some component inside the
17   assembly, behind the transparent surface.
18        BY MS. CARUSO:
19   Q.   In Figure 2, on the right-hand side of the
20   drawing, what looks to be the side edge of the
21   device tapers towards the rear of the drawing.
22        Do you see that?
23   A.   You mean --
24        MR. MONACH:  Objection.
25

Confidential Attorneys' Eyes Only

1  BY MS. CARUSO:
2  Q.   Yes.
3       MR. MONACH:  Assumes facts not in evidence.
4  Objection to the extent it calls for a legal
5  conclusion.
6       THE WITNESS:  I see that tapering, yes.
7       BY MS. CARUSO:
8  Q.   Do you have an understanding of what that
9  tapering represents?
10      MR. MONACH:  Objection.  Vague.  Object to
11 the extent it calls for a legal conclusion.
12      THE WITNESS:  Again, I'm a designer, not a
13 patent attorney.  I don't understand the -- the
14 constraints or the -- what the goals of a patent
15 attorney drawing -- patent drawing are.
16      My design interpretation of that could be a
17 number of things.
18      BY MS. CARUSO:
19 Q.   Which are?
20      MR. MONACH:  Same objection.
21      THE WITNESS:  It could be an attempt at a
22 perspective representation of this object.  It could
23 be that the shape of the -- the object, actually the
24 thickness of it, changes from one corner to the
25 other corner.  It could be a combination of those.

Confidential Attorneys' Eyes Only

Page 29

1        BY MS. CARUSO:
2    Q.   Do you recall creating a product at Apple
3  in which the thickness of a handheld tablet device
4  changed from one corner to the next?
5    A.   I don't recall.
6    Q.   Focusing on the upper right corner of
7  Figure 2, that tapering portion that we were
8  referring to earlier doesn't appear to go all the
9  way to the top edge of the product.
10       Do you see that?
11       MR. MONACH:  Objection.  Assumes facts not
12  in evidence.  Object to the extent it asks for a
13  legal conclusion from the witness.
14       THE WITNESS:  Again, it's difficult for me
15  to interpret this patent drawing.  I'm not an expert
16  on what lines on the patent drawing are supposed to
17  represent.
18       BY MS. CARUSO:
19    Q.   I'm not -- as a designer, how would you
20  interpret this drawing if someone presented it to
21  you?
22       MR. MONACH:  Objection.  Vague.  Incomplete
23  hypothetical.  Object to the extent it calls for a
24  legal conclusion since it's a patent drawing.
25       THE WITNESS:  I find it ambiguous from a

1   design perspective.

2           BY MS. CARUSO:

3       Q.  Why do you find it ambiguous?

4       A.  I don't know what the lines represented in

5   the drawing -- what they represent relative to a

6   three-dimensional object.

7       Q.  Going back to Kerr Exhibit 1036, if you

8   could turn to page 10223.

9           I'll represent to you this is a copy of a

10  photograph that Apple produced in connection with an

11  application for the D -- what became the D'889

12  patent.

13          Do you recognize what it's a photograph of?

14      A.  I see a very blurry image.  I -- I find

15  this almost impossible to interpret.

16      Q.  There appears to be a corner -- well, I'll

17  just mark it on here and note this on the record.

18          I'm going to ask you about this black line

19  within this white section here (indicating), which

20  we'll just note as Point A.  And it would

21  continue -- sort of all of this black line would

22  also be part of what I'm referring to as A.

23          Do you see that black line within the white

24  border?

25          MR. MONACH:  Object to the characterization

Confidential Attorneys' Eyes Only

Page 31

1  of the drawing -- or, I'm sorry, characterization of
2  the photograph.
3          THE WITNESS:  It's a very poor quality
4  image.  I see gray zones, white zones, darker zones,
5  no clear edges.  I mean, broadly, I think I follow
6  your -- but it's a very poor representation.
7          BY MS. CARUSO:
8     Q.   Unfortunately, this is what we have to work
9  with.
10         What is pointed out on the exhibit now
11 marked as Exhibit A of Kerr 1036, do you have an
12 understanding of what that darker area might be?
13         MR. MONACH:  Objection.  Lack of
14 foundation.  Calls for speculation.
15         THE WITNESS:  I don't know how to interpret
16 this image.  If you have the original photograph, I
17 might be able to do better.
18         MS. CARUSO:  Mr. Monach, did you bring with
19 you the original photograph?
20         MR. MONACH:  I don't have any original
21 photographs of anything.
22         MS. CARUSO:  Did you bring any of the
23 mockups that we requested?
24         MR. MONACH:  The two mockups that you have
25 requested in previous depositions I believe are in