# EXHIBIT 10

Confidential - Attorneys' Eyes Only

Page 1

1              UNITED STATES DISTRICT COURT
2             NORTHERN DISTRICT OF CALIFORNIA
3                  SAN JOSE DIVISION
4

5    APPLE INC., a California        )
     corporation,                    )
6                                    )
                  Plaintiff,         )
7      vs.                           ) NO. 11-CV-01846-LHK
                                     )
8    SAMSUNG ELECTRONICS CO.,        )
     LTD., a Korean business         )
9    entity; SAMSUNG ELECTRONICS     )
     AMERICA, INC., a New York       )
10   corporation; SAMSUNG            )
     TELECOMMUNICATIONS AMERICA,     )
11   LLC, a Delaware limited         )
     liability company,              )
12                                   )
                  Defendants.        )
13   ---------------------------
14
15
                        ***
16          CONFIDENTIAL - ATTORNEYS' EYES ONLY
                        ***
17
18      VIDEOTAPED DEPOSITION OF MATTHEW ROHRBACH
19            SAN FRANCISCO, CALIFORNIA
20             MONDAY, OCTOBER 24, 2011
21
22
23
24      Reported By:
        Yvonne Fennelly, CCRR, CSR No. 5495
25      JOB NO. 43006

Confidential - Attorneys' Eyes Only

1           October 24, 2011

2             10:13 A.M.

3

4       Videotaped Deposition of MATTHEW ROHRBACH,

5   held at the offices of QUINN EMANUEL, 50

6   California Street, San Francisco, California,

7   pursuant to Notice, before Yvonne Fennelly,

8   CCRR, CSR 5495.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Confidential - Attorneys' Eyes Only

1  A P P E A R A N C E S

2

3      MORRISON & FOERSTER

4      Attorneys for APPLE INC.:

5           425 Market Street

6           34th Floor

7           San Francisco, California 94105

8      BY:   JENNIFER LEE TAYLOR, Esq.

9

10

11

12

13

14      APPLE

15      Attorneys for APPLE INC.:

16           1 Infinity Loop, MS 36-3NYJ

17           Cupertino, California  95014

18      BY:   ERICA TIERNEY, IP Litigation Counsel

19

20

21

22

23

24

25

Confidential - Attorneys' Eyes Only

Page 4

1    APPEARANCES (Continued):

2

3         QUINN EMANUEL URQUHART & SULLIVAN

4         Attorneys for Defendant

5              SAMSUNG ELECTRONICS CO. LTD:

6              555 Twin Dolphin Drive

7              Redwood Shores, California 94065

8         BY:   SCOTT HALL, Esq.

9

10

11

12

13        QUINN EMANUEL URQUHART & SULLIVAN

14        Attorneys for Defendant

15             865 South Figueroa Street

16             10th Floor

17             Los Angeles, California  90017

18        BY:   MICHAEL ZELLER, Esq.

19

20

21

22   VIDEOGRAPHER:

23             Alan Dias

24

25

Confidential - Attorneys' Eyes Only

Page 98

1  document is trying to get across.

2  BY MR. ZELLER:

3      Q.    And when you say "the document,"

4  you're talking about the drawings and the other

5  information here in the '889 design patent?

6      A.    Correct.

7      Q.    Is that saying because you don't have

8  an understanding of what's being shown here?

9      A.    I was familiar with the design at the

10 time, but I don't know what the document is

11 trying to communicate.

12     Q.    Well, as you sit here now, based on

13 everything that you know, do you have any

14 knowledge or understanding as to what, if

15 anything, was inventive about the design shown

16 here in the '889 design patent?

17            MS. TAYLOR:  Calls for a legal

18 conclusion, and lacks foundation, and it calls

19 for speculation.

20            THE WITNESS:  No, I don't know what

21 the document is trying to communicate.

22 BY MR. ZELLER:

23     Q.    Based on all the information that you

24 have available to you, was there anything about

25 the shape that you consider to be new or

Confidential - Attorneys' Eyes Only

Page 99

1  inventive as of the time that this invention was

2  created?

3              MS. TAYLOR:  Objection; it calls for

4  a legal conclusion, and lacks foundation.

5              THE WITNESS:  I don't know.

6  BY MR. ZELLER:

7       Q.    Directing your attention to Figure 1

8  of the '889 design patent, you'll see that this

9  is an angled front view of the design.

10             Do you see that?

11      A.    I think so.  Figure 1.

12      Q.    And you'll see that there is an

13 interior rectangular shape on the front surface.

14             Do you see that?

15      A.    Yes.

16      Q.    Are those dotted lines or dash lines?

17             MS. TAYLOR:  The document speaks for

18 itself, and it lacks foundation.

19             THE WITNESS:  I don't know.

20 BY MR. ZELLER:

21      Q.    Does that set of rectangular lines

22 that runs on the interior of the front depict

23 anything?

24             MS. TAYLOR:  Calls for speculation,

25 and calls for a legal conclusion.

Confidential - Attorneys' Eyes Only

Page 100

1          THE WITNESS:  I don't know.

2   BY MR. ZELLER:

3      Q.    Does that interior rectangular line

4   indicate the difference between the active area

5   of the display screen and the nonactive area?

6          MS. TAYLOR:  Calls for speculation,

7   and it calls for a legal conclusion.

8          THE WITNESS:  I don't know.

9   BY MR. ZELLER:

10     Q.    Do you have any knowledge or

11  information as to what that interior rectangular

12  line depicts?

13         MS. TAYLOR:  Same objections.

14         THE WITNESS:  I would be guessing.

15  BY MR. ZELLER:

16     Q.    And why is it you can't ascertain

17  that?  Is there not enough information in the

18  drawings here to tell you?

19     A.    I don't understand the language of

20  the patent drawing.

21     Q.    Well, I'm not asking you to

22  understand -- I'm not asking about the language

23  of patent drawings.  I'm asking you as an

24  inventor, your understanding of this design

25  patent.

Confidential - Attorneys' Eyes Only

1          Do you understand that?

2     A.    Do I understand that you're asking me

3  as an inventor listed on this document?

4     Q.    Right.

5     A.    Yes.

6     Q.    Directing your attention to Figure 1,

7  you'll see that in certain parts of the

8  perimeter, of the front, there is a darker line

9  that runs on that perimeter.

10          Do you see that?

11    A.    I think so.

12    Q.    And so that there's no doubt about

13 this, you can see it most clearly as it runs on

14 this bottom portion of the drawing.

15          Do you see that part right there?

16    A.    Okay.

17    Q.    And this is Figure 1 we're talking

18 about.

19    A.    Yes.

20    Q.    Do you know what that darker line

21 depicts?

22    A.    No.

23    Q.    Do you have any knowledge or

24 information as to what that darker line depicts?

25          MS. TAYLOR:  Calls for speculation,

Confidential - Attorneys' Eyes Only

Page 102

1   lacks foundation.

2           THE WITNESS:  No.

3   BY MR. ZELLER:

4       Q.    Does that darker area depict the

5   ventilation area that we talked about earlier

6   for the tablet?

7           MS. TAYLOR:  Same objections.

8           THE WITNESS:  I don't know.

9   BY MR. ZELLER:

10      Q.    It might, might not, you don't know

11  one way or another?

12          MS. TAYLOR:  Mischaracterizes his

13  testimony.

14          THE WITNESS:  I don't know what that

15  line depicts.

16  BY MR. ZELLER:

17      Q.    Right.

18          So it might depict the ventilation

19  area, it might not, you don't know, you don't

20  have an understanding; right?

21          MS. TAYLOR:  Mischaracterizes his

22  testimony, asked and answered.

23          THE WITNESS:  Yeah, I don't know what

24  that line depicts.

25  ///

Confidential - Attorneys' Eyes Only

1  BY MR. ZELLER:

2      Q.   Well, is it the ventilation area?

3          MS. TAYLOR:  Asked and answered,

4  calls for speculation.

5          THE WITNESS:  I don't know.

6  BY MR. ZELLER:

7      Q.   Are you denying that that's the

8  ventilation area?

9          MS. TAYLOR:  Mischaracterizes his

10  testimony, and unduly argumentative.  Also calls

11  for a legal conclusion.

12          THE WITNESS:  I don't know what that

13  line depicts.

14  BY MR. ZELLER:

15      Q.   You don't know one way or another;

16  right?

17          MS. TAYLOR:  Asked and answered, and

18  now you're harassing the witness.

19          THE WITNESS:  I don't know what it

20  depicts.

21  BY MR. ZELLER:

22      Q.   Can you tell me one way or another

23  whether it depicts the ventilation area?  Yes or

24  no?

25          MS. TAYLOR:  Asked and answered,

Confidential - Attorneys' Eyes Only

Page 112

1    and just hold that part of it up for the video

2    camera so we'll have a clear record.

3           And you're pointing to an area where

4    there are four connectors, more or less, next to

5    one another on one of the sides of the mockups?

6       A.    Yes.

7       Q.    And you do not see those connectors

8    as depicted on the mockup in Exhibit 841?

9           MS. TAYLOR:  Do you want to take a

10   lunch break before or after you get into other

11   documents?

12          THE WITNESS:  Correct.

13          MS. TAYLOR:  It's almost 1:00.

14          MR. ZELLER:  Yeah, we can do that.

15          MS. TAYLOR:  Okay.

16          THE VIDEOGRAPHER:  We are off the

17   record at twelve- --

18          MS. TAYLOR:  Are you done with this

19   one?

20          MR. ZELLER:  We're going off.

21          THE VIDEOGRAPHER:  We're off the

22   record at 12:49.

23          (Luncheon recess taken at 12:49 p.m.)

24                  ---oOo---

25

Confidential - Attorneys' Eyes Only

Page 113

1        SAN FRANCISCO, CALIFORNIA; OCTOBER 24, 2011

2                       2:10 p.m.

3                   EXAMINATION (Resumed)

4            THE VIDEOGRAPHER:  We are back on the

5    record at 2:10 p.m.  You may proceed.

6    BY MR. ZELLER:

7        Q.    Directing your attention to the '889

8    design patent.

9        A.    Okay.

10        Q.    This is what we previously marked as

11    Exhibit 8.

12            What did you, yourself, contribute to

13    this design that's shown in the '889 design

14    patent?

15            MS. TAYLOR:  Lacks foundation, and

16    vague and ambiguous, calls for a legal

17    conclusion.

18            THE WITNESS:  I don't recall.

19    BY MR. ZELLER:

20        Q.    Did you contribute anything to it?

21        A.    Yes, I believe so.

22        Q.    Please tell me what that was.

23            MS. TAYLOR:  Well, one, it's vague

24    and ambiguous, calls for a legal conclusion, and

25    it's been asked and answered.

Confidential - Attorneys' Eyes Only

Page 114

1          THE WITNESS:  I don't recall.

2   BY MR. ZELLER:

3       Q.    If you don't recall, then how do you

4   recall if you contributed anything?

5          MS. TAYLOR:  Objection; that's overly

6   argumentative.

7          You can answer, if you can.

8          Calls for a legal conclusion as well.

9          THE WITNESS:  I was there through the

10  process.

11  BY MR. ZELLER:

12      Q.    Well, you participated in the

13  process, but my question is:  Is did you

14  contribute something to this design?

15         MS. TAYLOR:  Asked and answered,

16  calls for a legal conclusion, lacks foundation.

17         THE WITNESS:  I don't recall exactly

18  what.

19  BY MR. ZELLER:

20      Q.    What, generally, did you contribute?

21         MS. TAYLOR:  Asked and answered,

22  calls for a legal conclusion, asked -- lacks

23  foundation.

24         THE WITNESS:  I don't know.

25  ///

Confidential - Attorneys' Eyes Only

1   BY MR. ZELLER:

2       Q.    Is there anything you can point to

3   whether it -- in the most general terms, that

4   you, yourself, contributed to this design that's

5   shown here in the '889 design patent?

6           MS. TAYLOR:  Calls for a legal

7   conclusion, lacks foundation.

8           THE WITNESS:  No.

9   BY MR. ZELLER:

10      Q.    Can you tell me what any of the other

11  named inventors contributed to this design

12  that's shown here in the '889 patent?

13          MS. TAYLOR:  Calls for a legal

14  conclusion, lacks foundation, calls for

15  speculation.

16          THE WITNESS:  No.

17  BY MR. ZELLER:

18      Q.    Is the design that's shown here in

19  the '889 design patent the design of the iPad?

20          MS. TAYLOR:  Calls for a legal

21  conclusion, also lacks foundation, calls for

22  speculation, it's vague and ambiguous.

23          THE WITNESS:  I don't know.

24  BY MR. ZELLER:

25      Q.    Is the design that's shown here in

Confidential - Attorneys' Eyes Only

Page 116

1    the '889 design patent the iPad 2 design?

2              MS. TAYLOR:  Same objections; legal

3    conclusion, speculation, lacks foundation, vague

4    and ambiguous.

5              THE WITNESS:  I don't know.

6    BY MR. ZELLER:

7         Q.    Did Apple ever manufacture or produce

8    a product that looks like the design that's

9    shown here in the '889 design patent?

10             MS. TAYLOR:  It's vague and

11   ambiguous, calls for speculation, lacks

12   foundation.

13             THE WITNESS:  I don't know.

14   BY MR. ZELLER:

15        Q.    I'm going to show you what was

16   previously marked as Exhibit 6, which is a copy

17   of United States Design Patent 593,087.

18             And please let me know when you've

19   had a chance to look at the '087 design patent.

20        A.    Okay.

21             Okay.

22        Q.    Prior to the time that you became

23   aware that there was a dispute between Samsung

24   and Apple, did you see the '087 design patent?

25        A.    Don't recall.

Confidential - Attorneys' Eyes Only

1     Q.    You'll see that you're named as an

2    inventor on the '087 design patent.

3     A.    Yes.

4     Q.    Please tell me, as an inventor on the

5    '087 design patent, what was new or original

6    about the design that's shown here on this

7    patent --

8           MS. TAYLOR:  Calls for --

9    BY MR. ZELLER:

10     Q.    -- as of the time that it was

11    invented?

12           MS. TAYLOR:  Calls for a legal

13    conclusion, calls for speculation, lacks

14    foundation, it's vague and ambiguous.

15           THE WITNESS:  I don't know.

16    BY MR. ZELLER:

17     Q.    How was the design shown in the '087

18    design patent different, in any way, from

19    designs that were already in existence for

20    electronic devices as of the time that the '087

21    design was invented?

22           MS. TAYLOR:  Calls for a legal

23    conclusion, calls for speculation, lacks

24    foundation, vague and ambiguous, and compound.

25           THE WITNESS:  I don't know.

Confidential - Attorneys' Eyes Only

Page 118

1  BY MR. ZELLER:

2      Q.    What did you contribute to the design

3  that's shown here in the '087 design patent?

4          MS. TAYLOR:  Calls for a legal

5  conclusion, lacks foundation, calls for

6  speculation, vague and ambiguous.

7          THE WITNESS:  I don't know.

8  BY MR. ZELLER:

9      Q.    Did you, in fact, contribute anything

10 to the design that's shown here in the '087

11 design patent?  And I'm talking about you

12 personally.

13         MS. TAYLOR:  Calls for a legal

14 conclusion, speculation, lacks foundation, vague

15 and ambiguous.

16         THE WITNESS:  Yes.

17 BY MR. ZELLER:

18     Q.    And please tell me the full basis for

19 your statement.

20         MS. TAYLOR:  Calls for a legal

21 conclusion, calls for speculation, lacks

22 foundation, vague and ambiguous.

23         THE WITNESS:  I was involved in

24 meetings with these people to talk about this

25 product and work on the design of it.

Confidential - Attorneys' Eyes Only

Page 119

1    BY MR. ZELLER:

2        Q.     Anything else?

3               MS. TAYLOR:   Same objections.

4               THE WITNESS:   No.

5    BY MR. ZELLER:

6        Q.     All right.

7               Can you tell me what any of the other

8    named inventors here on the '087 design patent

9    contributed to this design?

10              MS. TAYLOR:   Same objections, legal

11   conclusion, speculation, lacks foundation, vague

12   and ambiguous.

13              THE WITNESS:   No.

14   BY MR. ZELLER:

15       Q.     I'm going to show you what was

16   previously marked as Exhibit 7, which is a copy

17   of United States Design Patent 618,677.

18              Please let me know when you've had a

19   chance to review the '677 design patent.

20       A.     Okay.

21       Q.     Prior to the time that you first

22   became aware that there was litigation or any

23   kind of dispute between Apple and Samsung, had

24   you seen the '677 design patent?

25       A.     I don't recall.

Confidential - Attorneys' Eyes Only

1      Q.    You'll see that you are named as an

2  inventor on this document.

3      A.    Yes.

4      Q.    What was new or original about this

5  design as of the time that the design that's

6  shown here in the '677 was invented?

7          MS. TAYLOR:  Calls for a legal

8  conclusion, speculation, lacks foundation, vague

9  and ambiguous.

10         THE WITNESS:  I don't know.

11  BY MR. ZELLER:

12      Q.    Was there anything new or original

13  about it?

14         MS. TAYLOR:  Same objections; legal

15  conclusion, speculation, lacks foundation, vague

16  and ambiguous.

17         THE WITNESS:  I don't know.

18  BY MR. ZELLER:

19      Q.    How -- well, let me ask this:  Is the

20  design that's shown in the '677 design patent

21  different, in any way, from the designs that

22  were already known as of the time that the '677

23  design was invented?

24         MS. TAYLOR:  Calls for speculation,

25  and a legal conclusion, lacks foundation, vague

Confidential - Attorneys' Eyes Only

Page 121

1    and ambiguous, and compound.

2            THE WITNESS:  I don't know.

3    BY MR. ZELLER:

4        Q.    What did you contribute to the design

5    that's shown here in the '677 design patent?

6            MS. TAYLOR:  Calls for a legal

7    conclusion and speculation, lacks foundation,

8    vague and ambiguous.

9            THE WITNESS:  I don't recall.

10   BY MR. ZELLER:

11       Q.    Did you contribute anything?

12           MS. TAYLOR:  Same objections.

13           THE WITNESS:  Yes.

14   BY MR. ZELLER:

15       Q.    What did you contribute?

16           MS. TAYLOR:  Same objections; legal

17   conclusion, speculation, lacks foundation, vague

18   and ambiguous.

19           THE WITNESS:  I don't recall.

20   BY MR. ZELLER:

21       Q.    Well, please tell me your full basis

22   for saying that you did contribute to this

23   design that's shown in the '677 design patent.

24           MS. TAYLOR:  Calls for a legal

25   conclusion and speculation, lacks foundation,

Confidential - Attorneys' Eyes Only

Page 122

1    it's vague and ambiguous.

2            THE WITNESS:  I was present in the

3    team meetings that were conducted to work on

4    this project.

5    BY MR. ZELLER:

6        Q.    Anything else?

7        A.    No.

8        Q.    Can you tell me what any of the other

9    named inventors to the '677 design patent

10   contributed to the design?

11           MS. TAYLOR:  Calls for a legal

12   conclusion, speculation, lacks foundation, and

13   it's vague and ambiguous.

14           THE WITNESS:  No.

15   BY MR. ZELLER:

16       Q.    Directing your attention to Figure 17

17   of the '087 design patent.

18       A.    Okay.

19       Q.    Then directing your attention to

20   Figure 3 of the '677 design patent.

21       A.    Okay.

22       Q.    And then also Figure 1 of the '677

23   design patent.

24       A.    Okay.

25       Q.    Comparing the designs shown in those

Confidential - Attorneys' Eyes Only

Page 123

1    figures, can you tell me if the design that's

2    shown in Figure 17 of the '087 design patent is

3    substantially the same or substantially

4    different from the design shown in Figures 1 and

5    3 of the '677 design patent?

6              MS. TAYLOR:  Objection; it's vague

7    and ambiguous, lacks foundation, calls for

8    speculation, may call for a legal conclusion.

9              THE WITNESS:  I can't tell.

10   BY MR. ZELLER:

11        Q.   You don't have any knowledge or

12   understanding on that?

13        A.   Not reading the patent drawings.  I

14   don't have experience understanding the patent

15   drawings.

16        Q.   Based on all the information that you

17   have available to you, and have ever had

18   available to you, do you -- can you tell me

19   whether or not the designs that are shown in the

20   '087 design patent are substantially the same or

21   substantially different than the designs shown

22   in the '677 design patent?

23             MS. TAYLOR:  I'm going to interject

24   here because he says based on all the

25   information you have available to you and have

Confidential - Attorneys' Eyes Only

Page 124

1  ever had available to you, which could include

2  attorney-client privileged communications, so

3  when you're answering, you would not be -- you

4  cannot divulge any attorney-client privileged

5  communications in responding to the question.

6  And then further, I'll object it calls for a

7  legal conclusion, calls for speculation.

8          THE WITNESS:  Can you read back the

9  question, please?

10          (Record read.)

11          MS. TAYLOR:  So it's the same

12  caution, and I'm going to add that's also vague

13  and ambiguous.

14          THE WITNESS:  No, I can't tell if

15  they're the same.

16  BY MR. ZELLER:

17      Q.    What is new or original about the

18  design that's shown in the '677 design patent as

19  compared to what was already disclosed by the

20  '087 design patent?

21          MS. TAYLOR:  Calls for a legal

22  conclusion and speculation, lacks foundation,

23  vague and ambiguous.

24          THE WITNESS:  I don't know.

25  ///

Confidential - Attorneys' Eyes Only

1    BY MR. ZELLER:

2        Q.    Let me show you what was previously

3    marked as Exhibit 751, which is a copy of United

4    States Design Patent 622,70 (sic),

5            I'm also going to give you a copy of

6    what was previously marked as Exhibit 429, which

7    is another copy of the United States Design

8    Patent 622,270, but this one has certain

9    handwritten markings on it.

10       A.    Okay.

11           MS. TAYLOR:  The unmarked one, 751;

12   is that correct?

13           MR. ZELLER:  That's right.

14           THE WITNESS:   Okay.

15   BY MR. ZELLER:

16       Q.    Directing your attention to

17   Exhibit 751.

18       A.    Yes.

19       Q.    Prior to the time you became aware

20   that there was a dispute between Apple and

21   Samsung, had you seen a copy of the '270 design

22   patent?

23       A.    I don't recall.

24       Q.    We'll see you're named as an inventor

25   on this document.