# EXHIBIT 12

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER

Page 1

1              UNITED STATES DISTRICT COURT

2            NORTHERN DISTRICT OF CALIFORNIA

3                 SAN JOSE DIVISION

4                    --oOo--

5    APPLE INC., A CALIFORNIA      )

6    CORPORATION,                  )

7           PLAINTIFF,         ) No.  11-CV-01846-LHK

8       vs.                        )

9    SAMSUNG ELECTRONICS CO.,      )

10   LTD.,  A KOREAN BUSINESS      )

11   ENTITY; SAMSUNG ELECTRONICS )

12   AMERICA, INC., A NEW YORK     )

13   CORPORATION; SAMSUNG          )

14   TELECOMMUNICATIONS AMERICA, )

15   LLC, A DELAWARE LIMITED       )

16   LIABILITY COMPANY,            )

17            DEFENDANTS.          )

18   _____ )

19      VIDEOTAPED DEPOSITION OF RICO ZORKENDORFER

20       CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER

21            Redwood Shores, California

22             Friday, October 21, 2011

23

24   Reported By:
     KATHLEEN WILKINS, CSR #10068, RPR, CRR, CCRR, CLR
25   JOB NO. 42998

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER

Page 2

1

2

3

4

5              Friday, October 21, 2011

6

7

8              Videotaped Deposition of RICO

9    ZORKENDORFER, held at the offices of QUINN, EMANUEL,

10   URQUHART & SULLIVAN, LLP, 555 Twin Dolphin

11   Drive, Suite 560, Redwood Shores, California,

12   pursuant to Agreement before Kathleen A. Wilkins,

13   CSR, RPR, CRR, CCRR, CLR, of the State of

14   California.

15

16

17

18

19

20

21

22

23

24

25

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER

Page 3

1   A P P E A R A N C E S:

2   For APPLE INC.:

3               MORRISON & FOERSTER

4               425 Market Street

5               San Francisco, CA 94105

6               Telephone:  (415) 268-6615

7               E-mail:  jasonbartlett@mofo.com

8               BY:  JASON R. BARTLETT, ESQ.

9

10

11  For SAMSUNG ELECTRONICS CO. LTD.:

12               QUINN EMANUEL URQUHART & SULLIVAN

13               865 South Figueroa Street

14               Los Angeles, California  90017

15               Telephone:  (213) 443-3000

16               E-mail: michaelzeller@quinnemanuel.com

17               BY:  MICHAEL T. ZELLER, ESQ.

18

19

20

21

22

23

24

25

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER

Page 4

1   A P P E A R A N C E S (Continued):

2

3              QUINN EMANUEL URQUHART & SULLIVAN

4              555 Twin Dolphin Drive

5              Redwood Shores, California 94065

6              Telephone:  (650) 801-5000

7              E-mail:  annaneill@quinnemanuel.com

8              BY:  ANNA T. NEILL, ESQ.

9

10  ALSO PRESENT:

11             Tom Vigdal, Apple litigation counsel

12             Jake Krohn, Videographer

13

14

15

16

17

18

19

20

21

22

23

24

25

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER

Page 53

1          MR. BARTLETT:  Same objections.

2          THE WITNESS:  Again, I can't make -- I

3    can't make a judgment on that.

4    BY MR. ZELLER:

5      Q.   Focusing your attention on Figure 1 of the

6    '889 design patent, you'll see on the -- that's an

7    interior rectangular set of -- of lines that appear

8    to be somewhat broken.

9          Do you see that?

10     A.   Which one are you referring to?

11     Q.   This is the rectangular --

12     A.   Yeah.

13     Q.   -- set of lines that run on the interior

14   of the front surface on Figure 1 that appears to be

15   somewhat broken, although it's hard to tell.

16     A.   Mh-hmm.

17     Q.   Do you see that?

18     A.   Yeah.

19     Q.   Do you know what that is?

20          MR. BARTLETT:  Objection.  Calls for a

21   legal conclusion.

22          THE WITNESS:  I don't feel I have the

23   expertise to -- to comment on -- or to speak to the

24   drawing in front of me.

25   BY MR. ZELLER:

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER

Page 54

1        Q.   Well, I'm not asking if you -- if you have

2   an expertise.

3            My question is, do you know or have an

4   understanding as to what this interior rectangular

5   line represents?

6            MR. BARTLETT:  Same objections.

7            THE WITNESS:  I don't.

8   BY MR. ZELLER:

9        Q.   Do you know if that interior rectangular

10  line that we're discussing shown here in Figure 1 is

11  part of the design that's depicted here in the

12  '889 design patent?

13           MR. BARTLETT:  Objection.  Calls for a

14  legal conclusion.  Calls for speculation.

15           THE WITNESS:  I -- I don't know.

16  BY MR. ZELLER:

17       Q.   Are those broken lines?

18           MR. BARTLETT:  Same objection.

19           THE WITNESS:  I'm not sure which lines

20  you're referring to.

21  BY MR. ZELLER:

22       Q.   Again, we're talking about the same lines

23  that we've -- that I've been asking questions about,

24  which are the lines -- rectangular lines that run on

25  the inner portion of the -- of Figure 1.

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER

Page 55

1            MR. BARTLETT:  Same objection.

2            THE WITNESS:  I don't know.

3    BY MR. ZELLER:

4        Q.   If you can please take a look at Figure 2

5    of the '889 design patent.  You'll see that there

6    are those diagonal lines in the interior of that

7    back surface.

8        A.   Yes.

9        Q.   And there are three sets of those diagonal

10   lines?

11       A.   Mh-hmm.

12       Q.   You see that?

13       A.   Yes.

14       Q.   Please take a look at Figure 4.  You'll

15   see that there are no diagonal lines depicted in --

16   in Figure 4?

17       A.   Yes.

18       Q.   Do you know why Figure 2 has those

19   diagonal lines but Figure 4 doesn't?

20           MR. BARTLETT:  Objection.

21           THE WITNESS:  No.

22           MR. BARTLETT:  Calls for -- I do want to

23   caution the witness to give me a chance to interpose

24   my objections before responding.  Thanks.

25           Calls for a legal conclusion.  Calls for

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER

Page 56

1  expert testimony.

2  BY MR. ZELLER:

3      Q.   Do you have an understanding as to why

4  Figure 2 has those diagonal lines that represent a

5  flat surface, but Figure 2 -- excuse me -- Figure 4

6  does not?

7          MR. BARTLETT:  Same objections.

8          THE WITNESS:  No.

9  BY MR. ZELLER:

10     Q.   Does the '889 design patent show a design

11  that has a back surface that is -- that is flat --

12         MR. BARTLETT:  Same objection --

13  BY MR. ZELLER:

14     Q.   -- meaning --

15         MR. BARTLETT:  I'm sorry.  I didn't mean

16  to speak over your question, Counsel, I apologize.

17         Same objections.

18         MR. ZELLER:  Actually, I'll rephrase it.

19     Q.   Does -- does -- by your understanding,

20  from everything you can see here in these drawings

21  in the '889 design patent, does this design show a

22  substantially flat back panel?

23         MR. BARTLETT:  Objection.  Calls for a

24  legal conclusion.  Calls for expert testimony.

25         THE WITNESS:  I -- I can't make a judgment

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER

Page 57

1    based on these drawings.

2    BY MR. ZELLER:

3        Q.   Directing your attention to Figure 6.

4             You'll see on the right portion of

5    Figure 6 -- and this is a profile of a device -- a

6    generally circular shape there.

7             Do you see that?

8        A.   Mh-hmm.  Yes.

9        Q.   What's that depict?

10            MR. BARTLETT:  Objection.  Calls for a

11   legal conclusion.  Calls for expert testimony.

12            THE WITNESS:  I can't -- I can't depict

13   that.  I can't -- yeah.  I don't know.

14   BY MR. ZELLER:

15       Q.   Directing your attention to Figure 9,

16   you'll see that Figure 9 depicts the side of the

17   device as well as part -- the part of the front

18   surface.

19            Do you see that?

20       A.   Yes.

21       Q.   But you'll see that that -- that circular

22   shape that's part of Figure 6 is not shown on the

23   side of Figure 9.

24            Do you see that?

25       A.   Yes, I see that.  Yeah.

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER

Page 58

1    Q.   Do you have an explanation as to why that

2  is?

3    A.   I don't know.  Sorry.

4         MR. BARTLETT:  It's okay.

5         Objection.  Vague.  Also calls for

6  speculation and calls for expert testimony.  Calls

7  for a legal conclusion.

8         THE WITNESS:  I don't know.

9  BY MR. ZELLER:

10    Q.   Is this circular shape we've been

11  discussing that's depicted in Figure 6 part of the

12  claim design of the '889 design patent?

13         MR. BARTLETT:  Calls for a legal

14  conclusion.  Calls for expert testimony.  Calls for

15  speculation.

16         THE WITNESS:  I don't know.

17  BY MR. ZELLER:

18    Q.   Directing your attention to Figure 9,

19  you'll see that it shows the top portion of the

20  device, as it's being held by the individual who's

21  shown here, as somewhat of a wedge shape.

22         Do you see that?

23         MR. BARTLETT:  Objection.  Calls for a

24  legal conclusion.  Calls for expert testimony.

25         THE WITNESS:  I'm sorry.  Wedge -- wedge

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER

Page 90

1      Q.   Do you have -- are you aware of any

2  drawings, whether they are handwritten drawings or

3  sketches or CAD drawings, that depict that groove or

4  gap?

5      A.   I don't remember.

6      Q.   Show you what was previously marked as

7  Exhibit 6, which is United States Design Patent 0 --

8  excuse me -- 593,087.

9      A.   Thank you.

10     Q.   Please let me know when you've had a

11  chance to look at Exhibit 6.

12          Do you recognize this document as United

13  States Design Patent 593,087?

14     A.   Yes.

15     Q.   Did you see this patent prior to the time

16  that you became aware that there was a dispute

17  between Apple and Samsung?

18     A.   I -- I must have, yes.

19     Q.   What is it that is shown in the '087

20  design patent that was new or original?

21          MR. BARTLETT:  Objection.  Calls for

22  expert testimony.  Calls for a legal conclusion.

23          THE WITNESS:  I -- I can't comment on

24  that, or I can't make a judgment on that based on

25  what I see here.

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER

Page 91

1   BY MR. ZELLER:

2        Q.    You don't know?

3        A.    I don't know.

4        Q.    You're named as an inventor on the

5   '087 design patent?

6        A.    Yes.

7        Q.    What is it that you invented that's

8   depicted here in '087?

9             MR. BARTLETT:  Objection.  Calls for a

10  legal conclusion.

11            THE WITNESS:  I don't know.  I can't make

12  a specific -- I can't put out a specific detail.

13  BY MR. ZELLER:

14       Q.    Can you tell us generally?

15            MR. BARTLETT:  Same objection.

16            THE WITNESS:  Well, I am part of the team

17  that came up with the design for the iPhone, so my

18  contribution was as a member of the team.  You know,

19  a variety of ideas and designs and shapes.

20  BY MR. ZELLER:

21       Q.    Can you tell us any more specifically?

22            MR. BARTLETT:  Objection.  Vague.

23            THE WITNESS:  Not really, no.

24  BY MR. ZELLER:

25       Q.    Can you tell us any more specifically as

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER

Page 92

1    to what any of the other named inventors did?

2              MR. BARTLETT:  Objection.  Vague.

3    BY MR. ZELLER:

4         Q.   -- in connection with this design?

5              MR. BARTLETT:  Objection.  Calls for a

6    legal conclusion.  Calls for expert testimony.

7              THE WITNESS:  No.

8    BY MR. ZELLER:

9         Q.   I want to show you what was previously

10   marked as Exhibit 7.  For the record, it is United

11   States Design Patent 617,677.

12             And please let me know when you've had an

13   opportunity to review the '677 design patent.

14             THE WITNESS:  Yes.

15   BY MR. ZELLER:

16        Q.   Prior to the time of your first awareness

17   of a dispute between Samsung and Apple, had you seen

18   the '677 design patent?

19        A.   I must have, yes.

20        Q.   What is it that was new or original about

21   the design that's shown in the '677 design patent?

22             MR. BARTLETT:  Objection.  Calls for a

23   legal conclusion.  Calls for expert testimony.

24   Calls for speculation.

25             THE WITNESS:  I don't know.

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER

1   BY MR. ZELLER:

2       Q.   You're named as an inventor on the

3   '677 design patent?

4       A.   Yes.

5       Q.   What did you invent?

6            MR. BARTLETT:  Same objections.

7            THE WITNESS:  Again, I can't give you any

8   specifics other than I was the team -- part of the

9   team that came up with the original design for --

10  for the iPhone.

11  BY MR. ZELLER:

12      Q.   Are there any portions of what's depicted

13  here in the '677 design patent or any part of it

14  that you can point to and say that that was

15  something you came up with or something that you put

16  down into some kind of fixed form?

17           MR. BARTLETT:  Same objections.

18           THE WITNESS:  Again, I can't.

19  BY MR. ZELLER:

20      Q.   Do you know what it was that you and the

21  team invented here that was different from phone

22  designs that were already in existence?

23           MR. BARTLETT:  Same objections.

24  BY MR. ZELLER:

25      Q.   Or electronic device -- electronic device

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER

Page 94

1    designs that were already in existence?

2              MR. BARTLETT:  Same objections.  Also

3    compound.

4              THE WITNESS:  I can't.

5    BY MR. ZELLER:

6         Q.   Comparing the '677 design patent to the

7    '087 design patent, is there anything that is new or

8    original that's shown in the '677 design patent

9    as -- when it's compared to the '087 design patent?

10             MR. BARTLETT:  Same objections.

11             THE WITNESS:  Yeah, I can't interpret

12   design patents, so I -- I can't tell.

13   BY MR. ZELLER:

14        Q.   Can you identify anything in the

15   '677 design patent that is substantially different

16   from what's already shown in the '087 design patent?

17             MR. BARTLETT:  Same objections.  Asked and

18   answered.

19             THE WITNESS:  Again, I -- I can't

20   interpret the design patents.

21   BY MR. ZELLER:

22        Q.   There's nothing you can identify, right?

23        A.   No.

24        Q.   That's correct?

25             MR. BARTLETT:  Same objections.

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER

Page 95

1    BY MR. ZELLER:

2        Q.    I'm sorry.  That's correct, that there's

3    nothing you can identify?

4        A.    Based -- I can't interpret these design

5    patents here, so I cannot identify that.

6        Q.    Show you what was previously marked as

7    Exhibit 429, which is a copy of United States Design

8    Patent 622,270.  And for the record, this is a

9    version of the design patent that has certain

10   markings and labelings on it by hand that I'll be

11   asking about.

12           MR. BARTLETT:   Thank you.

13   BY MR. ZELLER:

14       Q.    And if you could please take a look at

15   what we've marked here as Exhibit 429, which is a

16   copy of the '270 design patent.

17           Have you had a chance to look at what

18   we've marked as Exhibit 429?

19       A.    Yes.

20       Q.    Ignoring the handwriting that's on it for

21   a moment.  I'm going to ask you about that

22   specifically in a minute.

23           Do you recognize this document as the

24   '270 design patent that you're a named inventor on?

25       A.    Yes.

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER

Page 96

1        Q.   What is it that was new or original in the

2   design that's depicted here in the '270 design

3   patent?

4             MR. BARTLETT:  Objection.  Calls for a

5   legal conclusion.  Calls for expert testimony.

6   Calls for speculation.

7             THE WITNESS:  Again -- again, I can't -- I

8   don't know, based on what I have in front of me.

9   BY MR. ZELLER:

10       Q.   Well, do you know based on all the

11  information that's available to you?

12            MR. BARTLETT:  Same objections.  Also

13  overbroad and vague.

14            THE WITNESS:  No.

15  BY MR. ZELLER:

16       Q.   Do you have any knowledge or information

17  as to what you and the other named inventors

18  invented here that's shown in the '270 design patent

19  that's different from the prior art for electronic

20  devices that was in existence at the time?

21            MR. BARTLETT:  Same objections.

22            THE WITNESS:  I don't know.

23  BY MR. ZELLER:

24       Q.   Is there anything in particular you can

25  identify in this design that is shown in the

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER

Page 106

1    record at 1:08.

2              MR. ZELLER:  So I don't have anything

3    further for you at this point.  Thank you very much.

4              THE WITNESS:  Thank you.

5                EXAMINATION BY MR. BARTLETT

6    BY MR. BARTLETT:

7         Q.   Mr. Zorkendorfer, just a few questions.

8              You were asked a series of questions

9    earlier today about various patent drawings.

10             Do you recall that?

11        A.   Yes.

12        Q.   And you were asked, for example, what

13   certain patent drawings depict to you.

14             Do you recall that?

15        A.   Yes.

16        Q.   And in some instances you said you

17   couldn't make that judgment based on the drawings.

18             Do you recall that?

19        A.   Yes.

20        Q.   Why is that, sir?

21        A.   I -- I can't -- I can't interpret patent

22   drawings.

23        Q.   Why is that?

24        A.   That's -- that's not what my -- my

25   training is.  That's not my expertise.

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER

Page 107

1           MR. BARTLETT:  That's all I have.

2           FURTHER EXAMINATION BY MR. ZELLER

3    BY MR. ZELLER:

4       Q.   You just said that it wasn't your training

5    or expertise to interpret patent drawings, but you

6    know that questions that I asked you in terms of the

7    meaning of -- of patent drawings that you were an

8    inventor on or what certain aspects of it depict, I

9    asked whether you had an understanding.

10          Do you recall that?

11      A.   Yes.

12      Q.   So regardless of whether the

13   interpretation of patent drawings was part of your

14   training or whether you consider yourself an expert

15   on patent drawings, do you have any understanding --

16   I'm talking about your own understanding, whether

17   expert or not -- as to what those patent drawings

18   mean or what they depict --

19          MR. BARTLETT:  Objection.  Calls --

20   BY MR. ZELLER:

21      Q.   -- with respect to those questions I asked

22   you earlier today?

23          MR. BARTLETT:  Objection.  Calls for a

24   legal conclusion.  Calls for expert testimony.

25   Calls for speculation.

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER

1          THE WITNESS:  I -- I can't speak to the

2    patent drawings.

3    BY MR. ZELLER:

4      Q.   Just to be clear, you don't have in your

5    own mind a sufficiently clear understanding of what

6    those drawings show or what they depict for you to

7    be able to say in good faith, in testimony, what

8    those drawings mean or what they depict, right?

9          MR. BARTLETT:  Same -- same objections.

10         THE WITNESS:  Yes.

11   BY MR. ZELLER:

12     Q.   And if I phrased all the questions in

13   saying do you have an understanding as to what the

14   portions of the patent drawings or any of the patent

15   drawings that I showed you here today mean or what

16   they depict, you would give me the same answers,

17   right?

18         MR. BARTLETT:  Objection.  Calls for

19   speculation.  Overbroad.

20         THE WITNESS:  Yes.

21   BY MR. ZELLER:

22     Q.   Other than the testimony that you've given

23   here today, do you have any information or knowledge

24   as to the meaning or what any portions of the

25   '667 design patent depict, or do I have your

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER

Page 109

1  complete testimony as to your understanding of -- of

2  what that -- what those drawings mean and what they

3  depict?

4          MR. BARTLETT:  Objection.  Vague.

5          THE WITNESS:  Could you -- could you

6  repeat the question?  I'm not sure.

7  BY MR. ZELLER:

8      Q.   Sure.

9          Focusing your attention for the moment on

10  the '677 design patent --

11     A.   This one here (indicating).

12     Q.   -- which is Exhibit 7.

13     A.   Mh-hmm.

14     Q.   Other than what you've testified about, so

15  I'm not asking you to repeat your testimony from

16  earlier, but I'm saying, other than what you've

17  already testified about here today, do you have any

18  other knowledge or information about what the

19  drawings in the '677 design patent mean or what they

20  depict, or do I have your complete testimony on

21  that?

22          MR. BARTLETT:  Objection.  Vague.

23  Compound.  Calls for speculation.  Calls for expert

24  testimony.  Calls for a legal conclusion.

25          THE WITNESS:  I'm -- I'm not sure -- I'm

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER

Page 110

1    not sure if I fully understand.

2    BY MR. ZELLER:

3        Q.   Well, let's step back for a moment.

4             You'll recall that I asked you questions

5    about the '677 design patent?

6        A.   Mh-hmm.

7        Q.   Do you recall that?

8        A.   Yes.

9        Q.   And I -- I have asked you questions about

10   your understanding or what you believe certain

11   portions of the '677 design patent cover or what was

12   new or original about the design in the '677 design

13   patent.

14            Do you recall those questions?

15       A.   Yes.

16       Q.   And so my question is simply, do I -- do

17   you have any other knowledge or information about

18   the drawings that are shown here in the '677 design

19   patent, including what they mean or what they

20   depict, other than what we've -- we've already

21   discussed?

22            MR. BARTLETT:  Same objections.

23            THE WITNESS:  No.

24   BY MR. ZELLER:

25       Q.   And if I asked you the same questions with

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER

1   respect to the '889 design patent, you'd give me the

2   same answer?

3           MR. BARTLETT:  Same objections.

4           THE WITNESS:  Yes.

5   BY MR. ZELLER:

6       Q.   And if I asked you the same questions with

7   respect to the '270 design patent, you'd give me the

8   same answers?

9           MR. BARTLETT:  Same objections.

10          THE WITNESS:  Yes.

11  BY MR. ZELLER:

12      Q.   And if I asked you the same questions with

13  respect to the 80 -- excuse me, the '087 design

14  patent, you'd give me the same answers?

15          MR. BARTLETT:  Same objections.

16          THE WITNESS:  Yes.

17          MR. ZELLER:  Thank you.  That's all I have

18  at this point.

19          THE WITNESS:  Thank you.

20          MR. BARTLETT:  Nothing further.

21

22

23  ///

24  ///

25  ///