# EXHIBIT 15

```
                                                              Page 1
 1         UNITED STATES INTERNATIONAL TRADE COMMISSION
 2                       Washington, D.C.
 3          Before the Honorable Charles E. Bullock
 4            Acting Chief Administrative Law Judge
 5
 6    In the Matter of:              )
 7    CERTAIN ELECTRONIC DIGITAL     )
 8    MEDIA DEVICES AND COMPONENTS   ) Inv. No. 337-TA-796
 9    THEREOF                        )
10                                   )
11
12
13
14            CONFIDENTIAL BUSINESS INFORMATION
15               SUBJECT TO PROTECTIVE ORDER
16
17            DEPOSITION OF RICHARD HOWARTH
18              WEDNESDAY, FEBRUARY 8, 2012
19
20
21
22
23    Job Number: 45710
24    REPORTED BY:
25    JANIS JENNINGS, CSR 3942, CLR, CCRR
```

Confidential Business Information Subject to Protective Order

Page 2

1
2
3
4
5
6
7       DEPOSITION OF RICHARD HOWARTH, taken
8   on behalf of the Respondent, at QUINN
9   EMANUEL URQUHART OLIVER & HEDGES LLP,
10  50 California Street, 22nd Floor,
11  San Francisco, California, commencing at
12  10:11 a.m., Wednesday, February 8, 2012,
13  before Janis L. Jennings, Certified Shorthand
14  Reporter No. 3942, CLR, CCRR.
15
16
17
18
19
20
21
22
23
24
25

Confidential Business Information Subject to Protective Order

1   APPEARANCES OF COUNSEL:
2
3      FOR THE COMPLAINANT:
4           MORRISON & FOERSTER
5           BY:  JENNIFER LEE TAYLOR, ESQ.
6           425 Market Street
7           San Francisco, California  94105
8
9
10
11     FOR THE RESPONDENT:
12          QUINN EMANUEL URQUHART OLIVER & HEDGES
13          BY:  SCOTT B. KIDMAN, ESQ.
14               MICHAEL T. ZELLER, ESQ.
15          865 S. Figueroa Street
16          Los Angeles, California  90017
17
18
19
20
21
22     ALSO PRESENT:
23          SEAN MCGRATH, Videographer
24
25

Confidential Business Information Subject to Protective Order

Page 162

1          MS. TAYLOR:  Thanks.
2          THE VIDEOGRAPHER:  The time is 4:02 p.m.
3    and we are off the record.
4          (Off the record.)
5          THE VIDEOGRAPHER:  The time is 4:19 p.m.,
6    and we are on the record.
7          MR. KIDMAN:  Let's mark the next document
8    as Exhibit 7.
9          (Exhibit 7 was marked for identification
10         and attached hereto.)
11   BY MR. KIDMAN:
12      Q.   And Exhibit 7 is a copy of U.S. design
13   patent 504,889.  And, Mr. Howarth, do you recognize
14   the '889 design patent as a patent on which you are
15   an inventor?
16      A.   I see my name is written here in the list
17   of inventors.
18      Q.   And have you seen this patent before?
19      A.   I don't recall.
20      Q.   Do you recall having any role in the
21   application or prosecution of this patent?
22      A.   I'm not sure exactly what you mean by
23   "application or prosecution" of it.
24      Q.   Do you recall having any role in the
25   preparation of the application for this patent?

Confidential Business Information Subject to Protective Order

Page 163

1    A.    I don't recall that.

2    Q.    And what's new or original about the
3    design shown in the drawings of the '889 patent?

4         MS. TAYLOR:  Calls for a legal conclusion.

5         THE WITNESS:  I can't tell from this what
6    is new -- new about this.

7    BY MR. KIDMAN:

8    Q.    Do you have any understanding as to what's
9    new or original about the design is shown in the
10   '889 patent?

11        MS. TAYLOR:  Calls for a legal conclusion.

12        THE WITNESS:  I'm not trained in reading
13   these sort of patent drawings, so I can't tell you
14   what's new or original based on these.

15   BY MR. KIDMAN:

16   Q.    As a named inventor of the '889 patent,
17   can you tell me if you have any understanding as to
18   what's new or original in the design shown in this
19   patent?

20        MS. TAYLOR:  Calls for a legal conclusion.

21        THE WITNESS:  Again, I -- I haven't been
22   trained in reading patent drawings, and I can't -- I
23   can't tell what these drawings are trying to show.

24   BY MR. KIDMAN:

25   Q.    Did Apple release to market any product

Confidential Business Information Subject to Protective Order

Page 164

1   with the design that's shown in the '889 patent?
2              MS. TAYLOR:  Calls for a legal conclusion.
3   It's also not relevant to the ITC case.
4              THE WITNESS:  I'm not sure what -- what
5   design is being shown here, based on these drawings.
6   BY MR. KIDMAN:
7       Q.   And so, therefore, you can't tell me if
8   Apple released any product to market with the design
9   that's shown in the '889 patent; is that correct?
10             MS. TAYLOR:  Calls for a legal conclusion.
11             THE WITNESS:  I -- based on these
12  drawings, I can't tell you if Apple released a
13  product that was -- that was like this.
14  BY MR. KIDMAN:
15      Q.   And take a look back at Exhibit 6, which
16  is the '678 patent, and you see on -- it is actually
17  the third page of the '678 patent.  I think we
18  looked at this before, but maybe not.
19             But the '889 patent is one of the cited
20  references in the '678 patent.  Do you understand --
21  do you see that?  If you look at the column on
22  page 3 of the '678 patent that says "U.S. Patent
23  Documents."
24      A.   The what?  Sorry.
25      Q.   Why don't you take a look at Exhibit 6,

Confidential Business Information Subject to Protective Order

1    page 3.
2        A.    Uh-huh.  Yes.
3        Q.    You see the column on the left that
4    says "U.S. Patent Documents"?
5        A.    Uh-huh, yes.
6        Q.    And about a quarter of the way down, there
7    is a reference to the 504,889 patent.
8        A.    I see that.
9        Q.    Okay.  And so the '889, patent which is
10   Exhibit 7, is one of the references cited in the
11   '678 patent, which is Exhibit 6.
12             Are you with me?
13       A.    Got it.
14       Q.    Okay.  And can you tell me what's new or
15   original about the design in the '678 patent over
16   the design in the '889 patent?
17             MS. TAYLOR:  Calls for a legal conclusion.
18             THE WITNESS:  No, I can't tell you that,
19   based on these drawings.
20   BY MR. KIDMAN:
21       Q.    Do you recognize the design in the '889
22   patent as the design of any version of the iPad?
23             MS. TAYLOR:  Calls for a legal conclusion.
24             THE WITNESS:  I'm not sure what this is
25   trying to show (indicating).