# EXHIBIT 17



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/012,304 | 05/23/2012 | 7,469,381 | P4304USREX2/063266-5682US | 4807 |

| 61725 | 7590 | 07/30/2012 | EXAMINER |
|---|---|---|---|

Morgan Lewis & Bockius LLP/ AI
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA  94306

| ART UNIT | PAPER NUMBER |
|---|---|

DATE MAILED: 07/30/2012

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 10/03)



UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

**DO NOT USE IN PALM PRINTER**

(THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS)

BRYAN CAVE LLP

1290 AVENUE OF THE AMERICAS

NEW YORK, NY 10104

**MAILED**

JUL 30 2012

**CENTRAL REEXAMINATION UNIT**

# EX PARTE REEXAMINATION COMMUNICATION TRANSMITTAL FORM

REEXAMINATION CONTROL NO. _90/012,304_.

PATENT NO. _7,469,381_.

ART UNIT _3992_.

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified ex parte reexamination proceeding (37 CFR 1.550(f)).

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a reply has passed, no submission on behalf of the ex parte reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).

PTOL-465 (Rev.07-04)

| *Order Granting / Denying Request For Ex Parte Reexamination* | Control No. | Patent Under Reexamination |
|---|---|---|
| | 90/012,304 | 7,469,381 |
| | Examiner | Art Unit |
| | DENNIS BONSHOCK | 3992 |

*--The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

The request for *ex parte* reexamination filed <u>23 May 2012</u> has been considered and a determination has been made. An identification of the claims, the references relied upon, and the rationale supporting the determination are attached.

Attachments: a)☐ PTO-892,    b)☒ PTO/SB/08,    c)☐ Other: _____

1. ☒ The request for *ex parte* reexamination is GRANTED.

   RESPONSE TIMES ARE SET AS FOLLOWS:

   For Patent Owner's Statement (Optional): TWO MONTHS from the mailing date of this communication (37 CFR 1.530 (b)). **EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**

   For Requester's Reply (optional): TWO MONTHS from the **date of service** of any timely filed Patent Owner's Statement (37 CFR 1.535). **NO EXTENSION OF THIS TIME PERIOD IS PERMITTED.** If Patent Owner does not file a timely statement under 37 CFR 1.530(b), then no reply by requester is permitted.

2. ☐ The request for *ex parte* reexamination is DENIED.

   This decision is not appealable (35 U.S.C. 303(c)). Requester may seek review by petition to the Commissioner under 37 CFR 1.181 within ONE MONTH from the mailing date of this communication (37 CFR 1.515(c)). **EXTENSION OF TIME TO FILE SUCH A PETITION UNDER 37 CFR 1.181 ARE AVAILABLE ONLY BY PETITION TO SUSPEND OR WAIVE THE REGULATIONS UNDER 37 CFR 1.183.**

   In due course, a refund under 37 CFR 1.26 ( c ) will be made to requester:

   a) ☐ by Treasury check or,

   b) ☐ by credit to Deposit Account No. _____, or

   c) ☐ by credit to a credit card account, unless otherwise notified (35 U.S.C. 303(c)).

/Dennis G. Bonshock/
Primary Examiner, Art Unit 3992

cc:Requester ( if third party requester )
U.S. Patent and Trademark Office
PTOL-471 (Rev. 08-06)                     Office Action in *Ex Parte* Reexamination                     Part of Paper No. 20120717

Application/Control Number: 90/012,304 Page 2
Art Unit: 3992

## DECISION ON REQUEST FOR REEXAMINATION

A substantial new question of patentability affecting claims 1-20, of United States Patent Number: 7,469,381 issued to Ording is raised by the request for *ex parte* reexamination.

Extensions of time under 37 CFR 1.136(a) will not be permitted in these proceedings because the provisions of 37 CFR 1.136 apply only to "an applicant" and not to parties in a reexamination proceeding. Additionally, 35 U.S.C. 305 requires that *ex parte* reexamination proceedings "will be conducted with special dispatch" (37 CFR 1.550(a)). Extensions of time in *ex parte* reexamination proceedings are provided for in 37 CFR 1.550(c).

### References

(1) WO 03/081458 issued to Luigi Lira ("Lira")

(2) US 7,786,975 issued to Bas Ording et al ("Ording")

(3) WO 01/029702 issued to Elise A. W. H. Van Den Hoven et al ("Van Den Hoven")

### Prosecution History

U.S. Patent Application Serial No. 11/956,969, which resulted in issued Patent 7,469,381 (hereinafter the '381 patent), was filed on 12/14/2007.

On February 28, 2008, the U.S. Patent and Trademark Office (PTO) dismissed the Petition to Make Special citing the Applicant's search terms and the resulting

Application/Control Number: 90/012,304 Page 3
Art Unit: 3992

narrowness of the search as the reason for dismissal. In response to the dismissal, Applicant filed on March 13, 2008 a Request for Reconsideration along with a revised Pre-Examination search statement which included the supplemental search terms required by the PTO. According to the Applicant, the supplemental search did not reveal any additional relevant references. Applicant's Petition to Make Special was granted on April 17, 2008. In the Applicant's Supplemental Accelerated Examination Support Document filed on April 30, 2008, Applicant cited U.S. Patent 6,690,387 to Zimmerman et al. ("Zimmerman"), U.S. Patent 5,495,566 to Kwatinetz et al. ("Kwatinetz"), U.S. Patent Application Publication 2005/0012723 ("Pallakoff") and D. Miller, Personal Java Application Environment, (1999) ("Miller") as the references most closely related to the subject matter claimed in the Application.

On June 2, 2008, the PTO Examiner conducted an interview with the Applicant during which the parties discussed Zimmerman, a collection of Microsoft Word screenshots and U.S. Patent Application Publication 2008/0104544 ("Collins"). At the interview, Applicant agreed to amend the last limitation of each of the independent claims to read "in response to detecting that the object is no longer on or near the touch screen display, translating the document in a second direction until the area beyond the edge of the document is no longer displayed." The agreed to amendment was to replace the following language "after the object is no longer detected" phrasing used in the independent claims of the original application with the phrasing "in response to detecting that the object."

Application/Control Number: 90/012,304 Page 4
Art Unit: 3992

During a second interview on June 30, 2008, the Applicant and Examiner again discussed the Zimmerman reference along with Photo Mesa screenshots and U.S. Publication 2004/0027398 ("Jaeger"). To distinguish over the cited prior art, Applicant proposed to make further amendments to the claims. During a third interview on August 4, 2008, Applicant's proposed amended claims were discussed with the Examiner along with the Photo Mesa and Jaeger references. The Examiner conceded that the proposed amended claims were patentable over the cited prior art, and agreed to enter the changes by an Examiner's amendment. The Examiner's amendment mainly added four displayed portions of the electronic document at various stages of the process recited in each independent claim.

A Notice of Allowance issued on October 29, 2008, in which the Examiner's amendments and reasons for allowance were detailed. In particular, the Examiner's reasons for allowance stated that the prior art failed to teach: 1) in response to an edge of the document being reached while translating the document in a first direction, displaying an area beyond the edge of the document along with a third portion of the document that is smaller than the first portion; and 2) in response to no longer detecting the object, translating the document in a second direction until the area beyond the edge is no longer displayed, and displaying a fourth portion of the electronic document that is distinct from the first portion. The '381 Patent subsequently issued on December 23, 2008.

Application/Control Number: 90/012,304 Page 5
Art Unit: 3992

## Reexamination History

On April 28, 2010, a Request for Ex Parte Reexamination (90/010963) was filed at the PTO in connection with the '381 Patent. On July 14, 2010, the PTO issued a Decision Granting Ex Parte Reexamination finding that the references cited in the request raised a substantial new question of patentability with respect to all claims of the '381 Patent. The Request for Ex Parte Reexamination cited the following references as the basis for the substantial new question of patentability: Forlines et al., Glimpse: A Novel Input Model for Multi-Level Devices, (2005) ("Glimpse"), Millhollon et al., Microsoft Office Word 2003 Inside Out, (2003) ("Inside Out"), U.S. Patent Application Publication 2005/0195154 ("Robbins") and Zimmerman. The Decision stated that although Zimmerman was previously cited, it had not been considered in combination with the new prior art, namely, Glimpse, Inside and Robbins which were submitted with the reexamination request.

On January 13, 2011, the PTO issued a Notice of Intent to Issue Ex Parte Reexamination Certificate confirming the patentability of claims 1-20 of the '381 Patent. The Examiner found that, while the prior art (e.g., Inside Out) discloses displaying an area beyond the edge of the document, none of the Glimpse, Inside Out, Robbins or Zimmerman references taught or suggested the following: "in response to detecting that the object is no longer on or near the touch screen display, translating the electronic document in a second direction until the area beyond the edge of the electronic document is no longer displayed to display a fourth portion of the electronic document wherein the fourth portion is different than the first portion."

Application/Control Number: 90/012,304 Page 6
Art Unit: 3992

## Substantial New Question of Patentability

The Requester suggests that the following references and/or combinations of references provide elements which are allegedly equivalent to claims 1-20 of the '381 patent.

Claim 1 is presented below with italicized sections showing the limitations that are believed to be the allowable limitations, and which are used by the Examiner to show how specific teachings of the proposed references raise a substantial new question of patentability.

Claim 1:

1. A computer-implemented method, comprising:

at a device with a touch screen display: displaying a first portion of an electronic document;

detecting a movement of an object on or near the touch screen display;

in response to detecting the movement, translating the electronic document displayed on the touch screen display in a first direction to display a second portion of the electronic document, wherein the second portion is different from the first portion;

***in response to an edge of the electronic document being reached while translating the electronic document in the first direction while the object is still detected on or near the touch screen display:***

> *displaying an area beyond the edge of the document, and*
>
> *displaying a third portion of the electronic document, wherein the third portion is smaller than the first portion; and*
>
> *in response to detecting that the object is no longer on or near the touch screen display, translating the electronic document in a second direction until the area beyond the edge of the electronic document is no longer displayed to display a fourth portion of the electronic document, wherein the fourth portion is different from the first portion.*

## LIRA REFERENCE

The Requestor alleges that Lira raises a substantial new question of patentability with respect to claims 1-20 of the '381 patent. For purposes of determination, claim 1 is a representative claim. For purposes or Reexamination the reading of Lira on the claims is provided on pages 23-60 of the Request and in Exhibit 6, Part A - Pages 1-30, Part B - Pages 1-16, Part C - Pages 1-17.

Lira is new art that provides new, non-cumulative technological teachings that were not previously considered and discussed on the record during prosecution or reexamination of the 381 patent.

Application/Control Number: 90/012,304 Page 8
Art Unit: 3992

*Lira* teaches a system for browsing documents arranged in columns on a small screen display device via a display window (200) superimposed over a larger than fully displayable webpage. The user can pan/scroll back and forth via tactile input between columns and outside of the display space (see figures 2 and 14), where when the user lifts their finger off of the screen subsequent to a panning, the display window snaps (pans automatically via an animated motion) to align with the nearest column (see pages 14-15 and figure 14B).

Specifically:

The requestor alleges that the limitation of *in response to an edge of the electronic document being reached while translating the electronic document in the first direction while the object is still detected on or near the touch screen display: displaying an area beyond the edge of the document, and displaying a third portion of the electronic document, wherein the third portion is smaller than the first portion* recited in claim 1, of the '381 patent is equivalent to the *user moving the display laterally away from the column being read during panning/scrolling, where the display screen displays an additional area outside of the edge of the column* (see page 14, line 29 through page 15, line 31 and figure 14B of Lira). (see pages 32-34 for the Request)

Application/Control Number: 90/012,304 Page 9
Art Unit: 3992

The requestor alleges that the limitation of *in response to detecting that the object is no longer on or near the touch screen display, translating the electronic document in a second direction until the area beyond the edge of the electronic document is no longer displayed to display a fourth portion of the electronic document, wherein the fourth portion is different from the first portion* recited in claim 1, of the '381 patent is equivalent to the *snapping to the nearest column subsequent to the user terminating scrolling by moving the display screen in a second direction* (see page 14, line 29 through page 15, line 31 and figure 14B of Lira). (see pages 34-37 for the Request)

It is agreed that Lira, either alone or in combination with other prior art references (Van Den Hoven), as proposed in the request, raises a SNQ with respect to at least claim 1 of the '381 patent. There is a substantial likelihood that a reasonable Examiner would consider this teaching important in deciding whether or not these claims are patentable.

Accordingly, the Lira reference raises a substantial new question to at least claim 1, and likely claims 2-20, which question has not been decided in a previous examination of the '381 patent nor was there a final holding of invalidity by the Federal Courts regarding the '381 patent.

## ORDING REFERENCE

The Requestor alleges that Ording raises a substantial new question of patentability with respect to claims 1-5, 7-13, and 15-20 of the '381 patent. For purposes of determination, claim 1 is a representative claim. For purposes or Reexamination the reading of Ording on the claims is provided on pages 61-85 of the Request and in Exhibit 6, Part d - Pages 1-38.

Ording is new art that provides new, non-cumulative technological teachings that were not previously considered and discussed on the record during prosecution or reexamination of the 381 patent.

*Ording teaches* a system for scrolling a list of items where when a user approaches the end of the list, and maintains touch based input, the list is scrolled past the last element revealing an overflow area. When the user releases contact the list bounces back in the opposite direction to place a new list region back in the display (see 6:60-7:5 and 9:10-36)

Specifically:
The requestor alleges that the limitation of *in response to an edge of the electronic document being reached while translating the electronic document in the first direction while the object is still detected on or near the touch screen*

Application/Control Number: 90/012,304 Page 11
Art Unit: 3992

***display: displaying an area beyond the edge of the document, and displaying a third portion of the electronic document, wherein the third portion is smaller than the first portion*** recited in claim 1, of the '381 patent is equivalent to the *user scrolling the list out of view till element 612-1, the item at the beginning of the list, is the only one remaining on the bottom of the screen, where this scrolling of the list off the screen results in a display an empty are above element 612-1 (third portion), smaller than the first portion where the screen is filled with elements* (see 9:10-36 and figures 7A-C). (see 70-72 for the Request)

The requestor alleges that the limitation of ***in response to detecting that the object is no longer on or near the touch screen display, translating the electronic document in a second direction until the area beyond the edge of the electronic document is no longer displayed to display a fourth portion of the electronic document, wherein the fourth portion is different from the first portion*** recited in claim 1, of the '381 patent is equivalent to the *bouncing back of the list back onto the screen after the use attempted to scroll the list off of the screen* (see 9:10-36 and figures 7A-C). (see 72-75 for the Request)

It is agreed that Ording, as proposed in the request, raises a SNQ with respect to at least claim 1 of the '381 patent. There is a substantial likelihood that a reasonable Examiner would consider this teaching important in deciding whether or not these claims are patentable.

Application/Control Number: 90/012,304 Page 12
Art Unit: 3992

Accordingly, the Lira reference raises a substantial new question to at least claim 1, and likely claims 2-5, 7-13, and 15-20, which question has not been decided in a previous examination of the '381 patent nor was there a final holding of invalidity by the Federal Courts regarding the '381 patent.

## VAN DEN HODEN REFERENCE

The Van Den Hoden reference individually does not raise an SNQ, however, in light of the SNQ's raised in view of the Lira reference, Van Den Hoden raise a SNQ with respect to claims 7, 13-15, 17, and 18 of the '381 patent.

## Summary

Claims 1-20 will be reexamined as requested in the Request.

## *Conclusion*

**Extensions of time under 37 CFR 1.136(a) do not apply in reexamination proceedings**. The provisions of 37 CFR 1.136 apply only to "an applicant" and not to parties in a reexamination proceeding. Further, in 35 U.S.C. 305 and in 37 CFR 1.550(a), it is required that reexamination proceedings "will be conducted with special dispatch within the Office."

The patent owner is reminded of the continuing responsibility under 37 CFR 1.565(a) to apprise the Office of any litigation activity, or other prior or concurrent proceeding, involving the patent throughout the course of this reexamination proceeding. The requester is also reminded of

Application/Control Number: 90/012,304                                                                                   Page 13

Art Unit: 3992

the ability to similarly appraise the Office of any such activity or proceeding throughout the course of this reexamination proceeding. See MPEP § § 2207, 2282, and 2286.

All correspondence relating to this *ex parte* reexamination proceeding should be directed:

By Mail to:      Mail Stop Ex Parte Reexam

                  Central Reexamination Unit

                  Commissioner for Patents

                  United States Patent & Trademark Office

                  P.O. Box 1450

                  Alexandria, VA 22313-1450

By FAX to:      (571) 273-9900

                  Central Reexamination Unit

By hand:        Customer Service Window

                  Randolph Building

                  401 Dulany Street

                  Alexandria, VA 22314

By EFS-Web:

Application/Control Number: 90/012,304                                                                    Page 14
Art Unit: 3992

      Registered users of EFS-Web may alternatively submit such correspondence via the electronic filing system EFS-Web, at

    https://efs.uspto.gov/efile/myportal/efs-registered

      EFS-Web offers the benefit of quick submission to the particular area of the Office that needs to act on the correspondence. Also, EFS-Web submissions are "soft scanned" (i.e., electronically uploaded) directly into the official file for the reexamination proceeding, which offers parties the opportunity to review the content of their submissions after the "soft scanning" process is complete.

      Any inquiry concerning this communication or earlier communications from the Reexamination Legal Advisor or Examiner, or as to the status of this proceeding, should be directed to the Central Reexamination Unit at telephone number (571) 272-7705.

/Dennis G. Bonshock/

Central Reexamination Unit 3992


/Adam L Basehoar/

Primary Examiner, Art Unit 3992


ALEXANDER J. KOSOWSKI
Supervisory Patent Reexamination Specialist
CRU -- Art Unit 3992