```
 1
 2                 IN THE UNITED STATES DISTRICT COURT
 3              FOR THE NORTHERN DISTRICT OF CALIFORNIA
 4                          SAN JOSE DIVISION
 5
 6
      APPLE, INC.,                       )   CV-11-1846-LHK
 7                                       )
                      PLAINTIFF,         )   SAN JOSE, CALIFORNIA
 8                                       )
                VS.                      )   OCTOBER 10, 2012
 9                                       )
      SAMSUNG ELECTRONICS CO. LTD.,      )   PAGES 1-16
10    ET AL,                             )
                                         )
11                    DEFENDANT.         )
12
13                      TRANSCRIPT OF PROCEEDINGS
                 BEFORE THE HONORABLE PAUL S. GREWAL
14                   UNITED STATES DISTRICT JUDGE
15
16    A P P E A R A N C E S:
17    FOR THE PLAINTIFF:       WILMER HALE
                                BY:  PETER KOLOVOS
18                              60 STATE STREET
                                BOSTON, MA 02109
19
20    FOR THE DEFENDANT:       QUINN EMANUEL
                                BY:  MELISSA DALZIEL
21                              865 S. FIGUEROA ST., 10TH FLOOR
                                LOS ANGELES, CA 90017
22
23              APPEARANCES CONTINUED ON THE NEXT PAGE
24
25    OFFICIAL COURT REPORTER:     SUMMER FISHER, CSR, CRR
                                   CERTIFICATE NUMBER13185
```

```
 1    NON-PARTY:                WINSTON & STRAWN
      MOTOROLA MOBILITY         BY:   JENNIFER GOLINVEAUX
 2                                    PETER CHASSMAN
                                101 CALIFORNIA STREET
 3                              SAN FRANCISCO, CA 94111

 4

 5

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1      SAN JOSE, CALIFORNIA                    OCTOBER 10, 2012
 2                      P R O C E E D I N G S
 3               (WHEREUPON, COURT CONVENED AND THE FOLLOWING
 4      PROCEEDINGS WERE HELD:)
 5               THE CLERK:  CALLING CASE NUMBER CV 11-1846-LHK.
 6               THE COURT:  MR. RIVERA, WOULD YOU CALL THE MATTER
 7      SPECIALLY SET ON THIS COURT'S AFTERNOON CALENDAR.
 8               THE CLERK:  YES, YOUR HONOR.
 9          CALLING APPLE, INC. VERSUS SAMSUNG ELECTRONICS, ET AL.
10      CASE CV-11-1846.
11          MATTER ON FOR MOTOROLA MOBILITY'S EMERGENCY MOTION TO SEAL.
12          COUNSEL, PLEASE COME FORWARD AND STATE YOUR APPEARANCES.
13               MS. GOLINVEAUX:  THIS IS JENNIFER GOLINVEAUX OF
14      WINSTON & STRAWN ON BEHALF OF MOTOROLA MOBILITY.
15               MR. KOLOVOS:  GOOD AFTERNOON, YOUR HONOR.
16          PETER KOLOVOS AT WILMER, CUTLER, PICKERING & HALE, COUNSEL
17      FOR APPLE.
18               THE COURT:  GOOD AFTERNOON.
19          THIS IS JUDGE GREWAL.  IS ANYONE ELSE ON THE LINE?
20               THE OPERATOR:  PARDON THE INTERRUPTION, YOUR HONOR,
21      THIS IS THE COURT CALL OPERATOR.
22          I HAD PETER CHASSMAN ON THE CALENDAR, HE DID NOT DIAL IN.
23               THE COURT:  ALL RIGHT.  WELL, WE CAN PROCEED.
24          GOOD AFTERNOON TO EACH OF YOU, AND THANK YOU FOR MAKING
25      YOURSELF AVAILABLE ON SUCH SHORT NOTICE.
```

1    OBVIOUSLY WHEN A PARTY FILES A MOTION STYLED EMERGENCY
2    MOTION, THAT CAPTURES AT LEAST MY ATTENTION, SO I'VE WORKED MY
3    VERY BEST TO TURN TO THIS MATTER AS QUICKLY AS I COULD.
4         I WANT TO START WITH WHAT I UNDERSTAND THE ISSUE TO BE,
5    WHICH IS MOTOROLA REQUESTING THAT A DOCUMENT THAT AT LEAST IN
6    ONE INCARNATION WAS LABELED AS EXHIBIT 23 BE PLACED UNDER SEAL.
7         AND I WANT TO REVIEW BRIEFLY THE HISTORY AS I UNDERSTAND
8    IT REGARDING THE SEALING OF THIS DOCUMENT AND THEN INVITE ANY
9    COMMENTARY FROM EITHER OF YOU OR FRANKLY ANYBODY ELSE WHO WOULD
10   APPEAR OVER THE NEXT FEW MINUTES.
11        MY UNDERSTANDING OF THE HISTORY IS AS FOLLOWS:
12        IN CONNECTION WITH THE DISPUTE BETWEEN APPLE AND SAMSUNG
13   REGARDING CERTAIN DEPOSITIONS, APPLE FILED PAPERS WHICH
14   INCLUDED WHAT I AM REFERRING TO HERE AS EXHIBIT 23.
15        EXHIBIT 23 WAS A DOCUMENT PRODUCED BY SAMSUNG SUBJECT TO
16   THE PROTECTIVE ORDER DURING THE COURSE OF THIS LITIGATION.
17        AFTER THE DOCUMENT WAS LODGED FOR FILING UNDER SEAL,
18   CONSISTENT WITH OUR LOCAL RULES, SAMSUNG TENDERED A DECLARATION
19   WHICH PROFFERED EXPLANATIONS OR JUSTIFICATIONS AS TO WHY THIS
20   DOCUMENT SHOULD REMAIN UNDER SEAL.
21        AFTER VERY LONG THAT ARGUMENT AND JUSTIFICATION TENDERED
22   BY SAMSUNG, THE COURT RULED THE JUSTIFICATION WAS INSUFFICIENT
23   UNDER THE APPROPRIATE STANDARDS SET BY THE NINTH CIRCUIT, WHICH
24   IS A GOOD CAUSE STANDARD, AND ON THAT BASIS ORDERED THE
25   DOCUMENT BE FILED ON THE COURT'S PUBLIC DOCKET, WITHOUT PLACING

```
 1    THE DOCUMENT UNDER SEAL.
 2         MY UNDERSTANDING IS THAT IN LIEU OF THAT ORDER OR IN
 3    FOLLOWING THAT ORDER, APPLE AS IT PREPARED TO COMPLY WITH THE
 4    COURT'S DIRECTION, LEARNED THAT MOTOROLA BELIEVED IT HAD A
 5    SUBSTANTIAL INTEREST OR SIGNIFICANT ENOUGH INTEREST IN THE
 6    DOCUMENT, AND IN KEEPING THAT DOCUMENT UNDER SEAL, TO MAKE ITS
 7    OWN SEPARATE REQUEST WHICH IS THE EMERGENCY MOTION THAT I NOW
 8    HAVE BEFORE ME.
 9         SO THE FIRST QUESTION I HAVE FOR COUNSEL IS, DO I
10    BASICALLY HAVE THE CHRONOLOGY OR HISTORY CORRECT, AND IF I
11    DON'T, WHAT HAVE I GOT WRONG?
12              THE OPERATOR:  PARDON THE INTERRUPTION, YOUR HONOR,
13    THIS IS THE COURT CALL OPERATOR.
14         ATTORNEY PETER CHASSMAN HAS CHECKED IN, HIS LINE IS NOW
15    LIVE.
16              THE COURT:  MR. CHASSMAN, GOOD AFTERNOON, SIR.
17              MR. CHASSMAN:  HELLO, YOUR HONOR.
18              THE COURT:  SO WHO WANTS TO SPEAK TO MY QUESTION?
19              MR. CHASSMAN:  WELL, PETE CHASSMAN FOR MOTOROLA.
20         FROM OUR PERSPECTIVE THAT APPEARS TO BE CORRECT.  WE
21    LEARNED OF THE ISSUE WITH EXHIBIT 23 AFTER YOUR ORDER CAME OUT.
22    THEN WE FILED OUR MOTION AS A RESULT OF IT.
23              THE COURT:  OKAY.  ALL RIGHT.
24         WELL, IF I HAVE THE BASIC SEQUENCE RIGHT, I WANT TO NEXT
25    TURN TO WHETHER OR NOT THIS DOCUMENT OUGHT TO REMAIN UNDER
```

```
 1    SEAL.
 2         AND I CERTAINLY APPRECIATE THAT MOTOROLA IS A THIRD PARTY
 3    TO THIS LITIGATION HAS NOT BEEN INTIMATELY INVOLVED IN ALL THE
 4    BLOW-BY-BLOW BACK AND FORTH WE'VE DEALT WITH IN THIS CASE
 5    AROUND SEALING AND KEEPING DOCUMENTS OUTSIDE OF THE PUBLIC'S
 6    VIEW.
 7         BUT IF ANYONE HAS STUDIED THE DOCKET IN THIS CASE,
 8    UNDOUBTEDLY WILL APPRECIATE THAT BOTH JUDGE KOH AND I HAVE
 9    WORKED DILIGENTLY TO APPLY THE STANDARDS SET BY THE
10    NINTH CIRCUIT AND TO DO SO IN A RIGOROUS MANNER.
11         AND I THINK I AT LEAST HAVE BEEN, I THINK I CAN SPEAK ON
12    BEHALF OF JUDGE KOH IN THIS REGARD, HAVE BEEN VERY CLEAR THAT
13    UNLESS THOSE RIGOROUS STANDARDS ARE MET, I AM NOT ABOUT TO KEEP
14    MATERIAL OUTSIDE OF THE PUBLIC VIEW.
15         SO WHEN I RECEIVED THIS MOTION AND I REVIEWED THE
16    DICTIONS WHICH PURPORTED TO JUSTIFY KEEPING THIS DOCUMENT UNDER
17    SEAL, I WAS JUST STRUCK BY THE FACT, AS I EXPLAINED IN MY
18    ORDER, I BELIEVE THESE MATERIALS ARE OVER A DECADE OLD OR
19    RELATE TO EVENTS THAT ARE WELL OVER A DECADE.
20         I FULLY APPRECIATE THAT PATENTS HAVE A TERM GREATER THAN
21    TEN YEARS AND THAT CERTAIN EVENTS IN THE PAST MAY CONTINUE TO
22    PRESENT A COMPETITIVE ADVANTAGE OR POSE A COMPETITIVE RISK IF
23    DISCLOSED TO THE PUBLIC, BUT YOU ALL ARE ASKING ME TO KEEP
24    UNDER SEAL A DOCUMENT THAT'S PRETTY LONG IN THE TOOTH.
25         SO WHAT EXACTLY IS IT ABOUT THESE GENERAL DISCUSSIONS
```

1    BETWEEN MOTOROLA AND SAMSUNG FOR THIS PORTFOLIO LICENSE THAT

2    JUSTIFIES SHIELDING FROM THE PUBLIC MATERIAL WHICH CLEARLY

3    BELONGS IN THE PUBLIC EYE UNDER ANY OTHER CIRCUMSTANCE.

4            MR. CHASSMAN:  WELL, YOUR HONOR, PETE CHASSMAN AGAIN.

5        WE DID HAVE SOME INVOLVEMENT IN BRIEFING THAT WENT ON

6    BEFORE THE TRIAL.  ONE OF THE THINGS THAT WAS AT ISSUE WAS

7    WHETHER LICENSE AGREEMENTS BETWEEN SAMSUNG AND THIRD PARTIES,

8    WHETHER CERTAIN PARTS OF THOSE AGREEMENTS COULD BE SHOWN IN

9    OPEN COURT OR NOT.

10           AND THE SUBJECT OF SOME OF THAT BRIEFING WAS IT WAS THREE

11   LICENSE AGREEMENTS BETWEEN SAMSUNG AND MOTOROLA, ALL OF WHICH

12   HAD EXPIRED, THAT GO BACK TO THE SAME TIME PERIOD.  IN FACT,

13   ONE OF THEM IS THE AGREEMENT THAT RESULTED FROM THE

14   NEGOTIATIONS BEING DISCUSSED IN THE DOCUMENT AT ISSUE.

15           AND YOU KNOW, THE JUDGE -- JUDGE KOH APPLIED THE

16   COMPELLING REASON STANDARD FOR PROTECTING FINANCIAL TERMS OF

17   THOSE AGREEMENTS AND SHE FOUND THAT WE MET THE STANDARD.

18           AND OUR JUSTIFICATION AT THAT TIME WAS, YOU KNOW,

19   FINANCIAL TERMS ARE PARTICULARLY SENSITIVE.

20           MOTOROLA CONTINUES TO ENGAGE IN COMMUNICATIONS WITH OTHER

21   COMPANIES FOR PORTFOLIO LICENSES.  AND THE A THIRD PARTY RAISED

22   THE ISSUE OF WELL, SOME OF THESE LICENSES ARE TEN YEARS OLD,

23   THEY EXPIRED, WHY IS THIS STILL SENSITIVE INFORMATION?

24           AND WE -- AND I KNOW SOME OTHER THIRD PARTIES ALSO FILED

25   PAPERS AND THE EXPLANATION WAS, WELL, THE PORTFOLIOS ARE STILL

1   LIVE AND BECAUSE THINGS CARRY FORWARD.

2   AND THE COURT FOUND THAT MET THE COMPELLING REASON

3   STANDARD WHICH IS THE HIGHER STANDARD THAN THE ONE I UNDERSTAND

4   YOU WOULD APPLY TO A DOCUMENT THAT WAS IN SUPPORT -- FILED OR

5   SUBMITTED IN SUPPORT OF A NON DISPOSITIVE MOTION, WHICH IS WHAT

6   I UNDERSTAND EXHIBIT 23 TO BE.

7   THE COURT:  NOW THE DOCUMENTS THAT YOU REFERRED TO

8   THAT WERE BEFORE JUDGE KOH WERE EXECUTED LICENSE AGREEMENTS,

9   CORRECT?

10  MR. CHASSMAN:  THEY WERE TRIAL EXHIBITS THAT

11  CONTAINED FINANCIAL TERMS AND OTHER TERMS OF THE SAME LICENSE

12  AGREEMENT IN AN EXCERPTED FORM, IT WAS A SUMMARY TABLE.

13  THE COURT:  OKAY.

14  MR. CHASSMAN:  OKAY.

15  THE COURT:  GO ON.

16  MR. CHASSMAN:  SO WHAT WE HAVE HERE -- SO JUDGE KOH

17  FOUND COMPELLING REASONS WERE SATISFIED.  THE HIGHER STANDARDS

18  WERE SATISFIED FOR THE COMPARED LICENSE AGREEMENT FOR FINANCIAL

19  TERMS.

20  SO NOW WE ARE APPLYING A LOWER STANDARD FOR THE SPECIFICS

21  OF THE NEGOTIATIONS FOR ONE OF THOSE AGREEMENTS.

22  AND THE DOCUMENT WHICH I HAVE IN FRONT OF ME TALKS ABOUT

23  THE SEQUENCE OF EXCHANGES OF OFFERS, WHAT MOTOROLA OFFERS AND

24  WHAT IT OFFERED, AND IT'S GOT VERY SPECIFIC DOLLAR AMOUNTS AND

25  IT TALKS ABOUT WHAT MOTOROLA FINALLY OFFERED AT THE END OF THE

```
 1    DAY.
 2         AND SAMSUNG'S OBSERVATIONS ABOUT HOW GOOD OR BAD THIS WAS
 3    COMPARED TO WHERE THEY STARTED AT THE BEGINNING OF THE DAY.
 4    AND THEN IT ENDED THE MEETING.
 5         AND THEN THEE WEEKS LATER THE PARTIES EXECUTED THE
 6    AGREEMENT.  MOTOROLA STAYED, THEY EXPECTED AN ANSWER BY SAMSUNG
 7    BY SEPTEMBER 20TH, THEN THE PARTIES EXECUTED AN AGREEMENT
 8    SHORTLY AFTER THAT.  I DON'T REMEMBER HOW MUCH TIME.
 9         SO YOU KNOW, THE EFFECT OF THE AGREEMENT IS EXPIRED, I
10    DON'T THINK IS DISPOSITIVE OF THE ISSUE, IT SHOULDN'T BE.  AND
11    THE COURT FOUND IT TO BE A VALID REASON OF PROTECTING THE
12    FINANCIAL TERMS OF THE AGREEMENT ITSELF.  THE COURT ALSO
13    PROTECTED A DOCUMENT THAT WAS --
14              THE COURT:  MR. CHAPMAN, I'M SORRY FOR INTERRUPTING,
15    BUT IT MAY NOT BE DISPOSITIVE, BUT YOU WOULD CERTAINLY AGREE
16    THE AGE OF THE INFORMATION WHICH IS CLAIMED IS PROPRIETARY IS A
17    RELEVANT CONSIDERATION, RIGHT?
18              MR. CHASSMAN:  YES, YOUR HONOR.  IT'S A RELEVANT
19    CONSIDERATION.
20              THE OPERATOR:  PARDON THE INTERRUPTION, YOUR HONOR,
21    THIS IS THE COURT CALL OPERATOR.
22       I HAVE ATTORNEY MELISSA DALZIEL HAS CHECKED IN, HER LINE IS
23    LIVE.
24              THE COURT:  ALL RIGHT.
25         COUNSEL, DO YOU WANT TO MAKE YOUR INTRODUCTION, WE ARE IN
```

```
 1       THE MIDDLE OF ARGUMENT.
 2                MS. DALZIEL:  THANK YOU, YOUR HONOR.
 3           THIS IS MELISSA DALZIEL AND TODD BRIGGS OF QUINN EMANUEL
 4       REPRESENTING SAMSUNG.
 5                THE COURT:  ALL RIGHT.  AFTERNOON.
 6                MR. CHASSMAN:  THANK YOU, YOUR HONOR.
 7                THE COURT:  ALL RIGHT.
 8           MR. CHASSMAN, I'M SORRY I INTERRUPTED YOU.  GO AHEAD.
 9                MR. CHASSMAN:  NOT A PROBLEM.
10           YES, I THINK IT'S A FACTOR TO BE TAKEN INTO
11       CONSIDERATION.  BUT THE INFORMATION IS STILL HIGHLY SENSITIVE
12       TO MOTOROLA EVEN THOUGH IT WAS FOR A NEGOTIATION THAT TOOK
13       PLACE IN THE YEAR 2000.
14           WE ARE STILL TALKING ABOUT THE SAME PORTFOLIO AND SO
15       FORTH, AND WE ARE TALKING ABOUT A LOWER STANDARD OF COMPELLING
16       REASONS.
17           I WILL ALSO NOTE THAT NEITHER SAMSUNG OR APPLE OPPOSE THE
18       MOTION.
19                THE COURT:  WELL, AND THAT'S CERTAINLY WORTH NOTING
20       ALTHOUGH THEIR HISTORY OF PROPOSING MATERIALS FOR SEALING IN
21       THIS CASE DOESN'T EXACTLY SUGGEST TO ME THAT WE HAVE ALWAYS
22       SEEN THINGS EYE TO EYE ON THAT.
23           AND I DON'T MEAN TO BE UNDULY CRITICAL, IT'S JUST YOU ALL
24       NEED TO APPRECIATE THE SEALING ISSUE IN THIS CASE HAS CONSUMED
25       UNTOWARD NUMBER OF CYCLES IN THIS COURTHOUSE.
```

1     THIS CASE IS EXTREMELY COMPLICATED AS IT IS AND YET I
2  FIND MYSELF ON A REGULAR BASIS TO ASK TO CONVENE HEARINGS AND
3  REVIEW EMERGENCY MOTIONS RELATING TO SEALING IN A MANNER THAT I
4  HAVEN'T EXPERIENCED IN ANY OTHER CASE.
5     AS I LOOK AT EXHIBIT 23 MR. CHASSMAN, WOULD YOU AGREE
6  THERE'S CERTAINLY MATERIAL HERE THAT HAS NO REASON OR BUSINESS
7  BEING KEPT UNDER SEAL, RIGHT?
8          MR. CHASSMAN:  THERE MAY BE SOME PASSAGES.
9     THERE'S A PARAGRAPH THAT SAYS, AFTER PRELIMINARY
10 DISCUSSIONS CHUCK EXPLAINED THE VARIOUS FACTORS, ET CETERA, BUT
11 THERE ARE SIGNIFICANT ASPECTS.  AND IF THE COURT WOULD BE SO
12 INCLINED, WE COULD REDACT THE DOCUMENT.
13         THE COURT:  WELL, THIS IS THE PROBLEM:  I'VE NOW GONE
14 THROUGH THIS PARTICULAR DOCUMENT MULTIPLE TIMES AND AGAIN, FOR
15 EXAMPLE, THE PEOPLE WHO WERE AT THE MEETING 12 YEARS AGO.  IS
16 THAT A COMPETITIVE INTEREST OR PROPRIETARY INTEREST THAT MEETS
17 THE GOOD CAUSE STANDARD, I DON'T SEE THAT, RIGHT?
18         MR. CHASSMAN:  NO, I AGREE.  THE MEETING ATTENDEES --
19         THE COURT:  AND HOW DOES A COMPETITOR USE THE
20 NEGOTIATION HISTORY IN 2012 FROM 2000 IN A WAY THAT PREJUDICES
21 MOTOROLA'S POSITION?
22    I UNDERSTAND THE CONCEPT IN THEORY, BUT IN REALITY HOW DOES
23 SOMEONE LOOKING AT THIS DOCUMENT PUT MOTOROLA AT AN UNDUE
24 POSITION?
25         MR. CHASSMAN:  I THINK SOMEONE COULD LOOK AT IT AND

```
 1    SAY WELL OKAY MOTOROLA, MAKING UP NUMBERS HERE, I'M NOT USING
 2    THE ACTUAL NUMBERS FROM THE DOCUMENT BECAUSE I DON'T KNOW, I
 3    DON'T KNOW IF IT'S GOING TO BE A PUBLIC TRANSCRIPT, BUT IT
 4    MIGHT SAY WELL, MOTOROLA STARTS WITH A DEMAND OF 4-X, AND IN A
 5    PARTICULAR SITUATION MAY HAVE TAKEN 2-X OR X, ULTIMATELY.  AND
 6    THIS IS A PATTERN THAT MOTOROLA FOLLOWS IN GETTING TO ITS FINAL
 7    NUMBER.
 8         OR THESE ARE THINGS THAT ARE MOST IMPORTANT, SO LET'S
 9    PRESS HARDER ON THIS THAN THIS OTHER THING.
10         YOU KNOW, THERE'S DISCUSSION IN HERE ABOUT, YOU KNOW,
11    WHAT WOULD BE THE TERM OF THE AGREEMENT, MOTOROLA WANTED X.
12    WOULD THE AGREEMENT COVER CERTAIN OTHER TYPES OF TECHNOLOGY,
13    MOTOROLA WANTED THIS.  WOULD IT COVER CERTAIN MOTOROLA PAST
14    PORTFOLIOS, MOTOROLA DID NOT WANT THIS, THINGS LIKE THAT.
15         I THINK THAT UNDERSTANDING MOTOROLA'S PRESSURE POINTS IN
16    NEGOTIATION COULD GIVE SOMEONE AN UNFAIR ADVANTAGE THAT THEY
17    WOULDN'T HAVE IF THEY DIDN'T SEE THE DOCUMENT.
18              THE COURT:  AND THAT WOULD CERTAINLY TEND TO BE MORE
19    TRUE, I WOULD THINK, IF WE WERE TALKING ABOUT PEOPLE OR
20    PORTFOLIO'S THAT WERE BEING NEGOTIATED A YEAR AGO, SIX MONTHS
21    AGO, MAYBE EVEN TWO YEARS AGO.
22         BUT SEPTEMBER OF 2000, I THINK BILL CLINTON WAS STILL
23    PRESIDENT.  I DIDN'T HAVE -- A LOT HAS CHANGED IN THIS WORLD
24    OVER THE LAST TWELVE YEARS AND YET YOU ARE CLAIMING THAT
25    THERE'S A COMPETITIVE ADVANTAGE TO BE GAINED FROM REVIEWING
```

1    INFORMATION THAT OUTWEIGHS THE PUBLIC'S INTEREST IN KNOWING

2    WHAT THEY ARE SPENDING MONEY ON IN THIS COURTHOUSE, RIGHT?  AND

3    THAT'S BASICALLY WHAT YOU ARE ASKING ME TO DO.

4              MR. CHASSMAN:  YES, AT LEAST WITH REGARD TO ASPECTS

5    OF THIS DOCUMENT.  AND I CAN POINT OUT THE EXACT ASPECTS TO

6    YOU.

7         I BELIEVE THAT MOTOROLA'S INTERESTED IN PROTECTING THOSE

8    WOULD OUTWEIGH THE PUBLIC'S INTEREST IN SEEING THIS DOCUMENT

9    THAT WAS APPARENTLY FILED IN SOME SORT OF DISCOVERY MOTION.

10             THE COURT:  ALL RIGHT.

11        APPLE, SAMSUNG, DO YOU WANT TO WEIGH IN ON ANY OF THIS?

12             MR. KOLOVOS:  PETER J. KOLOVOS FOR APPLE, YOUR HONOR.

13        WE DON'T HAVE A POSITION ON THE MOTION.

14             MR. BRIGGS:  AND THIS IS TODD BRIGS FOR SAMSUNG.

15        WE DON'T OPPOSE THE MOTION, BUT WE HAVE NOTHING FURTHER.

16             THE COURT:  ALL RIGHT.

17        WELL, I'M GOING TO DENY THE MOTION.

18        I WANT TO JUST, WHILE WE ARE ON THE RECORD, NOTE THAT I

19   AM CONTINUING TO BE SENSITIVE TO AND APPRECIATE THAT THERE ARE

20   COMPETITIVE INTERESTS HERE, PARTICULARLY THIRD-PARTY

21   COMPETITIVE INTERESTS WHICH NEED TO BE RESPECTED IN E-FILING

22   ANY REQUESTS FOR SEALING, AND YET I CONTINUE TO BE STRUCK BY

23   THE AGE OF THE INFORMATION IN THE DOCUMENT, THE FACT THAT NO

24   REDACTIONS WERE PROPOSED, THE FACT THAT THERE'S, AS A RESULT,

25   CLEARLY INFORMATION IN THIS EXHIBIT WHICH SHOULD NOT BE KEPT

1  UNDER SEAL.
2       AND I WILL ALSO JUST NOTE THAT RATHER THAN GO THROUGH YET
3  ANOTHER ROUND OF BRIEFING AND CONSIDERATION ON THIS ISSUE, I
4  HAVE TO BE MINDFUL OF THIS COURT'S RESOURCES AND SPENDING THOSE
5  RESOURCES FAIRLY ON ALL OF MY CASES AND ALL PARTIES AND NOT
6  JUST THE PARTIES IN THIS PARTICULAR CASE.
7       SO WHILE I APPRECIATE THE COMPETITIVE INTEREST THAT'S
8  BEEN RAISED, I FIND IT INSUFFICIENT TO OVERCOME THE PUBLIC'S
9  INTEREST, AND I FIND THE GOOD CAUSE STANDARD HAS NOT BEEN MET.
10      ON THAT BASIS, THE MOTION IS DENIED
11          MR. CHASSMAN:  YOUR HONOR, MAY I MAKE ONE OTHER
12 REQUEST.  PETE CHASSMAN.
13   I DON'T THINK THIS WILL TAKE THE COURT'S TIME OR EFFORT.
14 IF YOU LOOK AT THE LAST PAGE OF THE DOCUMENT IT SAYS, THE
15 SECOND TO THE LAST PARAGRAPH STARTS WITH THE WORD FINALLY, IT
16 STATES:  MOTOROLA'S FINAL OFFER, WHICH WAS INCLUDED IN THE
17 NEGOTIATION, WOULD THE COURT CONSIDER ALLOWING US TO REDACT AT
18 LEAST THAT SENTENCE OF THE PARAGRAPH?
19          THE COURT:  NO.
20          MR. CHASSMAN:  THAT'S THE LAST OFFER.
21          THE COURT:  I APPRECIATE THE REQUEST.  I'M GOING TO
22 DECLINE IT.
23   I DO NEED TO MOVE ON.  BUT AGAIN, I APPRECIATE YOUR TIME
24 AND ARGUMENT THIS AFTERNOON AND WE WILL ISSUE A MINUTE ORDER
25 CONFIRMING THE RULING.

```
1          ALL RIGHT.  UNLESS THERE'S ANYTHING ELSE, I WILL WISH YOU
2     ALL A VERY GOOD AFTERNOON.
3              MR. CHASSMAN:  THANK YOU, YOUR HONOR.
4              THE COURT:  THANK YOU.
5              (WHEREUPON, THE PROCEEDINGS IN THIS MATTER WERE
6     CONCLUDED.)
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

## CERTIFICATE OF REPORTER

I, THE UNDERSIGNED OFFICIAL COURT REPORTER OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, 280 SOUTH FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY CERTIFY:

THAT THE FOREGOING TRANSCRIPT, CERTIFICATE INCLUSIVE, CONSTITUTES A TRUE, FULL AND CORRECT TRANSCRIPT OF MY SHORTHAND NOTES TAKEN AS SUCH OFFICIAL COURT REPORTER OF THE PROCEEDINGS HEREINBEFORE ENTITLED AND REDUCED BY COMPUTER-AIDED TRANSCRIPTION TO THE BEST OF MY ABILITY.

_____
SUMMER A. FISHER, CSR, CRR
CERTIFICATE NUMBER 13185           DATED: 10/16/12