Andrew L. Chang (CA Bar No. 222309)
achang@shb.com
SHOOK, HARDY & BACON L.L.P.
One Montgomery, Suite 2700
San Francisco, California 94104-4505
Phone: (415) 544-1900
Facsimile: (415) 391-0281

Angel Mitchell
amitchell@shb.com
B. Trent Webb
bwebb@shb.com
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, Missouri 64108-2613
Telephone: 816.474.6550
Facsimile: 816.421.5547

Attorneys for Non-Party,
SPRINT SPECTRUM, L.P.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California Corporation, <br><br> Plaintiff, <br><br> vs. <br><br> SAMSUNG ELECTRONICS CO., LTD., a Korean Corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York Corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability Company, <br><br> Defendants. | Case No. 11-CV-01846-LHK <br><br> **DECLARATION OF DAVID OWENS IN SUPPORT OF EXPEDITED MOTION FOR ADMINISTRATIVE RELIEF BY NONPARTY SPRINT SPECTRUM, L.P. TO SEAL DOCUMENT IN PART** <br><br> [Civ. L.R. 79-5] <br><br> Date: Expedited Request <br> Courtroom: 8, 4th Floor <br> Judge: Hon. Lucy H. Koh <br> Courtroom: 5, 4th Floor <br> Magistrate: Paul S. Grewal |

I, David Owens, declare and state that I have personal knowledge of the facts stated below and declare the following under penalty of perjury:

1.  I am Vice President of Products for Sprint and I have held this position since February of 2011. Before that, I was Sprint's Vice President of Marketing of Consumer Acquisition. I have worked for Sprint for more than 20 years.

2.  Sprint is a communications company offering a comprehensive range of communications products and services that are designed to meet the needs of consumers. As it relates to this lawsuit, Sprint offers for sale wireless services using a variety of multi-functional devices, such as handsets manufactured by various suppliers, for use with our voice and data services.

3.  I submit this declaration to explain the substantial harm that Sprint, its business partners, and its customers would suffer if certain information regarding the economics surrounding the Samsung devices mentioned in the attached Exhibit 42 is not redacted from the public filing.

4.  This document contains extremely sensitive trade secret information that Sprint closely guards, including the amount paid by Sprint to Samsung for several different Samsung handset models. The document relates to a Sprint claim for reimbursement from Samsung for Sprint's costs caused by quality issues associated with a particular Samsung handset device. It sets forth the financial impact that these quality issues had on Sprint, including Samsung's handling of its proposed resolution for those quality issues. The chart at the top of page 2 of Exhibit 42 sets forth detailed and confidential information regarding seven different Samsung handsets, including the cost to Sprint of each handset device, return/exchange rates for each type of device, the extent to which those return/exchange rates were above what Sprint considers to be normal, incremental exchanges, and total excessive costs to Sprint associated with returns and exchanges on the listed Samsung handsets. It also contains the actual cost of repair for handset devices. It then sets forth screen shots with consumer ratings from which a reader could deduce the particular Samsung handset at issue. Finally, on the third page, it sets forth the major software issues Sprint encountered for this handset.

5.  Financial information relating to the economics associated with a wireless carrier carrying a particular handset device, including the price paid by the carrier for the device, is extraordinarily sensitive competitive information that is carefully guarded by all players within the wireless industry. For example, Sprint and the other carriers treat the prices they pay a handset

manufacturer for handsets as extremely confidential trade secrets that they never share with other carriers or other handset makers. Indeed, Sprint and the other carriers and manufacturers consider such information to be so confidential that even when they are co-defendants in patent litigation, the information is treated as highly confidential and is not made available to anyone other than outside counsel for co-defendants. Similarly, even within Sprint itself, this type of information is considered so sensitive that it is disclosed internally only to employees with a clear and direct need to know it.

6. Public disclosure of the price and other economic information in Exhibit 42 would give Sprint's competitors and other manufacturers, who do not have to disclose their own, similar information, a significant competitive advantage over Sprint. Carriers and manufacturers would be able to use this information to influence negotiations with each other and to make strategic purchasing and pricing decisions. Such disclosure would give Sprint's competitors and other manufacturers access to closely guarded information that they never otherwise would be able to obtain, while they would still be able to maintain secrecy of their own confidential trade secret information.

7. Exhibit 42 also sets forth the number of handsets repaired because of software issues like sluggish performance, locking up, and data freezing. This information is carefully recorded and closely analyzed by Sprint, and by other carriers regarding their own devices, for the purpose of identifying which devices are more desired by consumers and where to shift corporate resources for optimizing market demand for the best devices paired with the best services. This information takes resources to collect, analyze, and maintain. Disclosure of this data would allow competitors to forgo the costs associated with market research and to benefit from Sprint's corporate expenditure and diligent efforts to maintain the secrecy of important knowledge of the trade for the purpose of optimizing company offerings with consumer demand. Moreover, disclosure of this information would give other carriers a potential competitive advantage that they could use against Sprint, for example in marketing, without allowing Sprint access to similar information from those carriers about their devices.

Executed under penalty of perjury of the laws of the United States this 16th day of October, 2012.

By: _____
David Owens

4

DECL. OF DAVID OWENS ISO MOT'N BY NONPARTY SPRINT TO SEAL DOCUMENT IN PART
CASE NO. 11-CV-01846-LHK