UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California corporation, | Case No.: 11-CV-01846-LHK |
| Plaintiff,<br>v.<br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br>Defendants. | ORDER GRANTING IN PART AND DENYING IN PART MOTION TO SEAL |

On September 14, 2012, this Court issued an order granting in part and denying in part the parties' motions to file documents under seal. ECF No. 1966. Several of those motions were made pursuant to Civil Local rule 79-5(d), and were denied without prejudice because no supporting declarations were filed. The parties have now filed renewed motions to seal some of those documents, with supporting declarations. ECF Nos. 1979 (Apple) and 1980 (Samsung).

**I.      Legal Standard**

As this Court has explained in its previous sealing orders in this case, courts have recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of

1

Case No.: 11-CV-01846-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO SEAL

access' is the starting point. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). In order to overcome this strong presumption, a party seeking to seal a judicial record must articulate justifications for sealing that outweigh the public policies favoring disclosure. *See id.* at 1178-79. Because the public's interest in non-dispositive motions is relatively low, a party seeking to seal a document attached to a non-dispositive motion need only demonstrate "good cause." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (applying "good cause" standard to all non-dispositive motions, because such motions "'are often unrelated, or only tangentially related, to the underlying cause of action'" (citing *Kamakana*, 447 F.3d at 1179)).

Conversely, "the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the 'public's understanding of the judicial process and of significant public events.'" *Kamakana*, 447 F.3d at 1179 (quoting *Valley Broadcasting Co. v. U.S. Dist. Court for Dist. of Nev.*, 798 F.2d 1289, 1294 (9th Cir. 1986)). Thus, a party seeking to seal a judicial record attached to a dispositive motion or presented at trial must articulate "compelling reasons" in favor of sealing. *See id.* at 1178. "In general, 'compelling reasons' . . . exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to . . . release trade secrets." *Id.* at 1179 (citing *Nixon*, 435 U.S. at 598). The Ninth Circuit has adopted the Restatement's definition of "trade secret" for purposes of sealing, holding that "[a] 'trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *In re Electronic Arts*, 298 Fed. App'x 568, 569-70 (9th Cir. 2008) (quoting *Restatement of Torts* § 757, cmt. b). Additionally, "compelling reasons" may exist if sealing is required to prevent judicial documents from being used "'as sources of business information that might harm a litigant's competitive standing.'" *Id.* at 569 (9th Cir. 2008) (citing *Nixon*, 435 U.S. at 598). The documents at issue here are all from the trial stage of the litigation, and are thus subject to the "compelling reasons" standard.

**II.    ANALYSIS**

Apple's Motion

2

Case No.: 11-CV-01846-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO SEAL

Apple seeks to seal two documents: PX 63, and Exhibit 14 to the Declaration of Diane Hutnyan in Support of Samsung's Proffer. *See* ECF No. 1979. PX 63 is a trial exhibit containing confidential source code; Apple now seeks to seal it in the context of its notice of excluded exhibits. This Court previously ordered the same document sealed when it was introduced the first time, as a trial exhibit. *See* ECF No. 1649 at 8. As Apple now seeks to seal the same document refiled in a new context, the "compelling reasons" analysis is exactly the same. Accordingly, consistent with this Court's previous order, Apple's motion to seal PX 63 in connection with its notice of excluded exhibits is GRANTED.

Apple also seeks to redact certain information from Exhibit 14 to the Hutnyan Declaration. The portions Apple seeks to redact contain specific information about the royalty rates in Apple's license agreements with various third parties. As this Court has previously explained, royalty rates are sealable under the "compelling reasons" standard because disclosure could create an asymmetry of information in the negotiation of future licensing deals. *See* ECF No. 1649 at 10-11 (citing *In re Electronic Arts,* 298 F. App'x at 569). Accordingly, Apple's motion to seal Exhibit 14 to the Hutnyan Declaration is GRANTED.

<u>Samsung's Motion</u>

Samsung seeks to seal two documents designated as confidential by Intel, two documents designated as confidential by Ericsson, and one document designated as confidential by Microsoft. The Court will address each in turn.

First, Intel has filed the Declaration of Christopher Kelley in support of Samsung's motion to seal excerpts from Exhibit 87 to Samsung's Notice of Filing of Excluded Exhibits. Specifically, the second and third pages of this exhibit contain diagrams from Intel's X-GOLD 61x Product Specification. ECF No. 1980-5. This Court has previously found that the X-GOLD 61x Product Specification, as Intel's proprietary technical information, meets the "compelling reasons" standard and ordered it sealed. *See* ECF No. 1649 at 27; ECF No. 1959 at 2-3. Accordingly, Samsung's motion to seal excerpts from Exhibit 87 is GRANTED.

Second, Ericsson has filed the Declarations of Courtland L. Reichman and Anna Johns in support of Samsung's motion to seal PX 87 and PX 2065. ECF No. 2006. Ericsson proposes

1    redactions to these two documents to remove the royalty amount and rate terms of a cross-license

2    offer from Ericsson to Samsung. Ericsson does not seek to seal the entire documents. As

3    discussed above, this Court has previously found that the royalty terms of license agreements meet

4    the "compelling reasons" standard, and has allowed such information to be sealed. *See* ECF No.

5    1649 at 10-11. The same reasoning applies here. Accordingly, Samsung's motion to seal PX 87

6    and PX 2065 is GRANTED with regards to Ericsson's proposed redactions and DENIED as to the

7    complete documents.

8    Third, Microsoft has not filed a declaration as required by Civil Local Rule 79-5(d).

9    Accordingly, Samsung's motion is DENIED without prejudice as to Exhibit 10 to the Declaration

10   of Curran M. Walker in Support of Samsung's Objections and Responses Regarding Exhibits and

11   Deposition Designations.

12   **IT IS SO ORDERED.**

13   Dated: October 16, 2012

14   

_____
LUCY H. KOH
United States District Judge