UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California corporation,<br><br>    Plaintiff,<br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>    Defendants. | Case No.: 11-CV-01846-LHK<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION TO SEAL AND GRANTING IN PART AND DENYING IN PART REQUEST FOR STAY |

  Before the Court is Apple's motion to seal portions of its Motion for Damages Enhancements and Permanent Injunction ("Damages Motion") and a range of documents filed in support thereof. Apple also moves to seal some information pursuant to Civil Local Rule 79-5(d), on grounds that Samsung has designated it as confidential. For the reasons stated below, the court GRANTS in part and DENIES in part Apple's motion to seal, and GRANTS in part and DENIES in part Apple's request to stay the effect of this Order.

**I.  Background**

  On August 9, 2012, the Court issued an order addressing the litigants' and third parties' motions to seal that had been filed to that point (hereafter "August 9 Order"). ECF No. 1649. In

1

the August 9 Order, the Court laid out several categories of information that were sealable under Ninth Circuit law.  Specifically, the Court addressed Apple's request to seal its financial information, including product-specific profits, profit margins, unit sales, revenue, and costs.  *See* August 9 Order at 5.  The Court ruled that it was "not persuaded that Apple's interest in sealing its financial data outweighs the public's interest in accessing this information," *id.*, and that "the financial information that Apple seeks to seal is essential to each party's damages calculations," thus increasing its value to the public.  *Id.* at 6.  Accordingly, the Court denied Apple's motion to seal a range of documents containing this type of financial information.

Apple then appealed this denial to the Federal Circuit.  This Court stayed its August 9 Order with regard to the financial information until the Federal Circuit ruled on the parties' motions to stay.  ECF No. 1754.  The Federal Circuit stayed this Court's August 9 Order pending final resolution of the Appeal.  Federal Circuit Case No. 12-1600, Dkt. No. 39.  Thus, as of now, the information remains sealed.

**II.     Legal Standard**

As this Court has explained in its previous sealing orders in this case, courts have recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). In order to overcome this strong presumption, a party seeking to seal a judicial record must articulate justifications for sealing that outweigh the public policies favoring disclosure. *See id.* at 1178-79.  Because the public's interest in non-dispositive motions is relatively low, a party seeking to seal a document attached to a non-dispositive motion need only demonstrate "good cause." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (applying "good cause" standard to all non-dispositive motions, because such motions "'are often unrelated, or only tangentially related, to the underlying cause of action'" (citing *Kamakana*, 447 F.3d at 1179)).

Conversely, "the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the 'public's understanding of the judicial process and of significant public events.'" *Kamakana*, 447 F.3d at 1179 (quoting *Valley Broadcasting Co. v. U.S. Dist. Court for Dist. of Nev.*, 798 F.2d 1289, 1294 (9th Cir. 1986)). Thus, a party seeking to seal a judicial record attached to a dispositive motion or presented at trial must articulate "compelling reasons" in favor of sealing. *See id.* at 1178. "In general, 'compelling reasons' . . . exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to . . . release trade secrets." *Id.* at 1179 (citing *Nixon*, 435 U.S. at 598). The Ninth Circuit has adopted the Restatement's definition of "trade secret" for purposes of sealing, holding that "[a] 'trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *In re Electronic Arts*, 298 Fed. App'x 568, 569-70 (9th Cir. 2008) (quoting *Restatement of Torts* § 757, cmt. b). Additionally, "compelling reasons" may exist if sealing is required to prevent judicial documents from being used "'as sources of business information that might harm a litigant's competitive standing.'" *Id.* at 569 (9th Cir. 2008) (citing *Nixon*, 435 U.S. at 598).

As this Court has previously ruled, motions concerning the remedies to be awarded in this case cannot fairly be characterized as "unrelated, or only tangentially related, to the underlying cause of action." *Kamakana,* 447 F. 3d at 1179. To the contrary, these motions implicate the very core of Apple's claims and Apple's desired relief in bringing suit against Samsung. As evidenced by the plethora of media and general public scrutiny of the preliminary injunction proceedings and the trial, the public has a significant interest in these court filings, and therefore the strong presumption of public access applies. Accordingly, the "compelling reasons" standard applies to Apple's Damages Motion, and to documents supporting it.

**III. ANALYSIS**

    A. <u>Motion Pursuant to Civil Local Rule 79-5(d)</u>

3

1    Apple has indicated that many of the documents it seeks to seal have been designated as
2    confidential by Samsung. Specifically, Samsung designated as confidential the proposed
3    redactions to the Damages Motion; the proposed redactions to the Musika Declaration; Exhibits 6-
4    9, 12-14, 21, 24-26, 37, 48-49, 52, and 62-63 to the Musika Declaration; the proposed redactions to
5    the Robinson Declaration; and Exhibit 30 to the Robinson Declaration. Civil Local Rule 79-5(d)
6    governs motions to seal documents designated as confidential by another party. It requires that
7    "the designating party must file with the Court and serve a declaration establishing that the
8    designated information is sealable" within seven days of the motion. Samsung has not filed a
9    declaration supporting Apple's motion. Accordingly, Apple's motion to seal documents pursuant
10   to Civil Local Rule 79-5(d) is DENIED without prejudice.
11   Some of these documents, however, may be sealable on other grounds. Specifically, Apple
12   seeks to seal the proposed redactions on page 27 of the Damages Motion; the proposed redactions
13   on pages 8-9 of the Musika Declaration; Exhibit 2 to the Musika Declaration; and the proposed
14   redactions on page 9 of the Robinson Declaration. These documents will be addressed below.
15       B.  IDC Information
16   Apple has moved to seal a few sentences and a graph included in the Musika Declaration,
17   as well as Exhibit 2 to the Musika Declaration, which consists of data in graph and table form, on
18   grounds that they contain market share data, including projections, from third party IDC. This
19   Court has previously considered a request from Apple that IDC information be sealed. In the
20   August 9 Order, the Court agreed that because, pursuant to an agreement between IDC and Apple,
21   a limited amount of IDC data would be introduced at trial, disclosure of IDC's full report and
22   underlying data spreadsheet would not be necessary to inform the public, and could be very
23   harmful to IDC, whose business depends on selling such information. August 9 Order at 10. The
24   same reasoning applies here. The documents Apple now seeks to seal, like the full reports the
25   Court previously found sealable, relate to the entire smartphone market, and not specifically to
26   Apple's or Samsung's market shares. Though they are far less extensive than the full reports the
27   Court previously ordered sealed, they present data in summary form, allowing the reader to deduce
28

4

Case No.: 11-CV-01846-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO SEAL AND GRANTING IN PART AND
DENYING IN PART REQUEST FOR STAY

a significant amount of information about the content of the full reports.  Their release could harm IDC in so far as it might reduce IDC's ability to sell its reports to other customers, and the public's interest in this information about the smartphone market generally is not especially great, and could be satisfied by the information disclosed at trial.  These documents containing IDC information thus meet the "compelling reasons" standard.  Accordingly, consistent with the August 9 Order, the Court GRANTS Apple's motion to seal the portions of the Musika Declaration identified on pages 8-9 and Exhibit 2 to the Musika Declaration.

### C.  Confidential Financial Information

Finally, Apple seeks to redact product-specific unit sales, revenue, profit, profit margin, and cost data from its Damages Motion, as well as from the Robinson Declaration and Exhibit 8 to the Robinson Declaration.  As this Court explained in the August 9 Order, Apple has not established that public availability of its product-specific unit sales, revenue, profit, profit margin, and cost data would actually provide its competitors with an advantage, as would be required to find the information sealable under the "compelling reasons" standard.  August 9 Order at 5-6.

In seeking the very large damages award it sought at trial, Apple stipulated to the introduction of JX1500, a partial summary of its damages calculations, which contains some product-specific unit sales and revenue information.  *See* ECF No. 1597.  As Apple appears to have realized in introducing that exhibit, it cannot both use its financial data to seek multi-billion dollar damages and insist on keeping it secret.

Further, this Court previously found that the financial information was essential to Apple's damages calculations, thus increasing the public's interest in access.  August 9 Order at 6.  Apple's present Damages Motion also requires detailed financial analysis, and the public's interest in accessing Apple's financial information is now perhaps even greater than it was at trial.  Apple's motion seeks to permanently enjoin the sale of 26 Samsung products that have already been on the market for varying lengths of time, and seeks an enhancement of $535 million on top of the $1.05 billion in damages awarded by the jury.  Such remedies would have a profound effect on the smartphone industry, consumers, and the public.  As the extensive media coverage indicates, this is

a truly extraordinary case of exceptional interest to the public. Apple's reasons would have to be very compelling indeed to overcome the unusually robust public interest in access.

Beyond continuing to assert that its financial data are "trade secrets," Apple has not provided any new arguments for why this information should be protected. Accordingly, consistent with the August 9 Order, this Court finds that Apple's unit sales, revenue, profit, profit margin, and cost data do not meet the "compelling reasons" standard. Apple's motion to seal is DENIED as to the proposed redactions on page 27 of the Damages Motion, page 9 of the Robinson Declaration, and Exhibit 8 to the Robinson Declaration. For the reasons explained below, this denial is without prejudice.

D. Stay

The Federal Circuit has stayed this Court's prior Order denying Apple's request to seal its confidential financial information. Though the documents at issue in the present motion are not the same documents considered in the August 9 Order, they are subject to exactly the same analysis. Thus, the outcome of the appeal of the August 9 Order bears on the present Order. If the present Order were to have immediate effect, it would undermine the stay that both this Court and the Federal Circuit have imposed pending the Federal Circuit's resolution of the issue.

As this Court explained in granting the stay of the August 9 Order, Federal Rule of Civil Procedure 62(c) vests the power to stay an order pending appeal with the district court. *See* Fed. R. Civ. P. 62(c). For both the appellate court and the district court "the factors regulating the issuance of a stay are generally the same: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other [parties' interest] in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). Deciding whether to grant a stay of an order pending an appeal is an equitable inquiry. Each factor in the analysis need not be given equal weight. *Standard Havens Prods. v. Gencor Indus.*, 897 F.2d 511, 512 (Fed. Cir. 1990). "When harm to applicant is great enough, a court will not require

'a strong showing' that applicant is 'likely to succeed on the merits.'" *Id*. (citing *Hilton*, 481 U.S. at 776).

Although this Court does not believe that the partial denial of the parties' sealing request was erroneous either in the August 9 Order or in this Order, this Court nonetheless recognizes that should the Federal Circuit disagree, the parties will be deprived of any remedy if this Court does not stay its Order. When the information is publicly filed, what once may have been trade secret no longer will be. Thus, the parties may be irreparably injured absent a stay. In contrast, the public interest, which favors disclosure of relevant information in order to understand the proceedings, is not unduly harmed by a short stay.

Accordingly, the Court GRANTS Apple's request to stay disclosure of the unredacted versions of the Damages Motion, the Robinson Declaration, and Exhibit 8 to the Robinson Declaration. This stay applies only to those redactions made pursuant to Apple's claim of confidential financial information, as identified in Apple's sealing motion and in this Order. The denial regarding redactions made pursuant to Samsung's designations, for which Samsung did not file a declaration in support of sealing, is not subject to this stay. The stay shall be in effect pending a decision by the Federal Circuit on the parties' appeals of this Court's August 9, 2012 Order Granting-in-Part and Denying-in-Part the parties' motion to seal. As the Federal Circuit's ruling on the appeal may alter the appropriate analysis for sealing confidential financial information, the denial of Apple's motion to seal as to the proposed redactions on page 27 of the Damages Motion, page 9 of the Robinson Declaration, and Exhibit 8 to the Robinson Declaration is without prejudice.

**IT IS SO ORDERED.**

Dated: October 17, 2012

LUCY H. KOH
United States District Judge