UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC.,<br><br>    Plaintiff,<br>  v.<br><br>SAMSUNG ELECTRONICS CO., LTD, a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>    Defendants. | Case No.: C 11-1846 LHK (PSG)<br><br>**ORDER GRANTING NONPARTY SPRINT SPECTRUM, L.P.'S MOTION TO SEAL DOCUMENT IN PART**<br><br>**(Re: Docket No. 736)** |

On October 17, 2012, Sprint Spectrum, L.P. ("Sprint") moved to seal in part a document this court ordered to be unsealed in its order on September 18, 2012 ("September 18 order").[1] The document at issue is a memorandum describing problems Sprint had with products from Samsung Telecommunications America, LLC ("Samsung"), a defendant in this case. The document was submitted as an exhibit to a motion filed by Apple, Inc. ("Apple") to show that one of Samsung's executives had sufficient decision-making authority to be deposed.[2] The court ordered the

---

[1] *See* Docket No. 1978.

[2] *See* Docket No. 736.

1

Case No.: C 11-1846 LHK (PSG)
ORDER GRANTING SPRINT SPECTRUM, L.P.'S MOTION TO SEAL IN PART

document unsealed because Samsung failed to provide with particularity good cause for sealing the exhibit and failed to narrowly tailor its request.

Sealing requests for records attached to nondispositive motions, like the motion to compel underlying this request, are subject to the "good cause" standard of Fed. R. Civ. P. 26(c).[3] The standard requires a "particularized showing"[4] that "specific prejudice or harm will result" if the information is disclosed.[5] "[B]road allegations of harm, unsubstantiated by specific examples or articulated reasoning" will not suffice.[6]

Sprint does not argue for the entire document to be sealed. Sprint instead requests only that the document be filed with limited redactions of financial and economic information regarding the number of phones returned and the amount in reimbursement Sprint sought from Samsung for the quality problems. Backed by a supporting declaration, Sprint asserts that it maintains data regarding the prices it pays for handsets in strict confidentiality to avoid competitive harm from other manufacturers and competitors who could use the data to its detriment. The court notes that the information, which was produced less than a year before the underlying litigation began, is relatively recent and therefore would have a greater impact if disclosed than information from several years ago.

Sprint has narrowly tailored its request to specific economic and financial information for which it has shown good cause that it could be harmed if the information is disclosed. Accordingly, Sprint's motion to redact Exhibit 42 to Docket Number 736 is GRANTED.

---

[3] *See Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

[4] *Id.* at 1178-79.

[5] Fed. R. Civ. P. 26(c).

[6] *Id.*

2
Case No.: C 11-1846 LHK (PSG)
ORDER GRANTING SPRINT SPECTRUM, L.P.'S MOTION TO SEAL IN PART

IT IS HEREBY ORDERED that within seven days Apple shall file the document with Sprint's redactions.

IT IS SO ORDERED.

Dated: October 17, 2011

PAUL S. GREWAL
United States Magistrate Judge

3

Case No.: C 11-1846 LHK (PSG)
ORDER GRANTING SPRINT SPECTRUM, L.P.'S MOTION TO SEAL IN PART