1   HAROLD J. MCELHINNY (CA SBN 66781)      WILLIAM F. LEE
    hmcelhinny@mofo.com                     william.lee@wilmerhale.com
2   MICHAEL A. JACOBS (CA SBN 111664)       WILMER CUTLER PICKERING
    mjacobs@mofo.com                        HALE AND DORR LLP
3   RACHEL KREVANS (CA SBN 116421)          60 State Street
    rkrevans@mofo.com                       Boston, MA 02109
4   JENNIFER LEE TAYLOR (CA SBN 161368)     Telephone: (617) 526-6000
    jtaylor@mofo.com                        Facsimile: (617) 526-5000
5   MORRISON & FOERSTER LLP
    425 Market Street
6   San Francisco, California  94105-2482   MARK D. SELWYN (SBN 244180)
    Telephone:  (415) 268-7000              mark.selwyn@wilmerhale.com
7   Facsimile:  (415) 268-7522              WILMER CUTLER PICKERING
                                            HALE AND DORR LLP
8                                           950 Page Mill Road
    Attorneys for Plaintiff and             Palo Alto, California 94304
9   Counterclaim-Defendant APPLE INC.       Telephone: (650) 858-6000
                                            Facsimile: (650) 858-6100
10

11

12                        UNITED STATES DISTRICT COURT

13                      NORTHERN DISTRICT OF CALIFORNIA

14                              SAN JOSE DIVISION

15

16  APPLE INC., a California corporation,       Case No. 11-cv-01846-LHK

17              Plaintiff,                       **APPLE'S OBJECTIONS TO**
                                                 **EVIDENCE IN SAMSUNG'S**
18         v.                                    **REPLY IN SUPPORT OF MOTION**
                                                 **ON NON-JURY CLAIMS,**
19  SAMSUNG ELECTRONICS CO., LTD., a            **INCLUDING INDEFINITENESS**
    Korean corporation; SAMSUNG
20  ELECTRONICS AMERICA, INC., a New            Date:    Dec. 6, 2012
    York corporation; and SAMSUNG              Time:    1:30 p.m.
21  TELECOMMUNICATIONS AMERICA,                 Place:   Courtroom 4, 5th Floor
    LLC, a Delaware limited liability company,  Judge:   Hon. Lucy H. Koh
22
23              Defendants.

24

25

26

27

28

APPLE'S OBJECTIONS TO EVIDENCE IN SAMSUNG'S REPLY ON NON-JURY CLAIMS
CASE NO. 11-CV-01846-LHK
sf-3207653

1    Pursuant to Civil Local Rule 7-3, Apple objects to deposition testimony and PTO

2  documents that Samsung submitted as Exhibits 3 to 17 to its Reply In Support of Motion on Non-

3  Jury Claims (Dkt. No. 2042).  This new "reply" evidence should be stricken because it is not

4  valid rebuttal, violates the Court's briefing limits, and was not identified in Samsung's

5  interrogatory responses.  Further, Samsung has not laid a foundation for lay testimony on the

6  meaning of Apple's design patents, which is an issue of law for the Court to decide.

7
**I.    SAMSUNG'S NEW EVIDENCE DOES NOT CONSTITUTE VALID REBUTTAL**
8      **AND SHOULD HAVE BEEN INCLUDED WITH SAMSUNG'S OPENING BRIEF**

9    Apple objects to Pierce Reply Declaration Exhibits 3 to 17 (Dkt. Nos. 2042-4 to 2042-18)

10  on the ground that they are impermissible new evidence in reply.

11    "It is well established that new arguments and evidence presented for the first time in

12  Reply are waived," especially as to issues that "should have been addressed in the opening brief."

13  *Docusign, Inc. v. Sertifi, Inc.*, 468 F. Supp. 2d 1305, 1307 (W.D. Wash. 2006) (striking new

14  evidence and argument that should have been included in initial motion) (citation omitted); *see*

15  *Contratto v. Ethicon, Inc.*, 227 F.R.D. 304, 308 n.5 (N.D. Cal. 2005) (striking new evidence

16  because "Defendants' attempt to introduce new evidence in connection with their reply papers is

17  improper"); *Wallace v. Countrywide Home Loans, Inc* 08-1463, 2009 U.S. Dist. LEXIS 110140,

18  at *17-19 (C.D. Cal. Nov. 23, 2009) (declining to consider new evidence because court "may

19  refuse to consider new evidence submitted for the first time in a reply if the evidence should have

20  been presented with the opening brief") (citations omitted).

21    Samsung's Reply violates this rule by arguing, for the first time, that thirteen deposition

22  transcripts of Apple inventors "and other witnesses" show that Apple's design patents are

23  indefinite.  (Dkt. No. 2042 at 3:12-14 & n.1, citing Pierce Reply Decl. Exs. 3 to 15 (Dkt. Nos.

24  2042-4 to 2042-16).)  Samsung did not cite this testimony or refer to any of the deponents in its

25  opening brief, despite devoting an entire section to its argument that "Apple's Design Patents Are

26  Invalid Because They Are Indefinite."  (Dkt. No. 1988 at 5-8.)  The deposition testimony does not

27  rebut any specific argument or evidence in Apple's opposition, which did not refer to any of the

28  deponents.  (*See* Dkt. No. 2027 at 4-7.)  Rather, this deposition testimony is pre-existing evidence

APPLE'S OBJECTIONS TO EVIDENCE IN SAMSUNG'S REPLY ON NON-JURY CLAIMS
CASE NO. 11-CV-01846-LHK
sf-3207653

1

1   that Samsung inexcusably failed to cite in its opening brief.  This failure is especially egregious in

2   view of the Court's Order that briefing limits "will be strictly enforced."  (Dkt. No. 1945 at 3.)

3   By shifting arguments and evidence that belonged in its opening brief to its reply, Samsung seeks

4   to expand the page limit for its opening (which was exactly at the limit).[1]

5        Samsung's Reply also argues, for the first time, that the "reasonableness of Samsung's

6   invalidity argument" is supported by "the decision of the PTO to grant reexamination of the '381

7   and '915 patents."  (Dkt. No. 2042 at 6:22-24, citing Pierce Reply Decl. Exs. 16 and 17.)  Once

8   again, Samsung improperly seeks to present new evidence and arguments in its "reply."  Samsung

9   argued in its opening brief of September 21, 2012, that its validity defenses "are at least

10  reasonable" (Dkt. No. 1988 at 10:18-20), but failed to cite the communications that the PTO sent

11  over one month earlier, on August 17 and July 30, 2012.  (Dkt. No. 2042-17 at 2; Dkt. No. 2042-

12  18 at 2).)  Samsung has no valid excuse for this failure, so its new evidence should be stricken.

13
    **II.    SAMSUNG FAILED TO IDENTIFY ITS NEW EVIDENCE IN ITS RESPONSES**
14  **       TO APPLE'S CONTENTION INTERROGATORIES**

15       Apple also objects to Samsung's new evidence because Samsung failed to identify it in

16  response to interrogatories asking Samsung to "explain the factual and legal bases" for Samsung's

17  invalidity defenses.  As Apple noted in its opposition to Samsung's motion, Samsung responded

18  to Apple's interrogatories by asserting that Apple's design patents were "indefinite," but gave no

19  explanation of any kind.  (*See* Dkt. No. 2027 at 4:10-14; Dkt. No. 2027-5 at 10:23-25, 11:24-26,

20  12:26-28, 15:1-3.)  In its Reply, Samsung refers to its vague contention that "substantially

21  centered" is indefinite (Dkt. No. 2042 at 2:16-17), but cites no evidence that it timely disclosed

22  the factual and legal bases for its indefiniteness defenses to any of Apple's design patents.  Thus,

23  Samsung should not "be permitted to argue, through fact witnesses or otherwise, for invalidity of

24  design patents," based on indefiniteness evidence and theories that it failed to disclose in timely

25  responses to Apple's interrogatories.  (*See* Dkt. No. 1545 at 10:13-14.)

26

27  [1]  Samsung has also violated the Court's Order that "[a]ny citations to the record must include the
    relevant testimony or exhibit language" (Dkt. No. 1945 at 3:10-11), by citing all 13 depositions in
    a single footnote that does not explain their content (Dkt. No. 2042 at 3:12-14 & n.1).
28

APPLE'S OBJECTIONS TO EVIDENCE IN SAMSUNG'S REPLY ON NON-JURY CLAIMS
CASE NO. 11-CV-01846-LHK                                                                          2
sf-3207653

**III.     SAMSUNG'S NEW EVIDENCE LACKS SUFFICIENT FOUNDATION**

Apple further objects to Samsung's new deposition testimony because Samsung has not shown that the lay witnesses are qualified to construe design patents, which is an issue of law for this Court to decide.  Foundation is critical because much of the testimony relates to issues that are legal rather than technical in nature, such as the meaning of certain types of lines in interpreting a design patent.  (*See,e.g.*, Dkt. No. 2042-8 (dotted lines); Dkt. No. 2042-11 (dotted lines); Dkt. No. 2042-12 (diagonal lines); Dkt. No. 2042-13 (broken lines and diagonal lines).)  This is an area addressed by special regulations and rules that most industrial designers do not know.  Accordingly, Apple repeatedly objected that these questions lacked foundation and called for a legal conclusion and for speculation.[2]  Even if the witnesses might be able to testify to their own lay understanding, this would not show indefiniteness because this is a matter of law for the Court. *See Praxair, Inc. v. ATMI, Inc.*, 543 F.3d 1306, 1321 (Fed. Cir. 2008) (expert's inability "to reach a single consistent construction" of a term in a utility patent did not prove the patent invalid, "since indefiniteness is a legal rather than a factual question") (citation omitted).

In addition, the deposition excerpts submitted by Samsung do not lay a foundation as to why Kurt Dammermann—who is not a named inventor of any of the design patents and left Apple in 2006—would have knowledge of Apple's design patents.  (Dkt. No. 2042-6.)

### CONCLUSION

For the foregoing reasons, Pierce Reply Declaration Exhibits 3 to 17 should be stricken.

Dated:  October 19, 2012

MORRISON & FOERSTER LLP

By:     */s/ Michael A. Jacobs*
         Michael A. Jacobs

         Attorneys for Plaintiff
         APPLE INC.

---

[2]   *See, e.g.*, Dkt. No. 2042-4 at 105:25-106:1, 106:8-11, 106:17-19; Dkt. No. 2042-6 at 234:11-12; Dkt. No. 2042-7 at 156:10-14; Dkt. No. 2042-8 at 94:3-4, 94:18-20, 95:1-2, 95:17-19, 96:3-5, 96:24-97:1, 97:8-10, 97:22-24, 97:25-98:1, 98:9-10, 98:18-20; Dkt. No. 2042-9 at 39:8; Dkt. No. 2042-10 at 14:7-9, 14:17-19; Dkt. No. 2042-11 at 98:17-19, 99:17-18, 99:24-25, 100:6-7, 100:13, 101:25-102:1, 102:7, 103:4, 103:10-11, 115:20-22, 116:2-4, 116:2-4, 117:12-14, 117:22-24, 120:7-9, 120:14-16, 110:24-121:1, 123:6-8, 124:6-7, 124:21-23; Dkt. No. 2042-12 at 74:2-4, 75:13; Dkt. No. 2042-13 at 53:20-21, 54:6, 54:13-14, 55:22-56:1, 56:7, 56:23-24, 92:5-6, 92:22-24, 93:6, 93:17, 93:23, 94:2, 94:10, 94:17, 94:25, 107:23-24, 108:23-24, 110:22, 111:3, 111:9.