# EXHIBIT 10

```
                                                              Page 1
 1   UNITED STATES DISTRICT COURT NORTHERN
     DISTRICT OF CALIFORNIA SAN JOSE DIVISION
 2   ---------------------------------------X
     APPLE INC., a California corporation
 3
 4                              PLAINTIFF,
 5        -against-
 6   SAMSUNG ELECTRONIC CP., LTD., a Korean
     business entity; SAMSUNG ELECTRONICS
 7   AMERICAN, INC., A New York Corporation;
     SAMSUNG TELECOMMUNICATIONS AMERICA, LLC,
 8   a Delaware limited liability company,
 9
                                DEFENDANTS.
10   ---------------------------------------X
11
12        ***CONFIDENTIAL***
13
14
15   VIDEOTAPED DEPOSITION OF RUSSELL WINER
16        New York, New York
17        Friday, April 27, 2012
18
19
20
21
22
23   Reported by:
24   Rebecca Schaumloffel, RPR, CLR
25   JOB NO. 48805
```

Confidential

Page 2

1
2
3
4
5        April 27, 2012
6         9:16 a.m.
7
8
9
10       Deposition of Russell Winer, held at
11   the offices of Quinn Emanuel, 51 Madison
12   Avenue, New York, New York, before Rebecca
13   Schaumloffel, a Registered Professional
14   Reporter, Certified Livenote Reporter and
15   Notary Public of the State of New York.
16
17
18
19
20
21
22
23
24
25

```
 1    A P P E A R A N C E S:
 2
 3       MORRISON & FOERSTER
              Attorneys for the Plaintiff
 4            1290 Avenue of the Americas
              New York, New York 10104
 5         BY:  KAREN L. HAGBERG, ESQ.
 6
 7
 8
 9       QUINN EMANUEL URQUHART & SULLIVAN
              Attorneys for the Defendant
10            865 South Figueroa Street
              Los Angeles, California 90017
11         BY:  MICHAEL T. ZELLER, ESQ.
                MARY McNEILL, ESQ
12    .
13
14
15       ALSO PRESENT:
16
         Mike Pineiro, videographer
17
         Sean Millenel, interning videographer
18
19
20
21
22
23
24
25
```

Confidential

Page 341

| | | |
|---|---|---|
| 1 | A. Yes. | 05:07PM |
| 2 | Can I ask a question about this | 05:07PM |
| 3 | document, Exhibit 3? | 05:08PM |
| 4 | MS. HAGBERG: No, no. You're | 05:08PM |
| 5 | not allowed to ask questions. | 05:08PM |
| 6 | Q. If you look five pages in -- | 05:08PM |
| 7 | THE WITNESS: I know. Just a | 05:08PM |
| 8 | clarification. | 05:08PM |
| 9 | MS. HAGBERG: Maybe he will let | 05:08PM |
| 10 | you. | 05:08PM |
| 11 | A. Five pages in? | 05:08PM |
| 12 | Q. You will see language that says, | 05:08PM |
| 13 | "In sum, Apple's home screen button is a | 05:08PM |
| 14 | distinctive design element tying together | 05:08PM |
| 15 | Apple's family of mobile devices." | 05:08PM |
| 16 | Do you see that? | 05:08PM |
| 17 | MS. HAGBERG: How many pages in? | 05:08PM |
| 18 | Sorry. | 05:08PM |
| 19 | MR. ZELLER: It's five pages in. | 05:08PM |
| 20 | THE WITNESS: It's at the top of | 05:08PM |
| 21 | this long list. | 05:08PM |
| 22 | MS. HAGBERG: Thank you. | 05:08PM |
| 23 | BY MR. ZELLER: | 05:08PM |
| 24 | Q. Do you see that statement? | 05:08PM |
| 25 | A. I do. | 05:08PM |

Confidential

Page 342

| | | |
|---|---|---|
| 1 | Q.    Is that a true statement? | 05:08PM |
| 2 | MS. HAGBERG:  Objection.  Lacks | 05:08PM |
| 3 | foundation.  There is no foundation | 05:08PM |
| 4 | about this document. | 05:08PM |
| 5 | A.    I don't know if -- I can't answer | 05:08PM |
| 6 | yes or no.  I haven't studied this document, | 05:09PM |
| 7 | and I am not a -- not an industrial engineer | 05:09PM |
| 8 | or designer to be able to conclude one way or | 05:09PM |
| 9 | the other. | 05:09PM |
| 10 | Q.    You can't give me a view as an | 05:09PM |
| 11 | expert on that statement; is that true? | 05:09PM |
| 12 | A.    I can say that the button is | 05:09PM |
| 13 | there.  I can't conclude that it is a | 05:09PM |
| 14 | distinctive design element tying together | 05:09PM |
| 15 | Apple's family of mobile devices. | 05:09PM |
| 16 | Q.    Do you have any hard data or | 05:09PM |
| 17 | empirical evidence to show that Apple has | 05:09PM |
| 18 | suffered any loss of market share as a result | 05:09PM |
| 19 | of what you say are the similarities between | 05:09PM |
| 20 | Samsung devices and Apple's claimed trade | 05:09PM |
| 21 | dress? | 05:09PM |
| 22 | MS. HAGBERG:  Objection. | 05:09PM |
| 23 | Compound. | 05:09PM |
| 24 | A.    My belief is that, while Apple's | 05:09PM |
| 25 | sales are strong, we don't know if the sales | 05:09PM |

1  could have been stronger without the                    05:10PM
2  infringement.                                           05:10PM
3          The second point is, we don't                   05:10PM
4  know what the long-term implication could be            05:10PM
5  from the loss of the stickiness of the Apple            05:10PM
6  brand due to Samsung's infringements, which             05:10PM
7  could have even more serious long-term                  05:10PM
8  implications for the Apple brand.                       05:10PM
9      Q.   Based on all the work that you                 05:10PM
10 have done up until now, and based on                    05:10PM
11 everything that has happened up until now, do           05:10PM
12 you have any hard data or empirical evidence            05:10PM
13 that you can point to specifically that shows           05:10PM
14 that Apple has lost any market share as a               05:10PM
15 result of what you say are the similarities             05:10PM
16 between Samsung's devices and Apple's claimed           05:10PM
17 trade dress?                                            05:10PM
18          MS. HAGBERG:   Same objections                 05:10PM
19     and asked and answered.                             05:10PM
20     A.   It is my professional opinion                  05:10PM
21 that sales, current sales could well have               05:10PM
22 been lost, and that future sales are at risk            05:10PM
23 because of the infringement.                            05:11PM
24     Q.   What data do you have                          05:11PM
25 specifically, what empirical evidence?                  05:11PM

Confidential

Page 344

| | | |
|---|---|---|
| 1 | A. I don't have any. | 05:11PM |
| 2 | Q. Do you have any quantification? | 05:11PM |
| 3 | A. I don't. | 05:11PM |
| 4 | Q. Do you have any empirical | 05:11PM |
| 5 | evidence or hard data to show that anything | 05:11PM |
| 6 | Samsung has done has diluted Apple's brand? | 05:11PM |
| 7 | A. I think if you take the research | 05:11PM |
| 8 | reports together, the Poret report with the | 05:11PM |
| 9 | Van Liere report, and the actions that | 05:11PM |
| 10 | Samsung has taken with the infringing | 05:11PM |
| 11 | products, that Apple's brand is at risk both | 05:11PM |
| 12 | at the present time and in the future from | 05:11PM |
| 13 | potential confusion in the marketplace that | 05:11PM |
| 14 | could affect consumer purchasing, in the | 05:12PM |
| 15 | short run and the long run. | 05:12PM |
| 16 | Q. My question is, do you have any | 05:12PM |
| 17 | empirical evidence or hard data to show that | 05:12PM |
| 18 | Samsung's actions has diluted Apple's brand? | 05:12PM |
| 19 | MS. HAGBERG: Objection. Asked | 05:12PM |
| 20 | and answered. | 05:12PM |
| 21 | A. No. | 05:12PM |
| 22 | Q. Do you have any quantification of | 05:12PM |
| 23 | any harm or dilution or loss of any kind to | 05:12PM |
| 24 | Apple as a result of Samsung's actions? | 05:12PM |
| 25 | MS. HAGBERG: Objection. Vague. | 05:12PM |

Confidential

Page 345

| | | |
|---|---|---|
| 1 | Compound. | 05:12PM |
| 2 | A. No. | 05:12PM |
| 3 | MS. HAGBERG: Asked and | 05:12PM |
| 4 | answered. | 05:12PM |
| 5 | Q. Do you have any evidence or data | 05:12PM |
| 6 | to distinguish between harm that Apple's | 05:12PM |
| 7 | brand has suffered as a result of negative | 05:12PM |
| 8 | publicity from labor abuses or price fixing | 05:12PM |
| 9 | or other conduct that's been alleged in the | 05:13PM |
| 10 | media as compared to any actions that | 05:13PM |
| 11 | Apple -- excuse me, that Samsung has | 05:13PM |
| 12 | undertaken? | 05:13PM |
| 13 | MS. HAGBERG: Objection; | 05:13PM |
| 14 | compound. Lack of foundation. | 05:13PM |
| 15 | A. No. | 05:13PM |
| 16 | Q. Have you undertaken any kind of | 05:13PM |
| 17 | study to determine whether any dilution that | 05:13PM |
| 18 | Apple's brand is at risk for is the result of | 05:13PM |
| 19 | negative publicity such as the exploitation | 05:13PM |
| 20 | of labor, or price fixing, or the other kinds | 05:13PM |
| 21 | of negative press that Apple has received? | 05:13PM |
| 22 | MS. HAGBERG: Same objection. | 05:13PM |
| 23 | Q. When compared to Samsung's | 05:13PM |
| 24 | activities? | 05:13PM |
| 25 | MS. HAGBERG: Same objections. | 05:13PM |

Confidential

Page 346

| | | |
|---|---|---|
| 1 | And compound. | 05:13PM |
| 2 | A.   No. | 05:13PM |
| 3 | MS. HAGBERG:  Can I get a | 05:13PM |
| 4 | reading on our time, please. | 05:13PM |
| 5 | THE VIDEOGRAPHER:  We are at | 05:13PM |
| 6 | seven hours. | 05:13PM |
| 7 | MS. HAGBERG:  Are you done? | 05:13PM |
| 8 | MR. ZELLER:  Could I just make | 05:13PM |
| 9 | sure I have a clear answer, because I | 05:13PM |
| 10 | think it got cut up a little bit. | 05:14PM |
| 11 | MS. HAGBERG:  He said no. | 05:14PM |
| 12 | MR. ZELLER:  Let me just see. | 05:14PM |
| 13 | BY MR. ZELLER: | 05:14PM |
| 14 | Q.   And you understood my last | 05:14PM |
| 15 | question, I was asking whether you could | 05:14PM |
| 16 | distinguish any loss or dilution, or any | 05:14PM |
| 17 | potential dilution or loss to Apple's brand | 05:14PM |
| 18 | as a result of this negative kind of | 05:14PM |
| 19 | publicity we have talked about as opposed to | 05:14PM |
| 20 | Apple's actions -- or excuse me, Samsung's | 05:14PM |
| 21 | actions? | 05:14PM |
| 22 | MS. HAGBERG:  Objection. | 05:14PM |
| 23 | A.   I haven't done such a study, no. | 05:14PM |
| 24 | Q.   Okay.  I am sorry.  I think this | 05:14PM |
| 25 | got cut up a little bit, so let me try to ask | 05:14PM |

|   |   |   |
|---|---|---|
| 1 | a clear question.  It is the same thing. | 05:14PM |
| 2 | Do you have any hard data or | 05:14PM |
| 3 | empirical evidence that would allow you to | 05:14PM |
| 4 | distinguish any loss or risk, whether actual | 05:14PM |
| 5 | or dilution or any other kind, to Apple's | 05:14PM |
| 6 | brand that has been caused as a result of | 05:15PM |
| 7 | negative publicity on other subjects like | 05:15PM |
| 8 | labor as opposed to Samsung's actions? | 05:15PM |
| 9 | MS. HAGBERG:  Lack of foundation | 05:15PM |
| 10 | and asked and answered. | 05:15PM |
| 11 | A.    No. | 05:15PM |
| 12 | MR. ZELLER:  Thank you.  I just | 05:15PM |
| 13 | wanted to make sure I had a clear | 05:15PM |
| 14 | record on that.  I stumbled and it got | 05:15PM |
| 15 | interrupted a couple of times.  So I | 05:15PM |
| 16 | appreciate your patience on that one. | 05:15PM |
| 17 | So I think we are at | 05:15PM |
| 18 | seven hours.  Thank you. | 05:15PM |
| 19 |   | 05:15PM |
| 20 |   | 05:15PM |
| 21 | (Continued on next page to include | 05:15PM |
| 22 | jurat.) | 05:15PM |
| 23 |   |   |
| 24 |   |   |
| 25 |   |   |

Name of Case: *Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-1846 LHK

Date of deposition: April 27, 2012

Name of witness: Russell Winer

Reason Codes:

1. To clarify the record.
2. To conform to the facts.
3. To correct transcription errors.

| Page | Line | Now Reads | Should Read | Reason |
|---|---|---|---|---|
| 9 | 7 | A-T-O-G-L-U | A-T-U-G-L-U | 2 |
| 30 | 23 | Although not saying it happened here | Although I'm not saying it happened here | 3 |
| 55 | 14 | Bump | Lump | 3 |
| 62 | 1 | Buy | Box | 3 |
| 69 | 5 | Means | Mean | 3 |
| 108 | 24-25 | Sleep Craft | Sleekcraft | 3 |
| 112 | 10 | El | Elk | 2 |
| 113 | 9 | Ridell | Riddell | 2 |
| 114 | 4 | Ridell | Riddell | 2 |
| 323 | 7-8 | Sea to shining sea | "Sea to shining sea" | 1 |

Dated: May 15, 2012

RUSSELL WINER

sf-3144150

Confidential

Page 348

| | | |
|---|---|---|
| 1 | THE VIDEOGRAPHER: The time is | 05:15PM |
| 2 | 5:17. That's the end of today's | 05:15PM |
| 3 | deposition. | 05:15PM |
| 4 | We are going off the record. | 05:15PM |
| 5 | (Whereupon, at 5:17 p.m., the | |
| 6 | Examination of this Witness was | |
| 7 | concluded.) | |

*[signature]*

RUSSELL WINER

Subscribed and sworn to before me this _____ day of _____, 2012.

_____

NOTARY PUBLIC