QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

APPLE INC., a California corporation,

Plaintiff,

vs.

SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,

Defendant.

CASE NO. 11-cv-01846-LHK

**MOTION FOR ORDER PERMITTING CROSS-USE OF DISCOVERY MATERIAL FROM CASE NO. 12-630 IN SUPPORT OF SAMSUNG'S OPPOSITION TO APPLE'S POST-TRIAL MOTIONS**

## NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung") shall and hereby do move the Court for an Order permitting Samsung to use certain specified discovery obtained in Case No. 12-630 in connection with Samsung's Opposition to Apple's Motion for Permanent Injunction. The discovery material at issue is highly relevant to the post-trial motions in this dispute and has already been disclosed in another case pending before this same Court involving the same parties and related issues, such that Apple has no good faith basis for refusing to allow Samsung to use such information herein. The information from Case No. 12-630 that Apple seeks to suppress is especially important in light of the Federal Circuit's recent reversal of an injunction awarded Apple in that same case. *Apple Inc. v. Samsung Elecs. Co., Ltd.*, __ F.3d __, 2012 WL 4820601 (Fed. Cir. Oct. 11, 2012).

This motion is based on this notice of motion and supporting memorandum, and such other written or oral argument as may be presented at or before the time this motion is taken under submission by the Court.

## RELIEF REQUESTED

Samsung seeks an Order permitting it to use in connection with its opposition to Apple's Motion for Permanent Injunction the following discovery material obtained in Case No. 12-630:

(1) Deposition of Greg Joswiak, April 17, 2012, pp. 17-20, 26;

(2) Deposition of Arthur Rangel, April 5, 2012, pp. 81, 123-125, 128-129;

(3) Deposition of Mark Buckley, April 10, 2012, pp. 37, 75-76, 88-89;

(4) "N94 launch pad," July 12, 2011, APLNDC630-0000128707-766;

(5) "Sustaining momentum throughout the product cycle – Increasing share of first-time smartphone users," APLNDC630-0000128922-944;

(6) "US First Time Smartphone Buyer Analysis," February 2012, APLNDC630-0000135164-183;

(7) "2012 Mobile Future in Focus, Key Insights from 2011 and What They Mean for the Coming Year," February 2012, APLNDC630-0000134690-738; and

(8) "iPhone Buyer Survey," FY12-Q1, APLNDC630-0000149471-605.

DATED: October 19, 2012

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Michael T. Zeller*
Charles K. Verhoeven
Kevin P.B. Johnson
Victoria F. Maroulis
Michael T. Zeller

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

**MEMORANDUM**

Apple has moved for a permanent injunction and done so based on arguments that are fundamentally inconsistent with facts disclosed in the parallel case between the parties before this same Court. In that other litigation, Case No. 12-630 ("N.D. Cal. II"), Apple had obtained a now-reversed injunction based on claims about consumer demand for the parties' smartphones – an issue that goes to the core of irreparable harm and thus the availability of injunctive relief on Apple's post-trial motions in this case. *Apple Inc. v. Samsung Elecs. Co., Ltd.*, __ F.3d __, 2012 WL 4820601, at *3 (Fed. Cir. Oct. 11, 2012) ("*Apple II*") (to establish irreparable harm, "[t]he patentee must rather show that the infringing feature ***drives consumer demand for the accused product***." (emphasis added)). Nevertheless, Apple asserts that evidence and the truth about its positions in N.D. Cal. II should be suppressed solely because the Protective Order ostensibly does not allow cross-use of discovery from N.D. Cal. II in this action. Apple's groundless position has been rejected previously and should be rejected again.

More specifically, Samsung requests the Court to permit it to use in connection with its Opposition to Apple's Motion for Permanent Injunction the following evidence, which it is filing concurrently with this motion, obtained in discovery in N.D. Cal. II:

(1) Deposition of Greg Joswiak, April 17, 2012, pp. 17-20, 26;

(2) Deposition of Arthur Rangel, April 5, 2012, pp. 81, 123-125, 128-129;

(3) Deposition of Mark Buckley, April 10, 2012, pp. 37, 75-76, 88-89;

(4) "N94 launch pad," July 12, 2011, APLNDC630-0000128707-766;

(5) "Sustaining momentum throughout the product cycle – Increasing share of first-time smartphone users," APLNDC630-0000128922-944;

(6) "US First Time Smartphone Buyer Analysis," February 2012, APLNDC630-0000135164-183;

(7) "2012 Mobile Future in Focus, Key Insights from 2011 and What They Mean for the Coming Year," February 2012, APLNDC630-0000134690-738; and

(8) "iPhone Buyer Survey," FY12-Q1, APLNDC630-0000149471-605.

Samsung asked for Apple's consent to use this evidence, but Apple refused to give it on the grounds that the cross-use of discovery material from N.D. Cal. II is not permitted by the Protective Order. Apple's refusal is a strategic attempt to prevent Samsung from opposing Apple's overbroad requests for equitable relief based on the full slate of relevant evidence – including evidence from N.D. Cal. II that refutes Apple's claims. Indeed, as Apple understands coming on the heels of the Federal Circuit's reversal of injunctive relief in the N.D. Cal. II action, the evidence from N.D. Cal. II that Samsung seeks to present undermines Apple's claim here that there is a causal nexus between its intellectual property and the demand for Samsung's products. As the Federal Circuit held there, irreparable harm may not be presumed based on an infringement finding; instead, Apple "must make a clear showing that it is at risk of irreparable harm, which entails showing a likelihood of substantial and immediate irreparable injury." *Apple II*, 2012 WL 4820601 at *2. "But in cases such as this – where the accused product includes many features of which only one (or a small minority) infringe – a finding that the patentee will be at risk of irreparable harm does not alone justify injunctive relief." *Id.* A patentee "must also establish that the harm is sufficiently related to the infringement" – which requires proving "that a sufficiently strong causal nexus relates the alleged harm to the alleged infringement." *Id.* "It is not enough for the patentee to establish some insubstantial connection between the alleged harm and the infringement." *Id.* at *3. Nor is the requirement satisfied "simply because removing an allegedly infringing component would leave a particular feature, application, or device less valued or inoperable." *Id.* at *4. In short, to establish the irreparable harm requirement for injunctive relief, "[t]he patentee must rather show that the infringing feature ***drives consumer demand for the accused product***." *Id.* at *3 (emphasis added). Evidence from N.D. Cal. II about consumer demand is therefore critical to evaluating whether Apple has proven sufficient causation to support an injunction, and it should be considered for that purpose in this case as well.

The Court should reject Apple's attempt to misuse the Protective Order to preclude Samsung from presenting the full record to this Court. The purpose of a protective order is to protect the confidentiality or limit the disclosure of sensitive information, not to prevent a case from being decided on its full merits – let alone a case between the same parties before the same

Court.  If Apple desires to maintain the confidentiality of the information Samsung seeks to use, it can seek to have that information filed under seal, as Samsung has already done to respect Apple's confidentiality designations over such information.  But concerns about confidentiality alone should not prevent Samsung from relying on relevant evidence bearing on Apple's request for injunctive relief, particularly given the scope of the equitable relief Apple seeks.

Further evidencing that Apple has no legitimate, good faith basis for its refusal to allow cross-use of the discovery materials from N.D. Cal. II, Apple previously conceded the appropriateness of broad cross-uses of discovery in the parties' related proceedings, even between different Courts.  This has included an agreement that documents produced in the ITC 796 Investigation are automatically deemed produced in the instant action and vice versa, and all deposition transcripts from this action are automatically deemed produced in the 796 Investigation.  *See* Dkt. 687 at 33.  Likewise, in the N.D. Cal. II case, Apple stipulated that "any document produced or deposition of a party's witness taken by one of the parties in the 1846 case, the 794 investigation, or the 796 investigation shall be deemed produced in the 630 case without new Bates-numbering; any deposition so produced shall be useable in the 630 case as if the deposition were originally noticed and taken in the 630 case."  Case No. 12-630 Dkt. 84 at 1.  Apple's previous acknowledgements that the cross-use of discovery in the parties' other related cases is appropriate simply underscores the improper purpose of Apple's refusal here.

Indeed, the Court already rejected Apple's argument that the Protective Order precludes the cross-use of discovery from related cases and ultimately sanctioned Apple for its refusal to comply with that ruling.  On December 12, 2011, Samsung moved to compel the production of, among other things, documents and transcripts of depositions of Apple witnesses from related cases involving similar issues and technologies, including cases in which Samsung was not a party.  *See* Dkt. 487.  On December 22, 2011, Judge Grewal granted Samsung's motion and ordered Apple to produce discovery materials from "prior cases involving the patents-in-suit or patents covering the same or similar technologies, features, or designs as the patents-in-suit."  Dkt. 536 at 5.  After Apple failed to comply with Judge Grewal's Order, Samsung moved to enforce the Order.  *See* Dkt. 782-2.  In its Order granting Samsung's motion to enforce, Judge Grewal ordered

Apple to "produce all relevant deposition transcripts based on the ["technological nexus"] standard that [Apple] itself proffered," and further concluded that "[n]othing in the parties' protective order proscribes Samsung's request for production of the deposition transcripts." Dkt. 867 at 9-10. Judge Grewal also sanctioned Apple, including by ordering additional depositions "[i]n order to mitigate the prejudice to Samsung caused by Apple's failure to produce all responsive deposition transcripts in a timely manner." *Id.* at 10.[1]

There can be no question that the pending N.D. Cal. II case, involving the same parties and similar products and technologies as those at issue herein, shares a "technological nexus" with this case, and the relevant legal questions at issue in Apple's requests for injunctive relief in the respective cases are substantially similar as well. This is even more so in light of the Federal Circuit's recent reversal of the injunction awarded Apple in its *Apple II* decision. Accordingly, for the same reasons that Judge Grewal required Apple to produce documents and deposition transcripts from related cases, Samsung should be entitled to make limited use of discovery from the N.D. Cal. II case as requested here.

Apple's only other articulated excuse for its refusal to agree to the limited cross-use requested here – that discovery is closed in the instant case – fares no better. As an initial matter, Apple's position is a red herring. Samsung is not asking to conduct discovery by this motion. It is asking only that it be allowed to *use* discovery *already produced* by Apple. Apple's argument is also disingenuous. Its motion for permanent injunction itself relies on a welter of previously undisclosed expert opinions – and even relies on an entirely new expert – and other previously undisclosed matter.[2] Apple scarcely should be permitted to suppress evidence from another case

---

[1] As Samsung explained at length in its briefing related to the motion to enforce, whenever it suited Apple's interests to claim there is a technological nexus between the 796 Investigation and the Northern District cases, it was more than happy to do so. Yet when the cross-use of discovery would be unfavorable to it, Apple violated a Court order to ensure that its employee deposition transcripts from the 796 Investigation could not be included in Samsung's experts' reports or summary judgment briefing. *See* Dkt. 839 at 3-6. Apple should not be permitted to engage in the same type of strategic gamesmanship here.

[2] To cite only one of many possible examples, Apple's expert Professor Winer now claims that Samsung's smartphones "mudd[y] the distinctiveness cues," "reduce[] the strength of Apple's

(footnote continued)

before this same Court based on its sudden, and inconsistent, position that the record should be deemed closed, which is also erroneous as a legal matter in any event. *Salazar v. Buono,* 130 S. Ct. 1803, 1816 (2010) ("An injunction is an exercise of a court's equitable authority, to be ordered only after taking into account all of the circumstances that bear on the need for prospective relief."); *see also N.A.A.C.P. v. North Hudson Regional Fire & Rescue*, 707 F. Supp. 2d 520, 541-46 (D.N.J. 2010) (considering new evidence and all relevant factors on remand after appeal from previously granted preliminary injunction); *MercExchange, L.L.C. v. eBay, Inc.*, 467 F. Supp. 2d 608, 611 (E.D. Va. 2006) (same).

**CONCLUSION**

For the foregoing reasons, Samsung respectfully requests that the Court enter an Order permitting Samsung to use the discovery materials identified above in connection with its Opposition to Apple's Motion for Permanent Injunction.

DATED: October 19, 2012

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Michael T. Zeller*
Charles K. Verhoeven
Kevin P.B. Johnson
Victoria F. Maroulis
Michael T. Zeller
Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

---

brand" and will decrease Apple's sales. Dkt. 1986 (Winer Decl., ¶¶ 7, 10). This newly-minted, previously-undisclosed opinion is flatly inconsistent with his prior trial and deposition testimony. As he previously testified under oath, there is "no empirical evidence to show that Samsung's actions have diluted Apple's brand" or that "Apple has actually lost any market share," and he could not "quantify the number of purchasers who bought a Samsung device in lieu of buying an Apple device." RT 1534:14-23; *see also* 4/27/2012 Winer Depo. at 344 (same).