DAVID S. BLOCH (SBN: 184530)
dbloch@winston.com
JENNIFER A. GOLINVEAUX (SBN: 203056)
jgolinveaux@winston.com
MARCUS T. HALL (SBN: 206495)
mthall@winston.com
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA  94111-5894
Telephone:     (415) 591-1000
Facsimile:      (415) 591-1400

PETER J. CHASSMAN (*pro hac vice*)
pchassman@winston.com
WINSTON & STRAWN LLP
1111 Louisiana, 25th Floor
Houston, TX  77002-5242
Telephone:     (713) 651-2623
Facsimile:      (713) 651-2700

Attorneys for Non-Party,
MOTOROLA MOBILITY LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO.:  11-CV-01846-LHK<br><br>**MOTOROLA MOBILITY LLC'S MOTION FOR RELIEF FROM NONDISPOSITIVE ORDER OF MAGISTRATE JUDGE**<br><br>[Civ. L.R. 72-2]<br><br>Date: Expedited Request<br>Courtroom: 8, 4th Floor<br>Judge: Hon. Lucy H. Koh<br>Courtroom: 5, 4th Floor<br>Magistrate: Paul S. Grewal |

Nonparty Motorola Mobility LLC ("Motorola") brings this Motion For Relief From Nondispositive Order of Magistrate Judge, with regard to Magistrate Judge Grewal's October 10, 2012 Minute Order (Dkt. 2040), pursuant to Fed. R. Civ. Proc. 72(a) and L.R. 72-2.

## I.     INTRODUCTION

This Motion concerns a document that was submitted under seal by Apple, a party to this case, in support of a discovery motion (Dkt. 737), in February of this year.  The document, Exhibit 23 to the Declaration of Calvin Walden ISO Apple's Motion to Compel Depositions of Samsung's Purported "Apex" Witnesses ("Exhibit 23"), is a three-page, detailed summary prepared by Samsung of a licensing negotiation meeting between Motorola and Samsung, which took place only several weeks before the September 30, 2000 effective date of a Cellular Cross License Agreement between the companies and that expired on December 31, 2004 ("the 2000 Agreement").  Exhibit 23 describes extensively, and throughout the document, the negotiations between Motorola and Samsung, including the pattern of financial demands and offers made by each of Motorola and Samsung, as well as Motorola's final monetary demand – all information that is highly sensitive and confidential to nonparty Motorola.

On September 18, 2012, Magistrate Judge Grewal issued an order addressing a number of Apple's and Samsung's outstanding sealing motions, and, despite announcing that the lower "good cause" (rather than "compelling reasons") standard applied to consideration of Exhibit 23, in that order denied Apple's request to seal Exhibit 23 on the grounds that Samsung, as the designating party, had "failed to provide a particularized showing that specific harm will result if the information is made publicly available." (Dkt. 1978 at 3, 16.)  Motorola promptly filed the Emergency Motion By Nonparty Motorola Mobility LLC to Seal Exhibit 23 setting forth the good cause basis for sealing the document. (Dkt. 2028.)  Magistrate Grewal denied Motorola's motion in a Minute Order on October 10, 2012 ("Oct. 10, 2012 Order") for failing to establish good cause for reasons stated during the telephonic hearing on the motion, (Dkt. 2040), including primarily the fact that the negotiations took place in 2000 and concerned a license agreement now expired.  Motorola respectfully submits that the Oct. 10, 2012 Order is contrary to previous decisions entered by this Court in this case in which the Court protected financial terms of the

very same license agreement for which Exhibit 23 summarized the financial and other negotiations. Accordingly, Motorola respectfully requests that the Court grant this motion and order that Exhibit 23 be filed under seal, or alternatively that only the proposed redacted version of Exhibit 23 submitted as Exhibit B to the Chassman Declaration be filed publicly.

## II.     PROCEDURAL HISTORY

Before trial in this case, the Court resolved issues raised by nonparties regarding treatment of their confidential information. Numerous nonparties filed motions to seal various documents (or their contents); one such motion was the Emergency Motion by Nonparty Motorola Mobility LLC to Seal Exhibits, Close Courtroom, and Seal Portions of Transcript (Dkt. 1400) ("Motorola's July 26 Motion"). *See also* Motorola's reply in support thereof. (Dkt. 1605.) Motorola's July 26 Motion sought to have the Court seal documents that disclosed the terms of three Motorola patent license agreements with Samsung, all of which had expired, as well as a related negotiation document. At a Case Management Conference, one nonparty raised the issue of whether terms of nonparties' *expired* patent license agreements were eligible for protection from public disclosure, due to their highly sensitive, confidential nature. The Court stated that such information could be eligible for protection upon proper showing,[1] and invited third parties including Motorola to make supplemental submissions in support of their motions to seal. *See* Minute Order and Case Management Order (Dkt. 1426) at 2. Motorola filed its Supplemental Submission in Support of Emergency Motion by Nonparty Motorola Mobility LLC to Seal Exhibits, Close Courtroom, and Seal Portions of Transcript and supporting documents demonstrating the compelling reasons why the financial terms of Motorola's expired license agreements—including the 2000 Agreement—as well as a document related to one of the agreements, should be sealed. (Dkt. 1491.) The Court issued an order on the motions by Motorola and other nonparties, granting Motorola's motion to seal aspects of certain trial exhibits, to the extent that they revealed payment and monetary consideration of the three expired Motorola license agreements, including the 2000 Agreement. Order Granting-In-Part and

---

[1] Tr. of Case Management Conference at 27:15-28:14 (July 27, 2012), No. 11-CV-01846.

Denying-In-Part Mot.s to Seal (Dkt. 1649) at 1-3, 21-22, 26-27.  The Court ruled that these aspects of Motorola's agreements were protectable under the "compelling reasons" standard.

On September 18, 2012, Magistrate Judge Grewal issued his Order addressing a number of Apple's and Samsung's outstanding sealing motions, and in that order denied Apple's request to seal Exhibit 23 on the grounds that Samsung, as the designating party, had "failed to provide a particularized showing that specific harm will result if the information is made publicly available," under the lower "good cause" standard. (Dkt. 1978 at 3, 16.)  Motorola, as a nonparty to this case, only learned of the order and the issue concerning Exhibit 23 on October 2, 2012, when counsel for Samsung first notified Motorola's counsel of the document and the order requiring it to be filed publicly.[2]  Motorola promptly filed the Emergency Motion By Nonparty Motorola Mobility LLC to Seal Exhibit 23 on October 5, 2012 ("Motion to Seal Exhibit 23"). Judge Grewal held a telephonic hearing on Motorola's motion on October 10, 2012, and issued the Oct. 10, 2012 Order denying Motorola's motion for the reasons stated during the hearing, (Dkt. 2040), including primarily the fact that the negotiations summarized in Exhibit 23 took place in 2000 and concerned a license agreement that is now expired.[3]

### III. CONTRARY TO THE MAGISTRATE'S ORDER, EXHIBIT 23 SHOULD BE SEALED UNDER THE APPLICABLE "GOOD CAUSE" STANDARD AND THE EARLIER RULINGS OF THIS COURT

A decision made by a magistrate judge is subject to review by the district court. Fed. R. Civ. Proc. 72(a); 28 U.S.C. § 636(b)(1)(A); L.R. 72-2.  A party may file objections to the order within 14 days after being served with a copy of the order. *Id*.  Failure to object within 14 days forfeits the right to appellate review of the magistrate's ruling on nondispositive motions. Fed. R. Civ. Proc. 72(a).  "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law. *Id.*  The magistrate's factual determinations are reviewed for clear error, and the magistrate's legal conclusions are

---

[2] Declaration of Peter J. Chassman ISO Motorola's Motion For Relief From Nondispositive Order of Magistrate Judge, ¶ 2 and Ex. A (October 2, 2012 e-mail from Samsung's counsel).

[3] Oct. 10, 2012 Tr. of Proceedings Before the Hon. Paul S. Grewal, Case No. CV-11-1846-LHK, Dkt. 2044 at 12-13 ("Oct. 10, 2102 Tr.").

1  reviewed to determine whether they are contrary to law. *See Perry v. Schwarzenegger*, 268 FRD
2  344, 348 (N.D. Cal. 2010)(citing *United States v. McConney*, 728 F.2d 1195, 1200-1201 (9th Cir.
3  1984)(overturned on other grounds).  Magistrate Grewal's Oct. 10, 2012 Order addressed a
4  motion to seal documents submitted to the court in support of Apple's pre-trial discovery motion,
5  and thus is reviewable pursuant to Fed. R. Civ. Proc. 72(a), 28 U.S.C. § 636(b)(1)(A), and L.R.
6  72-2.  *See, e.g., Maisonville v. F2 Am., Inc.*, 902 F.2d 746, 748 (9th Cir.1990) (observing that 28
7  U.S.C. § 636(b)(1)(A) lists the motions that may not be determined by a magistrate judge, and
8  "any motion not listed, nor analogous to a motion listed in [28 U.S.C. § 636(b)(1)(A)], falls
9  within the non-dispositive group of matters which a magistrate may determine").

10  The Oct. 10, 2012 Order is clearly erroneous and contrary to the established law of this
11  Circuit.  In support of its Motion to Seal Exhibit 23, Motorola cited this Court's Order on Admin.
12  Motions, which explained that, in contrast to the "compelling reasons" standard for overcoming
13  the presumption of public access and sealing records in support of dispositive motions, the lower
14  "good cause" standard applies to documents submitted in connection with a discovery motion,
15  like Exhibit 23. (Dkt. 1978 at 2.)  Motorola clearly satisfied the good cause standard by: 1) citing
16  to the declarations submitted in connection with its earlier filings (Dkt. 1400, 1491), which
17  detailed the specific harms associated with disclosure of the financial terms of the 2000
18  Agreement and which this Court previously found sufficient to satisfy the higher "compelling
19  reasons" standard; and 2) submitting a new declaration from its VP, Intellectual Property, further
20  explaining specifically why the contents of Exhibit 23 constitute trade secret information and
21  otherwise satisfy the "good cause" standard for protection from public disclosure, even though
22  they are the summary of negotiations for a license agreement that is now expired. (Mot. to Seal
23  Ex. 24 at 3-5; Miller Dec. #2, ¶¶ 3-10)("The 2000 Agreement concerns portfolios of patents that
24  cover fields of technology. New patents enter the portfolios over time, and, as a result, the
25  portfolios have not expired.")  Motorola's counsel further explained why public disclosure of
26  Exhibit 23 could harm Motorola despite the fact that the negotiations concerned an agreement
27  entered in 2000 at the hearing. (Oct. 10, 2012 Tr. at 11-12.)  Nonetheless, Magistrate Grewal
28  determined that Motorola did not meet the good cause standard, in light of the fact that the

negotiations summarized in Exhibit 23 took place in 2000.[4] *Id.*

This Court has already held that the terms of nonparties' expired license agreements could be eligible for protection upon proper showing, and specifically held that Motorola had made an appropriate showing—in light of its particularized showing of the harm it would suffer if the financial terms of the agreements were made public—that the financial terms of the 2000 Agreement should be sealed even under the higher "compelling reasons" standard. (Dkt. 1649 at 21-22 and 26-27.) This Court also held that Motorola had made an appropriate showing that a document that contained proposed terms and conditions of an expired Samsung-Motorola license, including proposed royalty rates, should be sealed. (*Id.* at 26-27.) The Oct. 10, 2012 Order requiring Exhibit 23 to be filed in the public record is contrary to and would eviscerate the very protections provided by this Court's August 9 Order.

While Motorola explained in its Motion to Seal Exhibit 23 and at the hearing that Motorola's sensitive, trade secret information pervades Exhibit 23, Magistrate Grewal noted at the hearing that certain aspects of the document, such as the identification of meeting attendees, are not confidential. (Oct. 10, 2012 Tr. at 11.) Motorola proposed to submit a redacted version of the document to address the Court's concerns, but the Court denied that request. (*Id.* at 11, 13-14.) Motorola renews that request and submits a redacted version of Exhibit 23 herewith (Chassman Decl., Ex. 2) to address any issue as to scope raised in the Oct. 10, 2012 Order.[5]

## IV. CONCLUSION

For these reasons, Motorola respectfully requests that the Court grant this motion and order that Exhibit 23 be filed under seal, or alternatively that only the proposed redacted version of Exhibit 23 submitted as Exhibit B to the Chassman Declaration be filed publicly.

---

[4] Magistrate Grewal also stressed the public's interest in knowing what its tax money is funding at the courthouse, (Oct. 10, 2102 Tr. at 11), but this factor should be less compelling as to the information of a third party, particularly when the document at issue was submitted only in connection with a discovery motion. Aug. 9 Order (Dkt. 1649) at 2 ("Because the public's interest in non-dispositive motions is relatively low, a party seeking to seal a document attached to a non-dispositive motion need only demonstrate 'good cause.'")(internal citations omitted).

[5] The requested relief is also consistent with this Court's October 16, 2012 Order regarding protection of third party Ericsson's confidential material. (Dkt. 2046 at 4.)

1 | Dated:  October 23, 2012

WINSTON & STRAWN LLP

By: /s/ Jennifer A. Golinveaux
David S. Bloch
Jennifer A. Golinveaux
Marcus T. Hall
Peter J. Chassman (*pro hac vice*)
Attorneys for Non-Party,
MOTOROLA MOBILITY LLC

SF:341962.5