HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
JENNIFER LEE TAYLOR (CA SBN 161368)
jtaylor@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No.  11-cv-01846-LHK<br><br>**APPLE'S MOTION TO COMPEL DEPOSITIONS OF SAMSUNG DECLARANTS** |

**NOTICE OF ADMINISTRATIVE MOTION AND MOTION**

Pursuant to Civil Local Rule 7-11 and Federal Rule of Civil Procedure 16(b)(4), Apple Inc. ("Apple") moves the Court for an order compelling Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") to produce for deposition, by no later than November 2, 2012, the following expert declarants: Yoram Wind, Tülin Erdem, Samuel Lucente, and Stephen Gray. Apple seeks this discovery on an expedited basis to allow Apple sufficient time to include relevant portions of the testimony in its reply brief before the close of post-trial briefing.

This motion is based on this notice of motion and supporting memorandum of points and authorities; the Declaration of Richard Hung in Support of Apple's Motion to Compel Deposition of Samsung Declarants and the exhibits attached thereto; and such other argument as may be presented at or before the time this motion is taken under submission by the Court. Counsel for Apple met and conferred with counsel for Samsung before filing this motion, but were not able to resolve the issues raised herein. (Hung Decl. Exs. 1-2.) The parties were able to agree on a shortened briefing schedule for this motion. (*Id*. Exs. 3-4.)

**RELIEF REQUESTED**

Apple seeks an order allowing the depositions of four Samsung experts (Dr. Wind, Dr. Erdem, Mr. Lucente, and Mr. Gray) on an expedited basis, to be completed by November 2, 2012. These experts either were not disclosed during expert discovery or put forward opinions not disclosed during expert discovery in declarations submitted on October 19, 2012.

**MEMORANDUM**

**I.   INTRODUCTION**

Nearly six months after the close of expert discovery and just three weeks before the close of post-trial briefing, Samsung submitted seven new expert declarations in opposition to Apple's post-trial motions. Two come from experts never previously disclosed in this action. Two more involve opinions and factual claims not previously disclosed to Apple, including opinions regarding an additional patent, allegedly new products, and allegedly new software and interfaces,

none of which was disclosed before October. Samsung could and should have disclosed these experts and opinions before the end of expert discovery. Samsung did not, and should not gain an improper advantage in post-trial briefing as a result. Apple therefore requests depositions of four of these seven expert witnesses (Dr. Wind, Dr. Erdem, Mr. Lucente, and Mr. Gray).

## II.    ARGUMENT

### A.    Good Cause Exists to Require Expert Discovery Due to Samsung's Belated Disclosure of Expert Witnesses and Opinions During Post-Trial Proceedings

The Court may permit discovery at any time for "good cause." Fed. R. Civ. P. 16(b)(4). Although expert discovery closed on April 27, 2012 (*see* Dkt. No. 187), Samsung has introduced new experts and new expert opinions in declarations accompanying its two oppositions to Apple's post-trial motions. "Good cause" exists when a deadline "cannot reasonably be met despite the diligence of the party seeking the" discovery. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The untimely disclosure of expert witnesses and expert opinions provides grounds to permit additional discovery. *See Kiser v. Boeing*, 163 F.R.D. 13, 15 (D. Kan. 1995) (compelling further expert discovery and inviting plaintiff to file sanctions motion after defendant disclosed new expert for the first time in opposition to summary judgment). As explained below, good cause exists to permit the four depositions Apple seeks.

#### 1.    Samsung Did Not Timely Disclose Dr. Wind or Dr. Erdem

Samsung did not disclose Dr. Wind or Dr. Erdem in this action until three weeks ago despite ample opportunity and reason to do so earlier. Dr. Wind is a marketing expert who criticizes a conjoint survey from Dr. Hauser. Dr. Erdem is a business professor who seeks to rebut Mr. Musika's and Dr. Hauser's testimony and declarations about the effect of Apple's technology on demand. Apple has never received an expert report from either of them. Apple reserves its objections to the late disclosure and the belated use of their opinions in the opposition, but Apple is entitled, pending the resolution of those objections, to depose each proposed expert.

*Dr. Wind.* Samsung filed a 165-page declaration by Dr. Wind in opposition to Apple's motion for a permanent injunction. (Dkt. No. 2054-4.) All of the opinions in the declaration respond to Dr. Hauser's conjoint survey in his March 22, 2012 expert report. (*See, e.g.*, *id.* ¶ 1 ("I

1  was asked by counsel for Samsung to evaluate the Expert Report of John R. Hauser (the 'Hauser
2  Report') and the conjoint study discussed therein . . . .").

3  Samsung previously disclosed an expert to rebut Dr. Hauser's opinions and criticize his
4  survey — Dr. Ramamirtham Sukumar.  Dr. Sukumar provided a rebuttal expert report and was
5  deposed.  (Hung Decl. ¶ 2.)  He later testified at trial on a different subject.  (Trial Tr. 3092:10-
6  3095:15.)  He has also supplied a declaration in connection with Samsung's oppositions.  (Dkt.
7  No. 2054-3.)  Apple does not seek Dr. Sukumar's deposition.

8  Samsung provides no reason why Dr. Wind was not disclosed in April, why his opinions
9  are immune from the discovery schedule, or why he is immune from discovery now.  Samsung is
10 not entitled to rely on an expert when Apple has had no opportunity for discovery and no access
11 to the new materials that he reviewed or created.  Dr. Wind and his declaration should ultimately
12 be excluded, but until the Court rules on Apple's objection, Apple is entitled to depose Dr. Wind
13 to expose errors and weaknesses in his analysis.

14 *Dr. Erdem*.  Like Dr. Wind, Dr. Erdem filed a 62-page declaration discussing an issue that
15 was identified well before March 2012 – the scope and strength of the evidence that Apple's
16 utility patents affect consumer demand for smartphones.  (Dkt. No. 2054-1.)  Apple disclosed
17 both Terry Musika and John Hauser to discuss this topic on March 22, 2012, both of whom
18 testified on this issue at trial.  (Trial Tr. 1914:3-1916:13 (Dr. Hauser's testimony regarding
19 conjoint study); *id*. at 2075:24-2083:3 (Mr. Musika's testimony regarding demand for Apple's
20 IP).)  Dr. Erdem's current declaration is a rebuttal to the opinions of both experts.  (*See, e.g.*, Dkt.
21 No. 2054-1 ¶¶ 10-11, 52 (commenting on Dr. Hauser's study) and ¶¶ 53-58 (commenting on Mr.
22 Musika's opinions regarding demand).)  Consistent with the Court's scheduling order, Samsung
23 previously disclosed separate experts, Dr. Sukumar and Mr. Wagner, to address the identical issue
24 and provided reports from them.  (Hung Decl. ¶ 3.)  Both were deposed.  (*Id.)*  Mr. Wagner
25 testified about this topic at trial.  (Trial Tr. 3045:10-3046:10.)  Both Mr. Wagner and Dr.
26 Sukumar submitted declarations with the opposition.

27 Again, there is no justification for Samsung's violation of the Court's scheduling order or
28 its attempt to circumvent the expert discovery process, but at a minimum, Apple should be

provided the opportunity to depose Dr. Erdem to expose errors and weaknesses in her analysis.

### 2. Samsung Failed to Disclose Mr. Lucente's Opinions Regarding the D'677 Patent and Alleged Design-Arounds of the D'305 Patent

Mr. Lucente is not new to this case, but his new declaration goes far beyond the scope of any prior disclosure by opining regarding the D'677 Patent and alleged design-arounds for the D'305 Patent. Apple should have an opportunity to test his opinions on these topics.

Mr. Lucente previously served an opening expert report on March 22, 2012 and a rebuttal expert report on April 16, 2012. (Hung Decl. ¶ 4.) Both were limited to the D'790, D'305, and D'334 patents. (*Id.*) None included the D'677 patent. (*Id.*) He was deposed on those opinions in April. (*Id.*) He was included on Samsung's witness list, but he was not called at trial. (*Id.*)

Now Mr. Lucente offers entirely new opinions regarding the D'677 patent (*see* Dkt. No. 2057 ¶¶ 12-21), none of which was previously disclosed to Apple. Apple is entitled to a deposition to test these previously undisclosed opinions.

Further, Mr. Lucente's declaration contains previously undisclosed factual claims and opinions about alleged design-arounds of the D'305 patent (including an alleged design-around that Samsung has not yet disclosed to Apple). (*See id.* ¶¶ 22-30.) These subjects were not addressed in his prior report or deposition, and Mr. Lucente claims that he is relying on information that was not (or could not have been) obtained until after trial and that has not been provided to Apple. (*See, e.g.*, *id.* ¶ 15.) While Apple disagrees and believes that any applicable opinions should have been disclosed during expert discovery, Apple is entitled to test these new opinions in a deposition.

### 3. Samsung Failed to Disclose Mr. Gray's Current Opinions Regarding Alleged Non-Infringement Based on Allegedly New Source Code

Mr. Gray's circumstances mirror Mr. Lucente's. He was disclosed and provided prior expert reports. Nonetheless, Mr. Gray's October 19 declaration contains an entirely new discussion regarding an allegedly "new version of the source code." (Dkt. No. 2054-2 ¶¶ 31-45, 50-55.) Based on his review of this new code and work done with an allegedly new version of a Galaxy S II (T-Mobile) product, Mr. Gray opines in a conclusory fashion that this product and this source code do not infringe the '915 or '163 utility patents.

1 | Apple has not been given the new source code or the new version of the phone. (Hung
2 | Decl. ¶ 5.) It had no opportunity to test the positions stated by Mr. Gray during expert discovery.
3 | The information was not disclosed in connection with Mr. Gray's testimony at trial. (*Id.*)
4 | Samsung is not entitled to shield Mr. Gray's new opinions from discovery.

## CONCLUSION

For the foregoing reasons, Apple requests an order requiring Samsung to produce Dr. Wind, Dr. Erdem, Mr. Lucente, and Mr. Gray for depositions of four hours per person on an expedited basis, to be completed by November 2, 2012.

Dated: October 23, 2012          MORRISON & FOERSTER LLP

By:   /s/ *Michael A. Jacobs*
      Michael A. Jacobs

      Attorneys for Plaintiff
      APPLE INC.