QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kathleen M. Sullivan (Cal. Bar No. 242261)
kathleensullivan@quinnemanuel.com
Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Susan R. Estrich (Cal. Bar No. 124009)
susanestrich@quinnemanuel.com
Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S RESPONSE TO APPLE'S IMPROPER OBJECTIONS TO EVIDENCE IN SAMSUNG'S REPLY IN SUPPORT OF NON-JURY CLAIMS, INCLUDING INDEFINITENESS**<br><br>Date:   December 6, 2012<br>Time:   1:30 p.m.<br>Place:  Courtroom 8, 4th Floor<br>Judge:  Hon. Lucy H. Koh |

Apple has filed purported "objections" to rebuttal evidence Samsung submitted with its Reply in support of its brief on non-jury claims. *See* Dkt. 2052. Apple's objections are not proper under Local Rule 7-3 because Samsung's rebuttal evidence "does not introduce any new evidence that would warrant supplementary material under Local Rule 7–3(d)." *See Greenliant Sys., Inc. v. Xicor LLC*, 2011 WL 3273496 (N.D. Cal. Aug. 1, 2011).[1]

Where, as here, reply evidence merely "responds to the criticisms and evidence presented by Defendant's Opposition," using "previously disclosed [evidence]," an objection to reply evidence is improper and should be overruled. *In re Google AdWords Litig.*, 2012 WL 28068, at *7-8 (N.D. Cal. Jan. 5, 2012). Indeed, this Court has previously rejected Samsung's objections to Apple's submissions of reply evidence on that basis. *See* Dkt. 449 at 6-7 (overruling Samsung's objections to Apple's reply declarations of "Terry Musika, Arthur Rangel, Sanjay Sood, Tony Blevins, . . . Christopher Stringer . . . Peter Bressler, Ravin Balakrishnan, and Cooper Woodring," because "[t]his evidence was responsive to Samsung's arguments in its opposition"); *see also Apple, Inc. v. Samsung Elecs. Co.*, 2012 WL 2572037, at *4 (N.D. Cal. July 1, 2012) ("the Court finds that the evidence presented by Apple in Dr. Vellturo's Reply Declaration is not 'new,' but rather appropriately responsive to arguments and evidence raised by Samsung in its opposition papers").

Here, the Samsung's rebuttal evidence—consisting of deposition testimony from the Apple designers and inventors of the patents at issue—properly rebutted arguments Apple raised in its opposition brief. In its opening brief on non-jury claims, Samsung argued that the trial evidence, including the patents and the testimony of Apple witnesses, established that Apple's asserted design patents are indefinite. Mot. at 6-7. In opposition, Apple ignored this evidence and focused instead on its expert testimony (Opp. at 5-6), which distorted the proper indefiniteness standard: whether a person of ordinary skill in the art can understand and/or reproduce what is

---

[1] Courts in the Northern District have permitted responses to purported "Objections to Reply Evidence." *See In re Google AdWords Litig.*, 2012 WL 28068, at *7-8 (N.D. Cal. Jan. 5, 2012) (overruling objections to reply evidence based on arguments made in "Plaintiffs' Response to Google's Objections to Reply Evidence").

claimed by the design without speculation or conjecture.  Mot. at 5-6.  Apple also opposed Samsung's indefiniteness argument by relying on testimony from an inventor, Mr. Forstall.  Opp. at 3.  Directly responding to Apple's reliance on this testimony, Samsung submitted in reply deposition testimony of Apple's own designers and inventors, who testified they could not understand the designs reflected in Apple's asserted design patents.  *See* Reply at 3 & n.1.  Far from "new," these exhibits consist of months-old testimony from Apple's own witnesses, cited in response to Apple's opposition arguments.   As this Court has ruled, objections to reply evidence are not well-taken where the evidence consists of a party's "own documents" (or in this case, deposition testimony).  *See* 2012 WL 2572037, at *4.  Samsung's submission of deposition testimony from Apple's witnesses in response to Apple's opposition was entirely proper.

Apple also uses its purported "objections to evidence" to advance "substantive sur-reply arguments" that this Court has stated it "will disregard."  Dkt. 276 at 2.  Specifically, Apple argues the merits of whether Samsung sufficiently raised the issue of indefiniteness, which has nothing to do with the Apple deposition testimony Samsung submitted in reply.  Dkt. 2052 at 2-3.  As Samsung has shown, it raised the indefiniteness issue throughout this litigation, both before and after claim construction, including in its answer to Apple's complaint, interrogatory responses, summary judgment briefing, claim construction, and proposed jury instructions. Reply at 5.   The Court should disregard Apple's improper sur-reply arguments on this issue.

Finally, Apple argues that Samsung's reply evidence should be stricken because Apple's own designers and inventors lack foundation to construe their own design patents.  Apple's objection is meritless.   The relevant test for design patent indefiniteness is whether design patent figures are drawn clearly and consistently enough that a designer skilled in the art would understand or could reproduce the design.  Mot. at 5-6.  Samsung's reply evidence consists of testimony from Apple's own designers—the named inventors of the very design patents at issue— who establish that Apple's asserted design patents are indefinite.  If the very designers that invented the designs depicted in Apple's asserted design patents—and who submitted sworn declarations to the PTO stating they understood the claims, *see* 37 C.F.R. 1.63—now cannot recognize or understand them (or lack foundation to interpret them), then other designers of

1  ordinary skill in the art cannot be expected to understand and/or reproduce them either.  The
2  testimony is thus proper evidence of invalidity due to indefiniteness.  *See Seed Lighting Design*
3  *Co. v. Home Depot*, 2005 U.S. Dist. LEXIS 44741, at *25-28 (N.D. Cal. 2005) ) (granting
4  summary judgment on design patent indefiniteness due, in part, to testimony from the patent's
5  own inventor that he could not determine what was claimed).

6     Apple's objections should be disregarded or overruled.

8  DATED: October 23, 2012    QUINN EMANUEL URQUHART & SULLIVAN, LLP

9                  By   */s/ Victoria F. Maroulis*
                     Charles K. Verhoeven
10                   Kathleen M. Sullivan
                     Kevin P.B. Johnson
11                   Victoria F. Maroulis
                     Susan R. Estrich
12                   Michael T. Zeller
                     Attorneys for SAMSUNG ELECTRONICS CO., LTD.,
13                   SAMSUNG ELECTRONICS AMERICA, INC., and
                     SAMSUNG TELECOMMUNICATIONS AMERICA, LLC