UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., A Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No.: 11-CV-01846-LHK<br><br>ORDER GRANTING IN PART AND DENYING IN PART RELIEF FROM MAGISTRATE JUDGE ORDER; GRANTING MOTION TO STAY |

On October 23, 2012, nonparty Motorola Mobility LLC ("Motorola") moved for relief from an order by Magistrate Judge Grewal denying Motorola's Emergency Motion to Seal Exhibit 23. *See* Mot. for Relief from Magistrate's Order ("Mot."), ECF No. 2081; Minute Order, ECF No. 2040. Motorola sought to seal a document known as Exhibit 23, which is Samsung's summary of a licensing negotiation it conducted with Motorola on September 7, 2000. Judge Grewal denied Motorola's motion to seal because he found that, given the age of the document, any competitive harm to Motorola did not sufficiently outweigh the public interest in access to satisfy the "good cause" standard. *See* Transcript at 13-14, ECF No. 2044. Judge Grewal also noted that Motorola

1

had not proposed redactions, but rather had sought to seal an entire document, some of which was clearly not confidential. *Id.* at 14.

Pursuant to Federal Rule of Civil Procedure 72, a district judge may set aside a magistrate judge's non-dispositive pretrial order only if it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). This standard is deferential; "[t]he reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

Here, Motorola objects to two aspects of Judge Grewal's ruling: (1) that Exhibit 23 is not sealable under the "good cause" standard; and (2) that Motorola could not, in the face of this denial, then submit a redacted version of the document for further consideration. *See* Mot. at 4-5.

As regards the denial of the request to seal the whole document, Judge Grewal found that: (1) given the age of the document, it was unlikely to cause significant competitive harm; and (2) there was "clearly information in this exhibit which should not be kept under seal," in addition to the more sensitive information. Transcript at 13:25-14:1. In light of these two facts, Judge Grewal found that Motorola's request did not meet the "good cause" standard imposed in the Ninth Circuit for sealing of documents related to non-dispositive motions.

As Judge Grewal stated, the standard for sealing Exhibit 23 is "good cause." *See Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). The Ninth Circuit has explained that the "good cause" standard, while not as stringent as the "compelling reasons" standard, still requires a "particularized showing" that can "warrant preserving the secrecy of sealed discovery material attached to non-dispositive motions." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). Judge Grewal found, and Motorola agreed, that some of the material in Exhibit 23 "has no reason or business being kept under seal." Transcript at 11:6-8. Judge Grewal further found that Motorola had not made a credible particularized showing that competitors could "use the negotiation history in 2012 from 2000 in a way that prejudices Motorola's position." *Id.* at 11:20-21. He noted that the claim that Motorola would suffer competitive harm "would certainly tend to be more true. . . if we were talking about people or portfolios that were being

2

negotiated a year ago, six months ago, maybe even two years ago." *Id.* at 12:18-21.  The Court agrees both that Motorola's request was over-designated and that Motorola has not articulated how a competitor could actually use this twelve-year-old information to gain an advantage.  Accordingly, the Court does not find that Judge Grewal's Order finding that Motorola had not made the particularized showing necessary to establish good cause was contrary to law.  Motorola's motion is DENIED as to Judge Grewal's refusal to seal Exhibit 23.

Motorola also objects to Judge Grewal's denial of Motorola's request to be allowed to make yet another submission concerning the sealing of this same document, in the form of proposed redactions.  In denying the request, Judge Grewal noted that the Court had "gone through this particular document multiple times," Transcript at 11:13-14, and that "rather than go through yet another round of briefing and consideration on this issue, [he had] to be mindful of this Court's resources."  *Id.* at 14:2-4.  The Court agrees that Motorola's unreasonable attempt to seal the entire document, especially given the Court's extensive previous rulings in this case on sealing, is extremely disappointing and wasteful of the Court's resources.

However, the Ninth Circuit has held, and this Court has ruled, that actual payment terms of executed licenses are sealable under the "compelling reasons" standard.  *See* ECF No. 1649 (August 9, 2012 Sealing Order) at 21 (citing *In re Electronic Arts,* 298 Fed. App'x 568, 569 (9th Cir. 2008)).  At issue here are notes from a negotiation on September 7, 2000—just over three weeks before the agreement was executed on September 30, 2000.  *See* DX630.  If numbers exchanged in a negotiation three weeks before an agreement was executed were made publically available, the purpose of sealing the payment terms of the executed agreements would be undermined, as readers could infer the range in which the final payment terms must fall.  Thus, the Court believes that the actual numbers exchanged during the negotiations are sealable under the lower "good cause" standard.  Accordingly, Motorola's motion as to Judge Grewal's declination to consider proposed redactions is GRANTED.

Rather than simply objecting to the portion of Judge Grewal's Order denying Motorola's request to submit proposed redactions, Motorola has submitted a redacted version along with its

3

Case No.: 11-CV-01846-LHK
ORDER GRANTING IN PART AND DENYING IN PART  RELIEF FROM  MAGISTRATE JUDGE ORDER; GRANTING MOTION TO STAY

Motion for Relief. *See* Declaration of Peter J. Chassman, Exh. B. This submission is not properly considered as part of Motorola's objection to Judge Grewal's Order, because the proposed redactions were not before Judge Grewal when he issued the Order to which Motorola now objects. Moreover, even if the proposed redactions were before this Court, the Court would find that the proposed redactions are still overbroad, and should be rejected. This Court has previously sealed pricing, royalty terms, and payments of licensing agreements only. Here, Motorola has proposed to seal considerably more than those exceptionally sensitive terms.

This Court has now considered two overbroad requests by Motorola to seal the same document, in addition to the request by Samsung that Judge Grewal has already denied. *See* ECF No. 1978 at 16. Motorola may now have one final opportunity to file a renewed motion to seal and submit a properly redacted document for Judge Grewal's consideration. Should that request be overbroad, no further requests from Motorola regarding Exhibit 23 will be considered. Motorola's renewed motion to seal, if any, must be filed by Friday, November 2, 2012.

Finally, on October 23, 2012, shortly before Motorola filed its Motion for Relief, Judge Grewal entered an Order directing the parties to file an unredacted version of Exhibit 23 by Friday, October 26, 2012. ECF No. 2080. On October 24, 2012, Motorola filed a motion to stay that Order, pending resolution of Motorola's Motion for Relief. ECF No. 2086. Because the issue of sealability of Exhibit 23 has yet to be finally resolved, the Court GRANTS Motorola's motion to stay the filing of unredacted Exhibit 23, during the pendency of Motorola's renewed motion to seal Exhibit 23, if any. If Motorola does not file a renewed motion to seal Exhibit 23 by the November 2, 2012 deadline, this Stay shall automatically dissolve, and the parties shall comply with Judge Grewal's October 23, 2012 Order.

For the reasons stated above, Motorola's Motion for Relief is GRANTED in part and DENIED in part, and Motorola's Motion to Stay Enforcement of Judge Grewal's October 23, 1012 Order Setting Deadline is GRANTED.

**IT IS SO ORDERED.**

Dated: October 25, 2012

4

Case No.: 11-CV-01846-LHK
ORDER GRANTING IN PART AND DENYING IN PART  RELIEF FROM  MAGISTRATE JUDGE ORDER; GRANTING MOTION TO STAY

*[Signature: Lucy H. Koh]*
LUCY H. KOH
United States District Judge

*(Left margin: United States District Court, For the Northern District of California)*