HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
JENNIFER LEE TAYLOR (CA SBN 161368)
jtaylor@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK<br><br>**APPLE'S OPPOSITION TO SAMSUNG'S MOTION FOR ORDER PERMITTING CROSS-USE OF DISCOVERY MATERIAL FROM CASE NO. 12-630** |

**INTRODUCTION**

By filing a motion for the Court's permission to use confidential documents from the later-filed "630" case in this litigation (Dkt. No. 2070, "Mot."), Samsung admits that it must have such permission. Yet, Samsung has disregarded the need for such permission by submitting documents from the 630 case in this case, *before* obtaining or even moving for such permission.

Samsung's unilateral "cross-use" of discovery materials from the 630 case violates the Protective Order in the 630 case, which prohibits use of confidential materials from that case in "any other litigation." Samsung's motion is effectively an attempt to obtain retroactive judicial approval of this violation. Samsung's motion should be denied. Samsung has forfeited any opportunity to ask for relief from the Protective Order by violating that Order.

**ARGUMENT**

**I.  SAMSUNG'S MOTION SHOULD BE DENIED BECAUSE SAMSUNG HAS ALREADY VIOLATED THE 630 PROTECTIVE ORDER**

**A.  Samsung Has Violated the 630 Protective Order by Submitting Protected Materials from the 630 Case Without Advance Permission**

Samsung has violated the Protective Order in the 630 case ("630 Protective Order") by submitting four documents covered by that Order as part of its opposition to Apple's motion for a permanent injunction without obtaining approval from Apple or this Court.

Apple filed the 630 case against Samsung in February 2012, ten months after filing this litigation. On March 29, 2012, the Court approved the 630 Protective Order, which adopted the existing Protective Order from this case. (630 Case, Dkt. No. 84 at 1:19-21, citing Dkt. No. 687.) Samsung thus agreed that "Protected Material" covered by the 630 Protective Order "shall be used solely for this case or any related appellate proceeding, and not for any other purpose whatsoever, including without limitation any other litigation … except as expressly provided herein." (Dkt. No. 687 at 5:14-19.) "Protected Material" is defined as "Discovery Material" (*e.g.*, document productions) that Apple designated as "Highly Confidential." (*Id.* at 3:24-4:2, 5:2-5.)

Thus, by agreeing to apply the existing Protective Order to the 630 case, Samsung agreed to use "Highly Confidential" documents produced by Apple in the 630 case "solely" for that case and not for "any other litigation." "Any other litigation" manifestly includes this case. When the

630 Protective Order was entered on March 29, 2012 (630 Case, Dkt. No. 84), fact discovery in this case had already ended on March 8, 2012.  (Dkt. No. 187.)  This Court confirmed that "fact discovery is over" in its March 27, 2012, Order denying Samsung's belated motion to amend its validity and infringement contentions.  (Dkt. No. 836 at 10:17-18.)  Allowing discovery in the 630 case to be used in this case would have created a massive exception to the March 8 discovery cut-off.  No such exception was agreed by the parties or approved by this Court.

Despite the explicit restriction in the 630 Protective Order, Samsung's October 19 Opposition to Permanent Injunction and Damages Enhancement (Dkt. Nos. 2054 to 2069, 2075) included four documents that Apple produced only in the 630 case and that are subject to the 630 Protective Order:[1]

    A.    APLNDC630-0000128922-944 (Declaration of Michael J. Wagner In Support of Samsung's Opposition to Motion for Permanent Injunction (Dkt. No. 2065, under seal) ("Wagner Decl."), Ex. 31; cited at Wagner Decl. ¶ 167 and footnote 290);

    B.    APLNDC630-0000135164-183 (Wagner Decl. Ex. 38; cited at Wagner Decl. ¶¶ 175, 180, 188 and footnotes 295, 303, 330-32);

    C.    APLNDC630-0000149470-605 (Wagner Decl. Ex. 72; cited at Wagner Decl. ¶ 200 and footnote 352).

    D.    APLNDCA630-0000149132 (Pierce Decl. Ex. 6, cited at Pierce Decl. ¶ 7).

Samsung has known about the 630 discovery materials since receiving them many months ago.  Samsung has also known of the October 19 deadline for its permanent injunction opposition since August 28 (Dkt. No. 1945 at 3), and has known the content of Apple's permanent injunction motion since receiving it on September 21.  Samsung could have sought permission to use 630

---

[1] Documents A, B, and C are items 5, 6, and 8 in the list that appears in Samsung's Motion. (Dkt. No. 2070, Memorandum at 1:21-27.)  Samsung's Motion does not mention the last document (APLNDCA630-0000149132), even though that document was produced in the 630 case, as indicated by the "630" in the Bates number.  All of these documents are marked as "Highly Confidential – Attorneys' Eyes Only."  Apple does not object to the use in this case of items 1 to 4 in Samsung's list (the Joswiak, Rangel, and Buckley depositions, and APDNCA630-0000128707-766) because they are no longer confidential or subject to the 630 Protective Order. Apple also does not object to item 7 in Samsung's list (APLNDCA630-0000135164-183) because it recently learned that it is publicly available from the authoring company.

discovery materials in its opposition several weeks before the October 19 deadline, so it would have received a ruling before its opposition was due. Instead, Samsung did not contact Apple until late afternoon on October 18 (Dkt. No. 2072-1 at 6), and did not file its cross-use motion until October 20, *after* filing its opposition on October 19. Samsung included the 630 documents in its opposition even though Apple objected to "Samsung's attempted cross-use of Apple's confidential materials from the 630 case in the 1846 case," and warned Samsung that its "use of its knowledge of Apple's confidential information from the 630 case to support its arguments in the 1846 case itself is a violation of the 630 protective order." (Dkt. No. 2072-1 at 2.)

Samsung's unauthorized submission in this case of documents subject to the 630 Protective Order was a clear violation of that Order. Samsung comes to this Court with "unclean hands" and is no position to ask this Court to grant relief from Samsung's prior violation of the Protective Order. *See Hunter Eng'g Co. v. Hennessy Industries, Inc.*, No. 08 cv 465, 2010 WL 1186454, at *4-*7 (E.D. Mo. March 29, 2011) (imposing civil contempt sanctions on party that disclosed documents covered by protective order in different proceeding without permission, and ordering that party to return the documents and to stop any use in other proceedings).[2] Samsung's submission of the 630 documents in this action under seal does not excuse its violation; the 630 Protective Order prohibits using those documents for "any other litigation," regardless of whether the documents are sealed. *See id.* at *1, *5-*6 (disclosure to arbitrator and opposing counsel violated protective order, even though they had "refrained from viewing" the materials, and disclosing party belatedly moved to modify the protective order).

### B. Samsung Has No Valid Excuse for Violating the Protective Order

Remarkably, Samsung does not mention that it has *already submitted* the 630 discovery materials in this litigation, even though they are the subject of its motion. Moreover, Samsung never discusses in its motion the 630 Protective Order's prohibition on using the 630 documents for "any other litigation," nor does it explain why it submitted those documents in this litigation

---

[2] Apple is not seeking contempt sanctions now, but reserves the right to do so by separate motion. The 630 Protective Order was entered in the 630 case, so that case is the proper forum for contempt proceedings, as well as for any motion for relief from the 630 Protective Order.

APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO ALLOW CROSS-USE OF DISCOVERY
CASE NO. 11-CV-01846-LHK
sf-3208972

3

without the required permission. Samsung apparently hopes that the Court might not realize that Samsung has already acted without the permission that its motion ostensibly seeks.

Instead of attempting to justify its violation of the Protective Order, Samsung makes arguments for *prospective* cross-use. Those arguments do not excuse Samsung's *past* violation and in any event would not support cross-use even if Samsung had made them in a timely manner before violating the Protective Order.

For example, the provisions that authorize cross-use in *other* situations (*see* Mot. at 3) do not support such cross-use here. The Protective Order in this case states that documents produced in the ITC cases shall be "deemed produced" in this case, but does not authorize discovery from the 630 case to be used in this litigation. (Dkt. No. 687 at 33:6-15.) The 630 Protective Order allows materials from the ITC cases and this case to be used *in the 630 case*, but is explicitly "limited to the production and use of information in the 630 case and is not intended to, nor shall it, affect any provisions regarding the cross-production and use of such information *in proceedings other than the 630 case*." (630 Case, Dkt. No. 84 at 2:22-27, 3:4-6 (emphasis added).) The fact that these orders specifically permit cross-use in other situations but have no similar provision authorizing cross-use of 630 discovery materials in this litigation demonstrates that the parties did *not* intend to allow such cross-use.

Similarly, Judge Grewal's orders requiring Apple to produce the ITC depositions in this case (*see* Mot. at 3-4) did not authorize Samsung to violate the 630 Protective Order by using in this case confidential documents that Apple produced in the 630 case after discovery had ended in this case. Judge Grewal's orders focused on depositions in the ITC cases. Samsung did not move to compel production of documents from the 630 case, and Judge Grewal did not require such production. Moreover, Apple is not opposing Samsung's request to use the Joswiak, Rangel, and Buckley depositions from the 630 case, so Judge Grewal's comments about depositions have no relevance here.

Samsung contends it is irrelevant that "discovery is closed in the instant case," because Samsung is seeking to "use" discovery from the 630 case, rather than to conduct discovery. (Mot. at 4.) But the 630 Protective Order specifically restricts the use of such discovery. Further,

1  Samsung had ample opportunity to take discovery on injunctive relief in this case before the
2  discovery cut-off, and has relied on that discovery in opposing a permanent injunction. Samsung
3  fails to explain why the 630 discovery materials are so important that the Court should make an
4  exception to the discovery cut-off that has already passed. Indeed, Samsung does not even cite
5  the 630 materials in its opposition, instead relegating them to supporting declarations.

6  Samsung's reliance on expert declarations (Mot. at 4) is equally misplaced. The 630
7  Protective Order does not apply to expert opinions that do not rely on Protected Material from the
8  630 case. The parties' submission of expert declarations does not authorize Samsung to violate
9  the 630 Protective Order. Similarly, Samsung's cited cases about the district court's discretion to
10 reopen the evidentiary record for an injunction (Mot. at 5) are limited to a request to reopen the
11 record, and do not justify Samsung's violation of the 630 Protective Order.

## CONCLUSION

13 Samsung inexcusably violated the 630 Protective Order by submitting materials covered
14 by that Order in this litigation without obtaining the permission that Samsung concedes is
15 required. Samsung's attempt to obtain retroactive relief from its own violation should be denied.

17 Dated: October 25, 2012                MORRISON & FOERSTER LLP

18                                         By: */s/ Michael A. Jacobs*
                                               Michael A. Jacobs
19
                                               Attorneys for Plaintiff
20                                             APPLE INC.