1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Cal. Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5  Kevin P.B. Johnson (Cal. Bar No. 177129)
   kevinjohnson@quinnemanuel.com
6  Victoria F. Maroulis (Cal. Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
7  555 Twin Dolphin Drive 5th Floor
   Redwood Shores, California 94065
8  Telephone: (650) 801-5000
   Facsimile: (650) 801-5100
9
   Michael T. Zeller (Cal. Bar No. 196417)
10 michaelzeller@quinnemanuel.com
   865 S. Figueroa St., 10th Floor
11 Los Angeles, California 90017
   Telephone: (213) 443-3000
12 Facsimile: (213) 443-3100

13 Attorneys for SAMSUNG ELECTRONICS
   CO., LTD., SAMSUNG ELECTRONICS
14 AMERICA, INC. and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC
15

16                    UNITED STATES DISTRICT COURT

17         NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

18 | APPLE INC., a California corporation, | CASE NO. 11-cv-01846-LHK
19 |                Plaintiff,             | **SAMSUNG'S RENEWED ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL**
20 |        vs.                            |
21 | SAMSUNG ELECTRONICS CO., LTD., a
     Korean business entity; SAMSUNG
22   ELECTRONICS AMERICA, INC., a New
     York corporation; SAMSUNG
23   TELECOMMUNICATIONS AMERICA,
     LLC, a Delaware limited liability company,
24
                    Defendants.
25

26

27

28

Pursuant to Civil L.R. 7-11 and 79-5, and General Order No. 62, Defendants Samsung Electronics Co. Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC ("STA") (collectively, "Samsung") hereby bring this renewed administrative motion for an order to seal:

1. Exhibits 12, 13, 21, 25, and 49 to the Declaration of Terry Musika in Support of Apple's Motion for Permanent Injunction ("Musika Declaration").

In support of its motion for a permanent injunction, Apple filed twenty documents under seal that Samsung had previously designated as confidential.  Dkt. No. 1982.  The Court subsequently denied Apple's motion to seal these documents without prejudice.  Dkt. No. 2047. After carefully reviewing the documents and balancing the public's interest in access and the harm Samsung is likely to suffer from disclosure of Samsung's confidential information, Samsung now seeks to seal five documents that contain highly-sensitive information about Samsung's product strategy and marketing efforts.

**The "Good Cause" Standard Applies**

While the "strong presumption of access to judicial records applies fully to dispositive pleadings" since the public has a strong interest in access where a pleading involves the "*resolution* of a dispute on the merits," the presumption of access does not "apply with equal force to non-dispositive materials." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006) (emphasis added).  Apple's motion for a permanent injunction is non-dispositive as any order that results from Apple's motion would not resolve the dispute on the merits.  Thus, a "good cause" showing is sufficient to seal the documents at issue here.  *Id.*; *see also In re National Sec. Agency Telecommunications Records Litig.*, 2007 WL 549854, at *3-*4 (N.D. Cal. Nov. 23, 2007) (noting that a motion for a preliminary injunction is non-dispositive and that the "good cause" standard applies to a motion to seal attached documents).[1]

---

[1] While the Court has held that the "compelling reasons" standard applies to Apple's motion to seal (Dkt. No. 2047 at 3), the issue of whether the "compelling reasons" standard applies to documents attached to non-dispositive motions is on appeal to the Federal Circuit.
    (footnote continued)

**Good Cause and Compelling Reasons Exist to Seal the Documents at Issue**

All the documents that Samsung requests be sealed contain highly-confidential information about Samsung's product and marketing strategy. Exhibits 12 and 13 to the Musika Declaration contain Samsung's "projections about future demand in the smartphone market and detail STA's pricing strategy." (Declaration of Hankil Kang in Support of Samsung's Renewed Administrative Motion to File Documents Under Seal ("Kang Decl.") ¶ 3.) Exhibit 49 to the Musika Declaration reveals Samsung's product strategy, including information about the features Samsung considers important. *Id.* ¶ 6. Exhibit 25 to the Musika Declaration reveals the effectiveness of Samsung's advertising efforts and Exhibit 21 to the Musika Declaration discusses Samsung's marketing strategy as well as its relationship with carrier partners. *Id.* ¶¶ 4,5. As the Court has recognized, "strategy for future corporate plans have the potential to cause considerable competitive harm." Dkt. No. 1649 at 7-8; *see also Bauer Bros. LLC v. Nike, Inc.*, 2012 WL 1899838, at *2 (S.D. Cal. May 24, 2012) (finding "compelling reasons" to seal "Nike's confidential business materials, including marketing strategies"); *TriQuint Semiconductor, Inc. v. Avago Techs., Ltd.*, 2011 WL 6182346, *3-7 (D. Ariz. Dec. 13, 2011) (release of documents showing, *inter alia*, sales volumes, market analysis, capital expenditures, cost, and manufacturing capacity would cause competitive harm and thus met the "compelling reasons" standard). Therefore, compelling reasons exist to seal the documents at issue.

**Conclusion**

For the foregoing reasons, Samsung respectfully requests that the Court issue an order sealing Exhibits 12, 13, 21, 25, and 49.

---

Should the Court find that "compelling reasons" do not exist to seal the documents subject to this motion, Samsung respectfully requests that the Court stay disclosure of the documents pending a decision by the Federal Circuit on Samsung's appeal of the Court's August 9, 2012 Order. The Federal Circuit's decision may "alter the appropriate analysis for sealing" (Dkt. No. 2047 at 7) materials attached to motions that do not resolve claims on the merits.

1  DATED: October 26, 2012            QUINN EMANUEL URQUHART &
                                      SULLIVAN, LLP
2

3

4                                     By  /s/ Victoria Maroulis
                                         Charles K. Verhoeven
5                                        Kevin P.B. Johnson
                                         Victoria F. Maroulis
6                                        Michael T. Zeller
                                         Attorneys for SAMSUNG ELECTRONICS CO.,
7                                        LTD., SAMSUNG ELECTRONICS AMERICA,
                                         INC., and SAMSUNG
8                                        TELECOMMUNICATIONS AMERICA, LLC

-3-                    Case No. 11-cv-01846-LHK
SAMSUNG'S RENEWED ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL