QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>             Plaintiff,<br><br>     vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>             Defendants. | CASE NO. 11-cv-01846-LHK (PSG)<br><br>**SAMSUNG'S OPPOSITION TO APPLE'S MOTION TO COMPEL DEPOSITIONS OF SAMSUNG DECLARANTS** |

1      Apple's request for belated, one-way discovery should be denied.  Contrary to Apple's
2 premise, Judge Koh's post-trial schedule neither contemplates nor permits another round of expert
3 depositions.   Both sides rely on new experts and new expert testimony in briefing Apple's motion
4 for an injunction and enhancement, and the injunction issues were expressly understood to not be
5 limited to the trial record.[1]  In particular, on top of relying on new (and often inconsistent)
6 testimony from existing experts, Apple submitted a declaration from a new, undisclosed expert
7 (Marylee Robinson) (*see* Dkt. 1982-071).[2]  Tellingly, at no point did Apple offer Ms. Robinson,
8 or any of its other declarants offering new testimony, for deposition.  To now permit Apple
9 specially to undertake such discovery would be contrary to the existing scheduling order, unfair to
10 Samsung and disruptive of these proceedings.   Were this Court nonetheless to compel Samsung's
11 experts' depositions, Samsung should be afforded the same opportunity to depose Apple's experts,
12 including Marylee Robinson and any other new experts, or experts who have offered new
13 opinions, in its motions oppositions, or forthcoming replies.

### I.  APPLE'S REQUESTED DISCOVERY IS INCONSISTENT WITH THE ESTABLISHED SCHEDULE AND COURSE OF PROCEEDINGS.

      The parameters of the schedule, set on August 28, are clear, and the allowable post-trial briefing is substantially complete.  All that remains is for the parties to file their replies on November 9, after which the Court will hold a December 6 hearing.   *See* Dkt. Nos. 1945, 1946.

      The omission of any provision for post-trial depositions is especially conspicuous in light of the Court's previous scheduling Orders that governed Apple's preliminary injunction motions –

---

[1]  Both the parties and Judge Koh agreed at the Daubert stage and at trial that any testimony relating to irreparable injury would ***not*** be presented to the jury but would be considered in separate post-trial proceedings. Dkt. 1157 at p. 13; *see also* R.T. 4322:4-4323:23.

[2]  Samsung initially moved to strike that testimony not on the grounds that it was untimely or new, but because its separate inclusion exceeded page limits.   The court denied that motion without prejudice to Samsung's restating its objection within the limited number of pages prescribed for its injunction opposition (Dkt. 2038), which it did, as well as following the course set by Apple, and offering new expert testimony with accompanying declarations.  *See also Apple II*, Dkt. No. 221 at 6 (denying Samsung's motion to strike reply declaration from Apple's Dr. Velturo, whom Samsung had not deposed).

-1-                       Case No. 11-cv-01846-LHK (PSG)
SAMSUNG'S OPPOSITION TO APPLE'S MOTION TO COMPEL DEPOSITIONS OF SAMSUNG DECLARANTS

both of which *expressly* authorized fact and expert discovery.   *See* Dkt. No. 115; *Apple II* Dkt. No. 37 at 2.   Nor did Apple even request post-trial depositions or other discovery in its proposed schedule for its current injunction motion.   Dkt. No. 1538; R.T. 4319-4327; *see also* R.T. 4323:15-23 (proposing schedule without suggestion of a new round of depositions).

In addition to not asking for discovery in its proposed schedule, Apple did not offer discovery either.   This was despite Apple's post-trial introduction of new expert opinions, along with an entirely new expert (Marylee Robinson), never disclosed during discovery.[3]   Apple also argued that Samsung should not even be permitted to *use* documents Apple *had already produced* in *Apple II* on the ground that "[d]iscovery has long since closed" in this case (Pierce Decl. Ex. 2) – even though such use would not involve fresh discovery burdens or delays, unlike the depositions Apple seeks here.   *See also* Dkt. 2088 (Apple's October 25 pleading opposing creation of "exception to the discovery cut-off that has already passed").   After all of this, Apple demanded for the first time that Samsung's experts be produced and indeed be produced "unconditionally" (Pierce Decl. Ex. 1) – thereby foreclosing any prospect of arranging reciprocal discovery.   Allowing Apple to take one-sided discovery under these circumstances as it demands would be inappropriate and infect with error any order in its favor on injunction or enhancement.

## II.   APPLE LACKS JUSTIFICATION FOR SPECIAL EXPERT DISCOVERY.

Apple lacks the "good cause" it concedes is required.   (Mot. at 2.)   The expert testimony in question fits well within the post-trial issues that are the subject of ongoing briefing and should be addressed as such by Apple in its forthcoming reply, just as Samsung did with respect to Apple's new expert testimony in its opposition (*see* Dkt. 2054 at fn. 2).

---

[3] Contrary to Apple's suggestion, Samsung did not fail to comply with requirements for *pretrial* expert disclosure.   Because Apple moved for a permanent injunction only after expert discovery had closed, Samsung had no ability, much less obligation, to determine what responsive testimony would be appropriate.   Also belying Apple's insinuations, Apple itself moved for a permanent injunction based on entire expert opinions and other evidence and arguments never disclosed by Apple prior to trial or prior to discovery cut-off, as discussed further below.

SAMSUNG'S OPPOSITION TO APPLE'S MOTION TO COMPEL DEPOSITIONS OF SAMSUNG DECLARANTS

1     ***Sam Lucente*:** Mr. Lucente is an industrial design expert who issued two expert reports and was deposed by Apple on May 9, 2012. All Mr. Lucente has added with his latest declaration are observations from reviewing design-around versions of accused products, based on precisely the same legal standards. He reviewed a modified graphical user interface under the D'305 patent that he analyzed and offered opinions on previously, and also a color change in the physical housing of two phones. *See* Dkt. 2057 ¶¶ 15-29. Nothing would be gained from deposing Mr. Lucente on whether white or gray phones have the same visual appearance as black phones, or on whether Mr. Lucente is qualified to tell the difference. Moreover, the gray phones were created after the verdict, so there is no way Mr. Lucente or anyone else could have opined on them earlier.

    ***Stephen Gray*:** Stephen Gray was deposed on May 4 and July 17, 2012. In his instant declaration, Mr. Gray explains why products that do not distinguish between a single input point and two or more input points do not infringe the '915 patent (Gray Decl. ¶¶ 28-45), and why products that do not center a second box in response to a second gesture do not infringe the '163 patent (Gray Decl. ¶¶ 50-55). These same non-infringing alternatives were disclosed by Mr. Gray in his earlier report. Pierce Decl. Ex. 3 at ¶¶ 197-99, ¶¶ 425-32. And Apple, in deposing Mr. Gray, had every opportunity to ask Mr. Gray whatever questions it might pose now. Samsung has made available for inspection the source code disclosed in Mr. Gray's declaration.

    ***Dr. Yoram Wind and Dr. Tűlin Erdem*:** Samsung's declarations from new experts Dr. Wind and Dr. Erdem directly respond to Apple's new and contradictory use of expert testimony from Dr. Hauser. Apple argues for the first time post-trial that Dr. Hauser's survey could be used to show that the utility patents "drive consumer demand." (Dkt. 1982 at 9). This specifically contradicts Dr. Hauser's expert report, which acknowledged that he had *not* designed his survey to show whether consumers bought Samsung smartphones or tablets because they were equipped with the features claimed in Apple's utility patents. Dkt. 1363-1 (Hauser Report) at p. 35, Wind Decl. at ¶¶ 14, 40-43. Accordingly, Samsung in opposition was compelled to address an argument that Apple had never previously made and its own expert had previously disclaimed, without benefit of deposing Dr. Hauser (who notably offers no supporting declaration of his own),

-3-      Case No. 11-cv-01846-LHK (PSG)
SAMSUNG'S OPPOSITION TO APPLE'S MOTION TO COMPEL DEPOSITIONS OF SAMSUNG DECLARANTS

Mr. Musika, or Ms. Robinson as to Apple's improper use of Dr. Hauser's expert testimony. (Musika Decl. at 23; Robinson Decl. at 13-14.)   There was no occasion for Samsung to disclose these experts previously, as the subject of their opinions was not previously raised by Apple.[4]

### III. ANY NEW PROVISION FOR EXPERT DISCOVERY SHOULD APPLY EQUALLY TO SAMSUNG.

Any ruling permitting post-trial depositions should apply equally to both sides.  Thus, Samsung respectfully submits that it should be permitted to depose at least the following Apple declarants if Apple is allowed to depose Samsung's experts:

*Marylee Robinson*: Apple filed a 14-page post-trial declaration from Ms. Robinson, along with 38 exhibits.   Among other things, she (a) provides the sole factual basis for Apple's claim to $121 million in supplemental damages (*id*. at ¶¶ 6-13); (b) supplies the only calculations supporting Apple's claim to $50 million in prejudgment interest (*id*. at ¶¶ 14-22); (c) purports to justify Apple's demand for an additional $535 million in enhanced damages (*id*. at ¶¶ 24-31); and (d) opines (untethered to any claimed expertise) on an alleged causal nexus between Apple's utility patents and consumer demand for Galaxy Tab devices (*id*. at ¶¶ 32-42).   Because she was never disclosed by Apple pre-trial, Samsung has never had the opportunity to depose her.

*Terry Musika*: Mr. Musika's latest declaration raises new questions that Samsung has yet to test.   At trial, Mr. Musika testified that disgorgement of Samsung's profits was appropriate under an unjust enrichment theory, *regardless* whether an underlying sale caused Apple to lose profits.   He claims for the first time now, however, that the entire damages verdict—*including* the awards of Samsung's profits—somehow represents compensatory damages for "past harm that could be calculated with reasonable certainty," such that it provides no compensation whatsoever for Apple's purported loss of market share.   See Dkt. 1982-002 at ¶ 36.   Mr. Musika also opines

---

[4] Both Dr. Wind and Dr. Erdem have full teaching loads at the Wharton School and the Stern School of Business respectively.   If their depositions are compelled, Samsung respectfully asks that Dr. Wind be deposed on November 2 or 7 and Dr. Erdem be deposed on November 5.

for the first time that Apple was deprived of search-engine revenue, although no such opinion was previously disclosed to Samsung.   *See* Dkt. 1982-002 at ¶ 39.

   ***Dr. Russell Winer and Phil Schiller:***   Dr. Winer testified at deposition and trial that he had no empirical evidence or data to show that "Samsung's actions have diluted Apple's brand" (R.T. 1534:14-21) or caused "loss of any kind to Apple" (R.T. 1534:22-25; *see also* R. T. 1535:1-7).   Yet, he now opines post-trial that Samsung's purported dilution "harms Apple," (Dkt. 1986 at ¶7) based on alleged erosion of Apple's "coolness factor," "brand image" and "user experience." *Id*. ¶¶ 9-11, 13.   Similarly, Mr. Schiller now offers opinions that are new or in conflict with his testimony at trial.   Compare Dkt. 1985, ¶¶ 4, 6-7, 14, 15 (opining on Galaxy line of smartphones, competition with iPhone, and confusion) with R.T. 656:21-657:3; 657:13-659:1; 694:25-696:5; and 696:14-699:19 (conflicting trial testimony on same topics).

   ***Reply:***   Apple should not be permitted to present new evidence on reply.   But if it submits additional declarations, Samsung should be permitted to depose the declarants as well, on whatever terms the Court adopts in granting Apple's motion, and to respond to such evidence.

## CONCLUSION

   For the foregoing reasons, the Court should DENY Apple's Motion to Compel, or, alternatively, apply any ruling equally to both sides and grant Samsung leave to submit a supplemental injunction opposition addressing any issues presented by that discovery.

DATED: October 26, 2012          QUINN EMANUEL URQUHART & SULLIVAN, LLP

                                By  /s/ *Victoria Maroulis*
                                   Charles K. Verhoeven
                                   Kevin P.B. Johnson
                                   Victoria F. Maroulis
                                   Michael T. Zeller

                                Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC