# Exhibit 2

# Karen Bobrow

| | |
|---|---|
| **From:** | Hung, Richard S. J. [RHung@mofo.com] |
| **Sent:** | Friday, October 19, 2012 2:54 PM |
| **To:** | Robert Becher; Jacobs, Michael A. |
| **Cc:** | Samsung v. Apple; Geoffrey Grundy; 'WHAppleSamsungNDCalService@wilmerhale.com'; Bartlett, Jason R.; Krevans, Rachel; Sabri, Nathan B. |
| **Subject:** | RE: Permanent Injunction Motion |

Rob,

Thanks for your patience.

We do not agree to Samsung's use in the 1846 case of Apple confidential materials produced only in the 630 case. Discovery has long since closed in the 1846 case, and the 630 protective order does not permit Samsung's attempted cross-use of Apple's confidential materials from the 630 case in the 1846 case. Indeed, Samsung's use of its knowledge of Apple's confidential information from the 630 case to support its arguments in the 1846 case itself is a violation of the 630 protective order. (See para. 1(a) of order.)

Should Samsung attempt to submit the 630 materials to the Court in connection with the 1846 case in clear violation of the 630 protective order, all of the materials must be submitted under seal except for the specific excerpts from the Joswiak, Rangel, and Buckley depositions.

For all materials, whether from the 630 or 1846 case, we are assuming that Samsung would submit only the specific pages cited in your e-mails (and not entire transcripts or documents). If that is correct, with regard to materials from the 1846 case, the specific pages cited from the Sinclair, Balakrishnan, Anzures, Winer, and Hauser depositions and the Balakrishnan report may be filed publicly. All other documents should be filed under seal.

Rich


Richard S.J. Hung
Morrison & Foerster LLP
rhung@mofo.com
(415) 268-7602

**From:** Robert Becher [mailto:robertbecher@quinnemanuel.com]
**Sent:** Friday, October 19, 2012 12:09 PM
**To:** Hung, Richard S. J.; Jacobs, Michael A.
**Cc:** Samsung v. Apple; Geoffrey Grundy; 'WHAppleSamsungNDCalService@wilmerhale.com'; Bartlett, Jason R.; Krevans, Rachel; Sabri, Nathan B.
**Subject:** RE: Permanent Injunction Motion

Rich—

Thanks for letting us know. We will wait until mid-afternoon for your response.

Regards,
Rob

**From:** Hung, Richard S. J. [mailto:RHung@mofo.com]
**Sent:** Friday, October 19, 2012 11:54 AM
**To:** Robert Becher; Jacobs, Michael A.
**Cc:** Samsung v. Apple; Geoffrey Grundy; 'WHAppleSamsungNDCalService@wilmerhale.com'; Bartlett, Jason R.; Krevans,

Rachel; Sabri, Nathan B.
**Subject:** RE: Permanent Injunction Motion

Rob,

I am writing to follow up on your e-mail to Michael below.

In view of the volume of documents that you identified and the timing of your request, it is unreasonable to insist on a response by noon.

We have raised these issues with our client, however, and expect to provide our response by mid-afternoon.

Rich

Richard S.J. Hung
Morrison & Foerster LLP
rhung@mofo.com
(415) 268-7602

**From:** Robert Becher [mailto:robertbecher@quinnemanuel.com]
**Sent:** Thursday, October 18, 2012 11:42 PM
**To:** Jacobs, Michael A.
**Cc:** Samsung v. Apple; Geoffrey Grundy; 'WHAppleSamsungNDCalService@wilmerhale.com'; Hung, Richard S. J.; Bartlett, Jason R.; Krevans, Rachel; Sabri, Nathan B.
**Subject:** RE: Permanent Injunction Motion

Michael,

We understand that your team is, like ours, working hard to prepare its filings for tomorrow.  But that offers no excuse for your refusal to promptly consent to Samsung's limited request to use certain discovery information from the 12-630 case in connection with its filings tomorrow.  As you know, the parties have a long history of cooperating in the cross-use of documents produced in the various related matters in which they are involved, and they further have stipulated to the cross-use of all discovery materials in the 12-630 case.  As you also recall, earlier in the 11-1846 case, Apple was not only ordered to produce discovery materials, including deposition transcripts, from related cases, but it was later sanctioned for having failed to do so.  Given this history, as well as the fact that the information from the 12-630 case that Samsung intends to use in its filings tomorrow has already been presented to the same Court in a pending dispute between the same parties, Apple has no good faith basis for refusing to consent to Samsung's request.  If Apple does not provide its consent by noon tomorrow, Samsung will seek relief from the Court and further will move to shorten the time for such relief to be granted.

Regards,
Rob

**From:** Jacobs, Michael A. [mailto:MJacobs@mofo.com]
**Sent:** Thursday, October 18, 2012 7:47 PM
**To:** Robert Becher
**Cc:** Samsung v. Apple; Geoffrey Grundy; 'WHAppleSamsungNDCalService@wilmerhale.com'; Hung, Richard S. J.; Bartlett, Jason R.; Krevans, Rachel; Sabri, Nathan B.
**Subject:** Re: Permanent Injunction Motion

Robert,

We are in receipt of your emails. We are working on our own filings for tomorrow as well, so it may not be possible for us to respond as quickly as you would like. In the meantime, please do not assume our consent or non-objection.

Michael

---

**From**: Robert Becher [mailto:robertbecher@quinnemanuel.com]
**Sent**: Thursday, October 18, 2012 07:31 PM
**To**: Robert Becher <robertbecher@quinnemanuel.com>; Jacobs, Michael A.
**Cc**: Samsung v. Apple <Samsungv.Apple@quinnemanuel.com>; Geoffrey Grundy <geoffreygrundy@quinnemanuel.com>; AppleMoFo
**Subject**: RE: Permanent Injunction Motion

Mike,

In addition to the items listed in my prior email, Samsung intends to file the following documents produced in connection with case number 12-630: (1) "US First Time Smartphone Buyer Analysis," February 2012, APLNDC630-0000135164-183; (2) "2012 Mobile Future in Focus, Key Insights from 2011 and What They Mean for the Coming Year," February 2012, APLNDC630-0000134690-738; and (3) "iPhone Buyer Survey," FY12-Q1, APLNDC630-0000149471-605.  For the reasons stated in my prior email, we assume Apple has no objection.  Further, please confirm that Apple does not object to Samsung publicly filing these documents, as well as those identified in my prior email.

Also, Samsung intends to submit or discuss the materials listed below, which were produced in this action and designated by Apple as AEO.  Please confirm that Apple does not object to Samsung publicly filing the following:

- 4/4/2012 Sinclair Tr. 46-53
- 4/20/2012 Dep. of Dr. Ravin Balakrishnan, at 62:7-11, 80:15-17
- 10/18/2012 Anzures Tr. at 83-85
- 4/27/2012 Winer Tr. at 343-345
- Hauser Dep. Tr. at 88-92
- Stephanie Chen Dep. Tr. at 121:12-122:3
- Balakrishnan Report at ¶262
- APLNDC-X0000007220-7335 (Nokia license)
- APLNDC0001221082-1221113 (IBM license)
- APL-ITC796-0000010019-10040 (Microsoft license)
- "Point-of-Sale influence on Smartphone buyers," July 2011, APLNDC-Y0000025232-304 at '251-'252
- AT&T Meeting: Internal Overview, March 15, 2012, APLNDC0001845703-739 at '709
- APLNDC-Y0000408237
- "iPhone 4S Early Buyer Survey," Apple, November 2011, APLNDC-Y0000026096-137 at '120
- "GAAP Line of Business Reporting – iTS," Apple, APLNDC-Y0000051616-617.
- "GAAP Line of Business Reporting – Licensing / Lic.," Apple, APLNDC-Y0000051618-619.

Regards,

Rob

---

**From:** Robert Becher
**Sent:** Thursday, October 18, 2012 5:08 PM
**To:** 'Jacobs, Michael A.'
**Cc:** Samsung v. Apple; Geoffrey Grundy; 'AppleMoFo'
**Subject:** Permanent Injunction Motion

Dear Mike,

3

Samsung will be attaching to its opposition to Apple's Motion for a Permanent Injunction a copy of the following documents: (1) Deposition of Greg Joswiak, April 17, 2012, pp. 17-20, 26; (2) Deposition of Arthur Rangel, April 5, 2012, pp. 81, 123-125, 128-129; (3) Deposition of Mark Buckley, April 10, 2012, pp. 37, 75-76, 88-89; (4) "N94 launch pad," July 12, 2011, APLNDC630-0000128707-766; and (5) Sustaining momentum throughout the product cycle – Increasing share of first-time smartphone users, APLNDC630-0000128922-944. Although these documents were produced in connection with case number 12-630, we assume Apple has no objection because it filed confidential documents from that proceeding in connection with its permanent injunction motion and because this evidence is highly relevant in view of the recent Federal Circuit decision.

Regards,

Rob

----------------------------------------------------------------------
To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

For information about this legend, go to
http://www.mofo.com/Circular230/

===========================================================================

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail @mofo.com, and delete the message.

----------------------------------------------------------------------


----------------------------------------------------------------------
To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

For information about this legend, go to
http://www.mofo.com/Circular230/

===========================================================================

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by

reply e-mail @mofo.com, and delete the message.

----------------------------------------------------------------------

----------------------------------------------------------------------
To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

For information about this legend, go to
http://www.mofo.com/Circular230/

===========================================================================

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail @mofo.com, and delete the message.

----------------------------------------------------------------------