UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California corporation,<br><br>Plaintiff,<br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., A Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No.: 11-CV-01846-LHK<br><br>ORDER PERMITTING CROSS-USE OF DISCOVERY MATERIALS |

Samsung has filed a motion seeking an Order permitting cross-use of discovery materials from Case No. 12-CV-00630 ("630 Case") in its opposition to Apple's post-trial motions. ECF No. 2070 ("Mot."). Apple has opposed Samsung's motion, primarily on the ground that such use violates the Protective Order entered in the 630 case. ECF No. 2088 ("Opp'n"); Case No. 12-CV-00630, ECF No. 171-1 ("630 Protective Order"). Having considered the parties' submissions, the Court GRANTS Samsung's motion.

As an initial matter, Samsung introduced materials produced in the 630 case with its opposition to Apple's JMOL motion filed on October 19, 2012. ECF No. 2053. It did not seek this Court's permission to use those materials until October 20, 2012, the day after it had introduced them. ECF No. 2070. Apple is correct that this sequence of events is not ideal. However, Apple has not argued that it would be in any way prejudiced by the alleged untimeliness of Samsung's

request. Indeed, much of the risk of such a late request falls on Samsung, because if this Court were to deny Samsung's request, Samsung would be left with a brief already on file from which portions would have to be stricken, without further opportunity to revise. Apple's Reply Brief is not due until November 9, 2012; thus, Apple will have the same opportunity to respond to the 630 material that it would have had if Samsung had made its request sooner. Accordingly, the Court will not deny Samsung's motion on these grounds.

Apple's primary argument is that the 630 Protective Order prohibits the use of documents produced in that case in "any other litigation." Opp'n at 3. Apple is correct that the literal terms of the current Protective Order do not allow cross-use in the instant action of materials originally produced in the 630 case. However, the Protective Order "is subject to further court order based upon public policy or other considerations, and the Court may modify this Order *sua sponte* in the interests of justice." 630 Protective Order at 27. Thus, the fact that the Protective Order might currently forbid the introduction of such materials does not establish that the Court cannot or should not enter an Order permitting their use.

Samsung argues that evidence from the 630 case is particularly relevant now due to the Federal Circuit's recent ruling in the 630 case, which may bear on Apple's claims in the present case. Mot. at 2. Further, Samsung has pointed to various existing agreements for cross-use of discovery from other related actions in the instant action and in the 630 action. Mot. at 3. The Court agrees that the parties' general practice of agreeing to cross-use supports permitting cross-use here. Neither party has explained how the use sought here is materially different from the uses to which the parties have already agreed. Indeed, here, the argument for allowing use is especially strong, as Apple is seeking to permanently enjoin the sale of 26 Samsung products. Such an extraordinary request should be evaluated in light of the full available record.

Apple's Opposition provides no explanation of why, beyond the fact that the Protective Order says so, this material should not be allowed. Rather, Apple argues repeatedly that the terms of the current Protective Order do not permit this cross-use. But because the Protective Order makes clear that the Court may alter it in the interests of justice, something more would be required to justify denying Samsung's request. Apple has provided, and the Court sees, no such

justification.  Indeed, as Apple notes in its opposition, the four documents to which it is specifically objecting were produced *by Apple* in the 630 case.  Opp'n at 3.  Apple has not explained how the introduction of its own documents could possibly cause Apple any prejudice.  Accordingly, Samsung's request to use discovery materials from the 630 case in connection with its post-trial briefing is GRANTED.

**IT IS SO ORDERED.**

Dated: October 26, 2012

*Lucy H. Koh*
LUCY H. KOH
United States District Judge