| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781) hmcelhinny@mofo.com MICHAEL A. JACOBS (CA SBN 111664) mjacobs@mofo.com RACHEL KREVANS (CA SBN 116421) rkrevans@mofo.com JENNIFER LEE TAYLOR (CA SBN 161368) jtaylor@mofo.com MORRISON & FOERSTER LLP 425 Market Street San Francisco, California 94105-2482 Telephone: (415) 268-7000 Facsimile: (415) 268-7522 | WILLIAM F. LEE william.lee@wilmerhale.com WILMER CUTLER PICKERING HALE AND DORR LLP 60 State Street Boston, MA 02109 Telephone: (617) 526-6000 Facsimile: (617) 526-5000 MARK D. SELWYN (SBN 244180) mark.selwyn@wilmerhale.com WILMER CUTLER PICKERING HALE AND DORR LLP 950 Page Mill Road Palo Alto, California 94304 Telephone: (650) 858-6000 Facsimile: (650) 858-6100 |
| Attorneys for Plaintiff and Counterclaim-Defendant APPLE INC. | |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, <br><br> Defendants. | Case No. 11-cv-01846-LHK <br><br> **DECLARATION OF CYNDI WHEELER IN SUPPORT OF SAMSUNG'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL** |

I, Cyndi Wheeler, hereby declare as follows:

1. I am an attorney for Apple Inc. ("Apple"). I submit this declaration in support of Samsung's Administrative Motion to File Under Seal (Dkt. No. 2064) pursuant to Local Rules 7-11 and 79-5. I have personal knowledge of the matters set forth below. If called as a witness I could and would competently testify as follows.

**Capacity Information**

2. **Exhibit 13 to the Declaration of John Pierce in Support of Samsung's JMOL Opposition** ("Pierce Decl. ISO JMOL Opposition") consists of PX25A1, an admitted trial exhibit summarizing Apple's damages calculations. The Court has already ordered that this exhibit may be sealed in part. (Dkt. No. 1649 at 6-7.) Apple filed its proposed redactions (Dkt. No. 1691), and the Court approved them. (Trial Tr. 1993:18-19.)[1]

3. **Exhibit C to the Declaration of Michael J. Wagner in Support of Samsung's JMOL Opposition** ("Wagner Decl. ISO JMOL Opposition") consists of an excerpt from the Supplemental Damages Schedules of Terry L. Musika, Exhibit 17.2-S2. The Court ordered that an earlier version of this exhibit may be sealed in part, specifically noting, "Apple's motion is GRANTED with respect to Apple's proposed redactions of Exs. 17.2-S . . . all of which contain capacity data[.]" (Dkt. No. 1649 at 13.) Exhibit 17.2-S2 contains the same types of information as Exhibit 17.2-S, arranged in the same format, the numbers are simply updated.

4. Apple's Court-approved redactions to PX25A1, which Samsung filed as Exhibit 13 to the Pierce Declaration, and Samsung's proposed redactions to Ex. 17.2-S2, which mirror Apple's Court-approved redactions to Ex. 17.2-S and are filed as Exhibit C to the Wagner Decl. ISO JMOL Opposition, cover only capacity information. As the Court agreed, such information relating to Apple's production and supply capacity is trade secret and is properly sealed:

> [D]isclosure of this information would cause substantial competitive harm to Apple. Competitors and suppliers armed with knowledge of Apple's capacity would be able to alter their business and pricing models to gain an unfair advantage over Apple in such a way that would harm its competitive standing. Suppliers, for

---

[1] The exhibit number is mistranscribed as "PX 2581" rather than "PX25A1."

> instance, could predict when Apple would most need to increase supply and leverage this knowledge to exact substantial price increases. Similarly, competitors could lower their prices during periods when Apple has excess capacity and is therefore most vulnerable to a price cut. Although Apple seeks to seal *past* capacity data, such data is cyclical and would allow competitors and suppliers to discover the patterns in Apple's capacity that would make it easy to predict Apple's current and future capacity constraints.

Dkt. No. 1649 at 4 (internal quotations and citations omitted). Apple respectfully requests that the Court accept the redacted versions filed by Samsung.

5. **Exhibit 212 to the Declaration of Michael J. Wagner in Support of Samsung's PI Opposition** ("Wagner Decl. ISO PI Opposition") consists of the entire transcript of the February 23, 2012 deposition of Mark Buckley. This transcript contains specific capacity information of the same type discussed above, as well as highly confidential financial information discussed in more detail below. In particular, the transcript reveals capacity information at 184:16-20, 185:1-22, 186:19-25, 188:5-21, 190:1-24, 193:6-12, 193:18-194:7, 195:19-196:3, 196:8-25, 197:11-20, 203:9-204:25. Apple requests that the Court seal these lines.

**Financial Information**

6. **Exhibits 2, 47, 83, 84, 85, 86, 87, 201, 202, 203, 204, and 212 to the Wagner Decl. ISO PI Opposition** contain highly confidential individual product model-specific revenue, cost, and margin information.

7. Apple has previously moved to seal such financial information (Dkt. No. 1495.) Many of the documents Samsung has submitted were directly at issue in Apple's prior motion to seal trial exhibits—Wagner Exhibit 47 was DX543, Wagner Exhibit 83 was DX778, Wagner Exhibit 84 was DX779, Wagner Exhibit 85 was DX780, Wagner Exhibit 201 was DX542, Wagner Exhibit 203 was PX102, and Wagner Exhibit 204 was PX103. Wagner Exhibits 85, 86 and 202 are similar types of documents with the same types of financial information, although these exact documents were not at issue in Apple's prior motion. Apple provided a detailed supporting declaration with its motion to seal trial exhibits from its Vice President of Worldwide Planning and Analysis, Jim Bean. (Dkt. No. 1495-2).

8.  **Exhibits 47, 83, 84, 85, 86, 87, 201, 203, and 204 to the Wagner Decl. ISO PI Opposition** reveal product line–specific sales, cost, and margin information and should be sealed for the reasons expressed in the declaration previously filed by Apple (Dkt. No. 1495-2) when this information was at issue in trial exhibits. Proposed redacted versions are attached as **Exhibits A-I**, respectively. Exhibit 202 reveals channel/carrier/reseller-specific information, disclosure of which would harm Apple in the same way as product-line specific information, and should be sealed in full.

9.  **Exhibit 212 to the Wagner Decl. ISO PI Opposition** contains similar highly confidential financial information that should also be sealed for the reasons expressed in the declaration previously filed by Apple (Dkt. No. 1495-2). In particular, this exhibit reveals income received from individual search providers (148:7-23, 149:7-11, 149:22-150:9, 151:15), which is confidential for the same reasons as product-line specific information—just as disclosure of product-line information would allow competitors to know what markets are most and least successful and therefore which are ripe for competition (Dkt. No. 1502 ¶ 7), disclosure of specific search provider incomes reveals which search markets are ripe for competition and with which search providers Apple is doing the most business. This exhibit also reveals margin information (165:17-18, 167:22-168:1) and royalty payments (220:7-221:1). Apple requests that the Court seal these lines.

10. **Schedules 3.1 and 3.2 in Exhibit 2 to the Wagner Decl. ISO PI Opposition** consist entirely of data extracted from Exhibits 201, 203, and 204. These schedules should be sealed in their entirety with the exception of the "total unit sales" line for the same reasons explained above.

**Third-Party Confidential Data**

11. **Exhibit 199 to the Wagner Decl. ISO PI Opposition** consists of an extensive, worldwide, recent spreadsheet of IDC data. The Court has previously sealed IDC information (Dkt. No. 1495 at 12-13) because disclosure of this level of detailed data would eviscerate the demand for sale of IDC's reports. Apple respectfully requests that the Court permit this material to remain under seal.

1    12.    **Schedules 2.1 and 2.2 in Exhibit 2 to the Wagner Decl. ISO PI Opposition** consist entirely of extensive data extracted from Exhibit 199. These schedules should be sealed in their entirety for the same reasons explained above.

13.    **Pages '627, '628, '629, '634, '643, '644, '655, '656, '667, '668, '679, '680, '691, and '692 of Exhibit 29 to the Wagner Decl. ISO PI Opposition** contain extensive industry-wide data from reports published from third parties IDC and Gartner and should be sealed for the same reasons.

**Licenses**

14.    **Exhibits 12-1 and 12-2 to the Pierce Decl. ISO PI Opposition** consist of entire licenses between Apple and third parties. The Court has previously sealed such license agreements. (Dkt. No. 1649 at 10, 16) They contain a host of terms that are irrelevant to this litigation and would competitively harm both Apple and the licensing parties, as disclosure would provide insight into the structure of their licensing deals and impact future negotiations. For these reasons, Apple respectfully requests that Exhibits 12-1 and 12-2 to the Pierce Decl. ISO PI Opposition remain under seal in their entirety.

**Consumer Research**

15.    Samsung has filed Apple's highly confidential internal reports as **Exhibit 6 to the Pierce Declaration ISO Samsung's PI Opposition** and **Exhibits 10-12, 31-32, 38, and 72 to the Wagner Declaration ISO Samsung's PI Opposition**. **Exhibit 189 to the Wagner Declaration** is a highly condensed summary that reveals extensive information from a large number of separate confidential internal reports. These documents should be sealed in their entirety.

16.    Apple has previously moved to seal similar documents, and filed a highly detailed declaration at that time further supporting the confidentiality of this information. (*See* Dkt. No. 1503.) As noted at that time, Apple has made the difficult decision not to seek sealing of certain marketing research reports in order to focus on only its most sensitive confidential information. (Dkt. No. 1503 ¶ 8.) Apple is also not seeking to seal references to these reports in Samsung's briefs or declarations—only the full reports or slides of data themselves.

17. The above information is highly confidential and trade secret. If disclosed, the information in the materials described above could be used by Apple's competitors to Apple's disadvantage. The requested relief is necessary and narrowly tailored to protect the confidentiality of this information.

18. Apple does not maintain a claim of confidentiality on Samsung's JMOL Opposition; Samsung's PI Opposition; Exhibits 7, 13, or 22-43 to the Pierce Decl. ISO Samsung's PI Opposition; the Wagner Decl. ISO Samsung's PI Opposition; Exhibits 9, 13, 28, 30, 71, 92-93, 183, 191, 197-98, 206, 208 to the Wagner Decl. ISO Samsung's PI Opposition; or the Erdem, Wind, or Sukumar Declarations in Support of Samsung's PI Opposition.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 26th day of October, 2012 at Cupertino, California.

*/s/ Cyndi Wheeler*
Cyndi Wheeler

**ATTESTATION OF E-FILED SIGNATURE**

I, Jason R. Bartlett, am the ECF User whose ID and password are being used to file this Declaration. In compliance with General Order 45, X.B., I hereby attest that Cyndi Wheeler has concurred in this filing.

Dated:  October 26, 2012                         */s/  Jason R. Bartlett*
                                                                         Jason R. Bartlett