QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kathleen M. Sullivan (Cal. Bar No. 242261)
kathleensullivan@quinnemanuel.com
Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Susan R. Estrich (Cal. Bar No. 124009)
susanestrich@quinnemanuel.com
Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, <br><br> Plaintiff, <br><br> vs. <br><br> SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, <br><br> Defendants. | CASE NO. 11-cv-01846-LHK <br><br> **SAMSUNG'S OPPOSITION TO APPLE'S ADMINISTRATIVE MOTION TO ENLARGE PAGE LIMIT FOR REPLY IN SUPPORT OF MOTION FOR PERMANENT INJUNCTION AND FOR ENHANCED DAMAGES** |

Under the Court's post-trial briefing Order (Dkt. 1945), Apple is already receiving 45 pages for its injunction and enhancement briefing—a full 10 pages more than Samsung. Ignoring the Court's Order that these page limits "will be strictly enforced" (Dkt. 1945 at 3), and having violated that same Order by submitting large swaths of declarations and other evidence never cited or addressed in Apple's injunction motion, Apple now requests a ten-page increase for its reply brief—a request that would give Apple **55** pages for its injunction/enhancement briefing compared with Samsung's 35 pages. Apple's request should be denied. But if the Court is inclined to grant Apple's request, Samsung should be granted an equal number of additional pages for a sur-reply to bring parity to the process.

The Court and the parties discussed the pages limits applicable to this briefing at length. Apple initially accepted 25 pages for its injunction motion, 25 pages for opposition, and 15 pages for reply. *See* 8/24/12 Hearing Tr. at 4328:14-17. Then, the Court proposed that page limits be "even", and Apple likewise agreed to each party getting a total of 30 pages for injunction briefing (20 for Apple's motion, 30 for Samsung's opposition, and 10 for Apple's reply). *Id.* at 4330:17-4331:2. Ultimately, the Court combined the injunction and enhancement briefing, giving Apple a total of 45 pages, and Samsung a total of 35 pages. Dkt. 1945.

Apple complains that Samsung submitted substantial evidence with its opposition. But that is not a new issue and in any event is one entirely of Apple's own making. At the same hearing when it agreed to 15 and even 10 pages for its reply brief, Apple also made clear it understood the substantial additional evidence involved in this briefing. Both parties recognized that Apple's injunction motion would involve evidentiary issues "not present in this trial," including "design arounds" that involve "a lot of evidence [affecting] a lot of products." *See* 8/24/12 Hearing Tr. at 4322:9-4323:5. Even before seeking enormously broad injunctive relief, Apple agreed that this briefing would involve "additional evidence on irreparable harm, [causal] nexus and the other elements." *Id.* at 4323:15-23. And, in moving for an injunction and enhancements, Apple submitted lengthy declarations and other evidence that not only necessitated response by Samsung, but was done in a manner plainly designed to subvert the Court's page

limitations.  *See* Dkt. 3032 (Samsung's Motion to Strike Portions of Declarations of Chouse, Musika, Robinson, Schiller, and Winer in Support of Apple's Motion for a Permanent Injunction).

   Apple then compounded its own alleged problem further by seeking grossly overbroad injunctive relief and enhancements.  Despite assuring the Court its injunction motion would "definitely show judgment and pick our battles" (*id.* at 4327:17-4328:4), Apple did not.  Instead it sought to enjoin some 26 products and untold numbers of other, unspecified products.  Dkt. 1982.  Apple complains that Samsung's opposition evidence is "new," but the law expressly requires consideration of all the evidence placed at issue by Apple's sweeping motion, including new evidence necessary for the Court to evaluate the equities of injunctive relief as of the present time and looking forward into the future.  *See Salazar v. Buono*, 130 S. Cit. 1803, 1816 (2010) ("[a]n injunction is . . . to be ordered only after taking into account all of the circumstances that bear on the need for prospective relief"); *MercExchange, L.L.C. v. eBay, Inc.*, 467 F. Supp. 2d 608, 611 (E.D. Va. 2006) ("The **current** facts are so vital to the court's decision when such form of relief is sought as the court is not only charged with determining the equitable relief appropriate **on the date of the court's order**, but is also expected to fashion relief that appears appropriate for extension into the future.") (emphasis added); *Chemlawn Services Corp. v. GNC Pumps, Inc.*, 823 F.2d 515, 518 (Fed. Cir. 1987) (remanding preliminary injunction request where "the facts may now have changed in light of the present circumstances" and a party's "subsequent commercial activity, if any, may have altered the facts").

   Apple itself filed six declarations with its initial motion, including expert declarations expressing new opinions, and attached over 500 pages of exhibits (*see* Dkt. 1982-1987), and no doubt will file more with its reply.  In any event, to the extent Apple's complaint is with the declarations and evidence Samsung submitted, the Court has already ruled on the proper course of action.  When Samsung moved to strike portions of Apple's declarations submitted with its opening brief, the Court denied the motion and required Samsung to state all its evidentiary and procedural objections within its 35-page opposition.  *See* Dkt. 2038.  Apple should be held to the same standard.

Finally, Apple cites the Federal Circuit's October 12, 2012 opinion as grounds for additional pages, but the briefing and argument underlying that opinion concluded months ago. Apple was fully aware of Samsung's arguments in *Apple II* and of the distinct possibility that the Federal Circuit would adopt them. Apple simply made a tactical choice not to address those issues in its opening brief and indeed, chose to spend only 10 of its allotted pages in total addressing injunction issues. Dkt. 1982. Moreover, the *Apple II* opinion's impact on briefing affected Samsung equally, yet Apple waited to raise the opinion as a basis for additional pages until *after* Samsung filed its 35-page opposition (in compliance with the Court's order), using that brief as the occasion to address the *Apple II* opinion.

Apple request for additional pages should be denied. If the Court is inclined to alter its originally-ordered limits for Apple's injunction and enhancement briefing, the same rule should be applied to both parties in order to achieve parity and fairness. Accordingly, if the Court grants Apple any additional pages to address injunction and enhancement issues, Samsung respectfully requests that it be permitted to file a sur-reply of equal length.

DATED: October 26, 2012        QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  */s/ Victoria F. Maroulis*
Charles K. Verhoeven
Kathleen M. Sullivan
Kevin P.B. Johnson
Victoria F. Maroulis
Susan R. Estrich
Michael T. Zeller
Attorneys for SAMSUNG ELECTRONICS CO., LTD.,
SAMSUNG ELECTRONICS AMERICA, INC., and
SAMSUNG TELECOMMUNICATIONS AMERICA, LLC