# Exhibit A

HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
JENNIFER LEE TAYLOR (CA SBN 161368)
jtaylor@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK<br><br>**APPLE'S REPLY IN SUPPORT OF ADMINISTRATIVE MOTION TO ENLARGE PAGE LIMIT FOR REPLY IN SUPPORT OF MOTION FOR PERMANENT INJUNCTION AND FOR ENHANCED DAMAGES** |

1  Samsung's Opposition to Apple's Administrative Motion to Enlarge Page Limit for
2  Reply in Support of Motion for Permanent Injunction and for Enhanced Damages (Dkt. No.
3  2098) grossly misrepresents what Apple said at the hearing after the jury verdict was announced
4  on August 24, 2012.  Samsung alleges that "[t]he Court and the parties discussed the pages limits
5  applicable to *this briefing* at length," and that Apple "agreed to each party getting a total of 30
6  pages for injunction briefing (20 for Apple's motion, 30 for Samsung's opposition, and 10 for
7  Apple's reply)."  (Dkt. No. 2098 at 1:10, 1:13-14, citing 9/24/2012 Tr. at 4330:17-4331:2
8  (emphasis added).)  Samsung then accuses Apple of "seeking grossly overbroad injunctive
9  relief," despite "assuring this Court" that Apple's "injunction motion would 'definitely show
10 judgment and pick our battles.'" (Dkt. No. 2098 at 2:3-6, citing 9/24/2012 Tr. at 4327:17-4328:4.)

11  In fact, the August 24 discussion did not concern "this briefing" on Apple's motion for a
12 permanent injunction and enhanced damages.  Rather, it was limited to *highly expedited* briefing
13 on Apple's motion for a *preliminary* injunction, under which Apple would file its motion five
14 days later (August 29) and would have only two days for its reply.  (9/24/2012 Tr. at 4330:17.)
15 The Court and the parties did not discuss the length or scope of any briefs concerning a
16 *permanent* injunction or enhanced damages.

17  Apple agreed to narrow its preliminary injunction motion to the most significant Samsung
18 products in view of the expedited schedule and Apple's continuing right to obtain a permanent
19 injunction that covered all of the infringing products.  Samsung has no basis to complain that
20 Apple is seeking a permanent injunction against all of the products that the jury found to infringe.

21  Samsung also has no basis to argue that the page limits for expedited preliminary
22 injunction briefing should apply to Apple's permanent injunction and enhanced damages motion,
23 which is broader in scope and is being briefed on a schedule that is longer (not shorter) than the
24 normal time periods.  The Court should evaluate Apple's motion to enlarge the page limit on its
25 own merits, in the context of Samsung's Opposition to Apple's permanent injunction and
26 enhanced damages motion, and not that of preliminary injunction briefing that never took place.

27  Apple demonstrated in its motion that the reply page limit should be increased from 15 to
28 25 pages to provide Apple with an adequate opportunity to respond to the numerous arguments

APPLE'S REPLY ISO ADMINISTRATIVE MOTION TO ENLARGE PAGE LIMIT
CASE NO. 11-CV-01846-LHK
sf-3211663

1

1  and the massive amount of evidence in Samsung's 35-page Opposition, 12 declarations, and over
2  5,000 pages of supporting exhibits, and also to provide parity with Samsung's Opposition, which
3  is ten pages longer than the normal limit.  Samsung has not rebutted Apple's showing.

4        Samsung argues that if Apple's page limit is extended, Samsung should be allowed to file
5  a ten-page reply to provide "parity."  The general rule, however, is that the moving party is
6  entitled to file the last brief because it bears the burden of proof on the motion.  The Local Rules
7  provide "parity" by entitling the opposing party to file an opposition that is of the same length as
8  the opening brief; they do not entitle the opposing to party to file an additional sur-reply.  (Civil
9  L.R. 7-3.)  Samsung has already had the opportunity to file a 35-page Opposition that is ten pages
10 longer than the normal limit and five pages longer than Apple's 30-page opening brief.  Samsung
11 has not shown any persuasive justification for allowing it to file yet another brief, contrary to the
12 general rule that the moving party files the last brief.

Dated:  October 28, 2012                    MORRISON & FOERSTER LLP

By:   */s/ Michael A. Jacobs*
      Michael A. Jacobs

Attorneys for Plaintiff
APPLE INC.

APPLE'S REPLY ISO ADMINISTRATIVE MOTION TO ENLARGE PAGE LIMIT
CASE NO. 11-CV-01846-LHK
sf-3211663

2