# Exhibit A

HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
JENNIFER LEE TAYLOR (CA SBN 161368)
jtaylor@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>   Plaintiff,<br><br>   v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>   Defendants. | Case No. 11-cv-01846-LHK<br><br>**APPLE'S BRIEF IN RESPONSE TO SAMSUNG'S REQUEST FOR ADDITIONAL DEPOSITIONS** |

1   Samsung's opposition to Apple's Motion to Compel Depositions of Samsung Declarants
2   (Dkt. No. 2082) contains within it an improper, un-noticed motion by Samsung proposing relief
3   never even raised by Samsung in meet and confer discussions.  Apple waived reply on its own
4   motion, but provides this pleading solely to address Samsung's improper cross motion.

5   Samsung's opposition requests new depositions of four declarants who submitted
6   declarations with Apple's motions on September 21, five weeks ago.  The request is untimely and
7   in addition misstates or conceals important facts about the declarants.

8   First, in order to claim that Apple declarant Marylee Robinson was an improper, entirely
9   new declarant, Samsung deliberately conceals from the Court that Ms. Robinson works at Invotex
10  with Mr. Musika, a fact that is clearly reflected in her declaration.  (Dkt. No. 1982-71 ¶ 3.)  As set
11  out in her declaration, she rather than Mr. Musika gave a declaration regarding utility patents,
12  supplemental damages and  interest calculations because Mr. Musika is seriously ill, which made
13  him unavailable to Apple at the time of her declaration.  (*Id.* ¶ 4.)  Due to the same medical
14  condition, Mr. Musika is not available to be deposed now.  Further, as Ms. Robinson noted, her
15  statements regarding the importance of the Apple's technology derive from Mr. Musika's March
16  22, 2012 expert report.  (*Id.* ¶¶ 9, 29, 30.)  Ms. Robinson is not a "new" expert and the opinions
17  that she set out about Apple's technology are not new.

18  Second, Samsung claims that the content of Apple's declarations from Dr. Winer and Mr.
19  Schiller were new and allegedly in conflict with prior testimony.  This is wrong.  The declarations
20  relied on information that was already in the trial record or disclosed previously to Samsung.
21  (*Compare* Dkt. No. 1986 *and* Tr. 1502:3-1505:10, 1506:12-1507:9, 1510:1-23, 1518:20-1519:10,
22  1519:14-1522:8, 1570:1-17, 1571:3-24; *See* Dkt No. 1985-0 ¶¶ 10-13 (citing trial testimony);
23  *compare id.* ¶¶ 3-9, 14-15 *and* Tr. 596:23-597:15, 602:24-603:24, 612:6-613:17, 614:7-617:6,
24  627:1-629:9, 639:8-640:3, 656:18-657:6, 658:17-659:1, 660:17-661:22, 663:20-665:24.)  Notably,
25  Samsung did not make either argument in the opposition brief it already filed.

26  Third, Samsung has no purpose for any depositions other than delay.  Samsung had five
27  weeks to decide if discovery was needed and it chose not to ask for any.  Samsung has already
28  filed its brief on permanent injunction issues and has no use for any testimony it would obtain in

APPLE'S BRIEF IN RESPONSE TO SAMSUNG'S REQUEST FOR ADDITIONAL DEPOSITIONS
CASE NO. 11-CV-01846-LHK
pa-1558080

1

1  depositions.  Samsung has no sur-reply.  Having made its strategic choice, Samsung should not be
2  permitted to derail these proceedings to undo it.
3      Further depositions from Apple witnesses are not necessary and, in any case, Mr. Musika
4  cannot appear for an additional deposition due to his illness, which was already disclosed.

6  Dated:  October 28, 2012           MORRISON & FOERSTER LLP

7                                            By:   */s/ Michael A. Jacobs*
8                                                     Michael A. Jacobs
9                                                 Attorneys for Plaintiff
                                               APPLE INC.