1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Cal. Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5  Kathleen M. Sullivan (Cal. Bar No. 242261)
   kathleensullivan@quinnemanuel.com
6  Kevin P.B. Johnson (Cal. Bar No. 177129)
   kevinjohnson@quinnemanuel.com
7  Victoria F. Maroulis (Cal. Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
8  555 Twin Dolphin Drive 5th Floor
   Redwood Shores, California 94065
9  Telephone: (650) 801-5000
   Facsimile: (650) 801-5100
10
   Susan R. Estrich (Cal. Bar No. 124009)
11 susanestrich@quinnemanuel.com
   Michael T. Zeller (Cal. Bar No. 196417)
12 michaelzeller@quinnemanuel.com
   865 S. Figueroa St., 10th Floor
13 Los Angeles, California 90017
   Telephone: (213) 443-3000
14 Facsimile: (213) 443-3100

15 Attorneys for SAMSUNG ELECTRONICS
   CO., LTD., SAMSUNG ELECTRONICS
16 AMERICA, INC. and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC
17
                    UNITED STATES DISTRICT COURT
18         NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

19

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S OPPOSITION TO APPLE'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE APPLE'S BRIEF IN RESPONSE TO SAMSUNG'S REQUEST FOR ADDITIONAL DEPOSITIONS** |

Samsung respectfully opposes Apple's Motion for Leave to File Apple's Brief in Response to Samsung's Request for Additional Depositions (Dkt. 2100).   Samsung's conditional request to depose Apple's post-trial experts in the event that Apple is permitted to depose Samsung's was a fair and fitting rejoinder to Apple's motion and took the form that it did because that was the only form permitted by this Court's briefing order, granting Apple's motion to shorten (Dkt. 2085); there is no contemplation and no occasion now for further briefing by Apple.   Considering Apple's proposed brief (Dkt. 2100-1), however, would not change the result in any event.

Having suddenly tried to avail itself of post-trial expert discovery at the eleventh hour, Apple would deny Samsung the same opportunity.   Apple does not deny that neither this Court's orders nor its own proposals ever contemplated post-trial expert discovery.   Nor does Apple deny that it introduced new experts and new expert testimony post-trial without affording Samsung the discovery it now seeks from Samsung.   Instead, Apple faults Samsung for what Apple calls "cho[o]s[ing] not to ask for any" depositions and Samsung's "strategic choice" not to use the fruit of any expert discovery in its briefing.   (Dkt. 2100-1 at 1-2).   That characterization is outlandish.   In fact, all Samsung did was abide by this Court's orders, which afforded no such choice to either party.   To the extent Apple would nonetheless suddenly conjure such choice for itself, fundamental fairness requires that Samsung receive equal benefit.

Although Apple charges Samsung with "deliberately conceal[ing] from the Court that Ms. Robinson works at Invotex with Mr. Musika," it would have been a suspect use of the limited pages Samsung was allotted to repeat what is, as Apple says, "a fact that is clearly reflected in her declaration."   Dkt. 2100-1 at 1.   Samsung appropriately focused on the pertinent fact that Ms. Robinson is a new, undisclosed expert whose qualifications and analytics Samsung has never been permitted to test via deposition.   Although Apple attributes her testimony to Mr. Musika, it says nothing about her disconnects with Mr. Musika that Samsung has separately noted (Dkt. 2054 at 29).   And although Apple notes the unfortunate circumstances of Mr. Musika's illness, it offers no reason whatsoever why it could not and should not have offered Ms. Robinson for deposition had it envisioned expert discovery.   Similarly, Apple attempts no substantive reconciliation whatsoever of the new testimony of Mr. Schiller and Dr. Winer as contrasted with their prior

1 testimony (which, contrary to Apple's brief (at 1:24-25), Samsung did point out in its October 19
2 opposition (Dkt. 2054 at 8 n.7)).    With respect to Mr. Musika, Samsung would accommodate any
3 reasonable limitations on a deposition necessitated by his illness; Apple has not presented any
4 details that would justify a categorical refusal to present Mr. Musika for deposition on his most
5 recent declaration.

6      Finally, Apple's protestations of delay ring hollow, as Apple too knew for weeks that the
7 Court's August 28 scheduling order did not allow for post-trial depositions, and it waited almost
8 two months to make its request.   As soon as it was informed that Apple proposed a change to the
9 rules, Samsung promptly and timely asserted its reasonable position that any such post-trial
10 discovery should be reciprocal.

11      For the foregoing reasons, Samsung respectfully requests that the Court deny Apple's
12 Administrative Motion for Leave to File Apple's Brief in Response to Samsung's Request for
13 Additional Depositions or, if the brief is allowed, that the Court deny Apple's motion to compel
14 further depositions, or allow any such discovery to be reciprocal, on the terms previously set forth
15 in Samsung's proposed Order.

17 DATED: October 29, 2012      QUINN EMANUEL URQUHART & SULLIVAN, LLP

18                By   */s/ Victoria F. Maroulis*
                     Charles K. Verhoeven
19                   Kathleen M. Sullivan
                     Kevin P.B. Johnson
20                   Victoria F. Maroulis
                     Susan R. Estrich
21                   Michael T. Zeller
                     Attorneys for SAMSUNG ELECTRONICS CO., LTD.,
22                   SAMSUNG ELECTRONICS AMERICA, INC., and
                     SAMSUNG TELECOMMUNICATIONS AMERICA, LLC