QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kathleen M. Sullivan (Cal. Bar No. 242261)
kathleensullivan@quinnemanuel.com
Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Susan R. Estrich (Cal. Bar No. 124009)
susanestrich@quinnemanuel.com
Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S CORRECTED OPPOSITION TO APPLE'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE APPLE'S BRIEF IN RESPONSE TO SAMSUNG'S REQUEST FOR ADDITIONAL DEPOSITIONS** |

Samsung respectfully opposes Apple's Motion for Leave to File Apple's Brief in Response to Samsung's Request for Additional Depositions (Dkt. 2100). Samsung's conditional request to depose Apple's post-trial experts if Apple is permitted to depose Samsung's was a fair and fitting rejoinder to Apple's motion, and it was properly raised in response to Apple's original motion. Nor can Apple plausibly claim it was unable to anticipate such a counterpoint and would have addressed it in its motion. Under the Court's Order that granted Apple's motion to shorten (Dkt. 2085), there is no occasion now for further briefing by Apple.

In any event, considering Apple's proposed brief (Dkt. 2100-1) will not change the result. While seeking to avail itself of post-trial discovery at the eleventh hour, Apple insists it should be a one-way street and would unfairly deny Samsung the same opportunity. Apple does not dispute that this Court's Orders (or even Apple's own prior proposals) never contemplated post-trial discovery. Nor does Apple dispute that it introduced new experts and new expert testimony post-trial without affording Samsung the discovery it now seeks from Samsung. Instead, Apple purports to fault Samsung for what Apple calls "cho[o]s[ing] not to ask for any" depositions and Samsung's "strategic choice" not to use the fruit of any expert discovery in its briefing. (Dkt. 2100-1 at 1-2). That characterization is outlandish. All Samsung did was abide by this Court's Orders, which afforded no such choice to either party. To the extent Apple would nonetheless conjure such choice for itself, fairness requires that Samsung receive equal treatment.

Apple charges Samsung with "deliberately conceal[ing] from the Court that Ms. Robinson works at Invotex with Mr. Musika". Far from being concealed, it was "a fact that is clearly reflected in her declaration" (Dkt. 2100-1 at 1). Nor is it relevant to whether she should be deposed if the Court orders post-trial expert depositions. Samsung appropriately focused on the pertinent fact that Ms. Robinson is a new, undisclosed expert whose qualifications and analytics Samsung has never been permitted to test by deposition. Although Apple attributes her testimony to Mr. Musika, that does nothing to address the deposition issue. Ms. Robinson's working with another expert is scarcely a substitute for a deposition of her as to her previously undisclosed work. And, even more importantly substantively, Apple fails to address Ms. Robinson's disconnects and inconsistencies with Mr. Musika that Samsung has separately noted

1  (Dkt. 2054 at 29).   While Apple raises the unfortunate circumstances of Mr. Musika's illness, it
2  offers no reason whatsoever why it could not and should not have offered *Ms. Robinson* for
3  deposition had it envisioned expert discovery.  With respect to Mr. Musika himself, Samsung
4  would accommodate any reasonable arrangements on a deposition necessitated by his illness.
5  Apple has not presented any basis that would justify a categorical refusal to present Mr. Musika
6  for deposition on his most recent declaration.   As for Mr. Schiller and Dr. Winer, Apple attempts
7  no reconciliation whatsoever of their new declarations as contrasted with their prior testimony.[1]

8  Finally, Apple's protestations of delay ring hollow.  Samsung made its conditional
9  request one day after Apple filed its motion seeking post-trial depositions – and before any ruling
10 by this Court was made and before any post-trial deposition has been taken.   For its part, Apple
11 knew for weeks that the Court's August 28 Order did not allow for post-trial depositions, and it
12 waited almost two months to make its request.   As soon as Apple proposed to the Court a change
13 in the rules – which indisputably did not contemplate post-trial discovery – Samsung promptly and
14 timely asserted its reasonable position that any such discovery should be reciprocal.

15 For the foregoing reasons, Samsung respectfully requests that the Court deny Apple's
16 Administrative Motion for Leave to File Apple's Brief in Response to Samsung's Request for
17 Additional Depositions or, if the brief is allowed, that the Court deny Apple's motion to compel
18 further depositions, or allow any such discovery to be reciprocal, on the terms previously set forth
19 in Samsung's proposed Order.

20 DATED: October 29, 2012     QUINN EMANUEL URQUHART & SULLIVAN, LLP

21 By  */s/ Victoria F. Maroulis*
    Charles K. Verhoeven
22  Kathleen M. Sullivan
    Kevin P.B. Johnson
23  Victoria F. Maroulis
    Susan R. Estrich
24  Michael T. Zeller
    Attorneys for SAMSUNG ELECTRONICS CO., LTD.,
25  SAMSUNG ELECTRONICS AMERICA, INC., and
    SAMSUNG TELECOMMUNICATIONS AMERICA, LLC
26

27 ───────────────
    [1] Contrary to Apple's brief (at 1:24-25), Samsung did point out these inconsistencies in its
28 October 19 opposition (Dkt. 2054 at 8 n.7).