UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., | ) Case No.: C 11-1846 LHK (PSG) |
| Plaintiff, | ) |
| v. | ) **ORDER GRANTING APPLE'S** |
| | ) **MOTION TO COMPEL** |
| SAMSUNG ELECTRONICS CO., LTD, a | ) |
| Korean corporation; SAMSUNG | ) **(Re: Docket No. 2082)** |
| ELECTRONICS AMERICA, INC., a New York | ) |
| corporation; and SAMSUNG | ) |
| TELECOMMUNICATIONS AMERICA, LLC, | ) |
| a Delaware limited liability company, | |
| Defendants. | |

On October 23, 2012, Apple, Inc. ("Apple") moved this court to compel Samsung to produce four experts for depositions by Friday, November 2, 2012.[1] In light of impending deadlines in Apple's related permanent injunction motion, the parties agreed to an expedited briefing schedule and they waived a hearing.[2] Despite their agreement and the court's order reflecting the same,[3] Apple sought leave to file a reply to Samsung's opposition because it believes Samsung improperly cross-moved in its opposition for Apple to produce its experts for

---

[1] *See* Docket No. 2082.

[2] *See* Docket No. 2083.

[3] *See* Docket No. 2085.

1

Case No.: C 11-1846 LHK (PSG)
ORDER GRANTING APPLE'S MOTION TO COMPEL

depositions.[4] Not to be left out, Samsung also filed another brief arguing that Apple should not be allowed to file its reply and even if it can file its reply, if the court allows one party to take depositions, it should allow both parties to take depositions.[5]

The court GRANTS Apple's motion for leave to file a reply and also considers Samsung's opposition to that motion. Having considered the numerous papers presented, the court GRANTS Apple's underlying motion and also orders Apple to produce its experts for Samsung to depose.

According to Apple, in Samsung's opposition to Apple's motion for permanent injunction before Judge Koh, Samsung submitted declarations from two new experts and declarations from two experts disclosed during discovery but whose statements are on new subject areas.[6] Apple wants to depose the four experts before its deadline to submit its reply for the motion for permanent injunction. It argues it is entitled to the late discovery because Samsung improperly introduced experts after the expert discovery cut-off date, and so good cause exists to allow the depositions.

Samsung opposes Apple's motion by pointing to the discovery and expert discovery cut-off dates, which have long since passed.[7] Samsung argues that the post-trial schedule does not provide for new discovery and that the parties both were aware that new evidence would be introduced at the permanent injunction stage. Samsung opines that the proper place for Apple to object to its use of new experts is in Apple's reply. Samsung also asserts that Apple too has submitted declarations from a previously undisclosed expert and that it has used its experts' statements in ways inconsistent with their earlier declarations and testimony, which is why Samsung introduced its

---

[4] *See* Docket No. 2100.

[5] *See* Docket No. 2103.

[6] *See* Docket No. 2082.

[7] *See* Docket No. 2090.

2
Case No.: C 11-1846 LHK (PSG)
ORDER GRANTING APPLE'S MOTION TO COMPEL

new experts. And, if the court decides that depositions at this late stage are appropriate, Samsung wants Apple to produce four of its experts for a new round of depositions.[8]

In its reply, Apple argues that its previously undisclosed expert is not really a "new" expert, but rather the co-worker of an expert who is unavailable for declarations at this time due to severe illness.[9] Apple further asserts that Samsung's failure to object in its opposition to Apple's experts and the topics they cover in their declarations should preclude it from asking for further discovery now.[10] Samsung responds that it did not contemplate post-trial discovery, but because Apple seeks it now, Samsung should be afforded the same opportunity.[11]

To seek discovery after the deadlines set in the scheduling order, Apple must show good cause pursuant to Fed. R. Civ. P. 16(b). The focus of the good cause inquiry in the Rule 16(b) context is the "diligence of the party seeking the modification," in particular whether the party was "diligent in assisting the [c]ourt to create a workable schedule at the outset of litigation," whether "the scheduling order imposes deadlines that have become unworkable notwithstanding its diligent efforts to comply" and whether the party was "diligent in seeking the amendment once it became apparent that extensions were necessary."[12]

The court finds that Apple was diligent in its pursuit of the new discovery because it moved the court shortly after receiving Samsung's opposition. The court also finds persuasive Samsung's alternative argument that it too should be allowed to depose Apple's experts. As Judge Koh recently noted, Apple's motion to permanently enjoin the sale of twenty-six of Samsung's products

---

[8] Apple objects to this request in its proposed reply brief as an improper cross-motion to which it should have an opportunity to respond. *See* Docket No. 2100.

[9] *See* Docket No. 2100.

[10] *See id.*

[11] *See* Docket No. 2103.

[12] *Adobe Systems Inc. v. Coffee Cup Partners, Inc.*, No. C 11-2243 CW, 2012 WL 3877783, at *6 (N.D. Cal. Sept. 6, 2012) (citing *Johnson*, 975 F.2d at 609).

is "an extraordinary request" and deserves evaluation "in light of the full available record."[13] Permitting deposition of the parties' new experts and new subjects aligns with development of a full record for the permanent injunction.

The court feels compelled to observe, however, that permitting these depositions does not change the page limits or the deadlines set by Judge Koh in her August 28, 2012 order setting the post-trial briefing schedule.[14]  Samsung seeks this court to grant it leave to submit an additional opposition based on the deposition testimony and to prohibit Apple from introducing new evidence in its reply.  Those issues are not for the undersigned to determine.  But the parties would be wise to heed Judge Koh's warnings that supporting documentation should be employed as corroboration and not as an opportunity to circumvent the page limits.

Apple requests that Samsung produce its experts by November 2, but Samsung disclosed that one of its experts is available only on November 5, and the court finds extending the time for both parties will not be prejudicial.  The court also notes that Apple indicated in its papers that Terry Musika suffers from a serious illness and is unavailable to sit for deposition.  In light of that fact, the court finds it appropriate that Apple not be ordered to produce him for another deposition.  Accordingly,

IT IS HEREBY ORDERED that Samsung shall produce by November 5, 2012, Dr. Yoram Wind, Dr. Tulin Erdem, Samuel Lucente, and Stephen Gray for depositions of no longer than three hours.

IT IS FURTHER ORDERED that Apple shall produce by November 5, 2012 Marylee Robinson, Dr. Russell Winer, and Phil Schiller for depositions of no longer than three hours.

IT IS SO ORDERED.

Dated: October 29, 2012

---

[13] *See* Docket No. 2093.

[14] *See* Docket No. 1945.

4

Case No.: C 11-1846 LHK (PSG)
ORDER GRANTING APPLE'S MOTION TO COMPEL

1

*Paul S. Grewal* (signature)
PAUL S. GREWAL
United States Magistrate Judge