1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5  Kevin P.B. Johnson (Bar No. 177129)
   kevinjohnson@quinnemanuel.com
6  Victoria F. Maroulis (Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
7  555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, California 94065-2139
8  Telephone:    (650) 801-5000
   Facsimile:    (650) 801-5100
9

10 Michael T. Zeller (Bar No. 196417)
   michaelzeller@quinnemanuel.com
11 865 S. Figueroa St., 10th Floor
   Los Angeles, California 90017
12 Telephone: (213) 443-3000
   Facsimile: (213) 443-3100
13

14 Attorneys for SAMSUNG ELECTRONICS CO.,
   LTD., SAMSUNG ELECTRONICS AMERICA,
15 INC. and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC
16

17                    UNITED STATES DISTRICT COURT

18                   NORTHERN DISTRICT OF CALIFORNIA
                              SAN JOSE DIVISION
19

20
   APPLE INC., a California corporation,      CASE NO. 11-cv-01846-LHK
21
                  Plaintiff,                  **SAMSUNG'S NOTICE OF MOTION AND
22                                            MOTION TO COMPEL APPLE TO
          vs.                                 DISCLOSE THE CIRCUMSTANCES AND
23                                            TIMING OF ITS DISCOVERY OF JUROR
   SAMSUNG ELECTRONICS CO., LTD., a           INFORMATION**
24 Korean business entity; SAMSUNG
   ELECTRONICS AMERICA, INC., a New
25 York corporation; SAMSUNG
   TELECOMMUNICATIONS AMERICA,
26 LLC, a Delaware limited liability company,

27                Defendant.

28

# NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung") shall and hereby do move the Court for an Order compelling Apple Inc. ("Apple") to provide a full and complete disclosure, under penalty of perjury, of when and how Apple first learned that the jury foreman, Velvin Hogan, had been a party to lawsuits involving Seagate that he failed to disclose to the Court in response to the Court's direct questioning at *voir dire* and of the nature and timing of these lawsuits.  This information is relevant to Apple's argument, made in Apple's opposition to Samsung's Motion for New Trial, that Samsung waived its challenges based on Mr. Hogan's misrepresentations because Samsung purportedly "could have" and "should have" discovered them earlier.

This motion is based on this notice of motion and supporting memorandum, and such other written or oral argument as may be presented at or before the time this motion is taken under submission by the Court.

# RELIEF REQUESTED

Samsung seeks an Order compelling Apple to provide a full and complete disclosure, under penalty of perjury, attesting to the circumstances and timing of its discovery of factual information relating to Mr. Hogan, including specifically when and how Apple first learned that Mr. Hogan had been a party to lawsuits involving Seagate and of the nature and timing of these lawsuits.

1  DATED: October 30, 2012              QUINN EMANUEL URQUHART &
2                                       SULLIVAN, LLP
3
4                                       By  /s/ Susan R. Estrich
                                           Charles K. Verhoeven
5                                          Kevin P.B. Johnson
                                           Victoria F. Maroulis
6                                          Michael T. Zeller
7                                          Attorneys for SAMSUNG ELECTRONICS CO.,
                                           LTD., SAMSUNG ELECTRONICS AMERICA,
8                                          INC. and SAMSUNG
                                           TELECOMMUNICATIONS AMERICA, LLC

**Preliminary Statement**

As Samsung showed in its post-trial motion for new trial, jury foreman Velvin Hogan failed to disclose truthfully during *voir dire* that he had sued and been sued by his former employer, Seagate, despite the Court's express question asking him whether he had ever been a party to any litigation. Dkt. 1990-3 at 2. After Samsung filed that motion, Apple demanded that Samsung disclose "how and when it learned of the facts underlying its allegations that the judicial process was tainted" in order to assess "whether Samsung has preserved" its arguments. Dkt. 2022-1, Ex. A. Samsung did so, providing Apple with sworn declarations that establish that only *after* the verdict issued did Samsung and its counsel "learn of the facts" showing that Mr. Hogan had made misrepresentations about his litigation history during *voir dire*. Dkt. 2022.

Unable to contradict those facts, Apple has conceded that Samsung did not have actual knowledge of Mr. Hogan's misrepresentations during *voir dire* until after the verdict and thus is foreclosed from arguing that Samsung waived its juror conduct argument for not having raised it sooner on that basis. Apple nonetheless argues in its opposition to Samsung's new trial motion that Samsung waived its juror conduct argument anyway because it "*could have*" and "*should have*" discovered Mr. Hogan's undisclosed Seagate litigation sooner. Dkt. 2050 at 1-2 (emphasis added). Specifically, Apple suggests that Samsung should have obtained a copy of Mr. Hogan's 1993 bankruptcy file during *voir dire*, and that had it done so, it might have discovered the Seagate litigation that Mr. Hogan failed truthfully to disclose. *Id.*

Samsung will respond in due course in its reply to this remarkable and untenable suggestion that it should have extra-judicially investigated a sitting juror's bankruptcy despite its lack of relevance to any question asked on *voir dire*. But in order to have a full and fair opportunity to reply to Apple's "waiver" argument, Samsung is entitled to know when *Apple* first learned of Mr. Hogan's undisclosed Seagate litigation, including whether it knew of Mr. Hogan's misstatements to the Court prior to Samsung's post-trial motion and nonetheless concealed that knowledge from the Court. Apple's answer to that question is relevant both to whether Apple complied with its obligation to disclose known misrepresentations to the Court and whether a reasonable litigant in this case should have discovered Mr. Hogan's untruthfulness sooner than

1  Samsung did. Apple has refused to disclose this information despite Samsung's request.
2  Samsung therefore respectfully requests that the Court compel Apple to disclose when it first
3  learned of Mr. Hogan's undisclosed Seagate litigation.

**Factual Background**

5  As Samsung showed in its new trial motion, the Court asked Mr. Hogan whether "you or a
6  family member or someone very close to you [has] ever been involved in a lawsuit, either as a
7  plaintiff, a defendant, or as a witness," but Mr. Hogan failed to disclose that Seagate had sued him
8  or that, as he later revealed in a media interview, that he had sued Seagate. Dkt. 1990-3 at 2. It is
9  public knowledge that Samsung is Seagate's largest direct shareholder and has a substantial
10 relationship with Seagate. *Id.* Moreover, the attorney who represented Seagate in the litigation
11 against Mr. Hogan is married to a Quinn Emanuel partner. *Id*.

12  After Samsung filed its motion making these points, Apple questioned whether "Samsung
13 has preserved arguments concerning juror misconduct." Dkt. 2022, Ex. A. Specifically, on
14 September 24, 2012, Apple demanded that Samsung provide "a sworn declaration" to disclose
15 "how and when it learned of the facts underlying its allegations that the judicial process was
16 tainted." *Id*. Samsung agreed to do so, and on October 1, 2012, served a declaration of counsel
17 affirming that Samsung "had no knowledge of Velvin Hogan's litigation against Seagate until
18 after the jury verdict was rendered in this case." Dkt. 2022, Ex. B at 1. Samsung explained that,
19 "after the verdict and after the publication of press accounts raising questions about Mr. Hogan's
20 impartiality, Samsung requested and subsequently received on September 10, 2012 a copy of the
21 bankruptcy court file from *In re Velvin R. Hogan and Carol K. Hogan*, Case No. 93-58291-MM
22 (Bankr. N.D. Cal. Dec. 27, 1993)," which "file included papers showing that Seagate Technology,
23 Inc. had filed litigation against Mr. Hogan." *Id*.

24  This did not satisfy Apple. Instead, in follow-up communications, Apple requested that
25 Samsung disclose additional information, including "[w]hen and how Samsung obtained any and
26 all information about Mr. Hogan's bankruptcy, including the date and results of any database
27 searches for information about Mr. Hogan conducted by Samsung, Quinn, or anyone else working
28 for Samsung or Quinn." Dkt. 2022, Ex. C. Again, Apple claimed that "information regarding

when and how Samsung learned of the facts underlying its claims of alleged juror misconduct is relevant to whether Samsung has preserved those arguments." *Id*. Samsung agreed to comply with Apple's request again, and on October 4, 2012, filed with the Court a supplemental declaration of counsel setting forth the sequence of events in precise detail. *See* Dkt. 2022.

As Samsung's supplemental declaration shows, Samsung and its counsel did not learn of any facts showing that Mr. Hogan made misrepresentations in *voir dire* in his answers about lawsuits he was a party to until *after* the verdict in this case was rendered. After the verdict, Mr. Hogan made public statements which led the media to question his impartiality, including through suggestions that Mr. Hogan had financial ties to Apple by virtue of his patents. *Id.* at ¶ 4 and Ex. E. Because bankruptcy filings may contain financial information about a debtor, Samsung ordered a copy of Mr. Hogan's bankruptcy file *after* these media reports were published and thereby discovered, for the first time, that Mr. Hogan had been sued by Seagate. *Id*. at ¶ 4. Samsung knew pre-verdict "that Mr. Hogan had declared bankruptcy in 1993 through a search performed on the LexisNexis database," but that "LexisNexis report does not mention Mr. Hogan's litigation with Seagate." *Id.* at ¶ 9. And "[b]ecause Mr. Hogan's 1993 bankruptcy did not involve litigation and was not responsive to any voir dire questioning, Samsung and its counsel did not investigate Mr. Hogan's 1993 bankruptcy any further until after the verdict." *Id.*[1]

The factual information Samsung has provided establishes that Samsung lacked knowledge until after the verdict had issued of Mr. Hogan's misrepresentations during *voir dire*. Apple has not challenged the veracity or completeness of this information. Nor could it credibly do so. Apple now argues instead, for the first time, that Samsung should have discovered Mr. Hogan's untruthfulness earlier because it had a duty to investigate Mr. Hogan during *voir dire*, including by "order[ing] the bankruptcy file." Dkt. 2050 at 2. For its part, however, Apple has refused to

---

[1] Mr. Hogan continued to speak with the press after Samsung filed its new trial motion. In one interview, Mr. Hogan explained that in fact "he sued Seagate for fraud, Seagate countersued." *Id.* at ¶ 7 and Ex. F. This fraud claim is not mentioned in the bankruptcy file that Samsung obtained post-verdict, and the court's records of Mr. Hogan's lawsuit(s) with Seagate no longer exist. *Id*. To this day, this statement by Mr. Hogan to the press is the only information Samsung has been able to obtain about Mr. Hogan's fraud claims against Seagate.

disclose any information about its own knowledge of or investigation into Mr. Hogan, including whether Apple knew prior to the verdict of Mr. Hogan's untruthfulness regarding the undisclosed Seagate litigation.  *See* Declaration of Victoria Maroulis ¶ 3, Ex. B.

### **Argument**

There is no doubt that Mr. Hogan was untruthful in *voir dire* by withholding the Seagate litigation in response to the Court' direct questioning.  Not only is this evident from the face of the Court's question, but also is abundantly confirmed by Mr. Hogan's shifting excuses to the press for his misrepresentations.[2]

What Apple knew about Mr. Hogan's undisclosed Seagate litigation, and when it first knew it, is relevant to the juror conduct issue before the Court for two independent reasons.  If Apple knew that Mr. Hogan's statements were untruthful all along and stood silent in order to gain a tactical advantage from the seating of a biased juror, Apple's misconduct would itself warrant sanction and relief and certainly must be disclosed.  If, on the other hand, Apple, like Samsung, did not know that Mr. Hogan had been untruthful until after the verdict, that is relevant evidence that Samsung's reliance on the presumptive veracity of Mr. Hogan's *voir dire* responses during trial was reasonable.  Apple cannot fault Samsung for not discovering juror untruthfulness while refusing to disclose whether and when Apple itself discovered this untruthfulness.

---

[2] The Court's *voir dire* questioning expressly required Mr. Hogan to disclose all of his prior lawsuits, without any time limitation. RT 148:18-21 ("Have you . . . *ever* been involved in a lawsuit, either as a plaintiff, a defendant, or as a witness.") (emphasis added).  Mr. Hogan nonetheless told the media, in one account, that he did not disclose the 1993 Seagate lawsuit because "the court instructions for potential jurors required disclosure of any litigation they were involved in within the last 10 years" and that "[h]ad I been asked an open-ended question with no time constraint, of course I would've disclosed that" (*id.* at 3 and Ex. G).  In another interview, Mr. Hogan gave a different, conflicting excuse and claimed "that he didn't mention the 1993 Seagate case" because "he wasn't asked specifically to disclose every case he'd ever been involved in". (Dkt. 2022 at 2-3 and Ex. F).  Neither of Mr. Hogan's inconsistent explanations is correct.  The Court's question did ask him to disclose every case he had ever been involved in, with no 10-year limitation on this question anywhere in the record.  Indeed, confirming the clarity of the Court's questioning, other prospective jurors disclosed lawsuits as far back as 1986, RT 155:22-23, and Mr. Hogan discussed his own prior jury service going as far back as 1973.  RT 195:14-23 ("one was in '73; one was in the mid '80s, '87, I think it was; and the other one that was more recent was 1990").

*First*, if Apple somehow discovered Mr. Hogan's misrepresentations during trial and failed to disclose this to the Court, it must disclose as much now. The trial was tainted by the presence of a juror who was not truthful on an issue that goes directly to bias. If Apple, unlike Samsung, *did* know the truth all along, Apple should not be permitted to benefit from its concealment. To the contrary, Apple's misconduct in concealing a juror's known untruthfulness from the Court would warrant sanction and relief. A party that learns of juror untruthfulness has a duty to bring it to the Court's attention at once. *See* Cal. Rule Prof. Conduct 5-200 (requiring duty of candor to Court); *see also Dyer v. Calderon,* 151 F.3d 970, 976 n.7 (9th Cir. 1998) (en banc) ("prosecutor had an ethical obligation to bring to the judge's attention evidence" showing lies during *voir dire*); *People v. Khounani*, 2005 WL 488613, at *4 (Cal. App. March 03, 2005) ("Immediately upon learning of any juror misconduct, counsel should bring the violation to the court's attention"). And Apple should not be heard to argue that *Samsung* somehow waived claims of taint that *Apple itself* discovered and concealed for tactical gain, for in that event, Apple's unclean hands would prevent any such waiver claim. *See*, *e.g.*, *Seller Agency Council, Inc. v. Kennedy Center for Real Estate Educ., Inc.*, 621 F.3d 981, 986 (9th Cir. 2010) ("The doctrine of unclean hands . . . can bar a defendant from asserting an equitable defense").

*Second,* in the more likely case that Apple, like Samsung, did *not* know that Mr. Hogan was untruthful, that too is highly material for it shows that Samsung *reasonably* did not discover the untruthfulness until the trial was over. *See*, *e.g.*, *Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011) (to assess due diligence in context of equitable tolling, "we determine if (and when) a reasonable person in petitioner's position would suspect the specific fraud or error"). Apple is wrong that litigants cannot rely on the veracity of juror statements and instead have a duty to extra-judicially investigate sitting jurors to test their *voir dire* responses. But if Apple is right that the relevant question is whether Samsung "should have" discovered Mr. Hogan's untruthfulness by investigating him mid-trial, then Apple's own failure to make such a discovery by conducting such an investigation would show that Samsung *cannot* be charged with failing to discover facts that neither party knew. Each side in this case is resourceful and sophisticated; if neither discovered Mr. Hogan's untruthfulness, no reasonable party would have.

By challenging the reasonableness of Samsung's investigation, Apple has put the extent of its own knowledge and investigation at issue. Accordingly, Apple should be compelled to disclose the circumstances and timing of its discovery of Mr. Hogan's lawsuit(s) with Seagate.

## CONCLUSION

For the foregoing reasons, Samsung respectfully requests that its motion be granted.

DATED:  October 30, 2012

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP


By  */s/ Susan R. Estrich*
Charles K. Verhoeven
Kevin P.B. Johnson
Victoria F. Maroulis
Michael T. Zeller
Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC