# Exhibit B

**From:** Hung, Richard S. J. [mailto:RHung@mofo.com]
**Sent:** Thursday, October 25, 2012 3:10 PM
**To:** Joseph Sarles; Victoria Maroulis; Susan R. Estrich; Dylan Proctor; Michael T Zeller
**Cc:** Jacobs, Michael A.; Krevans, Rachel; Bartlett, Jason R.; Borenstein, Ruth N.; "mark.selwyn@wilmerhale.com' (mark.selwyn@wilmerhale.com)'; "peter.kolovos@wilmerhale.com' (peter.kolovos@wilmerhale.com)'; AvSS_NDC_Post_Trial
**Subject:** RE: Apple v. Samsung (11-cv-1846) -- Samsung's allegations of juror misconduct

Vicki:

Unlike Samsung, Apple is not alleging juror misconduct.  Thus, what Apple knew (or did not know) on this issue and when is irrelevant.

Apple does not intend to provide the requested declaration.

Rich

Richard S.J. Hung
Morrison & Foerster LLP
rhung@mofo.com
(415) 268-7602

**From:** Joseph Sarles [mailto:josephsarles@quinnemanuel.com]
**Sent:** Wednesday, October 24, 2012 9:50 PM
**To:** Victoria Maroulis; Hung, Richard S. J.; Susan R. Estrich; Dylan Proctor; Michael T Zeller
**Cc:** Jacobs, Michael A.; Krevans, Rachel; Bartlett, Jason R.; Borenstein, Ruth N.; "mark.selwyn@wilmerhale.com' (mark.selwyn@wilmerhale.com)'; "peter.kolovos@wilmerhale.com' (peter.kolovos@wilmerhale.com)'; AvSS_NDC_Post_Trial
**Subject:** RE: Apple v. Samsung (11-cv-1846) -- Samsung's allegations of juror misconduct

Counsel,

Please see attached correspondence.


**Joseph C. Sarles**
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA  90017
Main: (213) 443-3000 | Direct: (213) 443-3888 | Fax: (213) 443-3100
josephsarles@quinnemanuel.com
http://www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended

recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Joseph Sarles
**Sent:** Thursday, October 04, 2012 9:30 PM
**To:** Victoria Maroulis; 'Hung, Richard S. J.'; Susan R. Estrich; Dylan Proctor; Michael T Zeller
**Cc:** 'Jacobs, Michael A.'; 'Krevans, Rachel'; 'Bartlett, Jason R.'; 'Borenstein, Ruth N.'; ''mark.selwyn@wilmerhale.com' (mark.selwyn@wilmerhale.com)'; ''peter.kolovos@wilmerhale.com' (peter.kolovos@wilmerhale.com)'; 'AvSS_NDC_Post_Trial'
**Subject:** RE: Apple v. Samsung (11-cv-1846) -- Samsung's allegations of juror misconduct

Counsel,

Further to the below emails, attached please find the Declaration of Michael T. Zeller.

**Joseph C. Sarles**
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Main: (213) 443-3000 | Direct: (213) 443-3888 | Fax: (213) 443-3100
josephsarles@quinnemanuel.com
http://www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Victoria Maroulis
**Sent:** Thursday, October 04, 2012 7:59 PM
**To:** 'Hung, Richard S. J.'; Susan R. Estrich; Joseph Sarles; Dylan Proctor; Michael T Zeller
**Cc:** 'Jacobs, Michael A.'; 'Krevans, Rachel'; 'Bartlett, Jason R.'; 'Borenstein, Ruth N.'; ''mark.selwyn@wilmerhale.com' (mark.selwyn@wilmerhale.com)';

'peter.kolovos@wilmerhale.com' (peter.kolovos@wilmerhale.com)'; 'AvSS_NDC_Post_Trial'
**Subject:** RE: Apple v. Samsung (11-cv-1846) -- Samsung's allegations of juror misconduct

Rich,

Your email mischaracterizes Samsung's motion and the history of Apple's demands for information.

Samsung's motion is based on Mr. Hogan's failure to disclose his litigation with Seagate during voir dire. Thus, his answers in response to questioning by the Court during voir dire were false and misleading. As is clear from Samsung's motion, and contrary to your email below, Samsung does not allege that Mr. Hogan's bankruptcy or his failure to specifically disclose it during voir dire is a basis for its jury misconduct arguments. Moreover, unlike Mr. Hogan's failure to disclose his Seagate litigation, none of the questioning during voir dire would have required Mr. Hogan to disclose his 1993 bankruptcy. If Apple believes that Mr. Hogan was in fact asked a question during voir dire that required him to disclose his 1993 bankruptcy, please identify it.

Your email is similarly mistaken in its claims that Apple had previously requested the additional information it now seeks. Your email underscores the point. Apple never previously asked, for example, about "database searches" that were conducted but did not reveal Mr. Hogan's Seagate litigation or "[w]hether and when the Quinn partner whose husband filed the Seagate lawsuit realized that this lawsuit involved Velvin Hogan, as well as whether and when her husband first became aware of this connection." Your email fails to cite any prior communication where such information was requested.

Nevertheless, to avoid Apple motion practice, and in reliance upon Apple's previously confirmed agreement that doing so will not constitute waiver of any privilege or work product protection, Samsung's forthcoming declaration will address the matters you request in your email below.

To the extent your email implies that some distinction is being drawn between Samsung and Quinn Emanuel, it is also inaccurate. As used in Samsung's prior declaration, and in the additional one it will be sending Apple, the term "Samsung" includes Quinn Emanuel.

Last, to date Apple has not disclosed any information about when and how it learned of Mr. Hogan's litigation with Seagate. Please provide by noon on Monday, October 8, 2012, a declaration providing all the same information regarding Apple's knowledge of Mr. Hogan that Apple has demanded from Samsung, including when and how Apple first learned of Mr. Hogan's litigation with Seagate. We look forward to your prompt confirmation no later than tomorrow that Apple will provide such a declaration within the time requested.

Vicki

**Victoria Maroulis**
*Partner,*
**Quinn Emanuel Urquhart & Sullivan, LLP**

555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
650-801-5022 Direct
650.801.5000 Main Office Number
650.801.5100 FAX
victoriamaroulis@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Hung, Richard S. J. [mailto:RHung@mofo.com]
**Sent:** Wednesday, October 03, 2012 9:47 PM
**To:** Victoria Maroulis; Susan R. Estrich; Joseph Sarles; Dylan Proctor; Michael T Zeller
**Cc:** Jacobs, Michael A.; Krevans, Rachel; Bartlett, Jason R.; Borenstein, Ruth N.; "mark.selwyn@wilmerhale.com' (mark.selwyn@wilmerhale.com)';
"peter.kolovos@wilmerhale.com' (peter.kolovos@wilmerhale.com)'; AvSS_NDC_Post_Trial
**Subject:** RE: Apple v. Samsung (11-cv-1846) -- Samsung's allegations of juror misconduct

Vicki,

We do not agree that Apple did not request information about when and how Samsung learned of the bankruptcy until last night. Our September 24 request was directed to how and when Samsung learned of the facts underlying its jury misconduct arguments, which allege that Velvin Hogan "lie[d] materially and repeatedly" by not disclosing the old Seagate lawsuit or that Mr. Hogan "filed for personal bankruptcy 6 months later." (Dkt. No. 2013 at 2.) Samsung has still not disclosed when and how it learned of Mr. Hogan's bankruptcy, despite agreeing to provide this information.

Nevertheless, we agree to wait until the end of the business day tomorrow (i.e., 5 p.m. PDT) to receive the requested declaration. That declaration should specifically address the following:

1.      When and how Samsung obtained any and all information about Mr. Hogan's bankruptcy, including the date and results of any database searches for information about Mr. Hogan conducted by Samsung, Quinn, or anyone else working for Samsung or Quinn.

2.      The date that Samsung requested the bankruptcy court file (you have disclosed when the file was received, but not when it was requested).

3.  Whether and when the Quinn partner whose husband filed the Seagate lawsuit realized that this lawsuit involved Velvin Hogan, as well as whether and when her husband first became aware of this connection. Michael Zeller's declaration states that "Samsung" did not know the name of the lawyer who represented Seagate before obtaining the bankruptcy file, but does not address whether and when the Quinn partner and her husband became aware of these facts.

We agree that it would be better to resolve this issue without involving the Court, and hope that you will provide a fully responsive declaration by 5 p.m. tomorrow. If you do not do so, however, Apple will take appropriate action.

Rich

**From:** Victoria Maroulis [mailto:victoriamaroulis@quinnemanuel.com]
**Sent:** Wednesday, October 03, 2012 5:56 PM
**To:** Hung, Richard S. J.; Susan R. Estrich; Joseph Sarles; Dylan Proctor; Michael T Zeller
**Cc:** Jacobs, Michael A.; Krevans, Rachel; Bartlett, Jason R.; Borenstein, Ruth N.; "mark.selwyn@wilmerhale.com' (mark.selwyn@wilmerhale.com)'; "peter.kolovos@wilmerhale.com' (peter.kolovos@wilmerhale.com)'; AvSS_NDC_Post_Trial
**Subject:** RE: Apple v. Samsung (11-cv-1846) -- Samsung's allegations of juror misconduct

Rich,

We will provide a supplemental declaration by the end of the day tomorrow, although we will endeavor to do it earlier rather than later. Regarding your rehashing of Apple's unsubstantiated allegations of delay, the parties expressly agreed on the time for Samsung to respond to Apple's earlier request and to provide the earlier declaration, including because of the religious holidays. And, as you do not dispute, Apple's latest demand for additional information was raised for the first time last night. Any delay is thus on account of Apple, not Samsung. Finally, since we will be providing a declaration so as to avoid burdening the Court with needless Apple motion practice, no motion, on shortened notice or otherwise, will be necessary.

Vicki

**From:** Hung, Richard S. J. [mailto:RHung@mofo.com]
**Sent:** Wednesday, October 03, 2012 5:03 PM
**To:** Victoria Maroulis; Susan R. Estrich; Joseph Sarles; Dylan Proctor; Michael T Zeller
**Cc:** Jacobs, Michael A.; Krevans, Rachel; Bartlett, Jason R.; Borenstein, Ruth N.; "mark.selwyn@wilmerhale.com' (mark.selwyn@wilmerhale.com)'; "peter.kolovos@wilmerhale.com' (peter.kolovos@wilmerhale.com)'; AvSS_NDC_Post_Trial
**Subject:** RE: Apple v. Samsung (11-cv-1846) -- Samsung's allegations of juror misconduct

Vicki,

We agree that Samsung's provision of the requested information in a supplemental declaration will not constitute a waiver of any privilege or work product protection. Because we have

delayed our filing twice now to try to work through these issues with Samsung, please confirm immediately that Samsung will provide the declaration by 10AM tomorrow. If Samsung cannot do so, we will file our motion at that time.

Please also confirm that Samsung will agree to shortened time for its response to our motion if we are forced to file our motion, such that Samsung's opposition will be due at 2PM on Monday with no hearing thereafter.

Rich

Richard S.J. Hung
Morrison & Foerster LLP
rhung@mofo.com
(415) 268-7602

**From:** Victoria Maroulis [mailto:victoriamaroulis@quinnemanuel.com]
**Sent:** Wednesday, October 03, 2012 3:46 PM
**To:** Hung, Richard S. J.; Susan R. Estrich; Joseph Sarles; Dylan Proctor; Michael T Zeller
**Cc:** Jacobs, Michael A.; Krevans, Rachel; Bartlett, Jason R.; Borenstein, Ruth N.; "mark.selwyn@wilmerhale.com' (mark.selwyn@wilmerhale.com)'; "peter.kolovos@wilmerhale.com' (peter.kolovos@wilmerhale.com)'; AvSS_NDC_Post_Trial
**Subject:** RE: Apple v. Samsung (11-cv-1846) -- Samsung's allegations of juror misconduct

Rich,

Samsung has already fully responded to Apple's original request by providing a declaration relating to how and when it learned of the facts showing that the judicial process was tainted. Apple's latest request seeks additional information that is both not relevant and not encompassed by the prior request. Nevertheless, to avoid burdening the Court with a needless Apple motion, Samsung is willing to provide a supplemental declaration pursuant to Apple's latest request, if Apple again agrees that doing so is not, and will not be argued to be, a waiver of any privilege or work product protection. Please confirm that Apple so agrees.

Vicki

**From:** Victoria Maroulis
**Sent:** Tuesday, October 02, 2012 10:06 PM
**To:** 'Hung, Richard S. J.'; Susan R. Estrich; Joseph Sarles; Dylan Proctor; Michael T Zeller
**Cc:** 'Jacobs, Michael A.'; 'Krevans, Rachel'; 'Bartlett, Jason R.'; 'Borenstein, Ruth N.'; "mark.selwyn@wilmerhale.com' (mark.selwyn@wilmerhale.com)'; "peter.kolovos@wilmerhale.com' (peter.kolovos@wilmerhale.com)'; 'AvSS_NDC_Post_Trial'
**Subject:** RE: Apple v. Samsung (11-cv-1846) -- Samsung's allegations of juror misconduct

Rich,

We have received and are considering your email.  We will respond tomorrow.  Please note, however, that Samsung has already done exactly what Apple asked: provide a declaration relating to
how and when it learned of the facts showing that the judicial process was tainted.
 And it did so on the day and in the timeframe agreed to by the parties in view of a religious holiday.

Vicki


**Victoria Maroulis**
*Partner,*
**Quinn Emanuel Urquhart & Sullivan, LLP**

555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
650-801-5022 Direct
650.801.5000 Main Office Number
650.801.5100 FAX
victoriamaroulis@quinnemanuel.com
www.quinnemanuel.com
NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.


**From:** Hung, Richard S. J. [mailto:RHung@mofo.com]
**Sent:** Tuesday, October 02, 2012 8:24 PM
**To:** Victoria Maroulis; Susan R. Estrich; Joseph Sarles; Dylan Proctor; Michael T Zeller
**Cc:** Jacobs, Michael A.; Krevans, Rachel; Bartlett, Jason R.; Borenstein, Ruth N.; 'mark.selwyn@wilmerhale.com' (mark.selwyn@wilmerhale.com); 'peter.kolovos@wilmerhale.com' (peter.kolovos@wilmerhale.com); AvSS_NDC_Post_Trial
**Subject:** Apple v. Samsung (11-cv-1846) -- Samsung's allegations of juror misconduct

Vicki,

On Monday, September 24, we informed you that we intended to move on shortened time to compel disclosure of how and when Samsung learned of the facts underlying its allegations of juror misconduct.  We indicated that we would do so unless Samsung provided a sworn declaration the next day with those facts.  On September 25, you responded that you could not respond until noon on Thursday.  Then on Thursday, Samsung agreed to provide "a declaration

per your request by Monday." In reliance on Samsung's agreement that it would provide a declaration with all of the facts, Apple did not move to compel this disclosure.

Just before midnight last night, we received Michael Zeller's declaration. That declaration does not provide all the facts that Samsung agreed to disclose. For example, it refers to when Samsung requested the 1993 bankruptcy court file concerning Velvin Hogan, but not how and when Samsung first learned of Mr. Hogan's 1993 bankruptcy.

As we explained previously, information regarding when and how Samsung learned of the facts underlying its claims of alleged juror misconduct is relevant to whether Samsung has preserved those arguments. Apple needs that information for its opposition to Samsung's motion. Accordingly, if we do not receive a declaration with all the facts, specifically including when and how Samsung learned of the 1993 bankruptcy, by 2PM tomorrow, we will proceed with our motion on shortened time at that time. Given the 8-day delay caused by Samsung's failure first to respond promptly and then to comply with its agreement, the schedule we will propose the following schedule to the Court:

Apple's opening brief: Wednesday, October 3 at 2PM
Samsung's opposition brief: Friday, October 5 at 2PM
No hearing/submission on the papers

Please confirm whether you agree to this schedule, should we be forced to file a motion.

In addition, we will need to provide the Zeller declaration to the Court with our motion. Although we see nothing in it to warrant sealing, you have marked it confidential. Please let us know whether you would like us to file it under seal, in which event it will be Samsung's obligation to follow up with a declaration justifying the sealing.

Rich

---------------------------------------------------------------------
To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

For information about this legend, go to
http://www.mofo.com/Circular230/

============================================================================

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to

anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail @mofo.com, and delete the message.

---------------------------------------------------------------------

---------------------------------------------------------------------
To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

For information about this legend, go to
http://www.mofo.com/Circular230/

=============================================================================

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail @mofo.com, and delete the message.

---------------------------------------------------------------------

---------------------------------------------------------------------
To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

For information about this legend, go to
http://www.mofo.com/Circular230/

=============================================================================

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail @mofo.com, and delete the message.

---------------------------------------------------------------------

-------------------------------------------------------------------
To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

For information about this legend, go to
http://www.mofo.com/Circular230/

=========================================================================

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail @mofo.com, and delete the message.

-------------------------------------------------------------------