QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kathleen M. Sullivan (Cal. Bar No. 242261)
kathleensullivan@quinnemanuel.com
Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Susan R. Estrich (Cal. Bar No. 124009)
susanestrich@quinnemanuel.com
Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S OPPOSITION TO APPLE'S MOTION TO CLARIFY ORDER (Dkt. 2105)** |

Despite having obtained all of the relief it sought in its request for post-trial depositions of Samsung's declarants, Apple refuses to abide by the Court's ruling that granted Samsung post-trial depositions of three of the four Apple declarants it requested. Certainly, after itself insisting depositions were warranted in connection with its motion for permanent injunction, Apple should not be permitted to demand one-way discovery and deprive Samsung of the same right and opportunity. That is what Apple nevertheless again seeks. This time, in the guise of a "motion to clarify," Apple seeks improper reconsideration of this Court's clear Order requiring Philip Schiller to sit for deposition as Samsung requested. Mr. Schiller, Apple's senior marketing executive, submitted a post-trial declaration in support of Apple's permanent injunction motion that offered numerous opinions which were never previously disclosed and which directly conflict with his trial testimony. Apple now claims the Court should reconsider its Order allowing Mr. Schiller's deposition solely because Mr. Schiller is not an "expert witness." Apart from being irrelevant to Mr. Schiller's importance as a witness on the permanent injunction motion, Apple was well aware of this alleged basis for opposing Samsung's request for his deposition. Apple simply chose not to raise it. There are no new facts or new law that would justify giving Apple yet another opportunity to oppose Mr. Schiller's deposition. That alone warrants denial of Apple's motion.

On the merits, Apple fundamentally misconceives the basis for the Court's ruling. The additional depositions were not granted because the declarants were experts, but rather because, "[a]s Judge Koh recently noted, Apple's motion to permanently enjoin the sale of twenty-six of Samsung's products is 'an extraordinary request' and deserves evaluation 'in light of the full available record.'" Dkt. 2105, at 3-4 (quoting Dkt. 2093)). Mr. Schiller offers numerous new and revised opinions that are central to Apple's permanent injunction motion and should be subject to questioning. Thus, even if this Court were to reconsider the substance of its ruling, Apple's relitigation of this Court's clear Order should be rejected.

### A. Apple's Motion Is An Improper Motion For Reconsideration

As Apple knows and has argued before, "[a] motion for reconsideration may be filed only with leave of court" and requires either a "change of material facts or law" or a "manifest failure

-1-   Case No. 11-cv-01846-LHK
**SAMSUNG OPPOSITION TO APPLE'S MOTION TO CLARIFY ORDER**

by the Court" to consider its evidence or arguments.  Dkt. 985, at 1 (citing Civ. L.R. 7-9(a), (b)). These requirements have repeatedly been enforced by Judge Koh in this case.  *E.g.* Dkt. 1958; 1680; 1135, at 3 n.1.

Apple has not sought leave, nor could it possibly satisfy the requirements for reconsideration.  Apple argues that the Court's ruling was limited to expert witnesses, and Mr. Schiller is a lay witness.  But Samsung made its explicit request to depose Mr. Schiller in its October 26 opposition to Apple's motion to compel (Dkt. 2090, at 5), and this Court granted Apple leave to reply to this request.  Dkt. 2105, at 2 (granting leave for Apple to file Dkt. 2100-1).  Apple's *only* specific objection to the request as to Mr. Schiller was that his declaration "relied on information that was already in the trial record or disclosed previously to Samsung." Dkt. 2100-1, at 1.  Samsung showed otherwise, including that Mr. Schiller's declaration offered opinions that were inconsistent with his prior trial testimony or were undisclosed.  Dkt. 2090, at 5.

At no time did Apple object to Samsung's request to depose Mr. Schiller on the ground that he is not an expert witness.  Dkt. 2100-1, at 1.  Nor did Apple argue, as it now does in its motion to "clarify," that because Apple did not ask to depose Samsung's declarants who were fact witnesses, Samsung was not entitled to depose Mr. Schiller.  *Id.*  Apple was well aware at the time it filed its reply that Mr. Schiller was not a designated expert and that it had not asked to depose Samsung's fact witnesses.  Because Apple chose not to raise these facts before the Court ruled, they are certainly not a basis for reconsideration. *See Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) ("A motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.").  This alone justifies denial of Apple's motion.

**B.    Mr. Schiller Offers Opinion Testimony That Warrants A Deposition**

In addition to being an improper reconsideration motion, Apple's motion fails on the merits.  Contrary to Apple's premise, the rationale behind the Court's ruling was *not* that the declarants were designated experts.  Rather, it was that, as Judge Koh recently noted, Apple is

1  seeking "extraordinary" relief in the form of an injunction against twenty-six Samsung products
2  that has potentially significant ramifications for the market, consumers and the public and this
3  warrants the development of a "full record."  Dkt. 2105, at 3-4 (citing Dkt. 2093).  The need to
4  develop a full record applies equally whether the declarant is an expert or lay witness providing
5  opinion testimony, which undoubtedly is why the Court framed its ruling in terms of permitting
6  not only depositions of the parties' "new experts" (which only included 3 of the 7 deponents), but
7  also "new subjects."  *Id*. at 4.

8  This rationale properly supported the Court's ruling as to Mr. Schiller as much as any of
9  the other deponents.  Mr. Schiller, Apple's Senior Vice President, Worldwide Marketing, has
10 been a member of Apple's executive team since 1997.  Dkt. 1985, ¶ 1.  His declaration in
11 support of Apple's permanent injunction motion includes a number of opinions that are wholly
12 new or represent significant expansions beyond or contradictions to his testimony at trial,
13 including the following examples:

14 •  Mr. Schiller offers repeated opinions about the extent of competition between Samsung
15    and Apple smartphones (*id*. ¶¶ 3-4), including Samsung's alleged "strategy of classifying
16    several phones under the Galaxy name in part to compete with the iPhone" (*id*. ¶ 4).  Not
17    only were these opinions previously undisclosed, but he opines on the particular phones
18    that are included within Samsung's allegedly directly competing Galaxy S II line (*id.*, ¶ 5),
19    even though at trial he professed not to know this information.  (R.T. 656:21-657:3).

20 •  He further opines that several other Samsung phones compete with various iPhones "in all
21    parts of the smartphone market," and "since the release of the iPhone 4S, Apple has
22    consistently offered versions of the iPhone that compete at almost every retail price point
23    offered by Samsung."  *Id*. ¶¶ 6-7, 14.  These opinions too go well beyond Mr. Schiller's
24    trial testimony on this subject.  (R.T. 657:13-659:1.)

25 •  Mr. Schiller offers opinions about the characteristics of the smartphone market (Dkt. 1985,
26    ¶ 8), consumer behavior in downstream markets (*id*. ¶ 9), consumer recognition of the
27    iPhone (*id*. ¶ 10) and why consumers allegedly purchase iPhones.  (*Id*. ¶ 11 ("The
28    attractive appearance and design of the iPhone are important factors in our customers'

-3-                          Case No. 11-cv-01846-LHK
**SAMSUNG OPPOSITION TO APPLE'S MOTION TO CLARIFY ORDER**

decisions to purchase an iPhone."); *id*. ¶ 12 ("the many innovative aspects of the user interface with the Multi Touch display of the iPhone contribute significantly to the iPhone's success.").

- Mr. Schiller also now offers unqualified claims about supposed harm to Apple (*id*. ¶ 14 ("there is no doubt that Samsung's infringing and diluting use of Apple's designs and technology in direct competition with Apple's products is harming Apple"), including by going so far as to claim that Apple's customers actually purchase Samsung products believing that they are Apple products. *Id.* ¶ 15 ("Samsung's infringement and dilution causes consumers to purchase a Samsung product when they otherwise would have purchased an Apple product.").   In stark contrast, Mr. Schiller could only say at trial that consumers "can get confused" about what products they are looking at in post-sale contexts such as when they see for a "split second . . . a phone on a billboard" while "driving down the highway [at] 55 miles an hour" or when they catch a television commercial "out of the corner of [their] eye" (R.T. 660:17-661:22), and he further conceded that Apple's surveys did not reveal consumer purchases of a Samsung phone instead of an iPhone.   (R.T. 696:14-699:19.)

As these examples demonstrate, Apple is relying on Mr. Schiller's opinions for a wide range of issues concerning the question of irreparable harm.  It is the scope of the new, previously undisclosed opinion testimony from Mr. Schiller that justifies the post-trial deposition this Court ordered – not whether or not he is formally labeled a designated expert.   Just as it was right to permit Samsung to depose Apple's expert Dr. Winer to test the inconsistencies between his new post-trial opinions and his trial testimony (Dkt. 2090, at 5), so too was it correct to permit a deposition of Mr. Schiller.   Indeed, the two witnesses were discussed by Samsung in the very same paragraph of its opposition.  *Id*.  It would be fundamentally inequitable to permit Mr. Schiller's declaration to go untested simply because he is not a formally designated expert, particularly when Apple never made this objection in opposing Samsung's request.

Apple argues that Samsung should not be allowed to take Mr. Schiller's deposition because Apple's request was only to depose expert witnesses.  The fact that Apple made its own

1  unilateral decision about which of Samsung's post-trial declarants to depose is irrelevant to the
2  merits of Samsung's request to depose Mr. Schiller.  Apple's suggestion that its choices as to
3  which post-trial declarants it wished to depose should somehow dictate Samsung's right to
4  discovery on the key issues Apple introduced through Mr. Schiller's declaration is also contrary to
5  fairness and logic.  Apple understandably can cite no authority in support of its position.  Its
6  motion should be denied.

7  DATED: October 31, 2012                QUINN EMANUEL URQUHART &
                                          SULLIVAN, LLP

9                                         By  /s/ Victoria F. Maroulis
                                              Charles K. Verhoeven
10                                            Kathleen M. Sullivan
                                              Kevin P.B. Johnson
11                                            Victoria F. Maroulis
                                              Susan R. Estrich
12                                            Michael T. Zeller
                                              Attorneys for SAMSUNG ELECTRONICS CO.,
13                                            LTD., SAMSUNG ELECTRONICS AMERICA,
                                              INC., and SAMSUNG TELECOMMUNICATIONS
14                                            AMERICA, LLC