JENNIFER A. GOLINVEAUX (SBN: 203056)
jgolinveaux@winston.com
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111-5894
Telephone: (415) 591-1000
Facsimile: (415) 591-1400

PETER J. CHASSMAN (*pro hac vice*)
pchassman@winston.com
WINSTON & STRAWN LLP
1111 Louisiana, 25th Floor
Houston, TX 77002-5242
Telephone: (713) 651-2623
Facsimile: (713) 651-2700

Attorneys for Non-Party
MOTOROLA MOBILITY LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| APPLE, INC., a California Corporation, | **Case No. 11-CV-01846-LHK** |
| Plaintiff, | |
| v. | **RENEWED MOTION BY NONPARTY MOTOROLA MOBILITY LLC TO SEAL PORTIONS OF EXHIBIT 23** |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | [CIV. L.R. 79-5]<br><br>Date: Expedited Request<br>Courtroom: 5, 4th Floor<br>Magistrate: Paul S. Grewal |
| Defendants. | |

Nonparty Motorola Mobility LLC ("Motorola") brings this Renewed Motion To Seal Portions of Exhibit 23 pursuant to Civ. L.R. 79-5 and Judge Koh's October 25, 2012 Order Granting In Part and Denying in Part Relief From Magistrate Judge Order; Granting Motion to Stay (Dkt. No. 2087)("Judge Koh's October 25, 2012 Order").

## I. INTRODUCTION

In accordance with Judge Koh's October 25, 2012 Order, Motorola files this renewed motion to seal certain portions of Exhibit 23 to the Declaration of Calvin Walden ISO Apple's Motion to Compel Depositions of Samsung's Purported "Apex" Witnesses ("Exhibit 23").

Exhibit 23 is a three-page summary prepared by Samsung of licensing negotiations that took place only several weeks before the September 30, 2000 effective date of a Cellular Cross License Agreement between Samsung and Motorola that expired on December 31, 2004 ("the 2000 Agreement"). Among other things, Exhibit 23 sets forth the proposed payment terms exchanged by the parties in that negotiation. Motorola respectfully submits that good cause exists to redact this information in Exhibit 23 from the public record. Motorola has narrowly tailored its request to redact only the actual numbers exchanged during the negotiations, information that Judge Koh has indicated is properly sealable under the "good cause" standard, and in light of her earlier ruling regarding the 2000 Agreement. Motorola respectfully requests that the Court allow this document to be filed in the public record with Motorola's proposed redactions.

## II. PROCEDURAL HISTORY

On September 18, 2012, this Court issued an Order addressing a number of Apple's and Samsung's outstanding sealing motions, and in that order denied Apple's request to seal Exhibit 23 on the grounds that Samsung, as the designating party, had "failed to provide a particularized showing that specific harm will result if the information is made publicly available," under the lower "good cause" standard. (Dkt. 1978 at 3, 16.) Motorola, as a nonparty to this case, only learned of the order and the issue concerning Exhibit 23 on October 2, 2012, when counsel for Samsung first notified Motorola's counsel of the document and the order requiring it to be filed publicly.[1]

---

[1] Declaration of Peter J. Chassman ISO Motorola's Motion For Relief From Nondispositive Order of Magistrate Judge (Dkt. No. 2081-1), ¶ 2 and Ex. A (October 2, 2012 e-mail from Samsung's counsel).

-1-

1  On October 5, 2012, Motorola filed its Emergency Motion By Nonparty Motorola Mobility
2  LLC To Seal Confidential Document (Dkt. No. 2028) ("Original Motion to Seal"), asking this Court
3  to seal Exhibit 23.  On October 10, 2012, this Court denied Motorola's Original Motion to Seal for
4  failing to meet the "good cause" standard in light of the age of the document. (Dkt. No. 2040.)  The
5  Court also denied Motorola's request to submit a redacted version of the document for
6  consideration.[2]  On October 23, 2012, Motorola filed a Motion For Relief From Nondispositive
7  Order of Magistrate Judge (Dkt. No. 2081), requesting that Judge Koh order that Exhibit 23 is
8  properly sealable under the good cause standard, or alternatively, that a redacted version of Exhibit
9  23 proposed by Motorola be sealed.  On October 25, 2012, Judge Koh issued an Order Granting in
10 Part and Denying in Part Relief From Magistrate Judge Order; Granting Motion to Stay, denying
11 Motorola's motion as to this Court's refusal to seal Exhibit 23 but granting the motion as to this
12 Court's decision to decline to consider proposed redactions. (October 25, 2012 Order, Dkt. No.
13 2087, at 3.)  Judge Koh granted Motorola leave to file a renewed motion to seal and submit a
14 properly redacted document for this Court's consideration. (*Id.* at 4.)

## III.     GOOD CAUSE EXISTS FOR THE PROPOSED REDACTIONS

16  As this Court has stated, the standard for sealing Exhibit 23, a document submitted in support
17 of a discovery motion, is "good cause," rather than the higher "compelling reasons" standard for
18 overcoming the presumption of public access and sealing records in support of dispositive motions.
19 (Dkt. No. 1978 at 2; Dkt. No. 2087 at 2 (citing *Pintos v. Pac. Creditors Ass'n,* 605 F.3d 665, 678 (9th
20 Cir. 2010.))

21  The Court has already determined that Motorola has made a particularized showing that the
22 financial terms of the expired 2000 Agreement should be sealed under the higher "compelling
23 reasons" standard.  (Dkt. No. 1649 at 21-22 and 26-27.)  *See* Emergency Motion by Nonparty
24 Motorola Mobility LLC to Seal Exhibits, Close Courtroom, and Seal Portions of Transcript (Dkt.
25 No. 1400); Reply in support thereof (Dkt. No. 1605); and Supplemental Submission in support
26 thereof (Dkt. No. 1491).  Judge Koh also has determined that "the Court believes that the actual

---

[2] October 10, 2012 Tr. of Proceedings Before the Hon. Paul S. Grewal, Case No. Cv-1-1846-LHK, Dkt. No. 2044 at 11, 13-14.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

numbers exchanged during the negotiations [as reflected in Exhibit 23] are sealable under the lower 'good cause' standard." (Judge Koh's October 25, 2012 Order at 3.)

In accordance with the good cause standard and Judge Koh's guidance, Motorola submits a proposed redacted version of Exhibit 23 as Exhibit 1 to the Declaration of Jennifer A. Golinveaux submitted with this motion. Motorola's proposed redactions are narrowly tailored to redact only the actual numbers exchanged during Motorola's and Samsung's negotiation of the 2000 Agreement. As set forth in the Declaration of Thomas V. Miller in Support of Emergency Motion by Nonparty Motorola Mobility LLC to Seal Confidential Documents (Dkt. No. 2028-1), Motorola's offers and negotiation strategies, such as those disclosed in Exhibit 23 with regard to the September 2000 Agreement, are highly sensitive to Motorola, because if others in ongoing or future negotiations with Motorola were to learn of Motorola's strategies, they could use that information in an unfair manner in negotiating against Motorola. *Id.* at ¶ 8. Motorola's declarants further explained that the fact that the negotiations disclosed in Exhibit 23 concerned a patent license that has now expired does not change the sensitivity of the details of the proposed terms because many of the patents in the expired agreements are still the subject of active licenses, are the subject of active licensing negotiations today, and would be the subject of resulting future licenses. Blasius Dec. (Dkt. No. 1491-1), ¶¶ 9-10; Miller Dec. (Dkt. No. 2028-1), ¶9. Moreover, as Judge Koh stated, "[i]f numbers exchanged in a negotiation three weeks before an agreement was executed were made publically available, the purpose of sealing the payment terms of the executed agreements would be undermined, as readers could infer the range in which the final payment terms must fall." (October 25, 2012 Order at 3.)

## IV. CONCLUSION

For these reasons, Motorola respectfully requests that the Court grant this motion and order that only a redacted version of Exhibit 23, with the proposed redactions indicated on Exhibit 1 to the Golinveaux Declaration, submitted herewith, be filed publicly.

//
//

| | |
|---|---|
| Dated:  November 1, 2012 | WINSTON & STRAWN LLP |
| | By:  */s/ Jennifer A. Golinveaux*<br>Jennifer A. Golinveaux<br>Peter J. Chassman (*pro hac vice*) |
| | Attorneys for Non-Party<br>MOTOROLA MOBILITY LLC |

SF:342773.2