HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
JENNIFER LEE TAYLOR (CA SBN 161368)
jtaylor@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK (PSG)<br><br>**APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO COMPEL DISCLOSURE OF CIRCUMSTANCES AND TIMING OF DISCOVERY OF JUROR INFORMATION** |

APPLE'S OPP. TO SAMSUNG'S MOTION TO COMPEL DISCLOSURE RE JUROR INFORMATION
CASE NO. 11-CV-01846-LHK (PSG)
sf-3212757

**INTRODUCTION**

Samsung's motion to compel Apple to disclose what it knew about juror Velvin Hogan fails because only Samsung—not Apple—accuses Mr. Hogan of misconduct. What Samsung knew about Mr. Hogan bears directly on whether Samsung waived any objection to Mr. Hogan because it knew or could have discovered the basis for its objection before the verdict. Apple does not accuse Mr. Hogan of misconduct so what Apple knew is irrelevant. Not surprisingly, Samsung is unable to cite a single case that holds that the *opposing party's* knowledge is relevant to whether the *objecting party* waived jury misconduct objections. Nor has Samsung made the showing needed to obtain Apple's attorney work product.

**FACTUAL BACKGROUND**

Samsung seeks a new trial based on a convoluted theory in which events in 1993 supposedly caused Mr. Hogan to be biased against Seagate, and then against Samsung when it acquired 9.6% of Seagate last year. (Dkt. No. 2013 at 2; *see* Dkt. No. 2013-4.) Samsung accuses Mr. Hogan of "fail[ing] to answer truthfully" when asked if he had "ever been involved in a lawsuit," in that he "disclosed one such lawsuit but failed to disclose two others": a 1993 dispute with his former employer, Seagate and "a personal bankruptcy six months later." (Dkt. No. 2013 at 2.) Samsung also notes (without explaining its relevance) that "the attorney who sued Mr. Hogan on Seagate's behalf is the husband of a Quinn Emmanuel partner." (*Id.*; *see* Dkt. No. 2108 at 2.) Samsung asks the Court to "presume" bias, claiming that Mr. Hogan "lie[d] materially and repeatedly … to secure a seat on the jury." (Dkt. No. 2013 at 2)

Samsung thus contends that due to a 19-year old dispute with *Seagate* in which Samsung was *not* a party, Mr. Hogan lied to serve on a jury in a case where *Seagate is not a party*, in order to exact revenge on a *Seagate shareholder* and a *law firm* affiliated with the *spouse* of a lawyer who represented Seagate long ago. Samsung's theory fails on the merits because the decades-old Seagate dispute has nothing to do with this case and would not have supported challenge for cause, and Samsung has not shown that Mr. Hogan's responses were "dishonest" and "material," as Supreme Court precedent requires. (Dkt. No. 2050 at 2.) Further, as a threshold matter,

1  Samsung is barred from objecting to Mr. Hogan's alleged misconduct because it knew or could
2  have discovered the basis for its objection before the verdict. (*Id.* at 1.)
3        Because Samsung's knowledge is relevant, Apple requested Samsung to disclose when
4  and how it learned the information about Mr. Hogan on which Samsung now relies. (Dkt. No.
5  2022-1 at 5 [Supp. Zeller Decl. Ex. A].) Samsung initially replied that it learned of the Seagate
6  complaint when it ordered the case file for Mr. Hogan's bankruptcy (which included the
7  complaint), but did not explain when it learned of the bankruptcy. (Dkt. No. 2022-1 at 10-11
8  [Supp. Zeller Decl. Ex. B, ¶ 4].) After Apple pointed out this omission (*id.* at 17 [Supp. Zeller
9  Decl. Ex. C]), Samsung admitted that "Samsung and its counsel learned on July 30, 2012 that Mr.
10 Hogan had declared bankruptcy in 1993 through a search performed on the LexisNexis database."
11 (Dkt. No. 2022 [Supp. Zeller Decl. ¶ 9]; Dkt. No. 2022-1 at 25 [Supp. Zeller Decl. Ex. D].) July
12 30 was when the jury was selected; thus, Samsung admittedly knew on the day of voir dire that
13 Mr. Hogan had not disclosed the bankruptcy in response to the question about involvement in a
14 "lawsuit" that, according to Samsung's motion (Dkt. No. 2013 at 2), required such disclosure.
15       On October 24, 2012, Samsung asked Apple to disclose when and how Apple learned
16 information about Mr. Hogan. Apple replied that its knowledge was irrelevant because "[u]nlike
17 Samsung, Apple is not alleging juror misconduct." (Dkt. No. 2108-3 at 2 [Maroulis Decl. Ex. B].)

**ARGUMENT**

19       Samsung's motion to compel should be denied because (1) Apple's knowledge has no
20 relevance to what Samsung knew or could have discovered; (2) Apple had no duty to disclose
21 irrelevant information; and (3) Apple's jury research is attorney work product.

22 **I.  APPLE'S KNOWLEDGE IS NOT RELEVANT TO WHETHER SAMSUNG WAIVED OBJECTIONS BASED ON MR. HOGAN'S VOIR DIRE RESPONSES**
23

24       Samsung contends that what Apple knew about Mr. Hogan bears on whether Samsung
25 should have discovered that Mr. Hogan's voir dire answers were "untruthful" and thus waived
26 any objections based on those answers. (Dkt. No. 2108 at 4-5.) This argument fails because
27 Apple is asserting that Samsung waived objections based on what Samsung knew. Apple's
28

knowledge is irrelevant because Apple is not asserting jury misconduct—because there was none—and thus has nothing to waive.

Samsung knew that Mr. Hogan "had worked for Seagate," as he disclosed in voir dire. (Tr. 191:20-192:2.) This is significant because if Samsung genuinely believed (as it now alleges) that its relationship with Seagate was so important that bias against Seagate could create bias against Samsung, then Samsung should have asked Mr. Hogan about his departure from Seagate and any negative experiences with Seagate. (*See* Dkt. No. 2050 at 1-2.) Had Samsung asked about Seagate, it would have discovered the dispute. Samsung failed to do so and thus waived any objections. *See Robinson v. Monsanto Co.*, 758 F.2d 331, 335 (8th Cir. 1985) (objection to juror bias waived when juror disclosed employer but not that employer had business dealings with defendant, since those dealings "might have been discovered during voir dire") (citing *Johnson v. Hill*, 274 F.2d 110, 116 (8th Cir. 1960) (failure to object to juror waives objection "if the basis for the objection is known o[r] might have been known or discovered through the exercise of reasonable diligence").) Alternatively, if Samsung did *not* believe that its relationship with Seagate was significant enough to warrant voir dire questioning—as indicated by Samsung's failure to question Mr. Hogan or to mention Seagate in its proposed voir dire questions or the joint written jury questionnaire (Dkt. Nos. 1217, 1198)—this would show that its "Seagate bias" argument is an after-the-fact concoction that it never actually believed.

Samsung also knew that Mr. Hogan filed a bankruptcy in 1993 and that he did not disclose this during voir dire. (Dkt. No. 2022 [Supp. Zeller Decl. ¶ 9]; Tr. 148:18-150:11.) This is significant because it bars Samsung from seeking a new trial based on this non-disclosure. A party is barred from "later challenging the composition of the jury when they had chosen not to interrogate [a juror] further upon receiving an answer thought to be factually incorrect." *McDonough Power Equip. v. Greenwood*, 464 U.S. 548, 550 n.2 (1984); *see also United States v. Bolinger*, 837 F.2d 436, 438-39 (11th Cir. 1988) ("defendant cannot learn of juror misconduct during the trial, gamble on a favorable verdict by remaining silent, and then complain in a post-verdict motion that the verdict was prejudicially influenced by that misconduct") (citation and internal quotation marks omitted). Moreover, if Samsung believed that Mr. Hogan's non-

1   disclosure of his bankruptcy was a material lie (as it contends in its motion), Samsung should
2   have asked Mr. Hogan about the bankruptcy or raised the alleged inconsistency with the Court.
3   Had Samsung done so, it would have discovered the Seagate dispute because it was directly
4   related to the bankruptcy. (*See* Dkt. No. 2022-1 at 48 [Supp. Zeller Decl. Ex. F] (Mr. Hogan filed
5   bankruptcy to protect his house after Seagate claimed it no longer needed to pay half of mortgage
6   after Mr. Hogan's lay-off).)

7         Contradicting its prior accusation that Mr. Hogan "failed to answer truthfully" by not
8   disclosing the bankruptcy (Dkt. No. 2013 at 2), Samsung now argues that Mr. Hogan's
9   bankruptcy "did not involve litigation and was not responsive to any voir dire questioning." (Dkt.
10  No. 2108 at 5.) Samsung reversed course after finally admitting that it knew of the bankruptcy on
11  the day of voir dire, suggesting that it never believed that Mr. Hogan should have disclosed the
12  bankruptcy in response to a question about involvement in "a lawsuit," but nevertheless argued
13  for a position that it did not believe in an attempt to find some way to overturn the verdict.

14        Samsung does not dispute that Apple is relying on Samsung's knowledge, not Apple's.
15  Samsung nevertheless contends that if *Apple* did not know about the Seagate dispute, this would
16  show that *Samsung* had no reason to ask Mr. Hogan about Seagate. (Dkt. No. 2108 at 5.)
17  Samsung fails, however, to cite any case holding that the *opposing party's* knowledge is relevant
18  to whether the *objecting party* knew or could have discovered the basis for its jury misconduct
19  objection. Samsung cites instead an immigration case that held that whether petitioner exercised
20  due diligence in discovering that her former counsel was incompetent depended on whether "a
21  reasonable person in *petitioner's position* would suspect the specific fraud or error underlying her
22  motion to reopen." *Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011) (emphasis added).

23        Samsung's immigration case is inapposite because Apple was *not* in the same position as
24  Samsung. Unlike Samsung, Apple does not contend that any relationship between Samsung and
25  Seagate is anything remotely close to supporting challenge for cause. Nor does Apple contend
26  that Mr. Hogan's non-disclosed bankruptcy would support challenge for cause. Apple had no
27  reason to ask Mr. Hogan questions about Seagate or the bankruptcy, even if it knew about
28  Samsung's equity stake or the bankruptcy.

APPLE'S OPP. TO SAMSUNG'S MOTION TO COMPEL DISCLOSURE RE JUROR INFORMATION
CASE NO. 11-CV-01846-LHK (PSG)
sf-3212757

4

In contrast, a "reasonable person" in *Samsung's position*— who, according to Samsung's post-trial allegations, believed that bias against Seagate could create bias against Samsung and that Mr. Hogan had "lie[d] materially" by failing to disclose the bankruptcy—should have asked Mr. Hogan about Seagate and the bankruptcy. By failing to do so, Samsung waived objections that "might have been discovered during voir dire." *Robinson*, 758 F.2d at 335.

## II. APPLE HAD NO DUTY TO DISCLOSE IMMATERIAL INFORMATION

Samsung makes the audacious claim that if Apple knew about the Seagate dispute but failed to disclose it, this would "warrant sanction and relief." (Dkt. No. 2108 at 5.) But unlike Samsung, Apple's view is that the 19-year old Seagate dispute is irrelevant and would not have supported challenge for cause. (Dkt. No. 2050 at 2.) Mr. Hogan honestly replied to the Court's "yes-or-no" question about whether he had "ever been involved in a lawsuit" by raising his hand, disclosing a recent technology ownership dispute, and answering follow-up questions about that case. (Tr. 148:18-150:11.) He was not asked if there were other lawsuits or a bankruptcy, so he never failed to answer a question honestly. Neither the general "duty of candor" nor the two criminal cases that Samsung cites would have required Apple to disclose *immaterial* information about a juror. *See Dyer v. Calderon,* 151 F.3d 970, 976 & n.7, 982 (9th Cir. 1998) (en banc) (criminal prosecutor obliged to disclose *highly material* information about whether juror concealed that her brother was murdered in a manner similar to the victim in the case where she was selected, so that she could pass sentence on the defendant); *People v. Khounani*, No. C044854, 2005 WL 488613, at *4 (Cal. App. March 03, 2005) (unpublished) (party that knew of juror misconduct but did not raise until after verdict "waives any objection to the misconduct").

## III. SAMSUNG CANNOT OBTAIN APPLE'S ATTORNEY WORK PRODUCT

Samsung's motion also ignores that any research that Apple did about Mr. Hogan constitutes attorney work product that is protected from discovery under Federal Rule of Civil Procedure 26(b)(3)(a), because it would have been prepared "for trial" by Apple's counsel and jury consultant. Therefore, Samsung cannot obtain any such research unless it shows "substantial need" for the materials and "undue hardship" without them. Fed. R. Civ. P. 26(b)(3)(a). Any jury research is also protected by Rule 26(b)(3)(b) because it would reflect counsel's "mental

1  impressions, conclusions, [and] opinions" about the type and level of research that should be
2  conducted.  Fed. R. Civ. P. 26(b)(3)(b).  Therefore, Samsung cannot obtain any such research
3  unless it establishes "rare and exceptional circumstances." *In re Cendant Corp. Sec. Litig.*, 343
4  F.3d 658, 660, 663, 667 (3rd Cir. 2003) (barring discovery of jury consultant communications as
5  "core" work product that is "'generally afforded near absolute protection from discovery'" and "is
6  discoverable only upon a showing of rare and exceptional circumstances"); *Tierno v. Rite Aid*
7  *Corp.*, No. C 05-02520, 2008 WL 2705089 (N.D. Cal. July 8, 2008) (citing *Cendant* and denying
8  discovery of work product because "rare and extraordinary circumstances" not shown).

9  As discussed above, whether Apple knew about the Seagate dispute and the bankruptcy
10  has no relevance.  Therefore, Samsung cannot make the showing of "substantial need" or "undue
11  hardship" (let alone "rare and exceptional circumstances") that is required to obtain Apple's work
12  product.  Samsung's voluntary disclosure of what *Samsung* knew about Mr. Hogan does not
13  change this conclusion because it does not show that *Apple's* knowledge is relevant, and Samsung
14  cannot waive protection of *Apple's* attorney work product in any event.

15  **CONCLUSION**

16  Samsung's attempt to obtain "tit-for-tat" discovery should be rejected because the parties
17  are not in symmetrical positions.  Samsung accuses Mr. Hogan of misconduct; Apple does not.
18  Samsung contends that Mr. Hogan's non-disclosure of the 19-year old Seagate dispute and
19  bankruptcy is material; Apple does not.  Given Samsung's views, Samsung should have asked
20  questions about the Seagate dispute and the bankruptcy and waived any objection by failing to do
21  so despite its knowledge of facts on which Samsung now relies.  Given Apple's views, Apple had
22  no reason to inquire into these immaterial matters and could not waive a misconduct argument
23  that it has not made.  Samsung's motion should be denied.

24
25  Dated:  November 2, 2012            MORRISON & FOERSTER LLP

26                                     By:   */s/ Michael A. Jacobs*
                                             Michael A. Jacobs
27                                           Attorneys for Plaintiff
                                             APPLE INC.
28