**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., | ) Case No.: C 11-1846 LHK (PSG) |
| | ) |
| Plaintiff, | ) **ORDER RE ATTORNEYS' FEES FOR** |
| v. | ) **FED. R. CIV. P. 37 SANCTIONS** |
| | ) |
| SAMSUNG ELECTRONICS CO., LTD, a | ) **(Re: Docket Nos. 880, 1213)** |
| Korean corporation; SAMSUNG | ) |
| ELECTRONICS AMERICA, INC., a New York | ) |
| corporation; and SAMSUNG | ) |
| TELECOMMUNICATIONS AMERICA, LLC, | ) |
| a Delaware limited liability company, | ) |
| | ) |
| Defendants. | ) |

   In this patent infringement suit, Apple, Inc. ("Apple") and Samsung Electronics Co., Ltd,

Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC

(collectively "Samsung") both request – and object to – their respective attorneys' fees previously

awarded by this court as sanctions pursuant to Fed. R. Civ. P. 37.[1]

   Unfortunately, despite two opportunities to submit detailed and accurate supporting

invoices,[2] the parties have left the court to parse through bare descriptions of their attorneys'

activities.  As a result, and as described in more detail below, the court must reduce each party's

---

[1] *See* Docket Nos. 880, 1213.

[2] *See* Docket Nos. 1275, 1957.

Case No.: C 11-1846 LHK (PSG)
ORDER RE ATTORNEYS' FEES

award according to its best estimate of the potential inflation in fees resulting from the incomplete submissions.

## I.     BACKGROUND

The court has already adequately detailed the motions leading to the respective sanctions in its orders granting the awards.[3]  The court provides here only a brief outline of the events for context.

### A.     Samsung's Award

Despite the immense discovery produced in this case, Apple failed to turn over to Samsung certain deposition testimony by its employees, leading Samsung to bring a motion to compel. Samsung prevailed on its motion in an order from this court on December 22, 2011 ("December 22 order") requiring Apple to provide the requested depositions.[4]

Apple, however, interpreted the court's order as requiring it to furnish only *some* of the depositions Samsung sought.  Samsung responded by moving to enforce the December 22 order and again prevailed when this court issued an order on April 12, 2012 ("April 12 order") again requiring Apple to supply the requested depositions.[5]

This court's two orders apparently were not enough to convince Apple that it indeed needed to give Samsung the deposition testimony.  After discovering Apple continued to withhold some of the requested depositions it had been ordered to produce, Samsung moved a third time – this time for Fed. R. Civ. P. 37 sanctions – and Apple moved for clarification of the court's April 12 order. Samsung once again prevailed.  Persuaded that Apple's recalcitrance justified sanctions, in an order dated July 11, 2012 ("July 11 order") this court awarded Samsung its attorneys' fees and

---

[3] *See* Docket Nos. 880, 1213.

[4] *See* Docket No. 536.

[5] *See* Docket No. 867.

2

Case No.: C 11-1846 LHK (PSG)
ORDER RE ATTORNEYS' FEES

costs for the three motions and for Samsung's review of Apple's discovery to ensure the production was complete.[6]

## B.    Apple's Award

On April 23, 2012, the court awarded Apple attorneys' fees as a sanction for Samsung's dilatory production of documents responsive to two of Apple's discovery requests during the preliminary injunction phase of this case ("April 23 order").  Samsung eventually produced the documents evincing its employees' consideration of Apple's products, but not until after Apple brought a motion to compel, resulting in an order from this court on December 22, 2011 to produce the necessary documents.[7]  Even after this court's order, Samsung continued to drag its feet to meet its obligation, which is why the court found it appropriate in its April 23 order to award Apple its attorneys' fees for the motion to compel.[8]

The order notably excluded several of Apple's fee requests and limited its recovery to only that portion of the motion to compel regarding the discovery Samsung repeatedly failed to turn over.[9]  The court denied Apple's requests for meet-and-confer fees and its request for fees for its analysis of Samsung's compliance with an earlier order compelling responses.[10]

## C.    Supporting Documents

On July 22, 2012, pursuant to the July 11 order, Samsung requested $258,200.50 for fees associated with the three motions.  To support its request, Samsung included a declaration with vague descriptions of the roles that numerous attorneys played in pursuing the three motions and

---

[6] *See* Docket No. 1213.

[7] *See* Docket No. 537.

[8] *See* Docket No. 880.

[9] *See id.*

[10] *See id.*

3

Case No.: C 11-1846 LHK (PSG)
ORDER RE ATTORNEYS' FEES

United States District Court
For the Northern District of California

some of those attorneys' qualifications.[11]  Accompanying the declaration was a table with the names of attorneys who worked on each motion, the number of hours they worked, and whether they were partners, associates, or of counsel.[12]  Apple objected to Samsung's request as unreasonable.[13]

Finding that the documents Samsung provided were inadequate for evaluating the appropriateness of its request, the court ordered Samsung to supply the billing rates for each of the attorneys, including the contract attorneys, and "a description or breakdown of the hours each attorney billed by task."[14]  On August 30, 2012, Samsung filed a new declaration and a new table. This time, Samsung added a rates column to its table and added language to the declaration allegedly providing the detail the court found lacking in the first request, but it still failed to break down its request according to the tasks performed by each attorney.[15]

On May 7, 2012, Apple submitted support for its attorneys' fees request for $29,167. According to Apple, that amount represents the number of hours devoted to the dispute underlying the motion to compel for which it was awarded fees.  Because the motion included four issues and the court awarded fees for only one of the disputes, Apple arrived at its request by dividing its total fees for the motion, $116,669, by four.

In the declaration, Apple's counsel described the amount of work required to file the motion to compel and provided highlights of the qualifications of the attorneys who worked on the motion, but provided little more than vague references to their roles in drafting and filing the

---

[11] *See* Docket No. 1275.

[12] *See* Docket No. 1275-1.

[13] *See* Docket No. 1348.

[14] *See* Docket No. 1924.

[15] *See* Docket Nos. 1951, 1951-1.

Case No.: C 11-1846 LHK (PSG)
ORDER RE ATTORNEYS' FEES

motion.[16]  Like Samsung, Apple also produced merely a name/rank/hours chart that failed to demonstrate for the court how the hours were allocated or even at what rates each attorney billed.[17] And as it did for Samsung, the court gave Apple another opportunity to supplement its request with both the hourly rates for each attorney and "a description or breakdown of the hours each attorney billed by task."[18]  Although Apple's subsequent request has more detail than its first effort, it again failed to carefully segregate the fees for which it is not entitled to an award.

Having already given both parties an additional opportunity to supply the necessary support for their requests, the court finds no good reason to permit them to try again to comply with the requirements for fee requests.  The court will simply consider the deficient documents Apple and Samsung have provided as best it can, and count any ambiguities against the party who created them.

## II.    LEGAL STANDARDS

The touchstone of the attorneys' fee award is the reasonableness of the fees.  As such, to determine the award, the court begins with the lodestar: reasonable rates multiplied by reasonable hours expended.[19]  The resulting figure is presumptively reasonable.[20]  Attorneys' fees awards may only include hours "reasonably expended" on the litigation.[21]  Hours that are "excessive, redundant, or otherwise unnecessary" must be excluded.[22]  The court "must base its determination

---

[16] *See* Docket No. 906.

[17] *See id.* Ex. 1.

[18] *See* Docket No. 1349.

[19] *See Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *Kraszewski v. State Farm General Ins. Co.*, Case No. C 79-1261 TEH, 1984 WL 1027, at *5-6 (N.D. Cal. June 11, 1984).

[20] *See Hensley*, 461 U.S. at 434.

[21] *See id.* at 433.

[22] *Id.*

Case No.: C 11-1846 LHK (PSG)
ORDER RE ATTORNEYS' FEES

whether to award fees for counsel's work on its judgment as to whether the work product . . . was both useful and of a type ordinarily necessary to advance the . . . litigation."[23]

To determine a reasonable hourly rate, the court must consider "certain factors, including the novelty and difficulty of the issues, the skill required to try the case, whether or not the fee is contingent, [and] the experience held by counsel and fee awards in similar cases."[24]  The court also looks to "the forum in which the district court sits" [25] and to "the fees that private attorneys of an ability and reputation comparable to that of prevailing counsel charge their paying clients for legal work of similar complexity."[26]  "[T]he burden is on the fee applicant to produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."[27]

Although parties seeking attorneys' fees are required only to provide affidavits "sufficient to enable the court to consider all the factors necessary to determine a reasonable attorney's fee award," parties are subject to a reduction in the hours awarded when they fail to provide adequate documentation, notably contemporaneous time records.[28]  The court also has the "authority to reduce hours that are billed in block format."[29]  Block-billing is "the time-keeping method by

---

[23] *Armstrong v. Davis*, 318 F.3d 965, 971 (9th Cir. 2003).

[24] *Moreno v. City of Sacramento*, 534 F.3d 1106, 1114 (9th Cir. 2008).

[25] *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008).

[26] *Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 946 (9th Cir. 2007).

[27] *Camacho*, 523 F.3d at 980 (citation omitted).

[28] *See Ackerman v. W. Elec. Co., Inc.*, 643 F. Supp. 836, 863 (N.D. Cal. 1986) (citing *Williams v. Alioto*, 625 F.2d 845, 849 (9th Cir. 1980)).

[29] *See Welch*, 480 F.3d at 948.

Case No.: C 11-1846 LHK (PSG)
ORDER RE ATTORNEYS' FEES

which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks."[30]

Finally, the court recognizes that because "awarding attorneys' fees to prevailing parties . . . is a tedious business," the court "should normally grant the award in full" if the party opposing the fee request "cannot come up with specific reasons for reducing the fee request."[31]  At the same time, nothing in this standard compels a court to overlook ambiguities in a requesting party's supporting materials that it was in a position to argue.[32]

## III.    DISCUSSION

### A.    Samsung's Request

Samsung's fee request is best presented in the table format it submitted to the court:

Samsung's Motion to Compel (portion relating to transcripts at issue)

| Timekeeper | Position | Hours Billed | Bill Rate |
|---|---|---|---|
| Diane Hutnyan | Partner | 6 | 790 |
| Victoria Maroulis | Partner | 1 | 815 |
| Marissa Ducca | Associate | 6 | 620 |
| Alex Hu | Associate | 8 | 290 |
| Joby Martin | Associate | 1 | 290 |

Hours:        22          Fees Incurred:          $11,885.00

Samsung's Motion to Enforce December 22 Order (relating to transcripts at issue)

| Timekeeper | Position | Hours Billed | Bill Rate |
|---|---|---|---|
| Diane Hutnyan | Partner | 10.5 | 790 |
| Marc Becker | Partner | 50.0 | 1035 |
| Todd Briggs | Partner | 4.0 | 735 |
| Melissa Dalziel | Of Counsel | 2.0 | 730 |
| Curran Walker | Associate | 27.7 | 555 |
| Kara Borden | Associate | 8.8 | 445 |
| James Ward | Associate | 5.0 | 480 |
| Alex Hu | Associate | 16.3 | 415 |

---

[30] *Id.* at 945 n.2 (internal citations and quotations omitted).

[31] *Moreno*, 534 F.3d at 1116.

[32] *See Welch*, 480 F.3d at 948.

Case No.: C 11-1846 LHK (PSG)
ORDER RE ATTORNEYS' FEES

| Brad Goldberg | Associate | 28.0 | 415 |

Hours:        152.3        Fees Incurred:        $104,519.00

Samsung's Motion for Rule 37 Sanctions for Apple's Violation of the December 22 Order

| Timekeeper | Position | Hours Billed | Bill Rate |
| --- | --- | --- | --- |
| Diane Hutnyan | Partner | 57.5 | 790 |
| Marc Becker | Partner | 18.7 | 1035 |
| Curran Walker | Associate | 93.5 | 555 |
| Kara Borden | Associate | 23.9 | 445 |
| James Ward | Associate | 8.0 | 480 |
| Alex Hu | Associate | 10.6 | 415 |
| Contract Attorneys | | 50.0 | 125 |

Hours:        262.2        Fees Incurred:        $141,796.50

In total, Samsung requests $258,200.50 for the three motions.

Apple objects to Samsung's fee request as unreasonable on three grounds: (1) the number of hours expended on the motion to enforce and the motion for sanctions is excessive; (2) in its request Samsung included fees for tasks for which it had not received an award; and (3) Samsung failed to provide documentation supporting the rates charged by its attorneys. The court considers each of these objections in turn.

### 1.        Unreasonable Number of Hours

Apple argues that the hours Samsung requests for the motion to enforce and the motion for sanctions – 152.3 and 262.2 respectively – are excessive, especially in light of Samsung's admission that it needed only 10 hours to produce the motion to compel.[33] The real thrust of Apple's argument – and the one to which the court is most sympathetic – is the lack of detailed records supporting Samsung's request.

The court acknowledges that Apple filed its objection before Samsung's second attempt to support its fee request, but any improvement in Samsung's second attempt was marginal. To take

---

[33] *See* Docket No. 1951. Samsung requests 22 hours for the motion to compel, but indicated in its declaration that 12 hours were for meet-and-confer activities and only 10 hours were for drafting and filing the motion.

Case No.: C 11-1846 LHK (PSG)
ORDER RE ATTORNEYS' FEES

an example, in Samsung's second offering, Samsung states in its table that Curran Walker ("Walker"), an associate at Quinn Emanuel, worked 27.2 hours on the motion to enforce.[34] Samsung's supporting declaration, however, states that Walker expended 27.2 hours on the reply briefs for both the motion to enforce and the motion to compel.[35]  For that matter, Walker also billed 93.5 hours for "substantial assistance with all aspects of the preparation" of the motion for sanctions, the reply brief, the response to Apple's supplemental brief, and preparation and attendance at the oral argument.[36]  How were those hours divided among the various tasks?  Is it reasonable that Walker spent nearly two work weeks on a motion for sanctions when two partners, three other associates, and innumerable contract attorneys were also staffed on the motion?[37]  The court can only guess at the answers to those questions because Samsung offers only the barest description of Walker's activities.

Other instances abound where Samsung has come up short.  Samsung requests fees for 57.5 hours worked by Diane Hutnyan ("Hutnyan"), a Quinn Emanuel partner, for "the preparation and review" of the motion for sanctions and its reply; for writing, reviewing, and editing both documents; and for managing "the work of other attorneys."[38]  Samsung does not explain what hours were spent on which tasks or provide the court with any other means by which to evaluate whether that number of hours is justified on a motion staffed by five other Quinn Emanuel attorneys and an indeterminate number of contract attorneys.[39]

---

[34] *See* Docket No. 1951-1.

[35] *See* Docket No. 1951 at ¶ 39.

[36] *See id.*

[37] *See* Docket No. 1951-1.

[38] *See* Docket No. 1951 at ¶ 34.

[39] *See* Docket No. 1951-1.

Case No.: C 11-1846 LHK (PSG)
ORDER RE ATTORNEYS' FEES

**United States District Court**
For the Northern District of California

Samsung also requests fees for 50 hours of work performed by Marc Becker ("Becker"), another Quinn Emanuel partner, for writing the motion to enforce and supervising work on the reply brief.[40]  On that limited description, the court cannot determine the reasonableness of Becker's hours.  Or, to be more accurate, the court tends to find it unreasonable that a partner with almost 25 years of experience[41] needed 50 hours to draft a fourteen-page motion[42] and to review a fifteen-page reply,[43] especially when 5 associates also billed 85.8 hours for the same motion.  Becker billed an additional 18.7 hours for "assist[ing] with preparation and review" of the motion for sanctions.[44]  In light of Walker's and Hutnyan's numerous hours spent on the motion,[45] the court cannot discern – on the barebones description by Samsung – what more Becker provided and whether it was reasonable.

Although the court has highlighted some of the most egregious examples, block-billing is rampant in Samsung's motion.  Throughout the declaration, Samsung lumps together various tasks by attorneys, separating the hours only by motion.[46]  Perhaps all of the hours were well-spent in efficient pursuit of investigating and drafting the motions.  Or reveal inefficiencies in the work.  Or reflect nothing more than a best guess by Samsung's counsel at how many hours they spent compiling three motions amidst the immense size and scope of this case.  But the court cannot

---

[40] *See* Docket No. 1951 at ¶ 37.

[41] *See* Docket No. 1275 at ¶ 31.

[42] *See* Docket No. 782.

[43] *See* Docket No. 839.

[44] *See* Docket No. 1951 at ¶ 37.

[45] *See* Docket No. 1951 at ¶ 34, ¶ 39; Docket No. 1951-1.

[46] *See* Docket No. 1951.

Case No.: C 11-1846 LHK (PSG)
ORDER RE ATTORNEYS' FEES

make that determination from the request as presented because of the inherent ambiguity in block-billing, which is why block-billing is a disfavored format for fee requests.[47]

Those ambiguities are also the reason the Ninth Circuit condones reducing hours when courts are faced with the practice.[48]  Because it cannot evaluate the reasonableness of the hours, and in light of the evidence that block-billing inflates hours by between 10% and 30%,[49] the court trims 20% from the block-billed hours in Samsung's request.[50]  The court cannot, however, perform an across-the-board deduction,[51] and so it has identified the limited instances where Samsung adequately identified tasks linked to the hours requested:

| Timekeeper | Hours | Description |
|---|---|---|
| Victoria Maroulis | 1 | Preparing and arguing the motion to compel |
| Todd Briggs | 4 | "[A]nalyzing several Apple cases and investigations and identifying which cases" had the adequate technological nexus |
| Melissa Dalziel | 2 | "[R]esearch[ing] Apple's compliance" with the December 22 order |
| Alex Hu | 16.3 | "[R]esearching cases thought to have a potential technological nexus" to the case and "identifying nine such cases" |
| Joby Martin | 1 | Helping draft and review the declaration supporting the motion to compel |

The court finds the remaining hours were block-billed and should be reduced by 20%.  The hours will be awarded as follows:

<u>Motion to Compel</u>

| Timekeeper | Hours |
|---|---|
| Diane Hutnyan | 4.8 |
| Marissa Ducca | 4.8 |
| Alex Hu | 6.4 |

---

[47] *See Welch*, 480 F.3d at 948; *see also Frevach Land Co. v. Multnomah Cnty.*, Case No. CV-99-1295-HU, 2001 WL 34039133, at *9 (D.Or. Dec. 18, 2001).

[48] *See id.*

[49] *See id.*; *see also* State Bar of California Committee on Mandatory Fee Arbitration, Arbitration Advisory 03-01: Detecting Attorney Bill Padding, at 7 (2003).

[50] *See Welch*, 480 F.3d at 948.

[51] *See id.*

11

Case No.: C 11-1846 LHK (PSG)
ORDER RE ATTORNEYS' FEES

United States District Court
For the Northern District of California

Motion to Enforce

| Timekeeper | Hours |
| --- | --- |
| Diane Hutnyan | 8.4 |
| Marc Becker | 40 |
| Curran Walker | 22.16 |
| Kara Borden | 7.04 |
| James Ward | 4.0 |
| Brad Goldberg | 22.4 |

Motion for Fed. R. Civ. P. 37 Sanctions

| Timekeeper | Hours |
| --- | --- |
| Diane Hutnyan | 46 |
| Marc Becker | 14.96 |
| Curran Walker | 74.8 |
| Kara Borden | 19.12 |
| James Ward | 6.4 |
| Alex Hu | 8.48 |
| Contract Attorneys | 40.0 |

**2.     Fees for Discovery Tasks**

Apple also objects that Samsung seeks fees to which it is not entitled, specifically for

twelve hours for meet-and-confer obligations prior to bringing the motion to compel and for an

unknown number of hours to review discovery for which sanctions should not be imposed.[52]

As to the fees for Samsung's meet-and-confer obligations, the court disagrees.  Pursuant to

Fed. R. Civ. P. 37(a)(1) and Civ. L.R. 37-1, Samsung was obligated to confer before bringing its

motion to compel.  As has been exhaustively discussed above, Apple failed to meet its obligations,

thereby forcing Samsung to bring the motion.  Samsung should not now have to bear the price of

its attempts to avoid litigation of this issue in the first place.  Especially in light of the complexity

of this case and the ongoing taxing of the court's resources just to keep up with the myriad issues

that arise, the court will not penalize Samsung for trying to solve the problem instead of moving

---

[52] *See* Docket No. 1348.

Case No.: C 11-1846 LHK (PSG)
ORDER RE ATTORNEYS' FEES

straight to litigation.  Apple's hands are not clean – its intransigence in turning over the depositions was what led to Samsung having to confer and then having to bring a motion.  The court will not reduce the award for Samsung's fees for its meet-and-confer obligations.[53]

As to Apple's second challenge to the types of fees Samsung requests, the court has already accounted for the possibility that Samsung impermissibly charged for discovery.   The court agrees with Apple that Samsung should not receive fees for reviewing documents it needed to review for discovery anyway,[54] but parsing the hours Samsung's counsel may or may not have spent in those activities is nearly impossible given the opacity of the request.  Apple notably has not pointed to any specific hours that it identifies as particularly troublesome; it too is shifting its burden to make specific objections on to the court to identify any problematic hours.  The court has already cut Samsung's hours because it cannot determine their reasonableness.  That cut accounts for potentially inflated hours.  The court will not reduce Samsung's hours further without more evidence that Samsung indeed committed the misconduct of which Apple accuses it.

### 3.    Reasonable Hourly Rate

Apple argues that the rates Samsung requests for its attorneys are unreasonable and unsupported.  Despite its obligation to provide evidence outside of an attorney affidavit that its counsels' hourly rates are reasonable,[55] Samsung provides only a reference to the 2011 National Law Journal's survey of billing rates – but not the survey itself – and claims its rates are comparable to the rates Apple seeks in its fee request.

---

[53] *See Celano v. Marriott Int'l, Inc.*, Case No. C 05-4004 PJH, 2007 WL 2070220, at *3 (N.D. Cal. July 13, 2007) (awarding fees for meet-and-confer efforts).

[54] *See* Fed. R. Civ. P. 37(a)(5) (stating sanctions are appropriate for "movant's reasonable expenses incurred in making the motion"); *see also Tequila Centinela, S.A. de C.V., v. Bacardi & Co., Ltd.*, 248 F.R.D. 64, 69 (D.D.C. 2008) (noting Rule 37 sanctions should not be awarded for ordinary litigation expenses).

[55] *See Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 980 (9th Cir. 2008).

Case No.: C 11-1846 LHK (PSG)
ORDER RE ATTORNEYS' FEES

As the court reads the 2011 National Law Journal's survey, the hourly rates presented are samples from around the nation[56] – not representations of comparable rates in this forum as required to substantiate a fee request.[57]  And the hourly rates requested by Samsung far exceed the rates requested by Apple.  Apple's hourly rates for partners are $768, $605, $582, and $559, whereas Samsung's hourly rates for partners are $1035, $815, $790, and $735.

When a party fails to provide sufficient support for its hourly rate, the court may rely on other orders awarding attorneys' fees in cases with comparable facts[58] and on surveys of which it may take judicial notice.[59]  In several reasonably comparable patent cases, courts in this district have looked to the American Intellectual Property Law Association's ("AIPLA") annual survey of hourly rates to ascertain the reasonableness of fees,[60] a practice that the Federal Circuit condones.[61]  In light of the dearth of information provided by Samsung and the commonality of the practice in this district, the court finds it appropriate to reference the AIPLA's survey.

According to the survey, the average rate for partners in San Francisco was $571, with the 25% Quartile at $395, the median at $585, and the 75% Quartile at $700.[62]  The average rate for associates was $361, with the 25% Quartile at $260, the median at $370, and the 75% Quartile at

---

[56] *See 2011 Billing Survey: A Special Report*, The National Law Journal, April 2011, *available at* http://www.law.com/jsp/nlj/PubArticleNLJ.jsp?id=1202535905815&interactive=true (last visited Oct. 19, 2012).

[57] *See Camacho*, 523 F.3d at 979.

[58] *Cf. Bell v. Clackamas Cnty.*, 341 F.3d 858, 868 (9th Cir. 2003) (finding reliance on case two years older than litigation for which plaintiff sought attorneys' fees was abuse of discretion).

[59] *See View Eng'g, Inc. v. Robotic Vision Sys., Inc.*, 208 F.3d 981, 987-988 (Fed. Cir. 2000)

[60] *See, e.g.*, *Monolithic Power Systems, Inc. v. O2 Micro Int'l Ltd.*, Case No. 08-04567 CW, 2012 WL 161212, at *4 (N.D. Cal. Jan. 17, 2012); *Autodesk, Inc. v. Flores*, Case No. 10-CV-01917-LHK, 2011 WL 1884694, at *2 (N.D. Cal. May 18, 2011); *Applied Materials, Inc. v. Multimetrixs, LLC*, Case No. C 06-07372 MHP, 2009 WL 1457979, at *4 (N.D. Cal. May 26, 2009).

[61] *See View Eng'g, Inc.* 208 F.3d at 987-88.

[62] Am. Intellectual Prop. L. Ass'n, 2011 Billing Survey at I-34

14

Case No.: C 11-1846 LHK (PSG)
ORDER RE ATTORNEYS' FEES

$470.[63]  The average rate for of counsel was $623, with the 25% Quartile at $574, the median at

$613, and the 75% Quartile at $681.[64]  These rates accord with the court's experience and

knowledge of the market in this district.[65]  The court also notes that the AIPLA's survey reveals

rates for partners, associates, and of counsel increase with years of experience.[66]

Having looked to the AIPLA's survey and considered its own experience and knowledge of

the area of law and counsel's performance in this case, and in light of the lack of support Samsung

supplied for the rates it requests, the court finds that the AIPLA's 75% Quartile rates for the

partners and of counsel are reasonable for Samsung's partners and of counsel.  The court increases

Becker's hourly rate above this level by $100 in light of his greater experience.

The court also finds the 75% Quartile rate is appropriate for the highest paid associate –

Marissa Ducca ("Ducca").  The court will adjust the rates of the remaining associates by the same

percentage difference as the original rate request.  For example, in the original request, Ducca

charged $620 per hour and the next highest paid associate, Walker, charged $555 per hour.  The

percentage difference between those two rates is 10.5%.  The court adjusts Ducca's rate to $470

per hour, and subtracts 10.5% of that number ($49.35) to arrive at Walker's new rate of $420.65.

Accordingly, the court finds the following rates are reasonable:

| Attorney | Old Rate | New Rate |
|---|---|---|
| Diane Hutnyan | 790 | 700 |
| Victoria Maroulis | 815 | 700 |
| Todd Briggs | 735 | 700 |

[63] *Id.* at I-52.

[64] *Id.* at I-70.

[65] *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011) (per curiam).

[66] Am. Intellectual Prop. L. Ass'n, 2011 Billing Survey at 17, 20, 23.

Case No.: C 11-1846 LHK (PSG)
ORDER RE ATTORNEYS' FEES

United States District Court
For the Northern District of California

| | | |
|---|---|---|
| Marc Becker | 1035 | 800 |
| Melissa Dalziel | 730 | 681 |
| Curran Walker | 555 | 420.65 |
| Marissa Ducca | 620 | 470 |
| Kara Borden | 445 | 337.34 |
| Alex Hu | 415 | 314.60 |
| Joby Martin | 290 | 219.84 |
| James Ward | 480 | 363.87 |
| Brad Goldberg | 415 | 314.60 |

Having determined both the reasonable hours and the reasonable rates for Samsung's

request, the court finds that Samsung should recover $160,069.41 from Apple.

**B.     Apple's Request**

Apple's request is also easiest to assess in the same table format it provided to the court:

| Team Member | Title | Tasks (Time) | Total Hours | Hourly Rate (Discounted) |
|---|---|---|---|---|
| Michael Jacobs | Partner | Preparing for and attending hearing (4.80 hours) | 4.80 | $768 |
| Mia Mazza | Partner | Drafting and preparing for motion to compel (34.40 hours)<br>Preparing motion for administrative relief and motion to seal (20.80 hours)<br>Counsel-client communications (3.20 hours) | 58.40 | $605 |
| Richard Hung | Partner | Drafting and preparing motion to compel (3.10 hours)<br>Managing and coordinating team efforts (2.90 hours)<br>Counsel-client communications (0.3 hours)<br>Preparing for and attending hearing (10.10 hours)<br>Drafting supporting declaration and/or proposed order (0.3 hours) | 16.70 | $582 |
| Jason Bartlett | Partner | Drafting and preparing motion to compel (2.10 hours)<br>Preparing for and attending hearing (7.00 hours) | 9.10 | $559 |
| Minn Chung | Of Counsel | Assessing Samsung's deficient production (6.40 hours)<br>Drafting and preparing motion to compel (4.80 hours)<br>Preparing motion to seal (0.2 hours) | 17.80 | $512 |

16

| | | | | |
|---|---|---|---|---|
| | | Drafting supporting declaration and/or proposed order (6.40 hours) | | |
| Marcelo Guerra | Associate | Drafting and preparing motion to compel (60.70 hours) Drafting motion for administrative relief and/or motion to seal (1.4 hours) Drafting supporting declaration and/or proposed order (18.00 hours) | 80.10 | $498 |
| Nathaniel Sabri | Associate | Drafting and preparing motion to compel (8.00 hours) Drafting motion to seal (0.50 hours) | 8.50 | $424 |
| Esther Kim | Associate | Drafting and preparing motion to compel (10.20 hours) Drafting supporting declaration and/or proposed order (6.10 hours) | 16.30 | $372 |
| Euborn Chiu | Associate | Assessing Samsung's deficient production (2.80 hours) Drafting and preparing motion to compel (1.40 hours) | 4.20 | $275 |
| Rosamaria Barajas | Paralegal | Paralegal support (15.80 hours) | 15.80 | $191 |

Apple's request reflects the fees from the entire motion to compel, a total of $116,668.50, but it seeks recovery for 25% of that amount, or $29,167.13.  Apple reasons that because the court awarded it fees on one of the four issues addressed in the December 22 order, it is entitled to one quarter of the fees for the motion.[67]

Samsung objects to Apple's request on two grounds: (1) Apple failed to sufficiently substantiate its fee request with a particularized description of its tasks and (2) Apple seeks fees for tasks excluded by the court's order awarding sanctions.  The court considers the second objection first.

### 1.      Fees for Excluded Tasks

Referencing this court's limited holding in the April 23 order, Samsung points to fees Apple requested for administrative motions and assessments of Samsung's production to argue those fees were not part of the court's order.  The court agrees.  Its April 23 order specifically

---

[67] *See* Docket No. 906.

Case No.: C 11-1846 LHK (PSG)
ORDER RE ATTORNEYS' FEES

limited Apple's sanction award to the portion of the motion to compel relating to the discovery of the preliminary injunction documents that Samsung failed to provide through the beginning of 2012.[68]  The court also explicitly excluded assessment fees because those tasks were part of Apple's ordinary litigation expenses.[69]  The court will reduce from Apple's award any fees requested for assessment of Samsung's compliance.

The court also will reduce fees sought for "administrative relief" and for motions to seal. Neither of those types of motions fall within the court's limited holding in the April 23 order, and furthermore, given the problematic history of the parties in this case and their overuse of sealing motions, the court refuses to incentivize more sealing actions.  The court finds the hours should be reduced as follows:

| Team Member | Title | Tasks (Time) | Total Hours |
|---|---|---|---|
| Michael Jacobs | Partner | Preparing for and attending hearing (4.80 hours) | 4.80 |
| Mia Mazza | Partner | Drafting and preparing for motion to compel (34.40 hours)<br>Counsel-client communications (3.20 hours) | 37.6 |
| Richard Hung | Partner | Drafting and preparing motion to compel (3.10 hours)<br>Managing and coordinating team efforts (2.90 hours)<br>Counsel-client communications (0.3 hours)<br>Preparing for and attending hearing (10.10 hours)<br>Drafting supporting declaration and/or proposed order (0.3 hours) | 16.70 |
| Jason Bartlett | Partner | Drafting and preparing motion to compel (2.10 hours)<br>Preparing for and attending hearing (7.00 hours) | 9.10 |
| Minn Chung | Of Counsel | Drafting and preparing motion to compel (4.80 hours) | 11.20 |

[68] *See* Docket No. 880.

[69] *See id.*

18

Case No.: C 11-1846 LHK (PSG)
ORDER RE ATTORNEYS' FEES

United States District Court
For the Northern District of California

| | | Drafting supporting declaration and/or proposed order (6.40 hours) | |
|---|---|---|---|
| Marcelo Guerra | Associate | Drafting and preparing motion to compel (60.70 hours)<br>Drafting supporting declaration and/or proposed order (18.00 hours) | 78.7 |
| Nathaniel Sabri | Associate | Drafting and preparing motion to compel (8.00 hours) | 8.00 |
| Esther Kim | Associate | Drafting and preparing motion to compel (10.20 hours)<br>Drafting supporting declaration and/or proposed order (6.10 hours) | 16.30 |
| Euborn Chiu | Associate | Drafting and preparing motion to compel (1.40 hours) | 1.40 |
| Rosamaria Barajas | Paralegal | Paralegal support (15.80 hours) | 15.80 |

## 2.    Unsubstantiated Hours

Samsung objects to Apple's fee request because, according to Samsung, it lacks sufficient detail for the court to determine whether one-quarter of the hours were really spent on the activities for which the court awarded sanctions.  But Apple at least breaks down the hours by task.[70] Apple's counsel maintains that because it bills by task, it cannot segregate the attorneys' activities based on each issue, which is why Apple merely divided the total hours by four – the number of issues in the motion to compel – to arrive at the figure it requests.[71]

Although a clean division of the fees is appealing, Apple's first affidavit to the court suggested that it included in its request hours "spent analyzing the production" and hours used to prepare a motion to shorten time.[72]  Apple did not reduce the number of requested hours in its second submission to the court,[73] and so the court can only infer that hours for these tasks are still

---

[70] *See* Docket No. 1948 Ex. 1.

[71] *See* Docket No. 906.

[72] *See* Docket No. 906 at ¶ 4, ¶ 8.

[73] *See* Docket No. 1948 Ex. 1.

19

Case No.: C 11-1846 LHK (PSG)
ORDER RE ATTORNEYS' FEES

United States District Court
For the Northern District of California

included.  But as the court already noted, Apple's sanction award for the motion to compel was very limited and should not include analysis of production or other extraneous motions.

The descriptions of tasks in Apple's request do not allow the court to segregate the time spent on activities to which Apple is not entitled to fees.  Although Apple breaks its request down by task, the descriptions of those activities are not specific.  For example, "[d]rafting and preparing motion to compel" does not illuminate for the court whether "preparing" includes analysis of Samsung's compliance or merely research.  In light of the many hours devoted by several attorneys to "[d]rafting and preparing the motion to compel" the court suspects the former.

To account for possible inflation of fees, the court applies the same 20% reduction for block-billing as it applied to Samsung's request to the hours Apple requests for "preparing" the motion to compel.  Applying that 20% haircut, the court finds the following hours are reasonable:

| Team Member | Title | Tasks (Time) | Total Hours |
|---|---|---|---|
| Michael Jacobs | Partner | Preparing for and attending hearing (4.80 hours) | 4.80 |
| Mia Mazza | Partner | Drafting and preparing for motion to compel (27.52 hours)<br>Counsel-client communications (3.20 hours) | 30.72 |
| Richard Hung | Partner | Drafting and preparing motion to compel (2.48 hours)<br>Managing and coordinating team efforts (2.90 hours)<br>Counsel-client communications (0.3 hours)<br>Preparing for and attending hearing (10.10 hours)<br>Drafting supporting declaration and/or proposed order (0.3 hours) | 16.08 |
| Jason Bartlett | Partner | Drafting and preparing motion to compel (1.68 hours)<br>Preparing for and attending hearing (7.00 hours) | 8.68 |
| Minn Chung | Of Counsel | Drafting and preparing motion to compel (3.84 hours)<br>Drafting supporting declaration and/or proposed order (6.40 hours) | 10.24 |

Case No.: C 11-1846 LHK (PSG)
ORDER RE ATTORNEYS' FEES

| Marcelo Guerra | Associate | Drafting and preparing motion to compel (48.56 hours) Drafting supporting declaration and/or proposed order (18.00 hours) | 66.56 |
|---|---|---|---|
| Nathaniel Sabri | Associate | Drafting and preparing motion to compel (6.4 hours) | 6.4 |
| Esther Kim | Associate | Drafting and preparing motion to compel (8.16 hours) Drafting supporting declaration and/or proposed order (6.10 hours) | 14.26 |
| Euborn Chiu | Associate | Drafting and preparing motion to compel (1.12hours) | 1.12 |
| Rosamaria Barajas | Paralegal | Paralegal support (15.80 hours) | 15.80 |

Samsung does not object to Apple's rates, and so the court need not address their reasonableness.[74]  The court finds, however, that the requested rates are in line with the AIPLA survey Apple cited to in its declaration and that the court used earlier to evaluate Samsung's rates.

Because the April 23 order limited Apple to sanctions for only one of the four issues in the December 22 order, the court adopts Apple's method of dividing the total fees for the motion by four to determine the amount to which it is entitled.  Thus Apple is entitled to $21,554.14 from Samsung in attorneys' fees.

Accordingly,

IT IS HEREBY ORDERED that within seven days of this order Apple shall pay to Samsung $160,069.41 as the sanction award from the court's July 11 order.

IT IS FURTHER ORDERED that within seven days of this order Samsung shall pay to Apple $21,554.14 as the sanction award from the court's April 23 order.

**IT IS SO ORDERED.**

Dated: November __7__, 2012

_Paul S. Grewal_
PAUL S. GREWAL
United States Magistrate Judge

---

[74] *Moreno v. City of Sacramento*, 534 F.3d 1106, 1116 (9th Cir. 2008).

Case No.: C 11-1846 LHK (PSG)
ORDER RE ATTORNEYS' FEES