# Estrich Declaration

# Exhibit 10

```
 1                UNITED STATES DISTRICT COURT

 2              NORTHERN DISTRICT OF CALIFORNIA

 3                     SAN JOSE DIVISION

 4


 5
     APPLE INC., A CALIFORNIA      ) C-11-01846 LHK
 6   CORPORATION,                  )
                                   ) SAN JOSE, CALIFORNIA
 7             PLAINTIFF,          )
                                   ) AUGUST 16, 2012
 8        VS.                      )
                                   ) VOLUME 10
 9   SAMSUNG ELECTRONICS CO.,      )
     LTD., A KOREAN BUSINESS       ) PAGES 2966-3386
10   ENTITY; SAMSUNG               )
     ELECTRONICS AMERICA,          )
11   INC., A NEW YORK              )
     CORPORATION; SAMSUNG          )
12   TELECOMMUNICATIONS            )
     AMERICA, LLC, A DELAWARE      )
13   LIMITED LIABILITY             )
     COMPANY,                      )
14                                 )
               DEFENDANTS.         )
15   _____

16             TRANSCRIPT OF PROCEEDINGS
          BEFORE THE HONORABLE LUCY H. KOH
17           UNITED STATES DISTRICT JUDGE

18


19

20          APPEARANCES ON NEXT PAGE

21

22

23   OFFICIAL COURT REPORTER: LEE-ANNE SHORTRIDGE, CSR, CRR
                              CERTIFICATE NUMBER 9595
24                            IRENE RODRIGUEZ, CSR, CRR
                              CERTIFICATE NUMBER 8074
25
```

```
 1    A P P E A R A N C E S:

 2    FOR PLAINTIFF         MORRISON & FOERSTER
      APPLE:                BY:  HAROLD J. MCELHINNY
 3                               MICHAEL A. JACOBS
                                 RACHEL KREVANS
 4                          425 MARKET STREET
                            SAN FRANCISCO, CALIFORNIA  94105
 5

 6    FOR COUNTERCLAIMANT   WILMER, CUTLER, PICKERING,
      APPLE:                HALE AND DORR
 7                          BY:  WILLIAM F. LEE
                            60 STATE STREET
 8                          BOSTON, MASSACHUSETTS  02109

 9                          BY:  MARK D. SELWYN
                            950 PAGE MILL ROAD
10                          PALO ALTO, CALIFORNIA  94304

11    FOR THE DEFENDANT:    QUINN, EMANUEL, URQUHART,
                            OLIVER & HEDGES
12                          BY:  CHARLES K. VERHOEVEN
                            50 CALIFORNIA STREET, 22ND FLOOR
13                          SAN FRANCISCO, CALIFORNIA  94111

14                          BY:  VICTORIA F. MAROULIS
                                 KEVIN P.B. JOHNSON
15                          555 TWIN DOLPHIN DRIVE
                            SUITE 560
16                          REDWOOD SHORES, CALIFORNIA  94065

17                          BY:  MICHAEL T. ZELLER
                                 WILLIAM C. PRICE
18                          865 SOUTH FIGUEROA STREET
                            10TH FLOOR
19                          LOS ANGELES, CALIFORNIA  90017

20

21

22

23

24

25
```

```
 1                    INDEX OF WITNESSES

 2     DEFENDANT'S

 3     TIMOTHY SHEPPARD
            DIRECT EXAM BY MR. PRICE          P. 3001
 4          CROSS-EXAM BY MR. JACOBS          P. 3012

 5     MICHAEL WAGNER
            DIRECT EXAM BY MR. PRICE          P. 3018
 6          CROSS-EXAM BY MR. JACOBS          P. 3057
            REDIRECT EXAM BY MR. PRICE        P. 3073
 7
       RAMAMIRTHAM SUKUMAR
 8          DIRECT EXAM BY MS. MAROULIS       P. 3092
            CROSS-EXAM BY MR. SELWYN          P. 3095
 9
       VINCENT O'BRIEN
10          DIRECT EXAM BY MS. MAROULIS       P. 3101
            CROSS-EXAM BY MR. SELWYN          P. 3113
11
       DAVID TEECE
12          DIRECT EXAM BY MS. MAROULIS       P. 3123
            CROSS-EXAM BY MR. MUELLER         P. 3141
13

14     PLAINTIFF'S REBUTTAL:

15     TONY BLEVINS
            DIRECT EXAM BY MR. LEE            P. 3164
16
       EMILIE KIM
17          DIRECT EXAM BY MR. SELWYN         P. 3173
            CROSS-EXAM BY MR. JOHNSON         P. 3185
18
       PAUL DOURISH
19          DIRECT EXAM BY MR. SELWYN         P. 3188

20     TONY GIVARGIS
            DIRECT EXAM BY MR. SELWYN         P. 3220
21
       MANI SRIVASTAVA
22          DIRECT EXAM BY MR. SELWYN         P. 3287
            CROSS-EXAM BY MR. JOHNSON         P. 3317
23          REDIRECT EXAM BY MR. SELWYN       P. 3320

24     HYONG KIM
            DIRECT EXAM BY MR. LEE            P. 3322
25
```

1   BROUGHT INTO THE COMPANY AS A RESULT OF THE
2   ALLEGEDLY INFRINGING PRODUCTS, LESS ALL OF THE
3   COSTS IN ORDER TO MAKE THOSE PRODUCTS AND SELL
4   THOSE PRODUCTS.
5           AND YOU SUBTRACT THE COST OF REVENUES AND
6   YOU GET TOTAL PROFITS.
7   Q   NOW, LET'S TALK AND FOCUS ON THEIR TOTAL COST
8   AREA, AND IF WE COULD PUT UP 3965.005.
9           AND PERHAPS YOU CAN EXPLAIN TO US WHAT
10  YOU INCLUDE IN TOTAL COSTS?
11  A   THE COSTS THAT I BELIEVE ARE APPROPRIATE ARE
12  THE COST OF GOODS SOLD, WHICH ARE THE COSTS TO
13  ACTUALLY MANUFACTURE THE INFRINGING OR ALLEGEDLY
14  INFRINGING SMARTPHONES AND TABLETS BUT ALSO THE
15  OPERATING EXPENSES THAT ARE NECESSARY TO SELL THOSE
16  PHONES.
17          YOU CAN'T SELL A PHONE JUST BECAUSE
18  YOU'VE MADE IT.  YOU HAVE TO MARKET IT, YOU'VE GOT
19  TO SELL IT, YOU HAVE TO HAVE DEVELOPED IT
20  ORIGINALLY TO ACTUALLY MAKE IT INTO A PRODUCT, AND
21  THEN YOU HAVE TO HAVE AN UMBRELLA ORGANIZATION THAT
22  ORGANIZES ALL OF THOSE ACTIVITIES.
23  Q   SO PERHAPS YOU CAN EXPLAIN THEN THE OPERATING
24  EXPENSES THAT YOU HAVE HERE, SALES EXPENSES,
25  MARKING, ET CETERA, SO THE JURY CAN HAVE AN

1    UNDERSTANDING AS TO WHAT THE NATURE IS OF THOSE
2    EXPENSES?
3    A    STARTING WITH THE FIRST ONE, SALES EXPENSE, AS
4    YOU JUST HEARD, THERE ARE 40 CARRIERS WHO ARE
5    CUSTOMERS FOR THOSE PRODUCTS IN THE UNITED STATES.
6         SAMSUNG HAS TO SEND PEOPLE OUT TO THOSE
7    CARRIERS.  THERE ARE ALL KINDS OF COMPETITORS FOR
8    THE LIMITED SALE SPACE IN THE CARRIER STORES.
9         SO SAMSUNG HAS TO ACTIVELY GET IN THERE
10   AND TELL THESE CARRIERS WHY THEY SHOULD BE CARRYING
11   THEIR PHONES VERSUS APPLE PHONE OR HTC PHONE OR LG
12   PHONE.  SO THOSE ARE SELLING EXPENSES.
13   Q    IS IT YOUR UNDERSTANDING THAT IT IS CUSTOMARY
14   THAT SAMSUNG WOULD HAVE AN EMPLOYEE THAT'S DEVOTED
15   TO ONE PHONE, LIKE THE DROID CHARGE?
16   A    NO.  NORMALLY THEY'RE SELLING A WHOLE PRODUCT
17   LINE FOR THE COMPANY.
18   Q    AND SO HOW ARE EXPENSES THEN ALLOCATED FOR A
19   SALESMAN LIKE THAT?
20   A    WELL, IF YOU WANT TO ALLOCATE TO A PARTICULAR
21   PRODUCT, YOU'D HAVE TO ALLOCATE THAT TIME BECAUSE
22   THAT SALESPERSON DOESN'T ONLY JUST SELL, SAY, AN
23   EPIC 4G.  THEY MAY BE SELLING MANY OF THE OTHER
24   MODELS THAT ARE NOT ACCUSED IN THIS CASE AND YOU
25   HAVE TO ALLOCATE IT BASED ON EITHER TIME OR SOME

```
 1      REASONABLE BASIS LIKE REVENUES.
 2      Q    AND IF YOU COULD EXPLAIN THE MARKETING AND THE
 3      R&D EXPENSES IN GENERAL, AND ADMINISTRATIVE?
 4      A    MARKETING AND GENERAL, YOU AGAIN HAVE TO GET
 5      CUSTOMERS AWARE THAT YOU HAVE A PRODUCT.  IT'S
 6      MAINLY TV ADVERTISING, BILLBOARDS, MAGAZINE ADS,
 7      THAT TYPE OF INFORMATION.
 8             AND I'VE BEEN WATCHING THE OLYMPICS, OR I
 9      DID, AND EVERY CITE I WOULD SEE THREE DIFFERENT
10      SAMSUNG ADS BEING RUN PROMOTING THEIR GALAXY
11      PHONES.  THAT COST MONEY, A LOT OF MONEY.  THAT
12      COST IS NECESSARY TO BE SUCCESSFUL IN THE
13      MARKETPLACE.
14             AND R&D, YOU HAVE TO DEVELOP THIS VERY
15      COMPLICATED TECHNOLOGY PRODUCT.  THESE ARE THE MOST
16      COMPLICATED CONSUMER PRODUCTS IN THE MARKETPLACE.
17      THERE'S ALL KINDS OF EFFORTS TO DEVELOP THE RIGHT
18      CHIPS, THE RIGHT INTEGRATED CIRCUITS, DETERMINE
19      WHAT FEATURES GO INTO IT, ALL OF THOSE THINGS TAKE
20      A LOT OF TIME AND EXPENSE TO DO AND THOSE COSTS ARE
21      NECESSARY OR YOU'D NEVER SELL A PHONE.
22             AND, FINALLY, GENERAL ADMINISTRATIVE IS
23      YOU, AGAIN, YOU NEED AN ORGANIZATION THAT CAN
24      MANAGE ALL OF THESE ACTIVITIES IN ORDER TO SELL A
25      PHONE.
```

1  Q    LET ME ASK YOU, DID MR. MUSIKA, IN HIS
2  CALCULATIONS, DEDUCT THESE EXPENSES, SALES,
3  MARKETING, R&D?
4  A    NOT ONE PENNY.
5  Q    SO NOT A PENNY OF ADVERTISING?
6  A    NO.
7  Q    NOT A PENNY OF RESEARCH AND DEVELOPMENT?
8  A    NO.
9  Q    LET ME ASK YOU, YOU'VE SEEN APPLE'S 10-K'S,
10 THEIR FINANCIALS?
11 A    I HAVE.
12 Q    AND DO THEY DEDUCT THESE EXPENSES ON THEIR
13 FINANCIALS?
14 A    THEY CERTAINLY DO.
15 Q    IF WE COULD LOOK AT EXHIBIT 754.502.  754 IS A
16 NUMBER OF, A NUMBER OF FORM 10-K'S, AND I'M GOING
17 TO CALL YOUR ATTENTION TO ACTUALLY 754.501, OR 502.
18 A    THERE'S A REASON I COULDN'T FIND IT.  IT WAS
19 ON THE FLOOR.
20      I'VE GOT IT.
21 Q    DO YOU SEE THIS IS APPLE'S 10-K FOR THE PERIOD
22 ENDING SEPTEMBER 24, 2011?
23 A    CORRECT.
24      MR. PRICE:  AND, YOUR HONOR, I'LL MOVE
25 PAGE 2 INTO EVIDENCE.

1        THE COURT: OKAY. NO OBJECTION; RIGHT?
2    IT'S ADMITTED.
3            (WHEREUPON, DEFENDANT'S EXHIBIT NUMBER
4            754.502, PAGE 2, HAVING BEEN PREVIOUSLY
5            MARKED FOR IDENTIFICATION, WAS ADMITTED
6            INTO EVIDENCE.)
7    BY MR. PRICE:
8    Q    IF WE CAN LOOK AT 754.545, IS THIS APPLE'S
9    CONSOLIDATED STATEMENTS OF OPERATIONS?
10   A    IT IS.
11   Q    AND IF WE CAN BLOW THAT UP.
12            COULD YOU EXPLAIN TO THE JURY WHAT YOU'RE
13   TALKING ABOUT IN DEDUCTING THE OPERATING EXPENSES
14   FROM INCOME TO GET TOTAL PROFIT?
15   A    WELL, IT STARTS AT NET SALES, WHICH ARE THE
16   REVENUES, AND THEN IT SUBTRACTS COST OF GOODS SOLD
17   TO GET GROSS MARGIN, AND THAT IS WHAT IS GROSS
18   MARGIN, WHICH MR. MUSIKA CALLED TOTAL PROFIT, WHICH
19   IS NOT TOTAL PROFIT.
20            THEN YOU HAVE THE LINES THE OPERATING
21   EXPENSES WHICH THEY HAVE COLLAPSED INTO TWO GENERAL
22   CATEGORIES, RESEARCH AND DEVELOPMENT, AND THEN
23   SELLING, GENERAL AND ADMINISTRATIVE, AND YOU
24   SUBTRACT THOSE COSTS AND YOU GET TOTAL OPERATING
25   EXPENSES AND TOTAL OPERATING INCOME.

1       AND THAT IS WHERE YOU GET THE TOTAL
2    PROFITS FROM THEIR OPERATIONS.
3    Q    AND IF YOU GO BELOW THAT, IT HAS COME FROM
4    PROVISIONS OR INCOME TAXES.  IS APPLE TAXED ON THE,
5    THE GROSS MARGIN?
6    A    NO.  THEY'RE TAXED ON THEIR PROFIT BEFORE
7    TAXES WHICH SUBTRACTS ALL APPROPRIATE EXPENSES.
8    Q    AND THIS HAS ADDITIONAL SUBTRACTION, OTHER
9    INCOME AND EXPENSE, WHAT IS THAT RELATED TO?
10   A    THAT NORMALLY IS INTEREST INCOME OR INTEREST
11   EXPENSE IF THEY BORROWED MONEY IN ORDER TO DO THEIR
12   BUSINESS.
13   Q    AND YOU ALSO LOOKED AT SAMSUNG'S AUDITED
14   CONSOLIDATED FINANCIALS?
15   A    I HAVE.  THEY DO EXACTLY THE SAME THING.
16            THE COURT:  CAN I AND HAVE A QUICK
17   CLARIFICATION.  YOU MOVED PAGE 2 INTO EVIDENCE.  DO
18   YOU WANT THIS PAGE?
19            MR. PRICE:  YES, YOUR HONOR.
20            THE COURT:  PAGE 2 IS A SUMMARY.
21            MR. JACOBS:  YOUR HONOR, WE SHOULD HAVE
22   THE WHOLE THING IN.
23            THE COURT:  YOU'LL HAVE TO MOVE IT IN
24   YOUR CASE.  LET ME HEAR WHAT MR. PRICE WANTS.
25            MR. PRICE:  YES, PAGE 545.

```
 1              THE COURT:  OKAY.  THAT'S THE ONLY PAGE,
 2   RIGHT.
 3              MR. PRICE:  AND IF WE CAN FIGURE OUT THE
 4   BATES RANGE OF THE WHOLE DOCUMENT, I HAVE NO
 5   OBJECTION.
 6   BY MR. PRICE:
 7   Q    NOW, IF YOU'D LOOK AT EXHIBIT 676, WHICH WAS
 8   JUST ADMITTED INTO EVIDENCE, THAT'S THAT
 9   SPREADSHEET, DID YOU LOOK AT -- DID YOU LOOK AT A
10   SPREADSHEET -- THAT WAS JUST TESTIMONY ABOUT
11   SAMSUNG SPREADSHEET THAT HAD THE, THE INCOME,
12   COSTS, ET CETERA, OF THE PRODUCTS THAT ARE AT ISSUE
13   HERE.
14   A    I DID.
15   Q    AND DID YOU -- FIRST OF ALL, LET ME ASK YOU,
16   IS -- YOU'VE READ MR. MUSIKA'S REPORT?
17   A    I HAVE.
18   Q    WAS THIS THE SAME SPREADSHEET THAT HE WAS
19   USING?
20   A    HE USED A SIMILAR ONE, BUT THE NUMBERS THAT HE
21   SELECTED HAVE THE SAME NUMBERS THAT THIS ONE HAS.
22   Q    YOU SAID THEY HAVE THE SAME NUMBERS.  IS IT
23   THE SPREADSHEET THAT YOU GET THE NUMBER FOR INCOME
24   ON THESE PRODUCTS?
25   A    FOR REVENUE AND COSTS OF GOODS SOLD.
```

```
 1
 2
 3                    CERTIFICATE OF REPORTERS
 4
 5
 6
 7          WE, THE UNDERSIGNED OFFICIAL COURT
 8   REPORTERS OF THE UNITED STATES DISTRICT COURT FOR
 9   THE NORTHERN DISTRICT OF CALIFORNIA, 280 SOUTH
10   FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY
11   CERTIFY:
12          THAT THE FOREGOING TRANSCRIPT,
13   CERTIFICATE INCLUSIVE, CONSTITUTES A TRUE, FULL AND
14   CORRECT TRANSCRIPT OF OUR SHORTHAND NOTES TAKEN AS
15   SUCH OFFICIAL COURT REPORTERS OF THE PROCEEDINGS
16   HEREINBEFORE ENTITLED AND REDUCED BY COMPUTER-AIDED
17   TRANSCRIPTION TO THE BEST OF OUR ABILITY.
18
19                         /S/
                           _____
20                         LEE-ANNE SHORTRIDGE, CSR, CRR
                           CERTIFICATE NUMBER 9595
21
22                         /S/
                           _____
23                         IRENE RODRIGUEZ, CSR, CRR
                           CERTIFICATE NUMBER 8074
24
25                         DATED:  AUGUST 16, 2012
```