Estrich Declaration

Exhibit 11

1                  UNITED STATES DISTRICT COURT

2                 NORTHERN DISTRICT OF CALIFORNIA

3                      SAN JOSE DIVISION

4

5

    APPLE INC., A CALIFORNIA    )  C-11-01846 LHK
6   CORPORATION,                )
                                )  SAN JOSE, CALIFORNIA
7              PLAINTIFF,        )
                                )  AUGUST 20, 2012
8         VS.                    )
                                )  VOLUME 12
9   SAMSUNG ELECTRONICS CO.,    )
    LTD., A KOREAN BUSINESS      )  PAGES 3712-3940
10  ENTITY; SAMSUNG             )
    ELECTRONICS AMERICA,         )
11  INC., A NEW YORK            )
    CORPORATION; SAMSUNG         )
12  TELECOMMUNICATIONS           )
    AMERICA, LLC, A DELAWARE     )
13  LIMITED LIABILITY            )
    COMPANY,                     )
14                               )
                   DEFENDANTS.   )
15  _____

16             TRANSCRIPT OF PROCEEDINGS
            BEFORE THE HONORABLE LUCY H. KOH
17            UNITED STATES DISTRICT JUDGE

18

19

20            APPEARANCES ON NEXT PAGE

21

22

23  OFFICIAL COURT REPORTER: LEE-ANNE SHORTRIDGE, CSR, CRR
                             CERTIFICATE NUMBER 9595
24                           IRENE RODRIGUEZ, CSR, CRR
                             CERTIFICATE NUMBER 8074
25

```
 1    A P P E A R A N C E S:

 2    FOR PLAINTIFF          MORRISON & FOERSTER
      APPLE:                     BY:  HAROLD J. MCELHINNY
 3                                    MICHAEL A. JACOBS
                                      RACHEL KREVANS
 4                               425 MARKET STREET
                               SAN FRANCISCO, CALIFORNIA  94105
 5

 6    FOR COUNTERCLAIMANT WILMER, CUTLER, PICKERING,
      APPLE:                 HALE AND DORR
 7                               BY:  WILLIAM F. LEE
                               60 STATE STREET
 8                             BOSTON, MASSACHUSETTS  02109

 9                               BY:  MARK D. SELWYN
                               950 PAGE MILL ROAD
10                             PALO ALTO, CALIFORNIA  94304

11    FOR THE DEFENDANT:   QUINN, EMANUEL, URQUHART,
                             OLIVER & HEDGES
12                             BY:  CHARLES K. VERHOEVEN
                               50 CALIFORNIA STREET, 22ND FLOOR
13                             SAN FRANCISCO, CALIFORNIA  94111

14                               BY:  VICTORIA F. MAROULIS
                                      KEVIN P.B. JOHNSON
15                             555 TWIN DOLPHIN DRIVE
                               SUITE 560
16                             REDWOOD SHORES, CALIFORNIA  94065

17                               BY:  MICHAEL T. ZELLER
                                      WILLIAM C. PRICE
18                                    SUSAN ESTRICH
                               865 SOUTH FIGUEROA STREET
19                             10TH FLOOR
                               LOS ANGELES, CALIFORNIA  90017
20

21

22

23

24

25
```

1    ADDITION," THAT SEEMS OKAY.

2              WITH REGARD TO TRADE DRESS DILUTION,

3    WHICH WAS NUMBER 55, I'M GOING TO DENY SAMSUNG'S

4    FIRST ARGUMENT.  I DON'T BELIEVE THE LANGUAGE THE

5    CLAIM IS MISSING IS ACTUALLY MISSING.  IT'S IN THE

6    PRECEDING SENTENCE, AND I DON'T THINK THERE'S

7    ANYTHING MISLEADING ABOUT THE JURY INSTRUCTION

8    ITSELF.

9              NOW, YOU DO ASK THAT AT THE END OF THE

10   INSTRUCTION, THE COURT JUST ADD A SENTENCE SAYING

11   "THESE FACTORS SHOULD BE WEIGHED BY YOU GIVEN THE

12   FACTS AND CIRCUMSTANCES OF THE CASE," I THINK

13   THAT'S REASONABLE.  THAT WOULD BE OKAY WITH ME.

14             WITH REGARD TO TRADE DRESS NOTICE AND

15   DAMAGES, I WOULD GRANT THAT.  YOU WANT THE CLEAN --

16   COMPLETE INSTRUCTION WITH PART OF THE NINTH CIRCUIT

17   MODEL INSTRUCTION CLARIFYING WHAT STATUTORY NOTICE

18   IS, I'M WONDERING IF APPLE MIGHT BE WILLING TO

19   STIPULATE TO THAT SINCE IT'S MODEL JURY INSTRUCTION

20   LANGUAGE AND IT DOESN'T SEEM PARTICULARLY

21   CONTROVERSIAL.

22             SO HEARING THAT, HOW MUCH TIME DO YOU

23   WANT TO SPEND ON THE HIGH PRIORITY OBJECTIONS AND

24   HOW MUCH TIME DO YOU WANT TO JUST MAKE YOUR RECORD?

25             MR. ZELLER:  JUST ONE MOMENT, YOUR HONOR?

```
1              THE COURT:  OKAY.

2              (DISCUSSION OFF THE RECORD BETWEEN

3    DEFENSE COUNSEL.)

4              MR. JOHNSON:  YOUR HONOR, I THINK WE'RE

5    GOING TO TALK ABOUT THREE OR FOUR POTENTIALLY.

6              THE COURT:  OKAY.  ALL RIGHT.  CAN YOU

7    TELL ME --

8              MS. MAROULIS:  YOUR HONOR, WITH RESPECT

9    TO EXHAUSTION, WITHOUT GIVING UP OUR OBJECTIONS,

10   CAN WE PLEASE INCLUDE, IN THE COURT'S CURRENT

11   INSTRUCTION, THE STATEMENT "WHERE THE SPECIAL

12   ACTIVITIES INCLUDE, FOR EXAMPLE, WHERE A PRODUCT IS

13   DELIVERED."

14             IN OTHER WORDS, WE'RE OBJECTING TO THE

15   INSTRUCTION, BUT IF THE COURT IS INTENDING TO KEEP

16   WHAT IT HAS, IF WE CAN INCLUDE DELIVERY AS ONE OF

17   THE ESSENTIAL ACTIVITIES.

18             THE COURT:  OKAY.  LET ME HEAR FROM -- IS

19   THERE ANY OBJECTION FROM APPLE ON THAT ONE?

20             MR. SELWYN:  YOUR HONOR, THERE IS AN

21   OBJECTION TO THAT.  THERE'S NO REASON TO SINGLE OUT

22   THAT SPECIFIC EXAMPLE OF AN ACTIVITY IN THIS LIST.

23             IF YOU WERE TO GO DOWN THAT PATH, THERE

24   ARE OTHER THINGS THAT WE WOULD WANT TO IDENTIFY AS

25   EXAMPLES THAT THE JURY CAN CONSIDER.
```

1          THE COURT:  WELL, THERE ALREADY -- THIS

2     WAS LARGELY FROM YOUR -- FROM APPLE'S INSTRUCTION

3     OF NEGOTIATING A CONTRACT AND PERFORMING

4     OBLIGATIONS UNDER THE CONTRACT, AND I THINK

5     PERFORMING UNDER THE OBLIGATIONS OF THE CONTRACT

6     WOULD INCLUDE DELIVERY.

7          MR. SELWYN:  WE AGREE.

8          MS. MAROULIS:  THAT'S FINE, YOUR HONOR.

9          THE COURT:  SO PERFORMING OBLIGATIONS

10    UNDER THE CONTRACT?

11         MS. MAROULIS:  INCLUDING WHERE DELIVERY

12    TAKES PLACE.

13         MR. SELWYN:  THAT'S WHERE WE HAVE THE

14    DISAGREEMENT.  THERE'S NO POINT IN SINGLING OUT ONE

15    EXAMPLE AMONG MANY THAT CAN BE INCLUDED UNDER THE

16    RUBRIC OF PERFORMING UNDER THE CONTRACT.

17         THE COURT:  ALL RIGHT.  AND I BELIEVE

18    THAT THERE IS SOME CASE LAW IN SUPPORT OF THIS

19    EXACT LANGUAGE, RIGHT?

20         MR. SELWYN:  THERE IS.

21         MS. MAROULIS:  YES, YOUR HONOR.

22         THE COURT:  ALL RIGHT.  SO THAT'S DENIED.

23         NEXT, GO AHEAD, PLEASE.

24         YOU CAN CERTAINLY ARGUE THAT.  I MEAN, IT

25    DOES FALL WITHIN PERFORMING THE OBLIGATIONS UNDER

1    THE CONTRACT.

2            OKAY.  WHAT ELSE?

3            MR. ZELLER:  JUST A FEW POINTS, YOUR

4    HONOR.

5            THE COURT:  OKAY.

6            MR. ZELLER:  FIRST WITH RESPECT TO THE

7    INSTRUCTION ON FUNCTIONALITY FOR A DESIGN PATENT.

8            THE COURT:  39?

9            MR. ZELLER:  YES.

10           THE COURT:  OKAY.

11           MR. ZELLER:  BUT IT'S ACTUALLY A

12   VARIATION ON SOMETHING THAT WE HAD RAISED.

13           THE COURT WILL RECALL THAT UNDER

14   RICHARDSON, AS WELL AS SOME OTHER FEDERAL CIRCUIT

15   AUTHORITY, THE INFRINGEMENT COMPARISON THAT HAS TO

16   BE DONE BY THE JURY NEEDS TO FACTOR OUT ELEMENTS

17   THAT THEY FIND TO BE FUNCTIONAL, AND SO PROCEEDING

18   FROM THE PREMISE THAT THEY'RE NOT GOING TO BE

19   INSTRUCTED AS TO WHAT IS FUNCTIONAL AND WHAT ISN'T,

20   BUT OF COURSE THAT WILL BE LEFT UP TO THEM TO

21   DETERMINE, WE BELIEVE THEY NEED TO BE INSTRUCTED

22   THAT ANYTHING THAT THEY FIND TO BE FUNCTIONAL UNDER

23   THE COURT'S DEFINITION SHOULD NOT BE CONSIDERED FOR

24   PURPOSES OF THE INFRINGEMENT COMPARISON.

25           AND WE DON'T THINK -- AND WE LOOKED FOR

```
1    EQUIVALENT LANGUAGE ALONG THOSE LINES AND COULD NOT

2    FIND ANY IN THE INSTRUCTIONS, YOUR HONOR.

3              THE COURT:  SO WHAT -- I'M SORRY.  TELL

4    ME EXACTLY WHAT WOULD YOU LIKE ADDED TO INSTRUCTION

5    NUMBER 39?

6              MR. ZELLER:  THAT FOR ANY ELEMENTS OR

7    FEATURES THAT THE JURY DETERMINES ARE FUNCTIONAL,

8    THAT THE JURY SHOULD FACTOR OUT SIMILARITIES

9    BETWEEN THE ACCUSED PRODUCTS AND THE ASSERTED

10   DESIGN PATENTS FOR PURPOSES OF DETERMINING WHETHER

11   OR NOT THE SIMILARITIES ARE DECEPTIVE.

12             THE COURT:  OKAY.

13             MR. ZELLER:  IN OTHER WORDS, THE

14   APPLICATION OF THE INFRINGEMENT STANDARD.

15             THE COURT:  SORRY, BUT CAN YOU GIVE ME

16   THAT AGAIN?  FOR ANY ELEMENTS OR FEATURES THE JURY

17   DETERMINES ARE FUNCTIONAL, THE JURY SHOULD FACTOR

18   OUT ANY SIMILARITIES -- CAN YOU GO AHEAD?

19             MR. ZELLER:  BASED ON -- OR ANY

20   SIMILARITIES BETWEEN THE ACCUSED DEVICE AND THE

21   DESIGN PATENT BASED UPON THOSE ELEMENTS OR

22   FEATURES.

23             THE COURT:  PATENT BASED UPON THOSE

24   ELEMENTS OR FEATURES.

25             OKAY.  LET ME HEAR FROM APPLE.  WHAT'S
```

```
1    YOUR VIEW ON THAT PARTICULAR LANGUAGE?

2              MR. JACOBS:  WELL, I THINK, FIRST OF ALL,

3    WE'RE IN THE WRONG INSTRUCTION, YOUR HONOR.

4              I BELIEVE THAT 39 IS ON INVALIDITY, LACK

5    OF ORNAMENTALITY.

6              THE COURT:  WELL, THE LACK OF

7    ORNAMENTALITY, IT DOES INCLUDE A LOT OF

8    FUNCTIONAL -- UNFORTUNATELY, THAT IS WHERE WE PUT A

9    LOT OF FUNCTIONAL DISCUSSION.

10             MR. JACOBS:  SO I THINK THAT THE OTHER --

11   THE FUNDAMENTAL PROBLEM WITH IT IS THAT THE

12   PRINCIPLE THAT SAMSUNG WOULD LIKE TO RELY ON COMES

13   OUT OF A LINE OF CASES THAT JUST DOES NOT APPLY TO

14   OUR SITUATION HERE.

15             IT'S VERY CLEAR UNDER EGYPTIAN GODDESS

16   THAT YOU LOOK AT THE DESIGN AS A WHOLE AND YOU HAVE

17   AN ORDINARY OBSERVER TEST LOOKING AT THE DESIGN AS

18   A WHOLE AND YOU DON'T TRY TO ELIMINATE --

19             THE COURT:  OKAY.  I UNDERSTAND WHERE

20   YOU'RE GOING.  ALL RIGHT.  LET ME JUST TAKE THAT

21   UNDER SUBMISSION.  OKAY?

22             MR. JACOBS:  THANK YOU, YOUR HONOR.

23             THE COURT:  ALL RIGHT.  GO AHEAD.  WHAT

24   ELSE?

25             MR. ZELLER:  A SECOND ISSUE, YOUR HONOR,
```

2772

```
 1     IS WE WOULD ASK FOR CLARIFICATION OF THE

 2     OBVIOUSNESS INSTRUCTION.

 3               THE COURT:  ALL RIGHT.  LET ME ASK YOU

 4     ONE MORE QUESTION ON 39.

 5               MR. ZELLER:  SURE.

 6               THE COURT:  DID YOU STILL WANT THE PGH

 7     TECHNOLOGIES FACTORS IN THERE?  OR NOT?

 8               MR. ZELLER:  YES.

 9               THE COURT:  OBVIOUSLY YOU'D RATHER HAVE

10     YOUR SUGGESTED LANGUAGE.

11               MR. ZELLER:  YES, YOUR HONOR.

12               THE COURT:  BUT LET ME HEAR --

13               MR. ZELLER:  THE ANSWER TO THE QUESTIONS

14     ARE YES TO BOTH.

15               THE COURT:  OKAY.

16               MR. ZELLER:  WITH RESPECT TO INSTRUCTION

17     NUMBER 38 ON OBVIOUSNESS --

18               THE COURT:  OKAY.

19               MR. ZELLER:  -- WE WOULD ASK THAT IT BE

20     CLARIFIED THAT OBVIOUSNESS CAN BE DETERMINED OR

21     FOUND BASED NOT JUST SIMPLY ON A COMBINATION OF

22     REFERENCES, BUT ON A SINGLE REFERENCE.

23               AND A COUPLE OF POINTS I WOULD ELABORATE

24     ON, YOUR HONOR.

25               THE COURT:  HOW IS THAT DIFFERENT THAN
```

2849

```
 1    APPLICATION, WOULD REALLY MAKE IT DIFFICULT FOR THE

 2    JURY.

 3              THE COURT:  RIGHT.  I'M NOT GOING TO DO

 4    THAT.

 5              OKAY.  WHAT ELSE?

 6              MS. MAROULIS:  STILL ON '381, THERE IS A

 7    PRODUCT CALLED GEM.  IN THEIR INFRINGEMENT

 8    CONTENTIONS, APPLE DID NOT ACCUSE GEM, AND I'M

 9    GOING TO HAND TO THE COURT AND COUNSEL APPLE'S

10    INFRINGEMENT CONTENTIONS, EXHIBIT 20, WHERE YOU CAN

11    SEE --

12              MAY I APPROACH, YOUR HONOR?

13              THE COURT:  YES, PLEASE.

14              MS. MAROULIS:  -- GEM WAS LISTED AS N/A

15    WITH RESPECT TO '381.

16              MR. JACOBS:  YOUR HONOR RULED ON PHONES

17    SOME MONTHS AGO NOW AND SAMSUNG DID NOT MOVE ON THE

18    GEM.  SAMSUNG'S EXPERT WROTE A REPORT ON THE GEM

19    EXPLAINING WHY THE GEM DID NOT INFRINGE.

20              SAMSUNG THEN HAD A FURTHER DISCUSSION

21    WITH THE COURT ABOUT THE PHONES ISSUE AND DID NOT

22    RAISE THE GEM.

23              SO NOW WE ARE AT THE END OF TRIAL, THERE

24    WAS NO MOTION ON THE GEM, WE PUT ON OUR PROOF ON

25    THE GEM, IT'S TOO LATE NOW TO SAY IT WASN'T IN THE
```

```
1    INFRINGEMENT CONTENTIONS.

2              I WOULD NOTE THAT ONE OF THE PHONES WAS

3    RULED OUT BECAUSE WE FLIPPED THE ORDER OF THE TERMS

4    AND WE DIDN'T COME BACK TO THE COURT ON THAT AND

5    ASK FOR RECONSIDERATION.  IT WAS --

6              THE COURT:  WHICH PHONE WAS THAT?

7              MR. JACOBS:  SHOWCASE.  I THINK WE SAID

8    THE SHOWCASE, THE GALAXY S SHOWCASE, AND IT'S THE

9    SHOWCASE GALAXY S.  THE COURT SAID WE HADN'T PUT IN

10   OUR INFRINGEMENT CONTENTIONS.  WE MOVED ON.

11             NOW FOR SAMSUNG TO COME IN AT THE LAST

12   MINUTE AND SAY, "WE FORGOT TO MOVE ON THIS, BUT

13   IT'S OUT OF THE CASE," THAT'S QUITE UNFAIR.

14             MS. MAROULIS:  WE ACTUALLY MOVED FOR JMOL

15   AND I THINK WE PREVIOUSLY OBJECTED TO THAT, SO THIS

16   IS DEFINITELY NOT THE FIRST TIME THAT COUNSEL IS

17   HEARING ABOUT IT.

18             THE COURT:  WELL, I GUESS WHAT'S

19   CONFUSING TO ME IS IF THESE ARE THE INFRINGEMENT

20   CONTENTIONS, GEM IS ON HERE.

21             MS. MAROULIS:  NOT WITH RESPECT TO '381,

22   YOUR HONOR.  IT SAYS N/A.

23             THE COURT:  OH, I SEE WHAT YOU'RE SAYING.

24   I THINK IT'S UNTIMELY FOR THIS REQUEST.

25             OKAY.  GO AHEAD.  WHAT'S NEXT?
```

2851

```
 1          MS. MAROULIS:  YOUR HONOR, CAN WE SKIP A
 2   LITTLE BIT, THERE'S A PRETTY SIMPLE ISSUE, BEFORE
 3   WE GET TO DAMAGES, WHICH IS WAIVER, WHICH IS THE
 4   VERY LAST PORTION OF THE VERDICT FORM.
 5          WAIVER IS AN EQUITABLE ISSUE, AND YOUR
 6   HONOR DID NOT ISSUE JURY INSTRUCTIONS ON WAIVER
 7   BECAUSE IT IS AN EQUITABLE ISSUE AND SHOULD NOT GO
 8   BEFORE THE JURY.  SO WE RESPECTFULLY REQUEST THAT
 9   IT BE REMOVED FROM THE VERDICT FORM.
10          THE COURT:  LET ME ASK, AND I APOLOGIZE
11   IF THIS WAS A MISTAKE, BUT THE PRELIMINARY
12   INSTRUCTIONS, WE TALKED ABOUT THE SUMMARY OF
13   CONTENTIONS AND ACTUALLY INCLUDED ANTITRUST, PATENT
14   EXHAUSTION, WAIVER, AND BREACH OF CONTRACT.
15          SO IT WAS IN THAT PRELIMINARY --
16          MS. MAROULIS:  WE'VE ALWAYS MAINTAINED,
17   SAMSUNG HAS ALWAYS MAINTAINED THAT ESTOPPEL AND
18   WAIVER SHOULD NOT BE BEFORE THE JURY, BUT BECAUSE
19   WE WERE NEGOTIATING JURY INSTRUCTIONS.  WE PROPOSED
20   COMPETING LANGUAGE SO THAT IF THE COURT DECIDED IT
21   DOES GO, THERE'S SOMETHING FOR THE JURY TO LOOK AT.
22          BUT THE COURT IS NOT SENDING THIS ISSUE
23   TO THE JURY, SO IT WOULD NOT BE USEFUL TO HAVE THIS
24   IN THE JURY VERDICT FORM.
25          MR. SELWYN:  YOUR HONOR, IT WAS IN THE
```

2852

```
1     PRELIMINARY JURY INSTRUCTIONS, YOU'RE QUITE RIGHT.

2              IN THE BROADCOM CASE, WHICH IS BASED ON

3     SIMILAR STANDARD SETTING AS THIS ONE, THE COURT

4     ALSO SOUGHT AN ADVISORY VERDICT ON THE WAIVER

5     ISSUE.

6              WE BELIEVE, CONSISTENT WITH THE

7     PRELIMINARY INSTRUCTIONS, IT SHOULD GO TO THE JURY.

8              THE COURT:  YOU KNOW, I ACTUALLY DON'T

9     WANT ANY ADVISORY VERDICTS.

10             AND I RECOGNIZE I DID INCLUDE IT IN THE

11    PRELIMINARY.  I DON'T HAVE A WAIVER INSTRUCTION IN

12    THIS FINAL SET.

13             I THINK I'M GOING TO TAKE IT OUT.  OKAY?

14             MS. MAROULIS:  THANK YOU, YOUR HONOR.

15             THE COURT:  ALL RIGHT.  WHAT ELSE?

16             MS. MAROULIS:  RETURNING BACK TO THE

17    BEGINNING OF THE FORM, AGAIN, BECAUSE WE'RE LODGING

18    OUR OBJECTIONS, WE PROPOSE TO INCLUDE VERSION,

19    ANDROID VERSION ON DIFFERENT PHONES THAT ACTUALLY

20    ARE IN THE CASE.  WE SEE THAT IT'S NOT IN THERE AND

21    WE RESPECTFULLY REQUEST THAT IT BE INCLUDED.

22             THE COURT:  OKAY.  THAT'S DENIED.

23             WHAT'S NEXT?

24             MS. MAROULIS:  WE'RE MOVING ON TO THE

25    DAMAGES SECTION, AND WITH RESPECT TO DAMAGES, AS
```

2853

1    YOUR HONOR NOTED, IT'S A COMPLICATED ISSUE, AND ONE

2    THING THAT WE NEED TO ADD TO THE EXISTING DAMAGES

3    CHART -- AND I WAS TRYING TO SCRATCH IT OUT BUT

4    DIDN'T HAVE A CHANCE TO FULLY FIGURE OUT HOW TO DO

5    IT -- BUT THERE ARE THREE DIFFERENT THEORIES ON

6    WHICH APPLE IS SEEKING DAMAGES, AND SAMSUNG

7    INDICATED IN ITS PRETRIAL SUBMISSIONS AND ITS JMOLS

8    THAT THERE ARE INFIRMITIES WITH EACH OF THEM.

9         FOR IT TO BE PROPERLY REVIEWED, TO THE

10   EXTENT THERE'S A REVIEW OF THESE, WE NEED TO

11   IDENTIFY WHICH DAMAGES THEORIES APPLE IS SEEKING

12   DAMAGES ON AND WHAT THE JURORS WOULD AWARD, IF

13   ANYTHING.

14        SO ONE WAY TO DO IT WOULD BE TO ADD

15   COLUMNS TO THE EXISTING CHART, WHICH IS REASONABLE

16   ROYALTY PROFITS AND LOST PROFITS; OR POTENTIAL

17   ALTERNATIVE, WHAT WE SUGGEST IN OUR VERDICT FORM IS

18   TO ASK AN INTERROGATORY, WHICH IS "OF THE NUMBER

19   THAT YOU GAVE, WHAT IS THE BREAKDOWN BETWEEN THE

20   THREE DIFFERENT THEORIES?" TO HAVE THAT IN THE

21   RECORD AND TO UNDERSTAND WHAT THE JURY DID.

22        THE SECOND ISSUE WITH THIS IS THAT IT

23   DOESN'T TIE PRODUCTS TO THE PATENT.  THERE ARE SOME

24   PRODUCTS ON WHICH APPLE IS SEEKING MULTIPLE

25   THEORIES AND MULTIPLE PATENTS AND ACCUSING THEM OF

```
 1    DIFFERENT I.P.

 2              SO IDEALLY WE'D LIKE TO HAVE A CHART OR

 3    SOME FORM THAT ADDRESSES ALL OF THESE ISSUES SO THE

 4    RECORD IS CLEAR.

 5              AND WE IDENTIFIED ISSUES THAT WE HAVE

 6    WITH IT, BUT HAVE NOT YET PROPOSED A SOLUTION.

 7    THIS IS ONE PLACE WHERE POTENTIALLY IF WE CAN HAVE

 8    A FEW HOURS TO BRAINSTORM AND SUGGEST SOMETHING TO

 9    THE COURT, IT MIGHT BE USEFUL.

10              THE COURT:  I DON'T WANT A MATRIX THAT'S

11    SO COMPLICATED.  TO HAVE SEVEN PATENTS AND FOUR

12    TRADE DRESSES BROKEN DOWN BY THIS MANY NUMBER OF

13    PRODUCTS I THINK WOULD BE OVERCOMPLICATED.

14              MS. MAROULIS:  WE DO NEED TO INDICATE

15    BOTH WHICH ENTITY THE DAMAGES ARE BEING SOUGHT FROM

16    AND WHICH THEORY OF DAMAGES IS BEING RELIED ON,

17    BECAUSE THEY ALL HAVE DIFFERENT LEGAL FRAMEWORK,

18    AND TO THE EXTENT THAT THE JURY GETS IT WRONG OR

19    DOES NOT APPLY THE CORRECT THEORY OR WHERE WE

20    BELIEVE THE THEORY HAS NOT BEEN SUFFICIENTLY

21    PROVEN, WE NEED THAT RECORD.

22              THE COURT:  WELL, WOULDN'T THAT BE

23    REFLECTED IN THE EARLIER PAGES?  BECAUSE THE

24    EARLIER PAGES ARE REQUIRING REQUIREMENTS BY

25    PRODUCT, BY PATENT, BY DEFENDANT.
```

2855

1              SO I'M HOPING THAT THE FIRST 17 PAGES,

2      FROM THE FIRST 17 PAGES AND THE FINAL NUMBER, IF

3      THE JURY PICKS A NUMBER, THAT YOU CAN SORT OF WORK

4      BACKWARDS AND FIGURE OUT WHICH I.P. WAS ACTUALLY

5      FOUND VALID AND INFRINGED, WHICH PRODUCT, WHICH

6      ENTITY.

7              MR. JACOBS:  THIS IS A MATTER OF FINDING

8      A HAPPY MEDIUM, YOUR HONOR, AND OVER DETAIL GIVES

9      RISE TO CLAIMS OF ERROR, TOO, BECAUSE IF THE JURY

10     DOES THINGS AT A VERY GRANULAR LEVEL THAT PRESENT

11     INCONSISTENCIES, THEN IT JUMPS OUT.

12             AND WE THINK THIS IS TOO SPECIFIC.  WE

13     OBJECT TO THIS LEVEL OF SPECIFICITY IN QUESTION 25,

14     FOR EXAMPLE.

15             BUT TO GO ANY DEEPER WOULD REALLY PRESENT

16     VERY SERIOUS PROBLEMS.

17             MS. MAROULIS:  YOUR HONOR, TO ILLUSTRATE

18     AN ISSUE THAT WE MIGHT HAVE IF WE DON'T IDENTIFY

19     THE THEORIES, FOR EXAMPLE, PROFITS ARE NOT

20     APPROPRIATE FOR UTILITY PATENTS.  IF THE JURY IS TO

21     INCLUDE PROFITS IN THE UTILITY PATENT

22     DETERMINATION, THAT IS NOT PROPER.

23             THE COURT:  UM-HUM.

24             MR. JACOBS:  THE JURY WILL GIVE US

25     AMOUNTS, AND THAT'S ALL THAT WE SHOULD ASK THEM TO

2856

```
1    DO.
2              THE COURT:  AS YOU MIGHT IMAGINE, THIS
3    WAS THE PAGE THAT TOOK THE MOST TIME TO FIGURE OUT.
4              MS. MAROULIS:  YES.
5              THE COURT:  AND IT IS COMPLICATED.
6              BUT OVERALL, I THINK THAT THIS MAY BE THE
7    BEST WAY TO DO IT, ASSUMING THAT THE JURY IS GOING
8    TO FOLLOW THE JURY INSTRUCTIONS AND NOT DO ANYTHING
9    INAPPROPRIATE IN AWARDING IMPROPER DAMAGES FOR ANY
10   PARTICULAR CLAIM AND NOT GIVING DOUBLE RECOVERY.
11             MR. JACOBS:  YOUR HONOR --
12             MS. MAROULIS:  WOULD YOUR HONOR CONSIDER
13   INCLUDING FORMER QUESTION 23 FROM THE SAMSUNG FORM,
14   WHICH IS -- SAY, "IF YOU FIND ANY DAMAGES, CAN YOU
15   SEPARATE IT BY ENTITY?"  IT'S A YES OR NO QUESTION.
16             MR. JACOBS:  AND THE PROBLEM THERE IS
17   THAT MR. WAGNER, FROM THE ACCOUNTING PERSPECTIVE,
18   TESTIFIED THERE REALLY WAS NO BASIS TO DO THAT.
19             MS. MAROULIS:  YOUR HONOR, WE'RE NOT
20   GOING TO ARGUE ABOUT THE TESTIMONY HERE.
21   MR. WAGNER PROVIDED A ROADMAP FOR THE JURY.
22             BUT THE POINT IS THAT IF YOU CAN'T FIND
23   DAMAGES ATTRIBUTABLE JUST TO ONE SINGLE ENTITY, IF
24   YOU ASSUME THREE DIFFERENT DEFENDANTS, THAT
25   DEFENDANTS HAVE AN OPPORTUNITY TO KNOW WHAT DAMAGES
```

```
 1    ARE AWARDED AGAINST THEM.

 2              MR. JACOBS:  NO PREJUDICE HERE, YOUR

 3    HONOR.  IT'S A CONSOLIDATED ENTITY, CONSOLIDATED

 4    BALANCE SHEETS, CONSOLIDATED FINANCIALS, CONTROLLED

 5    BY SAMSUNG ELECTRONICS FOR BOTH ENTITIES, VERY

 6    CLOSE CONTROL.  THAT WAS TESTIFIED TO.

 7              THE COURT:  WELL, I'M ALSO HOPING THAT

 8    PAGES 1 THROUGH 17 WILL ALSO HELP IN INFORMING AS

 9    WELL, BECAUSE IT COULD BE THAT THE JURY FINDS ONE

10    OR MORE OF THESE ENTITIES NOT LIABLE AT ALL BASED

11    ON THE EVIDENCE, WHICH WAS REALLY GEARED MORE

12    TOWARDS SEC ANYWAY.

13              LET ME ASK YOU, WITH REGARD TO HOW I

14    SHOULD HANDLE THE TRADE DRESS CLAIMS AGAINST THE

15    TABLETS, I GUESS I SHOULD THEN JUST DIVIDE UP --

16              MS. MAROULIS:  YES, YOUR HONOR, THAT WAS

17    ONE OF THE ISSUES THAT WE NOTED IN QUESTION 19.

18              THERE WAS A TAB TRADE DRESS THAT REALLY

19    PROBABLY SHOULDN'T BE THERE BECAUSE YOU'RE ALREADY

20    ASKING QUESTION 18 OF THE TAB TRADE DRESS.

21              MR. JACOBS:  AND THEN WHAT YOUR HONOR

22    COULD --

23              THE COURT:  ALTHOUGH 18 IS DILUTION AND

24    21 AND 22 ARE INFRINGEMENT.  THAT'S WHY IT'S BROKEN

25    OUT DIFFERENTLY.
```

2858

```
 1              MS. MAROULIS:  19 IS FOR DILUTION.
 2              MR. JACOBS:  BUT I DO THINK IF WE DO AN
 3    18 STYLE BREAKOUT --
 4              THE COURT:  NO, 19 IS INDUCEMENT.  SO THE
 5    WAY IT'S WORKED OUT IS ON PAGE 10, 12 AND 13 ARE
 6    GOING TO, IS THIS PROTECTABLE?  AND THEN 14 SAYS IS
 7    THIS FAMOUS?
 8              AND THEN 15 SAYS, "IF YOU FIND IT
 9    PROTECTABLE AND FAMOUS, THEN HAS THERE BEEN
10    DILUTION OF THE REGISTERED PHONE DRESS?"
11              AND THEN THE NEXT QUESTION IS, "HAS THERE
12    BEEN DILUTION OF THE UNREGISTERED IPHONE 3 DRESS?"
13              AND THEN THE NEXT QUESTION IS, "HAS THERE
14    BEEN DILUTION OF THE UNREGISTERED COMBINATION PHONE
15    DRESS?"  AND THEN IT GOES TO THE PATENT.
16              AND THEN AFTER THAT, WE GO TO INDUCEMENT
17    AND WILLFULNESS AND THEN TRADE DRESS AND
18    INFRINGEMENT.  SO THAT'S HOW IT'S ORGANIZED.
19              MR. JACOBS:  UNDERSTOOD.
20              THE COURT:  I'LL FIGURE OUT SOME WAY TO
21    SPLIT UP THESE TABS.
22              MR. JACOBS:  I THINK IF YOU SPLIT OUT THE
23    TABS, YOU CAN MAKE THE REST OF THE CHART TWO
24    COLUMNS AND HAVE TWO COLUMNS FOR THE TABS, OR THREE
25    COLUMNS WITH A SHADED BOX FOR THE TABS.
```

1          A COUPLE OF THINGS ON OUR END, YOUR

2     HONOR.

3          MS. MAROULIS:  I'M NOT DONE.

4          WITH RESPECT TO TRADE DRESS, THERE WERE A

5     COUPLE OF PREDICATE QUESTIONS WE INCLUDED IN THE

6     VERDICT FORM AS TO DAMAGES.  WE BELIEVE THEY'RE

7     APPROPRIATE.

8          FOR EXAMPLE, YOU HAVE TO SHOW ACTUAL HARM

9     FOR THE SPECIFIC TRADE DRESS DAMAGES, AND THAT WAS

10    FORMER QUESTION 17 ON OUR FORM.

11         AND SIMILARITY, YOU NEED TO SHOW ACTUAL

12    CONFUSION WITH INTENT TO DECEIVE.  AGAIN, THIS IS A

13    PREDICATE FOR DILUTION DAMAGES.

14         SO WE RESPECTFULLY REQUEST THAT THEY BE

15    PUT BACK IF POSSIBLE, RECOGNIZING THAT THE FORM

16    IS -- HAS TO HAVE SOME LIMITATIONS, BUT BECAUSE

17    THOSE ARE PREDICATE FOR DAMAGES, WE THINK IT'S

18    NECESSARY FOR TRADE DRESS.

19         THE COURT:  I'M GOING TO ASSUME A JURY IS

20    GOING TO FOLLOW JURY INSTRUCTIONS AND MAKE THE

21    REQUIRED FINDINGS BEFORE THEY MAKE ANY LIABILITY

22    DETERMINATION IN AWARDING DAMAGES.  OKAY?

23         MS. MAROULIS:  AND FINALLY, YOUR HONOR,

24    WITH RESPECT TO TRADE DRESS INDUCEMENT, SAMSUNG

25    BELIEVES THAT THERE'S NO SUCH THEORY UNDER NINTH

1

2

3

4                        CERTIFICATE OF REPORTER

5

6

7

8            I, THE UNDERSIGNED OFFICIAL COURT

9     REPORTER OF THE UNITED STATES DISTRICT COURT FOR

10    THE NORTHERN DISTRICT OF CALIFORNIA, 280 SOUTH

11    FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY

12    CERTIFY:

13              THAT THE FOREGOING TRANSCRIPT,

14    CERTIFICATE INCLUSIVE, CONSTITUTES A TRUE, FULL AND

15    CORRECT TRANSCRIPT OF MY SHORTHAND NOTES TAKEN AS

16    SUCH OFFICIAL COURT REPORTER OF THE PROCEEDINGS

17    HEREINBEFORE ENTITLED AND REDUCED BY COMPUTER-AIDED

18    TRANSCRIPTION TO THE BEST OF MY ABILITY.

19

20

21                        /S/
                          _____
22                        LEE-ANNE SHORTRIDGE, CSR, CRR
                          CERTIFICATE NUMBER 9595
23

24                        DATED:  AUGUST 20, 2012

25