Apple v. Samsung
Confidential – Attorneys' Eyes Only

1  HAROLD J. MCELHINNY (CA SBN 66781)  WILLIAM F. LEE
   hmcelhinny@mofo.com  william.lee@wilmerhale.com
2  MICHAEL A. JACOBS (CA SBN 111664)  WILMER CUTLER PICKERING
   mjacobs@mofo.com  HALE AND DORR LLP
3  RACHEL KREVANS (CA SBN 116421)  60 State Street
   rkrevans@mofo.com  Boston, MA 02109
4  JENNIFER LEE TAYLOR (CA SBN 161368)  Telephone: (617) 526-6000
   jtaylor@mofo.com  Facsimile: (617) 526-5000
5  MORRISON & FOERSTER LLP
   425 Market Street
6  San Francisco, California 94105-2482  MARK D. SELWYN (SBN 244180)
   Telephone: (415) 268-7000  mark.selwyn@wilmerhale.com
7  Facsimile: (415) 268-7522  WILMER CUTLER PICKERING
   HALE AND DORR LLP
8  950 Page Mill Road
   Attorneys for Plaintiff and  Palo Alto, California 94304
9  Counterclaim-Defendant APPLE INC.  Telephone: (650) 858-6000
   Facsimile: (650) 858-6100
10

11

12
                    UNITED STATES DISTRICT COURT
13
                   NORTHERN DISTRICT OF CALIFORNIA
14
                          SAN JOSE DIVISION
15

16

17  APPLE INC., a California corporation,  Case No.   11-cv-01846-LHK

18                 Plaintiff,  **DECLARATION OF KARAN SINGH, PH.D., IN SUPPORT OF APPLE'S REPLY IN SUPPORT OF ITS MOTION FOR A PERMANENT INJUNCTION AND FOR DAMAGES ENHANCEMENTS**
19          v.

20  SAMSUNG ELECTRONICS CO., LTD., A
    Korean business entity; SAMSUNG
21  ELECTRONICS AMERICA, INC., a New York
    corporation; SAMSUNG
22  TELECOMMUNICATIONS AMERICA, LLC, a
    Delaware limited liability company,
23
                   Defendants.
24

25                      **PUBLIC REDACTED VERSION**

26

27

28

DECLARATION OF DR. KARAN SINGH IN SUPPORT OF APPLE'S REPLY ISO PERMANENT INJUNCTION MOTION
Case No. 11-cv-01846-LHK
sf-3213216

Apple v. Samsung
Confidential – Attorneys' Eyes Only

I, KARAN SINGH, do hereby declare as follows:

1. I have personal knowledge of the facts set forth herein, and am competent to testify to the same.

2. I previously testified at deposition and at trial in this matter. I also submitted an Expert Infringement and Rebuttal Report, as well as a Declaration opposing Samsung's pre-trial summary judgment motion.

3. I submit this Declaration in support of Apple's Reply In Support of its Motion for a Permanent Injunction and for Damages Enhancement.

4. I reserve the right to supplement or amend this Declaration based on any new information that is relevant to my opinion.

5. Below I provide a very brief summary of my qualifications. I received my Bachelor of Technology degree in Computer Science from the Indian Institute of Technology in 1991. I was awarded a Master of Science degree in 1992, and a Ph.D. in 1995, both in Computer and Information Science, from Ohio State University. Since 2002, I have been a Professor (or Associate Professor) of Computer Science at the University of Toronto where I co-direct a graphics and human computer interaction laboratory, dynamic graphics project. I can read and program fluently in object-oriented programming languages, including C++ and Java.

## II. MATERIALS CONSIDERED

6. In forming my opinions in this Declaration, I reviewed a number of materials, including U.S. Patent Nos. 7,844,915 (the '915 Patent) as well as its file history, and relevant portions of the record in this case to date. I reviewed Mr. Gray's Declaration In Support of Samsung's Opposition to Apple's Motion for a Permanent Injection and Damages Enhancement ("Gray Decl."). I also reviewed Mr. Gray's Declaration In Support of Samsung's Motion for Summary Judgment, Mr. Gray's Expert Invalidity and Rebuttal Reports, and his deposition and trial testimony.

7. I examined the "modified" source code for the Web Browser application made available by Samsung at Quinn Emanuel's office. I understand that Samsung represents that this

1   code is from Samsung Android version 4.0.4, Baseband Version T989UVL11, Kernel version

2   3.0.8, and Build number IMM76D.UVL11.  For ease of reference, I will refer to this code as the

3   "modified code." I also examined a Samsung Galaxy S III (T-Mobile) phone and a video of a

4   Samsung Galaxy S II (T-Mobile) phone that I understand were running Samsung's modified

5   code.

6   8.   [redacted]

7-18   [redacted]

19   9.   During my visit to Quinn Emanuel's offices to review the modified code, I noticed

20   that Samsung failed to provide a full code tree or folder as it would typically be kept in

21   Samsung's ordinary course of business.  Samsung instead appears to have provided only a subset

22   of source code files in folders created by attorneys.  This stands in contrast to my prior reviews of

23   Samsung code in this litigation, in which a full code tree was provided.   The lack of a code tree

24   makes it more difficult to determine the context of code and to identify missing files.

25   Notwithstanding this additional challenge, it is my opinion that the modified code I reviewed

26   demonstrates continuing infringement of the '915 patent.

27

28

DECLARATION OF DR. KARAN SINGH IN SUPPORT OF APPLE'S REPLY ISO PERMANENT INJUNCTION MOTION
Case No. 11-cv-01846-LHK
sf-3213216

2

Apple v. Samsung
Confidential – Attorneys' Eyes Only

## III. SAMSUNG'S MODIFIED CODE LITERALLY INFRINGES THE '915 PATENT

10. I understand that Mr. Gray's Declaration only asserts that the modified code does not meet element [c] of claim 8 of the '915 patent, as highlighted below.

> **Claim 8.** A machine readable storage medium storing executable program instructions which when executed cause a data processing system to perform a method comprising:
>
> [a] receiving a user input, the user input is one or more input points applied to a touch-sensitive display that is integrated with the data processing system;
>
> [b] creating an event object in response to the user input;
>
> **[c] determining whether the event object invokes a scroll or gesture operation by distinguishing between a single input point applied to the touch-sensitive display that is interpreted as the scroll operation and two or more input points applied to the touch-sensitive display that are interpreted as the gesture operation**
>
> [d] issuing at least one scroll or gesture call based on invoking the scroll or gesture operation;
>
> [e] responding to at least one scroll call, if issued, by scrolling a window having a view associated with the event object;
>
> [f] responding to at least one gesture call, if issued, by scaling the view associated with the event object based on receiving the two or more input points in the form of the user input.

11. My observations and analysis show that the modified code continues to infringe the preamble and all limitations of claim 8. Because Samsung's Opposition Brief and Mr. Gray's Declaration do not contest that Samsung devices with the modified code infringe the preamble or the limitations Mr. Gray had labeled as [a], [b], [d], [e] and [f], but instead challenge only whether the Galaxy S II (T-Mobile) running the modified code meets limitation [c], I will focus on that limitation rather than reiterate all of the reasons why the other limitations are present in the modified code.

## IV. BACKGROUND

12. As Mr. Gray states in his Declaration, at trial I testified that various Samsung devices infringe the '915 patent. In explaining the test for determining whether the event object invokes a scrolling operation or a gesture operation, I referred to demonstratives numbered PDX

DECLARATION OF DR. KARAN SINGH IN SUPPORT OF APPLE'S REPLY ISO PERMANENT INJUNCTION MOTION
Case No. 11-cv-01846-LHK
sf-3213216

3

Apple v. Samsung
Confidential – Attorneys' Eyes Only

29.12 and PDX 29.13, reproduced below, to illustrate the operation of Samsung's Android versions 2.1, 2.2, and 2.3:

[image redacted]

13.   I also testified at trial that the Galaxy Tab 10.1 infringes the '915 patent, and explained that its Android 3.1 code is structured a bit differently than the code on the other Samsung Accused Products I analyzed at trial.  The Android 3.1 logic allows for a more complex

DECLARATION OF DR. KARAN SINGH IN SUPPORT OF APPLE'S REPLY ISO PERMANENT INJUNCTION MOTION
Case No. 11-cv-01846-LHK
sf-3213216

4

Apple v. Samsung
Confidential – Attorneys' Eyes Only

"gesture transform" that simultaneously scales and translates the view. My testimony on that topic appears below for reference:

> The Samsung Galaxy Tab 10.1 also infringes this claim, but for the purposes of claim – for elements C and D, it's structured a little bit differently . . . . As you can see on [slide PDX 29.14], the schematic of the source code, it's virtually – it's very similar. And for the purposes of these claims, it's actually identical.
>
> You still have the motion event object causing this all-important test of one finger input or two or more fingers with inputs, so you still have the logical test. You still have the branching taking place in the code, and going down the scroll part results in a scroll call. Eventually it results in a scroll operation. Going down the gesture box essentially results in a gesture call and then the corresponding gesture operation.
>
> This logic that you see actually allows the Galaxy Tab 10.1 to perform what you can think of as a more complex gesture transform where it simultaneously scales and translates the view. If you go back to that picture of a bicycle and imagine your fingers are down on the wheels of the bicycle and now you're going to start to move your fingers around, moving – spreading them apart will scale the bicycle. But you also want to move it so that your fingers remain on the bicycle. If you don't move with it, simultaneously, all of a sudden your bicycle is off in space and it's bigger but it doesn't have that direct feel. And that direct feel is what the Apple products provide.
>
> Of the 24 infringing devices, only the – over here with this code, only the Samsung Galaxy Tab 10.1 kind of provides this, this – it makes it more like the Apple products.

(Trial Tr. 1826:2-1827:17.)

14. During my testimony, I referred to the following demonstrative of the Galaxy Tab 10.1 code. ████████████████████████████████████████

████████████

DECLARATION OF DR. KARAN SINGH IN SUPPORT OF APPLE'S REPLY ISO PERMANENT INJUNCTION MOTION
Case No. 11-cv-01846-LHK
sf-3213216

5

[Paragraphs 1–14 redacted]

15. I understand that Mr. Gray testified at trial that some Samsung products did not infringe because they performed two-finger scrolling. He stated: "[T]he patent calls for distinguishing between . . . a multipoint scale and a single point scroll. What I was able – what I've observed is that some of the devices do perform multipoint scrolling which, again, is contrary to the way the . . . patent claims operate." (Trial Tr. 2912:12-19.) I testified at trial that the Android 3.1 code performs a two finger compound gesture operation that includes both scaling and translating.

16. I understand that the jury determined that 21 of 24 accused products infringed the '915 patent. In finding infringement by the Galaxy Tab 10.1 (wifi) (JX1037), which runs the Android 3.1 code illustrated in PDX 29.14, the jury agreed that a device that performs two finger scrolling along with scaling still infringes the '915 patent. In doing so, the jury implicitly rejected Mr. Gray's non-infringement argument.

17. Mr. Gray's Declaration omits my testimony and demonstratives relating to the Galaxy Tab 10.1 running Android version 3.1. [redacted]

DECLARATION OF DR. KARAN SINGH IN SUPPORT OF APPLE'S REPLY ISO PERMANENT INJUNCTION MOTION
Case No. 11-cv-01846-LHK
sf-3213216

6

1 ▮

2 ▮

3 ▮

4 Copies of the pages from Mr. Gray's deposition transcript that I cite are attached to the Hung

5 Declaration as Exhibit 17.

6     18.     I also note that Mr. Gray previously submitted a Declaration in support of

7 Samsung's pre-trial summary judgment motion. There, Mr. Gray alleged that the MotionEvent

8 object did not "invoke" a scroll or gesture operation. I understand that Mr. Gray interpreted the

9 term "invoke" to require that the event object itself must call a scroll or gesture operation directly,

10 with no intervening steps. I submitted a Declaration disagreeing with Mr. Gray, as his

11 interpretation was inconsistent with the '915 patent specification.

12     19.     I understand that the Court denied Samsung's motion for summary judgment and

13 instead agreed with me in construing "invokes" to mean "causes" or "causes a procedure to be

14 carried out." (Dkt. No. 1158.) Thus, the event object was not required to directly call a function.

15     20.     Mr. Gray's Declaration appears to rely upon earlier arguments that were rejected

16 by the jury or this Court. ▮

17 ▮

18 ▮ This is the same

19 argument that the jury implicitly rejected in finding that the Galaxy Tab 10.1 infringes claim 8 of

20 the '915 patent.

21     21.     Mr. Gray fails to analyze the code in sufficient detail to explain why the modified

22 code purportedly does not infringe. ▮

23 ▮

24 ▮

25 ▮

26 ▮

27     22.     Similarly, Mr. Gray asserts that ▮

28 ▮

DECLARATION OF DR. KARAN SINGH IN SUPPORT OF APPLE'S REPLY ISO PERMANENT INJUNCTION MOTION
Case No. 11-cv-01846-LHK
sf-3213216

7

Apple v. Samsung
Confidential – Attorneys' Eyes Only

## V. SAMSUNG'S MODIFIED CODE STILL LITERALLY INFRINGES THE '915 PATENT

23. In my opinion, Samsung products with the modified code still literally infringe the '915 patent. These products continue to determine whether an event object invokes a scroll or gesture operation by distinguishing between a single input point (one finger) applied to the touch-sensitive display that is interpreted as the scroll operation and two or more input points (more than one finger) applied to the touch-sensitive display that are interpreted as the gesture operation.

24. I examined the Web Browser application in a Samsung Galaxy S III (T-Mobile) phone that runs the modified Android 4.0.4 software. Using this device, I observed the exact same infringing behavior as in the old code. I scrolled web pages using one finger and zoomed in and out of web pages using two fingers. Attached as Exhibit A is a video of a Samsung Galaxy S II (T-Mobile) running the modified code that demonstrates this effect. 

Operation of the device demonstrates that the device still distinguishes between a single input point (one finger) and two or more input points (more than one finger). I also examined the modified source code provided by Samsung. 

25. 

DECLARATION OF DR. KARAN SINGH IN SUPPORT OF APPLE'S REPLY ISO PERMANENT INJUNCTION MOTION
Case No. 11-cv-01846-LHK
sf-3213216

8

1  █████████████████████████████████████████████████████████
2  ████████████████████████████████████████████████████
3  █████████████████████████████████████████████████████████
4  ████████████
5      26.   ████████████████████████████████████████
6  ████████████████████████████████████████████████████
7  ████████████████████████████████████████████████████
8  ████████████████████████████████████████████████████
9  ████████████████████████████████████████████████████
10 █████████████████████████████████████████████████████████
11 ████████████████████████████████████████████████████
12 ████████████████████████████████████████████████████████
13 █████████████████████████████████████████████████████████
14 ██████████████████████████████████████
15     27.   █████████████████████████████████████████
16 █████████████████████████████████████████████████████████
17 ██████████████████████████████████████████████████
18 ██████████████████
19     28.   ████████████████████████████████████████
20 █████████████████████████████████████████████████████████
21 █████████████████████████████████████████████████████████
22 ███████████████████████████████████████
23     29.   ██████████████████████████████████
24 ████████████████████████████████████████████████████████
25 █████████████████████████████████████████████████████████
26 █████████████████████████████████████████████████████████
27 █████████████████████████████████████████████████████████
28 ████████████████████████████████████████████████████████

DECLARATION OF DR. KARAN SINGH IN SUPPORT OF APPLE'S REPLY ISO PERMANENT INJUNCTION MOTION
Case No. 11-cv-01846-LHK
sf-3213216

9

Case 5:11-cv-01846-LHK   Document 2127-3   Filed 11/09/12   Page 11 of 15

Apple v. Samsung
Confidential – Attorneys' Eyes Only

|  |  |
|---|---|
| 1 | ████████████████████████████████████████ |
| 2 | ████████████████████████████████████ |
| 3 | ████████████████████████████████████████ |
| 4 | ██████████████████████████████████ |
| 5 | ████████████████████████████████████████ |
| 6 | ████████████████████████████████████████ |
| 7 | ██████████████████████████████████████ |
| 8 | ████████████████████████████████████████ |
| 9 | ██████████████████████████████████████ |
| 10 | ████████████████████████████████████████ |
| 11 | ██████████████████████████████████ |
| 12 | ████████████████████████████████████████ |
| 13 | ████████████ |
| 14 | 30.   ██████████████████████████████████ |
| 15 | ████████████████████████████████████████ |
| 16 | ████████████████████████████████████████ |
| 17 | ██████████████████████████████████████ |
| 18 | ████████████████████████████████████████ |
| 19 | ██████████████████████████████████████ |
| 20 | ████████████████████████████████ |
| 21 | ████████████████████████████████████████ |
| 22 | ████████████████████ |

DECLARATION OF DR. KARAN SINGH IN SUPPORT OF APPLE'S REPLY ISO PERMANENT INJUNCTION MOTION
Case No. 11-cv-01846-LHK
sf-3213216

10

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20

21   31.   ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
22
23
24
25

26   32.   For the above reasons, it is my opinion that Samsung devices with the modified

code still literally infringe claim 8[c].  Each is a machine readable medium containing

27
28

DECLARATION OF DR. KARAN SINGH IN SUPPORT OF APPLE'S REPLY ISO PERMANENT INJUNCTION MOTION
Case No. 11-cv-01846-LHK
sf-3213216

11

Apple v. Samsung
Confidential – Attorneys' Eyes Only

1  instructions that "determin[e] whether the event object invokes a scroll or gesture operation by

2  distinguishing between a single input point applied to the touch-sensitive display that is

3  interpreted as the scroll operation and two or more input points applied to the touch-sensitive

4  display that are interpreted as the gesture operation."

5  **VI.    DOCTRINE OF EQUIVALENTS INFRINGEMENT OF THE '915 PATENT**

6           33.     To the extent that this limitation is not met literally, in my opinion it is met under

7  the doctrine of equivalents because each of the Samsung devices with the modified code is a

8  machine readable medium containing instructions that perform steps insubstantially different

9  from "determining whether the event object invokes a scroll or gesture operation by

10 distinguishing between a single input point applied to the touch-sensitive display that is

11 interpreted as the scroll operation and two or more input points applied to the touch-sensitive

12 display that are interpreted as the gesture operation."

13          34.     I understand that Mr. Gray asserts the doctrine of prosecution history estoppel

14 prevents me from applying the doctrine of equivalents. I also understand that there are exceptions

15 to the doctrine of prosecution history estoppel, such as where the reason for the narrowing

16 amendment was peripheral, or not directly relevant, to the alleged equivalent.

17          35.     In my opinion, the reasons for the narrowing amendment were peripheral and not

18 directly relevant to the alleged equivalent. ████████████████████

19 ████████████████████████████████████████████

20 ████████████████████████████████████████████

21 ████████████████████████████████████████████

22 ████████████████████████████████████████████

23          36.     Mr. Gray refers to a telephone interview between Apple's counsel and the

24 Examiner. (Gray Decl. at ¶ 25.) At that interview, Apple's counsel authorized an amendment to

25 the claim language because "the combined [prior art] references fail to teach or suggest creating

26 an event object that determines whether a user input applied to a touchscreen invokes a scroll

27 operation or a gesture operation by simply distinguishing between the scroll operation and the

28 gesture operation *without having to select an object or icon to define the operation*." Interview

DECLARATION OF DR. KARAN SINGH IN SUPPORT OF APPLE'S REPLY ISO PERMANENT INJUNCTION MOTION
Case No. 11-cv-01846-LHK
sf-3213216

12

1   Summary, 6/21/2010 (emphasis added).  The applicant's reason for amendment was to indicate

2   that the determination of whether to invoke a scroll or gesture operation was not based on

3   selecting a predefined object or area.

4        37.    Mr. Gray also refers to the Li and Hollemans prior art references in his

5   Declaration.  The examiner distinguished these prior art references because they required the user

6   to use a predefined area of the touchscreen, ███████████████████████████████

7   ███████████████████████████████████████████████████████████

8   ███████████████████████████████████████████████████████████

9   ███████████████████████████████████████████████████████████

10  ███████████████████████████████████████████████████████████

11  ███████████████████████████████████████████████████████████

12  ██████████████████████████████████████████████████████████

13  ███████████████████████████████████████████████████████████

14  ███████████████████████████████████████████████████████████

15  ███████████████████████████████████████████████████████████

16  █████████████████████████████████████████████████████████

17  ███████████████████████████████████████████████████████████

18  ████████████████████████  I analyze the doctrine of equivalents in the following paragraphs.

19        38.    It is my opinion that the Samsung products with the modified code perform

20  substantially the same function, in substantially the same way, to achieve substantially the same

21  result as the '915 patent.

22        39.    First, it is my opinion that the modified code performs substantially the same

23  function as the recited limitation.  The function of the limitation is "*determining* whether the

24  event object invokes a gesture operation by distinguishing between a single input point applied to

25  the touch-sensitive surface display that is interpreted as the scroll operation and two or more input

26  points applied to the touch-sensitive display that are interpreted as the gesture operation." ('915

27  patent claim 8[c] (emphasis added).)  In the context of the '915 patent specification and claim 8,

28  the function is *determining* whether a scroll or gesture operation should execute based on

DECLARATION OF DR. KARAN SINGH IN SUPPORT OF APPLE'S REPLY ISO PERMANENT INJUNCTION MOTION
Case No. 11-cv-01846-LHK
sf-3213216

13

distinguishing between one or two or more user input points in the event object. The functions are the same.

40. Second, the modified code performs this function in substantially the same way as in the claim limitation. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

41. Finally, the modified code obtains substantially the same result, *i.e.*, the execution of either the scroll operation or gesture operation code, depending on whether there is a single input point or two or more input points.

42. For the above reasons, it is my opinion that the Samsung devices with the modified code continue to infringe claim 8[c] under the doctrine of equivalents as each is a machine readable medium containing instructions that perform the equivalent of "determining whether the event object invokes a scroll or gesture operation by distinguishing between a single input point applied to the touch-sensitive display that is interpreted as the scroll operation and two or more input points applied to the touch-sensitive display that are interpreted as the gesture operation."

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on the 9th day of November 2012.

_____
Karan Singh