Exhibit 18

Confidential - Pursuant to Protective Order

Page 1

1              UNITED STATES DISTRICT COURT
2              NORTHERN DISTRICT OF CALIFORNIA
3                   SAN JOSE DIVISION
4
5   APPLE INC., a California corporation,
6
                    Plaintiff,
7
    vs.                             CASE NO.  11-cv-01846-LHK
8
    SAMSUNG ELECTRONICS CO.,
9   LTD., a Korean business
    entity; SAMSUNG ELECTRONICS
10  AMERICA,INC., a New York
    corporation; SAMSUNG
11  TELECOMMUNICATIONS AMERICA,
    LLC, a Delaware limited
12  liability company,
13              Defendants.
    _____/
14
15
16            C O N F I D E N T I A L
17       PURSUANT TO THE PROTECTIVE ORDER
18
19     VIDEOTAPED DEPOSITION OF SAM LUCENTE
20           SAN FRANCISCO, CALIFORNIA
21            TUESDAY, NOVEMBER 6, 2012
22
23  BY:  ANDREA M. IGNACIO HOWARD, CSR, RPR, CCRR, CLR
24  CSR LICENSE NO. 9830
25  JOB NO. 55262

Confidential - Pursuant to Protective Order

Page 6

| | | |
|---|---|---|
| 1 | you submitted in the posttrial proceedings in this | 12:46 |
| 2 | case? | 12:46 |
| 3 |     A   Yes, it is. | 12:46 |
| 4 |     Q   And does your declaration, Exhibit 10, | 12:46 |
| 5 | contain all of the opinions that you've reached in | 12:46 |
| 6 | connection with the posttrial proceedings in this | 12:46 |
| 7 | case? | 12:46 |
| 8 |     A   Yes, it does. | 12:46 |
| 9 |     Q   Now -- | 12:46 |
| 10 |     MR. BEDECARRE:  Maybe this will be a good | 12:46 |
| 11 | place to just say that we're going to mark this | 12:46 |
| 12 | deposition as confidential under the protective order. | 12:46 |
| 13 |     Thank you. | 12:46 |
| 14 |     MR. BARQUIST:  Thanks. | 12:46 |
| 15 |     Q   Now, you note in paragraph 6 that you've been | 12:46 |
| 16 | asked to render opinions regarding whether various | 12:46 |
| 17 | Samsung mobile device designs infringe several design | 12:46 |
| 18 | patents owned by Apple, namely the D 618,677 and | 12:46 |
| 19 | D 604,305 patents; do you see that? | 12:47 |
| 20 |     A   Yes, I do. | 12:47 |
| 21 |     Q   And you note in paragraph 5 that you have | 12:47 |
| 22 | submitted expert reports at earlier points in this | 12:47 |
| 23 | litigation; correct? | 12:47 |
| 24 |     A   Yes. | 12:47 |
| 25 |     Q   And now none of your earlier reports contain | 12:47 |

Confidential - Pursuant to Protective Order

Page 7

| | | |
|---|---|---|
| 1 | any opinions concerning the '677 patent; correct? | 12:47 |
| 2 | A   Correct. | 12:47 |
| 3 | Q   And do you know why that is? | 12:47 |
| 4 | MR. BEDECARRE:  I'm going to object; it calls | 12:47 |
| 5 | for speculation; lacks foundation; may intrude upon | 12:47 |
| 6 | privileged communications. | 12:47 |
| 7 | MR. BARQUIST:  Q.  You can answer to the | 12:47 |
| 8 | extent you can without divulging privileged | 12:47 |
| 9 | information. | 12:47 |
| 10 | A   It was -- it was not part of my -- the report | 12:47 |
| 11 | that -- that I was asked to do. | 12:47 |
| 12 | Q   Okay.  So you haven't reached any opinions | 12:47 |
| 13 | concerning the D '677 patent and the phones that were | 12:48 |
| 14 | the subject of the trial that occurred in August; is | 12:48 |
| 15 | that right? | 12:48 |
| 16 | MR. BEDECARRE:  I'm going to object; it's | 12:48 |
| 17 | vague and ambiguous. | 12:48 |
| 18 | THE WITNESS:  Yeah, I'm not -- I'm not sure | 12:48 |
| 19 | what you mean by reached an opinion on -- | 12:48 |
| 20 | MR. BARQUIST:  Q.  Well, do you have any | 12:48 |
| 21 | opinion as to whether the -- any of the Samsung phones | 12:48 |
| 22 | that were the subject of the trial that occurred in | 12:48 |
| 23 | August of this year infringed the D '677 patent? | 12:48 |
| 24 | MR. BEDECARRE:  The declaration speaks for | 12:48 |
| 25 | itself; and again, it's vague and ambiguous. | 12:48 |

Confidential - Pursuant to Protective Order

Page 38

| | | |
|---|---|---|
| 1 | would -- would purchase a phone or -- or, you know, | 13:38 |
| 2 | make -- make assumptions about purchasing a phone from | 13:38 |
| 3 | three feet away. | 13:38 |
| 4 |     MR. BARQUIST:  Q.  So you would agree that | 13:38 |
| 5 | when consumers or prospective purchasers of a phone | 13:38 |
| 6 | are considering their purchase, that they do pay | 13:38 |
| 7 | attention to design? | 13:38 |
| 8 |   A   Yes. | 13:38 |
| 9 |   Q   And would you agree that design is an | 13:38 |
| 10 | important factor in someone's purchase decision? | 13:38 |
| 11 |     MR. BEDECARRE:  I'm going to object as vague | 13:38 |
| 12 | and ambiguous; calls for speculation; lacks foundation | 13:38 |
| 13 | and is beyond the scope. | 13:38 |
| 14 |     THE WITNESS:  I would say that design is one | 13:39 |
| 15 | of many factors. | 13:39 |
| 16 |     MR. BARQUIST:  Okay. | 13:39 |
| 17 |   Q   And what role does good design play in making | 13:39 |
| 18 | a consumer more or less likely to purchase a phone? | 13:39 |
| 19 |     MR. BEDECARRE:  Same objections. | 13:39 |
| 20 |     THE WITNESS:  Again, I think good design is | 13:39 |
| 21 | one of -- one of many factors, you know, that goes | 13:39 |
| 22 | into that decision. | 13:39 |
| 23 |     MR. BARQUIST:  Q.  Just one of many factors; | 13:39 |
| 24 | that's all you can say about it? | 13:39 |
| 25 |     MR. BEDECARRE:  Same objections. | 13:39 |

Confidential - Pursuant to Protective Order

Page 56

| | | |
|---|---|---|
| 1 | A    Yeah. | 14:21 |
| 2 | That's correct. | 14:21 |
| 3 | Q    Okay.  And can you -- how do you reconcile | 14:21 |
| 4 | your opinion regarding Exhibit 1 with the fact that | 14:21 |
| 5 | the jury found that Exhibit 5, which does show two | 14:21 |
| 6 | gradations of black on the front face, does infringe | 14:22 |
| 7 | the D '677 patent? | 14:22 |
| 8 | MR. BEDECARRE:  I'm going to object to the | 14:22 |
| 9 | characterization as part of your question, and object | 14:22 |
| 10 | that it is vague and ambiguous and overbroad and | 14:22 |
| 11 | beyond the scope of his declaration. | 14:22 |
| 12 | Go ahead. | 14:22 |
| 13 | THE WITNESS:  So again, this declaration -- | 14:22 |
| 14 | what -- what I was analyzing was, does Exhibit 1 | 14:22 |
| 15 | infringe on the D '677 patent? | 14:22 |
| 16 | And clearly, the D '677 patent specifies a | 14:22 |
| 17 | black phone, a black -- you know, a black mask on the | 14:22 |
| 18 | phone and a black front face on the phone. | 14:22 |
| 19 | So that's simply what this -- this | 14:22 |
| 20 | declaration showed or addressed was, does this -- you | 14:23 |
| 21 | know, does Exhibit 1 infringe on the D '677 patent? | 14:23 |
| 22 | And as I've stated, you know, there's several | 14:23 |
| 23 | reasons why -- why it does not infringe on that | 14:23 |
| 24 | patent. | 14:23 |
| 25 | And, you know, one, the D '677 patent claims | 14:23 |

Confidential - Pursuant to Protective Order

Page 57

| | | |
|---|---|---|
| 1 | the color black, and this is a gray metallic color. | 14:23 |
| 2 | And -- and when you go to this non -- | 14:23 |
| 3 | non-black color for the mask, it complete -- it | 14:23 |
| 4 | creates a completely different visual impression. | 14:23 |
| 5 | And -- and thirdly, once you do go to this | 14:23 |
| 6 | gray color, then all of the details on this phone, | 14:23 |
| 7 | like -- like the -- | 14:23 |
| 8 | MR. BEDECARRE:  You're talking about | 14:23 |
| 9 | Exhibit 1? | 14:24 |
| 10 | THE WITNESS:  I'm sorry. | 14:24 |
| 11 | Such as the -- the camera and -- and all | 14:24 |
| 12 | those details become very pronounced. | 14:24 |
| 13 | And -- and then the receiver is -- is also, | 14:24 |
| 14 | as I pointed out, a very different detail than what's | 14:24 |
| 15 | seen in the D '677. | 14:24 |
| 16 | So that was -- that was what I focused on | 14:24 |
| 17 | in -- in my analysis. | 14:24 |
| 18 | MR. BARQUIST:  Okay. | 14:24 |
| 19 | Q   How, if at all, did the fact that the jury | 14:24 |
| 20 | found that Exhibit 5 infringes the D '677 patent | 14:24 |
| 21 | factor into the analysis that you did for purposes of | 14:24 |
| 22 | your declaration? | 14:24 |
| 23 | A   It's -- it was just understanding that, you | 14:24 |
| 24 | know, what -- what the -- you know, just understanding | 14:25 |
| 25 | what the jury verdict was and -- but beyond that, you | 14:25 |

Confidential - Pursuant to Protective Order

Page 58

1  know, my analysis again was focused on, you know, did        14:25
2  Exhibit 1, you know, infringe on the D '677 patent.          14:25
3       Q   So did you or did you not take into account,        14:25
4  the fact that the jury found that Exhibit 5 infringes,       14:25
5  even though you can perceive the shape of the display        14:25
6  within the front face of the phone on Exhibit 5?             14:25
7       A   Well, first of all, you know, I'm not -- you        14:25
8  know, that -- that phone, even though there is -- you        14:26
9  know, again, under certain lighting conditions, you          14:26
10 see that, you know, the black mask and -- and the --         14:26
11 and the -- you know, the screen.                             14:26
12          But that's -- again, as I said before, that's       14:26
13 not something that -- that most ordinary observers           14:26
14 would perceive.  I think you perceive that under             14:26
15 really bright light.                                         14:26
16          But, you know, as I'm looking at this, in           14:26
17 almost every situation that's -- that's -- you know,         14:26
18 it appears as a black continuous surface.                    14:26
19          And -- and secondly, you know, I understood         14:26
20 that.  I understood the jury's verdict on that               14:27
21 relative to the D '677 patent, which again specifies a       14:27
22 black color across, you know, the front surface.             14:27
23          And -- and then for all the reasons I stated,       14:27
24 you know, I found that Exhibit 1 does not infringe on        14:27
25 the D '677 patent.                                           14:27

Page 59

1   Q   Well, I think you just agreed that at least        14:27
2   under what you call "really bright light," you can     14:27
3   perceive a distinction in the face of Exhibit 5, the   14:27
4   so-called all-black version, between the mask area and 14:27
5   the display.                                            14:27
6       So my question to you is:  Did you take that       14:27
7   distinction into account and the fact that the jury    14:27
8   found that that phone infringes in your analysis of    14:28
9   Exhibit 1?                                              14:28
10      MR. BEDECARRE:  It's vague and ambiguous.          14:28
11      THE WITNESS:  Again, the D '677 patent             14:28
12  specifies a continuous black surface.  And contrary to 14:28
13  what you're saying, you know, the -- it seems that the 14:28
14  jury saw this as a black phone that had a continuous    14:28
15  uninter- -- uninterrupted black surface.                14:28
16      So -- you know, so with that understanding         14:28
17  that the jury saw that phone as, you know, infringing  14:29
18  on the D '677, which clearly specifies a continuous    14:29
19  black surface, you know, that -- that was context,     14:29
20  okay, and that's how I saw it.                          14:29
21      And -- and then from there, I had to make an       14:29
22  analysis of, you know, does this phone, you know, the  14:29
23  T -- T-Mobile Galaxy S II, Exhibit 1, does -- does     14:29
24  this then infringe on the '677?                         14:29
25      And again, the first thing that -- as I state     14:29

Page 60

| | | |
|---|---|---|
| 1 | in the declaration is that the D '677 specifies a | 14:29 |
| 2 | black continuous surface.  This is a gray surface. | 14:29 |
| 3 | Again, the -- it has a -- you know, the non -- the | 14:30 |
| 4 | fact that it's gray, then -- then it creates a | 14:30 |
| 5 | different visual impression on the ordinary observer. | 14:30 |
| 6 | And -- and again, you see all the details. | 14:30 |
| 7 | You see, you know, the -- the receiver is much more | 14:30 |
| 8 | pronounced. | 14:30 |
| 9 | So all of those things come into play. | 14:30 |
| 10 | That -- that made it very clear that, you know, this | 14:30 |
| 11 | phone is -- you know, is -- gives an ordinary observer | 14:30 |
| 12 | a completely different visual impression.  And -- and | 14:30 |
| 13 | then myself as an expert looking at it, it's a | 14:31 |
| 14 | completely different visual impression. | 14:31 |
| 15 | And -- and it -- and it doesn't -- you know, | 14:31 |
| 16 | and it's -- again, it's -- it's not a black phone. | 14:31 |
| 17 | It's a gray phone, and the patent specifies a black | 14:31 |
| 18 | phone. | 14:31 |
| 19 | MR. BARQUIST:  Q.  And in your opinion, the | 14:31 |
| 20 | phones that the jury found infringe are 100 percent | 14:31 |
| 21 | black, is that right, on the front? | 14:31 |
| 22 | MR. BEDECARRE:  Objection; it's vague and | 14:31 |
| 23 | ambiguous; misstates his testimony; beyond the scope | 14:31 |
| 24 | of his engagement; beyond the scope of his | 14:31 |
| 25 | declaration. | 14:31 |

Confidential - Pursuant to Protective Order

Page 61

| | | |
|---|---|---|
| 1 | THE WITNESS: No, that's not what I said. | 14:31 |
| 2 | And I think -- I mean, I can repeat everything I said. | 14:31 |
| 3 | But I think it's pretty clear how -- you | 14:31 |
| 4 | know, how the jury saw -- or -- or -- or what the | 14:31 |
| 5 | D '677 patent specifies, and -- and then the notion of | 14:32 |
| 6 | a continuous black surface. | 14:32 |
| 7 | And, you know, I -- I would just have to | 14:32 |
| 8 | repeat everything I just said. | 14:32 |
| 9 | MR. BARQUIST: Well, I'm not asking you to | 14:32 |
| 10 | repeat everything you just said. | 14:32 |
| 11 | Q   All I'm asking you to do is answer the | 14:32 |
| 12 | pending question, which is:  Is it your opinion that | 14:32 |
| 13 | the phones that the jury found to infringe are | 14:32 |
| 14 | 100 percent black on their front face?  Yes or no? | 14:32 |
| 15 | MR. BEDECARRE: Same objections; misstates | 14:32 |
| 16 | the testimony; it's vague and ambiguous; beyond the | 14:32 |
| 17 | scope of his engagement and beyond the scope of the | 14:32 |
| 18 | declaration. | 14:32 |
| 19 | THE WITNESS: All I can tell you is that the | 14:32 |
| 20 | D '677 patent specifies a black surface across the | 14:32 |
| 21 | complete surface of that phone with -- you know, with | 14:33 |
| 22 | a -- a depression, you know, for the receiver, which | 14:33 |
| 23 | is also -- appears to be black, and then a -- you | 14:33 |
| 24 | know, a control. | 14:33 |
| 25 | But -- but -- and so when the jury made that | 14:33 |

Confidential - Pursuant to Protective Order

Page 62

| | | |
|---|---|---|
| 1 | decision as to whether this phone, Exhibit 5, | 14:33 |
| 2 | infringed on the D '677 patent, they must have been | 14:33 |
| 3 | looking at that as a continuous black surface, which | 14:33 |
| 4 | is clearly not the case in, you know, Exhibit 1 and | 14:33 |
| 5 | Exhibit 2. | 14:33 |
| 6 | MR. BARQUIST: Okay. Once again, | 14:33 |
| 7 | Mr. Lucente, I'm not asking you what you think the | 14:33 |
| 8 | jury did. I'm asking what your opinion is. | 14:33 |
| 9 | Q   Is it your opinion that the phones that the | 14:33 |
| 10 | jury found infringe, 5 and -- Exhibits 5 and 6, are | 14:33 |
| 11 | 100 percent black on their front face?  Yes or no? | 14:34 |
| 12 | MR. BEDECARRE: And I'm going to state the | 14:34 |
| 13 | same objections, and add that it's been asked and | 14:34 |
| 14 | answered. | 14:34 |
| 15 | MR. BARQUIST: It has not been answered. | 14:34 |
| 16 | MR. BEDECARRE: And -- and he has told you -- | 14:34 |
| 17 | MR. BARQUIST: It's been evasively responded | 14:34 |
| 18 | to in a way that's improper. | 14:34 |
| 19 | MR. BEDECARRE: What's improper is you | 14:34 |
| 20 | cutting me off in the middle of an objection and | 14:34 |
| 21 | continuing to -- when I tried to speak again, you | 14:34 |
| 22 | continued. | 14:34 |
| 23 | So, Mr. Barquist, your speech is noted for | 14:34 |
| 24 | the record. | 14:34 |
| 25 | My objection is, as stated previously, that | 14:34 |

Page 63

| | | |
|---|---|---|
| 1 | it is vague and ambiguous; it is a misstating of his | 14:34 |
| 2 | prior testimony; it's beyond the scope of the | 14:34 |
| 3 | declaration and beyond the scope of his engagement. | 14:34 |
| 4 | And he has repeatedly answered to you that he | 14:34 |
| 5 | does not have opinions relative to this exhibit. He | 14:34 |
| 6 | did not render opinions about Exhibit 5 or Exhibit 6, | 14:34 |
| 7 | which are the black versions of these two phones. | 14:34 |
| 8 | MR. BARQUIST: Q. Is that true, Mr. Lucente? | 14:35 |
| 9 | Do you not have an opinion as to whether or not the | 14:35 |
| 10 | front face of Exhibits 5 and 6 are 100 percent black? | 14:35 |
| 11 | MR. BEDECARRE: Same objections. | 14:35 |
| 12 | THE WITNESS: I would -- the only way to | 14:35 |
| 13 | answer that is that my understanding is that the jury | 14:35 |
| 14 | found that phone to infringe on the D '677 patent, | 14:35 |
| 15 | which specifies a black -- continuous black face. | 14:35 |
| 16 | And -- and I did not do an analysis of that | 14:35 |
| 17 | phone for this declaration. And so it seems unfair | 14:35 |
| 18 | for me to be asked to, you know, analyze that phone | 14:35 |
| 19 | relative to the D '677, you know, right now as we're | 14:36 |
| 20 | in this deposition. I mean, I think I made it clear | 14:36 |
| 21 | that, you know, I took into consideration what -- you | 14:36 |
| 22 | know, the phone and the jury's verdict. | 14:36 |
| 23 | But, you know, again, all of that really | 14:36 |
| 24 | seems irrelevant to the fact that Exhibit 1 clearly, | 14:36 |
| 25 | you know, in my opinion, does not infringe on the | 14:36 |

Confidential - Pursuant to Protective Order

Page 64

| | | |
|---|---|---|
| 1 | D '677, for all the reasons I stated. | 14:36 |
| 2 | MR. BARQUIST:  Q.  So in paragraph 20 of your | 14:36 |
| 3 | declaration, you talk about the research that | 14:36 |
| 4 | consumers typically do before making a purchase of an | 14:37 |
| 5 | expensive electronic device; do you recall that? | 14:37 |
| 6 | A   Yes. | 14:37 |
| 7 | Q   Did that research include researching the | 14:37 |
| 8 | design characteristics or features of a phone? | 14:37 |
| 9 | A   Yeah, it has in the past, yes. | 14:37 |
| 10 | Q   And does it currently, as far as you know? | 14:37 |
| 11 | MR. BEDECARRE:  In the abstract?  Just in | 14:37 |
| 12 | general?  Is that the question? | 14:37 |
| 13 | THE WITNESS:  You mean research that I'm | 14:37 |
| 14 | doing now or -- | 14:37 |
| 15 | MR. BARQUIST:  Q.  In your understanding of | 14:37 |
| 16 | the way ordinary observers currently, in | 14:37 |
| 17 | November 2012, purchase expensive electronic devices, | 14:37 |
| 18 | is it true that design is -- is an important factor | 14:37 |
| 19 | that they take into account? | 14:37 |
| 20 | MR. BEDECARRE:  Object that it misstates the | 14:37 |
| 21 | testimony; it's beyond the scope. | 14:37 |
| 22 | Go ahead. | 14:37 |
| 23 | THE WITNESS:  Well, let me -- just give me a | 14:37 |
| 24 | minute to read this. | 14:38 |
| 25 | Well, I -- I don't see anything specifically | 14:38 |

Confidential - Pursuant to Protective Order

Page 119

1  CERTIFICATE OF REPORTER

4  I, ANDREA M. IGNACIO HOWARD, hereby certify
5  that the witness in the foregoing deposition was by me
6  duly sworn to tell the truth, the whole truth, and
7  nothing but the truth in the within-entitled cause;

9  That said deposition was taken in shorthand
10 by me, a Certified Shorthand Reporter of the State of
11 California, and was thereafter transcribed into
12 typewriting, and that the foregoing transcript
13 constitutes a full, true and correct report of said
14 deposition and of the proceedings which took place;

16 That I am a disinterested person to the said
17 action.

19 IN WITNESS WHEREOF, I have hereunto set my
20 hand this 6th day of November, 2012.

22 _____
23 ANDREA M. IGNACIO HOWARD, RPR, CCRR, CLR, CSR No. 9830