|   |   |
|---|---|
| APPLE, INC., a California corporation, | Case No.: 11-CV-01846-LHK |
| Plaintiff, | ORDER DENYING MOTION TO SEAL |
| v. |   |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, |   |
| Defendants. |   |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

Before the Court is Samsung's motion to seal several exhibits to the Declaration of Terry Musika in support of Apple's Motion for Damages Enhancements and Permanent Injunction ("Damages Motion"). Apple had previously moved to seal those documents pursuant to Civil Local Rule 79-5(d) on grounds that Samsung has designated it as confidential. However, Samsung failed to file a supporting declaration, and the Court denied the motion to seal on October 17, 2012. ECF No. 2047. Samsung has now filed a renewed administrative motion to file a limited number of those same documents under seal. ECF No. 2089. For the reasons stated below, the Court DENIES Samsung's motion.

**I.     Legal Standard**

As this Court has explained in its previous sealing orders in this case, courts have recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). In order to overcome this strong presumption, a party seeking to seal a judicial record must articulate justifications for sealing that outweigh the public policies favoring disclosure. *See id.* at 1178-79. Because the public's interest in non-dispositive motions is relatively low, a party seeking to seal a document attached to a non-dispositive motion need only demonstrate "good cause." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (applying "good cause" standard to all non-dispositive motions, because such motions "'are often unrelated, or only tangentially related, to the underlying cause of action'" (citing *Kamakana*, 447 F.3d at 1179)).

Conversely, "the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the 'public's understanding of the judicial process and of significant public events.'" *Kamakana*, 447 F.3d at 1179 (quoting *Valley Broadcasting Co. v. U.S. Dist. Court for Dist. of Nev.*, 798 F.2d 1289, 1294 (9th Cir. 1986)). Thus, a party seeking to seal a judicial record attached to a dispositive motion or presented at trial must articulate "compelling reasons" in favor of sealing. *See id.* at 1178. "In general, 'compelling reasons' . . . exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to . . . release trade secrets." *Id.* at 1179 (citing *Nixon*, 435 U.S. at 598). The Ninth Circuit has adopted the Restatement's definition of "trade secret" for purposes of sealing, holding that "[a] 'trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *In re Electronic Arts*, 298 Fed. App'x 568, 569-70 (9th Cir. 2008) (quoting *Restatement of Torts* § 757, cmt. b). Additionally, "compelling reasons" may exist if sealing is required to prevent judicial documents from being

2

Case No.: 11-CV-01846-LHK
ORDER DENYING MOTION TO SEAL

used "'as sources of business information that might harm a litigant's competitive standing.'" *Id.* at 569 (9th Cir. 2008) (citing *Nixon*, 435 U.S. at 598).

As this Court has previously ruled, motions concerning the remedies to be awarded in this case cannot fairly be characterized as "unrelated, or only tangentially related, to the underlying cause of action." *Kamakana,* 447 F. 3d at 1179. To the contrary, these motions implicate the very core of Apple's claims and Apple's desired relief in bringing suit against Samsung. As evidenced by the plethora of media and general public scrutiny of the preliminary injunction proceedings and the trial, the public has a significant interest in these court filings, and therefore the strong presumption of public access applies. Accordingly, the "compelling reasons" standard applies to Apple's Damages Motion, and to documents supporting it, including the exhibits to the Musika Declaration that Samsung seeks to seal here.

## II.     ANALYSIS

Samsung seeks to seal five documents. The first two, Exhibits 12 and 13, are slides from internal Samsung presentations. In a declaration submitted in support of the motion to seal, Samsung counsel Hankil Kang explains that these documents are highly confidential because they "contain Samsung's projections about future demand in the smartphone market and reveal STA's pricing strategy, including the prices at which STA is likely to sell phones in the future." Kang Decl. at ¶ 3. Samsung asserts that "competitors can use the information to undercut Samsung's prices and diminish Samsung's market share." *Id.* The slides, however, do not contain information that is sufficiently specific to create any real risk of competitive harm. Rather, Exhibit 12 gives fifty-dollar price ranges in which Samsung proposes to focus its offerings, and Exhibit 13 expresses the belief that the number of first-time phone buyers will exceed a certain level in the next two years. Samsung has not explained, and the Court does not see, how public availability of either of these slides could actually cause any sort of competitive harm. A bare assertion that competitors might use information to undercut prices, without any theory as to how the information could actually be used, is insufficient. Nor is there any indication that the information contained in these slides constitutes trade secrets. Accordingly, Exhibits 12 and 13 cannot meet the "compelling reasons" standard, and Samsung's motion as to these exhibits is DENIED.

3

Case No.: 11-CV-01846-LHK
ORDER DENYING MOTION TO SEAL

Exhibit 21 is a slide from a presentation apparently made by Samsung to a carrier. It includes a graph of iPhone price points—information already well known to the public—and a few general notes about Samsung's marketing strategy. Again, Samsung has indicated in conclusory fashion that "competitors can use the information to Samsung's strategic disadvantage by undercutting Samsung's prices in the future and interfering with Samsung's relationship with carrier partners." Kang Decl. at ¶ 5. But Samsung has not explained *how* any competitor might actually use this information to inflict competitive harm, and the Court cannot see how information at this level of generality could possibly be used to Samsung's disadvantage. The Court thus finds that Exhibit 21 does not meet the "compelling reasons" standard. Accordingly, Samsung's motion as to Exhibit 21 is DENIED.

Exhibit 25 contains a graphic image showing popular words from online conversations before and after a Samsung marketing campaign. Samsung asserts that "competitors can use the information to counter Samsung's marketing and advertising efforts." Kang Decl. at ¶ 4. But advertising and marketing efforts are public by their nature, and competitors can counter Samsung's advertising efforts with or without a graphic image displaying Samsung's assessment of online talk about its products. Further, the chart represents information about conversations that happened *in public*. Anyone who wanted to collect similar information could do so. Thus, it is difficult to see how a graphic image of public information could even be considered confidential, let alone raise a potential for competitive harm. Accordingly, it cannot meet the "compelling reasons" standard, and Samsung's motion as to Exhibit 25 is DENIED.

Finally, Samsung seeks to seal Exhibit 49, which consists of an email exchange from September, 2008, between two Samsung executives. The emails contain a meeting agenda, and discuss two possible categories of product design and the relative importance of certain phone features. Samsung asserts that these emails discuss Samsung's "product strategy, including hardware specifications for Samsung's smartphones." Having reviewed the emails, however, the Court sees only a discussion of screen size—not of any confidential aspects of Samsung's products that might be considered trade secrets. Further, the emails contain some discussion of the relative merits of two broad types of design, to be discussed at a meeting held over four years ago.

Samsung has not explained, and the Court cannot see, how disclosure of the fact that Samsung once held such discussions could place it at any sort of competitive disadvantage now, in 2012, when the design decisions under discussion have presumably already been implemented in publically available products, or were rejected four years ago. The Court thus finds that Exhibit 25 does not meet the "compelling reasons" standard. Accordingly, Samsung's motion as to Exhibit 25 is DENIED.

As the Court has found that none of the information Samsung has presented is sealable under the applicable standard, the motions are denied with prejudice.

Finally, Samsung has requested that if the Court denies its motion, the Court stay its Order pending resolution of Samsung's appeal of the Court's August 9 sealing Order, ECF No. 1649. However, the documents Samsung seeks to seal here are not the same types of documents that are the subject of that appeal. The appeal concerns pretrial documents containing detailed financial information; the information here does not concern Samsung's finances, and does not concern a pretrial motion. *See* Fed. Cir. Case No. 12-1600, ECF No. 46. Thus, even if the Federal Circuit finds in Samsung's favor on the appeal, it will not change the analysis of the present motion, where Samsung seeks to seal documents attached to a motion for a permanent injunction that do not contain confidential financial information. Accordingly, Samsung's request for a stay is DENIED.

**IT IS SO ORDERED.**

Dated: November 13, 2012

_____
LUCY H. KOH
United States District Judge