QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kathleen M. Sullivan (Cal. Bar No. 242261)
kathleensullivan@quinnemanuel.com
Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Susan R. Estrich (Cal. Bar No. 124009)
susanestrich@quinnemanuel.com
Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK (PSG)<br><br>**MOTION TO COMPEL DEPOSITIONS OF APPLE REPLY EXPERT DECLARANTS** |

# NOTICE OF MOTION AND MOTION

Pursuant to Federal Rule of Civil Procedure 16(b)(4), Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") shall and hereby do move the Court to compel plaintiff Apple Inc. ("Apple") to produce for deposition, no later than November 27, 2012, the three experts whose declarations Apple submitted in support of its November 9, 2012 Reply in Support of its Motion for Permanent Injunction and Damages Enhancements, and its Reply in Support of its Motion for Judgment as a Matter of Law:   Dr. Karan Singh, Dr. John R. Hauser, and Marylee Robinson. This motion is made on the grounds that these experts offer new, previously undisclosed opinions that Samsung has not had an opportunity to test through deposition.   Finally, Samsung additionally requests leave to submit a supplemental memorandum of no more than 5 pages by November 30, 2012, addressing any discovery provided in response to this motion or in response to the concurrently-filed Motion to Compel Production of Settlement Agreement with HTC.

This motion is based on this notice of motion and supporting memorandum, the declaration of Victoria F. Maroulis and such other written or oral argument as may be presented at or before the time this motion is taken under submission by the Court.   Counsel for Samsung met and conferred with counsel for Apple before filing this motion, but were not able to resolve the issues raised herein.   (Declaration of Victoria F. Maroulis ("Maroulis Decl."), ¶ 2 and Exh. 1).   The parties were able to agree on a shortened briefing schedule for this motion.   (*Id.*).

## RELIEF REQUESTED

Samsung seeks an Order compelling (1) depositions of Dr. Karan Singh, Dr. John R. Hauser, and Marylee Robinson, each to last no longer than three hours to take place on or before November 27, 2012; and (2) allowing Samsung to submit a supplemental memorandum of no more than 5 pages addressing any discovery provided in response to this motion or the concurrently-filed Motion to Compel Production of Settlement Agreement with HTC, by no later than November 30, 2012.

1  November 16, 2012                    QUINN EMANUEL URQUHART &
2                                       SULLIVAN, LLP
3
4                                       By  /s/ Victoria F. Maroulis
                                            Victoria F. Maroulis
5
6                                       Attorneys for SAMSUNG ELECTRONICS CO.,
                                        LTD., SAMSUNG ELECTRONICS AMERICA,
7                                       INC., and SAMSUNG
                                        TELECOMMUNICATIONS AMERICA, LLC
8

**PRELIMINARY STATEMENT**

Samsung should be permitted to depose Apple's experts who furnished reply declarations on November 9, 2012—Dr. Singh, Dr. Hauser and Ms. Robinson.  Dkt. 2127-2; Dkt. 2132.  Each of these experts offers new opinions that Samsung has not had an opportunity to test through deposition questioning.  Dr. Singh offers an entirely new theory of infringement of the '915 patent; Dr. Hauser offers new opinions to support Apple's claim of irreparable harm; and Ms. Robinson offers new opinions and calculations in support of Apple's requests for $535 million in enhancements, and over $100 million in supplemental damages.  To ensure that a full record is developed and that Samsung is able to fairly test their new opinions, the Court should allow Samsung to depose these experts for three hours each.

Federal Rule of Civil Procedure 16(b)(4) authorizes modifications to the schedule on a showing of good cause, and Apple recently invoked this Rule in support of its request for depositions in connection with its injunction motion.  Dkt. 2082.  Good cause exists here, because Samsung immediately requested the discovery that is the subject of this Motion.  Moreover, the discovery is central to Samsung's response to Apple's request for an injunction and damages.  As a result, the Court should permit the requested discovery and allow Samsung to file a short supplemental brief in connection with Apple's Motion for a Permanent Injunction and Apple's Motion for Judgment as a Matter of Law once the discovery is complete.

**PROCEDURAL BACKGROUND**

Apple filed its Motion for a Permanent Injunction and Motion for Judgment as a Matter of Law on September 21, 2012.  Dkt. 1982-1, 1989.  Apple did not present any declarations in support of these motions from two of its experts—Dr. Singh and Dr. Hauser.  Instead, Apple only submitted Dr. Hauser's trial testimony and a slide purportedly summarizing his conjoint survey.  Dkt. 1982-1, at 9; Dkt. 1982-99.

Samsung filed its Opposition to Apple's Motion for Permanent Injunction on October 19, 2012.  Dkt. 2054.  To respond to Dr. Hauser's assertion, made for the first time during trial, that his survey results demonstrate consumer demand, Samsung filed declarations from experts Dr. Yoram Wind and Dr. Tülin Erdem.  Dkt. 2054-4 and 2054-1.  Samsung also presented

declarations from its previously designated experts Samuel Lucente and Stephen Gray, opining that Samsung's design-around devices do not infringe Apple's patents.  Dkt. 2057 and 2054-2.

On October 23, 2012, Apple moved to compel depositions of Samsung's four expert declarants.  Apple argued that good cause existed to permit further discovery because the experts either had not previously been disclosed or offered opinions and factual claims not previously disclosed.  Dkt. 2082.  On October 29, 2012, Judge Grewal granted Apple's motion, finding that Apple had satisfied the good cause standard, because "it moved the court shortly after receiving Samsung's opposition."  Dkt. 2105 at 3.  Judge Grewal also granted Samsung's alternative request for reciprocal depositions, including based on this Court's recognition that "Apple's motion to permanently enjoin the sale of twenty-six of Samsung's products is an 'extraordinary request' and deserves evaluation 'in light of the full available record.'"  *Id*. at 3-4 (quoting Dkt. 2093).

On November 9, 2012, Apple filed its Reply in Support of Motion for Permanent Injunction and for Damages Enhancement, and its Reply in Support of its Motion for Judgment as a Matter of Law, New Trial, and Amended Judgment.  Dkt. 2127-2; Dkt. 2132.  In support of its replies, Apple also filed declarations from Dr. Singh, Dr. Hauser and Ms. Robinson.  Dr. Singh's reply declaration offers the entirely new opinion that "Samsung's modified code literally infringes the '915 patent."  Dkt. 2127-3.  Dr. Hauser's declaration covers 18 pages, offers entirely new opinions that were not contained in his expert report, and contains previously-undisclosed calculations related to his surveys.  Dkt. 2130.  Ms. Robinson's reply declaration offers, among other things, a new supplemental damages figure and a new prejudgment interest figure from what was presented in her initial declaration.  *Compare* Dkt. 1982-71 at 5:6-8 with Dkt. 2129 at 2:16-17.

# ARGUMENT

## I. THE COURT SHOULD COMPEL DEPOSITIONS OF APPLE'S REPLY EXPERTS

As Apple has argued, and Judge Grewal recognized, Federal Rule of Civil Procedure 16(b)(4) permits this Court to modify its scheduling orders and permit discovery upon a showing of "good cause."  Dkt. 2082; Dkt. 2105.  "The focus of the good cause inquiry in the Rule 16(b) context is the 'diligence of the party seeking the modification . . . ."  Dkt. 2105, at 3.  Here, Samsung promptly requested discovery from Apple the next business day after it received Apple's new declarations.  Maroulis Dec., Ex. 1.  Additional discovery is warranted because the new opinions Apple proffered for the first time on reply have direct bearing on Apple's permanent injunction request and its demands for $535 million in enhanced damages and supplemental damages.[1]  As Judge Grewal recently observed in granting the parties' earlier request for leave to depose each others' experts, an injunction is an "extraordinary request" that implicates significant public policy considerations and "deserves evaluation 'in light of the full available record."  Dkt. 2105 at 4 (quoting Dkt. 2093).  Allowing these depositions will ensure that a full record is developed.

### A. Samsung Is Entitled To Depose Dr. Singh Because He Advances an Entirely New Theory of Infringement

In an attempt to support its claim that Samsung's new source code for scrolling and scaling content in the Web browser continues to infringe the '915 patent, Apple submits a declaration of Dr. Singh that raises an entirely new and previously undisclosed theory of infringement.  Dkt. 2127-3.  Throughout his previous expert report, declaration, deposition, and trial testimony, Dr. Singh steadfastly maintained that the expression "ev.getPointerCount() > 1" in the Web Browser source code distinguishes between the number of input points and invokes a scroll or gesture operation based on that evaluation, and therefore infringes claim element 8[c] of the '915 patent. See, e.g., Trial Tr. at 1823:3-1825:22 (Singh testimony); Dkt. 2127-3 at ¶ 12.

---

[1]  Samsung will also file objections to these declarations pursuant to Civil L.R. 7-3(d)(1), including objections based on the Court's August 28 Scheduling Order (Dkt. 1945).

1    Apple does not dispute that Samsung's new source code does not include the
2  "ev.getPointerCount() > 1" test.   Dkt. 2127-3 at ¶ 26.   ███████████████████
3  ████████████████████████████████████████████████████████████████████████████
4  ████████████████████████████████████████████████████████████████████████████
5  ██████████████████████████████████   *Id.* at ¶ 29.   Because Samsung has never had
6  an opportunity to test Dr. Singh's new theory of infringement, Samsung should be permitted to
7  depose Dr. Singh.

        **B.    Dr. Hauser's Declaration Contains New Opinions and Calculations**

Apple waited until reply to present new evidence from Dr. Hauser and Samsung should be permitted to depose him regarding this evidence.   In his original expert report, Dr. Hauser offered predictions based on the results of conjoint surveys that he said were designed to elicit Samsung consumers' "willingness to pay" for the features claimed in Apple's utility patents, *but not to assess consumer demand* for Samsung smartphones or tablets allegedly equipped with those features over other options.   Dkt. 2130-1, Exh. A ¶ 70 (distinguishing his surveys from ones designed to assess consumer demand).   At trial, Dr. Hauser nevertheless claimed—without any evidentiary support—that the results of his surveys "reflect that there is substantial demand for the features associated with the patents at issue in this case."   Trial Tr. at 1916.   In his 18-page "Reply Declaration," Dr. Hauser repeats the opinion he offered for the first time at trial and offers three previously-undisclosed economics textbooks as the basis for this claim.   Dkt. 2130 at ¶¶ 6, 8; Dkt. 2130-2 at 2.   Additionally, Dr. Hauser presents the results of *new calculations*, which were not previously disclosed--including those related to his "first choice" simulation model, as well as *additional* consumer willingness-to-pay calculations for other tested features.   Dkt. 2130 at ¶¶ 24, 29; Dkt. 2130-5.   He also devotes pages of his declaration to responding to the critiques proffered by Samsung's experts.   Dkt. 2130.   Apple should be compelled to produce Dr. Hauser for deposition so Samsung can question him regarding these newly-proffered opinions and calculations.

### C. Ms. Robinson Offers New Calculations Of Claimed Supplemental Damages And Prejudgment Interest And New Enhancement Opinions

During her recent deposition, counsel asked Ms. Robinson point-blank whether she was preparing revised supplemental damages projections. She responded, "Not at this time." Dkt. 2126-13 (Robinson Dep. Tr.) at 101:25-102:1. Ms. Robinson was also directly asked whether she "expect[s] to submit a supplemental declaration revising your supplemental damages analysis?" *Id.* at 102: 2-3. Ms. Robinson responded that, unless Samsung produced "comprehensive sales data for all 26 products," she would not be submitting a new declaration. *Id.* at 102:2-11. A mere four days later, Ms. Robinson submitted another declaration, even while complaining that Samsung purportedly "refused to provide" comprehensive sales data.[2] Dkt. 2129 at 2:5. Ms. Robinson's new declaration contains precisely the revised projections she had denied preparing only days before. *Id.* at 2:15-16 ("I have updated my projections and calculations using the figures provided by Mr. Kerstetter and Samsung.").

A couple of specific examples of Mr. Robinson's "update[s]" are illustrative of why a deposition is warranted. In her original declaration, Ms. Robinson used "the total projected unit sales to calculate the total supplemental damages amount of $121,098,389 through December 31, 2012." Dkt. 1982-71 at 5:6-8. Now, Ms. Robinson's "calculation of supplemental damages through December 31, 2012 is $101,167,892," a reduction of roughly $20 million or 16 percent.[3] Dkt. 2129 at 2:16-17. Likewise, in her original declaration, Ms. Robinson calculated "average damage[s] per day of $516,197." Dkt. 1982-71 at 5:11-12. Now, Ms. Robinson's "daily figure would be $399,196," a reduction of over 20 percent. Dkt. 2129 at 2:18. Samsung has

---

[2] Apple once again re-hashes its strategy of trying to distract from the weaknesses in its own analyses by attacking Samsung's financial data. Yet, Apple never even asked Samsung for any updated financial data before filing its motion for supplemental damages. Dkt. 2127-26 (Ex. 22 to Hung Decl.). Nor did it seek to depose Mr. Kerstetter about the financial information in his declaration. Indeed, contrary to what Ms. Robinson now says in her declaration, she candidly admitted during deposition that "I don't have any reason to doubt" Mr. Kerstetter's representations concerning product discontinuances. Dkt. 2126-13 at 119:4-15.

[3] Speaking volumes about its approach to litigation, Apple apparently believes a $20 million discrepancy is inconsequential. Dkt. 2132 (Apple JMOL Reply) at 18:17-19.

never had the opportunity to depose Ms. Robinson about her methodology in arriving at these newest figures.

The same story pertains to Ms. Robinson's new opinions on enhancement. For example, Ms. Robinson now declares--without evidence--that "[t]he introduction of a hypothetical design-round after the diluting and infringing phones were in the marketplace would not impact those downstream benefits and thus would not reduce the harm suffered by Apple." *Id.* at 4:13-15. Nowhere was this opinion expressed in Ms. Robinson's original declaration or her deposition. Given that, by her own admission, Ms. Robinson is not an expert in marketing, consumer decision-making or the smartphone or tablet markets (Dkt. 2126-13 at 11:2-10), Samsung is entitled to test the basis for this speculative assertion. Ms. Robinson also makes the conclusory assertion that "[o]n average, using a traditional *Mor-Flo* analysis would have increased Apple's market share from 30% to 37% from 3Q-2010 to Q2-2012." Dkt. 2129 at 3:18-19. Again, this is a wholly new opinion, not mentioned in Ms. Robinson's prior declaration or deposition, and unsupported by a single back-up calculation. Samsung should be allowed to examine through deposition these and other new opinions in the reply declaration from Ms. Robinson.

## II. THE COURT SHOULD ALSO GRANT SAMSUNG LEAVE TO SUBMIT A SHORT SUPPLEMENTAL BRIEF ADDRESSING THE DISCOVERY REQUESTED IN THIS MOTION

Samsung requests leave to submit a supplemental memorandum not exceeding five pages to address any discovery the Court compels in response to this motion or the concurrently-filed Motion to Compel Production of Settlement Agreement with HTC. As this Court has observed, "As a general rule, new evidence presented in reply should not be considered without giving the non-movant an opportunity to respond." *See Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) ("[W]here new evidence is presented in a reply to a motion for summary judgment, the district court should not consider the new evidence without giving the [non-]movant an opportunity to respond."). (Dkt. 449 at 7.) Given Apple's experts have offered new opinions on

1  reply, Samsung should be given the opportunity to file a short response to this new evidence by
2  not later than November 30, 2012.

## CONCLUSION

For the reasons set forth above, the Court should grant Samsung's Motion to Compel.

DATED: November 16, 2012                QUINN EMANUEL URQUHART &
                                        SULLIVAN, LLP


                                        By  */s/ Victoria F. Maroulis*
                                            Victoria F. Maroulis
                                            Attorneys for Defendant
                                            SAMSUNG ELECTRONICS CO., LTD.,
                                            SAMSUNG ELECTRONICS AMERICA, INC.
                                            and SAMSUNG TELECOMMUNICATIONS
                                            AMERICA, LLC