Daryl M. Crone (Bar No. 209610)
  daryl@cronehawxhurst.com
CRONE HAWXHURST LLP
10880 Wilshire Boulevard, Suite 1150
Los Angeles, California 90024
Telephone:  (310) 893-5150
Facsimile:   (310) 893-5195

Attorneys for
SAMSUNG ELECTRONICS CO., LTD.,
SAMSUNG ELECTRONICS AMERICA, INC.,
and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK (PSG)<br><br>**MOTION TO COMPEL PRODUCTION OF SETTLEMENT AGREEMENT WITH HTC** |

## NOTICE OF MOTION AND MOTION

Pursuant to Federal Rule of Civil Procedure 16(b)(4), Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") shall and hereby do move the Court to compel plaintiff Apple Inc. ("Apple") to produce a copy of its recent settlement/license agreement with HTC, which was announced after the parties filed their reply papers on November 9 and which reportedly includes an agreement by Apple to license its patents, by no later than November 27, 2012.  This discovery is proper because Apple's willingness to license its patents undermines its claim of irreparable harm, and demonstrates that monetary remedies are adequate.  Dkt. 2054 at 17.

This motion is based on this notice of motion and supporting memorandum, the declaration of Daryl M. Crone and such other written or oral argument as may be presented at or before the time this motion is taken under submission by the Court.  Counsel for Samsung met and conferred with counsel for Apple before filing this motion, but were not able to resolve the issues raised herein.  Declaration of Daryl M. Crone ("Crone Decl.") ¶ 2 and Ex. 1.  The parties were able to agree on a shortened briefing schedule for this motion.  *Id*.

## RELIEF REQUESTED

Samsung seeks an Order compelling production of the settlement/license agreement between Apple and HTC announced on or about November 11, 2012, by no later than November 27, 2012.

DATED:  November 16, 2012         CRONE HAWXHURST LLP

By  /s/ Daryl M. Crone
　　Daryl M. Crone
　　Attorneys for Defendants SAMSUNG
　　ELECTRONICS CO., LTD., SAMSUNG
　　ELECTRONICS AMERICA, INC., and
　　SAMSUNG TELECOMMUNICATIONS
　　AMERICA, LLC

**PRELIMINARY STATEMENT**

Apple should be compelled to produce a copy of its recently announced license with HTC. According to published reports, on November 11, 2012 Apple and HTC entered into a broad license that settles all litigation between them. Apple's settlement agreement with HTC is highly relevant to Apple's injunction request. It is almost certain that the license agreement covers at least some of the patents in suit, including the '915 and '381 patents on which Apple seeks a permanent injunction in this case. If so, this would be highly relevant, for evidence of Apple's licensing of patents-in-suit weighs against any finding that monetary relief is inadequate by demonstrating Apple's willingness to forego exclusivity in exchange for money. Dkt. 2054, at 17. Evidence of Apple's licensing of these patents would also undermine Apple's assertion in its reply—made only a day before announcement of the HTC license—that its patents are unavailable for licensing to competitors. Dkt. 2127-2 at 7:21-22. Apple should be ordered to produce this license agreement.

Federal Rule of Civil Procedure 16(b)(4) authorizes modifications to the schedule on a showing of good cause, and Apple recently invoked this Rule in support of its request for depositions in connection with its injunction motion. Dkt. 2082. Good cause exists here, because Samsung immediately requested the discovery that is the subject of this Motion. Moreover, the discovery is central to Samsung's response to Apple's request for an injunction and damages. As a result, the Court should order production of Apple's license with HTC.

**ARGUMENT**

**I.    The Court Should Compel Production of the HTC Agreement**

As Apple has argued, and Judge Grewal recognized, Federal Rule of Civil Procedure 16(b)(4) authorizes this Court to permit discovery upon a showing of "good cause." Dkt. 2082; Dkt. 2105. "The focus of the good cause inquiry in the Rule 16(b) context is the diligence of the party seeking the modification . . . ." Dkt. 2105, at 3. Here, Samsung promptly requested the HTC license agreement from Apple. Crone Decl., Ex. 1.

Moreover, the recently announced HTC license agreement directly relates to the issues raised by Apple's Motion for a Permanent Injunction. According to published reports, the "broad

ten-year licensing agreement . . . settles all of the lawsuits between the companies around the world" and "covers current and future patents for both firms." Crone Decl., Ex. 2. Apple's legal disputes with HTC included some of the patents that are the subject of Apple's injunction motion, including the '381 and '915 patents. *Id.*, Ex. 3. It is almost certain that the HTC license agreement covers these two patents, which makes it directly relevant to Apple's injunction requests. The announced license also appears to fundamentally conflict with Apple's assertion in its reply brief that these patents are "unavailable for licensing, particularly to competitors" and that the alleged harms "cannot be fully compensated through money damages." Dkt. 2127-2 at 7; Dkt. 1982-1, at 9. To the contrary, Apple's apparent willingness to license these patents supports Samsung's argument that Apple cannot show irreparable harm because monetary damages are adequate. Dkt. 2054 at 7 (citing this Court's injunction rulings in this case and *Apple II*). Indeed, this Court has previously placed reliance on Apple's licensing practices in assessing Apple's request for an injunction. Dkt. 449 at 64. Accordingly, the Court should compel Apple to produce this license for Samsung's review.

Demonstrating the merit of Samsung's request for the HTC license, on November 16, 2012, Apple told Samsung that it "intends to produce the HTC agreement" but must give HTC 10 business days' notice pursuant to the terms of the license agreement. Crone Decl., Ex. 1. But Apple refused to enter into a binding stipulation confirming that it will produce the license agreement, stating that HTC may object to the production. *Id.* As this Court has previously recognized, relevant documents cannot be withheld simply because a third party objects. (Dkt. 867 (ordering Apple to produce documents which Apple withheld on the basis that required third party consent had not been obtained)).) The protective order adequately protects any concerns that HTC may have regarding the production of the license. *Id.* at 12:13-15 ("the court sees no reason that the protective order in this case is inadequate to protect third-party confidentiality interests"). The Court should compel the immediate production of this agreement.

## CONCLUSION

For the reasons set forth above, the Court should grant Samsung's Motion to Compel.

DATED:  November 16, 2012         CRONE HAWXHURST LLP


By   /s/ Daryl M. Crone
   Daryl M. Crone
   Attorneys for Defendants SAMSUNG
   ELECTRONICS CO., LTD., SAMSUNG
   ELECTRONICS AMERICA, INC., and
   SAMSUNG TELECOMMUNICATIONS
   AMERICA, LLC