HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
JENNIFER LEE TAYLOR (CA SBN 161368)
jtaylor@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK (PSG)<br><br>**APPLE'S OBJECTIONS TO NEW EVIDENCE SUBMITTED WITH SAMSUNG'S REPLY IN SUPPORT OF JUDGMENT AS A MATTER OF LAW, NEW TRIAL, AND/OR REMITTITUR**<br><br>Date:    Dec. 6, 2012<br>Time:    1:30 p.m.<br>Place:   Courtroom 4, 5th Floor<br>Judge:   Hon. Lucy H. Koh |

Pursuant to Civil Local Rule 7-3(d), Apple objects to Exhibits 12 through 15 to the Declaration of Susan Estrich ("Estrich Decl.," Dkt. 2126), which Samsung submitted on November 9, 2012, with its Reply In Support of Judgment as a Matter of Law, New Trial, and/or Remittur ("JMOL Reply," Dkt. 2131).  These exhibits consist of a foreign court judgment and hundreds of pages of deposition testimony that are not part of the trial record and have no connection with Samsung's JMOL motion, which by definition is limited to the evidence admitted at trial.  Indeed, except for a few irrelevant lines of one deposition, Samsung has not even cited or discussed these exhibits in its JMOL Reply or its substantive declarations.

## I. SAMSUNG'S NEW EVIDENCE IS NOT AND CANNOT BE RELEVANT TO SAMSUNG'S MOTION FOR JMOL, NEW TRIAL AND/OR REMITTITUR.

Apple objects to Exhibits 12 through 15 to the Estrich Declaration (Dkt. 2126-12 to 2126-15) on the ground that they are not and cannot be relevant to Samsung's Motion for Judgment as a Matter of Law, New Trial and/or Remittitur.

Exhibit 12 is a judgment issued by the England and Wales Court of Appeal in a lawsuit that Samsung filed against Apple.  (Dkt. 2126-12.)  Exhibits 13, 14, and 15 include over 200 pages of recent deposition testimony of Marylee Robinson, Russell Winer, and Philip Schiller.  (Dkt. 2126-13 to 2126-15.)  This evidence is not relevant to Samsung's JMOL Reply.  Indeed, this evidence could not possibly be relevant to Samsung's motion for JMOL, New Trial, and/or Remittitur because it was not admitted at trial, and Rule 50 and Rule 59 motions must generally be limited to the evidence in the trial record.  *Torres v. City of Los Angeles*, 548 F.3d 1197, 1205 (9th Cir. 2008) ("Judgment as a matter of law is appropriate when the evidence presented at trial permits only one reasonable conclusion."); *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007) (upon the Rule 59 motion of a party, the district court must "weigh the evidence as [the court] saw it").   Evidence outside of the trial record might, in some cases, be relevant to jury misconduct, but Samsung's new evidence is not relevant to that issue, as shown by Samsung's failure to cite that evidence in the jury misconduct section of its JMOL Reply.  (Dkt. 2131 at 1-5.)

The irrelevance of Estrich Declaration Exhibits 12 through 15 is further confirmed by Samsung's failure to cite this new evidence in its JMOL Reply or substantive declarations, except

for six lines of the hundred-page Robinson deposition transcript. Those six lines are irrelevant because they fail to support the point for which they are cited: Samsung's argument that "Apple does not dispute the validity of Samsung's explanation of how the jury reached its damages awards." (*See* Dkt. 2131 at 12:17-19, citing Dkt. 2126-13 at 88:2-8.) Ms. Robinson stated that she found "no errors in the math" of Mr. Wagner's discussion of the verdict, but testified that she did not know how the jury reached its award and only knew the amounts on the verdict form. (Dkt. 2126-3 at 88:2-15.) She did not admit that Samsung had correctly explained how the jury reached its verdict, which would require speculation as to what the jury was thinking.

## II.   SAMSUNG'S NEW EVIDENCE VIOLATES THE COURT'S BRIEFING ORDER.

Apple also objects to Estrich Declaration Exhibits 12 through 15 as an improper attempt to circumvent the Court's briefing order of August 28, 2012, which stated that "[a]ny supporting documentation shall be for corroboration purposes solely and shall not be used as a vehicle for circumventing the Court's page limits." (Dkt. 1945 at 3.)

Because Samsung's new evidence is not relevant to Samsung's JMOL Reply, it cannot corroborate that motion. The title of the Estrich Declaration suggests that Samsung seeks to use the new evidence to support its Oppositions to Apple's JMOL Motion and to Apple's Motion for Permanent Injunction and Willfulness Enhancements. (Dkt. 2126.) But Samsung filed those oppositions four weeks ago on October 19, as required by the briefing order, which did not authorize Samsung to submit further evidence after that deadline. (Dkt. 1945 at 2-3.)

On October 29, Judge Grewal granted Apple's motion to compel depositions of four Samsung experts who had submitted entirely new opinions with Samsung's Permanent Injunction Opposition, and also allowed Samsung to depose the three persons for whom Samsung has submitted deposition testimony as Estrich Declaration Exhibits 13, 14, and 15. (Dkt. 2105 at 4.) Judge Grewal emphasized, however, that allowing the depositions did "not change the page limits or the deadlines set by Judge Koh," and that he could not grant Samsung leave to submit an additional opposition based on the post-trial deposition testimony. (*Id*.) Judge Grewal also emphasized that "the parties would be wise to heed Judge Koh's warnings that supporting

documentation should be employed as corroboration and not as an opportunity to circumvent the page limits." (*Id.*) Samsung's new evidence violates these directions.

## CONCLUSION

Samsung improperly seeks to dump hundreds of pages of new evidence into the record that was not admitted at trial, has no relevance to Samsung's JMOL motion, and cannot properly be used to support Samsung's JMOL and Permanent Injunction Oppositions. Estrich Declaration Exhibits 12 through 15 should be stricken.

Dated: November 16, 2012     MORRISON & FOERSTER LLP

By:  */s/ Michael A. Jacobs*
         Michael A. Jacobs

         Attorneys for Plaintiff
         APPLE INC.