# Exhibit B

# Exhibit 17
# (Submitted Under Seal)

Confidential Attorneys' Eyes Only

Page 1

1              UNITED STATES DISTRICT COURT
2             NORTHERN DISTRICT OF CALIFORNIA
3                    SAN JOSE DIVISION
4    APPLE, INC., a California        )
     corporation,                     )
5                                     )
                     Plaintiff,       )
6       vs.                           )
                                      )
7    SAMSUNG ELECTRONICS CO., LTD.,   )
     a Korean business entity;        )
8    SAMSUNG ELECTRONICS AMERICA,     )
     INC., a New York corporation;    )
9    SAMSUNG TELECOMMUNICATIONS       )
     AMERICA LLC, a Delaware limited  )
10   liability company,               )
                                      )
11                   Defendants.      )
     _____)
12
13
14         ** TRANSCRIPT MARKED CONFIDENTIAL **
15             ** ATTORNEYS' EYES ONLY **
16             DEPOSITION OF STEPHEN GRAY
17              San Francisco, California
18              Tuesday, November 6, 2012
19
20
21
22
23   Reported By:
24   LINDA VACCAREZZA, RPR, CLR, CRP, CSR. NO. 10201
25   JOB NO. 55303

Confidential Attorneys' Eyes Only

Page 36

1      Q.   Would you look at your declaration
2  at Paragraph 31, please.
3      A.   I'm there.
4      Q.   Okay.  At the end of Paragraph 31                    04:57
5  in your declaration, you have a Footnote 2 that
6  says, "I understand that the new version of code
7  for the web browser that does not include the
8  "quintessential test," was released in the Jelly
9  Bean version of Android in July 2012," and then
10 you have a cite to a file http.grepcode.com file,              04:57
11 and then it goes on.
12          Do you see that?
13     A.   I do.
14     Q.   When you're referring to the new
15 version of code for the web browser, are you                   04:57
16 referring to WebView.java and WebView
17 ScaleGestureDetector, Exhibits 2 and 5 to this
18 deposition?
19     A.   Yes.  That's my understanding,
20 yes.                                                           04:58
21     Q.   And you say, as I guess we just
22 read in Footnote 2, you understand that that new
23 version of code was released in the Jelly Bean
24 version of Android in July 2012, right?
25     A.   Yes.  That's what Footnote 2                          04:58

Confidential Attorneys' Eyes Only

Page 37

1    represents.

2         Q.   And is this -- the Jelly Bean

3    version of Android in July 2012 is publicly

4    available Android code, right?

5         A.   That's my understanding, yes.                04:58

6         Q.   Android 4.1.1.

7         A.   4.1.1__R1, yes.

8         Q.   Did you actually examine this

9    public Android 4.1.1, release 1, in connection

10   with preparing this declaration?                       04:58

11        A.   I did not review that file --

12   those files.  I did not review that release of

13   code.  No, I did not.

14        Q.   Did you review any public releases

15   of Android code, not limiting it to the 4.1.1 in       04:59

16   this footnote, in connection with preparing this

17   declaration?

18        A.   I don't recollect reviewing any

19   public versions of the code for the preparation

20   of my declaration.                                     04:59

21        Q.   What's the basis for your

22   understanding that the new version of code for

23   the Samsung web browser was released in public

24   Jelly Bean in July 2012?

25        A.   I'm not sure that's my -- I'm not            04:59

Confidential Attorneys' Eyes Only

Page 49

```
1    when I place both fingers on the screen and move
2    them up and down the screen, without changing the
3    distance between my fingers, the view moves in
4    relation to my fingers in both of those
5    instances, yes.                                        05:25
6         Q.   That's what you've previously
7    testified to as described as two finger
8    scrolling, right?
9         A.   Yeah.  I am just explaining what
10   the action is.  But yes, I've referred to that         05:25
11   before as two finger scrolling.
12        Q.   In your current opinion about the
13   Galaxy S II T-Mobile model with modified source
14   code, does the fact that it performs what you
15   call two finger scrolling in your view have any        05:26
16   relevance to your non-infringement opinion?
17        A.   I lost the question, sorry.
18             Can you read it back, please, or
19             you can ask again, whichever way you want
20             to do it.                                    05:26
21        Q.   Does the fact that you believe
22   that the Galaxy S II that you examined for your
23   declaration is capable of performing what you
24   call two finger scrolling have any relevance to
25   your non-infringement opinion for that device?         05:26
```

Page 50

1    A.    I believe that the 915 requires
2  that the -- that a determination be made based
3  upon the number of input points -- based upon the
4  data in the motion of that object regarding
5  touches to the screen; that that is used as a                    05:27
6  determiner of whether or not the device is to
7  perform a scroll or a gesture operation.  Scroll
8  operation being related to one data in the motion
9  event that talks about one point, and gestures
10 being related to two points or more, two or more                 05:27
11 points.
12           So in my view, the fact that the
13 two finger scrolling, two finger scrolling
14 indicates that the device doesn't meet the
15 requirements of the 915 patent.                                  05:27
16    Q.    So it's your opinion that neither
17 the Galaxy S II, Deposition Exhibit 4, nor the
18 Galaxy Tab 10.1, Deposition Exhibit 7, infringes
19 the 915 patent; is that right?
20    A.    I believe by virtue of the fact                         05:28
21 that it doesn't make a distinction between one
22 point, one touch for scrolling and two or more
23 touches for scaling, that then it doesn't
24 infringe.
25    Q.    And that applies to both the Tab                        05:28

Confidential Attorneys' Eyes Only

Page 51

1  10.1 and the Galaxy S II that you examined for

2  your declaration, right?

3      A.   Yes.  That does pertain to both

4  the Galaxy S II and the Tab 10.1.

5      Q.   Is there anything about the Galaxy          05:28

6  S II, Deposition Exhibit 4, that makes it, in

7  your view, non-infringing for reasons that are

8  not present in the Galaxy Tab running the Android

9  3.1?

10     A.   There is modifications to the               05:29

11 software that operates on the Galaxy S II which

12 are different than what's on Tab 10.1.  There's

13 different software.  So by virtue of the

14 internals and the manner in which the device

15 operates, it is clear to me that -- I mean, in    05:29

16 the analysis of the source code that I've

17 performed, that it does -- it performs the

18 determination -- it performs scaling and

19 scrolling in a much different way or in a

20 fundamentally different way than the predecessor    05:30

21 code.  So yes, in addition to the multi-finger

22 scrolling, then there's also different software

23 operating on the S II.

24     Q.   Well, when you say "predecessor

25 code," the Galaxy S II never ran Android 3.1,      05:30



Page 68

1 [redacted]
2
3
4
5
6

7         MR. MONACH:  We have a signal that
8     we are almost out of time, so it's
9     probably a good time for a break.  Again,
10    ten minutes or so.                                06:03
11        THE VIDEOGRAPHER:  This marks the
12    end of Volume 1, Disk 1 in the deposition
13    of Stephen Gray.  Time is 6:03 p.m.  We
14    are off the record.
15        (Recess taken from 6:03 p.m. to              06:14
16    6:14 p.m.)
17        THE VIDEOGRAPHER:  This marks the
18    beginning of Volume 1, Disk 2 in the
19    deposition of Stephen Gray.  Time is
20    6:14 p.m. and we are on the record.              06:15
21 BY MR. MONACH:
22 [redacted]
23
24
25

Confidential Attorneys' Eyes Only



25    A.    So it looks to me that at Line                06:19

Confidential Attorneys' Eyes Only



Page 72

Confidential Attorneys' Eyes Only





Confidential Attorneys' Eyes Only

Confidential Attorneys' Eyes Only

Page 80

1    to one bit of testimony you gave earlier today.
2    And I'll paraphrase it, because I don't have the
3    exact quote in front of me.  And if you think
4    I've mischaracterized your prior testimony,
5    please correct me.                                              06:48
6              My recollection is that when I
7    asked To you look at the observed behavior of the
8    Galaxy Tab 10.1 that we have here as an exhibit,
9    and the Galaxy S II, Deposition Exhibit 4, you
10   said that from the perspective of the user with           06:48
11   respect to one finger scrolling, two finger
12   scaling, and what you've called two finger
13   scrolling, that they were roughly the same, or
14   words to that effect of the user.
15             Do you recall that?                             06:49
16       A.   I do.
17       Q.   So my follow-up question, sir, is
18   you didn't say they were the same.  You said they
19   were roughly the same.  Does the observed
20   behavior or behavior to the user on those three           06:49
21   categories differ in any way that is relevant to
22   infringement or non-infringement of Claim 8 of
23   the 915 patent?
24       A.   My observation is that the
25   differences that I referred to between the                06:49

Confidential Attorneys' Eyes Only

Page 81

| | | |
|---|---|---|
| 1 | observed behavior of the Tab and the observed | |
| 2 | behavior of the phone with respect to the | |
| 3 | gestures or the two finger scroll, so on, are not | |
| 4 | materially different.  They are -- they are | |
| 5 | different in around the edges, but they are not | 06:49 |
| 6 | fundamentally different.  They would be observed | |
| 7 | similarly. | |
| 8 |     Q.    Are they different in any way that | |
| 9 | you think is relevant to determining infringement | |
| 10 | or non-infringement of the 915 patent? | 06:50 |
| 11 |     A.    No. | |
| 12 |     Q.    Thank you.  That's all I have. | |
| 13 |     MR. BRIGGS:  I would just like to | |
| 14 | designate the transcript attorneys' eyes | |
| 15 | only.  The entire transcript. | 06:50 |
| 16 |     THE VIDEOGRAPHER:  This marks the | |
| 17 | end of Volume 1, Disk 2, and concludes | |
| 18 | today's deposition of Stephen Gray.  Time | |
| 19 | is 6:50 p.m. and we are off the record. | |
| 20 |     (Discussion was held off the | 06:51 |
| 21 | record.) | |
| 22 |     MR. MONACH:  Go back on the | |
| 23 | record. | |
| 24 |     After the close of the deposition, | |
| 25 | counsel have agreed that Quinn Emanuel | 06:51 |

Page 83

```
 1            C E R T I F I C A T E
 2       STATE OF CALIFORNIA      )
 3                                )
 4       COUNTY OF SAN FRANCISCO  )
 5            I, LINDA VACCAREZZA, a Certified
 6       Shorthand Reporter for the State of
 7       California, do hereby certify:
 8            That STEPHEN GRAY, the witness whose
 9       deposition is hereinbefore set forth, was
10       duly sworn by me and that such deposition
11       is a true record of the testimony given
12       by such witness.
13            I further certify that I am not
14       related to any of the parties to this
15       action by blood or marriage; and that I
16       am in no way interested in the outcome of
17       this matter.
18            IN WITNESS WHEREOF, I have hereunto
19       set my hand this 7th day of November
20       2012.
21
22       _____
23         LINDA VACCAREZZA, CSR. NO. 10201
24
25
```