QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kathleen M. Sullivan (Cal. Bar No. 242261)
kathleensullivan@quinnemanuel.com
Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Susan R. Estrich (Cal. Bar No. 124009)
susanestrich@quinnemanuel.com
Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS
CO., LTD., SAMSUNG ELECTRONICS
AMERICA, INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | CASE NO. 11-cv-01846-LHK |
| Plaintiff, | **SAMSUNG'S OBJECTIONS TO APPLE'S REPLY EVIDENCE** |
| vs. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendants. | |

02198.51855/5056791.3

1    Pursuant to Northern District of California Local Rule 7-3(d)(1), Samsung hereby objects
2 to Apple's reply evidence submitted with its Reply in Support of Motion for a Permanent
3 Injunction and Reply in Support of Apple's Motion for Judgment as a Matter of Law.

4    **A.    Declaration of Dr. Karan Singh**

5    Samsung objects to Apple's submission of the declaration of Karan Singh in Support of
6 Apple's Reply in Support of its Motion for a Permanent Injunction and for Damages
7 Enhancements ("Singh Declaration").  Dkt. 2127-3.  First, the declaration is an attempt by Apple
8 to avoid the Court's order regarding briefing page limits.  The Court's August 28 scheduling
9 Order expressly anticipated such an inappropriate strategy of expanding page limits by use of
10 declarations or other supporting materials, and barred it in no uncertain terms:

> The page limits set forth herein will be strictly enforced.  Any argument that is not explicitly articulated within the briefing page limits will be disregarded.  Any supporting documentation shall be for corroboration purposes solely and shall not be used as a vehicle for circumventing the Court's page limits.  Any citations to the record must include the relevant testimony or exhibit language.

14 Dkt. 1945.  And the Court denied Apple's request to expand the page limits for its Reply.  Dkt.
15 2104.  Undeterred, Apple is trying to bypass the briefing page limits by submitting the 14 page
16 Singh declaration.  Apple never discusses the content of the Singh Declaration in its Reply, and
17 only mentions the Declaration once in a footnote.  *See* Dkt. 2127-2 at n. 5.  Therefore, the Singh
18 Declaration should be stricken for failing to adhere to the Court's Order regarding page limits.

19    Second, the Singh Declaration includes irrelevant opinions and observations regarding the
20 Galaxy S III product.  Dkt. 2127-2 at ¶¶ 7, 23.  The Galaxy S III was not at issue in this
21 litigation, was not considered by the jury, and therefore is irrelevant to the instant motion.
22 Samsung *never once* mentioned the Galaxy S III in its opposition to the Motion for Permanent
23 Injunction, and Samsung's expert Mr. Gray did not opine on the Galaxy S III in his declaration.
24 Opinions and argument regarding the Galaxy S III are therefore inappropriate for a reply and
25 should be stricken.  *See Johnson v. Sky Chefs, Inc.*, No. 11-CV-05619-LHK, 2012 WL 4483225
26 at *12 n.10 (N.D. Cal. Sept. 27, 2012) (declining to consider arguments in a reply that were not
27 responsive to arguments raised in Plaintiff's Opposition).

28

02198.51855/5056791.3

-1-    Case No. 11-cv-01846-LHK
**S**AMSUNG'S OBJECTIONS TO APPLE'S REPLY EVIDENCE

Finally, because Apple bears the burden of proof to show infringement, if the Court were to consider the Singh Declaration, Samsung must be permitted to respond. *See, e.g. Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (where new evidence is presented in reply to motion for summary judgment, the court should either not consider it or give the non-movant an opportunity to respond).[1] The Singh Declaration contains a new infringement theory that was never mentioned in Dr. Singh's expert report, declaration, deposition or trial testimony. Because Samsung has never had an opportunity to test Dr. Singh's new theory of infringement, Samsung would be prejudiced if the Singh Declaration were considered, particularly if Samsung is not given the opportunity to explain why it is inaccurate.

### B.   Declaration of Dr. John R. Hauser

Samsung objects to the introduction of Dr. Hauser's new opinion in the Reply Declaration of John R. Hauser in Support of Apple's Motion for a Permanent Injunction ("Hauser Declaration") and the materials upon which he relies to support it. In his original expert report, submitted on March 22, 2012, Dr. Hauser presented the results of smartphone and tablet surveys that he said were designed to elicit Samsung consumers' "willingness to pay" for the features claimed in Apple's utility patents, *but not to assess consumer demand* for Samsung smartphones or tablets allegedly equipped with those features over other options. Dkt. 2130-1 at ¶¶ 13, 70 (*distinguishing* his surveys from ones designed to assess consumer demand). At trial, on August 10, 2012, Dr. Hauser nevertheless testified—without any evidentiary support—that the results of his surveys "reflect that there is substantial demand for the features associated with the patents at issue in this case." Trial Tr. at 1916. In the Hauser Declaration, he repeated this trial testimony verbatim and, for the first time, offered three previously-undisclosed economics textbooks as the basis for this claim. Dkt. 2130 at ¶¶ 6, 8; Dkt. 2130-2. The new evidence does not stop there. Dr. Hauser also presented the results of *new calculations*, not previously disclosed—including those related to his "first choice" simulation model as well as *additional* willingness-to-pay

---

[1] This request applies to each of the declarations to which Samsung objects. To the extent they are admitted, Samsung is entitled to an opportunity to respond.

1  calculations for other features included in his surveys.   Dkt. 2130 at ¶¶ 24, 29; Dkt. 2130-5.

2  Samsung also objects to the previously-undisclosed newspaper article (dated nearly a year prior to

3  Dr. Hauser's original expert report) offered as purported external validation of the new

4  calculations Dr. Hauser reports in paragraph 29 of his declaration.   Dkt. 2130 at ¶ 29 n. 41(citing

5  New York Times article, dated April 3, 2011).

6  　　　Samsung further objects to the incomplete and misleading excerpts from the deposition of

7  Dr. Jerry Wind, including 26:9-27:2, 80:7-81:8, and 117:5-8.   Dkt. 2130 at ¶¶ 7, 45, 47; Dkt.

8  2127-2 at 4-5.   In order to be complete and not misleading, 26:9-27:2 needs to be considered

9  along with 24:7-26:7 and 80:7-81:8 needs to be considered with 81:11-83:19.   Maroulis Decl.

10  Exh 1.   Most egregiously, in citing 117:5-8, Apple attempts to mislead the Court that Dr. Wind

11  agreed with Apple's attorney, but the citation includes but a single word from Dr. Wind's answer.

12  Dkt. 2130 at ¶ 7; Dkt. 2127-2 at 4.   To be complete and not misleading, the full answer must be

13  considered.   Dkt. 2130-3 (Wind Dep. Tr. 117:5-15).

14  　　　Finally, significant portions of Dr. Hauser's declaration are also objectionable because they

15  are nothing more than Apple's attempt to evade the Court's order regarding the page limits on

16  briefs.   Dkt. No. 1945 at 3.   For example, Apple makes no reference in its Reply to paragraphs

17  10, 18, 26-29, 31, 35-39, 44, and 46-48 of Dr. Hauser's declaration.   Dkt. 2130.

18  　　　**C.   Declaration of Richard S.J. Hung**

19  　　　Samsung objects to the Declaration of Richard S.J. Hung in Support of Apple's Motion for

20  Permanent Injunction; and Judgment as a Matter of Law ("Hung Declaration").   Dkt. 2127-4.

21  Apple attaches as exhibits to the Hung Declaration various documents that it could have submitted

22  along with its opening brief.   This includes exhibits 9 through 14 which Apple cites for

23  propositions that it raised in its moving papers, such as the importance of design.   In addition,

24  Apple improperly violates the Court's page limits by attaching deposition testimony from Dr.

25  Erdem, Dr. Wind and Mr. Gray to the Hung Declaration even though many of the pages that it

26  cites are not referenced anywhere in its briefs.   This is true for pages 21-23, 25, 33-36, 75-77, and

27  164-66 of Dr. Erdem's deposition which are a portion of exhibit 15 to the Hung Declaration, pages

28  11-14, 19, 21, 25, 29, 54, 58, 75-79, 82, 87, 90, 93-94, 97, 101-03, 116, 118, and 129-31 of Dr.

1  Wind's deposition which are attached as exhibit 16 to the Hung declaration, and pages 36-37, 67-
2  69, 72-74, and 80-81 of Mr. Gray's deposition which are attached as exhibit 17 to the Hung
3  declaration.  Dkt. 2127-13-21.  Samsung objects to exhibits 1 through 8 to the Hung Declaration
4  on the ground they are being submitted for the first time on reply.  Dkt. 2127-5-12.

### D.  Declaration of Marylee Robinson

*Supplemental Damages (Paragraphs 5-6):*  The opinions in paragraph five are nowhere referenced in Apple's reply briefs, and thus constitute an impermissible circumvention of the Court's page limits.  *See* Dkt. 1945 at 3.  In addition, Ms. Robinson's "understanding" of Apple's post-trial document requests and Samsung's purported "refusal to provide them" (Dkt. 2129 at 2:3-5) constitute impermissible hearsay and are without a factual basis.  Exhibits 21 and 22 to the Declaration of Richard Hung (Dkt. 2127-26, 27) show that Apple never requested any sales information from Samsung before filing its motions, Samsung produced all sales information subsequently requested by Apple, and Apple never even asked for a deposition to determine whether the sales information was "created in the ordinary course."  Dkt. 2129 at 2:4.  Ms. Robinson's "understanding" and her purported "concerns" about Samsung's sales data are based on hearsay, lack factual basis, are irrelevant and should be excluded pursuant to Fed. R. Ev. 402, 403, 702 and 802.

The "update[d]" projections and calculations in paragraph six should be excluded as new argument.  During her recent deposition, Ms. Robinson stated under oath that she was not preparing revised projections (Dkt. 2126-13 at 101:25-102:1), and would not submit a new declaration unless Samsung produced "comprehensive sales data for all 26 products."  *Id*. at 102:2-11.  A mere four days later, Ms. Robinson submitted a new declaration containing the revised projections she had denied preparing only days before, thus denying Samsung the opportunity to test her new calculations during deposition.

*Enhancements (Paragraphs 7-15):*  Paragraphs 7 through 15 should be stricken pursuant to Fed. R. Ev. 702, 402, and 403 and based on lack of foundation.  Ms. Robinson states that her enhancement model "provides an appropriate analysis of the benefit that Samsung received and the harm Apple experienced based on the 'head-start' Samsung received by substantially

increasing its market share by selling products that violated the Lanham Act." Dkt. 2129 at 5:4-6.  *First*, Ms. Robinson admitted during her deposition that she has *no idea* what impact the infringing and diluting products had on Samsung's market share.  Dkt. 2126-13 at 65:15-67:9.  *Second*, Ms. Robinson also has no idea what proportion of Samsung's market share increase was attributable to the purported "head start." *Id.* at 116:23-117:8.  *Third*, Ms. Robinson admitted that her only evidence of a "head-start" was Samsung's increased market share, but that there could be numerous reasons for that increase. *Id.* at 61:25-62:23, 71:12-72:1.  *Fourth*, Ms. Robinson has no evidence that Apple would have obtained *any* additional sales but for the infringing and/or diluting sales.  *Id.* at 78:16-19.  *Fifth,* Ms. Robinson's analysis is contrary to law.  Ms. Robinson's new lost profits analysis did not consider potential design-arounds.  Dkt. 2129 at ¶ 12; Dkt. 2126-13 at 89:16-18.  *See Grain Processing Corp. v. Am. Maize-Prods. Co.*, 185 F.3d 1341, 1355 (Fed. Cir. 1999) (lost profits cannot be recovered where design-arounds are available).  Similarly, Ms. Robinson concedes that her analysis can result in double-counting.  Dkt. 2129 at ¶ 14; Dkt. 2126-13 at 90:21-91:8 ("Q. And that $490 million is included in the 702 million that you have concluded and that you've arrived at in paragraph 29; correct?  A. . . . yes, there is an overlap.").  *See Century 21 Real Estate LLC v. Bercosa Corp.*, 666 F. Supp. 2d 274, 286 (E.D.N.Y. 2009) (excluding damages for failure to take steps to avoid double counting).

*Finally,* Ms. Robinson has presented no analysis or evidentiary support for numerous opinions in her declaration, including that her "model suggests that Apple would have lost more than $1.4 billion in lost profits" (Dkt. 2129 at 3:13-14); "[o]n average, using a traditional *Mor-Flo* analysis would have increased Apple's market share from 30% to 37% from Q3-2010 to Q2-2012" (*id.* at 3:18-19); "[t]he introduction of a hypothetical design-around after the diluting and infringing phones were in the marketplace would not impact those downstream benefits and thus would not reduce the harm suffered by Apple" (*id.* at 4:13-15); and "[m]arket share increases have substantial positive effects on the sales of follow on products by the same company and a corresponding negative effect on other competitors" (*id.* at 5:7-9).  The latter two conclusions are also beyond Ms. Robinson's area of expertise.  Ms. Robinson has no expertise in marketing, consumer decision-making, or the smartphone or tablet markets.  Dkt. 2126-13 at 11:2-10.

1  DATED: November 16, 2012        QUINN EMANUEL URQUHART &
                                    SULLIVAN, LLP
2

3

4                                   By *Victoria F. Maroulis*
                                       Victoria F. Maroulis
5
                                    Attorneys for SAMSUNG ELECTRONICS CO.,
6                                   LTD., SAMSUNG ELECTRONICS AMERICA,
                                    INC., and SAMSUNG
7                                   TELECOMMUNICATIONS AMERICA, LLC

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28