1   HAROLD J. MCELHINNY (CA SBN 66781)        WILLIAM F. LEE
    hmcelhinny@mofo.com                        william.lee@wilmerhale.com
2   MICHAEL A. JACOBS (CA SBN 111664)          WILMER CUTLER PICKERING
    mjacobs@mofo.com                           HALE AND DORR LLP
3   RACHEL KREVANS (CA SBN 116421)             60 State Street
    rkrevans@mofo.com                          Boston, MA 02109
4   JENNIFER LEE TAYLOR (CA SBN 161368)        Telephone: (617) 526-6000
    jtaylor@mofo.com                           Facsimile: (617) 526-5000
5   MORRISON & FOERSTER LLP
    425 Market Street
6   San Francisco, California  94105-2482      MARK D. SELWYN (SBN 244180)
    Telephone:  (415) 268-7000                 mark.selwyn@wilmerhale.com
7   Facsimile:  (415) 268-7522                 WILMER CUTLER PICKERING
                                               HALE AND DORR LLP
8                                              950 Page Mill Road
                                               Palo Alto, California 94304
9   Attorneys for Plaintiff and                Telephone: (650) 858-6000
    Counterclaim-Defendant APPLE INC.          Facsimile: (650) 858-6100

10

11

12                          UNITED STATES DISTRICT COURT

13                      NORTHERN DISTRICT OF CALIFORNIA

14                                SAN JOSE DIVISION

15
    APPLE INC.,                                 Case No.     11-cv-01846-LHK (PSG)
16
                         Plaintiff,             **DECLARATION OF ERIK J.
17                                              OLSON IN SUPPORT OF APPLE'S
            v.                                  OPPOSITION TO SAMSUNG'S
18                                              MOTION TO COMPEL
    SAMSUNG ELECTRONICS CO., LTD., A            DEPOSITIONS AND TO FILE
19   Korean business entity; SAMSUNG            SUPPLEMENTAL BRIEF**
    ELECTRONICS AMERICA, INC., a New York
20   corporation; SAMSUNG
    TELECOMMUNICATIONS AMERICA, LLC, a
21   Delaware limited liability company,

22                        Defendants.

23

24                              **PUBLIC VERSION**

25                          **EXHIBIT 4 REDACTED**

26

27

28
    Olson Decl. ISO Apple's Opp'n to Samsung's MTC Depositions
    11-cv-01846-LHK (PSG)
    sf-3220118

I, Erik J. Olson, declare as follows:

1.      I am a partner in the law firm of Morrison & Foerster LLP, counsel for Apple Inc. ("Apple").  I am licensed to practice law in the State of California.  Unless otherwise indicated, I have personal knowledge of the matters stated herein and, if called as a witness, could and would testify competently thereto.  I make this declaration in support of Apple's Opposition to Samsung's Motion to Compel Depositions of Apple's Reply Declarants.

2.      Attached as **Exhibit 1** is a true and correct copy of the rebuttal expert report by R. Sukumar dated April 16, 2012.

3.      Attached as **Exhibit 2** is a true and correct copy of relevant excerpts of the deposition transcript of Marylee Robinson dated November 5, 2012.

4.      Attached as **Exhibit 3** is a true and correct copy of an email chain between Richard Hung, counsel for Apple, and Victoria Maroulis, counsel for Samsung, dated October 31, 2012.  This e-mail reflects Apple's five communications on Tuesday, October 23, Thursday, October 25, Friday, October 26, Monday, October 29 and Wednesday, October 31 in an effort to obtain complete sales data on all infringing products from Samsung.

5.      Attached as **Exhibit 4** is a true and correct copy of a letter sent by Anthony Alden, counsel for Samsung, to Mr. Hung on November 7, 2012.  In this letter, Mr. Alden specifically mentions that Samsung's failure to produce documents related to sales was addressed as a part of Ms. Robinson's deposition two days earlier.  Mr. Alden continues to object to the production of sales records but provides for the first time his representation on behalf of Samsung regarding the scope of Samsung's sales of 18 of the 26 infringing products.

6.      The below chart compares the subjects included in Ms. Robinson's reply declaration and locations in which the same information was previously disclosed to Samsung in connection with her prior declaration or November 5 deposition.  As reflected in this table, Samsung has already received discovery on the issues presented in Ms. Robinson's reply declaration with the exception of a calculation that used data provided for the first time by Samsung two days later on November 7, as reflected by the communications referred to in paragraphs 4 and 5 above.  The relevant portions of the deposition are included in Exhibit 2.

| Reply Robinson Declaration | Prior Discovery |
|---|---|
| ¶ 1, Professional Background. | Disclosed in original declaration and discussed at deposition. (Dkt. No. 1982-71 ¶¶ 1-4; Dkt. No. 1982-72; Exhibit 2 hereto at 10:10-12:25.) |
| ¶¶ 2-3, <u>Supplemental Damages</u>: In reply to Samsung's opposition (Dkt. 2053 at 26:22-23), explains that basing supplemental damages on per-unit average for all infringing products results in lower amount than Samsung's proposed use of 8 products only ($50.40 instead of $50.85 per-unit). | Deposition covered supplemental damages model, including $50.40 per-unit amount. (Exhibit 2 hereto at 98:21-103:4, 113:11-114:19; 115:3-116:21.)<br><br>Prior declaration and work papers disclosed methodology. (Dkt. No. 1982-71 ¶ 9; Dkt. No. 1982-73; *see also* Exhibit 3 hereto.)<br><br>The final calculation was not conducted until after November 7 because Samsung withheld the relevant data as reflected in paragraphs 4 and 5 above. |
| ¶¶ 4-5, <u>Supplemental Damages</u>: Prior calculation used all available sales data to estimate future sales of all products. Unable to verify new sales data in Samsung's opposition due to Samsung's refusal to produce underlying documents and irregularities in Samsung's production. | Disclosed in original declaration and covered at deposition. (Dkt. No. 1982-71 ¶¶ 6-7; Exhibit 2 hereto at 98:21-101:24, 113:11-114:19, 115:3-116:2.) |
| ¶ 6, <u>Supplemental Damages</u>: Alternative calculation of supplemental damages and prejudgment interest based on new information in Samsung's opposition and in Samsung's November 7 production. | Prior declaration and work papers disclosed methodology. (Dkt. No. 1982-71 ¶ 11 & Dkt. No. 1982-74; *see also* Exhibit 3 hereto.)<br><br>Deposition covered sales projections and model. (Exhibit 2 hereto at 69:15-25, 98:24-99:24, 119:23-25.)<br><br>The final calculation was not conducted until after November 7 because Samsung withheld the relevant data as reflected in paragraphs 4 and 5 above. |
| ¶ 7, <u>Enhanced Damages</u>:  Disagrees with Samsung's criticism of prior estimate of harm to Apple from Samsung's sale of trade dress diluting products, which used conservative assumptions (*see* ¶¶ 8-15). | Covered in deposition. (Exhibit 2 hereto at 74:18-97:7.) |
| ¶ 8, <u>Enhanced Damages</u>: 50% reduction in Apple's lost sales suffices to account for differences in carrier preferences, operating platform preferences, price, and other market considerations. | Covered in deposition. (*Id.* at 80:4-81:5.) |

| Reply Robinson Declaration | Prior Discovery |
| --- | --- |
| ¶ 9, <u>Enhanced Damages</u>: Ms. Robinson's use of unadjusted market share distribution was another conservative assumption, compared to traditional *MorFlo* analysis. | Covered in deposition. (*Id.* at 79:1-80:2.) |
| ¶ 10, <u>Enhanced Damages</u>: Responds to Samsung's criticism that lost profits model does not account for capacity. | Covered in deposition. (*Id.* at 81:15-82:10.) |
| ¶ 11, <u>Enhanced Damages</u>: Responds to criticism that lost profits model does not account for non-infringing phones. | Covered in deposition. (*Id.* at 74:18-76:20.) |
| ¶ 12, <u>Enhanced Damages</u>: Replies to criticism that lost profits model does not make any design-around assumptions. | Covered in deposition. (*Id.* at 89:2-90:6.) |
| ¶ 13, <u>Enhanced Damages</u>: Responds to criticism that lost profits model includes all lost profits awarded by jury. | Covered in deposition. (*Id.* at 82:24-89:1.) |
| ¶ 14, <u>Enhanced Damages</u>: Lost profits model captures about 10% of Samsung's infringing sales, which is comparable to Mr. Musika's prior model, which captured about 12% of Samsung's infringing sales. | Covered in deposition. (*Id.* at 84:13-86:25.) |
| ¶ 15, <u>Enhanced Damages</u>: Concludes that prior opinion properly analyzes harm to Apple from Samsung's trade dress dilution. | Covered in deposition. (*Id.* at 74:18-97:7.) |

7.      Attached as **Exhibit 5** is a true and correct copy of relevant excerpts of the deposition transcript of Stephen Gray, dated November 6, 2012.

8.      I understand based on correspondence from Karan Singh that he is currently in Delhi, India and will be in various cities in India, including Amritsar and Goa, until the beginning of January 2013.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on November 20, 2012 at Palo Alto, California.

*/s/ Erik J. Olson*
ERIK J. OLSON

Olson Decl. ISO Apple's Opp'n to Samsung's MTC Depositions
11-cv-01846-LHK (PSG)
sf-3220118

3

1

**ATTESTATION OF E-FILED SIGNATURE**

2
     I, Michael A. Jacobs, am the ECF User whose ID and password are being used to file this

3
Declaration.  In compliance with General Order 45, X.B., I hereby attest that Erik J. Olson has

4
concurred in this filing.

5
Dated:  November 20, 2012                           */s/ Michael A. Jacobs*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28