Exhibit 3

| | |
|---|---|
| **From:** | Hung, Richard S. J. |
| **Sent:** | Wednesday, October 31, 2012 6:28 PM |
| **To:** | Victoria Maroulis |
| **Cc:** | AvSSNDCPostTrial; 'WHAppleSamsungNDCalService@wilmerhale.com' (WHAppleSamsungNDCalService@wilmerhale.com); Samsung v. Apple (Samsungv.Apple@quinnemanuel.com); Olson, Erik J. |
| **Subject:** | RE: Apple v. Samsung (11-cv-1846) -- Materials relied upon in Samsung's oppositions to Apple's post-trial motions |

Vicki --

Thanks for forwarding your response. (For some reason, not all members of our team -- including myself -- received it.)

To respond to Samsung's positions below:

Sales Data.  By its arguments, Samsung has attempted to suggest that Apple's projections were too high using incomplete sales figures. Samsung does not deny that it sold additional infringing products; it just refuses to provide complete information. It therefore is Samsung, and not Apple, that is asking the Court to assess damages based on incomplete figures. Samsung should provide the complete information or withdraw its claim that the projections are too high. The information is easily available, but Samsung is withholding it because it is obviously unfavorable. Candor with the Court requires more.

Apple's documents.  We are puzzled by Samsung's position that reciprocity means Apple "produc[ing] the materials Samsung has asked for," but not providing the materials that Apple requests. That is one-sided, not reciprocal.

In any event, we will produce the Excel files from Invotex. (The East Coast weather and office shutdowns have delayed our receipt of these, but we have requested and are following up.) We expect Mr. Wagner's files promptly. As you know, we continue to have difficulties reaching Dr. Winer.

With those clarifications, we are unaware of any information not already available to Samsung that was reviewed by the declarants. Please provide the same confirmation for Samsung's remaining declarants or make an appropriate production immediately.

Rich

Richard S.J. Hung
Morrison & Foerster LLP
rhung@mofo.com
(415) 268-7602

**From:** Victoria Maroulis [mailto:victoriamaroulis@quinnemanuel.com]
**Sent:** Wednesday, October 31, 2012 11:09 AM
**To:** Hung, Richard S. J.
**Subject:** FW: Apple v. Samsung (11-cv-1846) -- Materials relied upon in Samsung's oppositions to Apple's post-trial motions

**From:** Victoria Maroulis
**Sent:** Monday, October 29, 2012 10:12 PM

**To:** 'Hung, Richard S. J.'
**Cc:** 'AvSSNDCPostTrial'; ''WHAppleSamsungNDCalService@wilmerhale.com'
(WHAppleSamsungNDCalService@wilmerhale.com)'; Samsung v. Apple; Albert P Bedecarre; Todd Briggs
**Subject:** RE: Apple v. Samsung (11-cv-1846) -- Materials relied upon in Samsung's oppositions to Apple's post-trial motions

Rich,

Samsung has made every effort to accommodate Apple's requests for post-trial discovery so as to avoid burdening the Court with even more disputes.  As you know, Samsung made the "gray" phones and source code available for inspection on the same day Apple requested.  Samsung also went to great effort to gather and produce Dr. Wind's and Dr. Sukumar's data the day after it was requested.  All of this despite the fact that Apple is not even entitled to post-trial discovery.  Your assertion that Samsung has somehow raised "irrelevant issues" and is withholding relevant information is thus misguided.  With respect to the other points raised in your email:

Mr. Choi.  We confirm that Samsung has provided all materials used by Mr. Choi to prepare his declaration.

Sales information.   Apple made a strategic decision to avoid the type of discovery that it now seeks.  Apple unequivocally stated:  "Any approach to supplemental damages requiring additional discovery would only delay Apple's right to recover."  (Dkt. No. 1989 at 28:5-6).  To underscore the point, Apple specifically requested that supplemental damages be based only on "undisputed information of actual past unit sales of infringing models."  (*Id.* at 28:7-9).  Had Apple wanted to base its request on actual evidence of additional Samsung sales, it could have requested that information, or more efficiently and appropriately, delayed its request until the supplemental damages period and the number of sales is known.  It chose not to do that.  It is thus Apple that is behaving improperly by attempting to change the rules mid-stream.  Let us know if Apple now wishes to withdraw its premature supplemental damages request – as Samsung has suggested --  and we'll consider the request.

Apple's documents.  Thank you for agreeing to provide all documents used by Apple's declarants in preparing their declarations, and native versions of all calculations performed by or for Ms. Robinson and Mr. Musika.  Samsung will provide Excel versions of the calculations submitted by Mr. Wagner.  However, Samsung declines Apple's overbroad request to produce all documents reviewed by Mr. Rowden or Mr. Kim, if any.  Apple made a decision to seek materials with respect to only certain Samsung declarants.  Samsung engaged in a round of collection and has already provided those materials.  Apple must now reciprocate by providing the materials Samsung seeks with respect to certain Apple declarants.  Reciprocity doesn't mean that Samsung should engage in another round of collection and produce MORE materials.  It means that Apple must now produce the materials Samsung has asked for.  We look forward to receiving those materials, as promised, by noon tomorrow.

Vicki

---

**From:** Hung, Richard S. J. [mailto:RHung@mofo.com]
**Sent:** Monday, October 29, 2012 9:01 AM
**To:** Victoria Maroulis
**Cc:** AvSSNDCPostTrial; ''WHAppleSamsungNDCalService@wilmerhale.com'
(WHAppleSamsungNDCalService@wilmerhale.com)'; Samsung v. Apple; Albert P Bedecarre; Todd Briggs
**Subject:** RE: Apple v. Samsung (11-cv-1846) -- Materials relied upon in Samsung's oppositions to Apple's post-trial motions

Hi Vicki,

**Samsung's documents.**  Samsung continues to raise irrelevant issues and withhold the information used by declarants that is relevant to Apple's motions.

2

<u>Dr. Wind's and Dr. Sukumar's data.</u>  Based on our initial review of what was posted, it is not clear that Samsung has provided everything that it is needed to replicate the results.  We will reply further as we look more deeply into what you supplied.

<u>Mr. Choi.</u>  If Mr. Choi did not review any privileged information, the issue is moot.  What you said earlier suggests something different, *i.e.* that he reviewed privileged information in preparing his declaration, particularly as to the alleged design-arounds.  Please confirm that you have or are providing Apple all information used by Mr. Choi to prepare his declaration.

<u>Sales information.</u>  Apple sought supplemental damages for all infringing sales.  Apple conservatively used sales with respect to eight products to estimate the sales of all infringing products.  You claim that Samsung sold fewer infringing products than was estimated, but you refuse to give information on anything other than the eight products.  Intentionally omitting sales of other infringing products is improper and misleading and fails to address the central issue – how many infringing products has Samsung sold after July 1 for which Apple has not been compensated.  Apple is not expanding the scope of its motion or discovery, and this information is easily obtainable by Samsung.

**Apple's documents.**  You position is reflexive and is late, coming more than five weeks after the declarations were submitted.  It is also unnecessary because Apple's declarants identified what they relied on and used material already available to Samsung.  Further, there is no surreply and thus Samsung does not have any briefing with which to submit new information.

Despite this and to avoid unnecessary disputes, we are reviewing the declarations again and will provide documents, if any, that the declarants used to prepare their declarations that are not public or already in Samsung's possession.  Similarly, although all calculations done are transparent in the exhibits, we will provide an Excel copy of the calculations that Ms. Robinson and Mr. Musika attached to their declarations.

We therefore expect that Samsung will provide an Excel spreadsheet of all calculations by Mr. Wagner (or any other expert who used Excel, Access or another electronic program for this purpose) and will provide all documents reviewed by any of your remaining declarants (*e.g.* Rowden, Kim, etc).  Is this agreed, or does Samsung believe that its declarants are immune from providing the same information that Samsung requests of Apple?  We have not previously made this request because we have sought to target our requests to what we need to address new items in Samsung's declarations.  If you want to expand the request to all declarations as listed below, the obligation should be reciprocal.

Please respond on this last item by 7 pm this evening.

Thanks -- Rich

Richard S.J. Hung
Morrison & Foerster LLP
rhung@mofo.com
(415) 268-7602

---

**From:** Victoria Maroulis [mailto:victoriamaroulis@quinnemanuel.com]
**Sent:** Friday, October 26, 2012 9:23 PM
**To:** Victoria Maroulis; Hung, Richard S. J.
**Cc:** AvSSNDCPostTrial; ''WHAppleSamsungNDCalService@wilmerhale.com' (WHAppleSamsungNDCalService@wilmerhale.com)'; Samsung v. Apple; Albert P Bedecarre; Todd Briggs
**Subject:** RE: Apple v. Samsung (11-cv-1846) -- Materials relied upon in Samsung's oppositions to Apple's post-trial motions

Rich,

This email responds to the rest of your request from yesterday night.  Apple represented to Samsung and the Court in its JMOL motion that it did <u>not</u> want to engage in post-trial discovery.  It is now apparent that Apple has changed its position and seeks full-blown discovery.  Samsung continues to object to post-trial discovery and provides the responses below solely to avoid burdening the Court with additional disputes.  My email from earlier today already addressed your requests concerning "gray" versions of the Galaxy S II and other physical products (e.g. the Erdem version)", "Source code," and Dr. Sukumar's and Dr. Wind's data.  We have now obtained Dr. Wind's data and will also be producing that today.

1. <u>Choi Declaration</u>: Mr. Choi did not rely on any privileged information as the basis for his statements.  My response was phrased in the disjunctive: "relied on or reviewed by" Mr. Choi.  Moreover, in light of the parties' agreement not to log attorney-client or work-product information memorialized in the parties' Initial Joint Case Management Conference Statement, Samsung declines Apple's request to provide a log of any such materials.

2. <u>Sales Information</u>: As I stated, as an accommodation and to avoid further dispute, Samsung will produce today additional financial documents relied on or reviewed by Mr. Kerstetter in preparing his declaration.  There was nothing ambiguous about my response, and Apple's speculation about what information is or is not available through Samsung's system of record merits no answer.  Moreover, Apple made a strategic decision to seek supplemental damages as to only eight Samsung products.   Samsung's opposition was prepared and filed on this basis, and Exhibit 2 to Mr. Kerstetter's declaration shows the unit sales of any of the eight products sold by STA in 3Q 2012.  Apple's attempt to now dramatically expand the scope of its motion mid-way through the briefing is improper and highly prejudicial to Samsung.

3. <u>Kerstetter Declaration</u>: Samsung has produced all documents that form the basis for Mr. Kerstetter statements in his declaration about when STA will cease to sell certain products.  Mr. Kerstetter is the Vice President of Business Planning at STA  and has first-hand knowledge concerning these issues.  Apple's use of the term "uncorroborated" is a blatant attempt to avoid the consequences of the facts attested to in Mr. Kerstetter's declaration.

In light of Apple's change in position regarding discovery, Samsung requests the following:

1. All materials relied upon or reviewed by Marylee Robinson in connection with her declaration dated September 21, 2012, which have not already been produced to Samsung.  This includes without, limitation, all models and calculations relied on or reviewed by Ms. Robinson in connection with the conclusions stated in paragraphs 9 – 31 of her declaration.

2. All materials relied upon or reviewed by Philip Schiller in connection with his declaration dated August 28, 2012, which have not already been produced to Samsung.  This includes without, limitation, all materials relied on or reviewed by Mr. Schiller in connection with the opinions stated in paragraphs 4, 6, 7, 14, and 15 of his declaration.

3.  All materials relied upon or reviewed by Dr. Winer in connection with his declaration dated September 20, 2012, which have not already been produced to Samsung.  This includes without, limitation, all materials relied on or reviewed by Dr. Winer in connection with the opinions stated in paragraphs 7, 9-11, and 13 of his declaration.

4. All materials relied upon or reviewed by Christopher Crouse in connection with his declaration dated September 21, 2012, which have not already been produced to Samsung.  This includes without, limitation, all materials relied on or reviewed by Mr. Crouse concerning Apple's repair and replacement policies, discontinuance of the iPhone 3GS, and the on-going manufacture of the iPhone 3GS.

5. All materials relied upon or reviewed by Terry Musika in connection with his declaration dated August 29, 2012, which have not already been produced to Samsung. This includes without, limitation, all materials relied on or reviewed by Mr. Musika to opine on alleged downstream losses, consumer purchasing decisions, competition between Apple and Samsung, market share, and the demand for and value of Apple's I.P.

Please confirm by noon on Monday that these documents will be produced by no later than noon PST on Tuesday.

Vicki

---

**From:** Victoria Maroulis
**Sent:** Friday, October 26, 2012 10:51 AM
**To:** 'Hung, Richard S. J.'
**Cc:** 'AvSS_NDC_Post_Trial'; ''WHAppleSamsungNDCalService@wilmerhale.com' (WHAppleSamsungNDCalService@wilmerhale.com)'; Samsung v. Apple; Albert P Bedecarre; Todd Briggs
**Subject:** RE: Apple v. Samsung (11-cv-1846) -- Materials relied upon in Samsung's oppositions to Apple's post-trial motions

Rich,

Samsung will produce for inspection the two physical copies of the gray versions of the Galaxy S II (T-Mobile) and Galaxy S II (Epic 4G Touch) (item #1 in my email of yesterday) at Quinn Emanuel's San Francisco office this afternoon. Please coordinate with Al Bedecarre concerning the arrangements. Professor Erdem still has the Galaxy S II (T-Mobile) and a Galaxy S II (Epic 4G Touch) in her possession. We have requested return of them on an expedited basis and will advise when they are available for inspection. The source code (item #5 of my email) should be available this afternoon in our Silicon Valley office. Please coordinate with Todd Briggs concerning the arrangements. We will also produce the financial documents (item #4 in my email) later today.

Apple's request to produce the data underlying Dr. Wind's and Dr. Sukumar's analyses in less than 24 hours is unreasonable. Nonetheless, we are making every effort to produce the data underlying Table 1 in Dr. Sukumar's declaration today. We have requested Dr. Wind's data and expect to be able to produce it by Monday.

I will respond separately to the remainder of your email at a later time.

Vicki

**Victoria Maroulis**
*Partner,*
**Quinn Emanuel Urquhart & Sullivan, LLP**

555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
650-801-5022 Direct
650.801.5000 Main Office Number
650.801.5100 FAX
victoriamaroulis@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Hung, Richard S. J. [mailto:RHung@mofo.com]
**Sent:** Thursday, October 25, 2012 4:16 PM
**To:** Victoria Maroulis
**Cc:** AvSS_NDC_Post_Trial; ''WHAppleSamsungNDCalService@wilmerhale.com' (WHAppleSamsungNDCalService@wilmerhale.com)'; Samsung v. Apple
**Subject:** RE: Apple v. Samsung (11-cv-1846) -- Materials relied upon in Samsung's oppositions to Apple's post-trial motions

Vicki:

Thank you for your response.  We need some clarification, speed, and, as noted below, additional materials for Dr. Wind and Dr. Sukumar, however.

- "Gray" versions of the Galaxy S II and other physical products (e.g. the Erdem version).  We will make separate arrangements for review.  We need to have this material available no later than tomorrow afternoon in the bay area and available until at least November 9.  To be clear, we will need the ability to take and retain pictures of what is provided.
- What Mr. Choi reviewed.  You limit your response to "non-privileged materials" that Mr. Choi reviewed.  If Mr. Choi relied on privileged information as the basis for his statements, it needs to be produced.  Please produce a log of the materials reviewed by him that you are withholding.
- Sales information.   We are not trying to reopen discovery and certainly are not seeking to litigate what the jury resolved.  Nonetheless, your response is ambiguous and appears to exclude relevant information.  Mr. Kerstetter makes claims about sales.  Those numbers came from documents or financial information available through Samsung's system of record that show monthly sales.  Please provide that information.  He makes claims about profitability.  Please provide the documents (including information from the system of record) that he used as the source for those claims.  Finally, Mr. Kerstetter says that he limited his review of sales to eight products in the third quarter but Samsung was still selling additional products (beyond those eight) in July and August.  Please provide the monthly sales information for any infringing products sold in or after June 2012 (including for example Galaxy SII AT&T, Mesmerize, multiple versions of the Galaxy Tab 7.0, and Tab 10.1 LTE).
- Business Plans.  Mr. Kerstetter makes claims about when Samsung will cease to sell certain products.  Please provide any documents that he reviewed or on which he relied as a basis for this claim or write clearly that Samsung has nothing more than Mr. Kerstetter's uncorroborated statement to support its position.
- Source code.  We will make separate arrangements for review on the same schedule discussed above.

In addition to the foregoing, following our initial review of Dr. Wind and Dr. Sukumar's declarations, it is apparent that there are substantial materials related to their analysis that is being withheld.  As an immediate step, Apple requests production of all Dr. Wind's data relating to his calculations,  including the model, parameters, and inputs underlying the calculations listed below, any additional programming code not built into the models, and the raw output generated by the models for:

1) the market share simulations in Exhibits 9-16;
2) the calculation of willingness to pay in Exhibits 17-19; and
3) the calculation of willingness to pay in Exhibits 20-29.

Apple similarly requests immediate production of Sukumar's data relating to his calculations including programming code, parameters, inputs, and the raw data from which he derived the materials in Table 1 of Sukumar's declaration.

We expect to receive the documents promised in your e-mail today by tomorrow morning and to be able to review physical exhibits and source code in the afternoon.  Please produce Dr. Wind and Dr. Sukumar's data by the end of the day on Friday, October 26, 2012.

Rich

Richard S.J. Hung
Morrison & Foerster LLP
rhung@mofo.com
(415) 268-7602

**From:** Victoria Maroulis [mailto:victoriamaroulis@quinnemanuel.com]
**Sent:** Thursday, October 25, 2012 10:45 AM
**To:** Hung, Richard S. J.
**Cc:** AvSS_NDC_Post_Trial; ''WHAppleSamsungNDCalService@wilmerhale.com' (WHAppleSamsungNDCalService@wilmerhale.com)'; Samsung v. Apple
**Subject:** RE: Apple v. Samsung (11-cv-1846) -- Materials relied upon in Samsung's oppositions to Apple's post-trial motions

Rich,

Please see responses to Apple's request. Samsung continues to maintain that discovery post-trial is inappropriate and provides below accommodation to Apple solely to avoid potential burden on the Court. Samsung further expects that Apple will provide reciprocal materials upon any future request by Samsung:

1.  Two physical copies of the "gray" version of the Galaxy S II to which multiple declarants referred.

    Samsung will produce for inspection two physical copies of the gray versions of the Galaxy S II (T-Mobile) and Galaxy S II (Epic 4G Touch).

2.  All materials regarding the "gray" version (including specifications, business plans, and launch information) that you provided to or was otherwise reviewed by Mr. Choi, Mr. Kerstetter, Mr. Erdeem, Mr. Wagner, and Mr. Lucente.

    Other than physical copies discussed above, there are no additional materials concerning the gray versions of the Galaxy S II (T-Mobile) and Galaxy S II (Epic 4G Touch) relied on or reviewed by Mr. Wagner or Mr. Lucente in preparing their declarations. Other than Mr. Kerstetter's and Mr. Choi's declarations, Professor Erdem reviewed a Galaxy S II (T-Mobile) upgraded with the publicly available 4.0.4 code, which we will make available for inspection. Neither Mr. Choi nor Mr. Kerstetter relied on or reviewed any additional materials concerning the gray versions of the Galaxy S II (T-Mobile) and Galaxy S II (Epic 4G Touch).

3.  The documents, source code, or technical materials, if any, that Mr. Choi reviewed to reach the conclusions stated in paragraphs 10-21 of his declaration.

    Samsung has already produced all non-privileged materials relied on or reviewed by Mr. Choi in preparing his declaration.

4.  The monthly unit sales and revenue information for SEC, SEA and STA from July 1, 2012 to the present and documents showing profitability used by Mr. Kerstetter to prepare his declaration and any equivalent information on monthly sales or profits for the infringing products to which he had access in October.

    Samsung will produce additional financial documents relied on or reviewed by Mr. Kerstetter in preparing his declaration. The remainder of Apple's request is overbroad and seeks information not relevant to its post-trial motions at this time in light of, among other things, its stated position that supplemental damages should be calculated now based on sales data through June 30, 2012, and its desire to avoid additional discovery.

5.  A copy of any Android or Samsung source code, including the software that ""was used to create . . Android version 4.0.4, Baseband version T989UVLI1, Kernel version 3.0.8, and Build number IMM76D.UVLI1" relevant to assessing whether that Samsung code infringes the '915 and '163 patents. (Gray Decl. at 11, 15, 18.) Source code relevant to assessing infringement of the '915 and '163 patents includes at least all source code and build files (at all levels of the software stack, and, in particular, in the Browser application) related to touch inputs and single- and multi-touch input and gestures.

    Samsung will make available for inspection, subject to restrictions of the Protective Order, the source code relevant to the changes discussed in Mr. Gray's declaration.

6.  Any software , source code or other information that Mr. Gray reviewed before he concluded that "the new version of code for the Web Browser that does not include the 'quintessential test' [for '915 infringement] was released in the Jelly Bean version of Android in July 2012." (Id. at 12 n.2.)

    The source code relating to this request is publicly available. Mr. Gray's declaration included a link to the location of this code on the Internet in the same footnote you cite in your request.

7.  As an alternative to the production of source code as requested above, Apple would accept a Declaration by Mr. Gray or a stipulation by Samsung stating that, for all purposes relevant to '915 infringement, a specified publicly-available version of Android is identical to the code in Samsung's Android version 4.0.4, Baseband version T989UVLI1, Kernel version 3.0.8, Build number IMM76D.UVLI1

    Not applicable in light of Samsung's responses to #5 and #6 above.

**Victoria Maroulis**
*Partner,*
**Quinn Emanuel Urquhart & Sullivan, LLP**

555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
650-801-5022 Direct
650.801.5000 Main Office Number
650.801.5100 FAX
victoriamaroulis@quinnemanuel.com
www.quinnemanuel.com
NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Hung, Richard S. J. [mailto:RHung@mofo.com]
**Sent:** Tuesday, October 23, 2012 5:02 PM
**To:** Victoria Maroulis
**Cc:** AvSS_NDC_Post_Trial; 'WHAppleSamsungNDCalService@wilmerhale.com' (WHAppleSamsungNDCalService@wilmerhale.com); Samsung v. Apple
**Subject:** Apple v. Samsung (11-cv-1846) -- Materials relied upon in Samsung's oppositions to Apple's post-trial motions

Vicki,

In its declarations and briefing submitted with its oppositions to Apple's post-trial motions, Samsung relies on material that it has never previously produced.  Please produce the following by Wednesday at 5PM and confirm by midnight tonight that Samsung will do so:

    1.      Two physical copies of the "gray" version of the Galaxy S II to which multiple declarants referred.

    2.      All materials regarding the "gray" version (including specifications, business plans, and launch information)  that you provided to or was otherwise reviewed by Mr. Choi, Mr. Kerstetter, Mr. Erdeem, Mr. Wagner, and Mr. Lucente.

    3.      The documents, source code, or technical materials, if any, that Mr. Choi reviewed to reach the conclusions stated in paragraphs 10-21 of his declaration.

    4.      The monthly unit sales and revenue information for SEC, SEA and STA from July 1, 2012 to the present and documents showing profitability used by Mr. Kerstetter to prepare his declaration and any equivalent information on monthly sales or profits for the infringing products to which he had access in October.

    5.      A copy of any Android or Samsung source code, including the software that ""was used to create . . Android version 4.0.4, Baseband version T989UVLI1, Kernel version 3.0.8, and Build number IMM76D.UVLI1" relevant to assessing whether that Samsung code infringes the '915 and '163 patents.  (Gray Decl. at 11, 15, 18.)  Source code relevant to assessing infringement of the '915 and '163 patents includes at least all source code and build files (at all levels of the software stack, and, in particular, in the Browser application) related to touch inputs and single- and multi-touch input and gestures.

    6.      Any software , source code or other information that Mr. Gray reviewed before he concluded that "the new version of code for the Web Browser that does not include the 'quintessential test' [for '915 infringement] was released in the Jelly Bean version of Android in July 2012."  (Id. at 12 n.2.)

    7.      As an alternative to the production of source code as requested above, Apple would accept a Declaration by Mr. Gray or a stipulation by Samsung stating that, for all purposes relevant to '915 infringement, a specified publicly-available version of Android is identical to the code in Samsung's Android version 4.0.4, Baseband version T989UVLI1, Kernel version 3.0.8, Build number IMM76D.UVLI1

Rich

_____

Richard S.J. Hung
Morrison & Foerster LLP
425 Market Street
San Francisco, CA  94105
(415) 268-7602 (direct)
(415) 268-7522 (fax)
rhung@mofo.com
www.mofo.com

---------------------------------------------------------------------
To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

For information about this legend, go to
http://www.mofo.com/Circular230/

===========================================================================

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail @mofo.com, and delete the message.

----------------------------------------------------------------------


----------------------------------------------------------------------
To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

For information about this legend, go to
http://www.mofo.com/Circular230/

==========================================================================

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail @mofo.com, and delete the message.

----------------------------------------------------------------------


----------------------------------------------------------------------
To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

For information about this legend, go to
http://www.mofo.com/Circular230/

==========================================================================

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail @mofo.com, and delete the message.

----------------------------------------------------------------------