Exhibit 4

PUBLIC

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California  90017-2543 | TEL: (213) 443-3000  FAX: (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3159**

WRITER'S INTERNET ADDRESS
**anthonyalden@quinnemanuel.com**

November 7, 2012

<u>VIA ELECTRONIC MAIL</u>

Richard Hung
Morrison & Foerster
425 Market Street
San Francisco, CA 94105-2482

Re:   <u>Apple v. Samsung, Case No. 11-CV-1846-(N.D. Cal.)</u>

Dear Rich,

As part of its motion for judgment as a matter of law (renewed), new trial, and amended judgment, Apple sought supplemental damages with respect to eight Samsung products.  Dkt. No. 1989 at 28:17-21; Dkt. No. 1982-71 at 3:3-28, 4:20-5:5.  Apple did not request data from Samsung prior to filing its motion concerning post-June 30, 2012 sales of these eight products or any other products.  Instead, Apple chose to rely on assumptions and projections.

Samsung responded to Apple's motion as Apple chose to frame it – pertaining to only eight products.  Samsung showed that it does not, and will not, continue to sell all eight products at issue and that Apple's third quarter projections with respect to the eight products overstate actual sales.  Dkt. No. 2060 at 2:25-3:21, 4:22-5:9.  Apple's new expert, Marylee Robinson, admitted this at her recent deposition.  11/5/12 Depo. Tr. of Marylee Robinson at 99:5-12 ("I accept for the three months at which Mr. Kerstetter provided sales for those specific products that his -- the numbers he has presented are different than the numbers I projected for those three months.").  For this reason, among others, Samsung's position is that Apple's request is premature and that any supplemental damages should be determined after the parties have final outcomes regarding

quinn emanuel urquhart & sullivan, llp
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York  10010-1601 | TEL (212) 849-7000  FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California  94111-4788  | TEL (415) 875-6600  FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California  94065-2139  | TEL (650) 801-5000  FAX (650) 801-5100
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois  60661-2510 | TEL (312) 705-7400  FAX (312) 705-7401
WASHINGTON, DC | 1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia  20004-2400  | TEL (202) 538-8000  FAX (202) 538-8100
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44 20 7653 2000  FAX +44 20 7653 2100
TOKYO | NBF Hibiya Building, 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 3 5510 1711  FAX +81 3 5510 1712
MANNHEIM | Mollstraße 42, 68165 Mannheim, Germany  | TEL +49 621 43298 6000  FAX +49 621 43298 6100
MOSCOW | Paveletskaya Plaza, Paveletskaya Square, 2/3, 115054 Moscow, Russia  | TEL +7 499 277 1000  FAX +7 499 277 1001
HAMBURG | An der Alster 3, 20099 Hamburg, Germany  | TEL +49 40 89728 7000  FAX +49 40 89728 7100


Richard Hung
November 7, 2012

liability and damages, the supplemental damages period is known, and the volume of additional sales is known.  Again, even Apple's own damages expert agrees with Samsung's position.  *Id.* at 119:13-22 ("Q. Do you have any reason to doubt that representation [concerning Samsung's 3Q 2012 sales]?  A. I don't have any reason to doubt it. I would like to verify the sales records -- I would like to verify that representation through the sales records of Samsung.  Q. And to do so, it would be necessary to get those sales records through December 31st, 2012; correct?  A. Yes.").

Only after Samsung filed its opposition to Apple's motion, did Apple demand for the first time that Samsung produce sales data not just for the eight products at issue, but for any products the jury found infringed or diluted.  (In fact, Mr. Kerstetter's declaration in support of Samsung's opposition makes clear that Samsung has sold only one such additional product:  the Galaxy Tab 7.0 (3G) (Dkt. No. 2060 at 2:25-3:21)).  Because Apple's motion was specifically limited to eight products, and Samsung had already filed its opposition, Samsung declined Apple's request on the basis that Apple's eleventh hour attempt to broaden its motion beyond the eight products at issue is patently unfair and improper.

Nonetheless, it became apparent from Ms. Robinson's deposition two days ago, that Apple intends to improperly argue on reply that Samsung is withholding data and that this data would somehow help Apple.  Accordingly, to disabuse Apple of any such false notion, we hereby enclose 3Q 2012 sales data for the only additional product the jury found infringed or diluted that was sold by Samsung after June 30, 2012:  the Galaxy Tab 7.0 (3G).

We trust that this additional disclosure now puts the issue to rest.  However, should Apple continue to falsely suggest on reply that Samsung is withholding information, we request that this letter be attached to Apple's reply papers so that the Court has a full and accurate picture.

Very truly yours,

Anthony P. Alden

Encl.

...



**HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY**         **SAMNDCA00422992**