Robert F. McCauley (State Bar No. 162056)
robert.mccauley@finnegan.com
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, LLP
Stanford Research Park
3300 Hillview Avenue
Palo Alto, California  94304-1203
Telephone:  (650) 849-6600
Facsimile:   (650) 849-6666

Attorneys for Third Party
HTC CORPORATION

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California Corporation,<br><br>  Plaintiff,<br><br>  v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean Corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York Corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware Limited Liability Company,<br><br>  Defendants. | Case No. 11-cv-01846-LHK<br><br>**THIRD PARTY HTC CORPORATION'S  NOTICE OF JOINDER RE STIPULATION FILED NOVEMBER 20, 2012 BY PARTY APPLE INC. REGARDING SAMSUNG'S MOTION TO COMPEL PRODUCTION OF SETTLEMENT AGREEMENT WITH HTC**<br><br>Judge:   Honorable Lucy H. Koh |

1    Third Party HTC Corporation ("HTC") respectfully joins in the Stipulation filed November 20, 2012 by Party Apple Inc. in response to Samsung's Motion to Compel Production of Settlement Agreement with HTC [Dkt. No. 2144] ("Stipulation").

HTC submits that Samsung's motion is moot. Samsung has acknowledged (Mot. at 2) that Apple will oppose the production of its recently-signed Patent License and Settlement Agreement ("PLSA") with HTC. Apple promptly notified HTC of Samsung's motion to compel the day after Apple received it. Moreover, even though the PLSA permits HTC at least ten business days' notice and an opportunity to object, HTC promptly advised Apple *and* Samsung that it was willing to agree to Apple's production of the PLSA on two conditions:

(1)   the PLSA should be marked "Highly Confidential –Attorneys' Eyes Only," as provided under the Protective Order entered by the Court; and

(2)   the parties should redact the terms disclosing the consideration paid under the PLSA, including how such amount(s) are calculated.[1]

*See* Decl. of Richard S.J. Hung in Support of Apple's Opposition to Samsung's Mot. to Compel Production of Settlement Agreement with HTC ("Hung Decl.") Ex. 1.)

Initially, Samsung agreed to both of the foregoing conditions, subject to a proviso preserving Samsung's "right" to request an unredacted version should it later determine that a further disclosure was required. *Id*. Neither Apple or HTC objected to that proviso.  Nonetheless, late in the evening of November 20, Samsung informed Apple and HTC that it was unwilling to agree that its motion was moot and therefore should be withdrawn. (Id.)

Third-party HTC represents that the compensation terms it seeks to redact are highly competition-sensitive, but of no probative value in determining whether a permanent injunction should issue under the "traditional principles of equity" required by *eBay v. MercExchange,*

---

[1]   HTC initially requested that access to the PLSA be limited, due to the highly competition-sensitive nature of its substantive provisions, to a set number of outside attorneys on Samsung's legal team. Samsung refused to provide any additional protection for HTC's competition-sensitive information. Although HTC believes its request was reasonable under the specific circumstances presented here, it withdrew its request, in deference to this Court's Protective Order, to avoid delay and to obviate imposing an additional burden upon the Court.

1  *L.L.C.*, 547 U.S. 388, 394 (2006). HTC further represents that the possible risk of inadvertent
2  disclosure of the compensation provisions of the PLSA—which is HTC's immediate and overriding
3  concern—would be result in irreparable commercial injury to HTC.  Moreover, once Samsung's
4  outside counsel has had opportunity to review the substantive provisions of the Apple/HTC
5  Settlement Agreement (e.g., scope of patents licensed, covered products, etc.), it will recognize that
6  the redacted compensation provisions are not relevant to the issue of a permanent injunction.
7         HTC and Apple both have agreed to provide Samsung with expedited access to the PLSA.
8  The conditions set forth above are reasonable: indeed, Samsung offers no reason why HTC and
9  Apple's offer does not moot its motion or why the consideration amount is in any way relevant to
10 Apple's permanent injunction motion.  Moreover, if Samsung were convinced, after review of the
11 Settlement Agreement, that a basis exists for requesting the removal of all redactions, Samsung has
12 expressly reserved its right to seek access to the compensation provisions of the Settlement
13 Agreement and would be free to seek relief at that time.
14        For the foregoing reasons,  HTC  respectfully moves that the Court find that Samsung's
15 motion is moot in light of the proposed stipulation which HTC urges the Court to adopt.

Dated: November 21, 2012                    FINNEGAN HENDERSON FARABOW
                                            GARRETT & DUNNER, LLP


                                            By: */s/ Robert F. McCauley*
                                            Robert F. McCauley
                                            Attorneys for HTC CORPORATION