UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., | Case No.: C 11-1846 LHK (PSG) |
| Plaintiff, | **ORDER GRANTING SAMSUNG'S MOTION TO COMPEL DEPOSITIONS AND SAMSUNG'S MOTION TO COMPEL HTC SETTLEMENT AGREEMENT** |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD, a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | **(Re: Docket No. 2141, 2144)** |
| Defendants. | |

In this patent infringement suit, Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung") moves this court to compel from Apple, Inc. ("Apple") production of Apple's recent settlement agreement with HTC.[1] Samsung also moves to compel further depositions of three of Apple's experts whose declarations accompany Apple's reply brief in its motion for a permanent injunction against Samsung.[2] In its opposition, Apple requests two additional depositions if the court grants Samsung's request. The parties agreed to an expedited briefing schedule, Samsung waived its right

---

[1] See Docket No. 2144.

[2] See Docket No. 2141.

to a reply brief, and the court held a hearing on the two motions earlier today.  Based on the papers and the parties' arguments at the hearing, the court GRANTS Samsung's motion to compel depositions, GRANTS Apple's request for two additional depositions, and GRANTS Samsung's motion to compel production of the HTC settlement agreement.

To seek discovery after the deadlines set in the scheduling order, Samsung must show good cause pursuant to Fed. R. Civ. P. 16(b).  The focus of the good cause inquiry in the Rule 16(b) context is the "diligence of the party seeking the modification," in particular whether the party was "diligent in assisting the [c]ourt to create a workable schedule at the outset of litigation," whether "the scheduling order imposes deadlines that have become unworkable notwithstanding its diligent efforts to comply" and whether the party was "diligent in seeking the amendment once it became apparent that extensions were necessary."[3]  The party seeking a motion to compel pursuant to Fed. R. Civ. P. 37(a) also must show that its request satisfies the relevancy standard under Fed. R. Civ. P. 26(b).[4]  Relevancy under Rule 26(b) is broadly defined, "although it is not without ultimate and necessary boundaries."[5]

The court first addresses Samsung's motion to compel production of the settlement agreement and then turns to the motion to compel depositions from Apple's experts.

**A.   HTC Settlement Agreement**

On November 11, 2012, Apple announced that it had reached a settlement agreement in its various patent disputes with HTC, and as part of the agreement, Apple and HTC had entered a

---

[3] *Adobe Systems Inc. v. Coffee Cup Partners, Inc.*, No. C 11-2243 CW, 2012 WL 3877783, at *6 (N.D. Cal. Sept. 6, 2012) (citing *Johnson*, 975 F.2d at 609).

[4] *See Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995).

[5] *See Gonzales v. Google Inc.*, 234 F.R.D. 674, 680 (N.D. Cal. 2006) (internal citations and quotations omitted).

2
Case No.: C 11-1846 LHK (PSG)
ORDER GRANTING SAMSUNG'S MOTIONS TO COMPEL

"broad ten-year licensing agreement."[6] Samsung seeks discovery of the settlement agreement to support its opposition to Apple's permanent injunction motion. According to Samsung, the settlement agreement undermines Apple's assertion that an injunction is a more appropriate remedy than money damages.[7] Apple responds that it is willing to provide the settlement agreement but notes that HTC objects to the production of the agreement's financial terms because of their competitive value.[8]

At the hearing, Samsung explained that it needs an unredacted version of the settlement agreement because the financial terms are probative of arguments Samsung raises in its opposition to Apple's permanent injunction motion. Despite Samsung's assertions that consumers' willingness to pay a premium for patented features of a product is not relevant to a consumer demand inquiry, it argues that to the degree Apple prevails on the contrary argument,[9] the licensing fees with HTC are relevant to the degree of consumer demand for Apple's patented features. Samsung also asserts that the financial terms support its argument that a royalty is a more suitable alternative to a permanent injunction.

HTC's only response is that the potential probative value of the terms is outweighed by the risk to HTC from disclosure of the terms.

The court is not persuaded by HTC's argument. Although the court is more than a little skeptical of Samsung's arguments regarding the financial terms, Rule 26 supplies a broad standard of relevance.[10] Many third parties to this case have had their licensing agreements disclosed – without any redaction of financial terms – subject to an Attorneys-Eyes-Only designation because

---

[6] *See* Docket No. 2144-3.

[7] *See* Docket No. 2144 (citing Docket No. 2054 at 7).

[8] *See* Docket No. 2151.

[9] *See, e.g.*, Docket No. 2130 (Hauser Declaration).

[10] *See Gonzales*, 234 F.R.D. at 680.

3
Case No.: C 11-1846 LHK (PSG)
ORDER GRANTING SAMSUNG'S MOTIONS TO COMPEL

the confidential financial terms were clearly relevant to the dispute between Apple and Samsung.[11] HTC is not entitled to special treatment, especially when it has recognized the general sufficiency of the protective order and the integrity of Samsung's outside counsel.

Accordingly, Samsung's motion to compel production of an unredacted version of the settlement agreement is GRANTED. Apple shall produce the unredacted document without delay subject to an Attorneys-Eyes-Only designation under the protective order already in place in this case.

**B.      Expert Depositions**

Samsung moves to compel further depositions of Dr. Karan Singh ("Singh"), Dr. John R. Hauser ("Hauser"), and Marylee Robinson ("Robinson") on the grounds that the "these experts offer new, previously undisclosed opinions that Samsung has not had an opportunity to test through deposition."[12] According to Samsung, Singh "offers an entirely new theory of infringement of the '915 Patent"; Hauser provides "new opinions to support Apple's claim of irreparable harm"; and Robinson "offers new opinions and calculations in support of Apple's requests for" monetary damages.[13] Samsung argues that it has shown good cause to modify the discovery deadlines set in the scheduling order because it "immediately requested the discovery," and the information that it seeks is "central to Samsung's response to Apple's request for an injunction and damages."[14] Samsung further argues that "[a]llowing these depositions will ensure that a full record is developed."[15]

---

[11] *See, e.g.*, Docket No. 1414 (listing trial exhibits with unredacted third-party financial terms).

[12] *See* Docket No. 2151.

[13] *See id.*

[14] *See id.*

[15] *See id.*

4
Case No.: C 11-1846 LHK (PSG)
ORDER GRANTING SAMSUNG'S MOTIONS TO COMPEL

Apple responds that Samsung's request was not immediate and that, in fact, a week passed between the date Apple filed its reply and the date Samsung moved to compel the depositions.[16] Apple further responds that even if the request had been timely, Samsung has not justified a new round of depositions.[17]

Apple contends that the three experts Samsung seeks to depose did not offer "new" evidence but merely responded to Samsung's new experts and evidence in its opposition to the permanent injunction.[18] According to Apple, Hauser's declaration was offered only to rebut a new argument from Samsung regarding consumer demand for patented features; Robinson's declaration was offered only as a supplemental calculation of damages based on information Samsung dilatorily disclosed; and Singh's declaration serves only to rebut Samsung's argument that it had "implemented non-infringing design-arounds." [19] Apple asserts that Samsung has had ample opportunity to depose or cross-examine each of the three experts at earlier stages of the trial.

Apple's assertion conflates two different standards. Although the declarations of its experts may not be "new" such that they are not improperly raised in the reply,[20] the experts' assertions are "new" to Samsung because Apple had not raised them earlier in the proceedings. As this court explained during the parties' last round of deposition requests, at the heart of these discovery disputes is Apple's motion for a permanent injunction, which is an "'extraordinary remedy' that should be evaluated 'in light of the full available record.'"[21] Permitting Samsung to explore in

---

[16] *See* Docket No. 2149-1.

[17] *See id.*

[18] *See id.*

[19] *See id.*

[20] *See Edwards v. Toys "R" Us*, 527 F. Supp. 2d 1197, 1205 n.31 (C.D. Cal. 2007); *cf. Terrell v. Contra Costa Cnty.*, 232 Fed. Appx. 626, 629 n.2 (9th Cir. 2007).

[21] *See* Docket No. 2105 (quoting Docket No. 2093).

depositions new assertions by Apple's experts allows full development of the record in advance of the parties' hearing before Judge Koh.

Apple also suggests Samsung was not diligent in moving for the depositions. Samsung brought this motion within one week of the date Apple filed its reply with the declarations at issue.[22] Although Apple suggests that one week shows a lack of diligence, a careful review of the meet-and-confer emails shows that Samsung raised the issue with Apple only three days after Apple filed its reply, and that the parties engaged in negotiations regarding the depositions and expedited briefing.[23] The emails show that Samsung was diligent in pursuing recourse after Apple's reply was filed. The emails also reflect that Apple participated in determining the dates for the motion, so it can hardly claim now to be prejudiced by a late filing date.

Because Samsung was diligent in seeking the amendment to the scheduling order and because the court believes a full record is important to this case, Samsung's motion to compel depositions of the three experts is GRANTED.

As an alternative to its primary position, Apple asks that if Samsung's motion for depositions is granted, it should be permitted to take depositions of Dr. R. Sukumar and Corey Kerstetter because they are the Samsung declarants to whom Hauser and Robinson responded. Again, in light of the need for a full record and the well-recognized legal doctrine of "what is sauce for the goose is sauce for the gander," the court will permit Apple its additional deposition requests as well.

Samsung also seeks to file a supplemental brief addressing the depositions it plans to take. Apple opposes, but likewise seeks a supplemental brief if Samsung's motion is granted. As the court stated in its October 29, 2012 order – and as it repeats here – because they relate to matters

---

[22] *See* Docket No. 2141.

[23] *See* Docket No. 2141 Ex. 1.

before Judge Koh, page limits, supplemental briefing, and deadlines are not issues for the undersigned to determine. Judge Koh has set a briefing schedule and the court advises the parties to heed her directions regarding briefing for the preliminary injunction motion.

Samsung finally proposes that the court order the depositions at issue be taken by November 27, 2012, so that it may have time to file its requested supplemental brief. Because Samsung does not yet have leave to file a supplemental brief and because the court finds November 27 to be a rather ambitious deadline to meet in light of the Thanksgiving holiday and the geographic spread of the witnesses, the court sets the deadline for the depositions for November 29, 2012. At a minimum, the parties will have a week to assimilate the new information before their hearing with Judge Koh. Accordingly,

IT IS HEREBY ORDERED that no later than November 29, 2012, Apple shall produce Dr. John Hauser, Marylee Robinson, and Dr. Karan Singh for depositions of no longer than three hours.

IT IS FURTHER ORDERED that no later than November 29, 2012, Samsung shall produce Corey Kerstetter and Dr. R. Sukumar for depositions of no longer than three hours.

IT IS SO ORDERED.

Dated: November __21__, 2012

                                               PAUL S. GREWAL
                                               United States Magistrate Judge

Case No.: C 11-1846 LHK (PSG)
ORDER GRANTING SAMSUNG'S MOTIONS TO COMPEL