# EXHIBIT A

HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
JENNIFER LEE TAYLOR (CA SBN 161368)
jtaylor@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK (PSG)<br><br>**APPLE'S RESPONSE TO SAMSUNG'S OBJECTIONS TO APPLE'S REPLY EVIDENCE** |

**INTRODUCTION**

Samsung's objections to the evidence in Apple's Permanent Injunction and JMOL replies should be rejected because that evidence simply responds to the evidence and arguments in Samsung's oppositions. Reply evidence should not be stricken as "new" when, as here, "it is submitted in direct response to proof adduced in opposition to a motion." *Edwards v. Toys "R" Us*, 527 F. Supp. 2d 1197, 1205 n. 31 (C.D. Cal. 2007) (denying motion to strike); *EEOC v. Creative Networks, LLC*, No. cv-05-3032, 2008 U.S. Dist. LEXIS 103381, at *6 (D. Ariz. Dec. 15, 2008) (denying motion to strike reply exhibits that "rebut arguments first raised by Plaintiff in its opposition"). Indeed, this Court overruled Samsung's similar objections to Apple's reply evidence in support of its preliminary injunction motions that was "responsive to arguments and evidence raised by Samsung in its opposition papers." *Apple, Inc. v. Samsung Elecs. Co.*, No. 12–CV–00630–LHK, 2012 WL 2572037, at *4 (N.D. Cal. July 1, 2012); Dkt. 452 at 6-7.

In a ruling last week, Magistrate Judge Grewal agreed with Apple that its reply declarations are rebuttal to Samsung's oppositions, "such that they are not improperly raised in reply." (Dkt. 2158 at 5.) Judge Grewal also allowed Samsung to depose Apple's reply declarants, mooting Samsung's argument that it has not had an opportunity to "test" the reply declarations through depositions. (*Id.* at 7.)

**A.    Karan Singh's Reply Declaration**

Samsung's objection to Dr. Singh's Reply Declaration (Dkt. 2127-3) is unfounded. Apple filed this declaration solely to reply to Samsung's new argument that it had "implemented non-infringing design-arounds," which cited Stephen Gray's new expert opinion that Samsung's "new source code" does not infringe the '915 patent. (Dkt. 2054 at 14:5; Dkt. 2054-2 ¶ 31.)

Samsung does not dispute that Dr. Singh's Reply Declaration is valid rebuttal, but nevertheless contends it should be stricken because Apple "never discusses the content of the Singh Declaration in its Reply." (Dkt. 2147 at 1:16.) Apple's reply brief described Dr. Singh's declaration as showing that Samsung's "modified code still infringes because it distinguishes between a single input point and multiple input points." (Dkt. 2127 at 9 n.5 (under seal), citing Singh Decl.¶¶ 20, 23-42 & Ex. A at 49:21-51:4; Dkt. No. 2054-2 ¶ 42.) This description is more

1  detailed than Samsung's barebones description of the declarations of Mr. Gray and two others
2  about alleged design-arounds. (Dkt. 2054 at 14:4-6 (under seal) ("Samsung has implemented
3  non-infringing design-arounds" of the '163 and '915 patents, citing Gray Decl., ¶¶ 11-55; Choi
4  Decl., ¶¶ 13-19, 22; Rowden Decl. ¶¶ 3-7.) If Dr. Singh's declaration were stricken, Mr. Gray's
5  declaration should also be stricken—which would obviate any need for Dr. Singh's rebuttal.
6        Samsung's claim that Dr. Singh offers a "new infringement theory" (Dkt. 2147 at 2:5-6) is
7  overstated. Dr. Singh opined that Samsung's "modified code flow is very similar to that for the
8  Galaxy Tab 10.1, which the jury found to infringe," and about which he testified at trial. (Dkt.
9  2127-3 ¶ 30 (under seal); Tr. 1826:2-1827:17.) When Dr. Singh used a Samsung device with the
10 modified code, he "observed the exact same infringing behavior as in the old code." (Dkt. 2127-3
11 ¶ 24.) Mr. Gray likewise admitted that "the observed behavior" of the Galaxy Tab 10.1 used at
12 trial and the Galaxy S II running the modified code was "not different in any way that . . . is
13 relevant to determining infringement or non-infringement of the '915 patent." (Dkt. 2149-7 at
14 81:8-11.) Contrary to Samsung's assertion (Dkt. 2147 at 1:19-27), Dr. Singh's testimony
15 regarding a Galaxy S III running the same modified Android 4.0.4 code is not objectionable,
16 since this code operates in the same manner regardless of whether it is in a Galaxy S II or a
17 Galaxy S III. In any event, Samsung will have an opportunity to depose Dr. Singh, so Samsung's
18 lament about its lack of "an opportunity to test" Dr. Singh's infringement opinion is unfounded.

19    **B.   John Hauser's Reply Declaration**

20        Samsung's objection to Dr. Hauser's "new opinion" in his Reply Declaration (Dkt. 2130)
21 is equally unfounded. Apple submitted this declaration solely to reply to new opinions from two
22 entirely new Samsung experts (Yoram (Jerry) Wind and Tülin Erdem) and new opinions from a
23 prior expert (Dr. Sukumar), all of which Samsung presented for the first time in its October 19
24 opposition. None of these opinions was disclosed in prior expert reports, in prior expert
25 discovery or at trial, so Apple and Dr. Hauser could not have addressed them earlier. Because
26 Dr. Hauser merely replied to Samsung's new expert opinions, Dr. Hauser's declaration is not
27 "new." *See Edwards*, 527 F. Supp. 2d at 1205 n. 31 ("Evidence is not 'new,' however, if it is
28 submitted in direct response to proof adduced in opposition to a motion…") Moreover, Samsung

1  concedes that Dr. Hauser testified at trial to the same opinions regarding consumer demand that
2  he disclosed in his reply declaration. (Dkt. 2147 at 2:18-21, citing Tr. 1916:11-13.)  The
3  economic textbooks cited by Dr. Hauser are proper foundation, *see* Fed. R. Evid. 703, 803(18),
4  and what Samsung terms "new calculations" are merely revisions to Dr. Wind's and Dr.
5  Sukumar's new calculations, presented for the first time in Samsung's opposition, adjusted to use
6  the proper methodology and assumptions. (*See* Dkt. 2130 ¶¶ 21-24, 28-29; Dkt. 2130-5.)

7        Dr. Hauser's citations to Dr. Wind's deposition are not misleading or incomplete. They
8  accurately reflect Dr. Wind's answers and include nearly all the pages to which Samsung refers,
9  and Apple does not object to including the few other pages to which Samsung refers. Nor does
10 Dr. Hauser's declaration circumvent the Court's briefing order. It responds to the much longer
11 declarations of three experts as concisely as possible (18 pages for Dr. Hauser compared to over
12 70 pages for Samsung's three new expert opinions), and corroborates specific statements about
13 Dr. Hauser's work in Apple's reply. (Dkt. 2127-2 (under seal)) at 4:16-5:20.)  Apple's reply cites
14 most of Dr. Hauser's declaration, and the remaining portions provide further corroboration that
15 Samsung's new criticisms of Dr. Hauser lack merit. (Dkt. 2130, ¶¶ 10, 44-48 (replying to
16 criticisms of Dr. Wind and Dr. Erdem); ¶¶ 18, 31, and 35-39 (replying to Samsung's assertions of
17 bias and lack of validation); ¶¶ 26-29 (replying to Dr. Sukumar).)

18       **C.**    **Exhibits to Richard S.J. Hung's Reply Declaration**

19       Samsung's objection to Hung Declaration Exhibits 1 through 8 fails because those
20 exhibits are classic rebuttal. Samsung's Permanent Injunction Opposition included a new
21 declaration alleging that "SEC has never produced the Galaxy Ace . . . or the Galaxy S II
22 (i9100) . . . for sale . . . in the United States . . . ." (Dkt. 2055 ¶ 3; *see* Dkt. 2054 at 14:1.)
23 Exhibits 1 through 8 rebut this assertion: they are advertisements and sales receipts showing that
24 the Galaxy Ace and Galaxy S II (i9100) were on sale in the United States both before and after
25 the verdict. (Dkt. 2127-5 through 12; Dkt. 2127-2 at 8 n.3.)

26       Hung Exhibits 9 to 14 also constitute valid rebuttal. Samsung argued in its opposition that
27 Apple had "overstated" the importance of design to purchasers and had not shown that its
28 patented designs "drive consumer demand," citing the Federal Circuit's recent decision and

1  various evidence. (Dkt. 2054 at 4:9-6:18.) Apple replied by citing Exhibits 9 to 14 as further

2  evidence that Samsung recognized that design is an important driver of the iPhone's success;

3  consumers viewed Samsung's non-infringing (pre-Galaxy S) designs as less desirable than

4  Apple's iPhone; and consumers liked Apple's patented designs and the similarity of Samsung's

5  products to those designs. (Dkt. 2127 at 2:15-18, 3:14-21 (under seal).)

6       Samsung's objection to portions of the deposition testimony in Hung Exhibits 15 to 17

7  fails because those portions provide context for the issues discussed in Apple's reply, and are

8  cited by Dr. Hauser and Dr. Singh in their declarations. (Dkt. 2130, footnotes 5-6, 16-18, 27-29,

9  33, 42-43, 54, 60-61, 63, and 65; Dkt. 2127-3 ¶¶ 8, 17, 20, 26, and 28.)

10       **D.**     **Marylee Robinson's Reply Declaration**

11       Samsung's objections to Ms. Robinson's opinions on supplemental damages and

12  enhanced damages (Dkt. 2129) are unfounded. Samsung had the opportunity to question her

13  about both subjects at her November 5 deposition, except where Samsung's own conduct

14  prevented her from updating her calculations. (*See* Dkt. 2149-1 at 4:3-5:16; Dkt. 2149-2 ¶ 6 and

15  Ex. 2 at 74:18-97:7.) While Judge Grewal granted Samsung's request to depose Ms. Robinson,

16  Samsung has voluntarily withdrawn this request, confirming that her reply declaration does not

17  include any "new" or objectionable material that would warrant a deposition. (Declaration of

18  Richard S.J. Hung ISO Apple's Motion for Leave to File Response, submitted herewith, ¶ 3.)

19       *Supplemental Damages*. Paragraph 5 of Ms. Robinson's reply declaration corroborates

20  Apple's statements in its reply about Samsung's reliance in its opposition on summary data for

21  which Samsung had failed to provide full disclosure. (Dkt. 2132 at 18:10-13). Ms. Robinson

22  based her understanding of Samsung's decision to withhold more comprehensive data from Apple

23  on Samsung's own admissions (*see* Dkt. 2127-26, 27), and her personal experience reviewing the

24  other sales data that Samsung previously produced, which are proper bases for an expert opinion.

25  *See* Fed. R. Evid. 703 ("expert may base an opinion on facts" she "has been made aware of").

26  Samsung argument that Apple did not request updated sales data and records before Samsung

27  filed its opposition ignores that Apple repeatedly requested this information after Samsung relied

28  on summary data in its opposition. (*See* Dkt. 2149-1 at 4:18-28.)

APPLE'S RESPONSE TO SAMSUNG'S OBJECTIONS TO APPLE'S REPLY EVIDENCE
CASE NO. 11-CV-01846-LHK (PSG)
sf-3220896

4

Samsung misstates the record by claiming that Ms. Robinson improperly withheld her alternative supplemental damages calculation.  Ms. Robinson offered that calculation to reply to Samsung's new argument in its opposition that its partial sales data should be used instead of sales projections.  It was Samsung, not Ms. Robinson, that refused to provide relevant information until two days *after* Ms. Robinson's deposition.  (*See* Dkt. 2149-1 at 4:18-5:4.) Ms. Robinson could not have addressed this issue in her opening declaration, and based the calculations in her reply declaration on the same methodology disclosed in her September 21 declaration and exhibits (Dkt. 1982-71 ¶ 11; Dkt. 1982-74).

*Enhanced Damages*.  Samsung's "objections" improperly address the merits of Ms. Robinson's calculations, not the admissibility of her declaration.  Samsung's merits arguments should be disregarded as contrary to the local rules and an improper attempt to circumvent the Court's page limits.  (Civil L.R. 7-3(d) (evidentiary objections "may not include further argument on the motion"); Dkt. 1945 at 3 (briefing page limits will be "strictly enforced").)  Ms. Robinson's statements are consistent with her deposition and the law. *Grain Processing Corp. v Am. Maize-Prods. Co.*, 185 F.3d 1341, 1355 (Fed. Cir. 1999), cited by Samsung, does not hold that lost profits cannot be recovered when a design-around is available, only that this is one of many considerations affecting the proof of lost sales.  Moreover, Ms. Robinson's opinions concern Apple's losses under the Lanham Act, not 35 U.S.C. § 284, which was the subject of *Grain Processing*.  And contrary to Samsung's argument, Ms. Robinson stated at her deposition that her analysis did not double-count. (Dkt. 2149-4 at 86:4-25.)  Her statements, analysis, and the bases for them were fully disclosed in her declarations and are admissible.

## CONCLUSION

Apple's reply evidence is valid rebuttal to the evidence and arguments in Samsung's opposition.  Samsung's objections should be overruled.

Dated:  November 26, 2012                    MORRISON & FOERSTER LLP

By:    */s/ Michael A. Jacobs*
           Michael A. Jacobs
           Attorneys for Plaintiff
           APPLE INC.