| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781)<br>hmcelhinny@mofo.com<br>MICHAEL A. JACOBS (CA SBN 111664)<br>mjacobs@mofo.com<br>RACHEL KREVANS (CA SBN 116421)<br>rkrevans@mofo.com<br>JENNIFER LEE TAYLOR (CA SBN 161368)<br>jtaylor@mofo.com<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, California  94105-2482<br>Telephone:  (415) 268-7000<br>Facsimile:  (415) 268-7522<br><br>Attorneys for Plaintiff and<br>Counterclaim-Defendant APPLE INC. | WILLIAM F. LEE<br>william.lee@wilmerhale.com<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>60 State Street<br>Boston, MA 02109<br>Telephone: (617) 526-6000<br>Facsimile: (617) 526-5000<br><br>MARK D. SELWYN (SBN 244180)<br>mark.selwyn@wilmerhale.com<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>950 Page Mill Road<br>Palo Alto, California 94304<br>Telephone: (650) 858-6000<br>Facsimile: (650) 858-6100 |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK<br><br>**APPLE'S NOTICE OF FILING OF TERMINAL DISCLAIMER FOR U.S. PATENT NO. D618,677** |

APPLE'S NOTICE OF FILING OF TERMINAL DISCLAIMER FOR U.S. PATENT NO. D618,677
CASE NO. 11-CV-01846-LHK
sf-3220275

1    Apple hereby notifies the Court that it has executed and filed with the U.S. Patent and Trademark Office a Terminal Disclaimer for the D'677 patent, a copy of which is attached hereto as Exhibit A.

This disclaimer moots Samsung's Motion for Judgment as a Matter of Law, as set forth in Samsung's reply brief, that Apple's U.S. Patent No. D618,677 is invalid for obviousness-type double patenting over U.S. Patent No. D593,087.  (Dkt. No. 2131 at 7 (citing *Eli Lilly and Co. v. Teva Parenteral Meds., Inc.*, 689 F.3d 1368, 1376 (Fed. Cir. 2012) for "patentably distinct" standard for obviousness-type double patenting).)  *See Eli Lilly & Co. v. Barr Lab., Inc.*, 222 F.3d 973, 985 n.4 (Fed. Cir. 2000) (obviousness-type double patenting is cured by terminal disclaimer); *Geneva Pharms., Inc. v. GlaxoSmithKline PLC*, 349 F.3d 1373, 1378 (Fed. Cir. 2003) (same).

This is so notwithstanding that the disclaimer has been filed during litigation.  *See Boehringer Ingelheim Intern. GmbH v. Barr Labs., Inc.*, 592 F.3d 1340, 1347 (Fed. Cir. 2010); *Syngenta Seeds, Inc. v. Monsanto Co.*, No. Civ. 02–1331–SLR, 2004 WL 2790499, at *2-3 (D. Del. Nov. 19, 2004) (denying summary judgment of invalidity for double patenting in view of terminal disclaimer filed during litigation).

The filing of a terminal disclaimer cannot be treated as an admission that the later patent is invalid for double patenting.  *See Ortho Pharmaceutical Corp. v. Smith*, 959 F.2d 936, 941 (Fed. Cir. 1992) ("It is improper to convert this simple expedient of 'obviation' into an admission or acquiescence or estoppel on the merits."); *Ventana Med. Sys. v. Biogenex Labs., Inc.*, 473 F.3d 1173, 1184 n.4 (Fed. Cir. 2006) (same).

Dated:  November 27, 2012        MORRISON & FOERSTER LLP

By:   /s/ Michael A. Jacobs
      Michael A. Jacobs
      Attorneys for Plaintiff
      APPLE INC.