QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kathleen M. Sullivan (Cal. Bar No. 242261)
kathleensullivan@quinnemanuel.com
Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Susan R. Estrich (Cal. Bar No. 124009)
susanestrich@quinnemanuel.com
Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Samsung Electronics Co., Ltd.,
Samsung Electronics America, Inc., and Samsung
Telecommunications America, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S STATEMENT OF NON-OPPOSITION TO APPLE'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE RESPONSES TO SAMSUNG'S OBJECTIONS TO APPLE'S REPLY EVIDENCE AND SAMSUNG'S RESPONSE TO APPLE'S OBJECTIONS** |

02198.51855/5073066.1

Case No. 11-cv-01846-LHK
SAMSUNG'S STATEMENT OF NON-OPPOSITION TO APPLE'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE RESPONSES TO SAMSUNG'S OBJECTIONS TO APPLE'S REPLY EVIDENCE AND SAMSUNG'S RESPONSE TO APPLE'S OBJECTIONS

**Statement of Non-Opposition**

On November 26, 2012, Apple filed an Administrative Motion for Leave to File Response to Samsung's Objections to Apple's Reply Evidence. Samsung does not oppose Apple's Administrative Motion provided it is given an opportunity to respond to Apple's Objections to New Evidence Submitted with Samsung's Reply in Support of Judgment as a Matter of Law, New Trial, and/or Remittitur filed November 16, 2012. Its response is below. If Apple is permitted to respond to Samsung's objections, Samsung should be afforded the same opportunity to respond to Apple's objections.

**Response to Apple's Objections, Filed November 16, 2012**

Samsung hereby responds to Apple's Objections to New Evidence Submitted with Samsung's Reply in Support of Judgment as a Matter of Law, New Trial, and/or Remittitur, dated November 16, 2012 as follows:

Apple objected to Exhibits 13 to 15 to the Declaration of Susan Estrich in Support of Samsung's Motion for Judgment as a Matter of Law, New Trial and/or Remittitur Pursuant to Federal Rules of Civil Procedure 50 and 59; Samsung's Opposition to Apple Inc.'s Motion for Judgment as a Matter of Law (Renewed), New Trial, and Amended Judgment [FRCP 50, 59]; and Samsung's Opposition to Apple's Motion for a Permanent Injunction and Damages Enhancements ("Estrich Declaration"). These exhibits consist of excerpts from the November 5, 2012 deposition of Apple's expert Marylee Robinson, the November 6, 2012 deposition of Apple's expert Russell Winer and the November 2, 2012 deposition of Apple's Senior Vice President of Worldwide Marketing, Phillip Schiller. Each of these three witnesses submitted a declaration along with Apple's Motion for a Permanent Injunction and Damages Enhancement and Ms. Robinson's declaration was also submitted in support of Apple's claims for supplemental damages and prejudgment interest in connection with its Motion for Judgment as a Matter of Law (Renewed), New Trial and Amended Judgment [FRCP 50, 59].

Given the importance of deciding this motion on a full record and because the deposition testimony from these three witnesses has direct bearing on the issues before the Court, this

02198.51855/5073066.1

-1-     Case No. 11-cv-01846-LHK
SAMSUNG'S STATEMENT OF NON-OPPOSITION TO APPLE'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE RESPONSES TO SAMSUNG'S OBJECTIONS TO APPLE'S REPLY EVIDENCE AND SAMSUNG'S RESPONSE TO APPLE'S OBJECTIONS

evidence should be allowed into the record. Dkt. 2093 at 2 ("…Apple is seeking to permanently enjoin the sale of 26 Samsung products. Such an extraordinary request should be evaluated in light of the full available record.") Samsung could not have submitted this testimony earlier or discussed it in its oppositions to Apple's briefs because the depositions did not commence until two weeks after Samsung filed its opposition briefs. The deposition testimony is directly relevant to the pending motions. Ms. Robinson's testimony demonstrates that the patented features do not drive demand and that any changes in market share are not attributable to the protectable features of Apple's products. (Dkt. 2126-13). Samsung has also submitted testimony from Ms. Robinson regarding Apple's claims for damages enhancements and supplemental damages. (Dkt. 2126-13, Dkt. 2054 at 5-9, 22-28, Dkt. 2053 at 24-29). The deposition testimony of Mr. Winer supports Samsung's arguments that the patented features do not drive consumers to purchase Samsung phones and tablets, that Apple has not lost any sales due to Samsung's alleged infringement and that Apple's brand has not been diluted by Samsung's alleged infringement. (Dkt. 2126-14; Dkt. 2054 at 5-9). And the testimony Samsung submitted from Mr. Schiller also demonstrates that the patented features do not drive consumer demand. (Dkt. 2126-15; Dkt. 2054 at 5-6, 10-12).

In light of their content, these deposition excerpts are also admissible under the Court's prior Order for corroboration purposes. (Dkt. 1945 at 3). Excerpts from all three depositions corroborate Samsung's position in its Opposition to Apple's Motion for Permanent Injunction that the features at issue do not drive consumer demand. (Dkt. 2054 at 5-6, 10-12; Dkt. 1945 at 3 (noting that "supporting documentation shall be for corroboration purposes…")). Mr. Winer's testimony regarding lost sales and brand dilution corroborates positions taken in Samsung's Opposition to Apple's Motion for Permanent Injunction and Damages Enhancements. (Dkt. 2054 at 5-9). Ms. Robinson's testimony supports Samsung's position that Apple's supplemental damages calculations were based on inaccurate sales projections, as reflected in Samsung's Opposition to Apple's Motion for Judgment as a Matter of Law, New Trial, and Amended Judgment. (Dkt. 2053 at 26-28). Ms. Robinson's testimony also supports Samsung's position that Apple's calculation of its requested enhancements is flawed, which is set forth in Samsung's

1  Opposition to Apple's Motion for Permanent Injunction and Damages Enhancements.  (Dkt. 2053
2  at 27-29).
3       Apple also objects to exhibit 12 to the Estrich Declaration—a November 9, 2012 Judgment
4  from the England and Wales Court of Appeal in the litigation between Apple and Samsung.
5  Samsung could not have filed this Judgment with its opposition briefs because the briefs were
6  filed before the Judgment issued.  The Judgment is pertinent to Apple's claim that its reputation
7  has been harmed by Samsung because Apple's failure to comply with valid Court orders is an
8  independent reason its brand has been tarnished.
9       Apple next contests the meaning of six lines of Ms. Robinson's deposition cited in
10 Samsung's Reply in Support of Motion for Judgment as a Matter of Law, New Trial, and/or
11 Remittitur.  (Dkt. 2131).  This is a substantive argument and not an objection to the admission of
12 this evidence.  Regardless, Samsung's statement that Apple does not dispute the validity of
13 Samsung's explanation of how the jury reached its damages awards is supported by the cited
14 testimony.  Ms. Robinson testified that she reviewed Mr. Wagner's analysis of the jury's verdict
15 and, when asked if she disagreed with it, she testified that it was mathematically correct.  Estrich
16 Reply Decl., Ex. 13 (Robinson Depo. Tr. at 88:2-8).  Given Mr. Wagner's declaration included a
17 detailed analysis of the jury's verdict and Ms. Robinson did not express disagreement with his
18 opinions in response to this open-ended question, Apple's claim that she did not agree with his
19 analysis is not credible.  (Dkt. 1990-20).
20      Finally, Apple's objection to Exhibit 13 to the Estrich Declaration is based on a false
21 factual premise.  This exhibit is cited in Samsung's Reply in Support of Motion for Judgment as a
22 Matter of Law, New Trial, and/or Remittitur.  (Dkt. 2131, at 12).

| | | |
|---|---|---|
| 1 | DATED: November 29, 2012 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| 2 | | |
| 3 | | |
| 4 | | By   /s/ Victoria F. Maroulis |
| 5 | | Charles K. Verhoeven |
| | | Kathleen M. Sullivan |
| 6 | | Kevin P.B. Johnson |
| | | Susan R. Estrich |
| 7 | | Victoria F. Maroulis |
| | | Michael T. Zeller |
| 8 | | Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC |

02198.51855/5073066.1

-4-    Case No. 11-cv-01846-LHK
SAMSUNG'S STATEMENT OF NON-OPPOSITION TO APPLE'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE RESPONSES TO SAMSUNG'S OBJECTIONS TO APPLE'S REPLY EVIDENCE AND SAMSUNG'S RESPONSE TO APPLE'S OBJECTIONS