1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| APPLE, INC., a California corporation, | ) | Case No.: 11-CV-01846-LHK |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING IN PART AND |
| v. | ) | DENYING IN PART MOTION TO SEAL |
| | ) | |
| SAMSUNG ELECTRONICS CO., LTD., a | ) | |
| Korean corporation; SAMSUNG | ) | |
| ELECTRONICS AMERICA, INC., a New York | ) | |
| corporation; SAMSUNG | ) | |
| TELECOMMUNICATIONS AMERICA, LLC, | ) | |
| a Delaware limited liability company, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

On October 20, 2012, Samsung filed an administrative motion to file under seal.  ECF No. 2064.  Apple filed a brief ("Apple Br.) and two declarations in support of this motion to seal.  ECF Nos. 2094-2096.  Samsung then filed a corrected administrative motion to file documents under seal filed on October 31, 2012, intended to replace the October 20, 2012 motion to seal.  ECF No. 2113.  On November 6, 2012, Apple filed a notice that it intended all filings Apple had made in response to the October 20, 2012 motion to seal to be applied to the October 31, 2012 corrected motion to seal.  The corrected motion seeks to seal portions of briefs and exhibits filed by Samsung in opposition to Apple's motions for (1) judgment as a matter of law and (2) a permanent injunction.  For the reasons stated below, the Court GRANTS in part and DENIES in part Samsung's motion.

1

**United States District Court**
For the Northern District of California

## I.      Legal Standard

As this Court has explained in its previous sealing orders in this case, courts have recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). In order to overcome this strong presumption, a party seeking to seal a judicial record must articulate justifications for sealing that outweigh the public policies favoring disclosure. *See id.* at 1178-79. Because the public's interest in non-dispositive motions is relatively low, a party seeking to seal a document attached to a non-dispositive motion need only demonstrate "good cause." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (applying "good cause" standard to all non-dispositive motions, because such motions "'are often unrelated, or only tangentially related, to the underlying cause of action'" (citing *Kamakana*, 447 F.3d at 1179)).

Conversely, "the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the 'public's understanding of the judicial process and of significant public events.'" *Kamakana*, 447 F.3d at 1179 (quoting *Valley Broadcasting Co. v. U.S. Dist. Court for Dist. of Nev.*, 798 F.2d 1289, 1294 (9th Cir. 1986)). Thus, a party seeking to seal a judicial record attached to a dispositive motion or presented at trial must articulate "compelling reasons" in favor of sealing. *See id.* at 1178. "In general, 'compelling reasons' . . . exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to . . . release trade secrets." *Id.* at 1179 (citing *Nixon*, 435 U.S. at 598). The Ninth Circuit has adopted the Restatement's definition of "trade secret" for purposes of sealing, holding that "[a] 'trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *In re Electronic Arts*, 298 Fed. App'x 568, 569-70 (9th Cir. 2008) (quoting *Restatement of Torts* § 757, cmt. b). Additionally, "compelling reasons" may exist if sealing is required to prevent judicial documents from being

2

United States District Court
For the Northern District of California

1  used "'as sources of business information that might harm a litigant's competitive standing.'"  *Id.* at

2  569 (9th Cir. 2008) (citing *Nixon*, 435 U.S. at 598).

3       As this Court has previously ruled, motions concerning the remedies to be awarded in this

4  case cannot fairly be characterized as "unrelated, or only tangentially related, to the underlying

5  cause of action."  *Kamakana,* 447 F. 3d at 1179.  To the contrary, these motions implicate the very

6  core of Apple's claims and Apple's desired relief in bringing suit against Samsung.  As evidenced

7  by the plethora of media and general public scrutiny of the preliminary injunction proceedings and

8  the trial, the public has a significant interest in these court filings, and therefore the strong

9  presumption of public access applies.  Accordingly, the "compelling reasons" standard applies to

10  Apple's motion for a permanent injunction, and to documents filed in opposition thereto.  Further,

11  a motion for judgment as a matter of law, like trial documents, directly concerns the merits of the

12  case.  Accordingly, the "compelling reasons" standard also applies to documents filed in

13  connection with a motion for judgment as a matter of law.  As all of the documents Samsung now

14  seeks to seal concern either Apple's motion for a permanent injunction or Apple's motion for

15  judgment as a matter of law, all of the documents in this motion are subject to the "compelling

16  reasons" standard.

17  **II.       ANALYSIS**

18      A.  Motion Pursuant to Civil Local Rule 79-5(d)

19       Civil Local Rule 79-5(d) governs motions to seal documents designated as confidential by

20  another party.  It requires that "the designating party must file with the Court and serve a

21  declaration establishing that the designated information is sealable" within seven days of the

22  motion.

23       Apple has filed a brief, ECF No. 2094, and the Declarations of Cyndi Wheeler, ECF No.

24  2095, and Nathan Sabri, ECF No. 2096, in support of Samsung's motion to seal.  These filings do

25  not seek to seal all of the documents Samsung has identified in its motion.  Specifically, Apple

26  does not seek to seal: Samsung's opposition to Apple's motion for judgment as a matter of law;

27  Exhibits 7, 13, and 22-43 to the declaration of John Pierce in support of Samsung's opposition to

28  Apple's motion for a permanent injunction ("Pierce PI Declaration"); Exhibits 9, 13, 28, 30, 34, 37,

3

54, 71, 92, 93, 183, 191, 195, 197, 198, 206, 207, and 208 to the declaration of Michael Wagner in

support of Apple's motion for a permanent injunction ("Wagner PI Declaration"); and the

declarations of Tulin Erden, Yoram Wind, or R. Sukumar in support of Samsung's opposition to

Apple's motion for a permanent injunction.

    1.   Confidential capacity information

        Apple seeks to seal several documents on the ground that they contain confidential capacity

information.  Specifically, Apple seeks to seal: Exhibit 13 to the Pierce Declaration in support of

Samsung's opposition to Apple's motion for judgment as a matter of law (Pierce JMOL

Declaration"); Exhibit C to the Wagner declaration in support of Samsung's opposition to Apple's

motion for judgment as a matter of law ("Wagner JMOL Declaration"); and portions of Exhibit

212 to the Wagner PI Declaration.

        Apple has previously argued that public disclosure of its capacity information would cause

competitive harms, and now argues that the same arguments continue to justify sealing.  Apple Br.

at 1.  As Apple has previously argued, disclosure of this capacity data would allow Apple's

competitors to alter their production schedules, so that they could increase production when Apple

is stretched thin or lower their prices when Apple has excess inventory.  Decl. of Jim Bean in Supp.

of Mot. to Seal Trial Exs. ("Bean Trial Decl."), ECF No. 1495-2, at ¶ 6.  Additionally, this type of

information could allow Apple's suppliers to extract higher prices for component parts when Apple

most needs them.  *See id.*

        As this Court has previously ruled, information relating to Apple's production and supply

capacity is a "trade secret" under Ninth Circuit law and is therefore properly sealed.  Competitors

and suppliers armed with knowledge of Apple's capacity would be able to alter their business and

pricing models to gain an unfair advantage over Apple in such a way that would "harm its

competitive standing."  *See Electronic Arts*, 298 Fed. App'x at 569 (citing *Nixon*, 543 U.S. at 598).

These factors that led the Court to permit sealing of trial exhibits remain persuasive at this post-

trial stage.  Accordingly, the Court finds that Apple's confidential capacity data remains sealable.

        Exhibit 13 to the Pierce JMOL Declaration consists of a summary of Apple's damages

calculations, introduced at trial as PX25A1.  Apple has previously moved to seal this document,

Case No.: 11-CV-01846-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO SEAL

United States District Court
For the Northern District of California

1    and the Court agreed that narrow redactions of capacity data were appropriate.  *See* ECF No. 1649

2    ("August 9 Order") at 7; ECF No. 1691 (proposed redactions); Tr. at 1993:18-19 (approving

3    proposed redactions).  Apple now requests only that this exhibit be subject to the same redactions

4    this Court previously approved, which are limited to the confidential capacity information

5    contained therein.  *See* Wheeler Decl. at ¶ 2.  Accordingly, Samsung's motion to seal is

6    GRANTED as regards Apple's proposed redactions to Exhibit 13 to the Pierce JMOL Declaration,

7    and DENIED as to the remainder of the document.

8         Exhibit C to the Wagner JMOL Declaration is an excerpt from the Supplemental Damages

9    Schedules of Terry L. Musika, which was submitted at trial as Exhibit 17.2-S2.  This document is

10   an updated version of a document the Court previously considered, then labeled Exhibit 17.2S.

11   Wheeler Decl. ¶ 3.  Both the previous and current versions include a section analyzing Apple's

12   capacity.  This Court previously approved redactions to the earlier version of the document that are

13   identical to the redactions Samsung proposes here; both sets of redactions obscure only the

14   confidential capacity data.  *See* August 9 Order at 13 (approving redactions).  Accordingly,

15   Samsung's motion is GRANTED as to its proposed redactions to Exhibit C.

16        Exhibit 212 to the Wagner PI Declaration is the transcript of the February 23, 2012

17   deposition of Mark Buckley.  Apple has identified several portions of the transcript that discuss

18   confidential capacity information.  The Court has reviewed the transcripts, and agrees that all of the

19   specific lines Apple has proposed to redact reveal Apple's confidential capacity information.

20   Accordingly, Samsung's motion is GRANTED as to the redactions Apple has proposed, and

21   DENIED as to the remainder of the document.

22        2.  License agreements

23        Apple also seeks to seal Exhibits 12-1 and 12-2 to the Pierce PI Declaration.  These two

24   exhibits consist of full, unredacted license agreements between Apple and third parties, including

25   payment and royalty terms.  The Ninth Circuit has held, and this Court has previously ruled, that

26   pricing terms, royalty rates, and minimum payment terms of licensing agreements plainly

27   constitute trade secrets, and thus are sealable.  *See Electronic Arts*, 298 Fed. App'x at 569; *see also*

28   August 9 Order at 10-11.  Accordingly, these limited terms are sealable, and the motion is

1   GRANTED as to the pricing, royalty, and payment terms of Exhibits 12-1 and 12-2.  The rest of

2   the agreements, however, do not pose the same risks to future negotiations.  At trial, the parties

3   relied on summaries of license agreements, from which the Court agreed to redact payment and

4   royalty terms only.  *See* August 9 Order a 10-11.  If the parties wish to keep other terms of their

5   licensing agreements secret, they are free to introduce summaries here, as they did at trial.  But the

6   parties may not introduce and rely on complete licenses while keeping the licenses sealed.  The

7   public interest in resolution of Apple's motion for a permanent injunction is significantly greater

8   than it was in resolving a motion to strike, the only context where the Court has permitted the type

9   of sealing permitted here.  *See* August 9 Order at 16.  Accordingly, the motion is GRANTED as to

10   the pricing and royalty terms, and DENIED as to all other information in the license agreements.

11        3.   Confidential financial information

12        Apple seeks to seal a number of documents on the grounds that they contain confidential

13   "individual product model-specific revenue, cost, and margin information," and "product line-

14   specific sales, cost, and margin information."  Wheeler Decl. at ¶¶ 6, 8.  This Court has twice

15   found that such information does not meet the "compelling reasons" standard.  *See* August 9 Order

16   at 5-6; ECF No. 2047 at 5-6.  Specifically, this Court has noted that Apple has repeatedly failed to

17   articulate exactly *how* it believes dissemination of such information could cause competitive harm,

18   and has observed that Apple has allowed a limited amount of such information to be introduced

19   where it serves Apple's purposes of justifying a large damages award.  Likewise, here, Apple has

20   put this information in issue by seeking a permanent injunction that would prevent the sale of 26

21   Samsung products.  Apple would need to make a very strong showing of compelling reasons to

22   justify keeping information under seal in this context.  Yet Apple continues to rely on its previous

23   arguments regarding such information, without presenting any new reason why this Court should

24   seal its financial information.  *See* Apple Br. at 2-3; Wheeler Decl. at 2-3 (citing declarations

25   submitted on July 30, 2012 in support of previous sealing motions).

26       As Apple has presented no new arguments, the Court will not change its prior ruling that such

27   information is not sealable.  Accordingly, Samsung's motion is DENIED as to Exhibits 2, 47, 83,

28   84, 85, 86, 87, 201, 202, 203, 204, and 212 to the Wagner PI Declaration.

*United States District Court*
*For the Northern District of California*

Case No.: 11-CV-01846-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO SEAL

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California

4.  Apple's consumer research

Apple seeks to seal several documents because they contain Apple's confidential consumer research data.  As with Apple's financial information, this Court has already considered – and rejected – Apple's arguments that this information meets the "compelling reasons" standard:

> Apple's desire to protect its own market surveys reporting on its consumers' usage habits, buying preferences, and demographics is not sufficient to meet the "compelling reason" standard required for sealing at this stage.  *See Kamakana*, 447 F.3d at 1179.  While Apple is presumably correct that its consumer base is different than Samsung's, Apple's claim that Samsung could not replicate the analysis contained in these exhibits is not convincing.  Surveys about consumer preferences are commonplace, and Apple has not argued convincingly that similar data is not already available to its competitors.  Moreover, because Apple claims that these surveys inform its future product and marketing plans, it stands to reason that its competitors may infer the most significant results by simply observing Apple's product releases and marketing campaigns.

August 9 Order at 9.  Here, as with its claims regarding financial data, Apple has presented no new arguments, but rather has merely pointed to the arguments it made in previous filings, which this Court has already rejected.  *See* Apple Br. at 5 (citing a declaration introduced on July 30, 2012 in support of a previous motion to seal).  As Apple has presented no new reasons, and the Court sees no material change in circumstances, the Court finds, consistent with its previous rulings, that Apple's internal consumer research does not meet the "compelling reasons" standard, and thus cannot be sealed.   Accordingly, Samsung's motion is DENIED as to Exhibit 6 to the Pierce PI Declaration and Exhibits 10-12, 31-32, 72, and 189 to the Wagner PI Declaration.

5.  Third party consumer research reports

Apple also seeks to seal exhibits that contain research performed by third party research firms IDC and Gartner.  As this Court has previously explained, IDC's business model revolves around gathering and selling these data and reports, so public disclosure of these exhibits could result in substantial commercial harm.  This Court found that if these reports were made publically available in their entirety, IDC's customers would have no need to purchase them, and thus that disclosure would not only harm IDC's competitive standing, it would completely destroy it. August 9 Order at 10.  However, Apple also explained that IDC agreed to allow limited use of its

7

1   data during trial.  Thus, the parties were able to rely on limited portions of the reports, without

2   sealing, and without running afoul of their obligations to IDC.

3         The parties can do the same here.  Apple is free to seek permission from IDC and Gartner

4   to use any information Apple requires to prove its case, but may not rely on information in seeking

5   a sweeping injunction while keeping it from public view.  Accordingly, Samsung's motion is

6   DENIED as to Schedules 2.1 and 2.1 in Exhibit 2, Exhibit 29, and Exhibit 199 to the Wagner PI

7   Declaration.

8         6.   Stay

9         Apple has requested that this Court stay any portion of its Order denying sealing.  The

10  Federal Circuit has stayed this Court's August 9 Order denying Apple's request to seal its

11  confidential financial information and internal market research.  Though the documents at issue in

12  the present motion are not the same documents considered in the August 9 Order, they are largely

13  subject to the same analysis.  Thus, the outcome of the appeal of the August 9 Order bears on the

14  present Order.  If the present Order were to have immediate effect, it would undermine the stay that

15  the Federal Circuit has imposed pending its resolution of the issue.

16        Federal Rule of Civil Procedure 62(c) vests the power to stay an order pending appeal with

17  the district court.  *See* Fed. R. Civ. P. 62(c).  For both the appellate court and the district court "the

18  factors regulating the issuance of a stay are generally the same: (1) whether the stay applicant has

19  made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be

20  irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other

21  [parties' interest] in the proceeding; and (4) where the public interest lies."  *Hilton v. Braunskill*,

22  481 U.S. 770, 776 (1987).  Deciding whether to grant a stay of an order pending an appeal is an

23  equitable inquiry.  Each factor in the analysis need not be given equal weight.  *Standard Havens*

24  *Prods. v. Gencor Indus.*, 897 F.2d 511, 512 (Fed. Cir. 1990).  "When harm to applicant is great

25  enough, a court will not require 'a strong showing' that applicant is 'likely to succeed on the

26  merits.'"  *Id.*  (citing *Hilton*, 481 U.S. at 776).

27        Although this Court does not believe that the partial denial of the parties' sealing request

28  was erroneous either in the August 9 Order or in this Order, this Court nonetheless recognizes that

**United States District Court**
For the Northern District of California

8

1   should the Federal Circuit disagree, the parties will be deprived of any remedy if this Court does

2   not stay its Order.  When the information is publicly filed, what once may have been trade secret

3   no longer will be.  Thus, the parties may be irreparably injured absent a stay.  In contrast, the

4   public interest, which favors disclosure of relevant information in order to understand the

5   proceedings, is not unduly harmed by a short stay.

6          Accordingly, the Court GRANTS Apple's request to stay disclosure of documents

7   identified as confidential financial information ( Exhibits 2, 47, 83, 84, 85, 86, 87, 201, 202, 203,

8   204, and 212 to the Wagner PI Declaration) and Apple's internal proprietary market research

9   (Exhibit 6 to the Pierce PI Declaration and Exhibits 10-12, 31-32, 38, 72, and 189 to the Wagner PI

10  Declaration).  The Court's denial of Apple's request to seal these documents is without prejudice as

11  to Apple's refiling after resolution of the issue by the Federal Circuit.  As Apple's appeal of this

12  Court's August 9 sealing order addresses only these two categories of confidential financial

13  information, the Stay applies only to these documents, and not to any other document this Court

14  declines to seal in this Order.  The stay will be in effect pending the Federal Circuit's resolution of

15  Apple's appeal on this issue.

16      B.  Samsung's Requests to Seal Third Party Information

17          In addition to seeking to seal information designated as confidential by Apple, Samsung

18  seeks to seal several documents that contain confidential information from third parties.

19          First, Samsung seeks to redact the "Payments" column from Exhibit 24 to the Pierce JMOL

20  Declaration.  Exhibit 24 is a summary of licensing agreements Samsung and Apple have made with

21  third parties, marked as DX 630.  As explained above, the Court agrees that the payment terms of

22  licensing agreements meet the "compelling reasons" standard.  Accordingly, Samsung's motion is

23  GRANTED as to the "Payments" column of Exhibit 24 to the Pierce JMOL Declaration.

24          Second, Samsung seeks to seal Exhibits 183, 197, and 198 to the Wagner PI Declaration, on

25  the ground that they contain market share data that Samsung purchased from Strategy Analytics, a

26  third-party research firm.  But as explained above, the parties have previously worked to obtain

27  permission to use whatever limited portions of third-party reports they actually needed to prove

28  their cases.  Though of course disclosure of the full reports could harm Strategy Analytics, the

Case No.: 11-CV-01846-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO SEAL

United States District Court
For the Northern District of California

appropriate way to prevent this harm is for the parties to submit only the data that is essential to their cases – not to ask the Court to consider it while keeping it from the public.  Accordingly, Samsung's motion to seal Exhibits 183, 197, and 198 to the Wagner PI Declaration is DENIED.

    C.  <u>Samsung's Requests to Seal Confidential Samsung Information</u>

      Finally, Samsung seeks to seal several types of its own confidential information.  This information can be divided into three categories: (1) unreleased products and future strategies; (2) detailed financial information; and (3) source code.

    1.  Unreleased Products and Future Strategies

      First, Samsung seeks to seal information "about unreleased products and future business plans."  Mot. at 4.  In its August 9 Order, this Court granted Samsung's motion to seal information about future product strategy and future revenue projections, noting that  "because this adjudication is concerned with Samsung's past and current conduct, information related to Samsung's future is of limited value to the public.  Moreover, such information has the potential to cause Samsung significant competitive harm."  August 9 Order at 17-18.  Information about Samsung's unreleased products and future strategies continues to risk "harm [to Samsung's] competitive standing," as competitors could use the information to position themselves to undercut Samsung.  *See Electronic Arts*, 298 Fed. App'x at 569.  Accordingly, the Court finds that such information continues to meet the "compelling reasons" standard, and is sealable.

Portions of Samsung's Opposition to Apple's Motion for a Permanent Injunction and Damages Enhancement contain information about Samsung's unreleased products and future sales projections.  Samsung has proposed very limited redactions to that motion, which remove only specific information about Samsung's future plans.  Accordingly, the Court GRANTS Samsung's motion with respect to the proposed redactions on pages 13-14 and 22 of Samsung's opposition to Apple's permanent injunction motion.

Samsung has similarly proposed redactions to the Declaration of Hee-Chan Choi and Exhibit 1 thereto.  The proposed redactions are limited to specific products that will be discontinued or released on specific dates in the future.  The same is true of the proposed redactions in paragraphs 3, 4, 7, 8, 10, and 13 of the Declaration of Corey Kerstetter, and the proposed redactions in Exhibit

10

**United States District Court**
For the Northern District of California

1 thereto.  Finally, Samsung has proposed redactions to the Declaration of San Lucente, similarly limited to portions that discuss an unreleased Samsung product.  Accordingly, all the information Samsung proposes to redact from these three declarations falls into the category of Samsung's future business plans, and is properly sealable for the reasons explained above.  Therefore, Samsung's motion is GRANTED as to the proposed redactions to the Choi Declaration and Exhibit 1 thereto, to the Kertstetter Declaration and Exhibit 1 thereto, and to the Lucente Declaration.

Samsung has also requested to seal excerpts from the Wagner PI Declaration, along with Exhibits 2, 37, 195, and 207 thereto on the ground that they contain information about Samsung's future business plans. [1]  Samsung has not clearly specified which portions of these documents it seeks to seal on the basis of future business and strategy information.  However, the Court has reviewed the documents, and finds that the passages Samsung has proposed to redact on pages 60 and 94 of the Wagner PI Declaration clearly contain information about Samsung's future business strategies, as does Schedule 4.2 of Exhibit 2 thereto.  The Court sees no information beyond the passages just identified that deserve sealing under the "compelling reasons" standard.  Accordingly, only the redactions on pages 60 and 94 and Schedule 4.2 of Exh. 2 may be sealed on this basis.  Samsung's motion is GRANTED as to these three pages, and DENIED with prejudice as to the remainder of the Wanger PI Declaration and Exhibit 2 thereto.

Exhibits 37 and 195 are lengthy documents consisting of a series of internal Samsung presentations.  Samsung has not proposed redactions to these documents, but rather appears to be seeking to seal them in their entirety.  Though the documents do contain some strategy information, the Court does not see that they contain much, if any, information directed at future plans, rather than strategies for time periods that have already passed.  And to the extent that they do contain strategies relevant to Samsung's future actions, they are vastly overdesignated.

Exhibit 207 is the transcript of the deposition of Michael Wagner.  Again, Samsung has proposed no redactions, but rather apparently seeks to seal the entire transcript.  As much of the deposition discusses the contents of Mr. Wagner's declaration, some of which this Court has

---

[1] Samsung's request to seal Exhibits 2, 37, 195, and 207 also mentions confidential financial information.  This basis will be addressed separately below.

Case No.: 11-CV-01846-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO SEAL

1    already ruled may be sealed, the transcript may contain some sealable information.  However,

2    much of the information is not sealable.  Thus it, too, is overdesignated.

3          This Court has advised the parties multiple times that, as Judge Alsup advised counsel in

4    *Oracle America v. Google, Inc*., 10-CV-03561-WHA, at ECF No. 540, "unless they identify a

5    limited amount of exceptionally sensitive information that truly deserves protection, the motions

6    will be denied outright."  *Id*.  Here, Samsung has not identified a limited amount of sensitive future

7    strategy information in Exhibits 37, 195, or 207.  Accordingly, Samsung's motion to seal these

8    three exhibits on the basis that they contain sensitive strategy and future planning information is

9    DENIED without prejudice.

10        2.  Financial Information

11          Samsung also seeks to seal "recent detailed sales information that breaks down sales by

12    product and specific time periods."  Mot. at 4.  As explained above in the discussion of information

13    Apple sought to seal, this Court has twice found that such information does not meet the

14    "compelling reasons" standard.  Like Apple, Samsung has failed to provide any new arguments for

15    why this information should be sealable.  Accordingly, for the reasons explained above, the Court

16    finds that product-specific sales information is not sealable.  Samsung's motion is DENIED

17    without prejudice  as to the documents it seeks to seal on these grounds: the Wagner JMOL

18    Declaration, Exhibit B thereto, Exhibit 2 to the Kirstetter Declaration, and Samsung's opposition to

19    Apple's motion for judgment as a matter of law.

20          Samsung further seeks to seal portions of the Wagner PI Declaration, along with Exhibits 2, 37,

21    195, and 207 thereto (the same documents identified above as containing strategy and future

22    business planning information) because they contain "confidential financial information."

23    Samsung has made no attempt to specify what it believes is confidential about the financial

24    information in these documents.  *See* Mot. at 5.  The Court will not find that the information is

25    sealable under the "compelling reasons" standard simply because Samsung has labeled it as

26    confidential in a motion to seal.  To the extent that Samsung intends it to be sealable for the same

27    reason as the product-specific sales information, the Court has already found such information not

28

Case No.: 11-CV-01846-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO SEAL

1  to be sealable.  Samsung has provided no other explanation for its request.  Accordingly,

2  Samsung's motion as to these documents is DENIED without prejudice.

3      3.  Source Code

4          Finally, Samsung seeks to seal Samsung's source code algorithms and descriptions of the

5  operation of that source code.  Mot. at 5.  Specifically, Samsung seeks to seal portions of the

6  Declaration of Stephen Gray and Exhibit 2 thereto.  Courts have been clear that confidential source

7  code is a trade secret.  *See Agency Solutions.Com, LLC v. TriZetto Group, Inc.*, 819 F. Supp. 2d

8  1001, 1017 (E.D. Cal. 2011).  Accordingly, as this Court has ruled in its previous sealing Orders,

9  source code meets the "compelling reasons" standard, and is sealable.

10          Samsung has identified certain limited portions of the Gray declaration that do indeed

11  reveal and discuss Samsung's source code.  Further, Exhibit 2 consists entirely of source code for

12  Samsung's Web Browser application.  This information is clearly sealable under the standards

13  discussed above.  Accordingly, Samsung's motion is GRANTED as to the proposed redactions to

14  the Gray declaration and Exhibit 2 thereto.

15  **III.     CONCLUSION**

16          For the reasons stated above, Samsung's motion to seal confidential Apple material is

17  GRANTED in part and DENIED in part.  Pursuant to Apple's request, the denial as to documents

18  identified as confidential financial information ( Exhibits 2, 47, 83, 84, 85, 86, 87, 201, 202, 203,

19  204, and 212 to the Wagner PI Declaration) and Apple's internal proprietary market research

20  (Exhibit 6 to the Pierce PI Declaration and Exhibits 10-12, 31-32, 38, 72, and 189 to the Wagner PI

21  Declaration) is stayed, pending resolution of Apple's appeal of this issue to the Federal Circuit.

22  Samsung's motion to seal its own confidential material is GRANTED in part and DENIED in part.

23  **IT IS SO ORDERED.**

24  Dated: November 29, 2012

                                                  _Lucy H. Koh_

25                                       LUCY H. KOH
                                     United States District Judge

26

27

28

Case No.: 11-CV-01846-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO SEAL