UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California corporation,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>SAMSUNG ELECTRONICS CO., LTD., A Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>　　　　　Defendants. | Case No.: 11-CV-01846-LHK<br><br>ORDER RE: MOTION FOR LEAVE TO FILE HTC LICENSE; MOTION TO FILE UNDER SEAL |

Before the Court is Samsung's motion for leave to file the Declaration of Robert J. Becher Regarding Samsung's Submission of HTC Settlement Agreement In Support of Opposition to Apple's Motion for Permanent Injunction and for Damages Enhancement ("motion for leave to file HTC license"). ECF No. 2177-2. Also before the Court is Samsung's motion to file under seal both portions of the motion for leave to file HTC license, and the license agreement itself. Because the parties require a ruling on these motions quickly, the Court will keep its discussion and analysis brief.

The HTC agreement did not exist until November 11, 2012, and Samsung did not receive it until Judge Grewal granted Samsung's motion to compel on November 21, 2012, ECF No. 2158 and Apple produced the document five days later. The Court agrees that the license agreement may be relevant to the permanent injunction analysis, and that Samsung could not have presented it

1

sooner.  Accordingly, Samsung's motion for leave to file HTC license is GRANTED.  Further, the Court finds that the relevance of the agreement can be adequately addressed at the December 6, 2012 hearing, without further briefing.

As regards the motion to file under seal, this Court has repeatedly explained that only the pricing and royalty terms of license agreements may be sealed.  *See, e.g.*, ECF Nos. 1649, 2168.  Only these terms, and not the rest of the agreement, meet the "compelling reasons" standard articulated by the Ninth Circuit for sealing filings related to dispositive motions and trial.  *See Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  There are compelling reasons to seal pricing and royalty terms, as they may place the parties to the agreement at a disadvantage in future negotiations, but there is nothing in the remainder of the agreement that presents a sufficient risk of competitive harm to justify keeping it from the public.  Accordingly, Samsung's motion to seal is GRANTED with regard to the pricing and royalty terms of the agreement only, and DENIED with regard to the rest of the agreement.

Samsung also seeks to redact the motion for leave to file HTC license.  However, none of Samsung's proposed redactions cover information that is properly sealable under the "compelling reasons" standard.  The proposed redactions cover only: (1) the fact that Apple has made an argument regarding license agreements in its permanent injunction motion; and (2) which patents are covered by the agreement.  Apple has already articulated its argument concerning license agreements in two publically filed documents.  *See* ECF Nos. 1982-1 at 10; 2127-2 at 7.  Thus, this information is not confidential.  And the Court has just explained that the only sealable terms of the license agreement are the payment and royalty terms.  Thus, the list of patents covered by the agreement does not meet the "compelling reasons" standard.  Accordingly, Samsung's motion to file under seal is DENIED with regard to the proposed redactions to the motion for leave to file HTC license.

**IT IS SO ORDERED.**

Dated: December 3, 2012

*Lucy H. Koh*
LUCY H. KOH
United States District Judge