QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kathleen M. Sullivan (Cal. Bar No. 242261)
kathleensullivan@quinnemanuel.com
Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Susan R. Estrich (Cal. Bar No. 124009)
susanestrich@quinnemanuel.com
Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
Attorneys for SAMSUNG ELECTRONICS
CO., LTD., SAMSUNG ELECTRONICS
AMERICA, INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>　　　　Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S RENEWED ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL** |

1    Pursuant to Civil L.R. 7-11 and 79-5, and General Order No. 62, Defendants Samsung

2  Electronics Co. Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications

3  America, LLC ("STA") (collectively, "Samsung") hereby bring this renewed administrative

4  motion for an order to seal:

5         1.   Exhibit 2 to the Declaration of Michael Wagner in Support of Samsung's

6              Opposition to Apple's Motion for a Permanent Injunction and Damages

7              Enhancement ("PI Opposition") ("Wagner PI Declaration");

8         2.   Samsung's Opposition to Apple's Motion for Judgment as a Matter of Law

9              (Renewed), New Trial, and Amended Judgment ("JMOL Opposition");

10        3.   The Declaration of Michael Wagner in Support of Samsung's JMOL Opposition

11             ("Wagner JMOL Declaration") and Exhibit B thereto; and

12        4.   The Declaration of Corey Kerstetter in Support of Samsung's PI Opposition and

13             JMOL Opposition ("Kerstetter Declaration") and Exhibit 2 thereto.

14   Should the Court decline to seal the documents listed above, Samsung respectfully moves

15  for a stay pending the Federal Circuit's resolution of Samsung's appeal of the Court's August 9,

16  2012 sealing order.    Apple does not oppose Samsung's renewed motion.    (Declaration of Jon

17  Steiger, Ex. 1.)

18    In support of its PI Opposition and JMOL Opposition, Samsung filed several documents

19  that included confidential information about future business plans, source code, and detailed

20  financial information.   (*See* Dkt. No. 2064.)   The Court granted in part and denied in part

21  Samsung's motion to.   (*See* Dkt. No. 2168.)

22    **Good Cause[1]  and Compelling Reasons Exist to Seal Information about Unreleased**

23  _____

24        [1]    While the "strong presumption of access to judicial records applies fully to dispositive
    pleadings" since the public has a strong interest in access where a pleading involves the

25  "*resolution* of a dispute on the merits," the presumption of access does not "apply with equal force

26  to non-dispositive materials." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179-80
    (9th Cir. 2006) (emphasis added).    Apple PI and JMOL motions are non-dispositive.    Thus, a

27  "good cause" showing is sufficient to seal the documents at issue here.   *Id.*; *see also In re
    National Sec. Agency Telecommunications Records Litig.*, 2007 WL 549854, at *3-*4 (N.D. Cal.

28     (footnote continued)

**Products and Future Business Plans**

Exhibit 2 to the Wagner PI Declaration and Samsung's JMOL Opposition contain information about unreleased products and future business plans.    While the Court granted in part Samsung's request to seal a portion to seal Exhibit 2 to the Wagner PI Declaration, it held that no information beyond Schedule 4.2 may be sealed.    (Dkt. No. 2168 at 11.)    The Court denied Samsung's request to seal its JMOL Opposition.    (*Id.* at 12.)

Schedule 4.1 of Exhibit 2 to the Wagner PI Declaration and Page 28 of Samsung's JMOL Opposition contain information about Samsung's future business strategies, including Samsung's future projected sales and information about unreleased products.    As the Court has noted, "[i]nformation about Samsung's unreleased products and future strategies [risks] harm [to Samsung's] competitive standing, as competitors could use the information to position themselves to undercut Samsung."    (Dkt. No. 2168 at 10 (internal quotation omitted); *see also In re Electronic Arts*, 298 Fed. App'x 568, 569 (9th Cir. 2008).)    Schedule 4.1 includes the same type of product line-specific projected sales and expected per-unit operating profit information included in Schedule 4.2 and Samsung's JMOL Opposition includes the same type of specific information about unreleased products and future business plans included in the Declarations of Hee-Chan Choi and Corey Kerstetter.    Schedule 4.1 and Samsung's JMOL Opposition should therefore be sealed for the same reasons.    (*See* Dkt. No. 2168 at 10-11.)

**Good Cause and Compelling Reasons Exist to Seal Samsung's Confidential Financial Information**

Pages 27-28 of Samsung's JMOL Opposition; the Wagner JMOL Declaration and Exhibit B thereto; paragraph 18 of the Kerstetter Declaration[2]; and Exhibit 2 to the Kerstetter Declaration contain product line-specific recent sales information for various products and per-unit operating

_____

Nov. 23, 2007) (noting that a motion for a preliminary injunction is non-dispositive and that the "good cause" standard applies to a motion to seal attached documents).

[2]    The Court granted Samsung's request to seal other portions of the Kerstetter Declaration that contain information about unreleased products and future business plans.    (Dkt. No. 2168 at 10-11.)

1    profits.    This information could be used by competitors to undercut Samsung's pricing and

2    marketing strategies and should therefore be sealed.    *See, e.g.*, *Bean v. John Wiley & Sons, Inc.*,

3    2012 WL 1078662, *5-6 (D. Ariz. Mar. 30, 2012) (concluding that a company had established

4    "compelling reasons" by showing that competitors could use its production data, revenue

5    information, and "sales and production numbers" to calibrate their pricing and distribution

6    methods so as to undercut the defendant in the market); *TriQuint Semiconductor, Inc. v. Avago*

7    *Techs., Ltd.*, 2011 WL 6182346, *3-7 (D. Ariz. Dec. 13, 2011) (release of documents showing,

8    inter alia, sales volumes, market analysis, capital expenditures, cost, and manufacturing capacity

9    would cause competitive harm and thus met the "compelling reasons" standard).

10    **The Court Should Grant Samsung's Motion to Stay**

11    In denying Samsung's request to seal documents that contained confidential financial

12    information without prejudice, the Court noted that it does not consider product-specific sales

13    information sealable under the compelling reasons standard.    Dkt. No. 2168 at 12-13.    Samsung

14    has appealed a previous order denying Samsung's motion to seal confidential financial

15    information, including product-specific sales and profit data, to the Federal Circuit.    (*See* Dkt.

16    Nos. 1649, 1722; *see also Apple Inc. v. Samsung Elecs. Co., Ltd., et al.*, Case No. 2012-1600, -

17    1606 (Fed. Cir.) Dkt. Nos. 6 at 15-18; 39-1 at 2; and 46-1 at 8)    As the Court has previously

18    noted, should the Federal Circuit disagree with the Court's assessment and hold that certain types

19    of financial information are sealable, "the parties will be deprived of any remedy if this Court does

20    not stay its Order.    When the information is publicly filed, what once may have been trade secret

21    no longer will be."    (Dkt. No. 2168 at 8-9.)    Samsung respectfully requests that the Court stay

22    the effect of any order denying Samsung's motion to seal confidential financial information

23    pending the Federal Circuit's resolution of Samsung's appeal of the Court's August 9 order.

24    **Conclusion**

25    For the foregoing reasons, Samsung respectfully requests that the Court grant Samsung's

26    renewed motion to seal, or, should the court decline Samsung's request to seal, grant a stay

27    pending the Federal Circuit resolution of Samsung's appeal of the August 9 order.

28

1    DATED: December 3, 2012          QUINN EMANUEL URQUHART &
                                      SULLIVAN, LLP
2

3

4                                     By    /s/ Victoria Maroulis
                                          Charles K. Verhoeven
5                                         Kevin P.B. Johnson
                                          Victoria F. Maroulis
6                                         Michael T. Zeller
                                          Attorneys for SAMSUNG ELECTRONICS CO.,
7                                         LTD., SAMSUNG ELECTRONICS AMERICA,
                                          INC., and SAMSUNG
8                                         TELECOMMUNICATIONS AMERICA, LLC

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SAMSUNG'S RENEWED ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL