| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781) <br> hmcelhinny@mofo.com <br> MICHAEL A. JACOBS (CA SBN 111664) <br> mjacobs@mofo.com <br> RACHEL KREVANS (CA SBN 116421) <br> rkrevans@mofo.com <br> JENNIFER LEE TAYLOR (CA SBN 161368) <br> jtaylor@mofo.com <br> MORRISON & FOERSTER LLP <br> 425 Market Street <br> San Francisco, California  94105-2482 <br> Telephone:  (415) 268-7000 <br> Facsimile:  (415) 268-7522 <br><br> Attorneys for Plaintiff and <br> Counterclaim-Defendant APPLE INC. | WILLIAM F. LEE <br> william.lee@wilmerhale.com <br> WILMER CUTLER PICKERING <br>  HALE AND DORR LLP <br> 60 State Street <br> Boston, MA 02109 <br> Telephone: (617) 526-6000 <br> Facsimile: (617) 526-5000 <br><br> MARK D. SELWYN (SBN 244180) <br> mark.selwyn@wilmerhale.com <br> WILMER CUTLER PICKERING <br>  HALE AND DORR LLP <br> 950 Page Mill Road <br> Palo Alto, California 94304 <br> Telephone: (650) 858-6000 <br> Facsimile: (650) 858-6100 |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, <br><br> Defendants. | Case No. 11-cv-01846-LHK (PSG) <br><br> **APPLE'S OPPOSITION TO SAMSUNG'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE A SUPPLEMENTAL DECLARATION OF STEPHEN GRAY IN SUPPORT OF SAMSUNG'S OPPOSITION TO PERMANENT INJUNCTION MOTION** |

APPLE'S OPPOSITION TO SAMSUNG'S MOTION FOR LEAVE TO FILE SUPP. DECL.
CASE NO. 11-CV-01846-LHK (PSG)
sf-3225811

1   Less than 17 hours before the scheduled hearing on Apple's motion for a permanent
2   injunction, Samsung seeks leave to file a supplemental expert declaration to respond to a reply
3   declaration filed on November 9, 2012 – *almost a month ago*. The Court should deny Samsung's
4   motion for leave not only because the requested relief is untimely and irrelevant, but because it is
5   nothing more than "a vehicle for circumventing the Court's page limits" and an attempt to cure
6   Samsung's failure of proof in its prior declaration. (Dkt. No. 2181 at 1.)

7   **I.     FACTUAL BACKGROUND**

8   On October 19, 2012, Samsung filed its opposition to Apple's motion for a permanent
9   injunction. In 35 pages of briefing, Samsung devoted a grand total of 1 sentence and 1 footnote to
10  the opinions of its expert, Stephen Gray, on an alleged design-around. (Dkt. No. 2054 at 14 n.11.)
11  In violation of the Court's page limits, that single sentence in Samsung's brief referenced 45
12  substantive paragraphs from Mr. Gray's declaration spanning 10 pages of text. (Dkt. No. 2054-2.)
13  Moreover, rather than including or even describing specific lines of Samsung's allegedly modified,
14  non-infringing source code and how they differ from the code that was found to infringe at trial,
15  Mr. Gray's declaration and Samsung's opposition brief simply made broad assertions that
16  "Samsung has implemented non-infringing design-arounds." (Dkt. No. 2054 at 14.)

17  Judge Grewal agreed that Mr. Gray's declaration covered a "new subject area[]" and
18  granted Apple's motion to compel his deposition. (Dkt. No. 2105 at 2, 4.) At this deposition,
19  Apple was provided with the basic information about the alleged code modifications that should
20  have been in Mr. Gray's declaration. Apple then was able to respond to these assertions in its
21  reply brief and through Karan Singh's November 9, 2012 declaration (Dkt. No. 2127-3).

22  Despite having the full basis for Dr. Singh's opinions in his reply declaration – including
23  specific citations to Samsung's source code, Samsung then insisted on deposing Dr. Singh.
24  Samsung did so knowing full well that Dr. Singh was on sabbatical in India. When Judge Grewal
25  agreed that Dr. Singh's deposition should proceed, Apple immediately offered early dates for a
26  video conference deposition from India. After Samsung rejected that offer, Apple then offered
27  early dates for an in person deposition in Singapore in light of Dr. Singh's travel commitments.
28  Only at Samsung's insistence was the deposition relocated to Hong Kong and deferred until

December 3. At no time prior to last night did Samsung ever request permission from the Court to have Mr. Gray opine on the source code identified by Dr. Singh on November 9, 2012.

## II.   SAMSUNG HAS FAILED TO JUSTIFY ANOTHER EXPERT DECLARATION FROM STEPHEN GRAY

The Court has consistently emphasized that the briefing page limits for the parties' post-trial motions would be "strictly enforced." (Dkt. No. 1945 at 3.) Accordingly, the Court should deny Samsung's motion for leave to file a supplemental declaration from Mr. Gray – particularly in light of the Court's stated intention to strike materials "submitted in violation of the Court's Order." (Dkt. No. 2181 at 1.) Whatever its contents, one thing is certain: they are not discussed in Samsung's brief.

Moreover, the alleged "design around" for the '915 patent that is the subject of Mr. Gray's original and supplemental declarations is irrelevant to whether an injunction should issue. Through Mr. Gray's declarations, Samsung has improperly attempted to conflate a contempt proceeding with the underlying motion for an injunction, which the Federal Circuit has made clear must maintain precedence. *See Int'l Rectifier Corp. v. IXYS Corp.,* 383 F.3d 1312, 1317-18 (Fed. Cir. 2004), (affirming district court's denial of infringer's request to "exclude[] from the scope of the injunction devices made according to [its] modified design," since "[i]t would have been improper for the district court to address that issue until or unless it was properly before the court" in later contempt proceeding); *see also TiVo Inc. v. EchoStar Corp.*, 646 F.3d 869, 881-883 (Fed. Cir. 2011) (en banc) (noting that the court's duty in a *contempt proceeding* is to "make an inquiry into whether that modification is significant" when "one or more of those elements previously found to infringe has been modified . . ."); *MercExchange, L.L.C. v. eBay, Inc.*, 500 F. Supp. 2d 556, 575 n.16 (E.D. Va. 2007) (noting after remand, "the court places no weight on eBay's purported design-around because . . . the complexity of the issue requires analysis that cannot be faithfully completed based upon a few pages of written argument and appended declarations, and because the court agrees with MercExchange that it should not be required to prove infringement twice in order to obtain an injunction").

Because infringement by modified or different Samsung products is properly the subject of

1  a contempt proceeding after issuance of an injunction, the Court need not decide now whether
2  modified Samsung products are not more than colorably different from the products that the jury
3  already concluded did infringe the '915 patent.  Therefore, no further declaration from Mr. Gray
4  on this issue is necessary for the Court to decide Apple's motion for a permanent injunction.

5  But even if Mr. Gray's opinions were somehow relevant to the permanent injunction
6  motion pending before the Court, Samsung should not be allowed to submit a belated "do over"
7  declaration from Mr. Gray that provides a more detailed discussion of Samsung's own source
8  code, misleadingly and incompletely cites to Dr. Singh's deposition testimony, and raises new
9  issues withheld from Mr. Gray's original declaration to deprive Apple of a fair opportunity to
10 respond.  Samsung made a tactical decision *not* to cite to its own code even once in its opposition
11 to Apple's motion or in the ten pages of sweeping and unfounded assertions in Mr. Gray's original
12 declaration.  Samsung should not be permitted to change course and to submit a more detailed
13 argument on the evening before the hearing.

14 Mr. Gray's purposely vague and misleading original declaration failed to cite a single line
15 of Samsung's modified code, instead relying on broad assertions that the modified code employs
16 an unexplained "fundamentally different technique."  (Dkt. No. 2054-2 ¶ 37.)  Even a cursory
17 examination of Mr. Gray's supplemental declaration reveals that the primary substantive
18 difference between his two declarations is that the more recent one actually cites to Samsung's
19 source code.  (*See generally* Dkt. No. 2183-2.)

20 In view of the lack of detail and absence of citations to modified source code in Mr. Gray's
21 original declaration, Dr. Singh identified the specific code omitted from Mr. Gray's original
22 declaration and explained its functionality.  Dr. Singh further explained that this functionality was
23 fundamentally unchanged from the infringing source code analyzed at trial.  Far from offering a
24 "brand new theory of infringement for . . . the '915 patent" (Dkt. No. 2183-1 at 1), Dr. Singh made
25 clear in his declaration that Samsung's "new" code still infringed, which was proper rebuttal
26 limited to exposing the fiction in Mr. Gray's original declaration that dressing up infringing code
27 in different clothing somehow rendered it non-infringing.

28 Despite having had its own source code since its creation, and Dr. Singh's analysis of that

1  code for almost a month, Samsung waited until the last minute to request permission to file
2  Mr. Gray's supplemental declaration regarding that same code.  Samsung's contention that it
3  somehow required Dr. Singh's deposition to understand his opinions on Samsung's own source
4  code lacks merit.  Indeed, Samsung admits in its motion that Mr. Gray did not require Dr. Singh's
5  deposition testimony to formulate his opinion, and only "relie[d] on Dr. Singh's admissions to
6  *confirm* his opinion."  (Dkt. No. 2183-1 at 1 (emphasis added).)

7  Finally, the Court should deny Samsung's motion because the Supplemental Gray
8  Declaration violates the rule of completeness by selectively citing and mischaracterizing Dr.
9  Singh's testimony.  As just one example, in paragraph 8 of his new declaration, Mr. Gray cites in
10 the same sentence two lines from Dr. Singh's testimony on one page and another two lines from
11 19 pages later in the transcript ("401:16-18 and 419:8-9").  (Dkt. No. 2183-2 ¶ 8.)  To understand
12 the context of the excerpted testimony, one would need to, at a minimum, review pages 401:1-25,
13 404:24-406:25, 417:20-25, and 419:6-9.  (*See* Declaration of Deok Keun Matthew Ahn in Support
14 of Apple's Opposition to Samsung's Administrative Motion, filed herewith, Ex. 1 at 401-419.)
15 Because Apple will be prejudiced by not being afforded a full and fair opportunity to respond to
16 Mr. Gray's belated opinions or to even have Dr. Singh's deposition testimony understood in
17 context, the Court should deny Samsung's motion.

## CONCLUSION

19 Because the source code identified in Dr. Singh's declaration (and notably absent from
20 Mr. Gray's original declaration) does what it does regardless of Samsung's attempts to
21 characterize it during Dr. Singh's deposition, Samsung never needed Dr. Singh's deposition to
22 explain its functionality.  Having elected not to timely explain its own code in any meaningful
23 fashion in Mr. Gray's original declaration, Samsung should not be allowed to undo its "hide the
24 ball" litigation strategy now.

25 Dated:  December 6, 2012                MORRISON & FOERSTER LLP

26                                         By:   */s/ Michael A. Jacobs*
                                                 Michael A. Jacobs
27                                               Attorneys for Plaintiff
                                                 APPLE INC.
28

APPLE'S OPPOSITION TO SAMSUNG'S MOTION FOR LEAVE TO FILE SUPP. DECL.
CASE NO. 11-CV-01846-LHK (PSG)                                                          4
sf-3225811