1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California corporation, | Case No.: 11-CV-01846-LHK |
| Plaintiff, | |
| v. | ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO FILE DOCUMENTS UNDER SEAL |
| SAMSUNG ELECTRONICS CO., LTD., A Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendants. | |

Before the Court are two motions to file under seal.  ECF Nos. 2125, 2127.  As this Court has explained in its previous sealing orders in this case, courts have recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978).  "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  In order to overcome this strong presumption, a party seeking to seal a judicial record must articulate justifications for sealing that outweigh the public policies favoring disclosure. *See id.* at 1178-79.  Because the public's interest in non-dispositive motions is relatively low, a party seeking to seal a document attached to a non-dispositive motion need only demonstrate "good cause." *Pintos v. Pac. Creditors*

1

United States District Court
For the Northern District of California

*Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (applying "good cause" standard to all non-dispositive motions, because such motions "'are often unrelated, or only tangentially related, to the underlying cause of action'" (citing *Kamakana*, 447 F.3d at 1179)).

Conversely, "the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the 'public's understanding of the judicial process and of significant public events.'" *Kamakana*, 447 F.3d at 1179 (quoting *Valley Broadcasting Co. v. U.S. Dist. Court for Dist. of Nev.*, 798 F.2d 1289, 1294 (9th Cir. 1986)). Thus, a party seeking to seal a judicial record attached to a dispositive motion or presented at trial must articulate "compelling reasons" in favor of sealing. *See id.* at 1178. "In general, 'compelling reasons' . . . exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to . . . release trade secrets." *Id.* at 1179 (citing *Nixon*, 435 U.S. at 598). The Ninth Circuit has adopted the Restatement's definition of "trade secret" for purposes of sealing, holding that "[a] 'trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *In re Electronic Arts*, 298 Fed. App'x 568, 569-70 (9th Cir. 2008) (quoting *Restatement of Torts* § 757, cmt. b). Additionally, "compelling reasons" may exist if sealing is required to prevent judicial documents from being used "'as sources of business information that might harm a litigant's competitive standing.'" *Id.* at 569 (9th Cir. 2008) (citing *Nixon*, 435 U.S. at 598).

As this Court has previously ruled, motions concerning the remedies to be awarded in this case cannot fairly be characterized as "unrelated, or only tangentially related, to the underlying cause of action." *Kamakana,* 447 F. 3d at 1179. To the contrary, these motions implicate the very core of Apple's claims and Apple's desired relief in bringing suit against Samsung. As evidenced by the plethora of media and general public scrutiny of the preliminary injunction proceedings and the trial, the public has a significant interest in these court filings, and therefore the strong presumption of public access applies. Accordingly, the "compelling reasons" standard applies to Apple's motion for a permanent injunction, and to documents filed in opposition thereto. Further, a motion for judgment as a matter of law, like trial documents, directly concerns the merits of the

2

United States District Court
For the Northern District of California

1   case.  Accordingly, the "compelling reasons" standard also applies to documents filed in

2   connection with a motion for judgment as a matter of law.  As all of the documents the parties now

3   seek to seal concern either Apple's motion for a permanent injunction or Samsung's motion for

4   judgment as a matter of law, all of the documents in this motion are subject to the "compelling

5   reasons" standard.

6        First, Samsung filed a motion pursuant to Civil L.R. 79-5, ECF No. 2125, and Apple filed a

7   declaration in support, ECF No. 2140.  This motion seeks to seal Exhibit 25 to the Declaration of

8   Susan Estrich, which is an unredacted version of Plaintiff's Trial Exhibit 78, an invoice from Intel

9   to Apple.  This Court has previously ruled that this document may be redacted to seal the quantity,

10  unit price, and amounts due to Intel.  ECF No. 1649 at 11.  Apple seeks only those same redactions

11  here.  Because the Court has already ruled that these portions of the document are sealable under

12  the "compelling reasons" standard, Samsung's motion is GRANTED.

13       Second, Apple filed a motion pursuant to Civil L.R. 79-5 at ECF No. 2127, and Samsung

14  filed a declaration in support at ECF No. 2164.  This motion seeks to seal: (1) portions of Apple's

15  reply brief in support of Apple's motion for a permanent injunction; (2) portions of the declaration

16  of Karan Singh in support thereof;  (3) Exhibits 9, 12, 17, and 23 to the Declaration of Richard

17  Hung; and (4) Exhibit 2 to the Reply Declaration of Marylee Robinson.  The Court will consider

18  these items based on Samsung's asserted reason for sealing.

19  <u>Source Code</u>

20       Exhibit 23 to the Hung Declaration consists entirely of Samsung's source code.

21  Confidential source code clearly meets the definition of a trade secret.  *See* ECF No. 1649; *Agency*

22  *Solutions.Com, LLC v. TriZetto Group, Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D. Cal. 2011).  Thus,

23  Exhibit 23 meets the "compelling reasons" standard.  Apple's motion to seal is GRANTED as to

24  Exhibit 23.

25       The Singh declaration also contains some confidential source code, which is sealable for the

26  same reason.  However, Samsung has overdesignated the material in the declaration which can

27  properly be considered confidential source code.  Only the proposed redactions to paragraphs 12,

28  14, 25, 26-31, 35, and 40 actually reproduce or discuss in any detail Samsung's confidential source

3

United States District Court
For the Northern District of California

1    code. The remainder of the proposed redactions concern information that is too general to be

2    considered trade secrets. Accordingly, the motion is GRANTED as to the proposed redactions to

3    paragraphs 12, 14, 25, 26-31, 35, and 40, and DENIED as to the remainder of the Singh

4    declaration.

5         Exhibit 17 to the Hung declaration is a portion of a deposition transcript. Again, Samsung

6    has proposed redactions, but here, Samsung has proposed to redact only portions that specifically

7    discuss the content and operation of Samsung's code. Accordingly, the motion to seal Exhibit 17 is

8    GRANTED.

9    <u>Design Strategy</u>

10        Samsung seeks to seal Exhibits 9 and 12 to the Hung declaration because they contain

11   "specific information about the features Samsung considers important and the results of surveys

12   conducted by Samsung," as well as "Samsung's internal decision-making process." The Court has

13   previously allowed specific information about unreleased products and specific future business

14   strategies to be sealed because competitors could use that type of information to undercut

15   Samsung; significant risk of competitive harm satisfies the "compelling reasons" standard. *See*

16   ECF no. 1649 at 17-18; ECF No. 2168 at 10. However, the documents Samsung seeks to seal here

17   do not contain that type of information. Rather, Exhibits 9 and 12 are two internal Samsung

18   presentations about design goals. Information about Samsung's general design goals simply does

19   not present the same competitive risk as information about specific unreleased products and

20   specific future business strategies. Though Samsung claims that Exhibit 12 contains "unreleased

21   product designs," this is a mischaracterization; the exhibit is an internal presentation concerning a

22   study Samsung did about design, which included some design mock-ups. There is no indication

23   that they represent actual unreleased Samsung products, the revelation of which would present any

24   significant risk of competitive harm. Accordingly, the motion to seal as to Exhibits 9 and 12 to the

25   Hung declaration is DENIED.

26   <u>Recent Sales Data</u>

27        Samsung seeks to redact the total number of units sold for July, August, and September of

28   2012 from Exhibit 12 to the Robinson Declaration. Samsung says only that "[i]t is Samsung's

4

1   policy not to disclose recent sales data as competitors could use the information to Samsung's

2   disadvantage." Kang Decl. at ¶ 8. But Samsung has provided no explanation for *how* the total

3   number of sales it has made in recent months could possibly cause Samsung competitive harm.

4   Absent a clear explanation of a compelling reason for keeping the information confidential, the

5   Court will not allow sealing. Accordingly, the motion is DENIED as to Exhibit 12 to the Robinson

6   Declaration.

7        Finally, Samsung has proposed redactions to Apple's reply brief in support of its permanent

8   injunction motion. The proposed redactions on pages 2 and 3 concern only the same internal

9   Samsung information about design strategy that the Court explained above is not sealable.

10   Accordingly, the motion is DENIED as to the proposed redactions on pages 2 and 3.

11        The proposed redaction on page 9, concerning design-arounds, is overbroad. The general

12   argument that modified software does or does not infringe a patent, without revealing any

13   confidential source code or specific unreleased products, does not present any competitive risk,

14   does not constitute trade secrets, and in any event is not confidential, as Samsung has already filed

15   a brief arguing that it plans to modify its products to cease any infringement. Only the portion of

16   the proposed redaction referring to a specific unmarketed product (lines 8-10 of footnote 5) contain

17   legitimately confidential, sealable information. Accordingly, the motion is GRANTED as to lines

18   8-10 of footnote 5, and DENIED as to the remainder of Apple's reply.

19   <u>Leave to Amend</u>

20        This Court has granted leave to amend when denying motions to seal only where the

21   material the parties seek to seal may yet meet the requirements for sealing, but has been

22   overdesignated or insufficiently supported. Here, where the motions are denied, it is because the

23   material they seek to seal does not meet the "compelling reasons" standard. Thus, amendment

24   would be futile. Accordingly, the portions of these motions that have been denied are denied with

25   prejudice.

26   **IT IS SO ORDERED.**

27   Dated: December 10, 2012

                                              _Lucy H. Koh_

28                                       LUCY H. KOH
                                     United States District Judge

Case No.: 11-CV-01846-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO FILE DOCUMENTS UNDER SEAL