1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California corporation, <br><br> Plaintiff, <br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., A Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, <br><br> Defendants. | Case No.: 11-CV-01846-LHK <br><br> ORDER RE: WAIVER, EQUITABLE ESTOPPEL, UNCLEAN HANDS, AND UNFAIR COMPETITION |

In this patent case, Samsung accused Apple of infringing two of Samsung's patents that

Samsung has declared essential to the Universal Mobile Telecommunications System (UMTS)

standard: U.S. Patent No. 7,675,941 ("the '941 Patent"), and U.S. Patent No. 7,447,516 ("the '516

Patent").[1]  At trial, the jury found that Apple had not infringed either of these patents.  *See*

Amended Jury Verdict, ECF No. 1890, at 17.  Now before the Court is Apple's motion for a ruling

on its equitable defenses to infringement.  ECF No. 1981.  Specifically, Apple asserts that

Samsung's conduct related to the development of the UMTS bars Samsung from asserting these

claims against standard-compliant products under the doctrines of waiver, equitable estoppel, and

---

[1] Samsung asserted infringement of several other patents, but only these two patents are the subject of the defenses at issue here.

1

Case No.: 11-CV-01846-LHK
ORDER RE: WAIVER, EQUITABLE ESTOPPEL, UNCLEAN HANDS, AND UNFAIR COMPETITION

1    unclean hands.[2]  Because the Court finds that these defenses cannot affect the outcome of the

2    present case in light of the jury's finding of noninfringement, the Court, in its discretion, will not

3    consider these defenses at this time.

4         Apple argued at the hearing on December 6, 2012, that its equitable defenses are not

5    technically moot because they would render the entire patents unenforceable against all standard-

6    compliant products, while the jury's verdict was limited to certain claims and certain products.

7    The Court agrees that under Federal Circuit precedent,[3] the issue is not technically moot so as to

8    deprive this Court of subject matter jurisdiction.  *See In re Omeprazole Patent Litigation*, 483 F.3d

9    1364, 1375 (Fed. Cir. 2007) ("The inequitable conduct claim was not technically moot, because it

10   would have rendered the entire '281 patent unenforceable, rather than just the claims that were held

11   invalid.").

12        However, both parties agreed at the December 6, 2012 hearing that the equitable defenses

13   no longer present a live issue between the two parties in this case, and that the only effect of a

14   ruling on Apple's claims would come through collateral estoppel in future cases.  Both parties

15   further agreed that while this Court does have subject matter jurisdiction to decide the equitable

16   defenses, it would be within this Court's discretion to not decide these issues until they are before

17   the Court as a live controversy.  Indeed, courts have long recognized that in some situations, there

18   is wisdom in refraining from issuing a ruling that would have no practical effect.  *See, e.g.*,

19   *Fletcher v. United States*, 116 F.3d 1315, 1321 (10th Cir. 1997) ("Under the doctrine of prudential

20   mootness, there are circumstances under which a controversy, not constitutionally moot, is so

21   attenuated that considerations of prudence and comity for coordinate branches of government

22

23   _____

     [2] Apple also argues that the Court should find that Samsung violated the California Unfair
     Competition Law, but asks the Court to make such a finding only if the Court grants judgment as a
24   matter of law in favor of Apple on its breach of contract claim.  Mot. at 11.  As the Court has not
     yet issued an Order on Apple's motion for judgment as a matter of law, the Court will not address
25   the unfair competition claim at this time.
     [3] Federal Circuit law governs the application of Article III to patent disputes.  *See Schreiber Foods,*
26   *Inc. v. Beatrice Cheese, Inc.,* 402 F.3d 1198, 1202 (Fed. Cir. 2005) ("[Q]uestions of the district
     court's jurisdiction – upon which this court's jurisdiction depends – are always determined under
27   Federal Circuit law.").

28

Case No.: 11-CV-01846-LHK
ORDER RE: WAIVER, EQUITABLE ESTOPPEL, UNCLEAN HANDS, AND UNFAIR COMPETITION

*United States District Court*
For the Northern District of California

United States District Court
For the Northern District of California

1    counsel the court to stay its hand, and to withhold relief it has the power to grant.") (internal

2    quotation marks omitted); *S. Yuba River Citizens League v. Nat'l Marine Fisheries Serv.*, CIV S-

3    06-2845 LKK, 2010 WL 4746187 at *2 (E.D. Cal. Nov. 16, 2010) ("Under the doctrine of

4    prudential mootness, district courts may dismiss a claim where not technically moot, but

5    nonetheless where circumstances [have] changed since the beginning of litigation that forestall any

6    occasion for meaningful relief.") (citing *Hunt v. Imperial Merchant Servs*., Inc., 560 F.3d 1137 (9th

7    Cir.2009) (internal quotation marks omitted)).

8            In this case, a decision now would not provide Apple with any meaningful relief, because

9    the jury has already found that Apple is not liable to Samsung for infringing these patents.  Further,

10   a decision on Apple's equitable claims would require the Court to interpret a policy of the

11   European Telecommunications Standards Institute (ETSI) that is governed by French law.  *See*

12   Apple's Brief Regarding Non-Jury Claims, ECF No. 1981, at 1 (arguing for equitable defenses due

13   to violation of ETSI policy); PX74 at Art. 12 (ETSI policy choice of law clause).  Moreover, the

14   jury decided several claims stemming from the same factual predicate at issue in the equitable

15   defenses, including a breach of contract claim and an antitrust claim.  Consequently, resolution of

16   Apple's equitable defenses would entail a delicate inquiry into precisely what factual findings must

17   underlie the jury's verdict, as the Seventh Amendment right to a jury trial in civil cases requires the

18   Court to credit those factual findings in resolving the equitable claims.  *See Beacon Theatres, Inc.*

19   *v. Westover*, 359 U.S. 500, 510 (1959).  The Court does not find it advisable to issue binding

20   interpretations under foreign law, or to inquire into the precise contours of the implied factual

21   findings underlying a jury verdict, where it is not necessary for the resolution of the currently

22   pending case.

23           Finally, Apple has argued that because these questions have important policy implications

24   for standards-setting organizations, the Court should decide them now.  The Court finds that the

25   importance of the questions counsels *against* deciding them in a case where the issue is no longer

26   squarely presented.  The issue is best left for a case in which the parties have every incentive to

27   brief and argue the issue as thoroughly as possible, to ensure that the decision eventually issued on

28   this question is a correct one.  Accordingly, the Court takes no position on the merits of Apple's

3

Case No.: 11-CV-01846-LHK
ORDER RE: WAIVER, EQUITABLE ESTOPPEL, UNCLEAN HANDS, AND UNFAIR COMPETITION

1    equitable claims, and declines to decide whether Samsung's patents are unenforceable as against all

2    UMTS-compliant products under the doctrines of waiver, equitable estoppel, and unclean hands.

3    **IT IS SO ORDERED.**

4    Dated: December 13, 2012

       _Lucy H. Koh_____
5                                      LUCY H. KOH
                                       United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

Case No.: 11-CV-01846-LHK
ORDER RE: WAIVER, EQUITABLE ESTOPPEL, UNCLEAN HANDS, AND UNFAIR COMPETITION

**United States District Court**
For the Northern District of California