1  ARNOLD & PORTER LLP
   MICHAEL J. BAKER (No. 56492)
2  mike.baker@aporter.com
   GABRIEL N. WHITE (No. 258257)
3  gabriel.white@aporter.com
   Three Embarcadero Center, 7th Floor
4  San Francisco, California 94111-4024
   Telephone: 415.471.3100
5  Facsimile: 415.471.3400

6  Attorneys for Non-Party,
   IDC RESEARCH, INC.
7

8                       UNITED STATES DISTRICT COURT

9                      NORTHERN DISTRICT OF CALIFORNIA

10                              SAN JOSE DIVISION

11 | APPLE, INC., a California corporation, | Case No.: 11-CV-01846-LHK
12 |                  Plaintiff,            | **NON-PARTY IDC RESEARCH, INC.'S ADMINISTRATIVE MOTION TO SEAL**
13 |         v.                             |
14 | SAMSUNG ELECTRONICS CO., LTD., a Korean corporation, SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, |
15 |                                        |
16 |                                        |
17 |                                        |
18 |                  Defendants.           |

33154273v5

Pursuant to Civil L.R. 7-11 and 79-5(b), and the Court's Order of July 23, 2012 (Docket No. 1288), non-party IDC Research, Inc. (d.b.a. International Data Corporation) ("IDC") hereby brings this administrative motion to seal Exhibit 199 to the declaration of Michael Wagner in support of Samsung's Opposition to Apple's Motion for a Permanent Injunction and Damages Enhancement ("Wagner PI Declaration").

## INTRODUCTION

Non-party IDC, a worldwide leader in technology market research, brings this motion to maintain the confidentiality of IDC's highly-sensitive proprietary business information contained in Exhibit 199 to the Wagner PI Declaration. Exhibit 199 consists of an entire IDC report referred to as the "Worldwide Quarterly Mobile Phone Tracker 2012Q2," (the "Tracker"). The Court has previously ordered other full IDC reports submitted as trial exhibits to be sealed. Order (Docket No. 1649), at 10. Moreover, the parties previously represented to the Court "that they would not need, and would not seek, to introduce the full IDC reports at trial," and the Court "strongly encourage[d] the parties to use limited IDC data . . . and thus obviate the need for sealing." *Id.*

Samsung obtained the Tracker from Apple pursuant to a discovery request in this litigation, under an "attorneys' eyes only" restriction. Apple had originally purchased the Tracker from IDC. Nevertheless, despite the attorneys' eyes only restriction, and despite its previous representation to the Court regarding the submission of full IDC reports, Samsung now proposes to file the entire Tracker as a publicly available document. For the reasons stated below, such a disclosure would be calamitous for IDC. To prevent the substantial harm that such a filing would cause IDC, an innocent bystander to this litigation, the Court should order Exhibit 199 to the Wagner PI Declaration to be filed under seal.

## FACTUAL AND PROCEDURAL BACKGROUND

IDC is the leading global provider of market intelligence, research, and advisory services for information technology, telecommunications, and consumer technology markets. *See* Declaration of Crawford Del Prete In Support of IDC's Motion to Seal ("Del Prete Decl.") ¶2. As relevant to this motion, IDC sells custom-tailored collections of data and analysis referred to as "trackers," which provide up-to-date market size, vendor share and forecasts for hundreds of technology

1  markets around the globe. *Id*. The document at issue in the present motion is a particularly

2  valuable example of such a tracker; the "Worldwide Quarterly Mobile Phone Tracker 2012Q2" is a

3  massive collection of recent data and analysis regarding mobile phone and smartphone markets with

4  a wide geographic scope. *Id.* ¶¶3-6. The list price for the Tracker purchased by Apple is over

5  $400,000. *Id.* ¶15. To protect this valuable proprietary work product, IDC imposes strict controls

6  on what its customers may do with it. *Id.* ¶7. If a customer wishes to distribute or otherwise use the

7  Tracker, or any part of it, externally, it must first obtain IDC's express written consent. *Id*. ¶7 & Ex.

8  A ¶2(d).

9  Apple purchased the Tracker from IDC under such a strict confidentiality agreement. *Id.* ¶8

10  & Ex. A. IDC has repeatedly advised the parties of the highly sensitive nature of this document,

11  and has consistently withheld consent for both Apple and Samsung to disclose it publicly, either in a

12  public filing or at a trial or hearing in this litigation, or any other forum. *Id.* ¶9. IDC gave its

13  permission for Apple to produce and use the document in response to a discovery request from

14  Samsung in this litigation, on the express condition that the material be marked "Highly

15  Confidential—Attorneys' Eyes Only." *Id.* ¶10 & Ex. B. Pursuant to the agreement between Apple

16  and IDC, IDC's consent to use the Tracker in the litigation is "**null and void** if at any time, for any

17  reason, the IDC Content is no longer afforded the protections set forth in the Protective Order . . . ."

18  *Id.* ¶11 & Ex. C ¶4 (emphasis in original). It is IDC's understanding that Apple, consistent with its

19  contractual obligations to IDC, produced the document to Samsung under the highest level of

20  protection allowed under the Protective Order. *Id.* ¶12.

21  In connection with its opposition to Apple's motion for preliminary injunction, Samsung

22  brought a motion to file under seal, *inter alia,* a number of documents it had acquired from Apple

23  through discovery in this litigation, such as the Tracker, as well as two "Schedules," Exhibits 2 and

24  29 to the Wagner PI Declaration. These "Schedules" contain limited amounts of data derived from

25  the Tracker. The Court denied the motion to seal with respect to all three documents. Order

26  (Docket No. 2168) at 8. [1]

---

[1] The Court's discussion suggests that it may have understood Apple to be the party proposing to rely on IDC's information, including the Tracker, in support of its motion for a preliminary

(Footnote Cont'd on Following Page)

Samsung now proposes to disseminate IDC's proprietary information by including the Tracker in a public filing. Rather than withdrawing Exhibit 199 to the Wagner PI Declaration following the Court's denial of its motion to file the document under seal, which IDC has requested Samsung do, Samsung has notified IDC that it now intends to file the Tracker as a public document which, absent judicial intervention, would eviscerate the protection IDC thought it had when it agreed with Apple to the production of its Tracker pursuant to the Protective Order in this case. IDC is therefore required to bring the present motion.

## ARGUMENT

The Court has stated that a party seeking to file a document under seal in connection with Apple's motion for a permanent injunction must articulate "compelling reasons" for doing so. Order (Docket No. 2168), at 3. Here, compelling reasons exist. The document that IDC seeks to seal contains exceptionally sensitive and proprietary information of a third party, the type of information that courts have often found to meet the "compelling reasons" standard. Indeed, it is precisely the type of information that this Court has previously found to meet the compelling reasons standard in this litigation. IDC has consistently withheld consent for both Apple and Samsung to disclose the Tracker in a public filing and has more broadly acted diligently to preserve the commercial value of its proprietary data. IDC therefore asks the Court to require Samsung to either not file the Tracker at all, or at least to file it under seal so that IDC's proprietary and economic interest in its highly valuable data remains protected.

**A.  IDC's Overriding Interest In Maintaining The Confidentiality Of Its Proprietary Information Is A Compelling Reason To Seal The Document.**

The highly sensitive proprietary data and analysis that IDC features in its trackers are expensive to produce and, therefore, expensive to purchase. Del Prete Decl. ¶¶3-6, 15. IDC

---

(Footnote Cont'd From Previous Page)

injunction. Order (Docket No. 2168) at 8:3-7. However, the Wagner PI Declaration, and the Tracker attached thereto as Exhibit 199, was submitted in support of Samsung's opposition to Apple's motion, and it is Samsung that now proposes to file the Tracker publicly.

IDC takes no position as to whether either party should be permitted to rely on the Tracker in this litigation, so long as it is protected from public view. IDC's only interest is in maintaining the confidentiality of its highly-sensitive proprietary information, and thereby preserving its economic value, which the public disclosure Samsung seeks would destroy.

1  accordingly goes to great lengths to ensure its data and analysis remain closely guarded, even after
2  being disseminated to IDC customers.  *Id.* ¶¶7-11.
3       Courts have routinely found a compelling interest in protecting the type of confidential
4  business information contained in the Tracker.  *See, e.g.*, *In re Adobe Sys., Inc. Sec. Litig.*, 141
5  F.R.D. 155, 161-62 (N.D. Cal. 1992) (under-seal filings preserve third parties' "legitimate
6  expectation that confidential business information, proprietary technology and trade secrets will not
7  be publicly disseminated") (citing *Johnson Controls, Inc. v. Phoenix Control Systems*, 886 F.2d
8  1173, 1176 (9th Cir. 1989) and *Henry Hope X-Ray Products Inc. v. Marron Carrel, Inc.*, 674 F.2d
9  1336, 1343 (9th Cir. 1982)).  Courts have been especially protective of information that could cause
10 competitive harm to non-parties.  *See, e.g., Network Appliances, Inc. v. Sun Microsystems Inc.*, No.
11 C-07-06053, 2010 WL 841274, at *2 (N.D. Cal. Mar. 10, 2010) (finding compelling reasons for
12 sealing "confidential and proprietary technical information that was obtained from third-parties and
13 which was designated by the third parties as "Attorney's Eyes Only"); *see also* Order (Docket No.
14 1649), at 9-10 (denying Apple's motion to seal internal market surveys; granting Apple's motion to
15 seal IDC's market research reports).
16      A public filing that discloses all or part of the Tracker would harm IDC in two ways, as this
17 Court has previously articulated.  First, "IDC's business model revolves around gathering and
18 selling these data and reports, so public disclosure of these exhibits could result in substantial
19 commercial harm"; second, "if these reports were made available in their entirety, IDC's customers
20 would have no need to purchase them, and thus that disclosure would not only harm IDC's
21 competitive standing, it would completely destroy it."  Order (Docket No. 2168, at 7); Order
22 (Docket No. 1649) at 10; *see also* Del Prete Decl. ¶¶14-17.
23      IDC has *never* consented to Apple or Samsung (or anyone else) using the Tracker in any
24 manner that would cause the Tracker to become public information.  *See* Del Prete Decl. ¶¶7, 9.
25 Rather, IDC allowed Apple, which had purchased the Tracker from IDC, to disclose and use the
26 Tracker in response to a discovery request by Samsung on an "attorneys' eyes only" basis, under the
27 highest level of protection available under the action's Protective Order.  *Id.* ¶¶8-10 & Ex. B.  This
28 consent is explicitly contingent on the Tracker remaining confidential under the Protective Order.

*Id.* ¶11 & Ex. C.  IDC's interest in maintaining the confidentiality of the Tracker, therefore, remains a compelling reason to order that Samsung file Exhibit 199 to the Wagner PI Declaration under seal.

### B. IDC's Overriding Interest In Maintaining The Confidentiality Of The Tracker Overcomes The Right of Public Access And Supports Sealing The Document.

In contrast to IDC's overriding interest in keeping the Tracker confidential, there is no discernible public interest in publicizing it.  The only members of the public with any interest in free access to the Tracker are 1) IDC's competitors and 2) businesses that would otherwise pay IDC for the information.  The public's ability to understand the substantive issues in this litigation would not be impeded, particularly because IDC does not seek to have sealed two "schedules" that were prepared on the basis of the Tracker and submitted as attachments to the Wagner PI Declaration.  *See* Wagner PI Decl., Ex. 2 & Ex. 29.  The Court has previously acknowledged during this litigation that the "marginal public benefit that would result from disclosure" of IDC's full reports, as opposed to the limited data such as that contained in the two Schedules, is "low."  Order (Docket No. 1649), at 10.  Here, the same analysis applies.

### C. The Proposed Sealing Is Narrowly Tailored To Protect IDC's Proprietary Information In The Least Restrictive Means Possible.

The Tracker, a large spreadsheet packed with data, is proprietary in its entirety.  There is no less restrictive means of protecting the information contained in the Tracker other than sealing the document in its entirety, and prohibiting it from being used by any party in this litigation in any manner that would cause it to become public.

### CONCLUSION.

For the foregoing reasons, the Court should order that Exhibit 199 of the Wagner PI Declaration be filed under seal, and prohibit that document from being used by any party in this litigation in any manner that would cause it to become public.

Dated: December 21, 2012            ARNOLD & PORTER LLP

By:   */s/ Gabriel N. White*
     Michael J. Baker
     Gabriel N. White

     Attorneys for Non-Party
     IDC RESEARCH, INC.