UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California corporation,<br><br>    Plaintiff,<br>  v.<br><br>SAMSUNG ELECTRONICS CO., LTD., A Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>    Defendants. | Case No.: 11-CV-01846-LHK<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO FILE DOCUMENTS UNDER SEAL |

  Before the Court are two motions to file under seal. ECF Nos. 2180, 2187. As this Court has explained in its previous sealing orders in this case, courts have recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). In order to overcome this strong presumption, a party seeking to seal a judicial record must articulate justifications for sealing that outweigh the public policies favoring disclosure. *See id.* at 1178-79. Because the public's interest in non-dispositive motions is relatively low, a party seeking to seal a document attached to a non-dispositive motion need only demonstrate "good cause." *Pintos v. Pac. Creditors*

*Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (applying "good cause" standard to all non-dispositive motions, because such motions "'are often unrelated, or only tangentially related, to the underlying cause of action'" (citing *Kamakana*, 447 F.3d at 1179)).

Conversely, "the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the 'public's understanding of the judicial process and of significant public events.'" *Kamakana*, 447 F.3d at 1179 (quoting *Valley Broadcasting Co. v. U.S. Dist. Court for Dist. of Nev.*, 798 F.2d 1289, 1294 (9th Cir. 1986)). Thus, a party seeking to seal a judicial record attached to a dispositive motion or presented at trial must articulate "compelling reasons" in favor of sealing. *See id.* at 1178. "In general, 'compelling reasons' . . . exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to . . . release trade secrets." *Id.* at 1179 (citing *Nixon*, 435 U.S. at 598). The Ninth Circuit has adopted the Restatement's definition of "trade secret" for purposes of sealing, holding that "[a] 'trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *In re Electronic Arts*, 298 Fed. App'x 568, 569-70 (9th Cir. 2008) (quoting *Restatement of Torts* § 757, cmt. b). Additionally, "compelling reasons" may exist if sealing is required to prevent judicial documents from being used "'as sources of business information that might harm a litigant's competitive standing.'" *Id.* at 569 (9th Cir. 2008) (citing *Nixon*, 435 U.S. at 598).

As this Court has previously ruled, motions concerning the remedies to be awarded in this case cannot fairly be characterized as "unrelated, or only tangentially related, to the underlying cause of action." *Kamakana,* 447 F. 3d at 1179. To the contrary, these motions implicate the very core of Apple's claims and Apple's desired relief in bringing suit against Samsung. As evidenced by the plethora of media and general public scrutiny of the preliminary injunction proceedings, the trial, and the post-trial proceedings, the public has a significant interest in these court filings, and therefore the strong presumption of public access applies. Accordingly, the "compelling reasons" standard applies to Apple's motion for a permanent injunction, and to documents filed in opposition thereto. Further, a motion for judgment as a matter of law, like trial documents, directly

2

concerns the merits of the case.  Accordingly, the "compelling reasons" standard also applies to documents filed in connection with a motion for judgment as a matter of law.  As all of the documents the parties now seek to seal concern either Apple's motion for a permanent injunction or Apple's motion for judgment as a matter of law, all of the documents in this motion are subject to the "compelling reasons" standard.

The Court will first consider Apple's motion to seal pursuant to Civil L.R. 79-5(d).  ECF No. 2187.  In this motion, Apple seeks to seal an exhibit to the Declaration of Deok Keun Matthew Ahn in Support of Apple's opposition to Samsung's administrative motion for leave to file a supplemental declaration of Stephen Gray because it contains information that Samsung has designated as confidential.  Civil L.R. 79-5(d) requires any party wishing to keep the submitted materials under seal to submit a declaration in support of sealing within 7 days of the motion.  Apple's motion was filed on December 6, 2012.  Samsung never filed a supporting declaration.  Accordingly, Apple's motion is DENIED without prejudice.

Second, Samsung has filed a renewed motion to seal ("Renewed Mot.").   ECF No. 2180.  This motion renewed some sealing requests Samsung had made earlier, ECF No. 2113, which this Court previously denied without prejudice. ECF No. 2168.  Samsung now seeks to seal four documents: (1) Exhibit 2 to the Declaration of Michael Wagner in support of Samsung's opposition to Apple's motion for a permanent injunction ("Wagner PI Declaration"); (2) Samsung's opposition to Apple's motion for judgment as a matter of law ("JMOL Opposition"); (3) the Declaration of Michael Wagner in support of Samsung's JMOL Opposition ("Wagner JMOL Declaration") and Exhibit B thereto; and (4) the Declaration of Corey Kerstetter in support of Samsung's opposition to Apple's motion for a permanent injunction ("Kertstetter Declaration") and Exhibit 2 thereto.  Samsung has divided its requests into two categories: products and future business plans; and confidential financial information.  In the alternative, Samsung has requested that this Court impose a stay of its order requiring unsealing, pending resolution of the issue by the Federal Circuit.

<u>Products and Future Business Plans</u>

3

Case No.: 11-CV-01846-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO FILE DOCUMENTS UNDER SEAL

1    Samsung first seeks to seal Schedule 4.1 of Exhibit 2 to the Wagner PI Declaration because
2  it contains information about Samsung's specific projected amount of profit per unit.  This Court
3  has previously explained that it does not find this type of information to present a sufficient risk of
4  competitive harm to meet the "compelling reasons" standard.  *See, e.g.*, ECF No. 1649 ("August 9
5  Order") at 5; ECF No. 2047 at 5.  Neither party has previously articulated a credibly theory of how
6  such information might cause actual competitive harm, and in the present motion, Samsung has
7  articulated no further reason why the information should remain sealed.  Accordingly, Samsung's
8  motion is DENIED.

9    However, both Apple and Samsung have appealed this Court's August 9 Order to the
10 Federal Circuit, seeking review of this Court's decision on the sealability of precisely this type of
11 information.  Although this Court does not believe that its denial of the parties' requests to seal
12 profit information was erroneous either in the August 9, 2012 Order or in this Order, this Court
13 nonetheless recognizes that should the Federal Circuit disagree, the parties will be deprived of any
14 remedy if this Court does not stay its Order.  When the information is publicly filed, what once
15 may have been a trade secret, no longer will be.  Thus, the parties may be irreparably injured
16 absent a stay.  In contrast, the public interest, which favors disclosure of relevant information in
17 order to understand the proceedings, is not unduly harmed by a short stay.  Accordingly, the Court
18 GRANTS Samsung's request to stay disclosure of Schedule 4.1 of Exhibit 2 to the Wagner PI
19 Declaration.  Because a renewed motion may be appropriate following the Federal Circuit's ruling,
20 this Court's denial of Samsung's motion to seal is without prejudice.

21   Samsung has also requested to seal some information on page 28 of its JMOL opposition on
22 grounds that it discusses future changes to products.  However, Samsung also represented in its
23 JMOL opposition that all the changes would be complete by December 6, 2012.  Thus, none of the
24 changes discussed remain confidential, and there is no reason to seal them now.  Accordingly,
25 Samsung's request to seal information on page 28 of its JMOL opposition is DENIED with
26 prejudice.

27 <u>Confidential Financial Information</u>

28

4

Next, Samsung has requested to seal information on pages 27-28 of its JMOL opposition, claiming that they "contain product-line specific recent sales information for various product and per-unit operating profits." Renewed Mot. at 2.  The Court has reviewed those pages, and sees no such information.  The only numbers discussed in that portion of the brief are specific damages awards sought by Apple, which are not confidential.  Samsung does argue that Apple was off in an estimate by 200,000 units (though Samsung does not specify for which products) – but there is simply no specific information about product-line specific sales or per-unit operating profits. Accordingly, Samsung's motion to seal pages 27-28 of its JMOL opposition is DENIED with prejudice.

Samsung further requests to seal the Wagner JMOL Declaration and Exhibit B thereto, and Exhibit 2 to the Kerstetter Declaration.  These three documents all contain specific numbers of sales for specific products in certain recent time periods, but do not contain any profit or revenue information.  As explained above, this Court has repeatedly found that the public disclosure of sales figures does not present significant risk of competitive harm, and again, Samsung has not presented any new argument for why such information should be sealed.  Accordingly, Samsung's request to seal the product-specific sales figures in the Wagner JMOL Declaration and Exhibit B thereto and in Exhibit 2 to the Kerstetter Declaration are DENIED with prejudice.  Moreover, this is not the type of information that is the subject of Samsung's appeal to the Federal Circuit. Samsung's appeal concerns pricing information and profit margins.  *See* Brief for Defendants-Cross-Appellants, Fed. Cir. Case No. 12-1600, at 8-10 (table summarizing documents that are the subject of the appeal), 18 ("The documents at issue here. . . synthesize Samsung's confidential and proprietary per-product revenue, pricing, and cost information.").  In contrast, Exhibit 2 contains no information about pricing or profits; it only lists the number of units sold in each of several recent months.  Samsung has not asked the Federal Circuit to rule on whether sales figures that do not reveal anything about revenue and pricing can be sealed, and this Court has concluded that such data may not be sealed.  Thus, the Federal Circuit's ruling on the issue of the sealability of pricing and profit information will not bear on this Court's analysis of the sealability of the number

of units sold. Accordingly, Samsung's motion to stay the disclosure of the Wagner JMOL Declaration and Exhibit B thereto, and Exhibit 2 to the Kerstetter Declaration is DENIED.

Finally, Samsung seeks to seal paragraph 18 of the Kerstetter Declaration. This paragraph details the per-unit operating profit for two Samsung phones. This is the same type of information contained in Schedule 4.1 of Exhibit 2 to the Wagner PI Declaration, discussed above. Thus, for the same reasons, the Court finds that it does not meet the compelling reasons standard, and is not sealable. However, as also explained above, per-unit operating profits fall within the range of issues for which Samsung has appealed this Court's denial of sealing. Thus, as with Schedule 4.1 of Exhibit 2 to the Wagner PI Declaration, the Court finds that a stay is appropriate, for the reasons explained above. Accordingly, Samsung's motion for a stay of this Court's Order unsealing paragraph 18 of the Kerstetter Declaration is GRANTED.

**IT IS SO ORDERED.**

Dated: January 1, 2013

_____
LUCY H. KOH
United States District Judge