UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California corporation, | Case No.: 11-CV-01846-LHK |
| Plaintiff, | |
| v. | ORDER DENYING MOTION TO STAY |
| SAMSUNG ELECTRONICS CO., LTD., A Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendants. | |

On November 9, 2012, Apple filed a motion to seal pursuant to Civil L.R. 79-5. ECF No. 2127. This motion sought to seal: (1) portions of Apple's reply brief in support of Apple's motion for a permanent injunction; (2) portions of the declaration of Karan Singh in support thereof; (3) Exhibits 9, 12, 17, and 23 to the Declaration of Richard Hung; and (4) Exhibit 2 to the Reply Declaration of Marylee Robinson. On December 10, 2012, this Court granted the motion as to Exhibit 23, parts of the Singh Declaration, Exhibit 17, and parts of Apple's reply brief. ECF No. 2190. The Court denied the motion as to other parts of the Singh Declaration, Exhibits 9 and 12 to the Hung Declaration, other parts of Apple's reply brief, and Exhibit 2 to the Robinson Declaration. *Id.*

Samsung has now filed a motion to stay the Court's order insofar as it requires the public filing of Exhibit 2 to the Robinson Declaration. Exhibit 2 lists the total number of units of certain

1

Case No.: 11-CV-01846-LHK
ORDER DENYING MOTION TO STAY

Samsung products sold during certain time periods, information which this Court concluded in its December 10, 2012 Order does not meet the "compelling reasons" standard. Samsung asserts that because Samsung has appealed one of this Court's prior sealing Orders, ECF No. 1649, the Court should stay any Order requiring release of the same type of information until the Federal Circuit rules on the appeal. The Court has previously agreed to stay orders that would unseal the type of information that is the subject of a pending appeal. *See, e.g.*, ECF No. 2168.

The information in Exhibit 2, however, is not the same type of information that is the subject of Samsung's appeal to the Federal Circuit. Samsung's appeal involves pricing information and profit margins. *See* Brief for Defendants-Cross-Appellants, Fed. Cir. Case No. 12-1600, at 8-10 (table summarizing documents that are the subject of the appeal), 18 ("The documents at issue here. . . synthesize Samsung's confidential and proprietary per-product revenue, pricing, and cost information."). In contrast, Exhibit 2 contains no information about pricing or profits; it only lists the number of units sold in each of several recent months. Samsung has not asked the Federal Circuit to rule on whether sales figures that do not reveal anything about revenue and pricing can be sealed, and this Court has concluded that such data may not be sealed. Accordingly, the Federal Circuit's ruling on the issue of the sealability of pricing and profit information will not bear on this Court's analysis of the sealability of the number of units sold. Accordingly, Samsung's motion to stay is DENIED.

**IT IS SO ORDERED.**

Dated: January 1, 2013

*Lucy H. Koh*
LUCY H. KOH
United States District Judge