UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| APPLE, INC., a California corporation, | ) | Case No.: 11-CV-01846-LHK |
| Plaintiff, | ) ) | ORDER DENYING DAMAGES ENHANCEMENTS |
| v. | ) ) | |
| SAMSUNG ELECTRONICS CO., LTD., A Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

In this patent case, a jury found that a range of Samsung products infringe several of Apple's design and utility patents, and that several Samsung products dilute Apple's trade dress. Apple now seeks damages enhancements under two sources of authority: the Patent Act, 35 U.S.C. § 284, and the Lanham Act, 15 US.C. § 1117(a). *See* Apple's motion for a permanent injunction and for damages enhancements ("Mot."), ECF No. 1982.

Though § 284 permits the Court to increase the damages "up to three times the amount found or assessed," such an award is only appropriate where infringement was willful. *See Bard Peripheral Vascular, Inc. v. W.L. Gore & Associates, Inc.*, 682 F.3d 1003, 1005 (Fed. Cir. 2012). This Court has already found that the objective willfulness inquiry is not satisfied. *See* Order on Apple's motion for judgment as a matter of law, ECF No. 2219; Order on Samsung's motion for

1

judgment as a matter of law, ECF No. 2220.  Accordingly, there can be no damages enhancement under the Patent Act, and the Court need not consider Apple's arguments that other factors favor enhancement under the Patent Act.

This leaves the question of Lanham Act enhancements.  The Court must first decide whether, when the jury awarded damages for a given product that both infringes patents and dilutes trade dress, without specifying which portion of the damages is for which injury, the award can be increased under the authority of the Lanham Act.  If this is possible, the Court must then determine whether such enhancements are warranted here.

**I. Mixed Award**

The Lanham Act permits a court to "enter judgment, according to the circumstances of the case, for any sum above the amount found as actual damages, not exceeding three times such amount." 15 U.S.C. § 1117(a).  This type of enhancement is intended only to compensate a plaintiff for additional losses not compensated by the existing award, not to punish a defendant. *Id.* All six products that the jury found to dilute trade dress were also found to infringe design patents.  The jury returned its award, however, by product, rather than by claim.  Thus, for each product that dilutes Apple's trade dress, the jury returned a single damages number that also incorporates design patent infringement damages.  This is consistent with the Federal Circuit's direction that in cases of more than one infringement per product, plaintiffs are entitled to recover only once for each infringing sale. *See Aero Products Intern., Inc., v. Intex Recreation Corp.*, 466 F.3d 1000, 1019 (Fed. Cir. 2006).

Samsung's chief argument that the Court may not increase Apple's award under the Lanham Act's enhancement provision is that 35 U.S.C § 289, which authorizes infringer's profits as damages for design patent infringement, forbids enhancement. *See* Samsung's opposition to Apple's motion for a permanent injunction and damages enhancement ("Opp'n"), ECF No. 2054, at 23 (citing 35 U.S.C. § 289).  Samsung is correct that an award of infringers' profits for design patent infringement, as authorized by § 289, is not subject to enhancement.  However, there are two problems with Samsung's argument that § 289 forbids enhancement of the combined award.  First, the Court cannot determine whether the jury made its award pursuant to 18 U.S.C. § 284, the

2

general patent damages provision, which does not contain the prohibition on enhancement, or whether, instead, its award constituted the special infringer's profits award authorized for design patent infringement by § 289. Second, it does not follow that an award made for multiple types of infringement cannot be enhanced simply because the award might have been made in part pursuant to § 289. The parties cite, and the Court is aware of, no case considering whether an award made for both design patent infringement and trade dress dilution may be enhanced under the Lanham Act's enhancement provisions.

As an initial matter, Samsung's attempts to show that the jury's award must have constituted infringer's profits are unavailing. The Court will not speculate as to how, precisely, the jury calculated its damages award. The Court does, however, find it reasonable to assume that an award made for a product found to infringe multiple separate rights was intended to compensate Apple for losses stemming from all of the violations the jury found for that product. It would be illogical to suggest that the jury found that a particular product both infringed a design patent and diluted trade dress, but awarded damages only for the design patent, while declining to compensate Apple for its acknowledged trade dress losses. Further, under Federal Circuit precedent, an award made for a given product does not necessarily correspond to one specific intellectual property right, but rather to one sale of the infringing product, even if that product infringed multiple rights. *See Catalina Lighting, Inc. v. Lamps Plus, Inc.*, 295 F.3d 1277 (Fed. Cir. 2002) (holding that an award of infringer's profits made on a finding of design patent infringement also compensated the plaintiff for infringement of a utility patent by the same product). Thus, the award need not be directed to one injury or the other, but rather could be for both simultaneously.

Instead, the Court proceeds on the reasonable assumption that the award for each of the six products found to dilute trade dress was made pursuant to both the Patent Act and to the Lanham Act. Whether the patent damages were awarded under § 284 or § 289, the Court cannot determine. However, because the Court determines, as discussed below, that in neither case would the award prevent an enhancement under the Lanham Act, this uncertainty is of no moment.

As the jury may have made its award in part pursuant to § 289, the question is whether § 289's prohibition on enhancements could trump the Lanham Act's authorization of enhancements.

3

Case No.: 11-CV-01846-LHK
ORDER DENYING DAMAGES ENHANCEMENTS

The Court finds that it does not. Section 289 says that a party "shall not twice recover the profit made from the infringement." The parties agree that an award made only pursuant to § 289 is thus not subject to enhancement. *See* Mot. at 28; *see also Braun Inc. v. Dynamics Corp. of Am.*, 975 F.2d 815, 824 (Fed. Cir. 1992). However, nothing in § 289 suggests that it has any effect on awards made pursuant to other statutes. Indeed, § 289 explicitly says that "[n]othing in this section shall prevent, lessen, or impeach any other remedy which an owner of an infringed patent has under the provisions of this title." *Id*. The referenced "title" is Title 35 of the United States Code, governing patents. Though the Lanham Act is part of Title 15, governing commerce and trade, Congress's explicit direction that other patent remedies not be foreclosed strongly suggests that the limitations of § 289 were not intended to prevent recovery for any injuries beyond design patent infringement, be they patent-related injuries or other intellectual property-related injuries. Further, § 289 specifically addresses double recovery "from the infringement" of a design patent. Apple's requested Lanham Act enhancements are not "from the infringement" of the patents addressed by § 289; rather, Apple is seeking enhancement of damages from trade dress dilution. The Court thus finds that nothing in § 289 forbids the application of the Lanham Act's enhancement provision to an award made for both design patent and trade dress injuries. Accordingly, the awards made for the six products found to dilute Apple's trade dresses are eligible for enhancements under the Lanham Act.

## II. Lanham Act Enhancements

15 U.S.C. § 1117(a) provides, in relevant part:

> In assessing damages the court may enter judgment, according to the circumstances of the case, for any sum above the amount found as actual damages, not exceeding three times such amount. If the court shall find that the amount of the recovery based on profits is either inadequate or excessive the court may in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances of the case. Such sum in either of the above circumstances shall constitute compensation and not a penalty.

Here, the jury has awarded $382 million in damages for six products found to have diluted Apple's trade dresses. Apple has argued that the $382 million the jury awarded for these six products is not adequate to address Apple's harms, and that the Court should award an additional

4

Case No.: 11-CV-01846-LHK
ORDER DENYING DAMAGES ENHANCEMENTS

1   $400 million.  Mot. at 25.  The primary uncompensated harm Apple has identified is its loss of

2   market share, which will, Apple argues, cost Apple sales of phones and other products going

3   forward.

4         Apple argues that a damages enhancement is warranted because Apple has not been fully

5   compensated for Samsung's "ill-gotten gains," and notes that Samsung's profits "would be billions

6   less" if it had not seen the market share "head start" and "stickiness' that Apple attributes to

7   Samsung's dilution of Apple's trade dress.  Mot. at 26.  Apple then proceeds to calculate the profits

8   it would have made between July 2010 and June 2012, but for Samsung's diluting and infringing

9   phones.  These arguments fail for two reasons.

10        First, the calculations that Apple provides in arguing for a Lanham Act enhancement are for

11  profits already lost on existing sales, which, by Apple's own admission, do "not account for the

12  sales of any downstream or follow-on products and services from Apple's product ecosystem."

13  Mot. at 27.  Rather, they are calculations of lost profits for the same period in which the jury was

14  considering Apple's losses.  Thus, it is not clear why Apple believes that these losses are

15  uncompensated.  To the extent that Apple does address lost downstream sales, Apple discusses

16  only Samsung's gains, and makes no attempt to identify any specific losses Apple has suffered.

17  *See* Mot. at 26.  Lanham Act enhancements are designed to compensate plaintiffs for losses, not to

18  disgorge ill-gotten gains.  *See* 5 U.S.C. § 1117(a).  Apple identifies only losses for which the jury

19  has already awarded compensation, and future gains to Samsung that are not clearly tied to any

20  losses on Apple's part.  Thus, Apple has not clearly identified any uncompensated loss for which a

21  Lanham Act enhancement would be appropriate.

22        Second, Apple has made no attempt to disaggregate losses caused by dilution, for which a

23  court may permissibly award additional damages, from losses caused by patent infringement for

24  which the Court has found no enhancement can be awarded.  As explained above, a single award

25  may compensate for more than one type of harm, but this does not mean that all of Apple's losses

26  were caused equally by all of Samsung's intrusions into Apple's intellectual property.  Apple has

27  been quite clear elsewhere in its briefing that Apple believes its downstream losses to be

28  attributable, at least in part, to Samsung's patent infringement.  *See* Mot. at 10 (discussing the

5

Case No.: 11-CV-01846-LHK
ORDER DENYING DAMAGES ENHANCEMENTS

1    difficulty in compensating Apple for loss of downstream sales due to "Samsung's adjudicated

2    infringement and dilution") (emphasis added).  Thus, even if Apple had clearly shown

3    uncompensated loss, it would not follow that the loss was due to trade dress dilution, and thus that

4    a Lanham Act enhancement would be an appropriate response.

5        Further, Apple is making two inconsistent arguments: first, that money cannot compensate

6    Apple for the harm its lost market share may cause going forward, Mot. at 9-10, and second, that

7    the Court should award $400 million to compensate Apple for lost market share, Mot. at 25-28.  If

8    an amount cannot be calculated to compensate for this loss, then it is unclear why $400 million

9    would be an appropriate award.

10       The Lanham Act and the cases interpreting it are clear that the Court has discretion where

11   enhancements are concerned.  *See, e.g.*, *Dist. Re/Max N. Cent., Inc. v. Cook*, 64 F. App'x 562, 565

12   (7th Cir. 2003) ("If the circumstances warrant, it is solely within the district court's discretion to

13   enhance damages under the Lanham Act.").  It does not require an award of enhanced damages,

14   even where specific amounts cannot easily be quantified, but rather permits courts, in their

15   discretion, to award additional damages to avoid injustice.  *See, e.g., JTH Tax, Inc. v. H & R Block*

16   *E. Tax Services, Inc.,* 245 F. Supp. 2d 749, 755 (E.D. Va. 2002) (declining to award a damages

17   enhancement under § 1117(a) despite some evidence of undercompensation).  Here, a jury has

18   made a very large award in a case where the trade dress dilution claim concerns product design – a

19   doctrine at the outer reaches of trademark and trade dress law.  *See, e.g., I.P. Lund Trading ApS v.*

20   *Kohler Co.,* 163 F.3d 27, 50 (1st Cir. 1998) ("We doubt that Congress intended the reach of the

21   dilution concept under the FTDA to extend this far and our doubts are heightened by the presence

22   of constitutional constraints."); *Dorr-Oliver, Inc. v. Fluid-Quip, Inc.,* 94 F.3d 376, 383 (7th Cir.

23   1996) ("Although we have held that trademark protection can extend to product configurations

24   consonant with the patent laws, a sensitive application of the principles governing trademark

25   recognition is necessary to relieve the undeniable tension between the two bodies of law in this

26   area.") (internal quotation marks and citation omitted).  Further, the jury found that all six of the

27   products that dilute trade dress also infringe Apple's design patents.  Thus, the jury had ample

28   opportunity to compensate Apple for Samsung's use of its product designs.  Given that Apple has

6

Case No.: 11-CV-01846-LHK
ORDER DENYING DAMAGES ENHANCEMENTS

not clearly shown how it has in fact been undercompensated for the losses it has suffered due to Samsung's dilution of its trade dress, this Court, in its discretion, does not find a damages enhancement to be appropriate.

**IT IS SO ORDERED.**

Dated: January 29, 2013

_____
LUCY H. KOH
United States District Judge