UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation<br><br>               Plaintiff,<br>    v.<br><br>SAMSUNG ELECTRONICS CO. LTD., a<br>Korean business entity; SAMSUNG<br>ELECTRONICS AMERICA, INC., a New York<br>corporation; SAMSUNG<br>TELECOMMUNICATIONS AMERICA, LLC,<br>a Delaware limited liability company,<br><br>               Defendants. | Case No.: 11-CV-01846 LHK (PSG)<br><br>**ORDER GRANTING-IN-PART AND<br>DENYING-IN-PART APPLE'S AND<br>SAMSUNG'S ADMINISTRATIVE<br>MOTIONS TO FILE DOCUMENTS<br>UNDER SEAL**<br><br>(**Re: Docket Nos. 600, 613, 781, 782, 801,<br>819, 857, 934, 939, 965, 984, 986, 987,<br>990, 994, 996, 1041, 1044, 1047, 1056,<br>1067, 1074, 1088, 2149**) |

What tribbles are to the Starship Enterprise, Captain Kirk, and Mr. Spock, the parties' ever-multiplying sealing and redaction requests are to this case, Judge Koh, and the undersigned.    In this order, the court addresses over two dozen sealing requests covering thousands of pages of documents brought by both Apple, Inc. ("Apple") and Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung").  The parties move to seal various nondispositive motions and supporting exhibits, and, unless otherwise noted, they have filed declarations with each motion to support their claims that the documents should remain sealed.  Because of the large number of documents designated

1

Case No: 11-CV-01846 LHK
ORDER GRANTING-IN-PART AND DENYING-IN-PART APPLE'S AND SAMSUNG'S
ADMINISTRATIVE MOTIONS TO FILE DOCUMENTS UNDER SEAL

for sealing, the court first reiterates the legal standards for sealing and then summarizes, in table format, the motions, the parties' requests, and the result of each request.

## I. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'"[1]  Accordingly, when considering a sealing request, "a strong presumption in favor of access is the starting point."[2]  Parties seeking to seal judicial records relating to dispositive motions bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure.[3]

Records attached to nondispositive motions, however, are not subject to the strong presumption of access.[4]  Because the documents attached to nondispositive motions "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Rule 26(c).[5]  As with dispositive motions, the standard applicable to nondispositive motions requires a "particularized showing"[6] that "specific prejudice or harm will result" if the information is disclosed.[7]  "[B]road allegations of harm, unsubstantiated by specific examples or articulated reasoning" will not suffice.[8]  A protective order sealing the documents during discovery may reflect the court's previous determination that good

---

[1] *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

[2] *Id.*

[3] *Id.* at 1178-79.

[4] *See id.* at 1180.

[5] *Id.* at 1179 (internal quotations and citations omitted).

[6] *Id.*

[7] Fed. R. Civ. P. 26(c).

[8] *Id.*

2

cause exists to keep the documents sealed,[9] but a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether each particular document should remain sealed.[10]

In addition to making particularized showings of good cause, parties moving to seal documents must comply with the procedures established by Civil Local Rule 79-5. The rule allows sealing orders only where the parties have "establishe[d] that the document or portions thereof is privileged or protectable as a trade secret or otherwise entitled to protection under the law."[11] As this court has previously pointedly noted, the rule requires parties to "narrowly tailor" their requests only to sealable material.[12]

## II. DISCUSSION

The court once again reiterates as it did in its last sealing order[13] that much of the information the parties want sealed has become publicly available, either through presentation at trial or through the parties' commercial activities. In consideration of the burden from sealing imposed on the court and, more importantly, the public, the court reminds the parties that they should keep in mind their obligation to inform the court if the information in previously sealed materials becomes publicly available.

All of the motions to seal at issue here relate to discovery motions that were nondispositive. For all of the motions, the lower "good cause" standard therefore applies. The court has considered each of the documents the parties have designated for sealing and, as articulated in the table below,

_____

[9] *See id.* at 1179-80.

[10] *See* Civil L.R. 79-5(a).

[11] *Id.*

[12] *Id.*

[13] *See* Docket No. 1978.

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

determined which documents may remain under seal or redacted and which documents must be unsealed.

| DN | Material | Result |
|---|---|---|
| 600 | Confidential portions of Apple's Motion to Compel Discovery Relating to its Affirmative Defenses and Counterclaims ("Motion to Compel") | The request to redact portions of the motion to compel is DENIED. The proposed redactions consist of information regarding Samsung's participation in standards setting organizations, its patent prosecution process, and how Samsung's employees searched for relevant documents. Samsung has not made a particularized showing of how this information would be detrimental if disclosed. |
| | Exhibits C-T, V, CC, and EE to the Declaration of Samuel J. Maselli ISO Apple's Motion to Compel | Apple's requests on Samsung's behalf to seal Exhibits C-T, V, CC and EE are DENIED because they are not narrowly tailored to proprietary or confidential information for which Samsung has made a particularized showing of harm.<br><br>• Exhibits C and D consists of excerpts from depositions of Samsung employees. The excerpts primarily consist of descriptions of how the employees searched for relevant documents and whether they preserved relevant documents regarding the patents at issue in this case. Samsung has not shown how this information would be harmful if disclosed.<br><br>• Exhibit E consists of excerpts from Juho Lee's deposition, in which Lee discusses Samsung's various research and development centers, and that information is publicly available on Samsung's website.<br><br>• Exhibit F consists of excerpts from Gert-Jan Van Lieshout's deposition, which includes Lieshout's speculation about business motivations and instances where he could not answer the questions. Samsung has failed to provide a particularized showing that specific harm will result if the information is made publicly available.<br><br>• Exhibit G, which contains excerpts from Jeong-Seok Oh's deposition, primarily consists of a dispute between the parties' attorneys about the breadth of the attorney-client privilege. Samsung has failed to provide a particularized showing that specific harm will result if the dispute is made publicly available.<br><br>• Exhibits H, I, J, and K consist of letters between |

|  |  | the parties' counsel regarding depositions of Samsung employees and whether Samsung took necessary steps to preserve documents. Nothing in the letters is proprietary or for that matter particularly confidential. Samsung has not shown how this information would be harmful if disclosed. |
|  |  | • Exhibit L consists of Samsung's identification of custodians and search terms, which include generic terms such as "iPhone," patent numbers, and "digital image processing." Samsung has not shown how this information would be detrimental if disclosed. |
|  |  | • Exhibits M, N, O consist of communications between the parties' counsel regarding appropriate search terms and custodians. As with Exhibit L, numerous search terms are generic and Samsung has not shown how they would be detrimental if revealed. |
|  |  | • Exhibits P, Q, R, S, and T consist of excerpts from depositions of Samsung employees, in which they describe Samsung's patent prosecution process, its participation in standard setting organizations, and its process for determining whether patents are essential to a standard. Samsung has not made a particularized showing of how these business activities would be detrimental if disclosed. |
|  |  | • Exhibit V consists of a letter between the parties' counsel regarding documents regarding Samsung's participation in standard setting organizations that were mentioned in depositions but had not been produced. Samsung has not made a particularized showing how descriptions of these documents would be detrimental if disclosed. |
|  |  | • Exhibits CC and EE consist of letters between the parties' counsel regarding discovery disputes such as custodians and unproduced documents. Samsung has not shown how information about these discovery disputes would be detrimental if disclosed. |
| 613 | Apple's Motion to Compel Production of Documents and Things ("Motion to Compel Production") | Apple's request on Samsung's behalf to redact portions of the motion to compel is DENIED. Samsung seeks redactions of descriptions of its methods for maintaining financial information, but it has not made a particularized showing of how this information would be detrimental if disclosed. |

Case No: 11-CV-01846 LHK
ORDER GRANTING-IN-PART AND DENYING-IN-PART APPLE'S AND SAMSUNG'S
ADMINISTRATIVE MOTIONS TO FILE DOCUMENTS UNDER SEAL

| | | |
|---|---|---|
| | Exhibits A, H, and J to the Declaration of Mia Mazza ISO Apple's Motion to Compel Production | Apple's requests on Samsung's behalf to seal or redact portions of Exhibits A, H, and J are DENIED because they are not narrowly tailored to confidential or proprietary information for which Samsung has made a particularized showing of harm if disclosed. <ul><li>Exhibit A consists of a letter between the parties' counsel regarding production of documents responsive to discovery requests. The letter describes documents but does not disclose their contents, and even if it did, Samsung has not made a particularized showing of how that information would be detrimental if disclosed.</li><li>Exhibit H consists of a letter between the parties' counsel describing a consumer survey regarding Samsung products. The proposed redactions include references to the methodology of the survey, but Samsung has not shown that this information is proprietary or made a particularized showing of how it would be harmful if disclosed.</li><li>Exhibit J consists of excerpts from a deposition of Tim Sheppard in which he describes Samsung's methods for calculating finance information. He explains what accounting system Samsung uses and how to retrieve information from its finance database. Samsung has not made a particularized showing of how this information would be detrimental if disclosed.</li></ul> |
| 781 | Samsung's Motion to Compel Production of Documents Relating to Apple's Efforts to Obtain Design Patents Related to the Patents-In-Suit ("Motion to Compel re Design Patents") | The request to seal or redact portions of the motion to compel production is DENIED. Apple has not made a particularized showing that the information to be redacted would be detrimental if revealed. The proposed redactions consist primarily of Apple's objections to Samsung's requests for production. Redactions regarding Exhibit F make only references to Apple's designs but do not reveal the actual designs. |
| | Declaration of Diane C. Hutnyan ISO Samsung's Motion to Compel re Design Patents ("Hutnyan Declaration") | The request to redact portions of the declaration is DENIED. The requested redactions consist of Apple's responses to discovery requests by Samsung. The responses do not contain proprietary or confidential information and Apple has not made a particularized showing of harm that would result if the responses were disclosed. |
| | Exhibits B and F to the Hutnyan Declaration | The request to seal Exhibit B is DENIED because Apple does not maintain a claim of confidentiality on the contents.<br><br>The request to redact portions of Exhibit F is |

Case No: 11-CV-01846 LHK
ORDER GRANTING-IN-PART AND DENYING-IN-PART APPLE'S AND SAMSUNG'S
ADMINISTRATIVE MOTIONS TO FILE DOCUMENTS UNDER SEAL

| | | |
|---|---|---|
| | | GRANTED. The proposed redactions consist of Apple's confidential CAD designs and internal project code names. The request is narrowly tailored to Apple's proprietary information. |
| 782 | Samsung's Motion to Compel Production of Materials from Related Proceedings and to Enforce December 22, 2011 Court Order ("Motion to Compel and to Enforce") | The request to seal or redact portions of the motion to compel is DENIED because the proposed redactions are not narrowly tailored. The proposed redactions primarily consist of information about Apple's refusal to produce discovery and its objections to Samsung's requests for production. This information is not confidential, and Apple cannot use sealing motions to disguise allegations of its misdeeds. |
| | Declaration of Diane C. Hutnyan ISO Samsung's Motion to Compel and to Enforce ("Hutnyan Declaration") | The request to redact portions of the declaration is DENIED. The redacted portions primarily consist of descriptions of Apple's refusal to produce discovery. This information is not confidential, and Apple cannot use sealing motions to disguise allegations of its misdeeds. |
| | Exhibits B-D and N to the Hutnyan Declaration | The request to seal Exhibit B is DENIED because Apple does not maintain a claim of confidentiality on the contents.<br><br>The request to seal entirely Exhibit C is DENIED because it is not narrowly tailored. The request to redact Exhibit C is GRANTED. The court granted an earlier request to redact Samsung's motion to compel and adopts that reasoning here.[14] Samsung shall file the same redacted version as it posted pursuant to that order.[15]<br><br>The request to seal entirely Exhibit D is DENIED because it is not narrowly tailored. The request to redact Exhibit D is GRANTED. The court granted an earlier request to redact Apple's opposition to Samsung's motion to compel and adopts that reasoning here.[16] Samsung shall file the same redacted version as it posted pursuant to that order.[17]<br><br>The request to redact portions of Exhibit N is GRANTED. The proposed redactions consist of Apple's confidential CAD designs and internal project code names. The request is narrowly tailored to Apple's proprietary information. |
| 801 | Confidential, unredacted version of Samsung's Opposition to | The request to redact portions of Samsung's opposition is DENIED. The proposed redactions |

---

[14] *See* Docket No. 527.

[15] *See* Docket No. 487-0

[16] *See* Docket No. 525.

[17] *See* Docket No. 502-3.

Case No: 11-CV-01846 LHK
ORDER GRANTING-IN-PART AND DENYING-IN-PART APPLE'S AND SAMSUNG'S
ADMINISTRATIVE MOTIONS TO FILE DOCUMENTS UNDER SEAL

| Apple's Motion for Rule 37(b)(2) Sanctions ("Opposition to Sanctions Motion") | consist of descriptions of the spreadsheets Samsung produced. Samsung has not made a particularized showing of harm for either the descriptions of the spreadsheets or for the underlying content. |
|---|---|
| Confidential, unredacted version of the Declaration of Joby Martin ISO of Samsung's Opposition to Sanctions Motion | The request to redact portions of the declaration is DENIED. The proposed redactions are descriptions and references of exhibits. The references do not disclose the contents of the exhibits, and in any event, as the court describes below, the contents of the exhibits likewise should not be sealed. |
| Exhibits 2-9 to the Martin Declaration | The requests to seal Exhibits 2 through 9 are DENIED because they are not narrowly tailored to confidential or proprietary information for which Samsung has made a particularized showing of harm if disclosed. <br><br> • Exhibit 2 consists of a spreadsheet disclosing Samsung's 2011 financial information, including entities to which it sold products, the price of those products, and information about the source of the products. Samsung has not made a particularized showing of how this information would be detrimental if disclosed.[18] <br><br> • Exhibit 3 consists of a 2011 business plan Samsung drafted with actual and projected sales figures, descriptions of Samsung's structure, and inventory summaries. Although Samsung recites boilerplate terms that this information is proprietary and confidential, it does not provide a particularized showing of how this information would be detrimental if disclosed.[19] <br><br> • Exhibit 4 consists of an audited but non-public financial statement prepared for Samsung in which the accounting firm KPMG summarizes Samsung's financial position. Samsung has not provided a particularized showing of how information about its financial status in March 2011 would be harmful if disclosed now. <br><br> • Exhibit 5 consists of a weekly sales report prepared by Samsung that includes sales figures, market analysis, product development schedules, and marketing and promotion plans. The report discusses plans for winter and spring 2011 and |

[18] The court notes that Judge Koh rejected a bid by Apple to seal similar financial information, albeit at the higher "compelling reason" standard. *See* Docket No. 1649. Samsung here has not provided substantive reasons that the information should not be disclosed, and so the court finds no good cause exists to seal the information.

[19] The court again points to Judge Koh's earlier decision regarding financial information for further explanation of why this type of information is not appropriate for sealing. *See* Docket No. 1649.

Case No: 11-CV-01846 LHK
ORDER GRANTING-IN-PART AND DENYING-IN-PART APPLE'S AND SAMSUNG'S
ADMINISTRATIVE MOTIONS TO FILE DOCUMENTS UNDER SEAL

| | | |
|---|---|---|
| | | sales figures for the first week of 2011. Samsung has not made a particularized showing of how this information about sales and plans that was nearly a year old at the time of the sealing request would be detrimental to Samsung. |
| | | • Exhibit 6 consists of Samsung's objections and responses to an Apple interrogatory. Most of the responses and objections are boilerplate and Samsung has not provided any reason why they should remain sealed. Samsung's desire to seal shipment dates for its products likewise fails because it does not provide a particularized showing of what harm would result from disclosure of the information. |
| | | • Exhibit 7 consists of a letter between the parties' counsel regarding discovery of Samsung's financial information. The letter describes but does not disclose the contents of various documents. Samsung has not provided a particularized showing of how this information would be detrimental if disclosed. |
| | | • Exhibit 8 consists of a chart of accounts Samsung prepared. The chart describes various expense accounts and expense figures for 2011. Samsung has not provided a particularized showing of how its expense projections from the year before this request was made would be detrimental if disclosed. |
| | | • Exhibit 9 consists of a 2011 Global Consolidation Package Report by Samsung that contains information about sales, expenses, income, changes in equity, cash flows, and other assets. Although Samsung identifies this information as proprietary and confidential, it does not provide reasons beyond boilerplate references to competitive disadvantage if the information was disclosed. Samsung therefore has failed to make a particularized showing of harm. |
| | Exhibits 5 and 6 to the Declaration of John S. Gordon ISO Samsung's Opposition to Sanctions Motion | The requests to seal Exhibits 5 and 6 are DENIED because the requests are not narrowly tailored to information for which the parties have provided a particularized showing of harm if the information is disclosed. <br><br> Exhibit 5 consists of a letter between the parties' counsel regarding the adequacy of a financial spreadsheet prepared by Samsung. The letter describes the spreadsheet but does not disclose its |

Case No: 11-CV-01846 LHK
ORDER GRANTING-IN-PART AND DENYING-IN-PART APPLE'S AND SAMSUNG'S
ADMINISTRATIVE MOTIONS TO FILE DOCUMENTS UNDER SEAL

| | | contents. Samsung has not explained how descriptions of a spreadsheet would be detrimental if disclosed.

Exhibit 6 consists of excerpts from a deposition of Jaehwang Sim. Sim discusses his personal background, his position at Samsung, and the fact that Samsung's Chinese subsidiaries affect their financial status. Samsung has not provided a particularized showing of harm if this information was disclosed. |
|---|---|---|
| | Exhibits 1, 3, 4, 7, 9, 10, and 12 to the Declaration of Christopher E. Price ISO Samsung's Opposition to Sanctions Motion | The requests to seal Exhibits 1, 7, 9, 10, and 12 are DENIED because they are not narrowly tailored to confidential or proprietary information for which Apple has made a particularized showing of harm if disclosed.
• Exhibit 1 consists of Apple's Gross Margin Report that discloses information about material costs, management costs, marketing costs, and gross margins. The data is from 2011. Apple has not made a particularized showing of how its past financial data would be detrimental if disclosed.
• Exhibit 7 consists of a spreadsheet with information about 2099 to 2012 sales on a per-unit basis. Although Apple points to its confidential nature, it fails to provide a particularized showing of the harm that would result if the information were revealed.
• Exhibit 9 consists of a letter between the parties' counsel regarding Apple's production of discovery for this case. The proposed redactions consist of references to documents with information about Intel's baseband chips in Apple products, names of custodians, and the numbers of models Apple has that were responsive to Samsung's request. Apple has not made a particularized showing how disclosure of these references, which do not disclose any proprietary information, would be harmful.
• Exhibit 10 consists of information about Apple's earnings from search engines on its devices from 2006 to 2012. Apple makes no showing of potential harm that would result if the information were disclosed and points only to the fact that the information is confidential.
• Apple filed no supporting declaration for Exhibit 12 and does not appear to designate it.

The requests to seal Exhibits 3 and 4 are |

10

Case No: 11-CV-01846 LHK
ORDER GRANTING-IN-PART AND DENYING-IN-PART APPLE'S AND SAMSUNG'S
ADMINISTRATIVE MOTIONS TO FILE DOCUMENTS UNDER SEAL

**United States District Court**
For the Northern District of California

| | | |
|---|---|---|
| | | GRANTED because they consist of royalty information that may be sealed because disclosure of this information may be harmful.[20] |
| | Confidential, unredacted vesion of the Declaration of Timothy Sheppard ISO Samsung's Opposition to Sanctions Motion ("Sheppard Declaration") | The request to redact portions of Sheppard's declaration is DENIED. The proposed redactions consist of descriptions of the financial documents Samsung provided to Apple and how they were composed. Samsung has not made a particularized showing how references to the spreadsheets or the methodology for composing them would be detrimental if disclosed. |
| | Exhibits A to F to the Sheppard Declaration | The requests to seal Exhibits A through F are DENIED because they are not narrowly tailored to confidential or proprietary information for which Samsung has made a particularized showing of harm if disclosed. <br><br> • Exhibit A consists of a spreadsheet of financial data from Samsung from 2010 and 2011. Samsung has not shown how disclosure of its past financial information will be harmful.[21] <br><br> • Exhibit B consists of a spreadsheet of sales and financial data from 2007 to 2011 of Samsung products practicing the patents at issue in this case. Samsung has not shown how disclosure of its past financial information will be harmful. <br><br> • Exhibit C consists of an excerpt from a deposition of Tim Sheppard in which he discusses how Samsung calculates its financial information and how it prepared the spreadsheets referenced above. Samsung has not made a particularized showing of how disclosure of its accounting methodology would be detrimental if disclosed. <br><br> • Exhibit D consists of a list of Samsung device carriers. Beyond its boilerplate recitation of the information being confidential and proprietary and harmful if disclosed, Samsung has not provided a particularized showing of harm if this list were disclosed. <br><br> • Exhibits E and F consist of a spreadsheet with financial data about Samsung's products. The data is from 2011 or before, and Samsung has not made a particularized showing of how this past financial information would be harmful if disclosed. |
| 819 | Confidential, unredacted version | Samsung's request to redact the reply is DENIED |

---

[20] *See In re Electronic Arts*, 298 Fed. App'x 568, 569-70 (9th Cir. 2008); *see also* Docket No. 1649.

[21] *See* Docket No. 1649.

Case No: 11-CV-01846 LHK
ORDER GRANTING-IN-PART AND DENYING-IN-PART APPLE'S AND SAMSUNG'S
ADMINISTRATIVE MOTIONS TO FILE DOCUMENTS UNDER SEAL

| | |
|---|---|
| of Samsung's Reply ISO its Motion for a Protective Order ("Reply re Protective Order") | WITHOUT PREJUDICE because it is not narrowly tailored to content for which Samsung has made a particularized showing of harm. Most of the redactions consist of names of Samsung executives and references to their positions. Samsung has not made a sufficient showing of how this information would be detrimental if disclosed. Samsung's redactions also include references to internal code names which may be confidential and proprietary. Samsung may seek narrow redactions of that information. |
| Confidential, unredacted version of the Declaration of Hankil Kang ISO Reply re Protective Order | Samsung's request for redactions is GRANTED. Samsung's proposed redactions consist of project code names for Samsung devices sold in other countries. |
| Exhibits B, D, K-L, P-U to the Declaration of Rachel Herrick Kassabian ISO Reply re Protective Order | Samsung's requests, some on Apple's behalf, to seal Exhibits B, D, K, P-S, and U are DENIED because they are not narrowly tailored to confidential or proprietary information.<br>• Exhibit B consists of excerpts from a deposition of Yunjung Lee in which he discusses whether Samsung considered consumers' emotional responses to products when pursuing its device development. Samsung has not made a particularized showing that this information would be detrimental if disclosed.<br>• Exhibit D consists of excerpts from a deposition of Sungsik Lee in which Lee identifies various email exhibits and provides cursory explanations of the email content. Samsung has not made a particularized showing that this information would be detrimental if disclosed.<br>• Exhibit K contains excerpts from a deposition of Jonathan Ive. Apple's proposed redactions primarily consist of descriptions of color problems when manufacturing Apple devices and descriptions of "device design meetings" in which a three-dimensional diagram of a proposed device would be shown. Apple has not made a particularized showing of how this information would be detrimental if disclosed.<br>• Exhibit P consists of emails between an Apple executive and a Samsung executive regarding scheduling a meeting to discuss Apple's concerns about possible infringement by Samsung. No details of the meeting are disclosed in the email, and Apple has not made a particularized showing regarding how acknowledgment that the parties' representatives attempted to meet to discuss possible |

Case No: 11-CV-01846 LHK
ORDER GRANTING-IN-PART AND DENYING-IN-PART APPLE'S AND SAMSUNG'S
ADMINISTRATIVE MOTIONS TO FILE DOCUMENTS UNDER SEAL

infringement before initiation of litigation would be detrimental if disclosed.

- Exhibit Q consists of excerpts from a deposition of Boris Teksler in which he references Apple's litigation with Kodak and approaches to another third party regarding licenses. Apple claims these are detailed confidential licensing discussions. But Apple's litigation with Kodak is not confidential and Teksler only vaguely references the dialogue between Apple and the third party. Apple has not made a particularized showing of how this information would be detrimental if disclosed.

- Exhibits R and S consist of email chains between Apple executives in which they discuss their impressions of competitors' devices and how to develop Apple's devices. Apple has not made a particularized showing of how these comparisons would be detrimental if disclosed.

- Exhibit U consists of excerpts from a deposition of Seung-Ho Ahn in which Ahn describes a licensing agreement between Samsung and Intel. The excerpts do not disclose licensing information such as pricing terms, royalty rates, and minimum payment terms. Ahn instead describes whether the license allows Samsung to practice Intel's patents. Samsung has not made a particularized showing that this information would be detrimental if disclosed.

Samsung's request to seal Exhibit T is DENIED WITHOUT PREJUDICE.

- Exhibit T consists of excerpts from a deposition of Minhyung Chung. A substantial portion of the text consists of arguments between counsel that Samsung has not identified as causing detriment if disclosed. The deposition, however, also contains references to Samsung's licensing and royalty rates, which may be redacted. Samsung may bring another narrowly tailored request to redact that information.

| 857 | Confidential, unredacted version of Samsung's Supplemental Response to Apple's Corrected Reply ISO Rule 37(b)(2) Sanctions ("Supplemental Response") | Samsung asserts that the declaration should be sealed because it includes references to confidential information contained in exhibits that should be sealed. Because the court determines that none of the exhibits accompanying the declaration should be sealed, the court DENIES Samsung's request to seal the declaration. |
| | Exhibits A, B, C, I, J, and K to the | Samsung's requests to seal Exhibits A, B, C, I, J, |

Case No: 11-CV-01846 LHK
ORDER GRANTING-IN-PART AND DENYING-IN-PART APPLE'S AND SAMSUNG'S
ADMINISTRATIVE MOTIONS TO FILE DOCUMENTS UNDER SEAL

| | |
|---|---|
| Declaration of Christopher E. Price ISO Supplemental Response | and K are DENIED because they are not narrowly tailored to confidential or proprietary information. |
| | • Exhibit A contains excerpts from a deposition of Timothy Sheppard. The excerpts contain descriptions of the spreadsheets used to determine Samsung's financial data and the process of review of those spreadsheets during discovery. Samsung has not made a particularized showing of how this information would be harmful if disclosed.[22] |
| | • Exhibit B contains excerpts from a deposition of Jaehwang Sim. The excerpts primarily consist of descriptions of the spreadsheets used to compile Samsung's financial information but do not reveal any actual financial information. Samsung has not made a particularized showing that this information would be harmful if disclosed. |
| | • Exhibit C contains an expert report compiled by Terry Musika. The report contains information about Musika's qualifications, a list of the Samsung products Apple alleged infringed, and his determinations of Apple's lost profit damages based on Samsung's financial data. Samsung has not provided a particularized showing of how this information would be harmful if disclosed. |
| | • Exhibit I contains excerpts from a deposition of Jaehwang Sim. The nearly 200 page document includes the deposition's index, description of Sim's process for compiling a spreadsheet with Samsung's financial information, and references to Sim's background. Samsung has failed to provide a particularized showing of how this information would be harmful if disclosed. |
| | • Exhibit J contains excerpts from a deposition of Timothy Sheppard. In the deposition, he discusses publicly available products that Samsung sold and describes the kind of content in a spreadsheet of Samsung's financial information. Samsung has failed to provide a particularized showing of how this information would be harmful if disclosed. |
| | • Exhibit K is a spreadsheet detailing Samsung's financial data. Other than a conclusory |

---

[22] To the extent the excerpts contain financial data, Samsung has not explained what harm would result if this information were disclosed. *See* Docket No. 1649.

14

Case No: 11-CV-01846 LHK
ORDER GRANTING-IN-PART AND DENYING-IN-PART APPLE'S AND SAMSUNG'S
ADMINISTRATIVE MOTIONS TO FILE DOCUMENTS UNDER SEAL

| | | statement that disclosure of this information "could be used to [Samsung's] disadvantage by its competitors," Samsung fails to explain how information about its operating expenses, revenues, and profits would be detrimental if revealed.[23] |
|---|---|---|
| | Declaration of Beomjoon Kim ISO Supplemental Response | The request to seal the declaration is DENIED. The declaration describes the process Kim used to collect financial data regarding Samsung's sales. The declaration does not reveal confidential financial information or proprietary information, and Samsung has failed to make a particularized showing that harm would result if the information contained within the declaration were disclosed. Samsung's request therefore is not narrowly tailored. |
| 934 | Confidential, unredacted version of Samsung's Motion to Strike Expert Testimony Based on Undisclosed Facts and Theories ("Motion to Strike") | Samsung's request on Apple's behalf to redact portions of the motion to strike is DENIED because the proposed redactions are not narrowly tailored. The redactions include descriptions of Apple's patents and trademarks, which are publicly available information, and discussions of the types of financial and licensing information Apple produced during discovery. Apple has not made a particularized showing that this information would be detrimental if revealed. |
| | Exhibits E, H, K, L, M, O, R, T, U, V, and X attached to the Declaration of James J. Ward ISO Motion to Strike | Apple does not claims of confidentiality for the contents of Exhibits M or R, and so Samsung's requests to seal those exhibits are DENIED.<br><br>For the reasons explained below, Samsung's requests on Apple's behalf to seal or redact portions of the following exhibits are DENIED.<br>• Apple's proposed redactions for Exhibit E consist of discussions regarding notice of its infringement contentions. The redactions also include details about Apple's advertising expenses. Apple has not made a particularized showing that these pieces of information would be detrimental if disclosed.<br>• Apple's proposed redactions for Exhibit H consist of a statement that Apple considered alternative designs for its cell phones and tablets and where files of those designs could be found. The redacted statements do not disclose what designs Apple considered. Apple has not provided a particularized showing of how this information would be detrimental if disclosed.<br>• Apple's proposed redactions for Exhibit K |

---

[23] *See* Docket No. 1649.

Case No: 11-CV-01846 LHK
ORDER GRANTING-IN-PART AND DENYING-IN-PART APPLE'S AND SAMSUNG'S
ADMINISTRATIVE MOTIONS TO FILE DOCUMENTS UNDER SEAL

include descriptions of how a consumer survey was created and what flaws may be present in the survey. Apple has not identified how this information would be detrimental if disclosed.

- Apple's proposed redactions for Exhibit O include references to Samsung's non-infringement contentions regarding applets and lack of MP3 mode, which are not confidential or proprietary information. Apple has not provided a particularized showing that the information would be detrimental if revealed.

- Apple's proposed redactions to Exhibit V consist of descriptions of documents containing financial data but do not disclose any actual financial data.

Samsung seeks redaction of Exhibit L, which contains excerpts from an expert report by Tony D. Givargis. Samsung's proposed redactions consist of descriptions of publicly available patented features and references to a publicly available Sony Ericsson phone. Because this information is not confidential, Samsung's request for redactions is DENIED.

For the reasons explained below, Samsung's requests on Apple's behalf to seal or redact portions of the following exhibits are DENIED WITHOUT PREJUDICE.

- Exhibit T contains excerpts from an expert damages report prepared by Terry Musika. The excerpted portion discusses his conclusion that none of the parties' other licensing agreements would be comparable for an agreement for the patents at issue. Apple has not made a particularized showing of how that information would be detrimental if revealed. Licensing information such as pricing terms, royalty rates, and minimum payment terms properly may be sealed. Apple may bring another motion that is narrowly tailored to the licensing terms or that provides a particularized showing of harm that would result if other details from the licensing terms were disclosed.

- Exhibit U contains names of third-party licensors with whom Apple had agreements. Apple has not provided a particularized showing

| | | |
|---|---|---|
| | | of how this information would be detrimental if disclosed.[24] Licensing information such as pricing terms, royalty rates, and minimum payment terms properly may be sealed. Apple may bring another motion that is narrowly tailored to the licensing terms or that provides a particularized showing of harm that would result if other details from the licensing terms were disclosed. <br><br>• Apple's proposed redactions to Exhibit V include information about whether Apple's products infringe Samsung's patents, and Apple has not provided a sufficiently particularized showing that the information would be detrimental if revealed. The redactions also include references to Apple's source code features, which is proprietary. Apple may bring another motion that is narrowly tailored to the source code disclosures. |
| | Confidential, unredacted version of the Declaration of Christopher E. Price ISO Motion to Strike ("Price Declaration") | Samsung's request on Apple's behalf to redact portions of the declaration is DENIED. The proposed redactions consist of descriptions of the exhibits supporting Samsung's motion to strike and Apple's problematic discovery actions. The content of the redactions does not disclose any confidential or proprietary information. Apple has failed to make a particularized showing how this information would be detrimental if revealed. |
| | Exhibits B-GG to the Price Declaration | Because Apple does not maintain claims of confidentiality regarding Exhibits G, J, N, or EE, Samsung's requests on Apple's behalf are DENIED.<br><br>For the reasons explained below, Samsung's requests on Apple's behalf to seal or redact portions of the following exhibits are DENIED.<br>• Apple's proposed redactions to Exhibits B, E, H, I consist of descriptions of documents containing financial information and do not disclose any actual financial information. Apple has not made a particularized showing how these descriptions of documents would be detrimental if disclosed.<br>• Exhibits C, D, and F are letters between Apple's and Samsung's counsel regarding documents that contain financial data. None of the letters disclose any actual financial data or other |

---

[24] *See* Docket No. 1649.

Case No: 11-CV-01846 LHK
ORDER GRANTING-IN-PART AND DENYING-IN-PART APPLE'S AND SAMSUNG'S
ADMINISTRATIVE MOTIONS TO FILE DOCUMENTS UNDER SEAL

confidential information, and Apple has failed to make a particularized showing of how the information in these documents would be detrimental if disclosed.

- Exhibit O contains excerpts from a deposition of Vincent O'Brien. Apple has not actually provided a supporting declaration regarding this exhibit. The court nevertheless has reviewed the proposed redactions, which primarily consist of descriptions of licensing agreements without any details of those agreements, and has determined that no detriment would occur if the full deposition were disclosed.
- Exhibit T contains a letter between Apple's and Samsung's counsel regarding production of licensing agreements and financial information. Apple's proposed redactions include the identities of third-party licensors that are not confidential. Apple also seeks to redact details about its troubling discovery production in this case. Sealing motions are not intended to shield from public disclosure the questionable litigation tactics of parties.
- Exhibit U contains an email chain between Apple and a third party licensor that describes a potential licensing agreement between the two. Apple has not made a particularized showing how this discussion would be detrimental if disclosed.
- Exhibit X is a letter between Apple's and Samsung's counsel regarding production of Apple's licensing agreements and financial information. Apple's proposed redactions primarily consist of descriptions of its production without details about proprietary or confidential financial information. Apple also seeks to redact names of third parties with whom it has licensing and/or settlement agreements. Apple has not made a particularized showing of how this information would be detrimental if disclosed.
- Exhibits FF and GG contain sample licensing agreements for Made-for-iPod licensees. Apple has not made a particularized showing that this information would be detrimental if disclosed.

For the reasons explained below, Samsung's request on Apple's behalf to seal or redact portions of the

Case No: 11-CV-01846 LHK
ORDER GRANTING-IN-PART AND DENYING-IN-PART APPLE'S AND SAMSUNG'S
ADMINISTRATIVE MOTIONS TO FILE DOCUMENTS UNDER SEAL

| | | following exhibits are DENIED WITHOUT PREJUDICE. |
|---|---|---|
| | | • Exhibits P, Q, R, S, Y, Z, AA-DD contain licensing agreements between Apple and third parties. Although pricing terms, royalty rates, and minimum payment terms properly may be sealed,[25] Apple has failed to show particularized harm that would result if other information in the licensing agreements were disclosed. Apple may bring another motion that is narrowly tailored to the licensing terms or that provides a particularized showing of harm that would result if other details from the licensing terms were disclosed. |
| | | • Exhibits V and W are draft licensing agreements between Apple and third parties. Apple has failed to show particularized harm that would result if the agreements were disclosed. The court has not identified any pricing terms, royalty rates or minimum payments terms in the draft agreements, but because of the confidentiality of those types of terms, the court shall permit Apple to bring another motion with redactions narrowly tailored to those types of terms if the draft agreements in fact contain them. |
| | | For the reasons below, Samsung's requests on Apple's behalf to seal or redact the following exhibits are GRANTED. • Exhibits K, L, M contain information about Apple product royalties and properly may be sealed. |
| 939 | Confidential, unredacted version of Apple's Motion to Strike Portions of Samsung's Expert Reports ("Motion to Strike") | Apple's request to seal or redact the motion is DENIED. The court has determined that most of the exhibits to the motion should not be sealed, and so references to those exhibits in the motion likewise should not be sealed. Apple has not provided any other showing that the redacted portions would be detrimental if revealed. |
| | Confidential, unredacted version of Apple's proposed order regarding the Motion to Strike | Apple's request to seal its proposed order is DENIED. In light of the fact that the court has determined that most of the requests to seal or redact the exhibits should be denied, references to those exhibits' contents in the proposed order have no support. The proposed order also primarily consists of descriptions of the exhibits, and Apple has failed to show how these references would be detrimental if disclosed. |

[25] *See In re Electronic Arts*, 298 Fed. App'x at 569-70; *see also* Docket No. 1649.

Case No: 11-CV-01846 LHK
ORDER GRANTING-IN-PART AND DENYING-IN-PART APPLE'S AND SAMSUNG'S
ADMINISTRATIVE MOTIONS TO FILE DOCUMENTS UNDER SEAL

| Exhibits to the Declaration of Marc J. Pernick ISO the Motion to Strike | For the reasons explained below, Samsung's and Apple's requests to seal or redact portions of the following exhibits are DENIED. |
|---|---|
| | • Exhibit 2 is an expert report from Stephen Gray that discusses the invalidity of two of Apple's patents. The contents include information about the details of the patents, which are publicly available. The proposed redactions consist of references to Mitsubishi's DiamondTouch technology, which also is not confidential.[26] Apple has failed to make a particularized showing of harm that would result if these statements were revealed. |
| | • Neither Samsung nor Apple filed a supporting declaration to seal Exhibits 3, 4, or 5. |
| | • Exhibit 11 is an expert report from Andries Van Dam that discusses the invalidity of Apple's patents. The contents include information about the details of the patents, which are publicly available. The proposed redactions consist primarily of publications describing touchscreen technology that are not confidential. |
| | • Exhibit 12 is an expert report from Dr. Brian Von Herzen in which he discusses the invalidity of Apple's patents. The report primarily contains descriptions of patents, which are publicly available documents. The parties' respective proposed redactions also primarily consist of descriptions of patents or whether inventors copied previous technology. Neither of these types of information are the appropriate subject matter for sealing. |
| | • Exhibit 13 is a letter between Apple's and Samsung's attorneys regarding the expert reports. The letter references the various reports and the patents and publications used in those reports to support the invalidity contentions. This information is not confidential and neither party has made a sufficient particularized showing that harm would result if the letter were disclosed |
| | • Exhibit 16 contains Samsung's responses to Apple's second set of interrogatories. Samsung's responses consist primarily of denials that |

---

[26] The statements in the redactions suggest Youtube videos of the various technologies. *See* Docket No. 939 Ex. 2.

Case No: 11-CV-01846 LHK
ORDER GRANTING-IN-PART AND DENYING-IN-PART APPLE'S AND SAMSUNG'S
ADMINISTRATIVE MOTIONS TO FILE DOCUMENTS UNDER SEAL

Samsung's products do not infringe Apple's patents. The exhibit contains content that is neither proprietary nor confidential, and Samsung has failed to make a particularized showing that this information would be detrimental if disclosed.

- Exhibit 17 consists of a rebuttal expert report from Stephen Gray in which he discusses how Samsung's products do not infringe Apple's patents. The report includes information about publicly available features of the devices and publicly available information about the patents at issue. The proposed redactions concern Samsung's "hold still" feature, which is publicly available on its devices. Samsung has not made a particularized showing that this information would be detrimental if disclosed.

- Exhibit 18 is a rebuttal expert report from Dr. Brian Von Herzen in which he discusses how Samsung's products do not infringe Apple's patents. The report includes information about publicly available features of the devices and publicly available information about the patents at issue. Samsung's proposed redactions include Apple's prosecution history and limitations to its touch screen technology, which are not confidential. Apple's proposed redactions include inventors' statements about the nature of the patented products. Neither Apple nor Samsung has made a particularized showing that all of the content of their proposed redactions would be harmful if disclosed.

- Exhibit 19 is a rebuttal expert report from Stephen Gray in which he discusses how Samsung's products do not infringe Apple's patents. The report includes information about publicly available features of the devices and publicly available information about the patents at issue. Samsung's proposed redactions consist of references to the ability of a user to use two fingers to scroll on a touch screen, which is a publicly available feature of the devices. Apple's proposed redactions consist of statements about patent conception dates. Neither party has provided a particularized showing how this information would be detrimental if disclosed.

21

- Exhibit 20 consists of excerpts from a deposition of Stephen Gray. The contents of the deposition include discussions of Gray's background, explanation about patent prosecution history, and even the index from the deposition. Samsung has failed to make a particularized showing of how these types of nonconfidential information would be detrimental to it if the entire deposition were not sealed.

- Exhibits 21 and 22 are exhibits to Samsung's Patent L.R. 3-1 disclosures. Exhibit 21 includes descriptions of publicly available features of Apple devices that Samsung alleged infringed its patents. Exhibit 22 includes descriptions of Apple device functionality, which are available from Apple's website, and device compliance with standards set by the European Telecommunications Standards Institute. Because this information is not confidential, it is not appropriate for sealing.

- Exhibit 23 contains excerpts from an expert report from Woodward Yang regarding Samsung's infringement of Apple's patents. Samsung offers no supporting declaration for its proposed redactions. Apple seeks to redact information about how many of its components it buys from Samsung; references to its responses regarding what operating systems are available in its products and how much the programs differ; and publicly available features from its devices. Apple has not made a particularized showing of how this information would be detrimental if disclosed.

- Exhibit 24 contains an excerpt from an expert report by Tim Williams regarding Apple's infringement of Samsung's patents. Samsung offers no supporting declaration for its proposed redactions. Apple seeks to redact Williams' opinion about whether its products practice Samsung's patents and whether its products comply with certain network standards. Apple has not made a particularized showing that this information would be detrimental if revealed.

- Exhibit 25 consists of Samsung's boilerplate responses and objections to Apple's interrogatories. Samsung has not identified any confidential information in these responses.

22

- Exhibit 26 consists of an expert report by Sam Lucente. The report includes Lucente's background and discussion of legal standards, so sealing the exhibit in its entirety is inappropriate. The proposed redactions include a public announcement of the iPhone, comparison of publicly available features on Samsung and Apple devices, and comparisons to other companies' devices. Samsung has failed to provide a particularized showing that this information would be detrimental if disclosed.
- Exhibit 27 is an expert report by Itay Sherman. Samsung's proposed redactions include publicly available patent descriptions, pictures of publicly available devices, and comparisons of those devices with Apple's products. Apple's proposed redactions likewise include comparisons of Apple's devices with other companies' devices and explanations of the benefits and obviousness of design choices. Neither party has made a particularized showing that this information would be detrimental if disclosed.
- Neither party has provided a supporting declaration for Exhibit 28.
- Exhibit 29 is a corrected rebuttal expert report from Sam Lucente. Samsung's proposed redactions include Lucente's opinions about whether the publicly available features of Samsung and Apple devices are similar and whether one infringes the other's trademark. Samsung has not made a particularized showing of how this information would be detrimental if revealed.
- Neither party has provided a supporting declaration for Exhibit 30.
- Exhibit 31 consists of the table of contents from the corrected expert report from Michael Wagner. Samsung has not identified how the listing of sections in Wagner's report would be detrimental if disclosed.
- Exhibit 34 consists of an email attaching a copy of a supplemental expert report from Michael Wagner. Samsung seeks to redact the entire contents of the report, which contains Wagner's responses to Apple's criticisms about Samsung's production of financial information. Samsung

has not made a particularized showing how disclosure of these descriptions of its financial information production would be detrimental if disclosed. Apple seeks to redact descriptions of financial data it produced and how it records its financial data. Both parties seek to redact charts with information about their revenues, expenses, and profits. Neither party, however, has provided a particularized showing how this financial information would be detrimental if disclosed.

- Exhibit 35 consists of excerpts from a deposition of Michael Wagner. The excerpts primarily consist of descriptions of Wagner's methodology in calculating damages for Apple. Samsung has not made a particularized showing of how that information would be detrimental if disclosed.

- Exhibit 38 consists of Samsung's responses to Apple's fifth set of interrogatories. Many of the responses include boilerplate objections and references to other documents. Samsung also produced its prior art contentions. Samsung has not made a particularized showing of how this information would be detrimental if disclosed.

For the reasons below, Samsung's request to redact Exhibit 6 is DENIED WITHOUT PREJUDICE.

- Exhibit 6 is a copy of Appendix 3 to Gray's expert report. The proposed redactions contain references to Mitsubishi technology that is not confidential. Source code references, however, are proprietary and therefore appropriately may be sealed. Samsung may move to seal narrowly tailored redactions of only the source code references.

For the reasons below, Samsung's requests to seal Exhibits 7, 8, 9, and 10 are GRANTED

- Exhibits 7, 8, 9,[27] and 10 contain source code from the DiamondTouch technology. Source code is proprietary and therefore appropriately may be sealed.

| 965 | Confidential, unredacted version of Samsung's Motion to Enforce April 12, 2012 Order ("Motion to | DENIED. Samsung's request is not narrowly tailored. The information Apple seeks to redact includes references to employees' positions at the |
|-----|-----|-----|

---

[27] Samsung did not include a supporting statement in its declaration for Exhibit 9. *See* Docket No. 975. Because the court observes that Exhibit 9 contains source code from a third party, the court will permit sealing of the exhibit absent a declaration.

24

| | | |
|---|---|---|
| | Enforce") | company, which is publicly available, and Apple has failed to provide a particularized showing of how this information would be harmful if disclosed. |
| | Exhibits 12-22 to the Declaration of Diane C. Hutnyan ISO Motion to Enforce | The requests to seal the following exhibits in their entirety are DENIED. As explained below, the requests are not narrowly tailored to information for which Apple provided a particularized showing that specific harm will result if the information is made publicly available.<br><br>• Exhibit 12 is a deposition of Andrew Bright and includes information about how he was hired by Apple and information about his department's organization and function. Apple has not shown how this information would be harmful if revealed.<br>• Exhibit 13 contains excerpts from a deposition of Dan Rosckes and includes substantial introductory information, the names of Apple employees and their positions in the company, and those employees' responsibilities. Apple has not shown how this information would be harmful if revealed. Many of the names and positions are also publicly available.<br>• Exhibit 14 contains excerpts from a deposition of Mark Buckley and includes substantial introductory information and references to employees with whom he discussed certain documents. Apple has not shown how this information would be harmful if revealed. None of Apple's cost information is disclosed; Buckley only references spreadsheets and agreements.<br>• Exhibit 15 consists of excerpts from a deposition of Frederick Lancaster. The testimony references spreadsheets that contain financial information about publicly released Apple products. Apple has not shown how these broad descriptions would be harmful if revealed.<br>• Exhibit 16 consists of excerpts from a deposition of Louie Sanguinetti. He discusses how iPhones needed to meet industry cellphone standards that are publicly known. Apple has not shown how this information would be harmful if revealed.<br>• Exhibit 17 contains excerpts from a deposition of Stephen Lemay. He discusses his role in the |

Case No: 11-CV-01846 LHK
ORDER GRANTING-IN-PART AND DENYING-IN-PART APPLE'S AND SAMSUNG'S
ADMINISTRATIVE MOTIONS TO FILE DOCUMENTS UNDER SEAL

| | | |
|---|---|---|
| | | Human Interface Group and references publicly available features of various iPhone models. He also discusses his background and Apple's organizational business structure. Apple has not shown how this information would be harmful if revealed.<br>• Exhibit 18 contains excerpts from a deposition of Achim Pantfoerder. Although he uses internal code names, his testimony includes descriptions of publicly available iPhone features.<br>• Exhibit 19 consists of excerpts from a deposition of Emilie Kim. Apple's proposed redactions primarily contain references to Kim's teammates on the photo and camera application team. Apple has not shown how disclosure of these names would be harmful or how competitors could use it to Apple's disadvantage.<br>• Exhibit 20 contains excerpts from a deposition of Michael Matas. His testimony describes how Apple executives gave feedback regarding Apple prototypes, and he describes publicly available iPhone features. Apple has not shown how this information would be harmful if disclosed or could be used to its disadvantage.<br>• Exhibit 21 consists of excerpts from a deposition of Kristin Bauerly. The testimony includes descriptions of publicly available iPhone touch screen features. Apple has not shown how disclosure of this information would be harmful.<br>• Exhibit 22 consists of excerpts from a deposition of Eric Jue. His testimony includes descriptions of publicly available iPhone touchscreen features and descriptions of press release reviews. Apple has not shown how this information would be harmful if disclosed. |
| 984 | Confidential, unredacted version of the Supplemental Declaration of Christopher E. Price ISO Samsung's Motion to Strike Expert Reports | DENIED. Apple does not maintain a claim of confidentiality on any of the contents of the declaration.[28] |
| | Exhibits 1-5 to the Price Declaration | The requests to seal Exhibits 1 through 5 in their entirety are DENIED WITHOUT PREJUDICE. The exhibits consist of license agreements between Apple and third-party licensors. Although pricing |

---

[28] *See* Docket No. 1038.

Case No: 11-CV-01846 LHK
ORDER GRANTING-IN-PART AND DENYING-IN-PART APPLE'S AND SAMSUNG'S
ADMINISTRATIVE MOTIONS TO FILE DOCUMENTS UNDER SEAL

| | | |
|---|---|---|
| | | terms, royalty rates, and minimum payment terms properly may be sealed,[29] Apple has failed to show particularized harm that would result if other information in the licensing agreements were disclosed.  Apple may bring another motion that is narrowly tailored to the licensing terms or that provides a particularized showing of harm that would result if other details from the licensing terms were disclosed. |
| 986 | Exhibit A to the Declaration of Marc J. Pernick ISO Apple's Opposition to Samsung's Motion for Clarification Regarding the Court's May 4, 2012 Order | Samsung's request to seal Exhibit A is DENIED WITHOUT PREJUDICE.  Exhibit A consists of an expert report by Ravin Balakrishnan describing the ways in which Samsung's devices infringe Apple's patents.  Although source code references in the report may be redacted as proprietary information, Exhibit A includes nonconfidential information including descriptions of publicly available features of the Samsung devices.  Samsung may file another motion with narrowly tailored proposed redactions of the source code references in the report. |
| 987 | Various Exhibits and Declarations in support of Samsung's Opposition to Apple's Motion for an Adverse Jury Instruction for Spoliation | The court determined in its order regarding Apple's underlying motion that neither party had provided compelling reasons to keep the papers, the declarations, or the exhibits referenced in the order under seal.[30]  Having thoroughly reviewed the documents again and finding they concern primarily descriptions of various Samsung employees' positions, duties, email retention practices, and Samsung's business structure, the court reaffirms that holding here.  As to Samsung's responses to Apple's interrogatories revealing release dates and Apple's and Samsung's identification of search terms for custodians and Samsung's email retention directions, neither party has provided particularized harm amounting to good cause for this information to remain sealed. The court therefore DENIES the requests to seal or redact any portions of Samsung's opposition to Apple's motion for the adverse jury instruction or to seal or redact any declarations or exhibits attached to the opposition. |
| 990 (see 984) | Confidential, unredacted version of the Corrected Supplemental Declaration of Christopher E. Price ISO Samsung's Motion to Strike Expert Reports | DENIED.  Apple does not maintain a claim of confidentiality on any of the contents of the declaration.[31] |
| | Exhibits 1-5 to the Price Declaration | The requests to seal Exhibits 1 through 5 in their entirety are DENIED WITHOUT PREJUDICE.  The exhibits consist of license agreements between |

---

[29] See *In re Electronic Arts*, 298 Fed. App'x at 569-70; *see also* Docket No. 1649.

[30] See Docket No. 1321 at 2 n.4.

[31] See Docket No. 1038.

Case No: 11-CV-01846 LHK
ORDER GRANTING-IN-PART AND DENYING-IN-PART APPLE'S AND SAMSUNG'S
ADMINISTRATIVE MOTIONS TO FILE DOCUMENTS UNDER SEAL

| | | |
|---|---|---|
| | | Apple and third-party licensors. Although pricing terms, royalty rates, and minimum payment terms properly may be sealed,[32] Apple has failed to show particularized harm that would result if other information in the licensing agreements were disclosed. Apple may bring another motion that is narrowly tailored to the licensing terms or that provides a particularized showing of harm that would result if other details from the licensing terms were disclosed. |
| 994 | Confidential, unredacted version of the Second Supplemental Declaration of Christopher E. Price ISO Samsung's motion to Strike Expert Reports | Samsung's request on Apple's behalf to redact portions of the declaration is DENIED. The proposed redactions consist of references to patent license agreement between Apple and third parties but do not include any details of those license agreements. Apple has not made a particularized showing that these references would be harmful if revealed. |
| | Exhibits A-E to the Price Declaration | Samsung's request on Apple's behalf to redact portions of Exhibit A is DENIED. Exhibit A contains a letter that includes the names of third-party licensors that Apple seeks to redact. Apple has not made a particularized showing that disclosure of this information would be harmful. <br><br> The requests to seal Exhibits B through E in their entirety are DENIED WITHOUT PREJUDICE. The exhibits consist of license agreements between Apple and third-party licensors. Although pricing terms, royalty rates, and minimum payment terms may be properly sealed,[33] Apple has failed to show particularized harm that would result if other information in the licensing agreements were disclosed. Apple may bring another motion that is narrowly tailored to the licensing terms or that provides a particularized showing of harm that would result if other details from the licensing terms were disclosed. |
| 996 | Confidential, unredacted version of Apple's Opposition to Samsung's Motion to Strike Expert Testimony ("Opposition to Motion to Strike") | Apple's and Samsung's requests to redact portions of the opposition are DENIED. The proposed redactions include references to Samsung's potential copying of Apple's devices, arguments from experts regarding whether the devices infringe patents, and the methodologies used by the damages experts. Neither party has made a particularized showing of how this information would be detrimental if revealed. |
| | Confidential, unredacted version of the Declaration of Michael Maharbiz ISO Opposition to | Because the court has determined Exhibits C and D may be sealed, the proposed redactions to the declaration referencing the content of those exhibits |

---

[32] *See In re Electronic Arts*, 298 Fed. App'x at 569-70; *see also* Docket No. 1649.

[33] *See In re Electronic Arts*, 298 Fed. App'x at 569-70; *see also* Docket No. 1649.

Case No: 11-CV-01846 LHK
ORDER GRANTING-IN-PART AND DENYING-IN-PART APPLE'S AND SAMSUNG'S
ADMINISTRATIVE MOTIONS TO FILE DOCUMENTS UNDER SEAL

| | | |
|---|---|---|
| | Motion to Strike | also may be sealed. Apple's request on Samsung's behalf is GRANTED. |
| | Exhibits C and D to Maharbiz Declaration | Exhibits C and D are descriptions of Atmel Corp.'s touchscreen technology given to Samsung pursuant to a nondisclosure agreement. In light of the proprietary nature of the content of the exhibits, Apple's request on Samsung's behalf is GRANTED. |
| | Declaration of Terry L. Musika ISO Opposition to Motion to Strike | Apple's request to seal the declaration in its entirety is DENIED. The declaration includes a table with the identities of parties with whom Apple has licensing agreements but does not disclose any confidential terms of those agreements. Apple has not made a particularized showing of how revelation of the third parties would create a disadvantage for Apple through its competitors' use. |
| | Exhibits A, B, and C to the Musika Declaration | The request to seal Exhibit A is DENIED because it is not narrowly tailored. The exhibit consists of a rebuttal expert report from Terry Musika in which he criticizes the methodology of Samsung's damages expert and Musika's qualifications for which it fails to provide a particularized showing of harm that would result if that information were revealed. Licensing information such as pricing terms, royalty rates, and minimum payment terms properly may be sealed, however, and so the court DENIES WITHOUT PREJUDICE the request. Apple may bring another motion requesting redactions narrowly tailored to those types of terms.<br><br>The court also DENIES WITHOUT PREJUDICE Apple's request to seal Exhibit B. The exhibit contains information for which Apple has not provided a particularized showing of harm if revealed, such as explanations of various damages methodologies and the number of units sold. Because licensing information such as pricing terms, royalty rates, and minimum payment terms properly may be sealed, however, Apple may bring another motion requesting redactions narrowly tailored to those types of terms.<br><br>Apple's request to seal Exhibit C is DENIED. The exhibit consists of excerpts from a deposition of Mark Buckley in which he discusses Apple's general capacity to make and sell its devices. He does not disclose specific information about capacity cycles.[34] Apple has not made a particularized showing of how this information would put it at a disadvantage to its competitors if it was revealed. |
| | Confidential, unredacted version of the Declaration of Marc J. Pernick ISO Opposition to Motion | Apple's request is DENIED. The proposed redactions include only a reference to the number of licenses to which Apple has been a party, and Apple |

[34] *See* Docket No. 1649.

29

Case No: 11-CV-01846 LHK
ORDER GRANTING-IN-PART AND DENYING-IN-PART APPLE'S AND SAMSUNG'S
ADMINISTRATIVE MOTIONS TO FILE DOCUMENTS UNDER SEAL

| | |
|---|---|
| to Strike | has not made a particularized showing that this information would be detrimental if revealed. |
| Exhibits 1-7, 9, 10, 13-15, 18, 20-32 | For the reasons below, Apple's and Samsung's requests to seal Exhibits 1-7, 9, 10, 13-15, 18, 20, 22, and 29-32 are DENIED<br><br>• Exhibits 1 and 2 consist of Samsung's supplemental objections and responses to Apple's sixteenth set of interrogatories. The responses include boilerplate objections, Bates numbers, and the names of touchscreen vendors. Samsung has not made a particularized showing of how this information would be harmful if disclosed.<br><br>• Apple's request on Samsung's behalf to seal Exhibit 3 in its entirety is not narrowly tailored. Exhibit 3 is an excerpt from a deposition of Michel Maharbiz in which he discusses a tear down of Samsung's devices. The deposition includes lengthy passages regarding Maharbiz's qualifications, the qualifications of the people he had perform the tear down and some of the publicly available features of the device. Samsung has not provided a particularized showing that this information would be detrimental if disclosed.<br><br>• Exhibit 4 consists of excerpts from a deposition of Brian Von Herzen in which he discusses what sources he used in compiling his expert report. He references documents given to him by Samsung but does not reveal their contents. Samsung has not provided a particularized showing what harm will occur if the contents are disclosed.<br><br>• Exhibits 5 and 6 consist of Apple's objections and responses to several of Samsung's interrogatories. The contents primarily consist of boilerplate objections and references to Bates numbered documents. Apple has not provided a particularized showing of how this content would be harmful if disclosed.<br><br>• Exhibit 7 consists of excerpts from a deposition of Sanjay Sood in which he discusses Apple's consumer surveys to determine the drive for its device's various features. The exhibit primarily consists of a deposition index and Apple has not provided any showing that disclosure of the index would be detrimental. As for the content of the deposition, most of Sood's discussion |

relates to hypothetical categories and how he developed his survey. Apple has not made a particularized showing of how this information would be detrimental if revealed.

- Exhibit 9 is an excerpt from an expert report by Woodward Yang regarding Apple's infringement of Samsung's patents. Apple seeks to redact portions describing its use of Samsung components in its devices, information about the operating systems in its devices, and its arguments regarding whether its products infringe. Apple has not made a particularized showing of how this information would be detrimental if disclosed.

- Exhibit 10 is a copy of an expert report from Tony Givargis regarding invalidity of one of Samsung's patents. Samsung's proposed redactions include a description of its delay in providing certain information to Givargis and references to whether a Sony Ericsson device was released prior to its patent filing. Neither of these types of information is appropriate for sealing.

- Neither party submitted a supporting declaration for Exhibit 13.

- Exhibit 14 is a letter between Apple's and Samsung's counsel regarding Samsung's production of documents in discovery. Samsung has not identified how descriptions of its discovery would be detrimental if disclosed.

- Neither party submitted a supporting declaration for Exhibit 15.

- Exhibit 18 consists of an excerpt from an Apple response to a Samsung interrogatory. Apple's proposed redactions consist of information about the initial practice of its patent and the prosecution history. Apple has not made a particularized showing that this information would be detrimental if disclosed.

- Exhibits 20 and 22 consist of letters between Apple's and Samsung's counsel regarding clawback of privileged documents. Apple has not provided a particularized showing that this information would be detrimental if revealed.

- Exhibit 30 consists of an excerpt from a deposition of Vincent O'Brien in which he discusses his methodology in analyzing Apple's

licensing agreements. He does not reveal the content of any of the agreements, and Apple has not made a particularized showing of harm that would occur if O'Brien's methodology were revealed.

- Exhibit 31 consists of excerpts from a deposition of Michael J. Wagner in which he discussed his methodology and his sources for determining Apple's damages. Apple has not made a particularized showing of how this information would be detrimental if revealed.

- Exhibit 32 consists of excerpts from an expert report from Michael Wagner. The excerpts consist of a table of contents of the report and excerpts criticizing Apple's damages expert's methodology and referencing publicly available earnings disclosures by Apple. Apple has not made a particularized showing that this information would be detrimental if revealed.

For the reasons below, requests to seal the following exhibits are DENIED WITHOUT PREJUDICE.

- Exhibits 23-28 are various license agreements between Apple and third parties. Apple has not provided a particularized showing of harm that requires sealing entire agreements, but licensing information such as pricing terms, royalty rates, and minimum payment terms properly may be sealed. Apple may bring another motion requesting redactions narrowly tailored to those types of terms.

For the reasons below, the request to seal the following exhibits are GRANTED.

- Exhibit 21 includes tables with iPhone related royalty payments, which appropriately may be sealed.
- Exhibit 29 contains excerpts from a deposition of Tony Blevins regarding Apple's supply chain for its devices. He discusses specific details regarding Apple's capacity, which may be sealed in light of the competitive harm that could result.[35]

| 1041 | Confidential Portions of Apple's Opposition to Samsung's Motion to Enforce April 12, 2012 Order ("Opposition to Motion to | Apple's request to redact a portion of the motion is DENIED. Samsung failed to provide a declaration supporting the redaction. |

---

[35] *See* Docket No. 1649.

32

Case No: 11-CV-01846 LHK
ORDER GRANTING-IN-PART AND DENYING-IN-PART APPLE'S AND SAMSUNG'S
ADMINISTRATIVE MOTIONS TO FILE DOCUMENTS UNDER SEAL

| | | |
|---|---|---|
| | | Enforce") |
| 1044 | Exhibits 1, 2, and 7 to the Declaration of Mia Mazza ISO Opposition to Motion to Enforce | Apple's request to redact portions of Exhibit 1, which consists of Apple's responses to Samsung's interrogatories, is DENIED. The proposed redactions are manufacturing codes for the baseband chips in Apple's products, and Apple has not made a particularized showing how disclosure of these codes would be detrimental.<br><br>Apple's request to seal Exhibit 2 is DENIED. Exhibit 2 consists of excerpts from a deposition of Tim Blevins. In the deposition, he discusses the manufacture and shipment of baseband chips Apple uses in its products. That information is not confidential, and Apple has not made a particularized showing that disclosure of the deposition would be detrimental.<br><br>Apple's request to redact portions of Exhibit 7, which consists of excerpts from a deposition of Emilie Kim, is DENIED. The proposed redactions include references to Kim's education and to Apple's A4 and A5 chips. Neither of the references is confidential or proprietary, and Apple has not made a particularized showing that disclosure of the information would be detrimental. |
| | Confidential, unredacted version of Samsung's Reply ISO Samsung's Motion for Clarification of the May 4, 2012 Order ("Reply ISO Motion for Clarification") | The request to seal or redact Samsung's reply is DENIED. The proposed redactions include references to information the court determines should not be sealed, as explained below. The redactions, therefore, are not narrowly tailored to confidential or proprietary information. |
| | Confidential, unredacted version of the Declaration of Dr. Jeffrey Johnson ISO Reply ISO Motion for Clarification | The request to seal the declaration in its entirety is DENIED because the request is not narrowly tailored. The declaration includes references to Samsung's "blue glow" technology and whether it infringes Apple's patent. This information is not confidential and therefore should not be sealed.<br><br>Samsung's request to redact the declaration is GRANTED. The proposed redactions consist of references to file names where blueglow source code is found. This information is proprietary and may remain under seal. |
| 1047 | Exhibits 4 and 5 to the Declaration of Mark Tung ISO Reply ISO Motion for Clarification | The request to seal Exhibit 4 is DENIED because the request is not narrowly tailored. Exhibit 4 consists of excerpts from a deposition of Dr. Ravin Balakrishnan. He discusses whether publicly available features of Samsung products and software infringe Apple's patents. This information is publicly available and therefore not confidential.<br><br>The request to seal or redact portions of Exhibit 5 also is DENIED because it is not narrowly tailored. In its supporting declaration, Apple proposes |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| | | |
|---|---|---|
| | | redactions that include details about the company's various design groups and their contribution to a publicly available feature of the iPhone. Apple has not made a particularized showing of how this information would be detrimental if disclosed. The court rejects those proposed redactions. Apple also seeks to redact references to UIKit classes, but this information is publicly available and therefore not confidential.[36] |
| | Confidential, unredacted version of Apple's Reply ISO Motion for Adverse Inference Jury Instructions Due to Samsung's Spoliation of Evidence ("Reply ISO Adverse Jury Instructions") | Apple's request to redact portions of the reply is not narrowly tailored. Many of the redactions include references to exhibits the court has found should not be sealed. The court has already determined, however, that the contents of the Lutton declaration should remain under seal.[37] The court DENIES WITHOUT PREJUDICE the request to redact. Apple may bring another motion requesting redactions narrowly tailored to references to the Lutton declaration. |
| | Confidential, unredacted version of the Reply Declaration of Esther Kim ISO Reply ISO Adverse Jury Instructions | Apple's request on Samsung's behalf to seal or redact portions of the declaration is DENIED. The court has determined that none of the exhibits supporting the declaration should be sealed, and so references to those exhibits in the declaration likewise should not be redacted. |
| 1056 | Exhibits 1-11 to the Kim Declaration | Apple's requests on Samsung's behalf to seal the following exhibits are not narrowly tailored to proprietary information or to information for which Samsung has provided a particularized showing of harm if disclosed. The requests are DENIED. <br>• Exhibit 1 consists of Samsung's designation of discovery custodians, search terms, and instructions regarding preservation. Samsung's request is not narrowly tailored because it seeks to seal information such as search terms drawn from publicly available patents. <br>• Exhibit 2 consists of Samsung's amended identification of custodians, litigation hold notices and search terms. Samsung has not made a particularized showing of how the identities of its custodians or the search terms used would be detrimental if revealed. <br>• Exhibit 3 consists of Samsung's first amended and supplemental identification of custodians, |

---

[36] *See* UIGestureRecognizer Class Reference, http://developer.apple.com/library/ios/#documentation/UIKit/Reference/UIGestureRecognizer_Class/Reference/Reference.html (last visited Jan. 2, 2013); UIKit Framework Reference, http://developer.apple.com/library/ios/#documentation/UIKit/Reference/UIKit_Framework/_index.html (last visited Jan. 2, 2013).

[37] *See* Docket No. 126.

Case No: 11-CV-01846 LHK
ORDER GRANTING-IN-PART AND DENYING-IN-PART APPLE'S AND SAMSUNG'S
ADMINISTRATIVE MOTIONS TO FILE DOCUMENTS UNDER SEAL

litigation hold notices, and search term, including nearly 200 pages of the beginning and end Bates numbers for its custodians. Samsung has not made a particularized showing of how information relating to its discovery notices to its employees, the custodians identified, or the Bates numbers associated with its production would be detrimental if revealed.

- Exhibit 4 consists of a chart summarizing Apple's and Samsung's contentions about discovery production. The information primarily explains custodians' names, what documents Apple thought should be produced and what documents were actually produced. Samsung has not identified what harm it would suffer if this information were disclosed.

- Exhibit 5 is a table Apple composed summarizing production from one of Samsung's custodians. The table includes descriptions of the comparisons of publicly available devices but does not reveal any proprietary information. Samsung has not made a particularized showing of how disclosure of this information would be detrimental.

- Exhibits 6, 7, 8, and 9 are letters between Apple's and Samsung's counsel regarding whether Samsung de-duplicated its email production. Samsung has not made a particularized showing of how this information would be detrimental if disclosed.

- Exhibit 10 is an email from one of Samsung's custodians. In it, he discusses development of Samsung's devices. Samsung has not made a particularized showing of how this information would be detrimental if revealed.

Exhibit 11 consists of excerpts from a deposition of Dongsub Kim. The excerpts concern to what degree Samsung used other devices, including the iPhone, to aid in its development of its devices. Samsung has not made a particularized showing that this information would be detrimental if revealed.

| | | |
|---|---|---|
| | Confidential, unredacted version of the Reply Declaration of Marc J. Pernick ISO Apple's Motion to Strike Portions of Samsung's Expert Reports | Apple's request on Samsung's behalf to redact portions of the declaration is DENIED. The proposed redactions consist of references to a spreadsheet with Samsung's financial data and limited details from that spreadsheet. Samsung has not made a particularized showing of how disclosure of this limited financial information would be detrimental. |

Case No: 11-CV-01846 LHK
ORDER GRANTING-IN-PART AND DENYING-IN-PART APPLE'S AND SAMSUNG'S
ADMINISTRATIVE MOTIONS TO FILE DOCUMENTS UNDER SEAL

| | | |
|---|---|---|
| | Exhibit 10 to the Pernick Declaration | Apple's request on Samsung's behalf to seal Exhibit 10 is DENIED. Exhibit 10 contains a spreadsheet with financial data from 2010 and 2011 about Samsung's profits and losses. Samsung has not made a particularized showing of how this information would be detrimental if revealed. |
| 1067 | Exhibit 11 to the Pernick Declaration | Apple's request on Samsung's behalf to seal Exhibit 11 is DENIED. Like Exhibit 10, Exhibit 11 contains a spreadsheet with financial data about Samsung's profits and losses. And as with Exhibit 10, Samsung has failed to make a particularized showing of how this information would be detrimental if revealed. |
| | Confidential, unredacted version of the Declaration of Brian von Herzen ISO Samsung's Reply ISO Motion to Strike Expert Testimony Based on Undisclosed Facts and Theories | DENIED. Because Apple does not maintain a claim of confidentiality regarding exhibits to the von Herzen declaration, any references to that information is not confidential and should not be sealed.[38] |
| 1074 | Exhibits 4-6 to the von Herzen Declaration | DENIED. Apple does not maintain a claim of confidentiality over Exhibits 4-6.[39] |
| | Confidential, unredacted version of the Declaration of Trevor Darrell ISO Samsung's Motion to Strike Expert Testimony Based on Undisclosed Facts and Theories | The request to seal the declaration in its entirety is DENIED. Because Apple does not maintain a claim of confidentiality regarding exhibits to the Darrell declaration, any references to that information is not confidential and should not be sealed.[40] <br><br> Samsung's request for redactions is also DENIED. The proposed redactions consist primarily of information and details from various patents, which are publicly available documents. The information, therefore, should not be sealed. |
| 1088 | Exhibits D and E to the Darrell Declaration | The requests to seal the exhibits are DENIED. <br><br> Apple does not maintain a claim of confidentiality over Exhibits D and E.[41] |
| | Confidential, unredacted version of Samsung's Reply ISO Motion for Rule 37 Sanctions for Apple's Violation of December 22, 2011 Order | The request to seal or redact portions of Samsung's reply is DENIED. Because the court has determined none of the supporting exhibits require sealing, any references to those exhibits in the reply likewise should not be sealed. Neither Apple nor Samsung has made any other showing that information in the reply would be harmful if revealed. |
| 2141 | Unredacted version of Samsung's Motion to Compel Depositions of Apple's Reply Expert Declarants | The request to redact portions of the motion is GRANTED. Samsung's request is narrowly tailored to descriptions of its source code operation, which is proprietary information. |

---

[38] See Docket No. 1098.

[39] See id.

[40] See id.

[41] See id.

36

Case No: 11-CV-01846 LHK
ORDER GRANTING-IN-PART AND DENYING-IN-PART APPLE'S AND SAMSUNG'S
ADMINISTRATIVE MOTIONS TO FILE DOCUMENTS UNDER SEAL

| 2149 | Exhibits 7-13 to the Reply Declaration of Diance C. Hutnyan ISO the motion | Samsung's requests to seal Exhibits 7-9 and 11-13 are DENIED because Apple does not maintain a claim of confidentiality for those documents.[42]<br><br>Samsung's request to seal or redact portions of Exhibit 10 also is DENIED. Exhibit 10 consists of excerpts from a deposition of Daniele De Iuliis. In its supporting declaration, Apple seeks to redact portions of the deposition describing whether alternative designs for the corners of the original iPhone were considered.[43] Apple has failed to make a particularized showing that this information would be harmful if disclosed. The information is not proprietary nor does it reveal details about unreleased products. |
| | Confidential, unredacted version of Apple's Opposition to Samsung's Motion to Compel Depositions and to File Supplemental Brief in Opposition to Permanent Injunction | The request to redact versions of the opposition is DENIED because Samsung does not maintain a claim of confidentiality over any of the information in the opposition.[44] |
| | Exhibit 4 to the Declaration of Erik J. Olson ISO Apple's Opposition to Samsung's Motion to Compel | The request to redact portions of Exhibit 4 is GRANTED. The requested redactions are Samsung's recent sales figures for its Galaxy Tab, and Samsung explains that information about recent sales figures may allow competitors to modify their pricing and marketing strategies. |

The court orders the parties to file within fourteen days documents that comply with the court's determinations above.

**IT IS SO ORDERED.**

Dated: February 1, 2013

PAUL S. GREWAL
United States Magistrate Judge

---

[42] *See* Docket No. 1108.

[43] *See id.* Ex. C.

[44] *See* Docket No. 2163.

Case No: 11-CV-01846 LHK
ORDER GRANTING-IN-PART AND DENYING-IN-PART APPLE'S AND SAMSUNG'S
ADMINISTRATIVE MOTIONS TO FILE DOCUMENTS UNDER SEAL