QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kathleen M. Sullivan (Cal. Bar No. 242261)
kathleensullivan@quinnemanuel.com
Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Susan R. Estrich (Cal. Bar No. 124009)
susanestrich@quinnemanuel.com
Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>   Plaintiff,<br><br>  vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>   Defendant. | CASE NO. 11-cv-01846-LHK (PSG)<br><br>**SAMSUNG'S MOTION TO STAY PORTIONS OF THE COURT'S FEBRUARY 1, 2013 ORDER GRANTING-IN-PART AND DENYING-IN-PART APPLE'S AND SAMSUNG'S ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL**<br><br>Judge: Hon. Paul S. Grewal |

02198.51855/5170426.3

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION ..................................................................................................................1

RELIEF REQUESTED .................................................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................1

INTRODUCTION..........................................................................................................................1

FACTUAL STATEMENT.............................................................................................................2

ARGUMENT .................................................................................................................................3

I.  SAMSUNG HAS A STRONG LIKELIHOOD OF SUCCESS AND CERTAINLY A SUBSTANTIAL CASE ON THE MERITS .......................................................................4

    A.  Confidential Financial Data May Be Sealed Under The "Good Cause" Standard................................................................................................................4

    B.  The Court Found has Found that Confidential Source Code References May be Sealed .............................................................................................................6

II. THE BALANCE OF HARMS TILTS DECISIVELY IN SAMSUNG'S FAVOR.................6

CONCLUSION ..............................................................................................................................7

# TABLE OF AUTHORITIES

Page

## Cases

*Bauer Bros. LLC v. Nike, Inc.*,
  No. 09cv500-WQH-BGS, 2012 WL 1899838 (S.D. Cal. May 24, 2012) .................................... 7

*Bean v. John Wiley & Sons, Inc.*, No. CV 11-08028-PCT-FJM,
  2012 WL 1078662 (D. Ariz. Mar. 30, 2012) ................................................................................ 6

*In re Copley Press, Inc. v. Ismael Highera-Guerrero*,
  518 F.3d 1022 (9th Cir. 2008) ....................................................................................................... 2

*In re Cyclobenzaprine Hydrochloride Extended-Release Capsule Patent Litig.*,
  449 Fed. App'x 35 (Fed. Cir. 2011) .............................................................................................. 4

*In re Elec. Arts, Inc.*,
  298 Fed. App'x 568 (9th Cir. 2008) .............................................................................................. 6

*Foltz v. State Farm Mut. Auto Ins. Co.*,
  331 F.3d 1122 (9th Cir. 2003) ....................................................................................................... 5

*Hilton v. Braunskill*,
  481 U.S. 770 (1987) ...................................................................................................................... 4

*Kamakana v. City and Cty. of Honolulu*,
  447 F.3d 1172 (9th Cir. 2006) .................................................................................................. 5, 6

*Merial Ltd. v. Cipla Ltd.*,
  426 Fed. App'x 915 (Fed. Cir. 2011) ............................................................................................ 4

*Standard Havens Prods., Inc. v. Gencor Indus., Inc.*,
  897 F.2d 511 (Fed. Cir. 1990) ................................................................................................... 4, 7

## Statutes/Rules

Fed. R. Civ. P. 26(c) ........................................................................................................................... 5, 6

Fed. R. Civ. P. 62(c) ........................................................................................................................... 1, 2

## Miscellaneous

Restatement of Torts § 757, cmt. b (1939) ............................................................................................ 6

**NOTICE OF MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung") move the Court, pursuant to Rule 62(c) of the Federal Rules of Civil Procedure, to stay portions of its February 1, 2013 Order Granting-in-Part and Denying-in-Part Apple's and Samsung's Administrative Motions to File Documents Under Seal.

**RELIEF REQUESTED**

Samsung seeks an order staying portions of the Court's February 1, 2013 Order Granting-in-Part and Denying-in-Part Apple's and Samsung's Administrative Motions to File Documents Under Seal pending the Court's resolution of Samsung's Renewed Administrative Motion to File Documents Under Seal, and should the Court deny Samsung's renewed motion in whole or in part, to stay the disclosure of any documents that include Samsung's revenue, pricing, cost, or profit information pending the Federal Circuit's resolution of Samsung's appeal from the Court's August 9, 2012 and July 17, 2012 Orders regarding motions to seal.

DATED: February 13, 2012      QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ Victoria F. Maroulis
Charles K. Verhoeven
Kevin P.B. Johnson
Victoria F. Maroulis
Michael T. Zeller

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") respectfully submit this memorandum in support of their motion, pursuant to Rule 62(c) of the Federal Rules of Civil Procedure, to stay limited portions of the Court's February 1, 2013 Order Granting-in-Part and Denying-in-Part Apple's and Samsung's Administrative Motions to File Documents Under Seal (Dkt. No. 2222) pending the Court's resolution of Samsung's Renewed Administrative Motion to File Documents Under Seal, and in the alternative to stay the disclosure of documents that include revenue, pricing, cost, and profit information pending the Federal Circuit's resolution of Samsung's appeal of the Court's August 9 Order regarding motions to seal.[1]

This limited stay is warranted because releasing Samsung's highly confidential revenue, pricing, cost, and profit data, and third-party source code references would cause significant harm by granting its competitors an unfair and unearned advantage in the marketplace. Further, this injury would be immediate and irreparable, for "[s]ecrecy is a one-way street": once confidential information has been released to the public, it "cannot be made secret again." *In re Copley Press, Inc. v. Ismael Highera-Guerrero*, 518 F.3d 1022, 1025 (9th Cir. 2008). To require that the documents be made public now would moot Samsung's renewed motion, and deprive Samsung of any remedy if the Federal Circuit disagrees with this Court and finds that certain types of financial information may be sealed.

There is no substantial countervailing public or private interest in immediate disclosure of these documents. All the documents at issue relate to "discovery motions that were nondispositive." (Dkt. No. 2222 at 2.) Any legitimate public interest in the data would suffer no harm by delaying release until the Court has had an opportunity to review the small subset of highly

---

[1] In its renewed motion, Samsung asks that the Court—should it find that confidential financial data may not be sealed under the "good cause" standard—deny requests to seal revenue, pricing, cost, and profit information without prejudice to Samsung "refiling after resolution of the issue by the Federal Circuit" as this Court has done in the past. (*See* Dkt. No. 2168 at 9.)

confidential documents covered by Samsung's renewed motion to seal, and the Federal Circuit has had an opportunity to provide guidance concerning whether materially identical confidential financial information is sealable.

### FACTUAL STATEMENT

Samsung and Apple filed administrative motions to file under seal confidential information contained in or attached to various discovery motions.  (*See* Dkt. Nos. 600, 613, 781, 782, 801, 819, 857, 934, 939, 965, 984, 986, 987, 990, 994, 996, 1041, 1044, 1047, 1056, 1067, 1074, 1088, and 2149.)  On February 1, 2013, the Court granted-in-part and denied-in-part the parties' motions and ordered the parties to "file within fourteen days documents that comply with the court's determinations."  (*See* Dkt. No. 2222.)  The Court also invited the parties to seek narrower redactions of some documents.  (*See, e.g.*, *id.* at 11-12.)  After a careful review of the hundreds of documents affected by the Court's Order, Samsung will file a renewed motion to seal just 13 documents that include highly confidential source code references, and product-specific revenue, pricing, cost, and profit data:

1. Exhibit 2 to the Declaration of Joby Martin in Support of Samsung's Opposition to Apple's Motion for Rule 37 Sanctions ("Martin Rule 37 Declaration") (Dkt. No. 801);
2. Exhibit 3 to the Martin Rule 37 Declaration (Dkt. No. 801);
3. Exhibit 8 to the Martin Rule 37 Declaration (Dkt. No. 801);
4. Exhibit 9 to the Martin Rule 37 Declaration (Dkt. No. 801);
5. Exhibit B to the Declaration of Timothy Sheppard in Support of Samsung's Opposition to Apple's Motion for Rule 37 Sanctions ("Sheppard Rule 37 Declaration") (Dkt. No. 801);
6. Exhibit E to the Sheppard Rule 37 Declaration (Dkt. No. 801);
7. Exhibit C to the Declaration of Christopher Price in Support of Samsung's Supplemental Response to Apple's Motion for Rule 37 Sanctions ("Price Rule 37 Declaration") (Dkt. No. 857);
8. Exhibit 6 to the Declaration of Marc Pernick in Support of Apple's Motion to Strike Samsung's Experts Based on Undisclosed Facts and Theories ("Pernick Motion to Strike Declaration") (Dkt. No. 939);
9. Exhibit 34 to the Pernick Motion to Strike Declaration (Dkt. No. 939);
10. Exhibit A to the Declaration of Terry Musika in Support of Apple's Opposition to Samsung's Motion to Strike Apple's Experts Based on Undisclosed Facts and Theories ("Musika Motion to Strike Declaration (Dkt. No. 996);

11. The Reply Declaration of Marc Pernick in Support of Apple's Motion to Strike Samsung's Expert Reports Based on Undisclosed Facts and Theories ("Pernick Motion to Strike Reply Declaration") (Dkt. No. 1056);
12. Exhibit 10 to the Pernick Motion to Strike Reply Declaration (Dkt. No. 1056); and
13. Exhibit 11 to the Pernick Motion to Strike Reply Declaration (Dkt. No. 1056).

At least one of the documents—Exhibit C to the Price Declaration—Samsung now seeks to seal is identical to a document—Exhibit A to the Musika Declaration in Support of Apple's Opposition to Samsung's *Daubert* Motion—this Court found may not be sealed under the "compelling reasons" standard in its August 9, 2012 (Dkt. No. 1649) and is subject to the parties' appeal to the Federal Circuit. All but one of the documents include the same type of financial data as the documents subject to appeal and are subject to the same analysis. The other document contains confidential third-party source code references.

## ARGUMENT

To obtain a stay, "a movant must establish a strong likelihood of success on the merits, or, failing that, nonetheless demonstrate a substantial case on the merits provided that the harm factors militate in its favor." *Merial Ltd. v. Cipla Ltd.*, 426 Fed. App'x 915, 915 (Fed. Cir. 2011) (unpublished) (citing *Hilton v. Braunskill*, 481 U.S. 770, 778 (1987)). Although courts may also consider the impact of a stay on other parties to the litigation and on the public, the likelihood of success and irreparable injury prongs are the more important elements. *See, e.g.*, *In re Cyclobenzaprine Hydrochloride Extended-Release Capsule Patent Litig.*, 449 Fed. App'x 35, 36 (Fed. Cir. 2011); *Standard Havens Prods., Inc. v. Gencor Indus., Inc.*, 897 F.2d 511, 512 (Fed. Cir. 1990) ("When harm to applicant is great enough, a court will not require 'a strong showing' that applicant is 'likely to succeed on the merits.'").

Here, Samsung has a strong likelihood of success, or at the very least a "substantial case." *Merial Ltd.*, 426 Fed. App'x at 915. *First*, all of the documents in question are subject to the "good cause" standard for sealing, and this Court has already recognized that several of them contain information for which such cause exists. *Second*, and contrary to the Court's prior conclusion that Samsung lacks sufficient "substantive reasons that the information should not be disclosed" (Dkt.

No. 2222 at 8 n.18), Samsung's renewed motion establishes that public disclosure of any of the documents at issue here would cause immediate and substantial harm to Samsung's competitive standing: Their release would allow competitors to copy features found on Samsung products, price their products at a level Samsung would not be able to match, and target marketing strategies at Samsung's most and least profitable products. At the same time, the documents' release would enable vendors to leverage Samsung's profit margins to negotiate higher prices for components while empowering clients to use the same information to negotiate lower prices for Samsung's products.

Even if this Court finds that the type of financial information the parties have introduced in this case may not be sealed under the "good cause" standard, the Federal Circuit may disagree. Denial of a stay will unavoidably cause irreparable harm to Samsung by forcing the release to the public—and Samsung's competitors and business partners—of confidential information whose secrecy, once lost, cannot be restored. The public has little or no legitimate interest in access to Samsung's confidential information, and to the extent that they do have an interest it will not be meaningfully impaired by a delay in the information's release while this Court reviews the limited number of documents at issue and the Federal Circuit evaluates the merits of Samsung's appeal. The factors weigh heavily in favor of a stay, which this Court should grant.

## I.  SAMSUNG HAS A STRONG LIKELIHOOD OF SUCCESS AND CERTAINLY A SUBSTANTIAL CASE ON THE MERITS

### A.  Confidential Financial Data May Be Sealed Under The "Good Cause" Standard

The Ninth Circuit has held that a "particularized showing" under the "'good cause' standard of Rule 26(c) will 'suffice[] to warrant preserving the secrecy of sealed discovery material attached to nondispositive motions.'" *Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135-36 (9th Cir. 2003). Unlike the public interest in inspecting documents attached dispositive pleadings, which creates a "strong presumption in favor of access," the public need to accessing documents "unrelated or only tangentially related to the underlying cause of action" attached to non-dispositive motions is far weaker. *Id.* at 1178-79 (quotations omitted). In this situation, the "usual presumption of the

public's right to access is rebutted." *Id.* at 1179.  Rule 26(c) permits a court to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by, among other things, "requiring that a trade secret *or* other confidential research, development, or *commercial information* not be revealed or revealed only in a specified way."  Fed. R. Civ. P. 26(c) (emphasis added).

As explained more fully in Samsung's renewed motion, the confidential financial data at issue here, including product-specific revenue, pricing, cost, and profit data, are trade secrets.  The data is extremely valuable to Samsung as it guides the company's pricing, distribution, financial planning and other business decision, and could be used by competitors to Samsung's substantial detriment.  *See* RESTATEMENT OF TORTS § 757, cmt. b (1939) (defining trade secrets as "*any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity* to obtain an advantage over competitors who do not know or use it") (emphasis added); *In re Elec. Arts, Inc.*, 298 Fed. App'x 568, 569 (9th Cir. 2008) (unpublished) (adopting the Restatement's definition).  Even if the documents do not meet the technical definition of "trade secrets," Samsung nonetheless makes a particularized showing in its renewed motion that disclosure of the type of detailed, product-specific data at issue here will cause competitive harm by demonstrating that in the hands of competitors, vendors, and clients, the information is likely to be used to undercut Samsung's pricing strategy, target marketing efforts, and leverage favorable financial terms for components and finished products.

Courts applying the more stringent "compelling reasons" test have consistently found that information of the precise type that is here at issue should be sealed.  For instance, the District of Arizona recently concluded that a company had established "compelling reasons" by showing that its production data, revenue information, and "sales and production numbers" could be used by competitors to calibrate their pricing and distribution methods so as to undercut the defendant in the market.  *Bean v. John Wiley & Sons, Inc.*, No. CV 11–08028–PCT–FJM, 2012 WL 1078662, at *6-7 (D. Ariz. Mar. 30, 2012).  Similarly, the Southern District of California correctly concluded that detailed financial data concerning revenue and the costs of merchandise, royalty, promotional, and personnel should be sealable where a company's competitors could use the information to replicate

its business practices. *Bauer Bros. LLC v. Nike, Inc.*, No. 09cv500–WQH–BGS, 2012 WL 1899838, at *3-4 (S.D. Cal. May 24, 2012). The same reasoning applies *a fortiori* here, where the applicable standard is not "compelling reasons" but only "good cause."

### B. The Court Found has Found that Confidential Source Code References May be Sealed

The Court found that Exhibit 6 to the Pernick Declaration in Support of Apple's Motion to Strike (Dkt. No. 939) contains third-party source code references that "are proprietary and therefore appropriately may be sealed" and invited Samsung to "move to seal narrowly tailored redactions of only the source code references." (Dkt. No. 2222 at 24.) This Court should grant Samsung's renewed request that only a partially redacted versions of the document become a part of the public record.

## II. THE BALANCE OF HARMS TILTS DECISIVELY IN SAMSUNG'S FAVOR

Because Samsung has at the very least established a substantial case on the merits, a stay pending the Court's resolution of Samsung's renewed motion is warranted. Conversely, the denial of a stay in this case would cause Samsung and a third party immediate and irreparable harm, which would be sufficient to justify a stay even if the likelihood of success on the merits were relatively slight. *See Standard Havens Prods.* 897 F.2d at 512.

Even if the Court finds that confidential financial information may not be sealed under the "good cause" standard, it should nonetheless stay the portions of its order that instruct the parties to publicly file documents that include Samsung's revenue, pricing, cost, and profit data pending the Federal Circuit's resolution of Samsung's Appeal of the Court's August 9 Order. At least one of the documents at issue here—Exhibit C to the Price Declaration in Support of Samsung's Supplemental Reply in Opposition to Apple's Motion for Rule 37 Sanctions—is identical to a document subject to the pending appeal, while others are subject to the same analysis. (*Cf.* Dkt. No. 2047 at 6, Dkt. No. 2210 at 4). If the Court's order were to have immediate effect, "it would undermine the stay that both this Court and the Federal Circuit have imposed pending the Federal Circuit's resolution of the issue." (Dkt. No. 2047 at 6.) "When the information is publicly filed, what once may have been a trade secret will no longer be." (*Id.* at 7; Dkt. No. 2210 at 4.)

## CONCLUSION

The Court should stay portions of February 1, 2013 Order that instructs the parties to publicly file the documents listed in pages 2-3 pending the Court's resolution of Samsung's renewed motion to seal, and should the Court deny in whole or in part Samsung's renewed motion, stay the disclosure of documents that include Samsung's revenue, pricing, cost, and profit information pending the Federal Circuit's resolution of Samsung's appeal from the Court's August 9, 2012 and July 17, 2012 Orders.

DATED: February 15, 2013         Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Victoria F. Maroulis*
    Charles K. Verhoeven
    Kevin P.B. Johnson
    Victoria F. Maroulis
    Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC