QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kathleen M. Sullivan (Cal. Bar No. 242261)
kathleensullivan@quinnemanuel.com
Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Susan R. Estrich (Cal. Bar No. 124009)
susanestrich@quinnemanuel.com
Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO.,
LTD., SAMSUNG ELECTRONICS AMERICA,
INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | CASE NO. 11-cv-01846-LHK |
| Plaintiff, | **RENEWED ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL** |
| vs. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendant. | |

Pursuant to Civil Local Rules 7-11 and 79-5, and General Order No. 62, Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") hereby bring this renewed administrative motion for an order to seal certain highly confidential source code references and financial data.

**RELIEF REQUESTED**

Samsung requests an order granting Samsung's motion to seal:

1. Exhibit 2 to the Declaration of Joby Martin in Support of Samsung's Opposition to Apple's Motion for Rule 37 Sanctions ("Martin Rule 37 Declaration") (Dkt. No. 801);
2. Exhibit 3 to the Martin Rule 37 Declaration (Dkt. No. 801);
3. Exhibit 8 to the Martin Rule 37 Declaration (Dkt. No. 801);
4. Exhibit 9 to the Martin Rule 37 Declaration (Dkt. No. 801);
5. Exhibit B to the Declaration of Timothy Sheppard in Support of Samsung's Opposition to Apple's Motion for Rule 37 Sanctions ("Sheppard Rule 37 Declaration") (Dkt. No. 801);
6. Exhibit F to the Sheppard Rule 37 Declaration (Dkt. No. 801);
7. Exhibit C to the Declaration of Christopher Price in Support of Samsung's Supplemental Response to Apple's Motion for Rule 37 Sanctions ("Price Rule 37 Declaration") (Dkt. No. 857);
8. Exhibit 6 to the Declaration of Marc Pernick in Support of Apple's Motion to Strike Samsung's Experts Based on Undisclosed Facts and Theories ("Pernick Motion to Strike Declaration") (Dkt. No. 939);
9. Exhibit 34 to the Pernick Motion to Strike Declaration (Dkt. No. 939);
10. Exhibit A to the Declaration of Terry Musika in Support of Apple's Opposition to Samsung's Motion to Strike Apple's Experts Based on Undisclosed Facts and Theories ("Musika Motion to Strike Declaration (Dkt. No. 996);
11. The Reply Declaration of Marc Pernick in Support of Apple's Motion to Strike Samsung's Expert Reports Based on Undisclosed Facts and Theories ("Pernick Motion to Strike Reply Declaration") (Dkt. No. 1056);
12. Exhibit 10 to the Pernick Motion to Strike Reply Declaration (Dkt. No. 1056); and
13. Exhibit 11 to the Pernick Motion to Strike Reply Declaration (Dkt. No. 1056).[1]

---

[1] In its Order, the Court found that other documents included confidential information, such as product code names (Dkt. No. 2222 at 12), licensing royalty rates (*id.* at 13), and certain source code references (*id.* at 27) that may be sealed.  While Samsung maintains that "good cause" exists to seal these categories of information, it has determined that some of the documents at issue include information that is now in the public domain.  Samsung does not renew its motion to seal information that is no longer non-public.

Should the Court find that information included in these documents is not sealable, Samsung requests that the Court deny Samsung's motion to seal documents that include confidential financial information—revenues, pricing, cost, and profit data—without prejudice to Samsung "refiling [a motion to seal] after resolution of the [parties appeal from the Court's August 9 Order regarding motions to seal] by the Federal Circuit," as this Court has done in the past.  (Dkt. No. 2168 at 9.)

**STATEMENT OF FACTS**

On February 1, 2013, the Court granted-in-part and denied-in-part 24 administrative motions to file under seal hundreds of pleadings and documents related to the parties' discovery and pre-trial motions.  (Dkt. No. 2222.)   The Court based its ruling on its conclusion that the parties had not "provided substantive reasons that [certain financial] information should not be disclosed" sufficient to meet the "good cause" standard (*id.* at 8 n.18), and in some instances found that a document included both sealable and non-sealable information (*see, e.g.*, *id.* at 24). The documents at issue include source-code references[2] and detailed financial information, including product-specific revenues, pricing, cost, and profit data.[3]   The Court ordered the parties to file within fourteen days documents that complied with the Court's findings.   (*Id.* at 37.)

**ARGUMENT**

**I.  "GOOD CAUSE" EXISTS TO SEAL CONFIDENTIAL FINANCIAL INFORMATION**

The Ninth Circuit has held that a "particularized showing" under the "'good cause' standard of Rule 26(c) will 'suffice[] to warrant preserving the secrecy of sealed discovery material attached to nondispositive motions.'"   *Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135-

---

[2]  Exhibits 6 to the Pernick Motion to Strike Declaration includes third-party source code references.

[3]  Exhibits 2, 3, 8, and 9 to the Martin Rule 37 Declaration, Exhibits B and F to the Sheppard Rule 37 Declaration, Exhibits C to the Price Rule 37 Declaration, Exhibit 34 to the Pernick Motion to Strike Declaration, Exhibit A to the Musika Motion to Strike Declaration, and the Pernick Motion to Strike Reply Declaration and Exhibits 10 and 11 thereto include confidential financial information.

36 (9th Cir. 2003). Unlike the public interest in inspecting documents attached dispositive pleadings, which creates a "strong presumption in favor of access," the public need to access documents "unrelated or only tangentially related to the underlying cause of action" attached to non-dispositive motions if far weaker. *Kamakana*, 447 F.3d at 1178-79 (quotations omitted). In this situation, the "usual presumption of the public's right to access is rebutted." *Id.* at 1179. Rule 26(c) permits a court to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by, among other things, "requiring that a trade secret *or other confidential research, development, or commercial information* not be revealed or revealed only in a specified way." Fed. R. Civ. P. 26(c) (emphasis added).

"The most commonly accepted definition of trade secrets," *Aronson v. Quick Point Pencil Co.*, 440 U.S. 257, 266 (1979), which the Ninth Circuit has applied in the sealing context, *In re Elec. Arts, Inc.*, 298 Fed. App'x 568, 569 (9th Cir. 2008) (unpublished), is found in comment b to section 757 of the first Restatement of Torts. *Accord, e.g.*, *Union Oil Co. of Cal. v. Fed. Power Comm'n*, 542 F.2d 1036, 1044 (9th Cir. 1976); *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972). The Restatement defines "trade secret" as "*any* formula, pattern, device or compilation of information which is used in one's business, and which gives him *an opportunity* to obtain an advantage over competitors who do not know or use it." RESTATEMENT OF TORTS § 757, cmt. b (1939) (emphasis added). Thus, for example, in *In re Electronic Arts*, the Ninth Circuit stated that "pricing terms, royalty rates, and guaranteed minimum payment terms … plainly fall[] within the definition of 'trade secrets,'" and held that a district court had abused its discretion in denying sealing of such information. 298 Fed. App'x at 569. Indeed, such data is both a paradigmatic trade secret and the precise sort of information that could be used to harm a business's competitive standing— both of which suffice to overcome the limited public interest in disclosure and thus to justify sealing.

The documents at issue here, which include per-product revenue, pricing, cost, and financial information, fall squarely in the realm of trade secrets. For instance, Exhibits B and F to the Sheppard Rule 37 Declaration includes product-specific sales, costs of goods sold, expenses, and profits data for all accused products for each month between 2007 and 2011. (Declaration of

1  Hankil Kang ("Kang Decl.") ¶ 16.)   Exhibit C to the Price Rule 37 Declaration synthesizes this

2  data and presents it in a format that those with little accounting or financial experience could use

3  to gain valuable insight into Samsung's pricing strategies.   (*Id.* ¶ 17.)   The exhibits are extremely

4  valuable to Samsung, because the data guide the company's pricing, distribution, financial

5  planning, and other business decisions.   (*Id.* ¶ 5.)   Conversely, their release would be a windfall

6  to Samsung's vendors, buyers, and competitors, could use insight about Samsung's financial data

7  to its substantial detriment.   (*Id.* ¶¶ 7-10.)   The documents contain trade secrets, a fact that alone

8  is sufficient to establish "compelling reasons"—and , *a fortiori*, "good cause"—for sealing the

9  selected portions.   *Kamakana*, 447 F.3d at 1179; *In re Elec. Arts*, 298 Fed. App'x at 569-70.

10         Even if the technical definition of trade secrets were not met, the documents should

11  nonetheless be sealed as they clearly meet Rule 26's definition of confidential "commercial

12  information" and Samsung has made particularized showings sufficient to meet the "good cause"

13  standard for each document at issue.   (Kang Decl. ¶¶ 12-21.)   For instance, a competitor could

14  use Samsung's profit information to determine Samsung's pricing "floor" and price its products at

15  a level Samsung would not be able to profitably match.   (*Id.* ¶ 8.)   Per-product profit data would

16  also inform Samsung's competitors as to which of its products are performing best and worst,

17  allowing them to target such product lines in marketing campaigns.   (*Id.*)   Samsung's vendors

18  would be able to use Samsung's profit margins to negotiate better prices for components they

19  provide while clients would be able to use the same information to negotiate better prices for

20  Samsung's smart phones and tablets.   (*Id.* ¶¶ 9-11.)

21         It is for this reason that courts in the Ninth Circuit consistently seal confidential financial

22  information even under the more stringent "compelling reasons" standard.   *See, e.g.*, *Bean v. John*

23  *Wiley & Sons, Inc.*, No. CV 11-08028-PCT-FJM, 2012 WL 1078662, *5-6 (D. Ariz. Mar. 30,

24  2012); *Bauer Bros. LLC v. Nike, Inc.*, No. 09cv500-WQH-BGS, 2012 WL 1899838, *3-4 (S.D.

25  Cal. May 24, 2012); *TriQuint Semiconductor, Inc. v. Avago Techs., Ltd.*, No. CV 09-1531-PHX-

26  JAT, 2011 WL 6182346, *3-7 (D. Ariz. Dec. 13, 2011).   The Court should find the confidential

27

28

1  financial information at issue here sealable for the same reasons.[4]

2  Should the Court find that confidential financial information at issue here may not be
3  sealed, the Court should deny Samsung's motion without prejudice to it re-filing a renewed
4  motion to seal should the Federal Circuit disagree with this Court's reasoning in the pending
5  appeal from the Court's August 9, 2012 and July 17, 2012 Orders.   Both Apple and Samsung
6  have sought "review of this Court's decision on the sealability of precisely this type of
7  information" (Dkt. No. 2210 at 4) and at least one of the documents at issue here—Exhibit C to
8  the Price Rule 37 Declaration—is identical to a document as issue on appeal.   Others are "largely
9  subject to the same analysis."   (Dkt. No. 2168 at 8.)   "Thus, the outcome of the appeal of the
10 August 9 Order bears on the present" motion."   (*Id.*)

## II.   "GOOD CAUSE" EXISTS TO SEAL CONFIDENTIAL SOURCE CODE REFERENCES

The Court has already found that Exhibit 6 to the Pernick Motion to Strike Declaration contains confidential source code references that may be sealed.   (Dkt. No. 2222 at 24.)   Various portions of the document include third-party MERL's confidential references.   (*See, e.g.*, Ex. 6 to Permick at 1, 6-10, 12-13.)   Samsung expects that MERL will submit a declaration along with proposed redactions narrowly tailored to protect source code references.

## CONCLUSION

For the foregoing reasons, Samsung respectfully requests that the Court grant this renewed administrative motion to file under seal.

---

[4]   The specific portions Samsung requests be sealed are identified in the Kang Declaration at ¶¶ 12-21.


DATED: February 15, 2012                 Respectfully submitted,

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

   By */s/ Victoria F. Maroulis*
      Charles K. Verhoeven
      Kevin P.B. Johnson
      Victoria F. Maroulis
      Michael T. Zeller
      Attorneys for SAMSUNG ELECTRONICS CO.,
      LTD., SAMSUNG ELECTRONICS AMERICA,
      INC. and SAMSUNG
      TELECOMMUNICATIONS AMERICA, LLC