1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Cal. Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5  Kathleen M. Sullivan (Cal. Bar No. 242261)
   kathleensullivan@quinnemanuel.com
6  Kevin P.B. Johnson (Cal. Bar No. 177129)
   kevinjohnson@quinnemanuel.com
7  Victoria F. Maroulis (Cal. Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
8  555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, California  94065-2139
9  Telephone: (650) 801-5000
   Facsimile: (650) 801-5100
10
   Susan R. Estrich (Cal. Bar No. 124009)
11 susanestrich@quinnemanuel.com
   Michael T. Zeller (Cal. Bar No. 196417)
12 michaelzeller@quinnemanuel.com
   865 S. Figueroa St., 10th Floor
13 Los Angeles, California 90017
   Telephone: (213) 443-3000
14 Facsimile: (213) 443-3100

15 Attorneys for SAMSUNG ELECTRONICS CO.,
   LTD., SAMSUNG ELECTRONICS AMERICA,
16 INC. and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC
17

18                   UNITED STATES DISTRICT COURT

19          NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

20

| | |
|---|---|
| APPLE INC., a California corporation, | CASE NO. 11-cv-01846-LHK |
| Plaintiff, | **DECLARATION OF HANKIL KANG** |
| vs. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendant. | |

I, Hankil Kang, declare:

1. I am Legal Counsel at Samsung Electronics Co., Ltd. ("SEC"). I have personal knowledge of the facts set forth in this declaration, except as otherwise noted, and, if called as a witness, could and would testify to those facts under oath.

2. I submit this declaration in support of Samsung's Renewed Administrative Motion to File Documents Under Seal and incorporate by reference the July 27, 2012 and July 31, 2012 declarations of GiHo Ro, a Senior Manager of the Administration Team in the Mobile Communications Division at SEC, and filed in support of two motions to seal. (Dkt. Nos. 1375 and 1490.)

3. The documents Samsung now moves to seal contain highly confidential financial information, including product-specific revenue, pricing, cost, and profit data. The information at issue here is similar to the information included in documents Samsung moved to seal in July, 2012 and are now subject to Samsung's appeal to the Federal Circuit from the Court's August 9, 2012 and July 17, 2012 Orders regarding motions to seal.

4. As Mr. Ro explained in July, the financial information at issue includes the costs of components Samsung uses to manufacture its products, and detailed information about the cost to manufacture tens of product lines and Samsung's profit margins on those products, calculated using highly sensitive cost and overhead information.

5. This is not the type of information that Samsung reports to investors, regulatory bodies, the press, or business analysts. This information is highly confidential to Samsung and Samsung takes extraordinary steps to maintain the secrecy of the information. Even within Samsung's finance and accounting groups, data included in the documents can only be accessed by certain personnel on a restricted, need-to-know basis. The data guide Samsung's pricing, distribution, financial planning, and other business decisions.

6. The information contained in these documents was produced in this case to Apple's outside counsel and experts for the sole purpose of calculating supposed damages. It was produced under a Protective Order and was marked "Highly Confidential – Attorneys' Eyes Only." Samsung took special precautions when producing detailed financial data to Apple, including

1  restricting the distribution of soft copies of the data, copying of data, or inspecting the data in an
2  unsecured environment.  Samsung distributed numbered compact discs that contained soft copies
3  of the data, retrieved the discs after a certain amount of time, and only permitted the inspection of
4  certain data in a secure location to prevent unauthorized copying or dissemination.

5        7.  Disclosure of revenues, pricing strategy, and costs will permit competitors to
6  undercut Samsung's prices, and allow business partners to gain leverage that can be used to
7  Samsung's disadvantage during negotiations.  Release of this information will create an
8  information asymmetry that will affect negotiations to Samsung's detriment—suppliers and
9  business partners would have details of Samsung's financial data, while Samsung would not have
10 access to the same data of its suppliers and business partners.

11       8.  Per-unit cost information and product-specific revenues, pricing, operating
12 margins, and profits are far more sensitive and confidential than company-wide financial
13 statements because they disclose the lowest price at which Samsung can profitably sell its
14 products.  Armed with that information, a competitor could charge a lower price in an effort to
15 gain market share.  Competitors could also use knowledge of Samsung's highest- and lowest-
16 performing products lines to target marketing and advertising efforts.

17       9.  Suppliers could use the same information—and knowledge of Samsung's cost
18 ceiling for each product line—as leverage to negotiate higher prices for components.

19       10.  Likewise, carrier and retail partners would be able to leverage knowledge of
20 Samsung's margins to negotiate lower prices for Samsung's smart phone and tablet products.

21       11.  The need for confidentiality extends to portions of summaries created by the
22 damages experts in this case.  While some of the information contained in these summaries is not
23 highly sensitive, other information, like product-specific profit margins and per-unit costs, are
24 based on non-public financial data and would have the same detrimental effect as release of the
25 underlying data for the reasons described in paragraphs 7-10.

**Dkt. No. 801**

12.     Exhibit 2 to the Declaration of Joby Martin in Support of Samsung's Opposition to Apple's Motion for Rule 37 Sanctions ("Martin Rule 37 Declaration") consists of a 26-page spreadsheet that details Samsung's product sales to various entities and includes the number of units sold, unit prices, net amounts of sales, and costs of goods sold.  As explained above in paragraphs 8 and 9, competitors and component suppliers could use Samsung's operating margins to undercut Samsung's prices and negotiate higher component prices.  Moreover, future purchasers of Samsung's products could use the information in Exhibit 2 to negotiate more favorable prices.  Samsung thus requests that the Court seal the document in its entirety.

13.     Exhibit 3 to the Martin Rule 37 Declaration consists of a detailed, 108-page summary of STA's 2011 business plans and includes sales and profit summaries for various product groups broken down by quarter and month; a sales and profit summary on products sold through various carrier partners; sales, revenues, costs, profits, and margin data for products broken down by quarter, month, and carrier partner; and STA's 2009-11 inventory plan. Competitors and component suppliers could use information about Samsung's profits, costs, and margins to undercut Samsung's prices and negotiate higher component prices.  Additionally, carrier partners could leverage knowledge of the prices at which STA sells products to other carrier partners during future negotiations.  Finally, as the Court has previous found (*see, e.g.* Dkt. No. 1949 at 12-13), inventory and supply-chain data may be sealed even under the "compelling reasons" standard since suppliers could use inventory patterns to negotiate higher prices when they expect STA's inventory requirements to be at their highest. Samsung thus requests that the data, but not column or row headings, found on pages S-ITC-007274360-460 be sealed.

14.     Exhibit 8 to the Martin Rule 37 Declaration consists of STA's 2011 budget plan and includes details about STA's supplies, travel, communications, commissions, IT, printing, training, and social expenses broken down by month.  While the data in Exhibit 8—which is only tangentially related to this litigation—is not as highly sensitive as data about Samsung's products, it nonetheless reveals a component of costs allocated to Samsung's products and should be sealed

1  for the reasons stated in paragraphs 8-10.  Samsung requests that the data, but not headings or
2  descriptions, found on pages SAMNDCA00367776-91 be sealed.

3       15.     Exhibit 9 to the Martin Rule 37 Declaration consists of a detailed, 150-page long
4  spreadsheet of Samsung's accounting ledger and includes STA's sales, expenses, costs, profits,
5  changes in equity, cash flows, account balances, and values of tangible and intangible assets.  As
6  explained in paragraphs 8-10, revenues, pricing, costs, and profits could be used by competitors,
7  vendors, and business partners to gain an unfair advantage.  Moreover, the data included in Exhibit
8  9 has not been audited.  SEC, STA's parent, is a publicly traded company and has an obligation to
9  ensure that the type of data included in Exhibit 9—financial information that is ordinarily found in
10 financial statements and disclosures to shareholders—has been audited.  An investor could rely on
11 unaudited information to his or her disadvantage.  Samsung thus requests that the Court seal
12 Exhibit 9 in its entirety.

13      16.     Exhibits B and F to the Declaration of Timothy Sheppard in Support of Samsung's
14 Opposition to Apple's Motion for Rule 37 Sanctions ("Sheppard Rule 37 Declaration") consist of
15 lengthy spreadsheets that detail STA's and SEA's sales, revenues, pricing, costs, profits, and
16 margins on Samsung's products.  Each spreadsheet includes data broken down by product,
17 quarter, and month between 2007 and 2011.  As explained in paragraphs 8-10, competitors and
18 component suppliers could use information about Samsung's profits, costs, and margins to
19 undercut Samsung's pricing and negotiate higher component prices.  Additionally, business
20 partners could leverage knowledge of Samsung's margins to negotiate lower prices for Samsung's
21 smart phone and tablet products.  Samsung thus requests that the data included in the spreadsheets,
22 but not row or column headings or descriptions be sealed.

23 **Dkt. 857**

24      17.     Exhibit C to the Declaration of Christopher Price in Support of Samsung's
25 Opposition to Apple's Motion for Rule 37 Sanctions ("Price Rule 37 Declaration") consists of the
26 Expert Report of Terry L. Musika, CPA and Exhibits 1-45 thereto.  I understand that the document
27 includes Apple- and/or third-party confidential information.  I reviewed a partially redacted
28 version of the Exhibit that excluded Apple- and third-party confidential information.  While most

of the document includes descriptions and analysis that Samsung does not consider highly confidential, Exhibit C also includes product-specific revenues, pricing, costs, and profits data for each of the accused products broken down by month between 2010 and 2012. As explained in paragraphs 8-10, competitors and component suppliers could use information about Samsung's profits, costs, and margins to undercut Samsung's pricing and negotiate higher component prices. Additionally, business can leverage knowledge of Samsung's margins to negotiate lower prices for Samsung's smart phone and tablet products. Samsung thus requests that Samsung's product-specific revenue, pricing, cost, and profit data be sealed.

**Dkt. 939**

18.     Exhibit 34 to the Pernick Declaration in Support of Apple's Opposition to Apple's Motion for Clarification Regarding the Court's May 4 Order ("Pernick Motion for Clarification Declaration") consists of the Supplemental Expert Report of Michael J. Wagner. I understand that the document includes Apple- and/or third-party confidential information. I reviewed a partially redacted version of the Exhibit that excludes Apple- and third-party confidential information. While most of the document includes opinions and descriptions Samsung does not consider confidential, specific portions of the document includes Samsung's per-unit profits (*see, e.g.*, *id.* at 3 n.9), and total and per-unit material cost broken down by month (*see, e.g.*, *id.* at 9). As explained in paragraphs 8-10, competitors and component suppliers could use information about Samsung's profits and costs to undercut Samsung's pricing and negotiate higher component prices. Additionally, business partners can leverage knowledge of Samsung's margins (the differences between prices offered to them and the material costs disclosed by Exhibit 34) to negotiate lower prices for Samsung's smart phone and tablet products. Samsung thus requests that Samsung's profit and cost data be sealed.

**Dkt. 996**

19.     Exhibit A to the Declaration of Terry Musika in Support of Apple's Opposition to Samsung's Motion to Strike Apple's Experts Based on Undisclosed Facts and Theories ("Musika Motion to Strike Declaration") consists of the Rebuttal Expert Report of Terry L. Musika, CPA. I

1  understand that the document includes Apple- and/or third-party confidential information.  I
2  reviewed a partially redacted version of the Exhibit that excluded Apple- and third-party
3  confidential information.  While most of the document includes descriptions and analysis that
4  Samsung does not consider highly confidential, Exhibit C also includes product-specific revenue,
5  pricing, cost, and profit data for each of the accused products broken down by month between
6  2010 and 2012.  As explained in paragraphs 8-10, competitors and component suppliers could use
7  information about Samsung's profits, costs, and margins to undercut Samsung's pricing and
8  negotiate higher component prices.  Additionally, business partners could leverage knowledge of
9  Samsung's margins to negotiate lower prices for Samsung's smart phone and tablet products.
10 Samsung thus requests Samsung's product-specific revenues, pricing, costs, and profits data be
11 sealed.

**Dkt. 1056**

20.     Paragraphs 30-31 of the Reply Declaration of Marc Pernick in Support of Apple's Motion to Strike Expert Reports Based on Undisclosed Facts and Theories ("Pernick Motion to Strike Reply Declaration") includes the per-unit marketing, sales, and R&D expenses, and per-unit and consolidated operating profits on the Samsung Galaxy S II.  As explained in paragraphs 8-10, competitors and component suppliers could use information about Samsung's  costs and margins to undercut Samsung's pricing and negotiate higher component prices.  Additionally, business partners can leverage knowledge of Samsung's margins to negotiate lower prices for Samsung's smart phone and tablet products.  Samsung thus requests that the data included in paragraphs 30-31 be sealed.

21.     Exhibits 10 and 11 to the Pernick Motion to Strike Reply Declaration are duplicates.  Both consist of detailed profit and loss statements for the Samsung Galaxy S II.  The documents detail Samsung's revenues, costs, profits, and margins broken down by month on the S II.  As explained in paragraphs 8-10, competitors and component suppliers could use information about Samsung's profits, costs, and margins to undercut Samsung's pricing and negotiate higher component prices.  Additionally, business partners can leverage knowledge of Samsung's margins

1  to negotiate lower prices for Samsung's smart phone and tablet products. Samsung requests that
2  the data included in the document, but not row or column headings, be sealed.
3
4  I declare under penalty of perjury under the laws of the United States of America that the
5  foregoing is true and correct. Executed in Suwon, South Korea on February 16, 2013.

                                                  Hankil Kang