UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., )<br>          Plaintiff, )<br>     v. )<br> )<br>SAMSUNG ELECTRONICS CO., LTD, a )<br>Korean corporation; SAMSUNG )<br>ELECTRONICS AMERICA, INC., a New York )<br>corporation; and SAMSUNG )<br>TELECOMMUNICATIONS AMERICA, LLC, )<br>a Delaware limited liability company, )<br> )<br>          Defendants. ) | Case No.: C 11-1846 LHK (PSG)<br><br>**ORDER GRANTING SAMSUNG'S MOTION TO STAY**<br><br>**(Re: Docket No. 2230)** |

On February 15, 2013, Samsung Electronics, et al ("Samsung") moved to stay the court's February 1, 2013 order regarding various sealing motions from both Samsung and Apple, Inc. ("Apple").[1] In that order, the court denied numerous requests and ordered the parties to file unredacted, unsealed versions of exhibits, declarations, and papers or to file renewed motions to seal with more narrowly tailored requests.[2] Both parties have filed renewed motions to seal per the court's directions.[3]

---

[1] *See* Docket No. 2230.

[2] *See* Docket No. 2222.

[3] *See* Docket Nos. 2228, 2231.

Case No.: C 11-1846 LHK (PSG)
ORDER

1

**United States District Court**
For the Northern District of California

Samsung, however, also seeks to stay the effect of the order regarding two categories of documents that it believes should remain under seal. Samsung first seeks a stay pending filing of a redacted version of an exhibit that includes references to a third party's source code.[4] In its February 1 order, the court advised Samsung that it would entertain a renewed motion to seal with redactions narrowly tailored to the source code references, which Samsung filed on February 15, 2013.[5] To the extent that Samsung seeks to stay the February 1 order with regards to the exhibits containing third-party source code until the court resolves its renewed motion to seal, the court finds that a stay is warranted. Source code involves proprietary information that the court already has found to be appropriate for a sealing request.[6] Samsung's request to stay the February 1 order with regards to the exhibits with third-party source code references is GRANTED.

Samsung next seeks a stay of the court's order unsealing documents that detail Samsung's confidential financial pricing and distribution information.[7] In part relying on Judge Koh's August 9, 2012 order in which she denied the parties' requests to seal similar financial information under the "compelling reasons" standard,[8] the court ordered Samsung to unseal several exhibits containing financial information and produced as part of the parties' damages discovery.[9] Because the exhibits were attached to nondispositive discovery motions, the court applied the lower "good cause" standard but nevertheless found that Samsung had not offered a sufficient particularized showing of what harm would result if the financial information was disclosed.[10] The court also

---

[4] *See* Docket No. 2230.

[5] *See* Docket No. 2222.

[6] *See id.*

[7] *See* Docket No. 2230.

[8] *See* Docket No. 1649.

[9] *See* Docket No. 2222.

[10] *See id.*

2
Case No.: C 11-1846 LHK (PSG)
ORDER

agreed with Judge Koh's observation that in a case of this scope and import to the public, financial information supplied for the damages claims should not remain under seal.[11]

Samsung objects to having to disclose this financial information and so in conjunction with this motion to stay,[12] Samsung also filed a renewed motion to seal the financial documents,[13] which presumably contains more substantive arguments regarding the harm that would befall it if the documents were unsealed. Samsung primarily requests a stay pending the court's consideration of that renewed motion.[14] Samsung also moves in the alternative for the court's order to be stayed pending the Federal Circuit's resolution of Samsung's appeal of Judge Koh's August 9 order in the event that after consideration of the renewed motion the court nevertheless finds that the documents should be unsealed.[15]

In support of its motion to stay, Samsung asserts that it is likely to prevail on its renewed motion to seal and points to cases where other courts have found that financial documents may remain under seal even under the more stringent "compelling reasons" standard.[16] Samsung also previews the harm that is likely to occur absent a stay, such as its competitors' ability to copy features and match Samsung's pricing scheme, and argues that this harm far outweighs any interest the public has in the information.[17] Samsung also emphasizes that, absent a stay, it must disclose

---

[11] *See id.*

[12] Apple likewise objects to having to unseal documents containing its confidential financial information but did not seek a stay from the court pending resolution of its renewed motion to seal. *See* Docket No. 2228.

[13] *See* Docket No. 2231.

[14] *See* Docket No. 2230.

[15] *See id.* Apple seeks a similar stay if the court denies its renewed motion to seal. *See* Docket No. 2228.

[16] *See* Docket No. 2230.

[17] *See id.*

3
Case No.: C 11-1846 LHK (PSG)
ORDER

the documents and so any subsequent agreement by the court or the Federal Circuit with Samsung's arguments essentially would be moot as the documents would already be public.[18]

Because the court's decision that the documents should be unsealed relied in part on Samsung's failure to provide a showing of particularized harm,[19] Samsung's representation that the renewed motion cures that deficiency supports that a limited stay is warranted until the court can consider Samsung's amended request. The court also notes that the Federal Circuit stayed Judge Koh's August 9 order pending resolution of the appeal before it, and that Judge Koh stayed one of her sealing order dealing with similar financial information.[20] The court therefore will stay its February 1 order with respect to the financial documents until it has issued a decision on Samsung's renewed motion. Depending on the court's determination of Samsung's renewed motion, the court will consider at that time Samsung's alternative motion to stay the order pending resolution of its appeal to the Federal Circuit.

**IT IS SO ORDERED.**

Dated: February 15, 2013

PAUL S. GREWAL
United States Magistrate Judge

---

[18] *See id.*

[19] *See* Docket No. 2222.

[20] *See* Docket No. 2168.

Case No.: C 11-1846 LHK (PSG)
ORDER

4