QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS
CO., LTD., SAMSUNG ELECTRONICS
AMERICA, INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>              Plaintiff,<br><br>        vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>              Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**DECLARATION OF DIANE C. HUTNYAN IN SUPPORT OF SAMSUNG'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS RELATING TO APPLE'S EFFORTS TO OBTAIN DESIGN PATENTS RELATED TO THE PATENTS-IN-SUIT**<br><br>Date: April 10, 2012<br>Time: 10:00 a.m.<br>Place: Courtroom 5, 4th Floor<br>Judge: Hon. Paul S. Grewal<br><br>**FILED UNDER SEAL** |

I, Diane C. Hutnyan, declare:

1.      I am a member of the bar of the State of California and am admitted to practice before this Court. I am a partner at Quinn Emanuel Urquhart & Sullivan, LLP, counsel for Samsung Electronics Co., Ltd., Samsung Electronics America, inc., and Samsung Telecommunications America, LLC (collectively "Samsung") in this action.   I have personal knowledge of the following facts, and would competently testify to them if called upon to do so.

2.      On August 3, 2011, Samsung served its First Set of Requests for Production in this matter.   A true and correct copy of Samsung's First Set of Requests for Production is attached hereto as Exhibit A.

3.      Request No. 81 asked for production of:   "Prosecution histories of the APPLE IP, including all PRIOR ART cited therein, patents related to the APPLE PATENTS-IN-SUIT, and any foreign counterpart patents, registrations, or applications to the APPLE IP or patents related to the APPLE PATENTS-IN-SUIT, including, without limitation, any reexamination and reissue applications."

4.      Request No. Request 82 sought:   "All DOCUMENTS and things relating to the preparation, filing and/or prosecution of the APPLE IP, patents related to the APPLE PATENTS-IN-SUIT, and any foreign counterpart patents or patent applications to the APPLE PATENTS-IN-SUIT or patents related to the APPLE PATENTS-IN-SUIT, including, without limitation, any reexamination and reissue applications."

5.      Request No. 97 sought:   "All DOCUMENTS and COMMUNICATIONS concerning the patentability, novelty, scope, infringement, validity, invalidity, enforceability or unenforceability of any claim in any of the APPLE IP."

6.      Request No. 98 sought:   "All DOCUMENTS and things relating to any information, including patents, publications, prior knowledge, public uses, sales, or offers for sale, that may constitute, contain, disclose, refer to, relate to, or embody any PRIOR ART to any alleged invention claimed by the APPLE IP."

7.     Apple served a written response to the First Set of Requests for Production on September 12, 2011.   A true and correct copy of Apple's Response is attached hereto as Exhibit B.   With respect to Requests 81 and 82, Apple agreed to produce responsive, non-privileged documents in its possession, custody, or control, if any, located after a reasonable search, sufficient to show file histories and prosecution documents for the asserted Apple patents. Apple objected to Requests 97 and 98, but offered to meet and confer.

8.     On December 30, 2011, Samsung served its Fifth Set of Request for Production. Request No. 362 sought:   "All DOCUMENTS RELATING to any applications or other attempts by APPLE to obtain any design patent registration for the iPad 2, whether in a foreign country or in the U.S."

9.     Apple served a written response to the Fifth Set of Requests for Production on February 3, 2012.   In response to Request 362, Apple agreed to produce publicly available United States file histories relating to the iPad 2, if any, located after a reasonable search.   Apple has declined to produce any of its unpublished applications relating to the iPad2, or any documents relating to such applications.

10.     Samsung has since at least January 2012 made good faith efforts to meet and confer in an effort to avoid a motion with respect to Apple's published and unpublished patent applications, including for the iPad2.   Attached hereto as Exhibit C are copies of correspondence relating to this issue.

11.     The parties' lead counsel met and conferred on February 6, and then again most recently, on February 14 and 15, 2012, Apple's counsel agreed that Apple would produce any patents, applications or file history for published iPad2 and other relevant design patent applications (or issued patents) no later than February 17.   Apple has yet to do so.

12.     With respect to unpublished applications, Apple's counsel stated that Apple was unwilling to produce such applications and related documentation because it believes Quinn Emanuel might use this information to advise its clients on how to design around Apple's patents.

13.     Attached hereto as Exhibit D is a true and correct copy of Apple Inc's Amended Objections and Responses to Samsung's Interrogatory No. 7 to Apple Relating to Apple Inc's Motion for a Preliminary Injunction.

14.     Attached hereto as Exhibit E are true and correct copies of excerpts from the Certified File Wrapper for U.S. Design Patent D504, 889, as produced to Samsung by Apple in this action.

15.     Attached hereto as Exhibit F is a true and correct copy of Exhibit 7 to the February 15, 2012 ITC Deposition of Christopher Stringer.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed in Los Angeles, California on March 6, 2012.


By_____
        Diane C. Hutnyan

DECLARATION OF DIANE C. HUTNYAN IN SUPPORT OF SAMSUNG'S MOTION TO COMPEL
PRODUCTION OF DOCUMENTS RELATING TO APPLE'S EFFORTS TO OBTAIN DESIGN PATENTS
RELATED TO THE PATENTS-IN-SUIT