# EXHIBIT B

# Filed Under Seal

**SUBJECT TO PROTECTIVE ORDER; CONTAINS HIGHLY CONFIDENTIAL –
OUTSIDE ATTORNEY'S EYES ONLY INFORMATION**

HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK<br><br>**APPLE INC.'S OBJECTIONS AND RESPONSES TO SAMSUNG'S FIRST SET OF REQUESTS FOR PRODUCTION** |

**SUBJECT TO PROTECTIVE ORDER; CONTAINS HIGHLY CONFIDENTIAL –
OUTSIDE ATTORNEY'S EYES ONLY INFORMATION**

1   In accordance with Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Apple Inc.

2   ("Apple") objects and responds to the First Set of Requests for Production served by Defendants

3   Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung

4   Telecommunications America, LLC (collectively "Samsung") on August 3, 2011.

5                          **<u>GENERAL OBJECTIONS</u>**

6   Apple makes the following general responses and objections ("General Objections") to

7   each definition, instruction, and request propounded in Samsung's First Set of Requests for

8   Production.  These General Objections are hereby incorporated into each specific response.  The

9   assertion of the same, similar or additional objections or partial responses to the individual

10  requests does not waive any of Apple's General Objections.

11          1.      Apple objects to Samsung's definitions of "APPLE," "PLAINTIFF," "YOU," and

12  "YOUR" to the extent they purport to include persons or entities that are separate and distinct

13  from Apple and are not under Apple's control.  "Apple" refers only to Apple Inc.

14          2.      Apple objects to Samsung's definition of "'002 PATENT" because it is inaccurate,

15  overly broad, vague, ambiguous, and unduly burdensome.  The "'002 PATENT" means U.S.

16  Patent No. 6,493,002.

17          3.      Apple objects to Samsung's definition of "'381 PATENT" because it is inaccurate,

18  overly broad, vague, ambiguous, and unduly burdensome.  The "'381 PATENT" means U.S.

19  Patent No. 7,469,381.

20          4.      Apple objects to Samsung's definition of "'607 PATENT" because it is inaccurate,

21  overly broad, vague, ambiguous, and unduly burdensome.  The "'607 PATENT" means U.S.

22  Patent No. 7,663,607.

23          5.      Apple objects to Samsung's definition of "'828 PATENT" because it is inaccurate,

24  overly broad, vague, ambiguous, and unduly burdensome.  The "'828 PATENT" means U.S.

25  Patent No. 7,812,828.

26          6.      Apple objects to Samsung's definition of "'915 PATENT" because it is inaccurate,

27  overly broad, vague, ambiguous, and unduly burdensome.  The "'915 PATENT" means U.S.

28  Patent No. 7,844,915.

1

APPLE INC.'S OBJECTIONS AND RESPONSES TO SAMSUNG'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO. 11-CV-01846-LHK
sf-3044614

7.     Apple objects to Samsung's definition of "'891 PATENT" because it is inaccurate, overly broad, vague, ambiguous, and unduly burdensome.  The "'891 PATENT" means U.S. Patent No. 7,853,891.

8.     Apple objects to Samsung's definition of "'163 PATENT" because it is inaccurate, overly broad, vague, ambiguous, and unduly burdensome.  The "'163 PATENT" means U.S. Patent No. 7,864,163.

9.     Apple objects to Samsung's definition of "'129 PATENT" because it is inaccurate, overly broad, vague, ambiguous, and unduly burdensome.  The "'129 PATENT" means U.S. Patent No. 7,920,129.

10.     Apple objects to Samsung's definition of "APPLE UTILITY PATENTS" because it is inaccurate, overly broad, vague, ambiguous, and unduly burdensome.  The phrase "APPLE UTILITY PATENTS" means U.S. Patent Nos. 6,493,002; 7,469,381; 7,663,607; 7,812,828; 7,844,915; 7,853,891; 7,864,163; and 7,920,129.

11.     Apple objects to Samsung's definition of "D'790 PATENT" because it is inaccurate, overly broad, vague, ambiguous, and unduly burdensome.  The "'D'790 PATENT" means U.S. Design Patent No. D627,790.

12.     Apple objects to Samsung's definition of "D'334 PATENT" because it is inaccurate, overly broad, vague, ambiguous, and unduly burdensome.  The "'D'334 PATENT" means U.S. Design Patent No. D617,334.

13.     Apple objects to Samsung's definition of "D'305 PATENT" because it is inaccurate, overly broad, vague, ambiguous, and unduly burdensome.  The "'D'305 PATENT" shall mean U.S. Design Patent No. D604,305.

14.     Apple objects to Samsung's definition of "'D'087 PATENT" because it is inaccurate, overly broad, vague, ambiguous, and unduly burdensome.  The "'D'087 PATENT" shall mean U.S. Design Patent No. D593,087.

15.     Apple objects to Samsung's definition of "'D'677 PATENT" because it is inaccurate, overly broad, vague, ambiguous, and unduly burdensome.  The "'D'677 PATENT" shall mean U.S. Design Patent No. D618,677.

APPLE INC'S OBJECTIONS AND RESPONSES TO SAMSUNG'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO. 11-cv-01846-LHK
sf-3039157

2

1       16.     Apple objects to Samsung's definition of "'D'270 PATENT" because it is

2   inaccurate, overly broad, vague, ambiguous, and unduly burdensome.  The "'D'270 PATENT"

3   means U.S. Design Patent No. D622,270.

4       17.     Apple objects to Samsung's definition of "'D'889 PATENT" because it is

5   inaccurate, overly broad, vague, ambiguous, and unduly burdensome.  The "'D'889 PATENT"

6   shall mean U.S. Design Patent No. D504,889.

7       18.     Apple objects to Samsung's definition of "APPLE DESIGN PATENTS" because

8   it is inaccurate, overly broad, vague, ambiguous, and unduly burdensome.  The phrase "APPLE

9   DESIGN PATENTS" means U.S. Design Patent Nos. D627,790; D617,334; D604,305;

10   D593,087; and D618,677.

11       19.     Apple objects to Samsung's definition of "APPLE PATENTS-IN-SUIT" to the

12   extent it incorporates other definitions to which Apple objects.

13       20.     Apple objects to Samsung's definition of "PRIOR ART" as inaccurate, overly

14   broad, vague, ambiguous, and unduly burdensome.  Samsung's definition is particularly vague

15   and ambiguous in its use of the phrase "relevant to the validity."

16       21.     Apple objects to Samsung's definition of "APPLE TRADE DRESS" because it is

17   inaccurate, overly broad, vague, ambiguous, and unduly burdensome.  The phrase "APPLE

18   TRADE DRESS" means the trade dress described in U.S. Reg. Nos. 3,470,983; 3,457,218; and

19   3,475,327; and U.S. App. Serial Nos. 77/921,838; 77/921,829; 77/921,869; and U.S. App. Serial

20   No. 85/299,118; and those common law trade dress rights owned by Apple as described in ¶¶ 57-

21   68 of Apple's Amended Complaint, (D.N. 76), filed June 16, 2011.

22       22.     Apple objects to Samsung's definition of "APPLE TRADEMARKS" because it is

23   inaccurate, overly broad, vague, ambiguous, and unduly burdensome.  The phrase "APPLE

24   TRADEMARKS" means the trademarks registered in U.S. Trademark Registration Nos.

25   3,886,196; 3,889,642; 3,886,200; 3,889,685; 3,886,169; 3,886,197; and 2,935,038; and the

26   trademark covered by U.S. Application Serial No. 85/041,463.

27       23.     Apple objects to Samsung's definition of "APPLE IP" to the extent it incorporates

28   other definitions to which Apple objects.

24.     Apple objects to Samsung's definition of "APPLE ACCUSED PRODUCTS" to the extent it is overly broad and unduly burdensome and to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Apple further objects to Samsung's definition of "Apple Accused Products" to the extent that it requires a legal conclusion.  For purposes of responding to these Requests, Apple interprets the term "Apple Accused Products" to mean Apple iPhone 3G, Apple iPhone 3GS, Apple iPhone 4, iPod touch, iPad, iPad 3G, iPad 2, and iPad 2 3G.

25.     Apple objects to these requests to the extent they incorporate Samsung's definition of "RELATING."  Samsung's definition of this term renders each request incorporating the term overly broad, vague, ambiguous, and unduly burdensome.

26.     Apple objects to Samsung's definition of "SAMSUNG ACCUSED PRODUCTS" to the extent that it purports to place any limitation on the devices that are accused of infringing Apple's intellectual property rights.

27.     Apple objects to Samsung's definition of "COMMUNICATION" or "COMMUNICATIONS" as overly broad, vague, ambiguous, and unduly burdensome.  Apple further objects to the phrase "any transmittal, conveyance or exchange of a word, statement, fact, thing, idea, Document, instruction, information, demand, question or other information by any medium, whether by written, oral or other means" to the extent Samsung seeks to include communications as to which no documentary record exists.

28.     Apple objects to Samsung's definition of "DOCUMENT" and "DOCUMENTS" as overly broad, vague, ambiguous, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  "DOCUMENT" shall have the meaning ascribed to it by Federal Rule of Civil Procedure 34 and Federal Rule of Evidence 1001.

29.     Apple objects to Samsung's definition of "IDENTIFY" because it is overly broad, vague, ambiguous, and unduly burdensome, especially because it purports to impose requirements and obligations on Apple other than as set forth in the Federal Rules of Civil Procedure.  Samsung's definition is overbroad and unduly burdensome because it would require Apple to include in its responses, for example, the addresses, employer names, and job titles of

APPLE INC'S OBJECTIONS AND RESPONSES TO SAMSUNG'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO. 11-cv-01846-LHK
sf-3039157

4

1   every individual identified, regardless of their employment at Apple, and names/numbers,

2   manufacturers, sellers, and descriptions for any product identified in Apple's responses,

3   regardless of whether the product is an Apple product.

4         30.    Apple objects to Samsung's definitions of "any," "all," "every," "each," "and,"

5   "or," and "and/or" as overly broad, vague, ambiguous, unduly burdensome, and not reasonably

6   calculated to lead to the discovery of admissible evidence.  Apple further objects to these

7   definitions because, according to Samsung, the terms "bring within the scope of these requests for

8   production all responses that might otherwise be construed to be outside of their scope," which

9   would mean even non-responsive and cumulative documents would fall within the scope of

10  Samsung's requests.  Apple further objects because it is impossible to represent, even after

11  diligent search and consideration, that "any," "all," "every," or "each" document has been located

12  to respond to Samsung's requests.

13        31.    Apple objects to Samsung's definition of "referring to," "relating to,"

14  "concerning" or "regarding" as overly broad, vague, ambiguous, unduly burdensome, and not

15  reasonably calculated to lead to the discovery of admissible evidence.

16        32.    Apple objects to the definition of "Software" as overly broad, vague, ambiguous,

17  and unduly burdensome, especially with regards to the term "listings."  Apple further objects

18  because much of the uncompiled "hardware code, machine code, assembly code" for hardware

19  provided by third parties is not within Apple's possession, custody or control.

20        33.    Apple objects to Samsung's instruction requiring that drafts of documents must be

21  produced "without abbreviation or redaction" to the extent that it calls for production of any

22  documents protected from discovery by the attorney-client privilege, the work product doctrine,

23  or any other applicable privilege or immunity.

24        34.    Apple objects to Samsung's instructions requiring the identification of information

25  pertaining to documents that are withheld on the basis of a claim of privilege or immunity from

26  discovery to the extent that it purports to impose any requirement or obligation on Apple other

27  than as set forth in the Federal Rules of Civil Procedure or agreed to by the parties.  Apple further

28  objects to Samsung's request for privilege logs within "10 days of the date on which the answers

APPLE INC'S OBJECTIONS AND RESPONSES TO SAMSUNG'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO. 11-cv-01846-LHK
sf-3039157

5

1   and objections to these requests are due." Privilege logs will be produced in accordance with the

2   Court's schedule and the applicable Federal Rules.

3         35.     Apple also reserves the right to object to these requests on any additional grounds.

4         36.     Apple objects to the Requests to the extent that they call for information or

5   documents protected from disclosure by the attorney-client privilege, the attorney work product

6   doctrine, the joint defense or common interest privilege, or any other applicable privilege,

7   doctrine, or discovery immunity.  The inadvertent production by Apple of documents containing

8   information protected from disclosure by any such privilege, doctrine or immunity shall not

9   constitute a waiver by Apple of such privileges or protections.  Pursuant to the parties' agreement,

10   to the extent the Requests calls for the production of documents dated after April 15, 2011 that

11   are protected by such privilege, doctrine, or immunity, such documents will not be included on

12   Apple's privilege log.

13         37.     Apple objects to any Request to the extent it is premature and/or to the extent that

14   it: (a) conflicts with any schedule entered by the Court; (b) conflicts with obligations that are

15   imposed by the Federal Rules of Civil Procedure, the Civil Local Rules, the Patent Local Rules of

16   this Court, and/or any other applicable rules; (c) seeks information that is the subject of expert

17   testimony; (d) seeks information and/or responses that are dependent on the Court's construction

18   of the asserted claims of the patents-in-suit; and/or (e) seeks information and/or responses that are

19   dependent on depositions and documents that have not been taken or produced.

20         38.     Apple's investigation in this matter is continuing, and Apple will provide the

21   information known to it at the present time.  Apple reserves the right to supplement its responses

22   pursuant to Rule 26(e) with different or additional information obtained during the course of

23   discovery.

24         39.     Apple's responses to these Requests are made without waiver and with the

25   preservation of:  all issues as to the competency, relevancy, materiality, privilege, and

26   admissibility of the responses and the subject matter thereof for any purpose and in any further

27   proceeding in this litigation and in any other action or matter; the right to object to the use of any

28   such responses or the subject matter thereof on any ground in any further proceeding in this

1   litigation and in any other action or matter; the right to object on any ground at any time to a

2   demand or request for further response; and the right at any time to review, correct, add to,

3   supplement, or clarify any of the responses contained herein.

4        40.    None of Apple's objections or responses is an admission as to the existence of any

5   documents, the relevance or admissibility of any documents, or the truth or accuracy of any

6   statement or characterization contained in any request.

7        41.    Apple objects to the Requests to the extent that they seek documents not relevant

8   to the claims or defenses of any party in this litigation and are not reasonably calculated to lead to

9   the discovery of admissible evidence.

10       42.    Apple objects to the Requests to the extent that they purport to define words or

11   phrases to have a meaning different from their commonly understood meaning, or to include more

12   than their commonly understood definitions.

13       43.    Apple will make, and has made, reasonable efforts to respond to these Requests, to

14   the extent that no objection is made, as Apple reasonably understands and interprets each

15   Request.  If Samsung subsequently asserts any interpretation of any Request that differs from the

16   interpretation of Apple, then Apple reserves the right to supplement and amend its objections and

17   responses.

18       44.    Apple objects to the Requests to the extent they are not limited in time and seek

19   documents for periods of time that are not relevant to any claim or defense.

20       45.    Apple objects to any Request that seeks irrelevant documents about Apple's

21   products or business operations.  Such requests are overbroad and unduly burdensome.  Apple

22   will only produce documents that are relevant to the patents-in-suit, or that are otherwise related

23   to the claims or defenses of the parties asserted by the parties in this litigation.

24       46.    Apple objects to the Requests to the extent that they seek documents that are

25   already in Samsung's possession, are in the public domain, or are equally available to Samsung.

26       47.    To the extent that the Requests seek trade secrets or confidential commercial or

27   technical information, including information covered by confidentiality agreements between

28

1   Apple and any third party, Apple will produce such document(s) subject to the Protective Order

2   and subject to notice to third parties, as necessary.

3       48.     Apple objects to the Requests to the extent they seek documents that are not in the

4   possession, custody, or control of Apple, purport to require Apple to speculate about the identity

5   of persons who might have responsive documents, and/or purport to call for documents that

6   Apple no longer possesses and/or was under no obligation to maintain.

7       Subject to the foregoing qualifications and General Objections and the specific objections

8   made below, Apple objects and responds to Samsung's First Set of Requests for Production as

9   follows:

10                          **SPECIFIC OBJECTIONS AND RESPONSES**

11      Subject to the specific objections below, Apple will conduct a reasonable search for

12  relevant and responsive documents.  In appropriate cases, Apple may limit its search for

13  responsive documents to the files of a reasonable number of specific Apple custodians who are

14  reasonably expected to have relevant documents.  Apple will employ reasonable means, such as

15  the use of electronic search terms, date limitations, and sampling, as part of the process of

16  identifying relevant information.  Apple is prepared to disclose the parameters of its searches,

17  including the names of custodians from whom it has collected documents, search terms used, and

18  other information, on a reciprocal basis.

19  **REQUEST FOR PRODUCTION NO. 1:**

20      Two fully operational exemplars of each of the APPLE ACCUSED PRODUCTS.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

22      Apple objects to this request on grounds that it seeks the production of things that are

23  publicly available.  Apple furthers objects to the term "fully operational" as undefined and,

24  therefore, vague and ambiguous.  Subject to and without waiving the foregoing General and

25  Specific Objections, Apple is willing to meet and confer to discuss the mutual exchange of an

26  agreed upon number of samples of each accused shipping Apple and Samsung product.

27

28

**REQUEST FOR PRODUCTION NO. 2:**

DOCUMENTS sufficient to show the model number of each APPLE ACCUSED PRODUCT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Apple objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Apple further objects to this request to the extent that it seeks the production of documents and things that are publicly available.

Subject to and without waiving the foregoing General and Specific Objections, Apple has produced or will produce responsive, non-privileged documents sufficient to show the requested information.

**REQUEST FOR PRODUCTION NO. 3:**

DOCUMENTS sufficient to correlate the model number of each APPLE ACCUSED PRODUCT with any and all other internal numbers or designations associated with that product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Apple objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Apple further objects to the term "internal numbers or designations" as undefined and, therefore, vague and ambiguous.

Subject to and without waiving the foregoing General and Specific Objections, Apple has produced or will produce responsive, non-privileged documents sufficient to show the requested information.

**REQUEST FOR PRODUCTION NO. 4:**

DOCUMENTS sufficient to correlate any technical documentation concerning each APPLE ACCUSED PRODUCT with marketing and financial documentation (*e.g.*, documents showing unit sales, revenues, etc.) associated with that product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Apple objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Apple further objects to the term "concerning" to the extent that it fails to provide reasonable particularity as to the scope of the

APPLE INC'S OBJECTIONS AND RESPONSES TO SAMSUNG'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO. 11-cv-01846-LHK
sf-3039157

9

1  documents sought.  Apple further objects to the phrase "sufficient to correlate any technical

2  documentation concerning each APPLE ACCUSED PRODUCT with marketing and financial

3  documentation" as vague and ambiguous.

4      Subject to and without waiving the foregoing General and Specific Objections, Apple is

5  willing to meet and confer to discuss the scope and relevance of the documents sought by

6  Samsung.

7  **REQUEST FOR PRODUCTION NO. 5:**

8      All DOCUMENTS concerning any of the SAMSUNG PATENTS-IN-SUIT, including

9  DOCUMENTS concerning any analyses of the SAMSUNG PATENTS-IN-SUIT.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

11      Apple objects to this request to the extent that it seeks information that is neither relevant

12  nor reasonably calculated to lead to the discovery of admissible evidence, and is beyond the scope

13  of discovery permitted by Rules 26 and 34.  Apple furthers objects to the term "concerning" to

14  the extent that it fails to identify with reasonable particularity the scope of the documents sought.

15  Apple further objects to this request to the extent that it seeks documents and things protected

16  from disclosure by the attorney-client privilege, work product doctrine, joint defense or common

17  interest privilege, or other applicable privilege, doctrine, or immunity.

18      Subject to and without waiving the foregoing General and Specific Objections, Apple has

19  produced or will produce responsive, non-privileged documents in its possession, custody, or

20  control, if any, located after a reasonable search as discussed in more detail above.

21  **REQUEST FOR PRODUCTION NO. 6:**

22      DOCUMENTS, including, any charts, schematics, drawing or figures, sufficient to show

23  the manufacturer(s) for each APPLE ACCUSED PRODUCT in the past five years, including the

24  location of manufacture, the volume of manufacture, and the time period during which such

25  manufacture occurred.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

27      Apple objects to this request as overly broad, unduly burdensome, and not reasonably

28  calculated to lead to the discovery of admissible evidence.  Apple further objects to the phrase

APPLE INC'S OBJECTIONS AND RESPONSES TO SAMSUNG'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO. 11-cv-01846-LHK
sf-3039157

10

1    "volume of manufacture" as vague and ambiguous.  Apple further objects that the term

2    "manufacturer(s)" is vague and overbroad in context.

3         Subject to and without waiving the foregoing General and Specific Objections, Apple is

4    willing to meet and confer to discuss the scope and relevance of the documents sought by

5    Samsung.

6    **REQUEST FOR PRODUCTION NO. 7:**

7         For each sale of an APPLE ACCUSED PRODUCT, DOCUMENTS sufficient to show

8    when, where, and by whom the APPLE ACCUSED PRODUCT was sold.

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

10        Apple objects to this request on the grounds that it is overbroad and unduly burdensome,

11   and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of

12   admissible evidence.  Apple further objects to this request on the grounds that it is unlimited in

13   time.

14        Subject to and without waiving the foregoing General and Specific Objections, Apple has

15   produced or will produce responsive, non-privileged financial data sufficient to show Apple's

16   U.S. sales of accused products over the relevant time period.

17   **REQUEST FOR PRODUCTION NO. 8:**

18        DOCUMENTS sufficient to show the place of manufacture and the place of sale for each

19   unit of each APPLE ACCUSED PRODUCT and the dollar amount of sales associated with such

20   unit.

21   **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

22        Apple objects to this request on the grounds that it is overbroad and unduly burdensome,

23   and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of

24   admissible evidence.  Apple further objects to this request on the grounds that it is unlimited in

25   time.

26        Subject to and without waiving the foregoing General and Specific Objections, Apple has

27   produced or will produce responsive, non-privileged financial data sufficient to show Apple's

28

1    U.S. sales of accused products over the relevant time period and non-privileged documents

2    regarding place of manufacture of such products.

3    **REQUEST FOR PRODUCTION NO. 9:**

4         All DOCUMENTS relating to or evidencing any Licenses, or the negotiation thereof,

5    relating to the APPLE ACCUSED PRODUCTS or the technology claimed or disclosed by the

6    SAMSUNG PATENTS-IN-SUIT.

7    **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

8         Apple objects to this request as overly broad, unduly burdensome, and not reasonably

9    calculated to lead to the discovery of admissible evidence.  Apple further objects to the phrases

10   "relating to or evidencing any Licenses" and "claimed or disclosed by the SAMSUNG

11   PATENTS-IN-SUIT" to the extent that they fail to provide reasonable particularity as to the

12   scope of the documents sought and require a legal conclusion to interpret.  Apple further objects

13   to this request to the extent that it seeks documents and things protected from disclosure by the

14   attorney-client privilege, work product doctrine, joint defense or common interest privilege, or

15   other applicable privilege, doctrine, or immunity.

16        Subject to and without waiving the foregoing General and Specific Objections, Apple is

17   willing to meet and confer to discuss the scope and relevance of the documents sought by

18   Samsung.

19   **REQUEST FOR PRODUCTION NO. 10:**

20        All DOCUMENTS concerning any COMMUNICATIONS with third parties regarding

21   SAMSUNG patents or licenses under SAMSUNG patents, including any communications with

22   Intel, Infineon and/or Qualcomm.

23   **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

24        Apple objects to this request on the grounds that it is overbroad, unduly burdensome, and

25   seeks information that is neither relevant nor reasonably calculated to lead to the discovery of

26   admissible evidence, especially insofar as it seeks documents regarding Samsung patents not at

27   issue in this lawsuit.  Apple further objects to the term "concerning" to the extent that it fails to

28   provide reasonable particularity as to the scope of the documents sought.  Apple further objects to

1   this request to the extent that it seeks documents and things protected from disclosure by the

2   attorney-client privilege, work product doctrine, joint defense or common interest privilege, or

3   other applicable privilege, doctrine, or immunity.

4        Subject to and without waiving the foregoing General and Specific Objections, Apple has

5   produced or will produce responsive, non-privileged documents in its possession, custody, or

6   control, if any, located after a reasonable search as discussed in more detail above.

7   **REQUEST FOR PRODUCTION NO. 11:**

8        All licenses in which You have received or conveyed rights under a patent relating to the

9   APPLE ACCUSED PRODUCTS.

10   **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

11        Apple objects to this request as overly broad, unduly burdensome, and not reasonably

12   calculated to lead to the discovery of admissible evidence, especially insofar as it seeks

13   documents regarding patents, components and/or functionality not at issue in this lawsuit.  Apple

14   further objects to the term "relating" to the extent that it fails to provide reasonable particularity

15   as to the scope of the documents sought.

16        Subject to and without waiving the foregoing General and Specific Objections, Apple is

17   willing to meet and confer to discuss the scope and relevance of the documents sought by

18   Samsung.

19   **REQUEST FOR PRODUCTION NO. 12:**

20        All Licenses, whether You are the licensor or licensee, relating to any of the APPLE

21   ACCUSED PRODUCTS, including but not limited to licenses relating to the technologies

22   claimed or disclosed by the SAMSUNG PATENTS-IN-SUIT.

23   **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

24        Apple objects to this request as overly broad, unduly burdensome, and not reasonably

25   calculated to lead to the discovery of admissible evidence, especially insofar as it seeks

26   documents regarding licenses related to technology, components, and/or functionality not at issue

27   in this lawsuit.  Apple further objects to the term "relating" to the extent that it fails to provide

28   reasonable particularity as to the scope of the documents sought.  Apple further objects to the

APPLE INC'S OBJECTIONS AND RESPONSES TO SAMSUNG'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO. 11-cv-01846-LHK
sf-3039157

13

1   phrase "claimed or disclosed by the SAMSUNG PATENTS-IN-SUIT" to the extent that it fails to

2   provide reasonable particularity as to the scope of the documents sought and requires a legal

3   conclusion to interpret.

4        Subject to and without waiving the foregoing General and Specific Objections, Apple is

5   willing to meet and confer to discuss the scope and relevance of the documents sought by

6   Samsung.

7   **REQUEST FOR PRODUCTION NO. 13:**

8        All licenses on which you intend to rely for any purpose in This Lawsuit.

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

10        Apple objects to this request to the extent that it seeks documents that Apple is

11   contractually obligated not to disclose.  Apple will produce such responsive, non-privileged

12   documents only after Apple satisfies its notice obligations to pertinent parties.

13        Subject to and without waiving the foregoing General and Specific Objections, Apple has

14   produced or will produce responsive, non-privileged documents in its possession, custody, or

15   control, if any, located after a reasonable search as discussed in more detail above.

16   **REQUEST FOR PRODUCTION NO. 14:**

17        DOCUMENTS sufficient to identify any databases for storing data relating to any of the

18   APPLE ACCUSED PRODUCTS.

19   **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

20        Apple objects to this request on the grounds that it is overly broad, unduly burdensome,

21   vague, ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead

22   to the discovery of admissible evidence.  Apple further objects to the terms "relating" and "any

23   databases" to the extent that they fail to provide reasonable particularity as to the scope of the

24   documents sought.

25        Subject to and without waiving the foregoing General and Specific Objections, Apple is

26   willing to meet and confer to discuss the scope and relevance of the documents sought by

27   Samsung.

28

APPLE INC'S OBJECTIONS AND RESPONSES TO SAMSUNG'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO. 11-cv-01846-LHK
sf-3039157

14

1    **REQUEST FOR PRODUCTION NO. 15:**

2         All DOCUMENTS related to the use, operation, intended operation, or intended use of the

3    APPLE ACCUSED PRODUCTS by consumers, including, but not limited to, instructions, user

4    manuals, service manuals, training materials, packaging materials, marketing materials, or any

5    materials used to assist consumers to use the APPLE ACCUSED PRODUCTS.

6    **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

7         Apple objects to this request on the grounds that it is overly broad, unduly burdensome,

8    vague and ambiguous, and seeks information that is neither relevant nor reasonably calculated to

9    lead to the discovery of admissible evidence, including without limitation because it seeks

10   documents regarding components and/or functionality not at issue in this lawsuit. Apple further

11   objects to the terms "intended operation" and "intended use" as vague and ambiguous. Apple

12   further objects to this request to the extent that it seeks documents and things protected from

13   disclosure by the attorney-client privilege, work product doctrine, joint defense or common

14   interest privilege, or other applicable privilege, doctrine, or immunity.

15        Subject to and without waiving the foregoing General and Specific Objections, Apple has

16   produced or will produce responsive, non-privileged samples of documents in its possession,

17   custody, or control, if any, located after a reasonable search, regarding accused functionality.

18   **REQUEST FOR PRODUCTION NO. 16:**

19        All DOCUMENTS used in the design and development of each of the APPLE ACCUSED

20   PRODUCTS, including, without limitation, all notebooks, diagrams, progress reports, studies,

21   internal memoranda, contracts for services, and COMMUNICATIONS.

22   **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

23        Apple objects to this request on the grounds that it is overly broad, unduly burdensome,

24   vague and ambiguous, and seeks information that is neither relevant nor reasonably calculated to

25   lead to the discovery of admissible evidence, including without limitation because it seeks

26   documents regarding components and/or functionality not at issue in this lawsuit. Apple further

27   objects to the term "relating to" to the extent that it fails to provide reasonable particularity as to

28   the scope of the documents sought. Apple further objects to this request to the extent that it seeks

1   documents and things protected from disclosure by the attorney-client privilege, work product

2   doctrine, joint defense or common interest privilege, or other applicable privilege, doctrine, or

3   immunity.

4        Subject to and without waiving the foregoing General and Specific Objections, Apple is

5   willing to meet and confer to discuss the scope and relevance of the documents sought by

6   Samsung.

7   **REQUEST FOR PRODUCTION NO. 17:**

8        All DOCUMENTS relating to whether You infringe the SAMSUNG PATENTS-IN-

9   SUIT, including, without limitation, all DOCUMENTS relating to any investigation or analysis

10  thereof.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

12       Apple objects to this request on the grounds that it is overly broad, unduly burdensome,

13  vague and ambiguous, and seeks information that is neither relevant nor reasonably calculated to

14  lead to the discovery of admissible evidence.  Apple further objects to the phrase "relating to

15  whether You infringe" as vague and ambiguous and failing to provide reasonable particularity as

16  to the scope of the documents sought.  Apple further objects to this request to the extent that it

17  requires a legal conclusion to identify the documents sought.  Apple further objects to this request

18  to the extent that it seeks documents and things protected from disclosure by the attorney-client

19  privilege, work product doctrine, joint defense or common interest privilege, or other applicable

20  privilege, doctrine, or immunity.

21       Subject to and without waiving the foregoing General and Specific Objections, Apple has

22  produced or will produce responsive, non-privileged documents in its possession, custody, or

23  control, if any, located after a reasonable search on which it intends to rely to demonstrate non-

24  infringement.

25  **REQUEST FOR PRODUCTION NO. 18:**

26       All DOCUMENTS relating to Your contention, if any, that the SAMSUNG PATENTS-

27  IN-SUIT are invalid, including, without limitation, all DOCUMENTS relating to any

28  investigation or analysis thereof.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Apple objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Apple further objects to the term "relating to" to the extent that it fails to provide reasonable particularity as to the scope of the documents sought. Apple further objects to the request to the extent that it requires a legal conclusion to identify the documents sought. Apple further objects to this request as premature, especially insofar as it conflicts with the schedule set by the Court. Apple further objects to this request to the extent that it seeks documents and things protected from disclosure by the attorney-client privilege, work product doctrine, joint defense or common interest privilege, or other applicable privilege, doctrine, or immunity.

Subject to and without waiving the foregoing specific objections and General Statement and Objections, Apple has produced or will produce responsive, non-privileged documents in its possession, custody, or control, if any, located after a reasonable search on which it intends to rely to demonstrate invalidity.

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS relating to any PRIOR ART search concerning the SAMSUNG PATENTS-IN-SUIT, including search requests, reports, analyses, and references located.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Apple objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Apple further objects to the terms "relating to" and "concerning" to the extent that they fails to provide reasonable particularity as to the scope of the documents sought. Apple further objects to this request to the extent that it seeks documents and things protected from disclosure by the attorney-client privilege, work product doctrine, joint defense or common interest privilege, or other applicable privilege, doctrine, or immunity.

APPLE INC'S OBJECTIONS AND RESPONSES TO SAMSUNG'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO. 11-cv-01846-LHK
sf-3039157

17

1     Subject to and without waiving the foregoing General and Specific Objections, Apple has

2     produced or will produce responsive, non-privileged documents in its possession, custody, or

3     control, if any, located after a reasonable search as discussed in more detail above.

4     **REQUEST FOR PRODUCTION NO. 20:**

5     All English language patents or publications on which You intend to rely for any purpose

6     in this Lawsuit including as PRIOR ART to any of the SAMSUNG PATENTS-IN-SUIT.

7     **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

8     Apple objects to this request as overly broad, unduly burdensome, and not reasonably

9     calculated to lead to the discovery of admissible evidence.  Apple further objects to this request as

10    premature, especially insofar as it conflicts with the schedule set by the Court.  Apple further

11    objects to this request to the extent that it seeks documents and things protected from disclosure

12    by the attorney-client privilege, work product doctrine, joint defense or common interest

13    privilege, or other applicable privilege, doctrine, or immunity.

14    In accordance with the Patent Local Rules and the schedule set by the Court, and subject

15    to and without waiving the foregoing General and Specific Objections, Apple has produced or

16    will produce responsive, non-privileged English language patents and publications on which it

17    intends to rely as prior art located after a reasonable search as discussed in more detail above.

18    **REQUEST FOR PRODUCTION NO. 21:**

19    All English translations of any foreign patent or publication on which You intend to rely

20    for any purpose in This Lawsuit including as PRIOR ART to any of the SAMSUNG PATENTS-

21    IN-SUIT.

22    **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

23    Apple objects to this request to the extent that it purports to impose an obligation on

24    Apple to obtain English translations of documents on behalf of Samsung.  Apple further objects

25    to the request to the extent that it requires a legal conclusion to identify the documents sought.

26    Apple further objects to this request as premature, especially insofar as it conflicts with the

27    schedule set by the Court.  Apple further objects to this request to the extent that it seeks

28    documents and things protected from disclosure by the attorney-client privilege, work product

APPLE INC'S OBJECTIONS AND RESPONSES TO SAMSUNG'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO. 11-cv-01846-LHK
sf-3039157

18

1    doctrine, joint defense or common interest privilege, or other applicable privilege, doctrine, or

2    immunity.

3          In accordance with the Patent Local Rules and the schedule set by the Court, and subject

4    to and without waiving the foregoing General and Specific Objections, Apple has produced or

5    will produce responsive, non-privileged, non-work product English language translations of

6    foreign patents and publications on which it intends to rely as prior art, if any, located after a

7    reasonable search.

8    **REQUEST FOR PRODUCTION NO. 22:**

9          All DOCUMENTS relating to devices, products, systems, apparatuses, or other

10   instrumentalities that You contend are PRIOR ART to one or more of the SAMSUNG

11   PATENTS-IN-SUIT.

12   **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

13         Apple objects to this request as overly broad, unduly burdensome, and not reasonably

14   calculated to lead to the discovery of admissible evidence.  Apple further objects to this request as

15   premature, especially insofar as it conflicts with the schedule set by the Court.  Apple further

16   objects to this request to the extent that it seeks documents and things protected from disclosure

17   by the attorney-client privilege, work product doctrine, joint defense or common interest

18   privilege, or other applicable privilege, doctrine, or immunity.

19         In accordance with the Patent Local Rules and the schedule set by the Court, and subject

20   to and without waiving the foregoing General and Specific Objections, Apple has produced or

21   will produce responsive, non-privileged documents on which it intends to rely as prior art, if any,

22   located after a reasonable search.

23   **REQUEST FOR PRODUCTION NO. 23:**

24         All DOCUMENTS that demonstrate or evidence any alleged prior conception and/or

25   reduction to practice of the subject matter claimed in the SAMSUNG PATENTS-IN-SUIT.

26   **RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

27         Apple objects to this request as premature, especially insofar as it conflicts with the

28   schedule set by the Court.  Apple further objects to this request to the extent that it seeks

1  documents and things protected from disclosure by the attorney-client privilege, work product

2  doctrine, joint defense or common interest privilege, or other applicable privilege, doctrine, or

3  immunity.

4       Subject to and without waiving the foregoing General and Specific Objections, Apple has

5  produced or will produce responsive, non-privileged documents in its possession, custody, or

6  control, if any, located after a reasonable search as discussed in more detail above.

7  **REQUEST FOR PRODUCTION NO. 24:**

8       All DOCUMENTS that You rely on or intend to rely in support of any of Your claims or

9  defenses in This Lawsuit, or may offer or will offer as evidence in This Lawsuit.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

11       Apple objects to this request as premature, especially insofar as it conflicts with the

12  schedule set by the Court.  Apple further objects to this request to the extent that it seeks

13  documents and things protected from disclosure by the attorney-client privilege, work product

14  doctrine, joint defense or common interest privilege, or other applicable privilege, doctrine, or

15  immunity.

16       Subject to and without waiving the foregoing General and Specific Objections, Apple has

17  produced or will produce responsive, non-privileged documents in its possession, custody, or

18  control, if any, located after a reasonable search as discussed in more detail above.

19  **REQUEST FOR PRODUCTION NO. 25:**

20       DOCUMENTS sufficient to determine the following on a monthly or quarterly basis from

21  April 15, 2005 for the APPLE ACCUSED PRODUCTS, including components thereof:

22       a.     Total gross and net revenues (by product, customer, period and location);

23       b.     Total quantity of units sold (by product, customer, period and location);

24       c.     Cost of goods sold, including but not limited to, direct purchases, direct labor,

25  indirect and/or overhead costs, and any allocation of those direct, indirect and/or overhead costs

26  to the APPLE ACCUSED PRODUCTS;

27       d.     Actual total cost or variances from standard costs;

28       e.     Gross and net profits; and

APPLE INC'S OBJECTIONS AND RESPONSES TO SAMSUNG'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO. 11-cv-01846-LHK
sf-3039157

20

1    f.    All costs other than standard costs, including but not limited to, selling,

2  advertising, general and administrative expenses, and any allocation of those expenses to the

3  APPLE ACCUSED PRODUCTS.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

5    Apple objects to this request as overly broad, unduly burdensome, and not reasonably

6  calculated to lead to the discovery of admissible evidence.

7    Subject to and without waiving the foregoing General and Specific Objections, Apple has

8  produced or will produce responsive, non-privileged documents in its possession, custody, or

9  control, if any, located after a reasonable search, sufficient to show U.S. sales of accused products

10  over the relevant time period, including information related to revenue and profitability.

11  **REQUEST FOR PRODUCTION NO. 26:**

12    All DOCUMENTS relating to when and how You first became aware of each of the

13  SAMSUNG PATENTS-IN-SUIT.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

15    Apple objects to this request as overly broad, unduly burdensome, and not reasonably

16  calculated to lead to the discovery of admissible evidence.  Apple further objects to the term

17  "relating to" to the extent that it fails to provide reasonable particularity as to the scope of

18  documents sought.  Apple further objects to this request to the extent that it purports to require the

19  production of documents and things protected from disclosure by the attorney-client privilege,

20  work product doctrine, joint defense or common interest privilege, or any other applicable

21  privilege, doctrine, or immunity.

22    Subject to and without waiving the foregoing General and Specific Objections, Apple has

23  produced or will produce responsive, non-privileged documents in its possession, custody, or

24  control, if any, located after a reasonable search as discussed in more detail above.

25  **REQUEST FOR PRODUCTION NO. 27:**

26    All DOCUMENTS reflecting COMMUNICATIONS concerning the SAMSUNG

27  PATENTS-IN-SUIT or other Samsung patents.

28

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

2         Apple objects to this request as overly broad, unduly burdensome, and not reasonably

3    calculated to lead to the discovery of admissible evidence, especially insofar as it seeks

4    documents regarding Samsung patents not at issue in this lawsuit.  Apple further objects to this

5    Request to the extent that it is cumulative and duplicative of other requests, and incorporates

6    herein the objections made in those requests. Apple further objects to the terms "reflecting" and

7    "concerning" to the extent that they fail to provide reasonable particularity as to the scope of the

8    documents sought.  Apple further objects to this request to the extent that it purports to require the

9    production of documents and things protected from disclosure by the attorney-client privilege,

10   attorney work product doctrine, joint defense or common interest privilege, or any other

11   applicable privilege, doctrine, or immunity.

12        Subject to and without waiving the foregoing General and Specific Objections, Apple has

13   produced or will produce responsive, non-privileged documents in its possession, custody, or

14   control, if any, located after a reasonable search as discussed in more detail above.

15   **REQUEST FOR PRODUCTION NO. 28:**

16        All DOCUMENTS reflecting COMMUNICATIONS concerning This Lawsuit.

17   **RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

18        Apple objects to this request as overly broad, unduly burdensome, and not reasonably

19   calculated to lead to the discovery of admissible evidence.  Apple further objects to the terms

20   "reflecting" and "concerning" to the extent that they fail to provide reasonable particularity as to

21   the scope of the documents sought.  Apple further objects to this request to the extent that it

22   purports to require the production of documents and things protected from disclosure by the

23   attorney-client privilege, attorney work product doctrine, joint defense or common interest

24   privilege, or any other applicable privilege, doctrine, or immunity.

25        Subject to and without waiving the foregoing General and Specific Objections, Apple has

26   produced or will produce responsive, non-privileged documents in its possession, custody, or

27   control, if any, located after a reasonable search as discussed in more detail above.

28

1   **REQUEST FOR PRODUCTION NO. 29:**

2      All DOCUMENTS relating to the size or potential size of the market for each of the

3   APPLE ACCUSED PRODUCTS.

4   **RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

5      Apple objects to this request on the grounds that it is overly broad, unduly burdensome,

6   vague, and ambiguous, and seeks information that is neither relevant nor reasonably calculated to

7   lead to the discovery of admissible evidence.  Apple further objects to the term "relating" to the

8   extent that it fails to provide reasonable particularity as to the scope of the documents sought.

9   Apple further objects to this request on the grounds that it is unlimited in time and geography.

10  Apple further objects to this request to the extent that it purports to require the production of

11  documents and things protected from disclosure by the attorney-client privilege, attorney work

12  product doctrine, joint defense or common interest privilege, or any other applicable privilege,

13  doctrine, or immunity.

14     Subject to and without waiving the foregoing General and Specific Objections, Apple has

15  produced or will produce responsive, non-privileged documents in its possession, custody, or

16  control, if any, located after a reasonable search as discussed in more detail above.

17  **REQUEST FOR PRODUCTION NO. 30:**

18     All DOCUMENTS concerning sales forecasts, budgets, expenses, costs, and profitability

19  of the APPLE ACCUSED PRODUCTS.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

21     Apple objects to this request as overly broad, unduly burdensome, and not reasonably

22  calculated to lead to the discovery of admissible evidence.  Apple further objects to the term

23  "concerning" to the extent that it fails to provide reasonable particularity as to the scope of the

24  documents sought.  Apple further objects to this request on the grounds that it is unlimited in time

25  and geography.  Apple further objects to this request to the extent that it purports to require the

26  production of documents and things protected from disclosure by the attorney-client privilege,

27  attorney work product doctrine, joint defense or common interest privilege, or any other

28  applicable privilege, doctrine, or immunity.

APPLE INC'S OBJECTIONS AND RESPONSES TO SAMSUNG'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO. 11-cv-01846-LHK
sf-3039157

23

1   Subject to and without waiving the foregoing General and Specific Objections, Apple has

2   produced or will produce responsive, non-privileged documents in its possession, custody, or

3   control, if any, located after a reasonable search, sufficient to show financial data regarding U.S.

4   sales of accused products over the relevant time period, including information related to revenue

5   and profitability.

6   **REQUEST FOR PRODUCTION NO. 31:**

7   All DOCUMENTS relating to (1) any written or oral opinions received or solicited by

8   You relating to the validity, enforceability, infringement, or scope of any claims of the

9   SAMSUNG PATENTS-IN-SUIT and (2) the preparation of any such opinions, including, but not

10   limited to, drafts, notes, and any DOCUMENTS relied on in the preparation of any such opinions.

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

12   Apple objects to this request as overly broad, unduly burdensome, and not reasonably

13   calculated to lead to the discovery of admissible evidence.  Apple further objects to the term

14   "relating" to the extent that it fails to provide reasonable particularity as to the scope of the

15   documents sought. Apple further objects to the request to the extent that it requires a legal

16   conclusion to identify the documents sought. Apple further objects to this request to the extent

17   that it purports to require the production of documents and things protected from disclosure by the

18   attorney-client privilege, attorney work product doctrine, joint defense or common interest

19   privilege, or any other applicable privilege, doctrine, or immunity.

20   Subject to and without waiving the foregoing General and Specific Objections, Apple has

21   produced or will produce responsive, non-privileged documents in its possession, custody, or

22   control, if any, located after a reasonable search as discussed in more detail above.

23   **REQUEST FOR PRODUCTION NO. 32:**

24   All opinions of counsel relating to any of the SAMSUNG PATENTS-IN-SUIT.

25   **RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

26   Apple objects to this request as overly broad, unduly burdensome, and not reasonably

27   calculated to lead to the discovery of admissible evidence.  Apple further objects to the term

28   "relating" to the extent that it fails to provide reasonable particularity as to the scope of the

APPLE INC'S OBJECTIONS AND RESPONSES TO SAMSUNG'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO. 11-cv-01846-LHK
sf-3039157

24

1   documents sought.  Apple further objects to the phrase "opinions of counsel" as vague and

2   ambiguous.  Apple further objects to this request to the extent that it purports to require the

3   production of documents and things protected from disclosure by the attorney-client privilege,

4   attorney work product doctrine, joint defense or common interest privilege, or any other

5   applicable privilege, doctrine, or immunity.

6          Subject to and without waiving the foregoing General and Specific Objections, Apple has

7   produced or will produce responsive, non-privileged documents in its possession, custody, or

8   control, if any, located after a reasonable search as discussed in more detail above.

9   **REQUEST FOR PRODUCTION NO. 33:**

10         All DOCUMENTS concerning any of Your policies, practices, or guidelines regarding the

11  patent rights of others, including the analysis of patents to ensure You do not infringe such

12  patents.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

14         Apple objects to this request as overly broad, unduly burdensome, and not reasonably

15  calculated to lead to the discovery of admissible evidence.  Apple further objects to the term

16  "concerning" to the extent that it fails to provide reasonable particularity as to the scope of the

17  documents sought.  Apple further objects to the terms "policies," "practices" and "guidelines" as

18  undefined and, therefore, vague and ambiguous.  Apple further objects to this request to the

19  extent it is not limited as to time.  Apple further objects to this request to the extent that it

20  purports to require the production of documents and things protected from disclosure by the

21  attorney-client privilege, attorney work product doctrine, joint defense or common interest

22  privilege, or any other applicable privilege, doctrine, or immunity.

23         Subject to and without waiving the foregoing General and Specific Objections, Apple has

24  produced or will produce responsive, non-privileged documents in its possession, custody, or

25  control, if any, located after a reasonable search as discussed in more detail above.

26

27

28

Apple Inc's Objections and Responses to Samsung's First Set of Requests for Production
Case No. 11-cv-01846-LHK
sf-3039157

25

**REQUEST FOR PRODUCTION NO. 34:**

All DOCUMENTS concerning any test, study, experimentation, or investigation conducted to determine whether any product designed, manufactured or sold by You infringes any of the SAMSUNG PATENTS-IN-SUIT or uses any Samsung technology.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Apple objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, especially insofar as it seeks documents relating to "any Samsung technology" not at issue in this lawsuit. Apple further objects to the term "concerning" to the extent that it fails to provide reasonable particularity as to the scope of the documents sought. Apple further objects to this request to the extent that it purports to require the production of documents and things protected from disclosure by the attorney-client privilege, attorney work product doctrine, joint defense or common interest privilege, or any other applicable privilege, doctrine, or immunity.

Subject to and without waiving the foregoing General and Specific Objections, Apple has produced or will produce responsive, non-privileged documents in its possession, custody, or control, if any, located after a reasonable search as discussed in more detail above.

**REQUEST FOR PRODUCTION NO. 35:**

All DOCUMENTS relating to any test, study, experimentation, or investigation conducted by or on Your behalf in an effort to design around any of the SAMSUNG PATENTS-IN-SUIT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Apple objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Apple further objects to this request to the extent that it requires a legal conclusion to identify the documents sought. Apple further objects to the term "relating to" to the extent that it fails to provide reasonable particularity as to the scope of the documents sought. Apple further objects to this request to the extent that it purports to require the production of documents and things protected from disclosure by the attorney-client privilege, attorney work product doctrine, joint defense or common interest privilege, or any other applicable privilege, doctrine, or immunity.

APPLE INC'S OBJECTIONS AND RESPONSES TO SAMSUNG'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO. 11-cv-01846-LHK
sf-3039157

26

1    Subject to and without waiving the foregoing General and Specific Objections, Apple has

2    produced or will produce responsive, non-privileged documents in its possession, custody, or

3    control, if any, located after a reasonable search as discussed in more detail above.

4    **REQUEST FOR PRODUCTION NO. 36:**

5    DOCUMENTS sufficient to show the structure of Your e-mail system and any manner of

6    automatic deletion of e-mail.

7    **RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

8    Apple objects to this request as overly broad, unduly burdensome, and not reasonably

9    calculated to lead to the discovery of admissible evidence.  Apple further objects to the terms

10   "structure of Your e-mail system" and "any manner of automatic deletion of e-mail" as undefined

11   and, therefore, vague and ambiguous.

12   Subject to and without waiving the foregoing General and Specific Objections, Apple is

13   willing to meet and confer to discuss an exchange of information regarding the scope of e-mail

14   possessed by custodians from whom documents will be produced.

15   **REQUEST FOR PRODUCTION NO. 37**

16   All DOCUMENTS identified, consulted, or referred to by You in Your responses to any

17   interrogatory or other discovery request propounded by Samsung in This Lawsuit, including

18   Samsung's First Set of Interrogatories.

19   **RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

20   Apple objects to this request as overly broad, unduly burdensome, and not reasonably

21   calculated to lead to the discovery of admissible evidence.  Apple further objects to this Request

22   to the extent that it purports to require the production of documents and things protected from

23   disclosure by the attorney-client privilege, attorney work product doctrine, joint defense or

24   common interest privilege, or any other applicable privilege, doctrine, or immunity.

25   Subject to and without waiving the foregoing General and Specific Objections, Apple has

26   produced or will produce responsive, non-privileged documents in its possession, custody, or

27   control, if any, located after a reasonable search that Apple identifies or refers to in its responses

28   to Samsung's interrogatories.

1    **REQUEST FOR PRODUCTION NO. 38:**

2        All DOCUMENTS relating to This Lawsuit, including, but not limited to, press releases,

3    submissions to government agencies, and COMMUNICATIONS with third parties.

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

5        Apple objects to this request as overly broad, unduly burdensome, and not reasonably

6    calculated to lead to the discovery of admissible evidence.  Apple further objects to the term

7    "relating to" to the extent that it fails to provide reasonable particularity as to the scope of the

8    documents sought.  Apple further objects to this request to the extent that it purports to require the

9    production of documents and things protected from disclosure by the attorney-client privilege,

10   attorney work product doctrine, joint defense or common interest privilege, or any other

11   applicable privilege, doctrine, or immunity.

12       Subject to and without waiving the foregoing General and Specific Objections, Apple is

13   willing to meet and confer to discuss the scope and relevance of the documents sought by

14   Samsung.

15   **REQUEST FOR PRODUCTION NO. 39:**

16       All DOCUMENTS relating to any Software used to operate or enable any accused

17   functionality of any of the APPLE ACCUSED PRODUCTS, including but not limited to release

18   notes, algorithms, flowcharts, diagrams, notes, and manuals.

19   **RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

20       Apple objects to this request as overly broad, unduly burdensome, and not reasonably

21   calculated to lead to the discovery of admissible evidence.  Apple further objects to the term

22   "relating to" to the extent that it fails to provide reasonable particularity as to the scope of the

23   documents sought.  Apple further objects to this request to the extent that it seeks documents and

24   things protected from disclosure by the attorney-client privilege, work product doctrine, joint

25   defense or common interest privilege, or other applicable privilege, doctrine, or immunity.

26       Subject to and without waiving the foregoing General and Specific Objections, Apple is

27   willing to meet and confer to discuss the scope and relevance of the documents sought by

28   Samsung.

**REQUEST FOR PRODUCTION NO. 40:**

All DOCUMENTS relating to any COMMUNICATIONS with any third parties regarding Samsung or the SAMSUNG PATENTS-IN-SUIT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Apple objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, including without limitation because it seeks documents relating to any communications regarding Samsung irrespective of whether those communications concern subjects at issue in this lawsuit.  Apple further objects to the term "relating to" to the extent that it fails to provide reasonable particularity as to the scope of the documents sought.  Apple further objects to this request to the extent that it purports to require the production of documents and things protected from disclosure by the attorney-client privilege, attorney work product doctrine, joint defense or common interest privilege, or any other applicable privilege, doctrine, or immunity.

Subject to and without waiving the foregoing General and Specific Objections, Apple has produced or will produce responsive, non-privileged documents in its possession, custody, or control regarding the Samsung Patents In Suit, if any, located after a reasonable search, as discussed in more detail above.

**REQUEST FOR PRODUCTION NO. 41:**

All DOCUMENTS relating to any joint defense agreement in This Lawsuit or in any related litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Apple objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Apple further objects to this request to the extent that Samsung seeks to use this lawsuit as a means to obtain discovery pertaining to other litigations.  Apple further objects to the term "relating to" to the extent that it fails to provide reasonable particularity as to the scope of the documents sought.  Apple further objects to the term "in any related litigation" as undefined and, therefore, vague and ambiguous.  Apple further objects to this request to the extent that it purports to require the production of documents

APPLE INC'S OBJECTIONS AND RESPONSES TO SAMSUNG'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO. 11-cv-01846-LHK
sf-3039157

29

1   and things protected from disclosure by the attorney-client privilege, attorney work product

2   doctrine, joint defense or common interest privilege, or any other applicable privilege, doctrine,

3   or immunity.

4   **REQUEST FOR PRODUCTION NO. 42:**

5        All DOCUMENTS relating to the pricing of the APPLE ACCUSED PRODUCTS.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

7        Apple objects to this request as overly broad, unduly burdensome, and not reasonably

8   calculated to lead to the discovery of admissible evidence especially insofar as it seeks documents

9   relating to technology, components and/or functionality not at issue in this lawsuit.  Apple further

10  objects to this request to the extent it is not limited as to time or geography.  Apple further objects

11  to the term "relating to" to the extent that it fails to provide reasonable particularity as to the

12  scope of the documents sought.

13       Subject to and without waiving the foregoing General and Specific Objections, Apple has

14  produced or will produce responsive, non-privileged documents in its possession, custody, or

15  control, if any, located after a reasonable search as discussed in more detail above.

16  **REQUEST FOR PRODUCTION NO. 43:**

17       All business plans, strategic plans, operating plans, financial plans, sales plans, and capital

18  or investment plans concerning the APPLE ACCUSED PRODUCTS.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

20       Apple objects to this request as overly broad, unduly burdensome, and not reasonably

21  calculated to lead to the discovery of admissible evidence.  Apple further objects to the term

22  "concerning" to the extent that it fails to provide reasonable particularity as to the scope of the

23  documents sought.  Apple further objects to this request to the extent it is not limited as to time or

24  geography.  Apple further objects to the terms "business plans, strategic plans, operating plans,

25  financial plans, sales plans, and capital or investment plans" as vague and ambiguous.  Apple

26  further objects to this request to the extent that it purports to require the production of documents

27  and things protected from disclosure by the attorney-client privilege, attorney work product

28

1  doctrine, joint defense or common interest privilege, or any other applicable privilege, doctrine,

2  or immunity.

3       Subject to and without waiving the foregoing General and Specific Objections, Apple has

4  produced or will produce responsive, non-privileged documents in its possession, custody, or

5  control, if any, located after a reasonable search, sufficient to show accused functionality.

6  **REQUEST FOR PRODUCTION NO. 44:**

7       All DOCUMENTS and things concerning the market or demand for the APPLE

8  ACCUSED PRODUCTS.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

10       Apple objects to this request as overly broad, unduly burdensome, and not reasonably

11  calculated to lead to the discovery of admissible evidence.  Apple further objects to the phrase

12  "market or demand" as vague and ambiguous.  Apple further objects to the term "concerning" to

13  the extent that it fails to provide reasonable particularity as to the scope of the documents sought.

14  Apple further objects to this request to the extent it requests documents not in Apple's possession,

15  custody, or control.  Apple further objects to this request to the extent it is not limited as to time

16  or geography.  Apple further objects to this request to the extent that it purports to require the

17  production of documents and things protected from disclosure by the attorney-client privilege,

18  attorney work product doctrine, joint defense or common interest privilege, or any other

19  applicable privilege, doctrine, or immunity.

20       Subject to and without waiving the foregoing General and Specific Objections, Apple has

21  produced or will produce responsive, non-privileged documents in its possession, custody, or

22  control, if any, located after a reasonable search, sufficient to show accused functionality.

23  **REQUEST FOR PRODUCTION NO. 45:**

24       All DOCUMENTS relating to any product reviews, comparisons, or usability tests or

25  evaluations of any of the APPLE ACCUSED PRODUCTS.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

27       Apple objects to this request as overly broad, unduly burdensome, and not reasonably

28  calculated to lead to the discovery of admissible evidence.  Apple further objects to this request to

1    the extent it is not limited as to time.  Apple further objects to the term "relating to" to the extent

2    that it fails to provide reasonable particularity as to the scope of the documents sought.  Apple

3    further objects to this request to the extent that it purports to require the production of documents

4    and things protected from disclosure by the attorney-client privilege, attorney work product

5    doctrine, joint defense or common interest privilege, or any other applicable privilege, doctrine,

6    or immunity.

7          Subject to and without waiving the foregoing General and Specific Objections, Apple has

8    produced or will produce responsive, non-privileged documents in its possession, custody, or

9    control, if any, located after a reasonable search, sufficient to show accused functionality.

10   **REQUEST FOR PRODUCTION NO. 46:**

11         All DOCUMENTS that You have provided to or received from any person who may

12   testify at any hearing in This Lawsuit.

13   **RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

14         Apple objects to this request as overly broad, unduly burdensome, and not reasonably

15   calculated to lead to the discovery of admissible evidence.  Apple further objects to this request

16   because it has not yet determined who may testify at any hearing in this lawsuit.  Apple further

17   objects to this request to the extent that it purports to require the production of documents and

18   things protected from disclosure by the attorney-client privilege, attorney work product doctrine,

19   joint defense or common interest privilege, or any other applicable privilege, doctrine, or

20   immunity.

21         Subject to and without waiving the foregoing General and Specific Objections, Apple is

22   willing to meet and confer to discuss the scope and relevance of the documents sought by

23   Samsung.

24   **REQUEST FOR PRODUCTION NO. 47:**

25         For each person You intend to rely on as an expert witness, all DOCUMENTS concerning

26   (a) the qualifications of the expert; (b) the subject matter on which the expert is expected to

27   testify; (c) the substance of the facts and opinions to which the expert is expected to testify; (d)

28   each and every DOCUMENT the expert has reviewed or relied upon in formulating his or her

APPLE INC'S OBJECTIONS AND RESPONSES TO SAMSUNG'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO. 11-cv-01846-LHK
sf-3039157

32

1   opinion and each and every DOCUMENT the expert will assert supports each of his or her

2   opinions and each fact; and (e) all reports prepared by the expert.

3   **RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

4        Apple objects to this request as overly broad, unduly burdensome, and not reasonably

5   calculated to lead to the discovery of admissible evidence.  Apple further objects to the term

6   "concerning" to the extent that it fails to provide reasonable particularity as to the scope of the

7   documents sought.  Apple further objects to this request to the extent that this request is

8   premature in seeking information that is the subject of expert testimony before expert disclosures

9   are required in this lawsuit, and to the extent this request purports to impose conditions,

10  obligations, or duties beyond those required by the Federal Rules of Civil Procedure and/or any

11  other applicable rules.  Apple further objects to this request to the extent that it purports to require

12  the production of documents and things protected from disclosure by the attorney-client privilege,

13  attorney work product doctrine, joint defense or common interest privilege, or any other

14  applicable privilege, doctrine, or immunity.

15       Subject to and without waiving the foregoing General and Specific Objections, Apple will

16  make its expert disclosures in accordance with the schedule set by the Court and the requirements

17  of the Federal Rules of Civil Procedure.

18  **REQUEST FOR PRODUCTION NO. 48:**

19       All transcripts of prior testimony (whether at deposition, trial, declaration, or affidavit) by

20  any expert retained to testify in This Lawsuit.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

22       Apple objects to this request as overly broad, unduly burdensome, and not reasonably

23  calculated to lead to the discovery of admissible evidence.  Apple further objects to this request to

24  the extent that this request is premature and purports to impose conditions, obligations, or duties

25  with respect to expert disclosures beyond those required by the Federal Rules of Civil Procedure

26  and/or any other applicable rules.

27

28

APPLE INC'S OBJECTIONS AND RESPONSES TO SAMSUNG'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO. 11-cv-01846-LHK
sf-3039157

33

1    Subject to and without waiving the foregoing General and Specific Objections, Apple will

2    make its expert disclosures in accordance with the schedule set by the Court and the requirements

3    of the Federal Rules of Civil Procedure.

4    **REQUEST FOR PRODUCTION NO. 49:**

5    All DOCUMENTS and COMMUNICATIONS with an expert witness who is expected to

6    testify in This Lawsuit that (i) relate to compensation for the expert's study or testimony; (ii)

7    identify facts or data that APPLE'S attorney provided and that the expert considered informing

8    the opinions to be expressed; (iii) identify assumptions that APPLE'S attorney provided and that

9    the expert relied on in forming the opinions to be expressed.

10   **RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

11   Apple objects to this request as overly broad, unduly burdensome, and not reasonably

12   calculated to lead to the discovery of admissible evidence.  Apple further objects to this request to

13   the extent that this request is premature in seeking information that is the subject of expert

14   testimony before expert disclosures are required in this lawsuit, and to the extent this request

15   purports to impose conditions, obligations, or duties beyond those required by the Federal Rules

16   of Civil Procedure and/or any other applicable rules.  Apple further objects to this request to the

17   extent that it purports to require the production of documents and things protected from disclosure

18   by the attorney-client privilege, attorney work product doctrine, joint defense or common interest

19   privilege, or any other applicable privilege, doctrine, or immunity.

20   Subject to and without waiving the foregoing General and Specific Objections, Apple will

21   make its expert disclosures in accordance with the schedule set by the Court and the requirements

22   of the Federal Rules of Civil Procedure.

23   **REQUEST FOR PRODUCTION NO. 50:**

24   All settlement agreements relating to any of the APPLE ACCUSED PRODUCTS,

25   SAMSUNG PATENTS-IN-SUIT, OR APPLE IP, including but not limited to settlement

26   agreements relating to the technologies claimed or disclosed by the SAMSUNG PATENTS-IN-

27   SUIT, OR APPLE IP.

28

APPLE INC'S OBJECTIONS AND RESPONSES TO SAMSUNG'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO. 11-cv-01846-LHK
sf-3039157

34

1

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

2       Apple objects to this request as overly broad, unduly burdensome, and not reasonably

3   calculated to lead to the discovery of admissible evidence, including without limitation because it

4   seeks documents relating to technologies not at issue in this lawsuit.  Apple further objects to the

5   term "relating to" to the extent that it fails to provide reasonable particularity as to the scope of

6   the documents sought.  Apple further objects to this request to the extent that it purports to require

7   the production of documents and things protected from disclosure by the attorney-client privilege,

8   attorney work product doctrine, joint defense or common interest privilege, or any other

9   applicable privilege, doctrine, or immunity.

10       Subject to and without waiving the foregoing General and Specific Objections, Apple is

11   willing to meet and confer to discuss the scope and relevance of the documents sought by

12   Samsung.

13  **REQUEST FOR PRODUCTION NO. 51:**

14       All DOCUMENTS and COMMUNICATIONS relating to any settlement agreement

15   relating to any of the APPLE ACCUSED PRODUCTS.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

17       Apple objects to this request as overly broad, unduly burdensome, and not reasonably

18   calculated to lead to the discovery of admissible evidence, including without limitation because it

19   seeks documents relating to technologies not at issue in this lawsuit.  Apple further objects to the

20   term "relating to" to the extent that it fails to provide reasonable particularity as to the scope of

21   the documents sought.  Apple further objects to this request to the extent that it purports to require

22   the production of documents and things protected from disclosure by the attorney-client privilege,

23   attorney work product doctrine, joint defense or common interest privilege, or any other

24   applicable privilege, doctrine, or immunity.

25       Subject to and without waiving the foregoing General and Specific Objections, Apple is

26   willing to meet and confer to discuss the scope and relevance of the documents sought by

27   Samsung.

28

APPLE INC'S OBJECTIONS AND RESPONSES TO SAMSUNG'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO. 11-cv-01846-LHK
sf-3039157

35

1 **REQUEST FOR PRODUCTION NO. 52:**

2      All DOCUMENTS and COMMUNICATIONS relating to any investigation concerning

3 any of the APPLE ACCUSED PRODUCTS.

4 **RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

5      Apple objects to this request as overly broad, unduly burdensome, and not reasonably

6 calculated to lead to the discovery of admissible evidence.  Apple further objects to the term "any

7 investigation" as vague and ambiguous. Apple further objects to the terms "relating to" and

8 "concerning" to the extent that they fail to provide reasonable particularity as to the scope of the

9 documents sought.  Apple further objects to this request to the extent that it purports to require the

10 production of documents and things protected from disclosure by the attorney-client privilege,

11 attorney work product doctrine, joint defense or common interest privilege, or any other

12 applicable privilege, doctrine, or immunity.

13      Subject to and without waiving the foregoing General and Specific Objections, Apple is

14 willing to meet and confer to discuss the scope and relevance of the documents sought by

15 Samsung.

16 **REQUEST FOR PRODUCTION NO. 53:**

17      Two operational exemplars of any device, machine, apparatus, or other thing that You

18 contend is PRIOR ART to any claim of any of the SAMSUNG PATENTS-IN-SUIT.

19 **RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

20      Apple objects to this request as overly broad, unduly burdensome, and not reasonably

21 calculated to lead to the discovery of admissible evidence.  Apple further objects to this request as

22 premature, especially insofar as it conflicts with the schedule set by the Court.  Apple further

23 objects to this request to the extent it requests documents or things not in Apple's possession,

24 custody, or control.  Apple further objects to this request to the extent that it purports to require

25 the production of documents and things protected from disclosure by the attorney-client privilege,

26 attorney work product doctrine, joint defense or common interest privilege, or any other

27 applicable privilege, doctrine, or immunity.

28

APPLE INC'S OBJECTIONS AND RESPONSES TO SAMSUNG'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO. 11-cv-01846-LHK
sf-3039157

36

1    Subject to and without waiving the foregoing General and Specific Objections, Apple will

2    produce or make available for inspection, in accordance with the Patent Local Rules and the

3    schedule set by the Court, any products on which it intends to rely as prior art, to the extent they

4    are within Apple's possession, custody, or control.

5    **REQUEST FOR PRODUCTION NO. 54:**

6    All DOCUMENTS relating to any analysis of Your actual or projected gross profits, net

7    profits, gross profit margins, and net profit margins in the United States relating to each APPLE

8    ACCUSED PRODUCT from April 15, 2005 to the present.

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

10   Apple objects to this request as overly broad, unduly burdensome, and not reasonably

11   calculated to lead to the discovery of admissible evidence.  Apple further objects to the term

12   "relating to" to the extent that it fails to provide reasonable particularity as to the scope of the

13   documents sought.

14   Subject to and without waiving the foregoing General and Specific Objections, Apple has

15   produced or will produce responsive, non-privileged documents in its possession, custody, or

16   control, if any, located after a reasonable search, sufficient to show financial data regarding U.S.

17   sales of accused products over the relevant time period, including information related to revenue

18   and profitability.

19   **REQUEST FOR PRODUCTION NO. 55:**

20   All DOCUMENTS relating to business plans and projections, sales forecasts, or other

21   business planning relating to the APPLE ACCUSED PRODUCTS.

22   **RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

23   Apple objects to this request as overly broad, unduly burdensome, and not reasonably

24   calculated to lead to the discovery of admissible evidence.  Apple further objects to the term

25   "relating to" to the extent that it fails to provide reasonable particularity as to the scope of the

26   documents sought.  Apple further objects to the terms "business plans and projections" and "other

27   business planning" as vague and ambiguous. Apple further objects to this request to the extent it

28   is not limited as to time or geography.  Apple further objects to this request to the extent that it

APPLE INC'S OBJECTIONS AND RESPONSES TO SAMSUNG'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO. 11-cv-01846-LHK
sf-3039157

37

1   purports to require the production of documents and things protected from disclosure by the

2   attorney-client privilege, attorney work product doctrine, joint defense or common interest

3   privilege, or any other applicable privilege, doctrine, or immunity.

4       Subject to and without waiving the foregoing General and Specific Objections, Apple has

5   produced or will produce responsive, non-privileged documents in its possession, custody, or

6   control, if any, located after a reasonable search, sufficient to show financial data regarding U.S.

7   sales of accused products over the relevant time period, including information related to revenue

8   and profitability.

9   **REQUEST FOR PRODUCTION NO. 56:**

10       DOCUMENTS sufficient to show the efforts taken by You to sell other products or

11   services together, or in connection, with the APPLE ACCUSED PRODUCTS or to effect the sale

12   thereof by third parties, including, but not limited to, distributors and retailers.

13   **RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

14       Apple objects to this request as overly broad, unduly burdensome, and not reasonably

15   calculated to lead to the discovery of admissible evidence.  Apple further objects to the terms

16   "together," "in connection with" and "effect" as undefined and, therefore, vague and ambiguous.

17       Subject to and without waiving the foregoing specific objections and General Statement

18   and Objections, Apple is willing to meet and confer to discuss the scope and relevance of the

19   documents sought by Samsung.

20   **REQUEST FOR PRODUCTION NO. 57:**

21       All DOCUMENTS relating to Your use of the technology claimed or disclosed in the

22   SAMSUNG PATENTS-IN-SUIT.

23   **RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

24       Apple objects to this request as overly broad, unduly burdensome, and not reasonably

25   calculated to lead to the discovery of admissible evidence.  Apple further objects to the extent that

26   the phrase "technology claimed or disclosed in the SAMSUNG PATENTS-IN-SUIT" is vague

27   and ambiguous and requires a legal conclusion to interpret.  Apple further objects to the term

28   "relating to" to the extent that it fails to provide reasonable particularity as to the scope of the

APPLE INC'S OBJECTIONS AND RESPONSES TO SAMSUNG'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO. 11-cv-01846-LHK
sf-3039157

38

1   documents sought.  Apple further objects to this request to the extent that it purports to require the

2   production of documents and things protected from disclosure by the attorney-client privilege,

3   attorney work product doctrine, joint defense or common interest privilege, or any other

4   applicable privilege, doctrine, or immunity.

5          Subject to and without waiving the foregoing General and Specific Objections, Apple

6   denies that it is using any "technology claimed or disclosed in the Samsung patents-in-suit."

7   **REQUEST FOR PRODUCTION NO. 58:**

8          DOCUMENTS sufficient to identify all of Your employees who have ever received

9   information designated or otherwise identified by SAMSUNG as confidential information.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

11         Apple objects to this request as overly broad, unduly burdensome, and not reasonably

12  calculated to lead to the discovery of admissible evidence.

13         Subject to and without waiving the foregoing General and Specific Objections, Apple will

14  produce responsive, non-privileged documents in its possession, custody, or control, if any,

15  located after a reasonable search, provided that Samsung agrees to produce all documents in its

16  possession that contain Apple confidential information and sufficient to identify all Samsung

17  employees who have received Apple confidential information.

18  **REQUEST FOR PRODUCTION NO. 59:**

19         All DOCUMENTS relating to SAMSUNG's participation in any industry groups or

20  associations, including standard-setting organizations.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

22         Apple objects to this request as overly broad, unduly burdensome, and not reasonably

23  calculated to lead to the discovery of admissible evidence.  Apple further objects to the phrase

24  "industry groups or associations" as vague and ambiguous.  Apple further objects to the term

25  "relating to" to the extent that it fails to provide reasonable particularity as to the scope of the

26  documents sought.  Apple further objects to this request to the extent that it purports to require the

27  production of documents and things protected from disclosure by the attorney-client privilege,

28

1    attorney work product doctrine, joint defense or common interest privilege, or any other

2    applicable privilege, doctrine, or immunity.

3        Subject to and without waiving the foregoing General and Specific Objections, Apple has

4    produced or will produce responsive, non-privileged documents in its possession, custody, or

5    control, if any, located after a reasonable search as discussed in more detail above, regarding

6    Samsung's participation in ETSI which are relevant to the Samsung Patents-In-Suit.

7    **REQUEST FOR PRODUCTION NO. 60:**

8        All DOCUMENTS relating to any obligations owed by You and/or SAMSUNG to any

9    industry groups or associations, including standard-setting organizations, and/or their members.

10   **RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

11       Apple objects to this request as overly broad, unduly burdensome, and not reasonably

12   calculated to lead to the discovery of admissible evidence.  Apple further objects to the phrase

13   "industry groups or associations" as vague and ambiguous.  Apple further objects to the term

14   "relating to" to the extent that it fails to provide reasonable particularity as to the scope of the

15   documents sought.  Apple further objects to this request to the extent that it requires production of

16   documents that are publicly available and/or are equally available to Samsung.  Apple further

17   objects to this request to the extent that it purports to require the production of documents and

18   things protected from disclosure by the attorney-client privilege, attorney work product doctrine,

19   joint defense or common interest privilege, or any other applicable privilege, doctrine, or

20   immunity.

21       Subject to and without waiving the foregoing General and Specific Objections, Apple has

22   produced or will produce responsive, non-privileged documents in its possession, custody, or

23   control, if any, located after a reasonable search as discussed in more detail above, regarding

24   Samsung's participation in ETSI which are relevant to the Samsung Patents-In-Suit.

25   **REQUEST FOR PRODUCTION NO. 61:**

26       All DOCUMENTS that support Your contention, if any, that one or more of the claims of

27   the SAMSUNG PATENTS-IN-SUIT are invalid for failing to meet conditions for patentability

28   set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

2         Apple objects to this request as overly broad, unduly burdensome, and not reasonably

3    calculated to lead to the discovery of admissible evidence.  Apple further objects to this request as

4    premature, especially insofar as it conflicts with the schedule set by the Court.  Apple further

5    objects to this request to the extent that it requires a legal conclusion to identify the documents

6    sought.  Apple further objects to this request to the extent that it purports to require the production

7    of documents and things protected from disclosure by the attorney-client privilege, attorney work

8    product doctrine, joint defense or common interest privilege, or any other applicable privilege,

9    doctrine, or immunity.

10        Subject to and without waiving the foregoing General and Specific Objections, Apple has

11   produced or will produce responsive, non-privileged documents in its possession, custody, or

12   control, if any, located after a reasonable search, in accordance with the Patent Local Rules and

13   the schedule set by the Court, on which it intends to rely to support its invalidity contentions.

14   **REQUEST FOR PRODUCTION NO. 62:**

15        All DOCUMENTS that support any contention, if any, by You that one or more of the

16   SAMSUNG PATENTS-IN-SUIT is unenforceable for any reason including, without limitation,

17   laches, equitable estoppel, express or implied license, exhaustion, intervening rights, express or

18   implied waiver, inequitable conduct, patent misuse, unclean hands, lack of standing and/or

19   prosecution laches.

20   **RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

21        Apple objects to this request on the grounds that it is overly broad, unduly burdensome,

22   and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of

23   admissible evidence.  Apple further objects to the request to the extent that it requires a legal

24   conclusion to identify the documents sought.  Apple further objects to this request to the extent

25   that it purports to require the production of documents and things protected from disclosure by the

26   attorney-client privilege, attorney work product doctrine, joint defense or common interest

27   privilege, or any other applicable privilege, doctrine, or immunity.

28

1    Subject to and without waiving the foregoing General and Specific Objections, Apple has

2    produced or will produce responsive, non-privileged documents in its possession, custody, or

3    control, if any, located after a reasonable search as discussed in more detail above.

4    **REQUEST FOR PRODUCTION NO. 63:**

5    All DOCUMENTS produced or made available to You by any non-party or third-party

6    either voluntarily or pursuant to any subpoena in This Lawsuit.

7    **RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

8    Apple objects to this request as overly broad, unduly burdensome, and not reasonably

9    calculated to lead to the discovery of admissible evidence.  Apple further objects to this request to

10   the extent that it purports to require the production of documents and things protected from

11   disclosure by the attorney-client privilege, attorney work product doctrine, joint defense or

12   common interest privilege, or any other applicable privilege, doctrine, or immunity.

13   Subject to and without waiving the foregoing General and Specific Objections, Apple has

14   produced or will produce documents obtained in response to a subpoena in this lawsuit.

15   **REQUEST FOR PRODUCTION NO. 64:**

16   All DOCUMENTS relating to any promise or agreement to indemnify regarding This

17   Lawsuit.

18   **RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

19   Apple objects to this request as overly broad, unduly burdensome, and not reasonably

20   calculated to lead to the discovery of admissible evidence.  Apple further objects to the term

21   "relating to" to the extent that it fails to provide reasonable particularity as to the scope of the

22   documents sought.  Apple further objects to this request to the extent that it purports to require the

23   production of documents and things protected from disclosure by the attorney-client privilege,

24   attorney work product doctrine, joint defense or common interest privilege, or any other

25   applicable privilege, doctrine, or immunity.

26   Subject to and without waiving the foregoing General and Specific Objections, Apple is

27   willing to meet and confer to discuss the scope and relevance of the documents sought by

28   Samsung.

APPLE INC'S OBJECTIONS AND RESPONSES TO SAMSUNG'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO. 11-cv-01846-LHK
sf-3039157

42

1    **REQUEST FOR PRODUCTION NO. 65:**

2         All DOCUMENTS relating to any request for indemnification regarding any aspect of

3    This Lawsuit.

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

5         Apple objects to this request as overly broad, unduly burdensome, and not reasonably

6    calculated to lead to the discovery of admissible evidence.  Apple further objects to the term

7    "relating to" to the extent that it fails to provide reasonable particularity as to the scope of the

8    documents sought.  Apple further objects to this request to the extent that it purports to require the

9    production of documents and things protected from disclosure by the attorney-client privilege,

10   attorney work product doctrine, joint defense or common interest privilege, or any other

11   applicable privilege, doctrine, or immunity.

12        Subject to and without waiving the foregoing General and Specific Objections, Apple is

13   willing to meet and confer to discuss the scope and relevance of the documents sought by

14   Samsung.

15   **REQUEST FOR PRODUCTION NO. 66:**

16        All DOCUMENTS relating to any indemnification request or agreement regarding any

17   APPLE ACCUSED PRODUCT.

18   **RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

19        Apple objects to this request as overly broad, unduly burdensome, and not reasonably

20   calculated to lead to the discovery of admissible evidence.  Apple further objects to the term

21   "relating to" to the extent that it fails to provide reasonable particularity as to the scope of the

22   documents sought.  Apple further objects to this request to the extent that it purports to require the

23   production of documents and things protected from disclosure by the attorney-client privilege,

24   attorney work product doctrine, joint defense or common interest privilege, or any other

25   applicable privilege, doctrine, or immunity.

26        Subject to and without waiving the foregoing General and Specific Objections, Apple is

27   willing to meet and confer to discuss the scope and relevance of the documents sought by

28   Samsung.

**REQUEST FOR PRODUCTION NO. 67:**

All DOCUMENTS concerning the construction of any term in any claim in, as well as the scope, construction meaning or interpretation of the SAMSUNG PATENTS-IN-SUIT or APPLE IP.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

Apple objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, including without limitation because it seeks documents relating to terms and claims not at issue in this lawsuit.  Apple further objects to the term "concerning" to the extent that it fails to provide reasonable particularity as to the scope of the documents sought.  Apple further objects to this request as premature, especially insofar as it conflicts with the schedule set by the Court.  Apple further objects to the request to the extent that it requires a legal conclusion to identify the documents sought.  Apple further objects to this request to the extent that it purports to require the production of documents and things protected from disclosure by the attorney-client privilege, attorney work product doctrine, joint defense or common interest privilege, or any other applicable privilege, doctrine, or immunity.

Subject to and without waiving the foregoing General and Specific Objections, Apple will make its claim construction disclosures in accordance with the schedule set by the Court.

**REQUEST FOR PRODUCTION NO. 68:**

DOCUMENTS sufficient to identify each consultant that has communicated with You, provided any services to You, or provided any materials or information to You with respect to the APPLE ACCUSED PRODUCTS or This Lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

Apple objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Apple further objects to this request to the extent it purports to impose conditions, obligations, or duties with regard to expert disclosures beyond those required by the Federal Rules of Civil Procedure, the Local Patent Rules, and/or any other applicable rules or orders.  Apple further objects to this request to the extent that it purports to require the production of documents and things protected from disclosure by the attorney-client

1   privilege, attorney work product doctrine, joint defense or common interest privilege, or any other

2   applicable privilege, doctrine, or immunity.

3       Subject to and without waiving the foregoing General and Specific Objections, Apple is

4   willing to meet and confer to discuss the scope and relevance of the documents sought by

5   Samsung.

6   **REQUEST FOR PRODUCTION NO. 69:**

7       DOCUMENTS sufficient to show Your monthly, quarterly, and annual manufacturing or

8   production volume for the APPLE ACCUSED PRODUCTS for the five years immediately

9   preceding this request, and the location of such manufacturing or production.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

11      Apple objects to this request as overly broad, unduly burdensome, and not reasonably

12  calculated to lead to the discovery of admissible evidence.

13      Subject to and without waiving the foregoing General and Specific Objections, Apple is

14  willing to meet and confer to discuss the scope and relevance of the documents sought by

15  Samsung.

16  **REQUEST FOR PRODUCTION NO. 70:**

17      DOCUMENTS sufficient to identify each of Your divisions, departments, business units,

18  related companies, partnerships, collaborations, or subdivisions, including without limitation each

19  company involved in the design, development, manufacture, marketing, promotion, importation,

20  distribution, or sale of any APPLE ACCUSED PRODUCT.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

22      Apple objects to this request as overly broad, unduly burdensome, and not reasonably

23  calculated to lead to the discovery of admissible evidence.  Apple further objects to the term

24  "involved in" which Samsung fails to define, as vague and ambiguous.

25      Subject to and without waiving the foregoing General and Specific Objections, Apple is

26  willing to meet and confer to discuss the scope and relevance of the documents sought by

27  Samsung.

28

APPLE INC'S OBJECTIONS AND RESPONSES TO SAMSUNG'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO. 11-cv-01846-LHK
sf-3039157

45

**REQUEST FOR PRODUCTION NO. 71:**

All DOCUMENTS concerning the factual basis of any denial by You of the allegations set forth in the Answer and Counterclaims in This Lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

Apple objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Apple further objects to the term "concerning" to the extent that it fails to provide reasonable particularity as to the scope of the documents sought. Apple further objects to the request to the extent that it requires a legal conclusion to identify the documents sought. Apple further objects to this request to the extent that it purports to require the production of documents and things protected from disclosure by the attorney-client privilege, attorney work product doctrine, joint defense or common interest privilege, or any other applicable privilege, doctrine, or immunity.

Subject to and without waiving the foregoing General and Specific Objections, Apple has produced or will produce responsive, non-privileged documents in its possession, custody, or control, if any, located after a reasonable search as discussed in more detail above.

**REQUEST FOR PRODUCTION NO. 72:**

DOCUMENTS, including but not limited to organization charts, sufficient to show Your complete organizational structure, including but not limited to the relationship between and among You, Your parent companies, Your subsidiaries, and Your affiliate companies.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

Apple objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Apple further objects to the terms "organization charts" and "organizational structure" as vague and ambiguous. Apple further objects to this request to the extent it seeks documents that are publicly available.

Subject to and without waiving the foregoing General and Specific Objections, Apple has produced or will produce responsive, non-privileged documents in its possession, custody, or control, if any, located after a reasonable search, sufficient to show the reporting relationships for any Apple employee who is deposed or may testify at a hearing in this lawsuit.

APPLE INC'S OBJECTIONS AND RESPONSES TO SAMSUNG'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO. 11-cv-01846-LHK
sf-3039157

46

1  **REQUEST FOR PRODUCTION NO. 73:**

2  　　　　DOCUMENTS and things sufficient to identify and describe APPLE's past and present

3  procedures and policies for generating, maintaining, retaining, and disposing of documents and

4  things (whether maintained in paper form or by other storage methods, such as microfilm or

5  electronically), including, without limitation, procedures and policies regarding patent application

6  files.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

8  　　　　Apple objects to this request as overly broad, unduly burdensome, and not reasonably

9  calculated to lead to the discovery of admissible evidence.  Apple further objects to this request to

10  the extent it is not limited as to time.  Apple further objects to this request to the extent that it

11  purports to require the production of documents and things protected from disclosure by the

12  attorney-client privilege, attorney work product doctrine, joint defense or common interest

13  privilege, or any other applicable privilege, doctrine, or immunity.

14  　　　　Subject to and without waiving the foregoing General and Specific Objections, Apple is

15  willing to meet and confer to discuss the scope and relevance of the documents sought by

16  Samsung.

17  **REQUEST FOR PRODUCTION NO. 74:**

18  　　　　All DOCUMENTS and things relating to past and present organizational charts sufficient

19  to identify the names, positions, titles, duties, and reporting relationships of officers, employees,

20  and other personnel who have or have had responsibility for or duties relating to the use, research,

21  design, development, testing, manufacture, operation, distribution, importation, sale, licensing,

22  and marketing of any product that you may rely upon for any reason in This Lawsuit, including

23  the APPLE ACCUSED PRODUCTS.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

25  　　　　Apple objects to this request as overly broad, unduly burdensome, and not reasonably

26  calculated to lead to the discovery of admissible evidence.  Apple further objects to the term

27  "relating to" to the extent that it fails to provide reasonable particularity as to the scope of the

28

APPLE INC'S OBJECTIONS AND RESPONSES TO SAMSUNG'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO. 11-cv-01846-LHK
sf-3039157

47

1   documents sought.  Apple further objects to the terms "organizational charts," "responsibility for"

2   and "duties relating to," which Samsung fails to define, as vague and ambiguous.

3       Subject to and without waiving the foregoing General and Specific Objections, Apple has

4   produced or will produce responsive, non-privileged documents in its possession, custody, or

5   control, if any, located after a reasonable search, sufficient to show the reporting relationships for

6   any Apple employee who is deposed or may testify at the hearing in this lawsuit.

7   **REQUEST FOR PRODUCTION NO. 75:**

8       All DOCUMENTS relating to any lawsuit, administrative proceeding, or other proceeding

9   involving any of the APPLE ACCUSED PRODUCTS, APPLE IP, or patents related to the

10  APPLE PATENTS-IN-SUIT, including, without limitation, any pleading, paper, motion,

11  affidavit, declaration, report, decision, or order, for cases to include, without limitation, C11-

12  80169 MISC JF (HRL) (N.D. Cal.), 337-TA-794 (ITC), 1:2010cv23580 (S.D. Fla.),

13  1:2010cv06385 (N.D. Ill.), 1:2010cv06381 (N.D. Ill.), 337-TA-745 (ITC), 1:2010cv00166 (D.

14  Del.), 1:2010cv00167 (D. Del.), 337-TA-724 (ITC), 3:2010cv00249 (W.D. Wisc.), and 337-TA-

15  701 (ITC).

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

17      Apple objects to this request as overly broad, unduly burdensome, and not reasonably

18  calculated to lead to the discovery of admissible evidence, including without limitation because it

19  seeks documents related to components and/or functionality not at issue in this lawsuit.  Apple

20  further objects to this request because it is improper for Samsung to use this lawsuit as a means to

21  obtain discovery pertaining to other proceedings.  Apple further objects to the term "relating to"

22  to the extent that it fails to provide reasonable particularity as to the scope of the documents

23  sought.  Apple further objects to this request to the extent that it purports to require the production

24  of documents and things protected from disclosure by the attorney-client privilege, attorney work

25  product doctrine, joint defense or common interest privilege, or any other applicable privilege,

26  doctrine, or immunity.

27

28

APPLE INC'S OBJECTIONS AND RESPONSES TO SAMSUNG'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO. 11-cv-01846-LHK
sf-3039157

48

1    Subject to and without waiving the foregoing General and Specific Objections, Apple is

2    willing to meet and confer to discuss the scope and relevance of the documents sought by

3    Samsung.

4    **REQUEST FOR PRODUCTION NO. 76:**

5    All DOCUMENTS relating to the compliance of the APPLE ACCUSED PRODUCTS

6    with technical specifications for systems utilizing WCDMA, GSM, or UMTS, including, but not

7    limited to, source code, hardware code, user manuals, service manuals, training materials,

8    programming guides, data sheets, schematics, drawings, figures, design materials, packaging

9    materials, marketing materials, and licensing agreements.

10   **RESPONSE TO REQUEST FOR PRODUCTION NO. 76:**

11   Apple objects to this request as overly broad, unduly burdensome, and not reasonably

12   calculated to lead to the discovery of admissible evidence.  Apple further objects to the term

13   "compliance of the Accused Products with technical specifications for systems utilizing

14   WCDMA, GSM, HSUPA, or UMTS" as vague and ambiguous.  Apple further objects to the term

15   "relating to" to the extent that it fails to provide reasonable particularity as to the scope of the

16   documents sought.  Apple further objects to this request to the extent that it purports to require the

17   production of documents and things protected from disclosure by the attorney-client privilege,

18   attorney work product doctrine, joint defense or common interest privilege, or any other

19   applicable privilege, doctrine, or immunity.

20   Subject to and without waiving the foregoing General and Specific Objections, Apple is

21   willing to meet and confer to discuss the scope and relevance of the documents sought by

22   Samsung.

23   **REQUEST FOR PRODUCTION NO. 77:**

24   DOCUMENTS sufficient to show the location within each of the APPLE ACCUSED

25   PRODUCTS of any chipsets, chips, processors, integrated circuits, or other hardware that enable

26   the APPLE ACCUSED PRODUCTS to communicate, operate, or interface with modules,

27   stations, or systems supporting WCDMA, GSM, or UMTS.

28

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 77:**

2       Apple objects to this request as overly broad, unduly burdensome, and not reasonably

3   calculated to lead to the discovery of admissible evidence, including without limitation because it

4   seeks documents regarding components and/or functionality not at issue in this lawsuit.  Apple

5   further objects to the phrase "location within" as vague and ambiguous.

6       Subject to and without waiving the foregoing General and Specific Objections, Apple has

7   produced or will produce responsive, non-privileged documents in its possession, custody, or

8   control, if any, located after a reasonable search,  that describe relevant components and/or

9   functionality.

10  **REQUEST FOR PRODUCTION NO. 78:**

11      All DOCUMENTS that You contend relate to whether the SAMSUNG PATENTS-IN-

12  SUIT are essential to one or more of the WCDMA, GSM, or UMTS standards.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 78:**

14      Apple objects to this request as overly broad, unduly burdensome, and not reasonably

15  calculated to lead to the discovery of admissible evidence.  Apple further objects to the term

16  "relate to" to the extent that it fails to provide reasonable particularity as to the scope of the

17  documents sought.  Apple further objects to this request to the extent that it purports to require the

18  production of documents and things protected from disclosure by the attorney-client privilege,

19  attorney work product doctrine, joint defense or common interest privilege, or any other

20  applicable privilege, doctrine, or immunity.

21      Subject to and without waiving the foregoing General and Specific Objections, Apple has

22  produced or will produce responsive, non-privileged documents in its possession, custody, or

23  control, if any, located after a reasonable search as discussed in more detail above.

24  **REQUEST FOR PRODUCTION NO. 79:**

25      All DOCUMENTS relating to any alternative methods, processes, systems, apparatuses,

26  or other design-arounds for any asserted claims of any of the SAMSUNG PATENTS-IN-SUIT or

27  APPLE IP.

28

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 79:**

2         Apple objects to this request as overly broad, unduly burdensome, and not reasonably

3    calculated to lead to the discovery of admissible evidence.  Apple further objects to this request to

4    the extent that it requires a legal conclusion to identify the documents sought.  Apple further

5    objects to this request to the extent that it purports to require the production of documents and

6    things protected from disclosure by the attorney-client privilege, attorney work product doctrine,

7    joint defense or common interest privilege, or any other applicable privilege, doctrine, or

8    immunity.

9         Subject to and without waiving the foregoing General and Specific Objections, Apple has

10   produced or will produce responsive, non-privileged documents in its possession, custody, or

11   control, if any, located after a reasonable search as discussed in more detail above.

12   **REQUEST FOR PRODUCTION NO. 80:**

13        A software copy of and access to APPLE's application developer kit (ADK) and/or

14   software developer kit (SDK) for iOS application developers.

15   **RESPONSE TO REQUEST FOR PRODUCTION NO. 80:**

16        Apple objects to this request on the grounds that it is overly broad and seeks information

17   that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

18   Apple further objects to this request to the extent it seeks things that are publicly available.

19   Samsung can purchase Apple products in Apple stores or at www.apple.com.

20        Subject to and without waiving the foregoing General and Specific Objections, Apple has

21   produced or will produce responsive, non-privileged documents in its possession, custody, or

22   control, if any, located after a reasonable search as discussed in more detail above.

23   **REQUEST FOR PRODUCTION NO. 81:**

24        Prosecution histories of the APPLE IP, including all PRIOR ART cited therein, patents

25   related to the APPLE PATENTS-IN-SUIT, and any foreign counterpart patents, registrations, or

26   applications to the APPLE IP or patents related to the APPLE PATENTS-IN-SUIT, including,

27   without limitation, any reexamination and reissue applications.

28

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 81:**

2          Apple objects to the phrases "patents related to the APPLE PATENTS-IN-SUIT" and

3   "foreign counterpart patents" as vague and ambiguous, and the request is vague and ambiguous to

4   the extent it seeks prior art to Apple's asserted trademark and trade dress rights.  Apple objects to

5   this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the

6   discovery of admissible evidence, especially to the extent it seeks information regarding patents

7   and patent claims not asserted by Apple.  Apple objects to this request to the extent it seeks

8   production of documents that: (i) are protected from discovery by the attorney-client privilege,

9   the work product doctrine, or any other applicable privilege or immunity; (ii) are not relevant to

10  the claims or defenses at issue in this case (iii) are outside of Apple's possession, custody, or

11  control; (iv) would require Apple to draw a legal conclusion to respond; or (v) can be obtained as

12  easily by Samsung, are already in Samsung's possession, or are publicly available.

13         Subject to and without waiving the foregoing General and Specific Objections, Apple has

14  produced or will produce responsive, non-privileged documents in its possession, custody, or

15  control, if any, located after a reasonable search, sufficient to show file histories and prosecution

16  documents for the asserted Apple patents.

17  **REQUEST FOR PRODUCTION NO. 82:**

18         All DOCUMENTS and things relating to the preparation, filing and/or prosecution of the

19  APPLE IP, patents related to the APPLE PATENTS-IN-SUIT, and any foreign counterpart

20  patents or patent applications to the APPLE PATENTS-IN-SUIT or patents related to the APPLE

21  PATENTS-IN-SUIT, including, without limitation, any reexamination and reissue applications.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 82:**

23         Apple objects that this request is duplicative of Request for Production No. 81.  Apple

24  objects to the phrases "relating to the preparation, filing and/or prosecution," "patents related to

25  the APPLE PATENTS-IN-SUIT," and "foreign counterpart patents" as vague and ambiguous.

26  Apple objects to this request as overly broad, unduly burdensome, and not reasonably calculated

27  to lead to the discovery of admissible evidence, especially because it requests "all DOCUMENTS

28  and things."  Apple objects to this request to the extent it seeks production of documents that: (i)

1    are protected from discovery by the attorney-client privilege or the work product doctrine, or any

2    other applicable privilege or immunity, or any other applicable privilege or immunity; (ii) are

3    outside of Apple's possession, custody, or control; (iii) would require Apple to draw a legal

4    conclusion to respond; or (iv) can be obtained as easily by Samsung, are already in Samsung's

5    possession, or are publicly available.

6          Apple further objects to Samsung's request as overbroad to the extent it purports to

7    require Apple to conduct a search for documents that is more extensive than is reasonable under

8    the circumstances.  Subject to and without waiving the foregoing General and Specific Objections,

9    Apple has produced or will produce responsive, non-privileged documents in its possession,

10   custody, or control, if any, located after a reasonable search as discussed in more detail above.

11    **REQUEST FOR PRODUCTION NO. 83:**

12          All DOCUMENTS and things relating to the conception of any alleged invention claimed

13   by the APPLE IP, including, without limitation, any documents or things which APPLE contends

14   corroborate such conception, including, without limitation, laboratory notebooks, schematics,

15   drawings, specifications, source code, artwork, formulas, and prototypes.

16   **RESPONSE TO REQUEST FOR PRODUCTION NO. 83:**

17          Apple objects to the phrases "relating to the conception of any alleged invention" as vague

18   and ambiguous, and object to this request as vague and ambiguous to the extent it seeks

19   information regarding conception of an invention for Apple trademarks and trade dress.  Apple

20   objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead

21   to the discovery of admissible evidence, especially because it requests "all DOCUMENTS and

22   things," and as it calls for information that is not relevant to the claims in this case to the extent it

23   seeks information regarding patents and patent claims not asserted by Apple.  Apple objects to the

24   production of "laboratory notebooks, schematics, drawings, specifications, source code, artwork,

25   formulas, and prototypes" without adequate safeguards against unauthorized release of new

26   product information.  Apple objects to this request to the extent it seeks production of documents

27   that: (i) are protected from discovery by the attorney-client privilege or the work product doctrine,

28   or any other applicable privilege or immunity, or any other applicable privilege or immunity; (ii)

1   are outside of Apple's possession, custody, or control; (iii) would require Apple to draw a legal

2   conclusion to respond; or (iv) can be obtained as easily by Samsung, are already in Samsung's

3   possession, or are publicly available.

4          Subject to and without waiving the foregoing General and Specific Objections, Apple has

5   produced or will produce responsive, non-privileged documents in the possession, custody, or

6   control of the named inventors of Apple's asserted patents currently employed by Apple, if any,

7   located after a reasonable search, sufficient to show conception of Apple's utility and design

8   patents at issue.

9   **REQUEST FOR PRODUCTION NO. 84:**

10          All DOCUMENTS and things relating to the ownership, title, transfer, or assignment of

11   the APPLE IP.

12   **RESPONSE TO REQUEST FOR PRODUCTION NO. 84:**

13          Apple objects to the phrase "relating to the ownership, title, transfer, or assignment" as

14   vague and ambiguous.  Apple objects to this request as overly broad, unduly burdensome, and not

15   reasonably calculated to lead to the discovery of admissible evidence, especially because it

16   requests "all DOCUMENTS and things."  Apple objects to this request to the extent it seeks

17   production of documents that: (i) are protected from discovery by the attorney-client privilege or

18   the work product doctrine, or any other applicable privilege or immunity; (ii) are outside of

19   Apple's possession, custody, or control; (iii) can be obtained as easily by Samsung, are already in

20   Samsung's possession, or are publicly available; (iv) are subject to a confidentiality or non-

21   disclosure agreement or governed by a protective order preventing its production; or (v) would

22   require Apple to draw a legal conclusion to respond.

23          Subject to and without waiving the foregoing General and Specific Objections, Apple has

24   produced or will produce responsive, non-privileged documents in its possession, custody, or

25   control, if any, located after a reasonable search, sufficient to show ownership of Apple's asserted

26   patents, trade dress, and trademarks.

27

28

APPLE INC'S OBJECTIONS AND RESPONSES TO SAMSUNG'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO. 11-cv-01846-LHK
sf-3039157

54

**REQUEST FOR PRODUCTION NO. 85:**

DOCUMENTS sufficient to identify every person who has now, or had previously, a financial interest in any of the APPLE IP, other than APPLE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 85:**

Apple objects to the phrase "financial interest" as vague and ambiguous.  Apple objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, especially with regard to the request for identification of "every person" that "has" or "had" a "financial interest" which could, for example, be construed to cover all past and present Apple stockholders.  Apple objects to this request as calling for information that is not relevant to the claims or defenses at issue in this case.

Subject to and without waiving the foregoing General and Specific Objections, Apple is willing to meet and confer to discuss the scope and relevance of the documents sought by Samsung.

**REQUEST FOR PRODUCTION NO. 86:**

All DOCUMENTS and things relating to the reduction to practice of any alleged invention claimed by the APPLE IP, including, without limitation, any documents or things which APPLE contends corroborate such reduction to practice.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**

Apple objects to the phrase "relating to the reduction to practice" as vague and ambiguous, and the request is vague and ambiguous to the extent it seeks reduction to practice of Apple's asserted trademark and trade dress rights.  Apple objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, especially because it requests "all DOCUMENTS and things."  Apple objects to this request to the extent it seeks production of documents that:  (i) are protected from discovery by the attorney-client privilege or the work product doctrine, or any other applicable privilege or immunity; (ii) are outside of Apple's possession, custody, or control; (iii) would require Apple to draw a legal conclusion to respond; or (iv) can be obtained as easily by Samsung, are already in Samsung's possession, or are publicly available.

Apple Inc's Objections and Responses to Samsung's First Set of Requests for Production
Case No. 11-cv-01846-LHK
sf-3039157

55

1    Subject to and without waiving the foregoing General and Specific Objections, Apple has

2    produced or will produce responsive, non-privileged documents in the possession, custody, or

3    control of the named inventors of Apple's asserted patents currently employed by Apple, if any,

4    located after a reasonable search, sufficient to show reduction to practice of the Apple utility and

5    design patents.

6    **REQUEST FOR PRODUCTION NO. 87:**

7    All DOCUMENTS and things relating to diligence leading to the reduction to practice of

8    any alleged invention claimed by the APPLE IP, including, without limitation, any documents or

9    things which APPLE contends corroborate such diligence.

10   **RESPONSE TO REQUEST FOR PRODUCTION NO. 87:**

11   Apple objects to the phrase "relating to diligence" as vague and ambiguous, and the

12   request is vague and ambiguous to the extent it seeks "diligence leading to the reduction to

13   practice" of Apple's asserted trademark and trade dress rights.  Apple objects to this request as

14   overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of

15   admissible evidence, especially because it requests "all DOCUMENTS and things."  Apple

16   objects to this request to the extent it seeks production of documents that:  (i) are protected from

17   discovery by the attorney-client privilege or the work product doctrine, or any other applicable

18   privilege or immunity; (ii) are outside of Apple's possession, custody, or control; (iii) would

19   require Apple to draw a legal conclusion to respond; or (iv) can be obtained as easily by

20   Samsung, are already in Samsung's possession, or are publicly available.

21   Subject to and without waiving the foregoing General and Specific Objections, Apple has

22   produced or will produce responsive, non-privileged documents in the possession, custody, or

23   control of the named inventors of Apple's asserted patents currently employed by Apple, if any,

24   located after a reasonable search, sufficient to show diligence leading to the reduction to practice

25   of the Apple utility and design patents.

26   **REQUEST FOR PRODUCTION NO. 88:**

27   Documents sufficient to identify each person that worked on any project that led to the

28   development of the alleged inventions claimed in any of the APPLE IP.

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 88:**

2      Apple objects to the phrase "any project that led to the development" as vague and

3  ambiguous.  Apple objects to this request as overly broad, unduly burdensome, and not

4  reasonably calculated to lead to the discovery of admissible evidence, especially with regards to

5  the request that Apple "identify each person."  Apple objects to this request as calling for

6  information that is not relevant to the claims or defenses at issue in this case, especially with

7  regards to its request for documents regarding "any project that led to the development of the

8  alleged inventions claimed in any of the APPLE IP."

9      Apple further objects to Samsung's request as overbroad to the extent it purports to

10  require Apple to conduct a search for documents that is more extensive than is reasonable under

11  the circumstances.  Subject to and without waiving the foregoing General and Specific Objections,

12  Apple has produced or will produce responsive, non-privileged documents in its possession,

13  custody, or control, if any, located after a reasonable search as discussed in more detail above.

14  **REQUEST FOR PRODUCTION NO. 89:**

15      All DOCUMENTS and COMMUNICATIONS concerning any modes contemplated by

16  APPLE or by any inventor for carrying out each invention claimed in any of the APPLE

17  PATENTS-IN-SUIT, including the best mode of carrying out the inventions claimed in any of the

18  APPLE PATENTS-IN-SUIT, from a period starting with the conception of the invention and

19  ending when the application for the corresponding APPLE patent was filed.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 89:**

21      Apple objects to the term "concerning" to the extent that it fails to provide reasonable

22  particularity as to the scope of the documents sought.  Apple objects to the phrase "concerning

23  any modes contemplated" as vague and ambiguous.  Apple objects to this request as overly broad,

24  unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

25  evidence, especially because it requests "all DOCUMENTS and COMMUNICATIONS."  Apple

26  objects to this request to the extent it seeks production of documents that:  (i) are protected from

27  discovery by the attorney-client privilege or the work product doctrine, or any other applicable

28  privilege or immunity; (ii) are outside of Apple's possession, custody, or control; (iii) would

1  require Apple to draw a legal conclusion to respond; or (iv) can be obtained as easily by

2  Samsung, are already in Samsung's possession, or are publicly available.

3      Subject to and without waiving the foregoing General and Specific Objections, Apple has

4  produced or will produce responsive, non-privileged documents in the possession, custody, or

5  control of the named inventors of Apple's asserted patents currently employed by Apple, if any,

6  located after a reasonable search, sufficient to show the best mode of practicing the asserted

7  claimed inventions of the Apple utility patents.

8  **REQUEST FOR PRODUCTION NO. 90:**

9      All DOCUMENTS, COMMUNICATIONS, and things concerning the APPLE IP, or the

10  development thereof, that are in the possession of APPLE or any inventor of the APPLE IP.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 90:**

12      Apple objects to the term "concerning" to the extent that it fails to provide reasonable

13  particularity as to the scope of the documents sought.  Apple objects to the phrase "concerning the

14  APPLE IP, or the development thereof" as vague and ambiguous.  Apple objects to this request as

15  overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of

16  admissible evidence, especially because it requests "all DOCUMENTS, COMMUNICATIONS,

17  and things concerning the APPLE IP," and as it calls for information that is not relevant to the

18  claims in this case to the extent it seeks information regarding patents and patent claims not

19  asserted by Apple.  Apple objects to this request to the extent it seeks production of documents

20  that: (i) are protected from discovery by the attorney-client privilege or the work product doctrine,

21  or any other applicable privilege or immunity; (ii) are not relevant to the claims or defenses at

22  issue in this case (iii) are outside of Apple's possession, custody, or control; (iv) can be obtained

23  as easily by Samsung, are already in Samsung's possession, or are publicly available; or (v) are

24  subject to a confidentiality or non-disclosure agreement or governed by a protective order

25  preventing its production.

26      Apple further objects to Samsung's request as overbroad to the extent it purports to

27  require Apple to conduct a search for documents that is more extensive than is reasonable under

28  the circumstances.  Subject to and without waiving the foregoing General and Specific Objections,

1   Apple has produced or will produce responsive, non-privileged documents in its possession,

2   custody, or control, if any, located after a reasonable search as discussed in more detail above.

3   **REQUEST FOR PRODUCTION NO. 91:**

4       All DOCUMENTS and things concerning any COMMUNICATIONS between APPLE

5   and any third party, including any inventor of the APPLE IP, regarding the APPLE IP.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 91:**

7       Apple objects to the term "concerning" to the extent that it fails to provide reasonable

8   particularity as to the scope of the documents sought.  Apple objects to the phrase

9   "DOCUMENTS and things concerning any COMMUNICATIONS" as vague and ambiguous,

10  and the request is vague and ambiguous to the extent it seeks information regarding inventorship

11  of Apple trademarks and trade dress.  Apple objects to this request as overly broad, unduly

12  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence,

13  especially because it requests "all DOCUMENTS and things," and as it calls for information that

14  is not relevant to the claims in this case to the extent it seeks information regarding patents and

15  patent claims not asserted by Apple.  Apple objects to this request to the extent it seeks

16  production of documents that: (i) are protected from discovery by the attorney-client privilege or

17  the work product doctrine, or any other applicable privilege or immunity; (ii) are outside of

18  Apple's possession, custody, or control; (iii) can be obtained as easily by Samsung, are already in

19  Samsung's possession, or are publicly available; or (iv) are subject to a confidentiality or non-

20  disclosure agreement or governed by a protective order preventing its production.

21      Apple further objects to Samsung's request as overbroad to the extent it purports to

22  require Apple to conduct a search for documents that is more extensive than is reasonable under

23  the circumstances.  Subject to and without waiving the foregoing General and Specific Objections,

24  Apple has produced or will produce responsive, non-privileged documents in its possession,

25  custody, or control, if any, located after a reasonable search as discussed in more detail above.

26  **REQUEST FOR PRODUCTION NO. 92:**

27      All PRIOR ART to the APPLE IP known to APPLE for the APPLE IP relating to the field

28  of the alleged invention or the problem(s) addressed by the alleged invention of the APPLE IP.

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 92:**

2        Apple objects to the phrases "problem(s) addressed" and "relating to the field of the

3    alleged invention or the problem(s) addressed by the alleged invention" as vague and ambiguous,

4    and the request is vague and ambiguous to the extent it seeks information regarding "PRIOR

5    ART" for Apple trademarks and trade dress.  Apple objects to this request as overly broad,

6    unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

7    evidence, especially to the extent that it calls for "all PRIOR ART . . . relating to the field of the

8    alleged invention"; and as it calls for information that is not relevant to the claims in this case to

9    the extent it seeks information regarding patents and patent claims not asserted by Apple.  Apple

10   objects to this request to the extent it seeks production of documents that: (i) are protected from

11   discovery by the attorney-client privilege or the work product doctrine, or any other applicable

12   privilege or immunity; (ii) are outside of Apple's possession, custody, or control; (iii) can be

13   obtained as easily by Samsung, are already in Samsung's possession, or are publicly available; or

14   (iv) would be duplicative of the production sought in Request for Production No. 82.

15       Apple further objects to Samsung's request as overbroad to the extent it purports to

16   require Apple to conduct a search for documents that is more extensive than is reasonable under

17   the circumstances.  Subject to and without waiving the foregoing General and Specific Objections,

18   Apple has produced or will produce responsive, non-privileged documents in its possession,

19   custody, or control, if any, located after a reasonable search as discussed in more detail above.

20   **REQUEST FOR PRODUCTION NO. 93:**

21       All DOCUMENTS, COMMUNICATIONS, and things concerning the performance,

22   advantages, disadvantages, problems, features, commercial or technical benefits, or

23   improvements of any alleged invention in any of the APPLE IP.

24   **RESPONSE TO REQUEST FOR PRODUCTION NO. 93:**

25       Apple objects to the term "concerning" to the extent that it fails to provide reasonable

26   particularity as to the scope of the documents sought.  Apple objects to the phrase "performance,

27   advantages, disadvantages, problems, features, commercial or technical benefits, or

28   improvements" as vague and ambiguous, and the request is vague and ambiguous to the extent it

1   seeks information regarding performance and "technical benefits" for Apple trademarks and trade

2   dress.  Apple objects to this request as overly broad, unduly burdensome, and not reasonably

3   calculated to lead to the discovery of admissible evidence, especially because it requests "all

4   DOCUMENTS, COMMUNICATIONS, and things."  Apple objects to this request as calling for

5   information that is not relevant to the claims in this case to the extent it seeks information

6   regarding patents and patent claims not asserted by Apple.  Apple objects to this request to the

7   extent it seeks production of documents that: (i) are protected from discovery by the attorney-

8   client privilege or the work product doctrine, or any other applicable privilege or immunity; (ii)

9   are outside of Apple's possession, custody, or control; or (iii) can be obtained as easily by

10  Samsung, are already in Samsung's possession, or are publicly available.

11      Subject to these objections, Apple is willing to meet and confer to discuss the scope and

12  relevance of the documents sought by Samsung.

13  **REQUEST FOR PRODUCTION NO. 94:**

14      All DOCUMENTS, COMMUNICATIONS, and things concerning patents, publications,

15  abstracts, papers, articles, presentations, or speeches invented, authored or given, in whole or in

16  part, by any inventor of the APPLE IP that relate to the subject matter of the APPLE IP.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 94:**

18      Apple objects to the term "concerning" to the extent that it fails to provide reasonable

19  particularity as to the scope of the documents sought.  Apple objects to the phrase "relate to the

20  subject matter" as vague and ambiguous.  Apple objects to this request as overly broad, unduly

21  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence,

22  especially because it requests "all DOCUMENTS, COMMUNICATIONS, and things."  Apple

23  objects to this request as calling for information that is not relevant to the claims or defenses at

24  issue in this case.  Apple objects to this request to the extent it seeks production of documents

25  that: (i) are protected from discovery by the attorney-client privilege or the work product doctrine,

26  or any other applicable privilege or immunity; (ii) are not relevant to the claims or defenses at

27  issue in this case (iii) are outside of Apple's possession, custody, or control; (iv) can be obtained

28  as easily by Samsung, are already in Samsung's possession, or are publicly available; or (v) are

1 subject to a confidentiality or non-disclosure agreement or governed by a protective order

2 preventing its production.

3    Apple further objects to Samsung's request as overbroad to the extent it purports to

4 require Apple to conduct a search for documents that is more extensive than is reasonable under

5 the circumstances.  Subject to and without waiving the foregoing General and Specific Objections,

6 Apple has produced or will produce responsive, non-privileged documents in its possession,

7 custody, or control, if any, located after a reasonable search as discussed in more detail above.

8 **REQUEST FOR PRODUCTION NO. 95:**

9    All DOCUMENTS and COMMUNICATIONS concerning prior testimony of any

10 inventor of the APPLE IP.

11 **RESPONSE TO REQUEST FOR PRODUCTION NO. 95:**

12    Apple objects to the term "concerning" to the extent that it fails to provide reasonable

13 particularity as to the scope of the documents sought.  Apple objects to the phrase "prior

14 testimony" as vague and ambiguous, and the request is vague and ambiguous to the extent it seeks

15 information regarding "inventors" of Apple trademarks and trade dress.  Apple objects to this

16 request as overly broad, unduly burdensome, and not reasonably calculated to lead to the

17 discovery of admissible evidence, especially because it requests "all DOCUMENTS and

18 COMMUNICATIONS."  Apple objects to this request as calling for information that is not

19 relevant to the claims in this case to the extent it seeks information regarding patents and patent

20 claims not asserted by Apple.  Apple objects to this request to the extent it seeks production of

21 documents that: (i) are protected from discovery by the attorney-client privilege or the work

22 product doctrine, or any other applicable privilege or immunity; (ii) are outside of Apple's

23 possession, custody, or control; (iii) can be obtained as easily by Samsung, are already in

24 Samsung's possession, or are publicly available; or (iv) are subject to a confidentiality or non-

25 disclosure agreement or governed by a protective order preventing its production.

26    Subject to and without waiving the foregoing General and Specific Objections, Apple has

27 produced or will produce responsive, non-privileged documents in its possession, custody, or

28 control, if any, located after a reasonable search, sufficient to show non-confidential deposition

1   and trial transcripts of the named Apple inventors currently employed by Apple regarding the

2   Apple patents in suit.

3   **REQUEST FOR PRODUCTION NO. 96:**

4        All PRIOR ART to the APPLE IP identified at any time to APPLE as potentially or

5   allegedly invalidating PRIOR ART to the APPLE IP.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 96:**

7        Apple objects that the request is vague and ambiguous to the extent it seeks information

8   regarding "PRIOR ART" for Apple trademarks and trade dress.  Apple objects to this request as

9   overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of

10  admissible evidence, especially to the extent that it calls for "all PRIOR ART"; and as it calls for

11  information that is not relevant to the claims in this case to the extent it seeks information

12  regarding patents and patent claims not asserted by Apple.  Apple objects to this request to the

13  extent it seeks production of documents that: (i) are protected from discovery by the attorney-

14  client privilege or the work product doctrine, or any other applicable privilege or immunity; (ii)

15  are outside of Apple's possession, custody, or control; (iii) can be obtained as easily by Samsung,

16  are already in Samsung's possession, or are publicly available; or (iv) would be duplicative of the

17  production sought in Requests for Production Nos. 81 and 92.

18       Apple further objects to Samsung's request as overbroad to the extent it purports to

19  require Apple to conduct a search for documents that is more extensive than is reasonable under

20  the circumstances.  Subject to and without waiving the foregoing General and Specific Objections,

21  Apple has produced or will produce responsive, non-privileged documents in its possession,

22  custody, or control, if any, located after a reasonable search as discussed in more detail above.

23  **REQUEST FOR PRODUCTION NO. 97:**

24       All DOCUMENTS and COMMUNICATIONS concerning the patentability, novelty,

25  scope, infringement, validity, invalidity, enforceability or unenforceability of any claim in any of

26  the APPLE IP.

27

28

APPLE INC'S OBJECTIONS AND RESPONSES TO SAMSUNG'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO. 11-cv-01846-LHK
sf-3039157

63

1 **RESPONSE TO REQUEST FOR PRODUCTION NO. 97:**

2      Apple objects to the term "concerning" to the extent that it fails to provide reasonable

3 particularity as to the scope of the documents sought.  Apple objects to the phrase "concerning the

4 patentability, novelty, scope, infringement, validity, invalidity, enforceability or unenforceability"

5 as vague and ambiguous, and the request is vague and ambiguous to the extent it seeks

6 information regarding the patentability of Apple trademarks and trade dress.  Apple objects to this

7 request as overly broad, unduly burdensome, and not reasonably calculated to lead to the

8 discovery of admissible evidence, especially because it requests "all DOCUMENTS and

9 COMMUNICATIONS"; and as it calls for information that is not relevant to the claims in this

10 case to the extent it seeks information regarding patents and patent claims not asserted by Apple.

11 Apple objects to this request to the extent it seeks production of documents that: (i) are protected

12 from discovery by the attorney-client privilege or the work product doctrine, or any other

13 applicable privilege or immunity; (ii) are outside of Apple's possession, custody, or control; (iii)

14 would require Apple to draw a legal conclusion to respond; or (iv) would be duplicative of the

15 production sought in Requests for Production Nos. 81, 92, and 96.

16      Subject to these objections, Apple is willing to meet and confer to discuss the scope and

17 relevance of the documents sought by Samsung.

18 **REQUEST FOR PRODUCTION NO. 98:**

19      All DOCUMENTS and things relating to any information, including patents, publications,

20 prior knowledge, public uses, sales, or offers for sale, that may constitute, contain, disclose, refer

21 to, relate to, or embody any PRIOR ART to any alleged invention claimed by the APPLE IP.

22 **RESPONSE TO REQUEST FOR PRODUCTION NO. 98:**

23      Apple objects to the phrase "relating to any information" as vague and ambiguous, and the

24 request is vague and ambiguous to the extent it seeks information regarding "PRIOR ART" for

25 Apple trademarks and trade dress.  Apple objects to this request as overly broad, unduly

26 burdensome, and not reasonably calculated to lead to the discovery of admissible evidence,

27 especially because it requests "all DOCUMENTS and things."  Apple objects to this request as

28 calling for information that is not relevant to the claims in this case to the extent it seeks

1    information regarding patents and patent claims not asserted by Apple.  Apple objects to this

2    request to the extent it seeks production of documents that: (i) are protected from discovery by the

3    attorney-client privilege or the work product doctrine, or any other applicable privilege or

4    immunity; (ii) are outside of Apple's possession, custody, or control; (iii) would require Apple to

5    draw a legal conclusion to respond; (iv) can be obtained as easily by Samsung, are already in

6    Samsung's possession, or are publicly available; or (v) would be duplicative of the production

7    sought in Requests Nos. 81, 92, 96, or 97.

8           Subject to these objections, Apple is willing to meet and confer to discuss the scope and

9    relevance of the documents sought by Samsung.

10   **REQUEST FOR PRODUCTION NO. 99:**

11          All DOCUMENTS and things relating to the initial offer for sale, initial manufacture,

12   initial use, initial sale, initial public use, initial shipment, initial announcement, or initial

13   disclosure of a product embodying any claim of the APPLE IP.

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 99:**

15          Apple objects to the phrase "initial offer for sale, initial manufacture, initial use, initial

16   sale, initial public use, initial shipment, initial announcement, or initial disclosure of a product" as

17   vague and ambiguous, and the request is vague and ambiguous to the extent it seeks information

18   regarding the embodiment of Apple trademarks and trade dress through a product.  Apple objects

19   to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the

20   discovery of admissible evidence, especially because it requests "all DOCUMENTS and things."

21   Apple objects to this request as calling for information that is not relevant to the claims in this

22   case to the extent it seeks information regarding patents and patent claims not asserted by Apple.

23   Apple objects to this request to the extent it seeks production of documents that: (i) are protected

24   from discovery by the attorney-client privilege or the work product doctrine, or any other

25   applicable privilege or immunity; (ii)  are outside of Apple's possession, custody, or control; (iii)

26   would require Apple to draw a legal conclusion to respond; (iv) can be obtained as easily by

27   Samsung, are already in Samsung's possession, or are publicly available; or (v)  are subject to a

28

1   confidentiality or non-disclosure agreement or governed by a protective order preventing its

2   production.

3       Subject to and without waiving the foregoing General and Specific Objections, Apple has

4   produced or will produce responsive, non-privileged documents in its possession, custody, or

5   control, if any, located after a reasonable search, sufficient to show the initial announcement and

6   sale of Apple products.

7   **REQUEST FOR PRODUCTION NO. 100:**

8       All DOCUMENTS and things relating to the first public disclosure of any alleged

9   invention claimed by the APPLE IP, including, without limitation, any pre-filing date sales, offers

10   for sale, public uses, demonstrations, announcements, advertisements, correspondence with

11   potential customers, or publications.

12   **RESPONSE TO REQUEST FOR PRODUCTION NO. 100:**

13       Apple objects to the phrase "relating to the first public disclosure" as vague and

14   ambiguous, and the request is vague and ambiguous to the extent it seeks information regarding

15   "any alleged invention claimed by the" Apple trademarks and trade dress.  Apple objects to this

16   request as overly broad, unduly burdensome, and not reasonably calculated to lead to the

17   discovery of admissible evidence, especially because it requests "all DOCUMENTS and things."

18   Apple objects to this request as calling for information that is not relevant to the claims in this

19   case to the extent it seeks information regarding patents and patent claims not asserted by Apple.

20   Apple objects to this request to the extent it seeks production of documents that: (i) are protected

21   from discovery by the attorney-client privilege or the work product doctrine, or any other

22   applicable privilege or immunity; (ii) are not relevant to the claims or defenses at issue in this

23   case; (iii) are outside of Apple's possession, custody, or control; (iv) would require Apple to draw

24   a legal conclusion to respond; or (v) can be obtained as easily by Samsung, are already in

25   Samsung's possession, or are publicly available.

26

27

28

APPLE INC'S OBJECTIONS AND RESPONSES TO SAMSUNG'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO. 11-cv-01846-LHK
sf-3039157

66

Apple further objects to Samsung's request as overbroad to the extent it purports to require Apple to conduct a search for documents that is more extensive than is reasonable under the circumstances.  Subject to and without waiving the foregoing General and Specific Objections, Apple has produced or will produce responsive, non-privileged documents in its possession, custody, or control, if any, located after a reasonable search as discussed in more detail above.

**REQUEST FOR PRODUCTION NO. 101:**

All DOCUMENTS and things relating to the alleged commercial success of products embodying any alleged invention claimed by the APPLE PATENTS-IN-SUIT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 101:**

Apple objects to the phrase "relating to the alleged commercial success" as vague and ambiguous.  Apple objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, especially because it requests "all DOCUMENTS and things."  Apple objects to this request as calling for information that is not relevant to the claims in this case to the extent it seeks information regarding patents and patent claims not asserted by Apple.  Apple objects to this request to the extent it seeks production of documents that: (i) are protected from discovery by the attorney-client privilege or the work product doctrine, or any other applicable privilege or immunity; (ii) are outside of Apple's possession, custody, or control; (iii) can be obtained as easily by Samsung, are already in Samsung's possession, or are publicly available; or (iv)  are subject to a confidentiality or non-disclosure agreement or governed by a protective order preventing its production.

Subject to and without waiving the foregoing General and Specific Objections, Apple has produced or will produce responsive, non-privileged documents in its possession, custody, or control, if any, located after a reasonable search, sufficient to show sales and revenue for relevant Apple products.

1   **REQUEST FOR PRODUCTION NO. 102:**

2        All DOCUMENTS and things relating to the alleged nexus between any alleged

3   commercial success of products embodying any alleged invention claimed by the APPLE

4   PATENTS-IN-SUIT and the alleged advantages of the invention, including, without limitation,

5   any customer surveys designed or intended to reflect the bases for purchasing decisions.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 102:**

7        Apple objects to the terms "alleged commercial success," "alleged invention," and

8   "alleged advantages," and the phrase "relating to the alleged nexus" as vague and ambiguous.

9   Apple objects to this request as overly broad, unduly burdensome, and not reasonably calculated

10  to lead to the discovery of admissible evidence, especially because it requests "all DOCUMENTS

11  and things."  Apple objects to this request as calling for information that is not relevant to the

12  claims in this case to the extent it seeks information regarding patents and patent claims not

13  asserted by Apple.  Apple objects to this request to the extent it seeks production of documents

14  that: (i) are protected from discovery by the attorney-client privilege or the work product doctrine,

15  or any other applicable privilege or immunity; (ii) are not relevant to the claims or defenses at

16  issue in this case; (iii) are outside of Apple's possession, custody, or control; (iv) would require

17  Apple to draw a legal conclusion to respond; (v) can be obtained as easily by Samsung, are

18  already in Samsung's possession, or are publicly available; or (vi) are subject to a confidentiality

19  or non-disclosure agreement or governed by a protective order preventing its production.

20       Apple further objects to Samsung's request as overbroad to the extent it purports to

21  require Apple to conduct a search for documents that is more extensive than is reasonable under

22  the circumstances.  Subject to and without waiving the foregoing General and Specific Objections,

23  Apple has produced or will produce responsive, non-privileged documents in its possession,

24  custody, or control, if any, located after a reasonable search as discussed in more detail above.

25  **REQUEST FOR PRODUCTION NO. 103:**

26       All DOCUMENTS and things relating to whether any alleged invention claimed by the

27  APPLE PATENTS-IN-SUIT allegedly satisfied a long felt need in the art of electronic digital

28  media devices and components thereof.

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 103:**

2         Apple objects to the phrases "relating to whether any alleged invention claimed by the

3    APPLE PATENTS-IN-SUIT allegedly satisfied a long felt need" and "the art of electronic digital

4    media devices and components thereof" as vague and ambiguous.  Apple objects to this request as

5    overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of

6    admissible evidence, especially because it requests "all DOCUMENTS and things."  Apple

7    objects to this request as calling for information that is not relevant to the claims in this case to

8    the extent it seeks information regarding patents and patent claims not asserted by Apple.  Apple

9    objects to this request to the extent it seeks production of documents that: (i) are protected from

10   discovery by the attorney-client privilege or the work product doctrine, or any other applicable

11   privilege or immunity; (ii) are not relevant to the claims or defenses at issue in this case; (iii) are

12   outside of Apple's possession, custody, or control; (iv) would require Apple to draw a legal

13   conclusion to respond; (v) can be obtained as easily by Samsung, are already in Samsung's

14   possession, or are publicly available; or (vi) are subject to a confidentiality or non-disclosure

15   agreement or governed by a protective order preventing its production.

16        Apple further objects to Samsung's request as overbroad to the extent it purports to

17   require Apple to conduct a search for documents that is more extensive than is reasonable under

18   the circumstances.  Subject to and without waiving the foregoing General and Specific Objections,

19   Apple has produced or will produce responsive, non-privileged documents in its possession,

20   custody, or control, if any, located after a reasonable search as discussed in more detail above.

21   **REQUEST FOR PRODUCTION NO. 104**:

22        All DOCUMENTS and things relating to whether the electronic digital media device

23   industry or the industry (or industries) for products interoperable with electronic digital media

24   devices failed to solve problems that allegedly are solved by any alleged invention claimed by the

25   APPLE PATENTS-IN-SUIT.

26   **RESPONSE TO REQUEST FOR PRODUCTION NO. 104:**

27        Apple objects to the phrases "electronic digital media device industry," "the industry (or

28   industries) for products interoperable with electronic digital media devices" and "fails to solve

1   problems" as vague and ambiguous.  Apple objects to this request as overly broad, unduly

2   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence,

3   especially because it requests "all DOCUMENTS and things."  Apple objects to this request as

4   calling for information that is not relevant to the claims in this case to the extent it seeks

5   information regarding patents and patent claims not asserted by Apple.  Apple objects to this

6   request to the extent it seeks production of documents that: (i) are protected from discovery by the

7   attorney-client privilege or the work product doctrine, or any other applicable privilege or

8   immunity; (ii) are not relevant to the claims or defenses at issue in this case; (iii) are outside of

9   Apple's possession, custody, or control; (iv) would require Apple to draw a legal conclusion to

10  respond; (v) can be obtained as easily by Samsung, are already in Samsung's possession, or are

11  publicly available; or (vi) are subject to a confidentiality or non-disclosure agreement or governed

12  by a protective order preventing its production.

       Subject to and without waiving the foregoing General and Specific Objections, Apple is

14  willing to meet and confer to discuss the scope of the documents sought by Samsung.

15  **REQUEST FOR PRODUCTION NO. 105:**

16      All DOCUMENTS and things relating to whether experts in the digital media device

17  industry or the industry (or industries) for products interoperable with electronic digital media

18  devices expressed skepticism concerning any alleged invention claimed by the APPLE

19  PATENTS-IN-SUIT.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 105:**

21      Apple objects to the term "concerning" to the extent that it fails to provide reasonable

22  particularity as to the scope of the documents sought.  Apple objects to the phrase "relating to

23  whether experts in the digital media device industry or the industry (or industries) for products

24  interoperable with electronic digital media devices expressed skepticism concerning" as vague

25  and ambiguous.  Apple objects to this request as overly broad, unduly burdensome, and not

26  reasonably calculated to lead to the discovery of admissible evidence, especially because it

27  requests "all DOCUMENTS and things."  Apple objects to this request as calling for information

28  that is not relevant to the claims in this case to the extent it seeks information regarding patents

1   and patent claims not asserted by Apple.  Apple objects to this request to the extent it seeks

2   production of documents that: (i) are protected from discovery by the attorney-client privilege or

3   the work product doctrine, or any other applicable privilege or immunity; (ii) are not relevant to

4   the claims or defenses at issue in this case; (iii) are outside of Apple's possession, custody, or

5   control; (iv) would require Apple to draw a legal conclusion to respond; (v) can be obtained as

6   easily by Samsung, are already in Samsung's possession, or are publicly available; or (vi) are

7   subject to a confidentiality or non-disclosure agreement or governed by a protective order

8   preventing its production.

9        Subject to and without waiving the foregoing General and Specific Objections, Apple is

10   willing to meet and confer to discuss the scope of the documents sought by Samsung.

11   **REQUEST FOR PRODUCTION NO. 106:**

12        All DOCUMENTS and things relating to accolades and awards given to products that

13   embody any alleged invention claimed by the APPLE PATENTS-IN-SUIT.

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 106:**

15        Apple objects to the phrase "relating to accolades and awards given to products" as vague

16   and ambiguous.  Apple objects to this request as overly broad, unduly burdensome, and not

17   reasonably calculated to lead to the discovery of admissible evidence, especially because it

18   requests "all DOCUMENTS and things."  Apple objects to this request as calling for information

19   that is not relevant to the claims in this case to the extent it seeks information regarding patents

20   and patent claims not asserted by Apple.  Apple objects to this request to the extent it seeks

21   production of documents that: (i) are outside of Apple's possession, custody, or control; or (ii)

22   can be obtained as easily by Samsung, are already in Samsung's possession, or are publicly

23   available.

24        Apple further objects to Samsung's request as overbroad to the extent it purports to

25   require Apple to conduct a search for documents that is more extensive than is reasonable under

26   the circumstances.  Subject to and without waiving the foregoing General and Specific Objections,

27   Apple has produced or will produce responsive, non-privileged documents in its possession,

28   custody, or control, if any, located after a reasonable search as discussed in more detail above.

1    **REQUEST FOR PRODUCTION NO. 107:**

2         All DOCUMENTS and things relating to whether the electronic digital media device,

3    device industry or the industry (or industries) for products interoperable with digital media

4    devices has recognized the significance of any alleged invention claimed by the APPLE

5    PATENTS-IN-SUIT.

6    **RESPONSE TO REQUEST FOR PRODUCTION NO. 107:**

7         Apple objects to the phrase "relating to whether the electronic digital media device, device

8    industry or the industry (or industries) for products interoperable with digital media devices has

9    recognized the significance" as vague and ambiguous.  Apple objects to this request as overly

10   broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

11   evidence, especially because it requests "all DOCUMENTS and things."  Apple objects to this

12   request as calling for information that is not relevant to the claims in this case to the extent it

13   seeks information regarding patents and patent claims not asserted by Apple.  Apple objects to

14   this request to the extent it seeks production of documents that: (i) are protected from discovery

15   by the attorney-client privilege or the work product doctrine, or any other applicable privilege or

16   immunity; (ii) are not relevant to the claims or defenses at issue in this case; (iii) are outside of

17   Apple's possession, custody, or control; (iv) would require Apple to draw a legal conclusion to

18   respond; or (v) can be obtained as easily by Samsung, are already in Samsung's possession, or are

19   publicly available.

20        Subject to and without waiving the foregoing General and Specific Objections, Apple is

21   willing to meet and confer to discuss the scope and relevance of the documents sought by

22   Samsung.

23   **REQUEST FOR PRODUCTION NO. 108:**

24        All DOCUMENTS and things relating to whether any alleged invention claimed by the

25   APPLE PATENTS-IN-SUIT allegedly has been copied by others.

26   **RESPONSE TO REQUEST FOR PRODUCTION NO. 108:**

27        Apple objects to the phrase "relating to whether any alleged invention claimed by the

28   APPLE PATENTS-IN-SUIT allegedly has been copied" as vague and ambiguous.  Apple objects

1   to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the

2   discovery of admissible evidence, especially because it requests "all DOCUMENTS and things."

3   Apple objects to this request as calling for information that is not relevant to the claims in this

4   case to the extent it seeks information regarding patents and patent claims not asserted by Apple.

5   Apple objects to this request to the extent it seeks production of documents that: (i) are protected

6   from discovery by the attorney-client privilege or the work product doctrine, or any other

7   applicable privilege or immunity; (ii) are not relevant to the claims or defenses at issue in this

8   case; (iii) are outside of Apple's possession, custody, or control; (iv) would require Apple to draw

9   a legal conclusion to respond; (v) can be obtained as easily by Samsung, are already in Samsung's

10  possession, or are publicly available; or (vi) are subject to a confidentiality or non-disclosure

11  agreement or governed by a protective order preventing its production.

12        Apple further objects to Samsung's request as overbroad to the extent it purports to

13  require Apple to conduct a search for documents that is more extensive than is reasonable under

14  the circumstances.  Subject to and without waiving the foregoing General and Specific Objections,

15  Apple has produced or will produce responsive, non-privileged documents in its possession,

16  custody, or control, if any, located after a reasonable search as discussed in more detail above.

17  **REQUEST FOR PRODUCTION NO. 109:**

18        All DOCUMENTS and things, not produced in response to another document request,

19  upon which APPLE intends to rely upon as evidence of objective indicia of non-obviousness of

20  the APPLE PATENTS-IN-SUIT.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 109:**

22        Apple objects to this request as overly broad, unduly burdensome, and not reasonably

23  calculated to lead to the discovery of admissible evidence, especially because it requests "all

24  DOCUMENTS and things."  Apple objects to this request to the extent that it calls for the

25  production of documents that are: (i) protected from discovery by the attorney-client privilege or

26  the work product doctrine, or any other applicable privilege or immunity; or (ii) would require

27  Apple to draw a legal conclusion to respond.

28

APPLE INC'S OBJECTIONS AND RESPONSES TO SAMSUNG'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO. 11-cv-01846-LHK
sf-3039157

73

1    Apple further objects to Samsung's request as overbroad to the extent it purports to

2   require Apple to conduct a search for documents that is more extensive than is reasonable under

3   the circumstances.  Subject to and without waiving the foregoing General and Specific Objections,

4   Apple has produced or will produce responsive, non-privileged documents in its possession,

5   custody, or control, if any, located after a reasonable search as discussed in more detail above.

6   **REQUEST FOR PRODUCTION NO. 110:**

7    All DOCUMENTS and things evidencing APPLE'S licensing program, including,

8   without limitation, documents sufficient to identify all APPLE licensing personnel, location of

9   said personnel, duties of said personnel, and costs of said personnel.

10   **RESPONSE TO REQUEST FOR PRODUCTION NO. 110:**

11    Apple objects to the phrases "licensing program," "location," "duties," and "costs of said

12   personnel," as vague and ambiguous.  Apple objects to this request as overly broad, unduly

13   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence,

14   especially because it requests "all DOCUMENTS and things" and the identification of "all

15   APPLE licensing personnel."  Apple objects to this request to the extent it seeks production of

16   documents that: (i) are protected from discovery by the attorney-client privilege or the work

17   product doctrine, or any other applicable privilege or immunity; (ii) are not relevant to the claims

18   or defenses at issue in this case; or (iii) are outside of Apple's possession, custody, or control; or

19   (iv) are subject to a confidentiality or non-disclosure agreement or governed by a protective order

20   preventing its production.

21    Subject to and without waiving the foregoing General and Specific Objections, Apple is

22   willing to meet and confer to discuss the scope and relevance of the documents sought by

23   Samsung.

24   **REQUEST FOR PRODUCTION NO. 111:**

25    All DOCUMENTS reflecting a license to practice any claim of the APPLE IP.

26   **RESPONSE TO REQUEST FOR PRODUCTION NO. 111:**

27    Apple objects to the phrase "reflecting a license" as vague and ambiguous, and the request

28   is vague and ambiguous to the extent it seeks information regarding subsidiary claims to Apple

1   trademarks and trade dress.  Apple objects to this request as overly broad, unduly burdensome,

2   and not reasonably calculated to lead to the discovery of admissible evidence, especially because

3   it requests "all DOCUMENTS."  Apple objects to this request as calling for information that is

4   not relevant to the claims in this case to the extent it seeks information regarding patents and

5   patent claims not asserted by Apple.  Apple objects to this request to the extent it seeks

6   production of documents that: (i) are protected from discovery by the attorney-client privilege or

7   the work product doctrine, or any other applicable privilege or immunity; (ii) are not relevant to

8   the claims or defenses at issue in this case; (iii) are outside of Apple's possession, custody, or

9   control; or (iv) are subject to a confidentiality or non-disclosure agreement or governed by a

10  protective order preventing its production.

11      Subject to and without waiving the foregoing General and Specific Objections, Apple has

12  produced or will produce responsive, non-privileged documents in its possession, custody, or

13  control, if any, located after a reasonable search, sufficient to show non-confidential licenses

14  within its possession, custody, or control covering Apple's asserted patents, trademarks, and trade

15  dress.

16  **REQUEST FOR PRODUCTION NO. 112:**

17      All DOCUMENTS and things relating to any COMMUNICATIONS between APPLE and

18  any other entity related to license agreements that you contend includes a license to practice the

19  APPLE IP, including, without limitation, cease and desist letters, draft agreements, documents

20  and things relating to negotiations, discussions, or other communications concerning licensing of

21  any of the APPLE IP.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 112:**

23      Apple objects to the term "concerning" to the extent that it fails to provide reasonable

24  particularity as to the scope of the documents sought.  Apple objects to the phrases "relating to

25  any COMMUNICATIONS between APPLE and any other entity related to license agreements"

26  and "concerning licensing of any of the APPLE IP" as vague and ambiguous, and the request is

27  vague and ambiguous to the extent it seeks information regarding the "practice" of Apple

28  trademarks and trade dress.  Apple objects to this request as overly broad, unduly burdensome,

APPLE INC'S OBJECTIONS AND RESPONSES TO SAMSUNG'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO. 11-cv-01846-LHK
sf-3039157

75

1   and not reasonably calculated to lead to the discovery of admissible evidence, especially because

2   it requests "all DOCUMENTS and things."  Apple objects to this request as calling for

3   information that is not relevant to the claims in this case to the extent it seeks information

4   regarding patents and patent claims not asserted by Apple.  Apple objects to this request to the

5   extent it seeks production of documents that: (i) are protected from discovery by the attorney-

6   client privilege or the work product doctrine, or any other applicable privilege or immunity; (ii)

7   are not relevant to the claims or defenses at issue in this case; (iii) are outside of Apple's

8   possession, custody, or control; (iv) would require Apple to draw a legal conclusion to respond;

9   or (v) are subject to a confidentiality or non-disclosure agreement or governed by a protective

10  order preventing its production.

11          Subject to these objections, Apple is willing to meet and confer to discuss the scope and

12  relevance of the documents sought by Samsung.

13  **REQUEST FOR PRODUCTION NO. 113:**

14          All DOCUMENTS and things relating to your attempts to license the APPLE IP which

15  have not yet resulted in a license agreement, including, without limitation, cease and desist letters,

16  draft agreements, documents and things relating to negotiations, discussions, or other

17  communications concerning licensing of any of the APPLE IP.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 113:**

19          Apple objects to the term "concerning" to the extent that it fails to provide reasonable

20  particularity as to the scope of the documents sought.  Apple objects to the phrases "relating to

21  your attempts to license" and "communications concerning licensing" as vague and ambiguous.

22  Apple objects to this request as overly broad, unduly burdensome, and not reasonably calculated

23  to lead to the discovery of admissible evidence, especially because it requests "all DOCUMENTS

24  and things."  Apple objects to this request as calling for information that is not relevant to the

25  claims in this case to the extent it seeks information regarding patents and patent claims not

26  asserted by Apple.  Apple objects to this request to the extent it seeks production of documents

27  that: (i) are protected from discovery by the attorney-client privilege or the work product doctrine,

28  or any other applicable privilege or immunity; (ii) are not relevant to the claims or defenses at

1   issue in this case; (iii) are outside of Apple's possession, custody, or control; (iv) would require

2   Apple to draw a legal conclusion to respond; (v) can be obtained as easily by Samsung, are

3   already in Samsung's possession, or are publicly available; or (vi) are subject to a confidentiality

4   or non-disclosure agreement or governed by a protective order preventing its production.

5        Subject to these objections, Apple is willing to meet and confer to discuss the scope and

6   relevance of the documents sought by Samsung.

7   **REQUEST FOR PRODUCTION NO. 114:**

8        All DOCUMENTS relating to any covenant not to sue under or agreement not to assert

9   the APPLE IP.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 114:**

11       Apple objects to the phrase "relating to any covenant not to sue" as vague and ambiguous.

12  Apple objects to this request as overly broad, unduly burdensome, and not reasonably calculated

13  to lead to the discovery of admissible evidence, especially because it requests "all

14  DOCUMENTS."  Apple objects to this request as calling for information that is not relevant to

15  the claims in this case to the extent it seeks information regarding patents and patent claims not

16  asserted by Apple.  Apple objects to this request to the extent it seeks production of documents

17  that: (i) are protected from discovery by the attorney-client privilege or the work product doctrine,

18  or any other applicable privilege or immunity; (ii) are not relevant to the claims or defenses at

19  issue in this case; (iii) are outside of Apple's possession, custody, or control; (iv) would require

20  Apple to draw a legal conclusion to respond; or (v) are subject to a confidentiality or non-

21  disclosure agreement or governed by a protective order preventing its production.

22       Subject to and without waiving the foregoing General and Specific Objections, Apple has

23  produced or will produce responsive, non-privileged documents in its possession, custody, or

24  control, if any, located after a reasonable search, sufficient to show non-confidential agreements

25  containing covenants not to sue or non-assertion clauses covering Apple's asserted patents,

26  trademarks, and trade dress.

27

28

APPLE INC'S OBJECTIONS AND RESPONSES TO SAMSUNG'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO. 11-cv-01846-LHK
sf-3039157

77

1    **REQUEST FOR PRODUCTION NO. 115:**

2         All DOCUMENTS and things referring or relating to royalty rates in the electronic digital

3    media device industry.

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 115:**

5         Apple objects to the phrases "referring or relating to royalty rates" and "electronic digital

6    media device industry" as vague and ambiguous.  Apple objects to this request as overly broad,

7    unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

8    evidence, especially because it requests "all DOCUMENTS and things."  Apple objects to this

9    request as calling for information that is not relevant to the claims in this case to the extent it

10   seeks information regarding patents and patent claims not asserted by Apple.  Apple objects to

11   this request to the extent it seeks production of documents that: (i) are protected from discovery

12   by the attorney-client privilege or the work product doctrine, or any other applicable privilege or

13   immunity; (ii) are not relevant to the claims or defenses at issue in this case; (iii) are outside of

14   Apple's possession, custody, or control; (iv) would require Apple to draw a legal conclusion to

15   respond; (v) can be obtained as easily by Samsung, are already in Samsung's possession, or are

16   publicly available; or (vi) are subject to a confidentiality or non-disclosure agreement or governed

17   by a protective order preventing its production.

18        Subject to and without waiving the foregoing General and Specific Objections, Apple is

19   willing to meet and confer to discuss the scope and relevance of the documents sought by

20   Samsung.

21   **REQUEST FOR PRODUCTION NO. 116:**

22        DOCUMENTS sufficient to show any profits or losses on domestic sales of APPLE'S

23   products incorporating electronic digital media devices, both as individual units and in the

24   aggregate.

25   **RESPONSE TO REQUEST FOR PRODUCTION NO. 116:**

26        Apple objects to the phrases "sufficient to show any profits or losses" and "products

27   incorporating electronic digital media devices" as vague and ambiguous.  Apple objects to this

28   request as overly broad, unduly burdensome, and not reasonably calculated to lead to the

APPLE INC'S OBJECTIONS AND RESPONSES TO SAMSUNG'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO. 11-cv-01846-LHK
sf-3039157

78

1   discovery of admissible evidence, especially because it requests documents providing information

2   on domestic sales of Apple products without limitation to the technology at issue in this case.

3   Apple objects to this request to the extent it seeks production of documents that: (i) are not

4   relevant to the claims or defenses at issue in this case; or (ii) are subject to a confidentiality or

5   non-disclosure agreement or governed by a protective order preventing its production.

6       Subject to and without waiving the foregoing General and Specific Objections, Apple is

7   willing to meet and confer to discuss the scope and relevance of the documents sought by

8   Samsung.

9   **REQUEST FOR PRODUCTION NO. 117:**

10      All DOCUMENTS and things relating to APPLE'S participation in any industry groups or

11   associations, including standard-setting organizations, insofar as any standards related to such

12   group, association, or organization relate to any of the APPLE PATENTS-IN-SUIT or

13   SAMSUNG PATENTS-IN-SUIT, or patents related to same, or the subject matter thereof.

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 117:**

15      Apple objects to the phrases "any industry groups or associations" and "relate to any of

16   the APPLE PATENTS-IN-SUIT or SAMSUNG PATENTS-IN-SUIT, or patents related to same,

17   or the subject matter thereof" as vague and ambiguous.  Apple objects to this request as overly

18   broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

19   evidence, especially because it requests "all DOCUMENTS and things."  Apple objects to this

20   request to the extent it seeks production of documents that: (i) are protected from discovery by the

21   attorney-client privilege or the work product doctrine, or any other applicable privilege or

22   immunity; (ii) are not relevant to the claims or defenses at issue in this case; (iii) are outside of

23   Apple's possession, custody, or control; (iv) would require Apple to draw a legal conclusion to

24   respond; (v) can be obtained as easily by Samsung, are already in Samsung's possession, or are

25   publicly available; or (vi) are subject to a confidentiality or non-disclosure agreement or governed

26   by a protective order preventing its production.

27      Apple further objects to Samsung's request as overbroad to the extent it purports to

28   require Apple to conduct a search for documents that is more extensive than is reasonable under

APPLE INC'S OBJECTIONS AND RESPONSES TO SAMSUNG'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO. 11-cv-01846-LHK
sf-3039157

79

1   the circumstances.  Subject to and without waiving the foregoing General and Specific Objections,

2   Apple has produced or will produce responsive, non-privileged documents in its possession,

3   custody, or control, if any, located after a reasonable search as discussed in more detail above.

4   **REQUEST FOR PRODUCTION NO. 118:**

5   　　　All DOCUMENTS and things relating to the intellectual property disclosure requirements

6   for any standard-setting organization in which APPLE participates and relates to any of the

7   APPLE PATENTS-IN-SUIT or SAMSUNG PATENTS-IN-SUIT, or patents related to same, or

8   the subject matter thereof.

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 118:**

10   　　　Apple objects to this request as vague and ambiguous in its entirety.  Apple objects to this

11   request as overly broad, unduly burdensome, and not reasonably calculated to lead to the

12   discovery of admissible evidence, especially because it requests "all DOCUMENTS and things."

13   Apple objects to this request to the extent it seeks production of documents that: (i) are protected

14   from discovery by the attorney-client privilege or the work product doctrine, or any other

15   applicable privilege or immunity; (ii) are not relevant to the claims or defenses at issue in this

16   case; (iii) are outside of Apple's possession, custody, or control; (iv) would require Apple to draw

17   a legal conclusion to respond; (v) can be obtained as easily by Samsung, are already in Samsung's

18   possession, or are publicly available; or (vi) are subject to a confidentiality or non-disclosure

19   agreement or governed by a protective order preventing its production.

20   　　　Apple further objects to Samsung's request as overbroad to the extent it purports to

21   require Apple to conduct a search for documents that is more extensive than is reasonable under

22   the circumstances.  Subject to and without waiving the foregoing General and Specific Objections,

23   Apple has produced or will produce responsive, non-privileged documents in its possession,

24   custody, or control, if any, located after a reasonable search as discussed in more detail above.

25   **REQUEST FOR PRODUCTION NO. 119:**

26   　　　All DOCUMENTS and things that reflect any COMMUNICATIONS between APPLE

27   and a standard-setting organization insofar as such standard relates to any of the APPLE

28

1   PATENTS- IN-SUIT or SAMSUNG PATENTS-IN-SUIT, or patents related to same, or the

2   subject matter thereof.

3   **RESPONSE TO REQUEST FOR PRODUCTION NO. 119:**

4         Apple objects to the phrase "reflect any COMMUNICATIONS between APPLE and a

5   standard-setting organization insofar as such standard relates to any of the APPLE PATENTS-

6   IN-SUIT or SAMSUNG PATENTS-IN-SUIT, or patents related to same" as vague and

7   ambiguous.  Apple objects to this request as overly broad, unduly burdensome, and not

8   reasonably calculated to lead to the discovery of admissible evidence, especially because it

9   requests "all DOCUMENTS and things."  Apple objects to this request as calling for information

10  that is not relevant to the claims in this case to the extent it seeks information regarding patents

11  and patent claims not asserted by Apple.  Apple objects to this request to the extent it seeks

12  production of documents that: (i) are protected from discovery by the attorney-client privilege or

13  the work product doctrine, or any other applicable privilege or immunity; (ii) are not relevant to

14  the claims or defenses at issue in this case; (iii) are outside of Apple's possession, custody, or

15  control; (iv) would require Apple to draw a legal conclusion to respond; (v) can be obtained as

16  easily by Samsung, are already in Samsung's possession, or are publicly available; (vi) are

17  subject to a confidentiality or non-disclosure agreement or governed by a protective order

18  preventing its production; or (vii) would be duplicative of the production sought in Request No.

19  118.

20        Subject to these objections, Apple is willing to meet and confer to discuss the scope and

21  relevance of the documents sought by Samsung.

22  **REQUEST FOR PRODUCTION NO. 120:**

23        DOCUMENTS sufficient to identify every attempt by APPLE to enforce the APPLE IP or

24  foreign counterparts, either in the United States or abroad.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 120:**

26        Apple objects to the phrases "enforce," "foreign counterparts," and "patents related to

27  same" as vague and ambiguous.  Apple objects to this request as calling for information that is

28  not relevant to the claims in this case to the extent it seeks information regarding patents and

APPLE INC'S OBJECTIONS AND RESPONSES TO SAMSUNG'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO. 11-cv-01846-LHK
sf-3039157

81

1    patent claims not asserted by Apple.  Apple objects to this request to the extent it seeks

2    production of documents that: (i) are not relevant to the claims or defenses at issue in this case;

3    (ii) would require Apple to draw a legal conclusion to respond; (iii) can be obtained as easily by

4    Samsung, are already in Samsung's possession, or are publicly available; or (iv) are subject to a

5    confidentiality or non-disclosure agreement or governed by a protective order preventing its

6    production.

7        Subject to and without waiving the foregoing General and Specific Objections, Apple is

8    willing to meet and confer to discuss the scope and relevance of the documents sought by

9    Samsung.

10   **REQUEST FOR PRODUCTION NO. 121:**

11       All DOCUMENTS and COMMUNICATIONS regarding APPLE'S formal or informal

12   policies, procedures, practices, or guidelines for licensing, sublicensing or assigning rights to the

13   APPLE IP or other patents.

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 121:**

15       Apple objects to the phrase "informal policies, procedures, practices, or guidelines for

16   licensing, sublicensing or assigning rights" as vague and ambiguous.  Apple objects to this

17   request as overly broad, unduly burdensome, and not reasonably calculated to lead to the

18   discovery of admissible evidence, especially because it requests "all DOCUMENTS and

19   COMMUNICATIONS."  Apple objects to this request to the extent it seeks production of

20   documents that: (i) are protected from discovery by the attorney-client privilege or the work

21   product doctrine, or any other applicable privilege or immunity; (ii) are outside of Apple's

22   possession, custody, or control; or (iii) would require Apple to draw a legal conclusion to

23   respond.

24       Apple further objects to Samsung's request as overbroad to the extent it purports to

25   require Apple to conduct a search for documents that is more extensive than is reasonable under

26   the circumstances.  Subject to and without waiving the foregoing General and Specific Objections,

27   Apple has produced or will produce responsive, non-privileged documents in its possession,

28   custody, or control, if any, located after a reasonable search as discussed in more detail above.

APPLE INC'S OBJECTIONS AND RESPONSES TO SAMSUNG'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO. 11-cv-01846-LHK
sf-3039157

82

**REQUEST FOR PRODUCTION NO. 122:**

All DOCUMENTS concerning the infringement or non-infringement of any of the claims of any of the APPLE IP by any entity or person.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 122:**

Apple objects to the term "concerning" to the extent that it fails to provide reasonable particularity as to the scope of the documents sought.  Apple objects to the phrase "concerning the infringement or non-infringement of any of the claims" as vague and ambiguous, and the request is vague and ambiguous to the extent it seeks information regarding subsidiary claims to Apple trademarks and trade dress.  Apple objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, especially because it requests "all DOCUMENTS."  Apple objects to this request as calling for information that is not relevant to the claims in this case to the extent it seeks information regarding patents and patent claims not asserted by Apple.  Apple objects to this request to the extent it seeks production of documents that: (i) are protected from discovery by the attorney-client privilege or the work product doctrine, or any other applicable privilege or immunity; (ii) are not relevant to the claims or defenses at issue in this case; (iii) are outside of Apple's possession, custody, or control; (iv) would require Apple to draw a legal conclusion to respond; (v) can be obtained as easily by Samsung, are already in Samsung's possession, or are publicly available; (vi) are subject to a confidentiality or non-disclosure agreement or governed by a protective order preventing its production; or (vii) would be duplicative of the production sought in Requests No. 97.

Subject to and without waiving the foregoing General and Specific Objections, Apple is willing to meet and confer to discuss the scope and relevance of the documents sought by Samsung.

**REQUEST FOR PRODUCTION NO. 123:**

All DOCUMENTS regarding any instrumentalities that APPLE contends or has contended infringe any of the APPLE IP.

APPLE INC'S OBJECTIONS AND RESPONSES TO SAMSUNG'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO. 11-cv-01846-LHK
sf-3039157

83

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 123:**

2        Apple objects to the phrase "regarding any instrumentalities" as vague and ambiguous.

3  Apple objects to this request as overly broad, unduly burdensome, and not reasonably calculated

4  to lead to the discovery of admissible evidence, especially because it requests "all

5  DOCUMENTS."  Apple objects to this request as calling for information that is not relevant to

6  the claims in this case to the extent it seeks information regarding patents and patent claims not

7  asserted by Apple.  Apple objects to this request to the extent it seeks production of documents

8  that: (i) are protected from discovery by the attorney-client privilege or the work product doctrine,

9  or any other applicable privilege or immunity; (ii) are not relevant to the claims or defenses at

10  issue in this case; (iii) are outside of Apple's possession, custody, or control; (iv) would require

11  Apple to draw a legal conclusion to respond; (v) can be obtained as easily by Samsung, are

12  already in Samsung's possession, or are publicly available; (vi) are subject to a confidentiality or

13  non-disclosure agreement or governed by a protective order preventing its production; or (vii)

14  would be duplicative of the production sought in Requests Nos. 97 and 122.

15        Subject to these objections, Apple is willing to meet and confer to discuss the scope and

16  relevance of the documents sought by Samsung.

17  **REQUEST FOR PRODUCTION NO. 124:**

18        All DOCUMENTS and things in your possession concerning any communications or

19  correspondence between APPLE and any alleged infringer of any of the APPLE IP.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 124:**

21        Apple objects to the term "concerning" to the extent that it fails to provide reasonable

22  particularity as to the scope of the documents sought.  Apple objects to the phrase

23  "DOCUMENTS and things in your possession concerning any communications" as vague and

24  ambiguous.  Apple objects to this request as overly broad, unduly burdensome, and not

25  reasonably calculated to lead to the discovery of admissible evidence, especially because it

26  requests "all DOCUMENTS and things."  Apple objects to this request as calling for information

27  that is not relevant to the claims in this case to the extent it seeks information regarding patents

28  and patent claims not asserted by Apple.  Apple objects to this request to the extent it seeks

APPLE INC'S OBJECTIONS AND RESPONSES TO SAMSUNG'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO. 11-cv-01846-LHK
sf-3039157

84

1  production of documents that: (i) are protected from discovery by the attorney-client privilege or

2  the work product doctrine, or any other applicable privilege or immunity; (ii) are not relevant to

3  the claims or defenses at issue in this case; (iii) can be obtained as easily by Samsung, are already

4  in Samsung's possession, or are publicly available; or (iv) are subject to a confidentiality or non-

5  disclosure agreement or governed by a protective order preventing its production.

6      Apple further objects to Samsung's request as overbroad to the extent it purports to

7  require Apple to conduct a search for documents that is more extensive than is reasonable under

8  the circumstances.  Subject to and without waiving the foregoing General and Specific Objections,

9  Apple has produced or will produce responsive, non-privileged documents in its possession,

10  custody, or control, if any, located after a reasonable search as discussed in more detail above.

11  **REQUEST FOR PRODUCTION NO. 125:**

12      All DOCUMENTS and things relating to any alleged notice given by APPLE to

13  SAMSUNG reflecting APPLE'S contention that SAMSUNG was, is, or possibly could be

14  infringing any of the APPLE IP.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 125:**

16      Apple objects to the phrase "relating to any alleged notice given by APPLE to

17  SAMSUNG reflecting APPLE'S contention" as vague and ambiguous.  Apple objects to this

18  request as overly broad, unduly burdensome, and not reasonably calculated to lead to the

19  discovery of admissible evidence, especially because it requests "all DOCUMENTS and things."

20  Apple objects to this request to the extent it seeks production of documents that: (i) are protected

21  from discovery by the attorney-client privilege or the work product doctrine, or any other

22  applicable privilege or immunity; (ii) are outside of Apple's possession, custody, or control; or

23  (iii) can be obtained as easily by Samsung, are already in Samsung's possession, or are publicly

24  available.

25      Subject to and without waiving the foregoing General and Specific Objections, Apple has

26  produced or will produce responsive, non-privileged documents in its possession, custody, or

27  control, if any, located after a reasonable search, sufficient to show communications between

28

APPLE INC'S OBJECTIONS AND RESPONSES TO SAMSUNG'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO. 11-cv-01846-LHK
sf-3039157

85

1    Apple and Samsung regarding infringement by Samsung of Apple's asserted intellectual property

2    rights.

3    **REQUEST FOR PRODUCTION NO. 126:**

4         All DOCUMENTS and things relating to APPLE'S acquisition of SAMSUNG accused

5    products.

6    **RESPONSE TO REQUEST FOR PRODUCTION NO. 126:**

7         Apple objects to the phrase "relating to APPLE'S acquisition" as vague and ambiguous.

8    Apple objects to this request as overly broad, unduly burdensome, and not reasonably calculated

9    to lead to the discovery of admissible evidence, especially because it requests "all DOCUMENTS

10   and things."  Apple objects to this request to the extent it seeks production of documents that: (i)

11   are protected from discovery by the attorney-client privilege or the work product doctrine, or any

12   other applicable privilege or immunity; (ii) are not relevant to the claims or defenses at issue in

13   this case; or (iii) are outside of Apple's possession, custody, or control.

14        Subject to and without waiving the foregoing General and Specific Objections, Apple is

15   willing to meet and confer to discuss the scope and relevance of the documents sought by

16   Samsung.

17   **REQUEST FOR PRODUCTION NO. 127:**

18        All DOCUMENTS and things relating to APPLE'S analysis, consideration, or evaluation

19   of whether any SAMSUNG product, device, apparatus, method, process, or system infringes any

20   of the APPLE IP, including, without limitation, All DOCUMENTS and things concerning any

21   test, evaluation, or reverse engineering of any SAMSUNG product, device, apparatus, method,

22   process, or system.

23   **RESPONSE TO REQUEST FOR PRODUCTION NO. 127:**

24        Apple objects to the terms "relating to" and  "concerning" to the extent that they fail to

25   provide reasonable particularity as to the scope of the documents sought.  Apple objects to the

26   phrases "relating to APPLE'S analysis, consideration, or evaluation" and "concerning any test,

27   evaluation, or reverse engineering" as vague and ambiguous.  Apple objects to this request as

28   overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of

1   admissible evidence, especially because it requests "all DOCUMENTS and things."  Apple

2   objects to this request to the extent it seeks production of documents that: (i) are protected from

3   discovery by the attorney-client privilege or the work product doctrine, or any other applicable

4   privilege or immunity; or (ii) are not relevant to the claims or defenses at issue in this case.

5        Subject to and without waiving the foregoing General and Specific Objections, Apple is

6   willing to meet and confer to discuss the scope and relevance of the documents sought by

7   Samsung.

8   **REQUEST FOR PRODUCTION NO. 128:**

9        All DOCUMENTS concerning your contention that APPLE is entitled to damages from

10  Samsung.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 128:**

12       Apple objects to the term "concerning" to the extent that it fails to provide reasonable

13  particularity as to the scope of the documents sought.  Apple objects to the phrase "concerning

14  your contention" as vague and ambiguous.  Apple objects to this request as overly broad, unduly

15  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence,

16  especially because it requests "all DOCUMENTS."  Apple objects to this request to the extent it

17  seeks production of documents that: (i) are protected from discovery by the attorney-client

18  privilege or the work product doctrine, or any other applicable privilege or immunity; (ii) are not

19  relevant to the claims or defenses at issue in this case; (iii) are outside of Apple's possession,

20  custody, or control; (iv) can be obtained as easily by Samsung, are already in Samsung's

21  possession, or are publicly available; or (v) are subject to a confidentiality or non-disclosure

22  agreement or governed by a protective order preventing its production.

23       Subject to and without waiving the foregoing General and Specific Objections, Apple is

24  willing to meet and confer to discuss the scope and relevance of the documents sought by

25  Samsung.

26

27

28

1    **REQUEST FOR PRODUCTION NO. 129:**

2         All DOCUMENTS, COMMUNICATIONS and things concerning the Georgia Pacific

3    factors as those factors relate to your claim for damages arising from SAMSUNG's alleged

4    infringement of the APPLE PATENTS-IN-SUIT.

5    **RESPONSE TO REQUEST FOR PRODUCTION NO. 129:**

6         Apple objects to the term "concerning" to the extent that it fails to provide reasonable

7    particularity as to the scope of the documents sought.  Apple objects to the phrase "concerning the

8    Georgia Pacific factors as those factors relate to your claim for damages" as vague and

9    ambiguous.  Apple objects to this request as overly broad, unduly burdensome, and not

10   reasonably calculated to lead to the discovery of admissible evidence, especially because it

11   requests "all DOCUMENTS, COMMUNICATIONS and things."  Apple objects to this request to

12   the extent it seeks production of documents that: (i) are protected from discovery by the attorney-

13   client privilege or the work product doctrine, or any other applicable privilege or immunity; (ii)

14   are not relevant to the claims or defenses at issue in this case; (iii) are outside of Apple's

15   possession, custody, or control; (iv) would require Apple to draw a legal conclusion to respond;

16   (v) can be obtained as easily by Samsung, are already in Samsung's possession, or are publicly

17   available; or (vi) are subject to a confidentiality or non-disclosure agreement or governed by a

18   protective order preventing its production.

19        Subject to and without waiving the foregoing General and Specific Objections, Apple is

20   willing to meet and confer to discuss the scope and relevance of the documents sought by

21   Samsung.

22   **REQUEST FOR PRODUCTION NO. 130:**

23        All DOCUMENTS, COMMUNICATIONS and things concerning any analyses, studies,

24   reports, memoranda, opinions, advice, communications or correspondence by APPLE, regarding

25   any commercialization any of the APPLE PATENTS-IN-SUIT or APPLE instrumentalities,

26   including marketing plans, market demand or market share analysis (including both projected and

27   actual).

28

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 130:**

2      Apple objects to the term "concerning" to the extent that it fails to provide reasonable

3  particularity as to the scope of the documents sought.  Apple objects to the phrases "concerning

4  any analyses, studies, reports, memoranda, opinions, advice, communications or correspondence"

5  and "regarding any commercialization [sic] any of the APPLE PATENTS-IN-SUIT or APPLE

6  instrumentalities" as vague and ambiguous.  Apple objects to this request as overly broad, unduly

7  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence,

8  especially because it requests "all DOCUMENTS, COMMUNICATIONS and things."  Apple

9  objects to this request as calling for information that is not relevant to the claims in this case to

10  the extent it seeks information regarding patents and patent claims not asserted by Apple.  Apple

11  objects to this request to the extent it seeks production of documents that: (i) would require Apple

12  to draw a legal conclusion to respond; (ii) can be obtained as easily by Samsung, are already in

13  Samsung's possession, or are publicly available; (iii) are subject to a confidentiality or non-

14  disclosure agreement or governed by a protective order preventing its production; or (iv) are

15  subject to a confidentiality or non-disclosure agreement or governed by a protective order

16  preventing its production.

17      Subject to these objections, Apple is willing to meet and confer to discuss the scope and

18  relevance of the documents sought by Samsung.

19  **REQUEST FOR PRODUCTION NO. 131:**

20      All DOCUMENTS regarding the market for any of the APPLE PATENTS-IN-SUIT

21  including documents regarding competitors in the industry, prices, revenues, profits, product

22  designs of any instrumentality that competes with any APPLE instrumentality.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 131:**

24      Apple objects to the phrase "regarding the market" and "any instrumentality that competes

25  with any APPLE instrumentality" as vague and ambiguous.  Apple objects to this request as

26  overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of

27  admissible evidence, especially because it requests "all DOCUMENTS."  Apple objects to this

28  request to the extent it seeks production of documents that: (i) are protected from discovery by the

APPLE INC'S OBJECTIONS AND RESPONSES TO SAMSUNG'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO. 11-cv-01846-LHK
sf-3039157

89

attorney-client privilege or the work product doctrine, or any other applicable privilege or immunity; (ii) are not relevant to the claims or defenses at issue in this case; (iii) are outside of Apple's possession, custody, or control; (iv) can be obtained as easily by Samsung, are already in Samsung's possession, or are publicly available; or (v) are subject to a confidentiality or non-disclosure agreement or governed by a protective order preventing its production.

Subject to these objections, Apple is willing to meet and confer to discuss the scope and relevance of the documents sought by Samsung.

**REQUEST FOR PRODUCTION NO. 132:**

All DOCUMENTS related to APPLE'S actual and projected net profits or losses on sales, licenses, distributions or other transfers of any APPLE PATENT-IN-SUIT or APPLE instrumentality, including all of APPLE'S profit and loss statements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 132:**

Apple objects to the phrases "related to APPLE'S actual and projected net profits or losses" and "APPLE instrumentality" as vague and ambiguous.  Apple objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, especially because it requests "all DOCUMENTS."  Apple objects to this request to the extent it seeks production of documents that: (i) are protected from discovery by the attorney-client privilege or the work product doctrine, or any other applicable privilege or immunity; (ii) are not relevant to the claims or defenses at issue in this case; (iii) are outside of Apple's possession, custody, or control; (iv) would require Apple to draw a legal conclusion to respond; (v) can be obtained as easily by Samsung, are already in Samsung's possession, or are publicly available; or (vi) are subject to a confidentiality or non-disclosure agreement or governed by a protective order preventing its production.

Subject to these objections, Apple is willing to meet and confer to discuss the scope and relevance of the documents sought by Samsung.

APPLE INC'S OBJECTIONS AND RESPONSES TO SAMSUNG'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO. 11-cv-01846-LHK
sf-3039157

90

**REQUEST FOR PRODUCTION NO. 133**:

All DOCUMENTS and COMMUNICATIONS concerning business plans, strategic plans, studies, budgets, forecasts, meetings or presentations related to any of the APPLE PATENTS-IN-SUIT or to the licensing of any other intellectual property rights held by APPLE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 133:**

Apple objects to this request as vague and ambiguous in its entirety.  Apple objects to the term "concerning" to the extent that it fails to provide reasonable particularity as to the scope of the documents sought.  Apple objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, especially because it requests "all DOCUMENTS and COMMUNICATIONS" and those "related" to "any other intellectual property rights held by APPLE."  Apple objects to this request to the extent it seeks production of documents that: (i) are protected from discovery by the attorney-client privilege or the work product doctrine, or any other applicable privilege or immunity; (ii) are not relevant to the claims or defenses at issue in this case; (iii) are outside of Apple's possession, custody, or control; or (iv) are subject to a confidentiality or non-disclosure agreement or governed by a protective order preventing its production.

Apple further objects to Samsung's request as overbroad to the extent it purports to require Apple to conduct a search for documents that is more extensive than is reasonable under the circumstances.  Subject to and without waiving the foregoing General and Specific Objections, Apple has produced or will produce responsive, non-privileged documents in its possession, custody, or control, if any, located after a reasonable search as discussed in more detail above.

**REQUEST FOR PRODUCTION NO. 134:**

All DOCUMENTS related to any valuation of any of the APPLE PATENTS-IN-SUIT, including any appraisals, assessments, evaluations, valuations or opinions regarding the actual or potential value of any of the APPLE PATENTS-IN-SUIT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 134:**

Apple objects to the phrase "related to any valuation" as vague and ambiguous.  Apple objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead

APPLE INC'S OBJECTIONS AND RESPONSES TO SAMSUNG'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO. 11-cv-01846-LHK
sf-3039157

91

1   to the discovery of admissible evidence, especially because it requests "all DOCUMENTS."

2   Apple objects to this request to the extent it seeks production of documents that: (i) are protected

3   from discovery by the attorney-client privilege or the work product doctrine, or any other

4   applicable privilege or immunity; (ii) are outside of Apple's possession, custody, or control; (iii)

5   would require Apple to draw a legal conclusion to respond; (iv) can be obtained as easily by

6   Samsung, are already in Samsung's possession, or are publicly available; or (v) are subject to a

7   confidentiality or non-disclosure agreement or governed by a protective order preventing its

8   production.

9        Apple further objects to Samsung's request as overbroad to the extent it purports to

10  require Apple to conduct a search for documents that is more extensive than is reasonable under

11  the circumstances.  Subject to and without waiving the foregoing General and Specific Objections,

12  Apple has produced or will produce responsive, non-privileged documents in its possession,

13  custody, or control, if any, located after a reasonable search as discussed in more detail above.

14  **REQUEST FOR PRODUCTION NO. 135:**

15       All DOCUMENTS and COMMUNICATIONS that identify any steps that APPLE has

16  taken to mark instrumentalities incorporating, embodying, practicing or otherwise covered by any

17  of the APPLE PATENTS-IN-SUIT, under license or otherwise, with the appropriate patent

18  numbers.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 135:**

20       Apple objects to the phrase "identify any steps that APPLE has taken" as vague and

21  ambiguous.  Apple objects to this request as overly broad, unduly burdensome, and not

22  reasonably calculated to lead to the discovery of admissible evidence, especially because it

23  requests "all DOCUMENTS and COMMUNICATIONS."  Apple objects to this request to the

24  extent it seeks production of documents that: (i) are protected from discovery by the attorney-

25  client privilege or the work product doctrine, or any other applicable privilege or immunity; (ii)

26  are not relevant to the claims or defenses at issue in this case; (iii) are outside of Apple's

27  possession, custody, or control; (iv) would require Apple to draw a legal conclusion to respond;

28

APPLE INC'S OBJECTIONS AND RESPONSES TO SAMSUNG'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO. 11-cv-01846-LHK
sf-3039157

92

1   or (v) can be obtained as easily by Samsung, are already in Samsung's possession, or are publicly

2   available.

3       Subject to and without waiving the foregoing General and Specific Objections, Apple is

4   willing to meet and confer to discuss the scope and relevance of the documents sought by

5   Samsung.

6   **REQUEST FOR PRODUCTION NO. 136:**

7       All DOCUMENTS that constitute product definition sheets, trade literature, specification

8   sheets, technical data sheets, papers, abstracts, speeches or descriptive documents of any kind

9   concerning any APPLE instrumentality that embodies one or more of the APPLE PATENTS-IN-

10  SUIT.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 136:**

12      Apple objects to the term "concerning" to the extent that it fails to provide reasonable

13  particularity as to the scope of the documents sought.  Apple objects to the phrases "product

14  definition sheets," "trade literature," "specification sheets," "technical data sheets," and

15  "descriptive documents of any kind concerning any APPLE instrumentality" as vague and

16  ambiguous.  Apple objects to this request as overly broad, unduly burdensome, and not

17  reasonably calculated to lead to the discovery of admissible evidence, especially because it

18  requests "all DOCUMENTS."  Apple objects to this request as calling for information that is not

19  relevant to the claims in this case to the extent it seeks information regarding patents and patent

20  claims not asserted by Apple.  Apple objects to this request to the extent it seeks production of

21  documents that: (i) are protected from discovery by the attorney-client privilege or the work

22  product doctrine, or any other applicable privilege or immunity; (ii) are not relevant to the claims

23  or defenses at issue in this case; (iii) are outside of Apple's possession, custody, or control; (iv)

24  can be obtained as easily by Samsung, are already in Samsung's possession, or are publicly

25  available; or (v) are subject to a confidentiality or non-disclosure agreement or governed by a

26  protective order preventing its production.

27      Subject to these objections, Apple is willing to meet and confer to discuss the scope and

28  relevance of the documents sought by Samsung.

1   **REQUEST FOR PRODUCTION NO. 137:**

2        DOCUMENTS sufficient to identify the individuals, including but not limited to named

3   inventors, who contributed to the conception of the designs or alleged inventions of the Apple

4   DESIGN PATENTS.

5   **RESPONSE TO REQUEST FOR PRODUCTION NO. 137:**

6        Apple objects to the phrase "contributed to the conception of the designs or alleged

7   inventions" as vague and ambiguous.  Apple objects to this request to the extent it seeks

8   production of documents that: (i) are protected from discovery by the attorney-client privilege or

9   the work product doctrine, or any other applicable privilege or immunity; (ii) would require

10  Apple to draw a legal conclusion to respond; (iii) are not relevant to the claims or defenses at

11  issue in this case; (iv) are outside of Apple's possession, custody, or control; or (v) can be

12  obtained as easily by Samsung, are already in Samsung's possession, or are publicly available.

13       Subject to and without waiving the foregoing General and Specific Objections, Apple has

14  produced or will produce responsive, non-privileged documents in its possession, custody, or

15  control, if any, located after a reasonable search, sufficient to show copies of the Apple asserted

16  design patents and file histories and prosecution histories of those patents.

17  **REQUEST FOR PRODUCTION NO. 138:**

18       Two fully operational exemplars of each product that embodies of each APPLE DESIGN

19  PATENT.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 138:**

21       Apple objects to this request as overly broad, unduly burdensome, and not reasonably

22  calculated to lead to the discovery of admissible evidence.  Apple objects to the phrase "fully

23  operation exemplars" as vague and ambiguous.  Apple objects to this request to the extent it

24  would require Apple to draw a legal conclusion to respond.  Apple objects to this request to the

25  extent it seeks production of products that can be obtained as easily by Samsung, are already in

26  Samsung's possession, or are publicly available.

27

28

1    **REQUEST FOR PRODUCTION NO. 139:**

2         All DOCUMENTS relating to the functionality—including the ease of manufacturing,

3    cost savings, enhanced usability, or any other benefit—of any claimed feature, element, or

4    combination of elements in any of the APPLE DESIGN PATENTS, APPLE TRADE DRESS,

5    and APPLE TRADEMARKS.

6    **RESPONSE TO REQUEST FOR PRODUCTION NO. 139:**

7         Apple objects to the phrase "relating to the functionality—including the ease of

8    manufacturing, cost savings, enhanced usability, or any other benefit—of any claimed feature,

9    element, or combination of elements" as vague and ambiguous.  Apple objects to this request as

10   overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of

11   admissible evidence, especially because it requests "all DOCUMENTS."  Apple objects to this

12   request to the extent it seeks production of documents that: (i) are protected from discovery by the

13   attorney-client privilege or the work product doctrine, or any other applicable privilege or

14   immunity; (ii) are outside of Apple's possession, custody, or control; (iii) would require Apple to

15   draw a legal conclusion to respond; or (iv) can be obtained as easily by Samsung, are already in

16   Samsung's possession, or are publicly available.

17        Apple further objects to Samsung's request as overbroad to the extent it purports to

18   require Apple to conduct a search for documents that is more extensive than is reasonable under

19   the circumstances.  Subject to and without waiving the foregoing General and Specific Objections,

20   Apple has produced or will produce responsive, non-privileged documents in its possession,

21   custody, or control, if any, located after a reasonable search as discussed in more detail above.

22   **REQUEST FOR PRODUCTION NO. 140:**

23        All DOCUMENTS relating to competition between each version of the iPhone and any

24   product YOU accuse of infringing, diluting, or otherwise violating Apple's alleged rights in

25   APPLE IP.

26   **RESPONSE TO REQUEST FOR PRODUCTION NO. 140:**

27        Apple objects to the phrase "relating to competition" as vague and ambiguous.  Apple

28   objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead

1   to the discovery of admissible evidence, especially because it requests "all DOCUMENTS."

2   Apple objects to this request as calling for information that is not relevant to the claims or

3   defenses at issue in this case.  Apple objects to this request to the extent it seeks production of

4   documents that: (i) are protected from discovery by the attorney-client privilege or the work

5   product doctrine, or any other applicable privilege or immunity; (ii) are outside of Apple's

6   possession, custody, or control; (iii) can be obtained as easily by Samsung, are already in

7   Samsung's possession, or are publicly available; or (iv) are subject to a confidentiality or non-

8   disclosure agreement or governed by a protective order preventing its production.

9           Subject to and without waiving the foregoing General and Specific Objections, Apple has

10  produced or will produce responsive, non-privileged documents in its possession, custody, or

11  control, if any, located after a reasonable search, sufficient to show market research on the mobile

12  phone industry.

13  **REQUEST FOR PRODUCTION NO. 141:**

14          All DOCUMENTS relating to competition between each version of the iPad and any

15  product YOU accuse of infringing, diluting, or otherwise violating Apple's alleged rights in

16  APPLE IP.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 141:**

18          Apple objects to the phrase "relating to competition" as vague and ambiguous.  Apple

19  objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead

20  to the discovery of admissible evidence, especially because it requests "all DOCUMENTS."

21  Apple objects to this request as calling for information that is not relevant to the claims or

22  defenses at issue in this case.  Apple objects to this request to the extent it seeks production of

23  documents that: (i) are protected from discovery by the attorney-client privilege or the work

24  product doctrine, or any other applicable privilege or immunity; (ii) are outside of Apple's

25  possession, custody, or control; (iii) can be obtained as easily by Samsung, are already in

26  Samsung's possession, or are publicly available; or (iv) are subject to a confidentiality or non-

27  disclosure agreement or governed by a protective order preventing its production.

28

APPLE INC'S OBJECTIONS AND RESPONSES TO SAMSUNG'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO. 11-cv-01846-LHK
sf-3039157

96

1    Subject to and without waiving the foregoing General and Specific Objections, Apple has

2    produced or will produce responsive, non-privileged documents in its possession, custody, or

3    control, if any, located after a reasonable search, sufficient to show market research on the tablet

4    computer industry.

5    **REQUEST FOR PRODUCTION NO. 142:**

6    All DOCUMENTS and COMMUNICATIONS relating to any intellectual property claim

7    or action, whether or not such claim or action has been filed before any adjudicative body,

8    concerning any of the APPLE IP.

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 142:**

10    Apple objects to the term "concerning" to the extent that it fails to provide reasonable

11    particularity as to the scope of the documents sought.  Apple objects to the phrases "relating to

12    any intellectual property claim or action" and "concerning any of the APPLE IP" as vague and

13    ambiguous.  Apple objects to this request to the extent that it calls for information that is not

14    relevant to the claims in this case.  Apple objects to this request as overly broad, unduly

15    burdensome, and not reasonably calculated to lead to the discovery of admissible evidence,

16    especially because it requests "all DOCUMENTS and COMMUNICATIONS."  Apple objects to

17    this request to the extent it seeks production of documents that: (i) are protected from discovery

18    by the attorney-client privilege or the work product doctrine, or any other applicable privilege or

19    immunity; (ii) are outside of Apple's possession, custody, or control; (iii) can be obtained as

20    easily by Samsung, are already in Samsung's possession, or are publicly available; or (iv) are

21    subject to a confidentiality or non-disclosure agreement or governed by a protective order

22    preventing its production.

23    Subject to and without waiving the foregoing General and Specific Objections, Apple is

24    willing to meet and confer to discuss the scope and relevance of the documents sought by

25    Samsung.

26    **REQUEST FOR PRODUCTION NO. 143:**

27    All DOCUMENTS relating to Your participation in any design industry groups or

28    associations since January 1, 2003.

1     **RESPONSE TO REQUEST FOR PRODUCTION NO. 143:**

2        Apple objects to the phrase "design industry groups or associations" as vague and

3 ambiguous.  Apple objects to this request as overly broad, unduly burdensome, and not

4 reasonably calculated to lead to the discovery of admissible evidence, especially because it

5 requests "all DOCUMENTS," and is not reasonably limited in temporal scope.  Apple objects to

6 this request to the extent it seeks production of documents that: (i) are protected from discovery

7 by the attorney-client privilege or the work product doctrine, or any other applicable privilege or

8 immunity; (ii) are not relevant to the claims or defenses at issue in this case; (iii) are outside of

9 Apple's possession, custody, or control; (iv) would require Apple to draw a legal conclusion to

10 respond; (v) can be obtained as easily by Samsung, are already in Samsung's possession, or are

11 publicly available; or (vi) are subject to a confidentiality or non-disclosure agreement or governed

12 by a protective order preventing its production.

13        Subject to and without waiving the foregoing General and Specific Objections, Apple is

14 willing to meet and confer to discuss the scope and relevance of the documents sought by

15 Samsung.

16     **REQUEST FOR PRODUCTION NO. 144:**

17        All code names or internal project names for all APPLE ACCUSED PRODUCTS.

18     **RESPONSE TO REQUEST FOR PRODUCTION NO. 144:**

19        Apple objects to this request as calling for information that is not relevant to the claims or

20 defenses at issue in this case.  Apple objects to this request to the extent it calls for the production

21 of documents that are protected from discovery by the attorney-client privilege or the work

22 product doctrine, or any other applicable privilege or immunity.

23        Subject to and without waiving the foregoing General and Specific Objections, Apple is

24 willing to meet and confer to discuss the scope and relevance of the documents sought by

25 Samsung.

26

27

28

APPLE INC'S OBJECTIONS AND RESPONSES TO SAMSUNG'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO. 11-cv-01846-LHK
sf-3039157

98

1    **REQUEST FOR PRODUCTION NO. 145:**

2        Two sets of dissembled APPLE ACCUSED PRODUCTS such that all product hardware

3    is separated into its components, but circuitry and electronic components remain intact and, as

4    much as possible, assembled as they would be in a phone sold at retail.

5    **RESPONSE TO REQUEST FOR PRODUCTION NO. 145:**

6        Apple objects to this request as overly broad, unduly burdensome, and not reasonably

7    calculated to lead to the discovery of admissible evidence.  Apple objects to the term

8    "dissembled" and the phrase "such that all product hardware is separated into its components, but

9    circuitry and electronic components remain intact and, as much as possible, assembled as they

10   would be in a phone sold at retail" as vague and ambiguous.  Apple objects to this request to the

11   extent it seeks production of documents that can be obtained as easily by Samsung, are already in

12   Samsung's possession, or are publicly available.

13   **REQUEST FOR PRODUCTION NO. 146:**

14       All DOCUMENTS relating to or referencing any instance in which any consumer has ever

15   been confused by the SAMSUNG ACCUSED PRODUCTS, including instances of actual

16   confusion, initial interest, or post-purchase confusion.

17   **RESPONSE TO REQUEST FOR PRODUCTION NO. 146:**

18       Apple objects to the phrase "relating to or referencing any instance in which any

19   consumer has ever been confused" as vague and ambiguous.  Apple objects to this request as

20   overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of

21   admissible evidence, especially because it requests "all DOCUMENTS."  Apple objects to this

22   request to the extent it seeks production of documents that: (i) are protected from discovery by the

23   attorney-client privilege or the work product doctrine, or any other applicable privilege or

24   immunity; (ii) are outside of Apple's possession, custody, or control; (iii) would require Apple to

25   draw a legal conclusion to respond; or (iv) can be obtained as easily by Samsung, are already in

26   Samsung's possession, or are publicly available.

27       Apple further objects to Samsung's request as overbroad to the extent it purports to

28   require Apple to conduct a search for documents that is more extensive than is reasonable under

1  the circumstances.  Subject to and without waiving the foregoing General and Specific Objections,

2  Apple has produced or will produce responsive, non-privileged documents in its possession,

3  custody, or control, if any, located after a reasonable search as discussed in more detail above.

4  **REQUEST FOR PRODUCTION NO. 147:**

5        All DOCUMENTS supporting, refuting, or otherwise relating to Apple's contention that

6  any element or combination of elements of the APPLE TRADE DRESS and APPLE

7  TRADEMARKS have acquired secondary meaning.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 147:**

9        Apple objects to the phrase "supporting, refuting, or otherwise relating to Apple's

10  contention" as vague and ambiguous.  Apple objects to this request as overly broad, unduly

11  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence,

12  especially because it requests "all DOCUMENTS."  Apple objects to this request to the extent it

13  seeks production of documents that: (i) are protected from discovery by the attorney-client

14  privilege or the work product doctrine, or any other applicable privilege or immunity; (ii) are not

15  relevant to the claims or defenses at issue in this case; (iii) are outside of Apple's possession,

16  custody, or control; (iv) would require Apple to draw a legal conclusion to respond; or (v) can be

17  obtained as easily by Samsung, are already in Samsung's possession, or are publicly available.

18        Apple further objects to Samsung's request as overbroad to the extent it purports to

19  require Apple to conduct a search for documents that is more extensive than is reasonable under

20  the circumstances.  Subject to and without waiving the foregoing General and Specific Objections,

21  Apple has produced or will produce responsive, non-privileged documents in its possession,

22  custody, or control, if any, located after a reasonable search as discussed in more detail above.

23  **REQUEST FOR PRODUCTION NO. 148:**

24        All DOCUMENTS supporting, refuting, or otherwise relating to Apple's contention that

25  any element or combination of elements of the APPLE TRADE DRESS and APPLE

26  TRADEMARKS are inherently distinctive.

27

28

APPLE INC'S OBJECTIONS AND RESPONSES TO SAMSUNG'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO. 11-cv-01846-LHK
sf-3039157

100

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 148:**

2        Apple objects to the phrase "supporting, refuting, or otherwise relating to Apple's

3    contention" as vague and ambiguous.  Apple objects to this request as overly broad, unduly

4    burdensome, and not reasonably calculated to lead to the discovery of admissible evidence,

5    especially because it requests "all DOCUMENTS."  Apple objects to this request to the extent it

6    seeks production of documents that: (i) are protected from discovery by the attorney-client

7    privilege or the work product doctrine, or any other applicable privilege or immunity; (ii) are not

8    relevant to the claims or defenses at issue in this case; (iii) are outside of Apple's possession,

9    custody, or control; (iv) would require Apple to draw a legal conclusion to respond; or (v) can be

10   obtained as easily by Samsung, are already in Samsung's possession, or are publicly available.

11       Apple further objects to Samsung's request as overbroad to the extent it purports to

12   require Apple to conduct a search for documents that is more extensive than is reasonable under

13   the circumstances.  Subject to and without waiving the foregoing General and Specific Objections,

14   Apple has produced or will produce responsive, non-privileged documents in its possession,

15   custody, or control, if any, located after a reasonable search as discussed in more detail above.

16   **REQUEST FOR PRODUCTION NO. 149:**

17       All DOCUMENTS supporting, refuting, or otherwise relating to Apple's contention that

18   any element or combination of elements of the APPLE TRADE DRESS and APPLE

19   TRADEMARKS are not functional.

20   **RESPONSE TO REQUEST FOR PRODUCTION NO. 149:**

21       Apple objects to the phrase "supporting, refuting, or otherwise relating to Apple's

22   contention" as vague and ambiguous.  Apple objects to this request as overly broad, unduly

23   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence,

24   especially because it requests "all DOCUMENTS."  Apple objects to this request to the extent it

25   seeks production of documents that: (i) are protected from discovery by the attorney-client

26   privilege or the work product doctrine, or any other applicable privilege or immunity; (ii) are

27   outside of Apple's possession, custody, or control; (iii) would require Apple to draw a legal

28

1  conclusion to respond; or (iv) can be obtained as easily by Samsung, are already in Samsung's

2  possession, or are publicly available.

3       Apple further objects to Samsung's request as overbroad to the extent it purports to

4  require Apple to conduct a search for documents that is more extensive than is reasonable under

5  the circumstances.  Subject to and without waiving the foregoing General and Specific Objections,

6  Apple has produced or will produce responsive, non-privileged documents in its possession,

7  custody, or control, if any, located after a reasonable search as discussed in more detail above.

8  **REQUEST FOR PRODUCTION NO. 150:**

9       DOCUMENTS sufficient to show when Apple first became aware of each of the

10  SAMSUNG ACCUSED PRODUCTS.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 150:**

12       Apple objects to the phrase "aware" as vague and ambiguous.

13       Subject to these objections, Apple is willing to meet and confer regarding responding to

14  an interrogatory corresponding to this request.

15  **REQUEST FOR PRODUCTION NO. 151:**

16       All DOCUMENTS relating to Apple's knowledge of third party use of the APPLE

17  TRADE DRESS, APPLE TRADEMARKS, and APPLE DESIGN PATENTS.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 151:**

19       Apple objects to this request as overly broad, unduly burdensome, and not reasonably

20  calculated to lead to the discovery of admissible evidence, especially because it requests "all

21  DOCUMENTS."  Apple objects to this request as calling for information that is not relevant to

22  the claims or defenses at issue in this case.  Apple objects to this request to the extent it seeks

23  production of documents that: (i) are protected from discovery by the attorney-client privilege or

24  the work product doctrine, or any other applicable privilege or immunity; or (ii) can be obtained

25  as easily by Samsung, are already in Samsung's possession, or are publicly available.

26       Apple further objects to Samsung's request as overbroad to the extent it purports to

27  require Apple to conduct a search for documents that is more extensive than is reasonable under

28  the circumstances.  Subject to and without waiving the foregoing General and Specific Objections,

APPLE INC'S OBJECTIONS AND RESPONSES TO SAMSUNG'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO. 11-cv-01846-LHK
sf-3039157

102

1    Apple has produced or will produce responsive, non-privileged documents in its possession,

2    custody, or control, if any, located after a reasonable search as discussed in more detail above.

3    **REQUEST FOR PRODUCTION NO. 152:**

4        All DOCUMENTS supporting, refuting, or otherwise relating to Apple's claim that

5    Samsung has "misappropriated" Apple's customer goodwill.

6    **RESPONSE TO REQUEST FOR PRODUCTION NO. 152:**

7        Apple objects to the phrases "supporting, refuting, or otherwise relating to" and

8    "'misappropriated'" as vague and ambiguous.  Apple objects to this request as overly broad,

9    unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

10   evidence, especially because it requests "all DOCUMENTS."  Apple objects to this request to the

11   extent it seeks production of documents that: (i) are protected from discovery by the attorney-

12   client privilege or the work product doctrine, or any other applicable privilege or immunity; (ii)

13   are outside of Apple's possession, custody, or control; or (iii) can be obtained as easily by

14   Samsung, are already in Samsung's possession, or are publicly available.

15       Apple further objects to Samsung's request as overbroad to the extent it purports to

16   require Apple to conduct a search for documents that is more extensive than is reasonable under

17   the circumstances.  Subject to and without waiving the foregoing General and Specific Objections,

18   Apple has produced or will produce responsive, non-privileged documents in its possession,

19   custody, or control, if any, located after a reasonable search as discussed in more detail above.

20   **REQUEST FOR PRODUCTION NO. 153:**

21       All DOCUMENTS relating to any analysis of SAMSUNG ACCUSED PRODUCTS or

22   comparison of Apple products to any Samsung products relating to the APPLE TRADE DRESS,

23   APPLE TRADEMARKS, and APPLE DESIGN PATENTS.

24   **RESPONSE TO REQUEST FOR PRODUCTION NO. 153:**

25       Apple objects to this request as overly broad, unduly burdensome, and not reasonably

26   calculated to lead to the discovery of admissible evidence, especially because it requests "all

27   DOCUMENTS."  Apple objects to this request to the extent it seeks production of documents that

28

1   are protected from discovery by the attorney-client privilege or the work product doctrine, or any

2   other applicable privilege or immunity.

3          Subject to and without waiving the foregoing General and Specific Objections, Apple is

4   willing to meet and confer to discuss the scope and relevance of the documents sought by

5   Samsung.

6   **REQUEST FOR PRODUCTION NO. 154:**

7          For each SAMSUNG ACCUSED PRODUCT, documents sufficient to show which

8   element or combination of elements of the APPLE TRADE DRESS or APPLE TRADE MARKS

9   the product has allegedly copied, misappropriated, or infringed.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 154:**

11         Apple objects to this request to the extent it seeks production of documents that are

12  outside of Apple's possession, custody, or control, or can be obtained as easily by Samsung, are

13  already in Samsung's possession, or are publicly available.

14         Apple further objects to Samsung's request as overbroad to the extent it purports to

15  require Apple to conduct a search for documents that is more extensive than is reasonable under

16  the circumstances.  Subject to and without waiving the foregoing General and Specific Objections,

17  Apple has produced or will produce responsive, non-privileged documents in its possession,

18  custody, or control, if any, located after a reasonable search as discussed in more detail above.

19  **REQUEST FOR PRODUCTION NO. 155:**

20         DOCUMENTS sufficient to show any damages or loss allegedly suffered by Apple by the

21  design of the SAMSUNG ACCUSED PRODUCTS or any alleged use of the APPLE TRADE

22  DRESS and APPLE TRADEMARKS.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 155:**

24         Apple objects to this request as vague and ambiguous.  Apple objects to this request to the

25  extent it seeks production of documents that: (i) are protected from discovery by the attorney-

26  client privilege or the work product doctrine, or any other applicable privilege or immunity; (ii)

27  are outside of Apple's possession, custody, or control; (iii) would require Apple to draw a legal

28

1    conclusion to respond; or (iv) can be obtained as easily by Samsung, are already in Samsung's

2    possession, or are publicly available.

3        Apple further objects to Samsung's request as overbroad to the extent it purports to

4    require Apple to conduct a search for documents that is more extensive than is reasonable under

5    the circumstances.  Subject to and without waiving the foregoing General and Specific Objections,

6    Apple has produced or will produce responsive, non-privileged documents in its possession,

7    custody, or control, if any, located after a reasonable search as discussed in more detail above.

8    **REQUEST FOR PRODUCTION NO. 156:**

9        All DOCUMENTS relating to Apple's contention that SAMSUNG had actual or

10   constructive notice of APPLE'S TRADE DRESS when SAMSUNG designed the SAMSUNG

11   ACCUSED PRODUCTS, or otherwise relating to Apple's contention that SAMSUNG willfully

12   violated Apple's alleged rights in the APPLE TRADE DRESS.

13   **RESPONSE TO REQUEST FOR PRODUCTION NO. 156:**

14       Apple objects to this request as overly broad, unduly burdensome, and not reasonably

15   calculated to lead to the discovery of admissible evidence, especially because it requests "all

16   DOCUMENTS."  Apple objects to this request to the extent it seeks production of documents

17   that: (i) are protected from discovery by the attorney-client privilege or the work product doctrine,

18   or any other applicable privilege or immunity; (ii) are outside of Apple's possession, custody, or

19   control; or (iii) can be obtained as easily by Samsung, are already in Samsung's possession, or are

20   publicly available.

21       Apple further objects to Samsung's request as overbroad to the extent it purports to

22   require Apple to conduct a search for documents that is more extensive than is reasonable under

23   the circumstances.  Subject to and without waiving the foregoing General and Specific Objections,

24   Apple has produced or will produce responsive, non-privileged documents in its possession,

25   custody, or control, if any, located after a reasonable search as discussed in more detail above.

26   **REQUEST FOR PRODUCTION NO. 157:**

27       DOCUMENTS sufficient to show any "objection" made by Apple to SAMSUNG

28   regarding the design of the SAMSUNG ACCUSED PRODUCTS.

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 157:**

2         Apple objects to the phrase "'objection' made by Apple to SAMSUNG regarding the

3    design" as vague and ambiguous.  Apple objects to this request to the extent it seeks production

4    of documents that: (i) are protected from discovery by the attorney-client privilege or the work

5    product doctrine, or any other applicable privilege or immunity; (ii) are outside of Apple's

6    possession, custody, or control; (iii) would require Apple to draw a legal conclusion to respond;

7    or (iv) can be obtained as easily by Samsung, are already in Samsung's possession, or are

8    publicly available.

9         Apple further objects to Samsung's request as overbroad to the extent it purports to

10   require Apple to conduct a search for documents that is more extensive than is reasonable under

11   the circumstances.  Subject to and without waiving the foregoing General and Specific Objections,

12   Apple has produced or will produce responsive, non-privileged documents in its possession,

13   custody, or control, if any, located after a reasonable search as discussed in more detail above.

14   **REQUEST FOR PRODUCTION NO. 158:**

15        All DOCUMENTS relating to any increase in commercial value of the SAMSUNG

16   ACCUSED PRODUCTS Apple contends is related to SAMSUNG's alleged use of the APPLE

17   TRADE DRESS and APPLE TRADEMARKS.

18   **RESPONSE TO REQUEST FOR PRODUCTION NO. 158:**

19        Apple objects to the phrase "commercial value" as vague and ambiguous.  Apple objects

20   to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the

21   discovery of admissible evidence, especially because it requests "all DOCUMENTS."  Apple

22   objects to this request to the extent it seeks production of documents that: (i) are protected from

23   discovery by the attorney-client privilege or the work product doctrine, or any other applicable

24   privilege or immunity; (ii) are outside of Apple's possession, custody, or control; (iii) would

25   require Apple to draw a legal conclusion to respond; or (iv) can be obtained as easily by

26   Samsung, are already in Samsung's possession, or are publicly available.

27        Apple further objects to Samsung's request as overbroad to the extent it purports to

28   require Apple to conduct a search for documents that is more extensive than is reasonable under

APPLE INC'S OBJECTIONS AND RESPONSES TO SAMSUNG'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO. 11-cv-01846-LHK
sf-3039157

106

1   the circumstances.  Subject to and without waiving the foregoing General and Specific Objections,

2   Apple has produced or will produce responsive, non-privileged documents in its possession,

3   custody, or control, if any, located after a reasonable search as discussed in more detail above.

4   **REQUEST FOR PRODUCTION NO. 159:**

5       All DOCUMENTS relating to Apple's contention that SAMSUNG had actual or

6   constructive notice of the APPLE TRADEMARKS, or otherwise relating to Apple's contention

7   that SAMSUNG willfully violated Apple's alleged rights in the APPLE TRADEMARKS.

8   **RESPONSE TO REQUEST FOR PRODUCTION NO. 159:**

9       Apple objects to the phrase "otherwise relating to Apple's contention" as vague and

10  ambiguous.  Apple objects to this request as overly broad, unduly burdensome, and not

11  reasonably calculated to lead to the discovery of admissible evidence, especially because it

12  requests "all DOCUMENTS."  Apple objects to this request to the extent it seeks production of

13  documents that: (i) are protected from discovery by the attorney-client privilege or the work

14  product doctrine, or any other applicable privilege or immunity; (ii) are outside of Apple's

15  possession, custody, or control; or (iii) can be obtained as easily by Samsung, are already in

16  Samsung's possession, or are publicly available.

17      Apple further objects to Samsung's request as overbroad to the extent it purports to

18  require Apple to conduct a search for documents that is more extensive than is reasonable under

19  the circumstances.  Subject to and without waiving the foregoing General and Specific Objections,

20  Apple has produced or will produce responsive, non-privileged documents in its possession,

21  custody, or control, if any, located after a reasonable search as discussed in more detail above.

22  **REQUEST FOR PRODUCTION NO. 160:**

23      All documents relating to Apple's contention that SAMSUNG has profited from alleged

24  use of the APPLE TRADEMARKS and APPLE TRADE DRESS.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 160:**

26      Apple objects to this request as overly broad, unduly burdensome, and not reasonably

27  calculated to lead to the discovery of admissible evidence, especially because it requests "all

28  DOCUMENTS."  Apple objects to this request to the extent it seeks production of documents

1   that: (i) are protected from discovery by the attorney-client privilege or the work product doctrine,

2   or any other applicable privilege or immunity; (ii) are outside of Apple's possession, custody, or

3   control; or (iii) can be obtained as easily by Samsung, are already in Samsung's possession, or are

4   publicly available.

5        Apple further objects to Samsung's request as overbroad to the extent it purports to

6   require Apple to conduct a search for documents that is more extensive than is reasonable under

7   the circumstances.  Subject to and without waiving the foregoing General and Specific Objections,

8   Apple has produced or will produce responsive, non-privileged documents in its possession,

9   custody, or control, if any, located after a reasonable search as discussed in more detail above.

10  **REQUEST FOR PRODUCTION NO. 161:**

11       DOCUMENTS sufficient to show the damages Apple claims are a result of Samsung's

12  alleged use of the APPLE TRADEMARKS and APPLE TRADE DRESS.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 161**:

14       Apple objects to this request to the extent it seeks production of documents that: (i) are

15  outside of Apple's possession, custody, or control; or (ii) can be obtained as easily by Samsung,

16  are already in Samsung's possession, or are publicly available; (iii) are subject to a confidentiality

17  or non-disclosure agreement or governed by a protective order preventing its production; or (iv)

18  are protected from discovery by the attorney-client privilege or the work product doctrine, or any

19  other applicable privilege or immunity.

20       Apple further objects to Samsung's request as overbroad to the extent it purports to

21  require Apple to conduct a search for documents that is more extensive than is reasonable under

22  the circumstances.  Subject to and without waiving the foregoing General and Specific Objections,

23  Apple has produced or will produce responsive, non-privileged documents in its possession,

24  custody, or control, if any, located after a reasonable search as discussed in more detail above.

25  **REQUEST FOR PRODUCTION NO. 162:**

26       All DOCUMENTS relating to Apple's contention that SAMSUNG is diluting or likely to

27  dilute the APPLE TRADE DRESS.

28

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 162**:

2         Apple objects to this request as overly broad, unduly burdensome, and not reasonably

3    calculated to lead to the discovery of admissible evidence, especially because it requests "all

4    DOCUMENTS."  Apple objects to this request to the extent it seeks production of documents

5    that: (i) are protected from discovery by the attorney-client privilege or the work product doctrine,

6    or any other applicable privilege or immunity; (ii) are outside of Apple's possession, custody, or

7    control; or (iii) can be obtained as easily by Samsung, are already in Samsung's possession, or are

8    publicly available.

9         Apple further objects to Samsung's request as overbroad to the extent it purports to

10   require Apple to conduct a search for documents that is more extensive than is reasonable under

11   the circumstances.  Subject to and without waiving the foregoing General and Specific Objections,

12   Apple has produced or will produce responsive, non-privileged documents in its possession,

13   custody, or control, if any, located after a reasonable search as discussed in more detail above.

14   **REQUEST FOR PRODUCTION NO. 163:**

15        DOCUMENTS sufficient to show all advertising expenditures, by type and by product,

16   for the APPLE ACCUSED PRODUCTS since 2007.

17   **RESPONSE TO REQUEST FOR PRODUCTION NO. 163**:

18        Apple objects to the phrase "advertising expenditures" as vague and ambiguous.  Apple

19   objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead

20   to the discovery of admissible evidence, especially because it requests "all advertising

21   expenditures."  Apple objects to this request as calling for information that is not relevant to the

22   claims or defenses at issue in this case.

23        Apple further objects to Samsung's request as overbroad to the extent it purports to

24   require Apple to conduct a search for documents that is more extensive than is reasonable under

25   the circumstances.  Subject to and without waiving the foregoing General and Specific Objections,

26   Apple has produced or will produce responsive, non-privileged documents in its possession,

27   custody, or control, if any, located after a reasonable search as discussed in more detail above.

28

APPLE INC'S OBJECTIONS AND RESPONSES TO SAMSUNG'S FIRST SET OF REQUESTS FOR PRODUCTION          109
CASE NO. 11-cv-01846-LHK
sf-3039157

1    **REQUEST FOR PRODUCTION NO. 164:**

2         One example each of every print, multimedia, television, Internet, or radio advertisement

3    for all APPLE ACCUSED PRODUCTS since 2007.

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 164:**

5         Apple objects to this request as overly broad, unduly burdensome, and not reasonably

6    calculated to lead to the discovery of admissible evidence.  Apple objects to this request as calling

7    for information that is not relevant to the claims or defenses at issue in this case.  Apple objects to

8    this request to the extent it seeks production of documents that: (i) are protected from discovery

9    by the attorney-client privilege or the work product doctrine, or any other applicable privilege or

10   immunity; (ii) are outside of Apple's possession, custody, or control; or (iii) can be obtained as

11   easily by Samsung, are already in Samsung's possession, or are publicly available.

12   **REQUEST FOR PRODUCTION NO. 165:**

13        All DOCUMENTS relating to all studies, including formal or informal analysis,

14   investigation, surveys, focus groups, consumer research, articles, or other information relating to

15   consumer confusion or dilution in connection with the SAMSUNG ACCUSED PRODUCTS.

16   **RESPONSE TO REQUEST FOR PRODUCTION NO. 165:**

17        Apple objects to the phrase "informal analysis" and "information relating to consumer

18   confusion or dilution in connection with the SAMSUNG ACCUSED PRODUCTS" as vague and

19   ambiguous.  Apple objects to this request as overly broad, unduly burdensome, and not

20   reasonably calculated to lead to the discovery of admissible evidence, especially because it

21   requests "all DOCUMENTS," and to the extent it requests all documents related to consumer

22   confusion or dilution "in connection with" Samsung products without limitation to its alleged

23   infringement of another product or another products infringement of the products.  Apple objects

24   to this request to the extent it seeks production of documents that: (i) are protected from discovery

25   by the attorney-client privilege or the work product doctrine, or any other applicable privilege or

26   immunity; (ii) are not relevant to the claims or defenses at issue in this case; (iii) are outside of

27   Apple's possession, custody, or control; (iv) would require Apple to draw a legal conclusion to

28

1   respond; or (v) can be obtained as easily by Samsung, are already in Samsung's possession, or are

2   publicly available.

3        Apple further objects to Samsung's request as overbroad to the extent it purports to

4   require Apple to conduct a search for documents that is more extensive than is reasonable under

5   the circumstances.  Subject to and without waiving the foregoing General and Specific Objections,

6   Apple has produced or will produce responsive, non-privileged documents in its possession,

7   custody, or control, if any, located after a reasonable search as discussed in more detail above.

8   **REQUEST FOR PRODUCTION NO. 166:**

9        All DOCUMENTS showing or describing any design, icon or product configuration that

10  YOU consider confusingly similar to, or likely to cause dilution of, any of the APPLE TRADE

11  DRESS or APPLE TRADEMARKS.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 166**:

13       Apple objects to the phrase "design, icon or product configuration" as vague and

14  ambiguous.  Apple objects to this request as overly broad, unduly burdensome, and not

15  reasonably calculated to lead to the discovery of admissible evidence, especially because it

16  requests "all DOCUMENTS."  Apple objects to this request as calling for information that is not

17  relevant to the claims or defenses at issue in this case.  Apple objects to this request to the extent

18  it seeks production of documents that: (i) are protected from discovery by the attorney-client

19  privilege or the work product doctrine, or any other applicable privilege or immunity; (ii) are

20  outside of Apple's possession, custody, or control; (iii) would require Apple to draw a legal

21  conclusion to respond; or (iv) can be obtained as easily by Samsung, are already in Samsung's

22  possession, or are publicly available.

23       Subject to and without waiving the foregoing General and Specific Objections, Apple is

24  willing to meet and confer to discuss the scope and relevance of the documents sought by

25  Samsung.

26

27

28

1    **REQUEST FOR PRODUCTION NO. 167:**

2        DOCUMENTS sufficient to identify any licenses Apple is or was a party to concerning

3    the use of the APPLE TRADE DRESS, APPLE TRADEMARKS, or APPLE DESIGN

4    PATENTS.

5    **RESPONSE TO REQUEST FOR PRODUCTION NO. 167**:

6        Apple objects to the term "concerning" to the extent that it fails to provide reasonable

7    particularity as to the scope of the documents sought.  Apple objects to the phrases "concerning

8    the use" and "identify" as vague and ambiguous.  Apple objects to this request to the extent it

9    seeks production of documents that: (i) are protected from discovery by the attorney-client

10   privilege or the work product doctrine, or any other applicable privilege or immunity; (ii) are not

11   relevant to the claims or defenses at issue in this case; (iii) are outside of Apple's possession,

12   custody, or control; or (iv) are subject to a confidentiality or non-disclosure agreement or

13   governed by a protective order preventing its production.

14        Subject to and without waiving the foregoing General and Specific Objections, Apple has

15   produced or will produce responsive, non-privileged documents in its possession, custody, or

16   control, if any, located after a reasonable search, sufficient to show licenses to the Apple

17   trademarks, trade dress, and design patents at issue.

18   **REQUEST FOR PRODUCTION NO. 168:**

19        All DOCUMENTS and things submitted to the U.S. Patent and Trademark Office in

20   connection with the application and/or registration of the APPLE TRADE DRESS, APPLE

21   TRADEMARKS, and APPLE DESIGN PATENTS.

22   **RESPONSE TO REQUEST FOR PRODUCTION NO. 168**:

23        Apple objects to this request as overly broad, unduly burdensome, and not reasonably

24   calculated to lead to the discovery of admissible evidence, especially because it requests "all

25   DOCUMENTS and things."  Apple objects to this request to the extent it seeks production of

26   documents that can be obtained as easily by Samsung, are already in Samsung's possession, or

27   are publicly available.

28

1  **REQUEST FOR PRODUCTION NO. 169:**

2  All DOCUMENTS that support, refute, or otherwise relate to your contention that any of

3  the APPLE TRADE DRESS or APPLE TRADEMARKS are distinctive and famous, including

4  the degree of inherent distinctiveness, the duration and extent of use in connection with your

5  goods and services, the duration and extent of advertising and publicity of the trade dress/marks,

6  the geographical extent of the trading area in which the trade dress/marks are used, the channels

7  of trade for the goods or services with which the trade dress/marks are used, the degree of

8  recognition of the marks in the trading areas and channels of trade used by You and SAMSUNG,

9  and the nature and extent of the use of the same or similar trade dress/marks by third parties.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 169:**

11  Apple objects to the phrases "duration and extent of advertising and publicity of the trade

12  dress/marks, the geographical extent of the trading area in which the trade dress/marks are used"

13  and "the degree of recognition of the marks in the trading areas and channels of trade used by

14  You and SAMSUNG" as vague and ambiguous.  Apple objects to this request as overly broad,

15  unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

16  evidence, especially because it requests "all DOCUMENTS."  Apple objects to this request to the

17  extent it seeks production of documents that: (i) are protected from discovery by the attorney-

18  client privilege or the work product doctrine, or any other applicable privilege or immunity; (ii)

19  are outside of Apple's possession, custody, or control; (iii) would require Apple to draw a legal

20  conclusion to respond; or (iv) can be obtained as easily by Samsung, are already in Samsung's

21  possession, or are publicly available.

22  Apple further objects to Samsung's request as overbroad to the extent it purports to

23  require Apple to conduct a search for documents that is more extensive than is reasonable under

24  the circumstances.  Subject to and without waiving the foregoing General and Specific Objections,

25  Apple has produced or will produce responsive, non-privileged documents in its possession,

26  custody, or control, if any, located after a reasonable search as discussed in more detail above.

27

28

**REQUEST FOR PRODUCTION NO. 170:**

All DOCUMENTS and things relating to any formal or informal trademark or PRIOR ART-related searches or investigations conducted by, or on behalf of, Apple concerning any of the APPLE TRADE DRESS, APPLE TRADEMARKS, or APPLE DESIGN PATENTS, including, but not limited to, any PRIOR ART searches, market studies, surveys, focus groups, or other studies.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 170:**

Apple objects to the terms "informal" and "concerning" as vague and ambiguous and failing to provide reasonable particularity as to the scope of the documents sought. Apple objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, especially because it requests "all DOCUMENTS and things." Apple objects to this request to the extent it seeks production of documents that are protected from discovery by the attorney-client privilege or the work product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing General and Specific Objections, Apple has produced or will produce responsive, non-privileged documents in its possession, custody, or control, if any, located after a reasonable search as discussed in more detail above.

**REQUEST FOR PRODUCTION NO. 171:**

DOCUMENTS and things sufficient to IDENTIFY all persons or entities who were responsible for, participated in, or have information concerning the creation, design, consideration, selection, adoption, acquiring, intent to use, or first use of each of the APPLE TRADE DRESS AND APPLE TRADE MARKS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 171:**

Apple objects to the term "concerning" to the extent that it fails to provide reasonable particularity as to the scope of the documents sought. Apple objects to the phrase "information concerning the creation, design, consideration, selection, adoption, acquiring, intent to use, or first use" as vague and ambiguous. Apple objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Apple objects to

APPLE INC'S OBJECTIONS AND RESPONSES TO SAMSUNG'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO. 11-cv-01846-LHK
sf-3039157

114

1  this request as calling for information that is not relevant to the claims or defenses at issue in this

2  case.  Apple objects to this request to the extent it seeks production of documents that: (i) are

3  protected from discovery by the attorney-client privilege or the work product doctrine, or any

4  other applicable privilege or immunity; (ii) are outside of Apple's possession, custody, or control;

5  or (iii) can be obtained as easily by Samsung, are already in Samsung's possession, or are

6  publicly available.

7         Subject to and without waiving the foregoing General and Specific Objections, Apple is

8  willing to meet and confer to discuss the scope and relevance of the documents sought by

9  Samsung.

10  **REQUEST FOR PRODUCTION NO. 172:**

11         DOCUMENTS and things sufficient to IDENTIFY all persons or entities who were

12  responsible for, participated in, or have information concerning the development and reduction to

13  practice for each of the APPLE DESIGN PATENTS, including designers' notebooks, sketches,

14  powerpoint presentations, engineering correspondence, and technical drawings.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 172:**

16         Apple objects to the term "concerning" to the extent that it fails to provide reasonable

17  particularity as to the scope of the documents sought.  Apple objects to the phrase "responsible

18  for, participated in, or have information concerning the development and reduction to practice for

19  each of the APPLE DESIGN PATENTS" as vague and ambiguous.  Apple objects to this request

20  as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of

21  admissible evidence. Apple objects to this request to the extent it seeks production of documents

22  that: (i) are protected from discovery by the attorney-client privilege or the work product doctrine,

23  or any other applicable privilege or immunity; (ii) are not relevant to the claims or defenses at

24  issue in this case; (iii) are outside of Apple's possession, custody, or control; or (iv) can be

25  obtained as easily by Samsung, are already in Samsung's possession, or are publicly available.

26         Apple further objects to Samsung's request as overbroad to the extent it purports to

27  require Apple to conduct a search for documents that is more extensive than is reasonable under

28  the circumstances.  Subject to and without waiving the foregoing General and Specific Objections,

1  Apple has produced or will produce responsive, non-privileged documents in its possession,

2  custody, or control, if any, located after a reasonable search as discussed in more detail above.

3  **REQUEST FOR PRODUCTION NO. 173:**

4      All business plans, reports, analyses, and research relating to any of the APPLE TRADE

5  DRESS, APPLE TRADEMARKS, and APPLE DESIGN PATENTS.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 173**:

7      Apple objects to the phrase "business plans, reports, analyses, and research relating to" as

8  vague and ambiguous.  Apple objects to this request as overly broad, unduly burdensome, and not

9  reasonably calculated to lead to the discovery of admissible evidence, especially because it

10  requests "all business plans, reports, analyses, and research."  Apple objects to this request to the

11  extent it seeks production of documents that: (i) are protected from discovery by the attorney-

12  client privilege or the work product doctrine, or any other applicable privilege or immunity; (ii)

13  are not relevant to the claims or defenses at issue in this case; (iii) are outside of Apple's

14  possession, custody, or control; (iv) can be obtained as easily by Samsung, are already in

15  Samsung's possession, or are publicly available; or (v) are subject to a confidentiality or non-

16  disclosure agreement or governed by a protective order preventing its production.

17      Subject to these objections, Apple is willing to meet and confer to discuss the scope and

18  relevance of the documents sought by Samsung.

19  **REQUEST FOR PRODUCTION NO. 174:**

20      All DOCUMENTS relating to Apple's allegation that Apple will be irreparably harmed by

21  Samsung's actions absent injunctive relief.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 174**:

23      Apple objects to this request as overly broad, unduly burdensome, and not reasonably

24  calculated to lead to the discovery of admissible evidence, especially because it requests "all

25  DOCUMENTS."  Apple objects to this request to the extent it seeks production of documents

26  that: (i) are protected from discovery by the attorney-client privilege or the work product doctrine,

27  or any other applicable privilege or immunity; (ii) are outside of Apple's possession, custody, or

28  control; (iii) would require Apple to draw a legal conclusion to respond; (iv) can be obtained as

APPLE INC'S OBJECTIONS AND RESPONSES TO SAMSUNG'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO. 11-cv-01846-LHK
sf-3039157

116

easily by Samsung, are already in Samsung's possession, or are publicly available; or (v) are subject to a confidentiality or non-disclosure agreement or governed by a protective order preventing its production.

Apple further objects to Samsung's request as overbroad to the extent it purports to require Apple to conduct a search for documents that is more extensive than is reasonable under the circumstances. Subject to and without waiving the foregoing General and Specific Objections, Apple has produced or will produce responsive, non-privileged documents in its possession, custody, or control, if any, located after a reasonable search as discussed in more detail above.

**REQUEST FOR PRODUCTION NO. 175:**

All analysis, studies, reports, and research relating to the reason for increases or decreases in Apple profits or market share since 2007.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 175:**

Apple objects to the phrase "analysis, studies, reports, and research relating to the reason for increases or decreases" as vague and ambiguous. Apple objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, especially to the extent it seeks "all analysis, studies, reports, and research." Apple objects to this request to the extent it seeks production of documents that: (i) are protected from discovery by the attorney-client privilege or the work product doctrine, or any other applicable privilege or immunity; (ii) are not relevant to the claims or defenses at issue in this case; (iii) are outside of Apple's possession, custody, or control; (iv) can be obtained as easily by Samsung, are already in Samsung's possession, or are publicly available; or (v) are subject to a confidentiality or non-disclosure agreement or governed by a protective order preventing its production.

Subject to and without waiving the foregoing General and Specific Objections, Apple is willing to meet and confer to discuss the scope and relevance of the documents sought by Samsung.

**REQUEST FOR PRODUCTION NO. 176:**

All DOCUMENTS reflecting communications with product designers of the iPhones and iPads, and designers of allegedly infringed APPLE TRADEMARKS, APPLE TRADE DRESS,

1    and APPLE DESIGN PATENTS reflecting constraints on product design, including, by way of

2    example, technical specifications of screen, space required for components and usability

3    concerns.

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 176**:

5            Apple objects to the phrases "reflecting communications with product designers" and

6    "technical specifications of screen, space required for components and usability concerns" as

7    vague and ambiguous.  Apple objects to this request as overly broad, unduly burdensome, and not

8    reasonably calculated to lead to the discovery of admissible evidence, especially because it

9    requests "all DOCUMENTS."  Apple objects to this request to the extent it seeks production of

10   documents that: (i) are protected from discovery by the attorney-client privilege or the work

11   product doctrine, or any other applicable privilege or immunity; (ii) are not relevant to the claims

12   or defenses at issue in this case; (iii) are outside of Apple's possession, custody, or control; or (iv)

13   are subject to a confidentiality or non-disclosure agreement or governed by a protective order

14   preventing its production.

15           Subject to these objections, Apple is willing to meet and confer to discuss the scope and

16   relevance of the documents sought by Samsung.

17   **REQUEST FOR PRODUCTION NO. 177:**

18           All DOCUMENTS relating to all studies, including formal or informal analysis,

19   investigation, surveys, focus groups, consumer research, articles, or other information relating to

20   the APPLE TRADE DRESS and APPLE TRADEMARKS, including the secondary meaning

21   thereof.

22   **RESPONSE TO REQUEST FOR PRODUCTION NO. 177**:

23           Apple objects to the phrase "relating to all studies, including formal or informal analysis,

24   investigation [sic]" as vague and ambiguous.  Apple objects to this request as overly broad,

25   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

26   evidence, especially because it requests "all DOCUMENTS."  Apple objects to this request to the

27   extent it seeks production of documents that: (i) are protected from discovery by the attorney-

28   client privilege or the work product doctrine, or any other applicable privilege or immunity; (ii)

1   are not relevant to the claims or defenses at issue in this case; (iii) are outside of Apple's

2   possession, custody, or control; (iv) would require Apple to draw a legal conclusion to respond;

3   (v) can be obtained as easily by Samsung, are already in Samsung's possession, or are publicly

4   available; or (vi) are subject to a confidentiality or non-disclosure agreement or governed by a

5   protective order preventing its production.

6        Apple further objects to Samsung's request as overbroad to the extent it purports to

7   require Apple to conduct a search for documents that is more extensive than is reasonable under

8   the circumstances.  Subject to and without waiving the foregoing General and Specific Objections,

9   Apple has produced or will produce responsive, non-privileged documents in its possession,

10   custody, or control, if any, located after a reasonable search as discussed in more detail above.

11   **REQUEST FOR PRODUCTION NO. 178:**

12        All DOCUMENTS relating to all studies, including formal or informal analysis,

13   investigation, surveys, focus groups, consumer research, articles, or other information relating to

14   the APPLE DESIGN PATENTS.

15   **RESPONSE TO REQUEST FOR PRODUCTION NO. 178:**

16        Apple objects to the phrase "relating to all studies, including formal or informal analysis,

17   investigation, surveys, focus groups, consumer research, articles, or other information relating to

18   the APPLE DESIGN PATENTS" as vague and ambiguous.  Apple objects to this request as

19   overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of

20   admissible evidence, especially because it requests "all DOCUMENTS."  Apple objects to this

21   request to the extent it seeks production of documents that: (i) are protected from discovery by the

22   attorney-client privilege or the work product doctrine, or any other applicable privilege or

23   immunity; (ii) are not relevant to the claims or defenses at issue in this case; (iii) are outside of

24   Apple's possession, custody, or control; (iv) would require Apple to draw a legal conclusion to

25   respond; (v) can be obtained as easily by Samsung, are already in Samsung's possession, or are

26   publicly available; or (vi) are subject to a confidentiality or non-disclosure agreement or governed

27   by a protective order preventing its production.

28

APPLE INC'S OBJECTIONS AND RESPONSES TO SAMSUNG'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO. 11-cv-01846-LHK
sf-3039157

119

1    Apple further objects to Samsung's request as overbroad to the extent it purports to

2  require Apple to conduct a search for documents that is more extensive than is reasonable under

3  the circumstances.  Subject to and without waiving the foregoing General and Specific Objections,

4  Apple has produced or will produce responsive, non-privileged documents in its possession,

5  custody, or control, if any, located after a reasonable search as discussed in more detail above.

6  **REQUEST FOR PRODUCTION NO. 179:**

7    All DOCUMENTS referring, reflecting, or otherwise relating to actual confusion or

8  dilution between any Samsung product and any Apple product.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 179**:

10    Apple objects to the phrase "referring, reflecting, or otherwise relating to actual confusion

11  or dilution" as vague and ambiguous, and the request is vague and ambiguous to the extent it

12  seeks information regarding "dilution between" products.  Apple objects to this request as overly

13  broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

14  evidence, especially because it requests "all DOCUMENTS."  Apple objects to this request to the

15  extent it seeks production of documents that: (i) are protected from discovery by the attorney-

16  client privilege or the work product doctrine, or any other applicable privilege or immunity; (ii)

17  are not relevant to the claims or defenses at issue in this case; (iii) are outside of Apple's

18  possession, custody, or control; (iv) would require Apple to draw a legal conclusion to respond;

19  (v) can be obtained as easily by Samsung, are already in Samsung's possession, or are publicly

20  available; or (vi) are subject to a confidentiality or non-disclosure agreement or governed by a

21  protective order preventing its production

22    Apple further objects to Samsung's request as overbroad to the extent it purports to

23  require Apple to conduct a search for documents that is more extensive than is reasonable under

24  the circumstances.  Subject to and without waiving the foregoing General and Specific Objections,

25  Apple has produced or will produce responsive, non-privileged documents in its possession,

26  custody, or control, if any, located after a reasonable search as discussed in more detail above.

27

28

1   **REQUEST FOR PRODUCTION NO. 180:**

2   DOCUMENTS sufficient to identify when Apple became aware of the alleged similarities

3   between the currently accused Samsung products and Apple's products.

4   **RESPONSE TO REQUEST FOR PRODUCTION NO. 180:**

5   Apple objects to the phrase "identify when Apple became aware" as vague and

6   ambiguous.  Apple objects to this request to the extent it seeks production of documents that: (i)

7   are protected from discovery by the attorney-client privilege or the work product doctrine, or any

8   other applicable privilege or immunity; (ii) are not relevant to the claims or defenses at issue in

9   this case; or (iii) would require Apple to draw a legal conclusion to respond.

10   Subject to and without waiving the foregoing General and Specific Objections, Apple is

11   willing to meet and confer to discuss the scope and relevance of the documents sought by

12   Samsung.

13   **REQUEST FOR PRODUCTION NO. 181:**

14   All DOCUMENTS concerning the sophistication of smartphone customers, including

15   documents sufficient to show retail prices charged, and actual prices paid, for iPhones, since

16   2007; analysis of consumer cell phone/smart phone purchasing behavior, including effect and

17   degree of brand loyalty; and analysis of cell phone/smart phone purchaser characteristics.

18   **RESPONSE TO REQUEST FOR PRODUCTION NO. 181:**

19   Apple objects to the term "concerning" to the extent that it fails to provide reasonable

20   particularity as to the scope of the documents sought.  Apple objects to the phrases "concerning

21   the sophistication of smartphone customers," "analysis of consumer cell phone/smart phone,"

22   "purchasing behavior," and "purchaser characteristics" as vague and ambiguous.  Apple objects

23   to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the

24   discovery of admissible evidence, especially because it requests "all DOCUMENTS."  Apple

25   objects to this request to the extent it seeks production of documents that: (i) are not relevant to

26   the claims or defenses at issue in this case; (ii) are outside of Apple's possession, custody, or

27   control; (iii) would require Apple to draw a legal conclusion to respond; (iv) can be obtained as

28

1   easily by Samsung, are already in Samsung's possession, or are publicly available; or (v) are not

2   relevant to the claims or defenses at issue in this case.

3        Apple further objects to Samsung's request as overbroad to the extent it purports to

4   require Apple to conduct a search for documents that is more extensive than is reasonable under

5   the circumstances.  Subject to and without waiving the foregoing General and Specific Objections,

6   Apple has produced or will produce responsive, non-privileged documents in its possession,

7   custody, or control, if any, located after a reasonable search as discussed in more detail above.

8   **REQUEST FOR PRODUCTION NO. 182:**

9        All DOCUMENTS concerning the sophistication of tablet computer customers, including

10   documents sufficient to show retail prices charged, and actual prices paid, for iPad, since 2004;

11   analysis of consumer purchasing behavior, including effect and degree of brand loyalty; and

12   analysis of tablet purchaser characteristics.

13   **RESPONSE TO REQUEST FOR PRODUCTION NO. 182**:

14        Apple objects to the term "concerning" to the extent that it fails to provide reasonable

15   particularity as to the scope of the documents sought.  Apple objects to the phrases "concerning

16   the sophistication of tablet computer customers," and "effect and degree of brand loyalty" as

17   vague and ambiguous.  Apple objects to this request as overly broad, unduly burdensome, and not

18   reasonably calculated to lead to the discovery of admissible evidence, especially because it

19   requests "all DOCUMENTS."  Apple objects to this request to the extent it seeks production of

20   documents that: (i) are not relevant to the claims or defenses at issue in this case; (ii) are outside

21   of Apple's possession, custody, or control; (iii) can be obtained as easily by Samsung, are already

22   in Samsung's possession, or are publicly available; or (iv) are subject to a confidentiality or non-

23   disclosure agreement or governed by a protective order preventing its production.

24        Apple further objects to Samsung's request as overbroad to the extent it purports to

25   require Apple to conduct a search for documents that is more extensive than is reasonable under

26   the circumstances.  Subject to and without waiving the foregoing General and Specific Objections,

27   Apple has produced or will produce responsive, non-privileged documents in its possession,

28   custody, or control, if any, located after a reasonable search as discussed in more detail above.

1    **REQUEST FOR PRODUCTION NO. 183:**

2         All DOCUMENTS relating to competition between each version of the iPad, iPhone, and

3    iPod Touch, and any product YOU accuse of infringing, diluting, or otherwise violating Apple's

4    alleged rights in APPLE DESIGN PATENTS, APPLE TRADEMARKS, and APPLE TRADE

5    DRESS.

6    **RESPONSE TO REQUEST FOR PRODUCTION NO. 183:**

7         Apple objects to the phrase "relating to competition" as vague and ambiguous.  Apple

8    objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead

9    to the discovery of admissible evidence, especially because it requests "all DOCUMENTS."

10   Apple objects to this request to the extent it seeks production of documents that: (i) are protected

11   from discovery by the attorney-client privilege or the work product doctrine, or any other

12   applicable privilege or immunity; (ii) are not relevant to the claims or defenses at issue in this

13   case; (iii) are outside of Apple's possession, custody, or control; (iv) can be obtained as easily by

14   Samsung, are already in Samsung's possession, or are publicly available; or (v) are subject to a

15   confidentiality or non-disclosure agreement or governed by a protective order preventing its

16   production.

17        Apple further objects to Samsung's request as overbroad to the extent it purports to

18   require Apple to conduct a search for documents that is more extensive than is reasonable under

19   the circumstances.  Subject to and without waiving the foregoing General and Specific Objections,

20   Apple has produced or will produce responsive, non-privileged documents in its possession,

21   custody, or control, if any, located after a reasonable search as discussed in more detail above.

22   **REQUEST FOR PRODUCTION NO. 184:**

23        Complete transcripts of testimony given at a deposition, hearing, trial, or other proceeding

24   by the named inventors of the APPLE that relate to any product.

25   **RESPONSE TO REQUEST FOR PRODUCTION NO. 184:**

26        Apple objects to the phrase "by the named inventors of the APPLE" as vague and

27   ambiguous, to the extent it renders the request incomprehensible.  Apple objects to this request as

28   overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of

1   admissible evidence, especially to the extent it seeks testimony that does not relate to the IP

2   asserted by Apple in this case.  Apple objects to this request to the extent it seeks production of

3   documents that: (i) are not relevant to the claims or defenses at issue in this case; (ii) are outside

4   of Apple's possession, custody, or control; (iii) can be obtained as easily by Samsung, are already

5   in Samsung's possession, or are publicly available; or (iv) are subject to a confidentiality or non-

6   disclosure agreement or governed by a protective order preventing its production.

7          Subject to and without waiving the foregoing General and Specific Objections, Apple is

8   willing to meet and confer to discuss the scope and relevance of the documents sought by

9   Samsung.

10  **REQUEST FOR PRODUCTION NO. 185:**

11         Communications between YOU and any other person, including, but not limited to, the

12  inventors of the DESIGN PATENTS, concerning the DESIGN PATENTS, any SAMSUNG

13  ACCUSED PRODUCTS or otherwise accused of infringing the DESIGN PATENTS or at issue

14  in This Lawsuit.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 185:**

16         Apple objects that this request is vague and ambiguous, and is therefore

17  incomprehensible.  Apple objects to the term "concerning" to the extent that it fails to provide

18  reasonable particularity as to the scope of the documents sought.  Apple objects to this request as

19  overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of

20  admissible evidence.  Apple objects to this request to the extent it seeks production of documents

21  that: (i) are not relevant to the claims or defenses at issue in this case; (ii) are outside of Apple's

22  possession, custody, or control; (iii) can be obtained as easily by Samsung, are already in

23  Samsung's possession, or are publicly available; or (iv) are protected from discovery by the

24  attorney-client privilege or the work product doctrine, or any other applicable privilege or

25  immunity.

26         Subject to and without waiving the foregoing General and Specific Objections, Apple is

27  willing to meet and confer to discuss the scope and relevance of the documents sought by

28  Samsung.

1  **REQUEST FOR PRODUCTION NO. 186:**

2      DOCUMENTS sufficient to identify every foreign counterpart application or registration

3  to the APPLE DESIGN PATENTS, APPLE TRADEMARKS, and APPLE TRADE DRESS.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 186:**

5      Apple objects to the phrase "identify every foreign counterpart" as vague and ambiguous.

6  Apple objects to this request to the extent it seeks production of documents that: (i) are not

7  relevant to the claims or defenses at issue in this case; (ii) are outside of Apple's possession,

8  custody, or control; (iii) would require Apple to draw a legal conclusion to respond; or (iv) can be

9  obtained as easily by Samsung, are already in Samsung's possession, or are publicly available.

10     Subject to these objections, Apple is willing to meet and confer to discuss the scope and

11  relevance of the documents sought by Samsung.

12  **REQUEST FOR PRODUCTION NO. 187:**

13     All DOCUMENTS from any prior or current litigation or dispute relating to infringement,

14  validity, enforceability, or ownership of the APPLE DESIGN PATENTS.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 187:**

16     Apple objects to the phrase "dispute relating to infringement, validity, enforceability, or

17  ownership" as vague and ambiguous.  Apple objects to this request as overly broad, unduly

18  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence,

19  especially because it requests "all DOCUMENTS."  Apple objects to this request to the extent it

20  seeks production of documents that: (i) are protected from discovery by the attorney-client

21  privilege or the work product doctrine, or any other applicable privilege or immunity; (ii) are

22  outside of Apple's possession, custody, or control; (iii) can be obtained as easily by Samsung, are

23  already in Samsung's possession, or are publicly available; or (iv) are subject to a confidentiality

24  or non-disclosure agreement or governed by a protective order preventing its production.

25     Apple further objects to Samsung's request as overbroad to the extent it purports to

26  require Apple to conduct a search for documents that is more extensive than is reasonable under

27  the circumstances.  Subject to and without waiving the foregoing General and Specific Objections,

28

1   Apple has produced or will produce responsive, non-privileged documents in its possession,

2   custody, or control, if any, located after a reasonable search as discussed in more detail above.

3   **REQUEST FOR PRODUCTION NO. 188:**

4       DOCUMENTS sufficient to show all versions of icons APPLE has used since 1990 in

5   connection with computer, cell phone, or tablet applications for cameras, pictures,

6   telecommunications, music, address books, contacts, and note, including exemplars of each icon

7   used.

8   **RESPONSE TO REQUEST FOR PRODUCTION NO. 188**:

9       Apple objects to this request as overly broad, unduly burdensome, and not reasonably

10  calculated to lead to the discovery of admissible evidence, especially because it requests "all

11  versions of icons . . .used since 1990."  Apple objects to this request to the extent it seeks

12  production of documents that: (i) are protected from discovery by the attorney-client privilege or

13  the work product doctrine, or any other applicable privilege or immunity; (ii) are outside of

14  Apple's possession, custody, or control; or (iii) can be obtained as easily by Samsung, are already

15  in Samsung's possession, or are publicly available.

16      Subject to and without waiving the foregoing General and Specific Objections, Apple is

17  willing to meet and confer to discuss the scope and relevance of the documents sought by

18  Samsung.

19  **REQUEST FOR PRODUCTION NO. 189:**

20      All DOCUMENTS relating to the creation, development, consideration, selection, reasons

21  for selecting, trademark clearance, adoption, registration, assignment, purchase and/or potential

22  purchase, and/or first use of the APPLE TRADE DRESS and APPLE TRADEMARKS.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 189**:

24      Apple objects to the phrases "potential purchase" and "relating to the creation,

25  development, consideration, selection, reasons for selecting" as vague and ambiguous.  Apple

26  objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead

27  to the discovery of admissible evidence, especially because it requests "all DOCUMENTS."

28  Apple objects to this request to the extent it seeks production of documents that: (i) are protected

1  from discovery by the attorney-client privilege or the work product doctrine, or any other

2  applicable privilege or immunity; (ii) are outside of Apple's possession, custody, or control; (iii)

3  would require Apple to draw a legal conclusion to respond; or (iv) can be obtained as easily by

4  Samsung, are already in Samsung's possession, or are publicly available.

5      Subject to these objections, Apple is willing to meet and confer to discuss the scope and

6  relevance of the documents sought by Samsung.

7  **REQUEST FOR PRODUCTION NO. 190:**

8      All advertising plans, media spending reports, return on investment reports concerning (1)

9  advertisements, (2) consumer research regarding advertisements, and (3) the identity of all third

10  parties Apple has use to design, generate, review, or disseminate advertisements for the iPhone,

11  iPad, and iPod touch.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 190:**

13      Apple objects to the term "concerning" to the extent that it fails to provide reasonable

14  particularity as to the scope of the documents sought.  Apple objects to the phrase "concerning (1)

15  advertisements, (2) consumer research regarding advertisements, and (3) the identity of all third

16  parties Apple has use to design, generate, review, or disseminate advertisements" as vague and

17  ambiguous.  Apple objects to this request as overly broad, unduly burdensome, and not

18  reasonably calculated to lead to the discovery of admissible evidence, especially because it

19  requests "advertising plans, media spending reports, return on investment reports."  Apple objects

20  to this request to the extent it seeks production of documents that: (i) are protected from discovery

21  by the attorney-client privilege or the work product doctrine, or any other applicable privilege or

22  immunity; (ii) are outside of Apple's possession, custody, or control; or (iii) can be obtained as

23  easily by Samsung, are already in Samsung's possession, or are publicly available.

24      Subject to and without waiving the foregoing General and Specific Objections, Apple is

25  willing to meet and confer to discuss the scope and relevance of the documents sought by

26  Samsung.

27

28

APPLE INC'S OBJECTIONS AND RESPONSES TO SAMSUNG'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO. 11-cv-01846-LHK
sf-3039157

127

1    **REQUEST FOR PRODUCTION NO. 191:**

2        All DOCUMENTS and things RELATING TO the customers and target consumer groups

3    to whom Apple has marketed, advertised, promoted, or sold services or goods in connection with

4    any of the APPLE TRADE DRESS or TRADEMARKS, including without limitation, all

5    documents concerning consumer demographics, behavior, sophistication, buying habits, process

6    of buying a smart phone or tablet computer, and consumer preferences in electronics.

7    **RESPONSE TO REQUEST FOR PRODUCTION NO. 191**:

8        Apple objects to the term "concerning" to the extent that it fails to provide reasonable

9    particularity as to the scope of the documents sought.  Apple objects to the phrase "concerning

10   consumer demographics, behavior, sophistication, buying habits, process of buying a smart phone

11   or tablet computer, and consumer preferences in electronics" as vague and ambiguous.  Apple

12   objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead

13   to the discovery of admissible evidence, especially because it requests "all DOCUMENTS and

14   things."  Apple objects to this request to the extent it seeks production of documents that: (i) are

15   protected from discovery by the attorney-client privilege or the work product doctrine, or any

16   other applicable privilege or immunity; (ii) are outside of Apple's possession, custody, or control;

17   or (iii) can be obtained as easily by Samsung, are already in Samsung's possession, or are

18   publicly available.

19       Apple further objects to Samsung's request as overbroad to the extent it purports to

20   require Apple to conduct a search for documents that is more extensive than is reasonable under

21   the circumstances.  Subject to and without waiving the foregoing General and Specific Objections,

22   Apple has produced or will produce responsive, non-privileged documents in its possession,

23   custody, or control, if any, located after a reasonable search as discussed in more detail above.

24   **REQUEST FOR PRODUCTION NO. 192:**

25       DOCUMENTS sufficient to evidence all trademark and trade dress rights Apple has in

26   each of the APPLE TRADE DRESS and APPLE TRADEMARKS.

27

28

Apple Inc's Objections and Responses to Samsung's First Set of Requests for Production
Case No. 11-cv-01846-LHK
sf-3039157

128

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 192**:

2         Apple objects to this request as vague and ambiguous.  Apple objects to this request to the

3    extent it seeks production of documents that: (i) are protected from discovery by the attorney-

4    client privilege or the work product doctrine, or any other applicable privilege or immunity; (ii)

5    calls for a legal conclusion; or (iii) can be obtained as easily by Samsung, are already in

6    Samsung's possession, or are publicly available.

7         Apple further objects to Samsung's request as overbroad to the extent it purports to

8    require Apple to conduct a search for documents that is more extensive than is reasonable under

9    the circumstances.  Subject to and without waiving the foregoing General and Specific Objections,

10   Apple has produced or will produce responsive, non-privileged documents in its possession,

11   custody, or control, if any, located after a reasonable search as discussed in more detail above.

12
     Dated: September 12, 2011                    MORRISON & FOERSTER LLP
13

14
                                          By:    /s/ Richard S.J. Hung
15                                               RICHARD S.J. HUNG

16                                               Attorneys for Plaintiff
                                                 APPLE INC.
17

18

19

20

21

22

23

24

25

26

27

28