QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO.,
LTD., SAMSUNG ELECTRONICS AMERICA,
INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendant. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF MATERIALS FROM RELATED PROCEEDINGS AND TO ENFORCE DECEMBER 22, 2011 COURT ORDER**<br><br>Date: April 10, 2012<br>Time: 10:00 a.m.<br>Place: Courtroom 5, 4th Floor<br>Judge: Hon. Paul S. Grewal<br><br>**FILED UNDER SEAL** |

02198.51855/4635741.10

Case No. 11-cv-01846-LHK
SAMSUNG'S MOTION TO COMPEL PRODUCTION OF MATERIALS FROM RELATED PROCEEDINGS
AND TO ENFORCE DECEMBER 22, 2011 COURT ORDER

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on April 10, 2012 at 10:00 a.m., or as soon thereafter as the matter may be heard by the Honorable Paul S. Grewal in Courtroom 5, United States District Court for the Northern District of California, Robert F. Peckham Federal Building, 280 South 1st Street, San Jose, CA 95113, Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung") move the Court to compel Apple to produce materials from proceedings with a technological nexus to this action ("Related Proceedings"), and to enforce compliance with the Court's December 22, 2011 Order ("December 22 Order") requiring Apple to produce by January 15, 2012 deposition transcripts of relevant witnesses from these Related Proceedings.

This motion is based on this notice of motion and supporting memorandum of points and authorities; the supporting declaration of Diane C. Hutnyan and exhibits attached thereto; and such other written or oral argument as may be presented at or before the time this motion is deemed submitted by the Court.

## RELIEF REQUESTED

Pursuant to Federal Rules of Civil Procedure 37(a)(1), Samsung requests the following relief:

(1)     An order requiring Apple to produce immediately all deposition transcripts from relevant Apple employees from cases bearing a technological nexus to this action;

(2)     An order compelling Apple to produce other materials from Related Proceedings that bear a technological nexus to this action; and

(3)     An order allowing Samsung to serve written discovery relating to the matters raised in the belatedly produced transcripts and other materials within three weeks after production is complete (with any responses due within two weeks), and requiring Apple to make available for deposition witnesses whose transcripts in other matters were belatedly produced, or other witnesses regarding matters raised in the belatedly produced transcripts and other materials.

02198.51855/4635741.10

-1-

Case No. 11-cv-01846-LHK

SAMSUNG'S MOTION TO COMPEL PRODUCTION OF MATERIALS FROM RELATED PROCEEDINGS
AND TO ENFORCE DECEMBER 22, 2011 COURT ORDER

## SAMSUNG'S CIVIL L.R. 37-2 STATEMENT

Pursuant to Civil L.R. 37-2, Samsung's discovery requests to Apple are set forth in full below along with Apple's responses and objections:

### SAMSUNG'S REQUEST FOR PRODUCTION NO. 75:

All DOCUMENTS relating to any lawsuit, administrative proceeding, or other proceeding involving any of the APPLE ACCUSED PRODUCTS, APPLE IP, or patents related to the APPLE PATENTS-IN-SUIT, including, without limitation, any pleading, paper, motion, affidavit, declaration, report, decision, or order, for cases to include, without limitation, C11-80169 MISC JF (HRL) (N.D. Cal.), 337-TA-794 (ITC), 1:2010cv23580 (S.D. Fla.), 1:2010cv06385 (N.D. Ill.), 1:2010cv06381 (N.D. Ill.), 337-TA-745 (ITC), 1:2010cv00166 (D. Del.), 1:2010cv00167 (D. Del.), 337-TA-724 (ITC), 3:2010cv00249 (W.D. Wisc.), and 337-TA-701 (ITC).

### APPLE'S RESPONSE TO REQUEST FOR PRODUCTION NO. 75:

Apple objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, including without limitation because it seeks documents related to components and/or functionality not at issue in this lawsuit. Apple further objects to this request because it is improper for Samsung to use this lawsuit as a means to obtain discovery pertaining to other proceedings. Apple further objects to the term "relating to" to the extent that it fails to provide reasonable particularity as to the scope of the documents sought. Apple further objects to this request to the extent that it purports to require the production of documents and things protected from disclosure by the attorney-client privilege, attorney work product doctrine, joint defense or common interest privilege, or any other applicable privilege, doctrine, or immunity.

Subject to and without waiving the foregoing General and Specific Objections, Apple is willing to meet and confer to discuss the scope and relevance of the documents sought by Samsung.

### SAMSUNG'S REQUEST FOR PRODUCTION NO. 97:

All DOCUMENTS and COMMUNICATIONS concerning the patentability, novelty, scope, infringement, validity, invalidity, enforceability or unenforceability of any claim in any of

1   the APPLE IP.

2   **APPLE'S RESPONSE TO REQUEST FOR PRODUCTION NO. 97:**

3   Apple objects to the term "concerning" to the extent that it fails to provide reasonable

4   particularity as to the scope of the documents sought. Apple objects to the phrase "concerning the

5   patentability, novelty, scope, infringement, validity, invalidity, enforceability or unenforceability"

6   as vague and ambiguous, and the request is vague and ambiguous to the extent it seeks

7   information regarding the patentability of Apple trademarks and trade dress. Apple objects to this

8   request as overly broad, unduly burdensome, and not reasonably calculated to lead to the

9   discovery of admissible evidence, especially because it requests "all DOCUMENTS and

10  COMMUNICATIONS"; and as it calls for information that is not relevant to the claims in this

11  case to the extent it seeks information regarding patents and patent claims not asserted by Apple.

12  Apple objects to this request to the extent it seeks production of documents that: (i) are protected

13  from discovery by the attorney-client privilege or the work product doctrine, or any other

14  applicable privilege or immunity; (ii) are outside of Apple's possession, custody, or control; (iii)

15  would require Apple to draw a legal conclusion to respond; or (iv) would be duplicative of the

16  production sought in Requests for Production Nos. 81, 92, and 96.

17  Subject to these objections, Apple is willing to meet and confer to discuss the scope and

18  relevance of the documents sought by Samsung.

19  **SAMSUNG'S CERTIFICATION PURSUANT TO FED. R. CIV. P. 37(a)(1)**

20  Samsung hereby certifies that it has in good faith conferred with Apple in an effort to

21  obtain the discovery described immediately above and has complied with the Court's directive for

22  in-person lead counsel meet and confers on this issue.  Samsung's efforts to resolve these

23  discovery disputes without court intervention are described in paragraphs 9-11 of the declaration

24  of Diane C. Hutnyan, submitted herewith.

25

26

27

28

1  DATED: March 6, 2012              QUINN EMANUEL URQUHART &
2                                    SULLIVAN, LLP

3

4                                    By  /s/ Victoria F. Maroulis
                                        Charles K. Verhoeven
5                                       Kevin P.B. Johnson
                                        Victoria F. Maroulis
6                                       Michael T. Zeller
                                        Attorneys for SAMSUNG ELECTRONICS CO.,
7                                       LTD., SAMSUNG ELECTRONICS AMERICA,
                                        INC., and SAMSUNG
8                                       TELECOMMUNICATIONS AMERICA, LLC

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................ 1

I.      PRELIMINARY STATEMENT .................................................................................... 1

II.     STATEMENT OF FACTS............................................................................................. 2

        A.      The Court's December 22, 2012 Order ................................................... 2

        B.      Apple's Failure To Comply With Court Order ....................................... 3

        C.      Apple Also Refuses To Produce Other Materials From Related Proceedings.......... 6

III.    ARGUMENT ................................................................................................................. 7

        A.      Apple Has Not Disputed And Cannot Dispute The Relevance Of Any of
                The Requested Materials .......................................................................... 7

        B.      Apple Has Even Refused To Produce Deposition Transcripts from the 796
                Investigation Involving Patents on The Same Products, With The Same
                Inventors, With The Same Prior Art, Allegedly Infringed By The Same
                Samsung Products As The Patents In This Case ....................................... 8

        C.      The Court Should Compel Apple To Produce Materials From Related
                Proceedings That Satisfy The Technological Nexus Standard .............. 12

        D.      This Court Should Enforce Its December 22 Order and Compel Apple To
                Produce Apple Employee Transcripts With A Technological Nexus To The
                Issues In This Case As Well As Follow-On Discovery ......................... 12

                1.      Apple Has Violated The Court's Order.................................... 13

                2.      The Court Should Permit Samsung Limited Additional Discovery
                        To Remedy The Prejudice Apple's Violation Has Caused ......... 13

IV.     CONCLUSION ........................................................................................................... 14

02198.51855/4635741.10

-i-

Case No. 11-cv-01846-LHK

SAMSUNG'S MOTION TO COMPEL PRODUCTION OF MATERIALS FROM RELATED PROCEEDINGS
AND TO ENFORCE DECEMBER 22, 2011 COURT ORDER

# **TABLE OF AUTHORITIES**

**Page**

### **Miscellaneous**

*Apple Inc. v. Motorola Inc. et al.*,
   10-cv-00661 (W.D. Wis.)................................................................................................4

*Apple v. High Tech Computer Corp*
   10-cv-00167 (D. Del.) .................................................................................................4

*Apple v. Samsung* ..............................................................................................................4

*Elan Microelectronics Corp. v. Apple, Inc.*,
   09-cv-01531 (N.D. Cal.) .............................................................................................4

*Nokia v. Apple*,
   09-cv-00791 (D. Del.) ................................................................................................4

02198.51855/4635741.10

-ii-

Case No. 11-cv-01846-LHK

SAMSUNG'S MOTION TO COMPEL PRODUCTION OF MATERIALS FROM RELATED PROCEEDINGS
AND TO ENFORCE DECEMBER 22, 2011 COURT ORDER

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.      PRELIMINARY STATEMENT

This is just one of many actions Apple has litigated against Samsung and other defendants in which it has asserted infringement claims based on the same or similar patents, embodied in the exact same iPhone, iPod Touch, and iPad devices.  Given the overlap, it is not surprising that Apple and its witnesses have made critical admissions in these other proceedings that fundamentally undermine the positions Apple is asserting here concerning the scope of its claimed patents, their supposed novelty over prior art, and the basis for its claims of infringement.  Given how damning these admissions are, Apple is doing whatever it can to keep them under wraps, including thumbing its nose at this Court's December 22 Order requiring Apple to produce by January 15 deposition transcripts of its employees from related matters that bear a technological nexus to the issues in this action.

Despite the Court's prior discovery Order, Apple not only has failed to produce the deposition transcripts of its employees, but it continues to refuse to produce other materials from these same proceedings, including deposition transcripts of other witnesses, declarations and affidavits, pleadings, hearing transcripts, expert deposition transcripts and reports, and court rulings, which obviously are relevant for the same reasons that support the production of the testimony of Apple employees.  Apple's principal strategy for delay has been to rely on the supposed need to secure third party consent to the extent the materials would reveal confidential business information ("CBI") of third parties.

This is plainly just a tactic to avoid having to produce these highly relevant materials.  First, Apple has not and cannot deny that most of the materials do not contain any CBI; ***indeed it refuses to produce these materials from the 796 ITC Investigation, where only Samsung and Apple are parties***.  Second, even from cases involving other parties, there are clearly many hearing transcripts, Apple expert reports, declarations and transcripts, and other materials that do not contain any third-party CBI whatsoever, yet they have not been produced.  Third, with regard to the materials that might actually contain CBI, tellingly, although Apple had said just a few days before that it would "promptly" produce the materials once Samsung secured consent for

-1-                                            Case No. 11-cv-01846-LHK

1   disclosure of any CBI from the third parties it had identified, once Samsung *did* secure consent

2   from three of these third parties, Apple still refused to produce any documents from those cases.

3   And finally, the last two third parties asked for more specificity as to what information Apple

4   planned to produce before they could give consent.  Because Samsung does  not have access to

5   this information, it asked Apple to provide a description of the materials containing these parties'

6   CBI, but Apple will not cooperate with that either.

7        Apple's intransigence has unfortunately required Samsung to return to this Court for a

8   second time with regard to the deposition transcripts of Apple employees taken in Related

9   Proceedings, and to seek an Order compelling production of other materials which likely will

10  contain damning admissions that Apple is trying to conceal.

11  **II.**   **STATEMENT OF FACTS**

12      **A.**   **The Court's December 22, 2012 Order**

13       Apple's evasiveness with regard to producing the transcripts of its inventors and other fact

14  witnesses – deposed on facts directly relating to the scope, validity and alleged infringement of the

15  patents-at-issue – has a long history.

16       In request No. 75 of its First Set of Requests for Production, served on August 3, 2011,

17  Samsung requested that Apple produce:  "All DOCUMENTS relating to any lawsuit,

18  administrative proceeding, or other proceeding involving any of the APPLE ACCUSED

19  PRODUCTS, APPLE IP, or patents related to the APPLE PATENTS-IN-SUIT, including, without

20  limitation, any pleading, paper, motion, affidavit, declaration, report, decision, or order, for cases

21  to include, without limitation, C11-80169 MISCJF (HRL) (N.D. Cal.), 337-TA-794 (ITC), 1:2010

22  cv 23580 (S.D. Fla.), 1:2010 cv06385 (N.D. Ill.), 1:2010cv06381 (N.D. Ill.), 337-TA-745 (ITC),

23  1:2010cv00166 (D. Del.), 1:2010cv00167 (D. Del.), 337-TA-724 (ITC), 3:2010cv00249 (W.D.

24  Wisc.), and 337-TA-701 (ITC)."  Declaration of Diane C. Hutnyan ("Hutnyan Decl."), ¶ 2, Exh. A

25       After Apple refused to produce responsive documents, Samsung engaged in a lengthy meet

26  and confer process in which both parties agreed the "technological nexus" standard should be

27  applied, but disagreed as to how that would be applied to the present case.  Samsung argued for a

28  factually-based interpretation, noting that Apple's "Apple's vague definitions are antithetical to

the Court's efforts to promote discovery transparency, and inevitably lead to wasteful, time-consuming disputes in the future."  *Id.*, ¶ 5

But in its opposition, Apple finally clarified its definition of "technological nexus:"

Apple interprets "technological nexus" to include prior cases involving the patents-in-suit or patents covering the same or similar technologies, features, or designs as the patents-in-suit.  For the sake of clarity, with respect to design patent inventors, this would include prior cases involving the asserted design patents or other design patents covering the same designs or design elements.  With respect to utility patent inventors, this would include the asserted utility patents or other utility patents covering touch-based interface functions, display elements, touch-screen hardware, or touch-screen logic.

*Id.*, ¶ 8, Exh. D, at 21.  Apple claimed that "[t]his is a sufficiently clear standard for both parties to follow."  *Id.*  Apple represented that it had "not refused to produce deposition transcripts that are relevant to this case."  *Id.*. at 19.  It asserted that "[f]or the inventors of the patents in suit, it has already produced prior testimony that bears a technological nexus to the patents at issue in this case."  *Id.*  Apple assured the Court that "[i]t is willing to produce similar transcripts for other deponents."  *Id.*

In an Order issued on December 22, 2011, the Court granted Samsung's motion, accepted Apple's proposed definition of technological nexus, and ordered Apple to "apply this standard and *complete its production of all responsive transcripts on a rolling basis and no later than January 15, 2012*."  Hutnyan Decl., ¶ 9, Exh. E.  The Court further indicated that "the parties shall continue to prioritize those categories of production identified as most urgent in light of the scheduled depositions, such that a complete production of responsive documents shall be made available to opposing counsel no later than three (3) days before inventor depositions."  *Id.* at 5 & n. 6 (emphasis added).

## B.    Apple's Failure To Comply With Court Order

It is now almost two months beyond the deadline set by the Court in its December 22 Order, yet Apple still has failed to produce all responsive deposition transcripts.  It also has resisted production of other materials from Related Proceedings that satisfy the technological nexus standard.  As part of the meet and confer efforts, Samsung narrowed its list of matters form which it believed responsive materials would exist.  Hutnyan Decl., ¶ 17 & Exh. I.  Seven of these

cases involve one or more patents Apple is also asserting in this action:

- *Nokia v. Apple*, 09-cv-00791 (D. Del.): involves the '381 patent at issue in this suit

- *Apple Inc. v. Motorola Inc. et al.*, 10-cv-00661 (W.D. Wis.): involves the '828 and '607 patents at issue in this suit

- *Apple Inc. v. Motorola Inc. et al.*, 10-cv-00662 (W.D. Wis.): involves the '002 patent at issue in this suit

- Investigation of Certain Mobile Devices And Related Software (*Apple v. Motorola*), 337-TA-750 (ITC): involves the '828 and '607 patents at issue in this suit

- *Apple v. High Tech Computer Corp.*, 10-cv-00167 (D. Del.): involves the '381 patent at issue in this suit

- Investigation Regarding Certain Portable Electronic Devices (*Apple v. High Tech Computer Corp.*), 337-TA-797 (ITC): involves the '915, '129, and '381 patents at issue in this suit

- Investigation Regarding Certain Electronic Digital Media Devices (*Apple v. Samsung*), 337-TA-796 (ITC): involves the '949 patent, as well as the D558,757 and D618,678 patents, which both claim designs that are very similar to the D'087 and D'677 patents-in-suit. In fact, the designs claimed in the D'757, D'677, D'678 and D'087 patents are purportedly embodied by the same versions of Apple's iPhone, have identical inventors, share the same or substantially similar prior art, are allegedly infringed by many of the same Samsung products, and were even filed by Apple on the same day.

Two other cases involve patents that are similar to those Apple is asserting here, and would provide evidence that would satisfy the technological nexus standard:

- Investigation of Certain Electronic Devices with Multi-Touch Enabled Touchpad and Touchscreens (*Elan Microelectronics Corp. v. Apple*), 337-TA-714 (ITC): involves U.S. Patent No. 5,825, 352, which discloses a method for determining the number of fingers simultaneously present during each scan of a touchpad surface, allows for the determination of the location of each finger and the distance between them, and covers similar touch-based interface functions as the '828 and '915 patents at issue in this suit

- *Elan Microelectronics Corp. v. Apple, Inc.*, 09-cv-01531 (N.D. Cal.): involves the patent-at-issue in 337-TA-714 (ITC) (above), as well as counterclaims involving U.S. Patent Nos. 5,764,218 and 7,495,659, which describe methods for detecting gap intervals and mapping user input on touch-sensitive devices and cover similar touch-based interface functions as the '828, and '915 patents at issue in this suit

02198.51855/4635741.10

-4-

Case No. 11-cv-01846-LHK

SAMSUNG'S MOTION TO COMPEL PRODUCTION OF MATERIALS FROM RELATED PROCEEDINGS
AND TO ENFORCE DECEMBER 22, 2011 COURT ORDER

*Id.*.  There may be more cases, but Apple has refused to identify them.[1]  Apple has never disputed that these cases satisfy the "technological nexus" standard, but inexplicably continues to refuse to provide the deposition transcripts the Court required be produced over one month ago.

At the parties' lead counsel meet and confer on February 14-15, Apple's counsel flatly admitted that it was not in compliance as to the production of relevant transcripts[2] and refused to produce any of the missing deposition transcripts.  Many Apple deponents besides the inventors[3] have presented highly relevant testimony going to the scope, validity and supposed infringement of the patents and technologies at issue in this case in many other cases, yet Apple will not produce them, or even identify which cases it is withholding them from.  Moreover, Apple even gave an unequivocal "no"[4] to producing the handful of depositions taken in the ITC 796 Investigation of the named inventors of the design patents in the present case, at which they testified about the inventions they claimed in the design patents-in-the-*instant*-suit, the related design patents Apple asserted in that investigation, and the products that Apple has identified as commercial embodiments of the patents asserted in both cases.[5]

---

[1]    Apple also finally agreed at the February 6 lead counsel meet and confer that it would start sharing with Samsung, during the meet and confer process, any information that it would eventually use to oppose a motion to compel.  Despite this, Apple refused to confirm that any of these Apple cases have a technological nexus with the present case, although many of them assert the very same patents or related patents, much less identify which other cases Samsung may not have been able to identify.  Hutnyan Decl., ¶ 11.

[2]    Hutnyan Decl., ¶ 14.

[3]    There are several Apple employees with critical firsthand knowledge relevant to the designs and technologies claimed in the patents at issue in the proceedings that have a technological nexus to this one.  These include CAD operators, who work with the designer/inventor to implement the designs, and who would be able to testify regarding the time period that various innovations were created, and the reason for any design changes; modelmakers who are involved in implementing the inventors' proposals; and employees involved in testing proposed devices and who recommend and implement design changes to address perceived problems discovered in those tests – evidence that goes directly to the functionality of the patents Apple is asserting here.  Depositions of these employees are as relevant to the Samsung defenses in this action as those of the inventors.

[4]    Hutnyan Decl., ¶ 13.

[5]    Apple is asserting in the 796 Investigation two design patents for a portable electronic communication device (the D'757 and D'678 patents), which Apple claims are embodied in its iPhone products.  Two of the design patents Apple is asserting in this action – the D'087 and
        (footnote continued)

1    In the days following the February lead counsel meet and confer, Samsung continued to

2  request Apple's compliance with the Order.  On March 3, 2012, in one final attempt to obtain

3  responsive transcripts, Samsung counsel wrote a letter identifying those employee witness

4  transcripts it was able to locate in Apple's production (all of which appeared to have been

5  produced *before* this Court's December 22 Order), and noted that the production appeared to be

6  incomplete.  For example, Samsung was only able to locate transcripts for four of the nine matters

7  on the list, leaving five matters as to which no transcripts had been produced at all.  This includes

8  the 796 ITC investigation where Apple is asserting the same or very similar patents in a parallel

9  action to this one.  Hutnyan Decl., Exh. I.  There is no question but that the deposition testimony

10  of its employees in that matter satisfy the technological nexus standard, and that therefore the

11  transcripts should have been provided under the terms of the Court's December 22 Order.[6]  Yet

12  Apple blankly stated that it refused to provide the requested documents because they did not meet

13  Apple's own definition of a "technological nexus."  Hutnyan Decl., Exh. J.

14          **C.    Apple Also Refuses To Produce Other Materials From Related Proceedings**

15    Apple not only has refused to comply with the Court's December 22 Order requiring

16  production of employee deposition transcripts from Related Proceedings, but it also has refused to

17  produce other materials from these cases that would satisfy the technological nexus standard.  Just

18  as employee testimony would contain relevant admissions regarding the scope of Apple's patents,

19  prior art, novelty, validity, and infringement, so too would testimony of other witnesses, such as

20  patent prosecution attorneys, Apple's adversaries, third parties, and experts.  Similarly, witness

21  declarations and affidavits, expert reports, hearing transcripts, court rulings, and pleadings would

22  _____

23  D'677 – are very similar in appearance, have the same inventors, and are also claimed to be
    embodied by the same Apple devices.  In addition, the D'889 design patent Apple has asserted in
24  this action with regard to its iPad products is listed by Apple as prior art for both the D'678 and
    D'677 patents.  As explained below, testimony from the ITC investigation regarding the D'889
25  patent is directly relevant to Samsung's invalidity defense with regard to the D'677 patent.

26      [6]  Samsung has proposed a cross-use agreement that would allow both parties to use
    deposition transcripts from the ITC matter in this case, but Apple has not agreed to that proposal.
27  *See* Hutnyan Decl. ¶ 11; *id.* Exh. L (February 28, 2012 letter from me to Harold McElhinny,
    Kristin Yohannan, Nina S. Tallon.)

28

be a source of critical admissions regarding the very patents Apple is pursuing here.

Apple's only articulated excuse for not producing these other materials is that they might contain third party CBI.[7]  *E.g.,* Hutnyan Decl., Exh. H.  But this is not a viable objection with respect to the 796 Investigation, where only Apple and Samsung are parties.  And Apple has not produced the vast majority of the responsive materials in the other cases that would not contain any CBI, including testimony regarding Apple's own products or processes, or pleadings Apple has filed on its own behalf.  Nor has Apple produced any responsive materials containing CBI from Google, Atmel and HTC since Samsung notified Apple it had secured consent from them to produce documents containing their CBI (designated as Highly Confidential – Attorneys Eyes Only).  Two other third parties, Nokia and Motorola, have requested further information regarding the nature of the documents at issue, yet Apple has refused to provide any information that would enable these parties to give their consent.  Hutnyan Decl., ¶ 22.  Nor has Apple offered to produce those materials in redacted form.  It is clear that Apple is simply using the CBI issue to further delay production.

## III.   ARGUMENT

### A.   Apple Has Not Disputed And Cannot Dispute The Relevance Of Any of The Requested Materials

The Court already has agreed that deposition transcripts of Apple employees from matters bearing a technological nexus to this matter should be produced.  The same "technological nexus" standard that Apple proposed and that the Court adopted should also govern whether Apple should produce other materials from these same proceedings.  These other materials – whether non-employee depositions, declarations, affidavits, pleadings, or reports, are as relevant to the issues in this action as the deposition transcripts that this Court has already ordered produced.

Indeed, Apple has not disputed that the materials from technologically related matters

---

[7]   Apple's counsel has suggested during meet and confer that the materials beyond employee deposition transcripts are not within the scope of any of Apple's requests.  This is frivolous. Request No. 75, for example, expressly requests "ALL DOCUMENTS" from the related proceedings, "including, without limitation, any pleading, paper, motion, affidavit, declaration, report, decision, or order . . . ."

1    satisfy the standards for discovery in this action, and for good reason.  Given the overlap in

2    asserted intellectual property and products Apple is asserting in the technologically related cases,

3    positions it has taken, defenses that have been asserted, and rulings by the courts or administrative

4    law judges, bear directly on Samsung's defenses of anticipation, obviousness, functionality, and

5    non-infringement.

6           In every case where Apple has asserted its patents, it has had to take positions on what

7    prior art existed and whether it was disclosed to the Patent Office, what in its patents were novel

8    from the prior art, what features of its design patents were functional, and why the defendant's

9    products infringed the asserted patents.  In each one of these cases, inventors, designers, and

10   others (including CAD operators, testers, modelers) would have provided testimony related to the

11   conception, reduction to practice, commercial embodiments, infringement, and validity (or

12   invalidity) of the patents.  Apple would have submitted briefs providing its position on these

13   issues, and would have submitted expert reports addressing these matters as well.  Because these

14   other cases addressed either the very same patents as Apple is asserting here, or patents covering

15   "the same or similar technologies, features, or designs as the patents-in-suit," the testimony in

16   these areas is relevant to Samsung's defenses of functionality, anticipation, obviousness, and non-

17   infringement in this case.  Put simply, Apple and its witnesses in these cases would necessarily

18   have made critical admissions on matters directly relevant to Samsung's defenses here, and Apple

19   should not be permitted to continue to withhold this evidence.

20   **B.     Apple Has Even Refused To Produce Deposition Transcripts from the 796**
     **Investigation Involving Patents on The Same Products, With The Same**
21   **Inventors, With The Same Prior Art, Allegedly Infringed By The Same**
     **Samsung Products As The Patents In This Case**
22

23         Apple has refused to produce various depositions taken in the ITC 796 Investigation of the

24   named inventors of the design patents in the present case, at which they testified about the

25   inventions they claimed in the design patents-in-suit, the related design patents Apple asserted in

26   that investigation, and the products that Apple has identified as commercial embodiments of the

27   inventions asserted in those patents.  The refusal to produce these transcripts illustrates that

28   Apple's objections are baseless, as the proceeding undoubtedly shares a technological nexus with

1   this action, and there are no concerns related to third party confidential business information.  Yet,

2   Apple still refuses to produce these transcripts.

3      Apple's ITC Complaint alleges infringement based on two design patents, the D'757 and

4   D'678 patents.  *See* Hutnyan Decl. ¶ 26, Exh. M, ¶¶ 51-58.  The D'757 patent, issued on January

5   1, 2008, purports to depict certain design features for an electronic device, including a cellular

6   phone.  The alleged design as depicted in the patent is shown below:



15      The other design patent asserted by Apple, the D'678 patent, was issued on June 29, 2010.

16   This patent similarly purports to depict certain design features for an electronic device.  The

17   alleged design as depicted in the patent is shown below:

26

27      Apple has asserted that these two design patents are embodied in various versions of its

28   iPhone, namely, the first generation iPhone, the iPhone 3G, the iPhone 3GS, the iPhone 4 and the

1   iPhone 4S, as well as each generation of the iPod Touch.  *See* Hutnyan Decl., ¶ 27, Exh. N.  Apple

2   has alleged that these two patents are infringed by Samsung's Fascinate Galaxy S 4G, Transform,

3   and Infuse 4G smartphones.  *See* Hutnyan Decl. ¶ 26, Exh. M, ¶¶ 60, 84.

4        In this action, Apple asserts infringement claims based on design patents that include the

5   D'087 and D'677 patents.  D'087 is a design patent that claims to cover the front face of an

6   electronic device.  An embodiment of the alleged design claimed by this patent is depicted below:



17  Figure 3 of the D'677 patent is reproduced below:



1    As is evident from the face of the patents, the D'087 patent asserted by Apple in this action

2 is virtually identical to and substantially overlaps with the D'678 and D'757 design patents that

3 Apple has asserted in the ITC.  Likewise, the D'677 design patent asserted by Apple in this action

4 is virtually identical to the D'678 patent asserted in the ITC action, with the only difference being

5 the added feature of a black screen

6    Furthermore, Apple claims that the devices embodying the D'087 and D'677 patents are

7 very same devices embodying the two Apple design patents asserted in the ITC, namely, the first

8 generation iPhone, the iPhone 3G, the iPhone 3GS, the iPhone 4 and the iPhone 4S, as well as

9 each generation of the iPod Touch.  *See* Hutnyan Decl., Exh. N.  Apple also asserts that the design

10 patents in this lawsuit are infringed by the same Samsung smartphones at issue in the ITC action:

11 the Fascinate, Transform, Infuse 4G, and Galaxy S 4G.

12    Samsung's defenses to the design patent claims in this action rely on the same facts as the

13 defenses it has asserted in the ITC investigation, including functionality, anticipation, obviousness,

14 and non-infringement.  *See* Answer to Complaint.  Because of the identity and similarity in the

15 designs Apple is asserting in both actions, and the fact that these design patents are claimed to be

16 embodied by the same iPhone and iPod Touch products, the evidence supporting these defenses

17 will be virtually identical.  In both actions, the defenses will be based on the testimony of the

18 inventors for the patents regarding the functionality of the designs, and comparisons with the same

19 prior art.  Also, testimony regarding comparisons between the designs, their commercial

20 embodiment, and the accused Samsung products (which also are the same in both actions), will

21 necessarily be duplicative.

22    More specifically, the Patent Office initially rejected both the D'677 and D'678

23 applications on the ground that their designs were anticipated and obvious in light of prior art.

24 Apple persuaded the Patent Office to issue the patents by asserting that what was new was their

25 clear continuous surface.  *See* Hutnyan Decl., ¶ 25 & Exh. J.  Yet, Samsung has shown that the

26 D'889 patent, as well as other prior art, already anticipated this feature.  Indeed, various Apple

27 witnesses have already testified to this effect.  Because Samsung is relying on this same invalidity

28 argument in both proceedings, it is critical that Samsung be allowed to cross-use Apple's

testimony on this issue to prevent Apple from saying different things in different places. In light of the obvious technological nexus between the design patents in the ITC 796 Investigation and this action, Apple's unequivocal refusal to produce to produce any of these transcripts is legally unjustified.

### C.   The Court Should Compel Apple To Produce Materials From Related Proceedings That Satisfy The Technological Nexus Standard

Samsung respectfully submits that the Court should issue an order compelling Apple to produce materials from the Related Proceedings that meet the technological nexus test.  These include deposition transcripts from witnesses other than Apple employees, affidavits and declarations, expert reports, claim construction briefing, other pleadings, hearing transcripts, and court rulings.  As explained above, this material is as relevant to the case as the deposition transcripts the Court already ordered produced, as they are as likely to contain admissions and other evidence that undermine Apple's positions here, and support Samsung's defenses. Undoubtedly, that is why Apple has been so reluctant to produce them.

Apple has yet to articulate a valid reason for its refusal to produce responsive materials from these cases.  Apple's third-party CBI objection is pure obstructionism.  Apple has not denied that most of the materials – and indeed all of the materials from the 796 Investigation, a dispute between the parties to this action – do not even contain third-party CBI, yet those materials have not been produced.  Further, consistent with the process noted by the Court in its December 22 Order (see Order at 2 n.1), Samsung has secured the consent of three of the third parties to produce any CBI without redaction, yet those materials have not been produced either.[8]  And to the extent the remaining two third parties maintain their objection, it is only because Apple has refused to cooperate by providing further information concerning what documents would be subject to the request and Apple has declined to produce the materials in redacted form as an alternative.

### D.   This Court Should Enforce Its December 22 Order and Compel Apple To Produce Apple Employee Transcripts With A Technological Nexus To The

---

[8]   Such documents must be produced with a "Highly Confidential – Attorneys Eyes Only" designation.

**Issues In This Case As Well As Follow-On Discovery**

### 1. Apple Has Violated The Court's Order

Apple's violation of the Court's December 22 Order is not in dispute.  It is now almost two months beyond the Court's deadline and Apple has failed to produce all employee deposition transcripts that satisfy the technological nexus test.  Apple counsel admitted as much at the February lead counsel meet and confer.  Hutnyan Decl., ¶ 14.

Nor can there possibly be any justification for Apple's misconduct.  Indeed, Apple sought to defeat Samsung's original motion to compel the deposition transcripts by stating it was willing to provide transcripts with a technological nexus to this case.  After the Court agreed with Apple's own articulation of the relevant standard, Apple inexplicably failed to comply with the Court's Order.  So far as Samsung is able to determine, Apple did not produce a single transcript since the Court issued its Order.

### 2. The Court Should Permit Samsung Limited Additional Discovery To Remedy The Prejudice Apple's Violation Has Caused

Apple's misconduct has severely prejudiced Samsung.  The discovery cut-off in this matter is only a few days away.  Had Apple complied with its obligations under the Court's December 22 Order, Samsung would have had the deposition transcripts over a month ago, with almost two months left in the discovery period.  These transcripts undoubtedly would have assisted Samsung in crafting its discovery strategy, including identifying documents it should request from Apple, and questions of deponents.  It also would be material to Samsung's preparation of its experts.  By the time the Court is able to consider this motion, the discovery period will have closed, and Apple will have succeeded in thwarting Samsung's ability to use this key testimony throughout discovery.

This Court's Order expressly contemplated that Apple would produce relevant materials on a rolling basis, and "no later than three (3) days before inventor depositions."  Order at 5 & n. 6 (emphasis added).  Apple has not done so, nor has it provided a host of other transcripts by the January 15 deadline, let alone in advance of critical depositions or the discovery cut-off.  This has prejudiced Samsung's defense of Apple's claims, as discussed above.  The only way to provide an

1   effective remedy is for the Court to require Apple to produce all responsive transcripts forthwith,

2   and to allow a limited period for Samsung to complete follow-on discovery, including

3   supplemental written discovery requests to be responded to on shortened time, and additional

4   deposition time with Apple witnesses whose transcripts were not timely produced, or other Apple

5   witnesses on matters identified by the belatedly produced transcripts.

6   **IV.      CONCLUSION**

7           For the foregoing reasons, Samsung requests that the Court issue an Order compelling

8   Apple to produce materials from Related Proceedings satisfying the technological nexus standard,

9   and award the other relief as requested hereinabove.

10  DATED: March 6, 2012                    Respectfully submitted,

11                                          QUINN EMANUEL URQUHART &
                                            SULLIVAN, LLP
12

13

14                                          By /s/ *Victoria F. Maroulis*
                                               Charles K. Verhoeven
15                                             Kevin P.B. Johnson
                                               Victoria F. Maroulis
16                                             Michael T. Zeller
17                                             Attorneys for SAMSUNG ELECTRONICS CO.,
                                               LTD., SAMSUNG ELECTRONICS AMERICA,
18                                             INC. and SAMSUNG
                                               TELECOMMUNICATIONS AMERICA, LLC
19

20

21

22

23

24

25

26

27

28