QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**DECLARATION OF DIANE C. HUTNYAN IN SUPPORT OF SAMSUNG'S MOTION TO COMPEL PRODUCTION OF MATERIALS FROM RELATED PROCEEDINGS AND TO ENFORCE DECEMBER 22, 2011 COURT ORDER**<br><br>Date: April 10, 2012<br>Time: 10:00 a.m.<br>Place: Courtroom 5, 4th Floor<br>Judge: Hon. Paul S. Grewal |

I, Diane C. Hutnyan, declare:

1. I am a member of the bar of the State of California and am admitted to practice before this Court. I am a partner at Quinn Emanuel Urquhart & Sullivan, LLP, counsel for Samsung Electronics Co., Ltd., Samsung Electronics America, inc., and Samsung Telecommunications America, LLC (collectively "Samsung") in this action. I have personal knowledge of the following facts, and would competently testify to them if called upon to do so.

### Samsung's Document Request For Materials From Related Proceedings

2. On August 3, 2011, Samsung served its First Set of Requests for Production in this matter. A true and correct copy of Samsung's First Set of Requests for Production is attached hereto as Exhibit A. Request No. 75 asked for production of: "All DOCUMENTS relating to any lawsuit, administrative proceeding, or other proceeding involving any of the APPLE ACCUSED PRODUCTS, APPLE IP, or patents related to the APPLE PATENTS-IN-SUIT, including, without limitation, any pleading, paper, motion, affidavit, declaration, report, decision, or order, for cases to include, without limitation, C11-80169 MISCJF (HRL) (N.D. Cal.), 337-TA-794 (ITC), 1:2010 cv 23580 (S.D. Fla.), 1:2010 cv06385 (N.D. Ill.), 1:2010cv06381 (N.D. Ill.), 337-TA-745 (ITC), 1:2010cv00166 (D. Del.), 1:2010cv00167 (D. Del.), 337-TA-724 (ITC), 3:2010cv00249 (W.D. Wisc.), and 337-TA-701 (ITC)."

3. Request No. Request 97 sought: "All DOCUMENTS and COMMUNICATIONS concerning the patentability, novelty, scope, infringement, validity, invalidity, enforceability or unenforceability of any claim in any of the APPLE IP."

4. Apple served a written response to the First Set of Requests for Production on September 12, 2011. A true and correct copy of Apple's Response is attached hereto as Exhibit B. Apple objected to Request Nos. 75 and 97, but offered to meet and confer.

### Samsung's Motion To Compel Apple Employee Deposition Transcripts And The Court's Order Requiring Production By January 15, 2012

5. After Apple refused to produce responsive documents, Samsung engaged in a lengthy meet and confer process in which both parties agreed the "technological nexus" standard should be applied, but disagreed as to how that would be applied to the present case. Samsung

1  argued for a factually-based interpretation, noting that Apple's "Apple's vague definitions are
2  antithetical to the Court's efforts to promote discovery transparency, and inevitably lead to
3  wasteful, time-consuming disputes in the future."

4      6.    Notwithstanding the parties' meet and confer efforts, Apple continued to refuse to
5  produce responsive deposition transcripts from other matters responsive to Request No. 75.

6      7.    As a result, Samsung brought a motion compel the production of deposition
7  transcripts of Apple employees from the matters listed in its request.   A true and correct copy of
8  Samsung's motion to compel is attached hereto as Exhibit C.

9      8.    In its opposition (a copy of which is attached hereto as Exhibit D), Apple claimed
10  that it had "not refused to produce deposition transcripts that are relevant to this case."   Apple
11  Opp. at 19.   It asserted that "[f]or the inventors of the patents in suit, it has already produced prior
12  testimony that bears a technological nexus to the patents at issue in this case."   *Id*.   Apple
13  assured the Court that "[i]t is willing to produce similar transcripts for other deponents."   *Id*.

> In order to define the scope of what Apple was offering to produce, Apple proposed the following definition of "technological nexus":   Apple interprets "technological nexus" to include prior cases involving the patents-in-suit or patents covering the same or similar technologies, features, or designs as the patents-in-suit.   For the sake of clarity, with respect to design patent inventors, this would include prior cases involving the asserted design patents or other design patents covering the same designs or design elements.   With respect to utility patent inventors, this would include the asserted utility patents or other utility patents covering touch-based interface functions, display elements, touch-screen hardware, or touch-screen logic.

19  *Id.* at 21.   Apple claimed that "[t]his is a sufficiently clear standard for both parties to follow."
20  *Id*.

21      9.    In an Order issued on December 22, 2011 (a copy of which is attached hereto as
22  Exhibit E), the Court accepted Apple's definition of technological nexus, and ordered Apple to
23  "apply this standard and *complete its production of all responsive transcripts on a rolling basis*
24  *and no later than January 15, 2012*."   Order at 5 & n. 6 (emphasis added).

**Apple's Failure To Comply With The Court's Order And**

**Samsung's Efforts To Secure Compliance**

27      10.    By the January 15, 2012 deadline, Apple had failed to comply with the Court's
28  December 22 Order.

1   11.     As a result, I and other members of Samsung's counsel team were required to
devote a substantial number of hours seeking to secure Apple's compliance.   This included the
preparation of numerous letters requesting compliance, and attending lead counsel meet and
confers.   Attached hereto as Exhibit L is a true and correct copy of the February 28, 2012 letter
from me to Harold McElhinny, Kristin Yohannan, Nina S. Tallon.

12.     On February 13, 2012, I wrote to Apple's counsel and identified those cases we
thought may have satisfied the "technological nexus" requirement set forth in the Court's
December 22 Order.   A true and correct copy of my letter is attached hereto as Exhibit F.

13.     I attended a lead counsel meet and confer with Charles Verhoeven and Harold
McElhinny on February 14 and 15, 2012.   During the meeting, I asked Apple's lead counsel
Harold McElhinny whether Apple would produce the depositions from the two ITC actions
pending between Samsung and Apple, in which similar patents were being litigated.   Apple's
counsel refused.

14.     At that same meet and confer, Apple's counsel Jason Bartlett admitted that Apple
had not yet produced all deposition transcripts that fell within the scope of the Court's
December 22 Order.

15.     On February 19, 2012, I wrote a follow up letter to Apple counsel on the subject of
materials from other matters having a technological nexus to this case.   In that letter, I
specifically addressed the topic of deposition transcripts that were responsive to the Court's
December 22 order, and noted Apple's admission that it had not complied.   I requested that
Apple produce all responsive transcripts without further delay.   A true and correct copy of this
letter is attached hereto as Exhibit G.

16.     In a letter dated February 29, 2012 (a copy of which is attached as Exhibit H),
Apple's counsel responded to my letter and agreed to "review its production to confirm that it has
produced all transcripts of Apple's witnesses with a technological nexus to this case."

17.     In a letter dated March 3, 2012 responding to the February 29 letter from Apple's
counsel, in a final effort to avoid judicial intervention, I narrowed the list of related matters as to
which Samsung was seeking deposition transcripts and related materials.   I further identified

those employee transcripts Samsung was able to locate in Apple's production, and noted that Apple had produced no transcripts for five of the nine matters, and only a few transcripts from the others. It thus strongly appeared that Apple was not in compliance with the Court's Order. I asked that Apple's counsel let me know by Monday, March 5, 2012 whether it had any further responsive transcripts and, if so, when it would be producing them. As of the time of execution of this Declaration, I have not received any response to my letter, a true and correct copy of which is attached hereto as Exhibit I.

**Samsung's Efforts To Obtain Other Materials From Related Proceedings**

18. In parallel with Samsung's efforts to secure compliance with the Court's December 22 Order, Samsung also has sought to obtain production of other materials from the related proceedings that satisfy the technological nexus requirement.

19. Apple has resisted producing this information, claiming that it contained confidential business information ("CBI") of third parties, and that Samsung would need to secure consent of those parties before production could be made.

20. In a letter dated February 10, 2012, a copy of which is attached hereto as Exhibit J, Apple's counsel stated that "[o]nce Samsung obtains this consent, Apple will promptly produce such documents."

21. Samsung secured consent from HTC, Atmel, and Google, and informed Apple's counsel it had done so. Yet Apple continued to refuse production.

22. With respect to Motorola and Nokia, Samsung informed Apple's counsel that these parties had requested additional details concerning the nature of the documents that would fall within the scope of Samsung's requests, details that would necessarily need to come from Apple. Apple has yet to cooperate by providing this information to the third parties who requested it.

23. [Intentionally left blank.]

24. [Intentionally left blank.]

25. Attached hereto as Exhibit K is a true and correct copy of a January 27, 2010 Reply to Office Action letter from Apple's counsel to Patent Office, contained in the file wrapper for the D'678 patent at issue in this action.

1    26.    Attached hereto as Exhibit M is a true and correct copy of the Complaint under 19
2 U.S.C. § 1337: *Certain Electronic Digital Media Devices and Components Thereof,* Inv. No. 337-
3 TA-796.

4    27.    Attached hereto as Exhibit N is a true and correct copy of Exhibit 7 to the February
5 15, 2012 ITC Deposition of Christopher Stringer, which was produced in the ITC 796
6 Investigation.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed in Los Angeles, California on March 6, 2012.

By  */s/ Diane C. Hutnyan*
      Diane C. Hutnyan