# EXHIBIT D

# Filed Under Seal

HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
JENNIFER LEE TAYLOR (CA SBN 161368)
jtaylor@mofo.com
ALISON M. TUCHER (CA SBN 171363)
atucher@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
JASON R. BARTLETT (CA SBN 214530)
jasonbartlett@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK (PSG)<br><br>**APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO COMPEL**<br><br>Date: December 16, 2011<br>Time: 10:00 a.m.<br>Place: Courtroom 5, 4th Floor<br>Judge: Hon. Paul S. Grewal |

PUBLIC REDACTED VERSION

# TABLE OF CONTENTS

Page

INTRODUCTION ......................................................................................................... 4

ARGUMENT ................................................................................................................. 4

I.    APPLE HAS PRODUCED AN ENORMOUS VOLUME OF
      DOCUMENTS, SOURCE CODE, CAD, MODELS, AND OTHER
      ITEMS. ............................................................................................................... 4

II.   APPLE HAS ALREADY PRODUCED OR AGREED TO PRODUCE
      MOST OF THE ITEMS SAMSUNG'S MOTION DEMANDS. ........................ 5

      A.    Apple Has Already Produced Several of the Items Samsung Seeks ...................... 5

      B.    Apple Will Have Substantially Completed Its Production of Several
            Other Items by December 15, 2011 .......................................................................... 7

      C.    Apple Has Agreed to Produce Most of the Other Items As Quickly
            As Possible and Has Been Diligently Working to Locate and
            Produce Them .............................................................................................................. 7

1

      B.     Apple's Production of Prior Witness Testimony Is Properly Limited
to Cases With a "Technological Nexus" to This Case. ......................................... 19

CONCLUSION .................................................................................................................... 21

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

Page(s)

### CASES

*Int'l Seaway Trading Corp. v. Walgreens Corp.*,
589 F.3d 1233 (Fed. Cir. 2009) ............................................................ 12

*Inventio AG v. Thyssenkrupp Elevator Americas Corp.*,
662 F. Supp. 2d 375 (D. Del. 2009) ........................................ 19, 20, 21

### STATUTES

35 U.S.C. § 102 .................................................................................... 12

### RULES

Fed R. Civ. P.
26(b) ................................................................................................ 18
26(b)(2) ........................................................................................... 11
26(b)(2)(C) ...................................................................................... 21
26(b)(5)(B) ...................................................................................... 17

**INTRODUCTION**

Samsung's motion to compel is a knee-jerk and needless reaction to Apple's own motion. Apple has already produced or agreed to produce most of the categories of documents sought in Samsung's motion. Other categories sought by Samsung's motion are ill-defined, yet Apple has agreed to do what could reasonably be done to respond to these requests. Attempting to gin up controversies, Samsung has wasted the Court's time on unnecessary issues. Indeed, the manufactured issues raised by Samsung's motion actually confirm the fact that Apple's production to date—consisting of ***more than a million pages***—has provided the key information needed by Samsung to prepare its defense. Apple's motion, by contrast, asks the Court to remedy the fact that Samsung has yet to produce the core documents Apple needs to conduct depositions and litigate its case going forward. Samsung's motion to compel should be denied.

**ARGUMENT**

**I.      APPLE HAS PRODUCED AN ENORMOUS VOLUME OF DOCUMENTS, SOURCE CODE, CAD, MODELS, AND OTHER ITEMS.**

Samsung's motion is made up of a list of miscellaneous "follow-on" requests, reflecting the substantial coverage of Apple's core production of documents and things to date. Since the Preliminary Injunction hearing on October 13, Apple has produced well over a million pages of documents in the Northern District of California offensive action alone. (Mazza Decl. ¶ 2.) In addition, Apple has produced for inspection numerous CAD files, native and printed source code files, Director files on a computer capable of viewing them, and the models and prototypes requested by Samsung in connection with its depositions of Apple inventors. (*Id.*) Samsung also deposed 17 Apple patent prosecutors in the month of October 2011, and 31 Apple inventors in the months of October and November 2011. (*Id.*)

By contrast, since the Preliminary Injunction hearing, Samsung's total production in the Northern District of California offensive action has been about 650 documents, totaling less than 29,000 pages. (Mazza Decl. ¶ 3.) About 22,000 of those pages were produced in the past week. (*Id.*) Samsung has refused to schedule 36 of the 37 depositions of Samsung witnesses that Apple

1  noticed before and shortly after Thanksgiving. (*Id.*) (Samsung offered a date for its first witness

2  just last night. (*Id.*))

3         Despite the imbalance between the parties' respective productions for Apple's offensive

4  case, Apple has actively continued to collect, process, review, and produce documents for its

5  rolling production. And even though Samsung has deposed literally dozens of Apple witnesses

6  but declined to make its witnesses available for deposition, Apple has dutifully chased down

7  Samsung's various "follow-on" requests from the depositions of its inventors and prosecutors.

8  Apple has also aggressively pursued Samsung's newly raised requests for documents, such as its

9  November 2011 requests for various items of alleged prior art.

10        Samsung's sudden imposition of deadlines in its motion to compel is the first time

11  Samsung ever requested production by a specific date. (Mazza Decl. ¶ 4.) As recently as the

12  parties' December 7, 2011, meet-and-confer call, Samsung specifically declined to set any

13  production deadlines. (*Id.*) Samsung instead stated that it was sufficient that Apple was working

14  diligently to search for and produce the requested information. (*Id.*)

15        In view of Apple's diligence in responding to Samsung's miscellaneous "to-do" list,

16  Samsung needed to manufacture deadlines for its motion or it would have little to say. To be

17  clear, unlike Apple's motion, Samsung's motion does not seek core documents that it needs

18  urgently to advance its defenses. Many of the requested items are 10 to 20 years old and have

19  been difficult to track down.

20  **II.    APPLE HAS ALREADY PRODUCED OR AGREED TO PRODUCE MOST OF
21           THE ITEMS SAMSUNG'S MOTION DEMANDS.**

22        In addition to the million pages of documents, and the models, prototypes, source code,

23  CAD files, and Director files that Apple has already produced, Apple has either produced or has

24  committed to producing most of the information Samsung seeks in its motion to compel.

25        **A.    Apple Has Already Produced Several of the Items Samsung Seeks**

26        Several of the categories of documents Samsung requests in its motion to compel have

27  already been produced, underscoring the hastiness of Samsung's motion. For example, Samsung

28  seeks the production of pleadings, briefs, discovery, and transcripts from *Apple v. Motorola*

actions in the ITC and the Western District of Wisconsin.  (Samsung Mot. at 4-5.)  Apple already produced those materials, however—totaling more than 45,000 pages—on November 23, 2011, and December 1, 2011.  (Mazza Decl. ¶ 5.)

The four alleged deficiencies that Samsung identified in its December 11, 2011, letter do not, in fact, exist.  In particular:

- "[ITC] Staff's pre-hearing hearing brief" (Samsung Mot. at 5 n.5):  Apple located and produced this brief immediately after receiving Samsung's December 11, 2011 letter.  (Mazza Decl. ¶ 6.)

- "John Elias' witness statement, testimony and cross-examination" (Samsung Mot. at 5 n.5):  Apple did not submit a witness statement for Mr. Elias, and he did not testify at any hearings in the *Motorola* cases.  (Mazza Decl. ¶ 6.)

- "Jeffrey Brown's witness statement, testimony and cross-examination" (Samsung Mot. at 5 n.5):  Mr. Brown's statement and testimony contain substantial confidential information of third party ███████ (Mazza Decl. ¶ 6.) ███████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
█████████████████████████████████

- "Martin Simmons' witness statement" (Samsung Mot. at 5 n.5):  Like Jeffrey Brown's testimony, Mr. Simmons' testimony contains Confidential Business Information that will require consent to produce.  (Mazza Decl. ¶ 6.)

Samsung also asserts that Apple "produced only a redacted copy" of a document containing confidential business information of Apple and two third parties.  (Samsung Mot. at 5 n.5.)  As soon as Samsung brought those redactions to Apple's attention, however, Apple produced a version that redacted the confidential business information of Apple.  Apple did so last week, before Samsung's motion to compel was filed.  (Mazza Decl. ¶ 5.)  Accordingly, Apple

has already met all of Samsung's demands in this first category, to the extent possible within the

limits of the ITC protective order governing the *Motorola* investigation.

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████ Apple produced the

photographs— *without* any confidentiality designation— last week, before Samsung filed its

motion.  (Mazza Decl. ¶ 5.)

### B.     Apple Will Have Substantially Completed Its Production of Several Other Items by December 15, 2011

As of the date of the hearing, Apple will have already produced at Morrison & Foerster's

Palo Alto office the following items for Samsung's inspection:

- An Apple computer specially configured and adapted to run the 10 year old Mac OS 10.0 operating system.
- Portions of the Mac Operating System 10.0 and 10.1 source code believed to relate to the functions described in Samsung's motion.
- Portions of the Mac Operating System 7.5—more than 15 years old—source code believed to correspond to the ████████████████████████ ████████

(Mazza Decl. ¶ 9.)  Apple informed Samsung no later than the parties' December 7, 2011 meet-

and-confer call that it planned to make this production by December 15th, (*id.* ¶ 8), but Samsung

moved to compel on these issues anyway.

### C.     Apple Has Agreed to Produce Most of the Other Items As Quickly As Possible and Has Been Diligently Working to Locate and Produce Them

Apple has also been working on producing a large number of other items on Samsung's

list as quickly as possible.  None of these items relate to the upcoming *Markman* proceedings.

And confirming the retaliatory nature of Samsung's motion, Samsung never suggested a deadline

1   of December 23rd before filing its motion. (Mazza Decl. ¶ 4.) Apple's attorneys have been

2   diligently meeting and following up with the Industrial Design team about these items. (*Id.* ¶ 10.)

### 3. Apple Cinema Display

Samsung has asked that the Court order Apple to produce all documents relating to a line of desktop monitors called the Apple Cinema Display, alleging that this display is prior art. (Samsung Mot. at 19.) This is unnecessary, as Apple has agreed and already explained to Samsung that it will produce the CAD files showing the final design of the Apple Cinema Display. (Mazza Decl. ¶ 14.)



1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18         **7.**     **Other Requests**

19       Apple has already agreed to search the documents of relevant witnesses to locate any

20 additional documents relating to

21 ████████████████████████████████████████████ (Mazza Decl. ¶ 19.)

22 Apple has also already agreed to supplement its responses to Interrogatory No. 1. (*Id.* ¶ 20; Mot.

23 at 18.) While Samsung had previously declined to place any specific deadlines on these requests,

24 Apple intends to do both of these things before December 23—the date requested in Samsung's

25 proposed order.

26

27

28

### III. SAMSUNG'S DEMANDS FOR "ALL" RELATED DOCUMENTS ARE OVERBROAD AND UNDULY BURDENSOME.

Under Civil Local Rule 37-2, a party moving to compel production "must detail the basis for the party's contention that it is entitled to the requested discovery and must show how the proportionality and other requirements of Fed. R. Civ. P. 26(b)(2) are satisfied." Apple has produced, and has agreed to produce, the substantial categories of documents listed above. Samsung has not, however, met its burden under Local Rule 37-2 with respect to additional documents, materials, and other information "related" to the items Apple has agreed to produce.

#### A. "All Documents Related" to Alleged Prior Art For Design Patents

Apple has agreed to produce final CAD files for each item of purported prior art sought by Samsung in its motion. (Mazza Decl. ¶ 21.) The parties have not specifically discussed any additional items that Samsung believes it has good reason to request of Apple regarding that alleged prior art. (*Id.*) The fleeting, vague references in Samsung's motion to "all documents related" to prior art do not meet Local Rule 37-2's requirements.

#### *"All documents related to the Apple Cinema Display."*

Apple denies Samsung's claim that Apple's 1999 "Cinema Display" computer monitor is prior art for the D'889 or any other design patent at issue in this case. Nevertheless, as discussed in Section II, Apple has agreed to produce final CAD files for that line of computer monitors.

Samsung's motion states that Samsung "has also requested that Apple produce all documents related to the Apple Cinema Display, . . . as well as any related models or prototypes." (Samsung Mot. at 19.) Samsung first made this request in a letter dated November 8, 2011, asking Apple to produce "*all documents related to Apple Cinema Display, including but not limited to notebooks, diagrams, progress reports, studies, internal memoranda, contracts for services, and communications created or used in connection with the design of Apple Cinema Display, as well as any related models or prototypes*." (Mazza Decl. ¶ 22.)

Apple responded on November 10, 2011, asserting its disagreement that the Apple Cinema Display monitor is prior art, and stating further that Samsung's "request for 'all documents related to' the monitor is overbroad and unduly burdensome given the alleged

1  relevance of the device." (*Id.*) Samsung clarified in subsequent meet-and-confer

2  communications that it is only seeking information regarding the external appearance of the

3  monitor. (*Id.* ¶ 21.)

4        Apple has agreed to produce final CAD files for the Apple Cinema Display. (*Id.*)

5  Samsung's motion to compel provides no basis for requiring Apple to provide anything more

6  regarding the Apple Cinema Display. To establish invalidity under 35 U.S.C. § 102 in the patent

7  design context, Samsung must show that an ordinary observer would find the overall appearance

8  of the prior art to be substantially identical to the overall appearance of the asserted design patent.

9  *See Int'l Seaway Trading Corp. v. Walgreens Corp.*, 589 F.3d 1233, 1243 (Fed. Cir. 2009). This

10  test is based solely on a visual comparison of the two designs. As a result, Samsung requires only

11  access to materials showing the three-dimensional design of the alleged prior art product—

12  information that the CAD files would readily supply. Samsung has not identified any additional

13  documents, let alone offered any reason why Apple should provide additional documents.







[redacted]

[redacted] [redacted]

[redacted]

[redacted]

**IV.  APPLE IS ENTITLED TO PROTECT THE CONFIDENTIALITY OF ITS UNRELEASED PRODUCTS.**



**V.    APPLE IS NOT REQUIRED TO PRODUCE HIGHLY SENSITIVE INFORMATION HAVING NOTHING TO DO WITH THIS CASE.**

Under Fed R. Civ. P. 26(b), Apple is required to produce all relevant information.  It is not required to produce irrelevant information.

**B.      Apple's Production of Prior Witness Testimony Is Properly Limited to Cases With a "Technological Nexus" to This Case.**

Apple has not refused to produce deposition transcripts that are relevant to this case. (Mazza Decl. ¶ 34.)  For the inventors of the patents in suit, it has already produced prior testimony that bears a technological nexus to the patents at issue in this case.  (*Id.*)  It is willing to produce similar transcripts for other deponents.  (*Id.*)  This "technological nexus" standard is based on the very cases Samsung cites in support of its motion.  *See Inventio AG v. Thyssenkrupp Elevator Americas Corp.*, 662 F. Supp. 2d 375, 381 (D. Del. 2009).  Samsung, however, wants a

1   much broader range of deposition transcripts—*all* transcripts of *all* depositions of *all* Apple

2   witnesses in *all* cases where the witness was testifying in his or her capacity as an Apple

3   employee.  (*See* Mot. at 20; Proposed Order at 2.)  Samsung's request is unjustifiably overbroad.

4   As Samsung's own authorities acknowledge, Samsung bears the burden of showing why

5   the information sought is relevant to the issues in this case.  *Inventio* AG, 662 F. Supp. 2d at 381.

6   Without any explanation or support, Samsung claims that the transcripts it is seeking "almost of

7   necessity relate to the same or similar technologies at issue in this case."  (Samsung Mot. at 20.)

8   That assertion is simply untrue.  Samsung's demand for all deposition transcripts of Apple

9   employees, regardless of subject matter, encompasses a wide array of transcripts that have

10  nothing to do with the issues in this case.  Apple is involved in consumer class actions,

11  employment cases, antitrust, and even personal-injury cases.  (Mazza Decl. ¶ 34.)  Even for patent

12  disputes, the patents at issue are often unrelated to the patents here.  (*Id.*)  Apple's dispute with

13  Kodak, for example, involves digital imaging patents.  (*Id.*)  None of the transcripts from that

14  case are likely to be relevant to the issues in this case which does not involve digital imaging

15  technology.

16  Moreover, Samsung's requested relief, which demands that Apple produce all prior

17  testimony of "Apple witnesses," is broader than Samsung's document requests.  (*See* Prop. Order

18  at 2.)  Samsung bases its motion on four requests for production:   Nos. 75, 95, 184, and 187.

19  Requests Nos. 95 and 184 are both limited to transcripts of testimony given by Apple's inventors,

20  not every Apple employee.  Requests 75 and 187 both request documents related to Apple's

21  intellectual property or products at issue, which generally fall within the scope of documents

22  Apple is willing to produce.  In addition, despite Samsung's current demand that Apple list and

23  describe all cases that it has ever participated in, Samsung has never served Apple with an

24  interrogatory request making this request.

25  As discussed above, Samsung has not provided an adequate basis for demanding these

26  documents from Apple.  On the contrary, it has previously admitted during the parties' meet and

27  confer sessions that the only basis for its broad request is that Apple's employees might have said

28  something in a wholly unrelated case that might have some sort of impeachment value in the

1   present action.  (Mazza Decl. ¶ 35.)  That is the definition of a fishing expedition.  Such discovery

2   is not allowed under the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 26(b)(2)(C)

3   (instructing the court to limit discovery if it determines that, among other things, "the discovery

4   sought is unreasonably cumulative or duplicative" or "the burden or expense of the proposed

5   discovery outweighs its likely benefit."); *see also*, *Inventio AG v. Thyssenkrupp Elevator*

6   *Americas Corp.*, 662 F. Supp. 2d 375, 381 (D. Del. 2009) (noting that rule 26(b)(2)(C) imposes a

7   balancing test).

8          Finally, Samsung's supposed "compromise"—whereby each party creates an "irrelevance

9   log" justifying why each irrelevant transcript is irrelevant—is not a compromise at all.  Samsung

10  cites no precedent for this request or provides no good reason why these irrelevant depositions

11  transcripts (as opposed to, for example, sketchbooks) should be singled out for special treatment.

12  Apple has provided Samsung with its proposed definition of "technological nexus":

13              Apple interprets "technological nexus" to include prior cases
14              involving the patents-in-suit or patents covering the same or similar
                technologies, features, or designs as the patents-in-suit.  For the
15              sake of clarity, with respect to design patent inventors, this would
                include prior cases involving the asserted design patents or other
16              design patents covering the same designs or design elements. With
                respect to utility patent inventors, this would include the asserted
17              utility patents or other utility patents covering touch-based interface
                functions, display elements, touch-screen hardware, or touch-screen
18              logic.

19         This is a sufficiently clear standard for both parties to follow.  Apple requests that the

20  Court reject Samsung's overly-broad and unduly burdensome request for transcripts.

                                      **CONCLUSION**

22         For these reasons, Apple respectfully requests that Samsung's Motion to Compel be

    DENIED.
23  Dated:  December 15, 2011              MORRISON & FOERSTER LLP

24

25                                 By:    */s/ Richard S.J. Hung*
                                          Richard S.J. Hung

26                                        Attorneys for Plaintiff
27                                        APPLE INC.

28