# EXHIBIT Q
# FILED UNDER SEAL

CONFIDENTIAL

Page 1

UNITED STATES INTERNATIONAL TRADE COMMISSION

WASHINGTON, D.C.

BEFORE THE HONORABLE CARL C. CHARNESKI

ADMINISTRATIVE LAW JUDGE

In the Matter of:

CERTAIN PERSONAL DATA AND
MOBILE COMMUNICATIONS DEVICES
AND RELATED SOFTWARE

Investigation No. 337-TA-710

_____/

-- CONFIDENTIAL, CONTAINING BUSINESS INFORMATION
SUBJECT TO PROTECTIVE ORDER --

Videotaped deposition of BORIS TEKSLER, taken at the law offices of Quinn Emanuel Urquhart & Sullivan, LLP, 555 Twin Dolphin Drive, Fifth Floor, Redwood Shores, California, commencing at 10:01 a.m., Thursday, December 9, 2010, before Leslie Rockwood, RPR, CSR No. 3462.

Job No. CS302468
PAGES 1- 193

EXHIBIT 1 7/7/11 Teksler

800-567-8658
Veritext Corporate Services
973-410-4040
CONTAINS CONFIDENTIAL BUSINESS INFORMATION
SUBJECT TO PROTECTIVE ORDER
745-Apple0016512

Highly Confidential - Attorneys' Eyes Only
APLNDC0001252490

Page 2

```
 1  APPEARANCES OF COUNSEL:
 2
 3  FOR THE COMPLAINANTS APPLE, INC., NEXT SOFTWARE
 4  AND THE DEPONENT:
 5      KIRKLAND & ELLIS LLP
 6      BY: MARC H. COHEN, ESQ.
 7      950 Page Mill Road
 8      Palo Alto, California 94304
 9      (650) 859-7052
10      marc.cohen@kirkland.com
11
12      BY: FERLILLIA V. ROBERSON, ESQ.
13      300 North LaSalle Street
14      Chicago, Illinois 60654
15      (312) 862-7169
16      ferlillia.roberson@kirkland.com
17
18  FOR THE COMPLAINANT APPLE, INC.:
19      BY: DAVID EDWARD MELAUGH
20      SENIOR CORPORATE LITIGATION COUNSEL
21      1 Infinite Loop, MS3-SU
22      Cupertino, California 95014
23      (408) 862-1962
24      melaugh@apple.com
25
```

Page 3

```
 1  APPEARANCES OF COUNSEL (Continued):
 2
 3  FOR THE RESPONDENTS NOKIA CORPORATION AND NOKIA, INC.
 4      ALSTON & BIRD
 5      BY: S. ALEX LASHER, ESQ. (via speakerphone)
 6      950 F Street, NW
 7      Washington, D.C. 20004-1404
 8      (202) 239-3333
 9      alex.lasher@alston.com
10
11  FOR THE RESPONDENTS HTC CORPORATION, HTC
12  AMERICA, INC., AND EXEDEA, INC.:
13      QUINN EMANUEL URQUHART & SULLIVAN LLP
14      BY: DAVID A. PERLSON, ESQ.
15      BY: BRADLEY R. LOVE, ESQ.
16      50 California Street, 22nd Floor
17      San Francisco, California 94111
18      (415) 875-6600
19      davidperlson@quinnemanuel.com
20      bradlove@quinnemanuel.com
21
22  ALSO PRESENT:
23      STEVE PATAPOFF, Videographer
24
25
```

Page 4

```
 1          THURSDAY, DECEMBER 9, 2010; REDWOOD SHORES, CALIFORNIA
 2              10:01 A.M.
 3              ---oOo---
 4          THE VIDEOGRAPHER: Good morning. My name is
 5  Steve Patapoff of Veritext Deposition and Litigation    10:01:57
 6  Services. The date today is December 9th, 2010, and the
 7  time is approximately 10:02.
 8          This deposition is being held in the office
 9  of Quinn Emanuel, 555 Twin Dolphin Drive, Redwood Shores,
10  California. The caption in this case is In the Matter of  10:02:19
11  Certain Personal Data and Mobile Communications Devices
12  and Related Software. The name of the witness is Boris
13  Teksler.
14          At this time the attorneys will identify
15  themselves and the parties they represent.              10:02:36
16          MR. PERLSON: David Perlson from Quinn
17  Emanuel on behalf of respondent HTC. With me is Brad
18  Love, also from Quinn Emanuel.
19          MR. COHEN: Marc Cohen --
20          MR. LASHER: And on the phone is Alex Lasher  10:02:52
21  with Alston & Bird representing Nokia respondents.
22          MR. COHEN: And Marc Cohen from Kirkland &
23  Ellis on behalf of the complainants. With me is
24  Ferlillia Roberson, also Kirkland & Ellis, and David
25  Melaugh of Apple.                                     10:03:08
```

Page 5

```
 1          THE VIDEOGRAPHER: The court reporter, Leslie
 2  Rockwood of Veritext Deposition Services, will swear in
 3  the witness, and we can proceed.
 4          THE REPORTER: Would you raise your right
 5  hand, please.
 6          You do solemnly state that the evidence you
 7  shall give in this matter shall be the truth, the whole
 8  truth and nothing but the truth, so help you God.
 9          THE WITNESS: I do.
10          THE REPORTER: Thank you.
11              EXAMINATION
12  BY MR. PERLSON:
13      Q. Good morning. Can you state and spell your
14  name for the record, please.
15      A. Yes. Boris Teksler, B-o-r-i-s, last name    10:03:35
16  T-e-k-s-l-e-r.
17      Q. Mr. Teksler, have you ever been deposed
18  before?
19      A. I have.
20      Q. How many times?                             10:03:49
21      A. Roughly half-dozen.
22      Q. Okay. Well, I'm sure you've heard this
23  before, then, and I'll just go over briefly the ground
24  rules of the depo.
25          You understand that I'm going to be asking  10:04:04
```

2 (Pages 2 to 5)

Veritext Corporate Services
800-567-8658                                   973-410-4040
CONTAINS CONFIDENTIAL BUSINESS INFORMATION     745-Apple0016513
SUBJECT TO PROTECTIVE ORDER

Highly Confidential - Attorneys' Eyes Only                APLNDC0001252491

CONFIDENTIAL

Page 62

1  expenses involved in preparation with litigation with
2  Motorola versus work done in connection with patent
3  licensing?
4      A. As I sit here today, I can't separate it out.
5      Q. Has Apple had negotiations with Kodak          12:01:37
6  concerning patent licensing?
7      A. Yes, Apple had had negotiations with Kodak.
8      Q. And how did those negotiations begin?
9      A. Kodak had asserted patents against Apple.
10     Q. Did Apple assert any patents against Kodak in   12:02:03
11 response to that assertion?
12     A. I believe the answer is yes. Yes, Apple had
13 asserted its patents against Kodak as well.
14     Q. Do you know what Apple products were accused
15 of infringement by Kodak?                              12:03:00
16     A. I knew, but I can't recall at the moment.
17     Q. Are there any documents that would identify
18 what Apple patents were discussed as part of these
19 licensing negotiations?
20     A. There would certainly be the correspondence    12:03:57
21 that was going back and forth with Kodak.
22     Q. Were there any presentations?
23     A. And presentations, I was going to say. I
24 haven't reviewed those recently so I don't know the
25 subject matter of those.                               12:04:21

Page 63

1      Q. Who was involved in those negotiations on
2  behalf of Apple?
3      A. So depending at which time you're referring
4  to.
5      Q. At any time.                                   12:04:48
6      A. At any time, those discussions would involve
7  Chip Lutton, Tom Mavrakakis, myself, David Melaugh, and
8  Noreen Krall.
9      Q. Has Apple entered into any license agreements
10 with Kodak?                                            12:05:17
11     A. No, Apple's -- are you referring to patent
12 license agreements?
13     Q. Yeah.
14     A. No, Apple's not entered into any patent
15 license agreements with Kodak.                         12:05:31
16     Q. Did Apple any raise any issues of patent
17 invalidity -- the answer to that is probably no so let me
18 start over again.
19     Did Kodak raise any issues of patent
20 invalidity as to any of Apple's patents in connection  12:05:45
21 with negotiations with Kodak?
22     A. I'm not aware of any. And my knowledge would
23 be certainly before litigation.
24     Q. What do you mean "certainly before
25 litigation"?                                           12:06:32

Page 64

1      A. I'm not current as to the current litigation
2  as between Kodak and Apple.
3      Q. Is there a file concerning the negotiations
4  between Apple and Kodak?
5      A. Yes, there is an attorney file.               12:06:51
6      Q. Are you aware of any way to break down the
7  expenses that Apple incurred in connection with its
8  patent license negotiations with Kodak by any specific
9  Apple patent?
10     A. No, I'm not aware of a way to break out on a   12:07:23
11 patent-by-patent basis.
12     MR. PERLSON: We have to change the tape.
13 So...
14     THE WITNESS: Okay.
15     MR. PERLSON: Take a break.                        12:07:36
16     THE VIDEOGRAPHER: Off the record at 12:07.
17     (Recess.)
18     THE VIDEOGRAPHER: The time is 1:05. This is
19 Tape Number 2 in the deposition of Boris Teksler, and we
20 are on the record.                                    13:06:04
21     Q. BY MR. PERLSON: Good afternoon.
22     A. Good afternoon.
23     Q. I'd like to talk some about Apple's
24 negotiations with Qualcomm in connection with patent
25 licensing. Who approached who in connection with those 13:06:18

Page 65

1  negotiations?
2      A. We approached Qualcomm.
3      Q. Why did you approach Qualcomm?
4      A. I think that gets into strategy.
5      Q. Well, what -- did you tell Qualcomm why you    13:06:49
6  were contacting them?
7      A. Yes, we did.
8      Q. What did you tell them?
9      A. We had a discussion about taking the license
10 to certain patents.                                    13:07:01
11     Q. Okay. So you were interested in obtaining
12 license from Qualcomm?
13     A. We had contacted Qualcomm to express that
14 they should take a license from us for certain patents.
15     Q. Okay. What patents were those?                 13:07:22
16     A. They would generally be related to chipset
17 packages.
18     Q. Were any of those patents the patents that
19 are asserted in this case?
20     A. We discussed more of a field-of-use            13:07:42
21 discussion.
22     Q. So is that a "yes" or a "no"?
23     A. I don't think I could answer it as a specific
24 patent, is what I'm trying to get at.
25     Q. So in contacting Qualcomm, was Apple           13:08:17

17 (Pages 62 to 65)

800-567-8658                                            973-410-4040
Veritext Corporate Services
CONTAINS CONFIDENTIAL BUSINESS INFORMATION              745-Apple0016528
SUBJECT TO PROTECTIVE ORDER

Highly Confidential - Attorneys' Eyes Only                                        APLNDC0001252506

CONFIDENTIAL

Page 186

1  this deposition open.
2       MR. PERLSON: This is David Perlson speaking
3  on behalf of HTC. We would join in those statements, and
4  I believe that there are still issues that are obviously
5  outstanding as well.                              17:44:15
6       MR. COHEN: Well, of course, we dispute those
7  characterizations, but the deposition is over.
8       THE VIDEOGRAPHER: The time is 5:44, and we
9  are off the record.
10      (TIME NOTED: 5:44 p.m.)              17:44:34
11           ---oOo---

Page 187

1       I declare under the penalty of perjury
2  under the laws of the State of California that the
3  foregoing is true and correct.
4       Executed on _____, 2010,
5  at _____, _____.

    _____
    SIGNATURE OF THE WITNESS

Page 188

1  STATE OF CALIFORNIA  ) ss:
2  COUNTY OF MARIN      )
3
4       I, LESLIE ROCKWOOD, CSR No. 3462, do hereby
5  certify:
6       That the foregoing deposition testimony was
7  taken before me at the time and place therein set forth
8  and at which time the witness was administered the oath;
9       That testimony of the witness and all
10 objections made by counsel at the time of the examination
11 were recorded stenographically by me, and were thereafter
12 transcribed under my direction and supervision, and that
13 the foregoing pages contain a full, true and accurate
14 record of all proceedings and testimony to the best of my
15 skill and ability.
16      I further certify that I am neither counsel
17 for any party to said action, nor am I related to any
18 party to said action, nor am I in any way interested in
19 the outcome thereof.
20      IN WITNESS WHEREOF, I have subscribed my name
21 this 10th day of December, 2010.
22
23
24  _____
25  LESLIE ROCKWOOD, RPR, CSR NO. 3462

Page 189

           I N D E X

THURSDAY, DECEMBER 9, 2010

WITNESS                    EXAMINATION

BORIS TEKSLER

   By Mr. Perlson              5
   By Mr. Lasher             151

48 (Pages 186 to 189)

Veritext Corporate Services

800-567-8658                               973-410-4040

CONTAINS CONFIDENTIAL BUSINESS INFORMATION
SUBJECT TO PROTECTIVE ORDER

745-Apple0016559

Highly Confidential - Attorneys' Eyes Only                    APLNDC0001252537