# Watson Declaration

# EXHIBIT 1

# Filed Under Seal

CONTAINS CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER

## UNITED STATES INTERNATIONAL TRADE COMMISSION

### Washington, D.C.

| | |
|---|---|
| **In the Matter of**<br><br>**CERTAIN ELECTRONIC DIGITAL MEDIA DEVICES AND COMPONENTS THEREOF** | **Inv. No. 337-TA-796** |

**ORDER NO. 19:     ORDER DENYING COMPLAINANT APPLE INC.'S MOTION FOR SPOLIATION SANCTIONS AGAINST SAMSUNG**

(May 11, 2012)

On April 16, 2012, complainant Apple Inc. (Apple) submitted a motion seeking sanctions for alleged spoliation of discoverable material against respondents Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung"). (Motion Docket No. 796-031) On May 4, 2012, Samsung filed a response opposing the motion. Also on May 4, 2012, Commission Investigative Staff ("Staff") filed a response opposing the motion.

## I. Position of the Parties

### Apple's Position

Apple alleges I should order sanctions for spoliation because Samsung has deliberately failed to take "institutional steps to retain or back up emails sent or received using its [computer e-mail] system." Apple alleges a relevant e-mail is preserved only if: (1) an employee who sent or received the email has been informed of the litigation hold; (2) the employee decides, as a matter of his or her judgment, that the email should be preserved; and (3) the employee saves the email on his or her computer. What is more, Apple alleges Samsung has no systemic or company-wide oversight procedures in place to ensure that its employees make appropriate

CONTAINS CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER

decisions as to which emails are relevant and responsive or to ensure that relevant and responsive emails are in fact saved to employee hard drives.

Apple also alleges Samsung's conduct is "completely insufficient" to satisfy its duty to preserve evidence. Apple contends that Samsung should know better than not to preserve evidence, for it "has been twice sanctioned by courts precisely because of its failure to produce emails that were destroyed as a result of Samsung's systemic policy of automatically deleting emails from its system." Apple alleges Samsung was fined for such conduct by Korea's Fair Trade Commission and that its "failures" were exacerbated by the fact that many key witnesses did not even receive notice of the Investigation until months after Apple filed its complaint in early July of 2011, which means automatic destruction of their emails continued. Apple also alleges Samsung Employees followed document destruction policies and destroyed notebooks, diaries, and other hard copy documents – some of which were allegedly destroyed in the last few months.

Apple alleges Samsung's spoliation obstructed orderly discovery and prejudiced its preparation of its case. Apple states Samsung's "failures" deprived it of "unknown volumes of relevant documents from key employees, and further deprived" it of the ability to depose key witnesses. Hence, Apple claims prejudice because it cannot allegedly discover documents pertaining to: (1) Samsung's alleged analysis and copying of its technology; (2) design of the Samsung products by key Samsung engineers; and (3) design around of Apple's products.

**Samsung's Position**

Samsung denies Apple's allegations. Samsung asserts its obligation to preserve documents began when Apple filed its Complaint on July 5, 2011, and that Apple has not shown Samsung or any of its employees destroyed relevant data after that date. Samsung also states

CONTAINS CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER

that the evidence Apple speculates about in its motion "never existed in the first instance; if it did, it would not have been subject to a duty to preserve because it related to steps in the process that took place long before Apple filed its complaint."

Samsung next posits that even if Apple could establish it destroyed evidence after July 5, 2011, which it denies, there is no proof Samsung acted in bad faith or any intent to impair Apple. Samsung also asserts the evidence Apple alleges it destroyed has not been shown to be and is unlikely to be critically relevant to Apple's case. Specifically, the majority of the accused products were released before July 5, 2011 and any emails relating to Apple's claims against these products (design, copying, etc.) would have to predate their release, meaning that any documents not kept would have been deleted pursuant to Samsung's standard email retention policy. Hence, there is no basis for Apple's claim that evidence of design and development, copying, or design around has been destroyed.

Samsung asserts that in any event, there is no evidence of intentional destruction and no evidence of missing documents by topic. In addition, Samsung has produced nearly 12 million pages of documents, including 80,000 emails, and 58 million pages of source code, and 163 Samsung witnesses have been deposed. Samsung argues all of this refutes Apple's allegations.

Samsung states from a technical standpoint, it operates a data system, including an email system (mySingle) for 42,000 worldwide employees and must comply with Korean privacy laws, which are designed to protect the right of individuals over the rights of past military dictatorships to gather information. In addition, Samsung asserts, the mySingle system, which Samsung has been using for more than ten years, is designed to avoid the danger that confidential business information will be misappropriated in the event a computer is lost or stolen by preventing the download of every message unless a decision is made to download. Samsung also notes that

- 3 -

CONTAINS CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER

even extending records retention to by an additional 16 to 30 days would cost Samsung an additional $35.99 million per year. Samsung states, nevertheless, employees can preserve email from destruction after a set two week time period by saving it to a hard drive on their computer or by using Microsoft Outlook if they have a need to do so.

Samsung asserts it issued a timely and carefully drafted litigation hold in July of 2011 and recipients were told to retain documents rather than destroy them if they had any doubts as to their relevance. Samsung states its attorneys held meetings with document custodians and other key personnel stressing the importance of preservation. Samsung also explains how the witnesses identified by Apple as having destroyed emails or not having many emails, (1) did not work on relevant subject matter; (2) would only have had emails predating the Complaint; (3) did not destroy emails; (4) saved emails on their hard drives as instructed; or (5) identified emails dated well before the date of the Complaint. Samsung also disputes that it destroyed any notebooks or other physical documents as alleged by Apple.

**Staff's Position**

The Staff opposes Apple's Motion for Sanctions. The Staff argues that Apple has not sufficiently demonstrated that Samsung did not satisfy its duty to preserve evidence. The Staff notes that Samsung did distribute a timely notice to more than 2,800 potential custodians instructing them to preserve all documents relevant to this Investigation. Moreover, the Staff asserts that Samsung believes that twelve of the thirteen employees Apple alleges did not timely receive the litigation hold notice did, in fact, receive the notice on July 13, 2011 and the thirteenth employee did receive a notice later in the summer of 2011.

The Staff also notes that Samsung's employees did have the capability of preserving email by saving it to their hard drives. In addition, the Staff asserts even Apple acknowledges

that Samsung instructed the employees to save all relevant email to their individual computer hard drives. Hence, the Staff argues Apple has not established Samsung failed to take adequate steps to ensure preservation of documents. The Staff also argues that considering the size and complexity of Samsung and its obligation to abide by the laws of the Republic of Korea, Apple did not prove Samsung acted unreasonably in taking the steps it did to ensure the preservation of the emails. The Staff also argues that because of the repercussions of Apple's Motion, Samsung should not be sanctioned without more specific support than it has provided.

The Staff also disputes Apple's allegations that Samsung destroyed notebooks and other physical documents. Instead, the Staff submits that Apple "has again made only conclusory allegations of wrong-doing." In particular, the Staff notes Apple has not identified a specific notebook maintained by Kim Soo Jung or any other Samsung employee involved in this investigation that may have contained relevant information and that is missing.

## II. Analysis

It is important to appreciate the possible spoliation of evidence is an important issue, for if parties were permitted to deliberately or even negligently dispose of potentially relevant evidence, such acts would defeat the purpose of discovery and perhaps more importantly, lead to the knowing destruction of evidence and thus impair the ability of a party to present its case. That being said, it is equally important to understand that finding spoliation requires some specific proof of spoliation, not mere speculation or arguments framed in terms of generalities. As such, Apple must be able to prove that Samsung had an obligation to preserve documents at the time it destroyed or permitted documents to be destroyed.

In the present instance, it is undisputed that Samsung's mySingle email system has been employed for over ten years before this Investigation was instituted. It is also undisputed

- 5 -

CONTAINS CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER

Samsung's mySingle system routinely deleted emails older than two weeks old before Samsung initiated a litigation hold in response to the investigation. This is permissible. *See Chrysler Corp. v. United States*, 592 F.3d 1330, 1338 (Fed.Cir 2010) and Fed. R. Civ. P. 37(e). Yet, if Apple could prove Samsung destroyed documents after the inception of the investigation, appropriate sanctions may lie. However, beyond Apple's rather speculative accusations, I can find no proof Samsung destroyed any potentially relevant emails after the institution of this Investigation. On the contrary, I do find proof that Samsung took reasonable steps to preserve documents by instituting a litigation hold and instructing its relevant employees to err on the side of preservation when retaining documents.

Samsung supported its Opposition to Apple's Motion for Sanctions with evidence. Based upon my analysis of the evidence presented to me, I find that Samsung has specifically disproven the great majority if not all of the factual allegations relating to spoliation that Apple made in its Motion for Sanctions. Accordingly, I find Apple has not adequately established that Samsung did not satisfy its duty to preserve evidence. Rather, as mentioned, I find Samsung took reasonable and appropriate steps to preserve evidence and did not, either negligently or purposefully destroy evidence based upon the record before me. Therefore, I do **not** find Samsung intended to impair Apple's ability to prosecute its infringement claims in this Investigation, which is a necessary prerequisite to a finding of bad faith and thus the granting of an adverse inference for spoliation. *See Micron Tech. Inc. v. Rambus, Inc.*, 645 F.3d 1311, at 1326-28 (Fed.Cir. 2011).

## III. Order

Apple's Motion is hereby DENIED.

CONTAINS CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER

Within seven days of the date of this document, each party shall submit to the Office of the Administrative Law Judges a statement as to whether or not it seeks to have any portion of this document deleted from the public version. The parties' submission may be made by facsimile and/or hard copy by the aforementioned date.

Any party seeking to have any portion of this document deleted from the public version thereof must submit to this office a copy of this document with red brackets indicating any portion asserted to contain confidential business information. The parties' submissions concerning the public version of this document need not be filed with the Commission Secretary.

**SO ORDERED.**

Thomas B. Pender
Administrative Law Judge

IN THE MATTER OF CERTAIN ELECTRONIC DIGITAL MEDIA   337-TA-796
DEVICES AND COMPONENTS THEREOF

## CERTIFICATE OF SERVICE

I, Lisa R. Barton, hereby certify that the attached **CONFIDENTIAL ORDER NO. 19** has been
served upon, **Reginald D. Lucas, Esq.**, Commission Investigative Attorney, and the following
parties via first class mail and air mail where necessary on _____, **2012.**

> Lisa R. Barton, Acting Secretary
> U.S. International Trade Commission
> 500 E Street, S.W., Room 112A
> Washington, DC   20436

**FOR COMPLAINANT APPLE INC.:**

Alexander J. Hadjis, Esq.                              ( )Via Hand Delivery
**MORRISON & FOERSTER LLP**                   ( )Via Overnight Mail
2000 Pennsylvania Avenue, NW, Suite 6000      ( )Via First Class Mail
Washington, DC 20006                                ( )Other:_____

**FOR RESPONDENTS' SAMSUNG ELECTRONICS, CO., LTD; SAMSUNG
ELECTRONICS AMERICA, INC.; SAMSUNG TELECOMMUNICATIONS AMERICA,
LLC:**

S. Alex Lasher, Esq.                                  ( )Via Hand Delivery
**QUINN EMANUEL URQUHART &**             ( )Via Overnight Mail
**SULLIVAN, LLP**                                    ( )Via First Class Mail
1299 Pennsylvania Avenue N.W.                    ( )Other:_____
Washington, DC   20004



# Cover Sheet Submitted

Print this page and submit it with your filing to the USITC.

**Document Filing Information**

**SOURCE TYPE: Cover Sheet**

Document Number      480045



| | |
|---|---|
| Security Level | Confidential |
| Official Receive Date | 05/11/2012 11:36 AM |
| System Receive Date | 05/11/2012 11:36 AM |
| Document Type | Order |
| Document Title | Orderi Denying Complainant Apple Inc.'s Motion for Spoliation Sanctions Against Samsung |
| Document Date | 05/11/2012 |
| Order Number | 19 |
| Memorandum Control Number | |
| Action Jacket Control Number | |

OSE Alert Flag ?    Party Served ?

**Investigation Information**

**Investigation Number: 337-796**

| | |
|---|---|
| Investigation Phase | Violation |
| Investigation Type | Sec 337 |
| Investigation Title | Certain Electronic Digital Media Devices and Components Thereof; Inv. No. 337-TA-796 |

**Submitter Information**

| | |
|---|---|
| Filed By | Thomas B. Pender |
| Firm / Organization | USITC |
| Filed On Behalf Of | Administrative Law Judge |
| Submitted By | bernard |