QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065-2139
Telephone:     (650) 801-5000
Facsimile:     (650) 801-5100

Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>            Plaintiff,<br><br>      vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>            Defendants. | CASE NO. 11-cv-01846-LHK (PSG)<br><br>**DECLARATION OF SARA JENKINS IN SUPPORT OF SAMSUNG'S OPPOSITION TO APPLE'S MOTION FOR ADVERSE INFERENCE JURY INSTRUCTIONS**<br><br>Date:<br>Time:    10:00 a.m.<br>Place:    Courtroom 5, 4th Floor<br>Judge:    Hon. Paul S. Grewal |

DECLARATION OF SARA JENKINS

I, Sara Jenkins, declare as follows:

1. I am a member of the State Bar of California and an associate with Quinn Emanuel Urquhart & Sullivan LLP, attorneys for Samsung Electronics Co., Ltd. ("SEC"), Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC ("Samsung"). I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2. Quinn Emanuel was retained to represent Samsung in the present action in the middle of April, 2011.

3. Without waiving any privileges, the following describes in general terms the efforts Quinn Emanuel undertook in helping SEC ensure it complied with its document preservation obligations.

4. I am informed and believe that immediately after Apple filed its case in this action, members of SEC's IP Legal Team began preparing a litigation hold notice and began distributing this notice on April 22, 2011. (*See* Declaration of Hankil D. Kang in Support of Opposition to Apple Inc.'s Motion for Adverse Inference Jury Instructions ¶ 7.)

5. In late April and early May, 2011, attorneys from Quinn Emanuel assisted SEC in preparing a document preservation notice for Samsung's offensive case, *Samsung Elecs. Co., Ltd., et al. v. Apple, Inc.*, Case. No. 11-cv-02079-LHK. Quinn Emanuel worked with SEC's IP Legal Team to ensure that the notice instructed custodians to preserve all documents related to all of Samsung's asserted patents. (*See* Declaration of Thomas R. Watson ("Watson Decl."), Ex. __ (Samsung's Third Supplemental Amended Identifications) Ex. E.) I am informed and believe that SEC began distributing this notice on May 12, 2011. (*See id.*)

6. On May 23, 2011, the court ordered the cases related and Samsung voluntarily dismissed its offensive case on June 30, 2011. Both parties also initiated related actions before the International Trade Commission ("ITC") between June and July, 2011.

7. Between June and early July, 2011, Quinn Emanuel assisted SEC's IP Legal Team in preparing updated document preservation notices that instructed custodians to preserve all

1  documents related to any of the claims asserted by the parties in this case and the related ITC
2  actions.  (*See* Watson Decl., Ex. __, Exs. G, V.)  I am informed and believe that SEC began
3  distributing these updated notices on July 11, 2011.  (*See id.*)

4       8. All four document preservation notices, including the three Quinn Emanuel was
5  involved in preparing, describe the patents and claims at issue, the categories of documents
6  custodians are required to preserve, and instruct custodians to retain all relevant documents.  (*See*
7  *id.*, Exs. C, E, G, V.)

8       9. In addition to assisting SEC prepare and distribute document preservation notices,
9  Quinn Emanuel attorneys have taken many trips to Korea to assist SEC in its efforts to identify
10 relevant custodians, and preserve and collect relevant documents.

11      10. Between May 2 and 4, 2011, four Quinn Emanuel partners and an associate
12 travelled to Korea to meet with members of Samsung's IP Legal Team and dozens of individual
13 custodians.  Specifically, Quinn Emanuel attorneys met with SEC designers, engineers, and in-
14 house counsel in Suwon, and Seoul, Korea. During these initial fact gathering meetings, Quinn
15 Emanuel attorneys discussed document collection.

16      11. In late May, 2011, four Quinn Emanuel partners and one associate once again
17 travelled to Korea.  In July 2011, two partners and an associate took trips to Korea.  Quinn
18 Emanuel attorneys met with Samsung's in-house counsel on these trips. In addition to various case
19 management issues, Quinn Emanuel attorneys discussed document collection with Samsung's in-
20 house counsel.

21      12. In August, 2011, four members of SEC's IP Legal team traveled to the United
22 States to meet with Quinn Emanuel attorneys to discuss a range of issues.  I participated in several
23 meetings over ten days with other Quinn Emanuel attorneys and the four SEC attorneys.  We
24 discussed a range of issues related to document collection and preservation, including SEC's duty
25 to preserve documents.

26      13. During the fall and winter of 2011, Quinn Emanuel attorneys met with at least
27 fifteen SEC employees  in connection with inventor depositions.  During these meetings, Quinn
28

-2-     Case No. 11-cv-01846-LHK (PSG)
JENKINS DECLARATION

1  Emanuel attorneys reminded custodians of their continue obligation to preserve all documents
2  related to the claims and patents at issue in this case and the related ITC actions.
3         14.    Since that time, Quinn Emanuel attorneys have met with over 150 Samsung
4  employees in connection with their depositions and have continued to remind them of their duty to
5  preserve relevant documents.
6         15.    Upon investigating why certain emails that had been produced by other custodians
7  that were sent to Ioi Lam were not produced from Mr. Lam's custodial files, it was discovered that
8  certain of Mr. Lam's emails were de-duplicated with those of his colleagues, Qi Ling and Jaegwan
9  Shin.
10        I declare under penalty of perjury under the laws of the United States of America that the
11 foregoing is true and correct.
12        Executed on May 29, 2012, at Redwood Shores, California.

             /s/ Sara Jenkins
             Sara Jenkins

**GENERAL ORDER ATTESTATION**

I, Victoria F. Maroulis, am the ECF user whose ID and password are being used to file the foregoing Declaration.  In compliance with General Order 45 (X)(B), I hereby attest that Sara Jenkins has concurred in this filing.

DATE: May 29, 2012                                                         /s/ Victoria Maroulis