CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION
PURSUANT TO PROTECTIVE ORDER

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

  Kevin P.B. Johnson (Bar No. 177129
  kevinjohnson@quinnemanuel.com
  Victoria F. Maroulis (Bar No. 202603)
  victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065-2139
Telephone:     (650) 801-5000
Facsimile:     (650) 801-5100

  Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>        Plaintiff,<br><br>    vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>        Defendant. | CASE NO. 11-cv-01846-LHK<br><br>**DECLARATION OF HANKIL D. KANG IN SUPPORT OF OPPOSITION TO APPLE INC'S MOTION FOR ADVERSE INFERENCE JURY INSTRUCTIONS DUE TO SAMSUNG'S SPOLIATION OF EVIDENCE**<br><br>Date:  June 26, 2012<br>Time: 10:00 a.m.<br>Place: Courtroom 5, 4th Floor<br>Judge: Hon. Paul S. Grewal |

**FILED UNDER SEAL**

CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION
PURSUANT TO PROTECTIVE ORDER

**DECLARATION OF HANKIL D. KANG**

I, Hankil D. Kang, declare as follows:

1. I am Legal Counsel for Samsung Electronics Co., Ltd. ("SEC"). I submit this declaration in support of Samsung's Opposition to Apple Inc.'s Motion for Adverse Inference Jury Instructions Due to Samsung's Spoliation of Evidence. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I would and could testify competently thereto.

2. I received my Juris Doctor degree from Duke University School of Law in 2007.

3. I have been employed by SEC since 2010. As a Legal Counsel of the IP Legal Team at SEC, I am responsible for managing intellectual property-related litigations and outside counsel. In discharging those responsibilities, I am familiar with the steps SEC takes to implement and ensure compliance with litigation hold notices and document preservation obligations. I have been extensively involved in the litigation hold implementation, document preservation, document collection, and document search efforts SEC has undertaken for *Apple Inc. v. Samsung Electronics Co., Ltd.*, Case No. 11-cv-01846-LHK, U.S. District Court for the Northern District of California ("*Apple v. Samsung*, Case No. 11-cv-01846"), including efforts SEC undertook for the claims initially filed in *Samsung Electronics Co. Ltd. v. Apple Inc.*, Case No. 11-cv-02079-LHK, U.S. District Court for the Northern District of California ("*Samsung v. Apple*, Case No. 11-cv-02079") that were subsequently filed as counterclaims in *Apple v Samsung*, Case No. 11-cv-01846 (collectively "*Apple v. Samsung Litigation*").

4. Without waiving any privileges, the following describes in general terms the efforts SEC has undertaken to preserve documents pursuant to litigation hold notices.

5. SEC's compliance with its document preservation, collection, and search obligations relating to intellectual property-related disputes is overseen by the attorneys in SEC's IP Legal Team. The attorneys in the IP Legal Team are well aware of the obligations to preserve, collect, and search documents in the course of litigation. At present, the IP Legal Team is managing more than 70 litigation hold notices pertaining to litigation matters pending all over the world, including in the United States.

CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION
PURSUANT TO PROTECTIVE ORDER

6. Apple Inc. ("Apple") filed the complaint in *Apple v. Samsung*, Case No. 11-cv-01846 on April 15, 2011.  Since that date, Samsung has undertaken a massive and systematic effort to ensure that potentially relevant documents were identified, preserved, collected and produced.  This effort has included dozens of in person meetings with hundreds of potential witnesses, the transmission of multiple rounds of litigation hold notices, the manual collection of millions of potentially relevant documents, and the imaging of hard drives of relevant or potentially relevant custodians.  Samsung has taken its document collection and preservation responsibilities seriously in this matter, and has taken the steps necessary to ensure that those responsibilities have been met.

7. Immediately after the *Apple v. Samsung* case was filed, the IP Legal Team promptly began preparing a litigation hold notice.  The IP Legal Team completed the litigation hold notice for *Apple v. Samsung*, Case No. 11-cv-01846 on April 21, 2011.  The following day, April 22, 2011, the IP Legal Team distributed the litigation hold notice to 48 potential custodians.  The IP Legal Team continued to distribute litigation hold notices for *Apple v. Samsung*, Case No. 11-cv-01846 as groups of relevant custodians were identified and distributed litigation hold notices on April 28, 2011 to 40 potential custodians; on April 29, 2011 to 38 potential custodians; and on May 2, 2011 to 99 potential custodians.  The potential custodians for the distributions on April 22, 28, 29, and May 2, 2011 were identified by reviewing information about who had worked on the accused products and discussions with the relevant managers.  The distributions on April 22, 28, 29, and May 2, 2011, included software and hardware engineers, product planning personnel, marketing personnel, UX designers, and product designers relating to the accused models.

8. From April 2011, starting with the first group of *Apple v. Samsung Litigation* hold notices being distributed, through the close of discovery for the *Apple v. Samsung Litigation*, members of the IP Legal Team had extensive--sometimes daily--communication with the custodians.  For example, in the weeks and months following the distribution of the litigation hold notices, I was regularly involved with document preservation, search, and collection issues.  I estimate that I would spend an average of two to three hours per day on these issues, including in-

CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION
PURSUANT TO PROTECTIVE ORDER

person meetings, handling many emails, and telephone calls regarding the document preservation, search, and collection efforts. In these interactions, the members of the IP Legal Team reminded custodians of the obligation and importance of preserving all relevant documents, including emails, regardless of whether they used MySingle or Microsoft Outlook.

9. For the work on document preservation, collection, and compliance issues for the *Apple v. Samsung Litigation*, up to ten attorneys from the IP Legal Team, with assistance from at least fifteen members of the Technical Analysis and Licensing teams, held multiple meetings with different individual custodians, including key personnel, team leaders, and supervisors, regarding the obligation to preserve and collect relevant documents for the *Apple v. Samsung Litigation*. These meetings began in late April 2011 and have continued throughout the discovery process as developments in the case occurred and new custodians were identified.

10. The IP Legal Team also took other steps to implement SEC's document preservation obligations for the *Apple v. Samsung Litigation*. For example, on April 27, 28, and 29, 2011, Young-jo Lim, a Director of the IP Legal Team, conducted meetings with over 300 SEC employees at the executive and non-executive manager levels regarding the system of discovery in U.S. litigation and the need for document preservation on the SEC computer system. In these meetings, instructions were given to senior executives on the importance of SEC's preservation obligations and on how to direct their personnel on how to comply with their preservation obligations. As stated in his declaration, Min Cheol Schin, who is referenced in the papers for Apple's Motion for Adverse Inference Jury Instructions Due to Samsung's Spoliation of Evidence ("Motion"), attended one of the above described meetings conducted by Director Lim, during which Director Lim instructed him on the obligation to preserve documents.

11. In conjunction with the IP Legal Team's distribution of litigation hold notices on April 22, 28, 29, and May 2, 2011, the IP Legal Team sought to broadly identify potential custodians for the *Apple v. Samsung Litigation*. The IP Legal Team accomplished this through the following standard process the Team uses to identify potential custodians to receive litigation hold notices for patent litigation involving the Mobile Division. First, the IP Legal Team identifies the relevant products at issue. Second, using the relevant product information, the IP Legal Team,

CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION
PURSUANT TO PROTECTIVE ORDER

1  with the assistance of the Technology Strategy Team of the Mobile Division at SEC, uses SEC's

2  Project Lifecycle Management ("PLM") system to identify those personnel who had worked on

3  projects related to the relevant products.  The PLM system can be used by SEC to track the

4  personnel responsible for different projects and tasks relating to the relevant products, including,

5  but not limited to, software and hardware development, industrial design, marketing, and product

6  planning.  Third, additional recipients are identified as those individuals who had involvement

7  with the relevant products in relation to other tasks or projects, such as, sales and patent

8  prosecution efforts.  After the IP Legal Team compiles a list using those steps, the Team reviews

9  organizational charts to understand how the relevant personnel fit within the structure of the

10 company.  On May 3, 2011, the IP Legal Team distributed litigation hold notice for *Apple v.*

11 *Samsung*, Case No. 11-cv-01846 to over 2,100 potential custodians, who were identified through

12 the steps explained above. Apple alleges 28 SEC employees either did not timely receive litigation

13 hold notices in the *Apple v. Samsung Litigation* and/or have deficient custodial email productions.[1]

14 In fact, ten of the 28 SEC employees who Apple alleges received a late litigation hold notice

15 and/or have deficient custodial email productions were included in the litigation hold notice

16 distributions made on May 2 or 3, 2011.[2]

17        12.     The IP Legal Team conferred and met with Quinn Emanuel Urquhart & Sullivan,

18 LLP ("Quinn Emanuel") a number of times concerning the scope of both SEC's duty to preserve

19 documents as well as SEC's duty to collect and produce relevant responsive documents for the

---

[1]  The 28 SEC employees who Apple alleges did not receive a timely litigation hold notice and/or have deficient custodial emails productions are:  Dong Hoon Chang, Nara Cho, Se-Hyun Cho, Seunghwan Cho, Joon-Il Choi, Won Pyo Hong, Joo Hyuk Kang, Dong Sub Kim, Minkyung Kim, Seogguen Kim, Wooup Kwon, Don-Joo Lee, Kang Hyun Lee, Kyu Hyung Lee, Minhyouk Lee, Sungsik Lee, YoungSoon Lee, Hyuong Shin Park, Jong-Dae Park, Junho Park, Dong Seok Ryu, Jaehwang Sim, Jong Kyun Shin, Min Cheol Schin, Hangil Song, Jeeyeun Wang, Seongho Won, and Hyun Goo Woo.  Motion for Adverse Inference Jury Instructions Due to Samsung's Spoliation of Evidence at 2:20-3:10; Declaration of Esther Kim in Support of Motion for Adverse Inference Jury Instructions Due to Samsung's Spoliation of Evidence, ¶ 4 & Ex. 8.

[2]  Those ten SEC employees who were included in May 2 or 3, 2011 litigation hold notice distribution are: Se-Hyun Cho, Joo Hyuk Kang, Dong Sub Kim, Minkyung Kim, Wooup Kwon, Kang Hyun Lee, YoungSoon Lee, Junho Park, Dong Seok Ryu, and Seongho Won.

CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION
PURSUANT TO PROTECTIVE ORDER

*Apple v. Samsung Litigation*.  On May 2 through 4, 2011, five Quinn Emanuel attorneys traveled to Korea.  I facilitated the Quinn Emanuel attorneys' meeting with SEC designers for Samsung phones and tablets at SEC's headquarters in Seoul, Korea.  The Quinn Emanuel attorneys and in-house counsel also conferred with individual custodians, including meetings and interviews with industrial and UX (user experience) and GUI (graphic user interface) designers in Seoul, Korea, and interviews with engineers in Suwon, Korea.  When attorneys met with or interviewed SEC employees the topics included the duty to preserve documents.

13.    In early May, 2011, liaisons were selected from certain departments, e.g., Giho Ro, Senior Manager, Administration Team in the Business Operations Group, and Ingon Park, Principal Designer, Design Strategy Part of Design Group, to coordinate with the IP Legal Team regarding compliance with SEC's document collection and preservation obligations and to provide the IP Legal Team with information regarding their respective departments' documents.

14.    In the course of meeting with witnesses, monitoring developments in the case, and conferring with Quinn Emanuel, the IP Legal Team identified additional potential custodians to be notified.  On May 4, 2011 the IP Legal Team distributed litigation hold notices to 1 potential custodian for *Apple v. Samsung*, Case No. 11-cv-01846.  On May 9, 2011 the IP Legal Team distributed litigation hold notices to 23 potential custodians for *Apple v. Samsung*, Case No. 11-cv-01846, including Hyuong Shin Park, who is referenced in the papers for Apple's Motion, because she was identified as a designer for relevant prior art and certain Samsung designs for unreleased devices that pre-dated the iPhone.  On May 11, 2011 the IP Legal Team distributed litigation hold notices to over 220 potential custodians for *Apple v. Samsung*, Case No. 11-cv-01846.  On May 12, 2011 the IP Legal Team distributed litigation hold notices to 1 potential custodian for *Apple v. Samsung*, Case No. 11-cv-01846.  The litigation hold notices distributions on May 4, 9, 11, and 12, 2011 for *Apple v. Samsung*, Case No. 11-cv-01846 included those who were not identified in the prior list of potentially relevant custodians, various R&D engineers, product designers, UX designers, members at ID cluster part, and personnel involved in the patent acquisition and inventors.

CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION
PURSUANT TO PROTECTIVE ORDER

15. The IP Legal Team also completed the standard process set forth in paragraph 11 for the claims SEC asserted against Apple in *Samsung v. Apple*, Case No. 11-cv-02079, which were subsequently filed as counterclaims in *Apple v. Samsung*, Case No. 11-cv-01846, and consulted with outside counsel from Quinn Emanuel regarding the preparation of a litigation hold notice. The IP Legal Team completed the litigation hold notice for *Apple v. Samsung*, Case No. 11-cv-02079 on May 11, 2011. The following day, May 12, 2011, the IP Legal Team distributed the litigation hold notice for *Samsung v. Apple*, Case No. 11-cv-02079 to 46 potential custodians. On June 16, 2011, the IP Legal Team distributed the litigation hold notice for *Samsung v. Apple*, Case No. 11-cv-02079 to 3 potential custodians.

16. On May 20, 2011, the IP Legal Team distributed litigation hold notices to 40 potential custodians for *Apple v. Samsung*, Case No. 11-cv-01846, including Dong Hoon Chang and Hyun Goo Woo, who are referenced in the papers for Apple's Motion. Dong Hoon Chang was included because the IP Legal Team made a determination to more broadly notify executives. On information and belief, Hyun Goo Woo was included because he was identified as a potential custodian in the course of discussions with relevant personnel. On May 24, 2011, the IP Legal Team distributed litigation hold notices to over 160 potential custodians for *Apple v. Samsung*, Case No. 11-cv-01846. The May 24, 2011, distributions included Seunghwan Cho, Won Pyo Hong, Seogguen Kim, Don-Joo Lee, Minhyouk Lee, Sungsik Lee, and Jong Kyun Shin, who are referenced in the papers for Apple's Motion, because the IP Legal Team made a determination to notify a broader group of executives. The May 24, 2011, distributions also included Jeeyeun Wang, who is referenced in the papers for Apple's Motion. On May 27, 2011, the IP Legal Team distributed litigation hold notices to 3 potential custodians for *Apple v. Samsung*, Case No. 11-cv-01846. On May 30, 2011, the IP Legal Team distributed litigation hold notices to 2 potential custodians for *Apple v. Samsung*, Case No. 11-cv-01846. The distributions on May 20, 24, 27, and 30, included those who were not identified in the prior list of potentially relevant custodians, personnel involved in patent prosecution and the financial department.

17. After the *Apple v. Samsung Litigation* hold notices were distributed in April and May 2011, in instances where employees were identified as custodians for the *Apple v. Samsung*

CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION
PURSUANT TO PROTECTIVE ORDER

*Litigation* who had not been included in the April or May *Apple v. Samsung Litigation* hold notice distribution, the IP Legal Team promptly distributed additional hold notices to those employees.

18. On July 13, 2011, the IP Legal Team distributed litigation hold notices for *Certain Electronic Digital Media Devices and Components Thereof*, Investigation No. 337-TA-796, U.S. International Trade Commission, that incorporated the litigation hold notice for the *Apple v. Samsung Litigation*, to over 3,200 custodians, including Kyu Hyung Lee and Joon-il Choi. The notice distributed on July 13, 2011, and in many of the instances thereafter was a cumulative notice incorporating the preservation obligations related to Apple's claims against Samsung in the *Apple v. Samsung Litigation*, Samsung's claims against Apple in the *Apple v. Samsung Litigation,* Samsung's claims against Apple in *Certain Electronic Devices, Including Wireless Communication Devices, Portable Music and Data Processing Devices, and Table Computers*, Investigation No. 337-TA-794, U.S. International Trade Commission, and Apple's claims against Samsung in *Certain Electronic Digital Media Devices and Components Thereof*, Investigation No. 337-TA-796, U.S. International Trade Commission.

19. On July 19, 2011, the IP Legal Team distributed litigation hold notices to 25 potential custodians for the *Apple v. Samsung Litigation* and *Certain Electronic Digital Media Devices and Components Thereof*, Investigation No. 337-TA-796, U.S. International Trade Commission. On August 8, 2011, the IP Legal Team distributed litigation hold notices for *Certain Electronic Digital Media Devices and Components Thereof*, Investigation No. 337-TA-796, U.S. International Trade Commission, that incorporated the litigation hold notice for the *Apple v. Samsung Litigation*, to over 65 potential custodians, including Hangil Song, who is referenced in the papers for Apple's Motion, because he was identified as designer for a device added in Apple's Amended Complaint in *Apple v. Samsung,* Case No. 11-cv-01846.

20. After August 8, 2011, through March 5, 2012, collectively for both the *Apple v. Samsung Litigation* and *Certain Electronic Digital Media Devices and Components Thereof*, Investigation No. 337-TA-796, U.S. International Trade Commission, the IP Legal Team distributed litigation hold notices to 94 potential custodians, including Jong-Dae Park, who is referenced in the papers for Apple's Motion. Jong-Dae Park received a litigation hold notice for

CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION
PURSUANT TO PROTECTIVE ORDER

1  the *Apple v. Samsung Litigation* on February 13, 2012, because he was not a potentially relevant
2  custodian before Apple served deposition notices on members of the group he works in at SEC,
3  which is the Display Lab.  In addition, SEC completed extensive document collection from
4  HeonSeok Lee, who works with Mr. Park in the Display Lab, and who was sent a litigation hold
5  notice on May 2, 2011.

6       21.     We have been unable to locate a written litigation hold notice for Nara Cho, who is
7  referenced in the papers for Apple's Motion.  However, as stated in his declaration, in the fall of
8  2011 members of the IP Legal Team instructed him on the obligation to preserve documents.

9       22.     Jaehwang Sim did not receive a litigation hold notice for the *Apple v. Samsung*
10 *Litigation*, because he is not a relevant document custodian for the *Apple v. Samsung Litigation*.
11 He is a vice-president in the management support team responsible for SEC's finances, and was
12 deposed solely because SEC selected him as a corporate designee to provide Federal Rule of Civil
13 Procedure 30(b)(6) testimony.

14

15      I declare under penalty of perjury under the laws of the United States of America that the
16 foregoing is true and correct.  Executed on the 29th of May, 2012, in Washington, D.C.

17
18                                                  _____
19                                                  Hankil D. Kang