CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION
PURSUANT TO PROTECTIVE ORDER

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

  Kevin P.B. Johnson (Bar No. 177129)
  kevinjohnson@quinnemanuel.com
  Victoria F. Maroulis (Bar No. 202603)
  victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:   (650) 801-5000
Facsimile:   (650) 801-5100

  Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendant. | CASE NO. 11-cv-01846-LHK<br><br>**DECLARATION OF GIHO RO IN SUPPORT OF OPPOSITION TO APPLE INC.'S MOTION FOR ADVERSE INFERENCE JURY INSTRUCTIONS DUE TO SAMSUNG'S SPOLIATION OF EVIDENCE**<br><br>Date:  June 26, 2012<br>Time:  10:00 a.m.<br>Place: Courtroom 5, 4th Floor<br>Judge: Hon. Paul S. Grewal |

Case No. 11-cv-01846-LHK
GIHO RO DECL. ISO OPP. TO APPLE'S MOT. FOR ADVERSE INFERENCE JURY INSTRUCTIONS

PURSUANT TO PROTECTIVE ORDER

# DECLARATION OF GIHO RO

I, Giho Ro, declare as follows:

1. I submit this declaration in support of Samsung's Opposition to Apple Inc.'s Motion for Adverse Inference Jury Instructions Due to Samsung's Spoliation of Evidence. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I would and could testify competently thereto.

2. My position is Senior Manager, Administration Team in the Business Operations Group at Samsung Electronics Co., Ltd. ("SEC"). I have been employed by SEC since 2001. I am responsible for the administration and financial management of license fee payments to third-party software vendors. I obtained a bachelor of mechanical engineering from Hanyang University in Korea in 1999 and a masters in international affairs from Columbia University in the United States in 2001.

3. Without waiving any privileges, the following describes in general terms the efforts SEC has undertaken to preserve documents pursuant to litigation hold notices.

4. In April 2011 I was directed to become a liaison between the Mobile Business Unit's various departments and the IP Center in the Apple litigation matter to assist with information exchange between the two entities. In performing the role, I was asked to set up meetings with IP Center and the executives and part leaders in the Mobile Business Unit. Because I was not familiar with all the executives and part leaders, I asked the Human Resources Team to create a list of all executives and part leaders at the business unit, and sent out meeting requests to explain the discovery process in U.S. litigation.

5. Accordingly, with help from the HR team, I prepared lists of attendees for four meetings in April 2011. The meetings for which I prepared the attendees lists occurred on April 27, 28, and 29, 2011. Each meeting lasted for approximately one hour.

6. I attended the meetings that occurred on April 27 and 28, 2011, and am also familiar with the materials that were prepared for all four meetings. The topics covered at these meetings included United States litigation procedures, the system of discovery in U.S. litigation,

-1-   Case No. 11-cv-01846-LHK
GIHO RO DECL. ISO OPP. TO APPLE'S MOT. FOR ADVERSE INFERENCE JURY INSTRUCTIONS

1 each type of discovery mechanism, including document production, interrogatories, and
2 ~~depositions; the nature of e-discovery, and the need for document preservation on the SEC~~
3 computer systems.   The topics also included the issuance of litigation hold notices and the
4 obligation of each person with information pertaining to the subjects in the litigation hold notice to
5 actively save emails and other electronic documents, and that the MySingle and Microsoft
6 Outlook email systems enable users to select emails and save them.   Instructions were given that
7 employees should contact the IP legal Team if they had any questions about how to do so.
8       7.      The April 27, 2011 meeting took place at SEC's Suwon campus in Suwon, Korea.
9 The attendees lists I prepared included all executives of the Mobile Communications Business
10 Unit.   Two sessions were held on that day, one in the morning and a second in the afternoon.
11 Each lasted approximately one hour.   There were 39 executives, or director level employees, in
12 attendance, from a wide range of departments of the Mobile Unit, including UX Design,
13 Development Strategy, Software Development, Hardware Development, Acquisition, Product
14 Planning, Quality Testing, Advanced R&D, HR, and others.   In these meetings clear instructions
15 were given that every executive should provide a directive to their junior managers that all persons
16 with potentially relevant documents should take steps to comply in the manner described in the
17 litigation hold notices, and that anyone with questions should contact the IP Legal Team for
18 guidance.
19       8.      The April 28, 2011 meeting took place at SEC's Suwon campus in the Diva Hall
20 located in the R3 Building.   The attendees were 166 non-executives who report to the executives
21 who attended the April 27, 2011 meetings.   These employees include project leaders, who
22 manage projects on a day-to-day basis, leaders of product development and marketing teams,
23 principal engineers and senior engineers, all of whom are below executive level in seniority.
24 These are the employees who would receive directives from the executives who attended the
25 meeting the day before.
26       9.      The April 29, 2011 meeting took place at SEC's Gumi manufacturing facility for
27 Samsung's mobile telephones and devices.   There were 112 employees in attendance, including a
28

PURSUANT TO PROTECTIVE ORDER

1  mix of executives and mid-level employees involved in manufacturing projects, with an emphasis
2  on technical issues.
3      I declare under penalty of perjury under the laws of the United States of America that the
4  foregoing is true and correct.  Executed on the 29 of May, 2012, in ⎯⎯SUWON⎯⎯, Republic of
5  Korea.

                                                Giho Ro