Contains Highly Confidential – Attorneys' Eyes Only Information
Pursuant To Protective Order

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

  Kevin P.B. Johnson (Bar No. 177129)
  kevinjohnson@quinnemanuel.com
  Victoria F. Maroulis (Bar No. 202603)
  victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065-2139
Telephone:    (650) 801-5000
Facsimile:    (650) 801-5100

  Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendant. | CASE NO. 11-cv-01846-LHK<br><br>**DECLARATION OF HEONTAE SON IN SUPPORT OF OPPOSITION TO APPLE INC.'S MOTION FOR ADVERSE INFERENCE JURY INSTRUCTIONS DUE TO SAMSUNG'S SPOLIATION OF EVIDENCE**<br><br>Date:  June 26, 2012<br>Time: 10:00 a.m.<br>Place: Courtroom 5, 4th Floor<br>Judge: Hon. Paul S. Grewal |

PURSUANT TO PROTECTIVE ORDER

## DECLARATION OF HEONTAE SON

I, Heontae Son, declare as follows:

1. I submit this declaration in support of Samsung's Opposition to Apple Inc.'s Motion for Adverse Inference Jury Instructions Due to Samsung's Spoliation of Evidence. I have personal knowledge of the facts set forth in this declaration and, if called upon as a witness, I would and could testify competently thereto.

2. I am Vice President for Samsung Electronics Co., Ltd ("SEC").

3. I received my law degree from Sungkyunkwan University in 1995.

4. I have been employed by SEC since 2000. As Vice President, I am a leader of the Corporate Legal Group 2, and am responsible for SEC's legal affairs. In discharging those responsibilities, I am familiar with the Republic of Korea's Fair Trade Commission's ("KFTC") recent actions regarding SEC, as reported in a press release issued by the KFTC on March 19, 2012.

5. Without waiving any privileges, the following describes in general terms the nature of the actions of the KFTC regarding SEC in relation to the events purportedly described in the March 19, 2012 press release.

6. The KFTC investigation referenced in the March 19, 2012 press release was an investigation pursuant to Korean Monopoly Regulation and Fair Trade Act. The Korean Monopoly Regulation and Fair Trade Act does not impose a general obligation to preserve documents on examinees.

7. The sanctions referenced in the March 19, 2012 press release only involve alleged conduct related to an investigation of the pricing structure and subsidies of mobile phones sold in the domestic Korean market, and the SEC departments involved are "Korean Sales & Marketing Headquarters" and "Korea Product Planning Group." The KFTC investigation referenced in the March 19, 2012 press release did not involve any form of alleged infringement of intellectual property rights or any other claim in *Apple Inc. v. Samsung Electronics Co., Ltd.*, Case No. 11-cv-01846-LHK, U.S. District Court for the Northern District of California ("*Apple v. Samsung*, Case No. 11-cv-01846").

-1-   Case No. 11-cv-01846-LHK
HEONTAE SON DECL. ISO OPP. TO APPLE'S MOTION FOR ADVERSE INFERENCE JURY INSTRUCTIONS

8. The reference to "Korean roadmap iPhone countermeasure related report materials, Tab price policy, company's proposal if iPhone not adopted, etc." in the translated version of March 19, 2012 press release, Declaration of Esther Kim in Support of Apple Inc.'s Motion for Adverse Inference Jury Instructions Due to Samsung's Spoliation of Evidence, Exhibit 1 at p. 5, relates to materials for the Korean market and for Korean carriers, and did not involve any form of alleged infringement of intellectual property rights or any other claim in *Apple v. Samsung*, Case No. 11-cv-01846.

9. The sanctions referenced in the March 19, 2012 press release do not involve any alleged destruction of email or the operation of SEC's mySingle system.

10. The SEC in-house attorneys handling the KFTC investigation were not responsible for managing or coordinating discovery in *Apple v. Samsung*, Case No. 11-cv-01846.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on the 25 of May, 2012, in Seoul, Republic of Korea.

*/s/ Heontae Son*

Heontae Son