CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION
PURSUANT TO PROTECTIVE ORDER

# CERTIFICATION OF TRANSLATION

I certify that the Korean to English translation of the Korean document entitled ***DECLARATION OF KYU HYUK LEE*** is an accurate and complete rendering of the contents of the source document to the best of my knowledge and ability. I further certify that I am a qualified professional translator familiar with both languages with more than twenty years of experience in Korean to English translation of various legal, technical or business documents including a number of legal evidentiary documents submitted to various courts in the United States.

Date: May 25, 2012

_____
Alex N. Jo, Translator

CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION
PURSUANT TO PROTECTIVE ORDER

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

  Kevin P.B. Johnson (Bar No. 177129)
  kevinjohnson@quinnemanuel.com
  Victoria F. Maroulis (Bar No. 202603)
  victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065-2139
Telephone:     (650) 801-5000
Facsimile:      (650) 801-5100

  Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendant. | CASE NO. 11-cv-01846-LHK<br><br>**DECLARATION OF KYU HYUK LEE IN SUPPORT OF OPPOSITION TO APPLE INC.'S MOTION FOR ADVERSE INFERENCE JURY INSTRUCTIONS DUE TO SAMSUNG'S SPOLIATION OF EVIDENCE**<br><br>Date:     June 26, 2012<br>Time:    10:00 a.m.<br>Place:   **Courtroom 5, 4th Floor**<br>Judge:  Hon. Paul S. Grewal |

**FILED UNDER SEAL**

CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION
PURSUANT TO PROTECTIVE ORDER

# DECLARATION OF KYU HYUK LEE

I, Kyu Hyuk Lee (이규혁), hereby declare as follows:

1.  I submit this declaration in support of Samsung's Opposition to Apple Inc.'s Motion for Adverse Inference Jury Instructions Due to Samsung's Spoliation of Evidence. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I would and could testify competently thereto.

2.  I am a Principal Engineer in the Intellectual Property Center at Samsung Electronics Company Limited. My business address is 416, Maetan 3-Dong, Yeongtong-Gu, Suwon-Si, Gyeonggi-Do 443-742, Korea.

3.  I was deposed for this case in Seoul, Korea on March 8, 2012, as a 30(b)(6) witness for topics B.1 – B.5.d of Apple Inc.'s Fifth Rule 30(b)(6) Deposition Notice relating to document retention. I was also deposed for the case between Samsung and Apple pending in the International Trade Commission on February 10, 2012, as a 30(b)(6) witness for topics 5, 12, 14, 33, 34, 35, 41, and 47-50.

4.  During my February 10, 2012 deposition, I was asked by counsel for Apple questions about usage of Outlook by Samsung employees. At that time, I testified that in order to use Outlook "linked to My Single," employees needed to get permission. (Kyu Hyuk Lee Dep. Tr. (2/10/12) at 164:19-165:21.) While one needs authorization to send emails from Outlook, anyone can use Outlook to save emails from MySingle without needing permission. In addition, although I had previously not been aware of it, I understand that the MySingle system does have a "Save All" functionality. The 14-day retention period for MySingle has been in effect since 2001.

5.  At no time did I ever intentionally delete any evidence that may have been relevant.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on the 24th of May, 2012, in Suwon City, Republic of Korea.

                                                  /S/
                                        Kyu Hyuk Lee (이규혁)

CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION
PURSUANT TO PROTECTIVE ORDER

미 연방법원

북가주 지원, 새너제이 지부 법정

| | |
|---|---|
| 애플사, 캘리포니아 법인,<br><br>원고,<br><br>대.<br><br>삼성전자주식회사, 한국 사업 법인;<br>에스이에이(SEA), 뉴욕 법인;<br>에스티에이(STA), 델라웨어<br>유한책임회사,<br><br>피고. | 사건번호. 11-cv-01846-LHK<br><br>**삼성측의 증거인멸을 이유로 애플측에서 신청한 바의 삼성에 불리한 추론적 지시사항을 배심원단에 하는 데에 대한 삼성측의 이의 제기**<br><br>날짜: 2012월 6월 26일<br>시간: 오전 10시<br>장소: 4층 제5호실 법정<br>판사: 폴그리월(Paul S. Grewal) 판사님 |

**봉인된 비공개 제출**

**이규혁(KYU HYUK LEE) 진술인의 진술서**

본인 이규혁(Kyu Hyuk Lee)은 다음과 같이 진술합니다.

1.  본인은 삼성측의 증거인멸을 이유로 애플측에서 신청한 바의 삼성에 불리한 추론적 지시사항을 배심원단에 하는 데에 대한 삼성측의 이의 제기를 지원하여 이 진술서를 제출합니다. 본인은 이 진술서에 나와있는 사실을 직접 알고 있으며, 본인이 증인으로 출두 요청을 받을 경우, 그 사실에 대하여 확실하게 증언할 능력과 의향이 있습니다.

2.  본인은 삼성전자(주) IP 센터 소속 수석연구원입니다. 제 근무지 주소는 대한민국 경기도 수원시 영통구 매탄 3 동 416 (우) 443-742 입니다.

3.  저는 본건과 관련하여 애플측의 제 5 차 회사대리자격 증언통보서에

CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION
PURSUANT TO PROTECTIVE ORDER

기재된 B.1 부터 B.5.d 까지의 토픽에 해당되는 회사대리자격 증인으로 지정되어 2012 년 3 월 8 일 한국 서울에서 문서보관 주제에 대한 선서증언을 했습니다. 아울러 저는 삼성과 애플 간에 국제무역위원회(ITC)에 계류중인 소송사건에 관련하여 2012 년 2 월 10 일 회사 대리 자격 증인으로 5, 12, 14, 33, 34, 35, 41, 및 47-50 번 주제에 관하여 선서증언을 했습니다.

4.    2012 년 2 월 10 일자 제 선서증언에서, 애플사의 변호인이 삼성 직원들의 아웃룩 사용에 관한 질문을 했습니다.  당시 저는 직원들이 "마이싱글에 연결된" 아웃룩을 사용하려면 허가를 받아야된다고 증언했습니다. (이규혁 증언녹취록 (2012 년 2 월 10 일자): 164:19-165:21.)  아웃룩에서 메일을 **보낼려면** 허가를 받아야하는 것이 사실이지만, 마이싱글로부터의 메일을 아웃룩으로 저장하는 것은 허가 없이 아무나 할 수가 있습니다. 아울러, 예전엔 제가 몰랐던 부분이지만, 마이싱글 시스템에 "일괄 저장"이라는 기능이 있다는 것을 이제는 알고 있습니다. 마이싱글에 적용되는 14 일간의 보관 기간은 2001 년도부터 시행되오고 있습니다.

5.    연관성이 있을 수도 있는 증거를 고의로 삭제한 적은, 어느 시점이든지, 단 한번도 없었습니다.

저는 미국법에 따른 위증 관련 처벌을 인지한 상태에서 상기 내용이 진실이고 정확함을 진술합니다.  2012 년 5 월 __일 대한민국 수원시에서 작성함.

_____

이규혁 (Kyu Hyuk Lee)

CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION
PURSUANT TO PROTECTIVE ORDER

QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Bar No. 170151)
   charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

   Kevin P.B. Johnson (Bar No. 177129)
   kevinjohnson@quinnemanuel.com
   Victoria F. Maroulis (Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:   (650) 801-5000
Facsimile:   (650) 801-5100

   Michael T. Zeller (Bar No. 196417)
   michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>        Plaintiff,<br><br>  vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>        Defendant. | CASE NO. 11-cv-01846-LHK<br><br>**DECLARATION OF KYU HYUK LEE IN SUPPORT OF OPPOSITION TO APPLE INC.'S MOTION FOR ADVERSE INFERENCE JURY INSTRUCTIONS DUE TO SAMSUNG'S SPOLIATION OF EVIDENCE**<br><br>Date:     June 26, 2012<br>Time:    10:00 a.m.<br>Place:   **Courtroom 5, 4th Floor**<br>Judge:  Hon. Paul S. Grewal |

**FILED UNDER SEAL**

# DECLARATION OF KYU HYUK LEE

I, Kyu Hyuk Lee (이규혁), hereby declare as follows:

1. I submit this declaration in support of Samsung's Opposition to Apple Inc.'s Motion for Adverse Inference Jury Instructions Due to Samsung's Spoliation of Evidence. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I would and could testify competently thereto.

2. I am a Principal Engineer in the Intellectual Property Center at Samsung Electronics Company Limited. My business address is 416, Maetan 3-Dong, Yeongtong-Gu, Suwon-Si, Gyeonggi-Do 443-742, Korea.

3. I was deposed for this case in Seoul, Korea on March 8, 2012, as a 30(b)(6) witness for topics B.1 – B.5.d of Apple Inc.'s Fifth Rule 30(b)(6) Deposition Notice relating to document retention. I was also deposed for the case between Samsung and Apple pending in the International Trade Commission on February 10, 2012, as a 30(b)(6) witness for topics 5, 12, 14, 33, 34, 35, 41, and 47-50.

4. During my February 10, 2012 deposition, I was asked by counsel for Apple questions about usage of Outlook by Samsung employees. At that time, I testified that in order to use Outlook "linked to My Single," employees needed to get permission. (Kyu Hyuk Lee Dep. Tr. (2/10/12) at 164:19-165:21.) While one needs authorization to send emails from Outlook, anyone can use Outlook to save emails from MySingle without needing permission. In addition, although I had previously not been aware of it, I understand that the MySingle system does have a "Save All" functionality. The 14-day retention period for MySingle has been in effect since 2001.

5. At no time did I ever intentionally delete any evidence that may have been relevant.

CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION
PURSUANT TO PROTECTIVE ORDER

1   I declare under penalty of perjury under the laws of the United States of America that the
2   foregoing is true and correct.   Executed on the ___ of May, 2012, in Suwon-Si, Republic of
3   Korea.

Kyu Hyuk Lee (이규혁)

Pursuant To Protective Order

Kyu Hyuk Lee (이규혁)

미 연방법원

북가주 지원, 새너제이 지부 법정

| | |
|---|---|
| 애플사, 캘리포니아 법인, | 사건번호. 11-cv-01846-LHK |
| 원고, | **삼성측의 증거인멸을 이유로 애플측에서 신청한 바의 삼성에 불리한 추론적 지시사항을 배심원단에 하는 데에 대한 삼성측의 이의 제기** |
| 대. | |
| 삼성전자주식회사, 한국 사업 법인; 에스이에이(SEA), 뉴욕 법인; 에스티에이(STA), 델라웨어 유한책임회사, | 날짜: 2012월 6월 26일 시간: 오전 10시 장소: 4층 제5호실 법정 판사: 폴그리월(Paul S. Grewal) 판사님 |
| 피고. | |

**봉인된 비공개 제출**

**이규혁(KYU HYUK LEE) 진술인의 진술서**

본인 이규혁(Kyu Hyuk Lee)은 다음과 같이 진술합니다.

1. 본인은 삼성측의 증거인멸을 이유로 애플측에서 신청한 바의 삼성에 불리한 추론적 지시사항을 배심원단에 하는 데에 대한 삼성측의 이의 제기를 지원하여 이 진술서를 제출합니다. 본인은 이 진술서에 나와있는 사실을 직접 알고 있으며, 본인이 증인으로 출두 요청을 받을 경우, 그 사실에 대하여 확실하게 증언할 능력과 의향이 있습니다.

2. 본인은 삼성전자(주) IP 센터 소속 수석연구원입니다. 제 근무지 주소는 대한민국 경기도 수원시 영통구 매탄 3 동 416 (우) 443-742 입니다.

3. 저는 본건과 관련하여 애플측의 제 5 차 회사대리자격 증언통보서에 기재된 B.1 부터 B.5.d 까지의 토픽에 해당되는 회사대리자격 증인으로 지정되어 2012 년 3 월 8 일 한국 서울에서 문서보관 주제에 대한 선서증언을 했습니다. 아울러 저는 삼성과 애플 간에 국제무역위원회(ITC)에 계류중인 소송사건에 관련하여 2012 년 2 월 10 일 회사 대리 자격 증인으로 5, 12, 14, 33, 34, 35, 41, 및 47-50 번 주제에 관하여 선서증언을 했습니다.

4. 2012 년 2 월 10 일자 제 선서증언에서, 애플사의 변호인이 삼성 직원들의 아웃룩 사용에 관한 질문을 했습니다. 당시 저는 직원들이 "마이싱글에 연결된" 아웃룩을 사용하려면 허가를 받아야된다고 증언했습니다. (이규혁 증언녹취록 (2012 년 2 월 10 일자): 164:19-165:21.) 아웃룩에서 메일을 **보낼려면** 허가를 받아야하는 것이 사실이지만, 마이싱글로부터의 메일을 아웃룩으로 저장하는 것은 허가 없이 아무나 할 수가 있습니다. 아울러, 예전엔 제가 몰랐던 부분이지만, 마이싱글 시스템에 "일괄 저장"이라는 기능이 있다는 것을 이제는 알고 있습니다. 마이싱글에 적용되는 14 일간의 보관 기간은 2001 년도부터 시행되오고 있습니다.

5. 연관성이 있을 수도 있는 증거를 고의로 삭제한 적은, 어느 시점이든지, 단 한번도 없었습니다.

저는 미국법에 따른 위증 관련 처벌을 인지한 상태에서 상기 내용이 진실이고 정확함을 진술합니다. 2012 년 5 월 24일 대한민국 수원시에서 작성함.

*K. H. Lee*

이규혁 (Kyu Hyuk Lee)

-3- Case No. 11-cv-01846-LHK
'S DECL. ISO OPP. TO APPLE'S MOT. FOR ADVERSE INFERENCE JURY INSTRUCTIONS