CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION
PURSUANT TO PROTECTIVE ORDER

1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
     Charles K. Verhoeven (Bar No. 170151)
2    charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5    Kevin P.B. Johnson (Bar No. 177129)
     kevinjohnson@quinnemanuel.com
6    Victoria F. Maroulis (Bar No. 202603)
     victoriamaroulis@quinnemanuel.com
7  555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, California  94065-2139
8  Telephone:     (650) 801-5000
   Facsimile:     (650) 801-5100
9
     Michael T. Zeller (Bar No. 196417)
10   michaelzeller@quinnemanuel.com
   865 S. Figueroa St., 10th Floor
11 Los Angeles, California 90017
   Telephone: (213) 443-3000
12 Facsimile: (213) 443-3100

13 Attorneys for SAMSUNG ELECTRONICS CO.,
   LTD., SAMSUNG ELECTRONICS AMERICA,
14 INC. and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC

15

16                    UNITED STATES DISTRICT COURT

17         NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

18 | APPLE INC., a California corporation, | CASE NO. 11-cv-01846-LHK |

19 |          Plaintiff, | **DECLARATION OF BYUNGIL KIM IN** |

20 |     vs. | **SUPPORT OF OPPOSITION TO APPLE INC.'S MOTION FOR ADVERSE** |

21 | SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG | **INFERENCE JURY INSTRUCTIONS DUE TO SAMSUNG'S SPOLIATION OF** |

22 | ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG | **EVIDENCE** |

23 | TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | **Date:  June 26, 2012** |

24 |          Defendant. | **Time: 10:00 a.m.**<br>**Place: Courtroom 5, 4th Floor** |

25 | | **Judge: Hon. Paul S. Grewal** |

26

27                         **FILED UNDER SEAL**

28

PURSUANT TO PROTECTIVE ORDER

## DECLARATION OF BYUNGIL KIM

I, Byungil Kim, hereby declare as follows:

1.      I am a professor at Hanyang University, School of Law.   I submit this declaration in support of Samsung's Opposition to Apple Inc.'s Motion for Adverse Inference Jury Instructions Due to Samsung's Spoliation of Evidence.   I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I would and could testify competently thereto.

2.      It is my opinion that, under the Korean Constitution and the Korean statutes entitled the Personal Information Protection Act, the Communications Network Act, the Communication Secret Protection Act, the Criminal Code, Korean law may be interpreted to prohibit and penalize, both civilly and criminally, a company's blanket retention/storage of employee emails or recovery and back-up of deleted employee emails without obtaining consent from each individual concerned, although there seem to be no specific precedents regarding this issue.

### Qualifications

3.      I am qualified by my experience and training to give such an opinion.   I am a Professor of Intellectual Property Law, Hanyang University Law School, Korea.   I also serve as the Co-Director of Hanyang IP & Information Law Centre, Hanyang University and the Co-President of Korea Association for Infomedia Law.   Prior to taking a position at Hanyang, I researched at Universities of Munich, Houston and Oxford.   I hold a Dr.jur (LMU, Munich German), LLM (Yonsei University), and a DBA (Yonsei University).   My research has focused on Patent Law, Competition Law, Information Law, and Licensing Law.

PURSUANT TO PROTECTIVE ORDER

## Prohibition under the Personal Information Protection Act[1]

4.       Article 15(1)(1) of the Personal Information Protection Act[2] (violations subject to fines under Article 75) provides that "a personal information manager may collect personal information and use it for the purpose of collection . . . upon the consent of the individual at issue."

5.       An employee's email indicates the sender, the recipient and the precise time at which the email was delivered to the recipient.   Further, the email contents may include information on an employee's identification number, telephone number, etc.   Because such information may constitute the employee's or others' (e.g., recipient's) personal information[3], it can be within the scope of the Personal Information Protection Act.   Regarding this, it should be noted that under the Personal Information Protection Act, the term "personal information" is given a broad meaning to include information by which the individual in question cannot be identified but can be identified through simple combination with other information. Thus, emails are generally considered to be personal information, and the above definition of personal information illustrates the strong legislative intent to protect personal information.

6.       Under Article 15(1)(1), to collect personal information, a personal information manager must obtain the consent of the individuals at issue.   On the other hand, a personal

---

[1]  See **APPENDIX I** for the full text of the provisions of the Personal Information Protection Act cited in this section.

[2]  For almost three decades, Korea was ruled by a military dictatorship.   During this period, the Korean government collected and used individuals' personal information, thereby infringing on their rights.   To address this problem, the Korean constitution explicitly guarantees the rights to privacy and correspondence.   Despite these constitutional protections, however, illegal collection and use of personal information by private corporations as well as government entities persisted as a social problem. In response, the Personal Information Protection Act was enacted into law on March 29, 2011, and entered into effect as of Sept. 30, 2011.   In addition, the Personal Information Protection Commission, an autonomous government agency within the executive branch, was recently established.

[3]  According to Article 2(1) of the Personal Information Protection Act, the term "personal information" means information that pertains to a living person, including the full name, resident registration number, images, etc., by which the individual in question can be identified, (including information by which the individual in question cannot be identified but can be identified through simple combination with other information).

-2-                                    Case No. 11-cv-01846-LHK

PURSUANT TO PROTECTIVE ORDER

1    information manager may collect personal information without the consent of the individuals at

2    issue for grounds prescribed under Article 15(1)(2) – (1)(6).  However, a wholesale collection of

3    employee emails by Samsung is not likely to qualify as grounds prescribed under Article 15(1)(2)

4    – (1)(6).  Hence, collection by Samsung of employee emails without employees' consent can be

5    interpreted to constitute a violation of Article 15(1), unless one of the conditions in Article

6    15(1)(2)-(1)(6) is satisfied,[4] and can be subject to a fine under Article 75.  The term "collection"

7    here can be interpreted to apply to transferring emails stored on the mySingle server to some other

8    server or storage device, and to recovering emails deleted by employees.  Thus, should Samsung

9    engage in either action without one of the conditions in Article 15(1)(1)-(1)(6) being met, it is

10   likely that it can be in violation of Article 15(1).

11          7.      Meanwhile, the Personal Information Protection Act was enacted into law in March

12   2011 and entered into effect in September 2011.  In the interim period, Korean companies were

13   preparing to reconfigure their information management systems, if necessary, to comply with the

14   newly enacted statute.  In Samsung's case, it seems that no such reconfiguration was necessary

15   because their existing information management system was already in compliance with the statute.

16   Under these circumstances, it might be unreasonable to expect or require Samsung to reconfigure

17   its information management system, namely the mySingle Server, in a way that would violate the

18   statute.

19

20          **Prohibition under the Korean Constitution**[5]

21          8.      Article 17 of the Korean Constitution provides that all citizens shall enjoy the right

22   to privacy. Emails can contain private and confidential information.  Thus, email storage or

23   recovery for the purpose of subsequent disclosure during a certain proceeding including judicial

24   _____

25      [4]   Although there are not specific precedents, there could be circumstances in which Article
     15(1)(6) could be satisfied if a personal information manager were subject to persistent and serious
26   adverse legal consequences if it did not collect personal information.  However, the best course in
     those circumstances would still be for a personal information manager to obtain consent pursuant
27   to Article 15(1)(1).
        [5] See **APPENDIX II** for the full text of the provisions of the Constitution cited in this section.
28

PURSUANT TO PROTECTIVE ORDER

1   procedures may be in violation of the constitutional rights to privacy and liberty.   As a result, a

2   company engaging in such action is likely to be found liable for civil damages.

3        9.        Article 18 of the Korean Constitution provides that all citizens shall enjoy the right

4   of privacy in their correspondence.   Accordingly, there is a risk of violating a fundamental right

5   protected under the Korean Constitution by storing of emails or recovering emails for the purpose

6   of subsequent disclosure.

7        10.        In the event the fundamental right to privacy (Article 17) and right to privacy in

8   correspondence (Article 18) becomes violated by a private person (e.g. a private company), the

9   citizen whose right is violated (e.g. an employee of a private company) may seek remedies such as

10   claim for causal exclusion, compensatory damages under the civil law, damages for pain and

11   suffering etc.   In particular, a citizen whose right has been violated may seek compensatory

12   damages under the Civil Act based on unlawful act/tort in violation of the Constitution.

**Prohibition under the Communications Network Act[6]**

13

14        11.        Article 22(1) of the Communications Network Act[7] (violations subject to

15   imprisonment under Article 71) stipulates that "a provider of information and communications

16   services shall, whenever it intends to collect a user's personal information for the purpose of using

17   such information, notify the user of the following and obtain consent from the user."

18        12.        A company could be in violation of the Communications Network Act when it

19   transfers and stores employees' emails.   One view among commentators is that even if the

20   language of Article 22 does not explicitly regulate collecting or viewing employees' emails, it may

21   be construed as prohibiting such actions absent employees' consent.   Thus, even before the

22   coming into force of the recently enacted Personal Information Protection Act, it may have been

23   possible for a company engaging in wholesale collection of employee emails or backing up emails

24

25

26   [6] See **APPENDIX III** for the full text of the provisions of the Communications Network Act cited in this section.

27   [7] The full title of the statute is "the Act on Promotion of Information and Communications Network Utilization and Information Protection, etc."

28

BYUNGIL KIM DECL. ISO OPP. TO APPLE'S MOTION FOR ADVERSE INFERENCE JURY INSTRUCTIONS

PURSUANT TO PROTECTIVE ORDER

1    deleted by employees without obtaining consent from the relevant employee, to be found to

2    violate the Communications Network Act.

3         13.    Article 49 of the Communications Network Act (violations subject to imprisonment

4    under Article 71) provides that "no person shall tamper with another's information that has been

5    processed, stored, or transmitted through an information communications network, nor infringe on,

6    misappropriate, or divulge another person's confidential information."

7         14.    Because the scope of Article 49 extends to all persons in contrast to that of Article

8    22(1), it also applies to persons or entities other than providers of information and

9    communications services.    Accordingly, it may be punishable to store or recover and view emails

10   under the Communications Network Act.

**Prohibition under the Communication Secret Protection Act[8]**

11

12        15.    Article 3(1) of the Communication Secret Protection Act[9] provides that "no person

13   shall censor any mail, wiretap any telecommunications, provide the communication confirmation

14   data, or record or listen to conversations between others that are not made public unless authorized

15   by this Act, the Criminal Procedure Act or the Military Court Act." Storing or recovering emails

16   for the purpose of subsequent viewing may reach a commencement stage, and if interpreted so by

17   the court, this may be punishable by imprisonment under Article 16 of the Communication Secret

18   Protection Act.

**Prohibition under the Criminal Code[10]**

19

20        16.    Article 316 of the Criminal Code (violations subject to imprisonment) provides that

21   "(1) A person who opens a sealed or other confidential letter, document, or drawing shall be

22   _____

23        [8] See **APPENDIX IV** for the full text of the provisions of the Communication Secret
     Protection Act cited in this section.
24        [9] Under Article 4 of the Communication Secret Act, postal mail or its contents, when obtained
25   through illegal inspection, and the contents of communications, when acquired or recorded
     through illegal wiretapping in violation of Article 3, shall not be admitted into evidence in a trial
26   or disciplinary procedure.
         [10] See **APPENDIX V** for the full text of the provisions of the Criminal Code cited in this
27   section.

28

BYUNGIL KIM DECL. ISO OPP. TO APPLE'S MOTION FOR ADVERSE INFERENCE JURY INSTRUCTIONS

PURSUANT TO PROTECTIVE ORDER

1  punished by imprisonment or imprisonment without prison labor for not more than three years, or

2  by a fine not exceeding five million won. (2) Any person who detects the contents of another

3  person's sealed or confidential letter, document, drawing, picture, or special media records, such

4  as electromagnetic records, using any technical means, shall be subject to the same punishment

5  prescribed under paragraph (1)."   It may be punishable under the Criminal Code to store or

6  recover and then view emails without the consent of individuals concerned.

**Conclusion**

7

8          17.      Based on the foregoing, I conclude that blanket retention/storage of employee

9  emails or recovery and back-up of deleted employee emails without obtaining consent from each

10 individual concerned may be interpreted to be prohibited under various legislation in Korea,

11 including, the Personal Information Protection Act, the Korean Constitution, the Communications

12 Network Act, the Communication Secret Protection Act and the Criminal Code.   Therefore,

13 Samsung runs the risk of bearing civil and/or criminal liability for engaging in the said activities in

14 Korea.

15         I declare under penalty of perjury under the laws of the United States of America that the

16 foregoing is true and correct.   Executed on the _24th_ of May, 2012, in Seoul, Republic of Korea.

17

18                                        Byungil Kim
                                          _____
                                          Byungil Kim

19

20

21

22

23

24

25

26

27

28

BYUNGIL KIM DECL. ISO OPP. TO APPLE'S MOTION FOR ADVERSE INFERENCE JURY INSTRUCTIONS

PURSUANT TO PROTECTIVE ORDER

## APPENDIX I

**Personal Information Protection Act**

### Article 2 (Definitions)

(1)    The term "personal information" means information that pertains to a living person, including the full name, resident registration number, images, etc., by which the individual in question can be identified, (including information by which the individual in question cannot be identified but can be identified through simple combination with other information)

### Article 15 (Collection and Use of Personal Information)

(1)    A personal information manager may collect personal information and use it for the intended purpose of collection in any of the following cases:

    1.    Where he/she has obtained the consent of a subject of information;

    2.    Where there exist special provisions in any Act or it is inevitable to fulfill an obligation imposed by or under any Act and subordinate statute;

    3.    Where it is inevitable for a public institution to perform its affairs provided for in any Act and subordinate statute, etc.;

    4.    Where it is inevitably necessary for entering into and performing a contract with a subject of information;

    5.    Where it is deemed obviously necessary for physical safety and property interests of a subject of information or a third person when the subject of information or his/her legal representative cannot give prior consent because he/she is unable to express his/her intention or by reason of his/her unidentified address, etc.;

    6.    Where it is necessary for a personal information manager to realize his/her legitimate interests and this obviously takes precedence over the rights of a subject of information. In such cases, this shall be limited to cases where such information is substantially relevant to a personal information manager's legitimate interests and reasonable scope is not exceeded.

### Article 75 (Fines for Negligence)

(1)    A person who falls under any of the following cases shall be punished by a fine for negligence not exceeding 50 million won:

    1.    A person who collects personal information, in violation of Article 15 (1);

    2.    A person who fails to obtain the consent of a legal representative, in violation of Article 22 (5);

    3.    A person who installs and operates the image data processing equipment, in violation of Article 25 (2).

BYUNGIL KIM DECL. ISO OPP. TO APPLE'S MOTION FOR ADVERSE INFERENCE JURY INSTRUCTIONS

1

2

**APPENDIX II**

**Constitution**

3

4

5

6

### Article 17

The privacy of no citizen shall be infringed.

### Article 18

The privacy of correspondence of no citizen shall be infringed.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BYUNGIL KIM DECL. ISO OPP. TO APPLE'S MOTION FOR ADVERSE INFERENCE JURY INSTRUCTIONS

**APPENDIX III**

**Act on Promotion of Information and Communications Network Utilization and Information Protection, Etc.**

### Article 22 (Consent to Collection and Use of Personal Information)

(1)    A provider of information and communications services shall, whenever it intends to collect personal information of a user purposely to use it, notify the user of the following matters and obtain consent from the user. The same shall apply in cases where it intends to change any of the following matters:

    1.    Purposes of collection and use of the personal information;

    2.    Items of personal information that it intends to collect; and

    3.    Period of time during which it intends to possess and use the personal information.

(2)    A provider of information and communications services may collect and use personal information of a user without the consent under paragraph (1) in any of the following cases:

    1.    If the personal information is necessary in performing the contract on provision of information and communications services, but it is obviously difficult to get consent in an ordinary way due to any economic or technical reason;

    2.    If it is necessary in settling the payment for charges on the information and communication services rendered; and

    3.    If a specific provision exists in this Act or any other Act otherwise.

### Article 49 (Protection of Secrets, etc.)

No one shall mutilate another person's information processed, stored, or transmitted through an information and communications network, nor shall infringe, misappropriate, or divulge another person's secret.

### Article 71 (Penal Provisions)

A person falling under any of the following subparagraphs shall be punished by imprisonment with prison labor for not more than five years or by fine not exceeding 50 million won:

    1.    A person who collects personal information with consent of the relevant user in violation of Article 22 (1) (including cases to which the aforesaid provision shall apply mutatis mutandis pursuant to Article 67);

    2.    A person who collects personal information that is likely to seriously undermine rights, interests, or privacy of a person without consent of the relevant user in violation of Article 23 (1) (including cases to which the aforesaid provision shall apply mutatis mutandis pursuant to Article 67);

    3.    A person who uses or furnishes a third party with personal information, or who knowingly received such personal information for profit or for any other wrongful

BYUNGIL KIM DECL. ISO OPP. TO APPLE'S MOTION FOR ADVERSE INFERENCE JURY INSTRUCTIONS

purpose, in violation of Article 24, 24-2 (1) or (2), or 26 (3) (including cases to which any of the aforesaid provisions shall apply mutatis mutandis pursuant to Article 67);

4.  A person who entrusts someone with handling of personal information with consent of the relevant user in violation of Article 25 (1) (including cases to which the aforesaid provision shall apply mutatis mutandis pursuant to Article 67);

5.  A person who mutilates, infringes, or leaks personal information in violation of Article 28-2 (1) (including cases to which the aforesaid provision shall apply mutatis mutandis pursuant to Article 67);

6.  A person who knowingly receives any leaks personal information for profit or for any other wrongful purpose in violation of Article 28-2 (2);

7.  A person who furnishes someone with or uses personal information without taking necessary measures in violation of Article 30 (5) (including cases to which the aforesaid provision shall apply mutatis mutandis pursuant to Article 30 (7), 31 (3), or 67);

8.  A person who collects personal information of a child of less than 14 years old without consent of his/her legal representative in violation of Article 31 (1) (including cases to which the aforesaid provision shall apply mutatis mutandis pursuant to Article 67);

9.  A person who conveys or circulates a malicious program in violation of Article 48 (2);

10. A person who causes a trouble to an information and communications network in violation of Article 48 (3);

11. A person who mutilates another person's information or who infringes, misappropriates, or divulges another person's secret in violation of Article 49.

BYUNGIL KIM DECL. ISO OPP. TO APPLE'S MOTION FOR ADVERSE INFERENCE JURY INSTRUCTIONS

PURSUANT TO PROTECTIVE ORDER

## APPENDIX IV

## Communication Secret Protection Act

### Article 3 (Protection of Secrets of Communications and Conversation)

(1)  No person shall censor any mail, wiretap any telecommunications, provide the communication confirmation data, record or listen to conversations between others that are not made public, without following the provisions under this Act, the Criminal Procedure Act or the Military Court Act:

Provided, That the following cases shall be governed by the Acts concerned:

### Article 4 (Prohibition of Use of Contents of Mail from Illegal Inspection and Contents of Telecommunications from Illegal Wiretapping as Evidence)

Mail or its contents obtained through illegal inspection and the contents of communication acquired or recorded through illegal wiretapping in violation of Article 3 shall not be admitted as evidence in a trial or disciplinary procedure.

### Article 16 (Penal Provisions)

(1)  Any person falling under any of the following subparagraphs shall be punished by imprisonment with prison labor for not more than 10 years or by suspension of qualification for not more than 5 years:

      1.  A person who has censored any mail, wiretapped any telecommunications or recorded or eavesdropped on any conversations between other individuals in violation of the provisions of Article 3; and

      2.  A person who has disclosed or leaked the substances of communications or conversations he has learned in a manner referred to in subparagraph 1.

### Article 18 (Criminal Attempts)

Attempts of the crimes prescribed in Articles 16 and 17 shall be punished.

BYUNGIL KIM DECL. ISO OPP. TO APPLE'S MOTION FOR ADVERSE INFERENCE JURY INSTRUCTIONS

PURSUANT TO PROTECTIVE ORDER

**APPENDIX V**

**Criminal Code**

    **Article 316 (Violation of Secrecy)**

    (1)    A person who opens a sealed or other secretly composed letter, document, or drawing shall be punished by imprisonment or imprisonment without prison labor for not more than three years or by a fine not exceeding five million won. <Amended by Act No. 5057, Dec. 29, 1995>

    (2)    Any person who detects the contents of another person's sealed or secretly designed letter, document, drawing, picture, or special media records, such as electromagnetic records, using any technical means, shall be subject to the same punishment as referred to in paragraph (1).

BYUNGIL KIM DECL. ISO OPP. TO APPLE'S MOTION FOR ADVERSE INFERENCE JURY INSTRUCTIONS