QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS
CO., LTD., SAMSUNG ELECTRONICS
AMERICA, INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**DECLARATION OF BRIAN VON HERZEN, PH.D. IN SUPPORT OF SAMSUNG'S MOTION TO STRIKE EXPERT TESTIMONY BASED ON UNDISCLOSED FACTS AND THEORIES**<br><br>Date: June 21, 2012<br>Time: 10:00 a.m.<br>Place: Courtroom 5, 4th Floor<br>Judge: Hon. Paul S. Grewal |

I, Brian Von Herzen, declare:

1. I am the Chief Executive Officer of Rapid Prototypes, Inc., an electronics consultancy specializing in the research, design and development of commercial electronic products, and have been with the company since 1994. I have been asked to provide an expert declaration on behalf of Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") in the above-captioned case.

2. I have previously submitted expert reports in the above-captioned case. I submit this declaration in support of Samsung's Motion to Strike Expert Testimony Based on Undisclosed Facts and Theories. If asked at hearings or trial, I am prepared to testify regarding the matters I discuss in this declaration.

3. I reserve the right to supplement or amend this declaration based on any new information that is relevant to my opinions.

4. I am being compensated for my work in this matter at the rate of $575 per hour plus expenses. My compensation is in no way tied to the outcome of this matter.

I. MY PROFESSIONAL AND EDUCATIONAL BACKGROUND

5. A detailed record of my education and professional qualifications is attached as Exhibit 1 to this declaration and summarized below.

6. I received a Bachelor's degree from Princeton University in 1980 in Physics. I received a Master of Science degree in 1984 and a Ph.D. in 1989 from the California Institute of Technology ("Caltech") in Very-large-scale integration ("VLSI") and Computer Graphics. During and after my graduate studies, part of my research required the design and development of multiple custom integrated circuits. At Caltech, I was awarded a Hertz Foundation Fellowship and a Hughes Foundation Fellowship.

7. From 1992 to 1994, I worked for Synaptics, Inc. in the engineering of electronic circuits for human interface devices such as the TouchPad, which was developed by Synaptics in the 1990s. I have substantial industry experience in the design and manufacture of touch sensing devices, including transparent touchscreens.

8. At Rapid Prototypes, Inc., I specialize in the research, design and development of commercial electronic products. Over the past two decades, I have designed dozens of electronic systems for several Fortune 500 companies, including human interface devices, signal processing systems, and graphics and video processing systems.

9. I am an inventor on approximately a dozen electronics patents and have approximately a dozen additional patents pending.

10. I am a member of the Institute of Electrical and Electronic Engineers (IEEE), and am the author or co-author of published articles related to signal processing and computer graphics. I have given numerous invited seminars at leading conferences and institutions around the world on the topics of digital signal processing, electronic systems engineering, and hardware / software co-design.

## II. THE APPLE '607 AND '129 PATENTS

11. I have reviewed U.S. Patent Nos. 7,663,607 ("the '607 Patent") and 7,920,129 ("the '129 Patent") in connection with my work in the above-captioned case.

12. On March 22, 2012, I submitted my opening expert report on the invalidity of the '607 Patent and the '129 Patent.

13. On April 5, 2012, I submitted a corrected version of my opening expert report.

14. On May 18, 2012, I submitted a supplemental opening report on the invalidity of the '607 Patent and the '129 Patent.

15. On April 16, 2012, I submitted my rebuttal expert report on Samsung's non-infringement of the '607 Patent and the '129 Patent.

16. The '607 Patent, entitled "Multipoint Touchscreen," was filed on May 6, 2004, and issued on February 16, 2010. The patent has three named inventors: Steve Hotelling, Joshua A. Strickon and Brian Q. Huppi. The '607 Patent is attached as Exhibit 2 to this declaration.

17. The '607 Patent relates to a touch panel having a "transparent capacitive sensing medium" configured to detect multiple touches or near touches that occur at the same time and at distinct locations on the touch panel, and to produce distinct signals representative of those touches. Generally, the sensing medium includes two layers of conductive traces arranged in a

1  grid that are physically separated from each other by an insulator.  Monitoring circuitry, which
2  may include a "virtual ground charge amplifier," is coupled to the touch panel and used to detect
3  multiple touches or near touches that occur at the same time and at distinct locations on the
4  sensing medium.  The monitoring circuitry measures the change in charge coupling between the
5  two sets of conductive lines.  As such, the '607 Patent describes and claims a *mutual capacitive*
6  type of sensing technology for use in a capacitive touchscreen.

7  18.  The '129 Patent, entitled "Double-Sided Touch-Sensitive Panel with Shield and
8  Drive Combined Layer," was filed on January 3, 2007, and issued on April 5, 2011.  The '129
9  Patent has two named inventors:  Steve Hotelling and Brian Land.  The '129 Patent is attached as
10  Exhibit 3 to this declaration.

11  19.  The '129 Patent relates to capacitive touch sensor panels having row and column
12  traces separated by a substrate, much like the two sets of conductive lines described and claimed
13  in the '607 Patent.  The row traces can be widened for shielding purposes and for providing a
14  uniform appearance.  In some embodiments of the '129 Patent, "the row traces can be widened to
15  shield the column traces from a modulated Vcom layer."  ('129 Patent at 2:59-60).  The '129
16  Patent also describes and claims a *mutual capacitive* type of sensing technology for use in a
17  capacitive touchscreen.

18  20.  Both the '607 Patent and the '129 Patent relate to capacitive sensing used to detect
19  a touch or near touch on a sensing medium.

20  III.  THE TYPHOON TOUCH PATENTS

21  21.  U.S. Patent Nos. 5,379,057 ("the '057 Patent") and 5,675,362 ("the '362 Patent")
22  are both entitled, "Portable Computer with Touch Screen and Computing System Employing
23  Same," and are assigned on their faces to Microslate, Inc.  I understand that both the '057 Patent
24  and the '362 Patent (collectively, the "Typhoon Touch Patents") were asserted by Typhoon Touch
25  Technologies, Inc. against Apple in Civil Action No. 6:07cv546 (E.D. Texas).

26  22.  The '057 Patent was filed on July 28, 1993 as a continuation of an application filed
27  on November 14, 1988.  The '057 Patent issued on January 3, 1995.  The '057 Patent is attached
28  as Exhibit 4 to this declaration.

-3-  Case No. 11-cv-01846-LHK
**DECLARATION OF BRIAN VON HERZEN, PH.D. IN SUPPORT OF SAMSUNG'S
MOTION TO STRIKE EXPERT TESTIMONY**

1    23.    The '362 Patent was filed on October 4, 1994 as a continuation of the same
2 application filed on November 14, 1988.  The '362 Patent issued on October 7, 1997.  The '362
3 Patent is attached as Exhibit 5 to this declaration.  The Typhoon Touch Patents appear to have
4 substantially identical disclosures.

5    24.    The Typhoon Touch Patents are directed to a portable, self-contained computer
6 without a keyboard.  A touch screen display is integrated with the portable computer and allows
7 for data input.  A run-time utility allows a
8 processor to execute a data entry application.
9 As explained in the Background of the
10 Typhoon Touch Patents:  "[f]or both hand-
11 held devices and lap-top computers, the need
12 to use a keyboard for entry of data is viewed
13 by many would-be users as being laborious or



14 tedious or requiring a skill they have not mastered.  This is particularly true for those individuals
15 who are not office workers and have little or no typing skills or who have little or no experience
16 with computers.  The computer keyboard can be an intimidating device for them, all the more so
17 when confronted by the traditional typewriter-type QWERTY keyboards."  ('057 Patent at 1:59-
18 68).

19    25.    To overcome the difficulties of using a standard keyboard with hand-held devices,
20 the Typhoon Touch Patents broadly describe a "self-contained, versatile machine for stand-alone
21 operation under the control of its own processor, and/or integration into a system for data
22 collection" with a touchscreen for data input.  (*Id.* at 6:22-25).  The claims also broadly recite a
23 portable, keyboardless computer with an integrated touchscreen display.  The touchscreens
24 contemplated by the Typhoon Touch Patents are touchscreens (and their associated touchscreen
25 controllers) manufactured by Elographics (which I now understand to be Elo Touch Solutions,
26 Inc.), but the description and claims of the Typhoon Touch Patents are not limited to any
27 particular sensing technology.

28

-4-    Case No. 11-cv-01846-LHK
**DECLARATION OF BRIAN VON HERZEN, PH.D. IN SUPPORT OF SAMSUNG'S MOTION TO STRIKE EXPERT TESTIMONY**

## IV. THE ATMEL PATENT

26. U.S. Patent No. 5,730,165 ("the Atmel Patent"), entitled "Time Domain Capacitive Field Detector," is related to a capacitive field sensor for detecting the presence of an object near a sensing plate. I understand that the Atmel Patent is currently assigned to Quantum Research Group or its parent, Atmel Corporation, the same manufacturer of the touchscreen controllers found in the accused Samsung smartphones and tablets. I also understand that the '165 Patent was asserted by Quantum against Apple in Civil Action No. 1:05cv3408 (D. Md.). The Atmel Patent is attached as Exhibit 6 to this declaration.

27. As shown in Figure 4 of the Atmel Patent, current source 44 charges plate 12 to a predetermined fraction of the supply voltage during a first charging time interval during which a discharging switch 50 is open. At the end of the charging time interval, the discharging switch 50, which is controlled by a microprocessor 52 via a control line 54, closes briefly. This rapidly discharges the sensing plate 12 into a charge detector 56. The amount of charge transferred to charge detector 56 is representative of the capacitance of the sensing plate 12.



28. The charge-discharge process can then be repeated numerous times, in which case the charge detector 56 aggregates the charge from the plate 12 over several operating cycles. After a predetermined number of cycles, the controller 52 may generate an output control signal on an output line 58, which may be used to indicate an object in proximity of the sensing plate 12. (*See, e.g.,* Atmel Patent at 6:28-62). In addition to filtering by aggregating several operating cycles, the Atmel Patent also discloses an RC network that acts as a "low-pass filter" having an upper cut-off at a characteristic frequency. (*Id.* at 5:32-37). In this way, the Atmel Patent describes a basic capacitive sensing arrangement with less susceptibility to noise caused by "external non-capacitive coupling" and moisture in the region of the sensing plate. (*Id.* at 2:1-65).

V. THE TYPHOON TOUCH PATENTS AND ATMEL PATENT ARE COMPARABLE TO THE '607 PATENT AND THE '129 PATENT

29. As I described above, both the '607 Patent and the '129 Patent relate to capacitive touchscreens used to detect touches or near touches. Similarly, the Typhoon Touch Patents and the Atmel Patent relate to comparable capacitive sensing technology used to detect the presence of an object on or near a touch sensor.

30. For example, the Typhoon Touch Patents broadly claim a portable computer with integrated touchscreen. Claim 12 of the '362 Patent is illustrative:

> 12. A portable, keyboardless computer including an input/output device for entering and displaying information, said computer comprising:
> a memory for storing a data collection application and various libraries relating to contents and formats of the information displayed by the input/output device;
> a processor coupled to said memory and the input/output device for executing said data collection application; and
> a run-time executor for executing said application and said libraries to facilitate data collection operations.

31. The memory, processor coupled to the memory, and run-time executor are all common elements of every portable computing device today. As such, it is my opinion that the Typhoon Touch Patents relate to a much more fundamental touchscreen technology than either the '607 Patent or the '129 Patent. My opinion is supported by the extremely early priority date of the Typhoon Touch Patents—November 14, 1988—*over 15 years* before the '607 Patent was filed and *over 18 years* before the '129 Patent was filed. It is my opinion that the Typhoon Touch Patents describe and claim an extremely broad portable computer using *any type* of touchscreen sensing technology, while the '607 and '129 Patents describe and claim a narrower implementation of *mutual capacitive* sensing touchscreen technology.

32. The Atmel Patent, like both the '607 Patent and the '129 Patent, is related to a capacitive sensing technology for use with a touch or proximity sensor. Claim 42 of the Atmel Patent is illustrative:

> 42. A method of operating a capacitive sensor for sensing the presence of an object proximate a sensing plate by measuring a change in a capacitance to an electrical ground, the method comprising the steps of:
> a) setting an output of a charge detector to a first predetermined voltage, the charge detector comprising filter means;

    b) charging the plate from a voltage source to a second predetermined voltage;
    c) discharging, for a predetermined discharging interval, the plate into the charge detector;
    d) repeating steps b) through c); and
    e) reading an output of the charge detector as a representation of the capacitance of the plate.

33. It is my opinion that the Atmel Patent describes and claims a very comparable touch sensing technology as described in both the '607 Patent and the '129 Patent. In fact, the invention described and claimed in the Atmel Patent is one very fundamental way to carry out the capacitive sensing described in the '607 and '129 Patents. In addition, as noted above, the Atmel Patent also describes an RC network that acts as a "low-pass filter" having an upper cut-off at a characteristic frequency. (Atmel Patent at 5:32-37). Similarly, Figure 13 of the '607 Patent shows the capacitive component of a similar RC network acting as a low-pass filter. The resistor in this case is provided by the finite resistance of the input trace. The function of the charge amplifier is that of a low-pass filter or integrator, which amplifies the low frequency components relative to the high ones. (*See also* claim 8 of the '607 Patent, which claims a "virtual ground charge amplifier" coupled to the touch panel). It is therefore my opinion that the Atmel Patent describes and claims a comparable technology to that in the '607 Patent and the '129 Patent.

## VI. CONCLUSION

34. It is my opinion that the Typhoon Touch Patents and the Atmel Patent all describe and claim comparable technology to those described and claimed in the '607 and '129 Patents. All the patents relate to touch sensors generally, and the Atmel Patent relates more specifically to a capacitive sensing technology for use in a capacitive sensor, as described and claimed in the '607 and '129 Patents.

I declare under penalty of perjury that the foregoing is true and correct. Executed in Santa Clara County, California on June 7, 2012.

                    */s/ Brian Von Herzen*
                    Brian Von Herzon