# EXHIBIT B

# FILED UNDER SEAL

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL: (213) 443-3000 FAX: (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3666**

WRITER'S INTERNET ADDRESS
**dianehutnyan@quinnemanuel.com**

March 2, 2012

<u>VIA ELECTRONIC MAIL</u>

Mia Mazza, Esq.
Morrison & Foerster
425 Market Street
San Francisco, CA 94105-2482

Re:     *Apple v. Samsung Elecs. Co. et al.*, Case No. 11-cv-1846 LHK (N.D. Cal.)

Dear Mia,

I write regarding Apple's deficient production of basic financial documents relevant to the costs and profitability of the products Apple has put at issue in this suit.

First, it does not appear that Apple has produced documents reflecting the costs attributable to development, production and marketing of each model of the iPhone, iPad and iPod Touch. Please produce documents sufficient to show, in dollars, and on a department by department basis, (1) the amount Apple budgeted for and spent on personnel, equipment, supplies or other needs for each department of or group within Apple involved in the design development of these products, including but not limited to the Industrial Design Group, the Product Design Group, the Hardware Engineering Group, the Software Engineering Group, the Marketing Group, the Merchandising Group and the Product Management Group; (2) the amount Apple budgeted for and spent on the manufacturing and production of these products; and (3) the amount Apple spent on advertising and marketing for these products, worldwide, on a monthly or quarterly basis since those products have been introduced.

These documents are responsive to Samsung's RFPs 30, 133 and 190, which respectively seek:

**quinn emanuel urquhart & sullivan, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York  10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California  94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California  94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois  60661-2510 | TEL (312) 705-7400 FAX (312) 705-7401
WASHINGTON, DC | 1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia  20004-2400 | TEL (202) 538-8000 FAX (202) 538-8100
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44(0) 20 7653 2000 FAX +44(0) 20 7653 2100
TOKYO | NBF Hibiya Building, 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 3 5510 1711 FAX +81 3 5510 1712
MANNHEIM | Erzbergerstraße 5, 68165 Mannheim, Germany | TEL +49(0) 621 43298 6000 FAX +49(0) 621 43298 6100
MOSCOW | Voentorg Building, 3rd Floor, 10 Vozdvizhenka Street, Moscow 125009, Russia | TEL +7 495 797 3666 FAX +7 495 797 3667

- "All DOCUMENTS concerning sales forecasts, budgets, expenses, costs, and profitability of the APPLE ACCUSED PRODUCTS,"

- "All DOCUMENTS and COMMUNICATIONS concerning business plans, strategic plans, studies, budgets, forecasts, meetings or presentations related to any of the APPLE PATENTS-IN-SUIT or to the licensing of any other intellectual property rights held by APPLE," and

- "All advertising plans, media spending reports, return on investment reports concerning (1) advertisements, (2) consumer research regarding advertisements, and (3) the identity of all third parties Apple has use to design, generate, review, or disseminate advertisements for the iPhone, iPad, and iPod touch."

Second, on February 21, 2012, the night before Samsung took the deposition of Mark Buckley, Apple produced two high-level summary charts purporting to show that Apple had the capacity to manufacture more iPads and iPhones in 2010 and 2011 than it did. Apple did not, however, produce any of the underlying data to support these charts. Accordingly, Samsung cannot asses the veracity of these self-serving documents. In order for Apple to make a complete and good faith production to Samsung on the topic of Apple's manufacturing capacity, please immediately produce charts showing Apple's capacity, on a monthly basis, to manufacture iPads and iPhones in 2010 and 2011. Please also produce all documents and data used or considered by Apple in preparing both the original, high-level charts already produced by Apple and the additional, detailed charts here requested by Samsung.

Third, at his deposition, Mark Buckley testified to the existence of several updated licensing and royalty documents Apple has not yet produced (2012-2-23 Buckley Depo. at 55:13-57:19; 67:12-68:23). Samsung held open Mr. Buckley's deposition pending the production of these documents and has reserved the right to continue Mr. Buckley's deposition upon receipt of these materials. Accordingly, please produce these updated licensing and royalty documents without further delay, so that Samsung may determine if and for how long it will require to further depose Mr. Buckley.

Fourth, Mr. Buckley testified that Apple maintains records of units sold, gross revenue from devices sold (described as "system billings"), and standard costs on a model-by-model basis for its iOS devices (2012-2-23 Buckley Depo. at 77:9-78:9; 84:1-21; 95:22-96:4). Please produce all documents which provide figures for Apple's revenue from iOS devices on a model-by-model basis, Apple's standard costs associated with its iOS devices on a model-by-model basis and the number of units of iOS devices sold by Apple on a model-by-model basis. In its January 27, 2012 Order, the Court directed Apple to produce these documents, but it has not done so. (Dkt. 673).

All these documents should have been produced long ago.  Please produce them by March 6, 2012.  If Apple has already produced any materials responsive to these requests, please identify them by Bates numbers by March 6, 2012.  If Apple does not produce these materials, or identify them in its production, Samsung will place these issues on the agenda for the upcoming lead counsel meet and confer.

Kind regards,

*/s/ Diane C. Hutnyan*

Diane C. Hutnyan

# EXHIBIT C

# FILED UNDER SEAL

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California  90017-2543 | TEL: (213) 443-3000  FAX: (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3666**

WRITER'S INTERNET ADDRESS
**dianehutnyan@quinnemanuel.com**

March 7, 2012

**VIA ELECTRONIC MAIL**

Mia Mazza, Esq.
Morrison & Foerster
425 Market Street
San Francisco, CA 94105-2482

Re:    *Apple v. Samsung Elecs. Co. et al.*, Case No. 11-cv-1846 LHK (N.D. Cal.)

Dear Mia,

I write regarding Apple's failure to produce licensing documents related to Apple's sale of iPhones and iPads.  Exh. 18 from the Feb. 23, 2012 Deposition of Mark Buckley identifies numerous entities to whom Apple paid royalties pursuant to licensing agreements related to the sale of iPhones and iPads.  Such documents are, at a minimum, responsive to Samsung's Requests for Production Nos. 9 and 11.

Our review of Apple's production failed to identify the license agreements referenced in Exh. 18. Please identify the license agreements by bates-number or produce them by March 8, 2012, or Samsung will place this on the agenda for the lead counsel meet and confer.

Kind Regards,

*/s/ Diane C. Hutnyan*

Diane C. Hutnyan

02198.51855/4640057.1

quinn emanuel urquhart & sullivan, llp

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York  10010-1601 | TEL (212) 849-7000  FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California  94111-4788 | TEL (415) 875-6600  FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California  94065-2139 | TEL (650) 801-5000  FAX (650) 801-5100
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois  60661-2510 | TEL (312) 705-7400  FAX (312) 705-7401
WASHINGTON, DC | 1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia  20004-2400 | TEL (202) 538-8000  FAX (202) 538-8100
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44(0) 20 7653 2000  FAX +44(0) 20 7653 2100
TOKYO | NBF Hibiya Building, 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 3 5510 1711  FAX +81 3 5510 1712
MANNHEIM | Erzbergerstraße 5, 68165 Mannheim, Germany | TEL +49(0) 621 43298 6000  FAX +49(0) 621 43298 6100
MOSCOW | Voentorg Building, 3rd Floor, 10 Vozdvizhenka Street, Moscow 125009, Russia | TEL +7 495 797 3666  FAX +7 495 797 3667

# EXHIBIT D

# FILED UNDER SEAL

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL: (213) 443-3000 FAX: (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3666**

March 12, 2012

<u>VIA ELECTRONIC MAIL</u>

WRITER'S INTERNET ADDRESS
**dianehutnyan@quinnemanuel.com**

Mia Mazza, Esq.
Morrison & Foerster
425 Market Street
San Francisco, CA 94105-2482

Re:     *Apple v. Samsung Elecs. Co. et al.*, Case No. 11-cv-1846 LHK (N.D. Cal.)

Dear Mia,

I follow up on my March 7, 2012 letter regarding Apple's failure to produce licensing documents related to Apple's sale of iPhones and iPads, to which we have received no response. Exhibit 18 from the Feb. 23, 2012 Deposition of Mark Buckley identified numerous entities to whom Apple paid royalties pursuant to licensing agreements related to the sale of iPhones and iPads. Our review of Apple's production, however, failed to identify the license agreements referenced in Exhibit 18.

The issue has become even more critical. Not only must the parties' motions to compel be filed by March 15, 2012, but expert reports are due March 22, 2012. Moreover, on the last day of discovery Apple produced another version of Exh. 18, Bates numbered APLNDC-Y0000232396-2430, purportedly showing the royalties Apple has paid to licensors in relation to its iPhone, iPad, and iPod products. The new chart more than doubled the number of licensors related to the iPhone, from 38 to 82, altered the amounts paid to 11 of the licensors, eliminated one licensor identified in Exh. 18, and added licensing and royalty information for the iPod Touch. Apple must produce immediately all licenses and agreements identified in Exh. 18, APLNDC-Y0000232396-2430, and any other license and agreement pursuant to which Apple has paid royalties in relation to the iPhone, iPod Touch, and iPad. If Apple contends it has produced all such documents, immediately identify the Bates ranges for those productions.

Kind Regards,

*/s/ Diane C. Hutnyan*
Diane C. Hutnyan
02198.51855/4647182.2

**quinn emanuel urquhart & sullivan, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700

SILICON VALLEY | 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100

CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois 60661-2510 | TEL (312) 705-7400 FAX (312) 705-7401

WASHINGTON, DC | 1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia 20004-2400 | TEL (202) 538-8000 FAX (202) 538-8100

LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44(0) 20 7653 2000 FAX +44(0) 20 7653 2100

TOKYO | NBF Hibiya Building, 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 3 5510 1711 FAX +81 3 5510 1712

MANNHEIM | Erzbergerstraße 5, 68165 Mannheim, Germany | TEL +49(0) 621 43298 6000 FAX +49(0) 621 43298 6100

MOSCOW | Voentorg Building, 3rd Floor, 10 Vozdvizhenka Street, Moscow 125009, Russia | TEL +7 495 797 3666 FAX +7 495 797 3667

# EXHIBIT E

# FILED UNDER SEAL

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California  90017-2543 | TEL: (213) 443-3000  FAX: (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3666**

WRITER'S INTERNET ADDRESS
**dianehutnyan@quinnemanuel.com**

March 13, 2012

<u>VIA ELECTRONIC MAIL</u>

Jason Bartlett                        Mia Mazza
Morrison & Foerster                   Morrison & Foerster
425 Market Street                     425 Market Street
San Francisco, CA 94105-2482          San Francisco, CA 94105-2482

Re:    *Apple v. Samsung Elecs. Co. et al.*, Case No. 11-cv-1846 LHK (N.D. Cal.)

Dear Jason and Mia,

Apple's late or non-existent production of documents and other relevant materials has been deficient to the point that it has thwarted Samsung's ability to get full and fair discovery through depositions.

**<u>Design Depositions</u>**

For the vast majority of the Apple design inventors, their custodial document productions were not produced until well after the date of the deposition.  Additionally, Apple waited until mid-January to make available for inspection over 1,000 models and parts that bear directly on the conception and reduction to practice of Apple's designs.   Apple also waited until mid-November to finally stipulate that the 035 model was the one depicted in the D889 file history, and CAD files of the 035 model were not produced for yet another month, after all of the inventor depositions had transpired.

Furthermore, many of Apple's custodial document productions pertaining to certain design witnesses are woefully deficient.  For example, Apple has yet to produce several document productions for key custodians, namely, Steve Jobs, the Human Interface Server, and a

**quinn emanuel urquhart & sullivan, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York  10010-1601 | TEL (212) 849-7000  FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California  94111-4788 | TEL (415) 875-6600  FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California  94065-2139 | TEL (650) 801-5000  FAX (650) 801-5100
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois  60661-2510 | TEL (312) 705-7400  FAX (312) 705-7401
WASHINGTON, DC | 1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia  20004-2400 | TEL (202) 538-8000  FAX (202) 538-8100
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44(0) 20 7653 2000  FAX +44(0) 20 7653 2100
TOKYO | NBF Hibiya Building, 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 3 5510 1711  FAX +81 3 5510 1712
MANNHEIM | Erzbergerstraße 5, 68165 Mannheim, Germany | TEL +49(0) 621 43298 6000  FAX +49(0) 621 43298 6100
MOSCOW | Voentorg Building, 3rd Floor, 10 Vozdvizhenka Street, Moscow 125009, Russia | TEL +7 495 797 3666  FAX +7 495 797 3667

significant portion of Apple's product design and reliability groups.  Additionally, the depositions of Douglas Satzger, Freddy Anzures, Jonathan Ive, Richard Dinh, and Scott Forstall indicated that many documents relevant to functionality have yet to be produced, documents that Samsung has already requested the production of in prior correspondence.   As a result, Samsung proposes that the depositions of at least the following witnesses be re-opened for a total of 30 hours:

| Inventors | Other Design Witnesses |
|---|---|
| Bart Andre | Achim Pantfoerder |
| Christopher Stringer | Chris Harris |
| Daniel Coster | Chris Hood |
| Daniele de Iullis | Christopher Prest |
| Duncan Kerr | Cooper Woodring |
| Eugene Whang | Fletcher Rothkopf |
| Freddy Anzures | John Ternus |
| Imran Chaudhri (also a utility inventor) | Mark Lee |
| Jonathan Ive | Phil Hobson |
| Matt Rohrbach | Quin Hoellwarth |
| Peter Russell-Clarke | Richard Dinh |
| Richard Howarth | Steven Zadesky |
| Rico Zorkendorfer | Tang Tan |

**Utility Depositions**

Apple continues to supplement its interrogatory responses regarding the conception and reduction to practice dates of its utility patents, as noted in Samsung's March 10, 2012 letter requesting the re-opening of all inventor depositions affected by Apple's amended responses.  Additionally, for the vast majority of the Apple utility inventors, their custodial document productions were not produced until well after the date of the deposition.  Furthermore, Apple has yet to produce relevant materials from related proceedings, the production of which Samsung recently moved to compel.  As a result, Samsung proposes that the depositions of at least the following witnesses be re-opened for a total of 30 hours:

| Inventors | |
|---|---|
| | Marcel Van Os |
| | Richard Williamson |
| Andre Boule | Scott Forstall |
| Andrew Platzer | Scott Herz |
| Bas Ording | Steven Hotelling |
| Brian Huppi | Stephen Lemay |
| Brian Land | Steven Christensen |
| Chris Blumenberg | Wayne Westerman |
| Greg Christie | |
| John Elias | Other Utility Witnesses |
| Joshua Strickon | Myra Haggerty |

Nitin Ganatra                                    Ravin Balakrishnan

**Depositions Related to Damages**

Apple has failed to produce certain licensing agreements relating to Apple's sales of iPhones and iPads as identified in Exhibit 18 (licensing royalty chart) from the deposition of Mark Buckley, the production of which Samsung has requested in prior correspondence.  Additionally, the deposition of Greg Joswiak revealed that Apple has failed to produce documents in the following categories:  market share in various sectors, marketing presentations, product briefs, communications with third-party channel partners, teardowns of competitor products, and others, all of which Samsung has requested the production of in prior correspondence.  Apple has also failed to produce documents pertaining to its convoyed sales and its spending in the areas of industrial design, marketing and advertising.

Furthermore, on March 8, Apple produced another version of Exhibit 18 that differs significantly from the version produced before the deposition of Mark Buckley (the new chart more than doubled the number of licensors related to the iPhone, from 38 to 82, altered the amounts paid to 11 of the licensors, eliminated one licensor identified in Exhibit 18, and added licensing and royalty information for the iPod Touch).  Apple also waited until March 7 to produce a responsive document entitled "iPhone Units by Channel/Carrier/Reseller," which contains sales information critical to an assessment of potential damages.  Also of note is that Tamara Whiteside was not prepared to testify regarding the features of the iPhone 3G that Apple emphasizes in its advertising and why Apple chooses to emphasize certain features over others. She did, however, indicate that Phil Schiller would be knowledgeable on such topics.  As a result, Samsung proposes that the following depositions be re-opened for a total of 25 hours:

| | |
|---|---|
| Art Rangel | Michael Tchao |
| Eric Jue | Phil Schiller |
| Greg Joswiak | Sissie Twiggs |
| Jared Gosler | Stan Ng |
| Marc Buckley | Tamara Whiteside |

Samsung also reserves the right to depose Kelly Altick, who Samsung withdrew, in light of her late production.

Additionally, Samsung proposes that the depositions of Richard Lutton and B.J. Watrous be re-opened for a total of 14 hours in light of the significant volume of documents produced after Lutton's deposition and the fact that Watrous produced zero documents.

In Judge Grewal's March 8th order, which permitted Apple to re-open the depositions of up to 10 Samsung witnesses for whom Korean-language documents were produced close in time to the witnesses' depositions for a total of 25 hours, he noted that "[t]o the extent that Samsung is attempting to pursue a non-judicial remedy from Apple before consuming the court's time, the court strongly encourages Apple to extend the same opportunity to Samsung in those instances in which Apple has produced a substantial volume of documents shortly before, or after, a deposition."  (Dkt. No. 788 at fn. 18).  At a minimum, therefore, Apple should agree to re-open

the depositions of at least 10 witnesses of Samsung's choosing.  Given that Apple produced documents in many instances AFTER the relevant deposition (and as recently as March 9th, after the discovery cutoff as well), the additional 25 hours should not count against Samsung's 250-hour deposition limit.

Moreover, in light of Apple's further discovery misconduct, including its ever-shifting of conception dates and other Apple discovery failures, Samsung believes that it is entitled to the full relief outlined in this letter.  Samsung additionally reserves the right to seek additional deposition time for the aforementioned witnesses regarding any relevant materials that have not yet been produced.  If Apple refuses to do so, please be prepared to discuss these issues at the next lead counsel meet and confer.  I look forward to hearing from you.

Kind regards,

*/s/ Diane C. Hutnyan*

Diane C. Hutnyan

cc:     Peter Kolovos
        S. Calvin Walden

# EXHIBIT F

# FILED UNDER SEAL

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California  90017-2543 | TEL: (213) 443-3000  FAX: (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3666**

WRITER'S INTERNET ADDRESS
**dianehutnyan@quinnemanuel.com**

March 18, 2012

<u>VIA ELECTRONIC MAIL</u>

Mia Mazza, Esq.
Morrison & Foerster
425 Market Street
San Francisco, CA 94105-2482

Re:     *Apple v. Samsung Elecs. Co. et al.*, Case No. 11-cv-1846 LHK (N.D. Cal.)

Dear Mia,

I write regarding Apple's March 13, 2012 clawback of three series of royalty charts purporting to identify the royalty payments Apple has made to licensors related to Apple's iPhone, iPad, and iPod products, Bates numbered APLNDC-Y0000051350-56, APLNDC0001772330-40, and APLNDC-Y0000232396-430.  The only explanation Apple offered for the clawback – which came five days after the close of discovery – was the vague assertion that the documents were "inadvertently" produced and "contain information protected by the attorney/client privilege, attorney work product doctrine and third party's rights of confidentiality."

Apple's clawback of these documents was surprising because Apple's production of these documents was not inadvertent, but intentional.  Apple produced the first two sets of royalty charts on February 5 and February 16, prior to the deposition of Mark Buckley, Apple's Rule 30(b)(6) designee on financial topics.  When Samsung deposed Mr. Buckley on February 23, 2012, Apple's counsel designated Mr. Buckley on the topic of "royalties and fees paid," and specifically referred to the royalty charts as a basis for Mr. Buckley's Rule 30(b)(6) testimony, going so far as to emphasize that Mr. Buckley "was the custodian, the proper person" to testify about the documents.  2/23/2012 Deposition Tr. of Mark Buckley, at 19:11-15; 20:3-15.  Counsel for Samsung deposed Mr. Buckley at length about the royalty charts; Mr. Buckley testified in response; and Apple's counsel made no objection.  Nor did Apple raise any objection or attempt to clawback the documents until *three weeks after* Mr. Buckley's deposition, and five weeks after Apple produced the first set of royalty charts.  As a result, upon receiving your March 13

**quinn emanuel urquhart & sullivan, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York  10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California  94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California  94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois  60661-2510 | TEL (312) 705-7400 FAX (312) 705-7401
WASHINGTON, DC | 1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia  20004-2400 | TEL (202) 538-8000 FAX (202) 538-8100
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44(0) 20 7653 2000 FAX +44(0) 20 7653 2100
TOKYO | NBF Hibiya Building, 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 3 5510 1711 FAX +81 3 5510 1712
MANNHEIM | Erzbergerstraße 5, 68165 Mannheim, Germany | TEL +49(0) 621 43298 6000 FAX +49(0) 621 43298 6100
MOSCOW | Voentorg Building, 3rd Floor, 10 Vozdvizhenka Street, Moscow 125009, Russia | TEL +7 495 797 3666 FAX +7 495 797 3667

clawback letter, Samsung placed this issue on the agenda for the March 14, 2012 meet and confer held at Quinn Emanuel's San Francisco offices.

At the March 14 meeting, counsel for Apple was unable or unwilling to explain the basis for the clawback of the royalty charts. My partner Charles Verhoeven explained that the clawback was frivolous and highly prejudicial to Samsung, because Samsung's damages expert intended to rely on it for his damages report, then due in just eight days. Mr. Verhoeven also stated that Samsung would move to compel and to supplement Samsung's expert reports. Michael Jacobs, counsel for Apple, responded that he would personally look into the matter.

On March 15, 2012, you sent a letter purporting to explain the basis for Apple's clawback of the royalty charts, and later that day Apple produced what it describes as "replacement documents." Your letter and the replacement documents do not settle the issue. Indeed, they raise additional concerns. Apple has failed to explain the legal basis for its clawback, does not address its intentional production of the royalty charts or Apple's waiver of any privilege by its intentional production, the reliance on the charts by Apple's Rule 30(b)(6) designee, Apple's failure to object to the charts at Mr. Buckley's deposition, and Apple's failure to clawback the charts for five weeks.

With respect to Apple's privilege log, we expect to receive such a log by March 18, which addresses each document that has been clawed back. Unlike the example in your letter, the privilege log should identify the specific dates of the purported privileged communications and each individual involved in those communications.

With respect to Apple's purported "replacement documents," they too are inadequate. The new royalty charts Apple produced on March 15 are not replacement documents but a new set of royalty charts. Of course, if Apple wants to produce yet another series of royalty charts it can do so, but it must also produce redacted versions of the documents Bates numbered APLNDC-Y0000051350-56, APLNDC0001772330-40, and APLNDC-Y0000232396-430. Apple cannot "wipe the slate clean" of its radically different statements about its payments of licensing royalties by abusing the Protective Order. Accordingly, we request that Apple immediately produce the documents Bates numbered APLNDC-Y0000051350-56, APLNDC0001772330-40, and APLNDC-Y0000232396-430 in redacted form, removing only the information Apple contends is privileged and clearly identifying the material it redacts.

Your March 15 letter also states that Apple is "in the process of determining whether the information that we have gained should result in an expansion in the production previously made of Apple's license agreements." As explained in my March 7 and March 13 letters on this topic, however, Apple has failed to produce the vast majority of the agreements referenced in the various royalty charts it has produced. Apple's failure to produce the underlying agreements now extends to its latest iterations of the royalty charts. Apple is obligated to produce *all* of the source documents on which its charts are based.

The licensing agreements are of obvious relevance and their importance is only heightened by Apple's production of three series of radically different versions of the royalty charts, two of which were produced weeks after Samsung deposed Apple's 30(b)(6) witness on Apple royalty and licensing topics. Moreover, a quick review of the latest royalty charts raises questions about

their accuracy and reliability.  In Q3 2011 and Q1 2012 of the iPhone chart, for example, the "Grand Total" which should be the sum of the "License" and "Non-license activity" does not add up.  In Q3 2011, the Grand Total is $163,321,692.17, but the actual total for License and Non-license activity amounts to $163,747,627.17.  The difference is more than $425,000.  A similar problem exists for Q1 2012, resulting in a more than $327,000 difference.  Nor has Apple explained the methodology and sources of information that produced the replacement documents, or even indicated which particular information has been redacted.  Finally, Apple has produced licensing agreements in this matter that are *not* reflected in the chart, raising yet more questions about their accuracy and reliability.

Please confirm that Apple will immediately produce all of the licensing agreements pursuant to which it pays royalties related to the iPhone, iPad, and iPod Touch, as well as redacted versions of the documents Bates numbered APLNDC-Y0000051350-56, APLNDC0001772330-40, and APLNDC-Y0000232396-430.  Please also confirm immediately that Apple will make its 30(b)(6) designees of finance and licensing topics available for an additional deposition on or before March 22.  Apple's gamesmanship with regard to its royalty charts and licensing agreements have prejudiced and continue to prejudice Samsung's preparation of its opening damages report due in less than seven days.  If Apple fails to produce these documents, and make its designees available for a further deposition to address Apple's late-produced royalty charts, Samsung will petition the Court for relief, including possible evidentiary sanctions.

Kind Regards,

*/s/ Diane C. Hutnyan*

Diane C. Hutnyan

# EXHIBIT G

# FILED UNDER SEAL

**MORRISON | FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA  94105-2482
U.S.A.

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG

March 13, 2012

Writer's Direct Contact
415.268.6024
MMazza@mofo.com

*By Email* (sarajenkins@quinnemanuel.com)

Sara Jenkins
Quinn Emanuel
555 Twin Dolphin Drive, Fifth Floor
Redwood Shores, CA 94065

Re:     *Apple v. Samsung*, Case No. 11-cv-1846-LHK (PSG) (N.D. Cal.)

Dear Sara:

The documents previously produced under the Bates ranges APLNDC-Y0000051350-56, APLNDC0001772330-40, and APLNDC-Y0000232396-430 contain information protected by the attorney/client privilege, attorney work product doctrine and third party's rights of confidentiality.  They were included inadvertently in Apple's production.

In accordance with Paragraph 16 of the parties' Agreed Upon Protective Order Regarding Disclosure and Use of Discovery Materials and Federal Rule of Civil Procedure 26(B)(5)(b), this letter shall serve as notice of this inadvertent production.  Please return or destroy all electronic and paper copies of the previously produced documents, including Exhibit 18 used at the Buckley deposition.

Sincerely,

*/s/ Mia Mazza*

Mia Mazza

cc:     S. Calvin Walden
        Peter Kolovos

sf-3119693

# EXHIBIT H

# FILED UNDER SEAL

**M O R R I S O N  |  F O E R S T E R**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA  94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG

March 15, 2012

Writer's Direct Contact

415.268.6024
MMazza@mofo.com

*Via E-Mail*  (sarajenkins@quinnemanuel.com)

Sara Jenkins
Quinn Emanuel
555 Twin Dolphin Drive, Fifth Floor
Redwood Shores, CA 94065

Re:   *Apple v. Samsung*, *et al.*, Case No. 11-cv-1846-LHK (N.D. Cal.)
      **ATTORNEYS' EYES ONLY—Contains information subject to protective order**

Dear Sara:

I write regarding the replacement documents for APLNDC-Y0000051350-56,
APLNDC0001772330-40, and APLNDC-Y0000232396-430, about which I wrote you late
on March 13, 2012.  As background, the first two documents identified above were identical
to one another and were both an earlier version of the third document, which covers a longer
period of time.  This last document was produced on Thursday, March 8, 2012.

On March 13, 2012, Morrison & Foerster learned that in some cases, descriptions included in
the document recorded legal advice and information provided to Apple's Project Marketing
finance team by Apple's legal department regarding certain legal agreements.  The prior
spreadsheet also included certain items, accruals, allocations, and deferrals resulting not from
patent or trademark licenses but from legal advice provided by Apple's legal department.
The foregoing information is protected under the attorney-client privilege and may also
reflect attorney work product.

As a result, the foregoing documents and this redacted version will be listed on an Apple's
privilege log, essentially as follows:

sf-3120392

# MORRISON | FOERSTER

Rachel Herrick Kassabian
March 15, 2012
Page Two

| Document Date | From | To | Privilege Claim | Description |
|---|---|---|---|---|
| March 2012 | Apple Legal Department | Apple Product Marketing Finance Team | A/C; Attorney Work Product | Redactions to remove legal descriptions regarding contracts and legal obligations in connection with various contracts and agreements; and redactions to address advice, allocations, accruals and deferrals based on legal advice from Apple's legal department |

As quickly as possible, we have prepared and are in the process of producing a revised version of the document.  This document separates and shows all payments worldwide made by Apple under license agreements covering patents, trademarks, or trade dress for the iPhone, iPad, and iPod lines of business.  Information identifying the protected information discussed above has been omitted but the relevant financial information has been retained as a separate line item identified as "Non-license Activity."  We have also included the totals from the relevant Line of Business Reports.

As noted previously, certain of the lines reflected third party information that is subject to confidentiality provisions and notice requirements.  We are in the process of contacting those parties who have not received notice but we have not withheld information based on these circumstances in this new document.  If any party objects to disclosure, we will raise the issue with you to discuss how to resolve it.

Finally, we are in the process of determining whether the information that we have gained should result in an expansion in the production previously made of Apple's license agreements.  We will write again when that review is complete.

Sincerely,

*/s/ Mia Mazza*

Mia Mazza

cc:    Peter Kolovos
       S. Calvin Walden

sf-3120392

# EXHIBIT I

# FILED UNDER SEAL

**MORRISON | FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA  94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG

March 21, 2012

Writer's Direct Contact

415.268.6024
MMazza@mofo.com

*Via E-mail* (dianehutnyan@quinnemanuel.com)

Diane Hutnyan
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543

Re:    *Apple v. Samsung, et al.*, Case No. 11-cv-1846 LHK (N.D. Cal.)
        **ATTORNEYS' EYES ONLY—Contains information subject to protective order**

Dear Diane:

I write regarding Apple's inadvertently produced documents Bates numbered
APLNDC0001772330-340, APLNDC-Y0000051350-356, and APLNDC-Y0000232396-
430.

We are producing today a newly redacted version of APLNDC-Y0000232396-430 that is
identical to the document originally produced under that Bates range with two exceptions.
First, the rows reflecting information that is attorney-client privileged are redacted.  Second,
a "Non-license activity" row has been added at the bottom, to reflect the total quarterly dollar
amounts for the redacted rows.

A copy of this newly redacted document, Bates-numbered APLNDC-Y0000236371-405, is
attached hereto and also will be produced via Apple's usual procedure.  This document
supersedes APLNDC-Y0000232449–454 as a replacement for APLNDC-Y0000232396-430.

We are in the process of preparing similarly redacted versions of APLNDC0001772330-340
and APLNDC-Y0000051350-356, which are outdated versions of APLNDC-Y0000232396-
430 that also contain information subject to the attorney-client privilege.  In these
replacements, we will simply redact the privileged information; we do not plan to add a
"Non-license activity" row at the bottom of those documents.  These additional replacement
documents will be provided to you as soon as possible, along with a privilege log for all three
documents.

Please let us know if there is any information regarding Apple's iPhone, iPad, and iPod
royalties for the quarters Q3FY2004 through Q1FY2012 that Samsung believes it needs but

sf-3121877

**MORRISON** | **FOERSTER**

Diane Hutnyan
March 21, 2012
Page Two

cannot obtain from these newly redacted spreadsheets.  We will respond separately to the various allegations in your letter of March 18, 2012.

Sincerely,

*/s/ Mia Mazza*

Mia Mazza

Encl.

cc:    Peter Kolovos
       S. Calvin Walden

# EXHIBIT J

# FILED UNDER SEAL

**Marvin Katzoff**

| | |
|---|---|
| **From:** | Mazza, Mia [MMazza@mofo.com] |
| **Sent:** | Wednesday, April 11, 2012 11:30 PM |
| **To:** | Sara Jenkins; Diane Hutnyan |
| **Cc:** | AppleMoFo; Samsung v. Apple; WHAppleSamsungNDCalService@wilmerhale.com |
| **Subject:** | RE: Apple v. Samsung: Discovery Correspondence - Redacted Replacement for APLNDC-Y0000232396-430 |
| **Attachments:** | APLNDC-Y0000051350-R.pdf; APLNDC-Y0000236371-R.pdf; APLNDC0001772330-R.pdf; 2012-04-11 Privilege Log for Royalty Spreadsheets.pdf; 2012-03-21 Ltr Mazza to Hutnyan re Redacted Spreadsheet with AT.pdf |

Hi Sara and Diane,

In furtherance of my attached March 21, 2012, clawback letter, Apple hereby produces:

o   A redacted replacement for **APLNDC0001772330-340**, Bates-numbered APLNDC0001772330-R through APLNDC0001772340-R;
o   A redacted replacement for **APLNDC-Y0000051350-356**, Bates-numbered APLNDC-Y0000051350-R through APLNDC-Y0000051356-R;
o   A newly formatted replacement for **APLNDC-Y0000236371-405**, Bates-numbered APLNDC-Y0000236371-R through APLNDC-Y0000236405; and
o   A privilege log covering these and the two below-referenced documents.

Pursuant to my March 21, 2012, clawback letter and the attached privilege log, please destroy all copies of the above documents previously produced without the "R" at the end of each Bates-numbered page.

Samsung is also reminded of its obligation to destroy all copies of APLNDC-Y0000232396-430 and APLNDC-Y0000232449–454.

These three redacted documents will be produced through the parties' usual production procedure as well.  Please let me know if you have any questions.

Regards,

**Mia Mazza**
**Morrison & Foerster LLP**
**San Francisco**
**(415) 268-6024 office**
**(415) 216-5835 mobile**
**(415) 268-7522 fax**

<<APLNDC-Y0000051350-R.pdf>> <<APLNDC-Y0000236371-R.pdf>> <<APLNDC0001772330-R.pdf>> <<2012-04-11 Privilege Log for Royalty Spreadsheets.pdf>>

---

**From:**  Mazza, Mia
**Sent:**  Wednesday, March 21, 2012 8:21 PM
**To:**  'dianehutnyan@quinnemanuel.com'
**Cc:**  AppleMoFo: Samsung v. Apple: WHAppleSamsungNDCalService@wilmerhale.com
**Subject:**  Apple v. Samsung:  Discovery Correspondence - Redacted Replacement for APLNDC-Y0000232396-430

<<2012-03-21 Ltr Mazza to Hutnyan re Redacted Spreadsheet with AT.pdf>> << File: APLNDC-Y0000236371.pdf >>

Hi Diane,

Attached please find correspondence regarding Apple's production of a newly redacted replacement for Apple's royalty report originally produced as APLNDC-Y0000232396-430.  The replacement will be produced tonight via Apple's usual procedure, and it is also attached hereto.

Regards,

**Mia Mazza**
**Morrison & Foerster LLP**
**San Francisco**
**(415) 268-6024 office**
**(415) 302-6583 mobile**
**(415) 268-7522 fax**


-------------------------------------------------------------------
To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

For information about this legend, go to
http://www.mofo.com/Circular230/

============================================================================

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail @mofo.com, and delete the message.

-------------------------------------------------------------------