# EXHIBIT X

# FILED UNDER SEAL

WILMERHALE

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS ATTORNEYS' EYES ONLY INFORMATION**

Peter J. Kolovos

+1 617 526 6493 (t)
+1 617 526 5000 (f)
peter.kolovos@wilmerhale.com

May 15, 2012

**Via Electronic Mail**

Diane C. Hutnyan, Esq.
Quinn Emanuel Urquhart & Sullivan, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA  90017

Re:   Apple Inc. v. Samsung Electronics Co. Ltd. et al.,
      Case No. 11-cv-01856-LHK (N.D. Cal.)

Dear Diane:

I write in response to your May 11 letter and to the portion of Victoria Maroulis' April 29 letter to Marc Pernick that concerns Apple's production of licenses and royalty reports.

Samsung's claim that Apple's production of licenses and royalty reports is inadequate is unsupported and incorrect.  With respect to royalty spreadsheets, Apple produced several versions of the royalty spreadsheet in order to provide Samsung with up-to-date information regarding royalty payments for iPhone, iPad, and iPod products at the level of detail requested by Samsung.  When Apple discovered that it had inadvertently produced information protected by the attorney-client privilege and work product doctrine, it clawed back certain versions of the royalty spreadsheet, consistent with the terms of the Protective Order.  Apple explained the basis for the clawback of the earlier royalty spreadsheets and redactions in writing, including in its March 21, 2012 letter and April 12, 2012 e-mail, as well as in the April 11, 2012 Royalties Spreadsheet Privilege Log.  All redactions were based on privilege and work product.  Dr. O'Brien's contentions that redactions were based on relevance is unsupported and incorrect.

With respect to production of patent licenses, as explained, Apple has searched for and produced patent license agreements related to the accused iPhone, iPad, and iPod Touch products, including licenses related to patents at issue, patents declared essential to the standards at issue, and patent licenses identified in the royalty report for iPhone, iPad and iPod.  Apple has produced over 50 patent licenses in the course of discovery in this matter.  Apple did not produce non-patent licenses related to the accused products, such as copyright, trademark, software, and data licensing agreements.  That is why there are entries for royalties for which no license has been produced.

WilmerHale

Further, Samsung's complaints about Apple's production of licenses is curious, given the relative paucity of Samsung's production in this regard. Samsung has never confirmed that it searched for or produced licenses which may be comparable to a license for any of the patents in suit. Samsung's own expert, Dr. O'Brien, stated that such licenses would be relevant to an expert's analysis; although he admitted that he had not reviewed such licenses, nor did he ask Samsung for such licenses to review. (O'Brien Tr. 178:2-179:23 (" . . . I'm afraid I would say both parties ought to produce everything. . . . I would prefer both sides produce as many as they can and maybe overproduce licenses.")).

Samsung has identified the Rovi agreement as a potential patent license. Apple has determined that the Rovi license is a patent license. The Rovi patents are not technology comparable to any of the Samsung patents-in-suit, and therefore the Rovi license is not relevant to any reasonable royalty calculation. Apple nevertheless produced the Rovi license on May 11, 2012, bearing Bates range APLNDC-WH-A0000031569 - APLNDC-WH-A0000031616. Apple is conducting an additional review of licenses identified in its royalty spreadsheets to confirm that there are no other patent licenses. Because licenses may require notice to third parties prior to production, Apple will produce any responsive licenses once it has satisfied the notice requirements.

Apple has also further investigated the Premier Agreement, which Samsung claims was redacted from the iPhone royalty spreadsheet. That claim is incorrect; the redacted information does not relate to Premier. Apple is reviewing its files for any license agreements with Digitude Innovations, Cliff Island LLC, and the University of Southern California.

Samsung further asserts that "Apple provided its damages expert, Terry Musika, patent licenses that lack Bates numbers from the N.D.Cal. or ITC cases." Samsung does not identify the specific licenses to which this statement refers, but instead cites a page from the Materials Considered list accompanying Mr. Musika's Rebuttal Expert Report. Apple assumes that Samsung is referring to six documents in the Materials Considered list which contained an "AppDel" Bates prefix without a corresponding NDCal or ITC Bates prefix and production number. Apple notes that these six documents were also listed in the Materials Considered list accompanying Mr. Musika's March 22, 2012 Expert Report. Five of these documents were previously produced in the NDCal or ITC matters; the absence of the applicable Bates prefix for this matter was an oversight. The sixth document (the Apple, Inc., Nokia Corp., and VoiceAge Corp. Patent License – Narrowband AMR and Wideband AMR Standards) was produced in the N.D. Cal matter on May 9, 2012. Below is a chart identifying the corresponding Bates numbers:

Diane C. Hutnyan, Esq.
May 15, 2012
Page 3

**WILMERHALE**

| AppDel Bates Number Range | ITC or N.D. Cal. Bates Number Range | Title of Document |
|---|---|---|
| AppDel0000021 - AppDel0000037 | APL-ITC796-0000334590 - APL-ITC796-0000334606 | Wireless Patent License Agreement between InterDigital Group and Apple Inc. |
| AppDel0000121 - AppDel000155 | APLNDC-WH0000454878 - APLNDC-WH0000454912 | Settlement and License Agreement between Apple and WiAV Solutions LLC |
| AppDel0073610 - AppDel0073648 | APLNDC-WH0000455054 - APLNDC-WH0000455092 | Settlement Agreement between Unova and Apple |
| AppDel0158881 - AppDel0158905 | APL794-N0000005799 - APL794-N0000005823 | Apple Computer, Inc. and Telefonaktiebolaget LM Ericsson (pubi) Patent License – Narrowband AMR and Wideband AMR Standards |
| AppDel0158967 - AppDel0159005 | APL-ITC796-0000010041 - APL-ITC796-0000010079 | Patent Cross License Agreement between IBM and Apple Computer, Inc. |
| AppDel0158906 - AppDel0158943 | APLNDC-WH0000726437- APLNDC-WH0000726474 | Apple, Inc., Nokia Corp., and VoiceAge Corp. Patent License – Narrowband AMR and Wideband AMR Standards |

Samsung further complains that even if Apple has properly withheld its non-patent licenses, "Apple has deprived Samsung of any means to test its methodology and representations by its untimely productions and dubious redactions." Apple has fully explained that it has produced patent licenses identified in the final royalty spreadsheets and has not produced non-patent licenses. Samsung is not entitled under the rules to "test [Apple's] methodology and representations" and further has provided no good reason for doing so. Further, Samsung exaggerates the significance of any delayed production of additional patent licenses, as none of these licenses are comparable to the patents at issue. Indeed, of the 50-plus licenses that Apple

Diane C. Hutnyan, Esq.
May 15, 2012
Page 4

WILMERHALE

has already produced, Samsung has identified only one as arguably comparable to any of the Samsung patents, and that was to the '055 patent, a feature patent which Samsung has now dropped from the suit.  Thus, Samsung's assertion in the April 29 letter that it will seek exclusion of the reasonable royalty opinions of Apple's experts is without basis or merit.

Very truly yours

*/s/ Peter J. Kolovos*

Peter J. Kolovos