# EXHIBIT EE

# FILED UNDER SEAL

Confidential Attorneys' Eyes Only

Page 1

```
 1              UNITED STATES DISTRICT COURT
 2             NORTHERN DISTRICT OF CALIFORNIA
 3                    SAN JOSE DIVISION
 4
 5   APPLE INC., a California corporation,
 6
                     Plaintiff,
 7
     vs.                              CASE NO. 11-cv-01846-LHK
 8
     SAMSUNG ELECTRONICS CO.,
 9   LTD., a Korean business
     entity; SAMSUNG ELECTRONICS
10   AMERICA, INC., a New York
     corporation; SAMSUNG
11   TELECOMMUNICATIONS AMERICA,
     LLC, a Delaware limited
12   liability company,
13                   Defendants.
     _____/
14
15
16              C O N F I D E N T I A L
17          A T T O R N E Y S   E Y E S   O N L Y
18
19        VIDEOTAPED DEPOSITION OF MARK BUCKLEY
20              SAN FRANCISCO, CALIFORNIA
21           THURSDAY, FEBRUARY 23, 2012
22
23   BY:  ANDREA M. IGNACIO HOWARD, CSR, RPR, CCRR, CLR
24   CSR LICENSE NO. 9830
25   JOB NO. 46609
```

Confidential Attorneys' Eyes Only

Page 2

1       THURSDAY, FEBRUARY 23, 2012

2            10:04 a.m.

3

4

5

6    VIDEOTAPED DEPOSITION OF MARK BUCKLEY,

7    taken at QUINN EMANUEL URQUHART & SULLIVAN

8    555 Twin Dolphin Drive, Suite 500,

9    Redwood Shores, California, pursuant to

10   Notice, before me, ANDREA M. IGNACIO HOWARD,

11   CLR, CCRR, RPR, CSR License No. 9830.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Confidential Attorneys' Eyes Only

Page 6

| # | Text | Time |
|---|------|------|
| 1 | him spell that -- from Litinomics. | 10:06 |
| 2 | MR. PINSONNEAULT: It's | 10:06 |
| 3 | P-I-N-S-O-N-N-E-A-U-L-T. | 10:06 |
| 4 | MR. OLSON: And Erik Olson from Morrison & | 10:06 |
| 5 | Foerster on behalf of Apple and the witness. | 10:06 |
| 6 | MR. HEYISON: Michael Heyison from | 10:06 |
| 7 | WilmerHale, representing Apple. With us is Terry | 10:06 |
| 8 | Musika from -- | 10:06 |
| 9 | MR. MUSIKA: Invotex. | 10:06 |
| 10 | THE VIDEOGRAPHER: Will the court reporter | 10:06 |
| 11 | please swear in the witness. | 10:06 |
| 12 |  | 10:06 |
| 13 | MARK BUCKLEY, | 10:06 |
| 14 | having been sworn as a witness | 10:06 |
| 15 | by the Certified Shorthand Reporter, | 10:06 |
| 16 | testified as follows: | 09:40 |
| 17 |  | 09:40 |
| 18 | MR. OLSON: I just realized something, | 10:06 |
| 19 | Anthony. I apologize, and I didn't mean to interrupt | 10:06 |
| 20 | the start of the deposition. Has Litinomics cleared | 10:07 |
| 21 | on the protective order? | 10:07 |
| 22 | MR. ALDEN: Mr. Pinsonneault has, yes. | 10:07 |
| 23 | MR. OLSON: All right. And when was the | 10:07 |
| 24 | disclosure? | 10:07 |
| 25 | MR. ALDEN: It was last year. | 10:07 |

Confidential Attorneys' Eyes Only

Page 18

| | | |
|---|---|---|
| 1 | there to be confusion. I don't think 2 to 7 is it; | 10:22 |
| 2 | right?  Do you understand that there are more items | 10:22 |
| 3 | identified in the letter, and there are more items on | 10:22 |
| 4 | which his testimony is relevant for providing | 10:22 |
| 5 | testimony? | 10:22 |
| 6 |       MR. ALDEN:  That's actually true.  Thank you. | 10:22 |
| 7 | Yes. | 10:22 |
| 8 |       MR. OLSON:  Sorry about that. | 10:22 |
| 9 |       MR. ALDEN:  No, no, you actually -- you're | 10:22 |
| 10 | right. | 10:22 |
| 11 |       If you could -- well, if I could clarify one | 10:22 |
| 12 | thing.  In the letter that we've just been referring | 10:23 |
| 13 | to, Mr. Bartlett from Morrison & Foerster represents | 10:23 |
| 14 | that Mr. Buckley will be testifying as to Apple's | 10:23 |
| 15 | capacity to make those -- to make the -- those | 10:23 |
| 16 | products, by which he names iPhone, iPad and iPod | 10:23 |
| 17 | Touch. | 10:23 |
| 18 |       Just to be clear, is Mr. Bartlett going to be | 10:23 |
| 19 | testifying as to -- as to that topic as represented in | 10:23 |
| 20 | the letter? | 10:23 |
| 21 |       MR. OLSON:  Yeah, so can I see the letter? | 10:23 |
| 22 |       MR. ALDEN:  Yeah. | 10:23 |
| 23 |       MR. OLSON:  So, Mr. Bartlett actually is not | 10:23 |
| 24 | going to be testifying as to any subject matter.  But | 10:23 |
| 25 | Mr. Buckley -- you just misused his name -- | 10:23 |

Page 19

| | | |
|---|---|---|
| 1 | Mr. Buckley will be testifying about the issue of | 10:23 |
| 2 | capacity, at least with respect to the iPhone and | 10:23 |
| 3 | iPad. | 10:23 |
| 4 | We had objected as to whether the capacity | 10:23 |
| 5 | with the iPod was relevant to matters in the Northern | 10:23 |
| 6 | District of California case. And as noted here, he | 10:24 |
| 7 | is -- the information that he has and will be | 10:24 |
| 8 | providing is relevant to the other topics of 13 -- I | 10:24 |
| 9 | believe 13 to 18 as identified. I'm happy to go down | 10:24 |
| 10 | through those if it would be helpful to you. | 10:24 |
| 11 | I'll also note for your benefit, I believe | 10:24 |
| 12 | that Mr. Buckley has information that will be relevant | 10:24 |
| 13 | to 12 and B and C, which are the issue of royalty and | 10:24 |
| 14 | fees paid or royalties and fees received at a broad | 10:24 |
| 15 | level. I don't try to re-quote the whole notice. | 10:24 |
| 16 | MR. ALDEN: And just to continue the lawyer | 10:24 |
| 17 | talk for one moment -- thank you, Mr. Olson -- given | 10:24 |
| 18 | that Mr. Buckley wasn't, as far as I know, designated | 10:24 |
| 19 | on topic No. 12, we don't consider this to be -- to -- | 10:24 |
| 20 | his testimony to be responsive to that topic, although | 10:24 |
| 21 | I appreciate that he may be able to offer testimony | 10:25 |
| 22 | that bears on the topic. | 10:25 |
| 23 | So we would expect Apple to designate a | 10:25 |
| 24 | witness on that topic, irrespective of Mr. Buckley's | 10:25 |
| 25 | testimony today. | 10:25 |

Confidential Attorneys' Eyes Only

Page 20

| | | |
|---|---|---|
| 1 | MR. OLSON: I understood that. We would -- | 10:25 |
| 2 | that one is simple. | 10:25 |
| 3 | There are a couple of reports that you've | 10:25 |
| 4 | been provided with for which he's the custodian, the | 10:25 |
| 5 | proper person. I'm happy to bring them tomorrow | 10:25 |
| 6 | morning if you can't find them, but he will be our -- | 10:25 |
| 7 | our witness on that point. | 10:25 |
| 8 | And so, as I said, this is a deposition | 10:25 |
| 9 | that's -- at least part of which may continue | 10:25 |
| 10 | tomorrow. So I'm happy to do whatever is necessary | 10:25 |
| 11 | to -- to allow that testimony to go forward, but I | 10:25 |
| 12 | understand your objection. But I'm telling you, I | 10:25 |
| 13 | don't -- we would be better to find a solution to that | 10:25 |
| 14 | and resolve it within the time that Mr. Buckley is | 10:25 |
| 15 | made available. | 10:25 |
| 16 | MR. ALDEN: Appreciate that. We can attempt | 10:25 |
| 17 | to do so, but if we can't, again, we reserve our | 10:25 |
| 18 | rights. | 10:25 |
| 19 | Q   Mr. Buckley, if you could take a look, | 10:26 |
| 20 | please, at topics 13 to 18 in the notice that's before | 10:26 |
| 21 | you. | 10:26 |
| 22 | A   Yes. | 10:26 |
| 23 | Q   You understand that you've been designated by | 10:26 |
| 24 | Apple to testify on its behalf with respect to those | 10:26 |
| 25 | topics, subject to the qualifications that | 10:26 |

Confidential Attorneys' Eyes Only

Page 21

| | | |
|---|---|---|
| 1 | Mr. Olson articulated a few moments ago? | 10:26 |
| 2 | A    Yes. | 10:27 |
| 3 | Q    And are you the best person to testify as to | 10:27 |
| 4 | topics 2 to 7 and 13 to 18 on behalf of Apple? | 10:27 |
| 5 | MR. OLSON:  Objection; vague. | 10:27 |
| 6 | THE WITNESS:  Yes. | 10:27 |
| 7 | MR. ALDEN:  I'd like to mark as Exhibit 2 | 10:27 |
| 8 | Samsung's Amended First 30(b)(6) Deposition Notice to | 10:27 |
| 9 | Apple, Inc. (Design and Trade Dress Topics). | 10:27 |
| 10 | (Document marked Buckley Exhibit 2 | 10:27 |
| 11 | for identification.) | 10:28 |
| 12 | MR. ALDEN:  Q.  Mr. Buckley, have you seen | 10:28 |
| 13 | this document before, sir? | 10:28 |
| 14 | A    I believe so. | 10:28 |
| 15 | Q    And do you understand what it is? | 10:28 |
| 16 | A    It's a dep -- amended first 30(b)(6) | 10:28 |
| 17 | deposition notice to Apple. | 10:28 |
| 18 | Q    Okay.  If I could ask you to look at topics 7 | 10:28 |
| 19 | to 8 of this notice, beginning on page 8 and going | 10:28 |
| 20 | over to page 9. | 10:28 |
| 21 | MR. OLSON:  Mr. Anthony, I suspect that | 10:28 |
| 22 | you're going over that by virtue of what was referred | 10:28 |
| 23 | to in the letter. | 10:28 |
| 24 | I thought that a letter has gone back making | 10:28 |
| 25 | clear this point, but if it's not, I'll go ahead and | 10:28 |

Confidential Attorneys' Eyes Only

Page 247

1        CERTIFICATE OF REPORTER

2

3

4        I, ANDREA M. IGNACIO HOWARD, hereby certify

5   that the witness in the foregoing deposition was by me

6   duly sworn to tell the truth, the whole truth, and

7   nothing but the truth in the within-entitled cause;

8

9        That said deposition was taken in shorthand

10  by me, a Certified Shorthand Reporter of the State of

11  California, and was thereafter transcribed into

12  typewriting, and that the foregoing transcript

13  constitutes a full, true and correct report of said

14  deposition and of the proceedings which took place;

15

16       That I am a disinterested person to the said

17  action.

18

19       IN WITNESS WHEREOF, I have hereunto set my

20  hand this 23rd day of February 2012.

21

22  _____

23  ANDREA M. IGNACIO HOWARD, RPR, CCRR, CLR, CSR No. 9830

24

25