1   HAROLD J. MCELHINNY (CA SBN 66781)
    hmcelhinny@mofo.com
2   MICHAEL A. JACOBS (CA SBN 111664)
    mjacobs@mofo.com
3   RICHARD S.J. HUNG (CA SBN 197425)
    rhung@mofo.com
4   MORRISON & FOERSTER LLP
    425 Market Street
5   San Francisco, California  94105-2482
    Telephone:  (415) 268-7000
6   Facsimile:  (415) 268-7522

WILLIAM F. LEE (*pro hac vice*)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
    HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
    HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant Apple Inc.

**United States District Court**
**Northern District of California**
**San Jose Division**

|  |  |
|---|---|
| APPLE INC., a California corporation,<br><br>          Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity, SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>          Defendants.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity, SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>          Counterclaim-Plaintiffs,<br><br>     v.<br><br>APPLE INC., a California corporation,<br><br>          Counterclaim-Defendant. | Civil Action No. 11-CV-01846-LHK<br><br>**APPLE INC.'S NOTICE OF MOTION AND MOTION TO COMPEL DISCOVERY RELATING TO APPLE'S AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**<br><br>Date:   TBA<br>Time:   TBA<br><br>**ORAL ARGUMENT REQUESTED**<br><br>**FILED UNDER SEAL** |

## <u>TABLE OF CONTENTS</u>

MEMORANDUM OF POINTS AND AUTHORITIES ...............................................................1

I.      INTRODUCTION. .................................................................................................1

II.     LEGAL STANDARD. ...........................................................................................1

III.    THE COURT SHOULD ORDER SAMSUNG TO COMPLETE ITS
        PRODUCTION OF INVENTOR DOCUMENTS BY JANUARY 23,
        2012.......................................................................................................................2

        A.      Background. ...............................................................................................2

        B.      Samsung's Inventor Documents Are Relevant and Discoverable. ...............4

        C.      Samsung's Manner of Collecting from Its Inventors Was Deficient...........5

        D.      The Search Terms Used by Samsung to Search Its Inventors' Files
                Are Insufficient. ........................................................................................8

IV.     THE COURT SHOULD ORDER SAMSUNG TO COMPLETE
        PRODUCTION OF DOCUMENTS REFLECTING ITS ACTIVITIES
        BEFORE STANDARDS SETTING ORGANIZATIONS BY JANUARY
        23, 2012.................................................................................................................9

        A.      Background. ...............................................................................................9

                1.      Samsung Witness Testimony Establishes the Sources of
                        Potentially Relevant Documents Regarding Samsung's
                        Participation in Standards Setting Organizations. ........................10

                2.      Samsung Has Not Made a Complete Production Of
                        Documents Relating to Its Participation in Standards
                        Setting Organizations, and Has Not Committed to Remedy
                        this Deficiency in a Timely Manner. ............................................12

        B.      Samsung's Documents Related to Its Participation in Standards
                Setting Organizations are Relevant and Discoverable.............................14

        C.      Samsung Should Be Ordered to Complete Production of Its
                Standards Setting Organization Documents by January 23, 2012.............15

V.      THE COURT SHOULD ORDER SAMSUNG TO COMPLETE
        PRODUCTION OF LICENSES AND LICENSE NEGOTIATION
        DOCUMENTS BY JANUARY 23, 2012. ............................................................15

        A.      Background. .............................................................................................15

        B.      Samsung's Licenses and Licenses Negotiation Documents are
                Relevant and Discoverable. ......................................................................17

VI.     CONCLUSION....................................................................................................18

APPLE INC.'S NOTICE OF MOTION AND MOTION TO
COMPEL DISCOVERY RELATING TO APPLE'S
AFFIRMATIVE DEFENSES AND COUNTERCLAIMS
Case No. 11-cv-01846 (LHK)

i

1

## <u>TABLE OF AUTHORITIES</u>

2

<u>Cases</u>

3

*Allied Tube & Conduit Corp. v. Indian Head, Inc.*,
    486 U.S. 492 (1988) ............................................................................................ 15

4

*Atmel Corp. v. Authentec Inc.*,
    2008 U.S. Dist. LEXIS 10850 (N.D. Cal. Jan. 31, 2008) ...................................... 18

5

*C&C Jewelry Mfg. v. West*,
    2010 U.S. Dist. LEXIS 110587 (N.D. Cal. Oct. 7, 2010) ...................................... 17

6

7

*Del Campo v. Kennedy*,
    236 F.R.D. 454 (N.D. Cal. 2006) ............................................................................ 1

8

*Genentech, Inc. v. Trs. of the Univ. of Pa.*,
    2011 U.S. Dist. LEXIS 64432 (N.D. Cal. June 16, 2011) ....................................... 1

9

10

*Heat & Control, Inc. v. Hester Indus., Inc.*,
    785 F.2d 1017 (Fed. Cir. 1986) ............................................................................... 1

11

*In Re Rambus Inc.*,
    7 Fed. Appx. 925 (Fed. Cir. 2001) ................................................................... 14, 15

12

13

*Johnson & Johnson, v. R.E. Service Co. Inc.*,
    2004 U.S. Dist. LEXIS 26973 (N.D. Cal. Nov. 2, 2004) ........................................ 2

14

*Jones v. Bremen High Sch. Dist. 228*,
    2010 WL 2106640 (N.D. Ill. May 25, 2010) .......................................................... 7

15

16

*Kilopass Tech., Inc. v. Sidense Corp.*,
    2011 U.S. Dist. LEXIS 65610 (N.D. Cal. June 21, 2011) ....................................... 1

17

*LG Elecs., Inc. v. Motorola, Inc.*,
    2010 U.S. Dist. LEXIS 79047 (N.D. Ill. Aug. 5, 2010) ........................................ 15

18

19

*Multiven, Inc. v. Cisco Sys, Inc.*,
    2010 U.S. Dist. LEXIS 71221 (N.D. Cal. July 9, 2010) .......................................... 2

20

*Phoenix Sols. Inc. v. Wells Fargo Bank, N.A.*,
    254 F.R.D. 568 (N.D. Cal. 2008) .......................................................................... 17

21

22

*Play Visions, Inc. v. Dollar Tree Stores, Inc.*,
    2011 WL 2292326 (W.D. Wash. June 8, 2011).......................................................7

23

*Quanta Computer, Inc. v. LG Electronics, Inc.*,
    553 U.S. 617 (2008) .............................................................................................. 17

24

25

*SmithKline Beecham Corp. v. Apotex Corp.*,
    2006 U.S. Dist. LEXIS 4276 (E.D. Pa. Jan. 31, 2006) ......................................... 15

26

*Sorensen v. Lexar Media Inc.*,
    2008 U.S. Dist. LEXIS 105503 (N.D. Cal. Dec. 19, 2008) ................................... 17

27

28

APPLE INC.'S NOTICE OF MOTION AND MOTION TO
COMPEL DISCOVERY RELATING TO APPLE'S
AFFIRMATIVE DEFENSES AND COUNTERCLAIMS
Case No. 11-cv-01846 (LHK)

ii

*Wachtel v. Health Net, Inc.*,
    239 F.R.D. 81 (D.N.J. 2006) ..................................................................................................... 7

APPLE INC.'S NOTICE OF MOTION AND MOTION TO
COMPEL DISCOVERY RELATING TO APPLE'S
AFFIRMATIVE DEFENSES AND COUNTERCLAIMS
Case No. 11-cv-01846 (LHK)

iii

## NOTICE OF MOTION AND MOTION

**TO DEFENDANTS SAMSUNG ELECTRONICS CO. LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** at a date and time to be set by the Court, Plaintiff and Counterclaim-Defendant Apple Inc. ("Apple") will move pursuant to Federal Rule of Civil Procedure 37(a) for an order compelling Defendants and Counterclaim-Plaintiffs Samsung Electronics Co. Ltd., Samsung Electronics America, Inc. and Samsung Telecommunications America, LLC (collectively, "Samsung") to complete production of three categories of documents by January 23, 2012:  (1) documents from the files of Samsung's named inventors; (2) documents relating to Samsung's participation in standards-setting organizations ("SSOs"); and (3) documents relating to patent license negotiations.

In accordance with Local Rule 37-1(a), Apple certifies that it has attempted to meet and confer with counsel for Samsung in good faith to resolve these disputes without Court intervention, but those efforts have been unsuccessful.  *See* Sections III(C) and (D), IV(A)(2), and V(A), *infra*, as well as the accompanying declaration of Samuel J. Maselli.  The parties further held a lead counsel in-person meeting on January 5, 2012, where they were unable to resolve these issues.[1]

This motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities in support thereof, the Declaration of Samuel Maselli, and any other matters properly before the Court.

---

[1] On the afternoon of January 10, 2012, as Apple was finalizing this Motion, Samsung indicated for the first time in an e-mail that it would agree to supplement its productions relating to SSO's and patent licensing negotiations, and stated that it would send a letter later in the day with further details.  At 7:45 pm Pacific on January 10, 2012, Samsung sent Apple proposals regarding the production of SSO and license negotiation documents that called for a narrower scope of production in these areas than sought by Apple.  (Declaration of Samuel J. Maselli ("Maselli Decl."), Ex EE.)  For the reasons discussed herein, these proposals are not acceptable to Apple, and thus Apple has filed this Motion on this date pursuant to the Stipulation of the parties to an expedited briefing schedule for motions to compel.  Apple will review any future offers to compromise from Samsung, and will promptly advise the Court if any issues addressed in this Motion have been mooted.

APPLE INC.'S NOTICE OF MOTION AND MOTION TO COMPEL DISCOVERY RELATING TO APPLE'S AFFIRMATIVE DEFENSES AND COUNTERCLAIMS
Case No. 11-cv-01846 (LHK)

iv

## RELIEF REQUESTED

Pursuant to Federal Rule of Civil Procedure 37 and Patent Local Rule 3-4, Apple seeks an order compelling Samsung to produce three discrete categories of highly relevant documents: (1) complete its production of documents from its inventor files; (2) ETSI and 3GPP related documents; and (3) patent license and licensing negotiation related documents.  Samsung should complete its production of these documents by January 23, 2012.

## STATEMENT OF ISSUES TO BE DECIDED

1.      Whether Samsung should be compelled to complete production of documents from its inventor files by January 23, 2012, after those files have been collected in a thorough and forensically-sound manner, and after searches of electronic files are performed using appropriate search terms, including Korean-language terms (the native language of most of the named inventors).

2.      Whether Samsung should be compelled to complete its production of documents related to its participation in ETSI and the 3GPP by January 23, 2012.

3.      Whether Samsung should be compelled to complete production of documents related to patent licenses and license negotiations (whether resulting in a contract or not) covering patents declared essential to wireless standards by January 23, 2012.

## APPLE'S CIVIL L.R. 37-2 STATEMENT

Pursuant to Local Rule 37-2, the Apple document requests at issue in this Motion and Samsung's responses thereto are set forth below:[2]

**THIRD SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 69:**

All engineering notebooks, laboratory notebooks, records, logs, files, and electronically stored information generated at or by the direction of any of the Samsung Named Inventors, and all engineering notebooks, laboratory notebooks, records, logs, files, and electronically stored

---

[2] They are also attached as Exhibits A and B to the Declaration of Samuel J. Maselli in Support of Motion to Compel Production of Documents and Things (the "Maselli Decl.").

APPLE INC.'S NOTICE OF MOTION AND MOTION TO
COMPEL DISCOVERY RELATING TO APPLE'S
AFFIRMATIVE DEFENSES AND COUNTERCLAIMS
Case No. 11-cv-01846 (LHK)

v

1    information in which any of the Samsung Named Inventors made any entries that pertain in any

2    way to any of the Samsung Patents-In-Suit or the subject matter disclosed or claimed therein.

3    **RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

4         In addition to its Objections and Responses Common to All Requests for Production,

5    which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

6    seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

7    work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any

8    other applicable privilege or immunity. Samsung further objects to the Request to the extent it is

9    unduly burdensome, and/or would require undue expense to answer. Samsung further objects the

10   Request as vague and ambiguous. For example, the terms "generated at or by the direction of"

11   and "subject matter" is vague and ambiguous. Samsung further objects to the Request as

12   overbroad in that it is not limited to any reasonable time period and seeks documents and things

13   from time periods not at issue in this litigation. Samsung further objects to the Request as

14   duplicative of Apple's Request For Production Nos. 64, 65, 66. Samsung further objects to the

15   Request to the extent it seeks documents that are not within the possession, custody, or control of

16   Samsung. Samsung further objects to the Request to the extent it seeks documents equally or

17   more readily available to Apple than to Samsung. Samsung further objects to the Request to the

18   extent the requested documents are publicly available. Samsung further objects to the Request as

19   premature to the extent it seeks documents and things inconsistent with the timeframes set forth

20   in the Northern District of California Patent Local Rules.

21        Subject to these objections, Samsung will produce relevant, non-privileged documents

22   within its possession, custody, or control, if any, after conducting a reasonable search in

23   accordance with the Patent Local Rules.

24   **THIRD SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 72:**

25        All documents relating to the contribution of each of the Samsung Named Inventors to

26   the Samsung Patents-In-Suit.

27

28

APPLE INC.'S NOTICE OF MOTION AND MOTION TO
COMPEL DISCOVERY RELATING TO APPLE'S
AFFIRMATIVE DEFENSES AND COUNTERCLAIMS
Case No. 11-cv-01846 (LHK)

vi

**RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly burdensome, and/or would require undue expense to answer. Samsung further objects the Request as vague and ambiguous. For example, the term "contribution" is vague and ambiguous. Samsung further objects to the Request as duplicative of Apple's Request For Production Nos. 64, 65, 66, 69, 70, and 71. Samsung further objects to the Request to the extent it seeks documents that are not within the possession, custody, or control of Samsung. Samsung further objects to the Request to the extent it seeks documents equally or more readily available to Apple than to Samsung. Samsung further objects to the Request to the extent the requested documents are publicly available. Samsung further objects to the Request to the extent it calls for a legal conclusion.

Subject to these objections, Samsung will produce relevant, non-privileged documents within its possession, custody, or control, if any, after conducting a reasonable search in accordance with the Patent Local Rules.

**THIRD SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 73:**

All documents sent to or from any of the Samsung Named Inventors relating to the Samsung Patents-In-Suit, the prosecution of the Samsung Patents-In-Suit, and/or the subject matter of any claim of the Samsung Patents-In-Suit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any

other applicable privilege or immunity. Samsung further objects to the Request to the extent it is

unduly burdensome, and/or would require undue expense to answer. Samsung further objects to

the Request as duplicative of Apple's Request For Production Nos. 64, 65, 66, 69, 70, 71, and

72. Samsung further objects to the Request to the extent it seeks documents that are not within

the possession, custody, or control of Samsung. Samsung further objects to the Request to the

extent it seeks documents equally or more readily available to Apple than to Samsung. Samsung

further objects to the Request to the extent the requested documents are publicly available.

Samsung further objects to the Request as premature to the extent it seeks documents and things

inconsistent with the timeframes set forth in the Northern District of California Patent Local

Rules.

Subject to these objections, Samsung is willing to meet and confer with Apple about the

relevance and scope of the information sought by this request.

**THIRD SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 79:**

All documents, whether published or not, constituting or relating to writings,

publications, abstracts, papers, presentations, memoranda, reports, or speeches authored or given

by or for Samsung or any of the Named Inventors relating to the subject matter disclosed or

claimed in any of the Samsung Patents-In-Suit, including without limitation such documents

provided to SSOs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 79:**

In addition to its Objections and Responses Common to All Requests for Production,

which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any

other applicable privilege or immunity. Samsung further objects to the Request to the extent it is

unduly burdensome, and/or would require undue expense to answer. Samsung further objects the

Request as vague and ambiguous. For example, the term "subject matter" is vague and

ambiguous. Samsung further objects to the Request as overbroad in that it is not limited to any

1  reasonable time period and seeks documents and things from time periods not at issue in this

2  litigation. Samsung further objects to the Request to the extent it seeks documents equally or

3  more readily available to Apple than to Samsung. Samsung further objects to the Request to the

4  extent the requested documents are publicly available. Samsung further objects to the Request as

5  premature to the extent it seeks documents and things inconsistent with the timeframes set forth

6  in the Northern District of California Patent Local Rules.

7          Subject to these objections, Samsung is willing to meet and confer with Apple about the

8  relevance and scope of the information sought by this request.

9  **THIRD SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 119:**

10         All documents concerning or comprising licenses of or agreements to license any IPR

11  related to any of the Defined Wireless Standards, including without limitation licenses of such

12  IPR from Samsung to third parties and licenses of such IPR from third parties to Samsung.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 119:**

14         In addition to its Objections and Responses Common to All Requests for Production,

15  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

16  seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

17  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any

18  other applicable privilege or immunity. Samsung further objects to the Request to the extent it is

19  unduly burdensome, and/or would require undue expense to answer. Samsung further objects the

20  Request as vague and ambiguous. For example, the term "IPR" is vague and ambiguous.

21  Samsung further objects to the Request as overly burdensome for its use of the term "Defined

22  Wireless Standards."  Samsung further objects to the Request to the extent it seeks documents

23  that are not within the possession, custody, or control of Samsung. Samsung further objects to

24  the Request to the extent it seeks documents equally or more readily available to Apple than to

25  Samsung. Samsung further objects to the Request to the extent the requested documents are

26  publicly available. Samsung further objects to the Request to the extent it seeks documents

27

28

APPLE INC.'S NOTICE OF MOTION AND MOTION TO
COMPEL DISCOVERY RELATING TO APPLE'S
AFFIRMATIVE DEFENSES AND COUNTERCLAIMS
Case No. 11-cv-01846 (LHK)

ix

1  containing confidential third party information, including information subject to a non-disclosure

2  or other agreement between Samsung and a third party.

3       Subject to these objections, Samsung will produce relevant, non-privileged documents

4  within its possession, custody, or control, if any, after conducting a reasonable search in

5  accordance with the Patent Local Rules.

6  **THIRD SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 120:**

7       All documents relating to the negotiation of any license of or agreement to license any

8  technology allegedly Essential to any Defined Wireless Standards, including without limitation,

9  documents reflecting discussions between the parties, licensing presentations, claim charts, and

10  documents identifying the Samsung personnel who negotiated or authorized any such licenses or

11  license agreement.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 120:**

13       In addition to its Objections and Responses Common to All Requests for Production,

14  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

15  seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

16  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any

17  other applicable privilege or immunity. Samsung further objects to the Request to the extent it is

18  unduly burdensome, and/or would require undue expense to answer. Samsung further objects the

19  Request as vague and ambiguous. For example, the term "IPR" is vague and ambiguous.

20  Samsung further objects to the Request as overbroad in that it is not limited to any reasonable

21  time period and seeks documents and things from time periods not at issue in this litigation.

22  Samsung further objects to the Request as overly burdensome for its use of the term "Defined

23  Wireless Standards."  Samsung further objects to the Request to the extent it seeks documents

24  that are not relevant to the claims or defenses of any party and/or not reasonably calculated to

25  lead to the discovery of admissible evidence. Samsung further objects to the Request to the

26  extent it seeks documents that are not within the possession, custody, or control of Samsung.

27  Samsung further objects to the Request to the extent it seeks documents equally or more readily

28

1    available to Apple than to Samsung. Samsung further objects to the Request to the extent the

2    requested documents are publicly available. Samsung further objects to the Request to the extent

3    it seeks documents containing confidential third party information, including information subject

4    to a non-disclosure or other agreement between Samsung and a third party.

5         Subject to these objections, Samsung is willing to meet and confer with Apple about the

6    relevance and scope of the information sought by this request.

7    **THIRD SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 137:**

8         All documents relating to technical proposals, responses to others' technical proposals,

9    reports, change requests, responses to others' change requests, emails or other communications,

10   related to any Samsung technology, that were submitted or sent by Samsung to a working group

11   or body operating under the auspices of any of the Defined Wireless SSOs, or were received by

12   or sent to Samsung by a participant in such a Defined Wireless SSO working group or body.

13   **RESPONSE TO REQUEST FOR PRODUCTION NO. 137:**

14        In addition to its Objections and Responses Common to All Requests for Production,

15   which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

16   seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

17   work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any

18   other applicable privilege or immunity. Samsung further objects to the Request to the extent it is

19   unduly burdensome, and/or would require undue expense to answer. Samsung further objects to

20   the Request as overbroad in that it is not limited to any reasonable time period and seeks

21   documents and things from time periods not at issue in this litigation. Samsung further objects to

22   the Request to the extent it seeks documents that are not relevant to the claims or defenses of any

23   party and/or not reasonably calculated to lead to the discovery of admissible evidence. Samsung

24   further objects to the Request as vague, ambiguous, and overly burdensome for its use of the

25   terms "any Samsung technology," "body operating under the auspices of any of the Defined

26   Wireless SSOs" and "Defined Wireless SSOs" Samsung further objects to the Request to the

27   extent it seeks documents that are not within the possession, custody, or control of Samsung.

28

APPLE INC.'S NOTICE OF MOTION AND MOTION TO
COMPEL DISCOVERY RELATING TO APPLE'S
AFFIRMATIVE DEFENSES AND COUNTERCLAIMS
Case No. 11-cv-01846 (LHK)

xi

1  Samsung further objects to the Request to the extent it seeks documents equally or more readily

2  available to Apple than to Samsung. Samsung further objects to the Request to the extent the

3  requested documents are publicly available. Samsung further objects to the Request to the extent

4  it seeks documents containing confidential third party information, including information subject

5  to a non-disclosure or other agreement between Samsung and a third party.

6      Subject to these objections, Samsung is willing to meet and confer with Apple about the

7  relevance and scope of the information sought by this request.

8  **THIRD SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 142:**

9      All documents relating to Samsung's identification, disclosure, or notification to any of

10  the Defined Wireless SSOs of any of Samsung's technology as Essential or allegedly Essential to

11  any of the Defined Wireless Standards.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 142:**

13      In addition to its Objections and Responses Common to All Requests for Production,

14  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

15  seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

16  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any

17  other applicable privilege or immunity. Samsung further objects to the Request to the extent it is

18  unduly burdensome, and/or would require undue expense to answer. Samsung further objects to

19  the Request as overbroad in that it is not reasonably limited as to the scope of documents and

20  things it seeks. Samsung further objects to the Request as overbroad in that it is not limited to

21  any reasonable time period and seeks documents and things from time periods not at issue in this

22  litigation. Samsung further objects to the Request as overly burdensome for its use of the overly

23  broad terms "Defined Wireless SSOs," "Samsung's Alleged Essential Technology," and

24  "Defined Wireless Standards." Samsung further objects to the Request to the extent it seeks

25  documents that are not relevant to the claims or defenses of any party and/or not reasonably

26  calculated to lead to the discovery of admissible evidence.

27

28

APPLE INC.'S NOTICE OF MOTION AND MOTION TO
COMPEL DISCOVERY RELATING TO APPLE'S
AFFIRMATIVE DEFENSES AND COUNTERCLAIMS
Case No. 11-cv-01846 (LHK)

xii

Subject to these objections, Samsung will produce relevant, non-privileged documents within its possession, custody, or control, if any, after conducting a reasonable search in accordance with the Patent Local Rules.

**THIRD SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 144:**

All documents relating to Samsung's understanding of, and compliance with, any IPR practice, policy, or procedure of any of the Defined Wireless SSOs to disclose Essential IPR during the standardization process of any of the Defined Wireless Standards.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 144:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly burdensome, and/or would require undue expense to answer. Samsung further objects the Request as vague and ambiguous. For example, the term "Samsung's understanding of, and compliance with," is vague and ambiguous. Samsung further objects to the Request as overbroad in that it is not reasonably limited as to the scope of documents and things it seeks. Samsung further objects to the Request as overbroad in that it is not limited to any reasonable time period and seeks documents and things from time periods not at issue in this litigation. Samsung further objects to the Request to the extent it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence. Samsung further objects to the Request as overly burdensome for its use of the overly broad terms "Defined Wireless SSOs" and "Essential IPR" and "Defined Wireless Standards."

Subject to these objections, Samsung will produce relevant, non-privileged documents within its possession, custody, or control, if any, after conducting a reasonable search in accordance with the Patent Local Rules.

## APPLE'S CERTIFICATION PURSUANT TO FED. R. CIV. P. 37(A)(1)

Apple hereby certifies that it has in good faith conferred with Samsung in an effort to obtain the discovery described immediately above without Court action. Apple has held multiple meet-and-confer teleconferences with Samsung without resolution, and was also unable to resolve these discovery disputes during the lead counsel in-person meeting held January 5, 2012. Apple's efforts to resolve these discovery disputes without court intervention are described in Sections III(C) and (D), IV(A)(2), and V(A), *infra*, and in the Declaration of Samuel J. Maselli in Support of Motion to Compel Production of Documents and Things (the "Maselli Decl.") and exhibits attached thereto, submitted concurrently herewith.

Dated:  January 10, 2012

/s/ Mark D. Selwyn
Mark D. Selwyn
WILMER CUTLER PICKERING
   HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California  94304
Telephone:  (650) 858-6000
Facsimile:   (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant Apple Inc.

APPLE INC.'S NOTICE OF MOTION AND MOTION TO
COMPEL DISCOVERY RELATING TO APPLE'S
AFFIRMATIVE DEFENSES AND COUNTERCLAIMS
Case No. 11-cv-01846 (LHK)

xiv

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.    INTRODUCTION.

3

Despite the issuance of applicable discovery requests in August, Samsung has not made a

4

meaningful production of several categories of key documents as detailed below.  Nor is

5

Samsung willing to commit to making a complete production by a date certain.  Given the

6

looming March 8, 2012 fact discovery cut-off, it is essential that Samsung complete its

7

production on a timely basis so that Apple can have sufficient time to review the documents,

8

prepare for depositions, and conduct other necessary follow-up discovery.  Accordingly, Apple

9

hereby moves for an order compelling Samsung to complete its production of these documents

10

by January 23, 2012.

11

## II.   LEGAL STANDARD.

12

Parties "may obtain discovery regarding any nonprivileged matter that is relevant to any

13

party's claim or defense[.]"  *See* Fed. R. Civ. P. 26(b)(1).  Information may be discoverable,

14

even if not admissible at trial, "if the discovery appears reasonably calculated to lead to the

15

discovery of admissible evidence."  *See id.*  Further, "a party may move for an order compelling

16

disclosure or discovery."  *See* Fed. R. Civ. P. 37(a)(1); *see also Kilopass Tech., Inc. v. Sidense*

17

*Corp.*, No. C 10-92966, 2011 U.S. Dist. LEXIS 65610, at *3-5 (N.D. Cal. June 21, 2011);

18

*Genentech, Inc. v. Trs. of the Univ. of Pa.*, No. C 10-02037, 2011 U.S. Dist. LEXIS 64432, at *5

19

(N.D. Cal. June 16, 2011); *Del Campo v. Kennedy*, 236 F.R.D. 454, 457-58 (N.D. Cal. 2006).

20

In general, discovery of relevant evidence may be limited only when the "burden or

21

expense of the proposed discovery outweighs its likely benefit, considering the needs of the case,

22

the amount in controversy, the parties' resources, the importance of the issues at stake in the

23

action, and the importance of the discovery in resolving the issues."  *See* Fed. R. Civ. P.

24

26(b)(2)(C)(iii).  When there is doubt about relevance, a court should tend toward permitting

25

discovery.  *See, e.g.*, *Heat & Control, Inc. v. Hester Indus., Inc.*, 785 F.2d 1017, 1024 (Fed. Cir.

26

1986) ("[T]he court must be careful not to deprive a party of discovery that is reasonably

27

necessary to afford a fair opportunity to develop and prepare the case.") (quoting Fed. R. Civ. P.

28

APPLE INC.'S NOTICE OF MOTION AND MOTION TO
COMPEL DISCOVERY RELATING TO APPLE'S
AFFIRMATIVE DEFENSES AND COUNTERCLAIMS
Case No. 11-cv-01846 (LHK)

1

1  26(b)(1), Advisory Committee Notes, 1983 Amendment).

2      In addition to the obligation to provide relevant discovery, parties must do so in a manner

3  that facilitates the orderly discovery process. *See Multiven, Inc. v. Cisco Sys., Inc.*, No. 5:08-cv-

4  05391 JW (HRL), 2010 U.S. Dist. LEXIS 71221, *5-*6 (N.D. Cal. July 9, 2010) (directing a

5  Special Master to assist with the production of documents "with enough time before the close of

6  discovery to allow Cisco time to actually do anything with them"); *Johnson & Johnson, v. R.E.*

7  *Service Co. Inc.*, No. C 03-2549 SBA (JL), 2004 U.S. Dist. LEXIS 26973, *7 (N.D. Cal. Nov. 2,

8  2004) (ordering expedited production of documents to allow the requesting party sufficient time

9  to prepare for fact witness depositions).

10 **III.    THE COURT SHOULD ORDER SAMSUNG TO COMPLETE ITS
         PRODUCTION OF INVENTOR DOCUMENTS BY JANUARY 23, 2012.[3]**

11

12      **A.    Background.**

13      Pursuant to the Court's scheduling order, Samsung was required to make its inventors

14 available for deposition before December 1, 2011.  Necessarily, Samsung should have made a

15 complete production of all responsive materials from the files of those inventions in advance of

16 their depositions.  Though Samsung did produce some documents prior to the depositions, it

17 became apparent from the paucity of the productions and from the testimony of the inventors that

18 Samsung did not conduct an adequate collection of documents from its inventors' files.  Instead,

19 it is evident that Samsung's attorneys placed the burden of locating relevant documents, and

20 conducting electronic searches for documents, on the Samsung inventors themselves.  Multiple

21 inventors testified to the myriad, and unregulated, ways in which they conducted their self-

22 searches.  Further, once Apple received the "transparency disclosures" which set forth the search

23 terms used by Samsung to search its inventors' files, Apple became aware of additional

24 deficiencies in Samsung's inventor document collection and production.  Not surprisingly, their

25 searches often resulted in very few responsive documents being produced from their files.

26

27 ---
[3] The documents discussed in this section are responsive to one or more of the following
Requests for Production: Nos. 69, 72, 73, 79.

28

Indeed, Samsung's custodial metadata supplied along with its productions indicates that there have been *zero* documents produced from the files of 15 of its 32 inventors, and just a handful of documents produced for several others.  The total number of documents produced from inventors is 2,354, broken down by inventor as follows:

| Samsung Inventor | Number of Documents Produced from Inventor's Files |
| --- | --- |
| Youn-Hyoung Heo | 0 |
| Ju-Ho Lee | 663 |
| Joon-Young Cho | 175 |
| Young-Bum Kim | 85 |
| Yong-Jun Kwak | 125 |
| Soeng-Hun Kim | 293 |
| Gert-Jan Van Lieshout | 129 |
| Himke Van Der Velde | 152 |
| Jae-Yoel Kim | 68 |
| Hee-Won Kang | 0 |
| Hun-Kee Kim | 38 |
| Gin-Kyn Choi | 0 |
| Jae-Seung Yoon | 5 |
| Noh-Sun Kim | 12 |
| Jun-Sung Lee | 0 |
| Yong-Suk Moon | 0 |
| Hye-Young Lee | 0 |
| Se-Hyoung Kim | 0 |
| Min-Goo Kim | 309 |
| Beong-Jo Kim | 0 |
| Soon-Jae Choi | 11 |
| Chang-Soo Park | 157 |
| Joong-Ho Jeong | 0 |
| Hyeon-Woo Lee | 91 |
| Young-Hwan Lee | 0 |
| Pyung-soo Kim | 0 |
| Hyuk-soo Son | 0 |
| Sung-ho Eun | 0 |
| Jae-Min Kim | 0 |

APPLE INC.'S NOTICE OF MOTION AND MOTION TO
COMPEL DISCOVERY RELATING TO APPLE'S
AFFIRMATIVE DEFENSES AND COUNTERCLAIMS
Case No. 11-cv-01846 (LHK)

3

| Samsung Inventor | Number of Documents Produced from Inventor's Files |
|---|---|
| Jeong-Seok Oh | 0 |
| Sang-Ryul Park | 17 |
| Moon-Sang Jeong | 24 |
| TOTAL DOCUMENTS | 2354 |

(Maselli Decl. at ¶ 4.)

Apple has asked Samsung to remedy the deficiencies in its inventor collection methodology and search terms on multiple occasions, and Samsung has refused, including at the lead counsel in-person meeting between the parties.  Accordingly, Apple seeks an order directing Samsung to remedy these deficiencies on an expedited basis by conducting a thorough and comprehensive collection of documents from its inventor files, and then making complete production of relevant documents from those files (using a complete set of search terms).

**B.    Samsung's Inventor Documents Are Relevant and Discoverable.**

There can be no doubt that documents from the files of the named inventors of the Samsung patents-in-suit are relevant and discoverable.  Such documents likely describe the conception and reduction to practice of the asserted patents, and may be relevant to potential inequitable conduct claims.  To the extent that inventors participated in activities before SSOs, there may also be documents in the inventors' files that bear on Apple's counterclaims stemming from Samsung's SSO-related activities.  *See* Section IV *supra*.  Samsung itself has acknowledged the relevance of inventor files in its Motion to Compel Production of Documents and Things and Responsive Answers to Propounded Discovery ("Samsung's Motion to Compel"), filed December 12, 2011 (Dkt. 483), in which it argued that materials in Apple inventor files were "obviously central to the issues in this action, including anticipation, obviousness . . ."  *See* Samsung's Motion to Compel, p. 15.

Pursuant to this Court's Local Rules, a motion to compel must "show how the proportionality and other requirements of Fed. R. Civ. P. 26(b)(2) are satisfied."  *See* Civil L. R.

APPLE INC.'S NOTICE OF MOTION AND MOTION TO
COMPEL DISCOVERY RELATING TO APPLE'S
AFFIRMATIVE DEFENSES AND COUNTERCLAIMS
Case No. 11-cv-01846 (LHK)

4

37-2.  The proportionality requirement of Local Rule 37-2 is easily satisfied here, as the burden

on Samsung in producing the requested documents does not outweigh the probative value.

These documents are plainly relevant.  Additionally, there is no legitimate dispute that Samsung

has the resources to produce these documents on a timely basis, particularly given that Samsung

has already agreed to produce relevant, non-privileged documents.

### C.      Samsung's Manner of Collecting from Its Inventors Was Deficient.

The deposition testimony from Samsung's named inventors confirms that Samsung's

counsel placed undue reliance on its inventors to search for, identify, and collect documents from

their own files, which they have appeared to have done, at best, in an incomplete and non-

systematic fashion.  For example:

- Dr. Cho ('516 Patent inventor) testified that he conducted a search for documents for "responsive technology or relevant subject matters" and that he "knew to look for those based on my review of the title and abstract of the patent '516." (Maselli Decl., Ex. C (Cho Tr. at 83:5-9.))  This search yielded one document, which was an attachment to an Outlook email.  (*See id.* at 82:14-20.)  Dr. Cho further testified that he was not asked to look for documents relating to his participation in the 3GPP working group.  (*See id.* at 79:23-80:1.)  Dr. Cho testified that he conducted a second search using Windows Explorer.  (*See id.* at 84:9- 85:9.)

- Dr. Yoon ('792 Patent inventor) testified that he conducted a search for documents using "key words" provided to him by counsel.  (*See* Maselli Decl., Ex. D (Yoon Tr. at 35:13-15 ("upon receiving the request for a document search, I submitted search results").))  He testified that he also conducted his search using Windows Explorer.  (*See id.* at 59:14-21.)  This search method did not include a search of his emails.  (*See id.* at 60:19-22.)  Dr. Yoon further testified that his self-search located over 10 responsive documents.  (*See id.* at 46:25-48:5.)  Dr. Yoon further testified that on December 1, 2011, he learned from counsel that he needed to modify his search method.  (*See id.* at 61:18-62:2.)  He then used the "start window" to perform a revised search.  (*See id.* at 59:14-21.)  Upon implementing this new search method, he testified that he identified at least ten more documents not found using the original search method.  (*See id.* at 55:17-56:11 ("There were some additional documents identified with a second method so I submitted those additional documents").)  Responsive e-mails were also found.  (*See id.* 49:15-16 ("There were results out of emails").)  However, on December 2, 2011, Samsung produced only two additional documents (plus source code) from the custody of Dr. Yoon.  To date Samsung has not produced any of Dr. Yoon's e-mails.

- Dr. Lee ('516 Patent inventor) testified that his initial search for documents involved using keywords to search Windows Explorer.  (*See* Maselli Decl., Ex. E (Juho Lee Tr. at 71:12-24).)  Dr. Lee further testified that, after meeting with Samsung's counsel, he "found that I had not properly searched my e-mails during my search for documents." (*See id.* at 155:19-21.)  At that time, he turned over all his emails from 2003 through 2008 to counsel.  (*Id.* at 156:12-15.)

APPLE INC.'S NOTICE OF MOTION AND MOTION TO
COMPEL DISCOVERY RELATING TO APPLE'S
AFFIRMATIVE DEFENSES AND COUNTERCLAIMS
Case No. 11-cv-01846 (LHK)

5

- Mr. Van Lieshout ('941 Patent inventor) testified that he and fellow named inventor Himke Van Der Velde were both asked to conduct self-guided searches for responsive documents the week before their depositions.  (*See* Maselli Decl., Ex. F (Van Lieshout Tr. at 108:19-113:11).)  Mr. Van Lieshout further testified that only after he and Mr. an Der Velde "r[a]n out time," their hard disks were copied and provided to counsel.  (*See id.* at 110:22-111:3.)  After Mr. Van Lieshout's deposition, 3GPP "to do" lists were produced by Samsung.

- Mr. Oh ('460 Patent inventor) testified that he conducted a search for documents using "key words" provided to him by counsel, and by "sifting through" certain folders located on his work computer. (*See* Maselli Decl., Ex. G (Oh Tr. at  17:17-18:13).)  Mr. Oh further testified that his self-search located no responsive documents. (*See id.* at 18:14-15.)  Samsung did not identify Mr. Oh as a custodian of any documents produced prior to his deposition.

In response to these and other revelations from the inventor depositions, Apple requested more information about the manner in which Samsung conducted its searches. Apple sent Samsung letters on December 2 and 6 raising concerns it had with Samsung's collection of inventor documents.  (*See* Maselli Decl., Ex. H (Dec. 2 Letter Maselli to Kassabian); *Id.*, Ex. I (Dec. 6 Letter Maselli to Kassabian).)  In these letters, Apple requested the following specific information:

(i)  Were additional searches of the files of these witness conducted in addition to the self-searches described in their depositions?  If the answer is yes, provide details regarding the searching that was performed (including, for each witness, a description of which hard-copy documents and electronic depositories were searched, whether e-mails (and attachments to e-mails) were searched, and the search terms utilized);

(ii)  Whether the self-searching methodology described in the aforementioned testimony has been the standard method employed by Samsung in its search for and collection of custodial documents from inventors still employed by Samsung; and

(iii)  Provide a description of the inventor self-searches, including, for each witness, (a) explain whether the witness searched for both hard-copy and electronic documents, (b) list the electronic repositories that were searched (e.g., desk-top computer, lap-top computer, external hard-drives, shared-drives, dedicated servers, etc.), (c) for each repository searched, provide a list of the search terms employed and an explanation how the contents of the repository were searched (e.g., were searches conducted of document metadata only? Were searches conducted of the content of all the documents in the repository? Were searches conducted of the content of only some of the documents in the repository (e.g., Word documents searched, PDF's not  searched?, etc.), and (d) explain whether the witness searched any repositories containing e-mail, and, if so, whether the search of the repository included a search of e-mail attachments.

APPLE INC.'S NOTICE OF MOTION AND MOTION TO COMPEL DISCOVERY RELATING TO APPLE'S AFFIRMATIVE DEFENSES AND COUNTERCLAIMS
Case No. 11-cv-01846 (LHK)

6

1   Apple continued to follow up on the issue of the deficiency of Samsung's inventor collection in

2   letters and during meet-and-confer teleconferences as well as the in-person lead counsel meeting.

3   (Maselli Dec., Ex. Z (Dec. 5 Letter Mazza to Kassabian); *Id.*, Ex. AA (Dec. 24 Letter Mazza to

4   Hutnyan).)  In response to these inquiries, Samsung asserted that its collections were sufficient,

5   but failed to provide the information requested above.  (*See* Maselli Decl., Ex. J (Dec. 6 Letter

6   Jenkins to Maselli); *Id.*, Ex. K (Dec. 20 Letter Jenkins to Maselli).)  Nor has Samsung provided

7   any details regarding any additional searches performed beyond the inventors' "self-searches."

8        This manner of unguided self-searching is clearly insufficient.  *See Play Visions, Inc. v.*

9   *Dollar Tree Stores, Inc.*, No. C09-1769, 2011 WL 2292326, at *6 (W.D. Wash. June 8, 2011)

10  (imposing sanctions for, among other reasons, "counsel's failure to assist and guide his client's

11  production of discovery responses."); *Wachtel v. Health Net, Inc.*, 239 F.R.D. 81, 82 (D.N.J.

12  2006) (granting sanctions where defendant "relied on the specified business people within the

13  company to search and turn over whatever documents they thought were responsive, without

14  verifying that the searches were sufficient"); *Jones v. Bremen High School District 228*, No. 08

15  C 3548, 2010 WL 2106640, at *7 (N.D. Ill. May 25, 2010) (finding unreasonable that defendant

16  directed employees "to search their own email without help from counsel" and allowed them "to

17  make the decision about the relevance of such documents, especially when those same

18  employees have the ability to permanently delete unfavorable email from a party's system.").

19  "Most non-lawyer employees . . . do not have enough knowledge of the applicable law to

20  correctly recognize which documents are relevant to a lawsuit and which are not."  *Jones*, 2010

21  WL 2106640, at *7.  Samsung's reliance on inventor self-searching is particularly suspect here

22  because several of the inventors in question are expressly accused of misconduct before SSOs in

23  Apple's amended counterclaims in reply (*see* Section IV(A) below), and, as such, Samsung's

24  counsel is improperly relying on these inventors to turn over evidence of their own misconduct.

25  *See id.* (finding it improper for a party's employees "to make the decision about the relevance of

26  such documents, especially when those same employees have the ability to permanently delete

27  unfavorable email from a party's system").  Accordingly, the Court should order Samsung to

28

conduct new, systematic searches for responsive documents, under the guidance of counsel with the search terms described in Section III(D) below, and to produce the responsive documents by January 23, 2012.

**D.    The Search Terms Used by Samsung to Search Its Inventors' Files Are Insufficient.**

The overly narrow search terms employed to by Samsung to search the files of its named inventors (identified by Samsung in its "transparency disclosures" of December 1, 2011) are a further deficiency in its inventor production.  The searches employed by the inventors are deficient in at least the following respects:

- **No Searches for Two of the Asserted Patents:** No searches have been conducted whatsoever for two of Samsung's asserted patents, the '055 and '871 patents. Instead, Samsung claims those searches will be conducted at some undefined future time.

- **No Searches Using Korean Search Terms:** According to the disclosures served by Samsung on December 1, with the exception of the single term ("interleaver"), no Korean language search terms were run for any of the inventors' electronic files.  (Maselli Decl., Ex. L.)  Since nearly all of the inventors are native Korean speakers (and indeed were deposed through a Korean translator), it is logical to assume that many, if not most, responsive documents are likely to be in Korean.[4]

- **Inadequate Searches Employing SSO-Related Search Terms:** Despite the fact that many of the inventors were involved in Samsung's activities before standards setting organizations, Samsung did not search most inventor files using SSO-related terms.

- **Inadequate Searches Using Patent-Specific Search Terms**:  The search terms for ten of Samsung's asserted patents (the '711, '460, '893, '516, '001, '941, '604, '410, '792, and '867 patents) fail to include either obviously-relevant and patent-specific terms, or commonly-used variants of patent-specific terms.

Apple identified these deficiencies by letter dated December 13, 2011, and included in its correspondence a set of supplemental search terms which Apple believed would remedy these deficiencies and lead to a more complete production of responsive materials from the Samsung inventor files.  (Maselli Decl., Ex. M (Dec. 13, 2011 Letter Kolovos to Maroulis and

---

[4] In a letter dated January 6, Samsung asserted (for the first time) that "Korean equivalents of the search terms [were] applied to the inventors' files whenever it was necessary or appropriate." (Maselli Decl., Ex. N (Jan. 6 Letter Jenkins to Kolovos).) Given that this was inconsistent with the information in Samsung's December 1 disclosures, Apple asked Samsung to disclose which search terms other than "interleaver" (if any) were also run using an equivalent Korean term. (Maselli Decl., Ex. O (Jan. 7 E-Mail Kolovos to Jenkins).)  Samsung has not responded.

1   Kassabian).)  Though Samsung took several weeks to respond to Apple's letter, it did not agree

2   to supplement *any* of its searches using additional terms.  (Maselli Decl., Ex. N (Jan. 6, 2012

3   Letter Jenkins to Kolovos).)  Nor did Samsung agree at the lead counsel in-person meeting to use

4   any additional search terms.

5          Samsung's use of grossly insufficient search terms likely has limited its production to a

6   fraction of the responsive materials that should have been produced, and may explain the paucity

7   of Samsung's inventor production.  Accordingly, the Court should order Samsung to conduct

8   new searches of its inventor documents, once properly collected, using a more robust set of

9   search terms.  The search terms proposed by Apple are set forth in its proposed Order (which

10  tracks the search terms proposed by Apple in its correspondence with Samsung).

11  **IV.   THE COURT SHOULD ORDER SAMSUNG TO COMPLETE PRODUCTION OF
         DOCUMENTS REFLECTING ITS ACTIVITIES BEFORE STANDARDS**
12       **SETTING ORGANIZATIONS BY JANUARY 23, 2012.[5]**

13         **A.   Background.**

14         In this action, Samsung asserts that Apple infringes twelve patents, including seven

15  patents that Samsung has declared "essential" to the European Telecommunications Standards

16  Institute ("ETSI"), a leading wireless communications standards setting organization.  ETSI is

17  part of a telecommunications industry collaboration called the Third Generation Partnership

18  Project ("3GPP"); 3GPP has developed the UMTS (Universal Mobile Telecommunications

19  System) telecommunications standard.  Samsung has declared seven of the twelve patents that it

20  has asserted against Apple in this action as essential to the UMTS standard (the "declared-

21  essential patents").[6]

22         Apple's Amended Counterclaims in Reply (Dkt. 381), filed on November 8, 2011,

23  include affirmative defenses that Samsung's patents are unenforceable, and counterclaims

24  against Samsung for breach of contract, promissory estoppel, violation of the Sherman Act, and

25  _____

     [5] The documents discussed in this section are responsive to one or more of the following
26  Requests for Production: Nos. 137, 142, 144.

27  [6] The seven patents are U.S. Patent Nos. 7,447,516, 7,200,792, 6,928,604, 7,386,001, 7,050,410,
     7,675,941 and 7,362,867.

28

1    unfair competition under Cal. Bus. & Prof. Code.  Apple also seeks a declaration that Apple is

2    licensed to Samsung's declared-essential patents.[7]

3           Apple's Amended Counterclaims assert, *inter alia*, that Samsung deliberately and

4    deceptively failed to disclose to ETSI and 3GPP in a timely fashion the intellectual property

5    rights ("IPR") that Samsung now claims are essential to the UMTS standard, and that Samsung

6    delayed this disclosure in order to encourage the incorporation of Samsung's technologies into

7    the standard.  *See* Amended Counterclaims ¶¶ 44, 57.  In particular, Apple asserts that Samsung

8    personnel frequently participated in 3GPP working groups during the relevant timeframe (1999-

9    2005), championed Samsung's technical proposals, affirmatively steered the SSOs to adopt

10   Samsung's technical proposals, and then disclosed Samsung's IPR only *after* the relevant

11   standard or technical specification was finalized.  *Id.*  Apple's Amended Counterclaims provide

12   specific instances for each declared-essential patent where Samsung personnel (including named

13   inventors of the patents in suit) made presentations to 3GPP working groups in support of the

14   adoption of Samsung technology in the standard, without disclosing (as required by ETSI policy)

15   that Samsung *was already pursuing* patent protection for that technology.  *See id.* at ¶ 57(a)-(g).[8]

16           **1.     *Samsung Witness Testimony Establishes the Sources of Potentially***
17   ***Relevant Documents Regarding Samsung's Participation in Standards***
     ***Setting Organizations.***

18           To date, Apple has taken the depositions of twenty-four Samsung inventors, several of

19   whom were involved in presentations made by Samsung to 3GPP working groups.  Several of

20   these inventors testified about Samsung's involvement in ETSI and the development of the

21

22   _____

23   [7] These counterclaims were also all included in Apple's original Counterclaims in Reply filed on
     July 21.  Apple also seeks a declaratory judgment of non-infringement and invalidity for each

24   patent asserted by Samsung.

     [8] As further outlined in Apple's counterclaims, individuals at Samsung made false promises to
25   standards-setting organizations regarding the licensing of its standards-essential patents.
     Specifically, Samsung disclosed its asserted patents and falsely promised to license these patents

26   on fair, reasonable, and non-discriminatory ("FRAND") terms in declarations signed by various
     Samsung representatives. *See* Apple's Amended Counterclaims in Reply, ¶ 44 ("Samsung did

27   not intend to meet its FRAND commitments"); ¶ 47 (alleging Samsung's "intentional failure to
     disclose to the 3GPP that it would not offer to all UMTS implementers FRAND license terms").

28

UMTS standard, and further identified the groups within Samsung with responsibility in those areas.  These witnesses established at least the following about Samsung's participation in SSOs:

- Samsung has four teams located outside South Korea that are involved in standards-related work, including one in the United States.  (*See* Maselli Decl., Ex. P (Soeng-Hun Kim Tr. at 77:11-19, 77:23-78:1-12); *Id.*, Ex. E (Juho Lee Tr. at 106:21-107:1, 107:16-108:5).)

- Samsung has at least one team in Korea that performs standards-related work called the "standardization group."  (*Id.*, Ex. E (Juho Lee Tr. at 142:9-10).)  The "standardization group" includes individuals who work on "research and development of the technology related to the standardization concerning wireless communication."  (*Id.*, Ex. C (Joon Young Cho Tr. at 14:15-24).)  Standards related work in Korea is also done in the "Standards Group 1," "SII" and "standards research" or "standards research group" teams.  (*See id.*, Ex. P (Soeng-Hun Kim Tr. at 72:17-22,76:21-77:4); *Id.*, Ex. Q (Hyeon-Woo Lee Tr. at 12:24-13:7, 92:14-93:19).)

- There is a patent team within Samsung that is involved in the disclosure of IPR to standards bodies.  (*See, e.g.*, *id.*, Ex. P (Soeng-Hun Kim Tr. at 114:3-25); *Id.*, Ex. F (Van Lieshout Tr. at 51:18-52:1); *Id.*, Ex. Q (Hyeon-Woo Lee Tr. at 95:3-11, 95:24-:96:9).)

- There is an "understanding" that patent applications will be filed whenever a Samsung engineer develops technology that might be applicable to a standard and patentable.  (*See id.*, Ex. E (Juho Lee Tr. 111:8-14, 112:6-9).)

- It is also common practice at Samsung that patent applications will be filed *before* the technology disclosed in the application is disclosed to a standards body.  (*Id.*, Ex. P (Soeng-Hun Kim Tr. at 124:11-15 ("In Korea, if a patent is disclosed prior to the patent being filed, then you do not get your rights properly acknowledged.")); *see also id.*, Ex. Q (Hyeon Woo Lee Tr. 64:3-17, 86:8-15).)  For this reason, the filings of patent applications are often expedited when Samsung "is planning to propose at a standards meeting that certain technology be adopted as part of the standard."  (*Id.*, Ex. P (Soeng-Hun Kim Tr. at 39:12-19).)

- While Samsung inventors are commonly present in standards meetings and often participate in offering technology proposals, they often are not ultimately responsible for disclosing IPR to standards bodies.  (*Id.*, Ex. F (Van Lieshout Tr. 51:18-52:1; 73:24-74:20); *Id.*, Ex. R (Van Der Velde Tr. 70:2-22); *Id.*, Ex. Q (Hyeon-Woo Lee Tr. 95:3-11, 95:24-96:9).)  Samsung's inventors generally do not disclose Samsung's IPR to standards bodies when they propose that certain technology be adopted as part of the standard.  (*Id.*, Ex. Q (Hyeon-Woo Lee Tr. 96:10-17, 97:11-22); *Id.*, Ex. F (Van Lieshout Tr. 179:10-180:6); *Id.*, Ex. R (Van Der Velde Tr. 87:12-20, 102:7-103:23).)

- Timely internal reporting of 3GPP meetings is one of five targets that determines pay raises for at least some inventors.  (*See id.*, Ex. F (Van Lieshout Tr. at 88:23-89:3).)  Having a patent accepted into 3GPP specifications is a goal that contributes to bonus determinations.  (*See id.* (Van Lieshout Tr. at 85:5-86:4, 87:4-88:17); *Id.*, Ex. R (Van Der Velde Tr. at 117:10-118:14; 121:6-10).)

The testimony of Samsung's inventors further established that Samsung generates various internal reporting documents pertaining to its involvement in ETSI and the 3GPP.  These

APPLE INC.'S NOTICE OF MOTION AND MOTION TO
COMPEL DISCOVERY RELATING TO APPLE'S
AFFIRMATIVE DEFENSES AND COUNTERCLAIMS
Case No. 11-cv-01846 (LHK)

11

documents include, but are not limited to, internal reports concerning Samsung employees'

attendance at 3GPP meetings, meeting minutes and other documents prepared for or during

internal meetings held to improve proposals to be submitted to 3GPP standards meetings, draft

agendas, and draft proposals. (*See id.*, Ex. S (Young Bum Kim Tr. at 61:18-62:18, 82:14-83:14

(discussing documents prepared for internal meetings to improve proposals, including draft

proposals and agendas, and meeting minutes summarizing those meetings)); *Id.*, Ex. T (Kwak Tr.

at 62:3-9 (after attending 3GPP working group meetings, he "prepared some reports to describe

what activities occurred during those meetings.")); *Id.*, Ex. F (Van Lieshout Tr. at 87:4-6; 88:23-

89:3 (one of the five targets that determine pay raises is providing timely internal reports of

3GPP meetings "within two days after the meeting."))).)  All such documents are sought by

Apple's documents requests, reproduced above (in particular Request Nos. 137, 142, 144).

### 2. *Samsung Has Not Made a Complete Production Of Documents Relating to Its Participation in Standards Setting Organizations, and Has Not Committed to Remedy this Deficiency in a Timely Manner.*

The deposition testimony obtained by Apple to date confirms that Samsung's production

of documents relating to its participation in ETSI/3GPP is woefully inadequate, as it has

consisted mostly of publicly-available documents, as well as a limited production from certain

inventor files.  Samsung's SSO production is deficient in at least three ways:

- First, Samsung has not produced any policies or procedures (or equivalent documents) relating to Samsung's understanding of and/or compliance with ETSI and/or 3GPP disclosure requirements.

- Second, Samsung has not produced entire categories of documents related to its participation in ETSI and the 3GPP, including:  internal reports concerning Samsung employees' attendance at 3GPP meetings, meeting minutes and other documents prepared for or during internal meetings held to improve proposals to be submitted to 3GPP standards meetings, draft agendas, draft proposals, PowerPoint presentations, and email correspondence.

- Third, Samsung has not produced documents from the files of many witnesses likely to have discoverable SSO information.  Indeed, it appears that the *only* SSO documents produced by Samsung thus far bearing bates-numbers for this action have come from the files of inventors. But, as noted above, the inventor testimony makes plain that there are indisputably *many more individuals* at Samsung participating in SSO's and/or making determinations about what IPR to declare to SSOs.  (*See e.g.*, *id.*, Ex. R (Van Der Velde Tr. 32:1-13, 33:1-34:5 (individuals other than inventors attend internal working group planning meetings)); *Id.*, Ex. S (Young Bum Kim Tr. 79:16-80:12 (individuals involved in the internal review process for reviewing potential submissions to 3GPP included

APPLE INC.'S NOTICE OF MOTION AND MOTION TO COMPEL DISCOVERY RELATING TO APPLE'S AFFIRMATIVE DEFENSES AND COUNTERCLAIMS Case No. 11-cv-01846 (LHK)

12

"people who worked within the same department" and Samsung employees "who work on RAN 1")); *Id.*, Ex. E (Juho Lee Tr. at 105:20-106:15 (other Samsung delegates to working group 1 assisting with preparing, completing and submitting contributions to 3GPP)); *Id.*, Ex. P (Soeng-Hun Kim Tr. at 113:25-114:8 (patent prosecution team participates in process of disclosing IPR to standards organizations)); *Id.*, Ex. F (Van Lieshout Tr. at 51:18-52:1 (yearly meeting where "we go through what happened to our patents with respect to the standard with a patent engineer.  That's the process.  And then – then from there, there it stops for the standards engineer.  So the rest of the declaration is in the hands of the team, the patent team.")); *Id.*, Ex. Q (Hyeon-Woo Lee Tr. at 95:3-11, 95:24-96:9 ("the disclosure or statement is not actually made by the individual, say, researchers but in our case it is done by the patent-handling department")).)

While Samsung's production of SSO-related documents is thus plainly deficient, it has been unwilling to remedy this deficiency in a timely manner.  Apple sent letters detailing particular deficiencies in Samsung's SSO document production, and demanding a substantially complete production of SSO documents, on November 8, 15, 18, 20, 23, and December 5 and 24, 2011.  (*See id.*, at ¶ 15.)  In its responses, Samsung has refused to make a substantially complete production of SSO documents, including ETSI and 3GPP documents. (*See, e.g.*, *id.*, Ex. BB (Oct. 21 Letter Chan to Walden); *Id.*, Ex. CC (Nov. 20 Letter Kassabian to Maselli and Mazza).)  Instead, in a December 6, 2011 letter, Samsung stated that it "views these [SSO] documents as largely within the scope of the reciprocal agreement currently being negotiated between the parties . . . the scope of Samsung's production of these documents will depend on the parties' agreement."  (*See id.*, Ex. DD (Dec. 6 Letter Chan to Walden).)  The "reciprocal agreement" referred to by Samsung is a draft agreement the parties have been negotiating that would obligate both sides to produce particular categories of documents.  However, when Samsung proposed a "reciprocal" category for the production of SSO documents, it limited its proposal to *public documents directly disclosed to ETSI only*.[9]  (*See id.*, Ex. FF (Dec. 13 Email Chan to Mazza and attached redline to Exhibit B).)  Although Samsung has offered at the eleventh hour to produce "nonpublic communications between Samsung and the working groups that developed the UMTS specifications identified in Apple's counterclaims, and internal communications

---

[9] On the parties' meet-and-confer teleconferences, and during the lead counsel in-person meeting, Samsung has similarly been unwilling to commit to producing anything other than publicly-available SSO documents.  (Maselli Decl. ¶ 19 (Nov. 16, Nov. 30, Dec. 7 and Dec. 21 meet and confers).)

APPLE INC.'S NOTICE OF MOTION AND MOTION TO COMPEL DISCOVERY RELATING TO APPLE'S AFFIRMATIVE DEFENSES AND COUNTERCLAIMS
Case No. 11-cv-01846 (LHK)

13

regarding Samsung's participation in these working groups relating to the patents-in-suit" (Maselli Dec., Ex. EE), Samsung's proposal is still deficient in several significant ways:

- Samsung has not agreed to produce documents which show its general policies and/or practices with regard to the disclosure of purportedly essential IPR to ETSI and 3GPP;

- Samsung has not agreed to produce documents which show the structure of the departments or teams at Samsung that work on SSO-related issues so that Apple may identify pertinent fact witnesses to depose; and

- Samsung has not agreed to produce documents related to Samsung's decision to disclose (or not to disclose) the patents-in-suit to ETSI and 3GPP.

Finally, Samsung has not expressly agreed that its production of SSO documents will extend beyond the files of Samsung's named inventors.  For at least these reasons, Samsung's proposal is inadequate.

**B.    Samsung's Documents Related to Its Participation in Standards Setting Organizations are Relevant and Discoverable.**

The ETSI/3GPP documents requested above are discoverable because they are relevant at least to Apple's affirmative defenses that Samsung's patents are unenforceable, as well as many of Apple's counterclaims in reply.  As detailed in Section IV(A) above, Apple's amended counterclaims incorporate several specific factual allegations regarding SSO-related misconduct by Samsung and its employees.  The testimony of Samsung's inventors has thus far provided additional support for these allegations.  *See* Section IV(A)(1) above.  Accordingly, there can be little doubt that documents related to Samsung's standards-setting activities are relevant and that Samsung is obligated to produce them.[10]  *See, e.g.*, *In Re Rambus Inc.*, 7 Fed. Appx. 925, 926 (Fed. Cir. 2001) (denying petition for writ of mandamus regarding district court order granting motion to compel production of documents related to the disclosure of intellectual property

---

[10] The proportionality requirement of Local Rule 37-2 is easily satisfied here, as the burden on Samsung in producing the requested documents does not outweigh the probative value.  By asserting patents which are purportedly essential to the UMTS standard against Apple, Samsung has made its activities regarding the adoption of those standards a core issue in this litigation. Additionally, there is no legitimate dispute that Samsung has the resources to produce these documents on a timely basis, particularly given that Samsung has already agreed to produce relevant, non-privileged documents.

APPLE INC.'S NOTICE OF MOTION AND MOTION TO COMPEL DISCOVERY RELATING TO APPLE'S AFFIRMATIVE DEFENSES AND COUNTERCLAIMS Case No. 11-cv-01846 (LHK)

14

1   rights to an SSO); *LG Elecs., Inc. v. Motorola, Inc.*, No. 10-CV-3179, 2010 U.S. Dist. LEXIS

2   79047, *9-10 (N.D. Ill. Aug. 5, 2010) (granting motion to compel production of documents

3   pertaining to standards-setting activities); *SmithKline Beecham Corp. v. Apotex Corp.*, No. 99-

4   CV-4304, 2006 U.S. Dist. LEXIS 4276, *9-*11 (E.D. Pa. Jan. 31, 2006) (granting motion to

5   compel production of communications with standards-setting organization because "[i]t is clear

6   that communications between a corporation and a standards-setting organization can form the

7   basis of an antitrust claim") (citing *Allied Tube & Conduit Corp. v. Indian Head, Inc.*, 486 U.S.

8   492, 499-500 (1988).

9        **C.**     **Samsung Should Be Ordered to Complete Production of Its Standards**

10                  **Setting Organization Documents by January 23, 2012.**

11        Fact discovery closes on March 8, 2012.  Apple thus has approximately eight weeks to

12   receive Samsung's document production, identify witnesses, depose them, and determine

13   whether further discovery is necessary and warranted.  Indeed, the effects of any further delays

14   in the production of relevant documents in this case are likely to be exacerbated because many of

15   Samsung's relevant documents may be produced in Korean and will therefore need to be

16   translated.  Apple cannot fairly develop its case if Samsung does not produce its SSO-related

17   documents on a timely basis, including its internal policies, drafts proposals, and internal

18   communications concerning Samsung's participation in SSO's and its decisions when, and when

19   not, to disclose technology and IPR to SSO's.  Thus, Samsung should be ordered to complete

20   production of SSO documents by January 23, 2012.

21   **V.**     **THE COURT SHOULD ORDER SAMSUNG TO COMPLETE PRODUCTION OF**
        **LICENSES AND LICENSE NEGOTIATION DOCUMENTS BY JANUARY 23,**

22           **2012.[11]**

23        **A.**     **Background.**

24        Apple's document requests, as narrowed through the meet and confer process, seek: (1)

25   executed license agreements (only) for those licenses to relevant technologies that cover only

26   _____

27   [11] The documents discussed in this section are responsive to one or more of the following
Requests for Production: Nos. 119, 120.

28

1    patents that have not been declared "essential" to a standards body; and (2) license agreements

2    *and* license negotiation documents relating to patents that Samsung has declared essential to the

3    ETSI and/or 3GPP standards.  (*See* Maselli Decl. at ¶ 20; *Id.*, Ex. A (Apple's Document

4    Requests); *Id.*, Ex. FF (Dec. 13 Email Chan to Mazza and attached redline of Apple's Exhibit

5    A).)

6              Despite Apple's requests, Samsung has not yet made a substantial production of

7    documents reflecting the negotiation of licenses to patents that have been declared essential to

8    ETSI and/or 3GPP standards.  As with the SSO documents, Apple has repeatedly requested that

9    Samsung provide a date certain by which it will complete its production of patent licensing

10   negotiation documents.  (Maselli Decl., Ex. Z (Dec. 5 Letter Mazza to Kassabian); *Id.*, Ex. AA

11   (Dec. 24 Letter Mazza to Huntyan).)  Apple also proposed that the parties reach agreement on a

12   reciprocal production in this regard of (1) executed license agreements (only) for those licenses

13   (in the relevant technologies) that cover only patents that have not been declared "essential" to a

14   standards body; and (2) license agreements *and* license negotiation documents relating to patents

15   that Samsung has declared standards essential to ETSI and/or 3GPP. (*See id.*, Ex. FF (Dec. 13

16   Email Chan to Mazza and attached redline of Apple's Exhibit A).)  In response, Samsung

17   proposed a reciprocal production only of executed licenses to the patents-in-suit, and struck out

18   *any* reciprocal obligation to produce documents reflecting patent license negotiations.  (*See id.*.)

19   Similarly, during the parties' meet-and-confer teleconferences, and at the lead counsel in-person

20   meeting, Samsung has been unwilling to commit to producing anything other than executed

21   licenses.  (Maselli Decl. ¶ 21 (Nov. 16, Nov. 30, Dec. 7, and Dec. 21 meet and confers).)  While

22   Samsung's latest proposal (sent the evening this Motion was filed) offers to produce some

23   licensing negotiation documents, it limited that proposal to "negotiating documents referencing

24   royalty rates or amounts for licenses," and only for licenses to patents declared essential to the

25   standards at issue in this case (and not those declared essential to ETSI and 3GPP more

26   generally).  (*See* Maselli Dec., Ex. EE.)

27

28

APPLE INC.'S NOTICE OF MOTION AND MOTION TO
COMPEL DISCOVERY RELATING TO APPLE'S
AFFIRMATIVE DEFENSES AND COUNTERCLAIMS
Case No. 11-cv-01846 (LHK)

16

**B.     Samsung's Licenses and Licenses Negotiation Documents are Relevant and Discoverable.**

Documents reflecting Samsung's licenses covering declared-essential patents and the related license negotiations are plainly relevant to Apple's affirmative defenses and to the calculation of a reasonable royalty.  First, licenses and documents reflecting negotiations of licenses to the asserted patents may reflect Samsung's (or its counterparty's) understanding of the breadth of the licenses granted to the patents in suit, and thus bear directly on Apple's defenses that the Samsung patents-in-suit are unenforceable against Apple by virtue of an express or implied license or other exhaustion of rights.  *See, e.g.*, Dkt. 381, ¶ 196;  *see also Quanta Computer, Inc. v. LG Electronics, Inc.*, 553 U.S. 617, 625 (2008) (the first authorized sale of a patented item terminates all patent rights to that item).

Second, documents reflecting patent license negotiations for declared-essential patents (even declared-essential patents not asserted in this action) are relevant to the determination of an appropriate "Fair, Reasonable, and Non-Discriminatory" (FRAND) royalty rate, if any.  This Court has recognized on several occasions that license agreements and documents related to the negotiation of license agreements are relevant, particularly if they predate the litigation.  *See, e.g.*, *C&C Jewelry Mfg. v. West*, No. C09-01303, 2010 U.S. Dist. LEXIS 110587, at *6 (N.D. Cal. Oct. 7, 2010) (granting motion to compel production of all documents related to the licensing of the patents-in-suit, including documents pertaining to licenses granted to third parties); *Phoenix Sols. Inc. v. Wells Fargo Bank, N.A.*, 254 F.R.D. 568, 582 (N.D. Cal. 2008) (granting motion to compel production of communications with third parties related to the licensing of the patents-in-suit in part because such communications were relevant to the calculation of damages and what the patent owner perceived to be a reasonable royalty rate); *Sorensen v. Lexar Media Inc.*, No. C 08-0095, 2008 U.S. Dist. LEXIS 105503, at *6-*7 (N.D. Cal. Dec. 22, 2008) (granting motion to compel production of draft licensing agreements because they "could have relevance on the damages question of what constitutes a reasonable royalty").

APPLE INC.'S NOTICE OF MOTION AND MOTION TO
COMPEL DISCOVERY RELATING TO APPLE'S
AFFIRMATIVE DEFENSES AND COUNTERCLAIMS
Case No. 11-cv-01846 (LHK)

1   Accordingly, the documents sought will be relevant to the calculation of any alleged damages

2   and to the determination of a FRAND royalty rate, if any, for the declared-essential patents.

3        While there can be no legitimate dispute that the negotiation documents sought by Apple

4   are highly relevant and discoverable, the burden on Samsung in producing the requested

5   documents does not outweigh the probative value of these documents. *See Atmel Corp. v.*

6   *Authentec Inc.*, No. C-06-02138, 2008 U.S. Dist. LEXIS 10850, at *4 (N.D. Cal. Jan. 31, 2008)

7   (granting motion to compel production of all relevant licensing agreements, including those that

8   "do not involve the precise patents-in-suit").  There is no legitimate dispute that Samsung has the

9   resources to produce these documents on a timely basis, and the Court should order Samsung to

10   do so.  Given the looming fact discovery deadline and Apple's need to review any license

11   production in advance of completing its depositions of the appropriate Samsung personnel, the

12   Court should order Samsung to complete production of licenses and licensing negotiation

13   documents by January 23, 2012.

14   **VI.  CONCLUSION**

15        For the foregoing reasons, Apple respectfully requests that the Court grant its Motion to

16   Compel Discovery from Samsung.

17

18

19

20

21

22

23

24

25

26

27

28

APPLE INC.'S NOTICE OF MOTION AND MOTION TO
COMPEL DISCOVERY RELATING TO APPLE'S
AFFIRMATIVE DEFENSES AND COUNTERCLAIMS
Case No. 11-cv-01846 (LHK)

18

Dated:  January 10, 2012

/s/ Mark D. Selwyn
Mark D. Selwyn (SBN 244180)
(mark.selwyn@wilmerhale.com)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California  94304
Telephone:  (650) 858-6000
Facsimile:   (650) 858-6100

William F. Lee (admitted *pro hac vice*)
(william.lee@wilmerhale.com)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, Massachusetts  02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

Harold J. McElhinny (SBN 66781)
(HMcElhinny@mofo.com)
Michael A. Jacobs (SBN 111664)
(MJacobs@mofo.com)
Richard S.J. Hung (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105
Telephone: ( 415) 268-7000
Facsimile:  (415) 268-7522

Attorneys for Plaintiff and
Counterclaim-Defendant Apple Inc.

APPLE INC.'S NOTICE OF MOTION AND MOTION TO
COMPEL DISCOVERY RELATING TO APPLE'S
AFFIRMATIVE DEFENSES AND COUNTERCLAIMS
Case No. 11-cv-01846 (LHK)

19

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on January 10, 2012 by electronic mail upon the following:

Charles Kramer Verhoeven (Cal. Bar No. 170151)
(charlesverhoeven@quinnemanuel.com)
Quinn Emanuel Urquhart & Sullivan LLP
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile:  (415) 875-7600

Kevin P.B. Johnson (Cal. Bar No. 177129)
(kevinjohnson@quinnemanuel.com)
Victoria F. Maroulis (Cal. Bar No. 202603)
(victoriamaroulis@quinnemanuel.com)
Quinn Emanuel Urquhart & Sullivan LLP
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Edward J. DeFranco (Cal. Bar No. 165596)
(eddefranco@quinnemanuel.com)
Quinn Emanuel Urquhart & Sullivan LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Michael T. Zeller (Cal. Bar No. 196417)
(michaelzeller@quinnemanuel.com)
Quinn Emanuel Urquhart & Sullivan LLP
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

 /s/ Mark. D Selwyn
Mark D. Selwyn