# Exhibit H

# Filed Under Seal

Contains Information Designated OAEO By Samsung
Under Protective Order

**WILMERHALE**

December 2, 2011

**Samuel Maselli**

**VIA ELECTRONIC MAIL**

+1 650 858 6148(t)
+1 650 858 6100(f)
samuel.maselli@wilmerhale.com

Rachel Kassabian, Esq.
Quinn Emanuel Urquhart & Sullivan, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065

Re:   *Apple Inc. v. Samsung Electronics Co. Ltd. et al.,* Case No. 11-cv-01846-LHK (N.D. Cal.)

Dear Rachel:

      I write concerning recent inventor deposition testimony, including testimony provided by Jeong-Seok Oh, Sang-Ryul Park, Gert-Jan Van Lieshout, Himke Van Der Velde, and Jun-Sung Lee related to the search for and collection of responsive documents in this action.  Based on this testimony, we are concerned that counsel for Samsung did not take the necessary and proper steps to ensure that relevant documents from witness files were identified and collected for production.  Instead, counsel appears to have overly relied on Samsung employees to search for, identify, and collect documents from their own files, which they appear to have done, at best, in an incomplete and non-systematic fashion:

- **Jeong-Seok Oh**.  During his deposition, Mr. Oh testified that he conducted a search for documents using "key words" provided to him by counsel, and by "sifting through" certain folders located on his work computer.  (*See* Rough Oh Tr. at 17:3-22 ("I otherwise sifted through certain folders that I might not frequently use as maybe they are within my PC").)  Mr. Oh further testified that his self-search located no responsive documents.  (*See id.* at 17:23-24.)  Samsung did not identify Mr. Oh as a custodian of any documents produced prior to his deposition.  Mr. Oh's testimony indicates that he conducted some sort of a self-guided search for responsive documents, without the presence or oversight of counsel.  It is unclear what directions he was provided, which files or locations he searched and which he chose not to, and what mechanism he used to search using key words.

- **Sang-Ryul Park**.  Mr. Park testified during his deposition that he searched his work computer and other documents for materials relating to the '460 patent, but that he was also unable to locate any responsive documents.  (*See* Rough Park Tr. at 10:24 - 11:8.)  Based on his deposition testimony, it appears that Mr. Park simply conducted a self-guided search for responsive documents, without the presence or oversight of counsel.  Again, it is unclear what directions he was provided, which files or locations he searched and which he chose not to, how he searched (e.g., using key words or something else), and, to the extent he conducted a word search, what mechanism he used to do such a search.

**WilmerHale**

Rachel Kassabian, Esq.
December 2, 2011
Page 2

- **Gert-Jan Van Lieshout and Himke Van Der Velde**.  During his deposition, Mr. Van Lieshout testified that he and fellow named inventor Himke Van Der Velde were both asked to conduct self-guided searches for responsive documents the week before their depositions.  (*See* Rough Van Lieshout Tr., at 108:19-112:18.)  Mr. Van Lieshout further testified that only after he and Mr. Van Der Velde "r[a]n out time," their hard disks were copied and provided to counsel.  (*See id.* at 109:22-112:18.)  Indeed, as noted in your November 18 letter responding to my November 8 letter regarding these depositions, Samsung has just recently produced 3GPP "to do" lists for Mr. Van Lieshout that were identified at his deposition and that should have been, but were not, produced prior to his deposition.

- **Jun-Sung Lee**.  Mr. Lee testified that he received a request to search his files for relevant materials, but that he did not conduct any search of his electronic or paper files, because he did not believe that he had any relevant documents.  (*See* Rough Lee Tr., at 61-66.)

As you know, Samsung's inventors were ordered to be deposed by December 1, 2011, and before those depositions Samsung was under an obligation to conduct a proper search for, collection and production of hard copy and electronic documents from the files of these inventors.  However, the aforementioned testimony, as well as testimony from other inventors, demonstrates the inadequacy of the document collection and production from Samsung's inventors.  Accordingly, we request that Samsung answer the following questions and requests for information by December 5, 2011:

(i)  Were additional searches of the files of Messrs. Oh, Park, Lieshout, Van Der Velde, and Lee performed beyond the self-searches described in the testimony of these witnesses at their depositions?  If the answer is yes, provide details regarding the searching that was performed (including, for each witness, a description of which hard-copy documents and electronic depositories were searched, whether e-mails (and attachments to e-mails) were searched, and the search terms utilized);

(ii)  Whether the self-searching methodology described in the aforementioned testimony has been the standard method employed by Samsung in its search for and collection of custodial documents from inventors still employed by Samsung; and

(iii)  Provide a description of the inventor self-searches, including, for each witness, (a) explain whether the witness searched for both hard-copy and electronic documents, (b) list the electronic repositories that were searched (e.g., desk-top computer, lap-top computer, external hard-drives, shared-drives, dedicated servers, etc.), (c) for each repository searched, provide a list of the search terms employed and an explanation how the contents of the repository were searched (e.g., were searches conducted of document metadata only? Were searches conducted

**WILMERHALE**

Rachel Kassabian, Esq.
December 2, 2011
Page 3

of the content of all the documents in the repository? Were searches conducted of the content of only some of the documents in the repository (e.g., Word documents searched, PDF's not searched?, etc.), and (d) explain whether the witness searched any repositories containing e-mail, and, if so, whether the search of the repository included a search of e-mail attachments.

     Samsung must provide immediate clarity and transparency regarding the steps that it took to identify, collect, and search the files of its testifying witnesses. If it does not do so by Monday, December 5, Apple will seek an immediate in-person meet and confer with Samsung's lead trial counsel in this action.

     We look forward to your prompt response.

                                      Yours very truly,

                                      Samuel J. Maselli

cc:  Counsel of Record