# Exhibit I

# Filed Under Seal

Contains Information Designated OAEO By Samsung
Under Protective Order

WILMERHALE

December 6, 2011

Samuel Maselli

+1 650 858 6148(t)
+1 650 858 6100(f)
samuel.maselli@wilmerhale.com

**VIA ELECTRONIC MAIL**

Rachel Kassabian, Esq.
Quinn Emanuel Urquhart & Sullivan, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065

Re:     *Apple Inc. v. Samsung Electronics Co. Ltd. et al.,* Case No. 11-cv-01846-LHK (N.D. Cal.)

Dear Rachel:

      I write concerning recent inventor deposition testimony, including testimony provided by Jun-Sung Yoon, Juho Lee and Joon Young Cho related to the search for and collection of responsive documents in this action.  As with the other depositions of Samsung inventors (discussed in prior letters), based on their testimony, it again appears that counsel for Samsung did not take the necessary and proper steps to ensure that relevant documents from witness files were identified and collected for production.  Instead, counsel overly relied on Dr. Yoon, Dr. Lee and Dr. Cho to search for, identify, and collect documents from their own files, which they has appeared to have done, at best, in an incomplete and non-systematic fashion:

- Dr. Yoon testified that he conducted a search for documents responsive to the litigation hold notice.  (*See* Rough Yoon Tr. at 35:2-5).  He further testified that those documents are still in his possession and that he has not been asked to produce them.  (*See id.* at 42:19-43:7  ("My understanding is that I still keep those documents"; "I have not been asked to give such documents").)

- Dr. Cho testified that he conducted a search for documents for "responsive technology or relevant subject matters" and that he "knew to look for those based on my review of the title and abstract of the '516 patent."  (Rough Cho Tr. at 78:1-7).  This search yielded one document, which was an attachment to an Outlook email.  (*See id.* at 77:12-17).

- Dr. Yoon also testified that he conducted a search for documents using "key words" provided to him by counsel.  (*See* Rough Yoon Tr. at 36:21-23; 42:13-18 ("upon receiving the request for document search I submitted search results").)  He testified that he conducted his search using Windows Explorer.  (*See id.* at 61:11-18).  Dr. Cho testified that his second search was conducted similarly.  (*See* Rough Cho Tr. at 79:4-80:8).  Dr. Lee testified that his search for documents also involved using keywords to search Windows Explorer.  (*See* Rough Lee Tr. at 71:6-18).

WILMERHALE

Rachel Kassabian, Esq.
December 6, 2011
Page 2

- Dr. Yoon further testified that his self-search located over 10 responsive documents. (*See* Rough Yoon Tr. at 48:14-49:19.) Samsung identified Dr. Yoon as a custodian of only five documents produced in its November 26, 2011 production.

- Dr. Yoon later testified that on December 1, 2011, he learned from counsel that he needed to modify his search method. (*See id.* at 63:16-64:1). Subsequently, Dr. Yoon utilized the "start window" to perform a revised search. (*See id.* at 61:11-18). Upon implementing this new search method, he testified that he identified more than ten additional documents not found using the original search method. (*See id.* at 57:12-58:7 ("There were some additional documents identified with a second method so I submitted those additional documents").) On December 2, 2011, Samsung produced only two additional documents (plus source code) from the custody of Dr. Yoon.

- Dr. Yoon further testified that his original search method did not include a search of his e-mails. (*See id.* at 62:17-20). Upon implementing the second search method, Dr. Yoon testified that responsive e-mails were found. (*See id.* 51:3-7 ("There were results out of emails").) To date Samsung has not produced any of Dr. Yoon's e-mails.

- Dr. Lee further testified that when he met with Samsung's counsel on Wednesday, November 30, he "found that I had not properly searched my e-mails during my search for documents." (*See* Rough Lee Tr. at 155:7-10). At that time, he turned over all his emails from 2003 through 2008 to counsel. (*id.* at 156:2-8.)

- Dr. Cho further testified that he was not asked to look for documents relating to his participation in the 3GPP working group. (*See* Rough Cho Tr. at 74:21-24).

In summary, the testimony of Samsung's inventors is replete with examples demonstrating Samsung's failure to adequately search for, review, and produce Samsung inventor documents. We have received your response to my December 2, 2011 letter which detailed several prior examples of incomplete and improper document collection from Samsung inventors. We are reviewing your letter in detail and will respond as warranted. However, we note that you did not provide the level of specificity requested in my December 2 letter. Therefore, we reiterate that we require the following answers for *each* of Samsung's inventors that have been deposed:

(i) Were additional searches of the files of these witness conducted in addition to the self-searches described in their depositions? If the answer is yes, provide details regarding the searching that was performed (including, for each witness, a description of which hard-copy documents and electronic depositories were searched, whether e-mails (and attachments to e-mails) were searched, and the search terms utilized);

WILMERHALE

Rachel Kassabian, Esq.
December 6, 2011
Page 3

      (ii) Whether the self-searching methodology described in the aforementioned testimony has been the standard method employed by Samsung in its search for and collection of custodial documents from inventors still employed by Samsung; and

      (iii) Provide a description of the inventor self-searches, including, for each witness, (a) explain whether the witness searched for both hard-copy and electronic documents, (b) list the electronic repositories that were searched (e.g., desk-top computer, lap-top computer, external hard-drives, shared-drives, dedicated servers, etc.), (c) for each repository searched, provide a list of the search terms employed and an explanation how the contents of the repository were searched (e.g., were searches conducted of document metadata only? Were searches conducted of the content of all the documents in the repository? Were searches conducted of the content of only some of the documents in the repository (e.g., Word documents searched, PDF's not searched?, etc.), and (d) explain whether the witness searched any repositories containing e-mail, and, if so, whether the search of the repository included a search of e-mail attachments.

      With the deadline for taking inventor depositions now long since past, we require immediate responses to the concerns and questions detailed above so that we may get any updated production from Samsung and take further depositions as necessary.

      Yours very truly,

      */s/ Samuel J. Maselli*

      Samuel J. Maselli

cc: Counsel of Record