# Exhibit J

# Filed Under Seal

**quinn emanuel** trial lawyers | silicon valley

555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065-2139 | TEL: (650) 801-5000 FAX: (650) 801-5100

WRITER'S INTERNET ADDRESS
sarajenkins@quinnemanuel.com

December 6, 2011

**HIGHLY CONFIDENTIAL ATTORNEY'S EYES ONLY**
**VIA ELECTRONIC MAIL**

Samuel Maselli
WilmerHale
950 Page Mill Road
Palo Alto, CA 94304

Re:   *Apple v. Samsung Elecs. Co., et al.*, No. 11-cv-1846-LHK (N.D. Cal.)

Dear Sam:

I write in response to your December 2, 2011 letter concerning Samsung's search, identification, and collection of documents, (the "December 2 Letter"), Michael Silhasek's November 17, 2011 and S. Calvin Walden's November 29, 2011 emails concerning documents from the files of specific inventors, and your November 18, 2011 letter concerning documents referenced in Young Bum Kim's deposition testimony (the "November 18 Letter").  Your December 2 Letter mischaracterizes Samsung's employees' and inventors' testimonies, implying deficiencies in the collections where none exist.  Simply put, your letter provides no reason to believe that any of the searches for documents of Samsung's inventors were inadequate.  At all times, we have used our best efforts to personally oversee and check the searches and collections to ensure the quality and integrity of the process.  Either in-house or outside counsel – often both – have assisted and supervised every document collection, and we double-check those collections to ensure they have been performed properly.

In performing these searches, we applied search terms to all documents, including emails, in the possession, custody, or control of each inventor.  Those search terms were identified in Samsung's First Amended and Supplemental Identification of Custodians, Litigation Hold

quinn emanuel urquhart & sullivan, llp

LOS ANGELES | 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois 60661-2510 | TEL (312) 705-7400 FAX (312) 705-7401
WASHINGTON, DC | 1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia 20004-2400 | TEL (202) 538-8000 FAX (202) 538-8100
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44(0) 20 7653 2000 FAX +44(0) 20 7653 2100
TOKYO | NBF Hibiya Building, 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 3 5510 1711 FAX +81 3 5510 1712
MANNHEIM | Erzbergerstraße 5, 68165 Mannheim, Germany | TEL +49(0) 621 43298 6000 FAX +49(0) 621 43298 6100
MOSCOW | Voentorg Building, 3rd Floor, 10 Vozdvizhenka Street, Moscow 125009, Russia | TEL +7 495 797 3666 FAX +7 495 797 3667

<u>**HIGHLY CONFIDENTIAL ATTORNEY'S EYES ONLY**</u>

Samuel Maselli
December 6, 2011

Notices and Search Terms, sent to Apple's counsel on November 30, 2011.  Counsel further determined whether each employee or inventor had any hard copy documents or electronic documents that may be stored on other computers or servers or any other location.  If the inventor possessed hard copy files or stored files in an additional location, those files were searched and responsive documents were collected.  Finally, and in addition to the search terms and other searches explained above, each inventor manually searched for and gathered all documents relating to the invention at issue and provided what they found to counsel.  Whenever responsive, non-privileged documents were located, they were produced.

As a general matter, many of Samsung's employees periodically receive new computers.  Unless they have a special reason to retain documents, they might not choose to copy their old files to their new computers.  Thus, some employees' stored documents only date back a few years.  Given the relevant time periods involved, this means that some employees would not find any responsive documents.

With respect to the specific inventors mentioned in your December 2 Letter, the November emails, and your November 18 Letter, we respond as follows:

**Jeong-Seok Oh**.  Your December 2 Letter does not identify any problem with the search for responsive documents from Mr. Oh's files.  Your assertion that Mr. Oh's testimony indicates he conducted "some sort of self-guided search for responsive documents, without the presence or oversight of counsel" mischaracterizes his testimony, and is simply untrue.  In fact, Mr. Oh testified that he received email from counsel and searched for documents relating to the '460 patent "[b]y way of Windows Explorer and going by way of key words as provided to me by counsel."  (Oh Tr. at 17:24-25.)  You selectively quote Mr. Oh's testimony that he "sifted through" certain folders, but that statement was in response to the question, "Did you do anything *else* to search for documents?"  (*Id.* at 18:9-10 (emphasis added).)  Thus, Mr. Oh searched his computer for responsive documents using specific search terms *and then continued to search* to make sure he had no responsive documents.

**Sang-Ryul Park**.  Again, your December 2 Letter does not identify any problem with the search for responsive documents from Mr. Park's files.  It does not follow that because Mr. Park found no responsive documents, his search was without oversight or in any way deficient.

**Gert-Jan Van Lieshout and Himke Van Der Vilde**.  Your December 2 Letter fails to raise any new or unmet concern with respect to these inventors.  Indeed, after it became apparent that Mr. Van Lieshout and Mr. Van Der Vilde were going to be unable to complete their searches in a reasonable time due to technical difficulties, Quinn Emanuel personnel immediately went out to The Netherlands to assist them.  After searching their files, Samsung produced responsive documents from these inventors.

<u>**HIGHLY CONFIDENTIAL ATTORNEY'S EYES ONLY**</u>

Samuel Maselli
December 6, 2011


**Jun-Sung Lee**.  Mr. Lee made clear during his testimony that he does not have any files from the work he did in 2001 or 2002.  "[O]n more than one occasion, . . . the unit had been cleanly wiped and reformatted."  (Lee Tr. at 64:5-7.)  Thus, no terms searches were necessary.

**Hee Won Kang**.  Hee Won Kang searched his computer using search terms disclosed last week.  Those searches yielded no results.

**Jin-Kuy Choi**.  Jin-Kuy Choi retained no documents when he left Samsung in 2004 and otherwise located no relevant documents.

**Yong-Suk Moon**.  Similarly, the search for key terms on Yong-Suk Moon's computer returned no documents.  Dr. Moon performed the relevant work ten years ago, and since that time, he has moved between Samsung departments (even between continents) and has received a new laptop at least twice.  Dr. Moon did not retain hard copies from the development of the invention disclosed in the '792 patent.  Moreover, he had no emails dating back to the relevant time period.

**Ju-Ho Lee**.  Recently we located documents from the file of Ju-Ho Lee, and we produced relevant documents as quickly as possible in advance of his deposition.

**Young Bum Kim**.  In your November 18 Letter, you request "'[w]ritten reports' and other similar documents concerning Samsung inventors' attendance at 3GPP meetings" and "[a]ll documents related to reflecting discussions about 3GPP standards meeting attendance."  Samsung produced these documents that were in Young Bum Kim's possession, custody or control before his deposition.  We direct your attention to SAMNDCA00124575, SAMNDCA00124579, SAMNDCA00124581, SAMNDCA00124590, SAMNDCA00124594, SAMNDCA00124603, SAMNDCA00124614, SAMNDCA00124621, SAMNDCA00124628, SAMNDCA00124634, SAMNDCA00124639, SAMNDCA00124669, SAMNDCA00124773, SAMNDCA00124789, SAMNDCA00124798, SAMNDCA00124819, SAMNDCA00124914, SAMNDCA00125283, SAMNDCA00125375, SAMNDCA00125378, SAMNDCA00125381, SAMNDCA00125562, SAMNDCA00125582, SAMNDCA00125614, SAMNDCA00125617, SAMNDCA00125637, SAMNDCA00125645, SAMNDCA00125679, SAMNDCA00125687, SAMNDCA00125693, especially SAMNDCA00124773, SAMNDCA00124789, SAMNDCA00125283, and SAMNDCA00125582.  We also have produced similar documents that were in others' possession, custody, or control.

**H**IGHLY **C**ONFIDENTIAL **A**TTORNEY'S **E**YES **O**NLY

Samuel Maselli
December 6, 2011


Please let me know if you have any further questions.

Very truly yours,

*/s/ Sara Jenkins*

Sara Jenkins