# Exhibit K

# Filed Under Seal

**quinn emanuel** trial lawyers | silicon valley

555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065-2139 | TEL: (650) 801-5000 FAX: (650) 801-5100

WRITER'S INTERNET ADDRESS
sarajenkins@quinnemanuel.com

December 20, 2011

**HIGHLY CONFIDENITAL ATTORNEYS' EYES ONLY**
**VIA ELECTRONIC MAIL**

Samuel Maselli
WilmerHale
950 Page Mill Road
Palo Alto, CA 94304

Re:   *Apple v. Samsung Elecs. Co., et al.*, No. 11-cv-1846-LHK (N.D. Cal.)

Dear Sam:

I write in response to your December 6, 2011 letter concerning the search for and collection of responsive documents for Samsung's inventors, Jaeseung Yoon, Juho Lee, and Joon Young Cho. Your letter rehashes the concerns raised in your December 2, 2011 letter, to which we responded on December 6, 2011. Again, with the assistance and oversight of counsel, each of the inventors deposed in this action has searched for and collected responsive documents in his possession, custody, or control. Those searches included searches for key terms provided to you on November 30 and searches for documents concerning, among other things, the inventor's participation in 3GPP meetings. Those searches were double-checked, and any time an error was detected, remedial steps were taken, even where those steps caused some documents (including some from Drs. Lee and Yoon) to be produced within five days of their depositions.

As with your December 2 letter, your concerns regarding the inventors' testimonies is unfounded.

- Your letter mischaracterizes, misunderstands, and ignores both the questions and answers in Dr. Yoon's deposition. Your letter summarizes Dr. Yoon's testimony at p. 35:2-5 of the rough transcript of his deposition as testimony "that he conducted a search for documents

quinn emanuel urquhart & sullivan, llp

LOS ANGELES | 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois 60661-2510 | TEL (312) 705-7400 FAX (312) 705-7401
WASHINGTON, DC | 1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia 20004-2400 | TEL (202) 538-8000 FAX (202) 538-8100
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44(0) 20 7653 2000 FAX +44(0) 20 7653 2100
TOKYO | NBF Hibiya Building, 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 3 5510 1711 FAX +81 3 5510 1712
MANNHEIM | Erzbergerstraße 5, 68165 Mannheim, Germany | TEL +49(0) 621 43298 6000 FAX +49(0) 621 43298 6100
MOSCOW | Voentorg Building, 3rd Floor, 10 Vozdvizhenka Street, Moscow 125009, Russia | TEL +7 495 797 3666 FAX +7 495 797 3667

<u>**HIGHLY CONFIDENITAL ATTORNEYS' EYES ONLY**</u>

Samuel Maselli
December 20, 2011

> responsive to the litigation hold notice." As an initial matter, a litigation hold notice is not a request to search for documents, and it is unclear what documents would be "responsive" to such a notice. More importantly, though, the cited passage reads: "Q: Dr. Yoon, have you received a document preservation notice from Samsung regarding this case? A: Yes. I have." (Yoon Rough Tr. at 35:2-5.) There is no mention of a search for documents related to the litigation hold notice. However, Dr. Yoon testified that he understood the preservation hold notice to require him to maintain, not to destroy, documents related to 3GPP meetings and the '792 patent. (Yoon Rough Tr. at 38:2-6.) After an abrupt change of topics, he was then asked, "I'm sorry. I just remembered one question related to the *preservation notice*. The documents that you *held* have you been asked to give them to anybody?" (Yoon Rough Tr. at 42:19-22 (emphases added).) As you note, he testified that he has not been asked to give to anyone *the documents he did not destroy* after receiving the litigation hold notice and it was his understanding that he "still keep[s] those documents." However, Dr. Yoon did testify about a search for documents responsive to Apple's Requests for Production. (*See* Yoon Rough Tr. at 42:16-18; 43:8-45:14.) Thus, he and Mr. McAlhany distinguished between documents he was asked not to destroy and documents he was asked to search for. He testified that he was not asked to deliver documents that he did not destroy but that he was asked to submit documents responsive to his searches. (Yoon Rough Tr. at 42:17-18.)

- Your second bullet point describes Dr. Cho's testimony regarding a search for documents. When Dr. Cho testified that he "knew to look for [documents related to the technology or relevant subject matters] based on [his] review of the title and abstract of the '516 patent" he described the *additional* searches he performed. That these additional searches produced only one document is irrelevant.

- Your third bullet point describes Drs. Yoon's, Cho's, and Lee's testimonies that they searched for documents using keywords. We fail to see any inadequacy or issue identified in this bullet point. The inventors conducted terms searches to find the responsive documents among the universe of documents "responsive to the litigation hold notice."

- Your fourth bullet point again misunderstands Mr. McAlhany's own questions and Dr. Yoon's responses. Dr. Yoon testified that his searches located over ten documents responsive *to the search terms*. There are at least two reasons why Dr. Yoon's search would yield more documents than were produced to Apple. First, not all documents that are returned as the result of a term search are responsive to Apple's Requests for Production. Second, identical copies of documents may be saved in different locations on a computer, and of course, Samsung's productions are processed to remove these duplicates.

- The concern in your fifth bullet point is identical to that in your fourth bullet point, and our response is the same.

02198.51855/4515977.1                                   2

<u>HIGHLY CONFIDENITAL ATTORNEYS' EYES ONLY</u>

Samuel Maselli
December 20, 2011


- In your sixth bullet point, you once again misunderstand Dr. Yoon's testimony regarding his search for emails, and you read in answers to questions that were never asked.  In response to the question, "Do you remember if any emails were found in response to your search for those terms that you identified earlier?" (Yoon Rough Tr. at 51:3-5), Dr. Yoon responded, "Yes.  There were the results out of emails."  (*Id.* at 51:6-7.)  However, after applying the date restriction – the issue date of the '792 patent – those emails were excluded.  Dr. Yoon then re-checked his computer to confirm that he did not have any relevant emails from the relevant time period.  Dr. Yoon was not asked about these steps performed subsequent to his term search.

- Your seventh bullet point describes Dr. Lee's testimony concerning searches for responsive emails.  Dr. Lee's testimony describes one of the ways in which we double-check the searches and collections of the custodians' documents.  When we learned that Dr. Lee held responsive emails that were not searched, we immediately collected, searched, reviewed, and produced any relevant emails.

- Your eighth bullet point concerns Dr. Cho's testimony that he was not asked to look for documents relating to his participation in the 3GPP working group.  In fact, the term searches would have found those documents, if any.

We hope this response, along with my December 6 letter, satisfies your concerns.  Please let me know if you have any further questions.

Very truly yours,

*/s/ Sara Jenkins*


Sara Jenkins


CC: Counsel of Record