# Exhibit M

# Filed Under Seal

# WILMERHALE

December 13, 2011

**Peter J. Kolovos**

+1 617 526 6493(t)
+1 617 526 5000(f)
peter.kolovos@wilmerhale.com

**VIA ELECTRONIC MAIL**

Victoria F. Maroulis, Esq.
Rachel Herrick Kassabian, Esq.
Quinn Emanuel Urquhart & Sullivan, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 95064-2139

Re:   Apple Inc. v. Samsung Electronics Co. Ltd. et al.,
      Case No. 11-cv-01856-LHK (N.D. Cal.)

Dear Victoria and Rachel:

Apple has identified numerous and significant deficiencies in the search terms used by Samsung to locate and produce documents prior to the depositions of the named inventors of the asserted Samsung patents. The list of terms disclosed in Samsung's First Amended and Supplemental Identifications of Custodians, Litigation Hold Notices and Search Terms (served on December 1, 2011) are inadequate and inconsistent. Some of the most obvious search terms are missing, and it appears that no searches were conducted for at least the '055 and '871 patents. Here are some of the major problems we identified:

- As noted above, it appears that Samsung did not conduct any searches for documents related to two of the asserted Samsung patents (the '055 and '871 patents). This is plainly insufficient.

- With the exception of a single term ("interleaver"), no Korean language search terms were run for any of the inventors' electronic files. Since nearly all of the inventors are native Korean speakers (and indeed were deposed through a Korean translator), it is logical to assume that many, if not most, responsive documents are likely to be in Korean. Nonetheless, by employing searches that do not include Korean language terms, Samsung has effectively designed its searches to exclude Korean language documents. Samsung should run the equivalent Korean language term for all of its English language search terms.

- While the terms "TSG RAN Working Group1" and "TSGR1" were run for some allegedly standard essential patents, similar search terms should be used for all patents Samsung alleges are essential to one or more standards. Samsung's 3GPP related search terms are also inadequate. For example, Samsung should search for "WG1," as well as any standards that Samsung claims a patent is essential to, such as, for example, "25.212" and "25.322."

Wilmer Cutler Pickering Hale and Dorr LLP, 60 State Street, Boston, Massachusetts 02109
Beijing   Berlin   Boston   Brussels   Frankfurt   London   Los Angeles   New York   Oxford   Palo Alto   Waltham   Washington

WILMERHALE

Victoria F. Maroulis, Esq.
Rachel Herrick Kassabian, Esq.
December 13, 2011
Page 2

- The searches for the patent numbers are also inconsistent and inadequate. For each patent, Samsung should run all the following searches: (1) the entire patent number (with and without commas); (2) the three digit patent shorthand number (ex: "001") near5 "patent"; (3) the U.S. application number; (4) all foreign application and patent numbers to which the U.S. patent claims priority; (5) all patent numbers for the related patents asserted in foreign litigation against Apple; and (6) shorthand for the foreign priority applications and the foreign counterpart patents. For example, for the '001 patent, in addition to searching for "1999-26221" or "1999-27163," Samsung should have searched for ("KR" near5 "26221"), ("KR near5 27163").

- The names of managers, patent prosecutors, members of Samsung's IP group, and others who were involved in the alleged inventions and patent prosecution are missing from the list of terms used to search the inventors' files. Samsung requested that Apple run these searches on its inventors' files. Samsung should do the same.

- The search terms for the '711 patent fail to include commonly-used variants of patent-specific terms. For example, Samsung did not search for "cell* phone," "mobile phone," "mobile device," or any other variation of "portable terminal" in its ("portable terminal" and MP3) search term. Similarly, "background music," "standby music," or "standby mode music" are all more commonly-used terms than the patent-specific term "music background play object." Finally, Samsung did not include the obvious search terms "music," "music file," or "MP3" in its "applet" search.

- The search terms for the '460 patent also suffer from clear infirmities. Most egregiously, Samsung failed to include "e-mail" or any variation thereof in any search term, despite the fact that phrase e-mail appears in the '460 claim language. Samsung has also failed to include obvious terms like "camera," "attach*," "enclose*," "mode," "submode," "sub-mode," and ("mail" near5 "photo*").

- With respect to the '893 patent, rather than simply searching for "digital image processing," Samsung should have included more terms such as ("camera *mode*" or "photographing *mode*") near/10 ("view* *mode*" or "display* *mode*") or ("last viewed photo" or "last-viewed photo" or "last photo viewed" or "most recently viewed").

- The search terms for the '516 patent lack obvious terms such as "E-DCH," "DCH," "E-DPDCH," "DPDCH," "E-DPCCH," "transmit power," "transport format," "TF, E-TF," "gain factor," ("scal*" near5 "power factor"), and ("reduc*" near5 "power factor").

WILMERHALE

Victoria F. Maroulis, Esq.
Rachel Herrick Kassabian, Esq.
December 13, 2011
Page 3

- For the '001 patent, in addition to "radio frame matchers" or "radio frame segmenter," Samsung should also have searched for ("radio" near5 "frame" near5 "match*") or ("radio" near5 "frame" near5 "segment*"). Samsung should also have searched for "fill* bits," "padding bits," "physical channel segment," ("segment*" near25 ("interleav*" or "transport channel" or ("serial" near5 "data'))), ("multiplex* near25 ("radio frame" or "data frame" or "transport channel" or ("serial" near5 "data'))).

- For the '941 patent, in addition to "protocol data header," "PDU header," "radio link control PDU" or "RLC protocol data unit," Samsung should have also searched for ("header" near5 ("PDU" or "protocol data unit") or ("RLC" or "radio link control" near5 "PDU" or "protocol data unit"). Samsung should also have included search terms related to the patented subject matter and patent objectives, such as "Voice over internet," "Voice over IP," "VoIP," "VOIP," "segment*," "concatenat*," "padding," "frame alignment," ("header" near5 "efficiency"), "ebit," "e-bit," "length indicat*," ("segment" near5 ("SDU" or "service data unit"), and (("entir*" or "complet*") near5 ("SDU" or "service data unit")).

- For the '604 patent, Samsung should have also searched for "channel cod*," "turbo cod*," "transport block," "trbk," "bit stream," "bit error rate," or "superframe."

- For the '410 patent, Samsung should also have searched for documents related to the patented subject matter and patent objectives, such as "repetition," "puncture*," "rate matching," or "demultiplexer."

- For the '792 patent, Samsung should have also searched for "interleaver*," "QAM," "constellation," "systematic bit," "systematic cod*," and "quadrature amplitude modulation."

- For the '867 patent, Samsung has limited its searches to grossly inadequate and narrow terms, such as "((K-1)*M+K+1)" and "generator polynomial of degree 18," which are unlikely to be matched by any documents. Samsung should have searched for such obvious terms as "scrambling code," "orthogonal code," "gold code*," "gold sequence," "m-sequence" or "msequence," instead of limiting its searches to the narrow terms above.

WILMERHALE

Victoria F. Maroulis, Esq.
Rachel Herrick Kassabian, Esq.
December 13, 2011
Page 4


Samsung's use of grossly insufficient search terms has limited its production to a fraction of the responsive materials that should have been produced, and likely explains the paucity of Samsung's inventor production. Accordingly, we ask that you confirm in writing no later than December 16, 2011 that Samsung will re-run proper searches, under the direct supervision of outside counsel, including but not limited to rectifying the deficiencies outlined above, and produce any additional responsive documents by December 30, 2011.

Further, Apple does not believe that the inventors' personal files and emails are the only sources of documents relevant to the Samsung asserted patents and the parties' claims and defenses. Thus, please confirm by no later than December 16 that Samsung has searched all central repositories, all inventor email, and other relevant locations for documents. These searches also should be completed and responsive documents produced by December 30, 2011.

Apple reserves all rights to seek other relief, including re-opening depositions, as appropriate under the circumstances.

Very truly yours,

Peter J. Kolovos