# Exhibit CC

# Filed Under Seal

**quinn emanuel** trial lawyers | silicon valley

555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065-2139 | TEL: (650) 801-5000 FAX: (650) 801-5100

WRITER'S INTERNET ADDRESS
rachelkassabian@quinnemanuel.com

November 20, 2011

VIA ELECTRONIC MAIL

| | |
|---|---|
| Mia Mazza | Samuel Maselli |
| Morrison & Foerster | WilmerHale |
| 425 Market Street | 950 Page Mill Road |
| San Francisco, CA  94125-2482 | Palo Alto, CA 94304 |

Re:   *Apple, Inc. v. Samsung Elecs. Co. et al.*, Cae No. 11-cv-1846 LHK (N.D. Cal.)

Dear Mia and Samuel:

I write to address and memorialize several issues discussed during our meet-and-confer call on Wednesday, November 16, 2011.

Apple's Issues

I.      The Court's September 28th Order

*Searching files for the opposing party's name*

As previously indicated in my letter of November 8, 2011, Samsung is generally agreeable to including the term "Apple" (with delimiters as needed) in searching its designers' custodial documents provided that Apple search for the term "Samsung" in its designers' files.  Samsung made it clear, and Apple is not contesting, that this was not something ordered by the Court in its September 28 Order, but rather, would be done pursuant to an agreement of the parties.  During the November 16, 2011 meet and confer call, Apple has now broadened its request by asking Samsung to include the term "Apple" in searching the files of (1) engineers who worked on the

quinn emanuel urquhart & sullivan, llp

LOS ANGELES | 865 South Figueroa Street, 10th Floor, Los Angeles, California  90017-2543  | TEL (213) 443-3000 FAX (213) 443-3100
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York  10010-1601  | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California  94111-4788  | TEL (415) 875-6600 FAX (415) 875-6700
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois  60661-2510  | TEL (312) 705-7400 FAX (312) 705-7401
WASHINGTON, DC | 1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia  20004-2400  | TEL (202) 538-8000 FAX (202) 538-8100
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom  | TEL +44(0) 20 7653 2000 FAX +44(0) 20 7653 2100
TOKYO | NBF Hibiya Bldg., 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo  100-0011, Japan  | TEL +81 3 5510 1711 FAX +81 3 5510 1712
MANNHEIM | Erzbergerstraße 5, 68165 Mannheim, Germany  | TEL +49(0) 621 43298 6000 FAX +49(0) 621 43298 6100

Mia Mazza
Samuel Maselli
November 20, 2011

products at issue, (2) employees responsible for marketing those products, and (3) employees responsible for developing the accused features. Moreover, Apple further requested that the parties include in their search terms any nicknames or foreign language terms that custodians may use to refer to the opposing party. Apple further proposed that the parties would disclose, in their court-ordered identifications, any delimiters used to reduce the number of false "hits" in their searches.

We will consult with our client to see whether it will agree to this new proposal.

*Consumer surveys*

Despite Samsung's previous agreement to supplement its production of consumer survey documents, Apple has broadened its request yet again. In Wes Overson's November 16th letter, Apple requests that Samsung search the central marketing files, wherever located, as well as the files of Sungwook Kwon, Jinna Yoon, Tim Benner, and any other custodians with responsibility for surveying customers of the products at issue during the preliminary injunction phase, using the search string disclosed in Samsung's October 10 identifications. During the meet-and-confer call, in response to our questions, Apple agreed that the searches it is proposing would be limited to the named defendants' employees' and central marketing files – and would not include the custodians or files of any Samsung subsidiary or entity which is not a party to this case. We will confer with Samsung and get back to you.

**II.     Proposed reciprocal agreement to produce certain categories of documents**

We believe Apple's proposal of reciprocal categories of document requests is a helpful exercise. However, several aspects of Apple's current proposal (hereafter "Exhibit A") are problematic. For instance, Exhibit A omits numerous Samsung requests that fall squarely within the identified categories, while including many other requests that are irrelevant to them. Moreover, Exhibit A inappropriately focuses on numerous Apple requests for which Samsung's written responses are not yet due. Finally, Apple indicated on last week's call that its Exhibit A was incomplete, and that Apple would be sending us additional categories of documents which it believes implicate reciprocal obligations. Please send us those additional categories as soon as possible, so that the parties can avoid dealing with these issues on a piecemeal basis. In the meantime, Samsung is considering and preparing a response to Apple's Exhibit A.

**III.     Production of relevant inventor documents**

Samsung does not believe that inventor-related documents is a reciprocal category at this stage in discovery. Exhibit A only includes one proposed agreement for this category: that the parties limit inventor-related searches to the filing date of the relevant patent application. Not only has

Mia Mazza
Samuel Maselli
November 20, 2011

Samsung already rejected this idea weeks ago, this proposal is not reciprocal because Apple has already completed its searches, albeit using improper date restrictions.  As discussed below and in other previous correspondence, Samsung demands that Apple re-run its searches using proper date restrictions.

During the call Samsung confirmed that it is searching its inventors' files for any and all types of responsive documents, through the use of search terms and witness interviews.  Samsung has not specifically or intentionally withheld certain categories of documents over others.  Apple confirmed that it had engaged in these same activities in searching its inventors' files for responsive documents.

Apple stated that it would send a separate correspondence clarifying any questions or concerns it might still have regarding Samsung's inventor searches.

### III.    Apple's Second Set of Preliminary Injunction Interrogatories (Nos. 10-14).

Pending final client approval, Samsung intends to supplement its responses to Apple's interrogatory requests Nos. 10-14 by Monday, November 21, 2011.  Samsung's supplemental responses will be as complete as possible in light of the fact that nearly four months remain before the close of fact discovery, and Samsung's investigation is ongoing.

### IV.    Reciprocal agreement to produce licensing documents.

Apple has proposed that the parties exchange (1) license agreements and royalty information for non-FRAND patents-in-suit, and (2) license agreements, royalty information, and negotiation documents for all patents (whether asserted or not) that have been declared essential to a standard at issue in this lawsuit.  We will confer with Samsung on this issue, along with the other reciprocal document categories Apple has raised.  We understand that Apple wishes to expedite the approval process for this category of documents, which we will endeavor to do.

### V.    Protective Order provisions regarding cross-use.

The parties have agreed in principle on domestic cross-use of produced documents only.  Samsung is in the process of fine-tuning the language of these provisions and evaluating edits made by Apple.  Samsung will try to provide Apple with a final draft before the Thanksgiving holiday, or the week thereafter.

Mia Mazza
Samuel Maselli
November 20, 2011

### VI. Production of documents related to participation in standards-setting organizations

The parties have reciprocal requests for this category of documents. *See, e.g.*, Samsung's RFPs, Set One, No. 117-119. Therefore, Samsung will include these requests in its revisions to Exhibit A and deal with them accordingly. In the meantime, Samsung has produced documents responsive to Apple's standards-related requests and will continue to do so. Any specific concerns raised in Samuel Maselli's letters of November 8th and November 14th will be addressed shortly.

### VII. Samsung attorneys' assertion of privilege in depositions.

Samsung disagrees that its assertions of privilege during recent depositions was inappropriate, and will respond to Samuel Maselli's November 15th email in due course.

### VIII. The Five-Day Rule

Apple requested that the parties provide advance notice to the opposing party if they know in advance that they will be unable to complete a deposition-related production five days prior to the deposition. While Samsung suspects that the parties often may not know in advance that there will be such a production issue, Samsung agrees to Apple's proposal, with the understanding that Apple will provide the same advance notice if it comes to learn that it will not be able to complete a deposition-related production five days prior to the deposition.

### IX. Production of source code related to accused features

As we made clear during the previous meet and confer call, both parties have requests seeking production of source code for the accused products. Like all reciprocal categories, we will confer with Samsung and get back to you. In the meantime, Samsung will produce relevant source code on a rolling basis and will also respond to Wes Overson's letter dated November 9, 2011.

Mia Mazza
Samuel Maselli
November 20, 2011


Samsung's Issues

I.      **Deficiencies in Apple's searches and production**

*Apple's written responses to Samsung's first, second and third requests for production*

Apple's written responses to Samsung's requests for production fail to give Samsung fair notice of what Apple intends to produce or why it finds Samsung's requests objectionable. Rather, Apple has either merely labeled requests as overbroad—a bare legal conclusion—or stated that it would meet and confer on the scope of a request. Marissa Ducca first requested that Apple clarify its position nearly two months ago on September 30, 2011, and again on November 3 November 8, 2011. None of Apple's correspondence is responsive to Marissa's letters. In contrast, when Apple asked Samsung to clarify its objections, my letter of October 26, 2011 explained in detail Samsung's objections to at least eighty of Apple's requests.

During the call, Apple stated that Wes Overson's letter of November 10, 2011 was intended to be Apple's response to Marissa's letters on this issue. Mr. Overson's letter, however, only addresses *Apple's* requests and contains no indication of Apple's positions with respect to why it should not provide all documents responsive to Samsung's requests. Although Exhibit A does include Samsung requests for which Apple has reciprocal requests, this exhibit mischaracterizes many of Samsung's requests, and further, does not absolve Apple of its obligations to provide adequate responses to *all* of Samsung's document requests, including those that are nonreciprocal.

Apple indicated that it will send a letter indicating whether it will produce documents in response to Samsung's nonreciprocal production requests. Samsung, in turn, agreed that it would revisit its response to S. Calvin Walden's letter dated October 13, 2011 and further discuss any issues that may have gone unaddressed.

*Documents relating to Apple's assertion of its patents against Motorola*

Apple represented that it has collected and is in the process of reviewing the documents referenced in Marissa Ducca's November 10th letter. Samsung noted again the importance of receiving these materials promptly, in light of impending claim construction proceedings, and Apple stated that it will produce these documents before Thanksgiving. If Apple does not do so, we will need to have a lead counsel meet and confer to resolve the matter. Please let us know when during the next two weeks Apple's lead counsel is available.

Mia Mazza
Samuel Maselli
November 20, 2011

*Date restrictions for inventor files*

It has been more than two weeks since Samsung first requested that Apple redo its inventor searches to include all documents up to and including the patent issuance date.  Apple stated that it is still considering Samsung's request, and will respond by Thanksgiving.  Samsung also asked Apple to explain the significance of the June 2003 and October 2004 date restrictions it applied.  Apple was unable to do so, and stated only that it was entitled to use arbitrary date restrictions as long as it concluded that the search "was early enough" that it would capture all relevant documents.  Apple stated that it was willing, however, to prepare a letter explaining why it chose the dates that it did.  Please do so immediately.

If Apple does not agree to re-run its inventor searches to include all documents up to and including the patent issuance date by Monday, November 28, Samsung will have to move forward and will expect Mr. McElhinny to discuss it with Mr. Verhoeven at the lead counsel meet and confer.

*Transcripts of prior testimony*

Samsung has repeatedly asked Apple to produce all transcripts of prior testimony where an individual who would likely appear as a witness in this case has testified in his or her capacity as an Apple employee.  With respect to Samsung's inventors, Samsung is producing all such transcripts that it is able to locate through a reasonable search.  By contrast, Apple has made clear that the only transcripts it regards as relevant are those in which the witness testified regarding a patent asserted in this matter, notwithstanding case law to the contrary.

During the meet-and-confer call, Apple stated that it may now be willing to broaden its concept of relevance to include transcripts from proceedings that have a "technological nexus" to the subject matter of the instant case.  Samsung indicated that it may be willing to adopt the "technological nexus" approach, provided that the parties agree on a mutually acceptable definition of that concept.  During the call, however, Apple was unable to articulate what it meant by "technological nexus."  Consequently, Samsung insisted that the parties exchange a list of the prior cases in which their witnesses have testified, so that the parties would be able to make their own independent determination of which transcripts are relevant and should be produced.  Apple stated that it would consider Samsung's request, but as of this writing still has not provided its final position.  More than two weeks have elapsed since Samsung raised this issue, during which time Samsung has had to depose several Apple witnesses without this pertinent evidence.  In light of Apple's consistent failure to articulate any meaningful alternative standard, or otherwise move the ball forward, please be advised that if we cannot resolve this issue in the next week, Apple should be prepared to discuss it at the upcoming lead counsel meet and confer.

Mia Mazza
Samuel Maselli
November 20, 2011

> *Inventor-related document production*

Samsung still has not received a response to Marissa Ducca's letters of October 18, 2011 and November 12, 2011 regarding documents missing from Apple's inventor productions. Apple stated that it has been investigating why these documents were not produced and is currently drafting a response. Apple stated that it would respond by Monday, November 21, 2011.

> *Missing custodial information*

Apple represented that all of the custodial information in its productions is complete and up to date. We will consider Apple's representation and get back to you.

> *Source code for Mac OS X and SuperClock*

Apple stated that it was in the process of locating the source code for Mac OS X and SuperClock. Samsung clarified that while source code relating to accused features is a reciprocal category of requests, source code relating to prior art is not. Because Samsung will need to amend its invalidity contentions, Samsung urgently needs source code relating to prior art. Apple agreed to find and produce this source code as soon as possible. Furthermore, this source code is relevant to conception and reduction to practice, and hence, to claim construction issues. Therefore, it is essential that Samsung have access to this source code and time to review it before the claim construction briefing deadlines. We have been asking for this source code since November 1 and still do not have a date certain for production. Although the source code is readily available to Apple, we have received nothing but unsubstantiated promises that it will be produced at some unidentified point in the future. Please produce this source code immediately. If we do not have access to the code by Monday, November 28, Mr. McElhinny should plan to discuss this with Mr. Verhoeven at the upcoming lead counsel meet and confer.

> *Brain Box, Sony Design Investigation, Phillips Receiver Testing, Other Smartphone (Treo/Razr), and Apple Cinema Display Documents and Tangibles*

Apple has agreed to produce the requested materials at least to the extent they bear on the external design, rather than any internal components. However, weeks have passed, and Apple has refused to provide a date certain for production of any of these materials. Please provide a date certain for each of them by Thanksgiving and if not, then please include this on the agenda for the upcoming lead counsel meet and confer.

Mia Mazza
Samuel Maselli
November 20, 2011

> *035 Table Computer Mockup and Emails*

Samsung has been requesting these materials since November 8.  Apple has agreed to produce some of the materials requested at some unspecified point in time and utterly failed to address the balance of our request, including our request for Mr. Satzger's unproduced emails.  Please provide a full written response, including an agreement to produce all responsive materials by Monday, November 28.  If Apple fails to do so, these issues will need to be discussed at the lead counsel meet and confer as well.

## II.     Apple's use of inaccurate translations during depositions

Apple has used English translations of Korean documents while deposing Korean speakers.  Samsung objects to the use of English translations with Korean speakers where the original Korean document would suffice.  Samsung also objects to the use of any translations that are not produced to Samsung in advance of depositions in sufficient time for Samsung to evaluate their accuracy.  Apple represented that where possible, it will produce translations to Samsung in advance of the deposition, but that it will continue to use translations even if they are not produced in advance.  Samsung objects to this practice, and will continue to object at deposition to the use of any translations that it has not been given an opportunity to check for accuracy.

## III.    Apple's selective waiver of the attorney-client privilege

At Apple's insistence, Michael Zeller sent a letter dated November 10, 2011 that spells out precisely which portions of the hearing transcript constitute a waiver of the privilege.  Yet after ignoring that letter, and without providing any authority or rationale in support of its position, Apple told us only that it disagrees.  This is improper.  Please provide a written response to Mr. Zeller's November 10 letter which details Apple's position and the authority on which it relies.

## IV.     Expert witnesses

Samsung has objected to Apple's disclosure of Peter Bressler as an expert witness in this case.  Apple indicated that it will neither show Mr. Bressler any confidential Samsung documents nor pursue motion practice to obtain the right to do so.  Please let us know if Apple's position changes in the future.

Samsung also requests that Apple set up a time for an in-person meet and confer on the issue of Itay Sherman's access to Apple confidential documents.  Apple said that it will inform Samsung of Harold McElhinny's availability for such a meeting but has yet to do so.  Please confirm that Mr. McElhinny will make himself available during the next two weeks.

Mia Mazza
Samuel Maselli
November 20, 2011

Very truly yours,


Rachel Herrick Kassabian