# EXHIBIT B

| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781) | WILLIAM F. LEE |
| hmcelhinny@mofo.com | william.lee@wilmerhale.com |
| MICHAEL A. JACOBS (CA SBN 111664) | WILMER CUTLER PICKERING |
| mjacobs@mofo.com | HALE AND DORR LLP |
| RACHEL KREVANS (CA SBN 116421) | 60 State Street |
| rkrevans@mofo.com | Boston, MA 02109 |
| JENNIFER LEE TAYLOR (CA SBN 161368) | Telephone: (617) 526-6000 |
| jtaylor@mofo.com | Facsimile: (617) 526-5000 |
| MORRISON & FOERSTER LLP | |
| 425 Market Street | |
| San Francisco, California 94105-2482 | MARK D. SELWYN (SBN 244180) |
| Telephone: (415) 268-7000 | mark.selwyn@wilmerhale.com |
| Facsimile: (415) 268-7522 | WILMER CUTLER PICKERING |
| | HALE AND DORR LLP |
| | 950 Page Mill Road |
| | Palo Alto, California 94304 |
| Attorneys for Plaintiff and | Telephone: (650) 858-6000 |
| Counterclaim-Defendant APPLE INC. | Facsimile: (650) 858-6100 |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | Case No. 11-cv-01846-LHK (PSG) |
| Plaintiff, | **DECLARATION OF ERICA TIERNEY IN SUPPORT OF APPLE'S CORRECTED RENEWED MOTION TO SEAL** |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendants. | |

**EXHIBITS SUBMITTED UNDER SEAL**

I, Erica Tierney, hereby declare as follows:

1.      I am an attorney for Apple Inc. ("Apple").  I submit this declaration in support of Apple's Corrected Renewed Motion to Seal pursuant to Local Rules 7-11 and 79-5.  I have personal knowledge of the matters set forth below.  If called as a witness I could and would competently testify as follows.

**Financial and Capacity Information**

2.      **Exhibit 1 to the Price Declaration in Support of Samsung's Opposition to Apple's 37(b)(2) Motion (Dkt. No. 801)** consists of 171 pages of gross margin reports and should be sealed in its entirety.

3.      **Exhibit 7 to the Price Declaration in Support of Samsung's Opposition to Apple's 37(b)(2) Motion (Dkt. No. 801)** consists of a report with product-line specific and reseller-specific sales information and should be sealed in its entirety.

4.      **Exhibit 10 to the Price Declaration in Support of Samsung's Opposition to Apple's 37(b)(2) Motion (Dkt. No. 801)** consists of a detailed search engine revenue report setting out specific search engine revenue for each individual search engine provider, divided into individual months, and should be sealed in its entirety.

5.      **Exhibit C to the Price Declaration in Support of Samsung's Supplemental Response to Apple's 37(b)(2) Motion (Dkt. No 857)** consists of the Expert Report of Terry L. Musika.  This document contains highly sensitive financial data and capacity information, as well as some confidential data from third-party IDC.  **Exhibit B to the Musika Declaration in Support of Apple's Opposition to Samsung's Motion to Strike (Dkt. No. 996)** consists of excerpts from the same report.  Proposed redacted versions, with highlighting showing the redactions proposed by Apple, are submitted herewith as **Exhibits 1 and 2**, respectively.  I reviewed versions of these exhibits redacted of Samsung confidential information.

6.      **Exhibit A to the Musika Declaration in Support of Apple's Opposition to Samsung's Motion to Strike (Dkt. No. 996)** consists of the Rebuttal Expert Report of Terry L. Musika.  This document contains highly sensitive financial data, as well as information about Apple's license agreements with third parties.  A proposed redacted version, with highlighting

1  showing the redactions proposed by Apple, is submitted herewith as **Exhibit 3**. I reviewed a version of this exhibit redacted of Samsung confidential information.

7.   **Exhibit C to the Musika Declaration in Support of Apple's Opposition to Samsung's Motion to Strike (Dkt. No. 996)** consists of excerpts from the deposition transcript of Mark Buckley, and contains extensive specific capacity information. A proposed redacted version, with highlighting showing the redactions proposed by Apple, is submitted herewith as **Exhibit 4**.

8.   **Exhibit 34 to the Pernick Declaration in Support of Apple's Motion to Strike (Dkt. No. 939)** consists of the May 11 Supplemental Expert Report of Michael J. Wagner. A proposed redacted version, with highlighting showing the redactions proposed by Apple, is submitted herewith as **Exhibit 5**. I reviewed a version of this exhibit redacted of Samsung confidential information.

9.   **Exhibit 32 to the Pernick Declaration in Support of Apple's Opposition to Samsung's Motion to Strike (Dkt. No. 996)** consists of excerpts from the April 20, 2012 Corrected Expert Report of Michael J. Wagner, and contains sensitive financial information. A proposed redacted version, with highlighting showing the redactions proposed by Apple, is submitted herewith as **Exhibit 6**.

10.   Apple has previously moved to seal such financial and capacity information (Dkt. No. 1499.) The Musika Expert Report was directly at issue in that earlier filing. (Dkt. No. 1499 at 5.) Apple provided a detailed supporting declaration with its motion to seal trial exhibits from its Vice President of Worldwide Planning and Analysis, Jim Bean. (Dkt. No. 1502).

11.   As Mr. Bean stated in his declaration, Apple goes to extensive lengths to protect the confidentiality of its financial data, which is on par with source code from a confidentiality perspective. Margins, costs, and capacity information are among the most highly confidential of Apple's financial documents. Armed with capacity information, Apple's competitors could increase production of competing products when Apple typically has constrained capacity, or lower prices of competing products when Apple has excess capacity and would be more vulnerable to a price cut. Manufacturers with Apple's capacity data would be able to harm Apple

DECLARATION OF ERICA TIERNEY IN SUPPORT OF APPLE'S CORRECTED RENEWED MOTION TO SEAL
CASE NO. 11-CV-01846-LHK (PSG)
sf-3249284

2

1  by negotiating exorbitant rates with unfairly gained knowledge.  Cost and profit/margin
2  information would give competitors a substantial advantage over Apple as competitors could
3  tailor offerings and pricing to undercut Apple and determine exactly what price level would make
4  a given product unprofitable to Apple.  Like manufacturers with capacity data, suppliers with cost
5  data could alter Apple's price on components.  And profits or margins alone would allow
6  competitors to approximate cost.

7        12.     Product line information, i.e. financial details with information as to specific
8  versions of a given product, is also critically sensitive and valuable.  Product line sales and
9  revenue information would allow competitors to see which products Apple has had success with
10 over what periods of time, and would also gain insight into Apple's current and future business
11 plans by seeing where it has invested most heavily.  Similarly, search engine-specific information
12 would give similar insight into Apple's successful business relationships, and which search
13 engine providers may be the most lucrative for competitors to exploit.

14       13.     The documents with capacity and financial information described above are of the
15 same types that Mr. Bean discussed extensively in his declaration.  Price Ex. 1 even states "Apple
16 need to know confidential."  If these documents were filed publicly, it would be an unfair boon to
17 Apple's competitors, and would harm Apple's competitive standing.

18 **Third-Party Confidential Data**

19       14.     In addition to the financial and capacity information contained in the Musika
20 Expert Report, filed as Exhibit C to the Price Declaration in Support of Samsung's Supplemental
21 Response to Apple's 37(b)(2) Motion (Dkt. No. 857) and discussed above), the report contains
22 data-rich charts derived from confidential third-party IDC information.  Specifically, the proposed
23 redactions of Exhibits 11.1, 12, 12.1, and 13.1 correspond to data prepared by IDC.

24       15.     Apple has previously moved to seal IDC material, and supported its request with a
25 declaration at that time.  (Dkt. No. 1408-2.)  As Apple explained, Apple is contractually obligated
26 to defend the interests of third parties who sell Apple their proprietary consumer and market
27 studies, and disclosure of this material would severely harm such third parties and damage
28

DECLARATION OF ERICA TIERNEY IN SUPPORT OF APPLE'S CORRECTED RENEWED MOTION TO SEAL
CASE NO. 11-CV-01846-LHK (PSG)
sf-3249284

3

Apple's relationship with them.  Each report sold by a company such as IDC costs thousands of dollars, and public disclosure would completely supplant the market for that report.

**Licenses Agreements and Information in Other Documents that Reflect License Royalty and Payment Terms**

16. In addition to the financial information contained in the Musika Rebuttal Expert Report of Terry L. Musika, filed as Exhibit A to the Musika Declaration in Support of Samsung's Apple's Opposition to Samsung's Motion to Strike (Dkt. 996) and (discussed above), the report contains information about the payment term in one of Apple's license agreements and discussion of Apple's license agreement with a third party in paragraphs 46, 48 and 49 on pages 13 and 14. **Exhibit U to the Ward Declaration in Support of Samsung's Motion to Strike (Dkt. No. 934)** consists of an excerpt from the same Report and should be sealed as to the dollar amount listed on page 13.  A proposed redacted version, with highlighting showing the redactions proposed by Apple, is submitted herewith as **Exhibit 7**.

17. **Exhibit T to the Price Declaration in Support of Samsung's Motion to Strike (Dkt. No. 934)** consists of a discovery letter and contains information about Apple's license agreement negotiations and a draft license agreement with a third party on page 3, and the payment term in one of Apple's license agreements with a third party on page 4.  A proposed redacted version, with highlighting showing the redactions proposed by Apple, is submitted herewith as **Exhibit 8**.

18. **Samsung's Motion to Strike (Dkt. No. 934)** contains information about Apple's license agreement negotiations and a draft license agreement with a third party on pages 13-14 and the payment term in one of Apple's license agreements with a third party on page 14.  A proposed redacted version, with highlighting showing the redactions proposed by Apple, is submitted herewith as **Exhibit 9.**  I reviewed a version of this exhibit redacted of Samsung confidential information.

19. **Second Supplemental Price Declaration in Support of Samsung's Motion to Strike (Dkt. No. 994)** contains information about the contents of Apple's draft license agreement

DECLARATION OF ERICA TIERNEY IN SUPPORT OF APPLE'S CORRECTED RENEWED MOTION TO SEAL
CASE NO. 11-CV-01846-LHK (PSG)
sf-3249284

4

with a third party in paragraph 2(a).  A proposed redacted version, with highlighting showing the redactions proposed by Apple, is submitted herewith as **Exhibit 10**.

20. **Exhibits P, Q, R, S, Y, Z, AA, BB, CC and DD to the Price Declaration in Support of Samsung's Motion to Strike (Dkt. No. 934)** are all license agreements between Apple and third parties and should be sealed in full.

21. **Exhibit U to the Price Declaration in Support of Samsung's Motion to Strike (Dkt. No. 934)** contains emails between Apple and a third party negotiating a license agreement and should be sealed in full.

22. **Exhibit V to the Price Declaration in Support of Samsung's Motion to Strike (Dkt. No. 934)** is a draft license agreement between Apple and a third party and should be sealed in full.

23. **Exhibit W to the Price Declaration in Support of Samsung's Motion to Strike (Dkt. No. 934)** is a draft license agreement between Apple and a third party and should be sealed in full.

24. **Exhibits FF and GG to the Price Declaration in Support of Samsung's Motion to Strike (Dkt. No. 934)** are both Made for iPod Licenses and should be sealed in full.  **Exhibit 23 to the Pernick Declaration in Support of Apple's Opposition to Samsung's Motion to Strike (Dkt. No. 996)** is a Made for iPod License and the cover email transmitting it.  All but the first page of the exhibit (the cover email) should be sealed.

25. **Exhibits 1-5 to the Supplemental Price Declaration (Dkt. 984)** are all license agreements between Apple and third parties and should be sealed in full.

26. **Exhibits 1-5 to the Corrected Supplemental Price Declaration (Dkt. 990)** are all license agreements between Apple and third parties and should be sealed in full.

27. **Exhibits B-E to the Second Supplemental Price Declaration (Dkt. 994)** are all license agreements between Apple and third parties and should be sealed in full.

28. **Exhibits 24, 25, and 26 to the Pernick Declaration in Support of Apple's Opposition to Samsung's Motion to Strike (Dkt. No. 996)** are all license agreements between Apple and IBM and should be redacted consistent with the Court's Order approving redactions of

1 | Exhibits 25 and 26 during trial (Dkt. 1660). Proposed redacted versions, with highlighting

2 | showing the redactions proposed by Apple, are submitted herewith as **Exhibits 11, 12 and 13**.

3 |       29. **Exhibit 28 to the Pernick Declaration in Support of Apple's Opposition to**

4 | **Samsung's Motion to Strike (Dkt. No. 996)** is a license agreement between Apple and Nokia

5 | and should be redacted consistent with the guidance provided by the Court when this same

6 | agreement was submitted under seal in connection with the parties' post-trial briefing

7 | (Dkt. 2168). A proposed redacted version pursuant to discussions with Nokia, with highlighting

8 | showing the proposed redactions, is submitted herewith as **Exhibit 14**.

9 |       30. This Court has previously allowed Apple to seal license agreements attached to

10 | non-dispositive motions in full (Dkt. 1649 at 16.) In addition to the highly confidential "pricing

11 | terms, royalty rates, and minimum payment terms," (Dkt. 1649 at 10) license agreements also

12 | "contain a whole host of terms (e.g. termination conditions, side- agreements, waivers) that are

13 | irrelevant to matters in this litigation" and "disclosure of these full documents could result in

14 | significant competitive harm to the licensing parties as it would provide insight into the structure

15 | of their licensing deals, forcing them into an uneven bargaining position in future negotiations."

16 | (Dkt. 1649 at 16).

17 |       31. Public disclosure of draft license agreements and emails negotiating license

18 | agreements would result in significant harm to Apple and the third parties to those draft

19 | agreements and negotiations, and would clearly "forc[e] them into an uneven bargaining position

20 | in future negotiations." (Dkt. 1649 at 16). For the same reasons, discussion of Apple's license

21 | agreement negotiations and draft license agreement with a third party in a discovery letter,

22 | Samsung's Motion to Strike and the Second Supplemental Price Declaration would result in

23 | significant harm to Apple and the third party to those negotiations.

24 |       32. Public disclosure of Apple's Made for iPod licenses would result in significant

25 | harm to Apple. A copy of the license is only provided to those third parties who approach Apple

26 | to enroll in the Made for iPod (MFi) program, execute a Non-Disclosure Agreement, and are

27 | specifically approved by Apple. These licenses also "contain a whole host of terms (e.g.,

28 | termination conditions, side- agreements, waivers) that are irrelevant to matters in this litigation"

DECLARATION OF ERICA TIERNEY IN SUPPORT OF APPLE'S CORRECTED RENEWED MOTION TO SEAL
CASE NO. 11-CV-01846-LHK (PSG)
sf-3249284

6

1  and "disclosure of these full documents could result in significant competitive harm to the
2  licensing parties as it would provide insight into the structure of their licensing deals, forcing
3  them into an uneven bargaining position in future negotiations." (Dkt. 1649 at 16).

4      33.    The payment amounts listed in the discovery letter, Samsung's Motion to Strike
5  and the Rebuttal Expert Report of Terry L. Musika are all highly confidential "pricing terms,
6  royalty rates, and minimum payment terms" (Dkt. 1649 at 10).  Disclosing those dollar amounts
7  "to the public will create an asymmetry of information for Apple in the negotiation of future
8  licensing deals." (Dkt. 1649 at 10 (discussing sealing trial exhibits)).

**Source Code**

10     34.    **Exhibit X to the Ward Declaration in Support of Samsung's Motion to Strike
11  (Dkt. No. 934)** consists of an excerpt from the Rebuttal Expert Report of Tony Givargis, and
12  contains highly confidential information about Apple's source code and confidential technical
13  information that is closely related to Apple's source code on pages 11-24, 28, and 29.  A
14  proposed redacted version, with highlighting showing the redactions proposed by Apple, is
15  submitted herewith as **Exhibit 15**.

16     35.    **Exhibit 9 to the Pernick Declaration in Support of Apple's Opposition to
17  Samsung's Motion to Strike (Dkt. No. 996)** consists of an excerpt from the Expert Report of
18  Woodward Yang and contains highly confidential information about Apple's source code and
19  confidential technical information that is closely related to Apple's source code on page 23 and
20  portions of Exhibit 3A-1.  A proposed redacted version, with highlighting showing the redactions
21  proposed by Apple, is submitted herewith as **Exhibit 16**.

22     36.    This Court has previously allowed Apple to seal trial exhibits containing source
23  code.  (Dkt. No. 1649 at 8; Dkt. No. 2046 at 3.)  Apple's source code is clearly the type of
24  information that qualifies as a trade secret.

25     37.    In support of sealing trial exhibits containing Apple's source code, Apple
26  submitted declarations from Henri Lamiraux, Apple's Vice President of iOS Apps & Frameworks
27  and Beth Kellerman, a Litigation eDiscovery Manager (Dkt Nos. 1504, 1505).  Apple's declarants
28  confirmed that Apple derives independent economic value from its source code, and that Apple

DECLARATION OF ERICA TIERNEY IN SUPPORT OF APPLE'S CORRECTED RENEWED MOTION TO SEAL
CASE NO. 11-CV-01846-LHK (PSG)
sf-3249284

7

1  goes to extraordinary lengths to maintain the secrecy and security of its source code. (Dkt.
2  Nos. 1504 ¶¶ 5-8, 1505 ¶¶ 4-9.)  If Apple's source code were subject to disclosure and copying, it
3  would amount to a transfer of Apple's investment in developing the iOS source code from it to a
4  competitor, providing an unfair competitive advantage. (Dkt. No. 1505 ¶¶ 6-9.)

5        38.     The above information is highly confidential and trade secret.  If disclosed, the
6  information in the materials described above could be used by Apple's competitors to Apple's
7  disadvantage.  The requested relief is necessary and narrowly tailored to protect the
8  confidentiality of this information.

9        I declare under penalty of perjury that the foregoing is true and correct.  Executed this
10  20~~15~~th day of February, 2013 at Cupertino, California.

                              */s/ Erica Tierney*
                              Erica Tierney

DECLARATION OF ERICA TIERNEY IN SUPPORT OF APPLE'S CORRECTED RENEWED MOTION TO SEAL
CASE NO. 11-CV-01846-LHK (PSG)
sf-3249284

8

**ATTESTATION OF E-FILED SIGNATURE**

I, Richard S.J. Hung, am the ECF User whose ID and password are being used to file this Declaration. In compliance with Civil L.R. 5-1(i)(3), I hereby attest that Erica Tierney has concurred in this filing.

Dated: February 20~~15~~, 2013   */s/ Richard S.J. Hung*
                                                    Richard S.J. Hung

DECLARATION OF ERICA TIERNEY IN SUPPORT OF APPLE'S CORRECTED RENEWED MOTION TO SEAL
CASE NO. 11-CV-01846-LHK (PSG)
sf-3249284

9