STEVEN D. HEMMINGER (SBN 110665)
steve.hemminger@alston.com
**ALSTON & BIRD LLP**
275 Middlefield Road, Suite 150
Menlo Park, CA 94025-4008
Telephone:    650-838-2000
Facsimile:    650-838-2001

Attorneys for Non-Party
NOKIA CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation, SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No.: 11-CV-01846-LHK<br><br>**NON-PARTY NOKIA CORPORATION'S NOTICE OF PARTIAL JOINDER IN APPLE'S RENEWED MOTION TO SEAL (DOC. NO. 2228)** |

On February 15, 2012, Apple filed a Renewed Motion to Seal various documents (Doc. No. 2228). Nokia Corporation ("Nokia") hereby joins in that motion with respect to two documents containing Nokia confidential information:

- A license agreement between Nokia and Apple—Exhibit 28 to the Pernick Declaration regarding Apple's Opposition to Samsung's Motion to Strike (Doc. No. 966) and

- A license agreement between Nokia, Apple, and VoiceAge—Exhibit P to the Price Declaration regarding Samsung's Motion to Strike (Doc. No. 934).

First, Nokia understands that Apple seeks to file a redacted version of the 2011 license between Nokia and Apple. Although Nokia objects to disclosing any portion of that agreement, Nokia understands that the Court previously ruled this license would need to be submitted in redacted form. To the extent that the Court continues to require partial disclosure, Nokia agrees with Apple's proposed redactions. As explained in the attached Declaration of Paul Melin (Exhibit A), these redactions are both necessary to avoid causing serious harm to third party Nokia and consistent with the Court's prior rulings.

Any public interest in the Nokia/Apple agreement is, at best, extremely limited. The Nokia/Apple agreement was at issue solely regarding an *undisputed* fact—namely, that Apple granted Nokia a license to a certain patent in suit. Because Apple and Samsung did not dispute the existence of that license, the specific terms of the Nokia/Apple agreement will not help the public better understand any of the Court's rulings. Accordingly, the public's interest in the agreement is minimal, at best.

Second, Nokia understands that Apple seeks to file under seal, in its entirety, an agreement involving Nokia, Apple, and VoiceAge. That agreement is unrelated to the license discussed above and was not at issue in any dispositive ruling. Nokia therefore agrees with Apple that the "good cause" standard applies and permits sealing the agreement in its entirety.

At this time, Nokia is unaware of other Nokia confidential information that may be subject to potential disclosure. Nokia reserves all rights to be provided with notice and an opportunity to be heard before disclosure of the information that is the subject of this motion or any other Nokia confidential information, including but not limited to potential disclosures that may arise during any remand or other future proceedings

1  DATED: February 20, 2012

2                                                                  Respectfully submitted,

3

4                                                                  By: */s/ Steven D. Hemminger*
                                                                   Steven D. Hemminger
                                                                   ALSTON & BIRD, LLP
5                                                                  275 Middlefield Road, Suite 150
                                                                   Menlo Park, CA  94025-4008
6
                                                                   *Attorneys for Non-Party Nokia Corporation*
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Civil L.R. 5-1(h)(1). As such, this document was served on all counsel who have consented to electronic service, Civil L.R. 5-1(h)(1) and 5-5(a).

DATED: February 20, 2012        */s/ Steven D. Hemminger*