1    HAROLD J. MCELHINNY (CA SBN 66781)          WILLIAM F. LEE
     hmcelhinny@mofo.com                          william.lee@wilmerhale.com
2    MICHAEL A. JACOBS (CA SBN 111664)            WILMER CUTLER PICKERING
     mjacobs@mofo.com                             HALE AND DORR LLP
3    JENNIFER LEE TAYLOR (CA SBN 161368)          60 State Street
     jtaylor@mofo.com                             Boston, MA 02109
4    ALISON M. TUCHER (CA SBN 171363)             Telephone: (617) 526-6000
     atucher@mofo.com                             Facsimile: (617) 526-5000
5    RICHARD S.J. HUNG (CA SBN 197425)
     rhung@mofo.com
6    JASON R. BARTLETT (CA SBN 214530)            MARK D. SELWYN (SBN 244180)
     jasonbartlett@mofo.com                       mark.selwyn@wilmerhale.com
7    MORRISON & FOERSTER LLP                      WILMER CUTLER PICKERING
     425 Market Street                            HALE AND DORR LLP
8    San Francisco, California  94105-2482        950 Page Mill Road
     Telephone:  (415) 268-7000                   Palo Alto, California 94304
9    Facsimile:  (415) 268-7522                   Telephone: (650) 858-6000
                                                  Facsimile: (650) 858-6100
10

11   Attorneys for Plaintiff and
     Counterclaim-Defendant APPLE INC.
12

13

14                    UNITED STATES DISTRICT COURT

15                   NORTHERN DISTRICT OF CALIFORNIA

16                          SAN JOSE DIVISION

17   APPLE INC., a California corporation,         Case No. 11-cv-01846-LHK

18                    Plaintiff,                   **APPLE INC.'S MOTION TO
                                                   COMPEL PRODUCTION OF
19          v.                                     DOCUMENTS AND THINGS**

20   SAMSUNG ELECTRONICS CO., LTD., a
     Korean corporation; SAMSUNG ELECTRONICS
21   AMERICA, INC., a New York corporation; and    Date:    January 18, 2012
     SAMSUNG TELECOMMUNICATIONS                     Time:    2:00 p.m.
22   AMERICA, LLC, a Delaware limited liability     Place:   Courtroom 5, 4th Floor
     company,                                       Judge:   Hon. Paul S. Grewal
23
                      Defendants.
24

25                        **SUBMITTED UNDER SEAL**

26

27

28

1

**TABLE OF CONTENTS**

2

Page

3   TABLE OF AUTHORITIES ................................................................................ ii

4   NOTICE OF MOTION AND MOTION ............................................................. 1

5   RELIEF REQUESTED ....................................................................................... 1

6   STATEMENT OF ISSUES TO BE DECIDED ................................................. 1

7   APPLE'S CIVIL L.R. 37-2 STATEMENT ........................................................ 1

8   APPLE'S CERTIFICATION PURSUANT TO FED. R. CIV. P. 37(a)(1).................................. 1

9   MEMORANDUM OF POINTS AND AUTHORITIES ..................................... 1

10  I.      INTRODUCTION .................................................................................... 1

11  II.     BACKGROUND ...................................................................................... 2

12  III.    LEGAL STANDARDS ............................................................................ 5

13  IV.     ARGUMENT ........................................................................................... 6

14          A.      Samsung Should Be Ordered to Produce Technical Documents
                    Relevant to Apple's Utility Patent Infringement Case. ........................... 6

15          B.      Samsung Should Be Ordered to Produce Documents Regarding its
16                  Efforts to Design Around Apple's Patents ............................................. 8

17          C.      Samsung Should Be Ordered to Produce Documents Relevant to
                    Apple's Design Patent, Trademark, and Trade Dress Infringement
18                  Case. ..................................................................................................... 10

19                  1.      Documents Demonstrating Alternative Designs ....................... 10

20                  2.      Documents Demonstrating Satisfaction of the *Sleek-Craft*
                            Factors. ................................................................................... 14

21          D.      Samsung Should Be Ordered to Produce Marketing and Advertising
22                  Documents Relevant to Apple's Showing of Irreparable Harm. .......... 18

23          E.      Samsung Should Be Ordered to Produce Financial Information
                    Relevant to Apple's Showing of Damages. ......................................... 19

24  V.      CONCLUSION ...................................................................................... 23

25

26

27

28

1

**TABLE OF AUTHORITIES**

2
                                                                                    **Page(s)**

3   CASES

4   *3Com Corp. v. D-Link Sys. Inc*,
      No. C 03-2177 VRW
5     2007 WL 949596 (N.D. Cal. Mar. 7, 2007)........................................................ 20

6   *AMF, Inc. v. Sleekcraft Boats*,
7     599 F.2d 341 (9th Cir. 1979)............................................................................. 14

8   *Best Lock Corp. v. ILCO Unican Corp.*,
      94 F.3d 1563 (Fed. Cir. 1996)........................................................................... 11
9
    *Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*,
10    489 U.S. 141 (1989).................................................................................... 10–11

11  *Catalina Lighting, Inc. v. Lamps Plus, Inc.*,
12    295 F.3d 1277 (Fed. Cir. 2002)......................................................................... 19

13  *Disc Golf Ass'n v. Champion Discs, Inc.*,
      158 F.3d 1002 (9th Cir. 1998)........................................................................... 11
14
    *eBay Inc. v. MercExchange, L.L.C.*,
15    547 U.S. 388 (2006).......................................................................................... 18

16  *In re ATM Fee Antitrust Litig.*,
17    233 F.R.D. 542 (N.D. Cal. 2005)....................................................................... 22

18  *Medtronic Sofamore Danek USA, Inc. v. Globus Medical, Inc.*,
      637 F. Supp. 2d 290 (E.D. Pa. 2009) ............................................................... 19
19
    *Sand Hill Advisors, LLC v. Sand Hill Advisors, LLC*,
20    No. C 08-5016 SBA,
      2010 U.S. Dist. LEXIS 97011 (N.D. Cal. Sept. 16, 2010) .................................. 10
21
    *TrafFix Devices, Inc. v. Mktg. Displays, Inc.*,
22    532 U.S. 23 (2001)..................................................................................... 10, 11

23  *Wal-Mart Stores, Inc. v. Samara Bros., Inc.*,
24    529 U.S. 205 (2000)..................................................................................... 10, 11

25  STATUTES

26  15 U.S.C.
      § 1117.............................................................................................................. 19
27    § 1125(a)(3)..................................................................................................... 10

28

35 U.S.C.
   § 284......................................................................................................................... 19
   § 289......................................................................................................................... 19

**OTHER AUTHORITIES**

Fed. R. Civ. P.
   Rule 34........................................................................................................................ 5


Local Rules
   Rule 3-4................................................................................................................... 1, 6
   Rule 3-4(a)................................................................................................................. 5

1

**NOTICE OF MOTION AND MOTION**

2

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

3

PLEASE TAKE NOTICE that on January 18, 2012, at 2:00 p.m., or as soon as the matter

4

may be heard by the Honorable Paul S. Grewal in Courtroom 5, United States District Court for

5

the Northern District of California, Robert F. Peckham Federal Building, 280 South 1st Street,

6

San Jose, CA 95113, Apple, Inc. ("Apple") shall and hereby does move the Court for an order

7

compelling Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung

8

Telecommunications America, LLC (collectively, "Samsung") to produce, by no later than

9

January 23, 2012, the relief specified in the concurrently filed Proposed Order.

10

This motion is based on this notice of motion and supporting memorandum of points and

11

authorities; the supporting Declaration of Mia Mazza in Support of Apple's Motion to Compel

12

Production of Documents and Things and exhibits attached thereto; the supporting Declarations

13

of Harold J. McElhinny and Erik J. Olson in Support of Apple's Motion to Compel Production of

14

Documents and Things and exhibits attached thereto; and such other written or oral argument as

15

may be presented at or before the time this motion is taken under submission by the Court.

16

As detailed in the Declaration of Harold J. McElhinny filed herewith, Apple's lead trial

17

counsel met and conferred with Samsung's lead trial counsel in person before filing this motion,

18

but were unsuccessful in resolving the issues raised herein.

19

**RELIEF REQUESTED**

20

Pursuant to Federal Rule of Civil Procedure 37 and Patent Local Rule 3-4, Apple seeks an

21

order compelling Samsung to produce all of the specific, narrowed categories of documents and

22

things identified in the concurrently filed Proposed Order by the deadlines set forth therein.

23

Stated generally, the requested relief includes:  (1) technical documents relevant to Apple's utility

24

patent infringement case; (2) documents relevant to Apple's design patent, trademark, trade dress

25

infringement claims; (3) marketing and advertising documents relevant to Apple's showing of

26

irreparable harm; and (4) sales and financial information relevant to establishing damages.

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## STATEMENT OF ISSUES TO BE DECIDED

1.      Whether Samsung should be ordered to complete production by January 23, 2012, of its technical documents relevant to Apple's utility patent infringement claims, as specifically identified in the Proposed Order submitted by Apple herewith.

2.      Whether Samsung should be ordered to complete production by January 23, 2012, of its documents relevant to Apple's trademark, trade dress, and design patent infringement claims, as specifically identified in the Proposed Order submitted by Apple herewith.

3.      Whether Samsung should be ordered to complete production by January 23, 2012, of marketing and advertising documents relevant to Apple's showing of irreparable harm, as specifically identified in the Proposed Order submitted by Apple herewith.

4.      Whether Samsung should be ordered to complete production by January 23, 2012, of sales and financial information relevant to Apple's showing of damages, as specifically identified in the Proposed Order submitted by Apple herewith.

## APPLE'S CIVIL L.R. 37-2 STATEMENT

Pursuant to Civil L.R. 37-2, Apple's discovery requests to Samsung relating to the documents that are the subject of this motion are set forth in full below, with Samsung's corresponding objections and/or answers following immediately after each:

**FIRST SET OF REQUESTS FOR PRODUCTION (PI), REQUEST NO. 1:**

Documents relating to your analysis, review, consideration, or copying of, or comparison against, any Apple product or product feature in designing, developing, or implementing any feature of the Products at Issue, including (1) their Exterior Design; (2) functionality that allows for an image, list, or webpage to be scrolled beyond its edge until it is partially displayed; and (3) functionality that allows for an image, list, or webpage that is scrolled beyond its edge to scroll back or bounce back into place so that it returns to fill the screen.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 1:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

1   seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

2   work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

3   applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

4   burdensome, and/or would require undue expense to answer. Samsung further objects to the

5   request as overbroad in that it is not reasonably limited as to the scope of documents and things it

6   seeks. Samsung further objects to this request as oppressive and harassing inasmuch as it implies

7   Samsung engaged in copying and other such activity.

8          Subject to these objections, Samsung will produce relevant, non-privileged documents

9   within its possession, custody, or control, if any, after conducting a reasonable search during the

10  preliminary injunction discovery phase.

11  **FIRST SET OF REQUESTS FOR PRODUCTION (PI), REQUEST NO. 2:**

12         Documents relating to the existence of and/or work conducted by any group within

13  Defendants that analyzes, analyzed, considers, considered, copies, copied, compares, or compared

14  any Apple product or product feature in developing one or more of the Products at Issue.

15  **OBJECTIONS TO REQUEST FOR PRODUCTION NO. 2:**

16         In addition to its Objections and Responses Common to All Requests for Production,

17  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

18  seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

19  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

20  applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

21  burdensome, and/or would require undue expense to answer. Samsung further objects to the

22  request as overbroad in that it is not reasonably limited as to the scope of documents and things it

23  seeks. Samsung further objects to the Request as duplicative of Apple's Request For Production

24  No. 1. Samsung further objects to this request as oppressive and harassing inasmuch as it implies

25  Samsung engaged in copying and other such activity.

26         Subject to these objections, Samsung will produce relevant, non-privileged documents

27  within its possession, custody, or control, if any, after conducting a reasonable search during the

28  preliminary injunction discovery phase.

1  **FIRST SET FOR REQUESTS FOR PRODUCTION, REQUEST NO. 3:**

2  Documents relating to competition between Apple and Samsung products, including each

3  version of the iPhone or iPad and any of the Products at Issue.

4  **OBJECTIONS TO REQUEST FOR PRODUCTION NO. 3:**

5  In addition to its Objections and Responses Common to All Requests for Production,

6  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

7  seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

8  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

9  applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

10 burdensome, and/or would require undue expense to answer. Samsung further objects the request

11 as vague and ambiguous. For example, the term "relating to competition" is vague and ambiguous

12 and Samsung will response based on its understanding of this term. Samsung further objects to

13 the request as overbroad in that it seeks documents and things that bear on occurrences in other

14 countries that are not at issue in this litigation. Samsung further objects to the request as

15 overbroad in that it seeks documents and things that pertain to products not at issue in this

16 litigation.

17 Subject to these objections, Samsung will produce relevant, non-privileged documents within its

18 possession, custody, or control, if any, after conducting a reasonable search during the

19 preliminary injunction discovery phase.

20 **FIRST SET OF REQUESTS FOR PRODUCTION (PI) NO. 4:**

21 Documents sufficient to identify the respective markets of each of the Products at Issue.

22 **OBJECTIONS TO REQUEST FOR PRODUCTION (PI) NO. 4:**

23 In addition to its Objections and Responses Common to All Requests for Production,

24 which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

25 seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

26 work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

27 applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

28 burdensome, and/or would require undue expense to answer. Samsung further objects the request

1   as vague and ambiguous. For example, the term "respective market shares" is vague and

2   ambiguous and Samsung will response based on its understanding of this term. Samsung further

3   objects to the request as overbroad in that it seeks documents and things that bear on occurrences

4   in other countries that are not at issue in this litigation.

5        Subject to these objections, Samsung will produce relevant, non-privileged documents

6   within its possession, custody, or control, if any, after conducting a reasonable search during the

7   preliminary injunction discovery phase.

8   **SECOND SET FOR REQUESTS FOR PRODUCTION, REQUEST NO. 11:**

9        Documents relating to the Hardware Design and Graphical User Interface Design of the

10  Captivate, Continuum, Fascinate, Galaxy Ace, Galaxy Prevail, Galaxy S (i9000), Galaxy S 4G,

11  Gravity, Indulge, Infuse 4G, Intercept, Mesmerize, Showcase i500, Showcase Galaxy

12  S, Transform, Vibrant, and Galaxy S II phones and the Galaxy tablets.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

14       In addition to its Objections and Responses Common to All Requests for Production,

15  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

16  seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

17  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

18  applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

19  burdensome, and/or would require undue expense to answer. Samsung further objects the request

20  as vague and ambiguous. For example, the terms "Hardware Design" and "Graphical User

21  Interface Design" and "relating to" are vague and ambiguous. Samsung further objects to the

22  Request as overbroad in that it is not reasonably limited as to the scope of documents and things it

23  seeks. Samsung further objects to the Request to the extent it seeks documents that are not

24  relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the

25  discovery of admissible evidence.

26  Subject to these objections, Samsung is willing to meet and confer with Apple about the

27  relevance and scope of the information sought by this request.

28

1    **SECOND SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 12:**

2          Documents relating to the development of the designs, features, and functions in the

3    Products at Issue that are alleged in this action to infringe one or more of the Patents at Issue,

4    including, but not limited to, all documents reviewed for purposes of developing these designs,

5    features, and functions and all computer-aided design files relating to these designs, features, and

6    functions.

7    **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

8          In addition to its Objections and Responses Common to All Requests for Production,

9    which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

10   seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

11   work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

12   applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

13   burdensome, and/or would require undue expense to answer. Samsung further objects the request

14   as vague and ambiguous. For example, the terms "Products at Issue," "relating to," "functions,"

15   and "all documents reviewed for purposes of developing" are vague, ambiguous and overbroad.

16   Samsung further objects to the Request to the extent it seeks documents that are not relevant to

17   the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of

18   admissible evidence. Samsung further objects to the Request as duplicative of Apple's Request

19   For Production No. 11.

20         Subject to these objections, Samsung will produce relevant, non-privileged documents

21   within its possession, custody, or control, if any, after conducting a reasonable search in

22   accordance with the Patent Local Rules.

23   **SECOND SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 13:**

24         All documents relating to the development of the Products at Issue that mention or refer to

25   Apple or Apple Products, including communications among or with Your personnel that discuss

26   whether or how to copy any design, feature, or function of an Apple Product.  Documents

27   responsive to this Request include, but are not limited to, Your decision to redesign the Galaxy

28   Tab 10.1 to more closely match the design of the iPad 2.

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

2           In addition to its Objections and Responses Common to All Requests for Production,

3    which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

4    seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

5    work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

6    applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

7    burdensome, and/or would require undue expense to answer. Samsung further objects the request

8    as vague and ambiguous. For example, the terms "Products at Issue," "relating to" and "redesign"

9    are vague and ambiguous. Samsung further objects to the Request to the extent it seeks

10   documents that are not relevant to the claims or defenses of any party and/or not reasonably

11   calculated to lead to the discovery of admissible evidence. Samsung further objects to the Request

12   as duplicative of Apple's Request For Production Nos. 1 and 2. Samsung further objects to the

13   Request to the extent it seeks documents that are not within the possession, custody, or control of

14   Samsung. Samsung further objects to this request as oppressive and harassing inasmuch as it

15   implies Samsung engaged in copying and other such activity. Documents produced in response to

16   this request, if any, do not constitute an admission that Samsung "designed the Galaxy Tab 10.1

17   to more closely match the design of the iPad 2."

18          Subject to these objections, Samsung is willing to meet and confer with Apple about the

19   relevance and scope of the information sought by this request.

20   **SECOND SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 14:**

21          All physical samples of Apple Products in Your possession (excluding only samples, if

22   any, which may have been purchased exclusively for purposes related to this litigation by or at the

23   direction of counsel) together with all documents relating to when the samples were obtained, for

24   what purpose, and how You used them.

25   **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

26          In addition to its Objections and Responses Common to All Requests for Production,

27   which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

28   seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

1   work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

2   applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

3   burdensome, and/or would require undue expense to answer. Samsung further objects to the

4   Request as overbroad in that it seeks documents and things that pertain to products not at issue in

5   this litigation. Samsung further objects to the Request as overbroad in that it is not limited to any

6   reasonable time period and seeks documents and things from time periods not at issue in this

7   litigation. Samsung further objects to the Request to the extent it seeks documents that are not

8   relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the

9   discovery of admissible evidence. For example, the request seeks every Apple product any person

10  who was at any time an employee of Samsung has ever owned, at any time. Samsung further

11  objects to the Request to the extent it seeks documents equally or more readily available to Apple

12  than to Samsung. Samsung further objects to the Request to the extent the requested documents

13  are publicly available.

14          Subject to these objections, Samsung is willing to meet and confer with Apple about the

15  relevance and scope of the information sought by this request.

16  **SECOND SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 15:**

17          All documents relating to Your inspection of Apple Products.  Documents responsive to

18  this Request include, but are not limited to, photographs of Apple Products and tear-downs of

19  Apple Products, notes and memoranda that You made relating to Apple Products, and email

20  communications relating to any such inspection.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

22          In addition to its Objections and Responses Common to All Requests for Production,

23  which it hereby incorporates by reference Samsung further objects the request as vague and

24  ambiguous. For example, the term "inspection" is vague and ambiguous. Samsung objects to this

25  Request to the extent that it seeks to elicit information subject to and protected by the attorney-

26  client privilege, the attorney work-product doctrine, the joint defense privilege, the common

27  interest doctrine, and/or any other applicable privilege or immunity. Samsung further objects to

28  the Request to the extent it is unduly burdensome, and/or would require undue expense to answer.

1   Samsung further objects to the Request as overbroad in that it seeks documents and things that

2   pertain to products not at issue in this litigation. Samsung further objects to the Request to the

3   extent it seeks documents that are not relevant to the claims or defenses of any party and/or not

4   reasonably calculated to lead to the discovery of admissible evidence. Samsung further objects to

5   the Request as duplicative of Apple's Request For Production Nos. 13 and 14.

6        Subject to these objections, Samsung is willing to meet and confer with Apple about the

7   relevance and scope of the information sought by this request.

8   **SECOND SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 16:**

9        All documents relating to marketing of any Products at Issue that discuss or refer directly

10   or indirectly to Apple or Apple Products, including copies of all advertisements or other

11   promotional materials, marketing plans, market surveys, focus group studies, or other documents

12   related to testing of advertisements or advertisement messaging. Documents responsive to this

13   Request include, but are not limited to, Your "Hello" marketing campaign relating to the Galaxy

14   S, Your "See Flash Run" marketing campaign for the Galaxy Tab, and Your "Appelmos"

15   ("Applesauce") marketing campaign relating to the Galaxy S II.

16   **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

17        In addition to its Objections and Responses Common to All Requests for Production,

18   which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

19   seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

20   work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

21   applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

22   burdensome, and/or would require undue expense to answer. Samsung further objects the request

23   as vague and ambiguous. For example, the terms "Products at Issue" and "indirectly" are vague

24   and ambiguous. Samsung further objects to the Request as overbroad in that it seeks documents

25   and things that bear on occurrences in other countries that are not at issue in this litigation.

26   Samsung further objects to the Request as duplicative of Apple's Request For Production No. 15.

27   Samsung further objects to the Request to the extent it seeks documents that are not within the

28   possession, custody, or control of Samsung. Samsung further objects to the Request to the extent

1   it seeks documents containing confidential third party information, including information subject

2   to a non-disclosure or other agreement between Samsung and a third party.

3       Subject to these objections, Samsung is willing to meet and confer with Apple about the

4   relevance and scope of the information sought by this request.

5   **SECOND SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 17:**

6       Copies of all advertisements relating to the Products at Issue.

7   **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

8       In addition to its Objections and Responses Common to All Requests for Production,

9   which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

10   seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

11   work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

12   applicable privilege or immunity.  Samsung further objects to the Request to the extent it is

13   unduly burdensome, and/or would require undue expense to answer.  Samsung further objects the

14   request as vague and ambiguous.  For example, the terms "Products at Issue" and "relating to" are

15   vague and ambiguous.  Samsung further objects to the Request as overbroad in that it is not

16   reasonably limited as to the scope of documents and things it seeks.  Samsung further objects to

17   the Request as duplicative of Apple's Request For Production No. 16.  Samsung further objects to

18   the Request to the extent it seeks documents that are not within the possession, custody, or control

19   of Samsung.  Samsung further objects to the Request to the extent the requested documents are

20   publicly available.

21       Subject to these objections, Samsung is willing to meet and confer with Apple about the

22   relevance and scope of the information sought by this request.

23   **SECOND SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 18:**

24       Three samples of each Product at Issue, together with all packaging and documentation

25   that You provide to end users in connection with the Products at Issue.

26   **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

27       In addition to its Objections and Responses Common to All Requests for Production,

28   which it hereby incorporates by reference, Samsung further objects to the Request to the extent it

1   seeks documents equally or more readily available to Apple than to Samsung. Samsung further

2   objects to the Request to the extent the requested documents are publicly available. Samsung

3   further objects the request as vague and ambiguous. For example, the term "Products at Issue" is

4   vague and ambiguous.

5       Subject to these objections, Samsung is willing to meet and confer with Apple about the

6   relevance and scope of the information sought by this request.

7   **SECOND SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 20:**

8       All documents relating to Samsung's analyses, actions, plans or attempts to exercise due

9   care to avoid infringing the Patents at Issue.

10   **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

11       In addition to its Objections and Responses Common to All Requests for Production,

12   which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

13   seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

14   work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

15   applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

16   burdensome, and/or would require undue expense to answer. Samsung further objects the request

17   as vague and ambiguous. For example, the terms "analyses, actions, plans or attempts" and "due

18   care" are vague and ambiguous. Samsung further objects to the Request as overbroad in that it

19   seeks documents and things that pertain to products not at issue in this litigation. Samsung further

20   objects to the Request to the extent it seeks documents that are not within the possession, custody,

21   or control of Samsung. Samsung further objects to the Request to the extent it calls for a legal

22   conclusion.

23       Subject to these objections, Samsung will produce relevant, non-privileged documents

24   within its possession, custody, or control, if any, after conducting a reasonable search in

25   accordance with the Patent Local Rules.

26

27

28

1    **SECOND SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 21:**

2         All documents relating to any opinions, investigations, prior art searches, legal opinions,

3    or oral or written advice regarding the patentability, novelty, validity, enforceability,

4    infringement, interpretation, or scope of any claim(s) of the Patents at Issue.

5    **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

6         In addition to its Objections and Responses Common to All Requests for Production,

7    which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

8    seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

9    work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

10   applicable privilege or immunity.  Samsung further objects to the Request to the extent it is

11   unduly burdensome, and/or would require undue expense to answer.  Samsung further objects to

12   the Request as overbroad in that it is not reasonably limited as to the scope of documents and

13   things it seeks.  Samsung further objects to the Request to the extent it seeks documents that are

14   not within the possession, custody, or control of Samsung.  Samsung further objects to the

15   Request as premature to the extent it seeks documents and things inconsistent with the timeframes

16   set forth in the Northern District of California Patent Local Rules.  Samsung further objects to the

17   Request to the extent it calls for a legal conclusion.

18        Subject to these objections, Samsung will produce relevant, non-privileged documents

19   within its possession, custody, or control, if any, after conducting a reasonable search in

20   accordance with the Patent Local Rules.

21   **SECOND SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 26:**

22        All documents relating to the decision to adopt the Hardware Design of each of the

23   Captivate, Continuum, Fascinate, Galaxy Ace, Galaxy Prevail, Galaxy S (i9000), Galaxy S 4G,

24   Gravity, Indulge, Infuse 4G, Intercept, Mesmerize, Showcase i500, Showcase Galaxy S,

25   Transform, Vibrant, and Galaxy S II phones and the Galaxy tablets.

26   **RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

27        In addition to its Objections and Responses Common to All Requests for Production,

28   which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

1   seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

2   work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

3   applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

4   burdensome, and/or would require undue expense to answer. Samsung further objects the request

5   as vague and ambiguous. For example, the terms "Hardware Design" and "decision" are vague

6   and ambiguous. Samsung further objects to the Request as duplicative of Apple's Request For

7   Production No. 11.

8          Subject to these objections, Samsung will produce relevant, non-privileged documents

9   within its possession, custody, or control, if any, after conducting a reasonable search in

10  accordance with the Patent Local Rules.

11  **SECOND SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 27:**

12         All documents relating to the decision to adopt each version of the Graphical User

13  Interface Design installed on or available on each of the Products at Issue, including the decision

14  to adopt each of the icons displayed in each version of the Graphical User Interface Design

15  installed on or available on each of the Products at Issue.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

17         In addition to its Objections and Responses Common to All Requests for Production,

18  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

19  seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

20  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

21  applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

22  burdensome, and/or would require undue expense to answer. Samsung further objects the request

23  as vague and ambiguous. For example, the terms "decision," "version" and "Graphical User

24  Interface Design" are vague and ambiguous. Samsung further objects to the Request as

25  duplicative of Apple's Request For Production No. 11.

26         Subject to these objections, Samsung will produce relevant, non-privileged documents

27  within its possession, custody, or control, if any, after conducting a reasonable search in

28  accordance with the Patent Local Rules.

**SECOND SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 29:**

All documents relating to any testing, surveys, focus groups, studies, or other means of obtaining consumer opinions that Samsung conducted or had conducted on their behalf in connection with each of the Products at Issue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly burdensome, and/or would require undue expense to answer. Samsung further objects the request as vague and ambiguous. For example, the term "Products at Issue" is vague and ambiguous.

Samsung further objects to the Request as overbroad in that it seeks documents and things that bear on occurrences in other countries that are not at issue in this litigation. Samsung further objects to the Request to the extent it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence. Samsung further objects to the Request to the extent it seeks documents that are not within the possession, custody, or control of Samsung. Samsung further objects to the Request to the extent it seeks documents containing confidential third party information, including information subject to a non-disclosure or other agreement between Samsung and a third party.

Subject to these objections, Samsung is willing to meet and confer with Apple about the relevance and scope of the information sought by this request.

**SECOND SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 30:**

Documents sufficient to identify each Person who was involved in the design of the Hardware Design of each of the Products at Issue and/or each version of the Graphical User Interface Design installed on or available on each of the Products at Issue, including identifying the title of each such Person and the group or department with which each such Person was associated during the period of his or her involvement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity.  Samsung further objects to the Request to the extent it is unduly burdensome, and/or would require undue expense to answer.  Samsung further objects the request as vague and ambiguous.  For example, the terms "Products at Issue," "Hardware Design," Graphical User Interface Design" and "each person who was involved" are vague, ambiguous and overbroad.  Samsung further objects to the Request to the extent it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

Subject to these objections, Samsung will produce relevant, non-privileged documents within its possession, custody, or control, if any, after conducting a reasonable search in accordance with the Patent Local Rules.

**SECOND SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 32:**

Documents sufficient to identify all retail outlets in the United States where each of the Products at Issue has been, is, or will be sold.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly burdensome, and/or would require undue expense to answer. Samsung further objects the request as vague and ambiguous. For example, the term "Product at Issue" is vague and ambiguous. Samsung further objects to the Request to the extent it seeks documents that are not within the possession, custody, or control of Samsung. Samsung further objects to the Request to the extent

1  it seeks documents equally or more readily available to Apple than to Samsung. Samsung further

2  objects to the Request to the extent the requested documents are publicly available.

3     Subject to these objections, Samsung is willing to meet and confer with Apple about the

4  relevance and scope of the information sought by this request.

5  **SECOND SET FOR REQUESTS FOR PRODUCTION, REQUEST NO. 34:**

6     Documents sufficient to identify U.S. revenues generated by each of the Products at Issue

7  on a product-by-product basis.

8  **OBJECTIONS TO REQUEST FOR PRODUCTION NO. 34:**

9     In addition to its Objections and Responses Common to All Requests for Production,

10  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

11  seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

12  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

13  applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

14  burdensome, and/or would require undue expense to answer. Samsung further objects the request

15  as vague and ambiguous. For example, the term "Product at Issue" is vague and ambiguous.

16  Samsung further objects to the Request to the extent the requested documents are publicly

17  available. Samsung further objects to the Request to the extent it seeks highly confidential

18  documents containing sensitive proprietary business information, the disclosure of which would

19  cause Samsung substantial competitive harm.

20     Subject to these objections, Samsung is willing to meet and confer with Apple about the

21  relevance and scope of the information sought by this request.

22  **SECOND SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 36:**

23     All documents relating to any of the elements of the Original iPhone Trade Dress, iPhone

24  3G Trade Dress, iPhone 3GS Trade Dress, iPhone 4 Trade Dress, iPhone Trade Dress, iPad Trade

25  Dress, and iPad 2 Trade Dress, any of the elements identified in the descriptions in the Trade

26  Dress Registrations and the Trade Dress Applications, or any of the Registered Icon Trademarks,

27  the Purple iTunes Store Trademark, or the iTunes Eighth Note and CD Design Trademark.

28

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

2          In addition to its Objections and Responses Common to All Requests for Production,

3    which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

4    seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

5    work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

6    applicable privilege or immunity.  Samsung further objects to the Request to the extent it is

7    unduly burdensome, and/or would require undue expense to answer.  Samsung further objects to

8    the Request as overbroad in that it is not reasonably limited as to the scope of documents and

9    things it seeks.  Samsung further objects to the Request to the extent it seeks documents that are

10   not within the possession, custody, or control of Samsung.  Samsung further objects to the

11   Request to the extent it seeks documents equally or more readily available to Apple than to

12   Samsung.  Samsung further objects to the Request to the extent the requested documents are

13   publicly available.  Samsung further objects to the Request as premature to the extent it seeks

14   documents and things inconsistent with the timeframes set forth in the Northern District of

15   California Patent Local Rules.  Samsung further objects to the Request to the extent it calls for a

16   legal conclusion.  Samsung further objects to the Request to the extent it implies any aspect of

17   Apple products' design constitutes an element of its trade dress.  Documents produced in

18   response to this request, if any, do not constitute an admission that any aspect of Apple products'

19   design constitutes an element of its trade dress.

20         Subject to these objections, Samsung is willing to meet and confer with Apple about the

21   relevance and scope of the information sought by this request.

22   **SECOND SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 37:**

23         All documents relating to Samsung's knowledge of any third party's use of any of the

24   elements of the Original iPhone Trade Dress, iPhone 3G Trade Dress, iPhone 3GS Trade Dress,

25   iPhone 4 Trade Dress, and iPhone Trade Dress, any of the elements identified in the descriptions

26   in the Trade Dress Registrations and U.S.  Application Serial No. 85/299,118, or any of the

27   Registered Icon Trademarks, the Purple iTunes Store Trademark, or the iTunes Eighth Note and

28   CD Design Trademark in the field of smartphones or digital media players.

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

2         In addition to its Objections and Responses Common to All Requests for Production,

3    which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

4    seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

5    work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

6    applicable privilege or immunity.  Samsung further objects to the Request to the extent it is

7    unduly burdensome, and/or would require undue expense to answer.  Samsung further objects the

8    request as vague and ambiguous.  For example, the terms "any third party's use," "fields," and

9    "digital media players" are vague and ambiguous.  Samsung further objects to the Request as

10   overbroad in that it is not reasonably limited as to the scope of documents and things it seeks.

11   Samsung further objects to the Request to the extent it seeks documents that are not relevant to

12   the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of

13   admissible evidence.  Samsung further objects to the Request as duplicative of Apple's Request

14   For Production No. 36.  Samsung further objects to the Request to the extent it calls for a legal

15   conclusion.  Samsung further objects to the Request to the extent it seeks documents containing

16   confidential third party information, including information subject to a non-disclosure or other

17   agreement between Samsung and a third party.  Samsung further objects to the Request to the

18   extent it implies any aspect of Apple products' design constitutes an element of its trade dress.

19        Documents produced in response to this request, if any, do not constitute an admission

20   that any aspect of Apple products' design constitutes an element of its trade dress.

21        Subject to these objections, Samsung is willing to meet and confer with Apple about the

22   relevance and scope of the information sought by this request.

23   **SECOND SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 38:**

24        All documents relating to Samsung's knowledge of any third party's use of any of the

25   elements of the iPad Trade Dress and iPad 2 Trade Dress, any of the elements identified in the

26   descriptions of U.S.  Application Serial Nos. 77/921,838, 77/921,820, and 77/921,869, or any of

27   the Registered Icon Trademarks, the Purple iTunes Store Trademark, or the iTunes Eighth Note

28   and CD Design Trademark in the field of tablet computers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity.  Samsung further objects to the Request to the extent it is unduly burdensome, and/or would require undue expense to answer.  Samsung further objects the request as vague and ambiguous.  For example, the terms "any third party's use," "fields," and "digital media players" are vague and ambiguous.  Samsung further objects to the Request as overbroad in that it is not reasonably limited as to the scope of documents and things it seeks. Samsung further objects to the Request to the extent it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.  Samsung further objects to the Request as duplicative of Apple's Request For Production No. 36.  Samsung further objects to the Request to the extent it calls for a legal conclusion.  Samsung further objects to the Request to the extent it seeks documents containing confidential third party information, including information subject to a non-disclosure or other agreement between Samsung and a third party.  Samsung further objects to the Request to the extent it implies any aspect of Apple products' design constitutes an element of its trade dress.

Documents produced in response to this request, if any, do not constitute an admission that any aspect of Apple products' design constitutes an element of its trade dress.

Subject to these objections, Samsung is willing to meet and confer with Apple about the relevance and scope of the information sought by this request.

**SECOND SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 39:**

All documents relating to actual or possible confusion, mistake or deception, or the likelihood of confusion, as to source, affiliation, or sponsorship between Apple and Samsung or between any of the Apple Products and any of the Captivate, Continuum, Fascinate, Galaxy Ace, Galaxy Prevail, Galaxy S (i9000), Galaxy S 4G, Gravity, Indulge, Infuse 4G, Intercept,

1   Mesmerize, Showcase i500, Showcase Galaxy S, Transform, Vibrant, and Galaxy S II phones and

2   the Galaxy tablets.

3   **RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

4        In addition to its Objections and Responses Common to All Requests for Production,

5   which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

6   seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

7   work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

8   applicable privilege or immunity.  Samsung further objects to the Request to the extent it is

9   unduly burdensome, and/or would require undue expense to answer.  Samsung further objects the

10  request as vague and ambiguous.  For example, the term "confusion, source, affiliation,

11  sponsorship" is vague and ambiguous.  Samsung further objects to the Request as overbroad in

12  that it seeks documents and things that pertain to products not at issue in this litigation.  Samsung

13  further objects to the Request to the extent it seeks documents that are not within the possession,

14  custody, or control of Samsung.

15       Subject to these objections, Samsung is willing to meet and confer with Apple about the

16  relevance and scope of the information sought by this request.

17  **SECOND SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 40:**

18       Documents sufficient to show, by month, the amount spent by Samsung in the United

19  States on advertising, marketing, and promotion of each of the Products at Issue on a product-by-

20  product basis.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

22       In addition to its Objections and Responses Common to All Requests for Production,

23  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

24  seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

25  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

26  applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

27  burdensome, and/or would require undue expense to answer. Samsung further objects to the

28  Request as overbroad in that it seeks documents and things that pertain to products not at issue in

1   this litigation. Samsung further objects to the Request to the extent it seeks documents that are not

2   within the possession, custody, or control of Samsung. Samsung further objects the request as

3   vague and ambiguous. For example, the terms "Products at Issue" and "advertising, marketing,

4   and promotion" are vague and ambiguous. Samsung further objects to the Request in that it seeks

5   data broken out by a particular time period. Samsung further objects to the Request to the extent it

6   seeks highly confidential documents containing sensitive proprietary business information, the

7   disclosure of which would cause Samsung substantial competitive harm.

8       Subject to these objections, Samsung is willing to meet and confer with Apple about the

9   relevance and scope of the information sought by this request.

10  **SECOND SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 41:**

11      Documents sufficient to show, by month, the volume of sales in the United States, in

12  units, of each of the Products at Issue on a product-by-product basis.

13  **OBJECTIONS TO REQUEST FOR PRODUCTION NO. 41:**

14      In addition to its Objections and Responses Common to All Requests for Production,

15  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

16  seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

17  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

18  applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

19  burdensome, and/or would require undue expense to answer. Samsung further objects the request

20  as vague and ambiguous. For example, the term "Products at Issue" is vague and ambiguous.

21  Samsung further objects to the Request in that it seeks data broken out by a particular time period.

22  Samsung further objects to the Request to the extent it seeks highly confidential documents

23  containing sensitive proprietary business information, the disclosure of which would cause

24  Samsung substantial competitive harm.

25      Subject to these objections, Samsung is willing to meet and confer with Apple about the

26  relevance and scope of the information sought by this request.

27

28

1   **SECOND SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 42:**

2   Documents sufficient to show the current and past retail prices for each of the Products at

3   Issue.

4   **OBJECTIONS TO REQUEST FOR PRODUCTION NO. 42:**

5   In addition to its Objections and Responses Common to All Requests for Production,

6   which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

7   seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

8   work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

9   applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

10   burdensome, and/or would require undue expense to answer. Samsung further objects the request

11   as vague and ambiguous. For example, the term "Products at Issue" is vague and ambiguous.

12   Samsung further objects to the Request to the extent it seeks documents that are not within the

13   possession, custody, or control of Samsung. Samsung further objects to the Request to the extent

14   it seeks highly confidential documents containing sensitive proprietary business information, the

15   disclosure of which would cause Samsung substantial competitive harm.

16   Subject to these objections, Samsung is willing to meet and confer with Apple about the

17   relevance and scope of the information sought by this request.

18   **SECOND SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 43:**

19   All documents relating to Your affirmative defenses.

20   **RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

21   In addition to its Objections and Responses Common to All Requests for Production,

22   which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

23   seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

24   work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

25   applicable privilege or immunity.  Samsung further objects to the Request to the extent it is

26   unduly burdensome, and/or would require undue expense to answer.  Samsung further objects the

27   request as vague and ambiguous.  For example, the term "relating to" is vague and ambiguous.

28   Samsung further objects to the Request to the extent it seeks documents that are not within the

1   possession, custody, or control of Samsung.  Samsung further objects to the Request as premature

2   to the extent it seeks documents and things inconsistent with the timeframes set forth in the

3   Northern District of California Patent Local Rules.  Samsung further objects to the Request to the

4   extent the requested documents are publicly available.

5        Subject to these objections, Samsung is willing to meet and confer with Apple about the

6   relevance and scope of the information sought by this request.

7   **SECOND SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 44:**

8        Documents sufficient to disclose Samsung's accounting practices and methods, including

9   Samsung's theories of depreciation, assignment of debt, and allocation of expenses, profit, and

10  losses.

11  **OBJECTIONS TO REQUEST FOR PRODUCTION NO. 44:**

12       In addition to its Objections and Responses Common to All Requests for Production,

13  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

14  seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

15  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

16  applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

17  burdensome, and/or would require undue expense to answer. Samsung further objects the request

18  as vague and ambiguous. For example, the term "theories of depreciation" is vague and

19  ambiguous. Samsung further objects to the Request as overbroad in that it seeks documents and

20  things that pertain to products not at issue in this litigation.  Samsung further objects to the

21  Request as overbroad in that it seeks documents and things that bear on occurrences in other

22  countries that are not at issue in this litigation. Samsung further objects to the Request to the

23  extent it seeks documents that are not relevant to the claims or defenses of any party and/or not

24  reasonably calculated to lead to the discovery of admissible evidence. Samsung further objects to

25  the Request to the extent it seeks documents that are not within the possession, custody, or control

26  of Samsung. Samsung further objects to the Request to the extent it seeks documents equally or

27  more readily available to Apple than to Samsung. Samsung further objects to the Request to the

28  extent the requested documents are publicly available. Samsung further objects to the Request to

1   the extent it seeks highly confidential documents containing sensitive proprietary business

2   information, the disclosure of which would cause Samsung substantial competitive harm.

3   Subject to these objections, Samsung is willing to meet and confer with Apple about the

4   relevance and scope of the information sought by this request.

5   **SECOND SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 47:**

6        Documents sufficient to identify the number (and percentage) of units of each of the

7   Products at Issue that has been returned to retailers by purchasers, or by retailers to, Samsung, on

8   a product-by-product basis.

9   **OBJECTIONS TO REQUEST FOR PRODUCTION NO. 47:**

10       In addition to its Objections and Responses Common to All Requests for Production,

11  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

12  seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

13  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

14  applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

15  burdensome, and/or would require undue expense to answer. Samsung further objects the request

16  as vague and ambiguous. For example, the terms "Products at Issue" and "returned" are vague

17  and ambiguous. Samsung further objects to the Request as overbroad in that it seeks documents

18  and things that bear on occurrences in other countries that are not at issue in this litigation.

19  Samsung further objects to the Request to the extent it seeks documents that are not relevant to

20  the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of

21  admissible evidence. Samsung further objects to the Request to the extent it seeks documents that

22  are not within the possession, custody, or control of Samsung.

23       Subject to these objections, Samsung is willing to meet and confer with Apple about the

24  relevance and scope of the information sought by this request.

25  **SECOND SET OF REQUESTS FOR PRODUCTION (PI), REQUEST NO. 157:**

26       All Documents relating to the "rectangular-shaped phone[s] with rounded corners, a

27  dominant display screen with narrow borders, a horizontally oriented and centered rounded

28  speaker slot, and minimal or non-existent physical navigation buttons" that existed before January

1   2007, as described in your Opposition

2   **OBJECTIONS AND RESPONSE TO REQUEST NO. 157:**

3       In addition to its Objections and Responses Common to All Requests for Production,

4   which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

5   seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

6   work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

7   applicable privilege or immunity. Samsung further objects to the request as overbroad in that it

8   seeks "all" documents and is not reasonably limited as to the scope of documents and things it

9   seeks. Samsung further objects to the Request to the extent it seeks documents equally or more

10  readily available to Apple than to Samsung. Samsung further objects to the Request to the extent

11  the requested documents are publicly available.

12      Subject to these objections, Samsung will produce relevant, non-privileged documents

13  within its possession, custody, or control, if any, after conducting a reasonable search during the

14  preliminary injunction discovery phase.

15  **SECOND SET OF REQUESTS FOR PROUDCTION (PI), REQUEST NO. 158:**

16      All Documents relating to the design, development, or implementation of the following

17  features of the Products at Issue: (1) their Hardware Design; (2) the functionality that allows for a

18  list to be scrolled beyond its terminus or a document to be translated beyond its edge until the list

19  or document is partially displayed; and (3) functionality that allows for a list that is scrolled

20  beyond its terminus to scroll back or bounce back into place or for a document that is translated

21  beyond its edge to translate back or bounce back so that the list or document returns to fill the

22  screen.

23  **OBJECTIONS AND RESPONSE TO REQUEST NO. 158:**

24      In addition to its Objections and Responses Common to All Requests for Production,

25  which it hereby incorporates by reference, Samsung objects to this Request on the grounds that it

26  is vague and ambiguous with regard to the terms "Hardware Design," "scrolled beyond its

27  terminus" or "translated beyond its edge." Samsung further objects to the request as overbroad in

28

1   that it seeks "all" documents and is not reasonably limited as to the scope of documents and

2   things

3   it seeks. Samsung further objects to this request because Apple has delayed serving this document

4   request, despite Apple's earlier knowledge of the issues raised in the request and despite the fact

5   that Apple has known about the Court's Order governing discovery relating to Apple's motion for

6   a preliminary injunction since July 18, 2011.

7        Subject to these objections, Samsung will produce relevant, non-privileged documents

8   within its possession, custody, or control, if any, after conducting a reasonable search during the

9   preliminary injunction discovery phase.

10  **SECOND SET OF REQUESTS FOR PRODUCTION (PI), REQUEST NO. 159:**

11       Documents sufficient to identify the individuals who contributed to the design,

12  development, or implementation of the following features of the Products at Issue: (1) their

13  Hardware Design; (2) the functionality that allows for a list to be scrolled beyond its terminus or a

14  document to be translated beyond its edge until the list or document is partially displayed; and (3)

15  functionality that allows for a list that is scrolled beyond its terminus to scroll back or bounce

16  back into place or for a document that is translated beyond its edge to translate back or bounce

17  back so that the list or document returns to fill the screen.

18  **OBJECTIONS TO REQUEST FOR PRODUCTION NO. 159:**

19       In addition to its Objections and Responses Common to All Requests for Production,

20  which it hereby incorporates by reference, Samsung objects to this Request on the grounds that it

21  is vague and ambiguous with regard to the terms "Hardware Design," "scrolled beyond its

22  terminus" or "translated beyond its edge."  Samsung further objects to this request because Apple

23  has delayed serving this document request, despite Apple's earlier knowledge of the issues raised

24  in the request and despite the fact that Apple has known about the Court's Order governing

25  discovery relating to Apple's motion for a preliminary injunction since July 18, 2011.

26       Subject to these objections, Samsung will produce relevant, non-privileged documents

27  within its possession, custody, or control, if any, after conducting a reasonable search during the

28  preliminary injunction discovery phase.

**SECOND SET OF REQUESTS FOR PRODUCTION (PI), REQUEST NO. 160:**

Documents sufficient to identify the date of the first design of the following features of the Products at Issue: (1) their Hardware Design; (2) the functionality that allows for a list to be scrolled beyond its terminus or a document to be translated beyond its edge until the list or document is partially displayed; and (3) functionality that allows for a list that is scrolled beyond its terminus to scroll back or bounce back into place or for a document that is translated beyond its edge to translate back or bounce back so that the list or document returns to fill the screen.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 160:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that it is vague and ambiguous with regard to the terms "Hardware Design," "scrolled beyond its terminus" or "translated beyond its edge." Samsung further objects to this request because Apple has delayed serving this document request, despite Apple's earlier knowledge of the issues raised in the request and despite the fact that Apple has known about the Court's Order governing discovery relating to Apple's motion for a preliminary injunction since July 18, 2011.

Subject to these objections, Samsung will produce relevant, non-privileged documents within its possession, custody, or control, if any, after conducting a reasonable search during the preliminary injunction discovery phase.

**SECOND SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 161:**

All Documents and things relating to the design of the Hardware Design of the Products at Issue, including for example, CAD images or files, emails, notebooks, photographs, sketches, design specifications, models, mock-ups, and other design documents.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 161:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that it is vague and ambiguous with regard to the term "Hardware Design." Samsung further objects to the Request as overbroad in that it is not limited to any reasonable time period and seeks

1   documents and things from time periods not at issue in this litigation. Samsung further objects to

2   the request as overbroad in that it seeks "all" documents and is not reasonably limited as to the

3   scope of documents and things it seeks. Samsung further objects to this request because Apple

4   has delayed serving this document request, despite Apple's earlier knowledge of the issues raised

5   in the request and despite the fact that Apple has known about the Court's Order governing

6   discovery relating to Apple's motion for a preliminary injunction since July 18, 2011.

7       Subject to these objections, Samsung will produce relevant, non-privileged documents

8   within its possession, custody, or control, if any, after conducting a reasonable search during the

9   preliminary injunction discovery phase.

10  **SECOND SET OF REQUESTS FOR PRODUCTION (PI), REQUEST NO. 162:**

11      Documents sufficient to show alternative Hardware Designs considered by Samsung

12  during the development of the Products at Issue.

13  **OBJECTIONS TO REQUEST FOR PRODUCTION NO. 162:**

14      In addition to its Objections and Responses Common to All Requests for Production,

15  which it hereby incorporates by reference, Samsung objects to this Request on the grounds that it

16  is vague and ambiguous with regard to the term "Hardware Designs." Samsung further objects to

17  the Request as overbroad in that it is not limited to any reasonable time period and seeks

18  documents and things from time periods not at issue in this litigation. Samsung further objects to

19  this request because Apple has delayed serving this document request, despite Apple's earlier

20  knowledge of the issues raised in the request and despite the fact that Apple has known about the

21  Court's Order governing discovery relating to Apple's motion for a preliminary injunction since

22  July 18, 2011.

23      Subject to these objections, Samsung will produce relevant, non-privileged documents

24  within its possession, custody, or control, if any, after conducting a reasonable search during the

25  preliminary injunction discovery phase.

26

27

28

**SECOND SET OF REQUESTS FOR PRODUCTION (PI), REQUEST NO. 163:**

All Documents relating to functional and cost considerations that constrained or altered the Hardware Design of the Products at Issue.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 163:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that it is vague and ambiguous with regard to the term "Hardware Design." Samsung further objects to the request as overbroad in that it seeks "all" documents and is not reasonably limited as to the scope of documents and things it seeks. Samsung further objects to this request because Apple has delayed serving this document request, despite Apple's earlier knowledge of the issues raised in the request and despite the fact that Apple has known about the Court's Order governing discovery relating to Apple's motion for a preliminary injunction since July 18, 2011.

Subject to these objections, Samsung will produce relevant, non-privileged documents within its possession, custody, or control, if any, after conducting a reasonable search during the preliminary injunction discovery phase.

**SECOND SET OF REQUESTS FOR PRODUCTION (PI), REQUEST NO. 164:**

All documents relating to aesthetic consideration relating to the Hardware Design of the Products at Issue. .

**OBJECTIONS AND RESPONSE TO REQUEST NO. 164:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that it is vague and ambiguous with regard to the term "Hardware Design" and "aesthetic considerations." Samsung further objects to the request as overbroad in that it seeks "all" documents and is not reasonably limited as to the scope of documents and things it seeks. Samsung further objects to this request because Apple has delayed serving this document request, despite Apple's earlier knowledge of the issues raised in the request and despite the fact that Apple has known about the Court's Order governing discovery relating to Apple's motion for a

1   preliminary injunction since July 18, 2011.

2       Subject to these objections, Samsung is willing to meet and confer with Apple about the

3   relevance and scope of the information sought by this request.

4   **SECOND SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 167:**

5       All Documents to the design of the user interface for each of the Products at Issue.

6   **OBJECTIONS AND RESPONSE TO REQUEST NO. 167:**

7       In addition to its Objections and Responses Common to All Requests for Production,

8   which it hereby incorporates by reference, Samsung objects to this Request on the grounds that it

9   is vague and ambiguous with regard to the term "user interface." Samsung further objects to the

10  request as overbroad in that it seeks "all" documents and is not reasonably limited as to the scope

11  of documents and things it seeks. Samsung further objects to this request because Apple has

12  delayed serving this document request, despite Apple's earlier knowledge of the issues raised in

13  the request and despite the fact that Apple has known about the Court's Order governing

14  discovery relating to Apple's motion for a preliminary injunction since July 18, 2011.

15      Subject to these objections, Samsung is willing to meet and confer with Apple about the

16  relevance and scope of the information sought by this request.

17  **SIXTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 194:**

18      All Documents to or from Lee Don-Joo relating to his consideration or review of any

19  Apple Product, its hardware design, or its features.

20  **OBJECTIONS AND RESPONSE TO REQUEST NO. 194:**

21      In addition to its Objections and Responses Common to All Requests for Production,

22  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

23  seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

24  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

25  applicable privilege or immunity.  Samsung further objects to the Request to the extent it is

26  unduly burdensome, and/or would require undue expense to answer.  Samsung further objects to

27  the Request on the basis that it is vague and ambiguous.  For example, the term "consideration or

28  review" is vague and ambiguous.  Samsung further objects to the Request as overbroad in that it

1  is not limited to any reasonable time period and seeks documents and things from time periods

2  not at issue in this litigation.  Samsung further objects to the Request as overbroad in that it seeks

3  documents and things that pertain to products not at issue in this litigation.  Samsung further

4  objects to the Request as duplicative.  For instance, the Request is duplicative of Apple's

5  Requests Nos. 166 and 192.  Samsung further objects to the Request to the extent it seeks

6  documents that are not relevant to the claims or defenses of any party and not reasonably

7  calculated to lead to the discovery of admissible evidence.  Samsung further objects to the

8  Request to the extent it seeks documents equally available to Apple as to Samsung.  Samsung

9  further objects to the Request to the extent the requested documents are publicly available.

10      Subject to and without waiving the foregoing objections, Samsung is willing to meet and

11  confer with Apple about the relevance and scope of the information sought by this Request.

12  **SECOND SET OF REQUESTS FOR PRODUCTION (PI), REQUEST NO. 200:**

13      Source code for the Gallery, Contacts, and Browser applications on the Products at Issue.

14  **OBJECTIONS TO REQUEST FOR PRODUCTION NO. 200:**

15      In addition to its Objections and Responses Common to All Requests for Production,

16  which it hereby incorporates by reference, Samsung objects to the Request to the extent it seeks

17  documents containing confidential information, including information subject to the protective

18  order. Samsung further objects to this request because Apple has delayed serving this document

19  request, despite Apple's earlier knowledge of the issues raised in the request and despite the fact

20  that Apple has known about the Court's Order governing discovery relating to Apple's motion for

21  a preliminary injunction since July 18, 2011.

22      Subject to these objections, Samsung is willing to meet and confer with Apple about the

23  relevance and scope of the information sought by this request.

24  **SECOND SET OF REQUESTS FOR PRODUCTION (PI), REQUEST NO. 201:**

25      Source code relating to features of the Products at Issue that Apple has alleged infringe

26  U.S. Patent No. 7,469,381.

27

28

APPLE INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND THINGS
CASE NO. 11-cv-01846-LHK
sf-3093198

30

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 201:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to the Request to the extent it seeks documents containing confidential information, including information subject to the protective order. Samsung further objects to this request because Apple has delayed serving this document request, despite Apple's earlier knowledge of the issues raised in the request and despite the fact that Apple has known about the Court's Order governing discovery relating to Apple's motion for a preliminary injunction since July 18, 2011.

Subject to these objections, Samsung is willing to meet and confer with Apple about the relevance and scope of the information sought by this request.

**SECOND SET OF REQUESTS FOR PRODUCTION (PI), REQUEST NO. 202:**

Source code for any instructions relating to not illuminating part of the screens on the Products at Issue while they are powered on.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 202:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to the Request to the extent it seeks documents containing confidential information, including information subject to the protective order. Samsung further objects to this request because Apple has delayed serving this document request, despite Apple's earlier knowledge of the issues raised in the request and despite the fact that Apple has known about the Court's Order governing discovery relating to Apple's motion for a preliminary injunction since July 18, 2011.

Subject to these objections, Samsung is willing to meet and confer with Apple about the relevance and scope of the information sought by this request.

**SECOND SET OF REQUESTS FOR PRODUCTION (PI), REQUEST NO. 203:**

Documents sufficient to show the operation and functionality of the AMOLED screens of the Products at Issue.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 203:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to the Request to the extent it seeks documents containing confidential information, including information subject to the protective order. Samsung further objects to this request because Apple has delayed serving this document request, despite Apple's earlier knowledge of the issues raised in the request and despite the fact that Apple has known about the Court's Order governing discovery relating to Apple's motion for a preliminary injunction since July 18, 2011.

Subject to these objections, Samsung is willing to meet and confer with Apple about the relevance and scope of the information sought by this request.

**SECOND SET OF REQUESTS FOR PRODUCTION (PI), REQUEST NO. 204:**

All Documents relating to your analysis, review, consideration, or copying of, or comparison against, any Apple product or product feature, including (1) their Hardware Design; (2) the functionality that allows for a list to be scrolled beyond its terminus or a document to be translated beyond its edge until the list or document is partially displayed; and (3) functionality that allows for a list that is scrolled beyond its terminus to scroll back or bounce back into place or for a document that is translated beyond its edge to translate back or bounce back so that the list or document returns to fill the screen.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 204:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly burdensome, and/or would require undue expense to answer. Samsung further objects the request as vague and ambiguous and overbroad. For example, the terms "analysis, review, consideration or copying" are vague and ambiguous and overbroad. Samsung further objects to the Request to the extent it seeks documents that are not relevant to the claims or defenses of any party and/or

1  not reasonably calculated to lead to the discovery of admissible evidence. Samsung further

2  objects to this request as oppressive and harassing inasmuch as it implies Samsung engaged in

3  copying and other such activity. Documents produced in response to this request, if any, do not

4  constitute an admission that Samsung "copied" any Apple product or feature. Samsung further

5  objects to this request because Apple has delayed serving this document request, despite Apple's

6  earlier knowledge of the issues raised in the request and despite the fact that Apple has known

7  about the Court's Order governing discovery relating to Apple's motion for a preliminary

8  injunction since July 18, 2011.

9        Subject to these objections, Samsung will produce relevant, non-privileged documents

10  within its possession, custody, or control, if any, after conducting a reasonable search during the

11  preliminary injunction discovery phase.

12  **SECOND SET OF REQUESTS FOR PRODUCTION (PI), REQUEST NO. 205**

13        All Documents relating to any customer surveys, studies, analyses or investigations

14  regarding the Products at Issue.

15  **OBJECTIONS TO REQUEST FOR PRODUCTION NO. 205:**

16        In addition to its Objections and Responses Common to All Requests for Production,

17  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

18  seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

19  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

20  applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

21  burdensome, and/or would require undue expense to answer. Samsung further objects to this

22  Request as overbroad in that it seeks "all" documents and is not reasonably limited as to the scope

23  of documents and things it seeks. Samsung further objects the request as vague and ambiguous

24  and overbroad in asking for "any statements." Samsung further objects to the Request as

25  overbroad in that it is not limited to any reasonable time period and seeks documents and things

26  from time periods not at issue in this litigation. Samsung further objects to the Request to the

27  extent it seeks documents that are not relevant to the claims or defenses of any party and/or not

28  reasonably calculated to lead to the discovery of admissible evidence. Samsung further objects to

1    this request because Apple has delayed serving this document request, despite Apple's earlier

2    knowledge of the issues raised in the request and despite the fact that Apple has known about the

3    Court's Order governing discovery relating to Apple's motion for a preliminary injunction since

4    July 18, 2011.

5        Subject to these objections, Samsung is willing to meet and confer with Apple about the

6    relevance and scope of the information sought by this request.

7    **SECOND SET OF REQUESTS FOR PRODUCTION (PI) REQUEST NO. 206:**

8        All Documents relating to any customer surveys, studies, analyses or investigations

9    regarding the Products at Issue.

10   **OBJECTIONS AND RESPONSE TO REQUEST NO. 206:  NEED RESPONSE**

11       In addition to its Objections and Responses Common to All Requests for Production,

12   which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

13   seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

14   work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

15   applicable privilege or immunity. Samsung further objects to this Request as overbroad in that it

16   seeks "all" documents and is not reasonably limited as to the scope of documents and things it

17   seeks. Samsung further objects to the Request as overbroad in that it is not limited to any

18   reasonable time period and seeks documents and things from time periods not at issue in this

19   litigation. Samsung further objects to the Request to the extent it seeks documents that are not

20   relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the

21   discovery of admissible evidence. Samsung further objects to this request because Apple has

22   delayed serving this document request, despite Apple's earlier knowledge of the issues raised in

23   the request and despite the fact that Apple has known about the Court's Order governing

24   discovery relating to Apple's motion for a preliminary injunction since July 18, 2011.

25       Subject to these objections, Samsung is willing to meet and confer with Apple about the

26   relevance and scope of the information sought by this request.

27

28

**SECOND SET OF REQUESTS FOR PRODUCTION (PI), REQUEST NO. 207:**

All Documents identifying or analyzing the market or markets to which Samsung intends to sell the Products at Issue.

**OBJECTIONS TO REQUEST FOR PRODUCTION NO. 207:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity. Samsung further objects to this Request as overbroad in that it seeks "all" documents and is not reasonably limited as to the scope of documents and things it seeks. Samsung further objects to the Request as overbroad in that it is not limited to any reasonable time period and seeks documents and things from time periods not at issue in this litigation. Samsung further objects to the Request to the extent it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence. Samsung further objects to this request because Apple has delayed serving this document request, despite Apple's earlier knowledge of the issues raised in the request and despite the fact that Apple has known about the Court's Order governing discovery relating to Apple's motion for a preliminary injunction since July 18, 2011.

Subject to these objections, Samsung is willing to meet and confer with Apple about the relevance and scope of the information sought by this request.

**SIXTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 192:**

All Documents relating to your analysis, review, consideration or assessment of any Apple Product or product feature in designing, developing, or implementing any feature of the Products at Issue, including: (1) the Hardware Design; and (2) the Accused Feature.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 192:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

1   work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

2   applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

3   burdensome, and/or would require undue expense to answer. Samsung further objects to the

4   Request on the basis that it is vague and ambiguous. For example, the terms "analysis, review,

5   consideration or assessment," "product feature," and "designing, developing or implementing"

6   are vague and ambiguous. Samsung further objects to the Request as overbroad in that it seeks

7   documents and things that pertain to features or applications not at issue in this litigation.

8   Samsung further objects to the Request as overbroad and irrelevant to the extent it seeks

9   documents pertaining to the hardware design of products not accused of infringing Apple's

10   alleged trade dress or design patents. Samsung further objects to the Request as seeking "all"

11   documents on a topic. Samsung further objects to the Request as duplicative. For instance, the

12   Request is duplicative of Apple's Requests Nos. 13 and 204. Samsung further objects to the

13   Request to the extent it seeks documents equally available to Apple as to Samsung. Samsung

14   further objects to the Request to the extent the requested documents are publicly available.

15         Subject to and without waiving the foregoing objections and subject to the parties'

16   ongoing meet and confer on such issues, and without representing that any responsive documents

17   exist, Samsung will produce responsive, non-privileged documents and things in its possession,

18   custody and control discovered as a result of a reasonable and diligent search. Samsung will not

19   produce documents pertaining to the hardware design of products not accused of infringing

20   alleged Apple's trade dress or design patents.

21   **SIXTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 193:**

22         All Documents comparing the operating system installed in the Products at Issue

23   (including but not limited to the Android operating system and/or platform) to the operating

24   system used on the Apple Products, or any part, feature or portion thereof.

25   **OBJECTIONS AND RESPONSE TO REQUEST NO. 193:**

26         In addition to its Objections and Responses Common to All Requests for Production,

27   which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

28   seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

1   work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

2   applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

3   burdensome, and/or would require undue expense to answer. Samsung further objects to the

4   Request on the basis that it is vague and ambiguous. For example, the terms "comparing" and

5   "part, feature or portion" are vague and ambiguous. Samsung further objects to the Request as

6   seeking "all" documents on a topic. Samsung further objects to the Request as overbroad in that it

7   seeks documents and things that pertain to features or applications not at issue in this litigation.

8   Samsung further objects to the Request as duplicative. For instance, the Request is duplicative of

9   Apple's Request No. 13.

10         Subject to these objections, Samsung is willing to meet and confer with Apple about the

11   relevance and scope of the information sought by this Request.

12   **SIXTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 195:**

13         All Documents relating to the work conducted by any group within Defendants that

14   analyzed, considered, or compared any Apple Product or product feature in developing one or

15   more of the Products at Issue.

16   **OBJECTIONS AND RESPONSE TO REQUEST NO. 195:**

17         In addition to its Objections and Responses Common to All Requests for Production,

18   which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

19   seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

20   work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

21   applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

22   burdensome, and/or would require undue expense to answer. Samsung further objects to the

23   Request on the basis that it is vague and ambiguous. For example, the terms "analyzed,

24   considered, or compared" and "any Group within Defendants" are vague and ambiguous.

25         Samsung further objects to the Request as seeking "all" documents on a topic. Samsung

26   further objects to the Request as duplicative. For instance, the Request is duplicative of Apple's

27   Requests Nos. 2 and 192.

28

1    Subject to these objections, Samsung is willing to meet and confer with Apple about the

2    relevance and scope of the information sought by this Request.

3    **SIXTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 196:**

4    All Documents relating to any competitor studies, market analysis, review, consideration,

5    or assessment of the Apple Trademarks and Trade Dress.

6    **OBJECTIONS AND RESPONSE TO REQUEST NO. 196:**

7    In addition to its Objections and Responses Common to All Requests for Production,

8    which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

9    seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

10   work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

11   applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

12   burdensome, and/or would require undue expense to answer. Samsung further objects to the

13   Request on the basis that it is vague and ambiguous. For example, the term "competitor studies,

14   market analysis, review, consideration, or assessment" is vague and ambiguous. Samsung further

15   objects to the Request as seeking "all" documents on a topic. Samsung further objects to the

16   Request as overbroad in that it seeks documents and things that pertain to intellectual property not

17   at issue in this litigation. Samsung further objects to the Request as overbroad in that it seeks

18   documents and things that bear on occurrences in other countries that are not at issue in this

19   litigation. Samsung further objects to the Request to the extent it seeks documents that are not

20   relevant to the claims or defenses of any party and not reasonably calculated to lead to the

21   discovery of admissible evidence. Samsung further objects to the Request to the extent it calls for

22   a legal conclusion.

23   Subject to these objections, Samsung is willing to meet and confer with Apple about the

24   relevance and scope of the information sought by this Request.

25   **SIXTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 197:**

26   All Documents sufficient to identify and show in detail each design around, allegedly

27   noninfringing alternative manufacturing process, and/or alternative technology or method that can

28   be used as an alternative to the patented technology of each of the Utility Patents at Issue.

1   **OBJECTIONS AND RESPONSE TO REQUEST NO. 197:**

2        In addition to its Objections and Responses Common to All Requests for Production,

3   which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

4   seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

5   work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

6   applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

7   burdensome, and/or would require undue expense to answer. Samsung further objects to the

8   Request on the basis that it is vague and ambiguous. For example, the term "non-infringing

9   alternative manufacturing process, and/or alternative technology or method" is vague and

10  ambiguous. Samsung further objects to the Request as seeking "all" documents on a topic.

11  Samsung further objects to the Request as overbroad in that it is not reasonably limited as to the

12  scope of documents and things it seeks. For example, the Request is not limited to economically

13  viable alternatives, or to alternatives Samsung has identified. Samsung further objects to the

14  Request as premature to the extent it seeks documents and things in a manner inconsistent with

15  the timeframes pertaining to expert discovery set forth by any applicable law, including the

16  Northern District of California Patent Local Rules.

17       Subject to these objections, Samsung is willing to meet and confer with Apple about the

18  relevance and scope of the information sought by this Request.

19  **SIXTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 198:**

20       Documents concerning each design around, and/or allegedly non-infringing alternative

21  design that can be used as an alternative to the Design Patents at Issue.

22  **OBJECTIONS AND RESPONSE TO REQUEST NO. 198:**

23       In addition to its Objections and Responses Common to All Requests for Production,

24  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

25  seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

26  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

27  applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

28  burdensome, and/or would require undue expense to answer. Samsung further objects to the

1   Request on the basis that it is vague and ambiguous. For example, the term "design around,

2   and/or allegedly non-infringing alternative design" is vague and ambiguous. Samsung further

3   objects to the Request as overbroad in that it is not reasonably limited as to the scope of

4   documents and things it seeks. For example, the Request is not limited to economically viable

5   alternatives, or to alternatives Samsung has identified. Samsung further objects to the Request to

6   the extent it calls for a legal conclusion. Samsung further objects to the Request as premature to

7   the extent it seeks documents and things in a manner inconsistent with the timeframes pertaining

8   to expert discovery set forth by any applicable law, including the Northern District of California

9   Patent Local Rules.

10      Subject to these objections, Samsung is willing to meet and confer with Apple about the

11  relevance and scope of the information sought by this Request.

12  **SIXTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 199:**

13      All Documents relating to each change Samsung made, is now making, or will make to

14  the Products at Issue in response to Apple's allegations in this lawsuit.

15  **OBJECTIONS AND RESPONSE TO REQUEST NO. 199:**

16      In addition to its Objections and Responses Common to All Requests for Production,

17  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

18  seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

19  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

20  applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

21  burdensome, and/or would require undue expense to answer. Samsung further objects to the

22  Request as vague and ambiguous. For example, the term "in response to" is vague and

23  ambiguous. Samsung further objects to the Request as overbroad in that it is not limited to any

24  reasonable time period and seeks documents and things from time periods not at issue in this

25  litigation. The Request is also overbroad in that it asks Samsung to know the future. Samsung

26  further objects to the Request as seeking "all" documents on a topic. Samsung further objects to

27  the Request as duplicative. For instance, the Request is duplicative of Apple's Requests Nos. 197

28  and 198. Samsung further objects to the Request to the extent it seeks documents equally

1    available to Apple as to Samsung. Samsung further objects to the Request to the extent the

2    requested documents are publicly available.

3          Subject to these objections, Samsung is willing to meet and confer with Apple about the

4    relevance and scope of the information sought by this Request.

5    **SIXTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 203:**

6          All Documents discussing, analyzing, or evaluating any of the intellectual property rights

7    that Apple has asserted in this lawsuit, including the Patents at Issue and the Apple Trademarks

8    and Trade Dress.

9    **OBJECTIONS AND RESPONSE TO REQUEST NO. 203:**

10         In addition to its Objections and Responses Common to All Requests for Production,

11   which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

12   seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

13   work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

14   applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

15   burdensome, and/or would require undue expense to answer. Samsung further objects to the

16   Request as vague and ambiguous. For example, the term "discussing, analyzing or evaluating" is

17   vague and ambiguous. Samsung further objects to the Request as seeking "all" documents on a

18   topic. Samsung further objects to the Request to the extent it calls for a legal conclusion.

19         Subject to these objections, Samsung is willing to meet and confer with Apple about the

20   relevance and scope of the information sought by this Request.

21   **SIXTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 207:**

22         All Documents relating to the design, development, production, manufacture, or

23   implementation of the Products at Issue, including but not limited to: (1) their Hardware Design;

24   (2) the operating system used in the Product at Issue; (3) any Samsung application installed in the

25   Product at Issue; (4) the development, production and implementation of any Accused Feature;

26   (5) the design and development of the icons accused of infringement in the Products at Issue.

27   This request covers white papers, designs, plans, specifications, pamphlets, memorandums,

28

1   schematics, engineering drawings, guides, guidelines, technical overviews, design reports,

2   technical sheets, and any documents identifying the persons involved with these activities.

3   **OBJECTIONS AND RESPONSE TO REQUEST NO. 207:**

4   In addition to its Objections and Responses Common to All Requests for Production, which it

5   hereby incorporates by reference, Samsung objects to this Request to the extent that it seeks to

6   elicit information subject to and protected by the attorney-client privilege, the attorney work-

7   product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

8   applicable privilege or immunity. Samsung further objects to the Request as vague and

9   ambiguous. For example, term "implementation" is vague and ambiguous. Samsung further

10  objects to the Request to the extent it is unduly burdensome, and/or would require undue expense

11  to answer. Samsung further objects to the Request as overbroad in that it seeks documents and

12  things that pertain to features or applications not at issue in this litigation. Samsung further

13  objects to the Request as overbroad and irrelevant to the extent it seeks documents pertaining to

14  the hardware design of products not accused of infringing Apple's alleged trade dress or design

15  patents. Samsung further objects to the Request as duplicative. For instance, the Request is

16  duplicative of Apple's Requests Nos. 1, 11, 12, 208, and 209. Samsung further objects to the

17  Request to the extent it seeks documents that are not relevant to the claims or defenses of any

18  party and not reasonably calculated to lead to the discovery of admissible evidence.

19       Subject to and without waiving the foregoing objections and subject to the parties'

20  ongoing meet and confer on such issues, and without representing that any responsive documents

21  exist, Samsung will produce responsive, non-privileged documents and things in its possession,

22  custody and control discovered as a result of a reasonable and diligent search. Samsung will not

23  produce documents pertaining to the hardware design of products not accused of infringing

24  alleged Apple's trade dress or design patents.

25  **SIXTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 208:**

26       All Documents identifying the individuals who contributed to the design, development,

27  production, manufacture, or implementation of the Products at Issue, including: (1) their

28  Hardware Design; (2) the development of the operating system used in the Product at Issue; (3)

1   the development of any Samsung application installed in the Product at Issue; and (4) the

2   development of any Accused Feature.

3   **OBJECTIONS AND RESPONSE TO REQUEST NO. 208:**

4          In addition to its Objections and Responses Common to All Requests for Production,

5   which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

6   seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

7   work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

8   applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

9   burdensome, and/or would require undue expense to answer. Samsung further objects to the

10  Request on the basis that it is vague and ambiguous. For example, the term "contributed" is vague

11  and ambiguous. Samsung further objects to the Request as overbroad and irrelevant to the extent

12  it seeks documents pertaining to the hardware design of products not accused of infringing

13  Apple's alleged trade dress or design patents. Samsung further objects to the Request as seeking

14  "all" documents on a topic. Samsung further objects to the Request as overbroad in that it seeks

15  documents and things that pertain to features or applications not at issue in this litigation.

16  Samsung further objects to the Request as overbroad in that it seeks documents and things that

17  pertain to products not at issue in this litigation. Samsung further objects to the Request as

18  duplicative. For instance, the Request is duplicative of Apple's Requests Nos. 1, 11, 12, 159, 207,

19  and 209. Samsung further objects to the Request to the extent it seeks documents that are not

20  relevant to the claims or defenses of any party and not reasonably calculated to lead to the

21  discovery of admissible evidence.

22         Subject to these objections, Samsung is willing to meet and confer with Apple about the

23  relevance and scope of the information sought by this Request.

24  **SIXTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 210:**

25         All Documents and things relating to the Hardware Design of the Products at Issue,

26  including but not limited to, CAD images or files, prototype 3D models (mockups), design

27  history files, emails, notebooks, photographs, sketches, design specifications, models, mock-ups,

28  and other design documents.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 210:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly burdensome, and/or would require undue expense to answer. Samsung further objects to the Request as overbroad and irrelevant to the extent it seeks documents pertaining to the hardware design of products not accused of infringing Apple's alleged trade dress or design patents. Samsung further objects to the Request as seeking "all" documents on a topic. Samsung further objects to the Request as duplicative. For instance, the Request is duplicative of Apple's Request No. 161.

Subject to and without waiving the foregoing objections and subject to the parties' ongoing meet and confer on such issues, and without representing that any responsive documents exist, Samsung will produce responsive, non-privileged documents and things in its possession, custody and control discovered as a result of a reasonable and diligent search. Samsung will not produce documents pertaining to the hardware design of products not accused of infringing alleged Apple's trade dress or design patents.

**SIXTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 211:**

All Documents and things relating to any prior design project that led to the Products at Issue, including but not limited to, CAD images or files, prototype 3D models (mockups), design history files, emails, notebooks, photographs, sketches, design specifications, models, mock-ups, and other design documents.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 211:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

1   applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

2   burdensome, and/or would require undue expense to answer. Samsung further objects to the

3   Request as vague and ambiguous. For example, the terms "led to" and "prior design project" are

4   vague and ambiguous. Samsung further objects to the Request as overbroad and irrelevant to the

5   extent it seeks documents pertaining to the hardware design of products not accused of infringing

6   Apple's alleged trade dress or design patents. Samsung further objects to the Request as seeking

7   "all" documents on a topic. Samsung further objects to the Request as overbroad in that it is not

8   limited to any reasonable time period and seeks documents and things from time periods not at

9   issue in this litigation. Samsung further objects to the Request as overbroad in that it seeks

10   documents and things that pertain to products not at issue in this litigation.

11   Subject to these objections, Samsung is willing to meet and confer with Apple about the

12   relevance and scope of the information sought by this Request.

13   **SIXTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 212 :**

14        All Documents concerning alternative Hardware Designs considered by Samsung during

15   the development of the Products at Issue.

16   **OBJECTIONS AND RESPONSE TO REQUEST NO. 212:**

17        In addition to its Objections and Responses Common to All Requests for Production,

18   which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

19   seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

20   work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

21   applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

22   burdensome, and/or would require undue expense to answer. Samsung further objects to the

23   Request as vague and ambiguous. For example, the term "alternative" is vague and ambiguous.

24   Samsung further objects to the Request as overbroad and irrelevant to the extent it seeks

25   documents pertaining to the hardware design of products not accused of infringing Apple's

26   alleged trade dress or design patents. Samsung further objects to the Request as seeking "all"

27   documents on a topic. Samsung further objects to the Request as duplicative. For instance, the

28   Request is duplicative of Apple's Requests Nos. 162 and 210.

1    Subject to these objections, Samsung is willing to meet and confer with Apple about the

2    relevance and scope of the information sought by this Request.

3    **SIXTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 213 :**

4    All Documents relating to functional and cost considerations that constrained or altered

5    the Hardware Design of the Products at Issue.

6    **OBJECTIONS AND RESPONSE TO REQUEST NO. 213:**

7    In addition to its Objections and Responses Common to All Requests for Production,

8    which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

9    seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

10   work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

11   applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

12   burdensome, and/or would require undue expense to answer. Samsung further objects to the

13   Request on the basis that it is vague and ambiguous. For example, the term "functional and cost

14   considerations that constrained or altered" is vague and ambiguous. Samsung further objects to

15   the Request as overbroad and irrelevant to the extent it seeks documents pertaining to the

16   hardware design of products not accused of infringing Apple's alleged trade dress or design

17   patents. Samsung further objects to the Request as duplicative of Apple's Requests For

18   Production Nos. 163 and 210.

19   Subject to these objections, Samsung is willing to meet and confer with Apple about the

20   relevance and scope of the information sought by this Request.

21   **SIXTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 214**

22   All Documents relating to aesthetic considerations relating to the Hardware Design of the

23   Products at Issue.

24   **OBJECTIONS AND RESPONSE TO REQUEST NO. 214:**

25   In addition to its Objections and Responses Common to All Requests for Production,

26   which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

27   seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

28   work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

1   applicable privilege or immunity.  Samsung further objects to the Request to the extent it is

2   unduly burdensome, and/or would require undue expense to answer.  Samsung further objects to

3   the Request on the basis that it is vague and ambiguous.  For example, the term "aesthetic

4   considerations" is vague and ambiguous.  Samsung further objects to the Request as overbroad

5   and irrelevant to the extent it seeks documents pertaining to the hardware design of products not

6   accused of infringing Apple's alleged trade dress or design patents.  Samsung further objects to

7   the Request as seeking "all" documents on a topic.  Samsung further objects to the Request as

8   duplicative.  For instance, the Request is duplicative of Apple's Request No. 164.  Samsung

9   further objects to the Request to the extent it seeks documents that are not within the possession,

10  custody, or control of Samsung.  Samsung further objects to the Request to the extent it seeks

11  documents equally available to Apple as to Samsung.  Samsung further objects to the Request to

12  the extent the requested documents are publicly available.

13         Subject to these objections, Samsung is willing to meet and confer with Apple about the

14  relevance and scope of the information sought by this Request.

15  **SIXTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 215**

16         All Documents sufficient to identify the date of the first design of the following features

17  of the Products at Issue: (1) their Hardware Design; and (2) the Accused Feature.

18  **OBJECTIONS AND RESPONSE TO REQUEST NO. 215:**

19         In addition to its Objections and Responses Common to All Requests for Production,

20  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

21  seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

22  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

23  applicable privilege or immunity.  Samsung further objects to the Request to the extent it is

24  unduly burdensome, and/or would require undue expense to answer.  Samsung further objects to

25  the Request as vague and ambiguous.  For example, the term "first design" is vague and

26  ambiguous.  Samsung further objects to the Request as overbroad and irrelevant to the extent it

27  seeks documents pertaining to the hardware design of products not accused of infringing Apple's

28  alleged trade dress or design patents.  Samsung further objects to the Request as seeking "all"

1   documents on a topic.  Samsung further objects to the Request as duplicative.  For instance, the

2   Request is duplicative of Apple's Requests Nos. 1, 11, 12, 46, 160, 207, 208, and 209 Subject to

3   these objections, Samsung is willing to meet and confer with Apple about the relevance and scope

4   of the information sought by this Request.

5   **SIXTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 218:**

6       All Documents concerning strategy for commercializing each Product at Issue or any

7   feature thereof.

8   **OBJECTIONS AND RESPONSE TO REQUEST NO. 218:**

9       In addition to its Objections and Responses Common to All Requests for Production,

10  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

11  seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

12  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

13  applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

14  burdensome, and/or would require undue expense to answer. Samsung further objects to the

15  Request as vague and ambiguous. For example, the term "strategy for commercializing" is vague

16  and ambiguous. Samsung further objects to the Request as seeking "all" documents on a topic.

17      Subject to these objections, Samsung is willing to meet and confer with Apple about the

18  relevance and scope of the information sought by this Request.

19  **SIXTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 220:**

20      All Documents relating to any testing, surveys, focus groups, studies, or other means of

21  obtaining consumer opinions that Samsung conducted or had conducted on their behalf in

22  connection with each consumer design preference for mobile electronic devices, including

23  smartphones, tablet computers, and digital media players.

24  **OBJECTIONS AND RESPONSE TO REQUEST NO. 220:**

25      In addition to its Objections and Responses Common to All Requests for Production,

26  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

27  seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

28  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

1  applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

2  burdensome, and/or would require undue expense to answer. Samsung further objects to the

3  Request on the basis that it is vague and ambiguous. For example, the terms "testing, survey,

4  focus groups, studies or other means," "consumer opinions," "consumer design preference," are

5  vague and ambiguous. Samsung further objects to the Request as seeking "all" documents on a

6  topic. Samsung further objects to the Request as overbroad in that it seeks documents and things

7  that pertain to products not at issue in this litigation. Samsung further objects to the Request as

8  overbroad in that it seeks documents and things that bear on occurrences in other countries that

9  are not at issue in this litigation. Samsung further objects to the Request as overbroad in that it is

10  not limited to any reasonable time period and seeks documents and things from time periods not

11  at issue in this litigation. Samsung further objects to the Request as duplicative. For instance, the

12  Request is duplicative of Apple's Request No. 206. Samsung further objects to the Request to the

13  extent it seeks documents that are not relevant to the claims or defenses of any party and not

14  reasonably calculated to lead to the discovery of admissible evidence.

15      Subject to these objections, Samsung is willing to meet and confer with Apple about the

16  relevance and scope of the information sought by this Request.

17  **SIXTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 223:**

18      All Source Code, specifications, schematics, flow charts, artwork, formulas, or other

19  documentation showing the operation of elements of the Products at Issue that are alleged to

20  infringe any of the Patents at Issue.

21  **OBJECTIONS AND RESPONSE TO REQUEST NO. 223:**

22      In addition to its Objections and Responses Common to All Requests for Production,

23  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

24  seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

25  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

26  applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

27  burdensome, and/or would require undue expense to answer. Samsung further objects to the

28  Request as vague and ambiguous. For example, the terms "showing" and "elements" are vague

1    and ambiguous. Samsung further objects to the Request as seeking "all" documents on a topic.

2    Samsung further objects to the Request to the extent it seeks documents that are not relevant to

3    the claims or defenses of any party and not reasonably calculated to lead to the discovery of

4    admissible evidence. Samsung further objects to the Request to the extent it seeks documents that

5    are not within the possession, custody, or control of Samsung. Samsung further objects to the

6    Request to the extent it seeks documents equally available to Apple as to Samsung. Samsung

7    further objects to the Request to the extent the requested documents are publicly available.

8          Subject to and without waiving the foregoing objections and subject to the parties'

9    ongoing meet and confer on such issues, and without representing that any responsive documents

10   exist, Samsung will produce responsive, non-privileged documents and things in its possession,

11   custody and control discovered as a result of a reasonable and diligent search.

12   **SIXTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 224:**

13         All Source Code and executables for each version of the operating system (including but

14   not limited to the source code for the Android operating system and/or platform) used in each

15   Product at Issue, including, but not limited to, any kernel, library, or application framework.

16   **OBJECTIONS AND RESPONSE TO REQUEST NO. 224:**

17         In addition to its Objections and Responses Common to All Requests for Production,

18   which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

19   seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

20   work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

21   applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

22   burdensome, and/or would require undue expense to answer. Samsung further objects to the

23   Request as vague and ambiguous. For example, the term "version" is vague and ambiguous.

24   Samsung further objects to the Request as seeking "all" documents on a topic. Samsung further

25   objects to the Request as overbroad in that it seeks documents and things that pertain to features

26   or applications not at issue in this litigation. Samsung further objects to the Request to the extent

27   it seeks documents that are not relevant to the claims or defenses of any party and not reasonably

28   calculated to lead to the discovery of admissible evidence. Samsung further objects to the Request

1    to the extent it seeks documents that are not within the possession, custody, or control of

2    Samsung.  Samsung further objects to the Request to the extent it seeks documents equally

3    available to Apple as to Samsung. Samsung further objects to the Request to the extent the

4    requested documents are publicly available.

5          Subject to these objections, Samsung is willing to meet and confer with Apple about the

6    relevance and scope of the information sought by this Request.

7    **SIXTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 225:**

8          All Documents showing , for each Product at Issue, the evolution and version history of

9    the operating system (including but not limited to the Android operating system and/or platform)

10   used in that Product at Issue, including, but not limited to, the dates during which each version of

11   operating system was used.

12   **OBJECTIONS AND RESPONSE TO REQUEST NO. 225:**

13         In addition to its Objections and Responses Common to All Requests for Production,

14   which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

15   seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

16   work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

17   applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

18   burdensome, and/or would require undue expense to answer. Samsung further objects to the

19   Request as vague and ambiguous. For example, the term "evolution and version history" is vague

20   and ambiguous. Samsung further objects to the Request as seeking "all" documents on a topic.

21   Samsung further objects to the Request as overbroad in that it seeks documents and things that

22   pertain to features or applications not at issue in this litigation. Samsung further objects to the

23   Request to the extent it seeks documents that are not relevant to the claims or defenses of any

24   party and not reasonably calculated to lead to the discovery of admissible evidence. Samsung

25   further objects to the Request to the extent it seeks documents that are not within the possession,

26   custody, or control of Samsung. Samsung further objects to the Request to the extent it seeks

27   documents equally available to Apple as to Samsung. Samsung further objects to the Request to

28   the extent the requested documents are publicly available.

1    Subject to these objections, Samsung is willing to meet and confer with Apple about the

2    relevance and scope of the information sought by this Request.

3    **SIXTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 226:**

4    All Documents identifying, for each Product at Issue, any updates to the operating system

5    (including, but not limited to, the Android operating system and/or platform) used in the Product

6    at Issue, including, but not limited to, the date(s) when such updates were made available.

7    **OBJECTIONS AND RESPONSE TO REQUEST NO. 226:**

8    In addition to its Objections and Responses Common to All Requests for Production,

9    which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

10   seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

11   work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

12   applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

13   burdensome, and/or would require undue expense to answer. Samsung further objects to the

14   Request as vague and ambiguous. For example, the term "updates" is vague and ambiguous.

15   Samsung further objects to the Request as seeking "all" documents on a topic. Samsung further

16   objects to the Request as overbroad in that it seeks documents and things that pertain to features

17   or applications not at issue in this litigation. Samsung further objects to the Request to the extent

18   it seeks documents that are not relevant to the claims or defenses of any party and not reasonably

19   calculated to lead to the discovery of admissible evidence. Samsung further objects to the Request

20   to the extent it seeks documents that are not within the possession, custody, or control of

21   Samsung.  Samsung further objects to the Request to the extent it seeks documents equally

22   available to Apple as to Samsung. Samsung further objects to the Request to the extent the

23   requested documents are publicly available.

24   Subject to these objections, Samsung is willing to meet and confer with Apple about the

25   relevance and scope of the information sought by this Request.

26   **SIXTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 227:**

27   All Documents referring or relating to the features, operations, characteristics of, or

28   changes made to each version of the operating system (including, but not limited to, the Android

1   operating system and/or platform) used in each Product at Issue, including technical

2   specifications as well as instructions relating to deployment, installation, maintenance, and

3   upgrade procedures.

4   **OBJECTIONS AND RESPONSE TO REQUEST NO. 227:**

5           In addition to its Objections and Responses Common to All Requests for Production,

6   which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

7   seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

8   work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

9   applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

10  burdensome, and/or would require undue expense to answer. Samsung further objects to the

11  Request as vague and ambiguous. For example, the term "version" is vague and ambiguous.

12  Samsung further objects to the Request as seeking "all" documents on a topic. Samsung further

13  objects to the Request as overbroad in that it seeks documents and things that pertain to features

14  or applications not at issue in this litigation. Samsung further objects to the Request to the extent

15  it seeks documents that are not relevant to the claims or defenses of any party and not reasonably

16  calculated to lead to the discovery of admissible evidence. Samsung further objects to the Request

17  to the extent it seeks documents that are not within the possession, custody, or control of

18  Samsung. Samsung further objects to the Request to the extent it seeks documents equally

19  available to Apple as to Samsung. Samsung further objects to the Request to the extent the

20  requested documents are publicly available.

21          Subject to these objections, Samsung is willing to meet and confer with Apple about the

22  relevance and scope of the information sought by this Request.

23  **SIXTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 228:**

24          All Documents showing the operation and functionality of the touch screens (including

25  the display and touch sensor panels) of the Products at Issue, including the Source Code for each

26  version of any software, firmware, program(s), library(ies) or other system used to control the

27  touch screens.

28

1   **OBJECTIONS AND RESPONSE TO REQUEST NO. 228:**

2   　　　In addition to its Objections and Responses Common to All Requests for Production,

3   which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

4   seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

5   work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

6   applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

7   burdensome, and/or would require undue expense to answer. Samsung further objects to the

8   Request as vague and ambiguous. For example, the term "operation and functionality" is vague

9   and ambiguous. Samsung further objects to the Request as seeking "all" documents on a topic.

10  Samsung further objects to the Request as overbroad in that it seeks documents and things that

11  pertain to products not at issue in this litigation. Samsung further objects to the Request as

12  overbroad in that it seeks documents and things that pertain to features or applications not at issue

13  in this litigation. Samsung further objects to the Request to the extent it seeks documents that are

14  not relevant to the claims or defenses of any party and not reasonably calculated to lead to the

15  discovery of admissible evidence. Samsung further objects to the Request to the extent it seeks

16  documents that are not within the possession, custody, or control of Samsung. Samsung further

17  objects to the Request to the extent it seeks documents equally available to Apple as to Samsung.

18  Samsung further objects to the Request to the extent the requested documents are publicly

19  available.

20  　　　Subject to these objections, Samsung is willing to meet and confer with Apple about the

21  relevance and scope of the information sought by this Request.

22  **SIXTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 229:**

23  　　　All Documents showing, for each Product at Issue, the evolution and version history of

24  any software, firmware, program(s), library(ies) or other system used to control the touch screens

25  (including the display and touch sensor panels) of the Products at Issue, including but not limited

26  to the dates during which each version was in use.

27

28

1    **OBJECTIONS AND RESPONSE TO REQUEST NO. 229:**

2         In addition to its Objections and Responses Common to All Requests for Production,

3    which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

4    seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

5    work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

6    applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

7    burdensome, and/or would require undue expense to answer. Samsung further objects to the

8    Request as vague and ambiguous. For example, the term "evolution and version history" is vague

9    and ambiguous. Samsung further objects to the Request as seeking "all" documents on a topic.

10   Samsung further objects to the Request as overbroad in that it seeks documents and things that

11   pertain to features or applications not at issue in this litigation. Samsung further objects to the

12   Request to the extent it seeks documents that are not relevant to the claims or defenses of any

13   party and not reasonably calculated to lead to the discovery of admissible evidence. Samsung

14   further objects to the Request to the extent it seeks documents that are not within the possession,

15   custody, or control of Samsung. Samsung further objects to the Request to the extent it seeks

16   documents equally available to Apple as to Samsung. Samsung further objects to the Request to

17   the extent the requested documents are publicly available.

18        Subject to these objections, Samsung is willing to meet and confer with Apple about the

19   relevance and scope of the information sought by this Request.

20   **SIXTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 230:**

21        All Documents identifying, for each Product at Issue, any update to any software,

22   firmware, program(s), library(ies) or other system used to control the touch screens (including the

23   display and touch sensor panels) of the Products at Issue, including, but not limited to, the date(s)

24   when such updates were made available.

25   **OBJECTIONS AND RESPONSE TO REQUEST NO. 230:**

26        In addition to its Objections and Responses Common to All Requests for Production,

27   which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

28   seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

1   work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

2   applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

3   burdensome, and/or would require undue expense to answer. Samsung further objects to the

4   Request as vague and ambiguous. For example, the term "update" is vague and ambiguous.

5   Samsung further objects to the Request as seeking "all" documents on a topic. Samsung further

6   objects to the Request as overbroad in that it seeks documents and things that pertain to features

7   or applications not at issue in this litigation. Samsung further objects to the Request to the extent

8   it seeks documents that are not relevant to the claims or defenses of any party and not reasonably

9   calculated to lead to the discovery of admissible evidence. Samsung further objects to the Request

10  to the extent it seeks documents that are not within the possession, custody, or control of

11  Samsung.  Samsung further objects to the Request to the extent it seeks documents equally

12  available to Apple as to Samsung. Samsung further objects to the Request to the extent the

13  requested documents are publicly available.

14          Subject to these objections, Samsung is willing to meet and confer with Apple about the

15  relevance and scope of the information sought by this Request.

16  **SIXTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 231:**

17          All Documents referring or relating to the features, operations, characteristics of, or

18  changes made to each version of the any software, firmware, program(s), library(ies) or other

19  system used to control the touch screens (including the display and touch sensor panels) of the

20  Products at Issue, including technical specifications as well as instructions relating to deployment,

21  installation, maintenance, and upgrade procedures.

22  **OBJECTIONS AND RESPONSE TO REQUEST NO. 231:**

23          In addition to its Objections and Responses Common to All Requests for Production,

24  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

25  seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

26  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

27  applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

28  burdensome, and/or would require undue expense to answer. Samsung further objects to the

1    Request as seeking "all" documents on a topic. Samsung further objects to the Request as vague

2    and ambiguous. For example, the term "version" is vague and ambiguous. Samsung further

3    objects to the Request as overbroad in that it seeks documents and things that pertain to features

4    or applications not at issue in this litigation. Samsung further objects to the Request to the extent

5    it seeks documents that are not relevant to the claims or defenses of any party and not reasonably

6    calculated to lead to the discovery of admissible evidence. Samsung further objects to the Request

7    to the extent it seeks documents that are not within the possession, custody, or control of

8    Samsung.  Samsung further objects to the Request to the extent it seeks documents equally

9    available to Apple as to Samsung. Samsung further objects to the Request to the extent the

10    requested documents are publicly available.

11          Subject to these objections, Samsung is willing to meet and confer with Apple about the

12    relevance and scope of the information sought by this Request.

13    **SIXTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 232:**

14          All Source Code and executables for each version of each Samsung application installed

15    in the Products at Issue, including for each of the following applications: Contacts, Browser

16    (Internet), Calendar, Email, Music Player, Feeds & Updates, Camera, Gallery, Alarms and Clock

17    (Clock), Daily  Briefing, Voice Recorder, Video Player, TouchWiz Launcher, My Files,

18    Mediahub, and Memo.

19    **OBJECTIONS AND RESPONSE TO REQUEST NO. 232:**

20          In addition to its Objections and Responses Common to All Requests for Production,

21    which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

22    seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

23    work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

24    applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

25    burdensome, and/or would require undue expense to answer. Samsung further objects to the

26    Request as vague and ambiguous. For example, the term "version" is vague and ambiguous.

27    Samsung further objects to the Request as seeking "all" documents on a topic. Samsung further

28    objects to the Request as overbroad in that it seeks documents and things that pertain to features

1   or applications not at issue in this litigation. Samsung further objects to the Request to the extent

2   it seeks documents that are not within the possession, custody, or control of Samsung. Samsung

3   further objects to the Request to the extent it seeks documents equally available to Apple as to

4   Samsung. Samsung further objects to the Request to the extent the requested documents are

5   publicly available. Samsung further objects to the Request to the extent it seeks documents that

6   are not relevant to the claims or defenses of any party and not reasonably calculated to lead to the

7   discovery of admissible evidence.

8        Subject to these objections, Samsung is willing to meet and confer with Apple about the

9   relevance and scope of the information sought by this Request.

10  **SIXTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 233:**

11       All Documents showing, for each Product at Issue, the evolution and version history of

12  each Samsung application installed in the Products at Issue, including but not limited to the dates

13  during which each version of each application was installed, and the identity of each product in

14  which the application was installed.

15  **OBJECTIONS AND RESPONSE TO REQUEST NO. 233:**

16       In addition to its Objections and Responses Common to All Requests for Production,

17  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

18  seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

19  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

20  applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

21  burdensome, and/or would require undue expense to answer. Samsung further objects to the

22  Request as vague and ambiguous. For example, the term "evolution and version history" is vague

23  and ambiguous. Samsung further objects to the Request as seeking "all" documents on a topic.

24  Samsung further objects to the Request as overbroad in that it seeks documents and things that

25  pertain to features or applications not at issue in this litigation. Samsung further objects to the

26  Request to the extent it seeks documents that are not within the possession, custody, or control of

27  Samsung. Samsung further objects to the Request to the extent it seeks documents equally

28

1    available to Apple as to Samsung. Samsung further objects to the Request to the extent the

2    requested documents are publicly available.

3        Subject to these objections, Samsung is willing to meet and confer with Apple about the

4    relevance and scope of the information sought by this Request.

5    **SIXTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 234:**

6        All Documents identifying, for each Product at Issue, any updates to each Samsung

7    application installed in the Products at Issue, including, but not limited to, the date(s) when such

8    updates were made available.

9    **OBJECTIONS AND RESPONSE TO REQUEST NO. 234:**

10        In addition to its Objections and Responses Common to All Requests for Production,

11    which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

12    seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

13    work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

14    applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

15    burdensome, and/or would require undue expense to answer. Samsung further objects to the

16    Request as vague and ambiguous. For example, the term "updates" is vague and ambiguous.

17    Samsung further objects to the Request as seeking "all" documents on a topic. Samsung further

18    objects to the Request as overbroad in that it seeks documents and things that pertain to features

19    or applications not at issue in this litigation. Samsung further objects to the Request to the extent

20    it seeks documents that are not within the possession, custody, or control of Samsung. Samsung

21    further objects to the Request to the extent it seeks documents equally available to Apple as to

22    Samsung. Samsung further objects to the Request to the extent the requested documents are

23    publicly available.

24        Subject to these objections, Samsung is willing to meet and confer with Apple about the

25    relevance and scope of the information sought by this Request.

26    **SIXTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 235:**

27        All Documents referring or relating to the features, operations, characteristics of, or

28    changes made to each version of any Samsung application installed in the Products at Issue,

1    including, but not limited to, those relating to deployment, installation, maintenance, and upgrade

2    procedures.

3    **OBJECTIONS AND RESPONSE TO REQUEST NO. 235:**

4         In addition to its Objections and Responses Common to All Requests for Production,

5    which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

6    seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

7    work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

8    applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

9    burdensome, and/or would require undue expense to answer. Samsung further objects to the

10   Request as vague and ambiguous. For example, the term "version" is vague and ambiguous.

11   Samsung further objects to the Request as seeking "all" documents on a topic. Samsung further

12   objects to the Request as overbroad in that it seeks documents and things that pertain to features

13   or applications not at issue in this litigation. Samsung further objects to the Request to the extent

14   it seeks documents that are not within the possession, custody, or control of Samsung. Samsung

15   further objects to the Request to the extent it seeks documents equally available to Apple as to

16   Samsung. Samsung further objects to the Request to the extent the requested documents are

17   publicly available.

18        Subject to these objections, Samsung is willing to meet and confer with Apple about the

19   relevance and scope of the information sought by this Request.

20   **SIXTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 240:**

21        All Documents concerning the design, manufacture, specifications and operation of the

22   touch screens (including the display and touch sensor panels) on the Products at Issue.

23   **OBJECTIONS AND RESPONSE TO REQUEST NO. 240:**

24        In addition to its Objections and Responses Common to All Requests for Production,

25   which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

26   seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

27   work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

28   applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

1  burdensome, and/or would require undue expense to answer. Samsung further objects to the

2  Request as seeking "all" documents on a topic. Samsung further objects to the Request as

3  overbroad in that it seeks documents and things that pertain to features or applications not at issue

4  in this litigation. Samsung further objects to the Request to the extent it seeks documents that are

5  not relevant to the claims or defenses of any party and not reasonably calculated to lead to the

6  discovery of admissible evidence. Samsung further objects to the Request to the extent it seeks

7  documents that are not within the possession, custody, or control of Samsung. Samsung further

8  objects to the Request to the extent it seeks documents equally available to Apple as to Samsung.

9  Samsung further objects to the Request to the extent the requested documents are publicly

10  available.

11       Subject to these objections, Samsung is willing to meet and confer with Apple about the

12  relevance and scope of the information sought by this Request.

13  **SIXTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 241:**

14       All Source Code and executables for any software, firmware, program(s), library(ies) or

15  other system used to control the touch screens (including the display and touch sensor panels) on

16  the Products at Issue.

17  **OBJECTIONS AND RESPONSE TO REQUEST NO. 241:**

18       In addition to its Objections and Responses Common to All Requests for Production,

19  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

20  seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

21  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

22  applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

23  burdensome, and/or would require undue expense to answer. Samsung further objects to the

24  Request as seeking "all" documents on a topic. Samsung further objects to the Request as

25  overbroad in that it seeks documents and things that pertain to features or applications not at issue

26  in this litigation. Samsung further objects to the Request to the extent it seeks documents that are

27  not relevant to the claims or defenses of any party and not reasonably calculated to lead to the

28  discovery of admissible evidence. Samsung further objects to the Request to the extent it seeks

1    documents that are not within the possession, custody, or control of Samsung. Samsung further

2    objects to the Request to the extent it seeks documents equally available to Apple as to Samsung.

3    Samsung further objects to the Request to the extent the requested documents are publicly

4    available.

5         Subject to these objections, Samsung is willing to meet and confer with Apple about the

6    relevance and scope of the information sought by this Request.

7    **SIXTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 242:**

8         All Source Code and executables for any software, firmware, program(s), library(ies) or

9    other system running on any monitoring circuitry, integrated circuit, chip, controller or module

10   used to operate the touch screens (including the display and touch sensor panels) on the Products

11   at Issue.

12   **OBJECTIONS AND RESPONSE TO REQUEST NO. 242:**

13        In addition to its Objections and Responses Common to All Requests for Production,

14   which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

15   seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

16   work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

17   applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

18   burdensome, and/or would require undue expense to answer. Samsung further objects to the

19   Request as seeking "all" documents on a topic. Samsung further objects to the Request as

20   overbroad in that it seeks documents and things that pertain to features or applications not at issue

21   in this litigation. Samsung further objects to the Request to the extent it seeks documents that are

22   not relevant to the claims or defenses of any party and not reasonably calculated to lead to the

23   discovery of admissible evidence. Samsung further objects to the Request to the extent it seeks

24   documents that are not within the possession, custody, or control of Samsung. Samsung further

25   objects to the Request to the extent it seeks documents equally available to Apple as to Samsung.

26   Samsung further objects to the Request to the extent the requested documents are publicly

27   available.

28

1    Subject to these objections, Samsung is willing to meet and confer with Apple about the

2    relevance and scope of the information sought by this Request.

3    **SIXTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 243:**

4    All Documents showing the arrangement and specification of traces, conductive lines,

5    conductive layers, glass, dielectrics, substrates, adhesives, and other elements used to construct

6    the touch screens (including the display and touch sensor panels) of the Products at Issue.

7    **OBJECTIONS AND RESPONSE TO REQUEST NO. 243:**

8    In addition to its Objections and Responses Common to All Requests for Production,

9    which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

10   seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

11   work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

12   applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

13   burdensome, and/or would require undue expense to answer. Samsung further objects to the

14   Request as vague and ambiguous. For example, the term "elements" is vague and ambiguous.

15   Samsung further objects to the Request as seeking "all" documents on a topic. Samsung further

16   objects to the Request as overbroad in that it seeks documents and things that pertain to features

17   or applications not at issue in this litigation. Samsung further objects to the Request to the extent

18   it seeks documents that are not relevant to the claims or defenses of any party and not reasonably

19   calculated to lead to the discovery of admissible evidence. Samsung further objects to the Request

20   to the extent it seeks documents that are not within the possession, custody, or control of

21   Samsung. Samsung further objects to the Request to the extent it seeks documents equally

22   available to Apple as to Samsung. Samsung further objects to the Request to the extent the

23   requested documents are publicly available.

24   Subject to these objections, Samsung is willing to meet and confer with Apple about the

25   relevance and scope of the information sought by this Request.

26

27

28

1   **SIXTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 244:**

2        All Documents concerning the design, manufacture, specification and operation of any

3   monitoring circuitry, integrated circuit, chip, controller or module used to operate the touch

4   screens (including the display and touch sensor panels) of the Products at Issue.

5   **OBJECTIONS AND RESPONSE TO REQUEST NO. 244:**

6        In addition to its Objections and Responses Common to All Requests for Production,

7   which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

8   seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

9   work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

10  applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

11  burdensome, and/or would require undue expense to answer. Samsung further objects to the

12  Request as seeking "all" documents on a topic. Samsung further objects to the Request as

13  overbroad in that it seeks documents and things that pertain to features or applications not at issue

14  in this litigation. Samsung further objects to the Request to the extent it seeks documents that are

15  not relevant to the claims or defenses of any party and not reasonably calculated to lead to the

16  discovery of admissible evidence. Samsung further objects to the Request to the extent it seeks

17  documents that are not within the possession, custody, or control of Samsung. Samsung further

18  objects to the Request to the extent it seeks documents equally available to Apple as to Samsung.

19  Samsung further objects to the Request to the extent the requested documents are publicly

20  available.

21       Subject to these objections, Samsung is willing to meet and confer with Apple about the

22  relevance and scope of the information sought by this Request.

23  **SIXTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 245:**

24       All data sheets concerning the touch screens (including the display and touch sensor

25  panels) on the Products at Issue or any monitoring circuitry, integrated circuit, chip, controller or

26  module used to operate said touch screens.

27

28

1    **OBJECTIONS AND RESPONSE TO REQUEST NO. 245:**

2           In addition to its Objections and Responses Common to All Requests for Production,

3    which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

4    seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

5    work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

6    applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

7    burdensome, and/or would require undue expense to answer. Samsung further objects to the

8    Request as seeking "all" documents on a topic. Samsung further objects to the Request as

9    overbroad in that it seeks documents and things that pertain to features or applications not at issue

10   in this litigation. Samsung further objects to the Request to the extent it seeks documents that are

11   not relevant to the claims or defenses of any party and not reasonably calculated to lead to the

12   discovery of admissible evidence. Samsung further objects to the Request to the extent it seeks

13   documents that are not within the possession, custody, or control of Samsung. Samsung further

14   objects to the Request to the extent it seeks documents equally available to Apple as to Samsung.

15   Samsung further objects to the Request to the extent the requested documents are publicly

16   available.

17          Subject to these objections, Samsung is willing to meet and confer with Apple about the

18   relevance and scope of the information sought by this Request.

19   **SIXTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 246:**

20          All user documents, guides and operating manuals provided to the buyers of the Product at

21   Issue.

22   **OBJECTIONS AND RESPONSE TO REQUEST NO. 246:**

23          In addition to its Objections and Responses Common to All Requests for Production,

24   which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

25   seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

26   work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

27   applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

28   burdensome, and/or would require undue expense to answer. Samsung further objects to the

1   Request as seeking "all" documents on a topic. Samsung further objects to the Request to the

2   extent it seeks documents equally available to Apple as to Samsung. Samsung further objects to

3   the Request to the extent the requested documents are publicly available.

4       Subject to these objections, Samsung is willing to meet and confer with Apple about the

5   relevance and scope of the information sought by this Request.

6   **SIXTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 252:**

7       All competitive and market analysis documents concerning the Products at Issue.

8   **OBJECTIONS AND RESPONSE TO REQUEST NO. 252:**

9       In addition to its Objections and Responses Common to All Requests for Production,

10  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

11  seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

12  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

13  applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

14  burdensome, and/or would require undue expense to answer. Samsung further objects to the

15  Request as vague and ambiguous. For example, the term "competitive and market analysis" is

16  vague and ambiguous. Samsung further objects to the Request as seeking "all" documents on a

17  topic. Samsung further objects to the Request as overbroad in that it seeks documents and things

18  that bear on occurrences in other countries that are not at issue in this litigation. Samsung further

19  objects to the Request as duplicative. For instance, the Request is duplicative of Apple's Requests

20  Nos. 207, 208, and 209. Samsung further objects to the Request to the extent it seeks documents

21  that are not relevant to the claims or defenses of any party and not reasonably calculated to lead to

22  the discovery of admissible evidence.

23      Subject to these objections, Samsung is willing to meet and confer with Apple about the

24  relevance and scope of the information sought by this Request.

25  **SIXTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 253:**

26      All competitive and market analysis documents concerning Apple or any of the Apple

27  Products.

28

**OBJECTIONS AND RESPONSE TO REQUEST NO. 253:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly burdensome, and/or would require undue expense to answer. Samsung further objects to the Request as vague and ambiguous. For example, the term "competitive and market analysis" is vague and ambiguous. Samsung further objects to the Request as seeking "all" documents on a topic. Samsung further objects to the Request as overbroad in that it seeks documents and things that bear on occurrences in other countries that are not at issue in this litigation. Samsung further objects to the Request as overbroad in that it is not limited to any reasonable time period and seeks documents and things from time periods not at issue in this litigation. Samsung further objects to the Request as duplicative. For instance, the Request is duplicative of Apple's Requests Nos. 207, 208, and 209. Samsung further objects to the Request to the extent it seeks documents that are not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to these objections, Samsung is willing to meet and confer with Apple about the relevance and scope of the information sought by this Request.

**SIXTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 254:**

All documents referring to or reflecting why customers purchase the Products at Issue.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 254:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly burdensome, and/or would require undue expense to answer. Samsung further objects to the

1    Request as vague and ambiguous. For example, the term "why customers purchase" is vague and

2    ambiguous. Samsung further objects to the Request as seeking "all" documents on a topic.

3    Samsung further objects to the Request as overbroad in that it seeks documents and things that

4    bear on occurrences in other countries that are not at issue in this litigation. Samsung further

5    objects to the Request to the extent it seeks documents equally available to Apple as to Samsung.

6    Samsung further objects to the Request to the extent the requested documents are publicly

7    available. Samsung further objects to the Request to the extent it seeks documents that are not

8    relevant to the claims or defenses of any party and not reasonably calculated to lead to the

9    discovery of admissible evidence.

10          Subject to these objections, Samsung is willing to meet and confer with Apple about the

11   relevance and scope of the information sought by this Request.

12   **SIXTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 256:**

13          All Documents relating to the marketing plan and/or advertising plan for the Products at

14   Issue.

15   **OBJECTIONS AND RESPONSE TO REQUEST NO. 256:**

16          In addition to its Objections and Responses Common to All Requests for Production,

17   which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

18   seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

19   work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

20   applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

21   burdensome, and/or would require undue expense to answer. Samsung further objects to the

22   Request as vague and ambiguous. For example, the term "marketing plan and/or advertising plan"

23   is vague and ambiguous. Samsung further objects to the Request as seeking "all" documents on a

24   topic. Samsung further objects to the Request as overbroad in that it seeks documents and things

25   that bear on occurrences in other countries that are not at issue in this litigation. Samsung further

26   objects to the Request as duplicative. For instance, the Request is duplicative of Apple's Request

27   No. 218.

28

1    Subject to these objections, Samsung is willing to meet and confer with Apple about the

2    relevance and scope of the information sought by this Request.

3    **SIXTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 257:**

4    All Documents relating to actual or possible confusion, mistake or deception, or the

5    likelihood of confusion, as to source, affiliation, or sponsorship between Apple and Samsung or

6    between any of the Apple Products and any of the Products at Issue.

7    **OBJECTIONS AND RESPONSE TO REQUEST NO. 257:**

8    In addition to its Objections and Responses Common to All Requests for Production,

9    which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

10   seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

11   work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

12   applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

13   burdensome, and/or would require undue expense to answer. Samsung further objects to the

14   Request as vague and ambiguous. For example, the term "actual or possible confusion, mistake or

15   deception, or the likelihood of confusion" is vague and ambiguous. Samsung further objects to

16   the Request as seeking "all" documents on a topic. Samsung further objects to the Request as

17   overbroad in that it seeks documents and things that bear on occurrences in other countries that

18   are not at issue in this litigation. Samsung further objects to the Request as duplicative. For

19   instance, the Request is duplicative of Apple's Requests Nos. 39 and 215. Samsung further

20   objects to the Request to the extent it seeks documents that are not relevant to the claims or

21   defenses of any party and not reasonably calculated to lead to the discovery of admissible

22   evidence. Samsung further objects to the Request to the extent it seeks documents that are not

23   within the possession, custody, or control of Samsung. Samsung further objects to the Request to

24   the extent it seeks documents equally available to Apple as to Samsung. Samsung further objects

25   to the Request to the extent the requested documents are publicly available. Samsung further

26   objects to the Request to the extent it calls for a legal conclusion.

27   Subject to these objections, Samsung is willing to meet and confer with Apple about the

28   relevance and scope of the information sought by this Request.

**SIXTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 260:**

For each Product at Issue, documents sufficient to show (a) the style, model number, trade name, or any other product identifier of each product; (b) the dates of manufacture of each product; (c) the name of the entity or entities responsible for the design and manufacture of each product; (d) the starting and ending dates of sale of each product; (e) the total sales (by unit and dollar amount) of each product; (f) the unit cost during each year it was sold; (g) the unit sales price during each year it was sold; (h) the incremental gross profit attributable to the sale or other conveyance; (i) the operating profit attributable to the sale or other conveyance; and (k) the names of the persons who approved the selection, design, sale, use, and/or adoption of the product.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 260:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly burdensome, and/or would require undue expense to answer. Samsung further objects to the Request as vague and ambiguous. For example, the term "selection, design, sale, use and/or adoption" is vague and ambiguous. Samsung further objects to the Request as duplicative. For instance, the Request is duplicative of Apple's Requests Nos. 34, 41, 264, 265, and 283. Samsung further objects to the Request in that it seeks data broken out by a particular time period. Samsung further objects to the Request to the extent it seeks highly confidential documents containing sensitive proprietary business information, the disclosure of which would cause Samsung substantial competitive harm.

Subject to these objections, Samsung is willing to meet and confer with Apple about the relevance and scope of the information sought by this Request.

**SIXTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 261:**

For each Product at Issue, documents that tie to the general ledger and show, by each product style or product identifier and each quarter: (1) gross revenues; (2) net revenues;

(3) quantity sold; (4) average selling price; (5) cost of goods sold; and (6) any marketing expenses specifically attributed to the Product at issue.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 261:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly burdensome, and/or would require undue expense to answer. Samsung further objects to the Request to the extent it seeks "all" documents on a topic. Samsung further objects to the Request as duplicative. For instance, the Request is duplicative of Apple's Requests Nos. 34 and 41. Samsung further objects to the Request in that it seeks data broken out by a particular time period. Samsung further objects to the Request to the extent it seeks highly confidential documents containing sensitive proprietary business information, the disclosure of which would cause Samsung substantial competitive harm.

Subject to these objections, Samsung is willing to meet and confer with Apple about the relevance and scope of the information sought by this Request.

**SIXTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 262:**

All Documents relating to how Samsung accounts for revenue and expenses of the Products at Issue, including any accounting policies, internal controls, internal manuals or other accounting documents that describe how revenue, cost of goods sold, and sales, general or administrative expenses related to any Product at Issue should be recorded and reported.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 262:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

1   burdensome, and/or would require undue expense to answer. Samsung further objects to the

2   Request as vague and ambiguous. For example, the term "how Samsung accounts" is vague and

3   ambiguous. Samsung further objects to the Request as seeking "all" documents on a topic.

4   Samsung further objects to the Request in that it seeks data broken out by a particular time period.

5   Samsung further objects to the Request to the extent it seeks highly confidential documents

6   containing sensitive proprietary business information, the disclosure of which would cause

7   Samsung substantial competitive harm.

8       Subject to these objections, Samsung is willing to meet and confer with Apple about the

9   relevance and scope of the information sought by this Request.

10  **SIXTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 263:**

11      All Documents that reflect or refer to any projections of sales, cost of goods sold, pricing,

12  and quantity to be shipped for any of the Products at Issue.

13  **OBJECTIONS AND RESPONSE TO REQUEST NO. 263:**

14      In addition to its Objections and Responses Common to All Requests for Production,

15  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

16  seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

17  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

18  applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

19  burdensome, and/or would require undue expense to answer. Samsung further objects to the

20  Request as seeking "all" documents on a topic. Samsung further objects to the Request as

21  overbroad in that it seeks documents and things that pertain to products not at issue in this

22  litigation. Samsung further objects to the Request to the extent it seeks highly confidential

23  documents containing sensitive proprietary business information, the disclosure of which would

24  cause Samsung substantial competitive harm.

25      Subject to these objections, Samsung is willing to meet and confer with Apple about the

26  relevance and scope of the information sought by this Request.

27

28

**SIXTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 264:**

All Documents reflecting or referring to the incremental profit or economic value from the sale or marketing of the Products at Issue, including any effort to calculate contribution margin, operating margin, incremental margin or margin profit from the sale of the Products at Issue or the line of Products at Issue.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 264:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly burdensome, and/or would require undue expense to answer. Samsung further objects to the Request as vague and ambiguous. For example, the terms "incremental profit" and "economic value" are vague and ambiguous. Samsung further objects to the Request as duplicative. Samsung further objects to the Request as seeking "all" documents on a topic. For instance, the Request is duplicative of Apple's Requests Nos. 260, 265, and 283. Samsung further objects to the Request to the extent it seeks documents that are not within the possession, custody, or control of Samsung. Samsung further objects to the Request as premature to the extent it seeks documents and things in a manner inconsistent with the timeframes pertaining to expert discovery set forth by any applicable law, including the Northern District of California Patent Local Rules. Samsung further objects to the Request to the extent it seeks highly confidential documents containing sensitive proprietary business information, the disclosure of which would cause Samsung substantial competitive harm.

Subject to these objections, Samsung is willing to meet and confer with Apple about the relevance and scope of the information sought by this Request.

**SIXTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 265:**

All Documents reflecting or relating to any actual or projected Samsung revenue and profits in connection with any sales, licenses or any other activity relating to the Products at Issue,

1   including profit and loss statements, income statements, any other financial statements or

2   projections, and documents that describe, analyze or comment on such actual or projected

3   revenues and profits.

4   **OBJECTIONS AND RESPONSE TO REQUEST NO. 265:**

5         In addition to its Objections and Responses Common to All Requests for Production,

6   which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

7   seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

8   work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

9   applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

10  burdensome, and/or would require undue expense to answer. Samsung further objects to the

11  Request as vague and ambiguous. For example, the term "sales, licenses or any other activity" is

12  vague and ambiguous. Samsung further objects to the Request as seeking "all" documents on a

13  topic. Samsung further objects to the Request as duplicative. For instance, the Request is

14  duplicative of Apple's Requests Nos. 260, 264, 265, and 283. Samsung further objects to the

15  Request to the extent it seeks highly confidential documents containing sensitive proprietary

16  business information, the disclosure of which would cause Samsung substantial competitive

17  harm.

18        Subject to these objections, Samsung is willing to meet and confer with Apple about the

19  relevance and scope of the information sought by this Request.

20  **SIXTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 266:**

21        All Documents showing the actual costs and projected costs associated with each Product

22  at Issue, including the research, development, design, engineering, manufacturing, importation,

23  and marketing costs.

24  **OBJECTIONS AND RESPONSE TO REQUEST NO. 266:**

25        In addition to its Objections and Responses Common to All Requests for Production,

26  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

27  seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

28  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

1  applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

2  burdensome, and/or would require undue expense to answer. Samsung further objects to the

3  Request as seeking "all" documents on a topic. Samsung further objects to the Request to the

4  extent it seeks highly confidential documents containing sensitive proprietary business

5  information, the disclosure of which would cause Samsung substantial competitive harm.

6      Subject to these objections, Samsung is willing to meet and confer with Apple about the

7  relevance and scope of the information sought by this Request.

8  **SIXTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 267:**

9      All Documents showing the prices at which Samsung sells any Product at Issue between

10  any of its subsidiaries.

11  **OBJECTIONS AND RESPONSE TO REQUEST NO. 267:**

12      In addition to its Objections and Responses Common to All Requests for Production,

13  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

14  seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

15  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

16  applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

17  burdensome, and/or would require undue expense to answer. Samsung further objects to the

18  Request as seeking "all" documents on a topic. Samsung further objects to the Request to the

19  extent is seeks documents containing confidential third party information, including information

20  subject to a non-disclosure or other agreement between Samsung and a third party. Samsung

21  further objects to the Request to the extent it seeks highly confidential documents containing

22  sensitive proprietary business information, the disclosure of which would cause Samsung

23  substantial competitive harm.

24      Subject to these objections, Samsung is willing to meet and confer with Apple about the

25  relevance and scope of the information sought by this Request.

26

27

28

1    **SIXTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 293:**

2         All weekly, monthly, quarterly, or other periodic reports concerning the development,

3    testing, sale, distribution, marketing, manufacturing, licensing, use or commercialization of any

4    Product at Issue.

5    **OBJECTIONS AND RESPONSE TO REQUEST NO. 293:**

6         In addition to its Objections and Responses Common to All Requests for Production,

7    which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

8    seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

9    work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

10   applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

11   burdensome, and/or would require undue expense to answer. Samsung further objects to the

12   Request as seeking "all" documents on a topic. Samsung further objects to the Request as

13   overbroad in that it seeks documents and things that pertain to features or applications not at issue

14   in this litigation. Samsung further objects to the Request as overbroad in that it seeks documents

15   and things that bear on occurrences in other countries that are not at issue in this litigation.

16   Samsung further objects to the Request to the extent it seeks documents that are not relevant to

17   the claims or defenses of any party and not reasonably calculated to lead to the discovery of

18   admissible evidence.

19        Subject to these objections, Samsung is willing to meet and confer with Apple about the

20   relevance and scope of the information sought by this Request.

21   **SIXTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 294:**

22        All websites or other materials posted by Samsung, or on behalf of Samsung, on any web

23   site concerning any Product at Issue.

24   **OBJECTIONS AND RESPONSE TO REQUEST NO. 294:**

25        In addition to its Objections and Responses Common to All Requests for Production,

26   which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

27   seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

28   work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

1  applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

2  burdensome, and/or would require undue expense to answer. Samsung further objects to the

3  Request as vague and ambiguous. For example, the term "materials posted" is vague and

4  ambiguous. Samsung further objects to the Request as seeking "all" documents on a topic.

5  Samsung further objects to the Request as overbroad in that it seeks documents and things that

6  pertain to features or applications not at issue in this litigation. Samsung further objects to the

7  Request as overbroad in that it seeks documents and things that bear on occurrences in other

8  countries that are not at issue in this litigation. Samsung further objects to the Request to the

9  extent it seeks documents that are not relevant to the claims or defenses of any party and not

10  reasonably calculated to lead to the discovery of admissible evidence. Samsung further objects to

11  the Request to the extent it seeks documents equally available to Apple as to Samsung. Samsung

12  further objects to the Request to the extent the requested documents are publicly available.

13         Subject to these objections, Samsung is willing to meet and confer with Apple about the

14  relevance and scope of the information sought by this Request.

15  **SIXTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 337:**

16         All Documents relating to Defendants' assertion in their Fifth Affirmative Defense (set

17  forth at ¶ 280 of the Answer) that "[t]he claims made in the Complaint and the relief sought

18  therein are barred, in whole or in part, on the basis that the alleged marks at issue, the alleged

19  trade dress at issue, the Apple Design Patents, and the use of said marks, said trade dress and said

20  Apple Design Patents are functional."

21  **OBJECTIONS AND RESPONSE TO REQUEST NO. 337:**

22         In addition to its Objections and Responses Common to All Requests for Production,

23  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

24  seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

25  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

26  applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

27  burdensome, and/or would require undue expense to answer. Samsung further objects to the

28  Request as seeking "all" documents on a topic. Samsung further objects to the Request as

1   duplicative. For instance, the Request is duplicative of Apple's Requests Nos. 62 and 332.

2   Samsung further objects to the Request to the extent it calls for a legal conclusion. Samsung

3   further objects to the Request as premature to the extent it seeks documents and things in a

4   manner inconsistent with the timeframes pertaining to expert discovery set forth by any

5   applicable law, including the Northern District of California Patent Local Rules.

6       Subject to these objections, Samsung is willing to meet and confer with Apple about the

7   relevance and scope of the information sought by this Request.

8   **SIXTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 338:**

9       All Documents relating to Defendants' assertion in their Sixth Affirmative Defense (set

10  forth at ¶ 281 of the Answer) that "[t]he claims made in the Complaint and the relief sought

11  therein are barred, in whole or in part, on the basis that the marks and alleged trade dress at issue

12  lack distinctiveness, including, without limitation, secondary meaning."

13  **OBJECTIONS AND RESPONSE TO REQUEST NO. 338:**

14      In addition to its Objections and Responses Common to All Requests for Production,

15  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

16  seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

17  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

18  applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

19  burdensome, and/or would require undue expense to answer. Samsung further objects to the

20  Request as seeking "all" documents on a topic. Samsung further objects to the Request as

21  duplicative. For instance, the Request is duplicative of Apple's Requests Nos. 62 and 332.

22  Samsung further objects to the Request to the extent it calls for a legal conclusion. Samsung

23  further objects to the Request as premature to the extent it seeks documents and things in a

24  manner inconsistent with the timeframes pertaining to expert discovery set forth by any

25  applicable law, including the Northern District of California Patent Local Rules.

26      Subject to these objections, Samsung is willing to meet and confer with Apple about the

27  relevance and scope of the information sought by this Request.

28

**SIXTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 339:**

All Documents relating to Defendants' assertion in their Seventh Affirmative Defense (set forth at ¶ 282 of the Answer) that "[t]he claims made in the Complaint and the relief sought therein are barred, in whole or in part, on the basis that the marks and alleged trade dress at issue are generic."

**OBJECTIONS AND RESPONSE TO REQUEST NO. 339:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly burdensome, and/or would require undue expense to answer. Samsung further objects to the Request as seeking "all" documents on a topic. Samsung further objects to the Request as duplicative. For instance, the Request is duplicative of Apple's Requests Nos. 62 and 332. Samsung further objects to the Request to the extent it calls for a legal conclusion. Samsung further objects to the Request as premature to the extent it seeks documents and things in a manner inconsistent with the timeframes pertaining to expert discovery set forth by any applicable law, including the Northern District of California Patent Local Rules.

Subject to these objections, Samsung is willing to meet and confer with Apple about the relevance and scope of the information sought by this Request.

**SIXTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 360**

All Documents relating to Defendants' assertion in their Fifteenth Claim for Relief (set forth at ¶ 126 of Defendants' Counterclaims) that "[t]he appearance of the Samsung Counterclaimants' line of Galaxy phones and tablet computers and their packaging also are not likely to cause confusion, cause mistake, or deceive consumers as to the affiliation, connection, or association of the Samsung Counterclaimants' line of Galaxy phones and tablet computers, or as to the origin, sponsorship, or approval by Apple of the Samsung Counterclaimants' goods, services, or commercial activities."

1    **OBJECTIONS AND RESPONSE TO REQUEST NO. 360:**

2           In addition to its Objections and Responses Common to All Requests for Production,

3    which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

4    seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

5    work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

6    applicable privilege or immunity.  Samsung further objects to the Request to the extent it is

7    unduly burdensome, and/or would require undue expense to answer.  Samsung further objects to

8    the Request as seeking "all" documents on a topic.  Samsung further objects to the Request as

9    duplicative.  For instance, the Request is duplicative of Apple's Requests Nos. 62 and 332.

10   Samsung further objects to the Request to the extent it calls for a legal conclusion.  Samsung

11   further objects to the Request as premature to the extent it seeks documents and things in a

12   manner inconsistent with the timeframes pertaining to expert discovery set forth by any

13   applicable law, including the Northern District of California Patent Local Rules.

14          Subject to these objections, Samsung is willing to meet and confer with Apple about the

15   relevance and scope of the information sought by this Request.

16   **SIXTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 361**

17          All Documents relating to Defendants' assertion in their Sixteenth Claim for Relief (set

18   forth at ¶ 133 of Defendants' Counterclaims) that "[t]he appearance of the Samsung

19   Counterclaimants' line of Galaxy phones and tablet computers and their packaging also are not

20   likely to cause confusion, cause mistake, or deceive consumers as to the affiliation, connection, or

21   association of the Samsung Counterclaimants' line of Galaxy phones and tablet computers, or as

22   to the origin, sponsorship, or approval by Apple of the Samsung Counterclaimants' goods,

23   services, or commercial activities."

24   **OBJECTIONS AND RESPONSE TO REQUEST NO. 361:**

25          In addition to its Objections and Responses Common to All Requests for Production,

26   which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

27   seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

28   work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

1   applicable privilege or immunity.  Samsung further objects to the Request to the extent it is

2   unduly burdensome, and/or would require undue expense to answer.  Samsung further objects to

3   the Request as seeking "all" documents on a topic.  Samsung further objects to the Request as

4   duplicative.  For instance, the Request is duplicative of Apple's Requests Nos. 62 and 332.

5   Samsung further objects to the Request to the extent it calls for a legal conclusion.  Samsung

6   further objects to the Request as premature to the extent it seeks documents and things in a

7   manner inconsistent with the timeframes pertaining to expert discovery set forth by any

8   applicable law, including the Northern District of California Patent Local Rules.

9       Subject to these objections, Samsung is willing to meet and confer with Apple about the

10   relevance and scope of the information sought by this Request.

11   **SIXTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 362:**

12       All Documents relating to Defendants' assertion in their Seventeenth Claim for Relief (set

13   forth at ¶ 138 of Defendants' Counterclaims) that "[n]one of Apple's alleged trade dresses is, or

14   ever has been, 'distinctive' or 'famous' within the meaning of 15 U.S.C. § 1125(c)."

15   **OBJECTIONS AND RESPONSE TO REQUEST NO. 362:**

16       In addition to its Objections and Responses Common to All Requests for Production,

17   which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

18   seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

19   work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

20   applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

21   burdensome, and/or would require undue expense to answer. Samsung further objects to the

22   Request as seeking "all" documents on a topic. Samsung further objects to the Request as

23   duplicative. For instance, the Request is duplicative of Apple's Requests Nos. 62 and 332.

24   Samsung further objects to the Request to the extent it calls for a legal conclusion. Samsung

25   further objects to the Request as premature to the extent it seeks documents and things in a

26   manner inconsistent with the timeframes pertaining to expert discovery set forth by any

27   applicable law, including the Northern District of California Patent Local Rules.

28

1    Subject to these objections, Samsung is willing to meet and confer with Apple about the

2    relevance and scope of the information sought by this Request.

3    **SIXTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 363:**

4    All Documents relating to Defendants' assertion in their Seventeenth Claim for Relief (set

5    forth at ¶ 139 of Defendants' Counterclaims) that "[e]ach of Apple's claimed trade dresses is

6    functional, common to consumer electronic products, generic and otherwise not distinctive or

7    protectable."

8    **OBJECTIONS AND RESPONSE TO REQUEST NO. 363:**

9    In addition to its Objections and Responses Common to All Requests for Production,

10   which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

11   seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

12   work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

13   applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

14   burdensome, and/or would require undue expense to answer. Samsung further objects to the

15   Request as seeking "all" documents on a topic. Samsung further objects to the Request as

16   duplicative. For instance, the Request is duplicative of Apple's Requests Nos. 62 and 332.

17   Samsung further objects to the Request to the extent it calls for a legal conclusion. Samsung

18   further objects to the Request as premature to the extent it seeks documents and things in a

19   manner inconsistent with the timeframes pertaining to expert discovery set forth by any

20   applicable law, including the Northern District of California Patent Local Rules.

21   Subject to these objections, Samsung is willing to meet and confer with Apple about the

22   relevance and scope of the information sought by this Request.

23   **SIXTH SET OF REQUEST FOR PRODUCTION, REQUEST NO. 364:**

24   All Documents relating to Defendants' assertion in their Seventeenth Claim for Relief (set

25   forth at ¶ 140 of Defendants' Counterclaims) that "[t]he Samsung Counterclaimants' activities are

26   not likely to cause dilution of Apple's claimed trade dresses."

27

28

**OBJECTIONS AND RESPONSE TO REQUEST NO. 364:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly burdensome, and/or would require undue expense to answer. Samsung further objects to the Request as seeking "all" documents on a topic. Samsung further objects to the Request as duplicative. For instance, the Request is duplicative of Apple's Requests Nos. 62 and 332. Samsung further objects to the Request to the extent it calls for a legal conclusion. Samsung further objects to the Request as premature to the extent it seeks documents and things in a manner inconsistent with the timeframes pertaining to expert discovery set forth by any applicable law, including the Northern District of California Patent Local Rules.

Subject to these objections, Samsung is willing to meet and confer with Apple about the relevance and scope of the information sought by this Request.

**SIXTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 365:**

All Documents relating to Defendants' assertion in their Eighteenth Claim for Relief (set forth at ¶ 145 of Defendants' Counterclaims) that "[e]ach of the alleged marks and trade dress that is the subject of the '983, '218, '327, '196, '642, '200, '685, '169, '197, and '038 Registrations and the '463, '83 8, '829, '869, and '118 Applications is functional, is common to consumer electronic products, is generic and otherwise is not distinctive or protectable."

**OBJECTIONS AND RESPONSE TO REQUEST NO. 365:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly burdensome, and/or would require undue expense to answer. Samsung further objects to the

1    Request as seeking "all" documents on a topic. Samsung further objects to the Request as

2    duplicative. For instance, the Request is duplicative of Apple's Requests Nos. 62 and 332.

3    Samsung further objects to the Request to the extent it calls for a legal conclusion. Samsung

4    further objects to the Request as premature to the extent it seeks documents and things in a

5    manner inconsistent with the timeframes pertaining to expert discovery set forth by any

6    applicable law, including the Northern District of California Patent Local Rules.

7            Subject to these objections, Samsung is willing to meet and confer with Apple about the

8    relevance and scope of the information sought by this Request.

9    **SIXTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 366:**

10           All Documents relating to Defendants' assertion in their Nineteenth Claim for Relief (set

11   forth at ¶ 149 of Defendants' Counterclaims) that "[e]ach of the alleged marks and trade dress

12   that is the subject of the '983, '218, '327, '196, '642, '200, '685, '169, '197, and '038

13   Registrations is functional, is common to consumer electronic products, is generic and otherwise

14   is not distinctive or protectable."

15   **OBJECTIONS AND RESPONSE TO REQUEST NO. 366:**

16           In addition to its Objections and Responses Common to All Requests for Production,

17   which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

18   seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

19   work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

20   applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

21   burdensome, and/or would require undue expense to answer. Samsung further objects to the

22   Request as seeking "all" documents on a topic. Samsung further objects to the Request as

23   duplicative. For instance, the Request is duplicative of Apple's Requests Nos. 62 and 332.

24   Samsung further objects to the Request to the extent it calls for a legal conclusion. Samsung

25   further objects to the Request as premature to the extent it seeks documents and things in a

26   manner inconsistent with the timeframes pertaining to expert discovery set forth by any

27   applicable law, including the Northern District of California Patent Local Rules.

28

1    Subject to these objections, Samsung is willing to meet and confer with Apple about the

2    relevance and scope of the information sought by this Request.

3    **SIXTH SET OF REQUEST FOR PRODUCTION, REQUEST NO. 367**

4    All Documents relating to Defendants' assertion in their Twentieth Claim for Relief (set

5    forth at ¶ 154 of Defendants' Counterclaims) that "[n]one of the Accused Products infringes any

6    of the Patents In Suit, the Registrations In Suit, or Apple's claimed unregistered trade dress. Nor

7    do any of the Accused Products dilute any of Apple's claimed trade dress. Nor do any of the

8    Accused Products employ a false designation of origin or amount to unfair competition on the

9    part of the Samsung Counterclaimants. Nor are any of the Accused Products likely to cause

10   confusion, or to cause mistake, or to deceive consumers as to the affiliation, connection, or

11   association of the Samsung Counterclaimants' line of Galaxy phones and tablet computers, or as

12   to the origin, sponsorship, or approval by Apple of the Samsung Counterclaimants' goods,

13   services, or commercial activities."

14   **OBJECTIONS AND RESPONSE TO REQUEST NO. 367:**

15   In addition to its Objections and Responses Common to All Requests for Production,

16   which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

17   seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

18   work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

19   applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

20   burdensome, and/or would require undue expense to answer. Samsung further objects to the

21   Request as seeking "all" documents on a topic. Samsung further objects to the Request as

22   duplicative. For instance, the Request is duplicative of Apple's Requests Nos. 62 and 332.

23   Samsung further objects to the Request to the extent it calls for a legal conclusion. Samsung

24   further objects to the Request as premature to the extent it seeks documents and things in a

25   manner inconsistent with the timeframes pertaining to expert discovery set forth by any

26   applicable law, including the Northern District of California Patent Local Rules.

27   Subject to these objections, Samsung is willing to meet and confer with Apple about the

28   relevance and scope of the information sought by this Request.

1   **SEVENTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 392:**

2   All documents and things, including but not limited to, CAD files (whether final, draft,

3   intermediate, interim, or otherwise not final), models, prototypes, mockups, notebooks,

4   sketchbooks, e-mails, designer notes, sketches, drawings, manufacturing specifications, technical

5   specifications, presentations, Director files, Illustrator files, Photoshop files, and/or any other

6   computer files, relating to the Hardware Design and/or Graphical User Interface Design of any of

7   the Products at Issue.

8   **OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 392:**

9   In addition to its Objections and Responses Common to All Requests for Production,

10   which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

11   seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

12   work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

13   applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

14   burdensome, and/or would require undue expense to answer. Samsung further objects the request

15   as vague and ambiguous. For example, the terms "Hardware Design and Graphical User Interface

16   Design" and "any aspect of the design" is vague and ambiguous. Samsung further objects to the

17   request as overbroad in that it seeks documents and things that pertain to features or applications

18   not at issue in this litigation. Samsung further objects to the request as seeking "all" documents on

19   a topic. Samsung further objects to the Request as duplicative of Apple's Request For Production

20   Nos. 11, 12, 207, 208, 210, and 393 to 421.

21   Subject to these objections, Samsung is willing to meet and confer with Apple about the

22   relevance and scope of the information sought by this Request and to confirm that production in

23   response to this Request would be reciprocal.

24   **SEVENTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 422:**

25   All documents and things, including but not limited to, CAD files (whether final or

26   interim), models, prototypes, mockups, notebooks, sketchbooks, e-mails, designer notes,

27   sketches, drawings, manufacturing specifications, technical specifications, presentations, Director

28

1   files, Illustrator files, Photoshop files, and/or other computer application files, relating to any

2   aspect of the design of the Samsung Q1 (including all versions thereof).

3   **OBJECTIONS AND RESPONSE TO REQUEST NO. 422:**

4          In addition to its Objections and Responses Common to All Requests for Production,

5   which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

6   seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

7   work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

8   applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

9   burdensome, and/or would require undue expense to answer. Samsung further objects the request

10  as vague and ambiguous. For example, the term "any aspect of the design" is vague and

11  ambiguous. Samsung further objects to the Request to the extent it seeks documents that are not

12  relevant to the claims or defenses of any party and not reasonably calculated to lead to the

13  discovery of admissible evidence. Samsung further objects to the request as overbroad in that it

14  seeks documents and things that pertain to features or applications not at issue in this litigation.

15  Samsung further objects to the request as overbroad in that it seeks documents and things that

16  bear on occurrences in other countries that are not at issue in this litigation. Samsung further

17  objects to the request as seeking "all" documents on a topic.

18         Subject to these objections, Samsung is willing to meet and confer with Apple about the

19  relevance and scope of the information sought by this Request.

20  **SEVENTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 423:**

21         All documents and communications relating to design guidelines, directions, instructions,

22  or recommendations from any member of senior management at Samsung relating to the design

23  of any of the Products at Issue.

24  **OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 423:**

25         In addition to its Objections and Responses Common to All Requests for Production,

26  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

27  seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

28  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

1   applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

2   burdensome, and/or would require undue expense to answer. Samsung further objects the request

3   as vague and ambiguous. For example, the terms "design guidelines, directions, instructions, or

4   recommendations" and "senior management" are vague and ambiguous. Samsung further objects

5   to the request as seeking "all" documents on a topic.

6       Subject to these objections, Samsung is willing to meet and confer with Apple about the

7   relevance and scope of the information sought by this Request.

8   **SEVENTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 426:**

9       Documents sufficient to show the contour(s) of the front surface of all mobile phones or

10  tablet computers designed by Samsung as of November 2011, regardless of whether the design

11  was ultimately used in a product that was offered for sale.

12  **OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 426:**

13      In addition to its Objections and Responses Common to All Requests for Production,

14  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

15  seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

16  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

17  applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

18  burdensome, and/or would require undue expense to answer. Samsung further objects the request

19  as vague and ambiguous. For example, the term "contours of the front surface" is vague and

20  ambiguous. Samsung further objects to the request as overbroad in that it is not reasonably

21  limited as to the scope of documents and things it seeks. Samsung further objects to the request as

22  overbroad in that it seeks documents and things that pertain to products not at issue in this

23  litigation. Samsung further objects to the request as overbroad in that it seeks documents and

24  things that pertain to features or applications not at issue in this litigation. Samsung further

25  objects to the request as overbroad in that it is not limited to any reasonable time period and seeks

26  documents and things from time periods not at issue in this litigation. Samsung further objects to

27  the request as overbroad in that it is not limited to any reasonable time period and seeks

28  documents and things from time periods not at issue in this litigation. Samsung further objects to

1  the Request to the extent it seeks highly confidential documents containing sensitive proprietary

2  business information concerning unreleased products not at issue in this litigation. Samsung

3  further objects to the Request to the extent it seeks documents that are not relevant to the claims

4  or defenses of any party and not reasonably calculated to lead to the discovery of admissible

5  evidence.

6          Subject to these objections, Samsung is willing to meet and confer with Apple about the

7  relevance and scope of the information sought by this Request.

8  **SEVENTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 430:**

9          Documents sufficient to show the corner shape of all mobile phones or tablet computers

10  designed by Samsung as of November 2011, regardless of whether the design was ultimately used

11  in a product that was offered for sale.

12  **OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 430:**

13          In addition to its Objections and Responses Common to All Requests for Production,

14  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

15  seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

16  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

17  applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

18  burdensome, and/or would require undue expense to answer. Samsung further objects the request

19  as vague and ambiguous. For example, the term "corner shape" is vague and ambiguous.

20  Samsung further objects to the request as overbroad in that it is not reasonably limited as to the

21  scope of documents and things it seeks. Samsung further objects to the request as overbroad in

22  that it seeks documents and things that pertain to products not at issue in this litigation. Samsung

23  further objects to the request as overbroad in that it seeks documents and things that pertain to

24  features or applications not at issue in this litigation. Samsung further objects to the request as

25  overbroad in that it is not limited to any reasonable time period and seeks documents and things

26  from time periods not at issue in this litigation. Samsung further objects to the request as

27  overbroad in that it is not limited to any reasonable time period and seeks documents and things

28  from time periods not at issue in this litigation. Samsung further objects to the Request to the

1  extent it seeks highly confidential documents containing sensitive proprietary business

2  information concerning unreleased products not at issue in this litigation. Samsung further objects

3  to the Request to the extent it seeks documents that are not relevant to the claims or defenses of

4  any party and not reasonably calculated to lead to the discovery of admissible evidence.

5       Subject to these objections, Samsung is willing to meet and confer with Apple about the

6  relevance and scope of the information sought by this Request.

7  **SEVENTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 434:**

8       Documents sufficient to show the size and contour(s) of each display screen size of all

9  electronic devices designed by Samsung as of November 2011, regardless of whether the design

10  was ultimately used in a product that was offered for sale.

11  **OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 434:**

12       In addition to its Objections and Responses Common to All Requests for Production,

13  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

14  seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

15  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

16  applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

17  burdensome, and/or would require undue expense to answer. Samsung further objects the request

18  as vague and ambiguous. For example, the term "size and contours of each display screen size" is

19  vague and ambiguous. Samsung further objects to the request as overbroad in that it is not

20  reasonably limited as to the scope of documents and things it seeks. Samsung further objects to

21  the request as overbroad in that it seeks documents and things that pertain to products not at issue

22  in this litigation. Samsung further objects to the request as overbroad in that it seeks documents

23  and things that pertain to features or applications not at issue in this litigation. Samsung further

24  objects to the request as overbroad in that it seeks documents and things that bear on occurrences

25  in other countries that are not at issue in this litigation. Samsung further objects to the request as

26  overbroad in that it is not limited to any reasonable time period and seeks documents and things

27  from time periods not at issue in this litigation. Samsung further objects to the Request to the

28  extent it seeks highly confidential documents containing sensitive proprietary business

1   information concerning unreleased products not at issue in this litigation. Samsung further objects

2   to the Request to the extent it seeks documents that are not relevant to the claims or defenses of

3   any party and not reasonably calculated to lead to the discovery of admissible evidence.

4        Subject to these objections, Samsung is willing to meet and confer with Apple about the

5   relevance and scope of the information sought by this Request.

6   **SEVENTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 438:**

7        Documents sufficient to show the contour(s) of the front surface of all mobile phones

8   designed by Samsung prior to 2006, regardless of whether the design was ultimately used in a

9   product that was offered for sale.

10  **OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 438:**

11       In addition to its Objections and Responses Common to All Requests for Production,

12  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

13  seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

14  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

15  applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

16  burdensome, and/or would require undue expense to answer. Samsung further objects the request

17  as vague and ambiguous. For example, the term "contours of the front surface" is vague and

18  ambiguous. Samsung further objects to the request as overbroad in that it is not reasonably

19  limited as to the scope of documents and things it seeks. Samsung further objects to the request as

20  overbroad in that it seeks documents and things that pertain to products not at issue in this

21  litigation. Samsung further objects to the request as overbroad in that it seeks documents and

22  things that pertain to features or applications not at issue in this litigation. Samsung further

23  objects to the request as overbroad in that it seeks documents and things that bear on occurrences

24  in other countries that are not at issue in this litigation. Samsung further objects to the request as

25  overbroad in that it is not limited to any reasonable time period and seeks documents and things

26  from time periods not at issue in this litigation. Samsung further objects to the Request to the

27  extent it seeks highly confidential documents containing sensitive proprietary business

28  information concerning unreleased products not at issue in this litigation. Samsung further objects

1   to the Request to the extent it seeks documents that are not relevant to the claims or defenses of

2   any party and not reasonably calculated to lead to the discovery of admissible evidence.

3        Subject to these objections, Samsung is willing to meet and confer with Apple about the

4   relevance and scope of the information sought by this Request.

5   **SEVENTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 442:**

6        Documents sufficient to show the surface color of all mobile phones and tablet computers

7   designed by Samsung as of 2006, regardless of whether the design was ultimately used in a

8   product that was offered for sale.

9   **OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 442:**

10       In addition to its Objections and Responses Common to All Requests for Production,

11  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

12  seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

13  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

14  applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

15  burdensome, and/or would require undue expense to answer. Samsung further objects the request

16  as vague and ambiguous. For example, the term "show the surface color" is vague and

17  ambiguous. Samsung further objects to the request as overbroad in that it is not reasonably

18  limited as to the scope of documents and things it seeks. Samsung further objects to the request as

19  overbroad in that it seeks documents and things that pertain to products not at issue in this

20  litigation. Samsung further objects to the request as overbroad in that it seeks documents and

21  things that pertain to features or applications not at issue in this litigation. Samsung further

22  objects to the request as overbroad in that it seeks documents and things that bear on occurrences

23  in other countries that are not at issue in this litigation. Samsung further objects to the request as

24  overbroad in that it is not limited to any reasonable time period and seeks documents and things

25  from time periods not at issue in this litigation. Samsung further objects to the Request to the

26  extent it seeks highly confidential documents containing sensitive proprietary business

27  information concerning unreleased products not at issue in this litigation. Samsung further objects

28

1   to the Request to the extent it seeks documents that are not relevant to the claims or defenses of

2   any party and not reasonably calculated to lead to the discovery of admissible evidence.

3        Subject to these objections, Samsung is willing to meet and confer with Apple about the

4   relevance and scope of the information sought by this Request.

5   **SEVENTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 444:**

6        Documents sufficient to identify the dimensions of all mobile phones and tablet computers

7   designed by Samsung as of November 2011, regardless of whether the design was ultimately used

8   in a product that was offered for sale.

9   **OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 444:**

10       In addition to its Objections and Responses Common to All Requests for Production,

11  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

12  seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

13  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

14  applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

15  burdensome, and/or would require undue expense to answer. Samsung further objects the request

16  as vague and ambiguous. For example, the term "contours of the front surface" is vague and

17  ambiguous. Samsung further objects to the request as overbroad in that it is not reasonably

18  limited as to the scope of documents and things it seeks. Samsung further objects to the request as

19  overbroad in that it seeks documents and things that pertain to products not at issue in this

20  litigation. Samsung further objects to the request as overbroad in that it seeks documents and

21  things that pertain to features or applications not at issue in this litigation. Samsung further

22  objects to the request as overbroad in that it seeks documents and things that bear on occurrences

23  in other countries that are not at issue in this litigation. Samsung further objects to the request as

24  overbroad in that it is not limited to any reasonable time period and seeks documents and things

25  from time periods not at issue in this litigation. Samsung further objects to the Request to the

26  extent it seeks highly confidential documents containing sensitive proprietary business

27  information concerning unreleased products not at issue in this litigation. Samsung further objects

28

1    to the Request to the extent it seeks documents that are not relevant to the claims or defenses of

2    any party and not reasonably calculated to lead to the discovery of admissible evidence.

3        Subject to these objections, Samsung is willing to meet and confer with Apple about the

4    relevance and scope of the information sought by this Request.

5    **SEVENTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 447:**

6        Documents sufficient to show the size and location of the display screen of all mobile

7    phones and tablet computers designed by Samsung as of November 2011, regardless of whether

8    the design was ultimately used in a product that was offered for sale.

9    **OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 447:**

10        In addition to its Objections and Responses Common to All Requests for Production,

11    which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

12    seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

13    work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

14    applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

15    burdensome, and/or would require undue expense to answer. Samsung further objects the request

16    as vague and ambiguous. For example, the term "contours of the front surface" is vague and

17    ambiguous. Samsung further objects to the request as overbroad in that it is not reasonably

18    limited as to the scope of documents and things it seeks. Samsung further objects to the request as

19    overbroad in that it seeks documents and things that pertain to products not at issue in this

20    litigation. Samsung further objects to the request as overbroad in that it seeks documents and

21    things that pertain to features or applications not at issue in this litigation. Samsung further

22    objects to the request as overbroad in that it seeks documents and things that bear on occurrences

23    in other countries that are not at issue in this litigation. Samsung further objects to the request as

24    overbroad in that it is not limited to any reasonable time period and seeks documents and things

25    from time periods not at issue in this litigation. Samsung further objects to the Request to the

26    extent it seeks highly confidential documents containing sensitive proprietary business

27    information concerning unreleased products not at issue in this litigation. Samsung further objects

28

1    to the Request to the extent it seeks documents that are not relevant to the claims or defenses of

2    any party and not reasonably calculated to lead to the discovery of admissible evidence.

3          Subject to these objections, Samsung is willing to meet and confer with Apple about the

4    relevance and scope of the information sought by this Request.

5    **SEVENTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 449:**

6          All documents and things supporting or opposing Mr. Sherman's testimony in his

7    deposition that there are not "many sort of rounded kind of earpieces." (See Sherman deposition

8    transcript at 125:9-10.)

9    **OBJECTIONS AND RESPONSE TO REQUEST NO. 449:**

10         In addition to its Objections and Responses Common to All Requests for Production,

11   which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

12   seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

13   work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

14   applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

15   burdensome, and/or would require undue expense to answer. Samsung further objects the request

16   as vague and ambiguous. For example, the term "supporting or opposing" is vague and

17   ambiguous. Samsung further objects to the request as seeking "all" documents on a topic.

18   Samsung further objects to the Request to the extent it seeks documents equally available to

19   Apple as to Samsung. Samsung further objects to the Request to the extent the requested

20   documents are publicly available. Samsung further objects to the Request as premature to the

21   extent it seeks documents and things in a manner inconsistent with the timeframes pertaining to

22   expert discovery set forth by any applicable law, including the Northern District of California

23   Patent Local Rules. Subject to these objections, Samsung is willing to meet and confer with

24   Apple about the relevance and scope of the information sought by this Request.

25         Subject to these objections, Samsung is willing to meet and confer with Apple about the

26   relevance and scope of the information sought by this Request.

27

28

**SEVENTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 450:**

All documents and things supporting or opposing Mr. Sherman's testimony in his deposition that the shape of the slot or opening for the speaker, receiver, or earpiece should "mimic" the shape of the speaker, receiver, or earpiece underneath the slot or opening. (See Sherman deposition transcript at 125:15-17.)

**OBJECTIONS AND RESPONSE TO REQUEST NO. 450:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly burdensome, and/or would require undue expense to answer. Samsung further objects the request as vague and ambiguous. For example, the term "supporting or opposing" is vague and ambiguous. Samsung further objects to the request as seeking "all" documents on a topic. Samsung further objects to the Request to the extent it seeks documents equally available to Apple as to Samsung. Samsung further objects to the Request to the extent the requested documents are publicly available. Samsung further objects to the Request as premature to the extent it seeks documents and things in a manner inconsistent with the timeframes pertaining to expert discovery set forth by any applicable law, including the Northern District of California Patent Local Rules.

Subject to these objections, Samsung is willing to meet and confer with Apple about the relevance and scope of the information sought by this Request.

**SEVENTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 451:**

Documents sufficient to show the shape of each speaker, receiver or earpiece component and the shape of the slot or opening for each speaker, receiver or earpiece component included in all mobile phones and tablet computers designed by Samsung as of November 2011, regardless of whether the design was ultimately used in a product that was offered for sale.

1    **OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 451:**

2           In addition to its Objections and Responses Common to All Requests for Production,

3    which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

4    seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

5    work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

6    applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

7    burdensome, and/or would require undue expense to answer. Samsung further objects the request

8    as vague and ambiguous. For example, the term "contours of the front surface" is vague and

9    ambiguous. Samsung further objects to the request as overbroad in that it is not reasonably

10   limited as to the scope of documents and things it seeks. Samsung further objects to the request as

11   overbroad in that it seeks documents and things that pertain to products not at issue in this

12   litigation. Samsung further objects to the request as overbroad in that it seeks documents and

13   things that pertain to features or applications not at issue in this litigation. Samsung further

14   objects to the request as overbroad in that it seeks documents and things that bear on occurrences

15   in other countries that are not at issue in this litigation. Samsung further objects to the request as

16   overbroad in that it is not limited to any reasonable time period and seeks documents and things

17   from time periods not at issue in this litigation. Samsung further objects to the Request to the

18   extent it seeks documents that are not relevant to the claims or defenses of any party and not

19   reasonably calculated to lead to the discovery of admissible evidence. Samsung further objects to

20   the Request to the extent it seeks highly confidential documents containing sensitive proprietary

21   business information concerning unreleased products not at issue in this litigation.

22          Subject to these objections, Samsung is willing to meet and confer with Apple about the

23   relevance and scope of the information sought by this Request.

24   **SEVENTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 452:**

25          Communications with Google or any other third party regarding design arounds for the

26   Patents at Issue.

27

28

1   **OBJECTIONS AND RESPONSE TO REQUEST NO. 452:**

2         In addition to its Objections and Responses Common to All Requests for Production,

3   which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

4   seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

5   work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

6   applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

7   burdensome, and/or would require undue expense to answer. Samsung further objects the request

8   as vague and ambiguous. For example, the term "design arounds" is vague and ambiguous.

9   Samsung further objects to the request as seeking "all" documents on a topic. Samsung further

10   objects to the Request as duplicative of Apple's Request For Production Nos. 35 and 301.

11   Samsung further objects to the Request to the extent it seeks documents that are not within the

12   possession, custody, or control of Samsung. Samsung further objects to the Request to the extent

13   it seeks documents equally available to Apple as to Samsung. Samsung further objects to the

14   Request to the extent the requested documents are publicly available. Samsung further objects to

15   the Request to the extent is seeks documents containing confidential third party information,

16   including information subject to a non-disclosure or other agreement between Samsung and a

17   third party.

18         Subject to these objections, Samsung is willing to meet and confer with Apple about the

19   relevance and scope of the information sought by this Request and to confirm that production in

20   response to this Request would be reciprocal.

21   **SEVENTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 453:**

22         All documents relating to the design, development, production, or implementation of the

23   Graphical User Interface Design of the Products at Issue, including but not limited to all

24   documents relating to the design of the icons for applications for calls, messaging, photographs,

25   settings, notes, contacts, music players, or music stores that are or have been installed on, or are

26   or have been available on, the Products at Issue. This request covers white papers, designs, plans,

27   specifications, pamphlets, memorandums, schematics, engineering drawings, guides, guidelines,

28

1  technical overviews, design reports, technical sheets, and any documents identifying the persons

2  involved with these activities.

3  **OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 453:**

4  In addition to its Objections and Responses Common to All Requests for Production,

5  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

6  seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

7  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

8  applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

9  burdensome, and/or would require undue expense to answer. Samsung further objects the request

10  as vague and ambiguous. For example, the term "Graphical User Interface" is vague and

11  ambiguous. Samsung further objects to the request as overbroad in that it seeks documents and

12  things that pertain to features or applications not at issue in this litigation. Samsung further

13  objects to the request as seeking "all" documents on a topic. Samsung further objects to the

14  Request as duplicative of Apple's Request For Production Nos. 11, 12, 207, 208, and 392 to 421.

15  Samsung further objects to the Request to the extent it seeks documents that are not within the

16  possession, custody, or control of Samsung. Samsung further objects to the Request to the extent

17  it seeks documents equally available to Apple as to Samsung. Samsung further objects to the

18  Request to the extent the requested documents are publicly available.

19  Subject to these objections, Samsung is willing to meet and confer with Apple about the

20  relevance and scope of the information sought by this Request and to confirm that production in

21  response to this Request would be reciprocal.

22  **SEVENTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 456:**

23  Documents sufficient to identify the list of publications, websites, and other outlets that

24  have displayed advertisements for any of the Products at Issue.

25  **OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 456:**

26  In addition to its Objections and Responses Common to All Requests for Production,

27  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

28  seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

1    work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

2    applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

3    burdensome, and/or would require undue expense to answer. Samsung further objects the request

4    as vague and ambiguous. For example, the term "other outlets; have displayed advertisements" is

5    vague and ambiguous. Samsung further objects to the Request as duplicative of Apple's Request

6    For Production Nos. 17 and 256. Samsung further objects to the Request to the extent it seeks

7    documents that are not relevant to the claims or defenses of any party and not reasonably

8    calculated to lead to the discovery of admissible evidence. Samsung further objects to the Request

9    to the extent it seeks documents that are not within the possession, custody, or control of

10    Samsung. Samsung further objects to the Request to the extent it seeks documents equally

11    available to Apple as to Samsung. Samsung further objects to the Request to the extent the

12    requested documents are publicly available.

13        Subject to these objections, Samsung is willing to meet and confer with Apple about the

14    relevance and scope of the information sought by this Request and to confirm that production in

15    response to this Request would be reciprocal.

16    **SEVENTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 457:**

17        Documents sufficient to identify all publications, websites, and other outlets from which

18    Samsung seeks or facilitates product reviews for any of the Products at Issue, including but not

19    limited to all publications, websites and other outlets who received pre-release versions of any of

20    the Products at Issue. For purposes of this request, an item is a pre-release version of a product if

21    a final product has not been released in the local market where the receiving entity is located.

22    **OBJECTIONS AND RESPONSE TO REQUEST NO. 457:**

23        In addition to its Objections and Responses Common to All Requests for Production,

24    which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

25    seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

26    work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

27    applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

28    burdensome, and/or would require undue expense to answer. Samsung further objects the request

1  as vague and ambiguous. For example, the term "other outlets; seeks or facilitates product

2  reviews; pre-release" is vague and ambiguous. Samsung further objects to the Request to the

3  extent it seeks documents that are not relevant to the claims or defenses of any party and not

4  reasonably calculated to lead to the discovery of admissible evidence. Samsung further objects to

5  the Request to the extent it seeks documents that are not within the possession, custody, or control

6  of Samsung. Samsung further objects to the Request to the extent it seeks documents equally

7  available to Apple as to Samsung. Samsung further objects to the Request to the extent the

8  requested documents are publicly available.

9       Subject to these objections, Samsung is willing to meet and confer with Apple about the

10  relevance and scope of the information sought by this Request and to confirm that production in

11  response to this Request would be reciprocal.

12  **SEVENTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 460:**

13       All documents comprising or relating to any customer inquiries or complaints regarding

14  the inability to access iTunes, iOS, or the AppStore offered by Apple on any of the Products at

15  Issue.

16  **OBJECTIONS AND RESPONSE TO REQUEST NO. 460:**

17       In addition to its Objections and Responses Common to All Requests for Production,

18  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

19  seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

20  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

21  applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

22  burdensome, and/or would require undue expense to answer. Samsung further objects the request

23  as vague and ambiguous. For example, the term "customer inquiries or complaints; inability to

24  access" is vague and ambiguous. Samsung further objects to the request as seeking "all"

25  documents on a topic. Samsung further objects to the Request as duplicative of Apple's

26  REQUEST NO. 222. Samsung further objects to the Request to the extent it seeks documents that

27  are not relevant to the claims or defenses of any party and not reasonably calculated to lead to the

28  discovery of admissible evidence. Samsung further objects to the Request to the extent it seeks

1  documents that are not within the possession, custody, or control of Samsung. Samsung further

2  objects to the Request to the extent it seeks documents equally available to Apple as to Samsung.

3  Samsung further objects to the Request to the extent the requested documents are publicly

4  available.

5  Subject to these objections, Samsung is willing to meet and confer with Apple about the

6  relevance and scope of the information sought by this Request.

7  **SEVENTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 461:**

8  Documents sufficient to show the current and past retail prices for each of the Products at

9  Issue, including reflecting the price of each of the Products at Issue separate from the wireless

10  carrier contract price.

11  **OBJECTIONS AND RESPONSE TO REQUEST NO. 461:**

12  In addition to its Objections and Responses Common to All Requests for Production,

13  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

14  seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

15  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

16  applicable privilege or immunity.  Samsung further objects to the Request to the extent it is

17  unduly burdensome, and/or would require undue expense to answer.  Samsung further objects the

18  request as vague and ambiguous.  For example, the terms "current and past retail prices" and

19  "reflecting the price of each of the Products at Issue separate from the wireless carrier contract

20  price" are vague and ambiguous.  Samsung further objects to the Request as duplicative of

21  Apple's Request For Production Nos. 42, 260, 261, 263, and 267.  Samsung further objects to the

22  Request to the extent it seeks documents that are not relevant to the claims or defenses of any

23  party and not reasonably calculated to lead to the discovery of admissible evidence.  Samsung

24  further objects to the Request to the extent it seeks documents that are not within the possession,

25  custody, or control of Samsung. Samsung further objects to the Request to the extent it seeks

26  documents equally available to Apple as to Samsung. Samsung further objects to the Request to

27  the extent the requested documents are publicly available.

28

1    Subject to these objections, Samsung is willing to meet and confer with Apple about the

2    relevance and scope of the information sought by this Request and to confirm that production in

3    response to this Request would be reciprocal.

4    **SEVENTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 462:**

5    Documents sufficient to show the current and past retail prices for each of the Products at

6    Issue, including reflecting the price of each of the Products at Issue including the wireless carrier

7    contract price.

8    **OBJECTIONS AND RESPONSE TO REQUEST NO. 462:**

9    In addition to its Objections and Responses Common to All Requests for Production,

10   which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

11   seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

12   work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

13   applicable privilege or immunity.  Samsung further objects to the Request to the extent it is

14   unduly burdensome, and/or would require undue expense to answer.  Samsung further objects the

15   request as vague and ambiguous.  For example, the terms "current and past retail prices" and

16   "reflecting the price of each of the Products at Issue including the wireless carrier contract price"

17   is vague and ambiguous.  Samsung further objects to the Request as duplicative of Apple's

18   Request For Production Nos. 42, 260, 261, 263, 267, and 461.  Samsung further objects to the

19   Request to the extent it seeks documents that are not relevant to the claims or defenses of any

20   party and not reasonably calculated to lead to the discovery of admissible evidence. Samsung

21   further objects to the Request to the extent it seeks documents that are not within the possession,

22   custody, or control of Samsung.  Samsung further objects to the Request to the extent it seeks

23   documents equally available to Apple as to Samsung. Samsung further objects to the Request to

24   the extent the requested documents are publicly available.

25   Subject to these objections, Samsung is willing to meet and confer with Apple about the

26   relevance and scope of the information sought by this Request.

27

28

**SEVENTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 463:**

All documents comprising or relating to any testing, surveys, focus groups, studies, analyses, or other means of obtaining consumer opinions that Samsung conducted or had conducted on its behalf relating to any of the Apple Products.

**OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 463:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly burdensome, and/or would require undue expense to answer. Samsung further objects the request as vague and ambiguous. For example, the term "testing, surveys, focus groups, studies, analyses, or other means of obtaining consumer opinions" is vague and ambiguous. Samsung further objects to the request as overbroad in that it seeks documents and things that bear on occurrences in other countries that are not at issue in this litigation. Samsung further objects to the request as overbroad in that it is not limited to any reasonable time period and seeks documents and things from time periods not at issue in this litigation. Samsung further objects to the request as seeking "all" documents on a topic. Samsung further objects to the Request to the extent it seeks documents that are not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to these objections, Samsung is willing to meet and confer with Apple about the relevance and scope of the information sought by this Request and to confirm that production in response to this Request would be reciprocal.

**OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 464:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

1    applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

2    burdensome, and/or would require undue expense to answer. Samsung further objects the request

3    as vague and ambiguous. For example, the term "testing, surveys, focus groups, studies, analyses,

4    or other means of obtaining consumer opinions" is vague and ambiguous. Samsung further

5    objects to the request as overbroad in that it seeks documents and things that bear on occurrences

6    in other countries that are not at issue in this litigation. Samsung further objects to the request as

7    overbroad in that it is not limited to any reasonable time period and seeks documents and things

8    from time periods not at issue in this litigation. Samsung further objects to the request as seeking

9    "all" documents on a topic. Samsung further objects to the Request to the extent it seeks

10   documents that are not relevant to the claims or defenses of any party and not reasonably

11   calculated to lead to the discovery of admissible evidence, especially with respect to

12   "demographic information." Samsung further objects to the Request as duplicative of Apple's

13   Request For Production Nos. 29, 206, and 220.

14        Subject to these objections, Samsung is willing to meet and confer with Apple about the

15   relevance and scope of the information sought by this Request and to confirm that production in

16   response to this Request would be reciprocal.

17   **SEVENTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 465:**

18        All documents comprising or relating to any testing, surveys, focus groups, studies,

19   analyses, or other means of obtaining consumer opinions that Samsung conducted or had

20   conducted on its behalf relating to the purchasing behavior of consumers of mobile phones,

21   smartphones, tablet computers, and media players, including but not limited to studies observing

22   consumers in retail stores and studies relating to the consideration of contract price.

23   **OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 465:**

24        In addition to its Objections and Responses Common to All Requests for Production,

25   which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

26   seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

27   work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

28   applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

1   burdensome, and/or would require undue expense to answer. Samsung further objects the request

2   as vague and ambiguous. For example, the term "testing, surveys, focus groups, studies, analyses,

3   or other means of obtaining consumer opinions" is vague and ambiguous. Samsung further

4   objects to the request as overbroad in that it seeks documents and things that pertain to products

5   not at issue in this litigation. Samsung further objects to the request as overbroad in that it seeks

6   documents and things that pertain to features or applications not at issue in this litigation.

7   Samsung further objects to the request as overbroad in that it seeks documents and things

8   that bear on occurrences in other countries that are not at issue in this litigation. Samsung further

9   objects to the request as overbroad in that it is not limited to any reasonable time period and seeks

10   documents and things from time periods not at issue in this litigation. Samsung further objects to

11   the request as seeking "all" documents on a topic. Samsung further objects to the Request to the

12   extent it seeks documents that are not relevant to the claims or defenses of any party and not

13   reasonably calculated to lead to the discovery of admissible evidence. Samsung further objects to

14   the Request as duplicative of Apple's Request For Production Nos. 29, 206, and 220.

15   Subject to these objections, Samsung is willing to meet and confer with Apple about the

16   relevance and scope of the information sought by this Request and to confirm that production in

17   response to this Request would be reciprocal.

18   **SEVENTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 466:**

19   All documents comprising or relating to any testing, surveys, focus groups, studies,

20   analyses, or other means of obtaining consumer opinions that Samsung conducted or had

21   conducted on its behalf relating to the purchasing behavior of consumers of mobile phones,

22   smartphones, tablet computers, and media players, including but not limited to studies observing

23   consumers in retail stores and studies relating to the consideration of contract price.

24   **OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 466:**

25   In addition to its Objections and Responses Common to All Requests for Production,

26   which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

27   seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

28   work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

1  applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

2  burdensome, and/or would require undue expense to answer. Samsung further objects the request

3  as vague and ambiguous. For example, the term "testing, surveys, focus groups, studies, analyses,

4  or other means of obtaining consumer opinions" is vague and ambiguous. Samsung further

5  objects to the request as overbroad in that it seeks documents and things that bear on occurrences

6  in other countries that are not at issue in this litigation. Samsung further objects to the request as

7  overbroad in that it is not limited to any reasonable time period and seeks documents and things

8  from time periods not at issue in this litigation. Samsung further objects to the request as seeking

9  "all" documents on a topic. Samsung further objects to the Request to the extent it seeks

10  documents that are not relevant to the claims or defenses of any party and not reasonably

11  calculated to lead to the discovery of admissible evidence. Samsung further objects to the Request

12  as duplicative of Apple's Request For Production No. 465.

13       Subject to these objections, Samsung is willing to meet and confer with Apple about the

14  relevance and scope of the information sought by this Request.

15  **SEVENTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 467:**

16       Documents sufficient to identify the model numbers and internal code names for the

17  Products at Issue.

18  **OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 467:**

19       In addition to its Objections and Responses Common to All Requests for Production,

20  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

21  seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

22  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

23  applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly

24  burdensome, and/or would require undue expense to answer. Samsung further objects the request

25  as vague and ambiguous. For example, the term "internal code names" is vague and ambiguous.

26       Subject to these objections, Samsung is willing to meet and confer with Apple about the

27  relevance and scope of the information sought by this Request and to confirm that production in

28  response to this Request would be reciprocal.

**EIGHTH SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 468:**

All documents relating to the training or instruction of employees, including sales personnel, of wireless carrier stores or retail stores that relate to Apple or Apple Products.

**OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 468:**

No response received.

**APPLE'S CERTIFICATION PURSUANT TO FED. R. CIV. P. 37(A)(1)**

Apple hereby certifies that it has in good faith conferred with Samsung in an effort to obtain the discovery described immediately above without Court action. Apple's efforts to resolve this discovery dispute without court intervention are described in the Mazza Declaration and exhibits attached thereto, submitted concurrently herewith.

Dated:  January 11, 2012                         MORRISON & FOERSTER LLP

                                        By:     */s/ Michael A. Jacobs*
                                                Michael A. Jacobs

                                                Attorneys for Plaintiff
                                                APPLE INC.

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

**I.      INTRODUCTION**

3

Apple filed this action, which includes utility patent, design patent, trade dress, trademark,

4

and unfair competition claims, in April 2011.  Since that time, the disparity between the parties'

5

compliance with their discovery obligations as to Apple's claims has been striking—and growing.

6

Apple has produced no fewer than 870,000 pages of documents to Samsung in support of

7

Apple's affirmative case.  It also has made 48 individuals available for deposition, and Samsung

8

has taken these depositions.  By contrast, until Apple moved to compel several weeks ago,

9

Samsung produced essentially *no* documents after the preliminary injunction phase responsive to

10

Apple's document requests relating to Apple's claims.  The production Samsung *failed* to make

11

included documents falling within such basic categories as technical, marketing, and financial

12

documents, all of which Apple indisputably needs, and is entitled to, to support its claims.  When

13

this Court issued an Order on December 22, 2011, compelling Samsung to produce certain

14

categories of documents by December 31, Samsung proceeded to miss that deadline by several

15

days.  And in contrast to the 48 depositions that Samsung has taken relating to Apple's

16

affirmative case, Samsung has resisted scheduling 26 of the 38 depositions that Apple has

17

noticed, and will not even tell Apple which of these it will not schedule.  (Declaration of Mia

18

Mazza in Support of Apple's Motion to Compel ("Mazza Decl.") ¶¶ 2-8.)

19

Rather than devote its attention to producing documents or scheduling depositions (or

20

meeting this Court's deadlines), Samsung instead has engaged in a letter writing campaign—both

21

to demand items from Apple, and to resist production of items it deems "not ripe" for discussion.

22

For example, despite claiming it was unable to comply with this Court's December 22, 2011

23

Order because it was resource-constrained over the holidays, between December 22, 2011 (the

24

date of the Court's Order) and December 31, 2011 (the Court's first deadline under that Order),

25

four different Samsung attorneys sent 13 letters demanding Apple's immediate production of

26

various items.  Since January 1, 2012, Samsung has sent numerous communications to Apple in

27

which Samsung claimed not to understand Apple's requests, claimed they are "not ripe," asserted

28

that they are overbroad without identifying a specific, narrowed scope of production Samsung

1   would agree to, or offered to produce documents but with additional conditions and soft or far-off

2   deadlines.  (Mazza Decl. ¶¶ 9-10.)

3          Samsung's pattern of tardiness and delay has only escalated in the six days that have

4   passed since the parties' lead counsel meeting on January 5.  The letter that Samsung promised it

5   would send on January 6, setting forth Samsung's best positions regarding the documents Apple

6   seeks, did not come until 7:45 p.m. on January 10, the date the parties had stipulated to file their

7   motions.  Samsung's January 10 letter contained empty promises of partial productions weeks

8   after Apple needs them.  And this very morning, Samsung produced 476 Korean-language

9   documents from the files of a witness whose deposition had begun.  (Mazza Decl. ¶¶ 11-12.)  And

10  this evening, Samsung produced 5,287 Korean language documents (totaling 32,469 pages) from

11  the files of a witness being deposed in 62 hours.

12         Samsung's gamesmanship causes Apple grave concern.  With the fact discovery cut-off

13  less than two months away, Samsung must produce more than empty promises and letters.  The

14  information Apple seeks via this motion represents a voluntary narrowing of numerous document

15  requests that Apple propounded over the past four months.  These are critical documents required

16  by Apple to prove the various components of its case—from patent infringement and validity, to

17  trademark and trade dress infringement, to damages and irreparable harm.  Samsung has never

18  asserted that the documents sought by this motion are irrelevant or otherwise objectionable,

19  except at the margins.  Samsung should be ordered to produce these documents immediately.

20  **II.     BACKGROUND**

21         **Apple's First Motion to Compel, and Samsung's Limited Production.**  To date,

22  Samsung's production in Apple's affirmative case has focused exclusively on the narrow

23  categories of documents it has been specifically ordered by the Court to produce.  Samsung's

24  production during the preliminary injunction phase was paltry, necessitating that Apple move to

25  compel documents relating to its preliminary injunction motion.  On September 28, 2011, the

26  Court ordered Samsung to produce (among other things) relevant survey documents by

27  October 7, 2011.  (Dkt. No. 267.)  Samsung missed that deadline entirely, producing responsive

28

1   documents as late as October 12, 2011 (one day before the preliminary injunction hearing).

2   (Mazza Decl. ¶ 3.)

3       Samsung then stopped producing documents for Apple's offensive case.  Although

4   attorneys for each party met and conferred weekly and exchanged numerous letters on discovery

5   subjects between each meeting, nearly two months passed during which Samsung did not produce

6   a *single* additional document (other than some missing attachments) responsive to Apple's

7   document requests relating to its claims against Samsung.  Meanwhile, Samsung took the

8   depositions of 48 patent prosecutors and Apple inventors, and Apple produced thousands of

9   documents in daily batches in conjunction with those depositions.  (Mazza Decl. ¶¶ 4-5.)

10      **Apple's Second Motion to Compel, and Samsung's Continued Delays with Its**

11  **Production.**  Samsung's next production began on December 7, 2011, the day before Apple filed

12  (as it had told Samsung a week earlier it would do) a motion to compel production of various

13  categories that Samsung should have already produced.  (*Id.* ¶ 4.)  The Court's resulting Order,

14  filed December 22, 2011, required Samsung to produce, within 9 days, any remaining documents

15  required under the September 28 Order but not produced before the Preliminary Injunction

16  hearing.  (Dkt. No. 537.)

17      Samsung could not meet this production deadline.  When it sought an extension, Samsung

18  exposed the true extent of its non-production and efforts to delay.  Samsung's extension request

19  revealed that the volume of documents withheld from Samsung's Preliminary Injunction

20  production in October was so enormous that it was "physically impossible" to produce it all by

21  December 31.  (Dkt. No. 554.)  In fact, per Samsung's motion, Samsung required an *additional* 9

22  days to complete the production.  (*Id.*)  Samsung's supporting declaration revealed that it had not

23  begun making a concerted effort to collect and produce the documents required under the Court's

24  September 28, 2011 Order until December 22.  (Dkt. No. 554-1 at 2:18–3:5 (admitting that

25  Samsung waited until after December 22 Order to commit resources necessary for completing

26  production, including engaging new discovery vendor and hiring additional attorneys).)  Samsung

27  plainly had been sitting on these documents, but did not produce them until *again* ordered to do

28  so.

1    Despite claiming that the extension was necessary because its attorneys were working

2    "straight through the holidays . . . in Samsung's attempt to meet the Court's deadlines" (Dkt. No.

3    554-1 at 2-3), the conduct of Samsung's attorneys proved otherwise.  Between December 22 and

4    December 31, counsel for Samsung sent a barrage of letters and emails that, for example,

5    expressed Samsung's dissatisfaction with the parties' weekly meet-and-confer calls, demanded

6    various items of alleged prior art from Apple, and insisted that Apple withdraw the confidentiality

7    designation of certain produced photographs.  (Mazza Decl. ¶ 9.)  Samsung plainly was electing

8    to advance its own document demands ahead of Apple's—and instead of complying with the

9    Court's Orders.

10    **The Parties' Lead Trial Counsel Meet and Confer, and Samsung's Failed Promises.**

11    With the close of discovery rapidly approaching, Apple has noticed the depositions of 38

12    Samsung witnesses.  At least two of these witnesses are software programmers who helped

13    develop and write the source code for the allegedly infringing "rubber banding" feature claimed

14    by U.S. Patent No. 7,469,381.  (Mazza Decl. ¶ 6.)  Twenty of these individuals are industrial or

15    graphical user interface designers, identified by Samsung (or within its documents) as being

16    involved in the design of the Samsung products at issue.  (*Id.*)  Other noticed deponents were

17    involved in the hardware redesign of the Galaxy Tab 10.1.  (*Id.*)  Still others were identified on

18    documents showing Samsung's analysis of Apple's products.  (*Id.*)  To date, Samsung has

19    provided dates for only 12 of these witnesses.  (*Id.* ¶ 8.)

20    This list of deponents is just the initial list of individuals whom Apple would like to

21    depose.  Apple plans to depose additional Samsung witnesses with knowledge relevant to Apple's

22    trademark and trade dress claims, damages issues, and other claims.  (*Id.* ¶ 7.)

23    Because of the sparsity of Samsung's document production, however, Apple has had

24    difficulty both preparing for these depositions and identifying additional relevant deponents.  (*Id.*)

25    To take effective depositions and to make its case generally, Apple requires technical, marketing,

26    and financial documents.  As with its production of survey documents, however, Samsung's

27    production of these documents has been grossly inadequate.

28

1    Lead trial counsel for both parties met in person on January 5, 2012 to try to crystallize

2  each party's positions on numerous outstanding discovery issues and resolve at least some of

3  those issues.  As explained in the Declaration of Harold J. McElhinny filed herewith, the parties

4  agreed at the end of the meeting to exchange letters memorializing their final positions on the

5  issues by January 6, 2012.  But January 6, 7, 8, and 9 passed without Samsung's promised letter

6  clarifying its positions.  (Mazza Decl. ¶ 11.)  And when Samsung finally provided the agreed

7  letter on January 10 at 7:45 p.m., Samsung merely made noncommittal promises to "substantially

8  complete" portions of its production in the relevant categories by far-off dates.  (*Id.* Ex. A.)

9  Apple thus had no choice but to file this third motion to compel.

10  ### III.   LEGAL STANDARDS

11    A party is entitled to seek discovery of "any nonprivileged matter that is relevant to any

12  party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  "A party seeking discovery may move for an

13  order compelling . . . production, or inspection.  This motion may be made if: . . . a party fails to

14  respond that inspection [of such documents or tangible things] will be permitted—or fails to

15  permit inspection—as requested under Rule 34."  Fed. R. Civ. P. 37(a)(3)(B)(iv).

16    Patent Local Rule 3-4(a) provides for the automatic production of source code and

17  technical documents concurrently with the defendants' invalidity contentions.  It states:  "With

18  the Invalidity Contentions, the party opposing a claim of patent infringement shall produce or

19  make available for inspection and copying:  (a) Source code, specifications, schematics, flow

20  charts, artwork, formulas, or other documentation sufficient to show the operation of any aspects

21  or elements of an Accused Instrumentality identified by the patent claimant in its Patent

22  L.R. 3-1(c) chart."

23

24

25

26

27

28

1    IV.    **ARGUMENT**

2           A.    **Samsung Should Be Ordered to Produce Technical Documents Relevant to Apple's Utility Patent Infringement Case.**[1]

3

4           The Court's December 22 Order required Samsung to produce all technical documents

5    sought by Apple's previous motion to compel.  (Dkt. No. 537 at 2.)  The exception was

6    documents responsive to 14 document requests for which "there [wa]s no indication that the

7    parties met and conferred."  (*Id.* at 2 & n.2.)  As to these categories, the Court noted that Apple

8    could re-raise them with the Court "after an appropriate meet and confer."  (*Id.* at 2-3.)  The

9    documents sought by those 14 requests, broadly speaking, relate to the evolution, features, and

10   updates of software for certain Samsung products and the design and manufacturing of hardware

11   for those products.  (McElhinny Decl. Ex. C.)

12          As directed by the Court, Apple (through its lead trial counsel) met and conferred with

13   Samsung regarding the 14 remaining categories of technical documents.  (*Id.* ¶ 5.)  In the spirit of

14   compromise, Apple had voluntarily proposed substantial limitations to those categories.

15   (McElhinny Decl. Ex. C.)  (A complete list of the specific, narrowed categories of technical

16   documents Apple seeks from Samsung at this time is set forth in Section I of Apple's Proposed

17   Order submitted herewith.)  Samsung rejected Apple's proposed compromise.  (*See* Mazza Decl.

18   Ex. A.)

19          The Court should order Samsung to complete, by no later than January 23, 2012, its

20   production of all technical documents in all the narrowed categories identified in Apple's

21   Proposed Order filed herewith.  As explained in Apple's previous motion, Samsung was obligated

22   under Patent Local Rule 3-4 to provide these documents by October 7, 2011, the date it served its

23   invalidity contentions.  (Dkt. No. 467-1 at 6-9.)  Yet, over three months after that deadline,

24   Samsung still refuses to produce them.  Samsung's delay has already prejudiced Apple's ability to

25   _____

26          [1] The documents discussed in this section are responsive to Requests for Production Nos.
27   193, 225-227, 229-231, 233-235, 240, and 243-245, served on October 26, 2011.

28

1   prepare for depositions of Samsung's technical witnesses, which commence January 11, 2012

2   (the day of this submission).  (Mazza Decl. ¶ 12.)  Even after these documents are produced,

3   Apple's counsel will need time to review and analyze them before being able to use them

4   effectively at the depositions.  It would be grossly unfair to permit Samsung to continue

5   withholding the requested technical documents from Apple.

6         Samsung has disputed the relevance of some, but not all, of the document categories

7   identified above and in its Proposed Order.  (Mazza Decl. Ex. B.)  All those categories, however,

8   seek documents that are highly relevant and narrowly tailored to Apple's allegations.  For

9   example, Apple is entitled to know which versions of the operating systems, touchscreen control

10  systems, and software applications on the accused devices include the accused functionalities,

11  because this information goes to the heart of Apple's patent infringement claims.  As another

12  example, Apple is entitled to technical specifications for the screens (including LED and LCD

13  screens) and touch screen controllers (including those produced by Atmel Corporation) in the

14  accused Samsung products, as that information is directly relevant to Samsung's infringement of

15  Apple's touchscreen hardware patents.

16        All of this information is undoubtedly well-documented internally at Samsung.  In

17  contrast, it would be unduly burdensome, if not impossible, for Apple to glean this information

18  based solely on teardowns of publicly-available versions of the accused products or on inspection

19  of Samsung's piecemeal source code production (which does not and cannot show the evolution

20  of the accused functionalities in Samsung's products over time).  (Mazza Decl. ¶ 13.)   Indeed,

21  Samsung's production of source code to date underscores the impossibility of reconstructing the

22  requested technical information without a complete production from Samsung.  Its limited

23  production to date appears to include, at most, just a single version of software for each accused

24  device.  (*Id.*)

25        Similarly, Apple is entitled to documents sufficient to show how updates to the operating

26  systems, applications, and touchscreen control systems on the accused devices affected the

27  accused functionalities.  Samsung has pushed out to consumer devices a number of software

28  updates that have affected accused functionalities on Samsung's products.  (Mazza Decl. ¶ 13.)

1   Samsung's internal documentation of such software updates is therefore not only critical to

2   demonstrating infringement, but will also be important for calculating damages based on the

3   duration of infringement.

4          Moreover, this update information is practically impossible for Apple to obtain on its own,

5   as Apple cannot "undo" software updates that are applied to Samsung's products.  (*Id.*)  Thus,

6   Apple would lose its ability to analyze an earlier version of Samsung's software on a device each

7   time it wished to assess the impact of an update.  (*Id.*)  Equally problematic is the fact that the

8   various iterations of software updates, rendered obsolete by newer updates and versions of the

9   software, are not readily publicly available.  (*Id.*)  This is particularly true for the earlier-released

10   accused devices that are no longer actively supported or maintained.  (*Id.*)  Samsung's relevance

11   objection is therefore meritless.[2]

12          For these reasons, the Court should order Samsung to produce, by January 23, 2012, all

13   technical documents within the specific, narrowed categories identified in Section I of the

14   accompanying Proposed Order.

15   **B.     Samsung Should Be Ordered to Produce Documents Regarding its Efforts to
16          Design Around Apple's Patents**

17          Following the initiation of this lawsuit, Samsung attempted to design around Apple's '381

18   patent by incorporating a "blue glow" functionality into its products as a substitute for the '381

19   patent's "rubber-banding" feature.  On November 29, 2011, Apple informed Samsung that there

20   were no documents produced by Samsung regarding such "blue glow" functionality, and

21   requested that Samsung provide a date certain for completing its production of such documents,

22   as well as all other design around documents responsive to Apple's document requests.  (Mazza

23

24          [2]  During the meet and confer process, Samsung also pointed to Apple's obligation to
    produce technical documents in response to Samsung's document requests.  (Mazza Decl. Ex. B.)
25   Samsung cannot excuse itself from complying with Apple's requests by pointing to alleged
    deficiencies in Apple's document production.  The Court expressly rejected this tactic in its
26   December 22, 2012 Order, observing that "If Samsung believes that Apple is not complying with
    its own discovery obligations ... Samsung is free to raise such failures before the court in an
27   appropriately noticed motion."  (Dkt. No. 537 at 2 n.1.)

28

1    Decl. Ex. K.)  Samsung replied over a month later, stating that it had located no "blue glow"

2    documents, although its investigation was "ongoing."  (*Id.* Ex. L.)  Apple followed-up again,

3    reiterating that it had requested *all* design around documents, not just documents regarding "blue

4    glow."  (*Id.* Ex. M.)  Samsung ignored Apple's request for design around documents other than

5    "blue glow."

6         Despite later claiming that every document relating to this issue was privileged, Samsung

7    eventually relented, recognizing that it must produce documents related to its "blue glow" design

8    around effort, and agreed to produce "non-privileged" documents.  (*Id.* Ex. N.)  Nevertheless,

9    Samsung's attempt to limit its production to a single design around effort is improper.  Samsung's

10   documents regarding any other attempts to design around Apple's patents are responsive to

11   multiple document requests propounded by Apple and must be produced.

12        Samsung's knowledge of Apple's patents in suit, its efforts to avoid infringement of those

13   patents, and its attempts to design around those patents are relevant to, among other issues, the

14   willfulness of Samsung's infringement and the determination of a reasonable royalty rate for a

15   license to Apple's patents.  *See, e.g., Saint-Gobain Autover USA, Inc. v. Xinyi Glass North*

16   *America, Inc.*, 707 F. Supp. 2d 737, 751 (N.D. Ohio 2010) (considering evidence of a design

17   around in assessing willfulness); *Paice LLC v. Toyota Motor Corp.*, 609 F. Supp. 2d 620, 627

18   (E.D. Tex. 2009) ("the costs of switching to an alternative design is a factor that the parties would

19   consider in arriving at an appropriate ongoing royalty rate").  Such documents may also impact

20   the scope of infringement in this case, as the implementation of design arounds could affect the

21   universe of accused products and functionalities.  Relevant documents in this category would

22   include not only internal documents at Samsung showing implementation of design arounds like

23   the "blue glow" functionality, but also communications with third parties such as Google, which

24   produces portions of the Android code base.

25        The Court should order Samsung to produce all documents relating to Samsung's design

26   around efforts by no later than January 23, 2012.  (*See* Proposed Order § II.)  Samsung does not

27   and cannot dispute that it has, indeed, incorporated features into its products in response to this

28   lawsuit, and that such functionalities reflect an attempt to design around Apple's patents.  Nor

1    does Samsung dispute that any documents relating to such design around efforts are responsive to

2    Apple's document requests.  Samsung's position that no such documents have been located

3    demonstrates its continuing failure to search in good faith, because Samsung could not have

4    conceived, designed, and implemented its design around functionalities without creating any

5    documentary record of such efforts.  Given the shortened time frame for discovery in this action,

6    Apple should not be forced to wait patiently for responsive documents that Samsung should be

7    able to identify and collect in short order.

8           **C.**     **Samsung Should Be Ordered to Produce Documents Relevant to Apple's**
9                  **Design Patent, Trademark, and Trade Dress Infringement Case.**

10         The Court should order Samsung to produce the specific, narrowed categories of

11   documents described in Sections III and IV of the accompanying Proposed Order relating to

12   Apple's design patents, trademarks, and trade dress.  As discussed below, those documents

13   (including marketing and advertising documents) are relevant because they demonstrate

14   alternative designs of Samsung's products and/or may support elements of Apple's trademark and

15   trade dress claims.

16           **1.**       **Documents Demonstrating Alternative Designs[3]**

17         To prevail on its trademark and trade dress claims, Apple is required to prove that its

18   unregistered trade dress has acquired distinctiveness and is not functional and that its unregistered

19   trademark is distinctive.  15 U.S.C. § 1125(a)(3) ("In a civil action for trade dress infringement

20   under this chapter for trade dress not registered on the principal register, the person who asserts

21   trade dress protection has the burden of proving that the matter sought to be protected is not

22   functional"); *TrafFix Devices, Inc. v. Mktg. Displays, Inc.*, 532 U.S. 23, 29 (2001) ("This burden

23   of proof gives force to the well-established rule that trade dress protection may not be claimed for

---

25         [3] The documents discussed in this section are responsive to one or more of the following
     Requests for Production, the earliest of which was served on July 12, 2011:  Nos. 1, 11-12, 18,
26   21, 26-27, 30, 36, 43, 157-58, 160-164, 167, 192, 194-96, 198, 203, 204, 210-214, 260, 360-67,
     392, 422-23, 449-51, 453, and 467.

1    product features that are functional"); *Wal-Mart Stores, Inc. v. Samara Bros., Inc.*, 529 U.S. 205,

2    216 (2000) ("[I]n an action for infringement of unregistered trade dress under § 43(a) of the

3    Lanham Act, a product's design is distinctive, and therefore protectible, only upon a showing of

4    secondary meaning"); *Sand Hill Advisors, LLC v. Sand Hill Advisors, LLC*, No. C 08-5016 SBA,

5    2010 U.S. Dist. LEXIS 97011, at *7-8 (N.D. Cal. Sept. 16, 2010) ("Where the mark is not

6    registered ... a plaintiff must establish that its mark either is inherently distinctive, or has acquired

7    distinctiveness through secondary meaning").

8         In addition, to the extent that Samsung is challenging the validity of Apple's design

9    patents and registered trade dress on the basis that they are functional (and, for the trade dress,

10   lack distinctiveness), Apple will need to come forward with evidence that the trade dress and

11   designs are not functional and have acquired distinctiveness.  *Bonito Boats, Inc. v. Thunder Craft*

12   *Boats, Inc.*, 489 U.S. 141, 148 (1989) ("To qualify for protection, a design must present an

13   aesthetically pleasing appearance that is not dictated by function alone"); *TrafFix Devices*, 532

14   U.S. at 29; *Wal-Mart Stores*, 529 U.S. at 216.  Relevant evidence on these issues includes the

15   availability of alternative designs, the ease and cost of manufacture, whether the design yields a

16   utilitarian advantage, and whether utilitarian advantages of the designs are touted in advertising.

17   *Disc Golf Ass'n v. Champion Discs, Inc.*, 158 F.3d 1002, 1006 (9th Cir. 1998) (listing factors

18   relevant to determination of functionality in trade dress cases); *Best Lock Corp. v. ILCO Unican*

19   *Corp.*, 94 F.3d 1563, 1566 (Fed. Cir. 1996) ("[a] design is not dictated solely by its function when

20   alternate designs for the article of manufacture are available").

21        Samsung has taken the position that Apple's designs are merely functional or lack

22   distinctiveness, and that they are obvious and/or anticipated in light of the prior art.  (Dkt. No. 80

23   §§ 122, 126, 133, 138, 139-40, 145, 149, 154, 278-80, 282; Samsung's Opposition to Apple's

24   Motion for a Preliminary Injunction, filed under seal Aug. 22, 2011, at 9-10, 14-16.)  Apple

25   propounded categories of documents relevant to these issues, including documents that fall within

26   the broad categories below:

27

28

- trademark, trade dress, and design patent search reports relating to any element of Apple's asserted trade dress or asserted trademarks [relevant to obviousness/anticipation and distinctiveness];

- documents discussing the distinctiveness of Apple's designs for the Apple Products at Issue [relevant to distinctiveness];

- documents relating to the design and development of GUI designs and the external hardware design for Samsung's smartphone and tablet products [relevant to distinctiveness, functionality, and Samsung's intent];

- documents relating to the design and development of the earphone or speaker slot design for all mobile phone products offered for sale by Samsung [relevant to functionality];

- sketchbooks, CAD drawings (or other schematics used by Samsung in designing its products), and physical models depicting designs created on or after January 1, 2000, that depict designs for any Samsung mobile phone product, tablet product, or touchscreen digital media player [relevant to functionality];

- minutes, notes, specifications, or requirements communicated to the designers, project management reports, and reports to executives relating to the external hardware design or the GUI for all Samsung smartphones or tablet computers; and

- documents sufficient to show all model numbers, code names, or other internal designations used to refer to each of Samsung's Products at Issue.

A complete list of the specific, narrowed categories of design, trademark, and trade dress documents Apple seeks from Samsung at this time is set forth in Section III of Apple's Proposed Order submitted herewith.

Apple followed up on its requests in a letter dated January 3, 2012, and lead trial counsel for the parties met and conferred on the requests on January 5, 2012. (McElhinny Decl. ¶¶ 6, 7.) Samsung rejected Apple's request that Samsung complete production of the requested materials by January 23, 2012, and refused to provide a date certain for such production. (*Id.*)

Samsung continues to make baseless objections to the requests. For example, Samsung objects that it should not be required to produce documents in the requested categories to the extent they relate to non-accused products because such documents are irrelevant, or the production would be unduly burdensome. (Mazza Decl. Ex. C.) As explained above, however, Samsung has argued that the designs that Apple has accused of infringement are dictated by

1   function—which means that the same functions cannot be performed through any other design.

2   To the extent that Samsung has used alternative designs to perform the same function—whether

3   the alternative was used in an accused product or a non-accused product—those designs are

4   directly relevant to an issue that Samsung raised.[4]   Moreover, designer discussions of alternative

5   designs will likely include references to issues related to the functionality determination,

6   including ease and cost of manufacture, or utilitarian advantages or disadvantages of the design.

7   Samsung's own smartphone and tablet design files will provide admissions that, in fact, many

8   different designs can be used for smartphones and tablet computers because Samsung has sold

9   products with significantly different designs.

10      Samsung has also argued that Apple's evidence of alternative third-party designs cannot

11   be considered true alternative designs because those third-party designs "would adversely affect

12   the utility of the specified article."  (*See* Dkt. No. 452 at 13.)  Evidence that Samsung has

13   included or considered those same third-party designs for its own mobile phones and tablet

14   computers is required for Apple to respond to Samsung's argument that the third-party designs

15   affect the utility of the articles.  There is no better place to obtain evidence on this point than

16   Samsung's own design files, which may show that a design that Samsung claims is not feasible

17   was actually produced by Samsung itself.

18      Samsung cannot be permitted to raise the issue of functionality and then shield its files

19   from discovery on the grounds of relevancy or burden.  Indeed, when it suits Samsung's

20   purposes, Samsung has produced documents and things that relate to non-accused devices (such

21   as models of the F700 mobile phone (Mazza Decl. ¶ 17)), while simultaneously, and

22   inconsistently, arguing that Apple should not be permitted to take discovery of other non-accused

23   products.

24   _____

25      [4]  Separately, Samsung has a practice of designing a core product, such as the Galaxy S
     phone, and then offering that product under a variety of names with only slight design
26   modifications.  (Mazza Decl. ¶ 16 & Ex. D.)  Given this practice, documents from the design
     history of non-accused products may be directly relevant to the design of accused products if their
27   design originated with the same core product.

28

1    For these reasons, the Court should order Samsung to produce, by January 23, 2012, the

2    documents relevant to alternative designs specified in Section III of Apple's Proposed Order.

3    There is no dispute that this material is directly relevant to Apple's trademark, trade dress, and

4    design patent claims.  Samsung should not be left to its own devices to decide if and when it will

5    produce this relevant material.  By attempting to excuse itself from the Court's December 31,

6    2011 deadline—and waiting to raise that request with Apple just 2 days before that deadline—

7    Samsung has proven itself unwilling to abide even by timetables established by the Court.  In

8    light of this conduct, neither the Court nor Apple can reasonably have any confidence that

9    Samsung, if given discretion to set its own timetable, will produce the requested material in a

10   timely manner.

11          **2.          Documents Demonstrating Satisfaction of the *Sleek-Craft* Factors.[5]**

12   To prove trademark and trade dress infringement, Apple needs to establish elements

13   related to the eight-factor *Sleekcraft* test that the Ninth Circuit applies when considering

14   likelihood of confusion.  Those factors are: (1) the similarity of the parties' marks; (2) the

15   relatedness of the parties' goods or services; (3) the marketing channels used; (4) the strength of

16   the plaintiff's mark; (5) evidence of actual confusion; (6) the defendant's intent in selecting its

17   mark; (7) the degree of care likely to be exercised by purchasers; and (8) the likelihood of

18   expansion into other markets.  *AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-49 (9th Cir.

19   1979).

20   Samsung has argued that Apple's trademarks and trade dress are weak, that the products

21   are not competitive because Samsung products do not use the iOS operating system and therefore

22   do not compete with Apple products, that the products appeal to distinct, sophisticated customers,

23   that the products do not look similar, and that Samsung did not act willfully.  (Dkt. No. 80

24   _____

25          [5] The documents discussed in this section are responsive to one or more of the following
     Requests for Production, the earliest of which was served on July 12, 2011:  Nos. 1, 11-12, 18,
26   21, 26-27, 30, 36, 43, 157-58, 160-164, 167, 192, 194-96, 198, 203, 204, 210-214, 360-67, 392,
     422-23, 449-51, and 453.

27

28

§§ 122, 126, 133, 138, 139-40, 145, 149, 154, 278-80, 282; Samsung's Opposition to Apple's Motion for a Preliminary Injunction, filed under seal Aug. 22, 2011, at 31-32.)  Apple propounded document requests relevant to each of the *Sleekcraft* factors, including the specific factors Samsung is contesting.  The documents fall within the broad categories below:

- trademark, trade dress, and design patent search reports relating to any element of Apple's asserted trade dress or asserted trademarks [relevant to strength];

- surveys [relevant to strength, actual confusion, and Samsung's intent];

- documents relating to the design and development of GUI designs and the external hardware design for Samsung's Products at Issue (*i.e.*, all Galaxy phone and tablet products and all products identified in Apple's Amended Complaint) [relevant to Samsung's intent];

- documents discussing actual or potential consumer confusion between the parties' Products at Issue [relevant to confusion];

- marketing, market analysis, and advertising strategy documents relating to the Apple or Samsung Products at Issue [relevant to channels of trade, consumer sophistication, and Samsung's intent];

- documents evidencing or referencing U.S. and global media plans for any of Samsung's Products at Issue [relevant to channels of trade, consumer sophistication, and Samsung's intent];

- copies of U.S. advertisements for Samsung Products at Issue, and drafts of such advertisements [relevant to Samsung's intent, channels of trade, similarity of trade dress and/or trademarks, similarity of products];

- copies of all advertisements for all Samsung products that mention, target or evoke Apple or its products [relevant to Samsung's intent]; and

- documents reflecting retail outlets and scripts or sales points for Samsung's Products at Issue, and any incentives that Samsung offers in connection with the sale of Samsung's Products at Issue [relevant to channels of trade and Samsung's intent].

A complete list of the specific, narrowed categories of design, trademark, and trade dress documents (including marketing and advertising documents) Apple seeks from Samsung at this time is set forth in Sections III and IV of Apple's Proposed Order submitted herewith.

As with the design documents, Samsung objects on relevance and burden grounds to the production of documents in the categories set forth above that go beyond the accused products.

1    For example, Samsung objects to the production of advertising that is not limited to products

2    specifically accused of infringing Apple's trade dress or trademarks.  However, Samsung is

3    currently running, or has recently run, advertisements that refer to Apple, that mock Apple, or that

4    copy Apple's ads or use actresses who have appeared in Apple's advertisements, all to trade on

5    Apple's goodwill.  (Mazza Decl. Ex. E.)  These advertisements are relevant to Samsung's

6    intent—they support Apple's claim that Samsung is a copier and not an innovator, and that

7    Samsung is specifically targeting Apple with its copying.[6]  All such advertisements should be

8    produced, regardless of the product being advertised.

9         Moreover, Apple's request for the production of all U.S. ads for Samsung's Galaxy

10   products and all accused products is specifically tailored to seek documents relevant to the case.

11   As mentioned above, Samsung develops a core product (such as the Galaxy S or the Galaxy SII)

12   and then builds multiple models with minor variations from the core product.  (Mazza Decl. ¶ 16

13   & Ex. D.)  Because of the close association between the products, and because of Samsung's

14   practice of creating different model names for such products, Samsung should produce all U.S.

15   advertisements for all Galaxy products, including non-accused products.

16        As for advertisements for all accused products, the essence of Apple's complaint is that

17   Samsung is copying everything that Apple does—with its touchscreen technology, its GUI, its

18   hardware designs, and its ads.  Accordingly, Samsung should produce all U.S. advertisements for

19   all accused products so that Apple can see how the products are being presented to the public and

20   which features are being touted.  Not only is this relevant to Samsung's intent, it is also relevant

21   to irreparable harm because Samsung has argued Apple needs to tie the specific patented features

22   to consumer demand (Samsung's Opposition to Apple's Motion for a Preliminary Injunction,

23

24   ────────────────────

25        [6] Samsung made the same overbreadth objection to Apple's request for product placement
     requests.  (Mazza Decl. ¶ 19 & Ex. F.)  Apple is moving to compel such requests only for the
26   Samsung Products at Issue, which obviates any burden objection that Samsung may have.  (*See*
     Proposed Order, § IV.)  Samsung has not objected to the production of those documents, but also
27   has not provided a date certain by which it will produce those documents.

28

1    filed under seal Aug. 22, 2011, at 31-33), and advertisements are used to create that consumer

2    demand.

3         With respect to surveys, it has become manifestly clear that Samsung's production

4    remains incomplete, despite this Court's Orders to produce them.  (Dkt. No. 267 at 4 (ordering

5    Samsung to produce "all survey documents that reference the Apple products currently alleged by

6    Apple to embody one or more [of] the ornamental or utility features claimed in the patents").)

7    For example, Apple has learned of one survey, sent by Samsung to purchasers of Samsung

8    products, that concerns customer usage of and preferences for various Apple products, including

9    the Apple products at issue.  (Mazza Decl. ¶ 20.)  Apple brought this survey to Samsung's

10   attention on November 29, 2011, and again on January 8, 2012.  (*Id.* Exs. G & H.)  Samsung's

11   belated January 10 letter asserts that this survey "plainly has nothing to do with this lawsuit,"

12   because it was sent to customers of Samsung products that are not accused in this case of

13   infringement.  (*Id.* Ex. A.)  The Court's Order to produce surveys, however, was not limited to

14   surveys sent to purchasers of the accused products.  It included "all survey documents that

15   reference the Apple products currently alleged by Apple to embody one or more the ornamental

16   or utility features claimed in the patents."  (Dkt. No. 267 at 4.)  The fact that Samsung views this

17   survey as wholly irrelevant raises a grave concern that Samsung *still* has not produced all of the

18   survey documents it was required to produce on October 7 (and then December 31.)  This is

19   especially true where Samsung represented to the Court that it was "physically impossible" to

20   complete its production of surveys by December 31 (Dkt. No. 554), but now states that its

21   production of surveys is in fact complete.

22        The Court has already admonished Samsung that failure to produce the survey documents

23   identified in the September 28 Order would subject Samsung to sanctions.  At a minimum,

24   Samsung should be ordered to produce immediately all documents relating to the survey

25   described above, and to any other similar surveys withheld by Samsung, as well as all of the other

26   specific, narrowed categories of documents (including marketing and advertising documents)

27   relating to Apple's design patent, trademark, and trade dress claims identified in Sections III and

28   IV of the accompanying Proposed Order.

APPLE INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND THINGS
CASE NO. 11-cv-01846-LHK
sf-3093198                                                                                              17

1

**D.     Samsung Should Be Ordered to Produce Marketing and Advertising Documents Relevant to Apple's Showing of Irreparable Harm.[7]**

2

3       To obtain a permanent injunction, Apple will be required to show that it will be

4   irreparably harmed by the continued sale of Samsung's infringing products.  *eBay Inc. v.*

5   *MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).  The marketing, market research, and

6   advertising documents described in Section IV of the accompanying Proposed Order are directly

7   relevant to that showing and should be produced by Samsung.

8       Samsung has argued that continued sales of its infringing products will not cause

9   irreparable harm because Apple's products do not compete with Samsung's products, the

10  infringing features are not the reason that consumers buy the products, and any injunction of

11  Samsung's infringing products will result in increased sales of third-party Android products, not

12  Apple products.  (Samsung's Opposition to Apple's Motion for a Preliminary Injunction, filed

13  under seal Aug. 22, 2011, at 30-33.)  Apple propounded requests for production of documents

14  within many categories of documents relevant to these issues, including documents that fall

15  within the broad categories below:

16
17
- marketing strategy documents, including market analyses, market share analyses, and competitor analyses;

18
19
- copies of all advertisements for Samsung products that mention, target or evoke Apple or its products; and

20
21
- documents reflecting retail outlets and scripts or sales points for Samsung's products at issue, and any incentives that Samsung offers in connection with the sale of Samsung's products at issue.

22  A complete list of the specific, narrowed categories of marketing, market analysis, and

23  advertising documents Apple seeks from Samsung at this time is set forth in Section IV of

24  Apple's Proposed Order submitted herewith.

25

26      [7] These documents discussed in this section are responsive to one or more of the following Requests For Production, the earliest of which were served on August 3, 2011: Nos. 16, 29, 32,

27  42, 220, and 468.

28

1   Samsung has not objected to the production of these categories of documents except to the

2   extent that Samsung claims that it is not clear which documents Apple is targeting with its request

3   for advertisements for Samsung products that "target" or "evoke" Apple or its products.  (Mazza

4   Decl. Ex. F.)  The type of documents Apples seeks in this category, such as ads depicting what

5   are obviously Apple customers standing in long lines, and their relevance has already been

6   addressed above.  (Mazza Decl ¶ 18 & Ex. E.)  The parties, through their lead trial counsel, met

7   and conferred regarding these requests on January 5, 2012.  (McElhinny Decl. ¶ 6.)  Samsung did

8   not agree to produce documents relating to these issues.  (*Id.*)  The Court should order Samsung

9   to produce, by January 23, 2012, the specific, narrowed marketing, market research, and

10  advertising documents specified in Section IV of Apple's Proposed Order.  There is no dispute

11  that this material is directly relevant to Apple's claims and to showing irreparable harm.

12  **E.      Samsung Should Be Ordered to Produce Financial Information Relevant to Apple's Showing of Damages.[8]**

14  The Court should order Samsung to produce the specific, narrowed categories of sales and

15  financial information identified in Section V of the accompanying Proposed Order because data

16  regarding Samsung's sales and profitability is indisputably relevant.  For example, Samsung's

17  sales of the accused products are an act of infringement.  Under 35 U.S.C. § 289 and 15 U.S.C.

18  § 1117, Apple is entitled to recover Samsung's "total profit" for Samsung's design patent

19  infringement and its profits due to infringement of Apple's trade dress.  *See* 35 U.S.C. § 289;

20  *Catalina Lighting, Inc. v. Lamps Plus, Inc.*, 295 F.3d 1277, 1290 (Fed. Cir. 2002).  Further, under

21  35 U.S.C. § 284, Samsung's profitability information is relevant to determining a reasonable

22  royalty.  *See, e.g.*, *Medtronic Sofamore Danek USA, Inc. v. Globus Medical, Inc.*, 637 F. Supp. 2d

23  290, 311 (E.D. Pa. 2009) (considering "the established profitability of the product made under the

24  patent; its commercial success; and its current popularity" under the *Georgia Pacific* factors).

---

[8] The documents and information discussed in this section are responsive to at least the following Requests for Production propounded by Apple as early as August 3, 2011:  Nos. 34, 41, 42, 44, 47, 260-267, 276, 278, 283, 461, and 462.

1    Thus, the discovery Apple seeks—information on sales, gross margin, various expenses and

2    operating profit—reflects highly relevant, discoverable data.

3              Unable to dispute this, Samsung nonetheless withholds this information based on a series

4    of misguided excuses.  First, Samsung claims it has already produced numerous financial reports.

5    (Mazza Decl. Ex I.)  Samsung has produced some, but its piecemeal production consists of

6    random, unconnected, and often inconsistent information.  For example, the produced reports

7    reflect partial information limited by carrier or vendor or limited to a single division or containing

8    some but not all divisions.  (Declaration of Erik J. Olson in Support of Apple's Motion to Compel

9    Production of Documents and Things ("Olson Decl.") ¶ 5).  The reports are occasionally

10   inconsistent, are not drawn consistently from Samsung's system of records, and no single type of

11   report exists in sufficient numbers to cover the relevant period.  (*Id*.)  This scattered, fragmented

12   material is no substitute for the systematic production of data tied to Samsung's general ledger

13   from which Samsung prepared its financial statements and on which management relies to run the

14   business.  (*Id*. ¶ 6.)

15             Second, Samsung improperly seeks to limit its production solely to information that

16   Samsung has specifically tied to an individual accused product.  While that information must be

17   produced, the vast majority of line items included in Samsung's income statement are not tracked

18   on an individual product basis.  (Olson Decl. ¶ 7.)  To understand how such expenses should (or

19   should not) be allocated to calculate Samsung's profits requires a production of Samsung's

20   financial data on a broader basis.   (*Id.*)

21             Samsung also objects to Apple's requests for worldwide sales and profit data, arguing that

22   such requests are overbroad because sales outside the United States do not infringe.  At least one

23   Court in this District has held that this type of data is relevant and has ordered production of

24   worldwide data on sales and profits despite essentially the same objection.  *3Com Corp. v. D-Link*

25   *Sys. Inc*, No. C 03-2177 VRW, 2007 WL 949596, at *3-4 (N.D. Cal. Mar. 7, 2007) (holding that

26   "worldwide profits and sales are relevant to a reasonable royalty calculation").  Of course, Apple

27   does not contend that foreign sales infringe.  If Samsung already allocated each relevant U.S.

28   expense or deduction to a specific smartphone, worldwide data would be unnecessary.  Samsung

1   does not.  Thus, experts will need to evaluate how any unallocated expenses should be treated.

2   (Olson Decl. ¶ 8.)  To do so, Apple's financial expert will need broader consolidated data on all

3   of Samsung's sales and expenses in the United States and worldwide.  (*Id.*)  Moreover, the

4   broader data is needed to untangle the highly complex financial structure created by transfer

5   pricing, internal reallocations, and other intercompany transfers that artificially increase or

6   diminish the revenues and profits of individual subsidiaries.  (*Id.*)

7          Samsung also objects to Apple's requests on the grounds that Samsung must only produce

8   documents maintained "in the ordinary course of business."  (Mazza Decl. Ex. I.)  By this,

9   Samsung apparently means that it need not produce comprehensive financial information

10  contained in its accounting and operational databases unless it was previously printed out by an

11  employee.  But discovery is not limited to information captured in hard copy.  Samsung tracks,

12  retains and uses financial data on a daily basis even if it is not circulated in printed form.  (Olson

13  Decl. ¶ 4.)  Samsung has the ability to generate reports reflecting financial data simply by

14  pressing a few buttons.  (*Id.*)  In fact, Tim Sheppard, a financial employee at Samsung

15  Telecommunications America ("STA"), recently testified that STA generates a profit and loss

16  statement on a monthly basis, but does *not* send it to Samsung Electronic Corporation ("SEC")

17  because Samsung uses an interconnected global accounting system.  (Mazza Decl. Ex. J.)  STA

18  simply notifies SEC "that we've closed the books," and then SEC "can extract any data they

19  wish."[9]  (*Id.* at 318:13-16.)  Samsung cannot avoid highly relevant discovery simply because it

20  uses an electronic interface to access the data rather than distributing a printed page.  If this were

21  an appropriate basis for resisting discovery, 90 percent of e-mail would be immune from

22  discovery.

23         Samsung further objects that production may require Samsung to produce information

24  about entities that are not named as defendants in this case.  (Mazza Decl. Ex. I.)  However,

25  _____

26         [9] Mr. Sheppard also testified that Samsung can generate statements indicating the average
     selling price per phone, gross margin by phone, and unit sales.  (Mazza Decl. Ex. J.)
27

28

1    discovery is not limited in this way.  Samsung must produce any consolidated information that is

2    in its control.  *In re ATM Fee Antitrust Litig.*, 233 F.R.D. 542, 544 (N.D. Cal. 2005) ("[A]

3    corporation must produce documents possessed by a subsidiary that the parent corporation owns

4    or controls") (quoting *United States v. Int'l Union of Petroleum & Indus. Workers, AFL-CIO*, 870

5    F.2d 1450, 1452 (9th Cir. 1989)).  Plainly STA and SEC control this data, which Samsung uses to

6    calculate its profits.

7         For all these reasons, Apple requests that the Court order Samsung to produce, from its

8    general ledger or system of record, the specific, narrowed categories of sales and financial

9    information and documents identified in Section V of the accompanying Proposed Order.  This

10   material includes, among other things:

11        1.    Samsung's U.S. and worldwide revenues, unit sales, and average selling price for

12   the accused products (1) per smartphone or tablet, (2) per carrier, and (3) per month;

13        2.    Documents and information from Samsung's system of record that reflect

14   Samsung's gross and operating profits, costs of goods sold, research and development costs, sales

15   and marketing expenses, general and administrative expenses, other operating costs, and business

16   plans for every Samsung division that sells smartphones, mobile phones and tablets in the United

17   States and the same data prepared worldwide (so that Apple can tie them to Samsung's

18   consolidated financials); and

19        3.    Samsung's audited or unaudited financial reports for Samsung entities that sell any

20   of the accused products.

21        Apple requests that the Court's Order require that Samsung produce this information by

22   no later than January 23, 2012.  Given that the initial exchange of expert reports is set for

23   March 22, 2012, it is imperative that Apple timely receive documents containing such

24   information.

25

26

27

28

1    **V.     CONCLUSION**

2         For the reasons discussed above, the Court should grant Apple's motion, and order

3    Samsung to produce all of the specific, narrowed categories identified in the accompanying

4    Proposed Order, by January 23, 2011.

5
     Dated:  January 11, 2012                MORRISON & FOERSTER LLP
6

7
                                       By:    /s/ Michael A. Jacobs
8                                             Michael A. Jacobs

9                                             Attorneys for Plaintiff
                                              APPLE INC.
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28