|   |   |
|---|---|
| 1 |   |
| 2 |   |
| 3 |   |
| 4 |   |
| 5 |   |
| 6 |   |
| 7 |   |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| APPLE INC., a California corporation, | Case No. 11-cv-01846-LHK (PSG) |
|---|---|
| Plaintiff, | **[PROPOSED] ORDER GRANTING APPLE'S MOTION TO STRIKE PORTIONS OF EXPERT REPORTS** |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendants. | |

**SUBMITTED UNDER SEAL**

Pursuant to Patent Local Rules 3-1, 3-3, and 3-6; Federal Rules of Civil Procedure 26(e), 33, and 37; and Local Rule 37-4, Apple Inc. ("Apple") seeks to strike certain portions of expert reports by Stephen Gray, Andries Van Dam, Brian Von Herzen, Woodward Yang, Tim A. Williams, Jeffrey Johnson, Sam Lucente, Itay Sherman, Nicholas P. Godici, Robert John Anders, and Michael J. Wagner, each of whom has been retained by Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung").

Having considered the arguments of the parties and the papers submitted, and GOOD CAUSE HAVING BEEN SHOWN, IT IS ORDERED that Apple's Motion to Strike Portions of Expert Reports is GRANTED.

For the reasons stated below, the Court strikes the portions of the expert reports of Messrs. Gray, Van Dam, Von Herzen, Yang, Williams, Johnson, Lucente, Sherman, Godici, Anders, and Wagner that are highlighted in the copies of those reports attached as Exhibits 2, 11-12, 17-19, 23-24, 26-31, and 34 to the Declaration of Marc J. Pernick in Support of Apple's Motion to Strike Portions of Expert Reports. Those portions are also identified below.

1. <u>Opening Report of Stephen Gray ("Gray Report"), Pernick Decl. Ex. 2</u>

The Court finds that many of the prior art references discussed or relied upon by Mr. Gray were not disclosed in Samsung's Patent Local Rule 3-3 Invalidity Contentions. The Court is not persuaded that disclosure of the Diamond Touch System was sufficient to disclose applications that run on this system or an article relating to the Diamond Touch system. Accordingly, Mr. Gray shall offer no testimony in this action regarding any of these undisclosed prior art references, and all portions of the Gray Report that rely on or discuss the following references shall be struck, including:

    a. Mandelbrot or Fractal Zoom source code and executables. (Gray Report ¶¶ 145, 153, 154, 156, 161-165, 213; Appendix 3 at 1, 5-14, 17-18, 20; Appendices 3.1, 3.2, 3.3, and 3.5.)

    b. Video demonstration of the Mandelbrot Application at http://www.youtube.com/watch?v=JKWe9U5PHmQ. (*Id*. ¶¶ 163, 164.)

|   |   |   |
|---|---|---|
| 1 | c. | Clifton Forlines and Chia Shen, DTLens:  Multi-user Tabletop Spatial Data Exploration.  (*Id*.  ¶ 173, Ex. O.) |
| 3 | d. | DTLens source code and executables.  (*Id*.  ¶¶ 145, 172-177, 213.) |
| 4 | e. | DTLens video at http://video.google.com/videoplay?docid=-3886513468838329414#docid=3206119989161784297.  (*Id*. ¶¶ 174, 176.) |
| 6 | f. | DTMouse source code and executables.  (*Id*. ¶¶ 145, 153, 156, 178-182, 213.) |
| 7 | g. | DTMouse documentation, including but not limited to documentation produced at MERL-Drive/diamondtouch/people/shipman/dtsdk/dtsdk2stuff1203/ dtsdk2_stage/dtsdk2_0/doc/.  (*Id*. ¶ 179.) |
| 10 | h. | Video demonstration of the DTMouse Application at http://www.youtube.com/watch?v=t35HXAjNW6s, and also located at MERLDrive/diamondtouchlpeople/alan/Videos/DiamondTouch/DiamondTouch. mov.  ( *Id*. ¶¶ 180, 181.) |
| 14 | i. | Mark S. Hancock, Frederic D. Vernier, Daniel Wigdor, Sheelagh Carpendale, Chia Shen. Rotation and Translation Mechanisms for Tabletop Interaction, printed as MERL Technical Report No. TR2005-118 ("MERL-TR2005-118").  (*Id*. Ex R.) |
| 17 | j. | Oscar de Bruijn, et al.  An Interactive Coffee Table for Opportunistic Browsing. (*Id*.  Ex T.) |

2. <u>Opening Report of Andries Van Dam ("Van Dam Report"), Pernick Decl. Ex. 11</u>

The Court finds that many of the prior art references discussed or relied upon by Dr. Van Dam were not disclosed in Samsung's Patent Local Rule 3-3 Invalidity Contentions.  The Court is not persuaded that these references are provided for "mere background," or that the fact that the '566 Patent is listed on the face of the '381 Patent excuses Samsung's failure to disclose its intent to rely on this reference.  Accordingly, Dr. Van Dam shall offer no testimony in this action on any of these undisclosed prior art references, and all portions of the Van Dam Report that rely on or discuss the following references shall be struck, including:

1    a. Bruce H. Thomas, Ph.D. Thesis: "Animating Direct Manipulation in Human Computer Interfaces." (Van Dam Report ¶¶ 47, 49.)[1]

    b. Bruce H. Thomas & Paul Calder, "Animating Direct Manipulation Interfaces." (*Id.* ¶¶ 47-49.)

    c. U.S. Patent No. 6,111,577 to Zilles et al. (*Id.* ¶¶ 47, 48.)

    d. Toshiyuki Masui et al. "Elastic Graphical Interfaces for Precise Data Manipulation." (*Id.* ¶47.)

    e. U.S. Patent No. 6,677,965 to C. Ullman et al. (*Id.*)

    f. U.S. Patent No. 5,495,566 to A. Kwatinetz. (*Id.* ¶¶ 47, 50.)

3. <u>Opening Report of Brian Von Herzen ("Von Herzen '607 Report"), Pernick Decl. Ex. 12</u>

The Court finds that (1) two of the prior art references discussed or relied upon by Mr. Von Herzen, and (2) Samsung's derivation theory were not disclosed in Samsung's Patent Local Rule 3-3 Invalidity Contentions. Patent Local Rule 3-3(b) required Samsung to disclose combinations of references that it believes render the '607 Patent obvious, and to provide the details of any derivation defense. Accordingly, Mr. Von Herzen shall offer no testimony in this action on any of the following :

    a. Prior Art References

      i. U.S. Patent No. 5,113,041. (Von Herzen '607 Report ¶¶ 116, 195, 345, 411.)

      ii. U.S. Patent No. 5,880,411. (*Id.* ¶¶ 51, 377, 381, 439.)

    b. All theories and arguments that the '607 Patent is derived from the Sony Smartskin, including Paragraphs 29-30, 45, 52-53, 82, 444-60 of the Von Herzen Report.

---

[1] The Van Dam Report has some formatting errors that cause certain paragraph numbers to be repeated. As with all of the stricken portions, the Court therefore directs the parties' attention to the highlighted version of Van Dam's expert report that is attached to the Pernick Declaration in support of Apple's Motion to Strike.

4. <u>Rebuttal Report of Stephen Gray ("Gray Rebuttal Report"), Pernick Decl. Ex. 19</u>

The Court finds that Mr. Gray's opinion that "some" of Samsung's accused products do not infringe the '915 Patent because they do not distinguish "between a single input point…interpreted as the scroll operation and two more input points…interpreted as the gesture operation" has not been disclosed sufficiently to comply with Rule 26(a) of the Federal Rules of Civil Procedure (and in any event is too opaque and unspecific to provide Apple with a meaningful opportunity to rebut or respond).  As a result, Paragraphs 33-34, 52, 75, and 187 from the Gray Rebuttal Report shall be struck.

5. <u>Rebuttal Report of Brian Von Herzen ("Von Hezen Rebuttal Report"), Pernick Decl. Ex. 18</u>

The Court finds that two non-infringement opinions set forth in the Von Herzen '607 Rebuttal Report were not seasonably disclosed in response to Apple's Interrogatory No. 2 as required under Rules 26(e) and 33 of the Federal Rules of Civil Procedure.  Samsung fails to demonstrate that this violation was harmless or substantially justified.  Accordingly, as mandated by Rule 37(c)(1), I order that Mr. Von Herzen shall offer no testimony in this action on these non-infringement opinions, and the following portions of the Von Herzen Rebuttal Report shall be struck:

    a. <u>Near Touches:</u> the theory that Samsung products do not infringe the '607 Patent because they do not detect "near touches." (Von Herzen '607 Rebuttal Report ¶¶ 74-80.)

    b. <u>Transverse:</u> the theory that The Galaxy 7.0 tab does not infringe the '607 Patent because it does not include second conductive lines that are "transverse" to the first conductive lines, meaning lines that are "at right angles to each other." (*Id.* ¶¶ 105-11.)

6. <u>Rebuttal Report of Jeffrey Johnson ("Johnson Report"), Pernick Decl. Ex. 17</u>

The Court finds that the opinion set forth in the Johnson Rebuttal Report regarding "hold still behavior" was not seasonably disclosed in response to Apple's Interrogatory No. 2 as required under Rule 26(e).  Samsung fails to demonstrate that this violation was harmless or

1  substantially justified.  Accordingly, as mandated by Rule 37(c)(l), I order that Mr. Johnson shall
2  offer no testimony in this action on the "hold still behavior," and the following portions of the
3  Johnson Rebuttal Report shall be struck:  ¶ 65, Features 2 column of table associated with ¶63,
4  Gallery column 2 of table associated with ¶ 74, Gallery row 2 of table associated with ¶ 75, and
5  Exhibit 4 of the Johnson Rebuttal Report.

6   7.    Opening Report of Woodward Yang ("Yang Report"), Pernick Decl. Ex. 23

7       The Court hereby strikes from the opening expert report of Dr. Yang Paragraphs 43-46
8  and 54-56, as well as Samsung's "Evidence of Infringement" for the second and fourth claim
9  limitations identified in Exhibit 1A-1 ("entering a first Email transmission sub-mode …" and
10 "sequentially displaying …"), page 3 of Exhibit 1A-1 ("Under the doctrine of equivalents,
11 swiping meets this claim element.  Source code for the Accused Devices reflect that the
12 differences between use of scroll keys and swiping are insubstantial"), page 3 of Exhibit 1A-2,
13 and page 7 of Exhibit lA-2 as highlighted by Apple in its moving papers.  Dr. Yang shall not be
14 allowed to offer at trial any testimony relating to the substance of the struck material.

15  8.    Opening Report of Tim A. Williams ("Williams Report"), Pernick Decl. Ex. 24

16      The Court finds that the opinion of Dr. Williams that the first channel is all non-HARQ
17 channels (i.e., the DPDCH, DPCCH, HS-DPCCH, and E-DPCCH channels) is contrary to the
18 position put forward by Samsung in its Infringement Contentions that the "DPDCH channels" are
19 the claimed first channel not supporting HARQ.  Patent Local Rule 3-1 requires all infringement
20 theories to be disclosed in a party's Rule 3-1 disclosures.  As a result, I order that Paragraphs 58,
21 65, 105, 110, 119, 173, and 198 of the Williams Report shall be stricken.  Dr. Williams shall not
22 be allowed to offer at trial any testimony relating to the substance of the struck material.

23  9.    Opening Report of Sam Lucente ("Lucente Report"), Pernick Decl. Ex. 26

24      The Court finds that many of the opinions set forth in the Lucente Report were not
25 seasonably disclosed in response to Apple's Interrogatory Nos. 5 and 12 as required under
26 Rules 26(e) and 33 of the Federal Rules of Civil Procedure.  Samsung fails to demonstrate that
27 this violation was harmless or substantially justified.  Accordingly, as mandated by Rule 37(c)(1),
28

1  I order that these portions of the Lucente Report are struck, and that Mr. Lucente shall offer no
2  testimony in this action on any of these matters:

3      a.    All theories and arguments that the D'305 Patent or D'334 Patent is invalid on the
4           ground that it is anticipated or rendered obvious. (Lucente Report p. 32-78)

5      b.    All theories and arguments that any element of the asserted trade dress lacks
6           distinctiveness. (*Id*. pp. 81-89)

7  10.    <u>Rebuttal Report of Sam Lucente ("Lucente Rebuttal Report"), Pernick Decl. Ex. 29</u>

8  The Court finds that many of the opinions set forth in the Lucente Rebuttal Report were
9  not seasonably disclosed in response to Apple's Interrogatory Nos. 11 and 12 as required under
10 Rules 26(e) and 33 of the Federal Rules of Civil Procedure. Samsung fails to demonstrate that
11 this violation was harmless or substantially justified. Accordingly, as mandated by Rule 37(c)(1),
12 I order that these portions of the Lucente Rebuttal Report are struck, and that Mr. Lucente shall
13 offer no testimony in this action on any of these matters:

14      a.    For purposes of analyzing or opining on the D'305 Patent and the D'334 Patent, all
15           theories and arguments regarding comparisons of Apple's icons and display
16           screens with Samsung's icons and display screens, including any references to
17           prior art purportedly relevant to such comparisons. (Lucente Rebuttal Report
18           pp. 17-38, 44, 48-49.)

19      b.    The 2006 Samsung Touchscreen Presentation. (*Id*. pp. 10-11.)

20 11.    <u>Opening Report of Itay Sherman ("Sherman Report"), Pernick Decl. Ex. 27</u>

21 The Court finds that many of the opinions set forth in the Sherman Report were not
22 seasonably disclosed in response to Apple's Interrogatory Nos. 5 and 12 as required under
23 Rules 26(e) and 33 of the Federal Rules of Civil Procedure. Samsung fails to demonstrate that
24 this violation was harmless or substantially justified. Accordingly, as mandated by Rule 37(c)(1),
25 I order that these portions of the Sherman Report are struck, and that Mr. Sherman shall offer no
26 testimony in this action on any of these matters:

27

28

a. All theories and arguments that U.S. Patent No. D504,889 (the "D'889 Patent") is invalid on the ground that it is anticipated or rendered obvious by any of these prior art references:

   i. 1988 U of Illinois Apple design contest Tablet (Sherman Report pp. 14-15)
   ii. Apple "Brain Box" design (*id*. pp. 15-16, 30)
   iii. KR 30-0304213 (*id*. p.17)
   iv. US D412,157 (*id*. pp. 17-18, 29-30)
   v. US D500,037 (*id*. pp. 21, 29-30)
   vi. US6919678 (*id*. pp. 21-22)
   vii. EU registered design 000048061-0001 (*id*. p. 22)
   viii. D464,344 (*id*. pp. 23-25)
   ix. D463,797 (*id*. pp. 23-24)
   x. Q72 iBook (*id*. p. 24)
   xi. Space Odyssey 2001 (1968) (*id*. pp. 25-26)
   xii. "Tomorrow People" (1973-79) (*id*.)

b. All theories and arguments that U.S. Patent No. D618,677 (the "D'677 Patent") is invalid on the ground that it is anticipated or rendered obvious by any of these prior art references:

   i. JP D1204221 (*id*. pp. 33-34, 47-48, 55)
   ii. D514,590 (*id*. pp. 34-35, 55-56)
   iii. iRiver U10 (*id*. pp.35-36, 56-57)
   iv. KR30-0394921 (*id*. p. 36)
   v. Olympus MR500i multimedia device (*id*.)
   vi. Nokia Fingerprint concept phones images (*id*. pp. 36-37, 54-55)
   vii. U.S. D500,037 (*id*. pp. 37-38)
   viii. U.S. 6,919,678 (*id*.)
   ix. U.S. D497,364 (*id*.)
   x. KR30-0452985 (*id*. pp. 38-39, 57-58)

|   |   |       |                                                                                              |
|---|---|-------|----------------------------------------------------------------------------------------------|

      xi.    Samsung F700 Handset (*id*. pp. 39, 57)

      xii.    U.S. D560,192 (*id*. p. 39)

      xiii.    Documents produced by Samsung in this litigation labeled as SAMNDCA00321457-656 (*id*. pp. 39-40)

      xiv.    EU Registration 000569157-0005 (*id*. pp. 41-42, 60-61)

      xv.    U.S. D534,516 (*id*. pp. 42-43, 61-62)

      xvi.    Samsung K3 MP3 (*id*. pp. 44, 62-63)

      xvii.    JP D1295003 (*id*. pp. 44-45, 54)

      xviii.    Sony Ericsson W950 Walkman phone (*id*. pp. 48-50)

      xix.    Sony K800i (*id*. p. 50)

      xx.    035 Proto (*id*. pp. 51-52)

      xxi.    U.S. Patent No. 504,889 (*id*. pp. 50-53)

      xxii.    Sharp Aquos Fulltouch (*id*. p. 53)

    c.    All theories and arguments that U.S. Patent No. D593,087 (the "D'087 Patent") is invalid on the ground that it is anticipated or rendered obvious by any of these prior art references:

      i.    JP D1204221 (*id*. pp. 33-34, 47-48, 55, applied to D'087 Patent at *id*. 65)

      ii.    U.S. D514,590 (*id*. pp. 34-35, 55-56, applied to D'087 Patent at *id*. 65)

      iii.    iRiver U10 (*id*. pp. 35-36, 56-57, applied to D'087 Patent at *id*. 65)

      iv.    KR30-0394921 (*id*. p. 36, applied to D'087 Patent at *id*. 65)

      v.    Olympus MR500i multimedia device (*id*. p. 36, applied to D'087 Patent at *id*. 65)

      vi.    Nokia Fingerprint design (*id*. pp. 36-37, 54-55, 70, and applied to D'087 Patent at *id*. 65)

      vii.    D500,037 (*id*. pp. 37-38, applied to D'087 Patent at *id*. 65)

      viii.    U.S. 6,919,678 (*id*. pp. 37-38, applied to D'087 Patent at *id*. 65)

      ix.    D497,364 (*id*. pp. 37-38, applied to D'087 Patent at *id*. 65)

      x.    KR30-0452985 (*id*. pp. 38-39, 57-58, 72-73, and applied to D'087 Patent at *id*. 65)

|   |   |   |   |
|---|---|---|---|
| | | xi. | Samsung F700 Handset (*id*. pp. 39, 57, applied to D'087 Patent at *id*. 65) |
| | | xii. | U.S. D560,192 (*id*. p. 39, applied to D'087 Patent at *id*. 65) |
| | | xiii. | Documents produced by Samsung in this litigation labeled as SAMNDCA00321457-656 (*id*. pp. 39-40, applied to D'087 Patent at *id*. 65) |
| | | xiv. | EU Registration 000569157-0005 (*id*. pp. 41-42, 60-61, applied to D'087 Patent at *id*. 65) |
| | | xv. | U.S. D534,516 (*id*. pp. 42-43, 61-62, applied to D'087 Patent at *id*. 65) |
| | | xvi. | Samsung K3 MP3 (*id*. pp. 44, 62-63, applied to D'087 Patent at *id*. 65) |
| | | xvii. | JP D1295003 (*id*. pp. 44-45, 54, 69-70, and applied to D'087 Patent at *id*. 65) |
| | | xviii. | Sony Ericsson W950 Walkman phone (*id*. pp. 48-50, applied to D'087 Patent at *id*. 65) |
| | | xix. | Sony K800i (*id*. p.50, applied to D'087 Patent at *id*. 65) |
| | | xx. | 035 Proto (*id*. pp. 51-52, applied to D'087 Patent at *id*. 65) |
| | | xxi. | U.S. D504,889 (*id*. pp. 50-53, applied to D'087 Patent at *id*. 65) |
| | | xxii. | Sharp Aquos Fulltouch (*id*. pp. 53, 69, and applied to D'087 Patent at *id*. 65) |
| | | xxiii. | KR30-0398307 (*id*. p. 71) |
| | | xxiv. | Bluebird Pidion BM-200 (*id*. pp. 71-72) |

    d. All theories and arguments that the asserted trade dress is not distinctive. (*Id*. pp. 80-85)

    e. All theories and arguments that the D'889 Patent is indefinite. (*Id.* pp. 85-87)

12. <u>Opening Report of Nicholas P. Godici ("Godici Report"), Pernick Dec. Ex. 28</u>

    The Court finds that Mr. Godici's opinions relating to the scope of the D'889 Patent, the D'087 Patent, the D'677 Patent, the D'305 Patent, and the D'334 Patent were not seasonably disclosed in response to Apple's Interrogatory No. 11. The Court further finds that Mr. Godici's opinions relating to the purported indefiniteness of the D'087 Patent and the D'677 Patent were not seasonably disclosed in response to Apple's Interrogatory No. 12. As a result, Samsung

1  violated Rules 26(e) and 33 of the Federal Rules of Civil Procedure.  Samsung fails to
2  demonstrate that this violation was harmless or substantially justified, requiring exclusion of the
3  untimely opinions under Rule 37(c)(1).

4       Accordingly, I order that these portions of the Godici Report are struck, and that
5  Mr. Godici shall offer no testimony in this action on any of these matters:

6    a.    All theories and arguments that the scope of the D'889 Patent, the D'087 Patent,
7        the D'677 Patent, the D'305 Patent, or the D'334 Patent is narrow in light of
8        patents subsequently issued to Apple or Samsung.  (Godici Report ¶¶ 34-54, 59-
9        63, 68-73, 115-116.)

10    b.    All theories and arguments that the drawings in the D'087 Patent or the D'677
11        Patent are ambiguous or unclear.  (*Id.* ¶¶ 84-95, 117.)

12  13.    <u>Report of Robert John Anders ("Anders Report"), Pernick Decl. Ex. 30</u>

13       The Court finds that many of the opinions set forth in the Anders Report were not
14  seasonably disclosed in response to Apple's Interrogatory No. 11 as required under Rules 26(e)
15  and 33 of the Federal Rules of Civil Procedure.  This includes all comparisons of the D'889
16  Patent, the D'087 Patent, or the D'677 Patent with the accused products, and all comparisons of
17  any of those patents with prior art that were not disclosed before the close of discovery.  This also
18  includes all prior art references that were not disclosed before the close of discovery.  Samsung
19  fails to demonstrate that this violation was harmless or substantially justified.  Accordingly, as
20  mandated by Rule 37(c)(1), I order that these portions of the Anders Report are struck, and that
21  Mr. Anders shall offer no testimony in this action on any of these matters:

22    a.    <u>Part B (the D'087 Patent)</u>
23        i.    In Section II, Table B II, all analyses of any of these prior art references:
24            a.    JP D128057
25            b.    KR 30-0398307
26            c.    KR 30-0452985
27            d.    European Union RCD 000569157-0005
28

     e.  JP D1142127

     f.  JP D1250487

     g.  KR 30-0304213

     h.  U.S. Patent D560,192

  ii.  In Section III, all comparisons of the D'087 Patent with prior art, except for Table B III (b).

  iii.  In Sections IV, VI–VIII, and X–XIII, all infringement analyses of the accused products with the D'087 Patent.

  iv.  In Section V, all infringement analyses of the Samsung Infuse 4G with the D'087 Patent *except for* any analyses based on the assertion that the Samsung Infuse 4G lacks the curved bezel/trim piece that is visually pronounced in the D'087 Patent.

  v.  In Section IX, all infringement analyses of the Samsung Galaxy S 4G with the D'087 Patent *except for* any analyses based on the assertion that the bezel/trim piece of the Samsung Galaxy S 4G varies in width.

  vi.  In Section XIV, *except with* respect to the Galaxy S 4G and the Samsung Infuse 4G, all opinions that there are substantial differences in the overall appearance of any accused product when compared against the D'087 Patent.

b.  <u>Part C (the D'677 Patent)</u>

  i.  In Section II, Table C II, all analyses of any of these prior art references:

     a.  Samsung K3 MP3 Player

     b.  KR 30-0398307

     c.  KR 30-0452985

     d.  European Union RCD 000569157-0005

     e.  JP D1142127

     f.  JP D1204221

                g.       Olympus m:robe MR-100

                h.       Nokia Fingerprint (2004 Nokia Design Contest)

                i.       iRiver U10

                j.       KR-30-0394921

                k.       U.S. Patent D534,516

                l.       U.S. Patent D504,889

       ii.       In Section III, all comparisons of the D'677 Patent with prior art, except for Table C III (b).

       iii.       In Sections IV–VIII, and X–XIV, all infringement analyses of the accused products with the D'677 Patent.

       iv.       In Section IX, all infringement analyses of the Samsung Galaxy S 4G with the D'677 Patent *except for* any analyses based on the curvature radius of the rounded top corners of the Samsung Galaxy S 4G.

       v.       In Section XV, except with respect to the Samsung Galaxy S 4G, all opinions that there are substantial differences in the overall appearance of any accused product when compared with each and every view of an embodiment of the D'677 Patent.

  c.      Part E (the D'889 Patent)

       i.       All opinions that the views of the drawings of the D'889 Patent are improperly labeled and drawn and improperly oriented, and that the D'889 Patent is indefinite. (§ 1, ¶¶ 3-5; § 4, Tables E IV and E V.)

       ii.       In Section II, Table E II, all analyses of any of these prior art references:

                a.       JP D1104685

                b.       U.S. Patent D532,791

                c.       1988 Student Tablet Design for Apple

                d.       U.S. Patent D333,574

                e.       U.S. Patent D500,037

      f.  JP D1178470

   iii. In Section III, all comparisons of the D'889 Patent with prior art.

   iv. In Section IV, all infringement analyses of the Samsung Galaxy Tablet 10.1 with the D'889 Patent based on:

      a. Any comparison of the Samsung Galaxy Tablet 10.1 and/or the D'889 Patent with prior art;

      b. The proportion ratios of the Samsung Galaxy Tablet 10.1 and the D'889 Patent; and

      c. The appearance of a dark frame around the Samsung Galaxy Tablet 10.1.

14. <u>Rebuttal Expert Report of Michael J. Wagner ("Rebuttal Wagner Report"), Pernick Decl. Ex. 31</u>

The Court finds that the underlying financial data in Tab 6 of the Rebuttal Expert Report of Michael J. Wagner, dated April 16, 2012 (as corrected on April 20, 2012), was not produced before the close of fact discovery. Samsung fails to demonstrate that this violation was harmless or substantially justified. Accordingly, pursuant to Rule 37(c)(1), I order that Tab 6 of the Wagner Rebuttal Report is stricken. Mr. Wagner shall offer no testimony in this action related to Tab 6, the damages calculations therein, or any of the underlying data used in Tab 6.

15. <u>Supplemental Expert Report of Michael J. Wagner ("Supplemental Wagner Report"), Pernick Decl. Ex. 34</u>

The Court finds that the Supplemental Expert Report of Michael J. Wagner, dated May 11, 2012, was untimely and will be stricken in its entirety. The deadline for filing rebuttal expert reports was April 16, 2012. Samsung did not seek the Court's leave to file a supplemental damages report after that date.

1    **IT IS SO ORDERED.**

2    Dated:

3    _____
     HONORABLE PAUL S. GREWAL
     United States Magistrate Judge