Exhibit 16

FILED UNDER SEAL

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5  Kevin P.B. Johnson (Bar No. 177129)
   kevinjohnson@quinnemanuel.com
6  Victoria F. Maroulis (Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
7  555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, California 94065-2139
8  Telephone: (650) 801-5000
   Facsimile: (650) 801-5100
9
   Michael T. Zeller (Bar No. 196417)
10 michaelzeller@quinnemanuel.com
   865 S. Figueroa St., 10th Floor
11 Los Angeles, California 90017
   Telephone: (213) 443-3000
12 Facsimile: (213) 443-3100

13 Attorneys for SAMSUNG ELECTRONICS CO.,
   LTD., SAMSUNG ELECTRONICS AMERICA,
14 INC. and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC
15

16                UNITED STATES DISTRICT COURT

17          NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

18

19 APPLE INC., a California corporation,          CASE NO. 11-cv-01846-LHK

20            Plaintiff,                          **SAMSUNG'S SECOND SUPPLEMENTAL**
                                                  **OBJECTIONS AND RESPONSES TO**
21       vs.                                      **APPLE INC.'S SECOND SET OF**
                                                  **INTERROGATORIES (No. 2)**
22 SAMSUNG ELECTRONICS CO., LTD., a
   Korean business entity; SAMSUNG               **HIGHLY CONFIDENTIAL –**
23 ELECTRONICS AMERICA, INC., a New              **ATTORNEYS' EYES ONLY**
   York corporation; SAMSUNG                     **UNDER THE PROTECTIVE ORDER**
24 TELECOMMUNICATIONS AMERICA,
   LLC, a Delaware limited liability company,
25
              Defendant.
26

27

28

**SUBJECT TO PROTECTIVE ORDER**
<u>**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**</u>

1  Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendants Samsung Electronics Co. Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") respond to Plaintiff Apple Inc.'s ("Apple") Second Set of Interrogatories as follows:

<u>**GENERAL STATEMENT**</u>

The following responses are based on discovery available as of the date hereof.  Discovery is just beginning and is continuing, and these responses are subject to change accordingly.  It is anticipated that further discovery, independent investigation and analysis may lead to the discovery of additional information or documents, supply additional facts and add meaning to known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to additions to, changes to or variations from the responses set forth herein.

In addition, the following responses are given without prejudice to Samsung's right to produce or rely on subsequently discovered information, facts or documents.  Samsung accordingly reserves the right to change the responses herein and/or produce or rely on subsequently discovered documents as additional facts are ascertained, analysis is made, legal research is completed and contentions are made.  The responses herein are made in a good faith effort to comply with the provisions of Rules 26 and 33 of the Federal Rules of Civil Procedure, and to supply such responsive information as exists and is presently within Samsung's possession, custody or control, but are in no way to be deemed to be to the prejudice of Samsung in relation to further discovery, research and analysis.

An answer to an interrogatory shall not be deemed a waiver of any applicable general or specific objection to an interrogatory.  In responding to the interrogatories, Samsung does not waive any objections that may be applicable to the use, for any purpose, of any information or documents provided in response, or the admissibility, relevance, or materiality of any such information or documents to any issue in this case.

Samsung's responses to these interrogatories do not constitute admissions relative to the existence of any documents or information, to the relevance or admissibility of any documents or information, or to the truth or accuracy of any statement or characterization contained in Apple's

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

requests. All objections as to relevance, authenticity, or admissibility of any document are expressly reserved.

Samsung expressly incorporates this General Statement and the following General Objections as though set forth fully in response to each of the following individual interrogatories and, to the extent that they are not raised in any particular response, Samsung does not waive those objections.

## GENERAL OBJECTIONS

1. Samsung objects to the "Definitions" and "Instructions" contained in Apple's Second Set of Interrogatories to the extent they are inconsistent with the Federal Rules of Civil Procedure.

2. Samsung objects to Apple's Definition of "Samsung," "You," "Your," and "Defendants" as overly broad to the extent it requires Samsung to pursue information from individuals no longer employed by Samsung whose data is not currently in the possession of Samsung. Samsung further objects to Apple's Definition of "Samsung," "You," "Your," and "Defendants" as overly broad, vague, and ambiguous to the extent it does not define "affiliates," and also to the extent that it requires Samsung to potentially seek information from thousands of people. Samsung will respond to interrogatories based on a reasonable inquiry of individuals expected to possess the requested information.

3. Samsung objects to Apple's definition of "Apple" to as overly broad, vague, and ambiguous.

4. Samsung objects to Apple's definition of "Products at Issue" as overly broad, vague, and ambiguous insofar as it includes the undefined categories of "any similar products" and "any products that Apple accuses of infringing its intellectual property in this litigation."

5. Samsung objects to Apple's definition of "Hardware Design" as overly broad, vague, and ambiguous insofar as it includes "all hardware, insignia or ornamentation thereon."

6. Samsung objects to Apple's definition of "Graphical User Interface Design" as overly broad, vague and ambiguous.

7. Samsung objects to the definition of "Third Party" or "Third Parties" as overly

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

broad.

8. Samsung objects to Apple's definition of "Relating," and each and every interrogatory that uses the term "Relating," as overly broad, vague and ambiguous.

9. Samsung objects to these interrogatories as vague and ambiguous to the extent they include terms that are undefined. Samsung in its responses will identify any terms it believes are vague and ambiguous and will assume a reasonable meaning for each such term.

10. Samsung objects generally to each interrogatory to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity. Any inadvertent disclosure of such information shall not be deemed a waiver of the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity recognized by statute or case law. Samsung will exchange with Apple a log of withheld documents at a time agreed to by counsel for the parties. Samsung also will not log privileged documents that were created on or after April 15, 2011.

11. Samsung objects generally to the interrogatories to the extent they seek information from outside a reasonable time period or from a point other than a reasonable time.

12. Samsung objects to these interrogatories to the extent they seek to compel Samsung to generate or create information and/or documents that do not already exist.

13. Samsung objects generally to the interrogatories to the extent that they prematurely call for contentions, identification of prior art, or identification of witnesses at this stage of the litigation.

14. Samsung objects to each interrogatory to the extent it is duplicative or cumulative of another interrogatory.

15. Samsung objects to each interrogatory to the extent it is compound and comprises discrete subparts resulting in separate interrogatories.

16. Samsung expressly reserves the right to respond to any or all of the interrogatories by specifying documents wherein the responsive information may be ascertained pursuant to Rule 33(d) of the Federal Rules of Civil Procedure.

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

17. Samsung objects generally to the interrogatories to the extent they seek confidential proprietary or trade secret information of third parties. Samsung will endeavor to work with third parties to obtain their consent, if necessary, before identifying or producing such information and/or documents.

18. Samsung objects generally to the interrogatories on the grounds that they are overly broad, unduly burdensome, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

19. Samsung objects to the interrogatories on the ground that they are overly broad, unduly burdensome and oppressive to the extent they purport to require Samsung to search its facilities and inquire of its employees other than those facilities and employees that would reasonably be expected to have responsive information. Samsung's responses are based upon (1) a reasonable search and investigation of facilities and files that could reasonably be expected to contain responsive information, and (2) inquiries of Samsung's employees and/or representatives who could reasonably be expected to possess responsive information.

20. Samsung objects to the interrogatories on the grounds that they seek information already in the possession of Apple, publicly available, or as readily available to Apple as it is to Samsung.

21. Samsung objects to each interrogatory to the extent that it seeks information before Samsung is required to disclose such information in accordance with any applicable law, such as the Northern District of California patent Local Rules.

22. Samsung objects to the interrogatories on the grounds and to the extent that they seek legal conclusions or call for expert testimony. Samsung's responses should not be construed to provide legal conclusions.

Subject to and without waiving the foregoing General Statement and General Objections, Samsung responds as follows:

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

### INTERROGATORIES

**INTERROGATORY NO. 2:**

For each of the Asserted Claims, set forth in detail Samsung's bases for asserting the defense of non-infringement, including a claim chart indicating whether each element of the claim is present or absent in each of the Products at Issue and, if Samsung contends that an element is absent, the detailed basis for that contention.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2:**

Samsung objects to this interrogatory as vague and ambiguous. Samsung further objects to this interrogatory to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity. Samsung objects to Apple's definition of "Products at Issue" as overly broad, vague, and ambiguous insofar as it includes the undefined categories of "any similar products" and "any products that Apple accuses of infringing its intellectual property in this litigation." Samsung further objects to this interrogatory as vague since Apple has failed to provide a detailed explanation in its Disclosure of Asserted Claims and Infringement Contentions of the bases for its claims that Samsung allegedly infringes the Asserted Claims. Furthermore, Samsung is presently unable to provide more detailed non-infringement positions because Apple has not served its expert reports identifying how Samsung's products allegedly infringe Apple's asserted patents. Samsung further objects to this interrogatory to the extent it prematurely calls for contentions at this stage of litigation. Samsung will provide such contentions in accordance with the Court's Minute Order and Case Management Order, dated August 25, 2011.

Subject to the foregoing general and specific objections, and without waiver of Samsung's rights to seek relief from the Court based on any of the foregoing objections, Samsung responds as follows:

**U.S. Patent No. 7,812,828 ("the '828 patent")**

Samsung has not directly infringed, induced infringement of, or contributed to infringement of the '828 Patent. Apple's infringement contentions fail to demonstrate direct or

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

1  indirect infringement of the '828 Patent by Samsung.  The Accused Products do not practice

2  claims 1-3, 5-6, 9-13, 15-16, 20-31, and/or 34-35, either literally or under the doctrine of

3  equivalents, for at least the following reasons.  Apple has not shown or provided any evidence

4  demonstrating that any Accused Product practices "mathematically fitting an ellipse to at least one

5  of the pixel groups."  Apple fails to show, at a minimum, that the Accused Products

6  mathematically fit ellipses onto representations of fingers or touches.  The parameters Apple

7  alleges the Accused Products of reporting may be applied to non-ellipse shapes.  Apple fails to

8  allege any facts identifying the method or means by which the Accused Products "mathematically

9  fit an ellipse to the one or more pixel groups."

10         **U.S. Patent No. 6,493,002 ("the '002 patent")**

11         Samsung has not directly infringed, induced infringement of, or contributed to

12  infringement of the '002 patent.  Apple's infringement contentions fail to demonstrate direct or

13  indirect infringement of the '002 patent by Samsung.  Apple's contentions also fail to allege any

14  facts to support its allegations of indirect infringement, including with respect to the critical issues

15  of whether Samsung intended to induce others to infringe the '002 patent, whether the Accused

16  Products are capable of substantial noninfringing uses, whether the Accused Products were

17  especially made or especially adapted for infringing use, and how others have supposedly directly

18  infringed the '002 patent.

19         The Accused Products do not practice claims 1-4, 6, 7, 9-20, 25-29, 31, 32, 34-45 & 50,

20  either literally or under the doctrine of equivalents, for at least the following reasons. Apple has

21  not shown or provided any evidence demonstrating that any Accused Product practices the

22  following limitations:

23         "a cursor control device coupled to said processor for positioning a cursor on said data

24  display screen," as the accused devices have neither a cursor nor a cursor control device;

25         "an operating environment for a plurality of individual programming modules associated

26  with different application programs that provide status and/or control functions," as the accused

27  devices do not allow the user to perform any operations on or with any programming modules;

28

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

"a first window region," as the accused feature(s) on the accused products are not a single window region;

"a first window region having a plurality of display areas on said data display screen," as the accused products either do not have display areas or, alternatively, because the first window region represents a single display area;

"the first window region is independently displayed and independently active of any application program," as the display of the alleged "first window region" is governed by other programs;

"each of the plurality of display areas is associated with one of the plurality of individual programming modules," as the alleged "display areas" are not associated with programming modules;

"the first window region and the plurality of independent display areas implemented in a window layer that appears on top of application programming windows that may be generated," as the alleged "first window region" does not appear on top of some application programming windows;

"execute at least one of the plurality of individual programming modules to generate information for display in one of the plurality of display areas in the first window region," as the alleged "first window region" does not execute programming modules and the programming modules do not generate information for display;

"at least one of the plurality of display areas and its associated programming module is sensitive to user input," because none of the alleged "display areas" is sensitive to user input, and because the "display areas" are not sensitive to user input from a cursor;

"message-based communication," as the alleged devices do not use "messages" to exchange information;

"display area is variably sized," or "size of the first window region is variable" as the accused feature(s) are not variably sized;

SUBJECT TO PROTECTIVE ORDER
CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

"the first window region is sized such that a portion of the plurality of display areas is visible" as the alleged "first window" is not variably sized and/or the "display areas" are entirely visible;

"wherein at least one of the display areas acts to provide access to control information when selected," as the alleged "display areas" cannot be selected and/or do not provide access to control information when selected;

"the first window region always appears in front of application windows," as the alleged "first window region" does not appear on top of some application programming windows;

"the first window region is implemented in a private window layer that appears in front of windows for all applications layers," as the alleged "first window region" does not appear on top of some application programming windows;

"the window generation and control logic determines when said at least one data display area has been selected by the user," because the accused devices do not determine when a display area has been selected by the user;"

"said at least one indicia graphics generation logic initiates a response from said at least one of the plurality of programming modules," because the accused "programming modules" do not respond to selection by a user or by any "indicia graphics generation logic";

"the first window region is always visible to the user," as the accused "first window region" is covered or hidden in some circumstances;

In addition, Apple has failed to identify a function or associated structure for the means plus function claims, namely claims 26-29, 31, 32, 34-45 & 50.  Nevertheless, Samsung does not meet these means plus function claims for at least the reasons listed above.

**U.S. Patent No. 7,469,381 ("the '381 patent")**

Samsung has not directly infringed, induced infringement of, or contributed to infringement of the '381 patent.  Apple's infringement contentions fail to demonstrate direct or indirect infringement of the '381 patent by Samsung.  Apple's contentions also fail to allege any facts to support its allegations of indirect infringement, including with respect to the critical issues of whether Samsung intended to induce others to infringe the '381 patent, whether the Accused

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

Products are capable of substantial noninfringing uses, whether the Accused Products were especially made or especially adapted for infringing use, and how others have supposedly directly infringed the '381 patent.

The Accused Products do not practice claims 1-20, either literally or under the doctrine of equivalents, for at least the following reasons. Apple has not shown or provided any evidence demonstrating that any Accused Product (i) translates the electronic document in the first direction while the object is still detected on or near the touch screen display and an edge of the electronic document is reached while translating the electronic document in the same first direction; (ii) display an area beyond the edge of the electronic document; (iii) the second direction is opposite the first direction; (iv) translating in the first direction is in accordance with a simulation of an equation of motion having friction; (v) translating the document in the second direction is a damped motion; (vi) the second associated translating speed is slower than the first associated translating speed, where the first associated translating speed corresponds to a speed of movement of the object prior to reaching the edge and displaying an area beyond the edge of the electronic document comprises translating the electronic document in the first direction for a second associated translating speed; and (vii) contains instructions required by claims 19 and 20.

Furthermore, Apple has not provided evidence that the Accused Products meet the limitations of the '381 patent claims under the interpretation of those claims in J. Koh's December 2, 2011 order on Apple's Motion for Preliminary Injunction.

Samsung also incorporates by reference the Declaration of Jeffrey Johnson in Support of Samsung's Opposition to Apple's Motion for a Preliminary Injunction (Dkt. No. 174) and Samsung's Opposition to Apple's Motion for a Preliminary Injunction (Dkt. No. 181a).

**U.S. Patent No. 7,844,915 ("the '915 patent")**

Samsung has not directly infringed, induced infringement of, or contributed to infringement of the '915 patent.  Apple's infringement contentions fail to demonstrate direct or indirect infringement of the '915 patent by Samsung.  Apple's contentions also fail to allege any facts to support its allegations of indirect infringement, including with respect to the critical issues of whether Samsung intended to induce others to infringe the '915 patent, whether the Accused

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

Products are capable of substantial noninfringing uses, whether the Accused Products were especially made or especially adapted for infringing use, and how others have supposedly directly infringed the '915 patent. The Accused Products do not practice claims 1 through 21, either literally or under the doctrine of equivalents, for at least the following reasons. Apple has not shown or provided any evidence demonstrating that any Accused Product practices the following limitations:

"determining whether the event object invokes a scroll or gesture operation," as "event objects" are incapable of invoking operations.

"distinguishing between a single input point applied to the touch-sensitive display that is interpreted as the scroll operation and two or more input points applied to the touch-sensitive display that are interpreted as the gesture operation;" The Accused Products do not distinguish "between a single input point . . . that is interpreted as the scroll operation and two or more input points . . . that are interpreted as the gesture operation." The '915 specification conflates the definitions of scroll operations and gesture operations, rendering all the claims indefinite and therefore non-infringed.

"responding to at least one scroll call, if issued, by scrolling a window having a view associated with the event object based on an amount of a scroll with the scroll stopped at a predetermined position in relation to the user input;" The Accused Products do not meet this claim limitation under Samsung's proposed construction of the disputed claim term "scrolling a window having a view associated with the event object" as "sliding a window in a direction corresponding to the direction of the user input over a view that is stationary relative to the window."

"rubberbanding a scrolling region displayed within the window by a predetermined maximum displacement when the scrolling region exceeds a window edge based on the scroll," as the Accused Products do not meet this claim limitation. Furthermore, the '915 claims and specification do not define the claim term "rubberbanding" and an inventor of the patent was likewise unable to define it. (*See* Deposition Transcript of Andrew Platzer at 36-41.)

SUBJECT TO PROTECTIVE ORDER
CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

"attaching scroll indicators to a content edge of the window" and "attaching scroll indicators to the window edge."  The '915 patent specification and claims do not define the terms "content edge" and "window edge," rendering all the claims indefinite and therefore non-infringed.

"determining whether the event object invokes a scroll or gesture operation is based on receiving a drag user input for a certain time period," as "event objects" are incapable of invoking operations.

"responding to at least one gesture call, if issued, by rotating a view associated with the event object based on receiving a plurality of input points in the form of the user input," as the '915 specification conflates the definitions of scroll operations and gesture operations, rendering this claim indefinite and therefore non-infringed.

Apple also has failed to identify a function or associated structure for the means plus function claims, namely claims 8-14 and 15-21.  Nevertheless, Samsung does not meet these means plus function claims for at least the reasons listed above.

**U.S. Patent No. 7,853,891 ("the '891 patent")**

Samsung has not directly infringed, induced infringement of, or contributed to infringement of the '891 patent.  Apple's infringement contentions fail to demonstrate direct or indirect infringement of the '891 patent by Samsung.  Apple's contentions also fail to allege any facts to support its allegations of indirect infringement, including with respect to the critical issues of whether Samsung intended to induce others to infringe the '891 patent, whether the Accused Products are capable of substantial noninfringing uses, whether the Accused Products were especially made or especially adapted for infringing use, and how others have supposedly directly infringed the '891 patent.

The Accused Products do not practice claims 1-3, 5-7, 14-21, 23, 24, 26-28, 30-32, 39-46, 48, 49, 51-53, 55-57, 64-71, 73 & 74, either literally or under the doctrine of equivalents, for at least the following reasons. Apple has not shown or provided any evidence demonstrating that any Accused Product practices a method to display a user interface window for a digital processing system, wherein the method comprises: (i) starts a timer, (ii) closing the window in response to a

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

determination that the timer expired, (iii) wherein the window does not close in response to any user input from any user input device, or (iv) wherein the window is displayed independently from the position of a cursor on a screen.

Additionally, Apple has not provided any evidence that a text input caret is a "cursor." Apple has also not identified any corresponding structure performing the function of any means plus function claim of the '891 patent, or any such corresponding structure contained in any Accused Product.

**U.S. Patent No. 7,663,607 ("the '607 patent")**

Samsung has not directly infringed, induced infringement of, or contributed to infringement of the '607 patent.  Apple's infringement contentions fail to demonstrate direct or indirect infringement of the '607 patent by Samsung.  Apple's contentions also fail to allege any facts to support its allegations of indirect infringement, including with respect to the critical issues of whether Samsung intended to induce others to infringe the '607 patent, whether the Accused Products are capable of substantial noninfringing uses, whether the Accused Products were especially made or especially adapted for infringing use, and how others have supposedly directly infringed the '607 patent.

The Accused Products do not practice claims 1-3, 6-8, 10, or 11, either literally or under the doctrine of equivalents, for at least the following reasons.  Apple has not shown or provided any evidence demonstrating that any Accused Product "is configured to detect changes in charge coupling between the first conductive lines and the second conducive lines," as recited by claim 1. For at least some of the Accused Products, Apple has not shown or provided any evidence demonstrating that such Accused Products contain "conductive lines," as recited by claim 1 or "parallel lines" as recited by claim 10.  With respect to claim 10, Apple has not shown or provided any evidence demonstrating that any Accused Product comprises "a first glass member," "a second glass member," and "a third glass member."  Rather, a single glass layer and plastic layers are used in the Accused Products.

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

**U.S. Patent No. 7,864,163 ("the '163 patent")**

Samsung has not directly infringed, induced infringement of, or contributed to infringement of the '163 patent.  Apple's infringement contentions fail to demonstrate direct infringement of the '163 patent by Samsung.  The Accused Products do not practice claims 2, 4-13, 17-18, 27-42, or 47-52, either literally or under the doctrine of equivalents, for at least the following reasons.

Apple has not shown or provided any evidence demonstrating that any Accused Product practices a computer-implemented method, comprising at a portable electronic device with a touch screen display that (i) displays at least a portion of a structured electronic document on the touch screen display, wherein the structured electronic document comprises a plurality of boxes of content; (ii) detects a first gesture at a location on the displayed portion of the structured electronic document; (iii) determines a first box in the plurality of boxes at the location of the first gesture; (iv) enlarges and translates the structured electronic document so that the first box is substantially centered on the touch screen display; (v) detects a second gesture, while the first box is enlarged, on a second box other than the first box; and/or (vi) in response to detecting the second gesture, translates the structured electronic document so that the second box is substantially centered on the touch screen display.

Additionally, for each of the accused products, Apple has failed to show that the "first gesture" (as used in claim two) and the "second gesture" (as used in claim 2) are the same type of gesture.

**U.S. Patent No. 7,920,129 ("the '129 patent")**

Samsung has not directly infringed, induced infringement of, or contributed to infringement of the '129 patent.  Apple's infringement contentions fails to demonstrate direct or indirect infringement of the '129 patent by Samsung.  Apple's contentions also fail to allege any facts to support its allegations of indirect infringement, including with respect to the critical issues of whether Samsung intended to induce others to infringe the '129 patent, whether the Accused Products are capable of substantial noninfringing uses, whether the Accused Products were

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

especially made or especially adapted for infringing uses, and how others have supposedly directly infringed the '129 patent.

The Accused Products do not practice claims 1-3, 5, 7, 9-12, 14, 16-19, 21, 22, 24-26 and/or 28, either literally or under the doctrine of equivalents, for at least the following reasons. For claims 1-3, 5, 7, 9, 21, and 22, Apple has failed to show that in any of the Accused Products, "the minimum width of the second set of traces is substantially greater than the maximum width of the first set of traces at least at an intersection of the first and second set of traces to provide shielding for the first set of traces." Apple has failed to show that a second set of traces provides shielding for a first set of traces in any of the Accused Products. For claims 10-12, 14, and 16-19, Apple has failed to show that in any of the Accused Products, "the minimum width of the drive traces being substantially greater than the maximum width of the sense traces at least at an intersection of the sense and drive traces to provide shielding for the sense traces." Apple has failed to show that a drive trace provides shielding for a sense trace in any of the Accused Products.

For claims 24-26, Apple has failed to show that in any of the Accused Products, "the drives traces are widened as compared to the sense traces to substantially cover the second layer except for a gap between adjacent drive traces so as to substantially electrically isolate the sense traces from a liquid crystal display." Apple has failed to show that sense traces are substantially electrically isolated from a liquid crystal display in any of the Accused Products. Furthermore, Apple has failed to show that "the drive traces are widened as compared to the sense traces."

Apple has also failed to show that any of the Accused Products have "sensors formed at locations at which the sense traces intersect with the drive traces." Apple has also failed to show that any of the Accused Products have "sensors . . . formed at locations at which the first set of traces intersects with the second set of traces."

Furthermore, Apple has not shown that the Accused Products have a "liquid crystal (LCD) display adjacent to the touch sensor panel, the LCD emitting a modulated Vcom signal, and the second set of traces configured for shielding the first set of traces from the modulated Vcom

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

signal." For example, Apple has not shown that any of the Accused Products have a modulated Vcom signal.

Furthermore, for claims 21-22, Apple has failed to show that the Accused Products have a second set of traces configured for being driven by low impedance driver outputs." For claims 24-28, Apple has failed to show that in the Accused Products, "each of the drive traces is of a substantially constant width."

For all of the patents listed above, Samsung's investigation is ongoing and Samsung will provide its non-infringement positions for the Asserted Claims in its expert report(s) to be submitted in accordance with the Court's Minute Order and Case Management Order, dated August 25, 2011.

DATED: March 12, 2012                    Respectfully submitted,

                                          QUINN EMANUEL URQUHART &
                                          SULLIVAN, LLP


                                          By      */s/ Todd Briggs*
                                             Charles K. Verhoeven
                                             Kevin P.B. Johnson
                                             Victoria F. Maroulis
                                             Michael T. Zeller
                                             Attorneys for SAMSUNG ELECTRONICS CO.,
                                             LTD., SAMSUNG ELECTRONICS AMERICA,
                                             INC. and SAMSUNG
                                             TELECOMMUNICATIONS AMERICA, LLC

# CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2012, I caused **SAMSUNG'S SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE INC.'S 2ND SET OF INTERROGATORIES** to be electronically served on the following via email:

**ATTORNEYS FOR APPLE INC.**

AppleMoFo@mofo.com
HAROLD J. MCELHINNY
hmcelhinny@mofo.com
MICHAEL A. JACOBS
mjacobs@mofo.com
JENNIFER LEE TAYLOR
jtaylor@mofo.com
ALISON M. TUCHER
atucher@mofo.com
RICHARD S.J. HUNG
rhung@mofo.com
JASON R. BARTLETT
jasonbartlett@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

WHAppleSamsungNDCalService@wilmerhale.com
WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

I declare under penalty of perjury that the foregoing is true and correct.  Executed in Redwood Shores, California on March 12, 2012.

            ___/s/ Melissa N. Chan_____