Exhibit 31

FILED UNDER SEAL

**Highly Confidential – Attorneys' Eyes Only – Subject to Protective Order**

**United States District Court**
**Northern District of California**

**Apple Inc.**

**v.**

**Samsung Electronics Co., Ltd. et al.**

**Corrected Expert Report of Michael J. Wagner**
**April 20, 2012**
**Volume I**

# Apple Inc. v. Samsung Electronics Co., Ltd. et al.

## Table of Contents

## Corrected Expert Report of Michael J. Wagner

## Volume I

---

| Tab # | Description |
|-------|-------------|
| 1 | Corrected Expert Report of Michael J. Wagner |
| 2 | Damages Analysis |
| 3 | License Agreement Matrix |
| 4 | List of Documents Considered |
| 5 | Curriculum Vitae of Michael J. Wagner |
| 6 | Corrected Damages Analysis Based on U.S. Manufacturing Costs |

# Tab 1

Highly Confidential – Attorneys' Eyes Only – Subject to Protective Order

**United States District Court**

**Northern District of California**

**San Jose Division**

**Case No. 11-cv-01846 LHK**

**APPLE INC.**

**v.**

**SAMSUNG ELECTRONICS CO., LTD, SAMSUNG ELECTRONICS**
**AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA, LLC**

---

**Corrected Expert Report of**

**Michael J. Wagner**

**April 20, 2012**

Highly Confidential – Attorneys' Eyes Only – Subject to Protective Order

I.      INTRODUCTION ..................................................................................................... 1

II.     SUMMARY OF OPINIONS .................................................................................... 2

III.    BACKGROUND AND DESCRIPTION OF THE INVENTIONS ............................ 7

        A.  Parties to the Litigation ............................................................................ 7

            1.  Apple Inc. ............................................................................................ 7

            2.  Samsung Electronics Co., Ltd. ......................................................... 8

            3.  Samsung Electronics America, Inc. ................................................. 9

            4.  Samsung Telecommunications America, LLC ................................ 10

        B.  Apple's Asserted Intellectual Property ................................................. 11

            1.  Apple's Utility Patents ..................................................................... 11
                a)  User Interface Utility Patents ............................................. 11
                b)  Touchscreen-Related Utility Patents .................................. 13

            2.  Apple's Design Patents .................................................................... 15
                a)  UI Design Patents ................................................................ 15
                b)  Electronic Device Design Patents ...................................... 19

            3.  Apple's Trade Dress at Issue .......................................................... 33
                a)  Original iPhone Trade Dress .............................................. 33
                b)  iPhone 3G Trade Dress ...................................................... 34
                c)  iPhone 4 Trade Dress ......................................................... 34
                d)  iPhone Trade Dress ............................................................ 35
                e)  Trade Dress Registrations .................................................. 35
                f)  85/299,118 Trade Dress Application ................................. 37
                g)  iPad and iPad 2 Trade Dress .............................................. 38
                h)  77/921,838, 77/921,829, and 77/921,869 Trade Dress Applications .......................... 38

            4.  Apple's Trademarks at Issue ........................................................... 40
                a)  Registered Icon Trademarks ............................................... 40
                b)  iTunes Store Trademark ...................................................... 41
                c)  iTunes Eighth Note and CD Design Trademark ................ 42

Highly Confidential – Attorneys' Eyes Only – Subject to Protective Order

C. Samsung's Allegedly Infringing Products.................................................................... 42

    1. Samsung Galaxy Smartphones ............................................................................ 44

    2. Other Samsung Smartphones ............................................................................. 46

    3. Tablet Computers ............................................................................................... 47

**IV. BASES FOR OPINIONS** .......................................................................................... **47**

A. Disagreements With the Opinions Expressed By Terry L. Musika ............................. 48

    1. Mr. Musika's analysis is a high-level analysis and is largely divorced from the specific intellectual property that is at issue in this lawsuit. ................................................ 48

        a) Mr. Musika fails to provide evidence of demand for the specific design IP at issue. .................... 48

        b) Mr. Musika fails to provide evidence of demand for the specific utility patents at issue. ............... 54

    2. Although Mr. Musika claims not to use the entire market value rule, in effect he does. ....... 57

    3. Mr. Musika does not establish Apple's entitlement to lost profits related to Samsung's infringement of the intellectual property at issue. ................................................... 58

        a) Mr. Musika has not provided sufficient evidence of demand for the intellectual property at issue. 60

        b) Samsung has acceptable, non-infringing alternatives available for the asserted intellectual property. .................................................................................................. 76

        c) Mr. Musika has not proven that Apple has sufficient capacity for all time periods. ....................... 78

    4. Even if Mr. Musika were to prove entitlement to lost profits, his lost profits calculations significantly overstate the amount of lost profits. ................................................... 88

        a) Mr. Musika does not take price elasticity of demand into consideration in his lost profits calculation. .................................................................................................. 88

        b) Mr. Musika includes lost profits for the Galaxy Tab 7.0 (3G), which is not appropriate based on Mr. Musika's own analysis. .................................................................................... 94

        c) Mr. Musika incorrectly uses an assumption that 26% of users select a new carrier when purchasing a cell phone in calculating his lost profits damages. ................................................ 95

        d) Mr. Musika's analysis does not properly take into account platform competition and the fact that Samsung customers chose to not purchase an iPhone. ............................................. 97

        e) Mr. Musika's incremental profitability is overstated, resulting in significantly overstated lost profits.101

    5. Mr. Musika's calculation of Samsung's profits related to the infringement is overstated. ... 101

    6. Mr. Musika's reasonable royalty analysis relies on unreasonable benchmarks and results in an overstated concluded reasonable royalty rate ................................................... 102

        a) Mr. Musika's cost approach does not provide a reasonable value for the intellectual property at issue. .................................................................................................... 103

Highly Confidential – Attorneys' Eyes Only – Subject to Protective Order

b)   Mr. Musika's income approach does not provide a reasonable value for the intellectual property at issue. ...............................................................................................................................108

c)   The other benchmarks mentioned by Mr. Musika are not relevant to the reasonable royalty analysis. ...................................................................................................................................114

d)   Mr. Musika's analysis does not take into account several data points that would result in a much lower reasonable royalty rate. ............................................................................................115

e)   Mr. Musika takes into account inappropriate considerations in his *Georgia-Pacific* analysis that result in an artificially high royalty rate. ..........................................................................124

f)   Mr. Musika's concluded royalty rate is unreasonably high. ..........................................................125

7.   Mr. Musika's discussion of the irreparable harm done to Apple is divorced from actual market conditions. ...........................................................................................................................125

B.  APPLE IS NOT ENTITLED TO LOST PROFITS ...................................................................................131

1.   Utility Patents ...............................................................................................................................131

2.   Design-Related IP ........................................................................................................................131

C.  OPINIONS REGARDING SAMSUNG'S PROFITS RELATED TO THE DESIGN IP ...........................................132

1.   Samsung's Sales Data .................................................................................................................132

2.   Samsung's Deductible Expenses .................................................................................................133

a)   SEC's Deductible Expenses..........................................................................................................134

b)   STA's and SEA's Deductible Expenses ........................................................................................137

3.   Calculation of Samsung's Profits on the Accused Products.........................................................139

4.   Apportionment of Profit to the Design-Related IP at Issue ..........................................................141

a)   Apportionment to "Design" ............................................................................................................143

b)   Apportionment of Design to Specific Design-Related IP at Issue.................................................152

c)   Apportionment based on design arounds......................................................................................154

d)   Conclusion on Apportionment .......................................................................................................155

5.   Samsung's Unjust Enrichment......................................................................................................155

D.  OPINIONS REGARDING REASONABLE ROYALTY RATE........................................................................156

a)   Basic Framework for Calculating Reasonable Royalty Damages for Patent Infringement ..........156

b)   *Georgia-Pacific* Factor Analysis ..................................................................................................163

c)   Major Facts Known or Knowable to Both Parties at the Hypothetical Negotiation.......................208

d)   Conclusions Regarding Reasonable Royalty ...............................................................................210

Highly Confidential – Attorneys' Eyes Only – Subject to Protective Order

    2.    Calculation of Royalties Due.................................................................................. 210

   E. ALTERNATIVE REASONABLE ROYALTY FOR ELECTRONIC DEVICE DESIGN PATENTS AND TRADE DRESS 211

**V.    DOCUMENTS, DATA AND OTHER INFORMATION CONSIDERED** ........................................ **213**

**VI.    POTENTIAL ADDITIONAL ANALYSES TO PERFORM** ............................................ **213**

**VII.    QUALIFICATIONS** ................................................................................ **213**

**VIII.    COMPENSATION** ................................................................................ **214**

Highly Confidential – Attorneys' Eyes Only – Subject to Protective Order

      a)   **Mr. Musika's cost approach does not provide a reasonable value for the intellectual property at issue.**

      b)   **Mr. Musika's income approach does not provide a reasonable value for the intellectual property at issue.**

      c)   **The other benchmarks mentioned by Mr. Musika are not relevant to the reasonable royalty analysis.**

      d)   **Mr. Musika's analysis does not take into account several data points that would result in a much lower reasonable royalty rate.**

      e)   **Mr. Musika takes into account inappropriate considerations in his Georgia-Pacific analysis that result in an artificially high royalty rate.**

      f)   **Mr. Musika's concluded royalty rate is unreasonably high.**

**B.  Lost Profits related to Patent Infringement:**

    1.   **Lost Profits is not an appropriate measure of damages in this case.**

**C.  Samsung's Profit Related to the Asserted Design-Related Intellectual Property[7]**

    1.   **All of Samsung's operating expenses qualify as deductible expenses with the exception of the legal expenses related to this lawsuit.**

    2.   **A reasonable apportionment of Samsung's profits to Apple's design-related intellectual property at issue is one percent.**

    3.   **Applying the apportionment percentage results in a calculation of Samsung's profits related to its infringement of Apple's design-related intellectual property as follows:**

---

[7]  The calculations presented in this summary and presented in the figures in this report are based on worldwide data for manufacturing expenses.  On the date of my report, Samsung provided additional data to me that included manufacturing expenses limited to accused products sold in the U.S.  I have performed additional calculations with these data that are included as a separate damages model in Tab 6 at Volume 1 of my report.  I do not include the summary of those calculations here.

Highly Confidential – Attorneys' Eyes Only – Subject to Protective Order

## VIII.  Compensation

540.    My current billing rate is $795 per hour.


Michael J. Wagner