QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendant. | CASE NO. 11-cv-01846-LHK (PSG)<br><br>**DECLARATION OF JOBY MARTIN IN SUPPORT OF SAMSUNG'S OPPOSITION TO APPLE'S MOTION FOR RULE 37(b)(2) SANCTIONS FOR SAMSUNG'S ALLEGED VIOLATION OF JANUARY 27, 2012 DAMAGES DISCOVERY ORDER**<br><br>Date:   April 3, 2012<br>Time:   10:00 a.m.<br>Place:  Courtroom 5, 4th Floor<br>Judge:  Hon. Paul S. Grewal<br><br>FILED UNDER SEAL |

02198.51855/4647524.1

Case No. 11-cv-01846-LHK (PSG)
MARTIN DECLARATION IN SUPPORT OF SAMSUNG'S OPPOSITION
TO APPLE'S MOTION FOR RULE 37(b)(2) SANCTIONS

1       I, Joby Martin, declare as follows:

2       1.    I am an associate in the law firm of Quinn Emanuel Urquhart & Sullivan, LLP, counsel for Samsung Electronics Co., Ltd., Samsung Electronics America, Inc. and Samsung Telecommunications America, LLC (collectively, "Samsung"). I submit this declaration in support of Samsung's Opposition to Apple's Motion for Rule 37(b)(2) Sanctions For Samsung's Alleged Violation of January 27, 2012 Damages Discovery Order. I have personal knowledge of the facts set forth in this declaration, except as otherwise noted, and, if called upon as a witness, I could and would testify to such facts under oath.

**Samsung's Production to Date**

2.    Samsung has produced over 12,000 pages of financial information in this case and the concurrent ITC proceedings between the parties. Attached hereto as Exhibit 1 is a chart prepared by our litigation staff that maps out the financial documents produced in this litigation and in the parallel ITC proceedings, as well as the dates each document was produced.

3.    On February 3, 2012, Samsung produced in native format an Excel spreadsheet containing financial information for the accused products. This spreadsheet contains a tab entitled "Galaxy S II" with an accompanying worksheet entitled "Galaxy S II/2 (GT-I9100)."

4.    On February 10, 2012, Samsung produced a supplemental spreadsheet to break out three identical products sharing the same model number but sold under different product names (the Mesmerize, the Fascinate, and the Showcase).

5.    On February 28, 2012, Samsung produced a revised spreadsheet to add the 3G version of the Galaxy Tab 7.0 (as opposed to the WiFi version), and to correct a discrepancy in the "Total" tab, making it consistent with the amounts in the product tabs. This revised spreadsheet, which is discussed in the Declaration of Timothy Sheppard starting at paragraph 7, contained the same information for both of the Galaxy II S devices that was provided in the original spreadsheet.

6.    In response to Apple's requests for more minute detail concerning operating expenses, Samsung produced two supplemental spreadsheets on March 8, 2012. This spreadsheet is discussed the Sheppard Declaration starting at paragraph 30.

02198.51855/4647524.1

-1-

Case No. 11-cv-01846-LHK (PSG)
MARTIN DECLARATION IN SUPPORT OF SAMSUNG'S OPPOSITION
TO APPLE'S MOTION FOR RULE 37(b)(2) SANCTIONS

7. Prior to February 3, 2012, Samsung produced numerous documents reflecting sales and revenue, including monthly and weekly sales reports, and documents showing unit prices and quantities sold to carriers and distributors.  Attached hereto as Exhibit 2 is a true and correct copy of an excerpt from one such document, which shows every sale made by STA to carriers and distributors from January 2010 to December 2011.

8. Prior to February 3, 2012, Samsung produced business plans, P/L statements, and monthly closing reports for the divisions that are responsible for the accused products.  These documents contain detailed information concerning cost of goods sold, operating expenses, administrative expenses, materials and manufacturing costs, labor costs, transportation and freight costs, warehouse and inventory fees, and R&D expenses.  Attached hereto as Exhibit 3 is a true and correct copy of one such document.

9. Samsung has produced non-public audited financial reports prepared by accounting firm KPMG and provided to corporate management for STA and SEA covering the years 2010 and 2011.  Attached hereto as Exhibit 4 is a true and correct copy of one such document, prepared for STA by the accounting firm KPMG.

10. Prior to February 3, 2012, Samsung produced internal weekly sales reports and reports from carriers, which are sufficient to show the domestic launch dates for the accused products.  Attached hereto as Exhibit 5 is a true and correct copy of one such document.

11. Attached hereto as Exhibit 6 is a true and correct copy of Samsung's response to Apple's Interrogatory No. 14, providing the dates on which each accused product and all practicing products became available to U.S. markets.

12. Attached hereto as Exhibit 7 is a letter from Apple's counsel to Samsung's counsel, wherein Apple's counsel concedes that charts of accounts are not subject to the January 27, 2012 Order, by marking that category of documents with asterisks.

13. Samsung produced charts of accounts on March 8, 2012.  Attached hereto as Exhibit 8 is a true and correct copy of one such document.

14. In response to a letter from Apple dated March 5, 2012—a true and correct copy of which is attached as Exhibit 5 to the Declaration of John Gordon—Samsung produced global

02198.51855/4647524.1

-2-

Case No. 11-cv-01846-LHK (PSG)
MARTIN DECLARATION IN SUPPORT OF SAMSUNG'S OPPOSITION
TO APPLE'S MOTION FOR RULE 37(b)(2) SANCTIONS

1  consolidation reports showing statements of comprehensive income, changes in equity, and cash flows.  Attached hereto as Exhibit 9 is a true and correct copy of one such document.

15. Samsung produced the majority of its monthly closing reports before February 3, 2012.  Samsung produced additional monthly closing reports on March 8, 2012 when it discovered that some were missing from prior productions.

**The Parties' Meet and Confer Efforts**

16. From November – December 2011, Apple sent several letters regarding its requests for source code technical documents, including requests for quotations, qualification documents, bills of materials, and functional testing results for the accused products' touchscreens.  Attached hereto as Exhibit 10 is a true and correct copy of one such letter, sent by Apple's counsel to Samsung's counsel on November 28, 2011.

17. Attached hereto as Exhibit 11 is a true and correct copy of a letter concerning source code and technical documents sent by Apple's counsel to Samsung's counsel and dated December 6, 2011.  In this letter, Apple's counsel states that Apple's requests for bills of materials, requests for quotations and qualification documents relating to touchscreens are relevant to understanding the structure of the accused devices as they relate to U.S. Patent Nos. 7,663,607 and 7,920,129—Apple's touchscreen patents.

18. Attached hereto as Exhibit 12 is a true and correct copy of an excerpt from Apple's Sixth Set of Requests for Production ("RFP").  RFP No. 240 seeks "All Documents concerning the design, manufacture, specifications and operation of the touch screens (including the display and touch sensor panels) on the Products at Issue."

19. Attached hereto as Exhibit 13 is a true and correct copy of a letter dated January 5, 2012, sent by Apple's counsel to Samsung's counsel, stating that Apple requested bills of materials in satisfaction of RFP No. 240.

20. At the January 6, 2012 lead counsel meet and confer, which I attended, the only discussion of bills of materials related to the touchscreens of the accused products, in the context of Apple's requests for technical documents.

02198.51855/4647524.1

-3-

Case No. 11-cv-01846-LHK (PSG)
MARTIN DECLARATION IN SUPPORT OF SAMSUNG'S OPPOSITION
TO APPLE'S MOTION FOR RULE 37(b)(2) SANCTIONS

21.  The parties held lead counsel meet and confer sessions on February 6, February 14, and February 15 of this year.  I attended each meeting.  Apple never asked Samsung during these meetings whether the information in Samsung's spreadsheets concerning the Galaxy S II covered both the T-Mobile and AT&T editions of this device.

22.  At the February 14, 2012 lead counsel meet and confer, the discussion of financial documents was brief, and it was clear that the parties had reached an impasse as to the requirements of the Court's January 27, 2012 Order.  Apple did not file its motion until two weeks thereafter.

23.  Prior to filing its motion, Apple did not discuss with Samsung a stipulation for a briefing schedule that would have allowed its sanctions motion to be heard much sooner than April 3, 2012.  In fact, Apple never even informed Samsung that it would file its motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 12, 2012, at San Francisco, California.

          */s/ Joby Martin*
          Joby Martin

02198.51855/4647524.1

-4-   Case No. 11-cv-01846-LHK (PSG)
MARTIN DECLARATION IN SUPPORT OF SAMSUNG'S OPPOSITION
TO APPLE'S MOTION FOR RULE 37(b)(2) SANCTIONS