# Exhibit 2
# (Submitted Under Seal)

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY INFORMATION**

1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
    Charles K. Verhoeven (Cal. Bar No. 170151)
2   charlesverhoeven@quinnemanuel.com
    50 California Street, 22nd Floor
3   San Francisco, California 94111
    Telephone: (415) 875-6600
4   Facsimile: (415) 875-6700

5   Kevin P.B. Johnson (Cal. Bar No. 177129)
    kevinjohnson@quinnemanuel.com
6   Victoria F. Maroulis (Cal. Bar No. 202603)
    victoriamaroulis@quinnemanuel.com
7   555 Twin Dolphin Drive 5th Floor
    Redwood Shores, California 94065
8   Telephone: (650) 801-5000
    Facsimile: (650) 801-5100

    Michael T. Zeller (Cal. Bar No. 196417)
10  michaelzeller@quinnemanuel.com
    865 S. Figueroa St., 10th Floor
11  Los Angeles, California 90017
    Telephone: (213) 443-3000
12  Facsimile: (213) 443-3100

13  Attorneys for SAMSUNG ELECTRONICS
    CO., LTD., SAMSUNG ELECTRONICS
14  AMERICA, INC. and SAMSUNG
    TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | CASE NO. 11-cv-01846-LHK |
| Plaintiff, | |
| vs. | **SAMSUNG'S SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S SIXTEENTH SET OF INTERROGATORIES (NO. 81)** |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | **HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY UNDER THE PROTECTIVE ORDER** |
| Defendants. | |

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY INFORMATION**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendants Samsung Electronics Co. Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") respond to Plaintiff Apple Inc.'s ("Apple") Sixteenth Set of Interrogatories as follows:

**GENERAL STATEMENT**

The following responses are based on discovery available as of the date hereof. Discovery is continuing, and these responses are subject to change accordingly. It is anticipated that further discovery, independent investigation and analysis may lead to the discovery of additional information or documents, supply additional facts and add meaning to known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to additions to, changes to or variations from the responses set forth herein.

In addition, the following responses are given without prejudice to Samsung's right to produce or rely on subsequently discovered information, facts or documents. Samsung accordingly reserves the right to change the responses herein and/or produce or rely on subsequently discovered documents as additional facts are ascertained, analysis is made, legal research is completed and contentions are made. The responses herein are made in a good faith effort to comply with the provisions of Rules 26 and 33 of the Federal Rules of Civil Procedure, and to supply such responsive information as exists and is presently within Samsung's possession, custody or control, but are in no way to be deemed to be to the prejudice of Samsung in relation to further discovery, research and analysis.

An answer to an interrogatory shall not be deemed a waiver of any applicable general or specific objection to an interrogatory. In responding to the interrogatories, Samsung does not waive any objections that may be applicable to the use, for any purpose, of any information or documents provided in response, or the admissibility, relevance, or materiality of any such information or documents to any issue in this case.

Samsung's responses to these interrogatories do not constitute admissions relative to the existence of any documents or information, to the relevance or admissibility of any documents or information, or to the truth or accuracy of any statement or characterization contained in Apple's

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY INFORMATION**

1  requests. All objections as to relevance, authenticity, or admissibility of any document are
2  expressly reserved.

3       Samsung expressly incorporates this General Statement and the following General
4  Objections as though set forth fully in response to each of the following individual interrogatories
5  and, to the extent that they are not raised in any particular response, Samsung does not waive those
6  objections.

7  <center>**GENERAL OBJECTIONS**</center>

8      1.    Samsung objects to the "Definitions" and "Instructions" contained in Apple's
9  Sixteenth Set of Interrogatories to the extent they are inconsistent with the Federal Rules of Civil
10 Procedure.

11     2.    Samsung objects to Apple's Definition of "Samsung," "You," "Your," and
12 "Defendants" as overly broad to the extent it requires Samsung to pursue information from
13 individuals no longer employed by Samsung whose data is not currently in the possession of
14 Samsung. Samsung further objects to Apple's Definition of "Samsung," "You," "Your," and
15 "Defendants" as overly broad, vague, and ambiguous to the extent it does not define "affiliates,"
16 and also to the extent that it requires Samsung to potentially seek information from thousands of
17 people. Samsung will respond to interrogatories based on a reasonable inquiry of individuals
18 expected to possess the requested information.

19     3.    Samsung objects to Apple's definition of "Apple" to as overly broad, vague, and
20 ambiguous.

21     4.    Samsung objects to the definition of "Products at Issue" as vague and overbroad to
22 the extent it includes "similar products, and any products that Apple accuses of infringing its
23 intellectual property in this litigation" that have not been identified by Apple in its infringement
24 contentions. Samsung further objects to the definition of "Products at Issue" to the extent it
25 includes products that are not sold and/or have never been sold in the United States.

26     5.    Samsung objects to the definition of "Hardware Design" as vague and ambiguous.

27     6.    Samsung objects to the definition of "Graphical User Interface Design" as vague
28 and ambiguous.

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY INFORMATION**

7. Samsung objects to the definitions of "Original iPhone Trade Dress," "iPhone 3G Trade Dress," "iPhone 4 Trade Dress," "iPhone Trade Dress," "iPad Trade Dress," "iPad 2 Trade Dress," and "Apple Trademarks and Trade Dress" to the extent they imply that any aspect of the Apple products' design constitutes an element of its trade dress.

8. Samsung objects to the definition of "Accused Feature" to the extent it misstates or mischaracterizes the Patents at Issue.

9. Samsung objects to the definition of "Source Code" as vague, ambiguous, overbroad and overly burdensome. Samsung further objects to the definition to the extent it seeks information regarding unreleased prototypes that are not at issue in this lawsuit. Samsung also objects to the definition to the extent it seeks multiple and discrete types of information and has multiple subparts.

10. Samsung objects to the definitions of "Concerning" and/or "Relating," and each and every interrogatory that uses the term "Concerning" or "Relating," as overly broad, vague and ambiguous.

11. Samsung objects to the definition of "Third Party" or "Third Parties" as overly broad.

12. Samsung objects to these interrogatories as vague and ambiguous to the extent they include terms that are undefined. Samsung in its responses will identify any terms it believes are vague and ambiguous and will assume a reasonable meaning for each such term.

13. Samsung objects generally to each interrogatory to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity. Any inadvertent disclosure of such information shall not be deemed a waiver of the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity recognized by statute or case law. Samsung will exchange with Apple a log of withheld documents at a time agreed to by counsel for the parties. Samsung also will not log privileged documents that were created on or after April 15, 2011.

14. Samsung objects generally to the interrogatories to the extent they seek

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY INFORMATION**

information from outside a reasonable time period or from a point other than a reasonable time.

15. Samsung objects to these interrogatories to the extent they seek to compel Samsung to generate or create information and/or documents that do not already exist.

16. Samsung objects generally to the interrogatories to the extent that they prematurely call for contentions, identification of prior art, or identification of witnesses at this stage of the litigation.

17. Samsung objects to each interrogatory to the extent it is duplicative or cumulative of another interrogatory.

18. Samsung objects to each interrogatory to the extent it is compound and comprises discrete subparts resulting in separate interrogatories.

19. Samsung expressly reserves the right to respond to any or all of the interrogatories by specifying documents wherein the responsive information may be ascertained pursuant to Rule 33(d) of the Federal Rules of Civil Procedure.

20. Samsung objects generally to the interrogatories to the extent they seek confidential proprietary or trade secret information of third parties. Samsung will endeavor to work with third parties to obtain their consent, if necessary, before identifying or producing such information and/or documents.

21. Samsung objects generally to the interrogatories on the grounds that they are overly broad, unduly burdensome, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

22. Samsung objects to the interrogatories on the ground that they are overly broad, unduly burdensome and oppressive to the extent they purport to require Samsung to search its facilities and inquire of its employees other than those facilities and employees that would reasonably be expected to have responsive information. Samsung's responses are based upon (1) a reasonable search and investigation of facilities and files that could reasonably be expected to contain responsive information, and (2) inquiries of Samsung's employees and/or representatives who could reasonably be expected to possess responsive information.

23. Samsung objects to the interrogatories on the grounds that they seek information

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY INFORMATION**

1  already in the possession of Apple, publicly available, or as readily available to Apple as it is to
2  Samsung.

3      24.    Samsung objects to each interrogatory to the extent that it seeks information before
4  Samsung is required to disclose such information in accordance with any applicable law, such as
5  the Northern District of California Patent Local Rules.

6      25.    Samsung objects to the interrogatories on the grounds and to the extent that they
7  seek legal conclusions or call for expert testimony. Samsung's responses should not be
8  construed to provide legal conclusions.

9      Subject to and without waiving the foregoing General Statement and General Objections,
10  Samsung responds as follows:

11

12  **INTERROGATORIES**

13

14  **INTERROGATORY NO. 1:**

15      Explain in detail the operation of any monitoring circuitry, integrated circuit, chip,
16  controller, or module used to operate the touch screens (including the display and touch sensor
17  panels) and used to respond to touch events for each Product at Issue, with reference to and
18  identification of specific source code and microcode files and functions.

19

20  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1:**

21      In addition to the General Objections stated above, Samsung objects to this interrogatory
22  as vague and ambiguous. Samsung further objects to this interrogatory to the extent that it seeks
23  to elicit information subject to and protected by the attorney-client privilege, the attorney work-
24  product doctrine, the joint defense privilege, the common interest doctrine, and/or any other
25  applicable privilege or immunity. Samsung further objects to this interrogatory on the grounds
26  and to the extent that it seeks legal conclusions or calls for expert testimony. Samsung will
27  provide such contentions in accordance with the Court's Minute Order and Case Management
28  order, dated August 25, 2011.

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY INFORMATION**

Subject to the foregoing general and specific objections, and following a reasonable investigation, Samsung responds as follows:

| Product at Issue | Touchscreen IC Vendor | Touchscreen IC P/N | Touchscreen IC F/W Version | TSP Module Vendor |
|---|---|---|---|---|
| Acclaim | MELFAS | MCS-6024 | N/A | MELFAS |
| Captivate | ATMEL | mXT224 | v1.6aa | SMD |
| Continuum | ATMEL | mXT224 | v1.6aa | SMD |
| Droid Charge | ATMEL | mXT224 | v1.6aa | SMD |
| Exhibit 4G | ATMEL | mXT224 | v1.6aa | Synopex |
| Epic 4G | ATMEL | mXT224 | v1.6aa | SMD |
| Fascinate | ATMEL | mXT224 | v1.6aa | SMD |
| Gem | MELFAS | MCS-6024 | N/A | MELFAS |
| Galaxy Ace | Cypress | TMA340 | N/A | Synopex |
| Galaxy Prevail | Cypress | TMA340 | N/A | S-MAC |
| Galaxy S (i9000) | ATMEL | mXT224 | v1.6aa | SMD |
| Galaxy S 4G | ATMEL | mXT224 | v1.6aa | SMD |
| Galaxy S II | ATMEL | mXT224 | v1.6aa | SMD |
| Gravity | ATMEL | mXT224 | v1.6aa | S-MAC |
| Indulge | ATMEL | mXT224 | v1.6aa | Digitech |
| Infuse 4G | ATMEL | mXT224 | v1.6aa | SMD |
| Intercept | MELFAS | MCS-6000 | N/A | MELFAS |
| Mesmerize | ATMEL | mXT224 | v1.6aa | SMD |
| Nexus S | ATMEL | mXT224 | v1.6aa | SMD |
| Nexus S 4G | ATMEL | mXT224 | v1.6aa | SMD |
| Replenish | Cypress | TMA340 | N/A | S-MAC |
| Showcase Galaxy S | ATMEL | mXT224 | v1.6aa | SMD |
| Sidekick | ATMEL | mXT224 | v1.6aa | ILJIN |
| Transform | MELFAS | MCS-6000 | N/A | MELFAS |
| Vibrant | ATMEL | mXT224 | v1.6aa | SMD |
| Galaxy Tab 10.1 | ATMEL | mXT224 | v1.6aa | ILJIN |

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY INFORMATION**

1 Samsung further responds that some of the information requested in this interrogatory is outside Samsung's possession, custody or control.   Pursuant to Rule 33(d), Samsung further responds by citing the following documents from which such information may be determined: ATMEL-SAMSUNG00000001-8302; SAMNDCA00298514-SAMNDCA00298644; SAMNDCA00298645-SAMNDCA00298748; SAMNDCA00298749-SAMNDCA00298801; SAMNDCA00298802-SAMNDCA00299039; SAMNDCA00299040-SAMNDCA00299312; SAMNDCA00299313-SAMNDCA00299344; SAMNDCA00299345-SAMNDCA00299425; SAMNDCA00324077-SAMNDCA00324077; SAMNDCA00324078-SAMNDCA00324082; SAMNDCA00324083-SAMNDCA00324087; SAMNDCA00324088-SAMNDCA00324093; SAMNDCA10280557-SAMNDCA10283952; SAMNDCA10765141-SAMNDCA10765619; SAMNDCA10885838-SAMNDCA10924995.   Samsung further refers to the transcripts for the depositions of Heon-Seok Lee, Martin Simmons and Samuel Brunet from which the requested information can be determined.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1:**

In addition to the General Objections stated above, Samsung objects to this interrogatory as vague and ambiguous.   Samsung further objects to this interrogatory to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity.   Samsung further objects to this interrogatory on the grounds and to the extent that it seeks legal conclusions or calls for expert testimony.   Samsung will provide such contentions in accordance with the Court's Minute Order and Case Management order, dated August 25, 2011.

Subject to the foregoing general and specific objections, and following a reasonable investigation, Samsung responds as follows:

| Product at Issue | Touchscreen IC Vendor | Touchscreen IC P/N | Touchscreen IC F/W Version | TSP Module Vendor |
|---|---|---|---|---|
| Acclaim | MELFAS | MCS-6024 | N/A | MELFAS |

-7-   Case No. 11-cv-01846-LHK
SAMSUNG'S SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO
APPLE'S 16TH SET OF INTERROGATORIES (NO. 81)

SUBJECT TO PROTECTIVE ORDER
CONTAINS HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY INFORMATION

| | | | | |
|---|---|---|---|---|
| Captivate | ATMEL | mXT224 | v1.6aa | SMD |
| Continuum | ATMEL | mXT224 | v1.6aa | SMD |
| Droid Charge | ATMEL | mXT224 | v1.6aa | SMD |
| Exhibit 4G | ATMEL | mXT224 | v1.6aa | Synopex |
| Epic 4G | ATMEL | mXT224 | v1.6aa | SMD |
| Fascinate | ATMEL | mXT224 | v1.6aa | SMD |
| Gem | MELFAS | MCS-6024 | N/A | MELFAS |
| Galaxy Ace | Cypress | TMA340 | N/A | Synopex |
| Galaxy Prevail | Cypress | TMA340 | N/A | S-MAC |
| Galaxy S (i9000) | ATMEL | mXT224 | v1.6aa | SMD |
| Galaxy S 4G | ATMEL | mXT224 | v1.6aa | SMD |
| Galaxy S II | ATMEL | mXT224 | v1.6aa | SMD |
| Galaxy S 2 Epic 4G Touch | ATMEL | mXT224 | v1.6aa | SMD |
| Galaxy S 2 Skyrocket | ATMEL | mXT224 | v1.6aa | SMD |
| Gravity | ATMEL | mXT224 | v1.6aa | S-MAC |
| Indulge | ATMEL | mXT224 | v1.6aa | Digitech |
| Infuse 4G | ATMEL | mXT224 | v1.6aa | SMD |
| Intercept | MELFAS | MCS-6000 | N/A | MELFAS |
| Mesmerize | ATMEL | mXT224 | v1.6aa | SMD |
| Nexus S | ATMEL | mXT224 | v1.6aa | SMD |
| Nexus S 4G | ATMEL | mXT224 | v1.6aa | SMD |
| Replenish | Cypress | TMA340 | N/A | S-MAC |
| Showcase Galaxy S | ATMEL | mXT224 | v1.6aa | SMD |
| Showcase i500 | ATMEL | mXT224 | v1.6aa | SMD |
| Sidekick | ATMEL | mXT224 | v1.6aa | ILJIN |
| Transform | MELFAS | MCS-6000 | N/A | MELFAS |
| Vibrant | ATMEL | mXT224 | v1.6aa | SMD |
| Galaxy Tab | ATMEL | mXT224 | v1.6aa | ILJIN |
| Galaxy Tab 10.1 | ATMEL | mXT1386 | v1.0aa | ILJIN |

Samsung further responds that some of the information requested in this interrogatory is outside Samsung's possession, custody or control.  Pursuant to Rule 33(d), Samsung further

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY INFORMATION**

1. responds by citing the following documents from which such information may be determined:
2. ATMEL-SAMSUNG00000001-8302; SAMNDCA00298514-SAMNDCA00298644;
3. SAMNDCA00298645-SAMNDCA00298748; SAMNDCA00298749-SAMNDCA00298801;
4. SAMNDCA00298802-SAMNDCA00299039; SAMNDCA00299040-SAMNDCA00299312;
5. SAMNDCA00299313-SAMNDCA00299344; SAMNDCA00299345-SAMNDCA00299425;
6. SAMNDCA00324077-SAMNDCA00324077; SAMNDCA00324078-SAMNDCA00324082;
7. SAMNDCA00324083-SAMNDCA00324087; SAMNDCA00324088-SAMNDCA00324093;
8. SAMNDCA10280557-SAMNDCA10283952; SAMNDCA10765141-SAMNDCA10765619;
9. SAMNDCA10885838-SAMNDCA10924995.  Samsung further refers to the transcripts for the
10. depositions of Heon-Seok Lee, Martin Simmons and Samuel Brunet from which the requested
11. information can be determined.

DATED: March 22, 2012             QUINN EMANUEL URQUHART &
                                  SULLIVAN, LLP


                                  By *Victoria F. Maroulis*
                                     Charles K. Verhoeven
                                     Kevin P.B. Johnson
                                     Victoria F. Maroulis
                                     Michael T. Zeller

                                     Attorneys for SAMSUNG ELECTRONICS CO.,
                                     LTD., SAMSUNG ELECTRONICS AMERICA,
                                     INC., and SAMSUNG
                                     TELECOMMUNICATIONS AMERICA, LLC

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY INFORMATION**

**CERTIFICATE OF SERVICE**

I hereby certify that on March 22, 2012, I caused **SAMSUNG'S SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO APPLE'S 16TH SET OF INTERROGATORIES** to be electronically served on the following via email:

**ATTORNEYS FOR APPLE INC.**

| | |
|---|---|
| HAROLD J. MCELHINNY<br>hmcelhinny@mofo.com<br>MICHAEL A. JACOBS<br>mjacobs@mofo.com<br>JENNIFER LEE TAYLOR<br>jtaylor@mofo.com<br>ALISON M. TUCHER<br>atucher@mofo.com<br>RICHARD S.J. HUNG<br>rhung@mofo.com<br>JASON R. BARTLETT<br>jasonbartlett@mofo.com<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, California 94105-2482<br>Telephone: (415) 268-7000<br>Facsimile: (415) 268-7522 | WHAppleSamsungNDCalService@wilmerhale.com<br>WILLIAM F. LEE<br>william.lee@wilmerhale.com<br>WILMER CUTLER PICKERING HALE AND DORR LLP<br>60 State Street<br>Boston, Massachusetts 02109<br>Telephone: (617) 526-6000<br>Facsimile: (617) 526-5000<br><br>MARK D. SELWYN<br>mark.selwyn@wilmerhale.com<br>WILMER CUTLER PICKERING HALE AND DORR LLP<br>950 Page Mill Road<br>Palo Alto, California 94304<br>Telephone: (650) 858-6000<br>Facsimile: (650) 858-6100 |

I declare under penalty of perjury that the foregoing is true and correct. Executed in Redwood Shores, California on March 22, 2012.

_/s/ Melissa Chan_____