# Exhibit 13
# (Submitted Under Seal)

**quinn emanuel** trial lawyers | silicon valley

555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California  94065-2139 | TEL: (650) 801-5000 FAX: (650) 801-5100

WRITER'S DIRECT DIAL NO.
**(650) 801-5005**

WRITER'S INTERNET ADDRESS
rachelkassabian@quinnemanuel.com

October 26, 2011

<u>VIA E-MAIL</u>

Wesley E. Overson
Morrison & Foerster
425 Market Street
San Francisco, CA 94105-2482

Re:   *Apple v. Samsung Elecs. Co.*, Case No. 11-cv-1846 LHK (N.D. Cal.)

Dear Wes:

I am writing in response to your letter of October 13 regarding Samsung's responses to Apple's Second Set of Requests for Production ("Second RFP") and Apple's Preliminary Injunction Requests for Production, Sets One and Two ("PI RFP").  Samsung has already collected and produced relevant, non-privileged documents responsive to many of the requests mentioned in your letter.  For numerous of the requests, however, Samsung believes that further discussion is required at a meet and confer in the near future.  To help with this discussion, this letter (1) identifies the RFPs in response to which Samsung either has or will provide documents, and (2) reiterates Samsung's specific objections to these requests, which Apple must address.[1]  While per your request we have grouped our discussion of the RFPs according to subject matter, please note that many of your groupings mischaracterize the nature and relevance of Apple's requests.

### 1. Design and Utility Patent Infringement

Your letter identified Second RFP Nos. 11, 12, 18, 26, 27, and 30, as well as PI RFP Nos. 158-164, 167, and 200-203, as relevant to Samsung's alleged infringement of Apple's design and

---

[1]   By not including additional objections to the RFPs discussed in this letter, Samsung does not waive its right to raise other objections in the future.

**quinn emanuel urquhart & sullivan, llp**

LOS ANGELES | 865 South Figueroa Street, 10th Floor, Los Angeles, California  90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York  10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California  94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois  60661-2510 | TEL (312) 705-7400 FAX (312) 705-7401
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44(0) 20 7653 2000 FAX +44(0) 20 7653 2100
TOKYO | NBF Hibiya Bldg., 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo  100-0011, Japan | TEL +81 3 5510 1711 FAX +81 3 5510 1712
MANNHEIM | Erzbergerstraße 5, 68165 Mannheim, Germany | TEL +49(0) 621 43298 6000 FAX +49(0) 621 43298 6100

Wesley E. Overson
October 26, 2011


utility patents.  Subject to Samsung's general written objections, Samsung is in the process of producing relevant documents responsive to the following requests: Second RFP Nos. 12, 26, 27, and 30.  Samsung has already produced documents responsive to PI RFP Nos. 158-163, but continues to explore whether additional documents exist that are responsive to these requests and will produce anything identified, subject to the objections that we have repeatedly articulated regarding the PI RFPs on previous meet and confer sessions.

However, Samsung finds the remaining requests problematic for several reasons.  For example, Second RFP No. 11 is overbroad and unduly burdensome.  First, terms such as "Hardware Design" and "Graphical User Interface" are vague and thus make Apple's request overly broad.  Apple also requested all documents "relating to" these topics rather than limiting the request to features alleged to infringe Apple's asserted patents and trademarks.  Finally, the request also overlaps with Second RFP Nos. 12, 26 and 27.  For clarity, Samsung will only collect and produce documents that relate to the design of the accused features of each of the accused products.  Also, RFP No. 18 asks Samsung to provide three samples of the products at issue.  Without a showing of Apple's inability to independently acquire such products, Samsung will not be providing samples of the products, since those are publicly available to Apple.

## 2.  Trademark and Trade Dress Infringement

Your letter identified Second RFP Nos. 36-39 and PI RFP No. 215 as related to Apple's asserted trademark and trade dress claims.  As we have stated before, Samsung finds each of these requests to be objectionable.

- Second RFP Nos. 36-38 are overly broad in that they require all documents relating to the use of any element of Apple's asserted "trade dress," which includes commonplace features such as "four evenly rounded corners" or "a display screen under [a] clear surface."  First, Samsung does not believe that any of these features constitute any form of "trade dress" that would qualify for trade dress protection; your "definition" improperly assumes a legal conclusion that has not been established in this case.  Second, rectangular products with four evenly rounded corners, flat clear surfaces, black borders, etc. are prevalent in numerous products that are available for sale; you need only walk into a Best Buy or other electronics store to note all the examples of the use of these alleged "trade dress" features.  Therefore, Apple's requests are overly burdensome.  Samsung will only search for and produce (if relevant and not privileged) documents that relate to the design of the accused features of the accused products.

- Second RFP No. 39 and PI RFP No. 215 are vague and ambiguous with respect to the use of terms such as "possible confusion, mistake or deception" and also call for legal conclusions by parroting statutory terms.  These requests also seek production of documents protected by attorney-client privilege and work product doctrines, as well as

2

Wesley E. Overson
October 26, 2011

>documents not within Samsung's possession or control.  Nevertheless, to the extent reasonable and possible, and subject to its objections, Samsung intends to search for and produce documents reflecting a consumer's belief that he/she has purchased an Apple product when in fact they purchases one of Samsung accused products with respect to the products at issue in Apple's trademark claims (if any).

### 3. Design Decisions, Secondary Considerations, and Willfulness

Your letter identifies Second RFP Nos. 13-15, 19-21, and 31, as well as PI RFP Nos. 1-2, 165-166, 204-205, and 211-213, as relevant to Samsung's design decisions and awareness of the patent at issue in this case.  Subject to Samsung's general written objections, Samsung has already collected and produced documents relating to the products accused in Apple's preliminary injunction motion, and is in the process of producing relevant documents responsive to Second RFP No. 13 and PI RFP Nos. 1-2, 165, 204 and 211 as relating to the accused features of the accused products.  Samsung finds the remaining requests objectionable for the following reasons:

- Second RFP No. 14 and PI RFP No. 212 are overbroad and unduly burdensome, and seek attorney-client and work product privileged documents.  In essence, the requests seek the production of physical samples of every iPhone, iPad or iPod Touch ever owned by any person currently or formerly employed by Samsung in any capacity.  Absent a showing from Apple as to the reasonableness of these requests or any effort by Apple to narrow this request, Samsung will not produce documents in response to these requests.

- With regard to Second RFP No. 15 and PI RFP No. 213, Samsung has already produced documents reflecting the teardowns of Apple products, in connection with Samsung's preliminary infringement contentions.  Otherwise, these requests are overbroad insofar as they encompass every current or former employee of Samsung without any reference to any accused product.  These requests also contain vague and ambiguous terms such as "inspection."  While Samsung will collect and produce any relevant, non-privileged documents relating to the consideration of Apple products, if any, during the design of the accused features of the accused products, Samsung will not scour all of its current and former employees' files for any mention of anything "relating" to Apple products.  Please provide an explanation of how such overbroad requests are reasonably calculated to probe at relevant evidence that a narrower search tailored to the accused features of the accused products would not already provide.

- Samsung has already provided the information relating to RFP No. 19 (on Samsung's first awareness of the Apple patents-in-suit), but will supplement this information after a further search.

3

Wesley E. Overson
October 26, 2011

- With regard to RFP Nos. 20 and 21, Samsung does not believe it has any documents that are not covered by the attorney-client or work product privileges. If Samsung chooses to rely on or produce any documents relating to RFP No. 21, Samsung will inform Apple of its intention to do so.

- RFP No. 31 is overbroad and seeks irrelevant information. The request seeks every document "authored, viewed or received" by Lee Don-Joo without any limitation as to time period, and no subject matter limitation other than "Apple or Apple products." To the extent Apple seeks information about the design of the Tab 10.1, Samsung has already searched for and produced such documents. Without a further explanation of the relevance of this request and further narrowing of what exactly Apple seeks, Samsung will not be responding further to RFP No. 31.

- Samsung has completed its search and production of Lee Don Joo documents in response to PI RFP No. 166 and in accordance with the Court's September 28, 2011 Order.

- PI RFP No. 205 is not reasonably limited to documents relevant to the claims and defenses in this case. The request seeks all documents relating to any "statement" about Apple ever made by anyone ever employed by Samsung in any capacity, without any further limitation on timeframe or subject matter. Absent further clarification from Apple as to the reasonableness and relevance of this request, Samsung will not be producing documents in response to this request, except to the extent that another request asks for a subset of such request.

**4.     Marketing, Sales and Royalty Documents**

Your letter identifies Second RFP Nos. 9-10, 16-17, 22-25, 28-29, 32-34, 40-42, and 47-48, as well as PI RFP Nos. 3-7, 207-210, 214, and 216-217 as related to Samsung's marketing, sales, and licensing. Subject to Samsung's general and specific objections raised in our responses, Samsung has already produced documents or is in the process of producing relevant documents responsive to the following requests: Second RFP Nos. 9-10 and 33, as well as PI RFP Nos. 3-7 and 207-210, subject to our objections. Furthermore, Samsung has the following specific concerns:

- Second RFP No. 16 and PI RFP No. 214 are overbroad. The requests lack a geographic limitation and thus seek documents relating to occurrences that have no relevance in this litigation, which only covers the U.S. market. The requests also use the vague and ambiguous term "indirectly." Please clarify how you intend that Samsung search for marketing materials that might "indirectly" reference Apple products.

4

Wesley E. Overson
October 26, 2011

- Second RFP No. 17 suffers from the same overbreadth problems as RFP No. 16; moreover, Samsung does not possess all of the advertisements relating to the accused products, since retailers likely make their own advertising materials for the products. Also, advertising material is publicly available, and therefore the burden of locating such documents is the same for Apple as it is for Samsung. Thus, while Samsung will engage in a reasonable search for advertising materials in its own possession, Samsung will be unable to produce all advertisements relating to the accused products.

- Regarding RFP No. 23, any documents regarding the value of the Apple patents-in-suit are in the possession of Apple; please produce such documents immediately. Any "estimate, approximation, or determination" of the value by Samsung is subject to expert discovery, and will be disclosed at the time appropriate for expert disclosures under the Court's rules and orders.

- RFP Nos. 24 and 25 are not reasonably limited to either the Samsung or Apple patents-in-suit or the technologies or other issues that are relevant to this case, nor are the requests limited to the relevant timeframe. The requested information is also subject to expert discovery, and therefore your request is premature. Finally, both requests seek information that is subject to confidentiality agreements between Samsung and third parties, and therefore Samsung is working on collecting such documents and abiding by any applicable notice and approval procedures.

- With regard to RFP Nos. 28-29, 34 and 40-42, Samsung is investigating these requests and will produce responsive documents that reflect the sales and revenue, pricing, advertising, and consumer research of the accused products that are in Samsung's possession, subject to Samsung's written objections.

- RFP Nos. 32 seeks information that is irrelevant to the issues of this case and is not reasonably calculated to lead to the discovery of admissible evidence. Please explain how the retail outlets are relevant to this lawsuit. If you believe such information is truly relevant, Apple has the same access to such information as Samsung, since that information is public.

- RFP Nos. 47 and 48, pertaining to products that consumers returned to retailers and their reasons for doing so, seek production of documents that have little or no relevance to the issues in this case. Please explain how such information is relevant.

- PI RFP No. 207 is overbroad in that it is not reasonable limited to any relevant time period or geographic regions.

Wesley E. Overson
October 26, 2011

- PI RFP Nos. 208 and 209 are overbroad in that neither request is limited to the U.S. market or the specific accused products that are at issue in this litigation.

- PI RFP No. 210 is overbroad to the extent that it seeks all documents relating to the growth of Samsung's share of the smartphone and tablet markets, not limited to the specific accused products at issue in this litigation.

- PI RFP No. 216 misstates the record and is irrelevant to this lawsuit; Samsung did not decide to give away "free Galaxy Tab 10.1" products; instead, the advertising for such promotions indicate that purchasers paid a discounted price for the bundle. Please explain how Apple thinks this is relevant to this lawsuit.

- PI RFP No. 217 is overbroad in that is vague – what do you consider "promotions"? Moreover, the request is not limited in time period or geographic scope.

5. **Miscellaneous Requests**

Your letter identifies Second RFP Nos. 35, 43-46, and 49-52, as well as PI RFPs 8, 156-157, and 197-199. Subject to Samsung's general objections raised in our response, Samsung has already produced or is in the process of producing relevant documents responsive to the following requests: Second RFP Nos. 50-52, as well as PI RFPs 8, 156-157 and 197-199.

- RFP No. 35 is overbroad in that it is not limited to information relating to the products at issue in this lawsuit, or to lawsuits pertaining to the products at issue in this case, nor is the request limited to U.S. litigation. Moreover, it seeks production of information and documents that may be subject to confidentiality agreements between Samsung and third parties.

- RFP No. 43 is premature, seeks production of documents protected by the attorney-client privilege and work product doctrine, and calls for a legal conclusion. Samsung will produce documents that may support its affirmative defenses.

- RFP No. 44 is irrelevant and vague and ambiguous in its use of terms such as "theories of depreciation." Please explain why such information is relevant to this lawsuit.

- RFP No. 45 seeks publicly available information about Samsung's management. To the extent that such information is not publicly available, Samsung is searching for and will produce documents sufficient to identify the employees who are responsible for the accused products, in response to RFP Nos. 45 and 46.

Wesley E. Overson
October 26, 2011

- RFP No. 49 is not reasonably calculated to lead to the discovery of admissible evidence in that the documents it seeks are protected by the attorney-client privilege and joint defense privilege and subject to non-disclosure agreements between Samsung and third parties.

Very truly yours,

/s/

Rachel Herrick Kassabian