# Exhibit 14
# (Submitted Under Seal)

**quinn emanuel** trial lawyers | silicon valley

555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California  94065-2139 | TEL: (650) 801-5000  FAX: (650) 801-5100

January 10, 2012

<u>VIA ELECTRONIC MAIL</u>

Harold J. McElhinny
Morrison & Foerster
425 Market Street
San Francisco, CA 94105-2482

Re:    Apple Inc. v. Samsung Elecs. Co., Case No. 11-cv-1846 LHK

Dear Harold:

The following letter confirms the details discussed during the lead counsel meet and confer discussions, and follows up with Samsung's final position regarding the outstanding discovery items for which Apple requested a response.

**Financial Documents**

Samsung has confirmed that much of the financial information Apple seeks has already been produced to Apple in the ITC and N.D. Cal. matters.  Specifically, Samsung has produced documents showing per-product total sales and units sold to each carrier, as well as profits, and documents sufficient to show pricing information on a weekly basis.  Samsung also has produced annual business plans which include P/L statements indicating operating expenses, administrative expenses, and R&D expenses.  These business plans also indicate per-month sales quantities for smartphones and tablets, net and gross sales, costs of goods sold, and gross margins.  Samsung has also produced weekly reports from carriers which summarize advertising and marketing expenses.  Samsung will be supplementing this production for completeness shortly.

In addition to this prior production, to the extent it has not already been produced, Samsung further agrees to supplement this production with responsive, non-privileged documents

reflecting U.S. (and where appropriate, worldwide) units by month or quarter from product release to 2011 for the accused products, U.S. (and where appropriate, worldwide) revenue by month or quarter from product release to 2011 for the accused products, responsive, non-privileged documents showing gross profit, cost of goods sold, operating costs and profitability for the accused products, non-public audited financial reports from each of the Samsung defendant entities, documents sufficient to show the date each accused product became available to U.S. markets (at least for accused products that were actually sold or offered for sale in the U.S.), and any non-privileged IP valuations for the patents-in-suit.  We anticipate substantially completing this production by February 3.  If we are able to produce this information sooner, we will do so.

Thus, between Samsung's prior production and its upcoming supplemental production, we believe all of Apple's identified financial document categories have been addressed and there is no need for motion practice.  Please let us know if you disagree.

**Samsung's Source Code Production**

At the lead counsel meet and confer, Apple confirmed that it has not yet reviewed Samsung's December 31st source code production.  Once Apple has completed its review, please let us know if Apple believes Samsung's production is deficient in any way.  Plainly, this issue is not ripe for motion practice.

**Technical Documents**

On the morning of January 5, 2012, Apple sent its very first proposal to narrow its broad requests for the technical documents (for which the Court ordered the parties to meet and confer).  Apple has confirmed that this January 5, 2012 letter represents the narrowest formulation of its requests that it is willing to consider.  However, many of the requests are still very broad.

In an effort to compromise and avoid unnecessary motion practice, Samsung agrees to produce responsive, non-privileged documents in its possession, custody or control which show the elements used to construct touchscreens.  Samsung further agrees to produce documents sufficient to show the design, specifications, and manufacturing tolerances of the touchscreens, in the form of approval documents provided to Samsung by touchscreen manufacturers and suppliers.  Please note that Samsung's previous production includes touchscreen hardware specifications and datasheets for Atmel touchscreens and touchscreen processors.   Finally, Samsung will also produce bills of materials for the accused products' touchscreens.  Samsung estimates that it will substantially complete this production by January 27, 2012.

Based on our initial investigation into Apple's requests for documents relating to circuitry design of touchscreens, we do not believe such documents currently exist in Samsung's possession, custody or control.  Our investigation into this matter is ongoing, however, and Samsung will agree to produce any responsive non-privileged documents it does locate, if any.

With respect to version history and update information, Samsung agrees to produce documents sufficient to show when the accused functionalities were incorporated into the products at issue.

2

As your January 5, 2012 letter acknowledges, this is potentially a very burdensome undertaking. Therefore, the date by which Samsung will complete this production depends on what form this information will take, and what aspects of Apple's request may properly be dealt with by stipulation. These issues are still being discussed internally.

Thus, between Samsung's prior production and its upcoming supplemental production, we believe all of Apple's identified technical document categories have been addressed and there is no need for motion practice. Please let us know if you disagree.

**Blue Glow Documents**

I addressed this issue in my January 6 email. Because Samsung has agreed to produce responsive, non-privileged documents re the "blue glow" redesign by January 23, 2011, Apple has agreed that it will not include this category of documents in its motion to compel.

**Trademark and Trade Dress**

Apple sent its first correspondence specifically addressing this issue on Monday, January 3, 2012, and has never identified any urgency that would require immediate production. Moreover, at the lead counsel meet and confer meeting, Apple admitted that it actually seeks a broader set of documents than it listed in its January 3, 2012 letter. Apple also refused to agree that any reciprocal obligation exists, even though it is Apple that is asserting trademark, trade dress and design patent claims and Apple obviously will have relevant documents. This issue is not ripe for motion practice because the parties have not yet had the opportunity to discuss the details of these requests.

Nevertheless, in an attempt to compromise, to the extent it has not already done so, Samsung will agree to produce responsive, non-privileged e-mails and documents from employees responsible for the design, development or marketing of the Samsung accused products discussing actual or possible consumer confusion with Apple's products, as well as responsive, non-privileged documents discussing or assessing the design of Apple's products. Samsung will also produce responsive, non-privileged e-mails and documents from the relevant designers and developers relating to the design and development of the accused GUI designs for the products at issue. Samsung will also produce responsive, non-privileged documents sufficient to show internal designations used to refer to each of Samsung's products at issue, as well as the identity and title of those who developed the hardware design and the GUI design for those products. Samsung will produce these materials either (1) on or before February 3, 2012, or (2) prior to any relevant scheduled deposition, whichever date is earlier. We note that Apple has neither produced nor made any agreement to produce such broad categories of documents. We look forward to Apple's reciprocal production of these materials.

Samsung is also willing to produce one sample of each of Apple's products that are in its possession, custody or control, as well as one sample of each Samsung accused product (with accompanying end user documentation).

3

At this time, however, Samsung objects to Apple's request for documents relating to the GUI for *all* smartphones or tablet computers offered for sale by Samsung. This request is overbroad, and Samsung will oppose Apple's motion to compel on this issue.

**Inventor Searches**

Samsung previously addressed this issue in its January 6, 2012 letter, which sets forth Samsung's final position on this issue.

**Marketing and Advertising Documents**

This issue is not ripe for motion practice. Apple sent its first correspondence specifically addressing these documents just two days before the lead counsel meet and confer. Nevertheless, in an attempt to compromise, Samsung will agree to produce responsive, non-privileged documents as follows: copies of all U.S. advertisements that mention Apple, documents sufficient to show U.S. retail outlets for Samsung products, U.S. markets and media outlets where Samsung products are advertised, scripts or sales points given to U.S. retail outlets for Samsung products, documents sufficient to show demographics of likely or targeted customers for each of the Samsung products at issue, U.S. product placements for Samsung phone or tablet products, U.S. or global media plans relating to the accused products, copies of all U.S. advertisements for Samsung accused products, and documents sufficient to show the number of times an online advertisement for an accused product has been clicked on by a user, as well as Samsung tracking efforts for such advertisements. We expect to substantially complete this production by January 31, 2012.

**Documents Relating to Standard-Setting Organizations**

Samsung has objected to the breadth of Apple's requests and counter-proposed a more limited (and more directly relevant) set of documents to produce. Thus, Samsung is willing to produce communications with ETSI, nonpublic communications between Samsung and the working groups that developed the UMTS specifications identified in Apple's counterclaims, and internal communications regarding Samsung's participation in these working groups relating to the patents-in-suit. We expect to substantially complete this production by February 10, 2012. If there is any way we can produce these materials sooner, we will make every effort to do so.

**Samsung's Production of Design History Documents**

Although it had not yet completed its review of these materials as of the lead counsel meet and confer, Apple claimed, without any evidence, that it believes that Samsung's production of physical models did not encompass interim models. Samsung made clear that it did not apply any restriction in searching for models that would have excluded interim models. Samsung has produced all models relating to the accused products that it had in its possession, custody and control which were located after a reasonable search.

4

**"Expanded" Production of Design History Documents**

Apple stated that it is unwilling to narrow its requests for CAD, models and sketchbooks relating to every Samsung phone product, tablet product, or touchscreen digital media player. The only tenuous relevance basis provided by Apple was to rebut Samsung's functionality defense. Samsung will not agree to produce this expanded and overly broad category of design history documents, and will oppose Apple's motion to compel on this issue.

**Deposition Scheduling**

Samsung understands that Apple is refusing to offer any deponent on Samsung's 30(b)(6) notice, and therefore, Samsung will be moving to compel.

For the individually noticed depositions, Samsung accepts Apple's proposal that the parties agree to provide deposition dates for all noticed witnesses the parties intend to voluntarily produce by January 13, 2012. By this date, the parties will also make clear their objections to particular witnesses being noticed for deposition.

**Specific Surveys Called Out in Apple's Correspondence**

First, with respect to the alleged survey that Apple believes Samsung sent to its consumers (as referenced in Ms. Mazza's correspondence of November 29, 2012), you did not provide us with any detail from which to investigate this issue until the evening of January 8, 2012. Based on our immediate investigation into the information provided in your January 8, 2012 letter, the internet comment was made by a purported Amazon user commenting on Samsung's UN46D8000 46-Inch LED HDTV product—a product that is neither accused in this lawsuit nor part of a product line that is accused in this lawsuit. If such survey actually exists—and Samsung is further investigating whether it does—it plainly has nothing to do with this lawsuit. Nevertheless, documents responsive to Apple's request may be included in Samsung's recent production, which Apple confirmed it has still not yet finished reviewing.

With respect to the documents described in Mia Mazza' December 9, 2011 letter, Samsung has produced the relevant questionnaire, the stimuli (the screen shots) used in the survey, the results and any email correspondence or other documents relating to this survey. It is our current understanding that no video clips were used in conducting this survey. Samsung will also agree to produce the raw data for this survey by January 23, 2012. This should address all of Apple's concerns regarding this survey. If it does not, please let us know.

**Documents Relating to Licensing**

Apple's current request for all licenses and negotiation documents for every Samsung patent that has been declared essential to any standard raises obvious undue burden and relevance issues. Apple's current requests contain no limitations as to any particular time period, standard, product line, or technological subject matter. Nevertheless, in an attempt to compromise, Samsung will agree to produce licenses for patents that are essential to the standards at issue in this case, royalty information for such licenses, and negotiating documents referencing royalty rates or

5

amounts for licenses. We anticipate this production will be substantially complete by January 31, 2012. Please let us know if this is acceptable.

**Expert Witness Issues**

Apple, having not followed up on Samsung's objection to Mr. Bressler since October, represented that it will send correspondence on this issue, and that Samsung would face no deadline in responding to this letter.

Samsung provided Apple with information relating to Mr. Lucente's work at HP and Lucente Design. Samsung was not obligated to provide this information under the protective order, but nevertheless offered it as a courtesy to Apple. Apple agreed to do the same in the future.

**Interrogatories 8 and 9**

Although Samsung believes it has provided a level of detail comparable to Apple provided in its corresponding interrogatory responses, Samsung will supplement its responses to these interrogatories by Friday, January 13, 2011.

**Samsung's December 31 Production of Surveys and Designer Emails**

As of this writing, all of these materials have been produced.

* * *

We trust that Samsung's agreements to produce the above-referenced documents will substantially narrow (if not eliminate) the issues remaining for motion practice. Please let us know if Apple requires any clarification on any of these issues. Please also advise which of the remaining issues (if any) Apple intends to pursue via motion practice.

Lastly, other than as previously discussed, we presume that Apple does not object to making a timely and full reciprocal production of each of the foregoing categories.

Very truly yours,


/s/

Rachel Herrick Kassabian
02198.51855/4543605.1

6