# Exhibit 15
# (Submitted Under Seal)

**MORRISON | FOERSTER**

755 PAGE MILL ROAD
PALO ALTO
CALIFORNIA  94304-1018

TELEPHONE: 650.813.5600
FACSIMILE: 650.494.0792

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG

February 27, 2012

Writer's Direct Contact

650.813.5718
MPernick@mofo.com

*Via E-Mail (rachelkassabian@quinnemanuel.com)*

Rachel Herrick Kassabian
Quinn Emanuel
555 Twin Dolphin Drive, Fifth Floor
Redwood Shores, CA 94065

Re:     *Apple v. Samsung*, Case No. 11-cv-1846-LHK (N.D. Cal.)

Dear Rachel:

The Court's September 28, 2011, December 22, 2011, and January 30, 2012 orders have directed Samsung to produce several categories of documents that Samsung had previously withheld.  In many cases, despite these Court orders, it appears to us that Samsung has continued to withhold the relevant materials or produced them long after the date ordered by the Court.

For that reason, I write seeking confirmation from you that Samsung has made a complete production of documents in response to the Court's orders.  For items 1-90 below, please confirm whether Samsung has produced the materials that the Court ordered it to produce.[1]  In doing so, please provide the Bates numbers corresponding to the production.  If Samsung has not produced all of the materials in the described category, please provide a detailed response as to what materials have not yet been produced, why they have not yet been produced, whether Samsung plans to produce them, and when that production is to be complete.

---

[1] Please note that the list of categories contained in this letter is not necessarily exhaustive.  To the extent that the Court has ordered Samsung to produce documents not listed in this letter, any such omission is not a waiver by Apple of its right to receive such documents.

sd-581802

MORRISON | FOERSTER

Rachel Herrick Kassabian
February 27, 2012
Page Two

1. All documents that relate to the '561, '941, '001, '604, '792, '867 Patents or the 24.214, 25.212, 25.213 specifications, and that are:

   a. nonpublic communications between Samsung and the working groups that developed the Universal Mobile Telecommunications System ("UMTS") specifications identified in Apple's counterclaims;

   b. internal communications regarding Samsung's participation in the working groups relating to the patents-in-suit;

   c. documents showing the structure of the departments or teams at Samsung that work on Standards Setting Organizations ("SSO")-related issues;

   d. documents relating to Samsung's general policies regarding the disclosure of essential intellectual property rights to the European Telecommunications Standards Institute ("ETSI") and the Third Generation Partnership Project ("3GPP");

   e. internal documents relating to Samsung's decision to disclose the patents-in-suit to the relevant working groups; or

   f. documents relating to UMTS and the backwards compatible standards, including GSM, EDGE, and GPRS insofar as these technologies are also included within or implicated by documents and communications regarding the patents-in-suit, or Samsung's structure and policies regarding the disclosure of essential intellectual property rights to ETSE and 3GPP.

2. All license agreements for the patents-in-suit.

3. All licenses, royalty information, and negotiating documents for licenses for the patents-in-suit declared essential to the standards at issue.

4. All communications with third parties negotiating the terms of licenses to the patents-in-suit.

5. All licenses for patents not-in-suit but nevertheless declared essential to the standards in issue.

sd-581802

**MORRISON | FOERSTER**

Rachel Herrick Kassabian
February 27, 2012
Page Three

6. Documents sufficient to show, for each of the Samsung Products at Issue, [2] which versions of the operating system (including but not limited to the Android operating system or TouchWiz overlay) included any of the accused functionalities, and the dates during which each version of the operating system was used.

7. Documents sufficient to show, for each of the Samsung Products at Issue, which updates to the operating system (including but not limited to the Android operating system or TouchWiz overlay) included any of the accused functionalities, and the dates when such updates were made available.

8. Documents sufficient to show, for each of the Samsung Products at Issue, which features, operations, characteristics of, or changes made to each version of the operating system (including, but not limited to, the Android operating system or TouchWiz overlay) included any of the accused functionalities.  This includes technical specifications as well as instructions relating to deployment, installation, maintenance, and upgrade procedures.

9. Documents sufficient to show, for each of the Samsung Products at Issue, which versions of any software, firmware, program(s), library(ies), or other system used to control the touchscreens (including at least the touch sensor panels) included any of the accused functionalities, and the dates during which each such version was in use.

10. Documents sufficient to show, for each of the Samsung Products at Issue, which updates to any software, firmware, program(s), library(ies), or other system used to control the touch screens (including at least the touch sensor panels) included any of the accused functionalities, and the dates when such updates were made available.

11. Documents sufficient to show, for each of the Samsung Products at Issue, which features, operations, characteristics of, or changes made to each version of the any software, firmware, program(s), library(ies), or other system used to control the touch screens (including the display and touch sensor panels) included any of the accused functionalities.  This includes technical specifications as well as instructions relating to deployment, installation, maintenance, and upgrade procedures.

---

[2]  For purposes of this letter, the "Samsung Products at Issue" include all Galaxy phone and tablet products, and all Samsung products identified in Apple's Amended Complaint.

MORRISON | FOERSTER

Rachel Herrick Kassabian
February 27, 2012
Page Four

12. Documents sufficient to show, for each of the Samsung Products at Issue, which versions of each Samsung application installed in the Products at Issue included any of the accused functionalities, and the dates during which each such version was in use.

13. Documents sufficient to show, for each of the Samsung Products at Issue, which updates to each Samsung application included any of the accused functionalities, and the dates when such updates were made available.

14. Documents sufficient to show, for each of the Samsung Products at Issue, which features, operations, characteristics of, or changes made to each version of any Samsung application of the Products at Issue included any of the accused functionalities.  This includes, but is not limited to, documents relating to deployment, installation, maintenance, and upgrade procedures.

15. Documents sufficient to show the arrangement and specification of traces, conductive lines, conductive layers, glass, dielectrics, substrates, adhesives, and other elements used to construct the touch screens (including the display and touch sensor panels) of the Samsung Products at Issue.

16. Documents sufficient to show the design, manufacture, specification and operation of any monitoring circuitry, integrated circuit, chip, controller or module used to operate the touch screens (including the display and touch sensor panels) of the Samsung Products at Issue.

17. All data sheets concerning the touch screens (including the display and touch sensor panels) on the Samsung Products at Issue, or any monitoring circuitry, integrated circuit, chip, controller, or module used to operate said touch screens.

18. Documents sufficient to show and to understand the designs, specifications, and manufacturing tolerances for the touch screens, touch sensor controllers, and touch screen components in the Samsung Products at Issue, including but not limited to specifications, schematics, flow charts, formulas, or other documentation showing the design and operation of the touch screens, touch sensor controllers, and touch screen components or of other accused features.

19. All requests for quotations relating to the touchscreens, touchscreen controllers, and touch screen components in each of the Samsung Products at Issue.

MORRISON | FOERSTER

Rachel Herrick Kassabian
February 27, 2012
Page Five

20. All qualification documentation for the touchscreens, touchscreen controllers, and touch screen components in each of the Samsung Products at Issue, including internal qualification documentation and vendor qualification documentation, specifications used to qualify both first- and third-party supplied parts and components, and quality control criteria used for manufacturing.

21. All Bills of Materials and design drawings relating to the Samsung Products at Issue provided to or received from vendors or suppliers.

22. All functional testing results and testing criteria relating to the touch screens, touch sensor controllers, and touch screen components in the Samsung Products at Issue, including documents pertaining to prototypes and pre-production touch screens, touch sensor controllers, and touch screen components.

23. All testing data related to the shielding of traces of conductive material in the Samsung Products at Issue.

24. All documents relating to design arounds, including the "blue glow" functionality, in already released products.

25. All non-privileged materials relating to design arounds, including the "blue glow" functionality, in unreleased products.

26. Design documents for non-accused products that constitute a variant of or are part of the family of products where at least one member has been accused, or where Samsung itself has put the non-accused product at issue by referencing it or producing information or models related to it.

27. Emails and documents from employees responsible for the design, development or marketing of the Samsung accused products discussing actual or possible consumer confusion with Apple's products.

28. Documents discussing or assessing the design of Apple's products.

29. All documents identifying and including communications of designers and developers responsible for the graphical user interface and hardware design of the Samsung Products at Issue.

30. Documents sufficient to show internal designations used to refer to each of the Samsung Products at Issue.

sd-581802

MORRISON | FOERSTER

Rachel Herrick Kassabian
February 27, 2012
Page Six

31. Documents sufficient to show the identity and title of those who developed the hardware design and the graphic user interface design for the Samsung Products at Issue.

32. A sample of each Apple product in Samsung's possession, control or custody as well as a sample of each Samsung accused product and accompanying end user documentation.

33. Copies of all U.S. advertisements that mention Apple.

34. Copies of all U.S. advertisements for Samsung accused products.

35. Documents sufficient to identify U.S. retail outlets for Samsung products.

36. Documents sufficient to identify U.S. markets and media outlets where Samsung products are advertised.

37. Scripts or sales points given to U.S. retail outlets for Samsung products.

38. Documents sufficient to show demographics of likely or targeted customers for each of the Samsung Products at Issue.

39. Samsung online advertising tracking data, including documents sufficient to show the number of times an online advertisement for an accused product has been clicked on by a user, as well as Samsung tracking efforts for such advertisements.

40. Documents sufficient to show U.S. product placements for Samsung phone and tablet products.

41. U.S. or global media plans related to the accused products.

42. Design history documents, including CAD files, inventor design notebooks, models and mockups, and design-related email correspondence.

sd-581802

MORRISON | FOERSTER

Rachel Herrick Kassabian
February 27, 2012
Page Seven

43. Documents evidencing Samsung's U.S. and worldwide revenue, unit sales and selling price for the accused products (smartphones and tablets), including:

    a.   Samsung's U.S. and worldwide revenues for the accused products (1) per smartphone or tablet (2) per carrier (3) per quarter.

    b.   Samsung's U.S. and worldwide unit sales for the accused products (1) per smartphone or tablet (2) per carrier (3) per quarter.

    c.   Samsung's U.S. and worldwide average selling price for the accused products (1) per smartphone or tablet (2) per carrier (3) per quarter.

44. Documents sufficient to show the date when each accused product was introduced into the U.S. market.

45. Reports showing gross profits and Samsung's cost of goods sold, including:

    a.   For each accused product, costed bills of materials from June 2009 to the present.

    b.   For each accused product, financial reports provided to U.S. or corporate management reflecting Samsung's calculation of its gross margin for the Samsung accused products from June 2009 to the present.

    c.   To the extent the reports are not prepared on a product-by-product basis, reports reflecting gross margins or gross profits on a quarterly or monthly basis that are consolidated for (a) tablets; or (b) smartphones.

Based on standard accounting and financial conventions, these reports should show both standard costs for the components that make up the phones, and allocations of other expenses (such as freight, variances, and manufacturing overhead) to calculate a consolidated cost of goods sold.

MORRISON | FOERSTER

Rachel Herrick Kassabian
February 27, 2012
Page Eight

46. Reports reflecting operating costs and profitability with respect to the Samsung accused products, including:

    a.  Consolidated reports provided to U.S. and corporate management reflecting any expenses not included in costs of goods sold that Samsung incurs or allocates to U.S. smartphone or tablet products, including any research and development expenses, sales and marketing expenses, and general and administrative expenses.

    b.  Consolidated reports that reflect how such expenses for the Samsung accused products compare to U.S. expenses for mobile phones more generally and/or to worldwide expenses.

    c.  Consolidated reports on operating profits for any of the accused phones, for smartphones, and for mobile phones more broadly reflecting the foregoing expenses.

47. Audited or unaudited financial reports for each entity named as a defendant in this case, and for each Samsung entity that sells any of the Samsung accused products, audited (or, if audited are unavailable, unaudited) financial reports (including at a minimum an income statement, balance sheet, cash flow statement and all associated notes) for each quarter or fiscal year ending on or after March 31, 2009.

48. Documents relating to any financial valuation of the intellectual property in suit.  The foregoing should include any reports on in-process research and development calculations that include technology related to any Samsung accused products, and any valuation used for balance sheet valuations, amortization, or a write-off of intangible assets.

sd-581802

MORRISON | FOERSTER

Rachel Herrick Kassabian
February 27, 2012
Page Nine

49. Documents sufficient to show relevant expenses for research and development and to design around any patent, including:

    a. Any consolidated reports on the expense Samsung incurred to develop any of the Samsung accused products.

    b. Any reports or financial information that reflect the actual or projected expense to design around any patent.

50. Any quarterly, annual or multi-year business plans prepared for the Samsung accused products or the divisions of Samsung that sell the Samsung accused products.

51. Documents relating to Samsung's analysis, review, consideration, or copying of, or comparison against, any Apple product or product feature in designing, developing, or implementing any feature of the Samsung Products at Issue, including (1) their Exterior Design; (2) functionality that allows for an image, list, or webpage to be scrolled beyond its edge until it is partially displayed; and (3) functionality that allows for an image, list, or webpage that is scrolled beyond its edge to scroll back or bounce back into place so that it returns to fill the screen.

52. Documents relating to the existence of and/or work conducted by any group within Defendants that analyzes, analyzed, considers, considered, copies, copied, compares, or compared any Apple product or product feature in developing one or more of the Samsung Products at Issue.

53. Documents relating to the Hardware Design and Graphical User Interface Design of the Captivate, Continuum, Fascinate, Galaxy Ace, Galaxy Prevail, Galaxy S (i9000), Galaxy S 4G, Gravity, Indulge, Infuse 4G, Intercept, Mesmerize, Showcase i500, Showcase Galaxy S, Transform, Vibrant, and Galaxy S II phones and the Galaxy tablets.

54. Documents relating to the development of the designs, features, and functions in the Samsung Products at Issue that are alleged in this action to infringe one or more of the Patents at Issue, including, but not limited to, all documents reviewed for purposes of developing these designs, features, and functions and all computer-aided design files relating to these designs, features, and functions.

MORRISON | FOERSTER

Rachel Herrick Kassabian
February 27, 2012
Page Ten

55. All documents relating to the development of the Samsung Products at Issue that mention or refer to Apple or Apple Products, including communications among or with Your personnel that discuss whether or how to copy any design, feature, or function of an Apple Product. These documents include, but are not limited to, Samsung's decision to redesign the Galaxy Tab 10.1 to more closely match the design of the iPad 2.

56. All documents relating to Samsung's inspection of Apple Products. These documents include, but are not limited to, photographs of Apple Products and tear-downs of Apple Products, notes and memoranda that Samsung made relating to Apple Products, and email communications relating to any such inspection.

57. Documents sufficient to show the operation and functionality of the AMOLED screens of the Samsung Products at Issue.

58. All documents relating to your analysis, review, consideration, or copying of, or comparison against, any Apple product or product feature, including (1) their Hardware Design; (2) the functionality that allows for a list to be scrolled beyond its terminus or a document to be translated beyond its edge until the list or document is partially displayed; and (3) functionality that allows for a list that is scrolled beyond its terminus to scroll back or bounce back into place or for a document that is translated beyond its edge to translate back or bounce back so that the list or document returns to fill the screen.

59. All documents showing the operation and functionality of the touch screens (including the display and touch sensor panels) of the Samsung Products at Issue, including the source code for each version of any software, firmware, program(s), library(ies) or other system used to control the touch screens.

60. Source code for the Gallery, Contacts, and Browser applications on the Samsung Products at Issue.

61. Source code relating to features of the Products at Issue that Apple has alleged infringe U.S. Patent No. 7,469,381.

62. All source code, specifications, schematics, flow charts, artwork, formulas, or other documentation showing the operation of elements of the Products at Issue that are alleged to infringe any of the Patents at Issue.

63. Source code for any instructions relating to not illuminating part of the screens on the Samsung Products at Issue while they are powered on.

MORRISON | FOERSTER

Rachel Herrick Kassabian
February 27, 2012
Page Eleven

64. All source code and executables for each version of the operating system (including but not limited to the source code for the Android operating system and/or platform) used in each Product at Issue, including, but not limited to, any kernel, library, or application framework.

65. Source code and necessary configuration files in any of the Samsung Products at Issue relating to the display and operation of a user interface status bar or a notification in a status bar.

66. All source code and executables for each version of each Samsung application installed in the Samsung Products at Issue, including for each of the following applications: Contacts, Browser (Internet), Calendar, Email, Music Player, Feeds & Updates, Camera, Gallery, Alarms and Clock (Clock), Daily Briefing, Voice Recorder, Video Player, TouchWiz Launcher, My Files, Mediahub, and Memo.

67. All source code and executables for any software, firmware, program(s), library(ies) or other system used to control the touch screens (including the display and touch sensor panels) on the Products at Issue.

68. All source code and executables for any software, firmware, program(s), library(ies) or other system running on any monitoring circuitry, integrated circuit, chip, controller or module used to operate the touch screens (including the display and touch sensor panels) on the Samsung Products at Issue.

69. Source code and necessary configuration files in any of the Samsung Products at Issue relating to the "rubber-banding" functionality, which allows for an image, list, webpage or document to be scrolled beyond its edge until it is partially displayed, then allows for that document to scroll or bounce back into place. This includes any source code related to the android.widget.OverScroller class included in Android API Level 9, as well as equivalent source code or instructions in other versions of Android implemented onto the Samsung Products at Issue.

70. Source code and necessary configuration files in any of the Samsung Products at Issue relating to pop-up windows, including the timed display thereof.

71. Source code and necessary configuration files in any of the Samsung Products at Issue relating to scrolling and scaling.

72. Source code and necessary configuration files in any of the Samsung Products at Issue relating to scroll lock.

MORRISON | FOERSTER

Rachel Herrick Kassabian
February 27, 2012
Page Twelve

73. Source code and necessary configuration files for the following software: TouchWiz, Browser, Camera, Contacts, Gallery, PDF Viewer, ThinkFree Mobile Office, Memo, and Maps applications, at least to the extent that the source code for these applications calls or is called by code included in Paragraphs 65, 69 through 72 and 74 through 77.

74. Touch screen-related source code and documents, including: (i) source code and necessary configuration files for the touch sensor controllers in any Samsung Products at Issue; and (ii) documents sufficient to show and to understand design, specifications and manufacturing tolerances for the touch screens, touch sensor controllers, and touch screen components in the Samsung Products at Issue, including but not limited to specifications, schematics, flow charts, formulas, or other documentation showing the design and operation of the touch screens, touch sensor controllers, and touch screen components or of other accused features.

75. Source code and necessary configuration files in any of the Samsung Products at Issue relating to the generation or display of windows (or views), including code called by application programs to control windows (or views) or what they display.

76. Source code and necessary configuration files in any of the Samsung Products at Issue relating to interprocess communication, including code for generating, registering for, listening for, or otherwise processing messages or events.

77. Source code and necessary configuration files in any of the Samsung Products at Issue relating to processing, at any level of the software stack, single- or multi-point touch screen contacts, including code that detects, interprets (*e.g.*, by interpreting as a gesture), or distinguishes between tapping, dragging, flicking/flinging, pinching/depinching, rotation, or other touch screen contacts.

78. Design history documents showing the decision-making process that led to the design of Samsung's accused products, including CAD files, inventor and designer sketchbooks, models and mockups, and email correspondence amongst Samsung employees.

79. All documents and things relating to the Hardware Design of the Samsung Products at Issue, including but not limited to, CAD images or files, prototype 3D models (mockups), design history files, emails, notebooks, photographs, sketches, design specifications, models, mock-ups, and other design documents.

# MORRISON | FOERSTER

Rachel Herrick Kassabian
February 27, 2012
Page Thirteen

80. All documents and things relating to any prior design project that led to the Samsung Products at Issue, including but not limited to, CAD images or files, prototype 3D models (mockups), design history files, emails, notebooks, photographs, sketches, design specifications, models, mock-ups, and other design documents.

81. Emails and documents showing Samsung's analysis of and considerations of Apple's products.

82. All documents that mention the term "Apple," or any Apple product at issue in this case, or any alias therefor, or any Korean equivalent thereof, in relevant central files or the files of all relevant custodians, including designers and engineers who worked on the Samsung Products at Issue or other Galaxy phone or tablet products, employees responsible for marketing those products, and employees responsible for developing the infringing features.  Relevant custodians shall include customer survey, R&D management, product planning, product strategy, or software or product verification groups.

83. All documents relating to Samsung's analysis, review, consideration or assessment of any Apple Product or product feature in designing, developing, or implementing any feature of the Samsung Products at Issue, including:  (1) the Hardware Design; and (2) the Accused Feature.

84. All documents relating to the work conducted by any group within Samsung that analyzed, considered, or compared any Apple Product or product feature in developing one or more of the Samsung Products at Issue.

85. All documents relating to the design, development, production, manufacture, or implementation of the Samsung Products at Issue, including but not limited to: (1) their Hardware Design; (2) the operating system used in the Product at Issue; (3) any Samsung application installed in the Product at Issue; (4) the development, production and implementation of any Accused Feature; (5) the design and development of the icons accused of infringement in the Products at Issue.  These documents include white papers, designs, plans, specifications, pamphlets, memorandums, schematics, engineering drawings, guides, guidelines, technical overviews, design reports, technical sheets, and any documents identifying the persons involved with these activities.

86. All survey documents that refer to Apple, Apple's products, or any alias therefore, from any relevant central file or from the files of any custodian with survey responsibility, anywhere in the world.

MORRISON | FOERSTER

Rachel Herrick Kassabian
February 27, 2012
Page Fourteen

87. All documents relating to any customer surveys, studies, analyses or investigations
regarding the Products at Issue.

88. All documents referencing the Apple products alleged by Apple to embody one or
more of the ornamental or utility features claimed in the '677, '087, '889, and '381
patents that are in the custodial files of each Samsung designer of Samsung's Galaxy
S 4G and Infuse 4G, Droid Charge Phones and Galaxy Tab 10.1 tablet computer that
Samsung identified in its Rule 26(a) disclosures or interrogatory responses.

89. All documents relating to the redesign of the Galaxy Tab 10.1 following the
announcement of the iPad2 on or about March 2, 2011 from the custodial files of Lee
Don-Joo.

90. All survey documents that reference the Apple products alleged to embody one or
more of the ornamental or utility features claimed in the Patents at Issue from any
Samsung central files, or from any individuals with specific responsibility for
surveying customers of Samsung's Galaxy S 4G and Infuse 4G, Droid Charge phones
and Galaxy Tab 10.1 tablet computer.

In addition, we ask you to confirm that you have identified:

1. Each individual from whose files documents were produced, and to the extent
documents were produced from a non-individual or a central source, the identity of
that source.

2. Each individual who received a litigation hold notice, the date the notice was
received, and a copy of any such notice.

3. Any search terms used as part of Samsung's collection or production efforts,
including any transparency disclosures for inventor files with respect to the search
terms used and locations searched

Sincerely,

/s/ Marc J. Pernick

Marc J. Pernick