# Exhibit 18
# (Submitted Under Seal)

**SUBJECT TO PROTECTIVE ORDER; CONTAINS HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEY'S EYES ONLY INFORMATION**

HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

KENNETH H. BRIDGES (CA SBN 243541)
kbridges@bridgesmav.com
MICHAEL T. PIEJA (CA SBN 250351)
mpieja@bridgesmav.com
BRIDGES & MAVRAKAKIS LLP
3000 El Camino Real
One Palo Alto Square, 2nd Floor
Palo Alto, CA 94306
Telephone: (650) 804-7800
Facsimile: (650) 852-9224

WILLIAM F. LEE (*pro hac vice*)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff
APPLE INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK<br><br>**APPLE INC.'S OBJECTIONS AND RESPONSES TO SAMSUNG'S INTERROGATORIES TO APPLE RELATING TO APPLE INC.'S MOTION FOR A PRELIMINARY INJUNCTION** |

issue in Apple's Motion for a Preliminary Injunction because it requests information about the conception and reduction to practice of claims of the '381 patent that are not asserted in that motion. Apple objects that the portion of the "corrected" interrogatory seeking information about the conception and reduction to practice of the asserted design patents was not served until July 13, 2011, after the Court's July 8, 2011 deadline for Samsung to serve interrogatories. Accordingly, this portion of the interrogatory does not require an answer.

Subject to and incorporating its General Objections and its specific objections, Apple responds as follows: Apple is informed and believes that the inventions recited in claims 1, 2-5, 7, 9-10, 13, 14, 16, 19 and 20 of the '381 patent (the claims asserted in Apple's Motion for a Preliminary Injunction) were conceived of by Bas Ording in February 2005 while he was working on a project at Apple relating to the user interface for the iPhone, and that the asserted claims were wholly or substantially reduced to practice on or about February 11, 2005. Apple is informed and believes that Mr. Ording communicated his conception and his initial reduction to practice of the inventions to one or more members of Apple's Human Interface Group, including Greg Christie, the Director of the group, shortly after they were made. The asserted claims were also constructively reduced to practice in provisional patent applications filed in January 2007 and in U.S. Patent Application No. 11/956,969 filed December 14, 2007. In accordance with Federal Rule of Civil Procedure 33(d), Apple refers to the following documents because the burden of deriving or ascertaining the answer to this interrogatory from the produced business records is substantially the same for Apple as for Samsung: APLNDC00001281-1395; APLNDC00001402-2712; APLNDC00002713-3075; APLNDC00003749-4422; APLNDC00004879-5164; APLNDC00005165-5389; APLNDC00005390-5707; APLNDC00010655-10713.

**INTERROGATORY NO. 5:**

For each version of the iPhone and iPad, IDENTIFY each product that competes against it in the market, and the market share of each product.

APPLE'S OBJECTIONS AND RESPONSES TO SAMSUNG'S INTERROGATORIES RELATING TO APPLE'S PI MOTION
CASE NO. 11-CV-01846-LHK
sf-3019365

7

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 5:**

Apple objects to the terms "competes," "market," and "market share" as vague and ambiguous. Apple objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, especially to the extent that it seeks documents relating to "each product that competes against [each version of the iPhone and iPad]," or any products other than the Samsung products at issue in Apple's Motion for a Preliminary Injunction. Apple also objects to this request as calling for information that is not relevant to the claims or defenses at issue in Apple's Motion for a Preliminary Injunction. Apple objects to this request to the extent it seeks the production of documents that: (i) are protected from discovery by the attorney-client privilege or the work product doctrine; (ii) are outside of Apple's possession, custody, or control; (iii) would require Apple to draw a legal conclusion to respond; (iv) can be obtained as easily by Samsung, are already in Samsung's possession, or are publicly available; or (v) are subject to a confidentiality or non-disclosure agreement or governed by a protective order preventing its production.

Subject to and incorporating its General Objections and its specific objections, Apple responds as follows: in accordance with Federal Rule of Civil Procedure 33(d), Apple refers to the following documents because the burden of deriving or ascertaining the answer to this interrogatory from the produced business records is substantially the same for Apple as for Samsung: APLNDC00004423-4431; APLNDC00004432-4511; APLNDC00004512-4617; APLNDC00004618-4736; APLNDC00005708; APLNDC00005709; APLNDC00009641-9645; APLNDC00009646; APLNDC00009647; APLNDC00009648; APLNDC00009649; APLNDC00009650; APLNDC00009651; APLNDC00009652; APLNDC00009653; APLNDC00009654; APLNDC00009655; APLNDC00009656; APLNDC00009657; APLNDC00009658; APLNDC00009659; APLNDC00010809.

**INTERROGATORY NO. 6:**

For each of the DESIGN PATENTS and the '381 PATENT, IDENTIFY every product currently available for purchase in the market that YOU believe uses or may use any patented design or invention in that patent.

APPLE'S OBJECTIONS AND RESPONSES TO SAMSUNG'S INTERROGATORIES RELATING TO APPLE'S PI MOTION
CASE NO. 11-CV-01846-LHK
sf-3019365

8

## CERTIFICATE OF SERVICE

I, Deok Keun Matthew Ahn, hereby certify that on July 25, 2011, true and correct copies of the foregoing document were served on the following counsel of record at the addresses and in the manner indicated:

**VIA ELECTRONIC MAIL**

**Charles K. Verhoeven**
charlesverhoeven@quinnemanuel.com
Quinn Emanuel Urquhart Oliver & Hedges, LLP
50 California Street, 22nd Floor
San Francisco, California  94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

**Kevin P.B. Johnson**
kevinjohnson@quinnemanuel.com
**Victoria F. Maroulis**
victoriamaroulis@quinnemanuel.com
Quinn Emanuel Urquhart Oliver & Hedges, LLP
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California  94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

**Edward J. DeFranco**
eddefranco@quinnemanuel.com
Quinn Emanuel Urquhart Oliver & Hedges, LLP
335 Madison Avenue, 22nd Floor
New York, NY 10017
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

**Michael Thomas Zeller**
michaelzeller@quinnemanuel.com
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

I declare under the penalty of perjury that the foregoing is true and correct.

/s/ Deok Keun Matthew Ahn
Deok Keun Matthew Ahn