Exhibit 30
(Submitted Under Seal)

# In The Matter Of:

*APPLE, INC*
*VS.*
*SAMSUNG ELECTRONICS CO., Ltd*

_____

*VINCENT O'BRIEN, DBA - Vol. 1*
*April 20, 2012*

_____

***HIGHLY CONFIDENTIAL***
***ATTORNEYS' EYES ONLY***

**MERRILL CORPORATION**
LegaLink, Inc.

179 Lincoln Street
Suite 401
Boston, MA 02110
Phone: 617.542.0039
Fax: 617.542.2119

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
VINCENT O'BRIEN, DBA - 4/20/2012

Page 177

```
 1                make to your opinion?
 2                     A    Well, if I had what I thought was a complete
 3                production of licenses and royalty rates, I would review
 4                them to see if I -- if there were other comparables on
 5   14:59:38     there and whether that would affect my -- my analysis.
 6                     Q    Okay.  Let -- for example, if -- if there were
 7                additional licenses -- and I'm not saying that there
 8                are.  In fact, Apple has told you they produced all the
 9                patent licenses on the royalty report --
10   14:59:54          MR. PRICE:  Objection; lacks foundation.
11                BY MR. HEYISON:
12                     Q    -- but what if -- what if there were a license
13                for a patent and you decided that they were comparable
14                to the '893 and it was for $250,000 lump sum; how would
15   15:00:06     that affect your opinion?
16                     MR. PRICE:  Objection; incomplete hypothetical.
17                     THE WITNESS:  I mean, I would have to take a
18                look at that license and see why it -- and try to figure
19                out why it disagreed with the number I calculated, and,
20   15:00:17     you know, if it -- if it to me seemed -- well, I
21                might -- I might decide that that is the appropriate
22                license, depending on what my analysis showed.
23                BY MR. HEYISON:
24                     Q    Okay.  What would satisfy you as far as license
25   15:00:32     production, Doctor?
```

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
VINCENT O'BRIEN, DBA - 4/20/2012

Page 178

1  MR. PRICE: Objection; vague.
2  THE WITNESS: I would rather see more licenses
3  that are needed under the discovery rules than less. I
4  would want -- I would want enough confidence that I --
5  15:00:52  quite frankly, at this point, I would just like to see a
6  special master produced that -- used that would go
7  through all the licenses and decide which ought to be
8  produced, at this point.
9  BY MR. HEYISON:
10 15:00:58  Q   And would that apply to both parties, Samsung
11  and Apple?
12  A   I'm afraid I would say both parties ought to
13  produce everything.
14  Q   Okay. Now --
15 15:01:14  A   By the way, again, Samsung's production doesn't
16  affect me, but I would say, you know, as an expert who
17  does this, I would prefer both sides produce as many as
18  they can and maybe overproduce licenses.
19  Q   And why doesn't Samsung's production of
20 15:01:27  licenses affect you?
21  A   Because it's my understanding there are no
22  individual licenses for these patents. They are all
23  cross-licenses.
24  Q   And what about if there are patent licenses
25 15:01:39  that Samsung has for technologies that are comparable to

Merrill Corporation - Boston
617-542-0039                                    www.merrillcorp.com/law

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
VINCENT O'BRIEN, DBA - 4/20/2012

Page 179

1            the feature patents; wouldn't that be relevant to your
2            analysis?
3                 A    It would be.
4                 Q    Okay.  So you would want to see all of
5   15:01:54 Samsung's patent licenses in addition to all of Apple's
6            patent license?
7                 A    You're -- you're absolutely right.  I would
8            want to see what they had that I could use to inform my
9            decision.
10  15:02:06      Q    But you haven't reviewed all of App- -- of
11           Samsung's patent licenses, have you?
12                A    The entire universe?  No.
13                Q    And you haven't requested --
14                MR. PRICE:  Objection; lacks foundation, calls
15  15:02:15 for speculation.
16           BY MR. HEYISON:
17                Q    -- the opportunity to review all of them, have
18           you?
19                A    No, I have not.
20  15:02:21      Q    And you have not requested an opportunity to
21           review all of Samsung's non-patent licenses that relate
22           to smartphones?
23                A    That's correct.
24                Q    You didn't think that was important in
25  15:02:36 connection with providing your opinion?

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
VINCENT O'BRIEN, DBA - 4/20/2012

Page 180

1              A    You know, I'm going to have to think about
2         that, and maybe I'll go back and ask for that.
3              Q    Don't you think it's a little late now?  You've
4         already served your report; we are sitting here at your
5  15:02:50  deposition.
6              A    No, it's not late.  It's never too late until I
7         testify.  And even that, if I -- after I testify, if I
8         find there's been a substantial error, I would notify
9         the Court and correct it.
10 15:03:01      Q    You think it's an error for you not to have
11        requested an opportunity to review all of Samsung's
12        patent license and software licenses and technology
13        license?
14             A    No.  I -- I have asked for everything that was
15 15:03:13  on point, and I was told that they were cross-licenses,
16        but I did not ask the very specific question you asked,
17        and I'll have to reconsider that.
18             Q    Well, who is it that made the determination of
19        what licenses were on point and not on point?
20 15:03:34      A    Well, that would be counsel.
21             Q    Is it your opinion, Doctor, that the fact that
22        the majority of licenses -- patent licenses that Apple
23        has produced are lump-sum, fully-paid-up licenses
24        irrelevant to the form of license that would have been
25 15:04:11  agreed upon at the hypothetical negotiation?

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
VINCENT O'BRIEN, DBA - 4/20/2012

Page 229

1     MR. HEYISON:  Nothing further.
2     THE WITNESS:  Okay.
3     THE VIDEOGRAPHER:  Very good.
4     Going off the record, the time now is 4:48.
5  16:48:46  This is also the conclusion of Tape 4.
6     (Whereupon, the deposition was concluded at
7     4:48 p.m.)
8                         ---o0o---
9
10    I declare under penalty of perjury that the
11    foregoing is true and correct.  Subscribed at
12    _____, California, this _____ day of
13    _____, 2012.
14
15                              _____
16                              Signature of the witness

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
VINCENT O'BRIEN, DBA - 4/20/2012

Page 230

1      CERTIFICATE OF REPORTER
2           I, RACHEL FERRIER, a Certified Shorthand
3      Reporter, hereby certify that the witness in the
4      foregoing deposition was by me duly sworn to tell the
5      truth, the whole truth, and nothing but the truth in the
6      within-entitled cause;
7           That said deposition was taken down in
8      shorthand by me, a disinterested person, at the time and
9      place therein stated, and that the testimony was
10     thereafter reduced to typewriting by computer under my
11     direction and supervision and is a true record of the
12     testimony given by the witness;
13          That before completion of the deposition,
14     review of the transcript [X] was [ ] was not requested.
15     If requested, any changes made by the deponent (and
16     provided to the reporter) during the period allowed are
17     appended hereto.
18          I further certify that I am not of counsel or
19     attorney for either or any of the parties to the said
20     deposition, nor in any way interested in the event of
21     this cause, and that I am not related to any of the
22     parties thereto.
23          DATED:
24
       _____
25     RACHEL FERRIER, CSR No. 6948

Merrill Corporation - Boston
617-542-0039                                     www.merrillcorp.com/law