# Exhibit 31
# (Submitted Under Seal)

Highly Confidential - Attorneys' Eyes Only

Page 255

```
1            UNITED STATES DISTRICT COURT
2           NORTHERN DISTRICT OF CALIFORNIA
3                 SAN JOSE DIVISION
4
5   APPLE INC., a California
    corporation,
6
                   Plaintiff,
7
    vs.                              CASE NO.  11-cv-01846-LHK
8
    SAMSUNG ELECTRONICS CO.,
9   LTD., a Korean business
    entity; SAMSUNG ELECTRONICS
10  AMERICA,INC., a New York
    corporation; SAMSUNG
11  TELECOMMUNICATIONS AMERICA,
    LLC, a Delaware limited
12  liability company,
13                 Defendants.
    _____/
14
15        H I G H L Y   C O N F I D E N T I A L
16          A T T O R N E Y S'  E Y E S  O N L Y
17
18     VIDEOTAPED DEPOSITION OF MICHAEL J. WAGNER
19                     VOLUME II
20              PALO ALTO, CALIFORNIA
21              SATURDAY, MAY 12, 2012
22
    BY:  ANDREA M. IGNACIO HOWARD, CSR, RPR, CCRR, CLR
23
    CSR LICENSE NO. 9830
24
    JOB NO. 49053
25
```

Highly Confidential - Attorneys' Eyes Only

Page 495

1  you have a calculation of an operating profit for just    16:01
2  STA and SEA; do you see that?                              16:01
3      A    I do.                                             16:01
4      Q    And that is not a consolidated profit for all     16:01
5  the entities that are defendants; correct?                 16:01
6      A    That is correct.  That's done on Figure 44.       16:01
7      Q    That's the number that includes STA, SEC and      16:01
8  the Korean companies?                                      16:01
9      A    Korean company.  SEA, STA and SEC.                16:01
10     Q    Do you have any reason to believe that Apple      16:01
11 should be limited to only the profits of SETA and SEA      16:01
12 as you provide it in Exhibit 43 --                         16:01
13          MR. ANDERSON:  Objection to the extent it         16:02
14 calls for --                                               16:02
15          MR. OLSON:  Q.  -- or Figure 43.                  16:02
16          MR. ANDERSON:  -- objection to the extent it      16:02
17 calls for a legal conclusion.                              16:02
18          THE WITNESS:  I don't.                            16:02
19          MR. OLSON:  Q.  Do you understand that the        16:02
20 profit figures as provided in Figure 43 are, at least      16:02
21 in part, an artifact of transfer pricing that's            16:02
22 related to tax policy as between STA and the United        16:02
23 States IRS?                                                16:02
24          MR. ANDERSON:  Objection; assumes facts not       16:02
25 in evidence or misrepresents the evidence.                 16:02

Highly Confidential - Attorneys' Eyes Only

Page 496

| | | |
|---|---|---|
| 1 | THE WITNESS: I believe that's correct. | 16:02 |
| 2 | MR. OLSON: Okay. | 16:02 |
| 3 | Q   I'd like to turn to your opinions regarding | 16:02 |
| 4 | reasonable royalty. And I'm actually going to start | 16:02 |
| 5 | at the back, in part, at paragraph 524, and there's a | 16:02 |
| 6 | figure or a table -- Figure 68. | 16:02 |
| 7 | A   Yes. | 16:03 |
| 8 | Q   Does Figure 68 summarize accurately your | 16:03 |
| 9 | opinions regarding each of the 14 Georgia-Pacific | 16:03 |
| 10 | factors? | 16:03 |
| 11 | A   That lead up to the hypothetical negotiation, | 16:03 |
| 12 | which is GP Factor No. 15, yes. | 16:03 |
| 13 | Q   And has your opinions regarding any of those | 16:03 |
| 14 | 14 items changed from what's presented in the table? | 16:03 |
| 15 | A   No. | 16:03 |
| 16 | Q   So let's step back to Factor No. 1 in | 16:03 |
| 17 | which -- let me start -- sorry. Let me start with the | 16:04 |
| 18 | table. | 16:04 |
| 19 | In the table, you say that you didn't find | 16:04 |
| 20 | any licenses related to the Patents-in-Suit that were | 16:04 |
| 21 | comparable or usable for purposes of your analysis; is | 16:04 |
| 22 | that correct? | 16:04 |
| 23 | A   Yes. | 16:04 |
| 24 | Q   Then you make reference to something, the | 16:04 |
| 25 | FingerWorks acquisition; do you see that? | 16:04 |

Highly Confidential - Attorneys' Eyes Only

Page 497

| | | |
|---|---|---|
| 1 | A    I do. | 16:04 |
| 2 | Q    Yeah. | 16:04 |
| 3 | And then you have a discussion about | 16:04 |
| 4 | FingerWorks starting at paragraph 391 -- 395 -- | 16:04 |
| 5 | A    I do. | 16:04 |
| 6 | Q    -- correct? | 16:04 |
| 7 | And what do you see as being the connection | 16:04 |
| 8 | between the FingerWorks acquisition and the technology | 16:04 |
| 9 | in this case that makes it at all useful for your | 16:04 |
| 10 | analysis? | 16:04 |
| 11 | A    That that acquisition included some patents | 16:04 |
| 12 | in the multi-touch area that appear to be foundational | 16:04 |
| 13 | or at least prior art to the patent at issue in this | 16:05 |
| 14 | case, the '607 patent.  And an acquisition of a patent | 16:05 |
| 15 | has far more value than a nonexclusive license to a | 16:05 |
| 16 | patent. | 16:05 |
| 17 | Q    In what way do you believe or understand the | 16:05 |
| 18 | patents involved in the FingerWorks acquisition to be | 16:05 |
| 19 | foundational as compared to the '607 patent? | 16:05 |
| 20 | A    That the '607 patent cites it, and also the | 16:05 |
| 21 | number of subsequent patents, including Apple patents, | 16:05 |
| 22 | that have cited that patent.  So it's kind of a patent | 16:05 |
| 23 | mapping exercise. | 16:05 |
| 24 | Q    Do you -- do you know whether the direction | 16:05 |
| 25 | that Apple took with respect to the technology | 16:06 |

Highly Confidential - Attorneys' Eyes Only

Page 508

| | | |
|---|---|---|
| 1 | Q    And why do you believe that? | 16:20 |
| 2 | A    Because my understanding is that that would | 16:21 |
| 3 | not be infringing. | 16:21 |
| 4 | Q    And why do you have that understanding? | 16:21 |
| 5 | A    That it's a 3x5 grid of icons, rather than | 16:21 |
| 6 | the grid of icons on the Apple design IP. | 16:21 |
| 7 | Q    And from where did you get the understanding | 16:21 |
| 8 | that 3x5 would be sufficient to avoid infringement? | 16:21 |
| 9 | A    Counsel for Samsung. | 16:21 |
| 10 | Q    And what leads you to believe that that is | 16:21 |
| 11 | what either Mr. Sun Young Yi or J. Wu Park was told? | 16:21 |
| 12 | A    Based on my conversation. | 16:21 |
| 13 | Q    Do you recall them or Mr. Hoshin Lee | 16:21 |
| 14 | translating, saying that, That's what we moved to? | 16:21 |
| 15 | A    Basically, yes. | 16:21 |
| 16 | Q    Okay.  You've made a reference a couple of | 16:21 |
| 17 | times to requesting data about design-arounds about | 16:21 |
| 18 | two weeks before April 16th. | 16:22 |
| 19 | Is that approximately the time frame in which | 16:22 |
| 20 | you first began to ask them for information on | 16:22 |
| 21 | design-arounds? | 16:22 |
| 22 | A    No.  From the day I got hired, I was asking | 16:22 |
| 23 | for that information because that's always very | 16:22 |
| 24 | relevant to me as a damage expert. | 16:22 |
| 25 | Q    And the reasons for delay are the same thing | 16:22 |

Highly Confidential - Attorneys' Eyes Only

Page 509

1  we just talked about; right?  16:22
2     A   I think so.  One is, I mean, of course, I  16:22
3  wasn't privileged to a lot of the communications.  16:22
4         But I think there's -- you know, sometimes  16:22
5  the people really have to understand what are the  16:22
6  accused features or functionality, and then again,  16:22
7  trying to figure out what can be done differently or  16:22
8  if we've already done something differently.  16:22
9         And again, the time and language problems  16:22
10 between my staff and my client caused us to take some  16:22
11 time.  16:23
12    Q   Do you -- is it correct that you don't  16:23
13 believe that there are any outstanding license  16:23
14 agreements that are sufficiently comparable to the  16:23
15 present circumstances to provide guidance with respect  16:23
16 to what the reasonable royalty should be?  16:23
17    A   Yes.  16:23
18    Q   You agree that the fact that Apple and  16:23
19 Samsung are direct competitors as a factor would lead  16:23
20 to an upward influence on the -- any reasonable  16:23
21 royalty?  16:24
22    A   I do.  16:24
23    Q   You -- you've used design-around as a  16:24
24 reference point for trying to determine the reasonable  16:24
25 royalty; correct?  16:24

Highly Confidential - Attorneys' Eyes Only

Page 510

| | | |
|---|---|---|
| 1 | A    I do.  I consider that to be my starting | 16:24 |
| 2 | point. | 16:24 |
| 3 | Q    All right. | 16:24 |
| 4 | And ultimately, it ends up here at your | 16:24 |
| 5 | ending point; correct? | 16:24 |
| 6 | A    It does. | 16:24 |
| 7 | Q    You're aware that Mr. Musika calculated a | 16:24 |
| 8 | series of other reference points; correct? | 16:24 |
| 9 | A    I believe he did. | 16:24 |
| 10 | Q    Okay.  He used a cost approach and an income | 16:24 |
| 11 | approach; correct? | 16:24 |
| 12 | A    He did both. | 16:24 |
| 13 | Q    And do you agree that those approaches of | 16:24 |
| 14 | trying to determine the costs and trying to determine | 16:24 |
| 15 | the income effects of the patents are commonly used | 16:25 |
| 16 | approaches for determining reasonable royalty? | 16:25 |
| 17 | MR. ANDERSON:  Objection; compound; vague. | 16:25 |
| 18 | THE WITNESS:  Yes. | 16:25 |
| 19 | MR. OLSON:  Q.  Before I step into your | 16:25 |
| 20 | criticisms of each of those as implemented by | 16:25 |
| 21 | Mr. Musika, you've leveled a criticism against him | 16:25 |
| 22 | that you believe that he is, in fact, using the entire | 16:25 |
| 23 | market value rule in his analysis; is that an accurate | 16:25 |
| 24 | statement of one of your opinions? | 16:25 |
| 25 | A    It is. | 16:25 |

Highly Confidential - Attorneys' Eyes Only

Page 556

1         J U R A T

2

3

4    I, MICHAEL J. WAGNER, do hereby certify under

5    Penalty of perjury that I have read the

6    foregoing transcript of my deposition taken

7    on May 12, 2012; that I have made such

8    corrections as appear noted herein in ink,

9    initialed by me; that my testimony as

10   contained herein, as corrected, is true and

11   correct.

12

13

14   DATED this ____ day of _____, 2012,

15   at _____, California.

16

17

18

19   _____

20        SIGNATURE OF WITNESS

21

22

23

24

25

Page 557

1        CERTIFICATE OF REPORTER

2

3

4         I, ANDREA M. IGNACIO HOWARD, hereby certify

5    that the witness in the foregoing deposition was by me

6    duly sworn to tell the truth, the whole truth, and

7    nothing but the truth in the within-entitled cause;

8

9         That said deposition was taken in shorthand

10   by me, a Certified Shorthand Reporter of the State of

11   California, and was thereafter transcribed into

12   typewriting, and that the foregoing transcript

13   constitutes a full, true and correct report of said

14   deposition and of the proceedings which took place;

15

16        That I am a disinterested person to the said

17   action.

18

19        IN WITNESS WHEREOF, I have hereunto set my

20   hand this 13th day of May, 2012.

21

22        _____

23   ANDREA M. IGNACIO HOWARD, RPR, CCRR, CLR, CSR No. 9830

24

25

Page 560

1     E R R A T A   S H E E T

2

3        I, MICHAEL J. WAGNER, make the following

4     changes to my deposition taken in the matter of

5     Apple, Inc., vs. Samsung Electronics, taken on May 12,

6     2012:

7

8     DATE:_____         _____

9                                  Signature of Witness

10    Page            Line         Change

11    _____           _____        _____

12    _____           _____        _____

13    _____           _____        _____

14    _____           _____        _____

15    _____           _____        _____

16    _____           _____        _____

17    _____           _____        _____

18    _____           _____        _____

19    _____           _____        _____

20    _____           _____        _____

21    _____           _____        _____

22    _____           _____        _____

23    _____           _____        _____

24    _____           _____        _____

25    _____           _____        _____