HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
JENNIFER LEE TAYLOR (CA SBN 161368)
jtaylor@mofo.com
ALISON M. TUCHER (CA SBN 171363)
atucher@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
JASON R. BARTLETT (CA SBN 214530)
jasonbartlett@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK (PSG)<br><br>**DECLARATION OF TERRY L. MUSIKA, CPA IN SUPPORT OF APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO STRIKE EXPERT TESTIMONY BASED ON UNDISCLOSED FACTS AND THEORIES** |

**SUBMITTED UNDER SEAL**

I, Terry L. Musika, do hereby declare as follows:

1. My name is Terry L. Musika. I am currently a Managing Director of Invotex Group. My business address is 1637 Thames Street, Baltimore, Maryland 21231.

2. In this matter, I have previously submitted a Reply Declaration In Support of Apple's Motion for a Preliminary Injunction, dated September 30, 2011. I also submitted an Expert Witness Report on March 22, 2012 ("Original Expert Report"), a Rebuttal Expert Report on April 16, 2012 ("Rebuttal Expert Report") in which I commented on the Expert Report of Vincent E. O'Brien dated March 22, 2012 that Samsung submitted to support its damages claim for alleged infringement of its "feature patents," and a Supplemental Expert Report on May 8, 2012 ("Supplemental Expert Report"). A true and correct copy of my Rebuttal Expert Report is attached to this declaration as **Exhibit A**. These expert reports accurately reflect the testimony that I would be prepared to give under oath, the opinions that I have reached in this matter, and the basis for those opinions.

3. I am a CPA with over 37 years of business experience. I am a former audit and consulting partner for the international accounting firm of Coopers & Lybrand, former Managing Director for Navigant Consulting, Inc. and have previously formed, owned and operated a proprietary database company, a national financial and economic consulting firm, and a merger and acquisition company. Additionally, I have frequently served the Federal Court system as a Court Appointed Chapter 11 Operating Trustee, Liquidating Chapter 7 Trustee, Operating Chapter 7 Trustee, Examiner, and Paying Agent.

4. My work has mainly been focused on accounting, auditing, economic damages analysis and the operation of businesses. During the past 37 years I have provided expert testimony in over 200 separate proceedings before 47 different Federal District Courts throughout the U.S., nine separate state courts, numerous proceedings before the U.S. Court of Federal Claims, four separate U.S. Bankruptcy Courts, numerous arbitration matters and the United States International Trade Commission. I was accepted as a designated expert in all cases. The scope and nature of my testimony has included a wide range of financial topics with a particular focus

DECLARATION OF TERRY L. MUSIKA ISO APPLE'S OPP. TO SAMSUNG'S MOTION TO EXCLUDE EXPERTS
CASE NO. 11-cv-01846-LHK (PSG)
pa-1530822

1

1  on the investigation, analysis and explanation of complex financial transactions in various
2  industries.

3      5.    A complete list of my qualifications and prior testifying experience are contained
4  in Exhibits 1-2 to my Rebuttal Expert Report.

5      6.    I provide this declaration to respond to Samsung's Motion to Strike Expert
6  Testimony Based on Undisclosed Facts and Theories.  The information that I provide here has
7  already been disclosed in connection with my expert reports and my deposition in this matter.

8      7.    For purposes of my analysis of Apple's reasonable royalties, I did not rely and am
9  not relying on any licenses or any royalty or licensing information that was produced after the end
10 of discovery.  Both Samsung's damages expert (concerning Apple's damages) and I agree with
11 the testimony of Apple and Samsung witnesses that neither party had any comparable licenses
12 that provide guidance on the amount of a reasonable royalty in this case.  My Original Expert
13 Report at paragraphs 168 to 181 reflects my analysis.  I understand that the licenses and material
14 discussed in this section were produced prior to the end of discovery.  I have attached the relevant
15 sections of my Original Expert Report as **Exhibit B** to this declaration.

16     8.    My analysis of Apple's manufacturing capacity for purposes of my damages
17 opinions only used documents that were produced before the end of discovery, specifically before
18 Mr. Buckley's February 23rd deposition, which I attended.  No part of my work or analysis arises
19 from any documents produced after the end of discovery (or even after Mr. Buckley's
20 deposition).  My Original Expert Report at paragraphs 126 to 127 and in Exhibit 17.2, Exhibit 26,
21 and Exhibit 27 reflects my analysis, which are contained in Exhibit B hereto.

22     9.    I do not rely on Apple's royalty reports for the opinions in my Original Expert
23 Report, Rebuttal Expert Report, or Supplemental Expert Report.  This includes the following
24 documents that I understand Samsung is seeking to preclude from use: APLNDC0001772330-R –
25 APLNDC0001772340-R; APLNDC0000051350-R – APLNDC0000051356-R; APLNDC-
26 Y0000236371-R – APLNDC-Y0000236405-R; APLNDC-Y0000232449 – APLNDC232454.

27     10.    I have reviewed the list in paragraph 11 below of twenty-two license agreements
28 that I understand were produced after the end of discovery.  Only four of the twenty-two licenses

DECLARATION OF TERRY L. MUSIKA ISO APPLE'S OPP. TO SAMSUNG'S MOTION TO EXCLUDE EXPERTS
CASE NO. 11-cv-01846-LHK (PSG)
pa-1530822

2

1  make an appearance in my expert reports.[1]  These four licenses appear in paragraph 44 of my

2  Rebuttal Expert Report, but my opinions and comments concerning Dr. O'Brien's report do not

3  rely on them.  These licenses are redundant of the many licenses produced before the end of

4  discovery that reflect Apple's preference for lump sum royalty agreements when it licenses

5  technology from others.  These licenses do not add or subtract from that conclusion in any way,

6  and my opinions remain the same if these agreements are not considered.  The June 3, 2003

7  license agreement between Apple and Nokia and VoiceAge also appears on my "Documents

8  Considered List" in Exhibit 3 to my Original Expert Report,[2] but I did not rely on it for any of the

9  opinions in my Original Expert Report and my opinions concerning the appropriate reasonable

10  royalty in this case would remain unchanged if the document were precluded.

11        11.    At the request of counsel in connection with this motion I have now reviewed the

12  remaining eighteen licenses produced after the end of discovery and not referenced in my expert

13  reports.  Based on that review, I do not consider any of these licenses to be comparable in

14  circumstances to the hypothetical negotiations between Apple and Samsung in this case.  None of

15  these licenses concerns the patents-in-suit.  Additionally, the timing of many of the licenses does

16  not coincide with the hypothetical negotiations; they provide worldwide rights to technology;

17  they provide rights to portfolios of patents, as opposed to single patents; all contain at least an up-

---

[1] These licenses are: (1) a June 3, 2003 license agreement between Apple and Nokia and VoiceAge (AppDel0158906 - AppDel0158943), which I understand was produced on May 9, 2012 as APLNDC-WH0000726437 - APLNDC-WH0000726474; (2) a July 1, 2005 agreement between Apple and Audio MPEG, Inc. and Societa Italiana Per Lo Sviluppo Dell'Elletronica, SI.SV.EL, S.P.A. (APLNDCWH0000725229 – APLNDCWH0000725257); (3) a January 1, 2006 agreement between Apple and Audio MPEG, Inc. and Societa Italiana Per Lo Sviluppo Dell'Elletronica, SI.SV.EL, S.P.A. (APLNDCWH0000725258 - APLNDCWH0000725288); and (4) an October 6, 2003 agreement between Apple and Via Licensing Corp. (APLNDCWH0000725289 - APLNDCWH0000725319).  All but the June 3, 2003 license agreement between Apple and Nokia and VoiceAge was produced before my deposition in this matter, but I was not asked any questions about them during my deposition.

[2] For clarity, the June 2003 Apple-Nokia-VoiceAge license agreement is not the same as the June 2011 Apple-Nokia Cross License discussed in paragraphs 172 to 173 of my Original Expert Report, with Bates number APLNDC-X0000007220 - APLNDC-X0000007335, which I understand was produced on January 5, 2012.

DECLARATION OF TERRY L. MUSIKA ISO APPLE'S OPP. TO SAMSUNG'S MOTION TO EXCLUDE EXPERTS
CASE NO. 11-cv-01846-LHK (PSG)
pa-1530822

3

front lump sum payment; and all but two concern settlement of actual or threatened litigation.

| Bates Number | Licensor | Title | Date |
|---|---|---|---|
| APLNDC-WH0000726437 - APLNDC-WH0000726474 | Nokia Corp. and VoiceAge Corp. | Patent License – Narrowband AMR and Wideband AMR Standards | 6/3/2003 |
| APLNDCWH0000725229 - APLNDCWH0000725257 | Audio MPEG, Inc. and Societa Italiana Per Lo Sviluppo Dell'Elletronica, SI.SV.EL, S.P.A. | License Agreement | 7/1/2005 |
| APLNDCWH0000725258 - APLNDCWH0000725288 | Audio MPEG, Inc. and Societa Italiana Per Lo Sviluppo Dell'Elletronica, SI.SV.EL, S.P.A. | License Agreement | 1/1/2006 |
| APLNDCWH0000725289 - APLNDCWH0000725319 | Via Licensing Corp. | MPEG-4 Audio Patent License Agreement | 10/6/2003 |
| APLNDC-WH0000723595 - APLNDC-WH0000723611 | Atmel Corp. | Settlement and License Agreement | 8/26/9/2008 |
| APLNDC-WH0000726506 - APLNDC-WH0000726522 | Digcom, Inc. and Dr. Kamilo Feher | Settlement and License Agreement | 4/15/2010 |
| APLNDC-WH0000726523 - APLNDC-WH0000726533 | Jenny Hill, LLC | Patent License Agreement | 5/2/2011 |
| APLNDC-WH0000726492 - APLNDC-WH0000726505 | Pleasant View, LLC | Patent License Agreement | 1/17/2011 |
| APLNDC-WH0000726534 - APLNDC-WH0000726541 | Premier International Associates, LLC | Settlement and License Agreement | 8/14/2007 |
| APLNDC-WH0000726542 - APLNDC-WH0000726555 | Round Rock Research, LLC | License Agreement | 10/22/2010 |
| APLNDC-WH-A0000031569 - APLNDC-WH-A0000031616 | Rovi Corp. | Patent License Agreement | 9/17/2010 |
| APLNDC-WH0000725320 - APLNDC-WH0000725352 | Thomson Consumer Electronics | Patent License Agreement | 1/1/2002 |
| APLNDC-WH0000726556 - APLNDC-WH0000726566 | Trey Run, LLC | Patent License Agreement | 5/10/2011 |
| APLNDC-WH0000728071 - APLNDC-WH0000728093 | Eolas Technologies Incorporated | Confidential Settlement and License Agreement | 8/3/2011 |
| APLNDC-WH0000728094 – APLNDC-WH0000728112 and APLNDC-WH0000728113 – APLNDC-WH0000728131 | Fuji Xerox Co., Ltd. | Patent License Agreement | 3/31/2011 |
| APLNDC-WH0000728062 - APLNDC-WH0000728070 | Advanced Video Technologies, LLC | License Agreement | 5/2/2011 |
| APLNDC-WH0000728142 - APLNDC-WH0000728152 | Personal Audio, LLC | Settlement and License Agreement | 12/8/2011 |
| APLNDC-WH0000728132 - APLNDC-WH0000728141 | MasterObjects, Inc. | Settlement and License Agreement | 6/1/2011 |
| APLNDC-WH0000728153 - APLNDC-WH0000728172 | Digitude Innovations, LLC | License Agreement | 9/27/2010 |
| APLNDC-WH0000728173 - APLNDC-WH0000728184 | Typhoon Touch Technologies, Inc. and Raymond Tellini | Settlement and License Agreement | 9/2/2010 |
| APLNDC-WH0000728185 - APLNDC-WH0000728192 | Multi-Format, Inc. | Settlement and License Agreement | 11/12/2010 |
| APLNDC-WH0000728193 - APLNDC-WH0000728218 | Affinity Labs of Texas, LLC | Settlement, Purchase and License Agreement | 9/9/2011 |

DECLARATION OF TERRY L. MUSIKA ISO APPLE'S OPP. TO SAMSUNG'S MOTION TO EXCLUDE EXPERTS
CASE NO. 11-cv-01846-LHK (PSG)
pa-1530822

4

12. Samsung's motion makes a passing reference to my analysis of Apple's "Made for iPod" program in connection with my opinions regarding Apple's reasonable royalty damages. The Made for iPod program involves, among other things, a license from Apple to third parties to manufacture an accessory and place a "Made for iPod" logo on the packaging in exchange for a $4 per unit fee. I did not consider this license comparable to a license of the collection of design rights being asserted by Apple in this lawsuit. I discuss it solely to evaluate a floor below which Apple would not license even a single design right. My overall royalty rate opinion for the collection of design rights that Apple has asserted would not change if I had not considered this program. I have included my discussion of this issue, as found in paragraph 176 of my Original Expert Report, as a part of **Exhibit B** to this declaration.

13. In my evaluation of the "Made for iPod" program, I have not referred to any documents that were produced after the end of discovery. Information on the "Made for iPod" program was disclosed at Mr. Buckley's February 23, 2012 deposition, which I attended. The revenues from that program do not appear on any of the royalty reports to which Samsung refers in its motions but are reflected on a different report as discussed on pages 131-132 of Mr. Buckley's deposition. I have attached the relevant excerpts of Mr. Buckley's deposition as **Exhibit C** to this declaration. Finally, I understand that the program agreements to which I refer in my report were produced to Samsung before the end of discovery at APLNDC-Y000148459-73 and APLNDC-Y000148474-78.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 31st day of May, 2012, at Baltimore, Maryland.

*/s/ Terry L. Musika*
Terry L. Musika

DECLARATION OF TERRY L. MUSIKA ISO APPLE'S OPP. TO SAMSUNG'S MOTION TO EXCLUDE EXPERTS
CASE NO. 11-cv-01846-LHK (PSG)
pa-1530822

5

**ATTESTATION OF E-FILED SIGNATURE**

I, Michael A. Jacobs, am the ECF User whose ID and password are being used to file this Declaration. In compliance with General Order 45, X.B., I hereby attest that Terry L. Musika has concurred in this filing.

Dated: May 31, 2012   */s/ Michael A. Jacobs*
　　　　　　　　　　　　　　　　　　　　Michael A. Jacobs

DECLARATION OF TERRY L. MUSIKA ISO APPLE'S OPP. TO SAMSUNG'S MOTION TO EXCLUDE EXPERTS
CASE NO. 11-cv-01846-LHK (PSG)
pa-1530822

6