# DECLARATION OF MIA MAZZA IN SUPPORT OF APPLE'S OPPOSITIONS TO SAMSUNG'S MOTION FOR SANCTIONS AND MOTION TO ENFORCE

# EXHIBIT 1

# SUBMITTED UNDER SEAL

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE (*pro hac vice*)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

*Attorneys for Plaintiff and
Counterclaim-Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity, SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>　　　　Defendants. | Civil Action No. 11-CV-01846-LHK<br><br>**APPLE INC.'S OBJECTIONS AND RESPONSES TO SAMSUNG'S SECOND SET OF INTERROGATORIES**<br><br>**CONFIDENTIAL UNDER THE PROTECTIVE ORDER** |

**SUBJECT TO PROTECTIVE ORDER**
<u>**CONTAINS CONFIDENTIAL INFORMATION**</u>

SAMSUNG ELECTRONICS CO., LTD., a Korean business entity, SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, a California corporation,

        Counterclaim-Plaintiffs,

   v.

APPLE INC., a California corporation,

        Counterclaim-Defendant.

**PLAINTIFF AND COUNTERCLAIM-DEFENDANT APPLE INC.'S OBJECTIONS AND RESPONSES TO SAMSUNG'S <u>SECOND SET OF INTERROGATORIES (NOS. 19-32)</u>**

Under Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Rule 33, Apple Inc. ("Apple") hereby objects and responds to the Second Set of Interrogatories to Apple Inc. (Nos. 19-32) served by Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America LLC (collectively, "Samsung") on September 16, 2011. These responses are based on information reasonably available to Apple at the present time. Apple reserves the right to amend and supplement these responses when and if additional information becomes available.

**GENERAL OBJECTIONS**

Apple makes the following general responses and objections ("General Objections") to each definition, instruction, and interrogatory propounded in Samsung's Second Set of Interrogatories to Apple Inc. These General Objections are hereby incorporated into each

**SUBJECT TO PROTECTIVE ORDER**
<u>**CONTAINS CONFIDENTIAL INFORMATION**</u>

**OBJECTIONS AND RESPONSES TO INTERROGATORIES**

Subject to the foregoing qualifications and General Objections and the specific objections made below, Apple objects and responds to Samsung Electronics Co. Ltd.'s Second Set of Interrogatories to Apple Inc. as follows:

<u>**Interrogatory No. 19**</u>

Separately for each APPLE ACCUSED PRODUCT, IDENTIFY:  (1) the Baseband Processor used; (2) the Executable Software incorporated or installed in the APPLE ACCUSED PRODUCT; (2) the 3 GPP Release(s) supported (including which versions and subversions of the 3GPP specification are supported within each Release); (3) the version(s) of HSUPA supported; and (4) the version(s) of HSDPA supported, and IDENTIFY any documents which reflect these categories of information.

<u>**Response to Interrogatory No. 19**</u>

Apple objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, especially to the extent it seeks information about the accused Apple products beyond the components, functionalities, or technologies of those products that may be relevant to Samsung's patents-in-suit, and/or that Samsung has placed at issue in this case in its Patent Rule 3-1 Disclosures.  Accordingly, in responding to this interrogatory, Apple is not providing information about versions of the iPhone 4 and iPad 2 3G that are not compatible with the 3GPP UMTS standard, as those are outside the scope of Samsung's infringement contentions.  Apple objects that the phrase "Executable Software incorporated or installed" is vague, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence.  Apple objects to this

**SUBJECT TO PROTECTIVE ORDER**
<u>**CONTAINS CONFIDENTIAL INFORMATION**</u>

Interrogatory as it contains subparts that each should count as a separate Interrogatory. Apple objects to the phrases "supported" and "which reflect these categories" as vague and ambiguous.

Apple also objects to this Interrogatory to the extent it seeks information that is subject to a confidentiality or non-disclosure agreement or governed by a protective order preventing its production, or otherwise seeks confidential, proprietary, or trade secret information of third parties. Apple further objects to this Interrogatory to the extent it requires information outside Apple's possession, custody, and control, including, for example, information concerning components that Apple has purchased from third parties.

Subject to and without waiving the foregoing General and Specific Objections, Apple responds that in accordance with Federal Rule of Civil Procedure 33(d), Apple has produced and/or will produce documents responsive to this Interrogatory, and that the burden of ascertaining the answer to this Interrogatory from the produced business records is substantially the same for Apple as for Samsung. Apple further designates, at this time, the following documents from which information responsive to this Interrogatory may be ascertained, which Apple has produced to Samsung in the matter captioned *In the Matter of Certain Electronic Devices, Including Wireless Communications Devices, Portable Music and Data Processing Devices, and Tablet Computers*, Inv. No. 337-TA-794:

Apple iPhone related documents: APL7940001420081 - APL7940001420106, APL7940001420107 - APL7940001420270, APL7940001420271 - APL7940001420363, APL7940001420364 - APL7940001420418, APL7940001420419 - APL7940001420468, APL7940001420469 - APL7940001420529, APL7940001420530 - APL7940001420761, and APL7940001420762 - APL794000142941.

**SUBJECT TO PROTECTIVE ORDER**
**CONTAINS CONFIDENTIAL INFORMATION**

Apple iPad related documents: APL7940001420942 - APL7940001421023, APL7940001421024 - APL7940001421103, and APL7940001421104 - APL7940001421202.

Apple further responds that at least the following baseband chips are included in the Accused Products in the United States:

| Product | Baseband Chip |
| --- | --- |
| iPhone | PMB 8876 |
| iPhone 3G | PMB 8878 and/or PMB 8879 |
| iPhone 3GS | PMB 8878 and/or PMB 8879 |
| iPhone 4 AT&T | PMB 9801 |
| iPad 1 | None |
| iPad 1 3G | PMB 8878 and/or PMB 8879 |
| iPad 2 | None |
| iPad 2 3G AT&T | PMB 9801 |

**Interrogatory No. 20**

Separately for each APPLE ACCUSED PRODUCT and each Baseband Processor, IDENTIFY the Software or portions of Software (including corresponding file name and line numbers) for performing multiplexing, channel coding, interleaving, demultiplexing of radio frames, generating scrambling codes and/or rate matching, or state which of these functions are not performed by the APPLE ACCUSED PRODUCT or Baseband Processor.

**Response to Interrogatory No. 20**

Apple objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.