# DECLARATION OF MIA MAZZA IN SUPPORT OF APPLE'S OPPOSITIONS TO SAMSUNG'S MOTION FOR SANCTIONS AND MOTION TO ENFORCE

# EXHIBIT 7

# SUBMITTED UNDER SEAL

Highly Confidential - Attorneys' Eyes Only

Page 1

1        UNITED STATES DISTRICT COURT
2    NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION
3
4
5  APPLE, INC., a California
   corporation,
6                    Plaintiff,
7  vs.                                    CASE NO.
                                           11-cv-01846-LHK
8  SAMSUNG ELECTRONICS CO., LTD,
   a Korean business entity;
9  SAMSUNG ELECTRONICS AMERICA,
   inc., A New York corporation;
10 SAMSUNG TELECOMMUNICATIONS
   AMERICA, LLC, a Delaware
11 limited liability company,
12                   Defendants.
   _____/
13
14
15
16      HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
17         VIDEOTAPED DEPOSITION OF EMILIE KIM
18                  March 7, 2012
19
20
21
22 Job No. 47152
23 Reported by:  LAURA AXELSEN, CSR NO. 6173
                RMR, CRP, CLR
24
25

Highly Confidential - Attorneys' Eyes Only

Page 2

1   BE IT REMEMBERED THAT, pursuant to Notice and on
2   Wednesday, March 7, 2012 at 9:15 a.m. thereof at 555 Twin
3   Dolphin Drive, Redwood Shores, California, before me,
4   LAURA AXELSEN, a Certified Shorthand Reporter, personally
5   appeared
6                    EMILIE KIM,
7   called as a witness by the Defendants.
8                    ---oOo---
9                    APPEARANCES
10  FOR THE PLAINTIFF:
11
12      WILMERHALE
13      BY:  VICTOR F. SOUTO, ESQ.
14      DEREK S. LAM, ESQ.
15      399 Park Avenue
16      New York, New York  10022
17
18      There being also present Erica Tierney, Apple
19  in-house counsel, and Tim Zuroff, video operator.
20
21
22                    ---oOo---
23
24
25

Page 3

1                              INDEX

2

3                                                              PAGE

4   EXAMINATION BY MR. STRETCH                                  4

5

6                            ---oOo---

7

8                        INDEX OF EXHIBITS

9

10  EXHIBIT      DESCRIPTION                                    PAGE

11

12  Exhibit 1    Samsung's Amended first 30(b)(6)                 7

13               Deposition Notice to Apple Inc.

14               (Technical Patent Topics)

15  Exhibit 2    E-mail dated February 23, 2012 to Diane          7

16               Hutnyan from Kolovos, Peter

17  Exhibit 3    Notice of deposition of Emilie Kim               7

18

19

20                           ---oOo---

21

22

23

24

25

Highly Confidential - Attorneys' Eyes Only

Page 4

| | | |
|---|---|---|
| 1 | VIDEO OPERATOR:  This is the start of disc No. 1 | 09:13 |
| 2 | of the videotaped deposition of Emilie Kim in the matter | |
| 3 | of Apple Incorporated versus Samsung Electronics Company | |
| 4 | in the U.S. District Court Northern District of | |
| 5 | California, San Jose division, No. 11 CV 01846 LHK. | 09:15 |
| 6 | This deposition is being held at Quinn Emanuel, | |
| 7 | 555 Twin Dolphin Drive, Redwood Shores, California on | |
| 8 | March 7th, 2012 at approximately 9:15 a.m. | |
| 9 | My name is Tim Zuroff.  I'm the legal video | |
| 10 | specialist from TSG Reporting, headquartered at 747 Third | 09:15 |
| 11 | Avenue, New York, New York.  The court reporter is Laura | |
| 12 | Axelsen in association with TSG reporting. | |
| 13 | Will counsel please introduce yourself. | |
| 14 | MR. STRETCH:  Chris Stretch from Quinn Emanuel | |
| 15 | Urquhart & Sullivan on behalf of Samsung. | 09:15 |
| 16 | MR. SOUTO:  Vic Souto, WilmerHale, on behalf of | |
| 17 | the witness and Apple, and with me is my colleague, Derek | |
| 18 | Lam, also of WilmerHale, and Erica Tierney from Apple. | |
| 19 | VIDEO OPERATOR:  Will the court reporter please | |
| 20 | swear in the witness. | 09:16 |
| 21 | EMILIE KIM | |
| 22 | having been duly sworn, testified as follows: | |
| 23 | EXAMINATION BY MR. STRETCH | |
| 24 | MR. STRETCH:   Q.   Good morning, Ms. Kim. | |
| 25 | A.   Good morning. | 09:16 |

Highly Confidential - Attorneys' Eyes Only

Page 5

| | | |
|---|---|---|
| 1 | Q. Is it Ms. Kim or Mrs. -- | 09:16 |
| 2 | A. Ms. is fine. | |
| 3 | Q. Ms. Okay. Uhm, have you ever been deposed | |
| 4 | before? | |
| 5 | A. No. | 09:16 |
| 6 | Q. Okay. Well welcome to the fray. Uhm, could you | |
| 7 | state and spell your name for the record, please? | |
| 8 | A. Emilie Kim, E-m-i-l-i-e, last name Kim, K-i-m. | |
| 9 | Q. Okay. Let me just -- as I'm sure your attorney | |
| 10 | has gone over with you about generally what to expect | 09:16 |
| 11 | here, but you understand you've just taken an oath to tell | |
| 12 | the truth, and it's the same oath as if you were | |
| 13 | testifying in court. Do you understand that? | |
| 14 | A. Yes. | |
| 15 | Q. Okay. Uhm, so as you can see, your testimony -- | 09:17 |
| 16 | my questions and your testimony are being recorded both | |
| 17 | stenographically and by video. Uhm, it's important for | |
| 18 | the stenographer to get a verbal response to the question. | |
| 19 | So then shaking your head or nodding is hard for her to | |
| 20 | pick up. So if you could verbally respond to my | 09:17 |
| 21 | questions, I appreciate it. | |
| 22 | For the same reason, it's important that we | |
| 23 | don't talk over each other. It tends to happen, uhm, uhm, | |
| 24 | but I will try and wait until you have finished and | |
| 25 | answered my question before I ask you a follow-up | 09:17 |

Page 6

| | | |
|---|---|---|
| 1 | question. If you could wait until I'm finished my | 09:17 |
| 2 | question, give your counsel a chance to object, and then | |
| 3 | answer, things will go smoother. | |
| 4 | A. Okay. | |
| 5 | Q. Okay. If I ask you a question that you don't | 09:18 |
| 6 | understand, or is not clear to you, just let me know, and | |
| 7 | I'll try and rephrase it. I'm not an engineer. So you | |
| 8 | know, it's quite likely to happen. But just let me know, | |
| 9 | and I'll see if I can form a question that you do | |
| 10 | understand. | 09:18 |
| 11 | As I said, your counsel may object at certain | |
| 12 | times, but unless he instructs you not to answer a | |
| 13 | question, you can still go ahead and answer. Do you | |
| 14 | understand that? | |
| 15 | A. Yes. | 09:18 |
| 16 | Q. Okay. Any time you want to take a break, just | |
| 17 | let me know. I'd prefer we do so, uhm, while -- that we | |
| 18 | not take a break while a question is pending, but if you | |
| 19 | need to talk to your counsel about whether you can | |
| 20 | disclose something, that's fine. | 09:18 |
| 21 | A. Okay. | |
| 22 | Q. Any reason you can't give honest complete | |
| 23 | truthful testimony here this morning? | |
| 24 | A. No. | |
| 25 | Q. Okay. I'm going to mark the first two exhibits. | 09:19 |

Highly Confidential - Attorneys' Eyes Only

Page 7

| | | |
|---|---|---|
| 1 | Actually, I think what we'll do is mark the first three | 09:19 |
| 2 | exhibits.  The first is Samsung's amended first 30(b)(6) | |
| 3 | deposition notice to Apple, Inc. will be Exhibit 1.  And | |
| 4 | the court reporter will mark the exhibit that's the copy | |
| 5 | you should look at because that will be the official | 09:19 |
| 6 | record of the deposition.  Okay?  So wait until she marks | |
| 7 | it and you can look at it. | |
| 8 |             (EXHIBIT 1 WAS MARKED FOR IDENTIFICATION.) | |
| 9 |             MR. STRETCH:   Q.   I'm going to mark as | |
| 10 | deposition Exhibit 2, an e-mail from Peter Kolovos.  Am I | 09:20 |
| 11 | saying that right? | |
| 12 |             MR. SOUTO:  Kolovos, but that's New Jersey | |
| 13 | talking. | |
| 14 |             MR. STRETCH:   Q.   To Diane Hutnyan designating | |
| 15 | Ms. Kim to testify on certain topics related to the rule | 09:20 |
| 16 | 30(b)(6) notice that we just marked Exhibit 1.  So that | |
| 17 | will be Exhibit 2. | |
| 18 |             (EXHIBIT 2 WAS MARKED FOR IDENTIFICATION.) | |
| 19 |             MR. STRETCH:   Q.   And finally, I'm going to | |
| 20 | mark a Notice of Deposition of Emilie Kim, which we served | 09:20 |
| 21 | yesterday is my understanding, and that will be Exhibit | |
| 22 | No. 3. | |
| 23 |             (EXHIBIT 3 WAS MARKED FOR IDENTIFICATION.) | |
| 24 |             THE WITNESS:  Excuse me. | |
| 25 |             MR. STRETCH:   Q.   Excuse me.  Uhm, if I could | 09:21 |

Highly Confidential - Attorneys' Eyes Only

Page 8

| | | |
|---|---|---|
| 1 | ask you to look at Exhibit 1, which is the thick document, | 09:21 |
| 2 | I think, and you can take as much time as you like to look | |
| 3 | through it, but I just want to make sure that we're all on | |
| 4 | the same page as to the topics on which you're designated | |
| 5 | to testify today.  Those appear on page 14 of the notice. | 09:22 |
| 6 | Have you had a chance to look at that? | |
| 7 |     A.   I looked through the document. | |
| 8 |     Q.   Okay.  If you will turn to page 14 of the | |
| 9 | document and compare that with what I marked, I think, as | |
| 10 | deposition Exhibit 2, which is an e-mail designating you | 09:24 |
| 11 | to testify on certain topics.  Uhm, do you understand that | |
| 12 | you've been designated by Apple to testify on behalf of | |
| 13 | Apple with respect to topics 30, 31, 33, 34, and 36? | |
| 14 |       MR. SOUTO:  Subject to Apple's objections. | |
| 15 |       THE WITNESS:  Yes. | 09:25 |
| 16 |       MR. STRETCH:   Q.   Okay.  Now, uhm, so that | |
| 17 | we're all on the same page here, each of these topics asks | |
| 18 | about Apple accused products.  Uhm, if you could turn to | |
| 19 | page 6 of this document, and it's paragraph 28, and by | |
| 20 | this document, I mean Exhibit 1.  You'll see that | 09:25 |
| 21 | paragraph 28 provides a definition of Apple accused | |
| 22 | products.  And you'll see down at the very bottom of that | |
| 23 | paragraph it identifies a number of Apple products.  Are | |
| 24 | you prepared to testify with respect to the topics we've | |
| 25 | identified about each of these products that are | 09:26 |

Highly Confidential - Attorneys' Eyes Only

Page 65

1    THE WITNESS:  I'm not sure what you mean by that    11:57

2  question.

3    MR. STRETCH:  Q.  Well, in FaceTime, you are

4  talking to somebody over the Internet who you can also

5  see, correct?    11:57

6    A.  FaceTime allows you to see another person, yes.

7    Q.  Okay.  And the call is transmitted over the

8  Internet?

9    A.  I do not know how the call is transmitted.

10   Q.  Okay.  Do you -- let me just make sure I    11:58

11  understand something here.  Notwithstanding your

12  Bachelor's and Master's degrees from MIT that we and you

13  have had earlier and your work at Apple, uhm, you are

14  unable to say whether the -- whether any of the code that

15  drives the features of the accused devices resides on the    11:59

16  A4 or A5 controller chip?

17   A.  I do not.

18    MR. SOUTO:  Objection to form.

19    THE WITNESS:  I do not know.

20    MR. STRETCH:  Q.  Okay.  I have no more    11:59

21  questions.

22    MR. SOUTO:  Just a second.  Yep, we have

23  nothing.

24    VIDEO OPERATOR:  This marks the end of disc No.

25  2 and concludes today's deposition.  All DVD's will be    12:00

Highly Confidential - Attorneys' Eyes Only

Page 66

1  held by TSG reporting.  We are now going off the record.    12:00
2  It is 12:00 p.m.
3          (The deposition was concluded at 12:00 p.m.)
4
5
6
7
8                              _____
                                    EMILIE KIM
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25