# Exhibit 4
# (Submitted Under Seal)

**APPLE'S RESPONSES TO WATSON DECLARATION EXHIBIT 4
REGARDING LACK OF PRODUCTION**

| Don Joo Lee  Executive Vice President of Global Sales and Marketing for Mobile Communications ||
|---|---|
| **Samsung's Opposition** | **Apple's Response** |
| <ul><li>Apple has not demonstrated that Mr. Lee destroyed any relevant documents with a culpable state of mind.  Mr. Lee received a timely hold notice on May 24, 2011, and declares that he never intentionally deleted any evidence that may have been relevant to this litigation. (Watson Decl. Ex. 33 at Ex. S, p. 1; Don Joo Lee Decl. ¶ 5.)</li><li>The emails Apple cites from other custodians (Mot. at 5) were dated January 12, 2011 and March 8, 2011, before the obligation to preserve documents arose.</li><li>Apple has not demonstrated that any of the supposedly destroyed documents would have been relevant.  Mr. Lee is a sales and marketing witness, and was not involved with the design or development strategy of the accused products or features at issue. (Watson Decl., Ex. 12 at 14:15-19, 16:7-15, 17:14-25.)</li><li>The supposedly destroyed documents would have been cumulative.  Samsung has produced at least 420 emails where Mr. Lee was either the author or the recipient, and at least an additional 31 documents that refer to him. (Binder Decl. ¶ 19.)</li></ul> | <ul><li>Samsung admits that Mr. Lee failed to preserve at least 420 emails he authored or received.  (Binder Decl. ¶ 19.)</li><li>The documents are relevant.  As an example of an email Mr. Lee did not preserve, he sent and received emails in the email chain with Bates SAMNDCA00515899, dated March 8, 2011, discussing Samsung's need to fight the iPad 2 with a slimmer Galaxy Tab.  (Kim Decl. ¶ 11 & Ex. 4.)  The Court previously ordered Samsung to produce "[f]rom the custodial files of Lee Don-Joo, all documents relating to the redesign of the Galaxy Tab 10.1 following Apple's announcement of the iPad 2 on or about March 2, 2011."  (Dkt. No. 267 at 3.) Relevance is also demonstrated by Samsung's having produced the documents from other custodians.</li><li>Samsung's duty to preserve attached in August 2010, when it first sent litigation hold notices, including to Mr. Lee.  (Kim Decl. Ex. 9 at Ex. S.)  The Court should not credit Samsung's belated amendment of its transparency disclosures that changed the date he received a hold notice. *See, e.g.*, *Premier Displays & Exhibits v. Cogswell*, No. SACV 09-354, 2009 U.S. Dist. LEXIS 119462, at *22-29 (C.D. Cal. Dec. 23, 2009).  Samsung was obligated to preserve the documents even if Mr. Lee had not received a litigation hold notice.</li><li>Mr. Lee's state of mind is not at issue.  He never declares that he took steps to identify all potentially relevant emails and preserve them (much less what steps he took to do so).  (*See generally* Don Joo Lee Decl.)</li></ul> |

|  | • Other custodians' production of 420 emails that Mr. Lee authored or received but that he did not preserve demonstrates that Mr. Lee failed to preserve all relevant documents. Those documents are likely the tip of the iceberg, and Apple was entitled to receive the *unique* documents that were only in Mr. Lee's possession and not produced by other custodians. |
|---|---|

| Dong Sub Kim<br>Principal Engineer in the Samsung Display Lab ||
|---|---|
| **Samsung's Opposition** | **Apple's Response** |
| • There is no evidence that Mr. Kim destroyed evidence with a culpable state of mind. He was sent a timely litigation hold notice on May 2, 2011. (Watson Decl. Ex. 33 at Ex. X, p. 3.)<br>• Mr. Kim saved email related to his work and provided his notebook computer during the document collection process. (Watson Decl., Ex. 23 at 42:3-43:14.) Moreover, while Apple suggests Mr. Kim destroyed documents relevant to Samsung's decision to change from resistive to capacitive touch screens, the decision to change touch screens was made before October 2008 (Watson Decl., Ex. 18 at 18:3-21 and 31:21-32:13.)<br>• Any supposedly destroyed documents would have been cumulative. Samsung has produced at least 124 emails from other custodians that list Mr. Kim as the author or a recipient, and at least an additional 4 documents that refer to him. (Binder Decl. ¶ 19.) Apple has deposed, and Samsung has produced documents sourced to, at least three other witnesses who work with Mr. Kim in Samsung's Display Lab, including a 30(b)(6) witness on touch screen related topics. (Binder Decl. ¶ 13.) | • Samsung admits that Mr. Kim failed to preserve at least 124 emails he authored or received. (Binder Decl. ¶ 19.)<br>• The documents are relevant. As an example of an email Mr. Kim did not preserve, he received an email with Bates S-ITC-800026052, dated November 7, 2011, stating "Let's research the bug sensing method applied to iPhone 4S and benchmark it." He also received an email with Bates SAMNDCA11564012, dated April 25, 2011, reporting the results of a comparison test of Galaxy S/S2 and iPhone 4G regarding power consumption and battery life. Relevance is also demonstrated by Samsung's having produced the documents from other custodians.<br>• In addition to the change from resistive to capacitive touch screens, Mr. Kim testified that he worked on the development of displays and touch devices and was also in charge of the display lab. (Kim Reply Decl. Ex. 11 at 11:11-18; 19:15-18; 12:16-13:10.) Mr. Kim would have been involved with the ongoing analysis of Samsung's capacitive touch screens, including comparisons with competitor products, which is relevant to Apple's claims. |

sf-3154799

2

|  |  |
|---|---|
|  | - Other custodians' production of 124 emails that Mr. Kim authored or received but that he did not preserve demonstrates that Mr. Kim failed to preserve all relevant documents.  Those documents are likely the tip of the iceberg, and Apple was entitled to receive the *unique* documents that were only in Mr. Kim's possession and not produced by other custodians. |

| Hangil Song<br>Senior Designer ||
|---|---|
| **Samsung's Opposition** | **Apple's Response** |
| - Apple has not demonstrated that Mr. Song destroyed any documents with a culpable state of mind.  He was sent a litigation hold notice on August 8, 2011 (Watson Decl. Ex. 33 at Ex. AA, p. 23), and testified that he took efforts to preserve documents.  (Watson Decl., Ex. 24 at 10:5- 11:5.)<br>- Since February 2010, more than a year before Samsung's obligation to preserve documents arose, Mr. Song has worked in Samsung's Future Design Lab on products that have not been released to date.  (Watson Decl., Ex. 19 at 14:13-21, 18:1-16; *id.*, Ex. 24 at 22:10-23:2, 23:22-24:4.)  The fact that Mr. Song has not worked on relevant products since 2010 makes it unsurprising that his production was limited.<br>- Any supposedly destroyed documents would have been cumulative.  Samsung has produced at least 77 emails from other custodians that list Mr. Song as the author or a recipient and at least an additional 501 documents that refer to him.  (Binder Decl. ¶ 19.) | - Samsung admits that Mr. Song failed to preserve at least 77 emails he authored or received.  (Binder Decl. ¶ 19.)<br>- The documents are relevant.  As an example of emails Mr. Song did not preserve, he continued to receive email news updates about Apple and Apple products well into 2011, such as the email with Bates SAMNDCA10287867, dated May 17, 2011, and with Bates SAMNDCA10288484, dated June 15, 2011.  Relevance is also demonstrated by Samsung's having produced the documents from other custodians.<br>- Other custodians' production of 77 emails that Mr. Song authored or received but that he did not preserve demonstrates that Mr. Song failed to preserve all relevant documents.  Those documents are likely the tip of the iceberg, and Apple was entitled to receive the *unique* documents that were only in Mr. Song's possession and not produced by other custodians. |

| Hyoung-Shin Park<br>Senior Designer ||
|---|---|
| **Samsung's Opposition** | **Apple's Response** |
| - Ms. Park received a timely hold notice on May 9, 2011 (Watson Decl. Ex. 33 at Ex. X, | - Samsung admits that Ms. Park failed to preserve at least 220 emails she authored or |

3

sf-3154799

| | |
|---|---|
| p. 19), and Apple has not demonstrated that she destroyed any relevant documents with a culpable state of mind.<br>• Ms. Park worked on the Samsung F700 phone, which was designed in 2006, five years before Samsung's obligation to preserve documents arose. (Watson Decl. Ex. 20 at 11:19-20.) Apple has failed to demonstrate that she worked on any relevant product since.<br>• Any supposedly destroyed documents would have been cumulative. Samsung has produced at least 220 emails from other custodians that list Ms. Park as the author or a recipient and at least an additional 128 documents that refer to her. (Binder Decl. ¶ 19.) | received. (Binder Decl. ¶ 19.)<br>• The documents are relevant. As an example of an email Ms. Park did not preserve, she received an email with Bates SAMNDCA00530574, dated June 9, 2011, discussing and analyzing Apple's iCloud strategy. Relevance is also demonstrated by Samsung's having produced the documents from other custodians.<br>• Ms. Park's state of mind is not at issue. Samsung has not offered any evidence (in declarations or otherwise) that she took steps to identify all potentially relevant emails and preserve them (much less what steps she took to do so).<br>• Other custodians' production of 220 emails that Ms. Park authored or received but that she did not preserve demonstrates that Ms. Park failed to preserve all relevant documents. Those documents are likely the tip of the iceberg, and Apple was entitled to receive the *unique* documents that were only in Ms. Park's possession and not produced by other custodians. |

| Ioi Lam<br>Software Engineer for Samsung Telecommunications America ||
|---|---|
| **Samsung's Opposition** | **Apple's Response** |
| • Apple has not demonstrated that Mr. Lam destroyed documents with a culpable state of mind. As an STA employee, he used Outlook, not MySingle, and received litigation hold notices on April 20, 2011 and April 26, 2011. (Watson Decl., Ex. 33 at 2; Ioi Lam Decl. ¶ 5.) Even before then, Mr. Lam all of his non-spam email preserved since at least April 15, 2011. (Finnegan Decl., ¶ 4.) Mr. Lam saved documents related to his work because he was subject to numerous litigation hold notices while he was employed at STA. (Ioi Lam Decl. ¶ 5.)<br>• Apple has not demonstrated that Mr. Lam possessed relevant documents, let alone demonstrated that he destroyed them with a culpable state of mind. It was Google, not | • Samsung admits that Mr. Lam failed to preserve at least 159 emails he authored or received. (Binder Decl. ¶ 19.)<br>• The documents are relevant. As an example of an email Mr. Lam did not preserve, he sent and received emails in an email chain with Bates SAMNDCA00229449, dated March 3, 2011, comparing the responsiveness of various features of the Galaxy S, iPhone 4, and Optimus smart phones. (Kim Decl. ¶ 16 & Ex. 6.) Mr. Lam also sent an email with Bates SAMNDCA00229433, dated May 2, 2011, responding to a request that the Galaxy Tab's elastic effect be revised to be the same as the iPad and iPhone. |

| | |
|---|---|
| Samsung, that developed the baseline source code for the double-tap to zoom feature. (Watson Decl. Ex. 13 at 33:20-34:4; 45:17-47:6.) Both the double-tap and "bounce" features were incorporated into the accused Galaxy Tab, which was released on May 3, 2011. (Watson Decl., Ex. 9 at 8.) Thus, the decisions to implement those features would have been made long before the duty to preserve documents attached.<br>• Any supposedly destroyed documents would have been cumulative. Samsung has produced at least 159 emails from other custodians that list Mr. Lam as the author or a recipient and at least an additional 89 documents that refer to him. (Binder Decl. ¶ 19.) Apple has deposed, and Samsung has produced documents sourced to, at least nine other witnesses who worked on the "bounce" feature, including Qi Ling and Jaegwan Shin, who worked alongside Mr. Lam in Samsung's San Jose Lab. (Binder Decl. ¶ 12.) | • Samsung argues that the bounce and double-tap features were incorporated into the accused Galaxy Tab on May 3, 2011, and that the decision to implement these features would have been made much earlier. Relevant documents would include not only the decision to implement, but also the ongoing analysis of these features vis-à-vis competitors' products. The documents cited in Apple's motion related to such post-implementation discussions. (Kim Decl. Exs. 6 & 7.)<br>• Despite its earlier representations that it was not de-duping documents across custodians (Kim Reply Decl. ¶¶ 9-10 & Ex. 9), Samsung now conveniently maintains that Mr. Lam's emails "were mistakenly de-duplicated against emails from his colleagues." (Opp. at 12.) Samsung produced only 18 emails from his custodial files, leading to the unlikely conclusion that Mr. Lam would have only had 18 unique emails related to the bounce effect—even though he was one of the key software engineers responsible for implementing this feature and Samsung's corporate designee on these issues. Apple was entitled to receive the *unique* documents that were only in Mr. Lam's possession and not produced by other custodians. |

| Jong-Dae Park<br>Engineer | |
|---|---|
| **Samsung's Opposition** | **Apple's Response** |
| • Apple has not demonstrated that Mr. Park destroyed documents with a culpable state of mind. He was sent and received a litigation hold notice on February 13, 2012. (Watson Decl., Ex. 33 at Ex. AA, p. 25; Jong-Dae Park Decl. ¶ 4.) Mr. Park took steps to preserve his documents in accordance with the litigation hold notice and did not intentionally delete any that may have been relevant to this litigation. (Jong-Dae Park Decl. ¶¶ 4, 7.) | • Samsung admits that Mr. Park failed to preserve at least 470 emails he authored or received. (Binder Decl. ¶ 19.)<br>• Samsung's duty to preserve attached in August 2010, when litigation was reasonably foreseeable. (Kim Decl. Ex. 9 at Ex. A.) Samsung was obligated to preserve Mr. Park's documents from that time, even though Mr. Lee did not receive a litigation hold notice until February 2012. |

| Samsung's Opposition | Apple's Response |
|---|---|
| • Mr. Park worked on the touch screen controller, which was originally implicated by Apple's '607, '129, and '828 patents. Only a single claim of the '607 patent is still asserted in this case. The touch screen controller for the Galaxy Tab 10.1, the only product accused of infringing the '607 patent that was released after this litigation was initiated, was approved on February 25, 2011 (*id.* at ¶ 6), before the obligation to preserve documents arose.<br>• Any supposedly destroyed documents would have been cumulative. Samsung has produced at least 470 emails from other custodians that list Mr. Park as the author or a recipient and at least an additional 150 documents that refer to him. (Binder Decl. ¶ 19.) Apple has deposed at least four other witnesses who worked on touch screens, including a 30(b)(6) witness on certain touch screen related topics. (Binder Decl. ¶ 13.) | • Other custodians' production of 470 emails that Mr. Park authored or received but that he did not preserve demonstrates that Mr. Park failed to preserve all relevant documents. Those documents are likely the tip of the iceberg, and Apple was entitled to receive the *unique* documents that were only in Mr. Park's possession and not produced by other custodians. |

| Joon-Il Choi |
|---|
| Senior Manager of Samsung's R&D Development Management Group |

| Samsung's Opposition | Apple's Response |
|---|---|
| • Apple has made no showing that any relevant documents were destroyed after receiving a litigation hold notice – let alone with a culpable state of mind.<br>• Mr. Choi was sent a litigation hold on July 13, 2011. (Hankil Kang Decl. ¶ 18.)<br>• Mr. Choi has used Outlook to save all emails since approximately late 2010 or early 2011. (Watson Decl., Ex. 11 at 33:21-35:24.) Mr. Choi's emails were not processed by Samsung's vendor. (Raymond Warren Decl. ¶ 6.) This error has since been corrected and Samsung produced 1989 files from the email .pst file that was not originally processed. (*Id.* ¶ 7.)<br>• Apple complains that a duplicate of the document SAMNDCA00513783 was not produced from Mr. Choi's files. (*See* Ester Kim Decl. ¶ 9.) That is not correct. (*See* | • Until very recently, Samsung had produced zero emails from the custodial files of Joon-Il Choi. On May 26, 2012, three days before it filed its opposition, Samsung belatedly produced 1,989 emails (including attachments) from Mr. Choi's custodial files. This production included many relevant documents regarding comparisons with, copying of, and discussions regarding Apple and Apple products that should have been produced long ago—including a copy of the email cited in Apple's motion, *ie.*, SAMNDCA00513783. (*See* Kim Reply Decl. Ex. 5.) |

| | |
|---|---|
| Binder Decl. ¶ 11.)<br>• Any supposedly destroyed documents would have been cumulative. Samsung has produced at least 112 emails from other custodians that list Mr. Choi as the author or a recipient and at least an additional 42 documents that refer to him. (Binder Decl. ¶ 19.) | |

| Minhyouk Lee<br>Vice President and formerly Principal Designer in the Product Design Group ||
|---|---|
| **Samsung's Opposition** | **Apple's Response** |
| • Apple has made no showing that any relevant documents were destroyed after receiving a litigation hold notice – let alone with a culpable state of mind. Mr. Lee was sent a timely litigation hold notice on May 9, 2011. (Watson Decl. Ex. 33 at Ex. X, p. 19; Mynhyouk Lee Decl. ¶ 4.) He automatically saved all emails and did not delete any emails after receiving the notice. (Watson Decl., Ex. 8 at 86:13-88:18.)<br>• Mr. Lee's work concerning the Galaxy S was completed before the end of 2010. (Minhyouk Lee Decl. ¶ 5.) Thus, relevant documents from Mr. Lee's work designing the Galaxy S would have been generated before the obligation to preserve documents arose. Mr. Lee also never intentionally deleted any evidence that may have been relevant to this litigation. (*Id.* at ¶ 6.)<br>• The supposedly destroyed documents would have been cumulative. Samsung has produced at least 155 emails from other custodians that list Mr. Lee as the author or a recipient and at least an additional 1,036 documents that refer to him. (Binder Decl. ¶ 19.) | • Samsung admits that Mr. Lee failed to preserve at least 155 emails he authored or received. (Binder Decl. ¶ 19.)<br>• The documents are relevant. As an example of an email Mr. Lee did not preserve, he received an email with Bates SAMNDCA00509359, dated January 12, 2011, discussing the response to Verizon's iPhone and the impact it would have on Samsung. (Kim Decl. ¶ 12 & Ex. 5, 8.) Relevance is also demonstrated by Samsung's having produced the documents from other custodians.<br>• Samsung's duty to preserve attached in August 2010, when it first sent litigation hold notices, including to Mr. Lee. (Kim Decl. Ex. 9 at Ex. S.) The Court should not credit Samsung's belated amendment of its transparency disclosures that changed the date he received a hold notice. *See, e.g.*, *Premier Displays & Exhibits v. Cogswell*, No. SACV 09-354, 2009 U.S. Dist. LEXIS 119462, at *22-29 (C.D. Cal. Dec. 23,2009). Samsung was obligated to preserve the documents even if Mr. Lee had not received a litigation hold notice.<br>• Mr. Lee's state of mind is not at issue. He testifies that he did not delete emails and that he "set *automatic* save on it," and by "it," Mr. Lee was referring to the mySingle email system that he uses. (Watson Decl. Ex. 8 at 86:17-20 & 88:20-89:9 (emphasis added).) Samsung has not presented any |

|  | evidence of an automatic save feature in mySingle.  To save emails within mySingle, users must manually click the "Save All" button at least every two weeks to preserve emails.  (Han-Yeol Ryu Decl. ¶ 5.)  And Mr. Lee did not testify or declare that he uses Outlook.  (*See* Minhyouk Lee Decl.; Watson Decl. Ex. 8 at 86:13-88:18.)
• Other custodians' production of 155 emails that Mr. Lee authored or received but that he did not preserve demonstrates that Mr. Lee failed to preserve all relevant documents.  Those documents are likely the tip of the iceberg, and Apple was entitled to receive the *unique* documents that were only in Mr. Lee's possession and not produced by other custodians. |
|---|---|

| Nara Cho<br>Senior Manager involved in product planning ||
|---|---|
| **Samsung's Opposition** | **Apple's Response** |
| • Apple has not demonstrated that Mr. Cho destroyed documents with a culpable state of mind.  Mr. Cho was informed of his duty to preserve documents in the fall of 2011. (Nara Cho Decl. ¶ 4.)  He preserved documents in accordance with those instructions. (*Id.*)<br>• Mr. Cho did not have any input into the actual industrial design of Samsung's tablet products.  (Watson Decl., Ex. 14 at 6:20-9:21, 12:12-23; Nara Cho Decl. ¶ 5.) Further, Mr. Cho's work on the Galaxy 10.1 took place during the second quarter of 2011 and earlier, and had only sent one or more emails regarding the Galaxy Tab each week. (Nara Cho Decl. ¶ 5.)  He never intentionally deleted evidence that may have been relevant.  (*Id.* at 6.)<br>• Any supposedly destroyed documents would have been cumulative.  Apple has deposed Junho Park, the Director of Product Planning for North America, and Mr. Cho's superior, whose custodial production included 2,358 emails. (Binder | • Samsung admits that Mr. Cho failed to preserve at least 1,027 emails he authored or received.  (Binder Decl. ¶ 19.)<br>• The documents are relevant.  As an example of an email Mr. Cho did not preserve, he received an email with Bates S-ITC-500078925, dated October 25, 2011, comparing Galaxy Tab features to the iPad. Relevance is also demonstrated by Samsung's having produced the documents from other custodians.<br>• Mr. Cho's state of mind is not at issue.  He never declares that he took steps to identify all potentially relevant emails and preserve them (much less what steps he took to do so)—other than to generically state that he "preserved [his] documents and emails in accordance with the instructions that [he] received."  (Nara Cho Decl. ¶ 4.)  Even though he declares that he "would generally send one or more emails regarding the Galaxy Tab 10.1 each week," Samsung only produced two emails from his files.<br>• Even if Mr. Cho "did not have any input |

| | |
|---|---|
| Decl. ¶ 14.)  Samsung has produced at least 1,027 emails from other custodians that list Mr. Cho as the author or a recipient and at least an additional 149 documents that refer to him.  (Binder Decl. ¶ 19.) | into the actual industrial design of Samsung's tablet products," other custodians' production of 1,027 emails that Mr. Cho authored or received but that he did not preserve demonstrates that Mr. Cho failed to preserve all relevant documents. Those documents are likely the tip of the iceberg, and Apple was entitled to receive the *unique* documents that were only in Mr. Cho's possession and not produced by other custodians. |

| Seogguen Kim Vice President for Mobile Design ||
|---|---|
| **Samsung's Opposition** | **Apple's Response** |
| - Apple has not demonstrated that Mr. Kim destroyed any documents with a culpable state of mind.  Mr. Kim was sent a timely hold notice on May 24, 2011.  (Watson Decl. Ex. 33 at Ex. S, p. 1.)<br>- Indeed, over two days of deposition, Apple sought no information on document retention.<br>- Any supposedly destroyed documents would have been cumulative.  Samsung has produced at least 1,030 emails from other custodians that list Mr. Kim as the author or a recipient and at least an additional 319 documents that refer to him.  (Binder Decl. ¶ 19.) | - Samsung admits that Mr. Kim failed to preserve at least 1,030 emails he authored or received.  (Binder Decl. ¶ 19.)<br>- The documents are relevant.  As an example of an email Mr. Kim did not preserve, he received an email with Bates SAMNDCA00507667, dated June 9, 2011, discussing the U.S. Galaxy Tab 10.1 (P4) launch and comparing it to the iPad2 launch.  Relevance is also demonstrated by Samsung's having produced the documents from other custodians.<br>- Samsung's duty to preserve attached in August 2010, when it first sent litigation hold notices, including to Mr. Kim.  (Kim Decl. Ex. 9 at Ex. S.)  The Court should not credit Samsung's belated amendment of its transparency disclosures that changed the date he received a hold notice.  *See, e.g.*, *Premier Displays & Exhibits v. Cogswell*, No. SACV 09-354, 2009 U.S. Dist. LEXIS 119462, at *22-29 (C.D. Cal. Dec. 23, 2009).  Samsung was obligated to preserve the documents even if Mr. Kim had not received a litigation hold notice.<br>- Mr. Kim's state of mind is not at issue. Samsung offers no declaration from Mr. Kim that he did not destroy documents, nor that he took steps to identify all potentially relevant emails and preserve |

|  | |
|---|---|
| | them (much less what steps he took to do so). |
| | • Other custodians' production of 1,030 emails that Mr. Kim authored or received but that he did not preserve demonstrates that Mr. Kim failed to preserve all relevant documents. Those documents are likely the tip of the iceberg, and Apple was entitled to receive the *unique* documents that were only in Mr. Kim's possession and not produced by other custodians. |

| Seunghwan Cho<br>Executive Vice President of Advanced R&D Team 2 ||
|---|---|
| **Samsung's Opposition** | **Apple's Response** |
| • Apple has not demonstrated that Mr. Cho destroyed documents with a culpable state of mind. Mr. Cho received a hold notice May 24, 2011. (Watson Decl. Ex. 33 at Ex. S, p. 1.)<br>• Mr. Cho testified that he worked on the Galaxy S phone in 2010, and that he never personally compared the iPhone with the Galaxy S. (Watson Decl., Ex. 21 at 15:25-17:10, 101:3-25.)<br>• Any supposedly destroyed documents would have been cumulative. Apple obtained discovery from at least 10 hardware designers who would have more direct knowledge about any of the issues in the case and at least 12 other witnesses who would have more direct knowledge about the UX issues in the case. (Binder Decl. ¶ 16.) Samsung has produced at least 1,167 emails from other custodians that list Mr. Cho as the author or a recipient and at least an additional 327 documents that refer to him. (Binder Decl. ¶ 19.) | • Samsung admits that Mr. Cho failed to preserve at least 1,167 emails he authored or received. (Binder Decl. ¶ 19.)<br>• The documents are relevant. As an example of an email Mr. Cho did not preserve, he received an email with Bates SAMNDCA00511554, dated July 12, 2011, regarding product testing and comparison of the Galaxy 10.1 and iPad 2. This Court has already explicitly found that Mr. "Cho was directly involved in reviewing certain Samsung features in relation to Apple, and seeking detailed feedback from designers." (Dkt. No. 850 at 12.) Relevance is also demonstrated by Samsung's having produced the documents from other custodians.<br>• Samsung's duty to preserve attached in August 2010, when it first sent litigation hold notices, including to Mr. Cho. (Kim Decl. Ex. 9 at Ex. S.) The Court should not credit Samsung's belated amendment of its transparency disclosures that changed the date he received a hold notice. *See, e.g.*, *Premier Displays & Exhibits v. Cogswell*, No. SACV 09-354, 2009 U.S. Dist. LEXIS 119462, at *22-29 (C.D. Cal. Dec. 23,2009). Samsung was obligated to preserve the documents even if Mr. Cho had not received a litigation hold notice. |

|  | • Mr. Cho's state of mind is not at issue. Samsung offers no declaration or testimony from Mr. Cho that he did not destroy documents, nor that he took steps to identify all potentially relevant emails and preserve them (much less what steps he took to do so). |
|---|---|
|  | • Despite Mr. Cho's testimony that "he never personally compared the iPhone with the Galaxy S," other custodians' production of 1,167 emails that Mr. Cho authored or received but that he did not preserve demonstrates that Mr. Cho failed to preserve all relevant documents. Those documents are likely the tip of the iceberg, and Apple was entitled to receive the *unique* documents that were only in Mr. Cho's possession and not produced by other custodians. |

| Sungsik Lee<br>Vice President of the Mobile UX Design Team ||
|---|---|
| **Samsung's Opposition** | **Apple's Response** |
| • Apple has failed to demonstrate that Mr. Lee destroyed any documents with a culpable state of mind. During his deposition, Apple failed to ask a single question regarding document preservation and Apple cites to no evidence or testimony that reflect any destruction after the obligation to preserve evidence arose. Indeed, if asked, Apple would have been told that most of Mr. Lee's work is done via phone or at in-person meetings, not over email. (Sungsik Lee Decl. ¶ 4.)<br>• Mr. Lee received a timely hold notice on May 24, 2011. (Watson Decl. Ex. 33 at Ex. S, p. 1.)<br>• Any supposedly destroyed documents would have been cumulative. Samsung has produced at least 3,102 emails from other custodians that list Mr. Lee as the author or a recipient and at least an additional 807 documents that refer to him. (Binder Decl. ¶ 19.) | • Samsung admits that Mr. Lee failed to preserve at least 3,102 emails he authored or received. (Binder Decl. ¶ 19.)<br>• The documents are relevant. As an example of an email Mr. Lee did not preserve, he received and sent emails in an email chain with Bates SAMNDCA10547392, dated July 5, 2011 discussing strengthening Samsung's UX competitiveness in comparison to Apple. Relevance is also demonstrated by Samsung's having produced the documents from other custodians.<br>• Samsung's duty to preserve attached in August 2010, when it first sent litigation hold notices, including to Mr. Lee. (Kim Decl. Ex. 9 at Ex. S.) The Court should not credit Samsung's belated amendment of its transparency disclosures that changed the date he received a hold notice. *See, e.g.*, *Premier Displays & Exhibits v. Cogswell*, No. SACV 09-354, 2009 U.S. Dist. LEXIS |

|  | 119462, at *22-29 (C.D. Cal. Dec. 23, 2009). Samsung was obligated to preserve the documents even if Mr. Lee had not received a litigation hold notice. |
|---|---|
|  | • Mr. Lee's state of mind is not at issue. He never declares that he took steps to identify all potentially relevant emails and preserve them (much less what steps he took to do so). (*See generally* Sungsik Lee Decl.) |
|  | • Despite his declaration that most of his "work is done via phone or at in-person meetings" (*id.* ¶ 4), other custodians' production of 3,102 emails that Mr. Lee authored or received but that he did not preserve demonstrates that Mr. Lee failed to preserve all relevant documents. Those documents are likely the tip of the iceberg, and Apple was entitled to receive the *unique* documents that were only in Mr. Lee's possession and not produced by other custodians. |

| Won Pyo Hong<br>Executive Vice President and Head of Global Product Strategy ||
|---|---|
| **Samsung's Opposition** | **Apple's Response** |
| • Apple has made no showing that any relevant documents were destroyed after receiving a litigation hold notice – let alone with a culpable state of mind. Dr. Hong was sent a litigation hold notice on May 24, 2011. (Watson Decl. Ex. 33 at Ex. S, p. 1.) Dr. Hong declares that at no time "did I intentionally delete any evidence that may have been relevant" to this case. (*Id.* at ¶ 6.)<br>• Dr. Hong is not a designer and was not directly involved in the day-to-day design process for the products at issue. (Wong Pyo Hong Decl. ¶ 4.)<br>• Apple has made no showing that any of the purportedly destroyed documents (if that even occurred) would have been relevant. Dr. Hong oversees a team with over 800 employees in nine departments (Dkt. 754-06 Hong Decl. ¶ 6) and his involvement in | • Samsung admits that Dr. Hong failed to preserve at least 65 emails he authored or received. (Binder Decl. ¶ 19.)<br>• The documents are relevant. As an example of an email Dr. Hong did not preserve, he received an email with Bates SAMNDCA00514571, dated March 11, 2011, describing how Samsung needed to respond to the iPad 2 with a slimmer Galaxy Tab (Kim Decl. ¶ 6 & Ex. 2.) This Court has already explicitly found that Dr. Hong does indeed have "unique, firsthand knowledge" regarding his "orders [to make] side-by-side comparisons of Apple and Samsung products for design presentations." (Dkt. No. 850 at 9-10.) Relevance is also demonstrated by Samsung's having produced the documents from other custodians. |

sf-3154799

12

| | |
|---|---|
| the products and features at issue is tangential at best.  Moreover, the e-mails that Apple claims show comparisons to Apple products (Mot. 4-5) were in fact produced from other custodians' files, so Apple has not been prejudiced.<br>• The supposedly destroyed documents would have been cumulative.  Apple has deposed a number of individuals in the product strategy team, including Dong Hoon Chang, head of Samsung Mobile Design Group, and Minhyouk Lee, a Samsung design executive.  Samsung has produced at least 65 emails where Dr. Hong was an author or recipient from the files of other custodians and 15 documents that refer to him.  (Binder Decl. ¶ 19.) | • Samsung's duty to preserve attached in August 2010, when it first sent litigation hold notices, including to Dr. Hong.  (Kim Decl. Ex. 9 at Ex. S.)  The Court should not credit Samsung's belated amendment of its transparency disclosures that changed the date he received a hold notice.  *See, e.g.*, *Premier Displays & Exhibits v. Cogswell*, No. SACV 09-354, 2009 U.S. Dist. LEXIS 119462, at *22-29 (C.D. Cal. Dec. 23, 2009).  Samsung was obligated to preserve the documents even if Dr. Hong had not received a litigation hold notice.<br>• Dr. Hong's state of mind is not at issue.  In his declaration, he never declares that he took steps to identify all potentially relevant emails and preserve them (much less what steps he took to do so).  (*See generally* Won Pyo Hong Decl.)<br>• Other custodians' production of 65 emails that Dr. Hong authored or received but that he did not preserve demonstrates that Dr. Hong failed to preserve all relevant documents.  Those documents are likely the tip of the iceberg, and Apple was entitled to receive the *unique* documents that were only in Dr. Hong's possession and not produced by other custodians. |

| YoungSoon Lee<br>Senior Engineer in the Intellectual Property Center ||
|---|---|
| **Samsung's Opposition** | **Apple's Response** |
| • Apple has not demonstrated that Ms. Lee destroyed any evidence with a culpable state of mind.  Ms. Lee was sent a timely litigation hold notice on May 3, 2011. (Watson Decl. Ex. 33 at Ex. X, p. 11; Declaration of YoungSoon Lee ¶ 4.)  She used Outlook and took steps to preserve documents after she received the May 3, 2011 notice, and never intentionally deleted any evidence that may have been relevant.  (Declaration of YoungSoon Lee ¶¶ 4, 6.)<br>• Ms. Lee works in Samsung's Intellectual | • Samsung admits that Ms. Lee failed to preserve at least 105 emails she authored or received.  (Binder Decl. ¶ 19.)<br>• Ms. Lee's state of mind is not at issue.  She never declares that she took steps to identify all potentially relevant emails and preserve them (much less what steps she took to do so)—other than to state that she uses Outlook and started preserving emails after May 3, 2011.  (YoungSoon Lee Decl. ¶ 4.) |

| | |
|---|---|
| Property Center at the direction of Samsung's in house counsel to assist them with current and pending litigation, as well as in the context of licensing discussions. (*Id.* at ¶ 5.) As a result, most all of her business related emails are privileged or work product. (*Id.*)<br>• Any supposedly destroyed documents would have been cumulative. Apple has deposed, and Samsung has produced documents from, a number of witnesses with knowledge of licensing negotiations, including Seongwoo Kim, Junwon Lee, Seungho Ahn, Minhyung Chung, and Kenneth Korea. (Binder Decl. ¶ 17.) Samsung has produced at least 105 emails from other custodians that list Ms. Lee as the author or a recipient and at least an additional 52 documents that refer to her. (Binder Decl. ¶ 19.) | • Despite her declaration that most of her work is done "at the direction of an attorney in anticipation of threatened or pending litigation" (*id.* ¶ 5) and Samsung's assertion that most of her "emails are privileged or work product," other custodians' production of 105 emails that Ms. Lee authored or received but that she did not preserve demonstrates that Ms. Lee failed to preserve all relevant documents. Those documents are likely the tip of the iceberg, and Apple was entitled to receive the *unique* documents that were only in Ms. Lee's possession and not produced by other custodians. |

# APPLE'S RESPONSES TO WATSON DECLARATION EXHIBIT 4
# REGARDING LATE RETENTION NOTICES

| Joo Hyuk Kang ||
|---|---|
| **Samsung's Opposition** | **Apple's Response** |
| • Apple has not demonstrated that Mr. Kang destroyed any documents with a culpable state of mind. Mr. Kang was sent a timely litigation hold notice on May 3, 2011 (Watson Decl. Ex. 33 at Ex. X, p. 18.), and uses Outlook, not MySingle, to preserve his emails. (Watson Decl. Ex. 26 at 15:9-17:11; Joo Hyuk Kang Decl. ¶¶ 4-6.) | • During his deposition, Mr. Kang testified that he was asked to preserve documents in "September/October time frame of last year." (Kim Decl. Ex. 12 at 13:22–25.)<br>• Mr. Kang's state of mind is not at issue. And he never declares that he took steps to identify all potentially relevant emails and preserve them (much less what steps he took to do so)—other than to generically state that he "preserved [his] documents and emails in accordance with the instructions that [he] received" and that he used Outlook. (Joo Hyuk Kang Decl. ¶¶ 4-5.) |

| Kang Hyun Lee ||
|---|---|
| **Samsung's Opposition** | **Apple's Response** |
| • Apple has not demonstrated that Mr. Lee destroyed any documents with a culpable state of mind. Mr. Lee received a timely hold notice on May 3, 2011 (Watson Decl. Ex. 33 at Ex. X, p. 11), and has used Outlook to preserve his emails for at least two years. (Watson Decl., Ex. 27 at 15:15-17:11; Kang Hyun Lee Decl. ¶¶ 4-6.) | • During his deposition, Mr. Lee testified that he was asked to preserve documents "either during the fall or winter" of 2011. (Kim Decl. Ex. 13 at 12:16–13:13.)<br>• Mr. Lee's state of mind is not at issue. And he never declares that he took steps to identify all potentially relevant emails and preserve them (much less what steps he took to do so)—other than to state that he used Outlook. (Kang Hyun Lee Decl. ¶¶ 4-5.) |

| Se-Hyun Cho ||
|---|---|
| **Samsung's Opposition** | **Apple's Response** |
| • Apple has not demonstrated that Mr. Cho destroyed any documents with a culpable state of mind. Mr. Cho received a timely litigation hold on May 3, 2011 (Watson Decl. Ex. 33 at Ex. X, p. 16) and testified that he saved all documents related to the patents in suit, saved emails to his | • During his deposition, Mr. Cho testified that he received a litigation hold notice "around the fall time." (Kim Decl. Ex. 14 at 34:13–17.) |

15
sf-3154799

| Samsung's Opposition | Apple's Response |
|---|---|
| computer, and turned them over to counsel. (Watson Decl., Ex. 28 at 27:20-28:17, 30:12-14, 33:3-11, 36:3-23; *see also* Se-Hyun Cho Decl. ¶ 4.) | • Mr. Cho's state of mind is not at issue. And he never declares that he took steps to identify all potentially relevant emails and preserve them (much less what steps he took to do so)—other than to generically state that he "preserved [his] documents and emails in accordance with the instructions that [he] received." (Se-Hyun Cho Decl. ¶ 4.) |

| Kyu Hyung Lee | |
|---|---|
| **Samsung's Opposition** | **Apple's Response** |
| • Apple has not demonstrated that Mr. Lee destroyed any documents with a culpable state of mind. Mr. Lee received a timely hold notice on July 13, 2011 (Watson Decl. Ex. 33 at Ex. AA, p. 8) and testified that he has used Outlook to save emails for approximately two years. (Watson Decl., Ex. 29 at 41:18-42:1.) | • During his deposition, Mr. Lee testified that he received instructions on retention of documents "around December" of 2011. (Kim Decl. Ex. 17 at 47:11-23.)<br>• Mr. Lee's state of mind is not at issue. Mr. Lee did not testify that he took steps to identify all potentially relevant emails and preserve them (much less what steps he took to do so—other than to say that he used Outlook. (*See* Watson Decl. Ex. 29 at 41:18-42:1.) |

| Junho Park | |
|---|---|
| **Samsung's Opposition** | **Apple's Response** |
| • Apple has not demonstrated that Mr. Park destroyed any documents with a culpable state of mind. Mr. Park received a timely hold notice on May 3, 2011. (Watson Decl. Ex. 33 at Ex. X, p. 18.) He testified that he learned of the lawsuit in the middle of 2011 and that he had been preserving emails using Outlook, not MySingle, on his work computer. (Watson Decl., Ex. 15 at 33:10-13, 35:12-36:4.) | • During his deposition, Mr. Park testified that he learned about the lawsuit the middle of 2011. (Kim Decl. Ex. 18 at 35:12-24.)<br>• Mr. Park's state of mind is not at issue. Mr. Park did not testify that he took steps to identify all potentially relevant emails and preserve them (much less what steps he took to do so)—other than to say that he used Outlook. (*See* Watson Decl. Ex. 15 at 33:10-13, 35:12-36:4.) |

| Wooup Kwon ||
|---|---|
| **Samsung's Opposition** | **Apple's Response** |
| • Apple has not demonstrated that Mr. Kwon destroyed any documents with a culpable state of mind. Mr. Kwon received a timely litigation hold notice on May 3, 2011 and July 13, 2011 and preserved documents in accordance therewith. (Watson Decl. Ex. 33 at Ex. X, p. 17; Wooup Kwon Decl. ¶¶ 5.) In addition, Mr. Kwon has used Outlook to save his emails since 2008. (Wooup Kwon Decl. ¶ 6.) | • During his deposition, Mr. Kwon testified that he was notified of this Investigation by Samsung "three weeks" before his deposition, which occurred in April 2012. (Kim Decl. Ex. 19 at 11:6-12:20.)<br>• Mr. Kwon's state of mind is not at issue. Mr. Kwon did not declare that he took steps to identify all potentially relevant emails and preserve them (much less what steps he took to do so)—other than to generically state that he "preserved [his] documents and emails in accordance with the instructions that [he] received" and that he used Outlook. (Wooup Kwon Decl. ¶5-6.) |

| Jaehwang Sim ||
|---|---|
| **Samsung's Opposition** | **Apple's Response** |
| • Apple has not demonstrated that Mr. Sim destroyed any documents with a culpable state of mind. Mr. Sim did not receive a litigation hold notice because he is not a relevant document custodian.<br>• Mr. Sim is a vice president in the management support team responsible for SEC's finances and was deposed solely as Samsung's FRCP 30(b)(6) designee on SEC's finances. (Hankil Kang Decl. ¶ 22.) He is not a document custodian for this litigation. (*Id.*) | • During his deposition, Mr. Sim testified that he did not recall receiving a document preservation notice and that he did not believe his email was ever collected in connection with this case. (Kim Decl. Ex. 20 at 303:12-15 & 304:12-15.)<br>• The production of documents pursuant to Apple's document requests are not limited to only documents in the possession of witnesses noticed by Apple. (*See* Fed. R. Civ. P. 34.) All responsive documents should be produced. (*See id.*) |

| Corey Kerstetter ||
|---|---|
| • Apple has not demonstrated that Mr. Kerstetter destroyed any documents with a culpable state of mind.<br>• As an STA employee, Mr. Kerstetter was sent litigation hold notices on April 20, 2011 and April 26, 2011. (Watson Decl., Ex. 33 at 2.) Even before then, Mr. | • During his deposition, Mr. Kerstetter testified that he did not recall specifically receiving a document retention notice for this case. (Kim Decl. Ex. 21 at 6:17-7:6.)<br>• Mr. Kerstetter's state of mind is not at issue. |

17
sf-3154799

|  |  |
|---|---|
| Kerstetter has all of his non-spam email preserved since at least April 15, 2011. (Declaration of Michael Finnegan, ¶ 4.)<br>• Mr. Kerstetter testified that he did not delete anything off his hard drive. (Watson Decl., Ex. 30 at 9:19-10:1.) In fact, during his deposition, Apple complained that too many documents – 91,000 pages – were produced from Mr. Kerstetter's files. (*Id.* at 8:3-5.) |  |

| Hyun Goo Woo ||
|---|---|
| **Samsung's Opposition** | **Apple's Response** |
| • Apple has not demonstrated that Mr. Woo destroyed any documents with a culpable state of mind. Mr. Woo received a timely litigation hold notice on May 20, 2011. (Watson Decl. Ex. 33 at Ex. X, p. 21.) | • During his deposition, Mr. Woo testified that he did not take any steps to preserve email. (Kim Decl. Ex. 22 at 9:18-10:5.)<br>• Mr. Woo's state of mind is not at issue. Samsung offers no evidence that Mr. Woo took steps to identify all potentially relevant emails and preserve them (much less what steps he took to do so). |