HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
JENNIFER LEE TAYLOR (CA SBN 161368)
jtaylor@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK (PSG)<br><br>**APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO COMPEL DEPOSITIONS AND TO FILE SUPPLEMENTAL BRIEF IN OPPOSITION TO PERMANENT INJUNCTION**<br><br>**UNDER SEAL** |

APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO COMPEL
CASE NO. 11-CV-01846-LHK (PSG)
sf-3218288

**INTRODUCTION**

Samsung's motion to compel fails to establish the good cause required to take a second round of expert depositions and to file a second brief in opposition to Apple's motion for a permanent injunction. Samsung has already deposed Apple's experts and filed its opposition. Apple's reply declarations do not justify further depositions or another brief because they were proper rebuttal to new expert opinions and arguments that Samsung presented in its opposition.

Samsung's motion is not similar to Apple's recent motion to compel, which Apple filed two court days after Samsung submitted entirely new expert opinions that did not reply to declarations or arguments in Apple's opening papers. Unlike Apple, Samsung waited one week to move to depose experts whom it has already deposed and whose declarations were limited to responding to the new declarations and arguments in Samsung's opposition. Moreover, Samsung seeks to file a "supplemental brief," even though the briefing is complete and the Court held on a prior motion that the new evidence in Samsung's opposition did not justify altering its briefing order "at this late stage," since "the parties were aware before the briefing even began that additional evidence would be necessary." (Dkt. 2104 at 2.) Samsung's motion should be denied.

**ARGUMENT**

**I.   SAMSUNG HAS FAILED TO JUSTIFY ANOTHER ROUND OF EXPERT DEPOSITIONS**

**A.   John Hauser**

Samsung's request to depose John Hauser highlights the differences between Samsung's motion and Apple's prior motion to compel. Apple had no advance notice of the new opinions of Samsung's experts. Samsung, in contrast, had ample notice of Dr. Hauser's surveys that use "conjoint analysis" to evaluate demand for specific product features, which Dr. Hauser discussed in his detailed expert report of March 22, 2012 (Dkt. 927-13 (under seal)), and during Samsung's cross-examination of Dr. Hauser in deposition and at trial. (Tr. 1917-45.) And Samsung's expert, R. Sukumar, replied to Dr. Hauser's analysis in his April 16, 2012, rebuttal report. (Declaration of Erik J. Olson in Support of Apple's Opposition to Samsung's Motion to Compel Depositions and to File Supplemental Brief ("Olson Decl."), Ex. 1.)

1    Apple's permanent injunction motion relied solely on Dr. Hauser's trial testimony and a
2    summary of his opinions admitted at trial.  (Dkt. 1982-1 at 9:5-14, citing PX30 and Tr. 1914-23,
3    1929, 1946.).  Although Apple presented no new material, Samsung's opposition did not rely on
4    its prior rebuttal report or cross examination of Dr. Hauser.  Instead, Samsung submitted lengthy
5    declarations from two new experts, as well as a new declaration from Dr. Sukumar, who attacked
6    Dr. Hauser's prior opinions on new grounds Samsung had never disclosed.  (*Compare* Dkt.
7    2054-1, 2054-4, 2054-3, *with* Olson Decl. Ex. 1.)  Apple moved to depose Samsung's two new
8    experts (Wind and Erdem), since they had never been disclosed or deposed.   (Dkt. 2082 at 2-4.)

9    Dr. Hauser's reply declaration makes clear that its sole purpose is to respond to the new
10   expert opinions in Samsung's October 19 opposition, which Apple could not have addressed
11   previously.  (Dkt. 2130 ¶ 3.)  This is proper evidence for reply.  *See Edwards v. Toys "R" Us*, 527
12   F. Supp. 2d 1197, 1205 n. 31 (C.D. Cal. 2007) ("Evidence is not 'new,' however, if it is
13   submitted in direct response to proof adduced in opposition to a motion").

14   Dr. Hauser's opinion that his surveys show substantial consumer demand for the patented
15   features is not "new evidence" in reply, as Samsung suggests.  (Dkt. 2141-3 at 4:9-10.)  Samsung
16   itself quotes Dr. Hauser's trial testimony that makes this exact point.  (*Id*. at 4:16-17, quoting Tr.
17   1916:11-13 (survey results reflect "substantial demand for the features associated with the patents
18   at issue in this case").)  Dr. Hauser never stated in his expert report that his surveys did not assess
19   consumer demand, as Samsung now claims.  (*See* Dkt. 2130 ¶¶ 10-11.)  To the contrary, Apple
20   relied on Dr. Hauser's report as showing demand for the patented features from the outset, as
21   illustrated by the March 2012 report of Apple's damages expert, which noted that Dr. Hauser's
22   analysis "strongly supports a conclusion that there is demand for the specific patented features in-
23   suit and that their presence (or absence) will affect consumer decision-making."  (Dkt. 927-5
24   ¶ 122 (under seal).)   It was not until its October 19 opposition that Samsung argued for the first
25   time that the willingness of consumers to pay a premium for patented features is unrelated to
26   consumer demand.  (Dkt. 2141-3 at 4:10-15.)  Samsung's new argument is contrary to
27   fundamental economic principles and is refuted by its own expert's admission that if consumers
28   are "willing to pay more for a product with the feature and actually buy a product at a higher price,

1  then obviously it is indicated that this feature is important for them, and therefore, it affects their
2  willingness to buy the product." (Dkt. 2130 ¶¶ 6-11; Dkt. 2130-3 at 20:9-19.)  Samsung
3  complains that Dr. Hauser cited economic textbooks to support this point, but this was a direct
4  response to Samsung's new argument.  (Dkt. 2130 ¶ 8.)  Dr. Hauser's opinion about consumer
5  demand does not reflect any change in position that might justify another deposition.

6       Similarly, what Samsung terms "new calculations" (Dkt. 2141-3 at 4:20-22), are merely
7  revisions to the new calculations of Dr. Wind and Dr. Sukumar that Samsung presented for the
8  first time in its opposition, adjusted to use the proper methodology and assumptions.  (Dkt. 2130
9  ¶¶ 21-24, 28-29; Dkt. 2130-5.)  Samsung's new calculations are based on the survey data Apple
10 produced to Samsung in March and could have been prepared long ago.  Samsung cannot
11 properly complain that Dr. Hauser is replying to calculations Samsung chose not to present until
12 its October 19 opposition, especially since Dr. Hauser relies on the same survey data and
13 methodology discussed in his expert report.  Samsung has had ample opportunity to explore Dr.
14 Hauser's opinions and cannot rely on its belated presentation of new evidence to support another
15 deposition.  If, however, Dr. Hauser were to be deposed again, Apple should be allowed to depose
16 Dr. Sukumar about the new calculations and opinions in his October 19 declaration.

17      **B.**    **Marylee Robinson**

18        Samsung has failed to justify a second deposition of Marylee Robinson.  As noted before,
19 Ms. Robinson works with Apple's primary damages expert, Terry Musika, and submitted a
20 declaration on September 21 to support Apple's post-trial motions only because Mr. Musika was
21 seriously ill.  (Dkt. 2100-1 at 1:9-13; Dkt. 1982-71 ¶ 4.)  Her 16-page declaration addressed
22 several topics, including supplemental damages on additional infringing sales from July to
23 December 2012 (which the jury award did not cover); prejudgment interest; and willfulness
24 enhancements related to lost profits caused by Samsung's sale of products that the jury found to
25 dilute Apple's trade dress rights.  (Dkt. 1982-71 (under seal).)  On October 19, Samsung
26 criticized Ms. Robinson's opinions in its oppositions and two expert declarations.  (Dkt. 2053,
27 2054, 2059, 2065.)  On November 5, Samsung deposed Ms. Robinson about her September 21
28 declaration and Samsung's criticisms.  (Olson Decl. Ex. 2.)  On November 9, Ms. Robinson

APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO COMPEL
CASE NO. 11-CV-01846-LHK (PSG)
sf-3218288

3

1  submitted a short declaration that replied to Samsung's criticisms and updated a few calculations
2  in view of information Samsung disclosed after her deposition. (Dkt. 2129.)

3  Samsung had and took the opportunity to explore every subject in Ms. Robinson's reply
4  declaration at her deposition except where Samsung's own conduct prevented her from updating
5  her calculation.  There is thus no justification for another deposition.

6  Ms. Robinson's November 9 reply declaration addressed only two subjects:  supplemental
7  damages and the damages model for willfulness enhancements discussed in her September 21
8  declaration.  (Dkt. 2129 ¶¶ 2-15; *see* Dkt. 1982-71 ¶¶ 6-28.)  Samsung's allegation that Ms.
9  Robinson was not prepared to address updates to supplemental damages at her deposition relies
10 on an inaccurate claim that she intentionally withheld her calculations from Samsung.  To the
11 contrary, it was Samsung, not Ms. Robinson, that withheld information.  Ms. Robinson fully
12 disclosed the methodology for the calculations in her September 21 declaration and exhibits (Dkt.
13 1982-71 ¶ 11; Dkt. 1982-74), and Apple produced the relevant Excel spreadsheet to Samsung
14 with formulas that enabled Samsung to perform the same calculations with her data or any new
15 data.  (Olson Decl. Ex. 3.)  As Ms. Robinson explained, she used Samsung's actual sales from
16 October 2011 to June 2012 to estimate likely future sales, and then multiplied the total sales
17 volume by the average per-unit damages that the jury had awarded.  (Dkt. 1982-71 ¶¶ 9-12.)

18 With its opposition, Samsung provided very high-level post-June sales data for only 8 of
19 26 infringing products.  (Dkt. 2060, Ex. 2 (under seal).)  Despite Apple's repeated requests,
20 Samsung refused to provide sales data for the 18 missing products or to provide underlying sales
21 records for any of the 26 products.  (Olson Decl. Ex. 3.)  Samsung's refusal was itself a
22 significant subject of Ms. Robinson's deposition.  (*Id.* Ex. 2 at 115:24-116:21.)  On November 7,
23 two days *after* the deposition, Samsung's counsel represented that only one of the 18 products
24 had post-June sales and provided high-level information for that product, but still refused to
25 provide any underlying sales records.  (Olson Decl. Ex. 4.)  Samsung's refusal raised concerns
26 about the reliability of Samsung's summary data, but in view of Samsung's belated representation
27 about its other products, Ms. Robinson prepared an alternative supplemental damages calculation
28 by substituting Samsung's new sales data into the previously produced Excel spreadsheet.  (Dkt.

1  2129 ¶¶ 5-6; *compare* Dkt. 1982-74, *with* Dkt. 2127-28 (under seal).)  Samsung has no basis to
2  demand another deposition about calculations that Samsung's delay prevented Ms. Robinson
3  from performing earlier, especially since she simply applied the same methodology and formulas
4  that Samsung explored at her deposition to new Samsung data.

5  Samsung also has no basis to demand another deposition about Ms. Robinson's lost
6  profits model for enhanced damages.  Samsung asked Ms. Robinson numerous questions about
7  this subject at her deposition, covering *every single issue* in her reply declaration.  (*See* Olson
8  Decl. Ex. 2 at 74:18-97:7; *id.* ¶ 6.)  For example, Samsung covered Ms. Robinson's handling of
9  market share calculations and traditional *Mor-Flo* analysis; Ms. Robinson explained, consistent
10 with her declaration, that she did not use a traditional *Mor-Flo* reduction because she wanted to
11 use a "more conservative analysis" that would "not assign more units to any of the [other market]
12 participants than necessary." (*Id*. Ex. 2 at 79:1-80:2.).  Samsung also confirmed that Ms.
13 Robinson had not taken design-arounds into account, but failed to ask the obvious follow-up
14 question of why she had not done so.  (*Id.* at 89:2-18.)  Given Samsung's failure to ask this
15 question, Samsung cannot properly demand a second deposition to ask why design-arounds
16 "would not reduce the harm suffered by Apple." (*See* Dkt. 2141-3 at 6:3-8.)

17 If, however, Ms. Robinson were to be deposed again, the deposition should be limited to
18 one hour in view of her reply declaration's narrow scope.  Further, Apple should be allowed to
19 depose Corey Kerstetter, since his October 19 declaration provides the sole foundation for the
20 summary data that Ms. Robinson used in her alternative calculation, and for Samsung's new
21 claim that supplemental damages should be millions of dollars less than Apple proposes.  (*See*
22 Dkt. 2034 at 27:24-28:2; Dkt. 2060, Ex. 2 (under seal).)  The reliability of Mr. Kerstetter's new
23 data is at issue in view of Samsung's refusal to produce the underlying records.  (Dkt. 2129 ¶ 5.)

24 **C.    Karan Singh**

25 Samsung has failed to justify another deposition of Dr. Singh.  Samsung received Dr.
26 Singh's expert reports, deposed him for two days, and cross-examined him at trial about his
27 opinion that Samsung is infringing the '915 patent.  (*See* Tr. 1849:1-1877:5.)  In its permanent
28 injunction motion, Apple relied on the jury verdict that the accused products infringe claim 8 of

1   the '915 patent and thus had no need to submit further testimony from Dr. Singh.  Samsung
2   argued in its opposition that it had "implemented non-infringing design-arounds," citing Stephen
3   Gray's new declaration that claimed that Samsung's "new source code" is non-infringing, but that
4   did not attach or analyze any code.  (Dkt. 2054 at 14:5; Dkt. 2054-2 ¶ 31.)  Apple submitted a
5   declaration from Dr. Singh solely to rebut Mr. Gray's new opinion.  (Dkt. 2127-3.)

6          Samsung cannot show good cause to depose Dr. Singh again for three separate reasons.
7   First, as Apple explained in its reply, Samsung's alleged "design-around" is irrelevant to whether
8   a permanent injunction should issue.   (Dkt. 2127-2 at 8:10-9:4.)  Even if all infringement had
9   ceased (which is not the case), Apple would be entitled to an injunction against the products the
10  jury found to infringe, because Samsung retains the capacity to resume sales of those products.
11  *W.L. Gore & Assocs., Inc. v. Garlock, Inc.*, 842 F.2d 1275, 1281-82 (Fed. Cir. 1988) (affirming
12  injunction since if defendant is honest about stopping infringement, "an injunction will do him no
13  harm; if he be dishonest, the court should place a strong hand upon him"); *Honeywell Int'l, Inc. v.*
14  *Universal Avionics Sys. Corp.*, 397 F. Supp. 2d 537, 544-45 (D. Del. 2005) (granting injunction
15  despite alleged design-arounds).  The Court need not decide now whether future versions of
16  Samsung products are sufficiently different to avoid the injunction.  Rather, this issue should be
17  addressed, if necessary, in separate proceedings to enforce the injunction against Samsung's
18  future products.  *See Int'l Rectifier Corp. v. IXYS Corp.,* 383 F.3d 1312, 1317-18 (Fed. Cir. 2004)
19  (affirming denial of infringer's request to "exclude[] from the scope of the injunction devices
20  made according to [its] modified design," since "[i]t would have been improper for the district
21  court to address that issue until or unless it was properly before the court" in later contempt
22  proceeding); *TiVo Inc. v. EchoStar Corp.*, 646 F.3d 869, 881-883 (Fed. Cir. 2011) (en banc)
23  (when "one or more of those elements previously found to infringe has been modified," the court
24  should decide in contempt proceeding "whether that modification is significant").

25         Second, far from offering an "entirely new theory of infringement of the '915 patent"
26  (Dkt. 2141-3 at 1), Dr. Singh opined that Samsung's "modified code flow is very similar to that
27  for the Galaxy Tab 10.1, which the jury found to infringe," and about which he testified at trial.
28  (Dkt. 2127-3 ¶ 30 (under seal); Tr. 1826:2-1827:17.)   When Dr. Singh used a Samsung device

1  with the modified code, he "observed the exact same infringing behavior as in the old code."

2  (Dkt. 2127-3 ¶ 24.)  This is consistent with Mr. Gray's admission that "the observed behavior" of

3  the Galaxy Tab 10.1 used at trial and the Galaxy S II running the modified code was "not

4  different in any way that . . . is relevant to determining infringement or non-infringement of the

5  '915 patent." (Olson Decl. Ex. 5 at 80:17-81:11.)  Dr. Singh explained that Samsung's modified

6  code "does not employ 'a fundamentally different technique' for processing scroll and scaling

7  operations as suggested by Mr. Gray, but instead only obfuscates the test for distinguishing

8  between scroll and gesture operations by using terminology that may be more difficult for a

9  layperson to understand." (Dkt. 2127-3 ¶ 24 (under seal).)  Further, while Mr. Gray's failure to

10 identify any code necessitated a deposition to determine the basis for his opinion, Dr. Singh

11 provided a detailed analysis of why Samsung's modified code infringes the '915 patent, obviating

12 the need for a deposition to confirm the basis for his opinion.  (*Id.* ¶¶ 10-42.)  In short, Dr. Singh

13 exposed the fiction in Mr. Gray's declaration that dressing up infringing code in different clothing

14 renders it non-infringing.  This is valid rebuttal that does not justify another deposition.

15         Finally, the burden of deposing Dr. Singh again at this late phase far outweighs any

16 potential benefits.  Dr. Singh is currently on sabbatical and will be in India until January 2013.

17 (Olson Decl. ¶ 8.)  Attempting to arrange Dr. Singh's deposition in the next week would be

18 extremely difficult and burdensome, in view of the Thanksgiving holidays, the long travel time

19 from San Francisco to India (at least 24 hours), and related logistical challenges.  Samsung cannot

20 show the required good cause because its alleged design-around is not relevant to whether a

21 permanent injunction should issue, Samsung has already deposed Dr. Singh, and Dr. Singh

22 simply replied to the new expert opinion in Samsung's opposition.

23         **D.    Samsung's Delay Bars it from Showing Good Cause for Depositions**

24         Contrary to its assertion (Dkt. 2141-3 at 1:14), Samsung did not "immediately request[]

25 the discovery that is the subject of this Motion."  Rather, Samsung delayed the filing of its motion

26 to compel until November 16, five court days and one week after receiving Apple's permanent

27 injunction reply on November 9.  (Dkt. 2141-3; Dkt. 2127-2.)  Apple, in contrast, promptly filed

28

1   its motion to compel depositions on Tuesday, October 23—just two court days after Samsung
2   filed its permanent injunction opposition on October 19.  (Dkt. 2082; Dkt. 2054.)

3         Samsung's delay was particularly egregious because Samsung knew there were only a few
4   weeks until the December 6 permanent injunction hearing and knew about the Thanksgiving
5   holidays.  Despite its delay, Samsung demands that Apple produce three experts for a second
6   round of depositions by November 27, two days after the Thanksgiving holidays and three court
7   days after Apple files this opposition.  Meeting this schedule would be very difficult even if
8   Samsung's motion is decided before Thanksgiving and would be impossible if it is not decided
9   until later.  As noted above, Dr. Singh is on sabbatical in India until January 2013.  Dr. Hauser
10  and Ms. Robinson reside on the East Coast and have other ongoing commitments.  Samsung's
11  delay precludes it from showing good cause to take depositions on such short notice.

12  **II.    APPLE'S REBUTTAL TO THE NEW EVIDENCE IN SAMSUNG'S OPPOSITION
13  DOES NOT ENTITLE SAMSUNG TO FILE A SUPPLEMENTAL BRIEF**

14        Samsung's motion to file another brief should be denied because it is contrary to the
15  Court's prior orders, and Apple simply replied to new evidence in Samsung's opposition.

16        The Court's Briefing Order did not authorize another brief after Apple's reply and
17  emphasized that the briefing limits will be "strictly enforced." (Dkt. 1945 at 2-3.)  Even though
18  Samsung submitted hundreds of pages of new declarations and thousands of pages of new
19  evidence with its opposition (Dkt. 2092 at 1:16-2:8), the Court denied Apple's motion to enlarge
20  the page limit for its reply to Samsung's opposition as contrary to the Court's "carefully
21  considered Order setting a briefing schedule and page limits for all of the post-trial briefing in this
22  case." (Dkt. 2104 at 1.)  The Court held that Samsung's new evidence did not justify "altering the
23  established page limits at this late stage," because "the parties were aware before the briefing
24  even began that additional evidence would be necessary."  (*Id.* at 2.)

25        Samsung was aware that Apple would reply to the new expert opinions and arguments
26  that Samsung included in its opposition.  Apple's rebuttal evidence does not justify altering the
27  briefing schedule "at this late stage," by allowing Samsung to file an additional brief that was not
28  part of the original schedule.  This is especially so because Samsung created the need for rebuttal

APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO COMPEL
CASE NO. 11-CV-01846-LHK (PSG)
sf-3218288

8

evidence by (1) attacking Dr. Hauser's prior expert report on new grounds that Samsung failed to raise before; (2) relying on recent modifications that Samsung chose to make to its own products; and (3) failing to produce updated sales information until after Ms. Robinson's deposition.

Samsung refers to "the general rule" that "new evidence" in reply should not be considered unless the opposing party has an opportunity to respond. (Dkt. 2141-3 at 6, citing *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996).)[1] Reply evidence is not "new" for the purpose of this rule, however, if it is submitted "in direct response to proof adduced in opposition to a motion." *Edwards*, 527 F. Supp. 2d at 1205 n. 31 (citing *Terrell v. Contra Costa County*, 232 Fed. Appx. 626, 629 n. 2 (9th Cir. Apr. 16, 2007) (unpublished)); *EEOC v. Creative Networks, LLC*, No. cv-05-3032, 2008 U.S. Dist. LEXIS 103381, at *6 (D. Ariz., Dec. 15, 2008) (reply exhibits that "rebut arguments first raised by Plaintiff in its opposition" are not "new evidence"); *SEC v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1088 n.9 (9th Cir. 2010) ("not unfair" to consider evidence in reply when movant "had no reason to know" that defendant would dispute issue until receiving opposition).

Here, Apple's reply declarations are a "direct response" to the new expert opinions and arguments that Samsung presented, for the first time, with its opposition. Apple could not have addressed these new opinions and arguments in its initial motion. Apple's rebuttal evidence does not entitle Samsung to file another brief. Moreover, Samsung will have an opportunity to address Apple's rebuttal evidence at the December 6 hearing on Apple's motion.

Samsung also argues that it should be allowed to file a supplemental brief to address the implications of the settlement that Apple recently entered with HTC. This argument fails because both sides have already briefed the implications of alleged prior licenses (Dkt. 2054 at 17:1-21; Dkt. 2127-2 at 7:21-8:2), and can address the HTC settlement at the December 6 hearing. If, however, Samsung were allowed to file a supplemental brief, then Apple, as the moving party, should be allowed to file another brief of equivalent length to respond to Samsung's new brief.

---

[1] Samsung incorrectly cites Dkt. 449 at 7, which is a version of the preliminary injunction ruling that has been withdrawn. Samsung apparently intended to cite Dkt. 452 at 7.

APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO COMPEL
CASE NO. 11-CV-01846-LHK (PSG)
sf-3218288

9

**CONCLUSION**

Apple's declarations that reply to new evidence and arguments in Samsung's opposition do not justify altering the Court's carefully considered briefing order at this late phase. Samsung's motion to take another round of depositions and to file another brief should be denied.

Dated: November 20, 2012    MORRISON & FOERSTER LLP

By: */s/ Michael A. Jacobs*
    Michael A. Jacobs

    Attorneys for Plaintiff
    APPLE INC.