Exhibit 24

FILED UNDER SEAL

HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY
INTEL CONFIDENTIAL – OUTSIDE ATTORNEY'S EYES ONLY

# EXPERT REPORT OF TIM A. WILLIAMS, PH.D.
# REGARDING THE INFRINGEMENT OF U.S. PATENT NO. 7,447,516

*Apple Inc. v. Samsung Electronics Co., Ltd. et al.*

Case No. 11-CV-01846-LHK (N.D. Cal.)

March 22, 2012

HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY
INTEL CONFIDENTIAL – OUTSIDE ATTORNEY'S EYES ONLY – SOURCE CODE

# TABLE OF CONTENTS

TABLE OF EXHIBITS ......................................................................................................... VII

I.      SUMMARY AND SCOPE OF OPINIONS ....................................................................1

II.     BACKGROUND/EXPERIENCE ....................................................................................2

III.    MATERIALS CONSIDERED .........................................................................................2

IV.     RELEVANT LEGAL STANDARDS .............................................................................3

        A.      Direct Infringement...........................................................................................4

                1.      Literal Infringement ..............................................................................4

                2.      Doctrine of Equivalents .........................................................................4

        B.      Indirect Infringement .......................................................................................5

V.      OVERVIEW OF THE ACCUSED DEVICES.................................................................7

VI.     OVERVIEW OF THE '516 PATENT AND THE ASSERTED CLAIMS.......................8

        A.      Level of Ordinary Skill in the Art....................................................................8

        B.      Technology Background ....................................................................................9

                1.      Standards Organizations ........................................................................9

                2.      Wireless Telephony .............................................................................10

                3.      3rd Generation Partnership Project (3GPP).........................................12

                4.      HSUPA and Enhanced Uplink Channels.............................................13

        C.      The Invention Described in the '516 Patent ....................................................15

        D.      Samsung's Role in Proposing the Solution to 3GPP and 3GPP's Ultimate
                Adoption of Samsung's Solution into the 3GPP Standard ..................................19

        E.      The Asserted Claims........................................................................................20

        F.      The File History ..............................................................................................22

        G.      The Parties' Claim Constructions ...................................................................23

HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY
INTEL CONFIDENTIAL – OUTSIDE ATTORNEY'S EYES ONLY – SOURCE CODE

H.    The Accused Apple Products Infringe the Asserted Claims of the '516
      Patent......................................................................................................................23

      1.    Claim [1A]: "A method for transmitting data of a first channel not
            supporting Hybrid Automatic Retransmission Request (HARQ)
            and a second channel supporting the HARQ in a mobile
            telecommunication system which supports an enhanced uplink
            service, the method comprising the steps of" ............................................24

            (a)    All of the Accused Apple Products Infringe Claim [1A]
                   Because They are Compliant with the 3GPP Standard.................26

            (b)    The Accused Apple Products' Documentation and Source
                   Code Further Demonstrate that They Infringe Claim [1A] ..........27

      2.    Claim [1B]: "determining transmit power factors for the channels
            and determining if total transmit power required for transmission
            of the channels exceeds the maximum allowed power"............................29

            (a)    All of the Accused Apple Products Infringe Claim [1B]
                   Because They are Compliant with the 3GPP Standard.................30

            (b)    The Accused Apple Products' Documentation and Source
                   Code Further Demonstrate that They Infringe Claim [1B]...........31

            (c)    Infringement of Claim [1B] Under the Doctrine of
                   Equivalents....................................................................................32

      3.    Claim [1C]: "scaling-down the transmit power factor for the
            second channel if the total transmit power exceeds the maximum
            allowed power" .........................................................................................32

            (a)    All of the Accused Apple Products Infringe Claim [1C]
                   Because They are Compliant with the 3GPP Standard.................32

            (b)    The Accused Apple Products' Documentation and Source
                   Code Further Demonstrate that They Infringe Claim [1C]...........33

            (c)    Infringement of Claim [1C] Under the Doctrine of
                   Equivalents....................................................................................33

      4.    Claim [1D]: "transmitting data through the first and second
            channels using the scaled-down transmit power factor for the
            second channel and the transmit power factor for the first channel".........34

            (a)    All of the Accused Apple Products Infringe Claim [1D]
                   Because They are Compliant with the 3GPP Standard.................34

HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY
INTEL CONFIDENTIAL – OUTSIDE ATTORNEY'S EYES ONLY – SOURCE CODE

(b)     The Accused Apple Products' Documentation and Source
        Code Further Demonstrate that They Infringe Claim [1D] ..........34

(c)     Infringement of Claim [1D] Under the Doctrine of
        Equivalents ....................................................................................35

5.  Claim [2]: "wherein the scaling step is performed on a slot-by-slot
    basis" ......................................................................................................35

(a)     All of the Accused Apple Products Infringe Claim [2A]
        Because They are Compliant with the 3GPP Standard.................36

(b)     The Accused Apple Products' Documentation and Source
        Code Further Demonstrate that They Infringe Claim [2A] ..........36

(c)     Infringement of Claim [2A] Under the Doctrine of
        Equivalents ....................................................................................36

6.  Claim [3]: "wherein the total transmit power is determined based
    on the transmit power factors for the first and second channels and
    a Transmit Power Control (TPC) command issued by the system" ..........37

(a)     All of the Accused Apple Products Infringe Claim [4]
        Because They are Compliant with the 3GPP Standard.................37

(b)     The Accused Apple Products' Documentation and Source
        Code Further Demonstrate that They Infringe Claim [3] .............38

(c)     Infringement of Claim [3] Under the Doctrine of
        Equivalents ....................................................................................38

7.  Claim [4]: "The method as claimed in claim 1, further comprising
    the step of equally scaling transmit power factors corresponding to
    the other channels comprising the first channel when the transmit
    power factor for the second channel is scaled down below a
    predetermined minimum value" ................................................................39

(a)     All of the Accused Apple Products Infringe Claim [4]
        Because They are Compliant with the 3GPP Standard.................39

(b)     The Accused Apple Products' Documentation and Source
        Code Further Demonstrate that They Infringe Claim [4] .............39

(c)     Infringement of Claim [4] Under the Doctrine of
        Equivalents ....................................................................................40

8.  Claim [5]: "wherein the predetermined minimum value indicates a
    status where the second channel is not transmitted"................................40

HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY
INTEL CONFIDENTIAL – OUTSIDE ATTORNEY'S EYES ONLY – SOURCE CODE

(a)   All of the Accused Apple Products Infringe Claim [5] Because They are Compliant with the 3GPP Standard.................40

(b)   The Accused Apple Products' Documentation and Source Code Further Demonstrate that They Infringe Claim [5] .............41

(c)   Infringement of Claim [5] Under the Doctrine of Equivalents....................................................................................41

9.   Claim [6]: "The method as claimed in claim 1, further comprising the step of equally scaling transmit power factors for the other channels exclusive of the second channel if the total transmit power still exceeds the maximum allowed power even after the transmit power factor for the second channel has been scaled-down"................................................................................42

(a)   All of the Accused Apple Products Infringe Claim [6] Because They are Compliant with the 3GPP Standard.................42

(b)   The Accused Apple Products' Documentation and Source Code Further Demonstrate that They Infringe Claim [6] .............42

(c)   Infringement of Claim [6] Under the Doctrine of Equivalents....................................................................................43

10.   Claim [14]: "wherein the transmit power factors are determined based on Transport Formats (TF) which are selected according to scheduling assignment information received from a Node B, respectively" ....................................................................................43

(b)   Infringement of Claim [14] Under the Doctrine of Equivalents....................................................................................44

11.   Claim [15A]: "An apparatus for transmitting data of a first channel not supporting Hybrid Automatic Repeat reQuest (HARQ) and a second channel supporting the HARQ in a mobile telecommunication system which supports an enhanced uplink service, the apparatus comprising" ...........................................44

12.   Claim [15B]: "a controller for determining transmit power factors for the channels and determining if total transmit power required for transmission of the channels exceeds the maximum allowed power"................................................................................44

13.   Claim [15C]: "scaling down the transmit power factor for the second channel if the total transmit power exceeds the maximum allowed power" ............................................................................45

`

HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY
INTEL CONFIDENTIAL – OUTSIDE ATTORNEY'S EYES ONLY – SOURCE CODE

14.   Claim [15D]: "first and second channel generators for generating first and second data frames by performing channel-coding and modulation of the first and second channel data"...................................45

15.   Claim [15E]: "a gain scaling unit for adjusting the transmit powers of the first and second channels, with which the data frames of the first and second channels is transmitted, using the scaled transit power factor for the second channel and the transmit power factor for the first channel" ...........................................................................45

    (a)   Infringement under Samsung's Proposed Construction ...............46

    (b)   Infringement under Apple's Proposed Construction ...................47

    (c)   Infringement of Claim [15E] Under the Doctrine of Equivalents...................................................................................47

16.   Claim [16]: "wherein the controller scales the transmit power factor for the second channel from slot to slot when the total transmit power exceeds the maximum allowed power" ..........................48

17.   Claim [17]: "wherein the controller determines the total transmit power based on the transmit power factors for the first and second channels and a TPC command issued by the system" ..............................48

18.   Claim [18]: "wherein the controller equally scales transmit power factors corresponding to the other channels comprising the first channel when the transmit power factor for the second channel is scaled-down below a predetermined minimum value"..............................48

19.   Claim [19]: "wherein the predetermined minimum value indicates a status where the second channel is not transmitted"...............................49

20.   Claim [20]: "wherein the controller equally scales transmit power factors for the other channels exclusive of the second channel if the total transmit power still exceeds the maximum allowed power even after the transmit power factor for the second channel has been scaled" ...................................................................................49

21.   Claim [28]: "wherein the transmit power factors are determined based on Transport Formats (TF) which are selected according to scheduling assignment information received from a Node B, respectively" .....................................................................................49

VII.   APPLE'S DIRECT AND INDIRECT INFRINGEMENT OF THE '516 PATENT ........50

1.   Apple's Direct Infringement ...................................................................50

HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY
INTEL CONFIDENTIAL – OUTSIDE ATTORNEY'S EYES ONLY – SOURCE CODE

2.      Apple's Indirect Infringement.................................................................51

VIII.   RESPONSE TO APPLE'S SUPPLEMENTAL NON-INFRINGEMENT
        CONTENTIONS..........................................................................................54

IX.     APPLE'S POTENTIAL "DESIGN-AROUNDS".............................................56

X.      TRIAL EXHIBITS..........................................................................................56

XI.     CONCLUSIONS..............................................................................................57

HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY
INTEL CONFIDENTIAL – OUTSIDE ATTORNEY'S EYES ONLY – SOURCE CODE

## TABLE OF EXHIBITS

| | |
|---|---|
| Exhibit A | Tim A. Williams, Ph.D. Curriculum Vitae |
| Exhibit B | Materials Considered |
| Exhibit C | Exhibit H to Samsung's Disclosure of Asserted Claims and Infringement Contentions |
| Exhibit D | *3rd Generation Partnership Project; Technical Specification Group Radio Access Network; Physical layer Procedures (FDD) (Release 6)*, June 2005 (3GPP TS 25.214 version 6.6.0) |
| Exhibit E | U.S. Patent No. 7,447,516 (APLNDC-WH-A 0000015619) |
| Exhibit F | U.S. Patent No. 7,675,516 File History (APLNDC-WH-A 0000014746-5618) |
| Exhibit G | Exhibit A of Samsung's Patent Local Rule 4-2 Disclosures |
| Exhibit H | Plaintiff and Counterclaim-Defendant Apple Inc.'s Preliminary Claim Construction Pursuant to Patent Local Rule 4-2 |
| Exhibit I | Plaintiff and Counterclaim-Defendant Apple Inc.'s Supplemental Responses to Samsung's First Set of Interrogatories (No. 12) (March 8, 2012) |
| Exhibit J | Plaintiff and Counterclaim-Defendant Apple Inc.'s First Supplemental Objections and Responses to Samsung's Second Set of Interrogatories (No. 19, 21, 22, 24, & 26) (March 8, 2011) |
| Exhibit K | Declaration of Yonghui Tong (SAMNDCA00359157-65) |
| Exhibit L | AT&T, Device Requirements (ATT000001-1338) |
| Exhibit M | Ericsson, EUL User Plane, WCDMA RAN, User Description |
| Exhibit N | Alcatel-Lucent, HSxPA Parameters User Guide |
| Exhibit O | ChipWorks Inc., Custom System Analysis Phase III re Apple iPhone4, iPad2 and iPhone4S Wireless Products |

HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY
INTEL CONFIDENTIAL – OUTSIDE ATTORNEY'S EYES ONLY – SOURCE CODE

Mar. 20, 2012) (emphasis added)).  UMTS networks are used through the United States and the world.  Network operators, such as AT&T Mobility, are able to support a wide variety of voice and data applications using the UMTS standard.

### 4.        HSUPA and Enhanced Uplink Channels

51.      Release 6 of the 3GPP UMTS standard included support for High-Speed Uplink Packet Access ("HSUPA").  (*See* 3GPP - HPAS, http://www.3gpp.org/HSPA (last visited Mar. 20, 2012)).  HSUPA supports high speed data communication in the uplink direction (from the mobile device to the base station).  Several different categories of HSUPA exist.  Each increasing category number supports faster uplink speeds.  A category 6 HSUPA mobile device would support uplink speeds of 5.7 Mbit/s.  (593DOC000323).

52.      To support these fast uplink data rates, a new type of uplink channel was developed.  This new channel was termed an "enhanced" uplink channel.  The enhanced uplink channel is associated with both a data channel, called Enhanced Dedicated Physical Data Channel (E-DPDCH), and a control channel, called Enhanced Dedicated Physical Control Channel (E-DPCCH).  The data channel generally carries data that the user wishes to transmit while the control channel generally carries other types of data, such as control information.  Figure 2 of the '516 patent illustrates the basic transmission/reception procedures of the enhanced uplink channel.

HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY
INTEL CONFIDENTIAL – OUTSIDE ATTORNEY'S EYES ONLY – SOURCE CODE



FIG.2
(PRIOR ART)

53.     First, a mobile device sends an enhanced uplink channel setup message to a base station requesting to establish an enhanced uplink channel.  Then, the mobile device informs the base station of various scheduling information.  The scheduling information may contain information about the mobile device's transmit power, from which uplink channel information can be derived, an indication of the mobile device's free transmit power, or the amount of data to be transmitted.

54.     The base station then performs scheduling for all the mobile devices that have sent scheduling information.  When the base station determines to permit uplink communication from a particular mobile device to the base station, it transmits scheduling assignment

14

HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY
INTEL CONFIDENTIAL – OUTSIDE ATTORNEY'S EYES ONLY – SOURCE CODE

information to the mobile device.  The scheduling assignment information may include an indication of an allowed data uplink rate, allowed timing, and other information.

55.     The mobile device then determines a Transport Format ("TF") to send data over the enhanced uplink channels using the scheduling assignment information.  The TF may include such information as the coding scheme to use and the transport block size.

56.     The mobile device then sends a Transport Format Resource Indicator ("TFRI") to the base station.  The TFRI includes information related to the determined TF.  The mobile device also sends uplink packet data to the base station over the enhanced uplink channel.

57.     Finally, the base station determines whether the information sent by the mobile device has errors.  The base station then sends acknowledgment information to the mobile device.  If the acknowledgement information indicates that the data was successfully received (a positive acknowledgment or ACK), the mobile device may send another portion of data to the base station.  If the acknowledgement information indicates that the data was not successfully received (a negative acknowledgment or NACK), the mobile device may resend the same portion of data to the base station.

58.     The retransmission scheme used on the E-DPDCH channel(s) is called Hybrid ARQ or HARQ.  The HARQ protocol is a form of error correction and retransmission used in both HSUPA and its downlink counterpart High-Speed Downlink Packet Access ("HSDPA").  With respect to the HSUPA channels, only the E-DPDCH channels support HARQ.  The enhanced uplink control channel (E-DPCCH) as well as the other uplink channels (such as DPDCH/DPCCH) do not support HARQ.

**C.     The Invention Described in the '516 Patent**

59.     The '516 patent is related to controlling the transmit power of a mobile device.  Generally, the more power used to transmit information to a base station, the stronger the

HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY
INTEL CONFIDENTIAL – OUTSIDE ATTORNEY'S EYES ONLY – SOURCE CODE

transmission and the greater likelihood that the transmission will be successfully received. However, within any given base station coverage area there will be many mobile devices wishing to transmit.  If all the mobile devices transmitted at maximum power, a great amount of interference would result.

60.     To combat this potential problem, some sort of transmit power control is desirable.  The most efficient system would allow each mobile device to transmit at a power level that is small enough to ensure quality communications, but no higher.  For example, typically the base station may control a mobile device's transmit power through control messages.  The base station may attempt to keep a device's transmit power at a level sufficient to maintain a good signal to noise (SNR) ratio, but not too high to create a significant amount of interference with other devices or to quickly drain a device's battery.

61.     The mobile device may also set a maximum transmit power based on the capabilities of the device itself (e.g., based on the capabilities of a power amplifier inside the mobile device).  The mobile device, therefore, must inform the base station of its maximum transmit power limit so that the base station can control the transmit power of the device in an appropriate way.

62.     When a mobile device exceeds its maximum allowable transmit power (either set by the network, by the device, or both), the device must scale back its transmit power.  Because UMTS supports several different types and number of uplink channels, scaling a device's transmit power is a fairly complicated endeavor.  For example, as shown in the figure below taken from the 3GPP Standard, an HSUPA-capable device includes one or more of each of the following channel types:  DPCCH, DPDCH, HS-DPCCH, E-DPDCH, and E-DPCCH.

HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY
INTEL CONFIDENTIAL – OUTSIDE ATTORNEY'S EYES ONLY – SOURCE CODE



**Figure 1: Spreading for uplink dedicated channels**

(APLNDC-WH-A 0000019675).

63.    All of these channels are summed and into a single stream which is then

scrambled and transmitted over the radio network.  Before summing, each channel is weighted

individually using a gain factor.  For example, as shown in the figure below (again taken from

the 3GPP Standard), a distinct gain factor $\beta_{ed}$ is applied to each of the $K$ E-DPDCH data

channels and yet another gain factor $\beta_{ec}$ is applied to the E-DPCCH control channel.  Similar

weighting using gain factors is performed for the other types of uplink channels (DPDCH,

DPCCH, and HS-DPCCH).

HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY
INTEL CONFIDENTIAL – OUTSIDE ATTORNEY'S EYES ONLY – SOURCE CODE



**Figure 1c: Spreading for E-DPDCH/E-DPCCH**

(APLNDC-WH-A 0000019678).

64.     When a device exceeds its maximum allowable transmit power, traditionally all the uplink channels were scaled down equally until the device was at or below the allowable transmit power.  With HSUPA, however, several new channels were developed, most notably E-DPDCH and E-DPCCH.  In addition, a single mobile device could support up to 4 separate uplink E-DPDCH channels and 6 separate uplink DPDCH channels.  The table below illustrates the variety in number and type of uplink channels supported by a single device simultaneously.

| Table 0: Maximum number of simultaneous uplink dedicated channels | | | | |
|---|---|---|---|---|
| Configuration # | DPDCH | HS-DPCCH | E-DPDCH | E-DPCCH |
| 1 | 6 | 1 | - | - |
| 2 | 1 | 1 | 2 | 1 |
| 3 | - | 1 | 4 | 1 |

(APLNDC-WH-A 0000019675).

HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY
INTEL CONFIDENTIAL – OUTSIDE ATTORNEY'S EYES ONLY – SOURCE CODE

65.    The inventors of the '516 patent developed a novel way to solve the uplink power scaling problem.  Their elegant solution not only takes into account all the different types of uplink channels, but also takes into account transmission efficiency.  Because E-DPDCH supports retransmission in the form of HARQ and the remaining channels do not, if a mobile device exceeds its maximum allowable transmit power, the inventors created a technique that first reduces power on the channels that support HARQ.  If further reduction is needed after the channels that support HARQ have been scaled down, then the inventors' technique equally reduces power allocated to the channels that do not support HARQ.

   D.    **Samsung's Role in Proposing the Solution to 3GPP and 3GPP's Ultimate Adoption of Samsung's Solution into the 3GPP Standard**

66.    Samsung presented a proposal describing the invention of the '516 patent at a 3GPP meeting called the RAN Working Group meeting #38 in August of 2004 held in Prague. (*See* Official Minutes, R1-041469, available at http://www.3gpp.org/ftp/tsg_ran/WG1_RL1/ TSGR1_39/Docs/R1-041469.zip (last accessed Mar. 20, 2012) ("R1-041469")).  The proposal was entitled "Power Control at the Maximum Power Limit for E-DCH" and referenced as "R1-040859" by the 3GPP working group.  (R1-040859, available at http://www.3gpp.org/ftp/tsg_ran/WG1_RL1/ TSGR1_38/Docs/Zips/R1-040859.zip (last accessed Mar. 20, 2012)).

67.    In Samsung's R1-040859 proposal, Samsung noted the cases where a device's total transit power might exceed the maximum allowed power.  (R1-041469 at 1).  Samsung also presented two alternative options for addressing the power control problem.  First, Samsung suggested equally scaling all channels.  Second, Samsung suggested scaling only the E-DPDCH channels and then applying equal scaling if the total transmit power was still larger than the

HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY
INTEL CONFIDENTIAL – OUTSIDE ATTORNEY'S EYES ONLY – SOURCE CODE

equal scaling factor to respective values $\beta_{ed,k,reduced}$ so that the total transmit power would be equal to the maximum allowed power."  (*Id.*)

104.    It is thus my opinion that each of the Accused Apple Products satisfies this limitation of the claim.

> **(b)    The Accused Apple Products' Documentation and Source Code Further Demonstrate that They Infringe Claim [1C]**

105.    The source code and related documentation further confirm my opinion.  The software module *ifxulpchwgains* includes a function called *reduceEdpdchGains* that scales down the transmit power factor for the E-DPDCH channels if the total transmit power exceeds the maximum allowed power.  (750DOC000003-4).  E-DPDCH channels support HARQ while all channels do not.  This function computes and treats the transmit power for the E-DPDCH separately from the transmit power of all other channels and scales only the E-DPDCH channels. (*Id.*).

106.    Moreover, the Intel engineer responsible for writing the baseband processor firmware for uplink power control found in the Accused Apple Products confirmed that the *reduceEdpdchGain* function is the function that is responsible for scaling-down the power factors for the enhanced uplink channels if the total transmit power exceeds the maximum allowed power.  (Paltian Rough Dep. Tr. 99:2-25).

107.    It is thus my opinion that the documentation and source code for the Accused Apple Products supports my opinion that these products infringe Claim [1C], which recites "scaling-down the transmit power factor for the second channel if the total transmit power exceeds the maximum allowed power," literally.

> **(c)    Infringement of Claim [1C] Under the Doctrine of Equivalents**

HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY
INTEL CONFIDENTIAL – OUTSIDE ATTORNEY'S EYES ONLY – SOURCE CODE

108.    If the Court determines any of the elements of Claim [1C] are not met literally, it is my opinion that the difference between each of the Accused Apple Products and Claim [1C] is insubstantial.  They both perform substantially the same function of scaling down the transmit power of channels supporting HARQ, in substantially the same way of reducing the gains associated with those channels, and achieve substantially the same result of reducing the total transmit power to the maximum allowed transmit power.  It is thus my opinion that each of the Accused Apple Products satisfies Claim [1C] under the doctrine of equivalents.

### 4.    Claim [1D]: "transmitting data through the first and second channels using the scaled-down transmit power factor for the second channel and the transmit power factor for the first channel"

109.    All of the Accused Apple Products practice "transmitting data through the first and second channels using the scaled-down transmit power factor for the second channel and the transmit power factor for the first channel," as recited by claim 1.

### (a)    All of the Accused Apple Products Infringe Claim [1D] Because They are Compliant with the 3GPP Standard

110.    After scaling down the transmit power factor(s) for the channel(s) supporting HARQ, data is transmitted through the channels.  For example, spreading of the uplink dedicated physical channels (DPCCH, DPDCHs, HS-DPCCH, E-DPCCH, E-DPDCHs) is used to transmit data through the E-DPDCH and DPDCH data channels as well as through the various control channels.  (*See* 3GPP[1] § 4.2.1).

111.    It is thus my opinion that each of the Accused Apple Products satisfies this limitation of the claim.

### (b)    The Accused Apple Products' Documentation and Source Code Further Demonstrate that They Infringe Claim [1D]

HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY
INTEL CONFIDENTIAL – OUTSIDE ATTORNEY'S EYES ONLY – SOURCE CODE

112.    As shown in figure 96 of the Product Specification, the channels are each multiplied by their respective gain factor and then summed before scrambling and transmission. (593DOC003229).

113.    As confirmed by the Intel engineer responsible for writing the uplink power control firmware found in the Accused Apple Products, eight uplink channels are supported in the Accused Apple Products with up to four simultaneously transmitted enhanced uplink data (E-DPDCH) channels.  (Paltian Rough Dep. Tr. 50:25-55:21).  Each channel has is associated with its own gain factor.  (*Id.* at 51:7-15).

114.    It is thus my opinion that the documentation and source code for the Accused Apple Products supports my view that these products infringe Claim [1D], which recites "transmitting data through the first and second channels using the scaled-down transmit power factor for the second channel and the transmit power factor for the first channel," literally.

(c)    **Infringement of Claim [1D] Under the Doctrine of Equivalents**

115.    If the Court determines any of the elements of Claim [1D] are not met literally, it is my opinion that the difference between each of the Accused Apple Products and Claim [1D] is insubstantial.  They both perform substantially the same function of transmitting on all the channels, in substantially the same way of multiplying each channel by its respective gain factor and then summing the channels, and achieve substantially the same result of transmitting each channel at its appropriate transmit power.  It is thus my opinion that each of the Accused Apple Products satisfies Claim [1D] under the doctrine of equivalents.

5.    **Claim [2]: "wherein the scaling step is performed on a slot-by-slot basis"**

116.    All of the Accused Apple Products practice the limitation "wherein the scaling step is performed on a slot-by-slot basis," as recited by claim 2.

HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY
INTEL CONFIDENTIAL – OUTSIDE ATTORNEY'S EYES ONLY – SOURCE CODE

**(a)** **All of the Accused Apple Products Infringe Claim [2A] Because They are Compliant with the 3GPP Standard**

117.    As describe in the 3GPP Standard, "[a]ny scaling, and any reduction in the E-DPDCH gain factor as described above, shall only be applied or changed at a DPCCH slot boundary." (3GPP[2] § 5.1.2.6). If the gain factor is applied on a DPCCH slot boundary, then the scaling is performed on a slot-by-slot basis.

118.    It is thus my opinion that each of the Accused Apple Products satisfies this limitation of the claim.

**(b)** **The Accused Apple Products' Documentation and Source Code Further Demonstrate that They Infringe Claim [2A]**

119.    The timing of the gain factors is shown in the gain weight timing diagram of figure 97 of the Product Specification. (593DOC003230). As explained in more details, "[t]o handle this requirements, for the DPCCH, DPDCH, E-DPDCH and E-DPCCH there are gain and HS-gain register fields that are programmed by FW at every DPCCH slot boundary." (593DOC003230).

120.    In addition, the Intel engineer responsible for writing the uplink power control firmware found in the Accused Apple Products confirmed that the gain factors are computed once per slot and programmed on slot boundaries. (Paltian Rough Dep. Tr. 51:23-52:5; 58:2-18; 59:24-60:3).

121.    In my view, therefore, the documentation and source code for the Accused Apple Products supports my opinion that these products infringe Claim [2A], which recites "wherein the scaling step is performed on a slot-by-slot basis," literally.

**(c)** **Infringement of Claim [2A] Under the Doctrine of Equivalents**

122.    If the Court determines any of the elements of Claim [2A] are not met literally, it is my opinion that the difference between each of the Accused Apple Products and Claim [2A] is

HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY
INTEL CONFIDENTIAL – OUTSIDE ATTORNEY'S EYES ONLY – SOURCE CODE

16.  **Claim [16]: "wherein the controller scales the transmit power factor for the second channel from slot to slot when the total transmit power exceeds the maximum allowed power"**

172.    All of the Accused Apple Products practice the limitation "wherein the controller scales the transmit power factor for the second channel from slot to slot when the total transmit power exceeds the maximum allowed power," as recited by claim 16.

173.    The Accused Apple Products infringe this limitation at least for at least the same reasons described above in connection with claim 2.  (*See* § VI(H)(5)).

17.  **Claim [17]: "wherein the controller determines the total transmit power based on the transmit power factors for the first and second channels and a TPC command issued by the system"**

174.    All of the Accused Apple Products practice the limitation "wherein the controller determines the total transmit power based on the transmit power factors for the first and second channels and a TPC command issued by the system," as recited by claim 17.

175.    The Accused Apple Products infringe this limitation at least for at least the same reasons described above in connection with claim 3.  (*See* § VI(H)(6)).

18.  **Claim [18]: "wherein the controller equally scales transmit power factors corresponding to the other channels comprising the first channel when the transmit power factor for the second channel is scaled-down below a predetermined minimum value"**

176.    All of the Accused Apple Products practice the limitation "wherein the controller equally scales transmit power factors corresponding to the other channels comprising the first channel when the transmit power factor for the second channel is scaled-down below a predetermined minimum value," as recited by claim 18.

177.    The Accused Apple Products infringe this limitation at least for at least the same reasons described above in connection with claim 4.  (*See* § VI(H)(7)).

HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY
INTEL CONFIDENTIAL – OUTSIDE ATTORNEY'S EYES ONLY – SOURCE CODE

## VIII.  RESPONSE TO APPLE'S SUPPLEMENTAL NON-INFRINGEMENT CONTENTIONS

195.    I understand that Apple recently served supplemental response to Samsung's Interrogatory No. 12 regarding non-infringement.  (Exhibit I).  I have reviewed Apple's supplemental responses.

196.    Apple initially argues that Samsung has not shown that the Accused Apple Products have the features described in 3GPP TS 25.214.  From my analysis above, however, all the Accused Apple Products are compliant Release 6 of the 3GPP Standard and HSUPA and therefore are fully compliant with the requisite version (version 6.6.0) of 3GPP TS 25.214.  *See, e.g.*, iPhone 4 Technical Specification, S-A-794-ITC00153759-61; Infineon X-Gold 61x Product Specification, Exhibit J at 593DOC002997, 593DOC004117; N90 Platform Wireless System Architecture (APL7940011357128-148) at 19; AT&T Requirements Document, Exhibit L at ATT000117-134; Shi Dep. Tr. at 15:1-17:9; 85:3-86:24; S-A-794-ITC00153759-61; iPad 2 (3G) (AT&T) Technical Specification at S-ITC-010561372-75; X-Gold 616 Datasheet at 593DOC000174).  Release 6 and HSUPA compliance is even mandated by the network operator, AT&T Mobility, and detailed in its Requirements Document.  (*See, e.g.,* Exhibit L at ch. 7).  In addition, Chipworks, Inc., an independent third-party, has also confirmed support for the uplink channel power scaling as described in the 3GPP Standard (3GPP TS 25.214) in the Accused Apple Products.  (Exhibit O).

197.    Moreover, I have performed a detailed analysis of the source code associated with the baseband processor found within the Accused Apple Products and my findings confirm my opinion that the Accused Apple Products do in fact have the features described in 3GPP TS

HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY
INTEL CONFIDENTIAL – OUTSIDE ATTORNEY'S EYES ONLY – SOURCE CODE

25.214 (version 6.6.0) and are fully compliant with this standard.  The hardware design

documentation, the source code functions, and the comments to the source code functions all

clearly indicate support for the transmit power scaling functionality developed by Samsung and

adopted into the 3GPP Standard.

198.    Apple also argues that Samsung contends that the claimed first channel not

supporting HARQ is a single DPDCH channel and the claimed second channel supporting

HARQ is a single E-DPDCH channel.  Samsung does not so contend.  Rather, the claimed first

channel comprises all the channels of the type that do not support HARQ as indicated in the

preamble of the claim (e.g., including one or more of  DPDCH, DPCCH, HS-DPCCH, and E-

DPCCH).  As such, the total transmit power can be the sum of all the channels transmitted by the

device because the first channel and second channel can include more than one channel.  The

notion of a "channel" including more than one physical channel is well-known.  For example, the

first type of channel can include all the channels not supporting HARQ and the second type of

channel can include all the channel supporting HARQ (thus, all the E-DPDCH channels).  This

interpretation is consistent with the description throughout the patent specification.  Moreover,

Intel's own engineer who programmed the firmware relating to the uplink power control in the

Accused Apple Products admitted that he personally uses a single channel type descriptor (such

as E-DPDCH) to refer to more than one channel (e.g., all four uplink channels of the E-DPDCH

type).  (*See* Paltian Rough Dep. Tr. 139:25-140:14).  As another example, one of ordinary skill in

the art would consider the "E-DCH" channel as including all the enhanced physical uplink

channels, not just a single channel.  (*Id.*).

HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY
INTEL CONFIDENTIAL – OUTSIDE ATTORNEY'S EYES ONLY – SOURCE CODE

203.    I have not yet prepared any exhibits for use at trial as a summary or support for the opinions expressed in this report, but I expect to do so.

## XI.    CONCLUSIONS

204.    I have analyzed each of the Accused Apple Products to determine whether they infringe any of the Asserted Claims.

205.    It is my opinion that each of the Accused Apple Products infringes all the Asserted Claims literally, under the doctrine of equivalents, and indirectly.

206.    It is also my opinion that each of the Accused Apple Products infringes all the Asserted Claims under both parties' proposed constructions.

207.    I reserve the right to adjust or supplement my opinion after I have had the opportunity to review other deposition testimony or in light of additional documents or other discovery that may be brought to my attention.  I also reserve the right to adjust or supplement my analysis in light of any critiques or comments on my report and to offer additional opinions and evidence in reply to any opinions advanced by or on behalf of Apple.

208.    I may amend or supplement this report as necessary based on such additional information, or to address any new claim constructions offered by Apple, Samsung, or provided by the Court.


The above report reflects my opinions in this matter.


Date:  March 22, 2012

_____
Tim A. Williams, Ph.D.