# Exhibit 1
# (Submitted Under Seal)

1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Cal. Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5  Kevin P.B. Johnson (Cal. Bar No. 177129)
   kevinjohnson@quinnemanuel.com
6  Victoria F. Maroulis (Cal. Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
7  555 Twin Dolphin Drive 5th Floor
   Redwood Shores, California 94065
8  Telephone: (650) 801-5000
   Facsimile: (650) 801-5100

9
   Michael T. Zeller (Cal. Bar No. 196417)
10 michaelzeller@quinnemanuel.com
   865 S. Figueroa St., 10th Floor
11 Los Angeles, California 90017
   Telephone: (213) 443-3000
12 Facsimile: (213) 443-3100

13 Attorneys for SAMSUNG ELECTRONICS
   CO., LTD., SAMSUNG ELECTRONICS
14 AMERICA, INC. and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC

15

16              UNITED STATES DISTRICT COURT

17       NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

18 | APPLE INC., a California corporation, | CASE NO. 11-cv-01846-LHK |

19 |             Plaintiff, |

20 |        vs. |

21 | SAMSUNG ELECTRONICS CO., LTD., a | **SAMSUNG'S IDENTIFICATION OF** |
   Korean business entity; SAMSUNG | **CUSTODIANS, LITIGATION HOLD**
22 | ELECTRONICS AMERICA, INC., a New | **NOTICES AND SEARCH TERMS**
   York corporation; SAMSUNG
23 | TELECOMMUNICATIONS AMERICA,
   LLC, a Delaware limited liability company, | **HIGHLY CONFIDENTIAL –**
24 |             | **ATTORNEYS' EYES ONLY**
   |             Defendants. |

25

26

27

28

1    Pursuant to the Court's September 28, 2011 Order, Defendants and Counterclaimants

2  Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung

3  Telecommunications America, LLC (collectively "Samsung") hereby serve the following

4  identifications of custodians, litigation hold notices and discovery search terms.    Disclosure of

5  the below document collection information and the attached exhibits pursuant to the Court's order

6  does not constitute waiver of attorney client, work product, or any other applicable privilege.

7

8  **LITIGATION HOLD NOTICES**

9

10    SEC Litigation Hold Notices

| Litigation Notice (exhibit) | Date of Litigation Notice | Language | Recipients |
|---|---|---|---|
| A | 8-23-2010 | English | See Exhibit S |
| B | 9-3-2010 | Korean | See Exhibit S |
| C | 4-21-2011 | English | All SEC custodians (approximately 2,841 individuals) |
| D | 4-21-2011 | Korean | All SEC custodians (approximately 2,841 individuals) |
| E | 5-11-2011 | English | All SEC custodians (approximately 2,841 individuals) |
| F | 5-11-2011 | Korean | All SEC custodians (approximately 2,841 individuals) |
| G | 7-11-2011 | English | All SEC custodians (approximately 2,841 individuals) |
| H | 7-12-2011 | Korean | All SEC custodians (approximately 2,841 individuals) |
| I | 5-18-2011 | Korean | See Exhibit T |
| J | 7-18-2011 | Korean | See Exhibit T |

STA Litigation Hold Notices

| K | 4-20-2011 | English | All STA personnel including contractors and dispatchers (approximately 2,243 individuals) |
|---|---|---|---|
| L | 4-25-2011 | English | All STA personnel including contractors and dispatchers (approximately 2,243 individuals) |
| M | 7-8-2011 | English | See Exhibit U |

| N | 5-25-2011 | English | All STA personnel including contractors and dispatchers (approximately 2,243 individuals) |

SEA Litigation Hold Notices

| O | 4-21-2011 | English | All SEA personnel (approximately 850 individuals) |
| P | 4-21-2011 | Korean | All SEA personnel (approximately 850 individuals) |
| Q | 6-20-2011 | English | All SEA personnel (approximately 850 individuals) |
| R | 7-8-2011 | English | All SEA personnel (approximately 850 individuals) |

## SEARCH TERMS USED IN DISCOVERY

| Documents Subject to Search Term | Search Terms |
|---|---|
| Emails from Jinsoo Kim; Jung Min Yeo; Minhyouk Lee; GiYoung Lee; Yongseok Bang; Bo-ra Kim; Yunjung Lee | Apple or 애플 or A 사 or A 社 or A4 or A Company or iPhone or 아이폰 or iPad or 아이패드 or Infuse or Dempsey or Galaxy or Behold or Vibrant or Droid Charge or Stealth or P4 or P5 |
| Other documents from Jinsoo Kim; Jung Min Yeo; Minhyouk Lee; GiYoung Lee; Yongseok Bang; Bo-ra Kim; Yunjung Lee*.  *Documents from these custodians were also reviewed without search terms for responsiveness | Apple or 애플 or A 사 or A 社 or A4 or A Company or iPhone or 아이폰 or iPad or 아이패드 |

| Custodial Files Subject to Search Term | Search Terms |
|---|---|
| Minhyouk Lee; Yunjung Lee; Jin Soo Kim; Hyoung Shin Park; Ahyoung Kim; Justin Denison; Jung Min Yeo; Gi Young Lee; Yongseok Bang; Bo-ra Kim; Kihyung Nam; Dooju Byun | iPhone, 아이폰, iPad, 아이패드 |
| Jaegwan Shin; Joi Lam; Qi Ling | Apple, A Company, 애플, A 사, A 社, A4, |

| | |
|---|---|
| | iPhone, 아이폰, iPad, 아이패드, "Bounce effect" |
| SeungHun Yoo; Sun-young Yi; Min Kyung Kim; Wookyun Kho; Jeeyeun Wang | iPhone, 아이폰, iPad, 아이패드, "Bounce" |

**CUSTODIANS**

A list of all custodians is attached as Exhibit V.

DATED: October 7, 2011

# EXHIBIT A

Highly Confidential – Outside Counsel's Eyes Only



Samsung Electronics Co., Ltd.
IP Center
IP Legal Team
Suwon, Korea

August 23, 2010

Dear Colleagues:

Litigants have a duty to preserve evidence that may be relevant to anticipated litigation. This principle is clearly sacrosanct, and though the courts are not in complete agreement as to the scope of the duty or in deciding when exactly this duty arises, it is the violation of this duty that can give rise to a finding of spoliation, or the wrongful destruction of evidence. The key issue that courts consider in determining whether or not a duty to preserve exists centers on whether the party had notice of the relevance of the evidence in question to anticipated litigation. This notice can arise from many different things, including prior lawsuits, pre-litigation communications, or any preparatory steps and efforts undertaken for the anticipated litigation.

In light of the recent discussions between Samsung Electronics Co., Ltd. ("Samsung") and Apple Inc. ("Apple"), there is a reasonable likelihood of future patent litigation between Samsung and Apple unless a business resolution can be reached.   If Apple initiates patent litigation against Samsung, Samsung may be required to produce documents responsive to discovery requests served by Apple.    According to the applicable discovery rules, documents include tangible items of any kind that contain information, including for example paper documents, correspondence, memoranda, handwritten notes, drawings, presentation slides, business diaries, electronic files and e-mails.

The purpose of this e-mail is to request that you preserve any and all such documents that may be relevant to the issues in a potential litigation between Samsung and Apple until it is fully resolved. Please be aware that the above-mentioned exemplary list of documents is not exhaustive and the categories of documents may well be even broader. For this reason, **if you have any doubt** as to whether you should preserve particular documents, **you are instructed to retain them**. Please distribute this message to anyone else who may have any such relevant documents.

Although it is impossible to predict every type of document that Apple may request in a potential litigation, you should nevertheless retain and preserve all documents that relate to:

1.  Apple or any of Apple's patents that could potentially impact Samsung's relevant

business units (e.g., Digital Media & Communications, Device Solutions, etc.);

2. the design, development, testing, manufacturing, reverse engineering, distribution and sale of any Samsung product that Apple would likely accuse of infringing one or more of Apple's patents;

3. the market for any such products;

4. licensing or valuation of any such products;

5. Apple's products incorporating any of Samsung's products;

6. any internal analysis, assessments (including any efforts by Samsung to design around Apple's patents) and/or reports concerning either Apple's patents or Samsung's patents that are currently the subject of the discussions between Apple and Samsung;

7. any internal communications and/or reports concerning activities involving the Apple/Samsung licensing discussions;

8. any third party communications concerning any of the patents involved in the discussions and any internal communications and/or reports regarding the same;

9. any communications to third parties (e.g., for analysis purposes to third party vendors or law firms) concerning any of the Apple patents; and

10. any communications with anyone relating to any Apple patent and/or Apple patent claim against Samsung.

This obligation to retain relevant documents applies generally to all employees and outside consultants or agents of Samsung, but in particular to employees of Samsung possessing documents relating to the above-mentioned information. Further, Samsung's obligations to maintain and preserve relevant documents include any such documents stored in long term record retention, as well as documents in your office computer or any central files. Please ensure that any scheduled disposal of such relevant documents (if any) is immediately suspended.

Due to future changes in circumstances, modification or expansion of the categories of documents to be retained may be required.   Although we will try to minimize any resulting burden, it is important that you do not destroy or discard any potentially responsive documents **AND PRESERVE ANY SUCH RELEVANT DOCUMENTS** until the likelihood of litigation relating to these issues has been sufficiently attenuated, or until otherwise notified by Samsung's Legal or IP teams.

To the extent the need to retrieve copies of potentially relevant documents arises, representatives of Samsung's IP Legal Team will be contacting you. In the meantime, if you have any questions, please call the personnel of the IP Legal Team. Thank you for your understanding, and we sincerely appreciate your assistance.

# EXHIBIT B

Highly Confidential – Outside Counsel's Eyes Only

Samsung Electronics Co., Ltd.
IP Center
IP Legal Team
Suwon, Korea

9/3/2010

각 수신처 제위:

진행 중이거나 예상되는 소송에 대하여 회사 및 임직원은 해당 소송과 관련이 있는 증거자료를 보존할 의무가 있습니다. 이와 같은 증거자료 보존에 대한 원칙은 매우 중요한 사항이지만 증거자료 보존의 범위나 언제 보존의 의무가 시작되는지에 대해서는 법원의 의견 일치가 완벽하게 이루어진 것은 아닙니다. 하지만 문서 보존의 의무의 위반 시, 이는 증거자료 파기 행위로 법정에서 배심원들에게 이 사실이 공지될 수 있기 때문에 소송 당사자는 소송과 관련된 자료를 모두 보존해야 합니다. 법원은 이러한 자료 보존의 의무가 존재하는지 여부에 대한 판단 시, 진행 중이거나 예상되는 소송과 관련하여 증거자료에 대한 공지가 있었는지를 살피게 됩니다. 이러한 공지는 과거 소송, 소송전 교신, 소장 접수, 증거자료 개시 요청, 증거자료 개시 명령 등을 통해 발생 합니다.

삼성전자(이하 "삼성")와 Apple Inc. (이하 " Apple 사")간 최근의 회의 결과, 양사가 비즈니스 측면에서 해결책을 찾지 못하면 향후 미래에 특허 분쟁이 발생할 가능성이 있을 것으로 예상 되고 있습니다. 만약 Apple 사가 삼성을 상대로 특허 소송을 제기한다면 삼성은 증거개시절차 중 법원의 명령에 의해 Apple 사가 요구하는

'문서'를 증거개시용으로 제출하게 될 것입니다. 미국소송 증거개시 원칙에 따르면, 상기 '문서'란 정보를 가지고 있는 모든 종류의 물건으로 종이서류뿐만 아니라 보고서, 서신, 프레젠테이션 파일, 도면, 수기 노트, 업무용 다이어리, 기타 전자 문서와 이메일을 포함합니다.

본 서신의 목적은 향후 발생할 수 있는 소송이 완전히 해결될 때까지 관련될 수 있는 모든 문서를 보존해 주시기를 요청하기 위함입니다. 상기 문서 종류는 보존해야 할 문서의 예이며 실제 보존대상문서의 범위는 더 광범위 할 수 있습니다. 따라서 특정 문서를 보존해야 하는지에 대하여 확신이 없다면, 해당 문서를 모두 보존하는 것이 좋습니다. 본 서신을 받으시는 분들께서는 소속 부서원 중 관련이 있는 부서원에게 재전송하시어 자료 파기 금지 및 향후 발생하는 자료를 보관토록 통지하여 주시기 바랍니다.

물론 Apple 사가 어떤 문서를 증거개시용 자료로서 요구할지를 완벽하게 예측할 수는 없지만, 하기의 카테고리와 관련된 모든 '문서'는 파기를 금지하고 보관하셔야 합니다.

1.  삼성 제품 또는 사업에 영향을 줄 수 있는 Apple 사 또는 Apple 사의 특허 관련 자료

2.  Apple 사에 의해 특허 침해 주장이 제기될 가능성이 있는 삼성제품과 관련

된 디자인, 개발, 테스트, 제조, reverse engineering, 판매를 위한 분배 및 판매 관련 자료

3. 관련 제품의 시장 자료

4. 관련 제품에 대한 라이센싱 또는 평가 자료

5. 삼성의 제품을 사용한 Apple 사 제품 관련 자료

6. Apple 사 특허와 관련된 내부 분석, 회피설계, 평가 자료, 양사가 논의중인 Apple 사와 삼성 특허에 대한 보고서

7. 삼성과 Apple 사 라이센스 협의와 관련된 내부 교신이나 보고

8. 상기 협의와 관련된 특허에 대한 제 3 자와의 교신이나 내부 교신 및 보고

9. Apple 사 특허에 대한 제 3 자와의 교신 (예: 분석을 목적으로한 로펌 등 제 3 자와의 교신)

10. 삼성에 클레임 제기한 Apple 사 특허 혹은 어떠한 Apple 특허와 관련된 교신

본 관련문서 보존의무는 당사의 모든 임직원과 외부자문인 또는 대리인에게 적용되고, 특히 상기 언급된 제품과 관련 있는 문서를 보유한 임직원들에게 적용됩니다. 또한 당사의 보존의무는 장기 보관 중인 문서와 업무용 컴퓨터 및 중앙 파일 서버를 포함 합니다. 만약 정기적으로 관련 문서를 파기하는 작업이 있다면 즉시 중지시켜주시기 바랍니다.

Highly Confidential – Outside Counsel's Eyes Only

향후 사정변경에 따라 보존대상문서의 범위가 변경되거나 확대될 수 있으며, 이로 인해 야기될 수 있는 부담을 최소화하도록 노력할 것이나, 관련 임직원께서는 본 건과 관련된 모든 소송이 해결되거나 IP 법무팀에서 별도의 공지가 있을 때까지 관련문서를 파기하지 않고 보존하는 것이 중요합니다.

관련문서를 제출할 필요가 발생했을 경우, IP 법무팀 담당자가 별도 요청할 것입니다.

관련 임직원 여러분의 이해와 협조를 요청드립니다. 감사합니다.

# EXHIBIT C

Highly Confidential – Outside Counsel's Eyes Only



Samsung Electronics Co., Ltd.
IP Center
IP Legal Team
Suwon, Korea

April 21, 2011

Dear Colleagues:

On April 15, 2011, Apple filed a lawsuit against SEC, Samsung Electronics America, Inc. ("SEA"), and Samsung Telecommunications America, LLC ("STA") (collectively, "Samsung") in the United States District Court for the Northern District of California ("Apple's Northern District Action"). Apple's Northern District Action alleges that Samsung's Galaxy line of smart phones and computer tablets infringe: (i) the trade dress of Apple's iPhone, iPod touch, and iPad in violation of Section 43(a) of the Lanham Act, 15 U.S.C. 1125(a); (ii) the federal trade dress registrations for the design and configuration of the iPhone in violation of 15 U.S.C. 1114; (iii) the federal trademark registrations for the application icons used in the user interface for the iPhone, iPod touch, and iPad and the federal trademark for the logo for Apple's iTunes on-line music service in violation of 15 U.S.C. 1114; and (iv) the federal trademark registrations for the application icons used in the user interface for the iPhone, iPod touch, and iPad and the iTunes application icon in violation of Apple's common law trademark rights ("Apple's Trademark and Trade Dress Claims"). Also, Apple's Northern District Action alleges that these Samsung acts constitute fraudulent and unlawful business practices as defined by California Business and Professions Code Section 17200, *et seq*. Apple's Northern District Action further alleges that, as a result of Samsung's alleged conduct, Samsung has been unjustly enriched to Apple's detriment. Apple's Northern District Action alleges infringement of ten U.S. Patents ("Apple's Asserted Patents") identified below by one or more of the "Samsung Accused Products" (defined below) by the "Relevant Technical Features" (defined below):

| Patent No. | Patent Title | Inventors |
|---|---|---|
| 6,493,002 | Method and Apparatus for Displaying and Accessing Control and Status Information in a Computer System | Steven W. Christensen |
| 7,469,381 | List Scrolling and Document Translation, Scaling, and Rotation on a Touch-Screen Display | Bas Ording |
| 7,8536,891 | Method and Apparatus for Displaying a Window for a User Interface | Imran Chaudhri and Bas Ording |

Highly Confidential – Outside Counsel's Eyes Only

| 7,844,915 | Application Programming Interfaces for Scrolling Operations | Andrew Platzer and Scott Herz |
|---|---|---|
| 7,863,533 | Cantilevered Push Button Having Multiple Contacts and Fulcrums | Bradley J. Hamel, Tang Yew Tan, and Erik Wang |
| 7,669,134 | Method and Apparatus for Displaying Information During An Instant Messaging Session | Gregory N. Christie, Peter T. Westen, Stephen O. Lemay, and Jens Alfkeas |
| 7,812,828 | Ellipse Fitting for Multi-Touch Surfaces | Wayne Westerman and John G. Elias |
| D627,790 | Graphical User Interface for a Display Screen or Portion Thereof | Imran Chaudhri |
| D602,016 | Electronic Device | Bartley K. Andre, Daniel J. Coster, Daniele De Iuliis, Richard P. Howarth, Jonathan P. Ive, Steve Jobs, Duncan Robert Kerr, Shin Nishibori, Matthew Dean Rohrbach, Peter Russell-Clarke, Douglas B. Satzger, Christopher J. Stringer, Eugene Antony Whang, Rico Zorkendorfer |
| D618,677 | Electronic Device | Bartley K. Andre, Daniel J. Coster, Daniele De Iuliis, Richard P. Howarth, Jonathan P. Ive, Steve Jobs, Duncan Robert Kerr, Shin Nishibori, Matthew Dean Rohrbach, Peter Russell-Clarke, Douglas B. Satzger, Calvin Q. Seid, Christopher J. Stringer, Eugene Antony Whang, Rico Zorkendorfer |

The Samsung Accused Products include, but may not be limited to, the Samsung Captivate, Continuum, Vibrant, Galaxy S 4G, Epic 4G, Indulge, Mesmerize, Showcase, Fascinate, Nexus S, Gem, Transform, Intercept, and Acclaim smart phones and the Samsung Galaxy Tab tablet. Samsung Accused Products include all past, current, anticipated and future smart phones and computer tablets in the Galaxy line.

The Relevant Technical Features include, but may not be limited to, user interface features such as the display of status and control functions for a number of different application programs, the display of electronic documents on a touch-screen, the display of windows in a user interface, and the display of an exchange of messages during a communication session.

Highly Confidential – Outside Counsel's Eyes Only

The Relevant Technical Features also include, but may not be limited to, the use and design of cantilevered push buttons, the ornamental design of a smart phone and/or tablet, and the ornamental design of the graphical user interface for a display screen on a smart phone and/or tablet.

According to the applicable discovery rules, documents include all written, graphic or otherwise recorded material, including for example paper documents, correspondence, memoranda, handwritten notes, drawings, presentation slides, business diaries, calendars, tapes, agreements, drafts, phone logs, electronic files and electronically stored information regardless of the form of storage medium, e-mails, voice messages, and instant messages.

The purpose of this e-mail is to request that you preserve any and all such documents that may be relevant to the issues in Apple's Northern District Action until all litigations are fully resolved. Please be aware that the above-mentioned exemplary list of documents is not exhaustive and the categories of documents may well be even broader. For this reason, **if you have any doubt** as to whether you should preserve particular documents, **you are instructed to retain them**. Please distribute this message to anyone else who may have any such relevant documents.

Although it is impossible to predict every type of document that Apple may request in a potential litigation, you should nevertheless retain and preserve all documents that relate to:

1. Apple, Apple's iPhone, iPad, and iPod touch, Apple's Northern District Action, Apple's Trademark and Trade Dress Claims, Apple's Asserted Patents, or any of Apple's patents, trademarks, or trade dresses that could potentially impact Samsung's relevant business units (e.g., Digital Media & Communications, Device Solutions, etc.);

2. the design, development, testing, manufacturing, reverse engineering, distribution, importation, and sale of any Samsung Accused Products, any Samsung products related to the Relevant Technical Features, and any Samsung product that Apple would likely accuse of infringing one or more of Apple's patents, trademarks, or trade dresses;

3. contractual relationships, agreements, or other communications relating to the development, creation, implementation, launch and operation of any such products;

4. the market for any such products;

5. licensing or valuation of any such products;

6. any business plans, strategic plans or business strategy documents related to such products;

7. any indemnification agreement provided to Samsung by any third party relating to

Highly Confidential – Outside Counsel's Eyes Only

     such products or the Relevant Technical Features;

8. Apple's products, including its iPhone, iPad, and iPod touch, incorporating any of Samsung's products;

9. technical documents (including patents, patent applications and related documents) relating to Relevant Technical Features, including development, operation, manufacture, structure, design, architecture, testing, implementation and Samsung specification documents;

10. marketing materials, including product packaging and documentation, pertaining to the Samsung Accused Products and any Samsung product that Apple would likely accuse of infringing one or more of Apple's patents, trademarks, or trade dresses;

11. any internal analysis, assessments (including any efforts by Samsung to design around Apple's Asserted Patents or any other Apple patents) and/or reports concerning either Apple's Asserted Patents, other Apple patents, or Samsung's patents that are currently the subject of litigation, litigation preparations, or discussions between Apple and Samsung;

12. any internal communications and/or reports concerning activities involving the Apple/Samsung licensing discussions;

13. any third party communications concerning any of the patents involved in the discussions and/or litigations and any internal communications and/or reports regarding the same;

14. any communications to third parties (e.g., for analysis purposes to third party vendors or law firms) concerning Apple's Northern District Action, Apple's Trademark and Trade Dress Claims, Apple's Asserted Patents, and/or any other Apple patent, trademark or trade dress; and

15. any communications with anyone relating to Apple's Northern District Action, Apple's Trademark and Trade Dress Claims, Apple's Asserted Patents, and/or any other Apple patent, trademark or trade dress, and/or Apple patent, trademark, or trade dress claim against Samsung.

This obligation to retain relevant documents applies generally to all employees and outside consultants or agents of Samsung, but in particular to employees of Samsung possessing documents relating to the above-mentioned information. Further, Samsung's obligations to maintain and preserve relevant documents include any such documents stored in long term record retention, as well as documents in your office computer or any central files.

Due to future changes in circumstances, modification or expansion of the categories of documents to be retained may be required. Although we will try to minimize any resulting burden, it is important that you do not destroy or discard any potentially responsive documents **AND PRESERVE ANY SUCH RELEVANT DOCUMENTS** until the all

Highly Confidential – Outside Counsel's Eyes Only

litigation relating to these issues has been sufficiently attenuated, or until otherwise notified by Samsung's Legal or IP teams.

To the extent the need to retrieve copies of potentially relevant documents arises, representatives of Samsung's IP Legal Team will be contacting you.   In the meantime, if you have any questions, please call the personnel of the IP Legal Team.   Thank you for your understanding, and we sincerely appreciate your assistance.

# EXHIBIT D

Highly Confidential – Outside Counsel's Eyes Only



Samsung Electronics Co., Ltd.
IP Center
IP Legal Team
Suwon, Korea

4/21/2011

각 수신처 제위:

지난 4 월 15 일 Apple 사는 미국 캘리포니아주 북부 연방법원에(United States District Court for the Northern District of California) 삼성 전자 (Samsung Electronics Co., Ltd), Samsung Electronics America, Inc. ("SEA"), 및 Samsung Telecommunications America, LLC ("STA") (통칭하여, "삼성")을 제소하였습니다 ("Apple 소송"). Apple 사는 삼성의 갤럭시 라인의 스마트폰과 태블릿 컴퓨터 제품들이 (i) 미연방법 the Lanham Act, 15 U.S.C. 1125 의 Section 43(a)을 위반하여 Apple 사의 iPhone, iPod touch, 및 iPad 의 trade dress 를 침해 (ii) 미연방법 15 U.S.C. 1114 을 위반하여 iPhone 의 의장과 형태를 등록한 연방 trade dress 를 침해 (iii) 미연방법 15 U.S.C. 1114 을 위반하여 iPhone, iPod touch, 및 iPad 의 user interface 에 쓰이는 application icon 에 대한 미 연방 상표권 및 Apple 사의 iTunes 온라인 음악 서비스의 로고에 대한 상표권을 침해 (iv) Apple 사의 관습법 상표권(Common Law trademark right)을 위반하여 iPhone, iPod touch, 및 iPad 의 user interface 에 쓰이는 application icon 에 대한 미 연방 상표권 및 Apple 사의 iTunes 온라인 음악 서비스의 로고에 대한 상표권을 침해했다고 주장하고 있습니다. 더하여, Apple 사는 삼성의 이런 행동이 캘리포니아주 상법(California Business and Professions Code Section 17200, *et seq.*)을 위반하는 부당하고 불법적인 상관습(business practice)이라고 주장하고 있습니다. 또한 Apple 사는 삼성의 이런 행동으로 인해 삼성이 Apple 사의 손상을 초래하며 부당이득을 얻었다고 주장하고 있습니다. Apple 사는 또한 '삼성 제소제품'(아래 정의된)들의 "관련된 기술 특성"(아래 정의된)이 하기 Apple 사의 특허 열(10)건을 (이하 "Apple 제소특허") 침해한다고 주장하고 있습니다.

| 특허번호. | 특허명 | 발명자 |
|---|---|---|
| 6,493,002 | Method and Apparatus for Displaying and Accessing Control and Status Information in a Computer System | Steven W. Christensen |
| 7,469,381 | List Scrolling and Document Translation, Scaling, and Rotation on | Bas Ording |

Highly Confidential – Outside Counsel's Eyes Only

| | a Touch–Screen Display | |
|---|---|---|
| 7,8536,891 | Method and Apparatus for Displaying a Window for a User Interface | Imran Chaudhri and Bas Ording |
| 7,844,915 | Application Programming Interfaces for Scrolling Operations | Andrew Platzer and Scott Herz |
| 7,863,533 | Cantilevered Push Button Having Multiple Contacts and Fulcrums | Bradley J. Hamel, Tang Yew Tan, and Erik Wang |
| 7,669,134 | Method and Apparatus for Displaying Information During An Instant Messaging Session | Gregory N. Christie, Peter T. Westen, Stephen O. Lemay, and Jens Alfkeas |
| 7,812,828 | Ellipse Fitting for Multi-Touch Surfaces | Wayne Westerman and John G. Elias |
| D627,790 | Graphical User Interface for a Display Screen or Portion Thereof | Imran Chaudhri |
| D602,016 | Electronic Device | Bartley K. Andre, Daniel J. Coster, Daniele De Iuliis, Richard P. Howarth, Jonathan P. Ive, Steve Jobs, Duncan Robert Kerr, Shin Nishibori, Matthew Dean Rohrbach, Peter Russell–Clarke, Douglas B. Satzger, Christopher J. Stringer, Eugene Antony Whang, Rico Zorkendorfer |
| D618,677 | Electronic Device | Bartley K. Andre, Daniel J. Coster, Daniele De Iuliis, Richard P. Howarth, Jonathan P. Ive, Steve Jobs, Duncan Robert Kerr, Shin Nishibori, Matthew Dean Rohrbach, Peter Russell–Clarke, Douglas B. Satzger, Calvin Q. Seid, Christopher J. Stringer, Eugene Antony |

Highly Confidential – Outside Counsel's Eyes Only

| | | Whang,          Rico Zorkendorfer |
|---|---|---|

제소제품은 삼성의 스마트 폰인 Captivate, Continuum, Vibrant, Galaxy S 4G, Epic 4G, Indulge, Mesmerize, Showcase, Fascinate, Nexus S, Gem, Transform, Intercept, 및 Acclaim 모델들과 삼성 갤럭시 탭을 포함하고 있으나 이에 한정되지는 않으며, Apple 사는 소송이 진행되면서 추가적인 제품에 대한 침해 주장을 할 수 있습니다, 삼성제소제품은 또한 이전, 현재, 그리고 앞으로 출시되리라 예측되는 미래의 모든 갤럭시 라인의 스마트 폰과 태블릿 컴퓨터를 포함할 수 있습니다.

관련된 기술 특성은 (1)다수의 application program 의 status 와 control function 의 display, (2) 전자문서를 터치 스크린에 display, (3) 유저 인터페이스에 window 를 display, (4) 통신세션당 메시지들의 교환을 display 하는 방법 등, 유저 인터페이스의 특성을 포함하고 있으나 이에 한정되지는 않습니다.  관련된 기술 특성은 또한, 외팔보(cantilever)식 push 버튼의 디자인과 사용, 스마트 폰 또는 태블릿 컴퓨터의 의장, 그리고 스마트 폰 또는 태블릿 컴퓨터의 화면의 graphical 유저 인터페이스의 의장 등을 포함할 수 있으나 이에 한정되지는 않습니다.

미국소송 증거개시 원칙에 따르면, 상기 '문서'란 정보를 가지고 있는 문자화, 도형화 또는 다르게 기록된 모든 종류의 물건으로 종이서류뿐만 아니라 보고서, 서신, 프레젠테이션 파일, 도면, 수기 노트, 업무용 다이어리, 달력, 테이프, 계약서, 전화 기록, 전화 메시지, instant 메시지 등 기타 전자 문서와 이메일을 포함합니다.

본 서신의 목적은 Apple 소송이 완전히 해결될 때까지 관련될 수 있는 모든 문서를 보존해 주시기를 요청하기 위함입니다. 상기 문서 종류는 보존 해야 할 문서의 예이며 실제 보존대상문서의 범위는 더 광범위 할 수 있습니다. 따라서 특정 문서를 보존해야 하는지에 대하여 확신이 없다면, 해당 문서를 모두 보존하는 것이 좋습니다. 본 서신을 받으시는 분들께서는 소속 부서원 중 관련이 있는 부서원에게 재전송하시어 자료 파기 금지 및 향후 발생하는 자료를 보관토록 통지하여 주시기 바랍니다.

물론 Apple 사가 어떤 문서를 증거개시용 자료로서 요구할지를 완벽하게 예측할 수는 없지만, 하기의 카테고리와 관련된 모든 '문서'는 파기를 금지하고 보관하셔야 합니다.

  1. Apple 사, Apple 의 iPhone, iPad, 및 iPod touch, Apple 소송, Apple 사의

상표권 및 Trade Dress 주장, Apple 제소특허, 그리고 삼성의 관련된 제품 또는 사업(예: Digital Media & Communications and Device Solution 등)에 영향을 줄 수 있는 Apple 사 또는 Apple 사의 특허, 상표, 및 Trade Dress 관련 자료

2. (1)삼성제소제품 (2)관련된 기술 특성에 연관된 삼성 제품 그리고 (3)Apple 사가 Apple 사의 특허, 상표, 또는 Trade Dress 의 침해 주장이 제기될 가능성이 있는 모든 삼성제품들과 관련된 설계, 개발, 테스트, 제조, reverse engineering, distribution, 수입, 마케팅, 광고 또는 영업 자료

3. 2 번에 명시된 제품들의 개발, 창작, 실행, 출시, 그리고 작동에 관련된 계약 관계, 계약서 및 다른 교신.

4. 상기 제품들의 시장 자료

5. 상기 제품에 대한 라이센싱 또는 평가 자료

6. 상기 제품에 대한 사업 계획, 전략 계획, 또는 사업 전략 문서

7. 상기 제품이나 관련된 기술 특성에 관련된 삼성의 제 3 자와의 면책계약

8. iPhone, iPad, 및 iPad 와 같이 삼성의 제품을 사용한 Apple 사 제품 관련 자료

9. 관련된 기술 특성에 관련된 (개발, 작동, 제조, 구조, 디자인, 설계, 테스팅, 실행, 삼성 사양서 등) 기술 문서 (특허, 특허 출원서 및 관련된 문서)

10. 삼성제소제품 및 Apple 사가 Apple 사의 특허, 상표, 또는 Trade Dress 의 침해 주장이 제기될 가능성이 있는 모든 삼성의 제품에 관련된 마케팅 자료 (제품 포장과 문서들 포함)

11. Apple 사 제소 특허 또는 그 외의 Apple 사 소유특허와 관련된 내부 분석 자료 (회피 설계 관련 내용 포함)

12. Apple 사와의 라이선스 협상 관련 내부 교신이나 보고자료

13. Apple 사와의 소송 및 협상 특허와 관련된 제 3 자와의 교신이나 Apple 사와의 소송 및 특허와 관련된 내부교신, 논의 또는 보고자료

14. Apple 소송 및 Apple 사의 상표, 특허, 또는 Trade Dress 침해 주장과 관련된 제 3 자와의 (예: 분석 목적을 두고 외부업체 또는 로펌과 가진) 교신

15. Apple 소송 및 Apple 사의 상표, 특허, 또는 Trade Dress 침해 주장 또는 Apple 제소특허에 관련된 교신

본 관련문서 보존의무는 당사의 모든 임직원과 외부자문인 또는 대리인에게 적용되고, 특히 상기 언급된 제품과 관련 있는 문서를 보유한 임직원들에게 적용됩니다. 또한 당사의 보존의무는 장기 보관 중인 문서와 업무용 컴퓨터 및 중앙 파일 서버를 포함 합니다.

향후 사정변경에 따라 보존대상문서의 범위가 변경되거나 확대될 수 있으며, 이로 인해 야기될 수 있는 부담을 최소화하도록 노력할 것이나, 관련 임직원께서는 본건과 관련된 모든 소송이 해결되거나 IP 법무팀에서 별도의 공지가 있을 때까

Highly Confidential – Outside Counsel's Eyes Only

지 관련문서를 파기하지 않고 보존하는 것이 중요합니다.

관련문서를 제출할 필요가 발생했을 경우, IP 법무팀 담당자가 별도 요청할 것입니다.

관련 임직원 여러분의 이해와 협조를 요청 드립니다. 감사합니다.

# EXHIBIT E

Highly Confidential – Outside Counsel's Eyes Only



Samsung Electronics Co., Ltd.

IP Legal Team

DMC R&D Center (R2) 4th Fl.

416, Maetan 3-Dong, Yeongtong-gu

Suwon, Gyeonggi-do, Korea 443-742

**DOCUMENT PRESERVATION NOTICE FOR APPLE LITIGATION**

May 11, 2011

Dear Colleagues:

I write this letter to request that you preserve all documents that may be relevant to a recently filed patent litigation case against Apple, Inc. ("Apple").   This preservation of documents is in place until the litigation and any related litigation is fully resolved.

On April 27, 2011, Samsung Electronics Co., LTD. and Samsung Telecommunications America, LLC (collectively, "Samsung") filed a lawsuit against Apple in the United States District Court of the Northern District of California.   Samsung's suit alleges that several of Apple's products, including the Apple iPhone 3G, the Apple iPhone 3GS, the Apple iPhone 4, the iPod Touch, the iPad, the iPad 3G, the iPad2, and the iPad 2 3G, infringe on ten U.S. Patents ("Samsung Asserted Patents") identified below.   The Samsung Asserted Patents are related to increasing reliability, capacity, efficiency, compatibility, and functioning of mobile devices in W-CDMA and UMTS networks, and features relating to the user-interface of mobile devices, such as generating and displaying time, keyboard function, and viewing of images on mobile devices (the "Relevant Technical Features").

| PATENT NO. | PATENT TITLE | INVENTOR(S) |
|---|---|---|
| 7,675,941 | Method and Apparatus for Transmitting/Receiving Packet Data using Pre-Defined Length Indicator in a Mobile Communication System | Soeng-Hun Kim, Gert-Jan Van Lieshout, Himke Van Der Velde |
| 7,362,867 | Apparatus and Method for Generating Scrambling Code in UMTS Mobile Communication System | Jae-Yoel Kim, Hee-Won Kang |
| 7,447,516 | Method and Apparatus for Data Transmission in a Mobile Telecommunication System Supporting Enhanced Uplink Service | Youn-Hyoung Heo, Ju-Ho Lee, Joon-Young Cho, Young-Bum Kim, Yong-Jun Kwak |

Highly Confidential – Outside Counsel's Eyes Only

| | | |
|---|---|---|
| 7,200,792 | Interleaving Apparatus and Method for Symbol Mapping in an HSPDA Mobile Communication System | Hun-Kee Kim, Gin-Kyu Choi, Jae-Seung Yoon, Noh-Sun Kim, Jun-Sung Lee, Yong-Suk Moon |
| 7,386,001 | Apparatus and Method for Channel Coding and Multiplexing in CDMA Communication System | Beong-Jo Kim, Se-Hyoung Kim, Min-Goo Kim, Soon-Jae Choi, Young-Hwan Lee |
| 7,050,410 | Apparatus and Method for Controlling a Demultiplexer and a Multiplexer Used for Rate Matching in a Mobile Communication System | Se-Hyoung Kim, Min-Goo Kim, Beong-Jo Kim, Soon-Jae Choi |
| 6,928,604 | Turbo Encoding/Decoding Device and Method for Processing Frame Data According to QOS | Chang-Soo Park, Joong-Ho Jeong, Hyeon-Woo Lee |
| 6,292,179 | Software Keyboard System Using Trace of Stylus on a Touch Screen and Method for Recognizing Key Code Using the Same | Jin-chul Lee |
| 7,009,626 | Systems and Methods for Generating Visual Representations of Graphical Data and Digital Document Processing | Majid Anwar |
| 7,069,055 | Mobile Telephone Capable of Displaying World Time and Methods for Controlling the Same | Hye-Young Lee |

Although it is impossible to predict every type of document that Apple may request in these litigations, you should nevertheless **retain and preserve all documents** that relate to all of the below categories.

(1) Samsung Asserted Patents, any patents related to the Samsung Asserted Patents, and the named inventors, listed above;

(2) the preparation of each of the patent applications of the Samsung Asserted Patents and the prosecution of those applications;

(3) conception and reduction to practice of the Samsung Asserted Patents including any design, testing, experimental use or prototypes associated with this conception or reduction to practice;

(4) the product, process, device, prototype, apparatus that embodies any technology disclosed in any of Samsung Asserted Patents;

(5) the design, development, testing, manufacturing, reverse engineering, distribution,

Highly Confidential – Outside Counsel's Eyes Only

marketing, advertising or sale of any products embodying the Samsung Asserted Patents;

(6)   any written description, use, sale, offer for sale, license, or offer to license prior to the filing date of each of the patent applications that issued as the Samsung Asserted Patents, of what is claimed in the Samsung Asserted Patents;

(7)   any patentability, infringement, or validity opinions related to the Asserted Patents and/or the Relevant Technical Features;

(8)   the marking of any product embodying the Samsung Asserted Patents;

(9)   the market share or market analysis of any product embodying the Samsung Asserted Patents;

(10)   the licensing or valuation of any product embodying the Samsung Asserted Patents;

(11)   the fabrication, manufacture, design, features or functions of the Apple iPhone 3G, the Apple iPhone 3GS, the Apple iPhone 4, the iPod Touch, the iPad, the iPad 3G, the iPad2, and the iPad 2 3G;

(12)   the damages to Samsung from Apple's alleged infringement of Samsung Asserted Patents;

(13)   any internal communications and/or reports concerning activities involving the licenses, license discussions, or other discussions between Apple and Samsung;

(14)   any third party communications concerning any of the Samsung Asserted Patents and/or the Relevant Technical Features, and any internal communications and/or reports regarding the same;

(15)   any third party communications concerning any of the licensing discussions or agreements with Apple and any internal communications and/or reports regarding the same; and

(16)   any communications to third parties (*e.g.*, indemnification requests or notices) concerning any of the Samsung Asserted Patents, the Relevant Technical Features, or this litigation.

Documents, according to the applicable discovery rules, include all written, graphic or otherwise recorded material, including for example paper documents, correspondence, memoranda, handwritten notes, drawings, presentation slides, business diaries, calendars, tapes, agreements, drafts, phone logs, electronic files and electronically stored information regardless of the form of storage medium, emails, voices messages and instant messages.

Please be aware that the above exemplary list of documents and categories is **non e    austive** and as such, if there is any doubt as to whether a document should be preserved,    **ou are instructed to retain t  em**.

This obligation to retain relevant documents applies generally to all employees and outside

Highly Confidential – Outside Counsel's Eyes Only

consultants or agents of Samsung, but in particular to employees possessing documents relating to the above described categories.   Further, Samsung's obligations to maintain and preserve relevant documents include any such documents stored in long term record retention, as well as documents in your office computer or any central files.

As the litigation progresses, future changes in circumstances may require modification or expansion of the categories of documents to be retained.   Although we will try to minimize any resulting burden, it is important that you **do not destro  or discard** any potentially responsive documents until the litigation has been resolved, or until otherwise notified by the IP Legal Team.

Samsung's IP Legal Team will contact you when a need arises to retrieve copies of the preserved relevant documents.   If you have any questions, please contact the personnel of the IP Legal Team.   Thank you for your understanding, and we sincerely appreciate your assistance.

# EXHIBIT F



Samsung Electronics Co., Ltd.

IP Center

IP Legal Team

Suwon, Korea

5/11/2011

각 수신처 제위:

최근 Apple Inc. ("Apple")을 상대로 당사가 제기한 소송과 관련하여 자료보존 요청을 드리고자 이 요청서를 송부합니다. 본 서신의 목적은 Apple 소송이 완전히 해결될 때까지 소송과 관련된 모든 문서를 보존해 주시기를 요청하기 위함입니다.

2011 년 4 월 27 일 삼성 전자 (Samsung Electronics Co., Ltd)와 Samsung Telecommunications America, LLC ("STA") (통칭하여, "삼성" 또는 "당사")는 Apple 을 상대로 특허 소송을 미국 캘리포니아주 북부 연방법원에 (United States District Court for the Northern District of California) 제소하였습니다 ("Apple 소송"). Apple 소송에서 당사는 Apple 의 iPhone 3G, iPhone 3GS, iPhone 4, iPod Touch, iPad, iPad 3G, iPad 2, iPad 2 3G 등의 제품들이 하기 10 개의 삼성 특허를 ("삼성 제소 특허" 또는 "제소 특허") 침해 한다는 주장을 펴고 있습니다. 제소 특허들은 무선 기기의 WCDMA 와 UMTS 네트워크 상에서의 신뢰성, 효율성, 호환성 및 수용성을 증대시키는데 관련이 있으며 user-interface 관련으로는 시간을 생성하고 display 하는 방법, 키보드 기능 및 무선 기기에서의 image viewing 방법 등이 있습니다 ("제소 특허 관련 기술 특성").

| U.S. PATENT NO. | PATENT TITLE | INVENTOR(S) |
|---|---|---|
| 7,675,941 | Method and Apparatus for Transmitting/Receiving Packet Data using Pre-Defined Length Indicator in a Mobile Communication System | Soeng-Hun Kim, Gert-Jan Van Lieshout, Himke Van Der Velde |
| 7,362,867 | Apparatus and Method for Generating Scrambling Code in UMTS Mobile Communication System | Jae-Yoel Kim, Hee-Won Kang |
| 7,447,516 | Method and Apparatus for Data Transmission in a Mobile Telecommunication System Supporting Enhanced Uplink Service | Youn-Hyoung Heo, Ju-Ho Lee, Joon-Young Cho, Young-Bum Kim, Yong-Jun Kwak |
| 7,200,792 | Interleaving Apparatus and Method for Symbol Mapping in an HSPDA Mobile Communication System | Hun-Kee Kim, Gin-Kyu Choi, Jae-Seung Yoon, Noh-Sun Kim, Jun-Sung Lee, Yong-Suk Moon |
| 7,386,001 | Apparatus and Method for Channel Coding and Multiplexing in CDMA | Beong-Jo Kim, Se-Hyoung Kim, Min-Goo Kim, Soon-Jae |

|  |  |  |
|---|---|---|
|  | Communication System | Choi, Young-Hwan Lee |
| 7,050,410 | Apparatus and Method for Controlling a Demultiplexer and a Multiplexer Used for Rate Matching in a Mobile Communication System | Se-Hyoung Kim, Min-Goo Kim, Beong-Jo Kim, Soon-Jae Choi |
| 6,928,604 | Turbo Encoding/Decoding Device and Method for Processing Frame Data According to QOS | Chang-Soo Park, Joong-Ho Jeong, Hyeon-Woo Lee |
| 6,292,179 | Software Keyboard System Using Trace of Stylus on a Touch Screen and Method for Recognizing Key Code Using the Same | Jin-chul Lee |
| 7,009,626 | Systems and Methods for Generating Visual Representations of Graphical Data and Digital Document Processing | Majid Anwar |
| 7,069,055 | Mobile Telephone Capable of Displaying World Time and Methods for Controlling the Same | Hye-Young Lee |

물론 Apple 사가 어떤 문서를 증거게시용 자료로서 요구할지를 완벽하게 예측할 수는 없으나 하기의 목록과 관련된 모든 '문서'는 파기를 금지하고 보관 하셔야 합니다.

1. 삼성 제소특허, 제소특허에 관련된 당사 특허 및 상기 표기 되어있는 제소 특허 발명자 관련 자료;

2. 삼성 제소특허 출원 준비 및 출원 관련 자료;

3. 삼성 제소특허에 관한 디자인, testing, 실험 사용 등을 포함한 발명, 창안, 구상 관련 자료;

4. 제소 특허 관련 기술 특성을 구현하고 내포할 수 있는 제품, 방법, 기기, prototype 및 설비 관련 자료;

5. 제소 특허 관련 기술 특성을 구현하고 내포할 수 있는 기기에 관련된 설계, 개발, 테스트, 제조, reverse engineering, distribution, 마케팅, 광고 또는 영업 자료;

6. 삼성 제소 특허 청구 항에 명시되어 있는 발명 관련 출원 제출 이전에 이루어진 서면 설명, 사용, 판매, 라이센스 및 라이센스 제의 관련 자료;

7. 삼성 제소 특허 및 제소 특허 관련 기술 특성에 관한 특허자격, 침해여부, 유효성여부를 서술한 의견 및 견해서 관련 자료;

8. 삼성 제소 특허를 구현하고 있는 제품에 대한 marking (특허 표기)관련 자료;

9. 삼성 제소 특허를 구현하고 있는 제품에 대한 시장 점유율 또는 시장 조사 관련 자료;

10. 삼성 제소 특허를 구현하고 있는 제품에 대한 라이센싱 또는 가치 평가 관련 자료;

11. Apple 사의 iPhone 3G, iPhone 3GS, iPhone 4, iPod Touch, iPad, iPad 3G, iPad 2, iPad 2 3G 에 관한 제작, 제조, 설계, 기능 및 동작 관련 자료;

12. Apple 사의 삼성 제소 특허 침해관련 손해배상 비용 관련 자료;

13. Apple 사와의 라이센스 협상 관련 내부 교신이나 보고 자료;

14. 삼성 제소 특허 및 제소 특허 관련 기술 특성에 관련된 제 3 자와의 교신 이나 이에 관한 내부교신, 논의 또는 보고자료;

15. Apple 사와의 라이센싱이나 계약에 관련된 제 3 자와의 교신, 또 이에 관한 내부교신, 논의 또는 보고자료;

16. 삼성 제소 특허, 본 소송 및 제소 특허 관련 기술 특성에 관련된 제 3 자와 의 교신 (예: indemnification – 배상 요구 및 통지서).

미국소송 증거게시 원칙에 따르면, 상기 '문서'란 정보를 가지고 있는 문자화, 도형화 또는 다른형태로 기록된 모든 종류의 물건으로, 종이서류뿐만 아니라 보고서, 서신, 프레젠테이션 파일, 도면, 수기 노트, 업무용 다이어리, 달력, 테이프, 계약서, 전화 기록, 전화 메시지, instant 메시지 등 기타 전자 문서와 이메일을 포함합니다.

상기 문서 종류는 보존 해야 할 문서의 예이며 실제 보존대상문서의 범위는 더 광범위 할 수 있습니다. 따라서 특정 문서를 보존해야 하는지에 대하여 확신이 없다면, 해당 문서를 모두 보존하는 것이 좋습니다.

본 관련문서 보존의무는 당사의 모든 임직원과 외부 자문인 또는 대리인에게 적용되고, 특히 상기 언급된 제품과 관련 있는 문서를 보유한 임직원들에게 적용됩니다. 또한 당사의 보존의무는 장기 보관 중인 문서와 업무용 컴퓨터 및 중앙 파일 서버를 포함 합니다.

향후 사정변경에 따라 보존대상문서의 범위가 변경되거나 확대될 수 있으며, 이로 인해 야기될 수 있는 부담을 최소화하도록 노력할 것이나, 관련 임직원께서는 본건과 관련된 모든 소송이 해결되거나 IP 법무팀에서 별도의 공지가 있을 때까지 관련문서를 파기하지 않고 보존하는 것이 중요합니다.

관련문서를 제출할 필요가 발생했을 경우, IP 법무팀 담당자가 별도 요청할 것입니다.

관련 임직원 여러분의 이해와 협조를 요청 드립니다. 감사합니다.

# EXHIBIT G

RE IN ER O U ENT PRESERVATION NOTI E



Samsung Electronics Co., Ltd.
IP Legal Team
DMC R&D Center (R2) 4th Fl.
416, Maetan 3-Dong, Yeongtong-gu
Suwon, Gyeonggi-do, Korea 443-742

### REVISE   O U   ENT PRESERVATION NOTI  E   OR APPLE LITI  ATIONS

July 11, 2011

Dear Colleagues:

This is an update to two previously distributed litigation hold notices from April 22, 2011 and May 11, 2011.   The purpose of this notice is to identify documents that you and others at Samsung must preserve until further instruction by Samsung's Legal Team.

In the previous litigation hold notices, we informed you that Apple Inc. ("Apple") filed a lawsuit against Samsung Electronics Co., Ltd., Samsung Electronics America, Inc, and Samsung Telecommunications America, LLC (collectively "Samsung") in the United States District Court for the Northern District of California.     We also informed you that Samsung had filed a lawsuit against Apple in the same court.     We requested that you preserve any and all such documents that may be relevant to the issues in the lawsuits between Samsung and Apple until they are fully resolved.

On June 16, 2011, Apple amended its lawsuit against Samsung, alleging that many of Samsung's phones and the Galaxy line of tablet computers (see list of accused products below) (i) unfairly compete and falsely designate their origin by mimicking Apple's trade dress in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (ii) infringe Apple's trade dress and federal trademarks in violation of 15 U.S.C. § 1114(a) and common law trademark rights; (iii) dilute Apple's trade dress in violation of 15 U.S.C. § 1125(c); (iv) unfairly compete in violation of California Business and Professional Code § 17200; (v) unjustly enrich Samsung to Apple's detriment; and (vi) infringe eight of Apple's utility patents and seven of Apple's design patents, identified below.

On June 30, 2011, Samsung dismissed without prejudice its lawsuit against Apple in the Northern District of California, and asserted several of the same patents as counterclaims against Apple in its case against Samsung.     Specifically, Samsung alleges that the iPhone 3G,

Highly Confidential – Outside Counsel's Eyes Only

RE  IN  ER  O  U  ENT PRESERVATION NOTI E

iPhone 3GS, iPhone 4, iPod Touch, iPad, iPad 3G, iPad 2, and iPad 2 3G ("Accused Apple Products") infringe twelve of Samsung's utility patents.

Both Apple and Samsung have recently initiated other litigation for which documents need to be preserved.   On June 28, 2011, Samsung filed a complaint with the International Trade Commission alleging that the Accused Apple Products infringe five additional Samsung utility patents.   On June 29, 2011 Samsung also filed a lawsuit in the United States District for the District of Delaware seeking damages for infringement of the same patents at issue in Samsung's ITC complaint.   On July 5, 2011, Apple filed its own complaint with the International Trade Commission alleging infringement of five utility patents and two design patents by the Samsung Galaxy S 4G, Fascinate, Transform, Intercept, Captivate, Infuse 4G, Galaxy Tab and Tab 10.1.

**T          P**

Although it is impossible to predict every type of document that may be relevant to the litigations between Samsung and Apple, you should nevertheless retain and preserve all documents that relate to: (1) the **A          A          P**          , (2) the **S          A          P**          , (3) the **A          S          P**          , (4) the **A          A          P**          and (5) the **R T**          .   These categories of documents are defined below.   Documents relating to these categories that must be retained include technical documents (including design, development, and manufacturing documents), marketing documents (including product packaging and documentation), financial documents (including cost, profit, and sales documents), licensing documents, internal communications, and communications third-parties (including carriers, suppliers and Apple) relating to the categories of documents listed above. Documents include tangible items of any kind that contain information, including for example paper documents, correspondence, memoranda, handwritten notes, drawings, presentation slides, business diaries, electronic files and e-mails.

Please be aware that the above list of documents and categories is                     and as such, if there is any doubt as to whether a document should be preserved,                     .   Please ensure that any scheduled disposal of such relevant documents (if any) is immediately suspended.

Highly Confidential – Outside Counsel's Eyes Only

RE IN ER O U ENT PRESERVATION NOTI E

The **A      A      P**      include:

| PATENT NO. | PATENT TITLE | INVENTOR(S) |
|---|---|---|
| 7,812,828 | Ellipse Fitting for Multi-Touch Surfaces | Wayne Westerman, John G. Elias |
| 6,493,002 | Method and Apparatus for Displaying and Accessing Control and Status Information in a Computer System | Steven W. Christensen |
| 7,469,381 | List Scrolling and Document Translation, Scaling and Rotation on a Touch-Screen Display | Bas Ording |
| 7,844,915 | Application Programming Interfaces for Scrolling Operations | Andrew Platzer, Scott Herz |
| 7,853,891 | Method and Apparatus for Displaying a Window for a User Interface | Imran Chaudhri, Bas Ording |
| 7,663,607 | Multipoint Touchscreen | Steve Hotelling, Joshua A. Strickon |
| 7,864,163 | Portable Electronic Device, Method, and Graphical User Interface for Displaying Structured Electronic Documents | Bas Ording, Scott Forstall, Greg Christie, Stephen O. Lemay, Imran Chaudhri, Richard Williamson, Chris Blumenberg, Marcel Van Os |
| 7,920,129 | Double-Sided Touch-Sensitive Panel with Shield and Drive Combined Layer | Steve Porter Hotelling, Brian Richards Land |
| D627,790 | Graphical User Interface For a Display Screen or Portion Thereof | Imran Chaudhri |
| D617,334 | Graphical User Interface For a Display Screen or Portion Thereof | Imran Chaudhri |
| D604,305 | Graphical User Interface For a Display Screen or Portion Thereof | Freddy Anzures, Imran Chaudhri |
| D593,087 | Electronic Device | Bartley K. Andre, Daniel J. Coster, Daniele De Iuliis, Richard P. Howarth, Jonathan P. Ive, Steve Jobs, Duncan Robert Kerr, Shin Noshibori, Matthew Dean Rohrbach, Douglas B. Satzger, Calvin Q. Seid, Christopher J. Stringer, Eugene Antony Whang, Rico |

| | | Zorkendorfer |
|---|---|---|
| D618,677 | Electronic Device | Bartley K. Andre, Daniel J. Coster, Daniele De Iuliis, Richard P. Howarth, Jonathan P. Ive, Steve Jobs, Duncan Robert Kerr, Shin Noshibori, Matthew Dean Rohrbach, Douglas B. Satzger, Calvin Q. Seid, Christopher J. Stringer, Eugene Antony Whang, Rico Zorkendorfer |
| D622,270 | Electronic Device | Bartley K. Andre, Daniel J. Coster, Daniele De Iuliis, Richard P. Howarth, Jonathan P. Ive, Steve Jobs, Duncan Robert Kerr, Shin Noshibori, Matthew Dean Rohrbach, Douglas B. Satzger, Calvin Q. Seid, Christopher J. Stringer, Eugene Antony Whang, Rico Zorkendorfer |
| D504,889 | Electronic Device | Bartley K. Andre, Daniel J. Coster, Daniele De Iuliis, Richard P. Howarth, Jonathan P. Ive, Steve Jobs, Duncan Robert Kerr, Shin Noshibori, Matthew Dean Rohrbach, Douglas B. Satzger, Calvin Q. Seid, Christopher J. Stringer, Eugene Antony Whang, Rico Zorkendorfer |
| 7,479,949 | Touch Screen Device, Method, and Graphical User Interface for Determining Commands by Applying Heuristics | Steve Jobs, Scott Forstall, Greg Christie, Stephen O. Lemay, Scott Herz, Marcel van Os, Bas Ording, Gregory Novick, Wayne C. Westerman, Imran Chaudhri, Patrick Lee Coffman, Kenneth Kocienda, Nitin K. Ganatra, Freddy Allen Anzures, Jeremy A. Wyld, Jeffrey Bush, Michael Matas, Paul D. Marcos, Charles J. Pisula, Virgil Scott king, Chris Blumenberg, Francisco Ryan Tolmasky, Richard Williamson, Andre M. J. Boule, Henri C. Lamiraux |
| Re 41,922 | Method and Apparatus for | Michael L. Gough, Joseph J. |

| {6,072,489} | Providing Translucent Images on a Computer Display | MacDougald, Gina D. Venolia, Thomas S. Gilley, Greg M. Robbins, Daniel J. Hansen, Jr., Abhay Oswal |
| 7,863,533 | Cantilevered Push Button Having Multiple Contacts and Fulcrums | Bradley J. Hamel, Tang Yew Tan, Erik Wang |
| 7,789,697 | Plug Detection Mechanism | Hugo Fiennes |
| 7,912,501 | Audio I/O Headset Plug and Plug Detection Circuitry | Timothy Johnson, Achim Pantfoerder |
| D558,757 | Electronic Device | Bartley K. Andre, Daniel J. Coster, Daniele De Iuliis, Richard P. Howarth, Jonathan P. Ive, Steve Jobs, Duncan Robert Kerr, Shin Noshibori, Matthew Dean Rohrbach, Douglas B. Satzger, Calvin Q. Seid, Christopher J. Stringer, Eugene Antony Whang, Rico Zorkendorfer |
| D618,678 | Electronic Device | Bartley K. Andre, Daniel J. Coster, Daniele De Iuliis, Richard P. Howarth, Jonathan P. Ive, Steve Jobs, Duncan Robert Kerr, Shin Noshibori, Matthew Dean Rohrbach, Douglas B. Satzger, Calvin Q. Seid, Christopher J. Stringer, Eugene Antony Whang, Rico Zorkendorfer |

The **S    A    P**    include:

| PATENT NO. | PATENT TITLE | INVENTOR(S) |
| --- | --- | --- |
| 6,928,604 | Turbo Encoding/Decoding Device and Method for Processing Frame Data According to QOS | Chang-Soo Park, Joong-Ho Jeong, Hyeon-Woo Lee |
| 7,050,410 | Apparatus and Method for Controlling a Demultiplexer and a Multiplexer Used for Rate Matching in a Mobile Communication System | Se-Hyoung Kim, Min-Goo Kim, Beong-Jo Kim, Soon-Jae Choi |
| 7,069,055 | Mobile Telephone Capable of Displaying World Time and Methods for Controlling the Same | Hye-Young Lee |
| 7,079,871 | Portable Telephone and Method of | Pyung-soo Kim |

Highly Confidential – Outside Counsel's Eyes Only

RE IN ER O U ENT PRESERVATION NOTI E

| | Displaying Data Thereof | |
|---|---|---|
| 7,200,792 | Interleaving Apparatus and Method for Symbol Mapping in an HSPDA Mobile Communication System | Hun-Kee Kim, Gin-Kyu Choi, Jae-Seung Yoon, Noh-Sun Kim, Jun-Sung Lee, Yong-Suk Moon |
| 7,362,867 | Apparatus and Method for Generating Scrambling Code in UMTS Mobile Communication System | Jae-Yoel Kim, Hee-Won Kang |
| 7,386,001 | Apparatus and Method for Channel Coding and Multiplexing in CDMA Communication System | Beong-Jo Kim, Se-Hyoung Kim, Min-Goo Kim, Soon-Jae Choi, Young-Hwan Lee |
| 7,447,516 | Method and Apparatus for Data Transmission in a Mobile Telecommunication System Supporting Enhanced Uplink Service | Youn-Hyoung Heo, Ju-Ho Lee, Joon-Young Cho, Young-Bum Kim, Yong-Jun Kwak |
| 7,456,893 | Method of Controlling Digital Image Processing Apparatus for Efficient Reproduction and Digital Image Processing Apparatus Using the Method | Hyuk-soo Son, Sung-ho Eun |
| 7,577,460 | Portable Composite Communication Terminal for Transmitting/Receiving and Images, and Operation Method and Communication System Thereof | Jae-Min Kim, Jeong-Seok Oh, Sang-Ryul Park |
| 7,675,941 | Method and Apparatus for Transmitting/Receiving Packet Data using Pre-Defined Length Indicator in a Mobile Communication System | Soeng-Hun Kim, Gert-Jan Van Lieshout, Himke Van Der Velde |
| 7,698,711 | Multi-Tasking Apparatus and method in Portable Terminal | Moon-Sang Jeong |
| 7,706,348 | Apparatus and Method for Encoding/Decoding Transport Format Combination Indicator in CDMA Mobile Communication System | Jae-Yoel Kim, Hee-Won Kang |
| 7,486,644 | Method and Apparatus for Transmitting and Receiving Data with High Reliability in a Mobile | Young-Bum Kim, Yujian Zhang, Ju-Ho Lee, Yong-Jun Kwak, Youn-Hyoung Heo, Joon-Young Cho |

Highly Confidential – Outside Counsel's Eyes Only

RE  IN  ER  O  U  ENT PRESERVATION NOTI E

|  | Communication System Supporting Packet Data Transmission |  |
|---|---|---|
| 6,771,980 | Method of Dialing in a Smart Phone | Jeong-Kyu Moon |
| 6,879,843 | Device and Method for Storing and Reproducing Digital Audio Data in a Mobile Terminal | Dong-Woo Kim |
| 7,450,114 | User Interface Systems and Methods for Manipulating and Viewing Digital Documents | Majid Anwar |

The **A** **S** **P** include:

| Acclaim | Captivate | Continuum | Droid Charge |
|---|---|---|---|
| Exhibit 4G | Epic 4G | Fascinate | Gem |
| Galaxy Ace | Galaxy Prevail | Galaxy S (i9000) | Galaxy S 4G |
| Gravity | Indulge | Infuse 4G | Intercept |
| Mesmerize | Nexus S | Nexus S 4G | Replenish |
| Showcase i500 | Showcase Galaxy S | Sidekick | Transform |
| Vibrant | Galaxy Tab | Galaxy Tab 10.1 | Galaxy Tab 8.9 |

The **A** **A** **P** include:

| iPhone | iPad | iPod touch |  |
|---|---|---|---|

The **R** **T** include:

- Ellipse fitting for multi-touch surfaces
- Status and control bar display
- "Bounce" or "rubberband" effect to denote the end of a scroll or pan region
- Multi-touch capacitive touchscreen using two conductive layers and mutual capacitance measurements,
- Multi-touch system to distinguish different user inputs typing, handwriting
- Application programming interface for scrolling operations
- Displaying a window for a user interface
- Smart Zoom interface feature and cover flow navigation feature
- Capacitive touchscreen with shielding using drive traces substantially wider than sense traces
- Touch screen control using heuristics to determine gesture commands including vertical scrolling, two-dimensional translation, and next item selection
- Plug detection mechanism for identifying when a plug is inserted into a receptacle

RE IN ER O U ENT PRESERVATION NOTI E

- Push button with fulcrums and the ability to press down both sides simultaneously
- Plug detection circuitry that determines whether a headset or headphones plugged into an audio jack contains a microphone
- Translucent windows over other windows on a screen and method for controlling both
- Interleaving/turbo coding
- Rate matching
- Scrambling codes
- Protocol (HARQ power scale-down)
- Protocol (pre-defined length indicators)
- World clock on an electronic device
- Split-screen display for text message composition and incoming text/incoming call/search function
- Camera playback mode that remembers and displays the last image viewed
- E-mailing photographs using a camera-phone
- MP3 player that plays music while in standby mode
- Dialing a phone number that is selected during operation of the phone as a PDA
- Playing MP3s on a phone
- Scrolling manipulation of a document based on velocity vector (inertia)
- Error correction (channel coding) in HSUPA standard
- Transport Format Combination Indicator encoding/decoding scheme
- The ornamental design of a smart phone and/or tablet, and the ornamental design of the graphical user interface for a display screen on a smart phone and/or tablet
- User interface features such as the display of status and control functions for a number of different application programs
- The display of electronic documents on a touch-screen
- The display of windows in a user interface
- The display of an exchange of messages during a communication session
- The design of cantilevered push buttons

If you have any questions, please call the personnel of the IP Legal Team. Thank you for your understanding, and we sincerely appreciate your assistance.

# EXHIBIT H

Highly Confidential – Outside Counsel's Eyes Only



Samsung Electronics Co., Ltd.
IP Center
IP Legal Team
Suwon, Korea

## 애플 소송 관련 자료 보존 요청서

7/12/2011

각 수신처 제위:

지난 4 월 22 일자 자료 보존 요청 서신과 5 월 11 일자 자료 보존 요청 서신에 추가 사항이 있어 통보 드립니다.  본 서신의 목적은 수신자 여러분과 다른 삼성 임직원들이 삼성 법무팀의 추가 공지사항이 있을 때까지 보존해 주셔야 하는 문서를 특정 및 공지하기 위함입니다.

### <u>배경</u>

이전의 자료 보존 요청 시 당 팀에서는 Apple Inc. (이하 " Apple 사")가 미국 캘리포니아주 북부 연방법원에(United States District Court for the Northern District of California) 삼성 전자 (Samsung Electronics Co., Ltd), Samsung Electronics America, Inc. ("SEA"), 및 Samsung Telecommunications America, LLC ("STA") (통칭하여, "삼성")을 제소하였고, 삼성 또한 동 법원에서 Apple 사를 제소하였으며, 삼성과 Apple 사 간 소송이 완전히 해결될 때까지 관련될 수 있는 모든 문서를 보존해 주시기를 요청드렸었습니다.

지난 6 월 16 일, Apple 사는 소장을 수정하여 제소제품의 범위 및 삼성 제품들에 관한 침해 주장의 범위를 넓혔습니다. Apple 사는 삼성의 갤럭시 라인의 스마트폰과 태블릿 컴퓨터 제품들이 (하기 제소제품 목록 참조) (i) Apple 사의 trade dress 를 모방하여 미 연방법 the Lanham Act, 15 U.S.C. §1125(a)의 Section 43(a)을 위반하는 불공정거래 및 원산지허위표시등의 불법행위; (ii) 미연방법 15 U.S.C. §1114(a)를 위반하는 Apple 사의 trade dress 및 연방 상표권 침해 및 관습법 상표권(Common Law trademark right) 침해; (iii) 미연방법 15 U.S.C. §1125(c)을 위반하는 Apple 사의 trade dress 희석(dilution) 행위; (iv) 캘리포니아주 상법(California Business and Professions Code Section 17200, *et seq.*)을 위반하는 불공정거래 행위; (v) Apple 사의 손실을 통한 삼성의 부당이득 취득; 및 (vi) 하기 명시된 Apple 사의 실용특허 8 건과 디자인 특허 7 건의 침해 등을 주장하고 있습니다.

지난 6 월 30 일, 삼성은 캘리포니아주 북부 연방법원에 Apple 사를 상대로 제소

했던 소송을 취하하고 (dismissal without prejudice), 취하한 소송의 제소특허 중 대부분의 특허를 근거로 Apple 사가 삼성을 상대로 제소한 소송에서 역제소 (counterclaim)하였습니다.  구체적으로, 삼성은 Apple 사의 iPhone 3G, iPhone 3GS, iPhone 4, iPod Touch, iPad, iPad 3G, iPad2, 및 iPad 2 3G (이하 "Apple 피소제품")들이 삼성의 실용특허 12 건을 침해한다고 주장할 것입니다.

또한 Apple 사와 삼성은 최근 자료 보존을 요구하는 다른 소송들도 제소하였습니다.  2011 년 6 월 28 일, 삼성은 Apple 피소제품들이 삼성의 실용특허 5 건을 더 침해하고 있다고 미국 국제 무역 위원회 (International Trade Commission, "ITC")에 제소하였고, 그 다음날인 29 일에 ITC 에 제소한 5 건의 실용특허 침해 에 대한 손해보상 소송을 텔라웨어주 연방법원에 제소하였습니다.  또한 7 월 5 일에는 Apple 사도 삼성의 Galaxy S 4G, Fascinate, Transform, Intercept, Captivate, Infuse 4G, Galaxy Tab 및 Tab 10.1 제품들이 자사의 실용특허 5 건과 디자인특허 2 건을 침해한다고 ITC 에 제소하였습니다.

## 보존대상 문서

삼성과 Apple 사간의 소송에 관련된 문서를 완벽하게 예측할 수는 없지만, (1) "**Apple 제소특허**", (2) "**삼성제소특허**", (3) "**삼성피소제품**", (4) "**Apple 피소제품**", (5) "**관련된 기술특성**" 등과 관련된 모든 '문서'는 파기를 금지하고 보관하셔야 합니다.  상기 카테고리는 아래에 정의돼 있습니다. 상기 카테고리에 관련된 보존이 필요한 문서들은 기술문서 (디자인, 개발, 제조 문서 포함), 마케팅 문서 (제품 포장 및 설명서 등 포함), 재무 문서 (비용, 이익, 및 판매 관련 문서 포함), 라이센싱 문서, 상기 카테고리에 관한 내부 교신 및 제 3 자와의 교신 (통신사, 공급업체 및 Apple 사 포함)등이 포함됩니다.  상기 '문서'란 정보를 가지고 있는 문자화, 도형화 또는 다르게 기록된 모든 종류의 물건으로 종이서류뿐만 아니라 보고서, 서신, 메모, 수기 노트, 도면 및 그림, 프레젠테이션 파일, 업무용 다이어리, 전화 기록, 전화 메시지, instant 메시지 등 기타 전자 문서와 이메일을 포함합니다.

상기 카테고리 및 문서 종류 목록은 보존 해야 할 문서의 예이며 실제 보존대상 문서의 범위는 더 광범위 할 수 있습니다. 따라서 특정 문서를 보존해야 하는지 에 대하여 확신이 없다면, 해당 문서를 모두 보존할 의무가 있음을 알려드립니다. 해당 문서에 대한 예정된 파기 처분 계획은 (그런 계획이 있다면) 즉각 중지시켜 주십시오.

## 정의

"Apple 제소특허"는 하기 특허를 포함합니다.

| 특허번호 | 특허명 | 발명자 |
|---|---|---|
| 7,812,828 | Ellipse Fitting for Multi-Touch Surfaces | Wayne Westerman, John G. Elias |
| 6,493,002 | Method and Apparatus for Displaying and Accessing Control and Status Information in a Computer System | Steven W. Christensen |
| 7,469,381 | List Scrolling and Document Translation, Scaling and Rotation on a Touch-Screen Display | Bas Ording |
| 7,844,915 | Application Programming Interfaces for Scrolling Operations | Andrew Platzer, Scott Herz |
| 7,853,891 | Method and Apparatus for Displaying a Window for a User Interface | Imran Chaudhri, Bas Ording |
| 7,663,607 | Multipoint Touchscreen | Steve Hotelling, Joshua A. Strickon |
| 7,864,163 | Portable Electronic Device, Method, and Graphical User Interface for Displaying Structured Electronic Documents | Bas Ording, Scott Forstall, Greg Christie, Stephen O. Lemay, Imran Chaudhri, Richard Williamson, Chris Blumenberg, Marcel Van Os |
| 7,920,129 | Double-Sided Touch-Sensitive Panel with Shield and Drive Combined Layer | Steve Porter Hotelling, Brian Richards Land |
| D627,790 | Graphical User Interface For a Display Screen or Portion Thereof | Imran Chaudhri |
| D617,334 | Graphical User Interface For a Display Screen or Portion Thereof | Imran Chaudhri |
| D604,305 | Graphical User Interface For a Display Screen or Portion Thereof | Freddy Anzures, Imran Chaudhri |
| D593,087 | Electronic Device | Bartley K. Andre, Daniel J. Coster, Daniele De Iuliis, Richard P. Howarth, Jonathan P. Ive, Steve Jobs, Duncan Robert Kerr, Shin Noshibori, Matthew Dean Rohrbach, Douglas B. Satzger, Calvin Q. Seid, Christopher J. Stringer, Eugene Antony Whang, Rico Zorkendorfer |
| D618,677 | Electronic Device | Bartley K. Andre, Daniel J. Coster, Daniele De Iuliis, Richard P. Howarth, Jonathan P. Ive, Steve Jobs, Duncan Robert Kerr, Shin Noshibori, Matthew Dean Rohrbach, Douglas B. Satzger, Calvin Q. Seid, Christopher J. Stringer, Eugene Antony Whang, Rico Zorkendorfer |
| D622,270 | Electronic Device | Bartley K. Andre, Daniel J. Coster, Daniele De Iuliis, Richard P. Howarth, Jonathan P. Ive, Steve Jobs, Duncan Robert Kerr, Shin Noshibori, Matthew Dean Rohrbach, Douglas B. Satzger, Calvin Q. Seid, Christopher J. Stringer, |

Highly Confidential – Outside Counsel's Eyes Only

| | | |
|---|---|---|
| | | Eugene Antony Whang, Rico Zorkendorfer |
| D504,889 | Electronic Device | Bartley K. Andre, Daniel J. Coster, Daniele De Iuliis, Richard P. Howarth, Jonathan P. Ive, Steve Jobs, Duncan Robert Kerr, Shin Noshibori, Matthew Dean Rohrbach, Douglas B. Satzger, Calvin Q. Seid, Christopher J. Stringer, Eugene Antony Whang, Rico Zorkendorfer |
| 7,479,949 | Touch Screen Device, Method, and Graphical User Interface for Determining Commands by Applying Heuristics | Steve Jobs, Scott Forstall, Greg Christie, Stephen O. Lemay, Scott Herz, Marcel van Os, Bas Ording, Gregory Novick, Wayne C. Westerman, Imran Chaudhri, Patrick Lee Coffman, Kenneth Kocienda, Nitin K. Ganatra, Freddy Allen Anzures, Jeremy A. Wyld, Jeffrey Bush, Michael Matas, Paul D. Marcos, Charles J. Pisula, Virgil Scott king, Chris Blumenberg, Francisco Ryan Tolmasky, Richard Williamson, Andre M. J. Boule, Henri C. Lamiraux |
| Re 41,922 {6,072,489} | Method and Apparatus for Providing Translucent Images on a Computer Display | Michael L. Gough, Joseph J. MacDougald, Gina D. Venolia, Thomas S. Gilley, Greg M. Robbins, Daniel J. Hansen, Jr., Abhay Oswal |
| 7,863,533 | Cantilevered Push Button Having Multiple Contacts and Fulcrums | Bradley J. Hamel, Tang Yew Tan, Erik Wang |
| 7,789,697 | Plug Detection Mechanism | Hugo Fiennes |
| 7,912,501 | Audio I/O Headset Plug and Plug Detection Circuitry | Timothy Johnson, Achim Pantfoerder |
| D558,757 | Electronic Device | Bartley K. Andre, Daniel J. Coster, Daniele De Iuliis, Richard P. Howarth, Jonathan P. Ive, Steve Jobs, Duncan Robert Kerr, Shin Noshibori, Matthew Dean Rohrbach, Douglas B. Satzger, Calvin Q. Seid, Christopher J. Stringer, Eugene Antony Whang, Rico Zorkendorfer |
| D618,678 | Electronic Device | Bartley K. Andre, Daniel J. Coster, Daniele De Iuliis, Richard P. Howarth, Jonathan P. Ive, Steve Jobs, Duncan Robert Kerr, Shin Noshibori, Matthew Dean Rohrbach, Douglas B. Satzger, Calvin Q. Seid, Christopher J. Stringer, Eugene Antony Whang, Rico Zorkendorfer |

"삼성제소특허"는 하기 특허를 포함합니다.

| 특허번호 | 특허명 | 발명자 |
|---|---|---|
| 6,928,604 | Turbo Encoding/Decoding Device and Method for Processing Frame Data According to QOS | Chang-Soo Park, Joong-Ho Jeong, Hyeon-Woo Lee |
| 7,050,410 | Apparatus and Method for Controlling a Demultiplexer and a Multiplexer Used for Rate Matching in a Mobile Communication System | Se-Hyoung Kim, Min-Goo Kim, Beong-Jo Kim, Soon-Jae Choi |
| 7,069,055 | Mobile Telephone Capable of Displaying World Time and Methods for Controlling the Same | Hye-Young Lee |
| 7,079,871 | Portable Telephone and Method of Displaying Data Thereof | Pyung-soo Kim |
| 7,200,792 | Interleaving Apparatus and Method for Symbol Mapping in an HSPDA Mobile Communication System | Hun-Kee Kim, Gin-Kyu Choi, Jae-Seung Yoon, Noh-Sun Kim, Jun-Sung Lee, Yong-Suk Moon |
| 7,362,867 | Apparatus and Method for Generating Scrambling Code in UMTS Mobile Communication System | Jae-Yoel Kim, Hee-Won Kang |
| 7,386,001 | Apparatus and Method for Channel Coding and Multiplexing in CDMA Communication System | Beong-Jo Kim, Se-Hyoung Kim, Min-Goo Kim, Soon-Jae Choi, Young-Hwan Lee |
| 7,447,516 | Method and Apparatus for Data Transmission in a Mobile Telecommunication System Supporting Enhanced Uplink Service | Youn-Hyoung Heo, Ju-Ho Lee, Joon-Young Cho, Young-Bum Kim, Yong-Jun Kwak |
| 7,456,893 | Method of Controlling Digital Image Processing Apparatus for Efficient Reproduction and Digital Image Processing Apparatus Using the Method | Hyuk-soo Son, Sung-ho Eun |
| 7,577,460 | Portable Composite Communication Terminal for Transmitting/Receiving and Images, and Operation Method and Communication System Thereof | Jae-Min Kim, Jeong-Seok Oh, Sang-Ryul Park |
| 7,675,941 | Method and Apparatus for Transmitting/Receiving Packet Data using Pre-Defined Length Indicator in a Mobile Communication System | Soeng-Hun Kim, Gert-Jan Van Lieshout, Himke Van Der Velde |
| 7,698,711 | Multi-Tasking Apparatus and method in Portable Terminal | Moon-Sang Jeong |
| 7,706,348 | Apparatus and Method for Encoding/Decoding Transport Format Combination Indicator in CDMA Mobile Communication System | Jae-Yoel Kim, Hee-Won Kang |
| 7,486,644 | Method and Apparatus for Transmitting and Receiving Data with High Reliability in a Mobile | Young-Bum Kim, Yujian Zhang, Ju-Ho Lee, Yong-Jun Kwak, Youn-Hyoung Heo, Joon-Young Cho |

| | Communication System Supporting Packet Data Transmission | |
|---|---|---|
| 6,771,980 | Method of Dialing in a Smart Phone | Jeong-Kyu Moon |
| 6,879,843 | Device and Method for Storing and Reproducing Digital Audio Data in a Mobile Terminal | Dong-Woo Kim |
| 7,450,114 | User Interface Systems and Methods for Manipulating and Viewing Digital Documents | Majid Anwar |

"삼성피소제품"은 하기 제품을 포함합니다.

| Acclaim | Captivate | Continuum | Droid Charge |
|---|---|---|---|
| Exhibit 4G | Epic 4G | Fascinate | Gem |
| Galaxy Ace | Galaxy Prevail | Galaxy S (i9000) | Galaxy S 4G |
| Gravity | Indulge | Infuse 4G | Intercept |
| Mesmerize | Nexus S | Nexus S 4G | Replenish |
| Showcase i500 | Showcase Galaxy S | Sidekick | Transform |
| Vibrant | Galaxy Tab | Galaxy Tab 10.1 | Galaxy Tab 8.9 |

"Apple 피소제품"은 하기 제품을 포함합니다.

| iPhone | iPad | iPod touch | |
|---|---|---|---|

"관련된 기술 특성"은 하기 요소들을 포함합니다.

- Ellipse fitting for multi-touch surfaces (멀티 터치 표면상의 타원 영역 맞춤),
- Status and control bar display (상태 bar 및 제어 bar 의 표시),
- "Bounce" or "rubberband" effect to denote the end of a scroll or pan region (화면이동이나 팬하는 부분의 끝을 표시하기 위한 바운스나 고무줄 효과),
- Multi-touch capacitive touchscreen using two conductive layers and mutual capacitance measurements (두개의 전도성 층(conductive layer)과 양층 간의 정전용량 치수를 이용하는 멀티 터치 정전식 터치 스크린),
- Multi-touch system to distinguish different user inputs typing, handwriting (다른 사용자의 타이핑 및 필기 입력을 식별하는 멀티 터치 시스템)
- Application programming interface for scrolling operations (화면이동 작동을 위한 애플리케이션 프로그래밍 인터페이스)
- Displaying a window for a user interface (사용자 인터페이스 창(window)을 표시하는 방법 및 장치)
- Smart Zoom interface feature and cover flow navigation feature (스마트

줌 인터페이스 특성과 커버 플로우 네비게이션 특성)

- Capacitive touchscreen with shielding using drive traces substantially wider than sense traces (출력 선(sense trace)보다 상당히 넓은 전원공급 선(drive trace)을 사용하는 실딩이 있는 정전식 터치 스크린)
- Touch screen control using heuristics to determine gesture commands including vertical scrolling, two-dimensional translation, and next item selection (휴리스틱스(Heuristics)를 사용해 수직 화면이동, 이차원 변형 및 다음 항목 선택등의 제스쳐를 결정하는 터치 스크린 콘트롤)
- Plug detection mechanism for identifying when a plug is inserted into a receptacle (플러그가 소켓에 삽입됐는지 식별하기 위한 플러그 인식 기계 장치)
- Push button with fulcrums and the ability to press down both sides simultaneously (다수의 받침점(fulcrums)과 양끝을 동시에 누를 수 있는 기능이 있는 누름 단추)
- Plug detection circuitry that determines whether a headset or headphones plugged into an audio jack contains a microphone (오디오 잭에 플러그된 헤드세트나 헤드폰에 마이크를 포함하고 있는지 판단하는 플러그 인식 전기 회로망)
- Translucent windows over other windows on a screen and method for controlling both (스크린 상 타 윈도우 위에 겹쳐진 반투명 윈도우와 두 윈 도우를 제어하는 방법)
- Interleaving/turbo coding (인터리빙/터보 코딩)
- Rate matching (속도 매칭)
- Scrambling codes (부호 스크램블링)
- Protocol (HARQ power scale-down) (프로토콜 (HARQ power scale-down))
- Protocol (pre-defined length indicators) (프로토콜 (선 정의된 길이의 지 표))
- World clock on an electronic device (전자 기기에 포함된 세계 시계)
- Split-screen display for text message composition and incoming text/incoming call/search function (문자 메시지 작성과 도착하는 문자/도 착하는 전화/검색 기능 등을 분할스크린에 표시)
- Camera playback mode that remembers and displays the last image viewed (마지막으로 봤던 이미지를 기억해 표시해주는 카메라 재생 모드)
- E-mailing photographs using a camera-phone (카메라 폰을 이용해 사진 을 이메일하는 방법 또는 장치)
- MP3 player that plays music while in standby mode (스탠드바이 모드에 서 음악을 재생하는 MP3 플레이어)
- Dialing a phone number that is selected during operation of the phone

Highly Confidential – Outside Counsel's Eyes Only

as a PDA (전화기로 PDA 기능에서 선택된 전화번호를 거는 방법)

- Playing MP3s on a phone (전화기에서 MP3 를 재생하는 법)
- Scrolling manipulation of a document based on velocity vector (inertia) (속도 벡터에 기반을 둔 문서의 스크롤링 조작법)
- Error correction (channel coding) in HSUPA standard (HSUPA 표준에서의 오류 정정 (채널 코딩))
- Transport Format Combination Indicator encoding/decoding scheme (전송포맷 조합 표시기 인코딩/디코딩 체계)
- The ornamental design of a smart phone and/or tablet, and the ornamental design of the graphical user interface for a display screen on a smart phone and/or tablet (스마트 폰 및 태블릿 PC 의 장식적인 디자인과 스마트 폰 및 태블릿 PC 의 디스플레이 화면에 쓰이는 그래픽 기반 사용자 환경의 장식적인 디자인)
- User interface features such as the display of status and control functions for a number of different application programs (다수의 응용 프로그램에 쓰이는 상태 및 제어표시 기능 등의 사용자 인터페이스 특성)
- The display of electronic documents on a touch-screen (터치 스크린상의 전자 문서 표시)
- The display of windows in a user interface (사용자 인터페이스 상의 윈도우 표시)
- The display of an exchange of messages during a communication session (통신 세션 중 문자 교환의 표시)
- The design of cantilevered push buttons (외팔보(cantilever)식 누름 버튼의 디자인)

문의 사항이 있을 시 주저말고 IP 법무팀에 연락 주시길 부탁드립니다.
관련 임직원 여러분의 이해와 협조에 감사드립니다.

# EXHIBIT I

Confidential and Privileged
Attorney-Client Work Product

# 애플 소송 관련 자료보존 요청

2011.05.18
IP 법무팀

☐ 요청배경

- 당사는 현재 미국의 애플사와 특허소송을 진행 중이며, 미국법 에 의하면 소송관련 자료를 임직원들이 보존할 의무가 있음

- 따라서 소송에 필요한 자료를 보존하실 것을 요청코자 함

### 양사간 진행중인 소송현황

| | |
|---|---|
| - 제소일: 2011. 4. 15일<br>- 법원 : 산호세 법원<br>- 대상제품: 갤럭시S/탭<br>- 제소내용:<br>　. 특허 7件에 대한 침해주장,<br>　. 상표(Trademark 7件, Trade<br>　　dress 3件) 침해 주장<br>- 요구사항: 판매금지 및 손해배상 | - 제소일: 2011. 4. 27일<br>- 법원 : 산호세 법원<br>- 대상제품: iPhone, iPad, iPod<br>- 제소내용:<br>　. 특허 10件에 대한 침해주장<br>- 요구사항: 판매금지 및 손해배상 |

☐ 보존해야 할 자료의 범위

- 기술자료, 마케팅, 판매, 홍보, 디자인, 설계, 개발, 생산 등 소송과 관련성이 있는 사내 모든 자료

☐ 요청사항

- 업무 과정에서 발생되는 자료에 대해 소송과 관련이 있다고 판단되면 자료를 보존해 주시기 바랍니다.

Confidential and Privileged
Attorney-Client Work Product

별첨 1) 당사가 애플을 제소한 특허 내용

| 특허번호<br>(우선일) | 특허 개요 | 비 고 |
|---|---|---|
| 7,675,941<br>('05.05.04) | | |
| 7,362,867<br>('99.07.07) | | |
| 7,447,516<br>('04.06.09) | | |
| 7,200,792<br>('01.12.21) | | |
| 7,386,001<br>('99.06.25) | | |
| 7,050,410<br>('99.07.08) | | |
| 6,928,604<br>('00.07.08) | | |
| 6,292,179<br>('98.05.12) | | |
| 7,009,626<br>('00.04.14) | | |
| 7,069,055<br>('06.06.27) | | |

Highly Confidential – Outside Counsel's Eyes Only

Confidential and Privileged
Attorney-Client Work Product

## 별첨2 ) 애플이 당사를 제소한 특허 내용

| 특허번호 | 특허 개요 | 비 고 |
|---|---|---|
| 7,812,828 ('98.01.26) | | |
| 7,669,134 ('03.05.02) | | |
| 6,493,002 ('94.09.30) | | |
| 7,469,381 ('07.01.07) | | |
| 7,844,915 (07.01.07) | | |
| 7,853,891 ('02.07.10) | | |
| 7,863,533 ('08.06.07) | | |

# EXHIBIT J

Highly Confidential - Outside Counsel's Eyes Only

Confidential and Privileged
Attorney-Client Work Product

# 애플 소송 관련 자료보존 요청

2011.07.18
IP 법무팀

□ 요청배경

- 7/5일, 애플이 산호세 법원(4/15일 제소)에 이어 ITC에 제소함

- 미국법에 의하면 소송관련 자료를 임직원들이 보존할 의무가 있으며, 소송에서 애플측이 이를 확인할 것으로 예상됨

- 따라서 소송에 필요한 자료를 보존하실 것을 요청코자 함

### 양사간 진행중인 소송현황

| | |
|---|---|
| - 법원 : 산호세 법원 (4/15일) ITC (7/5일)<br>- 대상제품: 갤럭시 시리즈/탭<br>- 제소내용:<br>. 애플 특허에 대한 침해주장,<br>. 상표, Trade dress 침해 주장<br>- 요구사항: 판매금지 및 손해배상 | - 법원 : 산호세 법원(4/27일) ITC (6/23일)<br>- 대상제품: iPhone, iPad, iPod<br>- 제소내용:<br>. 당사특허에 대한 침해주장<br><br><br>- 요구사항: 판매금지 및 손해배상 |

□ 보존해야 할 자료의 범위

- 기술자료, 마케팅, 판매, 홍보, 디자인, 설계, 개발, 생산 등 소송과 관련성이 있는 사내 모든 자료

□ 요청사항

- 업무 과정에서 발생되는 자료에 대해 소송과 관련이 있다고 판단되면 자료를 보존하시거나 보관토록 조치 바랍니다.

※ 별첨: 애플이 당사를 제소한 제소특허 내용

Confidential and Privileged
Attorney-Client Work Product

※ 별첨 1 : 애플이 ITC에서 제소한 특허내용 (7건)

□ ITC 제소특허 개요

| 특허번호 | 특허 개요 | 旣 제소여부 |
|---|---|---|
| US 7479949 ('06.9.6) | | |
| US RE41922 ('93.5.10) | | |
| US 7863533 ('08.6.7) | | |
| US 7789697 (''07.6.11) | | |
| US 7912501 ('08.7.10) | | |
| D 558757 ('07.1.5) | | |
| D 618678 ('07.1.5) | | |

Confidential and Privileged
Attorney-Client Work Product

# 애플의 ITC 제소 특허 상세 내용

## ■ US 7479949 (한국)

| 특허번호 | US 7479949 | 우선일 | '06.09.06 | 등록일 | '10.03.25 |
|---|---|---|---|---|---|
| 출원인 | Apple Inc. | | | 등록국 | US,EP KR,CN |
| 특허명칭 | 휴리스틱스를 적용하여 명령을 판단하기 위한 터치 스크린 장치, 방법 및 그래픽 사용자 인터페이스 | | | | |

[

Highly Confidential – Outside Counsel's Eyes Only

Confidential and Privileged
Attorney-Client Work Product

■ US RE41,922

| 특허번호 | US RE41,922 | 우선일 | '93.5.10 | 등록일 | '10.11.9 |
|---|---|---|---|---|---|
| 출원인 | Apple Inc. | | | 등록국 | US |
| 특허명칭 | Method and apparatus for providing translucent images on a computer display | | | | |

Confidential and Privileged
Attorney-Client Work Product

■ US 7,863,533

| 특허번호 | US 7,863,533 | 우선일 | '08.06.07 | 등록일 | '11.01.04 |
|---|---|---|---|---|---|
| 출원인 | Appl Inc. | | | 등록국 | US |
| 특허명칭 | Cantilevered push button having multiple contacts and fulcrums | | | | |

Confidential and Privileged
Attorney-Client Work Product

■ US 7,789,697 (미국)

| 특허번호 | US 7,789,697 | 우선일 | '07.06.11 | 등록일 | '10.09.07 |
|---|---|---|---|---|---|
| 출원인 | Apple Inc. | | | 등록국 | US |
| 특허명칭 | Plug detection mechanisms | | | | |

Highly Confidential – Outside Counsel's Eyes Only

Confidential and Privileged
Attorney-Client Work Product

■ US 7,912,501 (미국)

| 특허번호 | US 7,912,501 | 우선일 | '07.01.05 | 등록일 | '11.03.22 |
|---|---|---|---|---|---|
| 출원인 | Apple Inc. | | | 등록국 | US,CN |
| 특허명칭 | Audio I/O headset plug and plug detection circuitry | | | | |

Highly Confidential – Outside Counsel's Eyes Only

Confidential and Privileged
Attorney-Client Work Product

■ US D 558757 (미국)

| 특허번호 | D 558757 | 우선일 | '07.01.05 | 등록일 | '08. 1. 1 |
|---|---|---|---|---|---|
| 출원인 | Apple Inc. | | | 등록국 | 미국 |
| 특허명칭 | Electronic Device | | | | |

Confidential and Privileged
Attorney-Client Work Product

■ US D 618678 (미국)

| 특허번호 | D 618678 | 우선일 | '07.01.05 | 등록일 | '10.6.29 |
|---|---|---|---|---|---|
| 출원인 | Apple Inc. | | | 등록국 | 미국 |
| 특허명칭 | Electronic Device | | | | |

Highly Confidential – Outside Counsel's Eyes Only

Confidential and Privileged
Attorney-Client Work Product

# 별첨 2) 애플이 산호세 법원에서 제소한 특허

[기능 특허 내용]

| 특허번호 | 특허 개요 | 비 고 |
|---|---|---|
| 7,812,828 ('98.01.26) | | |
| 6,493,002 ('94.09.30) | | |
| 7,469,381 ('07.01.07) | | |
| 7,844,915 (07.01.07) | | |
| 7,853,891 ('02.07.10) | | |
| 7,663,607 ('04.05.06) | | |
| 7,864,163 ('06.09.06) | | |
| 7,920,129 ('07.01.03) | | |
| 7,669,134 ('03.05.02) | | |
| 7,863,533 ('08.06.07) | | |

Confidential and Privileged
Attorney-Client Work Product

# [디자인 특허(7건)]

| 디자인번호 | 디자인 내용 | 비고 |
|---|---|---|
| D627,790 | | |
| D618,677 | | |
| D617,334 | | |
| D604,305 | | |
| D593,087 | | |

Confidential and Privileged
Attorney-Client Work Product

| D622,270 | |
| D504,889 | |
| D602,016 | |

# EXHIBIT K

Highly Confidential – Outside Counsel's Eyes Only

**PRIVILEGED AND CONFIDENTIAL**
**ATTORNEY-CLIENT COMMUNICATION**
**ATTORNEY WORK PRODUCT**

# Memorandum

**FIRST NOTICE**

| | |
|---|---|
| **To:** | **Custodians of Records** |
| **From:** | **STA Legal** |
| **Date:** | **April 20, 2011** |
| **Re:** | **Apple, Inc. v. SEC, SEA and STA** |

---

The purpose of this memorandum is to request that you preserve all documents that may be responsive to the issues in the above-referenced matter until the matter is fully resolved.

STA must preserve documents and records – both paper and electronic – that may later be relevant in any way to potential legal proceedings. You have been identified as an individual who may have relevant documents or data, and STA requires your assistance to preserve all information related to this matter. Additionally, IT personnel will assist in this endeavor.

## I.      Overview of Relevant Subject Matter

On April 15, 2011, Apple, Inc. filed a Complaint for patent infringement against SEC, SEA and STA, alleging trade dress, trademark, design patent claims, and unfair competition against Samsung.

## II.     Your Duties in Assisting STA in Preserving Documents/Records

As noted, STA has a duty to preserve all documents or records (referred to herein as "Legal Hold Notice") that are relevant or potentially relevant to this matter. The purpose of this Legal Hold Notice is to inform you that **you must preserve all documents or records that are relevant or potentially relevant to this matter until it is fully resolved.** Compliance with this Legal Hold Notice is **mandatory**, and it is critical that you do **NOT** <u>delete</u>, <u>destroy</u>, <u>revise</u>, <u>alter</u>, <u>overwrite</u> or <u>hide</u>, inadvertently or otherwise, any documents or records that are relevant or potentially relevant to this matter.

The terms "documents" and "records" are to be construed broadly and include, but are not limited to, the following:

**PRIVILEGED AND CONFIDENTIAL**
**ATTORNEY-CLIENT COMMUNICATION**
**ATTORNEY WORK PRODUCT**

- All relevant or potentially relevant paper (e.g., documents, presentations, notes, day planners, logs, lists, agendas, correspondence, photographs, facsimiles, computer printouts, etc.);

- Electronic mail ("e-mail") and any attachments;

- Instant messages;

- Electronic records of any kind (e.g., electronically generated word processing documents, PowerPoint presentations, spreadsheets, PDF and TIFF image files, databases, etc.);

- Audio or visual records (e.g., voicemail, video tapes).

The Legal Hold Notice applies to:

- All relevant or potentially relevant corporate records located within an individual's office, home, or any other location, as well as any records maintained centrally by the company or department;

- All potentially relevant e-mail and electronic records located on any personal computers, laptops, computer discs, PDA's, Smart Phones, BlackBerry's, servers, flash drives, or back-up systems.

    You must undertake diligent and reasonable efforts to ensure the preservation of all documents or records, as defined above, that are **connected or related or relevant in any way to the Samsung Captivate Continuum Vibrant Gala y S  G Epic  G Indulge Mesmeri e Showcase Fascinate Ne us S Gem Transform Intercept and Acclaim smart phones  and the Samsung Gala  y Tab tablet.**

    In the case of paper records, you should ensure that any relevant or potentially relevant paper records in your immediate work area (e.g., office, cubicle, desk, filing area) are appropriately preserved in their current form.  In the case of relevant e-mail, you should ensure that all relevant or potentially relevant e-mail (and their associated attachments and links) are not deleted or altered, and are saved regularly.  As to electronic records, you should ensure that any relevant or potentially relevant electronic documents located within personal computers, laptops, computer discs, servers, PDA's, BlackBerry's, under your control are preserved.  Do not modify, delete, erase or overwrite any electronic files, discs, tapes, cartridges, etc. unless steps have been taken to assure that an exact copy will be preserved in its electronic form and is accessible.

### III.    __Additional Information       uestions__

    We understand that the subject of this Legal Hold Notice is extremely broad.  At this time, however, STA must ensure that <u>all</u> documents of potential relevance are preserved.  In that regard, please take note of the following points.

Highly Confidential – Outside Counsel's Eyes Only

**PRIVILEGED AND CONFIDENTIAL
ATTORNEY-CLIENT COMMUNICATION
ATTORNEY WORK PRODUCT**

<u>Assume Everything is Relevant</u>:  Please do not attempt to determine on your own if any document, letter, email, etc. is relevant – assume they are all relevant.  Any documents, correspondence, emails, etc. will be reviewed by an attorney for relevancy and privilege if necessary in the future.

<u>Please Do Not Discuss this Matter Unless Directed By the Legal Department</u>:  Finally, we ask that employees refrain from discussing or otherwise communicating about this matter except if expressly asked to respond to requests from the Samsung in-house or outside counsel legal teams.  This will help us to gather accurate factual information, avoid distractions in our workplace, and prevent the inadvertent waiver of attorney-client and other important legal privileges, as well as preserve the confidentiality of proprietary and other sensitive information.

<u>Questions</u>: Please direct any questions you may have regarding the foregoing to **Cindi Moreland and/or Lynda Mane  STA Legal**.  In addition, if you believe that anyone else in your department may have important related material that should be notified of this Legal Hold Notice, please contact the Legal Department before discussing this memorandum with that person.

Thank you for your understanding, and we sincerely appreciate your assistance.

# EXHIBIT L

Highly Confidential – Outside Counsel's Eyes Only

PRIVILEGED AND CONFIDENTIAL
ATTORNEY-CLIENT COMMUNICATION
ATTORNEY WORK PRODUCT

# Memorandum

**FIRST NOTICE**

**To**        **Custodians of Records**
**From**      **STA Legal**
**Date**      **April**      *(Revised)*
**Re**        **Apple  Inc. v. SEC  SEA and STA**

_____

The purpose of this memorandum is to request that you preserve all documents that may be responsive to the issues in the above-referenced matter until the matter is fully resolved.

STA must preserve documents and records – both paper and electronic – that may later be relevant in any way to potential legal proceedings.  You have been identified as an individual who may have relevant documents or data, and STA requires your assistance to preserve all information related to this matter.  Additionally, IT personnel will assist in this endeavor.

## I.    Overview of Relevant Subject Matter

On April 15, 2011, Apple, Inc. filed a Complaint for patent infringement against SEC, SEA and STA, alleging trade dress, trademark, design patent claims, and unfair competition against Samsung.

## II.    Your Duties in Assisting STA in Preserving Documents/Records

As noted, STA has a duty to preserve all documents or records (referred to herein as "Legal Hold Notice") that are relevant or potentially relevant to this matter.  The purpose of this Legal Hold Notice is to inform you that **you must preserve all documents or records that are relevant or potentially relevant to this matter until it is fully resolved.**  Compliance with this Legal Hold Notice is **mandatory**, and it is critical that you do **NOT** <u>delete</u>, <u>destroy</u>, <u>revise</u>, <u>alter</u>, <u>overwrite</u> or <u>hide</u>, inadvertently or otherwise, any documents or records that are relevant or potentially relevant to this matter.

The terms "documents" and "records" are to be construed broadly and include, but are not limited to, the following:

Highly Confidential— Outside Counsel's Eyes Only

**PRIVILEGED AND CONFIDENTIAL**
**ATTORNEY-CLIENT COMMUNICATION**
**ATTORNEY WORK PRODUCT**

- All relevant or potentially relevant paper (e.g., documents, presentations, notes, day planners, logs, lists, agendas, correspondence, photographs, facsimiles, computer printouts, etc.);

- Electronic mail ("e-mail") and any attachments;

- Instant messages;

- Electronic records of any kind (e.g., electronically generated word processing documents, PowerPoint presentations, spreadsheets, PDF and TIFF image files, databases, etc.);

- Audio or visual records (e.g., voicemail, video tapes).

The Legal Hold Notice applies to:

- All relevant or potentially relevant corporate records located within an individual's office, home, or any other location, as well as any records maintained centrally by the company or department;

- All potentially relevant e-mail and electronic records located on any personal computers, laptops, computer discs, PDA's, Smart Phones, BlackBerry's, servers, flash drives, or back-up systems.

You must undertake diligent and reasonable efforts to ensure the preservation of all documents or records, as defined above, that are **connected or related or relevant in any way to the Samsung Captivate Continuum Vibrant Gala y S  G Epic  G Indulge Mesmeri e Showcase Fascinate Ne us S Gem Transform Intercept Gala y S II/ Infuse  G Droid Charge and Acclaim smart phones  and** *all* **Samsung Gala y Tabs including the  . and   . .**

In the case of paper records, you should ensure that any relevant or potentially relevant paper records in your immediate work area (e.g., office, cubicle, desk, filing area) are appropriately preserved in their current form.  In the case of relevant e-mail, you should ensure that all relevant or potentially relevant e-mail (and their associated attachments and links) are not deleted or altered, and are saved regularly.  As to electronic records, you should ensure that any relevant or potentially relevant electronic documents located within personal computers, laptops, computer discs, servers, PDA's, BlackBerry's, under your control are preserved.  Do not modify, delete, erase or overwrite any electronic files, discs, tapes, cartridges, etc. unless steps have been taken to assure that an exact copy will be preserved in its electronic form and is accessible.

**PRIVILEGED AND CONFIDENTIAL**
**ATTORNEY-CLIENT COMMUNICATION**
**ATTORNEY WORK PRODUCT**

### III.   **Additional Information        uestions**

We understand that the subject of this Legal Hold Notice is extremely broad.  At this time, however, STA must ensure that <u>all</u> documents of potential relevance are preserved.  In that regard, please take note of the following points.

<u>Assume Everything is Relevant</u>:  Please do not attempt to determine on your own if any document, letter, email, etc. is relevant – assume they are all relevant.  Any documents, correspondence, emails, etc. will be reviewed by an attorney for relevancy and privilege if necessary in the future.

<u>Please Do Not Discuss this Matter Unless Directed By the Legal Department</u>:  Finally, we ask that employees refrain from discussing or otherwise communicating about this matter except if expressly asked to respond to requests from the Samsung in-house or outside counsel legal teams.  This will help us to gather accurate factual information, avoid distractions in our workplace, and prevent the inadvertent waiver of attorney-client and other important legal privileges, as well as preserve the confidentiality of proprietary and other sensitive information.

<u>Questions</u>: Please direct any questions you may have regarding the foregoing to **Cindi Moreland and/or Lynda Mane  STA Legal**.  In addition, if you believe that anyone else in your department may have important related material that should be notified of this Legal Hold Notice, please contact the Legal Department before discussing this memorandum with that person.

Thank you for your understanding, and we sincerely appreciate your assistance.

# EXHIBIT M

PRIVILEGED AND CONFIDENTIAL
ATTORNEY-CLIENT COMMUNICATION
ATTORNEY WORK PRODUCT

# Memorandum

| | |
|---|---|
| **To** | **Custodians of Records** |
| **From** | **STA Legal** |
| **Date** | uly |
| **Re** | **Apple  Inc. v. SEC  SEA and STA** |
| | **Update to Litigation   old Notices dated   /  /      /  /   and  /  /** |

---

The purpose of this memorandum is to request that you preserve all documents that may be responsive to the issues in the above-referenced matter until the matter is fully resolved.

STA must preserve documents and records – both paper and electronic – that may later be relevant in any way to potential legal proceedings.  You have been identified as an individual who may have relevant documents or data, and STA requires your assistance to preserve all information related to this matter.  Additionally, IT personnel will assist in this endeavor.

## I.    Overview of Relevant Subject Matter

### MULTIPLE LAWSUITS   Y AND AGAINST APPLE

- ***Apple v. Samsung (N.D. California).***  On April 15, 2011, Apple, Inc. filed a Complaint for patent infringement against SEC, SEA and STA, alleging trade dress, trademark, design patent claims, and unfair competition against Samsung.  On June 16, 2011, Apple amended its lawsuit against Samsung, alleging that many of Samsung's phones and the Galaxy line of tablet computers (i) unfairly compete and falsely designate their origin by mimicking Apple's trade dress; (ii) infringe Apple's trade dress and federal trademarks and common law trademark rights; (iii) dilute Apple's trade dress; (iv) unfairly compete in violation of California Business and Professional Code § 17200; (v) unjustly enrich Samsung to Apple's detriment; and (vi) infringe eight of Apple's utility patents and seven of Apple's design patents.

- ***Samsung v. Apple (N.D. California).***  On April 27, 2011, SEC and STA filed a Complaint for patent infringement against Apple, Inc.  On June 30, 2011, Samsung dismissed without prejudice its lawsuit against Apple in the Northern District of California, and asserted several of the same patents as counterclaims against Apple in its case against Samsung.  Specifically, Samsung alleges that the iPhone 3G, iPhone 3GS, iPhone 4, iPod Touch, iPad, iPad 3G, iPad 2, and iPad 2 3G ("Accused Apple Products") infringe twelve of Samsung's utility patents.

**PRIVILEGED AND CONFIDENTIAL
ATTORNEY-CLIENT COMMUNICATION
ATTORNEY WORK PRODUCT**

- ***Samsung v. Apple (ITC)***.  On June 28, 2011, Samsung filed a complaint with the International Trade Commission alleging that the Accused Apple Products infringe five additional Samsung utility patents.

- ***Samsung v. Apple (Delaware)***.  On June 29, 2011 Samsung also filed a lawsuit in the United States District for the District of Delaware seeking damages for infringement of the same patents at issue in Samsung's ITC complaint.

- ***Apple v. Samsung (ITC)***.  On July 5, 2011, Apple filed its own complaint with the International Trade Commission alleging infringement of five utility patents and two design patents by the Samsung Galaxy S 4G, Fascinate, Transform, Intercept, Captivate, Infuse 4G, Galaxy Tab and Tab 10.1.

## II.  <u>Your Duties in Assisting STA in Preserving Documents/Records</u>

As noted, STA has a duty to preserve all documents or records (referred to herein as "Legal Hold Notice") that are relevant or potentially relevant to this matter.  The purpose of this Legal Hold Notice is to inform you that **you must preserve all documents or records that are relevant or potentially relevant to this matter until it is fully resolved.**  Compliance with this Legal Hold Notice is **mandatory**, and it is critical that you do **NOT** <u>delete</u>, <u>destroy</u>, <u>revise</u>, <u>alter</u>, <u>overwrite</u> or <u>hide</u>, inadvertently or otherwise, any documents or records that are relevant or potentially relevant to this matter.

The terms "documents" and "records" are to be construed broadly and include, but are not limited to, the following:

- All relevant or potentially relevant paper (e.g., documents, presentations, notes, day planners, logs, lists, agendas, correspondence, photographs, facsimiles, computer printouts, etc.);

- Electronic mail ("e-mail") and any attachments;

- Instant messages;

- Electronic records of any kind (e.g., electronically generated word processing documents, PowerPoint presentations, spreadsheets, PDF and TIFF image files, databases, etc.);

- Audio or visual records (e.g., voicemail, video tapes).

The Legal Hold Notice applies to:

- All relevant or potentially relevant corporate records located within an individual's office, home, or any other location, as well as any records maintained centrally by the company or department;

**PRIVILEGED AND CONFIDENTIAL**
**ATTORNEY-CLIENT COMMUNICATION**
**ATTORNEY WORK PRODUCT**

- All potentially relevant e-mail and electronic records located on any personal computers, laptops, computer discs, PDA's, Smart Phones, BlackBerry's, servers, flash drives, or back-up systems.

You must undertake diligent and reasonable efforts to ensure the preservation of all documents or records, as defined above, that are **connected or related or relevant in any way to the Samsung Acclaim Captivate Continuum Droid Charge E hibit G Epic G Fascinate Gem Gala y Ace Gala y Prevail Gala y S i     Gala y S G Gala y S II/ Gravity Indulge Infuse G Intercept Mesmeri e Ne us S Ne us S G Replenish Showcase i     Showcase Gala y S Side ic  Transform Vibrant smart phones and *all* Samsung Gala y Tabs including the  . and  .  as well as  the iPhone or iPad.**

In the case of paper records, you should ensure that any relevant or potentially relevant paper records in your immediate work area (e.g., office, cubicle, desk, filing area) are appropriately preserved in their current form.  In the case of relevant e-mail, you should ensure that all relevant or potentially relevant e-mail (and their associated attachments and links) are not deleted or altered, and are saved regularly.  As to electronic records, you should ensure that any relevant or potentially relevant electronic documents located within personal computers, laptops, computer discs, servers, PDA's, BlackBerry's, under your control are preserved.  Do not modify, delete, erase or overwrite any electronic files, discs, tapes, cartridges, etc. unless steps have been taken to assure that an exact copy will be preserved in its electronic form and is accessible.

## III.    Additional Information     uestions

We understand that the subject of this Legal Hold Notice is extremely broad.  At this time, however, STA must ensure that _all_ documents of potential relevance are preserved.  In that regard, please take note of the following points.

Assume Everything is Relevant:  Please do not attempt to determine on your own if any document, letter, email, etc. is relevant – assume they are all relevant.  Any documents, correspondence, emails, etc. will be reviewed by an attorney for relevancy and privilege if necessary in the future.

Please Do Not Discuss this Matter Unless Directed By the Legal Department:  Finally, we ask that employees refrain from discussing or otherwise communicating about this matter except if expressly asked to respond to requests from the Samsung in-house or outside counsel legal teams.  This will help us to gather accurate factual information, avoid distractions in our workplace, and prevent the inadvertent waiver of attorney-client and other important legal privileges, as well as preserve the confidentiality of proprietary and other sensitive information.

Questions: Please direct any questions you may have regarding the foregoing to **Cindi Moreland and/or Lynda Mane  STA Legal**.  In addition, if you believe that anyone else in your department may have important related material that should be notified of this Legal Hold Notice, please contact the Legal Department before discussing this memorandum with that person.

Thank you for your understanding, and we sincerely appreciate your assistance.

# EXHIBIT N

Highly Confidential – Outside Counsel's Eyes Only

**PRIVILEGED AND CONFIDENTIAL**
**ATTORNEY-CLIENT COMMUNICATION**
**ATTORNEY WORK PRODUCT**

# Memorandum

**T IRD  NOTICE**

| | |
|---|---|
| **To** | **Custodians of Records** |
| **From** | **STA Legal** |
| **Date** | **May** |
| **Re** | **Apple  Inc. v. SEC  SEA and STA** |

---

The purpose of this memorandum is to request that you preserve all documents that may be responsive to the issues in the above-referenced matter until the matter is fully resolved.

STA must preserve documents and records – both paper and electronic – that may later be relevant in any way to potential legal proceedings.  You have been identified as an individual who may have relevant documents or data, and STA requires your assistance to preserve all information related to this matter.  Additionally, IT personnel will assist in this endeavor.

## I.      Overview of Relevant Subject Matter

On April 15, 2011, Apple, Inc. filed a Complaint for patent infringement against SEC, SEA and STA, alleging trade dress, trademark, design patent claims, and unfair competition against Samsung.  On April 27, 2011, SEC and STA filed a Complaint for patent infringement against Apple, Inc.

## II.      Your Duties in Assisting STA in Preserving Documents/Records

As noted, STA has a duty to preserve all documents or records (referred to herein as "Legal Hold Notice") that are relevant or potentially relevant to this matter.  The purpose of this Legal Hold Notice is to inform you that **you must preserve all documents or records that are relevant or potentially relevant to this matter until it is fully resolved.**  Compliance with this Legal Hold Notice is **mandatory**, and it is critical that you do **NOT** delete, destroy, revise, alter, overwrite or hide, inadvertently or otherwise, any documents or records that are relevant or potentially relevant to this matter.

The terms "documents" and "records" are to be construed broadly and include, but are not limited to, the following:

Highly Confidential – Outside Counsel's Eyes Only

PRIVILEGED AND CONFIDENTIAL
ATTORNEY-CLIENT COMMUNICATION
ATTORNEY WORK PRODUCT

- All relevant or potentially relevant paper (e.g., documents, presentations, notes, day planners, logs, lists, agendas, correspondence, photographs, facsimiles, computer printouts, etc.);

- Electronic mail ("e-mail") and any attachments;

- Instant messages;

- Electronic records of any kind (e.g., electronically generated word processing documents, PowerPoint presentations, spreadsheets, PDF and TIFF image files, databases, etc.);

- Audio or visual records (e.g., voicemail, video tapes).

The Legal Hold Notice applies to:

- All relevant or potentially relevant corporate records located within an individual's office, home, or any other location, as well as any records maintained centrally by the company or department;

- All potentially relevant e-mail and electronic records located on any personal computers, laptops, computer discs, PDA's, Smart Phones, BlackBerry's, servers, flash drives, or back-up systems.

You must undertake diligent and reasonable efforts to ensure the preservation of all documents or records, as defined above, that are **connected or related or relevant in any way to the Samsung Captivate Continuum Vibrant Gala y S  G Epic  G Indulge Mesmeri e Showcase Fascinate Ne us S Gem Transform Intercept Gala y S II/ Infuse  G Droid Charge and Acclaim smart phones  and *all* Samsung Gala y Tabs including the  .  and  .  as well as the iPhone or iPad.**

In the case of paper records, you should ensure that any relevant or potentially relevant paper records in your immediate work area (e.g., office, cubicle, desk, filing area) are appropriately preserved in their current form.  In the case of relevant e-mail, you should ensure that all relevant or potentially relevant e-mail (and their associated attachments and links) are not deleted or altered, and are saved regularly.  As to electronic records, you should ensure that any relevant or potentially relevant electronic documents located within personal computers, laptops, computer discs, servers, PDA's, BlackBerry's, under your control are preserved.  Do not modify, delete, erase or overwrite any electronic files, discs, tapes, cartridges, etc. unless steps have been taken to assure that an exact copy will be preserved in its electronic form and is accessible.

**PRIVILEGED AND CONFIDENTIAL
ATTORNEY-CLIENT COMMUNICATION
ATTORNEY WORK PRODUCT**

### III.    Additional Information & Questions

We understand that the subject of this Legal Hold Notice is extremely broad.  At this time, however, STA must ensure that <u>all</u> documents of potential relevance are preserved.  In that regard, please take note of the following points.

<u>Assume Everything is Relevant</u>:  Please do not attempt to determine on your own if any document, letter, email, etc. is relevant – assume they are all relevant.  Any documents, correspondence, emails, etc. will be reviewed by an attorney for relevancy and privilege if necessary in the future.

<u>Please Do Not Discuss this Matter Unless Directed By the Legal Department</u>:  Finally, we ask that employees refrain from discussing or otherwise communicating about this matter except if expressly asked to respond to requests from the Samsung in-house or outside counsel legal teams.  This will help us to gather accurate factual information, avoid distractions in our workplace, and prevent the inadvertent waiver of attorney-client and other important legal privileges, as well as preserve the confidentiality of proprietary and other sensitive information.

<u>Questions</u>: Please direct any questions you may have regarding the foregoing to **Cindi Moreland and/or Lynda Mane, STA Legal**.  In addition, if you believe that anyone else in your department may have important related material that should be notified of this Legal Hold Notice, please contact the Legal Department before discussing this memorandum with that person.

Thank you for your understanding, and we sincerely appreciate your assistance.

# EXHIBIT O



Samsung Electronics Co., Ltd.
IP Center
IP Legal Team
Suwon, Korea

April 21, 2011

Dear Colleagues:

On April 15, 2011, Apple filed a lawsuit against SEC, Samsung Electronics America, Inc. ("SEA"), and Samsung Telecommunications America, LLC ("STA") (collectively, "Samsung") in the United States District Court for the Northern District of California ("Apple's Northern District Action").   Apple's Northern District Action alleges that Samsung's Galaxy line of smart phones and computer tablets infringe: (i) the trade dress of Apple's iPhone, iPod touch, and iPad in violation of Section 43(a) of the Lanham Act, 15 U.S.C. 1125(a); (ii) the federal trade dress registrations for the design and configuration of the iPhone in violation of 15 U.S.C. 1114; (iii) the federal trademark registrations for the application icons used in the user interface for the iPhone, iPod touch, and iPad and the federal trademark for the logo for Apple's iTunes on-line music service in violation of 15 U.S.C. 1114; and (iv) the federal trademark registrations for the application icons used in the user interface for the iPhone, iPod touch, and iPad and the iTunes application icon in violation of Apple's common law trademark rights ("Apple's Trademark and Trade Dress Claims").   Also, Apple's Northern District Action alleges that these Samsung acts constitute fraudulent and unlawful business practices as defined by California Business and Professions Code Section 17200, *et seq*. Apple's Northern District Action further alleges that, as a result of Samsung's alleged conduct, Samsung has been unjustly enriched to Apple's detriment.   Apple's Northern District Action alleges infringement of ten U.S. Patents ("Apple's Asserted Patents") identified below by one or more of the "Samsung Accused Products" (defined below) by the "Relevant Technical Features" (defined below):

| Patent No. | Patent Title | Inventors |
|---|---|---|
| 6,493,002 | Method and Apparatus for Displaying and Accessing Control and Status Information in a Computer System | Steven W. Christensen |
| 7,469,381 | List Scrolling and Document Translation, Scaling, and Rotation on a Touch-Screen Display | Bas Ording |
| 7,8536,891 | Method and Apparatus for Displaying a Window for a User Interface | Imran Chaudhri and Bas Ording |

Highly Confidential – Outside Counsel's Eyes Only

| 7,844,915 | Application Programming Interfaces for Scrolling Operations | Andrew Platzer and Scott Herz |
|---|---|---|
| 7,863,533 | Cantilevered Push Button Having Multiple Contacts and Fulcrums | Bradley J. Hamel, Tang Yew Tan, and Erik Wang |
| 7,669,134 | Method and Apparatus for Displaying Information During An Instant Messaging Session | Gregory N. Christie, Peter T. Westen, Stephen O. Lemay, and Jens Alfkeas |
| 7,812,828 | Ellipse Fitting for Multi-Touch Surfaces | Wayne Westerman and John G. Elias |
| D627,790 | Graphical User Interface for a Display Screen or Portion Thereof | Imran Chaudhri |
| D602,016 | Electronic Device | Bartley K. Andre, Daniel J. Coster, Daniele De Iuliis, Richard P. Howarth, Jonathan P. Ive, Steve Jobs, Duncan Robert Kerr, Shin Nishibori, Matthew Dean Rohrbach, Peter Russell-Clarke, Douglas B. Satzger, Christopher J. Stringer, Eugene Antony Whang, Rico Zorkendorfer |
| D618,677 | Electronic Device | Bartley K. Andre, Daniel J. Coster, Daniele De Iuliis, Richard P. Howarth, Jonathan P. Ive, Steve Jobs, Duncan Robert Kerr, Shin Nishibori, Matthew Dean Rohrbach, Peter Russell-Clarke, Douglas B. Satzger, Calvin Q. Seid, Christopher J. Stringer, Eugene Antony Whang, Rico Zorkendorfer |

The Samsung Accused Products include, but may not be limited to, the Samsung Captivate, Continuum, Vibrant, Galaxy S 4G, Epic 4G, Indulge, Mesmerize, Showcase, Fascinate, Nexus S, Gem, Transform, Intercept, and Acclaim smart phones and the Samsung Galaxy Tab tablet. Samsung Accused Products include all past, current, anticipated and future smart phones and computer tablets in the Galaxy line.

The Relevant Technical Features include, but may not be limited to, user interface features such as the display of status and control functions for a number of different application programs, the display of electronic documents on a touch-screen, the display of windows in a user interface, and the display of an exchange of messages during a communication session.

Highly Confidential – Outside Counsel's Eyes Only

The Relevant Technical Features also include, but may not be limited to, the use and design of cantilevered push buttons, the ornamental design of a smart phone and/or tablet, and the ornamental design of the graphical user interface for a display screen on a smart phone and/or tablet.

Apple and/or Samsung have initiated additional litigations against each other outside of the United States and may initiate additional litigations worldwide (the "Additional Actions"). Samsung may be required to produce documents responsive to discovery requests served by Apple in Apple's Northern District Action or in the Additional Actions.   According to the applicable discovery rules, documents include all written, graphic or otherwise recorded material, including for example paper documents, correspondence, memoranda, handwritten notes, drawings, presentation slides, business diaries, calendars, tapes, agreements, drafts, phone logs, electronic files and electronically stored information regardless of the form of storage medium, e-mails, voice messages, and instant messages.

The purpose of this e-mail is to request that you preserve any and all such documents that may be relevant to the issues in Apple's Northern District Action and the Additional Actions between Samsung and Apple until all litigations are fully resolved. Please be aware that the above-mentioned exemplary list of documents is not exhaustive and the categories of documents may well be even broader. For this reason, **if you  a e any dou  t** as to whether you should preserve particular documents, **you are instru ted to retain t em**. Please distribute this message to anyone else who may have any such relevant documents.

Although it is impossible to predict every type of document that Apple may request in a potential litigation, you should nevertheless retain and preserve all documents that relate to:

1. Apple, Apple's iPhone, iPad, and iPod touch, Apple's Northern District Action, Apple and Samsung's Additional Actions, Apple's Trademark and Trade Dress Claims, Apple's Asserted Patents, or any of Apple's patents, trademarks, or trade dresses that could potentially impact Samsung's relevant business units (e.g., Digital Media & Communications, Device Solutions, etc.);

2. the design, development, testing, manufacturing, reverse engineering, distribution, importation, and sale of any Samsung Accused Products, any Samsung products related to the Relevant Technical Features, and any Samsung product that Apple would likely accuse of infringing one or more of Apple's patents, trademarks, or trade dresses;

3. contractual relationships, agreements, or other communications relating to the development, creation, implementation, launch and operation of any such products;

4. the market for any such products;

Highly Confidential – Outside Counsel's Eyes Only

5. licensing or valuation of any such products;

6. any business plans, strategic plans or business strategy documents related to such products;

7. any indemnification agreement provided to Samsung by any third party relating to such products or the Relevant Technical Features;

8. Apple's products, including its iPhone, iPad, and iPod touch, incorporating any of Samsung's products;

9. technical documents (including patents, patent applications and related documents) relating to Relevant Technical Features, including development, operation, manufacture, structure, design, architecture, testing, implementation and Samsung specification documents;

10. marketing materials, including product packaging and documentation, pertaining to the Samsung Accused Products and any Samsung product that Apple would likely accuse of infringing one or more of Apple's patents, trademarks, or trade dresses;

11. any internal analysis, assessments (including any efforts by Samsung to design around Apple's Asserted Patents or any other Apple patents) and/or reports concerning either Apple's Asserted Patents, other Apple patents, or Samsung's patents that are currently the subject of litigation, litigation preparations, or discussions between Apple and Samsung;

12. any internal communications and/or reports concerning activities involving the Apple/Samsung licensing discussions;

13. any third party communications concerning any of the patents involved in the discussions and/or litigations and any internal communications and/or reports regarding the same;

14. any communications to third parties (e.g., for analysis purposes to third party vendors or law firms) concerning Apple's Northern District Action, Additional Actions between Samsung and Apple, Apple's Trademark and Trade Dress Claims, Apple's Asserted Patents, and/or any other Apple patent, trademark or trade dress; and

15. any communications with anyone relating to Apple's Northern District Action, Additional Actions between Samsung and Apple, Apple's Trademark and Trade Dress Claims, Apple's Asserted Patents, and/or any other Apple patent, trademark or trade dress, and/or Apple patent, trademark, or trade dress claim against Samsung.

This obligation to retain relevant documents applies generally to all employees and outside consultants or agents of Samsung, but in particular to employees of Samsung possessing documents relating to the above-mentioned information. Further, Samsung's obligations to maintain and preserve relevant documents include any such documents stored in long term record retention, as well as documents in your office computer or any central files.

Highly Confidential – Outside Counsel's Eyes Only

Due to future changes in circumstances, modification or expansion of the categories of documents to be retained may be required.   Although we will try to minimize any resulting burden, it is important that you do not destroy or discard any potentially responsive documents **AND PRESERVE ANY SUC   RELEVANT DOCUMENTS** until the all litigation relating to these issues has been sufficiently attenuated, or until otherwise notified by Samsung's Legal or IP teams.

To the extent the need to retrieve copies of potentially relevant documents arises, representatives of Samsung's IP Legal Team will be contacting you.   In the meantime, if you have any questions, please call the personnel of the IP Legal Team.   Thank you for your understanding, and we sincerely appreciate your assistance.

# EXHIBIT P

Highly Confidential – Outside Counsel's Eyes Only



Samsung Electronics Co., Ltd.

IP Center

IP Legal Team

Suwon, Korea

4/21/2011

각 수신처 제위:

지난 4 월 15 일 Apple 사는 미국 캘리포니아주 북부 연방법원에(United States District Court for the Northern District of California) 삼성 전자 (Samsung Electronics Co., Ltd), Samsung Electronics America, Inc. ("SEA"), 및 Samsung Telecommunications America, LLC ("STA") (통칭하여, "삼성")을 제소하였습니다 ("Apple 소송").   Apple 사는 삼성의 갤럭시 라인의 스마트폰과 태블릿 컴퓨터 제품들이 (i) 미연방법 the Lanham Act, 15 U.S.C. 1125 의 Section 43(a)을 위반하여 Apple 사의 iPhone, iPod touch, 및 iPad 의 trade dress 를 침해 (ii) 미연방법 15 U.S.C. 1114 을 위반하여 iPhone 의 의장과 형태를 등록한 연방 trade dress 를 침해 (iii) 미연방법 15 U.S.C. 1114 을 위반하여 iPhone, iPod touch, 및 iPad 의 user interface 에 쓰이는 application icon 에 대한 미 연방 상표권 및 Apple 사의 iTunes 온라인 음악 서비스의 로고에 대한 상표권을 침해 (iv) Apple 사의 관습법 상표권

Highly Confidential – Outside Counsel's Eyes Only

(Common Law trademark right)을 위반하여 iPhone, iPod touch, 및 iPad 의 user interface 에 쓰이는 application icon 에 대한 미 연방 상표권 및 Apple 사의 iTunes 온라인 음악 서비스의 로고에 대한 상표권을 침해했다고 주장하고 있습니다.   더하여, Apple 사는 삼성의 이런 행동이 캘리포니아주 상법(California Business and Professions Code Section 17200, *et seq.*)을 위반하는 부당하고 불법적인 상관습 (business practice)이라고 주장하고 있습니다. 또한 Apple 사는 삼성의 이런 행동으로 인해 삼성이 Apple 사의 손상을 초래하며 부당이득을 얻었다고 주장하고 있습니다.   Apple 사는 또한 '삼성 제소제품'(아래 정의된)들의 "관련된 기술 특성"(아래 정의된)이 하기 Apple 사의 특허 열(10)건을 (이하 "Apple 제소특허") 침해한다고 주장하고 있습니다.

| 특허번호. | 특허명 | 발명자 |
|---|---|---|
| 6,493,002 | Method and Apparatus for Displaying and Accessing Control and Status Information in a Computer System | Steven W. Christensen |
| 7,469,381 | List Scrolling and Document Translation, Scaling, and Rotation on a Touch-Screen Display | Bas Ording |
| 7,8536,891 | Method and Apparatus for Displaying a Window for a User Interface | Imran Chaudhri and Bas Ording |

Highly Confidential – Outside Counsel's Eyes Only

| | | |
|---|---|---|
| 7,844,915 | Application Programming Interfaces for Scrolling Operations | Andrew Platzer and Scott Herz |
| 7,863,533 | Cantilevered Push Button Having Multiple Contacts and Fulcrums | Bradley J. Hamel, Tang Yew Tan, and Erik Wang |
| 7,669,134 | Method and Apparatus for Displaying Information During An Instant Messaging Session | Gregory N. Christie, Peter T. Westen, Stephen O. Lemay, and Jens Alfkeas |
| 7,812,828 | Ellipse Fitting for Multi-Touch Surfaces | Wayne Westerman and John G. Elias |
| D627,790 | Graphical User Interface for a Display Screen or Portion Thereof | Imran Chaudhri |
| D602,016 | Electronic Device | Bartley K. Andre, Daniel J. Coster, Daniele De Iuliis, Richard P. Howarth, Jonathan P. Ive, Steve Jobs, Duncan Robert Kerr, Shin Nishibori, Matthew Dean Rohrbach, Peter Russell-Clarke, Douglas B. Satzger, Christopher J. Stringer, Eugene Antony Whang, Rico Zorkendorfer |
| D618,677 | Electronic Device | Bartley K. Andre, Daniel J. Coster, Daniele De Iuliis, Richard P. Howarth, Jonathan P. Ive, Steve Jobs, Duncan Robert Kerr, Shin Nishibori, Matthew Dean Rohrbach, Peter |

Highly Confidential – Outside Counsel's Eyes Only

| | | Russell-Clarke, Douglas B. Satzger, Calvin Q. Seid, Christopher J. Stringer, Eugene Antony Whang, Rico Zorkendorfer |
|---|---|---|

삼성제소제품은 삼성의 스마트 폰인 Captivate, Continuum, Vibrant, Galaxy S 4G, Epic 4G, Indulge, Mesmerize, Showcase, Fascinate, Nexus S, Gem, Transform, Intercept, 및 Acclaim 모델들과 삼성 갤럭시 탭을 포함하고 있으나 이에 한정되지는 않으며, Apple 사는 소송이 진행되면서 추가적인 제품에 대한 침해 주장을 할 수 있습니다, 삼성제소제품은 또한 이전, 현재, 그리고 앞으로 출시되리라 예측되는 미래의 모든 갤럭시 라인의 스마트 폰과 태블릿 컴퓨터를 포함할 수 있습니다.

관련된 기술 특성은 (1)다수의 application program 의 status 와 control function 의 display, (2) 전자문서를 터치 스크린에 display, (3) 유저 인터페이스에 window 를 display, (4) 통신세션당 메시지들의 교환을 display 하는 방법 등, 유저 인터페이스의 특성을 포함하고 있으나 이에 한정되지는 않습니다.  관련된 기술 특성은 또한, 외팔보(cantilever)식 push 버튼의 디자인과 사용, 스마트 폰 또는 태블릿 컴퓨터의 의장, 그리고 스마트 폰 또는 태블릿 컴퓨터의 화면의 graphical 유저 인터페이스의 의장 등을 포함할 수 있으나 이에 한정되지는 않습니다.

미국소송 증거개시 원칙에 따르면, 상기 '문서'란 정보를 가지고 있는 문자화, 도형화 또는 다르게 기록된 모든 종류의 물건으로 종이서류뿐만 아니라 보고서, 서신, 프레젠테이션 파일, 도면, 수기 노트, 업무용 다이어리, 달력, 테이프, 계약서, 전화 기록, 전화 메시지, instant 메시지 등 기타 전자 문서와 이메일을 포함합니다.

본 서신의 목적은 Apple 소송이 완전히 해결될 때까지 관련될 수 있는 모든 문서를 보존해 주시기를 요청하기 위함입니다. 상기 문서 종류는 보존 해야 할 문서의 예이며 실제 보존대상문서의 범위는 더 광범위 할 수 있습니다. 따라서 특정 문서를 보존해야 하는지에 대하여 확신이 없다면, 해당 문서를 모두 보존하는 것이 좋습니다.

물론 Apple 사가 어떤 문서를 증거개시용 자료로서 요구할지를 완벽하게 예측할 수는 없지만, 하기의 카테고리와 관련된 모든 '문서'는 파기를 금지하고 보관하셔야 합니다.

1. Apple 사, Apple 의 iPhone, iPad, 및 iPod touch, Apple 소송, Apple 사의 상표권 및 Trade Dress 주장, Apple 제소특허, 그리고 삼성의 관련된 제품 또는 사업(예: Digital Media & Communications and Device Solution 등)에 영향을 줄 수 있는 Apple 사 또는 Apple 사의 특허, 상표, 및 Trade Dress 관련 자료

Highly Confidential – Outside Counsel's Eyes Only

2. (1)삼성제소제품 (2)관련된 기술 특성에 연관된 삼성 제품 그리고 (3)Apple 사가 Apple 사의 특허, 상표, 또는 Trade Dress 의 침해 주장이 제기될 가능성이 있는 모든 삼성제품들과 관련된 설계, 개발, 테스트, 제조, reverse engineering, distribution, 수입, 마케팅, 광고 또는 영업 자료

3. 2 번에 명시된 제품들의 개발, 창작, 실행, 출시, 그리고 작동에 관련된 계약 관계, 계약서 및 다른 교신.

4. 상기 제품들의 시장 자료

5. 상기 제품에 대한 라이센싱 또는 평가 자료

6. 상기 제품에 대한 사업 계획, 전략 계획, 또는 사업 전략 문서

7. 상기 제품이나 관련된 기술 특성에 관련된 삼성의 제 3 자와의 면책계약

8. iPhone, iPad, 및 iPad 와 같이 삼성의 제품을 사용한 Apple 사 제품 관련 자료

9. 관련된 기술 특성에 관련된 (개발, 작동, 제조, 구조, 디자인, 설계, 테스팅, 실행, 삼성 사양서 등) 기술 문서 (특허, 특허 출원서 및 관련된 문서)

10. 삼성제소제품 및 Apple 사가 Apple 사의 특허, 상표, 또는 Trade Dress 의 침해 주장이 제기될 가능성이 있는 모든 삼성의 제품에 관련된 마케팅 자료 (제품 포장과 문서들 포함)

11. Apple 사 제소 특허 또는 그 외의 Apple 사 소유특허와 관련된 내부 분석 자료 (회피 설계 관련 내용 포함)

Highly Confidential – Outside Counsel's Eyes Only

12. Apple 사와의 라이선스 협상 관련 내부 교신이나 보고자료

13. Apple 사와의 소송 및 협상 특허와 관련된 제 3 자와의 교신이나 Apple 사
와의 소송 및 특허와 관련된 내부교신, 논의 또는 보고자료

14. Apple 소송 및 Apple 사의 상표, 특허, 또는 Trade Dress 침해 주장과 관련
된 제 3 자와의 (예: 분석 목적을 두고 외부업체 또는 로펌과 가진) 교신

15. Apple 소송 및 Apple 사의 상표, 특허, 또는 Trade Dress 침해 주장 또는
Apple 제소특허에 관련된 교신

본 관련문서 보존의무는 당사의 모든 임직원과 외부자문인 또는 대리인에게
적용되고, 특히 상기 언급된 제품과 관련 있는 문서를 보유한 임직원들에게 적용
됩니다. 또한 당사의 보존의무는 장기 보관 중인 문서와 업무용 컴퓨터 및 중앙
파일 서버를 포함 합니다. 만약 정기적으로 관련 문서를 파기하는 작업이 있다면
즉시 중지시켜주시기 바랍니다.

향후 사정변경에 따라 보존대상문서의 범위가 변경되거나 확대될 수 있으며, 이로
인해 야기될 수 있는 부담을 최소화하도록 노력할 것이나, 관련 임직원께서는 본
건과 관련된 모든 소송이 해결되거나 IP 법무팀에서 별도의 공지가 있을 때까지
관련문서를 파기하지 않고 보존하는 것이 중요합니다.

Highly Confidential – Outside Counsel's Eyes Only

관련문서를 제출할 필요가 발생했을 경우, IP 법무팀 담당자가 별도 요청할 것입니다.

관련 임직원 여러분의 이해와 협조를 요청 드립니다. 감사합니다.

# EXHIBIT Q

Highly Confidential – Outside Counsel's Eyes Only



Legal De artment
Samsung Ele troni s Ameri a, In .

PRIVLEGED AND CONFIDENTIAL
ATTORNEY-CLIENT COMMUNICATION
ATTORNEY WORK PRODUCT

# Memorandum

**SECOND NOTICE**

To      Custodians of Re ords
From  Legal De artment
Date     une  ,
Re      Samsung  . A   le, In .

---

Dear Colleagues:

On April 27, 2011, Samsung Electronics Co., Ltd. and Samsung Telecommunications America, LLC (collectively "Samsung") filed a lawsuit against Apple in the United States District Court of the Northern District of California.  Samsung's suit alleges that several of Apple's products, including the Apple iPhone 3G, the Apple iPhone 3GS, the Apple iPhone 4, the iPod Touch, the iPad, the iPad 3G, the iPad2, and the iPad 2 3G infringe on ten U.S. patents ("Samsung Asserted Patents") identified below.  The Samsung asserted Patents are related to increasing reliability, capacity, efficiency, compatibility, and functioning of mobile devices in W-CDMA and UMTS networks, and features relating to the user-interface of mobile devices, such as generating and displaying time, keyboard function, and viewing of images on mobile devices (the "Relevant Technical Features").

| PATENT NO. | PATENT TITLE | INVENTOR S |
|---|---|---|
| 7,675,941 | Method and Apparatus for Transmitting/Receiving Packet Data using Pre-Defined Length Indicator in a Mobile Communication System | Soeng-Hun Kim, Gert-Jan Van Lieshout, Himke Van Der Velde |

Highly Confidential – Outside Counsel's Eyes Only

| | | |
|---|---|---|
| 7,362,867 | Apparatus and Method for Generating Scrambling Code in UMTS Mobile Communication System | Jae-Yoel Kim, Hee-Won Kang |
| 7,447,516 | Method and Apparatus for Data Transmission in a Mobile Telecommunication System Supporting Enhanced Uplink Service | Youn-Hyoung Heo, Ju-Ho Lee, Joon-Young Cho, Young-Bum Kim, Yong-Jun Kwak |
| 7,200,792 | Interleaving Apparatus and Method for Symbol Mapping in an HSPDA Mobile Communication System | Hun-Kee Kim, Gin-Kyu Choi, Jae-Seung Yoon, Noh-Sun Kim, Jun-Sung Lee, Yong-Suk Moon |
| 7,386,001 | Apparatus and Method for Channel Coding and Multiplexing in CDMA Communication System | Beong-Jo Kim, Se-Hyoung Kim, Min-Goo Kim, Soon-Jae Choi, Young-Hwan Lee |
| 7,050,410 | Apparatus and Method for Controlling a Demultiplexer and a Multiplexer Used for Rate Matching in  a Mobile Communication System | Se-Hyoung Kim, Min-Goo Kim, Beong-Jo Kim, Soon-Jae Choi |
| 6,928,604 | Turbo Encoding/Decoding Device and Method for | Chang-Soo Park, Joong-Ho Jeong, Hyeon-Woo Lee |

| | | |
|---|---|---|
| | Processing Frame Data According to QOS | |
| 6,292,179 | Software Keyboard System Using Trace of Stylus on a Touch Screen and Method for Recognizing Key Code Using the Same | Jin-chul Lee |
| 7,009,626 | Systems and Methods for Generating Visual Representations of Graphical Data and Digital Document Processing | Majid Anwar |
| 7,069,055 | Mobile Telephone Capable of Displaying World Time and Methods for Controlling the Same | Hye-Young Lee |

Although it is impossible to predict every type of document that Apple may request in these litigations, you should nevertheless **retain and   reser e all do uments** that relate to all of the below categories.

(1) Samsung Asserted Patents, any patents related to the Samsung Asserted Patents, and the named inventors, listed above;

(2) the preparation of each of the patent applications of the Samsung Asserted Patents and the prosecution of those applications;

(3) conception and reduction to practice of the Samsung Asserted Patents including any design, testing, experimental use or prototypes associated with this conception or reduction to practice;

(4) the product, process, device, prototype, apparatus that embodies any technology disclosed in any of Samsung Asserted Patents;

Highly Confidential – Outside Counsel's Eyes Only

(5) the design, development, testing, manufacturing, reverse engineering, distribution, marketing, advertising or sale of any products embodying the Samsung Asserted Patents;

(6) any written description, use, sale, offer for sale, license, or offer to license prior to the filing date of each of the patent applications that issued as the Samsung Asserted Patents, of what is claimed in the Samsung Asserted Patents;

(7) any patentability, infringement, or validity opinions related to the Asserted Patents and/or the Relevant Technical Features;

(8) the marking of any product embodying the Samsung Asserted Patents;

(9) the market share or market analysis of any product embodying the Samsung Asserted Patents;

(10) the licensing or valuation of any product embodying the Samsung Asserted Patents;

(11) the fabrication, manufacture, design, features or functions of the Apple iPhone 3G, the Apple iPhone 3GS, the Apple iPhone 4, the iPod Touch, the iPad, the iPad 3G, the iPad2, and the iPad 2 3G;

(12) the damages to Samsung from Apple's alleged infringement of Samsung Asserted Patents;

(13) any internal communications and/or reports concerning activities involving the licenses, license discussions, or other discussions between Apple and Samsung;

(14) any third party communications concerning any of the Samsung Asserted Patents and/or the Relevant Technical Features, and any internal communications and/or reports regarding the same;

(15) any third party communications concerning any of the licensing discussions or agreements with Apple and any internal communications and/or reports regarding the same; and

(16) any communications to third parties (*e.g.*, indemnification requests or notices) concerning any of the Samsung Asserted Patents, the Relevant Technical Features, or this litigation.


Documents, according to the applicable discovery rules, include all written, graphic or otherwise recorded material, including for example paper documents, correspondence, memoranda, handwritten notes, drawings, presentation slides, business diaries, calendars, tapes, agreements, drafts, phone logs, electronic files and electronically stored information regardless of the form of storage medium, emails, voices messages and instant messages.

Highly Confidential – Outside Counsel's Eyes Only

Please be aware that the above exemplary list of documents and categories is **non-e    austi e** and as such, if there is any doubt as to whether a document should be preserved, **you are instru ted to retain t  em**.

This obligation to retain relevant documents applies generally to all employees and outside consultants or agents of Samsung, but in particular to employees possessing documents relating to the above described categories. Further, Samsung's obligations to maintain and preserve relevant documents include any such documents stored in long term record retention, as well as documents in your office computer or any central files.

As the litigation progresses, future changes in circumstances may require modification or expansion of the categories of documents to be retained. Although we will try to minimize any resulting burden, it is important that you **do not destroy or dis ard** any potentially responsive documents until the litigation has been resolved, or until otherwise notified by the IP Legal Team.

Samsung's IP Legal Team will contact you when a need arises to retrieve copies of the preserved relevant documents. If you have any questions, please contact the personnel of the IP Legal Team. Thank you for your understanding, and we sincerely appreciate your assistance.

# EXHIBIT R

Highly Confidential – Outside Counsel's Eyes Only

REMINDER - DOCUMENT PRESERVATION NOTICE



**REVISED DOCUMENT PRESERVATION NOTICE FOR APPLE LITIGATION**

July 8, 2011

Dear Colleagues:

This is an update to two previously distributed litigation hold notices from April 27, 2011 and June 20, 2011.

In the previous litigation hold notices, we informed you that Apple Inc. ("Apple") filed a lawsuit against Samsung Electronics Co., Ltd., Samsung Electronics America, Inc, and Samsung Telecommunications America, LLC (collectively "Samsung") in the United States District Court for the Northern District of California.    We also informed you that Samsung had filed a lawsuit against Apple in the same court.    We requested that you preserve any and all such documents that may be relevant to the issues in a potential litigation between Samsung and Apple until it is fully resolved.    Litigants have a duty to preserve evidence that may be relevant to an anticipated or on-going litigation. This principle is clearly sacrosanct, and it is the violation of this duty that can give rise to a finding of spoliation, or the wrongful destruction of evidence.

On June 16, 2011, Apple amended its lawsuit against Samsung, alleging that many of Samsung's phones and the Galaxy line of tablet computers (see list of accused products below) (i) unfairly compete and falsely designate their origin by mimicking Apple's trade dress in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (ii) infringe Apple's trade dress and federal trademarks in violation of 15 U.S.C. § 1114(a) and common law trademark rights; (iii) dilute Apple's trade dress in violation of 15 U.S.C. § 1125(c); (iv) unfairly compete in violation of California Business and Professional Code § 17200; (v) unjustly enrich Samsung to Apple's detriment; and (vi) infringe eight of Apple's utility patents and seven of Apple's design patents, identified below.

On June 30, 2011, Samsung dismissed without prejudice its lawsuit against Apple in the Northern District of California, and asserted several of the same patents as counterclaims against Apple in its case against Samsung.    Specifically, Samsung alleges that the iPhone 3G,

1

Highly Confidential – Outside Counsel's Eyes Only

REMINDER - DOCUMENT PRESERVATION NOTICE

iPhone 3GS, iPhone 4, iPod Touch, iPad, iPad 3G, iPad 2, and iPad 2 3G ("Accused Apple Products") infringe twelve of Samsung's utility patents.

Both Apple and Samsung have recently initiated other litigation for which documents need to be preserved.   On June 28, 2011, Samsung filed a complaint with the International Trade Commission alleging that the Accused Apple Products infringe five additional Samsung utility patents.   On June 29, 2011 Samsung also filed a lawsuit in the United States District for the District of Delaware seeking damages for infringement of the same patents at issue in Samsung's ITC complaint.   On July 5, 2011, Apple filed its own complaint with the International Trade Commission alleging infringement of five utility patents and two design patents by the Samsung Galaxy S 4G, Fascinate, Transform, Intercept, Captivate, Infuse 4G, Galaxy Tab and Tab 10.1.

**A    le Asserted Patents**

| PATENT NO. | PATENT TITLE | INVENTOR S |
|---|---|---|
| 7,812,828 | Ellipse Fitting for Multi-Touch Surfaces | Wayne Westerman, John G. Elias |
| 6,493,002 | Method and Apparatus for Displaying and Accessing Control and Status Information in a Computer System | Steven W. Christensen |
| 7,469,381 | List Scrolling and Document Translation, Scaling and Rotation on a Touch-Screen Display | Bas Ording |
| 7,844,915 | Application Programming Interfaces for Scrolling Operations | Andrew Platzer, Scott Herz |
| 7,853,891 | Method and Apparatus for Displaying a Window for a User Interface | Imran Chaudhri, Bas Ording |
| 7,663,607 | Multipoint Touchscreen | Steve Hotelling, Joshua A. Strickon |
| 7,864,163 | Portable Electronic Device, Method, and Graphical User Interface for Displaying Structured Electronic Documents | Bas Ording, Scott Forstall, Greg Christie, Stephen O. Lemay, Imran Chaudhri, Richard Williamson, Chris Blumenberg, Marcel Van Os |
| 7,920,129 | Double-Sided Touch-Sensitive Panel with Shield and Drive Combined Layer | Steve Porter Hotelling, Brian Richards Land |
| D627,790 | Graphical User Interface For a Display Screen or Portion Thereof | Imran Chaudhri |
| D617,334 | Graphical User Interface For a Display Screen or Portion Thereof | Imran Chaudhri |
| D604,305 | Graphical User Interface For a Display | Freddy Anzures, Imran Chaudhri |

| | Screen or Portion Thereof | |
|---|---|---|
| D593,087 | Electronic Device | Bartley K. Andre, Daniel J. Coster, Daniele De Iuliis, Richard P. Howarth, Jonathan P. Ive, Steve Jobs, Duncan Robert Kerr, Shin Noshibori, Matthew Dean Rohrbach, Douglas B. Satzger, Calvin Q. Seid, Christopher J. Stringer, Eugene Antony Whang, Rico Zorkendorfer |
| D618,677 | Electronic Device | Bartley K. Andre, Daniel J. Coster, Daniele De Iuliis, Richard P. Howarth, Jonathan P. Ive, Steve Jobs, Duncan Robert Kerr, Shin Noshibori, Matthew Dean Rohrbach, Douglas B. Satzger, Calvin Q. Seid, Christopher J. Stringer, Eugene Antony Whang, Rico Zorkendorfer |
| D622,270 | Electronic Device | Bartley K. Andre, Daniel J. Coster, Daniele De Iuliis, Richard P. Howarth, Jonathan P. Ive, Steve Jobs, Duncan Robert Kerr, Shin Noshibori, Matthew Dean Rohrbach, Douglas B. Satzger, Calvin Q. Seid, Christopher J. Stringer, Eugene Antony Whang, Rico Zorkendorfer |
| D504,889 | Electronic Device | Bartley K. Andre, Daniel J. Coster, Daniele De Iuliis, Richard P. Howarth, Jonathan P. Ive, Steve Jobs, Duncan Robert Kerr, Shin Noshibori, Matthew Dean Rohrbach, Douglas B. Satzger, Calvin Q. Seid, Christopher J. Stringer, Eugene Antony Whang, Rico Zorkendorfer |
| 7,479,949 | Touch Screen Device, Method, and Graphical User Interface for | Steve Jobs, Scott Forstall, Greg Christie, Stephen O. Lemay, Scott |

REMINDER - DOCUMENT PRESERVATION NOTICE

|  |  |  |
|---|---|---|
|  | Determining Commands by Applying Heuristics | Herz, Marcel van Os, Bas Ording, Gregory Novick, Wayne C. Westerman, Imran Chaudhri, Patrick Lee Coffman, Kenneth Kocienda, Nitin K. Ganatra, Freddy Allen Anzures, Jeremy A. Wyld, Jeffrey Bush, Michael Matas, Paul D. Marcos, Charles J. Pisula, Virgil Scott king, Chris Blumenberg, Francisco Ryan Tolmasky, Richard Williamson, Andre M. J. Boule, Henri C. Lamiraux |
| Re 41,922 {6,072,489} | Method and Apparatus for Providing Translucent Images on a Computer Display | Michael L. Gough, Joseph J. MacDougald, Gina D. Venolia, Thomas S. Gilley, Greg M. Robbins, Daniel J. Hansen, Jr., Abhay Oswal |
| 7,863,533 | Cantilevered Push Button Having Multiple Contacts and Fulcrums | Bradley J. Hamel, Tang Yew Tan, Erik Wang |
| 7,789,697 | Plug Detection Mechanism | Hugo Fiennes |
| 7,912,501 | Audio I/O Headset Plug and Plug Detection Circuitry | Timothy Johnson, Achim Pantfoerder |
| D558,757 | Electronic Device | Bartley K. Andre, Daniel J. Coster, Daniele De Iuliis, Richard P. Howarth, Jonathan P. Ive, Steve Jobs, Duncan Robert Kerr, Shin Noshibori, Matthew Dean Rohrbach, Douglas B. Satzger, Calvin Q. Seid, Christopher J. Stringer, Eugene Antony Whang, Rico Zorkendorfer |
| D618,678 | Electronic Device | Bartley K. Andre, Daniel J. Coster, Daniele De Iuliis, Richard P. Howarth, Jonathan P. Ive, Steve Jobs, Duncan Robert Kerr, Shin Noshibori, Matthew Dean Rohrbach, Douglas B. Satzger, Calvin Q. Seid, Christopher J. Stringer, Eugene Antony Whang, |

|  | | Rico Zorkendorfer |

**S       A       P**

| PATENT NO | PATENT TIT E | INVENTOR S |
| --- | --- | --- |
| 6,928,604 | Turbo Encoding/Decoding Device and Method for Processing Frame Data According to QOS | Chang-Soo Park, Joong-Ho Jeong, Hyeon-Woo Lee |
| 7,050,410 | Apparatus and Method for Controlling a Demultiplexer and a Multiplexer Used for Rate Matching in a Mobile Communication System | Se-Hyoung Kim, Min-Goo Kim, Beong-Jo Kim, Soon-Jae Choi |
| 7,069,055 | Mobile Telephone Capable of Displaying World Time and Methods for Controlling the Same | Hye-Young Lee |
| 7,079,871 | Portable Telephone and Method of Displaying Data Thereof | Pyung-soo Kim |
| 7,200,792 | Interleaving Apparatus and Method for Symbol Mapping in an HSPDA Mobile Communication System | Hun-Kee Kim, Gin-Kyu Choi, Jae-Seung Yoon, Noh-Sun Kim, Jun-Sung Lee, Yong-Suk Moon |
| 7,362,867 | Apparatus and Method for Generating Scrambling Code in UMTS Mobile Communication System | Jae-Yoel Kim, Hee-Won Kang |
| 7,386,001 | Apparatus and Method for Channel Coding and Multiplexing in CDMA Communication System | Beong-Jo Kim, Se-Hyoung Kim, Min-Goo Kim, Soon-Jae Choi, Young-Hwan Lee |
| 7,447,516 | Method and Apparatus for Data Transmission in a Mobile Telecommunication System Supporting Enhanced Uplink Service | Youn-Hyoung Heo, Ju-Ho Lee, Joon-Young Cho, Young-Bum Kim, Yong-Jun Kwak |
| 7,456,893 | Method of Controlling Digital Image Processing Apparatus for Efficient Reproduction and Digital Image Processing Apparatus Using the Method | Hyuk-soo Son, Sung-ho Eun |
| 7,577,460 | Portable Composite Communication Terminal for Transmitting/Receiving and Images, and Operation Method and Communication System Thereof | Jae-Min Kim, Jeong-Seok Oh, Sang-Ryul Park |

| 7,675,941 | Method and Apparatus for Transmitting/Receiving Packet Data using Pre-Defined Length Indicator in a Mobile Communication System | Soeng-Hun Kim, Gert-Jan Van Lieshout, Himke Van Der Velde |
|---|---|---|
| 7,698,711 | Multi-Tasking Apparatus and method in Portable Terminal | Moon-Sang Jeong |
| 7,706,348 | Apparatus and Method for Encoding/Decoding Transport Format Combination Indicator in CDMA Mobile Communication System | Jae-Yoel Kim, Hee-Won Kang |
| 7,486,644 | Method and Apparatus for Transmitting and Receiving Data with High Reliability in a Mobile Communication System Supporting Packet Data Transmission | Young-Bum Kim, Yujian Zhang, Ju-Ho Lee, Yong-Jun Kwak, Youn-Hyoung Heo, Joon-Young Cho |
| 6,771,980 | Method of Dialing in a Smart Phone | Jeong-Kyu Moon |
| 6,879,843 | Device and Method for Storing and Reproducing Digital Audio Data in a Mobile Terminal | Dong-Woo Kim |
| 7,450,114 | User Interface Systems and Methods for Manipulating and Viewing Digital Documents | Majid Anwar |

The Accused Samsung Products include, but may not be limited to:

| Acclaim | Captivate | Continuum | Droid Charge |
|---|---|---|---|
| Exhibit 4G | Epic 4G | Fascinate | Gem |
| Galaxy Ace | Galaxy Prevail | Galaxy S (i9000) | Galaxy S 4G |
| Gravity | Indulge | Infuse 4G | Intercept |
| Mesmerize | Nexus S | Nexus S 4G | Replenish |
| Showcase i500 | Showcase Galaxy S | Sidekick | Transform |
| Vibrant | Galaxy Tab | Galaxy Tab 10.1 | Galaxy Tab 8.9 |

The Relevant Technical Features include, but may not be limited to:

- Ellipse fitting for multi-touch surfaces
- Status and control bar display
- "Bounce" or "rubberband" effect to denote the end of a scroll or pan region
- Multi-touch capacitive touchscreen using two conductive layers and mutual capacitance measurements,

Highly Confidential – Outside Counsel's Eyes Only

- Multi-touch system to distinguish different user inputs typing, handwriting
- Application programming interface for scrolling operations
- Displaying a window for a user interface
- Smart Zoom interface feature and cover flow navigation feature
- Capacitive touchscreen with shielding using drive traces substantially wider than sense traces
- Touch screen control using heuristics to determine gesture commands including vertical scrolling, two-dimensional translation, and next item selection
- Plug detection mechanism for identifying when a plug is inserted into a receptacle
- Push button with fulcrums and the ability to press down both sides simultaneously
- Plug detection circuitry that determines whether a headset or headphones plugged into an audio jack contains a microphone
- Translucent windows over other windows on a screen and method for controlling both
- Interleaving/turbo coding
- Rate matching
- Interleaving/turbo coding
- Scrambling codes
- Protocol (HARQ power scale-down)
- Protocol (pre-defined length indicators)
- World clock on an electronic device
- Split-screen display for text message composition and incoming text/incoming call/search function
- Camera playback mode that remembers and displays the last image viewed
- E-mailing photographs using a camera-phone
- MP3 player that plays music while in standby mode
- Dialing a phone number that is selected during operation of the phone as a PDA
- Playing MP3s on a phone
- Scrolling manipulation of a document based on velocity vector (inertia)
- Error correction (channel coding) in HSUPA standard
- Transport Format Combination Indicator encoding/decoding scheme
- the ornamental design of a smart phone and/or tablet, and the ornamental design of the graphical user interface for a display screen on a smart phone and/or tablet
- user interface features such as the display of status and control functions for a number of different application programs
- the display of electronic documents on a touch-screen
- the display of windows in a user interface
- the display of an exchange of messages during a communication session
- use and design of cantilevered push buttons

REMINDER - DOCUMENT PRESERVATION NOTICE

Samsung may be required to produce documents responsive to discovery requests served by Apple in the current actions or in the Anticipated Actions.  (Apple and/or Samsung may initiate additional litigations against each other (the "Anticipated Action(s)").)   According to the applicable discovery rules, documents include tangible items of any kind that contain information, including for example paper documents, correspondence, memoranda, handwritten notes, drawings, presentation slides, business diaries, electronic files and e-mails.

The purpose of this e-mail is to request that you preserve any and all such documents that may be relevant to the issues in the current actions and the Anticipated Actions between Samsung and Apple until all litigations are fully resolved. Please be aware that the above-mentioned exemplary list of documents is not exhaustive and the categories of documents may well be even broader. For this reason,                         as to whether you should preserve particular documents,                                 . Please distribute this message to anyone else who may have any such relevant documents.

Although it is impossible to predict every type of document that Apple may request in these litigations, you should nevertheless                                 that relate to all of the below categories:

1. Apple, Apple's iPhone, iPad, and iPod touch, Apple's and Samsung's actions in the Northern District of California and ITC, Apple and Samsung's Additional Actions, Apple's Trademark and Trade Dress Claims, Apple's Asserted Patents, or any of Apple's patents, trademarks, or trade dresses that could potentially impact Samsung's relevant business units (e.g., Digital Media & Communications, Device Solutions, etc.);

2. the design, development, testing, manufacturing, reverse engineering, distribution, importation, and sale of any Samsung Accused Products, any Samsung products related to the Relevant Technical Features, and any Samsung product that Apple would likely accuse of infringing one or more of Apple's patents, trademarks, or trade dresses;

3. the market for any such products;

4. licensing or valuation of any such products;

5. any business plans, strategic plans or business strategy documents related to such products;

6. any indemnification agreement provided to Samsung by any third party relating to such products or the Relevant Technical Features;

7. Apple's products, including its iPhone, iPad, and iPod touch, incorporating any of Samsung's products;

8. technical documents (including patents, patent applications and related documents)

relating to Relevant Technical Features, including development, operation, manufacture, structure, design, architecture, testing, implementation and Samsung specification documents;

9.  marketing materials, including product packaging and documentation, pertaining to the Samsung Accused Products and any Samsung product that Apple would likely accuse of infringing one or more of Apple's patents, trademarks, or trade dresses;

10. any internal analysis, assessments (including any efforts by Samsung to design around Apple's Asserted Patents or any other Apple patents) and/or reports concerning either Apple's Asserted Patents, other Apple patents, or Samsung's patents that are currently the subject of litigation, litigation preparations, or discussions between Apple and Samsung;

11. any internal communications and/or reports concerning activities involving the Apple/Samsung licensing discussions;

12. any third party communications concerning any of the patents involved in the discussions and/or litigations and any internal communications and/or reports regarding the same;

13. any communications to third parties (e.g., for analysis purposes to third party vendors or law firms) concerning Apple's Northern District Action, Additional Actions between Samsung and Apple, Apple's Trademark and Trade Dress Claims, Apple's Asserted Patents, and/or any other Apple patent, trademark or trade dress;

14. any communications with anyone relating to the current actions, Additional Actions between Samsung and Apple, Apple's Trademark and Trade Dress Claims, Apple's Asserted Patents, and/or any other Apple patent, trademark or trade dress, and/or Apple patent, trademark, or trade dress claim against Samsung;

15. Samsung Asserted Patents, any patents related to the Samsung Asserted Patents, and the named inventors, listed above;

16. the preparation of each of the patent applications of the Samsung Asserted Patents and the prosecution of those applications;

17. conception and reduction to practice of the Samsung Asserted Patents including any design, testing, experimental use or prototypes associated with this conception or reduction to practice;

18. the product, process, device, prototype, apparatus that embodies any technology disclosed in any of Samsung Asserted Patents;

19. the design, development, testing, manufacturing, reverse engineering, distribution, marketing, advertising or sale of any products embodying the Samsung Asserted Patents;

20. any written description, use, sale, offer for sale, license, or offer to license prior to the filing date of each of the patent applications that issued as the Samsung Asserted Patents, of what is claimed in the Samsung Asserted Patents; patentability,

infringement, or validity opinions related to the Asserted Patents and/or the Relevant Technical Features;

21. the marking of any product embodying the Samsung Asserted Patents;

22. the market share or market analysis of any product embodying the Samsung Asserted Patents;

23. the licensing or valuation of any product embodying the Samsung Asserted Patents;

24. the fabrication, manufacture, design, features or functions of the Apple iPhone 3G, the Apple iPhone 3GS, the Apple iPhone 4, the iPod Touch, the iPad, the iPad 3G, the iPad2, and the iPad 2 3G;

25. the damages to Samsung from Apple's alleged infringement of Samsung Asserted Patents;

26. any internal communications and/or reports concerning activities involving the licenses, license discussions, or other discussions between Apple and Samsung;

27. any third party communications concerning any of the Samsung Asserted Patents and/or the Relevant Technical Features, and any internal communications and/or reports regarding the same;

28. any third party communications concerning any of the licensing discussions or agreements with Apple and any internal communications and/or reports regarding the same; and

29. any communications to third parties (*e.g.*, indemnification requests or notices) concerning any the Samsung Asserted Patents, the Relevant Technical Features, or this litigation.

Documents, according to the applicable discovery rules, include all written, graphic or otherwise recorded material, including for example paper documents, correspondence, memoranda, handwritten notes, drawings, presentation slides, business diaries, calendars, tapes, agreements, drafts, phone logs, electronic files and electronically stored information regardless of the form of storage medium, emails, voices messages and instant messages.

Please be aware that the above exemplary list of documents and categories is     -
and as such, if there is any doubt as to whether a document should be preserved,
                        .

This obligation to retain relevant documents applies generally to all employees and outside consultants or agents of Samsung, but in particular to employees of Samsung possessing documents relating to the above-mentioned information. Further, Samsung's obligations to maintain and preserve relevant documents include any such documents stored in long term record retention, as well as documents in your office computer or any central files. Please ensure that any scheduled disposal of such relevant documents (if any) is immediately

suspended.

Due to future changes in circumstances, modification or expansion of the categories of documents to be retained may be required.   Although we will try to minimize any resulting burden, it is important that you                          any potentially responsive documents **AND PRESERVE AN   SUC   RE EVANT DOCUMENTS** until the likelihood of litigation relating to these issues has been sufficiently attenuated, or until otherwise notified by Samsung's Legal or IP teams.

To the extent the need to retrieve copies of potentially relevant documents arises, representatives of Samsung's IP Legal Team will be contacting you. In the meantime, if you have any questions, please call the personnel of the IP Legal Team. Thank you for your understanding, and we sincerely appreciate your assistance.

# EXHIBIT S

<u>Recipients of the 8-23-2010 and 9-3-2010 SEC Litigation Hold Notices</u>:

신종균; 이철환; 노태문; 조승환; 최재구; 김병환; 이상업; 장창원; 황정욱; 최진호; 조중연; 허문기; 장동훈; 이성식; 김석근; 이민혁; 황창환; 정지흥; 홍원표; 윤한길; 이돈주; 이용일; 변성호; 이상룡; 박학규; 최수영; 안승호.

# EXHIBIT T

Highly Confidential – Outside Counsel's Eyes Only

Recipients of the 5-18-2011 and 7-18-2011 SEC Litigation Hold Notices:

DongHoon Kim; Daewoo Park; TaiKuin Mun; Paul Kim; Harry Park; Harry Yang; Kenneth Lee; Youhee Rhee; Ji-Young Moon; Jongsuk Kim; Jun Moon; Miran Jung; Steven Sungsik Yoo; Joonwon Cho; Eungdo Kim; Jwa Young Jayden Poo; Jihoon Lee; Key Jeong; YS Lee; Sunhyung Woo; Harrison Kim; Hyunsu Seo; Wookyun Kho; Inwook Jung; Hyok S. Choi; Jaeyeon Song; Jae-Sook Joo.

# EXHIBIT U

Highly Confidential – Outside Counsel's Eyes Only

Recipients of the STA 7-8-2011 Litigation Hold Notice:

Joseph (Joonkyo) Cheong; Dale Sohn; Desiree Standridge; Catherine Nullan; Gary Hays; Lynda Mane; Chris Low; Cindi Moreland; David Roberts; Jaine Montanez; Cody Fisher; Amy York; Brian Atwood; Stephen Voehl; Theresa Armstrong; Edith Casco; Elizabeth Field; Jean Chen; Pamela Pham; Judy Silvestre; Emma Johnson-Miller; Terry Wilcox; Judy Cha; Wendy Wang; Kaneshia Andrews; Rachel Jung; John Davenport; John Park; Ronetta Campbell; Benjamin Lee; Esther Lee; Victor Martinez; Lynn Rodriguez; April Kuo-l Ma; Elle Chang; Christina (Eun Young) Shin; Amy Lopez; Mark Avera; Maggie Ouyang; Tim Sheppard; Suzette Washington; Vincent Upperman; May Yang; Paul Gang Xiao; Farrah Blakely; Travis Premprajaks; Minn Aung; Ruben Mesa; Nam Doan; Katrina Salvador; Alice Chen; George Ellington; Sean Diaz; Lisa Loredo; Hope Fouts; Claire Wei; Seol Hong; Paul Kim; Renzo Villavicencio; Patrick McAleer; Minsup Shim; Juan Ramirez; Suwon Kim; Andrew Kim; Sean Lin; Hunter Park; Charles Saeng Oh; Young-Wan Kim; Justin (Jong Hyeon) Lee; Charles (Woochul) Kim; Autumn Kim; Janet Lee; Christopher Park; Jaehee Yoo; Gloria Kim; Seong Yong Lee; Jerimy Loyd; Clay Lockhart; Jinwoo Kang; David S. Kim; Clark Pollock; Thomas Jasny; Victor Stemberger; Jay Coyle; Ina Choi; David So; Liliana Franco; June (Young Jun) Kim; James Brunson; Paul Gilliland; Peter O'Donnell; Amit Deshmukh; Ki Yang; Ranjith Weeresinghe; John Khoa Doan; Cuong Kevin To; Kevin Song; Min Yi; Richard Jette; Mario Monteiro; David Vu; Matt Wu; Robin Nguyen; Yo-Han Song; Alex Chin; Chinwon So; Jayshree Bharatia; Phil Nguyen; Ray Yuhanna; Jayvee Roco; Richard Lodwig; Il Whan Kim; Yong Shin Cho; Jin Su Lee; Sang Boh Yun; Kwang Hee Lee; Kae Sun; Gregory Steele; Nivi Thadasina; Gerald Smith; Roger Torres; Parth Thakkar; Glenn Morrow; Vinay Mahendra; Abdul Khalid; Chi Hwan Kim; John Jubin; Richard Cheng; Rajasimann Vijayasimman; Tom Bengel; Roger Conn; Deepak Parikh; Sanjay Kodali; Jeffery Hammond; Sameer Marwadi; Jinu James; Colin Bowdery; Shivani Sahi; Bhumin Pathak; Ji-Ung Park; Carolyn Jackman; Lisa Irvin; Mary Ann Martin; Ken Rosselli; Andy Lee; Cindy Chang; Todd Pendleton; Maureen Mcdonald; Kendrick Mason; Stephanie Vance; James Jeffcoat; Cosmin Ghiurau; Tia Burch; Timothy Benner; Joanne Lovato; Kim Titus; Ryder Meehan; Christopher Bero; Paul Golden; Trevor Lloyd Lambert; Khristine Anderson; Smith Pharis; Philip Berne; Brian Hammer; Lindsey Seulki Choi; Moana Tupas; Nikki Dellamora; Shay Langley; Jason Wilds; Synthia Barber; Lee Miller; A. Wilcox; Abraham Chu; M. Hines; Ashley Dennis; Veronica Hradecky; Kelly Fosen; David Tompkins; Reuben Araujo; Lori Tretner; Kristine Rothe; Amie Brooks-Bartlett; Kent Boyse; Wendy Kay Virtue; Joy McBeth; Melissa McNutt; Stacie David; Stacey Portnoy; Poorvi Mody; Petey Mcknight; Kelly Phillips; Tania Kolios; Terrence Hunter; Nicole Neal Hahn; Pete Saladino; Shawn Gunderson; Byunghee Choi; Ava Lockhart; Amit Srivastava; Stanley Huang; Jasmine Blackman; Richard Schrader; Corey Kerstetter; David Moran; Helen Lim; Shin Kim; Eric Rhee; Reza Rahman; Stacey Counce; Kara Showers; Kunal L. Varia; Sam Song; Kihoon Park; James Hall; Christine Harmon; Jiyeon Kim; Violet Long; Scott Higgins; Yolanda Massey; Norma Bustos; Matthew C. Tabisz; Martin Lodovico; Albert Dawson; Arop Ngor Juach; Reginald Williams; James F. Hahn; Andrew David Pleimling; Lee Bednar; Kim Kans; Renee Cansler; Matt Peters; Teri Phillips; Dale Booso; Cynthia Lampkin; Samuel Hope; Jennifer Brock; Margie Flowers; Mika Jaaskelainen; Tanya A. Martinez; Gordon Canty; Nandakumar Ramachandran; Justin R. Denison; Thomas Chun; John Jun; Chris Martinez (Strategy); Joshua Mason; Julien Blin; Khurram Rafique; YK Yongki Min; Margo Diaz; Alex Kwon; Sang Kyun Kim; Fred Zimbric; Shoneel Kolhatkar; Silviu Moraru; Nicholas Dicarlo; Drew Blackard; Tejaswi Javagal-Narayana;

Gunveet Chawla; Ryan Bidan; Hanna Tong; Steve Stolakis; Quam Erogbogbo; Wayne Carlisle; Deborah Hampton; Carol Hurtig; Charles Banks; James Botello; David Jensen; Patrick Milton; Pat Salvador; Wendy Berkeley; Tim Rowden; Kendra Green; Dan Thornton; Sean Peacock; Steven D. Hamilton; Gavin Kim; Ray Vinson; Kenneth F. Daniels; Scott Meyer; Rajendra Pallapothu; Brian R. Doherty; Asokan Thiyagarajan; Byoung Ha (Chris) Jo; Lillian Dewberry; Tristan Sooyoung Uh; Todd Grisar; Suzanne De Silva; Brad Kania; Christopher Tanquary; Amit Bhatnagar; Michael Buonomo; Matthew Olszewski; John Eckert; Ravikanth Ekanthalingam; Philip Kramer; Timothy Wagner; Peter T. Miner; M. Callahan; Dusty Hough; James Lake; David Lowe; Brent (Byung Gil) Yoo; Kim Bridges; Brian Rosenberg; Seunghyun Choi; Michael Keogh; William Noteboom; Mary White; Matt Wilson; Michael Pennington; Glenn Krupa; Heidi Swanson; Darren Cohen; J Conner; Kirk Douglas; Deborah Williams; Chris Pickering; Abdul Hamid; Mike Howell; Yukti Tiwari; Jon McDonald; Sean Truesdale; Jihoon Lee; Brian S. Woods; Larry Meyer; James Carr; MJ Geis; Linda Greenwood; Dina Felix; Peter Doyle; Chuck Sperrick; Moses Lee; Paul Chapple; Tamara Arnold; George Guerra; Tim Sartain; Christopher J. Belter; Travis Warren; Stephanie Baker; Ante Kovacevic; Ishtiaque Ahmed; Hany Abouelseaoud; James Zerbe; Sam Choi; Faith Flores; Cyrus Yun; Jinwoo You; Nancy Byun; Sangsun Andrew Shim; Christopher Staley; John Carrara; Andrew Eliot; Leslie Webster; Jennifer Cadiz; Cheryl Milana; Peter Uhniat; Junie Lee; Kevin Geklinsky; Laura Smoller; Trisha Cooper; Gary Alicandri; Andrew Sivak; David Daugherty; Jorge Gateno; R. Pontious; M. Reasoinger; Thomas Austin Lerner; Steven Schultz; Matthew Turtell; Minesh Lad; Sachin Patel; George Fry; Sonia Estévez; Ketuman Desai; Kirit Kale; Gabriel H. Huh; Damian T.; Bing Qiu; Nancy Kwan; Sharmila Narula; Scott Lee; Zafar Masood; David Hwang; Sheen Xiao; Kyunghwan Cha; Julie Krische; Jim Daley; Johnny Hart; David Pan; Christian Borjon; Amanda Woods; Margaret Reddy; Wilbur Satterfield; Brian Charity; Frank Gutowski; Hank West; Guy Dugas; Scott Long; Michael Sak; Casey Ryan; Julie Tischer; Dena Rees; Ellen Canfield; Jack Seeley; Joanna (Yung Chang) Kim; Pete Alvarado; Daniel Durig; Kue-Jin Hwang; Afzal Islam; J. Atterbury; Jeff Sandoval; Michael Albin; Terra E. Siebert; Brie K. Ditirro; Matt Ware; Hyoungtaek Chang; Lisa Helm Jagoda; Aubrie Lewis; Michael Bardeau; Ryan Fournier; Paul LaFace; Michael Clark; Jeff Byle; Bruce Parkhurst; Brad Meyer; Laura Long; Stephen Morris; Ryan Miller; Phil P; Chen Tsu; Bob Etherton; Tao Li; Andy Edmonds; Thomas Menichino; Aston Cole; Weiqiang Wu; Julie Paek; Paul Marzolf; Steven Cistulli; Edward Campbell; Todd Allen; Loretta Hong; Jason Arif; Sameer Nathani; Jody Monson; Nina Park; Anshul Raizada; Christine Heimer; Jason E. Adams; Pamela Norris; Susan Krouse; Gaylon Dick; Blake Willison; Jason Bissell; Lyn Graley; Rigo Ferrer; Karen York; Chris Martinez; Mijin Kim; Matthew Baker; Eric Ankenbrand; Mark Williams; Michael Monsour; Jason (Jang Hoon) Lee; Derek Burnett; Chris Wylie; Jaci Bjornson; Susana Cristobal; Michael Verdes; Christopher Saunders; Robert Moore; Scott Genthner; Brian Darnell; Celia S; Joshua Brawley; Erica Garza; Randhir Singh; Todd Greene; Alex Menefee; Eric Mbari; Aaron Burnett; Rickey Cortijo; Mark Graham; Henry Navaroli; Barclay Jones; Vimal Subra; Pavan Gupta; John Reno; Philip Sohn; Sandeep Shukla; Zbigniew Tyrlik; Don Hull; A. Warhadkar; Thomas Meyers; Paul Grunwald; Michael J. Halliday; Rick Svensson; Rick Madsen; Paul Thurneysen; Kenneth Walter Berg; Robin Jepson; Keith Bullock; Dan Borisov; Scott Walker; Daniel Hyun Sim; David Silva; Kevin Leverett; Chloe Walker; Sherman Harris; Michell   Chung; Crystal Cooper; Kalishar Mitchell; Eric Mays; Keesung Nam; Sunyong Park; Sung Bum Park; Kyu Yeon; Seong Gu Kim; Doo Jang; Yoon Jeong Ha; Kwang Lee; Hee Sang Seo; Manho Han; Jin Seon Kim; Yeong Choi; Shamik Shah; Chanakya Bandyopadhyay; Mohan Kakumani; Kiran Kumar Yalavarthi; Jayanth Raghavendra;

Highly Confidential – Outside Counsel's Eyes Only

Randhir Agarwal; Asghar Meraj; Thad Lowe; Karthick Varadharajan; Max Lin; Sankugopal Saha; Praseeth Sreedharan; Sreedharan Sreejith; Prashanth Md; Intekhaab Siddiquee; Rajeev Bhat; Tarique Mosharraf; Bill Bloomingdale; Ankit Kumar Patel; Sailesh Raju; Kartikeya Fotedar; Jeff Brand; Pratima Sharma; Alex Araujo Freitas; David Schmidt; Vazrik Hovsepian; JoAnn Zellman; Julia Riatti; Conrad Edwards; David Townsend; Jerry Prado; Sang Hung; Nibha Jain; Sarena Yang; Ian Anderson; James Vandenheuvel; Catherine Schneider; Kitae Kim; David Crozier; Mike Hall; John Heath; John Choi; Curtis Matson.

**HIGHLY CONFIDENTIAL    OUTSIDE COUNSEL'S EYES ONLY**

# EXHIBIT V

HIGHLY CONFIDENTIAL    OUTSIDE COUNSEL'S EYES ONLY

All custodians:

Tim Benner; Sang Hung; STA Central Files; Justin Denison; Ioi Lam; Travis Merrill; Wookyun Kho; Minkyung Kim; Jung Min Yeo; Jaegwan Shin; Qi Ling; Jee Yeun Wang; Ahyoung Kim; Yunjung Lee; Kihyung Nam; Byun Doo Joo; Don Joo Lee; Yongseok Bang; Bora Kim; Yunjung Lee; SeungHun Yoo; Sun-young Yi; Hyoung Shing Park; Giyoung Lee; JunYong Song; Namsoo Kim; Joon-Ki Yoon; Dahyun Lee; Jin-hoo Lee; Youchul Jung; Yonghuyn Joo; Hosu Kim; Hun-Jae Kim; Hosung Son; Young Jun Jung; Hongmoon Cheo; Marketing backup files; Jinsoo Kim; Jung Min Yeo; Minhyouk Lee; Dooju Byun; Omar Khan.