**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., | ) Case No.: C 11-1846 LHK (PSG) |
| Plaintiff, | ) |
| v. | ) **ORDER GRANTING APPLE'S** |
| | ) **MOTION TO STAY** |
| SAMSUNG ELECTRONICS CO., LTD, a | ) |
| Korean corporation; SAMSUNG | ) **(Re: Docket No. 2233)** |
| ELECTRONICS AMERICA, INC., a New York | ) |
| corporation; and SAMSUNG | ) |
| TELECOMMUNICATIONS AMERICA, LLC, | |
| a Delaware limited liability company, | |
| Defendants. | |

On February 19, 2013, Apple, Inc. ("Apple") moved to stay the court's February 1, 2013

order requiring Apple and Samsung Electronics Co., et al ("Samsung") to file unsealed and

unredacted versions of various documents that the parties sought to remain under seal.[1]  In that

order, the court found Apple had not made a sufficiently particularized showing of harm if

documents containing financial information were disclosed.[2]

---

[1] *See* Docket No. 2233.

[2] *See* Docket No. 2222.

1

Case No.: C 11-1846 LHK (PSG)
ORDER GRANTING APPLE'S MOTION TO STAY

On February 14, 2013, the court granted the parties' request for an extension until February 20, 2013 to file the thousands of documents that the court found should not be sealed,[3] and on February 15, 2013, Apple filed a renewed motion to seal certain financial documents, presumably with more details about how its request meets the good cause standard for the nondispositive motions to which the documents were attached.[4]

The stipulation the court granted on February 14, 2013 included an agreement between the parties that they would have to file only documents that were not the subject of either the renewed motions to seal or motions to stay the February 1 order.[5]   Apple thus assumed that the stipulation the court granted on February 14, 2013 exempted documents that were the subject of the renewed motions to seal from the new February 20 deadline to comply with the court's February 1 order.[6] Samsung, on the other hand, moved to stay the court's order regarding those documents pending the court's resolution of its renewed motion to seal,[7] and the court granted that request on February 19, 2013.[8]   Apple, concerned that it had misunderstood its obligations, likewise moved to stay the February 1 order on much the same grounds as Samsung's earlier request.[9]

Regardless of whether Apple's or Samsung's motions to stay really were necessary given the court's February 14 order, the court repeats here that it finds a stay pending resolution of the renewed motions appropriate.  As the court noted in its order granting Samsung's request for a stay, part of its reasoning for denying the previous motions to seal stemmed from the parties'

---

[3] *See* Docket No. 2227.

[4] *See* Docket No. 2228.

[5] *See* Docket No. 2227.

[6] *See* Docket No. 2233.

[7] *See* Docket No. 2230.

[8] *See* Docket No. 2232.

[9] *See* Docket No. 2233.

Case No.: C 11-1846 LHK (PSG)
ORDER GRANTING APPLE'S MOTION TO STAY

failure to provide sufficient showings of particularized harm if the documents were disclosed.[10]

Apple, like Samsung, represents that its renewed motion cures that deficiency, and so the court

finds that a stay pending the court's consideration of the renewed motion is warranted.

**IT IS SO ORDERED.**

Dated: February 20, 2013

Paul S. Grewal

PAUL S. GREWAL
United States Magistrate Judge

---

[10] *See* Docket No. 2232.

3

Case No.: C 11-1846 LHK (PSG)
ORDER GRANTING APPLE'S MOTION TO STAY