MICHAEL B. LEVIN (SBN: 172329)
mlevin@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100

Attorneys for Non-Parties
INTERDIGITAL HOLDINGS, INC.,
INTERDIGITAL TECHNOLOGY
CORPORATION, and IPR LICENSING, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California Corporation,<br><br>    Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>    Defendants. | CASE NO.: 11-CV-01846-LHK<br><br>**MOTION BY NON-PARTIES INTERDIGITAL HOLDINGS, INC., INTERDIGITAL TECHNOLOGY CORPORATION, AND IPR LICENSING, INC. TO SEAL PATENT LICENSE AGREEMENT WITH APPLE INC.**<br><br>**[Civ. L.R. 79-5]**<br><br>Date: TBD<br>Courtroom: 5, 4th Floor<br>**Magistrate: Paul S. Grewal** |

I. **INTRODUCTION**

Pursuant to Civil Local Rules 7-11 and 79-5, non-parties InterDigital Holdings, Inc., InterDigital Technology Corporation, and IPR Licensing, Inc. (collectively, "InterDigital") file this administrative motion for an order to seal the Patent License Agreement between InterDigital Technology Corporation, IPR Licensing, Inc., and Apple Inc. ("the Apple PLA")

-1-

because the agreement contains highly confidential, sensitive business information of InterDigital.[1]  The disclosure of the Apple PLA to InterDigital's current or prospective licensees, competitors, or the general public could cause substantial harm to InterDigital's bargaining and competitive position.

InterDigital respectfully submits that, as shown below, good cause exists to grant this motion.  This motion is supported by the Declaration of Corina I. Cacovean and the Declaration of Ranae McElvaine, filed herewith.

## II. BACKGROUND

InterDigital learned from a letter sent by Apple's counsel on February 12, 2013 that this Court, by Magistrate Judge Grewal's Order dated February 1, 2013, denied without prejudice Apple's request to maintain the Apple PLA under seal in its entirety.  *See* Declaration of Corina I. Cacovean in Support of InterDigital's Motion to Seal Apple PLA filed herewith ("Cacovean Decl.") ¶ 2.  InterDigital is aware of Apple's Renewed Motion to Seal filed on February 15, 2013 that seeks, among other things, that Apple's agreements with third parties, including its agreement with InterDigital, be sealed in full.  *See* Dkt. No. 2228 at 7-10; Cacovean Decl. ¶ 3.  InterDigital also understands that Apple requested that the Court defer ruling on Apple's motion, at least with respect to third-party information, for an additional two weeks in order to afford third parties an opportunity to make a submission to the Court.  Dkt. No. 2228 at 10; Cacovean Decl. ¶ 3.

InterDigital further understands that the Apple PLA was attached to the Price Declaration in Support of Samsung's Motion to Strike, which is a nondispositive motion.  *See* Dkt. No. 2228 at 9; Dkt. No. 936.  This Court has previously sealed in full license agreements attached as Exhibits 2-6 and 13 to the Price Declaration in Support of Samsung's Reply in Support of Its Motion to Strike because these "agreements contain a whole host of terms (e.g. termination conditions, side-agreements, waivers) that are irrelevant to matters in this litigation" and "disclosure of these full

---

[1] InterDigital understands that a copy of the Apple PLA was filed under seal as an exhibit to the Price Declaration in Support of Samsung's Motion to Strike.  *See* Dkt. No. 936.  Unless requested by the Court, InterDigital will not file an additional copy of the Apple PLA.

documents could result in significant competitive harm to the licensing parties as it would provide insight into the structure of their licensing deals, forcing them into an uneven bargaining position in future negotiations." Dkt. No. 1649 at 16; Cacovean Decl. ¶ 4.

### III.   ARGUMENT

#### A.   This Motion Should Be Decided Under the "Good Cause" Standard of Rule 26(c)

In the Court's Order Granting-in-Part and Denying-in-Part Apple's and Samsung's Administrative Motions to File Documents under Seal, the Court held that, in contrast to requests for sealing records in support of dispositive motions where the "compelling reasons" standard for overcoming the presumption of public access applies, "[r]ecords attached to nondispositive motions, however, are not subject to the strong presumption of access. Because the documents attached to nondispositive motions 'are often unrelated, or only tangentially related, to the underlying cause of action,' parties moving to seal must meet the lower 'good cause' standard of Rule 26(c). As with dispositive motions, the standard applicable to nondispositive motions requires a 'particularized showing' that 'specific prejudice or harm will result' if the information is disclosed." *Id.* at 2 (footnotes omitted). Additionally, parties moving to seal must comply with the procedures established by Civil Local Rule 79-5 allowing sealing orders only where the parties have "establishe[d] that the document or portions thereof is privileged or protectable as a trade secret or otherwise entitled to protection under the law." *Id.* at 3.

The Court further held that the parties' motions to seal related to non-dispositive motions such that "the lower 'good cause' standard therefore applies." 2/1/2013 Order (Dkt. No. 2222) at 3. The Apple PLA is one of the documents that were the subject of the motions to seal, and as a result this motion should be decided under the "good cause" standard.

#### B.   Good Cause Requires Sealing the Apple PLA

Here, good cause exists to maintain the Apple PLA under seal. The Apple PLA contains competitively sensitive and highly confidential business information, including (i) specific, non-public terms pertaining to monetary consideration and other payment-related terms and (ii) specific, non-public terms concerning InterDigital's licensing strategies and negotiations with

Apple. *See* Declaration of Ranae McElvaine in Support of InterDigital's Motion to Seal Apple PLA filed herewith ("McElvaine Decl.") at ¶ 3.

InterDigital has previously established that the financial terms of the Apple PLA are highly sensitive, trade secret information, the disclosure of which to parties involved in present or future licensing negotiations would be damaging and that this sensitivity required protection under a "compelling reasons" standard. *See* InterDigital's Emergency Motion to Seal (Dkt. No. 1334; citing cases) and 8/9/2012 Order (Dkt. No. 1649) at 23-24. The present motion and accompanying Declaration of Ranae McElvaine demonstrate specifically why the terms of the Apple PLA as a whole constitute trade secret information or otherwise satisfy the lower "good cause" standard for protection from public disclosures.

The terms of the Apple PLA are highly sensitive to InterDigital because they reflect the parties' valuation of InterDigital's intellectual property and other license terms; if those terms were not kept confidential, other companies would use this information unfairly to increase their leverage in their own negotiations with InterDigital. McElvaine Decl. ¶ 4. During negotiations for patent licenses, InterDigital and its prospective licensees negotiate the relative value of the patent portfolios at issue as well as the values of other terms in the agreement. *Id.* ¶ 5. The patents that are licensed under each particular agreement, as well as the relative value and the circumstances of any given license vary from party to party. *Id*. Public disclosure of the Apple PLA would cause substantial harm to InterDigital's bargaining and competitive position. *Id*. ¶ 6.

Moreover, the competition for revenues within the highly competitive wireless communications industry creates a business environment in which highly confidential information, including pricing information and negotiation strategies, must be diligently protected to enable InterDigital to maintain competitive viability. *Id.* InterDigital derives a large portion of its revenues from its licensing activities. *Id*. ¶ 7. The terms and conditions to which InterDigital subjects its licensees are business decisions that affect InterDigital's revenues. *Id.* Disclosure of the Apple PLA could result in significant competitive harm to InterDigital as it would provide insight into the structure of its licensing deals, forcing it into an uneven bargaining position in ongoing and future negotiations. *Id*. ¶ 8. This Court has previously sealed

in full license agreements in this case because these "agreements contain a whole host of terms (e.g. termination conditions, side-agreements, waivers) that are irrelevant to matters in this litigation" and "disclosure of these full documents could result in significant competitive harm to the licensing parties as it would provide insight into the structure of their of their licensing deals, forcing them into an uneven bargaining position in future negotiations." 8/9/2012 Order (Dkt. No. 1649) at 16; Cacovean Decl. ¶ 4. Accordingly, good cause exists for sealing the Apple PLA in full.

### III. CONCLUSION

For the foregoing reasons, InterDigital respectfully requests the Court to enter InterDigital's Proposed Order to seal the Apple PLA.

Dated: February 28, 2013

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: /s/ Michael B. Levin
      Michael B. Levin

Attorneys for Non-Parties
INTERDIGITAL HOLDINGS, INC.,
INTERDIGITAL TECHNOLOGY
CORPORATION, and IPR LICENSING, INC.

**ATTESTATION OF E-FILED SIGNATURE**

I, Corina I. Cacovean, am the ECF User whose ID and password are being used to file this Motion. In compliance with L.R. 5-1(i)(3)., I hereby attest that Michael B. Levin has concurred in this filing.

Dated: March 1, 2013

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

  /s/ Corina I. Cacovean
     Corina I. Cacovean

Attorneys for Non-Parties
INTERDIGITAL HOLDINGS, INC.,
INTERDIGITAL TECHNOLOGY
CORPORATION, and IPR LICENSING, INC.