MICHAEL B. LEVIN (SBN: 172329)
mlevin@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100

Attorneys for Non-Parties
INTERDIGITAL HOLDINGS, INC.,
INTERDIGITAL TECHNOLOGY
CORPORATION, and IPR LICENSING, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO.: 11-CV-01846-LHK<br><br>**DECLARATION OF RANAE McELVAINE IN SUPPORT OF MOTION BY NON-PARTIES INTERDIGITAL HOLDINGS, INC., INTERDIGITAL TECHNOLOGY CORPORATION, AND IPR LICENSING, INC. TO SEAL PATENT LICENSE AGREEMENT WITH APPLE INC.**<br><br>Date: TBD<br>Courtroom: 5, 4th Floor<br>**Magistrate: Paul S. Grewal** |

I, Ranae McElvaine, declare as follows:

1. I am Deputy General Counsel for InterDigital Holdings, Inc. InterDigital Technology Corporation and IPR Licensing, Inc. are wholly owned subsidiaries of InterDigital Holdings Inc. InterDigital Holdings, Inc., InterDigital Technology Corporation, and IPR

Licensing, Inc. (collectively "InterDigital") are non-parties to the above-captioned action. I have personal knowledge of the facts stated herein.

2. I understand that, in connection with the above captioned case, the Court has denied Apple Inc.'s ("Apple") request to maintain the Patent License Agreement between InterDigital Technology Corporation, IPR Licensing, Inc., and Apple ("the Apple PLA") under seal in its entirety. I also understand that Apple filed a renewed motion to seal the Apple PLA.

3. The Apple PLA contains competitively sensitive business information, including (i) specific, non-public terms pertaining to monetary consideration and other payment-related terms and (ii) specific, non-public terms concerning InterDigital's licensing strategies and negotiations with Apple.

4. The terms of the Apple PLA are highly sensitive to InterDigital because they reflect the parties' valuation of InterDigital's intellectual property and of other license terms; if those terms were not kept confidential, other companies would use this information unfairly to increase their leverage in their own negotiations against InterDigital.

5. During negotiations for patent licenses, InterDigital and its prospective licensees negotiate the relative value of the patent portfolios at issue as well as the values of other terms in the agreement. The patents that are licensed under each particular agreement, as well as the relative value and the circumstances of any given license vary from party to party.

6. Public disclosure of the Apple PLA would cause substantial harm to InterDigital's bargaining and competitive position. The competition for revenues within the highly competitive wireless communications industry creates a business environment in which highly confidential information, including pricing information and negotiation strategies, must be diligently protected to enable InterDigital to maintain competitive viability.

7. InterDigital derives a large portion of its revenues from its licensing activities. The terms and conditions to which InterDigital subjects its licensees are business decisions that affect InterDigital's revenues.

Disclosure of the Apple PLA could result in significant competitive harm to InterDigital as it would provide insight into the structure of its licensing deals, forcing it into an uneven bargaining position in ongoing and future negotiations.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed in Wilmington, Delaware on the 28th day of February, 2013.

By: _____
Ranae McElvaine

---

McElvaine Decl. ISO InterDigital's Mot'n for An Order Sealing Agreement with Apple Inc.
Case No. 11-CV-01846-LHK