MARC MORRIS (SBN 183728)
mmorris@mckoolsmithhennigan.com
McKOOL SMITH HENNIGAN, P.C.
865 South Figueroa Street, Suite 2900
Los Angeles, California 90017
Telephone:   (213) 694-1200
Facsimile:   (213) 694-1234

Attorneys for Non-Party Rovi Corp.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>SAMSUNG ELECTRONICS CO. LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>　　　　　　　　　　Defendants. | Case No.: 11-CV-01846 LHK (PSG)<br><br>**NON-PARTY ROVI CORP.'S NOTICE OF MOTION AND COMBINED MOTION FOR (1) LEAVE TO INTERVENE FOR THE LIMITED PURPOSE OF SEALING PORTIONS OF ITS TRADE SECRET/CONFIDENTIAL LICENSE AND (2) TO SEAL SAID INFORMATION [EXHIBITS A AND B FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER]**<br><br>(Re:  Docket Nos. 600, 613, 781, 782, 801, 819, 857, 934, 939, 965, 984, 986, 987, 990, 994, 996, 1041, 1044, 1047, 1056, 1067, 1074, 1088, 2149)<br><br>[Proposed Order and Declaration of Lee Goldberg filed concurrently herewith]<br><br>--------------------------------------------------<br>Date:  August 1, 2013<br>Time:  1:30 PM<br>Place:  Courtroom 8, 4th Floor<br>　　　　[Hon. Lucy H. Koh] |

TO PLAINTIFF APPLE INC AND DEFENDANTS SAMSUNG ELECTRONICS CO. LTd, SAMSUNG ELECTRONICS AMERICA, INC., AND SAMSUNG TELECOMMUNICATIONS AMERICA, LLC AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on August 1, 2013, at 1:30 pm or as soon thereafter as the matter may be heard in the courtroom of Hon. Lucy H. Koh, non-party Rovi Corp. will move, and does hereby move, to intervene in this matter for the limited purpose of sealing portions of its trade secret/confidential information (i.e., portions of a patent license agreement executed by Rovi Corp. and Apple Inc.) and to seal such information.

This motion is based upon the attached Memorandum and Points of Authorities and the Declaration of Lee Goldberg ("Decl. L. Goldberg") filed concurrently herewith.

DATED: March 13, 2013                MCKOOL SMITH HENNIGAN, P.C.


By  */S/ Marc Morris*
           Marc Morris

Attorneys for Rovi Corp.

## TABLE OF CONTENTS

Page

MEMORANDUM OF POINTS AND AUTHORITIES ..........................................1

I. INTRODUCTION ..................................................................................1

II. BACKGROUND ....................................................................................2

III. ARGUMENTS .......................................................................................3

    A. GOVERNING LAW ..................................................................3

    B. ROVI IS ENTITLED TO INTERVENE TO PROTECT ITS TRADE SECRET/CONFIDENTIAL INFORMATION .....................4

    C. ROVI WILL SUFFER COMPETITIVE HARM IF ITS TRADE/SECRET CONFIDENTIAL INFORMATION IS MADE PUBLIC ..........................................................................................4

McKOOL SMITH HENNIGAN, P.C.
LOS ANGELES, CALIFORNIA

# TABLE OF AUTHORITIES

Page

**Cases**

*Beckman Indus., Inc. v. International Ins. Co.*,
966 F. 2d 470 (9th Cir. 1992) .................................................................................. 3, 4

*Kamakana v. City & Cnty. of Honolulu*,
447 F. 3d 1172 (9th Cir. 2006) ..................................................................................... 4

*Mosaid Techs. Inc. v. LSI Corp.*,
878 F. Supp. 2d 503 (D. Del. 2012) ............................................................................. 4

*Nokia Corp. v. Research In Motion Ltd*,
No. C 12-05992, 2012 U.S. Dist. LEXIS 174761 (N.D. Cal. Dec. 7, 2012) ............ 4

*Powertech Tech., Inc. v. Tessera, Inc.*,
No. C 11-6121, 2012 U.S. Dist. LEXIS 75831 (N.D. Cal. May 31, 2012) ............. 5

*U.S. v. Chung*,
659 F.3d 815 (9th Cir. 2011) ........................................................................................ 3

*Walker v. Univ. Books, Inc.*,
602 F.2d 859 (9th Cir. 1979) ........................................................................................ 3

**Statutes**

Fed. R. Civ. P. 26(c)(G) ................................................................................................... 4

**Other Authorities**

Restatement (First) of Torts § 757, cmt ........................................................................ 3

Restatement (First) Torts § 757, cmt. b. (1939-2010) ................................................. 3

Restatement (Third) of Unfair Competition §39 (1995) ............................................. 3

Unif. Trade Secrets Act § 1(4) (amended 1985), 14 U.L.A. 438 (1990) ...................... 3

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Currently, Apple's renewed motion to seal a license ("Rovi License") between Rovi Corp. ("Rovi") and Apple Inc. ("Apple") and other documents is pending before the Court.[1]  Rovi agrees with Apple that the Rovi License should be sealed in its entirety, but if that motion is denied, Rovi requests that the Court at least seal the most confidential parts of the license as identified herein.  Plaintiff and Defendant have no objection to this motion.

Rovi Corp. ("Rovi") should be allowed to intervene in this case for the limited purpose of protecting its trade secret/highly confidential license agreement by sealing the agreement in full or, at the very least, the competitively sensitive provisions of that license relating to the financial terms of the transaction and to the scope of the license grant.  As explained below, Rovi understands that the issue of sealing documents, including the Rovi License, has been extensively addressed by the Court.  Therefore, in the interest of economy, Rovi has combined its motion to intervene with its motion to seal.[2]  The complete un-redacted version of the Rovi License containing the highlighted designations showing the proposed redactions (and which has already been provided to the Court through other filings) is attached hereto as Exhibit A [Filed Under Seal].  The proposed redacted version of the Rovi License is attached hereto as Exhibit B [Filed Under Seal].  Both the un-redacted and the proposed redacted public version of the license are filed under seal in light of Apple's pending motion to seal the entire document.

Rovi's intervention and the requested sealing of the Rovi License are required to protect Rovi's important economic interests.  Rovi aggressively protects such trade secret/confidential license information and public disclosure of that information will

---

[1] Docket No. 2228.

[2] However, should the Court so desire, Rovi will file a separate administrative motion to seal.

place Rovi at a competitive disadvantage with prospective licensees, including Apple's competitors.

## II.     BACKGROUND

Rovi is a publicly traded company that derives about three hundred million dollars annually from the licensing of its technology. Decl. L. Goldberg, ¶ 2. Rovi owns and controls a patent portfolio of about 5,000 issued patents and applications. *Id*. ¶ 2. Rovi has entered into more than 500 license agreements and it has licensed cable system operators, satellite system operators, and manufacturers of consumer electronics equipment. *Id*. ¶ 2, 3. Plaintiff Apple Inc. ("Apple") is one of Rovi's licensees, as are many of its competitors. *Id*. ¶ 2. Rovi is presently engaged in licensing negotiations with other companies and anticipates that its licensing activities will continue in the future. *Id*. ¶ 3.

Rovi actively and aggressively protects its many license agreements from disclosure to third parties. *Id*. ¶ 5, 6. Rovi maintains internal controls to protect the disclosure of confidential license agreements through its use of an electronic document management system that limits access to authorized persons only. *Id*. ¶ 5. Similarly, file rooms containing any hardcopy license agreements are locked at all times and access is strictly limited. *Id.* To the extent that Rovi has been involved in litigation, it has insisted on appropriate protective orders preventing the disclosure of the information. *Id*. ¶ 6.

On February 12, 2013, Rovi was advised that the Defendants had submitted Rovi's Apple license to the Court under seal in connection with a non-dispositive motion, but that the Court subsequently denied plaintiff Apple's motion to maintain the agreement under seal in its entirety. Apple was granted leave to file a renewed motion to seal portions of that agreement or to make a particularized showing of harm that would result if other details of the license were disclosed. (*See* Order Granting-in-Part and Denying-in-Part Apple's and Samsung's Administrative Motions to File

-2-

Case No. 11-CV-01846 LHK (PSG)
870223

NON-PARTY ROVI CORP'S NOTICE OF MOTION AND MOTION FOR LEAVE TO INTERVENE AND TO SEAL CONFIDENTIAL INFORMATION

1 Documents Under Seal dated February 1, 2013, Docket No. 2222)  Apple's Corrected
Renewed Motion To Seal is currently pending and requests, among other things, that
the entire Rovi License be sealed.

### III. ARGUMENTS

#### A. Governing Law

A non-party seeking to intervene is not required to intervene as a full party, but may intervene for limited purposes, such as moving to protect its trade secret information. *See, e.g., Beckman Indus., Inc. v. International Ins. Co.,* 966 F. 2d 470, 472 (9th Cir. 1992) (approving intervention to modify a protective order).  Local Rule 79-5 authorizes the Court to seal documents, or portions thereof, that are trade secrets and further requires that the sealing request be "narrowly tailored" to the sealable trade secrets.  Trade secrets, as defined in the Restatement of Torts, include information used in a business that gives it an advantage over competitors who do not know or use the information.  Restatement (First) of Torts § 757, cmt.[3]

---

[3] The Restatement of Torts states, among other things, that "A trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business and which gives him an opportunity to obtain an advantage over competitors who do not know or use ." Restatement (First) Torts § 757, cmt. b. (1939-2010), *quoted in Walker v. Univ. Books, Inc.*, 602 F.2d 859, 864-65, nn.1-2 (9th Cir. 1979). The Uniform Trade Secrets Act defines "trade secret" similarly:

> (4) "Trade secret" means information, including a formula, pattern, compilation, program, device, method, technique, or process, that:
>
> (i) derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use, and
>
> (ii) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

Unif. Trade Secrets Act § 1(4) (amended 1985), 14 U.L.A. 438 (1990); *cf. U.S. v. Chung,* 659 F.3d 815, 824 & n7 (9th Cir. 2011).  The Restatement of the Law, Third, Unfair Competition, defines "trade secret" similarly as well:

> A trade secret is any information that can be used in the operation of a business or other enterprise and that is sufficiently valuable and secret to afford an actual or potential economic advantage over others.

Restatement (Third) of Unfair Competition §39 (1995).

Highly confidential information in patent licenses, including the parties' bargaining position and the financial terms, are properly sealed. *See, e.g., Nokia Corp. v. Research In Motion Ltd,* No. C 12-05992, 2012 U.S. Dist. LEXIS 174761, at *2 (N.D. Cal. Dec. 7, 2012). Disclosure of licensing activity and terms "could cause real and serious harm to the parties' future negotiations if disclosed to competitors." *Mosaid Techs. Inc. v. LSI Corp.*, 878 F. Supp. 2d 503, 510 (D. Del. 2012).

As this Court observed, "[r]ecords attached only to non-dispositive motions," however are not subject to the "strong presumption of access." *Kamakana v. City & Cnty. of Honolulu,* 447 F. 3d 1172, 1179-80 (9th Cir. 2006). (*See* Order Granting-in-Part and Denying-in-Part Apple's and Samsung's Administrative Motions to File Documents Under Seal dated February 1, 2013, Docket No. 2222 at p. 2. Pursuant to Fed. R. Civ. P. 26(c)(G), the records should not be made public upon a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Id.*

**B.  Rovi Is Entitled To Intervene To Protect Its Trade Secret/Confidential Information**

Under 9th Circuit law it is clear that Rovi has the right to intervene for the limited purpose of protecting its trade secret information. *See, e.g., Beckman Indus., Inc. v. International Ins. Co.,* 966 F. 2d at 472. Rovi's motion to intervene should therefore be granted.

**C.  Rovi Will Suffer Competitive Harm If Its Trade/Secret Confidential Information Is Made Public**

As set forth in the accompanying declaration of Lee Godberg, non-party Rovi has made a particularized showing of the harm that would result from the disclosure of its confidential/trade secret information. If Apple's renewed motion to seal is denied, Rovi is at least entitled to have the most confidential information in the Rovi license sealed as requested herein as alternative relief. This alternative relief is

-4-

1  "narrowly tailored" to the provisions of the Rovi License relating to the financial
2  terms of the license and to the scope of the license granted by Rovi to Apple.

3        Disclosure of such highly confidential information would clearly give Rovi's
4  competitors and prospective licensees an unfair advantage, and this information
5  derives economic value from not being generally known. In particular, these
6  competitors and prospective licensees would undoubtedly change their behavior to
7  take advantage of their knowledge of this otherwise non-public, highly confidential
8  information to the economic detriment of Rovi. It is for this reason that Rovi
9  aggressively protects this information both internally and externally to ensure that it
10 does not become publicly available. Rovi is entitled to have its non-public, trade
11 secret information related to its license sealed. *See, e.g., Nokia Corp.*, 2012 U.S. Dist.
12 LEXIS 174761, at *2; *see also Powertech Tech., Inc. v. Tessera, Inc.*, No. C 11-6121,
13 2012 U.S. Dist. LEXIS 75831, at *4-5 (N.D. Cal. May 31, 2012) (sealing unredacted
14 license agreement and related correspondence).

15
16 DATED: March 14, 2013             MCKOOL SMITH HENNIGAN, P.C.

18                                                                By        /s/ *Marc Morris*
19                                                                        Marc Morris
20                                           Attorneys for Non-Party Rovi Corp.

McKool Smith Hennigan, P.C.
los angeles, california

**[EXHIBIT A]**

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

**Unredacted Rovi License [With Highlighted Designations Showing Redactions Proposed by Rovi]**

**[EXHIBIT B]**

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

**Proposed Redacted Rovi License**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on March 14, 2013 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system. Any other counsel of record will be served by electronic mail, facsimile, U.S. Mail and/or overnight delivery.



*/s/ Sylvia Berson*
Name

McKool Smith Hennigan, P.C.
Los Angeles, California

870223