UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California corporation, | Case No.: 11-CV-01846-LHK |
| Plaintiff, | ORDER DENYING SEALING MOTION |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendants. | |

Before the Court is Samsung's Administrative Motion to File Documents Under Seal related to Samsung's Opposition to Apple's Motion to Exclude Testimony of Samsung's Experts and Samsung's Opposition to Apple's Motion to Strike Portions of Samsung's Expert Reports, as well as exhibits filed in support of these motions. ECF No. 999. The documents Samsung seeks to file under seal discuss, refer to, or comprise interrogatory objections and responses that either Samsung or Apple has designated as "Highly Confidential—Attorney's Eyes Only."

Historically, courts have recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978). Unless a particular court record is one traditionally kept secret, a "strong presumption in favor of access" is the starting point. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331

F.3d 1122, 1135 (9th Cir. 2003). A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the "compelling reasons" standard. *Id*. That is, the party must "articulate[ ] compelling reasons supported by specific factual findings," *id*. (citing *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1102-03 (9th Cir.1999)), that outweigh the general history of access and the public policies favoring disclosure, such as the "public interest in understanding the judicial process." *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995) (internal quotation marks and citation omitted).

The Ninth Circuit has explained that the "strong presumption of access to judicial records applies fully to dispositive pleadings, including motions for summary judgment and related attachments" because "the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the "public's understanding of the judicial process and of significant public events." *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1177 (9th Cir. 2006). The Ninth Circuit has also carved out an exception to the strong presumption of openness for pre-trial, non-dispositive motions. The Ninth Circuit applies a "good cause" showing to keep sealed records attached to non-dispositive motions. *Id.* at 1180. Thus the Court applies a two tiered approach: "judicial records attached to dispositive motions [are treated] differently from records attached to non-dispositive motions. Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy" while a showing of good cause will suffice at earlier stages of litigation. *Id*.

In light of the Ninth Circuit's admonition in *Kamakana* regarding the presumption of openness and the high burden placed on sealing documents at the late, merits stage of the litigation, it appears that the parties have overdesignated confidential documents and are seeking to seal information that is not truly sealable under the "compelling reasons" standard. For this reason, on July 17, 2012, the Court denied several similar motions without prejudice. *See* ECF No. 1256. In so doing, the Court ordered the parties to "carefully scrutinize the documents it seeks to seal" because, "[a]t this stage of the proceedings, the presumption of openness will apply to all documents and only documents of exceptionally sensitive information that truly deserve protection

2

Case No.: 11-CV-01846-LHK
ORDER DENYING MOTION TO SEAL

will be allowed to be redacted or kept from the public." *Id*. at 3.  The Court further noted that "[n]early all of the documents which met the lower, 'good cause' standard d[id] not meet the higher, 'compelling reasons' standard for trial." *Id*.  The same reasoning applies to this motion.

Accordingly, Samsung may file a renewed motion to seal within two weeks of the date of this Order.  However, the parties are ORDERED to carefully scrutinize the documents they seek to seal as part of this motion.  Moreover, the parties shall not seek to seal any information that has already become part of the public record.

**IT IS SO ORDERED.**

Dated: March 17, 2013

_____
LUCY H. KOH
United States District Judge

Case No.: 11-CV-01846-LHK
ORDER DENYING MOTION TO SEAL