HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
ERIK OLSON (CA SBN 175815)
jtaylor@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK (PSG)<br><br>**APPLE'S ADMINISTRATIVE MOTION SEEKING AN APRIL 3 CASE MANAGEMENT CONFERENCE** |

**ADMINISTRATIVE MOTION FOR CASE MANAGEMENT CONFERENCE**

Pursuant to Civil Local Rule 7-11, Apple requests a case management conference on April 3 to address issues arising out of the Court's March 1 Order re: Damages. Joint statements would be filed seven days in advance on March 27, 2013.

On March 1, 2013, the Court granted Samsung's motion for a new trial on damages as to 14 infringing products and confirmed a $598 million damages award for the remaining products. (Dkt. 2271 at 26.) The Court also held that Apple should receive prejudgment interest and supplemental damages for the products that are the subject of the $598 million verdict but deferred a decision on the specific amounts. (*Id.* at 2, 6-8.) The Court encouraged the parties "to seek appellate review of this Order before any new trial." (*Id*. at 26*.*)

Apple takes seriously the Court's encouragement, but after careful analysis, Apple believes that until the damages retrial is held and supplemental damages are decided, appellate review of the March 1 Order will not be obtainable. No final judgment exists to ground an appeal because the March 1 Order directs further proceedings in this Court. Apple researched avenues for an interlocutory appeal of the March 1 Order, but none proved viable. The likely result of an attempt would be a dismissal of the appeal without a substantive decision. That would only further delay a conclusion to these proceedings. Thus, while interlocutory review may seem inviting, Apple believes attempting it would be futile and would only cause delay.

Samsung intends to file a motion that seeks entry of partial judgment under Rule 54(b). Apple believes that attempting appellate review through that vehicle would also likely lead only to dismissal of the appeal with no substantive decision, and hence will oppose such a motion.

Apple asked Samsung to agree to request a prompt case management conference and provided to Samsung a draft of a joint statement as contemplated by Local Rule 16-10(d). Samsung declined a conference until no earlier than late April, declined to file a joint statement, and declined to discuss a schedule for a new trial, even assuming that appellate review is not possible.

Of course, Samsung benefits enormously from any delay, even delay resulting from a failed attempt at an immediate appeal. Samsung must now pay $600 million, and it faces the

prospect that it will be liable for hundreds of millions more following a new trial. Moreover, despite the jury's verdict and Samsung's representations to the Court that an injunction was unnecessary because Samsung was discontinuing all infringing products and implementing design-arounds (Dkt. 2054 at 13-14), Samsung continues to sell the same and additional infringing products without making any payment to Apple. Every day that a final judgment is deferred, Samsung benefits.

Further delay is fundamentally inconsistent with the patent system, which confers the exclusive right to use the patented invention or design and entitles the patentee to money damages for any past infringement. Further delay is fundamentally unjust. Samsung has infringed and continues to infringe, but it faces no immediate consequences. Under these circumstances, a prompt case management conference and a prompt new trial is appropriate so that the case may proceed to a final judgment.

## I.   APPELLATE REVIEW OF THE MARCH 1 ORDER IS NOT FEASIBLE.

Apple understood the Court's direction that the parties determine whether an immediate appeal of the March 1 Order is possible and did extensive research into the avenues for an immediate appeal. None proved viable. The Order is not a "final decision" that could ground an appeal under 28 U.S.C. § 1295(a)(1), as the Order necessarily envisions—and indeed directs— further proceedings in this Court. *See Spread Spectrum Screening L.L.C. v. Eastman Kodak Co.*, 657 F.3d 1349, 1354 (Fed. Cir. 2011) ("Under the 'final judgment rule,' parties may only appeal a 'final decision of a district court.'" (quoting 28 U.S.C. § 1295(a)(1))).

Further, the March 1 Order does not satisfy the requirements for an interlocutory appeal.[1] Any appeal at this time would thus be jurisdictionally improper and would violate the Federal Circuit's policy against piecemeal appeals. *See Enzo Biochem, Inc. v. Gen-Probe, Inc.*, 414 F.3d

---

[1] As the Court noted (Dkt. 2271 at 6), the parties have taken previous appeals in this case but they have fallen under express exceptions to the final judgment rule that do not apply to the March 1 Order. Pursuant to 28 U.S.C. § 1292(a), Apple appealed the Court's denial of its requests for preliminary and permanent injunctions. Pursuant to the collateral order doctrine, Apple and Samsung appealed the Court's orders denying requests to seal certain confidential materials. Neither Section 1292(a) nor the collateral order doctrine would allow for an immediate appeal of the liability or damages issues in this case.

APPLE'S ADMINISTRATIVE MOTION FOR APRIL 3 CASE MANAGEMENT CONFERENCE
CASE NO. 11-CV-01846-LHK (PSG)
pa-1579094

2

1376, 1378 (Fed. Cir. 2005) ("That final judgment rule exists to prevent the piecemeal litigation of issues that practically constitute a single controversy, which as separate appeals would otherwise frustrate efficient judicial administration.").

Samsung has said it will move for entry of a partial judgment under Federal Rule of Civil Procedure 54(b). Apple will oppose that motion as promptly as possible after it is filed. In brief, however, Rule 54(b) requires a *final* judgment on a *separate claim for relief*. *See, e.g.*, *W.L. Gore & Assocs. v. Int'l Med. Prosthetics Research Assocs.*, Inc., 975 F.2d 858, 861 (Fed. Cir. 1992) ("Rule 54(b) allows a district court to sever an individual claim that has been finally resolved."). But Apple's claims for relief relating to the '381, '915, and '163 utility patents and the D'677 and D'305 design patents have not been "finally resolved," because they are all subject to the new trial on damages as to certain products. (Dkt. 2271 at 14-15,22-24, 25-26.) The Court is accordingly not in a position to enter a Rule 54(b) judgment as to any "claim" for relief. *See Aspex Eyewear, Inc. v. Concepts in Optics, Inc.*, 153 Fed. App'x 730, 731 (Fed. Cir. 2005) (nonprecedential) (dismissing appeal of Rule 54(b) judgment for lack of jurisdiction and noting that, "[t]o enter an appealable Rule 54(b) judgment, the district court must have decided all pertinent issues regarding the claim, *and not just liability*" (emphasis added)); *see also Monument Mgmt. Ltd. P'ship I v. Pearl*, 952 F.2d 883, 885 (5th Cir. 1992)(dismissing appeal of Rule 54(b) judgment that "disposed of most of the elements of damages arising from Monument's inverse condemnation claim against the City, but … did not dispose of that claim in its entirety").

Even were this not the case, the March 1 Order leaves both supplemental damages and prejudgment interest unresolved even for those products for which the verdict was confirmed. Thus, a judgment would not be final with respect to these products. Rule 54(b) "does not relax the finality required of each decision, as an individual claim, to render it appealable." *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 435 (1956).

## II.   THE COURT SHOULD SET A CASE MANAGEMENT CONFERENCE TO SCHEDULE A PROMPT NEW TRIAL ON DAMAGES.

Because an appealable final judgment is needed, Apple requests that the Court schedule a case management conference on April 3 with a joint statement pursuant to the local rules to be

1  submitted on March 27.  If an immediate appeal is not possible, the only practical path forward is
2  a new trial and resolution of supplemental damages.  Both can occur promptly because the Court
3  can frame a new trial using the Court's July pretrial orders, the prior jury instructions, and other
4  applicable rulings, with limited revisions.  Samsung needs to update certain financial data, but the
5  equivalent task took less than two weeks before the first trial.  Apple needs to substitute a new
6  expert witness for Terry Musika, who died of cancer after the first trial, but it can do so promptly.
7  Finally, certain damages exhibits that included all the products from the original trial will need to
8  be replaced.  The Court can set a schedule to determine all this at a case management conference
9  based on proposals from the parties.

10       To move this process forward, Apple contacted Samsung over ten days ago to meet and
11  confer.  Samsung has not been willing to discuss anything other than its proposed methods for an
12  appeal.  It has declined to agree to a case management conference any time before the end of
13  April.  It has declined to submit a joint statement.  It has declined to provide its views on how or
14  when a new trial will proceed, labeling all such discussions "premature."  Samsung's strategy
15  likely reflects its interest in delaying the entry of this Court's judgment by any means possible,
16  which is its most profitable course of action.

17       Samsung lost at trial eight months ago.  The Court affirmed the jury's conclusions with
18  respect to everything but the damages award for 14 products.  A new trial presents the prospect
19  that damages will increase by hundreds of millions of dollars.  And for nearly three years,
20  Samsung has infringed Apple's patents, illicitly taken market share from Apple, made billions in
21  profits, and paid zero for its infringement.  Apple has a jury verdict but it cannot enforce its
22  damages award or prevent the further sale of infringing products.

23       Moreover, when opposing Apple's motion for a permanent injunction, Samsung
24  represented to the Court that Samsung has discontinued or would soon discontinue all infringing
25  products and would implement design-arounds that allegedly avoid infringement.  (Dkt. 2054 at
26  13-14.)  Despite this representation, Samsung has continued to sell products that infringe Apple's
27  patents and that are not more than colorably different with regard to the specific designs and
28  features that the jury found infringing.

1       The table below shows a new product that Samsung introduced *after trial* that infringes
2 the D'677 patent and that is essentially identical to products the jury found to infringe.

| D'677 | New Galaxy S II (Net10 and Straight Talk) | Infringing Galaxy S II (AT&T) | Infringing Infuse 4G |
|---|---|---|---|
|  |  |  |  |

Thus, delay enables Samsung's ongoing infringement and nullifies Apple's efforts to enforce its patents. In contrast, scheduling a prompt conference harms no one.

      For these reasons, Apple requests that the Court set an April 3 case management conference and the prompt entry of an order scheduling a new trial.

Dated: March 18, 2013                        MORRISON & FOERSTER LLP

                                                    By: _____
                                                           Michael A. Jacobs

                                                           Attorneys for Plaintiff
                                                           APPLE INC.