QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kathleen M. Sullivan (Cal. Bar No. 242261)
kathleensullivan@quinnemanuel.com
Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Susan R. Estrich (Cal. Bar No. 124009)
susanestrich@quinnemanuel.com
Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS
CO., LTD., SAMSUNG ELECTRONICS
AMERICA, INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>              Plaintiff,<br><br>      vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>              Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S NOTICE OF MOTION AND MOTION FOR ENTRY OF PARTIAL JUDGMENT PURSUANT TO RULE 54(b) AND FOR STAY PENDING APPEAL** |

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION ........................................................................................ 1

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................... 2

PRELIMINARY STATEMENT .................................................................................................. 2

ARGUMENT ................................................................................................................................ 4

I.   THE COURT SHOULD DIRECT ENTRY OF PARTIAL FINAL JUDGMENT
     PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 54(B) ............................. 4

     A.   The Court Has Finally Resolved Apple's Claims Against 14 Accused
          Products And Samsung's Counterclaims ............................................................... 5

     B.   There Is No Just Reason For Delaying Entry Of A Partial Final Judgment ............. 7

          1.   Entering Partial Final Judgment Now Will Allow For Direction
               From The Federal Circuit Regarding The Management Of Any New
               Trial ........................................................................................................... 8

          2.   Entering Partial Final Judgment Now Will Help Determine The
               Necessity For And Scope Of Any New Trial .............................................. 8

          3.   Entering Partial Final Judgment Now Will Not Require The Federal
               Circuit To Hear More Than One Appeal On The Same Issues ................... 11

II.  THE COURT SHOULD STAY FURTHER PROCEEDINGS RELATED TO THE
     NEW TRIAL UNTIL THE FEDERAL CIRCUIT DECIDES THE APPEAL OF
     THE PARTIAL FINAL JUDGMENT ............................................................................. 13

CONCLUSION ........................................................................................................................... 14

02198.51855/5198170.19

-i-                                                                Case No. 11-cv-01846-LHK

**SAMSUNG'S NOTICE OF MOTION AND MOTION FOR ENTRY OF PARTIAL JUDGMENT
PURSUANT TO RULE 54(b) AND FOR STAY PENDING APPEAL**

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Aspex Eyewear, Inc. v. Concepts in Optics, Inc.*,
153 Fed. App'x 730 (Fed. Cir. 2005)............................................................6

*Boston Edison Co. v. United States*,
299 Fed. App'x 956 (Fed. Cir. 2008)............................................................6

*Bush & Lane Piano Co. v. Becker Bros.*,
222 F. 902 (2d Cir. 1915)............................................................10

*Bush & Lane Piano Co. v. Becker Bros.*,
234 F. 79 (2d Cir. 1916)............................................................10

*CMAX, Inc. v. Hall*,
300 F.2d 265 (9th Cir. 1962)............................................................13

*Canal Props. LLC v. Alliant Tax Credit V, Inc.*,
2005 WL 1562807 (N.D. Cal. June 29, 2005)............................................................14

*Carotek, Inc. v. Kobayashi Ventures, LLC*,
409 Fed. App'x 329 (Fed. Cir. 2010)............................................................12

*Curtiss-Wright Corp. v. General Elec. Co.*,
446 U.S. 1 (1980)............................................................4, 5, 7, 11

*Doe v. Univ. of Cal.*,
1993 WL 361540 (N.D. Cal. 1993)............................................................13, 14

*Eolas Technologies, Inc. v. Microsoft Corp.*,
2004 WL 170334 (N.D. Ill. Jan 15, 2004),
*vacated in part on other grounds*, 339 F.3d 1325 (Fed. Cir. 2005)............................................................5

*Fuller v. Amerigas Propane Inc.*,
2009 WL 2390358 (N.D. Cal. Aug. 3, 2009)............................................................13

*Hall v. City of Los Angeles*,
697 F.3d 1059 (9th Cir. 2012)............................................................11

*Houston Indus. Inc. v. United States*,
78 F.3d 564 (Fed. Cir. 1996)............................................................4

*Intergraph Corp. v. Intel Corp.*,
253 F.3d 695 (Fed. Cir. 2001)............................................................5, 7

*Invitrogen Corp. v. Clontech Labs., Inc.*,
429 F.3d 1052 (Fed. Cir. 2005)............................................................11

*Itron, Inc. v. Benghiat*,
2003 WL 22037710 (D. Minn. Aug. 29, 2003)............................................................5

*Landis v. N. Am. Co.*,
   299 U.S. 248 (1936) ........................................................................................................ 13

*Medeva Pharma Suisse A.G. v. Par Pharm. Inc.*,
   430 Fed. App'x 878 (Fed. Cir. 2011) ................................................................................ 7

*Monument Mgmt. Ltd. P'ship I v. Pearl*,
   952 F.2d 883 (5th Cir. 1992) ........................................................................................... 6

*Osage Tribe of Indians of Oklahoma v. United States*,
   263 Fed. App'x 43 (Fed. Cir. 2008) ............................................................................... 12

*Remediation Products, Inc. v. Adeventus Americas, Inc.*,
   2011 WL 1272924 (W.D.N.C. Apr. 1, 2011) ................................................................. 12

*Sears, Roebuck & Co., v. Mackey*,
   351 U.S. 427 (1956) ......................................................................................................... 5

*Trell v. Marlee Elecs. Corp.*,
   912 F.2d 1443 (Fed. Cir. 1990) ...................................................................................... 11

*Ultra-Precision Mfg. Ltd. v. Ford Motor Co.*,
   338 F.3d 1353 (Fed. Cir. 2003) ........................................................................................ 4

*Wm. Wrigley Jr. Co. v. Cadbury Adams USA LLC*,
   2010 WL 4115427 (N.D. Ill. 2010),
   *aff'd* 683 F.3d 1356 (Fed. Cir. 2012) ......................................................................... 5, 6

*Yachts Am., Inc. v. United States*,
   779 F.2d 656 (Fed. Cir. 1985) ....................................................................................... 11

## **Statutes**

Fed. R. Civ. P. 54(b) ................................................................................................................ 3

**SAMSUNG'S NOTICE OF MOTION AND MOTION FOR ENTRY OF PARTIAL JUDGMENT
PURSUANT TO RULE 54(b) AND FOR STAY PENDING APPEAL**

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on April 25 at 1:30 p.m.,[1] or as soon as the matter may be heard by the Honorable Lucy H. Koh in Courtroom 8, United States District Court for the Northern District of California, Robert F. Peckham Federal Building, 280 South 1st Street, San Jose, CA 95113, Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung") shall and hereby do move the Court for an order entering partial judgment pursuant to Federal Rule of Civil Procedure 54(b) with respect to Apple's claims as to the Fascinate, Galaxy Ace, Galaxy S (i9000), Galaxy S 4G, Galaxy SII (i9100), Galaxy SII (T-Mobile), Galaxy SII (Epic 4G Touch), Galaxy SII (Skyrocket), Galaxy S Showcase (i500), Galaxy Tab 10.1 (WiFi), Galaxy Tab 10.1 (4G LTE), Intercept, Mesmerize and Vibrant products, as well as to all of Samsung's counterclaims, and for an order staying the remainder of this case pending resolution of appeal(s) of the partial final judgment pursuant to Rule 54(b).

This motion is brought on the grounds that this Court has finally adjudicated Apple's claims as to the 14 products listed above and all of Samsung's counterclaims, and there is no just reason for delaying entry of a partial final judgment as to these claims.   Further, entering a partial final judgment in order to permit an immediate appeal would promote judicial efficiency and economy by allowing the parties and the Court to obtain the benefit of the Federal Circuit's holdings on issues that could materially affect the necessity for and scope and contours of the partial new trial that the Court has ordered.   To ensure that such direction is received before any new trial takes place, the Court should stay the balance of this action pending appeal(s) of the partial final judgment.

This motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, and on such other and further matter as the Court may consider.

---

[1]   The parties are discussing a shortened briefing schedule and will be filing a stipulation with the Court regarding the schedule.

**SAMSUNG'S NOTICE OF MOTION AND MOTION FOR ENTRY OF PARTIAL JUDGMENT PURSUANT TO RULE 54(b) AND FOR STAY PENDING APPEAL**

### MEMORANDUM OF POINTS AND AUTHORITIES

#### Preliminary Statement

On March 1, 2013, following this Court's rulings on other aspects of both Apple's and Samsung's post-trial motions (*see also* Dkts. 1981, 2219, 2220), this Court entered an *Order Re: Damages* (Dkt. 2271).   The Court's damages order let stand the jury's verdict in the amount of $598,908,892 with respect to 14 Samsung products as to which the jury found no damages or the Court found no legal basis for vacatur or remittitur, namely:   (1) the Galaxy Ace, Galaxy S (i9000), Galaxy SII i9100, Galaxy Tab 10.1 4G LTE, and Intercept devices, as to which the jury found no damages; (2) the Fascinate, Galaxy S 4G, Galaxy S II Showcase,[2] Mesmerize, and Vibrant products, as to which the Court found no legal error in the jury's calculation of notice date because they involved unregistered trade dress claims that the Court ruled require no notice date; (3) the Galaxy S II Skyrocket, Galaxy S II Epic 4G Touch, and Galaxy S II T-Mobile products, as to which the Court found no legal error in the jury's damages calculation based on notice date because the Court found no sales prior to the correct notice date; and (4) the Galaxy Tab 10.1 WiFi device, as to which the Court assumed the jury's damages award was correct without discussion.

By contrast, the Court struck $450,514,650 in damages from the verdict and ordered a new trial on damages as to 14 other Samsung products as to which the Court found that the jury had awarded damages based on a legally impermissible theory, but found that it could not reasonably and fairly calculate an appropriate remittitur, namely:   (1) the Galaxy Prevail device, as to which the Court struck $57,867,383 based on legal error in the jury's award of infringer's profits for utility patent infringement; (2) the Gem, Indulge, Infuse 4G, Galaxy SII AT&T, Captivate, Continuum, Droid Charge, and Epic 4G products, as to which the Court struck $383,467,143 based on the jury's legal error in calculating infringer's profits using incorrect notice dates; and (3) the Exhibit 4G, Galaxy Tab, Nexus S 4G, Replenish, and Transform devices, as to which the

---

[2]   The phone referred to in some places in the order as Galaxy SII Showcase and elsewhere as Galaxy S Showcase (i500) is the same phone.

1   Court struck $9,180,124 based on the jury's legal error in calculating reasonable royalties based on

2   incorrect notice dates.

3          The Court's damages order stated that "[t]he parties are encouraged to seek appellate

4   review of this Order before any new trial."   Dkt. 2271, at 26.   In light of the Court's express

5   request, and because a number of claims in this action have now been finally adjudicated by this

6   Court, Samsung respectfully moves for entry of partial final judgment under Federal Rule of Civil

7   Procedure 54(b), and for a stay of any new trial pending resolution of appeal(s) of the partial final

8   judgment.[3]

9          A Rule 54(b) judgment is proper when a court has reached an ultimate disposition of some

10  but not all claims in a case and "there is no just reason for delay."   *Fed. R. Civ. P.* 54(b).   Here,

11  the adjudication of Apple's claims related to 14 accused Samsung products and Samsung's

12  affirmative counterclaims is final—there are *no* unresolved liability or damages issues with respect

13  to any of these products—and there is no just reason to delay entering a partial final judgment on

14  those claims, as doing so will provide the Court with immediate direction from the Federal Circuit

15  that, under the law of the case doctrine, will apply to all further proceedings in this case.

16         Indeed, the issues that Samsung will raise in its appeal from the partial final judgment on

17  the nine of those 14 products as to which the jury found damages (Galaxy Tab 10.1 WiFi,

18  Fascinate, Galaxy S 4G, Galaxy S II Showcase, Mesmerize, Vibrant, Galaxy S II Skyrocket,

19  Galaxy S II Epic 4G Touch, and Galaxy S II T-Mobile) are likely to affect the necessity for and

20  the scope and contours of the new trial that the Court has ordered.   For example, if the Federal

21  Circuit holds unprotectable any of the Apple intellectual property that underlies *both* Apple's

22  claims against the nine products as to which the jury found damages *and* the 14 products as to

23  which new trial has been ordered, any new trial will not need to address Apple's claims as to that

24  intellectual property.   For another example, if the Federal Circuit holds that the jury instructions

25  on damages that Samsung has challenged were given in error as to the products on which

---

26

27      [3]    Samsung sought Apple's joinder in this motion, but Apple informed Samsung that it
    opposes partial final judgment and intends to urge an immediate new trial.

28

**SAMSUNG'S NOTICE OF MOTION AND MOTION FOR ENTRY OF PARTIAL JUDGMENT
PURSUANT TO RULE 54(b) AND FOR STAY PENDING APPEAL**

1   judgment can now be finalized, those instructions will need to be changed when damages are

2   retried as to any remaining products.   And as one more example, if the Federal Circuit holds that

3   the jury's award of $381,683,562 in damages as to five Samsung phones (Fascinate, Galaxy S 4G,

4   Galaxy S II Showcase, Mesmerize, and Vibrant) cannot be sustained based on unregistered trade

5   dress dilution alone, or that notice dates do apply to unregistered trade dress dilution, any new

6   damages trial on products accused of trade dress dilution would need to take into account the

7   Circuit's rulings as to the correct notice dates.

8       Obtaining the benefit of the Federal Circuit's holdings *before* proceeding with any new

9   damages trial plainly would promote judicial economy and efficiency.   It would be wasteful to

10  conduct a new trial on the remaining products only later to obtain Circuit guidance that

11  necessitates yet a third trial.   By contrast, staying any new trial until appellate direction can be

12  obtained would help avoid the risk that the ordered new trial will, in the future, itself need to be

13  retried or supplemented with still more trials addressing other claims and issues.

14  <u>Argument</u>

15  **I.     THE COURT SHOULD DIRECT ENTRY OF PARTIAL FINAL JUDGMENT**

16  **PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 54(B)**

17      Rule 54(b) of the Federal Rules of Civil Procedure provides in relevant part: "When an

18  action presents more than one claim for relief—whether as a claim, counterclaim, cross-claim, or

19  third party claim—or when multiple parties are involved, the court may direct entry of a final

20  judgment as to one or more, but fewer than all, claims or parties only if the court expressly

21  determines that there is no just reason for delay."   Federal Circuit law governs whether this

22  standard is met.  *See, e.g.*, *Ultra-Precision Mfg. Ltd. v. Ford Motor Co.*, 338 F.3d 1353 (Fed. Cir.

23  2003).  To obtain partial judgment under Rule 54(b), a claim must be finally resolved, and there

24  must be no just reason for delay.  *Houston Indus. Inc. v. United States*, 78 F.3d 564, 567 (Fed. Cir.

25  1996); *see Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7-8 (1980).

**SAMSUNG'S NOTICE OF MOTION AND MOTION FOR ENTRY OF PARTIAL JUDGMENT
PURSUANT TO RULE 54(b) AND FOR STAY PENDING APPEAL**

1

2

### A.   The Court Has Finally Resolved Apple's Claims Against 14 Accused Products And Samsung's Counterclaims

3

4       A judgment is "final" for Rule 54(b) purposes if it is "an ultimate disposition of an

5   individual claim entered in the course of" an action involving multiple claims.  *Curtiss-Wright*

6   *Corp.*, 446 U.S. at 7 (quoting *Sears, Roebuck & Co., v. Mackey*, 351 U.S. 427, 436 (1956)); *see*

7   *Intergraph Corp. v. Intel Corp.*, 253 F.3d 695, 699 (Fed. Cir. 2001).  Here, the Court has resolved

8   all issues—as to both liability *and* damages—relating to the jury's verdict on Apple's claims

9   against 14 accused products and Samsung's counterclaims (Dkts. 2271, 1981, 2219, 2220),

10  ultimately disposing of those claims and counterclaims.[4]   As a result, a judgment would be final

as to those claims and counterclaims.

11      A Rule 54(b) judgment is properly entered as to some products even though, as here, other

12  products alleged to infringe the same patent(s) will be subject to a new trial.   For example, in *Wm.*

13  *Wrigley Jr. Co. v. Cadbury Adams USA LLC,* 2010 WL 4115427 (N.D. Ill. 2010), *aff'd* 683 F.3d

14  1356 (Fed. Cir. 2012), the court entered partial final judgment under Rule 54(b) as to a subset of

15  the products accused of infringing a patent.   At the time of the request for Rule 54(b) judgment,

16  the court had found that Wrigley's '893 patent was not infringed by Cadbury's "commercial

17  products," but had not ruled whether another group of Cadbury products—"experimental

18  products"—infringed the '893 patent.  *Id.* at *1-2.   When Cadbury questioned whether entry of a

19  Rule 54(b) judgment was permissible, the court stated that "Cadbury's contentions that unresolved

20  issues of fact regarding whether Wrigley's experimental products literally infringed on the '893

21  patent prevent certification under Rule 54(b) for lack of finality are not well-taken."  *Id.* at *6.   In

22  so ruling, the court found significant that the parties had "treated" the infringement claims as to

23  the commercial products and the "experimental products" as "separate claims."  *Id.*   The same is

24

25      [4]   As the Court has recognized, the fact that it has not quantified the amount of post-verdict

26  *supplemental* damages does not preclude appeal due to lack of finality.   *See* Dkt. No. 2271 at 6
    (citing *Itron, Inc. v. Benghiat*, 2003 WL 22037710 (D. Minn. Aug. 29, 2003); *Eolas Technologies,*

27  *Inc. v. Microsoft Corp.*, 2004 WL 170334 (N.D. Ill. Jan 15, 2004), *vacated in part on other*
    *grounds*, 339 F.3d 1325 (Fed. Cir. 2005).

28

**SAMSUNG'S NOTICE OF MOTION AND MOTION FOR ENTRY OF PARTIAL JUDGMENT**
**PURSUANT TO RULE 54(b) AND FOR STAY PENDING APPEAL**

1   true here where, rather than treating the accused products as one group, both parties tried the case

2   on a product-by-product basis, and the verdict form on which the jury returned its verdict was

3   expressly particularized on a product-by-product basis (*see* Dkt. 1931).   Entering a partial final

4   judgment on a product-by-product basis—the same basis as the claims were broken down on the

5   verdict form—is just as proper here as was entry of partial final judgment in *Wrigley*.

6          In declining Samsung's request that it consent to entry of partial final judgment (*see* n.2

7   *supra*), Apple suggested that any such judgment would suffer from a lack of finality.   Apple

8   ignored Samsung's citation to *Wrigley* and instead referred Samsung to several cases that were

9   neither precedential Federal Circuit authority nor apposite here.   In *Aspex Eyewear, Inc. v.*

10  *Concepts in Optics, Inc.*, 153 Fed. App'x 730, 731 (Fed. Cir. 2005) (unpublished), the Federal

11  Circuit dismissed an appeal following the district court's entry of a Rule 54(b) judgment, holding

12  that "no claim for relief has been fully decided" where the district court had granted partial

13  summary judgment on the issues of "infringement of Aspex's patent and … invalidity of the

14  patent," but "damages, willfulness, and injunctive relief" remained pending.   Here, in contrast, the

15  Court has resolved all issues of both liability and remedy with respect to 14 Samsung products,

16  and those products thus stand ready for entry of partial final judgment.   Similarly, in *Monument*

17  *Mgmt. Ltd. P'ship I v. Pearl*, 952 F.2d 883 (5th Cir. 1992), the Fifth Circuit dismissed an appeal

18  for lack of finality where the district court had entered a Rule 54(b) judgment on an inverse

19  condemnation claim despite the fact that the district court had adjudicated only the plaintiff's

20  request for damages due to the decreased value of its *business*, not the plaintiff's request for

21  damages due to the decreased value of its *leasehold*.   *Id.* at 884-85.   Under those circumstances,

22  the Fifth Circuit held that, while the "summary judgment disposed of most of the elements of

23  damages arising from [the] inverse condemnation claim … it did not dispose of that claim in its

24  entirety" and thus that entry of judgment was improper.   *Id.* at 885.   Here, in contrast, damages

25

26

27

28

**SAMSUNG'S NOTICE OF MOTION AND MOTION FOR ENTRY OF PARTIAL JUDGMENT**
**PURSUANT TO RULE 54(b) AND FOR STAY PENDING APPEAL**

(as well as liability) for 14 products have been fully resolved and Apple's claims as those products are therefore final.[5]

**B.      There Is No Just Reason For Delaying Entry Of A Partial Final Judgment**

The requested partial final judgment also satisfies Rule 54(b)'s second requirement that there be "no just reason for delay."   The Supreme Court has explained that this determination is "left to the sound judicial discretion of the district court," exercised "in the interest of sound judicial administration."   *Curtiss-Wright Corp.*, 446 U.S. at 8; *see also Medeva Pharma Suisse A.G. v. Par Pharm. Inc.*, 430 Fed. App'x 878, 880 (Fed. Cir. 2011) (determination "is committed to the sound discretion of the trial court by statute").   "[I]n deciding whether there are no just reasons to delay the appeal of individual final judgments …, a district court must take into account judicial administrative interests as well as the equities involved."   *Id.*   A partial final judgment under Rule 54(b) may be entered where doing so will conserve judicial resources and avoid multiple trials.   *Medeva*, 430 Fed. App'x at 880.   A court also may consider whether the claims under review are "separable" from the others and whether an appellate court would have to decide the same issues more than once.   *Curtis-Wright Corp.*, 446 U.S. at 8.   "Even for claims that arise out of the same transaction or occurrence, sound case management may warrant entry of partial final judgment."   *Intergraph Corp.*, 253 F.3d at 699.   All these considerations favor entry of partial final judgment here.

---

[5]     *Boston Edison Co. v. United States*, 299 Fed. App'x 956 (Fed. Cir. 2008) (unpublished), another non-precedential Federal Circuit decision upon which Apple has relied, is even farther afield, as it involved two breach of contract actions brought by different plaintiffs that had been consolidated.   The district court entered partial final judgment as to the contract claims brought by one plaintiff, but not the other.   *Id.* at 957.   The Federal Circuit held that the judgment should not have been entered because the parties' claims were "intertwined" and thus "either [the Federal Circuit] would be called upon to decide the same issues more than once if there were subsequent appeals or [the Federal Circuit's] decision in this appeal would determine those issues for both cases even though [the second plaintiff] cannot now seek review of the holdings."   *Id.* at 958. The decision thus turned not on finality, but on interests of judicial efficiency and economy.   In any event, that case has no bearing here, where all parties in the district court are also parties to the appeal, such that they will have a full opportunity to litigate the orders that form part of the partial final judgment, and they will not be prejudiced when the Federal Circuit's decisions on that appeal are applied to the remaining products.

1

**1.      Entering Partial Final Judgment Now Will Allow For Direction From The Federal Circuit Regarding The Management Of Any New Trial**

Samsung agrees with the Court's express suggestion (Dkt. 2271, at 26) that appellate review of the Court's damages order would be helpful to the parties and the Court before any new trial were to proceed.   But the portion of the order granting a new trial is non-final and can receive immediate appellate review only if this Court were to certify that it qualifies for interlocutory appeal under the narrow criteria set forth in Rule 1292(b) and the Federal Circuit were to agree to accept an appeal of that order.   Were the Court to enter partial final judgment under Rule 54(b), however, appeal would be of right under 28 U.S.C. § 1291, and such an appeal would afford the Federal Circuit the opportunity to review all issues involving the 14 products as to which Apple's claims have been finally adjudicated (plus Samsung's counterclaims), which, as discussed below, will provide the Court with direction for how to try to the claims against the other accused products.

**2.      Entering Partial Final Judgment Now Will Help Determine The Necessity For And Scope Of Any New Trial**

Entry of partial final judgment under Rule 54(b) will enable appeal on the 14 Samsung products as to which judgment is final.   Numerous issues that Samsung will raise in such an appeal will determine which intellectual property and products should properly be the subject of any new trial, what the proper standards and instructions should be in such a new trial, and ultimately whether there need be any new trial at all.   More specifically, for example:

*Patent Invalidity*:   The nine products as to which judgment is final and the Court let a damages award stand implicate five Apple patents (D'677, D'087, D'305, '381, and '915), and four of these five patents (all but the '087) underlie Apple's claims against one or more of the products at issue in the new damages trial that the Court has ordered.[6]   On appeal, Samsung intends to challenge the validity of several of those patents based on lack of ornamentation,

---

[6]   For the Court's convenience, Appendix A to this Motion is a chart showing the jury's verdict on liability and damages for each of the products and the Court's ruling on damages as to each product in its Order Re: Damages.

**SAMSUNG'S NOTICE OF MOTION AND MOTION FOR ENTRY OF PARTIAL JUDGMENT PURSUANT TO RULE 54(b) AND FOR STAY PENDING APPEAL**

1    functionality, anticipation, obviousness, and/or indefiniteness, among other grounds.   Should the

2    Federal Circuit agree on appeal from partial final judgment that any of these patents is invalid,

3    then no award of damages would be permissible based on those patents, and the scope of any new

4    damages trial, if stayed to await that outcome, would be narrower and any such new trial might

5    become moot.

6         _Trade Dress Dilution_:   The Court ruled that the jury's damages award survived as to five

7    products (Fascinate, Galaxy S 4G, Galaxy S II Showcase, Mesmerize and Vibrant)

8    notwithstanding deficiency in the patent infringement notice as to those products because those

9    verdicts were also supported by Apple's unregistered trade dress dilution claim, which the Court

10   held requires no notice.   Dkt. 2271, at 21-22.   If the Federal Circuit were to hold as to those

11   products (as Samsung will argue) that unregistered trade dress dilution claims do require notice,

12   damages would need to be recalculated in a new trial based on correct patent or trade dress notice

13   dates.   And if the Federal Circuit were to rule that no trade dress liability was appropriate as to

14   these products because the jury lacked a basis for finding that Apple's unregistered trade dress was

15   famous, or that Samsung willfully diluted that trade dress, or that the Court erred in its instructions

16   to the jury on these issues, then any new damages trial would need to include these five products

17   as to which the Court sustained the jury's damages verdict only on the basis of the unregistered

18   trade dress dilution claim.

19        _Liability Instructions_:   Samsung also intends to challenge on appeal certain of the Court's

20   instructions as to liability and the Court's claim construction.   These include, for Apple's design

21   patents on which damages were awarded (D'677, D'087, D'305), Samsung's positions that

22   functional and non-ornamental aspects of Apple's designs should have been factored out and that

23   the Court should have properly explained the ordinary observer standard.   Judgment is now final

24   as to any accused infringement of the D'087 patent (the Galaxy S II AT&T and the Infuse 4G,

25   which were so accused, are included in the new trial only because found to infringe utility

26   patents), while the D'677 and/or D'305 patents are the basis for Apple's claims against some

27   products as to which final judgment can now be entered (Fascinate, Galaxy S 4G, Galaxy SII

28   Showcase, Mesmerize and Vibrant) as well as against other products as to which new trial has

**SAMSUNG'S NOTICE OF MOTION AND MOTION FOR ENTRY OF PARTIAL JUDGMENT
PURSUANT TO RULE 54(b) AND FOR STAY PENDING APPEAL**

1   been ordered (Gem, Indulge, Infuse 4G, Galaxy S II AT&T, Captivate, Continuum, Droid Charge,

2   Epic 4G).   Therefore, in the event that the Federal Circuit were to agree on appeal from partial

3   final judgment that any design patent instruction was erroneous (and prejudiced Samsung) as to

4   the D'087, D'677 and/or D'305 patents, then a new trial on both liability and damages would be

5   necessary as to all affected patents and products, broadening the scope of any new trial and

6   making it wasteful to conduct a second trial now in the absence of the Circuit's guidance.

7           *Damages*:   Samsung also intends to challenge on appeal certain of the Court's damages

8   rulings, including its rejection of Samsung's argument that disgorgement of profits from

9   infringement of design patents under 35 U.S.C. § 289 requires proof of a causal link between the

10  infringement of the design and the profits disgorged.   *See Bush & Lane Piano Co. v. Becker*

11  *Bros.*, 222 F. 902, 905 (2d Cir. 1915); *Bush & Lane Piano Co. v. Becker Bros.*, 234 F. 79, 81-82

12  (2d Cir. 1916) (limiting infringer's profits to those attributable to design of piano case rather than

13  whole piano under a predecessor statute to Section 289).   This Court reiterated this ruling in the

14  damages order, ruling that "there is simply no apportionment requirement for infringer's profits in

15  design patent infringement under § 289."   Dkt. 2271, at 12.   Were the Federal Circuit to disagree

16  with that ruling, and instead require as to any of the products as to which final judgment may now

17  be entered that design patent infringer's profits may be disgorged only to the extent that the profits

18  resulted causally from the patented feature, it would be wasteful and duplicative to hold a second

19  damages trial now without that direction as to the eight products ordered for new trial in which

20  either or both the D'677 and/or D'305 patents are implicated (Gem, Indulge, Infuse 4G, Galaxy S

21  II AT&T, Captivate, Continuum, Droid Charge, Epic 4G).   At a minimum, a decision from the

22  Federal Circuit in advance of a new damages trial either would provide the Court with assurance

23  as to the propriety of the Court's existing design patent damages instructions or would avoid a

24  potential third trial on damages should any prove to be in error.[7]

25  _____

26  [7]   As noted previously, all of the foregoing are examples only and are not intended to
27  describe the full array of issues that Samsung may properly raise on an appeal from a partial final
    judgment under Rule 54(b).

28

**SAMSUNG'S NOTICE OF MOTION AND MOTION FOR ENTRY OF PARTIAL JUDGMENT
PURSUANT TO RULE 54(b) AND FOR STAY PENDING APPEAL**

### 3.   Entering Partial Final Judgment Now Will Not Require The Federal Circuit To Hear More Than One Appeal On The Same Issues

In refusing consent to Samsung's request to stipulate to entry of partial final judgment, Apple suggested to Samsung that it would be inefficient to permit an appeal now because the Federal Circuit would likely have to address many of the same liability and damages issues in two appeals (one now and one following entry of final judgment).   That is simply not so.

*First*, all of this Court's prior orders relating to the 14 products as to which partial final judgment can now be entered under Rule 54(b) would merge into that judgment and be ripe for appellate review now.   *See, e.g.*, *Hall v. City of Los Angeles*, 697 F.3d 1059, 1070 (9th Cir. 2012) ("Once a district court enters final judgment and a party appeals, … earlier, non-final orders become reviewable."); *cf. Invitrogen Corp. v. Clontech Labs., Inc.*, 429 F.3d 1052, 1069 (Fed. Cir. 2005) ("As a general proposition, when a trial court disposes finally of a case, any interlocutory rulings 'merge' with the final judgment.   Thus both the order finally disposing of the case and the interlocutory orders are reviewable on appeal.") (internal quotation marks omitted).

*Second*, to the extent that those orders involve issues that also affect any of the products as to which judgment would not be entered at present under Rule 54(b) (*e.g.*, invalidity of the underlying intellectual property, instructional issues, and damages issues like causation, apportionment or trade dress notice), the Federal Circuit's decision would apply to those products as well under the law of the case doctrine.   *See, e.g.*, *Trell v. Marlee Elecs. Corp.*, 912 F.2d 1443, 1445 (Fed. Cir. 1990) (under law of the case doctrine, a decision of the Federal Circuit must be followed in all subsequent proceedings in the same case "unless one of three exceptional circumstances exists:   'the evidence on a subsequent trial was substantially different, controlling authority has since made a contrary decision of law applicable to such issues, or the decision was clearly erroneous and would work a manifest injustice'") (quoting *Yachts Am., Inc. v. United States,* 779 F.2d 656, 659-70 (Fed. Cir. 1985)).

*Third*, the only issues that would fall outside an appeal of the partial final judgment that can now be entered under Rule 54(b) as to 14 products are the limited issues unique to Court's rulings as to the products subject to a new trial (*e.g.*, certain noninfringement determinations

**SAMSUNG'S NOTICE OF MOTION AND MOTION FOR ENTRY OF PARTIAL JUDGMENT PURSUANT TO RULE 54(b) AND FOR STAY PENDING APPEAL**

unique to those products or damages rulings unique to those products or to the damages order itself).   Those issues, however, are "separa[te]" from the issues that would be subject to the partial final judgment, *Curtiss-Wright Corp.*, 446 U.S. at 8, and thus are consistent with entry of partial final judgment now.

*Fourth*, the authorities Apple has cited to Samsung in order to suggest that any inefficiency will result here from entry of partial final judgment are inapposite.   In *Carotek, Inc. v. Kobayashi Ventures, LLC*, 409 Fed. App'x 329, 331 (Fed. Cir. 2010) (unpublished), the Federal Circuit held that the district court erred in entering partial final judgment on a defendant's counterclaim for breach of a patent license agreement, where the plaintiff's claim alleging an earlier breach of the same agreement remained pending.   Since a finding of breach on plaintiff's claim could have undermined the basis for the judgment on defendant's counterclaim, the Federal Circuit would have "likely [had] to decide multiple appeals with the potential of overlapping factual and perhaps legal issues."   Here, by contrast, the factual and legal issues in each appeal would be distinct. Similarly, in *Osage Tribe of Indians of Oklahoma v. United States*, 263 Fed. App'x 43 (Fed. Cir. 2008) (unpublished), the Federal Circuit dismissed an appeal from a partial final judgment entered on claims that the United States breached its trust responsibilities in managing resources on a subsection of the leases at issue because, as relevant here, the adjudicated leases "are not asserted to be factually and legally distinct from remaining issues in the case."   *Id.* at 44.   But, again, the limited issues that would not merge into the final partial judgment here are separate and distinct (both legally and factually) from the issues that would merge.   Finally, Apple's reliance on *Remediation Products, Inc. v. Adeventus Americas, Inc.*, 2011 WL 1272924 (W.D.N.C. Apr. 1, 2011), is misplaced, as there the district court declined to grant a Rule 54(b) judgment where it had granted summary judgment of non-infringement as to one patent but not another patent, with respect to the "same challenged technology."   *Id.* at *1.   The district court explained that both patents "required extensive study of [Defendant's] product," and piecemeal appeals would result in "two separate appellate panels" and "duplication of significant judicial resources."   *Id.*   Here, in contrast, because of the law of the case doctrine, it is unlikely that the same issue for a given single product would be the subject of successive appeals.

1    Thus, immediate resolution of appeal as to all 14 products for which judgment can now be

2   finalized (nine of which involve damages awarded against Samsung) is in the interest of judicial

3   economy and efficiency, as it would directly affect the necessity for and scope of any new trial,

4   without requiring the Federal Circuit to consider the same issues more than once.

5   **II.     THE COURT SHOULD STAY FURTHER PROCEEDINGS RELATED TO THE**

6   **         NEW TRIAL UNTIL THE FEDERAL CIRCUIT DECIDES THE APPEAL OF THE**

7   **         PARTIAL FINAL JUDGMENT**

8        "If a district court certifies claims for appeal pursuant to Rule 54(b), it should stay all

9   proceedings on the remaining claims if the interests of efficiency and fairness are served by doing

10  so."  *Doe v. Univ. of Cal.,* 1993 WL 361540, at *2 (N.D. Cal. 1993).   The "power to stay

11  proceedings is incidental to the power inherent in every court to control the disposition of the

12  cases on its docket with the economy of time and effort for itself, for counsel, and for litigants."

13  *Landis v. N. Am. Co*., 299 U.S. 248, 254 (1936).   In considering whether a stay is appropriate, the

14  Court should weigh three factors:   (1) the possible damage that may result from grant of a stay;

15  (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the

16  orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and

17  questions of law which could be expected to result from a stay.  *CMAX, Inc. v. Hall,* 300

18  F.2d 265, 268 (9th Cir. 1962) (citing *Landis,* 99 U.S. at 254-55).   In determining whether the third

19  factor weighs in favor of a stay, considerations of judicial economy are highly relevant.  *Fuller v.*

20  *Amerigas Propane Inc.*, 2009 WL 2390358, at *2 (N.D. Cal. Aug. 3, 2009) (holding that

21  defendant's arguments showing "judicial economy" would be served by the stay "further[ed] the

22  third *Landis* factor").   All three factors plainly weigh in favor of a stay here.

23      *First*, Apple will suffer no prejudice from a stay that allows appeal(s) from a partial final

24  judgment to proceed and postpones any new trial until the Federal Circuit rules on important legal

25  issues that are likely to affect the necessity for and scope of any new trial.  *CMAX,*

26  300 F.2d at 269 (holding that delay of monetary recovery and the possible loss of prejudgment

27

28

1    interest did not constitute harm to the non-moving party).[8]  *Second*, both parties will be

2    prejudiced if they must go forward with a new trial without having the benefit of a decision from

3    the Federal Circuit, for this may well lead to waste, inequity and multiple retrials and multiple

4    appeals.   *Canal Props. LLC v. Alliant Tax Credit V, Inc.*, 2005 WL 1562807, at *3 (N.D. Cal.

5    June 29, 2005) (granting stay will conserve judicial resources if substantial litigation is likely to

6    take place during pendency of appeal); *Doe v. Univ. of Calif.*, 1993 WL 361540, at *1 (granting

7    stay with respect to all claims remaining because outcome of appeal may moot remaining claims).

8    *Third*, for the reasons described in Part I.B.2 above, judicial economy strongly favors the grant of

9    a stay pending resolution of appeal(s) from partial final judgment in order to simplify and

10   streamline the issues and standards governing any new trial.

11                                          **CONCLUSION**

12              For the foregoing reasons, the Court should enter partial final judgment under Rule 54(b)

13   as to all 14 products as to which damages are now finally resolved and as to all of Samsung's

14   counterclaims, and should order any new trial as to the 14 remaining products stayed pending the

15   resolution of appeal(s) from that partial final judgment.

16

17

18

19

20

21

22

23

24   _____

25       [8]     Apple has suggested that an appeal now would be prejudicial because it has no injunction
     and cannot enforce the existing damages award.   But the injunction is subject to a pending appeal
26   that Apple filed in the Federal Circuit (and thus is irrelevant here), and entry of partial final
     judgment in fact would render the approximately $600 million award enforceable (subject, of
27   course, to Samsung obtaining a stay pending appeal under Rule 62(d)) as contemplated by the so-
     ordered stipulation of the parties dated September 3, 2012 (Dkts. 1954 & 1957).

28

-14-              Case No. 11-cv-01846-LHK

**SAMSUNG'S NOTICE OF MOTION AND MOTION FOR ENTRY OF PARTIAL JUDGMENT
PURSUANT TO RULE 54(b) AND FOR STAY PENDING APPEAL**

1    DATED: March 18, 2013              QUINN EMANUEL URQUHART &
                                        SULLIVAN, LLP
2

3

4                                       By   /s/ Victoria F. Maroulis
                                           Charles K. Verhoeven
5                                          Kathleen M. Sullivan
                                           Kevin P.B. Johnson
6                                          Victoria F. Maroulis
                                           Susan R. Estrich
7                                          Michael T. Zeller
                                           Attorneys for SAMSUNG ELECTRONICS
8                                          CO., LTD., SAMSUNG ELECTRONICS
                                           AMERICA, INC., and SAMSUNG
9                                          TELECOMMUNICATIONS AMERICA, LLC
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SAMSUNG'S NOTICE OF MOTION AND MOTION FOR ENTRY OF PARTIAL JUDGMENT
PURSUANT TO RULE 54(b) AND FOR STAY PENDING APPEAL**

# APPENDIX A

| Product[1] | Award | Formula for Award per Order Re: Damages | Court's Ruling | D'677 | D'087 | D'889 | D'305 | Reg. Trade Dress | Unreg. Trade Dress | '381 | '915 | '163 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Captivate | $80,840,162 | 40% of Samsung's Profits | Infringer's profits based in part on incorrect notice date | N/A | N/A | N/A | Y | NO | NO | Y | Y | NO |
| Continuum | $16,399,117 | 40% of Samsung's Profits | Infringer's profits based in part on incorrect notice date | N/A | N/A | N/A | Y | NO | NO | Y | Y | NO |
| Droid Charge | $50,672,869 | 40% of Samsung's Profits | Infringer's profits based in part on incorrect notice date | N/A | N/A | N/A | Y | NO | NO | Y | Y | Y |
| Epic 4G | $130,180,896 | 40% of Samsung's Profits | Infringer's profits based in part on incorrect notice date | N/A | N/A | N/A | Y | NO | NO | Y | Y | Y |
| Exhibit 4G | $1,081,820 | 50% of Apple's Royalties | Reasonable royalty based on incorrect notice date | N/A | N/A | N/A | N/A | N/A | N/A | Y | Y | Y |
| Fascinate | $143,539,179 | 100% of Apple's Lost Profits + 40% of Samsung's Profits | Jury award stands; no excess damages award due to notice dates because involve unregistered trade dress | Y | N/A | N/A | Y | Y | Y | Y | Y | Y |
| Galaxy Ace | $0 | n/a (no award) | Jury award stands | NO | N/A | N/A | N/A | N/A | N/A | Y | NO | Y |
| Galaxy Prevail | $57,867,383 | 40% of Samsung's Profits | Infringer's profits impermissible remedy for utility patent infringement | N/A | N/A | N/A | N/A | NO | NO | Y | Y | Y |
| Galaxy S (i9000) | $0 | n/a (no award) | Jury award stands | Y | Y | N/A | Y | Y | Y | Y | Y | Y |
| Galaxy S 4G | $73,344,668 | 100% of Apple's Lost Profits + 40% of Samsung's Profits | Jury award stands; no excess damages award due to notice dates because involve unregistered trade dress | Y | Y | N/A | Y | Y | Y | Y | Y | Y |

[1] The Court has ordered a new trial on damages for the products highlighted in blue.  (*See* Dkt. 2271 at 26.)

| Product[1] | Award | Formula for Award per Order Re: Damages | Court's Ruling | D'677 | D'087 | D'889 | D'305 | Reg. Trade Dress | Unreg. Trade Dress | '381 | '915 | '163 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Galaxy S II (AT&T) | $40,494,356 | 40% of Samsung's Profits | Infringer's profits based in part on incorrect notice date | Y | NO | N/A | N/A | NO | NO | Y | Y | Y |
| Galaxy S II (Epic 4G Touch) | $100,326,988 | 40% of Samsung's Profits | Jury award stands | Y | NO | N/A | N/A | NO | NO | N/A | N/A | N/A |
| Galaxy S II (i9100) | $0 | n/a (no award) | Jury award stands | Y | NO | N/A | N/A | NO | NO | Y | Y | Y |
| Galaxy S II (Showcase) [also known as Galaxy S Showcase (i500)] | $22,002,146 | 100% of Apple's Lost Profits + 40% of Samsung's Profits | Jury award stands; no excess damages award due to notice dates because involve unregistered trade dress | Y | N/A | N/A | Y | Y | Y | N/A | N/A | N/A |
| Galaxy S II (Skyrocket) | $32,273,558 | 40% of Samsung's Profits | Jury award stands | Y | NO | N/A | N/A | NO | NO | N/A | N/A | N/A |
| Galaxy S II (T-Mobile) | $83,791,708 | 40% of Samsung's Profits | Jury award stands | Y | N/A | N/A | N/A | NO | NO | N/A | Y | Y |
| Galaxy Tab | $1,966,691 | 50% of Apple's Royalties | Reasonable royalty based on incorrect notice date | N/A | N/A | N/A | N/A | N/A | N/A | Y | Y | Y |
| Galaxy Tab 10.1 (WiFi) | $833,076 | n/a (no calculation apparent) | Jury award stands | N/A | N/A | NO | N/A | N/A | N/A | Y | Y | Y |
| Galaxy Tab 10.1 (4G LTE) | $0 | n/a (no award) | Jury award stands | N/A | N/A | NO | N/A | N/A | N/A | N/A | N/A | N/A |
| Gem | $4,075,585 | 40% of Samsung's Profits | Infringer's profits based in part on incorrect notice date | N/A | N/A | N/A | Y | N/A | N/A | Y | Y | NO |
| Indulge | $16,011,184 | 40% of Samsung's Profits | Infringer's profits based in part on incorrect notice date | N/A | N/A | N/A | Y | N/A | N/A | Y | Y | NO |

| Product[1] | Award | Formula for Award per Order Re: Damages | Court's Ruling | D'677 | D'087 | D'889 | D'305 | Reg. Trade Dress | Unreg. Trade Dress | '381 | '915 | '163 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Infuse 4G | $44,792,974 | 40% of Samsung's Profits | Infringer's profits based in part on incorrect notice date | Y | NO | N/A | Y | NO | NO | Y | Y | Y |
| Intercept | $0 | n/a (no award) | Jury award stands | N/A | N/A | N/A | N/A | N/A | N/A | N/A | NO | NO |
| Mesmerize | $53,123,612 | 100% of Apple's Lost Profits + 40% of Samsung's Profits | Jury award stands; no excess damages award due to notice dates because involve unregistered trade dress | Y | N/A | N/A | Y | Y | Y | Y | Y | Y |
| Nexus S 4G | $1,828,297 | 50% of Apple's Royalties | Reasonable royalty based on incorrect notice date | N/A | N/A | N/A | N/A | N/A | N/A | Y | Y | NO |
| Replenish | $3,350,256 | 50% of Apple's Royalties | Reasonable royalty based on incorrect notice date | N/A | N/A | N/A | N/A | N/A | N/A | Y | NO | Y |
| Transform | $953,060 | 50% of Apple's Royalties | Reasonable royalty based on incorrect notice date | N/A | N/A | N/A | N/A | N/A | N/A | N/A | Y | NO |
| Vibrant | $89,673,957 | 100% of Apple's Lost Profits + 40% of Samsung's Profits | Jury award stands; no excess damages award due to notice dates because involve unregistered trade dress | Y | Y | N/A | Y | Y | Y | Y | Y | NO |