# EXHIBIT A

Draft of March 14, 2013

HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
ERIK OLSON (CA SBN 175815)
jtaylor@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK (PSG)<br><br>**JOINT STATEMENT REGARDING FURTHER POST-TRIAL PROCEEDINGS**<br><br>Date:<br>Time:<br>Place:    Courtroom 4, 5th Floor<br>Judge:    Hon. Lucy H. Koh |

**Draft of March 14, 2013**

In response to the Court's March 1, 2013, Order, the parties submit the following statements regarding the possibility of appeal and remaining damages-related issues to be decided.

**APPLE'S STATEMENT**

**INTRODUCTION**

On March 1, 2013, the Court granted Samsung's motion for a new trial on damages as to 14 infringing products and confirmed a $598 million damages award for the remaining products. (Dkt. 2271 at 26.)  The Court encouraged the parties "to seek appellate review of this Order before any new trial."  (*Id.*)  The Court also held that Apple should receive prejudgment interest and supplemental damages and set forth how to calculate that award, but deferred a decision on the specific amounts.  (*Id.* at 2, 6-8.)

Apple takes seriously the Court's encouragement, but after careful analysis, Apple believes that appellate review of the March 1 Order cannot be obtained until the damages retrial is held and supplemental damages are decided.  The current proceeding is still not final and until it is, the avenues for judicial review are unlikely to provide a resolution of the disputed issues or the present damages order.  If the Court nonetheless attempts to provide for appellate review now, the likely outcome is a remand from the Federal Circuit awaiting a final judgment.  Meanwhile, final resolution will have been delayed even further, and the Court and parties are likely to be troubled by iterative, incomplete resolutions.

Accordingly, Apple requests that the Court hold the new trial on damages in late June 2013 and resolve supplemental damages and prejudgment interest at the same time.  This all can occur promptly and expeditiously.  The parties have already developed an extensive record on damages.  Very limited discovery is needed to update Samsung's financial production, to adjust damages calculations in light of the Court's order, and to permit discovery of the damages expert who will replace Apple's damages expert, Terry Musika, who died of cancer after the trial. Dispositive motions and other pretrial motions practice are unnecessary as the issues have already moved to trial, and the remaining pretrial preparation can be expedited in light of the pretrial

**Draft of March 14, 2013**

1  orders already entered.  Finally, because of its limited scope, the damages retrial should require

2  no more than four court days, including jury selection, opening statement and closing argument.

3         Until a new trial is held, Apple and Samsung will be stuck "in limbo" without a final

4  judgment.  This will severely prejudice Apple, which has no injunction and cannot enforce even

5  the existing award.  Despite the jury's verdict and Samsung's representations to the Court that an

6  injunction was not needed because Samsung has discontinued or will soon discontinue all

7  infringing products and is implementing design-arounds that allegedly avoid infringement (Dkt.

8  2054 at 13-14.), Samsung has sold and continues to sell infringing products without making any

9  payment to Apple.  This outcome is fundamentally inconsistent with the patent system, which

10  confers the exclusive right to use the patented invention or design and entitles the patentee to

11  money damages for any past infringement.

12         Once a new trial is completed and the remaining elements of damages are liquidated, a

13  final judgment resolving all issues can be entered.  Apple can then enforce the monetary awards,

14  and the parties can obtain full appellate review.  This approach is the just, necessary, and

15  expedient action.  Any other outcome would unjustifiably prolong Samsung's three-year "free

16  ride" on Apple's legally protected technology.

17         Thus, Apple requests a scheduling and status conference with the Court to resolve the

18  timing for a new damages trial and order on supplemental damages on March 27, 2013 at 2:00

19  p.m. followed by an order scheduling a new trial in late June 2013.

20  **ARGUMENT**

21  **I.**      **APPELLATE REVIEW OF THE MARCH 1 ORDER SHOULD WAIT UNTIL**

22          **THE DAMAGES RETRIAL IS HELD AND SUPPLEMENTAL DAMAGES ARE**
        **DETERMINED**

23         The Order is not a "final decision" that could ground an appeal under 28 U.S.C.

24  § 1295(a)(1), as it necessarily envisions—and indeed directs—further proceedings in this Court.

25  *See Spread Spectrum Screening L.L.C. v. Eastman Kodak Co.*, 657 F.3d 1349, 1354 (Fed. Cir.

26  2011) ("Under the 'final judgment rule,' parties may only appeal a 'final decision of a district

27  court.'"  (quoting 28 U.S.C. § 1295(a)(1))).  Nor does the March 1 Order satisfy the requirements

28

**Draft of March 14, 2013**

1    for an interlocutory appeal.[1]  Any appeal at this time would thus be jurisdictionally improper and

2    would violate the Federal Circuit's policy against piecemeal appeals.  *See Enzo Biochem, Inc. v.*

3    *Gen-Probe, Inc.*, 414 F.3d 1376, 1378 (Fed. Cir. 2005) ("That final judgment rule exists to

4    prevent the piecemeal litigation of issues that practically constitute a single controversy, which as

5    separate appeals would otherwise frustrate efficient judicial administration."); *Pause Technology*

6    *LLC v. TiVo Inc.*, 401 F.3d 1290, __ (Fed. Cir. 2005) ("[P]iecemeal litigation is as strictly

7    precluded by the rule of finality for patent cases as it is for any other case.").

8          Nevertheless, Samsung has suggested that it intends to seek:  (1) entry of final judgment

9    under Federal Rule of Civil Procedure 54(b) on the liability issues and the affirmed portion of the

10   damages award; (2) certification of the March 1 Order for interlocutory appeal under 28 U.S.C.

11   § 1292(b); and (3) a stay of the March 1 Order.  Not only would Samsung's proposed course of

12   action postpone the final resolution of this case indefinitely but, as explained below, Apple does

13   not believe that Samsung has identified any viable options for immediate appellate review of any

14   issues in this case.

15         *First*, the liability issues and partial damages award are not amenable to judgment

16   pursuant to Federal Rule of Civil Procedure 54(b).  "Rule 54(b) allows a district court to sever an

17   individual claim that has been finally resolved."  *W.L. Gore & Assocs. v. Int'l Med. Prosthetics*

18   *Research Assocs., Inc.*, 975 F.2d 858, 861-62 (Fed. Cir. 1992) ("The requirement of finality

19   [under Rule 54(b)] is a statutory mandate and not a matter of a discretion.").  Rule 54(b) "does

20   not relax the finality required of each decision, as an individual claim, to render it appealable."

21   *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 435 (1956).  "To enter an appealable Rule 54(b)

22   judgment, the district court must have decided all pertinent issues regarding the claim, and not

23   just liability."  *Aspex Eyewear, Inc. v. Concepts in Optics, Inc.*, 153 Fed. App'x 730, 731 (Fed.

24   _____

25   [1]  As the Court noted (Dkt. 2271 at 6), the parties have taken previous appeals in this case:  (1)
     pursuant to 28 U.S.C. § 1292(a), Apple appealed the Court's denial of its requests for preliminary
26   and permanent injunctions; and (2) pursuant to the collateral order doctrine, Apple and Samsung
     appealed the Court's orders denying its requests to seal certain confidential materials.  Neither of
27   those provisions or doctrines—which are narrow exceptions to the final judgment rule—would
     allow for an immediate appeal of any liability or damages issues in this case.

28

**Draft of March 14, 2013**

1  Cir. 2005) (nonprecedential).  The district court must also "expressly determine[] that there is no

2  just reason for delay."  Fed. R. Civ. P. 54(b).

3         Here, the claims relating to Apple's '381, '915, and '163 utility patents and Apple's

4  D'677 and D'305 design patents have not been finally resolved, because they are all subject to the

5  new trial on damages.  (Dkt. 2271 at __.)  They accordingly should not be separated out in a Rule

6  54(b) judgment.  *See Aspex*, 153 Fed. App'x at 731 (dismissing appeal of Rule 54(b) judgment for

7  lack of jurisdiction and noting that, "[t]o enter an appealable Rule 54(b) judgment, the district

8  court must have decided all pertinent issues regarding the claim, *and not just liability*" (emphasis

9  added)); *see also Monument Mgmt. Ltd. P'ship I v. Pearl*, 952 F.2d 883, 885 (5th Cir. 1992)

10  (dismissing appeal of Rule 54(b) judgment that "disposed of most of the elements of damages

11  arising from Monument's inverse condemnation claim against the City, but … did not dispose of

12  that claim in its entirety").  Similarly, the claims relating to Apple's D'087 and D'889 design

13  patents and Apple's trade dress all involve accused Samsung products that are still subject to the

14  damages retrial or that were found to infringe Apple's utility patents.  The liability and damages

15  issues for all of these claims are thus so intertwined that they should be heard in a single appeal.

16  *See Boston Edison Co. v. United States*, 2008 WL 4889155, at *2 (Fed. Cir. 2008)

17  (nonprecedential) (holding that the district court erred in granting a Rule 54(b) certification

18  because the issues involved in the judgment for one plaintiff were "intertwined" with the issues

19  for the second plaintiff).

20         Granting a Rule 54(b) judgment as Samsung proposes would raise serious concerns

21  regarding judicial efficiency, since it would likely require many of the same liability and damages

22  issues to be heard in more than one appeal.  The Federal Circuit has vacated Rule 54(b)

23  judgments in similar situations to avoid the possibility of having "to decide multiple appeals with

24  the potential of overlapping factual and perhaps legal issues."  *Carotek, Inc. v. Kobayashi*

25  *Ventures, LLC*, 409 Fed. Appx. 329, 331 (Fed. Cir. 2010) (nonprecedential); *see Osage Tribe of*

26  *Indians of Okla. v. United States*, 263 Fed. Appx. 43, 44 (Fed. Cir. 2008) (nonprecedential)

27  (dismissing appeal from Rule 54(b) judgment where "the matters involved in the first phase of

28  this case are not asserted to be factually and legally distinct from remaining issues in the case"

**Draft of March 14, 2013**

1   and  stating that "we are not convinced that the [court below] properly exercised its discretion in

2   determining that there was no just reason for delay"); *see also Remediation Prods., Inc. v.*

3   *Adventus Americas, Inc.*, 2011 WL 1272924, at *1 (W.D.N.C. Apr. 1, 2011) (declining to grant

4   Rule 54(b) certification because separate patents related to same technology and product, and

5   stating that "the Court need not subject two separate appellate panels to the same [study], which

6   would require a duplication of significant judicial resources").

7       *Second*, certification of the March 1 Order for interlocutory appeal under 28 U.S.C.

8   § 1292(b) would also be inappropriate.  That provision is a narrow exception to "the basic policy

9   of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v.*

10  *Livesay*, 437 U.S. 463, 475 (1978).  As the Federal Circuit has recognized, "[t]he legislative

11  history of this exception indicates that it 'should only be used in exceptional cases where an

12  intermediate appeal may avoid protracted and expensive litigation.'" *Zoltek Corp. v. United*

13  *States*, 672 F.3d 1309, 1328 (Fed. Cir. 2012) (citing H.R. Rep. No. 85–1667, at 2 (1958)).  An

14  interlocutory appeal under § 1292(b) requires certification that this Court's "order involves a

15  controlling question of law as to which there is substantial ground for difference of opinion and

16  that an immediate appeal from the order may materially advance the ultimate termination of the

17  litigation." 28 U.S.C. § 1292(b).  To make such a certification, this Court would be required to

18  identify the specific "questions of law [that] are controlling," why the Court concludes that there

19  is a "substantial ground for difference of opinion," and how specifically an appeal will

20  "materially advance the ultimate termination of the litigation."  *E.g.*, *Green Edge Enters., LLC v.*

21  *Rubber Mulch Etc., LLC*, 450 Fed. App'x 978, 980 (Fed. Cir. 2011) (nonprecedential).

22      Although Apple respectfully disagrees with the Court's March 1 Order and believes that

23  the Court should have entered judgment in the full amount of the jury verdict, Apple does not

24  believe that the March 1 Order is eligible for certification under § 1292(b).  The Order involves

25  determinations that are likely not "controlling" within the meaning of § 1292(b) such that they

26  would "materially advance the ultimate termination of the litigation."  Any appeal from the Order

27  would therefore have to be raised in an appeal from a final judgment.  *Cf. In re Cisco Sys., Inc.*,

28  No. 975 (Fed. Cir. Mar. 4, 2011) (refusing petition for mandamus to review district court's order

1    of partial new trial, ruling that petitioner could "raise any challenge to the district court's

2    determinations on appeal from a final judgment").

3         Even if this Court were to certify the March 1 Order for interlocutory appeal under

4    § 1292(b), the Federal Circuit would still have to grant permission for such an appeal.  *Green*

5    *Edge*, 450 Fed. App'x at 979 ("Ultimately, this court must exercise its own discretion in deciding

6    whether it will grant permission to appeal interlocutory orders.").  The Federal Circuit has

7    allowed such extraordinary review in only a limited number of patent cases, recognizing that

8    "'[i]t has … long been the policy of the courts to discourage piece-meal appeals because most

9    often such appeals result in additional burdens on both the court and the litigants,' and thus

10    permissions for interlocutory appeals should be 'granted sparingly and with discrimination.'"  *Id.*

11    Because the Federal Circuit is unlikely to accept an interlocutory appeal of the March 1 Order,

12    going through the process of attempting such an appeal would only burden the courts and delay

13    the final resolution of this case.

14         *Finally*, Samsung's proposed stay of the March 1 Order would do nothing to advance the

15    ultimate resolution of this case; on the contrary, it would unnecessarily postpone the conclusion

16    of proceedings in this Court.  As discussed below, a damages retrial can be held promptly and

17    supplemental damages can be readily calculated after Samsung provides updated sales

18    information.  The best way to materially advance the ultimate conclusion of this litigation is to

19    conduct the retrial promptly and then enter a final, appealable judgment that would allow the

20    Federal Circuit to review this case in its entirety.

21    **II.**      **THE DAMAGES RETRIAL SHOULD BE HELD PROMPTLY, AFTER AN**
             **UPDATE TO PRIOR FINANCIAL DISCOVERY**
22

23         Because the Court and the parties all benefit from quick resolution and entry of an

24    appealable final judgment, Apple requests that the retrial be scheduled over three to four days the

     week of June 24, 2013 or the earliest possible date.  The existing pretrial record makes this both
25

26    feasible and prudent.  The retrial can be based on the same exhibits, the same witnesses, the same

     jury instructions, the same stipulations, and the same pretrial rulings as the first trial, with four
27

28    limited exceptions.

**Draft of March 14, 2013**

1    First, Samsung's financial information needs to be updated for three products at issue in

2    the new trial (Droid Charge, Galaxy Prevail, and Galaxy Tab).  Sales of these three products

3    continued for a few months after June 30, 2012, the date of Samsung's last financial update.  (*See*

4    Dkt. 2060 at 3-4, 9.)  A further update is necessary so that the new trial will address all relevant

5    damages for all relevant periods with respect to the fourteen products for which a new trial has

6    been ordered.  Samsung's witnesses previously testified that a prior, more complicated update had

7    been prepared in two weeks for all 26 products included in the first trial.  [Dep. __:__].  Two

8    weeks should thus be more than sufficient time to update three products for the several months of

9    additional sales after June 30, 2012.   Once this production occurs, no supplemental damages

10   calculation will be needed following a new trial.

11   Second, to permit a calculation of supplemental damages for the remaining products for

12   which a new trial was not ordered, the Court should order Samsung to provide updated unit sales

13   information for the products that form part of the $600 million judgment that was confirmed for

14   the period October 2012 through the last sale (or until the new trial).  Samsung has previously

15   produced unit sales information through September for these products in discovery and in the

16   October 12, 2012 declaration from Corey Kerstetter.  This task is trivial and, if needed, could be

17   done in a matter of days using Samsung's accounting system.  This very limited update to the

18   preexisting production of financial data will make it possible to resolve all supplemental damages

19   and prejudgment interest.

20   Third, Apple needs to substitute a new damages expert because its prior expert, Terry

21   Musika, passed away from cancer in December 2012.  Apple will disclose a new expert shortly

22   after the Court's order scheduling a new trial and can provide a supplemental damages report that

23   reflects this expert's opinions and Apple's new damages calculations in light of the verdict and

24   the Court's order 10 days after receiving the financial information for the three products

25   identified above or on April 26, 2013, whichever is later.  Within 10 days thereafter, Samsung can

26   provide a rebuttal report from Mr. Wagner limited to the revisions arising in the supplemental

27   report, and both experts can be promptly deposed.  This schedule is reasonable because both sides

28   are already thoroughly familiar with the damages evidence and issues.

Draft of March 14, 2013

1    Fourth, Apple and Samsung will need to provide updated damages exhibits to replace

2    exhibits, such as PX25A1, DX781, JX1500 that reflect prior damages and financial calculations

3    so that they reflect the 14 products at issue, the notice dates stated in the March 1 order, and the

4    supplemental opinions discussed above.  This limited update can be done shortly after the reports

5    and depositions identified above.

6    In light of the foregoing, Apple proposes the following schedule for the new damages

7    trial, assuming issuance of the scheduling order on or about March 27, 2013.

| | |
|---|---|
| 8   Apple's disclosure of substituted expert | April 1, 2013 |
| 9   Samsung disclosure of financial information | April 9, 2013 |
| 10   Supplemental damages report of new expert | April 26, 2013 |
| 11   Supplemental rebuttal report of Michael Wagner | May 10, 2013 |
| 12   Depositions of Wagner and Apple's new expert | by May 21, 2013 |
| 13   Updated Joint Pretrial Statement | May 24, 2013 |
| 14   Updated damages exhibits | May 24, 2013 |
| 15   Pretrial conference | June 6, 2013 |
| 16   Trial | June 25 to 28, 2013 |

17   **III.    THE COURT SHOULD AWARD SUPPLEMENTAL DAMAGES FOR
18              PRODUCTS NOT IN THE RETRIAL, TOGETHER WITH PREJUDGMENT
              INTEREST ON ALL DAMAGES**

19   As noted above, Apple will present an updated damages claim at the retrial that takes into

20   account all of Samsung's infringing sales of the products at issue.  No supplemental damages will

21   be needed for these 14 products.

22   Further, the Court has already stated how supplemental damages should be determined

23   with respect to the products for which the Court confirmed the jury's award of $598,908,892.

24   (*See* Dkt. 2271 at 26.)  The Court also held that an award of supplemental damages is "necessary"

25   to provide "compensation for every infringing sale," including sales after the period covered by

26   the jury verdict.  (*Id.* at 2.)  The Court's existing order leaves only a mechanical, arithmetic

27   calculation to be completed once Samsung produces information on its remaining sales.  Apple is

28   prepared to submit its calculation of supplemental damages within three weeks of receiving that

**Draft of March 14, 2013**

1   information, and using this information, the Court can enter a final calculation of supplemental

2   damages.  The same circumstances are true of prejudgment interest, given the specificity of the

3   Court's March 1 ruling on how it should be calculated.  Apple is prepared to submit its arithmetic

4   before or after a retrial as the Court prefers.  In this way, the Court will be in a position to enter a

5   final judgment on all products and damages issues promptly after a retrial, and the parties can

6   then obtain appellate review of any rulings on damages or other issues to which they object.

7

8   Dated: March ##, 2013                        MORRISON & FOERSTER LLP

9

10                                             By: _____
                                                   Michael A. Jacobs

11                                                Attorneys for Plaintiff
12                                                APPLE INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

APPLE'S STATEMENT RE FURTHER POST-TRIAL PROCEEDINGS
CASE NO. 11-cv-01846-LHK (PSG)                                                        9
pa-1578465