HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
ERIK OLSON (CA SBN 175815)
ejolson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>    Defendants. | Case No. 11-cv-01846-LHK (PSG)<br><br>**APPLE'S OPPOSITION TO SAMSUNG'S MOTION FOR ENTRY OF PARTIAL JUDGMENT PURSUANT TO RULE 54(B) AND FOR STAY PENDING APPEAL** |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. ii

INTRODUCTION ............................................................................................................... 1

ARGUMENT ....................................................................................................................... 1

I.      THE COURT SHOULD DENY SAMSUNG'S REQUEST FOR ENTRY OF
JUDGMENT PURSUANT TO RULE 54(B). ........................................................... 1

     A.    Rule 54(b) Does Not Permit Entry of Samsung's Requested Judgment
Because Apple's Claims for Relief Have Not Been Finally Resolved. .................. 2

          1.    The Court Has Not Finally Resolved Apple's "Claims for Relief." ............ 2

          2.    Samsung Improperly Attempts To Redefine Apple's Patent
Infringement "Claims" by Product. ............................................................. 3

          3.    Even If Samsung Were Correct That Each Product Represents a
Separate "Claim," Those "Claims" Are Not Final in Light of the
Need To Resolve Supplemental Damages and Prejudgment
Interest. ....................................................................................................... 7

     B.    Samsung's Proposed Rule 54(b) Judgment Does Not Meet the "No Just
Reason for Delay" Standard ................................................................................... 9

          1.    Entering Judgment Now Would Not Provide the Court with
Appellate Guidance Regarding the Management of Any New Trial ......... 10

          2.    Entering Judgment Now Would Lead to Delay and Judicial
Inefficiencies. ............................................................................................ 11

     C.    The Federal Circuit Is Likely To Dismiss Any Appeal from a Judgment
Under Rule 54(b). ................................................................................................ 13

II.     AT A MINIMUM, THE COURT SHOULD FINALLY RESOLVE ALL ISSUES
REGARDING DAMAGES AND RELIEF BEFORE ENTERING A RULE 54(B)
JUDGMENT. ........................................................................................................ 14

     A.    Supplemental Damages Should Be Calculated. ................................................... 14

     B.    Prejudgment Interest Should Be Calculated. ....................................................... 15

     C.    The Court Should Correct Errors in the March 1 Order. ...................................... 15

     D.    The Parties Should Jointly Review Any Final Judgment. .................................... 17

III.    THE COURT SHOULD DENY SAMSUNG'S REQUEST TO STAY FURTHER
PROCEEDINGS RELATED TO THE NEW TRIAL PENDING APPEAL. ................... 17

CONCLUSION .................................................................................................................. 19

1

# TABLE OF AUTHORITIES

2

CASES

3

*American Honda Motor Co. v. Coast Distribution Systems, Inc.*,
4    2007 WL 672521 (N.D. Cal. Feb. 26, 2007) ........................................................18

5    *Aspex Eyewear, Inc. v. Concepts in Optics, Inc.*,
     153 Fed. App'x 730 (Fed. Cir. 2005) (non-precedential) .................................3, 4, 13

6
*ASUSTek Computer Inc. v. Ricoh Co.*,
7    2007 WL 4190689 (N.D. Cal. Nov. 21, 2007) ......................................................19

8    *Carotek, Inc. v. Kobayashi Ventures, LLC*,
     409 Fed. App'x 329 (Fed. Cir. 2010) (non-precedential) ...................................8-9, 12, 13-14
9
*Curtiss-Wright Corp. v. General Electric Co.*,
10   446 U.S. 1 (1980)..................................................................................1, 2, 7, 9, 10

11   *Dependable Highway Express, Inc. v. Navigators Insurance Co.*,
     498 F.3d 1059 (9th Cir. 2007) ...........................................................................18
12
*Eolas Technologies, Inc. v. Microsoft Corp.*,
13   2004 WL 170334 (N.D. Ill. Jan 15, 2004),
     *vacated in part on other grounds*, 339 F.3d 1325 (Fed. Cir. 2005).........................8
14
*Gottesman v. General Motors Corp.*,
15   279 F. Supp. 361 (S.D.N.Y. 1967).......................................................................7
16
*Gottesman v. General Motors Corp.*,
17   401 F.2d 510 (2d Cir. 1968)................................................................................7

18   *Itron, Inc. v. Benghiat*,
19   2003 WL 22037710 (D. Minn. Aug. 29, 2003) .....................................................8

20   *Kahn v. General Motors Corp.*,
     889 F.2d 1078 (Fed. Cir. 1989)...........................................................................18
21
*Lockyer v. Mirant Corp.*,
22   398 F.3d 1098 (9th Cir. 2005) ............................................................................18

23   *Monument Management Limited Partnership I v. Pearl*,
24   952 F.2d 883 (5th Cir. 1992) ..............................................................................3

25   *National Oilwell Varco, L.P. v. Pason Systems USA Corp.*,
     346 Fed. App'x 582 (Fed. Cir. 2009) (non-precedential) ......................................4
26
*Nystrom v. TREX Co.*,
27   339 F.3d 1347 (Fed. Cir. 2003)........................................................................13, 14

28

*Pause Technology LLC v. TiVo Inc.*,
   401 F.3d 1290 (Fed. Cir. 2005)........................................................................................13, 14

*Pellegrini v. Analog Devices, Inc.*,
   375 F.3d 1113 (Fed. Cir. 2004)....................................................................................................6

*Sears, Roebuck & Co. v. Mackey*,
   351 U.S. 427 (1956)....................................................................................2, 3, 6, 7, 10, 13

*W.L. Gore & Associates v. International Medical Prosthetics Research
   Associates, Inc.*, 975 F.2d 858 (Fed. Cir. 1992)..........................................................2, 4, 7, 13

*Wm. Wrigley Jr. Co. v. Cadbury Adams USA LLC*,
   2010 WL 4115427 (N.D. Ill. Oct. 18, 2010) (non-precedential) ................................................5

*Wm. Wrigley Jr. Co. v. Cadbury Adams USA LLC*,
   683 F.3d 1356 (Fed. Cir. 2012)....................................................................................................5


**OTHER AUTHORITIES**

Fed. R. Civ. P.
   Rule 54(b) ....................................................................................................................... *passim*

APPLE'S OPPOSITION TO SAMSUNG'S MOTION FOR ENTRY OF PARTIAL JUDGMENT PURSUANT TO RULE 54(B)
AND FOR STAY PENDING APPEAL
CASE NO. 11-CV-01846-LHK

iii

1

## INTRODUCTION

2          Apple respects the Court's desire for appellate review of the March 1 Order regarding

3   damages (Dkt. 2271), but Apple believes that the Federal Circuit cannot review the liability and

4   damages issues that Samsung seeks to place before it pursuant to Rule 54(b).  Both Apple and

5   Samsung agree that an interlocutory appeal under 28 U.S.C. § 1292(b) is not feasible and that the

6   Court's March 1 Order itself is not reviewable.  (*See* Dkt. 2281 at 8.)  Samsung has offered only

7   one proposed course of action—which seeks entry of a final judgment on the 14 Samsung

8   products for which the Court upheld the jury's damages award and a stay of the new trial on

9   damages relating to the other 14 Samsung products—and it fares no better.  It does not track the

10  requirements of Rule 54(b), would cause unnecessary delay and judicial inefficiencies, and

11  would not advance the Court's goal of obtaining Federal Circuit guidance on the March 1

12  Order's grant of a new trial or the damages issues it identifies.  To the contrary, Samsung's

13  proposal is likely to lead to a remand without a substantive decision from the Federal Circuit.

14  For these reasons, Samsung's motion should be denied, and the Court should schedule a new

15  trial on the remaining damages issues, after which final judgment may be entered as to all claims

16  in the case.

17                         **ARGUMENT**

18  **I.      THE COURT SHOULD DENY SAMSUNG'S REQUEST FOR ENTRY OF
            JUDGMENT PURSUANT TO RULE 54(B).**

19

20          Rule 54(b) provides in relevant part:

21                  When an action presents more than one claim for relief—whether as a
                    claim, counterclaim, crossclaim, or third-party claim—or when

22                  multiple parties are involved, the court may direct entry of a final
                    judgment as to one or more, but fewer than all, claims or parties only if

23                  the court expressly determines that there is no just reason for delay.

24  Fed. R. Civ. P. 54(b).

25          Before entering a final judgment under this rule, a district court must make two

26  determinations.  Initially, the court must determine that one or more claims for relief have been

27  finally resolved.  *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7 (1980).  This

28

1    requirement of finality is "a statutory mandate and not a matter of  discretion."  *W.L. Gore &*

2    *Assocs. v. Int'l Med. Prosthetics Research Assocs., Inc.*, 975 F.2d 858, 862 (Fed. Cir. 1992).

3    After concluding that one or more individual claims have been finally resolved, the court must

4    expressly determine that there is no "just reason [to] delay" the appeal of those individual claims.

5    *Curtiss-Wright*, 446 U.S. at 8; *see also* Fed. R. Civ. P. 54(b).  Those requirements are not

6    satisfied here.

### A.    Rule 54(b) Does Not Permit Entry of Samsung's Requested Judgment Because Apple's Claims for Relief Have Not Been Finally Resolved.

7

8            Rule 54(b) permits entry of a final judgment with respect to one or more individual

9

10   claims in a multiple-claim lawsuit *only if* those individual claims have been "finally resolved."

11   *W.L. Gore*, 975 F.2d at 861-862.  Rule 54(b) "does not relax the finality required of each

12   decision, as an individual claim, to render it appealable."  *Sears, Roebuck & Co. v. Mackey*, 351

13   U.S. 427, 435 (1956).  A judgment under Rule 54(b) "must be 'final' in the sense that it is 'an

14   ultimate disposition of an individual claim entered in the course of a multiple claims action.'"

15   *Curtiss-Wright Corp.*, 446 U.S. at 7 (quoting *Sears*, 351 U.S. at 436).  As explained below,

16   Samsung's requested judgment does not satisfy Rule 54(b)'s requirement of finality.

### 1.    The Court Has Not Finally Resolved Apple's "Claims for Relief."

17           Samsung asks the Court to enter a final judgment under Rule 54(b) with respect to

18

19   "Apple's claims related to 14 accused Samsung products."  (Dkt. 2281 at 3.)  But Apple has

20   asserted claims for infringement of its intellectual property rights, not separate "claims" for each

21   accused Samsung product.  Apple's Amended Complaint identifies, for example, the following

22   infringement claims, which implicate all 14 products that Samsung seeks to include in a Rule

23   54(b) judgment:  (1) infringement of the '381 patent ("Ninth Claim for Relief"); (2) infringement

24   of the '915 patent ("Twelfth Claim for Relief"); (3) infringement of the '163 patent ("Fourteenth

25   Claim for Relief"); (4) infringement of the D'305 patent ("Eighteenth Claim for Relief"); and (5)

26   infringement of the D'677 patent ("Nineteenth Claim for Relief").  (Dkt. 75 at 51, 53-55, 57-58.)

27

28

APPLE'S OPPOSITION TO SAMSUNG'S MOTION FOR ENTRY OF PARTIAL JUDGMENT PURSUANT TO RULE 54(B) AND FOR STAY PENDING APPEAL
CASE NO. 11-CV-01846-LHK

2

None of these claims, however, has been finally resolved because they all are subject to the new trial on damages. (*See* Dkt. 2271 at 14-15, 22-24, 25-26.) They accordingly *cannot* be included in a final judgment under Rule 54(b) because, as Samsung agrees (Dkt. 2281 at 5), a claim is not final until the Court has resolved all issues relating to both liability and remedies for that claim. *See Aspex Eyewear, Inc. v. Concepts in Optics, Inc.*, 153 Fed. App'x 730, 731 (Fed. Cir. 2005) (non-precedential) ("To enter an appealable Rule 54(b) judgment, the district court must have decided all pertinent issues regarding the claim, and not just liability."); *see also Monument Mgmt. Ltd. P'ship I v. Pearl*, 952 F.2d 883, 885 (5th Cir. 1992) (dismissing appeal of Rule 54(b) judgment that "disposed of most of the elements of damages arising from Monument's inverse condemnation claim against the City, but … did not dispose of that claim in its entirety").

### 2.    Samsung Improperly Attempts To Redefine Apple's Patent Infringement "Claims" by Product.

Attempting to evade Rule 54(b)'s finality requirement, Samsung asks the Court to separate out portions of the case for final judgment by *product*, rather than by *claim for relief*. But the text of Rule 54(b) refers to "when an action presents one or more claim[s] for relief— whether as a claim, counterclaim, crossclaim, or third-party claim." Fed. R. Civ. P. 54(b). It thus makes clear that the only "claims for relief" that may be included in a Rule 54(b) judgment are individual claims as defined by—as "presented" in—the pleadings, not as redefined by a party wishing to take an immediate appeal of strategically-selected portions of a case. Samsung's suggested carving out of so-called "claims" by product is simply not what Rule 54(b) contemplates or what was pleaded or tried in this case.

The Supreme Court has confirmed that, in determining finality under Rule 54(b), courts "must examine *the claims stated in the complaint* so as to consider adequately the issue of appealability." *Sears*, 351 U.S. at 429 (emphasis added); *id.* at 429-432 (reviewing claims stated in Counts I, II, III, and IV of complaint for finality). The Federal Circuit has accordingly reviewed Rule 54(b) judgments for finality on a claim-by-claim basis, not a product-by-product

APPLE'S OPPOSITION TO SAMSUNG'S MOTION FOR ENTRY OF PARTIAL JUDGMENT PURSUANT TO RULE 54(B) AND FOR STAY PENDING APPEAL
CASE NO. 11-CV-01846-LHK

3

basis.  Most commonly, the Federal Circuit has considered the finality of individual "claims" for patent infringement, including all of their associated defenses and remedies.  *See*, *e.g.*, *W.L. Gore*, 975 F.2d at 863 (considering "[f]inality of adjudication of infringement claim"); *Nat'l Oilwell Varco, L.P. v. Pason Sys. USA Corp.*, 346 Fed. App'x 582, 583 (Fed. Cir. 2009) (non-precedential) ("[I]t was improper for the district court to enter Rule 54(b) judgment because the inequitable conduct defense is pending.  Thus, the patent infringement claim was not finally adjudicated."); *Aspex*, 153 Fed. App'x at 731 ("[N]ot all aspects of the claim for infringement have been decided and thus that claim for relief may not be certified.").  Apple is not aware of a single instance—nor does Samsung cite any—in which the Federal Circuit has determined the finality of a judgment on a product-by-product basis rather than a claim-by-claim basis.

Consistent with the text of Rule 54(b) and Federal Circuit case law—but contrary to its position here—Samsung has this year confirmed in a different district court that a "claim" within the meaning of Rule 54(b) refers to an entire claim as pleaded, and not merely to selected pieces of that claim.  In a case before the United States District Court for the Eastern District of Texas, Samsung argued:

> This reference to a "claim" also appears in Rule 54(b) ….  A "'claim' is generally understood to include *all factually or legally connected elements of a case*."  *Okla. Turnpike Auth. v. Bruner*, 259 F.3d 1236, 1242 (10th Cir. 2001) (applying Rule 54(b)).  In other words, *a "claim" means a "cause of action."  Smith v. Benedict*, 279 F.2d 211, 213 (7th Cir. 1960) (interpreting Rule 54(b)).

(Jacobs Decl., Ex. 1, Samsung's Motion Pursuant to Fed. R. Civ. P. 59(E) to Alter or Amend the Judgment at 2, *Fractus v. Samsung*, No. 09-cv-00203 (E.D. Tex. July 26, 2012) (emphases added).)  Samsung further explained that "[t]he subparts of a claim are not individual 'claims' of their own."  (*Id.* at 3.)  Thus, as Samsung correctly noted in the Texas case, an "actual claim" is, for example, a claim for infringement of an individual patent, including all of the associated liability and remedy issues for the asserted patent.  (*Id.* at 4.)

Because the law is clear that the pleadings define the "claims" for Rule 54(b) purposes, Samsung does not—and cannot—identify any Supreme Court or Federal Circuit precedent to

APPLE'S OPPOSITION TO SAMSUNG'S MOTION FOR ENTRY OF PARTIAL JUDGMENT PURSUANT TO RULE 54(B) AND FOR STAY PENDING APPEAL
CASE NO. 11-CV-01846-LHK

4

1  support its theory of dividing "claims" by product.  Instead, Samsung's motion relies on a single

2  unpublished district court opinion, *Wm. Wrigley Jr. Co. v. Cadbury Adams USA LLC*, 2010 WL

3  4115427 (N.D. Ill. Oct. 18, 2010) (non-precedential).  (Dkt. 2281 at 5-6.)  But in that case, the

4  "the parties fundamentally agree[d] that Rule 54(b) certification [was] proper." *Id.* at *8.

5  Cadbury merely sought deferral of the partial judgment but, as the district court noted, had

6  previously conceded finality and requested entry of a Rule 54(b) judgment.  *Id.*at *6 ("[I]n

7  support of its first request for 54(b) certification, filed in July of 2009, Cadbury specifically

8  argued that the finality of the Court's June Order on non-infringement of the '893 patent was

9  unaffected by Cadbury's pending claim of infringement by Wrigley's experimental products.");

10  *see also id.* at *2.  The court then entered a Rule 54(b) judgment with respect to Wrigley's

11  commercial products, stating that "[t]hroughout this litigation, the parties have treated the issue

12  of infringement by Wrigley's *commercial* products and infringement by Wrigley's *experimental*

13  products as separate claims." *Id.* at *6.  There is no indication that the Federal Circuit examined

14  the question of finality or agreed even with this distinction.[1]

15        Here, in contrast, the parties have litigated the issue of infringement with an emphasis on

16  the specific patents and not some inherent or artificial distinction among the individual products.

17  Contrary to its position in the present motion, where Samsung addressed infringement, Samsung

18  did not tailor any argument regarding infringement or damages to specific products or specific

19  applications.[2]  (*See, e.g.*, Trial Tr. 2910-12 (Gray '915 patent non-infringement testimony); *id.* at

20  3021-22, 3024-25, 3053-54 (Wagner damages testimony addressing Samsung's total profits,

21

22  _____

[1]  On appeal, Cadbury challenged the district court's judgment only with respect to Wrigley's
23  commercial products and the Federal Circuit noted that Cadbury had not pursued any decisions
   relating to the experimental products on appeal.  *Wm. Wrigley Jr. Co. v. Cadbury Adams USA*
24  *LLC*, 683 F.3d 1356, 1359 n.2 (Fed. Cir. 2012).  It is not clear that the Federal Circuit was even
   aware that there had been a Rule 54(b) judgment; its opinion did not mention Rule 54(b), let
25  alone address the propriety of the Rule 54(b) judgment.  *See id.*

26  [2]  Notably, Samsung did not present *any* expert or lay witness to testify evidence that the '381
   patent and '163 patent were not infringed and its non-infringement evidence for the '915 patent
27  did not address any product specifically.  (Tr. 2910-12.)

28

APPLE'S OPPOSITION TO SAMSUNG'S MOTION FOR ENTRY OF PARTIAL JUDGMENT PURSUANT TO RULE 54(B)
AND FOR STAY PENDING APPEAL
CASE NO. 11-CV-01846-LHK

5

1   Apple's lost profits and reasonable royalty).)  Mr. Wagner provided a only a lump sum

2   reasonable royalty calculation by patent and offered no royalty calculations related to any

3   specific product.  (Trial Tr. 3054-55.)  Apple and Samsung litigated this case based on Apple's

4   "claims for relief" as presented in Apple's amended complaint and not the product-by-product

5   division that Samsung now proposes.

6          Samsung nevertheless suggests that this case is like *Wrigley* because "the verdict form …

7   was expressly particularized on a product-by-product basis."  (Dkt. 2281 at 6.)  On the contrary,

8   the verdict form was arranged on a patent-by-patent, or claim-by-claim, basis for all liability

9   questions.  For example, Question 1 asked about infringement of the '381 patent, Question 2

10  asked about infringement of the '915 patent, Question 3 asked about infringement of the '163

11  patent, and so on.  (Dkt. 1931 at 2-4.)  That the verdict form *also* asked the jury to make findings

12  with respect to individual products does not change the nature of Apple's "claims for relief," and

13  that added specificity was included to ensure that the jury did not "double-count" damages for

14  Samsung products that infringed or diluted more than one of Apple's intellectual property rights.

15  (*See id.* at 16.)  The verdict form was thus consistent with the way the parties pleaded and

16  litigated Apple's claims—based on individual patents and trade dresses.  But even under

17  Samsung's view of the verdict form, the unpublished district court opinion in *Wrigley* cannot

18  override the Supreme Court's statement that Rule 54(b) requires "examin[ing] *the claims stated*

19  *in the complaint* so as to consider adequately the issue of appealability."  *Sears*, 351 U.S. at 429.

20          Nor do any of the additional cases Samsung cites in opposition (Dkt. 2286) to Apple's

21  motion for a case management conference support a different result.  In *Pellegrini v. Analog*

22  *Devices, Inc.*, 375 F.3d 1113 (Fed. Cir. 2004), the district court entered a Rule 54(b) judgment on

23  the patentee's claim for induced infringement under 35 U.S.C. § 271(f)(1) relating to the

24  defendant's manufacture of components outside of the United States.  *Id.* at 1115.  The

25  patentee's claim for direct infringement under 35 U.S.C. § 271(a) relating to the defendant's

26  product testing in the United States remained pending in the district court.  *Id.* at 1115 n.2.  That

27  result is entirely consistent with *Sears* and Rule 54(b)'s requirement of finality of a separate and

28

1    distinct claim.  The claim on which the district court entered a Rule 54(b) judgment in *Pelligrini*

2    involved separate conduct and a separate statutory provision with distinct requirements for

3    proving infringement from the claim that remained pending in the district court.  Indeed, those

4    claims were even *pleaded separately in the patentee's complaint*.  (*See* Jacobs Decl., Ex. 2,

5    Complaint, *Pellegrini v. Analog Devices, Inc.*, No. 02-cv-11562-RWZ (D. Mass. Aug. 1, 2002),

6    ¶¶ 5-8 (allegations relating to induced infringement under § 271(f)(1)), ¶ 9 (allegations relating

7    to direct infringement under § 271(a)).)

8          Likewise, *Gottesman v. General Motors Corp.*, 401 F.2d 510 (2d Cir. 1968), involved a

9    partial final judgment on separate causes of action in the complaint, not merely separate

10   products.  *See id.* at 512; *Gottesman v. Gen. Motors Corp.*, 279 F. Supp. 361, 385 (S.D.N.Y.

11   1967) (order appealed from dismissing "[t]he first and ninth cause of action in the amended

12   consolidated complaint," out of fourteen total claims pleaded).  Indeed, consistent with the way

13   in which the plaintiffs pleaded their case, the Second Circuit noted that the claims on which the

14   district court entered partial final judgment involved "[d]ifferent exhibits, proof and witnesses"

15   from those remaining in the district court such that "different operative facts will determine the

16   result."  401 F.2d at 511.  Here, by contrast, the parties presented the same witnesses and much

17   of the same evidence for all of the products accused of infringing a particular patent, and final

18   judgment as to certain products but not others would lead to piecemeal consideration of

19   overlapping issues on appeal.

20         **3.      Even If Samsung Were Correct That Each Product Represents a
                     Separate "Claim," Those "Claims" Are Not Final in Light of the Need
21                   To Resolve Supplemental Damages and Prejudgment Interest.**

22         As noted above, Rule 54(b)'s requirement that the "claim for relief" be "final" is "a

23   statutory mandate and not a matter of discretion."  *W.L. Gore*, 975 F.2d at 861-862.  A judgment

24   under Rule 54(b) "must be 'final' in the sense that it is 'an ultimate disposition of an individual

25   claim entered in the course of a multiple claims action.'"  *Curtiss-Wright*, 446 U.S. at 7 (quoting

26   *Sears*, 351 U.S. at 436).  Samsung repeatedly reinforces this requirement in its motion, stating:

27

28

1    "[the] court has reached an ultimate disposition of some but not all claims" (Dkt. 2281 at 3);

2    "there are *no* unresolved liability and damages issues with respect to any of these products" (*id.*);

3    "a claim must be finally resolved" (*id.* at 4); "the Court has resolved all issues – as to both

4    liability *and* damages" (*id.* at 5); "the Court has resolved all issues of both liability and remedy

5    with respect to 14 Samsung products" (*id.* at 6); and "[h]ere, in contrast, damages (as well as

6    liability) for 14 products have been fully resolved" (*id.* at 6-7).

7          But Samsung's suggestion that all issues of relief are resolved for these 14 products is

8    incorrect.  As the Court noted, "[b]ecause the Court *must* make an award for any sales for which

9    the jury did not, an award of supplemental damages is required."  (Dkt. 2271 at 2 (emphasis

10   added).)  The Court has defined how supplemental damages should be awarded (*id.* at 4-6), but

11   has not resolved the amount:  "Given the number and complexity of the issues *that remain*

12   *unresolved*, the Court finds that it would be appropriate to delay consideration of the evidence of

13   actual post-verdict sales until after the completion of appeals in this case."  (*Id.* at 6 (emphasis

14   added).)  These issues cannot be both "unresolved," as the Court has described them, and "fully

15   resolved" as Samsung has said.  The unresolved issues regarding supplemental damages

16   primarily rest with the products that are the subject of the damages award that the Court

17   confirmed because these products were introduced later and therefore remained on sale from

18   August 25, 2012, the date from which the Court has ruled that supplemental damages will be

19   calculated.  (Dkt. 2271 at 3-5; *see* Dkt. 2060, Kerstetter Decl. ¶¶ 7-8.)  Thus, supplemental

20   damages are due for each of the three Galaxy S II line of products (Skyrocket, Epic 4G Touch,

21   T-Mobile), the Galaxy S 4G, and the Galaxy S Showcase under the Court's rubric. (*Id.*)

22         The same is true for prejudgment interest.  The Court agrees that prejudgment interest

23   should be awarded and has determined how it shall be calculated.  (Dkt. 2271 at 7-8.)  Yet the

24   Court has not calculated the amount of this prejudgment interest so that it could be included in

25   the allegedly final *judgment* that Samsung seeks under Rule 54(b).

26         In its response to Apple's administrative motion seeking a case management conference,

27   Samsung argues that two cases cited by the Court suggest that an appeal is permitted when

28

APPLE'S OPPOSITION TO SAMSUNG'S MOTION FOR ENTRY OF PARTIAL JUDGMENT PURSUANT TO RULE 54(B) AND FOR STAY PENDING APPEAL
CASE NO. 11-CV-01846-LHK

8

1   supplemental damages and prejudgment interest remain outstanding.  (*See* Dkt. 2271 at 6 (citing

2   *Itron, Inc. v. Benghiat*, 2003 WL 22037710, at *16 (D. Minn. Aug. 29, 2003); and *Eolas*

3   *Technologies, Inc. v. Microsoft Corp.*, 2004 WL 170334, at *8 (N.D. Ill. Jan 15, 2004), *vacated*

4   *in part on other grounds*, 339 F.3d 1325 (Fed. Cir. 2005).)  Neither *Intron* nor *Eolas* apply here.

5   Neither involved Rule 54(b) or a circumstance in which a new trial had been ordered and was

6   still pending.  In both cases, all issues of liability and all review of the jury's verdict had been

7   completed and nothing other than an accounting for supplemental damages remained.  Under the

8   circumstances, an appeal occurred within the limited confines of 28 U.S.C. § 1292(c).  Neither

9   Samsung nor Apple has argued that this exception applies here, and Samsung offers no authority

10  that Rule 54(b)'s requirement of complete finality can be modified by this or any other statute so

11  that a Rule 54(b) judgment can be entered while supplemental damages remain to be calculated.

12      The finality requirement in Rule 54(b) is both jurisdictional and mandatory.  Damages

13  and relief cannot be both "finally resolved," as Samsung's argues, and as yet "unresolved," as the

14  Court has stated.  Thus, until the amount of supplemental damages is finalized for the products

15  on which the verdict was confirmed and prejudgment interest has been calculated, a Rule 54(b)

16  judgment cannot be entered.  Any appeal from a Rule 54(b) judgment will thus be subject to

17  dismissal or remand without substantive review.

18      **B.      Samsung's Proposed Rule 54(b) Judgment Does Not Meet the "No Just**
        **Reason for Delay" Standard.**

19

20      Even if the Court were to determine that certain individual claims in this case have been

    finally resolved, it still should not certify those claims for final judgment under Rule 54(b).  As

21  the Supreme Court has cautioned, "[n]ot all final judgments on individual claims should be

22  immediately appealable, even if they are in some sense separable from the remaining unresolved

23  claims."  *Curtiss-Wright*, 446 U.S. at 8.  Entry of judgment under Rule 54(b) requires a court to

24  "take into account judicial administrative interests as well as the equities involved."  *Id.*  A

25  judgment under Rule 54(b) should not be entered, for example, if it is likely to require the

26  Federal Circuit "to decide multiple appeals with the potential of overlapping factual and perhaps

27

28

legal issues." *Carotek, Inc. v. Kobayashi Ventures, LLC*, 409 Fed. App'x 329, 331 (Fed. Cir. 2010) (non-precedential).  Consideration of these factors "is necessary to assure that application of [Rule 54(b)] effectively 'preserves the historic federal policy against piecemeal appeals.'" *Curtiss-Wright*, 446 U.S. at 8 (quoting *Sears*, 351 U.S. at 438).  Applying these guidelines, the Court should deny Samsung's request for entry of partial final judgment under Rule 54(b).

### 1.   Entering Judgment Now Would Not Provide the Court with Appellate Guidance Regarding the Management of Any New Trial.

Samsung asserts that entering judgment under Rule 54(b) "would afford the Federal Circuit the opportunity to review all issues involving the 14 products … [and] will provide the Court with direction for how to try … the claims against the other accused products."  (Dkt. 2281 at 8.)  But, as discussed below, there is a strong likelihood that the Federal Circuit would dismiss any appeal from Samsung's proposed Rule 54(b) judgment for lack of jurisdiction—resulting in delay, a waste of appellate judicial resources, and no guidance regarding the new trial on damages (or anything else).

Moreover, even if the Federal Circuit were to consider the issues raised in an appeal from Samsung's proposed Rule 54(b) judgment, it still would not be able to provide direction concerning the new trial on damages or supplemental damages.  Samsung acknowledges that the Court's March 1 Order itself is not reviewable.  (Dkt. 2281 at 8 ("[T]he portion of the order granting a new trial is non-final ….").)  Nor could the specific damages issues relevant to the new trial—what the Court described as "an impermissible legal theory on which the jury based its [damages] award" for 14 Samsung products (Dkt. 2271 at 26), "award of Samsung's profits" for the Galaxy Prevail (*id.* at 14), "impermissible infringer's profits award" (*id.* at 22), and "reasonable royalty awarded but damages period too long" (*id.* at 25-26)—be included in any appeal from Samsung's proposed Rule 54(b) judgment since there is no final judgment that encompasses those issues.

Instead, Samsung asks the Court to *stay* the portion of the case that includes these new trial issues until *after* any appeals from the Rule 54(b) judgment are complete.  Samsung's

APPLE'S OPPOSITION TO SAMSUNG'S MOTION FOR ENTRY OF PARTIAL JUDGMENT PURSUANT TO RULE 54(B) AND FOR STAY PENDING APPEAL
CASE NO. 11-CV-01846-LHK

10

1    proposed scheme would actually postpone the Federal Circuit's review of the March 1 Order and

2    the issues it raises indefinitely and, at a minimum, until after this Court completes the new trial.

3    Accordingly, entering a Rule 54(b) judgment now and staying the remainder of the case

4    decidedly would *not* "provide the Court with direction for how to try … the claims against the

5    other accused products" as Samsung promises (Dkt. 2281 at 8).  It would do precisely the

6    opposite.

> **2.    Entering Judgment Now Would Lead to Delay and Judicial Inefficiencies.**

7    Samsung next contends that entering final judgment now "would promote judicial

8    economy and efficiency."  (Dkt. 2281 at 4.)  But Samsung's bleak portrayal of additional trials

9    and appeals that potentially could occur is premised on the Federal Circuit *reversing* on a

10   multitude of issues relating to validity, trade dress dilution, claim construction, and damages.

11   (Dkt. 2281 at 8-10; *e.g.*, *id.* at 9 ("Should the Federal Circuit agree on appeal …."); *id.* ("If the

12   Federal Circuit were to hold …."); *id.* ("And if the Federal Circuit were to rule …").)  Samsung

13   portrays an outcome that is speculative, given that the jury found in favor of Apple on most of its

14   claims and, as this Court ruled, substantial evidence supported each liability finding made by the

15   jury on Apple's claims.  (*See* Dkt. 2220.)

16   The much more probable scenario is that entering a Rule 54(b) judgment now would lead

17   to significant judicial inefficiencies.  Regardless of how the Federal Circuit rules in an appeal

18   from Samsung's proposed Rule 54(b) judgment (absent the unlikely scenario of the Federal

19   Circuit invalidating all of Apple's asserted intellectual property rights), the new trial on damages

20   would still need to be held for the 14 products that Samsung asks to be stayed.  And after that

21   new trial, there would still be a separate appeal with respect to the infringement and damages

22   issues specific to the 14 products involved in the new trial.  Samsung's proposed strategy would

23   not avoid the need for a new trial or a separate appeal following that trial; it would merely delay

24   those events.

APPLE'S OPPOSITION TO SAMSUNG'S MOTION FOR ENTRY OF PARTIAL JUDGMENT PURSUANT TO RULE 54(B) AND FOR STAY PENDING APPEAL
CASE NO. 11-CV-01846-LHK

11

1    In addition, Samsung's proposed Rule 54(b) judgment would require many of the same

2    liability and damages issues to be heard in more than one appeal.  For example, Samsung's

3    proposed judgment would include portions of Apple's claims for infringement of its '381, '915,

4    '163, D'677, and D'305 patents.  (*See* Dkt. 2281 at 21-23.)  But the jury found that each of those

5    patents was also infringed by one or more of the 14 Samsung products subject to the new trial on

6    damages—including the Captivate, Continuum, Droid Charge, Epic 4G, Exhibit 4G, Galaxy

7    Prevail, Galaxy S II (AT&T), Galaxy Tab, Gem, Indulge, Infuse 4G, Nexus S 4G, Replenish,

8    and Transform.  (*See id.*; *see also* Dkt. 1931 at 2-4, 6-7.)  The evidence relevant to those

9    questions overlaps substantially and the legal issues are essentially identical.  Similarly,

10   Samsung's proposed judgment apparently would include claims relating to Apple's D'087

11   design patent and Apple's registered and unregistered trade dress.  (*See* Dkt. 2281 at 21-23.)  But

12   again, each of those claims was also asserted against Samsung products that are still subject to

13   the new trial on damages or that were found to infringe Apple's utility patents.  (*See id.*)

14   Samsung acknowledges that there would be overlapping issues in an appeal from its

15   proposed Rule 54(b) judgment and in a later appeal following the new trial on damages.  (Dkt.

16   2281 at 11.)  This is doubly true, if as Samsung contends, there is any chance that the record

17   relating to infringement may be enlarged or changed in the new trial.[3]  Two partial appeals

18   reviewing the same evidence and claims twice would clearly be an inefficient use of judicial

19   resources and would violate the purpose of Rule 54(b) by requiring the Federal Circuit "to decide

20   multiple appeals with the potential of overlapping factual and perhaps legal issues."  *Carotek*,

21   409 Fed. App'x at 331 (vacating Rule 54(b) judgment).

22   _____

23   [3] Samsung has argued that a new trial on damages alone is not possible because of the Seventh
     Amendment.   Samsung does not cite a single patent case in support of this position, and it is
24   inconsistent with numerous decisions from the Federal Circuit.  Apple will provide its complete
     response to the argument in its portion of a joint statement for the proposed case management
25   conference.  Nonetheless, if there is any chance that a new trial will deal with both infringement
     as well as damages, the alleged efficiencies of a separate Rule 54(b) judgment further diminish
26   because the Federal Circuit would need to review identical issues in two proceedings on different
     records.  Review once and for all purposes is both more efficient and more consistent with the
27   purpose of Rule 54(b).

28

### C.  The Federal Circuit Is Likely To Dismiss Any Appeal from a Judgment Under Rule 54(b).

Samsung suggests that any appeal from its proposed Rule 54(b) judgment would necessarily be considered by the Federal Circuit because such an appeal would be "of right under 28 U.S.C. § 1291."  (Dkt. 2281 at 8.)  But if the Court enters judgment under Rule 54(b) as Samsung requests, there is a strong likelihood that the Federal Circuit would dismiss an appeal from that judgment on jurisdictional grounds without substantively considering any issues raised in the appeal.

"[W]hen an appeal is certified pursuant to Rule 54(b), an appellate court should review the finality of the judgment *de novo* in order to assure itself that it has jurisdiction."  *W.L. Gore*, 975 F.2d at 862 (citing *Sears*, 351 U.S. at 437).  The Federal Circuit has warned that "the rules of finality that define the jurisdiction of this court do not contain special provisions for patent cases or admit to exceptions for strategic reasons."  *Pause Tech. LLC v. TiVo Inc.*, 401 F.3d 1290, 1293 (Fed. Cir. 2005) (quoting *Nystrom v. TREX Co.*, 339 F.3d 1347, 1350 (Fed. Cir. 2003)).  Given the lack of finality of Apple's claims contained in Samsung's proposed Rule 54(b) judgment, the Federal Circuit is likely to conclude that it lacks jurisdiction to review that judgment and to dismiss any appeal from it.  *See*, *e.g.*, *Aspex*, 153 Fed. App'x at 731 (dismissing appeal of Rule 54(b) judgment for lack of jurisdiction because district court had not "decided all pertinent issues regarding the claim").

Separate from finality concerns, there is also a strong possibility that the Federal Circuit would conclude that entry of Samsung's proposed Rule 54(b) judgment was improper given the significant overlap between the issues that would be included in the Rule 54(b) judgment and the issues that would be stayed pending appeal.  The Federal Circuit would be disinclined, for instance, to hear a first appeal relating to the '381 patent and certain Samsung products followed by a later appeal—after the new trial on damages—relating again to the '381 patent but for other, similar Samsung products.  *See*, *e.g.*, *Carotek*, 409 Fed. App'x at 331 (vacating Rule 54(b) judgment due to "concerns regarding judicial efficiency" where "[the Federal Circuit] will likely

APPLE'S OPPOSITION TO SAMSUNG'S MOTION FOR ENTRY OF PARTIAL JUDGMENT PURSUANT TO RULE 54(B) AND FOR STAY PENDING APPEAL
CASE NO. 11-CV-01846-LHK

13

1    have to decide multiple appeals with the potential of overlapping factual and perhaps legal

2    issues").

3           Should this Court certify part of this case for final judgment under Rule 54(b) only to

4    have the Federal Circuit dismiss an appeal from that judgment, the result would be more delay

5    without any substantive guidance from the Federal Circuit.  The case would then return to this

6    Court in precisely the same posture that exists today, but many months or even a year down the

7    road.  To avoid that outcome, Apple asks the Court to schedule the new trial on damages as

8    promptly as practicable so that final judgment may be entered and the Federal Circuit may

9    address all liability and damages issues in a single appeal with no jurisdictional concerns.  *See*

10   *Pause Tech.*, 401 F.3d at 1293 ("[T]he parties and the district courts are obliged to conclude

11   patent cases in strict compliance with the finality rule to avoid unnecessary litigation over

12   jurisdictional issues in perfecting an appeal."  (quoting *Nystrom*, 339 F.3d at 1350)).

13   **II.     AT A MINIMUM, THE COURT SHOULD FINALLY RESOLVE ALL ISSUES
             REGARDING DAMAGES AND RELIEF BEFORE ENTERING A RULE 54(B)**
14           **JUDGMENT.**

15          For the foregoing reasons, Samsung's motion should be denied.  Nonetheless, if the Court

16   disagrees, it should—at a minimum—maximize the chances that Samsung's attempt at

17   interlocutory review will not result in a remand for lack of a final determination of the relief to

18   which Apple is entitled for the products that would form the basis of the judgment.  Three steps

19   are needed.  None is onerous.

20          **A.     Supplemental Damages Should Be Calculated.**

21          The Court has stated how supplemental damages should be determined with respect to

22   the products for which the Court confirmed the jury's award of $598,908,892.  (*See* Dkt. 2271 at

23   26.)  The Court also held that an award of supplemental damages is "necessary" to provide

24   "compensation for every infringing sale," including sales after the period covered by the jury

25   verdict.  (*Id.* at 2.)  The Court's existing order leaves only an arithmetic calculation to be

26   completed once Samsung produces information on all its remaining unit sales of the relevant

27   products after August 24, 2012, including the Galaxy S 4G, Galaxy S II Skyrocket, Galaxy S II

28

Epic 4G, Galaxy S II T-Mobile, and Galaxy S Showcase.  Samsung has provided declarations from Mr. Kerstetter, showing that Samsung can easily obtain this information, and sales of these products are continuing into the second calendar quarter of 2013.  (*See* Dkt. 2060 ¶¶ 7-8.)  Apple can submit its calculation of supplemental damages within two weeks of receiving Samsung's updated sales information, and using this information, the Court can enter the final calculation of supplemental damages.

### B.    Prejudgment Interest Should Be Calculated.

The Court has also stated how prejudgment interest should be calculated.  Once the supplemental damages information is provided, the calculation of interest is also mere arithmetic.  Apple (or the parties jointly) can submit a calculation that follows the Court's instructions promptly after the missing unit sales information is provided.  This should also be incorporated into any judgment.

### C.    The Court Should Correct Errors in the March 1 Order.

Finally, the Court's March 1 Order contains errors related to the date on which the Infuse 4G and the Galaxy S II ATT were introduced, which should be corrected before judgment is entered.  The jury awarded damages of $40,494,356 and $44,792,974 for the Galaxy S II ATT and Infuse 4G, respectively.  (Dkt. 1931 at 16.)  The Court granted a new trial on this award because "the jury awarded 40% of Samsung's profits" based on Apple's design patent claims.  (Dkt. 2271 at 15, 22-23.)  The Court held that Apple provided Samsung with notice under 35 U.S.C. § 287(a) of Samsung's infringement of the D'677 patent when it filed its original complaint on April 15, 2011, and that this notice supported an award of infringer's profits from

APPLE'S OPPOSITION TO SAMSUNG'S MOTION FOR ENTRY OF PARTIAL JUDGMENT PURSUANT TO RULE 54(B) AND FOR STAY PENDING APPEAL
CASE NO. 11-cv-01846-LHK

15

1   that date forward.[4]  (*Id.* at 18-19 & n.2.)  The Court vacated the jury award as to these two

2   products, however, because it concluded that at least some sales of the products occurred before

3   April 15, 2011.  (*Id.* at 22:23-24).  Apple respectfully submits that this was incorrect.

4        In the Joint Pretrial Statement, Samsung stipulated that all sales of the Galaxy S II AT&T

5   and Infuse 4G occurred after April 15, 2011.  The Statement's undisputed facts include that sales

6   of the Infuse 4G began on May 15, 2011, and sales of the Galaxy S2 began on October 2, 2011.[5]

7   (Dkt. 1189 at 11-12.)  This stipulation conclusively establishes that all sales of the Galaxy S II

8   AT&T and Infuse 4G occurred *after* Samsung received notice of the D'677 patent.  These

9   binding admissions demonstrate that no part of the jury's award could have compensated Apple

10   for sales of these products before April 15, 2011.

11        This conclusion is consistent with JX1500 to which the Court referred in its Order.

12   JX1500 shows the first sale of the Galaxy SII AT&T occurred in the third quarter of 2011, which

13   was after April 15, 2011.  (JX1500.)  JX1500 shows the first sale of the Infuse 4G occurred in

14   the second quarter of 2011, which covers the period April 1, 2011 to June 30, 2011.  This is

15   consistent with and does not supersede the stipulated fact that sales of the Infuse 4G began on

16   May 16, 2011.[6]

---

[4]  The Court also found that Apple provided notice of infringement of the D'305 patent and the '163 patent when it filed its amended complaint on June 16, 2011.  (Dkt. 2271 at 18-20.)  That later date is not relevant, however, because Apple had already notified Samsung of its infringement of the D'677 patent.  Once Apple could recover Samsung's profits for infringement of the D'677 patent, notice and infringement of the D'305 patent by the same two products does not change the amount of the award under 35 U.S.C. § 289.  Further, pursuant to § 289, infringement of the '163 patent or other utility patents cannot add to an award of Samsung's profits.  Thus, April 15, 2011 is the only relevant date of notice under the Court's Order with respect to the Galaxy S II AT&T and Infuse 4G.

[5]  At the time of the Joint Pretrial Statement, Samsung was contesting whether other versions of the Galaxy S II were part of the trial.  Thus, the Statement's reference to the "Galaxy S2" refers to the Galaxy S II AT&T, which was the first version of the Galaxy S II line of phones introduced in the United States.  Moreover, Samsung's expert conceded that Samsung's total Galaxy SII AT&T revenues before the third quarter 2011 were "$0."  (Dkt. 1990-20 at 7.)

[6]  Apple is filing a contemporaneous motion for leave to file a motion for reconsideration pursuant to Civil Local Rule 7-9(b)(3) to address the errors described above.

1   To correct the error, Apple requests that the Court add the jury's damages award for both

2   products to the amount that the Court confirmed in its March 1 Order, and add any supplemental

3   damages based on Samsung's previously unreported unit sales of versions of the Galaxy S II

4   ATT and Infuse 4G.  Prejudgment interest can be included as discussed above, and the as-yet

5   unresolved issues related to damages and relief for the products for which the Court has

6   confirmed the jury's award would at least be complete, and the prerequisite that even Samsung

7   admits is required—that there be *no unresolved issues* as to liability and damages at least for

8   these products—would be met.

9   **D.      The Parties Should Jointly Review Any Final Judgment.**

10   If the Court is inclined to grant Samsung's request, the Rule 54(b) judgment will require

11   careful review since it would affect not only whether an appeal can occur but also the scope of

12   the appeal.  Notably, Samsung improperly omits from its proposed order granting its Rule 54(b)

13   motion (which itself is separate from the judgment) Apple's claims for infringement of the

14   D'889 patent and infringement and dilution of Apple's unregistered iPad trade dress.  There is no

15   justification for this omission.  If the Court believes a Rule 54(b) judgment should be entered, the

16   contents and form of the judgment should be as complete as possible, and both Apple and

17   Samsung should review and comment on it before it is entered.

18   **III.    THE COURT SHOULD DENY SAMSUNG'S REQUEST TO STAY FURTHER
         PROCEEDINGS RELATED TO THE NEW TRIAL PENDING APPEAL.**

19   Regardless whether this Court enters a Rule 54(b) judgment, there is no reason to delay a

20   new trial on damages for the remaining Samsung products, and Samsung's request for a stay

21   should be denied.  Indeed, all three factors discussed by Samsung in its motion favor proceeding

22   with a new trial promptly.

23   *First*, a stay would prejudice Apple by indefinitely postponing any relief against

24   Samsung's adjudicated infringement for half of the products involved in this case.  Samsung's

25   wide-ranging infringement has caused Apple significant harm, and because the Court previously

26   denied Apple's request for a permanent injunction, Apple presently has no relief as to the 14

27

28

1    Samsung smartphones and tablets for which this Court ordered a new trial on damages.  Staying

2    a new trial on damages would ensure that it would take months—if not years—before Apple

3    could obtain any relief against Samsung's infringement for those products.  Apple should not be

4    forced to suffer that delay, particularly given the magnitude of the harm caused by Samsung's

5    infringement.  *See Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059,

6    1066-1067 (9th Cir. 2007) (reversing indefinite stay of litigation because of harm to plaintiff

7    caused by delay); *see also Kahn v. Gen. Motors Corp.*, 889 F.2d 1078, 1080 (Fed. Cir. 1989)

8    (reversing stay and noting that "[i]t is the duty of courts to avoid unnecessary delay in resolving

9    the rights of litigants").

10          *Second*, Samsung would suffer no harm by proceeding with a new trial on damages.

11   Samsung is already well-prepared to try the issue of damages through its preparation for the trial

12   last August and it focused on these issues in its post-trial briefing.  Apple has proposed a

13   reasonable schedule that would allow for the limited discovery and pre-trial preparation that is

14   necessary for the new trial.  (Dkt. 2283 at 4.)  A new trial on damages in the near term therefore

15   would present no hardship to Samsung.  *See Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th

16   Cir. 2005) ("[B]eing required to defend a suit, without more, does not constitute a 'clear case of

17   hardship or inequity' within the meaning of *Landis*."); *Am. Honda Motor Co. v. Coast

18   Distribution Sys., Inc.*, No. 06-4752, 2007 WL 672521, at *2 (N.D. Cal. Feb. 26, 2007) ("[T]he

19   hardship attendant with being forced to defend a lawsuit is irrelevant when considering whether

20   to grant a stay.").

21          *Third*, as discussed above, a prompt new trial on damages would promote judicial

22   efficiency by avoiding piecemeal appeals and facilitating appellate review by allowing all

23   aspects of Apple's claims to be considered together.  In fact, staying a new trial on damages

24   would almost certainly guarantee multiple appeals on related issues over an extended period—

25   the very opposite of judicial efficiency.  Moreover, contrary to Samsung's argument (Dkt. 2281

26   at 14), staying a new trial on damages would merely postpone—not "simplify" or "streamline"—

27   the issues in that new trial.  At best, Samsung's efficiency argument is speculative and depends

28

APPLE'S OPPOSITION TO SAMSUNG'S MOTION FOR ENTRY OF PARTIAL JUDGMENT PURSUANT TO RULE 54(B)
AND FOR STAY PENDING APPEAL
CASE NO. 11-CV-01846-LHK

18

upon Samsung successfully challenging the jury's verdict of no invalidity for Apple's asserted

patents—a verdict that this Court has already determined is well-supported by the evidence.  (*See*

Dkt. 2220.)  It would not promote judicial efficiency to await the result an appeal under these

circumstances.  *See ASUSTek Computer Inc. v. Ricoh Co.*, No. C 07-1942-MHP, 2007 WL

4190689, at *3 (N.D. Cal. Nov. 21, 2007) (denying stay because it would be "imprudent" to

grant stay pending appeal when outcome and timing of appeal was "uncertain and indefinite").

Nor would this Court have any further guidance on the damages issues to be decided in a new

trial.  Indeed, even Samsung acknowledges that those issues could not be decided by the Federal

Circuit at this point.  (Dkt. 2281 at 8 ("[T]he portion of the order granting a new trial is non-final

….").)  To avoid those inefficiencies, Samsung's request for a stay should be denied so that all

issues relating to the merits of Apple's claims can be finally decided and appealed together.

## CONCLUSION

Apple respectfully requests that the Court deny both Samsung's request for entry of

partial final judgment pursuant to Rule 54(b) and Samsung's request to stay a new trial on

damages pending any appeal.  For the reasons stated in Apple's Administrative Motion Seeking

an April 3 Case Management Conference (Dkt. 2283), Apple asks the Court to schedule the new

trial on damages as promptly as practicable.


Dated:  March 26, 2013                                          MORRISON & FOERSTER LLP

By:_____*/s/ Michael A. Jacobs*
Michael A. Jacobs

Attorneys for Plaintiff
APPLE INC.