QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kathleen M. Sullivan (Cal. Bar No. 242261)
kathleensullivan@quinnemanuel.com
Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Susan R. Estrich (Cal. Bar No. 124009)
susanestrich@quinnemanuel.com
Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS
CO., LTD., SAMSUNG ELECTRONICS
AMERICA, INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>        Plaintiff,<br><br>        vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>        Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S REPLY IN FURTHER SUPPORT OF ITS MOTION FOR ENTRY OF PARTIAL JUDGMENT PURSUANT TO RULE 54(b) AND FOR STAY PENDING APPEAL** |

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .................................................................................................................. ii

INTRODUCTION ................................................................................................................................ 1

ARGUMENT ....................................................................................................................................... 1

I.  APPLE FAILS TO REBUT SAMSUNG'S SHOWING THAT THE COURT SHOULD DIRECT ENTRY OF PARTIAL FINAL JUDGMENT ..................................... 1

    A.  The Court May Properly Direct Entry Of Partial Judgment On A Product-By-Product Basis Under Rule 54(b) .......................................................... 1

    B.  The Partial Judgment Is Final Without Containing A Specific Amount Of Supplemental Damages ................................................................. 6

    C.  Samsung Has Demonstrated That There Is No Just Reason For Delay .................... 7

        1.  Apple Disregards The Substantial Efficiencies That Would Be Gained By The Entry Of Partial Judgment Without Delay ........................... 7

        2.  The Federal Circuit Will Not Need To Address The Issues Raised On Appeal From A Rule 54(b) Judgment Twice .......................................... 8

II. APPLE FAILS TO SHOW THAT A STAY IS NOT WARRANTED ............................... 9

III. APPLE'S REQUEST TO "CORRECT ERRORS" IN THE COURT'S MARCH 1 ORDER IS PROCEDURALLY IMPROPER AND SUBSTANTIVELY INCORRECT ....................................................................................................................... 11

CONCLUSION ................................................................................................................................. 14

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Aspex Eyewear, Inc. v. Concepts in Optics, Inc.*,
  153 Fed. App'x 730 (Fed. Cir. 2005) .................................................................................3

*ASUSTek Computer Inc. v. Ricoh Co.*,
  2007 WL 4190689 (N.D. Cal. Nov. 21, 2007) ................................................................11

*American Honda Motor Co. v. Coast Distribution System, Inc.*,
  2007 WL 672521 (N.D. Cal. Feb. 26, 2007) ...................................................................10

*Carotek, Inc. v. Kobayashi Ventures, LLC*,
  409 Fed. App'x 329 (Fed. Cir. 2010) .............................................................................8, 9

*CMAX, Inc. v. Hall*,
  300 F.2d 265 (9th Cir. 1962) .............................................................................................9

*Dependable Highway Express, Inc. v. Navigators Ins. Co.*,
  498 F.3d 1059 (9th Cir. 2007) .........................................................................................10

*Elbert v. Howmedica, Inc.*,
  143 F.3d 1208 (9th Cir. 1998) .........................................................................................14

*Eolas Technologies, Inc. v. Microsoft Corp.*,
  2004 WL 170334 (N.D. Ill. Jan. 15, 2004) .......................................................................6

*General Acquisition, Inc. v. GenCorp, Inc.*,
  23 F.3d 1022 (6th Cir. 1994) .............................................................................................2

*Gottesman v. General Motors Corp.*,
  401 F.2d 510 (2d Cir. 1968) ..........................................................................................2, 4

*Itron, Inc. v. Benghiat*,
  2003 WL 22037710 (D. Minn. Aug. 29, 2003) .................................................................6

*Kahn v. Gen. Motors Corp.*,
  889 F.2d 1078 (Fed. Cir 1989) ........................................................................................10

*Kona Enters. v. Estate of Bishop*,
  229 F.3d 877 (9th Cir. 2000) ...........................................................................................12

*Liberty Mut. Ins. Co. v. Wetzel*,
  424 U.S. 737 (1976) ..........................................................................................................2

*Mackey v. Sears, Roebuck & Co.*
  218 F.2d 295 (7th Cir. 1955) .............................................................................................3

*Lockyer v. Mirant Corp.*,
    398 F.3d 1098 (9th Cir. 2005) ............................................................................................. 10

*Matsunoki Group, Inc. v. Timberwork Oregon, Inc.*,
    2011 WL 940218 (N.D. Cal. Feb. 18, 2011) ......................................................................... 12

*Maxwell v. J. Baker, Inc.*,
    879 F. Supp. 1007 (D. Minn. 1995) ....................................................................................... 6

*McEuin v. Crown Equip. Corp.*,
    328 F.3d 1028 (9th Cir. 2003) ............................................................................................. 14

*Mikohn Gaming Corp. v. Acres Gaming, Inc.*,
    2001 U.S. Dist. LEXIS 23416 (D. Nev. Aug. 1, 2001) .......................................................... 6

*Monument Management Ltd. Partnership I v. Pearl*,
    952 F.2d 885 (5th Cir. 1992) ................................................................................................. 3

*National Oilwell Varco, L.P. v. Pason System USA Corp.*,
    346 Fed. App'x 582 (Fed. Cir. 2009) ..................................................................................... 3

*Nidec Corp. v. Victor Co. of Japan, Ltd.*,
    2007 WL 4108092 (N.D. Cal. Nov. 16, 2007) ..................................................................... 12

*Pelligrini v. Analog Devices, Inc.*,
    375 F.3d 1113 (Fed. Cir. 2004) ............................................................................................. 4

*Sears, Roebuck & Co. v. Mackey*,
    351 U.S. 427 (1956) ............................................................................................................... 2

*Trell v. Marlee Elecs. Corp.*,
    912 F.2d 1443 (Fed. Cir. 1990) ............................................................................................. 8

*Turner v. San Francisco*,
    2012 WL 3763635 (N.D. Cal. Aug. 29, 2012) ..................................................................... 12

*W.L. Gore & Associates v. Int'l Medical Prosthetics Research Associates, Inc.*,
    975 F.2d 858 (Fed. Cir. 1992) ............................................................................................... 3

*Wm. Wrigley Jr. Co. v. Cadbury Adams USA LLC*,
    2010 WL 4115427 (N.D. Ill. 2010) ....................................................................................... 3

*Wm. Wrigley Jr. Co. v. Cadbury Adams USA LLC*,
    683 F.3d 1356 (Fed. Cir. 2012) ............................................................................................. 4

**Statutes & Rules**

28 U.S.C. § 1292(c) ...................................................................................................................... 6

28 U.S.C. § 1291 ..................................................................................................................................6

28 U.S.C. § 1295(a)(1) .........................................................................................................................6

Fed. R. Civ. P. 21 .................................................................................................................................4

Fed. R. Civ. P. 54(b)..................................................................................................................... *passim*

Civil L.R. 7-9 .........................................................................................................................11, 12, 14

**<u>Miscellaneous Authorities</u>**

Wright & Miller, Federal Practice & Procedure § 2657 ......................................................................2

**Introduction**

In seeking to avoid entry of partial final judgment and immediate appellate review of liability and damages rulings that would significantly affect the necessity and scope of any new trial, Apple adopts an unduly narrow interpretation of Rule 54(b) that is unsupported by *any* authority, disregards the manner in which the case was tried, and ignores the substantial efficiencies that would be gained by entering partial final judgment now.   There is ample support for entering judgment on the product-by-product basis that Samsung proposes, particularly because the jury returned its verdict on that very basis.   And a stay of a new trial pending appellate review of the partial final judgment would not cause useless delay, as Apple suggests. Instead, a stay would allow the Court to receive direction from the Federal Circuit regarding issues of patent validity, trade dress dilution, and design patent scope, among others, that are likely to affect the necessity for, the contours of, and jury instructions at the new trial that the Court has ordered.   Obtaining the benefit of the Federal Circuit's holdings *before* proceeding with any new trial plainly would promote judicial economy and efficiency, and it would be needlessly wasteful to conduct a new trial now only later to obtain Circuit guidance that necessitates yet a third trial. The Court should direct entry of partial final judgment forthwith and stay further proceedings pending resolution of the appeal(s) from that judgment.

**Argument**

I.   **APPLE FAILS TO REBUT SAMSUNG'S SHOWING THAT THE COURT SHOULD DIRECT ENTRY OF PARTIAL FINAL JUDGMENT**

   A.   **The Court May Properly Direct Entry Of Partial Judgment On A Product-By-Product Basis Under Rule 54(b)**

Apple offers no objection to entry of judgment on Samsung's counterclaims, but wrongly argues (Opp. 2-7) that a partial final judgment on some of Apple's claims would be improper because the Court has not finally resolved all issues relating to both liability and damages for each patent allegedly infringed.   None of the authorities upon which Apple relies supports entering judgment only on a patent-by-patent basis here, and Apple offers no convincing reason why this

Court should not enter partial final judgment on a product-by-product basis, particularly where that is precisely how the case was litigated and the verdict was entered.  *See* Mot. 5-7.

*First*, Apple is incorrect that the causes of action set forth in the complaint are controlling for purposes of determining a "claim" under Rule 54(b).  The rule itself is silent on the issue, stating only that a partial final judgment may be entered "[w]hen an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim."  FED. R. CIV. P. 54(b).  The advisory committee notes are likewise silent, stating only that the rule is intended to apply to "distinctly separate claim[s]."  *Id.* advisory committee note.  But courts have filled this void by explaining that "[t]he word 'claim' denotes the aggregate of operative facts which give rise to a right enforceable in the courts."  *Gottesman v. General Motors Corp.*, 401 F.2d 510, 512 (2d Cir. 1968); *see also General Acquisition, Inc. v. GenCorp, Inc.*, 23 F.3d 1022, 1028 (6th Cir. 1994) (same); *cf. Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 744 n.4 (1976) ("[A] complaint asserting only one legal right, even if seeking multiple remedies for the alleged violation of that right, states a single claim for relief.").  Thus, as Wright & Miller explain, multiple "claims" exist where "the possible recoveries are more than one in number and not mutually exclusive or, stated another way, when the facts give rise to more than one legal right or cause of action."  Wright & Miller, FEDERAL PRACTICE & PROCEDURE § 2657.  Here, the alleged infringement by each accused product gives rise to a separate and independent recovery that could have been pled as its own cause of action, and thus each constitutes a "claim" for purposes of Rule 54(b).

Apple in fact identifies no decision adopting its cramped interpretation.  For example, while Apple places heavy reliance on the Supreme Court's passing statement in *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427 (1956), that it would "examine the claims stated in the complaint so as to consider adequately the issue of appealability" under Rule 54(b), *id.* at 429, that case did not involve a dispute over whether judgment had been entered on a "claim."  *See id.* at 436 ("In the case before us, there is no doubt that each of the claims dismissed is a 'claim for relief' within the meaning of Rule 54(b), or that their dismissal constitutes a 'final decision' on individual claims.").  And, in any event, Apple omits to mention that partial judgment was entered at the pleading stage

1  there (*see* 218 F.2d 295, 296 (7th Cir. 1955))—meaning that the Court had no choice but to rely

2  solely on the complaint in assessing appellate jurisdiction.   Here, by contrast, the issue arises after

3  trial and jury verdict, and the verdict form was particularized on a product-by-product basis.

4        Nor do any of the Federal Circuit cases upon which Apple relies (Opp. 4) hold that

5  judgments must be entered on a "claim-by-claim basis, not a product-by-product basis" (Opp. 3).

6  In *W.L. Gore & Associates v. Int'l Medical Prosthetics Research Associates, Inc.*, 975 F.2d 858

7  (Fed. Cir. 1992), judgment had been entered on a claim for infringement of a *single patent*, where

8  an *antitrust* counterclaim remained pending; the case thus involved neither multiple patents nor

9  any discussion of multiple infringing products.   In *National Oilwell Varco, L.P. v. Pason System*

10 *USA Corp.*, 346 Fed. App'x 582 (Fed. Cir. 2009) (unpublished), the Federal Circuit dismissed an

11 appeal of a partial final judgment where, unlike here, a *defense* to infringement remained pending,

12 and the court never addressed any issues of multiple products or multiple patents.   And, as

13 Samsung explained (Samsung Br. 6) and Apple does not challenge, *Aspex Eyewear, Inc. v.*

14 *Concepts in Optics, Inc.*, 153 Fed. App'x 730 (Fed. Cir. 2005) (unpublished), is distinguishable

15 because there, unlike here, "damages, willfulness, and injunctive relief" remained pending; again,

16 there was no issue of multiple products or multiple patents.[1]

17       In contrast, the only distinction that Apple can muster between the present case and *Wm.*

18 *Wrigley Jr. Co. v. Cadbury Adams USA LLC*, 2010 WL 4115427 (N.D. Ill. 2010)—in which the

19 court entered a Rule 54(b) judgment as to a subset of Wrigley's products alleged to have infringed

20 a single Cadbury patent—is that the parties there "fundamentally agreed" a partial final judgment

21 should be entered (Opp. 5).   But that difference is immaterial, as the court still fully and

22 independently considered whether to enter partial final judgment, ruling that "unresolved issues of

23 fact regarding whether Wrigley's experimental products literally infringe" did not preclude entry

24 of a partial final judgment as to Wrigley's commercial products.   *Id.* at *6.   The Federal Circuit

---

[1] Apple also relies (Opp. 3) on the Fifth Circuit's decision in *Monument Management Ltd. Partnership I v. Pearl*, 952 F.2d 885 (5th Cir. 1992), but does not respond to Samsung's argument that the case is distinguishable because there, unlike here, damages had not been resolved on the claim subject to the Rule 54(b) judgment.   *See* Mot. 6.

1  affirmed the Rule 54(b) judgment, never raising any jurisdictional objection to its finality.  *See*

2  *Wm. Wrigley Jr. Co. v. Cadbury Adams USA LLC*, 683 F.3d 1356 (Fed. Cir. 2012).[2]

3  Apple likewise fails in its effort to distinguish *Pelligrini v. Analog Devices, Inc.*, 375 F.3d

4  1113 (Fed. Cir. 2004).  Much like the domestic versus foreign products in *Pelligrini*, here the

5  proposed judgment would "involve[] separate conduct … from the claim[s] that remain[] pending"

6  (Opp. 7) because the 14 accused products as to which judgment may be entered are separate and

7  distinct from the products subject to the new trial order.  And, contrary to Apple's suggestion

8  (*id.*), *Pelligrini* actually reinforces Samsung's argument that the pleadings are not dispositive for

9  purposes of Rule 54(b), because partial final judgment was entered there even though the

10 complaint did not expressly identify more than one claim.  *See* Jacobs Decl., Ex. 2.

11 Nor is Apple correct to suggest that it was significant in *Gottesman* that partial final

12 judgment had been entered as to two of fourteen separately denominated causes of action in a

13 complaint; rather, the case turned on whether the facts underlying those causes of actions gave rise

14 to separately enforceable rights.  *See* 401 F.2d at 511.  Here, as discussed, each allegedly

15 infringing product gives rise to "a right enforceable in the courts" and thus constitutes a separate

16 claim for purposes of Rule 54(b).[3]

17 *Second*, Apple also errs in arguing that the parties tried the case—and the jury returned its

18 verdict—on a patent-by-patent basis.  As a threshold matter, the complaint sets forth each product

---

[2]  Although Apple suggests that the Federal Circuit might not have been "aware that there had been a Rule 54(b) judgment" (Opp. 5 n.1), the district court's judgment expressly stated that it was entered following "certification under Rule 54(b)," *Wm. Wrigley Jr. Co. v. Cadbury Adams USA LLC*, No. 04-cv-00346 (Dkt. No. 333) (Nov. 15, 2010), the briefing explained that the district court had entered a partial final judgment pursuant to Rule 54(b), *see* Brief of Defendant-Cross Appellant, 2011 WL 3281814, *4 (July 11, 2011), and the Federal Circuit itself acknowledged that the denial of summary judgment as to Wrigley's experimental products was not before the court, *see Wrigley*, 683 F.3d at 1359 n.2.

[3]  Apple misplaces reliance (Opp. 4) on passages from a Samsung filing in the Eastern District of Texas that opposed severance under Fed. R. Civ. P. 21 of a plaintiff's effort to obtain ongoing royalties.  As Samsung explained there, the severed issue was not a "claim" but instead was a "remedy" (*i.e.*, a "subpart" of a claim) that could not proceed apart from the underlying claim.  Jacobs Decl., Ex. 1, at 4.  Here, in contrast, no unresolved remedies will preclude entry of the requested partial final judgment.  *See infra*, Part I.B.

1  alleged to infringe Apple's intellectual property.  (*E.g.*, Dkt. 75 ¶¶ 92-103, 114-16, 128-30, 140,
2  153-54, 163, 175, ).  The special verdict form likewise required the jury to determine
3  infringement *and* damages on a product-by-product basis.  (Dkt. 1931).  Apple ignores that the
4  damages portion of the verdict form was divided by product, not intellectual property, instead
5  arguing that the product-by-product infringement findings constituted "added specificity" that did
6  "not change the nature of Apple's 'claims for relief.'"  Opp. 6.  But that specificity reflects the
7  discreteness of each allegedly infringing product, thus permitting entry of a partial final judgment
8  on a product-by-product basis.  *See supra*, at 2.
9        That specificity is also consistent with the manner in which the case was tried, which
10  shows that the parties understood that the alleged infringement by each product was a separate
11  claim.  For example, with respect to the utility patents, Apple's experts on the '381, '915, and
12  '163 patents provided testimony as to purported infringement by *all* of the accused products and
13  showed videos of each accused product.  (Balakrishnan ('381) RT 1751:11-1755:21; Singh ('915)
14  RT 1829:12-1830:21; Singh ('163) RT 1840:16-1842:4.)  The jury, moreover, had physical
15  versions of each accused product for use during deliberations.  And in its verdict, the jury found
16  that some—but not all—of the accused products infringed the '915 and '163 patents (Dkt. 1931, at
17  3-4), thus demonstrating that the jury itself was evaluating infringement of each patent on a
18  product-by-product basis as required by the special verdict form.  Similarly, with respect to the
19  design patents, Apple's experts testified about each product individually for each
20  patent.  (Bressler RT 1048:14-1064:11 (D'677 and D'087); Kare RT 1373:5-1381:23
21  (D'305).)  And, as with the utility patents, the jury distinguished among products when assessing
22  alleged infringement of Apple's design patents and dilution of its alleged trade dress.  (Dkt. 1931,
23  at 6-8, 11-12.)
24        Thus, both the case law and the parties' practices during this case demonstrate that the
25  Court may enter judgment on the product-by-product basis that Samsung has proposed.
26
27
28

### B. The Partial Judgment Is Final Without Containing A Specific Amount Of Supplemental Damages

Apple next insists (Opp. 7-9, 14-15) that supplemental damages must be calculated for any claim to be final for purposes of Rule 54(b).   As this Court correctly ruled in its March 1 Order, however, "it [is] appropriate to delay the consideration of evidence of actual post-verdict sales until after the completion of the appeals in this case."   Dkt. 2271, at 6.   In so ruling, this Court relied on *Itron, Inc. v. Benghiat*, 2003 WL 22037710, *16 (D. Minn. Aug. 29, 2003), *appeal dismissed* 81 Fed. App'x 319 (Fed. Cir. 2003), and *Eolas Technologies, Inc. v. Microsoft Corp.*, 2004 WL 170334, *8 (N.D. Ill. Jan. 15, 2004), *vacated in part on other grounds*, 399 F.3d 1325 (Fed. Cir. 2005).   Apple concedes that the courts entered judgment in both cases even though post-verdict damages remained to be calculated, but argues that the subsequent appeals were pursuant to 28 U.S.C. § 1292(c).   There is no indication, however, that either court relied on that statute in entering judgment, and the Federal Circuit in fact expressly recognized that its jurisdiction in *Eolas* was under 28 U.S.C. § 1295(a)(1) (the Federal Circuit analog of § 1291), *see* 399 F.3d at 1332.   Other decisions are in accord.   *See, e.g.*, *Maxwell v. J. Baker, Inc.*, 879 F. Supp. 1007, 1011 (D. Minn. 1995) (entering final judgment and deferring accounting of damages for post-verdict infringing sales until after appeal), *vacated in part on other grounds,* 86 F.3d 1098 (Fed. Cir. 1996) ; *Mikohn Gaming Corp. v. Acres Gaming, Inc.*, 2001 U.S. Dist LEXIS 23416, at *52-54 (D. Nev. Aug. 1, 2001) (entering final judgment, ordering accounting and recognizing that accounting can occur during pendency of appeal).   The Court was thus correct in ruling that the calculation of supplemental damages—which Apple concedes is merely an "arithmetic" exercise (Opp. 14)—need not occur until after the appeals are resolved.[4]

---

[4]  Apple also insists (Opp. 8-9) that prejudgment interest must be calculated before a Rule 54(b) judgment is entered.   Subject to the arguments it has made previously, which Samsung preserves, Samsung does not oppose the inclusion of prejudgment interest in the partial final judgment.

-6-   Case No. 11-cv-01846-LHK
**SAMSUNG'S REPLY IN FURTHER SUPPORT OF ITS MOTION FOR ENTRY OF PARTIAL JUDGMENT PURSUANT TO RULE 54(B) AND FOR STAY PENDING APPEAL**

**C.    Samsung Has Demonstrated That There Is No Just Reason For Delay**

      **1.    <u>Apple Disregards The Substantial Efficiencies That Would Be Gained By The Entry Of Partial Judgment Without Delay</u>**

None of Apple's arguments against the efficiency of entering partial final judgment now has merit.  *First*, Apple wrongly argues that immediate appellate review would be inefficient because it would not address the portion of the March 1 Order granting a new trial as to certain products and "would not be able to provide direction concerning the new trial on damages or supplemental damages."  Opp. 10.  But Samsung identified numerous areas in which the Federal Circuit's decision will shape the course of any new trial, including issues related to patent validity, trade dress dilution, liability instructions *and the proper measure of damages*.  See Mot. 8-10.  Apple does not dispute that resolution of these issues on appeal will determine which intellectual property and products should properly be the subject of any new trial, what the proper standards and instructions should be in such a new trial, and ultimately whether there need be any new trial at all.  Indeed, its Opposition contains no discussion of the examples proffered by Samsung.[5]

*Second*, Apple (Opp. 10-11) wrongly argues that entering Rule 54(b) judgment and staying the new trial would be inefficient because it would delay the Federal Circuit's review of the entire March 1 Order.  But Apple proffers no alternate suggestion for how the parties can proceed now with an appeal of the new trial portion of the March 1 Order.  While Apple's proposal of proceeding to new trial now without any appellate guidance would undoubtedly cause the second trial to take place sooner than if the parties await resolution of an appeal of a partial final judgment, it also increases the possibility that there will be preventable errors during the second trial that will necessitate yet a third trial.

---

[5] The most Apple says (Opp. 11) is that the Court's decisions will be upheld on appeal because they are supported by substantial evidence.  Even were that so, obtaining a decision from the Federal Circuit now would permit the next trial to proceed without the present uncertainty over many of the Court's liability and damages rulings.

1    *Finally*, Apple contends (Opp. 13-14) that there will be no efficiency gains from entering

2  judgment now because any appeal will just be dismissed for lack of jurisdiction. This argument is

3  of course circular and, as discussed, reflects a flawed understanding of Rule 54(b).

### 2. The Federal Circuit Will Not Need To Address The Issues Raised On Appeal From A Rule 54(b) Judgment Twice

6    Apple also wrongly opposes (Opp. 11) entry of a Rule 54(b) judgment on the ground that,

7  unless the Federal Circuit invalidates all of its intellectual property, it will still be necessary to

8  hold a new trial following which the parties could pursue another appeal.   Apple misses the point.

9  Since, by definition, a Rule 54(b) judgment resolves only some claims in a case, it is *always* true

10  that a court will have claims left to resolve after entering a Rule 54(b) judgment.   And Apple

11  ignores the law-of-the-case doctrine in arguing that the remaining, non-final claims will require

12  the Federal Circuit to address the same issues twice.   As Samsung explained (Mot. 11), to the

13  extent that the Federal Circuit addresses in the first appeal issues that also affect any of the

14  products as to which judgment would not be entered under Rule 54(b) (*e.g.*, invalidity of the

15  underlying intellectual property, instructional issues, and damages issues like causation,

16  apportionment or trade dress notice), the Federal Circuit's decision would apply to those products

17  under the law of the case doctrine.   *See, e.g.*, *Trell v. Marlee Elecs. Corp.*, 912 F.2d 1443, 1445

18  (Fed. Cir. 1990).   As a result, there will not be multiple appeals on the same issues.[6]

19    Apple continues to misplace reliance (Opp. 12, 13-14) on *Carotek, Inc. v. Kobayashi*

20  *Ventures, LLC*, 409 Fed. App'x 329, 331 (Fed. Cir. 2010) (unpublished), in arguing that the

21  presence of some overlapping issues between the claims subject to the Rule 54(b) judgment and

22  the remaining claims means that a Rule 54(b) judgment is not proper.   As Samsung explained

23  (Mot. 12), in *Carotek*, the Federal Circuit held that the district court erred in entering partial final

---

[6] Apple contends in a footnote (Opp. 12 n.3) that the same issues will be tried multiple times in the event that Samsung prevails on its Seventh Amendment argument.   But as explained in text, the Federal Circuit's decision on appeal of a Rule 54(b) judgment will control later stages of the case.   By obtaining that direction now, the Court can ensure that the new trial, whether it encompasses just damages or liability and damages, proceeds consistent with the Federal Circuit's rulings on disputed issues.

1 judgment on the defendant's counterclaim for breach of a patent license agreement because the
2 plaintiff's unresolved claim alleging an earlier breach of the same agreement could have
3 undermined the basis for the judgment on defendant's counterclaim, thus likely requiring the
4 Federal Circuit "to decide multiple appeals with the potential of overlapping factual and perhaps
5 legal issues."  *Id.* at 331.   And even there, the court noted that the presence of such overlapping
6 issues would *not* preclude entry of a Rule 54(b) judgment if there were an important reason for
7 doing so, but such a reason was not present.   *Id.*   In stark contrast, the claims that remain to be
8 tried here relate to different products than the claims subject to the proposed Rule 54(b) judgment;
9 the resolution of those claims would not undermine or affect the decision as to the now-final
10 claims, and thus the Federal Circuit would not need to decide the same issues multiple times; and
11 there are, as discussed, strong reasons that favor the entry of a partial judgment.   Entry of a partial
12 final judgment is therefore appropriate here.[7]

13 **II.    APPLE FAILS TO SHOW THAT A STAY IS NOT WARRANTED**

14 Apple's opposition to a stay pending appeal is equally flawed, as it fails to show that any
15 of the three relevant factors supports conducting a new trial prior to resolution of an appeal of the
16 Rule 54(b) judgment.

17 With respect to the first factor (the possible harm that may result from a stay), Apple
18 identifies no material harm that it would suffer from a stay pending appeal.   While Apple argues
19 (Opp. 18) that a stay would result in a delay before it obtains relief as to the products that are the
20 subject of the new trial, it has long been held that mere delay in obtaining recovery of money
21 damages is insufficient to justify denying a stay.   *See, e.g.*, *CMAX, Inc. v. Hall,* 300 F.2d 265, 269
22 (9th Cir. 1962).   Moreover, rushing ahead with the new trial could delay the *ultimate* resolution of
23 the claims that are the subject of the new trial even more than if there is a stay pending appeal of
24 the Rule 54(b) judgment:   if the new trial proceeds before any appeals and the Federal Circuit

---

[7]   Apple requests (Opp. 17) the opportunity to review the Rule 54(b) judgment prior to entry to avoid any omitted final claims.   If the Court grants Samsung's Motion, Samsung will prepare a proposed judgment and provide Apple an opportunity to comment on its contents.   The parties can expeditiously brief any disputes regarding the content of the judgment.

identifies, on later appeals, errors in the Court's rulings that affect both the final and non-final claims, there may need to a *third* trial that would delay resolution of the case even further.  On the other hand, if the Court waits, it can take the Federal Circuit's decision into account before proceeding with the new trial.  *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066-67 (9th Cir. 2007), upon which Apple relies (Opp. 18) to support its claimed harm from delay, is far afield from the facts here.  In *Dependable,* the court had stayed the litigation until an arbitration proceeding concluded.  On appeal, the Ninth Circuit lifted the stay, noting that two years had passed since the stay order was issued and the arbitration proceeding had not even commenced, let alone concluded.  *Id.* at 1066-1067.  In contrast, the parties here would expeditiously move forward with appeal(s) to the Federal Circuit were a Rule 54(b) judgment entered.[8]

As to the second factor (the hardship or inequity that a party may suffer absent a stay), Apple relies (Opp. 18) on inapposite cases in a failed to effort to counter Samsung's showing that it would be inequitable and potentially wasteful to require Samsung to defend itself at a new trial without first obtaining direction from the Federal Circuit.  In *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005), unlike here, the request for a stay was based on the existence of a bankruptcy proceeding, and the Ninth Circuit held that "the proceeding in bankruptcy court is unlikely to decide, or to contribute to the decision of, the factual and legal issues before the district court."  *Id.* at 1113.  Here, in contrast, Apple does not seriously dispute that the Federal Circuit decision on an appeal of the Rule 54(b) judgment is likely to effect the issues to be tried after the stay was lifted.  Apple's citation to *American Honda Motor Co. v. Coast Distribution System, Inc.*, 2007 WL672521, *2 (N.D. Cal. Feb. 26, 2007), is also misplaced, as there the court found that the request for a stay pending the outcome of an ITC proceeding would not simplify the case because ITC rulings are not binding on a district court.  *Id.* at *2.

---

[8]   Apple also cites *Kahn v. Gen. Motors Corp.,* 889 F.2d 1078, 1080 (Fed. Cir 1989), for the proposition that courts have a duty to avoid unnecessary delay, but there is no question this Court has been efficiently moving the case forward and any delay attendant to a stay would be necessary, sensible, and justified.

1   Finally, in arguing that the third factor (the orderly course of justice measured in terms of
2   the simplifying or complicating of issues, proof, and questions of law that could be expected to
3   result from a stay) does not favor a stay, Apple simply repeats (Opp. 18-19) its contention that
4   allowing an appeal from the Rule 54(b) judgment would not promote efficiency.   But as
5   discussed, *see supra*, Part I.C, Samsung has plainly demonstrated that efficiency and judicial
6   economy would result from entering a partial final judgment, and a stay pending appeal would
7   avoid a potentially wasteful use of scare judicial resources.   And Apple's citation to *ASUSTek*
8   *Computer Inc. v. Ricoh Co.*, 2007 WL 4190689, *3 (N.D. Cal. Nov. 21, 2007), is unavailing
9   because there the court denied a stay pending a decision in *another* case and, unlike here where the
10  case has already been tried on the merits once, the case had just begun.

11  A stay pending appeal of the Rule 54(b) judgment thus should be entered in the interests of
12  judicial efficiency and economy.

13  **III.   APPLE'S REQUEST TO "CORRECT ERRORS" IN THE COURT'S MARCH 1**
14  **ORDER IS PROCEDURALLY IMPROPER AND SUBSTANTIVELY**
15  **INCORRECT**

16  Apple's alternative argument (Opp. 15-17) that the Court should "correct" purported
17  "errors" in the March 1 Order regarding the Galaxy S II (AT&T) and Infuse 4G should be denied
18  as procedurally improper and substantively wrong.   *First*, contrary to this Court's rule for a
19  motion for reconsideration, Apple "has not identified any new development or other circumstances
20  that would warrant reconsideration under Northern District Civil Local Rule 7-9."   (Dkt. 1033-2,
21  at 1:14-16.)   As Apple itself argued to this Court, Civil Local Rule 7-9 "requires the party seeking
22  reconsideration of a prior order to show:   (1) 'a material difference in fact or law' that the party
23  did not know previously 'in the exercise of reasonable diligence'; (2) 'new material facts or a
24  change of law occurring after the time of such order'; or (3) 'a manifest failure by the Court to
25  consider material facts or dispositive legal arguments which were presented to the Court before
26  such interlocutory order.'   Civil L.R. 7-9(b)."   (*Id.* at 1:16-21.)   Apple has not even attempted to
27  meet this standard.   Apple points to (1) no fact or law that it did not know in the exercise of
28  reasonable diligence before the Court's entry of the March 1 Order; (2) no material facts or change

-11-   Case No. 11-cv-01846-LHK
**SAMSUNG'S REPLY IN FURTHER SUPPORT OF ITS MOTION FOR ENTRY OF
PARTIAL JUDGMENT PURSUANT TO RULE 54(B) AND FOR STAY PENDING APPEAL**

1  of law occurring after the time of that Order; and (3) no manifest failure by the Court to consider
2  material facts or arguments presented.
3        Instead of complying with Local Rule 7-9, Apple relies on just one document—the Joint
4  Pretrial Statement ("JPTS")—to argue that the Court made "errors" with respect to the Galaxy S II
5  (AT&T) and Infuse 4G.   But purported "errors" are not a ground for reconsideration under the
6  Rule.  *See Nidec Corp. v. Victor Co. of Japan, Ltd.*, 2007 WL 4108092 ,*3 (N.D. Cal. Nov. 16,
7  2007) ("Nowhere does Local Rule 7-9 state that a motion for reconsideration may be filed when
8  the court commits 'clear error'").   Even if they were, the JPTS was filed on July 6, 2012 (Dkt.
9  No. 1189)—over *three months before* Apple filed its opposition to Samsung's Motion for JMOL,
10  New Trial, and/or Remittitur, on October 19, 2012 (Dkt. 2050).   There is no valid reason why
11  Apple could not have made its present arguments in its opposition.   Apple does not get to "push
12  the reset button" (Dkt. 1033-2, at 1:6), and burden the Court and Samsung, because it has now
13  decided to make arguments it could have made before.   *See Kona Enters. v. Estate of Bishop*, 229
14  F.3d 877, 890 (9th Cir. 2000) (motion for reconsideration is an "extraordinary remedy, to be used
15  sparingly in the interests of finality and conservation of judicial resources."); *Nidec*, 2007 WL
16  4108092 at *4 (opportunistic motions for reconsideration "unduly burden[] opposing parties and
17  the Court.").   Apple's arguments have been waived.   *See, e.g.*, *Turner v. San Francisco*, 2012
18  WL 3763635, *33 (N.D. Cal. Aug. 29, 2012) ("A motion for reconsideration cannot be used to
19  raise arguments or present evidence for the first time when they could reasonably have been raised
20  earlier in the litigation.") (citing *Kona Enters.*, 229 F.3d at 890); *Matsunoki Group, Inc. v.
21  Timberwork Oregon, Inc.*, 2011 WL 940218 (N.D. Cal. Feb. 18, 2011) ("Civil Local Rule 7-9 is
22  not intended to allow parties to repeat prior argument or present new arguments that could have
23  been raised earlier.").
24        *Second*, Apple's gamesmanship goes further, as its request and motion for reconsideration
25  are merely *conditional*:   Apple asserts that the Court made "errors," yet wants the Court to correct
26  these purported errors *only* if Samsung's motion of entry of a Rule 54(b) judgment is granted and
27  Apple's request for a "prompt new trial" is denied.   (Dkt. 2283, at 2:11; *see also* Opp. 15 ("[T]he
28  Court's March 1 Order contains errors . . . which should be corrected *before judgment is entered.*")

-12-     Case No. 11-cv-01846-LHK
**SAMSUNG'S REPLY IN FURTHER SUPPORT OF ITS MOTION FOR ENTRY OF
PARTIAL JUDGMENT PURSUANT TO RULE 54(B) AND FOR STAY PENDING APPEAL**

1  (emphasis added); Dkt. 2289, at 1:2-3 ("*If despite that opposition, the Court intends to enter a*
2  *judgment pursuant to Rule 54(b)*, Apple moves pursuant to Civil Local Rule 7-9(a) . . .")
3  (emphasis added).)   Thus, Apple seeks a result that would enable it to use the $85 million final
4  award on the Galaxy S II (AT&T) and Infuse 4G as additional leverage against Samsung during
5  the pendency of the appeal if Samsung's Rule 54(b) motion is granted, but if Samsung's Rule
6  54(b) motion is denied and Apple gets an immediate new trial, then Apple wants the Court to
7  simply ignore the "errors" it has purportedly identified so that Apple can seek even more damages
8  on these products in the new trial.   Apple should not be heard to argue that there are "errors" if
9  the Court rules Samsung's way, but no errors if the Court rules Apple's way.

10        *Finally*, Apple is wrong on the merits.   Apple does not and cannot dispute that—whatever
11  the dates in the JPTS[9]—Apple's damages expert, Mr. Musika, included *April 2011* sales of the
12  Infuse 4G in the damages calculations on which the jury based its award.   (*See, e.g.*, Dkt. 991-19c
13  (Supplemental Expert Report of Terry Musika, Ex. 18.3-S).)   Although it could have done so,
14  Apple did not apprise the jury of the date each accused product was first sold, and it chose not to
15  have the JPTS read into the record or admitted in evidence.   Moreover, as the Court correctly
16  noted in the March 1 Order, Apple failed to present the jury with daily sales data for the accused
17  products.   (Dkt. 2271, at 26:1-3.)   Therefore, even if the jury had wanted to correct Mr. Musika's
18  damages numbers to account for the correct notice dates, the only course it could have taken was
19  to adopt Mr. Musika's proposed methodology and exclude all sales up to and including the quarter
20  in which the notice date fell.   (Dkt No. 1990-20, ¶ 23.)   This is exactly what Samsung properly
21  proposed in its motion for JMOL, new trial or remittitur.   (Dkt. 2013, at 25:3-16; Dkt. 1990-20 ¶¶
22  21-25.)   The Court, however, instead ordered a new trial on damages.

---

[9]   The dates in the JPTS that form the basis for Apple's request are in fact the dates the accused products were launched by carriers, *not* the dates of first sale by Samsung.   Apple had notice of this because the dates in the JPTS correspond precisely to those in Schedule 6.3 to Michael Wagner's April 20, 2012 Expert Report, which makes clear that the dates are when the products were first launched by carriers, and do not correspond to the dates of first sale reflected in the financial spreadsheets on which Mr. Musika relied for his damages calculations, and which were admitted into evidence..

Apple cannot now belatedly challenge the Court's March 1 Order based on a document that it deliberately decided not to put into evidence, that the jury did not consider, and that it knew of months before it filed its opposition to Samsung's post-trial motion.   On a motion for JMOL, new trial, or remittitur, a party may not defend the verdict based on evidence outside the trial record.   *See, e.g.*, *McEuin v. Crown Equip. Corp.*, 328 F.3d 1028, 1037 (9th Cir. 2003) ("The jury cannot be said to have reached an erroneous verdict because of evidence that was not before it at trial."); *Elbert v. Howmedica, Inc.*, 143 F.3d 1208, 1209 (9th Cir. 1998) (*per curiam*) (holding that "when ruling on a Rule 50(b) motion … [t]he record should be taken as it existed when the trial was closed").

And, even if consideration of the JPTS were proper and Apple had timely raised it, the result would be no different.   If, as Apple now asserts, the Court must hold that the first sale of the Infuse 4G was on May 15, 2011, then the jury's award for that product still cannot stand since it relied on Apple's damages opinions that included sales in April 2011.   (*See* Dkt. 991-19c (Supplemental Expert Report of Terry Musika, Ex. 18.3-S).)   Accordingly, adopting Apple's new position leads to the same outcome as before—the jury's award should be set aside.[10]

**Conclusion**

The Court should enter partial final judgment under Rule 54(b) as to all 14 products as to which damages are now finally resolved and as to all of Samsung's counterclaims, and should order any new trial stayed pending the resolution of appeal(s) from that partial final judgment.

---

[10]   Apple has also filed a motion for leave to move for partial reconsideration of the March 1 Order, duplicating the arguments in its Opposition.   (Dkt. 2289.)   Under Civil Local Rule 7-9, Samsung is not required to respond to Apple's motion, but it stands ready to do so should the Court request a response.   If the Court grants Apple leave to move for reconsideration and allows Apple's submission of new evidence and relitigation of the March 1 Order, Samsung is prepared to submit additional evidence and argument in opposition.

1 | DATED: March 29, 2013

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ Victoria F. Maroulis
   Charles K. Verhoeven
   Kathleen M. Sullivan
   Kevin P.B. Johnson
   Victoria F. Maroulis
   Susan R. Estrich
   Michael T. Zeller
   Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC