QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kathleen M. Sullivan (Cal. Bar No. 242261)
kathleensullivan@quinnemanuel.com
Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Susan R. Estrich (Cal. Bar No. 124009)
susanestrich@quinnemanuel.com
Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendant. | CASE NO. 11-cv-01846-LHK<br><br>**RENEWED ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL** |

Pursuant to Civil Local Rules 7-11 and 79-5, and General Order No. 62, Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") hereby bring this renewed administrative motion for an order to seal documents submitted in connection with Samsung's oppositions to Apple's Motion to Exclude Testimony of Samsung's Experts (Apple's *Daubert* Motion) and Motion to Strike Portions of Samsung's Expert Reports (*see* Dkt. No. 999).

**RELIEF REQUESTED**

Samsung requests an order granting Samsung's motion to file under seal:

1. Exhibit O to the Martin Declaration in Support of Samsung's Opposition to Apple's *Daubert* Motion ("Martin Declaration") (Dkt. No. 999); and

2. Exhibits J, BB, EE, and FF to the Ward Declaration in Support of Samsung's Opposition to Apple's Motion to Strike ("Ward Declaration") (Dkt. No. 1014).

Should the Court find that information included in these documents is not sealable, Samsung requests that the Court deny Samsung's motion to seal documents that include Samsung's confidential financial information—revenues, pricing, cost, and profit data—without prejudice to Samsung "refiling [a motion to seal] after resolution of the [parties' appeals from the Court's August 9 Order regarding motions to seal] by the Federal Circuit," as this Court has done in the past, and stay disclosure of the documents pending the Federal Circuit's resolution of the parties' appeals. *See* Dkt. No. 2168 at 9.

**STATEMENT OF FACTS**

On March 17, 2013, the Court denied Samsung's Administrative Motion to File Documents Under Seal related to Samsung's oppositions to Apple's *Daubert* motion and Motion to Strike. Dkt. No. 2278. The Court instructed the parties to "carefully scrutinize the documents they seek to seal" and ordered Samsung to file a renewed motion to seal within fourteen days. *Id.* at 2. After conferring with Apple and third parties, Samsung now moves to seal five documents.

**Documents that Include Apple's or Third-Party Confidential Information**

Portions of Exhibit O to the Martin Declaration and Exhibits J, EE and FF to the Ward Declaration include information Apple has designated confidential. Exhibit BB to the Ward

02198.51855/5245906.1

Case No. 11-cv-01846-LHK
RENEWED ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL

Declaration includes third-party confidential information.  Samsung expects that Apple and third parties will file declarations in support of this motion within seven days establishing that portions of these documents are sealable as required by Civil Local Rule 79-5(d).

**Documents that Include Samsung's Confidential Information**

Exhibit O to the Martin Declaration and Exhibits EE and FF to the Ward Declaration also include Samsung's highly confidential financial information.  Exhibit O to the Martin Declaration is the Corrected Expert Report of Michael J. Wagner dated April 20, 2012, Exhibit EE to the Ward Declaration is the Expert Report of Michael J. Wagner dated April 16, 2012, and Exhibit FF to the Ward Declaration is the Supplemental Expert Report of Terry L. Musika dated May 8, 2012. Exhibit O to the Martin Declaration and Exhibit FF to the Ward Declaration are identical to two documents that the Court found may not be sealed in its July 17, 2012 and August 9, 2012 orders (Dkt. Nos. 1256, 1649).[1]  Samsung has appealed to the Federal Circuit from those orders. Exhibit EE to the Ward Declaration is nearly identical Exhibit O to the Martin Declaration and is subject to the same analysis.

Samsung now seeks to seal the same materials it identified in its appeal to the Federal Circuit.  Specifically, Samsung seeks to seal:

**Exhibit O to the Martin Declaration:** pages 5 (data included in the tables), 91 (line 19), 92 (line 1 and the "Quantity" and "ASP" columns), 106 (the "Cost Value per Unit" and "Musika Cost Value per Unit" columns), 107 (lines 10, 12-15, 17-18, and nn. 552-53 and 555-56), 114 (lines 1-2), 138 (n. 680), 140-41 (data included in the tables), 155 (data included in the table), 162 ("Design Around Costs" column), 186 (lines 18-19), 197 (lines 5-6), 204 (lines 1-4), and 211-12 (the "Design Around Costs," "Units" and "Royalties Due" columns);

**Exhibit EE to the Ward Declaration:** pages 5 (data included in the tables), 90 (line 19), 91 (line 1 and the "Quantity" and "ASP" columns of the table), 105 (the "Cost Value per Unit" and "Musika Cost Value per Unit" columns), 106 (lines 10, 12-15, 17-18, and nn. 552-53 and 555-56), 113 (lines 1-2), 137 (n. 677), 139-40 (data included in the tables), 153 (data included in the table), 160 ("Design Around Costs" column), 183 (lines 4-5), 193 (lines 5-6), 199 (lines 17-19), 200

---

[1] Exhibit O to the Martin declaration is identical to Exhibit B to the Wagner Declaration in Support of Samsung's Reply in Support of its Motion to Strike, while Exhibit FF to the Ward Declaration is identical to Exhibit B to the Musika Declaration in Support of Apple's Opposition to Samsung's *Daubert* motion.

(line 1), and 206-08 (the "Design Around Costs," "Units" and "Royalties Due" columns); and

**Exhibit FF to the Ward Declaration:** pages 12 (line 20), 13 (lines 11, 16 & 19-20), and 18 (line 14), and Exhibits 17-S (except "Reasonable Royalty" column), 17.3-S, 17.4-S, 18-S (except "Reasonable Royalty" column), 18.2-S, 18.3-S, 36, 37-S (information below the line indicating worldwide revenue), 38-S (information below the line indicating worldwide revenue), 40-S ("Utility Patents" reference values for Samsung smartphones and tablets & nn. 3-4), 49-S, and 51-S to 51.2-S.

## ARGUMENT

### I. THE "GOOD CAUSE" STANDARD APPLIES

The three documents Samsung seeks to seal were submitted in support of Samsung's oppositions to Apple's *Daubert* motion and Motion to Strike. While the Ninth Circuit recognizes that a "strong presumption" or access to judicial records relating to "the resolution of a dispute on the merits," the presumption does not apply to judicial records that are "unrelated, or only tangentially related" to a party's claims. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (2006). Documents submitted in connection with non-dispositive motions may be sealed upon a showing of "good cause." *Id.* at 1179-80 (internal quotation marks omitted); *accord Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135-36 (9th Cir. 2003); *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002). Neither Apple's *Daubert* motion nor its Motion to Strike were dispositive; Apple would have been able to pursue its claims and damages theories even if the Court had excluded the testimony of Wagner, Samsung's damages expert. Thus, the documents at issue here are sealable upon a showing of "good cause."

### II. "GOOD CAUSE" AND "COMPELLING REASONS" EXIST TO SEAL CONFIDENTIAL FINANCIAL INFORMATION

Rule 26(c) permits a court to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by, among other things, "requiring that a trade secret *or other confidential research, development, or commercial information* not be revealed or revealed only in a specified way." Fed. R. Civ. P. 26(c) (emphasis added).

"The most commonly accepted definition of trade secrets," *Aronson v. Quick Point Pencil Co.*, 440 U.S. 257, 266 (1979), which the Ninth Circuit has applied in the sealing context, *In re*

*Elec. Arts, Inc.*, 298 Fed. App'x 568, 569 (9th Cir. 2008) (unpublished), is found in comment b to section 757 of the first Restatement of Torts.  *Accord, e.g.*, *Union Oil Co. of Cal. v. Fed. Power Comm'n*, 542 F.2d 1036, 1044 (9th Cir. 1976); *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972).  The Restatement defines "trade secret" as "*any* formula, pattern, device or compilation of information which is used in one's business, and which gives him *an opportunity* to obtain an advantage over competitors who do not know or use it."  RESTATEMENT OF TORTS § 757, cmt. b (1939) (emphasis added).  Thus, for example, in *In re Electronic Arts*, the Ninth Circuit stated that "pricing terms, royalty rates, and guaranteed minimum payment terms … plainly fall[] within the definition of 'trade secrets,'" and held that a district court had abused its discretion in denying sealing of such information.  298 Fed. App'x at 569.  Indeed, such data is both a paradigmatic trade secret and the precise sort of information that could be used to harm a business's competitive standing— both of which suffice to overcome the public interest in disclosure and thus to justify sealing.

As Samsung established in its July 30, 2012 Renewed Administrative Motion to File Documents Under Seal (Dkt. No. 1490), the documents at issue here, which include per-product revenue, pricing, cost, and financial information, fall squarely in the realm of trade secrets.  The documents include product-specific sales, costs of goods sold, expenses, and profits data for all accused products for each month between 2007 and 2012 and details of Samsung's licensing negotiations.  *See* Declaration of GiHo Ro dated July 30, 2012 (Dkt. No. 1490) ¶¶ 12-13, 21-22.  The exhibits are extremely valuable to Samsung, because the data guide the company's pricing, distribution, financial planning, and other business decisions.  Conversely, their release would be a windfall to Samsung's vendors, buyers, and competitors, could use insight about Samsung's financial data to its substantial detriment.  *Id.* ¶¶ 6-8.  The documents contain trade secrets, a fact that alone is sufficient to establish "compelling reasons"—and , *a fortiori*, "good cause"—for sealing the selected portions.  *Kamakana*, 447 F.3d at 1179; *In re Elec. Arts*, 298 Fed. App'x at 569-70.

Even if the technical definition of trade secrets are not met, the documents should nonetheless be sealed as they clearly meet Rule 26's definition of confidential "commercial

information."   Competitors, could use Samsung's financial data to determine Samsung's pricing "floor" and price its products at a level Samsung would not be able to profitably match, while component suppliers and customers would be able to use the information during negotiations to obtain more favorable pricing terms.   *See id.* ¶¶ 6-8; Declaration of GiHo Ro dated July 27, 2012 (Dkt. No. 1409) ¶ 6; Declaration of Hankil Kang dated February 15, 2013 (Dkt. No. 2231) ¶¶ 5-11.

It is for this reason that courts in the Ninth Circuit consistently seal confidential financial information even under the "compelling reasons" standard.   *See, e.g.*, *Bean v. John Wiley & Sons, Inc.*, No. CV 11-08028-PCT-FJM, 2012 WL 1078662, *5-6 (D. Ariz. Mar. 30, 2012); *Bauer Bros. LLC v. Nike, Inc.*, No. 09cv500-WQH-BGS, 2012 WL 1899838, *3-4 (S.D. Cal. May 24, 2012); *TriQuint Semiconductor, Inc. v. Avago Techs., Ltd.*, No. CV 09-1531-PHX-JAT, 2011 WL 6182346, *3-7 (D. Ariz. Dec. 13, 2011).   The Court should find the confidential financial information at issue here sealable for the same reasons.

### III.   THE COURT SHOULD GRANT SAMSUNG'S REQUEST TO STAY

Should the Court find that the confidential financial information at issue here may not be sealed, the Court should deny Samsung's requests without prejudice to it re-filing a renewed motion to seal should the Federal Circuit disagree with this Court's reasoning in the pending appeal from the Court's August 9, 2012 and July 17, 2012 Orders.   Both Apple and Samsung have sought "review of this Court's decision on the sealability of precisely this type of information" (Dkt. No. 2210 at 4) and the documents at issue here are either identical to those at issue on appeal or subject to the same analysis.   "Thus, the outcome of the appeal of the August 9 Order bears on the present" motion."   Dkt. No. 2168 at 8.   In addition, Samsung requests that the Court stay disclosure of the documents pending the Federal Circuit's resolution of the appeal.

### CONCLUSION

For the foregoing reasons, Samsung respectfully requests that the Court grant this renewed administrative motion to file under seal.

DATED: April 1, 2013

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Victoria F. Maroulis*
   Charles K. Verhoeven
   Kevin P.B. Johnson
   Victoria F. Maroulis
   Michael T. Zeller
   Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC