HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
JENNIFER LEE TAYLOR (CA SBN 161368)
jtaylor@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK<br><br>**APPLE'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SAMSUNG'S RENEWED MOTION TO SEAL** |

In accordance with Civil Local Rules 7-11 and 79-5, and General Order No. 62, Apple submits this memorandum in support of Samsung's renewed motion to seal documents related to Samsung's Oppositions to Apple's Motion to Exclude Testimony of Samsung's Experts (Dkt. No. 999) and Apple's Motion to Strike (Dkt. No. 1000).

## I. THE COURT SHOULD SEAL HARDWARE SCHEMATIC INFORMATION, CAPACITY INFORMATION, FINANCIAL INFORMATION, AND THIRD PARTY RESEARCH DATA

The Court should grant Samsung's renewed motion to seal Apple-confidential material as outlined in greater detail below and the Declaration of Cyndi Wheeler in Support of Samsung's Renewed Motion to File Under Seal ("Wheeler Decl.") filed herewith. The need to protect trade secrets contained in Apple documents filed in connection with Samsung's motions is a "compelling reason" to seal material, which is sufficient to outweigh the public's interest in disclosure. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). The type of information that Apple seeks to seal qualifies as trade secret. *See, e.g.*, *SI Handling Sys., Inc. v. Heisley*, 753 F.2d 1244, 1260 (3d Cir. 1985) (concluding that data relating to profit margin constituted trade secrets).

### A. The Court should seal Apple's hardware schematic information

Exhibit J to the Ward Declaration in Support of Samsung's Opposition to Apple's Motion to Strike (Dkt. No. 1000) consists of a transcript from ITC investigation No. 337-TA-750 involving Apple and Motorola that includes detailed discussions of touchscreen hardware and schematics. The Court has previously approved sealing detailed schematics information. (ECF No. 1649 at 8.) Not only is this information trade secret that would give competitors highly sensitive hardware details as discussed in the Wheeler Declaration, it has no relevance to the claims in the case, as Apple voluntarily dismissed its claims related to the '607 patent before trial began. There is therefore no countervailing need for the public to see this document in its unredacted form, and it will not benefit the public's understanding of this case. The Court should approve the redactions proposed in Wheeler Exhibit 1.

### B. The Court should seal Apple's capacity information

Exhibit EE to the Ward Declaration in Support of Samsung's Opposition to Apple's Motion to Strike (Dkt. No. 1000) and Exhibit O to the Martin Declaration in Support of Samsung's Opposition to Apple's Motion to Exclude Testimony of Samsung's Experts (Dkt. No. 999) consist of expert reports from Samsung's expert Michael J. Wagner and contain Apple capacity information. Exhibit FF to the Ward Declaration in Support of Samsung's Opposition to Apple's Motion to Strike (Dkt. No. 1000) consists of a supplemental expert report from Apple's expert Terry Musika. The Court has previously approved sealing the exact capacity information at issue in these exhibits. As set out in Wheeler Exhibits 2 and 3, Apple requests redactions in Paragraphs 178, 179, 180, 188, 193, and related figures. The Court approved redactions of these paragraphs in its August 9 Order. (ECF No. 1649 at 14) Similarly, Wheeler Exhibit 4 sets out capacity redactions in Exhibits 17.2-S, 20-S, 26, and 27. The Court approved these redactions of capacity data in its August 9 Order. (*Id.* at 13.)

### C. The Court should seal third party confidential research data

The Supplemental Musika Expert Report discussed above also contains several charts with extensive IDC data. (Wheeler Decl. ¶¶ 10-11.) The Court has previously granted motions to seal consumer research reports prepared by third parties such as IDC (*E.g.,* ECF. No. 2047 at 4-5). The Court found that release of such information "could harm IDC in so far as it might reduce IDC's ability to sell its reports to other customers, and the public's interest in this information about the smartphone market generally is not especially great, and could be satisfied by the information disclosed at trial." (ECF No. 2047 at 4-5; *see also* ECF No. 1649 at 10.) For the same reasons discussed in Apple's prior motions to seal, Apple respectfully requests that the Court seal this material.

### D. The Court should seal Apple's highly confidential financial information

The Wagner expert reports and Supplemental Musika Expert Report discussed above also contain Apple financial information. Apple has previously moved to seal, supported by detailed declarations, the same financial information. The Court previously denied Apple's motions but

has stayed enforcement of its order pending Apple's appeal to the Federal Circuit. (ECF. Nos. 1754, 2047.).

Apple takes extensive steps to protect the secrecy of its critical financial information. Even within Apple, very few people have access to this information. Access is on a "need to know" basis and must be approved in advance by one of Apple's Vice Presidents of Finance. (ECF No. 1502 ¶ 3.) The list of approved individuals is reviewed quarterly and revised to ensure that employees who no longer require access do not receive that information. (*Id.*) On the very rare occasions Apple must disclose its nonpublic financial information to those outside Apple, it marks such information "confidential" and distributes it only subject to highly restrictive nondisclosure agreements or protective orders. (*Id.*)

Apple goes to such lengths to protect its financial information because the information is competitively sensitive. Apple derives enormous value from the fact that its financial details are not shared with Apple's competitors and suppliers. (ECF. No. 1502 ¶¶ 4-8.) Apple's competitors could use profits and margins data to undercut Apple's prices by determining the products for which Apple has substantial profits, low costs, and wide margins and thus would be most susceptible to a price cut. (*Id.* ¶ 8.) Competitors' products—particularly if released with pricing designed to take advantage of unfair knowledge of Apple's bottom line—will substantially affect demand for Apple's products. Competitors could use the information to develop products that they can strategically price to undercut Apple. The facts of this case substantiate this risk. Indeed, Samsung may be in a position to undercut Apple's prices for smartphones and tablets, having already economized on development costs by free-riding off Apple's innovation. Apple's suppliers could use quarterly profits, costs, and margins data to determine when Apple has the highest margins and hike their prices accordingly. (*Id.*)

Product-line specific information, i.e. financial details with information as to specific versions of a given product, is also critically sensitive and valuable. (ECF No. 1502 ¶ 7.) Product line sales and revenue information reveal to competitors what Apple's most and least successful products are, and therefore provide unfair intelligence into which markets are ripe for competition and which markets may be more difficult to approach. (*Id.*) Apple respectfully

requests that the financial information contained in Samsung's filings be sealed, as set out in in the Wheeler Declaration ¶¶ 3-9.

## II. IF SEALING IS DENIED, THE COURT SHOULD STAY THE EFFECT OF ITS ORDER PENDING APPEAL

Apple respectfully requests that if the Court denies sealing of any of the materials that are the subject of this motion, the Court continue its practice of staying effect of its order pending appeal. (Dkt. No. 2047 at 7.) As the Court has previously held, once information is publicly filed, "what once may have been trade secret no longer will be. Thus, the parties may be irreparably injured absent a stay. In contrast, the public interest, which favors disclosure of relevant information in order to understand the proceedings, is not unduly harmed by a short stay." (*Id.*)

Dated: April 2, 2013        MORRISON & FOERSTER LLP

By:   */s/ Jason R. Bartlett*
      JASON R. BARTLETT

      Attorneys for Plaintiff
      APPLE INC.