| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781) <br> hmcelhinny@mofo.com <br> MICHAEL A. JACOBS (CA SBN 111664) <br> mjacobs@mofo.com <br> RACHEL KREVANS (CA SBN 116421) <br> rkrevans@mofo.com <br> JENNIFER LEE TAYLOR (CA SBN 161368) <br> jtaylor@mofo.com <br> MORRISON & FOERSTER LLP <br> 425 Market Street <br> San Francisco, California  94105-2482 <br> Telephone:  (415) 268-7000 <br> Facsimile:  (415) 268-7522 <br><br> Attorneys for Plaintiff and <br> Counterclaim-Defendant APPLE INC. | WILLIAM F. LEE <br> william.lee@wilmerhale.com <br> WILMER CUTLER PICKERING <br> HALE AND DORR LLP <br> 60 State Street <br> Boston, MA 02109 <br> Telephone: (617) 526-6000 <br> Facsimile: (617) 526-5000 <br><br> MARK D. SELWYN (SBN 244180) <br> mark.selwyn@wilmerhale.com <br> WILMER CUTLER PICKERING <br> HALE AND DORR LLP <br> 950 Page Mill Road <br> Palo Alto, California 94304 <br> Telephone: (650) 858-6000 <br> Facsimile: (650) 858-6100 |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, <br><br> Defendants. | Case No. 11-cv-01846-LHK <br><br> **DECLARATION OF CYNDI WHEELER IN SUPPORT OF SAMSUNG'S RENEWED MOTION TO SEAL** |

**EXHIBITS SUBMITTED UNDER SEAL**

DECLARATION OF CYNDI WHEELER IN SUPPORT OF SAMSUNG'S RENEWED MOTION TO SEAL
CASE NO. 11-CV-01846-LHK
sf-3267855

I, Cyndi Wheeler, hereby declare as follows:

1. I am an attorney for Apple Inc. ("Apple"). I submit this declaration in support of Samsung's Renewed Motion to Seal pursuant to Local Rules 7-11 and 79-5 (Dkt. 2292). I have personal knowledge of the matters set forth below. If called as a witness I could and would competently testify as follows.

**Detailed Information Regarding Schematics**

2. **Exhibit J to the Ward Declaration in Support of Samsung's Opposition to Apple's Motion to Strike (Dkt. No. 1000)** consists of a partially redacted prehearing and tutorial transcript from ITC investigation No. 337-TA-750, involving Apple and Motorola. Pages 275 through 282 of the transcript include detailed hardware information and a discussion of hardware schematics. Disclosure of the details of Apple's products to this level of specificity would give competitors highly sensitive information that could enable them to copy numerous aspects of Apple's hardware engineering. If this information were made public, Apple's competitors would learn highly confidential details related to the hardware design, structure, and operation of the products to which this schematics information is relevant. The comprehensiveness and level of detail contained in this discussion are not publicly available. A highlighted version of Ward Exhibit J showing proposed redactions is submitted herewith as **Exhibit 1**.

**Financial and Capacity Information**

3. **Exhibit EE to the Ward Declaration in Support of Samsung's Opposition to Apple's Motion to Strike (Dkt. No. 1000)** consists of the April 16, 2012 Expert Report of Michael J. Wagner. **Exhibit O to the Martin Declaration in Support of Samsung's Opposition to Apple's Motion to Exclude Testimony of Samsung's Experts (Dkt. No. 999)** consists of the April 20, 2012 Corrected Expert Report of Michael J. Wagner. I have reviewed versions of these documents redacted of Non-Apple CBI, and the Apple CBI contained in each appears to be identical.

4. **Exhibit FF to the Ward Declaration in Support of Samsung's Opposition to Apple's Motion to Strike (Dkt. No. 1000)** consists of the May 8, 2012 Supplemental Expert Report of Terry L. Musika. I have reviewed a version of this document redacted of Samsung CBI.

5. The above documents contain extensive financial and capacity information. Apple has previously moved to seal the precise information contained in these documents. Both the Corrected Wagner Expert Report and the Supplemental Musika Expert Report were at issue in Apple's Motion to Seal Prior Motions and Exhibits Thereto (ECF No. 1499) filed at the beginning of trial in July 2012. Apple provided a detailed supporting declaration at that time from its Vice President of Worldwide Planning and Analysis, Jim Bean. (Dkt. No. 1502).

6. As Mr. Bean stated in his declaration, Apple goes to extensive lengths to protect the confidentiality of its financial data, which is on par with source code from a confidentiality perspective. Margins, costs, and capacity information are among the most highly confidential of Apple's financial documents. Armed with capacity information, Apple's competitors could increase production of competing products when Apple typically has constrained capacity, or lower prices of competing products when Apple has excess capacity and would be more vulnerable to a price cut. Manufacturers with Apple's capacity data would be able to harm Apple by negotiating exorbitant rates with unfairly gained knowledge. Cost and profit/margin information would give competitors a substantial advantage over Apple as competitors could tailor offerings and pricing to undercut Apple and determine exactly what price level would make a given product unprofitable to Apple. Like manufacturers with capacity data, suppliers with cost data could alter Apple's price on components. And profits or margins alone would allow competitors to approximate cost.

7. Product line information, i.e. financial details with information as to specific versions of a given product, is also critically sensitive and valuable. Product line sales and revenue information would allow competitors to see which products Apple has had success with over what periods of time, and would also gain insight into Apple's current and future business plans by seeing where it has invested most heavily. If these documents were filed publicly, it would be an unfair boon to Apple's competitors, and would harm Apple's competitive standing.

8. Highlighted versions of the Wagner Expert Report and Corrected Wagner Expert Report showing proposed redactions are submitted herewith as **Exhibits 2 and 3**, respectively.

1  9. A highlighted version of the Supplemental Musika Report showing proposed
2  redactions is submitted herewith as **Exhibit 4**.

3  10. The above information is highly confidential and trade secret. If disclosed, the
4  information in the materials described above could be used by Apple's competitors to Apple's
5  disadvantage. The requested relief is necessary and narrowly tailored to protect the
6  confidentiality of this information.

7  **Third-Party Confidential Data**

8  11. In addition to the financial and capacity information contained in the Supplemental
9  Musika Expert Report discussed above, the report contains data-rich charts derived from
10 confidential third-party IDC information. Specifically, the proposed redactions of Exhibits 11.1,
11 12, 12.1, and 13.1 correspond to data prepared by IDC.

12 12. Apple has previously moved to seal IDC material, and supported its request with a
13 declaration at that time. (Dkt. No. 1408-2.) As Apple explained, Apple is contractually obligated
14 to defend the interests of third parties who sell Apple their proprietary consumer and market
15 studies, and disclosure of this material would severely harm such third parties and damage
16 Apple's relationship with them. Each report sold by a company such as IDC costs thousands of
17 dollars, and public disclosure would completely supplant the market for that report.

18 I declare under penalty of perjury under the laws of the United States of America that the
19 foregoing is true and correct. Executed this 2nd day of April, 2013 at Sydney, Australia.

*/s/ Cyndi Wheeler*
Cyndi Wheeler

**ATTESTATION OF E-FILED SIGNATURE**

I, Jason R. Bartlett, am the ECF User whose ID and password are being used to file this Declaration. In compliance with Civil L.R. 5-1(i)(3), I hereby attest that Cyndi Wheeler has concurred in this filing.

Dated: April 2, 2013             */s/ Jason R. Bartlett*
                                        Jason R. Bartlett