QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kathleen M. Sullivan (Cal. Bar No. 242261)
kathleensullivan@quinnemanuel.com
Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Susan R. Estrich (Cal. Bar No. 124009)
susanestrich@quinnemanuel.com
Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendant. | CASE NO. 11-cv-01846-LHK<br><br>**DECLARATION OF JAMES SHIN** |

I, James Shin, declare:

1.  I am Legal Counsel at Samsung Electronics Co., Ltd. ("SEC"). I have personal knowledge of the facts set forth in this declaration, except as otherwise noted, and, if called as a witness, could and would testify to those facts under oath.

2.  I submit this declaration in support of Samsung's Renewed Administrative Motion to File Documents Under Seal and incorporate by reference the July 27, 2012 and July 31, 2012 declarations of GiHo Ro, a Senior Manager of the Administration Team in the Mobile Communications Division at SEC (Dkt. Nos. 1375 and 1490) and the February 15, 2013 declaration of Hankil Kang (Dkt. No. 2231).

3.  The documents Samsung now moves to seal contain highly confidential financial information, including product-specific revenue, pricing, cost, and profit data. The information at issue here is identical or largely similar to the information included in documents Samsung moved to seal in July, 2012 and are now subject to Samsung's appeal to the Federal Circuit from the Court's August 9, 2012 and July 17, 2012 Orders regarding motions to seal.

4.  The financial information at issue includes the costs of components Samsung uses to manufacture its products, and detailed information about the cost to manufacture tens of product lines and Samsung's profit margins on those products, calculated using highly sensitive cost and overhead information.

5.  This is not the type of information that Samsung reports to investors, regulatory bodies, the press, or business analysts. This information is highly confidential to Samsung and Samsung takes extraordinary steps to maintain the secrecy of the information. Even within Samsung's finance and accounting groups, data included in the documents can only be accessed by certain personnel on a restricted, need-to-know basis. The data guide Samsung's pricing, distribution, financial planning, and other business decisions.

6.  The information contained in these documents was produced in this case to Apple's outside counsel and experts for the sole purpose of calculating supposed damages. It was produced under a Protective Order and was marked "Highly Confidential – Attorneys' Eyes Only." Samsung took special precautions when producing detailed financial data to Apple, including

1  restricting the distribution of soft copies of the data, copying of data, or inspecting the data in an
2  unsecured environment.  Samsung distributed numbered compact discs that contained soft copies
3  of the data, retrieved the discs after a certain amount of time, and only permitted the inspection of
4  certain data in a secure location to prevent unauthorized copying or dissemination.

5        7.   Disclosure of revenues, pricing strategy, and costs will permit competitors to
6  undercut Samsung's prices, and allow business partners to gain leverage that can be used to
7  Samsung's disadvantage during negotiations.  Release of this information will create an
8  information asymmetry that will affect negotiations to Samsung's detriment—suppliers and
9  business partners would have details of Samsung's financial data, while Samsung would not have
10 access to the same data of its suppliers and business partners.

11       8.   Per-unit cost information and product-specific revenues, pricing, operating
12 margins, and profits are far more sensitive and confidential than company-wide financial
13 statements because they disclose the lowest price at which Samsung can profitably sell its
14 products.  Armed with that information, a competitor could charge a lower price in an effort to
15 gain market share.  Competitors could also use knowledge of Samsung's highest- and lowest-
16 performing products lines to target marketing and advertising efforts.

17       9.   Suppliers could use the same information—and knowledge of Samsung's cost
18 ceiling for each product line—as leverage to negotiate higher prices for components.

19       10.  Likewise, carrier and retail partners would be able to leverage knowledge of
20 Samsung's margins to negotiate lower prices for Samsung's smart phone and tablet products.

21       11.  The need for confidentiality extends to portions of summaries created by the
22 damages experts in this case.  While some of the information contained in these summaries is not
23 highly sensitive, other information, like product-specific profit margins and per-unit costs, are
24 based on non-public financial data and would have the same detrimental effect as release of the
25 underlying data for the reasons described in paragraphs 7-10.

26
27
28

02198.51855/5246162.1

-2-

Case No. 11-cv-01846-LHK
DECLARATION OF JAMES SHIN

**Dkt. No. 999**

12.     Exhibit O to the Declaration of Joby Martin in Support of Samsung's Opposition to Apple's Motion to Exclude consists of the Corrected Expert Report of Michael J. Wagner dated April 20, 2012. I understand that the document includes Apple and/or third-party confidential information. I reviewed a partially redacted version of the report. The portions of Exhibit O that Samsung requests be sealed contain details of Samsung's sales, unit prices, costs of goods sold, profits, and profit margins. As explained above in paragraphs 8 and 9, competitors and component suppliers could use Samsung's operating margins to undercut Samsung's prices and negotiate higher component prices. Moreover, future purchasers of Samsung's products could use the information in Exhibit O to negotiate more favorable prices.

**Dkt. No. 1014**

13.     Exhibit EE to the Ward Declaration in Support of Samsung's Opposition to Apple's Motion to Strike consists of the Expert Report of Michael J. Wagner dated April 16, 2012. I understand that the document includes Apple and/or third-party confidential information. I reviewed a partially redacted version of the report. The portions of Exhibit O that Samsung requests be sealed contain details of Samsung's sales, unit prices, costs of goods sold, profits, and profit margins. As explained above in paragraphs 8 and 9, competitors and component suppliers could use Samsung's operating margins to undercut Samsung's prices and negotiate higher component prices. Moreover, future purchasers of Samsung's products could use the information in Exhibit EE to negotiate more favorable prices.

14.     Exhibit FF to the Ward Declaration in Support of Samsung's Opposition to Apple's Motion to Strike consists of the Supplemental Expert Report of Terry L. Musika dated May 8, 2012. I understand that the document includes Apple and/or third-party confidential information. I reviewed a partially redacted version of the report. The portions of Exhibit FF that Samsung requests be sealed contain details of Samsung's sales, unit prices, costs of goods sold, profits, profit margins, and information about licensing negotiations. As explained above in paragraphs 8 and 9, competitors and component suppliers could use Samsung's operating margins to undercut

Samsung's prices and negotiate higher component prices. Moreover, future purchasers of Samsung's products could use the information in Exhibit FF to negotiate more favorable prices. In addition, disclosure of proposed licensing payment terms could negatively affect Samsung's ability to negotiate licensing agreements in the future.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed in Suwon, South Korea on April 2, 2013.

_____
James Shin