UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>   Plaintiff and Counterdefendant,<br> v.<br><br>SAMSUNG ELECTRONICS CO., LTD.,<br>a Korean corporation;<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br>a New York corporation; and<br>SAMSUNG TELECOMMUNICATIONS<br>AMERICA, LLC,<br>a Delaware limited liability company,<br><br>   Defendants and Counterclaimants. | Case No.: 11-CV-01846-LHK<br><br>ORDER RE: APPLE'S ADMINISTRATIVE MOTION SEEKING AN APRIL 3 CASE MANAGEMENT CONFERENCE; APPLE'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION; SAMSUNG'S MOTION FOR ENTRY OF PARTIAL JUDGMENT PURSUANT TO RULE 54(B) AND FOR STAY PENDING APPEAL |

Having considered the arguments of the parties and the papers submitted, the Court hereby rules as follows:

(1) The Court DENIES Apple's Administrative Motion Seeking an April 3 Case Management Conference, ECF No. 2283.

(2) The Court GRANTS Apple's Unopposed Motion for Leave to File One-Page Reply Supporting Its Administrative Motion Seeking an April 3 Case Management Conference, ECF No. 2287.

(3) Subject to the briefing schedule set forth below, the Court GRANTS Apple's Motion for Leave to File Motion for Reconsideration of Order Granting New Damages Trial on Galaxy SII AT&T and Infuse 4G, ECF No. 2289.

1

(4) Regarding the Stipulation Regarding Samsung's Motion for Entry of Partial Judgment Pursuant to Rule 54(b) and For Stay Pending Appeal, ECF No. 2282, the Court adopts the Stipulation's briefing schedule, but denies the parties' request for a hearing.  The Court takes Samsung's Motion for Entry of Partial Judgment Pursuant to Rule 54(b) and For Stay Pending Appeal, ECF No. 2281, under submission.

The Court sets a Case Management Conference for Monday, April 29, 2013, at 2 p.m.  On April 22, 2013, the parties shall file a Joint Case Management Conference Statement, not to exceed 10 pages.  In the Joint Case Management Conference Statement, the parties shall propose a schedule for discovery, a pretrial conference, and trial in the event the Court schedules a new trial.  Lead trial counsel must meet and confer before the parties file the Joint Case Management Statement.

To assist the Court in resolving the many pending disputes, the Court sets the following briefing schedule:

(1) On April 9, 2013, Apple shall file a response, not to exceed six pages, to Samsung's contention that a new trial on damages alone violates the Seventh Amendment.  *See* Samsung Opposition to Apple's Motion Seeking an April 3 Case Management Conference, ECF No. 2286 at 5-10.  On April 16, 2013, Samsung may file a reply, not to exceed five pages.

(2) On April 9, 2013, Samsung shall file a response, not to exceed five pages, to Apple's contention that immediate appeal of this Court's Order Re: Damages filed on March 1, 2013 is not viable.  *See* Apple's Motion Seeking an April 3 Case Management Conference, ECF No. 2283, at 2.  On April 16, 2013, Apple may file a reply, not to exceed four pages.

(3) On April 9, 2013, both parties shall file a statement, not to exceed four pages per party, regarding when their US PTO reexaminations of the opposing party's patents will conclude and what effect the concluded reexaminations will have on any new trial or appeal.  On April 16, both parties may file a response, not to exceed two pages per party.

**IT IS SO ORDERED.**

Dated: April 2, 2013

_____
LUCY H. KOH
United States District Judge

2
Case No. 11-CV-01846-LHK
ORDER RE: APPLE'S ADMINISTRATIVE MOTION SEEKING AN APRIL 3 CASE MANAGEMENT CONFERENCE;  APPLE'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION; SAMSUNG'S MOTION FOR ENTRY OF PARTIAL JUDGMENT PURSUANT TO RULE 54(B) AND FOR STAY