Christopher L. Kelley, Bar No. 166608
CKelley@perkinscoie.com
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA  94304
Telephone:  650.838.4300
Facsimile:  650.838.4350

Attorneys for Non-Party
INTEL CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC.,<br><br>          Plaintiff,<br><br>     v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>          Defendants. | Case No. 11-cv-01846-LHK<br><br>**NON-PARTY INTEL'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SAMSUNG'S RENEWED MOTION TO SEAL** |

Pursuant to Civil L.R. 7-11 and 79-5(c), and the Court's Order of March 17, 2013 (Dkt. # 2278), non-party Intel Corporation ("Intel") submits this memorandum of points and authorities in support of Samsung's "Renewed Motion to File Documents Under Seal" (Dkt. # 2292).

On April 1, 2013, Samsung renewed its motion to file certain documents, or portions thereof, under seal. (Dkt. # 2292). One of the documents addressed in that motion and proposed order, Exhibit BB to the Ward Declaration in Support of Samsung's Opposition to Apple's Motion to Strike ("Ward Declaration") (Dkt. No. 1014), contains Intel highly sensitive, technical product information. More specifically, paragraphs 87-89, 97-98, 128-29, 135, 141, 147, and 169

1  of Exhibit BB to the Ward Declaration contain confidential technical product information

2  regarding the design of Intel's baseband chips.

3  Intel, therefore, submits this memorandum in support of Samsung's motion to seal those

4  portions of Exhibit BB to the Ward Declaration to protect Intel's highly-sensitive technical design

5  information.

**ARGUMENT**

7  Evidence relevant to a dispositive matter may be sealed for "compelling reasons."

8  *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006).  Sealing is

9  warranted where a party has taken steps to maintain the secrecy of the information and would be

10 harmed if it were disclosed.  *Network Appliance, Inc. v. Sun Microsys., Inc.,* Case No.

11 C-07-06053 EDL, 2010 WL 841274, at *2 (N.D. Cal. Mar. 10, 2010) (finding compelling reason

12 to seal "in light of the confidential nature of the information and the competitive harm to third

13 parties if the confidential information were disclosed"); *Upek, Inc. v. Authentec, Inc.,* Case No.

14 C 10-00424 JF, 2010 WL 1980189, at *4 (N.D. Cal. May 17, 2010) (noting effort to maintain

15 confidentiality in finding compelling reason to seal).

16 Technical design aspects of Intel's source code are discussed in paragraphs 98, 141, and

17 169 of Exhibit BB to the Ward Declaration.  As described in the accompanying declaration of

18 Josef Hausner, attached as Exhibit A to this motion ("Hausner Decl."), Intel maintains the secrecy

19 of the source code and technical documents and would be harmed by their public disclosure.

20 Hausner Decl. at ¶¶ 3-6.  The source code represents a significant investment and contains

21 numerous trade secrets that provide a competitive advantage to Intel.  Hausner Decl. at ¶¶ 4-5.

22 Disclosure of the source code would seriously harm Intel by enabling potential competitors to

23 shortcut their development efforts by copying Intel's source code to create firmware.  *Id*.  The

24 harm resulting from disclosure of technical details of a party's product is frequently found to

25 provide a "compelling reason" to seal.  *Kamakana,* 447 F.3d 1172, 1179 (compelling reason may

26 be found in avoiding release of trade secrets); *Network Appliance,* 2010 WL 841274, at *2; *Dish

27 Network, LLC v. Sonicview USA, Inc*., Case No. 09CV1553-L(NLS), 2009 WL 2579052, at *1

28 (S.D.Cal. Aug. 20, 2009); *Upek*, 2010 WL 1980189, at *4.

-2-  NON-PARTY INTEL'S MEMORANDUM IN SUPPORT
OF SAMSUNG'S RENEWED MOTION TO SEAL
CASE NO. 11-cv-01846-LHK

1   Likewise, technical design information from Intel's "X-GOLD 61x Product Specification"
2   is discussed in paragraphs 87-88, 97, 98, 128, and 169 of Exhibit BB to the Ward Declaration.
3   The X-GOLD 61x Product Specification breaks down the system design of the X-GOLD 61x
4   modem into its constituent modules and specifies the interfaces and algorithms used by each
5   module. Hausner Decl. at ¶¶ 7-9. Although The X-GOLD 61x Product Specification is not
6   source code, it is similarly valuable because it provides a complete specification for the system
7   design of the X-GOLD 61x modem. *Id.*

8   Paragraphs 89, 129, 135, 141, and 147 of Exhibit BB to the Ward Declaration similarly
9   disclose confidential technical design information regarding Intel's products. Each of those
10  paragraphs discuss or quote the confidential deposition testimony of Marcus Paltian, an engineer
11  for Intel Mobile Communications ("IMC"), in which he testifies about portions of Intel's
12  confidential product designs. Though portions of the Paltian deposition transcript were played in
13  open court at trial, none of the portions referenced in these paragraphs were played at trial.

14  Disclosure of this information from Intel's source code, the X-GOLD 61x Product
15  Specification, or the Paltian deposition testimony would seriously harm Intel on two counts.
16  First, advantageous features of Intel's system-level design for its X-GOLD 61x modem would
17  become publicly documented and could be copied by Intel's competitors. Hausner Decl. at
18  ¶¶ 4-5, 9. Second, Intel would be put at risk of having to compete with products from
19  manufacturers that did not have to bear the expense or burden of doing their own independent
20  system development efforts. These risks provide a "compelling reason" to seal the Product
21  Specification. *See Dish Network*, 2009 WL 2579052, at *1 (possibility that technical material
22  could serve as "blueprint" for competitors provides compelling reason to seal); *Network*
23  *Appliance*, 2010 WL 841274 at *2.

24  Sealing these documents will not deprive the public of the opportunity to meaningfully
25  review the proceedings. The public will be left with sufficient basis in the open record to
26  understand the merits of the motion for which this exhibit was submitted. *See Dish Network,*
27  2009 WL 2579052, at *1 (finding compelling reason to seal where documents that would remain
28  publicly available "describe in less detail the infringing nature of the devices and software but

-3-   NON-PARTY INTEL'S MEMORANDUM IN SUPPORT
      OF SAMSUNG'S RENEWED MOTION TO SEAL
      CASE NO. 11-cv-01846-LHK

provide sufficient information to enable public understanding of the judicial process without the need to make public the detailed **technical** explanations contained in the report").

## CONCLUSION

The relief requested in this motion is narrowly tailored.  Intel only seeks to seal limited portions of Exhibit BB to the Ward Declaration to prevent the disclosure of its proprietary and highly valuable system designs and source code information.

Accordingly, Intel respectfully requests that the Court grant Samsung's Renewed Administrative Motion to File Documents Under Seal in regard to paragraphs 87-89, 97-98, 128-29, 135, 141, 147, and 169 of Exhibit BB to the Ward Declaration.

Dated:  April 8, 2013                                       Respectfully submitted,


*/s/ Christopher L. Kelley*
Christopher L. Kelley

Counsel for Non-Party Intel Corporation

**CERTIFICATE OF SERVICE**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on April 8, 2013.

*/s/ Christopher L. Kelley*
Christopher L. Kelley