1   HAROLD J. MCELHINNY (CA SBN 66781)        WILLIAM F. LEE
    hmcelhinny@mofo.com                        william.lee@wilmerhale.com
2   MICHAEL A. JACOBS (CA SBN 111664)          WILMER CUTLER PICKERING
    mjacobs@mofo.com                           HALE AND DORR LLP
3   RACHEL KREVANS (CA SBN 116421)             60 State Street
    rkrevans@mofo.com                          Boston, MA 02109
4   JENNIFER LEE TAYLOR (CA SBN 161368)        Telephone: (617) 526-6000
    jtaylor@mofo.com                           Facsimile: (617) 526-5000
5   MORRISON & FOERSTER LLP
    425 Market Street
6   San Francisco, California  94105-2482      MARK D. SELWYN (SBN 244180)
    Telephone:  (415) 268-7000                 mark.selwyn@wilmerhale.com
7   Facsimile:  (415) 268-7522                 WILMER CUTLER PICKERING
                                               HALE AND DORR LLP
8                                              950 Page Mill Road
                                               Palo Alto, California 94304
9   Attorneys for Plaintiff and                Telephone: (650) 858-6000
    Counterclaim-Defendant APPLE INC.          Facsimile: (650) 858-6100

10

11                  UNITED STATES DISTRICT COURT

12                NORTHERN DISTRICT OF CALIFORNIA

13                      SAN JOSE DIVISION

14   APPLE INC., a California corporation,          Case No. 11-cv-01846-LHK

15              Plaintiff,                          **APPLE'S RESPONSE TO
                                                    SAMSUNG'S ARGUMENT
16         v.                                       REGARDING EFFECT OF SEVENTH
                                                    AMENDMENT ON NEW DAMAGES
17   SAMSUNG ELECTRONICS CO., LTD., a               TRIAL**
     Korean corporation; SAMSUNG
18   ELECTRONICS AMERICA, INC., a New
     York corporation; and SAMSUNG
19   TELECOMMUNICATIONS AMERICA,
     LLC, a Delaware limited liability company,
20
                Defendants.
21

22

23

24

25

26

27

28

1    Despite requesting—and winning—a new trial on damages, Samsung now argues that the

2  Seventh Amendment requires a retrial of liability issues too.  Samsung fails to offer any basis for

3  reconsidering the order granting Samsung the precise relief it requested.  Even if considered,

4  Samsung's argument fails on the merits, as courts routinely hold that patent damages can be tried

5  independently of liability and the infringement findings here are law of the case.

6    **A.    Samsung's Argument Improperly Seeks Reconsideration of An Order That**
     **Samsung Requested**
7

8    The Court's March 1 Order granted Samsung what it asked for:  a new trial on damages.

9  Samsung's request was crystal clear:  "The Court should vacate the award and grant a new trial

10  on damages."  (Dkt. 2013 at 24.)  The Court did exactly that, ordering "a new trial on damages"

11  for specified products.  (Dkt. 2271 at 26.)  Samsung now seeks to expand its request, claiming "a

12  right to a new trial on liability and damages for products that will be the subject of the new trial."

13  (Dkt. 2286 at 1.)  But Samsung must accept the consequences of its litigation strategy; it cannot

14  now change course to seek a different remedy after having received the remedy it sought.  *See*

15  *Robert Bosch LLC v. Pylon Mfg. Corp.*, 659 F.3d 1142, 1156 n.7 (Fed. Cir. 2011) (rejecting

16  defendant's argument that it could not develop damages record during bifurcated liability trial it

17  requested over plaintiff's objection, as defendant "cannot now complain about the natural

18  consequences of the procedure it asked the court to adopt.").  That the Seventh Amendment is

19  involved makes no difference.  *See, e.g.*, *Perez-Farias v. Global Horizons, Inc.*, No. 10-35397,

20  2012 WL 6043051 (9th Cir. Dec. 5, 2012) ("These actions by Workers constitute waiver of their

21  Seventh Amendment right to a jury trial."); *Fuller v. City of Oakland*, 47 F.3d 1522, 1530 (9th

22  Cir. 1995) ("There is no dispute that the Seventh Amendment right to a jury trial, like other

23  constitutional rights, can be waived.").

24    Moreover, Samsung cannot satisfy the requirements for effectively seeking

25  reconsideration of the order that it sought.  "A motion for reconsideration 'may *not* be used to

26  raise arguments or present evidence for the first time when they could reasonably have been

27  raised earlier in the litigation.'" *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*,

28  571 F.3d 873, 880 (9th Cir. 2009) (citation omitted).  Samsung cannot satisfy any of the limited

1  bases on which Local Rule 7-9(b) permits reconsideration.  Civil L.R. 7-9(b).  Nor has Samsung

2  complied with Local Rule 7-9, which requires that a party seeking reconsideration of an

3  interlocutory order first move for leave to make such a request.  Civil L.R. 7-9(a).  The Court

4  should reject Samsung's request that the Court revisit the very relief Samsung requested.

5           **B.**       **The Seventh Amendment Does Not Preclude a New Trial on Damages Alone**

6       Samsung's argument also fails on the merits.  The Seventh Amendment does not bar the

7  Court from holding a new trial in which the new jury is instructed that infringement has been

8  decided and that its task is limited to determining damages for Samsung's infringement.

9       The Federal Circuit has made clear that the Seventh Amendment's "'prohibition is not

10  against having two juries review the same *evidence*, but rather against having two juries *decide*

11  the same *essential issues*.'"  *In re Innotron Diagnostics*, 800 F.2d 1077, 1086 (Fed. Cir. 1986)

12  (quoting *Paine, Webber, Jackson & Curtis, Inc. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,

13  587 F. Supp. 1112, 1117 (D. Del. 1984)); *see also Gardco Mfg., Inc. v. Herst Lighting Co.*,

14  820 F.2d 1209, 1213 (Fed. Cir. 1987) (citing *Innotron* for same language and upholding

15  bifurcation of inequitable conduct claim).  That some issues would overlap when a case is retried

16  does not result in a constitutional violation.  The Seventh Amendment precludes separate trials

17  only if separation would "constitute a clear and indisputable infringement of the constitutional

18  right to a fair trial."  *Innotron*, 800 F.2d at 1086) (affirming separate trials on patent infringement

19  and patent antitrust claims).[1]

20

21      [1] Federal Circuit law governs the specific patent-related questions on which Samsung's argument relies, such as the "scope of infringement" (Dkt. 2286, at 6).  *Cf. LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51, 66-71 (Fed. Cir. 2012) (applying regional circuit law to

22  decide whether new trial issues were waived, but Federal Circuit law when analyzing substantive arguments about alleged error).  Nevertheless, Ninth Circuit law also supports trying damages

23  separately from liability.  *E.g.*, *Wharf v. Burlington N.R.R. Co.*, 60 F.3d 631, 638 (9th Cir. 1995) (retrial of damages appropriate even though second jury would determine cause of plaintiff's

24  injury to allocate damages).  In asserting that Ninth Circuit law governs, Samsung cites only a Tenth Circuit case having nothing to do with patent law (*Haynes Trane Serv. Agency, Inc. v. Am.*

25  *Standard, Inc.*, 573 F.3d 947 (10th Cir. 2009)), and a Federal Circuit case in which the issue governed by regional circuit law was the standard of review on a reduction in damages without

26  offering a new trial. (*Minks v. Polaris Indus., Inc.*, 546 F.3d 1364, 1370 (Fed. Cir 2008)). (Dkt. 2286, at 6 n.1.)  Moreover, in *Minks*, the Federal Circuit ordered the precise relief that

27  Samsung now claims to be unconstitutional—a new trial *on damages*.  546 F.3d at 1381.  In *Haynes*, the court found a general verdict form would not guide a second jury on specifics of

28                                                            (Footnote continues on next page.)

1    In *Innotron*, the Federal Circuit adopted the Seventh Amendment standard articulated in

2  *Paine, Webber, Jackson & Curtis, Inc. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 587 F.

3  Supp. 1112 (D. Del. 1984).  *See Innotron*, 800 F.2d at 1086.  In *Paine* the court applied that

4  standard to hold that bifurcating a patent infringement trial and presenting liability and damages

5  to separate juries would not deny the defendant's Seventh Amendment jury rights, even though

6  the issue of commercial success would be considered in both trials.  587 F. Supp. at 1116-17.

7    Separate damages trials are commonplace in patent cases.  *See, e.g.*, Federal Judicial

8  Center, Manual for Complex Litigation, Fourth § 32.23 (2004) ("The most common type of

9  bifurcation in patent cases involves separating liability from damages.").  The Federal Circuit has

10  never held that a separate damages trial violates the Seventh Amendment, and in fact routinely

11  discusses them without criticism (*see, e.g.*, *Seachange Int'l, Inc. v. C-COR Inc.*, 413 F.3d 1361,

12  1366 (Fed. Cir. 2005) (discussing bifurcated liability and damages trials without criticism or

13  reference to Seventh Amendment)) and remands cases for new damages trials.  *See, e.g.*, *Uniloc*

14  *USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1323 (Fed. Cir. 2011) (remanding for new trial on

15  damages); *Whitserve, LLC v. Computer Packages, Inc.*, 694 F.3d 10, 16 (Fed. Cir. 2012) (same).[2]

16    **C.    Samsung's Cases Are Distinguishable and Its Arguments Misplaced**

17    Having now reversed course from the position it advocated last fall, Samsung fails to

18  provide support for its new position.  Samsung points to only two decisions that discuss the

19  Seventh Amendment: *Gasoline Products Co. v. Champlin Refining Co.*, 283 U.S. 494, 499 (1931),

20  and *Hasbrouck v. Texaco, Inc.*, 663 F.2d 930 (9th Cir. 1981).  (Dkt. 2286 at 5-6.)  Neither

21

22  (Footnote continued from previous page.)

23  fraud liability (573 F.3d at 967), but here, there is a 20-page verdict form, on which the first jury indicated infringement on a patent-by-patent, product-by-product basis.  (Dkt. 1931.)

24    [2] The Federal Circuit has confirmed that district courts have wide discretion in how patent
25  cases may be divided, approving bifurcation of more than just liability and damages.  *See, e.g.,*
*Arthrocare Corp. v. Smith & Nephew, Inc.*, 406 F.3d 1365, 1367 (Fed. Cir. 2005) (noting without
criticism that trial was bifurcated into first phase encompassing "infringement, invalidity, and
26  inequitable conduct" and second phase addressing "damages, willfulness, and the antitrust
counterclaim"); *Agfa Corp. v. Creo Prods.*, 451 F.3d 1366, 1373 (Fed. Cir. 2006) (separating trial
27  on inequitable conduct).

28

1  decision analyzes the Seventh Amendment in the context of patent damages trials, and neither

2  holds that a retrial of damages requires a retrial on liability.  Far from barring retrials on damages,

3  in *Gasoline Products* the Supreme Court held for the first time that the Seventh Amendment

4  "does not compel a new trial of [an] issue even though another and separable issue must be tried

5  again."  283 U.S. at 499.  The Court remanded that case for a retrial on damages and liability

6  because the jury had issued a *general verdict* lacking any specific findings.  *Id.* at 499-500.  The

7  jury's highly detailed special verdict in this case, of course, is completely different.  (Dkt. 1931.)

8  *Hasbrouck* offers no guidance as to separate trials of damages and liability in patent cases, as it

9  addressed the unique requirements of a *Clayton Act* claim.  663 F.2d at 934 (retrial on damages

10  alone improper due to "overlap between proof of injury for liability purposes and for damage

11  calculation purposes under Clayton section 4"); *see Alabama v. Blue Bird Body Co.*, 573 F.2d 309,

12  317 (5th Cir. 1978) (trial on damages alone is improper in Clayton Act case because proof of

13  injury is element of liability for that statute).

14      The remaining cases Samsung cites regarding patent damages provide no support for its

15  Seventh Amendment position.  *BIC Leisure Products, Inc. v. Windsurfing International, Inc.*,

16  1 F.3d 1214, 1218 (Fed. Cir. 1993), addresses the scope of competition between two products

17  when evaluating a lost profits claim without discussing the Seventh Amendment or revisiting

18  infringement.  *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1318 (Fed. Cir. 2011),

19  remanded for a new trial on damages alone.  *Id.* at 1323.  So did *ResQNet.com, Inc. v. Lansa, Inc.*,

20  594 F.3d 860, 869 (Fed. Cir. 2010).

21      **D.      Samsung's Proposal Would Violate the Doctrine of Law of the Case**

22      Samsung's argument that the second jury must evaluate which applications infringed

23  the '381 patent would violate the doctrine of law of the case.  The first jury rendered a verdict that

24  particular Samsung products infringe the '381 patent.  That determination is now binding, and

25  cannot be revisited in a second damages trial.  *See In re Innotron Diagnostics*, 800 F.2d at 1085

26  (issues in first half of bifurcated trial "will be determined and will become law of the case and

27  thus removed" from second half of trial); *Hypertherm, Inc. v. American Torch Tip Co.*, 05cv373,

28  2008 WL 5412894, at *1 (D.N.H. Dec. 23, 2008) ("Issues decided in the first half of a bifurcated

4

1  case become law of the case for the remainder of the proceedings") (citing *Innotron*); *Polycom,*

2  *Inc. v. Codian, Ltd.*, 05-cv-520, 2007 WL 7658922, at *3 (E.D. Tex. Apr. 23, 2007) ("bifurcating

3  the claims will promote judicial economy because the patent infringement trial will resolve issues

4  of validity.  The resolution of such issues will become the law of the case and could potentially

5  moot issues in the antitrust claims").

6        Samsung's non-infringement arguments at trial, moreover, did not distinguish among the

7  three applications, and it cannot now argue such differences are crucial.  Samsung's arguments,

8  together with the verdict form, make clear that infringement extends to all of the applications

9  identified for each accused product.  The Galaxy Tab (Tr. 1808:9-1809:4), Nexus S 4G

10  (Tr. 1753:4-8), and Replenish (Tr. 1753:4-8) were each accused of infringing only through the

11  Gallery application.  The jury found that all three infringed the '381 patent, confirming that the

12  Gallery application infringes. The Gem was accused of infringing only through the Contacts

13  application.  (Tr. 1754:1-18.)  The jury found that the Gem infringed, confirming that the

14  Contacts application infringes.  The only two products subject to the new trial that infringe

15  through the Browser application are the Galaxy S II (AT&T) and the Exhibit 4G.  Samsung did

16  not present any non-infringement arguments specific to the Browser applications in these

17  products.  Apple's expert, Dr. Balakrishnan, was cross-examined about the browser application,

18  but only as to products Apple had not accused of infringing in that application.  (*See, e.g.*,

19  Tr. 1789:10-12 ("I have not accused the Vibrant of infringing the '381 patent in the Browser

20  application").)  Thus, contrary to Samsung's contention, there is no question as to the scope of

21  infringement.

22        Samsung never argued that the amount of Apple's recovery differs depending on which

23  applications violate the '381 patent.  To the contrary, Mr. Wagner testified that Samsung should

24  pay a single, paid-up lump sum of approximately $10,000 for all infringement of the '381 patent

25  regardless of how many applications or how many Samsung products infringed the patent.

26  (Tr. 3068:7-10.)  Samsung has waived any argument that Apple's recovery is dependent on the

27  number of applications in a product that infringes the '381 patent.  *Cf. Fresenius USA, Inc.  v.*

28  *Baxter Intern., Inc.*, 03-cv-1431 PJH, 2011 WL 2160609, at *2 (N.D. Cal. May 26, 2011)

APPLE'S RESPONSE TO SAMSUNG'S ARGUMENT REGARDING EFFECT OF SEVENTH AMENDMENT
CASE NO. 11-CV-01846-LHK
sf-3270895

5

1   (denying motion for new trial on damages after Federal Circuit invalidated two of three patents

2   that had been presented as infringed in a bifurcated damages trial, and where jury had "returned a

3   single, generalized verdict covering all asserted claims from three Baxter patents," where

4   defendant did not argue that damages depended on number of patents infringed).

5       **E.**    **Samsung's Arguments Are Inapplicable to the Damages Award for Apple's Design Patents**

6

7          The argument that a jury must reevaluate infringement is even more attenuated with

8   respect to design patents.  Design patent damages may include total profits, meaning "the entire

9   profit on the sale of the article to which the patented design is applied, not just the portion

10  attributable to the design or ornamental aspects covered by the patent," ((Dkt. 1903, Inst. No. 54);

11  that figure does not turn on the nature of Samsung's infringement because no apportionment is

12  permitted.  (Dkt. 2271, at 12 ("there is simply no apportionment requirement for infringer's

13  profits in design patent infringement under § 289").)  Evaluation of Apple's lost profits does not

14  turn on the scope of Samsung's infringement but on differences in opinion regarding whether

15  design matters and the length of time required to design around Apple's patents.

16                                            **CONCLUSION**

17         In sum, no part of the new trial on damages will demand a reevaluation of infringement

18  questions themselves.  Even if Samsung's belated Seventh Amendment objection had not been

19  waived—and it was—nothing in this case distinguishes the Federal Circuit's repeated and

20  consistent holdings permitting a retrial of damages alone.  Indeed, Samsung relied on many of

21  those holdings last fall in its (successful) attempt to convince this Court to order a new trial on

22  damages.  That new trial may and should proceed promptly on damages alone, a common

23  occurrence in patent cases, without violating the Seventh Amendment.

24    Dated: April 9, 2013                           MORRISON & FOERSTER LLP

25

26                             By:    */s/ Michael A. Jacobs*
                                     MICHAEL A. JACOBS

27                                   Attorneys for Plaintiff
                                     APPLE INC.

28