QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kathleen M. Sullivan (Cal. Bar No. 242261)
kathleensullivan@quinnemanuel.com
Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Susan R. Estrich (Cal. Bar No. 124009)
susanestrich@quinnemanuel.com
Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S STATEMENT REGARDING PENDING REEXAMINATION PROCEEDINGS PURSUANT TO APRIL 2, 2013 ORDER (ECF NO. 2299)** |

Pursuant to the Court's April 2, 2013 Order, Samsung respectfully submits this statement regarding the timing and significance of the PTO's pending reexaminations of Apple's patents. Samsung has previously shown that, to avoid waste and inefficiency, the new trial this Court has ordered should be stayed pending appeals from a Rule 54(b) partial final judgment, which are likely to alter the scope and management of the new trial. Dkt. 2281. It likewise would be wasteful and inefficient if the Court proceeds with the ordered new trial immediately, despite the reexaminations (which will likely conclude in a year and a half or less), and the PTO then invalidates Apple's patents, as that would mean (1) the new trial involved claims that need not be tried at all, and (2) there would have to be a subsequent *third* trial addressing other products and claims. The risk of this waste further supports Samsung's request for a stay or postponement of the new trial, accompanied by entry of a partial final judgment.

## I.     THE REEXAMINATIONS WILL LIKELY CONCLUDE IN 18 MONTHS OR LESS

Two of the three Apple utility patents at issue in this case—the '381 and '915 patents—are subject to pending *ex parte* reexamination proceedings before the PTO. These reexaminations were filed by an anonymous third-party, not Samsung. The request for reexamination of the '381 patent was filed on May 23, 2012. On October 13, 2012, the PTO issued a first office action rejecting claim 19, the only claim at issue in this action, as anticipated by two references. Dkt. 2079. After Apple responded, the PTO then issued a final office action rejecting claim 19 on March 29, 2013. Dkt. 2291. The request for reexamination of the '915 patent was filed on May 30, 2012. On December 19, 2012, the PTO issued a first office action rejecting claim 8, the only claim at issue in this action, as anticipated and obvious. Dkt. 2022. Apple responded on March 19, 2013, and the PTO is expected to issue a final office action in approximately May, 2013.

Assuming Apple appeals the final rejection of the '381 patent to the Patent Trial and Appeals Board ("PTAB"), the PTAB's final decision will likely issue 14-16 months from the date of the March 2013 final office action. Apple's notice of appeal is due by May 29, 2013 (MPEP 2273; Dkt. 2291 at 1, 2291-1 at 85); Apple's appeal brief is due by July 29, 2013 (MPEP 2274); the examiner's answer is due by September 29, 2013 (MPEP 1207.02); and Apple's reply brief and request for oral hearing are due by November 29, 2013 (MPEP 1208; MPEP 2276). The PTAB

-- 1 --                                                             Case No. 11-cv-01846-LHK
**SAMSUNG'S STATEMENT REGARDING PENDING REEXAMINATION PROCEEDINGS**

will then hold a hearing and issue the PTO's final decision.  MPEP 2277.  As the PTO expedites *ex parte* reexamination proceedings that involve patents in concurrent litigation (MPEP 2286; *see* MPEP 2282 (requiring Apple to inform the PTO of ongoing activity in this action)), the PTAB will likely issue a final decision 6-8 months after the request for oral hearing is filed—yielding an overall timeline of 14-16 months for completion of the '381 reexamination proceedings, and 16-18 months for the '915 proceedings.[1]

The Court can ensure expedition of the reexaminations by ordering Apple to inform the PTO of this litigation.  *MONKEYmedia, Inc. v. Apple, Inc.*, Case No. 1:10-CV-00319 (E.D. Tex.), Dkt. 103 at 2 (granting Apple request for stay and requesting PTO (and ordering plaintiff) to expedite reexaminations), Maroulis Decl. Ex. A.  If Apple cooperates in expediting the PTO proceedings, which the Court should require, the proceedings will reach completion promptly.

## II. FINAL INVALIDITY DETERMINATIONS BY THE PTO WOULD HAVE SUBSTANTIAL EFFECTS ON THE ORDERED NEW TRIAL

Samsung has previously demonstrated that Federal Circuit rulings on appeal in this case could affect the scope and management of the ordered new trial, and that a partial final judgment and stay of the ordered new trial are therefore appropriate.  Dkt. 2281 at 8-10.  A final invalidity determination by the PTO would have a similar impact on the trial, and this potential impact further warrants a stay or postponement of trial under the factors this Court typically considers—"(1) the stage of the case; (2) whether a stay will simplify the court proceedings; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party," *Network Appliance, Inc. v. Sun Microsystems Inc.*, 2010 WL 545855, *2 (N.D. Cal. Feb. 11, 2010)—as (1) the required new trial is yet to occur, (2) a stay of the trial is likely to both simplify the trial and avoid the need for a third one, and (3) there is no cognizable prejudice to Apple.[2]

---

[1] This timeline is consistent with recent experience specifically with *ex parte* reexaminations that involve patents in concurrent litigation.  For example, after an *ex parte* reexamination request was filed on Apple's U.S. Patent No. 5,915,131, which Apple had asserted in pending litigations, the PTO issued a final office action on August 15, 2011 and a final decision following appeals to the PTAB on December 18, 2012—16 months later.  Maroulis Decl. Ex. B.

[2] As Apple itself has argued, courts apply a "liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination or reissue proceedings."  *Ho Keung Tse v. Apple Inc*., Case No. 06-cv-06573, Dkt. 78 at 5 (N.D. Cal. July 25, 2007) (citing *ASCII Corp. v. STD Entertainment USA, Inc.*, 844 F. Supp. 1378, 1381 (N.D. Cal. 1994)), Maroulis Dec. Ex. C.

*First,* a stay of the ordered new trial could narrow the scope of claims to be tried, and moot the need to try Apple's claims as to 8 products altogether (the Gem, Indulge, Infuse 4G, Galaxy SII AT&T, Captivate, Continuum, Droid Charge, and Epic 4G).  In its damages order, the Court granted Samsung JMOL on the notice date issue and determined that it was able to reduce the jury's awards as a matter of law to reflect correct notice dates.  Dkt. 2271 at 26.  It did not make that correction—which could be done without a new trial—only because it could not calculate damages *for infringement of the '381 patent*.  Dkt. 2271 at 23-24 (as "the Court cannot calculate the appropriate amount of Apple's lost profits or a reasonable royalty for the '381 Patent . . . there is no readily identifiable amount that the Court could remit to remedy this problem").  But if the PTO invalidates the '381 patent *no* damages could properly issue for its infringement, and the Court would thus be able to correct damages for other violations as a matter of law.  *See* 35 U.S.C. § 307(a) (claims in patents will be cancelled upon PTO rejection); *Tan v. Integrated Silicon Solutions, Inc.*, 2008 WL 2340217, at *4 (N.D. Cal. Jun. 5, 2008) (infringement claim is barred following PTO invalidation); *see also Cellport Systems, Inc. v. Peiker Acustic GmBH & Co., KG*, 2013 WL 24298, *21 (D. Co. Jan. 2, 2013) (citing authorities that a cancelled patent is "void *ab initio*").

*Second,* a stay of the new trial could avoid the need to hold a subsequent *third* trial on damages and thus permit the claims that require retrial to be retried all at once.  All but three of the damages verdicts that remain extant, following this Court's new trial order, were based in part on findings of infringement of the '381 and/or '915 patents.  Dkt. 1931 at 2-3.  But these damages verdicts were not patent-specific, and the amounts attributable to the '381 and '915 patents are unknown—so these verdicts cannot survive the invalidation of Apple's patents.  *Verizon Servs. Corp. v. Vonage Holdings Corp.*, 503 F.3d 1295, 1310 (Fed. Cir. 2007) ("[W]here the jury rendered a single verdict on damages, without breaking down the damages attributable to each patent, the normal rule would require a new trial as to damages.").[3]  If the Court holds a new trial immediately and either of Apple's patents is then invalidated, yet another trial will thus be required—even if the

---

[3]  Specifically, invalidation of the '915 patent will require vacatur of the damages awards as to the Galaxy S II (T-Mobile), Galaxy S 4G, Galaxy Tab 10.1 (WiFi), Fascinate, Mesmerize, and Vibrant products, and invalidation of the '381 patent will require vacatur as to the same set of products except for the Galaxy S II (T-Mobile).

invalidation occurs after appeals are taken.  *See*, *e.g.*, *Dana Corp. v. NOK, Inc.*, 882 F.2d 505, 507-08 (Fed. Cir. 1989) (reversing based on collateral ruling of invalidity raised for first time on appeal).

Accordingly, proceeding with the new trial despite the pending reexamination proceedings could both (1) involve a trial on claims that need not be tried, and (2) require a subsequent third trial as to other products.  The risk of such waste and inefficiency further supports Samsung's request for a stay of the new trial pending appeal, which will both permit the Court to obtain the benefit of the Federal Circuit's guidance on issues subject to final judgment and "narrow the issues" that remain for trial on other claims by avoiding "the waste of significant time and resources if the patents-in-suit were in fact improvidently granted." *MercExchange, L.L.C. v. eBay, Inc.*, 500 F. Supp. 2d 556, 566 (E.D. Va. 2007) (granting stay pending reexamination in five-year-old case where, following reversal on appeal, a trial was required); *see Stryker Trauma S.A. v. Synthes (USA)*, 2008 WL 877848, *2-4 (D.N.J. Mar. 28, 2008) (granting stay where infringement but not damages had been tried).  That the PTO's rejection of claim 19 of the '381 patent has been confirmed in a final office action makes that claim's final invalidation all the more likely, and a postponement of trial all the more provident.  *See Network Appliance, Inc. v. Sun Microsystems Inc.*, 2010 WL 545855, *3 (N.D. Cal. Feb. 11, 2010) (granting stay following PTO office action rejecting patent); *Ohio Willow Wood Co. v. Alps South LLC*, 2011 WL 2358649, *5 (S.D. Ohio June 9, 2011) (same).

Nor can Apple show any undue prejudice.  The Court has already rejected Apple's claims for injunctive relief, and Samsung has ceased sales of all but three of the products accused at trial (and has implemented non-infringing design arounds as to those three).  Dkt. 2054 at 13-14.  A stay would thus cause *at most* delay in Apple's ability to recover monetary damages, but an award of prejudgment interest eliminates any prejudice from such delay and "delays inherent in the reexamination process do not alone constitute undue prejudice." *Network Appliance*, 2010 WL 545855, *4; *see also Ohio Willow Wood*, 2011 WL 2358649, *4.  Moreover, because Samsung seeks *only* a stay of the ordered new trial and *not* of appellate or other proceedings, Apple's appeal of the Court's injunction order and litigation over Apple's claims that have become final will move forward promptly.  The demonstrable benefits of the limited new trial postponement that Samsung seeks greatly outweigh any claims of prejudice that Apple may make.

DATED: April 9, 2013

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ Victoria F. Maroulis
  Charles K. Verhoeven
  Kathleen M. Sullivan
  Kevin P.B. Johnson
  Victoria F. Maroulis
  Susan R. Estrich
  Michael T. Zeller
  Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC