# EXHIBIT C

1 [SEE SIGNATURE PAGE FOR COUNSEL LISTINGS]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| HO KEUNG TSE,<br><br>            Plaintiff,<br><br>     v.<br><br>APPLE INC. et al.,<br><br>            Defendant. | Case No.   06-06573 SBA<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS PENDING REEXAMINATION OF U.S. PATENT NO. 6,665,797**<br><br>**HEARING REQUESTED**<br><br>Date:   September 18, 2007<br>Time:  1:00 p.m.<br>Judge:  The Honorable Saundra B. Armstrong |

**NOTICE OF MOTION**

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on September 18, 2007, at 1:00 p.m., or as soon thereafter as the matter may be heard in the courtroom of the Honorable Saundra Armstrong at the United States District Court for the Northern District of California, 1301 Clay Street, Oakland, California, Defendants Apple Inc., MusicMatch, Inc., Napster, Inc., RealNetworks, Inc., and Sony Connect Inc. respectfully request this Court to hear Defendants' motion to stay these proceedings pending the resolution of the ex parte reexamination of U.S. Patent No. 6,665,797 by the United States Patent and Trademark Office. This motion is based on this Notice of Motion and Motion; the supporting Memorandum of Points and Authorities; the accompanying Declaration of Richard S.J. Hung and the exhibits thereto; the Reply papers by Defendants; all pleadings and papers filed in this action; and upon such evidence and argument that may properly be presented at or before the hearing on this matter.

**STATEMENT OF RELIEF REQUESTED**

Defendants respectfully request that the Court stay these proceedings pending the resolution of the ex parte reexamination of U.S. Patent No. 6,665,797 Patent by the United States Patent and Trademark Office.

1  I.      **INTRODUCTION**

2          Defendants Apple Inc., MusicMatch, Inc., Napster, Inc., RealNetworks, Inc., and Sony
3  Connect Inc. (collectively, "Defendants") respectfully ask that the Court stay all proceedings in
4  this case pending the reexamination of the lone patent at issue, U.S. Patent No. 6,665,797 ("the
5  '797 patent"). The reexamination likely will invalidate all asserted claims of the '797 patent,
6  mooting this case entirely. If some of the claims survive reexamination, there may be fewer
7  claims to construe, and the additional prosecution history will further inform the Court's
8  understanding of their scope. As a result, a stay pending reexamination will preserve the Court's
9  time and resources and spare all the parties considerable expense.

10         A stay is appropriate because this action remains in its infancy. None of the parties has
11 served discovery, none of the parties has noticed or taken any depositions, and none of the parties
12 has submitted any *Markman* briefing. Six months after the Court's deadline for serving Initial
13 Disclosures, Mr. Tse still has yet to do so. In light of the early stage of these proceedings, a stay
14 to allow the Patent Office to reexamine the '797 patent will not prejudice Mr. Tse.

15 II.     **PROCEDURAL HISTORY AND BACKGROUND**

16         Mr. Tse originally filed his complaint in the District of Maryland on August 5, 2005, and
17 Defendants immediately moved to transfer the case. Noting that Maryland was a highly
18 inconvenient venue for the parties since all the Defendants are based on the West Coast, Judge
19 Legg transferred the case to this Court on October 20, 2006. At the January 24, 2007 Initial Case
20 Management Conference, the Court ordered that the parties serve their Initial Disclosures by
21 January 31, 2007 and that Mr. Tse serve his Preliminary Infringement Contentions by February
22 23, 2007.

23         Mr. Tse has not advanced this case in any significant way since the January Case
24 Management Conference. Despite the Court's January 31, 2007 deadline and Defendants'
25 reminders, Mr. Tse still has not served Initial Disclosures. Mr. Tse served his Preliminary
26 Infringement Contentions on February 23, 2007, but they were deficient on their face. For some
27 asserted claims, Mr. Tse failed to provide claim charts. For others, Mr. Tse provided multiple
28

1  inconsistent charts.  Mr. Tse's contentions for each defendant also copied — virtually verbatim
2  — those for the other defendants.
3       After Mr. Tse ignored Defendants' four separate requests to meet and confer about his
4  inadequate Preliminary Infringement Contentions, Defendants moved to strike them on April 17,
5  2007.  Two days after the deadline for submitting an opposition, Mr. Tse submitted a belated
6  "Response" in which he agreed to amend his Contentions.  On May 4, 2007, Mr. Tse stipulated to
7  stay all scheduled claim construction proceedings and to amend his Contentions by June 13,
8  2007.  The case schedule has remained stayed since the Court's order entering that stipulation.
9       Mr. Tse finally submitted amended Preliminary Infringement Contentions on June 16,
10 2007 — three days after the stipulated deadline.  His amended Contentions still were deficient.
11 For example, Mr. Tse continued to copy allegations of infringement for one defendant into the
12 claim charts for another defendant.  This was apparent from his claim charts for RealNetworks
13 and MusicMatch, which referred to Apple's "iTunes website server."  (Declaration of Richard
14 S.J. Hung in Support of Motion for Stay ("Hung Decl.") Ex. A).
15      After Defendants contacted Mr. Tse again about these deficiencies, Mr. Tse agreed to
16 further revise his Preliminary Infringement Contentions by June 27, 2007.  He provided his
17 further revised Contentions on June 28, 2007.  (Hung Decl. Ex. B).  Because Mr. Tse's
18 submission was just two days before the Court's deadline for submitting a new case schedule, the
19 parties stipulated to postpone that deadline until July 25, 2007 and to extend the stay of
20 proceedings to allow Defendants additional time to review Mr. Tse's latest revisions.  On July 13,
21 2007, and again on July 23, 2007, Defendants notified Mr. Tse that his latest revisions to his
22 Preliminary Infringement Contentions still were deficient.
23      On July 24, 2007, Defendants filed a Request for Ex Parte Reexamination of all asserted
24 claims of the '797 patent.  (Hung Decl. Ex. C).  Defendants expect that the Patent Office will
25 invalidate or substantially narrow the scope of Mr. Tse's claims.

### III. THIS COURT HAS DISCRETION TO GRANT A STAY OF ALL PROCEEDINGS PENDING REEXAMINATION OF THE '797 PATENT

This Court applies a "liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination or reissue proceedings." *ASCII Corp. v. STD Entm't USA, Inc.,* 844 F. Supp. 1378, 1381 (N.D. Cal. 1994). This liberal policy follows from "[t]he legislative history surrounding the establishment of the reexamination proceeding[,] [which] evinces congressional approval of district courts liberally granting stays." *Nanometrics, Inc. v. Nova Measuring Instruments, Ltd.*, No. C-06-2252 SBA, 2007 WL 627920, at *1 (N.D. Cal. Feb. 26, 2007) (citation omitted); *see also ASCII*, 844 F. Supp. at 1380 ("Congress enacted the [USPTO] reexamination procedure to provide an inexpensive, expedient means of determining patent validity which, if available and practical, should be deferred to by the courts.").

In determining whether to grant a stay pending reexamination, courts consider: (1) whether a stay will simplify the issues in question and trial of the case; (2) whether discovery is complete and whether a trial date has been set; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party. *See Nanometrics*, 2007 WL 627920, at *2. "The determination of whether to grant a stay pending the outcome of the PTO's reexamination is soundly within the Court's discretion." *KLA-Tencor Corp. v. Nanometrics, Inc.,* No. C-05-03116 JSW, 2006 WL 708661, at *2 (N.D. Cal. Mar. 16, 2006); *see also Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (citation omitted) ("Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO examination.").

A stay is particularly appropriate for cases in the initial stages of litigation or in which there has been little discovery. *See, e.g., KLA-Tencor,* 2006 WL 708661, at *2 (fact that "discovery ha[d] just begun" favored stay pending reexamination). In light of the "liberal policy" favoring stays pending reexamination, a court can grant a stay even if the Patent Office is still considering whether to grant a party's reexamination request. *See, e.g., ASCII*, 844 F. Supp. at 1381 (granting stay based on party's contemplated filing for reexamination); *Hewlett-Packard*

1  *Co. v. Acuson Corp.*, No. C-93-0808 MHP, 1993 WL 149994, at *4 (N.D. Cal. May 5, 1993)

2  (granting stay before Patent Office had granted reexamination request).

3  **IV.    A STAY OF ALL PROCEEDINGS IS WARRANTED IN THIS CASE**

4        **A.    A Stay Will Likely Render the Case Moot or Simplify the Issues.**

5  A stay will likely enable the Court and the parties to avoid the prospect of protracted,

6  expensive patent litigation entirely. The Patent Office's reexamination of the '797 patent will

7  likely invalidate the asserted claims. Defendants' reexamination request focuses on five

8  references that anticipate or render obvious the asserted claims. None of these references was

9  cited during the prosecution of the '797 patent. A stay would permit the Patent Office to consider

10 the relevant technology with the '797 patent, before further litigation proceeds. *See Nanometrics*,

11 2007 WL 627920, at *1 (noting that a stay takes advantage of the "PTO's specialized expertise to

12 reduce costly and timely litigation"). The Patent Office can consider the invalidity of the '797

13 patent first, before the Court is forced to devote its own resources to analyzing the patent. *See id.*

14 ("Congress instituted the reexamination process to shift the burden of reexamination of patent

15 validity from the courts to the PTO.").

16 The benefits for the Court would be considerable. Shifting the burden of analyzing this

17 patent to the Patent Office may relieve the Court of protracted litigation, including substantial

18 motion practice necessitated by Mr. Tse's persistent lack of diligence. Moreover, a stay may

19 avoid the need for a jury to ever analyze the technically complicated issues in this case. This case

20 involves "digital rights management." Mr. Tse has asserted thirteen claims, some of which

21 involve encryption, and has alleged that at least eighteen of Defendants' products infringe these

22 claims. (Hung Decl. Ex. A). Understanding and evaluating the technology underlying these

23 thirteen claims and eighteen different products would be a heavy burden on a lay jury. This

24 burden would be exacerbated further by the confusing and non-idiomatic language of the '797

25 patent. Indeed, both of the examiners who considered Mr. Tse's patent applications, which he

26 prosecuted *pro se*, viewed them to be incomprehensible. *See, e.g.*, Hung Decl. Ex. D; *see also*

27 Claim 21 of the '797 patent. Should the Patent Office invalidate the asserted claims, this action

28 would be moot.

DEFS.' MOTION TO STAY PROCEEDINGS PENDING REEXAMINATION
06-06573 SB
sf-2335038

1  Even if one or more claims emerged from reexamination, a stay still would benefit the
2  Court and the parties. As Mr. Tse has yet to provide adequate Preliminary Infringement
3  Contentions, reexamination by the Patent Office would help to eliminate the patent's lack of
4  clarity and would aid the Defendants and the Court in understanding the scope of his patent. *See*
5  *Nanometrics*, 2007 WL 627920, at *3. ("Waiting for the outcome of the re-examination could
6  eliminate the need for trial if the claims are cancelled or, if the claims survive, facilitate the trial
7  by providing the Court with the opinion of the PTO and clarifying the scope of the claims.").
8  Staying the case at this early juncture also might encourage settlement of the case without further
9  court intervention, as a decision by the Patent Office on reexamination might facilitate further
10 negotiations among the parties. *See ASCII*, 844 F. Supp. at 1380. The clear efficiencies and
11 benefits that would result from allowing the Patent Office to conclude its reexamination
12 proceedings before further litigation warrant a stay. *See KLA-Tencor*, 2006 WL 708661, at *4
13 (granting stay because it would "simplify the issues and streamline the trial, therefore reducing
14 the burden on, and preserving the resources of both the parties and the Court").

### B. No Discovery Has Been Served, and No Trial Date Has Been Set.

The absence of any discovery in this case, whether from Mr. Tse or Defendants, also favors a stay. *See, e.g.*, *Nanometrics*, 2007 WL 627920, at *2 (granting stay where "[d]iscovery ha[d] commenced, but it ha[d] not proceeded" significantly); *KLA-Tencor*, 2006 WL 708661, at *2 (granting stay where "discovery ha[d] just begun"); *Target Therapeutics, Inc. v. SciMed Life Sys., Inc.*, 33 U.S.P.Q. 2d 2022, 2023 (N.D. Cal. 1995) (same); *ASCII*, 844 F. Supp. at 1381 (same). Here, no written discovery has been served and no depositions have been noticed. The parties have not exchanged any proposed claim construction terms or supporting materials under the Patent Local Rules. As a result, discovery has not proceeded in any material way. Moreover, no *Markman* hearing date has been set, and no trial date has been set. The second factor favors granting of a stay.

### C. A Stay Would Not Prejudice Mr. Tse.

Mr. Tse cannot allege any tactical disadvantage or undue prejudice from a stay, as he has done little to nothing to move this case forward since it was transferred to this Court. *See KLA-*

*Tencor*, 2006 WL 708661, at *3 ("Granting a stay does not cause the nonmoving party undue prejudice when that party has not invested substantial expense and time in the litigation."); *cf. Nanometrics*, 2007 WL 627920, at *2 (noting that "the early stage of litigation weighs in favor of a stay"). Although Mr. Tse chose to bring this suit, he has failed to prosecute this action. He has ignored the deadlines imposed by the Court's scheduling order, the Civil Local Rules, and the Patent Local Rules — all of which are specifically designed to advance the litigation automatically. Mr. Tse still has not served his Initial Disclosures. He has not served any discovery. He personally attended the ENE session only when ordered by Magistrate Judge Brazil. His Preliminary Infringement Contentions continue to be defective, and he has allowed multiple deadlines to lapse.

Mr. Tse's failure to advance the litigation comes despite Defendants' own attempts to do so. Defendants took the initiative to prepare the initial Joint Case Management Statement and the initial draft of the Protective Order. Defendants served their Initial Disclosures and Preliminary Invalidity Contentions in a timely manner. Defendants moved to strike Mr. Tse's Preliminary Infringement Contentions only after he ignored Defendants' four requests to meet and confer regarding their deficiencies.

Moreover, a stay would not harm Mr. Tse personally, whether financially or otherwise. Having boasted of securing $2 million to fund this litigation against Defendants, Mr. Tse cannot claim that awaiting the Patent Office's reexamination of his claims will somehow impoverish him. (Hung Decl. Ex. E). Mr. Tse also cannot allege any commercial disadvantage from a stay, as he does not compete with the Defendants. Besides demanding significant licenses to his patent from Defendants, Mr. Tse has done nothing to commercialize the patented technology. Presumably for this reason, Mr. Tse did not move for a preliminary injunction at the start of this case. Because he can be adequately compensated by monetary damages, a stay will not prejudice his potential recovery of such damages. *See Nanometrics*, 2007 WL 627920, at *3 (finding a stay appropriate where the plaintiff's "potential recovery of damages [would] not be affected by the re-examination proceeding").

1  Defendants do not seek a stay for tactical advantage. Defendants are not, for example, seeking a stay "on the eve of trial or after protracted discovery." *KLA-Tencor*, 2006 WL 708661, at *3. No trial date has been set yet, and no discovery has been served. The *Markman* deadlines and hearing date remain off calendar. The absence of any prejudice or tactical disadvantage to Mr. Tse strongly favors a stay.

## V.  CONCLUSION

A stay pending the reexamination of the '797 patent "is a sound means by which the court may facilitate resolution of this action." *ASCII*, 844 F. Supp. at 1381. Here, all three of the factors to be considered strongly favor granting a stay. As such, Defendants respectfully request that the Court grant Defendants' stay motion.

DEFS.' MOTION TO STAY PROCEEDINGS PENDING REEXAMINATION
06-06573 SB
sf-2335038

9

| | | |
|---|---|---|
| 1 | Dated: July 25, 2007 | Respectfully submitted, |

__/S/_ Richard S. Hung_____
Harold J. McElhinny (CA SBN 66781)
hmcelhinny@mofo.com
Michael A. Jacobs (CA SBN 111664)
mjacobs@mofo.com
Richard S.J. Hung (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

For Defendant APPLE INC.


__/S/_ Jennifer Kash_____
Charles K. Verhoeven (CA SBN 170151)
charlesverhoeven@quinnemanuel.com
Jennifer A. Kash (CA SBN 203679)
jenniferkash@quinnemanuel.com
Carl G. Anderson (CA SBN 239927)
carlanderson@quinnemanuel.com
QUINN EMANUEL URQUHART OLIVER
& HEDGES LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Michael E. Williams (CA SBN 181299)
michaelwilliams@quinnemanuel.com
Richard H. Doss (CA SBN 204078)
richarddoss@quinnemanuel.com
QUINN EMANUEL URQUHART OLIVER
& HEDGES LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

For Defendants NAPSTER, INC. &
REALNETWORKS, INC.

__/S/_ Doug Lumish_____
Matthew D. Powers (CA SBN 104795)
matthew.powers@weil.com
Doug Lumish (CA SBN 183863)
doug.lumish@weil.com
WEIL GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

Patricia Young (admitted *pro hac vice*)
patricia.young@weil.com
WEIL GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8458
Facsimile: (212) 310-8007

For Defendant MUSICMATCH, INC.


__/S/_ Michelle Carniaux_____
Frank L. Bernstein (CA SBN 189504)
fbernstein@kenyon.com
KENYON & KENYON LLP
333 W. San Carlos Street
Suite 600
San Jose, CA 95110-2731
Telephone: (408) 975-7988
Facsimile: (408) 975-7501

Richard Gresalfi (admitted *pro hac vice*)
rgresalfi@kenyon.com
Michelle Carniaux (admitted *pro hac vice*)
mcarniaux@kenyon.com
KENYON & KENYON LLP
One Broadway
New York, NY 10004-1007
Telephone: (212) 908-6036
Facsimile: (212) 425-5288

For Defendant SONY CONNECT INC.

1   I attest that Michelle Carniaux, Jennifer Kash, and Doug Lumish have authorized me to
2   electronically sign this document on their behalf.

4   Dated: July 25, 2007                    MORRISON & FOERSTER LLP

6                                       By:  _____/S/_____
7                                               Richard S.J. Hung