QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kathleen M. Sullivan (Cal. Bar No. 242261)
kathleensullivan@quinnemanuel.com
Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Susan R. Estrich (Cal. Bar No. 124009)
susanestrich@quinnemanuel.com
Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS
CO., LTD., SAMSUNG ELECTRONICS
AMERICA, INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S RESPONSE TO APRIL 2, 2013 ORDER (ECF NO. 2299) REGARDING APPEALABILITY OF MARCH 1 ORDER RE: DAMAGES** |

**Introduction**

Pursuant to the Court's April 2, 2013 Order (Dkt. 2299), Samsung respectfully submits this response to Apple's contention (Dkt. 2283) that immediate appeal of the Court's March 1 Order Re: Damages (Dkt. 2271) is not viable.  For the reasons set forth below, Samsung agrees that the March 1 Order itself is not appealable insofar as it vacates damages on 14 Samsung products and sets those products for new trial.  By contrast, a Rule 54(b) partial final judgment as to Samsung's counterclaims and the 14 Samsung products as to which liability and damages have been finally resolved would be immediately appealable, as Samsung has explained (Dkt. 2281, 2290).

**Argument**

Samsung takes seriously the Court's expressed desire for appellate review prior to any new trial on damages as to the 14 accused Samsung products as to which the March 1 Order vacated damages.  The March 1 Order, however, is not appealable insofar as it vacates damages and orders new trial as to those 14 products, for the following reasons:

*First*, the March 1 Order is not ripe for appeal under 28 U.S.C. § 1295(a)(1), as it is neither "a final dispositive ruling that ends litigation on the merits," *Nissim Corp. v. ClearPlay, Inc.*, __ Fed. App'x __, 2012 WL 6116664, *5 (Fed. Cir. Dec. 11, 2012) (unpublished) (quoting *Copelands' Enters., Inc. v. CNV, Inc.,* 887 F.2d 1065, 1067 (Fed. Cir. 1989) (*en banc*)), nor an appealable collateral order, *see, e.g.*, *Hardie v. United States*, 367 F.3d 1288, 1291 (Fed. Cir. 2004) (collateral order doctrines applies where ruling "[1] conclusively determine[s] the disputed question, [2] resolve[s] an important issue completely separate from the merits of the action, and [3] [is] effectively unreviewable on appeal from a final judgment") (quotation marks omitted).

*Second*, the March 1 Order is not subject to interlocutory appeal under 28 U.S.C. § 1292(c)(1),[1] as it neither constitutes an order "granting, continuing, modifying, refusing or dissolving [an] injunction[], or refusing to dissolve or modify [an] injunction[]" subject to

---

[1] Section 1292(c)(1) states that the Federal Circuit has exclusive jurisdiction over "an appeal from an interlocutory order or decree described in [28 U.S.C. § 1292(a) or (b)] in any case over which the court would have jurisdiction of an appeal under [28 U.S.C. § 1295]."

interlocutory appeal under 28 U.S.C. § 1292(a)(1), nor involves "a controlling question of *law* as to which there is a *substantial ground* for difference of opinion" subject to certification under 28 U.S.C. § 1292(b) (emphasis added).[2]  To the contrary, the Court's decision to grant a new damages trial with respect to 14 Samsung products reflects application of established law to the unique factual circumstances of this case.  (*See* Dkt. 2271, at 14-15, 22-24, 25-26.)  Nor would an appeal from the new trial order "materially advance the ultimate termination of the litigation," 28 U.S.C. § 1292(b), for an appeal on *damages* issues as to the 14 products subject to the new trial order would leave unresolved issues of *liability* as to those products, which would necessitate further appeals.  And even were the Court to certify the March 1 Order under Section 1292(b) & (c), an appeal could proceed only with the permission of the Federal Circuit.  *Ritz Camera & Image, LLC v. SanDisk Corp.*, 463 Fed. App'x 921, 922 (Fed. Cir. 2012) (unpublished) (Federal Circuit "must exercise its own discretion in deciding whether it will grant permission to appeal interlocutory orders certified by a trial court.") (citing *In re Convertible Rowing Exerciser Patent Litig.*, 903 F.2d 822 (Fed. Cir. 1990)).

*Third*, immediate appellate review of the March 1 Order is not available under 28 U.S.C. § 1292(c)(2), as that order is neither a "judgment" nor "final except for an accounting."[3]

By contrast, a partial final judgment under Rule 54(b), as Samsung has respectfully urged the Court to enter, would be immediately appealable.  (*See* Dkt. 2281.)  As a result of the March 1 Order, both liability and damages have been finally resolved as to the 14 products as to which the Court declined to vacate damages and order new trial.  All prior orders of the Court implicating those 14 products, including the March 1 Order insofar as it declined to grant new trial as to those products, would merge into a Rule 54(b) judgment and thus could be reviewed by the

---

[2]  Section 1292(b) states in relevant part:  "When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves [1] a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order."

[3]  Section 1292(c)(2) states that the Federal Circuit has exclusive jurisdiction over "an appeal from a judgment in a civil action for patent infringement which would otherwise be appealable to the … Federal Circuit and is final except for an accounting."

1  Federal Circuit on an appeal from that judgment.  *See, e.g.*, *Hall v. City of Los Angeles*, 697 F.3d
2  1059, 1070 (9th Cir. 2012) ("Once a district court enters final judgment and a party appeals, …
3  earlier, non-final orders become reviewable."); *cf. Invitrogen Corp. v. Clontech Labs., Inc.*, 429
4  F.3d 1052, 1069 (Fed. Cir. 2005) ("As a general proposition, when a trial court disposes finally of
5  a case, any interlocutory rulings 'merge' with the final judgment.  Thus both the order finally
6  disposing of the case and the interlocutory orders are reviewable on appeal.") (quotation marks
7  omitted).

8      Entry of partial final judgment on the 14 products as to which no new trial is ordered, and a
9  stay of new trial pending appeal from that judgment, would serve the interests of judicial economy
10 and efficiency by affording appellate guidance on issues affecting the scope of any new trial.  For
11 example, on appeal of the Rule 54(b) judgment, the Federal Circuit could consider whether the
12 Court properly entered judgment on the $380 million award for products found to infringe design
13 patents and dilute Apple's unregistered trade dress, notwithstanding improper notice dates, on the
14 ground that "[d]amages for dilution of unregistered trade dress do not require notice" (Dkt. 2271,
15 at 21); a reversal of that ruling would require a new trial in which damages would be recalculated
16 based on correct notice dates.  (*See* Dkt. 2281, at 9.)  Similarly, since products as to which a Rule
17 54(b) judgment may now be entered were found to infringe Apple's design patents, an appeal of
18 that judgment would encompass the Court's rulings on design patent liability and damages,
19 including the ruling that there is "no apportionment requirement for infringer's profits in design
20 patent infringement under § 289."  (Dkt. 2271, at 12.)  Reversal of any of those rulings would
21 affect the scope of the new trial insofar as it involves design patent liability and damages.

22     In sum, although a Rule 54(b) judgment is appealable, and may encompass all issues on
23 which the March 1 Order leaves liability and damages finally resolved as to 14 products, the
24 March 1 Order is not presently appealable as to the 14 other products set for new trial.

25 **<u>Conclusion</u>**

26     The March 1 Order is not presently appealable in its entirety.

27
28

| | |
|---|---|
| DATED: April 9, 2013 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| | |
| | By /s/ Victoria F. Maroulis |
| | Charles K. Verhoeven |
| | Kathleen M. Sullivan |
| | Kevin P.B. Johnson |
| | Victoria F. Maroulis |
| | Susan R. Estrich |
| | Michael T. Zeller |
| | Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC |