HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
JENNIFER LEE TAYLOR (CA SBN 161368)
jtaylor@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No.   11-cv-01846-LHK<br><br>**APPLE'S CONDITIONAL MOTION FOR RECONSIDERATION OF ORDER GRANTING NEW DAMAGES TRIAL ON GALAXY S II AT&T AND INFUSE 4G** |

Apple respectfully requests that the Court correct an error in its March 1 Order granting a new trial on damages, should it grant Samsung's request for entry of judgment pursuant to Rule 54(b).[1]

The Court ordered a new trial on damages as to the Infuse 4G and Galaxy S II AT&T, among other phones, on the ground that the jury's award impermissibly compensated Apple for Samsung's sales before April 15, 2011. The parties agreed in the Joint Pretrial Statement, however, that the Infuse 4G and Galaxy S II AT&T were first sold *after* April 15, 2011. That stipulation is binding and conclusive on the factual issue. Apple therefore asks that the Court partially reconsider its March 1 Order and reinstate the jury award of $85,287,330 for the Galaxy S II AT&T and Infuse 4G.

The Court authorized the filing of this motion in its April 2 Order. (Dkt. 2299 at 1.)

### A. The Court Did Not Consider a Material Stipulated Fact When It Ordered a New Trial for the Galaxy S II AT&T and Infuse 4G

The Court's March 1 Order is inconsistent with the parties' stipulated dates of first sale for the Galaxy S II AT&T and Infuse 4G. The jury awarded damages of $40,494,356 and $44,792,974 for the Galaxy S II AT&T and Infuse 4G, respectively. (Dkt. 1931 at 16.) In the March 1 Order, the Court held that Apple had provided Samsung with notice under 35 U.S.C. § 287(a) of Samsung's infringement of the D'677 patent when Apple filed its original complaint on April 15, 2011, which supported an award of infringer's profits from that date forward. (Dkt. 2271 at 18-19 & n.2.)[2] The Court further concluded that the jury's award for the Galaxy S II

---

[1] Apple opposes Samsung's request for entry of judgment pursuant to Rule 54(b). If the Court grants Samsung's request, however, Apple believes the Court should correct its damages order before appellate review. If the Court denies Samsung's request, damages for these two products will be presented to the jury along with the other products in a new damages trial.

[2] The Court also found that Apple provided notice of infringement of the D'305 patent and the '163 patent when it filed its amended complaint on June 16, 2011 (Dkt. 2271 at 18-20.) That later date is not relevant, however, because Apple had already notified Samsung of its infringement of the D'677 patent. Once Apple could recover Samsung's profits for infringement of the D'677 patent, notice and infringement of the D'305 patent by the same two products does not change the amount of the award under 35 U.S.C. § 289. Further, pursuant to § 289, infringement of the '163 patent or other utility patents cannot add to an award of Samsung's profits. Thus, with respect to

APPLE'S CONDITIONAL MOTION FOR RECONSIDERATION OF NEW TRIAL ON GALAXY S II AT&T AND INFUSE 4G
CASE NO. 11-CV-01846-LHK
sf-3272077

1

AT&T and Infuse 4G impermissibly compensated for sales before the April 15, 2011 notice date and ordered a new trial with respect to those two products.

Stipulated facts show that the Court's finding as to the Galaxy S II AT&T and Infuse 4G is incorrect. Samsung admitted and the parties stipulated in the Joint Pretrial Statement that:

> "One or more of *SEC, STA, or SEA first sold* the following products
> in the United States on the following dates: . . .
>
> Infuse 4G       5/15/2011 . . .
>
> Galaxy S 2      10/2/2011."

(Dkt. 1189 at 11-12.) (emphasis added).[3]  These dates fall after April 15, 2011, the date of first notice.

The Joint Pretrial Statement binds the parties. *See Islamic Rep. of Iran v. Boeing Co.*, 771 F.2d 1279, 1290-91 (9th Cir. 1985) ("Facts 'incorporated in the court's pretrial order . . . stan[d] as fully determined as if [they] had been adjudicated after the taking of testimony at trial[.]'") (quoting 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1527 (1971)); *see also Fontana Prods. v. Spartech Plastics*, No. CV 97-6982 RAP (AJWx), 1999 U.S. Dist. LEXIS 23312, at *6-7 (C.D. Cal. Sept. 16, 1999) (holding parties bound by pretrial conference order and rejecting factual claim that contradicted stipulation in that order).

The Joint Pretrial Statement further emphasizes its binding effect with language required by the Court's Standing Order:

> *The foregoing admissions having been made by the parties, and the*
> *parties having specified the foregoing issues of fact and law*
> *remaining to be litigated, this order shall supplement the pleadings*

---

the Galaxy S II AT&T and Infuse 4G, April 15, 2011 is the only relevant date of notice under the Court's Order.

[3] At the time of the Joint Pretrial Statement, Samsung was contesting whether other versions of the Galaxy S II were part of the trial. The reference to "Galaxy S 2" therefore refers to the Galaxy S II AT&T, which was the first version of the Galaxy S II line of phones introduced in the United States.

APPLE'S CONDITIONAL MOTION FOR RECONSIDERATION OF NEW TRIAL ON GALAXY S II AT&T AND INFUSE 4G
CASE NO. 11-CV-01846-LHK
sf-3272077

2

> *and govern the course of trial in this action, unless modified to prevent manifest injustice.*

(Dkt. 1189 at 29.)

The Joint Pretrial Statement conclusively establishes that all sales of the Galaxy S II AT&T and Infuse 4G occurred *after* Samsung received notice of the D'677 patent. The jury's award with respect to these products should therefore be reinstated.[4]

### B. Samsung's arguments cannot relieve it of its binding admission

In responding to Apple's earlier articulation of the basis for this motion, Samsung did not dispute that it first sold the Galaxy S II AT&T after the April 15, 2011 notice date. Similarly, Samsung has never disputed that the Joint Pretrial Statement is a binding admission.

Samsung has argued that the jury's *Infuse 4G* damages award might include sales from before the first date of notice, but its argument ignores the binding admissions in the Joint Pretrial Statement. (Dkt. 2290 at 13.) The Joint Pretrial Statement establishes May 16, 2011 as the date that SEC, STA or SEA first sold the Infuse 4G. (Dkt. 1189 at 11.) This is consistent with the joint financial exhibit, which the parties stipulated was an accurate statement of Samsung's sales. (JX1500 at 1). JX1500 shows sales beginning in the second quarter of 2011, which is consistent with a first sale in May 2011. (*Id.*) Samsung thus argues that the Joint Pretrial Statement does not mean what it says, but the stipulation of Undisputed Facts states plainly and unequivocally that: "one or more of SEC, STA or SEA first sold" the Infuse 4G in the United States on May 15,

---

[4] If the Court grants Apple's motion for reconsideration, the Court should add appropriate prejudgment interest consistent with the March 1 Order. (Dkt. 2271 at 8.) The Court should also award Apple supplemental damages for the Galaxy S II AT&T as discussed in earlier briefing (Dkt. 2288 at 14-15). The March 22, 2013 Declaration of Corey Kerstetter, STA's Vice President of Business Planning, confirms that STA sold a version of the Galaxy S II AT&T after the jury entered its verdict. (Dkt. No. 2286-1 ¶¶ 4-5.) Mr. Kerstetter declared that STA and TracFone, a customer of STA, agreed to market a "TracFone Galaxy S II" with "the same design" as the Galaxy S II AT&T, and that "[t]he only difference in its outer appearance is the substitution of the TracFone logo for the AT&T logo[.]" (*Id.* ¶ 4.) Mr. Kerstetter declared further that STA shipped the first TracFone-branded Galaxy S II phones shortly before the jury's verdict, and continued until at least October, nearly two months after the jury's verdict. (*Id.* ¶ 5.) Apple is entitled to supplemental damages for these sales.

APPLE'S CONDITIONAL MOTION FOR RECONSIDERATION OF NEW TRIAL ON GALAXY S II AT&T AND INFUSE 4G
CASE NO. 11-CV-01846-LHK
sf-3272077

3

1  2011.  (Dkt. 1189 at 11.)[5]  It does not state that carriers or other third parties first sold the Infuse

2  4G as Samsung now seeks to argue.

3  In this light, Samsung's argument that Apple's expert Terry Musika must have included

4  earlier sales in his damages calculations is of no moment.  Samsung relies on his expert report,

5  but that report was not admitted at trial and was created before the parties stipulated to undisputed

6  facts in the Joint Pretrial Statement.  (Dkt. 2290 at 13 (citing Supplemental Expert Report of

7  Terry Musika)).  Moreover, the Joint Pretrial Statement binds the parties and resolves the factual

8  issue even if other evidence might exist regarding the first dates on which Infuse 4G sales

9  occurred.  *See Jauregui v. Glendale*, 852 F.2d 1128, 1133-34 (9th Cir. 1988) (rejecting City's

10 argument that conflicted with pretrial order approved by City as City never sought relief or to

11 withdraw fact stipulation); *Ringling Bros.-Barnum & B. Combined Shows v. Olvera*, 119 F.2d

12 584, 586 (9th Cir. 1941) (pretrial stipulation stating that Florida was place of contract execution

13 binding even though "[a]t the trial there was evidence from which it could be inferred that the

14 contract was executed in Texas[.]"); *Fontana Prods.*, 1999 U.S. Dist. LEXIS 23312, at *6-7

15 (rejecting defendant's argument that invoice did not contain attorneys' fees clause as defendant

16 had stipulated in pretrial conference order that all invoices contained attorneys' fees clauses).

17 Samsung's argument that Apple does not meet the Local Rule standard for a motion for

18 reconsideration fares no better.  The Local Rule requires Apple to show a failure to consider

19 material facts presented to the Court before the order for which Apple seeks reconsideration.

20 Apple has met that standard by referring the Court to material facts jointly presented to the Court

21 before trial in the form of a binding stipulation. *See Io Group v. BIC Prods.*, No. C 04-4875 SBA,

22 2007 U.S. Dist. LEXIS 36959, at *4-7 (N.D. Cal. May 8, 2007) (granting motion for

23 reconsideration where Court previously held prior motions had not been served on particular

24 party and therefore default judgment could not extend to that party, but Court had not considered

25 that moving party had in fact filed certificates of service).  Samsung suggests that Apple should

---

[5] *Compare* Dkt. 2290 at 13 n.9 ("The dates in the JPTS that form the basis for Apple's request are in fact the dates the accused products were launched by carries, *not* the dates of first sale by Samsung") *with* Dkt. 1189 at 11 ("One or more of SEC, STA or SEA *first sold* the following products in the United States on the following dates . . . .") (emphasis added).

1  have cited the Joint Pretrial Statement in its opposition, but Apple could not have predicted that
2  the Court would order a retrial on damages for specified products but inadvertently not consider
3  the stipulated dates of first sale.  Further, Apple did argue that even under Samsung's notice dates,
4  the evidence supported the jury's award for both the Galaxy S II AT&T and Infuse 4G.  (Dkt.
5  2050 at 22:9-24).

## CONCLUSION

Apple respectfully—and conditionally—requests that the Court add the jury's damages award of $40,494,356 for the Galaxy S II AT&T and $44,792,974 for the Infuse 4G to the amount that the Court confirmed in its March 1 Order.

Dated: April 10, 2013                    MORRISON & FOERSTER LLP

                                         By:    /s/ Michael A. Jacobs
                                                Michael A. Jacobs

                                                Attorneys for Plaintiff
                                                APPLE INC.

APPLE'S CONDITIONAL MOTION FOR RECONSIDERATION OF NEW TRIAL ON GALAXY S II AT&T AND INFUSE 4G
CASE NO. 11-CV-01846-LHK
sf-3272077

5