HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
JENNIFER LEE TAYLOR (CA SBN 161368)
jtaylor@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK<br><br>**APPLE'S RESPONSE TO SAMSUNG'S STATEMENT REGARDING PATENTS IN REEXAMINATION** |

Samsung's reexaminations statement ignores important steps in the process and USPTO statistics on completion times. Apple is confident that the claims will be confirmed in the reexaminations. But if final adverse decisions were the ultimate result, they likely would not occur until mid-2017 or later. The reexaminations should therefore not affect any decision now before this Court. Samsung's requested stay is unwarranted and prejudicial.

**The '381 and '915 reexaminations are many years from completion, unless they culminate in an earlier finding that the claims are patentable.** The attached USPTO flowcharts, annotated to show the '381 and '915 reexaminations' status, show the variety of paths reexaminations can take. (Sabri Decl. Ex. A.) Apple must respond by May 29, 2013, to a final office action in the '381 reexamination, after which the examiner may reopen prosecution or find the claims patentable. (*Id.*; Dkt. 2291-1 at 2, 4; 37 C.F.R. § 1.116.) If the examiner maintains the rejection, Apple may file a notice of appeal to the PTAB by June 29, 2013. (MPEP 2265.I.) USPTO statistics show that the average time from notice of appeal to a PTAB decision as of 2012 was 36 months, or in this case June 2016. (Sabri Decl. Ex. B.)[1] Apple may further request rehearing of any adverse PTAB decision (37 C.F.R. § 41.52(a)(1)), which would toll the deadline to appeal to the Federal Circuit (37 C.F.R. § 1.304(a)(1)), or appeal directly to the Federal Circuit (35 U.S.C. § 141). Federal Circuit statistics show that the median time from docketing to disposition of cases originating from the USPTO as of 2012 was roughly 12 months. (Sabri Decl. Ex. C.) Thus, if the '381 reexamination proceeds adversely to Apple, it is unlikely to reach final resolution until, on average, June 2017. The '915 reexamination is at an even earlier stage.

**The reexaminations on Apple's patents should not affect this Court's decisions on a new trial.** Truly final adverse reexamination outcomes are unlikely to result (if at all) until well after the resolution of any appeal from this litigation. The Federal Circuit has indicated that, under its precedent, subsequent cancellation of claims in a reexamination does not disturb an earlier final court judgment awarding damages for past infringement of those claims. *See In re*

---

[1] Samsung cites MPEP 2286 to support its suggestion that expedition will lead to a final PTAB decision 6-8 months after a request for oral hearing, but this section addresses only the possibility of shortened office action response periods before the examiner. (MPEP 2286.)

1   *Baxter Int'l, Inc.*, 698 F.3d 1349, 1351 (Fed. Cir. 2012).  The pending reexaminations, which are

2   years from final, should therefore not affect any decision presently before this Court.

3   **A several -year stay based on speculation over reexamination outcomes would be**

4   **unreasonable.**  With trial already completed, this case is too far along to warrant a stay.  In this

5   district, stays pending reexam have been held "untenable" even at earlier litigation stages.[2]  *E.g.*,

6   *Interwoven, Inc. v. Vertical Computer Sys.*, No. C 10-04645 RS, 2012 U.S. Dist. LEXIS 30946, at

7   *11-12 (N.D. Cal. Mar. 8, 2012) (denying stay where discovery was "well underway" and claim

8   construction completed); *see also Fresenius Med. Care Holdings, Inc. v. Baxter Int'l, Inc.*, No. C

9   03-1431 SBA, 2007 U.S. Dist. LEXIS 44107, at *12-13 (N.D. Cal. June 7, 2007) ("[C]lear rule"

10  that where "discovery has commenced, claim construction has been briefed, and dispositive

11  motions have been filed and disposed of, courts should not grant stays for reexamination"), *rev'd*

12  *in part on other grounds*, 582 F.3d 1288 (Fed. Cir. 2009).

13       Samsung mischaracterizes the March 1 Order by suggesting that infringement of the '381

14  patent is the sole reason the Court believed it could not affirm or remit the damages award.  (Dkt.

15  2271 at 22-26.)  Thus, even successful reexaminations would not moot the portion of that order

16  calling for a new trial.  The reexaminations thus cannot significantly simplify this litigation.  *See*

17  *Largan Precision Co. v. Fujifilm Corp.*, Case No. C 10-1318 SBA, 2011 U.S. Dist. LEXIS 25423,

18  at *7 (N.D. Cal. Mar. 1, 2011) (reexamination must finally resolve all issues in litigation to

19  simplify issues).  Moreover, by waiting to seek this stay until after the unfavorable jury verdict,

20  and then many months of post-trial motions and resulting orders, Samsung has demonstrated

21  extreme lack of diligence, which also counsels against a stay.  *See Fresenius*, 2007 U.S. Dist.

22  LEXIS 44107, at *16-21.  Apple's legitimate interests in achieving a timely conclusion to this

23  case, having already prosecuted the case for two years and earned a jury verdict in its favor,

24  would be prejudiced by putting this case on hold.  *See Jain v. Trimas Corp.*, No. Civ. S-04-0889

25  FCD PAN, 2005 U.S. Dist. LEXIS 28950, at *4-6 (E.D. Cal. Sept. 27, 2005).

---

[2] Samsung cites an Apple brief from another case, but omits that the other case was "in its infancy" and discovery had not even begun.  (Dkt. 2304-4 at 3.)

| | |
|---|---|
| Dated: April 16, 2013 | MORRISON & FOERSTER LLP |
| | By:   /s/ Michael A. Jacobs  <br>         MICHAEL A. JACOBS |
| | Attorneys for Plaintiff<br>APPLE INC. |

APPLE'S RESPONSE TO SAMSUNG'S STATEMENT REGARDING PATENTS IN REEXAMINATION
CASE NO. 11-CV-01846-LHK
sf-3273117

3