HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
ERIK OLSON (CA SBN 175815)
ejolson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK<br><br>**APPLE'S REPLY TO SAMSUNG'S RESPONSE TO APRIL 2, 2013 ORDER (ECF NO. 2299) REGARDING APPEALABILITY OF MARCH 1 ORDER RE: DAMAGES** |

As Apple explained in its Administrative Motion Seeking an April 3 Case Management Conference, an immediate appeal of the Court's March 1 Order Re: Damages is not viable. (Dkt. 2283 at 2.) Samsung agrees that the Court's March 1 Order granting a new trial on damages with respect to 14 Samsung products is not appealable at this time because that decision is neither final nor amenable to an interlocutory appeal. (Dkt. 2305 at 1-2.) But rather than seeking a final resolution to the proceedings before this Court, Samsung repeats its request for entry of a Rule 54(b) judgment as to the 14 products for which the jury's damages award has been confirmed and as to Samsung's counterclaims, coupled with a stay of the remaining portions of the case. (*Id.* at 2-3.) Samsung's request should be denied for the reasons Apple has stated previously (Dkts. 2283, 2288): the proposed judgment does not comply with Rule 54(b) itself, would only serve to delay the final resolution of this case, and would not provide this Court with the appellate guidance it seeks on the damages issues identified in the March 1 Order.

### A. The Parties Agree That the Court's March 1 Order Re: Damages Is Not Immediately Appealable.

Both Apple and Samsung agree that the March 1 Order granting a new trial on damages for 14 Samsung products is not immediately appealable. (*See* Dkt. 2305 at 1-2.) Because the March 1 Order directs further proceedings in this Court, there is no "final judgment" sufficient to ground an appeal under 28 U.S.C. § 1295(a)(1). *See Spread Spectrum Screening, L.L.C. v. Eastman Kodak Co.*, 657 F.3d 1349, 1354 (Fed. Cir. 2011) ("Under the 'final judgment rule,' parties may only appeal a 'final decision of a district court.'" (quoting 28 U.S.C. § 1295(a)(1))).

Apple and Samsung also agree that there is no applicable exception to the "final judgment rule" that would render the March 1 Order appealable at this time. (*See* Dkt. 2305 at 1-2.) The March 1 Order is not a collateral order that could be appealed under the collateral order doctrine. *See Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 431 (1985). Nor is it subject to an interlocutory appeal under 28 U.S.C. § 1292(a)(1), since it does not involve an injunction. *See* 28 U.S.C. § 1292(a)(1) (permitting appeal of interlocutory orders "granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions"). The March 1 Order also is not amenable to an interlocutory appeal under 28 U.S.C. § 1292(b), which would

require certification from both this Court and the Federal Circuit, since it does not involve "a controlling question of law to which there is substantial ground for difference of opinion" where an immediate appeal would "materially advance the ultimate termination of the litigation." *See id.* § 1292(b).[1]  Finally, the March 1 Order is not appealable under 28 U.S.C. § 1292(c)(2), as it is not a "judgment" that is "final except for an accounting." *See id.* § 1292(c)(2).

Accordingly, Apple believes that the March 1 Order may only be appealed after this Court holds a new trial on damages, calculates supplemental damages and pre-judgment interest, and enters a final judgment disposing of all claims in this case.

### B. Samsung's Repeated Request for a Rule 54(b) Judgment and a Stay Should Be Denied.

Rather than seeking to resolve the non-final damages issues that remain pending before this Court, Samsung repeats its request for entry of a Rule 54(b) judgment and a stay. (Dkt. 2305 at 2-3.)  As Apple has previously explained (Dkt. 2283, 2288), Samsung's proposed course of action should be rejected for several reasons.

*First*, Samsung's proposed judgment does not satisfy the requirements of Rule 54(b), which permits entry of judgment only with respect to ***claims for relief*** that have been "finally resolved."  *W.L. Gore & Assocs. v. Int'l Med. Prosthetics Research Assocs., Inc.*, 975 F.2d 858, 861 (Fed. Cir. 1992).  Rule 54(b) does not permit entry of judgment with respect to those portions of this case that merely "implicat[e]" the 14 Samsung products for which the jury's damages award has been confirmed (Dkt. 2305 at 2), since Apple's patent infringement claims are still subject to the new trial on damages and calculation of supplemental damages and pre-judgment

---

[1] Apple does not agree with Samsung's statement that "the Court's decision to grant a new damages trial … reflects application of established law to the unique factual circumstances of this case." (Dkt. 2305 at 2.)  Rather, the March 1 Order involves questions of both fact and law that may eventually be raised on appeal, albeit none that meet the Federal Circuit's stringent requirements for certification of an interlocutory appeal under § 1292(b).  *See Green Edge Enters., LLC v. Rubber Mulch Etc., LLC*, 450 Fed. Appx. 978, 979 (Fed. Cir. 2011) (denying § 1292(b) certification and stating that "'[i]t has … long been the policy of the courts to discourage piece-meal appeals because most often such appeals result in additional burdens on both the court and the litigants,' and thus permissions for interlocutory appeals should be 'granted sparingly and with discrimination'" (citations omitted)).

APPLE'S REPLY TO SAMSUNG'S RESPONSE TO APRIL 2, 2013 ORDER (ECF NO. 2299) REGARDING APPEALABILITY OF MARCH 1 ORDER RE: DAMAGES
CASE NO. 11-CV-01846-LHK

2

interest.  Apple's claims for relief have therefore not been finally resolved.  (*See* Dkt. 2288 at 1-9.)

*Second*, Samsung's proposal would lead to delay and inefficiencies.  Indeed, the Federal Circuit is likely to dismiss any appeal from Samsung's proposed Rule 54(b) judgment for lack of jurisdiction—a detour that would impose an unnecessary burden on the Federal Circuit and would contribute nothing but delay to this case.  (*See* Dkt. 2288 at 13-14.)  Moreover, Samsung's proposed Rule 54(b) judgment would not eliminate the need for a new trial on damages or a separate appeal with respect to the infringement, dilution, and damages issues specific to the 14 Samsung products involved in the new trial.  (*Id.* at 11.)  Samsung's proposed Rule 54(b) judgment would also lead to significant judicial inefficiencies by requiring the Federal Circuit to consider many of the same liability and damages issues in more than one appeal.  (*Id.* at 12.)  When combined with Samsung's proposed stay of the new trial, entry of a Rule 54(b) judgment now could delay the final resolution of this case indefinitely.

*Finally*, Samsung's proposal would not serve the Court's goal of receiving guidance from the Federal Circuit on the damages issues raised in the March 1 Order or the supplemental damages issues that remain to be litigated in this case.  (*Id.* at 10-11.)  According to Samsung's proposal, those portions of the case would ***not*** be included in the Rule 54(b) judgment but would be stayed pending the parties' appeal of other portions of the case.  The supplemental damages and new trial issues would not be reviewable by the Federal Circuit until yet another appeal—which would not occur until *after* this Court holds a new trial on damages for the 14 remaining products, determines the amount of supplemental damages and pre-judgment interest, and enters final judgment.

* * * * *

Given that the March 1 Order is not immediately appealable, Apple believes that the most efficient way to conclude the proceedings before this Court is to hold the new trial on damages as soon as practicable and to calculate supplemental damages and pre-judgment interest, so that a final judgment disposing of all claims in this case may be entered.

APPLE'S REPLY TO SAMSUNG'S RESPONSE TO APRIL 2, 2013 ORDER (ECF NO. 2299) REGARDING
APPEALABILITY OF MARCH 1 ORDER RE: DAMAGES
CASE NO. 11-CV-01846-LHK

3

1
2  Dated: April 16, 2013                    MORRISON & FOERSTER LLP
3
4                                           By:   */s/ Michael A. Jacobs*
                                                  MICHAEL A. JACOBS
5
                                                  Attorneys for Plaintiff
6                                                 APPLE INC.
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

APPLE'S REPLY TO SAMSUNG'S RESPONSE TO APRIL 2, 2013 ORDER (ECF NO. 2299) REGARDING
APPEALABILITY OF MARCH 1 ORDER RE: DAMAGES                                                    4
CASE NO. 11-CV-01846-LHK