QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kathleen M. Sullivan (Cal. Bar No. 242261)
kathleensullivan@quinnemanuel.com
Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Susan R. Estrich (Cal. Bar No. 124009)
susanestrich@quinnemanuel.com
Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS
CO., LTD., SAMSUNG ELECTRONICS
AMERICA, INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>            Plaintiff,<br><br>      vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>            Defendant. | CASE NO. 11-cv-01846-LHK (PSG)<br><br>**SAMSUNG'S REPLY REGARDING THE SCOPE OF NEW TRIAL REQUIRED BY SEVENTH AMENDMENT** |

1    Apple's response on the Seventh Amendment issue (Dkt. 2303 ("Opp.")) offers no answer

2    to the constitutional problem presented by a damages-only new trial in the circumstances of this

3    case, where a second jury would necessarily have to reexamine infringement findings determined

4    by the first jury because the scope and extent of infringement as to the design patents and some

5    utility patents are inextricably tied to the amount of damages.  Samsung did not waive this

6    argument because the proper scope of a new trial could not be addressed until a new trial was

7    ordered.[1]

8    <u>**Argument**</u>

9    **I.    THE SEVENTH AMENDMENT BARS NEW TRIAL SOLELY ON DAMAGES**

10    **A.    Damages Are Inextricably Intertwined With Design Patent Infringement And**

11    **Some Utility Patent Infringement In This Case**

12    Ignoring its own prior acknowledgment that the "liability and damages issues" underlying

13    its claims are "intertwined" (*see* Dkt. 2286 at 5:14-15), Apple fails to rebut Samsung's argument

14    (Dkt. 2286 at 6-10) that a new trial on damages alone as to the 14 products at issue here will

15    necessarily entail reexamination of liability determinations as well, in violation of the Seventh

16    Amendment.  *See Gasoline Prods. Co. v. Champlin Ref. Co.,* 283 U.S. 494, 500 (1931) (when

17    "interwoven," liability and damages must be tried to a single jury).

18    *First,* as to Apple's *design* patent claims, the first jury necessarily made findings as to the

19    scope and extent of infringement that are not evident from the verdict form.  The second jury

20    cannot address damages without reexamining those infringement determinations.  Apple states

21    (Opp. at 6) that its request for *Samsung's profits* "does not turn on the nature of Samsung's

22    infringement because no apportionment is permitted."  But that fails to answer Samsung's actual

23    argument that the *other* damages remedies that a second jury would consider—Apple's *lost profits*

24    and *reasonable royalty*—do depend on the scope and extent of infringement.  This is so because

25    only lost profits *attributable* to the use of the patented design are recoverable and the extent of

---

27    [1]   The Court also need not define the scope of new trial now if trial is stayed pending entry of a
28    partial final judgment and the appeals therefrom that, like the ongoing PTO reexamination
proceedings, are likely to affect the new trial's scope.  Dkt. 2281 at 8-10; Dkt. 2304 at 2-4.

1   such use must be known to make that determination, and because a reasonable royalty remedy

2   likewise requires a jury to consider the *extent* to which the infringer has made use of the invention.

3   Dkt. 2286 at 8-9.

4        *Second*, damages and infringement are also inextricably intertwined as to the '381 patent.

5   Three applications (the Browser, Contacts and Gallery applications) were accused on the Galaxy

6   SII (AT&T) and Exhibit 4G.  Because the verdict form was not particularized (over Samsung's

7   objection), it is impossible to know whether the jury found that one, two or three applications

8   infringed the '381 patent, and thus the new jury will have to answer the same question to award

9   damages.  *See* Dkt. 2286 at 6-8.  Apple's only answer (Opp. at 5) is that the first jury must have

10  found that all *three* applications infringe because other phones were found to infringe as to *two* of

11  these applications, Gallery and Contacts.  But we know that, with respect to the '915 patent, the

12  jury drew distinctions between phones with identical features, and it may well have done the same

13  here.  Dkt. 2220 at 19.  Moreover, Apple does not contend that the verdicts show infringement by

14  the Browser; it claims that Browser infringement is *undisputed* (Opp. at 5), but such infringement

15  has always been disputed and the Court denied Apple's motion for JMOL of '381 patent

16  infringement.  RT 3341:21-3352:15.

17       Apple also argues (Opp. at 5-6) that infringement by less than all accused applications

18  would have no bearing on damages because Samsung's expert's $10,000 damages opinion applied

19  regardless of the number of accused applications.  But that opinion could matter only if the first

20  jury *accepted* it and the new jury were obligated to do the same.  In fact, the first jury based its

21  award on the opinion of *Apple's* expert, who did *not* testify that the royalty would be the same

22  regardless of how many applications infringe.  RT 2031:13-2172:6; PX25A1.  That the jury

23  discounted Apple's proposed royalty when awarding damages may have reflected findings that, in

24  fact, not all accused applications infringed.  *See* Dkt. 2271 at 9-10.  The second jury will have to

25  determine which applications infringe to assess damages, thus impermissibly reexamining the first

26  jury's findings.

**B.      Intertwined Issues Must Be Tried To A Single Jury**

28       Apple's legal arguments fail to overcome governing Supreme Court and Ninth Circuit

1   decisions requiring unitary trial of issues that are inextricably intertwined.  *See Gasoline Products,*

2   283 U.S. at 500; *Hasbrouck v. Texaco, Inc.*, 663 F.2d 930, 933-34 (9th Cir. 1981).  *First,* Apple

3   argues that Federal Circuit law applies, but that is wrong.   Only *patent-specific* issues are

4   governed by Federal Circuit law, and the Seventh Amendment is not patent-specific.  *See Minks v.*

5   *Polaris Indus., Inc.*, 546 F.3d 1364, 1370-71 (Fed. Cir. 2008) (analyzing what "the Seventh

6   Amendment required" under regional circuit law).   In any event, the Federal Circuit is bound by

7   Supreme Court authority, and the very Federal Circuit precedent that Apple cites prohibits "having

8   two juries decide the same essential issues.'"  *In re Innotron Diagnostics*, 800 F.2d 1077, 1086

9   (Fed. Cir. 1986).

10   *Second,* Apple argues (Opp. at 2) that any Seventh Amendment problem can be dispelled if

11   the second jury is "instructed that infringement has been decided and that its task is limited to

12   determining damages for Samsung's infringement."   But the **fact** that the first jury found

13   infringement sheds no light on what **scope or extent** of infringement it found—determinations that

14   the first jury must have made in finding infringement and that the second jury will have to assess

15   again in order to assess damages.  Moreover, the first jury did not resolve all infringement issues

16   relating to Samsung's design-arounds, a problem that no instruction could solve.[2]

17   *Third,* Apple argues (Opp. at 4) that broadened new trials are required only when juries

18   issue "general verdicts," unlike the "jury's highly detailed special verdict" here.   Contrary to

19   Apple's characterization, the verdict in this case was not a special verdict.  *See Zhang v. Am. Gem*

20   *Seafoods, Inc.*, 339 F.3d 1020, 1031 (9th Cir. 2003) (general verdict "announces the ultimate legal

21   result of each claim," while special verdict "returns only factual findings, leaving the court to

22   determine the ultimate legal result").  And, in any event, the constitutional question is not whether

23   the verdicts were general or special, but whether the findings of the first jury on overlapping issues

---

25   [2]  Apple sought damages at the last trial only for sales through June 30, 2012.  Dkt. 2271 at 3:3-
26   5.  Samsung continued to sell some accused products after this date, Dkt. 2060 at 2-3, and Apple
     has stated that it intends to seek damages from the new jury for such sales.  Samsung implemented
27   design-arounds on these products, however, such as a design-around on the Droid Charge to avoid
     the D'305 patent.  Dkt. 2055 at 5:6-14.  The first jury never passed on whether this design-around
28   defeated infringement, so the new jury would have to assess alleged infringement anew before it
     can award damages.

1    *are apparent* so that the second jury can apply those findings without reexamining them.  The first

2    jury's findings on the scope and extent of infringement are not apparent here.

3         *Fourth,* Apple argues (Opp. at 4-5) that law of the case prohibits vacatur of the first jury's

4    infringement findings.  That is incorrect, for a jury's findings may be vacated for any number of

5    reasons before final judgment, especially where the Constitution requires it.[3]

6         *Finally,* Apple argues (Opp. at 3:7-15) that patent cases commonly are bifurcated and that

7    the Federal Circuit has ordered new trials on damages alone "without . . . reference to Seventh

8    Amendment" issues.  But in a bifurcated case, a *single jury* typically decides all questions, which

9    avoids any Seventh Amendment reexamination issues, and "[w]hen an issue is not argued or is

10   ignored in a decision, such decision is not precedent to be followed in a subsequent case in which

11   the issue arises."  *Nat'l Cable Television Assoc., Inc. v. Am. Cinema Editors, Inc.*, 937 F.2d 1572,

12   1581 (Fed. Cir. 1991).[4]  Moreover, Apple's argument ignores the unique proof requirements that

13   apply in a *design* patent case, which distinguishes every case that Apple cites (Opp. at 3:7-15

14   (citing all utility patent cases)).  The first jury's design patent infringement findings do not reveal

15   how much of Apple's designs Samsung used because a *range* of accused products using *varying*

16   amounts of the designs could have been deemed infringing under the Court's instructions, making

17   the scope and extent of infringement unclear.  Dkt. 1903, Instr. 46 ("You should consider any

18   perceived similarities or differences between the patented and accused designs.  Minor differences

19   should not prevent a finding of infringement.").  By contrast, the ordinary utility patent claim

20   requires proof that "*every* requirement of the claim is included" in the accused product, *id.* Instr.

21   26 (emphasis added), often making the scope of infringement clear when infringement is found.

22

23        [3]  *E.g., U.S. v. Smith,* 389 F.3d 944, 949 (9th Cir. 2004) ("All rulings of a trial court are subject
24   to revision at any time before the entry of judgment."); *Dunbar v. Google, Inc.*, 2012 WL 6202797,
     at *9 (N.D. Cal. Dec. 12, 2012) (Koh, J.) ("While law of the case doctrine generally establishes a
25   presumption against reopening issues already decided, the doctrine is not an inexorable command,
     nor is it a limit to a court's power.") (quotation omitted).
26        [4]  In addition to being irrelevant, Apple's argument is also wrong.  Courts reject bifurcation in
     patent cases where the issues are intertwined.  *See, e.g., Sprinturf Inc. v. Southwest Rec. Indus., Inc.*,
27   2004 WL 96751, at *2-3 (E.D. Pa. Jan. 15, 2004) (denying bifurcation of patent trial where liability
     and damages overlapped); *Real v. Bunn-O-Matic Corp.*, 195 F.R.D. 618, 625-626 (N.D. Ill. 2000)
28   (damages issues "cannot be neatly separated from the underlying liability issue of whether the
     patent was infringed in the first place").

Consistent with these disparities of proof, Samsung expressly limited its Seventh Amendment arguments to Apple's design patent claims and ***not*** its utility patent claims, with the exception of the uniquely situated claim of '381 patent infringement by *multiple* applications in two Samsung products.  Apple ignores these distinctions and limitations in Samsung's argument.[5]

## II.    SAMSUNG DID NOT WAIVE ITS SEVENTH AMENDMENT OBJECTION

Apple is incorrect in arguing (Opp. at 1) that Samsung impliedly waived its Seventh Amendment rights by requesting a new trial on damages.  A waiver of a jury trial right can never be implied.  *Ostlund v. Bobb*, 825 F.2d 1371, 1373 (9th Cir. 1987) ("A waiver of a constitutional right is not to be implied and is not lightly to be found."); *see Aetna Ins. Co. v. Kennedy*, 301 U.S. 389, 393 (1937) ("as the right of jury trial is fundamental, courts indulge every reasonable presumption against waiver."); *California Scents v. Surco Prods., Inc.*, 406 F.3d 1102, 1108 (9th Cir. 2005) (same).  In any event, Samsung did object to the scope of the new trial promptly as soon as the new trial Order issued and made clear that the ordered new trial would require the second jury to reexamine findings necessarily made by the first jury.  Moreover, contrary to Apple's suggestion, Samsung did not request a new trial only on damages, but rather sought JMOL or a new trial "as to each and every claim and issue on which Apple prevailed before the jury," Dkt. 2013 at 1, and did not limit that broad request to particular errors, including damages errors.  Apple offers no authority finding waiver in this circumstance, and authorities are to the contrary.  *See, e.g., Pryer v. CO 3 Slavic*, 251 F.3d 448, 452, 456 (3d Cir. 2001) (court erred in limiting new trial to damages where "a new trial on all issues is required under the *Gasoline Products* standard," even though "defendants moved for a new trial on the issue of damages"); *Mason v. Texaco, Inc.*, 948 F.2d 1546, 1554 (10th Cir. 1991) (court properly broadened new trial to encompass punitive damages even though that issue was not appealed).

---

[5]    No similar overlap of liability and damages issues was shown in *Innotron* (Opp. at 2-3), which involved separate trials on patent and antitrust claims, 800 F.2d at 1084-86 ("that the same issues tried in the patent case will be tried again in the antitrust case" was a "false assumption"), nor in *Paine, Webber, Jackson & Curtis, Inc. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 587 F. Supp. 1112 1116-17(D. Del. 1984) (see Opp. at 3:1-6).  The same is true as to *Wharf v. Burlington N. R. Co.*, 60 F.3d 631, 638 (9th Cir. 1995), (see Opp. at 2 n.1), where no overlap between negligence liability and damages was established.

1  DATED:  April 16, 2013

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

QUINN EMANUEL URQUHART &
SULLIVAN, LLP


By  /s/ Victoria F. Maroulis
     Charles K. Verhoeven
     Kathleen M. Sullivan
     Kevin P.B. Johnson
     Victoria F. Maroulis
     Susan R. Estrich
     Michael T. Zeller
     Attorneys for SAMSUNG ELECTRONICS
     CO., LTD., SAMSUNG ELECTRONICS
     AMERICA, INC., and SAMSUNG
     TELECOMMUNICATIONS AMERICA, LLC