QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kathleen M. Sullivan (Cal. Bar No. 242261)
kathleensullivan@quinnemanuel.com
Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Susan R. Estrich (Cal. Bar No. 124009)
susanestrich@quinnemanuel.com
Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S OPPOSITION TO APPLE'S CONDITIONAL MOTION FOR RECONSIDERATION OF ORDER GRANTING NEW DAMAGES TRIAL ON GALAXY S II AT&T AND INFUSE 4G** |

Samsung respectfully submits this opposition to Apple's Conditional Motion for Reconsideration of the Court's March 1, 2013 Order re: Damages (Dkt. 2306).

Apple's "conditional" reconsideration motion belatedly challenges a portion of the Court's March 1 Order re: Damages ("Order"), but *only if* Samsung prevails on its motion for entry of partial final judgment under Rule 54(b).   Facing a new trial on 14 Samsung products because of its own "strategic decision to submit an expert report using an aggressive notice date for all of the patents" during trial (Dkt. 2271, at 24), Apple now asks the Court to let it seek *even more* damages on two Samsung products in a new trial if the Court denies Samsung's Rule 54(b) motion, but to enter judgment on those two products if Samsung's Rule 54(b) motion prevails.   Such tactical, "head's I win, tails you lose" gamesmanship has no basis in the Federal or Local Rules.

Apple rests its argument entirely on the sales dates for the Infuse 4G and the Galaxy SII (AT&T) contained in a Joint Pre-Trial Statement ("JPTS") that Apple never even sought to admit into evidence and that was contradicted by a trial stipulation agreed to by *Apple*, by Apple's *own* trial evidence, and Samsung's trial evidence that Apple did not object to.   Because Apple's conditional reliance on the JPTS is improper, waived and belated as to both products, and because the Court was correct to find that the jury erroneously included pre-notice sales of the Infuse 4G in its damages award, Apple's motion should be denied.

## I.   APPLE'S MOTION AS TO THE INFUSE 4G SHOULD BE DENIED

### A.   Apple's Motion Is Improper Because It Seeks "Conditional" Reconsideration

The tactics behind Apple's motion are transparent.   Apple argues that the Court made supposed "errors," yet asks the Court to correct them *only if* Samsung's motion for a Rule 54(b) judgment is granted and Apple's request for an immediate new trial is denied.   Mot. 1, n.1. Apple seeks to limit the scope of a new trial if that trial is stayed, but to avail itself of an opportunity to win even more in damages if the trial is not stayed.   In Apple's view, the Court's Order is mistaken only if Samsung prevails on another motion.   Apple cites no case granting a reconsideration motion where the moving party itself, like Apple here, "conditionally" concedes the correctness of the challenged order.   Local Rule 7-9 does not allow a party seeking reconsideration to manipulate the definition of "errors" to its own advantage.

### B. Apple Waived Its Right To Argue That The JPTS Is Binding

Furthermore, Local Rule 7-9(b)(3) requires that a party have "presented to the Court" a fact on which it seeks reconsideration. "The rationale underlying Local Rule 7-9(b)(3) is clear: in our system it is the job of the advocates, not the court, to find and apply relevant law to the facts of a particular case. If an advocate fails to do so, the court cannot be faulted for reaching an erroneous conclusion, and the advocate should not be given a 'second bite at the apple.'" *Bowoto v. Chevron Corp.*, 2007 WL 2349338, at *7 (N.D. Cal. Aug. 14, 2007); *see also Kona Enters. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (reconsideration motion is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources"); *Nidec Corp. v. Victor Co. of Japan, Ltd.*, 2007 WL 4108092, at *4 (N.D. Cal. Nov. 16, 2007) (opportunistic reconsideration motions "unduly burden[] opposing parties and the Court.").

Apple concedes that it never raised the first sale dates in opposition to Samsung's JMOL/new trial motion. Apple's reliance (Mot. 4) on *Io Group, Inc. v. BIC Prods.*, 2007 U.S. Dist. LEXIS 36959 (N.D. Cal. May 8, 2007), is thus misplaced. There, unlike here, the court granted reconsideration because it had failed to consider evidence filed *with the operative motion*. *Id*. at *4-5. Nor can Apple claim that it should be excused for lack of notice. Samsung argued in its JMOL/new trial motion that the Court should order JMOL, new trial or remittitur of the jury's award on the Infuse 4G *based on an incorrect notice date*. *See* Wagner Decl. (Dkt. 1990-20) ¶¶ 12, 27. Apple is not entitled to a second bite here. *See*, *e.g.*, *Valley Forge Ins. Co. v. Zurich Am. Ins. Co.*, 2011 WL 2748334, at *3 (N.D. Cal. Jul. 14, 2011) ("The rule governing reconsideration was not meant to relieve any litigant of the consequences of a strategic or tactical decision that later proves improvident.").

### C. The Uncontroverted Evidence At Trial Supports The Court's Order

Even if Apple had not waived its argument and had timely raised the sales dates contained in the JPTS in opposing Samsung's motion for JMOL/new trial, the result would be no different. If, as Apple urges, the Court should have held that the first sale of the Infuse 4G was on May 15, 2011, then the jury's award for that product still cannot stand because the uncontroverted trial evidence shows that the award included pre-notice sales in April 2011. *See* Alden Decl., Ex.

3–JX1500 n.1; *Id.*, Ex. 1–PX180.53.  Accordingly, adopting Apple's new position would lead to the same outcome the Court reached in its Order—the jury's award must be set aside.

Apple rests its argument to the contrary solely on the "binding" nature of the JPTS.   But absent an objection at trial to evidence that is inconsistent with a JPTS, Federal Rule of Civil Procedure 15(b) operates to amend the JPTS to conform to the trial evidence.  *See, e.g.*, *Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 772 F.2d 505, 514 n.9 (9th Cir. 1985) ("[T]he issue was litigated at trial and thus the pretrial order may be deemed to have been amended by the consent of the parties.") (citations omitted); *Mechmetals Corp. v. Telex Computer Prods., Inc.*, 709 F.2d 1287, 1294 (9th Cir. 1983) ("A pretrial order is not an inexorable decree", and modification "is a form of amendment to the pleadings . . . specifically permitted by [Rule] 15(b). . . . [I]t is proper for a district court to amend the pretrial order in a de facto fashion, simply by entering findings.") (citations omitted); *see also Kirkland v. Dist. of Columbia*, 70 F.3d 629, 633 (D.C. Cir. 1995) ("Trial of the issue without objection normally is enough to satisfy the Rule 15(b) requirement.  '[C]onsent generally is found when evidence is introduced without objection, or when the party opposing the motion to amend actually produced evidence bearing on the new issue.'") (quoting Wright & Miller § 1493).

But Apple did not merely fail to object during trial to the introduction of evidence of Infuse 4G sales prior to the first sale dates contained in the JPTS and accordingly waive any such objection.   Apple affirmatively *stipulated* to the admission of Trial Exhibits PX180 and DX676 (Dkt. 1597, ¶¶ 12-13), which *admitted* pre-notice sales of the Infuse 4G (*see* Alden Decl., Ex. 1–PX180.53; *Id.*, Ex. 2–DX676.064).   Moreover, the report by Apple's own expert, Mr. Musika (Dkt. 991-19c, Ex. 18.3-S), confirms that the calculations he presented *to the jury*—and that the Court found formed the basis for *the jury's* awards (Dkt. 2271 at 9:5-10:22)—included pre-notice sales.   Specifically, Mr. Musika told the jury that he used the sales data reflected in Trial Exhibit JX1500 to calculate Apple's purported damages and Samsung's profits (Alden Decl., Ex. 4–RT 08/13/12 at 2041:5-2043:14).   JX1500—on which Apple now relies—in turn constitutes a summary of PX180 (*see* Alden Decl., Ex. 3–JX1500 n.1), which shows sales for the Infuse 4G commencing in April 2011, *before* the correct notice date (*see* Alden Decl., Ex. 1–PX180.53).

By contrast, the dates in the JPTS were never read to the jury and therefore are not part of the trial record that could have supported the jury's verdict and indeed are inaccurate, as the actual trial evidence establishes.[1]  A party may not defend a jury verdict based on evidence outside the trial record, whether on JMOL or here.  See, e.g., *McEuin v. Crown Equip. Corp.*, 328 F.3d 1028, 1037 (9th Cir. 2003) ("The jury cannot be said to have reached an erroneous verdict because of evidence that was not before it at trial."); *Elbert v. Howmedica, Inc.*, 143 F.3d 1208, 1209 (9th Cir. 1998) (per curiam) (holding that, "when ruling on a Rule 50(b) motion … [t]he record should be taken as it existed when the trial was closed").  Although Apple could have done so, it did not inform the jury of the dates in the JPTS and cannot belatedly rely on them now.

The cases cited by Apple do not support its motion.  In none of them did the moving party fail to object to the introduction of evidence at trial on the basis of contrary statements in the JPTS, let alone itself introduce and stipulate to such contrary trial evidence, as Apple did here.  And in none of them did the Court hold that a verdict that is at odds with uncontroverted trial evidence should be upheld on the basis of a JPTS.  In *Islamic Republic of Iran v. Boeing Co.*, 771 F.2d 1279 (9th Cir. 1985), Iran appealed a damages award following a default judgment, arguing that certain facts had not been proven at trial, only stated in the pretrial order.  Unlike here, there was no trial, no stipulated evidence introduced at trial that contradicted the pretrial order, and no failure to raise the pretrial order in post-trial briefing.  *Jauregui v. City of Glendale*, 852 F.2d 1128 (9th Cir. 1988), is equally inapposite, as it involved a defendant's appeal of certain factual determinations during a bench trial "made in accordance with the pre-trial order."  *Id.* at 1133.  There is no indication in that case that the defendant either introduced contrary evidence at trial—as Apple itself did here—or sought relief from the pretrial order before appeal.  *Id.* at 1134.  *Ringling Bros.-Barnum & Bailey Combined Shows, Inc. v. Olvera*, 119 F.2d 584 (9th Cir. 1941), is

---

[1] The dates in the JPTS that Apple's motion relies on are in fact the dates the accused products were launched by carriers, *not* the dates of first sale by Samsung.  This is evident because the JPTS dates (1) correspond to the dates in Schedule 6.3 to Michael Wagner's April 20, 2012 Expert Report, which specify that the dates are when the products were launched by carriers, and (2) do not correspond to the dates of first sale reflected in the financial spreadsheets on which Mr. Musika relied for his damages calculations (and which were admitted into evidence).

also distinguishable because, although the Ninth Circuit stated in passing that it would follow a pretrial stipulation that Florida was the place of contracting despite evidence that it may have been Texas, it is not apparent which party introduced that contrary evidence at trial or whether appellees challenged the pretrial order before appeal.   In any event, more recent Ninth Circuit decisions applying Rule 15 recognize that pretrial orders are deemed to be amended to conform to the proof adduced at trial.  *See supra*, at 3.   Finally, in *Fontana Prods. v. Spatech Plastics*, 1999 U.S. Dist. LEXIS 23312 (C.D. Cal. Sept. 20, 1999), a party opposing a post-trial motion for attorneys' fees sought to introduce evidence that contradicted the pretrial order, *id.* at *6-7, but like the other decisions Apple relies on, the prevailing plaintiff itself had not introduced evidence at trial contrary to the pretrial order.   Indeed, the decision did not concern the trial at all.

The Court's Order as to the Infuse 4G was entirely correct, and the JPTS provides no basis to reconsider it.

## II.     THE COURT SHOULD NOT RECONSIDER ITS GALAXY SII (AT&T) RULING

As with the Infuse 4G, Apple's motion for "conditional" reconsideration as to the Galaxy S II (AT&T) should be denied, regardless of the first sale date in the JPTS, because Apple has not brought a proper motion for reconsideration under Local Rule 7-9(b).   Apple's belated "conditional" motion constitutes acquiescence to the March 1 Order, as a party may not simultaneously agree with a court order and challenge it for strategic purposes.[2]

### Conclusion

Apple's "conditional" motion for reconsideration should be denied.

---

[2]  Apple argues (Mot. 3 n. 4) that it should be awarded supplemental damages for the TracFone Galaxy S II.   But Apple provides no legal basis for awarding post-trial damages for a phone that was not tried to the jury or even accused during discovery, trial or even during post-trial motions.  *See LG Elecs. Inc. v. Q-Lity Computer Inc.*, 211 F.R.D. 360, 366 (N.D. Cal. 2002) ("Each product, device, and apparatus must be identified by name or model number, if known.'") (quoting Patent L.R. 3-1).   Moreover, Apple's argument that the Galaxy S II (AT&T) and Tracfone Galaxy S II are the same is baseless.   While Mr. Kerstetter stated that the Tracfone Galaxy S II's appearance differed by logo, he did not address differences in the phones' operation relative to Apple's utility patents, and Apple has not proffered any evidence on this issue either.

DATED: April 16, 2013

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  /s/ Victoria F. Maroulis
 Charles K. Verhoeven
 Kathleen M. Sullivan
 Kevin P.B. Johnson
 Victoria F. Maroulis
 Susan R. Estrich
 Michael T. Zeller

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC