HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
JENNIFER LEE TAYLOR (CA SBN 161368)
jtaylor@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK<br><br>**APPLE'S REPLY IN SUPPORT OF CONDITIONAL MOTION FOR RECONSIDERATION OF ORDER GRANTING NEW DAMAGES TRIAL ON GALAXY S II AT&T AND INFUSE 4G** |

Samsung has asked this Court to enter a partial judgment under Rule 54(b) but prefers that any such judgment go up on appeal bearing plain errors rather than have the Court fix them. Samsung offers no good reason why the Court should make that choice. In fact, Samsung's own cited evidence and cases refute its arguments.

## I.     ALL GALAXY S II AT&T SALES OCCURRED AFTER NOTICE

Samsung does not dispute that the Galaxy S II AT&T was first sold after April 15, 2011, the relevant date of notice for the D'677 Patent. Accordingly, there is no dispute that the March 1 Order erred in vacating the $40,494,356 the jury awarded on that product.[1]

## II.    ALL INFUSE 4G SALES OCCURRED AFTER NOTICE

Samsung does not and cannot contest the plain language of its stipulation that: "One or more of SEC, STA or SEA first sold [the Infuse 4G] in the United States on . . . 5/15/2011." (Dkt. 1189 at 11.) That date too is after notice of infringement, and thus the Court erred in vacating the $44,792,974 the jury awarded on Infuse 4G sales.

Samsung now urges the Court to treat this stipulated "UNDISPUTED FACT[]"as a "DISPUTED FACTUAL ISSUE[]," that "remain[ed] to be resolved" at trial. (Dkt. 1189 at 9, 12.) But the Court's standing order and the Joint Pretrial Statement signature block state that "the foregoing admissions" apply "unless modified to prevent manifest injustice" (Dkt. 1189 at 29) and Samsung makes no showing of manifest injustice.

In fact, the record corroborates the substance of the stipulation. First, JX1500 is consistent with the stipulated May 15, 2011 date. JX1500 reflects sales starting in "2Q 2011,"

---

[1] Samsung's claim that supplemental damages should not be awarded on the TracFone version of the Galaxy S II (AT&T) ignores the Court's damages finding and what Samsung's own witness testified about that product. The Court concluded that the jury awarded Samsung's profits for sale of the Galaxy S II AT&T under 35 U.S.C. § 289 for infringement of the D'677 Patent. (Dkt. 2271 at 10-13.) Mr. Kerstetter admitted that TracFone has "the same design as the AT&T SGH-I777. The only difference in its outer appearance is the substitution of the TracFone logo for the AT&T logo in the upper portion of the front face of the phones. TracFone markets and sells these Galaxy S II phones under the names Net10 and Straight Talk." (Dkt. 2286-1 ¶ 4.) The D'677 Patent claims only the exterior front of a product, so alleged "differences in the phone's operation relative to Apple's utility patents" are irrelevant. (Dkt. 2312 at 5 n.2.) Thus, the same per unit award should apply to Samsung's sales of the TracFone version of the phone after the verdict and the Court should award Apple supplemental damages for those sales.

1  which is consistent with Samsung's stipulation to a May 15, 2011 date.

2  Second, PX180.53 does not show that Samsung sold the Infuse 4G before April 15, 2011. PX180.53 lists 5,000 units for "April 2011" but provides no evidence that any sales occurred before April *15*, 2011.  Moreover, Samsung's current position contradicts not only its admission in the Joint Pretrial Statement but also its interrogatory response stating: "The Infuse 4G was first shipped for sale in the United States *on or around April 30, 2011*."[2]  (Sabri Decl. Ex. A (Samsung's March 7, 2012 Amended Response to Interrogatory 14 at 7:12-13) (emphasis added).)  Samsung thus twice affirmed that all sales of the Infuse 4G occurred after April 15, 2011.  It now seeks only to confuse the record and run away from its binding admissions.  But Samsung offers no basis for the Court to disregard those admissions.

Samsung argues that Apple knowingly waived the benefits of Samsung's stipulation, but the record discussed above refutes that argument.  If waiver could be found on the thin basis Samsung adduces, moreover, stipulated undisputed facts would serve no judicial purpose.  Every stipulated fact would be subject to revision post trial.  Worse, a party could stipulate to a fact, induce its adversary not to submit evidence on an issue, and then claim the undisputed fact had been modified when it successfully admitted one or more exhibits that included evidence that allegedly pointed in a different direction.

Not surprisingly, therefore, courts uniformly treat stipulated, undisputed facts as binding admissions.  (Dkt. 2306 at 2, 4 (citing cases).)  Samsung fails to support its argument with even a single case addressing stipulated facts.  Samsung relies instead on cases interpreting Rule 15(b), which permits a court to amend the pleadings after litigants try an issue.  For example, if waiver was not pled as an affirmative defense but parties try the defense of waiver to a jury, Rule 15(b) protects the jury's verdict on that issue by conforming *the pleadings* to the evidence.  *Kirkland v. Dist. of Columbia*, 70 F.3d 629, 633 (D.C. Cir. 1995).  None of Samsung's cited cases supports

---

[2] PX180.53 shows 248,996 units in May 2011.  The large number of May sales is consistent with Samsung's interrogatory response reporting a late-April first sale date and undermines Samsung's contention that any of the merely 5,000 April units shown in PX180.53 might have been sold before April 15, 2011.

amending binding stipulations.  *See Frank Music Corp. v. Metro-Goldwyn-Mayer*, *Inc.*, 772 F.2d 505, 514 n.9 (9th Cir. 1985) (considering whether indirect costs were identified as disputed issue in pretrial statement); *Mechmetals Corp. v. Telex Computer Prods., Inc.*, 709 F.2d 1287, 1294 (9th Cir. 1983) (rejecting party's effort to compel court to enter factual findings on disputed issue when parties had "informally agreed to remove these issues and try them in state court").  Doing so would directly contradict the Ninth Circuit's treatment of stipulated facts as binding: "We will not now free the [defendant] from the binding effect of an order which recites facts they freely stipulated to, and could have previously sought judicial relief from, if indeed they were convinced that the facts are not true." *Jauregui v. City of Glendale*, 852 F.2d 1128, 1134 (9th Cir. 1988).

### III.   APPLE'S MOTION IS PROPER

Lacking any basis to oppose Apple's motion on the merits, Samsung complains about its form.  But Samsung offers no support for its claim of impropriety.  Samsung moved for a Rule 54(b) judgment to seek an immediate appeal.  Apple opposed but noted that, if the Court intends to enter a judgment, it should correct two errors before appellate review occurs.  Apple's conditional motion has no hidden purpose; if appellate review is deferred until after the new trial on damages that Samsung requested, then the new jury will render a damages verdict.  The new jury's verdict may be higher than the prior award, or it may be lower.  Samsung apparently hopes that it will achieve a lower award, but that is no basis to leave readily identifiable mistakes in the March 1 Order unrepaired.

Samsung also argues that Apple never sought to uphold the jury's verdict based on Samsung's notice date, i.e., April 15, 2011, but Samsung ignores the relevant portion of Apple's opposition to Samsung's motion for a new trial. (*See* Dkt. 2050 at 22:9-24 (cited in Dkt. 2306 at 5).)  Nor does it offer any reason why Apple should have anticipated that undisputed dates of first sale would be overlooked in the Court's March 1 Order.

If the Court decides to enter judgment under Rule 54(b), it should correct the March 1 Order and reinstate the damages verdict on the Infuse 4G and Galaxy SII AT&T.

Dated: April 19, 2013                    MORRISON & FOERSTER LLP

                                         By:   */s/ Michael A. Jacobs*
                                                MICHAEL A. JACOBS

                                         Attorneys for Plaintiff
                                         APPLE INC.