1    [COUNSEL LISTED ON SIGNATURE PAGE]

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                        SAN JOSE DIVISION

11

12   APPLE INC., a California corporation,          Case No. 11-cv-01846-LHK (PSG)

13                  Plaintiff,                       **JOINT STATEMENT REGARDING
                                                     FURTHER POST-TRIAL
14          v.                                       PROCEEDINGS**

15   SAMSUNG ELECTRONICS CO., LTD., a                Date:     April 29, 2013
     Korean corporation; SAMSUNG                     Time:     2:00 PM
16   ELECTRONICS AMERICA, INC., a New                Place:    Courtroom 8, 4th Floor
     York corporation; and SAMSUNG                   Judge:    Hon. Lucy H. Koh
17   TELECOMMUNICATIONS AMERICA,
     LLC, a Delaware limited liability company,
18
19                  Defendants.

20

21

22

23

24

25

26

27

28

1    **I.      APPLE'S INTRODUCTION**

2         Apple requests that the Court hold the new trial on damages identified in the Court's

3    March 1 Order beginning on September 3, 2013, or at its earliest convenience thereafter, and

4    resolve supplemental damages and prejudgment interest at the same time.  Because of its limited

5    scope, the trial will require only three court days, including jury selection, openings, and closings.

6         Apart from any conflicts with the Court's schedule, nothing prevents the expeditious

7    resolution of the limited damages issues that remain.  Under Rule 16, a court's pretrial order

8    "controls the course of the action," unless modified "to prevent manifest injustice."  Fed. R. Civ.

9    Proc. 16(d)-(e).  The parties' July disclosures and the Court's three pretrial orders should define

10   the parameters of the new trial, except for the few limited adjustments needed to prevent injustice

11   and comply with the March 1 Order:  (1) a limited update to incorporate new financial information

12   from Samsung, to adjust damages calculations to conform to the Order, and to substitute a new

13   damages expert for Terry Musika, who died after the trial; (2) substitution of exhibits to conform

14   to the Order and the updated financial data; and (3) if needed, limited motion practice to address

15   any changes to damages opinions submitted by the newly-substituted expert.

16        Apple's approach builds on the extensive effort and resources the Court and parties

17   devoted to the pretrial proceedings and trial, minimizes the added effort for the Court, and reflects

18   the lack of dramatic changes warranting a wholesale reopening of discovery.  The new trial

19   involves products introduced before April 2011, only four of which have been sold since

20   Samsung's last financial update, and those sales account for less than 1% of the total sales at issue.

21   Apple's proposal would allow a prompt resolution of the remaining damages issues, and a final

22   judgment resolving all issues.  Apple could then enforce the monetary awards, and the parties

23   could obtain full appellate review.  This is the just, necessary, and expedient course.

24        In contrast, even apart from its request to retry liability as well as damages, Samsung

25   proposes expansive pretrial proceedings, including two rounds of fact discovery—one occurring

26   *after* expert discovery, contrary to every scheduling order the Court has entered in this case and

27   the 630 case—and three rounds of motions seeking changes in the Court's original pretrial rulings.

28   Samsung's proposal would take a minimum of *41 weeks* just to get to disclosures of exhibit lists,

1   leading to a trial *at the earliest* in March 2014, even if the Court instantaneously provided every

2   ruling that Samsung requested at four pretrial hearings.  The Court should reject Samsung's

3   approach.  *See, e.g.*, *Cleveland v. Piper Aircraft*, 985 F.2d 1438, 1449-50 (10th Cir. 1993)

4   (although "hindsight" may show "a better way to try a case the second time around," remand for

5   new trial was "not an invitation to reopen discovery for newly retained expert witnesses and to

6   enlarge trial time unnecessarily through the addition of totally new exhibits and testimony").

7   Samsung's proposal is inefficient, would inconvenience the Court, and would cause unnecessary

8   delay, as Samsung plainly intends it to do.  Samsung has dragged its feet at every turn, including

9   by refusing promptly to permit the use of three spreadsheets with updated financial information

10  already produced to Apple in the 630 case, which further delays the preparation of new damages

11  reports, and refusing to permit already produced information to be used to calculate supplemental

12  damages.  Samsung's proposal would severely prejudice Apple, which has no injunction and

13  cannot enforce even the existing damages award, by unjustifiably prolonging Samsung's three-

14  year "free ride" on Apple's legally-protected technology.

15  **II.      SAMSUNG'S INTRODUCTION**

16          Samsung has asked the Court to enter partial final judgment pursuant to Rule 54(b) and to

17  stay the new trial pending appeal from that judgment.  As Samsung explained, the outcome of this

18  appeal is not only likely to affect the contours of the new trial, but should help ensure that there

19  will not need to be a subsequent third trial.  Dkt. 2281, 2290.  A postponement of trial will also

20  avoid the risk that the verdicts at new trial will need to be vacated once the PTO's invalidations of

21  Apple's patents become final—invalidations that will moot the need to hold much of the new trial

22  at all.  Dkt. 2304.  Apple ignores all of this in insisting on an immediate new trial.

23          Apple is also simply wrong in arguing that a new trial can be held and decided in short

24  order, without disputes or motion practice, because the parties can be limited to the evidence they

25  offered before and prior rulings will apply.  Apple's own arguments show this is not so:  both the

26  proof at the new trial and even the issues to be tried will be different from before.  For example:

27  •       Apple intends to offer new damages expert opinions but refuses to identify who its expert

28          will be, whether it will proffer one new expert or more than one, or even what their area(s)

JOINT STATEMENT RE FURTHER POST-TRIAL PROCEEDINGS
CASE NO. 11-CV-01846-LHK (PSG)                                              2

1    of expertise will be.  Apple argues that pretrial proceedings will move quickly because

2    Samsung can be limited to its prior expert and his prior opinions (except for rebuttal to

3    new Apple expert opinions), but Apple offers no legitimate basis why only *it*, and not

4    Samsung, may change the methods and conclusions that its experts offered before.

5    •    Apple states that Samsung should get no new discovery but that Apple is entitled to new

6          discovery relating to sales of four accused products after June 30, 2012—the end date for

7          damages Apple sought at the last trial—because Apple intends to seek damages for such

8          sales from the jury.  But that Apple intends to offer new damages opinions relating to

9          additional sales *itself* shows that Samsung is entitled to new discovery as well.  Apple's

10        damages claims put at issue a myriad of factors that include the nature of the market at the

11        time of the sales in question.  New discovery into those issues for the new damages period

12        will be required.  Moreover, the *last* jury never decided whether these post-June 2012 sales

13        were infringing, so the new jury will have to decide not only damages but, at least as to

14        these sales—some of which were subject to design-arounds—infringement.

15   •    Apple intends to seek supplemental damages at the same time as or in the new trial,

16        including for the Tracfone Galaxy SII (Dkt. 2306 at 4 n.4).  But that product was not

17        before the first jury or previously accused of infringement.  Resolving such claims, if

18        permitted, will at a minimum require discovery and motion practice as well as a liability

19        trial.  As this also shows, even Apple disagrees with its own position that the prior pretrial

20        statement, which did not list this product (Dkt. 1189 at 3-4), fully governs now.

21        The new trial will involve, even according to Apple, new experts and new opinions, new

22   damages periods and even a new product—and this will necessitate additional discovery and

23   motion practice.  Should the Court agree that infringement and damages issues overlap, the scope

24   of the new trial will expand further.  A three-day trial to be held a few months from now is not

25   realistic.  Apple cannot benefit from its "strategic decision to submit an expert report using an

26   aggressive notice date," Dkt. 2271 at 24:10-12, by insisting on an unreasonably compressed

27   schedule that fails to account for necessary proceedings.  Should the Court proceed with the

28   ordered new trial, it should adopt the tentative pre-trial schedule that Samsung has proposed.

1    **III.    APPLE'S STATEMENT**

2        **Supplemental Expert Discovery:**  Apple's damages expert from the first trial, Terry

3    Musika, passed away in December 2012.  Apple proposes to substitute a new expert who will

4    address the same issues as Mr. Musika, with adjustments to conform to the March 1 Order and

5    updated financial information on infringing sales (based on a new version of Mr. Musika's model

6    reflecting new notice dates that Apple previously provided to Samsung).  *See, e.g.*, *Cleveland*, 985

7    F.2d at 1450 (if "expert witness is deceased" court "should give every consideration to allowing

8    additional witnesses to testify").  Samsung does not object to the substitution.  Apple has narrowed

9    potential candidates and will disclose a new expert by May 13, 2013, assuming that the Court

10   orders a new trial at the April 29 conference.  Samsung's professed need for earlier disclosure to

11   ensure approval of the new expert to view materials under the Protective Order is a red herring.

12   Unlike Mr. Lucente and Mr. Sherman, the new damages expert will not be shown protected

13   technology, and Apple has informed Samsung that it will likely use an expert from Mr. Musika's

14   firm or the firm of one of its experts in the 630 case.

15       Apple will serve Samsung with a supplemental damages report that will:  (1) set forth the

16   new expert's background and qualifications; (2) revise the prior damages calculations to address

17   the 14 products at issue and the revised notice periods identified in the March 1 Order; and (3)

18   identify any changes to Mr. Musika's methods and calculations.  Apple can provide this

19   supplemental report promptly after receiving Samsung's updated financial information described

20   below and has proposed June 26, 2013.  By July 12, 2013, Samsung should provide a rebuttal

21   report only from Mr. Wagner and *limited to the revisions* identified in the supplemental report.[1]

22   Both experts can promptly be deposed on or before July 26, 2013.  This schedule limits expert

23   discovery to what is needed in light of a death and to conform to the Court's March 1 Order

24

25

26   _____

[1]  Samsung refers to rebuttal expert "report(s)" but Samsung should be limited solely to Mr.
Wagner and he should be held to his previously-stated disclosures and opinions.  The fact that

27   Apple has no choice but to introduce a new expert to provide the testimony previously provided
by Mr. Musika does not warrant allowing Samsung to add experts or restart expert disclosures and

28   reopen previously disclosed opinions.  Doing so would unnecessarily multiply the Court's effort
and prejudice Apple.  In contrast, Samsung does not attempt to and could not show manifest
injustice from using only Mr. Wagner and his previous disclosures and opinions.

1    without reopening or rehashing legal and factual issues previously resolved.  It also accounts for

2    the massive effort the parties and the Court already made in preparation for the first trial.

3         **Supplemental Fact Discovery:**  Apple seeks a limited update to Samsung's financial

4    information for four infringing products at issue in the new trial (Galaxy S II AT&T, Droid

5    Charge, Galaxy Prevail, and Galaxy Tab) solely because Samsung continued to sell those products

6    after June 30, 2012, the date of Samsung's last financial update before the first trial.  (*See* Dkt.

7    2060 at 9, 11.)  Getting this information before trial is more efficient for the Court and the parties

8    because it eliminates the need for any post-trial supplemental damages calculations.

9         Samsung already produced nearly all of this information in the concurrent 630 action, but

10   has not agreed to allow Apple simply to use that information in this action.  Samsung should

11   provide a complete update for use in this action by May 13, 2013.  Samsung has had notice of

12   Apple's specific requests since March 25, and the update can be prepared with minimal effort.

13        **Proposed Modifications to the Court's Pretrial Order:**  A district court retains

14   "discretion in managing a second new trial" in a case, including to allow "additional witnesses and

15   relevant proof" if necessary to prevent "manifest injustice," such as where an "expert witness is

16   deceased," *Cleveland*, 985 F.2d at 1459-50 (citing Rule 16(e)), or the court "changed the rules of

17   the game" for a new trial on obviousness by "construing the claims after trial," *Johns Hopkins*

18   *Univ. v. CellPro, Inc.*, 152 F.3d 1342, 1357 (Fed. Cir. 1998).  To prevent manifest injustice, Apple

19   seeks limited modifications required by its damages expert's death and to conform to the

20   directives regarding dates and products set forth in the March 1 Order.[2]

21        In addition to the substitution of an expert and limited financial update described above,

22   the pretrial order should be modified to permit Apple and Samsung to exchange and submit

23   substitute damages exhibits for trial (such as those corresponding to PX25, DX781, and JX1500),

24   to reflect damages and financial calculations specific to the 14 products at issue in the new trial,

25   the notice dates stated in the March 1 Order, and the supplemental expert opinions.  The

26   _____

27   [2]  Courts in the Ninth Circuit consider four factors in deciding whether a party has shown
     "manifest injustice" warranting modification of a pretrial order:  "(1) the degree of prejudice or
     surprise to the [non-moving party] if the order is modified; (2) the ability of the [non-moving
28   party] to cure the prejudice; (3) any impact of modification on the orderly and efficient conduct of
     the trial; and (4) any willfulness or bad faith by the party seeking modification."  *Galdamez v.*
     *Potter*, 415 F.3d 1015, 1020 (9th Cir. 2005).

1   modification should allow admission only of equivalent, substitute exhibits that the parties revise

2   to reflect the March 1 Order.  The Court should also consider *in limine* motions that address any

3   issues arising from changes to the expert reports.

4           Consistent with Rule 16(e), apart from those modifications, the Court should enforce its

5   prior orders and limit the parties to the witnesses and evidence available for the first trial.  *See*

6   *Cleveland*, 985 F.2d at 1450 (district court had discretion to exclude from second trial new

7   evidence designed to "'plug the holes'" in party's case, which "would require extensive additional

8   discovery"); *Martin's Herend Imports, Inc. v. Diamond & Gem Trading USA Co.*, 195 F.3d 765,

9   775-76 (5th Cir. 1999) (district court "did not abuse its discretion in limiting [defendant] to the

10  witnesses and evidence it offered at the first trial"); *Hoffman v. Tonnemacher*, No. CIV. F 04-

11  5714, 2006 WL 3457201, at *3, *5 (E.D. Cal. Nov. 30, 2006) ("mere fact that a retrial will occur

12  is generally insufficient grounds for a court to alter a previous ruling"; court modified pretrial

13  order from original trial only where "it would be 'manifestly unjust'" not to do so).  Samsung

14  makes no attempt to show that the extensive modifications it seeks are needed to respond to the

15  March 1 Order or otherwise prevent manifest injustice.  No such justification is possible.  For

16  example, even in the normal course, fact discovery is not split to come both before and after expert

17  reports and depositions.  Samsung cannot show how it is unjust to use the same discovery that was

18  used to prepare expert reports before the first trial last August, which involved twice as many

19  products and more intellectual property.[3]

20          Accordingly, insofar as is relevant to the new trial, the Court should:  (1) limit the parties

21  to the same witnesses, exhibits, and deposition excerpts disclosed in the July 2012 pretrial

---

[3]  Samsung's cited cases do not require the Court to abandon its prior rulings and restart discovery.  *See Johns Hopkins*, 152 F.3d at 1357 (allowing new prior art reference that responded to game-changing new claim construction); *Hoffman v. Tonnemacher*, No. CIV. F 04-5714, 2007 WL 2318099, at *1 (E.D. Cal. Aug. 10, 2007) (allowing substitution of expert to prevent manifest injustice where prior consultant could not list of prior cases in which he testified; *Morrison Knudsen Corp. v. Ground Improvement Techniques, Inc.*, No. Civ.A 95-K-2510, 2006 WL 753207, at *1, *8 (D. Colo. Mar. 20, 2006) (court *enforced* original pretrial order and held parties waived *Daubert* motions by filing them after stipulated deadline in pretrial order); *Petit v. City of Chicago*, 239 F. Supp. 2d 761, 772 (N.D. Ill. 2001) (allowing amendment of pretrial order that would "not interrupt an orderly and efficient retrial of the case"); *Dowling v. Am. Haw. Cruises, Inc.*, 869 F. Supp. 806, 807-08 (D. Haw. 1994) (allowing party to present brief live testimony in addition to offering trial transcripts); *Basquiat v. Kemper Snowboards*, No. 96 Civ. 0185, 1998 WL 190258, at *6 (S.D.N.Y. April 21, 1998) (devoting single sentence to procedures for new trial).

submissions; (2) before trial, admit exhibits already admitted in connection with the first trial; (3) apply the same *Daubert* rulings previously entered before the first trial and limit any new pretrial motions; (4) use the same jury instructions; (5) apply the same stipulations between the parties; (6) forgo any other new motions practice; and (7) otherwise apply prior orders.[4]

**Supplemental Damages and Prejudgment Interest**.  At or before the new trial, the Court should calculate supplemental damages and prejudgment interest for the products for which the Court confirmed the jury's award of $598,908,892.  Given the detail in the March 1 Order, the calculation is arithmetic, requires only Samsung's production of updated unit sales information, and can be calculated as shown in Exhibit B.

## IV.    SAMSUNG'S STATEMENT

Apple's suggestion that trial can be completed in only three days, without motion practice or other changes, is implausible.  Apple itself demands changes in witnesses, evidence and products, which will lead to motion practice.  Moreover, the scope of trial has not been decided, and Apple seeks to expand the issues.  Samsung cannot identify now everything that will have to change at the new trial because Apple refuses to disclose its experts, but the changes that are known already demonstrate that Apple's schedule is not viable.

**Experts.**  Apple intends to offer reports and testimony from a new damages expert or experts who, Apple states, may make changes to Apple's prior expert's "methods and calculations."  Apple argues the new trial nevertheless can proceed expeditiously because while *Apple* can change its expert's methods and conclusions as it sees fit, *Samsung* can only have a single previously-disclosed expert respond to Apple's new opinions.  There is no precedent for this, and clearly Apple has no right to open for alteration only those opinions that it does not like.

Samsung cannot identify what changes will need to be made to its experts' presentations, however, because Apple refuses to give Samsung any information about its new expert(s).  As recently as three days ago, the most Apple would say is that it is likely to designate one or more unnamed persons from two consulting firms.  Samsung does not know even what Apple's new

---

[4]  Having obtained the new trial on damages it requested, Samsung must now defend all of Apple's damages claims.  Its footnote suggesting that the first jury's damages award somehow restricts the damages Apple may now recover in the new trial is unsupported and specious.

1   experts' fields of expertise will be.  If Apple comes forward with an expert in economics,

2   Samsung would have every right to designate one or more experts in economics as well.[5]

3          In any case, substantial work will be required even if Apple were correct in its one-sided

4   proposal that it can freely make changes to its expert presentation but Samsung can at most

5   respond.  The Court must ensure that expert opinions, new or old, are "relevant to the task at

6   hand" before they are admitted.  *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579, 592, 597

7   (1993).  After expert discovery occurs, *Daubert* motions will undoubtedly be brought as to

8   Apple's new opinions and Samsung's responsive ones.

9          **Fact Discovery.**  Apple asks the Court to order that Apple, but not Samsung, can take

10  additional fact discovery.  There is no support for such a lack of evenhandedness, and Apple's

11  own requests make clear why it would be improper.  Apple intends to seek damages from the jury

12  for an expanded time period for products sold after June 30, 2012—the Galaxy S II (AT&T),

13  Droid Charge, Galaxy Prevail and Galaxy Tab.  Such requests for damages, if permitted, put at

14  issue additional information, including, for the (expanded) period when the accused products were

15  sold, the nature of the market, Apple's incremental profit margin, Apple's market share and a host

16  of other factors that may explain any lost sales or loss of market share.  *Grain Processing Corp. v.*

17  *Am. Maize-Prods. Co.*, 185 F.3d 1341, 1350 (Fed. Cir. 1999); *Panduit Corp. v. Stahlin Bros. Fibre*

18  *Works, Inc.*, 575 F.2d 1152, 1156 (6th Cir. 1978).  Because the discovery period ended on March

19  8, 2012 (Dkt. 187 at 2), Apple has not yet produced relevant discovery (for the period through

20  June 30, 2012 *or* the expanded damages period), and Samsung is entitled to such discovery.[6]

21

22  [5]  Issues of expert access to information under the Protective Order may also arise and require
23  resolution.  On prior occasions, this has been time consuming—for example, motion practice was
    necessary before two Samsung experts were approved to view materials under the Protective
    Order.  Dkts. 691, 761 (Lucente); Dkts. 482, 535, 606, 673 (Sherman).

24  [6]  The types of materials which Samsung is entitled to obtain include new license agreements that
    cover the patents-in-suit or related patents; consumer surveys and market research concerning
25  smartphones and tablet products; updated financial information; manufacturing and marketing
    capacity information; documents analyzing any loss of market share by Apple, any change in
26  consumer perception of Apple, the impact of this litigation on the perception of Apple and the
    value of the asserted patents; Apple's marketing and business plans and sales and profit forecasts;
27  and documents analyzing the impact of Samsung's products on Apple's sales, goodwill and brand
    value.  In light of the discovery that clearly will be required in *this* case, Apple's request that
28  Samsung cross-produce limited data produced in *another* case would not expedite the proceedings.

1    **Motion Practice.**  Samsung cannot predict all disputes, but several are apparent already.

2    Apple claims that it will seek as part of the new trial supposed "supplemental damages" for the

3    Tracfone Galaxy SII, but that is a misnomer because that product was not accused at or before trial

4    and has never been found to be infringing by a jury.  Dkt. 2306 at 4 n.4; Dkt. 2312 at 6 n.2.  As

5    noted, *Daubert* motions against both sides' experts will certainly be brought, and other *in limine*

6    motions may be needed.  The Court may well also be asked to decide dispositive motions relating

7    to whether Samsung's design-arounds infringe (*see infra*), and the Court will also have to decide

8    what forms of damages are available.[7]

9    **Trial.**  The issues to be tried are also broader than Apple suggests.  Apple states that it

10   seeks post-June 30, 2012 damages (Dkt. 2271 at 3:3-5) as to four accused products.  That puts

11   Samsung's design-arounds at issue.  For example, Samsung implemented a design-around on the

12   Droid Charge (one of the four products) to avoid the D'305 patent.  Dkt. 2055 at 6:6-14; *see* Dkt.

13   2075 at 2:11-22 9.  The first jury never passed on whether these products infringe, so the new jury

14   will have to do so before it could even consider damages.  The scope of trial will expand further

15   should the Court agree that liability and damages issues are intertwined.

16   **Samsung's Proposed Schedule**.  Apple argues that new trials do not open up all prior

17   proceedings and rulings as a matter of course, but even Apple recognizes that such proceedings

18   and rulings *do* have to be revisited in appropriate circumstances and *will* have to be revisited in

19   this case.  Contrary to Apple's claim that the Court should decide *now* on a blanket basis that it

20   will adhere to all prior rulings and instructions, the Court should address whether deviations from

21   prior proceedings are proper as issues arise, for it would be an abuse of discretion to adhere to

22   prior rulings and orders in some circumstances.[8]  The cases Apple cites are not to the contrary.[9]

23

24   _____

[7]  As the Court noted in its March 1, 2013 Order (Dkt. 2271 at 9:5-10:22), the jury rejected

25   Apple's lost profits claim for each of the 14 products subject to new trial.  Samsung reserves its
     right to seek relief from the Court if Apple discloses opinions or pursues remedies that are

26   inconsistent with the jury's rejection of Apple's lost profits claims.

[8]  *See Johns Hopkins Univ. v. CellPro, Inc.*, 152 F.3d 1342, 1357 (Fed. Cir. 1998) ("Nothing in

27   Rule 16(e) indicates that a pretrial order from a first trial controls the range of evidence to be
     considered in a second trial."); *Morrison Knudsen Corp. v. Ground Improvement Techniques, Inc.*,

28   2006 WL 753207 at *1 (D. Colo. Mar. 20, 2006) (considering new motions before damages
     retrial); *Basquiat v. Kemper Snowboards*, 1998 WL 190258, *6 (S.D.N.Y. Apr. 21, 1998) (new

(Footnote continues on next page)

9

1  Samsung's proposed pretrial schedule would move the case forward efficiently while providing

2  flexibility to account for events, foreseen and unforeseen, that would wreak havoc on the schedule

3  that Apple proposes.  Samsung's deadline of six weeks for additional damages discovery is

4  aggressive, while Apple's proposal of fifteen days is simply unachievable.  Four weeks is not too

5  long for rebuttal expert reports, but the sixteen days proposed by Apple is plainly not enough and

6  would be unfair given the months that Apple has had to select new expert(s) and prepare report(s).

7  Samsung's proposed schedule also makes discovery bilateral, which it plainly must be.

8        Given the current state of affairs, Samsung respectfully submits that the Court should not

9  set the date for a new trial until the parties provide additional damages discovery, submit their new

10  expert reports, and meet and confer about any additional discovery necessitated by the reports.  In

11  terms of trial length, Samsung believes a new trial on damages (not liability) will require 6-7 days

12  as the parties will be calling multiple expert and percipient witnesses and both sides will present

13  evidence relating to key issues going to the remedies that Apple seeks, including causation,

14  whether there are acceptable non-infringing substitutes, design-around cost and time, Apple's

15  manufacturing and marketing capability to exploit demand, Apple's profits, and other issues.[10]

16  **V.  PROPOSED SCHEDULES**

17        Attached as Exhibit A is a table reflecting the events and dates of further proceedings

18  based on Apple's and Samsung's separate proposals for the new trial.

19  (Footnote continued from previous page.)

20  discovery before damages retrial); *Dowling v. American Haw. Cruises, Inc.*, 869 F.Supp. 806, 808 (D. Haw. 1994) (new evidence at new trial).

21  [9]  *See Hoffman v. Tonnemacher*, 2007 WL 2318099, *2 (E.D. Cal. Aug. 10, 2007) (allowing new rebuttal expert and discovery regarding expert—and, in earlier decision, *see id.*, 2006 WL

22  3457201, *3, *9 (E.D. Cal. Nov. 30, 2006), allowing summary judgment motion and recognizing

23  discretion to allow new evidence and discovery).  *Cleveland v. Piper Aircraft Corp.*, 985 F.2d 1438, 1450 (10th Cir. 1993), recognized that district courts "retain broad latitude and may with

24  proper notice allow additional witnesses and relevant proof," and while *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S.A. Co.*, 195 F.3d 765 (5th Cir. 1999), affirmed the exclusion

25  of new witnesses, the defendant never moved to reopen discovery and failed to explain why it did not offer their testimony before.  *Id.* at 775.  These authorities show, if anything, that these types

26  of issues can only be addressed on a case-by-case basis, and not in a vacuum in advance.

27  [10]  Apple asks the Court to make arrangements to award supplemental damages and prejudgment interest.  But the Court has already correctly denied Apple's request to calculate such amounts

28  until appeals are resolved.  Dkt. 2271 at 6.  If the Court enters a partial judgment, Samsung has already stated that the Court can award prejudgment interest.  Dkt. 2290 at 11 n.4.

1    Dated:  April 22, 2013

2

3    MORRISON & FOERSTER LLP                QUINN EMANUEL URQUHART & SULLIVAN,
     HAROLD J. McELHINNY (CA SBN 66781)     LLP
4    hmcelhinny@mofo.com                    Charles K. Verhoeven (Cal. Bar No. 170151)
     MICHAEL A. JACOBS (CA SBN 111664)      charlesverhoeven@quinnemanuel.com
5    mjacobs@mofo.com                       50 California Street, 22nd Floor
     RACHEL KREVANS (CA SBN 116421)         San Francisco, California 94111
6    rkrevans@mofo.com                      Telephone: (415) 875-6600
     ERIK OLSON (CA SBN 175815)             Facsimile: (415) 875-6700
7    ejolson@mofo.com
     MORRISON & FOERSTER LLP                Kevin P.B. Johnson (Cal. Bar No. 177129)
8    425 Market Street                      kevinjohnson@quinnemanuel.com
     San Francisco, California  94105-2482  Victoria F. Maroulis (Cal. Bar No. 202603)
9    Telephone:  (415) 268-7000             victoriamaroulis@quinnemanuel.com
     Facsimile:  (415) 268-7522             555 Twin Dolphin Drive 5th Floor
10                                          Redwood Shores, California 94065
     WILLIAM F. LEE                         Telephone: (650) 801-5000
11   william.lee@wilmerhale.com             Facsimile: (650) 801-5100
     WILMER CUTLER PICKERING
12   HALE AND DORR LLP                      Michael T. Zeller (Cal. Bar No. 196417)
     60 State Street                        michaelzeller@quinnemanuel.com
13   Boston, MA 02109                       865 S. Figueroa St., 10th Floor
     Telephone: (617) 526-6000              Los Angeles, California 90017
14   Facsimile: (617) 526-5000              Telephone: (213) 443-3000
                                            Facsimile: (213) 443-3100
15   MARK D. SELWYN (SBN 244180)
     mark.selwyn@wilmerhale.com
16   WILMER CUTLER PICKERING
     HALE AND DORR LLP                      By:    /s/ Victoria Maroulis
17   950 Page Mill Road
     Palo Alto, California 94304
18   Telephone: (650) 858-6000                 Attorneys for Defendants and
     Facsimile: (650) 858-6100                 Counterclaim-Plaintiffs

19

20
     By:    /s/ Michael A. Jacobs           SAMSUNG ELECTRONICS CO.,
21          Michael A. Jacobs               LTD., SAMSUNG ELECTRONICS
                                            AMERICA, INC. and SAMSUNG
22      Attorneys for Plaintiff and Counterclaim-   TELECOMMUNICATIONS
        Defendant APPLE INC.                AMERICA, LLC
23

24

25

26

27

28

     JOINT STATEMENT RE FURTHER POST-TRIAL PROCEEDINGS
     CASE NO. 11-CV-01846-LHK (PSG)                                          11

1

**ATTESTATION OF E-FILED SIGNATURE**

2        I, Michael A. Jacobs, am the ECF User whose ID and password are being used to file this

3  Joint Statement.  In compliance with Local Rule 5-1(i)(3), I hereby attest that Victoria Maroulis

4  has concurred in this filing.

5  Dated:  April 22, 2013                                      */s/ Michael A. Jacobs*
                                                                      Michael A. Jacobs
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28