UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | Case No.: 11-CV-01846-LHK |
| Plaintiff, | |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD., A Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | CASE MANAGEMENT ORDER |
| Defendants. | |

Clerk:  Martha Brown
Reporter:  Lee-Anne Shortridge

Plaintiff Attorneys:   Michael Jacobs, Erik Olson, Nathaniel Bryan Sabri, William Lee, Mark Selwyn, Lauren Fletcher
Defense Attorneys:   Kathleen Sullivan, Victoria Maroulis, William Price, Scott Kidman, and Michael Zeller

A case management conference was held on April 29, 2013.  A further case management conference is set for August 21, 2013, at 2:00 p.m.

**MOTION RULINGS:**

At the case management conference on April 29, 2013, the Court made the following rulings on the record:

- For the reasons stated on the record, the Court DENIED Samsung's Motion for Entry of Partial Judgment Pursuant to Rule 54(b) as to the 14 accused products for which the Court upheld the jury award and Samsung's counterclaims, and for a stay pending appeal.

- For the reasons stated on the record, the Court DENIED without prejudice Samsung's Request for a Stay pending reexamination of the '381 and '915 patents at issue in the new damages trial.

    o Samsung may renew its motion for a stay of the new trial on damages as to the '381 patent if the USPTO does not re-open the prosecution of the '381 reexamination following Apple's response to the final office action finding claim 19 of the '381 patent invalid.  Any such motion, and any opposition to such motion, may not exceed three (3) pages in length.  The parties shall contact Ms. Parker Brown for a hearing date.  The response to any such motion is due ten days after the filing of a motion.

    o Similarly, if the USPTO issues a final office action finding claim 8 of the '915 patent invalid, and does not re-open the prosecution of the '915 reexamination following Apple's response to the final office action, Samsung may re-new its motion for a stay of the new trial on damages as to the '915 patent.  Such a motion will be subject to the same limitations and procedures as set forth above.

- For the reasons stated on the record, the Court GRANTED-IN-PART and DENIED-IN-PART Apple's Conditional Motion for Reconsideration of Order Granting New Damages Trial on Galaxy S II AT&T and Infuse 4G.

    o The Court reinstates the jury award of $40,494,356.00 for the Galaxy S II AT&T.  Accordingly, the Galaxy SII AT&T will not be included in the new trial on damages.

    o The Court does not reinstate the jury award of $44,792,974.00 for the Infuse 4G.  The Infuse 4G will be included in the new trial on damages.  The parties may not introduce any data regarding Infuse 4G sales that occurred prior to May 15, 2011.

- For the reasons stated on the record, the Court REJECTED Samsung's argument that the Seventh Amendment requires a new trial on both damages and liability issues.

- For the reasons stated on the record, the Court DENIED Apple's request for the Court to determine the amount of prejudgment interest or supplemental damages prior to resolution of the appeals in this case.

**TRIAL RULINGS:**

- The Court ORDERED that the new trial on damages will take place on November 12, 13, 14, 15, and 18, 2013.  Trial will last daily from 9:00 a.m. to noon, and 1:00 p.m. to 4:30 p.m.  The Court will empanel 8 jurors.  Each side may exercise up to 3 peremptory challenges.

- The Court's prior rulings on the parties' *Daubert* motions, motions in limine, discovery disputes, and evidentiary objections will remain in effect as law of the case.  The parties may not relitigate these issues.

- The Court GRANTED Apple's request to substitute a new damages expert for Terry Musika, who passed away in December 2012, but DENIED the parties' requests for supplemental fact discovery. The Court ORDERED that the new trial on damages will be extremely limited. The sole purpose of the trial is to correct the erroneous notice dates. The Court will not permit the parties to expand the scope of the damages trial by relying upon: (1) new sales data, including any sales after June 30, 2013; (2) new products; and (3) new methodologies or theories. Consequently, Apple's new damages expert may not include different methodologies in his or her expert report, and may not draw upon new data. Per the parties' discussion, Apple has agreed to replace Mr. Musika, who was a CPA, with another CPA.

- Each side shall be limited to one motion to strike, which may not exceed seven (7) pages in length. Each side's opposition shall not exceed seven (7) pages in length. Each side's reply shall not exceed four (4) pages in length. The parties shall meet and confer and stipulate to a proposed briefing schedule regarding any potential motions to strike. The briefing on these motions must be completed at least three weeks prior to the hearing on the motions.

- The parties shall also meet and confer and stipulate to a proposed briefing schedule regarding any motion filed by Samsung, pursuant to Rule 702 of the Federal Rules of Evidence, regarding the qualifications of Apple's new expert. The briefing on this motion must be completed at least three weeks prior to the hearing on this motion. Samsung's Rule 702 motion, if filed, shall not exceed four (4) pages in length. Apple's response shall not exceed (4) pages in length. There shall be no reply.

- The parties shall also meet and confer regarding how to present information regarding infringement and validity to the jury.

The following pretrial schedule was set:

| | |
|---|---|
| May 13, 2013 | Apple identifies its substitute damages expert |
| June 24, 2013 | Apple serves supplemental expert report on damages |
| July 26, 2013 | Samsung serves rebuttal expert report on damages |
| August 23, 2013 | Completion of expert discovery |
| October 10, 2013, at 1:30 p.m. | Hearing on Samsung's FRE 702 motion, if filed, and the motions to strike, if any |
| October 17, 2013, at 1:30 p.m. | Pretrial Conference (including discussion of how to present infringement and validity findings to new jury) |
| November 12, 2012, at 9:00 a.m. | Jury Trial |

**IT IS SO ORDERED.**

Dated: April 29, 2013

_Lucy H. Koh_
LUCY H. KOH
United States District Judge

3

Case No.: 11-CV-01846-LHK
CASE MANAGEMENT ORDER