# EXHIBIT A



UNITED STATES PATENT AND TRADEMARK OFFICE

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/012,304 | 05/23/2012 | 7,469,381 | P4304USREX2/120730-002US | 4807 |

20872          7590          06/12/2013
MORRISON & FOERSTER LLP
425 MARKET STREET
SAN FRANCISCO, CA 94105-2482

| EXAMINER |
|---|
| BONSHOCK, DENNIS G |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3992 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 06/12/2013 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)

| **Notice of Intent to Issue**<br>**Ex Parte Reexamination Certificate** | Control No.<br>90/012,304 | Patent Under Reexamination<br>7,469,381 |
|---|---|---|
| | Examiner<br>DENNIS BONSHOCK | Art Unit<br>3992 |

**-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --**

1. ☒ Prosecution on the merits is (or remains) closed in this *ex parte* reexamination proceeding. This proceeding is subject to reopening at the initiative of the Office or upon petition. *Cf.* 37 CFR 1.313(a). A Certificate will be issued in view of
    (a) ☒ Patent owner's communication(s) filed: *13 May 2013 and 20 May 2013*.
    (b) ☐ Patent owner's failure to file an appropriate timely response to the Office action mailed: _____.
    (c) ☐ Patent owner's failure to timely file an Appeal Brief (37 CFR 41.31).
    (d) ☐ The decision on appeal by the ☐ Board of Patent Appeals and Interferences ☐ Court dated _____
    (e) ☐ Other: _____.

2. The Reexamination Certificate will indicate the following:
    (a) Change in the Specification: ☐ Yes ☒ No
    (b) Change in the Drawing(s): ☐ Yes ☒ No
    (c) Status of the Claim(s):
        (1) Patent claim(s) confirmed: *14 and 17-19*.
        (2) Patent claim(s) amended (including dependent on amended claim(s)): _____
        (3) Patent claim(s) canceled: *1-13, 15-16, and 20*.
        (4) Newly presented claim(s) patentable: _____.
        (5) Newly presented canceled claims: _____.
        (6) Patent claim(s) ☐ previously ☐ currently disclaimed: _____
        (7) Patent claim(s) not subject to reexamination: _____.

3. ☒ Note the attached statement of reasons for patentability and/or confirmation. Any comments considered necessary by patent owner regarding reasons for patentability and/or confirmation must be submitted promptly to avoid processing delays. Such submission(s) should be labeled: "Comments On Statement of Reasons for Patentability and/or Confirmation."

4. ☐ Note attached NOTICE OF REFERENCES CITED (PTO-892).

5. ☒ Note attached LIST OF REFERENCES CITED (PTO/SB/08 **or PTO/SB/08 substitute**).

6. ☐ The drawing correction request filed on _____ is: ☐ approved ☐ disapproved.

7. ☐ Acknowledgment is made of the priority claim under 35 U.S.C. § 119(a)-(d) or (f).
    a)☐ All   b)☐ Some*   c)☐ None   of the certified copies have
        ☐ been received.
        ☐ not been received.
        ☐ been filed in Application No. _____.
        ☐ been filed in reexamination Control No. _____.
        ☐ been received by the International Bureau in PCT Application No. _____.

    * Certified copies not received: _____.

8. ☒ Note attached Examiner's Amendment.

9. ☒ Note attached Interview Summary (PTO-474).

10. ☐ Other: _____.

**All correspondence** relating to this reexamination proceeding should be directed to the **Central Reexamination Unit** at the mail, FAX, or hand-carry addresses given at the end of this Office action.

| | /Dennis G. Bonshock/<br>Primary Examiner, Art Unit 3992 |
|---|---|

cc: Requester (if third party requester)

Application/Control Number: 90/012,304                                          Page 2
Art Unit: 3992

# DETAILED ACTION

## *ex parte* Reexamination

This Office Action address claims 1-20 of U.S. Patent Number:  7,469,381 and is responsive to the Patent Owner's after final response filed 5-13-2013.  It has been determined in the Order Granting *ex parte* Reexamination mailed 7-30-2012 that a substantial new question of patentability was raised in the Request for ex parte reexamination filed 5-23-2012.

# INTRODUCTION

During an interview on 5-9-2013, Patent Owner's Representatives presented their position that the Lira reference lacked the "stop condition" of the claims, where the translating in the second direction occurs "until the area beyond the edge of the electronic document is no longer displayed".  To this, the Office noted that Lira does provide for animated snap-on-column functionality from an area off of the column upon pen lift (see page 15, lines 18-31), where the width of the column is sized to the window size so as to be less than or equal to the window width (see page 11, lines 10-17), with specific recitations to the column widths corresponding to the display width 425 (see column 10, lines 1-5).  The Office believes this is important to point outs as when the window snaps back to the column, corrective scrolling is stopped when the display is centered over the column, thereby placing the edges of the column at the edges of the equally sized display, where at the exact instance that the widow is centered the area beyond the edge ceases to be displayed (same result).

Application/Control Number: 90/012,304                                    Page 3
Art Unit: 3992

     The Patent Owner's Representatives noted that claim 19, specifically teaches "instructions for" translating "until the area beyond the edge of the electronic document is no longer displayed", where the Office asked for further clarification as to whether there is support for actual coded instructions that effect this process, and noted that if there where this would be a good area to focus.  The Office noted that though *corrective traversal* in Lira appears to stop when the area beyond the edge of the document is no longer displayed, it is not specifically responsive to instructions requiring said *stop condition* (area beyond the edge of the electronic document is no longer displayed) but rather a result of instructions to center (same effect, different cause).

     In a subsequent response filed 5-13-2013, Patent Owner provided specific support in the specification for "instructions for" translating "until the area beyond the edge of the electronic document is no longer displayed" (specifically paragraphs [0009], [0012], [0013], and [0100]).

     After further review by the Examiner, a call was placed to the Patent Owner on 5-22-2013 during which a decision was made to confirm claim 19 and cancelclaims 1-13, 15, 16, and 20, where these canceled claims were neither previously confirmed (as were claims 14, 17, and 18) nor provided said specific recitation to "instructions for" translating… "until the area beyond the edge of the electronic document is no longer displayed".

Application/Control Number: 90/012,304                              Page 4
Art Unit: 3992

## EXAMINER'S AMENDMENT

During a telephonic interview with Peter Yim and Brian Ho on May 22, 2013 an

agreement was made to cancel claims 1-13, 15, 16, and 20.


An examiner's amendment to the record appears below.  The changes made by

this examiner's amendment will be reflected in the reexamination certificate to issue in

due course.


Claims 1-13    (cancelled)

Claim 15        (cancelled)

Claim 16        (cancelled)

Claim 20        (cancelled)


## STATEMENT OF REASONS FOR PATENTABILITY AND/OR CONFIRMATION


The following is an examiner's statement of reasons for patentability and/or

confirmation of the claims over the prior art currently of record in this reexamination

proceeding:

Claim 19 recites the feature of:

*"programs including... instructions for translating the electronic document*

*in a second direction until the area beyond the edge of the electronic document is*

*no longer displayed to display a fourth portion of the electronic document,*

> *wherein the fourth portion is different from the first portion, in response to*
>
> *detecting that the object is no longer on or near the touch screen display."*


### The '381 Patent Specification defines these "instructions" as (from column 3, lines 33-37) (paragraph [0012]):

```
"The one or more programs further include instructions for
translating the document in a second direction until the area
beyond the edge of the document is no longer displayed, after
the object is no longer detected on or near the touch screen
display."
```

Further reference to this program based executable instructions can be found in the

specification at paragraphs [0009], [0013], and [0100].


In the supplemental response filed 5/13/2013, Patent Owner concedes that:

**"While Lira's snap-to-column function incidentally achieves the visual result of translating in the second direction "until the area beyond the edge of the electronic document is no longer displayed" (only when the width of the column corresponds to the width of the display), Lira's function clearly does so through the use of executable program instructions having a different stop condition based on centering of the column**." (see page 7)


Van Den Hoven is further lacking in this respect, as there is no reliance on Van

Den Hoven by the third party requestor, nor could support be found in the reference.

The rejections over the Ording '975 reference have been removed in response to

the 37 C.F.R. § 1.131 declaration filed by Mr. Ording.

Application/Control Number: 90/012,304                                    Page 6
Art Unit: 3992

  In summary, Claim 19 is Confirmed, as there is no prior art disclosure of a similar device with "*programs including… **instructions for** translating the electronic document in a second direction until the area beyond the edge of the electronic document is no longer displayed to display a fourth portion of the electronic document, wherein the fourth portion is different from the first portion, in response to detecting that the object is no longer on or near the touch screen display."*


**Reasons for confirmation of 14, 17, and 19 (as previously provided):**


  Claims 14 specifically teach "the area beyond the edge of the document is visually distinct from the document", where Lira at no point mentions displaying the area beyond the edge of the document as visually distinct from the document.  Claim 14 is herein confirmed for the reasons provided above.

  Claim 17 specifically teaches "translating in the first direction prior to reaching the edge of the electronic document has a first associated translating distance that corresponds to a distance of movement of the object prior to reaching the edge of the electronic document; and wherein displaying an area beyond the edge of the electronic document comprises translating the electronic document in the first direction for a second associated translating distance, wherein the second associated translating distance is less than a distance of movement of the object after reaching the edge of the electronic document."  This basically has to do with dampening the movement of the display once the edge is crossed, where Lira at no point mentions such as dampening

Application/Control Number: 90/012,304                                          Page 7
Art Unit: 3992

of the movement once the edge is crossed.  Claim 17 is herein confirmed for the

reasons provided above.

Van Den Hoven is further lacking in this respect, as there is no disclosure of the

deceleration being resultant upon the edge of a list or the edge of a document being

reached and crossed.

Claim 18 specifically teaches "translating in the first direction prior to reaching the

edge of the electronic document has a first associated translating speed that

corresponds to a speed of movement of the object, and wherein displaying an area

beyond the edge of the electronic document comprises translating the electronic

document in the first direction at a second associated translating speed, wherein the

second associated translating speed is slower than the first associated translating

speed".  This basically has to do with dampening the speed of translation of the display

once the edge is crossed, where Lira at no point mentions such as dampening of the

speed of translation once the edge is crossed.  Claim 18 is herein confirmed for the

reasons provided above.

Van Den Hoven is further lacking in this respect, as there is no disclosure of the

deceleration being resultant upon the edge of a list or the edge of a document being

reached and crossed.

**In summary, Claims 14, 17, 18, and 19 are Confirmed.**

Application/Control Number: 90/012,304                                    Page 8
Art Unit: 3992

Any comments considered necessary by PATENT OWNER regarding the above

statement must be submitted promptly to avoid processing delays.  Such submission by

the patent owner should be labeled: "Comments on Statement of Reasons for

Patentability and/or Confirmation" and will be placed in the reexamination file.

### *Conclusion*

All correspondence relating to this *ex parte* reexamination proceeding should be

directed:

By Mail to:    Mail Stop Ex Parte Reexam

Central Reexamination Unit

Commissioner for Patents

United States Patent & Trademark Office

P.O. Box 1450

Alexandria, VA 22313-1450

By FAX to:    (571) 273-9900

Central Reexamination Unit

Application/Control Number: 90/012,304                                          Page 9
Art Unit: 3992

By hand:        Customer Service Window

Randolph Building

401 Dulany Street

Alexandria, VA 22314

By EFS-Web:

Registered users of EFS-Web may alternatively submit such correspondence via the electronic filing system EFS-Web, at

https://efs.uspto.gov/efile/myportal/efs-registered

EFS-Web offers the benefit of quick submission to the particular area of the Office that needs to act on the correspondence. Also, EFS-Web submissions are "soft scanned" (i.e., electronically uploaded) directly into the official file for the reexamination proceeding, which offers parties the opportunity to review the content of their submissions after the "soft scanning" process is complete.

Any inquiry concerning this communication or earlier communications from the

Reexamination Legal Advisor or Examiner, or as to the status of this proceeding, should

be directed to the Central Reexamination Unit at telephone number (571) 272-7705.

/Dennis  G. Bonshock/

Primary Examiner, Art Unit 3992

Conferees:

Application/Control Number: 90/012,304                                    Page 10
Art Unit: 3992

/Adam L Basehoar/

Primary Examiner, Art Unit 3992


/Alexander J Kosowski/

Supervisory Patent Examiner, Art Unit 3992

| *Issue Classification* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 90012304 | 7,469,381 |
| | **Examiner** | **Art Unit** |
| | DENNIS BONSHOCK | 3992 |

**CPC**

| Symbol | | | | Type | Version |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

**CPC Combination Sets**

| Symbol | | | Type | Set | Ranking | Version |
|---|---|---|---|---|---|---|
| | | | | | | |

| US ORIGINAL CLASSIFICATION | | INTERNATIONAL CLASSIFICATION | | | |
|---|---|---|---|---|---|
| **CLASS** | **SUBCLASS** | **CLAIMED** | | **NON-CLAIMED** | |
| 715 | 702 | G 0 6 F   3 / 01 (2006.01.01) | | | |

| CROSS REFERENCE(S) | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| **CLASS** | **SUBCLASS (ONE SUBCLASS PER BLOCK)** | | | | | | | |
| 715 | 764 | 769 | 863 | 864 | | | | |

| NONE | Total Claims Allowed: |
|---|---|
| | 4 |

| (Assistant Examiner) | (Date) | | |
|---|---|---|---|
| /DENNIS BONSHOCK/ Primary Examiner.Art Unit 3992 | 6/5/201 | **O.G. Print Claim(s)** | **O.G. Print Figure** |
| (Primary Examiner) | (Date) | 19 | 8C |

| *Issue Classification* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 90012304 | 7,469,381 |
| | **Examiner** | **Art Unit** |
| | DENNIS BONSHOCK | 3992 |

| NONE | | | Total Claims Allowed: | |
|---|---|---|---|---|
| (Assistant Examiner) | (Date) | | 4 | |
| /DENNIS BONSHOCK/ Primary Examiner.Art Unit 3992 | 6/5/201 | O.G. Print Claim(s) | | O.G. Print Figure |
| (Primary Examiner) | (Date) | 19 | | 8C |

| *Issue Classification* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 90012304 | 7,469,381 |
| | Examiner | Art Unit |
| | DENNIS BONSHOCK | 3992 |

| ☒ | Claims renumbered in the same order as presented by applicant | ☐ CPA | ☐ T.D. | ☐ R.1.47 |

| Final | Original | Final | Original | Final | Original | Final | Original | Final | Original | Final | Original | Final | Original | Final | Original |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |

| NONE | | Total Claims Allowed: | |
|---|---|---|---|
| | | 4 | |
| (Assistant Examiner) | (Date) | | |
| /DENNIS BONSHOCK/ Primary Examiner.Art Unit 3992 | 6/5/201 | O.G. Print Claim(s) | O.G. Print Figure |
| (Primary Examiner) | (Date) | 19 | 8C |

| **Ex Parte Reexamination Interview Summary** | Control No. | Patent Under Reexamination |
|---|---|---|
| | 90/012,304 | 7,469,381 |
| | Examiner | Art Unit |
| | DENNIS BONSHOCK | 3992 |

All participants (USPTO personnel, patent owner, patent owner's representative):

| | |
|---|---|
| (1) _DENNIS BONSHOCK_ | (3) _ADAM BASEHOAR_ |
| (2) _ALEXANER KOSOWSKI_ | (4) _PETER YIM_ |

Date of Interview: _13 May 2013_

Type:  a)☒ Telephonic  b)☐ Video Conference
c)☐ Personal (copy given to: 1)☐ patent owner   2)☐ patent owner's representative)

Exhibit shown or demonstration conducted:  d)☐ Yes  e)☒ No.
If Yes, brief description: _____

Agreement with respect to the claims f)☒ was reached.  g)☐ was not reached.  h)☐ N/A.
Any other agreement(s) are set forth below under "Description of the general nature of what was agreed to…"

Claim(s) discussed: _1-20_.

Identification of prior art discussed: _Lira_.

Description of the general nature of what was agreed to if an agreement was reached, or any other comments:
_Agreement was reached that Lira does not provide for "instructions for" translating… "until the area beyond the edge of the electronic document is no longer displayed" as is stated in claim 19.  Additionally Patent Owner agreed to cancel via Examiner's Amendment claims 1-13, 15, 16, and 20, where these claims were neither previously confirmed (as were claims 14, 17, and 18) nor provide said specific recitation to "instructions for" translating… "until the area beyond the edge of the electronic document is no longer displayed"_ .

(A fuller description, if necessary, and a copy of the amendments which the examiner agreed would render the claims patentable, if available, must be attached.  Also, where no copy of the amendments that would render the claims patentable is available, a summary thereof must be attached.)

A FORMAL WRITTEN RESPONSE TO THE LAST OFFICE ACTION MUST INCLUDE PATENT OWNER'S STATEMENT OF THE SUBSTANCE OF THE INTERVIEW.  (See MPEP § 2281). IF A RESPONSE TO THE LAST OFFICE ACTION HAS ALREADY BEEN FILED, THEN PATENT OWNER IS GIVEN **ONE MONTH** FROM THIS INTERVIEW DATE TO PROVIDE THE MANDATORY STATEMENT OF THE SUBSTANCE OF THE INTERVIEW (37 CFR 1.560(b)). THE REQUIREMENT FOR PATENT OWNER'S STATEMENT CAN NOT BE WAIVED.
**EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**

| /Dennis  G. Bonshock/ | /AJK/ | |
|---|---|---|
| Primary Examiner, Art Unit 3992 | | |

cc: Requester (if third party requester)

**Continuation Sheet (PTOL-474)**                                          **Reexam Control No.**

All participants (continued)

(5)  Brian Ho

| *Ex Parte Reexamination Interview Summary* | Control No. | Patent Under Reexamination |
|---|---|---|
| | 90/012,304 | 7,469,381 |
| | Examiner | Art Unit |
| | DENNIS BONSHOCK | 3992 |

All participants (USPTO personnel, patent owner, patent owner's representative):

| | |
|---|---|
| (1) _DENNIS BONSHOCK_ | (3) _ADAM BASEHOAR_ |
| (2) _ALEXANDER KOSOWSKI_ | (4) _JASON SKINDER_ |

Date of Interview: _09 May 2013_

Type:  a)☐ Telephonic   b)☐ Video Conference
c)☒ Personal (copy given to:  1)☐ patent owner   2)☐ patent owner's representative)

Exhibit shown or demonstration conducted:  d)☒ Yes   e)☐ No.
If Yes, brief description: _Patent Owner's Representatives displayed a copy of the claims of the 11/956,969 application as they were initially presented prior to examination, the claims since being amended resulting in the '381 Patent._

Agreement with respect to the claims  f)☐ was reached.   g)☐ was not reached.   h)☒ N/A.
Any other agreement(s) are set forth below under "Description of the general nature of what was agreed to…"

Claim(s) discussed: _1, 19, and 20._

Identification of prior art discussed: _Lira._

Description of the general nature of what was agreed to if an agreement was reached, or any other comments:
_Patent Owner's Representatives presented their position that the Lira reference lacked the "stop condition" in the claims where the translating in the second direction occurs "until the area beyond the edge of the electronic document is no longer displayed".  To this, the Office noted that Lira does provide for animated snap-on-column functionality from an area off of the column upon pen lift (see page 15, lines 18-31), where the width of the column is sized to the window size so as to be less than or equal to the window width (see page 11, lines 10-17), with specific recitations to the column widths corresponding to the display width 425 (see column 10, lines 1-5).  The Office believes this is important as when the window snaps back to the column, corrective scrolling is stopped when the display is centered over the column, thereby placing the edges of the column at the edges of the equally sized display, where at the exact instance that the widow is centered the area beyond the edge ceases to be displayed (same result).  The Patent Owner's Representatives noted that claim 19, specifically teaches "instructions for" translating "until the area beyond the edge of the electronic document is no longer displayed", where the Office asked for further clarification as to whether there is support for actual coded instructions that effect this process, and noted that if there where this would be a good area to focus.  The Office noted that though a corrective traversal appears in Lira to stop when the area beyond the edge of the document is no longer displayed, it may not be responsive to instructions requiring that but rather a result of instructions to center (same effect, different cause), pending further review.  Patent Owner's Representatives noted that they would provide support._

(A fuller description, if necessary, and a copy of the amendments which the examiner agreed would render the claims patentable, if available, must be attached.  Also, where no copy of the amendments that would render the claims patentable is available, a summary thereof must be attached.)

A FORMAL WRITTEN RESPONSE TO THE LAST OFFICE ACTION MUST INCLUDE PATENT OWNER'S STATEMENT OF THE SUBSTANCE OF THE INTERVIEW.  (See MPEP § 2281). IF A RESPONSE TO THE LAST OFFICE ACTION HAS ALREADY BEEN FILED, THEN PATENT OWNER IS GIVEN **ONE MONTH** FROM THIS INTERVIEW DATE TO PROVIDE THE MANDATORY STATEMENT OF THE SUBSTANCE OF THE INTERVIEW (37 CFR 1.560(b)). THE REQUIREMENT FOR PATENT OWNER'S STATEMENT CAN NOT BE WAIVED.
**EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**

/Dennis  G. Bonshock/
Primary Examiner, Art Unit 3992

/AJK/

cc: Requester (if third party requester)

**Continuation Sheet (PTOL-474)**                                                 **Reexam Control No.**

All participants (continued)

(5)  Peter Yim

(6)  Brian Ho

 UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

**DO NOT USE IN PALM PRINTER**

(THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS)

BRYAN CAVE LLP

1290 AVENUE OF THE AMERICAS

NEW YORK, NY  10104


# *EX PARTE* REEXAMINATION COMMUNICATION TRANSMITTAL FORM


REEXAMINATION CONTROL NO. *90/012,304*.

PATENT NO. *7,469,381*.

ART UNIT *3992*.


Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified *ex parte* reexamination proceeding (37 CFR 1.550(f)).


Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a reply has passed, no submission on behalf of the *ex parte* reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).

| *Reexamination* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 90012304 | 7,469,381 |
| | **Certificate Date** | **Certificate Number** |
| | | C2 |

| **Requester Correspondence Address:** | ☐ **Patent Owner** | ☒ **Third Party** |
|---|---|---|

BRYAN CAVE LLP
1290 AVENUE OF THE AMERICAS
NEW YORK, NY  10104

| **LITIGATION REVIEW** ☒ | DGB<br>(examiner initials) | 07/23/2012<br>(date) |
|---|---|---|
| Case Name | | Director Initials |
| APPLE INC. v. SAMSUNG ELECTRONICS CO. case no. 5:11CV1846 | | |
| case no. 1:10CV167 | | |
| | | |
| | | |
| | | |

| COPENDING OFFICE PROCEEDINGS | |
|---|---|
| **TYPE OF PROCEEDING** | **NUMBER** |
| | |
| | |
| | |
| | |

| | |
|---|---|
| | |

DOC. CODE **RXFILJKT**

ALTERNATIVE TO PTO/SB/08A/B
(Based on PTO 08-08 version)

| Substitute for form 1449/PTO | | | | *Complete if Known* | |
|---|---|---|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | | | Control Number | 90/012,304 |
| | | | | Filing Date | May 23, 2012 |
| | | | | First Named Inventor | Bas ORDING |
| | | | | Art Unit | 3992 |
| | | | | Examiner Name | D. G. Bonshock |
| Sheet | 1 | of | 3 | Attorney Docket Number | 106842803800 |

### U.S. PATENT DOCUMENTS

| Examiner Initials* | Cite No.[1] | Document Number — Number-Kind Code[2] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 1. | US-5,241,674-A | 08-31-1993 | Kurosawa et al. | |
| | 2. | US-5,463,725-A | 10-31-1995 | Henckel et al. | |
| | 3. | US-2002/0189763-A1 | 12-19-2002 | Kwon et al. | |
| | 4. | US-2006/0268020-A1 | 11-30-2006 | Han | |
| | 5. | US-2011/0037725-A1 | 02-17-2011 | Pryor | |

### FOREIGN PATENT DOCUMENTS

| Examiner Initials* | Cite No.[1] | Foreign Patent Document — Country Code[3]-Number[4]-Kind Code[5] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages Or Relevant Figures Appear | T[6] |
|---|---|---|---|---|---|---|
| | 6. | EP-0493128-A2 | 07-01-1992 | Canon KK | | |
| | 7. | JP-H09-160713-A | 06-20-1997 | Toshiba | Translation of abstract only | √ |
| | 8. | JP-2000-163193-A | 06-16-2000 | Seiko Epson Corp | Translation of abstract only | √ |
| | 9. | JP-2002-323850-A | 11-08-2002 | Matsushita Electric Ind. Co. Ltd. | Translation of abstract only | √ |
| | 10. | JP-2006-090962-A | 04-06-2006 | Matsushita Electric Ind. Co. Ltd. | Translation of abstract only | √ |

| Examiner Signature | /Dennis Bonshock/ | Date Considered | 05/30/2013 |
|---|---|---|---|

*EXAMINER: Initial if information considered, whether or not citation is in conformance with MEPE 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. [1] Applicant's unique citation designation number (optional). [2] See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. [3] Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). [4] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [5] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST. 16 if possible. [6] Applicant is to place a check mark here if English language Translation is attached.

### NON PATENT LITERATURE DOCUMENTS

| Examiner Initials* | Cite No.[1] | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume-issue number(s), publisher, city and/or country where published. | T[6] |
|---|---|---|---|
| | 11. | Baig, "Apple's iPhone Isn't Perfect, But It's Worthy of the Hype," USA Today, June 27, 2007 | |
| | 12. | Certificated of Grant dated January 23, 2012, received in the Turkish part of European Patent Application No. 2 126 678, which corresponds to U.S. Application No. 11/956,969, 2 pages. | |
| | 13. | Data sheet of the HP iPAQ h4100 pocket PC series http://h20000.www2.hp.com/bizsupport/TechSupport/Document.jsp?lang=de&cc=de&taskId=120&prodSeriesId=349042&prodTypeId=215348&objectID=c00350648, accessed May 17, 2013. | |
| | 14. | Dietz et al., "Touch Recognition Technology 'DiamondTouch'" (Abstract), Mitsubishi Denki Giho (August 2002) | |
| | 15. | Esenther et al., "Multi-User Multi-Touch Games on DiamondTouch with the DTFlash Toolkit," Intelligent Technologies for Interactive Entertainment 2005 (December 2005) | |
| | 16. | Final Office Action dated February 14, 2013, received in U.S. Application No. 12/270,815, 13 pages. | |

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH.  /D.B./

ALTERNATIVE TO PTO/SB/08A/B
(Based on PTO 08-08 version)

| Substitute for form 1449/PTO | | | | Complete if Known | |
|---|---|---|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | | | Control Number | 90/012,304 |
| | | | | Filing Date | May 23, 2012 |
| | | | | First Named Inventor | Bas ORDING |
| | | | | Art Unit | 3992 |
| | | | | Examiner Name | D. G. Bonshock |
| Sheet | 2 | of | 3 | Attorney Docket Number | 106842803800 |

| | | | |
|---|---|---|---|
| | 17. | Grant dated October 26, 2012, received in Japanese Patent Application No. 2010 157303, which corresponds to U.S. Application No. 11/956,969, 4 pages. | |
| | 18. | Jul and Furnas (1998) "Critical Zones in Desert Fog: Aids to Multiscale Navigation," Proceedings of the 11th annual ACM symposium on User interface software and technology, p. 97-106. | |
| | 19. | Keys, "[CHI] Is Microsoft's (U.S.) New User Interface Made for Next Generation Cell Phones? " Tech-On!, April 8, 2005 | |
| | 20. | Levy, "At Last, the iPhone," The Daily Beast, June 25, 2007 | |
| | 21. | Mossberg, "The iPhone is a Breakthrough Handheld Computer," ALL Things D, June 26, 2007 | |
| | 22. | Notice of Allowance dated September 19, 2012, received in U.S. Application No. 12/270,812, 25 pages. | |
| | 23. | Office Action dated February 18, 2013, received in Chinese Patent Application No. 200880000019.9, which corresponds to U.S. Application No. 11/956,969, 12 pages [translation]. | √ |
| | 24. | Office Action dated October 15, 2012, received in Japanese Patent Application No. 2010157303, which corresponds to U.S. Application No. 11/956,969, 4 pages. | √ |
| | 25. | Office Action dated September 9, 2012, received in Chinese Patent Application No. 200880000019.9, which corresponds to U.S. Application No. 11/956,969, 22 pages. | √ |
| | 26. | Pogue, "The iPhone Matches Most of Its Hype," The New York Times, June 27, 2007 | |
| | 27. | Printouts of HCIL Webpage: "Interface Supporting One-Handed Use of Small Devices", June 2005. | |
| | 28. | Printouts of Microsoft webpage: "Microsoft Opens R&D to Small Companies and Entrepreneurs", May 4, 2005. | |
| | 29. | Australian Case No. (P) NSD 308 of 2013, "Amended Particulars of Invalidity, Australian Standard Patent No. 2008201540", March 2013. | |
| | 30. | Australian Case No. (P) NSD 308 of 2013, "Amended Particulars of Invalidity, Australian Standard Patent No. 2009200366", March 2013. | |
| | 31. | Australian Case No. (P) NSD 308 of 2013, "Amended Particulars of Invalidity, Australian Standard Patent No. 2009208103", March 2013. | |
| | 32. | Australian Case No. (P) NSD 308 of 2013, "Amended Particulars of Invalidity, Australian Standard Patent No. 2008100283", March 2013. | |
| | 33. | Australian Case No. NSD 1243 of 2011, "Affidavit of Andrew Cockburn", January 14, 2013. | |
| | 34. | Australian Case No. NSD 1243 of 2011, "Affidavit of Ravin Balakrishnan", January 16, 2013. | |
| | 35. | Australian Case No. NSD 1243 of 2011, "Affidavit of Saul Greenberg", January 9, 2013. | |
| | 36. | Australian Case No. NSD 1243 of 2011, "Apple's Outline of Opening Submissions on the Invalidity of HCI Patents", February 21, 2013. | |
| | 37. | Australian Case No. NSD 1243 of 2011, "Samsung's Outline of Opening Submissions on the Invalidity of Apple's HCI Patents", February 14, 2013. | |
| | 38. | Australian Case No. NSD 1243 of 2011, "Second Affidavit of Mark Nathan Billinghurst", January 16, 2013. | |
| | 39. | Australian Case No. NSD 1243 of 2011, "Second Affidavit of Masahiro Takatsuka", January 15, 2013. | |
| | 40. | Australian Case No. NSD 1243 of 2011, "Second Affidavit of Ravin Balakrishnan", May 2, 2013. | |
| | 41. | Australian Case No. NSD 1243 of 2011, "Second Affidavit of Roderick Alexander Farmer", October 30, 2012. | |
| | 42. | Australian Case No. NSD 1243 of 2011, "Second Affidavit of Saul Greenberg", January 9, 2013. | |

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH.  /D.B./

ALTERNATIVE TO PTO/SB/08A/B
(Based on PTO 08-08 version)

| Substitute for form 1449/PTO | | | | Complete if Known | |
|---|---|---|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | | | Control Number | 90/012,304 |
| | | | | Filing Date | May 23, 2012 |
| | | | | First Named Inventor | Bas ORDING |
| | | | | Art Unit | 3992 |
| | | | | Examiner Name | D. G. Bonshock |
| Sheet | 3 | of | 3 | Attorney Docket Number | 106842803800 |

| | | | |
|---|---|---|---|
| | 43. | Australian Case No. NSD 1243 of 2011, "Third Affidavit of Roderick Alexander Farmer", February 8, 2013. | |
| | 44. | Australian Case No. NSD 308 of 2013, "Apple's Defence to Samsung's Statement of Cross-Claim", February 25, 2013. | |
| | 45. | Australian Case No. NSD 308 of 2013, "Samsung's Notice of Cross-Claim", February 22, 2013. | |
| | 46. | Australian Case No. NSD 308 of 2013, "Samsung's Statement of Cross-Claim", February 22, 2013. | |
| | 47. | Australian Case Nos. NSD 308 of 2013 / NSD 1243 of 2011, "List of Topics for Discussion Between Experts on the HCI A Patents", February 2013. | |
| | 48. | German Case No. 7070/12, Regional Court Mannheim, 7th Civil Chamber, "Decision", February 8, 2013. | |
| | 49. | Japanese 2011 (Wa) No. 27781, Case of Petition for Damage Compensation, "Apple's Seventh Brief [Translation]", February 2013. | √ |
| | 50. | Japanese 2011 (Wa) No. 27781, Case of Petition for Damage Compensation, "Apple's Sixth Brief [Translation]", January 10, 2013. | √ |
| | 51. | Japanese 2011 (Wa) No. 27781, Case of Petition for Damage Compensation, "Samsung's Eighth Brief [Translation]", May 14, 2013. | √ |
| | 52. | Japanese 2011 (Wa) No. 27781, Case of Petition for Damage Compensation, "Samsung's Seventh Brief [Translation]", January 17, 2013. | √ |
| | 53. | Japanese Patent Invalidation Trial No. 2012-800075, "Oral Proceedings Statement Brief [Translation]", April 5, 2013. | √ |
| | 54. | Korean Case No. 2012 Na 76203, Action for Injunction to Cease Patent Infringement, etc., "Brief", February 26, 2013. | √ |
| | 55. | Korean Case No. 2012 Na 76203, Action for Injunction to Cease Patent Infringement, etc., "Appeal Brief", November 26, 2012. | √ |
| | 56. | Korean Case No. 2012 Na 76203, Action for Injunction to Cease Patent Infringement, etc., "Brief", February 1, 2013. | √ |

| Examiner Signature | /Dennis Bonshock/ | Date Considered | 05/30/2013 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

¹Applicant's unique citation designation number (optional).  ²Applicant is to place a check mark here if English language Translation is attached.

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH.  /D.B./



**UNITED STATES PATENT AND TRADEMARK OFFICE**

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov



Bib Data Sheet

**CONFIRMATION NO. 4807**

| SERIAL NUMBER 90/012,304 | FILING OR 371(c) DATE 05/23/2012 RULE | CLASS 715 | GROUP ART UNIT 3992 | ATTORNEY DOCKET NO. 0331834.381 |
|---|---|---|---|---|

**APPLICANTS**

    7,469,381, Residence Not Provided;
    APPLE INC. (OWNER), CUPERTINO, CA;
    JOSEPH J. RICHETTI (3RD PTY. REQ.), NEW YORK, NY;
    ~~BRYAN CAVE LLP, NEW YORK, NY~~

**\*\* CONTINUING DATA \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***
    This application is a REX of 11/956,969 12/14/2007 PAT 7469381
    which claims benefit of 60/879,253 01/07/2007
    and claims benefit of 60/883,801 01/07/2007
    and claims benefit of 60/879,469 01/08/2007
    and claims benefit of 60/945,858 06/22/2007
    and claims benefit of 60/946,971 06/28/2007
    and claims benefit of 60/937,993 06/29/2007

**\*\* FOREIGN APPLICATIONS \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

| Foreign Priority claimed ☐ yes ☒ no | STATE OR COUNTRY | SHEETS DRAWING | TOTAL CLAIMS 20 | INDEPENDENT CLAIMS 3 |
|---|---|---|---|---|
| 35 USC 119 (a-d) conditions met ☐ yes ☒ no ☐ Met after Allowance | | | | |
| Verified and Acknowledged /Dennis Bonshock/ DGB | | | | |
| Examiner's Signature    Initials | | | | |

**ADDRESS**
61725

**TITLE**
LIST SCROLLING AND DOCUMENT TRANSLATION, SCALING, AND ROTATION ON A TOUCH-SCREEN DISPLAY

| FILING FEE RECEIVED 2520 | FEES: Authority has been given in Paper No. _____ to charge/credit DEPOSIT ACCOUNT No. _____ for following: | ☐ All Fees |
|---|---|---|
| | | ☐ 1.16 Fees ( Filing ) |
| | | ☐ 1.17 Fees ( Processing Ext. of time ) |
| | | ☐ 1.18 Fees ( Issue ) |
| | | ☐ Other _____ |
| | | ☐ Credit |

| *Search Notes* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 90012304 | 7,469,381 |
| | **Examiner** | **Art Unit** |
| | DENNIS BONSHOCK | 3992 |

## CPC- SEARCHED

| Symbol | Date | Examiner |
|---|---|---|
| | | |

## CPC COMBINATION SETS  - SEARCHED

| Symbol | Date | Examiner |
|---|---|---|
| | | |

## US CLASSIFICATION SEARCHED

| Class | Subclass | Date | Examiner |
|---|---|---|---|
| | | | |

## SEARCH NOTES

| Search Notes | Date | Examiner |
|---|---|---|
| Reviewed Previous Prosecution History | 7-23-12 | dgb |
| Reviewed Previous Prosecution History | 10-9-12 | dgb |
| Reviewed Previous Prosecution History | 3-21-13 | dgb |
| Reviewed Previous Prosecution History | 5-30-13 | dgb |

## INTERFERENCE SEARCH

| US Class/ CPC Symbol | US Subclass / CPC Group | Date | Examiner |
|---|---|---|---|
| | | | |

| | |
|---|---|
| | |