1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Cal. Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5  Kathleen M. Sullivan (Cal. Bar No. 242261)
   kathleensullivan@quinnemanuel.com
6  Kevin P.B. Johnson (Cal. Bar No. 177129)
   kevinjohnson@quinnemanuel.com
7  Victoria F. Maroulis (Cal. Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
8  555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, California  94065-2139
9  Telephone: (650) 801-5000
   Facsimile: (650) 801-5100
10
   Susan R. Estrich (Cal. Bar No. 124009)
11 susanestrich@quinnemanuel.com
   Michael T. Zeller (Cal. Bar No. 196417)
12 michaelzeller@quinnemanuel.com
   865 S. Figueroa St., 10th Floor
13 Los Angeles, California 90017
   Telephone: (213) 443-3000
14 Facsimile: (213) 443-3100

15 Attorneys for SAMSUNG ELECTRONICS CO.,
   LTD., SAMSUNG ELECTRONICS AMERICA,
16 INC. and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC

17

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | CASE NO. 11-cv-01846-LHK |
| Plaintiff, | **SAMSUNG'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL** |
| vs. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendants. | |

Pursuant to Civil Local Rules 7-11 and 79-5, and General Order No. 62, Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") hereby bring this administrative motion for an order to seal documents submitted in connection with Samsung's Administrative Motion for Relief from April 29, 2013 Case Management Order.

**RELIEF REQUESTED**

Samsung requests an order granting Samsung's motion to file under seal:

1. Portions of Exhibit 2 to the Declaration of Anthony P. Alden in Support of Samsung's Administrative Motion for Relief from April 29, 2013 Case Management Order ("Exhibit 2");[1] and

2. Portions of Samsung's Administrative Motion for Relief from April 29, 2013 Case Management Order.

Exhibit 2 consists of excerpts from the June 24, 2013 Expert Report of Julie L. Davis, CPA and includes financial data that has been designated "Highly Confidential – Attorneys' Eyes Only" by both Apple and Samsung.   Samsung's Administrative Motion for Relief includes information Apple has designated "Confidential" under the Protective Order.

Should the Court find that the data included in Exhibit 2 is not sealable, Samsung requests that the Court deny this motion without prejudice to Samsung "refiling [a motion to seal] after resolution of the [parties' appeals from the Court's August 9 Order regarding motions to seal] by the Federal Circuit," as this Court has done in the past, and stay disclosure of Exhibit 2 pending the Federal Circuit's resolution of the parties' appeals.   *See* Dkt. No. 2168 at 9.   Exhibit 2 includes product-specific profit data that is similar to the data included in documents subject to the parties' appeals from the Court's August 9 Order.

---

[1] The portions of Exhibit 2 that Samsung requests be sealed are identified in Exhibit A to the Declaration of Anthony P. Alden in Support of Samsung's Administrative Motion to File Document Under Seal, filed concurrently herewith.   Because Exhibit 2 also includes Apple's confidential information, Samsung has not filed a proposed redacted version publicly.

# ARGUMENT

## I. THE "GOOD CAUSE" STANDARD APPLIES

While the Ninth Circuit recognizes a "strong presumption" of access to judicial records relating to "the resolution of a dispute on the merits," the presumption does not apply to judicial records that are "unrelated, or only tangentially related" to a party's claims. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (2006). Documents submitted in connection with non-dispositive motions may be sealed upon a showing of "good cause." *Id.* at 1179-80 (internal quotation marks omitted); *accord Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135-36 (9th Cir. 2003); *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002). Samsung's Administrative Motion for Relief from the April 29, 2013 Case Management Order is not dispositive. Thus, the documents here are sealable upon a showing of "good cause."

## II. "GOOD CAUSE" AND "COMPELLING REASONS" EXIST TO SEAL CONFIDENTIAL FINANCIAL DATA INCLUDED IN EXHIBIT 2

Rule 26(c) of the Federal Rules of Civil Procedure permits a court to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by, among other things, "requiring that a trade secret *or* other confidential research, development, or *commercial information* not be revealed or revealed only in a specified way." Fed. R. Civ. P. 26(c) (emphasis added). "The most commonly accepted definition of trade secrets," *Aronson v. Quick Point Pencil Co.*, 440 U.S. 257, 266 (1979), which the Ninth Circuit has applied in the sealing context, *In re Elec. Arts, Inc.*, 298 Fed. App'x 568, 569 (9th Cir. 2008) (unpublished), is found in comment b to section 757 of the first Restatement of Torts. *Accord, e.g.*, *Union Oil Co. of Cal. v. Fed. Power Comm'n*, 542 F.2d 1036, 1044 (9th Cir. 1976); *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972). The Restatement defines "trade secret" as "*any* formula, pattern, device or compilation of information which is used in one's business, and which gives him *an opportunity* to obtain an advantage over competitors who do not know or use it." RESTATEMENT OF TORTS § 757, cmt. b (1939) (emphasis added). Thus, for example, in *In re Electronic Arts*, the Ninth Circuit stated that "pricing terms, royalty rates, and guaranteed minimum payment terms … plainly fall[] within the definition of 'trade secrets,'" and held that a district court had abused its

1  discretion in denying sealing of such information.  298 Fed. App'x at 569.  Indeed, such data is
2  both a paradigmatic trade secret and the precise sort of information that could be used to harm a
3  business's competitive standing—both of which suffice to overcome the public interest in
4  disclosure and justify sealing.
5       The financial information at issue here–product-specific profit data–falls squarely in the
6  realm of trade secrets.  The information is extremely valuable to Samsung, because the data
7  guides the company's pricing, distribution, financial planning, and other business decisions.
8  Conversely, its release would be a windfall to Samsung's vendors, buyers, and competitors, which
9  could use insight about Samsung's financial data to its substantial detriment.  Declaration of
10 Anthony P. Alden in Support of Samsung's Administrative Motion to File Documents Under Seal
11 ¶¶ 6-8.  The document contains trade secrets, a fact that alone is sufficient to establish
12 "compelling reasons"—and, *a fortiori*, "good cause"—for sealing the selected portions.
13 *Kamakana*, 447 F.3d at 1179; *In re Elec. Arts*, 298 Fed. App'x at 569-70.
14       Even if the technical definition of a "trade secret" is not met, Exhibit 2 should nonetheless
15 be sealed as it clearly meets Rule 26's definition of confidential "commercial information."
16 Competitors could use Samsung's financial data to determine Samsung's pricing "floor" and price
17 its products at a level Samsung would not be able to profitably match, while component suppliers
18 and customers would be able to use the information during negotiations to obtain more favorable
19 pricing terms.  *See id.* ¶¶ 6-8.
20       It is for this reason that courts in the Ninth Circuit consistently seal confidential financial
21 information even under the "compelling reasons" standard.  *See, e.g.*, *Bean v. John Wiley & Sons,*
22 *Inc.*, No. CV 11-08028-PCT-FJM, 2012 WL 1078662, at *5-6 (D. Ariz. Mar. 30, 2012); *Bauer*
23 *Bros. LLC v. Nike, Inc.*, No. 09cv500-WQH-BGS, 2012 WL 1899838, at *3-4 (S.D. Cal. May 24,
24 2012); *TriQuint Semiconductor, Inc. v. Avago Techs., Ltd.*, No. CV 09-1531-PHX-JAT, 2011 WL
25 6182346, at *3-7 (D. Ariz. Dec. 13, 2011).  The Court should find the confidential financial
26 information at issue here sealable for the same reasons.
27
28

### III. THE COURT SHOULD GRANT SAMSUNG'S REQUEST TO STAY

Should the Court find that the confidential financial information included in Exhibit 2 may not be sealed, the Court should deny Samsung's request without prejudice to it re-filing a renewed motion to seal should the Federal Circuit disagree with this Court's reasoning in the pending appeal from the Court's August 9, 2012 and July 17, 2012 Orders.  Both Apple and Samsung have sought "review of this Court's decision on the sealability of precisely this type of information" (Dkt. No. 2210 at 4), and the document at issue is subject to the same analysis. "Thus, the outcome of the appeal of the August 9 Order bears on the present motion."  Dkt. No. 2168 at 8.  In addition, Samsung requests that the Court stay disclosure of the document pending the Federal Circuit's resolution of the appeal.

### CONCLUSION

For the foregoing reasons, Samsung respectfully requests that the Court grant this administrative motion to file under seal.

DATED: July 1, 2013                     Respectfully submitted,

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

By */s/ Victoria F. Maroulis*
Charles K. Verhoeven
Kevin P.B. Johnson
Victoria F. Maroulis
Michael T. Zeller

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC