1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Cal. Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5  Kathleen M. Sullivan (Cal. Bar No. 242261)
   kathleensullivan@quinnemanuel.com
6  Kevin P.B. Johnson (Cal. Bar No. 177129)
   kevinjohnson@quinnemanuel.com
7  Victoria F. Maroulis (Cal. Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
8  555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, California  94065
9  Telephone: (650) 801-5000
   Facsimile: (650) 801-5100
10
   Susan R. Estrich (Cal. Bar No. 124009)
11 susanestrich@quinnemanuel.com
   Michael T. Zeller (Cal. Bar No. 196417)
12 michaelzeller@quinnemanuel.com
   865 S. Figueroa St., 10th Floor
13 Los Angeles, California 90017
   Telephone: (213) 443-3000
14 Facsimile: (213) 443-3100

15 Attorneys for SAMSUNG ELECTRONICS CO.,
   LTD., SAMSUNG ELECTRONICS AMERICA,
16 INC. and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC
17

18                    UNITED STATES DISTRICT COURT

19           NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

20

21 APPLE INC., a California corporation,        CASE NO. 11-cv-01846-LHK

22           Plaintiff,                         **DECLARATION OF ANTHONY P. ALDEN IN SUPPORT OF SAMSUNG'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL**
23     vs.

24 SAMSUNG ELECTRONICS CO., LTD., a
   Korean business entity; SAMSUNG
25 ELECTRONICS AMERICA, INC., a New
   York corporation; SAMSUNG
26 TELECOMMUNICATIONS AMERICA,
   LLC, a Delaware limited liability company,
27
             Defendants.
28

I, Anthony P. Alden, declare:

1. I am a partner with Quinn Emanuel Urquhart & Sullivan, LLP, counsel for Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung"). I have personal knowledge of the facts set forth in this declaration, except as otherwise noted, and, if called as a witness, could and would testify to those facts under oath.

2. I submit this declaration in support of Samsung's Administrative Motion to File Under Seal Exhibit 2 to the Declaration of Anthony P. Alden in Support of Samsung's Administrative Motion for Relief from April 29, 2013 Case Management Order ("Exhibit 2").

3. Exhibit 2 consists of excerpts from the June 24, 2013 Expert Report of Julie L. Davis, CPA. While Samsung's in-house counsel have not had an opportunity to review Exhibit 2 for confidentiality because Apple has designated the entirety of the Davis Report "Confidential" under the Protective Order, I understand that Samsung considers the type of product-specific profit data included in Exhibit 2 to be highly confidential. A highlighted version of Exhibit 2 that identifies the portions Samsung requests be sealed is attached hereto as Exhibit A.

4. I am informed and believe that Samsung does not report product-specific profit data to investors, regulatory bodies, the press, or business analysts. This type of information is highly confidential to Samsung and Samsung takes extraordinary steps to maintain the secrecy of the information. Even within Samsung's finance and accounting groups, such data can only be accessed by certain personnel on a restricted, need-to-know basis. The data guide Samsung's pricing, distribution, financial planning, and other business decisions.

5. Samsung's financial data was produced in this case to Apple's outside counsel and experts for the sole purpose of calculating supposed damages and were marked "Highly Confidential – Attorneys' Eyes Only" under the Protective Order. Samsung took special precautions when producing detailed financial data, including restricting the distribution of soft copies, copying, and inspection.

6. I am informed and believe that product-specific profit data are far more sensitive and confidential than company-wide financial statements because they can be used to determine the lowest price at which Samsung can profitably sell its products. Armed with that information, a competitor could charge a lower price in an effort to gain market share. Competitors could also use knowledge of Samsung's highest- and lowest-performing product lines to target marketing and advertising efforts.

7. I am informed and believe that suppliers could use the same information as leverage to negotiate higher prices for components.

8. Likewise, I am informed and believe that carrier and retail partners would be able to leverage knowledge of Samsung's margins to negotiate lower prices for Samsung's smart phone and tablet products.

9. For the foregoing reasons, Samsung requests that the portions of Exhibit 2 identified in Exhibit A be sealed.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct. Executed in Los Angeles, California on July 1, 2013.

_____
Anthony P. Alden