1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
    Charles K. Verhoeven (Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
    50 California Street, 22nd Floor
3  San Francisco, California 94111
    Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5  Kathleen M. Sullivan (Cal. Bar No. 242261)
    kathleensullivan@quinnemanuel.com
6  Kevin P.B. Johnson (Cal. Bar No. 177129)
    kevinjohnson@quinnemanuel.com
7  Victoria F. Maroulis (Cal. Bar No. 202603)
    victoriamaroulis@quinnemanuel.com
8  555 Twin Dolphin Drive, 5th Floor
    Redwood Shores, California 94065-2139
9  Telephone: (650) 801-5000
    Facsimile: (650) 801-5100
10
    Susan R. Estrich (Cal. Bar No. 124009)
11  susanestrich@quinnemanuel.com
    865 S. Figueroa St., 10th Floor
12  Los Angeles, California 90017
    Telephone: (213) 443-3000
13  Facsimile: (213) 443-3100

14
    Attorneys for SAMSUNG ELECTRONICS CO.,
15  LTD., SAMSUNG ELECTRONICS AMERICA,
    INC. and SAMSUNG
16  TELECOMMUNICATIONS AMERICA, LLC

17                  UNITED STATES DISTRICT COURT
18          NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION
19

20  APPLE INC., a California corporation,        CASE NO. 11-cv-01846-LHK
21              Plaintiff,                        **SAMSUNG'S ADMINISTRATIVE
22       vs.                                       MOTION FOR RELIEF FROM APRIL 29,
                                                   2013 CASE MANAGEMENT ORDER**
23  SAMSUNG ELECTRONICS CO., LTD., a
24  Korean business entity; SAMSUNG
    ELECTRONICS AMERICA, INC., a New             Place:  Courtroom 4, 5th Floor
25  York corporation; SAMSUNG                    Judge:  Hon. Lucy H. Koh
    TELECOMMUNICATIONS AMERICA,
26  LLC, a Delaware limited liability company,

27              Defendants.

28

1  Pursuant to Civil L.R. 7-11 and 79-5, and General Order No. 62, Defendants Samsung
2  Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications
3  America, LLC (collectively, "Samsung") hereby bring this administrative motion for relief from
4  the upcoming deadlines in the Court's April 29, 2013 Case Management Order ("CMC Order")
5  based on Apple's numerous violations of this Court's orders regarding the content of Apple's new
6  expert report and the scope of a new trial on damages.

## ARGUMENT

**I.  APPLE'S NEW EXPERT REPORT INCLUDES NUMEROUS VIOLATIONS OF THE COURT'S ORDERS.**

On June 24, 2013, Apple served a 393-page Expert Report of Julie Davis ("Davis Report"). The Report improperly includes different methodologies from Mr. Musika's prior reports and opinions excluded by the Court's prior rulings. The Court's CMC Order was unambiguous:

> The Court's prior rulings on the parties' *Daubert* motions, motions in limine, discovery disputes, and evidentiary objections will remain in effect as law of the case. The parties may not relitigate these issues.
>
> … [T]he new trial on damages will be extremely limited. The sole purpose of the trial is to correct the erroneous notice dates. … Apple's new damages expert may *not* include different methodologies in his or her expert report, and may *not* draw upon new data.

(Dkt. No. 2316 at 2-3 (emphasis added).) Indeed, at Apple's own urging, the Court expressly prohibited damages theories not presented to the first jury. (Declaration of Anthony P. Alden In Support of Samsung's Mot. For Admin. Relief ("Alden"), Ex. 1, Apr. 29, 2013 Tr. at 67:17-21 ("Whatever theories either side presented to the last jury can be presented to this jury. You can – you can present less if you want to, but you cannot present more.").)

Apple has blatantly ignored the Court's rulings. Apple's violations are so numerous and consequential that Samsung cannot fairly respond and prepare for trial in the time and under the procedural limits set by the current CMC Order. In particular, Apple's multiple violations require immediate relief from the CMC Order's deadlines for a rebuttal report and limitations on Samsung's motion strike improper opinions, both of which rested on Apple's representation to the Court that its report would not seek to introduce new theories. (*Id.* at 65:12-16 (The Court: "I'm not going to allow any other variations other than the notice date. I -- Is that clear? Mr. Jacobs:

1  That sounds like a ruling. We'll take it as a ruling.").)  Some illustrative examples of Apple's
2  violations are presented below:[1]
3  ▪ ███████████████████████████████████████████████████
4      At trial, Mr. Musika presented two damages models to the jury:  the first model sought lost
5  profits, Samsung's gross profits and a royalty; the second model sought Samsung's gross profits
6  and a royalty, but not lost profits.  (PX25A1 (under seal) at 4-5.)  ████████████████
7  ████████████████████████████████████████████████████████
8  ████████████████████████████████████████████████████████
9  ████████████████████████████████████████████████████████
10 use the methodologies Apple presented at trial, adjusted to correct the erroneous notice dates as
11 ordered by the Court.  ▪ ██████████████████████████████████████
12 ████████████████████████████████████████████████████████
13 ████████████████████████████████████████████████████████
14 ████████████████████████████████████████████████████████
15     ▪ ████████████████████████████████████  At trial, Apple did
16 not argue to the jury that Samsung's profits should be measured by total revenues, as opposed to
17 gross profits.  ████████████████████████████████████████████
18 ████████████████████████████████████
19     ▪ ██████████████████████████████████████████████
20 ██████████████████████████████████████████████
21 ██████████████████████████████████████████████████
22 ██████████████████████████████████████████████
23 ██████████████  Furthermore, while Mr. Musika prepared an exhibit that purported to be a
24 single calculation of incremental profits for all Samsung products (including unaccused products),
25 he did not do so on a product-by-product basis.  (PX28; *see also* Aug. 13, 2012 Tr. at 2058:3-6

---

[1]  This motion is based solely on Apple's violation of Court orders.  Samsung reserves the right to move to strike on substantive grounds as provided in the Court's CMC Order.

1  (Mr. Musika admits PX28 includes "other sales of non-accused items").)

4      3.                    The Court
unequivocally ruled no changes to the damages period.  (Alden Ex. 1 at 41:21-42:1 ("[N]o new damages period, no new methods. … This can be just a very simple change of Mr. Musika's exhibits to start from the correct date.  I'm not going to allow anything else to be done.  I'm not going to allow new damages.").)              Mr. Musika's method for calculating Apple's lost profits assumed that Samsung would design around Apple's asserted IP in a specific amount of time, and that Apple would be entitled to lost profits only during those design around periods.  (*See* Aug. 13, 2012 Tr. at 2084:3-19.)  Mr. Musika assumed

[2] This change was made solely so that Apple can claim vastly greater damages.

21     4.

---

[2]       the Court barred Apple from doing so.  (Dkt. 1690 at 2 ("Mr. Musika did not timely disclose his calculations pursuant to an alternative two notice period theory.").)  The



-3-   Case No. 11-cv-01846-LHK
ADMIN. MOTION FOR RELIEF FROM CMC ORDER

1  ███████████████████████████████████████████████████████████████
2  ████████████████████████████████████████████ the Court ruled that
3  Apple "may not introduce any data regarding Infuse 4G sales that occurred prior to May 15,
4  2011." (Dkt. No. 2316 at 2.) ████████████████████████████████████
5  ███████████████████████████████████████ ███ [3]

   **B.   Apple's Other Violations of the Court's Orders.**

7         1.    ████████████████████████████████████████████
8  ██████████████████████████████████████ The Court properly
9  excluded the section from Mr. Musika's report ████████████████████
10 ██████████████████████████████████████████████
11 ██ ████████████████████████████████████████████
12 ███████████████████████████████████████████████
13 █████████████████ The Court previously excluded Mr. Musika from offering ████
14 ██████████████████████████████████████████████
15 ██████████████████████████████████████

16        3.    ██████████████████████████████████
17 ███████████████████████████████████████████████
18 ███████████████████████████████████████████████
19 ███████████████████████████████████████████████
20 ██████████████████████████████ Mr. Musika did not refer to or rely on ██
21 ████████████████, it was not presented to the jury, and Samsung had no opportunity to depose
22 or cross-examine ██████████████████████████████████
23 ██████████████████████. Apple's damages testimony was completed on August
24 13, 2012. Apple chose not to recall Mr. Musika for further testimony at the conclusion of
25 Samsung's case – despite representing to the Court that it would do so. (*See* Aug. 17, 2012 Tr. at

---

[3] ████████████████████████████████████████████████
████████ However, despite the passage of over two months, Apple has not done so.

1  3407:6-14.)  Apple cannot use ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
2  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
3  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  Finally, Mr. Musika testified
4  about just four trial exhibits.  (Aug. 13 Tr. at 2031-2172 (Mr. Musika's testimony limited to
5  PX25A1, PX28, PX34 and PX194).)  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
6  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
7  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
8  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
9  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
10 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, contrary to the Court's order "that the new
11 trial on damages will be extremely limited."  (Dkt. No. 2316 at 3.)

## II.  SAMSUNG IS PREJUDICED BY APPLE'S VIOLATIONS.

13         Apple's ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
14 ▮▮▮▮, do not give Samsung fair notice of what Apple intends to present at trial.  Apple's
15 violations also improperly require Samsung to address in its rebuttal report numerous issues
16 excluded by the Court.  Samsung is also prejudiced by Apple's ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
17 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  Samsung will be prejudiced if it
18 must now prepare rebuttal to Apple's improper 393-page report, given the current deadlines for a
19 rebuttal report and expert discovery.  Furthermore, Apple's new expert report is a transparent
20 attempt to overwhelm Samsung's opportunity to move to strike.  The Court's limitation to a
21 single, seven-page motion to strike was premised on its instruction to avoid new data, methods,
22 and theories.  The scope of Apple's new theories makes a seven-page limitation unworkable.
23 Likewise, Apple's numerous violations of the Court's order not to re-litigate previous evidentiary
24 exclusions threatens Samsung's opportunity to address its further objections to the Davis Report.

## CONCLUSION

26         Because Apple has flagrantly violated the Court's CMC Order, the Court should vacate all
27 deadlines and set a new case management conference on further proceedings, including a deadline
28 for Apple to comply with the limitations on a new expert report previously set by the Court.

DATED:  July 1, 2013                Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP


By /s/  Victoria F. Maroulis
   Charles K. Verhoeven
   Kevin P.B. Johnson
   Victoria F. Maroulis
   Michael T. Zeller

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC