# EXHIBIT 1

```
1        WOULD OBVIATE THE NEED FOR A NEW TRIAL.
2            I WAS NOT ABLE TO MAKE THAT DETERMINATION, BUT IF SAMSUNG
3        FEELS THAT IT CAN, THEN I WOULD LOVE FOR YOU TWO PARTIES TO
4        REACH AN AGREEMENT ON WHAT THAT NUMBER SHOULD BE.
5            I WAS UNABLE DO THAT BASED ON THE DATA THAT HAD BEEN
6        SUBMITTED, BUT I WOULD ABSOLUTELY WELCOME -- IF YOU ALL FEEL
7        THAT THERE IS A REDUCTION THAT CAN BE MADE ACCORDANCE WITH THE
8        NOTICE DATES, THEN LET'S JUST GET THIS WHOLE THING UP TO THE
9        FEDERAL CIRCUIT, WHICH I THINK IS WHAT EVERYONE WANTS.
10           I MEAN, WE'RE JUST AN OBSTACLE IN YOUR WAY TO GETTING A
11       FINAL RESOLUTION OF THESE DISPUTES.
12           SO IS THAT POSSIBLE?
13               MS. SULLIVAN:  WELL, YOUR HONOR, WE WILL, OF COURSE,
14       ALWAYS BE HAPPY TO TALK TO APPLE ABOUT WHETHER WE COULD ENTER A
15       STIPULATED FINAL JUDGMENT IN THIS MATTER, AND WE DO WANT TO
16       LIGHTEN THE BURDEN ON THE COURT.  WE DO NOT WANT TO IMPOSE --
17       THAT'S WHY WE ASKED FOR THE 54(B).  RESPECTFULLY, YOU'VE DENIED
18       IT.
19           BUT JUST TO MAKE CLEAR WHY THE CALCULATION AS TO NOTICE
20       DATE IS AN EASY MATHEMATICAL EXERCISE, WE WOULD REFER YOU BACK
21       TO THE WAGNER DECLARATION WE SUBMITTED WITH OUR FIRST JMOL
22       MOTION ON SEPTEMBER 21ST, 2012, AND ON PAGE 4 OF THAT SCHEDULE,
23       IT GIVES YOU THE NOTICE DATE, THE CORRECT REDUCTION OF THE
24       DAMAGES FOR THE CORRECT NOTICE DATES WITH RESPECT TO ALL THE
25       PRODUCTS AS TO WHICH THE '381 PROBLEM DOES NOT EXIST.
```

```
 1            SO YOU CAN DO IT.  IF WE TAKE '381 OUT OF THE PICTURE, YOU
 2      COULD DO THE REDUCTION TOMORROW.
 3           WE THINK THERE'S ALSO -- AND THIS WAS USING MR. MUSIKA'S
 4      METHODOLOGY.  IN OTHER WORDS, OUR EXPERT TOOK APPLE'S EXPERT'S
 5      METHODOLOGY TO DO THE NUMBERS.
 6                 THE COURT:  CAN WE GET AGREEMENT HERE?
 7                 MR. JACOBS:  YOUR HONOR, I THINK WE HAVE A DIFFERENT
 8      VIEW OF THE NEW TRIAL AND HOW DAMAGES WILL COME IN IN THE NEW
 9      TRIAL.
10           TO START WHERE YOU STARTED, SAMSUNG VERY SPECIFICALLY, IN
11      ITS NOTICE SECTION OF ITS MOTION, SAID "THE NOTICE DATES WERE
12      WRONG.  WE WANT A NEW TRIAL."
13           THAT IS WHAT THEY ASKED FOR.  THAT IS WHAT YOU HAVE GRANTED
14      THEM.  AND NOW THEY ARE REVISITING THE WISDOM OF THEIR EARLIER
15      STRATEGY.
16           SO YOU'RE -- THE COURT IS DEAD ON ON THIS ONE.  THIS IS A
17      LATE REALIZATION AND THEY HAVE WAIVED THEIR CLAIM THAT THE
18      SEVENTH AMENDMENT VIOLATES A NEW TRIAL.
19           AS FOR THE STIPULATION, IF YOU LOOK AT WAGNER'S REPORT --
20      IF YOU LOOK AT WAGNER'S EXHIBIT, IT'S QUITE INTERESTING.  IN
21      SOME PLACES, WAGNER CAME UP WITH NUMBERS LARGER THAN THE JURY
22      CAME UP WITH.
23           THAT WAS PRECISELY OUR ARGUMENT TO YOUR HONOR.  IF YOU LOOK
24      AT THE VERDICT HERE AND YOU LOOK AT IT IN ITS AGGREGATE, YOU
25      LOOK AT IT AT LEAST AS TO CERTAIN PRODUCTS, THE NUMBER THE JURY
```

```
1        AWARDED IS SMALLER THAN WAGNER'S NUMBER.
2             IN THE NEW TRIAL, WE'RE GOING TO BE SEEKING OUR BEST --
3        WE'RE GOING TO BE TAKING OUR BEST SHOT AT DAMAGES ON THESE
4        PRODUCTS.  WE'RE NOT GOING TO WAIVE CLAIMS FOR MILLIONS OF
5        DOLLARS.
6                 THE COURT:  WELL, ANY LAST WORD?  I'LL GIVE YOU 30
7        SECONDS.  OTHERWISE I'D LIKE TO RULE ON THIS.
8                 MR. JACOBS:  I THINK YOU CAN RULE, YOUR HONOR.
9                 MS. SULLIVAN:  THE SEVENTH AMENDMENT IS NOT WAIVABLE,
10       YOUR HONOR.  IT'S A CONSTITUTIONAL RESTRAINT ON THE CONTOURS OF
11       A NEW TRIAL.  YOU GO THROUGH IT WITH APPLE.  OPPORTUNISTIC,
12       OPPORTUNISTIC, OPPORTUNISTIC.  WE WANT A NEW TRIAL SO WE CAN GO
13       FOR EVEN BIGGER DAMAGES, EVEN THOUGH THE JURY IN THE PRIOR
14       TRIAL FOUND, ACCORDING TO AN INFRINGER'S PROFITS THEORY, THAT
15       NOW MAYBE THEY'D LIKE TO REDO.
16            THE SEVENTH AMENDMENT BARS THEM GOING FOR THOSE NEW
17       THEORIES, LOST PROFITS AND REASONABLE ROYALTY --
18                 THE COURT:  THEY'RE NOT GOING TO GET ANYTHING NEW.
19       THIS IS GOING TO BE GROUNDHOG DAY.  YOU'RE GOING TO BE RELIVING
20       JULY OF 2012.  NO NEW THEORIES, NO NEW -- WE'LL GO THROUGH ALL
21       OF IT.  NO NEW DATA, NO NEW PRODUCTS, NO NEW SALES, NO NEW
22       DAMAGES PERIOD, NO NEW METHODS.
23            I MEAN, IT'S JUST GOING TO BE -- THIS CAN BE JUST A VERY
24       SIMPLE CHANGE OF MR. MUSIKA'S EXHIBITS TO START FROM THE
25       CORRECT DATE.  I'M NOT GOING TO ALLOW ANYTHING ELSE TO BE DONE.
```

```
1        I'M NOT GOING TO ALLOW NEW DAMAGES.
2            THERE IS NO DISCOVERY TO BE HAD HERE.  YOU ALREADY HAVE THE
3        NUMBERS THAT YOU NEED TO DO THIS.
4            THERE'S GOING TO BE NOTHING NEW IN THIS CASE.  IT'S JUST
5        GOING TO BE BRINGING IN THE NUMBERS ON THE DAMAGES REQUEST.
6                MR. JACOBS:  SO JUST TO BE CLEAR ABOUT THE
7        IMPLICATIONS OF THAT, WE URGED THAT THE -- THE COURT FOUND THAT
8        WE HAD -- THAT SAMSUNG HAD A RIGHT TO A JURY TRIAL DECISION ON
9        WHAT WE CHARACTERIZED AS SUPPLEMENTAL DAMAGES.
10           SO IF WE'RE FIXED TO THE JUNE 30 DATA, THE DATA AS OF
11       JUNE 30, WE JUST WANT THE COURT TO STATE FOR US THAT WE'RE NOT
12       WAIVING OUR CLAIM FOR SUPPLEMENTAL DAMAGES FROM THAT DATE
13       FORWARD.
14           PART OF WHAT WE WERE HOPING -- WHAT WE WERE ASKING SAMSUNG
15       TO DO WAS UPDATE THE SALES DATA SO THAT THE COURT WOULD NOT
16       HAVE TO DECIDE SUPPLEMENTAL DAMAGES FOR THE NEW TRIAL PRODUCTS.
17           THAT'S THE ONLY INFORMATION WE WANTED FROM SAMSUNG WAS
18       UPDATED SALES DATA.
19               MS. SULLIVAN:  YOUR HONOR --
20               MR. JACOBS:  WHAT'LL HAPPEN INSTEAD, IF WE DON'T GET
21       UPDATED SALES DATA NOW, THEN AFTER THE NEW TRIAL, ASSUMING
22       SUCCESS FOR APPLE ON DAMAGES IN THE NEW TRIAL, WE WILL THEN
23       MOVE FOR SUPPLEMENTAL DAMAGES AND IT'LL BE ON THE NEW TRIAL --
24       THERE WILL BE SUPPLEMENTAL DAMAGES ON THE NEW TRIAL PRODUCTS
25       BECAUSE WE WON'T HAVE RECEIVED UPDATED SALES DATA.
```

```
 1            IF YOU ARE UNREASONABLE AND TAKE NO CONSIDERATION OF THE
 2      COURT'S RESOURCES, THEN YOU DESERVE TO HAVE THAT KIND OF --
 3            MR. JACOBS:  WE ARE --
 4            THE COURT:  -- THAT KIND OF TRIAL DATE WHICH IS GOING
 5      TO BE MUCH, MUCH LATER.
 6         I ALREADY TOLD YOU, I WILL BE IN TRIAL ON APPLE CASES FOR
 7      ABOUT SIX, SEVEN MONTHS NEXT YEAR.  OKAY?
 8         SO IF YOU'RE ASKING ME TO GIVE YOU YET ONE MORE TRIAL, THEN
 9      I'M ASKING YOU TO KEEP THIS VERY LIMITED AND NARROW.  NO NEW
10      THEORIES.  NO NEW NUMBERS.  NO NEW PRODUCTS.  NO NEW METHODS.
11         KEEP THIS NARROW SO THAT WE CAN LIMIT THIS SO THAT WE'RE
12      NOT REOPENING AND HAVING THE SAME NIGHTMARE WE'VE HAD
13      PREVIOUSLY.
14            MR. JACOBS:  WE WILL STIPULATE THAT THE -- WE -- IF
15      ALL OF US AGREE, WE CAN QUALIFY MR. VELLTURO AS AN ACCOUNTANT
16      EVEN THOUGH HE ISN'T.
17         I MEAN, IF THAT'S REALLY SAMSUNG'S WORRY, SAMSUNG COULD
18      SIMPLY STIPULATE TO HIS QUALIFICATIONS AND WE WON'T UTTER THE
19      WORD THAT HE'S AN ECONOMIST IF THAT'S WHAT THIS IS ALL ABOUT.
20            MR. PRICE:  HERE'S --
21            MR. JACOBS:  IF THEY WILL STIPULATE THAT HE'S
22      QUALIFIED TO TESTIFY, WE'LL GO THROUGH HIS CREDENTIALS WITHOUT
23      MENTIONING THAT HE'S A PH.D. ECONOMIST OR WHATEVER HE IS.
24            MR. PRICE:  THAT'S THE FUNNY THING.  HE'S NOT
25      QUALIFIED TO GIVE THE OPINION THEY WANT HIM TO GIVE.
```

```
 1              MR. JACOBS:  NOW THAT'S A DIFFERENT --
 2              MR. PRICE:  IF THE FIRST TRIAL, IT WAS AN OPINION BY
 3    A C.P.A. ABOUT WHAT DEDUCTIBLE COSTS WERE, HUGE ISSUE, HOW TO
 4    GET THESE THINGS, AND MR. JACOBS JUST SAID, "WE NEED TO BRING
 5    IN AN ACCOUNTANT TO SUPPLEMENT VELLTURO BECAUSE VELLTURO IS NOT
 6    QUALIFIED" --
 7              THE COURT:  OKAY.  I'M SORRY.
 8        YOU HAVE YOUR CLIENT HERE.  ASK IF YOU'RE GOING TO INSIST
 9    ON AN ECONOMIST, OKAY?
10        IF YOU INSIST ON AN ECONOMIST, THEN I'M GOING TO GIVE
11    SAMSUNG THE OPPORTUNITY TO SELECT AN ECONOMIST AND WE WILL
12    REOPEN DISCOVERY.  OKAY?
13              MR. JACOBS:  GIVE ME A MINUTE, YOUR HONOR.
14              THE COURT:  GO AHEAD.
15          (PAUSE IN PROCEEDINGS.)
16              MR. JACOBS:  AGREED, YOUR HONOR.  OUR SUBSTITUTE
17    EXPERT FOR TERRY MUSIKA WILL BE A C.P.A.
18              THE COURT:  OKAY.  NOW, MR. PRICE, WHAT'S YOUR
19    RESPONSE TO THAT?
20              MR. PRICE:  WELL, I GUESS THE RESPONSE IS WE --
21    WHOOPS, SORRY.  -- IS THAT WE NEED TO KNOW WHO, WE NEED TO KNOW
22    WHAT THEIR OPINION IS GOING TO BE AND, YOU KNOW, WHETHER --
23    IT'S AMAZING WE'RE HERE AND WE DON'T KNOW WHO.  I DON'T
24    UNDERSTAND WHY WE'RE HERE AND WE DON'T KNOW WHO.
25              MR. JACOBS:  WE TOLD THEM AMONG WHOM IT COULD BE,
```

```
 1    YOUR HONOR.  I THINK THIS HAS NOW TURNED INTO A GRAVER ISSUE.
 2            THE COURT:  WELL, I HAVEN'T HEARD.  I'VE HEARD
 3    DR. VELLTURO AND MAYBE SOMEBODY FROM INVOTEX.
 4            MR. JACOBS:  WELL, NOW WE'RE GOING TO FIND A C.P.A.,
 5    YOUR HONOR, BECAUSE -- AND THE BEST C.P.A., THE MOST EFFECTIVE
 6    TRIAL WITNESS THAT CAN TESTIFY ON THE DATE THAT YOU SET FOR A
 7    NEW TRIAL, THAT'S WHAT WE'RE GOING TO GO OUT AND FIND, AND WHO
 8    CAN ADOPT MR. MUSIKA'S REPORT WITH VARIATIONS ONLY -- AS
 9    LIMITED --
10            THE COURT:  CAREFUL.
11            MR. JACOBS:  AS LIMITED VARIATIONS AS POSSIBLE.
12            THE COURT:  I'M NOT GOING TO ALLOW ANY VARIATIONS
13    OTHER THAN THE NOTICE DATE.  I'M NOT GOING TO ALLOW ANY OTHER
14    VARIATIONS OTHER THAN THE NOTICE DATE.  I -- IS THAT CLEAR?
15            MR. JACOBS:  THAT SOUNDS LIKE A RULING.  WE'LL TAKE
16    IT AS A RULING.
17            THE COURT:  THAT IS A RULING.
18            MR. JACOBS:  WE'LL TAKE IT AS SUCH.
19            THE COURT:  THERE ARE NO VARIATIONS OTHER THAN THE
20    NOTICE DATE.  THIS IS JUST REDOING THE LAST TRIAL ON THIS ONE
21    LIMITED ISSUE.
22            MS. MAROULIS:  YOUR HONOR, THERE ARE SOME ISSUES THAT
23    WILL COME UP REGARDLESS OF WHAT THE REPORT LOOKS LIKE, AND AT
24    LEAST TWO OF THEM ARE THIS:
25       A NEW PERSON MIGHT BE SUBJECT TO DAUBERT CHALLENGE FOR
```

```
1        THEIR QUALIFICATIONS, THAT'S ONE.
2             THE SECOND ONE WE FLAGGED IN OUR PAPERS, WHICH IS THE
3    PRODUCTS THAT YOUR HONOR ENTERED THE FINAL ORDER ON, THOSE ARE
4    THE LOST PROFITS THEORIES.  THEY ACTUALLY KNOW -- THE JURY
5    WOULD KNOW LOST PROFITS FOR THE PRODUCTS THAT ARE GOING TO NEW
6    TRIAL POTENTIALLY, SO WE SHOULD BE ABLE TO BRIEF THAT AND
7    EXPLAIN WHY APPLE MAY OR MAY NOT BRING THAT THEORY FORWARD.
8             SO WHEN YOUR HONOR SAYS WE'LL BE LIMITED TO EVERYTHING LIKE
9    IN THE OLD CASE, WE WANT TO MAKE SURE IT'S CLEAR THAT THE
10   MOTION PRACTICE MIGHT BE DIFFERENT AND THERE WILL BE MOTIONS
11   COMING FORWARD, EVEN IF THE REPORT IS VERY SIMILARLY HUED TO
12   THE OLD REPORT.
13             MR. JACOBS:  YOUR HONOR, THIS IS --
14             THE COURT:  WAIT.  CAN I -- CAN YOU -- I'M SORRY.  I
15   DIDN'T UNDERSTAND WHAT YOU WERE SAYING ABOUT THE AVAILABLE
16   REMEDIES.
17             MS. MAROULIS:  YOUR HONOR, THE JURY REJECTED THE
18   FINDING OF LOST PROFITS AS TO THE PRODUCTS THAT YOUR HONOR
19   DESIGNATED FOR A NEW TRIAL.
20        SO SAMSUNG SHOULD BE ABLE TO SEEK EXCLUSION OF LOST PROFITS
21   THEORIES IF WE SEE IT IN THE NEW REPORT, BECAUSE WE DON'T KNOW
22   WHAT WE'LL SEE IN APPLE'S EXPERT REPORT.
23             MR. JACOBS:  THAT'S AN INFERENCE, YOUR HONOR.
24        IT'S -- THIS IS BACK TO THE POINT ABOUT HOW MUCH WE TAKE
25   THIS REVERSE ENGINEERING OF THE VERDICT AND TURN IT INTO LAW OF
```

```
 1          THE CASE.  WE BELIEVE THAT WOULD BE LEGAL ERROR.
 2              IT'S ONE THING TO LOOK AT -- WE DISAGREE WITH THE REVERSE
 3          ENGINEERING THAT WAS DONE, BUT IT'S ONE THING TO DO THAT AND
 4          AWARD A NEW TRIAL.
 5              IT'S ANOTHER THING TO SAY, "WELL, I LOOK AT THIS JURY AND
 6          THE JURY COULDN'T POSSIBLY HAVE AWARDED LOST PROFITS BASED ON
 7          THIS NUMBER; THEREFORE, APPLE IS PRECLUDED FROM SEEKING LOST
 8          PROFITS IN THE NEW TRIAL."
 9                   THE COURT:  WELL, I AGREE WITH THAT.  WE'RE REDOING
10          LAST YEAR'S TRIAL.
11              THAT DOESN'T MEAN THAT A THEORY THAT WAS PRESENTED TO LAST
12          YEAR'S JURY CANNOT BE PRESENTED IN A NEW TRIAL.  SO THAT
13          REQUEST IS GOING TO BE DENIED.
14                   MS. MAROULIS:  YOUR HONOR, THE PRIOR JURY REJECTED
15          THAT, THE LOST PROFITS AS TO THESE SET OF PRODUCTS.
16                   THE COURT:  I HEAR YOU, AND THE NEXT JURY MAY, TOO.
17              BUT I'M JUST SAYING, I'M GOING TO ALLOW -- WHATEVER
18          THEORIES EITHER SIDE PRESENTED TO THE LAST JURY CAN BE
19          PRESENTED TO THIS JURY.
20              YOU CAN -- YOU CAN PRESENT LESS IF YOU WANT TO, BUT YOU
21          CANNOT PRESENT MORE.  OKAY?
22               WHAT -- I UNDERSTAND ON DAUBERT ON QUALIFICATIONS.  I
23          WOULD --
24                   MR. JACOBS:  IT'S NOT REALLY DAUBERT, YOUR HONOR.
25          IT'S A -- DAUBERT IS METHODOLOGY AND I THINK WE'VE PASSED ALL
```