# EXHIBIT 3

**Joby Martin**

| | |
|---|---|
| **From:** | Olson, Erik J. [EJOlson@mofo.com] |
| **Sent:** | Monday, July 01, 2013 8:09 PM |
| **To:** | Carl Anderson |
| **Cc:** | Barajas, Rosemary; Borenstein, Ruth N.; Jacobs, Michael A.; Knisely, Cyndi L.; Krevans, Rachel; McElhinny, Harold J.; Robinson, Christopher; Sabri, Nathan B.; Wiener, Christopher J.; Charles K Verhoeven; Victoria Maroulis; William Price; Anthony Alden; Michael T Zeller; Robert Becher; William Adams; Kevin Johnson; William.Lee@wilmerhale.com; Mr. Mark D. Selwyn Esq.; Lauren Fletcher |
| **Subject:** | Re: Apple Inc. v. Samsung Electronics Co., et al. |
| **Attachments:** | mg_info.txt |

Carl:

Apple has complied with all of the Court's instructions and orders, and declines to enter into the stipulation you propose. The areas that you identify do not represent violations of any instructions from the Court. Nor have you indicated why the issues you raised cannot be addressed consistent with the schedule and motions that the Court laid out in the April 29 case management order.

If you file a motion, Apple opposes both its substance and the procedure by which you have pursued it.

Erik Olson

On Jul 1, 2013, at 7:02 PM, "Carl Anderson" <carlanderson@quinnemanuel.com> wrote:

> Erik,
> Apple has forced Samsung to seek relief by its numerous violations of the Court's rulings expressly prohibiting new damages theories, new methodologies, new damages periods, and new data. Apple is well aware of its violations because it is familiar with the Court's April 29, 2013 Case Management Order, the Court's admonitions at the Case Management Conference concerning the limited scope of the new expert reports and damages trial, and its own 393-page new expert report that directly contradicts the Court's rulings. By way of example, and without limitation, Ms. Davis's new report: (a) improperly changes the design around periods; (b) includes new per-product damages calculations, which Ms. Davis calls "incremental profits"; (c) includes 42 alternative damages calculations hinging on different assumptions; and (d) includes extensive commentary on new evidence and trial testimony.
> Samsung intends to seek relief from all deadlines in the Court's April 29, 2013 Case Management Order and ask that the court set a new case management conference on further proceedings. Because Samsung has less than 30 days to respond to Apple's improper and voluminous report, time is of the essence and delay will further prejudice Samsung. If Apple is amenable to withdrawing Ms. Davis's report and serving a new one that complies with the Court's prior orders, as well as continuing all currently scheduled dates to accommodate service of a revised report and Samsung's response thereto, please let us know by 11:00 p.m. tonight. Otherwise, we intend to proceed to file the motion.
> Very truly yours,
> Carl

1

**From:** Olson, Erik J. [mailto:EJOlson@mofo.com]
**Sent:** Monday, July 01, 2013 6:22 PM
**To:** Carl Anderson
**Cc:** Barajas, Rosemary; Borenstein, Ruth N.; Jacobs, Michael A.; Knisely, Cyndi L.; Krevans, Rachel; McElhinny, Harold J.; Robinson, Christopher; Sabri, Nathan B.; Wiener, Christopher J.; Charles K Verhoeven; Victoria Maroulis; William Price; Anthony Alden; Michael T Zeller; Robert Becher; William Adams; Kevin Johnson; William.Lee@wilmerhale.com; Mr. Mark D. Selwyn Esq.; Lauren Fletcher
**Subject:** Re: Apple Inc. v. Samsung Electronics Co., et al.

Carl:

So we can have a focused discussion on our end and try to avoid motion practice, can you be specific as to the failures to comply with the Judge's order that you intend to assert, what relief you intend to seek, and why the matter requires an immediate response from Apple this evening?

Erik

On Jul 1, 2013, at 5:10 PM, "Carl Anderson" <carlanderson@quinnemanuel.com> wrote:

> Counsel –
> Samsung intends to seek relief from the deadlines in the Court's April 29, 2012 CMC Order based on Apple's failure to comply with the Court's limitations on Apple's new expert report.  Please let us know by 11pm Pacific today whether Apple will stipulate to vacating the deadlines in the Court's April 29, 2012 CMC Order.
> Very truly yours,
> Carl
>
> **Carl Anderson**
> *Partner,*
> **Quinn Emanuel Urquhart & Sullivan, LLP**
>
> 50 California Street, 22nd Floor
> San Francisco, CA 94111
> 415-875-6328 Direct
> 415-875-6600 Main Office Number
> 415-875-6700 FAX
> carlanderson@quinnemanuel.com
> www.quinnemanuel.com
>
> This message was sent by an attorney and may contain confidential information protected by a legal privilege. If you are not the intended recipient, please delete it and notify us by phone or e-mail that you have done so.
>
>
> **From:** Sousa, Maria D. [mailto:MSousa@mofo.com] **On Behalf Of** Olson, Erik J.
> **Sent:** Thursday, June 27, 2013 11:22 AM
> **To:** Carl Anderson
> **Cc:** Barajas, Rosemary; Borenstein, Ruth N.; Jacobs, Michael A.; Knisely, Cyndi L.; Krevans, Rachel; McElhinny, Harold J.; Olson, Erik J.; Robinson, Christopher; Sabri, Nathan B.; Wiener, Christopher J.; Charles K Verhoeven; Victoria Maroulis; William Price;

2

Anthony Alden; Michael T Zeller; Robert Becher; William Adams; Kevin Johnson
**Subject:** Apple Inc. v. Samsung Electronics Co., et al.

Mr. Anderson,

Attached please find Erik's letter regarding the above-entitled matter.

Regards,
Maria

_____

**Maria Sousa** |Lead Litigation Secretary
<image001.png>
755 Page Mill Road | Palo Alto, California 94304
☎: (650) 813-5892 | 🖨: (650) 494-0792
✉: msousa@mofo.com | www.mofo.com
🌳 Please consider the environment before printing this e-mail.

**PRIVILEGED AND CONFIDENTIAL -- SUBJECT TO ATTORNEY-CLIENT PRIVILEGE**