HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK (PSG)<br><br>**APPLE'S OPPOSITION TO SAMSUNG'S ADMINISTRATIVE MOTION FOR RELIEF FROM APRIL 29, 2013, CASE MANAGEMENT ORDER**<br><br>Place:   Courtroom 8, 4th Floor<br>Judge:   Hon. Lucy H. Koh |

**MEMORANDUM OF POINTS AND AUTHORITIES**

Apple took great care in working with Ms. Davis and Invotex on an updated damages report to comply with the Court's rulings in every respect. Ms. Davis calculated Apple's damages "using the same damages model and methodologies described in the expert reports and supplements prepared by Mr. Musika," using "the same models and software tools" as Mr. Musika, and working "with the same staff at Invotex that Mr. Musika used to support him in his analysis." (Olson Decl. Ex. A ¶ 89 (Davis Report).) The Davis report (the text of which is 111 pages long, not 393 pages as Samsung says repeatedly) tracks the Musika reports, and it both identifies and segregates the changes made to address the Court's orders, jury's findings and areas still in dispute between the parties, to permit efficient review by the Court. Samsung's allegations of violations are factually and legally false. For example, Samsung claims that Apple is violating the Court's exclusion of irreparable harm testimony at trial but ignores Ms. Davis's explicit statement that "I would only be asked to offer my opinion on this issue to the extent that additional evidence is needed following a remand from the Federal Circuit." (*Id*. ¶ 76.)

Samsung seeks to circumvent the Court's already-set procedure for resolving disputes concerning the parties' damages expert reports and to derail the trial set for November 12, 2013, all under the guise of a purported request for "administrative relief." Samsung's request stretches Local Rule 7-11 beyond its breaking point, seeking a *de facto* stay and exclusion of evidence using a procedure designed to resolve issues like page limits for briefs. Samsung's motion wrongly attempts to supersede the motion to strike procedure that the Court established in its Case Management Order to address claims that Ms. Davis's report exceeds the scope of Mr. Musika's reports. Samsung provides no legitimate reason why the Court should depart from the schedule and procedures in the Case Management Order. Samsung's real purpose is clear: it simply seeks to delay and derail the damages retrial.

The Court's motion to strike procedure and schedule, to which Samsung agreed at the April 29, 2013, Case Management Conference, provides a more than adequate means to resolve any remaining issues. Samsung's attempt to evade it should be denied.

APPLE'S OPPOSITION TO SAMSUNG'S ADMINISTRATIVE MOTION FOR RELIEF FROM THE APRIL 29 ORDER
Case No. 11-cv-01846-LHK (PSG)
sf-3304714

1

## I. APPLE COMPLIED WITH THE COURT'S ORDERS.

### A. Apple Took Great Care To Comply With The Court's Rulings.

In preparing the updated damages report, Apple and Ms. Davis have been "mindful of the Court's ruling in the April 29 Case Management Order that the new trial on damages will be limited to 'correcting erroneous notice dates' and that the parties must not 'expand the scope of the damages trial by relying upon (1) new sales data, including any sales after June 30, 201[2]; (2) new products; and (3) new methodologies or theories.'" (Davis Decl. ¶ 4; *see* Olson Decl. Ex. A ¶ 89.) Therefore, Ms. Davis used "the same damages model and methodologies" as Mr. Musika, used the "same models and software tools" as Mr. Musika, "worked with the same staff at Invotex that Mr. Musika used," and "used as inputs the same data that Mr. Musika used as inputs to his model." (Davis Decl. ¶ 5; Olson Decl. Ex. A ¶ 89.)

Moreover, the Davis report follows the same structure as Mr. Musika's reports, reuses 48 of the exhibits from those reports and retains the format of Mr. Musika's exhibits even where changes were necessary. (Davis Decl. ¶ 8.) The Davis report carefully tracks Mr. Musika's disclosures. The Davis report also specifically identifies the changes made to Mr. Musika's calculations and catalogues how they arose from the jury's August 24, 2012, amended verdict, the Court's March 1, 2013, Order or the April 29, 2013, Case Management Order. (Davis Decl. ¶ 7; Olson Decl. Ex. A ¶¶ 91-96.) Where changes were made to address the foregoing orders, to address disputed issues that the Court may later resolve or to preserve the record, these matters are segregated and identified in the text to give notice to Samsung and to permit efficient review by the Court. (Davis Decl. ¶ 8; *see, e.g.,* Olson Decl. Ex. A ¶¶ 69-73, 91-96.) Apple has complied with the Court's Order, and the process for reviewing Apple's compliance (as well as Samsung's compliance when it serves Mr. Wagner's report three weeks from now) has already been established.

### B. Samsung's Allegations Are Factually and Legally Wrong.

The following summary demonstrates how misguided Samsung's claims are:

<u>Samsung's total revenues</u>. Mr. Musika previously prepared the same revenue-based calculations as Ms. Davis has now prepared, and testified to Samsung's total revenues at trial.

APPLE'S OPPOSITION TO SAMSUNG'S ADMINISTRATIVE MOTION FOR RELIEF FROM THE APRIL 29 ORDER
Case No. 11-cv-01846-LHK (PSG)
sf-3304714

2

1  (Robinson Decl. ¶ 3 & Ex. A (Musika Reports); Trial Tr. 2040:9-23.)  Nothing has changed.

2  <u>Incremental Profit</u>.  Mr. Musika previously provided both a methodology for and a
3  calculation of Samsung's incremental profit.  (Robinson Decl. ¶ 4 & Ex. B (Musika Supp.
4  Report.)  The exhibit reflecting this work, which explicitly refers to Samsung's "incremental
5  profit," was admitted as PX28.  (*Id*. (PX28).)  Because the present trial involves fewer products
6  and shorter damages periods, Ms. Davis asked Invotex to use the same data file and same
7  methods disclosed at paragraphs 39 to 41 of Mr. Musika's Supplemental Expert report and in
8  Exhibit 50-S (which is PX28) to prepare new versions of Exhibit 50-S, using the previously
9  disclosed methods for calculating incremental profit but reflecting only the seven design-patent
10 infringing products at issue in the new trial.  (Olson Decl. Ex. A ¶ 163.)  She also asked Invotex
11 to prepare calculations of Samsung's profits, again using Mr. Musika's methodology, but limiting
12 the damages to periods that came after the notice dates established in the Court's March 1 Order.
13 (*Id*.)  There has been no change in methodology.

14 <u>Design-Around Periods</u>.  As explicitly stated in Mr. Musika's original report, the design-
15 around periods used in the lost profits model move with the date on which actual notice to
16 Samsung occurred.  "To the extent that Samsung succeeds with respect to this claim [by
17 establishing different notice dates than Apple proposed], the calculations done to determine the
18 amount of time that Samsung would be unable to sell products should begin at the date in which
19 notice is proven."  (Robinson Decl. ¶ 5 & Ex. C ¶ 129 (Musika Report).)  Following Mr.
20 Musika's methodology, Ms. Davis properly used the notice dates from the March 1 Order.

21 <u>First Sale Dates</u>.  Ms. Davis properly prepared her damages calculation based on the
22 Court's Order that damages for the Infuse 4G may not start until May 15, 2011.  (Olson Decl. Ex.
23 A ¶ 94.)  She also prepared *alternative* calculations using different start dates given Apple's intent
24 to seek relief from this Order and in anticipation of a possible dispute about whether the Order
25 should be extended to other products in this trial.  (*Id.* ¶ 94 n.109.)  These alternate schedules and
26 the reasons that they were included were clearly noted.  (*Id*. ¶¶ 70, 94.)  Apple will file its motion
27 shortly.

28 <u>Irreparable Harm</u>.  Ms. Davis explicitly stated, "I understand that I would only be asked to

APPLE'S OPPOSITION TO SAMSUNG'S ADMINISTRATIVE MOTION FOR RELIEF FROM THE APRIL 29 ORDER
Case No. 11-cv-01846-LHK (PSG)
sf-3304714

3

1  offer my opinion on this issue to the extent that additional evidence is needed following a remand
2  from the Federal Circuit." (Olson Decl. Ex. A ¶ 76.) This is entirely consistent with the Court's
3  ruling excluding this evidence at trial.

4        <u>Burden of Proof</u>. The Davis report quotes from and refers to the Court's final jury
5  instructions, which refer to burdens of proof. (*See* Olson Decl. Ex. A ¶¶ 140, 162.) Ms. Davis
6  will not testify to burdens of proof at trial, and Apple is fully complying with the Court's ruling.

7        <u>Allegedly New Evidence</u>. Samsung's claims regarding allegedly new evidence are
8  misguided. Mr. Musika and Invotex were aware of Mr. Roberts's declaration because it was
9  submitted with Apple's February 2012 motion for sanctions. (Robinson Decl. ¶ 6.) That motion
10 is referred to in both of Mr. Musika's reports. (*See id.* & Ex. D.) Moreover, the relevant
11 paragraphs in the Davis report repeat conclusions stated in paragraphs 142 of Mr. Musika's
12 original report and paragraphs 29-30 of his supplemental report. (*Compare* Olson Decl. Ex. A
13 ¶ 147, *with* Robinson Decl. Ex. D ¶¶ 29-30, 142.) Further, before he testified, Mr. Musika
14 indisputably had access to the testimony of witnesses and to the exhibits introduced by Apple,
15 given that he was Apple's last witness in its case-in-chief. Any disputes about what evidence will
16 be produced through experts as compared to other live witnesses in the new trial can and should
17 be resolved through the previously scheduled pretrial proceedings and pretrial conferences.

18 **II.     SAMSUNG'S MOTION IS NOT A MOTION FOR ADMINSTRATIVE RELIEF.**

19       Local Rule 7-11 exists to resolve non-substantive administrative issues not addressed in
20 the Federal Rules, such as changes to "page limitations" or filing "documents under seal." Such
21 motions are limited to five pages, provide for no reply and are decided without a hearing.

22       Samsung's motion is vastly different; it seeks to deprive Apple of a trial date, seeks to
23 "vacate all deadlines in the Court's April 29, 2012 Case Management Order," and seeks to
24 preclude Ms. Davis from giving certain testimony at trial. Samsung's motion also meets none of
25 the requirements of Local Rule 16-2(d), which requires meet and confer, a noticed motion and
26 submission of an alternate schedule. In contrast, Samsung has requested a halt to all ongoing
27 proceedings, filed its motion within hours after it raised any concern, and forced Apple to respond
28 over the July 4 holiday.

APPLE'S OPPOSITION TO SAMSUNG'S ADMINISTRATIVE MOTION FOR RELIEF FROM THE APRIL 29 ORDER
Case No. 11-cv-01846-LHK (PSG)
sf-3304714

4

These steps are a misuse of Local Rule 7-11.  *Silverman v. City & County of San Francisco*, No. C 11-1615 SBA, 2012 U.S. Dist. LEXIS 171398, at *3 (N.D. Cal. Dec. 3, 2012) (motion seeking two-month continuance of jury trial was "an improper administrative motion under Civil Local Rule 7-11"); *Morgenstein v. AT&T Mobility LLC*, No. CV 09-3173 SBA, 2009 U.S. Dist. LEXIS 91472, at *3 (N.D. Cal. Sept. 16, 2009) ("A motion to stay all litigation proceedings is not an 'administrative matter' suitable for expedited and summary disposition pursuant to Local Rule 7-11."); *Dister v. Apple-Bay E., Inc.*, No. C 07-01377 SBA, 2007 U.S. Dist. LEXIS 86839, at *9-10 (N.D. Cal. Nov. 14, 2007) (administrative motion "is an improper vehicle to bring a motion to stay").

### III.   THE EXISTING SCHEDULING ORDER ADDRESSES SAMSUNG'S ISSUES.

At the April 29, 2013, hearing, the Court anticipated that Samsung would likely dispute the scope of Apple's new expert report.  (Olson Decl. Ex. B at 70-71.)  The Court thus scheduled a date for potential motions by either party to strike inappropriate changes in the updated damages reports as compared to prior disclosures.  (*Id.* at 71:1-6.)  Both parties agreed to the schedule and proposed page limits for these motions.  (*Id.* at 72:18-23.)  The Court's Case Management Order then confirmed the briefing plan and set a hearing for October 10, 2013, to resolve these issues.  (Dkt. No. 2316 at 3.)

Samsung's motion ignores this Order.  The Court should not abandon the existing procedures and start anew when it has already clearly defined the path to resolve this type of dispute.  This is particularly true when Samsung has not even provided the Court with Ms. Davis's full report, let alone Mr. Musika's report against which to compare it.  In October, the Court will have the benefit of a complete record on which to rule.

### IV.   CONCLUSION

Samsung has not been prejudiced.  The Davis report specifically identifies Ms. Davis's agreement with and use of Mr. Musika's methods and the changes to certain limited inputs resulting from the verdict and this Court's orders.  The Court anticipated that Samsung or Apple might raise scope issues about the updated expert reports and established a procedure to address them.  Samsung's effort to evade that process should be rejected.

APPLE'S OPPOSITION TO SAMSUNG'S ADMINISTRATIVE MOTION FOR RELIEF FROM THE APRIL 29 ORDER
Case No. 11-cv-01846-LHK (PSG)
sf-3304714

5

Dated: July 5, 2013						MORRISON & FOERSTER LLP

							By:	*/s/ Harold J. McElhinny*
								HAROLD J. MCELHINNY

								Attorneys for Plaintiff
								APPLE INC.

APPLE'S OPPOSITION TO SAMSUNG'S ADMINISTRATIVE MOTION FOR RELIEF FROM THE APRIL 29 ORDER
Case No. 11-cv-01846-LHK (PSG)
sf-3304714

6