# Exhibit B

1                    UNITED STATES DISTRICT COURT

2                   NORTHERN DISTRICT OF CALIFORNIA

3                        SAN JOSE DIVISION

4

5

     APPLE INC., A CALIFORNIA            )   C-11-01846 LHK
6    CORPORATION,                        )
                                         )   SAN JOSE, CALIFORNIA
7                        PLAINTIFF,      )
                                         )   APRIL 29, 2013
8              VS.                       )
                                         )   PAGES 1-90
9    SAMSUNG ELECTRONICS CO., LTD.,      )
     A KOREAN BUSINESS ENTITY;           )
10   SAMSUNG ELECTRONICS AMERICA,        )
     INC., A NEW YORK CORPORATION;       )
11   SAMSUNG TELECOMMUNICATIONS          )
     AMERICA, LLC, A DELAWARE            )
12   LIMITED LIABILITY COMPANY,          )
                                         )
13                       DEFENDANTS.     )
                                         )
14   _____ )
                                         )

15

16                    TRANSCRIPT OF PROCEEDINGS
                 BEFORE THE HONORABLE LUCY H. KOH
17                  UNITED STATES DISTRICT JUDGE

18

19

20                   APPEARANCES ON NEXT PAGE

21

22

23   OFFICIAL COURT REPORTER:      LEE-ANNE SHORTRIDGE, CSR, CRR
                                   CERTIFICATE NUMBER 9595
24

25          PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY
                 TRANSCRIPT PRODUCED WITH COMPUTER

1    THE METHODLOGICAL CHALLENGES.

2        I THINK THAT'S ONE OF THE BENEFITS THAT WE'RE ACCRUING FROM

3    YOUR HONOR'S DIRECTION TO US IS WE WILL NOT HAVE DAUBERTS

4    BECAUSE DAUBERTS WERE DONE, AND DONE TO A FARE-THEE-WELL, LAST

5    YEAR.

6        IF THEY WANT TO CHALLENGE -- HAVING COERCED US INTO A

7    C.P.A. AND NOW SAYING, "OH, THE C.P.A. IS NOT QUALIFIED," FINE.

8            THE COURT:  ALL RIGHT.  WELL, WHAT ABOUT A -- THIS IS

9    WHAT I WAS GOING TO SUGGEST:  HAVE APPLE'S EXPERT -- IDENTIFY

10   ITS NEW C.P.A. EXPERT, ONE PERSON, BY MAY 13TH.

11           MR. JACOBS:  OKAY.

12           THE COURT:  OKAY?  APPLE SUBMIT -- I DON'T EVEN KNOW

13   IF YOU WOULD REALLY NEED ALL THESE DATES, OR ALL THIS TIME, BUT

14   I GUESS BECAUSE YOU'RE GETTING A NEW PERSON UP TO SPEED -- JUNE

15   24TH, WHICH IS I THINK THE DATE YOU REQUESTED.

16           MR. JACOBS:  IT'S TWO DAYS BEFORE, BUT THAT'S FINE,

17   YOUR HONOR.

18           THE COURT:  OKAY.  SAMSUNG'S REPORT, JULY 26TH.  YOU

19   REQUESTED, I THINK, 30 DAYS.

20       EXPERT DEPOSITIONS CONCLUDED BY AUGUST 7TH.

21       DOES THAT GIVE YOU ENOUGH TIME OR IS THAT TOO TIGHT?

22           MS. MAROULIS:  THAT MIGHT BE TOO TIGHT, YOUR HONOR,

23   BECAUSE WE'LL ALSO HAVE EXPERT DISCOVERY IN THE FOLLOW-ON CASE.

24           THE COURT:  OH, OKAY.  WHAT ABOUT AUGUST 30TH?

25   AUGUST 23RD?

1          MS. MAROULIS:  AUGUST 30TH, YOUR HONOR.

2          MR. JACOBS:  I THINK THE 23RD IS PLENTY, YOUR HONOR.

3   THAT IS NEARLY A MONTH FOR EXPERT DEPOSITIONS.

4          THE COURT:  OKAY.  THEN I WAS GOING TO ALLOW ONLY

5   SAMSUNG, NOT APPLE, ONE NO MORE THAN FOUR-PAGE, LET'S CALL IT A

6   RULE 702 OBJECTION BASED ON QUALIFICATIONS ALONE.

7      BECAUSE EVERYONE IS JUST GOING TO BE USING THE THEORIES

8   THAT HAVE ALREADY GONE THROUGH EXTENSIVE MOTION PRACTICE LAST

9   YEAR, THERE WILL BE NO NEW CHALLENGES TO THEORIES.  OKAY?

10         BUT IF YOU WANT TO CHALLENGE APPLE'S EXPERT ON WHETHER HE

11  OR SHE IS QUALIFIED TO GIVE THE OPINION, I THINK THAT IS

12  LEGITIMATE.  OKAY?  SO FOUR PAGES AT MOST.

13         MS. MAROULIS:  THANK YOU, YOUR HONOR.

14     AND WE HAVE TO RESERVE OUR RIGHT TO CHALLENGE IF THEY

15  CHANGE THE REPORT SUBSTANTIALLY, WHICH THEY CLAIM RIGHT NOW

16  THEY WON'T.

17         THE COURT:  OKAY.  SO I WAS GOING TO SET A DATE FOR

18  THAT AS WELL.

19     NOW, I'M GOING TO SET A HEARING DATE.  I WOULD LEAVE IT TO

20  THE PARTIES TO SET A BRIEFING SCHEDULE, ALTHOUGH I WANT FINAL

21  BRIEFS THREE WEEKS IN ADVANCE OF THE HEARING DATE.

22     BUT OCTOBER 10TH OF 2013 I WOULD HEAR THE ONE SAMSUNG

23  MOTION CHALLENGING THE QUALIFICATION SOLELY OF APPLE'S NEW

24  EXPERT AND ANY MOTIONS TO STRIKE FROM EITHER EXPERT REPORT.

25     NOW, LET'S PUT PAGE LIMITS ON THIS.  AND I DON'T THINK I

```
1    NEED -- I CERTAINLY DON'T THINK I NEED A REPLY ON THE 702.

2        BUT WE'LL SAY THAT APPLE CAN FILE A FOUR-PAGE RESPONSE TO

3    SAMSUNG'S FOUR-PAGE OBJECTION TO THE QUALIFICATIONS OF YOUR NEW

4    EXPERT.  NO REPLY ON THAT ONE.

5            MR. JACOBS:  OKAY.  THANK YOU.

6            THE COURT:  NOW, MOTION TO STRIKE FROM EACH OTHER'S

7    EXPERT REPORTS, I WOULD -- CAN WE LIMIT THAT TO TEN PAGES?

8            MR. JACOBS:  IS IT CLEAR, YOUR HONOR, THAT WE'RE

9    NOT --

10           THE COURT:  THERE REALLY SHOULDN'T BE ANYTHING.

11           MR. JACOBS:  THERE SHOULDN'T BE ANYTHING.

12           THE COURT:  IF EVERYONE FOLLOWS MY RULING OF NO NEW

13   THEORIES, NO NEW METHODOLOGIES, NO NEW DATA, NO NEW DAMAGES

14   PERIOD, THERE REALLY SHOULDN'T BE.

15       BUT I'M NOT TOTALLY OPTIMISTIC BASED ON MY EXPERIENCE WITH

16   THIS CASE OVER THE LAST TWO YEARS.

17       SO, I MEAN, I WOULD LIKE TO LIMIT THAT FURTHER, IF AT ALL

18   POSSIBLE, IN TERMS OF PAGE LIMITS.

19       AND I THINK A REPLY ACTUALLY MIGHT BE HELPFUL ON THAT

20   SCORE.

21       SO -- AND I ASSUME THAT THERE WILL PROBABLY BE

22   CROSS-MOTIONS WOULD BE MY GUESS.

23           MR. JACOBS:  CAN IT BE CLEAR, YOUR HONOR, THAT THOSE

24   MOTIONS LITERALLY ONLY GO TO THE -- TO ANY DIFFERENCES?

25           THE COURT:  YES, ANY DIFFERENCES FROM LAST TIME.
```

1          MR. JACOBS:  SO WE'RE -- TO STATE IT AGAIN, THE

2     OBVERSE, WE ARE NOT GOING TO BE RELITIGATING MR. WAGNER'S OR

3     MR. MUSIKA'S REPORTS.

4          THE ONLY PROPER FOCUS OF ANY MOTIONS TO STRIKE WILL BE THE

5     INCREMENT, THE CHANGE IN THE NEW REPORTS?

6          THE COURT:  YES.

7          MR. JACOBS:  OKAY.

8          MS. MAROULIS:  YOUR HONOR, IN TERMS OF PRESERVING THE

9     RECORD FOR APPEAL --

10          THE COURT:  YES.

11          MS. MAROULIS:  -- WE MIGHT NEED TO SIMPLY STATE OR

12     RESTATE OUR PRIOR MOTIONS AND OBJECTIONS.  WE'LL DOUBLE-CHECK

13     THAT.

14          THE COURT:  OKAY.

15          MS. MAROULIS:  BUT WE MIGHT HAVE TO, AT SOME POINT IN

16     THE HEARING OR IN WRITING, SIMPLY SAY THAT WE'RE RESTATING THEM

17     SO THAT THEY'RE NOT WAIVED, MUCH THE SAME WAY AS JURY

18     INSTRUCTIONS, YOU HAVE TO REPEAT IT MULTIPLE TIMES.

19          THE COURT:  OKAY.  THAT'S FINE.

20          I'M HOPING THAT YOU MAY JUST BE ABLE TO, YOU KNOW, PER

21     STIPULATION, BOTH PARTIES PRESERVE THE PREVIOUS OBJECTIONS THAT

22     THEY MADE TO METHODOLOGIES AND THEORIES AND CALCULATIONS OF THE

23     EXPERT, SOMETHING LIKE THAT.

24          BUT, YES, I DON'T WANT TO RELITIGATE -- ANYTHING THAT'S

25     ALREADY BEEN DECIDED AND HAS ALREADY SURVIVED A DAUBERT MOTION

1    OR A MOTION IN LIMINE WILL CONTINUE TO BE ADMISSIBLE AND PART

2    OF THE CASE.

3        SO LET'S SET LIMITS ON THAT IN TERMS OF PAGES.  WHAT --

4            MS. MAROULIS:  TEN PAGES ON MOVING PAPERS, TEN PAGES

5    ON OPPOSITION, AND SEVEN ON REPLY?

6            THE COURT:  WELL, I'M REALLY HOPING THAT IF -- IF MY

7    RULING AS TO THE SCOPE OF THE NEW EXPERT REPORTS IS FOLLOWED,

8    WE REALLY SHOULDN'T NEED --

9            MR. JACOBS:  SEVEN, SEVEN, FOUR, YOUR HONOR?

10           THE COURT:  YOU KNOW, WE SHOULDN'T NEED 54 PAGES OF

11   BRIEFING ON THIS, RIGHT?

12           MR. JACOBS:  SEVEN, SEVEN, FOUR?

13           THE COURT:  SO YOU'RE NOT OPTIMISTIC, EITHER.

14           MR. JACOBS:  NO, I AM.  I JUST -- I DON'T THINK THIS

15   IS ABOUT PAGE LIMITS SO MUCH.  I ACTUALLY THINK IT'S ABOUT

16   SCOPE, AND IF THERE ARE NEW ISSUES THAT ARISE, THEY SHOULD BE

17   VENTILATED.

18           THE COURT:  ARE YOU SATISFIED WITH THOSE LIMITS?

19           MS. MAROULIS:  THAT WOULD BE FINE, YOUR HONOR.

20           THE COURT:  SEVEN, SEVEN, FOUR?

21           MS. MAROULIS:  THAT WOULD BE FINE, YOUR HONOR.

22           THE COURT:  ALL RIGHT.  SO SEVEN, SEVEN, FOUR.

23       WORK OUT THE BRIEFING SCHEDULE.  IF YOU NEED TO THEN MOVE

24   UP THE EXPERT DEPOSITION DISCOVERY DEADLINE TO GET THE

25   BRIEFING -- I WOULD LIKE, PLEASE, THREE WEEKS WITH THE REPLY

1    BRIEFS AND THE FINAL BRIEFS FOR EACH MOTION.

2         MS. MAROULIS:  IS THE MOTION TO STRIKE HERE DIFFERENT

3    FROM OCTOBER 10, OR IT'S THE SAME?

4         THE COURT:  NO.  WE'LL TRY TO DO BOTH AT THE SAME

5    TIME, PLEASE.

6       OKAY.  NOW, THERE IS GOING TO BE AN ISSUE OF WHAT THE JURY

7    HEARS ABOUT INFRINGEMENT AND WHETHER THAT'S DONE THROUGH

8    WITNESSES AND WITNESS TESTIMONY, WHETHER THAT'S DONE THROUGH

9    JURY INSTRUCTIONS.

10       I FANTASIZE ABOUT A STIPULATION, BUT I DON'T THINK THAT'S

11    GOING TO HAPPEN.

12       BUT I WOULD LIKE SOME OPPORTUNITY TO HAVE YOU ALL MAKE A

13    PROPOSAL AS TO WHAT WOULD BE THE BEST WAY FOR THAT INFORMATION

14    TO COME IN, EXACTLY HOW IT SHOULD BE WORDED.

15         MS. MAROULIS:  YOUR HONOR, PERHAPS THE PARTIES CAN

16    MEET AND CONFER SOMETIME IN THE NEXT MONTH OR TWO --

17         THE COURT:  OKAY.

18         MS. MAROULIS:  -- AND FIGURE OUT SOMETHING TO PROPOSE

19    TO THE COURT JOINTLY.

20         THE COURT:  OKAY.  I WOULD SET A HEARING FOR THAT IF

21    YOU -- FOR OCTOBER 17TH, AND THAT COULD ALSO BE A JURY

22    INSTRUCTION CONFERENCE AS WELL, MS. MAROULIS, IF YOU WANT TO

23    HANDLE THAT TOGETHER, BOTH --

24         MS. MAROULIS:  YOUR HONOR, THE REASON TO MOVE IT OUT

25    A LITTLE BIT IS IF DAUBERT CHALLENGES OR MOTIONS TO STRIKE

1

2

3                          CERTIFICATE OF REPORTER

4

5

6

7          I, THE UNDERSIGNED OFFICIAL COURT REPORTER OF THE UNITED

8    STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA,

9    280 SOUTH FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY

10   CERTIFY:

11         THAT THE FOREGOING TRANSCRIPT, CERTIFICATE INCLUSIVE, IS

12   A CORRECT TRANSCRIPT FROM THE RECORD OF PROCEEDINGS IN THE

13   ABOVE-ENTITLED MATTER.

14

15

16   _____

     LEE-ANNE SHORTRIDGE, CSR, CRR

17   CERTIFICATE NUMBER 9595

18   DATED:  MAY 3, 2013

19

20

21

22

23

24

25