HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK (PSG)<br><br>**DECLARATION OF JULIE L. DAVIS, CPA, IN SUPPORT OF APPLE'S OPPOSITION TO SAMSUNG'S ADMINISTRATIVE MOTION FOR RELIEF FROM APRIL 29, 2013 CASE MANAGEMENT ORDER**<br><br>Place:    Courtroom 8, 4th Floor<br>Judge:   Hon. Lucy H. Koh |

I, Julie L. Davis, CPA, declare as follows:

1. I am a Principal at Davis & Hosfield Consulting LLC, located at 20 North Wacker Drive, Suite 2150, Chicago, Illinois 60606. I have been retained by Apple Inc. to serve as a damages expert in the above-captioned matter. I have been providing audit and financial consulting services to attorneys and corporate clients for over thirty-five years, and have worked on at least 300 intellectual property disputes over the course of my career.

2. I submitted an expert report in this matter on June 24, 2013. I understand that relevant portions of that report are attached to declarations submitted with Apple's opposition.

3. Before I began working on my expert report, I carefully reviewed the Court's March 1, 2013 Order re: Damages ("March 1 Order"), the April 29, 2013 Case Management Order, and the April 29, 2013 Case Management Hearing Transcript.

4. In preparing my report, I was mindful of the Court's ruling in the April 29 Case Management Order that the new trial on damages will be limited to "correct[ing] the erroneous notice dates," and that the parties must not "expand the scope of the damages trial by relying upon: (1) new sales data, including any sales after June 30, 201[2]; (2) new products; and (3) new methodologies or theories." *See* June 24 Expert Report ¶ 89.

5. I therefore prepared a calculation of the money damages to which Apple is entitled for Samsung's infringement of the patents and products at issue in the new trial using the same damages model and methodologies described in the expert reports and supplements prepared by Terry Musika of Invotex Group ("Invotex"). I used the same models and software tools, including certain Access databases and Excel spreadsheets prepared previously by Invotex in connection with the preparation of Mr. Musika's reports, supplements, and trial testimony. I worked with the same staff at Invotex that Mr. Musika used to support him in his analysis of Apple's damages. Except as specifically described in my report, I used as inputs the same data that Mr. Musika used as inputs to his model. *See* June 24 Expert Report ¶ 89.

6. As Mr. Musika noted in his original expert report dated March 22, 2012, he created a methodology and a model that could be adjusted to address differences regarding which products were included, which intellectual property was included, and the date on which Samsung

DAVIS DECLARATION ISO APPLE'S OPPOSITION TO SAMSUNG'S ADMINISTRATIVE MOTION RE: CMC ORDER
Case No. 11-cv-01846-LHK (PSG)
sf-3304828

1

had actual notice of Apple's patent and began any effort to design around it.  Thus, it was possible, working with Invotex, to use Mr. Musika's methods and the tools he had prepared to update the calculation of damages to address the circumstances presented in the new trial.  *See* June 24 Expert Report ¶ 90.

7.     In paragraphs 91 through 96 in my June 24 Expert Report, I identified specifically the changes that I made to the inputs to Mr. Musika's calculations and I reflected how each arose from the jury's August 24, 2012 Amended Verdict, the March 1 Order, or the April 29, 2013 Case Management Order.

8.     Further, when preparing the expert report, I followed the same overall structure as Mr. Musika's original and supplemental reports.  I reused 48 of the same exhibits that Mr. Musika used in his prior reports.  I modeled the remaining exhibits after those used by Mr. Musika and used a special "-PT" suffix to signify exhibits in which either the formatting or substantive information was modified or updated in light of the differences between the original and new trial.  I also separated and identified in my report changes made from Mr. Musika's reports so that these changes could be identified by the parties and the Court as a part of any review.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed this 3rd day of July 2013 in Washington, D.C.

*/s/ Julie L. Davis*
_____
JULIE L. DAVIS

DAVIS DECLARATION ISO APPLE'S OPPOSITION TO SAMSUNG'S ADMINISTRATIVE MOTION RE: CMC ORDER
Case No. 11-cv-01846-LHK (PSG)
sf-3304828

2