HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK (PSG)<br><br>**DECLARATION OF MARYLEE ROBINSON, CPA, IN SUPPORT OF APPLE'S OPPOSITION TO SAMSUNG'S ADMINISTRATIVE MOTION FOR RELIEF FROM APRIL 29, 2013 CASE MANAGEMENT ORDER**<br><br>Place:     Courtroom 8, 4th Floor<br>Judge:    Hon. Lucy H. Koh |

1      I, Marylee Robinson, CPA, declare as follows:

2      1.      I am a Director with Invotex Group ("Invotex"), located at 1637 Thames Street,

3 Baltimore, Maryland 21231.  I have played a substantial role in Apple's intellectual property

4 dispute with Samsung since September 2011, working closely with Terry Musika in the

5 preparation of his prior declarations, expert reports, and trial testimony in this case.  I also worked

6 closely with Julie L. Davis, CPA, and her staff in connection with the preparation of her expert

7 report served on June 24, 2013.

8      2.      At Ms. Davis's direction, Invotex used the same damages model and

9 methodologies to prepare the calculations in Ms. Davis's expert report that were previously

10 described by Mr. Musika in connection with his expert reports, including use of the same models

11 and software tools (*e.g.*, certain Access databases and Excel spreadsheets) that were previously

12 prepared by Invotex in connection with those reports.  In her June 24 Expert Report, Ms. Davis

13 described in much greater detail the use of these models, methods, and inputs.  Ms. Davis's report

14 identified specifically the changes that she made to the inputs to Mr. Musika's calculations in her

15 report, and she reflected how each arose from the jury's August 24, 2012 Amended Verdict, the

16 March 1 Order, or the April 29, 2013 Case Management Order.

17      3.      Mr. Musika previously calculated Samsung's profits on a revenue basis.  Those

18 calculations were presented in paragraphs 85 and 86 and Exhibits 17 and 18 of Mr. Musika's

19 original expert report dated March 22, 2012, and in Exhibits 17-S and 18-S to his supplemental

20 expert report dated May 8, 2012.  I attach these paragraphs and exhibits as **Exhibit A** to this

21 declaration.

22      4.      Mr. Musika previously calculated Samsung's total profits on an incremental profits

23 basis in paragraphs 39 to 40 of his supplemental report.  That calculation was presented in Exhibit

24 50-S to his supplemental expert report, which was later introduced at trial as Plaintiff's Exhibit

25 28.  I attach these paragraphs, Exhibit 50-S and PX28 as **Exhibit B** to this declaration.

26      5.      Mr. Musika previously calculated Apple's lost profits based in part on the number

27 of months that it would take Samsung to design, test, manufacture, and distribute an alternative

28 smartphone or tablet product that did not embody the accused element of Apple's protected

ROBINSON DECLARATION ISO APPLE'S OPP. TO SAMSUNG'S ADMINISTRATIVE MOTION RE: CMC ORDER
Case No. 11-cv-01846-LHK (PSG)
sf-3304871

1

1  intellectual property, as discussed in paragraph 129 of his original report.  Mr. Musika explicitly

2  stated in his report that the design-around period should start on the date on which Samsung had

3  actual notice of Apple's intellectual property, even though Mr. Musika's calculations initially

4  assumed that Apple would prevail on its position regarding when Samsung had such notice:

> Accordingly, Apple's lost sales are based on the amount of lost sales only during the number of months Samsung is removed from the market. Exhibit 20 identifies the number of months to design, test, manufacture and distribute an alternative smartphone and tablet that does not embody the accused element of each item of Apple Intellectual Property In Suit. This period begins at the later of the issuance of the item of Apple Intellectual Property In Suit or the date in which Samsung first sold the product embodying the Apple Intellectual Property In Suit *and assumes that Samsung had notice of the patents on that date*. I understand that Samsung contends that it lacked actual or constructive notice of its infringement for at least some of the patents until suit was filed. *To the extent that Samsung succeeds with respect to this claim, the calculations done to determine the amount of time that Samsung would be unable to sell products should begin at the date in which notice is proven.*

Mr. Musika reflected the same view in paragraph 89 of the original report, discussing changes "if

Samsung was on notice of the intellectual property and began an effort to design around the

patents at a different date."  At Ms. Davis's direction, and consistent with the Court's March 1

Order, Invotex prepared a calculation of Apple's lost profits for purposes of the new trial in which

the design-around periods start on the notice dates specified for each patent in the Court's March

1 Order.  This calculation follows Mr. Musika's original methodology.  I attach paragraphs 89

and 129 (and additional paragraphs surrounding them for context) from Mr. Muska's original

report as **Exhibit C** to this declaration.

6.       In preparing Mr. Musika's original and supplemental expert reports, Invotex had

access to and was aware of Apple's Rule 37(b)(2) Motion Regarding Samsung's Violations of the

January 27, 2012 Damages Discovery Order filed on February 28, 2012, including the declaration

of Eric R. Roberts in support of that motion.  I personally reviewed the declaration of Mr. Roberts

and discussed it with Mr. Musika.  The deficiencies identified by Mr. Roberts in his declaration,

which are discussed by Ms. Davis in paragraph 147 of her expert report, were also previously

discussed in paragraph 143 of Mr. Musika's original report and paragraphs 29 and 30 of Mr.

ROBINSON DECLARATION ISO APPLE'S OPP. TO SAMSUNG'S ADMINISTRATIVE MOTION RE: CMC ORDER
Case No. 11-cv-01846-LHK (PSG)
sf-3304871

2

Musika's supplemental expert report.  Apple's motion was referred to in footnote 129 to paragraph 143 of Mr. Musika's original report, and in paragraph 31 of Mr. Musika's supplemental expert report.  I attach these paragraphs as **Exhibit D** to this declaration.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed this 3rd day of July 2013 in Baltimore, Maryland.

_Marylu P. Robinson_
MARYLEE P. ROBINSON

ROBINSON DECLARATION ISO APPLE'S OPP. TO SAMSUNG'S ADMINISTRATIVE MOTION RE: CMC ORDER
Case No. 11-cv-01846-LHK (PSG)
sf-3304871

3