1  HAROLD J. MCELHINNY (CA SBN 66781)
   hmcelhinny@mofo.com
2  MICHAEL A. JACOBS (CA SBN 111664)
   mjacobs@mofo.com
3  RACHEL KREVANS (CA SBN 116421)
   rkrevans@mofo.com
4  ERIK J. OLSON (CA SBN 175815)
   ejolson@mofo.com
5  MORRISON & FOERSTER LLP
   425 Market Street
6  San Francisco, California  94105-2482
   Telephone:  (415) 268-7000
7  Facsimile:  (415) 268-7522

   WILLIAM F. LEE
   william.lee@wilmerhale.com
   WILMER CUTLER PICKERING
   HALE AND DORR LLP
   60 State Street
   Boston, MA 02109
   Telephone: (617) 526-6000
   Facsimile: (617) 526-5000

   MARK D. SELWYN (SBN 244180)
   mark.selwyn@wilmerhale.com
   WILMER CUTLER PICKERING
   HALE AND DORR LLP
   950 Page Mill Road
   Palo Alto, California 94304
   Telephone: (650) 858-6000
   Facsimile: (650) 858-6100

   Attorneys for Plaintiff and
   Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK<br><br>**APPLE'S MOTION TO SEAL REGARDING APPLE'S OPPOSITION TO SAMSUNG'S ADMINISTRATIVE MOTION FOR RELIEF FROM APRIL 29, 2013, CASE MANAGEMENT ORDER** |

In accordance with Civil Local Rules 7-11 and 79-5, and General Order No. 62, Apple submits this motion for an order to seal the following documents or portions thereof relating to Apple's Opposition to Samsung's Administrative Motion for Relief from April 29, 2013 Case Management Order ("Apple's Opposition to Mot. for Relief from CMO"):

    1.    Exhibits A, B, C, and D to the Declaration of Marylee Robinson, CPA, in Support of Apple's Opposition to Mot. for Relief from CMO;

    2.    Exhibit A to the Declaration of Erik J. Olson in Support of Apple's Opposition to Mot. for Relief from CMO.

As discussed further below, the Apple confidential financial information included in this request is the same type of information that is presently the subject of Apple's appeal to the Federal Circuit. For the reasons stated below, Apple requests that the Court order the information filed under seal or, if the Court denies Apple's motion to seal, Apple respectfully requests that the Court stay the disclosure of any information until a ruling by the Federal Circuit on the related appeal.

**Confidential Samsung Information**

Exhibits A, B, C, and D to the Robinson Declaration and Exhibit A to the Olson Declaration contain confidential Samsung information. Apple expects that pursuant to Civil Local Rule 79-5(d), Samsung will file a declaration supporting the filing of these materials under seal.

**Confidential Apple Financial and Capacity Information**

Exhibit C to the Robinson Declaration and Exhibit A to the Olson Declaration also contain confidential Apple financial and capacity information. The "good cause" standard applies to sealing these materials, as they relate to a non-dispositive motion. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003); *Philips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002).

Apple's confidential financial and capacity information qualifies as trade secret, and certainly meets the "good cause" standard. Apple seeks to seal profit/loss numbers in paragraph 88 of Exhibit A to the Olson Declaration, Apple profit information and data that would allow

calculation of profit information in paragraph 124 of Exhibit C to the Robinson Declaration, and capacity information in paragraph 127 of Exhibit C to the Robinson Declaration

The Court has previously approved sealing of capacity information, including the exact information at issue in paragraph 127 of Exhibit C to the Robinson Declaration, which consists of an excerpt from the Musika expert report. (Dkt. No. 1649 at 12-13.) As the Court ruled at that time:

> [D]isclosure of this information would cause substantial competitive harm to Apple. Competitors and suppliers armed with knowledge of Apple's capacity would be able to alter their business and pricing models to gain an unfair advantage over Apple in such a way that would harm its competitive standing. Suppliers, for instance, could predict when Apple would most need to increase supply and leverage this knowledge to exact substantial price increases. Similarly, competitors could lower their prices during periods when Apple has excess capacity and is therefore most vulnerable to a price cut. Although Apple seeks to seal *past* capacity data, such data is cyclical and would allow competitors and suppliers to discover the patterns in Apple's capacity that would make it easy to predict Apple's current and future capacity constraints.

(*Id.* at 4 (internal quotations and citations omitted).)

Apple's sensitive financial information also warrants sealing. Trade secrets, as defined in the Restatement of Torts, include information used in a business that gives an advantage over competitors who do not know or use it. *Restatement (First) of Torts* § 757, cmt. B. Detailed profit/loss information is precisely this type of information. *See, e.g.*, *SI Handling Sys., Inc. v. Heisley*, 753 F.2d 1244, 1260 (3d Cir. 1985) (data relating to profit margin constituted trade secrets); *Den-Tal-Ez, Inc. v. Siemens Capital Corp.*, 566 A.2d 1214, 1230 (Pa. Super. Ct. 1989) (profit margin data protectable as trade secret). For this reason, courts consistently recognize that detailed financial information constitutes a trade secret and a compelling need exists for maintaining its confidentiality. *See AMC Tech., LLC v. Cisco Sys.*, No. 11-cv-03403, 2012 U.S. Dist. LEXIS 9934, at *5-6 (N.D. Cal. Jan. 27, 2012) (finding compelling reasons to seal information that would have allowed public to determine profit margins); *TriQuint Semiconductor v. Avago Techs., Ltd.*, No. CV 09-1531, 2011 U.S. Dist. LEXIS 143942, at *10-11, *21 (D. Ariz. Dec. 12, 2011) (sealing confidential financial information including market

APPLE'S MOTION TO SEAL RE APPLE'S OPP. TO SAMSUNG'S MOT. FOR RELIEF FROM APRIL 29, 2013 CMO
CASE NO. 11-CV-01846-LHK
sf-3305297

2

analysis information, cost information, capacity information, and profit margins for specific products). The irreparable harm that would result from disclosure of trade secrets is undeniable. *See Am. Standard, Inc. v. Pfizer Inc.*, 828 F.2d 734, 741 (Fed. Cir. 1987) (recognizing harms of disclosure of confidential business information to competitors and collecting cases). Indeed, "[a] trade secret once lost is, of course, lost forever." *North Atl. Instruments, Inc. v. Haber*, 188 F.3d 38, 49 (2d Cir. 1999) (quotation marks omitted). And vigorous protection of such information is essential to maintaining a competitive business environment. *See Rockwell Graphic Sys., Inc. v. DEV Indus. Inc.*, 925 F.2d 174, 180 (7th Cir. 1991).

Apple takes extensive steps to protect the secrecy of its critical financial and capacity information. (Declaration of Cyndi Wheeler in Support of Apple's Motion to Seal ("Wheeler Decl.") ¶ 5.) Even within Apple, very few people have access to this information. Access is on a "need to know" basis and must be approved in advance by one of Apple's Vice Presidents of Finance. (Dkt. No. 1502 at ¶ 3.) The list of approved individuals is reviewed quarterly to remove employees who no longer require access to ensure that they do not receive that information. (*Id.*) On the rare occasions that Apple must disclose its non-public financial and capacity information to those outside Apple, it marks the information "confidential" and distributes it subject to highly restrictive nondisclosure agreements or protective orders. (*Id.*)

Apple goes to such lengths because, like its capacity information, the financial information that Apple seeks to keep confidential is competitively sensitive and derives enormous value from the fact that it is not shared with the general public or others who could derive economic benefit from this data—Apple's competitors. (Dkt. No. 1502 at ¶¶ 4-8; Wheeler Decl. ¶ 5.) Apple's competitors could use profits and loss data to undercut Apple's prices with unfair information. (Dkt. No. 1502 at ¶ 7; Wheeler Decl. ¶ 5.)

Because Apple's confidential financial and capacity data constitute invaluable trade secrets, and a compelling need exists for maintaining their confidentiality, Apple meets the "good cause" standard for sealing. *See, e.g., Jazz Photo Corp. v. United States*, 439 F.3d 1344, 1357-58 (Fed. Cir. 2006) (affirming order denying competitor access to a trial to avoid disclosure of confidential "documents and information relating to [litigant's] customers, suppliers,

APPLE'S MOTION TO SEAL RE APPLE'S OPP. TO SAMSUNG'S MOT. FOR RELIEF FROM APRIL 29, 2013 CMO
CASE NO. 11-CV-01846-LHK
sf-3305297

3

1   manufacturing processes, financial condition, and the quantity and value of its imports");

2   *TriQuint Semiconductor*, 2011 WL 6182346, at *2-4, *6-7 (sealing confidential financial

3   information including market analysis information, cost information, capacity information, and

4   profit margins for specific products). In light of the great volume of information already

5   disclosed, there is no public need for disclosure of Apple's narrowly identified trade secret

6   information. Any further disclosure would provide "comparatively little value to the public in

7   terms of enhancing its 'understanding [of] the judicial process.'" *Richardson v. Mylan Inc.*, No.

8   09-CV-1041, 2011 WL 837148, at *2 (S.D. Cal. Mar. 9, 2011) (noting that sealed portions of

9   record "do not include any information vital to understanding the nature of the underlying

10  proceedings"); *see also MMI, Inc. v. Baja, Inc.*, 743 F. Supp. 2d 1101, 1106 (D. Ariz. 2010)

11  (moving party demonstrated good cause to seal licensing agreement in patent infringement case in

12  part since "public has a diminished need for th[e] document because it is 'only tangentially

13  related to the underlying cause of action'" (quoting *Kamakana v. City and Cty. of Honolulu*, 447

14  F.3d 1172, 1179 (9th Cir. 2006))).

15  **If Sealing is Denied, the Court Should Stay the Effect of Its Order Pending Appeal**

16  Apple's appeal of the Court's prior denial of requests to seal profit information is pending.

17  Apple respectfully requests that if the Court denies sealing of any of the materials that are the

18  subject of this motion, the Court continue its practice of staying effect of its order pending appeal.

19  (Dkt. No. 2047 at 7.) As the Court has previously ruled, once information is publicly filed:

20  "[W]hat once may have been trade secret no longer will be. Thus, the parties may be irreparably

21  injured absent a stay. In contrast, the public interest, which favors disclosure of relevant

22  information in order to understand the proceedings, is not unduly harmed by a short stay." (*Id.*)

APPLE'S MOTION TO SEAL RE APPLE'S OPP. TO SAMSUNG'S MOT. FOR RELIEF FROM APRIL 29, 2013 CMO
CASE NO. 11-CV-01846-LHK
sf-3305297

4

1 | Dated: July 5, 2013	MORRISON & FOERSTER LLP

By:  */s/ Harold J. McElhinny*
   HAROLD J. MCELHINNY

Attorneys for Plaintiff
APPLE INC.
APPLE'S MOTION TO SEAL RE APPLE'S OPP. TO SAMSUNG'S MOT. FOR RELIEF FROM APRIL 29, 2013 CMO
CASE NO. 11-CV-01846-LHK
sf-3305297

5