# EXHIBIT 1
# FILED UNDER SEAL

1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5  Kathleen M. Sullivan (Cal. Bar No. 242261)
   kathleensullivan@quinnemanuel.com
6  Kevin P.B. Johnson (Cal. Bar No. 177129)
   kevinjohnson@quinnemanuel.com
7  Victoria F. Maroulis (Cal. Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
8  555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, California  94065-2139
9  Telephone: (650) 801-5000
   Facsimile: (650) 801-5100
10
   Susan R. Estrich (Cal. Bar No. 124009)
11 susanestrich@quinnemanuel.com
   Michael T. Zeller (Cal. Bar No. 196417)
12 michaelzeller@quinnemanuel.com
   865 S. Figueroa St., 10th Floor
13 Los Angeles, California 90017
   Telephone: (213) 443-3000
14 Facsimile: (213) 443-3100

15 Attorneys for SAMSUNG ELECTRONICS CO.,
   LTD., SAMSUNG ELECTRONICS AMERICA,
16 INC. and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC
17
                   UNITED STATES DISTRICT COURT
18
          NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION
19

20

| | |
|---|---|
| APPLE INC., a California corporation, | CASE NO. 11-cv-01846-LHK |
| Plaintiff, | **[PROPOSED] REPLY IN SUPPORT OF SAMSUNG'S ADMINISTRATIVE MOTION FOR RELIEF FROM APRIL 29, 2013 CASE MANAGEMENT ORDER** |
| vs. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | Place:   Courtroom 4, 5th Floor<br>Judge:   Hon. Lucy H. Koh |
| Defendants. | |

1 Apple apparently expects the Court to believe that its new 393-page expert report on
2 damages (including over 200 exhibits) simply replicated Mr. Musika's methodologies, based on
3 nothing more than its own say so.[1]  We have been down this road before.  Apple previously
4 assured the Court that it would introduce evidence establishing its purported notice dates.  Yet, the
5 evidence was nowhere to be found.  The fact is that, despite the Court's repeated warnings (*see,*
6 *e.g.,* Dkt. No. 2320("CMC Tr."), at 53:10-14 (The Court:  "[N]othing is going to change.  If it
7 does change, then I'm going to vacate the trial date and I will just set a CMC after Apple II goes to
8 trial."), Apple's Opposition confirms that its new expert report has *changed* the damages period,
9 *changed* the first sale dates, includes ▆ *"alternative calculations"* of damages not undertaken by
10 Mr. Musika or presented to the jury, and incorporates *dozens* of new documents and new
11 testimony nowhere to be found in any of Mr. Musika's reports.  The Court set a trial for
12 November of this year and Samsung agreed to a compressed schedule solely on the basis of
13 Apple's representations that it "understand[s] the Court's direction."  (*Id.* at 52:1).  Samsung
14 would never have agreed to this schedule, or to forego additional discovery, had it known that
15 Apple would serve a convoluted new report with ▆▆▆▆▆▆▆▆▆▆▆▆▆▆
16 ▆▆▆▆  Apple has pulled a "bait and switch" on both the Court and Samsung.  To avoid
17 prejudicing Samsung, Apple must be held to the Court's orders and its prior representations.

18      1. ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆  Apple argues that "Mr.
19 Musika previously prepared the same revenue-based calculations as Ms. Davis has now prepared,
20 and testified to Samsung's total revenues at trial."  (Opp'n at 2:27-28.)  Apple conveniently misses
21 the point.  Apple is limited to the same damages theories Mr. Musika presented *at trial*.  (CMC Tr.
22 at 67:20-21 ("You can -- you can present less [damages theories] if you want to, but you cannot
23 present more.").)  Apple does not dispute that Mr. Musika did not present a damages theory at trial
24 based on Samsung's revenues, yet ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ (*See*, *e.g.*, Dkt. No.
25 2326, Alden Dec., Ex. 2 at Ex. 17-PT.)

---

[1] Apple points out that the report is 393-pages long with exhibits, but "only" 111 pages of text.  This is a distinction without a difference because Samsung must respond to it all.

1   2.   ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇   Apple argues that Ms. Davis's calculations of Samsung's per-product "incremental profit" do not represent a "change in methodology."  (Opp'n at 3:13.)  Again, Apple is being disingenuous.  While Mr. Musika made one calculation of what Ms. Davis calls Samsung's "incremental profit" for all Samsung products (including unaccused products), he did not do so on a per-product basis, nor did he present any damages figures to the jury based on this calculation.  Ms. Davis's damages calculations based on Samsung's purported "incremental profit" for ▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇ are *entirely new, never seen before*.  Apple does not dispute this.

3.   ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇   Apple admits that it has "moved" the design around periods used in Mr. Musika's lost profits analysis.  (Opp'n at 3:14-16.)  At the CMC, Samsung requested that it have "an opportunity to present to the jury different damages period based on the design around availability."  (CMC Tr. at 81:14-16.)  Apple vociferously opposed (*Id.* at 81:17-23) and the Court denied Samsung's request.  Yet now, Apple itself openly concedes it has changed the damages period.  Apple fails to explain why it has not violated two different orders:  the Court's order that there be "no new damages period" (*id.* at 41:21-22), and the Court's pre-trial order precluding Apple from doing exactly what it proposes to do now.  (Mot. at n. 2, citing Dkt. No. 1690 at 2.)  There is no legitimate reason for Apple to change the design around periods and it has not identified one.

4.   ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇   Apple admits that Ms. Davis has prepared "*alternative* calculations using different start dates" because Apple intends to belatedly challenge an extensively-litigated prior Court order and it anticipates a "possible dispute" that it refuses to identify or describe.  (Opp'n at 3:23-25.)  Yet, Apple does not dispute that these are ▇▇ ▇▇▇▇▇▇▇ that do not simply respond to the new notice dates.

5.   ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇   Tellingly, Apple still refuses to clearly state that Ms. Davis's will not offer an opinion on irreparable harm or whether Samsung satisfied its burden of proof at trial, despite the Court's *Daubert* order.   (Dkt. No. 1157 at 13.)  Apple simply quotes Ms. Davis's report, which vaguely says she "understands" she will not offer an irreparable harm opinion *unless the Federal Circuit rules first* (Opp'n at 3:28-4:2),

1  and that she "will not testify to burdens of proof." (*Id.* at 4:5-6.) Apple's carefully crafted
2  representations highlight its gamesmanship.

3        6.    <u>The Davis Report relies on new evidence and testimony</u>: Apple does not dispute
4  that Ms. Davis relies on Mr. Roberts' declaration. Nor does Apple dispute that Mr. Musika did
5  not refer to or rely on this declaration, it was not presented to the jury, and Samsung had no
6  opportunity to depose or cross-examine Mr. Roberts. The fact that Mr. Musika was "aware" of the
7  declaration is irrelevant. Likewise, Apple does not dispute that Ms. Davis belatedly addresses
8  testimony to which Apple chose not to respond at trial and that she refers to dozens of documents
9  that Mr. Musika did not testify about, and which are directed to liability issues, not damages.

10        Apple's strategy is transparent: get the Court and Samsung to agree to a new compressed
11  schedule and page limitations based on a representation that its supplemental damages report
12  would simply adjust for the new notice dates, and then dump on Samsung a report which Apple
13  admits has [REDACTED]
14  [REDACTED]
15  There is no way Samsung would have agreed to a compressed schedule, foregone additional
16  discovery, and severely narrowed *Daubert* motions and motions to strike had it known this was
17  how Apple intended to "comply" with the Court's orders. Because Apple has flagrantly violated
18  the Court's CMC Order and severely prejudiced Samsung, the Court should vacate all deadlines
19  and set a new case management conference on further proceedings, including a deadline for Apple
20  to comply with the limitations on a new expert report previously set by the Court.

21  DATED: July 8, 2013          Respectfully submitted,

22                                        QUINN EMANUEL URQUHART & SULLIVAN, LLP

23                                        By  */s/ Victoria F. Maroulis*
24                                            Charles K. Verhoeven
25                                            Kevin P.B. Johnson
                                          Victoria F. Maroulis
26                                            Michael T. Zeller
                                          Attorneys for SAMSUNG ELECTRONICS CO., LTD.,
27                                            SAMSUNG ELECTRONICS AMERICA, INC. And
                                          SAMSUNG TELECOMMUNICATIONS AMERICA, LLC
28