| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781)<br>hmcelhinny@mofo.com<br>MICHAEL A. JACOBS (CA SBN 111664)<br>mjacobs@mofo.com<br>RACHEL KREVANS (CA SBN 116421)<br>rkrevans@mofo.com<br>ERIK J. OLSON (CA SBN 175815)<br>ejolson@mofo.com<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, California 94105-2482<br>Telephone: (415) 268-7000<br>Facsimile: (415) 268-7522<br><br>Attorneys for Plaintiff and<br>Counterclaim-Defendant APPLE INC. | WILLIAM F. LEE<br>william.lee@wilmerhale.com<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>60 State Street<br>Boston, MA 02109<br>Telephone: (617) 526-6000<br>Facsimile: (617) 526-5000<br><br>MARK D. SELWYN (SBN 244180)<br>mark.selwyn@wilmerhale.com<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>950 Page Mill Road<br>Palo Alto, California 94304<br>Telephone: (650) 858-6000<br>Facsimile: (650) 858-6100 |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK<br><br>**APPLE'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SAMSUNG'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL** |

Apple submits this memorandum in support of Samsung's Administrative Motion to File Documents Under Seal ("Samsung's Motion to Seal") (Dkt. No. 2326).

For the reasons set forth in the Declaration of Cyndi Wheeler in Support of Samsung's Administrative Motion to File Documents Under Seal filed herewith ("Wheeler Decl."), the Court should grant Samsung's Motion to Seal as to Apple's and IDC's confidential information.

In addition to the justifications for sealing Apple's financial and capacity information, and IDC's industry-wide market information, set out in the Wheeler Declaration, Apple notes that the Court has previously approved redactions of Apple's capacity information. (Dkt. No. 1649 at 12-14.) As the Court held at that time:

> [D]isclosure of this information would cause substantial competitive harm to Apple. Competitors and suppliers armed with knowledge of Apple's capacity would be able to alter their business and pricing models to gain an unfair advantage over Apple in such a way that would harm its competitive standing. Suppliers, for instance, could predict when Apple would most need to increase supply and leverage this knowledge to exact substantial price increases. Similarly, competitors could lower their prices during periods when Apple has excess capacity and is therefore most vulnerable to a price cut. Although Apple seeks to seal *past* capacity data, such data is cyclical and would allow competitors and suppliers to discover the patterns in Apple's capacity that would make it easy to predict Apple's current and future capacity constraints.

(*Id.* at 4 (internal quotations and citations omitted).)

Apple further respectfully requests that if the Court denies sealing of any of the materials that are the subject of Samsung's motion, the Court continue its practice of staying effect of its order pending appeal. (Dkt. No. 2047 at 7.) As the Court has previously held, once information is publicly filed, "what once may have been trade secret no longer will be. Thus, the parties may be irreparably injured absent a stay. In contrast, the public interest, which favors disclosure of relevant information in order to understand the proceedings, is not unduly harmed by a short stay." (*Id.*)

1 | Dated: July 8, 2013            MORRISON & FOERSTER LLP

By:    */s/ Erik J. Olson*
        ERIK J. OLSON

Attorneys for Plaintiff
APPLE INC.