| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781) <br> hmcelhinny@mofo.com <br> MICHAEL A. JACOBS (CA SBN 111664) <br> mjacobs@mofo.com <br> RACHEL KREVANS (CA SBN 116421) <br> rkrevans@mofo.com <br> ERIK J. OLSON (CA SBN 175815) <br> ejolson@mofo.com <br> MORRISON & FOERSTER LLP <br> 425 Market Street <br> San Francisco, California  94105-2482 <br> Telephone:  (415) 268-7000 <br> Facsimile:  (415) 268-7522 <br><br> Attorneys for Plaintiff and <br> Counterclaim-Defendant APPLE INC. | WILLIAM F. LEE <br> william.lee@wilmerhale.com <br> WILMER CUTLER PICKERING <br> HALE AND DORR LLP <br> 60 State Street <br> Boston, MA 02109 <br> Telephone: (617) 526-6000 <br> Facsimile: (617) 526-5000 <br><br> MARK D. SELWYN (SBN 244180) <br> mark.selwyn@wilmerhale.com <br> WILMER CUTLER PICKERING <br> HALE AND DORR LLP <br> 950 Page Mill Road <br> Palo Alto, California 94304 <br> Telephone: (650) 858-6000 <br> Facsimile: (650) 858-6100 |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, <br><br> Defendants. | Case No. 11-cv-01846-LHK (PSG) <br><br> **APPLE'S RESPONSE TO SAMSUNG'S ADMINISTRATIVE MOTION TO FILE REPLY IN SUPPORT OF SAMSUNG'S ADMINISTRATIVE MOTION FOR RELIEF FROM APRIL 29 CASE MANAGEMENT ORDER, OR ALTERNATIVELY, FOR A HEARING** <br><br> Place:     Courtroom 8, 4th Floor <br> Judge:    Hon. Lucy H. Koh |

APPLE'S RESPONSE TO SAMSUNG'S RULE 7-11 ADMINISTRATIVE REQUEST FOR LEAVE TO FILE REPLY
Case No. 11-cv-01846-LHK (PSG)
sf-3305958

Samsung files a new Rule 7-11 administrative request, seeking leave to file a reply or seeking a hearing on its July 1, 2013, Rule 7-11 request, which itself sought to vacate all dates in the Court's April 29, 2013, Case Management Order (Dkt. No. 2316). Samsung intentionally, but improperly, chose Rule 7-11 as the basis for its initial request. Rule 7-11 clearly excludes both replies and hearings. Samsung's original request was not a proper Rule 7-11 motion, but that is no reason to allow Samsung to abuse the process twice over by filing a new motion and a reply. This alone is sufficient reason to deny the request.

Samsung's arguments for filing a reply provide no reason to deviate from the clear mandate of the local rules. Samsung claims that the present Rule 7-11 record is too truncated to resolve these "complex" issues (Dkt. No. 2333-2 at 1), but that is a compelling reason to adhere to the motion to strike procedure that the Court established in the Case Management Order not a reason to add a reply.

Samsung argues that a reply is needed because Samsung provided "no substantive declarations in support" of its initial request, while Apple's opposition supported its statements with declarations and evidence. (Dkt. No. 2333-2 at 1.) Samsung's failure to support its motion is not a basis to make new arguments in the guise of a reply brief.

Further, Samsung's proposed reply merely reargues points from its original brief, with no new cases and no new evidence. A reply that simply repeats attorney arguments is not a necessary or useful expansion of the record.

The Court's motion to strike procedure and schedule provides a more than adequate means to resolve the issues that Samsung has raised. The Court should deny Samsung's present motion for leave to file a reply or set a hearing.

Dated: July 8, 2013                                MORRISON & FOERSTER LLP

By: */s/ Harold J. McElhinny*
HAROLD J. MCELHINNY

Attorneys for Plaintiff
APPLE INC.