QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

  Kevin P.B. Johnson (Bar No. 177129)
  kevinjohnson@quinnemanuel.com
  Victoria F. Maroulis (Bar No. 202603)
  victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065-2139
Telephone: (650)     801-5000
Facsimile: (650)     801-5100

  Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO.,
LTD., SAMSUNG ELECTRONICS AMERICA,
INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>                    Plaintiff,<br><br>           vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>                    Defendant. | CASE NO. 11-cv-01846-LHK<br><br>**NOTICE OF MOTION AND MOTION FOR NEW TRIAL REGARDING '381 PATENT PURSUANT TO FED. R. CIV. P. 59 BASED ON NEWLY DISCOVERED EVIDENCE OR, ALTERNATIVELY, FOR ENTRY OF JUDGMENT ON LIABILITY**<br><br>Date:      August 15,  2013<br>Time:      1:30 p.m.<br>Place:     Courtroom 8, 4th Floor<br>Judge:     Hon. Lucy H. Koh<br><br>**[PUBLIC REDACTED VERSION]** |

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

NOTICE OF MOTION AND MOTION ............................................................................. 1

PRELIMINARY STATEMENT .................................................................................... 3

STATEMENT OF FACTS............................................................................................ 4

ARGUMENT ................................................................................................................ 7

I.      THE COURT SHOULD ORDER A NEW TRIAL UNDER RULE 59 BASED ON
        THE REEXAMINATION OF APPLE'S '381 PATENT .................................... 7

        A.      THE EVIDENCE RELATED TO THE REEXAMINATION IS NEWLY
                DISCOVERED ........................................................................................8

        B.      THE EXERCISE OF DILIGENCE WOULD NOT HAVE RESULTED IN
                THE EVIDENCE BEING DISCOVERED AT AN EARLIER STAGE............... 10

        C.      THE EVIDENCE FROM THE REEXAMINATION WOULD HAVE
                CHANGED THE CLAIM CONSTRUCTION FOR THE '381 PATENT ............ 11

        D.      UNDER THE NEW CLAIM CONSTRUCTION ADVOCATED BY
                APPLE AND ADOPTED BY THE EXAMINER, THE JURY WOULD
                NOT HAVE FOUND INFRINGEMENT OF THE '381 PATENT ....................... 12

II.     ALTERNATIVELY, THE COURT SHOULD ENTER JUDGMENT ON
        LIABILITY ........................................................................................................ 15

CONCLUSION ..................................................................................................... 17

1

# <u>TABLE OF AUTHORITIES</u>

2

**Page**

3

### <u>Cases</u>

4

5
*Am. Piledriving Equip., Inc. v. Geoquip, Inc.*,
    637 F.3d 1324 (Fed. Cir. 2011)..................................................................11

6
*Aquatex Industries, Inc. v. Techniche Solutions*,
    419 F.3d 1374 (Fed. Cir. 2005)..................................................................13

7

8
*CVI/Beta Ventures, Inc. v. Tura LP*,
    112 F.3d 1146 (Fed. Cir. 1997)..................................................................11

9
*In re Calmar, Inc.*,
    854 F.2d 461 (Fed. Cir. 1988)....................................................................17

10

11
*Cole v. Kimberly-Clark Corp.*,
    102 F.3d 524 (Fed. Cir. 1996)....................................................................11

12
*Defenders of Wildlife v. Bernal*,
    204 F.3d 920 (9th Cir. 2000).......................................................................8

13

14
*Eagle Comtronics, Inc. v. Arrow Communication Laboratories Inc.*,
    305 F.3d 1303 (Fed. Cir. 2002)..................................................................13

15
*Fresenius Medical Care Holdings, Inc. v. Baxter Intern., Inc.*,
    2006 WL 1330003 (N.D. Cal. 2006)....................................................11, 12

16

17
*Jones v. Aero/Chem Corp.*,
    921 F.2d 875 (9th Cir. 1990).......................................................................8

18
*Landis v. North American Co.*,
    299 U.S. 248 (1936)...................................................................................17

19

20
*Robert Bosch, LLC v. Pylon Manufacturing Corp.*,
    __ F.3d __, 2013 WL 2664281 (Fed. Cir. June 14, 2013) ...........4, 15, 17

21
*SK hynix Inc. v. Rambus Inc.*,
    2013 WL 1915865 (N.D. Cal. 2013).....................................................8, 9, 10

22

23
*Southwall Technologies, Inc. v. Cardinal IG Co.*,
    54 F.3d 1570 (Fed. Cir. 1995)....................................................................11

24
*Standard Havens Products, Inc. v. Gencor Industries, Inc.*,
    897 F.2d 511 (Fed. Cir. 1990)..............................................................8, 9, 10

25

26
*TDM America LLC v. U.S.*,
    100 Fed. Cl. 485 (Fed.Cl. 2011)..............................................................8, 9

27
*Unique Concepts, Inc. v. Brown*,
    939 F.2d 1558 (Fed. Cir. 1991)..................................................................11

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Verizon Servs. Corp. v. Vonage Holdings Corp.*,
   503 F.3d 1295 (Fed. Cir. 2007) ........................................................................8

*Wharf v. Burlington N. R.R. Co.*,
   60 F.3d 631 (9th Cir. 1995) ...............................................................................9

**<u>Statutes</u>**

28 U.S.C. § 1292(c) ...........................................................................................1

28 U.S.C. § 1292(c)(2) .............................................................................1, 4, 16

Fed. R. Civ. P. 54(b) ........................................................................................16

Fed. R. Civ. P. 59(a)(1)(A) ..............................................................................1, 7

# NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on August 15, 2013, at 1:30 p.m., before the Honorable Lucy H. Koh, Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung") shall and hereby do move the Court pursuant to Fed. R. Civ. P. 59(a)(1)(A) for a new trial on liability as to Apple's claims for infringement of the '381 patent as to the following products:  Captivate, Continuum, Droid Charge, Epic 4G, Exhibit 4G, Fascinate, Galaxy Prevail, Galaxy S 4G, Galaxy S II (AT&T), Galaxy Tab, Galaxy Tab 10.1 (WiFi), Gem, Indulge, Infuse 4G, Mesmerize, Nexus S 4G, Replenish and Vibrant.  The eighteen products at issue in this motion are all products for which the jury found infringement of the '381 patent and awarded damages.  The Court ordered a new trial on damages as to all of the products at issue in this motion except the Fascinate, Galaxy S 4G, Galaxy S II (AT&T), Galaxy Tab 10.1(WiFi), Mesmerize and Vibrant.  Dkt. 2271.  This motion is based on "newly discovered evidence" because Samsung learned from PTO records made publicly available on June 12, 2013, that Apple had successfully advocated a new claim construction of the only asserted claim – Claim 19 – and significantly narrowed its scope in connection with reexamination proceedings before the PTO to avoid having this claim rejected due to the *Lira* reference.  Under this claim construction, the Captivate, Continuum, Droid Charge, Epic 4G, Exhibit 4G, Fascinate, Galaxy Prevail, Galaxy S 4G, Galaxy S II (AT&T), Galaxy Tab, Galaxy Tab 10.1 (WiFi), Gem, Indulge, Infuse 4G, Mesmerize, Nexus S 4G, Replenish and Vibrant cannot possibly infringe Claim 19 of the '381 patent.

Alternatively, Samsung hereby moves the Court for an order entering judgment on liability as to Apple's claims and Samsung's counterclaims, and for an order staying the remainder of this case pending resolution of appeal(s) of that judgment pursuant to 28 U.S.C. § 1292(c)(2).  This alternative request is brought on the grounds that in the event the Court does not permit further adjudication of liability, judgment should be entered as to liability so that the parties may take immediate appeal(s) to the U.S. Court of Appeals for the Federal Circuit.  Further, permitting an immediate appeal in that circumstance would promote judicial efficiency and economy by allowing the parties and the Court to obtain the benefit of the Federal Circuit's holdings on issues

NOTICE OF MOTION AND MOTION FOR NEW TRIAL, OR,
ALTERNATIVELY FOR ENTRY OF JUDGMENT ON LIABILITY

1   that could materially affect the necessity for and scope and contours of the partial new trial that the

2   Court has ordered.  To ensure that such direction is received before any new trial takes place, the

3   Court should stay the balance of this action pending appeal(s) of the liability judgment.

4          This motion is based on the memorandum of points and authorities below, the trial record,

5   the accompanying declarations of Robert J. Becher and Andries van Dam, Ph.D., all pleadings and

6   papers on file in this action, such matters as are subject to judicial notice, and all other matters or

7   arguments that may be presented in connection with this motion.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PRELIMINARY STATEMENT

At the trial in this action, Apple persuaded the jury that certain Samsung products infringed the '381 patent using a broad reading of Claim 19 of that patent.  But, to avoid having the claim cancelled as invalid due to the *Lira* reference during subsequent reexamination proceedings initiated by a third party, Apple advocated an entirely new and far narrower interpretation of Claim 19.  Based on the narrowed interpretation advanced by Apple during an oral interview with the Examiner in a desperate bid to save that claim, the Examiner changed his prior final rejection and confirmed Claim 19.  Samsung is entitled to a new trial on liability under Rule 59 based on these developments because there is "newly discovered evidence" that would have resulted in a finding of non-infringement with respect to the '381 patent.  The requested new trial on liability would include all products for which the jury found infringement of the '381 and awarded damages, regardless whether the Court ordered a new trial on damages for the product or let the damages award stand.  This includes the Captivate, Continuum, Droid Charge, Epic 4G, Exhibit 4G, Fascinate, Galaxy Prevail, Galaxy S 4G, Galaxy S II (AT&T), Galaxy Tab, Galaxy Tab 10.1 (WiFi), Gem, Indulge, Infuse 4G, Mesmerize, Nexus S 4G, Replenish and Vibrant ("New Trial Products").

Each of the three requirements for a new trial under Rule 59 based on newly discovered evidence is satisfied.  First, developments during a reexamination proceeding constitute "newly discovered evidence" as that term has been defined in the case law.  Second, the exercise of diligence would not have resulted in this evidence being discovered earlier.  Indeed, Samsung could not have predicted that Apple would change course and successfully proffer an entirely different interpretation of its claims during reexamination to avoid having its patent invalidated based on the *Lira* reference.  Samsung diligently monitored the reexamination and discovered that Apple successfully proposed an entirely different claim interpretation to the PTO immediately after this information became available – on June 12, 2013.

Third, if evidence from the reexamination had been available by the time of trial, it would have resulted in a new claim construction and Samsung would have defeated Apple's claim of infringement.  If Apple's position from reexamination is taken into account, Claim 19 now

NOTICE OF MOTION AND MOTION FOR NEW TRIAL, OR,
ALTERNATIVELY FOR ENTRY OF JUDGMENT ON LIABILITY

1  requires that the visual effect of edge alignment be present **and** the specific purpose or cause of

2  the computer instructions performing the snap back be to perform edge alignment.  For example, if

3  edge alignment occurs due to computer instructions that cause centering of an electronic

4  document, as in *Lira*, Claim 19 is not infringed.  As stated in the declaration of Samsung's expert,

5  Andries van Dam, Ph.D., under this new construction, the Court or jury would have necessarily

6  found that the New Trial Products do not infringe the '381 patent.

7          In the event the Court declines to order a new trial, it should enter judgment on liability as

8  to all of Apple's claims and Samsung's counterclaims in light of the Federal Circuit's recent *en*

9  *banc* decision *Robert Bosch, LLC v. Pylon Manufacturing Corp.*, __ F.3d __, 2013 WL 2664281

10  (Fed. Cir. June 14, 2013), which held that that 28 U.S.C. § 1292(c)(2) provides appellate

11  jurisdiction over a judgment in a patent case entered only on liability.  Were the Court to enter

12  such a judgment, it also should stay further proceedings in this case since a decision by the Federal

13  Circuit may materially affect the necessity for and scope and contours of the partial new trial that

14  the Court has ordered.

15                                      **STATEMENT OF FACTS**

16          The Verdict.  Apple accused each of the New Trial Products of infringing the '381 patent

17  and based its infringement case on some combination of the Browser, Gallery and Contacts

18  applications on each accused phone.[1]  Based on the evidence presented at trial, on August 24,

19  2012, the jury found that the New Trial Products infringed the '381 patent and awarded damages

20  for each of the New Trial Products.[2]

21          The Reexamination.  An anonymous third-party filed a reexamination request for the '381

22  patent on May 23, 2012.[3]  On October 13, 2012, the PTO issued a first office action rejecting

23  _____

24      [1]   Dkt. 1931; Trial Tr. at 1751:15-1755:5  (Declaration of Robert J. Becher, dated June 26,
25  2013 ("Becher Decl."), Exh. 1).  A chart reflecting which applications Apple accused for each
    New Trial Product is attached as Exhibit 2 to the Becher Declaration.  Importantly, Apple refused
26  to break out the accused phones by application as proposed on a verdict form which Samsung
    advocated.  Dkt. 2286, at 8.
27      [2]   Dkt. 1931.
        [3]   Notice of Intent to Issue Ex Parte Reexamination Certificate, at 2-3 (Becher Decl., Exh. 3).
28

NOTICE OF MOTION AND MOTION FOR NEW TRIAL, OR,
ALTERNATIVELY FOR ENTRY OF JUDGMENT ON LIABILITY

1   Claim 19, the only claim at issue in this action, as anticipated by the *Lira* reference.[4]   On March

2   29, 2013, the Examiner issued a final office action rejecting Claim 19 of the '381 patent over the

3   *Lira* reference.[5]   On April 29, 2013, this Court informed Apple that if the PTO confirmed its

4   rejection, the Court would likely stay the new damages trial as to the '381 Patent pending PTO

5   appeals.[6]

6        <u>Apple's Statements to the Examiner Limiting Claim 19</u>.  In response to the final office

7   action and the news regarding a likely stay of the trial on '381 patent, Apple presented a brand

8   new interpretation of Claim 19 to the PTO during two interviews, on May 9 and May 13, 2013,

9   and in a supplemental response filed May 13, 2013.[7]   As reflected in the Notice of Intent to Issue

10  Ex Parte Reexamination Certificate, Apple proffered its new construction in response to the

11  Examiner's probing questions about the *Lira* reference:

12       The Patent Owner's Representatives noted that claim 19, specifically

13  teaches "instructions for" translating "until the area beyond the edge of the electronic document is no longer displayed," where the Office asked for further clarification as to whether there is support for

14  actual coded instructions that effect this process, and noted that if there where [sic] this would be a good area to focus.  The Office

15  noted that though *corrective traversal* in Lira appears to stop when the area beyond the edge of the document is no longer displayed, it

16  is not specifically responsive to instructions requiring said *stop condition* (area beyond the edge of the electronic document is no

17  longer displayed) but rather a result of instructions to center (same effect, different cause).[8]

18       In its supplemental response to the PTO, Apple conceded that *Lira* "achieves the visual

19  result" called for by Claim 19, but argued that it still did not invalidate Claim 19 because the

20  computer instructions that caused the snap back function to occur had the purpose of causing the

21  web page to "center" on the screen rather than explicitly seeking to perform edge alignment.[9]

22

23  _____

24    [4]   Dkt. 2079.  In addition to claim 19, the PTO rejected all other claims in this office action.

25    [5]   Dkt. 2291.
      [6]   April 29, 2013 Hearing Transcript, at 12:9-13 (Becher Decl., Exh. 4).

26    [7]   Notice of Intent to Issue Ex Parte Reexamination Certificate, at 2-3 (Becher Decl., Exh. 3).
      [8]   Notice of Intent to Issue Ex Parte Reexamination Certificate, at 3 (Becher Decl., Exh. 3)

27  (emphases in original).
      [9]   van Dam Decl., ¶24.

28

1    Under the header "STATEMENT OF REASONS FOR PATENTABILITY AND/OR

2    CONFIRMATION," the Examiner explained:

3            **The '381 Patent Specification defines these "instructions" as
             (from column 3, lines 33-37) (paragraph [0012]):**

4

5            "The one or more programs further include instructions for
             translating the document in a second direction until the area beyond
             the edge of the document is no longer displayed, after the object is
6            no longer detected on or near the touch screen display."

7            * * *

8            In the supplemental response filed 5/13/2013, Patent Owner
             concedes that:

9

10           **"While Lira's snap-to-column function incidentally
             achieves the visual result of translating in the second direction
             "until the area beyond the edge of the electronic document is no
11           longer displayed" (only when the width of the column
             corresponds to the width of the display), Lira's function clearly
12           does so through the use of executable program instructions
             having a different stop condition based on centering of the
13           column."  (see page 7).[10]**

14   The Examiner then confirmed Claim 19, finding that *Lira* was not invalidating prior art:

15           In summary, Claim 19 is Confirmed, as there is no prior art disclosure of a similar
             device with "*programs including . . . **instructions for** translating the electronic
16           document in a second direction until the area beyond the edge of the electronic
             document is no longer displayed to display a fourth portion of the electronic
17           document, wherein the fourth portion is different from the first portion, in response
             to detecting that the object is no longer on or near the touch screen display.*"[11]

18
             Through its statements during reexamination, Apple disclaimed all subject matter with
19
     respect to Claim 19 in which the specific **purpose** or **cause** of the computer code that generates
20
     the snap back effect is anything other than edge alignment.[12]  Edge alignment occurs when the
21
     area beyond the edge of a document is shown visually, but then the edge alignment code causes
22
     that area beyond the edge to disappear so that the edge of the electronic document aligns to the
23

24   _____

25       [10]   Notice of Intent to Issue Ex Parte Reexamination Certificate, at 5 (emphasis
     original)(Becher Decl., Exh. 3) (bolding in original).
26       [11]   Notice of Intent to Issue Ex Parte Reexamination Certificate, at 6 (Becher Decl. Exh. 3)
27   (emphasis and bolding in original).
         [12]   van Dam Decl., ¶25.
28

                                                          NOTICE OF MOTION AND MOTION FOR NEW TRIAL, OR,
                                                          ALTERNATIVELY FOR ENTRY OF JUDGMENT ON LIABILITY

...

1  edge of the screen or window.[13]  In other words, Apple argued to the PTO that the **purpose** or

2  **cause** of the snap back in claim 19 must be edge alignment.[14]

3      <u>At Trial, Apple Did Not Present Evidence of Infringement Under the Construction of</u>

4  <u>Claim 19 it Presented to the PTO</u>.  In order to infringe under the construction argued by Apple and

5  accepted by the PTO, both the visual effect of edge alignment must be present **and** the specific

6  purpose or cause of the computer instructions performing the snap back must be to perform edge

7  alignment.[15]  By way of example, Claim 19 does not cover subject matter where the visual effect –

8  incidentally or otherwise – is edge alignment if the cause or purpose of the code was something

9  other than edge alignment.[16]  If edge alignment occurs due to computer instructions that cause

10  centering of an electronic document, as in *Lira*, Claim 19 is not infringed.[17]  But Apple's expert,

11  Dr. Ravin Balakrishnan, did not present evidence regarding the purpose of any code during his

12  trial testimony, did not analyze any code at all for the Contacts application and did not seek to

13  prove infringement by the Browser, Gallery or Contacts applications under this construction.[18]  A

14  review of the evidence Dr. Balakrishnan presented at trial by Samsung's expert, Andries van Dam,

15  Ph.D., reveals that the New Trial Products do not infringe Claim 19 of  the '381 patent under the

16  interpretation Apple presented to the PTO.[19]

17                      **ARGUMENT**

18  **I.**       **THE COURT SHOULD ORDER A NEW TRIAL UNDER RULE 59 BASED ON**

19             **THE REEXAMINATION OF APPLE'S '381 PATENT**

20      A court can grant a new trial under Federal Rule of Civil Procedure 59(a)(1)(A) "after a

21  jury trial, for any reason for which a new trial has been granted in an action at law in federal

22  court."  Courts have held that "newly discovered evidence" is a proper basis for granting a new

---

23

24     13  *Id*.
      14  *Id*.

25     15  van Dam Decl., ¶26.

26     16  *Id*.
      17  *Id*.

27     18  van Dam Decl., ¶29.
      19  van Dam Decl., ¶30.

28

1   trial after a jury trial. *Jones v. Aero/Chem Corp.,* 921 F.2d 875, 878 (9th Cir. 1990); *SK hynix Inc.*

2   *v. Rambus Inc.*, 2013 WL 1915865, *13 (N.D. Cal. 2013).  A new trial is warranted based on

3   "newly discovered evidence" if:  "(1) the evidence was discovered after trial; (2) the exercise of

4   due diligence would not have resulted in the evidence being discovered at an earlier stage; and (3)

5   the newly discovered evidence is of such magnitude that production of it earlier would likely have

6   changed the outcome of the case." *Defenders of Wildlife v. Bernal*, 204 F.3d 920, 929 (9th Cir.

7   2000).  Here, each of these factors is readily satisfied based on the new claim interpretation that

8   Apple presented to the PTO to avoid having Claim 19 of the '381 patent invalidated based on the

9   prior art reference *Lira*.  As a result, Samsung is entitled to a new liability trial with respect to the

10  New Trial Products.[20]

11          A.      **THE EVIDENCE RELATED TO THE REEXAMINATION IS NEWLY**

12                  **DISCOVERED**

13          In determining whether evidence is newly discovered, courts evaluate whether it existed at

14  the time of trial or judgment and was discovered after the trial or judgment. *Jones v. Aero/Chem*

15  *Corp.*, 921 F.2d 875 (9th Cir. 1990).  Reexamination proceedings that take place after a trial but

16  are based on facts that were available at the time of the trial constitute "newly discovered

17  evidence." *TDM America LLC v. U.S.*, 100 Fed.Cl. 485, 491 (Fed.Cl. 2011); *Standard Havens*

18  *Products, Inc. v. Gencor Industries*, Inc., 897 F.2d 511, 514-515 (Fed. Cir. 1990); *SK hynix Inc. v.*

19  *Rambus Inc.*, 2013 WL 1915865, *13 (N.D. Cal. 2013).  The Federal Circuit's decision in

20  *Standard Havens Products, Inc. v. Gencor Industries, Inc.*, 897 F.2d 511, 515 (Fed. Cir. 1990), is

21  instructive.  In *Standard Havens*, the Deputy Assistant Commissioner of Patents and Trademarks

22  withdrew a certificate of correction and ordered reexamination of a patent, finding that a specific

23  item of prior art raised "a substantial new question of patentability." *Id*. at 514.  The defendant

24  ───────────────

25  [20]  If the Court orders a new trial on liability, the Court should also vacate the damages awards
    for the Fascinate, Galaxy S 4G, Galaxy S II (AT&T), Galaxy Tab 10.1 (WiFi), Mesmerize and

26  Vibrant.  *See Verizon Servs. Corp. v. Vonage Holdings Corp.*, 503 F.3d 1295, 1310 (Fed. Cir.
    2007) (recognizing need for new trial on damages in case involving multiple patents where the

27  jury's verdict does not break down damages by patent and a finding of liability as to one patent is
    reversed).  Samsung proposes to brief this issue on a schedule set by the Court.

28

1  Gencor argued that the PTO's withdrawal of the certificate of correction and decision to order

2  reexamination constituted newly discovered evidence under Federal Rule of Civil Procedure 60(b)

3  – which is governed by the same general standard as Federal Rule of Civil Procedure 59(d) – and

4  demanded a new trial.[21]  *Id*. at 515.  The court accepted without question that the PTO's actions

5  constituted newly discovered evidence and found that Gencor "raise[d] serious questions of law

6  which could necessitate a new trial."  *Id*. at 515.

7      *TDM America LLC v. U.S.*, 100 Fed.Cl. 485 at 487, 488 (Fed.Cl. 2011), also found

8  developments during a reexamination to be new evidence.  In *TDM America LLC*, an anonymous

9  third party initiated a reexamination proceeding related to the two patents-in-suit and asserted that

10 the prior art presented questions of patentability.  *Id*. at 488.  The court subsequently granted

11 summary judgment of noninfringement to the defendant.  *Id*. at 487.  Upon completion of the

12 reexamination which found the claims valid, plaintiff TDM moved for relief under Federal Rule of

13 Civil Procedure 60(b)(2) and argued the reexamination constituted new evidence.  *Id*. at 490-491.

14 The court held that the motion was based on newly discovered evidence and held that "the facts to

15 which the reexamination pertained were in existence before the Court's decision."  *Id*. at 491

16 (*citing Chilson v. Metropolitan Transit Authority*, 796 F.2d 69 (5th Cir. 1986)).

17      In *SK hynix Inc. v. Rambus Inc.*, 2013 WL 1915865, *2, *13 (N.D. Cal. 2013), Judge

18 Whyte of the Northern District of California also recognized that developments in a reexamination

19 that take place after a trial can constitute "newly discovered evidence."  The plaintiff SK hynix

20 filed a Rule 59 motion based on the fact the PTO found several claims invalid due to obviousness

21 and anticipation during reexamination proceedings.  Referring to *Standard Havens Products*, the

22 court stated:  "However, the Federal Circuit has suggested that the Patent and Trademark Office's

23 decisions to withdraw approval of a certificate of correction and order reexamination might

24

25

_____

26  [21]  The standard for granting new trials under Rule 60 and Rule 59 are "essentially the same"

27  although a Rule 59 motion may require a slightly lower showing than a motion under Rule 60.
    *Wharf v. Burlington N. R.R. Co.*, 60 F.3d 631, 637 (9th Cir. 1995).

28

1  warrant a new trial.  *See Standard Havens Products, Inc. v. Gencor Industries, Inc.*, 897 F.2d 511,

2  515 (Fed. Cir. 1990)."  *SK hynix Inc. v. Rambus Inc.*, 2013 WL 1915865, *13 (N.D. Cal. 2013).

3        In this case, the reexamination commenced months before the trial started but was not

4  completed until after trial.  Moreover, the reexamination was based on facts, such as the *Lira* prior

5  art reference and the patent, that were in existence at the time of trial.  As a result, evidence

6  regarding the reexamination proceedings is newly discovered evidence under Federal Rule of Civil

7  Procedure 59 and the authorities cited above.

8        **B.      THE EXERCISE OF DILIGENCE WOULD NOT HAVE RESULTED IN**

9               **THE EVIDENCE BEING DISCOVERED AT AN EARLIER STAGE**

10        Moreover, the exercise of diligence would not have caused the evidence to be discovered

11  earlier.  Samsung's expert's report identified the *Lira* reference, the expert report of Dr.

12  Balakrishnan distinguished the *Lira* reference and Dr. Balakrishnan subsequently offered an

13  analysis of infringement of the '381 patent at trial.[22]  Given the *Lira* reference was extensively

14  litigated in this Court, Samsung could not have predicted that Apple would seek to overcome Lira

15  at the PTO by proffering an interpretation of Claim 19 that was drastically narrower than the

16  interpretation it offered in the trial.  As a result, no matter how diligently Samsung investigated, it

17  could have never discovered Apple's new position regarding Claim 19 sooner.[23]  And Samsung

18  was diligently monitoring the reexamination and discovered that Apple had been successful in

19  asserting a new interpretation on June 12, 2013, the day the PTO affirmed Claim 19.[24]

20  _____

21     [22]  Expert Report of Andries van Dam, Ph.D. Regarding Invalidity of U.S. Patent No.
22  7,469,381 (Becher Decl., Exh. 5); Rebuttal Expert Report of Ravin Balakrishnan, Ph.D. Regarding
   Validity of U.S. Patent 7,469,381 (Becher Decl., Exh. 6).
23     [23]  Further, the timing of the reexamination proceedings initiated by an anonymous third party
24  on May 23, 2012 is consistent with a finding of diligence too.  The third party filed the request
   months in advance of the trial in this action and slightly over a year after April 15, 2011 – the date
25  Apple initiated its lawsuit against Samsung.  Moreover, the reexamination request was filed
   shortly after the Court's April 4, 2012 claim construction order.  The request cited to – and relied
26  on in part – the Court's April 4, 2012 Order Construing Disputed Claim Terms to support its
   argument that *Lira* was invalidating prior art.  Request for *Ex Parte* Reexamination, at 33, n.2
27  (Becher Decl., Exh. 7).
     [24]  Dkts. 2304, 2308, 2323.
28

NOTICE OF MOTION AND MOTION FOR NEW TRIAL, OR,
ALTERNATIVELY FOR ENTRY OF JUDGMENT ON LIABILITY

## C.   THE EVIDENCE FROM THE REEXAMINATION WOULD HAVE CHANGED THE CLAIM CONSTRUCTION FOR THE '381 PATENT

Evidence of Apple's narrow and new interpretation of Claim 19 of the '381 patent – and the Examiner's acceptance of this interpretation – would have caused the Court or the jury to find that the New Trial Products do not infringe the '381 patent.[25]  As an initial matter, this evidence would have been considered in interpreting the claims and would have resulted in a different claim construction.  The Federal Circuit has recognized that a patentee's argument that a prior art reference is distinguishable can serve as a disclaimer of claim scope.  *Am. Piledriving Equip., Inc. v. Geoquip*, *Inc.*, 637 F.3d 1324, 1336 (Fed. Cir. 2011) ("American Piledriving unambiguously argued that 'integral' meant 'one-piece' during reexamination and cannot attempt to distance itself from the disavowal of broader claim scope."); *CVI/Beta Ventures, Inc. v. Tura LP*, 112 F.3d 1146, 1158 (Fed. Cir. 1997) ("[T]hrough statements made during prosecution or reexamination an applicant for a patent or a patent owner, as the case may be, may commit to a particular meaning for a patent term, which meaning is then binding in litigation."); *Cole v. Kimberly-Clark Corp.*, 102 F.3d 524, 532 (Fed. Cir. 1996) (finding patentee's statements made during reexamination to distinguish prior art to be binding in interpreting patent claims).  Moreover, it is also well-established that "[c]laims may not be construed one way in order to obtain their allowance and in a different way against accused infringers."  *Southwall Technologies, Inc. v. Cardinal IG Co.*, 54 F.3d 1570, 1576 (Fed. Cir. 1995), *cert. denied* 516 U.S. 987 (1995)(*citing Unique Concepts, Inc. v. Brown*, 939 F.2d 1558, 1562 (Fed. Cir. 1991).  As a result, the construction that Apple persuaded the PTO to adopt during the reexamination is binding on Apple in proceedings in this Court.  In addition, the Notice of Intent to Issue Ex Parte Reexamination Certificate would have also been admissible evidence.  As the court stated in *Fresenius Medical Care Holdings, Inc. v. Baxter Intern.*, *Inc.*, 2006 WL 1330003 (N.D. Cal. 2006), orders of the Patent and Trademark

---

[25]   Although the jury found the Galaxy Ace, Galaxy S (i9000) and Galaxy SII (i900) to infringe, it did not award damages for these products.  Dkt. 1930.  As a result, they are not included in this motion.

1   Office are admissible under the public records exception set forth in Federal Rule of Evidence

2   803(8).  *Id.* at *2-4.

3          Through its statements during reexamination, Apple disclaimed all subject matter with

4   respect to Claim 19 in which the specific **purpose** or **cause** of the computer code that generates

5   the snap back effect is anything other than edge alignment.[26]  Edge alignment occurs when the

6   area beyond the edge of a document is shown visually, but then the edge alignment code causes

7   that area beyond the edge to disappear so that the edge of the electronic document aligns to the

8   edge of the screen or window.[27]  In order to infringe under the construction argued by Apple and

9   accepted by the PTO, both the visual effect of edge alignment must be present **and** the specific

10  purpose or cause of the computer instructions performing the snap back must be to perform edge

11  alignment.[28]  By way of example, Claim 19 does not cover subject matter where the visual effect –

12  incidentally or otherwise – is edge alignment if the cause or purpose of the code was something

13  other than edge alignment.[29]  If edge alignment occurs due to computer instructions that cause

14  centering of an electronic document, as in *Lira*, Claim 19 is not infringed.[30]

15         **D.**     **UNDER THE NEW CLAIM CONSTRUCTION ADVOCATED BY APPLE**

16                 **AND ADOPTED BY THE EXAMINER, THE JURY WOULD NOT HAVE**

17                 **FOUND INFRINGEMENT OF THE '381 PATENT**

18         New information about the construction of the '381 patent from the reexamination would

19  have changed the outcome of the case as it would have resulted in a finding of noninfringement

20  with respect to the '381 patent.  As shown by the declaration of Samsung's expert Andries van

21  Dam, Ph.D. who evaluated the evidence Apple proffered at trial to support its claim that Samsung

22  infringed the '381 patent, the Browser, Gallery and Contacts applications – the applications Apple

23  accused at trial – do not infringe under the construction Apple proffered during reexamination.

24  _____

25      [26]  van Dam Decl., ¶25.
    [27]  *Id.*
26      [28]  *Id.* at ¶26.
    [29]  *Id.*
27      [30]  *Id.*

28

NOTICE OF MOTION AND MOTION FOR NEW TRIAL, OR,
ALTERNATIVELY FOR ENTRY OF JUDGMENT ON LIABILITY

1  Apple's expert, Dr. Ravin Balakrishnan, did not present evidence regarding the purpose of the

2  code when he testified concerning infringement at trial, did not even present code for the Contacts

3  application, and a review of the evidence he did present reveals that the New Trial Products do not

4  infringe under the interpretation Apple used to convince the PTO to confirm Claim 19.[31]  As a

5  consequence, Samsung would have prevailed at trial and defeated Apple's claim that the New Trial

6  Products infringe the '381 patent and is therefore entitled to a new trial as to liability.[32]

7        **Gallery**.  The code for Gallery that Dr. Balakrishnan relied on at trial does not perform

8  edge alignment.[33]  Instead, it performs centering, which is precisely what Apple argued was not

9  covered by Claim 19 when it distinguished *Lira* during reexamination.[34] ████████████████

10 ████████████████████████████████████████████████████████████████

11 ████████████████████[35]████████████████████████████████████████

12 ████████████████████████████████████████[36]  In landscape mode, the image is

13 bordered on its left and right edges by background rectangles and is clearly not edge aligned when

14 it comes to rest after snapping back.[37]  In portrait mode, the image appears to be both edge aligned

15 and centered, but the same centering logic as used in landscape mode is providing this visual

---

16

17   [31]  van Dam Decl., ¶29.
     [32]  Samsung does not infringe under the doctrine of equivalents either.  The doctrine of
18   prosecution history estoppel provides that a patentee who relinquishes subject matter during
     prosecution, either by amendment or argument, cannot subsequently claim the relinquished subject
19   matter is covered by its patent under the doctrine of equivalents.  *Eagle Comtronics, Inc. v. Arrow
     Communication Laboratories Inc.*, 305 F.3d 1303, 1315-1316 (Fed. Cir. 2002); *Aquatex
20   Industries, Inc. v. Techniche Solutions*, 419 F.3d 1374, 1382 (Fed. Cir. 2005).  Based on its
     statements to the examiner, Apple surrendered all subject matter in which the purpose of the
21   computer instructions that cause the snap back effect is anything other than strict edge alignment.
     van Dam Decl., ¶25.  Thus, Apple cannot argue that computer instructions whose purpose or cause
22   is something other than edge alignment – but that is in some way equivalent to such code –
     infringes Claim 19.  van Dam Decl., ¶27.  Moreover, even if Apple could argue infringement
23   under the doctrine of equivalents, there would be no infringement of Claim 19 because there are
     substantial differences between the Gallery and Browser code and Claim 19.  van Dam Decl.,
24   ¶¶37-38, 46-47.
     [33]  Moreover, a review of related code confirms this same conclusion.  van Dam Decl., ¶36.
25   [34]  *Id.* at ¶33.
26   [35]  *Id.* at ¶34.
     [36]  *Id.*
27   [37]  *Id.*

28

NOTICE OF MOTION AND MOTION FOR NEW TRIAL, OR,
ALTERNATIVELY FOR ENTRY OF JUDGMENT ON LIABILITY

1  effect.[38]  As a consequence, the Gallery application does not infringe Claim 19 under Apple's

2  interpretation.[39]

3      **Browser**.  With respect to Browser, Apple based its infringement case ████████████ █

4  ████████████████████████████████[40] █████████████████████████████████████████████ █

5  ███████████████████.[41]  However, the cause of the snap back effect is not edge alignment

6  code, as now required by Claim 19.[42]

7        ████████████████████████████████████████████████████████████████████████ █

8  ████████████████████████████████████████████████████[43] ████████████████████████ █

9  ██████████████████████████████████████████████████████████████████████████████

10 ████████████████████████████████████████████████████████████████████████ █

11 ██████████████████████████████████████████[4] ████████████████████████████████

12 ███████████████████████████████████████████████████████████████████████████████ █

13 ██████████████████████████████████████████████████████████████████████████ █

14 ███████████████████████████████████████████████████[45] ████████████████████████ █

15 ████████████████████████████████████████████████████████████████████ █

16 █████████████████████████████████████████████████████████████████████████ █

17 █████████████████████████[46]

18    ██████████████████████████████████████████████████████████████████████████

19 ████████████████████[47] ██████████████████████████████████████████████████

20

21  _____

22  [38]  van Dam Decl., ¶34.

23  [39]  *Id.* at ¶37.
    [40]  *Id.* at ¶40.

24  [41]  *Id.* at ¶41.
    [42]  *Id.*

25  [43]  *Id.* at ¶43.
    [44]  *Id.*  If it is determined that the user has not moved his finger with sufficient velocity,

26  doFling() exits, and an alternative event handler begins operation. *Id.* at ¶43, n.1.

27  [45]  *Id.*
    [46]  *Id.*

28  [47]  *Id.* at ¶44.

NOTICE OF MOTION AND MOTION FOR NEW TRIAL, OR,
ALTERNATIVELY FOR ENTRY OF JUDGMENT ON LIABILITY

1 ████████████████████[48]████████████████████

2 ███████████████████████████████████████████

3 ███████████████████████████████████████████

4 ████████████████████[49]████████████████████

5 ██████████████████[50]

6    **Contacts.**  The evidence Apple presented at trial does not show infringement by the

7 Contacts application under the new construction of Claim 19 either.[51]  Dr. Balakrishnan did not

8 discuss any computer instructions for the Contacts application at trial or in his expert report.[52]

9 Instead, he relied solely on images of the application to support his conclusion that the application

10 infringed.[53]  But, with respect to Contacts, it is impossible to tell what the purpose of the snap

11 back code is from simply looking at images of the application in action.[54]  Thus, there is no

12 evidence in the record that supports a finding of infringement of the Contacts application under the

13 new meaning of Claim 19.[55]

14 **II.    ALTERNATIVELY, THE COURT SHOULD ENTER JUDGMENT ON**

15 **LIABILITY**

16    If the Court declines to order a new trial, then Samsung respectfully requests that, in light

17 of the Federal Circuit's recent *en banc* decision in *Robert Bosch, LLC v. Pylon Manufacturing*

18 *Corp.*, __ F.3d __, 2013 WL 2664281 (Fed. Cir. June 14, 2013), the Court enter judgment as to

19 liability on all claims and counterclaims so that the parties may pursue immediate, interlocutory

20 appeals pursuant to 28 U.S.C. § 1292(c).  That provision states that an appeal may be made "from

21 a judgment in a civil action for patent infringement which would otherwise be appealable to the

22 United States Court of Appeals for the Federal Circuit and *is final except for an accounting*."  28

23

24 [48]  van Dam Decl., ¶44.
[49]  *Id.*
25 [50]  *Id.*
[51]  *Id.* at ¶48.
26 [52]  *Id.*
[53]  *Id.*
27 [54]  *Id.*
[55]  *Id.*

28

1    U.S.C. § 1292(c) (emphasis added).  In *Robert Bosch*, the Federal Circuit interpreted an

2    "accounting" to include "the determination of damages," 2013 WL 2664281, *6, thus clarifying

3    that appellate jurisdiction exists over a judgment in a patent case entered on liability alone.

4          In so holding, the Federal Circuit emphasized that, in enacting the predecessor to Section

5    1292(c)(2), Congress was motivated by the "high cost of an 'accounting.'"  2013 WL 2664281, at

6    *8 (citing H.R. Rep. No. 1890, 69th Cong., 2d Ses. 1 (1927); S. Rep. No. 1319, 69th Cong. 2d

7    Sess. (1927)).  Indeed, the Federal Circuit noted that "[g]iven the substantial reversal rate of

8    liability determinations on appeal, the whole expense of a damages trial is often wasted," and thus

9    the "policy concerns that motivated Congress to grant jurisdiction over cases that are final except

10   for an accounting" remain true today.  *Id.*

11         The Court has already resolved liability for all of Apple's claims, as well as Samsung's

12   counterclaims, and thus it should enter judgment on those liability determinations now so that the

13   Federal Circuit may provide the Court and the parties with immediate direction that will apply to

14   all further proceedings in this case.  While this Court correctly determined that the March 1 Order

15   granting a new damages trial is not presently appealable (Becher Decl., Exh. 4, April 29, 2013

16   Hearing Tr. at 26-37), were the Court to enter judgment on liability, the parties would be able to

17   appeal as of right under 28 U.S.C. § 1292(c)(2), and such an appeal would afford the Federal

18   Circuit the opportunity to review all liability issues involving Apple's claims and Samsung's

19   counterclaims.

20         As Samsung has previously explained in seeking entry of a partial final judgment pursuant

21   to Fed. R. Civ. P. 54(b), obtaining the benefit of the Federal Circuit's holdings *before* proceeding

22   with any new damages trial would promote judicial economy and efficiency by resolving which

23   patents and products should properly be the subject of any new trial, the proper standards and

24   instructions to be applied in such a new trial, and ultimately whether there need be any new trial at

25   all.  It would be wasteful to conduct a new trial on damages only later to obtain Circuit guidance

26   that necessitates yet a third trial.  By contrast, entering a liability judgment now and staying the

27   partial re-trial on damages until that direction can be obtained would help avoid the risk that the

28

NOTICE OF MOTION AND MOTION FOR NEW TRIAL, OR,
ALTERNATIVELY FOR ENTRY OF JUDGMENT ON LIABILITY

1   ordered new trial will, in the future, itself need to be supplemented with still more trials addressing

2   other claims and issues.[56]

3         To be sure, *Robert Bosch* arose in circumstances where, unlike here, the district court had

4   bifurcated the issues of damages (and willfulness) from liability.  *See* 2013 WL 2664281, at *1.

5   But *Robert Bosch* did not turn on that procedural wrinkle, as the Federal Circuit unambiguously

6   held that an "'accounting' in the context of § 1292(c)(2) includes the determination of damages."

7   *Id.* at *6.  Thus, here, a judgment would be "final except for an accounting," as required by

8   Section 1292(c)(2), were it to addresses liability but not the portion of the jury's damages verdict

9   that the Court upheld against post-trial challenge.  But even were Section 1292(c)(2) limited to

10  circumstances in which a district court bifurcates liability from damages, the Court did essentially

11  that here in ordering a new trial on damages but not liability (notwithstanding Samsung's Seventh

12  Amendment argument).  Indeed, the substantial potential efficiencies that prompted the enactment

13  of what is now Section 1292(c)(2) and that supported the Federal Circuit's decision in *Robert

14  Bosch* (*see supra*, at 1) are achievable here, as an immediate appellate determination of liability

15  could affect the scope--or even necessity--of the scheduled partial retrial on damages.

16                                      **CONCLUSION**

17        Because Apple has adopted an entirely new and significantly narrower claim construction

18  in connection with reexamination proceedings and it cannot prove infringement of the '381 patent

19  under this construction, the Court should grant Samsung's motion for a new trial on liability under

20  _____

21      [56]   While a district court is not obligated to stay a damages trial pending an appeal pursuant to
    Section 1292(c)(2), the Federal Circuit has recognized that "the policy underlying § 1292(c)(2)

22  was to allow a district court to stay a damages trial pending appeal."  *In re Calmar, Inc.*, 854 F.2d
    461, 463-64 (Fed. Cir. 1988); *see also id.* ("[I]t is clear that the purpose of the legislation, §

23  1292(c)(2), allowing interlocutory appeals in patent cases was to *permit* a stay of a damages
    trial.").  As Samsung has previously explained, a stay of the damages re-trial pending appeal is

24  appropriate here under the standard set forth in *Landis v. North American Co.*, 299 U.S. 248, 254-
    55 (1936), and its progeny because (1) Apple will suffer no prejudice from a stay that postpones

25  any new trial until the Federal Circuit rules on important legal issues that are likely to affect the
    necessity for and scope of any new trial; (2) both parties will be prejudiced if they must go

26  forward with a new trial without the benefit of a decision from the Federal Circuit, for this may
    well lead to waste and inequity and multiple retrials; and (3) a stay is in the interest of judicial

27  economy and efficiency for the same reasons.  *See* Dkt. 2281, at 17-18; Dkt. 2290, at 14-16.

28

Case No. 11-cv-01846-LHK
NOTICE OF MOTION AND MOTION FOR NEW TRIAL, OR,
ALTERNATIVELY FOR ENTRY OF JUDGMENT ON LIABILITY

1   the '381 patent as to all the New Trial Products.  In the event the Court does not order a new trial,

2   however, the Court should enter judgment on liability as to all of Apple's claims and Samsung's

3   counterclaims, and should stay further proceedings in this case pending the resolution of appeal(s)

4   from that judgment.

5   DATED: July 8, 2013                    Respectfully submitted,

6                                          QUINN EMANUEL URQUHART & SULLIVAN, LLP

7

8

9                                          By /s/  Victoria F. Maroulis

    Charles                                        K. Verhoeven
10                                         Kevin P.B. Johnson
                                           Victoria F. Maroulis
11                                         Michael T. Zeller

12                                         Attorneys for SAMSUNG ELECTRONICS CO., LTD.,
                                           SAMSUNG ELECTRONICS AMERICA, INC. and
13                                         SAMSUNG TELECOMMUNICATIONS AMERICA,
                                           LLC
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION FOR NEW TRIAL, OR,
ALTERNATIVELY FOR ENTRY OF JUDGMENT ON LIABILITY