# EXHIBIT 3



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/012,304 | 05/23/2012 | 7,469,381 | P4304USREX2/120730-002US | 4807 |

| 20872            7590           06/12/2013 |
|---|
| MORRISON & FOERSTER LLP |
| 425 MARKET STREET |
| SAN FRANCISCO, CA 94105-2482 |

| EXAMINER |
|---|
| BONSHOCK, DENNIS G |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3992 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 06/12/2013 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)



UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

**DO NOT USE IN PALM PRINTER**

(THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS)

BRYAN CAVE LLP

1290 AVENUE OF THE AMERICAS

NEW YORK, NY  10104

# EX PARTE REEXAMINATION COMMUNICATION TRANSMITTAL FORM

REEXAMINATION CONTROL NO. *90/012,304*.

PATENT NO. *7,469,381*.

ART UNIT *3992*.

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified *ex parte* reexamination proceeding (37 CFR 1.550(f)).

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a reply has passed, no submission on behalf of the *ex parte* reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).

PTOL-465 (Rev.07-04)

| | Control No. | Patent Under Reexamination |
|---|---|---|
| **Notice of Intent to Issue Ex Parte Reexamination Certificate** | 90/012,304 | 7,469,381 |
| | Examiner | Art Unit |
| | DENNIS BONSHOCK | 3992 |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

1. ☒ Prosecution on the merits is (or remains) closed in this *ex parte* reexamination proceeding. This proceeding is subject to reopening at the initiative of the Office or upon petition. *Cf.* 37 CFR 1.313(a). A Certificate will be issued in view of
   (a) ☒ Patent owner's communication(s) filed: *13 May 2013 and 20 May 2013*.
   (b) ☐ Patent owner's failure to file an appropriate timely response to the Office action mailed: _____.
   (c) ☐ Patent owner's failure to timely file an Appeal Brief (37 CFR 41.31).
   (d) ☐ The decision on appeal by the ☐ Board of Patent Appeals and Interferences ☐ Court dated _____
   (e) ☐ Other: _____.

2. The Reexamination Certificate will indicate the following:
   (a) Change in the Specification: ☐ Yes ☒ No
   (b) Change in the Drawing(s): ☐ Yes ☒ No
   (c) Status of the Claim(s):
      (1) Patent claim(s) confirmed: *14 and 17-19*.
      (2) Patent claim(s) amended (including dependent on amended claim(s)): _____
      (3) Patent claim(s) canceled: *1-13, 15-16, and 20*.
      (4) Newly presented claim(s) patentable: _____.
      (5) Newly presented canceled claims: _____.
      (6) Patent claim(s) ☐ previously ☐ currently disclaimed: _____
      (7) Patent claim(s) not subject to reexamination: _____.

3. ☒ Note the attached statement of reasons for patentability and/or confirmation. Any comments considered necessary by patent owner regarding reasons for patentability and/or confirmation must be submitted promptly to avoid processing delays. Such submission(s) should be labeled: "Comments On Statement of Reasons for Patentability and/or Confirmation."

4. ☐ Note attached NOTICE OF REFERENCES CITED (PTO-892).

5. ☒ Note attached LIST OF REFERENCES CITED (PTO/SB/08 **or PTO/SB/08 substitute**).

6. ☐ The drawing correction request filed on _____ is: ☐ approved ☐ disapproved.

7. ☐ Acknowledgment is made of the priority claim under 35 U.S.C. § 119(a)-(d) or (f).
   a)☐ All   b)☐ Some*   c)☐ None   of the certified copies have
      ☐ been received.
      ☐ not been received.
      ☐ been filed in Application No. _____.
      ☐ been filed in reexamination Control No. _____.
      ☐ been received by the International Bureau in PCT Application No. _____.
   * Certified copies not received: _____.

8. ☒ Note attached Examiner's Amendment.

9. ☒ Note attached Interview Summary (PTO-474).

10. ☐ Other: _____.

**All correspondence** relating to this reexamination proceeding should be directed to the **Central Reexamination Unit** at the mail, FAX, or hand-carry addresses given at the end of this Office action.

/Dennis G. Bonshock/
Primary Examiner, Art Unit 3992

cc: Requester (if third party requester)
U.S. Patent and Trademark Office
PTOL-469 (Rev. 07-10)   Notice of Intent to Issue Ex Parte Reexamination Certificate   Part of Paper No 20130522

Application/Control Number: 90/012,304 Page 2
Art Unit: 3992

## DETAILED ACTION

### *ex parte* Reexamination

This Office Action address claims 1-20 of U.S. Patent Number: 7,469,381 and is responsive to the Patent Owner's after final response filed 5-13-2013. It has been determined in the Order Granting *ex parte* Reexamination mailed 7-30-2012 that a substantial new question of patentability was raised in the Request for ex parte reexamination filed 5-23-2012.

## INTRODUCTION

During an interview on 5-9-2013, Patent Owner's Representatives presented their position that the Lira reference lacked the "stop condition" of the claims, where the translating in the second direction occurs "until the area beyond the edge of the electronic document is no longer displayed". To this, the Office noted that Lira does provide for animated snap-on-column functionality from an area off of the column upon pen lift (see page 15, lines 18-31), where the width of the column is sized to the window size so as to be less than or equal to the window width (see page 11, lines 10-17), with specific recitations to the column widths corresponding to the display width 425 (see column 10, lines 1-5). The Office believes this is important to point outs as when the window snaps back to the column, corrective scrolling is stopped when the display is centered over the column, thereby placing the edges of the column at the edges of the equally sized display, where at the exact instance that the widow is centered the area beyond the edge ceases to be displayed (same result).

The Patent Owner's Representatives noted that claim 19, specifically teaches "instructions for" translating "until the area beyond the edge of the electronic document is no longer displayed", where the Office asked for further clarification as to whether there is support for actual coded instructions that effect this process, and noted that if there where this would be a good area to focus.  The Office noted that though *corrective traversal* in Lira appears to stop when the area beyond the edge of the document is no longer displayed, it is not specifically responsive to instructions requiring said *stop condition* (area beyond the edge of the electronic document is no longer displayed) but rather a result of instructions to center (same effect, different cause).

In a subsequent response filed 5-13-2013, Patent Owner provided specific support in the specification for "instructions for" translating "until the area beyond the edge of the electronic document is no longer displayed" (specifically paragraphs [0009], [0012], [0013], and [0100]).

After further review by the Examiner, a call was placed to the Patent Owner on 5-22-2013 during which a decision was made to confirm claim 19 and cancelclaims 1-13, 15, 16, and 20, where these canceled claims were neither previously confirmed (as were claims 14, 17, and 18) nor provided said specific recitation to "instructions for" translating… "until the area beyond the edge of the electronic document is no longer displayed".

Application/Control Number: 90/012,304                                            Page 4
Art Unit: 3992

## EXAMINER'S AMENDMENT

During a telephonic interview with Peter Yim and Brian Ho on May 22, 2013 an agreement was made to cancel claims 1-13, 15, 16, and 20.

An examiner's amendment to the record appears below. The changes made by this examiner's amendment will be reflected in the reexamination certificate to issue in due course.

Claims 1-13    (cancelled)

Claim 15       (cancelled)

Claim 16       (cancelled)

Claim 20       (cancelled)

### STATEMENT OF REASONS FOR PATENTABILITY AND/OR CONFIRMATION

The following is an examiner's statement of reasons for patentability and/or confirmation of the claims over the prior art currently of record in this reexamination proceeding:

Claim 19 recites the feature of:

> "*programs including... instructions for translating the electronic document in a second direction until the area beyond the edge of the electronic document is no longer displayed to display a fourth portion of the electronic document,*

Application/Control Number: 90/012,304                                                                                      Page 5
Art Unit: 3992

*wherein the fourth portion is different from the first portion, in response to*

*detecting that the object is no longer on or near the touch screen display."*

**The '381 Patent Specification defines these "instructions" as (from column 3, lines 33-37) (paragraph [0012]):**

```
"The one or more programs further include instructions for
translating the document in a second direction until the area
beyond the edge of the document is no longer displayed, after
the object is no longer detected on or near the touch screen
display."
```

Further reference to this program based executable instructions can be found in the

specification at paragraphs [0009], [0013], and [0100].

In the supplemental response filed 5/13/2013, Patent Owner concedes that:

**"While Lira's snap-to-column function incidentally achieves the visual result of translating in the second direction "until the area beyond the edge of the electronic document is no longer displayed" (only when the width of the column corresponds to the width of the display), Lira's function clearly does so through the use of executable program instructions having a different stop condition based on centering of the column.**" (see page 7)

   Van Den Hoven is further lacking in this respect, as there is no reliance on Van

Den Hoven by the third party requestor, nor could support be found in the reference.

   The rejections over the Ording '975 reference have been removed in response to

the 37 C.F.R. § 1.131 declaration filed by Mr. Ording.

Application/Control Number: 90/012,304                                                              Page 6
Art Unit: 3992

In summary, Claim 19 is Confirmed, as there is no prior art disclosure of a similar device with "*programs including… **instructions for** translating the electronic document in a second direction until the area beyond the edge of the electronic document is no longer displayed to display a fourth portion of the electronic document, wherein the fourth portion is different from the first portion, in response to detecting that the object is no longer on or near the touch screen display.*"

**Reasons for confirmation of 14, 17, and 19 (as previously provided):**

Claims 14 specifically teach "the area beyond the edge of the document is visually distinct from the document", where Lira at no point mentions displaying the area beyond the edge of the document as visually distinct from the document. Claim 14 is herein confirmed for the reasons provided above.

Claim 17 specifically teaches "translating in the first direction prior to reaching the edge of the electronic document has a first associated translating distance that corresponds to a distance of movement of the object prior to reaching the edge of the electronic document; and wherein displaying an area beyond the edge of the electronic document comprises translating the electronic document in the first direction for a second associated translating distance, wherein the second associated translating distance is less than a distance of movement of the object after reaching the edge of the electronic document." This basically has to do with dampening the movement of the display once the edge is crossed, where Lira at no point mentions such as dampening

Application/Control Number: 90/012,304                                                                                   Page 7
Art Unit: 3992

of the movement once the edge is crossed.  Claim 17 is herein confirmed for the reasons provided above.

　　　　Van Den Hoven is further lacking in this respect, as there is no disclosure of the deceleration being resultant upon the edge of a list or the edge of a document being reached and crossed.

　　　　Claim 18 specifically teaches "translating in the first direction prior to reaching the edge of the electronic document has a first associated translating speed that corresponds to a speed of movement of the object, and wherein displaying an area beyond the edge of the electronic document comprises translating the electronic document in the first direction at a second associated translating speed, wherein the second associated translating speed is slower than the first associated translating speed".  This basically has to do with dampening the speed of translation of the display once the edge is crossed, where Lira at no point mentions such as dampening of the speed of translation once the edge is crossed.  Claim 18 is herein confirmed for the reasons provided above.

　　　　Van Den Hoven is further lacking in this respect, as there is no disclosure of the deceleration being resultant upon the edge of a list or the edge of a document being reached and crossed.

**In summary, Claims 14, 17, 18, and 19 are Confirmed.**

Application/Control Number: 90/012,304                                                                Page 8
Art Unit: 3992

Any comments considered necessary by PATENT OWNER regarding the above statement must be submitted promptly to avoid processing delays. Such submission by the patent owner should be labeled: "Comments on Statement of Reasons for Patentability and/or Confirmation" and will be placed in the reexamination file.

### Conclusion

All correspondence relating to this *ex parte* reexamination proceeding should be directed:

By Mail to:   Mail Stop Ex Parte Reexam

Central Reexamination Unit

Commissioner for Patents

United States Patent & Trademark Office

P.O. Box 1450

Alexandria, VA 22313-1450

By FAX to:   (571) 273-9900

Central Reexamination Unit

Application/Control Number: 90/012,304 Page 9
Art Unit: 3992

By hand: Customer Service Window

Randolph Building

401 Dulany Street

Alexandria, VA 22314

By EFS-Web:

Registered users of EFS-Web may alternatively submit such correspondence via the electronic filing system EFS-Web, at

https://efs.uspto.gov/efile/myportal/efs-registered

EFS-Web offers the benefit of quick submission to the particular area of the Office that needs to act on the correspondence. Also, EFS-Web submissions are "soft scanned" (i.e., electronically uploaded) directly into the official file for the reexamination proceeding, which offers parties the opportunity to review the content of their submissions after the "soft scanning" process is complete.

Any inquiry concerning this communication or earlier communications from the Reexamination Legal Advisor or Examiner, or as to the status of this proceeding, should be directed to the Central Reexamination Unit at telephone number (571) 272-7705.

/Dennis G. Bonshock/

Primary Examiner, Art Unit 3992

Conferees:

Application/Control Number: 90/012,304 Page 10
Art Unit: 3992

/Adam L Basehoar/

Primary Examiner, Art Unit 3992


/Alexander J Kosowski/

Supervisory Patent Examiner, Art Unit 3992