# EXHIBIT 4

```
 1                  UNITED STATES DISTRICT COURT

 2                NORTHERN DISTRICT OF CALIFORNIA

 3                      SAN JOSE DIVISION

 4

 5
      APPLE INC., A CALIFORNIA      )  C-11-01846 LHK
 6    CORPORATION,                  )
                                    )  SAN JOSE, CALIFORNIA
 7                   PLAINTIFF,     )
                                    )  APRIL 29, 2013
 8              VS.                 )
                                    )  PAGES 1-89
 9    SAMSUNG ELECTRONICS CO., LTD.,)
      A KOREAN BUSINESS ENTITY;     )
10    SAMSUNG ELECTRONICS AMERICA,  )
      INC., A NEW YORK CORPORATION; )
11    SAMSUNG TELECOMMUNICATIONS    )
      AMERICA, LLC, A DELAWARE      )
12    LIMITED LIABILITY COMPANY,    )
                                    )
13                   DEFENDANTS.    )
                                    )
14                                  )
                                    )
15

16              TRANSCRIPT OF PROCEEDINGS
            BEFORE THE HONORABLE LUCY H. KOH
17             UNITED STATES DISTRICT JUDGE

18

19

20              APPEARANCES ON NEXT PAGE

21

22

23    OFFICIAL COURT REPORTER:   LEE-ANNE SHORTRIDGE, CSR, CRR
                                 CERTIFICATE NUMBER 9595
24

25         PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY
                TRANSCRIPT PRODUCED WITH COMPUTER
```

```
 1              CALIFORNIA, 2006.
 2              SO AT THIS TIME, BECAUSE THE QUESTION OF WHETHER THE
 3    RE-EXAMINATION COULD BE REOPENED IS STILL UNRESOLVED, THE COURT
 4    MAKES THE FOLLOWING FINDINGS:  THAT THE STAGE OF THE CASE
 5    FAVORS APPLE SINCE WE ARE POST-TRIAL AND POST-POST-TRIAL
 6    MOTIONS AND POST-VERDICT.
 7              THE SECOND FACTOR, WHETHER A STAY WOULD SIMPLIFY THE COURT
 8    PROCEEDINGS, FAVORS SAMSUNG BECAUSE IT CERTAINLY WOULD SIMPLIFY
 9    THE PROCEEDINGS TO HAVE THE '381 OR THE '915 PATENT NOT BE
10    RETRIED OR -- IT STILL -- IT WOULD CERTAINLY SIMPLIFY THE
11    PROCEEDINGS.
12              NUMBER THREE, RIGHT NOW, WHILE THE QUESTION IS STILL OPEN
13    BECAUSE AS FAR AS THE '915 PATENT WE DON'T YET HAVE A FINAL
14    OFFICE ACTION, SO WE DON'T KNOW HOW THE PTO EXAMINER IS GOING
15    TO ULTIMATELY RESOLVE ANY INVALIDITY CHALLENGES, AND RIGHT NOW
16    WHILE THE '381 STILL HAS A POTENTIAL OF HAVING THE
17    RE-EXAMINATION REOPENED, THE COURT BELIEVES THAT THE THIRD
18    FACTOR, WHETHER A STAY WOULD UNDULY PREJUDICE OR PRESENT A
19    CLEAR TACTICAL DISADVANTAGE TO THE NON-MOVING PARTY, THAT THAT
20    FAVORS APPLE AT THIS TIME BECAUSE THEY DO HAVE A JURY VERDICT
21    OF DAMAGES ON THESE PATENTS AND FURTHER DELAYING ACTUAL RELIEF
22    WOULD BE UNDULY PREJUDICIAL AND PRESENT A CLEAR TACTICAL
23    DISADVANTAGE.
24              NOW, HAVING SAID THAT, IF THE EXAMINER DECIDES NOT TO
25    REOPEN THE CASE AND APPLE IS FORCED TO FILE A NOTICE OF APPEAL,
```

```
 1      THEN I THINK THAT THAT THIRD FACTOR MAY THEN SWING INTO

 2   SAMSUNG'S FAVOR, BECAUSE IF THIS IS AN INVALID PATENT, THEN

 3   CERTAINLY IT WOULD BE MORE PREJUDICIAL AND MORE OF A TACTICAL

 4   DISADVANTAGE TO SAMSUNG TO HAVE TO DO A SECOND TRIAL AND TO

 5   HAVE TO DO, YOU KNOW, FURTHER LITIGATION ON I.P. THAT MAY

 6   ULTIMATELY NOT BE VALID.

 7      SO WHAT I'M GOING TO DO IS FOR NOW I AM DENYING THE STAY

 8   REQUEST.

 9      HOWEVER, I WOULD ASK THAT YOU KEEP THE COURT INFORMED OF

10   ANY NEW DEVELOPMENTS WITH THE PTO, BECAUSE IF THE EXAMINER DOES

11   NOT REOPEN THE PROSECUTION AND APPLE IS FORCED TO FILE A NOTICE

12   OF APPEAL, THEN THE COURT WILL LIKELY STAY ANY PROCEEDINGS AS

13   TO THE '381.  OKAY?

14      AND THAT WILL NOT BE ANY -- IN ANY RETRIAL.  OKAY?

15      SO THAT'S MY RULING ON THE RE-EXAMS.

16          MR. JACOBS:  THANK YOU, YOUR HONOR.

17          MS. MAROULIS:  YOUR HONOR, MAY WE BE HEARD ON THE

18   FIRST FACTOR OR THIS IS THE FINAL RULING?

19          THE COURT:  I'M SORRY, THAT'S THE FINAL RULING.

20          MS. MAROULIS:  OKAY.  THANK YOU.

21          THE COURT:  BUT, MS. MAROULIS, YOU LET ME KNOW IF

22   THERE'S NO --

23          MS. MAROULIS:  YES, YOUR HONOR, ABSOLUTELY.  WE WILL

24   BE FILING SOMETHING IN MAY AND IN JUNE TO APPRISE THE COURT OF

25   THE PROCESS OF THE RE-EXAMINATION.
```

```
 1                THE COURT:  THAT'S FINE.
 2                MS. MAROULIS:  DO WE NEED TO REFILE THE MOTION OR
 3      SIMPLY APPRISE THE COURT VIA ATTACHING PTO NOTICES?
 4                THE COURT:  WHAT I WOULD --
 5                MR. JACOBS:  WE WOULD LIKE AN OPPORTUNITY AT THAT
 6      STAGE TO BRIEF WHAT HAPPENS NEXT, YOUR HONOR.
 7                THE COURT:  WELL, I WOULD ONLY GIVE YOU THREE PAGES
 8      BECAUSE THIS HAS BEEN LITIGATED AT LEAST TWO -- TWICE NOW.  WE
 9      DID PREVIOUSLY HAVE A MOTION TO STAY.
10           SO, AT MOST, IF THE EXAMINER REJECTS A REQUEST TO REOPEN
11      THE PROSECUTION, THEN SAMSUNG WILL HAVE THREE PAGES TO BRIEF A
12      REQUEST FOR A STAY AND APPLE WILL HAVE THREE PAGES TO RESPOND.
13                MR. JACOBS:  THANK YOU, YOUR HONOR.
14                MS. MAROULIS:  THANK YOU, YOUR HONOR.
15                THE COURT:  I DON'T THINK A STAY -- A REPLY WILL BE
16      NECESSARY, BUT IF I CHANGE MY MIND, I'LL LET YOU KNOW.
17           BUT I THINK AT THIS POINT WE'VE BEEN THROUGH THIS SO MANY
18      TIMES, I'M NOT GOING TO REQUIRE AND WASTE A JURY'S TIME OR THIS
19      COURT'S TIME ON A PATENT THAT MIGHT BE INVALIDATED.
20                MS. MAROULIS:  THANK YOU, YOUR HONOR.
21                THE COURT:  ALL RIGHT.  SO THAT'S THAT ISSUE.
22           LET'S -- WELL, THIS ONE IS AN EASY ONE.
23           I WAS VERY SAD THAT BOTH SIDES AGREE THAT THE MARCH 1 ORDER
24      IS NOT RIPE FOR APPEAL AND ULTIMATELY THE FEDERAL CIRCUIT MAY,
25      IN ITS DISCRETION, REJECT THE COURT'S REQUEST FOR AN APPEAL
```

1   COMPLAINT, AND TWO OF THE CLAIMS, THE CAUSES OF ACTION, WERE
2   SEPARATELY MADE THE SUBJECT OF THE 54(B).
3       SO I THINK THE CORE ISSUE, YOUR HONOR, GOES TO THE FIRST
4   PART OF 54(B).  IT'S, WHAT IS THE CLAIM?  IF WE TAKE SAMSUNG AT
5   ITS WORD, IT'S A CAUSE OF ACTION.  THE CAUSES OF ACTION HERE
6   WERE PATENT-BY-PATENT AS PLEADED AND SEARS SAYS THAT'S WHAT
7   GOVERNS.
8       NOW, BRIEFLY, YOUR HONOR, BECAUSE WE HAVE A LOT ELSE TO GET
9   TO, THE QUESTION OF NO JUST CAUSE FOR DELAY AND THE STAY
10  ACTUALLY COLLAPSE, AND HERE'S THE PREJUDICE IN A NUTSHELL FOR A
11  LOT OF WHAT'S GOING ON BEFORE YOUR HONOR TODAY.
12      THIS CASE HAS BEEN PENDING FOR A COUPLE YEARS.  YOUR HONOR
13  HAS RULED ON MORE MOTIONS, MORE PRELIMINARY INJUNCTIONS, MORE
14  POST-PERMANENT INJUNCTIONS THAN YOU EVER WANT TO SEE.
15      SAMSUNG IS TRYING TO DELAY THE DATE OF FINAL RESOLUTION.
16  WE BRING THIS -- THEY -- IF YOUR HONOR WERE TO ENTER A 54(B)
17  JUDGMENT, WHAT IS MOST LIKELY TO HAPPEN IS WE WILL MOVE TO
18  DISMISS THE APPEAL ON JURISDICTIONAL GROUNDS BECAUSE WE HAVE
19  TO.  THERE'S NO JURISDICTION.
20      IF THE APPEAL IS DISMISSED, IT'LL BE RULED ON END OF THE
21  SUMMER OR SO.  WE'LL BE BACK BEFORE YOUR HONOR.
22      A SECOND POSSIBILITY WHICH OFTEN OCCURS, BECAUSE THE PANELS
23  AT THE FEDERAL CIRCUIT AREN'T SET UNTIL THE BRIEFS ARE FILED,
24  IS THAT A HEARING ON THE 54(B) JURISDICTIONAL ISSUE WILL BE
25  CONSOLIDATED WITH THE MERITS OF THE APPEAL.

```
1         SO WE'LL HAVE A HEARING ON WHETHER THEY HAVE JURISDICTION A
2    YEAR FROM NOW, AND IF IT'S DISMISSED, AS WE THINK IT SHOULD BE
3    BECAUSE THERE'S NO CLAIM, IT WILL BE DISMISSED A YEAR FROM NOW,
4    IT WILL COME BACK TO YOUR HONOR, WE'LL BE RIGHT BACK WHERE WE
5    ARE, EXCEPT THE CASE WILL BE NEARLY FOUR YEARS OLD WITHOUT
6    APPLE HAVING A FINAL RESOLUTION.
7         THE PREJUDICE TO APPLE IS SIMPLY THIS:  WE BROUGHT A CASE
8    TWO YEARS AGO.  WE HAVE A JURY VERDICT THAT A VARIETY OF
9    INTELLECTUAL PROPERTY HAS BEEN INFRINGED, AT LEAST SUBJECTIVELY
10   WILLFULLY, AND WE WANT TO GET A FINAL APPEALABLE VERDICT ON ALL
11   OF THE ISSUES THAT SHOULD BE DECIDED AND WE WANT IT AS PROMPTLY
12   AS WE CAN.
13        ANYTHING THAT'S DONE TO DELAY THAT IS THE PREJUDICE TO
14   APPLE.
15             THE COURT:  ALL RIGHT.  I'M READY TO RULE, AND I
16   ACTUALLY HAD DENIED A REQUEST FOR A HEARING ON THIS MOTION, SO
17   I'VE BEEN, I THINK, GENEROUS ENOUGH IN LETTING YOU ALL MAKE
18   YOUR POINTS.
19             MS. SULLIVAN:  THANK YOU, YOUR HONOR.
20             THE COURT:  WITH REGARD TO THE DAMAGES ORDER OF
21   MARCH 1, MY RULING IS STILL THAT IT'S NOT RIPE FOR APPEAL.
22   IT'S NOT A FINAL DISPOSITIVE RULING THAT ENDS LITIGATION ON THE
23   MERITS PURSUANT TO 28 U.S.C. SECTION 1295(A)(1), NOR IS IT AN
24   APPEALABLE COLLATERAL ORDER PURSUANT TO 28 U.S.C. SECTION
25   1292(E)(1).
```

1           MOREOVER, EVEN IF I WERE TO TRY TO HAVE THE FEDERAL CIRCUIT
2    REVIEW IT, THEY COULD, IN THEIR DISCRETION, REJECT THE REQUEST
3    FOR AN APPEAL.
4           SO AT THIS TIME THE COURT IS NOT GOING TO URGE THE PARTIES
5    TO SEEK AN APPEAL OF THE MARCH 1 DAMAGES ORDER IN ITS ENTIRETY.
6           LET'S GO -- SINCE WE HAVE ALREADY HAD QUITE A BIT OF
7    DISCUSSION ON THE RULE 54(B) REQUEST FOR PARTIAL JUDGMENT AND A
8    STAY OF THE REST OF THE CASE, YOU KNOW, AS HAS ALREADY BEEN
9    STATED, A RULE 54(B) JUDGMENT IS PROPER WHEN A COURT HAS
10   REACHED AN ULTIMATE DISPOSITION OF SOME, BUT NOT ALL, CLAIMS IN
11   THE CASE AND THERE IS NO JUST REASON FOR DELAY.
12          A JUDGMENT IS FINAL FOR RULE 54(B) PURPOSES IF IT IS AN
13   ULTIMATE DISPOSITION OF AN INDIVIDUAL CLAIM ENTERED IN THE
14   COURSE OF AN ACTION INVOLVING MULTIPLE CLAIMS.  <u>CURTIS WRIGHT</u>
15   <u>CORPORATION VERSUS GENERAL ELECTRIC COMPANY</u> 446 U.S. 1, 1980,
16   PIN CITE PAGE 7.
17          HERE THE COURT FINDS THAT IT HAS NOT FINALLY RESOLVED
18   APPLE'S CLAIMS FOR RELIEF AS THE NEW TRIAL ON DAMAGES WILL
19   IMPLICATE PRODUCTS INVOLVING INFRINGEMENT OF THE '381 PATENT,
20   THE '915 PATENT, THE '163 PATENT, THE DESIGN PATENT NUMBERS
21   '305 AND '677.
22          THEREFORE, THE COURT HAS NOT FINALLY RESOLVED ALL ISSUES
23   RELATING TO BOTH LIABILITY AND REMEDIES FOR APPLE'S CLAIMS
24   RELATED TO THESE PRODUCTS AND THESE PATENTS.
25          MOREOVER, THE FEDERAL CIRCUIT HAS DISCRETION IN CHOOSING

1    WHETHER TO HEAR THIS PARTIAL APPEAL OR NOT.
2         THUS, SAMSUNG'S PROPOSAL DOES NOT JUSTIFY THE NO JUST
3    REASON FOR DELAY STANDARD AS ENTERING JUDGMENT NOW MAY JUST
4    LEAD TO FURTHER DELAY.
5         ACCORDINGLY, THE COURT DENIES SAMSUNG'S REQUEST FOR PARTIAL
6    JUDGMENT PURSUANT TO RULE 54(B) AND FOR A PARTIAL STAY OF THE
7    REST OF THE CASE.
8         NOW, LET'S GO TO APPLE'S RECONSIDERATION.  WHAT APPEARS TO
9    BE THE CASE IS THAT THE PARTIES STIPULATED TO A MAY 15TH, 2011
10   START DATE, OR FIRST SALE DATE FOR THE INFUSE 4G, BUT
11   MR. MUSIKA'S EXPERT REPORT THAT WENT TO THE JURY -- THE
12   STIPULATION OF THE PARTIES DID NOT GO TO THE JURY -- INCLUDED
13   SALES IN APRIL AND THUS PRECEDED THE MAY 15TH, 2011 DATE TO
14   WHICH THE PARTIES STIPULATED.
15        IT ALSO APPEARS THAT, AT A MINIMUM, OTHER EXHIBITS THAT
16   ALSO WERE SENT IN TO THE JURY DID INCLUDE DATES PRIOR TO THE
17   DATE TO WHICH THE PARTIES STIPULATED, AND BY THAT -- I HAVE
18   THEM SOMEWHERE IN MY PILES HERE -- BUT I'M REFERRING TO BOTH
19   THE PLAINTIFF EXHIBIT AS WELL AS A DEFENSE EXHIBIT THAT DID GO
20   TO THE JURY --
21             MS. SULLIVAN:  YOUR HONOR, WOULD IT HELP TO REFER TO
22   JX 1500 AND PX 180?
23             THE COURT:  YES, YES.  THANK YOU, THAT WOULD HELP.
24        -- AS WELL AS THE -- LET ME SEE HERE -- AS WELL AS THE PAGE
25   FROM TERRY MUSIKA'S REPORT WHICH ALSO INCLUDES APRIL 2011

1    SALES.

2        SO -- NOW, APPLE CONTENDS THAT THE FIRST SALE DATE FOR THE

3    INFUSE 4G WAS APRIL 30TH OF 2011, SO WHY WOULD YOU EVEN SUBMIT

4    THAT INFORMATION?  ISN'T THAT IN VIOLATION OF YOUR OWN

5    STIPULATION THAT YOU SHOULDN'T SEEK DAMAGES BEFORE THE FIRST

6    SALE DATE TO WHICH YOU'RE STIPULATING WAS MAY 15TH?

7            MR. JACOBS:  I THINK THE PURPOSE OF SUBMITTING THAT,

8    YOUR HONOR, WAS TO -- WAS A KIND OF EVEN-IF SORT OF ARGUMENT.

9        SO WE HAVE THE EXPERT REPORTS AND THEN WE HAVE THE JOINT

10   PRETRIAL STIPULATION, AND THE JPTS --

11           THE COURT:  I DON'T REALLY BUY THAT.  YOU'RE SAYING

12   IT'S BINDING POST-TRIAL TO SAMSUNG, BUT IT WASN'T BINDING TO

13   YOU DURING THE TRIAL?

14       YOU'RE SAYING THIS STIPULATION SHOULD BE ENFORCED AGAINST

15   SAMSUNG NOW, BUT YOU SUBMITTED EVIDENCE CONTRARY TO THAT TO THE

16   JURY.

17       WHY DID YOU DO THAT IF YOU REALLY FELT THAT THIS WAS AN

18   ENFORCEABLE STIPULATION AGAINST BOTH PARTIES?  IT SEEMS VERY

19   OPPORTUNISTIC TO ME.

20           MR. JACOBS:  I DON'T THINK IT WAS -- IT CERTAINLY

21   WASN'T INTENDED TO BE OPPORTUNISTIC.

22       SAMSUNG SUBMITTED SALES DATA -- YOU MAY RECALL THE SEQUENCE

23   OF THE DISCOVERY MISCONDUCT ON SAMSUNG'S DAMAGES INFORMATION.

24           THE COURT:  NO, THAT'S NOT THE QUESTION.  WHY DID YOU

25   SUBMIT PRE-MAY 15TH, 2011 DAMAGES NUMBERS FOR THE INFUSE 4G IF

```
1    YOU STIPULATED THAT THE FIRST DATE OF SALE WAS MAY 15TH?  WHY
2    DID YOU SUBMIT THAT?  WHY DID YOU ASK THE JURY TO GRANT YOU
3    DAMAGES FOR THOSE PRE-MAY 15TH SALES?
4             MR. JACOBS:  I THINK I -- WITH RESPECT, YOUR HONOR, I
5    WAS ANSWERING THE QUESTION.
6             THE COURT:  YEAH.
7             MR. JACOBS:  WE GET SALES DATA FROM SAMSUNG, WE
8    PREPARE AN EXPERT REPORT AND EXPERT EXHIBITS DURING THAT, THAT
9    HURLY-BURLY PERIOD WHEN 24 HOURS BEFORE THE REPORT IS DUE,
10   SAMSUNG FINALLY PRODUCES THE DATA.
11        THEN WE AGREE ON THE JPTS.
12        BUT WE HAVE OUR EXPERT REPORT AND OUR EXHIBITS.  THE COURT
13   ENFORCED THOSE RULES QUITE, QUITE RIGOROUSLY.
14        WHAT THE JPTS MAKES CLEAR IS THAT, AS A LEGAL MATTER, ALL
15   OF THE SALES THAT WERE EMBRACED BY MR. MUSIKA'S REPORT OCCURRED
16   AFTER THE NOTICE DATE, AND THAT'S THE ONLY POINT WE'RE DRIVING
17   AT.
18        AS A LEGAL MATTER, THE JPTS SAYS, "SAMSUNG, YOU CANNOT
19   ARGUE THAT THE SALES OCCURRED BEFORE THE STIPULATED DATE.  YOU
20   ARE BARRED FROM THAT ARGUMENT."
21        AND IT IS AS MUCH A LEGAL STIPULATION IN THAT REGARD AS A
22   FACTUAL STIPULATION.
23        BUT THE EXPLANATION FOR WHY IS SIMPLY ONE OF SEQUENCE.
24            THE COURT:  OKAY.  BUT YOUR -- YOUR CASE AT THE TRIAL
25   AND YOUR EXPERT CLEARLY REQUESTED DAMAGES SINCE THE LICENSING
```

```
1    NEGOTIATIONS THAT OCCURRED IN THE FALL OF 2010, AND YOU MADE

2    THAT REQUEST AND WANTED DAMAGES AWARDED FOR THAT PERIOD

3    REGARDLESS OF THIS MAY 15TH STIPULATION.

4           MR. JACOBS:  WE WERE URGING AN EARLIER NOTICE PERIOD,

5    YES, YOUR HONOR.

6           THE COURT:  ALL RIGHT.

7           MR. JACOBS:  I THINK THAT'S --

8           THE COURT:  IS THERE ANYTHING THAT YOU'D LIKE TO SAY,

9    MS. SULLIVAN?  OTHERWISE I'M READY TO RULE ON THIS ONE AS WELL

10   AND I'D LIKE TO KEEP GOING SO WE CAN GET TO CASE MANAGEMENT.

11          MR. JACOBS:  JUST VERY BRIEFLY, YOUR HONOR, I WANTED

12   TO JUST UNDERSTAND WHERE YOU LED OFF WITH.

13      ON THE AT&T --

14          THE COURT:  RIGHT, THAT'S GOING TO BE GRANTED.

15      BUT I'M GOING TO DENY IT AS TO THE INFUSE 4G.

16          MR. JACOBS:  THANK YOU, YOUR HONOR.

17          MS. SULLIVAN:  THANK YOU, YOUR HONOR.

18          THE COURT:  ALL RIGHT.  DO YOU WANT ME TO GO AHEAD

19   AND STATE MY REASONS, OR IS THAT --

20          MR. JACOBS:  YES, PLEASE.

21          THE COURT:  OKAY.  ALL RIGHT.

22      WELL, FIRST AS TO THE GALAXY S II AT&T, THERE DOESN'T SEEM

23   TO BE ANY DISAGREEMENT BY THE PARTIES THAT THAT WAS AN ERROR ON

24   THE COURT'S PART, AND I APOLOGIZE FOR THAT, SO I AM REINSTATING

25   THE AWARD OF $40,494,356 FOR THE GALAXY S II AT&T.
```

1       NOW, AS FAR AS THE INFUSE 4G, IT IS CORRECT THAT THE

2    PARTIES SUBMITTED A JOINT PRETRIAL STATEMENT THAT THIS PRODUCT

3    WAS FIRST SOLD ON MAY 15TH, 2011.

4       NOW, NONETHELESS, APPLE'S EXPERT REPORT OF MR. TERRY MUSIKA

5    PROVIDED SALES NUMBERS TO THE JURY FOR SALES THAT OCCURRED

6    PRIOR TO MAY 15 OF 2011 AND THE JOINT PRETRIAL STATEMENT AND

7    THIS STIPULATION WAS NOT ANYTHING THAT THE JURY WAS EVER

8    INFORMED OF AND IT WAS NEVER BEFORE THE JURY.

9       MOREOVER, THOSE TWO ADDITIONAL EXHIBITS, ONE WAS A

10   PLAINTIFF EXHIBIT, ONE WAS A DEFENDANT EXHIBIT -- MS. SULLIVAN

11   STATED THE EXACT NUMBERS ON THE RECORD, UNFORTUNATELY, I DON'T

12   HAVE THEM UP WITH ME RIGHT NOW -- BUT THOSE ALSO INCLUDED SALES

13   DATA FOR APRIL OF 2011.  I THINK THAT WAS VERY CONFUSING TO THE

14   JURY.

15      AND I KNOW THAT APPLE IS CLAIMING THAT THERE WERE NO SALES

16   POST-APRIL 15TH, 2011, BUT I DON'T THINK THAT WAS EVER CLEAR TO

17   THE JURY WHETHER THAT WAS THE CASE OR NOT.

18      ALL THEY SAW WERE MULTIPLE EXHIBITS THAT HAD SALES OF

19   APRIL 2011 AND THEY HEARD THE TESTIMONY OF MR. MUSIKA THAT

20   APPLE WAS REQUESTING DAMAGES FOR -- YOU KNOW, THAT STARTED AND

21   STARTED TO ACCRUE FROM THE LICENSING NEGOTIATION MEETINGS THAT

22   OCCURRED IN THE FALL OF 2010.

23      SO ON THAT BASIS -- THE COURT ALSO NOTES THAT APPLE DID NOT

24   SPECIFICALLY RAISE THE FIRST SALE DATES IN ITS OPPOSITION TO

25   SAMSUNG'S JMOL MOTION.  I WENT BACK AND REVIEWED THOSE

1      PLEADINGS.

2           BUT BECAUSE BOTH PARTIES SUBMITTED DAMAGES EXHIBITS TO THE

3      JURY, APPLE'S DAMAGES EXPERT INCLUDED SALES PRIOR TO THE

4      STIPULATED DATE, BOTH PARTIES' DAMAGES EXHIBITS DID AS WELL

5      THAT PREDATE THE DATE TO WHICH THE PARTIES HAVE STIPULATED, SO

6      EFFECTIVELY BOTH PARTIES HAVE SORT OF VITIATED THEIR

7      STIPULATION.

8           NOW, BECAUSE OF THAT, I THINK THE JURY MAY HAVE BEEN

9      CONFUSED.  HAD THE JURY KNOWN THAT THEY SHOULD NOT HAVE BEEN

10     AWARDING DAMAGES ANY TIME BEFORE MAY 15TH OF 2011, IT MAY NOT

11     HAVE AWARDED THE SAME DAMAGES AMOUNT, SO I THINK IT WOULD BE

12     INAPPROPRIATE FOR ME JUST TO REINSTITUTE THAT OR REINSTATE THAT

13     AMOUNT AT THIS TIME.

14          HOWEVER, I AM GOING TO ALLOW A NEW TRIAL ON THIS PRODUCT,

15     BUT THE PARTIES WILL ONLY BE ABLE TO SUBMIT INFORMATION ON

16     SALES ON OR AFTER MAY 15TH.  THERE WILL BE NO INFORMATION GOING

17     TO THE JURY WITH ANY SALES NUMBER THAT PREDATES THAT DATE.

18          SO I'M GRANTING IN PART AND DENYING IN PART APPLE'S MOTION

19     FOR RECONSIDERATION OF ORDER GRANTING NEW DAMAGES TRIAL.  SO

20     THE GALAXY S II AT&T WILL NOT BE INCLUDED IN THE NEW TRIAL, BUT

21     THE INFUSE 4G WILL.

22          OKAY?

23               MR. JACOBS:  THANK YOU, YOUR HONOR.

24               THE COURT:  ALL RIGHT.

25          OKAY.  NOW, LET'S GO TO THE SEVENTH AMENDMENT ISSUE AND

```
1    THEN I'D LIKE TO START DOING ALL OF THE CASE MANAGEMENT, WHICH
2    UNFORTUNATELY IS GOING TO TAKE SOME TIME.
3         ALL RIGHT.  I HAVE REVIEWED ALL OF THE PLEADINGS THAT HAVE
4    BEEN FILED ON THIS TOPIC.
5         THIS PROCEEDING WAS SET FOR A CMC AND NOT FOR A HEARING.
6    IF YOU WANT TO SPEAK BRIEFLY ON THIS, I'LL GIVE YOU EACH ONE
7    MINUTE, BUT I'M GOING TO ASK YOU, PLEASE, NOT TO GO FURTHER
8    THAN THAT BECAUSE WE DO HAVE QUITE A BIT TO COVER WITH REGARD
9    TO EVERYTHING ELSE.
10              MS. SULLIVAN:  SHALL I BEGIN, YOUR HONOR?
11              THE COURT:  PLEASE, GO AHEAD.
12              MS. SULLIVAN:  YOUR HONOR, IT'S A VERY SIMPLE
13   ARGUMENT.  THE SEVENTH AMENDMENT FORBIDS A SECOND JURY FROM
14   RE-EXAMINING A FACT FOUND BY A PRIOR JURY.
15        THIS IS NOT RELEVANT IF INFRINGER'S PROFITS IS THE DAMAGES
16   MEASURE AT THE NEXT TRIAL.
17        BUT IF THE DAMAGES MEASURE IS, AS APPLE WILL SEEK TO MAKE
18   IT, LOST PROFITS OR REASONABLE ROYALTY, THEN THE SECOND JURY,
19   IN DETERMINING DAMAGES, WILL NECESSARILY RE-EXAMINE A FACT
20   DETERMINED AS TO INFRINGEMENT OF THE DESIGN PATENTS AT THE
21   FIRST TRIAL, AND THAT IS, NAMELY, WHAT IS THE QUANTUM OR EXTENT
22   OF INFRINGEMENT?
23        THAT'S A CONSEQUENCE OF YOUR HONOR'S INSTRUCTION ON THE
24   DESIGN PATENTS.  YOU SAID, "YOU MUST DETERMINE WHETHER THERE
25   ARE MAJOR DIFFERENCES OR MINOR DIFFERENCES.  MINOR DIFFERENCES
```

```
 1         DO NOT DEFEAT INFRINGEMENT."
 2         SO THE FIRST JURY, IN ORDER TO FIND INFRINGEMENT, HAD TO
 3    FIND A QUANTUM, OR AN EXTENT OF INFRINGEMENT, MAJOR DIFFERENCES
 4    OR MINOR DIFFERENCES, 51 PERCENT SIMILAR OR 90 PERCENT SIMILAR
 5    OR 99 PERCENT SIMILAR.
 6         THE SECOND JURY, TO DETERMINE LOST PROFITS, WILL HAVE TO
 7    DETERMINE THE EXTENT OF INFRINGEMENT TO DETERMINE CAUSATION ON
 8    LOST PROFITS, AND THE SECOND JURY WILL HAVE TO DETERMINE THE
 9    EXTENT OF INFRINGEMENT ON DAMAGES FOR REASONABLE ROYALTY
10    BECAUSE OF FACTOR 11 IN THE GEORGIA PACIFIC FACTORS.
11         THAT MEANS THE SECOND JURY IS RE-EXAMINING THE FACT OF THE
12    EXTENT OF DESIGN PATENT INFRINGEMENT UNDER A LOST PROFITS OR A
13    REASONABLE ROYALTY THEORY, AND THAT'S FORBIDDEN BY THE SEVENTH
14    AMENDMENT, UNLESS YOU ALLOW THE SECOND JURY TO RE-EXAMINE
15    DESIGN PATENT LIABILITY AS WELL.
16         ALTERNATIVELY, YOU COULD EXCLUDE LOST PROFITS AND
17    REASONABLE ROYALTY THEORIES FROM THE SECOND TRIAL AND THEN WE
18    WOULD CONCEDE THAT THE INFRINGER'S PROFITS SITUATION WOULD BE
19    DIFFERENT BECAUSE ON THAT CAUSATION IS NOT RELEVANT TO
20    INFRINGER'S PROFITS AS THE COURT HAS RULED.
21         WE RESPECTFULLY RESERVE THE RIGHT TO APPEAL THAT, WE DON'T
22    AGREE WITH IT, WE'LL TAKE IT TO THE FEDERAL CIRCUIT WHENEVER WE
23    HAVE A CHANCE AFTER FINAL JUDGMENT IS ENTERED.
24         BUT YOUR HONOR, THAT'S REALLY THE ARGUMENT IN A NUTSHELL.
25    IT'S A DESIGN PATENT ISSUE, IT'S RELEVANT TO LOST PROFITS AND
```

```
1    REASONABLE ROYALTY THEORIES, AND IT'S BECAUSE OF THE FACT OF
2    THE EXTENT OF INFRINGEMENT IS RELEVANT TO INFRINGEMENT
3    LIABILITY AND INFRINGEMENT DAMAGES ON THE LOST PROFITS AND
4    REASONABLE ROYALTY THEORY, AND THAT'S WHY THE SEVENTH AMENDMENT
5    MEANS EITHER CUT LOST PROFITS AND REASONABLE ROYALTIES OUT OF
6    THE SECOND TRIAL, OR LET US TRY LIABILITY ANEW AT THE SECOND
7    TRIAL ON THE DESIGN PATENTS.
8              MR. JACOBS:  TO STATE THE ARGUMENT IS TO REFUTE IT,
9    YOUR HONOR.
10        THE STANDARD IS MUCH TIGHTER THAN SAMSUNG'S ARGUMENT
11   ACKNOWLEDGES.  IT IS NOT WHETHER THERE'S OVERLAP.  IT IS NOT
12   WHETHER THE EVIDENCE WILL BE -- THAT WAS ADDUCED IN THE FIRST
13   WILL BE RELEVANT TO THE SECOND.
14        IT IS WHETHER THE SAME ESSENTIAL ISSUES ARE NECESSARILY
15   GOING TO BE REDECIDED.
16        BY SAMSUNG'S ARGUMENT, NO -- BIFURCATION WITH A HIATUS
17   BETWEEN A LIABILITY AND DAMAGES TRIAL IS IMPOSSIBLE IN A PATENT
18   BECAUSE THERE ARE ALWAYS REASONABLE ROYALTIES IN PATENT CASES
19   AND THERE ARE OFTEN LOST PROFITS DAMAGES REQUESTED IN PATENT
20   CASES.
21        AND YET, WE SEE CASE AFTER CASE IN WHICH THE FEDERAL
22   CIRCUIT REMANDS FOR A NEW DAMAGES TRIAL, AND WE SEE CASE AFTER
23   CASE IN WHICH COURTS, IN THE EXERCISE OF THEIR DISCRETION,
24   DECIDE WHETHER TO BIFURCATE LIABILITY FROM DAMAGES.
25        THE NEW JURY WILL NOT BE RETRYING INFRINGEMENT.  THAT WOULD
```

```
 1        BE A VIOLATION OF OUR SEVENTH AMENDMENT RIGHTS.
 2            THE NEW JURY WILL BE DECIDING DAMAGES AND DAMAGES IS NOT
 3        INFRINGEMENT.
 4               MS. SULLIVAN:  YOUR HONOR, APPLE FAILS TO CITE A
 5        SINGLE CASE IN WHICH THERE'S BIFURCATION OR REMAND ON DAMAGES
 6        IN A DESIGN PATENT CASE.  EVERY PATENT CASE THEY CITED TO YOU
 7        IS A UTILITY PATENT CASE.
 8            AND, OF COURSE, A UTILITY PATENT CASE IS DIFFERENT BECAUSE
 9        FOR INFRINGEMENT YOU HAVE TO FIND THAT EVERY CLAIM WAS MET.
10            THAT'S NOT THE CASE WITH DESIGN PATENTS, AS YOUR HONOR
11        INSTRUCTED THE JURY.  YOUR HONOR DIDN'T DO A CLAIM CONSTRUCTION
12        ON THE DESIGN PATENTS, BUT SAID, "LOOK AT THE PICTURE," AND YOU
13        SAID "LOOK FOR MAJOR OR MINOR DIFFERENCES."
14            AND APPLE HAS FAILED TO CITE YOU A SINGLE BIFURCATION OR
15        REMAND ON DAMAGES ONLY CASE INVOLVING A DESIGN PATENT.
16            THAT'S WHY I TRIED TO NARROW THE ARGUMENT.  IT'S DESIGN
17        PATENTS.  IT'S ON LOST PROFITS OR REASONABLE ROYALTY.
18            THAT'S WHERE THE SEVENTH AMENDMENT VIOLATION IS PLAIN, AND
19        WE DO MEET THE TIGHTEST POSSIBLE STANDARD, WHICH IS THE ONE THE
20        FRAMERS PUT IN THE SEVENTH AMENDMENT, WILL THE SECOND JURY
21        RE-EXAMINE A FACT FROM THE FIRST TRIAL, NOT A HOLDING, NOT A
22        VERDICT, BUT A FACT.
23            AND THE FACT IS THE EXTENT OF INFRINGEMENT.
24               THE COURT:  WHY DIDN'T YOU PUT THAT IN YOUR JMOL
25        MOTION?  YOU ONLY REQUESTED A NEW TRIAL ON DAMAGES IN YOUR JMOL
```

1      MOTION.  YOU'VE NEVER SAID THAT A NEW TRIAL ON LIABILITY WAS

2      REQUIRED AS FOR A NEW TRIAL ON DAMAGES.

3           IT SEEMS AWFULLY SNEAKY TO NEVER RAISE THAT IN THE JMOL

4      MOTION, BECAUSE THAT'S WHEN IT WOULD HAVE BEEN APPROPRIATE

5      BECAUSE THAT'S WHEN I WAS REVIEWING ALL THE LIABILITY

6      DETERMINATIONS THAT THE JURY MADE.  RIGHT?

7                MS. SULLIVAN:  WELL, YOUR HONOR, WITH RESPECT, WE DID

8      ASK FOR JMOL ON EACH AND EVERY ISSUE, AND WE DIDN'T KNOW UNTIL

9      THE MARCH 1ST ORDER THAT YOU WOULD ORDER THE NEW TRIAL AND NOT

10     SIMPLY GIVE US JMOL.

11          WE CONTINUE TO BELIEVE THAT YOU COULD HAVE, BUT FOR THE

12     '381 PATENT AND APPLE'S OPPORTUNISTIC BEHAVIOR ABOUT THE NOTICE

13     DATE, ENTERED JMOL FOR US ON THE PROPER NOTICE AND CALCULATION.

14          SO WE DIDN'T KNOW, UNTIL WE GOT YOUR ORDER, THAT WE'D BE

15     FACING A WHOLE NEW TRIAL ON DAMAGES AS OPPOSED TO THE JMOL

16     REMITTITUR WE REQUESTED.

17          WE DID SUBMIT THE SEVENTH AMENDMENT ARGUMENT AS SOON AS THE

18     LIGHT BULB WENT ON AND WE SAW THAT THE PROBLEM EXISTED.

19          BUT YOUR HONOR, WITH RESPECT, I DON'T THINK WE COULD HAVE

20     ANTICIPATED EXACTLY HOW THE MARCH 1ST ORDER WOULD HAVE COME

21     DOWN, AND IT'S A CONSTITUTIONAL ISSUE, SO IT'S PLAIN ERROR AND

22     CAN BE RAISED AT ANY TIME.

23               THE COURT:  WELL, LET ME ASK A QUESTION.  IF YOU

24     THINK THAT WITH THE CORRECT NOTICE DATES IT IS VERY CLEAR WHAT

25     THE DAMAGES SHOULD BE, WHY DON'T YOU TWO JUST STIPULATE?  THAT

CERTIFICATE OF REPORTER

I, THE UNDERSIGNED OFFICIAL COURT REPORTER OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, 280 SOUTH FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY CERTIFY:

THAT THE FOREGOING TRANSCRIPT, CERTIFICATE INCLUSIVE, IS A CORRECT TRANSCRIPT FROM THE RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.

_____
LEE-ANNE SHORTRIDGE, CSR, CRR
CERTIFICATE NUMBER 9595

DATED: MAY 3, 2013