# EXHIBIT A-4



UNITED STATES PATENT AND TRADEMARK OFFICE

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/012,304 | 05/23/2012 | 7,469,381 | P4304USREX2/120730-002US | 4807 |

108491          7590          01/16/2013

Apple Inc. and Goldberg, Lowenstein
& Weatherwax LLP
11400 W. Olympic Blvd.
Suite 400
Los Angeles, CA 90064

| EXAMINER |
|---|
| BONSHOCK, DENNIS G |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3992 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 01/16/2013 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)



UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

**DO NOT USE IN PALM PRINTER**

(THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS)

Bryan Cave LLP
1290 Avenue of the Americas
New York, NY 10104

# *EX PARTE* REEXAMINATION COMMUNICATION TRANSMITTAL FORM

REEXAMINATION CONTROL NO. *90/012,304*.

PATENT NO. *7,469,381*.

ART UNIT *3992*.

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified *ex parte* reexamination proceeding (37 CFR 1.550(f)).

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a reply has passed, no submission on behalf of the *ex parte* reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).

| **Ex Parte Reexamination Interview Summary** | Control No. | Patent Under Reexamination |
|---|---|---|
| | 90/012,304 | 7,469,381 |
| | Examiner | Art Unit |
| | DENNIS BONSHOCK | 3992 |

All participants (USPTO personnel, patent owner, patent owner's representative):

| (1) _DENNIS BONSHOCK_ | (3) _ADAM BASEHOAR_ |
|---|---|
| (2) _ALEXANDER KOSOWSKI_ | (4) _KENNETH WEATHERWAX_ |

Date of Interview: _08 January 2013_

Type:   a)☐ Telephonic   b)☐ Video Conference
        c)☒ Personal (copy given to:  1)☐ patent owner     2)☐ patent owner's representative)

Exhibit shown or demonstration conducted:   d)☒ Yes   e)☐ No.
   If Yes, brief description: _Patent Owner's Representative presented a animation of how bounce back / ruber banding occurs in the '381 Patent and how they believe it occurs in the LIRA reference._

Agreement with respect to the claims   f)☐ was reached.   g)☐ was not reached.   h)☒ N/A.
Any other agreement(s) are set forth below under "Description of the general nature of what was agreed to…"

Claim(s) discussed: _1,19 and 20_.

Identification of prior art discussed: _LIRA and Ording et al._.

Description of the general nature of what was agreed to if an agreement was reached, or any other comments:
_See Continuation Sheet._

(A fuller description, if necessary, and a copy of the amendments which the examiner agreed would render the claims patentable, if available, must be attached.  Also, where no copy of the amendments that would render the claims patentable is available, a summary thereof must be attached.)

A FORMAL WRITTEN RESPONSE TO THE LAST OFFICE ACTION MUST INCLUDE PATENT OWNER'S STATEMENT OF THE SUBSTANCE OF THE INTERVIEW.  (See MPEP § 2281). IF A RESPONSE TO THE LAST OFFICE ACTION HAS ALREADY BEEN FILED, THEN PATENT OWNER IS GIVEN **ONE MONTH** FROM THIS INTERVIEW DATE TO PROVIDE THE MANDATORY STATEMENT OF THE SUBSTANCE OF THE INTERVIEW (37 CFR 1.560(b)). THE REQUIREMENT FOR PATENT OWNER'S STATEMENT CAN NOT BE WAIVED.
**EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**

| /Dennis  G. Bonshock/ | /AJK/ | |
|---|---|---|
| Primary Examiner, Art Unit 3992 | | |

cc: Requester (if third party requester)

**Continuation Sheet (PTOL-474)**                                      **Reexam Control No.  90/012,304**

All Participants (continued):
(5)  JASON SKINDER
(6)  BAS ORDING
(7)  DR. BRAD MEYERS
(8)  NORMAN BRUNELL


Continuation of Description of the general nature of what was agreed to if an agreement was reached, or any other comments:  Patent Owner's Representatives argued that the bounds of the document are set by the header and footer which extend further horizontally then the body which contains three columns of information.  To this, the Examiner noted that when the webpage found to be destined for this small screen display device it is reformatted by either the host or the client (pg. 11) so as to resized the body portion of the document so as to create columns with width less than or equal to the small screen display devices screen width (pg. 10).  This newly reformatted document is then saved as an HTML document or in a language other than HTML for easier viewing on the small display device (pg. 11).  Patent Owner's Representative argued that when the window is over an area not in one of the columns (horizontally adjacent), the document still identifies what is displayed in this empty space, to this the Examiner responded that it is not possible for the document to define what is in this space, as this space is created by the reformatting for display on the small screen display (therefor not part of what the document defines).  The Examiner further noted that according to figures 8A-8C, the window is actually showing white space on an area not only outside the bounds of the reformatted columns of the body, but also outside of the horizontal boundary the Patent Owner's Representative contends is set by the header.  The Examiner further cautioned usage of an image imbedded within the document being interpreted as the document itself, and requested the Patent Owner's respond to such a situation.  Discussion further centered on whether the first three scrolls are in the same direct, as Patent Owner's Representative pointed out that figure 13 shows 5 movements all in different directions.  To this the Examiner argued that (1) motion is still in a common down direction, (2) that the Lira reference has built in horizontal motion correction (so as to keep the user over the intended column) (see pgs. 14-15), and (3) that each arrow depicts several to several hundred small movements that together combined make up the transition that the arrow portrays.  Additionally, Patent Owner's Representative argued the reading of Ording '975 on the claims, presenting that the references termination of scrolling is based on user's breaking point of contact followed by a new stationary point of contact.  As this argument was not presented in the limited agenda supplied prior to the interview, the Examiner was unable to fully respond during the constrained interview time, but noted that this additional contact appears to be only "In some embodiments".  The Examiner further noted that if the argument is presented in Patent Owner's response the Examiner will be able to further consider the contention.

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 14715184 |
| **Application Number:** | 90012304 |
| **International Application Number:** | |
| **Confirmation Number:** | 4807 |
| **Title of Invention:** | LIST SCROLLING AND DOCUMENT TRANSLATION, SCALING, AND ROTATION ON A TOUCH-SCREEN DISPLAY |
| **First Named Inventor/Applicant Name:** | 7,469,381 |
| **Customer Number:** | 108491 |
| **Filer:** | Kenneth James Weatherwax |
| **Filer Authorized By:** | |
| **Attorney Docket Number:** | P4304USREX2/120730-002US |
| **Receipt Date:** | 16-JAN-2013 |
| **Filing Date:** | 23-MAY-2012 |
| **Time Stamp:** | 15:10:57 |
| **Application Type:** | Reexam (Third Party) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Non Patent Literature | NPL60_SHNEIDERMAN_Direct_Manipulation.pdf | 2351720<br>da03e4a7b536e6d89d76e9fab3fdc4993e35ed61 | no | 13 |

| Warnings: |
|---|
| Information: |

| 2 | Non Patent Literature | NPL61_Eslambolichar_tilt-based_auto_zoom_EFS.pdf | 524303<br><br>305de1fae70824218442e00cb03214885c98936a | no | 13 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 3 | Non Patent Literature | NPL62_Silberschatz_Operating_Sysytem_Part1of3.pdf | 18330489<br><br>bf4692bc03720a9efbe82ec1c6a4ff0b7129 1be8 | no | 250 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 4 | Non Patent Literature | NPL62_Silberschatz_Operating_Sysytem_Part2of3.pdf | 19184703<br><br>34537e6380a895fb3b637ff066c0c4f07b2b 0559 | no | 250 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 5 | Non Patent Literature | NPL62_Silberschatz_Operating_Sysytem_Part3of3.pdf | 17256095<br><br>d0519adf9ca38843574c60cd6dd75d3e5b1 b45e3 | no | 204 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 6 | Non Patent Literature | NPL63_SMITH_Radial_Scroll_Tool.pdf | 4959395<br><br>9cc5c115d059946bea2dfa9b8b23471eb80 90739 | no | 4 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 7 | Non Patent Literature | NPL64_Forlines_glimpse.pdf | 427155<br><br>b7986e934ccf263e424d0a436f8803f2685b b941 | no | 6 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 8 | Non Patent Literature | NPL65_Sony_Power_of_Full_Sized_PC_2004.pdf | 1239216<br><br>094fa01b5f7bd4563710679266105ff9d77b 790d | no | 1 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 9 | Non Patent Literature | NPL66_SUN_Flipper_New_Method_Digital_Navigation.pdf | 4954702<br><br>37abf4952fbba2bbfa8000beac5d86d03ad 155d7 | no | 4 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 10 | Non Patent Literature | NPL67_VBForum_Teleprompter.pdf | 8158863<br><br>ba92b786f4df005f6fcd3dcf8e68cfefd2d41 60b | no | 14 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 11 | Non Patent Literature | NPL68_Thomas_Animating_Direct_Dissertation.pdf | 18076871<br>6dfd92e6dafb791e93c64a86d60fdc65c944b1b8 | no | 224 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 12 | Non Patent Literature | NPL69_THOMAS_Animating_Direct_Manipulation.pdf | 607351<br>5edaa30a5002330163a8a6e6497cfb1f7cae0edf | no | 10 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 13 | Non Patent Literature | NPL70_TIDWELL_Designing_Interfaces.pdf | 1159750<br>c05e7a9db286e120a4e4e714a907d0b7fbdd9b0d | no | 2 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 14 | Non Patent Literature | NPL71_Tognazzini_Starfire_History.pdf | 1349612<br>56338634710becc021986feb62de7a507fd71b91 | no | 12 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 15 | Non Patent Literature | NPL72_2012-01-17_Apple_NON-CONFIDENTIAL_Reply_Brief_EFS.pdf | 205571<br>7f24cfc1ab1b1bb83b25bc0b91cc9013349925a0 | no | 9 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 16 | Non Patent Literature | NPL73_BEDERSON_Affidavit.pdf | 533727<br>4fbf7f18d642f253ed2101927ca7aacffaf94faf | no | 14 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 17 | Non Patent Literature | NPL75_Apple_oppo_to_MSJ_Dkt_930_EFS.pdf | 162264<br>2d16ddad5377a0fc346b10758a0289a5f7d24743 | no | 6 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 18 | Non Patent Literature | NPL76_2012-05-17__930-1__PUB_SS_MSJ_EFS.pdf | 163880<br>5a9b05acb898d098e58e697e535fab36a27f4847 | no | 3 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 19 | Non Patent Literature | NPL77_2012-01-11_SS_Corrected_Public_Non-Confidential_Brief_EFS.pdf | 2844314<br>8aefe373f396199f985e0bcc56f6adc83482aa79 | no | 6 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 20 | Non Patent Literature | NPL78_2011-09-30___278-0___Balakrishnan_Decl_EFS.pdf | 1696801<br><br>3631b5d7f2d1f5fe9fc40d041c19ad0d73397ff5 | no | 22 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 21 | Non Patent Literature | NPL79_Apple_Opening_CC_EFS.pdf | 691715<br><br>b375fcfa1d7217b9ba48a6d7d6d17f4b961bdb6b | no | 29 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 22 | Non Patent Literature | NPL80_Apple_Reply_CC.pdf | 129442<br><br>1bf8c6702e6c50c7137a8d7fe72de7f599b9b14f | no | 18 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 23 | Non Patent Literature | NPL81_Markman_Order_EFS.pdf | 521384<br><br>a71798afa63c71359c207fc6eeef7e9ed5a631a8 | no | 48 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 24 | Non Patent Literature | NPL82_Claim_Construction_Order_EFS.pdf | 188236<br><br>3a91abf4899ad84990fee9bf5bff33414c96feb6 | no | 9 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 25 | Non Patent Literature | NPL83_Joint_Prehg_Stmt_and_CC_Stmt_EFS.pdf | 198222<br><br>55f0f114144533d1401d8bba3a137ca6df084db9 | no | 14 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 26 | Non Patent Literature | NPL84_Order_Denying_MSJ_EFS.pdf | 934391<br><br>61f63a1f23ea70fe6fab8a7cca33fe684a3d3cf8 | no | 42 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 27 | Non Patent Literature | NPL85_Expert_Report_CC_Balakrishnan.pdf | 3106234<br><br>04b4a0006162caf77ad3b068d43c98c043a54edf | no | 56 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 28 | Non Patent Literature | NPL86_HTC_Notice_Prior_Art_EFS.pdf | 3675553<br><br>5239092a83d03d974fe1ce525da0df96448 7d6e9 | no | 155 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 29 | Non Patent Literature | NPL87_Apple_CC_Brief_EFS.pdf | 2196321<br>f32fc5b83e78d7248cee246fc54450b272b437ca | no | 146 |

**Warnings:**

**Information:**

| 30 | Non Patent Literature | NPL88_Joint_Motion_Amend_Joint_CC_Statement.pdf | 3474057<br>05790faa9937b595a3ec05c55931315f2f4093bc | no | 78 |

**Warnings:**

**Information:**

| 31 | Non Patent Literature | NPL89_Order25_Granting_Joint_Motion_Amend_Joint_CC.pdf | 113407<br>79460ae871d036fc8c146ba205698905fab1bbaa | no | 3 |

**Warnings:**

**Information:**

| 32 | Non Patent Literature | NPL90_Notice_Prior_Art.pdf | 1135709<br>dbd8bf286680d09b20d06280533cb466044a0577 | no | 84 |

**Warnings:**

**Information:**

| 33 | Non Patent Literature | NPL91_Order57_Construing_Terms_EFS.pdf | 15314496<br>36e3da5f096ed1ea0ba658e21e7451165bbdf6d9 | no | 140 |

**Warnings:**

**Information:**

| 34 | Non Patent Literature | NPL92_Exhibit_381-1_EFS.pdf | 225914<br>ca5ad1f8cf7a434fbc1c841591724ab01a1a3e18 | no | 16 |

**Warnings:**

The page size in the PDF is too large. The pages should be 8.5 x 11 or A4. If this PDF is submitted, the pages will be resized upon entry into the Image File Wrapper and may affect subsequent processing

**Information:**

| 35 | Non Patent Literature | NPL93_Exhibit_381-2_EFS.pdf | 341703<br>cc8d83bc9fe09a5f6b42988d269a2ba442f3ac12 | no | 23 |

**Warnings:**

The page size in the PDF is too large. The pages should be 8.5 x 11 or A4. If this PDF is submitted, the pages will be resized upon entry into the Image File Wrapper and may affect subsequent processing

**Information:**

| 36 | Non Patent Literature | NPL74_2012-06-01_1024-13_Balakrishnan_Dec_ISO_oppo_to_SS_MSJ_EFS.pdf | 1071525<br>0f6de4b6e1a8a4bc4450b0af15a86319Ia0b1875 | no | 35 |

**Warnings:**

**Information:**

| 37 | Non Patent Literature | NPL94_Exhibit_381-4_EFS.pdf | 693412<br><br>6984f01e552a79914ab2089630811752768<br>fb36f | no | 32 |

**Warnings:**

The page size in the PDF is too large. The pages should be 8.5 x 11 or A4. If this PDF is submitted, the pages will be resized upon entry into the Image File Wrapper and may affect subsequent processing

**Information:**

| 38 | Non Patent Literature | NPL95_Exhibit_381-5_EFS.pdf | 2436430<br><br>3a483dfc74180574a4f82997082c98d918ae<br>c987 | no | 51 |

**Warnings:**

The page size in the PDF is too large. The pages should be 8.5 x 11 or A4. If this PDF is submitted, the pages will be resized upon entry into the Image File Wrapper and may affect subsequent processing

**Information:**

| 39 | Non Patent Literature | NPL96_Exhibit_381-6_EFS.pdf | 2158130<br><br>4bd8cec058a918c4cfc24062d09ec237c423<br>39b4 | no | 28 |

**Warnings:**

The page size in the PDF is too large. The pages should be 8.5 x 11 or A4. If this PDF is submitted, the pages will be resized upon entry into the Image File Wrapper and may affect subsequent processing

**Information:**

| 40 | Non Patent Literature | NPL97_Exhibit_381-7_EFS.pdf | 266145<br><br>df64908e2375be6c607e17e8797419ca498<br>64fc4 | no | 20 |

**Warnings:**

The page size in the PDF is too large. The pages should be 8.5 x 11 or A4. If this PDF is submitted, the pages will be resized upon entry into the Image File Wrapper and may affect subsequent processing

**Information:**

| 41 | Non Patent Literature | NPL98_Exhibit_381-8_EFS.pdf | 420182<br><br>ca5a3c3c49a7ba1f0107c740fadbc4db8b9a<br>2684 | no | 22 |

**Warnings:**

The page size in the PDF is too large. The pages should be 8.5 x 11 or A4. If this PDF is submitted, the pages will be resized upon entry into the Image File Wrapper and may affect subsequent processing

**Information:**

| 42 | Non Patent Literature | NPL99_Exhibit_381-9_EFS.pdf | 1227543<br><br>a99fb14b625371cb4ecfbbbbcd754ce5690<br>b1f15 | no | 53 |

**Warnings:**

The page size in the PDF is too large. The pages should be 8.5 x 11 or A4. If this PDF is submitted, the pages will be resized upon entry into the Image File Wrapper and may affect subsequent processing

**Information:**

| 43 | Non Patent Literature | NPL100_2008_06_27_Search_Information_Statement.pdf | 14610<br><br>7c429cce175d2f91d2ba7d19d00e3cf3f747<br>247d | no | 2 |

**Warnings:**

| Information: | | | | | | |
|---|---|---|---|---|---|---|
| 44 | Non Patent Literature | NPL101_2010_09_02_Decision_to_Grant_European_Patent.pdf | 101227<br>df2e2b9f64d73c987904345dad319d0e3e7c0f3d | | no | 3 |

**Warnings:**

| Information: | | | | | | |
|---|---|---|---|---|---|---|
| 45 | Non Patent Literature | NPL102_2008_10_21_Response_Examiners_First_Report.pdf | 513559<br>b0005080833462886e0240f14df0bc85a5f91cc5 | | no | 12 |

**Warnings:**

| Information: | | | | | | |
|---|---|---|---|---|---|---|
| 46 | Non Patent Literature | NPL103_2008_11_07_Notice_Certification.pdf | 53041<br>eea0bf34cbe5f2ccfeede36cb21bce7f1d13451c | | no | 1 |

**Warnings:**

| Information: | | | | | | |
|---|---|---|---|---|---|---|
| 47 | Non Patent Literature | NPL104_2009-03-25_Copy_of_International_Preliminary_Report_on_Patentability.pdf | 423559<br>7affbc84df7a5ff44b0aa33dbfb61aab289db85b | | no | 9 |

**Warnings:**

| Information: | | | | | | |
|---|---|---|---|---|---|---|
| 48 | Non Patent Literature | NPL105_2009_02_19_Search_Information_Statement.pdf | 52923<br>2f03bfd94ae3bcb4b44311c73accf161f0a438ad | | no | 2 |

**Warnings:**

| Information: | | | | | | |
|---|---|---|---|---|---|---|
| 49 | Non Patent Literature | NPL106_2009_03_31_Response_Examiners_Report_No1.pdf | 31157<br>2309fcf8166257d17badea04c60ba71f8ed82c4 | | no | 1 |

**Warnings:**

| Information: | | | | | | |
|---|---|---|---|---|---|---|
| 50 | Non Patent Literature | NPL108_2009_07_09_Response_Examiners_Report_No2.pdf | 1267517<br>8565a0dc3f5bc30cc8d5abbbdee237c500b323f8 | | no | 28 |

**Warnings:**

| Information: | | | | | | |
|---|---|---|---|---|---|---|
| 51 | Non Patent Literature | 20130116_IDS_381_trans_letter_FINAL_EFS.pdf | 89055<br>fe5636d4a1af7a2f97df0ef4fbb878ba50fffb61 | | no | 2 |

**Warnings:**

**Information:**

| | | | |
|---|---|---|---|
| | **Total Files Size (in bytes):** | | 147253581 |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

New Applications Under 35 U.S.C. 111
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

National Stage of an International Application under 35 U.S.C. 371
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

New International Application Filed with the USPTO as a Receiving Office
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 14717401 |
| **Application Number:** | 90012304 |
| **International Application Number:** | |
| **Confirmation Number:** | 4807 |
| **Title of Invention:** | LIST SCROLLING AND DOCUMENT TRANSLATION, SCALING, AND ROTATION ON A TOUCH-SCREEN DISPLAY |
| **First Named Inventor/Applicant Name:** | 7,469,381 |
| **Customer Number:** | 108491 |
| **Filer:** | Kenneth James Weatherwax/Qing Ye |
| **Filer Authorized By:** | Kenneth James Weatherwax |
| **Attorney Docket Number:** | P4304USREX2/120730-002US |
| **Receipt Date:** | 16-JAN-2013 |
| **Filing Date:** | 23-MAY-2012 |
| **Time Stamp:** | 16:33:33 |
| **Application Type:** | Reexam (Third Party) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Non Patent Literature | NPL46_Krueger_Artificial_Reality_II_Part2of2.pdf | 10995904<br>2bd5170c020cc7e3d21ee7f194964aff13bcbf88 | no | 160 |

Warnings:

Information:

| 2 | Non Patent Literature | NPL47_LAUREL_Art_Human_Computer_Interface.pdf | 1601275<br>9fceba49989609a248f7b3419e7d1e74ad4b7670 | no | 19 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 3 | Non Patent Literature | NPL48_Lee_A-MultiTouch-Three-Dimensional-Touch-Sensitive-Tablet.PDF | 408492<br>72548402c20f4892515c4a0447d59eecea7252f2 | no | 5 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 4 | Non Patent Literature | NPL49_Lewis_MacOs_in_Nutshell_Part1of3.pdf | 18255464<br>b685ba72856d7148662f2a9e522f0913fa3bef4d | no | 140 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 5 | Non Patent Literature | NPL49_Lewis_MacOs_in_Nutshell_Part2of3.pdf | 17664469<br>d98fa717af27c5ad12cc52752d5ff13a45745c5a | no | 140 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 6 | Non Patent Literature | NPL49_Lewis_MacOs_in_Nutshell_Part3of3.pdf | 18012521<br>2550223d5ad61148a3d69233f3370144092 0badb | no | 123 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 7 | Non Patent Literature | NPL50_Masui_Elastic_Graphical.pdf | 224624<br>d80ff09f2b5bf52024e342c8bd8e697099408b65 | no | 2 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 8 | Non Patent Literature | NPL51_Patel_Evaluation_Browsing.pdf | 695502<br>884dff5d5fe4b31beb08150bb03bd906a0ee68e2 | no | 12 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 9 | Non Patent Literature | NPL52_Norman_User_Centered_Part2of2.pdf | 17177515<br>11abec2b6c4b4cd529e6244d13750368c700c0e6 | no | 262 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 10 | Non Patent Literature | NPL53_Cockburn_Comparing_speed.pdf | 199624<br>fa913e1714b8477d5f48a14d34bd6fec396b4a4ad | no | 16 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 11 | Non Patent Literature | NPL54_OWEN_Slow_In_Out_Principles_Animation.pdf | 843635<br>cf566c814fa0a38a5bb00f6a2af9f3d3976ba761 | no | 1 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 12 | Non Patent Literature | NPL55_Petzold_Programming_Windows_5th_Part1of21.pdf | 6793998<br>416a45d276e5017be3d680c49a43d52b6bb50647 | no | 100 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 13 | Non Patent Literature | NPL55_Petzold_Programming_Windows_5th_Part2of21.pdf | 14188412<br>ae9e539f301ca33b4ab4ce1bf7fe8f613d6ccc63 | no | 100 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 14 | Non Patent Literature | NPL55_Petzold_Programming_Windows_5th_Part3of21.pdf | 8156879<br>5148b0b3ab9e68d45cc3bde87974ccb7cdd9988b | no | 50 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 15 | Non Patent Literature | NPL55_Petzold_Programming_Windows_5th_Part4of21.pdf | 21851086<br>cd5b3552888531b783e88e8419a2655bdea28ae2 | no | 50 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 16 | Non Patent Literature | NPL55_Petzold_Programming_Windows_5th_Part5of21.pdf | 6514638<br>250afddaaa333f85c404eb096e97756cbc7aa8b1 | no | 100 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 17 | Non Patent Literature | NPL56_Plasmaplugs.pdf | 650613<br>86456717187c986214c5a94795a17bad9d3c520f | no | 1 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 18 | Non Patent Literature | NPL55_Petzold_Programming_Windows_5th_Part6of21.pdf | 7210276<br>a6b946ce04c402646beaf8470452da26a3da6c72 | no | 100 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 19 | Non Patent Literature | NPL55_Petzold_Programming_Windows_5th_Part7of21.pdf | 8849942<br>9d627ab1b66d5e6ab00ed3c109a8239bd1fc81e2 | no | 100 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 20 | Non Patent Literature | NPL55_Petzold_Programming_Windows_5th_Part8of21.pdf | 7969787<br>01eefeca1108dfb1c823d2f889f07f84da94241b | no | 100 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 21 | Non Patent Literature | NPL55_Petzold_Programming_Windows_5th_Part9of21.pdf | 18323912<br>a66eaf8762b217e5cf09a97c9078946727bd13b7 | no | 100 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 22 | Non Patent Literature | NPL55_Petzold_Programming_Windows_5th_Part10of21.pdf | 7879037<br>dae8aa059486d77e3ed03c25db4f056bde8b91a4 | no | 100 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 23 | Non Patent Literature | NPL55_Petzold_Programming_Windows_5th_Part11of21.pdf | 6900921<br>b8c1835f0327afcb4f2d31b4f67d7d1a545707d9 | no | 100 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 24 | Non Patent Literature | NPL55_Petzold_Programming_Windows_5th_Part12of21.pdf | 6327108<br>effab09ce345fec3a61a1fe10152aa370f126816 | no | 100 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 25 | Non Patent Literature | NPL55_Petzold_Programming_Windows_5th_Part13of21.pdf | 8349216<br>d487ae45f100ec53704868c9b77b2ccbd22ebd6 | no | 100 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 26 | Non Patent Literature | NPL55_Petzold_Programming_Windows_5th_Part14of21.pdf | 16646437<br>cca1a06daebfb02c1d1d4504feb5c0af6a81de53 | no | 100 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 27 | Non Patent Literature | NPL55_Petzold_Programming_Windows_5th_Part15of21.pdf | 19374037<br>22271c6a2e02d5566c58a6df6edff10efda457b2 | no | 35 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 28 | Non Patent Literature | NPL55_Petzold_Programming_Windows_5th_Part16of21.pdf | 22352316<br>9e3516d22e2fc7200b9e1826c66afaf5366048f3 | no | 35 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 29 | Non Patent Literature | NPL55_Petzold_Programming_Windows_5th_Part17of21_EFS.pdf | 8393711 <br> f067d8d19139cae8ea98d85617c99e934c47b6f7 | no | 30 |
|----|----|----|----|----|----|
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| 30 | Non Patent Literature | NPL55_Petzold_Programming_Windows_5th_Part18of21.pdf | 19000482 <br> f9a47caa4edd93a6addc11bda2fe4fd43e3cc202 | no | 25 |
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| 31 | Non Patent Literature | NPL55_Petzold_Programming_Windows_5th_Part19of21.pdf | 14658916 <br> 585d8eb6d6aa62acbcc6f620506ab37ae89d07a7 | no | 25 |
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| 32 | Non Patent Literature | NPL55_Petzold_Programming_Windows_5th_Part20of21.pdf | 8328185 <br> 2750f9ae9fca31221d2673abdaf1bf9b8e7e02a6 | no | 50 |
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| 33 | Non Patent Literature | NPL55_Petzold_Programming_Windows_5th_Part21of21.pdf | 2171615 <br> c3de78809840673a402af3efef20ca4a55c0b76a | no | 18 |
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| 34 | Non Patent Literature | NPL57_ROBERTSON_Data_Mountain_Spatial_Memory.pdf | 8235189 <br> 943eecbd059a04be29ad6f093379b3a2196e7c6d | no | 10 |
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| | | **Total Files Size (in bytes):** | 335205738 | | |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

New Applications Under 35 U.S.C. 111
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

National Stage of an International Application under 35 U.S.C. 371
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

New International Application Filed with the USPTO as a Receiving Office
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 14717540 |
| **Application Number:** | 90012304 |
| **International Application Number:** | |
| **Confirmation Number:** | 4807 |
| **Title of Invention:** | LIST SCROLLING AND DOCUMENT TRANSLATION, SCALING, AND ROTATION ON A TOUCH-SCREEN DISPLAY |
| **First Named Inventor/Applicant Name:** | 7,469,381 |
| **Customer Number:** | 108491 |
| **Filer:** | Kenneth James Weatherwax/Parham Hendifar |
| **Filer Authorized By:** | Kenneth James Weatherwax |
| **Attorney Docket Number:** | P4304USREX2/120730-002US |
| **Receipt Date:** | 16-JAN-2013 |
| **Filing Date:** | 23-MAY-2012 |
| **Time Stamp:** | 16:38:30 |
| **Application Type:** | Reexam (Third Party) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Non Patent Literature | NPL1_Agarawala_Enriching_Metaphor.pdf | 10949434<br>01b0e6031f0f5b3e2ab076edab1fabc37bf1698f | no | 102 |

| | |
|---|---|
| **Warnings:** | |
| **Information:** | |

| 2 | Non Patent Literature | NPL2_AGARAWALA_Keepin_Desktop_Metaphor_Physics_Piles.pdf | 8808278<br>03f1d7877f62577adadf7be2d0ad46333ef61640 | no | 10 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 3 | Non Patent Literature | NPL3_Bach_Design_of_Unix_Part1of9.pdf | 24706111<br>d349d16a587864d32490e0888117d42e96b534b3 | no | 60 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 4 | Non Patent Literature | NPL3_Bach_Design_of_Unix_Part2of9.pdf | 22754391<br>c54e2790cfa9f1645003ee3d09066d1dfda83937 | no | 60 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 5 | Non Patent Literature | NPL3_Bach_Design_of_Unix_Part3of9.pdf | 23758580<br>6fb99887b8c50892fea8c8f51987719f93085961 | no | 60 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 6 | Non Patent Literature | NPL3_Bach_Design_of_Unix_Part4of9.pdf | 23577569<br>62d99601b6893d4830498d41f33e443d049c76bd | no | 60 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 7 | Non Patent Literature | NPL3_Bach_Design_of_Unix_Part5of9.pdf | 21567772<br>6c0a915d1be9f753ad2735796a9588e2d9e45a32 | no | 60 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 8 | Non Patent Literature | NPL3_Bach_Design_of_Unix_Part6of9.pdf | 23413146<br>b69156c5349237fd70ae652ee81ad4090072a2e0 | no | 60 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 9 | Non Patent Literature | NPL3_Bach_Design_of_Unix_Part7of9.pdf | 21799603<br>1e984f7bf6c6699bf32d9e4e6f0cb308a0c084b1 | no | 60 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 10 | Non Patent Literature | NPL3_Bach_Design_of_Unix_Part8of9.pdf | 20498682<br>1a2efc6851c41785d5aa49366e6f95ec052c0b6f | no | 60 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 11 | Non Patent Literature | NPL3_Bach_Design_of_Unix_Part9of9.pdf | 3226687 | no | 7 |
| | | | 8f661bd6993f86cbce02dc10b34b14cb03a8685a8 | | |

**Warnings:**

**Information:**

| 12 | Non Patent Literature | NPL4_Baecker_Readings_Human_Computer_Part1of4.pdf | 20668308 | no | 200 |
| | | | a39025f77450773a357aabf2964fda800decb024 | | |

**Warnings:**

**Information:**

| 13 | Non Patent Literature | NPL4_Baecker_Readings_Human_Computer_Part2of4.pdf | 19668591 | no | 200 |
| | | | cbef7bc4305e46c87328f6a1393d10aceb64d8f6 | | |

**Warnings:**

**Information:**

| 14 | Non Patent Literature | NPL4_Baecker_Readings_Human_Computer_Part3of4.pdf | 19078035 | no | 200 |
| | | | 21074e9f61a0f21c810a6a53c5e93e300e728ae1 | | |

**Warnings:**

**Information:**

| 15 | Non Patent Literature | NPL4_Baecker_Readings_Human_Computer_Part4of4.pdf | 15984103 | no | 152 |
| | | | 52fd04b1b1894ff64cd055b24af30e3c120cd09c | | |

**Warnings:**

**Information:**

| | **Total Files Size (in bytes):** | 280459290 |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 14718581 |
| **Application Number:** | 90012304 |
| **International Application Number:** | |
| **Confirmation Number:** | 4807 |
| **Title of Invention:** | LIST SCROLLING AND DOCUMENT TRANSLATION, SCALING, AND ROTATION ON A TOUCH-SCREEN DISPLAY |
| **First Named Inventor/Applicant Name:** | 7,469,381 |
| **Customer Number:** | 108491 |
| **Filer:** | Kenneth James Weatherwax/Parham Hendifar |
| **Filer Authorized By:** | Kenneth James Weatherwax |
| **Attorney Docket Number:** | P4304USREX2/120730-002US |
| **Receipt Date:** | 16-JAN-2013 |
| **Filing Date:** | 23-MAY-2012 |
| **Time Stamp:** | 17:22:58 |
| **Application Type:** | Reexam (Third Party) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Non Patent Literature | NPL5_Baecker_Human-Computer_Interaction_Year2000_Part1of10.pdf | 11432105<br>bae2dcea6409e6808c4ef27bd8563081846 10977 | no | 100 |

**Warnings:**

**Information:**

| 2 | Non Patent Literature | NPL5_Baecker_Human-Computer_Interaction_Year2000_Part2of10.pdf | 9521904<br>77b8972b138162501f7045b71977d1abc1996f6 | no | 100 |
|---|---|---|---|---|---|

| **Warnings:** |
|---|

| **Information:** |
|---|

| 3 | Non Patent Literature | NPL5_Baecker_Human-Computer_Interaction_Year2000_Part3of10.pdf | 10162190<br>e3625014e87c2d30de64eb633182c7f0213d3c4f | no | 100 |
|---|---|---|---|---|---|

| **Warnings:** |
|---|

| **Information:** |
|---|

| 4 | Non Patent Literature | NPL5_Baecker_Human-Computer_Interaction_Year2000_Part4of10.pdf | 10110947<br>722f378b9efbc4b92e17a24c184d8034f7f6e204 | no | 100 |
|---|---|---|---|---|---|

| **Warnings:** |
|---|

| **Information:** |
|---|

| 5 | Non Patent Literature | NPL5_Baecker_Human-Computer_Interaction_Year2000_Part5of10.pdf | 9852593<br>e3001d9db580d4c0f328a96d6d62cd3ef5e16f5c | no | 100 |
|---|---|---|---|---|---|

| **Warnings:** |
|---|

| **Information:** |
|---|

| 6 | Non Patent Literature | NPL5_Baecker_Human-Computer_Interaction_Year2000_Part6of10.pdf | 10182488<br>0855b604cd19224cc90a657de006be908ae8723e | no | 100 |
|---|---|---|---|---|---|

| **Warnings:** |
|---|

| **Information:** |
|---|

| 7 | Non Patent Literature | NPL5_Baecker_Human-Computer_Interaction_Year2000_Part7of10.pdf | 9782617<br>ddea73e169909dd988d11e07eb79b0ec4e00c32a | no | 100 |
|---|---|---|---|---|---|

| **Warnings:** |
|---|

| **Information:** |
|---|

| 8 | Non Patent Literature | NPL5_Baecker_Human-Computer_Interaction_Year2000_Part8of10.pdf | 10944921<br>cbd7fcb181c9b6af21d0ac78828e3bdd5505456b | no | 100 |
|---|---|---|---|---|---|

| **Warnings:** |
|---|

| **Information:** |
|---|

| 9 | Non Patent Literature | NPL5_Baecker_Human-Computer_Interaction_Year2000_Part9of10.pdf | 14187569<br>d93c2308e013da6d886b780a397cea794e491102 | no | 100 |
|---|---|---|---|---|---|

| **Warnings:** |
|---|

| **Information:** |
|---|

| 10 | Non Patent Literature | NPL5_Baecker_Human-Computer_Interaction_Year2000_Part10of10.pdf | 12064789<br>b858709307b6a051aae02b4bc78e29b1af235466 | no | 64 |
|---|---|---|---|---|---|

| **Warnings:** |
|---|

| **Information:** |
|---|

| 11 | Non Patent Literature | NPL6_WebsiteTechOn.pdf | 692884<br>5a8006eb23b2a2930a3ae2f569251031aeb9b589 | no | 4 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 12 | Non Patent Literature | NPL7_BEDERSON_Zooming_Alternate_Interface_Physics.pdf | 979393<br>63b8a2cd326fa1508b814e247326cdf5d05f53c1 | no | 10 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 13 | Non Patent Literature | NPL8_BEDERSON_Extensible_Zoomable_Toolkit_Java.pdf | 5527115<br>9afcffceb8fb39b57f5850be59dadcfacf876761 | no | 11 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 14 | Non Patent Literature | NPL9_BEDERSON_Extensible_2D_Zooming_Graphics_Java.pdf | 1524770<br>e3fef59627e08011697f2ed3b478e90d6963d584 | no | 10 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 15 | Non Patent Literature | NPL10_Bic_Logical_Design_Part1of2.pdf | 16852491<br>5ce79f97d48f095e0b6c9a78433e5d6c73e196d7 | no | 200 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 16 | Non Patent Literature | NPL10_Bic_Logical_Design_Part2of2.pdf | 16500047<br>c7c6ba64871a5b2dbe605f948cf6221905b7b52e | no | 187 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 17 | Non Patent Literature | NPL11_Bier_Snap-Dragging.pdf | 16359761<br>d0395db1dadf4cb9b30a3c8a924129e025fd665e | no | 170 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 18 | Non Patent Literature | NPL12_BIER_Snap_Dragging_1986.pdf | 536813<br>bf5c344cbb984c9f0ad10a7e4d34b237362e80c9 | no | 8 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 19 | Non Patent Literature | NPL13_Borman_Human_Factors_Computing_Part1of2.pdf | 19157247<br>69b62e8322fc2abe050ed99c6e0bdb6ec34e69a7 | no | 112 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 20 | Non Patent Literature | NPL13_Borman_Human_Factors_Computing_Part2of2.pdf | 15002431 | no | 109 |
| | | | 87d3a6517f542b9466b7944cef5289c35560ccf6 | | |

**Warnings:**

**Information:**

| | **Total Files Size (in bytes):** | 201375075 |
|---|---|---|

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

<u>New Applications Under 35 U.S.C. 111</u>
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

<u>National Stage of an International Application under 35 U.S.C. 371</u>
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

<u>New International Application Filed with the USPTO as a Receiving Office</u>
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 14718452 |
| **Application Number:** | 90012304 |
| **International Application Number:** | |
| **Confirmation Number:** | 4807 |
| **Title of Invention:** | LIST SCROLLING AND DOCUMENT TRANSLATION, SCALING, AND ROTATION ON A TOUCH-SCREEN DISPLAY |
| **First Named Inventor/Applicant Name:** | 7,469,381 |
| **Customer Number:** | 108491 |
| **Filer:** | Kenneth James Weatherwax/Qing Ye |
| **Filer Authorized By:** | Kenneth James Weatherwax |
| **Attorney Docket Number:** | P4304USREX2/120730-002US |
| **Receipt Date:** | 16-JAN-2013 |
| **Filing Date:** | 23-MAY-2012 |
| **Time Stamp:** | 17:16:38 |
| **Application Type:** | Reexam (Third Party) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Non Patent Literature | NPL58_RUBINE_Combining_Gestures.pdf | 167133 14db977d447879db72c998fc09a6f88f1fa39c2a | no | 2 |

| |
|---|
| **Warnings:** |
| **Information:** |

| 2 | Non Patent Literature | NPL59_RUBINE_VideoHarp.pdf | 347399 b20142fdf8fdc652bdbe98f597f56c21ec1286fa | no | 8 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 3 | Non Patent Literature | NPL25_Zukowski_Java_AWT_Reference_Part1of4.pdf | 13275729 abc11a4315baa5988eb7570fb2095837f2a44448 | no | 200 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 4 | Non Patent Literature | NPL25_Zukowski_Java_AWT_Reference_Part2of4.pdf | 12870276 8066eb02af608a5204c53426e2bc52aebc54a9bc | no | 200 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 5 | Non Patent Literature | NPL25_Zukowski_Java_AWT_Reference_Part3of4.pdf | 17751855 0dac08646ce654b764df4c0612291423353 6b7d2 | no | 400 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 6 | Non Patent Literature | NPL25_Zukowski_Java_AWT_Reference_Part4of4.pdf | 12361737 1abcb163807f14f4771dc4b1cb925c1a2700f7c2 | no | 280 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 7 | Non Patent Literature | NPL26_Epp_Patterns_Using_Java_Part1of14.pdf | 4567293 f84a932492a42ac6fbbfd31789665ce44944f80d | no | 80 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 8 | Non Patent Literature | NPL26_Epp_Patterns_Using_Java_Part2of14.pdf | 9621730 06373262a36c16c72ecae95b83df3768064e99c0 | no | 80 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 9 | Non Patent Literature | NPL26_Epp_Patterns_Using_Java_Part3of14.pdf | 11977575 ddb0d399a83d18a82ed420d6dfb8e9d1903d0552 | no | 80 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 10 | Non Patent Literature | NPL26_Epp_Patterns_Using_Java_Part4of14.pdf | 15500295 67734bc0289904954fb4b608c710bfebff3df196 | no | 80 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 11 | Non Patent Literature | NPL26_Epp_Patterns_Using_Java_Part5of14.pdf | 20709999 <br> 77185349fe1ed2212352d21b17841835746e2de3 | no | 80 |
|---|---|---|---|---|---|

| **Warnings:** |
|---|

| **Information:** |
|---|

| 12 | Non Patent Literature | NPL26_Epp_Patterns_Using_Java_Part6of14.pdf | 13930283 <br> bc203552466b0c26b6430ff275e7f8e611023b5b | no | 80 |
|---|---|---|---|---|---|

| **Warnings:** |
|---|

| **Information:** |
|---|

| 13 | Non Patent Literature | NPL26_Epp_Patterns_Using_Java_Part7of14.pdf | 17703835 <br> ab165b94311205809c03bbf055f932bf07ecf41f | no | 80 |
|---|---|---|---|---|---|

| **Warnings:** |
|---|

| **Information:** |
|---|

| 14 | Non Patent Literature | NPL26_Epp_Patterns_Using_Java_Part8of14.pdf | 21442639 <br> 3c850fc33add10e90f2c339ac6ea631e03b5d32d | no | 80 |
|---|---|---|---|---|---|

| **Warnings:** |
|---|

| **Information:** |
|---|

| 15 | Non Patent Literature | NPL26_Epp_Patterns_Using_Java_Part9of14.pdf | 20252109 <br> 8517d594b78a517ec75e54152b37d1633b6dfa34 | no | 80 |
|---|---|---|---|---|---|

| **Warnings:** |
|---|

| **Information:** |
|---|

| 16 | Non Patent Literature | NPL26_Epp_Patterns_Using_Java_Part10of14.pdf | 11208337 <br> 627d4bc0be15633cb1c88075c0900686603896f | no | 40 |
|---|---|---|---|---|---|

| **Warnings:** |
|---|

| **Information:** |
|---|

| 17 | Non Patent Literature | NPL26_Epp_Patterns_Using_Java_Part11of14.pdf | 15916291 <br> 0bd311f7af51fea5207a0f2a96e030e5231e1c2a | no | 40 |
|---|---|---|---|---|---|

| **Warnings:** |
|---|

| **Information:** |
|---|

| 18 | Non Patent Literature | NPL26_Epp_Patterns_Using_Java_Part12of14.pdf | 13944326 <br> dc5b033c8d3f72f162b6f12a0b3cff3d49f676fb | no | 80 |
|---|---|---|---|---|---|

| **Warnings:** |
|---|

| **Information:** |
|---|

| 19 | Non Patent Literature | NPL26_Epp_Patterns_Using_Java_Part13of14.pdf | 16231174 <br> 953c07f6d8109696399922c066da9ed525e6a3fb0 | no | 80 |
|---|---|---|---|---|---|

| **Warnings:** |
|---|

| **Information:** |
|---|

| 20 | Non Patent Literature | NPL26_Epp_Patterns_Using_Java_Part14of14.pdf | 1163775<br>3376464a0e3bdfef6b800817e7e7b839379b0f98 | no | 12 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 21 | Non Patent Literature | NPL33_Foley_Intro_Computer_Graphics_Part1of4.pdf | 14218408<br>529ad2f84e7a0c720f45e6e4f613d93c5c1907068 | no | 152 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 22 | Non Patent Literature | NPL33_Foley_Intro_Computer_Graphics_Part2of4.pdf | 13146173<br>1a3fddb8f2821e0e1392a09ec6c32e75ca12a076 | no | 152 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 23 | Non Patent Literature | NPL33_Foley_Intro_Computer_Graphics_Part3of4.pdf | 13643394<br>55087a6a93170c97f31e31988f000fe9e8f3c0b3 | no | 152 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 24 | Non Patent Literature | NPL33_Foley_Intro_Computer_Graphics_Part4of4.pdf | 24916486<br>9050950d21e63012d58e78d0c294994297d6d00b | no | 149 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| | **Total Files Size (in bytes):** | 316868251 |
|---|---|---|

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 14720176 |
| **Application Number:** | 90012304 |
| **International Application Number:** | |
| **Confirmation Number:** | 4807 |
| **Title of Invention:** | LIST SCROLLING AND DOCUMENT TRANSLATION, SCALING, AND ROTATION ON A TOUCH-SCREEN DISPLAY |
| **First Named Inventor/Applicant Name:** | 7,469,381 |
| **Customer Number:** | 108491 |
| **Filer:** | Kenneth James Weatherwax/Roya Rahmanpour |
| **Filer Authorized By:** | Kenneth James Weatherwax |
| **Attorney Docket Number:** | P4304USREX2/120730-002US |
| **Receipt Date:** | 16-JAN-2013 |
| **Filing Date:** | 23-MAY-2012 |
| **Time Stamp:** | 19:21:30 |
| **Application Type:** | Reexam (Third Party) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Non Patent Literature | NPL13_Borman_Human_Factors_Computing_Part1of2.pdf | 19157247<br>69b62e8322fc2abe050ed99c6e0bdb6ec34e69a7 | no | 112 |

| Warnings: |
|---|
| Information: |

| 2 | Non Patent Literature | NPL13_Borman_Human_Factors_Computing_Part2of2.pdf | 15002431<br>87d3a6517f542b9466b7944cef5289c35560ccf6 | no | 109 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 3 | Non Patent Literature | NPL14_BROWNE_Designing_Collaborative_Finger.pdf | 7976136<br>23f2a5eeccc12224c16f69690e961b82184feb27 | no | 8 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 4 | Non Patent Literature | NPL15_The_Technical_System_of_Personal_Computer.pdf | 870270<br>712d773a7520d43a87bd0048b8d7dc82150ece3 | no | 3 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 5 | Non Patent Literature | NPL16_BUXTON_Touching_Story_Personal_Perspective.pdf | 6162919<br>f115d40f2d7c42742a366a3f36e3b9be1a16c3a8 | no | 5 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 6 | Non Patent Literature | NPL17_CHANG_Animation_Cartoons_User_Interface.pdf | 1472525<br>96b37a0503bb4aa3e5cef53f74467bb9ac73c6a0 | no | 18 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 7 | Non Patent Literature | NPL18_Communication_Arts_annual_12_Part1of6.pdf | 14725805<br>e36be446bfdce317c61b7e39d665e7ba780d09b | no | 23 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 8 | Non Patent Literature | NPL18_Communication_Arts_annual_12_Part2of6.pdf | 11724316<br>9627124d54d7bf10eb4cfe8664165036615 7fd65 | no | 22 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 9 | Non Patent Literature | NPL18_Communication_Arts_annual_12_Part3of6.pdf | 22059806<br>2237ef6c3dd4e7949b1998caac291cdf52db8451 | no | 45 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 10 | Non Patent Literature | NPL18_Communication_Arts_annual_12_Part4of6.pdf | 10403897<br>1eff6d756960c38fe65342b1a147b61f06f842f1 | no | 45 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 11 | Non Patent Literature | NPL18_Communication_Arts_annual_12_Part5of6.pdf | 18219306<br>a8648e328834f3e058578f94dba139e8a22acb5a | no | 45 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 12 | Non Patent Literature | NPL18_Communication_Arts_annual_12_Part6of6.pdf | 10294592<br>5dab6164e379aa77c582a3c2a6b6a8ad27e0d43f | no | 27 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 13 | Non Patent Literature | NPL19_Communication_Arts_annual_11_Part1of9.pdf | 19648914<br>a17685410324b844e7acec58509500678c1f5095 | no | 25 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 14 | Non Patent Literature | NPL19_Communication_Arts_annual_11_Part2of9.pdf | 19448708<br>1fde3f616fae074e9132574f6f0285a397560e9 | no | 25 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 15 | Non Patent Literature | NPL19_Communication_Arts_annual_11_Part3of9.pdf | 18739018<br>685dea0d175f3386872aff758996facc94f6e37d | no | 25 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 16 | Non Patent Literature | NPL19_Communication_Arts_annual_11_Part4of9.pdf | 14024245<br>52bac8b2c92d8d4c8fd3a8b75a1ebaa6b5163acf | no | 25 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 17 | Non Patent Literature | NPL19_Communication_Arts_annual_11_Part5of9.pdf | 7834587<br>66748c3254cda03ba7601f110881275cf063e7b0 | no | 25 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 18 | Non Patent Literature | NPL19_Communication_Arts_annual_11_Part6of9.pdf | 8602845<br>ef87e2658b8669e2d12ca52798ebf05991aadd13 | no | 25 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 19 | Non Patent Literature | NPL19_Communication_Arts_annual_11_Part7of9.pdf | 10595377<br>7930a93b6c80c74ce8d2c9c404c834b6ced4eed9 | no | 25 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 20 | Non Patent Literature | NPL19_Communication_Arts_annual_11_Part8of9.pdf | 16889931 <br> 17ed6eded4be6ee3e6f0adac161c4b952f68ba1a | no | 25 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 21 | Non Patent Literature | NPL19_Communication_Arts_annual_11_Part9of9.pdf | 6147188 <br> a4e36a376cfa1488d216ba0fe8e635c4eaa67feb | no | 12 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 22 | Non Patent Literature | NPL20_Communication_Arts_annual_10_Part1of8.pdf | 18489422 <br> b95c30e45da41127e4e09f0434d8fba37faa1d76 | no | 30 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 23 | Non Patent Literature | NPL20_Communication_Arts_annual_10_Part2of8.pdf | 17368202 <br> 387b60a2ecfa1b1061785d8db7164049f5cd7ef5 | no | 30 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 24 | Non Patent Literature | NPL20_Communication_Arts_annual_10_Part3of8.pdf | 21502199 <br> 928c845acfe27ebfad1e5f7664fc3bc55526e9eb | no | 30 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 25 | Non Patent Literature | NPL20_Communication_Arts_annual_10_Part4of8.pdf | 10695915 <br> 8a465725e5f632db8aae8ff1e25507c7d0d49050 | no | 30 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 26 | Non Patent Literature | NPL20_Communication_Arts_annual_10_Part5of8.pdf | 9971308 <br> 44fabab28d2c91fe79864c32fe152fd8a949d89d | no | 30 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 27 | Non Patent Literature | NPL20_Communication_Arts_annual_10_Part6of8.pdf | 9119028 <br> f02bcfedc53f2eefbf95621f80a83a8d16663e2 | no | 30 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 28 | Non Patent Literature | NPL20_Communication_Arts_annual_10_Part7of8.pdf | 23044821 <br> 672f42444efcbdcf8fca97b9469739ed756a6dc8 | no | 30 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 29 | Non Patent Literature | NPL20_Communication_Arts_annual_10_Part8of8.pdf | 2361220<br><br>ee6231be0f2c14ddab32468ac30ed52bb433c5bd | no | 5 |
|----|----|----|----|----|----|
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| 30 | Non Patent Literature | NPL21_Communication_Arts_annual_9_Part1of7.pdf | 24417533<br><br>0d219bfc04536f4b0e57781625709fac9bc0f19d | no | 40 |
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| 31 | Non Patent Literature | NPL21_Communication_Arts_annual_9_Part2of7.pdf | 15745980<br><br>798f69b29b2c6a594e43f9384d660654e6ee6537 | no | 20 |
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| 32 | Non Patent Literature | NPL21_Communication_Arts_annual_9_Part3of7.pdf | 14445211<br><br>5ec8cf13471cafec0e8b2d5bcd7e5abd7fb841bd | no | 20 |
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| 33 | Non Patent Literature | NPL21_Communication_Arts_annual_9_Part4of7.pdf | 18572633<br><br>be982016fad23ea13c45c3bd509582f0384d27a9 | no | 40 |
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| 34 | Non Patent Literature | NPL21_Communication_Arts_annual_9_Part5of7.pdf | 16798250<br><br>eb7d3d294284e7926e7e96c0c12b9135497e1344 | no | 40 |
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| 35 | Non Patent Literature | NPL21_Communication_Arts_annual_9_Part6of7.pdf | 18390566<br><br>7c8b42aa371667df44552e9330df86885dad1ec1 | no | 40 |
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| 36 | Non Patent Literature | NPL21_Communication_Arts_annual_9_Part7of7.pdf | 3009162<br><br>b91628e43f86d9fd51f5c725fc592ae40a06ad35 | no | 8 |
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| 37 | Non Patent Literature | NPL22_Communication_Arts_2001_Part1of7.pdf | 22465205<br><br>632e0d27f2152517134b72d46a35d6b63ca9ae92 | no | 40 |
| **Warnings:** | | | | | |
| **Information:** | | | | | |

| 38 | Non Patent Literature | NPL22_Communication_Arts_2001_Part2of7.pdf | 21404905<br>1a65e2b9782f33a8dac0bb6755f22b2d07b1f794 | no | 40 |
|---|---|---|---|---|---|
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| 39 | Non Patent Literature | NPL22_Communication_Arts_2001_Part3of7.pdf | 25166243<br>87a64690fe50d9687ac66f59b497b6c2750ec133 | no | 40 |
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| 40 | Non Patent Literature | NPL22_Communication_Arts_2001_Part4of7.pdf | 15471972<br>934271f8ac7020dcedfba15286c1ecb0b6771223 | no | 40 |
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| 41 | Non Patent Literature | NPL22_Communication_Arts_2001_Part5of7.pdf | 15637244<br>a7ec06ac6664a27a950b28fc956b9833ae414fc1 | no | 40 |
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| 42 | Non Patent Literature | NPL22_Communication_Arts_2001_Part6of7.pdf | 17914819<br>1b605384eab2e0e4608b80a52e3ef6a0980f24fd | no | 40 |
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| 43 | Non Patent Literature | NPL22_Communication_Arts_2001_Part7of7.pdf | 2235956<br>17c007cc96449390e979dc0244293a2119bdeff9 | no | 7 |
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| | | **Total Files Size (in bytes):** | 604227857 | | |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

<u>New Applications Under 35 U.S.C. 111</u>
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

<u>National Stage of an International Application under 35 U.S.C. 371</u>
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

<u>New International Application Filed with the USPTO as a Receiving Office</u>
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 14720282 |
| **Application Number:** | 90012304 |
| **International Application Number:** | |
| **Confirmation Number:** | 4807 |
| **Title of Invention:** | LIST SCROLLING AND DOCUMENT TRANSLATION, SCALING, AND ROTATION ON A TOUCH-SCREEN DISPLAY |
| **First Named Inventor/Applicant Name:** | 7,469,381 |
| **Customer Number:** | 108491 |
| **Filer:** | Kenneth James Weatherwax |
| **Filer Authorized By:** | |
| **Attorney Docket Number:** | P4304USREX2/120730-002US |
| **Receipt Date:** | 16-JAN-2013 |
| **Filing Date:** | 23-MAY-2012 |
| **Time Stamp:** | 19:34:09 |
| **Application Type:** | Reexam (Third Party) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Non Patent Literature | NPL32_Foley_Computer_Graphics_2nd3_Part1of23.pdf | 18991029<br>07529ec9b824e511f4d1af7e772e88353f287915 | no | 30 |

**Warnings:**

The page size in the PDF is too large. The pages should be 8.5 x 11 or A4. If this PDF is submitted, the pages will be resized upon entry into the Image File Wrapper and may affect subsequent processing

| Information: | | | | | |
|---|---|---|---|---|---|
| 2 | Non Patent Literature | NPL32_Foley_Computer_Graphics_2nd3_Part2of23.pdf | 22494738<br>304d6b019fca87a65b0b04b5b5b8dde057c2f048 | no | 30 |
| Warnings: | | | | | |
| Information: | | | | | |
| 3 | Non Patent Literature | NPL32_Foley_Computer_Graphics_2nd3_Part3of23.pdf | 22216178<br>b8bfbd8a66e1f5c3134214529c7ef50412f477e6 | no | 30 |
| Warnings: | | | | | |
| Information: | | | | | |
| 4 | Non Patent Literature | NPL32_Foley_Computer_Graphics_2nd3_Part4of23.pdf | 22992423<br>147d64a02d66e2210004ab6e728e7b9de460e3af | no | 30 |
| Warnings: | | | | | |
| Information: | | | | | |
| 5 | Non Patent Literature | NPL32_Foley_Computer_Graphics_2nd3_Part5of23.pdf | 19643393<br>7ecb3b8deeaeedc148d8fc36b8b3bcc51a738e59 | no | 30 |
| Warnings: | | | | | |
| Information: | | | | | |
| 6 | Non Patent Literature | NPL32_Foley_Computer_Graphics_2nd3_Part6of23.pdf | 23004234<br>ab514550583a08177d1269e820a6fe60b3f71b93 | no | 30 |
| Warnings: | | | | | |
| Information: | | | | | |
| 7 | Non Patent Literature | NPL32_Foley_Computer_Graphics_2nd3_Part7of23.pdf | 25249337<br>45f6e69bea7f8d26f172ce181a68460bbc91ba87 | no | 30 |
| Warnings: | | | | | |
| Information: | | | | | |
| 8 | Non Patent Literature | NPL32_Foley_Computer_Graphics_2nd3_Part8of23.pdf | 23651387<br>5ca7da92ae2ba8917be3f79e40236fbde12379d1 | no | 30 |
| Warnings: | | | | | |
| Information: | | | | | |
| 9 | Non Patent Literature | NPL32_Foley_Computer_Graphics_2nd3_Part9of23.pdf | 22475291<br>63518753d3b0baeffd88138d35713805985d3cf | no | 30 |
| Warnings: | | | | | |
| Information: | | | | | |

| 10 | Non Patent Literature | NPL32_Foley_Computer_Graphics_2nd3_Part10of23.pdf | 21130142 / ef3c3edb87cd9a6f772ec249c75b70a49bfe2c48 | no | 30 |

**Warnings:**

**Information:**

| | Total Files Size (in bytes): | 221848152 |

**This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.**

**New Applications Under 35 U.S.C. 111**
**If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.**

**National Stage of an International Application under 35 U.S.C. 371**
**If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.**

**New International Application Filed with the USPTO as a Receiving Office**
**If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.**

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 14720388 |
| **Application Number:** | 90012304 |
| **International Application Number:** | |
| **Confirmation Number:** | 4807 |
| **Title of Invention:** | LIST SCROLLING AND DOCUMENT TRANSLATION, SCALING, AND ROTATION ON A TOUCH-SCREEN DISPLAY |
| **First Named Inventor/Applicant Name:** | 7,469,381 |
| **Customer Number:** | 108491 |
| **Filer:** | Kenneth James Weatherwax |
| **Filer Authorized By:** | |
| **Attorney Docket Number:** | P4304USREX2/120730-002US |
| **Receipt Date:** | 16-JAN-2013 |
| **Filing Date:** | 23-MAY-2012 |
| **Time Stamp:** | 19:58:59 |
| **Application Type:** | Reexam (Third Party) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Non Patent Literature | NPL32_Foley_Computer_Graphics_2nd3_Part13of23.pdf | 23070058<br>f35fca581920169af47e76805424085c08e66f7c | no | 30 |

| | |
|---|---|
| **Warnings:** | |
| **Information:** | |

| 2 | Non Patent Literature | NPL32_Foley_Computer_Graphics_2nd3_Part14of23.pdf | 23022566<br>a99cbc6cb2e74e6de91b0f1bd5211136cb22278e | no | 30 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 3 | Non Patent Literature | NPL32_Foley_Computer_Graphics_2nd3_Part15of23.pdf | 23891927<br>a4b05f010074 3b29 3e33a7f188c1e33ba11ddfd3 | no | 30 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 4 | Non Patent Literature | NPL32_Foley_Computer_Graphics_2nd3_Part16of23.pdf | 12581228<br>2df96f9c39449d435954c4a00b02242e0853b94c | no | 15 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 5 | Non Patent Literature | NPL32_Foley_Computer_Graphics_2nd3_Part17of23.pdf | 13874409<br>587ca27e68faa72ec6aa0c40f6955f48b4392ace | no | 15 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 6 | Non Patent Literature | NPL32_Foley_Computer_Graphics_2nd3_Part18of23.pdf | 24574778<br>f6ef5cdc59ac272ab78fe80acee75b942ad05928 | no | 30 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 7 | Non Patent Literature | NPL32_Foley_Computer_Graphics_2nd3_Part19of23.pdf | 23360280<br>f12176631d41ac968f7b70957fba7f565c67f740 | no | 30 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 8 | Non Patent Literature | NPL32_Foley_Computer_Graphics_2nd3_Part20of23.pdf | 23786448<br>732824c2f882c247f614c2220e26a03de0a58299 | no | 30 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 9 | Non Patent Literature | NPL32_Foley_Computer_Graphics_2nd3_Part22of23.pdf | 24073856<br>87d7b9d1c36940f90e4d464e2af770dfbf3d1f38 | no | 30 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 10 | Non Patent Literature | NPL32_Foley_Computer_Graphics_2nd3_Part21of23.pdf | 21286288<br>4095dcf74f3d6cd2d2e97797b8934f28f2862c95 | no | 30 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 11 | Non Patent Literature | NPL32_Foley_Computer_Graphics_2nd3_Part23of23.pdf | 1849237 | no | 3 |
| | | | b43f739cecbfd2495f740b9a3d4b9e3311fc5cc3 | | |

**Warnings:**

**Information:**

| 12 | Non Patent Literature | NPL32_Foley_Computer_Graphics_2nd3_Part11of23.pdf | 23111502 | no | 30 |
| | | | 5bd1632fbea357d7d0d2ea510a9446c75b7b427b | | |

**Warnings:**

**Information:**

| 13 | Non Patent Literature | NPL32_Foley_Computer_Graphics_2nd3_Part12of23.pdf | 20059895 | no | 30 |
| | | | 3e74fd830c9b09b72038959d80c110c2ec8d636e | | |

**Warnings:**

**Information:**

| | | | | | |
|---|---|---|---|---|---|
| | | | **Total Files Size (in bytes):** | 258542472 | |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

<u>New Applications Under 35 U.S.C. 111</u>
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

<u>National Stage of an International Application under 35 U.S.C. 371</u>
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

<u>New International Application Filed with the USPTO as a Receiving Office</u>
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 14720474 |
| **Application Number:** | 90012304 |
| **International Application Number:** | |
| **Confirmation Number:** | 4807 |
| **Title of Invention:** | LIST SCROLLING AND DOCUMENT TRANSLATION, SCALING, AND ROTATION ON A TOUCH-SCREEN DISPLAY |
| **First Named Inventor/Applicant Name:** | 7,469,381 |
| **Customer Number:** | 108491 |
| **Filer:** | Kenneth James Weatherwax/Roya Rahmanpour |
| **Filer Authorized By:** | Kenneth James Weatherwax |
| **Attorney Docket Number:** | P4304USREX2/120730-002US |
| **Receipt Date:** | 16-JAN-2013 |
| **Filing Date:** | 23-MAY-2012 |
| **Time Stamp:** | 20:07:30 |
| **Application Type:** | Reexam (Third Party) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Non Patent Literature | NPL31_Foley_Computer_Graphics_2nd_C_Part1of9.pdf | 11165509<br>fb4ba01ba236e05932c115071a9f734b0c253d82 | no | 150 |

**Warnings:**

**Information:**

| 2 | Non Patent Literature | NPL31_Foley_Computer_Graphics_2nd_C_Part2of9.pdf | 20005274<br><br>e2887b6e1716d6d0a129a2ed48937dd797c767c9 | no | 150 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 3 | Non Patent Literature | NPL31_Foley_Computer_Graphics_2nd_C_Part3of9.pdf | 12093812<br><br>c500103ca2478e8ae0c68f001d3848fe52556b1c | no | 150 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 4 | Non Patent Literature | NPL31_Foley_Computer_Graphics_2nd_C_Part4of9.pdf | 10320484<br><br>52f6d9361ca54bdf1dd8a636a6d34ee2081388e1 | no | 150 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 5 | Non Patent Literature | NPL31_Foley_Computer_Graphics_2nd_C_Part5of9.pdf | 19259087<br><br>a1e1ac554f34cc30d53392c4591c79f6c941b88e | no | 150 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 6 | Non Patent Literature | NPL31_Foley_Computer_Graphics_2nd_C_Part6of9.pdf | 21549590<br><br>275a03ac5e367ca00977686865d402bb4373b07 | no | 150 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 7 | Non Patent Literature | NPL31_Foley_Computer_Graphics_2nd_C_Part7of9.pdf | 9677135<br><br>db941255364aea4036b3f91c206e50eca26ba4fb | no | 150 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 8 | Non Patent Literature | NPL31_Foley_Computer_Graphics_2nd_C_Part8of9.pdf | 16427462<br><br>105aaa6a2fa98829237d44c352e54fd4f9b8c718 | no | 150 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 9 | Non Patent Literature | NPL31_Foley_Computer_Graphics_2nd_C_Part9of9.pdf | 6925009<br><br>c408ffbb9eac18066cd6f260616b390ed1055577 | no | 76 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 10 | Non Patent Literature | NPL34_GLEICHER_Image_Snapping.pdf | 5585236<br><br>353e54e0f7739ef826a78be0c3cef8b18722 7e9f | no | 8 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 11 | Non Patent Literature | NPL35_GROSS_Grids_Design_Cad.pdf | 436850 | no | 11 |
| | | | 99ffb0c581e0459c00e5e01d1b0af4d65bd7dd5b | | |

**Warnings:**

**Information:**

| 12 | Non Patent Literature | NPL36_HP_iPAQ_1945_Pocket_PC.pdf | 850988 | no | 127 |
| | | | f566dd84f4607b93aecdd275093b8d6ada1d2069 | | |

**Warnings:**

**Information:**

| 13 | Non Patent Literature | NPL37_HPrx1955_specsheet.pdf | 145824 | no | 7 |
| | | | 68b8b6493229bee807bd783467f7a39a061f3b1d | | |

**Warnings:**

**Information:**

| 14 | Non Patent Literature | NPL38_ISHAK_Content_Aware_Scrolling.pdf | 5713130 | no | 4 |
| | | | cc343cd0fef23e7bcef852bcace4945d0aff878e | | |

**Warnings:**

**Information:**

| 15 | Non Patent Literature | NPL39_JOHNSON_Effect_Touch_Pad_Size.pdf | 432278 | no | 10 |
| | | | f20ec3f8b3c5d95dc1c4a0123fa54c11ca68edb6 | | |

**Warnings:**

**Information:**

| **Total Files Size (in bytes):** | | 140587668 |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

| INFORMATION DISCLOSURE CITATION | | *Electronically filed February 4, 2013* | |
|---|---|---|---|
| | | Application Number | *90/012,304* |
| | | Filing Date | *May 23, 2012* |
| Substitute for Form 1449-PTO | | First Named Inventor | *Bas Ording* |
| | | Art Unit | *3992* |
| | | Examiner Name | *BONSHOCK, DENNIS G* |
| Sheet | 1 | of | 1 | Attorney Docket Number | *P4304USREX2/120730-002US* |

| NON PATENT LITERATURE DOCUMENTS | | |
|---|---|---|
| Examiner Initials | Cite No. | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume-issue number(s), publisher, city and/or country where published |
| | NPL 1 | Apple Inc., v. Samsung Electronics, et al., No. 11-cv-01846-LHK (N.D. Cal.), *Order Granting In Part and Denying In Part Motion For Judgment As a Matter of Law*, January 29, 2013 |
| | | |
| | | |
| | | |
| | | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. ¹ Applicant's unique citation designation number (optional). ² See Kind Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. ³ Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). ⁴ For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. ⁵ Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST. 16 if possible. ⁶ Applicant is to place a check mark here if English language Translation is attached.

Burden Hour Statement: This form is estimated to take 2.0 hours to complete. Time will vary depending upon the needs of the individual case. Any comments on the amount of time you are required to complete this form should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, Washington, DC 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Assistant Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

List of References Form 1449 re-exam 90012304.docx

Reexamination of US Pat. 7,469,381 Ording                    Control No. 90/012,304

<u>IN THE UNITED STATES PATENT AND TRADEMARK OFFICE</u>

| | | | |
|---|---|---|---|
| In the Reexamination of USP 7,469,381: | ) | | |
| | ) | | |
| Inventor(s) : **Bas Ording** | ) | Art Unit: | **3992** |
| | ) | | |
| Control No.: **90/012,304** | ) | Examiner: | **Bonshock, Dennis** |
| | ) | | |
| Filed      : **5/23/2012** | ) | Office Action dated: | **10/15/2012** |
| | ) | | |
| For: **LIST SCROLLING AND** | ) | | |
| **DOCUMENT TRANSLATION,** | ) | | |
| **SCALING, AND ROTATION ON A** | ) | | |
| **TOUCH-SCREEN DISPLAY** | ) | | |

Mail Stop Ex Parte Reexam
Central Reexamination Unit
Commissioner for Patents
United States Patent & Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450

<u>**STATEMENT OF INTERVIEW**</u>

Patent Owner wishes to thank Examiners Bonshock, Basehoar and Kosowski for granting the in-person interview that was conducted at 10:00 a.m. on January 8, 2013.

During the interview, claim 1 and the Lira and Ording '975 references were discussed.  Patent Owner presented an animation of the actions claimed in claim 1 of the '381 patent and an animation of the "snap" behavior disclosed in the Lira reference.

Patent Owner requested clarification of the October 15, 2012 Office Action's references to "bounce back."  The Examiner clarified that the references to "bounce back" in the Office Action in connection with Lira mean the snap to alignment control shown in Fig. 14B of Lira.

Patent Owner requested clarification of the Office Action's reference to "sub-document" and "outside boundary."  The Examiners responded with arguments and interpretations that are not set forth in the Office Action.  Patent Owner was unable to fully respond during the interview to the arguments presented for the first time during the interview.  Patent Owner will fully respond to Examiners' arguments made for the first time during the interview if such arguments are made of record.

Reexamination of US Pat. 7,469,381 Ording                     Control No. 90/012,304

The Examiner argued that Lira discloses reformatting HTML web pages in HTML or other languages.  Discussion of Lira's disclosure of reformatting web pages is set forth in Patent Owner's January 15, 2013 response to the October 15, 2012 Office Action at, e.g., page 25.

The Examiner argued that Lira discloses space between and around reformatted columns that is not part of the page.  Discussion of Lira's disclosure of reformatting content of the web page into columns is set forth in Patent Owner's response at, e.g., pages 23 to 24.

The Examiner argued that Figs. 8A to 8C of Lira showed space horizontally adjacent to the header.  Patent Owner asked for clarification as to whether this new argument relied on measuring comparative sizes of elements of the figures.  The Examiner then presented another argument that images in a web page could be interpreted as documents.  Discussion of Lira's disclosure of images in pages is set forth in Patent Owner's response at, e.g., pages 49 to 50.

Patent Owner requested clarification of the Office Action's position that Fig. 14B of Lira showed the elements of claim 1, and whether the Office's position was that the scrolling depicted in Fig. 14B before the pen lifted was in one direction or multiple directions.  The Examiner argued that this scrolling could be in one common direction.  Discussion of scrolling directions corresponding to Fig. 14B of Lira is set forth in Patent Owner's January 15, 2013 response to the Office Action at, e.g., pages 37 to 40.

Patent Owner requested that the Examiners point out support for the position in the Office Action that Ording '975 discloses stopping or changing the scrolling direction when contact is broken with the screen.  The Examiner stated that if this issue were raised in Patent Owner's response it would be considered.

Patent Owner discussed submission of Rule 131 evidence to remove rejections based on Ording '975.

Unless otherwise stated above, no agreement was reached.

Date:  February 4, 2013                           Respectfully Submitted,

                                            _____/Kenneth J. Weatherwax/_____
                                            Kenneth J. Weatherwax (Reg. No. 54,528)
                                            Goldberg, Lowenstein & Weatherwax LLP

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re:  Reexam of U.S. Patent No. 7,469,381 B2 | Confirmation No.:  4807 |
| Control No. 90/012,304 | Art Unit:  3992 |
| Filed:  May 23, 2012 | Examiner:  Bonshock, Dennis G |
| For:  **LIST SCROLLING AND DOCUMENT TRANSLATION, SCALING, AND ROTATION ON A TOUCH-SCREEN DISPLAY** | Atty. Docket:<br>P4304USREX2/120730-002US |

Mail Stop *Ex Parte* Reexam
Central Reexamination Unit
Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA  22313-1450

February 4, 2013

   Sir:

Transmitted herewith for appropriate action are the following documents:

1. Patent Owner's Statement of Interview
2. Notice of Prior and Concurrent Proceedings Under 37 C.F.R. §1.565(a), and Exhibits EX-A thru EX-G
3. Information Disclosure Statement Transmittal Letter
4. Information Disclosure Statement
5. Reference NPL-1 cited in the Information Disclosure Statement
6. Certificate of Service

No fees are believed to be due for this submission.  However, The U.S. Patent and Trademark Office is hereby authorized to charge any fee deficiency to Goldberg, Lowenstein & Weatherwax LLP Deposit Account No. 50-5927.

Very truly yours,

____/Kenneth J. Weatherwax/_____
Kenneth J. Weatherwax, Reg. No. 54,528
Goldberg, Lowenstein & Weatherwax LLP
11400 W. Olympic Blvd., Suite 400
Los Angeles, CA 90064

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re: Reexam of U.S. Patent No. 7,469,381 B2 | Confirmation No.: 4807 |
| Control No. 90/012,304 | Art Unit: 3992 |
| Filed: May 23, 2012 | Examiner: Bonshock, Dennis G |
| For: **LIST SCROLLING AND DOCUMENT TRANSLATION, SCALING, AND ROTATION ON A TOUCH-SCREEN DISPLAY** | Atty. Docket: |
| | : P4304USREX2/120730-002US |

## Certificate of Service

Mail Stop *Ex Parte* Reexam
Central Reexamination Unit
Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA  22313-1450

February 4, 2013

Sir:

In compliance with 37 C.F.R. § 1.550(f), the undersigned, on behalf of the Patent Owner, hereby certifies that copies of the following documents are being served on the Third Party Requester by first class mail on February 4, 2013.

1. Patent Owner's Statement of Interview
2. Notice of Prior and Concurrent Proceedings Under 37 C.F.R. §1.565(a), and Exhibits EX-A thru EX-G
3. Information Disclosure Statement Transmittal Letter
4. Information Disclosure Statement, citing NPL-1
5. Reference NPL-1 cited in the Information Disclosure Statement
6. Certificate of Service

The name and address of the party being served is as follows:

Joseph J. Richetti
BRYAN CAVE LLP
1290 Avenue of the Americas
New York, New York 10104

Very truly yours,

_____/Kenneth J. Weatherwax/_____
Kenneth J. Weatherwax, Reg. No. 54,528
Goldberg, Lowenstein & Weatherwax LLP
11400 W. Olympic Blvd., Suite 400
Los Angeles, CA 90064

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 14872193 |
| **Application Number:** | 90012304 |
| **International Application Number:** | |
| **Confirmation Number:** | 4807 |
| **Title of Invention:** | LIST SCROLLING AND DOCUMENT TRANSLATION, SCALING, AND ROTATION ON A TOUCH-SCREEN DISPLAY |
| **First Named Inventor/Applicant Name:** | 7,469,381 |
| **Customer Number:** | 108491 |
| **Filer:** | Kenneth James Weatherwax/Qing Ye |
| **Filer Authorized By:** | Kenneth James Weatherwax |
| **Attorney Docket Number:** | P4304USREX2/120730-002US |
| **Receipt Date:** | 04-FEB-2013 |
| **Filing Date:** | 23-MAY-2012 |
| **Time Stamp:** | 18:59:36 |
| **Application Type:** | Reexam (Third Party) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Notice of concurrent proceeding(s) | 381_FINAL_NoticeofConcurrentProceedings_EFS.pdf | 156685<br>5c6d64d27505521543488ea9ad2601482f7bb1fa | no | 5 |

**Warnings:**

**Information:**

| 2 | Notice of concurrent proceeding(s) | NoticeofPriorandConcurrentLitigation_EXA_EFS.pdf | 1423338<br><br>4db0c8bbe8534ee7d6254896126d7bea446efe31 | no | 21 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 3 | Notice of concurrent proceeding(s) | NoticeofPriorandConcurrentLitigation_EXB_EFS.pdf | 344784<br><br>ca1c4e49aaed653496bdc3f0db2edc82c48d2632 | no | 4 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 4 | Notice of concurrent proceeding(s) | NoticeofPriorandConcurrentLitigation_EXC_EFS.pdf | 852338<br><br>0137d72e3ddc76648b7a5c4aeb2a5133bd10ca14 | no | 8 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 5 | Notice of concurrent proceeding(s) | NoticeofPriorandConcurrentLitigation_EXD_EFS.pdf | 92765<br><br>afd4351892a3f1a68d4e0f0baf0acca0bc724c10 | no | 2 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 6 | Notice of concurrent proceeding(s) | NoticeofPriorandConcurrentLitigation_EXE_EFS.pdf | 151199<br><br>19792baf85cd3c9adb99ac1f7dedd2202693f33d | no | 3 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 7 | Notice of concurrent proceeding(s) | NoticeofPriorandConcurrentLitigation_EXF_EFS.pdf | 187519<br><br>57aeda29b199469c487edb4a9550652bb3c2f4d9 | no | 3 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 8 | Notice of concurrent proceeding(s) | NoticeofPriorandConcurrentLitigation_EXG_EFS.pdf | 689268<br><br>1d5e236b7d700facaeb58eaa6693be67132ffca5 | no | 41 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 9 | Transmittal Letter | 20130204_IDS_trans_letter_EFS.pdf | 101135<br><br>e5a89bbb0dbc356eca76edb800f1fb73dc1fac07 | no | 1 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 10 | Information Disclosure Statement (IDS) Form (SB08) | 20130204_IDS_381_FINAL_EFS.pdf | 131709<br><br>bf681bfce19333895f7ee2ae7853f98781d544d69 | no | 1 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

This is not an USPTO supplied IDS fillable form

| 11 | Non Patent Literature | NPL1_Judgment_EFS.pdf | 641336<br><br>a26b9880c768ebb8902c12d32e4546e4789<br>17b9f | no | 40 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 12 | Reexam Miscellaneous Incoming Letter | 381_FINAL_Statement_of_Interview_EFS.pdf | 95388<br><br>c268dbde88e56d55a42be59ab69fe2deae3<br>3db17 | no | 2 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 13 | Reexam Miscellaneous Incoming Letter | 20130204_Transmittal_Letter_EFS.pdf | 84551<br><br>603e4981b6e590a2f1687f7744c76d2f56a4<br>6a35 | no | 1 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 14 | Reexam Certificate of Service | 20130204_381_COS_EFS.pdf | 87664<br><br>22c9f09cb4eb2ad1c3f07d7b7deae3133ced<br>997a | no | 1 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| | | | Total Files Size (in bytes): | | 5039679 |
|---|---|---|---|---|---|

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re:  Reexam of U.S. Patent No. 7,469,381 B2 | Confirmation No.:  4807 |
| Control No. 90/012,304 | Art Unit: 3992 |
| Filed:  May 23, 2012 | Examiner:  Bonshock, Dennis G. |
| For: **LIST SCROLLING AND DOCUMENT TRANSLATION, SCALING, AND ROTATION ON A TOUCH-SCREEN DISPLAY** | Atty. Docket:  P4304USREX2/120730-002US |

**Notice of Prior and Concurrent Proceedings Under 37 C.F.R. §1.565(a)**

Mail Stop *Ex Parte* Reexam
Central Reexamination Unit
Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA  22313-1450

February 4, 2013

Sir:

In compliance with 37 C.F.R. § 1.565(a), Patent Owner Apple Inc. ("Apple") hereby provides notice of prior and concurrent proceedings, and merits-based decisions therein, in which the patent undergoing reexamination in this proceeding ("the '381 patent") has been involved:

1. **Civil Action No. 5:11-cv-01846 in the Northern District of California, captioned *Apple Inc. v. Samsung Electronics Co*.:**
On April 15, 2011, Apple filed a complaint against defendant ("Samsung") for infringement of the '381 patent, among other claims.  An August 24, 2012 jury verdict found, *inter alia*, claim 19 of the '381 patent infringed and not invalid (copy of verdict form attached as Exhibit EX-A).  On January 29, 2013, Samsung's motion for judgment of non-infringement and invalidity as a matter of law notwithstanding the verdict as to claim 19 of the '381 patent was denied (copy of order attached as Exhibit EX-G). Apple's post-verdict motion for a permanent injunction based on, *inter alia*, infringement of claim 19 of the '381 patent, was denied.  Apple has appealed the latter decision to the United States Court of Appeals for the

1

Federal Circuit (Appeal No. 13-1129, currently consolidated with 13-1146).  An appeal relating to the sealing of documents for confidentiality in the case has also been filed (Appeal No. 12-1600).

2. **United States International Trade Commission ("ITC") Investigation No. 337-TA-797, captioned** *In the Matter of Certain Portable Electronic Devices and Related Software*:

On July 8, 2011, Apple filed a complaint in the ITC alleging infringement of, *inter alia*, the '381 patent.  The ITC initiated Investigation No. 337-TA-797 based on the complaint.  On December 13, 2012, the Administrative Law Judge in the investigation issued an initial determination terminating the investigation pursuant to a settlement agreement.  On January 14, 2013, the ITC Commission determined not to review the Initial Determination (copy of Notice of Determination Not To Review attached as Exhibit EX-B).

3. **Civil Action No. 1:10-cv-000167 in the District of Delaware, captioned** *Apple Inc. v. HTC Corp.*:

On March 2, 2010, Apple filed a complaint against HTC for infringement of several patents, including the '381 patent.  On December 22, 2011, the case was stayed pending final resolution of ITC Investigation No. 337-TA-797 (copy of order attached as Exhibit EX-C). See proceeding No. 2 *supra*.  A Stipulation Regarding Dismissal of the Entire Action Without Prejudice based on a settlement agreement was filed with the court on November 12, 2012 (copy of stipulation attached as Exhibit EX-D).

4. **Civil Action No. 1:09-cv-00791 in the District of Delaware, captioned** *Nokia Corp. v. Apple Inc.*:

On October 22, 2009, Nokia Corporation filed a complaint against Apple Inc. regarding declaratory claims concerning, *inter alia*, infringement of the '381 patent.  A Markman hearing session was held on May 16, 2011.  The Court ordered the case dismissed due to a settlement on June 15, 2011 (copy of order attached as Exhibit EX-E).

5. *Ex parte* **Reexamination No. 90/010,963:**

On April 28, 2010, a first request for ex parte reexamination was filed with the Office in connection with the '381 patent.  On July 14, 2010, the Office issued a decision finding a substantial new question of patentability with respect to all Issued Claims on the basis of 5 references.  On January 13, 2011, the Office issued a first-action Notice of Intent to Issue Ex Parte Reexamination Certificate confirming the patentability of all 20 Issued

claims. On April 26, 2011, the Office issued *ex parte* reexamination certificate No. 8187 confirming unamended issued claims 1-20 (copy of reexamination certificate attached as <u>Exhibit EX-F</u>)

In addition to proceedings involving the '381 patent mentioned above pursuant to 37 C.F.R. § 1.565(a), it is respectfully noted that several proceedings in foreign jurisdictions have involved at least one foreign patent or utility model which claims priority to one or more U.S. patent applications to which the '381 patent claims priority.  Foreign patent and utility model nos. EP 2 126 678, DE 21 2008 000 001, KR 10-950120000, JP 4,743,919, AU 2008201540, AU 2009200366, AU 2008100283 and AU 2009208103 claim priority to Application No. PCT/US2008/050292, which claims priority to the same U.S. provisional patent applications to which the '381 patent claims priority.  Foreign patent nos. EP 2 059 868 and AU 2008100372 claim priority to Application No. PCT/US2007/077441, which claims priority to certain U.S. provisional patent applications to which the '381 patent claims priority.

Foreign proceedings involving such patent or utility model claims include the following:

1. Korean action 2011 Gahap 63647 relating to Korean patent KR 10-0950,120, captioned *Apple Inc. v. Samsung Electronics Co.*

2. Japanese action 2011 (Yo) No. 22049 for preliminary injunctive relief relating to Japanese patent JP 4,743,919, captioned *Apple Inc. v. Samsung Japan Corp. and Samsung Telecommunications Japan Co.*

3. Japanese action 2011 (Wa) No. 27781 for infringement and damages relating to Japanese patent JP 4,743,919, captioned *Apple Inc. v. Samsung Japan Corp. and Samsung Telecommunications Japan Co.*

4. Invalidity proceedings before the Japanese Patent Office relating to Japanese patent JP 4,743,919, captioned *Apple Inc. v. Samsung Electronics Co.*

5. Injunction and infringement proceedings in Netherlands (KG ZA 11-730; KG ZA 11-731; 2012/220) relating to EP 2 059 868, captioned *Apple Inc. v. Samsung Electronics Co.*

6.  Action for infringement and damages before the Federal Court of Australia (Docket No. NSD 1243/2011) relating to Australian patents 2008201540, 2009200366, 2008100283, and 2009208103, captioned *Apple Inc. v. Samsung Electronics Co.*

7.  Action before the High Court of Justice in The United Kingdom (Docket No. HC 11 C03079) relating to European Patent EP 2 059 868, captioned *Samsung Electronics (UK) Ltd. v. Apple Inc.*

8.  Actions for infringement and damages before the High Court of Justice in The United Kingdom (Docket Nos. HC 11 C02826, HC 11 C02703, and HC 11 C03080) relating to European Patent EP 2 059 868, captioned *Apple Inc. v. HTC Europe.*

9.  Proceedings before the German Patent and Trademark Office (Docket No. 21 2008 000 001.6) based on German utility model DE 21 2008 000 001, captioned *Apple Inc. v. Nokia Corp.*

10. Action in Germany (Munich) (Docket No. 7 O 19716/11) relating to European patent EP 2 059 868, captioned *In the matter Apple Inc. against Motorola Mobility Inc.*

11. Action in Germany (Munich) (Docket No. 7 O 29382/11) relating to European patent EP 2 126 678, captioned *In the matter Apple Inc. against Motorola Mobility Inc.*

12. Action in Germany (Mannheim) (Docket No. 7 O 334/11) relating to European patent EP 2 059 868, captioned *In the matter of Apple Inc. against Samsung Electronics GmbH*

13. Action in Germany (Munich) (Docket No. 6 U 1260/12) relating to European patent EP 2 126 678, captioned *In the matter of Apple Inc. against Samsung Electronics GmbH*

14. Action  in Germany (Mannheim) (Docket No. 7 O 70/12) relating to European patent EP 2 126 678, captioned *In the matter of Apple Inc. against Samsung Electronics GmbH*

15. Action in Germany (Mannheim) (Docket No. 7 O 335/11) relating to German utility model DE 21 2008 000 001, captioned *In the matter of*

*Apple Inc. against Samsung Electronics GmbH*

16. Action for Infringement and Damages in Germany (Munich) (Docket Nos. 21 O6997/12 and 21 O19210/12) relating to European patent EP 2 059 868, captioned *Apple v. HTC*

17. Action for Infringement and Damages in Germany (Munich) (Docket No. 21 O2017/12) relating to European patent EP 2 126 678, captioned *Apple v. HTC*

18. Patent Nullity Actions (consolidated into Docket No. 2 NI 58/11) by Motorola, Samsung and HTC before the German Federal Patent Court (Munich) relating to patent EP 2 059 868

19. Cancellation Request by Samsung in German Patent Office relating to DE 21 2008 000 001

20. Opposition Proceedings by Motorola, HTC and Samsung before the European Patent Office (Germany, Munich) relating to European Patent EP 2 126 678

No admission or representation is made that any of the above proceedings are relevant to the current *ex parte* reexamination.

In the event that any fee is due in connection with the present communication, the Commissioner is hereby authorized to charge the same to Deposit Account No 50-5927.

Date:  February 4, 2013                    Respectfully Submitted,


        /Kenneth J. Weatherwax/
        Kenneth J. Weatherwax (Reg. No. 54,528)
        Goldberg, Lowenstein & Weatherwax LLP

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

**Reexam Application No.:** 90/012,304
**For:** US 7,469,381 B2
**Filing Date:** 05-23-2012
**Art Unit:** 3992
**Examiner:** BONSHOCK, DENNIS G.
**Attorney Docket No.:** P4304USREX2/120730-002US

## INFORMATION DISCLOSURE STATEMENT

Mail Stop *Ex Parte Reexam*
Central Reexamination Unit
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

February 4, 2013

Sir:

In accordance with the duty of disclosure provisions of 37 C.F.R. §1.56, there is hereby provided certain information which the Examiner may consider material to the reexamination of the subject U.S. patent. This information is supplemental to the disclosures made on October 9, 2012, January 15, 2013 and January 16, 2013 in the above-captioned application. It is requested that the Examiner make this information of record if it is deemed material to the reexamination.

Under MPEP 2202, "[a]ny person at any time may cite to the Office in writing prior art consisting of patents or printed publications...Such citations may be made without payment of a fee." It is accordingly believed that no fee is required. If any fee is deemed required, the Commissioner is authorized to charge any additional fee required for this Information Disclosure Statement to Goldberg, Lowenstein & Weatherwax LLP Deposit Account No. 50-5927 (order no. 120730-002US).

No admission is made that the information cited in this Statement is, or is considered to be, material to patentability nor a representation that a search has been made (other than a search report of a foreign counterpart application or PCT International Search Report if submitted herewith). 37 C.F.R. §§1.97(g) and (h).

Date: February 4, 2013                             Respectfully Submitted,

                                              _____/Kenneth J. Weatherwax/_____
                                              Kenneth J. Weatherwax  (Reg. No. 54,528)
                                              Goldberg, Lowenstein & Weatherwax LLP
                                              11400 W. Olympic Blvd., Suite 400
                                              Los Angeles, California 90064
                                              (310) 203-9344



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/012,304 | 05/23/2012 | 7,469,381 | P4304USREX2/120730-002US | 4807 |

108491          7590          03/29/2013

Apple Inc. and Goldberg, Lowenstein
& Weatherwax LLP
11400 W. Olympic Blvd.
Suite 400
Los Angeles, CA 90064

| EXAMINER |
|---|
| BONSHOCK, DENNIS G |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3992 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 03/29/2013 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.



UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

**DO NOT USE IN PALM PRINTER**

(THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS)

BRYAN CAVE LLP

1290 AVENUE OF THE AMERICAS

NEW YORK, NY  10104

# *EX PARTE* REEXAMINATION COMMUNICATION TRANSMITTAL FORM

REEXAMINATION CONTROL NO. _90/012,304_.

PATENT NO. _7,469,381_.

ART UNIT _3992_.

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified *ex parte* reexamination proceeding (37 CFR 1.550(f)).

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a reply has passed, no submission on behalf of the *ex parte* reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).

PTOL-465 (Rev.07-04)

| *Office Action in Ex Parte Reexamination* | Control No.<br>90/012,304 | Patent Under Reexamination<br>7,469,381 |
|---|---|---|
| | Examiner<br>DENNIS BONSHOCK | Art Unit<br>3992 |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

a ☒ Responsive to the communication(s) filed on <u>15 January 2013</u> .   b ☒ This action is made FINAL.

c ☐ A statement under 37 CFR 1.530 has not been received from the patent owner.

A shortened statutory period for response to this action is set to expire <u>2</u> month(s) from the mailing date of this letter.
Failure to respond within the period for response will result in termination of the proceeding and issuance of an *ex parte* reexamination certificate in accordance with this action. 37 CFR 1.550(d). **EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**
If the period for response specified above is less than thirty (30) days, a response within the statutory minimum of thirty (30) days will be considered timely.

Part I    THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:

1. ☒ Notice of References Cited by Examiner, PTO-892.    3. ☐ Interview Summary, PTO-474.

2. ☒ Information Disclosure Statement, PTO/SB/08.    4. ☐ _____ .

Part II   SUMMARY OF ACTION

1a. ☒ Claims <u>1-20</u> are subject to reexamination.

1b. ☐ Claims _____ are not subject to reexamination.

2. ☐ Claims _____ have been canceled in the present reexamination proceeding.

3. ☐ Claims <u>14, 17, 18</u> are patentable and/or confirmed.

4. ☒ Claims <u>1-13, 15, 16, 19, 20</u> are rejected.

5. ☐ Claims _____ are objected to.

6. ☐ The drawings, filed on _____ are acceptable.

7. ☐ The proposed drawing correction, filed on _____ has been (7a)☐ approved (7b)☐ disapproved.

8. ☐ Acknowledgment is made of the priority claim under 35 U.S.C. § 119(a)-(d) or (f).

    a)☐ All  b)☐ Some*  c)☐ None    of the certified copies have

    1☐ been received.

    2☐ not been received.

    3☐ been filed in Application No. _____ .

    4☐ been filed in reexamination Control No. _____.

    5☐ been received by the International Bureau in PCT application No. _____.

    * See the attached detailed Office action for a list of the certified copies not received.

9. ☐ Since the proceeding appears to be in condition for issuance of an *ex parte* reexamination certificate except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte* Quayle, 1935 C.D. 11, 453 O.G. 213.

10. ☐ Other: _____

cc: Requester (if third party requester)

Application/Control Number: 90/012,304                                    Page 2
Art Unit: 3992

## FINAL OFFICE ACTION

### *ex parte* Reexamination

This is an *ex parte* reexamination of U.S. Patent Number:  7,469,381 (Ording).

This action addresses patent claims 1-20 for which it has been determined in the Order

Granting *ex parte* Reexamination mailed 7-25-2012 that a substantial new question of

patentability was raised in the Request for ex parte reexamination filed 5-23-2012.  This

is a Final Action in response to the request for reconsideration filed 1-15-2013.


Availability of References as Prior Art:

Claims 1-20 are reexamined on the basis of the following references:

Lira – PCT Publication no. WO 03/081458 by Luigi Lira

Ording '975 - U.S. Patent No. 7,786,975 issued to Ording et al.

Van Den Hoven – PCT Publication no. WO 01/029702 by Elise A. W. H. Van Den

Hoven


Declarations:

The Examiner has fully considered the Declarations Under 37 C.F.R. § 1.131 by

Greg Christie and Bas Ording, as well as the Declarations Under 35 C.F.R. § 132 by

Brad A. Myers, Ph.D.

Application/Control Number: 90/012,304                              Page 3
Art Unit: 3992

Rejections:

The following rejections are utilized by the Examiner below, referencing the

proposed prior art listed on pages 23-85 of the Request:

Rejection A:  Claims 1-6, 8-12, 16, 19, and 20 as being anticipated by Lira

Rejection B:  Claims 7, 13, and, 15 as being obvious over Lira

Rejection D:  Claims 1-5, 7-13, and 15-20 as being anticipated by Ording '975

(since removed over the 1.131 declaration)

**REJECTIONS OVER LIRA**

With respect to the following rejections over Lira, the "edge of the electronic

document" has been shown to be capable of being construed as an internal edge, as

opposed to being limited to the outer edge of a document as a whole.  The Courts agree

with the Examiner's independently formulated interpretation, as can be seen in the April

4, 2012 Order Construing Disputed Claim Terms of the '381 Patent issued by the

Federal District Court for the Northern District of California in *Apple Inc. v. Samsung

Elecs. Co.,* 5:11-CV-01846-LHK, ECF No. 849 (Exhibit 7), where it was decided that "an

electronic document can be embedded in another electronic document, and therefor the

"edge of an electronic document" is not limited to "external" edges."  Under Lira, whole

documents (webpages) further contain individual images and column based text

portions (see page 11, line 27 through column 12, line 2 and in figure 8A) that are

internal to the webpage as a whole yet present internal boundaries where bounce back

Application/Control Number: 90/012,304                                    Page 4
Art Unit: 3992

is effected responsive to the window being misaligned with the column based sub-

document content (see page 15, lines 18-31).   Furthermore, under Lira, the column in

which the display window is located over could be an outside column where when the

window is moved away from the document and over an outside boundary, the bounce

back could be responsive to the document as a whole, moving from the whitespace on

the top, bottom, and sides of the webpage back over the webpage.

**REJECTION A:**

*Claim Rejections - 35 USC § 102*

The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that

form the basis for the rejections under this section made in this Office action:

A person shall be entitled to a patent unless –

(b) the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of application for patent in the United States.

Claims 1-6, 8-12, 16, 19, and 20 are rejected under 35 U.S.C. 102(b) as being

anticipated by Lira.

The following claim mappings in the Request are incorporated by reference:

Claims 1-6 (Request Pages 23-38, Exhibit 6, Part A, Pages 1-18)

Claims 8-12 (Request Pages 39-41, Exhibit 6, Part A, Pages 21-24)

Claim 16 (Request Pages 42-43, Exhibit 6, Part A, Page 26)

Application/Control Number: 90/012,304                                    Page 5
Art Unit: 3992

       Claims 19-20 (Request Pages 26-37, Exhibit 6, Part A, Pages 26-30)


Rejection A Breakdown:

       This section acts as a supplement to the rejections set forth in the Non-final

Office Action, further showing how there are multiple ways in which the navigable

interface of LIRA can read on the independent claims.   Though this section shows a

detailed one to one correspondence with respect to claim 1, claims 19 and 20 have

nearly identical limitations and are rejected for the same reasons.


**<u>Edge between two columns:</u>**

       There are two different sub-ways of interpreting the internal edges here, (a) one

interprets each column / image as an individual sub-document that is part of the larger

document (see page 11, line 1 through page 12, line 2), (b) the other interprets the

entire HTML page as a single document with internal edges between columns / images

/ header / colophon and relies upon the fact that the original document is broken into

document pieces and then reassembled, leaving internal edges in the document where

it has been pieced together and recorded in HTML or a language other than HTML (see

page 11, lines 1-24).  However, under each interpretation there exists these internal

edges between documents / document portions / images that is more than just a line or

a space between column based content but also acts as a smart border that interprets a

user's scrolling / panning intention, where a user would have to show that they really

intend to leave a column (through increased movements) to be directed to an adjacent

column and leave the prior (see page 15, lines 18-31), otherwise upon termination of

input the user would be relocated / reentered over the current column content of

interest.


**1. A computer-implemented method, comprising: at a device with a touch screen
display: displaying a first portion of an electronic document;**

With respect to the device containing a computer device comprising a touch

screen, Lira discloses "a device having a small display.., for example, a PDA." Lira, p. 1,

lns. 16-17. "The display may include a touch screen." Lira, p. 3, ln. 10. See Exhibit 6,

Part A at 1 and 26-27.  With respect to displaying a first portion, Lira discloses a system

for traversing / panning / scrolling across a display where any display of any portion of a

document could read on this "first portion".  This first portion can be any portion of a

document or a portion of a sub-document and an adjacent sub-document, or a portion

of a document and a border (where any document portion may also be an image as per

page 11, line 27 through page 12, line 2 and various figures of LIRA that show

imbedded images), as input appears to already be placed on the display when the claim

initiates and provides for "movement of an object on or near the touch screen display",

only after removal of input will the window "snap" to display a centered column (see

page 15, lines 18-31).  Figure 14B for example provides for a path in which a user

traverses the display showing the example portions (along with several to several

hundred intermediate positions not displayed in the animated traversal).

**detecting a movement of an object on or near the touch screen display; in response to detecting the movement, translating the electronic document displayed on the touch screen display in a first direction to display a second portion of the electronic document, wherein the second portion is different from the first portion;**

Lira discloses detecting a movement of an object - namely, a stylus (which, is an example of an object disclosed in the '381 Patent (see, e.g., col. 12:66-col. 13:1)) - on the touch screen display. Lira further discloses translating the electronic document in a first direction in response to detecting the movement. For example, Lira discloses "touch-and-drag" scrolling, where the user can "scroll the display window by placing a stylus 600 on the display window 605 and then dragging the stylus 600." Lira, p. 11, lns. 27-29. Lira discloses detecting such movement based on "tracking the motion of the input tool on the touch screen." Lira, p. 3, lns. 1-14. As the user drags the display window to scroll in a first direction (see the general downward direction in which the filled arrows below point), the electronic document is translated in the display so that a second portion of the electronic document that is different than the first portion of the electronic document will be displayed, as illustrated in Figure 14B.  This second portion can be any portion of a document or a portion of a sub-document and an adjacent sub-document, or a portion of a document and a border, only after removal of input will the window "snap" to display a centered column (see page 15, lines 18-31).

**in response to an edge of the electronic document being reached while translating the electronic document in the first direction while the object is still detected on or near the touch screen display: displaying an area beyond the edge of the document, and displaying a third portion of the electronic document, wherein the third portion is smaller than the first portion; and**

Lira discloses in response to an edge of the electronic document being reached (while translating the document in the first direction and while the object is still detected on the touch screen) displaying an area beyond the edge of the document.

More specifically, Lira discloses "vertical alignment control" which will align the display window to an edge of the electronic document. In one embodiment, "the vertical alignment control is enabled when the user lifts the pen 1200 from the display 1205," which causes the column" to snap into alignment with the display window as the user stops scrolling." Lira, p. 15, ins. 18-31. Thus, before the user lifts the pen, the translation will remain while the object/pen is still detected on the touch screen displaying any area the user is navigating over such as an area beyond the edge, when the edge of the document (or image) is reached.

Figure 14B illustrates this "snap-to" behavior, including the conditions that trigger this "snap" behavior. As shown and highlighted in the annotated figure, the display window is displaying an exemplary area beyond the edge of the logical column 1220. Specifically, the display window 1205 is displaying an area of logical column 1220 and also displaying an area of logical column 1225 (a separate electronic document / document portion).

Application/Control Number: 90/012,304                                     Page 9
Art Unit: 3992

Lira also discloses displaying a third portion of the electronic document that is
smaller than the first portion, this third portion being smaller than a first portion as the
user has scrolled off of the current document / document portion and over the in-
between area and / or over an adjacent document / document portion (where again
each document/column could be an image document/column). Continuing the example
illustrated in the same figure herein, as the user continues to drag the display window
beyond the edge of the logical column 1220, the display window will increasingly pan
over the in between area and over areas of logical column 1225. When this occurs,
because the display window is only devoting a portion of its display area to the display
of logical column 1220, the third portion of the column 1220 being displayed is naturally
smaller than the first portion of column 1220 as depicted in the figure.

**in response to detecting that the object is no longer on or near the touch screen
display, translating the electronic document in a second direction until the area
beyond the edge of the electronic document is no longer displayed to display a
fourth portion of the electronic document, wherein the fourth portion is different
from the first portion.**

Lira discloses, in response to detecting that the object is no longer on the touch
screen display, translating the electronic document in a second direction until the area
beyond the edge of the electronic document is no longer displayed to display a fourth
portion of the electronic document. More specifically, Lira discloses that, in response to
detecting that "the pen 1200 is lifted from the screen," the document 1220 will "snap"

Application/Control Number: 90/012,304                                    Page 10
Art Unit: 3992

into alignment (i.e., it will be translated in a second direction) such that the area beyond

the edge is no longer displayed. "[A]s the pen 1200 is lifted from the screen" certain

actions occur depending on whether the scrolling from column 1220 to column 1225

doesn't exceed a certain threshold. Specifically, when the user lifts the stylus or finger

from the screen, "the logical column 1220 [will] snap into alignment with the display

window 1205 as the user stops scrolling" by for example "snap[ping] to the nearest

logical column." Lira, p. 15, lns. 19-25. This action is taken as a result of an indication of

"an intention to continue to view the text column 1220" and, thus, "the display 1205

centers the logical column 1210 as the pen 1200 is lifted from the screen." Id.

     This snap-to function moves the document in a second direction, as indicated in

the white arrow in Figure 14B, until the area beyond the edge of the column is no longer

displayed. This will result in a fourth portion of the column 1220 being displayed, and

will also result in no area of column 1225 being displayed.


     The depiction of figure 14B below has been annotated with grey areas by the

Examiner to denote areas between the reformatted document areas, where the user is

capable of navigating to while the input is on the display, however this navigation is

subject to snapping to the nearest column upon removing the input (as per page 15,

lines 18-31).   Further Note: the area beyond the edge of a document may contain

space as well as another document area, as it still meets the claim limitation of being an

"area beyond the edge of the document".



**FIG. 14B**

**Edge between a column and an outside area:**

Lira provides for an embodiment where a user can scroll horizontally between columns with their finger on the screen, say the user starts on the middle column (first portion) of figure 10 and then moves their finger horizontally so as to display portions of each of the middle and the left column (second portion of the document), as the user continues to scroll horizontally eventually they reach the left edge of the left column, and even overtake the border displaying an area outside of the columns (outside of the document) along with a smaller area of the document (third portion) (see the first AOL browser window in figure 10), then according to and implementation explicitly defined in Lira of a "vertical alignment control", "when the user lifts the pen" (or finger) the window "snap"s to the nearest logical column, or in this case the left column, thereby displaying the fourth portion (as on page 15, lines 18-31 and on figure 14B).  This allows the bounds of the reformatted document to be overtaken so as to show that the document ends at this point, but then upon a release of the input replaces the user over the document as is described in the '381patent.  The outside edge could also be reached through downward scrolling in the far left or far right column (similar to 14B, but in an outside column), where when a horizontal component is added to the downward component of the scroll (diagonal), the windows leave the bounds of the columns area and into the area outside the columns on either the left or right.  Again, the beginning point of the scrolling (first portion) can be any portion of a document or a portion of a

sub-document and an adjacent sub-document, or a portion of a document and a border (where any document portion may also be an image as per page 11, line 27 through page 12, line 2 and various figures of LIRA that show imbedded images), as input appears to already be placed on the display when the claim initiates and provides for "movement of an object on or near the touch screen display".

Again, there are two different sub-ways of interpreting the displayed content (a) one interprets the reformatted HTML document as a plurality of pieced together documents (header, columns, colophon) comprising shrunken columns that leaves space outside of the column area on the left and right (boundary area) (see page 11, line 1 through page 12, line 2), (b) the other interprets the reformatted HTML document as a single reformatted document comprising shrunken columns that leaves space outside of the column area on the left and right (boundary area) (see page 11, lines 1-24).

**1. A computer-implemented method, comprising: at a device with a touch screen display: displaying a first portion of an electronic document;**

With respect to the device containing a computer device comprising a touch screen, Lira discloses "a device having a small display.., for example, a PDA." Lira, p. 1, lns. 16-17. "The display may include a touch screen." Lira, p. 3, ln. 10. See Exhibit 6, Part A at 1 and 26-27.  With respect to displaying a first portion, Lira discloses a system for traversing / panning / scrolling across a display where any display of any portion of a document could read on this "first portion".  This first portion can be any portion of a document or a portion of a sub-document and an adjacent sub-document, or a portion

of a document and a border (where each document/column could be an image document/column), only after removal of input will the window "snap" to display a centered column (see page 15, lines 18-31). Figure 10 provides for a direct horizontal traversal where window states include views of (a) single columns, (b) single columns and intermediate column blank space, (c) multiple columns including intermediate blank space, and (d) a single column along with area beyond the outside left / right border of all columns. Figure 14B for example provides for a path in which a user traverses the display showing the example portions (along with several to several hundred intermediate positions not displayed in the animated traversal). The outside edge could also be reached through a traversal of downward scrolling in the far left or far right column (similar to 14B, but in an outside column), where when a horizontal component is added to the downward component of the scroll (diagonal), the windows leave the bounds of the columns area and into the area outside the columns on either the left or right. Again, the beginning point of the scrolling (first portion) can be any portion of a document or a portion of a sub-document and an adjacent sub-document, or a portion of a document and a border (where any document portion may also be an image as per page 11, line 27 through page 12, line 2 and various figures of LIRA that show imbedded images), as input appears to already be placed on the display when the claim initiates and provides for "movement of an object on or near the touch screen display".

**detecting a movement of an object on or near the touch screen display; in response to detecting the movement, translating the electronic document displayed on the touch screen display in a first direction to display a second portion of the electronic document, wherein the second portion is different from the first portion;**

Lira discloses detecting a movement of an object - namely, a stylus (which, is an example of an object disclosed in the '381 Patent (see, e.g., col. 12:66-col. 13:1)) - on the touch screen display. Lira further discloses translating the electronic document in a first direction in response to detecting the movement. For example, Lira discloses "touch-and-drag" scrolling, where the user can "scroll the display window by placing a stylus 600 on the display window 605 and then dragging the stylus 600." Lira, p. 11, lns. 27-29. Lira discloses detecting such movement based on "tracking the motion of the input tool on the touch screen." Lira, p. 3, lns. 1-14. As the user drags the display window to scroll in a first direction (see the general downward direction in which the filled arrows below point), the electronic document is translated in the display so that a second portion of the electronic document that is different than the first portion of the electronic document will be displayed, as illustrated in Figure 14B (similar movement could be effected horizontally).  This second portion can be any portion of a document or a portion of a sub-document and an adjacent sub-document, or a portion of a document and a border, only after removal of input will the window "snap" to display a centered column (see page 15, lines 18-31), otherwise the user is capable of moving

the displayable window to any position across the viewable content without any
document based constraints taking effect.


**in response to an edge of the electronic document being reached while
translating the electronic document in the first direction while the object is still
detected on or near the touch screen display: displaying an area beyond the edge
of the document, and displaying a third portion of the electronic document,
wherein the third portion is smaller than the first portion; and**

Lira discloses in response to an edge of the electronic document being reached
(while translating the document in the first direction and while the object is still detected
on the touch screen): displaying an area beyond the edge of the document.

More specifically, Lira discloses "vertical alignment control" which will align the
display window to an edge of the electronic document. In one embodiment, "the vertical
alignment control is enabled when the user lifts the pen 1200 from the display 1205,"
which causes the column" to snap into alignment with the display window as the user
stops scrolling." Lira, p. 15, ins. 18-31. Thus, before the user lifts the pen, the translation
will remain while the object/pen is still detected on the touch screen displaying any area
the user is navigating over such as an area beyond the edge of an outside column (or
image), when the edge of the document is reached.

Figure 14B illustrates this "snap-to" behavior, including the conditions that trigger
this "snap" behavior. As shown and highlighted in the annotated figure, the display
window is displaying an exemplary area beyond the edge of the logical column 1220, a

similar snap to nearest column would be effected when a user has located the view

window outside of an left edge or right edge of all columns, so as to be located partially

over one of the areas outside of the reformatted document area.

Lira also discloses displaying a third portion of the electronic document that is

smaller than the first portion, this third portion being smaller than a first portion as the

user has scrolled off of the current document / document portion and over the areas

outside of the reformatted document area (see figure 10s left most window depiction).

When this occurs, because the display window is only devoting a portion of its display

area to the display of logical column 905, the third portion of the column 905 being

displayed is naturally smaller than the first portion of column depicted as any of the

other window views of figure 10.


**in response to detecting that the object is no longer on or near the touch screen
display, translating the electronic document in a second direction until the area
beyond the edge of the electronic document is no longer displayed to display a
fourth portion of the electronic document, wherein the fourth portion is different
from the first portion.**

Lira discloses, in response to detecting that the object is no longer on the touch

screen display, translating the electronic document in a second direction until the area

beyond the edge of the electronic document is no longer displayed to display a fourth

portion of the electronic document. More specifically, Lira discloses that, in response to

detecting that "the pen 1200 is lifted from the screen," the document will "snap" into

alignment (i.e., it will be translated in a second direction) such that the area beyond the far left or far right edge is no longer displayed.  As represented by the intermediate column example, "[A]s the pen 1200 is lifted from the screen" certain actions occur depending on whether the scrolling from column 1220 to column 1225 doesn't exceed a certain threshold. Specifically, when the user lifts the stylus or finger from the screen, "the logical column 1220 [will] snap into alignment with the display window 1205 as the user stops scrolling" by for example "snap[ping] to the nearest logical column." Lira, p. 15, lns. 19-25. This action is taken as a result of an indication of "an intention to continue to view the text column 1220" and, thus, "the display 1205 centers the logical column 1210 as the pen 1200 is lifted from the screen." Id.

This snap-to function moves the document in a second direction, as indicated in the white arrow in Figure 14B (only with respect to the outside edge of the left or right column), until the area beyond the edge of the column is no longer displayed. This will result in a fourth portion of the column 1220 being displayed, and will also result in no area of column 1225 being displayed, or as in figure 10 this will result in the left column being displayed in the view window, with no area of the areas outside of the reformatted document area being displayed.

The depiction of figure 10 below has been annotated with grey areas by the Examiner to denote areas outside of the reformatted document area, where the user is capable of navigating to while the input is on the display, however this navigation is still

Application/Control Number: 90/012,304                                    Page 19
Art Unit: 3992

subject to snapping to the nearest column upon removing the input (as per page 15,

lines 18-31).



**FIG. 10**

Application/Control Number: 90/012,304                                      Page 20
Art Unit: 3992

Other figures including 8A and 16 show navigation outside of the horizontal

borders of the header and colophon as well, let alone the reformatted columns.



FIG. 16

Application/Control Number: 90/012,304                                   Page 21
Art Unit: 3992

**REJECTION B:**

### *Claim Rejections - 35 USC § 103*

The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all

obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

Claims 7, 13, and 15 are rejected under 35 U.S.C. 103(a) as being unpatentable

over Lira.



The following claim mappings in the Request are incorporated by reference:

Claim 7 (Request Pages 43-44, Exhibit 6, Part B, Pages 1-6)

Claims 13 and 15 (Request Pages 45-47, Exhibit 6, Part B, Pages 1-2, 6-9)



**REJECTION D:**

### REJECTIONS OVER ORDING '975

The rejections over the Ording '975 reference have been removed in response to

the 37 C.F.R. § 1.131 declaration filed by Mr. Ording.



**Statement of Reasons for Patentability and/or Confirmation**

Claims 14 specifically teaches "the area beyond the edge of the document is visually distinct from the document", where Lira at no point mentions displaying the area beyond the edge of the document as visually distinct from the document.  Claim 14 is herein confirmed for the reasons provided above.

Claim 17 specifically teaches "translating in the first direction prior to reaching the edge of the electronic document has a first associated translating distance that corresponds to a distance of movement of the object prior to reaching the edge of the electronic document; and wherein displaying an area beyond the edge of the electronic document comprises translating the electronic document in the first direction for a second associated translating distance, wherein the second associated translating distance is less than a distance of movement of the object after reaching the edge of the electronic document."  This basically has to do with dampening the movement of the display once the edge is crossed, where Lira at no point mentions such as dampening of the movement once the edge is crossed.  Claim 17 is herein confirmed for the reasons provided above.

Claim 18 specifically teaches "translating in the first direction prior to reaching the edge of the electronic document has a first associated translating speed that corresponds to a speed of movement of the object, and wherein displaying an area beyond the edge of the electronic document comprises translating the electronic document in the first direction at a second associated translating speed, wherein the second associated translating speed is slower than the first associated translating speed".  This basically has to do with dampening the speed of translation of the display

once the edge is crossed, where Lira at no point mentions such as dampening of the speed of translation once the edge is crossed.  Claim 18 is herein confirmed for the reasons provided above.

### *Response to Amendment*

The Declaration filed on 1/15/2013 under 37 CFR 1.131 is sufficient to overcome the Ording et al. reference.

### Summary of the Offices position:

Given the Myers affidavit and arguments submitted by Patent Owner questioning separation / edge between adjacent columns and diagonal movements, the below described interpretation holds for interpreting all the columns as a document as a whole while providing completely horizontal movement.

Lira provides for an embodiment where a user can scroll horizontally between columns with their finger on the screen, say the user starts on the middle column (first portion) of figure 10 and then moves their finger horizontally so as to display portions of each of the middle and the left column (second portion of the document), as the user continues to scroll horizontally eventually they reach the left edge of the left column, and even overtake the border displaying an area outside of the columns (outside of the document) along with a smaller area of the document (third portion) (see the first AOL browser window in figure 10), then according to and implementation explicitly defined in Lira of a "vertical alignment control", "when the user lifts the pen" (or finger) the window

"snap"s to the nearest logical column, or in this case the left column, thereby displaying

the fourth portion.  This allows the bounds of the reformatted document to be overtaken

so as to show that the document ends at this point, but then upon a release of the input

replaces the user over the document as is described in the '381patent.

    Figure 14B teaches an analogous situation, where the user is scrolling in a

common down direction and although continually crossing the edge of an interior

column, the system eventually shown provides the bounce back only upon the user

releasing a contact when the window  is positioned on an area that includes an area not

in the interior column.


    With regard to Patent Owner arguments that there is " no indication that, when

the electronic document is reformatted into a page having logical columns, the result

would be more than one document"; the Examiner respectfully submits that webpages

are known in the art to contain subdocument such as images that are separate files

imbedded within webpages (see figure 10 which clearly displays an image).

Remember, this Web page stopped being a traditional web page when it was

reformatted and prepared for display on the small screen display device.  The web page

(if it is still even recorded in HTML) was broken apart into components and then

reformatted in to aligned columns that are viewable on the small display (see page 11,

lines 1-9), while containing intelligent boundaries in between that interpret whether the

user intends on traversing a single column or desires to move to an adjacent area.

Never-the-less, even if all the column based content is one document, the area between

Application/Control Number: 90/012,304                                        Page 25
Art Unit: 3992

the columns and the area outside the bounds of all the columns (boundaries) is still non-

document content.


With regard to Patent Owner arguments that the area outside of the columns of

Lira is still part of the webpage; the Examiner respectfully submits that the content of the

document is reformatted where each portion is reformatted to best be viewed on a small

screen display device.  Noted embodiments include:  1) placing header, body, and

footer into a single column the width of the display window (see page 9, paragraph 5

and figure 3);  2)  separating the page into components and reformatting each of a

plurality of columns into a logical column with a width that is less than or equal to the

display window width (page 10, line 22 through page 11, line 17).


Additionally, Lira notes reformatting a page so as to create a plurality of logical

columns sized to the display window size, while allowing the header and colophon to

maintain their previous dimensions.  These columns are "reduced to a width that does

not exceed the width of the display window" (see page 10, paragraphs 1-3).  Lira at no

point describes reformatting a border area outside of the columns, merely showing it as

a traversable outside of the documents limits.


To better show the limits of the page in Lira, the page itself need be defined.  Lira

provides for the reformatting of a page coded in HTML, or a web page (see page 9,

paragraph 6 through page 10, paragraph 3), where Lira defines the page as elements

Application/Control Number: 90/012,304                    Page 26

Art Unit: 3992

400 and 415, corresponding to the ordinary and reformatted page respectively.  Each

page is said to consist of 4 elements:

    for the ordinary web page:

        402, 404, 406, and 408 each having differing widths as ordinarily sized to

fit within a wide window; and



**FIG. 4A**

for the reformatted web page or non-HTML based content:

     417, 419, 421, and 423 with widths corresponding to the width of the

narrow display

Application/Control Number: 90/012,304                                      Page 28
Art Unit: 3992



**FIG. 4B**

As Lira then reformats the page to the display of figure 4B, there is left as

additional space on the sides of the reduced columns that is not defined by the

document (not a portion of the 4 elements of the document).    Figures 8C and 10

Application/Control Number: 90/012,304                              Page 29
Art Unit: 3992

show that this space outside of the columns can be navigated to, when the user

maintains input contact with the display, showing and area devoid of document

content.  This area has been greyed in by the Examiner to better illustrate the

offices position.



Where this area outside of the column document area, is only shown until

the user removes contact from the display, at which point a "vertical allignmet

control" causes the nearest logical column to snap into allignment with the

display window, thereby removing display of the non-document / outside area.

Additionally, a "horizontal allignment control" may also be used to keep the

document within the bounds of the display (see page 15, third paragraph through

page 16, third paragraph).

Application/Control Number: 90/012,304                     Page 30
Art Unit: 3992



FIG. 14B

With regard to arguments by the Patent Owner regarding what is

interpretable as an edge of the document, Lira has been shown to take the

webpage and reformat into a more easily viewable form for a small screen

display device, doing this by creating its own logical columns intelligently sized so

as to fit within the screens bounds.  These logical columns are then displayed

adjacent to one another, and traversable in-between, but this is not a typical

traversal as would be the case if this were the original web page document, but

rather an intelligent constrained navigation where a user would have to show that

they really intend to leave a column (through increased movements) to be

directed to an adjacent column and leave the prior (see page 15, lines 18-31).

This new gap that exists between the columns is not part of the original

document but rather a non-document portion defined by the area between the

edges of the two logical columns.

Even if the internal edges where not edges of the document, which the

Office contends that they are and is further supported by the courts construction

of claim terms of exhibit 7 pages 17-23, the area outside of the columns would

clearly be an area beyond the edge, where this area can clearly be reached upon

traversal (see Figures 8C and 10).  The '381's specification even further defines

that a wallpaper image is displayed beyond the edge of the document (see

column 27, lines 36-40).  To say that the area outside of the columns is still part

of the document contradicts the teachings of Lira which shrinks columns so as to

allow them to fit within the reduced size display.  When the columns are shrunk

space is left below the header on the sides of the columns where document

content previously existed.  To go even one step further, Lira shows

embodiments where the window traversal stretches outside of the bounds of the

header and colophon (see figures 8C and 16, amongst others).


**Answers to individual arguments:**

**I.**

Application/Control Number: 90/012,304                                          Page 32
Art Unit: 3992

      **A.**

**B.**    **Alignment Control Arguments**

With regard to the first described embodiment of "vertical alignment control" where horizontal wobble is minimized during vertical scrolling, so that slight horizontal motion is ignored (as described in page 14, third paragraph through page 15, second paragraph), the **Examiner agrees with the Patent Owner** that this can't read upon claimed "translating the electronic document in a second direction", as this action is occurring while input is applied and the purpose of this is to keep the window in display thereby not allowing an "area beyond the edge of the document" to come into view. However, the "another" second "implementation" of the "vertical alignment control", which is described on page 15, third paragraph through page 16, third paragraph). Under this second implementation of the "vertical alignment control", the user traverses the document allowing the document to be scrolled past its bounds when a user input is contacting the display, however, "when the user lifts the pen" (or finger) the window "snap[s]" to the nearest logical column, thereby displaying the fourth portion.  This allows the bounds of the reformatted document to be overtaken so as to show that the document ends at this point, but then upon a release of the input replaces the user over the document as is described in the '381 patent.

Application/Control Number: 90/012,304                                    Page 33
Art Unit: 3992

Patent Owner argues that "Lira only depicts this "wobble" correction functionality in connection with a center column in a web page that has been reformatted into three columns, see Lira Fig. 14B.in connection with a center column in a web page that has been reformatted into three columns, see Lira Fig. 14B."

In response, the Examiner respectfully submits that it is clear that what is shown in figures 14A and 14B is an example embodiment, where the center column is used. It is clear by reading the disclosure that similar functionality would be performed for either the right or left column as well regarding all column edges (see page 15, third paragraph through page 16, third paragraph).

Patent Owner argues that "As Professor Myers explains, these two implementations of the vertical alignment control in Figs. 14A and 14B, as described here, cannot be used for the same column at the same time, for one must operate when the pen is on the screen, and one must operate only after the user's pen lifts off the display. Myers Decl. paragraph 71."

In response, the **Examiner agrees with the Patent Owner in this respect**. The rejection utilizes the second implementation to cover the claim by itself.

Patent Owner argues that "Indeed, Lira discloses nothing about what would occur if a user reached the top or bottom of one of Lira's columns. As Professor Myers

Application/Control Number: 90/012,304                                    Page 34
Art Unit: 3992

explains, a person of ordinary skill in the art reading Lira at the time the '381 invention

was made would expect that, for example, if the user scrolled to the bottom of one of

Lira's logical columns, the user would simply continue moving down so the rest of the

page below it could be seen. See Myers Decl. ¶ 73."

   In response, the Examiner respectfully submits that Lira provides additionally for

a "similar horizontal alignment control" to keep a user within the vertical limits of a

document (see page 16, first paragraph).  Where the combination of horizontal and

vertical document constraints is further discussed on page 16, third paragraph, noting:

> *The horizontal component may be compared to the threshold to constrain*
>
> *horizontal motion of the page 1210 in the display window 1205 … Vertical motion*
>
> *may be left unconstrained, or may be compared to the same or a different*
>
> *threshold.*

   Patent Owner argues that "Lira never discloses any displayable area beyond the

edge of the web page, or beyond the edge of any electronic document, and as

Professor Myers explains, a person of ordinary skill in the art at the time of the '381

invention would not have expected the AOL browser in Lira's figures or touch screen

devices to allow display of areas beyond the web page. See Myers Decl. ¶ 67."

   In response, the Examiner respectfully submits that the content of the document

is reformatted where each portion is reformatted to best be viewed on a small screen

display device.  Noted embodiments include:

Application/Control Number: 90/012,304                                    Page 35
Art Unit: 3992

1) placing header, body, and footer into a single column the width of the display window (see page 9, paragraph 5 and figure 3);

2).      Additionally, Lira notes reformatting a page so as to create a plurality of logical columns sized to the display window size, while allowing the header and colophon to maintain their previous dimensions.  These columns are "reduced to a width that does not exceed the width of the display window" (see page 10, paragraphs 1-3).

Lira at no point describes reformatting a border area outside of the columns, merely showing it as a traversable area outside of the documents limits.  Further see the detailed description above describing the document edges and the area outside of the webpage.


**II.**

**A.**

Patent Owner argues that "Notably, the Office Action asserts, without expressed support, that each of the columns within a web page, plus the web page itself, are each individually electronic documents, and also cumulatively a single electronic document, see. e.g., Request, Exhibit 6, Part A, page 2 (emphasis added): As disclosed in Lira, the electronic document may be a web page with structured elements such as columns. Each Logical column may be further treated as an electronic document as discussed further below, where each logical column (e.g., items 1215, 1220, and 1225 shown in Figure 14) are subdocuments in a larger electronic document: the web page. See also, e.g., id. pages 5-8, 11-12."

Application/Control Number: 90/012,304                                     Page 36
Art Unit: 3992

In response, the Examiner respectfully submits that webpages are known in the art to contain subdocument such as images that are separate files imbedded within webpages (see figure 10 which clearly displays an image). Remember, this Web page stopped being a traditional web page when it was reformatted and prepared for display on the small screen display device. The web page (if it is still even recorded in HTML) was broken apart into components and then reformatted in to aligned columns that are viewable on the small display (see page 11, lines 1-9), while containing intelligent boundaries in between that interpret whether the user intends on traversing a single column or desires to move to an adjacent area. Never-the-less, even if all the column based content is one document, the area between the columns and the area outside the bounds of all the columns (boundaries) is still non-document content.

Patent Owner argues (from page 19) that "First, as explained in detail below, Lira does not disclose column 1220 in Lira Fig. 14B to be "the electronic document." Therefore, no edge of column 1220 can be "an edge of the electronic document.""

In response, the Examiner respectfully submits that Lira has been shown to take the webpage and reformat into a more easily viewable form for a small screen display device, doing this by creating its own logical columns intelligently sized so as to fit within the screens bounds. These logical columns are then displayed adjacent to one another, and traversable in-between, but this is not a typical traversal as would be the case if this were the original web page document, but rather an intelligent constrained navigation

Application/Control Number: 90/012,304                                              Page 37
Art Unit: 3992

where a user would have to show that they really intend to leave a column (through

increased movements) to be directed to an adjacent column and leave the prior.  This

new gap that exists between the columns is not part of the original document but rather

but rather a non-document portion defined by the area between the edges of the two

logical columns.

Even if the internal edges where not edges of the document, which the Office

contends that they are and is further supported by the courts construction of claim terms

of exhibit 7 pages 17-23, the area outside of the columns would clearly be an area

beyond the edge, where this area can clearly be reached upon traversal (see Figures

8C and 10).  The '381's specification even further defines that a wallpaper image is

displayed beyond the edge of the document (see column 27, lines 36-40).  To say that

the area outside of the columns is still part of the document contradicts the teachings of

Lira which shrinks columns so as to allow them to fit within the reduced size display.

When the columns are shrunk space is left below the header on the sides of the

columns where document content previously existed.  To go even one step further, Lira

shows embodiments where the window traversal stretches outside of the bounds of the

header and colophon (see figures 8C and 16, amongst others).


**1.**

Patent Owner argues that "Lira uses the term "electronic document" over 50

times, but not to refer to logical columns. Instead, Lira consistently uses "electronic

Application/Control Number: 90/012,304                                    Page 38
Art Unit: 3992

document" to refer to the entire page of information that is reformatted into logical

columns."

In response, the Examiner respectfully submits that this argument has been

answered above in describing how: (1) the document has been separated into

component parts and reassembled as an intelligent document / document portions; (2)

just because the document may all be one document doesn't mean that it doesn't have

internal edges; (3) images can be imbedded in document having 4 edges between it

and the rest of the document.


Patent Owner argues that "Judge Koh of the Northern District of California,

whose claim construction order regarding the '381 patent was consulted in the Office

Action at 3, issued an order on December 2, 2011 finding that there was no reasonable

likelihood that the '381 patent could be found invalid over Lira, and found that Lira

"generally addresses the problem of browsing large documents - such as a web

page .... For example, the patent discloses a method to reconfigure the

document into multiple columns..." (Apple, Inc. v. Samsung, Inc., 11- cv-1846,

2011 WL 7036077, at *34 (N.D. Cal. Dec. 2,2011)) (emphases added)"


In response, the Examiner respectfully submits that Judge Koh doesn't appear to

explicitly state that "there was no reasonable likelihood that the '381 patent could be

found invalid over Lira".  The site provided by this argument "Apple, Inc. v. Samsung,

Application/Control Number: 90/012,304                                    Page 39
Art Unit: 3992

Inc., 11- cv-1846, 2011 WL 7036077, at *34" does not pertain to the statement provided

by the Patent Owner, please clarify.  Additionally, even if this had been the position

taken by the courts it would not be controlling on the Office's decision.  The entirety of

page 34 is reproduced below:

Application/Control Number: 90/012,304                                        Page 40
Art Unit: 3992

1    The evidence regarding the causation between Samsung's infringing conduct and an

2    irreparable harm to Apple is somewhat contradictory.  It seems that at least some smartphone

3    purchasers consider the product's look in deciding which product to buy.  For example, Samsung's

4    expert acknowledged that ████████████████████████████████████████████████

5    ██████████████ Wagner Dep. 28-29. ██████████████████████████████████████

6    ████████████████████████████████████████████████████████████████████

7    ████████  Sood Reply Decl. Ex. D at 67; Rangel Reply Decl. Ex. A at 28.  Moreover, at least one

8    of Samsung's own surveys indicates that ██████████████████████████████████████

9    ████████████████.  Ho Decl. Ex. A at 10.  This evidence suggests,

10   then, that product design generally is at least *one factor*, and for some people may be the *primary*

11   *factor*, influencing a person's decision to purchase a smartphone.

12        Samsung, in contrast, has provided some evidence that Apple's market share and potential

13   loss of customers is unrelated to Samsung's product design, and that smartphone design in general

14   is not a determinative factor in consumer decision-making. ████████████████████████████

15   ████████████████████████████████████  Wagner Decl. ¶¶ 35-36

16   & 40-43.  This suggests that the driver in consumer demand may be the novelty of the product, and

17   not necessarily the design. ██████████████████████████████████████████

18   ████████████████  Jenkins Decl. Ex. MM at 13.  Samsung also offers

19   evidence that smartphone buyers are motivated to purchase products for a whole host of reasons,

20   ████████████████████████████████████████████████████  Wagner Decl. ¶

21   81.  Although Apple has offered some evidence that survey results underreport the impact that

22   design may have on consumer decision-making, it is not clear how much underreporting is likely to

23   occur. *See* Sood Reply Decl. ¶¶ 21-33.

24        Moreover, evidence regarding consumer choice is even more ambiguous in light of the fact

25   that Apple's patents do not claim the entire article of manufacture.  Therefore, even if "design"

26   matters to a new smartphone purchaser, it is not clear how much design of the front face of the

27   phone matters to that same purchaser.

28        **3. Delay**

United States District Court
For the Northern District of California

34

Case No.: 11-CV-01846-LHK
ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION

Patent Owner argues (on page 22) that "The columns are not independent of the web page, and there is no indication that they have any independent existence or meaning other than as a means of conveniently arranging a subset of the web page's content."

In response, the Examiner respectfully submits that this argument has been previously answered supra.

Patent Owner argues (on page 23) that "Nor does Lira disclose that it's reformatting ever creates, or leaves, any space, gap or separation between logical columns."

In response, the Examiner respectfully submits that it can be seen from figures 8, 9, 10, and 14, that when the webpage is reformatted into logical columns there exists space between these smartly sized and arranged columns that need be traversed across to reach an adjacent column.  Additionally, there exists space on the sides of the columns, where the display window can be selectively panned over.

Patent Owner argues that "Lira's columns have no area between them that is not part of one of the columns", citing the office actions statement that "in Figure 14B, if the background of the web page is a solid color (e.g., white), that will be the color of the

area beyond the edge of the document, given that the area beyond the edge [of column 1220] will be a portion of the neighboring column 1225. Thus, under this example, the area beyond the edge of the column displayed is a solid color, e.g., white."

In response, the Examiner respectfully submits that when a user is traversing outside of the current column, they are either displayed with an area of blank space that is not part of either column or a portion of another document column (see figure 14B), that is separately identifiable as provided above.

Patent Owner argues that "HTML as a common page topology that is usually "readily reformatted into constrained sets of logical columns," see Lira page 10, lines 12 to 30. HTML does distinguish among the topology of headers, footers, the body of the text, etc., see page 10, lines 13-20. However, the entire page with header, footer and body in HTML is still a single document; see Myers Decl. paragraphs 55-57."

In response, the Examiner respectfully submits that the reformatted document that is created in Lira need not be an HTML document (see page 11, lines 2-9).  Where this newly formatted document reacts differently to traversal than a traditional HTML document, providing the ability to keep a user in a column that they are traversing by providing a bounce back function (see column 15, paragraph 3).

Application/Control Number: 90/012,304                                    Page 43
Art Unit: 3992

## 2. Arguments directed at the "edge" of "the electronic document"

    **a.**

    Patent Owner argues that "Given that the '381 patent's method 700 treated the boundary of internal Block 9 as if it were not an "edge of the electronic document," the '381 patent lends no support for treating Lira's internal reformatted column of information 1220 as an "electronic document" either." The '381 specification is fully consistent with the use of the term "edge of the electronic document" to mean what might be called the "outer" edges of the webpage, rather than internal edges.

    In response, the Examiner respectfully submits that the patent speaks to navigation on a traditional webpage with all content navigable in a connected manner, no separate treatment for individual components. Lira teaches utilizing each of the columns as their own individual component, where scrolling and navigation is done with respect to the current column (for example) (see page 14, paragraph 3 through column 16, paragraph 3). Where a "vertical alignment control is enabled when the user lifts the pen" (or finger) causing and action to be performed to the column, where the display window "snap[s]" to the nearest logical column.

    Returning to the Courts claim construction and what had been previously agreed to:

    "Apple argues that "edge of an electronic document" is a plain, non-technical term that should be given its ordinary meaning, and that this ordinary meaning precludes the possibility of "internal" edges. For example, Apple argues that when

images are embedded within a webpage, the webpage is the electronic document. In

that context, the images within the webpage cannot also be electronic documents."

(see page 18 of Exhibit 7)

        …

        "Thus, the dispute centers around whether "edge of an electronic document" can

refer to edges that are within an electronic document or whether "edge of an electronic

document" refers only to an external boundary."  (see page 19 of Exhibit 7)

        …

        "Called on to resolve the dispute between the parties, the **Court agrees with

Samsung that an electronic document can be embedded in another electronic

document, and therefore that "edge of an electronic document" is not limited to

"external" edges."** (see page 19 of Exhibit 7)

        …

        "Under the express language of the claims, webpages and digital images are

examples of electronic documents. See '381 Patent at 36:4-7 (claims 6 and 7). Noting

that a webpage can contain multiple embedded digital images, Samsung argues that an

electronic document can include other embedded electronic documents. Samsung's

Resp. at 7. Thus, according to Samsung's reasoning, an edge of an electronic

document can be internal. At the hearing, Apple disagreed that a digital image within a

webpage would be an "electronic document." However, Apple has not offered a limiting

principle, rooted in the intrinsic evidence, to establish why an electronic document may

not be nested in another electronic document and why an "edge of an electronic

Application/Control Number: 90/012,304                                      Page 45
Art Unit: 3992

document" therefore may not be internal to the document in light of Samsung's

example. Thus, the claim language supports Samsung's position. With this

understanding, the Court looks to other evidence for guidance." (see pages 20-21 of

Exhibit 7)

> …

> "Thus, while none of the Blocks in Figure 8C is an electronic document on which

the snap back function is applied in this specific embodiment, nothing in the

specification precludes any Block from being an electronic document in another

embodiment. Phillips, 415 F.3d at 1323 (noting that "persons of ordinary skill in the art

rarely would confine their definitions of terms to the exact representations depicted in

the embodiments"). Indeed, at the Markman hearing, **Apple accepted the notion that**

**a display window could contain two adjacent electronic documents for purposes**

**of the '381 Patent when each document scrolled independently from the other.**

**Markman Hr'g Tr. at 99-101."** (see pages 21-22 of Exhibit 7)

> …

> "Moreover, Dr. Van Dam has not explained why a webpage beyond the edge of

an embedded digital image is "new information," such that the snap back feature does

not apply, while a wallpaper image beyond the edge of a digital image is not "new

information," such that the snap back feature does apply. See '381 Patent at 27:36-39

**(specification expressly discloses embodiments that display a "wallpaper image**

**such as a picture or pattern" beyond the edge of the electronic document)**. Nor

has Dr. Van Dam explained why this distinction would be apparent to a person skilled in the art.

Apple has not justified adopting a construction that would limit the claims to one embodiment in the specification. Alternatively, Samsung's construction is in harmony with the claim language and the specification. Accordingly, the Court construes "edge of [an or the] electronic document" to have its plain and ordinary meaning. Thus, **the Court does not limit the term "edge of [and or the] electronic document" to mean only an external edge as is urged by Apple. An "edge" of an electronic document may be internal."**  (see page 23 of Exhibit 7)


In Summary, and as supported by the Examiner through independent evaluation of web pages can and do contain other individual files/document embedded within them each of which has an edge that acts as a border between it and other documents, the parent document, and or non-document traversable areas.

Under Lira, whole documents (webpages) further contain individual images and column based text portions (see page 11, line 27 through column 12, line 2 and in figure 8A), that are internal to the webpage as a whole, where bounce back is effected responsive to the window being misaligned with the column based sub-document content (see page 15, lines 18-31).   Furthermore, under Lira, the column in which the display window is located over could be an outside column where when the window is moved away from the document and over an outside boundary, the bounce back could

Application/Control Number: 90/012,304                                    Page 47
Art Unit: 3992

be responsive to the document as a whole, moving from the whitespace on the top,

bottom, and sides of the webpage back over the webpage.


To further support the Examiner's view that content columns/image embedded in

the webpage are themselves separate documents, the Examiner has supplied the an

online article written in 1998, by J.Koren, under the title of "Including Images in Web

Pages", at http://unsco.org/webworld/infotraining/inline.html, hereinafter UNdoc.  UNdoc

provides a description of exactly how images are embedded in documents, specifying

that:

-        "Even though the images are all seen together along with the text, each is

a separate file." (see page 1).


-        "To include an image in a web document, you need to use an image tag,

<IMG SRC="*address*">, where "address" is the address and name of a given image file.

It can be a relative or absolute address, following the rules for relative and absolute

addresses given in the tutorial on links. For instance:

<IMG SRC="images/books.gif"> produces:



Additionally, it is also important to remember that even if there are no internal edges, Lira still provides for an ability to navigate to an area beyond the edges of the document as a whole while input is maintained on the display, thereafter returning to the column.

**b.    Arguments Directed Toward an "Edge of the Electronic Document"**

**i.**

Patent Owner argues that "The Offices interpretation of "edge of the electronic document" is unclear".

In response, the Examiner respectfully submits that the document has several edges as each of which is provided below:

1.    Edges of individual columns—There are two way to look at this:

(1) if the columns are each treated as individual documents, as the Examiner and 3PR agree, they are then each bordered on the top, bottom and sides with a document edge that separates that particular column for other columns, the header, the colophon, and / or  an area outside of all other document content.

(2) even if columns are not interpreted as individual documents they are still separated by edges that separate them from other document segments (other columns, the header, the colophon, and / or  an area outside of all other document content),

Application/Control Number: 90/012,304                           Page 49
Art Unit: 3992

where the area between the separate document segments is defined by either the client

or the host that reformatted the webpage (see page 11, lines 1-24).

Leaving at least the following edges:



FIG. 14B

2.      Edges of images – were image have been shown above with reference to the

UNdoc to be separate files than the webpage.  Leaving at least the following edges:



FIG. 14B

3.    Edges of the reformatted document as a whole- as when the document goes

through reformatting for display on a small screen display device as described in LIRA it

transitions form a page filling square of a document:



**FIG. 4A**

To a reformatted document where column sizes are shrunk to the width of the small

screen display device [425]:



FIG. 4B

Application/Control Number: 90/012,304                                   Page 53

Art Unit: 3992

This leave an additional traversable area outside of the column on the left and right

sides, where this area is not shown to be part of the document (supra), and further it

could not possible be defined by the document as it didn't exist until the document was

reformatted by either the client or the host for view on the small screen display device

(see page 11, lines 1-24).  Leaving at least the following edges:



**FIG. 14B**

**ii.  Argument pertaining to "column boundary"  (from page 29)**

Application/Control Number: 90/012,304                                    Page 54
Art Unit: 3992

Patent Owner argues that "In other words, the edges of an internal embedded electronic document are "internal edges," but a simple line drawn somewhere on the web page is not an "internal edge" under the court's construction."

In response, the Examiner agrees with the Patent Owner that internal hand drawn lines are not images, as they are not the border of a document.

**iii.**

Patent Owner argues that "However, the phrase "edge of **an** electronic document" appears nowhere in the claims, or indeed in the patent. The proper phrase for construction is "edge of **the** electronic document," limited to the definite article "the," as reflected in the claims. If the indefinite article "an" were not erroneously substituted for "the" in this analysis, the court would not likely have concluded, in light of the disclosure, that an edge of "the" singular electronic document may be internal."

In response, the Examiner respectfully submits that an edge of an internal document is also a corresponding edge of the surrounding document, or neighboring document.  Specifically with the '381 Patent and Lira what is of importance is maintaining display of the display region of interest, so edges between display regions are these edges that warrant further processing by the system and effect the bounce back from an area beyond the edge.  The Examiner further notes that with respect to each embodiment described by the Examiner in Lira that reads on the claims the

Application/Control Number: 90/012,304                                    Page 55
Art Unit: 3992

document scrolled across / panned is the same document whose edge is reached and

then bounced back to from a non-document area.


Patent Owner argues that "As Professor Myers notes in his declaration, the

phrase "electronic file" in the '381 specification refers to a digital file which contains

display data for the display of an "electronic document having a document length and a

document width," Myers Decl. I[I[ 21-22; see '381 patent, col. 2, lines 14-19. To a

person of ordinary skill in the art, such electronic documents as described in the '381

specification would not "contain data for the display of areas beyond the edges of the

electronic document of a particular height and width." Myers Decl. paragraph 22.

Accordingly, the assertion that an edge of "the" electronic document could be internal,

and therefore that the electronic document could include within itself areas beyond

internal edges, runs contrary to the understanding of one skilled in the art."

In response, the Examiner respectfully submits that in this case the internal

image would not store data about the rest of the webpage in its file, nor would the web

page store anything more than a link to the image.  This is evidenced by the UNdoc's

description of exactly how images are embedded in documents, specifying that:

-        "Even though the images are all seen together along with the text, each is

a separate file." (see page 1).


-        "To include an image in a web document, you need to use an image tag,

<IMG SRC="*address*">, where "address" is the address and name of a given image file.

Application/Control Number: 90/012,304                                              Page 56
Art Unit: 3992

**3.    Arguments regard the "edge of the electronic document" being "reached while translating the electronic document in the first direction"**

Patent Owner argues that the "edge of the electronic document" is not "reached while translating the electronic document in the first direction".

In response, the Examiner respectfully submits that:

With respect the embodiment described in figure 14B of Lira, where the **bounce back is done with respect the single middle column being traversed**, column boundaries are meet multiple times during vertical scrolling but the bounce back / rubber banding is only effected when the input is lifted.  Specifically, the claim can be read on alone by the last black arrow and the corrective white arrow, in this case scrolling starts from a position off of the left edge yet because input is maintained on the screen no horizontal correction will occur, now as the user traverses diagonally down and right several to several hundred different views of the web page column come into view until the point where the right edge of the column is meet here an area outside of the column will begin to be displayed until the point in which input is removed from the display, only then will the movement beyond the bounds of the column be corrected by the movement depicted by the white arrow.  (see page 15, lines 18-31)

Application/Control Number: 90/012,304                                Page 57
Art Unit: 3992



Another example that Lira would provide for would be for direct vertical scrolling down, where several to several hundred images are depicted in a direct vertical scroll, where then a horizontal movement is imparted on the already downward movement (slight horizontal movement where there is still a downward component), this causes the column border to be reached, and exceeded displaying an area outside of the column will begin to be displayed until the point in which input is removed from the display, only then will the movement beyond the bounds of the column be corrected by the movement depicted by the white arrow.  (see page 15, lines 18-31)  Lira further provides for horizontal and vertical motion to be separately considered, allowing this to be looked at as still being a downward scrolling albeit with a horizontal component (see page 16, lines 12-18).

Application/Control Number: 90/012,304                                    Page 58
Art Unit: 3992

　　　With respect to the previously disclosed embodiment where a user can scroll

horizontally between columns with their finger on the screen, say the user starts on the

middle column (first portion) of figure 10 and then moves their finger horizontally so as

to display portions of each of the middle and the left column (second portion of the

document), as the user continues to scroll horizontally eventually they reach the left

edge of the left column, and even overtake the border displaying an area outside of the

columns (outside of the document) along with a smaller area of the document (third

portion) (see the first AOL browser window in figure 10), then according to and

implementation explicitly defined in Lira of a "vertical alignment control" (see page 15,

lines 18-31), "when the user lifts the pen" (or finger) the window "snap[s]" to the nearest

logical column, or in this case the left column, thereby displaying the fourth portion.

This allows the bounds of the reformatted document to be overtaken so as to show that

the document ends at this point, but then upon a release of the input replaces the user

over the document as is described in the '381patent.

　　　Patent Owner argues that "any right boundary of column 1220 must already be

within the display window when translation in the asserted first direction begins."

　　　In response, the Examiner respectfully submits that nothing in the claim requires

a beginning state where the window is centered, nor does the claim start at a point

where input is first placed on the screen, rather the claim starts with a "movement of an

Application/Control Number: 90/012,304                                    Page 59
Art Unit: 3992

object on or near the touch screen display", which actually is much closer to an

intermediate state where contact is already applied.  Lira further does not expressly

teach that the boundary is displayed within the centered window.   Furthermore,

reformatting of the page (sizing of columns to a width equal to a display width) is

effected by either the host or the client themselves, allowing for diverse configuration

ability.

        Patent Owner argues that "Lira is expressly disclosed to be programmed so that

any leftward or rightward translation interpreted as intentional does not snap the display

back to the starting column, but instead either does nothing, or moves the display

further in that direction to another column, see Lira page 15, lines 18-29. Thus, the only

situation in which an intentional translation toward the asserted "edge" would operate to

snap the display back to the column upon liftoff would be if the user had failed to

correctly set the sensitivity thresholds that Lira uses to interpret such movements as

intentional or not."

        In response, the Examiner respectfully submits that this paragraph is inconsistent

with the disclosure of Lira.  Lira teaches a "snap to the nearest logical column" where

when a user over scrolls a column they are bounced back over the adjacent column

upon removal of input, so long as they don't over scroll it by a distance over a threshold

that would imply that they desire to scroll to an adjacent screen portion. (see Lira page

15, lines 18-29)

Application/Control Number: 90/012,304                                    Page 60
Art Unit: 3992

Patent Owner argues that ""The fact that a certain result or characteristic may occur or be present in the prior art is not sufficient to establish the inherency of that result or characteristic." M.P.E.P. § 2112(IV) (emphasis added) (citing In re Rijckaert, 9 F.3d 1531, 1534, 28 USPQ2d 1955, 1957 (Fed. Cir. 1993) (reversing rejection because inherency was based on what would result due to optimization of conditions, not what was necessarily present in prior art); In re Oelrich, 666 F.2d 578, 581-82,212 USPQ 323, 326 (CCPA 1981)."

In response, the Examiner respectfully submits that this is the way movements in Lira need operate under conditions expressly described or displayed in the figures.

**B.      Arguments directed at "displaying an area beyond the edge of the electronic document"**

Patent Owner argues that "the portion displayed in display window 1205 labeled "asserted area beyond the edge" is simply another portion of webpage electronic document 1210 beyond an asserted (and unidentified and undiscussed by Lira) boundary of column 1220. Since the column is not "the electronic document," this is not an area beyond the edge of it."

Application/Control Number: 90/012,304                                    Page 61
Art Unit: 3992

　　　In response, the Examiner respectfully submits that to determine what is part of
the document and what is not part of the document we need to first discuss what makes
up the document.  Here the original document is a standard HTML based webpage, the
content of the document is reformatted where each portion is reformatted to best be
viewed on a small screen display device.  Noted embodiments include:  1) placing
header, body, and footer into a single column the width of the display window (see page
9, paragraph 5 and figure 3);  2)  separating the page into components and reformatting
each of a plurality of columns into a logical column with a width that is less than or equal
to the display window width, then "the logical columns ... are aligned for viewing on the
display" (page 10, line 22 through page 11, line 17).

**AREA BETWEEN COLUMNS**

　　　Here this is no longer a standard single webpage document but rather a parsed
and reassembled document made up of separate distinct subdocument portions that
have been reformatted and then presented together for display, while additionally
proving for additional constraints between columns to control scrolling between columns
/ maintaining display in a column of interest.  Additionally the assembled components
can be saved "in a language other than HTML for easier viewing on the small display
window."  Below the Examiner has applied stripes to areas believe to be outside of the
column document:



FIG. 14B

## AREA OUTSIDE COLUMNS

Additionally, Lira notes reformatting a page so as to create a plurality of logical

columns sized to the display window size, while allowing the header and colophon to

maintain their previous dimensions.  These columns are "reduced to a width that does

not exceed the width of the display window" (see page 10, paragraphs 1-3).  Lira at no

point describes reformatting a border area outside of the columns, merely showing it as

a traversable outside of the documents limits.


To better show the limits of the page in Lira, the page itself need be defined.  Lira

provides for the reformatting of a page coded in HTML, or a web page (see page 9,

paragraph 6 through page 10, paragraph 3), where Lira defines the page as elements

400 and 415, corresponding to the ordinary and reformatted page respectively.  Each

page is said to consist of 4 elements:

> for the ordinary HTML based web page:

>> 402, 404, 406, and 408 each having differing widths as ordinarily sized to

fit within a wide window; and



**FIG. 4A**

for the reformatted:

> 417, 419, 421, and 423 with widths corresponding to the width of the

narrow display



**FIG. 4B**

Application/Control Number: 90/012,304                                    Page 65
Art Unit: 3992

As Lira then reformats the page to the display of figure 4B, there is left as

additional space on the sides of the reduced columns that is not defined by the

document (not a portion of the 4 elements of the document).    Figures 8C and 10

show that this space outside of the columns can be navigated to, when the user

maintains input contact with the display, showing and area devoid of document

content.  This area has been greyed in by the Examiner to better illustrate the

offices position.



Where this area outside of the column document area, is only shown until

the user removes contact from the display, at which point a "vertical allignmet

control" causes the nearest logical column to snap into allignment with the

Application/Control Number: 90/012,304                    Page 66
Art Unit: 3992

display window, thereby removing display of the non-document / outside area.

Additionally, a "horizontal allignment control" may also be used to keep the

document within the bounds of the display (see page 15, third paragraph through

page 16, third paragraph).



FIG. 14B

With regard to arguments by the Patent Owner regarding what is

interpretable as an edge of the document, Lira has been shown to take the

webpage and reformat into a more easily viewable form for a small screen

display device, doing this by creating its own logical columns intelligently sized so as to fit within the screens bounds.  These logical columns are then displayed adjacent to one another, and traversable in-between, but this is not a typical traversal as would be the case if this were the original web page document, but rather an intelligent constrained navigation where a user would have to show that they really intend to leave a column (through increased movements) to be directed to an adjacent column and leave the prior.  This new gap that exists between the columns is not part of the original document but rather but rather a non-document portion defined by the area between the edges of the two logical columns.

Even if the internal edges where not edges of the document, which the Office contends that they are and is further supported by the courts construction of claim terms of exhibit 7 pages 17-23, the area outside of the columns would clearly be an area beyond the edge, where this area can clearly be reached upon traversal (see Figures 8C and 10).  The '381's specification even further defines that a wallpaper image is displayed beyond the edge of the document (see column 27, lines 36-40).  To say that the area outside of the columns is still part of the document contradicts the teachings of Lira which shrinks columns so as to allow them to fit within the reduced size display.  When the columns are shrunk space is left below the header on the sides of the columns where document content previously existed.  To go even one step further, Lira shows

Application/Control Number: 90/012,304                                    Page 68
Art Unit: 3992

embodiments where the window traversal stretches outside of the bounds of the

header and colophon (see figures 8C and 16, amongst others).


C.      **Arguments regarding "displaying an area beyond the edge of the electronic**

**document," … "in response to [the] edge... being reached"**


Patent Owner argues that "the asserted "area beyond the edge" is simply the

contiguous area adjacent to the previously displayed portion of the asserted "electronic

document," (column 1220), and which will be displayed by translation in that direction

without any regard to whether or not an edge of a column is reached. There is no

disclosure that Lira modifies its behavior in any way depending upon whether this

boundary reaches the screen, or even makes any special note of it reaching the

screen."

In response, the Examiner respectfully submits that Lira has been shown to take

the webpage and reformat into a more easily viewable form for a small screen display

device, doing this by creating its own logical columns intelligently sized so as to fit within

the screens bounds, where the page is even recordable in a "language other than

HTML" (11:1-9).  These logical columns are then displayed adjacent to one another,

and traversable in-between, but this is not a typical traversal as would be the case if this

were the original web page document, but rather an intelligent constrained navigation

where a user would have to show that they really intend to leave a column (through

increased movements) to be directed to an adjacent column and leave the prior.  This

new gap that exists between the columns is not part of the original document but rather

but rather a non-document portion defined by the area between the edges of the two

logical columns.


**D.**      Arguments directed at "displaying a third portion of the electronic document…

while translating in the first direction"


Patent Owner argues that "The scrolling described in the Office Action is not

displaying this portion while translating the electronic document "in the first direction." In

particular, as shown in the various copies of Fig. 14B annotated by the requester in

Exhibit 6, Part A, there are clearly several intermediate translations between the

translation in the first direction from the asserted first portion to the asserted second

portion and the subsequent later translation in a different direction to the asserted third

portion, so that the display of the asserted third portion and the area beyond the edge

do not occur while translating in the first direction (i.e., from the first to the second

portion)."

In response, the Examiner respectfully submits that with respect the embodiment

described in figure 14B of Lira, where the **bounce back is done with respect the**

**single middle column being traversed**, column boundaries are meet multiple times

during vertical scrolling but the bounce back / rubber banding is only effected when the

input is lifted.  Specifically, the claim can be read on alone by the last black arrow and

the corrective white arrow, in this case scrolling starts from a position off of the left edge

Application/Control Number: 90/012,304                                    Page 70
Art Unit: 3992

yet because input is maintained on the screen no horizontal correction will occur, now

as the user traverses diagonally down and right several to several hundred different

views of the web page column come into view until the point where the right edge of the

column is meet here an area outside of the column will begin to be displayed until the

point in which input is removed from the display, only then will the movement beyond

the bounds of the column be corrected by the movement depicted by the white arrow.

(see page 15, lines 18-31)



Another example that Lira would provide for would be for direct vertical scrolling

down, where several to several hundred images are depicted in a direct vertical scroll,

where then a horizontal movement is imparted on the already downward movement

(slight horizontal movement where there is still a downward component), this causes the

column border to be reached and exceeded displaying an area outside of the column

will begin to be displayed until the point in which input is removed from the display, only

Application/Control Number: 90/012,304                                   Page 71
Art Unit: 3992

then will the movement beyond the bounds of the column be corrected by the

movement depicted by the white arrow.  (see page 15, lines 18-31)  Lira further

provides for horizontal and vertical motion to be separately considered, allowing this to

be looked at as still being a downward scrolling albeit with a horizontal component (see

page 16, lines 12-18).


Patent Owner argues (from page 39) that "The claim requires that both the

"second portion" and the "third portion" be displayed "while translating in the first

direction." However, as shown in Fig. 14B, there are clearly several intermediate

changes of direction of translation between the translation in the "first direction" from the

display of the first portion to the display of the second portion, and the subsequent later

translation in a different direction to the third portion."

In response, the Examiner respectfully submits that again each arrow depicts for

several to several hundred translations of viewable content.  Additionally, each of the

arrow depict scrolling in a common down direction, with the white arrow clearly depicting

the only opposite direction of movement.


Patent Owner argues that "if the user has scrolled directly downward, with no

horizontal wobble, then when pen 100 lifts off the screen the display will not move and

no "snap" will be seen. In sum, even Lira takes different actions depending on these

different translation directions."

Application/Control Number: 90/012,304                                      Page 72
Art Unit: 3992

In response, the Examiner agrees with the Patent Owner to the extent that there

will be no bounce back, that is unless the user scrolls down past the bottom of the

column where then a vertical bounce back may occur utilizing the "horizontal alignment

control" to move back to the edge of the column, unless sufficient movement past the

bottom column occurs so as to show that the user attempts to view the colophon rather

than the column (see page 16, lines 1-18).


**E.     Arguments regarding "displaying a third portion of the electronic**

**document… smaller than the first portion"**


Patent Owner argues that "Everything that is being displayed at this point in the

scrolling is part of the web page, and part of the same electronic document. Myers Decl.

I[I[ 87-88. Therefore, the third portion of column 1220, even if smaller than the first

portion of column 1220, does not disclose "displaying a third portion of the electronic

document, wherein the third portion is smaller than the first portion," as claimed in Claim

1."

In response, the Examiner respectfully submits that Lira has been shown to take

the webpage and reformat into a more easily viewable form for a small screen display

device, doing this by creating its own logical columns intelligently sized so as to fit within

the screens bounds, where the page is even recordable in a "language other than

HTML" (11:1-9).  These logical columns are then displayed adjacent to one another,

and traversable in-between, but this is not a typical traversal as would be the case if this

Application/Control Number: 90/012,304                                    Page 73
Art Unit: 3992

were the original web page document, but rather an intelligent constrained navigation

where a user would have to show that they really intend to leave a column document

(through increased movements) to be directed to an adjacent column document and

leave the prior.  This new gap that exists between the columns is not part of the original

document but rather but rather a non-document portion defined by the area between the

edges of the two logical columns.  So under this premise when the user partially scrolls

off a column / image to partially display a neighboring border or other column or an

outside area, the display space remaining to show the partial original column /image is

diminished.(see figures 10 and 14B)

**F.**     Arguments regarding the "area beyond the edge of the electronic document"
being "no longer displayed"

        Patent Owner argues that "even if column 1220 were "the electronic document"

of the claim, and, even if Lira discloses the location of the asserted "edge" of column

1220, Lira still does not disclose, in response to detecting that the finger is no longer on

or near the touch screen display, translating the electronic document in a second

direction until the area beyond the edge of the column is no longer displayed. The

"snap"-to-center column does not translate the electronic document in a second

direction until the area beyond the edge of the column is no longer displayed.

Application/Control Number: 90/012,304                                    Page 74
Art Unit: 3992

In response, the Examiner respectfully submits that Lira provides for two different means of "vertical alignment control".  In the First, vertical bars can be set up a thresholds for user scrolling where when a user is traversing vertically, slight horizontal movements are merely ignored, providing for completely straight up and down scrolling. In the Second, the embodiment specifically used against the claims, the same set up of vertical scrolling with threshold bars is used, however, as a user scrolls vertically, slight horizontal movements can be made, causing an area outside of the column to be viewed so long as input is maintained on the display, however, when input is removed the window snaps back to the column document being viewed (see page 14, line 28 through page 15, line 15).

Patent Owner argues that "to the extent the right boundary does not happen to be flush with the right edge of the display window, at least some area beyond the edge of the column will still be displayed."

In response, the Examiner respectfully submits that "The width of each logical column is less than or equal to the display window width."  (see page 11, lines 10-11)

Patent Owner argues that "Lira certainly never discloses that column 1220 is precisely the same width as the display window."

In response, the Examiner respectfully submits that "**The width of each logical column is** less than or **equal to the display window width**."  (see page 11, lines 10-11)

Patent Owner argues that "Thus, even taking the rejection on its own terms, and setting aside whether a column is "the electronic document" of the claims at all, for just this one step of the claim to occur in the operation of Lira's alignment control, at least two unguaranteed events must occur first: (i) the column must be set to a width that is not simply no wider than the width of the display window, but exactly the same as the width of the display window; and (ii) the user's scrolling must wobble to an extent that does not exceed a user-defined threshold of snap sensitivity."

In response, the Examiner respectfully submits that Lira supplies results for both situations:

- "T**he width of each logical column is** less than or **equal to the display window width**."  (see page 11, lines 10-11)

- Determining the user's intent to continue to view the current column or traverse to an adjacent column. (see page 4, lines 1-8)

III.    **Dependent Claims 2-6, 8-12, and 16**

A.    **"wherein the electronic document is a web page"**

Application/Control Number: 90/012,304                                    Page 76
Art Unit: 3992

With regard to claim 6, and applicants contention that the Office action merely treated the logical columns alone as documents, the Examiner contends that the logical columns are portions of the web page document as a whole.  where yes when a user moves away from a logical column the bounce back feature occurs, because a user is actually moving away from a portion of the electronic document, over a border that divides / provides an edge to the electronic document, even though this edge may serve as a divider between the current logical column and the next logical column of the same webpage.

**B.     "wherein the electronic document includes a list of items"**

With regard to claim 9, the claim requires that "the electronic document includes a list of items", where, as can be seen from figure 14B multiple lists of items are included in the electronic documents, for example in the first column,

Top stories include:

- Photos

- Audio/Video

- Full Coverage

Community Tools includes a Message Board with a list of associated items and then further More Community Tools with a list of three more items

Recourses include:

Application/Control Number: 90/012,304                                           Page 77

Art Unit: 3992

Web Sites

- News and Media

- News and Media by Regions

- Newspapers

- Television

- Magazines

- Columns and columnists

- Internet Broadcasts

Yahoo! Events

- Internet Broadcasts

- Issues

- Local TV News

- Politics

## C.    "wherein the second direction is opposite the first direction"

With regard to claim 10, the second direction movement is opposite the
horizontal component of the first movements.  Given the Example of figure 14B and the
explanation of page 15, 3rd paragraph and page 16, paragraphs 1-3, Lira teaches
movement in a first direction causing the traversal off of the portion of the document
(column), where subsequent to a user releasing their contact the window is moved back
over the column in the opposite direction to the horizontal component of the movement
off of the column.

Application/Control Number: 90/012,304                              Page 78
Art Unit: 3992

Furthermore, given the example provided above where Lira provides for an embodiment where a user can scroll directly horizontally between columns with their finger on the screen, say the user starts on the middle column (first portion) of figure 10 and then moves their finger horizontally so as to display portions of each of the middle and the left column (second portion of the document), as the user continues to scroll horizontally eventually they reach the left edge of the left column, and even overtake the border displaying an area outside of the columns (outside of the document) along with a smaller area of the document (third portion) (see the first AOL browser window in figure 10), then according to and implementation explicitly defined in Lira of a "vertical alignment control" (page 15, 3rd paragraph), "when the user lifts the pen" (or finger) the window "snap[s]" to the nearest logical column, or in this case the left column, thereby displaying the fourth portion.  Where snapping in this situation would be a horizontal snapping in the exact opposite direction of all other movement.

IV.   **Independent claims 19 and 20**

No new arguments are presented under this heading only relying on "same reasons set forth above with respect to claim 1".

**Rejection B:**

I.     **Claims 7 and 13-15**

       A.     **Claim 7**

With regard to claim 7, Lira teaches giving images the same treatment as columns as far as bounce back in concerned.  Specifically, see page 11, paragraph 5, where touch an drag scrolling results in a situation where "only a portion of a column or an image is visible in the PDA display window", where this situation is later said to be dealt with via snapping to the column / image when the input is removed from contact with the display (page 15, 3rd paragraph).  Figure 14 further shows images that take up the entirety of columns within the webpage.

### B.    Claim 13

With regard to claim 13, Lira shows from figures 8C, 14B, and 16, displaying the area beyond the edge of the document in solid color, as in the figures white.

### C.    Claim 14

With regard to claim 14, which teaches the area beyond the edge of the document being visually distinct from the document, the 3PR provided that:

"As discussed above in connection with claim 13 (supra at 45), it would have been obvious to one of ordinary skill in the art to have the area beyond the edge of the document be a solid color or shade (e.g., white, black, gray, or any other solid color). Similarly, it would have been obvious to choose any one of these or other colors that have a sharp contrast from the document background to further clarify to the user that the end of the document has been reached, because an edge can be better conveyed by the application of contrast. Coloring

the area beyond the edge of the document a single shade so as to display some contrast with the edge of the document would have been a simple design choice representing a trivial and predictable variation, dependent on the designer's aesthetic preference. Visual distinctions were not novel in user interfaces, and their use here would have been entirely predictable to a person of ordinary skill."

The Examiner, however, notes that this is a primary objective of their invention that is not specifically discussed / satisfied by LIRA, and has such removed the rejection and confirmed dependent claim 14.

### D.     Claim 15

There are only same "as noted above" arguments presented under this heading.

### II.

The Examiner notes that all supplied documentation has been reviewed showing the industrial applicability as well as alleged and proven copying by other parties.

## REJECTION C:

### Rejections over Ording

Application/Control Number: 90/012,304                                Page 81
Art Unit: 3992

The Examiner has reviewed the 37 C.F.R. § 1.131 declaration by Mr.

Ording, and has removed the Ording '975 reference based upon the sworn

statements provided along with evidence of actual reduction to practice prior to

the reference date.

All other arguments with respect to Ording '975 are moot given the

accepted 37 C.F.R. § 1.131 declaration.

## **Summary**

The Patent Under Reexamination's purpose is to show an area beyond a

document edge upon maintaining input so as to visually display to a user the area they

are attempting to view and provide them with the perception that they have reached the

end of the document in this direction, then upon removal of input bouncing back / rubber

banding / snapping to a display of the nearest display area which was left.  This is

exactly what Lira does by providing a display of an area beyond the document so as to

show the user where they are in the traversal yet allowing for the window to "snap" back

over the document upon removing input.

Claims 1-13, 15, 16, 19, and 20 are rejected.

Claims 14, 17, and 18 are confirmed.

Application/Control Number: 90/012,304                                    Page 82
Art Unit: 3992

**<u>Litigation Reminder</u>**

The patent Owner is reminded of the continuing responsibility under 37 CFR

1.565(a) to apprise the Office of any litigation activity, or other prior or concurrent

proceeding, involving Patent Number:  7,469,381 throughout the course of this

reexamination proceeding.  The third part requester is also reminded of the ability to

similarly apprise the Office of any such activity or proceeding throughout the course of

this reexamination proceeding.  See MPEP §§ 2207, 2282 and 2286.

**Conclusion**

**THIS ACTION IS MADE FINAL.**

A shortened statutory period for response to this action is set to expire 2 from the

mailing date of this action.

**Extensions of time under 37 CFR 1.136(a) do not apply in reexamination**

**proceedings**. The provisions of 37 CFR 1.136 apply only to "an applicant" and not to

parties in a reexamination proceeding.  Further, in 35 U.S.C. 305 and in 37 CFR

1.550(a), it is required that reexamination proceedings "will be conducted with special

dispatch within the Office."

**Extensions of time in reexamination proceedings are provided for in 37**

**CFR 1.550(c).**  A request for extension of time must be filed on or before the day on

which a response to this action is due, and it must be accompanied by the petition fee

Application/Control Number: 90/012,304                                    Page 83
Art Unit: 3992

set forth in 37 CFR 1.17(g).  The mere filing of a request will not affect any extension of

time.  An extension of time will be granted only for sufficient cause, and for a reasonable

time specified.

The filing of a timely first response to this final rejection will be construed as

including a request to extend the shortened statutory period for an additional month,

which will be granted even if previous extensions have been granted.  In no event

however, will the statutory period for response expire later than SIX MONTHS from the

mailing date of the final action.  See MPEP § 2265.

### *Correspondence Information*

All correspondence relating to this *ex parte* reexamination proceeding should be

directed:

| | |
|---|---|
| By Mail to: | Mail Stop *Ex Parte* Reexam<br>Central Reexamination Unit<br>Commissioner for Patents<br>United States Patent & Trademark Office<br>P.O. Box 1450<br>Alexandria, VA 22313-1450 |
| By FAX to: | (571) 273-9900<br>Central Reexamination Unit |
| By hand: | Customer Service Window<br>Randolph Building<br>401 Dulany Street<br>Alexandria, VA 22314 |

Any inquiry concerning this communication or earlier communications from the Reexamination
Legal Advisor or Examiner, or as to the status of this proceeding should be directed to the Central
Reexamination Unit at telephone number (571)272-7705.
Information regarding the status of an application may be obtained from the Patent Application
Information Retrieval (PAIR) system.  Status information for published applications may be obtained form
either Private PAIR or Public PAIR.  Status information for unpublished applications is available through

Application/Control Number: 90/012,304                                      Page 84
Art Unit: 3992

Private PAIR only.  For more information about the PAIR systems, see http://pair-direct.uspto.gov.  For
questions on access to the Private PAIR system, contact the Electronic Business Center (EBC) at 866-
217-9197 (toll-free).


/Dennis  G. Bonshock/

Primary Examiner, Art Unit 3992


/Adam L Basehoar/

Primary Examiner, Art Unit 3992


/Alexander J Kosowski/

Supervisory Patent Examiner, Art Unit 3992

| *Notice of References Cited* | Application/Control No.<br>90/012,304 | Applicant(s)/Patent Under Reexamination<br>7,469,381 | |
|---|---|---|---|
| | Examiner<br>DENNIS BONSHOCK | Art Unit<br>3992 | Page 1 of 1 |

**U.S. PATENT DOCUMENTS**

| * | | Document Number<br>Country Code-Number-Kind Code | Date<br>MM-YYYY | Name | Classification |
|---|---|---|---|---|---|
| | A | US- | | | |
| | B | US- | | | |
| | C | US- | | | |
| | D | US- | | | |
| | E | US- | | | |
| | F | US- | | | |
| | G | US- | | | |
| | H | US- | | | |
| | I | US- | | | |
| | J | US- | | | |
| | K | US- | | | |
| | L | US- | | | |
| | M | US- | | | |

**FOREIGN  PATENT DOCUMENTS**

| * | | Document Number<br>Country Code-Number-Kind Code | Date<br>MM-YYYY | Country | Name | Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

**NON-PATENT DOCUMENTS**

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | J.Koren, 1998,  "Including Images in Web Pages", at http://unsco.org/webworld/infotraining/inline.html |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

| *Reexamination* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 90012304 | 7,469,381 |
| | Certificate Date | Certificate Number |

| Requester Correspondence Address: | ☐ Patent Owner | ☒ Third Party |
|---|---|---|

BRYAN CAVE LLP
1290 AVENUE OF THE AMERICAS
NEW YORK, NY  10104

| LITIGATION REVIEW ☒ | DGB (examiner initials) | 07/23/2012 (date) |
|---|---|---|
| Case Name | | Director Initials |
| APPLE INC. v. SAMSUNG ELECTRONICS CO. case no. 5:11CV1846 | | |
| case no. 1:10CV167 | | |
| | | |
| | | |
| | | |

| COPENDING OFFICE PROCEEDINGS | |
|---|---|
| TYPE OF PROCEEDING | NUMBER |
| | |
| | |
| | |
| | |

| | |
|---|---|
| | |

DOC. CODE **RXFILJKT**

| *Search Notes* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 90012304 | 7,469,381 |
| | **Examiner** | **Art Unit** |
| | DENNIS BONSHOCK | 3992 |

## CPC- SEARCHED

| Symbol | Date | Examiner |
|---|---|---|
| | | |

## CPC COMBINATION SETS  - SEARCHED

| Symbol | Date | Examiner |
|---|---|---|
| | | |

## US CLASSIFICATION SEARCHED

| Class | Subclass | Date | Examiner |
|---|---|---|---|
| | | | |

## SEARCH NOTES

| Search Notes | Date | Examiner |
|---|---|---|
| Reviewed Previous Prosecution History | 7-23-12 | dgb |
| Reviewed Previous Prosecution History | 10-9-12 | dgb |
| Reviewed Previous Prosecution History | 3-21-13 | dgb |

## INTERFERENCE SEARCH

| US Class/ CPC Symbol | US Subclass / CPC Group | Date | Examiner |
|---|---|---|---|
| | | | |

| | |
|---|---|
| | |

| INFORMATION DISCLOSURE CITATION<br><br>Substitute for Form 1449-PTO | *Electronically filed February 4, 2013* | |
|---|---|---|
| | Application Number | *90/012,304* |
| | Filing Date | *May 23, 2012* |
| | First Named Inventor | *Bas Ording* |
| | Art Unit | *3992* |
| | Examiner Name | *BONSHOCK, DENNIS G* |

| Sheet | 1 | of | 1 | Attorney Docket Number | *P4304USREX2/120730-002US* |
|---|---|---|---|---|---|

| NON PATENT LITERATURE DOCUMENTS | | |
|---|---|---|
| Examiner Initials | Cite No. | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume-issue number(s), publisher, city and/or country where published |
| | NPL 1 | Apple Inc., v. Samsung Electronics, et al., No. 11-cv-01846-LHK (N.D. Cal.), *Order Granting In Part and Denying In Part Motion For Judgment As a Matter of Law*, January 29, 2013 |
| | | |
| | | |
| | | |
| | | |
| | | |

| Examiner Signature | /Dennis Bonshock/ | Date Considered | 03/21/2013 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. ¹ Applicant's unique citation designation number (optional). ² See Kind Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. ³ Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). ⁴ For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. ⁵ Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST. 16 if possible. ⁶ Applicant is to place a check mark here if English language Translation is attached.
Burden Hour Statement: This form is estimated to take 2.0 hours to complete. Time will vary depending upon the needs of the individual case. Any comments on the amount of time you are required to complete this form should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, Washington, DC 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Assistant Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

List of References

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH.  /D.B./

| INFORMATION DISCLOSURE CITATION | *Electronically filed January 15, 2013* | |
|---|---|---|
| | Application Number | *90/012,304* |
| | Filing Date | *May 23, 2012* |
| Substitute for Form 1449-PTO | First Named Inventor | *Bas Ording* |
| | Art Unit | *3992* |
| | Examiner Name | *BONSHOCK, DENNIS G* |

| Sheet | 1 | of | 13 | Attorney Docket Number | *P4304USREX2/120730-002US* |
|---|---|---|---|---|---|

**U.S. PATENT DOCUMENTS**

| Examiner Initials | Cite No.[1] | Document Number — Number - Kind Code[2] | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | US 1 | 6,920,619 | 07-19-2005 | Milekic | |
| | US 2 | 6,188,391 | 02-13-2001 | Seely et al. | |
| | US 3 | 6,570,594 | 05-27-2003 | Wagner | |
| | | | | | |

**U.S. PATENT APPLICATION DOCUMENTS**

| Examiner Initials | Cite No.[1] | Document Number — Number - Kind Code[2] | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | USA 1 | 2004/0160458 | 02-09-2004 | Igarashi et al. | |
| | USA 2 | 2002/0180763 | 12-05-2002 | Kung | |
| | USA 3 | 2005/0195154 | 09-08-2005 | Robbins et al. | |
| | USA 4 | 2005/0183026 | 08-18-2005 | Amano et al. | |
| | USA 5 | 2006/0026521 | 02-02-2006 | Hotelling et al. | |
| | USA 6 | 2004/0205504 | 10-14-2004 | Phillips | |
| | USA 7 | 2006/0001652 | 01-05-2006 | Chiu et al. | |
| | USA 8 | 2004/0125088 | 07-01-2004 | Zimmerman | |
| | USA 9 | 2009/0284478 | 11-19-2009 | De La Torre et al. | |
| | USA 10 | 2008/0013826 | 01-17-2008 | Hillis et al. | |
| | | | | | |
| | | | | | |
| | | | | | |

**FOREIGN PATENT DOCUMENTS**

| Examiner Initials | Cite No. | Foreign Patent Document Country Code[3] – Number[4] - Kind Code[5] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | T[6] |
|---|---|---|---|---|---|---|
| | FP 1 | CN 1754141 | 03-01-2006 | Mulligan et al. | | |
| | FP 2 | DE 102008 052485 | 04-22-2010 | Hohne | | |
| | FP 3 | EP 0944218 | 09-22-1999 | Ringot | | |

| Examiner Signature | /Dennis Bonshock/ | Date Considered | 03/21/2013 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in confqrmance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. [1] Applicant's unique citation designation number (optional). [2] See Kind Codes of USPTO Patent Documents at www.uspto.gov or MEP 901.04. [3] Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). [4] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [5] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST. 16 if possible. [6] Applicant is to place a check mark here if English language Translation is attached.

Burden Hour Statement: This form is estimated to take 2.0 hours to complete. Time will vary depending upon the needs of the individual case. Any comments on the amount of time you are required to complete this form should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, Washington, DC 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Assistant Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH.  /D.B./

| INFORMATION DISCLOSURE CITATION | | | | |
|---|---|---|---|---|
| **INFORMATION DISCLOSURE CITATION**<br><br>Substitute for Form 1449-PTO | *Electronically filed January 15, 2013* | | | |
| | Application Number | *90/012,304* | | |
| | Filing Date | *May 23, 2012* | | |
| | First Named Inventor | *Bas Ording* | | |
| | Art Unit | *3992* | | |
| | Examiner Name | *BONSHOCK, DENNIS G* | | |

| Sheet | 2 | of | 13 | Attorney Docket Number | *P4304USREX2/120730-002US* |
|---|---|---|---|---|---|

| | | | | | | |
|---|---|---|---|---|---|---|
| FP 4 | EP 0725 331 | 07-08-1996 | Tae | | | |
| FP 5 | EP 1517228 | 03-01-2005 | Hill | | | |
| FP 6 | EP 2102738 | 07-17-2008 | Platzer et al. | | | |
| FP 7 | GB 2319591 | 05-27-1998 | Sato et al. | | | |
| FP 8 | JP 1999/126149 | 05-11-1999 | Miwa | | | X |
| FP 9 | JP 2000/163031 | 06-16-2000 | Yasuhiro et al. | | | X |
| FP 10 | JP 2000/322495 | 11-24-2000 | Toshiyuki | | | X |
| FP 11 | JP 2002/254614 | 09-11-2002 | Yasushi | | | X |
| FP 12 | JP 2002/342033 | 11-29-2002 | Rekimoto | | | X |
| FP 13 | JP 2003/330613 | 11-21-2003 | Kuniaki | | | X |
| FP 14 | JP 2005/234199 | 09-02-2005 | Daigo | | | X |
| FP 15 | JP H03-271976 | 03-12-1991 | Kurosawa  Yoshiaki | | | |
| FP 16 | JP 2003-345491 | 12-05-2003 | Shuichi | | | X |
| FP 17 | EP 2069877 | 03-13-2008 | Ligtenberg | | | |
| FP 18 | KR 2002-0095992 | 12-28-2002 | Ryu Hyeok Gon | | | X |
| FP 19 | KR 2002-0038177 | 05-23-2002 | Yeong | | | X |
| FP 20 | KR 2002-0081953 | 10-30-2002 | Kim Yong Bok | | | X |
| FP 21 | WO 94/29788 | 12-22-1994 | Staggs et al. | | | |
| FP 22 | WO 98/06054 | 02-12-1998 | Huffman et al. | | | |
| FP 23 | WO 1998/07112 | 02-19-1998 | Gill | | | |
| FP 24 | WO 1999/28812 | 06-10-1999 | Northern Telecom | | | |
| FP 25 | WO 1999/57630 | 11-11-1999 | Scientific Atlanta | | | |
| FP 26 | WO 01/029702 | 04-26-2001 | Van Den Hoven | | | |
| FP 27 | WO 2002/08881 | 01-31-2002 | Worthington et al. | | | |
| FP 28 | WO 2008/030563 | 03-13-2008 | Ligtenberg | | | |
| FP 29 | WO 2008/086218 | 07-17-2008 | Ording | | | |
| FP 30 | WO 2011/045805 | 04-21-2011 | Dey et al. | | | |
| FP 31 | FR 2830093 | 03-28-2003 | Benoit | | | |
| FP 32 | JPA H02-140822 | 05-30-1990 | Izeki Osamu | | | X |
| FP 33 | JPA H07-230352 | 08-29-1995 | Kamimura Toshio et al. | | | X |
| FP 34 | JPA H11-126149 | 05-11-1999 | Iketa Satoshi | | | X |
| FP 35 | JPA H11-327733 | 11-30-1999 | Miyazaki Koichi | | | X |
| FP 36 | JPA H10-240220 | 09-11-1998 | Nagae Hisayoshi | | | X |
| FP 37 | JPA 2003-344059 | 12-03-2003 | Ito Masahiro | | | X |
| FP 38 | JPA 2001-290585 | 10-19-2001 | Wakai Masanori | | | X |

| Examiner Signature | /Dennis Bonshock/ | Date Considered | 03/21/2013 |
|---|---|---|---|

*EXAMINER:  Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.   ¹ Applicant's unique citation designation number (optional).  ² See Kind Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04.  ³ Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3).  ⁴ For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document.  ⁵ Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST. 16 if possible.  ⁶ Applicant is to place a check mark here if English language Translation is attached.
Burden Hour Statement:  This form is estimated to take 2.0 hours to complete.  Time will vary depending upon the needs of the individual case.  Any comments on the amount of time you are required to complete this form should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, Washington, DC 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS.  SEND TO:  Assistant Commissioner for Patents, P.O. Box 1450, Alexandria, VA  22313-1450.

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH.  /D.B./

| | | | | | |
|---|---|---|---|---|---|
| **INFORMATION DISCLOSURE CITATION**<br><br>Substitute for Form 1449-PTO | | | **Electronically filed January 15, 2013** | | |
| | | | Application Number | **90/012,304** | |
| | | | Filing Date | **May 23, 2012** | |
| | | | First Named Inventor | **Bas Ording** | |
| | | | Art Unit | **3992** | |
| | | | Examiner Name | **BONSHOCK, DENNIS G** | |
| Sheet | 3 | of | 13 | Attorney Docket Number | **P4304USREX2/120730-002US** |

| | | | | | |
|---|---|---|---|---|---|
| | FP 39 | JPA 2003-288151 | 10-10-2003 | Murakoshi Toshio | X |
| | FP 40 | JPA 2003-140802 | 05-16-2003 | Sowden Anthony et al | X |
| | FP 41 | JPA 2005-284726 | 10-13-2005 | Watanabe Tomio et al | X |
| | FP 42 | GB 2335105 | 08-09-1999 | Pringle | |
| | FP 43 | WO 03/023593 | 03-20-2003 | Metsavainio et al. | |
| | FP 44 | KR 2003-0088374 | 11-28-2006 | Kyocera Corp. | X |
| | FP45 | WO 2008/05848 | 07-17-2008 | Blumenberg | |
| | FP 46 | JPS63-146168 | 06-18-1988 | Tajima Hiroaki | |
| | FP 47 | JP2001-318665 | 11-16-2001 | Sakano Keiichi | X |
| | FP 48 | JP2006-154892A | 06-15-2006 | Ishida Kenichi | X |
| | FP 49 | JP2006-090962A | 04-06-2006 | Niijima Hiroyuki | X |
| | FP 50 | JP2005-515530A | 05-26-2005 | Zimmerman | X |
| | FP 51 | JP2003-108279A | 04-11-2003 | Tokura | X |
| | FP 52 | JPH10-161628A | 06-19-1998 | Kamata | X |
| | FP 53 | JPS63-206827A | 08-26-1988 | Asami Toshihiro | |
| | FP 54 | JPH9-237175A | 09-09-1997 | Sawai Tetsuji | X |
| | FP 55 | JPH8-249114A | 09-27-1996 | Tanaka Satoshi | X |
| | FP 56 | JPH5-100809A | 04-23-1993 | Mizuguchi Tamotsu | X |
| | FP 57 | JP2000-181428A | 06-30-2000 | Kato Kiyosh | X |
| | FP 58 | JP2005-267631A | 09-29-2005 | Robertson George | X |
| | FP 59 | JPH7-182134A | 07-21-1995 | Nashiki Noboru | X |
| | FP 60 | JP2004-310388A | 11-04-2004 | Shimizu Hideyuk | X |
| | FP 61 | JP2000-333044A | 11-30-2000 | Miama Masaki | X |
| | FP 62 | JP2006-244353A | 09-14-2006 | Murayama Takanori | X |
| | FP 63 | JP2006-179006A | 07-06-2006 | Kolmykov-Zotov | X |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

| Examiner Signature | /Dennis Bonshock/ | Date Considered | 03/21/2013 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. ¹ Applicant's unique citation designation number (optional). ² See Kind Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. ³ Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). ⁴ For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. ⁵ Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST. 16 if possible. ⁶ Applicant is to place a check mark here if English language Translation is attached.

Burden Hour Statement: This form is estimated to take 2.0 hours to complete. Time will vary depending upon the needs of the individual case. Any comments on the amount of time you are required to complete this form should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, Washington, DC 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Assistant Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

List of References cited by Examiner

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /D.B./

| INFORMATION DISCLOSURE CITATION | *Electronically filed January 15, 2013* | |
|---|---|---|
| | Application Number | *90/012,304* |
| | Filing Date | *May 23, 2012* |
| Substitute for Form 1449-PTO | First Named Inventor | *Bas Ording* |
| | Art Unit | *3992* |
| | Examiner Name | *BONSHOCK, DENNIS G* |

| Sheet | 4 | of | 13 | Attorney Docket Number | *P4304USREX2/120730-002US* |
|---|---|---|---|---|---|

| NON PATENT LITERATURE DOCUMENTS | | |
|---|---|---|
| Examiner Initials | Cite No. | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume-issue number(s), publisher, city and/or country where published |
| | NPL 1 | AGARAWALA, A., "Enriching the Desktop Metaphor with Physics, Piles and Pen," 2006, pp.10-101 |
| | NPL 2 | AGARAWALA, A. et al., "Keepin' It Real: Pushing the Desktop Metaphor with Physics, Piles and the Pen," CHI 2006, April 22-27, 2006, Montreal, Canada |
| | NPL 3 | BACH, M.J., The Design of the Unix Operating System, Eastern Economy Edition, 1986 |
| | NPL 4 | BAECKER et al., Reading in Human-Computer Interaction: A Multidisciplinary Approach, 1987 |
| | NPL 5 | BAECKER et al., Readings in Human-Computer Interaction: Toward the Year 2000, 1995 |
| | NPL 6 | Website (Tech On) |
| | NPL 7 | BEDERSON et al., "Pad++: A Zooming Graphical Interface for Exploring Alternate Interface Physics," UIST '94 Proceedings of the 7th annual ACM symposium on User Interface Software and Technology, November 2-4, 1994, pp.17-26 |
| | NPL 8 | BEDERSON et al., "Jazz: An Extensible Zoomable User Interface Graphics Toolkit in Java," ACM symposium on User Interfaces Software and Technology, May 2000 |
| | NPL 9 | BEDERSON et al., "Jazz: An Extensible 2D+ Zooming Graphics Toolkit in Java," July 1999 |
| | NPL 10 | BIC et al., The Logical Design of Operating Systems, Second Edition, 1988, pp. 1-370 |
| | NPL 11 | BIER, E., "Snap-Dragging: Interactive Geometric Design in Two and Three Dimensions," Ph.D. Thesis, University of California, Berkeley, 1989 |
| | NPL 12 | BIER et al., "Snap-Dragging," Proceedings of SIGGRAPH 86, Computer Graphics (20) 4, 1986, pp. 233-240 |
| | NPL 13 | BORMAN et al., Human Factors in Computing Systems, CHI '85 Conference Proceedings, April 14-18, 1985, San Francisco |
| | NPL 14 | BROWNE, H. et al., "Designing a Collaborative Finger Painting Application for Children," UM Computer Science Department; CS-TR-4184; 2000 |
| | NPL 15 | *The Technical System of Personal Computer 2000* |
| | NPL 16 | BUXTON, W., "Invited Paper: A Touching Story: A Personal Perspective on the History of Touch Interfaces Past and Future," Society for Information Display (SID) Symposium Digest of Technical Papers, May 2010, pp. 444-448, Volume 41(1), Session 31 |
| | NPL 17 | CHANG et al., "Animation: From Cartoons to the User Interface," UIST '93 Proceedings of the 6th annual ACM symposium on User Interface Software and Technology, 1993, pp. 1-18 |

| Examiner Signature | /Dennis Bonshock/ | Date Considered | 03/21/2013 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. ¹ Applicant's unique citation designation number (optional). ² See Kind Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. ³ Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). ⁴ For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. ⁵ Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST. 16 if possible. ⁶ Applicant is to place a check mark here if English language Translation is attached.
Burden Hour Statement: This form is estimated to take 2.0 hours to complete. Time will vary depending upon the needs of the individual case. Any comments on the amount of time you are required to complete this form should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, Washington, DC 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Assistant Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH.  /D.B./

| INFORMATION DISCLOSURE CITATION | Electronically filed January 15, 2013 | |
|---|---|---|
| | Application Number | 90/012,304 |
| | Filing Date | May 23, 2012 |
| | First Named Inventor | Bas Ording |
| Substitute for Form 1449-PTO | Art Unit | 3992 |
| | Examiner Name | BONSHOCK, DENNIS G |

| Sheet | 5 | of | 13 | Attorney Docket Number | P4304USREX2/120730-002US |
|---|---|---|---|---|---|

| | | |
|---|---|---|
| | NPL 18 | Communication Arts, 2006 September/October Communication Arts Interactive Annual 12 |
| | NPL 19 | Communication Arts, 2005 September/ October Communication Arts Interactive Annual 11 |
| | NPL 20 | Communication Arts, 2004 September/ October Communication Arts Interactive Annual 10 |
| | NPL 21 | Communication Arts, 2003 September/ October Communication Arts Interactive Annual 9 |
| | NPL 22 | Communication Arts, 2001 September/ October Communication Arts Interactive Annual 7 |
| | NPL 23 | Wireless News, "Adobe Rolls Out Flash Player 9," June 28, 2006 |
| | NPL 24 | DENNING, P.J., The Invisible Future, 2001 |
| | NPL 25 | ZUKOWSKI, J., Java AWT Reference (Java 1.1) |
| | NPL 26 | ED. C. EPP, Prelude to Patterns in Computer Science Using Java, Beta Edition, 2001 |
| | NPL 27 | ERICKSON, T.D., Working with Interface Metaphors, in Human-computer Interaction, 1995, pp.65-73 |
| | NPL 28 | Flash to the Core Website (http://flashtothecore.praystation.com/), 2002 |
| | NPL 29 | Flashloaded SlideMem Website, (http://flashloaded.com/flashcomponents/slidemem/), 2007 |
| | NPL 30 | D. Patel et al. "Improving Photo Searching Interfaces for Small-screen Mobile Computers" in Proceedings Mobile HCI 2006, ACM Press, pp 149-156 (Sep. 2006) |
| | NPL 31 | FOLEY et al., Computer Graphics- Principles and Practice, 2nd Edition in C, 1996 |
| | NPL 32 | FOLEY et al., Computer Graphics- Principles and Practice, 2nd Edition, 1990 |
| | NPL 33 | FOLEY et al., Introduction to Computer Graphics, 1994 |
| | NPL 34 | GLEICHER, M., "Image Snapping," 1995, pp.183-190 |
| | NPL 35 | GROSS, MARK D., "Grids in Design and CAD," Proceedings of Association for Computer Aided Design in Architecture, 1991, pp.1-11 |
| | NPL 36 | Hewlett-Packard, User's Guide-HP iPAQ Pocket PC h1900 series, May 2003 |
| | NPL 37 | Hewlett-Packard, QuickSpecs-HP iPAQ rx1950 Pocket PC, September, 26, 2005 |
| | NPL 38 | ISHAK et al., "Content-Aware Scrolling," UIST'06 Proceedings of the 19th annual ACM symposium on User Interface Software and Technology, October 15-18, 2006, Montrex, Switzerland |
| | NPL 39 | JOHNSON, J. et al., "The Effect of Touch-Pad Size on Pointing Accuracy," April 1994, pp.1-8 |
| | NPL 40 | JOHNSON, J. et al., "A Comparison of User Interfaces for Panning on a Touch-Controlled Display," CHI '95 Proceedings of the SIGCHI Conference on Human Factors in Computing Systems, Mosaic of Creativity, May 1995, pp.1-8 |
| | NPL 41 | JOHNSON, J. et al., A Collection of Papers from FirstPerson, Inc., 1995, pp. 1-86 |

| Examiner Signature | /Dennis Bonshock/ | Date Considered | 03/21/2013 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. ¹ Applicant's unique citation designation number (optional). ² See Kind Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. ³ Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). ⁴ For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. ⁵ Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST. 16 if possible. ⁶ Applicant is to place a check mark here if English language Translation is attached.
Burden Hour Statement: This form is estimated to take 2.0 hours to complete. Time will vary depending upon the needs of the individual case. Any comments on the amount of time you are required to complete this form should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, Washington, DC 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Assistant Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /D.B./

| | | |
|---|---|---|
| | INFORMATION DISCLOSURE CITATION<br><br>Substitute for Form 1449-PTO | *Electronically filed January 15, 2013* |
| | | Application Number | *90/012,304* |
| | | Filing Date | *May 23, 2012* |
| | | First Named Inventor | *Bas Ording* |
| | | Art Unit | *3992* |
| | | Examiner Name | *BONSHOCK, DENNIS G* |

| Sheet | 6 | of | 13 | Attorney Docket Number | *P4304USREX2/120730-002US* |
|---|---|---|---|---|---|

| | | |
|---|---|---|
| | NPL 42 | JOHNSON, E.A., "Touch Displays: A Programmed Man-Machine Interface," Ergonomics, March 1967, pp. 271-277, Volume 10, Number 2 |
| | NPL 43 | KARLSON et al., AppLens and LaunchTile: Two Designs for One-Handed Thumb Use on Small Devices," CHI 2005 (Powerpoint), 2005 |
| | NPL 44 | KROLIK, M., PIV Creator 3.41, Cross Browser DHTML 360 Panorama Image Viewer (PIV), 1999 |
| | NPL 45 | KRUEGER, M.W., Artificial Reality, 1983 |
| | NPL 46 | KRUEGER, M.W., Artificial Reality II, 1991 |
| | NPL 47 | LAUREL, B., The Art of Human-Computer Interface Design, 1990, pp.65-73 |
| | NPL 48 | LEE, S.K. et al., "A Multi-Touch Three Dimensional Touch-Sensitive Tablet," CHI '85 Proceedings, April 1985, pp. 21-25 |
| | NPL 49 | LEWIS et al., MAC OS In A Nutshell- A Power User's Quick Reference, 2000 |
| | NPL 50 | MASUI et al., "Elastic Graphical Interfaces for Precise Data Manipulation," ACM Conference on Human Factors in Computing Systems (CHI '95) Conference Companion, April 1995, pp. 143-144 |
| | NPL 51 | D. Patel et al, "An Evaluation of Techniques for Browsing Photograph Collections on Small Displays", Proceedings Mobile HCI 2004, pp. 132-143 |
| | NPL 52 | NORMAN et al., User Centered System Design, 1986 |
| | NPL 53 | A. Cockburn and J. Savage, "Comparing Speed-Dependent Automatic Zooming with Traditional Scroll, Pan, and Zoom Methods", in People and Computers XVII: British Computer Society Conference on Human Computer Interaction, 2003, p.87-102 |
| | NPL 54 | OWEN, G.S., Principles of Animation: Slow In and Out,  March 13, 1999 |
| | NPL 55 | PETZOLD, C., Programming Windows, 5th Edition, 1999 |
| | NPL 56 | PlasmaplugsScrollBar Website, 2006 |
| | NPL 57 | ROBERTSON et al., "Data Mountain: Using Spatial Memory for Document Management," UIST '98: Proceedings of the 11th Annual ACM symposium on User Interface Software and Technology, San Francisco, 1998, pp. 153-162. |
| | NPL 58 | RUBINE, D., "Combining Gestures & Direct Manipulation," CHI '92, May 3-7, 1992, pp. 659-660 |
| | NPL 59 | RUBINE et al., "The VideoHarp," ICMC Proceedings 1988, pp.49-55 |
| | NPL 60 | SHNEIDERMAN, B., "Direct Manipulation: A Step Beyond Programming Languages," Aug. 1983, pp. 57-69, Computer, Vol. 16(8) |
| | NPL 61 | P. Eslambolchilar and R. Murray-Smith, "Tilt-based automatic zooming and scaling in mobile devices – A state-space implementation." Mobile Human-Computer Interaction – MobileHCI 2004: 6th International Symposium, Glasgow, UK, September 13 - 16, 2004, pp. 120-131 |

| Examiner Signature | /Dennis Bonshock/ | Date Considered | 03/21/2013 |
|---|---|---|---|

*EXAMINER:  Initial if reference considered, whether or not citation is in confqrmance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication tq applicant.    ¹ Applicant's unique citation designation number (optional). ² See Kind Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04.   ³ Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3).  ⁴ For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document.   ⁵ Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST. 16 if possible.   ⁶ Applicant is to place a check mark here if English language Translation is attached.
Burden Hour Statement:  This form is estimated to take 2.0 hours to complete.  Time will vary depending upon the needs of the individual case.  Any comments on the amount of time you are required to complete this form should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, Washington, DC 20231.  DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS.  SEND TO:  Assistant Commissioner for Patents, P.O. Box 1450, Alexandria, VA  22313-1450.

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH.  /D.B./

| INFORMATION DISCLOSURE CITATION  Substitute for Form 1449-PTO | | | | *Electronically filed January 15, 2013* | |
|---|---|---|---|---|---|
| | | | | Application Number | *90/012,304* |
| | | | | Filing Date | *May 23, 2012* |
| | | | | First Named Inventor | *Bas Ording* |
| | | | | Art Unit | *3992* |
| | | | | Examiner Name | *BONSHOCK, DENNIS G* |
| Sheet | 7 | of | 13 | Attorney Docket Number | *P4304USREX2/120730-002US* |

| | | |
|---|---|---|
| | NPL 62 | SILBERSCHATZ, A. et al., Operating System Concepts, Third Edition, 1991, pp. 1-696. |
| | NPL 63 | SMITH et al., "The Radial Scroll Tool: Scrolling Support for Stylus- or Touch-Based Document Navigation," UIST '04 Proceedings of the 17th Annual ACM symposium on User Interface Software and Technology, October 24-27, 2004, Santa Fe, New Mexico, pp. 1-4 |
| | NPL 64 | Forlines et al., Glimpse: A Novel Input Model for Multi-Level Devices, Mitsubishi Electric Laboratories, CHI 2005 |
| | NPL 65 | Sony, "The Power of a Full-Sized PC in the Palm of your Hand," 2004 |
| | NPL 66 | SUN et al., "Flipper: A New Method of Digital Document Navigation," CHI '05 extended abstracts on Human factors in computing systems, April 2-7, 2005, Portland, Oregon, pp.2001-2004 |
| | NPL 67 | Teleprompter-VBForums, 2003 |
| | NPL 68 | THOMAS, B.H., Thomas Dissertation-Animating Direct Manipulation in Human Computer Interfaces, 1997, pp. 1-207 |
| | NPL 69 | THOMAS et al., "Animating Direct Manipulation Interfaces," UIST 95 Pittsburg, PA, Nov. 1995, pp. 3-12 |
| | NPL 70 | TIDWELL, J., Designing Interfaces, 2006 |
| | NPL 71 | TOGNAZZINI, B., The "Starfire" Video Prototype Project: A Case History, 1994 |
| | NPL 72 | Apple Inc. v. Samsung Electronics Co., Case no. 11-cv-01846 (N.D. Cal.), excerpts from Apple's Reply Brief in PI Appeal |
| | NPL 73 | Affidavit of Benjamin Bederson, dated February 9, 2012 |
| | NPL 74 | Apple Inc. v. Samsung Electronics Co., Case no. 11-cv-01846 (N.D. Cal.), declaration of Ravin Balakrishnan in support of Apple's opposition to MSJ |
| | NPL 75 | Apple Inc. v. Samsung Electronics Co., Case no. 11-cv-01846 (N.D. Cal.), excerpts from Apple's opposition to Samsung MSJ, filed May 31, 2012 |
| | NPL 76 | Apple Inc. v. Samsung Electronics Co., Case no. 11-cv-01846 (N.D. Cal.), excerpts from Samsung motion for summary judgment, filed May 17, 2012 |
| | NPL 77 | Apple Inc. v. Samsung Electronics Co., Case no. 11-cv-01846 (N.D. Cal.), excerpts from Samsung brief, appealing PI ruling, dated January 11, 2012 |
| | NPL 78 | Apple Inc. v. Samsung Electronics Co., Case no. 11-cv-01846 (N.D. Cal.), reply declaration of Ravin Balakrisnan, filed September 30, 2011 |
| | NPL 79 | Apple Inc. v. Samsung Electronics Co., Case no. 11-cv-01846 (N.D. Cal.), Apple's Opening Claim Construction Brief Pursuant to Patent L.R. 4-5, dated 12-08-2011, pp. 6-8 |
| | NPL 80 | Apple Inc. v. Samsung Electronics Co., Case no. 11-cv-01846 (N.D. Cal.), Apple's Reply Claim Construction Brief Pursuant to Patent L.R. 4-5, dated 12-29-2011, pp. 3-5 |

| Examiner Signature | /Dennis Bonshock/ | Date Considered | 03/21/2013 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MEPE 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.   ¹ Applicant's unique citation designation number (optional). ² See Kind Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04.  ³ Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). ⁴ For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document.  ⁵ Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST. 16 if possible.  ⁶ Applicant is to place a check mark here if English language Translation is attached.
Burden Hour Statement:  This form is estimated to take 2.0 hours to complete.  Time will vary depending upon the needs of the individual case.  Any comments on the amount of time you are required to complete this form should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, Washington, DC 20231.
DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS.  SEND TO:  Assistant Commissioner for Patents, P.O. Box 1450, Alexandria, VA  22313-1450.

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH.  /D.B./

| INFORMATION DISCLOSURE CITATION | | | | Electronically filed January 15, 2013 | |
|---|---|---|---|---|---|
| | | | | Application Number | 90/012,304 |
| | | | | Filing Date | May 23, 2012 |
| | | | | First Named Inventor | Bas Ording |
| Substitute for Form 1449-PTO | | | | Art Unit | 3992 |
| | | | | Examiner Name | BONSHOCK, DENNIS G |
| Sheet | 8 | of | 13 | Attorney Docket Number | P4304USREX2/120730-002US |

| | | |
|---|---|---|
| | NPL 81 | Apple Inc. v. Samsung Electronics Co., Case no. 11-cv-01846 (N.D. Cal.), Order Construing Disputed Claim Terms, dated 04-04-2012 |
| | NPL 82 | Apple Inc. v. Samsung Electronics Co., Case no. 11-cv-01846 (N.D. Cal.), Order Construing Disputed Claim Terms of U.S. Patent Nos. 7,469, 381 and 7,864,163, dated 07-20-2012 |
| | NPL 83 | Apple Inc. v. Samsung Electronics Co., Case no. 11-cv-01846 (N.D. Cal.), Joint Claim Construction and Prehearing Statement Pursuant to Patent L.R. 4-3, dated 11-14-2011, p. 6 |
| | NPL 84 | Apple Inc. v. Samsung Electronics Co., Case no. 11-cv-01846 (N.D. Cal.), Order Denying Motion for Summary Judgment, dated 06-30-2012, pp. 11-17 |
| | NPL 85 | U.S. ITC, Investigation No. 337-TA-797, In the Matter of Certain Portable Electronic Devices and Related Software, Expert Report of Ravin Balakrishan, Ph.D. Concerning Claim Construction of U.S. Patent Number 7,469,381, dated 01-18-2012 |
| | NPL 86 | U.S. ITC, Investigation No. 337-TA-797, In the Matter of Certain Portable Electronic Devices and Related Software, Respondent's Notice of Prior Art, dated 10-21-2011 |
| | NPL 87 | U.S. ITC, Investigation No. 337-TA-797, In the Matter of Certain Portable Electronic Devices and Related Software, Complainant Apple Inc.'s Claim Construction Brief, dated 01-18-2012, pp. 48-70 |
| | NPL 88 | U.S. ITC, Investigation No. 337-TA-797, In the Matter of Certain Portable Electronic Devices and Related Software, Joint Motion to Amend the Joint Claim Construction Statement, dated 01-18-2012 |
| | NPL 89 | U.S. ITC, Investigation No. 337-TA-797, In the Matter of Certain Portable Electronic Devices and Related Software, Order No. 25: Granting Joint Motion to Amend the Joint Claim Construction Statement, dated 01-19-2012 |
| | NPL 90 | U.S. ITC, Investigation No. 337-TA-797, In the Matter of Certain Portable Electronic Devices and Related Software, Notice of Prior Art, dated 11-07-2011 |
| | NPL 91 | U.S. ITC, Investigation No. 337-TA-797, In the Matter of Certain Portable Electronic Devices and Related Software, Order No. 57: Construing the Terms of the Asserted Claims of the Patent at Issue, dated 06-26-2012, pp.14-49 |
| | NPL 92 | U.S. ITC, Investigation No. 337-TA-797, In the Matter of Certain Portable Electronic Devices and Related Software, Invalidity Exhibit 381-1 |
| | NPL 93 | U.S. ITC, Investigation No. 337-TA-797, In the Matter of Certain Portable Electronic Devices and Related Software, Invalidity Exhibit 381-2 |
| | NPL 94 | U.S. ITC, Investigation No. 337-TA-797, In the Matter of Certain Portable Electronic Devices and Related Software, Invalidity Exhibit 381-4 |
| | NPL 95 | U.S. ITC, Investigation No. 337-TA-797, In the Matter of Certain Portable Electronic Devices and Related Software, Invalidity Exhibit 381-5 |

| Examiner Signature | /Dennis Bonshock/ | | Date Considered | 03/21/2013 |
|---|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.   ¹ Applicant's unique citation designation number (optional). ² See Kind Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04.   ³ Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). ⁴ For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. ⁵ Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST. 16 if possible. ⁶ Applicant is to place a check mark here if English language Translation is attached.
Burden Hour Statement:  This form is estimated to take 2.0 hours to complete.  Time will vary depending upon the needs of the individual case.  Any comments on the amount of time you are required to complete this form should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, Washington, DC 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS.  SEND TO:  Assistant Commissioner for Patents, P.O. Box 1450, Alexandria, VA  22313-1450.

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH.  /D.B./

| | | | |
|---|---|---|---|
| INFORMATION DISCLOSURE CITATION | *Electronically filed January 15, 2013* | | |
| | Application Number | *90/012,304* | |
| | Filing Date | *May 23, 2012* | |
| | First Named Inventor | *Bas Ording* | |
| Substitute for Form 1449-PTO | Art Unit | *3992* | |
| | Examiner Name | *BONSHOCK, DENNIS G* | |

| Sheet | 9 | of | 13 | Attorney Docket Number | *P4304USREX2/120730-002US* |
|---|---|---|---|---|---|

| | NPL 96 | U.S. ITC, Investigation No. 337-TA-797, In the Matter of Certain Portable Electronic Devices and Related Software, Invalidity Exhibit 381-6 |
|---|---|---|
| | NPL 97 | U.S. ITC, Investigation No. 337-TA-797, In the Matter of Certain Portable Electronic Devices and Related Software, Invalidity Exhibit 381-7 |
| | NPL 98 | U.S. ITC, Investigation No. 337-TA-797, In the Matter of Certain Portable Electronic Devices and Related Software, Invalidity Exhibit 381-8 |
| | NPL 99 | U.S. ITC, Investigation No. 337-TA-797, In the Matter of Certain Portable Electronic Devices and Related Software, Invalidity Exhibit 381-9 |
| | NPL 100 | Search information statement dated June 27, 2008, received in Australian Patent Application No. 2008100283, which corresponds to U.S. Application No. 11/956,969, 2 pages. |
| | NPL 101 | Decision to grant a European patent, dated September 2, 2010, received in European Patent No. 2059868, which corresponds to U.S. Application No. 11/956,969, 9 pages. |
| | NPL 102 | Response to Examiners first report, dated October 21, 2008, received in Australian Patent Application No. 2008100283, which corresponds to U.S. Application No. 11/956,969, 12 pages. |
| | NPL 103 | Notice of certification dated November 7, 2008, received in Australian Patent Application No. 2008100283, which corresponds to U.S. Application No. 11/956,969, 1 page. |
| | NPL 104 | International Preliminary report on Patentability dated March 10, 2009, received in European Patent No. 2059868, which corresponds to PCT/US2007/077441 and U.S. Application No. 11/956,969, 9 pages. |
| | NPL 105 | Search information statement dated February 19, 2009, received in Australian Patent Application No. 2008201540, which corresponds to U.S. Application No. 11/956,969, 2 pages. |
| | NPL 106 | Response to Examiners report No.1 dated March 31, 2009, received in Australian Patent Application No. 2008201540, which corresponds to U.S. Application No. 11/956,969, 1 page. |
| | NPL 107 | Examiners report No.2 dated April 1, 2009, received in Australian Patent Application No. 2008201540, which corresponds to U.S. Application No. 11/956,969, 2 pages |
| | NPL 108 | Response to Examiners report No. 2 dated July 09, 2009, received in Australian Patent Application No. 2008201540, which corresponds to U.S. Application No. 11/956,969, 28 pages. |
| | NPL 109 | International search report dated April 8, 2008, received in European Patent No. 2059868, which corresponds to PCT/US2008/077441 and U.S. Application No. 11/956,969, 5 pages. |

| Examiner Signature | /Dennis Bonshock/ | Date Considered | 03/21/2013 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in confIrmance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. ¹ Applicant's unique citation designation number (optional). ² See Kind Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. ³ Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). ⁴ For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. ⁵ Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST. 16 if possible. ⁶ Applicant is to place a check mark here if English language Translation is attached.
Burden Hour Statement: This form is estimated to take 2.0 hours to complete. Time will vary depending upon the needs of the individual case. Any comments on the amount of time you are required to complete this form should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, Washington, DC 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Assistant Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

List of References ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /D.B./

| | | | |
|---|---|---|---|
| **INFORMATION DISCLOSURE CITATION**<br><br>Substitute for Form 1449-PTO | | *Electronically filed January 15, 2013* | |
| | | Application Number | *90/012,304* |
| | | Filing Date | *May 23, 2012* |
| | | First Named Inventor | *Bas Ording* |
| | | Art Unit | *3992* |
| | | Examiner Name | *BONSHOCK, DENNIS G* |

| Sheet | 10 | of | 13 | Attorney Docket Number | P4304USREX2/120730-002US |
|---|---|---|---|---|---|

| | | |
|---|---|---|
| | NPL 110 | Response to Examiners report No. 3 dated August 3, 2009, received in Australian Patent Application No. 2008201540, which corresponds to U.S. Application No. 11/956,969, 1 page. |
| | NPL 111 | Notice of acceptance dated August 24, 2009, received in Australian Patent Application No. 2008201540, which corresponds to U.S. Application No. 11/956,969, 1 page. |
| | NPL 112 | International search report dated September 9, 2008, received in Australian Patent Application No. 2008201540, which corresponds to WO2008086218 and U.S. Application No. 11/956,969, 7 pages. |
| | NPL 113 | International Preliminary report on Patentability July 7, 2009, received in Australian Patent Application No. 2008201540, which corresponds to WO2008086218 and U.S. Application No. 11/956,969, 15 pages. |
| | NPL 114 | European search Opinion dated November 18, 2011, received in European Patent Application No. 2402850, which relates to U.S. Application No. 11/956,969, 4 pages. |
| | NPL 115 | Search information statement dated February 10, 2009, received in Australian Patent Application No. 2009200366, which corresponds to U.S. Application No. 11/956,969, 2 pages. |
| | NPL 116 | Response to examiners report No.1 dated March 12, 2009, received in Australian Patent Application No. 2009200366, which corresponds to U.S. Application No. 11/956,969, 1 page. |
| | NPL 117 | Notice of acceptance dated March 31, 2009, received in Australian Patent Application No. 2009200366, which corresponds to U.S. Application No. 11/956,969, 1 page. |
| | NPL 118 | European search Opinion dated November 29, 2011, received in European Patent Application No. 2402848, which relates to U.S. Application No. 11/956,969, 3 pages. |
| | NPL 119 | Search information statement dated April 08, 2010, received in Australian Patent Application No. 2009208103, which corresponds to U.S. Application No. 11/956,969, 3 pages. |
| | NPL 120 | Response to examiners report No.1 dated April 11, 2011, received in Australian Patent Application No. 2009208103, which corresponds to U.S. Application No. 11/956,969, 9 pages. |
| | NPL 121 | Reply to communication from Examining Division dated May 5, 2010, received in European Patent No. 2126678, which corresponds to U.S. Application No. 11/956,969, 7 pages. |
| | NPL 122 | Examiners report No.1 dated May 16, 2008, received in Australian Patent Application No. 2008100372, which corresponds U.S. Application No. 11/956,969, 1 page. |

| Examiner Signature | /Dennis Bonshock/ | Date Considered | 03/21/2013 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. ¹ Applicant's unique citation designation number (optional). ² See Kind Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. ³ Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). ⁴ For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. ⁵ Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST. 16 if possible. ⁶ Applicant is to place a check mark here if English language Translation is attached.
Burden Hour Statement: This form is estimated to take 2.0 hours to complete. Time will vary depending upon the needs of the individual case. Any comments on the amount of time you are required to complete this form should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, Washington, DC 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Assistant Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH.  /D.B./

| | | | Electronically filed January 15, 2013 |
|---|---|---|---|

<table>
<tr><td rowspan="7">INFORMATION DISCLOSURE CITATION<br><br>Substitute for Form 1449-PTO</td><td colspan="2">Application Number</td><td><i><b>90/012,304</b></i></td></tr>
<tr><td colspan="2">Filing Date</td><td><i><b>May 23, 2012</b></i></td></tr>
<tr><td colspan="2">First Named Inventor</td><td><i><b>Bas Ording</b></i></td></tr>
<tr><td colspan="2">Art Unit</td><td><i><b>3992</b></i></td></tr>
<tr><td colspan="2">Examiner Name</td><td><i><b>BONSHOCK, DENNIS G</b></i></td></tr>
</table>

| Sheet | 11 | of | 13 | Attorney Docket Number | *P4304USREX2/120730-002US* |
|---|---|---|---|---|---|

| | NPL 123 | Search information statement dated May 15, 2008, received in Australian Patent Application No. 2008100372, which corresponds to U.S. Application No. 11/956,969, 1 page. |
|---|---|---|
| | NPL 124 | Response to examiners report No.1 dated September 12, 2008, received in Australian Patent Application No. 2008100372, which corresponds to U.S. Application No. 11/956,969, 18 pages. |
| | NPL 125 | Notice of certification dated September 19, 2008, received in Australian Patent Application No. 2008100372, which corresponds to U.S. Application No. 11/956,969, 1 page. |
| | NPL 126 | Request for Further Processing, dated October 22, 2012, submitted in European Application No. EP 2 402 848 |
| | NPL 127 | Request for Further Processing, dated October 22, 2012, submitted in European Application No. EP 2 402 850 |
| | NPL 128 | European search report dated October 18, 2011, received in European Patent Application No. 2390799, which relates to U.S. Application No. 11/956,969, 2 pages. |
| | NPL 129 | European search Opinion dated October 31, 2011, received in European Patent Application No. 2390799, which relates to U.S. Application No. 11/956,969, 2 pages. |
| | NPL 130 | Rejection Decision dated September 20, 2012, received in Chinese Patent Application No. 20080000019.9, which corresponds to U.S. Application No. 11/956,969 (issued U.S. Patent No. 7,469,381). |
| | NPL 131 | Karlson et al., AppLens and LaunchTile: Two Designs for One-Handed Thumb Use on Small Devices, Powerpoint dated 2002 |
| | NPL 132 | Technology, Safety, Community, Conference on Human Factors in Computing Systems, CHI 2005, April 2-7, 2005 |
| | NPL 133 | CHI 2005 Paper Abstracts, 2005 |
| | NPL 134 | CHI 2005 Schedule and Paper Abstracts, 2005 |
| | NPL 135 | Forlines et al., Input Techniques for Mobile Interaction, plus…, Mitsubishi Electric Research Laboratories, 2005 |
| | NPL 136 | U.S. ITC, Investigation No. 337-TA-797, In the Matter of Certain Portable Electronic Devices and Related Software, excerpts from Markman hearing, February 7, 2012 |
| | NPL 137 | U.S. ITC, Investigation No. 337-TA-797, In the Matter of Certain Portable Electronic Devices and Related Software, HTC's Amended Notice of Prior Art, November 7, 2011 |
| | NPL 138 | U.S. ITC, Investigation No. 337-TA-797, In the Matter of Certain Portable Electronic Devices and Related Software, excerpts from the evidentiary hearing transcript, August 14, 2012 |

| Examiner Signature | /Dennis Bonshock/ | Date Considered | 03/21/2013 |
|---|---|---|---|

*EXAMINER:  Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.   ¹ Applicant's unique citation designation number (optional). ² See Kind Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04.   ³ Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3).  ⁴ For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document.  ⁵ Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST. 16 if possible.  ⁶ Applicant is to place a check mark here if English language Translation is attached.
Burden Hour Statement:  This form is estimated to take 2.0 hours to complete.  Time will vary depending upon the needs of the individual case.  Any comments on the amount of time you are required to complete this form should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, Washington, DC 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS.  SEND TO:  Assistant Commissioner for Patents, P.O. Box 1450, Alexandria, VA  22313-1450.

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH.  /D.B./

| INFORMATION DISCLOSURE CITATION | Electronically filed January 15, 2013 | |
|---|---|---|
| | Application Number | *90/012,304* |
| | Filing Date | *May 23, 2012* |
| Substitute for Form 1449-PTO | First Named Inventor | *Bas Ording* |
| | Art Unit | *3992* |
| | Examiner Name | *BONSHOCK, DENNIS G* |

| Sheet | 12 | of | 13 | Attorney Docket Number | *P4304USREX2/120730-002US* |
|---|---|---|---|---|---|

| | NPL 139 | U.S. ITC, Investigation No. 337-TA-797, In the Matter of Certain Portable Electronic Devices and Related Software, excerpts from the evidentiary hearing transcript, August 15, 2012 |
|---|---|---|
| | NPL 140 | U.S. ITC, Investigation No. 337-TA-797, In the Matter of Certain Portable Electronic Devices and Related Software, excerpts from the evidentiary hearing transcript, August 16, 2012 |
| | NPL 141 | U.S. ITC, Investigation No. 337-TA-797, In the Matter of Certain Portable Electronic Devices and Related Software, excerpts from the evidentiary hearing transcript, August 17, 2012 |
| | NPL 142 | U.S. ITC, Investigation No. 337-TA-797, In the Matter of Certain Portable Electronic Devices and Related Software, excerpts from the evidentiary hearing transcript, August 22, 2012 |
| | NPL 143 | U.S. ITC, Investigation No. 337-TA-797, In the Matter of Certain Portable Electronic Devices and Related Software, excerpts from the evidentiary hearing transcript, August 24, 2012 |
| | NPL 144 | Apple Inc. v. Samsung Electronics Co. Ltd., et al., Nos. ZA11-730 and ZA11-731 (Netherlands), Judgment dated August 23, 2011. |
| | NPL 145 | Apple Inc. v. Samsung Electronics Co. Ltd., et al., No. ZA12-220 (Netherlands), Judgment dated November 28, 2012. |
| | NPL 146 | Apple Inc. v. Samsung Electronics Co. Ltd., et al., No. ZA12-220 (Netherlands), Judgment dated November 28, 2012. (Convenience English Translation) |
| | NPL 147 | HTC_User manual HTC P 3050 |
| | NPL 148 | Apple v. Samsung, No. (P) NSD 1243 of 2011 (Australia), "Particulars of Invalidity Australian Standard Patent No. 2009208103," May 16, 2012 |
| | NPL 149 | Apple v. Samsung, No. (P) NSD 1243 of 2011 (Australia), "Particulars of Invalidity Australian Standard Patent No. 2008100283," May 16, 2012 |
| | NPL 150 | Apple v. Samsung, No. (P) NSD 1243 of 2011 (Australia), "Particulars of Invalidity Australian Standard Patent No. 2009200366," May 16, 2012 |
| | NPL 151 | Apple v. Samsung, No. (P) NSD 1243 of 2011 (Australia), "Particulars of Invalidity Australian Standard Patent No. 2008100372," May 16, 2012 |
| | NPL 152 | Apple v. Samsung, No. (P) NSD 1243 of 2011 (Australia), "Particulars of Invalidity Australian Standard Patent No. 2008201540," May 16, 2012 |
| | NPL 153 | Apple v. HTC, Nos. HC11 C02826, HC11 C02703, HC11 C03080 (UK), Judgment dated July 4, 2012 |
| | NPL 154 | Apple v. HTC, Nos. HC11 C02826, HC11 C02703, HC11 C03080 (UK), Hearing Transcript May 1, 2012 |

| Examiner Signature | /Dennis Bonshock/ | Date Considered | 03/21/2013 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. ¹ Applicant's unique citation designation number (optional). ² See Kind Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. ³ Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). ⁴ For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. ⁵ Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST. 16 if possible. ⁶ Applicant is to place a check mark here if English language Translation is attached.
Burden Hour Statement: This form is estimated to take 2.0 hours to complete. Time will vary depending upon the needs of the individual case. Any comments on the amount of time you are required to complete this form should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, Washington, DC 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Assistant Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH.  /D.B./

| INFORMATION DISCLOSURE CITATION | *Electronically filed January 15, 2013* | |
|---|---|---|
| | Application Number | **90/012,304** |
| | Filing Date | **May 23, 2012** |
| Substitute for Form 1449-PTO | First Named Inventor | **Bas Ording** |
| | Art Unit | **3992** |
| | Examiner Name | **BONSHOCK, DENNIS G** |

| Sheet | 13 | of | 13 | Attorney Docket Number | **P4304USREX2/120730-002US** |
|---|---|---|---|---|---|

| | NPL 155 | Apple v. HTC, Nos. HC11 C02826, HC11 C02703, HC11 C03080 (UK), Hearing Transcript May 2, 2012 |
|---|---|---|
| | NPL 156 | Apple v. HTC, Nos. HC11 C02826, HC11 C02703, HC11 C03080 (UK), Hearing Transcript May 3, 2012 |
| | NPL 157 | Apple v. HTC, Nos. HC11 C02826, HC11 C02703, HC11 C03080 (UK), Hearing Transcript May 8, 2012 |
| | NPL 158 | Apple v. HTC, Nos. HC11 C02826, HC11 C02703, HC11 C03080 (UK), Hearing Transcript May 9, 2012 |
| | NPL 159 | Apple v. HTC, Nos. HC11 C02826, HC11 C02703, HC11 C03080 (UK), Hearing Transcript May 0, 2012 |
| | NPL 160 | Apple v. HTC, Nos. HC11 C02826, HC11 C02703, HC11 C03080 (UK), Hearing Transcript May 11, 2012 |
| | NPL 161 | Apple Inc. v. Samsung Electronics Co., Case no. 11-cv-01846 (N.D. Cal.), deposition transcript of Van Dam, dated May 2, 2012 |
| | NPL 162 | Apple Inc. v. Samsung Electronics Co., Case no. 11-cv-01846 (N.D. Cal.), deposition transcript of Van Dam, dated September 14, 2011 |
| | NPL 163 | Apple Inc. v. Samsung Electronics Co., Case no. 11-cv-01846 (N.D. Cal.), Declaration of Benjamin Bederson, August 20, 2011 |
| | NPL 164 | Apple Inc. v. Samsung Electronics Co., Case no. 11-cv-01846 (N.D. Cal.), Videotaped Deposition of Benjamin Bederson, Transcript, September 17, 2011 |
| | NPL 165 | Apple Inc. v. Samsung Electronics Co., Case no. 11-cv-01846 (N.D. Cal.), excerpts from Apple's Motion for a Preliminary Injunction, filed 07-01-2011 |
| | NPL 166 | Apple Inc. v. Samsung Electronics Co., Case no. 11-cv-01846 (N.D. Cal.), declaration of Ravin Balakrishnan in support of Apple's motion for a preliminary injunction, filed 07-01-2011 |
| | NPL 167 | Apple Inc. v. Samsung Electronics Co., Case no. 11-cv-01846 (N.D. Cal.), excerpts from Samsung's opposition to Apple's motion for preliminary injunction, filed 11-29-2011 |
| | NPL 168 | Apple Inc. v. Samsung Electronics Co., Case no. 11-cv-01846 (N.D. Cal.), declaration of Van Dam in support of Samsung's motion in opposition to preliminary injunction, filed 11-29-2011 |
| | NPL 169 | Apple Inc. v. Samsung Electronics Co., Case no. 11-cv-01846 (N.D. Cal.), excerpts from Apple's reply motion for Preliminary Injunction, filed September 30, 2011 |
| | | |

| Examiner Signature | /Dennis Bonshock/ | Date Considered | 03/21/2013 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. ¹ Applicant's unique citation designation number (optional). ² See Kind Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. ³ Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). ⁴ For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. ⁵ Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST. 16 if possible. ⁶ Applicant is to place a check mark here if English language Translation is attached.

Burden Hour Statement:  This form is estimated to take 2.0 hours to complete.  Time will vary depending upon the needs of the individual case.  Any comments on the amount of time you are required to complete this form should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, Washington, DC 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS.  SEND TO:  Assistant Commissioner for Patents, P.O. Box 1450, Alexandria, VA  22313-1450.

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH.  /D.B./

| INFORMATION DISCLOSURE CITATION<br><br>Substitute for Form 1449-PTO | | | | *Electronically filed October 9, 2012* | |
|---|---|---|---|---|---|
| | | | | Application Number | *90/012,304* |
| | | | | Filing Date | *May 23, 2012* |
| | | | | First Named Inventor | *Bas Ording* |
| | | | | Art Unit | *3992* |
| | | | | Examiner Name | *BONSHOCK, DENNIS G* |
| Sheet | 1 | of | 8 | Attorney Docket Number | *P4304USREX2/12073 0-002US* |

**U.S. PATENT DOCUMENTS**

| Examiner Initials | Cite No.[1] | Document Number<br>Number - Kind Code[2] | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | US1 | 4,550,221 | 10-29-1985 | Mabusth | |
| | US2 | 4,746,770 | 05-24-1988 | McAvinney | |
| | US3 | 4,843,568 | 06-27-1989 | Krueger et al. | |
| | US4 | 4,954,967 | 09-04-1990 | Hiroshi | |
| | US5 | 5,374,787 | 12-20-1994 | Miller et al. | |
| | US6 | 5,428,367 | 06-27-1995 | Mikan | |
| | US7 | 5,483,261 | 01-09-1996 | Yasutake | |
| | US8 | 5,488,204 | 01-30-1996 | Mead et al. | |
| | US9 | 5,534,893 | 07-09-1996 | Hansen et al. | |
| | US10 | 5,543,591 | 08-06-1996 | Gillespie et al. | |
| | US11 | 5,825,352 | 10-20-1998 | Bisset et al. | |
| | US12 | 5,835,079 | 11-10-1998 | Shieh | |
| | US13 | 5,869,791 | 02-09-1999 | Young | |
| | US14 | 5,880,411 | 03-09-1999 | Gillespie et al. | |
| | US15 | 5,903,902 | 05-11-1999 | Orr et al. | |
| | US16 | 5,942,733 | 08-24-1999 | Allen et al. | |
| | US17 | 5,956,020 | 09-21-1999 | D'Amico | |
| | US18 | 6,028,271 | 02-22-2000 | Gillespie et al. | |
| | US19 | 6,028,602 | 02-22-2000 | Weidenfeller et al. | |
| | US20 | 6,061,063 | 05-09-2000 | Wagner et al. | |
| | US21 | 6,067,068 | 05-23-2000 | Hussain | |
| | US22 | 6,141,018 | 10-31-2000 | Beri et al. | |
| | US23 | 6,18,391 | 02-13-2001 | Seely et al. | |
| | US24 | 6,239,389 | 05-29-2001 | Allen et al. | |
| | US25 | 6,278,443 | 08-21-2001 | Amro et al. | |
| | US26 | 6,320,610 | 10-30-2001 | Beaton et al. | |
| | US27 | 6,323,846 B1 | 11-27-2001 | Westerman et al. | |
| | US28 | 6,337,698 | 01-08-2002 | Keely et al. | |
| | US29 | 6,486,896 | 11-26-2002 | Ubillos | |
| | US30 | 6,509,907 | 01-21-2003 | Kuwabara | |
| | US31 | 6,570,557 B1 | 05-27-2003 | Westerman et al. | |
| | US32 | 6,677,932 B1 | 01-13-2004 | Westerman | |

| Examiner Signature | /Dennis Bonshock/ | Date Considered | 03/21/2013 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. [1] Applicant's unique citation designation number (optional). [2] See Kind Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. [3] Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). [4] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [5] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST. 16 if possible. [6] Applicant is to place a check mark here if English language Translation is attached.
Burden Hour Statement: This form is estimated to take 2.0 hours to complete. Time will vary depending upon the needs of the individual case. Any comments on the amount of time you are required to complete this form should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, Washington, DC 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Assistant Commissioner for Patents, P.O. Box 1450, Alexandria, VA  23313-1450.

List of References... ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH.  /D.B./

| | | | | | |
|---|---|---|---|---|---|
| INFORMATION DISCLOSURE CITATION<br><br>Substitute for Form 1449-PTO | | | | *Electronically filed October 9, 2012* | |
| | | | | Application Number | *90/012,304* |
| | | | | Filing Date | *May 23, 2012* |
| | | | | First Named Inventor | *Bas Ording* |
| | | | | Art Unit | *3992* |
| | | | | Examiner Name | *BONSHOCK, DENNIS G* |
| Sheet | 2 | of | 8 | Attorney Docket Number | *P4304USREX2/12073 0-002US* |

| | | | | |
|---|---|---|---|---|
| US33 | 6,677,965 | 01-13-2004 | Ulmann et al. | |
| US34 | 6,741,966 | 05-25-2004 | Brechner et al. | |
| US35 | 6,791,530 | 09-14-2004 | Vernier et al. | |
| US36 | 6,820,237 B1 | 11-16-2004 | Abu-Hakima et al. | |
| US37 | 6,839,721 | 01-04-2005 | Schwols | |
| US38 | 6,903,927 | 06-07-2005 | Anlauff | |
| US39 | 6,957,392 | 10-18-2005 | Simister et al. | |
| US40 | 6,958,749 | 10-25-2005 | Matsushita et al. | |
| US41 | 6,970,160 | 11-29-2005 | Mulligan et al. | |
| US42 | 7,009,626 | 03-07-2006 | David et al. | |
| US43 | 7,015,894 | 03-21-2006 | Morohoshi | |
| US44 | 7,030,860 | 04-18-2006 | Hsu et al. | |
| US45 | 7,081,866 | 07-25-2006 | Nakano et al. | |
| US46 | 7,109,978 | 9-19-2006 | Gillespie et al. | |
| US47 | 7,117,453 | 10-03-2006 | Drucker et al. | |
| US48 | 7,152,210 | 12-19-2006 | Van Den Hoven et al. | |
| US49 | 7,173,623 | 02-06-2007 | Calkins et al. | |
| US50 | 7,184,064 | 02-27-2007 | Zimmerman et al. | |
| US51 | 7,254,775 | 08-07-2007 | Geaghan et al. | |
| US52 | 7,337,412 | 02-26-2008 | Guido et al. | |
| US53 | 7,346,850 | 03-18-2008 | Swartz et al. | |
| US54 | 7,355,620 | 04-08-2008 | Ikehata et al. | |
| US55 | 7,382,139 | 06-03-2008 | Mackey | |
| US56 | 7,411,575 | 08-12-2008 | Hill et al. | |
| US57 | 7,446,783 | 11-04-2008 | Grossman | |
| US58 | 7,450,113 | 11-11-2008 | Gillespie et al. | |
| US59 | 7,450,114 | 11-11-2008 | Anwar | |
| US60 | 7,479,949 | 01-20-2009 | Jobs et al. | |
| US61 | 7,511,702 | 03-31-2009 | Hotelling | |
| US62 | 7,532,205 | 05-12-2009 | Gillespie et al. | |
| US63 | 7,561,159 | 07-14-2009 | Abel et al. | |
| US64 | 7,576,732 | 08-01-2009 | Lii | |
| US65 | 7,612,786 | 11-03-2009 | Vale et al. | |
| US66 | 7,658,675 | 02-09-2010 | Hotta | |
| US67 | 7,663,607 | 02-16-2010 | Hotelling et al. | |
| US68 | 7,735,016 | 06-08-2010 | Celik et al. | |

| Examiner Signature | /Dennis Bonshock/ | Date Considered | 03/21/2013 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. ¹ Applicant's unique citation designation number (optional). ² See Kind Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. ³ Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). ⁴ For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. ⁵ Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST. 16 if possible. ⁶ Applicant is to place a check mark here if English language Translation is attached.
Burden Hour Statement: This form is estimated to take 2.0 hours to complete. Time will vary depending upon the needs of the individual case. Any comments on the amount of time you are required to complete this form should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, Washington, DC 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Assistant Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

List of References   FORM PTO-1449-PTO Sheet

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH.  /D.B./

| INFORMATION DISCLOSURE CITATION<br><br>Substitute for Form 1449-PTO | | | | *Electronically filed October 9, 2012* | |
|---|---|---|---|---|---|
| | | | | Application Number | *90/012,304* |
| | | | | Filing Date | *May 23, 2012* |
| | | | | First Named Inventor | *Bas Ording* |
| | | | | Art Unit | *3992* |
| | | | | Examiner Name | *BONSHOCK, DENNIS G* |
| Sheet | 3 | of | 8 | Attorney Docket Number | *P4304USREX2/120730-002US* |

| | | | | | |
|---|---|---|---|---|---|
| US69 | 7,786,975 | 08-31-2010 | Ording | | |
| US70 | 7,844,913 | 11-30-2010 | Amano et al. | | |
| US71 | 7,872,640 | 01-18-2011 | Lira | | |

| **U.S. PATENT APPLICATION PUBLICATIONS** | | | | | |
|---|---|---|---|---|---|
| USA1 | 2001/0028369 A1 | 10-11-2001 | Gallo et al. | | |
| USA2 | 2001/045949 | 11-29-2001 | Chithamharam et al. | | |
| USA3 | 2002/0015024 A1 | 02-07-2002 | Westerman et al. | | |
| USA4 | 2002/0036618 | 03-28-2002 | Wakai | | |
| USA5 | 2002/0067346 | 06-06-2002 | Mouton | | |
| USA6 | 2002/0194589 | 12-01-2002 | Cristofalo et al. | | |
| USA7 | 2003/0095096 | 05-22-2003 | Robbin et al. | | |
| USA8 | 2003/0122787 | 07-03-2003 | Zimmerman et al. | | |
| USA9 | 2003/0160832 | 08-01-2003 | Ridgley et al. | | |
| USA10 | 2003/0231168 | 12-18-2003 | Bell et al. | | |
| USA11 | 2003/132959 | 07-17-2003 | Simister et al. | | |
| USA12 | 2003/174149 | 09-18-2003 | Fujisaki | | |
| USA13 | 2004/0021698 | 02-01-2004 | Baldwin et al. | | |
| USA14 | 2004/0034801 | 02-19-2004 | Jaeger | | |
| USA15 | 2004/0100479 | 05-27-2004 | Nakano et al. | | |
| USA16 | 2004/0167919 | 08-26-2004 | Sterling et al. | | |
| USA17 | 2004/0215643 | 10-01-2004 | Brecher et al. | | |
| USA18 | 2004/0224638 | 11-11-2004 | Fadell et al. | | |
| USA19 | 2004/222992 | 11-11-2004 | Calkins et al. | | |
| USA20 | 2005/0041385 | 02-24-2005 | Kikinis et al. | | |
| USA21 | 2005/0057524 | 03-17-2005 | Hill et al. | | |
| USA22 | 2005/0088418 | 04-28-2005 | Westerman et al. | | |
| USA23 | 2005/0122806 A1 | 06-09-2005 | Arakawa et al. | | |
| USA24 | 2005/0168353 | 08-04-2005 | Dement et al. | | |
| USA25 | 2005/0193015 | 09-01-2005 | Logston et al. | | |
| USA26 | 2005/0275636 A1 | 12-15005 | Dehlin et al. | | |
| USA27 | 2005/088443 | 04-28-2005 | Blanco et al | | |
| USA28 | 2006/0010400 A1 | 01-12-2006 | Dehlin et al. | | |
| USA29 | 2006/0038796 | 02-23-2006 | Hinckley | | |
| USA30 | 2006/0084852 | 04-20-2006 | Mason et al | | |
| USA31 | 2006/0097991 | 05-11-2006 | Hotelling et al. | | |

| Examiner Signature | /Dennis Bonshock/ | Date Considered | 03/21/2013 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.  ¹ Applicant's unique citation designation number (optional).  ² See Kind Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04.  ³ Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3).  ⁴ For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document.  ⁵ Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST. 16 if possible.  ⁶ Applicant is to place a check mark here if English language Translation is attached.
Burden Hour Statement:  This form is estimated to take 2.0 hours to complete.  Time will vary depending upon the needs of the individual case.  Any comments on the amount of time you are required to complete this form should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, Washington, DC 20231.  DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO:  Assistant Commissioner for Patents, P.O. Box 1450, Alexandria, VA  22313-1450.

| | | | | | |
|---|---|---|---|---|---|
| **INFORMATION DISCLOSURE CITATION**<br><br>Substitute for Form 1449-PTO | | | *Electronically filed October 9, 2012* | | |
| | | | Application Number | *90/012,304* | |
| | | | Filing Date | *May 23, 2012* | |
| | | | First Named Inventor | *Bas Ording* | |
| | | | Art Unit | *3992* | |
| | | | Examiner Name | *BONSHOCK, DENNIS G* | |
| Sheet | 4 | of | 8 | Attorney Docket Number | *P4304USREX2/120730-002US* |

| | | | | | |
|---|---|---|---|---|---|
| | USA32 | 2006/0101354 | 05-11-2006 | Hashimoto et al. | |
| | USA33 | 2006/0190833 A1 | 08-24-2006 | SanGiovanni et al. | |
| | USA34 | 2006/0236263 | 10-19-2006 | Bathiche at al. | |
| | USA35 | 2007/0028191 | 02-01-2007 | Tsuji | |
| | USA36 | 2007/0035513 | 02-15-2007 | Sherrard et al. | |
| | USA37 | 2007/0055967 | 03-08-2007 | Poff et al. | |
| | USA38 | 2007/0064004 | 03-22-2007 | Bonner et al. | |
| | USA39 | 2007/0075965 | 04-05-2007 | Huppi et al. | |
| | USA40 | 2007/0081726 | 04-12-2007 | Westerman et al. | |
| | USA41 | 2007/0132789 | 06-14-2007 | Ording et al. | |
| | USA42 | 2007/0146337 | 06-28-2007 | Ording et al. | |
| | USA43 | 2007/0149252 A1 | 06-28-2007 | Jobs et al. | |
| | USA44 | 2007/0152984 | 07-05-2007 | Ording et al. | |
| | USA45 | 2007/0157089 A1 | 07-05-2007 | Van Os et al. | |
| | USA46 | 2007/0157094 | 07-05-2007 | Van Os et al. | |
| | USA47 | 2007/0182743 A1 | 08-09-2007 | Aguera y Arcas | |
| | USA48 | 2007/0185876 | 08-01-2007 | Howard | |
| | USA49 | 2007/0252821 | 11-01-2007 | Hollemans et al. | |
| | USA50 | 2007/0256026 | 11-01-2007 | Klassen et al. | |
| | USA51 | 2007/0262964 A1 | 11-15-2007 | Zotov et al. | |
| | USA52 | 2007/028856 | 12-01-2007 | Butlin et al. | |
| | USA53 | 2008/0005703 | 01-01-2008 | Radivojevic et al. | |
| | USA54 | 2008/0016096 | 01-17-2008 | Wilding et al. | |
| | USA55 | 2008/0034029 | 02-01-2008 | Guido et al. | |
| | USA56 | 2008/0048978 | 07-01-2008 | Ording et al. | |
| | USA57 | 2008/0052945 | 03-06-2008 | Matas et al. | |
| | USA58 | 2008/0062207 | 03-13-2008 | Park | |
| | USA59 | 2008/0094369 | 04-24-2008 | Ganatra et al. | |
| | USA60 | 2008/0168395 | 01-01-2004 | Ulmann et al. | |
| | USA61 | 2008/0168404 | 07-10-2008 | Ording | |
| | USA62 | 2008/0231610 | 09-01-2008 | Hotelling et al. | |
| | USA63 | 2009/0244020 A1 | 10-01-2009 | Sjolin | |
| | USA64 | 2009/0249252 A1 | 10-01-2009 | Lunday et al. | |
| | USA65 | 2009/0307623 | 12-10-2009 | Agarawala et al. | |
| | USA66 | 2010/0172624 | 07-08-2010 | Watts | |
| | | | | | |

| Examiner Signature | /Dennis Bonshock/ | Date Considered | 03/21/2013 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.  ¹ Applicant's unique citation designation number (optional).  ² See Kind Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04.  ³ Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3).  ⁴ For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document.  ⁵ Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST. 16 if possible.  ⁶ Applicant is to place a check mark here if English language Translation is attached.

Burden Hour Statement:  This form is estimated to take 2.0 hours to complete.  Time will vary depending upon the needs of the individual case.  Any comments on the amount of time you are required to complete this form should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, Washington, DC 20231.  DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS.  SEND TO:  Assistant Commissioner for Patents, P.O. Box 1450, Alexandria, VA  22313-1450.

List of References, First Reference, Reference No. 90/012,304    ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH.  /D.B./

| INFORMATION DISCLOSURE CITATION<br><br>Substitute for Form 1449-PTO | | | | *Electronically filed October 9, 2012* | |
|---|---|---|---|---|---|
| | | | | Application Number | *90/012,304* |
| | | | | Filing Date | *May 23, 2012* |
| | | | | First Named Inventor | *Bas Ording* |
| | | | | Art Unit | *3992* |
| | | | | Examiner Name | *BONSHOCK, DENNIS G* |
| Sheet | 5 | of | 8 | Attorney Docket Number | *P4304USREX2/120730-002US* |

### FOREIGN PATENT DOCUMENTS

| Examiner Initials | Cite No. | Foreign Patent Document<br>Country Code[3] – Number[4] - Kind Code[5] *(if known)* | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | T[6] |
|---|---|---|---|---|---|---|
| | FP1 | EP 0 626 635 A2 | 11-30-1994 | Firstperson, Inc. | | |
| | FP2 | WO 01/29702 A2 | 04-26-2001 | Koninklijke Philips Electronics N.V. | | |
| | FP3 | WO 01/77792 A2 | 10-18-2001 | RSA Security Inc. | | |
| | FP4 | WO 02/21338 A2 | 03-14-2002 | Oracle Corporation | | |
| | FP5 | WO 03/081458 A1 | 10-02-2003 | America Online Inc | | |
| | FP6 | WO 04/001560 A1 | 12-31-2003 | Nokia Corporation | | |
| | FP7 | WO 06/045530 A2 | 05-04-2006 | Novo Nordisk A/S | | |

### NON PATENT LITERATURE DOCUMENTS

| Examiner Initials | Cite No. | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume-issue number(s), publisher, city and/or country where published |
|---|---|---|
| | NPL1 | Apple Inc. vs. Samsung Electronics Co. Ltd. et al., Judgment dated August 24, 2011, 65 pages. |
| | NPL2 | Apple Inc. vs. Samsung Electronics Co. Ltd., et al., Samsung's Patent Local Rule 3-3 and 3-4 Disclosures dated October 7, 2011, together with Exhibits G-1 through G-7 and Exhibit H, 287 pages. |
| | NPL3 | Apple Inc. vs. Samsung Electronics Co. Ltd., et al., Samsung's Motion To Supplement Invalidity Contentions  filed January 27, 2012 together with Exhibit 6, 47 pages. |
| | NPL4 | Ballard, P., "Microsoft Makes Research Technologies Available For Licensing," May 5, 2005, http://www.theserveside.com/discussions/thread.tss?thread_id=33761, 8 pages. |
| | NPL5 | Benko et al., "Precise Selection Techniques for Multi-Touch Screens," CHI 2006, April 22-27 2006, 10 pages. |
| | NPL6 | Certificate of Grant dated February 3, 2012, received in Hong Kong Patent Application No. 10103983.1, which corresponds to U.S. Application No. 11/956,969, 5 pages (Ording) |
| | NPL7 | Davis, J., "Flash to the Core-An Interactive Sketchbook, praystation.com. 2002, http://flashtothecore.praystation.com/, 3 pages. |
| | NPL8 | Decision to Grant dated October 7, 2011, received in European Patent Application No. 08 713 567.9, which corresponds to U.S. Application No. 11/956,969 (Ording). |

| Examiner Signature | /Dennis Bonshock/ | Date Considered | 03/21/2013 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.  [1] Applicant's unique citation designation number (optional).  [2] See Kind Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04.  [3] Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3).  [4] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document.  [5] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST. 16 if possible.  [6] Applicant is to place a check mark here if English language Translation is attached.
Burden Hour Statement:  This form is estimated to take 2.0 hours to complete.  Time will vary depending upon the needs of the individual case.  Any comments on the amount of time you are required to complete this form should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, Washington, DC 20231.  DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS.  SEND TO:  Assistant Commissioner for Patents, P.O. Box 1450, Alexandria, VA  22313-1450.

List of References _____

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH.  /D.B./

| | | *Electronically filed October 9, 2012* |
|---|---|---|
| **INFORMATION DISCLOSURE CITATION**<br><br>Substitute for Form 1449-PTO | Application Number | *90/012,304* |
| | Filing Date | *May 23, 2012* |
| | First Named Inventor | *Bas Ording* |
| | Art Unit | *3992* |
| | Examiner Name | *BONSHOCK, DENNIS G* |

| Sheet | 6 | of | 8 | Attorney Docket Number | *P4304USREX2/120730-002US* |
|---|---|---|---|---|---|

| | | |
|---|---|---|
| | NPL9 | Dodge et al., "Microsoft Office Excel 2003 Office Manual," Microsoft Press, July 12, 2004, vol. 1, p. 66-68, UNABLE TO LOCATE ENGLISH TRANSLATION. |
| | NPL10 | European Search Report dated December 1, 2011, received in European Patent Application No. 11182962.8, which corresponds to U.S. Application No. 11/956,969, 8 pages (Ording). |
| | NPL11 | European Search Report dated December 1, 2011, received in European Patent Application No. 11182963.6, which corresponds to U.S. Application No. 11/956,969, 8 pages (Ording). |
| | NPL12 | European Search Report dated November 30, 2011, received in European Patent Application No. 11182959.4, which corresponds to U.S. Application No. 11/956,969, 7 pages (Ording). |
| | NPL13 | European Search Report dated November 29, 2011, received in European Patent Application No. 11182954.5, which corresponds to U.S. Application No. 11/956,969, 6 pages (Ording). |
| | NPL14 | Examiner's Amendment dated October 29, 2008, to related application no. 11/956,969. |
| | NPL15 | Examiner's Report dated February 19, 2009, received in Australian Patent Application No. 2008201540, which corresponds to U.S. Application No. 11/956,969 (issued U.S. Patent No. 7,469,381). |
| | NPL16 | Examiner's Report dated July 15, 2009, received in Australian Patent Application No. 2008201540, which corresponds to U.S. Application No. 11/956,969 (issued U.S. Patent 7,469,381). |
| | NPL17 | Examiner's Report dated July 1, 2008, received in Australian Patent Application No. 2008100283, which corresponds to U.S. Application No. 11956,969 (issued U.S. Patent 7,469,381). |
| | NPL18 | Examiner's Report dated April 8, 2010, received in Australian Patent Application No. 2009208103, which corresponds to U.S. Application No. 11/956,969, 2 pages (Ording). |
| | NPL19 | Examiner's Report dated February 11, 2009, received in Australian Patent Application No. 2009200366, which corresponds to U.S. Application No. 11/956,969 (issued U.S. Patent No. 7,469,381). |
| | NPL20 | Forlines, et al., "DTLens: Multi-user Tabletop Spatial Data Exploration," UIST '05, October 2005, Seattle Washington, USA, 6 pages. |
| | NPL21 | HAN, J., "Talks Jeff Han: Unveiling the Genius of Multi-touch Interface Design," Ted Ideas Worth Spreading, August 6, 2006, 1 page, http://www.ted.com/talks/lang/en/jeff_han_demos_his_breakthrough_touchscreen.html |
| | NPL22 | HTC Europe Co. Ltd and Apple Inc. Invalidity Claim dated July 29, 2011, together with amended Particulars of Claim and amended Grounds of Invalidity, 22 pages. |
| | NPL23 | HTC Europe Co. Ltd and Apple Inc. Invalidity Claim dated April 5, 2012, together with annexes, 84 pages. |
| | NPL24 | Japanese patent issued May 20, 2011, for Japanese patent application no. 2009 544996, which corresponds to U.S. Application No. 11/956,969 (Ording). |

| Examiner Signature | /Dennis Bonshock/ | Date Considered | 03/21/2013 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. ¹ Applicant's unique citation designation number (optional). ² See Kind Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. ³ Enter Office that issued the document, by the two-letter code (WIPO Standard ST. 3). ⁴ For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. ⁵ Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST. 16 if possible. ⁶ Applicant is to place a check mark here if English language Translation is attached.
Burden Hour Statement: This form is estimated to take 2.0 hours to complete. Time will vary depending upon the needs of the individual case. Any comments on the amount of time you are required to complete this form should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, Washington, DC 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Assistant Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

List of References ... ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /D.B./

| | | | |
|---|---|---|---|
| INFORMATION DISCLOSURE CITATION<br><br>Substitute for Form 1449-PTO | *Electronically filed October 9, 2012* | | |
| | Application Number | *90/012,304* | |
| | Filing Date | *May 23, 2012* | |
| | First Named Inventor | *Bas Ording* | |
| | Art Unit | 3992 | |
| | Examiner Name | *BONSHOCK, DENNIS G* | |

| Sheet | 7 | of | 8 | Attorney Docket Number | *P4304USREX2/12073 0-002US* |
|---|---|---|---|---|---|

| | NPL25 | KARLSON et al., "AppLens and LaunchTile: Two Designs for One-handed Thumb Use on Small Devices," CHI 2005 April 2-7, 2005, Portland, OR, pp.1-10 |
|---|---|---|
| | NPL26 | MERTZ et al., "The influence of design techniques on user interfaces: the DigiStrips experiment for air traffic control," Proceeding of HCI-Aero 2000 International Conference on Human-Computer Interaction in Aeronautics, Toulouse, France, 6 pages. |
| | NPL27 | Motorola Mobility Opposition Grounds to Apple Inc. European Patent EP 2126678 dated April 11, 2012, together with Exhibits E3, E4, and E5 re: CHI 2005, April 2-7, 2005, Portland Oregon, USA, 53 pages. |
| | NPL28 | Notice of Acceptance dated November 24, 2011, received in Australian Patent Application No. 2009208099, which corresponds to U.S. Application No. 11/956,969, 3 pages (Ording). |
| | NPL29 | Notice of Acceptance dated April 14, 2011, received in Australian patent Application No. 2009208103, which corresponds to U.S. Application No. 11/956,969 (Ording). |
| | NPL30 | Notice of Acceptance dated November 9, 2011, received in Australian Patent Application No. 2011201639, which corresponds to U.S. Application No. 11/956,969, 3 pages (Ording). |
| | NPL31 | Notice of Appeal in Expedited Appeal in Summary Proceedings dated September 11, 2011, 51 pages. |
| | NPL32 | Notice of Allowance dated January 30, 2012, received in Canadian Patent Application No. 2,658,177, which corresponds to U.S. Application No. 11/956,969, 1 page (Ording) |
| | NPL33 | Notice of Allowance dated May 11, 2012, received in U.S. Application No. 12/270,807, 16 pages (Ording) |
| | NPL34 | Notice of Allowance dated July 11, 2012, for related application no. 12/270,810 (Ording). |
| | NPL35 | Notice of Allowance dated October 29, 2008, for related application no. 11/956,969 (Ording). |
| | NPL36 | Office Action dated May 17, 2012, received in U.S. Application No. 12/270,812, 18 pages (Ording) |
| | NPL37 | Office Action dated May 17, 2012, received in U.S. Application No. 12/270,815, 17 pages (Ording) |
| | NPL38 | Office Action dated October 11, 2011, received in U.S. Application No. 12/270,807 (Ording). |
| | NPL39 | Office Action dated October 12, 2011, received in U.S. Application No. 12/270,810 (Ording). |
| | NPL40 | Office Action dated October 13, 2011, received in U.S. Application No. 12/270,812 (Ording). |
| | NPL41 | Office Action dated October 11, 2011, received in U.S. Application No. 12/270,815 (Ording). |
| | NPL42 | Office Action dated December 1, 2009, received in Canadian Patent Application No. 2,658,177, which corresponds to U.S. Application 11/956,969 (issued U.S. Patent 7,469,381). |
| | NPL43 | Office Action dated January 5, 2012, received in Chinese Patent Application No. 200880000019.9, which corresponds to U.S. Application No. 11/956,969, 14 pages (Ording). |
| | NPL44 | Office Action dated November 23, 2010, received in Chinese Patent Application No. 200880000019.9, which corresponds to U.S. Application No. 11/956,969 (issued U.S. Patent 7,469,381). |

| Examiner Signature | /Dennis Bonshock/ | Date Considered | 03/21/2013 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. ¹ Applicant's unique citation designation number (optional). ² See Kind Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. ³ Enter Office that issued the document, by the two-letter code (WIPO Standard ST. 3). ⁴ For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. ⁵ Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST. 16 if possible. ⁶ Applicant is to place a check mark here if English language Translation is attached.
Burden Hour Statement: This form is estimated to take 2.0 hours to complete. Time will vary depending upon the needs of the individual case. Any comments on the amount of time you are required to complete this form should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, Washington, DC 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Assistant Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

List of References Filed by Applicant and Considered ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /D.B./

| INFORMATION DISCLOSURE CITATION

Substitute for Form 1449-PTO | | | | *Electronically filed October 9, 2012* | |
|---|---|---|---|---|---|
| | | | | Application Number | *90/012,304* |
| | | | | Filing Date | *May 23, 2012* |
| | | | | First Named Inventor | *Bas Ording* |
| | | | | Art Unit | *3992* |
| | | | | Examiner Name | *BONSHOCK, DENNIS G* |
| Sheet | 8 | of | 8 | Attorney Docket Number | *P4304USREX2/12073 0-002US* |

| | | |
|---|---|---|
| | NPL45 | Office Action dated October 29, 2010, received in German Patent Application No. DE 11 2008 000 144.8-53, which corresponds to U.S. Application No. 11/956,969 (issued U.S. Patent 7,469,381). |
| | NPL46 | Office Action dated December 29, 2009, received in European Application No. 08 713 567.9, which corresponds to U.S. Application No. 11/956,969 (issued U.S. Patent 7,469,381). |
| | NPL47 | Office Action dated February 12, 2010, received in Japanese Patent Application No. 2009-544996, which corresponds to U.S. Application No. 11/956,969 (issued U.S. Patent 7,469,381). |
| | NPL48 | Office Action dated November 8, 2010, received in Japanese Patent Application No. 2009-544996, which corresponds to U.S. Application No. 11/956,969 (issued U.S. Patent 7,469,381). |
| | NPL49 | Office Action dated August 27, 2009, received in Korean Patent Application No. 10-2009-7003574, which corresponds to U.S. Application No. 11/956,969 (issued patent no. 7,469,381). |
| | NPL50 | Plaisant et all., "Touchscreen Toggle Design," Proceedings of the Conference on Human Factors in Computing Systems, Addison Wesley, US, May 3, 1992, 2 pages. |
| | NPL51 | Pleading notes Mr B.J. Berghuis van Woortman dated August 10 and 11, 2010, 16 pages. |
| | NPL52 | Pleading notes Mr Kleemans, Mr Blomme and Mr Van Oorschot dated August 10, 2011, 35 pages. |
| | NPL53 | Salmoni, "The Zooming User Interface," Advogato, August 16, 2004, http://www.advogato.org/article/788.html, 14 pages. |
| | NPL54 | Samsung Electronics GmbH/Apple Inc. Opposition dated January 30, 2012, 27 pages. |
| | NPL55 | Samsung Statement of Defense (Tablets) Also Counterclaim dated July 20, 2011, 44 pages. |
| | NPL56 | Samsung Statement of Defense (Smartphones) Also Counterclaim dated July 20, 2011, 48 pages. |
| | NPL57 | Summons dated October 28, 2011, received in European Patent Application No. 08705751.9, which corresponds to U.S. Application No. 11/968,059, 9 pages (Lamiraux). |

| Examiner Signature | /Dennis Bonshock/ | Date Considered | 03/21/2013 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. ¹ Applicant's unique citation designation number (optional). ² See Kind Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. ³ Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). ⁴ For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. ⁵ Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST. 16 if possible. ⁶ Applicant is to place a check mark here if English language Translation is attached.
Burden Hour Statement: This form is estimated to take 2.0 hours to complete. Time will vary depending upon the needs of the individual case. Any comments on the amount of time you are required to complete this form should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, Washington, DC 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Assistant Commissioner for Patents, P.O. Box 1450, Alexandria, VA  23313-1450.

List of References ~~Filed herewith (if necessary)~~   ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH.  /D.B./

PTO/SB/81 (01-09)
Approved for use through 11/30/2011. OMB 0651-0035
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| POWER OF ATTORNEY OR REVOCATION OF POWER OF ATTORNEY WITH A NEW POWER OF ATTORNEY AND CHANGE OF CORRESPONDENCE ADDRESS | |
|---|---|
| Control Number | 90/012,304 |
| Filing Date | May 23, 2012 |
| First Named Inventor | Bas ORDING |
| Title | LIST SCROLLING AND DOCUMENT TRANSLATION, SCALING, AND ROTATION ON A TOUCH-SCREEN DISPLAY |
| Art Unit | 3992 |
| Examiner Name | D. G. Bonshock |
| Attorney Docket No. | 106842803800 |

I hereby revoke all previous powers of attorney given in the above-identified application.

[ ] A Power of Attorney is submitted herewith.
**OR**

[x] I hereby appoint Practitioner(s) associated with the following Customer Number as my/our attorney(s) or agent(s) to prosecute the application identified above, and to transact all business in the United States Patent and Trademark Office connected therewith:

**20872**

**OR**

[ ] I hereby appoint Practitioner(s) named below as my/our attorney(s) or agent(s) to prosecute the application identified above, and to transact all business in the United States Patent and Trademark Office connected therewith:

| Practitioner(s) Name | Registration Number | Practitioner(s) Name | Registration Number |
|---|---|---|---|
| | | | |

Please recognize or change the correspondence address for the above-identified application to:

[x] The address associated with the above-mentioned Customer Number:
**OR**

[ ] The address associated with Customer Number:
**OR**

| [ ] Firm or Individual Name | |
|---|---|
| Address | |
| City | State | Zip |
| Country | Telephone | Email |

I am the:

[ ] Applicant/Inventor.
**OR**

[x] Assignee of record of the entire interest. See 37 CFR 3.71.
Statement under 37 CFR 3.73(b) (Form PTO/SB/96) submitted herewith or filed on _____

**SIGNATURE of Applicant or Assignee of Record**

| Signature | | Date | MAR 26 2013 |
|---|---|---|---|
| Name | BJ Watrous | Telephone | |
| Title and Company | Vice President & Chief IP Counsel, Apple Inc. | | |

NOTE: Signatures of all the inventors or assignees of record of the entire interest or their representative(s) are required. Submit multiple forms if more than one signature is required, see below*.

[x] *Total of   1   forms are submitted.

1

sf-3258536

PTO/SB/96 (07-09)
Approved for use through 07/31/2012. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

## STATEMENT UNDER 37 CFR 3.73(b)

Applicant/Patent Owner:   Bas ORDING

Control No./Patent No.:   90/012,304          Filed/Issue Date:   May 23, 2012

Titled:   LIST SCROLLING AND DOCUMENT TRANSLATION, SCALING, AND ROTATION ON A
TOUCH-SCREEN DISPLAY

Apple Inc. , a corporation
(Name of Assignee)                          (Type of Assignee, e.g., corporation, partnership, university, government agency, etc.)

states that it is:

1.  [x]  the assignee of the entire right, title, and interest in;

2.  [ ]  an assignee of less than the entire right, title, and interest in
        (The extent (by percentage) of its ownership interest is _____ %); or

3.  [ ]  an assignee of an undivided interest in the entirety of (a complete assignment from one of the joint inventors was made)
the patent application/patent identified above by virtue of either:

A.  [x]  An assignment from the inventor(s) of the patent application/patent identified above. The assignment was
        recorded in the United States Patent and Trademark Office at Reel   021397   ,
        Frame   0743   , or for which a copy thereof is attached.

OR

B.  [ ]  A chain of title from the inventor(s), of the patent application/patent identified above, to the current assignee as follows:
        1. From: _____     To: _____
           The document was recorded in the United States Patent and Trademark Office at
           Reel _____ , Frame _____ , or for which a copy thereof is attached.
        2. From: _____     To: _____
           The document was recorded in the United States Patent and Trademark Office at
           Reel _____ , Frame _____ , or for which a copy thereof is attached.
        3. From: _____     To: _____
           The document was recorded in the United States Patent and Trademark Office at
           Reel _____ , Frame _____ , or for which a copy thereof is attached.

    [ ]  Additional documents in the chain of title are listed on a supplemental sheet(s).

[x]  As required by 37 CFR 3.73(b)(1)(i), the documentary evidence of the chain of title from the original owner to the
     assignee was, or concurrently is being, submitted for recordation pursuant to 37 CFR 3.11.

     {NOTE: A separate copy (i.e., a true copy of the original assignment document(s)) must be submitted to Assignment
     Division in accordance with 37 CFR Part 3, to record the assignment in the records of the USPTO. See MEPE 302.08}

The undersigned (whose title is supplied below) is authorized to act on behalf of the assignee.

_____          MAR. 26 2013
Signature                                   Date

B.J Watrous                              Vice President & Chief IP Counsel
Printed or Typed Name                         Title

Attorney Docket No. 106842803800

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 15472436 |
| **Application Number:** | 90012304 |
| **International Application Number:** | |
| **Confirmation Number:** | 4807 |
| **Title of Invention:** | LIST SCROLLING AND DOCUMENT TRANSLATION, SCALING, AND ROTATION ON A TOUCH-SCREEN DISPLAY |
| **First Named Inventor/Applicant Name:** | 7,469,381 |
| **Customer Number:** | 108491 |
| **Filer:** | Brian B. Ho/Chereyce Brown |
| **Filer Authorized By:** | Brian B. Ho |
| **Attorney Docket Number:** | P4304USREX2/120730-002US |
| **Receipt Date:** | 09-APR-2013 |
| **Filing Date:** | 23-MAY-2012 |
| **Time Stamp:** | 20:51:46 |
| **Application Type:** | Reexam (Patent Owner) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Miscellaneous Incoming Letter | 106842803800_Transmittal.pdf | 24947<br>2338b2aa6efe51a1ca03c3de0ba1ca9b0f1615b | no | 1 |

**Warnings:**

**Information:**

| 2 | Power of Attorney | P4304USREX2_Revocation_New_POA.pdf | 748930 | no | 1 |
| | | | b4c32f5e6c337cd3e24804bdaf517245a680c51c | | |

**Warnings:**

**Information:**

| 3 | Assignee showing of ownership per 37 CFR 3.73. | P4304USREX2_37_CFR_3_73_b.pdf | 695961 | no | 1 |
| | | | e17e01b88df1d0b7f56ca18dd455c6001de05f27 | | |

**Warnings:**

**Information:**

| **Total Files Size (in bytes):** | 1469838 |
| --- | --- |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

PTO/SB/21 (07-09)
Approved for use through 07/31/2012.  OMB 0651-0031
U.S. Patent and Trademark Office;  U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| | |
|---|---|
| | **Control Number**     90/012,304 |
| **TRANSMITTAL FORM** | **Filing Date**     May 23, 2012 |
| | **First Named Inventor**     Bas ORDING |
| | **Art Unit**     3992 |
| | **Examiner Name**     D. G. Bonshock |
| *(to be used for all correspondence after initial filing)* | |
| Total Number of Pages in This Submission    3 | **Attorney Docket Number**     106842803800 |

## ENCLOSURES  *(Check all that apply)*

- [ ] Fee Transmittal Form
  - [ ] Fee Attached
- [ ] Amendment/Reply
  - [ ] After Final
  - [ ] Affidavits/declaration(s)
- [ ] Extension of Time Request
- [ ] Express Abandonment Request
- [ ] Information Disclosure Statement
- [ ] Certified Copy of Priority Document(s)
- [ ] Reply to Missing Parts/ Incomplete Application
  - [ ] Reply to Missing Parts under 37 CFR 1.52 or 1.53

- [ ] Drawing(s)
- [ ] Licensing-related Papers
- [ ] Petition
- [ ] Petition to Convert to a Provisional Application
- [x] Power of Attorney, Revocation Change of Correspondence Address (1 page)
- [ ] Terminal Disclaimer
- [ ] Request for Refund
- [ ] CD, Number of CD(s) _____
  - [ ] Landscape Table on CD

- [ ] After Allowance Communication to TC
- [ ] Appeal Communication to Board of Appeals and Interferences
- [ ] Appeal Communication to TC **(Appeal Notice, Brief, Reply Brief)**
- [ ] Proprietary Information
- [ ] Status Letter
- [x] Other Enclosure(s) (please Identify below):
  1. Statement under 37 CFR 3.73(b) (1 page)

Remarks

## SIGNATURE OF APPLICANT, ATTORNEY, OR AGENT

| | |
|---|---|
| Firm Name | MORRISON & FOERSTER LLP (Customer No. 20872) |
| Signature | /Brian B. Ho/ |
| Printed name | Brian B. Ho |
| Date | April 9, 2013      Reg. No.    60,199 |

I hereby certify that this paper is being transmitted via the Office electronic filing system in accordance with § 1.6(a)(4).

Dated: April 9, 2013       Signature:   /Chereyce Brown/ _____ (Chereyce Brown)

sf-3272144



# UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov



Bib Data Sheet

**CONFIRMATION NO. 4807**

| SERIAL NUMBER 90/012,304 | FILING OR 371(c) DATE 05/23/2012 RULE | CLASS 715 | GROUP ART UNIT 3992 | ATTORNEY DOCKET NO. P4304USREX2/120730-002US |
|---|---|---|---|---|

**APPLICANTS**
> 7,469,381, Residence Not Provided;
> APPLE INC. (OWNER), CUPERTINO, CA;
> JOSEPH J. RICHETTI (3RD PTY. REQ.), NEW YORK, NY;
> BRYAN CAVE LLP, NEW YORK, NY

** CONTINUING DATA ***************************
> This application is a REX of 11/956,969 12/14/2007 PAT 7469381
> which claims benefit of 60/879,253 01/07/2007
> and claims benefit of 60/883,801 01/07/2007
> and claims benefit of 60/879,469 01/08/2007
> and claims benefit of 60/945,858 06/22/2007
> and claims benefit of 60/946,971 06/28/2007
> and claims benefit of 60/937,993 06/29/2007

** FOREIGN APPLICATIONS *********************

| Foreign Priority claimed ☐ yes ☐ no 35 USC 119 (a-d) conditions met ☐ yes ☐ no ☐ Met after Allowance Verified and Acknowledged _____ Examiner's Signature _____ Initials | STATE OR COUNTRY | SHEETS DRAWING | TOTAL CLAIMS 20 | INDEPENDENT CLAIMS 3 |
|---|---|---|---|---|

**ADDRESS**
20872

**TITLE**
LIST SCROLLING AND DOCUMENT TRANSLATION, SCALING, AND ROTATION ON A TOUCH-SCREEN DISPLAY

| FILING FEE RECEIVED 2520 | FEES: Authority has been given in Paper No. _____ to charge/credit DEPOSIT ACCOUNT No. _____ for following: | ☐ All Fees |
|---|---|---|
| | | ☐ 1.16 Fees ( Filing ) |
| | | ☐ 1.17 Fees ( Processing Ext. of time ) |
| | | ☐ 1.18 Fees ( Issue ) |
| | | ☐ Other _____ |
| | | ☐ Credit |



### UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING OR 371(C) DATE | FIRST NAMED APPLICANT | ATTY. DOCKET NO./TITLE |
|---|---|---|---|
| 90/012,304 | 05/23/2012 | 7,469,381 | P4304USREX2/120730-002US |

108491
Apple Inc. and Goldberg, Lowenstein
& Weatherwax LLP
11400 W. Olympic Blvd.
Suite 400
Los Angeles, CA 90064

**CONFIRMATION NO. 4807**
**POWER OF ATTORNEY NOTICE**


*OC000000060367295*

Date Mailed: 04/11/2013

## NOTICE REGARDING CHANGE OF POWER OF ATTORNEY

This is in response to the Power of Attorney filed 04/09/2013.

• The Power of Attorney to you in this application has been revoked by the assignee who has intervened as provided by 37 CFR 3.71. Future correspondence will be mailed to the new address of record(37 CFR 1.33).

/jawhitfield/

_____

Office of Data Management, Application Assistance Unit (571) 272-4000, or (571) 272-4200, or 1-888-786-0101



### UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING OR 371(C) DATE | FIRST NAMED APPLICANT | ATTY. DOCKET NO./TITLE |
|---|---|---|---|
| 90/012,304 | 05/23/2012 | 7,469,381 | P4304USREX2/120730-002US |

CONFIRMATION NO. 4807

**POA ACCEPTANCE LETTER**

20872
MORRISON & FOERSTER LLP
425 MARKET STREET
SAN FRANCISCO, CA 94105-2482


*OC000000060367317*

Date Mailed: 04/11/2013

## NOTICE OF ACCEPTANCE OF POWER OF ATTORNEY

This is in response to the Power of Attorney filed 04/09/2013.

The Power of Attorney in this application is accepted. Correspondence in this application will be mailed to the above address as provided by 37 CFR 1.33.

/jawhitfield/

_____

Office of Data Management, Application Assistance Unit (571) 272-4000, or (571) 272-4200, or 1-888-786-0101

page 1 of 1

PTO/SB/21 (07-09)
Approved for use through 07/31/2012.  OMB 0651-0031
U.S. Patent and Trademark Office;  U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# TRANSMITTAL FORM

*(to be used for all correspondence after initial filing)*

| | |
|---|---|
| Control No. | 90/012,304 |
| Filing Date | May 23, 2012 |
| First Named Inventor | Bas ORDING |
| Art Unit | 3992 |
| Examiner Name | D. G. Bonshock |
| Attorney Docket Number | 106842803800 |

| Total Number of Pages in This Submission | 6 |
|---|---|

## ENCLOSURES  *(Check all that apply)*

- [ ] Fee Transmittal Form
  - [ ] Fee Attached
- [ ] Amendment/Reply
  - [ ] After Final
  - [ ] Affidavits/declaration(s)
- [ ] Extension of Time Request
- [ ] Express Abandonment Request
- [ ] Information Disclosure Statement
- [ ] Certified Copy of Priority Document(s)
- [ ] Reply to Missing Parts/ Incomplete Application
  - [ ] Reply to Missing Parts under 37 CFR 1.52 or 1.53

- [ ] Drawing(s)
- [ ] Licensing-related Papers
- [ ] Petition
- [ ] Petition to Convert to a Provisional Application
- [ ] Power of Attorney, Revocation Change of Correspondence Address
- [ ] Terminal Disclaimer
- [ ] Request for Refund
- [ ] CD, Number of CD(s)
  - [ ] Landscape Table on CD

Remarks

- [ ] After Allowance Communication to TC
- [ ] Appeal Communication to Board of Appeals and Interferences
- [ ] Appeal Communication to TC **(Appeal Notice, Brief, Reply Brief)**
- [ ] Proprietary Information
- [ ] Status Letter
- [x] Other Enclosure(s) (please Identify below):

  1.  Proposed Interview Agenda (4 pages)
  2.  Certificate of Service (1 page)

## SIGNATURE OF APPLICANT, ATTORNEY, OR AGENT

| | |
|---|---|
| Firm Name | MORRISON & FOERSTER LLP (Customer No. 20872) |
| Signature | /Brian B. Ho/ |
| Printed name | Brian B. Ho |
| Date | May 3, 2013 |

| | Reg. No. | 60,199 |
|---|---|---|

I hereby certify that this paper is being transmitted via the Office electronic filing system in accordance with § 1.6(a)(4).

Dated: May 3, 2013          Signature:   /Chereyce Brown/                                      (Chereyce Brown)

sf-3281825

EX PARTE REEXAMINATION                          Docket No. 106842803800

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Ex Parte Re-Examination of:
U.S. Patent No. 7,469,381

Control No.: 90/012,304                         Confirmation No.: 4807

Filed: May 23, 2012                             Art Unit: 3992

For:  LIST SCROLLING AND DOCUMENT               Examiner: Bonshock, Dennis G.
      TRANSLATION, SCALING, AND ROTATION
      ON A TOUCH-SCREEN DISPLAY

## REQUEST FOR PERSONAL INTERVIEW AND PROPOSED INTERVIEW AGENDA

MS Ex Parte Reexam
Central Reexamination Unit
Commissioner for Patents
P.O. Box 1450
Alexandria, VA  22313-1450

Patent Owner requests the courtesy of a personal Examiner Interview, between May 9 and May 17 (or other date convenient for the Patent Office prior to May 29, 2013), to discuss issues pertinent to the above-referenced pending reexamination, including issues raised in the Final Office Action dated March 29, 2013.

In conjunction with the request, Patent Owner proposes the following agenda for the interview:

- Introduction of the Examiner(s)

- Introduction of attendees for Patent Owner:

    o  Jason Skinder, Senior Patent Counsel for Apple, Inc.

    o  Peter Yim, Partner at Morrison & Foerster LLP

    o  Brian Ho, Of Counsel at Morrison & Foerster LLP

Control No.: 90/012,304 2 Docket No. 106842803800

- Patentability of claim 19 in view of Lira

Claim 19 is an apparatus claim directed to a device having one or more programs that include specifically recited instructions. In particular, the one or more programs of the device of claim 19 include "instructions for translating the electronic document in a second direction until the area beyond the edge of the electronic document is no longer displayed. . . in response to detecting that the object is no longer on or near the touch screen display" (hereinafter, the "instructions for second direction translation limitation").

Patent Owner requests the courtesy of an interview to discuss the Patent Office's views on the proper broadest reasonable construction of the instructions for second direction translation limitation and the effect of this limitation on the patentability of claim 19 in view of Lira.

The broadest reasonable construction of the instructions for second direction translation limitation

Patent Owner believes that even under the broadest reasonable construction, the instructions for second direction translation limitation requires instructions that not only specify the particular command (*i.e.,* translation in the second direct) and the particular start condition (*i.e.*, no longer detecting the object), but also specify the recited stop condition. As required by the language of the limitation, the instructions for translating in the second direction also specify the condition for stopping translation: "until the area beyond the edge of the electronic document is no longer displayed." Put another way, the recited instructions are directed to a translation command with a particular start condition and a particular stop condition.

A person of ordinary skill in the art would recognize the significance of specifying a stop condition for translation in the second direction. Unlike translation in the first direction, which is terminated by detecting that the object is no longer on the touch screen, there is no input-based stop condition specified in claim 19 for ending translation in the second direction. Rather, claim 19 specifies that translation in the second direction is terminated based on determining that the area beyond the edge is no longer displayed. Once the stop condition is met, translation ends. Specifying a stop condition is also necessary for determining when to make the recited comparison

Control No.: 90/012,304                        3                        Docket No. 106842803800

between the fourth and first portions, so as to determine if the portions are different, as recited in claim 19.

<u>The relevance to Lira of the proper broadest reasonable construction</u>

Patent Owner believes that Lira fails to disclose a device of claim 19 under the broadest reasonable construction discussed above. Moreover, Lira fails to do so, regardless of whether an internal boundary of a document is or is not an edge of an electronic document, as claimed. The Office Action cites to Lira at page 15 for a disclosure of the instructions for second direction translation limitation, based on Lira's snap-to-nearest column function. (Office Action at pages 9-10.) While this function has a stop condition, the stop condition for Lira's snap-to-nearest column function is <u>not</u> based on the edge of an electronic document, even if the edge of the column is assumed to be an edge of electronic document. Rather, Lira makes clear that the stop condition is <u>centering of the column</u>. (Lira at page 15, lines 23-25.) Stopping translation based on the column being centered is substantially different than stopping based on the area beyond the edge no longer being displayed.

Notably, claim 19 requires <u>instructions</u> for translating in the second direction with the specified stop condition: mere incidental achievement of the same visual result (the area beyond the edge no longer being displayed) does not equate to disclosing the specific instructions recited in claim 19. Accordingly, the Office Action's focus on Lira's disclosure of a logical column having a width equal to the display window width would, at best, merely equate to a disclosure of the visual result of the area beyond the edge no longer being displayed, without any disclosure or even suggestion of an edge-based stop condition in instructions of a device. Thus, while Lira discloses variable width for its logical column (*i.e.*, less than or equal to display width), Lira discloses a singular, fixed stop condition for its snap-to-column translation: centering of the logical column.

<u>Request for interview</u>

Patent Owner requests the courtesy of a personal interview to discuss the issues outlined above. Patent Owner believes that these issues are highly pertinent to the patentability of at least claim 19 and disposal of the reexamination. Moreover, Patent Owner believes that these issues,

Control No.: 90/012,304                4                Docket No. 106842803800

particularly the broadest reasonable construction of the instructions for second direction translation limitation, have not been discussed in detail on the record. Accordingly, Patent Owner believes that the requested interview meets the guidelines set forth in MPEP 713.09 for interviews after final rejection.

Dated: <u>May 3, 2013</u>                Respectfully submitted,

By _____<u>/Peter J. Yim/</u>_____
Peter J. Yim
    Registration No.: 44,417
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
(415) 268-6373

sf-3281305

EX PARTE REEXAMINATION                                    Docket No. 106842803800

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Ex Parte Reexamination of:
U.S. Patent No. 7,469,381

Control No.: 90/012,304                          Confirmation No.: 4807

Filed: May 23, 2012                              Art Unit: 3992

For:  LIST SCROLLING AND DOCUMENT                Examiner: D. G. Bonshock
        TRANSLATION, SCALING, AND ROTATION
        ON A TOUCH-SCREEN DISPLAY

### CERTIFICATE OF SERVICE

MS Ex Parte Reexam
Central Reexamination Unit
Commissioner for Patents
P.O. Box 1450
Alexandria, VA  22313-1450


        Pursuant to 37 C.F.R. § 1.248, the undersigned, on behalf of Patent Owner, hereby certifies

that a copy of the following documents:

        1.  Transmittal (1 page); and

        2.  Proposed Interview Agenda (4 pages)


were served on the Third Party Requester at the following address:

            Joseph J. Richetti
            BRYAN CAVE LLP
            1290 Avenue of the Americas
            New York, New York 10104

provided for in § 1.33(c) via first class mail on May 3, 2013.



                            By _____/Brian B. Ho /_____
                            Brian B. Ho
                            Registration No. 60,199
                            MORRISON & FOERSTER LLP
                            425 Market Street
                            San Francisco, California  94105-2482
                            Attorneys for Apple Inc.

1

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 15691825 |
| **Application Number:** | 90012304 |
| **International Application Number:** | |
| **Confirmation Number:** | 4807 |
| **Title of Invention:** | LIST SCROLLING AND DOCUMENT TRANSLATION, SCALING, AND ROTATION ON A TOUCH-SCREEN DISPLAY |
| **First Named Inventor/Applicant Name:** | 7,469,381 |
| **Customer Number:** | 20872 |
| **Filer:** | Brian B. Ho/Chereyce Brown |
| **Filer Authorized By:** | Brian B. Ho |
| **Attorney Docket Number:** | P4304USREX2/120730-002US |
| **Receipt Date:** | 03-MAY-2013 |
| **Filing Date:** | 23-MAY-2012 |
| **Time Stamp:** | 21:16:28 |
| **Application Type:** | Reexam (Patent Owner) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Transmittal Letter | 106842803800_Transmittal.pdf | 24956<br>85127e0a8a53afe30aeaa55b926d0e24ae4dd3f6 | no | 1 |

**Warnings:**

**Information:**

| 2 | Reexam Miscellaneous Incoming Letter | 106842803800-Proposed_Interview_Agenda.pdf | 26127<br>8235ec97a46a973cd1e2c3c49d55f1e540bf1499 | no | 4 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 3 | Reexam Certificate of Service | 106842803800_Certificate_of_Service.pdf | 15906<br>53cb5a434eda896841ab72a35a57c75442f2bab8 | no | 1 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| **Total Files Size (in bytes):** | 66989 |
|---|---|

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

EX PARTE RE-EXAMINATION                           Docket No. 106842803800

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Ex Parte Re-Examination of:
U.S. Patent No. 7,469,381

Control No.: 90/012,304                      Confirmation No.: 4807

Filed: May 23, 2012                          Art Unit: 3992

For:  LIST SCROLLING AND DOCUMENT            Examiner: D. G. Bonshock
      TRANSLATION, SCALING, AND ROTATION
      ON A TOUCH-SCREEN DISPLAY

## RESPONSE TO FINAL OFFICE ACTION IN EX PARTE REEXAMINATION

MS Ex Parte Reexam
Central Reexamination Unit
Commissioner for Patents
P.O. Box 1450
Alexandria, VA  22313-1450

Dear Madam:

### INTRODUCTORY COMMENTS

    This is in response to the Final Office Action dated March 29, 2013 (hereinafter the "Office Action").  A response was initially due on May 29, 2013.  Accordingly, this response is timely filed. Reconsideration and allowance of the claims under reexamination, in light of the remarks presented herein, are respectfully requested.

    **Remarks/Arguments** begin on page **2** of this paper.

Control No.: 90/012,304                    2                    Docket No. 106842803800

# REMARKS

Claims 1-20 of U.S. Patent No. 7,469,381 (hereinafter the "'381 Patent") are subject to reexamination.  Claims 1-13, 15, 16, 19, and 20 stand rejected.  Claims 14, 17, and 18 are confirmed.

## I.      SUBSTANCE OF THE INTERVIEW

Patent Owner Apple Inc. (hereinafter "Patent Owner") thanks Examiner Dennis Bonshock, Supervisory Examiner Alexander Kosowski, and Examiner Adam Basehoar for the courtesy of the personal interview on May 9, 2013.  In addition to the Examiners, Jason Skinder, Peter Yim, and Brian Ho were present for the interview representing Patent Owner.  No exhibits were presented or demonstrations conducted.  All of the rejected claims were discussed, with claim 19 being discussed in particular.  Reference WO 03/081458 ("Lira") was also discussed.  Patent Owner's representatives presented arguments substantially similar to those presented herein.  The Examiners expressly requested a discussion of the original support for the final limitation of claim 19, which Patent Owner provides herein.

No final agreement on patentability was reached during the interview.

## II.     REJECTION A:  CLAIMS 1-6, 8-12, 16, 19, AND 20 AS BEING ANTICIPATED BY LIRA

Claims 1-6, 8-12, 16, 19, and 20 stand rejected under 35 U.S.C. § 102(b) as anticipated by Lira.  Patent Owner respectfully submits that Lira does not disclose each element of any rejected claim.

In light of the interview, Patent Owner hereby addresses the patentability of claim 19, before turning to the remaining rejected claims.

sf-3276522

Control No.: 90/012,304           3           Docket No. 106842803800

**A.     Claim 19:  Lira does not disclose a device having "instructions for translating the electronic document in a second direction until the area beyond the edge of the electronic document is no longer displayed"**

Claim 19 is directed to a device having one or more programs that include specifically recited instructions. In particular, the one or more programs of the device of claim 19 include "instructions for translating the electronic document in a second direction until the area beyond the edge of the electronic document is no longer displayed".

As discussed in the interview, Patent Owner asserts that, even under the broadest reasonable construction standard, a person of ordinary skill in the art would understand that a device of claim 19 must include **instructions** for performing translation in the second direction with the recited **stop condition** (*i.e.*, "until the area beyond the edge of the electronic document is no longer displayed"). Further, the person of ordinary skill would understand that incidentally achieving a similar visual result, based on a different stop condition, is neither an express nor inherent disclosure of the required instructions. Lira discloses a centering function. Thus, Lira fails to disclose, explicitly or inherently, instructions for translation in the second direction with the stop condition (*i.e.*, "until the area beyond the edge of the electronic document is no longer displayed") recited in claim 19.

*1.     Claim 19 requires executable program instructions*

As discussed in the interview, Patent Owner asserts that claim 19 requires executable program instructions rather than just a result achieved on the screen of a device. In particular, claim 19 recites, "[a] device comprising . . . one or more programs, wherein the one or more programs are stored in the memory and configured to be executed by the one or more processors". Each of the recited "instructions" is included in the one or more programs.

*2.     The broadest reasonable construction of the "instructions for translating the electronic document in a second direction until the area beyond the edge of the electronic document is no longer displayed" limitation*

Patent Owner asserts that even under the broadest reasonable construction, the final instructions of claim 19 require executable program instructions that not only specify the particular

Control No.: 90/012,304                    4                    Docket No. 106842803800

command (*i.e.*, translation in the second direction), but also specify a particular stop condition (*i.e.*, "until the area beyond the edge of the electronic document is no longer displayed").

A person of ordinary skill in the art would recognize the significance of specifying a stop condition for translation in the second direction in a device operating based on executable program instructions. Unlike translation in the first direction, which is terminated by detecting that the object is no longer on the touch screen (*i.e.*, user input), there is no input-based stop condition specified in claim 19 for ending translation in the second direction. Rather, the device of claim 19 includes instructions specifying that translation in the second direction is terminated based on determining that the area beyond the edge is no longer displayed. In operation, the device of claim 19 would stop translation once the stop condition is met, based on the recited instructions.

In summary, a device of claim 19 must include executable program instructions having the recited translation stop condition of "until the area beyond the edge of the electronic document is no longer displayed".

> 3.     *Originally filed claim 19 included the "instructions for translating the electronic document in a second direction until the area beyond the edge of the electronic document is no longer displayed" limitation*

As noted by Patent Owner's representatives in the interview, originally filed claim 19 recited:

> [I]nstructions for translating the document in a second direction until the area beyond the edge of the document is no longer displayed, after the object is no longer detected on or near the touch screen display.

As is the case for issued claim 19, original claim 19 also made clear that the recited "instructions" are directed to more than just a result achieved on the screen of the device. In both the original and issued claim 19, each of the "instructions" are part of "one or more programs [] stored in the memory and configured to be executed by the one or more processors [of the device]". The final element of claim 19 was amended during prosecution to include language relating to various portions, but the amendment does not alter the recited stop condition ("until the area beyond the edge of the electronic document is no longer displayed") nor the fact that the stop condition is a

sf-3276522

part of executable program instructions.  (*See* Notice of Allowance dated October 29, 2008, in App. No. 11/956,969.)

Similarly, the originally filed specification included descriptions of program instructions consistent with the ordinary meaning of program instructions, as they are used in the claims.  *See*, *e.g.*, Specification filed December 14, 2007, at paragraphs [0009], [0012], [0013], and [0100].  As such, one of ordinary skill would recognize that the instructions for translation in the second direction, as with all of the instructions recited in claim 19, are directed to elements of a computer program, rather than merely to a result achieved on the screen of the device of claim 19.

> ### 4.    *Lira does not disclose executable program instructions having the recited translation stop condition of "until the area beyond the edge of the electronic document is no longer displayed"*

Patent Owner asserts that Lira fails to disclose, explicitly or inherently, a device of claim 19 under the broadest reasonable construction discussed above.  Moreover, Lira fails to do so, regardless of whether an internal boundary of a document is or is not an edge of an electronic document, as claimed.  The Office Action cites to Lira at page 15 for disclosure of translation in a second direction, based on Lira's snap-to-nearest column function.  (Office Action at pages 9-10.)  Lira's snap-to-nearest column function does not include a stop condition of "until the area beyond the edge of the electronic document is no longer displayed".

Rather, Lira makes clear that the stop condition for the function is based on centering of the column: "the display 1205 **centers** the logical column 1210 as the pen 1200 is lifted from the screen".  (Lira at page 15, lines 23-25 (emphasis added).)  Stopping translation based on the column being centered is substantially different than stopping based on the area beyond the edge no longer being displayed.

Moreover, Lira's centering-based stop condition is wholly consistent with the remainder of its disclosure.  Lira makes clear that its logical columns may be sized so as to be "less than or equal to the display window width".  (Lira at page 11, lines 10-11.  *See also* Lira at page 1, lines 22-23; and page 2, lines 1-3.)  In instances when the column is sized less than the width of the display, a

Control No.: 90/012,304                6                Docket No. 106842803800

centering-based stop condition would ensure that the column is "snap[ped] into alignment" with the middle of the display, rather than being skewed to one side.  Lira makes no mention or suggestion of employing a different stop conditions, based on logical column width.  This is also consistent with the description of the manual actions taken by the user that the snap-to-nearest column function is meant to replace: "the user manually **centers** the desired column in the display window 1205 by making one or more left or right corrections to the stylus 1200".  (Lira at page 14, lines 25-28 (emphasis added).)

In view of Lira's unequivocal disclosure of a centering-based stop condition, Lira's description of its snap-to-column function as "caus[ing] the logical column 1220 to snap into alignment with the display window 1205 as the user stops scrolling" is merely a disclosure of the incidental visual result of translating until the edge of column 1220 is aligned with the screen, without being a disclosure of instructions having a stop condition of "until the area beyond the edge of the electronic document is no longer displayed".  Notably, this incidental result only occurs when the width of the column corresponds to the width of the display, as Lira leaves no ambiguity as to the centering-based stop condition used in the snap-to-nearest column function.

Accordingly, Patent Owner asserts that Lira fails to expressly or inherently disclose a device having executable program instructions having the recited translation stop condition of "until the area beyond the edge of the electronic document is no longer displayed", as required by claim 19.

### B.        Claim 20 is also clearly directed to computer instructions

Claim 20 is directed to a computer readable storage medium having stored therein instructions that cause a device to perform the recited functions.  As such, Patent Owner asserts that the arguments presented above with respect to claim 19 are fully applicable to claim 20, as well.

Accordingly, Patent Owner asserts that Lira fails to expressly or inherently disclose computer readable medium having executable program instructions for translating in a second direction with the stop condition of "until the area beyond the edge of the electronic document is no longer displayed", as required by claim 20.

sf-3276522

### C.     Claims 1-6, 8-12, and 16:  Lira does not expressly or inherently teach every limitation of the claims

> *1.     Claim 1 also includes the stop condition of "until the area beyond the edge of the electronic document is no longer displayed"*

Patent Owner notes that rejected claim 1 (from which claims 2-6, 8-12, and 16 depend) clearly requires stopping translation in the second direction based on "until the area beyond the edge of the electronic document is no longer displayed", as is the case for claim 19.

While claim 1 does not recite executable program instructions, Patent Owner asserts that a person of ordinary skill in the art would understand that "a computer-implemented method" performing translation by a computer after the end of user input requires programming instructions to terminate the translation, as a computer would not do so in the absence of both user input and existing instructions.  As discussed above, translation in the second direction differs significantly from translation in the first direction, which is responsive to user input provided by movement of an object and stops based on that movement ending.

As such, Patent Owner submits that a person of ordinary skill in the art would construe the computer-implemented step of "translating the electronic document in the second direction until the area beyond the edge of the electronic document is no longer displayed" as clearly requiring that the step be carried out by executable program instructions having the particularly recited stop condition. While Lira's snap-to-column function incidentally achieves the visual result of translating in the second direction "until the area beyond the edge of the electronic document is no longer displayed" (only when the width of the column corresponds to the width of the display), Lira's function clearly does so through the use of executable program instructions having a different stop condition based on centering of the column.

> *2.     Lira also fails to disclose each and every limitation of 1-6, 8-12, and 16 for the reasons discussed in the response of January 15, 2013.*

Patent Owner also maintains that Lira fails to disclose each and every limitation of rejected claim 1 (from which claims 2-6, 8-12, and 16 depend) for the reasons stated in the response dated January 15, 2013, which is hereby incorporated by reference.

Control No.: 90/012,304                    8                    Docket No. 106842803800

### D. Conclusion with respect to 35 U.S.C. § 102(b): Lira does not anticipate any claim of the '381 Patent

For the reasons stated above, Lira does not anticipate any of the pending claims under reexamination. Patent Owner therefore respectfully requests that the rejections of claims 1-6, 8-12, 16, 19 and 20 under 35 U.S.C. § 102(b) as anticipated by Lira be withdrawn.

## III. REJECTION B: CLAIMS 7, 13, AND 15 AS BEING OBVIOUS OVER LIRA

Claims 7, 13 and 15 stand rejected under 35 U.S.C. § 103(a) as being unpatentable over Lira. Patent Owner respectfully submits that Lira does not teach or suggest each element of any rejected claim.

### A. Lira does not suggest instructions having the recited translation stop condition of "until the area beyond the edge of the electronic document is no longer displayed"

As discussed above, a person of ordinary skill in the art would understand that claim 1, from which rejected claims 7, 13, and 15 depend, requires instructions having the recited translation stop condition of "until the area beyond the edge of the electronic document is no longer displayed", by virtue of the method being a "computer-implemented method".

Nothing in Lira, the general state of the art, or the Office Action (including the portions of the Request incorporated by reference at page 21 of the Office Action) suggests modifying the clear centering-based stop condition of Lira to arrive at instructions having the recited translation stop condition of "until the area beyond the edge of the electronic document is no longer displayed".

### B. Lira does not render the rejected claims obvious for the reasons discussed in the response of January 15, 2013.

Patent Owner also maintains that Lira fails to render claims 7, 13, and 15 obvious for the reasons stated in the response dated January 15, 2013, which is hereby incorporated by reference.

sf-3276522

Control No.: 90/012,304                    9                    Docket No. 106842803800

    **C.**    **Conclusion with respect to 35 U.S.C. § 103(a):  Claims 7, 13, and 15 are not obvious in view of Lira**

    For the reasons stated above, Lira does not render obvious any of the pending claims under reexamination.  Patent Owner therefore respectfully requests that the rejections of claims 7, 13, and 15 under 35 U.S.C. § 103(a) as unpatentable over Lira be withdrawn.

**IV.**    **Confirmation of claims 14, 17, and 18**

    Patent Owner thanks the Examiner for confirmation of claims 14, 17, and 18.

Control No.: 90/012,304                10                Docket No. 106842803800

## CONCLUSION

In view of the preceding, Patent Owner believes that each of the claims under reexamination is in immediate condition for allowance.  Accordingly, Patent Owner respectfully requests that the Examiner withdraw the outstanding rejections of the claims and issue a reexamination certificate.  If the Examiner determines that a telephone conference would expedite the prosecution of this application, Patent Owner invites the Examiner to telephone the undersigned at the number provided below.

In the event the U.S. Patent and Trademark office determines that an extension and/or other relief is required, Patent Owner petitions for any required relief including extensions of time and authorizes the Commissioner to charge the cost of such petitions and/or other fees due in connection with the filing of this document to **Deposit Account No. 03-1952** referencing **Docket No. 106842803800**.  However, the Commissioner is not authorized to charge the cost of the issue fee to the Deposit Account.

Dated:  <u>May 13, 2013</u>                Respectfully submitted,

                                By /Peter J. Yim/
                                Peter J. Yim
                                   Registration No.: 44,417
                                MORRISON & FOERSTER LLP
                                425 Market Street
                                San Francisco, California  94105-2482
                                (415) 268-6373

EX PARTE REEXAMINATION                                    Docket No. 106842803800

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Ex Parte Reexamination of:
U.S. Patent No. 7,469,381

Control No.: 90/012,304                          Confirmation No.: 4807

Filed: May 23, 2012                              Art Unit: 3992

For:  LIST SCROLLING AND DOCUMENT               Examiner: D. G. Bonshock
      TRANSLATION, SCALING, AND ROTATION
      ON A TOUCH-SCREEN DISPLAY

## CERTIFICATE OF SERVICE

MS Ex Parte Reexam
Central Reexamination Unit
Commissioner for Patents
P.O. Box 1450
Alexandria, VA  22313-1450


Pursuant to 37 C.F.R. § 1.248, the undersigned, on behalf of Patent Owner, hereby certifies

that a copy of the following documents:

      1.  Transmittal (1 page); and

      2.  Response to Final Office Action (10 pages)


were served on the Third Party Requester at the following address:

        Joseph J. Richetti
        BRYAN CAVE LLP
        1290 Avenue of the Americas
        New York, New York 10104

provided for in § 1.33(c) via first class mail on May 13, 2013.


By _____/Brian B. Ho/_____
Brian B. Ho
Registration No. 60,199
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Attorneys for Apple Inc.

sf-3284973

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 15764411 |
| **Application Number:** | 90012304 |
| **International Application Number:** | |
| **Confirmation Number:** | 4807 |
| **Title of Invention:** | LIST SCROLLING AND DOCUMENT TRANSLATION, SCALING, AND ROTATION ON A TOUCH-SCREEN DISPLAY |
| **First Named Inventor/Applicant Name:** | 7,469,381 |
| **Customer Number:** | 20872 |
| **Filer:** | Brian B. Ho/Chereyce Brown |
| **Filer Authorized By:** | Brian B. Ho |
| **Attorney Docket Number:** | P4304USREX2/120730-002US |
| **Receipt Date:** | 13-MAY-2013 |
| **Filing Date:** | 23-MAY-2012 |
| **Time Stamp:** | 20:33:23 |
| **Application Type:** | Reexam (Patent Owner) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Trans Letter filing of a response in a reexam | 106842803800_Transmittal.pdf | 24951 3d7cdd359ca154affd65625d06316818bccdd37d | no | 1 |

**Warnings:**

**Information:**

| 2 | Reexam Response to Final Rejection | 106842803800_Response_to_Final_Office_Action.pdf | 51074 284cfc50c8567f71c6a8df909e3c7b2b55ca3072c | no | 10 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 3 | Reexam Certificate of Mailing | 106842803800_Certificate_of_Service.pdf | 15912 0dc21e8e0356d51df55719b4821e6a1e7e8da7b | no | 1 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| Total Files Size (in bytes): | 91937 |
|---|---|

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

PTO/SB/21 (07-09)
Approved for use through 07/31/2012. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# TRANSMITTAL FORM

*(to be used for all correspondence after initial filing)*

| Control No. | 90/012,304 |
|---|---|
| Filing Date | May 23, 2012 |
| First Named Inventor | Bas ORDING |
| Art Unit | 3992 |
| Examiner Name | D. G. Bonshock |
| Attorney Docket Number | 106842803800 |

| Total Number of Pages in This Submission | 12 |
|---|---|

## ENCLOSURES  *(Check all that apply)*

- [ ] Fee Transmittal Form
  - [ ] Fee Attached
- [x] Amendment/Reply (10 pages)
  - [x] After Final
  - [ ] Affidavits/declaration(s)
- [ ] Extension of Time Request
- [ ] Express Abandonment Request
- [ ] Information Disclosure Statement
- [ ] Certified Copy of Priority Document(s)
- [ ] Reply to Missing Parts/ Incomplete Application
  - [ ] Reply to Missing Parts under 37 CFR 1.52 or 1.53

- [ ] Drawing(s)
- [ ] Licensing-related Papers
- [ ] Petition
- [ ] Petition to Convert to a Provisional Application
- [ ] Power of Attorney, Revocation Change of Correspondence Address
- [ ] Terminal Disclaimer
- [ ] Request for Refund
- [ ] CD, Number of CD(s) _____
  - [ ] Landscape Table on CD

Remarks

- [ ] After Allowance Communication to TC
- [ ] Appeal Communication to Board of Appeals and Interferences
- [ ] Appeal Communication to TC **(Appeal Notice, Brief, Reply Brief)**
- [ ] Proprietary Information
- [ ] Status Letter
- [x] Other Enclosure(s) (please Identify below):
  1. Certificate of Service (1 page)

## SIGNATURE OF APPLICANT, ATTORNEY, OR AGENT

| Firm Name | MORRISON & FOERSTER LLP (Customer No. 20872) | | |
|---|---|---|---|
| Signature | /Brian B. Ho/ | | |
| Printed name | Brian B. Ho | | |
| Date | May 13, 2013 | Reg. No. | 60,199 |

I hereby certify that this paper is being transmitted via the Office electronic filing system in accordance with § 1.6(a)(4).

Dated: May 13, 2013          Signature: /Chereyce Brown/ _____ (Chereyce Brown)

sf-3284963

PTO/SB/21 (07-09)
Approved for use through 07/31/2012. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# TRANSMITTAL FORM

*(to be used for all correspondence after initial filing)*

| | |
|---|---|
| Control No. | 90/012,304 |
| Filing Date | May 23, 2012 |
| First Named Inventor | Bas ORDING |
| Art Unit | 3992 |
| Examiner Name | D. G. Bonshock |
| Attorney Docket Number | 106842803800 |

| Total Number of Pages in This Submission | 8 |
|---|---|

## ENCLOSURES  *(Check all that apply)*

- [ ] Fee Transmittal Form
  - [ ] Fee Attached
- [ ] Amendment/Reply
  - [ ] After Final
  - [ ] Affidavits/declaration(s)
- [ ] Extension of Time Request
- [ ] Express Abandonment Request
- [ ] Information Disclosure Statement
- [ ] Certified Copy of Priority Document(s)
- [ ] Reply to Missing Parts/ Incomplete Application
  - [ ] Reply to Missing Parts under 37 CFR 1.52 or 1.53

- [ ] Drawing(s)
- [ ] Licensing-related Papers
- [ ] Petition
- [ ] Petition to Convert to a Provisional Application
- [ ] Power of Attorney, Revocation Change of Correspondence Address
- [ ] Terminal Disclaimer
- [ ] Request for Refund
- [ ] CD, Number of CD(s) _____
  - [ ] Landscape Table on CD

Remarks

- [ ] After Allowance Communication to TC
- [ ] Appeal Communication to Board of Appeals and Interferences
- [ ] Appeal Communication to TC **(Appeal Notice, Brief, Reply Brief)**
- [ ] Proprietary Information
- [ ] Status Letter
- [x] Other Enclosure(s) (please Identify below):

  1. Notice of Prior and Concurrent Proceedings Under 37 C.F.R. 1.565(A) (6 pages)
  2. Certificate of Service (1 page)

## SIGNATURE OF APPLICANT, ATTORNEY, OR AGENT

| Firm Name | MORRISON & FOERSTER LLP (Customer No. 20872) | | |
|---|---|---|---|
| Signature | /Brian B. Ho/ | | |
| Printed name | Brian B. Ho | | |
| Date | May 20, 2013 | Reg. No. | 60,199 |

---

I hereby certify that this paper is being transmitted via the Office electronic filing system in accordance with § 1.6(a)(4).

Dated: May 20, 2013          Signature:  /Chereyce Brown/ _____  (Chereyce Brown)

sf-3284963

EX PARTE RE-EXAMINATION                           Docket No.: 106842803800

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Ex Parte Re-Examination of:
U.S. Patent No. 7,469,381

Control No.: 90/012,304                     Confirmation No.: 4807

Filed: May 23, 2012                         Art Unit: 3992

For:  LIST SCROLLING AND DOCUMENT           Examiner: D. G. Bonshock
      TRANSLATION, SCALING, AND ROTATION
      ON A TOUCH-SCREEN DISPLAY

## NOTICE OF PRIOR AND CONCURRENT PROCEEDINGS UNDER 37 C.F.R. § 1.565(A)

MS Ex Parte Reexam
Central Reexamination Unit
Commissioner for Patents
P.O. Box 1450
Alexandria, VA  22313-1450

Dear Madam:

### INTRODUCTORY COMMENTS

In compliance with 37 C.F.R. § 1.565(a), Patent Owner Apple Inc. ("Apple") hereby provides notice of prior and concurrent proceedings, and merits-based decisions therein, in which the patent undergoing reexamination in this proceeding (the "'381 patent") has been involved.

This Notice is supplemental to the Notice of Prior and Concurrent Proceedings Under 37 C.F.R. § 1.565(a) filed on February 4, 2013 (the "February 4, 2013 Notice"), which is hereby incorporated by reference.

1.  **Civil Action No. 5:11-cv-01846 in the Northern District of California, captioned** *Apple Inc. v. Samsung Electronics Co.*: as per the February 4, 2013 Notice.  A new

damages trial is set to proceed on November 12, 2013 as to some accused products that were found to infringe, *inter alia*, claim 19 of the '381 patent.

2.   **United States International Trade Commission ("lTC") Investigation No. 337-TA-797, captioned In the Matter of Certain Portable Electronic Devices and Related Software**: as per the February 4, 2013 Notice.

3.   **Civil Action No. 1:10-cv-000167 in the District of Delaware, captioned *Apple Inc. v. HTC Corp.*:** as per the February 4, 2013 Notice.

4.   **Civil Action No. 1:09-cv-00791 in the District of Delaware, captioned *Nokia Corp. v. Apple Inc.*:** as per the February 4, 2013 Notice.

5.   **Ex parte Reexamination No. 90/010,963:** as per the February 4, 2013 Notice.

In addition to proceedings involving the '381 patent mentioned above pursuant to 37 C.F.R. § 1.565(a), it is respectfully noted that several proceedings in foreign jurisdictions have involved at least one foreign patent or utility model which claims priority to one or more U.S. patent applications to which the '381 patent claims priority.

Foreign patent and utility model nos. EP 2 126 678, DE 21 2008 000 001, KR 10-950120000, JP 4,743,919, AU 2008201540, AU 2009200366, AU 2008100283 and AU 2009208103 claim priority to Application No. PCT/US2008/050292, which claims priority to the same U.S. provisional patent applications to which the '381 patent claims priority.

Foreign patent nos. EP 2 059 868 and AU 2008100372 claim priority to Application No. PCT/US2007/077441, which claims priority to certain U.S. provisional patent applications to which the '381 patent claims priority.

Foreign proceedings involving such patent or utility model claims include the following:

Control No.: 90/012,304                  3                  Docket No.: 106842803800

1.  Korean action 2011 Gahap 6364 7 relating to Korean patent KR 10-0950,120, captioned *Apple Inc. v. Samsung Electronics Co.*[1]

2.  Japanese action 2011 (Yo) No. 22049 for preliminary injunctive relief relating to Japanese patent JP 4,743,919, captioned *Apple Inc. v. Samsung Japan Corp. and Samsung Telecommunications Japan Co.*

3.  Japanese action 2011 (Wa) No. 27781 for infringement and damages relating to Japanese patent JP 4,743,919, captioned *Apple Inc. v. Samsung Japan Corp. and Samsung Telecommunications Japan Co.*

4.  Invalidity proceedings before the Japanese Patent Office relating to Japanese patent JP 4,743,919, captioned *Apple Inc. v. Samsung Electronics Co.*

5.  Injunction and infringement proceedings in Netherlands (KG ZA 11-730; KG ZA 11-731; 2012/220) relating to EP 2 059 868, captioned *Apple Inc. v. Samsung Electronics Co.*

6.  Action for infringement and damages before the Federal Court of Australia (Docket No. NSD308/2013) relating to Australian patents 2008201540, 2009200366, 2008100283, and 2009208103, captioned *Apple Inc. v. Samsung Electronics Co.*

7.  Action before the High Court of Justice in The United Kingdom (Docket No. HC 11 C03079) relating to European Patent EP 2 059 868, captioned *Samsung Electronics (UK) Ltd. v. Apple Inc.*

8.  Actions for infringement and damages before the High Court of Justice in The United Kingdom (Docket Nos. HC 11 C02826, HC 11 C02703, and HC 11 C03080) relating to European Patent EP 2 059 868, captioned *Apple Inc. v. HTC Europe.*

---

[1] Pending under appeal as Case No. 2012 Na 76203.

Control No.: 90/012,304             4             Docket No.: 106842803800

9.     Proceedings before the High Court of Justice in the United Kingdom (Docket No. HC 11 C 01465) relating to European Patent EP 2 126 678, captioned *HTC Europe Co. Ltd. v. Apple Inc.*

10.     Proceedings before the German Patent and Trademark Office (Docket No. 21 2008 000 001.6) based on German utility model DE 21 2008 000 001, captioned *Apple Inc. v. Nokia Corp.*

11.     Action in Germany (Munich) (Docket No.7 0 19716/11) relating to European patent EP 2 059 868, captioned *In the matter Apple Inc. against Motorola Mobility Inc.*

12.     Action in Germany (Munich) (Docket No.7 0 29382/11) relating to European patent EP 2 126 678, captioned *In the matter of Apple Inc. against Motorola Mobility Inc.*

13.     Action in Germany (Mannheim) (Docket No.7 0 334/11) relating to European patent EP 2 059 868, captioned *In the matter of Apple Inc. against Samsung Electronics GmbH.*

14.     Action in Germany (Munich) (Docket No. 6 U 1260/12) relating to European patent EP 2 126 678, captioned *In the matter of Apple Inc. against Samsung Electronics GmbH.*

15.     Action in Germany (Mannheim) (Docket No.7 0 70/12) relating to European patent EP 2 126 678, captioned *In the matter of Apple Inc. against Samsung Electronics GmbH.*

16.     Action in Germany (Mannheim) (Docket No.7 0 335/11) relating to German utility model DE 21 2008 000 001, captioned *In the matter of Apple Inc. against Samsung Electronics GmbH.*

Control No.: 90/012,304                          5                          Docket No.: 106842803800

17.   Action for Infringement and Damages in Germany (Munich) (Docket Nos. 21 06997/12 and 21 019210/12) relating to European patent EP 2 059 868, captioned *Apple v. HTC*.

18.   Action for Infringement and Damages in Germany (Munich) (Docket No. 21 02017/12) relating to European patent EP 2 126 678, captioned *Apple v. HTC*.

19.   Patent Nullity Actions (consolidated into Docket No. 2 Ni 58/11) by Motorola, Samsung and HTC before the German Federal Patent Court (Munich) relating to patent EP 2 059 868.

20.   Cancellation Request by Samsung in German Patent Office relating to DE 21 2008 000 001.

21.   Opposition Proceedings by Motorola, HTC and Samsung before the European Patent Office (Germany, Munich) relating to European Patent EP 2 126 678.

Control No.: 90/012,304                  6                  Docket No.: 106842803800

## CONCLUSION

No admission or representation is made that any of the above proceedings are relevant to the current ex parte reexamination. If additional information is required, the Examiner is invited to telephone the undersigned at the number given below.

In the event the U.S. Patent and Trademark office determines that an extension and/or other relief is required, Apple petitions for any required relief including extensions of time and authorizes the Commissioner to charge the cost of such petitions and/or other fees due in connection with the filing of this document to Deposit Account No. **03-1952** referencing docket no. **106842803800**.

Dated:  May 20, 2013                   Respectfully submitted,

By____/Peter J. Yim/_____
Peter J. Yim
    Registration No.: 44,417
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
(415) 268-6373

EX PARTE REEXAMINATION                                     Docket No. 106842803800

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Ex Parte Reexamination of:
U.S. Patent No. 7,469,381

Control No.: 90/012,304                        Confirmation No.: 4807

Filed: May 23, 2012                            Art Unit: 3992

For:  LIST SCROLLING AND DOCUMENT             Examiner: D. G. Bonshock
      TRANSLATION, SCALING, AND ROTATION
      ON A TOUCH-SCREEN DISPLAY

## CERTIFICATE OF SERVICE

MS Ex Parte Reexam
Central Reexamination Unit
Commissioner for Patents
P.O. Box 1450
Alexandria, VA  22313-1450

        Pursuant to 37 C.F.R. § 1.248, the undersigned, on behalf of Patent Owner, hereby certifies

that a copy of the following documents:

        1.  Transmittal (1 page); and

        2.  Notice of Prior and Concurrent Proceedings Under 37 C.F.R. 1.565(A) (6 pages)

were served on the Third Party Requester at the following address:

            Joseph J. Richetti
            BRYAN CAVE LLP
            1290 Avenue of the Americas
            New York, New York 10104

provided for in § 1.33(c) via first class mail on May 20, 2013.

            By /Brian B. Ho/
            Brian B. Ho
            Registration No. 60,199
            MORRISON & FOERSTER LLP
            425 Market Street
            San Francisco, California  94105-2482
            Attorneys for Apple Inc.

1

sf-3287655

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 15825120 |
| **Application Number:** | 90012304 |
| **International Application Number:** | |
| **Confirmation Number:** | 4807 |
| **Title of Invention:** | LIST SCROLLING AND DOCUMENT TRANSLATION, SCALING, AND ROTATION ON A TOUCH-SCREEN DISPLAY |
| **First Named Inventor/Applicant Name:** | 7,469,381 |
| **Customer Number:** | 20872 |
| **Filer:** | Brian B. Ho/Chereyce Brown |
| **Filer Authorized By:** | Brian B. Ho |
| **Attorney Docket Number:** | P4304USREX2/120730-002US |
| **Receipt Date:** | 20-MAY-2013 |
| **Filing Date:** | 23-MAY-2012 |
| **Time Stamp:** | 21:02:04 |
| **Application Type:** | Reexam (Patent Owner) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Reexam Miscellaneous Incoming Letter | 106842803800_Transmittal.pdf | 25091<br>19f8a0e1eb2aa92b133bc45cf2a28665b72eeb36 | no | 1 |

| | |
|---|---|
| **Warnings:** | |
| **Information:** | |

| 2 | Notice of concurrent proceeding(s) | 106842803800_Notice_under_37_CFR_1_565.pdf | 38943 | no | 6 |
| | | | 671de7c81d32622d4d2931f6e5bd15738647522f | | |

**Warnings:**

**Information:**

| 3 | Reexam Certificate of Service | 106842803800_Certificate_of_Service.pdf | 15940 | no | 1 |
| | | | b6772b755d444d7e5c750ac35c7c629b29ec75f | | |

**Warnings:**

**Information:**

| **Total Files Size (in bytes):** | 79974 |
|---|---|

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

<u>New Applications Under 35 U.S.C. 111</u>
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

<u>National Stage of an International Application under 35 U.S.C. 371</u>
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

<u>New International Application Filed with the USPTO as a Receiving Office</u>
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

ALTERNATIVE TO PTO/SB/08A/B
(Based on PTO 08-08 version)

| Substitute for form 1449/PTO | **Complete if Known** | |
|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | Control Number | 90/012,304 |
| | Filing Date | May 23, 2012 |
| | First Named Inventor | Bas ORDING |
| | Art Unit | 3992 |
| | Examiner Name | D. G. Bonshock |
| Sheet 1 of 3 | Attorney Docket Number | 106842803800 |

### U.S. PATENT DOCUMENTS

| Examiner Initials* | Cite No.[1] | Document Number Number-Kind Code[2] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 1. | US-5,241,674-A | 08-31-1993 | Kurosawa et al. | |
| | 2. | US-5,463,725-A | 10-31-1995 | Henckel et al. | |
| | 3. | US-2002/0189763-A1 | 12-19-2002 | Kwon et al. | |
| | 4. | US-2006/0268020-A1 | 11-30-2006 | Han | |
| | 5. | US-2011/0037725-A1 | 02-17-2011 | Pryor | |

### FOREIGN PATENT DOCUMENTS

| Examiner Initials* | Cite No.[1] | Foreign Patent Document Country Code[3]-Number[4]-Kind Code[5] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages Or Relevant Figures Appear | T[6] |
|---|---|---|---|---|---|---|
| | 6. | EP-0493128-A2 | 07-01-1992 | Canon KK | | |
| | 7. | JP-H09-160713-A | 06-20-1997 | Toshiba | Translation of abstract only | √ |
| | 8. | JP-2000-163193-A | 06-16-2000 | Seiko Epson Corp | Translation of abstract only | √ |
| | 9. | JP-2002-323850-A | 11-08-2002 | Matsushita Electric Ind. Co. Ltd. | Translation of abstract only | √ |
| | 10. | JP-2006-090962-A | 04-06-2006 | Matsushita Electric Ind. Co. Ltd. | Translation of abstract only | √ |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*EXAMINER: Initial if information considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. [1] Applicant's unique citation designation number (optional). [2] See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. [3] Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). [4] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [5] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST. 16 if possible. [6] Applicant is to place a check mark here if English language Translation is attached.

### NON PATENT LITERATURE DOCUMENTS

| Examiner Initials* | Cite No.[1] | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume-issue number(s), publisher, city and/or country where published. | T[6] |
|---|---|---|---|
| | 11. | Baig, "Apple's iPhone Isn't Perfect, But It's Worthy of the Hype," USA Today, June 27, 2007 | |
| | 12. | Certificated of Grant dated January 23, 2012, received in the Turkish part of European Patent Application No. 2 126 678, which corresponds to U.S. Application No. 11/956,969, 2 pages. | |
| | 13. | Data sheet of the HP iPAQ h4100 pocket PC series http://h20000.www2.hp.com/bizsupport/TechSupport/Document.jsp?lang=de&cc=de&taskId=120&prodSeriesId=349042&prodTypeId=215348&objectID=c00350648, accessed May 17, 2013. | |
| | 14. | Dietz et al., "Touch Recognition Technology 'DiamondTouch'" (Abstract), Mitsubishi Denki Giho (August 2002) | |
| | 15. | Esenther et al., "Multi-User Multi-Touch Games on DiamondTouch with the DTFlash Toolkit," Intelligent Technologies for Interactive Entertainment 2005 (December 2005) | |
| | 16. | Final Office Action dated February 14, 2013, received in U.S. Application No. 12/270,815, 13 pages. | |

ALTERNATIVE TO PTO/SB/08A/B
(Based on PTO 08-08 version)

| Substitute for form 1449/PTO | | | | Complete if Known | |
|---|---|---|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | | | Control Number | 90/012,304 |
| | | | | Filing Date | May 23, 2012 |
| | | | | First Named Inventor | Bas ORDING |
| | | | | Art Unit | 3992 |
| | | | | Examiner Name | D. G. Bonshock |
| Sheet | 2 | of | 3 | Attorney Docket Number | 106842803800 |

| | | | |
|---|---|---|---|
| | 17. | Grant dated October 26, 2012, received in Japanese Patent Application No. 2010 157303, which corresponds to U.S. Application No. 11/956,969, 4 pages. | |
| | 18. | Jul and Furnas (1998) "Critical Zones in Desert Fog: Aids to Multiscale Navigation," Proceedings of the 11th annual ACM symposium on User interface software and technology, p. 97-106. | |
| | 19. | Keys, "[CHI] Is Microsoft's (U.S.) New User Interface Made for Next Generation Cell Phones? " Tech-On!, April 8, 2005 | |
| | 20. | Levy, "At Last, the iPhone," The Daily Beast, June 25, 2007 | |
| | 21. | Mossberg, "The iPhone is a Breakthrough Handheld Computer," ALL Things D, June 26, 2007 | |
| | 22. | Notice of Allowance dated September 19, 2012, received in U.S. Application No. 12/270,812, 25 pages. | |
| | 23. | Office Action dated February 18, 2013, received in Chinese Patent Application No. 200880000019.9, which corresponds to U.S. Application No. 11/956,969, 12 pages [translation]. | √ |
| | 24. | Office Action dated October 15, 2012, received in Japanese Patent Application No. 2010157303, which corresponds to U.S. Application No. 11/956,969, 4 pages. | √ |
| | 25. | Office Action dated September 9, 2012, received in Chinese Patent Application No. 200880000019.9, which corresponds to U.S. Application No. 11/956,969, 22 pages. | √ |
| | 26. | Pogue, "The iPhone Matches Most of Its Hype," The New York Times, June 27, 2007 | |
| | 27. | Printouts of HCIL Webpage: "Interface Supporting One-Handed Use of Small Devices", June 2005. | |
| | 28. | Printouts of Microsoft webpage: "Microsoft Opens R&D to Small Companies and Entrepreneurs", May 4, 2005. | |
| | 29. | Australian Case No. (P) NSD 308 of 2013, "Amended Particulars of Invalidity, Australian Standard Patent No. 2008201540", March 2013. | |
| | 30. | Australian Case No. (P) NSD 308 of 2013, "Amended Particulars of Invalidity, Australian Standard Patent No. 2009200366", March 2013. | |
| | 31. | Australian Case No. (P) NSD 308 of 2013, "Amended Particulars of Invalidity, Australian Standard Patent No. 2009208103", March 2013. | |
| | 32. | Australian Case No. (P) NSD 308 of 2013, "Amended Particulars of Invalidity, Australian Standard Patent No. 2008100283", March 2013. | |
| | 33. | Australian Case No. NSD 1243 of 2011, "Affidavit of Andrew Cockburn", January 14, 2013. | |
| | 34. | Australian Case No. NSD 1243 of 2011, "Affidavit of Ravin Balakrishnan", January 16, 2013. | |
| | 35. | Australian Case No. NSD 1243 of 2011, "Affidavit of Saul Greenberg", January 9, 2013. | |
| | 36. | Australian Case No. NSD 1243 of 2011, "Apple's Outline of Opening Submissions on the Invalidity of HCI Patents", February 21, 2013. | |
| | 37. | Australian Case No. NSD 1243 of 2011, "Samsung's Outline of Opening Submissions on the Invalidity of Apple's HCI Patents", February 14, 2013. | |
| | 38. | Australian Case No. NSD 1243 of 2011, "Second Affidavit of Mark Nathan Billinghurst", January 16, 2013. | |
| | 39. | Australian Case No. NSD 1243 of 2011, "Second Affidavit of Masahiro Takatsuka", January 15, 2013. | |
| | 40. | Australian Case No. NSD 1243 of 2011, "Second Affidavit of Ravin Balakrishnan", May 2, 2013. | |
| | 41. | Australian Case No. NSD 1243 of 2011, "Second Affidavit of Roderick Alexander Farmer", October 30, 2012. | |
| | 42. | Australian Case No. NSD 1243 of 2011, "Second Affidavit of Saul Greenberg", January 9, 2013. | |

ALTERNATIVE TO PTO/SB/08A/B
(Based on PTO 08-08 version)

| Substitute for form 1449/PTO | | | | | Complete if Known | |
|---|---|---|---|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | | | Control Number | 90/012,304 | |
| | | | | Filing Date | May 23, 2012 | |
| | | | | First Named Inventor | Bas ORDING | |
| | | | | Art Unit | 3992 | |
| | | | | Examiner Name | D. G. Bonshock | |
| Sheet | 3 | of | 3 | Attorney Docket Number | 106842803800 | |

| | | | |
|---|---|---|---|
| | 43. | Australian Case No. NSD 1243 of 2011, "Third Affidavit of Roderick Alexander Farmer", February 8, 2013. | |
| | 44. | Australian Case No. NSD 308 of 2013, "Apple's Defence to Samsung's Statement of Cross-Claim", February 25, 2013. | |
| | 45. | Australian Case No. NSD 308 of 2013, "Samsung's Notice of Cross-Claim", February 22, 2013. | |
| | 46. | Australian Case No. NSD 308 of 2013, "Samsung's Statement of Cross-Claim", February 22, 2013. | |
| | 47. | Australian Case Nos. NSD 308 of 2013 / NSD 1243 of 2011, "List of Topics for Discussion Between Experts on the HCI A Patents", February 2013. | |
| | 48. | German Case No. 7070/12, Regional Court Mannheim, 7th Civil Chamber, "Decision", February 8, 2013. | |
| | 49. | Japanese 2011 (Wa) No. 27781, Case of Petition for Damage Compensation, "Apple's Seventh Brief [Translation]", February 2013. | √ |
| | 50. | Japanese 2011 (Wa) No. 27781, Case of Petition for Damage Compensation, "Apple's Sixth Brief [Translation]", January 10, 2013. | √ |
| | 51. | Japanese 2011 (Wa) No. 27781, Case of Petition for Damage Compensation, "Samsung's Eighth Brief [Translation]", May 14, 2013. | √ |
| | 52. | Japanese 2011 (Wa) No. 27781, Case of Petition for Damage Compensation, "Samsung's Seventh Brief [Translation]", January 17, 2013. | √ |
| | 53. | Japanese Patent Invalidation Trial No. 2012-800075, "Oral Proceedings Statement Brief [Translation]", April 5, 2013. | √ |
| | 54. | Korean Case No. 2012 Na 76203, Action for Injunction to Cease Patent Infringement, etc., "Brief", February 26, 2013. | √ |
| | 55. | Korean Case No. 2012 Na 76203, Action for Injunction to Cease Patent Infringement, etc., "Appeal Brief", November 26, 2012. | √ |
| | 56. | Korean Case No. 2012 Na 76203, Action for Injunction to Cease Patent Infringement, etc., "Brief", February 1, 2013. | √ |

| Examiner Signature | | Date Considered | |
|---|---|---|---|
| | | | |

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

[1]Applicant's unique citation designation number (optional).  [2]Applicant is to place a check mark here if English language Translation is attached.

EX PARTE REEXAMINATION                                    Docket No. 106842803800

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Ex Parte Reexamination of:
U.S. Patent No. 7,469,381

Control No.: 90/012,304                          Confirmation No.: 4807

Filed: May 23, 2012                              Art Unit: 3992

For:  LIST SCROLLING AND DOCUMENT                Examiner: D. G. Bonshock
       TRANSLATION, SCALING, AND ROTATION
       ON A TOUCH-SCREEN DISPLAY

## CERTIFICATE OF SERVICE

MS Ex Parte Reexam
Central Reexamination Unit
Commissioner for Patents
P.O. Box 1450
Alexandria, VA  22313-1450

Pursuant to 37 C.F.R. § 1.248, the undersigned, on behalf of Patent Owner, hereby certifies

that a copy of the following documents:

1.  Transmittal (1 page);

2.  Information Disclosure Statement (3 pages);

3.  SB/08A/B; and

4.  CD with copies of 51 out of 56 cited references.

1

EX PARTE REEXAMINATION                                          Docket No. 106842803800

were served on the Third Party Requester at the following address:

        Joseph J. Richetti
        BRYAN CAVE LLP
        1290 Avenue of the Americas
        New York, New York 10104

provided for in § 1.33(c) via first class mail on May 21, 2013.

        By /Brian B. Ho/
        Brian B. Ho
        Registration No. 60,199
        MORRISON & FOERSTER LLP
        425 Market Street
        San Francisco, California  94105-2482
        Attorneys for Apple Inc.

sf-3288033

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 15837521 |
| **Application Number:** | 90012304 |
| **International Application Number:** | |
| **Confirmation Number:** | 4807 |
| **Title of Invention:** | LIST SCROLLING AND DOCUMENT TRANSLATION, SCALING, AND ROTATION ON A TOUCH-SCREEN DISPLAY |
| **First Named Inventor/Applicant Name:** | 7,469,381 |
| **Customer Number:** | 20872 |
| **Filer:** | Brian B. Ho/Chereyce Brown |
| **Filer Authorized By:** | Brian B. Ho |
| **Attorney Docket Number:** | P4304USREX2/120730-002US |
| **Receipt Date:** | 21-MAY-2013 |
| **Filing Date:** | 23-MAY-2012 |
| **Time Stamp:** | 23:05:03 |
| **Application Type:** | Reexam (Patent Owner) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Reexam Miscellaneous Incoming Letter | 106842803800_Transmittal.pdf | 25198 <br> 9392946f043a219e302d4aa1c1b598fd71774dcf | no | 1 |

**Warnings:**

**Information:**

| 2 | Transmittal Letter | 106842803800_IDS.pdf | 19920<br><br>a76730400cca5ee3948a16448032717e1764fe1c | no | 3 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 3 | Information Disclosure Statement (IDS) Form (SB08) | 106842803800_SB08.pdf | 53697<br><br>f3897880f3888c8bbea00690b06347ed45323a60 | no | 3 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

This is not an USPTO supplied IDS fillable form

| 4 | Reexam Certificate of Service | 106842803800_Certificate_of_Service.pdf | 16877<br><br>01647829ef4cff94e05c7b4839ee4750acf2cbab | no | 2 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 5 | Foreign Reference | EP0493128A2.pdf | 3738489<br><br>dd90d5af90e48f4c6fd83e5ec2a7590a90ac971d | no | 30 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 6 | Foreign Reference | JPH09160713A.pdf | 3534978<br><br>faf954f359e40588fc414c2e18a939b9d87db9b0 | no | 33 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 7 | Foreign Reference | JP2000163193A.pdf | 3135857<br><br>1019edefed6bad8407a0c9e99cf2210dbdb6e6c8 | no | 33 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 8 | Foreign Reference | JP2002323850A.pdf | 903025<br><br>15e0503b948c104407fce2aca9c01d62afdb1b2d | no | 10 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 9 | Foreign Reference | JP2006090962A.pdf | 687672<br><br>28f2e9a61c0d1a6b1aea3f594681fd3e1cffa0c1 | no | 10 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 10 | Non Patent Literature | Baig.pdf | 697892<br><br>c8daa180a9bce1c136f80b5d4a78f7f28e47423a | no | 4 |
|---|---|---|---|---|---|

| Warnings: | | | | | |
|---|---|---|---|---|---|
| **Information:** | | | | | |
| 11 | Non Patent Literature | TRCert_EP2126678_062112.pdf | 2029528 | no | 2 |
| | | | 7a0378ac8fbdbd96c2c69702a8a03268256 4ffe6 | | |
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| 12 | Non Patent Literature | HP_iPAQ_h4100-Overview.pdf | 153173 | no | 2 |
| | | | 1cffbd299390272781566b6306fb8cc40bb8 6116 | | |
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| 13 | Non Patent Literature | Dietz.pdf | 740469 | no | 11 |
| | | | bc320114f24ca7ee72d6bc4cf3dab6708100 4f34 | | |
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| 14 | Non Patent Literature | Esenther.pdf | 493880 | no | 6 |
| | | | 07fcce0ff30d9f38b7bf73dc053df02ddc97b 229 | | |
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| 15 | Non Patent Literature | FOA_12270815_021413.pdf | 1543132 | no | 13 |
| | | | 107395d8ed2b39df6bb77ac8e9bed55b23 b3e910 | | |
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| 16 | Non Patent Literature | JPOA_2010157303_102612.pdf | 182404 | no | 3 |
| | | | 27bbead834e7994632cadb3dbe87cf8f6ad 53a4e | | |
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| 17 | Non Patent Literature | Jul1998.pdf | 402939 | no | 10 |
| | | | c998fc93bafd89e50af0147222723677374 d1589 | | |
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| 18 | Non Patent Literature | Keys2005.pdf | 6223344 | no | 8 |
| | | | ce46209a5983bae6af28756fb9cc91fdfff16 547 | | |
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| 19 | Non Patent Literature | Levy.pdf | 366384 | no | 2 |
| | | | eefc3ba4e40ca9972e68d681eedba6589be 2e539 | | |

| | Warnings: | | | | |
|---|---|---|---|---|---|
| | Information: | | | | |
| 20 | Non Patent Literature | Mossberg.pdf | 2422422 <br> 3bc2ea2d50ec07cc34898e5f3a1182367991 3543 | no | 5 |
| | Warnings: | | | | |
| | Information: | | | | |
| 21 | Non Patent Literature | NOA_12270812_091912.pdf | 3686081 <br> 192536eb85c8c63d035ed3410bc3f79b46c 4d4f7 | no | 25 |
| | Warnings: | | | | |
| | Information: | | | | |
| 22 | Non Patent Literature | CNOA_200880000019_021813. pdf | 2147448 <br> 7f6e1238c2feaccf5dfb04ce7b5042d798171 d201 | no | 12 |
| | Warnings: | | | | |
| | Information: | | | | |
| 23 | Non Patent Literature | JPOA_2010157303_101512.pdf | 424608 <br> 5dae7e579f29aeb29ba8f7272b04d04eafa5 1578 | no | 4 |
| | Warnings: | | | | |
| | Information: | | | | |
| 24 | Non Patent Literature | CNOA_200880000019_092012. pdf | 4580180 <br> b6a0a8783a2d95b182d0754828a674fbfd5 86947 | no | 22 |
| | Warnings: | | | | |
| | Information: | | | | |
| 25 | Non Patent Literature | Pogue.pdf | 129517 <br> 0401ef1db94b325c606bb611c1333f10050 23f47 | no | 4 |
| | Warnings: | | | | |
| | Information: | | | | |
| 26 | Non Patent Literature | Printouts_HCIL.pdf | 4133206 <br> 5f72a703223b1c8940800b594069c773380 2a4c9 | no | 2 |
| | Warnings: | | | | |
| | Information: | | | | |
| 27 | Non Patent Literature | Printouts_Microsoft.pdf | 434335 <br> 39cae0b1ee87441c56e442fde5d81641a97 5340d | no | 2 |
| | Warnings: | | | | |
| | Information: | | | | |
| 28 | Non Patent Literature | AU_308of2013_Amended_Part iculars_540.PDF | 284582 <br> 7e7a65959134b200a9190c40ad8b19dc1a3 6d55f | no | 7 |

| Warnings: | | | | | |
|---|---|---|---|---|---|
| **Information:** | | | | | |
| 29 | Non Patent Literature | AU_308of2013_Amended_Particulars_366.PDF | 231119<br><br>2c2df9a281c8824edf27a8db2cfd440aa86eb757 | no | 6 |
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| 30 | Non Patent Literature | AU_308of2013_Amended_Particulars_103.PDF | 202795<br><br>08f8e969de22957d26ef2dcd74ac51ef499f546 | no | 5 |
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| 31 | Non Patent Literature | AU_308of2013_Amended_Particulars_283.PDF | 295253<br><br>2304f2120232d8fea45a378b7d4c493d94502b2f | no | 7 |
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| 32 | Non Patent Literature | AU_1243of2011_Affidavit_Cockburn.pdf | 18533335<br><br>854a9eeec799e149bd7789cd7cdb1d4973dd0f3b | no | 117 |
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| 33 | Non Patent Literature | AU_1243of2011_Affidavit_Balakrishnan.pdf | 5848424<br><br>cfd2fa0e2610ba77421fa26287517f288864253c | no | 12 |
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| 34 | Non Patent Literature | AU_1243of2011_Affidavit_Greenberg.pdf | 466307<br><br>3961735a79d84237f052ac05dfbb68024c8e1e8d | no | 6 |
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| 35 | Non Patent Literature | AU_1248of2011_Apple_Outline.pdf | 829518<br><br>ce7488946523a2766cabfe3541c4137aed018d02 | no | 47 |
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| 36 | Non Patent Literature | AU_1248of2011_Samsung_Outline.pdf | 1848151<br><br>f0bd14030f52b6c320078113db91985796f6b7ec | no | 56 |
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| 37 | Non Patent Literature | AU_1243of2011_Second_Affidavit_Billinghurst.pdf | 23491977<br><br>e50874e85b09f4e82a691b0ec33c09466eaa729 | no | 43 |

| | Warnings: | | | | |
|---|---|---|---|---|---|
| | Information: | | | | |
| 38 | Non Patent Literature | AU_1243of2011_Second_Affid avit_Takatsuka_1of2.pdf | 17715928<br>ee04e6f3d2257099434 6b209a46b5b7430c4dee4 | no | 10 |
| | Warnings: | | | | |
| | Information: | | | | |
| 39 | Non Patent Literature | AU_1243of2011_Second_Affid avit_Takatsuka_2of2.pdf | 22646307<br>b0c557e7d569a7aab9347b762857a1f8188ec482 | no | 14 |
| | Warnings: | | | | |
| | Information: | | | | |
| 40 | Non Patent Literature | AU_1243of2011_Second_Affid avit_Balakrishnan.pdf | 10978155<br>a91308129a252241d605838ebbe47a79854e269a | no | 74 |
| | Warnings: | | | | |
| | Information: | | | | |
| 41 | Non Patent Literature | AU_1243of2011_Second_Affid avit_Farmer.pdf | 2640829<br>689861746f8e59438813068 8c2ce29a34b0b0372 | no | 26 |
| | Warnings: | | | | |
| | Information: | | | | |
| 42 | Non Patent Literature | AU_1243of2011_Second_Affid avit_Greenberg_1of5.pdf | 21391866<br>c1ad1dae161989b0bf99c432eceae594492d6deb | no | 13 |
| | Warnings: | | | | |
| | Information: | | | | |
| 43 | Non Patent Literature | AU_1243of2011_Second_Affid avit_Greenberg_2of5.pdf | 22823245<br>019d56b93b8d0f3576456859824284fa60206eb0 | no | 14 |
| | Warnings: | | | | |
| | Information: | | | | |
| 44 | Non Patent Literature | AU_1243of2011_Second_Affid avit_Greenberg_3of5.pdf | 18827933<br>aeaed4407390194df2206b922a81a49e2751acff | no | 10 |
| | Warnings: | | | | |
| | Information: | | | | |
| 45 | Non Patent Literature | AU_1243of2011_Second_Affid avit_Greenberg_4of5.pdf | 19223575<br>26b848593dc5bc62e9d879294d1471f22be29ca3 | no | 10 |
| | Warnings: | | | | |
| | Information: | | | | |
| 46 | Non Patent Literature | AU_1243of2011_Second_Affid avit_Greenberg_5of5.pdf | 11010915<br>93314eb5ed594b8b5b4a329072d8387ba59c63b2 | no | 7 |

| | | | | | |
|---|---|---|---|---|---|
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| 47 | Non Patent Literature | AU_1243of2011_Third_Affidavit_Farmer_1of4.pdf | 13980007 8a6b9e2d904218a9e10e1074033e7e6428305280 | no | 6 |
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| 48 | Non Patent Literature | AU_1243of2011_Third_Affidavit_Farmer_2of4.pdf | 15843149 0808a32596fdbb70d71088d924aeb6888ef2f259 | no | 7 |
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| 49 | Non Patent Literature | AU_1243of2011_Third_Affidavit_Farmer_3of4.pdf | 14753376 6bc2c6bae2e314c2d054a9f7c326c4481347ede0 | no | 6 |
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| 50 | Non Patent Literature | AU_1243of2011_Third_Affidavit_Farmer_4of4.pdf | 12505911 6588f7d0a44878a976ef561e50c024b97ba4bbd1 | no | 7 |
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| 51 | Non Patent Literature | AU_308of2013_Defence_Cross-Claim.pdf | 687939 809eb786ad7d66b15fadf1dbad943bd4c239c56e | no | 6 |
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| 52 | Non Patent Literature | AU_308of2013_Notice_Cross-Claim.pdf | 807270 e2b00495d1f53fdc81b9397d624963938ec2bfb5 | no | 7 |
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| 53 | Non Patent Literature | AU_308of2013_Statement_Cross-Claim.pdf | 798577 332e2c8fb4bc44aaad927c339c99acbfe0036785 | no | 7 |
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| 54 | Non Patent Literature | AU_List_Topics.pdf | 206741 4e5466a4581ab834e17a8825b2beb89dfa5e4c1a | no | 13 |
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| 55 | Non Patent Literature | DE_7070-12_Decision.pdf | 111344 69dfd0a1e024776a4345cd5712d2dd29e4cbb769 | no | 13 |

| | Warnings: | | | | | |
|---|---|---|---|---|---|---|
| | Information: | | | | | |
| 56 | Non Patent Literature | JP_27781_Apple_Brief_7.pdf | 69074<br><br>cabfedaa4e6d7315b2687c09aadcf087ed32<br>0b2a | no | 7 |
| | Warnings: | | | | | |
| | Information: | | | | | |
| 57 | Non Patent Literature | JP_27781_Apple_Brief_6.pdf | 355168<br><br>5d5252761 0a8e39862659ad4a1ce23662d2<br>bc7dd | no | 33 |
| | Warnings: | | | | | |
| | Information: | | | | | |
| 58 | Non Patent Literature | JP_27781_Samsung_Brief_8.pdf | 2477760<br><br>020d9c318b13abc641e476fa2c4b47bba4ff<br>1645 | no | 57 |
| | Warnings: | | | | | |
| | Information: | | | | | |
| 59 | Non Patent Literature | JP_27781_Samsung_Brief_7.pdf | 19441<br><br>735d29d26b41922e9a503d36fd859f594b0<br>442e5 | no | 2 |
| | Warnings: | | | | | |
| | Information: | | | | | |
| 60 | Non Patent Literature | JP_2012800075_Samsung_Brief.pdf | 839929<br><br>6b84adda0fac6e8cf4d8fbfa1614e70e5c3d<br>bcda | no | 76 |
| | Warnings: | | | | | |
| | Information: | | | | | |
| | **Total Files Size (in bytes):** | | | 305652555 | | |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

PTO/SB/21 (07-09)
Approved for use through 07/31/2012. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# TRANSMITTAL FORM

*(to be used for all correspondence after initial filing)*

| | |
|---|---|
| Control No. | 90/012,304 |
| Filing Date | May 23, 2012 |
| First Named Inventor | Bas ORDING |
| Art Unit | 3992 |
| Examiner Name | D. G. Bonshock |
| Attorney Docket Number | 106842803800 |

Total Number of Pages in This Submission: 9 + 51 refs

## ENCLOSURES  *(Check all that apply)*

[ ] Fee Transmittal Form
  [ ] Fee Attached
[ ] Amendment/Reply
  [ ] After Final
  [ ] Affidavits/declaration(s)
[ ] Extension of Time Request
[ ] Express Abandonment Request
[x] Information Disclosure Statement (3 pages)
[ ] Certified Copy of Priority Document(s)
[ ] Reply to Missing Parts/Incomplete Application
  [ ] Reply to Missing Parts under 37 CFR 1.52 or 1.53

[ ] Drawing(s)
[ ] Licensing-related Papers
[ ] Petition
[ ] Petition to Convert to a Provisional Application
[ ] Power of Attorney, Revocation Change of Correspondence Address
[ ] Terminal Disclaimer
[ ] Request for Refund
[ ] CD, Number of CD(s)
  [ ] Landscape Table on CD

[ ] After Allowance Communication to TC
[ ] Appeal Communication to Board of Appeals and Interferences
[ ] Appeal Communication to TC **(Appeal Notice, Brief, Reply Brief)**
[ ] Proprietary Information
[ ] Status Letter
[x] Other Enclosure(s) (please Identify below):
1. SB/08A/B (3 pages)
2. Certificate of Service (2 page)
3. Copies of 51 out of 56 cited references

Remarks

## SIGNATURE OF APPLICANT, ATTORNEY, OR AGENT

| | |
|---|---|
| Firm Name | MORRISON & FOERSTER LLP (Customer No. 20872) |
| Signature | /Brian B. Ho/ |
| Printed name | Brian B. Ho |
| Date | May 21, 2013 | Reg. No. 60,199 |

I hereby certify that this paper is being transmitted via the Office electronic filing system in accordance with § 1.6(a)(4).

Dated: May 21, 2013   Signature: /Chereyce Brown/   (Chereyce Brown)

sf-3288026

Docket No. 106842803800

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Ex Parte Re-Examination of:
U.S. Patent No. 7,469,381

Control No.: 90/012,304          Confirmation No.: 4807

Filed: May 23, 2012          Art Unit: 3992

For: LIST SCROLLING AND DOCUMENT      Examiner: D. G. Bonshock
      TRANSLATION, SCALING, AND ROTATION
      ON A TOUCH-SCREEN DISPLAY

## INFORMATION DISCLOSURE STATEMENT UNDER 37 C.F.R. § 1.555 IN ACCORDANCE WITH 37 C.F.R. § 1.98

MS Ex Parte Reexam
Central Reexamination Unit
Commissioner for Patents
P.O. Box 1450
Alexandria, VA  22313-1450

Dear Madam:

Pursuant to 37 C.F.R. § 1.555 and in accordance with 37 C.F.R. § 1.98, Patent Owner submits for consideration in the above-identified application the documents listed on the attached Form PTO/SB/08a/b. Copies of U.S. Patent Publications and Patents are not submitted herewith pursuant to 37 C.F.R. § 1.98(a)(2)(ii). Copies of the foreign documents and non-patent literature are submitted herewith.  The Examiner is requested to make these documents of record.

Patent Owner notes that documents numbered 23 and 49-53 listed on the attached Form PTO/SB/08a/b are English language translations of foreign language documents.

Document number 12 is a non-English document.  Patent Owner is not in possession of a written English-language translation of this non-English language document.  Patent Owner hereby

Control No.: 90/012,304                      2                      Docket No.: 106842803800

provides the following concise explanation of the relevance:  Document number 12 is a Turkish
Patent Office decision to grant European Patent Application No. 2126678 in the Turkish
jurisdiction. The document is dated January 23, 2012, and indicates that the duration of the patent is
twenty years from the filing date.

      Document number 17 is a non-English document.  Patent Owner is not in possession of a
written English-language translation of this non-English language document.  Patent Owner hereby
provides the following concise explanation of the relevance:  Document number 17 is a Japanese
Patent Office decision to grant Japanese Patent Application No. 2010-157302. The document is
dated October 26, 2012, and sets forth a one-month window in which to pay the issue fee.

Control No.: 90/012,304                    3                    Docket No.: 106842803800

## CONCLUSION

Applicants would appreciate the Examiner initialing and returning the Form PTO/SB/08a/b, indicating that the information has been considered and made of record herein.

The information contained in this Information Disclosure Statement pursuant to 37 C.F.R. § 1.555 and in accordance with 37 C.F.R. § 1.98 is not to be construed as a representation that: (i) a complete search has been made; (ii) additional information material to the re-examination of this application does not exist; (iii) the information, protocols, results and the like reported by third parties are accurate or enabling; or (iv) the above information constitutes prior art to the subject invention.

In the unlikely event that the transmittal form is separated from this document and the Patent and Trademark Office determines that an extension and/or other relief is required, Patent Owner petitions for any required relief including extensions of time and authorize the Commissioner to charge the cost of such petition and/or other fees due in connection with the filing of this document to **Deposit Account No. 03-1952** referencing (106842803800).

Dated:  May 21, 2013                    Respectfully submitted,


By_/Peter J. Yim/_____
Peter J. Yim
    Registration No.: 44,417
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
(415) 268-6373

sf-3287839

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 15837680 |
| **Application Number:** | 90012304 |
| **International Application Number:** | |
| **Confirmation Number:** | 4807 |
| **Title of Invention:** | LIST SCROLLING AND DOCUMENT TRANSLATION, SCALING, AND ROTATION ON A TOUCH-SCREEN DISPLAY |
| **First Named Inventor/Applicant Name:** | 7,469,381 |
| **Customer Number:** | 20872 |
| **Filer:** | Brian B. Ho/Chereyce Brown |
| **Filer Authorized By:** | Brian B. Ho |
| **Attorney Docket Number:** | P4304USREX2/120730-002US |
| **Receipt Date:** | 21-MAY-2013 |
| **Filing Date:** | 23-MAY-2012 |
| **Time Stamp:** | 23:51:00 |
| **Application Type:** | Reexam (Patent Owner) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Non Patent Literature | KR_76203_Brief_022613_1of3.pdf | 9864660<br>7aec33e96067bc7a8f99b0f9829d723f9f66e9a8 | no | 47 |

| | |
|---|---|
| **Warnings:** | |
| **Information:** | |

| 2 | Non Patent Literature | KR_76203_Brief_022613_2of3.pdf | 14054233 | no | 25 |
|---|---|---|---|---|---|
|   |   |   | d98dfe6c255edca627823e38a1fc81c90dlb8d669 |   |   |

**Warnings:**

**Information:**

| 3 | Non Patent Literature | KR_76203_Brief_022613_3of3.pdf | 12954377 | no | 25 |
|---|---|---|---|---|---|
|   |   |   | 8eff90347784e0973ba4e707d8fde1b0aa3749b3 |   |   |

**Warnings:**

**Information:**

| 4 | Non Patent Literature | KR_76203_Brief_112612_1of4.pdf | 7189283 | no | 60 |
|---|---|---|---|---|---|
|   |   |   | 0ffe3a07991032dfdc5f078789431ebc2e80b306 |   |   |

**Warnings:**

**Information:**

| 5 | Non Patent Literature | KR_76203_Brief_112612_2of4.pdf | 11557874 | no | 60 |
|---|---|---|---|---|---|
|   |   |   | 2c0cc0f584ed570287631914e8a3ae76c11540da |   |   |

**Warnings:**

**Information:**

| 6 | Non Patent Literature | KR_76203_Brief_112612_3of4.pdf | 11044434 | no | 60 |
|---|---|---|---|---|---|
|   |   |   | 64f66744cda536b38b1271aa004c57d626657350 |   |   |

**Warnings:**

**Information:**

| 7 | Non Patent Literature | KR_76203_Brief_112612_4of4.pdf | 14100341 | no | 59 |
|---|---|---|---|---|---|
|   |   |   | 729e4825c656570e96bf894df9f8a44dec7b6e6a |   |   |

**Warnings:**

**Information:**

| 8 | Non Patent Literature | KR_76203_Brief_020113_1of4.pdf | 1546737 | no | 55 |
|---|---|---|---|---|---|
|   |   |   | 0f615946556688d9b24c9d05470d3ddd2480ee96 |   |   |

**Warnings:**

**Information:**

| 9 | Non Patent Literature | KR_76203_Brief_020113_2of4.pdf | 2713770 | no | 56 |
|---|---|---|---|---|---|
|   |   |   | 55079d3b2495988f6c7e25ee72019c602e2dccbe |   |   |

**Warnings:**

**Information:**

| 10 | Non Patent Literature | KR_76203_Brief_020113_3of4.pdf | 3393341 | no | 55 |
|---|---|---|---|---|---|
|   |   |   | f01998d8d83feda7d8a1e078a4f87a65d01ff00 |   |   |

**Warnings:**

**Information:**

| 11 | Non Patent Literature | KR_76203_Brief_020113_4of4.pdf | 3353899<br><br>a0c7028fda28428e65d392a6c94ec6e478baacac | no | 56 |

**Warnings:**

**Information:**

| | Total Files Size (in bytes): | 91772949 |
|---|---|---|

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

1             UNITED STATES DISTRICT COURT

2           NORTHERN DISTRICT OF CALIFORNIA

3                SAN JOSE DIVISION

4

5

6   APPLE INC., A CALIFORNIA        )  C-11-01846 LHK
    CORPORATION,                    )
7                                   )  SAN JOSE, CALIFORNIA
                    PLAINTIFF,      )
                                    )  APRIL 29, 2013
8           VS.                     )
                                    )  PAGES 1-89
9   SAMSUNG ELECTRONICS CO., LTD.,  )
    A KOREAN BUSINESS ENTITY;       )
10  SAMSUNG ELECTRONICS AMERICA,    )
    INC., A NEW YORK CORPORATION;   )
11  SAMSUNG TELECOMMUNICATIONS      )
    AMERICA, LLC, A DELAWARE        )
12  LIMITED LIABILITY COMPANY,      )
                                    )
13              DEFENDANTS.         )
                                    )
14  _____)
                                    )
15

16            TRANSCRIPT OF PROCEEDINGS
          BEFORE THE HONORABLE LUCY H. KOH
17           UNITED STATES DISTRICT JUDGE

18

19

20          APPEARANCES ON NEXT PAGE

21

22

23  OFFICIAL COURT REPORTER:    LEE-ANNE SHORTRIDGE, CSR, CRR
                                CERTIFICATE NUMBER 9595
24

25      PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY
           TRANSCRIPT PRODUCED WITH COMPUTER

```
 1

 2        A P P E A R A N C E S:

 3        FOR PLAINTIFF          MORRISON & FOERSTER
          APPLE:                 BY:  MICHAEL A. JACOBS
 4                                    NATHANIEL B. SABRI
                                 425 MARKET STREET
 5                               SAN FRANCISCO, CALIFORNIA  94105

 6                               BY:  ERIK J. OLSON
                                 755 PAGE MILL ROAD
 7                               PALO ALTO, CALIFORNIA  94304

 8
          FOR COUNTERCLAIMANT    WILMER, CUTLER, PICKERING,
 9        APPLE:                 HALE AND DORR
                                 BY:  WILLIAM F. LEE
10                               60 STATE STREET
                                 BOSTON, MASSACHUSETTS  02109
11
                                 BY:  MARK D. SELWYN
12                                    LAUREN FLETCHER
                                 950 PAGE MILL ROAD
13                               PALO ALTO, CALIFORNIA  94304

14

15        FOR THE DEFENDANT:     QUINN, EMANUEL, URQUHART,
                                 OLIVER & HEDGES
16                               BY:  WILLIAM C. PRICE
                                      MICHAEL T. ZELLER
17                                    SCOTT B. KIDMAN
                                 865 SOUTH FIGUEROA STREET
18                               10TH FLOOR
                                 LOS ANGELES, CALIFORNIA  90017
19
                                 BY:  KATHLEEN M. SULLIVAN
20                               51 MADISON AVENUE, 22ND FLOOR
                                 NEW YORK, NEW YORK  10022
21
                                 BY:  VICTORIA F. MAROULIS
22                               555 TWIN DOLPHIN DRIVE
                                 SUITE 560
23                               REDWOOD SHORES, CALIFORNIA  94065

24

25
```

| | |
|---|---|
| 1 | SAN JOSE, CALIFORNIA                    APRIL 29K, 2013 |
| 2 | P R O C E E D I N G S |
| 3 | (COURT CONVENED AND THE FOLLOWING PROCEEDINGS WERE HELD:) |
| 4 | THE CLERK:  CALLING CASE NUMBER C-11-01846 LHK, |
| 5 | APPLE, INCORPORATED VERSUS SAMSUNG ELECTRONICS COMPANY LIMITED, |
| 6 | ET AL. |
| 7 | MR. JACOBS:  MICHAEL JACOBS FROM MORRISON & FOERSTER. |
| 8 | WITH ME ARE ERIC OLSON AND NATHAN SABRI FOR APPLE, YOUR HONOR. |
| 9 | MR. LEE:  GOOD AFTERNOON, YOUR HONOR.  BILL LEE, |
| 10 | MARK SELWYN, AND LAUREN FLETCHER FROM WILMER, HALE FROM APPLE. |
| 11 | THE COURT:  OKAY.  I'M SORRY.  I DIDN'T EVEN CATCH |
| 12 | THE PEOPLE WITH MR. JACOBS. |
| 13 | ERIC OLSON, YOU SAID, AND WHO ELSE? |
| 14 | MR. JACOBS:  NATHAN SABRI, YOUR HONOR, S-A-B-R-I. |
| 15 | THE COURT:  OKAY.  THANK YOU. |
| 16 | AND THEN MR. LEE, OKAY. |
| 17 | MR. LEE:  MARK SELWYN, YOUR HONOR. |
| 18 | THE COURT:  OKAY. |
| 19 | MR. LEE:  AND LAUREN FLETCHER, F-L-E-T-C-H-E-R. |
| 20 | MR. PRICE:  GOOD AFTERNOON, YOUR HONOR.  BILL PRICE |
| 21 | WITH QUINN, EMANUEL FOR SAMSUNG. |
| 22 | AND WITH ME AT COUNSEL TABLE ARE KATHLEEN SULLIVAN, |
| 23 | SCOTT KIDMAN, WHO PROBABLY WON'T BE SPEAKING, MICHAEL ZELLER, |
| 24 | AND VICTORIA MAROULIS. |
| 25 | THE COURT:  OKAY.  GOOD AFTERNOON. |

1          MR. PRICE:  GOOD AFTERNOON.

2          THE COURT:  OKAY.  I HAVE A FEW QUESTIONS, BUT I'M

3    OTHERWISE READY TO RULE ON EVERYTHING.

4       LET ME JUST ASK THE FEW QUESTIONS FIRST.  SO WHEN IS THE

5    PTO LIKELY TO ISSUE A RE-EXAM CERTIFICATE FOR THE '381 AND THE

6    '915 PATENTS?

7          MR. JACOBS:  BY ISSUING A RE-EXAMINATION CERTIFICATE,

8    YOUR HONOR, I THINK YOUR HONOR IS ASKING WHEN IS THIS GOING TO

9    BE OVER.

10         THE COURT:  AS FAR AS THE PTO.

11         MR. JACOBS:  AS FAR AS THE PTO.

12         THE COURT:  I DON'T CARE ABOUT THE APPEALS BOARD.  I

13   DON'T CARE ABOUT THE APPELLATE CIRCUIT.  WHEN IS THE PTO GOING

14   TO BE OVER?

15         MR. JACOBS:  THE PTO'S ROLE -- LET ME CHECK AND MAKE

16   SURE I HAVE THE RIGHT ANSWER.  I BELIEVE THE ANSWER IS NOT TOO

17   FAR AWAY, BUT SUBJECT TO THOSE APPEALS, ET CETERA.

18         THE COURT:  SO MARCH 29TH, 2013 IS WHEN THE PTO

19   ISSUED THE FINAL OFFICE ACTION IN THE '381?

20         MR. JACOBS:  YES.

21         THE COURT:  AND WHAT IS IT THAT YOU ARE FILING ON

22   MAY 29TH OF 2013?

23         MR. JACOBS:  MAY I HAVE A MOMENT, YOUR HONOR?

24         MS. MAROULIS:  I'M SORRY, YOUR HONOR.  IS THE

25   QUESTION WHAT IS BEING FILED ON MAY 29TH?

```
 1                    THE COURT:  YES, PLEASE.

 2                    MS. MAROULIS:  IT'S THE NOTICE OF APPEAL TO PTAB, AND

 3      THAT'S THE NOTICE THAT APPLE WOULD BE FILING PRESUMABLY.

 4          AND THEN THEREAFTER, THE PARTIES DIFFER IN THEIR ESTIMATE

 5      OF WHEN THE PTAB WILL ISSUE A FINAL DECISION.

 6                    THE COURT:  RIGHT.

 7                    MS. MAROULIS:  SAMSUNG ESTIMATES JULY 2014.

 8                    THE COURT:  SO LET ME ASK A QUESTION.  IS THERE ANY

 9      FURTHER ACTION ANTICIPATED BY THE PTO ITSELF?

10          I MEAN, SOME OF THE CLAIMS SURVIVE; IS THAT CORRECT?

11                    MS. MAROULIS:  NO, YOUR HONOR.  APPLE GETS TO FILE A

12      NOTICE OF APPEAL AND THEN IT GOES TO PTAB, WHICH IS PART OF THE

13      PTO, BUT IT'S THE APPELLATE WING, AND THEY CAN HOLD A HEARING

14      AND HAVE BRIEFING.

15          BUT THE EXAMINER, IN OUR UNDERSTANDING, HIMSELF OR HERSELF

16      DOES NOT DO ANYTHING ADDITIONAL.

17                    MR. JACOBS:  AND YOUR HONOR --

18                    THE COURT:  I SEE.  SO THERE IS NO FINAL CERTIFICATE

19      THAT GETS ISSUED UNTIL THE APPEALS BOARD --

20                    MS. MAROULIS:  WHICH CAN ISSUE THE CERTIFICATE OF

21      CANCELLATION CANCELLING THE PATENT.

22          SO RIGHT NOW WE HAVE A FINAL REJECTION, OR FINAL OFFICE

23      ACTION, BUT APPLE GETS TO APPEAL IT.

24                    THE COURT:  RIGHT.

25                    MS. MAROULIS:  AND ONCE THE DECISION IS CONFIRMED,
```

```
1    WHICH WE BELIEVE IT WOULD BE, THE CERTIFICATE OF CANCELLATION

2    WILL BE ISSUED.

3              MR. JACOBS:  AND WE DISAGREE WITH THAT, YOUR HONOR.

4    THAT IS NOT WHAT WE EXPECT TO FILE ON MAY 29TH.

5         WE RESPOND TO THE FINAL OFFICE ACTION ON MAY 29TH, AND AT

6    THAT POINT THE EXAMINER HAS ANOTHER OPPORTUNITY TO ADDRESS OUR

7    RESPONSE.

8              THE COURT:  BUT DIDN'T YOU ALREADY RESPOND TO THE

9    FIRST OFFICE ACTION REJECTING CLAIM 19?

10             MR. JACOBS:  OH, YES.

11             THE COURT:  OKAY.

12             MR. JACOBS:  BUT THERE'S ANOTHER OPPORTUNITY TO

13   RESPOND TO THE LATEST ART -- TO THE LATEST ARGUMENTS THE

14   EXAMINER HAS ADVANCED, AND THAT'S BEFORE IT GOES TO THE PTAB.

15        THIS IS THE STEP --

16             THE COURT:  DO YOU AGREE WITH THAT, OR NOT?

17             MS. MAROULIS:  IT IS NOT OUR UNDERSTANDING.

18        OUR UNDERSTANDING IS THE ONLY OTHER THING THAT CAN HAPPEN

19   IS APPLE CAN ASK FOR AN EXTENSION TO FILE A NOTICE OF APPEAL.

20        BUT BASED ON OUR READING OF PTAB, THAT IS THE NEXT STEP.

21             MR. JACOBS:  THIS IS THE MISSING STEP IN SAMSUNG'S

22   ARTICULATION OF THE PROCESS, YOUR HONOR.  YOU CAN FIND THE

23   SPECIFIC REFERENCE TO THE NEXT STEP AT PAGE 1, LINE 37 OF OUR

24   RE-EXAMINATION BRIEF CITING C.F.R. 1.116.

25             THE COURT:  OKAY.  SO WHEN YOU -- IF YOUR RENDITION
```

UNITED STATES COURT REPORTERS

1    OF THE PROCESS IS CORRECT, THEN WHEN WOULD YOU EXPECT TO HEAR

2    BACK FROM THE PTO EXAMINER?

3              MR. JACOBS:  I DON'T THINK WE HAVE A PARTICULAR

4    EXPECTATION ON THAT STEP.

5         IF THE EXAMINER DOES NOTHING, THEN BY OUR ACCOUNT -- IN

6    OTHER WORDS, IF THE EXAMINER SIMPLY MAINTAINS THE REJECTION,

7    THEN WE FILE A NOTICE OF APPEAL BY JUNE 29TH.

8         SO THAT'S IF THE EXAMINER DOES NOTHING IN RESPONSE TO OUR

9    RESPONSE.

10             THE COURT:  OKAY.  AND AS FAR AS THE EXAMINER, ARE

11   THEY REQUIRED TO DO ANYTHING OR IS LACK OF ACTION ASSUMED TO BE

12   A REJECTION OF YOUR CURRENT RESPONSE AND THEN YOU JUST FILE

13   YOUR APPEAL?

14             MR. JACOBS:  I'M SORRY, YOUR HONOR, I JUST DON'T KNOW

15   THE ANSWER TO THAT SPECIFIC ASPECT OF THE RE-EXAMINATION

16   PROCEDURE.

17             THE COURT:  OKAY.

18             MS. MAROULIS:  IT IS OUR UNDERSTANDING, YOUR HONOR,

19   THAT EVEN IF APPLE WERE TO RESPOND, YOU STILL NEED TO FILE A

20   NOTICE OF APPEAL, BUT THIS IS A VERY SPECIFIC PTO PROCEDURE.

21             THE COURT:  YOU MEAN THAT ON MAY 29TH, THEY CAN BOTH

22   FILE A RESPONSE TO THE FINAL OFFICE ACTION AND FILE THEIR

23   APPEAL?

24             MS. MAROULIS:  ONE OF MY COLLEAGUES JUST PASSED ME A

25   NOTE THAT EVEN IF THEY WERE TO RESPOND, THEY HAVE TO FILE A

```
 1     NOTICE OF APPEAL NO LATER THAN JUNE 29TH.

 2            THE COURT:  OH, I SEE.  OKAY.

 3        SO IT SOUNDS LIKE ONE WAY OR THE OTHER, WE'LL GET

 4     DEFINITIVE WORD AS TO THE EXAMINER'S RESPONSE AND WHETHER THIS

 5     IS GOING UP ON APPEAL OR WHETHER THE EXAMINER IS GOING TO TAKE

 6     MORE TIME TO HAVE BACK AND FORTH CORRESPONDENCE BY JUNE 29TH.

 7        DOES THAT SOUND CORRECT?  IT SOUNDS LIKE IT.

 8            MR. JACOBS:  I DON'T THINK SAMSUNG CAN PROMISE YOU

 9     THAT, YOUR HONOR.

10            MS. MAROULIS:  WELL, WE DON'T HAVE CONTROL OVER WHAT

11     THE PTO DOES.

12            THE COURT:  SURE.

13            MS. MAROULIS:  BUT WE DO KNOW THAT APPLE HAS TO FILE

14     A NOTICE TO PRESERVE THEIR APPELLATE RIGHTS, AND OUR ESTIMATION

15     OF WHEN THE FINAL DECISION WILL ISSUE IS BASED ON WHAT WE KNOW

16     ABOUT OTHER RE-EXAMS KEYED OFF FROM THAT NOTICE OF APPEAL.

17            THE COURT:  I SEE.

18            MS. MAROULIS:  THAT'S THE TIMELINE THAT WE'RE GOING

19     ON.

20            THE COURT:  I SEE.  AND AS FAR AS THE '915, THE FINAL

21     OFFICE ACTION IS EXPECTED NEXT MONTH?  WELL, POTENTIALLY IN A

22     COUPLE DAYS.

23            MS. MAROULIS:  WE'RE ESTIMATING IT TO BE IN MAY.  IT

24     HAS NOT ISSUED, YOUR HONOR, SO THIS IS A PROJECTION BASED ON,

25     AGAIN, OTHER RE-EXAMS.
```

1          THE COURT:  I SEE.

2          MR. JACOBS:  YOUR HONOR, IF I CAN REFER YOU TO THE --

3     THERE'S A HELPFUL CHART ATTACHED TO OUR PAPER AND IT EXPLAINS

4     THE PROCESS FLOW VISUALLY.

5          THE COURT:  UM-HUM.

6          MR. JACOBS:  THIS IS AT DOCKET 2309-1, PAGE 2 OF 3,

7     AND IF YOU LOOK DOWN AT THE BOTTOM, YOU CAN SEE THE STAGE

8     MARKED IN THE FLOW CHART AT WHICH WE CURRENTLY -- THE STAGE AT

9     WHICH WE CURRENTLY ARE.

10        '381 PATENT RE-EXAM, EXAMINER ISSUES WHAT THEY CALL A FINAL

11     REJECTION.

12        AND THEN PATENT OWNER PAPER AFTER FINAL REJECTION, THAT'S

13     THE PATENT -- THAT'S THE STEP WE'RE LOOKING AT NOW.  THAT'S THE

14     REFERENCE TO 1.116.

15          THE COURT:  RIGHT.

16          MR. JACOBS:  AND THEN EXAMINER CONSIDERS THE PAPER.

17          THE COURT:  UM-HUM.

18          MR. JACOBS:  THAT'S THE STEP THAT I THINK IS

19     INDETERMINATE IN TERMS OF ITS LENGTH.

20        AND THEN THERE'S AN ARROW DOWN TO EXAMINER REOPENS

21     PROSECUTION, NO, THEN THE PATENT OWNER FILES THE NOTICE OF

22     APPEAL.

23          THE COURT:  RIGHT.

24          MR. JACOBS:  YES, THEN WE GO BACK THROUGH THE LOOP.

25          THE COURT:  OKAY.  ALL RIGHT.

1      WELL, WHY DON'T I GO AHEAD -- I WOULD LIKE TO RULE ON

2  THE -- ON THE STAY PENDING RE-EXAM NOW, AND WHAT I'M GOING TO

3  DO TODAY, TO TRY TO MOVE THIS CASE MORE QUICKLY, IS I'M GOING

4  TO GIVE YOU ALL OF MY RULINGS ORALLY, AS WELL AS MY REASONS,

5  AND PLEASE JUST REQUEST A COPY OF THE TRANSCRIPT OF TODAY'S

6  HEARING FROM MS. SHORTRIDGE AND THAT'LL BE THE ORDER.

7      I WILL ISSUE A CASE MANAGEMENT ORDER THAT JUST SAYS "FOR

8  THE REASONS STATED ON THE RECORD, THE FOLLOWING MOTIONS WERE

9  GRANTED OR DENIED IN PART OR IN WHOLE."  OKAY?

10          MR. JACOBS:  THANK YOU, YOUR HONOR.

11          THE COURT:  SO THIS IS REGARDING THE STAY PENDING

12  RE-EXAM.

13      A STAY FOR PURPOSES OF RE-EXAM -- AND RE-EXAMINATION IS

14  WITHIN THE DISTRICT COURT'S DISCRETION.  THE COURT IS NOT

15  REQUIRED TO STAY JUDICIAL RESOLUTION IN LIGHT OF

16  RE-EXAMINATIONS.  SEE VISKASE, V-I-S-K-A-S-E, CORP. VERSUS

17  AMERICA NATIONAL CAN COMPANY, 269 F.3D 1316, FEDERAL CIRCUIT

18  2001.

19      IN DETERMINING WHETHER TO STAY A CASE PENDING

20  RE-EXAMINATION, THE COURT CONSIDERS FACTORS SUCH AS:  NUMBER

21  ONE, THE STAGE OF THE CASE; TWO, WHETHER A STAY WILL SIMPLIFY

22  THE COURT PROCEEDINGS; AND THREE, WHETHER A STAY WOULD UNDULY

23  PREJUDICE OR PRESENT A CLEAR TACTICAL DISADVANTAGE TO THE

24  NON-MOVING PARTY.  TELEMAC CORP. VERSUS TELEDIGITAL,

25  INCORPORATED, 450 F.SUPP.2D 1107, NORTHERN DISTRICT OF

1    CALIFORNIA, 2006.

2         SO AT THIS TIME, BECAUSE THE QUESTION OF WHETHER THE

3    RE-EXAMINATION COULD BE REOPENED IS STILL UNRESOLVED, THE COURT

4    MAKES THE FOLLOWING FINDINGS:  THAT THE STAGE OF THE CASE

5    FAVORS APPLE SINCE WE ARE POST-TRIAL AND POST-POST-TRIAL

6    MOTIONS AND POST-VERDICT.

7         THE SECOND FACTOR, WHETHER A STAY WOULD SIMPLIFY THE COURT

8    PROCEEDINGS, FAVORS SAMSUNG BECAUSE IT CERTAINLY WOULD SIMPLIFY

9    THE PROCEEDINGS TO HAVE THE '381 OR THE '915 PATENT NOT BE

10   RETRIED OR -- IT STILL -- IT WOULD CERTAINLY SIMPLIFY THE

11   PROCEEDINGS.

12        NUMBER THREE, RIGHT NOW, WHILE THE QUESTION IS STILL OPEN

13   BECAUSE AS FAR AS THE '915 PATENT WE DON'T YET HAVE A FINAL

14   OFFICE ACTION, SO WE DON'T KNOW HOW THE PTO EXAMINER IS GOING

15   TO ULTIMATELY RESOLVE ANY INVALIDITY CHALLENGES, AND RIGHT NOW

16   WHILE THE '381 STILL HAS A POTENTIAL OF HAVING THE

17   RE-EXAMINATION REOPENED, THE COURT BELIEVES THAT THE THIRD

18   FACTOR, WHETHER A STAY WOULD UNDULY PREJUDICE OR PRESENT A

19   CLEAR TACTICAL DISADVANTAGE TO THE NON-MOVING PARTY, THAT THAT

20   FAVORS APPLE AT THIS TIME BECAUSE THEY DO HAVE A JURY VERDICT

21   OF DAMAGES ON THESE PATENTS AND FURTHER DELAYING ACTUAL RELIEF

22   WOULD BE UNDULY PREJUDICIAL AND PRESENT A CLEAR TACTICAL

23   DISADVANTAGE.

24        NOW, HAVING SAID THAT, IF THE EXAMINER DECIDES NOT TO

25   REOPEN THE CASE AND APPLE IS FORCED TO FILE A NOTICE OF APPEAL,

1   THEN I THINK THAT THAT THIRD FACTOR MAY THEN SWING INTO

2   SAMSUNG'S FAVOR, BECAUSE IF THIS IS AN INVALID PATENT, THEN

3   CERTAINLY IT WOULD BE MORE PREJUDICIAL AND MORE OF A TACTICAL

4   DISADVANTAGE TO SAMSUNG TO HAVE TO DO A SECOND TRIAL AND TO

5   HAVE TO DO, YOU KNOW, FURTHER LITIGATION ON I.P. THAT MAY

6   ULTIMATELY NOT BE VALID.

7        SO WHAT I'M GOING TO DO IS FOR NOW I AM DENYING THE STAY

8   REQUEST.

9        HOWEVER, I WOULD ASK THAT YOU KEEP THE COURT INFORMED OF

10  ANY NEW DEVELOPMENTS WITH THE PTO, BECAUSE IF THE EXAMINER DOES

11  NOT REOPEN THE PROSECUTION AND APPLE IS FORCED TO FILE A NOTICE

12  OF APPEAL, THEN THE COURT WILL LIKELY STAY ANY PROCEEDINGS AS

13  TO THE '381.  OKAY?

14       AND THAT WILL NOT BE ANY -- IN ANY RETRIAL.  OKAY?

15       SO THAT'S MY RULING ON THE RE-EXAMS.

16            MR. JACOBS:  THANK YOU, YOUR HONOR.

17            MS. MAROULIS:  YOUR HONOR, MAY WE BE HEARD ON THE

18  FIRST FACTOR OR THIS IS THE FINAL RULING?

19            THE COURT:  I'M SORRY, THAT'S THE FINAL RULING.

20            MS. MAROULIS:  OKAY.  THANK YOU.

21            THE COURT:  BUT, MS. MAROULIS, YOU LET ME KNOW IF

22  THERE'S NO --

23            MS. MAROULIS:  YES, YOUR HONOR, ABSOLUTELY.  WE WILL

24  BE FILING SOMETHING IN MAY AND IN JUNE TO APPRISE THE COURT OF

25  THE PROCESS OF THE RE-EXAMINATION.

1        THE COURT:  THAT'S FINE.

2        MS. MAROULIS:  DO WE NEED TO REFILE THE MOTION OR

3   SIMPLY APPRISE THE COURT VIA ATTACHING PTO NOTICES?

4        THE COURT:  WHAT I WOULD --

5        MR. JACOBS:  WE WOULD LIKE AN OPPORTUNITY AT THAT

6   STAGE TO BRIEF WHAT HAPPENS NEXT, YOUR HONOR.

7        THE COURT:  WELL, I WOULD ONLY GIVE YOU THREE PAGES

8   BECAUSE THIS HAS BEEN LITIGATED AT LEAST TWO -- TWICE NOW.  WE

9   DID PREVIOUSLY HAVE A MOTION TO STAY.

10      SO, AT MOST, IF THE EXAMINER REJECTS A REQUEST TO REOPEN

11   THE PROSECUTION, THEN SAMSUNG WILL HAVE THREE PAGES TO BRIEF A

12   REQUEST FOR A STAY AND APPLE WILL HAVE THREE PAGES TO RESPOND.

13        MR. JACOBS:  THANK YOU, YOUR HONOR.

14        MS. MAROULIS:  THANK YOU, YOUR HONOR.

15        THE COURT:  I DON'T THINK A STAY -- A REPLY WILL BE

16   NECESSARY, BUT IF I CHANGE MY MIND, I'LL LET YOU KNOW.

17      BUT I THINK AT THIS POINT WE'VE BEEN THROUGH THIS SO MANY

18   TIMES, I'M NOT GOING TO REQUIRE AND WASTE A JURY'S TIME OR THIS

19   COURT'S TIME ON A PATENT THAT MIGHT BE INVALIDATED.

20        MS. MAROULIS:  THANK YOU, YOUR HONOR.

21        THE COURT:  ALL RIGHT.  SO THAT'S THAT ISSUE.

22      LET'S -- WELL, THIS ONE IS AN EASY ONE.

23      I WAS VERY SAD THAT BOTH SIDES AGREE THAT THE MARCH 1 ORDER

24   IS NOT RIPE FOR APPEAL AND ULTIMATELY THE FEDERAL CIRCUIT MAY,

25   IN ITS DISCRETION, REJECT THE COURT'S REQUEST FOR AN APPEAL

1    MR. JACOBS:  WE'VE COVERED EVERYTHING FROM APPLE'S

2   STANDPOINT, YOUR HONOR.

3    THE COURT:  OKAY.  MR. PRICE AND MS. MAROULIS, DID

4   YOU HAVE ANYTHING ELSE THAT WE NEEDED TO --

5    MS. MAROULIS:  YOUR HONOR, WE DON'T HAVE ADDITIONAL

6   ISSUES RIGHT NOW.  WE WILL BE BACK TO THE COURT WITH ANY

7   FINDINGS FROM THE PTO.

8    THE COURT:  OKAY.

9    MS. MAROULIS:  PROBABLY WITHIN 30 TO 60 DAYS.

10    THE COURT:  OKAY.  LET ME ASK YOU, ARE ANY OF THE

11   OTHER -- THE '163 IS NOT IN RE-EXAM?

12    MS. MAROULIS:  NO, YOUR HONOR.

13    THE COURT:  OR THE D'305 OR THE D'677?

14    MR. JACOBS:  THAT'S CORRECT, YOUR HONOR, THEY'RE NOT.

15    MS. MAROULIS:  NOT TO MY KNOWLEDGE.

16    THE COURT:  OKAY.  THEN, YES, PLEASE LET ME KNOW ON

17   THE '381 AND THE '915.

18    MS. MAROULIS:  AND YOUR HONOR, WE WILL GET BACK TO

19   YOU WHEN THE '381 BECOMES FINAL, BECAUSE THE '915 IS A SLIGHTLY

20   DIFFERENT SITUATION.

21    THE COURT:  OKAY.  ALL RIGHT.

22    MS. MAROULIS:  THANK YOU.

23    THE COURT:  THANK YOU ALL.

24    MR. JACOBS:  THANK YOU, YOUR HONOR.

25    (THE PROCEEDINGS IN THIS MATTER WERE CONCLUDED.)

1

2

3                    CERTIFICATE OF REPORTER

4

5

6

7        I, THE UNDERSIGNED OFFICIAL COURT REPORTER OF THE UNITED

8   STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA,

9   280 SOUTH FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY

10  CERTIFY:

11       THAT THE FOREGOING TRANSCRIPT, CERTIFICATE INCLUSIVE, IS

12  A CORRECT TRANSCRIPT FROM THE RECORD OF PROCEEDINGS IN THE

13  ABOVE-ENTITLED MATTER.

14

15

16  _____
    LEE-ANNE SHORTRIDGE, CSR, CRR
17  CERTIFICATE NUMBER 9595

18  DATED:  MAY 3, 2013

19

20

21

22

23

24

25

| EXHIBIT B |
|---|

1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| APPLE INC., a California corporation, | ) | Case No.: 11-CV-01846-LHK |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| SAMSUNG ELECTRONICS CO., LTD., A Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | ) ) ) ) ) ) | CASE MANAGEMENT ORDER |
| Defendants. | ) ) ) | |

Clerk:  Martha Brown
Reporter:  Lee-Anne Shortridge

Plaintiff Attorneys:   Michael Jacobs, Erik Olson, Nathaniel Bryan Sabri, William Lee, Mark Selwyn, Lauren Fletcher
Defense Attorneys:   Kathleen Sullivan, Victoria Maroulis, William Price, Scott Kidman, and Michael Zeller

A case management conference was held on April 29, 2013.  A further case management conference is set for August 21, 2013, at 2:00 p.m.

**MOTION RULINGS:**

At the case management conference on April 29, 2013, the Court made the following rulings on the record:

- For the reasons stated on the record, the Court DENIED Samsung's Motion for Entry of Partial Judgment Pursuant to Rule 54(b) as to the 14 accused products for which the Court upheld the jury award and Samsung's counterclaims, and for a stay pending appeal.

1

Case No.: 11-CV-01846-LHK
CASE MANAGEMENT ORDER

- For the reasons stated on the record, the Court DENIED without prejudice Samsung's Request for a Stay pending reexamination of the '381 and '915 patents at issue in the new damages trial.

  o Samsung may renew its motion for a stay of the new trial on damages as to the '381 patent if the USPTO does not re-open the prosecution of the '381 reexamination following Apple's response to the final office action finding claim 19 of the '381 patent invalid. Any such motion, and any opposition to such motion, may not exceed three (3) pages in length. The parties shall contact Ms. Parker Brown for a hearing date. The response to any such motion is due ten days after the filing of a motion.

  o Similarly, if the USPTO issues a final office action finding claim 8 of the '915 patent invalid, and does not re-open the prosecution of the '915 reexamination following Apple's response to the final office action, Samsung may re-new its motion for a stay of the new trial on damages as to the '915 patent. Such a motion will be subject to the same limitations and procedures as set forth above.

- For the reasons stated on the record, the Court GRANTED-IN-PART and DENIED-IN-PART Apple's Conditional Motion for Reconsideration of Order Granting New Damages Trial on Galaxy S II AT&T and Infuse 4G.

  o The Court reinstates the jury award of $40,494,356.00 for the Galaxy S II AT&T. Accordingly, the Galaxy SII AT&T will not be included in the new trial on damages.

  o The Court does not reinstate the jury award of $44,792,974.00 for the Infuse 4G. The Infuse 4G will be included in the new trial on damages. The parties may not introduce any data regarding Infuse 4G sales that occurred prior to May 15, 2011.

- For the reasons stated on the record, the Court REJECTED Samsung's argument that the Seventh Amendment requires a new trial on both damages and liability issues.

- For the reasons stated on the record, the Court DENIED Apple's request for the Court to determine the amount of prejudgment interest or supplemental damages prior to resolution of the appeals in this case.

**TRIAL RULINGS:**

- The Court ORDERED that the new trial on damages will take place on November 12, 13, 14, 15, and 18, 2013. Trial will last daily from 9:00 a.m. to noon, and 1:00 p.m. to 4:30 p.m. The Court will empanel 8 jurors. Each side may exercise up to 3 peremptory challenges.

- The Court's prior rulings on the parties' *Daubert* motions, motions in limine, discovery disputes, and evidentiary objections will remain in effect as law of the case. The parties may not relitigate these issues.

United States District Court
For the Northern District of California

2

Case No.: 11-CV-01846-LHK
CASE MANAGEMENT ORDER

- The Court GRANTED Apple's request to substitute a new damages expert for Terry Musika, who passed away in December 2012, but DENIED the parties' requests for supplemental fact discovery. The Court ORDERED that the new trial on damages will be extremely limited. The sole purpose of the trial is to correct the erroneous notice dates. The Court will not permit the parties to expand the scope of the damages trial by relying upon: (1) new sales data, including any sales after June 30, 2013; (2) new products; and (3) new methodologies or theories. Consequently, Apple's new damages expert may not include different methodologies in his or her expert report, and may not draw upon new data. Per the parties' discussion, Apple has agreed to replace Mr. Musika, who was a CPA, with another CPA.

- Each side shall be limited to one motion to strike, which may not exceed seven (7) pages in length. Each side's opposition shall not exceed seven (7) pages in length. Each side's reply shall not exceed four (4) pages in length. The parties shall meet and confer and stipulate to a proposed briefing schedule regarding any potential motions to strike. The briefing on these motions must be completed at least three weeks prior to the hearing on the motions.

- The parties shall also meet and confer and stipulate to a proposed briefing schedule regarding any motion filed by Samsung, pursuant to Rule 702 of the Federal Rules of Evidence, regarding the qualifications of Apple's new expert. The briefing on this motion must be completed at least three weeks prior to the hearing on this motion. Samsung's Rule 702 motion, if filed, shall not exceed four (4) pages in length. Apple's response shall not exceed (4) pages in length. There shall be no reply.

- The parties shall also meet and confer regarding how to present information regarding infringement and validity to the jury.

The following pretrial schedule was set:

| May 13, 2013 | Apple identifies its substitute damages expert |
|---|---|
| June 24, 2013 | Apple serves supplemental expert report on damages |
| July 26, 2013 | Samsung serves rebuttal expert report on damages |
| August 23, 2013 | Completion of expert discovery |
| October 10, 2013, at 1:30 p.m. | Hearing on Samsung's FRE 702 motion, if filed, and the motions to strike, if any |
| October 17, 2013, at 1:30 p.m. | Pretrial Conference (including discussion of how to present infringement and validity findings to new jury) |
| November 12, 2012, at 9:00 a.m. | Jury Trial |

**IT IS SO ORDERED.**

Dated: April 29, 2013

*Lucy H. Koh*

LUCY H. KOH
United States District Judge

United States District Court
For the Northern District of California

Control No. 90/012,304
Certificate of Service

RECEIVED

MAY 3 1 2013

CENTRAL REEXAMINATION UNIT

## CERTIFICATE OF SERVICE

Pursuant to 37 C.F.R. §§ 1.248, the undersigned hereby certifies that copies of Third-

Party Samsung's Notice of Concurrent Proceedings were served on the Patent Owner and Third

Party Requester via first class mail on May 31, 2013, at the following addresses:

Brian B. Ho
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105-2482

Joseph J. Richetti
BRYAN CAVE LLP
1290 Avenue of the Americas
New York, NY 10104

DATED: May 31, 2013            QUINN EMANUEL URQUHART &
                              SULLIVAN, LLP


By _____
   Todd M. Briggs
   Registration No. 44,040
   555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, California 94065
   Telephone: (650) 801-5000

   Attorney for SAMSUNG ELECTRONICS CO.,
   LTD., SAMSUNG ELECTRONICS AMERICA,
   INC., and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC

1

Doc Code: TRAN.LET
Document Description: Transmittal Letter

PTO/SB/21 (07-09)
Approved for use through 07/31/2012. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| TRANSMITTAL FORM | Application Number | 90/012304 |
| | Filing Date | May 23, 2013 |
| | First Named Inventor | Bas ORDING |
| | Art Unit | 3992 |
| *(to be used for all correspondence after initial filing)* | Examiner Name | D. G. Bonshock |
| Total Number of Pages in This Submission   23 | Attorney Docket Number | |

RECEIVED
MAY 3 1 2013
CENTRAL REEXAMINATION UNIT

## ENCLOSURES   *(Check all that apply)*

- [ ] Fee Transmittal Form
  - [ ] Fee Attached
- [ ] Amendment/Reply
  - [ ] After Final
  - [ ] Affidavits/declaration(s)
- [ ] Extension of Time Request
- [ ] Express Abandonment Request
- [ ] Information Disclosure Statement
- [ ] Certified Copy of Priority Document(s)
- [ ] Reply to Missing Parts/ Incomplete Application
  - [ ] Reply to Missing Parts under 37 CFR 1.52 or 1.53

- [ ] Drawing(s)
- [ ] Licensing-related Papers
- [ ] Petition
- [ ] Petition to Convert to a Provisional Application
- [ ] Power of Attorney, Revocation Change of Correspondence Address
- [ ] Terminal Disclaimer
- [ ] Request for Refund
- [ ] CD, Number of CD(s) _____
  - [ ] Landscape Table on CD

Remarks

- [ ] After Allowance Communication to TC
- [ ] Appeal Communication to Board of Appeals and Interferences
- [ ] Appeal Communication to TC (Appeal Notice, Brief, Reply Brief)
- [ ] Proprietary Information
- [ ] Status Letter
- [x] Other Enclosure(s) (please identify below):
  1. Third-Party Samsung's Notice of Concurrent Proceedings and Exhibits
  2. Certificate of Service (1 page)

## SIGNATURE OF APPLICANT, ATTORNEY, OR AGENT

| Firm Name | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| Signature | *Todd Briggs* |
| Printed name | Todd M. Briggs |
| Date | May 31, 2013 | Reg. No. | 44,040 |

## CERTIFICATE OF TRANSMISSION/MAILING

I hereby certify that this correspondence is being facsimile transmitted to the USPTO or deposited with the United States Postal Service with sufficient postage as first class mail in an envelope addressed to: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450 on the date shown below:

| Signature | *Todd Briggs* |
| Typed or printed name | Todd M. Briggs | Date | May 31, 2013 |

This collection of information is required by 37 CFR 1.5. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and1.14. This collection is estimated to 2 hours to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

Control No. 90/012,304
Samsung's Notice of Concurrent Proceedings

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| *Ex Parte* Reexamination of | Patent Owner: Apple, Inc. |
| U.S. Patent No. 7,469,381 | |
| | Group Art Unit: 3992 |
| Reexam Control No. 90/012,304 | |
| | Examiner: D. G. Bonshock |
| Confirmation No. 4807 | |
| | |
| Reexam Filing Date: May 23, 2012 | |

**RECEIVED**

MAY 3 1 2013

CENTRAL REEXAMINATION UNIT

Title: LIST SCROLLING AND DOCUMENT TRANSLATION, SCALING, AND
ROTATION ON A  TOUCH-SCREEN DISPLAY

Mail Stop *Ex Parte* Reexam
Central Reexamination Unit
Commissionner for Patents
P.O. Box 1450
Alexandria, Virginia 22313-1450

## THIRD-PARTY SAMSUNG'S NOTICE OF CONCURRENT PROCEEDINGS

Sir:

Pursuant to MPEP 2282, third-party Samsung Electronics Co., Ltd., Samsung Electronics

America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung")

provides this notice of concurrent proceedings to provide information about a relevant

development in a civil action involving the same patent under reexamination here –U.S. Patent

No. 7,469,381.[1]

---

[1] MPEP 2282 provides: "[I]n order to ensure a complete file, with updated status information regarding prior or concurrent proceedings regarding the patent under reexamination, the Office will, at any time, accept from any parties, for entry into the reexamination file, copies of notices of suits and other proceedings involving the patent and copies of decisions or papers filed in the court from litigations or other proceedings involving the patent."

Control No. 90/012,304
Samsung's Notice of Concurrent Proceedings

On May 20, 2013, Apple filed a notice of concurrent proceedings informing the Office that "[a] new damages trial is set to proceed on November 12, 2013 as to some accused products that were found to infringe, *inter alia*, claim 19 of the '381 patent" in the *Apple v. Samsung* civil action pending in the Northern District of California, Civil Action No. 5:11-cv-1846. *See* May 20, 2013 Notice of Prior and Concurrent Proceedings under 37 C.F.R. § 1.565(a) at 1-2.

However, Apple did not inform the Office of other relevant information regarding the new damages trial in the civil action. In particular, on April 29, 2013, the Court in the Northern District of California held a hearing on Samsung's request to stay the new damages trial with respect to the '381 patent based on the Office's March 29, 2013 final rejection of claim 19 of the '381 patent – the only '381 claim at issue in the Northern District of California case. While denying the request without prejudice, the Court ruled that it "will likely" stay any damages retrial on claim 19 of the '381 patent in the event that the Examiner did not re-open the prosecution of the '381 reexamination. Thus, at the hearing, the Court stated:

> "SO WHAT I'M GOING TO DO IS FOR NOW I AM DENYING THE STAY
> REQUEST. HOWEVER, I WOULD ASK THAT YOU KEEP THE COURT
> INFORMED OF ANY NEW DEVELOPMENTS WITH THE PTO, BECAUSE
> IF THE EXAMINER DOES NOT REOPEN THE PROSECUTION AND APPLE
> IS FORCED TO FILE A NOTICE OF APPEAL, THEN THE COURT WILL
> LIKELY STAY ANY PROCEEDINGS AS TO THE '381. OKAY? AND THAT
> WILL NOT BE ANY -- IN ANY RETRIAL. OKAY? SO THAT'S MY
> RULING ON THE RE-EXAMS."

April 29, 2013 Hearing Transcript at 12:7-15 (attached hereto as Exhibit A). Subsequently, the Court issued a written order confirming that "Samsung may renew its motion for a stay of the new trial on damages as to the '381 patent if the USPTO does not re-open the prosecution of the '381 reexamination following Apple's response to the final office action finding claim 19 of the

Control No. 90/012,304
Samsung's Notice of Concurrent Proceedings

'381 patent invalid." April 29, 2013 Case Management Order, Dkt. 2316 at 2 (attached hereto as

Exhibit B).

     If additional information is required, the Examiner is invited to telephone the undersigned

at the number given below.

DATED: May 31, 2013           QUINN EMANUEL URQUHART &
                                   SULLIVAN, LLP


By          _Todd Briggs_
            Todd M. Briggs
            Registration No. 44,040
            555 Twin Dolphin Drive, 5th Floor
            Redwood Shores, California 94065
            Telephone: (650) 801-5000

            Attorney for SAMSUNG ELECTRONICS CO.,
            LTD., SAMSUNG ELECTRONICS AMERICA,
            INC., and SAMSUNG
            TELECOMMUNICATIONS AMERICA, LLC

Control No. 90/012,304
Samsung's Notice of Concurrent Proceedings

## <u>CERTIFICATE OF MAILING UNDER 37 CFR 1.8</u>

I hereby certify that this correspondence is being deposited with the United States Postal Service with sufficient postage as express mail in an envelope addressed to:

> Mail Stop *Ex Parte* Reexam
> Central Reexamination Unit
> Commissionner for Patents
> P.O. Box 1450
> Alexandria, Virginia 22313-1450

on May 31, 2013.


By _____
    Todd M. Briggs
    Registration No. 44,040
    Telephone: (650) 801-5000

4

## DETAILED ACTION

### *ex parte* Reexamination

This Office Action address claims 1-20 of U.S. Patent Number: 7,469,381 and is responsive to the Patent Owner's after final response filed 5-13-2013.  It has been determined in the Order Granting *ex parte* Reexamination mailed 7-30-2012 that a substantial new question of patentability was raised in the Request for ex parte reexamination filed 5-23-2012.

## INTRODUCTION

During an interview on 5-9-2013, Patent Owner's Representatives presented their position that the Lira reference lacked the "stop condition" of the claims, where the translating in the second direction occurs "until the area beyond the edge of the electronic document is no longer displayed".  To this, the Office noted that Lira does provide for animated snap-on-column functionality from an area off of the column upon pen lift (see page 15, lines 18-31), where the width of the column is sized to the window size so as to be less than or equal to the window width (see page 11, lines 10-17), with specific recitations to the column widths corresponding to the display width 425 (see column 10, lines 1-5).  The Office believes this is important to point outs as when the window snaps back to the column, corrective scrolling is stopped when the display is centered over the column, thereby placing the edges of the column at the edges of the equally sized display, where at the exact instance that the widow is centered the area beyond the edge ceases to be displayed (same result).

The Patent Owner's Representatives noted that claim 19, specifically teaches "instructions for" translating "until the area beyond the edge of the electronic document is no longer displayed", where the Office asked for further clarification as to whether there is support for actual coded instructions that effect this process, and noted that if there where this would be a good area to focus.  The Office noted that though *corrective traversal* in Lira appears to stop when the area beyond the edge of the document is no longer displayed, it is not specifically responsive to instructions requiring said *stop condition* (area beyond the edge of the electronic document is no longer displayed) but rather a result of instructions to center (same effect, different cause).

In a subsequent response filed 5-13-2013, Patent Owner provided specific support in the specification for "instructions for" translating "until the area beyond the edge of the electronic document is no longer displayed" (specifically paragraphs [0009], [0012], [0013], and [0100]).

After further review by the Examiner, a call was placed to the Patent Owner on 5-22-2013 during which a decision was made to confirm claim 19 and cancelclaims 1-13, 15, 16, and 20, where these canceled claims were neither previously confirmed (as were claims 14, 17, and 18) nor provided said specific recitation to "instructions for" translating… "until the area beyond the edge of the electronic document is no longer displayed".

Application/Control Number: 90/012,304                                    Page 4
Art Unit: 3992

**EXAMINER'S AMENDMENT**

During a telephonic interview with Peter Yim and Brian Ho on May 22, 2013 an

agreement was made to cancel claims 1-13, 15, 16, and 20.


An examiner's amendment to the record appears below.  The changes made by

this examiner's amendment will be reflected in the reexamination certificate to issue in

due course.


Claims 1-13    (cancelled)

Claim 15        (cancelled)

Claim 16        (cancelled)

Claim 20        (cancelled)


**STATEMENT OF REASONS FOR PATENTABILITY AND/OR CONFIRMATION**


The following is an examiner's statement of reasons for patentability and/or

confirmation of the claims over the prior art currently of record in this reexamination

proceeding:

Claim 19 recites the feature of:

*"programs including... instructions for translating the electronic document*

*in a second direction until the area beyond the edge of the electronic document is*

*no longer displayed to display a fourth portion of the electronic document,*

> *wherein the fourth portion is different from the first portion, in response to*
>
> *detecting that the object is no longer on or near the touch screen display."*


**The '381 Patent Specification defines these "instructions" as (from column 3, lines 33-37) (paragraph [0012]):**

> "The one or more programs further include instructions for translating the document in a second direction until the area beyond the edge of the document is no longer displayed, after the object is no longer detected on or near the touch screen display."

Further reference to this program based executable instructions can be found in the specification at paragraphs [0009], [0013], and [0100].


In the supplemental response filed 5/13/2013, Patent Owner concedes that:

> **"While Lira's snap-to-column function incidentally achieves the visual result of translating in the second direction "until the area beyond the edge of the electronic document is no longer displayed" (only when the width of the column corresponds to the width of the display), Lira's function clearly does so through the use of executable program instructions having a different stop condition based on centering of the column**." (see page 7)


Van Den Hoven is further lacking in this respect, as there is no reliance on Van Den Hoven by the third party requestor, nor could support be found in the reference.

The rejections over the Ording '975 reference have been removed in response to the 37 C.F.R. § 1.131 declaration filed by Mr. Ording.

In summary, Claim 19 is Confirmed, as there is no prior art disclosure of a similar device with "*programs including… **instructions for** translating the electronic document in a second direction until the area beyond the edge of the electronic document is no longer displayed to display a fourth portion of the electronic document, wherein the fourth portion is different from the first portion, in response to detecting that the object is no longer on or near the touch screen display.*"

**Reasons for confirmation of 14, 17, and 19 (as previously provided):**

Claims 14 specifically teach "the area beyond the edge of the document is visually distinct from the document", where Lira at no point mentions displaying the area beyond the edge of the document as visually distinct from the document.  Claim 14 is herein confirmed for the reasons provided above.

Claim 17 specifically teaches "translating in the first direction prior to reaching the edge of the electronic document has a first associated translating distance that corresponds to a distance of movement of the object prior to reaching the edge of the electronic document; and wherein displaying an area beyond the edge of the electronic document comprises translating the electronic document in the first direction for a second associated translating distance, wherein the second associated translating distance is less than a distance of movement of the object after reaching the edge of the electronic document."  This basically has to do with dampening the movement of the display once the edge is crossed, where Lira at no point mentions such as dampening

Application/Control Number: 90/012,304                                         Page 7
Art Unit: 3992

of the movement once the edge is crossed.  Claim 17 is herein confirmed for the

reasons provided above.

Van Den Hoven is further lacking in this respect, as there is no disclosure of the

deceleration being resultant upon the edge of a list or the edge of a document being

reached and crossed.

Claim 18 specifically teaches "translating in the first direction prior to reaching the

edge of the electronic document has a first associated translating speed that

corresponds to a speed of movement of the object, and wherein displaying an area

beyond the edge of the electronic document comprises translating the electronic

document in the first direction at a second associated translating speed, wherein the

second associated translating speed is slower than the first associated translating

speed".  This basically has to do with dampening the speed of translation of the display

once the edge is crossed, where Lira at no point mentions such as dampening of the

speed of translation once the edge is crossed.  Claim 18 is herein confirmed for the

reasons provided above.

Van Den Hoven is further lacking in this respect, as there is no disclosure of the

deceleration being resultant upon the edge of a list or the edge of a document being

reached and crossed.

**In summary, Claims 14, 17, 18, and 19 are Confirmed.**

Application/Control Number: 90/012,304                                    Page 8
Art Unit: 3992

Any comments considered necessary by PATENT OWNER regarding the above

statement must be submitted promptly to avoid processing delays.  Such submission by

the patent owner should be labeled: "Comments on Statement of Reasons for

Patentability and/or Confirmation" and will be placed in the reexamination file.

## *Conclusion*

All correspondence relating to this *ex parte* reexamination proceeding should be

directed:

By Mail to:   Mail Stop Ex Parte Reexam

              Central Reexamination Unit

              Commissioner for Patents

              United States Patent & Trademark Office

              P.O. Box 1450

              Alexandria, VA 22313-1450

By FAX to:   (571) 273-9900

              Central Reexamination Unit

Application/Control Number: 90/012,304                                    Page 9
Art Unit: 3992

By hand:        Customer Service Window

                Randolph Building

                401 Dulany Street

                Alexandria, VA 22314


By EFS-Web:

Registered users of EFS-Web may alternatively submit such correspondence via the electronic filing system EFS-Web, at

https://efs.uspto.gov/efile/myportal/efs-registered

EFS-Web offers the benefit of quick submission to the particular area of the Office that needs to act on the correspondence. Also, EFS-Web submissions are "soft scanned" (i.e., electronically uploaded) directly into the official file for the reexamination proceeding, which offers parties the opportunity to review the content of their submissions after the "soft scanning" process is complete.


Any inquiry concerning this communication or earlier communications from the

Reexamination Legal Advisor or Examiner, or as to the status of this proceeding, should

be directed to the Central Reexamination Unit at telephone number (571) 272-7705.


/Dennis  G. Bonshock/

Primary Examiner, Art Unit 3992


Conferees:

Application/Control Number: 90/012,304                                    Page 10

Art Unit: 3992

/Adam L Basehoar/

Primary Examiner, Art Unit 3992


/Alexander J Kosowski/

Supervisory Patent Examiner, Art Unit 3992

| Issue Classification | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 90012304 | 7,469,381 |
| | **Examiner** | **Art Unit** |
| | DENNIS BONSHOCK | 3992 |

**CPC**

| Symbol | | | Type | Version |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

**CPC Combination Sets**

| Symbol | | | Type | Set | Ranking | Version |
|---|---|---|---|---|---|---|
| | | | | | | |

| US ORIGINAL CLASSIFICATION | | INTERNATIONAL CLASSIFICATION | |
|---|---|---|---|
| **CLASS** | **SUBCLASS** | **CLAIMED** | **NON-CLAIMED** |
| 715 | 702 | G O 6 F 3 / 01 (2006.01.01) | |
| **CROSS REFERENCE(S)** | | | |
| **CLASS** | **SUBCLASS (ONE SUBCLASS PER BLOCK)** | | |
| 715 | 764  769  863  864 | | |

| NONE | | Total Claims Allowed: | |
|---|---|---|---|
| | | 4 | |
| (Assistant Examiner) | (Date) | | |
| /DENNIS BONSHOCK/<br>Primary Examiner.Art Unit 3992 | 6/5/201 | **O.G. Print Claim(s)** | **O.G. Print Figure** |
| (Primary Examiner) | (Date) | 19 | 8C |

| *Issue Classification* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 90012304 | 7,469,381 |
| | **Examiner** | **Art Unit** |
| | DENNIS BONSHOCK | 3992 |

| | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | |

| NONE | | **Total Claims Allowed:** | |
|---|---|---|---|
| (Assistant Examiner) | (Date) | 4 | |
| /DENNIS BONSHOCK/ Primary Examiner.Art Unit 3992 | 6/5/201 | O.G. Print Claim(s) | O.G. Print Figure |
| (Primary Examiner) | (Date) | 19 | 8C |

U.S. Patent and Trademark Office

Part of Paper No. 20130522

| **Issue Classification** | **Application/Control No.** | | **Applicant(s)/Patent Under Reexamination** |
|---|---|---|---|
| | 90012304 | | 7,469,381 |
| | **Examiner** | | **Art Unit** |
| | DENNIS BONSHOCK | | 3992 |

☒  Claims renumbered in the same order as presented by applicant  ☐  CPA  ☐  T.D.  ☐  R.1.47

| Final | Original | Final | Original | Final | Original | Final | Original | Final | Original | Final | Original | Final | Original | Final | Original |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |

| NONE | | **Total Claims Allowed:** | |
|---|---|---|---|
| (Assistant Examiner) | (Date) | 4 | |
| /DENNIS BONSHOCK/ Primary Examiner.Art Unit 3992 | 6/5/201 | O.G. Print Claim(s) | O.G. Print Figure |
| (Primary Examiner) | (Date) | 19 | 8C |

| *Reexamination* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 90012304 | 7,469,381 |
| | Certificate Date | Certificate Number |
| | | C2 |

---

**Requester Correspondence Address:**      ☐  **Patent Owner**      ☒  **Third Party**

BRYAN CAVE LLP
1290 AVENUE OF THE AMERICAS
NEW YORK, NY  10104

---

| **LITIGATION REVIEW**  ☒ | DGB (examiner initials) | 07/23/2012 (date) |
|---|---|---|
| Case Name | | Director Initials |
| APPLE INC. v. SAMSUNG ELECTRONICS CO. case no. 5:11CV1846 | | |
| case no. 1:10CV167 | | |
| | | |
| | | |
| | | |

---

| COPENDING OFFICE PROCEEDINGS | |
|---|---|
| TYPE OF PROCEEDING | NUMBER |
| | |
| | |
| | |
| | |

| | |
|---|---|
| | |

DOC. CODE  **RXFILJKT**

ALTERNATIVE TO PTO/SB/08A/B
(Based on PTO 08-08 version)

| Substitute for form 1449/PTO<br><br>**INFORMATION DISCLOSURE<br>STATEMENT BY APPLICANT**<br><br>*(Use as many sheets as necessary)* | | | | *Complete if Known* | |
|---|---|---|---|---|---|
| | | | | Control Number | 90/012,304 |
| | | | | Filing Date | May 23, 2012 |
| | | | | First Named Inventor | Bas ORDING |
| | | | | Art Unit | 3992 |
| | | | | Examiner Name | D. G. Bonshock |
| Sheet | 1 | of | 3 | Attorney Docket Number | 106842803800 |

**U.S. PATENT DOCUMENTS**

| Examiner Initials* | Cite No.[1] | Document Number<br>Number-Kind Code[2] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 1. | US-5,241,674-A | 08-31-1993 | Kurosawa et al. | |
| | 2. | US-5,463,725-A | 10-31-1995 | Henckel et al. | |
| | 3. | US-2002/0189763-A1 | 12-19-2002 | Kwon et al. | |
| | 4. | US-2006/0268020-A1 | 11-30-2006 | Han | |
| | 5. | US-2011/0037725-A1 | 02-17-2011 | Pryor | |

**FOREIGN PATENT DOCUMENTS**

| Examiner Initials* | Cite No.[1] | Foreign Patent Document<br>Country Code[3]-Number[4]-Kind Code[5] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages Or Relevant Figures Appear | T[6] |
|---|---|---|---|---|---|---|
| | 6. | EP-0493128-A2 | 07-01-1992 | Canon KK | | |
| | 7. | JP-H09-160713-A | 06-20-1997 | Toshiba | Translation of abstract only | √ |
| | 8. | JP-2000-163193-A | 06-16-2000 | Seiko Epson Corp | Translation of abstract only | √ |
| | 9. | JP-2002-323850-A | 11-08-2002 | Matsushita Electric Ind. Co. Ltd. | Translation of abstract only | √ |
| | 10. | JP-2006-090962-A | 04-06-2006 | Matsushita Electric Ind. Co. Ltd. | Translation of abstract only | √ |

| Examiner Signature | /Dennis Bonshock/ | Date Considered | 05/30/2013 |
|---|---|---|---|

*EXAMINER: Initial if information considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. [1] Applicant's unique citation designation number (optional). [2] See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. [3] Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). [4] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [5] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST. 16 if possible. [6] Applicant is to place a check mark here if English language Translation is attached.

**NON PATENT LITERATURE DOCUMENTS**

| Examiner Initials* | Cite No.[1] | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume-issue number(s), publisher, city and/or country where published. | T[6] |
|---|---|---|---|
| | 11. | Baig, "Apple's iPhone Isn't Perfect, But It's Worthy of the Hype," USA Today, June 27, 2007 | |
| | 12. | Certificated of Grant dated January 23, 2012, received in the Turkish part of European Patent Application No. 2 126 678, which corresponds to U.S. Application No. 11/956,969, 2 pages. | |
| | 13. | Data sheet of the HP iPAQ h4100 pocket PC series http://h20000.www2.hp.com/bizsupport/TechSupport/Document.jsp?lang=de&cc=de&taskId=120&prodSeriesId=349042&prodTypeId=215348&objectID=c00350648, accessed May 17, 2013. | |
| | 14. | Dietz et al., "Touch Recognition Technology 'DiamondTouch'" (Abstract), Mitsubishi Denki Giho (August 2002) | |
| | 15. | Esenther et al., "Multi-User Multi-Touch Games on DiamondTouch with the DTFlash Toolkit," Intelligent Technologies for Interactive Entertainment 2005 (December 2005) | |
| | 16. | Final Office Action dated February 14, 2013, received in U.S. Application No. 12/270,815, 13 pages. | |

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH.  /D.B./

ALTERNATIVE TO PTO/SB/08A/B
(Based on PTO 08-08 version)

| Substitute for form 1449/PTO | | | | Complete if Known | |
|---|---|---|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | | | Control Number | 90/012,304 |
| | | | | Filing Date | May 23, 2012 |
| | | | | First Named Inventor | Bas ORDING |
| | | | | Art Unit | 3992 |
| | | | | Examiner Name | D. G. Bonshock |
| Sheet | 2 | of | 3 | Attorney Docket Number | 106842803800 |

| | | | |
|---|---|---|---|
| | 17. | Grant dated October 26, 2012, received in Japanese Patent Application No. 2010 157303, which corresponds to U.S. Application No. 11/956,969, 4 pages. | |
| | 18. | Jul and Furnas (1998) "Critical Zones in Desert Fog: Aids to Multiscale Navigation," Proceedings of the 11th annual ACM symposium on User interface software and technology, p. 97-106. | |
| | 19. | Keys, "[CHI] Is Microsoft's (U.S.) New User Interface Made for Next Generation Cell Phones? " Tech-On!, April 8, 2005 | |
| | 20. | Levy, "At Last, the iPhone," The Daily Beast, June 25, 2007 | |
| | 21. | Mossberg, "The iPhone is a Breakthrough Handheld Computer," ALL Things D, June 26, 2007 | |
| | 22. | Notice of Allowance dated September 19, 2012, received in U.S. Application No. 12/270,812, 25 pages. | |
| | 23. | Office Action dated February 18, 2013, received in Chinese Patent Application No. 200880000019.9, which corresponds to U.S. Application No. 11/956,969, 12 pages [translation]. | √ |
| | 24. | Office Action dated October 15, 2012, received in Japanese Patent Application No. 2010157303, which corresponds to U.S. Application No. 11/956,969, 4 pages. | √ |
| | 25. | Office Action dated September 9, 2012, received in Chinese Patent Application No. 200880000019.9, which corresponds to U.S. Application No. 11/956,969, 22 pages. | √ |
| | 26. | Pogue, "The iPhone Matches Most of Its Hype," The New York Times, June 27, 2007 | |
| | 27. | Printouts of HCIL Webpage: "Interface Supporting One-Handed Use of Small Devices", June 2005. | |
| | 28. | Printouts of Microsoft webpage: "Microsoft Opens R&D to Small Companies and Entrepreneurs", May 4, 2005. | |
| | 29. | Australian Case No. (P) NSD 308 of 2013, "Amended Particulars of Invalidity, Australian Standard Patent No. 2008201540", March 2013. | |
| | 30. | Australian Case No. (P) NSD 308 of 2013, "Amended Particulars of Invalidity, Australian Standard Patent No. 2009200366", March 2013. | |
| | 31. | Australian Case No. (P) NSD 308 of 2013, "Amended Particulars of Invalidity, Australian Standard Patent No. 2009208103", March 2013. | |
| | 32. | Australian Case No. (P) NSD 308 of 2013, "Amended Particulars of Invalidity, Australian Standard Patent No. 2008100283", March 2013. | |
| | 33. | Australian Case No. NSD 1243 of 2011, "Affidavit of Andrew Cockburn", January 14, 2013. | |
| | 34. | Australian Case No. NSD 1243 of 2011, "Affidavit of Ravin Balakrishnan", January 16, 2013. | |
| | 35. | Australian Case No. NSD 1243 of 2011, "Affidavit of Saul Greenberg", January 9, 2013. | |
| | 36. | Australian Case No. NSD 1243 of 2011, "Apple's Outline of Opening Submissions on the Invalidity of HCI Patents", February 21, 2013. | |
| | 37. | Australian Case No. NSD 1243 of 2011, "Samsung's Outline of Opening Submissions on the Invalidity of Apple's HCI Patents", February 14, 2013. | |
| | 38. | Australian Case No. NSD 1243 of 2011, "Second Affidavit of Mark Nathan Billinghurst", January 16, 2013. | |
| | 39. | Australian Case No. NSD 1243 of 2011, "Second Affidavit of Masahiro Takatsuka", January 15, 2013. | |
| | 40. | Australian Case No. NSD 1243 of 2011, "Second Affidavit of Ravin Balakrishnan", May 2, 2013. | |
| | 41. | Australian Case No. NSD 1243 of 2011, "Second Affidavit of Roderick Alexander Farmer", October 30, 2012. | |
| | 42. | Australian Case No. NSD 1243 of 2011, "Second Affidavit of Saul Greenberg", January 9, 2013. | |

sf-3287705

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /D.B./

ALTERNATIVE TO PTO/SB/08A/B
(Based on PTO 08-08 version)

| Substitute for form 1449/PTO | **Complete if Known** | |
|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | Control Number | 90/012,304 |
| | Filing Date | May 23, 2012 |
| | First Named Inventor | Bas ORDING |
| | Art Unit | 3992 |
| | Examiner Name | D. G. Bonshock |
| Sheet    3    of    3 | Attorney Docket Number | 106842803800 |

| | | | |
|---|---|---|---|
| | 43. | Australian Case No. NSD 1243 of 2011, "Third Affidavit of Roderick Alexander Farmer", February 8, 2013. | |
| | 44. | Australian Case No. NSD 308 of 2013, "Apple's Defence to Samsung's Statement of Cross-Claim", February 25, 2013. | |
| | 45. | Australian Case No. NSD 308 of 2013, "Samsung's Notice of Cross-Claim", February 22, 2013. | |
| | 46. | Australian Case No. NSD 308 of 2013, "Samsung's Statement of Cross-Claim", February 22, 2013. | |
| | 47. | Australian Case Nos. NSD 308 of 2013 / NSD 1243 of 2011, "List of Topics for Discussion Between Experts on the HCI A Patents", February 2013. | |
| | 48. | German Case No. 7070/12, Regional Court Mannheim, 7th Civil Chamber, "Decision", February 8, 2013. | |
| | 49. | Japanese 2011 (Wa) No. 27781, Case of Petition for Damage Compensation, "Apple's Seventh Brief [Translation]", February 2013. | √ |
| | 50. | Japanese 2011 (Wa) No. 27781, Case of Petition for Damage Compensation, "Apple's Sixth Brief [Translation]", January 10, 2013. | √ |
| | 51. | Japanese 2011 (Wa) No. 27781, Case of Petition for Damage Compensation, "Samsung's Eighth Brief [Translation]", May 14, 2013. | √ |
| | 52. | Japanese 2011 (Wa) No. 27781, Case of Petition for Damage Compensation, "Samsung's Seventh Brief [Translation]", January 17, 2013. | √ |
| | 53. | Japanese Patent Invalidation Trial No. 2012-800075, "Oral Proceedings Statement Brief [Translation]", April 5, 2013. | √ |
| | 54. | Korean Case No. 2012 Na 76203, Action for Injunction to Cease Patent Infringement, etc., "Brief", February 26, 2013. | √ |
| | 55. | Korean Case No. 2012 Na 76203, Action for Injunction to Cease Patent Infringement, etc., "Appeal Brief", November 26, 2012. | √ |
| | 56. | Korean Case No. 2012 Na 76203, Action for Injunction to Cease Patent Infringement, etc., "Brief", February 1, 2013. | √ |

| Examiner Signature | /Dennis Bonshock/ | Date Considered | 05/30/2013 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

[1]Applicant's unique citation designation number (optional).  [2]Applicant is to place a check mark here if English language Translation is attached.

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH.  /D.B./

| *Ex Parte Reexamination Interview Summary* | Control No. | Patent Under Reexamination |
|---|---|---|
| | 90/012,304 | 7,469,381 |
| | Examiner | Art Unit |
| | DENNIS BONSHOCK | 3992 |

All participants (USPTO personnel, patent owner, patent owner's representative):

| (1) _DENNIS BONSHOCK_ | (3) _ADAM BASEHOAR_ |
|---|---|
| (2) _ALEXANER KOSOWSKI_ | (4) _PETER YIM_ |

Date of Interview: _13 May 2013_

Type:  a)☒ Telephonic   b)☐ Video Conference
      c)☐ Personal (copy given to: 1)☐ patent owner   2)☐ patent owner's representative)

Exhibit shown or demonstration conducted:  d)☐ Yes  e)☒ No.
      If Yes, brief description: _____

Agreement with respect to the claims  f)☒  was reached.   g)☐  was not reached.   h)☐  N/A.
Any other agreement(s) are set forth below under "Description of the general nature of what was agreed to…"

Claim(s) discussed: _1-20_.

Identification of prior art discussed: _Lira_.

Description of the general nature of what was agreed to if an agreement was reached, or any other comments:
_Agreement was reached that Lira does not provide for "instructions for" translating… "until the area beyond the edge of the electronic document is no longer displayed" as is stated in claim 19.  Additionally Patent Owner agreed to cancel via Examiner's Amendment claims 1-13, 15, 16, and 20, where these claims were neither previously confirmed (as were claims 14, 17, and 18) nor provide said specific recitation to "instructions for" translating… "until the area beyond the edge of the electronic document is no longer displayed"._

(A fuller description, if necessary, and a copy of the amendments which the examiner agreed would render the claims patentable, if available, must be attached.  Also, where no copy of the amendments that would render the claims patentable is available, a summary thereof must be attached.)

A FORMAL WRITTEN RESPONSE TO THE LAST OFFICE ACTION MUST INCLUDE PATENT OWNER'S STATEMENT OF THE SUBSTANCE OF THE INTERVIEW.  (See MPEP § 2281). IF A RESPONSE TO THE LAST OFFICE ACTION HAS ALREADY BEEN FILED, THEN PATENT OWNER IS GIVEN **ONE MONTH** FROM THIS INTERVIEW DATE TO PROVIDE THE MANDATORY STATEMENT OF THE SUBSTANCE OF THE INTERVIEW (37 CFR 1.560(b)). THE REQUIREMENT FOR PATENT OWNER'S STATEMENT CAN NOT BE WAIVED.
**EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**

| /Dennis  G. Bonshock/ Primary Examiner, Art Unit 3992 | /AJK/ | |
|---|---|---|

cc: Requester (if third party requester)

**Continuation Sheet (PTOL-474)**                                    **Reexam Control No.**

All participants (continued)

(5)  Brian Ho

| *Ex Parte Reexamination Interview Summary* | Control No. | Patent Under Reexamination |
|---|---|---|
| | 90/012,304 | 7,469,381 |
| | Examiner | Art Unit |
| | DENNIS BONSHOCK | 3992 |

All participants (USPTO personnel, patent owner, patent owner's representative):

| | |
|---|---|
| (1) _DENNIS BONSHOCK_ | (3) _ADAM BASEHOAR_ |
| (2) _ALEXANDER KOSOWSKI_ | (4) _JASON SKINDER_ |

Date of Interview: _09 May 2013_

Type:  a)☐ Telephonic   b)☐ Video Conference
       c)☒ Personal (copy given to:  1)☐ patent owner    2)☐ patent owner's representative)

Exhibit shown or demonstration conducted:   d)☒ Yes   e)☐ No.
   If Yes, brief description: _Patent Owner's Representatives displayed a copy of the claims of the 11/956,969 application as they were initially presented prior to examination, the claims since being amended resulting in the '381 Patent._

Agreement with respect to the claims  f)☐  was reached.   g)☐  was not reached.   h)☒  N/A.
Any other agreement(s) are set forth below under "Description of the general nature of what was agreed to…"

Claim(s) discussed: _1, 19, and 20._

Identification of prior art discussed: _Lira._

Description of the general nature of what was agreed to if an agreement was reached, or any other comments:
_Patent Owner's Representatives presented their position that the Lira reference lacked the "stop condition" in the claims where the translating in the second direction occurs "until the area beyond the edge of the electronic document is no longer displayed".  To this, the Office noted that Lira does provide for animated snap-on-column functionality from an area off of the column upon pen lift (see page 15, lines 18-31), where the width of the column is sized to the window size so as to be less than or equal to the window width (see page 11, lines 10-17), with specific recitations to the column widths corresponding to the display width 425 (see column 10, lines 1-5).  The Office believes this is important as when the window snaps back to the column, corrective scrolling is stopped when the display is centered over the column, thereby placing the edges of the column at the edges of the equally sized display, where at the exact instance that the widow is centered the area beyond the edge ceases to be displayed (same result).  The Patent Owner's Representatives noted that claim 19, specifically teaches "instructions for" translating "until the area beyond the edge of the electronic document is no longer displayed", where the Office asked for further clarification as to whether there is support for actual coded instructions that effect this process, and noted that if there where this would be a good area to focus.  The Office noted that though a corrective traversal appears in Lira to stop when the area beyond the edge of the document is no longer displayed, it may not be responsive to instructions requiring that but rather a result of instructions to center (same effect, different cause), pending further review.  Patent Owner's Representatives noted that they would provide support._

(A fuller description, if necessary, and a copy of the amendments which the examiner agreed would render the claims patentable, if available, must be attached.  Also, where no copy of the amendments that would render the claims patentable is available, a summary thereof must be attached.)

A FORMAL WRITTEN RESPONSE TO THE LAST OFFICE ACTION MUST INCLUDE PATENT OWNER'S STATEMENT OF THE SUBSTANCE OF THE INTERVIEW.  (See MPEP § 2281). IF A RESPONSE TO THE LAST OFFICE ACTION HAS ALREADY BEEN FILED, THEN PATENT OWNER IS GIVEN **ONE MONTH** FROM THIS INTERVIEW DATE TO PROVIDE THE MANDATORY STATEMENT OF THE SUBSTANCE OF THE INTERVIEW (37 CFR 1.560(b)). THE REQUIREMENT FOR PATENT OWNER'S STATEMENT CAN NOT BE WAIVED.
**EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**

/Dennis G. Bonshock/
Primary Examiner, Art Unit 3992

/AJK/

cc: Requester (if third party requester)

U.S. Patent and Trademark Office
PTOL-474 (Rev. 04-01)        ***Ex Parte* Reexamination Interview Summary**        Paper No. 20130509

**Continuation Sheet (PTOL-474)**                                    **Reexam Control No.**

All participants (continued)

(5)  Peter Yim

(6)  Brian Ho



 UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

Bib Data Sheet

**CONFIRMATION NO. 4807**

| SERIAL NUMBER 90/012,304 | FILING OR 371(c) DATE 05/23/2012 RULE | CLASS 715 | GROUP ART UNIT 3992 | ATTORNEY DOCKET NO. 0331834.381 |
|---|---|---|---|---|

**APPLICANTS**

    7,469,381, Residence Not Provided;
    APPLE INC. (OWNER), CUPERTINO, CA;
    JOSEPH J. RICHETTI (3RD PTY. REQ.), NEW YORK, NY;
    ~~BRYAN CAVE LLP, NEW YORK, NY~~

** CONTINUING DATA *************************
    This application is a REX of 11/956,969 12/14/2007 PAT 7469381
    which claims benefit of 60/879,253 01/07/2007
    and claims benefit of 60/883,801 01/07/2007
    and claims benefit of 60/879,469 01/08/2007
    and claims benefit of 60/945,858 06/22/2007
    and claims benefit of 60/946,971 06/28/2007
    and claims benefit of 60/937,993 06/29/2007

** FOREIGN APPLICATIONS ********************

| Foreign Priority claimed ☐ yes ☒ no 35 USC 119 (a-d) conditions met ☐ yes ☒ no ☐ Met after Allowance Verified and Acknowledged /Dennis Bonshock/ DGB Examiner's Signature Initials | STATE OR COUNTRY | SHEETS DRAWING | TOTAL CLAIMS 20 | INDEPENDENT CLAIMS 3 |
|---|---|---|---|---|

**ADDRESS**
61725

**TITLE**
LIST SCROLLING AND DOCUMENT TRANSLATION, SCALING, AND ROTATION ON A TOUCH-SCREEN DISPLAY

| FILING FEE RECEIVED 2520 | FEES: Authority has been given in Paper No. _____ to charge/credit DEPOSIT ACCOUNT No. _____ for following: | ☐ All Fees |
|---|---|---|
| | | ☐ 1.16 Fees ( Filing ) |
| | | ☐ 1.17 Fees ( Processing Ext. of time ) |
| | | ☐ 1.18 Fees ( Issue ) |
| | | ☐ Other |
| | | ☐ Credit |

| *Search Notes* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 90012304 | 7,469,381 |
| | Examiner | Art Unit |
| | DENNIS BONSHOCK | 3992 |

## CPC- SEARCHED

| Symbol | Date | Examiner |
|---|---|---|
| | | |

## CPC COMBINATION SETS  - SEARCHED

| Symbol | Date | Examiner |
|---|---|---|
| | | |

## US CLASSIFICATION SEARCHED

| Class | Subclass | Date | Examiner |
|---|---|---|---|
| | | | |

## SEARCH NOTES

| Search Notes | Date | Examiner |
|---|---|---|
| Reviewed Previous Prosecution History | 7-23-12 | dgb |
| Reviewed Previous Prosecution History | 10-9-12 | dgb |
| Reviewed Previous Prosecution History | 3-21-13 | dgb |
| Reviewed Previous Prosecution History | 5-30-13 | dgb |

## INTERFERENCE SEARCH

| US Class/ CPC Symbol | US Subclass / CPC Group | Date | Examiner |
|---|---|---|---|
| | | | |

| | Control No. | Patent Under Reexamination |
|---|---|---|
| ***Notice of Intent to Issue Ex Parte Reexamination Certificate*** | 90/012,304 | 7,469,381 |
| | **Examiner** | **Art Unit** |
| | DENNIS BONSHOCK | 3992 |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

1. ☒ Prosecution on the merits is (or remains) closed in this *ex parte* reexamination proceeding. This proceeding is subject to reopening at the initiative of the Office or upon petition. *Cf.* 37 CFR 1.313(a). A Certificate will be issued in view of
    (a) ☒ Patent owner's communication(s) filed: <u>13 May 2013 and 20 May 2013</u>.
    (b) ☐ Patent owner's failure to file an appropriate timely response to the Office action mailed: _____.
    (c) ☐ Patent owner's failure to timely file an Appeal Brief (37 CFR 41.31).
    (d) ☐ The decision on appeal by the ☐ Board of Patent Appeals and Interferences ☐ Court dated _____
    (e) ☐ Other: _____.

2. The Reexamination Certificate will indicate the following:
    (a) Change in the Specification: ☐ Yes ☒ No
    (b) Change in the Drawing(s): ☐ Yes ☒ No
    (c) Status of the Claim(s):
        (1) Patent claim(s) confirmed: <u>14 and 17-19</u>.
        (2) Patent claim(s) amended (including dependent on amended claim(s)): _____
        (3) Patent claim(s) canceled: <u>1-13, 15-16, and 20</u>.
        (4) Newly presented claim(s) patentable: _____.
        (5) Newly presented canceled claims: _____.
        (6) Patent claim(s) ☐ previously ☐ currently disclaimed: _____
        (7) Patent claim(s) not subject to reexamination: _____.

3. ☒ Note the attached statement of reasons for patentability and/or confirmation. Any comments considered necessary by patent owner regarding reasons for patentability and/or confirmation must be submitted promptly to avoid processing delays. Such submission(s) should be labeled: "Comments On Statement of Reasons for Patentability and/or Confirmation."

4. ☐ Note attached NOTICE OF REFERENCES CITED (PTO-892).

5. ☒ Note attached LIST OF REFERENCES CITED (PTO/SB/08 **or PTO/SB/08 substitute**).

6. ☐ The drawing correction request filed on _____ is: ☐ approved or ☐ disapproved.

7. ☐ Acknowledgment is made of the priority claim under 35 U.S.C. § 119(a)-(d) or (f).
    a)☐ All  b)☐ Some*  c)☐ None  of the certified copies have
        ☐ been received.
        ☐ not been received.
        ☐ been filed in Application No. _____.
        ☐ been filed in reexamination Control No. _____.
        ☐ been received by the International Bureau in PCT Application No. _____.

    * Certified copies not received: _____.

8. ☒ Note attached Examiner's Amendment.

9. ☒ Note attached Interview Summary (PTO-474).

10. ☐ Other: _____.

**All correspondence** relating to this reexamination proceeding should be directed to the **Central Reexamination Unit** at the mail, FAX, or hand-carry addresses given at the end of this Office action.

| | /Dennis G. Bonshock/ Primary Examiner, Art Unit 3992 |
|---|---|

cc: Requester (if third party requester)



UNITED STATES PATENT AND TRADEMARK OFFICE

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/012,304 | 05/23/2012 | 7,469,381 | P4304USREX2/120730-002US | 4807 |

20872          7590          06/12/2013

MORRISON & FOERSTER LLP
425 MARKET STREET
SAN FRANCISCO, CA 94105-2482

| EXAMINER |
|---|
| BONSHOCK, DENNIS G |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3992 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 06/12/2013 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.



UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

**DO NOT USE IN PALM PRINTER**

(THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS)

BRYAN CAVE LLP

1290 AVENUE OF THE AMERICAS

NEW YORK, NY  10104

# *EX PARTE* REEXAMINATION COMMUNICATION TRANSMITTAL FORM

REEXAMINATION CONTROL NO. _90/012,304_.

PATENT NO. _7,469,381_.

ART UNIT _3992_.

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified *ex parte* reexamination proceeding (37 CFR 1.550(f)).

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a reply has passed, no submission on behalf of the *ex parte* reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).

PTOL-465 (Rev.07-04)