QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kathleen M. Sullivan (Cal. Bar No. 242261)
kathleensullivan@quinnemanuel.com
Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Susan R. Estrich (Cal. Bar No. 124009)
susanestrich@quinnemanuel.com
Michael T. Zeller (Cal. Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 11-cv-01846-LHK<br><br>**DECLARATION OF JAMES SHIN IN SUPPORT OF APPLE'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL** |

I, James Shin, declare:

1. I am Senior Legal Counsel at Samsung Electronics Co., Ltd. ("SEC"). I have personal knowledge of the facts set forth in this declaration, except as otherwise noted, and, if called as a witness, could and would testify to those facts under oath.

2. I submit this declaration in support of Apple's Administrative Motion to File Under Seal (Dkt. No. 2332) ("Motion"):

- Exhibit A to the Declaration of Erik J. Olson in Support of Apple's Opposition to Samsung's Administrative Motion for Relief from April 29, 2013 Case Management Order ("Olson Declaration") (Dkt. No. 2329); and

- Exhibits A - D to the Declaration of Marylee Robinson in Support of Apple's Opposition to Samsung's Administrative Motion for Relief from April 29, 2013 Case Management Order ("Robinson Declaration") (Dkt. No. 2331).

3. Exhibit A to the Olson Declaration consists of excerpts from the June 24, 2013 Expert Report of Julie L. Davis. Exhibits A and D to the Robinson Declaration consists of excerpts from the March 22, 2012 Expert Report of Terry L. Musika and May 8, 2012 Supplemental Expert Report of Terry L. Musika; Exhibit B to the Robinson Declaration consists of excerpts from the May 8, 2012 Supplemental Expert Report of Terry L. Musika; and Exhibit C to the Robinson Declaration consists of excerpts from the March 22, 2012 Expert Report of Terry L. Musika. I have reviewed partially redacted versions of these documents that exclude Apple's confidential information. Samsung considers the product-specific financial data included in documents to be highly confidential, including detailed information about revenues, profits, and profit margins on various Samsung products.

4. The Samsung-confidential financial data included in Apple's exhibits are identical to the data included in: (a) Exhibit 2 to the July 1, 2013 Declaration of Anthony Alden in Support of Samsung's Motion for Relief from April 29, 2013 Case Management Order (Dkt. No. 2326) (excerpts from the Davis Expert Report); (b) Exhibits A and B to the May 31, 2012 Declaration of Terry L. Musika in Support of Apple's Opposition to Samsung's *Daubert* Motion (Dkt. No. 991) (Musika Expert Report and Musika Supplemental Expert Report); and (c) Exhibits 3 and 5 to the

May 17, 2012 Declaration of Joby Martin in Support of Samsung's *Daubert* Motion (Dkt. No. 927) (same).

5. Because the documents subject to Apple's Motion are identical to documents filed previously in this action and subject to prior sealing requests, I incorporate by reference the declarations filed in support of the prior sealing requests, *i.e.,* the Declaration of GiHo Ro in Support of Samsung's Renewed Administrative Motion to File Documents Under Seal dated July 30, 2012 (Dkt. No. 1490); the Declaration of Anthony Alden in Support of Samsung's Administrative Motion to File Documents Under Seal dated July 1, 2013 (Dkt. No. 2326); and my declaration in support of Samsung's Administrative Motion to File Documents Under Seal dated July 9, 2013 (Dkt. No. 2340).

6. As identified in Exhibit A to the Declaration of Anthony Alden in Support of Samsung's Administrative Motion to File Documents Under Seal (Dkt. No. 2326), Samsung requests that the following portions of Olson Declaration Exhibit A (excerpts from the Davis Expert Report) be sealed: page 25 (lines 1-3 & 10-14) and page 74 (lines 13 & 14).

7. Samsung seeks to seal the same portions of Robinson Declaration Exhibits A – D it identified in its Federal Circuit appeal from the Court's July 17, 2012 and August 9, 2012 Orders. *See Apple Inc. v. Samsung Elecs. Co., Ltd., et al.*, Dkt. No. 72 at 8-9 & nn. 8-9; Dkt. No. 103 at 1 (Fed. Cir. Sep. 18, 2012) ("*Apple*").  Specifically, Samsung seeks to seal:

| **Exhibit** | **Portions Samsung Seeks to Seal** |
|---|---|
| Robinson Ex. A | Original Report: Exhibits 17 & 18 (except "Reasonable Royalty" columns). Supplemental Report: Exhibits 17-S & 18-S (except "Reasonable Royalty" columns). |
| Robinson Ex. B | Supplemental Report: page 18 (line 14). |
| Robinson Ex. C | Original Report: page 40 (lines 13-15). |
| Robinson Ex. D | Original Report: page 48 (lines 23 & 25). |

| | Supplemental Report: page 12 (line 20). |
|---|---|

8.  Samsung considers the product-specific financial data included in these documents to be highly confidential, including detailed information about revenues, profits, and profit margins on various Samsung products. Samsung does not report the type of product-specific revenue, profit or margin data included in these documents to investors, regulatory bodies, the press, or business analysts. This type of information is highly confidential to Samsung and Samsung takes extraordinary steps to maintain the secrecy of the information. Even within Samsung's finance and accounting groups, such data can only be accessed by certain personnel on a restricted, need-to-know basis. This type of data guides Samsung's pricing, distribution, financial planning, and other business decisions.

9.  Samsung's financial data was produced in this case to Apple's outside counsel and experts for the sole purpose of calculating supposed damages and were marked "Highly Confidential – Attorneys' Eyes Only" under the Protective Order. Samsung took special precautions when producing detailed financial data, including restricting the distribution of soft copies, copying, and inspection.

10. Product-specific profit data are far more sensitive and confidential than company-wide financial statements because they can be used to determine the lowest price at which Samsung can profitably sell its products. Armed with that information, a competitor could charge a lower price in an effort to gain market share. Competitors could also use knowledge of Samsung's highest- and lowest-performing product lines to target marketing and advertising efforts.

11. Suppliers could use the same information as leverage to negotiate higher prices for components, and carrier and retail partners would be able to leverage knowledge of Samsung's margins to negotiate lower prices for Samsung's smart phone and tablet products.

12. For these reasons, Samsung requests that Apple's Motion be granted as to the information identified in paragraphs six and seven.

1  13. This Court has previously denied the parties' requests to seal portions of the Expert
2  Report of Terry L. Musika and Supplemental Expert Report of Terry L. Musika. (*See* Dkt. Nos.
3  1256 & 1649.) However, as noted in paragraph 7, Samsung has appealed to the Federal Circuit
4  from those Orders (Dkt. No. 1722), and the Federal Circuit has stayed the disclosure of portions of
5  the Musika reports pending resolution of the parties' appeals. See *Apple*, Case No. 2012-1600, -
6  1606, Dkt. No. 39. Should the Court find the information identified in paragraphs six and seven
7  not sealable, Samsung requests that the Court stay the effect of its order pending the Federal
8  Circuit's resolution of Samsung's appeal from the July 17, 2012 and August 9, 2012 Orders.

10  I declare under penalty of perjury of the laws of the United States that the foregoing is true
11  and correct. Executed in Suwon, South Korea on July 12, 2013.

*/s/ James Shin*
James Shin

02198.51855/5411712.2                                  -4-                               Case No. 11-cv-01846-LHK
DECLARATION OF JAMES SHIN