HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK (PSG)<br><br>**APPLE INC.'S MOTION TO MODIFY APRIL 29, 2013, CASE MANAGEMENT ORDER EXCLUDING EVIDENCE OF CERTAIN INFUSE 4G SALES OR, IN THE ALTERNATIVE, FOR LEAVE TO SEEK RECONSIDERATION OF THAT ORDER, AND TO CLARIFY THAT THE ORDER APPLIED SOLELY TO THE INFUSE 4G**<br><br>Date:     August 21, 2013<br>Time:     2:00 PM<br>Place:    Courtroom 8, 4th Floor<br>Judge:   Hon. Lucy H. Koh |

1

## NOTICE OF MOTION

2  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

3      PLEASE TAKE NOTICE that on August 21, 2013, at 2:00 p.m., or as soon thereafter as

4  counsel may be heard before the Honorable Lucy Koh in Courtroom 8 of the above-entitled

5  Court, located at 280 South 1st Street, San Jose, California, Plaintiff Apple Inc. shall and hereby

6  does move the Court for (1) an order pursuant to Rule 16(d) modifying the April 29, 2013, Case

7  Management Order (Dkt. No. 2316), or in the alternative, for leave to seek reconsideration of a

8  portion of the Case Management Order, and (2) if the Court does not modify or reconsider the

9  Case Management Order, an order that the parties may introduce evidence of Samsung's

10 infringing sales of all products other than the Infuse 4G without any restrictions based on

11 paragraph 24 of the Joint Pretrial Statement filed on July 6, 2012 (Dkt. No. 1189).

12      This motion is based on this notice of motion and supporting memorandum of points and

13 authorities; supporting declarations filed herewith and exhibits attached thereto; and such other

14 written or oral argument as may be presented at or before the time this motion is taken under

15 submission by the Court.

16

## RELIEF REQUESTED

17      Apple seeks:  (1) an order setting aside the portion of the April 29, 2013, Case

18 Management Order that prohibits the parties from "introduc[ing] any data regarding Infuse 4G

19 sales that occurred prior to May 15, 2011," or in the alternative, allowing Apple to seek

20 reconsideration and granting reconsideration of that portion of the Case Management Order; and

21 (2) if the Court does not modify or reconsider the Case Management Order, an order that the first

22 sale dates set forth in paragraph 24 of the Joint Pretrial Statement ("JPTS") filed on July 6, 2012

23 (Dkt. No. 1189) have been modified and superseded by the evidence in the first trial, and

24 clarifying that the parties may introduce evidence of Samsung's infringing sales of all products

25 other than the Infuse 4G without any restrictions based on paragraph 24 of the JPTS.

26

27

28

APPLE'S MOT. TO MODIFY CMO, FOR LEAVE RE RECONSIDERATION AND FOR CLARIFICATION
Case No. 11-cv-01846-LHK (PSG)
sf-3299217

ii

1    Dated: July 17, 2013                MORRISON & FOERSTER LLP

2
                                         By:  */s/ Harold J. McElhinny*
3                                             HAROLD J. McELHINNY

4                                            Attorneys for Plaintiff
                                             APPLE INC.
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION..........................................................................................................ii

RELIEF REQUESTED........................................................................................................ii

TABLE OF AUTHORITIES ...............................................................................................vi

MEMORANDUM OF POINTS AND AUTHORITIES ......................................................1

I.      INTRODUCTION ....................................................................................................1

II.     THERE IS ABUNDANT GOOD CAUSE TO MODIFY THE CASE
        MANAGEMENT ORDER TO PERMIT INTRODUCTION OF DATA
        REGARDING INFUSE 4G SALES THAT OCCURRED PRIOR TO
        MAY 15, 2011. ........................................................................................................2

        A.      The Case Management Order Excluding Evidence Of Certain Sales
                Of The Infuse 4G Can Be Modified Based On Good Cause Under
                Rule 16(d). .....................................................................................................2

        B.      There Is Good Cause To Permit Introduction Of "Data Regarding
                Infuse 4G Sales" That The Case Management Order Excludes............................3

                1.      The new trial should be conducted with what the parties
                        agree is accurate evidence of Samsung's sales and revenues.....................3

                2.      The Order rests on a JPTS that was modified by the Trial
                        Exhibits establishing Samsung's sales. ....................................................4

                3.      Samsung successfully argued that the JPTS is not binding
                        because it was modified by the Trial Exhibits, and is
                        estopped from now arguing otherwise. .......................................................5

                4.      Modifying the Order is consistent with the Court's directive
                        to proceed with the same evidence used in the first trial. ..........................7

                5.      Unless modified, the Order will deprive Apple of the
                        opportunity to prove and recover as much as $30 million in
                        damages. .................................................................................................7

                6.      Modifying the Order is consistent with the Court's
                        determination that the JPTS was unenforceable for purposes
                        of determining notice. .............................................................................8

        C.      In The Alternative, If The Court Determines That The Order
                Excluding Evidence Regarding The Infuse 4G Is Not Properly
                Addressed Under Rule 16(d), Apple Seeks Leave To File A Motion
                For Reconsideration Of The Exclusion Order......................................................8

III.    IF THE COURT DOES NOT MODIFY THE CASE MANAGEMENT
        ORDER, THE COURT SHOULD CLARIFY THAT THE ORDER DOES
        NOT APPLY TO ANY PRODUCT OTHER THAN THE INFUSE 4G. .....................10

APPLE'S MOT. TO MODIFY CMO, FOR LEAVE RE RECONSIDERATION AND FOR CLARIFICATION
Case No. 11-cv-01846-LHK (PSG)
sf-3299217

iv

A. The JPTS Was Modified By The Trial Exhibits Establishing Samsung's Sales. ............................................................................... 10

B. If The Court Concludes That The JPTS Was Not Already Modified, The Court Should Modify The JPTS Now To Prevent Manifest Injustice. ...................................................................................................... 10

1. Enforcing the JPTS dates would result in manifest injustice. .................. 11

2. No countervailing factors weigh against modifying the order. ...................................................................................................... 12

IV. CONCLUSION ................................................................................................... 13

APPLE'S MOT. TO MODIFY CMO, FOR LEAVE RE RECONSIDERATION AND FOR CLARIFICATION
Case No. 11-cv-01846-LHK (PSG)
sf-3299217

v

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Anderson v. Van Pelt,*
No. 09-cv-00704,
2012 U.S. Dist. LEXIS 19290 (D. Colo. Feb. 16, 2012) ...................................................... 12

*Bennett v. Emerson Elec. Co.,*
186 F. Supp. 2d 1168 (D. Kan. 2002) ................................................................................... 12

*Dillon, Read & Co. v. United States,*
875 F.2d 293 (Fed. Cir. 1989) ................................................................................................ 4

*Four Seasons Freight Servs. v. Haralson,*
No. 95-35703,
1996 U.S. App. LEXIS 23404 (9th Cir. Sept. 4, 1996) ........................................................ 9

*Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.,*
772 F.2d 505 (9th Cir. 1985) ............................................................................................. 4, 5

*Gerber v. Computer Assocs. Int'l, Inc.,*
No. 91-CV-3610,
2000 U.S. Dist. LEXIS 21727 (E.D.N.Y. Nov. 7, 2000) ..................................................... 11

*Hultgren v. County of Lancaster,*
753 F. Supp. 809 (D. Neb. 1989) ......................................................................................... 12

*Hunt v. County of Orange,*
672 F.3d 606 (9th Cir. 2012) ............................................................................................... 13

*Illumina Inc. v. Complete Genomics, Inc.,*
No. C-10-05542,
2013 U.S. Dist. LEXIS 56908 (N.D. Cal. Mar. 26, 2013) .................................................... 9

*In re Cabletron Sys.,*
311 F.3d 11 (1st Cir. 2002) ................................................................................................... 9

*Johnson v. Mammoth Recreations, Inc.,*
975 F.2d 604 (9th Cir. 1992) ................................................................................................. 2

*Kearl v. Rausser,*
293 Fed. Appx. 592 (10th Cir. 2008) ..................................................................................... 4

*Kirkland v. Dist. of Columbia,*
70 F.3d 629 (D.C. Cir. 1995) ................................................................................................. 5

APPLE'S MOT. TO MODIFY CMO, FOR LEAVE RE RECONSIDERATION AND FOR CLARIFICATION
Case No. 11-cv-01846-LHK (PSG)
sf-3299217

vi

*Lozaya v. Garrou Constr., Inc.,*
    No. 04-cv-02569,
    2006 U.S. Dist. LEXIS 55892 (D. Colo. Aug. 10, 2006) ...................................................... 11

*Mechmetals Corp. v. Telex Computer Prods., Inc.,*
    709 F.2d 1287 (9th Cir. 1983) ............................................................................................. 4

*New Hampshire v. Maine,*
    532 U.S. 742 (2001) ............................................................................................................. 6

*Qualcomm Inc. v. Broadcom Corp.,*
    No. 05cv1958-B,
    2008 U.S. Dist. LEXIS 51748 (S.D. Cal. July 7, 2008) ....................................................... 9

*Rambus Inc. v. Hynix Semiconductor Inc.,*
    628 F. Supp. 2d 1114 (N.D. Cal. 2008) ............................................................................... 3

*Sam Galloway Ford, Inc. v. Universal Underwriters Ins. Co.,*
    793 F. Supp. 1079 (M.D. Fla. 1992) .................................................................................... 4

*Sch. Dist. No. 1J v. ACandS, Inc.,*
    5 F.3d 1255 (9th Cir. 1993) ................................................................................................ 10

*Traynor v. Workhorse Custom Chassis, Inc.,*
    No. CV-03-2082,
    2006 U.S. Dist. LEXIS 23229 (D. Ariz. Apr. 24, 2006)..................................................... 11

*United States v. Ibrahim,*
    522 F.3d 1003 (9th Cir. 2008) ............................................................................................. 6

**OTHER AUTHORITIES**

Fed. R. Civ. P.
    15(b) ..................................................................................................................................... 5
    16(d) ............................................................................................................................. 2, 8, 9
    16(e) ................................................................................................................................... 10

APPLE'S MOT. TO MODIFY CMO, FOR LEAVE RE RECONSIDERATION AND FOR CLARIFICATION
Case No. 11-cv-01846-LHK (PSG)
sf-3299217

vii

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

The parties to this case agreed during the first trial that certain exhibits that showed the actual units, revenues, and dates of Samsung's sales of accused products should be admitted into evidence.  Those Trial Exhibits—JX1500, PX180, and DX676 (the "Trial Exhibits")—were the subject of a stipulation filed during the trial, were admitted without objection, and were relied on during trial by both parties and their experts.  Both parties agreed then and agree now that the Trial Exhibits accurately state Samsung's sales in the United States.  Consistent with this Court's directives regarding the "Groundhog Day" nature of the new damages trial, Apple seeks to use this evidence to prove Samsung's unit sales and revenue from the thirteen products at issue.  In fact, Samsung has produced no other documents stating the units sold and revenue earned by Samsung for the thirteen products in the new trial for all periods up through June 30, 2012.

Trial Exhibits JX1500, PX180, and DX676 establish that Samsung sold the Infuse 4G during April and May 2011.  Yet in its Case Management Order of April 29, 2013, the Court *sua sponte* prohibited the parties from "introduc[ing] any data regarding Infuse 4G sales that occurred prior to May 15, 2011."  (Dkt. No. 2316 at 2.)  The May 15, 2011, date came from the parties' Joint Pretrial Statement (JPTS)—filed a month before the trial stipulation regarding admissibility of JX1500, PX180, and DX676—which had listed May 15, 2011, as the date that Samsung "first sold" the Infuse 4G.  (Dkt. No. 1189 at 11 ¶ 24.)  As Samsung has told the Court, however, the JPTS first sale dates are erroneous and were superseded by the Trial Exhibits:  "The dates in the JPTS . . . are in fact the dates the accused products were launched by carriers, *not* the dates of first sale by Samsung," and the parties' subsequent stipulation to admit JX1500, PX180, and DX676 at trial had the effect of amending the JPTS "to conform to the trial evidence."  (Dkt. No. 2312 at 3-4 & n.1.)

Excluding Samsung's infringing sales of the Infuse 4G that occurred pre-May 15, 2011, would have significant consequences for the new trial—eliminating as much as $30 million dollars of potential damages and creating a windfall for Samsung that Samsung did not even request.  The magnitude of Samsung's windfall, and the corresponding prejudice to Apple, would

APPLE'S MOT. TO MODIFY CMO, FOR LEAVE RE RECONSIDERATION AND FOR CLARIFICATION
Case No. 11-cv-01846-LHK (PSG)
sf-3299217

1

1   be even greater if the Court were to enforce the erroneous JPTS dates for all products at issue in

2   the new trial.  Including the Infuse 4G, there are a total of nine infringing products in the new trial

3   for which Trial Exhibits JX1500, PX180, and DX676 establish sales that occurred before the

4   erroneous first sale dates contained in the JPTS (the Continuum; Droid Charge; Epic 4G; Galaxy

5   Tab; Gem; Indulge; Infuse 4G; Nexus S 4G; and Replenish).  If the Court were to exclude the

6   pre-JPTS sales of all nine products, Apple would be deprived of the ability to prove and recover a

7   total of as much as $58 million.

8        Apple respectfully submits that there is no valid basis to impose a multi-million dollar

9   penalty on Apple, and to hand Samsung a multi-million dollar windfall, by enforcing JPTS dates

10  that contradict trial evidence that was admitted by stipulation, and that the Court has ruled

11  unenforceable.  Samsung will not be prejudiced by using evidence of its sales that comes from

12  Samsung's own files and that Samsung agrees is accurate.  And although Apple previously

13  argued that the JPTS date as to the Infuse 4G should be enforced for purposes of deeming that all

14  of Samsung's Infuse 4G sales occurred after the Court-determined notice date of April 15, 2011,

15  the Court rejected that argument, finding that the parties had vitiated the JPTS.  Apple's current

16  motion is consistent with that ruling.

17       Accordingly, Apple requests that the Court set aside the portion of the April 29, 2013,

18  Case Management Order that excludes data establishing sales of the Infuse 4G before May 15,

19  2011, and clarify that the parties may introduce evidence of Samsung's post-notice infringing

20  sales without any restrictions based on the JPTS.

21  **II.    THERE IS ABUNDANT GOOD CAUSE TO MODIFY THE CASE
         MANAGEMENT ORDER TO PERMIT INTRODUCTION OF DATA**

22  **REGARDING INFUSE 4G SALES THAT OCCURRED PRIOR TO MAY 15, 2011.**

23       **A.    The Case Management Order Excluding Evidence Of Certain Sales Of The
               Infuse 4G Can Be Modified Based On Good Cause Under Rule 16(d).**

24

25       Rule 16(d) provides:  "After any conference under this rule, the court should issue an

26  order reciting the action taken.  This order controls the course of the action unless the court

27  modifies it."  Fed. R. Civ. P. 16(d).  Case management orders entered before the final pretrial

28  order may be modified upon a showing of "good cause."  *Johnson v. Mammoth Recreations, Inc.*,

1   975 F.2d 604, 608 (9th Cir. 1992); *see Rambus Inc. v. Hynix Semiconductor Inc.*, 628 F. Supp. 2d

2   1114, 1120 (N.D. Cal. 2008) ("party may seek relief from a case management order upon a

3   showing of good cause").

4         The Court's ruling excluding evidence of sales of the Infuse 4G before May 15, 2011, was

5   contained in the Case Management Order issued on April 29, 2013, after the Case Management

6   Conference that same day.  (Dkt. No. 2316 at 2.)  As part of that Order, the Court granted-in-part

7   and denied-in-part Apple's Conditional Motion for Reconsideration of Order Granting New

8   Damages Trial on Galaxy S II AT&T and Infuse 4G.  (*Id.*)  The Court ordered that the Infuse 4G

9   would be included in the new trial on damages.  (*Id.*)  The Court went on to state:  "The parties

10  may not introduce any data regarding Infuse 4G sales that occurred prior to May 15, 2011."  (*Id.*)

11        The portion of the Case Management Order that excluded evidence regarding certain

12  Infuse 4G sales was issued *sua sponte*.  No party had brought a motion to limit evidence

13  regarding the Infuse 4G at the new trial.  Apple's motion for reconsideration of the new trial order

14  regarding the Infuse 4G did not address the possibility that evidence of Infuse 4G sales before

15  May 15, 2011, might be excluded from the new trial, and certainly did not seek such relief.

16  Neither did Samsung's opposition.  Nor had the parties or the Court raised the possibility of

17  limiting evidence of Infuse 4G sales prior to the Court's oral ruling at the Case Management

18  Conference.

19        There is abundant good cause to modify the Case Management Order and set aside the

20  ruling excluding Infuse 4G evidence.  In fact, not only is there good cause to set aside this aspect

21  of the Case Management Order, but as explained in Section III.B below, failing to do so would

22  result in manifest injustice.

23     **B.    There Is Good Cause To Permit Introduction Of "Data Regarding Infuse 4G
               Sales" That The Case Management Order Excludes.**

24

25             **1.    The new trial should be conducted with what the parties agree is
                       accurate evidence of Samsung's sales and revenues.**

26        By stipulating to the admission of Trial Exhibits that showed sales of the Infuse 4G before

27  the "first sale" date in the JPTS, the parties acknowledged that the JPTS dates were inaccurate.

28  On its face, conducting a trial using evidence that *both parties* have recognized to be erroneous

APPLE'S MOT. TO MODIFY CMO, FOR LEAVE RE RECONSIDERATION AND FOR CLARIFICATION
Case No. 11-cv-01846-LHK (PSG)
sf-3299217

3

1    does not serve the interests of justice—just the opposite.  "[J]ustice requires that erroneous

2    stipulations be set aside so that cases may be decided on the merits.  Justice can not be done

3    unless the *actual facts* of the case go to trial[.]"  *Sam Galloway Ford, Inc. v. Universal*

4    *Underwriters Ins. Co.*, 793 F. Supp. 1079, 1082 (M.D. Fla. 1992) (emphasis in original)

5    (concluding it would be manifestly unjust to hold plaintiff to erroneous stipulation despite

6    defendant's argument that plaintiff had facts in its possession at time of stipulation and "should

7    have been more careful").  Thus, a trial court "has a duty to reject stipulations which are

8    demonstrably false."  *Dillon, Read & Co. v. United States*, 875 F.2d 293, 300 (Fed. Cir. 1989)

9    (reversing judgment in tax recovery action where "record reflects a recognition on the part of both

10   parties and the Claims Court that the figures stipulated to are not accurate").

11                     **2.      The Order rests on a JPTS that was modified by the Trial Exhibits
                               establishing Samsung's sales.**
12

13          When parties present evidence inconsistent with a pretrial order, the order may be deemed

14   to have been amended to conform to the trial evidence.  *See Kearl v. Rausser*, 293 Fed. Appx.

15   592, 601 (10th Cir. 2008) ("it is well-settled that the court may exercise its discretion to amend

16   pretrial orders to conform to the evidence presented at trial"); *Frank Music Corp. v. Metro-*

17   *Goldwyn-Mayer, Inc.*, 772 F.2d 505, 515 n.9 (9th Cir. 1985) ("the issue was litigated at trial and

18   thus the pretrial order may be deemed to have been amended by the consent of the parties");

19   *Mechmetals Corp. v. Telex Computer Prods., Inc.*, 709 F.2d 1287, 1294 (9th Cir. 1983)

20   (modification of a pretrial order "is a form of amendment to the pleadings . . . specifically

21   permitted by [Rule] 15(b)").

22          That is precisely what happened in this case.  The JPTS listed certain dates as when

23   Samsung "first sold" the accused products in the United States.  (Dkt. No. 1189 at 11-12 ¶ 24.)

24   However, during trial, the parties entered into a stipulation regarding admissibility of Trial

25   Exhibits JX1500, PX180, and DX676, which showed that Samsung had sold the products before

26

27

28

1   the dates in the JPTS.  (Dkt. No. 1597 ¶¶ 6(a), 12-13 & Ex. A.)[1]  Those Trial Exhibits were

2   admitted into evidence without objection and were relied on by both parties' experts as

3   establishing the amounts and dates of Samsung's sales of the infringing products.  (Trial Tr. at

4   2041-43 (Musika), 3028-29 (Wagner).)  By stipulating to the admissibility of evidence of

5   Samsung's first sales that was inconsistent with the JPTS dates, and relying on that evidence at

6   trial, the parties effectively amended the JPTS.  *Frank Music*, 772 F.2d at 515 n.9.

7           **3.      Samsung successfully argued that the JPTS is not binding because it
                       was modified by the Trial Exhibits, and is estopped from now arguing
8                      otherwise.**

9           Samsung's successful opposition to Apple's motion for reconsideration regarding the

10  Infuse 4G argued that the JPTS dates were not "binding" because the JPTS had been superseded

11  by Trial Exhibits JX1500, PX180, and DX676.  (Dkt. No. 2312 at 3-4.)  Samsung argued that

12  "absent an objection at trial to evidence that is inconsistent with a JPTS, Federal Rule of Civil

13  Procedure 15(b) operates to amend the JPTS to conform to the trial evidence."  (Dkt. No. 2312 at

14  3.)  Samsung then argued that the Trial Exhibits were not merely admitted without objection, but

15  the parties "affirmatively *stipulated* to the admission of Trial Exhibits PX180 and DX676."  (*Id.*

16  (citing Dkt. No. 1597 ¶¶ 12-13).)  Samsung further noted that Apple's damages expert Mr.

17  Musika had "used the sales data reflected in Trial Exhibit JX1500 to calculate Apple's purported

18  damages and Samsung's profits," and that JX1500 "in turn constitutes a summary of PX180."

19  (*Id.*)  Samsung pointed out that, in contrast to the stipulated Trial Exhibits, the JPTS dates "were

20  never read to the jury" and "are inaccurate," explaining that the JPTS dates are "the dates the

21  accused products were launched by carriers, *not* the dates of first sale by Samsung."  (*Id.* at 4 &

22  n.1.)  Samsung cited cases supporting the proposition that, when parties consent to try an issue

23  that is not in the pretrial order, the order is deemed to have been amended to conform to the trial

24  evidence.  (*Id.* at 3 (citing *Frank Music*, 772 F.2d at 515 n.9; *Mechmetals*, 709 F.2d at 1294);

25  *Kirkland v. Dist. of Columbia*, 70 F.3d 629, 633 (D.C. Cir. 1995).)

26  _____

27          [1] The trial stipulation refers to both PX180 and DX676 as "Samsung Financial
    Spreadsheet."  (Dkt. No. 1597 ¶¶ 6(a), 12-13.)  JX1500 is described as showing "units and
28  revenues for each of the accused products on both sides."  (*Id.* ¶ 6(a).)

1    Samsung's arguments carried the day.  Noting that both parties' damages experts had

2    submitted exhibits that included sales prior to the JPTS dates and that the jury was never

3    informed of the JPTS, the Court found that that the parties effectively had "vitiated" the JPTS

4    stipulation and denied Apple's motion concerning the Infuse 4G.  (Apr. 29, 2013 Tr. at 32-33.)

5    Having defeated Apple's motion based on arguments that the JPTS dates are not binding,

6    Samsung is now barred by judicial estoppel from changing its position in responding to this

7    motion, or otherwise.  Judicial estoppel "generally prevents a party from prevailing in one phase

8    of a case on an argument and then relying on a contradictory argument to prevail in another

9    phase." *New Hampshire v. Maine*, 532 U.S. 742, 750-51 (2001).  In determining whether judicial

10   estoppel applies, the Ninth Circuit considers "(1) whether a party's later position is 'clearly

11   inconsistent' with its original position; (2) whether the party has successfully persuaded the court

12   of the earlier position, and (3) whether allowing the inconsistent position would allow the party to

13   'derive an unfair advantage or impose an unfair detriment on the opposing party.'" *United States*

14   *v. Ibrahim*, 522 F.3d 1003, 1009 (9th Cir. 2008) (citing *New Hampshire*, 532 U.S. at 750-51).  All

15   three factors weigh in favor of estopping Samsung from now contending that the JPTS dates

16   should be enforced.  Any such argument by Samsung would be "'clearly inconsistent'" with the

17   position that Samsung advanced in opposing Apple's prior motion, and Samsung persuaded the

18   Court of its earlier position.  *Id.*  Moreover, having avoided the JPTS date as to the Infuse 4G for

19   purposes of determining that Samsung had notice of all infringing sales, Samsung would receive

20   an unfair advantage and impose an unfair disadvantage on Apple if the JPTS date was held to

21   bind Apple for purposes of seeking damages for all infringing sales.  Samsung would have

22   received a benefit from a ruling that the JPTS date for the Infuse 4G was unenforceable, and then

23   benefit again if that date were now enforced to deprive Apple of the opportunity to prove

24   damages for sales of the Infuse 4G before that date.[2]

25
26   [2] In contrast, Apple is not estopped from now arguing that the JPTS is superseded. First, the Court rejected Apple's position and denied Apple's motion for reconsideration. Thus, unlike Samsung, Apple has not "successfully persuaded the court" of its earlier position. *Ibrahim*, 522
27   F.3d at 1009. Second, there is no "'unfair advantage'" to Apple or "'unfair detriment'" to Samsung from Apple's position that Apple should be able to prove all of Samsung's infringing
28   sales in the new trial as established by the same stipulated Trial Exhibits used in the first trial.

1

### 4.   Modifying the Order is consistent with the Court's directive to proceed with the same evidence used in the first trial.

2

3   The jury has already rendered a verdict and the Court has confirmed damages for fifteen

4   products based on the evidence of liability and damages—including Trial Exhibits JX1500,

5   PX180, and DX676—in the first trial.  The Court's March 1 Order concluded that a new trial was

6   required on certain products based on the notice dates the Court determined should be applied.

7   The Order found no fault with Trial Exhibits JX1500, PX180, or DX676; to the contrary, the

8   Court has directed the parties to proceed with the same evidence as used in the first trial, modified

9   as necessary to account for the notice dates set by the Court.  To have the new trial proceed with

10   different (and erroneous) evidence as to when Samsung first sold the products at issue would be

11   inconsistent with the Court's directive and result in the same damages issues being tried with

12   contradictory evidence.

13

### 5.   Unless modified, the Order will deprive Apple of the opportunity to prove and recover as much as $30 million in damages.

14

15   If Apple is permitted to prove Samsung's sales of the Infuse 4G only from the JPTS date

16   (May 15) onward, Apple will be deprived of the ability to recover damages for more than one

17   hundred thousand infringing sales that occurred before that date—resulting in a windfall for

18   Samsung that Samsung itself did not even request.  (Olson Decl. ¶ 2 & Ex. A at DX676.064.)

19   Absent the exclusion order in the Case Management Order, Apple could potentially recover as

20   much as $30 million in post-notice damages for those sales.  (*Id*. ¶ 4 & Exs. B, C.)  Good cause

21   exists to permit Apple to seek to prove and recover damages for infringing sales that indisputably

22   occurred, as established by the stipulated evidence Samsung and Apple submitted in the first trial.

23

24

25

26   Third, Apple's position is not "clearly inconsistent," with its prior argument, as Apple's counsel

27   acknowledged that the trial evidence established sales occurred before the JPTS, but argued that the JPTS dates functioned as a legal stipulation to bar Samsung from arguing that "sales that were embraced by Mr. Musika's report"—including sales that occurred before the JPTS dates—

28   "occurred before the stipulated date."  (Apr. 29, 2013 Tr. at 30.)

APPLE'S MOT. TO MODIFY CMO, FOR LEAVE RE RECONSIDERATION AND FOR CLARIFICATION
Case No. 11-cv-01846-LHK (PSG)
sf-3299217

7

**6.      Modifying the Order is consistent with the Court's determination that the JPTS was unenforceable for purposes of determining notice.**

In denying Apple's motion for reconsideration as to the Infuse 4G, the Court ruled that the JPTS first-sale date for the Infuse 4G was not enforceable for purposes of determining whether Samsung's first sales of the Infuse 4G occurred after the Court-determined notice date of April 15—a ruling that benefited Samsung by requiring that the Infuse 4G be included in the new trial. Having ruled that the JPTS date was unenforceable for determining notice as to the Infuse 4G, good cause exists for the Court to modify the Case Management Order so that the JPTS date for the Infuse 4G is unenforceable for all purposes.  Otherwise, Samsung would have received the benefit of the Court's ruling that the JPTS date was unenforceable for purposes of notice and then an additional benefit from the Order requiring Apple to abide by the JPTS date for the Infuse 4G in the new trial—a ruling that also would benefit Samsung by depriving Apple of the ability to recover as much as $30 million of damages for post-notice infringing Infuse 4G sales.

**C.      In The Alternative, If The Court Determines That The Order Excluding Evidence Regarding The Infuse 4G Is Not Properly Addressed Under Rule 16(d), Apple Seeks Leave To File A Motion For Reconsideration Of The Exclusion Order.**

If the Court does not conclude that the order excluding data concerning Infuse 4G sales prior to May 15, 2011, is subject to modification under Rule 16(d), Apple seeks leave pursuant to Local Civil Rule 7-9(a) and the Court's inherent authority to file a motion for reconsideration of that aspect of the Case Management Order.

Local Rule 7-9, which governs a motion for leave to file for reconsideration, addresses the typical circumstances in which the order for which reconsideration is sought was issued after briefing and argument.  Local Rule 7-9(b) requires a party seeking leave to file a motion for reconsideration to show (1) a material difference in fact or law "from that which was presented to the Court before entry" of the order, (2) emergence of a new fact or law occurring after the time of such order, or (3) "a manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order."  Those factors are not tailored to a *sua sponte* order issued *without* the parties having previously briefed the issue,

APPLE'S MOT. TO MODIFY CMO, FOR LEAVE RE RECONSIDERATION AND FOR CLARIFICATION
Case No. 11-cv-01846-LHK (PSG)
sf-3299217

8

1    because there were no facts or arguments "*presented* to the Court."  As a result, courts have

2    recognized that reconsideration of a *sua sponte* order is appropriate without addressing such

3    factors.  *See Four Seasons Freight Servs. v. Haralson*, No. 95-35703, 1996 U.S. App. LEXIS

4    23404, at *8-9 (9th Cir. Sept. 4, 1996) (finding error where "[n]either party requested" that court

5    modify a covenant at issue or issue an injunction, court "did not inform the parties, prior to

6    issuing its *sua sponte* order" that it would do so, and court did not conduct hearing on motion for

7    reconsideration, because "the parties did not have a fair opportunity to present their views . . . or

8    to offer evidence to assist the court"); *In re Cabletron Sys.*, 311 F.3d 11, 21 n.2 (1st Cir. 2002)

9    ("Reconsideration is also appropriate because defendants filed a motion . . . hours before [the

10    judge] issued his *sua sponte* order, so that he did not have their arguments before him.");

11    *Qualcomm Inc. v. Broadcom Corp.*, No. 05cv1958-B, 2008 U.S. Dist. LEXIS 51748, at *6

12    (S.D. Cal. July 7, 2008) ("because the Court appreciates that the federal and local rules do not

13    provide a clear procedure for seeking reconsideration of a court's *sua sponte* order, the Court will

14    exercise its inherent authority to reconsider its own orders before they become final").[3]

15         Here, Apple had no notice of or opportunity to argue against the evidentiary ruling that the

16    Court issued *sua sponte*.  Neither Apple nor Samsung presented a motion seeking that ruling.

17    Nor did either party argue in any written submissions or at the April 29 Case Management

18    Conference that evidence of pre-May 15, 2011, sales should be excluded from the new trial.

19    Accordingly, if Apple is not granted relief under Rule 16(d), Apple respectfully requests leave to

20    move for reconsideration of the *sua sponte* ruling in the Case Management Order to exclude

21    evidence of Infuse 4G sales prior to May 15, 2011.

22         If leave is granted for Apple to move for reconsideration, Apple requests that the Court

23    treat the arguments in this memorandum in support of reconsideration.  Reconsideration should

---

[3] Moreover, the circumstances that typically cause courts to deny reconsideration are not present when the underlying order was issued *sua sponte*.  *See, e.g.*, *Illumina Inc. v. Complete Genomics, Inc.*, No. C-10-05542, 2013 U.S. Dist. LEXIS 56908, at *4 (N.D. Cal. Mar. 26, 2013) ("Motions for reconsideration are not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." (quotation marks omitted)).

APPLE'S MOT. TO MODIFY CMO, FOR LEAVE RE RECONSIDERATION AND FOR CLARIFICATION
Case No. 11-cv-01846-LHK (PSG)
sf-3299217

9

1  be granted when a party demonstrates newly discovered evidence, a clearly erroneous or

2  manifestly unjust decision, or an intervening change in law.  *See Sch. Dist. No. 1J v. ACandS,*

3  *Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  Apple respectfully submits that the portion of the Case

4  Management Order that excluded Infuse 4G evidence was clearly erroneous and a manifestly

5  unjust decision for the reasons stated in Sections II.B, above and Section III.B, below.

6  **III.    IF THE COURT DOES NOT MODIFY THE CASE MANAGEMENT ORDER,
          THE COURT SHOULD CLARIFY THAT THE ORDER DOES NOT APPLY TO
7          ANY PRODUCT OTHER THAN THE INFUSE 4G.**

8          By its terms, the Case Management Order excludes only "data regarding Infuse 4G sales

9  that occurred prior to May 15, 2011."  (Dkt. No. 2316 at 2.)  If the Court does not modify that

10  Order, it is possible that Samsung may seek to exclude data for sales of eight other products for

11  which the JPTS contained erroneous first sale dates:  the Continuum; Droid Charge; Epic 4G;

12  Galaxy Tab; Gem; Indulge; Nexus S 4G; and Replenish.  The Court should clarify that the parties

13  may introduce evidence of Samsung's infringing sales of those products without any restrictions

14  based on paragraph 24 of the JPTS.

15          **A.    The JPTS Was Modified By The Trial Exhibits Establishing Samsung's Sales.**

16          As discussed above in Sections II.B.2-3, the Trial Exhibits had the effect of modifying the

17  JPTS first sale dates by operation of law, as Samsung itself has argued.  Because the JPTS dates

18  have been superseded, they should not be enforced for any infringing product.  Thus, there is no

19  basis to exclude the stipulated evidence of all post-notice sales of the Droid Charge, Epic 4G,

20  Nexus S 4G, Replenish, Continuum, Indulge, Gem, and Galaxy Tab as reflected in Trial

21  Exhibits JX1500, PX180, and DX676.

22          **B.    If The Court Concludes That The JPTS Was Not Already Modified, The
                Court Should Modify The JPTS Now To Prevent Manifest Injustice.**
23

24          Rule 16(e) permits a court to modify a final pretrial order "to prevent manifest injustice."

25  If the Court concludes that the JPTS has not already been modified by consent to conform to the

26  trial evidence, the Court should exercise its authority to modify the JPTS to delete the erroneous

27  dates in paragraph 24.  Requiring the parties to adhere to the JPTS dates would be manifestly

28  unjust for multiple reasons, and the factors that courts consider in evaluating manifest injustice

1    weigh in favor of modifying the JPTS.

2          **1.      Enforcing the JPTS dates would result in manifest injustice.**

3          The same factors discussed above regarding good cause to modify the Case Management

4    Order also establish that manifest injustice would result from enforcement of the JPTS dates as to

5    the eight products.

6          First, on its face, conducting a trial using evidence that *both parties* have acknowledged is

7    erroneous would constitute manifest injustice.  *See Traynor v. Workhorse Custom Chassis, Inc.*,

8    No. CV-03-2082, 2006 U.S. Dist. LEXIS 23229, at *13 (D. Ariz. Apr. 24, 2006) (finding that

9    failure to modify stipulations "would result in manifest injustice because the stipulations were

10   factually incorrect"); *Lozaya v. Garrou Constr., Inc.*, No. 04-cv-02569, 2006 U.S. Dist. LEXIS

11   55892, at *1-5 (D. Colo. Aug. 10, 2006) (granting motion to withdraw stipulated facts, stating,

12   "the Court does not believe that it should rigidly bind a party to what appears to be a mistaken

13   stipulation, especially in the absence of prejudice to the opposing party"); *cf. Gerber v. Computer*

14   *Assocs. Int'l, Inc.*, No. 91-CV-3610, 2000 U.S. Dist. LEXIS 21727, at *6 (E.D.N.Y. Nov. 7,

15   2000) (modifying stipulated class description "to correct the manifest injustice of basing the final

16   judgment on an incorrect definition of the class").

17         Second, manifest injustice would result from holding a second trial that excludes reliable

18   evidence that the parties stipulated to in the first trial, when the Court has confirmed the first

19   jury's damages award based on that evidence.  To have the new trial proceed with different (and

20   erroneous) evidence as to when Samsung first sold the products at issue would result in the same

21   damages issues being tried with contradictory evidence.

22         Third, if Apple is permitted to prove Samsung's sales of these eight products only from

23   the JPTS dates onward, Apple will be deprived of the ability to recover damages for infringing

24   sales that all parties agree occurred between the notice dates determined by the Court and the

25   erroneous first sale dates in the JPTS—resulting in a windfall for Samsung.  Enforcement of the

26   JPTS dates for these eight products—and the corresponding exclusion of the sales established by

27   Trial Exhibits JX1500, PX180, and DX676—would deprive Apple of the opportunity to recover

28   for infringing sales of those products and eliminate as much as $28 million in damages from

APPLE'S MOT. TO MODIFY CMO, FOR LEAVE RE RECONSIDERATION AND FOR CLARIFICATION
Case No. 11-cv-01846-LHK (PSG)
sf-3299217

11

1    Apple's potential recovery.  (Olson Decl. ¶ 5 & Exs. B, D.)  Added to Apple's potential recovery

2    for the Infuse 4G, enforcement of the JPTS for all nine products with erroneous first sale dates

3    would preclude Apple from seeking to recover as much as $58 million in damages.  (*Id.*)  It

4    would be manifestly unjust to preclude Apple from recovering damages for post-notice infringing

5    sales established by the stipulated evidence Samsung and Apple submitted in the first trial, and

6    instead enforce stipulated dates in the JPTS that the parties agree is erroneous.  *See Bennett v.*

7    *Emerson Elec. Co.*, 186 F. Supp. 2d 1168, 1177 (D. Kan. 2002) (allowing plaintiff to amend

8    pretrial order to increase damages demand "to prevent manifest injustice and to conform with the

9    evidence that was presented during the discovery phase of the case"), *aff'd*, 64 Fed. Appx. 708

10   (10th Cir. 2003); *Hultgren v. County of Lancaster*, 753 F. Supp. 809, 811-12 (D. Neb. 1989)

11   (where plaintiff "would lose a considerable part of the relief requested" if date of plaintiff's hiring

12   stipulated to in pretrial order were enforced, and stipulated date was in "total contradiction of . . .

13   evidence admitted at trial," including documents prepared by defendant, court disregarded hire

14   date in pretrial order "to prevent 'manifest injustice'"); *Anderson v. Van Pelt*, No. 09-cv-00704,

15   2012 U.S. Dist. LEXIS 19290, at *3-7 (D. Colo. Feb. 16, 2012) (granting motion to amend final

16   pretrial order to prevent manifest injustice where order alleged damages under statutory cap but

17   defendants were on notice that plaintiffs sought damages in excess of cap).

18        Fourth, inconsistent rulings on whether the JPTS is enforceable would result in manifest

19   injustice.  Having ruled that the JPTS dates were unenforceable for determining notice—a ruling

20   that allowed Samsung the new trial it requested on the Infuse 4G—it would be manifestly unjust

21   to require Apple to abide by the JPTS dates in the new trial—a ruling that also would benefit

22   Samsung by depriving Apple of as much as $58 million for all nine products with erroneous JPTS

23   dates.

## 2.        No countervailing factors weigh against modifying the order.

25        In determining whether to modify a final pretrial order, a court "should consider . . .

26   (1) the degree of prejudice or surprise to the defendants if the order is modified; (2) the ability of

27   the defendants to cure any prejudice; (3) the impact of the modification on the orderly and

28   efficient conduct of the case; and (4) any degree of willfulness or bad faith on the part of the party

1   seeking the modification." *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012).  All

2   those factors weigh in favor of modifying the JPTS.

3        First, there is no prejudice or surprise to Samsung, which tried the case using the

4   stipulated trial exhibits that were based on Samsung's own financial documents and Samsung

5   successfully argued that the JPTS is not binding.

6        Second, there is no prejudice to cure.

7        Third, the modification would advance the orderly and efficient conduct of the case, by

8   using the same evidence presented at the first trial.

9        Fourth, there is no willfulness or bad faith on Apple's part, as both Samsung and Apple

10  stipulated to and relied on Trial Exhibits JX1500, PX180, and DX676, and not the JPTS "first

11  sale" dates, at the first trial.  To be sure, the Court rejected Apple's post-trial argument that the

12  JPTS established that Samsung's sales of the Infuse 4G occurred after April 15, but Apple did not

13  act willfully or in bad faith in making that argument.  Apple's counsel acknowledged that the trial

14  evidence established that sales had occurred before the JPTS, but argued that the JPTS dates

15  functioned as a legal stipulation to bar Samsung from arguing that "sales that were embraced by

16  Mr. Musika's report"—including sales that occurred before the JPTS dates—"occurred before the

17  stipulated date."  (Apr. 29, 2013 Tr. at 30.)  Although unsuccessful, the argument was made in

18  good faith.

19  **IV.   CONCLUSION**

20       For the foregoing reasons, Apple asks the Court to set aside the portion of the April 29,

21  2013, Case Management Order that excludes data establishing sales of the Infuse 4G before

22  May 15, 2011, or in the alternative, allow Apple to seek reconsideration of that portion of the

23  Case Management Order.  If the Court does not modify or reconsider the Case Management

24  Order, Apple asks the Court to order that the parties may introduce evidence of Samsung's

25  infringing sales of all products other than the Infuse 4G without any restrictions based on

26  paragraph 24 of the Joint Pretrial Statement filed July 6, 2012.

27

28

APPLE'S MOT. TO MODIFY CMO, FOR LEAVE RE RECONSIDERATION AND FOR CLARIFICATION
Case No. 11-cv-01846-LHK (PSG)
sf-3299217

13

1    Dated: July 17, 2013                    MORRISON & FOERSTER LLP

2

3                                            By:  */s/ Harold J. McElhinny*
                                                   HAROLD J. McELHINNY
4
                                             Attorneys for Plaintiff
5                                            APPLE INC.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28