HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK (PSG)<br><br>**APPLE'S OPPOSITION TO SAMSUNG'S MOTION FOR NEW TRIAL REGARDING '381 PATENT PURSUANT TO RULE 59 BASED ON "NEWLY DISCOVERED EVIDENCE" OR, ALTERNATIVELY, FOR ENTRY OF JUDGMENT ON LIABILITY**<br><br>Date:      August 15, 2013<br>Time:      1:30 PM<br>Place:     Courtroom 8, 4th Floor<br>Judge:     Hon. Lucy H. Koh |

**\*\*HIGHLY CONFIDENTIAL – CONTAINS MATERIAL DESIGNATED AS HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE PURSUANT TO A PROTECTIVE ORDER\*\***

**PUBLIC REDACTED VERSION**

# TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................................... 1

ARGUMENT ................................................................................................................... 3

I.      SAMSUNG'S MOTION BASED ON PURPORTED "NEWLY DISCOVERED EVIDENCE" SHOULD BE DENIED. ........................................................................ 3

      A.      Samsung's Motion Is Time Barred. ........................................................ 3

      B.      Samsung's Motion Fails On The Merits. .................................................. 3

            1.      Apple's Reexamination Statements Did Not Exist At The Time Of Trial. ............................................................................................. 4

            2.      Samsung Was Well Aware Of Apple's Position Throughout Pretrial Proceedings And The Trial. .................................................. 6

            3.      Apple's Reexamination Statements Would Have Made No Difference In The Outcome. ......................................................... 8

                  a.      Samsung's New Non-Infringement Arguments Could Have Been Made At Trial, But Were Waived, And They Are Wrong In Any Event. ........................................................ 8

                  b.      Apple's Reexamination Statements Were Not An Unambiguous Disclaimer Of Claim Scope. ................................ 14

II.     SAMSUNG'S ALTERNATIVE MOTION FOR ENTRY OF A SECOND JUDGMENT ON LIABILITY SHOULD BE DENIED. ............................................... 16

CONCLUSION ............................................................................................................... 20

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Am. Safety Indem. Co. v. Official Comm. of Unsecured Creditors (In re Am. Safety Indem. Co.)*,
   502 F.3d 70 (2d Cir. 2007) ................................................................................................. 19

*Betterbox Commc'ns Ltd. v. BB Techs., Inc.*,
   300 F.3d 325 (3d Cir. 2002) ................................................................................................. 5

*Bowles v. Russell*,
   551 U.S. 205 (2007) ............................................................................................................. 19

*Carter v. Beverly Hills Sav. & Loan Ass'n*,
   884 F.2d 1186 (9th Cir. 1981) ............................................................................................. 17

*Cordis Corp. v. Medtronic AVE, Inc.*,
   511 F.3d 1157 (Fed. Cir. 2008) ........................................................................................... 15

*Corex Corp. v. United States*,
   638 F.2d 119 (9th Cir. 1981) ................................................................................................. 4

*County of Imperial v. United States*,
   348 F.2d 904 (9th Cir. 1965) ............................................................................................... 20

*Ecolab, Inc. v. FMC Corp.*,
   569 F.3d 1335 (Fed. Cir. 2009) ........................................................................................... 14

*First Nationwide Bank v. Summer House Joint Venture*,
   902 F.2d 1197 (5th Cir. 1990) ............................................................................................. 19

*Inc. v. Rambus Inc.*,
   No. 00-CV-20905,
   2013 WL 1915865 (N.D. Cal. May 8, 2013) ................................................................... 5, 6

*Jones v. Aero/Chem Corp.*,
   921 F.2d 875 (9th Cir. 1990) .......................................................................................... 3, 4, 5

*Napoli v. Town of New Windsor*,
   600 F.3d 168 (2d Cir. 2010) ................................................................................................. 19

*Omega Eng'g, Inc. v. Raytek Corp.*,
   334 F.3d 1314 (Fed. Cir. 2003) ........................................................................................... 14

*Ortiz v. Jordan*,
   131 S. Ct. 884 (2011) ........................................................................................................... 18

*Robert Bosch, LLC v. Pylon Mfg. Corp.*,
   No. 08-CV-542 (D. Del. Apr. 21, 2011) ............................................................... 19

*Robert Bosch, LLC v. Pylon Mfg. Corp.*,
   No. 08-CV-542 (D. Del. Mar. 23, 2011) ............................................................... 18

*Robert Bosch, LLC v. Pylon Mfg. Corp.*,
   No. 08-CV-542 (D. Del. May 3, 2010) ............................................................... 18

*Robert Bosch, LLC v. Pylon Mfg. Corp.*,
   No. 08-CV-542 (D. Del. Nov. 3, 2010) ............................................................... 18

*Robert Bosch, LLC v. Pylon Mfg. Corp.*,
   No. 2011-1363,
   2013 WL 2664281 (Fed. Cir. June 14, 2013) ...........................................2, 16, 17

*SK hynix Inc. v. Rambus Inc.*,
   No. 00-CV-20905,
   2013 WL 1915865 (N.D. Cal. May 8, 2013) ............................................................. 5

*Standard Havens Prods., Inc. v. Gencor*,
   897 F.2d 511 (Fed. Cir. 1990) ............................................................................. 5

*TDM America, LLC v. United States*,
   100 Fed. Cl. 485 (2011) .......................................................................................... 6

*Tillman v. Ass'n of Apt. Owners of Ewa Apts.*,
   234 F.3d 1087 (9th Cir. 2000) ........................................................................ 3, 19

*Toshiba Corp. v. Hynix Semiconductor Inc.*,
   No. C-04-4708 VRW,
   2006 WL 2432288 (N.D. Cal. Aug. 21, 2006) ...................................................... 15

*United States v. Bealey*,
   978 F.2d 696 (Fed. Cir. 1992) ............................................................................. 19


**STATUTES**

28 U.S.C.
   § 1292(c) ..................................................................................2, 16, 17, 18
   § 1292(c)(2) ..............................................................................2, 16, 17, 18
   § 1295 .........................................................................................................20
   § 1295(a)(1) ...............................................................................................20
   § 2107(c) ....................................................................................................19

APPLE'S OPPOSITION TO SAMSUNG'S MOTION FOR NEW TRIAL OR FOR ENTRY OF JUDGMENT ON LIABILITY
CASE NO. 11-cv-01846-LHK (PSG)
sf-3311066

iii

**OTHER AUTHORITIES**

Fed. R. App. P.
    4(a)(1)(A) ................................................................................................................ 18
    4(a)(4)(A) ................................................................................................................ 17

Fed. R. Civ. P.
    Rule 6(b)..................................................................................................................... 3
    Rule 6(b)(2) ............................................................................................................... 3
    Rule 54(b) ................................................................................................................ 18
    Rule 58(a), (c)(2) ..................................................................................................... 17
    Rule 59 ....................................................................................................... 1, 3, 5, 19
    Rule 59(b) ................................................................................................................. 3
    Rule 60(b) .............................................................................................................. 5, 6
    Rule 60(b)(2) ............................................................................................................. 3

Local Rule 7-3(a) ............................................................................................................ 16

Wright & Miller, *Federal Practice and Procedure* § 2812 ............................................ 3

Wright & Miller, *Federal Practice and Procedure* § 2859 & n.5 ................................. 4

APPLE'S OPPOSITION TO SAMSUNG'S MOTION FOR NEW TRIAL OR FOR ENTRY OF JUDGMENT ON LIABILITY
CASE NO. 11-cv-01846-LHK (PSG)
sf-3311066

iv

**INTRODUCTION**

The Court should reject Samsung's latest attempt to delay the retrial on damages.  This time, Samsung has filed a procedurally improper Rule 59 motion.  Samsung's motion is far too late—Samsung's deadline for filing was 28 days after entry of judgment, not ten months later.

In any event, Samsung's motion is wrong on the merits.  First, to grant a new trial based on "newly discovered evidence," the evidence must have been in existence at the time of trial but not discoverable through the exercise of reasonable diligence.  The evidence to which Samsung points—Apple's statements during reexamination of the '381 patent—did not exist until May 2013, some nine months after trial.  This fact is a sufficient basis on which to deny Samsung's motion.

Second, Apple's reexamination statements are completely consistent with the position Apple has taken throughout this case.  For example, the rebuttal report of Apple's expert, Dr. Ravin Balakrishnan, distinguished the Lira prior art reference before trial in the same way that Apple later distinguished it during reexamination.  Thus, Samsung had actual notice of Apple's supposedly new position before trial and during trial.

Third, this purportedly new evidence would have made no difference.  Samsung's motion is a thinly-disguised attempt to make new non-infringement arguments that it could have made at trial but chose not to present.  This Court should not give Samsung a do-over.  In any event, Samsung's new non-infringement arguments are wrong.  The Van Dam Declaration ignores the unrebutted evidence at trial that Samsung's products practice all the limitations of claim 19, rather than merely "re-centering" documents.  The new declaration fails to discuss either the behavior of the accused products or the source code admitted into evidence that proves this point.  In short, even if Samsung's motion were timely and even if the Court "re-construed" claim 19 as Samsung proposes, Samsung's accused products would still infringe that claim.

Finally, Apple's statements fall far short of an unambiguous disclaimer that could have narrowed the scope of claim 19.  Indeed, rather than analyzing what Apple actually said about claim 19 during reexamination, Samsung has its technical expert substantially re-characterize or mischaracterize Apple's statements and then argue that his recharacterization was not proved at

1    trial.  The statements Apple actually made about claim 19 do not clearly and unambiguously

2    narrow the scope of that claim as construed by the Court or applied by Apple at trial.

3            Nor should the Court grant Samsung's "alternative," completely unrelated, request to

4    enter another judgment on liability and stay the proceedings pending an appeal under 28 U.S.C.

5    § 1292(c).  Samsung's opportunity for a Section 1292(c) appeal has come and gone, for two

6    independent reasons.  First, there was no bifurcation of liability and damages here.  Rather, both

7    liability and damages were tried together, so Section 1292(c) does not even apply.  Indeed, it is

8    noteworthy that Samsung has never before asserted that Section 1292(c) applies here, even

9    though the Federal Circuit's *Bosch* decision makes clear that it creates no new law.  *Robert*

10    *Bosch, LLC v. Pylon Mfg. Corp.*, No. 2011-1363, 2013 WL 2664281, at *6 (Fed. Cir. June 14,

11    2013) (en banc).  Second, even if Section 1292(c) did apply, the time to take an appeal of liability

12    has passed and cannot be revived.  After trial on liability and damages, this Court issued

13    judgment on August 24, 2012.  The Court then resolved all post-judgment motions as to liability

14    on January 29, 2013.  At that point, only a portion of the damages issues remained unresolved.

15    So even if a non-bifurcated trial could result in a judgment that is "final except for an accounting"

16    under 28 U.S.C. § 1292(c)(2), the time to appeal was within 30 days of January 29.  Samsung did

17    not do so.  That 30-day deadline is jurisdictional and cannot now be extended.  Samsung is trying

18    to restart the clock by asking this Court to issue another liability judgment.  But under well-settled

19    law, even if the Court were to do so, it would not restart the clock.

20            Both of Samsung's motions should be denied.  The parties have already invested immense

21    effort preparing for the upcoming damages trial.  Apple's expert report has been served and

22    Samsung will serve its report in four days, on July 26th.  Extensive judicial resources have been

23    expended.  This case is within striking distance of a true final judgment.  The Court should

24    proceed with the trial.

25

26

27

28

APPLE'S OPPOSITION TO SAMSUNG'S MOTION FOR NEW TRIAL OR FOR ENTRY OF JUDGMENT ON LIABILITY
CASE NO. 11-cv-01846-LHK (PSG)
sf-3311066

2

1

**ARGUMENT**

2

I.     **SAMSUNG'S MOTION BASED ON PURPORTED "NEWLY DISCOVERED EVIDENCE" SHOULD BE DENIED.**

3

4

A.     **Samsung's Motion Is Time Barred.**

5        Samsung's Rule 59 motion is too late.  The Federal Rules require that "[a] motion for a

6   new trial must be filed no later than 28 days after the entry of judgment."  Fed. R. Civ. P. 59(b).

7   "The 28-day limit for motions for a new trial applies even when the new trial is sought on the

8   ground of newly discovered evidence."  Wright & Miller, *Federal Practice and Procedure*

9   § 2812.  The Court issued judgment on August 24, 2012.  (Dkt. No. 1933.)  More than ten months

10  elapsed between the entry of judgment and the filing of Samsung's motion.  The motion is time

11  barred.

12        Moreover, Rule 6(b) "bars a district court from extending the . . . period for a new trial

13  motion."  *Tillman v. Ass'n of Apt. Owners of Ewa Apts.*, 234 F.3d 1087, 1089 (9th Cir. 2000).

14  Rule 6(b) provides that the Court "must not extend the time" for Rule 59 motions.  Fed. R. Civ. P.

15  6(b)(2).  Accordingly, this Court is "without jurisdiction to consider" Samsung's untimely Rule

16  59 motion.  *Tillman*, 234 F.3d at 1089.

17

B.     **Samsung's Motion Fails On The Merits.**

18        Samsung cannot meet the standard for a new trial in any event.  To justify a new trial

19  based on newly discovered evidence, under either Rule 59 or 60,[1] Samsung "must show the

20  evidence (1) existed at the time of the trial, (2) could not have been discovered through due

21  diligence, and (3) was 'of such magnitude that production of it earlier would have been likely to

22  change the disposition of the case.'"  *Jones v. Aero/Chem Corp.*, 921 F.2d 875, 878 (9th Cir.

23  1990) (per curiam) (quoting *Coastal Transfer Co. v. Toyota Motor Sales, USA*, 833 F.2d 208, 211

24  (9th Cir. 1987)).

25

26        [1] This Court could choose to treat Samsung's untimely Rule 59 motion as a motion under
27  Rule 60(b)(2), but, because of the numerous substantive defects itemized in this brief, the result
    would not change.  Samsung's motion cannot succeed.

28

APPLE'S OPPOSITION TO SAMSUNG'S MOTION FOR NEW TRIAL OR FOR ENTRY OF JUDGMENT ON LIABILITY
CASE NO. 11-CV-01846-LHK (PSG)
sf-3311066

3

1    Samsung cannot make any of these showings, and each failing is an independent basis to

2    deny the motion.  First, Samsung relies on statements Apple made during reexamination to argue

3    that Apple disclaimed part of claim 19's scope.  But Apple's statements did not exist at the time

4    of trial; they were made some nine months later.  Second, Samsung had actual notice at trial of

5    the position Apple later took during reexamination, because Apple's position was the same during

6    pre-trial proceedings, at trial, and during reexamination.  Samsung chose not to present the non-

7    infringement theory on which it now focuses.  Samsung is not entitled to a do-over.  Third, even

8    if Apple's reexamination statements had been made earlier, the outcome of the trial would not

9    have changed.  Samsung's new non-infringement theory is simply wrong.  Finally, Apple's

10    statements were consistent with the plain language of the claims and therefore did not

11    unmistakably disavow claim scope, so the claim construction would have been the

12    same.  Samsung's motion should be denied.

13          **1.    Apple's Reexamination Statements Did Not Exist At The Time Of**
              **Trial.**
14

15    Samsung asserts that on May 9 and 13, 2013, during reexamination, Apple adopted an

16    entirely new position on the construction of claim 19, and that this "newly discovered evidence"

17    justifies a new trial.  (Dkt. No. 2338-3 at 5-15.)  Samsung's assertion is untrue, but in any event, it

18    is well established that any purported newly discovered evidence must have existed at the time of

19    trial.  *Jones*, 921 F.2d at 878; *Corex Corp. v. United States*, 638 F.2d 119, 121 (9th Cir. 1981);

20    Wright & Miller, *Federal Practice and Procedure* § 2859 & n.5.  Apple's May 2013

21    reexamination statements plainly did not exist at the time of trial, and therefore cannot serve as

22    the basis for a new trial.

23    Recognizing this fatal flaw in its motion, Samsung argues that "[r]eexamination

24    proceedings that take place after a trial but are based on facts that were available at the time of the

25    trial constitute 'newly discovered evidence.'"  (Dkt. No. 2338-3 at 8.)  That is not true either.  A

26    statement that was made during reexamination months after trial is not evidence that existed at the

27    time of trial.  Thus, in the trademark context, the Third Circuit held that the Patent and Trademark

28    Office's cancellation of a trademark registration after trial did not constitute "newly discovered

1  evidence" under Rule 60(b) "because the fact of cancellation was not in existence at the time of

2  trial." *Betterbox Commc'ns Ltd. v. BB Techs., Inc.*, 300 F.3d 325, 331 (3d Cir. 2002).

3        Samsung suggests that three cases support its theory that statements not made until

4  months after trial can be considered evidence that existed at the time of trial (Dkt. 2338-3 at 8-

5  10), but none of those cases so holds.

6        *Standard Havens Products, Inc. v. Gencor*, 897 F.2d 511 (Fed. Cir. 1990), did not even

7  address that question.  In *Standard Havens*, the district court entered an injunction after a jury

8  found the defendant to have infringed, and the defendant asked the Federal Circuit for a stay of

9  the injunction pending appeal.  The question addressed by the Court was whether the defendant

10 had established a likelihood that it would prevail on appeal. *Id.* at 512-13.  Without addressing

11 Rule 59 or 60, the Federal Circuit held that the defendant had made a sufficient showing on the

12 merits because a reexamination ordered by the PTO after the jury verdict showed there was a

13 substantial question regarding whether the patents would be held invalid on appeal. *Id.* at 514.

14 The court went on to posit that the defendant might also prevail if it were to establish that the

15 district court abused its discretion in denying a new trial, for which there were two possible

16 grounds:  (1) the alleged improper admission of evidence or (2) the PTO reexamination, which

17 the defendant claimed was "newly discovered evidence." *Id.* at 514-15.  Stating only that the two

18 grounds "raise[d] serious questions," *id.* at 515, the Federal Circuit never considered whether

19 statements in a reexamination after trial could be considered evidence that existed at the time of

20 trial.

21       *SK hynix Inc. v. Rambus Inc.*, No. 00-CV-20905, 2013 WL 1915865 (N.D. Cal. May 8,

22 2013), likewise does not support Samsung's position.  That decision reiterates that "[t]he Ninth

23 Circuit has held that the evidence must have 'existed at the time of trial.'" *Jones*, 921 F.2d at 878.

24 Citing the same dicta from *Standard Havens* on which Samsung relies, the district court stated

25 that "the Federal Circuit has suggested that the Patent and Trademark Office's decisions to

26 withdraw approval of a certificate of correction and order reexamination might warrant a new

27 trial." *Id.* at *10.  But the district court never decided whether post-trial reexamination statements

28

1    could be newly discovered evidence; it merely "assum[ed]" that they could and denied the motion

2    for other reasons.  *Id.*

3          Samsung also relies on a decision from the Court of Federal Claims, *TDM America, LLC*

4    *v. United States*, 100 Fed. Cl. 485 (2011).  There, the trial court granted summary judgment of

5    non-infringement on April 27, 2010, and the plaintiff/patentee moved for relief from the judgment

6    under Rule 60(b), pointing to reexamination statements by the examiner.  *Id.* at 491.  The

7    reexamination was not complete until after the judgment was entered.  But the plaintiff was not

8    relying on the final outcome of the reexamination.  Rather, the plaintiff relied on "many of the

9    earlier examiner comments" made during the course of the reexamination.  *Id.*  Unlike here, those

10   statements actually were made before summary judgment was entered.  *Id.* at 489-90 (relying on

11   statements made on March 12, 2010, *six weeks before* the district court granted summary

12   judgment).  *TDM America* is therefore inapposite.  And in any event, the statements there did not

13   support the plaintiff because the PTO later reversed its determination.  *Id.* at 491.

14         Samsung's motion should thus be denied on the merits for the straightforward reason that

15   the evidence on which it relies did not exist at the time of trial.

16         **2.    Samsung Was Well Aware Of Apple's Position Throughout Pretrial**
              **Proceedings And The Trial.**
17

18         Even if Samsung were correct (which it is not) that "[r]eexamination proceedings that take

19   place after a trial but are based on facts that were available at the time of the trial constitute

20   'newly discovered evidence'" (Dkt. No. 2338-3 at 8), its motion fails for yet another reason.

21   Samsung cannot meet the second prong of the newly-discovered test because Samsung was on

22   actual notice of Apple's position, both before and during trial.  Apple's arguments and opinion

23   testimony in this lawsuit on the validity of claim 19, and on why prior art references were not

24   anticipating, are entirely consistent with Apple's later arguments in reexamination.

25         A centerpiece of Apple's position in its pre-trial expert reports was that claim 19 required

26   a device with instructions to take action "in response to the edge of the document being reached"

27   and upon the user's lifting a finger from the screen, to translate the document in a second

28

1    direction "until the area beyond the edge was no longer displayed." (Balakrishnan Rebuttal

2    Report ¶ 87.)  That is, merely centering or re-centering a document did not suffice.

3         For example, in his Rebuttal Expert Report on the Validity of the '381 Patent, Dr.

4    Balakrishnan responded to Dr. Van Dam's pretrial opinions that the Lira, LaunchTile, and

5    Tablecloth references anticipated claim 19.  Dr. Balakrishnan opined that these references did not

6    disclose "edge-responsive functionality" as required by the '381 patent, but instead could be

7    manipulated to "simulate supposed edge-responsive behavior, *yet it is clear that these references*

8    *are in fact merely re-centering items.*" (*Id.* ¶¶ 53-55 (emphasis added).)  With respect to Lira

9    specifically, Dr. Balakrishnan opined:  "Like LaunchTile, Lira discloses a recentering

10   functionality and a method for realigning or reformatting webpage content so that it can fit more

11   easily into a small screen . . . .  It does not disclose what will or should happen if and when the

12   user tries to scroll past the edge of the page." (*Id.* ¶ 87.)  Dr. Balakrishnan opined that Lira's

13   "centering functionality" did not disclose the following limitations:  "in response to an edge of a

14   document being reached . . . displaying an area beyond the edge of the document" and "in

15   response to detecting that the object is no longer on or near the touch screen display, translating

16   the electronic document in a second direction until the area beyond the edge of the document is

17   no longer displayed to display a fourth portion of the electronic document, wherein the fourth

18   portion is different from the first portion." (*Id.*)

19        Apple's position was consistent at trial.  Samsung elected not even to assert Lira as

20   invalidating prior art at trial.  But Dr. Van Dam did testify for Samsung that the similar

21   LaunchTile reference anticipated claim 19.  Dr. Balakrishnan rebutted Dr. Van Dam's opinion,

22   testifying that LaunchTile did not embody the limitation "in response to the edge of the document

23   being reached" because it was "really a recentering algorithm.  It doesn't actually check that it

24   reached the edge of any document." (Trial Tr. 3635:13-18.)

25        Samsung's assertion that before the reexamination proceedings Apple did not distinguish

26   prior art based on the distinction between mere "recentering" and "edge detection" is untenable.

27   Contrary to Samsung's assertion that "Apple advocated an entirely new and far narrower

28

APPLE'S OPPOSITION TO SAMSUNG'S MOTION FOR NEW TRIAL OR FOR ENTRY OF JUDGMENT ON LIABILITY
CASE NO. 11-cv-01846-LHK (PSG)
sf-3311066

7

1  interpretation of Claim 19" in reexamination (Dkt. No. 2338-3 at 3), Apple's position has been

2  consistent throughout, and Samsung was well aware of it.

3          **3.**    **Apple's Reexamination Statements Would Have Made No Difference**
               **In The Outcome.**

4

5        Finally, Samsung cannot meet the third prong of the newly-discovered evidence standard.

6  Even if Apple's reexamination statements had existed at the time of the trial, they would have

7  made no difference to the outcome.  As an initial matter, Samsung waived its chance to mount

8  this non-infringement defense by failing to present it at trial.  In any event, those statements

9  would not have refuted the infringement theory on which Apple prevailed at trial.  Finally, those

10  statements do not amount to an unambiguous disclaimer of claim scope because they merely

11  restate the plain meaning of the claim language.

12            **a.**    **Samsung's New Non-Infringement Arguments Could**
               **Have Been Made At Trial, But Were Waived, And They**

13                 **Are Wrong In Any Event.**

14        Samsung's motion seeks a do-over now that its original litigation strategy has failed.

15  Samsung knew Apple's position and yet chose to present a different theory at trial.  It is too late

16  for it to try a new theory now.  And that theory is wrong in any event.

17        Apple's infringement theory at trial was clear.  In his expert report on infringement, Dr.

18  Balakrishnan detailed how Samsung's accused products running the Gallery application met each

19  limitation of claim 19, and he cited to specific pages of source code where the key infringing

20  instructions were found.  (Balakrishnan Expert Report ¶¶ 78, 95 and Ex. 3.)[2]  At trial, Dr.

21  Balakrishnan testified that the Samsung code and the Samsung devices met the limitations of "in

22  response to the edge being reached . . . displaying the area beyond the edge" and then translating

23  the document in a second direction "such that the area beyond the edge of the screen previously

24      [2]



APPLE'S OPPOSITION TO SAMSUNG'S MOTION FOR NEW TRIAL OR FOR ENTRY OF JUDGMENT ON LIABILITY
CASE NO. 11-cv-01846-LHK (PSG)
sf-3311066

8

displayed is no longer displayed." (Trial Tr. 1746-1747.)  In describing the Samsung code that

Dr. Van Dam now says is insufficient to prove infringement, Dr. Balakrishnan testified that he

had "excerpted just two small portions to illustrate some of the pertinent code for the Gallery and

for the Browser applications on the screen."  (Trial Tr. 1747:13-19.)  In explaining to the jury

how these "small portions" of code operated, Dr. Balakrishnan testified as follows:

12 Q CAN YOU TELL US WHAT WE'RE SEEING ON THE
13 SOURCE CODE?
14 A ON THE LEFT-HAND SIDE IS THE SOURCE CODE FOR
15 THE GALLERY APPLICATION THAT WE'VE BEEN TALKING
16 ABOUT. SO THIS IS A VERY SMALL SNIPPET OF THE
17 OVERALL CODE THAT RUNS. WHAT I'VE DONE IS
18 ILLUSTRATE JUST A PORTION THAT



1 ON THE RIGHT-HAND SIDE IS THE SAME
2 FUNCTIONALITY, BUT WRITTEN IN A SLIGHTLY DIFFERENT
3 WAY FOR THE BROWSER APPLICATION, AND IN THIS CASE
4

7 SO I WANT TO EMPHASIZE, THIS IS JUST THE
8 RELEVANT SNIPPET OF THE OVERALL CODE. THERE'S MUCH
9 MORE CODE THAT MAKES THIS ALL REALLY WORK IN
10 TOTALITY.
11 Q SO BASED ON YOUR REVIEW OF THE CODE AND OF THE
12 DEVICE, WHAT IS YOUR CONCLUSION AS TO WHETHER THE
13 SAMSUNG GALLERY S II, AT&T, INFRINGES CLAIM 19 OF
14 THE '381 PATENT?
15 A BASED ON MY REVIEW OF THE DEVICES AND THE
16 CODE, IT IS MY OPINION THAT THE SAMSUNG
17 GALAXY S II, AT&T, INFRINGES CLAIM 19 OF THE '381
18 PATENT IN ALL THREE APPLICATIONS.
19 Q YOU ANALYZED OTHER SAMSUNG PHONES?
20 A YES, I DID.
21 Q AND DOES YOUR OPINION EXTEND TO OTHERS OF THE
22 PHONES THAT YOU EXAMINED?
23 A YES, 20 OTHER PHONES ALSO INFRINGE THE '381
24 PATENT

(Trial Tr. 1750:12-1751:24.)

Apple introduced additional source code into evidence as PX31.  That evidence

demonstrated that all the Samsung accused products detected and translated documents based

upon the "edge" of the document being detected, without necessarily centering or re-centering the

underlying electronic document.  (Trial Tr. 1751-1754; PX31; PX64.)  Apple demonstrated

APPLE'S OPPOSITION TO SAMSUNG'S MOTION FOR NEW TRIAL OR FOR ENTRY OF JUDGMENT ON LIABILITY
CASE NO. 11-cv-01846-LHK (PSG)
sf-3311066

9

1    infringement in the Gallery application using a zoomed-in image of a stick figure that could be

2    pulled beyond the edge of the underlying electronic document, and then released to translate in

3    the opposite direction until the edge of the document was reached, without centering or re-

4    centering the document.  (Trial Tr. 1741-1754; PX64.)  At trial, Samsung did not challenge

5    Apple's infringement theory or the sufficiency of its proof.  Indeed, Dr. Van Dam did not offer

6    any non-infringement opinions in his expert reports or at trial and in fact had never looked at the

7    source code running on the accused devices. Instead, Samsung pursued its contrived "hold still"

8    defense.  (Trial Tr. 1790-1798.)  The jury rejected Samsung's defense, and this Court rejected

9    Samsung's JMOL and previous new trial motions.

10           Apparently Dr. Van Dam has now looked at some of the code.  Ten months after the

11   jury's verdict, he opines for the first time that the Gallery code does not meet the limitations of

12   claim 19.  His new theory is that ███████████████████████████████████████████████

13   ████████████████████████████████████████████████████████████████████████

14   ███████████████████████████████████████████████████████████████████

15   ████████████     (Van Dam Decl. ¶¶ 34-35 & Ex. 2.)  That exact argument could have been

16   presented at trial, but Samsung relied instead on its "hold still" defense.  That is enough to deny

17   Samsung's new trial request.

18           But even if Samsung had pursued Dr. Van Dam's new theory at trial, it would not have

19   prevailed.  That new theory is neither responsive to Apple's infringement argument nor correct.

20   Apple demonstrated at trial that documents that are zoomed in or are otherwise larger than the

21   screen on Samsung's Gallery, Browser, and Contacts applications do not "re-center" or show the

22   original image when pulled beyond the edge and released.  Instead, in Samsung's accused

23   products, these zoomed-in or large documents translate "until the area beyond the edge is no

24   longer displayed" and a "fourth portion" of the document "different from the first portion" is

25   displayed.  (Trial Tr. 1741-1754; PX64.)  And it is these documents that present the most serious

26   potential for the "Desert Fog" or "frozen screen" problems that the '381 invention was designed

27   to solve and that benefit the most from that invention.

28

APPLE'S OPPOSITION TO SAMSUNG'S MOTION FOR NEW TRIAL OR FOR ENTRY OF JUDGMENT ON LIABILITY
CASE NO. 11-cv-01846-LHK (PSG)
sf-3311066

10

1    Dr. Van Dam's new declaration does not even address, let alone refute, Apple's

2    infringement claim relating to the Gallery application.  Instead, he limits his discussion and his

3    one video demonstration to documents that are not zoomed in and that are the same size as or

4    smaller than the screen.  This completely ignores the undisputed evidence the jurors saw with

5    their own eyes, namely that the Samsung devices did not "center" or "re-center" a zoomed-in

6    document but instead translated the document in response to "edge detection."  (*See, e.g.*, PX64

7    and Trial Tr. 1741-1754.)

8    Dr. Van Dam compounds this error by misinterpreting the Samsung code. ██████████

9    ████████████████████████████████████████████████████████████████████

10   ████████████████████████████████████████████████████████████████████

11   ████████████████████████████████████████████████████████████████████

12   ██████████████████████████████████████████████████████████████████

13   ████████████████████████████████████████████████████████████████████

14   ██████████████████████████████████████████████████████████████████████

15   ████

16       ██████████████████████████████████████████████████████████████████

17   ██████████████████████████████████████████████████████████████████████

18   ████████████████████████████████████████████████████████████████

19   ████████████████████████████████████████████████████████████████████

20   ██████████████████████████████████████████████████████████████████████

21   ████████████████████████████████████████████████████████████████████████

22   ████████████████████████████████████

23   Although Dr. Van Dam declares that "I reviewed all the Gallery code that I considered

24   relevant" (Van Dam Decl. ¶ 36), he fails to analyze the specific code sections described in Dr.

25   Balakrishnan's Expert Report and included in PX31. ██████████████████████████████████

26   ████████████████████████████████████████████████████████

27   ████████████████████████ Dr. Van Dam's conclusions regarding non-infringement are

28   therefore wrong.

1  If Samsung had presented this new theory at trial, it would have failed.  As described

2  more fully in the accompanying Supplemental Declaration of Ravin Balakrishnan,

3  ███████████████████████████████████████████████████████████████

4  ███████████████████████████████████████████████████████████████

5  ██████████████████████████████████████████████████

6  ████████████████████████████████████████████████████████

7  ████████████████████████████████████████████████████

8  █████████████████████████████████████████████████████████

9  ████████████████████████████████████████  Dr. Balakrishnan

10  specifically cited this code in his expert report (¶ 95) and showed a portion of it to the jury, and it

11  was included in the key code excerpts admitted in PX31.  (Balakrishnan Decl. ¶¶ 8-10.)  That is

12  the infringement case Apple demonstrated at trial.  Samsung's new theory does not rebut that

13  infringement.

14  Even assuming there is some special case in which the manipulation of an unzoomed

15  image smaller than the screen does not practice all of the claim 19 limitations, that would not

16  immunize behavior and instructions that plainly do infringe.  In that respect, Samsung's new

17  argument is just as flawed as its failed "hold still" defense.  The ability to create "hold still"

18  behavior did not prevent the Samsung devices from executing instructions that infringed claim 19

19  or erase those infringing instructions from Samsung's code.  So too with Samsung's new theory.

20  In any event, Samsung elected not to make this argument at trial.  Samsung is not entitled to a

21  new trial merely because its tactical choices were unsuccessful and it would like to try a different

22  non-infringement argument now.

23  Dr. Van Dam's new arguments about the Browser code fare no better.  ████████████

24  ███████████████████████████████████████████████████████████████

25  ████████████████████████████████████████████  That

26  theory likewise could have been asserted at trial but was not.

27  This new argument has nothing to do with any purported disclaimer in the reexamination,

28  and, in any event, is wrong.  As Dr. Balakrishnan demonstrated at trial and the jurors could see

APPLE'S OPPOSITION TO SAMSUNG'S MOTION FOR NEW TRIAL OR FOR ENTRY OF JUDGMENT ON LIABILITY
CASE NO. 11-cv-01846-LHK (PSG)
sf-3311066

12

for themselves, in the accused Samsung products a web page can be pulled past the edge of the document; when released, it bounces back to the edge of the document. (PX64.) It does not continue to oscillate as though it were attached to a spring. (*Cf.* PX64.) Dr. Van Dam's declaration concerning the Browser code is just plain wrong. Indeed, it is not clear whether Dr. Van Dam reviewed the Samsung Browser code that was admitted into evidence, or whether he just reviewed the standard Honeycomb version of the Android code and assumed that it was identical to Samsung's code. Because Dr. Van Dam does not cite to any Bates numbers of Samsung code printouts, Apple cannot be sure whether he ever reviewed the produced Samsung code. But the glaring errors in his discussion of the Browser code suggest that he did not.



APPLE'S OPPOSITION TO SAMSUNG'S MOTION FOR NEW TRIAL OR FOR ENTRY OF JUDGMENT ON LIABILITY
CASE NO. 11-cv-01846-LHK (PSG)
sf-3311066

13

As Dr. Balakrishnan explains, ████████████████████

████████████████████████████████████████████████████████ This indisputable fact is also apparent from observation of the accused devices in operation, as demonstrated at trial, and as shown in PX64.

Dr. Van Dam's misguided comments about standard Android code functions that are not performed by the Samsung accused products running Browser have nothing to do with Apple's infringement case. Moreover, his new theory could have been presented at trial but was not. For both reasons, this new theory cannot support Samsung's motion for a new trial.

**b.    Apple's Reexamination Statements Were Not An Unambiguous Disclaimer Of Claim Scope.**

Apple's reexamination statements would have made no difference to the outcome of the case for another reason:  Apple's reexamination statements were consistent with its arguments at trial, and are not an unambiguous disclaimer of claim scope.  Prosecution history disclaimer will be found "only if the allegedly disclaiming statements constitute 'a clear and unmistakable surrender of subject matter.'"  *Ecolab, Inc. v. FMC Corp.*, 569 F.3d 1335, 1342 (Fed. Cir. 2009) (quoting *Bayer AG v. Elan Pharm. Research Corp.*, 212 F.3d 1241, 1251 (Fed. Cir. 2000)); *see Omega Eng'g, Inc. v. Raytek Corp.*, 334 F.3d 1314, 1324 (Fed. Cir. 2003) (disclaimer doctrine "attaches and narrows the ordinary meaning of the claim" only where the inventor "unequivocally disavow[s] a certain meaning to obtain his patent").

Apple argued in the reexamination, as it did throughout this litigation, that the Lira reference did not meet the claim 19 requirement of having "instructions for translating the

APPLE'S OPPOSITION TO SAMSUNG'S MOTION FOR NEW TRIAL OR FOR ENTRY OF JUDGMENT ON LIABILITY
CASE NO. 11-cv-01846-LHK (PSG)
sf-3311066

14

1   electronic document in a second direction until the area beyond the edge of the document is no

2   longer displayed" because "Lira discloses a centering function." (Response, May 13, 2013 (Dkt.

3   No. 2339-4 at 190).) "As discussed in the interview, Patent Owner asserts that, even under the

4   broadest reasonable construction standard, a person of ordinary skill in the art would understand

5   that a device of claim 19 must include **instructions** for performing translation in the second

6   direction with the recited **stop condition** (*i.e.,* "until the area beyond the edge of the electronic

7   document is no longer displayed.") Further, the person of ordinary skill would understand that

8   incidentally achieving a similar visual result, based on a different stop condition, is neither an

9   express or inherent disclosure of the required instructions. Lira discloses a centering function.

10  Thus, Lira fails to disclose, explicitly or inherently, instructions for translation in the second

11  direction with the stop condition ('i.e. until the area beyond the edge of the document is no longer

12  displayed') recited in claim 19." (*Id.*) Apple's statements merely made explicit what was already

13  implicit in the patent—that a centering function alone without the recited instructions to translate

14  "until the area beyond the edge of the electronic document is no longer displayed" cannot meet

15  the requirements of claim 19. Such statements do "not disclaim any subject matter that was

16  otherwise within the scope of the claim language." *Cordis Corp. v. Medtronic AVE, Inc.*, 511

17  F.3d 1157, 1177 (Fed. Cir. 2008).

18       Tellingly, Samsung's motion makes only passing reference to the words Apple actually

19  used during reexamination. Instead, Samsung quotes at length from statements that the *examiner*

20  made, only a snippet of which quotes Apple. And Samsung relies extensively on *Dr. Van Dam's*

21  *characterization* of what Apple said during examination. (Dkt. No. 2338-3 at 6.) Citing Dr. Van

22  Dam's words, rather than Apple's actual words, Samsung argues that Apple made a disclaimer.

23  (Dkt. No. 2338-3 at 12.) But neither the examiner's comments nor Dr. Van Dam's advocacy can

24  be a disclaimer *by Apple*. Disclaimers must be made by the applicant, not someone else. *See*

25  *Toshiba Corp. v. Hynix Semiconductor Inc.*, No. C-04-4708 VRW, 2006 WL 2432288, at *11

26  (N.D. Cal. Aug. 21, 2006).

27       Nor is Dr. Van Dam's characterization correct. Dr. Van Dam cites an excerpt from an

28  Apple statement about claims 1-6, 8-12, and 16 (Dkt. No. 2339-4 at 194), and transforms that

1   statement into his opinion that "Apple disclaimed all subject matter with respect to claim 19 in

2   which the specific **purpose** or **cause** of the computer code that generates the snap back effect is

3   anything other than edge alignment."  (Van Dam Decl. ¶¶ 24-25 (emphasis in original).)  Dr. Van

4   Dam and Samsung then purport to apply this manufactured "disclaimer" to claim 19 in the quest

5   for a new trial on infringement.  Dr. Van Dam offers the opinion that Apple unambiguously stated

6   that its patent claim recites "why" a program operates as it does rather than "how" the program

7   operates.  As demonstrated by the text of Apple's reexamination filing, Apple said nothing of the

8   sort, and there is no showing that Dr. Van Dam has any special expertise in patent law or in

9   interpreting (or reinterpreting) purported legal disclaimers.  Accordingly, Apple objects under

10   Local Rule 7-3(a) to Dr. Van Dam's "opinions" that characterize what Apple actually said about

11   claim 19 or the prior art during reexamination.

12       In short, Apple did not make any statements that clearly and unambiguously narrowed the

13   scope of this Court's construction of the claim or Apple's application of that construction at trial.

14   Samsung's motion should be denied on that basis as well.

15   **II.   SAMSUNG'S ALTERNATIVE MOTION FOR ENTRY OF A SECOND**
16   **      JUDGMENT ON LIABILITY SHOULD BE DENIED.**

17       After the Court and the parties have expended tremendous resources and effort to prepare

18   for the upcoming trial on the remaining damages issues, Samsung for the first time asserts that it

19   can appeal the liability ruling under 28 U.S.C. § 1292(c).  Section 1292(c) permits appeals to the

20   Federal Circuit of patent infringement judgments that are "final except for an accounting."  28

21   U.S.C. § 1292(c)(2).

22       Samsung asserts that it can appeal "in light of the Federal Circuit's recent *en banc*

23   decision" in *Bosch*.  *Bosch* held that an "accounting" within Section 1292(c) "includes both the

24   determination of an infringer's profits as well as a patentee's damages" and that it "may include a

25   trial on damages."  *Robert Bosch, LLC v. Pylon Mfg. Corp.*, No. 2011-1363, 2013 WL 2664281,

26   at *2 (Fed. Cir. June 14, 2013) (en banc).  But that also was the law before *Bosch*.  Indeed, the

27   Federal Circuit's decision explicitly states that Section 1292(c) had been interpreted consistently

28

1   "through history" to permit appeals before the determination of damages. *Id.* at *6; *see id.* at *3-5

2   (discussing interpretation of "accounting" since 1870).

3       Samsung's delay in making this argument (which even now it only makes in the

4   alternative to a wholly unrelated motion) betrays its lack of merit.  It is too late for any appeal

5   under Section 1292(c), for two independent reasons.

6       First, Section 1292(c)(2) does not apply where, as here, liability and damages were tried

7   together, rather than bifurcated.  *Bosch*'s holding expressly is limited to cases where liability and

8   damages were not tried together.  2013 WL 2664281, at *12.  Obviously, that is not what

9   happened here, and the time to take the bifurcation path has long since come and gone.

10      Second, even if an appeal under Section 1292(c)(2) were available here, the time to appeal

11  already has expired.  It ran 30 days after the judgment became final as to liability.  Samsung is

12  now requesting entry of another "judgment as to liability" to try to restart the clock on a Section

13  1292(c)(2) appeal.  (Dkt. No. 2338-3 at 15.)  Even if the Court were to grant Samsung's request,

14  it would not restart the clock.  The Federal Circuit would dismiss for lack of jurisdiction any

15  appeal taken from such a judgment.

16      This Court already entered judgment on liability on August 24, 2012.  The Court entered a

17  "Judgment in a Civil Case" that "pursuant to the jury verdict filed August 24, 2012, judgment is

18  entered in favor of plaintiff and against defendants."  (Dkt. No. 1933 at 1.)  That document met

19  all the requirements of a "judgment."  *See* Fed. R. Civ. P. 58(a), (c)(2) (requiring that judgment

20  "be set out in a separate document" and "entered in the civil docket"); *Carter v. Beverly Hills Sav.*

21  *& Loan Ass'n*, 884 F.2d 1186, 1191 (9th Cir. 1981) ("A judgment or an order signed by the judge

22  or the clerk that is a separate document and labeled as a judgment or order would clearly

23  comply.").  Although Samsung has argued that the August 24, 2012, judgment is not a "final"

24  judgment (Dkt. No. 1967 at 1), a final judgment is not required under Section 1292(c)(2).  That

25  provision requires only a judgment that is "final except for an accounting."  28 U.S.C.

26  § 1292(c)(2).

27      Apple and Samsung timely filed post-judgment motions concerning both liability and

28  damages.  (*See* Dkt. Nos.1981, 1982, 1988, 1989, 1990.)  Pendency of those timely post-

APPLE'S OPPOSITION TO SAMSUNG'S MOTION FOR NEW TRIAL OR FOR ENTRY OF JUDGMENT ON LIABILITY
CASE NO. 11-cv-01846-LHK (PSG)
sf-3311066

17

1  judgment motions stayed the time for filing a notice of appeal.  Fed. R. App. P. 4(a)(4)(A).  But

2  all timely post-judgment motions as to liability were resolved by this Court's orders on January

3  29, 2013.  (Dkt. Nos. 2219 & 2220.)  There is no additional liability judgment to be issued.

4      Therefore, even assuming that a non-bifurcated liability and damages trial could result in a

5  judgment that is "final except for an accounting" under Section 1292(c)(2), the time to appeal that

6  judgment was triggered upon resolution of the timely post-judgment motions as to liability.  If

7  any appeal was available under Section 1292(c), it existed only within 30 days of January 29,

8  2013.  Fed. R. App. P. 4(a)(1)(A) (notice of appeal must be filed within 30 days); *Ortiz v. Jordan*,

9  131 S. Ct. 884, 891 (2011) (appeal from interlocutory order must be filed within 30 days).  But

10  Samsung did not appeal at that time.

11      No separate "judgment on liability" needed to be entered to trigger the time to appeal

12  under Section 1292(c).  Indeed, the form of this Court's rulings on the post-judgment motions is

13  essentially the same as the form of the orders that the Federal Circuit held triggered the appeal in

14  *Bosch*.  Like the August 24, 2012, judgment here, the district court in *Bosch* entered judgment

15  that "[f]or the reasons stated in the jury verdict," "judgment be and is hereby entered in favor of

16  plaintiff Robert Bosch, LLC and against defendant Pylon Manufacturing Corp." as to certain

17  patent claims and "in favor of defendant Pylon Manufacturing Corp. and against plaintiff Robert

18  Bosch, LLC" as to other claims.[3]  Then, like the January 29, 2013, order resolving the post-

19  judgment motions on liability here, the district court in *Bosch* issued an order granting in part and

20  denying in part the motions for judgment as a matter of law.[4]  Only the *Bosch* defendant's

21  counterclaim for unenforceability due to inequitable conduct remained unresolved, but then the

22  district court issued a Rule 54(b) judgment on "Pylon's claim of unenforceability."[5]  At that point,

23  the judgment became final except for an accounting, and the parties appealed under Section

24      [3] Amended Judgment in a Civil Case, *Robert Bosch, LLC v. Pylon Mfg. Corp.*, No. 08-
CV-542 (D. Del. May 3, 2010) (Dkt. No. 306).

25

26      [4] Order, *Robert Bosch, LLC v. Pylon Mfg. Corp.*, No. 08-CV-542 (D. Del. Nov. 3, 2010)
(Dkt.  No. 361).

27      [5] Final Judgment Following Post Trial Motion Practice Pursuant to Fed. R. Civ. P. 54(b),
*Robert Bosch, LLC v. Pylon Mfg. Corp.*, No. 08-CV-542 (D. Del. Mar. 23, 2011) (Dkt. No. 396).

28

1  1292(c)(2) within 30 days.[6]  The Federal Circuit held that the appeal was proper.  There was no

2  separate document titled "judgment on liability" entered after resolution of the post-judgment

3  motions that triggered the appeal in *Bosch*, nor was there any need for one here.

4      The 30-day period to appeal is jurisdictional, and it cannot be extended except in

5  extraordinary circumstances that are not present here.  *Bowles v. Russell*, 551 U.S. 205, 209-10

6  (2007); 28 U.S.C. § 2107(c).  Nor are there any "equitable exceptions" to the rule.  *Bowles*, 551

7  U.S. at 213-14.  In any event, the time to ask for an extension already has long passed.  28 U.S.C.

8  § 2107(c).

9      Nor can resolution of Samsung's current untimely Rule 59 motion restart the time to

10 appeal.  Because the motion was untimely, it cannot toll or otherwise extend the time to file a

11 notice of appeal.  *Tillman*, 234 F.3d at 1089.  And because this Court is without jurisdiction to

12 consider the untimely Rule 59 motion, the court of appeals likewise would lack jurisdiction to

13 hear any attempted appeal from an order denying the motion.  *Id.*

14      Finally, if this Court were to grant Samsung's request for entry of a "judgment on

15 liability," that would not restart the clock for Samsung to appeal.  Entry of a new judgment

16 confirming what this Court already has adjudicated would "not toll the time within which review

17 must be sought."  *United States v. Bealey*, 978 F.2d 696, 699 (Fed. Cir. 1992).  Here, entry of the

18 August 24, 2012, judgment and resolution of the post-judgment motions settled with finality all

19 liability issues.  The order that Samsung requests would merely reconfirm what this Court already

20 has adjudicated.  Courts of appeals repeatedly have dismissed such appeals for lack of jurisdiction

21 where the appeal should have been brought within 30 days from the original judgment.  *Id.*;

22 *Napoli v. Town of New Windsor*, 600 F.3d 168, 170-71 (2d Cir. 2010) (per curiam); *Am. Safety*

23 *Indem. Co. v. Official Comm. of Unsecured Creditors (In re Am. Safety Indem. Co.)*, 502 F.3d 70,

24 72 (2d Cir. 2007); *First Nationwide Bank v. Summer House Joint Venture*, 902 F.2d 1197, 1200

25      [6] Pylon Manufacturing Corporation's Notice of Appeal to the United States Court of
   Appeals for the Federal Circuit, *Robert Bosch, LLC v. Pylon Mfg. Corp.*, No. 08-CV-542 (D. Del.
26 Apr. 21, 2011) (Dkt. No. 397); Robert Bosch, LLC's Precautionary Notice of Appeal to the
   United States Court of Appeals for the Federal Circuit, *Robert Bosch, LLC v. Pylon Mfg. Corp.*,
27 No. 08-CV-542 (D. Del. Apr. 21, 2011) (Dkt. No. 398).

28

APPLE'S OPPOSITION TO SAMSUNG'S MOTION FOR NEW TRIAL OR FOR ENTRY OF JUDGMENT ON LIABILITY
CASE NO. 11-CV-01846-LHK (PSG)
sf-3311066

19

1  (5th Cir. 1990); *County of Imperial v. United States*, 348 F.2d 904, 905 (9th Cir. 1965) (per

2  curiam).

3        Any appeal may now be had only under 28 U.S.C. § 1295, from a "final decision" after

4  the damages trial.  28 U.S.C. § 1295(a)(1).  Granting Samsung's request for entry of another

5  "judgment on liability" would only cause unnecessary delay and judicial inefficiencies.  Any

6  appeal of such a purportedly "new" judgment would be dismissed for lack of jurisdiction.  The

7  parties and the Court then would be in the same place as today—preparing for a damages trial.

8  The Court and the parties have expended significant time and resources on damages issues and in

9  preparation for that upcoming trial.  Apple would be prejudiced by an attempted improper appeal

10  now.  Samsung's motion should be denied, and the Court should proceed with the trial on the

11  remaining damages issues.

## CONCLUSION

12

13        For the foregoing reasons, Samsung's motion should be denied.

14

15  Dated: July 22, 2013                    MORRISON & FOERSTER LLP

16

17                                    By:   */s/ Harold J. McElhinny*
                                           Harold J. McElhinny

18
                                           Attorneys for Plaintiff
19                                         APPLE INC.

20

21

22

23

24

25

26

27

28