1   HAROLD J. MCELHINNY (CA SBN 66781)        WILLIAM F. LEE
    hmcelhinny@mofo.com                        william.lee@wilmerhale.com
2   MICHAEL A. JACOBS (CA SBN 111664)          WILMER CUTLER PICKERING
    mjacobs@mofo.com                           HALE AND DORR LLP
3   RACHEL KREVANS (CA SBN 116421)             60 State Street
    rkrevans@mofo.com                          Boston, MA 02109
4   ERIK J. OLSON (CA SBN 175815)              Telephone: (617) 526-6000
    ejolson@mofo.com                           Facsimile: (617) 526-5000
5   MORRISON & FOERSTER LLP
    425 Market Street
6   San Francisco, California  94105-2482      MARK D. SELWYN (SBN 244180)
    Telephone:  (415) 268-7000                 mark.selwyn@wilmerhale.com
7   Facsimile:  (415) 268-7522                 WILMER CUTLER PICKERING
                                               HALE AND DORR LLP
8                                              950 Page Mill Road
                                               Palo Alto, California 94304
9   Attorneys for Plaintiff and                Telephone: (650) 858-6000
    Counterclaim-Defendant APPLE INC.          Facsimile: (650) 858-6100
10

11                  UNITED STATES DISTRICT COURT

12                NORTHERN DISTRICT OF CALIFORNIA

13                      SAN JOSE DIVISION

14

15   APPLE INC., a California corporation,      Case No.   11-cv-01846-LHK (PSG)

16                  Plaintiff,                  **DECLARATION OF RAVIN
                                                BALAKRISHNAN, PH.D. IN
17          v.                                  SUPPORT OF APPLE'S
                                                OPPOSITION TO SAMSUNG'S
18   SAMSUNG ELECTRONICS CO., LTD., a           MOTION FOR NEW TRIAL
     Korean business entity; SAMSUNG            REGARDING '381 PATENT
19   ELECTRONICS AMERICA, INC., a New           PURSUANT TO RULE 59 BASED ON
     York corporation; SAMSUNG                  "NEWLY DISCOVERED
20   TELECOMMUNICATIONS AMERICA,                EVIDENCE" OR, ALTERNATIVELY,
     LLC, a Delaware limited liability company, FOR ENTRY OF JUDGMENT OF
21                                              LIABILITY
                    Defendants.
22

23   **HIGHLY CONFIDENTIAL – CONTAINS MATERIAL DESIGNATED AS HIGHLY
         CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY –
24       SOURCE CODE PURSUANT TO A PROTECTIVE ORDER**

25                   PUBLIC REDACTED VERSION

26

27

28

I, Ravin Balakrishnan, Ph.D., do hereby declare as follows:

1.     I am a tenured Professor in the Department of Computer Science at the University of Toronto, and have been asked by counsel for Apple Inc. ("Apple") to provide analysis and expert opinions in the above-captioned case.  I understand that Defendants Samsung Electronics Co. Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung") have filed a motion for a new trial regarding Samsung's liability for infringement of United States Patent No. 7,469,381 ("the'381 patent"), and submitted in support of its motion the Declaration of Andries Van Dam, Ph.D. in Support of Samsung's Motion for a New Trial Regarding '381 Patent Pursuant to Federal Rule of Civil Procedure 59 Based on Newly Discovered Evidence ("Van Dam Declaration").  I have been asked to provide opinions as to whether Samsung's accused products infringe claim 19 of the '381 Patent and to address the Van Dam Declaration.  My opinions are set forth below in this declaration and in the attached exhibits.

2.     I reserve the right to supplement or amend this declaration if additional data or other information that affects my opinions becomes available.  I may testify at a hearing or at trial regarding the matters expressed in this declaration and any supplemental declarations that I may prepare for this litigation.  I also may prepare and rely on audiovisual aids to demonstrate various aspects of my testimony at a hearing.  I also may testify with respect to any matters addressed by any expert testifying on behalf of Samsung, if asked to do so.

3.     I am being compensated at a rate of $430 per hour for my work in connection with this action.  My compensation is not based in any way on the outcome of the litigation.

4.     I incorporate by reference the Expert Report of Ravin Balakrishnan, Ph.D. Regarding Infringement of U.S. Patent No. 7,469,381 ("Infringement Report"), submitted on March 22, 2012, a copy of which is attached hereto as Exhibit A.

5.     I incorporate by reference the Rebuttal Expert Report of Ravin Balakrishnan, Ph.D. Regarding Validity of U.S. Patent No. 7,469,381, submitted on April 16, 2012, a copy of which was attached as Exhibit 6 to the declaration of Robert J. Becher that Samsung filed in support of its motion for a new trial.  (Dkt. No. 2338-13.)

**I.  QUALIFICATIONS**

6.      My qualifications are discussed in my Infringement Report submitted on March 22, 2012, and are also stated more fully in my curriculum vitae, attached as Exhibit 1 to that report.

**II.  OPINION**

7.      I have reviewed Apple's May 2013 filings before the United States Patent & Trademark Office in the reexamination of the '381 Patent, and the examiner's statements concerning his decision to issue a reexamination certificate for the '381 Patent.  The discussion of the scope of claim 19 and of the Lira prior art is consistent with my understanding of the scope of claim 19 at the time of trial and as I understood the claim in expressing my infringement and validity opinions, and nothing in those filings changes my opinions regarding the validity of the '381 Patent or my infringement analysis.

8.      In my Infringement Report, I demonstrated that all of the elements of claim 19 of the '381 Patent were met by the operation of the accused Samsung products.  Specifically, I discussed how the Gallery, Web Browser ("Browser"), and Contacts applications on those devices infringed claim 19 by performing a snap back to the edge of the document when the user had dragged certain content off the screen to display the area beyond the edge of the document.  I discussed how this behavior of the accused products running those applications met all of the elements of claim 19.  In my report I also included videos showing the infringing behavior and discussed the Samsung Gallery and Browser source code performing this behavior.

9.      At trial, I testified regarding the behavior of these applications in the Samsung accused products and explained how it established infringement of claim 19.  Videos of some of those behaviors were admitted at trial as PX64.  A selection of source code for the Gallery and Browser application infringing applications was admitted as PX31.

10.     During my trial testimony, videos demonstrating infringing behavior for the Samsung accused products running the Gallery, Browser and Contacts applications were shown to the jury, and excerpts of the infringing Gallery and Browser source code were shown as demonstrative exhibits.  Additional videos were admitted as PX64, and a copy of PX64 is being

DECLARATION OF RAVIN BALAKRISHNAN, PH.D. IN SUPPORT OF APPLE'S OPP'N TO MOT. FOR NEW TRIAL
CASE NO. 11-CV-01846-LHK (PSG)

2

1    provided with this Declaration as Exhibit B.  The source code shown to the jury in PDX27.31 was

2    for a small portion of the Gallery and Browser applications, as I testified at trial.

3              11.      I have reviewed the Van Dam Declaration, as well as its exhibits and the relevant

4    source code.  Dr. Van Dam opines that "Apple failed to make a showing at trial that the new post-

5    reexamination limitations discussed above are present in the Captivate, Continuum, Droid

6    Charge, Epic 4G, Exhibit 4G, Fascinate, Galaxy Prevail, Galaxy S 4G, Galaxy S II (AT&T),

7    Galaxy Tab, Galaxy Tab 10.1 (WiFi), Gem, Indulge, Infuse 4G, Mesmerize, Nexus S 4G,

8    Replenish and Vibrant, under the Browser, Gallery, or Contacts applications."  (Van Dam Decl. ¶

9    30.)

10             12.      In my opinion, Dr. Van Dam fails to rebut proof of infringement for any of the

11   devices.  As I detail below, Dr. Van Dam's analysis has numerous flaws.  These include that he

12   limits his discussion to documents that are not zoomed in but that are equal to or smaller in size

13   than the visible area of the screen, thus ignoring the scenario of a zoomed in document that Apple

14   demonstrated infringes claim 19 in the Gallery application.  Further, Dr. Van Dam's analysis of

15   the computer instructions underlying the infringing behavior in Gallery is incorrect.

16             13.      Dr. Van Dam's analysis and opinions concerning the Browser code are also

17   flawed.  The Samsung source code produced in this litigation and admitted as part of PX31

18   demonstrates that ██████████████████████████████████████████████████████

19   ████████████████████████████████████████████████████████████████

20   ████████████████████████████████████████████████ Because Dr. Van Dam's

21   declaration does not identify what version of the Browser code he reviewed and does not cite any

22   Bates numbers corresponding to the Samsung code produced in this litigation, it is not clear

23   whether Dr. Van Dam reviewed the Samsung code produced in this case or code from some

24   different version of Android.  In any event, as discussed below, his analysis of the Browser code

25   is simply wrong.

26        **B.      Dr. Van Dam's Gallery Code Analysis is Flawed**

27             14.      Dr. Van Dam argues that the Gallery code cited by Apple in its trial demonstrative

28   exhibit does not perform edge alignment, and instead performs "centering."  (Van Dam

Declaration ¶¶ 32-33.)  Even assuming that Dr. Van Dam's argument about the scope of claim 19 is correct, his conclusion that the Gallery code that Apple showed demonstrates "centering" and not "edge alignment" is flawed.  As I detailed in my Infringement Report and explained at trial, the code that Apple showed at trial is a key component of the code that performs edge alignment on zoomed images in the Gallery application.  Contrary to Dr. Van Dam's assertions, the code that Apple showed at trial ███████████████████████████████████████████

████████████████████████████████████████████████████████████

███████████████████████████████████████████

15.    The following is the demonstrative exhibit that showed excerpts of relevant Gallery and Browser code.  The Gallery code is shown on the left-hand side.

███████████████████████████████████████████

16.    ██████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

DECLARATION OF RAVIN BALAKRISHNAN, PH.D. IN SUPPORT OF APPLE'S OPP'N TO MOT. FOR NEW TRIAL
CASE NO. 11-cv-01846-LHK (PSG)

4



1

2 ████████████████████████ This is precisely edge alignment, not centering as

3 Dr. Van Dam alleges.

4     17. ████████████████████████

5 ████████████████████████████████████████

6 ████████████████████████████████████████

7 ████████████████████████████████████

8 ████████████████████████████████████

9 ████████████████████████████████████

10 ██████████

11     18. ████████████████████████████████

12 ████████████████████████████████

13 ████████████████████████████████████████

14 ████████████████████████████████████

15 ████████████████████████ As I demonstrated in my

16 Infringement Report, and as was shown at trial, the Gallery application's edge alignment of

17 zoomed images infringes claim 19. ████████████████████

18 ████████████████████████████████ █

19     19. Thus, Dr. Van Dam is incorrect when he asserts that ████████████

20 ████████████████████████████████████████

21 ████████████ As I showed in my Infringement Report and at trial, the Gallery

22 application has software instructions for performing edge alignment, and in fact does perform

23 edge alignment when a zoomed document is dragged beyond the edge and released.

---

[1] See SAMNDCA-C000007738-39, -7782-83, -7982-84, -8002-03, -8156-58, -8175-77.

[2] See SAMNDCA-C000007738-39, -7771-72, -7781-82, -7948-53, -7982-84, -8001-02, -8123-28, -8156-58, -8174-75.

DECLARATION OF RAVIN BALAKRISHNAN, PH.D. IN SUPPORT OF APPLE'S OPP'N TO MOT. FOR NEW TRIAL
CASE NO. 11-CV-01846-LHK (PSG)

5

20.     Further, Dr. Van Dam is incorrect when he states that ███████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████

**C.     Dr. Van Dam's Browser Code Analysis is Flawed**

21.     Dr. Van Dam assets that █████████████████████████████
████████████████████████████████████████████████████████████████████
███████████████████████████████████████████████
████████████████████     Dr. Van Dam is mistaken. ████████████████
████████████████████████████████████████████████████████████████████
███████████████

22.     As noted above, Samsung's version of the Browser code █████████████
██████████████████████████████████     The source code produced by
Samsung in this case confirms that the code, as it pertains to the infringing behavior here,
██████████████████████████████████████████

23.     For example, in Samsung's code—█████████████████████████
██████████████████████████████████████████████
████████████████████████████████████████████████████████████
█████████████████████████████
          ██████████████████████████████████████
          ███████████████████████████

24.     The following is the demonstrative exhibit that showed excerpts of relevant
Gallery and Browser code.  The Browser code is shown on the right-hand side.

───────────────────────

[3] *See* code cited *supra* notes 1 & 2.

[4] *See* SAMNDCA-C000003544-46 ██████████████████████████
█████████████████████████████████

[5] SAMNDCA-C000003546-47.



25.     My analysis of infringement in my Infringement Report and in my trial testimony ████████████████████████████████████████████████████ Instead, I relied on my analysis of the source code produced by Samsung in this action.  In particular, Samsung's version adds several methods, ████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████████ ███████████████████████████

26.     In Samsung's Browser code, when ████████████████████████████ ████████████████████████████████ ██████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████

_____

⁶ *See* SAMNDCA-C000003510, -3544-46.

27.     The code shown in PDX27.31 for the Browser application is █████████
███████████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████████
███████████████████████████████████████████

28.     This code corresponds to what a user sees when operating the accused products
and what I showed at trial and in PX64. Samsung's code ████████████████████████████
███████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████ Visual observation
of that code in action confirms that the Browser in the accused products does edge detection and
performs the steps of claim 19, and neither centers the electronic document nor causes it to
oscillate.

1     I declare under penalty of perjury under the laws of the United States of America that the

2   foregoing is true and correct and that this Declaration was executed this 22nd day of July, 2013 in

3   Toronto, Canada.

4

5   _____

6   Ravin Balakrishnan

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28