UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California corporation, | Case No.: 11-CV-01846-LHK |
| Plaintiff, | ORDER GRANTING NON-PARTY IDC RESEARCH INC.'S ADMINISTRATIVE MOTION TO SEAL |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendants. | |

Before the Court is non-party IDC Research, Inc.'s (d.b.a. International Data Corporation) ("IDC") administrative motion to seal Exhibit 199 to the Declaration of Michael Wagner in support of Samsung's Opposition to Apple's Motion for a Permanent Injunction and Damages Enhancement. *See* IDC's Mot. File Under Seal ("IDC's Mot."), ECF No. 2204.  In response, Samsung filed a partial opposition. *See* Samsung's Partial Opp'n IDC's Mot. ("Samsung's Partial Opp'n"), ECF No. 2208.  For the reasons stated below, the Court GRANTS IDC's Motion to Seal.

I.   **LEGAL STANDARD**

As this Court has explained in its previous sealing orders, courts have recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978).  "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting

1

1   point." *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting

2   *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

3         To overcome this strong presumption, a party seeking to seal a judicial record must

4   articulate a reason for sealing that outweighs the public policies favoring disclosure. *See id.* at

5   1178–79. Because the public's interest in non-dispositive motions is relatively low, a party seeking

6   to seal a document attached to a non-dispositive motion need only demonstrate a reason that

7   constitutes "good cause." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010)

8   (applying "good cause" standard to all non-dispositive motions, because such motions "'are often

9   unrelated, or only tangentially related, to the underlying cause of action'" (quoting *Kamakana*, 447

10  F.3d at 1179)).

11        In contrast, "the resolution of a dispute on the merits . . . is at the heart of the interest in

12  ensuring the 'public's understanding of the judicial process and of significant public events.'"

13  *Kamakana*, 447 F.3d at 1179 (quoting *Valley Broadcasting Co. v. U.S. Dist. Court for Dist. of*

14  *Nev.*, 798 F.2d 1289, 1294 (9th Cir. 1986)). Therefore, a party seeking to seal a judicial record

15  attached to a dispositive motion must articulate "compelling reasons" in favor of sealing. *See*

16  *Kamakana*, 447 F.3d at 1178.

17        The document that IDC seeks to seal concerns Apple's Motion for a Permanent Injunction

18  and Damages, which directly concerns the merits of the case. Moreover, Apple's motion to

19  permanently enjoin the sale of 26 Samsung products is a significant public event of which the

20  public has great interest, as evidenced by the high media and general public attention to the

21  preliminary injunction proceedings, the trial, and the post-trial proceedings.

22        Accordingly, the Court will use the "compelling reasons" standard here.

23  **II.    IDC'S MOTION TO SEAL**

24        As noted above, non-party IDC seeks to seal in its entirety Exhibit 199 to the Declaration of

25  Michael Wagner in support of Samsung's Opposition to Apple's Motion for a Permanent

26  Injunction and Damages Enhancement ("Wagner PI Declaration"). Exhibit 199 consists of an

27  entire IDC report and data spreadsheet of a worldwide quarterly mobile phone tracker for the

28  second quarter of 2012 (the "Worldwide Quarterly Mobile Phone Tracker 2012Q2" or the

2

"Tracker"). *See* IDC's Mot. at 1. While Samsung does not oppose IDC's request to seal Exhibit 199, it opposes any order that "require[s] Samsung to [] not file the tracker at all." *See* Samsung's Partial Opp'n at 1 (citing IDCs Mot. at 3).

To determine whether there are "compelling reasons" to seal Exhibit 199, this Court must examine if "such 'court files might . . . become a vehicle for improper purposes,' such as the use of records to . . . release trade secrets." *Kamakana*, 447 F.3d at 1179 (citing *Nixon*, 435 U.S. at 598). For purposes of sealing, the Ninth Circuit has adopted the definition of "trade secrets" set forth in the Restatement of Torts, holding that "[a] trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Clark v. Bunker,* 453 F.2d 1006, 1009 (9th Cir. 1972) (quoting *Restatement of Torts* § 757, cmt. b). "[P]ricing terms, royalty rates, and guaranteed minimum payment terms" clearly fall within the definition of "trade secrets" for purposes of sealing motions. *See In re Electronic Arts*, 298 Fed. App'x 568, 569 (9th Cir. 2008). Additionally, "compelling reasons" may exist if sealing is required to prevent judicial documents from being used "'as sources of business information that might harm a litigant's competitive standing.'" *Id.* (citing *Nixon*, 435 U.S. at 598).

The Worldwide Quarterly Mobile Phone Tracker 2012Q2 is "a massive collection of recent data and analysis regarding mobile phone and smartphone markets with a wide geographic scope." IDC Mot. at 2 (citing Decl. Crawford Del Prete Supp. IDC's Motion to Seal ("Del Prete Decl.") ¶¶3-6). To protect this valuable proprietary work product, IDC imposes strict controls on what its customers may do with it. Del Prete Decl. ¶ 7. If a customer wishes to distribute or otherwise use the Tracker, or any part of it, externally, it must first obtain IDC's express written consent. *Id.* ¶ 7, Ex. A ¶2(d).

Apple originally purchased the Tracker from IDC for over $400,000 under a strict confidentiality agreement. *See id.* ¶¶ 8, 15. Since its sale, IDC has not consented to Apple or Samsung using the Tracker in any manner that would cause it to become public information. *Id.* ¶ 9. IDC only gave Apple permission to produce and use the Tracker in response to a discovery request from Samsung in this litigation on the express condition that the material be marked

3

"Highly Confidential—Attorney's Eyes Only." *See id.* ¶ 10.

IDC contends that its overriding interest in maintaining the highly sensitive proprietary data and analysis that IDC features in its trackers is a compelling reason to seal the document. IDC also notes that Courts have routinely found a compelling interest in protecting the type of confidential information contained in the Tracker. IDC Mot. at 4 (citing, as an example, *In re Adobe Sys., Inc. Sec. Litig.*, 141 F.R.D. 155, 161-62 (N.D. Cal. 1992)).

As IDC's business model revolves around gathering and selling data and reports of this nature, the Court agrees that public disclosure of the Tracker could cause IDC substantial commercial harm. First, if the Tracker were made publically available, IDC's prospective customers would have no need to purchase it at all. *See* Del Prete Decl. ¶ 15. Second, public disclosure of the Tracker could provide a windfall to IDC's competitors and thereby place IDC at a competitive disadvantage. *Id*. ¶ 16. In contrast to the great potential for harm to IDC, the Court finds that the public's interest in accessing the raw data contained within the spreadsheet is relatively low. The public's interest in understanding the outcome of this action will be sufficiently satisfied by data contained in other documents derived from the Tracker, *see* Wagner PI Decl. Exs. 2, 29, but which do not reveal the full extent of the vast amount of information contained within the Tracker itself.

Thus, the Court finds that IDC has set forth compelling reasons to maintain the Tracker under seal. Accordingly, the Court GRANTS IDC's Motion to Seal Exhibit 199 to the Wagner Declaration in its entirety.

**IT IS SO ORDERED.**

Dated: July 24, 2013

*Lucy H. Koh*
LUCY H. KOH
United States District Judge