1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Cal. Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5  Kathleen M. Sullivan (Cal. Bar No. 242261)
   kathleensullivan@quinnemanuel.com
6  Kevin P.B. Johnson (Cal. Bar No. 177129)
   kevinjohnson@quinnemanuel.com
7  Victoria F. Maroulis (Cal. Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
8  555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, California  94065
9  Telephone: (650) 801-5000
   Facsimile: (650) 801-5100
10
   Susan R. Estrich (Cal. Bar No. 124009)
11 susanestrich@quinnemanuel.com
   Michael T. Zeller (Cal. Bar No. 196417)
12 michaelzeller@quinnemanuel.com
   865 S. Figueroa St., 10th Floor
13 Los Angeles, California 90017
   Telephone: (213) 443-3000
14 Facsimile: (213) 443-3100

15 Attorneys for SAMSUNG ELECTRONICS CO.,
   LTD., SAMSUNG ELECTRONICS AMERICA,
16 INC. and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC
17

18                      UNITED STATES DISTRICT COURT

19              NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

20

| | |
|---|---|
| APPLE INC., a California corporation, | CASE NO. 11-cv-01846-LHK |
| Plaintiff, | **DECLARATION OF JAMES SHIN IN SUPPORT OF APPLE'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL** |
| vs. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendants. | |

I, James Shin, declare:

1. I am Senior Legal Counsel at Samsung Electronics Co., Ltd. ("SEC"). I have personal knowledge of the facts set forth in this declaration, except as otherwise noted, and, if called as a witness, could and would testify to those facts under oath.

2. I submit this declaration in support of Apple's Administrative Motion to File Under Seal (Dkt. No. 2344) ("Motion") portions of the Declaration of Erik Olson in Support of Apple Inc.'s Motion to Modify April 29, 2013 Case Management Order ("Olson Declaration"), and Exhibits B-D thereto.

3. Exhibits B-D to the Olson Declaration consist of excerpts from the June 24, 2013 Expert Report of Julie L. Davis, and portions of the Olson Declaration reveal data included in Exhibits B-D. Samsung considers the product-specific financial data included in the documents to be highly confidential, including detailed information about Samsung's profits on various products.

4. The Samsung-confidential financial data included in the are similar to the data included in Exhibit 2 to the July 1, 2013 Declaration of Anthony Alden in Support of Samsung's Motion for Relief from April 29, 2013 Case Management Order (Dkt. No. 2326) (excerpts from the Davis Expert Report).

5. Because the documents subject to Apple's Motion are similar to documents filed previously in this action and subject to the same analysis, I incorporate by reference the declarations filed in support of the prior sealing requests, *i.e.,* the Declaration of Anthony Alden in Support of Samsung's Administrative Motion to File Documents Under Seal dated July 1, 2013 (Dkt. No. 2326); and my declarations in support of Samsung's and Apple Administrative Motion to File Documents Under Seal filed on July 9, 2012 (Dkt. Nos. 2340 & 2341).

6. Samsung considers the product-specific financial data included in these documents to be highly confidential, including detailed information about profits, and profit margins on various Samsung products. Samsung does not report the type of product-specific revenue, profit or margin data included in these documents to investors, regulatory bodies, the press, or business analysts. This type of information is highly confidential to Samsung and Samsung takes

1 | extraordinary steps to maintain the secrecy of the information. Even within Samsung's finance
2 | and accounting groups, such data can only be accessed by certain personnel on a restricted, need-
3 | to-know basis. This type of data guides Samsung's pricing, distribution, financial planning, and
4 | other business decisions.

5 |       7. Samsung's financial data was produced in this case to Apple's outside counsel and
6 | experts for the sole purpose of calculating supposed damages and were marked "Highly
7 | Confidential – Attorneys' Eyes Only" under the Protective Order. Samsung took special
8 | precautions when producing detailed financial data, including restricting the distribution of soft
9 | copies, copying, and inspection.

10 |       8. Product-specific profit data are far more sensitive and confidential than company-
11 | wide financial statements because they can be used to determine the lowest price at which
12 | Samsung can profitably sell its products. Armed with that information, a competitor could
13 | charge a lower price in an effort to gain market share. Competitors could also use knowledge of
14 | Samsung's highest- and lowest-performing product lines to target marketing and advertising
15 | efforts.

16 |       9. Suppliers could use the same information as leverage to negotiate higher prices for
17 | components, and carrier and retail partners would be able to leverage knowledge of Samsung's
18 | margins to negotiate lower prices for Samsung's smart phone and tablet products.

19 |       10. For these reasons, Samsung requests that Apple's Motion be granted.

20 |       11. Should the Court find the Olson Declaration and Exhibits B-D thereto not sealable,
21 | Samsung requests that the Court stay the effect of its order pending the Federal Circuit's
22 | resolution of Samsung's Appeal from the Court's July 17, 2012 and August 9, 2012 Orders.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct. Executed in Suwon, South Korea on July 24, 2013.

*/s/ James Shin*
James Shin