UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California corporation, | Case No.: 11-CV-01846-LHK |
| Plaintiff, | |
| v. | ORDER GRANTING THIRD PARTY ROVI'S LIMITED MOTION TO INTERVENE AND GRANTING-IN-PART AND DENYING-IN-PART MOTION TO SEAL |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendants. | |

Before the Court is non-party Rovi Corp.'s ("Rovi") combined Motion for Leave to Intervene for the limited purpose of sealing portions of its patent license agreement ("PLA") and Motion to Seal said information. *See* ECF No. 2274 ("Mot."), ECF No. 2275 (Exhibits A & B filed in support of Motion). Neither Plaintiff nor Defendants have filed any objections to Rovi's motion. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for determination without oral argument. Accordingly, the hearing set for August 1, 2013, is hereby VACATED. For the reasons stated below, the Court GRANTS Rovi's limited Motion to Intervene and Motion to Seal.

**I.   BACKGROUND**

1

Case No.: 11-CV-01846-LHK
ORDER GRANTING THIRD PARTY ROVI'S LIMITED MOTION TO INTERVENE AND GRANTING-IN-PART AND DENYING-IN-PART MOTION TO SEAL

Rovi is a publicly traded company that derives about three hundred million dollars annually from the licensing of its technology. *See* Mot. at 2; Decl. Lee Goldberg Supp. Non-Party Rovi Corp.'s Combined Motion ("Goldberg Decl.") ¶2, ECF No. 2274-1. Rovi owns and controls a patent portfolio of about 5,000 issued patents and applications and is a party to over 500 license agreements. *Id*. Plaintiff Apple is one of Rovi's licensees, as are many of Apple's competitors. *Id*.

On May 17, 2012, Samsung submitted Rovi's patent license agreement with Apple to the Court in connection with "a non-dispositive motion." Mot. at 2.[1] On February 1, 2013, Judge Grewal denied without prejudice Apple's motion to seal the PLA in its entirety. *See* ECF No. 2222. While recognizing that "pricing terms, royalty rates, and minimum payment terms properly may be sealed," Judge Grewal found that Apple had "failed to show particularized harm that would result if other information in the licensing agreement[] w[as] disclosed." *Id*. at 19. Accordingly, Judge Grewal afforded Apple the opportunity to bring another motion to seal that was "narrowly tailored to the licensing terms" or that provided a "particularized showing of harm that would result if other details from the licensing terms were disclosed." *See id*. In addition, Judge Grewal noted that information which has become publicly available, either through presentation at trial or through the parties' commercial activities, cannot remain under seal. *Id*. at 3. On February 15, 2013, Apple filed a Renewed Motion to Seal which is currently pending before Judge Grewal and requests, among other things, that the entire Rovi PLA be sealed. *See* ECF No. 2228.

On March 14, 2013, Rovi Corp. ("Rovi") filed with the undersigned judge an administrative

---

[1] While the Court believes that the "non-dispositive motion" to which Rovi refers is Samsung's Motion to Strike Expert Testimony Based on Undisclosed Facts and Theories, *see* ECF No. 934, Rovi's motion neither cites to a particular docket number nor provides the Court with any copies of the "non-dispositive motion" in connection with which this PLA was filed as an exhibit. As these materials were filed under seal with Judge Grewal rather than the undersigned, the Court does not have ready access to these documents. Further, this Court notes that it is unclear whether Rovi's PLA was submitted with other motions aside from the single "non-dispositive motion" that Rovi references, as the title of Rovi's Motion states that it relates to twenty-four other court filings. *See* Mot. at 1 (stating, in the caption, that the motion is: "Re: Docket Nos. 600, 613, 781, 782, 801, 819, 857, 934, 939, 965, 984, 986, 987, 990, 994, 996, 1041, 1044, 1047, 1056, 1067, 1074, 1088, 2149.").

2
Case No.: 11-CV-01846-LHK
ORDER GRANTING THIRD PARTY ROVI'S LIMITED MOTION TO INTERVENE AND GRANTING-IN-PART AND DENYING-IN-PART MOTION TO SEAL

motion to intervene for the limited purpose of sealing the PLA with Apple. *See* Rovi's Mot., ECF No. 2274. Rovi contends that good cause exists to maintain this PLA under seal in its entirety. *Id*. at 1. If such a request is denied, Rovi requests that the Court seal the most confidential parts of the PLA.

## II. MOTION TO INTERVENE

Rovi has filed a timely motion to intervene for the limited purpose of sealing its PLA with Apple. *See* ECF No. 2274. Pursuant to Rule 24(b) of the Federal Rules of Civil Procedure, a court "may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b).[2] In exercising its discretion, a court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

While "the primary focus of Rule 24(b) is intervention for the purpose of litigating a claim on the merits," *Beckman Industries, Inc. v. International Ins. Co.*, 966 F.2d 470, 472 (9th Cir. 1992), a non-party seeking to intervene may also intervene for a limited purpose, *see LG Electronics Inc. v. Q-Lity Computer Inc.*, 211 F.R.D. 360, 364 (N.D. Cal. 2002). For example, in *Beckman Industries, Inc. v. International Ins. Co.*, the Ninth Circuit noted that "there is ample support for . . . intervention [of a non-party] as a proper method to modify a protective order." 966 F.2d at 472; *see also Meyer Goldberg, Inc. of Lorain v. Fisher Foods*, 823 F.2d 159, 162 (6th Cir. 1987) (recognizing Rule 24(b) intervention as a proper method for nonparty to seek protected materials).

Here, Rovi does not seek to intervene for the purpose of litigating any claims on the merits, simply to ensure that a license agreement between Rovi and Apple is maintained under seal. Neither Apple nor Samsung oppose Rovi's motion. Therefore, there is no basis for the Court to infer that intervention would "unduly delay or prejudice" the adjudication of Apple or Samsung's

---

[2] Rovi Corp. does not set forth in its motion whether it is seeking intervention as of right, pursuant to Federal Rule of Civil Procedure 24(a), or permissive intervention, pursuant to Federal Rule of Civil Procedure 24(b). Thus, the Court treats Rovi's motion as one seeking permissive intervention.

3

Case No.: 11-CV-01846-LHK
ORDER GRANTING THIRD PARTY ROVI'S LIMITED MOTION TO INTERVENE AND GRANTING-IN-PART AND DENYING-IN-PART MOTION TO SEAL

rights. *See* Fed. R. Civ. P. 24(b)(3). Because this motion is unopposed and was filed in a timely manner, the Court GRANTS Rovi's third-party Motion to Intervene for the limited purpose of sealing portions of its patent license agreement.

### III. MOTION TO SEAL

As this Court has explained in its previous sealing orders, courts have recognized a "general right to inspect and copy public records and documents, including judicial records." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

In order to overcome this strong presumption, a party seeking to seal a judicial record must articulate "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1178-79 (internal quotation marks and citations omitted). "In general, 'compelling reasons' . . . exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (citing *Nixon*, 435 U.S. at 598). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* (citing *Foltz*, 331 F.3d at 1136).

However, the Ninth Circuit has "carved out an exception to the presumption of access to judicial records . . . [that is] expressly limited to judicial records filed under seal when attached to a *non-dispositive* motion." *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litigation*, 686 F.3d 1115, 1119 (9th Cir. 2012) (per curiam) (internal quotation marks and citation omitted) (emphasis in original); *see also Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (applying a "good cause" standard to all non-dispositive motions because such motions "are often unrelated, or only tangentially related, to the underlying cause of action") (internal quotation marks and citation omitted). In addition, the Supreme Court has recognized that sealing may be justified

4

Case No.: 11-CV-01846-LHK
ORDER GRANTING THIRD PARTY ROVI'S LIMITED MOTION TO INTERVENE AND GRANTING-IN-PART AND DENYING-IN-PART MOTION TO SEAL

to prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598.

Specifically, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, a trial court has broad discretion to permit sealing of court documents for, inter alia, the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). The Ninth Circuit has adopted the definition of "trade secrets" set forth in the Restatement of Torts, holding that "[a] trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Clark v. Bunker,* 453 F.2d 1006, 1009 (9th Cir. 1972) (quoting *Restatement of Torts* § 757, cmt. b). "Generally it relates to the production of goods. . . . It may, however, relate to the sale of goods or to other operations in the business . . ." *Id.* In addition, the Ninth Circuit has held, and this Court has previously ruled, that pricing terms, royalty rates, and minimum payment terms of licensing agreements plainly constitute trade secrets, and thus are sealable. *See In re Electronic Arts, Inc.*, 298 Fed. App'x 568, 569 (9th Cir. 2008); *see also* August 9, Order, ECF No. 1649.

For the purpose of the request to seal Rovi's PLA, Judge Grewal has already determined that the "good cause" standard should apply. *See* ECF No. 2222, at 3 ("All of the motions to seal at issue here relate to discovery motions that were nondispositive."). Even under the "good cause" standard of Rule 26(c), however, a party must make a "particularized showing" with respect to any individual document in order to justify sealing the relevant document. *Kamakana*, 447 F.3d at 1180; *San Jose Mercury News, Inc. v. U.S. Dist. Court, N. Dist.*, 187 F.3d 1096, 1103 (9th Cir. 1999). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc.*, 966 F.2d at 476 (internal quotation marks and citation omitted).

Although Rovi believes that the PLA should be sealed in its entirety, Rovi requests that the Court at least seal what Rovi believes to be the most confidential parts of the license. To that end, Rovi has attached as Exhibit A to its Motion the complete un-redacted version of the PLA

5

Case No.: 11-CV-01846-LHK
ORDER GRANTING THIRD PARTY ROVI'S LIMITED MOTION TO INTERVENE AND GRANTING-IN-PART AND DENYING-IN-PART MOTION TO SEAL

containing Rovi's proposed redactions highlighted in yellow. *See* ECF No. 2275, Ex. A.

Rovi argues that good cause exists to maintain these portions of the PLA under seal because disclosure of such highly confidential information within its PLA would give Rovi's competitors and prospective licensees an "unfair advantage" as "this information derives economic value from not being generally known." *See* Rovi's Mot. at 4-5. Among the information that Rovi seeks to maintain under seal should the Court deny its request to seal the PLA entirely is information relating to Rovi's pricing terms, royalty rates, and payments. *See* ECF No. 2275, Ex. A, at 006, 007 ("Rovi Termination," "License Fee," and "Time of Essence; Interest"). The Court finds that the public release of such information could indeed place Rovi in a diminished bargaining position in future negotiations with potential customers and competitors, thereby causing significant harm to Rovi's competitive standing. *See In re Electronic Arts*, 298 Fed. App'x at 569 (citing *Nixon*, 435 U.S. at 598). In addition, Rovi seeks to seal particular information related to the scope of the license granted by Rovi to Apple. Rovi expresses concern that competitors and prospective licensees would change their behavior to take advantage of their knowledge that is otherwise non-public and highly confidential. *See* Mot. at 5. Consequently, Rovi "aggressively protects" the information it seeks to seal here "in order to ensure that it does not become publicly available." *Id.*

While the Court does not find that Rovi has set forth good cause to maintain the entire PLA under seal, the Court finds that Rovi has made a sufficiently particularized showing to maintain under seal the portions of the PLA that Rovi identifies in Exhibit A. Accordingly, the Court DENIES without prejudice Rovi's request to seal the PLA in its entirety, but GRANTS Rovi's Motion to Seal portions of its confidential PLA with Apple. *See* ECF No. 2275, Exs. A & B.[3]

---

[3] Rovi does not specifically request that the Court stay the effect of this Order pending appeal with the Federal Circuit, though Apple does in its renewed motion to seal. *Compare* Mot.*, with* ECF No. 2228, at 12 (requesting that, "if the Court denies sealing of any of the materials that are the subject of this motion, the Court continue its practice of staying effect of its order pending appeal.") (citing ECF No. 2047, at 7). This Court has previously held that, once information is publicly filed, "what once may have been trade secret no longer will be. Thus the parties may be irreparably injured absent a stay. In contrast, the public interest, which favors disclosure of relevant information in order to understand the proceedings, is not unduly harmed by a short stay." ECF No. 2047, at 7. Accordingly, should Rovi or Apple believe that the effect of this Order must

Case No.: 11-CV-01846-LHK
ORDER GRANTING THIRD PARTY ROVI'S LIMITED MOTION TO INTERVENE AND GRANTING-IN-PART AND DENYING-IN-PART MOTION TO SEAL

## IV. CONCLUSION

Thus, the Court GRANTS Rovi's Motion to Intervene and GRANTS-IN-PART and DENIES-IN-PART Rovi's Motion to Seal. Rovi's motion to seal the PLA in its entirey is DENIED. However, Rovi may maintain under seal the highlighted portions of the PLA that Rovi has identified in Exhibit A, which Rovi filed in connection with the combined Motion to Intervene and Motion to Seal. *See* ECF No. 2275, Ex. A.

**IT IS SO ORDERED.**

Dated: July 29, 2013

_____
LUCY H. KOH
United States District Judge

---

be stayed pending the appeal with the Federal Circuit, Rovi and/or Apple must file a formal request for a stay of the effects of this Order within seven (7) days.

Case No.: 11-CV-01846-LHK
ORDER GRANTING THIRD PARTY ROVI'S LIMITED MOTION TO INTERVENE AND GRANTING-IN-PART AND DENYING-IN-PART MOTION TO SEAL