QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO.,
LTD., SAMSUNG ELECTRONICS AMERICA,
INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendant. | CASE NO. 11-cv-01846-LHK<br><br>**REPLY IN SUPPORT OF MOTION FOR NEW TRIAL REGARDING '381 PATENT PURSUANT TO FED. R. CIV. P. 59 BASED ON NEWLY DISCOVERED EVIDENCE OR, ALTERNATIVELY, FOR ENTRY OF JUDGMENT ON LIABILITY**<br><br>Date: August 15, 2013<br>Time: 1:30 p.m.<br>Place: Courtroom 8, 4th Floor<br>Judge: Hon. Lucy H. Koh<br><br>**[PUBLIC REDACTED VERSION]** |

02198.51855/5436918.5

Case No. 11-cv-01846-LHK
REPLY IN SUPPORT OF MOTION FOR NEW TRIAL REGARDING '381 PATENT
OR, ALTERNATIVELY, FOR ENTRY OF JUDGMENT ON LIABILITY

**PRELIMINARY STATEMENT**

Apple's procedural objection to Samsung's motion for a new trial under Rule 59(a) lacks merit. It claims that Samsung's motion is untimely because it was filed more than 28 days after the Court's judgment. Apple is wrong. Because the Court granted Samsung's motion for a new trial as to multiple products, as a matter of law, the prior judgment was vacated. A motion for new trial that is filed after a judgment has been vacated is timely.

Moreover, Apple's substantive arguments fare no better. First, the motion is based on newly discovered evidence. Samsung's motion cited cases recognizing that reexamination proceedings that take place after trial, but are based on facts that were available at the time of trial, constitute newly discovered evidence. Though Apple tries to distinguish them, the plain language of the cases supports Samsung's position. And there is no question that the reexamination proceedings, the patent and the *Lira* reference all existed at the time of trial.

Second, Samsung could not have discovered the new evidence at an earlier stage. Apple did not narrow the scope of claim 19 until after it was faced with a final rejection of that claim during the reexamination. Apple's narrowing statements to the PTO were completely inconsistent with the position Apple has taken throughout this case. Apple and its expert have consistently taken the position that infringement of claim 19 can be determined solely by observing the visual behavior of a device and that analysis of the underlying computer instructions is not required. But Apple took the *exact opposite* position when distinguishing the *Lira* reference following the final rejection of claim 19.

Third, under Apple's new version of claim 19, the jury would not have found infringement of the three Samsung applications accused of infringement at trial. The only infringement "evidence" Apple provides for the Gallery and Browser applications is a conclusory opinion from its expert, Dr. Balakrishnan. This unsupported opinion is improper and should be stricken from the record. And Apple provides no infringement evidence whatsoever for the Contacts application. This alone warrants a new trial on all products found to infringe that application.

Nor is Apple persuasive in arguing against Samsung's alternative request that the Court enter judgment as to liability and stay the case pending resolution of appeals from that judgment. Apple

02198.51855/5436918 5

-1-

Case No. 11-cv-01846-LHK
REPLY IN SUPPORT OF MOTION FOR NEW TRIAL REGARDING '381 PATENT
OR, ALTERNATIVELY, FOR ENTRY OF JUDGMENT ON LIABILITY

does not seriously protest that the Court may enter a liability-only judgment here, but instead principally contends that any appeal of that as-yet-entered judgment would be too late. But since the August 24, 2012 judgment—the only prior judgment entered in this case—is not itself appealable under 28 U.S.C. § 1292(c)(2), the time to appeal has not begun to run. Thus, were this Court not to order a new trial with respect to the '381 patent, it should enter judgment on liability and stay the case pending appeal.

## ARGUMENT

### I. APPLE IS UNABLE TO REFUTE THAT A NEW TRIAL IS WARRANTED BASED ON DEVELOPMENTS REGARDING THE REEXAMINATION OF APPLE'S '381 PATENT

#### A. SAMSUNG'S RULE 59 MOTION IS TIMELY

Apple claims that relief under Rule 59(a) is unavailable because Samsung filed its motion more than 28 days after the Court entered judgment on August 24, 2012. Apple is wrong and is glossing over the facts. The August 24 judgment stated that "pursuant to the jury verdict filed August 24, 2012, judgment is entered in favor of plaintiffs and against defendants." (Dkt. 1933.) On August 27, 2012, Samsung filed a motion to ensure that the August 24 judgment would not be considered final until resolution of all post-trial motions. (*See* Dkt. 1941)). After Samsung filed its motion, the parties stipulated to an order expressly postponing enforcement of the judgment until resolution of post-trial motions and the Court entered the order. (*See* Dkt 1957.) That order stayed enforcement of the judgment "until 14 days after the Court *enters judgment* resolving all post-trial motions filed pursuant to Rules 50, 52, 59, and 60 (but excluding any bill of costs or motion for attorney's fees under Rule 54) . . ." (*Id.* (emphasis added)). Samsung subsequently filed numerous post-trial motions, including a motion for a new trial. In ruling on Samsung's motion for a new trial, the Court struck $450,514,650 in damages from the jury's award and ordered a new trial regarding fourteen products. (Dkt. 2271.) Although the Court subsequently reinstated the verdict for one product, a trial on damages for thirteen accused products is scheduled for November. (Dkt. 2316, at 2)

The Court's order granting Samsung's motion for new trial had the necessary effect of vacating the August 24, 2012 judgment. *See United States v. Recio,* 371 F.3d 1093, 1105 n.11 (9th Cir. 2004) ("The Supreme Court held long ago: it is quite clear that the order granting a new trial has

the effect of vacating the former judgment, and to render it null and void...") (quoting *United States v. Ayres*, 76 U.S. (9 Wall.) 608, 610 (1869)); *Allegheny Cty. v. Maryland Cas. Co.*, 132 F.2d 894, 896 (3d Cir. 1943) ("it is settled that the granting of a new trial has the effect of vacating an existing judgment in the cause"); *Ford Motor Co. v. Busam Motor Sales*, 185 F.2d 531, 533-34 (6th Cir. 1950) (where new trial is granted, "there is no existing judgment . . . the order which sustained the motion for a new trial wiped out the judgment"); *Peterman v. Indian Motorcycle Co.*, 216 F.2d 289, 291 (1st Cir. 1954) (if a motion for new trial is granted after entry of judgment, "the district court must of necessity vacate the judgment previously entered"). Motions for new trial filed more than 28 days after a judgment that has been vacated are timely under Rule 59. *See, e.g.*, *SK Hynix Inc. v. Rambus Inc.*, 2013 WL 1915865, *13 (N.D. Cal. 2013) (where prior judgment had been vacated, "there is no judgment in the case," and thus a motion for new trial filed more than three years after the original judgment was "properly considered under Rule 59(a)") Because the prior judgment has been vacated, Samsung's Rule 59 motion is timely as it is being made long before the entry of judgment.[1]

**B.    SAMSUNG HAS SATISFIED ALL OF THE REQUIREMENTS FOR THE GRANT OF A NEW TRIAL**

Apple has failed to refute Samsung's showing that its Motion for New Trial is based on evidence discovered after trial, the exercise of due diligence would not have resulted in the evidence being discovered at an earlier stage and that the newly discovered evidence would likely have changed the outcome of the case.

**1.    Statements Made During Reexaminations Are Newly Discovered Evidence**

While Apple is correct that a new trial motion based on newly discovered evidence must rely on facts existing at the time of trial, its claim that this standard is not satisfied here is wrong. In its motion, Samsung cited three cases that support the conclusion that its motion is based on newly discovered evidence and Apple's attempt to distinguish each of them fails.

As to the Federal Circuit's decision in *Standard Havens Products, Inc. v. Gencor*, 897 F.2d 511 (Fed. Cir. 1990), Apple concedes that the defendant argued that the reexamination proceedings

---

[1] In any event, Apple concedes that the Court may treat Samsung's motion as a timely Rule 60(b)(2) motion. (Opp. 3, n.1.)

that took place after the jury's verdict constituted "newly discovered evidence" and that the court held that the defendant had "raise[d] serious questions of law which could necessitate a new trial." (Opp. 5.) Apple argues that the court did not address whether the evidence relied on for the new trial motion existed at the time of trial, but this argument falls flat. The *Standard Havens* court specifically said that defendant had presented a "'substantial case' on each of the asserted grounds" for appeal, which included defendant's argument that it was entitled to a new trial based on newly discovered evidence. *Id.* at 515. Because newly discovered evidence must be based on facts that existed at the time of trial, the Federal Circuit could not have weighed the merits of defendant's argument without considering this element.

Moreover, in evaluating SK hynix's argument that post-trial reexamination procedures could be newly discovered evidence, the court in *SK hynix Inc.* interpreted *Standard Havens* in the same way as Samsung. In *SK hynix*, the court stated: "the Federal Circuit has suggested that the Patent and Trademark Office's decision to withdraw approval of a certificate of correct and order reexamination might warrant a new trial. *See Standard Havens Products, Inc. v. Gencor Industries, Inc.*, 897 F.2d 511, 515 (Fed. Cir. 1990)." *SK Hynix,* 2013 WL 1915865, at *13. Tellingly, as Apple points out, the *SK hynix* court then continued to analyze whether SK hynix proved the remaining requirements for a new trial and denied the motion because these other requirements were not satisfied. *Id.* at *13-14.

Finally, Apple's effort to distinguish *TDM America, LLC v. United States*, 100 Fed. Cl. 485 (2011), is based on a flawed interpretation of the facts of the case. The *TDM America* court accepted TDM's argument that reexamination proceedings that were initiated before the grant of summary judgment and continued afterwards constituted "newly discovered evidence" because the "facts as to which the reexamination pertained were in existence before the Court's decision." *Id.* at 491. This is exactly the case here, because it is undisputed that the patent and the *Lira* reference that Apple discussed during its meetings with the Examiner existed long before the jury's verdict. Apple argues in its opposition that TDM's new trial motion was based on "earlier examiner comments" that were made before the grant of summary judgment. (Opp. 6.) But the court's recitation of the facts does not suggest that TDM ever claimed the entire new trial motion was based on developments in the reexamination proceedings before the court granted summary judgment. Moreover, even if the motion

was based on "earlier examiner comments, which were later reversed," such comments would certainly include the June 17, 2010 final office action that issued after the April 27, 2010 summary judgment decision. *Id.* at 489.

The only case Apple cites is the Third Circuit's decision in a trademark case—*Betterbox Communications Ltd. v. BB Technologies, Inc*, 300 F.3d 325 (3d Cir. 2002). It is inapposite. In that case, after trial, the PTO cancelled a trademark and held it had been inadvertently issued. *Id.* at 331. The court held the trademark cancellation did not constitute newly discovered evidence because it did not exist at the time of trial and there was no proof the decision to cancel had even been made by the time of trial. *Id.* at 331-32. Tellingly, the court recognized that, if the motion was based on facts that existed at the time of trial, as is the case here, it would be proper. *Id.* at 331-32.

### 2. Under The New Meaning Of Claim 19, The Jury Would Not Have Found Infringement Of The '381 Patent

#### (a) Apple's Narrowing Statements During Reexamination Were A Clear And Unambiguous Disclaimer of Claim Scope

Facing a final rejection of claim 19 during reexamination and the loss of '381 patent in its entirety, Apple abandoned the broad interpretation it previously asserted for that claim and argued that claim was far narrower to avoid the *Lira* reference.[2] In response to the final rejection, Apple conceded that:

> "While Lira's snap-to-column function incidentally achieves the visual result of translating in the second direction "until the area beyond the edge of the electronic document is no longer displayed" (only when the width of the column corresponds to the width of the display), Lira's function clearly does so through the use of executable program instructions having a different stop condition based on centering of the column." (see page 7)."[3]

In response to Apple's statement narrowing the scope of claim 19, the PTO issued its Notice of Intent to Issue Ex Parte Reexamination Certificate. In that notice, the Examiner withdrew his final rejection of claim 19 and allowed that claim based on Apple's new and narrower interpretation of

---

[2] Subsequent to the filing of Samsung's motion, the PTO once again cast doubt on the validity of one of the asserted patents. As reflected in Samsung's Statement of Recent Decision Regarding Final Office Action by the USPTO Rejecting U.S. Patent No. 7,844,915, the PTO issued a final office action rejecting all claims of the '915 patent as anticipated and obvious. (*See* Dkt. 2349.)
[3] Notice of Intent to Issue Ex Parte Reexamination Certificate at 5 (Declaration of Robert J. Becher In Support of Samsung's Motion for New Trial, dated June 26, 2013 ("Becher Decl.") Exh. 3).

1  Claim 19.  Through this statement and others made by Apple during the reexamination (*see* Mot. at 5-
2  7), Apple clearly and unambiguously disclaimed all subject matter with respect to Claim 19 in which
3  the purpose or cause of the executable program instructions that generate the snap back effect is
4  anything other than edge alignment.

5  Apple claims there was no disclaimer because the Examiner and not Apple made the
6  narrowing statements during reexamination. (Opp. 15.)  However, *Apple* made the statement above,
7  not the Examiner.  Furthermore, statements made by Examiners are part of the prosecution history and
8  likewise serve as disclaimers. *Rheox, Inc. v. Entact, Inc.*, 276 F.3d 1319, 1322, 1327 (Fed. Cir. 2002);
9  *Southwall Techs., Inc. v. Cardinal IG Co.*, 54 F.3d 1570, 1576 ("The prosecution history limits the
10 interpretation of claim terms so as to exclude any interpretation that was disclaimed during
11 prosecution.") (citations omitted); *ACCO Brands, Inc. v. Micro Sec. Devices, Inc.*, 346 F.3d 1075,
12 1079 (Fed. Cir. 2003) (limiting claim scope based on the examiner's Reasons for Allowance); *Phillips
13 Petroleum Co. v. Huntsman Polymers Corp*, 157 F.3d 866, 875–76 (Fed. Cir. 1998) (precluding broad
14 interpretation of claims based on examiner's statements during interference proceeding).  And if
15 Apple believed the Examiner's statements inaccurately described the narrowed scope of Claim 19, it
16 could have filed a response saying as much with the PTO, but it never did.[4]

17 Apple also takes issue with Dr. van Dam's characterization of Apple's disclaimer. (Opp. 15-
18 16.)  Dr. van Dam's characterization is completely consistent with the statements made by Apple and
19 the Examiner.  Dr. van Dam states that "Apple disclaimed all subject matter with respect to claim 19
20 in with the specific **purpose** or **cause** of the computer code that generates the snap back effect is
21 anything other than edge alignment."[5]  This is a precise and complete characterization of Apple's
22 disclaimer.  In distinguishing *Lira*, Apple made clear that a device may "incidentally achieves the

---

[4] *See* Notice of Intent to Issue ExParte Reexamination Certificate at 8 ("Any comments considered necessary by PATENT OWNER regarding the above statement must be submitted promptly to avoid processing delays.  Such submission by the patent owner should be labeled: "Comments on Statements for Reasons for Patentability and/or Confirmation" and will be placed in the reexamination file."); *see also* 37 C.F.R. § 1.104(e) ("The applicant or patent owner may file a statement commenting on the reasons for allowance within such time as may be specified by the examiner.")
[5] Declaration of Andries van Dam In Support of Samsung's Motion For New Trial, dated June 26, 2012 ("van Dam Decl.") ¶¶ 24-25 (emphasis in original).

visual result" of snap back but not meet the limitations of Claim 19,[6] and therefore one must analyze how the underlying computer code operates to determine whether its purpose or cause is to perform edge alignment or something else such as recentering.

**(b)   Because Apple's Narrowing Statements During Reexamination Are Inconsistent With The Positions It Has Taken Throughout This Case, Samsung Could Not Have Discovered the Basis for this Motion any Sooner**

Under the interpretation of claim 19 Apple advanced before the PTO, one must analyze the computer instructions of an allegedly infringing or prior art device to determine whether those computer instructions perform edge alignment or use a different technique like reentering. Unless the purpose of the computer instructions are understood, a device may exhibit the snap back behavior but it may not meet claim 19 because the computer instructions may be incidentally achieving the visual snap back result using a technique having a stop condition other than edge alignment. This is exactly what Apple argued to the PTO when distinguishing *Lira*.[7]

Apple's claim that Samsung was on notice of its position before and during trial (Opp. 6) is belied by the facts. Throughout this case, Apple and its expert Dr. Balakrishnan have repeatedly taken the opposition position, stating that an analysis of the computer instructions is unnecessary to determine infringement of claim 19 because if a device visually exhibits snap back behavior, it "must" have computer instructions that implement that behavior. During the preliminary injunction phase, Dr. Balakrishnan submitted a declaration where he concluded that Claim 19 of the '381 patent was infringed without examining or relying on any computer code. He stated:

> 120. The Samsung devices meet the claim limitation "instructions for translating the electronic document in a second direction until the area beyond the edge of the electronic document is no longer displayed to display a fourth portion of the electronic document, wherein the fourth portion is different from the first portion, in response to detecting that the object is no longer on or near the touch screen display," as recited in claim 19 of the '381 patent.
>
> 121. As depicted above in Figure 4 and Exhibit 13a, the Infuse 4G, in response to detecting that the finger is no longer on the touch screen, will scroll the photograph in the other direction until the area beyond the edge of the photograph is no longer displayed. What is then displayed is a fourth portion of the photograph that is different from the first portion.

---

[6] Notice of Intent to Issue Ex Parte Reexamination Certificate at 5 (Becher Decl., Exh. 3).
[7] *Id.*

122. **Because the Infuse 4G performs this element of claim 19, it must have instructions for scrolling the photograph in the other direction until the area beyond the edge of the photograph is no longer displayed.** It must also have instructions to display a fourth portion of the photograph that is different from the first portion, all in response to detecting that the finger is no longer on the touch screen.

123. Each of the other Accused Products, the Galaxy S 4G, the Droid Charge, and the Galaxy Tab 10.1, can also, in response to detecting that the finger is no longer on the touch screen, scroll the photograph in the other direction until the area beyond the edge of the photograph is no longer displayed, thereby displaying a fourth portion of the photograph that is different from the first portion, as demonstrated in Exhibits 10-12, 13c, 13e, and 13g, **and therefore must also have instructions for doing so**. It is my opinion that the Samsung devices infringe this element of claim 19.[8]

Dr. Balakrishnan took the same position in his infringement expert report. In that report, he stated:

214. Claim 19, Element [h]: "instructions for translating the electronic document in a second direction until the area beyond the edge of the electronic document is no longer displayed to display a fourth portion of the electronic document, wherein the fourth portion is different from the first portion, in response to detecting that the object is no longer on or near the touch screen display."

215. It is my opinion that each of the aforementioned Samsung devices satisfies this element of claim 19.

216. As depicted in Exhibit 3, the Exhibit 4G phone, in response to detecting that the finger is no longer on the touch screen, will scroll the photograph in the other direction until the area beyond the edge of the photograph is no longer displayed. What is then displayed is a fourth portion of the photograph that is different from the first portion.

217. **Because the Exhibit 4G phone performs this element of claim 19, it must have instructions for scrolling the photograph in the other direction until the area beyond the edge of the photograph is no longer displayed. It must also have instructions to display a fourth portion of the photograph that is different from the first portion**, all in response to detecting that the finger is no longer on the touch screen. What I observed on the device is further confirmed by my inspection of the source code for the Gallery application in the Exhibit 4G, discussed above.[9]

Dr. Balakrishnan maintained his position at trial. He testified that the Gallery and Browser applications infringed by showing videos of the accused products. He also showed the jury two snippets of source code from the Gallery and Browser applications on demonstrative PDX27.31 to confirmed that the accused devices included the claimed instructions,[10] but provided no analysis of those instructions and certainly *did not* testify that the instructions shown to the jury performed edge

---

[8] Balakrishnan Preliminary Injunction Declaration at 23-24, Dkt.91 (emphasis added).
[9] Balakrishnan Expert Report on Infringement at 49-50 (Dkt. 2345-3) (emphasis added).
[10] Trial Tr. 1750:12-1751:24 (Becher Decl., Exh. 1).

1  alignment as opposed to a different technique, such as centering.

2  Tellingly, Dr. Balakrishnan testified that the Contacts application infringed **but he failed to
3  ever cite any contacts source code in his expert report or at trial**. By failing to cite or admit any
4  source code evidence for Contacts at trial and at the same time argue that Contacts infringed claim 19
5  confirms that Apple's and Dr. Balakrishnan's position at trial was that Claim 19 did not require any
6  analysis or review of the underlying computer instructions to determine infringement, much less
7  whether the purpose or stop condition in the computer instructions was edge alignment as opposed to
8  a different technique.

9  Apple attempts to obfuscate the real position it took throughout this case by citing to a few
10 paragraphs from Dr. Balakrishnan's expert report on validity and a fleeting reference to "recentering"
11 testimony during trial. (Opp. 6-7.) But the paragraphs from Dr. Balakrishnan's report merely contrast
12 the '381 patent with *Lira* based on a vague reference to "centering functionality."[11] Dr. Balakrishnan
13 never explained what he meant by "centering functionality" and did not distinguish *Lira* on the
14 grounds that its computer instructions have "a different stop condition based on centering" as Apple
15 did during reexamination. Likewise, Dr. Balakrishnan stated at trial that the *LaunchTile* prior art
16 involved "a recentering algorithm" (*see* Opp. 7 (citing Trial Tr. 3635:13-18)), but did not argue that
17 claim 19 required computer instructions that performed edge detection as opposed to recentering.

18 Even assuming Dr. Balakrishnan did take the position at trial that Claim 19 required computer
19 instructions that had the purpose of edge alignment rather than recentering during his analysis of the
20 prior art (which he did not), this position flatly contradicts the position he took on infringement. At
21 best, Apple took dramatically inconsistent positions with respect to the scope of claim 19 for
22 infringement and invalidity purposes which is improper. *See Amazon.com, Inc. v.*
23 *Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1351 (Fed. Cir. 2001) (citations omitted) ("A patent may
24 not, like a 'nose of wax,' be twisted one way to avoid anticipation and another to find infringement.").

25 In addition, the Court never construed claim 19 to require the purpose or cause of the computer
26 instructions to perform edge detection as opposed to a different snap back technique. And Apple itself

27 _____
28 [11]  Balakrishnan Rebuttal Report at ¶ 87.

never claimed that claim 19 required edge alignment computer instructions rather than recentering computer instructions – that is, until it was faced with a final rejection that would invalidate all claims in the '381 patent.

In sum, Samsung was not aware of the new and narrower construction of claim 19 and cannot now be faulted for not advancing non-infringement arguments based on a claim construction that did not exist at the time of trial.

### (C) The Gallery and Browser Applications, Including The New Code Relied On By Apple, Do Not Infringe Under The New Construction Advocated By Apple And Adopted By The Examiner

Samsung established that the Gallery and Browser code relied on by Apple do not infringe under Apple's new interpretation of claim 19. As explained below, Apple does not and cannot show that the computer instructions in those applications perform edge alignment as required by claim 19.

*Gallery Application*

Apple does not dispute that unzoomed images do not infringe claim 19, but argues that zoomed-in images do infringe under the new meaning of that claim. The only support Apple provides is a citation to paragraphs 16-20 of Dr. Balakrishnan's declaration. (Opp. 11.) In those paragraphs, Dr. Balakrishnan states that Dr. van Dam's analysis is incorrect and then, simply concludes that the computer instructions he analyzed perform edge alignment, not centering. Neither Dr. Balakrishnan nor Apple identify the specific computer instructions at issue or explain *how* these instructions allegedly perform "edge detection" and not another technique. Dr. Balakrishnan's unsupported infringement opinion is improper and should be stricken. *Arthur A. Collins, Inc. v. Northern Telecom Ltd.*, 216 F. 3d 1042, 1046 (Fed. Cir. 2000) ([I]t is well settled that an expert's unsupported conclusion on the ultimate issue of infringement is insufficient . . . A party may not avoid that rule by simply framing the expert's conclusion as an assertion that a particular critical claim limitation is found in the accused device.") (internal citations omitted).[12]

Dr. Balakrishnan also bases his new opinion on "code that Apple displayed at trial *as well as*

---

[12] Pursuant to Civil L.R. 7-3, Samsung objects to Dr. Balakrishnan's declaration under Federal Rule of Evidence 702 and 703.

1  *other code admitted into evidence*."[13]  Thus, Dr. Balakrishnan concedes he is now relying on
2  computer instructions that he did not show or explain to the jury at trial to establish infringement
3  under Apple's new interpretation of claim 19 and that the code he did display at trial does not show
4  edge detection.

5        Dr. Balakrishnan's new opinion is also incorrect.[14]  As Dr. van Dam explains in his opening
6  and reply declarations, the computer instructions at issue perform centering, not edge detection.

7  
8  
9  
10  
11        A detailed analysis of why the relevant
12  computer instructions do not perform edge detection is provided in Dr. van Dam's declarations.[15]  Dr.
13  van Dam's analysis confirms that the jury would have found that the Gallery application does not
14  infringe claim 19 of the '381 patent.

15  **Browser Application**

16        Apple's only support for infringement of the Browser application is a conclusory opinion from
17  Dr. Balakrishnan.  In paragraphs 26 and 27 of his declaration, Dr. Balakrishnan opines
18  
19  
20  and that this code "does
21  not perform centering."  As with the Gallery application, Dr. Balakrishnan fails to explain *how* this
22  function allegedly performs "edge detection" and not another technique.  This unsupported opinion
23  should be stricken.[16]  *Arthur A. Collins,* 216 F. 3d at 1046.

24        Dr. Balakrishnan's newly formed opinion that computer instructions within

---

[13] Balakrishnan Decl. ¶ 17 (emphasis added).
[14] Reply Declaration of Andries van Dam ("van Dam Reply Decl.") ¶¶ 5, 9.
[15] van Dam Decl. ¶¶ 31-38; van Dam Reply Decl. ¶¶ 5-8.
[16] Pursuant to Civil L.R. 7-3, Samsung further objects to Dr. Balakrishnan's declaration under Federal Rule of Evidence 702 and 703.

perform edge detection is incorrect.[17] The ▮▮▮▮▮ computer instructions identified by Dr. Balakrishnan perform centering, not edge detection. As Dr. van Dam explains in his Reply Declaration (¶12), ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ A detailed analysis of why the relevant computer instructions do not perform edge detection is provided in Dr. van Dam's declarations.[18] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and the source code itself confirm that the purpose of this function is to centering, not edge alignment. In light of this evidence, the jury would have found that the Browser application does not infringe claim 19 of the '381 patent.

### (d) Apple Does Not Dispute That The Contacts Application Does Not Infringe Under New Claim 19

In its opening brief, Samsung established the following: (1) the evidence Apple presented at trial does not show infringement by the Contacts application under the new construction of Claim 19 either; (2) Dr. Balakrishnan did not discuss any computer instructions for the Contacts application at trial or in his expert report, and instead he relied solely on images of the application to support his

---

[17] van Dam Reply Decl. ¶¶9-14.
[18] van Dam Decl. ¶¶ 39-47; van Dam Reply Decl. ¶¶ 9-14.

02198.51855/5436918.5

-12-

Case No. 11-cv-01846-LHK
REPLY IN SUPPORT OF MOTION FOR NEW TRIAL REGARDING '381 PATENT OR, ALTERNATIVELY, FOR ENTRY OF JUDGMENT ON LIABILITY

1  conclusion that the application infringed; (3) with respect to Contacts, it is impossible to tell what the
2  purpose of the snap back code is from simply looking at images of the application in action, and (4)
3  there is no evidence in the record that supports a finding of infringement of the Contacts application
4  under the new meaning of Claim 19.  (Mot. at 15.)

5       Apple does not dispute *any* of these points.  In fact, Apple's opposition and Dr. Balakrishnan's
6  declaration have *no discussion* of the Contacts application.  Consequently, Samsung's motion for a
7  new trial should be granted with respect to all products accused of infringing the Contacts
8  application.[19]

## II. APPLE IS UNABLE TO REFUTE SAMSUNG'S ALTERNATIVE REQUEST FOR ENTRY OF JUDGMENT ON LIABILITY

Samsung further demonstrated that were the Court not to order a new trial on liability with respect to the '381 patent, then it should enter judgment as to liability on all claims and counterclaims and stay further proceedings while the parties pursue appeals pursuant to 28 U.S.C. § 1292(c)(2).  Apple does not seriously contest that an appeal is available under Section 1292(c)(2), arguing only that in *Robert Bosch LLC v. Pylon Manufacturing Corp.*, __ F.3d __, 2013 WL 2664281 (Fed. Cir. June 14, 2013) (*en banc*), unlike here, "liability and damages were not tried together." (Opp. 17.)  But, as Samsung explained in its Motion, the Federal Circuit's holding that Section 1292(c)(2) permits appeal of a judgment that is final except for "the determination of damages" is equally applicable where, as here, liability has been resolved but a re-trial on damages remains.  (Mot. 17 (quoting *Robert Bosch*, 2013 WL 2664281, at *6)).  Apple offers no response.[20]

Instead, Apple principally contends that the time in which the parties could appeal a liability-only judgment has already expired.  Apple is wrong for several reasons.  *First*, and most importantly, Apple's position is based (*see* Opp. 17) on the erroneous premise that the August 24, 2012 judgment was appealable under Section 1292(c)(2).  But Samsung could not have appealed that judgment

---

[19]  The Gem was accused of infringing only the Contacts application, not the Gallery or Browser applications.  (*See* Becher Decl., Exh. 2.)  Thus, at a minimum, a new trial on the Gem is warranted.
[20]  While Apple does imply (Opp. 16-17) that Samsung should have acted before the Federal Circuit issued its decision in *Robert Bosch*, Apple ignores both the uncertainty over Section 1292(c)(2) that existed while that case was pending and that the decision itself provides the analytical framework for Samsung's motion.

pursuant to Section 1292(c)(2) because it was *not* "final except for an accounting." 28 U.S.C. § 1292(c)(2). That judgment expressly *included* an accounting in the form of compensatory damages. *See* Dkt 1933 (judgment incorporating jury verdict (Dkt. 1931)).

*Second*, even were the August 24 judgment appealable under Section 1292(c)(2), Apple incorrectly argues that the time to appeal was "triggered upon resolution of the timely post-judgment motions *as to liability*." Mot. 18 (emphasis added). Nothing in the Rules distinguishes between post-trial motions regarding liability and those regarding damages (let alone rulings on such motions). Rather, the Federal Rules of Appellate Procedure provide that if a party timely files certain post-trial motions, "the time to file an appeal runs for all parties from the entry of the order disposing of *the last such remaining motion*." FED. R. APP. P. 4(a)(4)(A) (emphasis added).

Here, the last such remaining motion was resolved on March 5, 2013, by *setting aside* a portion of the jury's verdict upon which the August 24 judgment had been entered. When a judgment is modified as a result of a post-trial motion, that judgment becomes obsolete (*see supra*, at 3), and a court must enter an amended judgment, which (if appealable) triggers the time to appeal, *see, e.g.*, *LeBoon v. Lancaster Jewish Community Ctr*, 503 F.3d 217, 223-24 (3d Cir. 2007); *Employers Ins. of Wausau v. Titan Int'l, Inc.*, 400 F.3d 486, 489 (7th Cir. 2005); FED. R. CIV. P. 58 comm. n. ("[I]f disposition of the [post-trial] motion results in an amended judgment, the amended judgment must be set forth on a separate document."). The Court, however, has not yet entered an amended judgment and thus the time to appeal has not yet begun.

*Third*, Apple is also wrong in equating the Court's rulings on the post-judgment motions here with "the form of the orders that the Federal Circuit held triggered the appeal in *Bosch*." Opp. 18. In fact, as Apple itself concedes (*see id.*), the district court in *Robert Bosch* entered an initial judgment based on the jury verdict and then, after resolution of post-trial motions, entered a *separate* "Final Judgment Following Post Trial Motion Practice," which the parties appealed pursuant to Section 1292(c)(2). No such judgment has been entered here.

*Finally*, Apple asserts that entry of a liability-only judgment now "would not *restart* the clock for Samsung to appeal" because the August 24 judgment had already resolved all liability issues. Opp. 19 (emphasis added). But, as just explained, the clock has never started because the Court has

never entered a judgment that is appealable under Section 1292(c)(2) or otherwise.[21]

In sum, Apple fails to conjure any jurisdictional deficiency that precludes entering a judgment on liability and staying the case pending resolution of any appeals of that judgment.

## CONCLUSION

Because Apple has adopted an entirely new and significantly narrower claim construction in connection with reexamination proceedings and it cannot prove infringement of the '381 patent under this construction, the Court should grant Samsung's motion for a new trial on liability under the '381 patent as to all the New Trial Products. In the event the Court does not order a new trial, however, the Court should enter judgment on liability as to all of Apple's claims and Samsung's counterclaims, and should stay further proceedings in this case pending the resolution of appeal(s) from that judgment.

DATED: July 29, 2013         Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

Charles

By /s/ Victoria F. Maroulis
    Charles K. Verhoeven
    Kevin P.B. Johnson
    Victoria F. Maroulis
    Michael T. Zeller
    Attorneys for SAMSUNG ELECTRONICS CO., LTD.,
    SAMSUNG ELECTRONICS AMERICA, INC. and
    SAMSUNG TELECOMMUNICATIONS AMERICA,
    LLC

---

[21] The cases upon which Apple relies (Opp. 19-20) are inapposite, as each merely holds that a clerical or other immaterial change to a final judgment or order does not alter the time to appeal under Section 1291 and 1295(a)(1). *See Napoli v. Town of New Windsor*, 600 F.3d 168, 171 (2d Cir. 2010) (clarification of issues unrelated to appealable order "does not restart the time in which defendants can seek an interlocutory appeal"); *In re Am. Safety Indemnity Co.*, 502 F.3d 70, 72 (2d Cir. 2007) (clerical correction of date in judgment does not restart time to appeal); *United States v. Bealey*, 978 F.2d 696, 698-99 (Fed. Cir. 1992) (modification of judgment to add defendant's pseudonyms does not restart time to appeal); *First Nationwide Bank v. Summer House Joint Venture*, 902 F.2d 1197, 1200 (5th Cir. 1990) (clerical correction of defendant's name in judgment "does not enlarge the time for filing an appeal"); *County of Imperial v. United States*, 348 F.2d 904, 905 (9th Cir. 1965) (clerical correction of date in judgment does not restart time to appeal). Here, in contrast, Samsung seeks entry of a judgment that would be appealable under Section 1292(c)(3) because one does not presently exist.