
1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Cal. Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5  Kathleen M. Sullivan (Cal. Bar No. 242261)
   kathleensullivan@quinnemanuel.com
6  Kevin P.B. Johnson (Cal. Bar No. 177129)
   kevinjohnson@quinnemanuel.com
7  Victoria F. Maroulis (Cal. Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
8  555 Twin Dolphin Drive 5th Floor
   Redwood Shores, California 94065
9  Telephone: (650) 801-5000
   Facsimile: (650) 801-5100
10
   Susan R. Estrich (Cal. Bar No. 124009)
11 susanestrich@quinnemanuel.com
   Michael T. Zeller (Cal. Bar No. 196417)
12 michaelzeller@quinnemanuel.com
   865 S. Figueroa St., 10th Floor
13 Los Angeles, California 90017
   Telephone: (213) 443-3000
14 Facsimile: (213) 443-3100

15 Attorneys for SAMSUNG ELECTRONICS
   CO., LTD., SAMSUNG ELECTRONICS
16 AMERICA, INC. and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC
17

18                UNITED STATES DISTRICT COURT

19         NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | CASE NO. 11-cv-01846-LHK |
| Plaintiff, | **SAMSUNG'S OPPOSITION TO APPLE INC.'S MOTION TO MODIFY APRIL 29, 2013 CASE MANAGEMENT ORDER EXCLUDING EVIDENCE OF CERTAIN INFUSE 4G SALES OR, IN THE ALTERNATIVE, FOR LEAVE TO SEEK RECONSIDERATION OF THAT ORDER AND TO CLARIFY THAT THE ORDER APPLIED SOLELY TO THE INFUSE 4G** |
| vs. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendants. | |

02198.51855/5428545.15

Case No. 11-cv-01846-LHK
SAMSUNG'S OPPOSITION TO APPLE INC.'S MOTION TO MODIFY APRIL 29, 2013
CASE MANAGEMENT ORDER EXCLUDING EVIDENCE OF CERTAIN INFUSE 4G SALES

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT .................................................................................................. 1

ARGUMENT .................................................................................................................................. 2

I.   APPLE CONTINUES TO WASTE THE COURT'S TIME AND THE PARTIES' RESOURCES BY RE-LITIGATING ISSUES OVER AND OVER AGAIN ...................... 2

II.  THE COURT SHOULD NOT RECONSIDER ITS PRIOR ORDER ................................. 4

   A.   Apple Has Waived Any Objection to the Court's Reconsideration Order ................ 4

   B.   Apple's Motion Is One for Reconsideration, Not a Scheduling Change .................. 5

   C.   Apple's Claim that Civil Local Rule 7-9 Does Not Apply Because the Order Was Issued *Sua Sponte* Is Factually and Legally Wrong .......................................... 6

   D.   Apple Concedes that It Cannot Meet the Requirements for Reconsideration Set Forth in Civil Local Rule 7-9 ................................................................................ 8

III. EVEN IF APPLE'S ADVOCATED STANDARDS APPLY, THERE IS STILL NO REASON FOR COURT TO REVERSE ITSELF .................................................................. 8

   A.   There Is Nothing Clearly Erroneous or Manifestly Unjust About Holding Apple to Its Own Position ............................................................................................ 8

   B.   Samsung Is Not Judicially Estopped ....................................................................... 9

   C.   Modifying The Reconsideration Order Would Be Inconsistent With the Court's Directive Regarding the New Trial ............................................................ 10

IV.  APPLE'S REQUEST WITH RESPECT TO THE REMAINING EIGHT PRODUCTS HAS EVEN LESS MERIT .......................................................................... 10

   A.   Apple's Request for Relief With Respect to Eight Other Products Is Procedurally Defective .............................................................................................. 10

   B.   Apple's Purported Request for "Clarification" or Modification Fails on the Merits Too ................................................................................................................ 11

CONCLUSION ............................................................................................................................ 13

02198.51855/5428545.15

-i-   Case No. 11-cv-01846-LHK
SAMSUNG'S OPPOSITION TO APPLE INC.'S MOTION TO MODIFY APRIL 29, 2013
CASE MANAGEMENT ORDER EXCLUDING EVIDENCE OF CERTAIN INFUSE 4G SALES

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Abaxis, Inc. v. Cepheid*,
  10-CV-2840-LHK, 2012 WL 3255601 (N.D. Cal. Aug. 8, 2012) .............................................. 6

*Benedict v. Hewlett-Packard Co.*,
  13-C 2013 WL 3215186 (N.D. Cal. June 25, 2013) ................................................................ 6

*Byrd v. Guess*,
  137 F.3d 1126 (9th Cir. 1998) ............................................................................................... 12

*In re Cabletron Sys., Inc.*,
  311 F.3d 11 (1st Cir. 2002) ..................................................................................................... 7

*Dillon, Read & Co. v. United States*,
  875 F.2d 293 (Fed. Cir. 1989) ................................................................................................. 9

*Four Seasons Freight Servs., Inc. v. Haralson*,
  1996 WL 506182 (9th Cir. Sep. 4, 1996) ................................................................................ 7

*Frank Music Corp. v. Metro Goldwyn-Mayer, Inc.*,
  77 F.2d 505 (9th Cir. 1985) ..................................................................................................... 9

*Hunt v. County of Orange*,
  672 F.3d 606 (9th Cir. 2012) ................................................................................................. 12

*Illumina Inc. v. Complete Genomics, Inc.*,
  No. C-10-05542, 2013 U.S. Dist. LEXIS 56908 (N.D. Cal. Mar. 26, 2013) .......................... 7

*Johnson v. Mammoth Recreations, Inc.*,
  975 F.2d 604 (9th Cir. 1992) ................................................................................................... 6

*Kona Enters. v. Estate of Bishop*,
  229 F.3d 877 (9th Cir. 2000) ................................................................................................... 5

*Mechmetals Corp. v. Telex Computer Prods., Inc.*,
  709 F.2d 1287 (9th Cir. 1983) ................................................................................................. 9

*Nidec Corp. v. Victor Co. of Japan, Ltd.*,
  2007 WL 4108092 (N.D. Cal. Nov. 16, 2007) ........................................................................ 8

*Puckett v. United States*,
  556 U.S. 129, 129 S. Ct. 1423, 173 L. Ed. 2d 266 (2009) ....................................................... 5

*Qualcomm Inc. v. Broadcom Corp.*,
  2008 WL 2705161 (S.D. Cal. July 7, 2008) ............................................................................ 7

*Rambus Inc. v. Hynix Semiconductor Inc.*,
  628 F. Supp. 2d 1114 (N.D. Cal. 2008) .................................................................................. 6

*Sam Galloway Ford, Inc. v. Universal Underwriters Ins. Co.*,
    793 F. Supp. 1079 (M.D. Fla. 1992) ...................................................................................... 9

*Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*,
    5 F.3d 1255 (9th Cir. 1993) ............................................................................................. 8, 9

*Trustees of Aftra Health and Retirement Funds v. KTVU, Inc.*,
    1997 WL 703782 (N.D. Cal. Oct. 14, 1997) ........................................................................ 7

*Turner v. San Francisco*,
    892 F. Supp. 2d 1188 (N.D. Cal. Aug. 29, 2012) ................................................................. 5

**Statutes**

Fed. R. Civ. P. 16(b)(4) ......................................................................................................... 1, 6

Fed. R. Civ. P. 54(b) ........................................................................................................ 1, 2, 13

Fed. R. Civ. P. 59(e) .................................................................................................................. 8

**Preliminary Statement**

Apple's Motion to Modify the Case Management Order is yet another instance of Apple changing positions in order to re-litigate issues that this Court has already decided. Apple filed a "Conditional" Motion for Reconsideration on April 10, 2013. It argued that, if the Court intended to enter a Rule 54(b) judgment, it should reverse its decision to grant a new damages trial as to the Infuse 4G. Apple's central argument was that the dates of first sale contained in the Joint Pretrial Statement ("JPTS") were binding and enforceable. At the hearing, the Court accepted Apple's argument that the JPTS was binding, but found that the jury may have been confused because Apple did in fact present evidence of Infuse 4G sales before the stipulated first sale date in the JPTS. Consequently, the Court ordered that, at the new trial, the parties could not present evidence of Infuse 4G sales before the first sale date in the JPTS ("Reconsideration Order").

Unhappy with the Court's Reconsideration Order, Apple now reverses itself and asks the Court to follow suit and hold that the first sale dates in the JPTS are *not* binding. But Apple has waived its objections to the Reconsideration Order by failing to challenge the Order when it was issued and by making arguments in its earlier Conditional Motion for Reconsideration that are directly at odds with its current arguments. Moreover, Apple's Motion is procedurally defective. In a transparent attempt to avoid Civil L.R. 7-9, Apple asserts that its motion is brought under Fed. R. Civ. P. 16(b)(4). But Rule 16(b)(4) relates to scheduling orders. Apple asks the Court to reconsider and reverse a ruling on a substantive issue without even attempting to satisfy the Local Rules. Instead, Apple incorrectly claims that the Court's order was *sua sponte* and can thus be summarily reversed if clearly erroneous or manifestly unjust. Apple is wrong – the Reconsideration Order was made at a hearing after extensive briefing and argument.

Even if the Court entertains Apple's waived and procedurally improper request, its Motion should be denied. Apple cannot make the required showing of "good cause," or demonstrate that the Reconsideration Order was clearly erroneous or manifestly unjust. Apple's Motion relies on an interpretation of the Reconsideration Order that is inconsistent with the transcript of the April 29, 2013 hearing and the Order itself. Apple picks and chooses isolated snippets of the transcript that it considers helpful and asks the Court to ignore the rest. Apple claims that the Court

02198.51855/5428545.15

-1-   Case No. 11-cv-01846-LHK
SAMSUNG'S OPPOSITION TO APPLE INC.'S MOTION TO MODIFY APRIL 29, 2013
CASE MANAGEMENT ORDER EXCLUDING EVIDENCE OF CERTAIN INFUSE 4G SALES

"vitiated" the stipulated first sale dates in the JPTS, but the Court's statements and Order confirm it decided to enforce the dates in the JPTS and ensure that they would be honored at the new trial. There is nothing erroneous or unjust about holding a party to a stipulation that it has repeatedly sought to enforce.

Apple's request for "clarification" of the Court's ruling as to another eight products or, alternatively, to modify the JPTS pursuant to Rule 16(e), fares no better. There is nothing left to "clarify" because the premise of the Court's Reconsideration Order is that the first sale dates in the JPTS are still binding and operative. Because this issue is settled, Apple's request for "clarification" and its request for relief under Rule 16(e) are nothing more than further requests for reconsideration. Apple again does not even attempt to meet the requirements of Civil L.R. 7-9. And, even if Apple's request for relief under Rule 16(e) is considered on the merits, Apple cannot show "manifest injustice" would result from enforcing the JPTS it voluntarily agreed to and sought to enforce, or the Reconsideration Order. On the other hand, reversing the Reconsideration Order now would prejudice Samsung by changing the playing field after Samsung has served its supplemental expert report and with trial imminent, and would also interfere with the orderly administration of the upcoming trial. Accordingly, Apple's request under Rule 16(e) should also be denied.

## Argument

### I. APPLE CONTINUES TO WASTE THE COURT'S TIME AND THE PARTIES' RESOURCES BY RE-LITIGATING ISSUES OVER AND OVER AGAIN

Apple's latest motion is yet another example of its continued pattern of changing its position and unnecessarily re-litigating issues because it does not like the result. After the Court granted Samsung's motion for a new trial as to the Infuse 4G and other products, Apple returned to the Court with a Conditional Motion for Reconsideration of Order Granting New Damages Trial on Galaxy SII AT&T and Infuse 4G ("Motion for Reconsideration"). Dkt. 2306. Apple's request was "conditional" because it asked the Court to reverse its order granting a new trial as to the Infuse 4G *only* if the Court decided to enter a judgment under Fed. R. Civ. P. 54(b), but to leave the Infuse 4G in the new trial if the Court did not enter judgment. Dkt. 2306, at 2. Apple's

"Conditional" Motion was predicated on its argument that the stipulated sales dates contained in the Joint Pretrial Statement ("JPTS")—a document it did not mention at trial and did not raise in the extensive briefing on post-trial motions—were binding.  Apple repeatedly argued that the JPTS provided that the Infuse 4G was first sold after April 15, 2011, and "*is binding and conclusive on the factual issue*."  Dkt. 2306, at 1 (emphasis added).  Apple insisted:  "*The joint pretrial statement binds the parties*."  Dkt. 2306, at 2 (emphasis added).  In its reply brief, Apple again asserted that "*courts uniformly treat stipulated, undisputed facts as binding admissions*."  Dkt. 2313, at 2 (emphasis added).

Indeed, Apple has repeatedly relied on statements in the JPTS to further its arguments to the Court.  During trial, Apple relied on the JPTS to successfully exclude an internal Samsung tablet model on the grounds that it was not disclosed in the JPTS.  *See* Dkt. 1707, at 1.  Apple also argued that Jinsoo Kim could not testify regarding the model to rebut Apple's copying allegations because the JPTS indicated that Samsung had only planned to call Mr. Kim as a witness on the "design of Galaxy Tab products."  *Id*.  The Court sustained Apple's objection.  Dkt. 1720, at 2.  Even after trial—after the parties had introduced the evidence that Apple now claims has amended the JPTS—Apple filed a Motion for a Permanent Injunction and for Damages Enhancements that relied on the very section of the JPTS that is at issue in this motion.  *See* Dkt. 1982, at 18.  And, in support of Apple's request that the Court adopt Apple's proposal for a new trial in 2013, Apple expressly stated *"[t]he parties' July disclosures and the Court's three pretrial orders should define the parameters of the new trial*."  Dkt. 2315, at 1 (noting three exceptions unrelated to the product release dates) (emphasis added).

During the hearing on Apple's Motion for Reconsideration, the Court frankly described Apple's conduct in seeking to enforce the JPTS against Samsung, despite having submitting evidence at trial that contradicted the JPTS, as "opportunistic."  Apr. 29, 2013 Tr. at 29:11-19 (Exh. A to Declaration of Robert J. Becher in Support of Samsung's Opposition ("Becher Decl.").)  The Court accepted Apple's argument that the JPTS was a binding stipulation, but also concluded that the parties had improperly presented evidence at trial of Infuse 4G sales before the stipulated JPTS dates.  (*Id.* at 33:8-17.)  As a result, the Court held that the Infuse 4G would still be

02198.51855/5428545.15

-3-    Case No. 11-cv-01846-LHK
SAMSUNG'S OPPOSITION TO APPLE INC.'S MOTION TO MODIFY APRIL 29, 2013
CASE MANAGEMENT ORDER EXCLUDING EVIDENCE OF CERTAIN INFUSE 4G SALES

included in the new trial, but Apple would not be permitted to present evidence of Infuse 4G sales before the first sale dates identified in the JPTS. The Court said:

> Now, because of that, I think the jury may have been confused. Had the jury known that they should not have been awarding damages any time before May 15th of 2011, it may not have awarded the same damages amount, so I think it would be inappropriate for me just to reinstate that or reinstate that amount at this time.
>
> However, I am going to allow a new trial on this product [Infuse 4G], but the parties will only be able to submit information on sales on or after May 15th. There will be no information going to the jury with any sales number that predates that date.

*Id*. at 33:8-17 (Becher Decl., Exh. A).

Unhappy with the outcome of its own Motion and opportunistically seeking yet another avenue to try to increase its potential damages, Apple now returns to the Court with what boils down to a motion for reconsideration of the order on its Motion for Reconsideration. As the lynchpin of its Motion, Apple proffers an interpretation of the Court's ruling that is both unsupported and contrary to its prior representations to the Court. It asserts that the Court amended the JPTS "to conform to the trial evidence." Dkt. 2343, at 4. But nowhere did the Court say this either at the hearing or in its ruling. While the Court observed in passing that the parties had "sort of vitiated their stipulation," this was a reference to the fact that evidence of sales prior to the stipulated first sale date in the JPTS was admitted at trial. Apr. 29, 2013 Tr. at 32:4-33:7 (Becher Decl., Exh. A.) To the contrary, by excluding evidence of Infuse 4G sales before the first sale date in the JPTS, the Court made clear that the parties must adhere to the JPTS for the new trial. Dkt. 2316, at 2.

## II.     THE COURT SHOULD NOT RECONSIDER ITS PRIOR ORDER

### A.     Apple Has Waived Any Objection to the Court's Reconsideration Order

Apple has waived any objection to the Court's Order excluding sales of the Infuse 4G before the stipulated first sale date. There is no reason why Apple could not have made its

02198.51855/5428545.15

-4-   Case No. 11-cv-01846-LHK

SAMSUNG'S OPPOSITION TO APPLE INC.'S MOTION TO MODIFY APRIL 29, 2013 CASE MANAGEMENT ORDER EXCLUDING EVIDENCE OF CERTAIN INFUSE 4G SALES

current arguments at the hearing on April 29, 2013, or in its briefing on the Motion for Reconsideration.  Apple had every opportunity to argue the point.  Instead, Apple's counsel chose to remain silent and raised no objection.  After the Court stated its ruling on the record, Apple's counsel simply said "[t]hank you."  April 29, 2013 Tr. at 33:23 (Becher Decl., Exh. A). Apple does not get to "push the reset button" (Dkt. 1033-2, at 1:6), and burden the Court and Samsung, because it has now decided to make arguments it could have made before, both at the hearing and in earlier briefing.  *See Puckett v. United States*, 556 U.S. 129, 134, 129 S. Ct. 1423, 1428, 173 L. Ed. 2d 266 (2009) (holding that a right can be forfeited in "civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it.") (citing *Yakus v. United States*, 321 U.S. 414, 444, 64 S.Ct. 660, 88 L.Ed. 834 (1944)); *Kona Enters. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (motion for reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources"); *Turner v. San Francisco*, 892 F.Supp.2d 1188, 1224 (N.D. Cal. Aug. 29, 2012) ("A motion for reconsideration cannot be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.") (citing *Kona Enters.*, 229 F.3d at 890).

What is more, Apple has repeatedly relied on the JPTS to its own advantage, even after trial.  Most significantly, in order to obtain the current trial date, Apple argued that "[t]he parties' July disclosures and the Court's three pretrial orders should define the parameters of the new trial."  Dkt. 2315, at 1 (noting three exceptions unrelated to the product release dates) (emphasis added).  Yet now, having obtained an expedited trial date, Apple seeks to disavow its representation and start anew.  Apple's gamesmanship must be rejected.

**B.     Apple's Motion Is One for Reconsideration, Not a Scheduling Change**

Although Apple creatively styles its current motion as one to modify the Case Management Order under Rule 16, this Rule is inapplicable.  While the Court's order on Apple's prior Motion for Reconsideration ("Reconsideration Order") was included within a document entitled "Case Management Order," the physical location of the Order does not change the fact that it was a substantive ruling on a motion.  The Reconsideration Order appears under the title

1  "Motion Rulings," and below a bullet in which the Court reports that it "GRANTED-IN-PART
2  and DENIED-IN-PART Apple's Conditional Motion for Reconsideration of Order Granting New
3  Damages Trial on Galaxy S II AT&T and Infuse 4G."   Dkt. 2316, at 2.   As this Court has
4  recognized, Civil L.R. 7-9—and not Rule 16—applies where a party seeks to modify rulings on a
5  motion that are memorialized in a case management order.   *See Abaxis, Inc. v. Cepheid*, 10-CV-
6  2840-LHK, 2012 WL 3255601 (N.D. Cal. Aug. 8, 2012) (Koh J.) (applying Civil L.R. 7-9 to
7  challenge to denial of motion for relief from magistrate's order, where the ruling was included in a
8  case management order); *Benedict v. Hewlett-Packard Co.*, 13-CV-0119-LHK, 2013 WL 3215186
9  (N.D. Cal. June 25, 2013) (Koh J.) (holding party was required to file motion for reconsideration
10 under Civil L.R. 7-9 to challenge order memorialized in case management order).
11       The statutory language and Apple's own cases further confirm that Rule 16 does not apply
12 here.   Federal Rule 16(b)(4) states that "[a] schedule may be modified only for good cause . . ."
13 Consistent with this language, Apple's cases confirm that Rule 16(b) relates to changes to a
14 schedule and do not encompass challenging a ruling on a substantive motion.   *See Johnson v.*
15 *Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992) (request under Rule 16(b) to join
16 an additional defendant after the date for joinder set forth in the scheduling order had passed);
17 *Rambus Inc. v. Hynix Semiconductor Inc.*, 628 F. Supp. 2d 1114, 1120 (N.D. Cal. 2008) (court
18 asked to decide whether two summary judgment motions filed after the last date for filing such
19 motions in the court's case management order should be entertained).   Apple's motion is one for
20 reconsideration and must comply with Civil L.R. 7-9.

21       **C.       Apple's Claim that Civil Local Rule 7-9 Does Not Apply Because the Order**
22               **Was Issued *Sua Sponte* Is Factually and Legally Wrong**

23       Apple argues that—even if Rule 16(b) does not apply to its motion—Civil L.R. 7-9 still
24 does not govern because it is challenging a *sua sponte* order.   Dkt. 2343, at 8.   Apple is wrong.
25 The Court's order was not *sua sponte* and, even if it was, Civil L.R. 7-9 still applies.
26       Apple claims that "[n]o party had brought a motion to limit evidence regarding the
27 Infuse 4G at the new trial."   Dkt. 2343, at 3.   This misses the point.   While the exclusion of
28 evidence of pre-JPTS sales may not have been the relief Apple requested, it flowed directly from

1  Apple's own arguments.  Apple's Motion for Reconsideration asked the Court to reinstate the
2  award for the Infuse 4G because the stipulated first sale date for the Infuse 4G in the JPTS "is
3  binding and conclusive on the factual issue."  Dkt. 2306, at 2.  In response, Samsung argued that
4  the new trial ruling should stand even if the Court found the JPTS to be binding.  Dkt. 2312, at 3
5  (citing JX 1500 n.1 and PX180.53).  In light of Apple's position regarding the binding nature of
6  the JPTS, the Court's decision to enforce the JPTS at the new trial was not an unexpected *sua*
7  *sponte* order.  It was the logical corollary of Apple's own arguments.

8  Even assuming, *arguendo*, that the Reconsideration Order was issued *sua sponte*, Civil L.R.
9  7-9 still applies.  For example, in *Trustees of Aftra Health and Retirement Funds v. KTVU, Inc.*,
10 1997 WL 703782 at *2 (N.D. Cal. Oct. 14, 1997), the court applied Civil L.R. 7-9 to a motion for
11 reconsideration of a *sua sponte* order.  Apple's cases are not to the contrary.  *Four Seasons*
12 *Freight Servs., Inc. v. Haralson*, 1996 WL 506182 (9th Cir. Sep. 4, 1996)[1] is inapposite because
13 the Ninth Circuit simply held that the trial court should not have issued a *sua sponte* order
14 regarding a permanent injunction until it held an already scheduled hearing on a motion to
15 reconsider the grant of a preliminary injunction.  *Id.* at *8.  *In re Cabletron Sys., Inc.*, 311 F.3d
16 11 (1st Cir. 2002), did not even involve a motion for reconsideration.  *Id.* at 21, n.2.  And
17 *Qualcomm Inc. v. Broadcom Corp.*, 2008 WL 2705161 (S.D. Cal. July 7, 2008), involved a
18 District Court's *sua sponte* ruling vacating hearing dates without holding any hearing or
19 considering any briefing, which is not the case here.  Moreover, the *Qualcomm* court applied a
20 Local Rule from the Southern District of California that differs from the Rule applicable here.  *Id.*
21 at *4-*6 (citing Civil Local Rule 7.1(i)(1)).[2]

---

[1]  Apple's citation to this case violates Ninth Circuit Rule 36-3 and should be disregarded.
[2]  Apple's claim in a footnote, citing to *Illumina Inc. v. Complete Genomics*, *Inc.*, No. C-10-05542, 2013 U.S. Dist. LEXIS 56908, at *4 (N.D. Cal. Mar. 26, 2013), that the circumstances that compel courts to deny motions for reconsideration are not present when orders are issued *sua sponte* does not support Apple.  Dkt. 2343 at 9, n3.  Because Apple had an opportunity to be heard, the criteria set forth in Civil L.R. 7-9 logically apply to the Court's ruling, whether or not it was a *sua sponte* order.

### D. Apple Concedes that It Cannot Meet the Requirements for Reconsideration Set Forth in Civil Local Rule 7-9

Civil L.R. 7-9 "requires the party seeking reconsideration of a prior order to show: (1) 'a material difference in fact or law' that the party did not know previously 'in the exercise of reasonable diligence'; (2) 'new material facts or a change of law occurring after the time of such order'; or (3) 'a manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.' Civil L.R. 7-9(b)." Dkt. 1033, at 1:16-21. Apple does not even attempt to demonstrate that any of these three requirements are satisfied. It has failed to show any material difference or change in fact or law, or any neglect of a material fact or dispositive legal argument. In fact, as discussed above, the Court's ruling flowed directly from facts and arguments that Apple itself brought before the Court.

Citing *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc*., 5 F.3d 1255, 1262 (9th Cir. 1993), Apple argues that the appropriate standard is whether the Court's Reconsideration Order was clearly erroneous and manifestly unjust. But that case addressed Federal Rule of Civil Procedure 59(e), which involves a motion to amend or alter a judgment, and has no relevance here. *Id*. The law is settled that mere error is not a basis for reconsideration under Civil L.R. 7-9. *See Nidec Corp. v. Victor Co. of Japan, Ltd.*, 2007 WL 4108092, at *3 (N.D. Cal. Nov. 16, 2007) ("Nowhere does Local Rule 7-9 state that a motion for reconsideration may be filed when the court commits 'clear error'"). And in any event, no error or injustice was committed here.

## III. EVEN IF APPLE'S ADVOCATED STANDARDS APPLY, THERE IS STILL NO REASON FOR COURT TO REVERSE ITSELF

Even assuming, *arguendo*, that Apple's motion was properly made under Rule 16(b), or that the standard for reconsideration set forth in *Sch. Dist. No. 1J* applies here, Apple cannot demonstrate that the Court's ruling should be reversed.

### A. There Is Nothing Clearly Erroneous or Manifestly Unjust About Holding Apple to Its Own Position

As discussed above in Section I, Apple previously argued that the JPTS was binding and needed to be enforced. Indeed, Apple expressly advocated that the JPTS should govern the new

1 trial. Now, in a complete about-face, Apple tries to establish good cause under Rule 16(b), and
2 that reconsideration is proper under *Sch. Dist. No. 1J*, by arguing that the JPTS must be set aside
3 and ignored because it is erroneous and superseded by the trial evidence. But the parties already
4 briefed and argued this issue and the Court has ruled. There is nothing erroneous or unjust about
5 holding a party to the position that it vigorously advocated and successfully relied upon up until
6 the present motion.[3] Nor is there any "windfall" to Samsung. Apple is a sophisticated party. It
7 voluntarily and knowingly entered into a stipulation that limited its damages. It then made the
8 deliberate decision to seek to enforce that stipulation, and to repeatedly rely on it, hoping to gain a
9 strategic advantage. Under these circumstances, there is nothing unfair about holding Apple to its
10 stipulation, especially in light of its prior representation that not doing so would "directly
11 contradict the Ninth Circuit's treatment of stipulated facts as binding . . ." Dkt. 2313, at 4.[4]

### B.  Samsung Is Not Judicially Estopped

13 Apple next argues that Samsung is judicially estopped from contending that the JPTS is
14 binding because it previously successfully argued that the JPTS was modified by the trial evidence.
15 Apple is again wrong. Dkt. 2343, at 5-6. Contrary to Apple's contention, Samsung was *not*
16 successful in convincing the Court that the stipulated first sale dates in the JPTS were no longer
17 binding. As discussed above, although the Court observed the parties had "sort of vitiated" the
18 stipulation by introducing contrary evidence, the Court ruled that the parties were bound by the

---

[3] Apple's cases on this issue are unavailing. Unlike here, in *Dillon, Read & Co. v. United States*, 875 F.2d 293, 300 (Fed. Cir. 1989), the parties entered into a stipulation that was internally inconsistent. *Id.* at 300. Even so, the court did not amend the stipulation, but simply instructed the parties to take "greater care" on remand. *Id.* at 300. *Sam Galloway Ford, Inc. v. Universal Underwriters Ins. Co.*, 793 F. Supp. 1079, 1081 (M.D. Fla. 1992), involved errors in a stipulation that the court found "may determine the outcome of the case," which is not the case here. And, with respect to *Frank Music Corp. v. Metro Goldwyn-Mayer, Inc.*, 77 F.2d 505 (9th Cir. 1985) and *Mechmetals Corp. v. Telex Computer Prods., Inc.*, 709 F.2d 1287 (9th Cir. 1983), Apple previously argued that none of these "cases supports amending binding stipulations." Dkt. 2313, at 4.

[4] Apple's claim of a $30 million Samsung "windfall" is also grossly exaggerated. Apple fails to disclose that this figure assumes Apple will be permitted to change its lost profits theory to use the very two notice period theory that the Court barred Apple from using in the first trial. *See* Dkt. 2326 at 3, n. 2 (citing Ms. Davis's reliance on excluded "two notice period" theory). It also assumes that Apple should be able to recover damages for the Infuse 4G before it even alleged that the product infringed.

1  JPTS, as Apple had urged.  As a result, the Court found the appropriate resolution was to restrict

2  the evidence regarding the Infuse 4G that could be presented at trial to sales after May 15, 2011.

3  Apr. 29, 2013 Transcript, at 33:5-7 (Becher Decl., Exh. A); Dkt. 2316, at 2.

4  What is more, Samsung is not receiving any unfair advantage or imposing an unfair

5  detriment on Apple because the Court rejected Samsung's arguments and accepted Apple's

6  position that the JPTS was binding.  To the contrary, it is Samsung that would be prejudiced by

7  any change to the Court's ruling because it has been preparing for trial in reliance on the ruling.

8     **C.  Modifying The Reconsideration Order Would Be Inconsistent With the**

9         **Court's Directive Regarding the New Trial**

10  Apple claims that allowing evidence of sales before May 15, 2011 would be consistent

11  with the Court's directive "to proceed with the same evidence as used in the first trial, modified as

12  necessary to account for the notice dates set by the Court."  Dkt. 2343, at 7.  The directive Apple

13  is apparently referring to (though Apple includes no citation) states that the "Court will not permit

14  the parties to expand the scope of the damages trial."  Dkt. 2316, at 3.  But the Reconsideration

15  Order *limits* the evidence to be presented at trial, it does not expand the scope of the trial.

16  Moreover, whatever general directives were given, the Court issued a specific directive excluding

17  evidence of Infuse 4G sales prior to May 15, 2011—an order perfectly consistent with Apple's

18  own prior position that the parties' pre-trial disclosures should govern the new trial.

19 **IV.  APPLE'S REQUEST WITH RESPECT TO THE REMAINING EIGHT**

20     **PRODUCTS HAS EVEN LESS MERIT**

21     **A.  Apple's Request for Relief With Respect to Eight Other Products Is**

22         **Procedurally Defective**

23  Apple's request for "clarification" with respect to eight other products,[5] or a modification

24  of the sale dates in the JPTS, is an equally defective request for reconsideration of the Court's

25  Reconsideration Order.  Though the Infuse 4G and Galaxy S II AT&T were the specific products

26  at issue in Apple's Motion for Reconsideration, the entire predicate of the resulting Order is that

---

28  [5]  These products are the Continuum, Droid Charge, Epic 4G, Galaxy Tab, Gem, Indulge, Nexus S 4G and Replenish (the "Eight Products").

1   the first sale dates in the JPTS control the evidence of sales that the parties can present at trial.

2   The Court did not find that the dates of first sale in the JPTS had been superseded, as Apple claims.

3   Dkt. 2343, at 10.   Consequently, Apple's current argument that it should be permitted to seek

4   damages for sales of the Eight Products that predate the stipulated first sale dates in the JPTS, or

5   that the dates in the stipulation should be changed, is just another attempt to reverse the Court's

6   Order.   And, yet again, Apple does not—and cannot—claim that its motion meets any of the

7   criteria for a motion for reconsideration under Civil L.R. 7-9.

### B.   Apple's Purported Request for "Clarification" or Modification Fails on the Merits Too

10  Even if Apple's request as to the Eight Products were not a motion for reconsideration—

11  which it is—it would still fail on the merits.   As part of its request for "clarification," Apple once

12  again repeats its claim that the JPTS was superseded by exhibits admitted at trial.   Dkt. 2343, at

13  10.   However, as explained in Section I, *supra*, the Court has already rejected the argument that

14  the stipulation was superseded, and accepted Apple's prior position that the JPTS is binding.

15  There is nothing left to clarify, whether as to the Infuse 4G or any other products.

16  Recognizing this, Apple alternatively seeks relief under Rule 16(e), and asks the Court to

17  modify the first sale dates in paragraph 24 of the JPTS for the Eight Products.   According to

18  Apple, its claim of manifest injustice is generally based on the same facts on which it bases its

19  "good cause" showing under Rule 16(b).   Dkt. 2343, at 18.   But because Apple failed to make a

20  showing of good cause, it cannot show manifest injustice either.[6]

21  Apple also argues, without citing any authority, that it would be manifestly unjust to

22  exclude evidence that was stipulated to at the first trial and to have different evidence presented at

23  the second trial.   Dkt. 2343, at 11.   But this proposition makes no sense in the abstract.   New

---

[6]   Apple cites several cases approving modification of stipulations.   Dkt. 2343, at 18-19.
However, all of Apple's cited cases are factually distinct from the situation here.   None involve a
situation where a party proceeded in such a self-serving, inconsistent and opportunistic fashion as
Apple has here.   None involved a party that urged a Court to enforce a factual stipulation as
binding after trial, even though it believed the stipulation was incorrect, and only changed course
and sought to modify the stipulation after the Court decided to accept its legal argument and
enforce the stipulation in a manner that it did not like.

1  trials frequently take place after courts have issued rulings limiting the scope of a new trial.  [And
2  it makes less sense here because the Court has already carefully considered whether the evidence
3  of sales prior to the stipulated first sale dates in the JPTS should be admissible at the new trial and
4  decided that it should not.  Dkt. 2316, at 2.

5        Apple next claims Samsung would obtain a windfall if the JPTS is enforced as to the Eight
6  Products because it would be precluded from seeking $28 million in damages.  Dkt. 2343, at 18.
7  As explained in Section IV.E, *supra*, enforcing a binding stipulation that was freely entered into
8  by sophisticated parties does not create a windfall.  Moreover, Apple's claimed monetary figure is
9  likewise exaggerated and based on the same flawed assumptions as noted above, Section II.A,
10 note 4, *supra*.

11       In contrast, the other factors that Apple admits are considered in assessing a motion under
12 Federal Rule of Civil Procedure 16(e) weigh strongly in favor of denying Apple's untimely
13 request.  These factors are:  "(1) the degree of prejudice or surprise to the defendants if the order
14 is modified; (2) the ability of the defendants to cure any prejudice; (3) the impact of the
15 modification on the orderly and efficient conduct of the case; and (4) any degree of willfulness or
16 bad faith on the part of the party seeking the modification."  *Hunt v. County of Orange*, 672 F.3d
17 606, 616 (9th Cir. 2012), citing *Byrd v. Guess*, 137 F.3d 1126, 1132 (9th Cir. 1998), superseded by
18 statute on other grounds.  Dkt. 2343, at 19-20.

19       As to the first, second and third factors, Samsung would be prejudiced if Apple's Motion is
20 granted with respect to the Eight Products.  The Court's Reconsideration Order indicated that it
21 would enforce the dates in the JPTS and prohibit contrary evidence.  Samsung has relied on that
22 ruling.  If Apple had raised its arguments earlier, Samsung would have been spared substantial
23 time and effort in responding to Ms. Davis's Expert Report.  Because of Apple's unjustified delay
24 in resolving any question Apple had about the Reconsideration Order, Apple included in Ms.
25 Davis's Expert Report calculations based on three possible alternatives for when Samsung first
26 sold each allegedly infringing product:  (a) the JPTS dates for all products at issue, including the
27 Infuse 4G; (b) the JPTS date only for the Infuse 4G; and (c) the JPTS dates for none of the
28 products at issue.  *See* Dkt. No. 2326 at 3-4.  Ms. Davis's use of these three alternatives, applied

to multiple different damages scenarios already in her report, yielded 42 different damages models, spanning 60 different exhibits. *Id*. at 2. Samsung has been prejudiced by the additional time and effort required to analyze and respond to these numerous different models. The prejudice is acute given the necessity to respond to Apple's numerous alternatives and prepare for trial in the time limits set by the current Order. And ordering a change to the JPTS at this late hour would interfere with the orderly and efficient conduct of the case.

As to the fourth factor (bad faith), there is no question that Apple has proceeded in bad faith and acted opportunistically without regard to the impact on the Court and Samsung. The Court described Apple's decision to submit evidence at trial that contradicted the stipulated facts in the JPTS as "opportunistic." Apr. 29, 2013 Tr. at 29:11-19 (Becher Decl. Exh. A). After making a strategic decision not to take any position on the JPTS dates during the post-trial briefing, Apple then made a "Conditional" Motion for Reconsideration, asking that the Infuse 4G be included in any Rule 54(b) judgment, but requesting that, if judgment was not entered, it be allowed to proceed to trial on the Infuse 4G and seek to recover more damages than it did at the first trial. Dkt. 2306, at 2. Apple has also repeatedly contradicted itself. As explained in Section I, *supra*, Apple repeatedly relied on the JPTS both before and after trial. In its Motion for Reconsideration, Apple argued that the parties' factual stipulation in the JPTS regarding the first sale date for the Infuse 4G was "binding and conclusive on the factual issue." Dkt. 2306, at 2. It also sought an expedited trial date on the basis that the parties' prior pre-trial disclosures would be binding. But when the Court accepted Apple's argument, and ordered a new trial in which the date set forth in the JPTS would be binding, Apple changed course and now contradicts its prior positions. Given this chronology of events, there is no question that Apple has acted in bad faith. In these circumstances, there is no injustice leaving the JPTS in effect.

### Conclusion

The Court should deny Apple's challenge to the Reconsideration Order and, if it entertains the motion on the merits, it should reiterate that Apple is bound by the parties' stipulation in the JPTS regarding the first sale dates for the Infuse 4G and the Eight Products.

02198.51855/5428545.15

-13- Case No. 11-cv-01846-LHK
SAMSUNG'S OPPOSITION TO APPLE INC.'S MOTION TO MODIFY APRIL 29, 2013
CASE MANAGEMENT ORDER EXCLUDING EVIDENCE OF CERTAIN INFUSE 4G SALES

DATED: July 31, 2013

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/   Victoria F. Maroulis
  Charles K. Verhoeven
  Kathleen M. Sullivan
  Kevin P.B. Johnson
  Victoria F. Maroulis
  Susan B. Estrich
  Michael T. Zeller

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

02198.51855/5428545.15

-14-   Case No. 11-cv-01846-LHK
SAMSUNG'S OPPOSITION TO APPLE INC.'S MOTION TO MODIFY APRIL 29, 2013
CASE MANAGEMENT ORDER EXCLUDING EVIDENCE OF CERTAIN INFUSE 4G SALES