# EXHIBIT A

```
 1                  UNITED STATES DISTRICT COURT

 2                NORTHERN DISTRICT OF CALIFORNIA

 3                       SAN JOSE DIVISION

 4

 5

 6   APPLE INC., A CALIFORNIA        )  C-11-01846 LHK
     CORPORATION,                    )
 7                                   )  SAN JOSE, CALIFORNIA
                       PLAINTIFF,    )
 8                                   )  APRIL 29, 2013
                 VS.                 )
 9                                   )  PAGES 1-89
     SAMSUNG ELECTRONICS CO., LTD.,  )
10   A KOREAN BUSINESS ENTITY;       )
     SAMSUNG ELECTRONICS AMERICA,    )
11   INC., A NEW YORK CORPORATION;   )
     SAMSUNG TELECOMMUNICATIONS      )
12   AMERICA, LLC, A DELAWARE        )
     LIMITED LIABILITY COMPANY,      )
13                                   )
                       DEFENDANTS.   )
14                                   )
                                     )
15

16              TRANSCRIPT OF PROCEEDINGS
           BEFORE THE HONORABLE LUCY H. KOH
17              UNITED STATES DISTRICT JUDGE

18

19

20              APPEARANCES ON NEXT PAGE

21

22

23   OFFICIAL COURT REPORTER:   LEE-ANNE SHORTRIDGE, CSR, CRR
                                CERTIFICATE NUMBER 9595
24

25     PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY
              TRANSCRIPT PRODUCED WITH COMPUTER
```

1    WHETHER TO HEAR THIS PARTIAL APPEAL OR NOT.
2         THUS, SAMSUNG'S PROPOSAL DOES NOT JUSTIFY THE NO JUST
3    REASON FOR DELAY STANDARD AS ENTERING JUDGMENT NOW MAY JUST
4    LEAD TO FURTHER DELAY.
5         ACCORDINGLY, THE COURT DENIES SAMSUNG'S REQUEST FOR PARTIAL
6    JUDGMENT PURSUANT TO RULE 54(B) AND FOR A PARTIAL STAY OF THE
7    REST OF THE CASE.
8         NOW, LET'S GO TO APPLE'S RECONSIDERATION.  WHAT APPEARS TO
9    BE THE CASE IS THAT THE PARTIES STIPULATED TO A MAY 15TH, 2011
10   START DATE, OR FIRST SALE DATE FOR THE INFUSE 4G, BUT
11   MR. MUSIKA'S EXPERT REPORT THAT WENT TO THE JURY -- THE
12   STIPULATION OF THE PARTIES DID NOT GO TO THE JURY -- INCLUDED
13   SALES IN APRIL AND THUS PRECEDED THE MAY 15TH, 2011 DATE TO
14   WHICH THE PARTIES STIPULATED.
15        IT ALSO APPEARS THAT, AT A MINIMUM, OTHER EXHIBITS THAT
16   ALSO WERE SENT IN TO THE JURY DID INCLUDE DATES PRIOR TO THE
17   DATE TO WHICH THE PARTIES STIPULATED, AND BY THAT -- I HAVE
18   THEM SOMEWHERE IN MY PILES HERE -- BUT I'M REFERRING TO BOTH
19   THE PLAINTIFF EXHIBIT AS WELL AS A DEFENSE EXHIBIT THAT DID GO
20   TO THE JURY --
21            MS. SULLIVAN:  YOUR HONOR, WOULD IT HELP TO REFER TO
22   JX 1500 AND PX 180?
23            THE COURT:  YES, YES.  THANK YOU, THAT WOULD HELP.
24     -- AS WELL AS THE -- LET ME SEE HERE -- AS WELL AS THE PAGE
25   FROM TERRY MUSIKA'S REPORT WHICH ALSO INCLUDES APRIL 2011

1     SALES.
2          SO -- NOW, APPLE CONTENDS THAT THE FIRST SALE DATE FOR THE
3     INFUSE 4G WAS APRIL 30TH OF 2011, SO WHY WOULD YOU EVEN SUBMIT
4     THAT INFORMATION?  ISN'T THAT IN VIOLATION OF YOUR OWN
5     STIPULATION THAT YOU SHOULDN'T SEEK DAMAGES BEFORE THE FIRST
6     SALE DATE TO WHICH YOU'RE STIPULATING WAS MAY 15TH?
7               MR. JACOBS:  I THINK THE PURPOSE OF SUBMITTING THAT,
8     YOUR HONOR, WAS TO -- WAS A KIND OF EVEN-IF SORT OF ARGUMENT.
9          SO WE HAVE THE EXPERT REPORTS AND THEN WE HAVE THE JOINT
10    PRETRIAL STIPULATION, AND THE JPTS --
11              THE COURT:  I DON'T REALLY BUY THAT.  YOU'RE SAYING
12    IT'S BINDING POST-TRIAL TO SAMSUNG, BUT IT WASN'T BINDING TO
13    YOU DURING THE TRIAL?
14         YOU'RE SAYING THIS STIPULATION SHOULD BE ENFORCED AGAINST
15    SAMSUNG NOW, BUT YOU SUBMITTED EVIDENCE CONTRARY TO THAT TO THE
16    JURY.
17         WHY DID YOU DO THAT IF YOU REALLY FELT THAT THIS WAS AN
18    ENFORCEABLE STIPULATION AGAINST BOTH PARTIES?  IT SEEMS VERY
19    OPPORTUNISTIC TO ME.
20              MR. JACOBS:  I DON'T THINK IT WAS -- IT CERTAINLY
21    WASN'T INTENDED TO BE OPPORTUNISTIC.
22         SAMSUNG SUBMITTED SALES DATA -- YOU MAY RECALL THE SEQUENCE
23    OF THE DISCOVERY MISCONDUCT ON SAMSUNG'S DAMAGES INFORMATION.
24              THE COURT:  NO, THAT'S NOT THE QUESTION.  WHY DID YOU
25    SUBMIT PRE-MAY 15TH, 2011 DAMAGES NUMBERS FOR THE INFUSE 4G IF

1   YOU STIPULATED THAT THE FIRST DATE OF SALE WAS MAY 15TH?  WHY
2   DID YOU SUBMIT THAT?  WHY DID YOU ASK THE JURY TO GRANT YOU
3   DAMAGES FOR THOSE PRE-MAY 15TH SALES?
4           MR. JACOBS:  I THINK I -- WITH RESPECT, YOUR HONOR, I
5   WAS ANSWERING THE QUESTION.
6           THE COURT:  YEAH.
7           MR. JACOBS:  WE GET SALES DATA FROM SAMSUNG, WE
8   PREPARE AN EXPERT REPORT AND EXPERT EXHIBITS DURING THAT, THAT
9   HURLY-BURLY PERIOD WHEN 24 HOURS BEFORE THE REPORT IS DUE,
10  SAMSUNG FINALLY PRODUCES THE DATA.
11      THEN WE AGREE ON THE JPTS.
12      BUT WE HAVE OUR EXPERT REPORT AND OUR EXHIBITS.  THE COURT
13  ENFORCED THOSE RULES QUITE, QUITE RIGOROUSLY.
14      WHAT THE JPTS MAKES CLEAR IS THAT, AS A LEGAL MATTER, ALL
15  OF THE SALES THAT WERE EMBRACED BY MR. MUSIKA'S REPORT OCCURRED
16  AFTER THE NOTICE DATE, AND THAT'S THE ONLY POINT WE'RE DRIVING
17  AT.
18      AS A LEGAL MATTER, THE JPTS SAYS, "SAMSUNG, YOU CANNOT
19  ARGUE THAT THE SALES OCCURRED BEFORE THE STIPULATED DATE.  YOU
20  ARE BARRED FROM THAT ARGUMENT."
21      AND IT IS AS MUCH A LEGAL STIPULATION IN THAT REGARD AS A
22  FACTUAL STIPULATION.
23      BUT THE EXPLANATION FOR WHY IS SIMPLY ONE OF SEQUENCE.
24          THE COURT:  OKAY.  BUT YOUR -- YOUR CASE AT THE TRIAL
25  AND YOUR EXPERT CLEARLY REQUESTED DAMAGES SINCE THE LICENSING

```
 1    NEGOTIATIONS THAT OCCURRED IN THE FALL OF 2010, AND YOU MADE
 2    THAT REQUEST AND WANTED DAMAGES AWARDED FOR THAT PERIOD
 3    REGARDLESS OF THIS MAY 15TH STIPULATION.
 4            MR. JACOBS:  WE WERE URGING AN EARLIER NOTICE PERIOD,
 5    YES, YOUR HONOR.
 6            THE COURT:  ALL RIGHT.
 7            MR. JACOBS:  I THINK THAT'S --
 8            THE COURT:  IS THERE ANYTHING THAT YOU'D LIKE TO SAY,
 9    MS. SULLIVAN?  OTHERWISE I'M READY TO RULE ON THIS ONE AS WELL
10    AND I'D LIKE TO KEEP GOING SO WE CAN GET TO CASE MANAGEMENT.
11            MR. JACOBS:  JUST VERY BRIEFLY, YOUR HONOR, I WANTED
12    TO JUST UNDERSTAND WHERE YOU LED OFF WITH.
13        ON THE AT&T --
14            THE COURT:  RIGHT, THAT'S GOING TO BE GRANTED.
15        BUT I'M GOING TO DENY IT AS TO THE INFUSE 4G.
16            MR. JACOBS:  THANK YOU, YOUR HONOR.
17            MS. SULLIVAN:  THANK YOU, YOUR HONOR.
18            THE COURT:  ALL RIGHT.  DO YOU WANT ME TO GO AHEAD
19    AND STATE MY REASONS, OR IS THAT --
20            MR. JACOBS:  YES, PLEASE.
21            THE COURT:  OKAY.  ALL RIGHT.
22        WELL, FIRST AS TO THE GALAXY S II AT&T, THERE DOESN'T SEEM
23    TO BE ANY DISAGREEMENT BY THE PARTIES THAT THAT WAS AN ERROR ON
24    THE COURT'S PART, AND I APOLOGIZE FOR THAT, SO I AM REINSTATING
25    THE AWARD OF $40,494,356 FOR THE GALAXY S II AT&T.
```

1         NOW, AS FAR AS THE INFUSE 4G, IT IS CORRECT THAT THE
2    PARTIES SUBMITTED A JOINT PRETRIAL STATEMENT THAT THIS PRODUCT
3    WAS FIRST SOLD ON MAY 15TH, 2011.
4         NOW, NONETHELESS, APPLE'S EXPERT REPORT OF MR. TERRY MUSIKA
5    PROVIDED SALES NUMBERS TO THE JURY FOR SALES THAT OCCURRED
6    PRIOR TO MAY 15 OF 2011 AND THE JOINT PRETRIAL STATEMENT AND
7    THIS STIPULATION WAS NOT ANYTHING THAT THE JURY WAS EVER
8    INFORMED OF AND IT WAS NEVER BEFORE THE JURY.
9         MOREOVER, THOSE TWO ADDITIONAL EXHIBITS, ONE WAS A
10   PLAINTIFF EXHIBIT, ONE WAS A DEFENDANT EXHIBIT -- MS. SULLIVAN
11   STATED THE EXACT NUMBERS ON THE RECORD, UNFORTUNATELY, I DON'T
12   HAVE THEM UP WITH ME RIGHT NOW -- BUT THOSE ALSO INCLUDED SALES
13   DATA FOR APRIL OF 2011.  I THINK THAT WAS VERY CONFUSING TO THE
14   JURY.
15        AND I KNOW THAT APPLE IS CLAIMING THAT THERE WERE NO SALES
16   POST-APRIL 15TH, 2011, BUT I DON'T THINK THAT WAS EVER CLEAR TO
17   THE JURY WHETHER THAT WAS THE CASE OR NOT.
18        ALL THEY SAW WERE MULTIPLE EXHIBITS THAT HAD SALES OF
19   APRIL 2011 AND THEY HEARD THE TESTIMONY OF MR. MUSIKA THAT
20   APPLE WAS REQUESTING DAMAGES FOR -- YOU KNOW, THAT STARTED AND
21   STARTED TO ACCRUE FROM THE LICENSING NEGOTIATION MEETINGS THAT
22   OCCURRED IN THE FALL OF 2010.
23        SO ON THAT BASIS -- THE COURT ALSO NOTES THAT APPLE DID NOT
24   SPECIFICALLY RAISE THE FIRST SALE DATES IN ITS OPPOSITION TO
25   SAMSUNG'S JMOL MOTION.  I WENT BACK AND REVIEWED THOSE

1    PLEADINGS.
2         BUT BECAUSE BOTH PARTIES SUBMITTED DAMAGES EXHIBITS TO THE
3    JURY, APPLE'S DAMAGES EXPERT INCLUDED SALES PRIOR TO THE
4    STIPULATED DATE, BOTH PARTIES' DAMAGES EXHIBITS DID AS WELL
5    THAT PREDATE THE DATE TO WHICH THE PARTIES HAVE STIPULATED, SO
6    EFFECTIVELY BOTH PARTIES HAVE SORT OF VITIATED THEIR
7    STIPULATION.
8         NOW, BECAUSE OF THAT, I THINK THE JURY MAY HAVE BEEN
9    CONFUSED.  HAD THE JURY KNOWN THAT THEY SHOULD NOT HAVE BEEN
10   AWARDING DAMAGES ANY TIME BEFORE MAY 15TH OF 2011, IT MAY NOT
11   HAVE AWARDED THE SAME DAMAGES AMOUNT, SO I THINK IT WOULD BE
12   INAPPROPRIATE FOR ME JUST TO REINSTITUTE THAT OR REINSTATE THAT
13   AMOUNT AT THIS TIME.
14        HOWEVER, I AM GOING TO ALLOW A NEW TRIAL ON THIS PRODUCT,
15   BUT THE PARTIES WILL ONLY BE ABLE TO SUBMIT INFORMATION ON
16   SALES ON OR AFTER MAY 15TH.  THERE WILL BE NO INFORMATION GOING
17   TO THE JURY WITH ANY SALES NUMBER THAT PREDATES THAT DATE.
18        SO I'M GRANTING IN PART AND DENYING IN PART APPLE'S MOTION
19   FOR RECONSIDERATION OF ORDER GRANTING NEW DAMAGES TRIAL.  SO
20   THE GALAXY S II AT&T WILL NOT BE INCLUDED IN THE NEW TRIAL, BUT
21   THE INFUSE 4G WILL.
22        OKAY?
23             MR. JACOBS:  THANK YOU, YOUR HONOR.
24             THE COURT:  ALL RIGHT.
25        OKAY.  NOW, LET'S GO TO THE SEVENTH AMENDMENT ISSUE AND

CERTIFICATE OF REPORTER

I, THE UNDERSIGNED OFFICIAL COURT REPORTER OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, 280 SOUTH FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY CERTIFY:

THAT THE FOREGOING TRANSCRIPT, CERTIFICATE INCLUSIVE, IS A CORRECT TRANSCRIPT FROM THE RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.

_____
LEE-ANNE SHORTRIDGE, CSR, CRR
CERTIFICATE NUMBER 9595

DATED: MAY 3, 2013