| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781) | WILLIAM F. LEE |
| hmcelhinny@mofo.com | william.lee@wilmerhale.com |
| MICHAEL A. JACOBS (CA SBN 111664) | WILMER CUTLER PICKERING |
| mjacobs@mofo.com | HALE AND DORR LLP |
| JENNIFER LEE TAYLOR (CA SBN 161368) | 60 State Street |
| jtaylor@mofo.com | Boston, MA 02109 |
| ALISON M. TUCHER (CA SBN 171363) | Telephone: (617) 526-6000 |
| atucher@mofo.com | Facsimile: (617) 526-5000 |
| RICHARD S.J. HUNG (CA SBN 197425) | |
| rhung@mofo.com | |
| JASON R. BARTLETT (CA SBN 214530) | MARK D. SELWYN (SBN 244180) |
| jasonbartlett@mofo.com | mark.selwyn@wilmerhale.com |
| MORRISON & FOERSTER LLP | WILMER CUTLER PICKERING |
| 425 Market Street | HALE AND DORR LLP |
| San Francisco, California 94105-2482 | 950 Page Mill Road |
| Telephone: (415) 268-7000 | Palo Alto, California 94304 |
| Facsimile: (415) 268-7522 | Telephone: (650) 858-6000 |
| | Facsimile: (650) 858-6100 |

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | Case No. 11-cv-01846-LHK (PSG) |
| Plaintiff, | **UNOPPOSED MOTION TO STAY EFFECT OF JULY 29, 2013 ORDER (DKT. 2350)** |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD., A Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendants. | |

Plaintiff Apple Inc. ("Apple") respectfully requests that the Court stay its Order Granting Third Party Rovi's Limited Motion to Intervene and Granting-in-Part and Denying-in-Part Motion to Seal (Dkt. 2350) ("Order") insofar as it relates to Apple's license agreement with Rovi Corp. ("Rovi"), pending the outcome of Apple's currently pending appeal with the Federal Circuit relating to sealing issues.

A stay of this Court's order denying Rovi's motion to seal in full its license Agreement with Apple is essential to Apple obtaining the relief requested in its appeal.  As the Court has previously held, once information is publicly filed, "what once may have been trade secret no longer will be. Thus, the parties may be irreparably injured absent a stay. In contrast, the public interest, which favors disclosure of relevant information in order to understand the proceedings, is not unduly harmed by a short stay."  (Dkt. No. 2047 at 7.)

Apple conferred with counsel for Samsung and counsel for Rovi and they do not oppose this request.  (Declaration of Mark D. Selwyn in Support of Apple's Motion to Stay Effect of July 29, 2013 Order (Dkt. 2350)  ("Selwyn Decl.") ¶¶ 2-3.)

**I.      BACKGROUND**

On February 1, 2013, this Court denied Apple's motion to seal in full certain license agreements that were attached to non-dispositive motions (Dkt. No. 2222.)   The Court granted Apple leave to "bring another motion that is narrowly tailored to the licensing terms or that provides a particularized showing of harm that would result if other details from the licensing terms were disclosed." (*Id.* at 19, 27, 28.)

On February 13, 2013, the Parties filed a stipulation and proposed order which stated that the parties would only re-file publicly "all documents not covered by a stay or renewed motion to seal." (Dkt. No. 2226.)  The Court signed the Order on February 14.  (Dkt. No. 2227.)  The parties also filed motions to stay the Court's order regarding the documents that were the subject of the renewed motions to seal.  (Dkt. Nos. 2230,  2233.)   The Court found  "a stay pending resolution of the renewed motions appropriate" and granted the parties' requests.  (Dkt. 2267 at 2; *see also*  Dkt. 2232.)

1  Apple filed a Renewed Motion to Seal on February 15 (Dkt. No. 2228) and a Corrected
2  Renewed Motion to Seal on February 20, 2013 (Dkt. No. 2250) ("Renewed Motion").[1] As Apple
3  explained in its Renewed Motion, under the "good cause" standard, Apple's license agreements
4  with third parties should be sealed in full. (Dkt. 2250 at 9-10.) In Apple's Renewed Motion,
5  Apple also requested that "if the Court denies sealing of any of the materials that are the subject
6  of this motion, the Court continue its practice of staying effect of its order pending appeal." (Dkt.
7  2250 at 12.) Apple's Corrected Renewed Motion to Seal is still pending before this Court.

8  On March 14, 2013, Rovi filed a Combined Motion for (1) Leave to Intervene for the
9  Limited Purpose of Sealing Portions of its Trade Secret/Confidential License and (2) to Seal Said
10 Information. (Dkt. 2274.) Rovi's motion did not request the Court stay the effect of an order
11 pending appeal. On July 29, 2013, this Court issued an Order Granting Third Party Rovi's
12 Limited Motion to Intervene and Granting-in-Part and Denying-in-Part Motion to Seal. (Dkt.
13 2350.) In that Order, the Court stated "should Rovi or Apple believe that the effect of this Order
14 must be stayed pending the appeal with the Federal Circuit, Rovi and/or Apple must file a formal
15 request for a stay of the effects of this Order within seven (7) days." (*Id.* at 6-7, fn. 3.)

16 **II.    ARGUMENT**

17 Apple respectfully requests that this Court stay the effect of this Order pending the
18 Federal Circuit's resolution of Apple's currently pending appeal on sealing issues.[2] As this Court
19 has previously held, and noted again in its July 29 Order, "once information is publicly filed,
20 'what once may have been trade secret no longer will be. Thus the parties may be irreparably
21 injured absent a stay. In contrast, the public interest, which favors disclosure of relevant
22 information in order to understand the proceedings, is not unduly harmed by a short stay.'" (Dkt.

---

[1] The Corrected Renewed Motion to Seal included Exhibit 23 to the Pernick Declaration in Support of Apple's Opposition to Samsung's Motion to Strike (Dkt. No. 996), which was inadvertently omitted from the Renewed Motion to Seal. No other changes were made to the renewed motion. (Dkt. No. 2251.)

[2] Oral argument in that appeal was held on March 26, 2013. Apple expects the decision will provide guidance to this Court on Apple's request in its Renewed Motion to seal the Rovi license agreement in full.

1  No. 2350 at 6 n.3 (quoting Dkt. No. 2047 at 7).)  There is no reason to treat the confidential
2  Apple-Rovi license differently from other sealed information this Court has previously
3  encountered in this case.  *See In re Cyclobenzaprine Hydrochloride Extended-Release Capsule*
4  *Patent Litig.*, 449 Fed. App'x 35, 36 (Fed. Cir. 2011) (nonprecedential) (The Federal Circuit
5  balances four factors when determining whether to stay a district court's order pending appeal:
6  "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the
7  merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of
8  the stay will substantially injure the other parties interested in the proceeding; and (4) where the
9  public interest lies.") (citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)); *Standard Havens*
10 *Prods., Inc. v. Gencor Indus., Inc.*, 897 F.2d 511, 513 (Fed. Cir. 1990) ("When harm to applicant
11 is great enough, a court will not require 'a strong showing' that applicant is 'likely to succeed on
12 the merits.'" (quoting *Hilton*, 481 U.S. at 776)); *see also Nken v. Holder*, 556 U.S. 418, 429
13 (2009) ("A stay 'simply suspend[s] judicial alteration of the status quo[.]'" (first alteration in
14 original) (quoting *Ohio Citizens for Responsible Energy, Inc. v. NRC*, 479 U.S. 1312, 1313
15 (1986) (Scalia, J., in chambers))); *Prometheus Radio Project v. FCC*, No. 03-3388, 2003 WL
16 22052896, at *1 (3d Cir. Sept. 3, 2003) (nonprecedential) (citing "the public's interest in reaching
17 the proper resolution" as reason to stay "pending thorough and efficient judicial review").

**III.    CONCLUSION**

For the foregoing reasons, the Court should stay its Order pending resolution of Apple's pending appeal to the Federal Circuit.

Dated:  August 2, 2013

WILMER CUTLER PICKERING
  HALE AND DORR LLP

*/s/ Mark D. Selwyn*
Mark D. Selwyn (SBN 244180)
(mark.selwyn@wilmerhale.com)
950 Page Mill Road
Palo Alto, CA  94304
Telephone:  (650) 858-6000
Facsimile:  (650) 858-6100

*Attorneys for Plaintiff and
Counterclaim-Defendant Apple Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on August 2, 2013 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.

/s/ Mark D. Selwyn
Mark D. Selwyn