HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK (PSG)<br><br>**APPLE INC.'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO MODIFY APRIL 29, 2013, CASE MANAGEMENT ORDER EXCLUDING EVIDENCE OF CERTAIN INFUSE 4G SALES OR, IN THE ALTERNATIVE, FOR LEAVE TO SEEK RECONSIDERATION OF THAT ORDER, AND TO CLARIFY THAT THE ORDER APPLIED SOLELY TO THE INFUSE 4G**<br><br>Date: August 21, 2013<br>Time: 2:00 PM<br>Place: Courtroom 8, 4th Floor<br>Judge: Hon. Lucy H. Koh |

# TABLE OF CONTENTS

**Page**

Table of Authorities ................................................................................................................... iv

I. INTRODUCTION ............................................................................................................. 1

II. SAMSUNG FAILS TO REFUTE THAT GOOD CAUSE EXISTS TO MODIFY THE CASE MANAGEMENT ORDER UNDER RULE 16(D). ........................ 1

    A. The Order Regarding What Evidence May Be Submitted At The New Trial Is A Case Management Order Subject To Rule 16(d). .......................... 1

    B. Samsung Does Not Refute Apple's Showing Of Good Cause. .............................. 3

        1. Samsung does not even address Apple's arguments that the new trial should not be conducted with inaccurate evidence. ..................... 3

        2. Samsung does not refute that the JPTS was modified by the Trial Exhibits and that Samsung is estopped from arguing otherwise. ............................................................................................... 4

        3. Samsung does not refute that modifying the Order is consistent with the Court's directives to proceed with the same evidence. ............................................................................................... 6

        4. Samsung does not refute that the Order will deprive Apple of the opportunity to prove and recover as much as $30 million in damages. ...................................................................................... 6

        5. Samsung does not refute that modifying the Order is consistent with the Court's determination that the JPTS was unenforceable for purposes of determining notice. .................................... 6

III. IN THE ALTERNATIVE, THE COURT SHOULD GRANT APPLE'S MOTION FOR RECONSIDERATION OF THE ORDER. ............................................... 7

    A. Samsung Offers No Valid Basis To Deny Leave For Reconsideration. ............................................................................................................ 7

    B. Apple Did Not Waive Its Right To Seek Reconsideration. ................................... 8

    C. Samsung Fails To Refute Apple's Showing That Manifest Injustice Would Result From Enforcing The Order. ............................................................ 8

        1. Reconsideration is appropriate to correct a legal error or prevent manifest injustice. ............................................................................ 8

        2. The factors that establish good cause to modify the Order also establish manifest injustice. ............................................................ 9

        3. No countervailing factors weigh against modifying the Order. ........................................................................................................ 10

APPLE'S REPLY ISO MOT. TO MODIFY CMO, FOR LEAVE RE RECONSIDERATION AND FOR CLARIFICATION
Case No. 11-cv-01846-LHK (PSG)
sf-3316007

ii

IV. IF THE COURT DOES NOT MODIFY THE CASE MANAGEMENT ORDER, IT SHOULD CLARIFY THAT THE ORDER DOES NOT APPLY TO ANY PRODUCT OTHER THAN THE INFUSE 4G. ................................. 11

V. CONCLUSION ................................................................................................................ 12

APPLE'S REPLY ISO MOT. TO MODIFY CMO, FOR LEAVE RE RECONSIDERATION AND FOR CLARIFICATION
Case No. 11-cv-01846-LHK (PSG)
sf-3316007

iii

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Bistro Exec., Inc. v. Rewards Network, Inc.*,
    Case No. CV 04-4640 CBM,
    2006 U.S. Dist. LEXIS 100770 (C.D. Cal. July 20, 2006) ...................................................... 5

*In re Cabletron Systems, Inc.*, 311 F.3d 11 (1st Cir. 2002) ............................................................. 7

*Kingvision Pay-Per-View v. Lake Alice Bar*, 168 F.3d 347 (9th Cir. 1999) .................................... 2

*Kona Enters. v. Estate of Bishop*, 229 F.3d 877 (9th Cir. 2000) ...................................................... 8

*McDowell v. Barnes*,
    No. C 12-3706 LHK (PR),
    2013 U.S. Dist. LEXIS 77372 (N.D. Cal. May 29, 2013) ..................................................... 8-9

*New Hampshire v. Maine*, 532 U.S. 742 (2001) ............................................................................. 5

*Puckett v. United States*, 556 U.S. 129 (2009) ................................................................................ 8

*Qualcomm Inc. v. Broadcom Corp.*,
    No. 05cv1958-B (BLM),
    2008 U.S. Dist. LEXIS 51748 (S.D. Cal. July 7, 2008) ........................................................... 7

*Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255 (9th Cir. 1993) ....................................................... 8

*Sevey v. Soliz*,
    No. C 10-3677 LHK (PR),
    2011 U.S. Dist. LEXIS 97398 (N.D. Cal. Aug. 29, 2011) ....................................................... 9

*Trustees of Aftra Health & Retirement Funds v. KTVU, Inc.*,
    No. C-93-0370 MHP,
    1997 WL 703782 (N.D. Cal. Oct. 14, 1997) ............................................................................ 7

*Turner v. San Francisco*, 892 F. Supp. 2d 1188 (N.D. Cal. 2012) ................................................. 8

*United States v. Quintanilla*,
    No. CR 09-01188 SBA,
    2011 U.S. Dist. LEXIS 110625 (N.D. Cal. Sept. 28, 2011) ..................................................... 7

**OTHER AUTHORITIES**

Fed. R. Civ. P.
    Rule 16(b)(4) ............................................................................................................................. 1
    Rule 16(d) ........................................................................................................................ 1, 2, 7
    Rule 16(e) ............................................................................................................................... 11

APPLE'S REPLY ISO MOT. TO MODIFY CMO, FOR LEAVE RE RECONSIDERATION AND FOR CLARIFICATION
Case No. 11-cv-01846-LHK (PSG)
sf-3316007

iv

Local Rule 7-9(a) .................................................................................................................... 7

Rutter Group Practice Guide: *Federal Civil Procedure Before Trial*
　　§ 15:30 (Cal. & 9th Cir. eds. 2013) ..................................................................................... 1

3 James Wm. Moore et al., *Moore's Federal Practice* § 16.37[3] (3d ed. 2013) ......................... 1-2

## I. INTRODUCTION

If Apple's motion is denied, the new trial will be conducted with evidence about Samsung's infringing sales that Samsung itself has represented to the Court is erroneous. Samsung of course cannot justify conducting the new trial with inaccurate evidence. So Samsung ignores that issue and instead launches various procedural attacks on Apple's motion. All of them fail. The challenged ruling is subject to modification under Rule 16(d) because it addresses the management of the case—*i.e.*, what evidence can be submitted in the new trial. Apple did not waive its right to seek relief from an order that was never the subject of any motion or sought by any party. Nor is Apple somehow barred from bringing this motion by having attempted to enforce the Joint Pretrial Stipulation ("JPTS") first sale dates once—and only once—as to a single product in an unsuccessful post-trial motion. In contrast, having prevailed on its argument that the JPTS dates were inaccurate and not binding, Samsung is judicially estopped from now seeking to enforce those dates.

As Apple has shown, there is good cause to modify the Case Management Order to avoid basing the new trial on inaccurate evidence and failing to do so would result in a manifest injustice.

## II. SAMSUNG FAILS TO REFUTE THAT GOOD CAUSE EXISTS TO MODIFY THE CASE MANAGEMENT ORDER UNDER RULE 16(D).

### A. The Order Regarding What Evidence May Be Submitted At The New Trial Is A Case Management Order Subject To Rule 16(d).

Apple moved to modify the Case Management Order pursuant to Rule 16(d). (Mot. at ii, 2.) Apple did not invoke Rule 16(b)(4), which addresses modification of scheduling orders, as Samsung incorrectly claims. (Opp. at 1, 5-6.)

Samsung does not dispute that the plain language of Rule 16(d) allows the Court to modify its Case Management Order. *See* Fed. R. Civ. P. 16(d). Although Rule 16(d) does not specify the standard for modifying a case management order, the good cause standard applies. *See* Rutter Group Practice Guide: *Federal Civil Procedure Before Trial* § 15:30 (Cal. & 9th Cir. eds. 2013) (Rule 16(b)(4)'s "good cause" standard explicitly applies to scheduling orders but generally applies to other pretrial orders as well); *see also* 3 James Wm. Moore et al., *Moore's*

1  *Federal Practice* § 16.37[3] (3d ed. 2013) (explaining that standard for modifying non-
2  scheduling, non-final pretrial orders is not explicitly stated in Rule 16, but is likely "midway
3  between 'freely given' and 'to prevent manifest injustice'").

4        Unable to refute that abundant good cause exists, Samsung seeks to invoke a different
5  standard.  Samsung argues that the Order at issue is a ruling on a motion, and may be changed
6  only pursuant to a motion for reconsideration.  But Apple is not seeking reconsideration of the
7  Court's Order Denying Apple's Conditional Motion for Reconsideration of Order Granting New
8  Damages Trial on Galaxy S II AT&T and Infuse 4G ("Infuse 4G Motion").  Apple's Infuse 4G
9  Motion asked the Court to reconsider its ruling that the Infuse 4G be part of the new trial.  The
10 Court denied that motion and confirmed that the Infuse 4G would be included in the new trial, as
11 Samsung had requested.  Any challenge to *that* ruling would have to be made by a motion for
12 reconsideration.  But Apple does not challenge that ruling.

13       Instead, Apple challenges only a single sentence in the Case Management Order: "The
14 parties may not introduce any data regarding Infuse 4G sales that occurred prior to May 15,
15 2011."  (Dkt. No. 2316 at 2.)  That sentence is in the nature of a case management order—it
16 addresses how the new trial will be conducted.  It is therefore subject to modification under Rule
17 16(d).

18       There is no dispute that Apple did not move for that ruling.  Nor did Samsung.  Neither
19 party even briefed whether such a ruling would be appropriate.  Instead, the Court issued that
20 ruling without any request or argument from the parties.  Thus, as Apple showed, the ruling was
21 issued *sua sponte*.  *See*, *e.g.*, *Kingvision Pay-Per-View v. Lake Alice Bar*, 168 F.3d 347, 352 (9th
22 Cir. 1999) ("The traditional definition of *sua sponte* is that the court acts of 'its own will or
23 motion.'") (quoting Black's Law Dictionary 1424 (6th ed. 1990)).  These circumstances confirm
24 that the ruling should not be treated as an order on the Infuse 4G Motion that requires leave to
25 seek reconsideration.  Instead, the ruling concerns how the new trial should be conducted, which
26 is a case management issue that is subject to modification under Rule 16(d).

27
28

**B.      Samsung Does Not Refute Apple's Showing Of Good Cause.**

**1.      Samsung does not even address Apple's arguments that the new trial should not be conducted with inaccurate evidence.**

In successfully opposing Apple's Infuse 4G Motion, Samsung informed the Court that the JPTS did not accurately state the dates on which Samsung first sold the infringing products in the United States.  (Dkt. No. 2312 at 4 n.1.)  As Samsung told the Court, the dates in paragraph 24 of the JPTS are actually the dates that carriers launched the infringing products in the United States; Samsung first sold the products to the carriers at earlier dates.  (*Id.*)  Even before Samsung told the Court that the JPTS first sale dates were erroneous, the parties acknowledged that they were inaccurate by stipulating during the first trial to the admission of Trial Exhibits JX1500, PX180, and DX676 (the "Trial Exhibits"), which showed that Samsung sold the infringing products before the "first sale" date in the JPTS.

Samsung does not attempt to rehabilitate the JPTS first sale dates.  Nor does Samsung attempt to rebut Apple's authorities holding that justice requires that the "actual facts" be tried and that courts should not knowingly proceed with inaccurate stipulations or other forms of evidence.  (Mot. at 3-4.)  Yet Samsung's Opposition invites the Court to conduct the new trial using data that Samsung, and the Court, knows is inaccurate.  There is good cause to modify the Case Management Order to avoid knowingly conducting a trial with inaccurate evidence.

Rather than confront Apple's arguments and authorities establishing that it is improper to conduct a trial with inaccurate evidence, Samsung suggests there is nothing wrong with holding Apple to a position that Apple supposedly argued repeatedly both before and after trial.  (Opp. at 3, 9.)  Samsung is wrong on the facts.  Apple's motion addresses only paragraph 24 of the JPTS, which purports to set forth the dates that Samsung first sold the accused products in the United States.  Apart from the unsuccessful Infuse 4G Motion, Apple has not sought to enforce those dates—to the contrary, as Samsung and the Court both have noted, Apple and Samsung both relied on the Trial Exhibits to establish actual sales that were inconsistent with the JPTS dates. To support its argument, Samsung points to Apple's reliance on *other* aspects of the lengthy JPTS, such as witness and exhibit disclosures.  (Opp. at 3 (citing Dkt. No. 1707 at 1).)  Samsung

1    fails to show how Apple's reliance on other aspects of the JPTS is relevant to Apple's motion.  It
2    is not.[1]

3          Samsung also is wrong on the law.  As noted, Samsung does not respond at all to Apple's
4    cited authority holding that trials should be conducted with accurate evidence.

      **2.**      **Samsung does not refute that the JPTS was modified by the Trial Exhibits and that Samsung is estopped from arguing otherwise.**

7          In its successful opposition to Apple's Infuse 4G Motion, Samsung argued that the JPTS
8    first sale dates were not binding because the JPTS dates were modified by the admission of the
9    stipulated Trial Exhibits containing inconsistent data.  (Dkt. No. 2312 at 3-4.)  The Court relied
10   on Samsung's arguments in denying the Infuse 4G Motion.  Samsung argued that, in contrast to
11   the stipulated Trial Exhibits, the JPTS dates "were never read to the jury."  (*Id*. at 4.)  The Court
12   in turn noted that "the Joint Pretrial Statement and this stipulation was not anything that the jury
13   was ever informed of and it was never before the jury."  (Apr. 29, 2013 Tr. at 32.)  Samsung
14   argued that Apple had put in evidence that was inconsistent with the JPTS dates, specifically
15   referring to Terry Musika's testimony and reliance on the Trial Exhibits.  (Dkt. No. 2312 at 3.)
16   The Court noted the same.  (Apr. 29, 2013 Tr. at 32.)  Samsung argued that the JPTS dates were
17   not "binding" because the JPTS had been superseded by the Trial Exhibits.  (Dkt. No. 2312 at 3-
18   4.)  The Court stated at the Case Management Conference that "because both parties submitted
19   damages exhibits to the jury, Apple's damages expert included sales prior to the stipulated date,
20   both parties' damages exhibits did as well[,] that predate the date to which the parties have
21   stipulated, so effectively both parties have sort of vitiated their stipulation."  (Apr. 29, 2013 Tr. at
22   33.)  In short, Samsung's arguments prevailed and Samsung succeeded in defeating Apple's

---

[1] Apple's motion for permanent injunction cited paragraph 24 of the JPTS, but that was simply for the purpose of showing that Samsung "introduced a whole series of infringing phones that the press called out as 'shockingly similar' to Apple's iPhones" after Samsung convened its designers for the three-month process that led to the Galaxy S i9000.  (Dkt. No. 1982-1 at 17-18.) Nothing in that citation endorsed the JPTS dates as the date of Samsung's first sales, rather than, as Samsung subsequently told the Court, the dates that carriers launched the products in the United States.  (*See* Dkt. No. 2312 at 4 n.1.)

APPLE'S REPLY ISO MOT. TO MODIFY CMO, FOR LEAVE RE RECONSIDERATION AND FOR CLARIFICATION
Case No. 11-cv-01846-LHK (PSG)
sf-3316007

4

Infuse 4G Motion.[2]

Apple showed—based on case law—that Samsung's success in defeating Apple's Infuse 4G Motion estopped Samsung from now arguing differently. (Mot. at 5-6.) Apple not only lost the motion, the motion was conditioned on an event that did not occur—the Court's granting Samsung's Rule 54(b) motion. Yet Samsung argues that *Apple*—the party that *lost* the motion—is now barred from arguing a different position because the Court supposedly "rejected Samsung's arguments and accepted Apple's." (Opp. at 9-10.) Not surprisingly, Samsung fails to cite a single case holding that the losing party on an issue, rather than the victor, is estopped from arguing a different position in the future. That is because estoppel applies only when a party persuades a court to take action, not when a party fails to persuade. *See*, *e.g.*, *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (judicial estoppel "prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase") (internal quotation marks omitted). Under Samsung's view, a party that loses a motion would not only suffer that defeat, it would be precluded in the future from taking the very position the Court adopted by ruling against that party. Samsung points to no authority to support this bizarre proposition.

The position that Apple advances in this motion is precisely what Samsung argued in defeating Apple's Infuse 4G Motion: that the JPTS dates were superseded by the Trial Exhibits. Having persuaded the Court to deny Apple's motion, Samsung is bound by the positions it took in doing so. In contrast, having failed to persuade the Court of its position, Apple is not estopped from seeking to have the arguments that prevailed applied across the board.

---

[2] Read in context with Samsung's opposition to the Infuse 4G Motion, as well as the argument regarding that motion, the Court's statement that the parties had vitiated the JPTS dates hardly was made "in passing" as Samsung asserts. (Opp. at 4.) Even if the Court had not been as explicit as it was in accepting Samsung's arguments, judicial estoppel would still apply. *See Bistro Exec., Inc. v. Rewards Network, Inc.*, Case No. CV 04-4640 CBM (MCx), 2006 U.S. Dist. LEXIS 100770, at *14-15 (C.D. Cal. July 20, 2006) (defendants judicially estopped from inconsistent position where they persuaded courts to adopt earlier position "at least implicitly . . . via the grant of judgments in [their] favor").

**3.  Samsung does not refute that modifying the Order is consistent with the Court's directives to proceed with the same evidence.**

The Court was clear at the Case Management Conference that "[t]here's going to be nothing new in this case. It's just going to be bringing in the numbers on the damages request." (April 29, 2013 Tr. at 41-42.) Apple showed that using the same Trial Exhibits, adjusted as necessary to account for the notice dates set by the Court, was consistent with the Court's directives for the new trial. Samsung does not explain how replacing Trial Exhibits JX1500, PX180, and DX676 with new exhibits—based on inaccurate dates in the JPTS—is consistent with the Court's directives.

**4.  Samsung does not refute that the Order will deprive Apple of the opportunity to prove and recover as much as $30 million in damages.**

Apple showed that, if the Order were modified as Apple requests, Apple could obtain as much as $30 million more in damages for infringing sales of the Infuse 4G. There is no dispute that Samsung sold more than 100,000 infringing Infuse 4G devices after the notice date set by the Court and before the erroneous first sale date in the JPTS. (Dkt. Nos. 2344-1 ¶ 2 & 2344-2 at DX676.064.) Precluding Apple from seeking damages for these sales would result in a windfall for Samsung, which never requested that the Court enforce the JPTS date for the Infuse 4G in the new trial. While Samsung asserts that Apple will not recover as much as it wants (Opp. at 9 n.4), Samsung in no way disputes that enforcing the erroneous JPTS date will preclude Apple from pursuing damages for Samsung's infringing sales, thereby prejudicing Apple and creating a windfall for Samsung.

**5.  Samsung does not refute that modifying the Order is consistent with the Court's determination that the JPTS was unenforceable for purposes of determining notice.**

As Apple showed, Apple's motion is consistent with the Court's decision not to enforce the JPTS first sale date for purposes of determining whether Samsung's sales of the Infuse 4G occurred after the Court-determined notice date. Unless modified, the Order would create a one-way ratchet, allowing Samsung to benefit from the ruling that the JPTS date was not enforceable for notice and then benefit again from enforcement of the JPTS date in the new trial to preclude

APPLE'S REPLY ISO MOT. TO MODIFY CMO, FOR LEAVE RE RECONSIDERATION AND FOR CLARIFICATION
Case No. 11-cv-01846-LHK (PSG)
sf-3316007

6

1  Apple from proving damages for all post-notice Infuse 4G sales.

2  In short, there is abundant good cause for the Court to modify the Order as Apple
3  requests.

4  **III.   IN THE ALTERNATIVE, THE COURT SHOULD GRANT APPLE'S MOTION FOR RECONSIDERATION OF THE ORDER.**
5

6  **A.    Samsung Offers No Valid Basis To Deny Leave For Reconsideration.**

7  In the event that the Court concludes that the challenged sentence in the Order is not
8  subject to modification under Rule 16(d), Apple moved in the alternative for reconsideration of
9  that aspect of the Order under Local Rule 7-9(a) and the Court's inherent authority.  (Mot. at 8.)
10 Samsung mistakenly asserts that Apple argued that Local Rule 7-9(a) does not apply, apparently
11 missing that Apple invoked that rule as one basis for its request for leave.  Apple explained that
12 Local Rule 7-9(a) is not tailored to circumstances here, where neither party argued for the relief
13 that the Court awarded, but Apple nevertheless showed that leave is appropriate.  (*Id.*)

14 Samsung's own cited authority granted a party leave to file a motion for reconsideration
15 from a *sua sponte* order.  *See Trustees of Aftra Health & Retirement Funds v. KTVU, Inc.*, No. C-
16 93-0370 MHP, 1997 WL 703782, at *2 (N.D. Cal. Oct. 14, 1997).  Samsung fails to show why
17 leave to seek reconsideration should not also be granted here, where the Court granted relief for
18 which neither party moved or argued.[3]  Apple is not seeking to relitigate an issue that the parties
19 addressed in connection with the Infuse 4G Motion.  Thus, as Apple showed, the circumstances in
20 which courts typically deny leave to seek reconsideration are not present here.

21

22 [3] The court in *In re Cabletron Systems, Inc.*, 311 F.3d 11, 21 n.2 (1st Cir. 2002), reconsidered a *sua sponte* order that was issued before the judge had seen the parties' arguments.
23 Samsung points to the fact that the court reconsidered the motion on its own, without a motion from a party (Opp. at 7)—a fact that confirms this Court's inherent power to reconsider here.  Nor
24 does Samsung effectively distinguish *Qualcomm Inc. v. Broadcom Corp.*, No. 05cv1958-B (BLM), 2008 U.S. Dist. LEXIS 51748, at *6 (S.D. Cal. July 7, 2008), in which the court
25 exercised "its inherent authority to reconsider its own orders before they become final." Although that decision came from a different district with different local rules, courts in the
26 Northern District also have the "inherent authority to reconsider an interlocutory decision to prevent clear error or prevent manifest injustice." *United States v. Quintanilla*, No. CR 09-01188
27 SBA, 2011 U.S. Dist. LEXIS 110625, at *13 (N.D. Cal. Sept. 28, 2011).  Thus, here too, the Court may invoke its inherent power to reconsider the Order.
28

APPLE'S REPLY ISO MOT. TO MODIFY CMO, FOR LEAVE RE RECONSIDERATION AND FOR CLARIFICATION
Case No. 11-cv-01846-LHK (PSG)
sf-3316007

7

### B. Apple Did Not Waive Its Right To Seek Reconsideration.

Samsung asserts that Apple waived its right to seek reconsideration of the Order by not addressing it when briefing the Infuse 4G Motion. It is nonsensical to suggest that Apple should have briefed that the Court should not award relief that Samsung did not even request. There plainly is no basis to penalize Apple for not anticipating the Order that the Court ultimately issued, by holding that Apple waived its right to challenge the order. Samsung cites no authority holding that a party waives a right to seek reconsideration of an order granting relief that its opponent did not seek or address, even if the ruling was announced at a hearing.[4]

Nor can Samsung establish waiver based on Apple's reliance on other aspects of the detailed JPTS, such as witness and exhibit disclosures. Reliance on other provisions in the JPTS did not waive Apple's ability to challenge the Order enforcing the first sale date for the Infuse 4G, set forth in paragraph 24 of the JPTS.

### C. Samsung Fails To Refute Apple's Showing That Manifest Injustice Would Result From Enforcing The Order.

#### 1. Reconsideration is appropriate to correct a legal error or prevent manifest injustice.

Apple asked that, if the Court granted leave to seek reconsideration, the Court consider the arguments in Apple's motion as supporting reconsideration. Apple showed that reconsideration was appropriate because the exclusion of evidence of Infuse 4G sales before the erroneous JPTS first sale date was both clearly erroneous and would result in a manifest injustice. *See Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Samsung asserts that the *School District* standards do not apply because that case involved a motion to amend a judgment under Federal Rule of Civil Procedure 59(e). (Opp. at 8.) But courts routinely apply the *School District* standards when parties seek reconsideration of interlocutory orders. *See, e.g.*, *McDowell v.*

---

[4] None of Samsung's waiver cases (Opp. at 5) addresses circumstances in which a Court issued a ruling or relief that the parties had not requested. *See Puckett v. United States*, 556 U.S. 129, 134 (2009) (criminal defendant failed to object and preserve for appeal argument that Government violated plea obligations); *Kona Enters. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (failure to raise choice of law argument in connection with motion for attorneys' fees was fatal to Rule 59(e) motion for reconsideration of order on motion); *Turner v. San Francisco*, 892 F. Supp. 2d 1188, 1224 (N.D. Cal. 2012) (denying motion for reconsideration of order on motion to dismiss).

APPLE'S REPLY ISO MOT. TO MODIFY CMO, FOR LEAVE RE RECONSIDERATION AND FOR CLARIFICATION
Case No. 11-cv-01846-LHK (PSG)
sf-3316007

8

1  *Barnes*, No. C 12-3706 LHK (PR), 2013 U.S. Dist. LEXIS 77372, at *3-4 (N.D. Cal. May 29,
2  2013) (motion to reconsider denial of appointment of counsel); *Sevey v. Soliz*, No. C 10-3677
3  LHK (PR), 2011 U.S. Dist. LEXIS 97398, at *2 (N.D. Cal. Aug. 29, 2011) (motion to reconsider
4  denial of motion to compel).

5  In any event, although Samsung contends that clear error is not enough to warrant
6  reconsideration, it is not so bold as to contend that the Court may not reconsider an interlocutory
7  order to prevent manifest injustice. As shown in Apple's motion and discussed below, manifest
8  injustice would occur if the Court did not reconsider its decision.

**2. The factors that establish good cause to modify the Order also establish manifest injustice.**

11  Apple cited authorities holding that conducting a trial with erroneous evidence, including
12  inaccurate stipulations, would cause manifest injustice. (Mot. at 11.) Samsung offers no contrary
13  authority.

14  Samsung contends that it "makes no sense in the abstract" to assert that it would be unjust
15  to hold a second trial with different evidence from the first trial. (Opp. at 11.) But Apple does
16  not raise this issue in the abstract. Instead, Apple addresses the specific circumstances of this
17  case, in which: (1) a first trial was conducted with stipulated exhibits concerning Samsung's
18  sales; (2) the Court found nothing wrong with those exhibits and confirmed the first jury's award
19  using that evidence; and (3) Samsung has told the Court that the contents of the stipulated
20  exhibits are accurate and that the evidence about its sales that Samsung wants the Court to
21  enforce and use in the second trial is inaccurate. It is unjust to reject reliable evidence in favor of
22  inaccurate evidence, particularly in a second trial between the same parties involving damages for
23  some of the same products.

24  Depriving Apple of the opportunity to recover as much as $30 million in damages would
25  result in a manifest injustice.

26  Samsung's "heads I win, tails you lose" approach to the JPTS first sale dates also results
27  in manifest injustice. Having succeeded in defeating Apple's Infuse 4G Motion based on the
28  parties' having "vitiated" the first sale dates in the JPTS, it would be unjust for Samsung now to

APPLE'S REPLY ISO MOT. TO MODIFY CMO, FOR LEAVE RE RECONSIDERATION AND FOR CLARIFICATION
Case No. 11-cv-01846-LHK (PSG)
sf-3316007

9

1    reap the benefit of the vitiated JPTS stipulation going forward.

2          **3.     No countervailing factors weigh against modifying the Order.**

3    As Apple showed, using the same evidence establishing Samsung's infringing sales in the
4    new trial as in the first trial cannot possibly prejudice Samsung. Samsung does not contend
5    otherwise. Apple also showed that using the same evidence is consistent with the orderly and
6    efficient conduct of the case. Samsung does not refute that point either. Indeed, enforcing the
7    JPTS date as to first sales of the Infuse 4G would require the parties to make wholesale changes
8    to stipulated Trial Exhibits JX1500, PX180, and DX676 to conform to the erroneous first sale
9    date in the JPTS. Doing so would undoubtedly lead to disputes about the revised exhibits.

10   Samsung claims prejudice and interference because it had to respond to Ms. Davis's
11   expert report, which included alternative damages calculations based on whether the parties
12   would again rely on Trial Exhibits JX1500, PX180, and DX676, or whether the erroneous first
13   sale dates of the JPTS would be enforced instead. Samsung can hardly complain that, after the
14   Court awarded relief that Samsung did not even request, Apple's expert prepared a report that
15   addressed alternatives as to whether or not Samsung would be able to retain that enormous
16   windfall. Samsung's expert has also now prepared his report, also including various alternative
17   calculations, and the Court will decide whether to grant Apple's motion. Once the Court rules,
18   the parties will know what dates apply. Thus, having to respond to alternative damages
19   calculations neither caused Samsung prejudice nor disrupts the conduct of this case.

20   Nor does Samsung refute the absence of bad faith. After the Court's March 1, 2013,
21   Order set notice dates for the products at issue in the new trial, Apple argued in the post-trial
22   Infuse 4G Motion that the JPTS date for the Infuse 4G should be enforced for purposes of
23   deeming all of Samsung's sales post-notice. Contrary to Samsung's arguments, that is the only
24   time that Apple sought to enforce any of the JPTS first sale dates. As discussed above, neither
25   party relied on the JPTS dates at trial; instead both parties stipulated to the admission of, and
26   relied on, exhibits that contradicted the JPTS dates. And Apple did not attempt to enforce any
27   JPTS date in any other filing, either before or after trial. While the Court indicated that it
28   considered the Infuse 4G Motion to be opportunistic, that is not the same as bad faith. Since the

Court rejected Apple's position and denied Apple's motion, and instead allowed Samsung to avoid the JPTS dates for purposes of notice, it is not bad faith for Apple to seek to ask the Court to apply that principle across the board.

### IV. IF THE COURT DOES NOT MODIFY THE CASE MANAGEMENT ORDER, IT SHOULD CLARIFY THAT THE ORDER DOES NOT APPLY TO ANY PRODUCT OTHER THAN THE INFUSE 4G.

By its terms, the Order applies only to the Infuse 4G. There is no Order in place regarding any product other than the Infuse 4G, and there is no order as to other products for which Apple supposedly should have requested reconsideration. Accordingly, Apple properly sought clarification of the Order's effect on other infringing products, on the assumption that Samsung would seek to extend the Order to all products at issue in the new trial. That is precisely what Samsung now argues, as it contends that the "predicate" of the Order is that the JPTS first sale dates "control the evidence of sales that the parties can present at trial." (Opp. at 10-11.)

Samsung fails to refute Apple's arguments against extending the Order to other products. It is Samsung that first argued that the JPTS was modified to conform to the Trial Exhibits. Having prevailed on its arguments and defeated Apple's Infuse 4G Motion, Samsung is judicially estopped from now contending otherwise. *See* Section II.B.2, *supra*.

Even if the Court does not rule that the JPTS already has been modified, Samsung does not contest that Rule 16(e) allows the Court to modify the JPTS now to prevent manifest injustice in the new trial. For the reasons explained in Apple's motion, manifest injustice would result if the Court enforced the JPTS dates for all products. (Mot. at 10-13.) Samsung's arguments concerning manifest injustice as to the other products fail for the same reason they fail as to the Infuse 4G. *See* Section III.C.2-3, *supra*. Samsung's arguments regarding manifest injustice are even less persuasive when applied to Apple's motion for clarification as to the other products than to the Infuse 4G. That is because Samsung relies heavily on the fact that Apple previously moved to enforce the JPTS first sale date for purposes of notice as to the Infuse 4G. (Opp. at 2-3.) While that argument is not persuasive as to the Infuse 4G, it has no relevance to the other products, as those products were not the subject of Apple's Infuse 4G Motion.

APPLE'S REPLY ISO MOT. TO MODIFY CMO, FOR LEAVE RE RECONSIDERATION AND FOR CLARIFICATION
Case No. 11-cv-01846-LHK (PSG)
sf-3316007

11

## V. CONCLUSION

For the foregoing reasons, Apple asks the Court to set aside the portion of the April 29, 2013, Case Management Order that excludes data establishing sales of the Infuse 4G before May 15, 2011, or in the alternative, allow Apple to seek reconsideration of that portion of the Case Management Order. If the Court does not modify or reconsider the Case Management Order, Apple asks the Court to order that the parties may introduce evidence of Samsung's infringing sales of all products other than the Infuse 4G without any restrictions based on paragraph 24 of the Joint Pretrial Statement filed July 6, 2012.

Dated: August 7, 2013          MORRISON & FOERSTER LLP


By: */s/ Harold J. McElhinny*
    HAROLD J. MCELHINNY

Attorneys for Plaintiff
APPLE INC.

APPLE'S REPLY ISO MOT. TO MODIFY CMO, FOR LEAVE RE RECONSIDERATION AND FOR CLARIFICATION
Case No. 11-cv-01846-LHK (PSG)
sf-3316007

12