1  HAROLD J. MCELHINNY (CA SBN 66781)
   hmcelhinny@mofo.com
2  MICHAEL A. JACOBS (CA SBN 111664)
   mjacobs@mofo.com
3  RACHEL KREVANS (CA SBN 116421)
   rkrevans@mofo.com
4  ERIK J. OLSON (CA SBN 175815)
   ejolson@mofo.com
5  MORRISON & FOERSTER LLP
   425 Market Street
6  San Francisco, California  94105-2482
   Telephone:  (415) 268-7000
7  Facsimile:  (415) 268-7522

8
   Attorneys for Plaintiff and
9  Counterclaim-Defendant APPLE INC.

   WILLIAM F. LEE
   william.lee@wilmerhale.com
   WILMER CUTLER PICKERING
   HALE AND DORR LLP
   60 State Street
   Boston, MA 02109
   Telephone: (617) 526-6000
   Facsimile: (617) 526-5000

   MARK D. SELWYN (SBN 244180)
   mark.selwyn@wilmerhale.com
   WILMER CUTLER PICKERING
   HALE AND DORR LLP
   950 Page Mill Road
   Palo Alto, California 94304
   Telephone: (650) 858-6000
   Facsimile: (650) 858-6100

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK (PSG)<br><br>**APPLE'S SURREPLY TO SAMSUNG'S MOTION FOR NEW TRIAL REGARDING '381 PATENT PURSUANT TO RULE 59 BASED ON "NEWLY DISCOVERED EVIDENCE" OR, ALTERNATIVELY, FOR ENTRY OF JUDGMENT ON LIABILITY**<br><br>Date:   August 15, 2013<br>Time:   1:30 PM<br>Place:  Courtroom 8, 4th Floor<br>Judge:  Hon. Lucy H. Koh |

**\*\*HIGHLY CONFIDENTIAL – CONTAINS MATERIAL DESIGNATED AS HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE PURSUANT TO A PROTECTIVE ORDER\*\***

**PUBLIC REDACTED VERSION**

# TABLE OF CONTENTS

**Page**

ARGUMENT ........................................................................................................................... 2

I.  THE REPLY'S NEW ARGUMENTS CANNOT SAVE SAMSUNG'S TIME-
    BARRED REQUESTS............................................................................................... 2

    A.  It Is Too Late For Any Section 1292(c) Appeal......................................... 3

    B.  It Also Is Too Late For A Rule 59 Motion. ................................................ 5

II. THE REPLY'S NEW ARGUMENTS ON THE MERITS OF ITS RULE 59
    MOTION ARE BOTH WRONG AND UNTRUE. ................................................... 7

    A.  The Reply's New Non-Infringement Theories Are Incorrect.................... 7

    B.  The Argument That Samsung Could Not Have Been Aware Of Apple's
        Claim Construction Position Is Untrue. ...................................................... 9

CONCLUSION ...................................................................................................................... 11

**TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Allegheny Cnty. v. Maryland Cas. Co.*,
132 F.2d 894 (3d Cir. 1943) ............................................................................................. 5, 6

*Bowles v. Russell*,
551 U.S. 205 (2007) ............................................................................................................ 4

*Contempo Metal Furniture Co. v. E. Tex. Motor Freight Lines, Inc.*,
661 F.2d 761 (9th Cir. 1981) .............................................................................................. 6

*Emp'rs Ins. of Wausau v. Titan Int'l, Inc.*,
400 F.3d 486 (7th Cir. 2005) .............................................................................................. 5

*Ford Motor Co. v. Busam Motor Sales*,
185 F.2d 531 (6th Cir. 1950) .......................................................................................... 5, 6

*LeBoon v. Lancaster Jewish Cmty. Ctr.*,
503 F.3d 217 (3d Cir. 2007) ............................................................................................... 5

*Ortiz v. Jordan*,
131 S. Ct. 884 (2011) .......................................................................................................... 4

*Peterman v. Indian Motorcycle Co.*,
216 F.2d 289 (1st Cir. 1954) .......................................................................................... 5, 6

*Robert Bosch, LLC v. Pylon Mfg. Corp.*,
No. 2011-1363,
2013 WL 2664281 (Fed. Cir. June 14, 2013) (en banc) ................................................. 4, 5

*SK hynix Inc. v. Rambus Inc.*,
No. 00-CV-20905,
2013 WL 1915865 (N.D. Cal. May 8, 2013) ............................................................. 1, 6, 7

*Standard Havens Prods., Inc. v. Gencor Indus., Inc.*,
897 F.2d 511 (Fed. Cir. 1990) ............................................................................................ 7

*TDM Am., LLC v. United States*,
100 Fed. Cl. 485 (2011) ...................................................................................................... 7

*United States v. Recio*,
371 F.3d 1093 (9th Cir. 2004) ........................................................................................ 5, 6

APPLE'S SURREPLY TO SAMSUNG'S MOTION FOR NEW TRIAL OR FOR ENTRY OF JUDGMENT ON LIABILITY
CASE NO. 11-CV-01846-LHK (PSG)
sf-3316217

ii

**STATUTES**

28 U.S.C.
    § 1291 .................................................................................................................... 5, 6
    § 1292(c)(2) ..................................................................................................... 1, 3-4, 5
    § 1295 ..................................................................................................................... 1, 4
    § 1295(a) ..................................................................................................................... 4
    § 2107(c) ..................................................................................................................... 4

**OTHER AUTHORITIES**

Fed. R. App. P.
    Rule 4(a)(4)(A) ............................................................................................................ 4

Fed. R. Civ. P.
    Rule 59 .............................................................................................................. 2, 6, 7
    Rule 60(b) ................................................................................................................... 7

APPLE'S SURREPLY TO SAMSUNG'S MOTION FOR NEW TRIAL OR FOR ENTRY OF JUDGMENT ON LIABILITY
CASE NO. 11-CV-01846-LHK (PSG)
sf-3316217

iii

Trying to persuade this Court to enter an improper "judgment on liability," Samsung's Reply omits part of the title of a document entered by the district court in *Robert Bosch, LLC v. Pylon Mfg. Corp.* Samsung claims that the *Bosch* district court entered a separate "Final Judgment Following Post Trial Motion Practice." (Dkt. No. 2352-3 at 14.) The court did no such thing. In fact, the full title of that document was "Final Judgment Following Post Trial Motion Practice *Pursuant To Fed. R. Civ. P. 54(b)*."[1] That Rule 54(b) judgment related only to the *Bosch* defendant's counterclaim of unenforceability. No general "judgment on liability" was issued in *Bosch* after the post-judgment motions were resolved. Samsung is wrong in suggesting otherwise and in asking this Court to issue such a judgment.

Moreover, for the first time, Samsung's Reply cites multiple new decisions in a belated effort to establish the timeliness of the Motion's alternative requests. Given the glaring timeliness issues with both requests, the Motion should have addressed timeliness so that Apple could respond. Instead, Samsung's Motion was silent on its timeliness.

The Motion did not point to the Reply's newly cited decisions for good reason. None involves an interlocutory appeal under Section 1292(c)(2). Samsung's new decisions establish merely that, given this Court's grant of a new trial on a portion of the damages, there currently is no *completely* final judgment that could be appealed under Section 1295. But Section 1292(c)(2) does not require complete finality. Even assuming Section 1292(c)(2) applies when liability and damages were tried together (which it does not), any such interlocutory appeal is now time barred. No new order from this Court could change that.

Nor do the Reply's new decisions save Samsung's time-barred Rule 59 motion. At most, they confirm the lack of a complete final, appealable judgment here. And this is not like the situation addressed by the district court in *SK hynix*, where the Federal Circuit had vacated and remanded to the district court. *See SK hynix Inc. v. Rambus Inc.*, No. 00-CV-20905, 2013 WL 1915865 (N.D. Cal. May 8, 2013).

---

[1] Final Judgment Following Post Trial Motion Practice Pursuant to Fed. R. Civ. P. 54(b), *Robert Bosch, LLC v. Pylon Mfg. Corp.*, No. 08-CV-542 (D. Del. Mar. 23, 2011) (Dkt. No. 396) (emphasis added).

The Reply wrongly asserts that Apple "is glossing over the facts." (Dkt. No. 2352-3 at 2.) As Samsung does not dispute, this Court could not, and did not, extend the 28-day limit to file Rule 59 motions. This Court's August 28, 2012, scheduling order (Dkt. No. 1945) required all post-judgment motions, including under Rule 59, to be filed by September 21, 2012—28 days from the August 24, 2012, judgment. This Court correctly enforced the Rules. It should not let Samsung defy them now.

Finally, on the merits, Samsung's Reply does not dispute that Dr. Van Dam's opening Declaration analyzed irrelevant stock Android code and failed to discuss the Samsung code accused of infringement. Instead, the Reply improperly serves up a new, different non-infringement argument. That new argument is wrong too.

Samsung's Reply also mischaracterizes Dr. Balakrishnan's expert report and trial testimony relating to "edge detection" versus "centering." Samsung asserts that neither Apple nor the Court ever suggested such a distinction before the 2013 reexamination. Samsung's assertions are incorrect. Samsung fails to mention this Court's Order denying Samsung's prior JMOL /new trial motion, in which the Court expressly relied on Dr. Balakrishnan's testimony and confirmed that claim 19 requires "edge detection." Samsung's Reply also ignores its own 2012 testimony and court filings acknowledging that instructions for "edge detection" is a requirement of claim 19.

This Court should reject Samsung's gambit to derail the upcoming trial and should proceed with the trial to wrap up the district court proceedings in a true final judgment.

**ARGUMENT**

**I.   THE REPLY'S NEW ARGUMENTS CANNOT SAVE SAMSUNG'S TIME-BARRED REQUESTS.**

Samsung's Motion made no attempt to explain or justify the manifest untimeliness of its alternative requests. None of the arguments offered for the first time in Samsung's Reply makes either request timely.

APPLE'S SURREPLY TO SAMSUNG'S MOTION FOR NEW TRIAL OR FOR ENTRY OF JUDGMENT ON LIABILITY
CASE NO. 11-CV-01846-LHK (PSG)
sf-3316217

2

### A.     It Is Too Late For Any Section 1292(c) Appeal.

Samsung's Reply asserts that the *Bosch* district court "entered a *separate* 'Final Judgment Following Post Trial Motion Practice.'" (Dkt. No. 2352-3 at 14.) But Samsung omits a crucial part of that document's title. The complete title was "Final Judgment Following Post Trial Motion Practice *Pursuant To Fed. R. Civ. P. 54(b)*."[2] That partial judgment related only to the *Bosch* defendant's counterclaim of unenforceability. The document provided in full: "For the reasons stated in the court's opinion and order of March 9, 2011: IT IS ORDERED AND ADJUDGED that judgment be and is hereby entered in favor of plaintiff Robert Bosch, LLC and against defendant Pylon Manufacturing Corp. *as to Pylon's claim of unenforceability of U.S. Patent No. 6,292,974.*"[3] That document was necessary in *Bosch* to resolve the only remaining liability issue—the claim of unenforceability, which had not yet been the subject of any judgment.

But the document was expressly so limited. Contrary to the suggestion of Samsung's misquotation, the *Bosch* district court did not enter a general "judgment on liability" after resolution of the post-judgment motions. The *Bosch* district court had already finally resolved the infringement and invalidity issues by its Order ruling on other post-judgment motions.[4] Once the last of the liability issues – unenforceability – finally was resolved, the parties in *Bosch* each filed a notice of appeal from all those liability rulings.[5] And the Federal Circuit held the appeals were jurisdictionally proper because those rulings constituted a judgment that was "final except for an

---

[2] Final Judgment Following Post Trial Motion Practice Pursuant to Fed. R. Civ. P. 54(b), *Robert Bosch, LLC v. Pylon Mfg. Corp.*, No. 08-CV-542 (D. Del. Mar. 23, 2011) (Dkt. No. 396) (emphasis added).

[3] *Id.* (emphasis added).

[4] Order, *Robert Bosch, LLC v. Pylon Mfg. Corp.*, No. 08-CV-542 (D. Del. Nov. 3, 2010) (Dkt. No. 361).

[5] Pylon Manufacturing Corporation's Notice of Appeal to the United States Court of Appeals for the Federal Circuit, *Robert Bosch, LLC v. Pylon Mfg. Corp.*, No. 08-CV-542 (D. Del. Apr. 21, 2011) (Dkt. No. 397); Robert Bosch, LLC's Precautionary Notice of Appeal to the United States Court of Appeals for the Federal Circuit, *Robert Bosch, LLC v. Pylon Mfg. Corp.*, No. 08-CV-542 (D. Del. Apr. 21, 2011) (Dkt. No. 398).

APPLE'S SURREPLY TO SAMSUNG'S MOTION FOR NEW TRIAL OR FOR ENTRY OF JUDGMENT ON LIABILITY
CASE NO. 11-CV-01846-LHK (PSG)
sf-3316217

3

accounting." 28 U.S.C. § 1292(c)(2). *Robert Bosch, LLC v. Pylon Mfg. Corp.*, No. 2011-1363, 2013 WL 2664281, at *1 (Fed. Cir. June 14, 2013) (en banc).

Here, the last of the liability issues was finally resolved by this Court's Order of January 29, 2013, ruling on the post-judgment motions related to liability. (Dkt. No. 2345-1 at 17-18.) To be sure, as Samsung notes (Dkt. No. 2352-3 at 13-14), this Court's August 24, 2012, judgment included both liability and damages rulings. But if the non-bifurcation of liability and damages has any relevance here, it means that Section 1292(c)(2) does not apply at all. (Dkt. No. 2345-1 at 17 (citing *Bosch*, 2013 WL 2664281, at *12.)) And if Section 1292(c)(2) does apply, it was this Court's January 29, 2013, Order that created a judgment that was "final except for an accounting." 28 U.S.C. § 1292(c)(2). That was when the last remaining post-judgment motion not related to an accounting was resolved. *See* Fed. R. App. P. 4(a)(4)(A). Any interlocutory appeal thus had to be filed within 30 days of January 29, 2013. *Ortiz v. Jordan*, 131 S. Ct. 884, 891 (2011) (appeal from interlocutory order must be filed within 30 days); *Bowles v. Russell*, 551 U.S. 205, 209-10 (2007) (time to appeal is jurisdictional and cannot be extended); 28 U.S.C. § 2107(c) (exceptions not applicable here). Samsung has no response to *Ortiz* or *Bowles*.

For the first time, Samsung's Reply cites a string of decisions to try to support the timeliness of its Motion. (Dkt. No. 2352-3 at 2-3, 14.) Samsung argues that this Court's March 1, 2013, Order setting aside a portion of the damages verdict rendered the August 24, 2013, judgment "obsolete," thus requiring entry of an amended judgment to trigger the time to appeal. (*Id.* at 14.)[6] Samsung is wrong. This Court's grant of a new trial as to a portion of the *damages* did not make the judgment any less "final except for an accounting." 28 U.S.C. § 1292(c)(2). This Court's March 1, 2013, Order precluded only *complete* finality, and therefore any immediate appeal under Section 1295. *See* 28 U.S.C. § 1295(a) (patent provision parallel to 28 U.S.C. § 1291).

---

[6] Although Samsung's Reply refers to an Order dated March 5, 2013, no Order issued on March 5, 2013. Samsung's argument relates to the Order issued on March 1, 2013. (Dkt. No. 2271.)

APPLE'S SURREPLY TO SAMSUNG'S MOTION FOR NEW TRIAL OR FOR ENTRY OF JUDGMENT ON LIABILITY
CASE NO. 11-CV-01846-LHK (PSG)
sf-3316217

4

None of the Reply's newly cited decisions involves an interlocutory appeal of a patent case under Section 1292(c)(2). (*See* Dkt. No. 2352-3 at 2-3, 14.) Indeed, the only Ninth Circuit decision the Reply cites for its timeliness arguments is not even a civil case. *See United States v. Recio*, 371 F.3d 1093, 1105 n.11 (9th Cir. 2004) (footnote in criminal case involving double jeopardy). The decisions in *Allegheny* and *Ford* merely stand for the unremarkable proposition that complete finality is lacking for an appeal under Section 1291 if a district court grants a new trial. *Ford Motor Co. v. Busam Motor Sales*, 185 F.2d 531, 533-34 (6th Cir. 1950); *Allegheny Cnty. v. Maryland Cas. Co.*, 132 F.2d 894, 897-98 (3d Cir. 1943); *see Peterman v. Indian Motorcycle Co.*, 216 F.2d 289, 291 (1st Cir. 1954) (same in dicta). *LeBoon* and *Employers Insurance* likewise only addressed appeals from final judgments in civil cases under Section 1291. *See LeBoon v. Lancaster Jewish Cmty. Ctr.*, 503 F.3d 217, 222-24 (3d Cir. 2007); *Emp'rs Ins. of Wausau v. Titan Int'l, Inc.*, 400 F.3d 486, 89 (7th Cir. 2005). Contrary to Samsung's suggestion, neither holds that this Court's partial grant of a new trial on *damages* makes the liability rulings here any less "final except for an accounting." 28 U.S.C. § 1292(c)(2).

Most on point here, there was no general "judgment on liability" entered after the post-judgment rulings in *Bosch*, yet the Federal Circuit found jurisdiction under Section 1292(c)(2). *See supra* pp. 3-4. Samsung suggests in a footnote that the pendency of the *en banc* proceeding in *Bosch* created "uncertainty." (Dkt. No. 2352-3 at 13 n.20.) If anything, the pendency of that proceeding should have highlighted the need to note an appeal in this case to protect any claim to such an appeal. It was unnecessary to await the *Bosch* decision's "analytical framework" to do that. (*Contra id.*) Indeed, as the *Bosch* majority observed, its holding was consistent with "at least twenty-five years" of precedent. *Bosch*, 2013 WL 2664281, at *9.

Samsung's efforts to take a piecemeal appeal are simply too late. Even if Section 1292(c)(2) applied here, any such appeal is time barred. No order from this Court could change that.

### B. It Also Is Too Late For A Rule 59 Motion.

The Reply (again for the first time) relies on many of the same decisions discussed above to argue that the Motion is timely under Rule 59. (Dkt. No. 2352-3 at 3.) But the newly cited

APPLE'S SURREPLY TO SAMSUNG'S MOTION FOR NEW TRIAL OR FOR ENTRY OF JUDGMENT ON LIABILITY
CASE NO. 11-CV-01846-LHK (PSG)
sf-3316217

5

decisions are equally unavailing as to Rule 59. As discussed (*see supra* pp. 4-5), the cases cited on pages 2-3 of the Reply stand at most for the proposition that when a new trial is granted, there is no completely final judgment immediately appealable under Section 1291. Those decisions do not involve the timeliness of Rule 59 motions. *See, e.g.*, *Recio*, 371 F.3d at 1105 n.11; *Ford Motor Co.*, 185 F.2d at 533-34; *Peterman*, 216 F.2d at 291; *Allegheny Cnty.*, 132 F.2d at 897-98. They thus cannot establish the timeliness of Samsung's current Motion, which seeks a new liability trial more than 10 months after entry of the judgment that the Motion challenges.

Samsung cites only one decision that actually addresses the timeliness of a Rule 59 motion. (Dkt. No. 2352-3 at 3 (citing *SK hynix*, 2013 WL 1915865).) But the situation in *SK hynix* was different. There, the district court allowed a Rule 59 motion because the Federal Circuit had vacated the liability judgment and remanded to the district court. *SK hynix*, 2013 WL 1915865, at *2, *13. Here, there has been no appeal of the liability judgment, much less any vacatur of it by the Federal Circuit.

Furthermore, the only authority relied on by the district court in *SK hynix* does not support that court's timeliness conclusion. *SK hynix*, 2013 WL 1915865, at *13 (citing *Contempo Metal Furniture Co. v. E. Tex. Motor Freight Lines, Inc.*, 661 F.2d 761, 764 n.1 (9th Cir. 1981)). *Contempo* involved a Rule 59 motion filed after the district court announced its intended ruling, but before any judgment ever had been entered. *See Contempo Metal Furniture Co.*, 661 F.2d at 764 n.1. *Contempo* did not address a situation where the judgment had been entered and the 28 days to challenge it under Rule 59 already had run.

Unlike the motion in *Contempo*, Samsung's Motion is late, not early. This Court entered judgment on August 24, 2012. (Dkt. No. 1933.) The Court then enforced the 28-day time limit for post-judgment motions. (Dkt. No. 1945.) By Order dated August 28, 2012, the Court required all post-judgment motions, including under Rule 59, to be filed by a date certain, September 21, 2012. (*Id.*) That due date was 28 days from the August 24 judgment. Samsung thus is wrong that Apple "is glossing over the facts." (Dkt. No. 2352-3 at 2.) Even setting the Federal Rules aside, Samsung's motion is late under the terms of this Court's Order.

APPLE'S SURREPLY TO SAMSUNG'S MOTION FOR NEW TRIAL OR FOR ENTRY OF JUDGMENT ON LIABILITY
CASE NO. 11-CV-01846-LHK (PSG)
sf-3316217

6

1    But the Federal Rules cannot be set aside. They establish a strict 28-day period after entry
2 of judgment to file post-judgment motions under Rule 59. Indeed, as Apple noted, the Rules
3 expressly forbid district courts from extending the time to file Rule 59 motions. (Dkt. No. 2345-3
4 at 3 (citing Fed. R. Civ. P. 6(b).) Samsung has no response to that. This Court correctly enforced
5 the Rules. It should not let Samsung flout them now.[7]

## II.   THE REPLY'S NEW ARGUMENTS ON THE MERITS OF ITS RULE 59 MOTION ARE BOTH WRONG AND UNTRUE.

If this Court does consider the merits of Samsung's untimely Rule 59 motion, the Reply's new arguments are both untrue and incorrect.[8]

### A.   The Reply's New Non-Infringement Theories Are Incorrect.

In Reply, Samsung does not dispute that Dr. Van Dam did not review Samsung's code before filing his original Declaration in support of this Motion. Instead, the Reply concocts a new non-infringement theory for Browser, abandoning arguments based on what Samsung and Dr. Van Dam concede was analysis of the wrong code— ███████ —and presents a revamped argument for Gallery, both based on an improper, new Reply Declaration from Dr. Van Dam. (*See* Declaration of Ravin Balakrishnan, Ph.D. in Further Support of Apple's

---

[7] Samsung makes no serious effort to convert its motion to one under Rule 60(b), so this Court should not go to the extra effort of treating it as one. (*See* Dkt. No. 2352-3 at 3 n.1.)

[8] The Reply unsuccessfully attempts to rehabilitate the three decisions Samsung claims support its reliance on reexamination statements made *after* trial. First, Samsung concedes, as it must, that *Standard Havens* held only that the appellants had made out a "substantial case." (Dkt. 2352-3 at 4 (quoting *Standard Havens Prods., Inc. v. Gencor Indus., Inc.*, 897 F.2d 511, 515 (Fed. Cir. 1990))). As the Federal Circuit explained, that could mean it fell anywhere on the wide spectrum between "a strong likelihood of success" and a "better than negligible chance" of success. *Standard Havens*, 897 F.2d at 515. As to whether the statements there were "newly discovered evidence," the Federal Circuit stated only that the appellants had "raise[d] serious questions of law." *Id.* Second, Samsung does not (and cannot) dispute that the *SK hynix* district court merely "assum[ed]," without deciding, that post-trial reexamination statements could be newly discovered evidence. *SK hynix*, 2013 WL 1915865, at *13. Finally, Samsung does not dispute (Dkt. 2352-3 at 4-5) that many, if not all, of the reexamination statements relied on in *TDM America* actually were made before summary judgment was granted. *See TDM Am., LLC v. United States*, 100 Fed. Cl. 485, 491 (2011). Samsung asserts simply that one statement was made on June 17, 2010, after the April 27, 2010, judgment. (Dkt. 2352-3 at 5.) But in that June 2010 statement, the examiner merely "maintained his position" that he had taken in statements made before the judgment. *TDM Am.*, 100 Fed. Cl. at 489.

APPLE'S SURREPLY TO SAMSUNG'S MOTION FOR NEW TRIAL OR FOR ENTRY OF JUDGMENT ON LIABILITY
CASE NO. 11-CV-01846-LHK (PSG)
sf-3316217

7

1  Opposition to Samsung's Motion for New Trial ("Balakrishnan Supp. Decl.") ¶¶ 5, 9-13.) Apple
2  respectfully suggests that the Court should disregard arguments made for the first time on Reply.
3  Even if considered, they are as unfounded as those in Samsung's Motion.
4  　　　　Dr. Van Dam apparently has now reviewed two pages of Samsung's Browser code, but he
5  has failed again to rebut Apple's proof of infringement. Dr. Van Dam's Reply Declaration cites a
6  ████████████████████████████████████████████ but that has nothing
7  to do with ████████████████████████████████████████
8  ████████████ (*Id.* ¶¶ 16-19.) Although Dr. Van Dam tries to cloud the issue by asserting that
9  ████████████████████████████████████████████████████████
10 ████████████████████████████████████████████████████ (Dkt.
11 No. 2352-4 ¶ 11.) In other words, Browser ████████████████████████████
12 ████████████████████ (Dkt. No. 2345-2 ¶¶ 21-28; Balakrishnan Supp. Decl. ¶¶ 14-15.)
13 Samsung has never refuted Apple's demonstration at trial that Browser performs edge detection
14 and alignment, not "centering." Indeed, Samsung has been unable to show the Court any function
15 that provides even the illusion of centering rather than aligning the edge of a web page to the
16 screen edge.
17 　　　　For the Gallery application, Dr. Van Dam now belatedly has acknowledged that
18 ████████████████████ which Dr. Balakrishnan described at trial, and not ████████████
19 ████████████████████████████████████████████████████████
20 ████████████ But his new arguments about the code and two new irrelevant videos do not rebut
21 Apple's proof of infringement. (Balakrishnan Supp. Decl. ¶¶ 3-12.) ████████████████
22 ████████████████████████████████████████████████████████
23 ████████████████████████ The issue for infringement is whether the instructions
24 can detect the edge of the document and align the edge with the screen upon release. (*Id.* ¶¶ 3-8.)
25 ████████████████████████████████████████████████
26 　　　　Dr. Van Dam's suggestion that ████████████████████████████████
27 ████████████████████████████████████████ is also plainly wrong. (*Id.* ¶ 6.)
28 ████████████████████████████████████████████████████████

APPLE'S SURREPLY TO SAMSUNG'S MOTION FOR NEW TRIAL OR FOR ENTRY OF JUDGMENT ON LIABILITY
CASE NO. 11-CV-01846-LHK (PSG)
sf-3316217

8

1  ████████████████████████████████████████████████████████████

2  ████████████████████████████████████████████████████████████

3  ██████████████████████████████████  Use of the accused products confirms this fact.

4  (*Id.* ¶¶ 16, 19.)

Dr. Van Dam's new Reply videos confirm the weakness of Samsung's arguments. His first new video is a variant of the one filed with his opening Declaration: the new video shows that an image *smaller than* the screen in one axis (or direction) will bounce back to a centered position if pulled beyond the edge of the screen along that same axis and then released. (Dkt. No. 2352-5.) Dr. Van Dam still has no rebuttal to the infringement case proved at trial, in which an image *larger than* a screen on all axes (or directions) is pulled past the edge of the document and released. (Balakrishnan Supp. Decl. ¶¶ 9-10.) His second reply video is simply another example of the "hold still" defense that Dr. Van Dam declined to endorse at trial and that this Court expressly rejected in denying JMOL. (Dkt. No. 2220 at 20; Balakrishnan Supp. Decl. ¶¶ 11-12.) This "hold still" video underscores that Samsung's motion is not based on "new evidence" or surprise.

### B. The Argument That Samsung Could Not Have Been Aware Of Apple's Claim Construction Position Is Untrue.

Samsung's Reply argument that it could not have been aware of Apple's position that claim 19 required "instructions" for edge detection is demonstrably false. Samsung's argument is belied not only by Apple's expert reports and trial testimony, but by Samsung's own testimony, its 2012 JMOL/new trial motion, and this Court's Order denying JMOL on liability.

Dr. Balakrishnan's expert report and trial testimony plainly put forward the position that Samsung claims is "new evidence": that computer instructions and edge detection might be relevant to claim 19. (Dkt. No. 2352-3 at 9-10). In denying Samsung's motion for JMOL, this Court relied on that very testimony from Dr. Balakrishnan, and emphasized the distinction between "edge detection" and "centering" that Samsung contends was first raised in 2013 in the Reexamination:

APPLE'S SURREPLY TO SAMSUNG'S MOTION FOR NEW TRIAL OR FOR ENTRY OF JUDGMENT ON LIABILITY
CASE NO. 11-CV-01846-LHK (PSG)
sf-3316217

9

> *Dr. Balakrishnan testified that TableCloth does not respond to the edge of an electronic document as required by claim 19. See 3631:14-3634:19. . . . This testimony alone is sufficient to support the jury's finding that TableCloth does not anticipate claim 19. . . .*
>
> *Dr. Balakrishnan also provided testimony sufficient to support the jury's finding that LaunchTile does not anticipate claim 19. He testified that LaunchTile fails to meet the limitations of claim 19 of the '381 Patent because LaunchTile does not respond "to the edge of the electronic document being reached," as required by the claim. Tr. 3634:20-3635:18. Instead, Dr. Balakrishnan testified that LaunchTile tracks the center of the document. Id. Dr. Balakrishnan also testified that . . . although LaunchTile may sometimes appear to be responding to an edge as required by claim 19, in fact it is not. In sum, Dr. Balakrishnan's testimony constituted substantial evidence in the record to support the jury's finding of non-anticipation.*

(Dkt. No. 2220 at 23-24 (emphasis added).)

Samsung's Reply is also contradicted by its own prior filings. Samsung's interpretation of claim 19 at trial was consistent with the claim's construction in Reexamination. When it sought JMOL of invalidity in 2012, Samsung acknowledged that claim 19 required instructions for detecting and responding to a document "edge":

> Apple incorrectly claims that the prior art that invalidates these patents has missing claim elements. Opp. 10-11. [Dkt. No. 2050] . . . *The '381 patent prior art, Tablecloth and LaunchTile, both detect and respond to a document edge.* RT 2862:9-2863:21.

(Dkt. No. 2131 at 9-10 (citing Van Dam testimony that prior art snaps back to the edge) (emphasis added).) Samsung also argued that Apple had failed to prove infringement of claim 19:

> To establish infringement, Apple must show the presence of every limitation in the accused product. . . and for the Contacts application the record contains no source code evidence. . . . This fails to meet Apple's burden of proof.

(Dkt. No. 2013 at 13.) This is the same argument Samsung makes now. (Dkt. No. 2352-3 at 9, 12-13.) Samsung's Contacts application plainly detects and bounces to the "edge" of a list, just like the Apple products Samsung copied. It does not give even the appearance of "centering." Dr. Balakrishnan testified that Contacts infringed; the jurors examined the products and agreed. Samsung knows how its Contacts code works, but has never identified *any* non-infringement

APPLE'S SURREPLY TO SAMSUNG'S MOTION FOR NEW TRIAL OR FOR ENTRY OF JUDGMENT ON LIABILITY
CASE NO. 11-CV-01846-LHK (PSG)
sf-3316217

10

defense. It does not do so now, but instead makes the identical "insufficient proof" argument this Court properly rejected in 2012. (Dkt. No. 2220 at 15, 19-20.) There is no defense for Apple to refute.

Samsung's Reply arguments based on Dr. Balakrishnan's Preliminary Injunction Declaration are a red herring. At the time of the preliminary injunction motion, Samsung had not produced any source code. Dr. Balakrishnan opined that, given the behavior of the accused products, they would contain infringing instructions. He never asserted that the code was irrelevant, as Samsung suggests. (Dkt. No. 2352-3 at 7-8.) In any event, his later expert report and trial testimony left no doubt about Apple's contentions. (Dkt. No. 2338-13 ¶¶ 53-55, 87; Trial Tr. at 1741-1754.) There is no "new evidence" or surprise.

**CONCLUSION**

For the foregoing reasons and those in Apple's Opposition, Samsung's Motion should be denied.

Dated: August 8, 2013                    MORRISON & FOERSTER LLP

                                         By:  */s/ Harold J. McElhinny*
                                              HAROLD J. MCELHINNY

                                              Attorneys for Plaintiff
                                              APPLE INC.