| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781)<br>hmcelhinny@mofo.com<br>MICHAEL A. JACOBS (CA SBN 111664)<br>mjacobs@mofo.com<br>RACHEL KREVANS (CA SBN 116421)<br>rkrevans@mofo.com<br>ERIK OLSON (CA SBN 175815)<br>eolson@mofo.com<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, California  94105-2482<br>Telephone:  (415) 268-7000<br>Facsimile:  (415) 268-7522 | WILLIAM F. LEE<br>william.lee@wilmerhale.com<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>60 State Street<br>Boston, MA 02109<br>Telephone: (617) 526-6000<br>Facsimile: (617) 526-5000<br><br>MARK D. SELWYN (SBN 244180)<br>mark.selwyn@wilmerhale.com<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>950 Page Mill Road<br>Palo Alto, California 94304<br>Telephone: (650) 858-6000<br>Facsimile: (650) 858-6100 |
| Attorneys for Plaintiff and<br>Counterclaim-Defendant APPLE INC. | |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>            Plaintiff,<br><br>      v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>            Defendants. | Case No.   11-cv-01846-LHK (PSG)<br><br>**DECLARATION OF RAVIN BALAKRISHNAN, PH.D. IN FURTHER SUPPORT OF APPLE'S OPPOSITION TO SAMSUNG'S MOTION FOR NEW TRIAL REGARDING '381 PATENT PURSUANT TO RULE 59 BASED ON "NEWLY DISCOVERED EVIDENCE" OR, ALTERNATIVELY, FOR ENTRY OF JUDGMENT OF LIABILITY** |

**\*\*HIGHLY CONFIDENTIAL – CONTAINS MATERIAL DESIGNATED AS HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE PURSUANT TO A PROTECTIVE ORDER\*\***

**PUBLIC REDACTED VERSION**

I, Ravin Balakrishnan, Ph.D., do hereby declare as follows:

1. I am a tenured Professor in the Department of Computer Science at the University of Toronto, and have been asked by counsel for Apple Inc. ("Apple") to provide further opinions regarding the opinions of Andries Van Dam submitted in support of the new trial motion filed by Defendants Samsung Electronics Co. Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung"). Dr. Van Dam's opinions are set out in his declaration submitted with Samsung's motion for a new trial ("Van Dam Declaration") and his supplemental declaration submitted with Samsung's reply ("Van Dam Reply Declaration"). My opinions regarding Dr. Van Dam's new, post-trial arguments are set forth in my declaration in support of Apple's opposition to Samsung's new trial motion ("Balakrishnan Declaration") and below in this declaration. Contrary to Samsung's and Dr. Van Dam's suggestions, my opinions regarding the Gallery, Browser, and Contacts applications' infringement of the United States Patent No. 7,469,381 ("the '381 patent") are not new; I have articulated them consistently in my expert report, my trial testimony, and again in the Balakrishnan Declaration and this declaration.

2. I reserve the right to supplement or amend this declaration if additional data or other information that affects my opinions becomes available. I may testify at a hearing or at trial regarding the matters expressed in this declaration and any supplemental declarations that I may prepare for this litigation. I also may prepare and rely on audiovisual aids to demonstrate various aspects of my testimony at a hearing. I also may testify with respect to any matters addressed by any expert testifying on behalf of Samsung, if asked to do so.

## I. GALLERY APPLICATION

### A. Dr. Van Dam Incorrectly Analyzes the Gallery Application Code

3. In the Van Dam Reply Declaration, Dr. Van Dam reiterates his arguments that the Gallery application does not infringe the '381 patent. Despite now claiming to have now performed a "detailed analysis of the source code," except for references to a couple of Browser code line numbers and a reference to a Browser comment discussed below, Dr. Van Dam provides no Bates numbers nor line numbers to enable review of his arguments regarding how the

DECL. OF RAVIN BALAKRISHNAN, PH.D. IN FURTHER SUPPORT OF APPLE'S OPP'N TO MOT. FOR NEW TRIAL
CASE NO. 11-CV-01846-LHK (PSG)

1

1  code operates.  (Van Dam Reply Declaration ¶¶ 5-6.)  Regardless, Dr. Van Dam's analysis of the
2  Gallery application code is incorrect, as I demonstrated in the Balakrishnan Declaration and as I
3  detail below.  A review of the Gallery application source code clearly shows that the Gallery
4  application performs edge alignment, not centering.
5      4.      In his reply declaration, Dr. Van Dam now concedes that ███████
6  ████████████████████████████████████████████████████████████████████
7  ████████████████████████████████████████████████████████████
8  ██████████████████████████████████████████████████  (Van Dam
9  Reply Declaration ¶¶ 6-7.)  Thus Dr. Van Dam concedes that ███████████████████
10 ████████████████████████████████████████████████████████████████████
11 ████████████████████████████████████████████████████████████████████
12 █████████████████████████████████
13     5.      In the Van Dam Reply Declaration, Dr. Van Dam for the first time provides █
14 ███████████████████████████████████████████████ (*Cf.* Van Dam
15 Declaration ¶ 34 *with* Van Dam Reply Declaration ¶ 6.)  According to Dr. Van Dam,
16 ████████████████████████████████████████████████████████████████████
17 ████████████████████████████████████████████████████████████████████
18 █████████████████████████████████  This analysis is incorrect for multiple reasons.
19     6.      First, even if a method ███████████████████████████████████████
20 ████████████████████████████████████████████████████████████████████
21 ████████████████████████████████████████████████████████████████████
22 ████████████████████████████████████████████████████████████████
23 ███████████████  See Figures 1 and 2, attached as Exhibit A.
24     7.      Second, Dr. Van Dam is incorrect that ████████████████████████████
25 ████████████████████████████████████████████████████████████████████
26 ████████████████████████████████████████████████████████████████████
27 (Van Dam Reply Declaration ¶ 6.)  It does not.  As I demonstrated in my expert report, at trial,
28 and in the Balakrishnan Declaration, the ███████████████████████████, and in particular the

DECL. OF RAVIN BALAKRISHNAN, PH.D. IN FURTHER SUPPORT OF APPLE'S OPP'N TO MOT. FOR NEW TRIAL
CASE NO. 11-cv-01846-LHK (PSG)

2

1 ▮▮▮▮▮▮ code that Apple cited in PDX 27.31, are instructions to ▮▮▮▮

2 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

3 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Balakrishnan Declaration ¶

4 16; *see* SAMNDCA-C000007782-83, -8175-77, -8002-03.)

5       8. Third, Dr. Van Dam attempts to cover up the obvious flaws of his analysis by

6 coining the term ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

7 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Van Dam Reply Declaration ¶ 6.)  The phrase

8 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ nor does the method

9 refer to anything similar, (SAMNDCA-C000007782-83, -8175-77, -8002-03), and Dr. Van Dam

10 provides no explanation of what he means by ▮▮▮▮▮▮ (Van Dam Reply Declaration ¶

11 6). Based on my analysis of the code and the behavior of the accused products, what Dr. Van

12 Dam is calling the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

13 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

14 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

15 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

16 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

17 ▮▮▮▮▮ (*See* Balakrishnan Declaration ¶ 16.)

18     **B.  Dr. Van Dam's New Videos are Irrelevant**

19       9. Dr. Van Dam also offers two new videos, which he claims demonstrate that the

20 Gallery application does not infringe the '381 Patent.  Neither of these videos, offered for the first

21 time in connection with Samsung's Reply on its motion for a new trial, addresses the scenario that

22 I analyzed as the infringement scenario and showed at trial:  that when an image is zoomed-in so

23 that it is larger than the screen height and width, dragged beyond the screen edge, and then

24 released, the Gallery application moves that image back so that it is edge-aligned.  (Balakrishnan

25 Declaration ¶¶ 9-10 and Ex. B (PX 64).)  The video of that scenario clearly shows that the image

26 is edge-aligned and not centered.  (*See* Balakrishnan Declaration Ex. B (PX 64).)  Because Dr.

27 Van Dam's videos do not address the scenario that Apple put forward as the infringement

28 scenario, they are irrelevant.

DECL. OF RAVIN BALAKRISHNAN, PH.D. IN FURTHER SUPPORT OF APPLE'S OPP'N TO MOT. FOR NEW TRIAL
CASE NO. 11-CV-01846-LHK (PSG)

3

1   10.   Dr. Van Dam's first video, showing a "slightly zoomed image" where the image height is greater than the screen height but the image width is less than the screen width, is not the scenario that Apple demonstrated infringes. (Van Dam Reply Declaration Ex. 1.) However the Gallery application handles a "slightly zoomed image" that is smaller than the screen on the axis being translated, Dr. Van Dam cannot show that the Gallery application's handling of an image zoomed-in so that it is larger than the screen in both dimensions does not align the image to the screen edge if the image is dragged beyond the edge and released. (*See* Balakrishnan Declaration Ex. B (PX 64).) This was the scenario that was presented to the jury, and upon which the jury found infringement. Exhibit 1 is simply a different scenario. Moreover, in the example shown in Reply Declaration Exhibit 1, if the image is pulled beyond its edge along the axis that is larger than the screen and then released, the image will bounce back to align that edge with the screen, and will not "center" the underlying document.

11.   Dr. Van Dam's second video, showing the zoomed image holding still, is a reprise of Samsung's "hold still" defense presented at trial and rejected by the jury. (Van Dam Reply Declaration Ex. 2.) It also does nothing to change the fact that Gallery has instructions that meet all of the limitations in claim 19. (*See* PX 31 and 64 and my trial demonstratives and trial testimony.)

12.   Moreover, because Dr. Van Dam concedes that the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ he also concedes that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Van Dam Reply Declaration ¶¶ 6-7.) As the video of the infringing scenario shows, the Gallery application does indeed align a zoomed-in image to the edge of the screen when it is dragged beyond the edge and released. (*See* Balakrishnan Declaration Ex. B (PX 64).)

**II.   BROWSER APPLICATION**

   **A.   Dr. Van Dam Abandons His Theory that** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

13.   Despite flatly asserting in the Van Dam Declaration that "[t]he only code offered by Dr. Balakrishnan and Apple was ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

1  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
2  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (Van Dam Declaration ¶ 40), Dr. Van Dam now admits that the code
3  that Apple excerpted in PDX27.31 was from the ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
4  ▇▇▇▇ (Van Dam Reply Declaration ¶¶ 9-11).  In fact, Dr. Van Dam does not even mention the
5  ▇▇▇▇▇▇▇▇ in his reply declaration, in essence admitting that ▇▇▇▇▇▇▇▇▇, which
6  he discussed for eight paragraphs in his opening declaration, is not relevant to the analysis at all.
7  (*See* Van Dam Declaration ¶¶ 39-47 (discussing ▇▇▇▇▇▇▇▇ at length but never
8  mentioning ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.  Dr. Van Dam analyzes the relevant
9  ▇▇▇▇▇▇▇▇▇ for the first time in connection with Samsung's reply, only after his
10 analytical error was pointed out in my first declaration.  (*See* Balakrishnan Declaration ¶ 21.)

      **B.**    **Dr. Van Dam Incorrectly Analyzes the Browser Application Code**

12      14.    Dr. Van Dam's analysis of the ▇▇▇▇▇▇▇▇ is not only belated but also
13 flawed.  Dr. Van Dam argues that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
14 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (Van Dam Reply
15 Declaration ¶¶ 10-11.)  This is incorrect.

16      15.    As Dr. Van Dam notes, some portions of ▇▇▇▇▇▇▇▇▇▇▇▇
17 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (Van Dam Reply Declaration ¶ 11.)
18 However, Dr. Van Dam is incorrect that this means that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
19 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇  As I demonstrated in my expert report, at trial,
20 and in my first declaration, the code that Apple excerpted in PDX 27.31 is the ▇▇▇▇▇▇
21 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
22 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
23 (Balakrishnan Declaration ¶¶ 24-27.)  Further, as I discuss above, merely because a ▇▇▇▇
24 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
25 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
26 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
27 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
28 ▇▇▇▇  See Figures 3-A to 3-D, attached as Exhibit B.

DECL. OF RAVIN BALAKRISHNAN, PH.D. IN FURTHER SUPPORT OF APPLE'S OPP'N TO MOT. FOR NEW TRIAL
CASE NO. 11-CV-01846-LHK (PSG)

5

### C. Dr. Van Dam Misreads the Browser ███████

16. Dr. Van Dam relies on ████████████████████████████
████████████████████████████████████ (Van Dam Reply Declaration
¶ 12.) However, he █████████████████████████████████
██████████████
████████████████████████████
██████████
████████████████████████████
██████████████████████
(SAMNDCA-C00003544-45.)

17. ████████████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████████████████

18. ████████████████████████████████
████████████████████████████████████
████████████████████████████████████
██████████████████████

19. Thus, Dr. Van Dam is incorrect when he asserts that ██████
████████████████████████████████████
██████████████████████ (Van Dam Reply Declaration ¶
12.)

1   I declare under penalty of perjury under the laws of the United States of America that the
2   foregoing is true and correct and that this Declaration was executed this 6th day of August, 2013
3   in Washington, D.C.

_____
Ravin Balakrishnan

DECL. OF RAVIN BALAKRISHNAN, PH.D. IN FURTHER SUPPORT OF APPLE'S OPP'N TO MOT. FOR NEW TRIAL
CASE NO. 11-CV-01846-LHK (PSG)

7