HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK (PSG)<br><br>**APPLE'S MOTION FOR LEAVE TO FILE A SURREPLY TO SAMSUNG'S MOTION FOR NEW TRIAL REGARDING '381 PATENT PURSUANT TO RULE 59 BASED ON "NEWLY DISCOVERED EVIDENCE" OR, ALTERNATIVELY, FOR ENTRY OF JUDGMENT ON LIABILITY** |

Trying to persuade this Court to enter an improper "judgment on liability," Samsung's Reply omits part of the title of a document entered by the district court in *Robert Bosch, LLC v. Pylon Mfg. Corp.* Samsung claims that the *Bosch* district court entered a separate "Final Judgment Following Post Trial Motion Practice." (Dkt. No. 2352-3 at 14.) But the full title of that document was "Final Judgment Following Post Trial Motion Practice *Pursuant To Fed. R. Civ. P. 54(b).*"[1] That Rule 54(b) judgment related only to the *Bosch* defendant's counterclaim of unenforceability. No general "judgment on liability" was issued in *Bosch* after the post-judgment motions were resolved. Samsung is wrong in suggesting otherwise and in asking this Court to issue such a judgment. Apple thus moves for leave to file the accompanying surreply to correct the record in this regard and to respond to Samsung's misquotation.

Moreover, for the first time, Samsung's Reply cites multiple decisions to try to establish the timeliness of the alternative requests in Samsung's Motion. Given the glaring timeliness issues with both of Samsung's requests, the Motion should have addressed timeliness so that Apple could respond. Instead, Samsung's Motion was silent on its timeliness. Apple should be granted leave to rebut the Reply's newly cited decisions.

On the merits, Samsung's Reply does not dispute that Dr. Van Dam's opening Declaration analyzed irrelevant stock Android code and failed to discuss the Samsung code accused of infringement. Instead, Samsung's Reply now serves up a different, but erroneous, non-infringement argument, relying on an improper and completely new Reply declaration. Apple should be permitted leave to respond and explain why this new argument is wrong.

Samsung's Reply also mischaracterizes Dr. Balakrishnan's expert report and trial testimony relating to "edge detection" versus "centering." Samsung asserts that neither Apple nor the Court ever suggested such a distinction before the 2013 reexamination. Samsung's assertions are false. Samsung fails to mention this Court's Order denying Samsung's prior JMOL /new trial motion, in which the Court expressly relied on the Balakrishnan testimony and confirmed that

---

[1] Final Judgment Following Post Trial Motion Practice Pursuant to Fed. R. Civ. P. 54(b), *Robert Bosch, LLC v. Pylon Mfg. Corp.*, No. 08-CV-542 (D. Del. Mar. 23, 2011) (Dkt. No. 396) (emphasis added).

APPLE'S MOTION FOR LEAVE TO FILE SURREPLY TO SAMSUNG'S MOTION FOR NEW TRIAL OR FOR ENTRY OF JUDGMENT ON LIABILITY
CASE NO. 11-CV-01846-LHK (PSG)

1

claim 19 requires "edge detection." (Order, Dkt. No. 2220 at 23-24.) Samsung's Reply also ignores its own 2012 testimony and court filings acknowledging that instructions for "edge detection" are a requirement of claim 19. Apple should be permitted leave to file the accompanying surreply so that it can correct the errors and omissions in Samsung's filing.

Dated: August 8, 2013  MORRISON & FOERSTER LLP

By:  */s/ Harold J. McElhinny*
     HAROLD J. MCELHINNY

Attorneys for Plaintiff
APPLE INC.

APPLE'S MOTION FOR LEAVE TO FILE SURREPLY TO SAMSUNG'S MOTION FOR NEW TRIAL OR FOR ENTRY OF JUDGMENT ON LIABILITY
CASE NO. 11-CV-01846-LHK (PSG)

2