QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven (Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

  Kevin P.B. Johnson (Bar No. 177129)
  kevinjohnson@quinnemanuel.com
  Victoria F. Maroulis (Bar No. 202603)
  victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065-2139
Telephone:      (650) 801-5000
Facsimile:      (650) 801-5100

  Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO.,
LTD., SAMSUNG ELECTRONICS AMERICA,
INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>             Plaintiff,<br><br>        vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>             Defendant. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S OPPOSITION TO APPLE'S MOTION FOR LEAVE TO FILE A SURREPLY TO SAMSUNG'S MOTION FOR NEW TRIAL OR, ALTERNATIVELY, FOR ENTRY OF JUDGMENT ON LIABILITY**<br><br><br>**PUBLIC REDACTED VERSION** |

02198.51855/5460388.4

**Argument**

Apple's request for leave to surreply to nearly every argument raised in Samsung's motion should be denied.  Apple identifies no "new" arguments Samsung raised in its reply that were not responsive to arguments in Apple's opposition.  Moreover, Apple does not raise any arguments that affect the outcome of Samsung's underlying motion.

## I. APPLE SHOULD NOT BE PERMITTED TO SURREPLY TO SAMSUNG'S ARGUMENTS REGARDING THE TIMELINESS OF SAMSUNG'S MOTION

Despite peppering its proposed surreply with purported characterizations of Samsung's reply arguments as being "new" or having been raised "for the first time" on reply, in fact each of Samsung's reply arguments was *responsive to arguments Apple raised in its opposition brief*, and thus was appropriate for a reply brief and do not justify a surreply.  *See*, *e.g.*, *Thornton v. Cates*, 2013 WL 2902846, *1 (E.D. Cal. June 13, 2013) (striking plaintiff's surreply "because Defendants did not raise any new arguments in their reply brief, and Plaintiff did not provide any reason that his arguments could not have been made in his opposition to the motion for summary judgment.")

In its motion, Samsung moved under Rule 59 for a new trial on liability as to Apple's claims on the '381 patent in light of newly discovered evidence, or, alternatively, for entry of judgment on liability that would permit an immediate appeal to the Federal Circuit under 28 U.S.C. § 1292(c).  In its opposition, Apple argued that both requests were untimely.[1]  On reply, Samsung responded to Apple's timeliness arguments by explaining that (1) Samsung's Rule 59 motion is timely because any filing deadlines triggered by the August 24, 2012 judgment were vacated when the Court granted Samsung's earlier motion for new trial (Reply at 2-3); and (2) Samsung's alternative request for entry of judgment on liability is timely because the August 24 judgment was not appealable under 28 U.S.C. § 1292(c) and, in any event, because that judgment was vacated in light of the post-trial rulings (*id*. at 13-14).  Unremarkably, Samsung cited authorities in support of its timeliness arguments.  None of this was "new" or unfair to Apple.  It was simply the proper use of a reply brief.

Moreover, Apple's reliance on Samsung's purported "omission" of the full title of a docket

---

[1]   To the extent Apple felt it had a viable timeliness challenge to Samsung's motion, it was Apple's obligation to raise that challenge in its opposition brief.  *See Eberhart v. United States*, 546 U.S. 12, 18 (2005) ("failure to object to untimely submissions entails forfeiture of the objection"); *Lizardo v.*

SAMSUNG'S OPPOSITION TO APPLE'S MOTION FOR LEAVE TO FILE A  SURREPLY TO SAMSUNG'S
MOTION FOR NEW TRIAL OR. ALTERNATIVELY. FOR ENTRY OF JUDGMENT ON LIABILITY

1   entry from *Robert Bosch* does not support authorizing Apple's proposed surreply. As an initial matter,

2   a surreply is not warranted because Apple already provided the full title of that docket entry in its

3   opposition brief. *See* Opp. 18 n.5 (citing *Robert Bosch* Dkt. 396, "Final Judgment Following Post

4   Trial Motion Practice Pursuant to Fed. R. Civ. P. 54(b)"). In any event, the title of the docket entry is

5   not the salient issue; rather, the docket entry is relevant because, as the Federal Circuit recognized, it

6   rendered judgment final on all liability issues (but not damages), thus permitting an appeal under

7   Section 1292(c)(2). *See Robert Bosch LLC v. Pylon Manuf. Corp.*, __ F.3d __, 2013 WL2664281

8   (Fed. Cir. June 14, 2013) ("Following a jury trial on liability and motions for judgment as a matter of

9   law, the district court entered judgment on the liability issues.").

10          Here, the August 24 judgment (the only judgment that has been entered in this case) pertained

11  to both liability *and* damages, and thus, as Samsung has explained (Reply at 13-14), that judgment—

12  unlike the judgments in *Robert Bosch*—was not appealable under Section 1292(c)(2). Entry of a new

13  judgment on liability only (as Samsung seeks here) is therefore necessary before an appeal can lie

14  under Section 1292(c)(2) and the clock can begin to run on the time to file that appeal. This is so

15  regardless of whether the Court was required to enter an amended judgment following resolution of

16  post-trial motions. Apple's opportunistic use of Samsung's inadvertent omission of the full title of the

17  Rule 54(b) judgment in *Robert Bosch* thus should be rejected, as it has no effect on the outcome of

18  this motion, and cannot justify the expansive surreply Apple seeks to file.

19          Finally, none of Apple's arguments or authorities offered in its proposed surreply shows that

20  either of Samsung's requests is untimely. In particular, Apple still cannot muster a single case holding

21  that the August 24 judgment remains viable following the Court's order granting a new trial. Apple

22  fails to explain why the principle articulated in *Allegheny Cty. v. Maryland Cas. Co.*, 132 F.2d 894,

23  896 (3d Cir. 1943), and *Ford Motor Co. v. Busam Motor Sales*, 185 F.2d 531, 533-34 (6th Cir.

24  1950)—that an order granting new trial necessarily vacates a judgment entered on the jury's verdict—

25  does not apply with equal force in the Rule 59 context. Contrary to Apple's suggestion, neither

26  *Allegheny* nor *Ford* is limited to Section 1291—a statute that neither decision even cites. And the fact

27  that an appellate court, not a district court, ordered a new trial in *SK hynix Inc. v. Rambus Inc.*, 2013

28  WL 1915865, at *13 (N.D. Cal. May 8, 2013), had no bearing on the court's conclusion that a Rule 59

1    motion filed more than 28 days after a judgment that has been vacated is timely.  In any event, Apple

2    already has conceded that the Court may consider Samsung's new trial motion under Rule 60

3    regardless of whether it is timely under Rule 59.  Opp. 3 n. 1 (conceding that the "Court could choose

4    to treat Samsung's untimely Rule 59 motion as a motion under Rule 60(b)(2)").

5         In sum, because Apple's proposed surreply does not respond to any new arguments introduced

6    in reply and Apple's arguments in any event fail on the merits, Apple's request to file a surreply

7    should be denied.

8    **II.    APPLE SHOULD NOT BE PERMITTED TO SURREPLY TO SAMSUNG'S ARGUMENTS REGARDING THE MERITS OF ITS MOTION**

9

10        Before Apple filed its opposition, it had never presented any infringement theory for the

11   Gallery, Browser or Contacts applications under the new interpretation of claim 19.  Samsung's Reply

12   and the van Dam Reply declaration addressed Apple's new infringement arguments as permitted by

13   the Local Rules.[2]  Consequently, Apple's complaints that Samsung's Reply and the accompanying

14   declaration were improper are without merit.  Nevertheless, as explained below, Apple's new surreply

15   arguments on the merits confirm that Samsung should be granted a new trial on the '381 patent.

16        **A.    Apple Now Acknowledges That Claim 19 Was Narrowed Through Reexamination**

17        Apple's surreply abandons the argument that Apple did not narrow claim 19 during

18   reexamination.  Apple now claims that Samsung should have been aware of Apple's new claim

19   construction position because Dr. Balakrishnan's expert report and trial testimony suggested "that

20   computer instructions and edge detection **might** be relevant to claim 19."  (Surreply at 9) (emphasis

21   added).  Thus, Apple concedes that the narrow claim construction it advanced before the PTO was not

22   a requirement of claim 19 at the time of trial.  Apple also does not dispute that Dr. Balakrishnan took

23   opposite claim construction positions when arguing infringement and validity during the preliminary

24   injunction phase, in his expert report and during trial.  (Reply at 7-9.)  *See Amazon.com, Inc.*

25   *v.Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1351 (Fed. Cir. 2001) (citations omitted) ("A patent may

26   not, like a 'nose of wax,' be twisted one way to avoid anticipation and another to find infringement.").

27   _____

[2] Civil L.R. 7-11(c) ("Any reply to an opposition may include affidavits or declarations, as well as a
28   supplemental brief or memorandum under Civil L.R. 7-4.")

SAMSUNG'S OPPOSITION TO APPLE'S MOTION FOR LEAVE TO FILE A  SURREPLY TO SAMSUNG'S
MOTION FOR NEW TRIAL OR. ALTERNATIVELY. FOR ENTRY OF JUDGMENT ON LIABILITY

1   In short, Samsung cannot be faulted for not advancing non-infringement arguments based on a claim

2   construction that even Apple concedes did not exist at the time of trial.

3   **B.**     **The Jury Would Have Found Non-Infringement of the '381 Patent As Confirmed By Dr. Balakrishnan's Surreply Declaration**

4

5           Apple does not dispute that the infringement opinions in Dr. Balakrishnan's first declaration

6   were conclusory and should be stricken.  (Reply at 10-12.)  Instead, Apple tries to rehabilitate Dr.

7   Balakrishnan by submitting a brand new surreply declaration from him.  As explained below, Dr.

8   Balakrishnan's new declaration fares no better than his first and leads to only one conclusion – the

9   accused computer instructions perform centering, not edge detection.

10          **Gallery Application.**  Both experts agree that ████████████████████████████████████

11  ████████████████████████████████████████  for the Gallery application under new

12  claim 19.  In his surreply declaration, Dr. Balakrishnan addresses for the first time how ██████████

13  ███████████████████████████████.  Dr. Balakrishnan did not present this analysis much less

14  mention ████████████████████████████  in his expert report or during trial.  Yet this function is

15  now central to his infringement argument for new claim 19.

16          Dr. Balakrishnan agrees with Dr. van Dam ████████████████████████████████████████

17  ████████████████████████████████████████████████████████████████████████████████

18  ████████████████████  But Dr. Balakrishnan then ignores that fact and simply concludes that the

19  computer instructions are ████████████████████████████████████████████████████████████

20  ████████████████████████████.  Dr. Balakrishnan's conclusion is incorrect.  As Dr.

21  van Dam explained, ████████████████████████ ████████████████████  (van Dam Decl. ¶¶ 31-38;

22  van Dam Reply Decl. ¶¶ 5-8.)

23          Indeed, Dr. Balakrishnan's conclusion is completely undermined by Dr. van Dam's video

24  showing a slightly zoomed image being centered in the Gallery application.  (van Dam Reply Decl.

25  Ex. 1.)  Dr. Balakrishnan does not dispute that the image in this video is being centered and that the

26  computer instructions that cause this to occur perform centering, not edge alignment.  However, he

27  claims this video is "irrelevant" because it is not the scenario Apple demonstrated at trial.

28  (Balakrishnan Surreply Decl. ¶¶ 9-10.)  To the contrary, this video is extremely relevant because the

02198.51855/5460388.4

-4-                                      Case No. 11-cv-01846-LHK

SAMSUNG'S OPPOSITION TO APPLE'S MOTION FOR LEAVE TO FILE A  SURREPLY TO SAMSUNG'S MOTION FOR NEW TRIAL OR. ALTERNATIVELY. FOR ENTRY OF JUDGMENT ON LIABILITY

1  same computer instructions are used to realign the images in the allegedly infringing scenarios Dr.

2  Balakrishnan presented at trial and Dr. van Dam's video, and Dr. van Dam's video clearly shows that

3  ████████████████████████████████. Consequently, this video is undisputed proof that ████

4  ████████████████████████████████

5      **Browser Application.**  Both experts agree that ██████████████████████████████

6  ████████ relevant to the infringement analysis of the Browser application under new claim 19.[3]  As

7  with the Gallery code, Dr. Balakrishnan now concedes that the relevant ████████████████████████

8  ████████████████████████████████████████████████████████████████████

9  ████████████████████████████████████████████████████████████████████

10  ████████  Once again, Dr. Balakrishnan simply ignores the function of the relevant instructions and

11  provides a conclusory opinion ████████████████████████████████████████ (Balakrishnan

12  Surreply Decl. ¶¶ 9.)  Dr. Balakrishnan's analysis is incorrect.  As the code itself states, ██████████

13  ████████████████████████████████ (van Dam Decl. ¶¶ 39-47; van Dam Reply Decl. ¶¶ 9-

14  14.)

15      **Contacts Application:**  Apple and its expert still fail to identify **any** instructions that meet the

16  requirements of new claim 19 for the Contacts application.  Thus, a new trial should be granted with

17  respect to all products accused of infringing the Contacts Application.  (Reply at 13.)

18

19

20

21

22

23

24

25

26

---

27  [3] Apple makes much of Samsung's prior discussion of the doFling() method.  Samsung initially
focused on this code because Apple had not identified the code it accused of infringing under its new
28  and narrower interpretation of claim 19.

-5-          Case No. 11-cv-01846-LHK

SAMSUNG'S OPPOSITION TO APPLE'S MOTION FOR LEAVE TO FILE A  SURREPLY TO SAMSUNG'S
MOTION FOR NEW TRIAL OR. ALTERNATIVELY. FOR ENTRY OF JUDGMENT ON LIABILITY

1   DATED:  August 9, 2013                Respectfully submitted,

2                                         QUINN EMANUEL URQUHART & SULLIVAN, LLP

3

4
                                           By/s/  Victoria F. Maroulis
5                                             Charles K. Verhoeven
                                              Kevin P.B. Johnson
6                                             Victoria F. Maroulis
                                              Michael T. Zeller
7                                             Attorneys for SAMSUNG ELECTRONICS CO., LTD.,
                                              SAMSUNG ELECTRONICS AMERICA, INC. and
8                                             SAMSUNG TELECOMMUNICATIONS AMERICA,
                                              LLC
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SAMSUNG'S OPPOSITION TO APPLE'S MOTION FOR LEAVE TO FILE A  SURREPLY TO SAMSUNG'S
MOTION FOR NEW TRIAL OR. ALTERNATIVELY. FOR ENTRY OF JUDGMENT ON LIABILITY