1  [COUNSEL LISTED ON SIGNATURE PAGE]

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK (PSG)<br><br>**JOINT CASE MANAGEMENT STATEMENT PURSUANT TO CIVIL LOCAL RULE 16-10(d)**<br><br>Date:      August 21, 2013<br>Time:      02:00 PM<br>Place:     Courtroom 8, 4th Floor<br>Judge:     Hon. Lucy H. Koh |

1   Pursuant to Civil Local Rule 16-10(d), the parties submit this Joint Case Management

2   Statement in connection with the Case Management Conference ("CMC") scheduled for August

3   21, 2013.

4   **I.   PROGRESS AND CHANGES SINCE APRIL 22, 2013 JOINT STATEMENT**

5   **Case Management Conference and Order:**  The Court held a Case Management

6   Conference on April 29, 2013, and issued a Case Management Order that same day.

7   **Experts:**  Apple identified Julie Davis as its substitute damages expert.  Apple has served

8   Ms. Davis's report, and Samsung has served Mr. Wagner's rebuttal report.  Subject to the Court's

9   ruling on Samsung's Administrative Motion for Relief from April 29, 2013 Case Management

10  Order (Dkt. No. 2326), the parties have scheduled the experts' depositions:  Mr. Wagner on

11  August 20 and Ms. Davis on August 26.[1]

12  **Proposed briefing schedule on expert motions:**  As directed in the Case Management

13  Order, the parties met and conferred on a proposed briefing schedule regarding motions to strike

14  and any motion by Samsung under Federal Rule of Evidence 702 regarding the qualifications of

15  Ms. Davis.  Subject to the Court's ruling on Samsung's Administrative Motion for Relief from

16  April 29, 2013 Case Management Order (Dkt. No. 2326), the parties propose motions to strike on

17  August 30; oppositions on September 12; and replies on September 19.  Samsung proposes that

18  any Rule 702 motion filed by Samsung be briefed on the same schedule.  Apple does not agree

19  that any Rule 702 motion is permitted under the Court's April 29 order other than a Rule 702

20  motion regarding the qualifications of Ms. Davis.

21  **Samsung's motions for administrative relief:**  Samsung filed two related motions:  (1)

22  Administrative Motion for Relief from April 29, 2013 Case Management Order (Dkt. No. 2326),

23  and (2) Motion for Leave To File Three Page Reply in Support of Samsung's Administrative

24  Motion for Relief from April 29, 2013 Case Management Order, or Alternatively, For a Hearing

25

26   _____

   [1]   The Court's Case Management Order specifies August 23, 2013 for the completion of
27  expert discovery.  Should Ms. Davis's deposition proceed pursuant to the parties' agreement, they
   respectfully request relief from the Court's deadline solely for the purpose of taking Ms. Davis's
28  deposition on August 26.

1  (Dkt. No. 2333).  The Court has not yet issued rulings on these motions.  Apple opposed both

2  motions, and believes they are both now moot.  Samsung believes these motions are not moot,

3  respectfully requests rulings on the motions, and will be prepared to answer any questions the

4  Court may have at the CMC.

5       **Samsung's '381 motion:**  Samsung filed a Motion for New Trial Regarding '381 Patent

6  Pursuant to Fed. R. Civ. P. 59 based on Newly Discovered Evidence or, Alternatively, for Entry

7  of Judgment on Liability (Dkt. No. 2338).  Apple opposed the motion (Dkt. No. 2345) and

8  Samsung filed a reply (Dkt. No. 2352).  Apple has filed a motion for leave to file a sur-reply (Dkt.

9  No. 2358), which Samsung has opposed (Dkt. No. 2360).  Samsung noticed the motion for

10  August 15, but asked the Court's Clerk whether the motion could be heard during the Case

11  Management Conference.  The Clerk indicated that the motion was not yet on calendar but the

12  parties should be prepared to argue it on August 21.

13       **Apple's motion regarding Infuse 4G first sale dates:**  Apple filed a Motion to Modify

14  the April 29, 2013, Case Management Order Excluding Evidence Of Certain Infuse 4G Sales

15  (Dkt. No. 2343).  Samsung has opposed (Dkt. No. 2353).  The motion is set for hearing on

16  August 21, at the same time as the CMC.

17       **Developments with the USPTO:**  Apple filed a Statement of Recent Decision Regarding

18  Confirmation of Claim 19 of U.S. Patent No. 7,469,381 (Dkt. No. 2323).  Samsung filed a

19  Statement of Recent Decision Regarding Final Office Action by the USPTO Rejecting U.S.

20  Patent No. 7,844,915 (Dkt. No. 2349).

21  **II.  APPLE'S PROPOSALS FOR CASE MANAGEMENT AND TRIAL
          PREPARATION**
22

23       On April 29, 2013, at the close of the last Case Management Conference in this case, the

24  Court set August 21 as the date of the next CMC, with the express consent of Samsung's

25  counsel.  The Court stated:

26           But at this point, you know, August [21], you may be able to flag
             some issues that we can resolve that will help you in
27           preparing…(April 29 Hearing Tr. 88: 1-3.)

28

1    In this Case Management Statement, Apple has identified a number of the issues that have

2    arisen as it plans for the November trial, in the hope of getting guidance from the Court.  Many of

3    these issues arose during the preparation of Apple's Expert Report and were specifically

4    identified to Samsung no later than June 24, when that report was served.  Rather than attempting

5    to meet and confer or to open any dialogue, Samsung moved to continue the trial date.  (Dkt. No.

6    2326-4.)

7    Apple sent a proposed Neutral Statement on infringement and validity to Samsung on

8    August 7 in order to start the meet-and-confer process on that statement.  Apple sent a draft joint

9    CMC statement to Samsung on August 9 in order to start the meet-and-confer process on that

10   statement.  As of August 9, Samsung had made no proposals of any kind to Apple or done

11   anything to initiate the meet and confer process on any trial preparation issues.  Last Sunday,

12   August 11, Samsung responded not by meeting and conferring on any of the issues Apple raised,

13   but simply by attacking Apple for trying to begin the meet and confer process.  Samsung claims

14   Apple has made no effort to meet and confer, but this is plainly untrue—Apple made two

15   overtures, and Samsung has refused to respond.

16   Now, having refused to meet and confer, Samsung objects to discussing any of these

17   subjects at a Case Management Conference, because its lead counsel has a conflict — which

18   apparently existed at the time Samsung agreed to the CMC date.

19   It should be obvious that both parties have already begun to prepare for the trial.  Issues

20   have arisen, been identified, and even been briefed that need to be discussed with the Court.  It

21   will not be helpful to postpone these discussions until October.

22   **Presenting infringement and validity to jury/neutral statement:**  The April 29, 2013,

23   Case Management Order directed the parties to meet and confer regarding how to present

24   information regarding infringement and validity to the jury.  (Dkt. No. 2316 at 3.)  Apple

25   proposes that the Court read a neutral statement to the jury at the outset of the case to provide

26   information about the prior trial and the nature of the new trial.  This neutral statement would be

27   in the nature of the type of preliminary instruction that this Court read to the jury at the start of

28   the liability trial, explaining the nature of the proceeding.   Among other things, the neutral

1  statement would inform the jury that infringement and validity have been established and are not

2  to be revisited.

3      As noted above, Apple provided Samsung with a draft neutral statement on August 7,

4  2013, to begin the meet-and-confer process on such a statement. For reference, the draft that

5  Apple provided to Samsung is attached as Exhibit A.  Samsung's assertion that Apple is

6  somehow "attempt[ing] to circumvent the meet and confer process" is inconsistent with the facts:

7  Apple sent Samsung a first draft of a neutral statement a full week before the August 21 CMC,

8  informed Samsung it wished to begin the meet-and-confer process, and proposed that the parties

9  begin discussing the concept with the Court at the CMC.

10     Apple believes that the neutral statement also should inform the jury that the Court has

11  determined the dates on which Samsung had notice of its infringement of each patent, and

12  therefore the dates when damages can start running on each patent.  Those dates would be

13  included in the juror notebooks.

14  **Disclosures of witnesses and deposition designations:**  The April 29, 2013, Case

15  Management Order authorized Apple to substitute a new damages expert for Terry Musika.

16  Apart from that substitution, Apple understands that the only witnesses and deposition

17  designations that may be used at the new trial are those that were listed in the parties' final

18  pretrial submissions filed on July 23, 2012.  That is, Samsung is limited to the witnesses and

19  designations listed in Dkt. Nos. 1278 (excluding Appendix A, which was struck by the Court (*see*

20  Dkt. No. 1293) and 1284), and Apple is limited to the witnesses and designations listed in Dkt.

21  Nos. 1287 and 1290.  Apple further understands that the witnesses' testimony must be within the

22  scope of the topics disclosed in those submissions.

23     Given that even those final witness and designation lists were lengthy, to facilitate the

24  parties' and Court's preparation for trial, including the efficient resolution of objections, Apple

25  proposes that the parties exchange witness lists and deposition designations well in advance of

26  trial.  To that end, Apple proposes that no later than September 23, 2013, the parties exchange

27  lists of the witnesses and deposition testimony they intend to use at trial, other than solely for

28  impeachment or rebuttal, together with a brief statement describing the substance of the testimony

1    to be given.  The parties would address any objections to the listed witnesses and deposition

2    designations in connection with meeting and conferring regarding a Joint Pretrial Statement.  The

3    parties would include their final witness lists and deposition designations in the Joint Pretrial

4    Statement to be filed on October 3, 2013 (14 days before the scheduled pretrial conference).

5    Apple seeks the Court's direction as to whether an earlier date for filing the Joint Pretrial

6    Statement, and corresponding earlier dates for the parties to exchange witness lists, would assist

7    the Court.

8          Samsung's suggestion that the parties should be free to designate "any previously

9    disclosed witness" is unreasonable and inconsistent with the Court's directive, "You'll have your

10   same witnesses from last time."  (April 29 Hearing Tr. at 79:12-13.)  Samsung's pool of potential

11   witnesses would apparently include not only the 50 live witnesses and 45 deposition witnesses

12   Samsung disclosed, but the additional 112 witnesses it improperly disclosed in an appendix that

13   the Court struck.  (Dkt. No. 1293.)  This prejudices Apple, who would be limited to the disclosure

14   it served in compliance with the Court's order, and rewards Samsung for ignoring the Court's

15   order.  (*Id.* at 1 ("Samsung's Appendix A is contrary to the letter and spirit of the Court's Case

16   Management Order.").)

17         Samsung's reference to R. Sukumar is grossly misleading.  Samsung did not properly

18   disclose Dr. Sukumar as a witness in the first trial—he was listed on Samsung's improper

19   Appendix A.  Nevertheless, Samsung requested the Court's permission to call Dr. Sukumar *in*

20   *Samsung's case on its own patents*.  The Court found that exclusion of Dr. Sukumar's survey

21   would be unduly prejudicial to Samsung.  (Dkt. No. 1749 at 3-4.)  Dr. Sukumar testified for three

22   minutes on direct examination solely regarding his survey and valuation of *Samsung's patents*.

23   (Trial Tr. at 3092:2-3095:15.)  The issues that Dr. Sukumar discussed, which the Court believed it

24   would have been unduly prejudicial to exclude from the first trial, are not present in this trial.

25         **Exhibit procedure:**  Apple believes that the Court should (1) limit the parties to the same

26   exhibits disclosed in the parties' July 2012 pretrial submissions; and (2) before trial, admit

27   exhibits already admitted in connection with the first trial to avoid unnecessary argument and

28   process regarding exhibits actually submitted to the first jury.

1    Samsung's proposal that the parties should have a trial based on an entirely new set of

2    exhibits is unwarranted and inconsistent with the Court's directive.  Samsung's assertion that it

3    needs new exhibits to respond to Julie Davis is also incorrect, as Ms. Davis's opinion is strictly

4    limited by the Court's order to the methodologies and data used by Apple's first expert, Terry

5    Musika.

6         **Time allocation:**  Apple believes the trial time allotted by the Court should be split evenly

7    between the parties.  Assuming November 12, 2013, is taken up entirely by jury selection, this

8    would leave 26 hours of trial time (6.5 hours per day on November 13, 14, 15, and 18).  Apple

9    therefore proposes that each party be allotted 13 hours of trial time, including time for opening

10   statements and closing arguments.

11        **Motions in limine:**  Apple is mindful that the Court's prior rulings on the parties' motion

12   in limine remain in effect and may not be relitigated.  It is possible, however, that new issues may

13   arise in connection with the new trial.  Accordingly, Apple proposes that the Court permit the

14   parties to file motions in limine solely on issues that are not controlled by the Court's prior

15   rulings.  Apple proposes that any motions in limine be filed on October 3, and oppositions be

16   filed on October 7 (14 days and 10 days before the scheduled pretrial conference).

17   **III.    SAMSUNG'S STATEMENT REGARDING APPLE'S PROPOSALS FOR CASE
18            MANAGEMENT AND TRIAL PREPARATION**

19        Samsung has requested relief from the current schedule in its pending Administrative

20   Motion for Relief, as well as in its Motion for a New Trial Regarding '381 Patent.  In the event

21   the Court wishes to hear further case management proposals for the current schedule, Samsung

22   believes the majority of the issues Apple requests the Court to address are unripe and motivated

23   by Apple's improper attempts to seek tactical advantage.

24        On August 9, 2013, just three business days before the filing deadline, Apple served

25   Samsung with its draft portion of this Joint Statement.  Apple's portion raises trial management

26   issues and proposed deadlines that will affect the scope and substance of the new trial, as well as

27   Samsung's preparations for trial.  In particular, Apple proposes limitations on witnesses,

28   deposition designations, and trial exhibits that are clearly prejudicial to Samsung.  Yet, Apple

1   never notified Samsung it would raise these issues at the August 21 CMC, and made no effort to

2   meet and confer with Samsung about them.  Moreover, given the importance of these issues,

3   Samsung's lead counsel for the new trial, Bill Price, would appreciate the opportunity to discuss

4   them with the Court.  However, Mr. Price is heading into a trial and is not able to attend the

5   August 21 CMC.  Samsung requested that Apple agree to a brief continuance of the CMC, but

6   Apple has indicated its lead counsel is unavailable for a six-week period encompassing all the

7   potential alternative dates.   Samsung also requested that the parties postpone discussion of

8   Apple's new issues with the Court, but Apple refused.  See Exhibit B attached hereto.

9          Instead, Apple claimed that it had raised some of these issues in its portion of the April 22,

10   2013 Joint Statement Regarding Further Post-Trial Proceedings.  *See* Exhibit B.  But most of the

11   issues it now raises and all of its proposed new deadlines were never mentioned on April 22,

12   2013.  What is more, making vague proposals months before trial is scheduled and a Case

13   Management Order is entered is not the same as meeting and conferring on specific proposals and

14   deadlines.  Apple next claims that the issues it now raises for the first time were disclosed in Julie

15   Davis's June 24, 2013 Expert Report.  When pressed about where in Ms. Davis's Report Apple

16   had disclosed its specific proposals concerning trial logistics, Apple could only respond that

17   Samsung's Administrative Motion concerning Ms. Davis's Report raised the issue of "whether

18   trial witnesses will be recalled or whether, in the new trial, the prior testimony will be given by a

19   damages expert," and "whether previous trial exhibits need to be modified to reflect the smaller

20   group of accused devices."  *See* Exhibit C.  Neither of these issues have been raised by Apple for

21   discussion at the CMC, and nowhere in Ms. Davis's Report does she discuss the proposals that it

22   has.

23          As a result of Apple's tactics, Samsung will not have its lead trial counsel at the August

24   CMC to address these issues, which are in any event unripe.  Apple is attempting to "sandbag"

25   Samsung and obtain an unfair tactical advantage.  Apple's tactics will also burden the Court with

26   having to address disputes that could conceivably be resolved were Apple willing to discuss them.

27   Samsung thus requests that the Court delay any decision on these issues until after Samsung has

28   had the opportunity to properly consider them, the parties meet and confer, and Samsung's lead

1   trial counsel is available to address any disputes with the Court.  Samsung has already indicated

2   to Apple its willingness to meet and confer on these issues and to schedule a further case

3   management conference in the event the parties are unable to agree.

4        Nonetheless, in the event the Court declines Samsung's request, Samsung hereby offers its

5   preliminary views on Apple's new proposals:

6        **Presenting infringement and validity to jury:**  The Court's April 29, 2013 Case

7   Management Order directed the parties to "meet and confer regarding how to present information

8   regarding infringement and validity to the jury."  (Dkt. No. 2316 at 3:15-16.)  On August 7, just

9   one week before the deadline for this Statement, Apple served a purported "neutral" statement

10   "[t]o start this meet-and-confer process."  *See* Exhibit B.  The date set by the Case Management

11   Order to address this issue is October 17, 2013, a date expressly agreed to by Apple at the last

12   CMC.

13        In these circumstances, one would think that Samsung has ample time to consider Apple's

14   August 7 proposal and to meet and confer with Apple to attempt to formulate language acceptable

15   to both sides.  Yet, Apple now seeks to abridge Samsung's time to consider Apple's August 7

16   proposal, circumvent the meet and confer process, and de facto amend the Case Management

17   Order by raising the issue at the August 21 CMC.  While Apple assures Samsung that it does not

18   expect it to "finalize" its position by August 14, and that "the Court will want to know that the

19   parties are in discussion," this is belied by Apple's proposed agenda item, below:  "Address

20   *parties'* proposals regarding how infringement and validity should be presented to the jury via

21   neutral statement or otherwise."  (Emphasis added.)  Samsung is considering Apple's proposal

22   and is willing to meet and confer in the hopes of formulating common language.  However, the

23   Court should reject Apple's attempt to circumvent the meet and confer process, gain an unfair

24   advantage, and de facto amend the Case Management Order by advancing the discussion of issues

25   on which there was already an agreed-upon timetable.

26        **Disclosures of witnesses and deposition designations:**  Samsung believes that a limit on

27   the total number of witnesses each side may designate and call at trial would be appropriate, but

28   subject to such numerical limit, each side should be free to designate in pre-trial disclosures and

1    call any previously disclosed witness.  As Samsung indicated at the April 29, 2013 hearing, Apple

2    is improperly attempting to prevent Samsung from being able to call witnesses – including

3    Samsung's survey expert, R. Sukumar, who was properly disclosed in Samsung's July 7, 2012

4    witness list (Dkt. No. 1193-1) and testified at the earlier trial – on the pretext that they are

5    disclosed on Appendix A of the July 23, 2012 version of Samsung's witness list.  Apple seeks to

6    exploit Samsung's good faith efforts to narrow its witness lists given the time constraints of the

7    earlier trial by now excluding witnesses who pose no prejudice to Apple.  The parties' final

8    witness lists in the first trial were crafted to meet the Court's 25-hour limit on both damages *and*

9    *liability* testimony.  Samsung would obviously have made very different choices had it known

10   that it would be constrained by this final list at a new trial focused solely on damages and with

11   additional time to present its damages case.  Samsung's proposal would obviate Apple's

12   purported concern about lengthy "witness and designation" lists, and will cause no prejudice

13   because all of the witnesses have previously been disclosed.  Samsung is willing to meet and

14   confer with Apple to attempt to reach agreement on an appropriate number.

15          At the April 29 Case Management Conference, Apple agreed to a Pre-Trial Conference on

16   October 17, 2013.  Under Federal Rule of Civil Procedure 26(a)(3)(B), pre-trial disclosures are

17   thus due on October 11, 2013.  At no point during the April 29 Case Management Conference did

18   Apple request early pre-trial disclosures, nor did it ever raise the issue with Samsung before

19   servicing its portion of this Statement on August 9, 2013.  Subject to the Court's ruling on

20   Samsung's Administrative Motion for Relief from April 29, 2013 Case Management Order (Dkt.

21   No. 2326), Samsung has been preparing for trial and scheduling various pre-trial preparations on

22   the basis of the Federal Rules.  To change this now, and order that Samsung must serve its pre-

23   trial disclosures in just six weeks, would prejudice Samsung's trial preparation.  Moreover, the

24   Court specifically chose a pre-trial conference date that would occur after the October 10, 2013

25   hearing.  Indeed, it makes sense for pre-trial disclosures to be exchanged after the October 10

26   hearing on the parties' motions to strike and any Samsung Daubert motion.  That way, the parties

27   can make final adjustments to their witness and exhibit lists in light of the Court's guidance on

28   the scope of damages expert testimony each side will be permitted to present.

1     **Exhibit procedure:** Samsung does not believe the Court should limit the parties to the

2 same exhibits disclosed prior to the first trial. For example, Apple has made numerous

3 admissions to the USPTO subsequent to the first trial that directly contradict its arguments

4 concerning the scope of the '381 and '915 patents. Apple should not be permitted to tell the

5 Patent Office one thing and the new jury another. Samsung should be able to put this new

6 evidence before the jury. Doing so would raise no issues concerning inconsistent appellate

7 records because liability issues are not being retried and this damages trial will have its own

8 separate record. Rather, the trial should be held based on an evidentiary record as it exists at the

9 time of the new trial.

10     In the event the Court declines to accept Samsung's position, an exception should be made

11 with respect to Ms. Davis. In light of Mr. Musika's passing, Samsung consented to Apple's

12 substitution of a new damages expert for the new trial, Ms. Davis. However, Samsung obviously

13 never had the opportunity to depose Ms. Davis before pre-trial exchanges leading up to the first

14 trial. Therefore, Samsung never had the opportunity to designate exhibits that would be useful for

15 cross-examination of Ms. Davis and rebuttal testimony in light of her specific background, the

16 assignments she was given, and the work performed in reaching her opinions. Under Apple's

17 proposal, Samsung would not even be allowed to designate exhibits used during Ms. Davis's

18 deposition, which will give Apple adequate notice and cause no prejudice.

19     The Court should reject Apple's proposal to admit exhibits simply because they were

20 admitted at the first trial. Numerous exhibits admitted during the first trial – such as those

21 directed to liability, willfulness and trade dress claims – will have no relevance to the new trial.

22 The pre-trial process requires the parties to attempt to stipulate to the pre-admission of exhibits

23 and Samsung is willing to meet and confer with Apple to reduce the scope of any disputes.

24 However, ordering a blanket admission of numerous exhibits without regard to their relevance

25 and potential prejudice would be highly prejudicial to Samsung.

26     Samsung proposes that remaining issues about exhibits be addressed in accordance with

27 the usual pre-trial procedures before the Court's scheduled Pre-Trial Conference on October 17,

28 2013.

1    **Time allocation:**  Samsung believes that Apple's assumption of only one day of jury

2    selection is optimistic in light of the extensive media attention devoted to this case and the trial's

3    venue.  Nonetheless, Samsung is amendable to dividing any remaining time equally between the

4    parties.

5    **Motions in limine:**  Samsung agrees that the parties should be permitted to file a limited

6    number of motions in limine, and is willing to meet and confer with Apple concerning an

7    appropriate number.  However, depending on the number of motions, it is likely that Apple's

8    proposed briefing schedule – which leaves just four days for oppositions – is too compressed.

9    Samsung proposes that the parties meet and confer concerning the number of such motions and

10   thereafter attempt to agree on a more realistic briefing schedule.

11   **IV.     ADR**

12   The parties do not feel that additional court-supervised ADR would be helpful at this time.

13   **V.      PROPOSED AGENDAS FOR CMC**

14   **Samsung's Proposed Agenda**

15   1.      Address the effect of the PTO's recent actions on the new trial and expected

16   timeline for resolution concerning the '915 patent.

17   2.      Address any questions by the Court concerning Samsung's Administrative Motion

18   for Relief from April 29, 2013 Case Management Order.

19   3.      Argument on Samsung's Motion for New Trial Regarding '381 Patent Pursuant to

20   Fed. R. Civ. P. 59 based on Newly Discovered Evidence or, Alternatively, for Entry of Judgment

21   on Liability.

22   4.      Argument on Apple's Motion to Modify the April 29, 2013, Case Management

23   Order Excluding Evidence Of Certain Infuse 4G Sales.

24   5.      Address schedule for motions to strike and any *Daubert* motion from Samsung.

25   **Apple's Proposed Agenda**

26   1.      Address schedule for motions to strike and any 702 motion regarding Ms. Davis's

27   qualifications from Samsung.

28

1        2.      Argument on Samsung's '381 motion (assuming motion was not heard at

2    scheduled hearing date).

3        3.      Argument on Apple's Motion to Modify the April 29, 2013, Case Management

4    Order Excluding Evidence Of Certain Infuse 4G Sales.

5        4.      Address parties' proposals regarding how infringement and validity should be

6    presented to the jury via neutral statement or otherwise.

7        5.      Address proposals regarding disclosures of witnesses and deposition designations.

8        6.      Address proposals regarding motions in limine.

9
10   Dated:  August 14, 2013

11   MORRISON & FOERSTER LLP                    QUINN EMANUEL URQUHART & SULLIVAN,
                                                LLP
12   HAROLD J. McELHINNY (CA SBN 66781)
     hmcelhinny@mofo.com                        Charles K. Verhoeven (Cal. Bar No. 170151)
13   MICHAEL A. JACOBS (CA SBN 111664)         charlesverhoeven@quinnemanuel.com
     mjacobs@mofo.com                           50 California Street, 22nd Floor
14   RACHEL KREVANS (CA SBN 116421)            San Francisco, California 94111
     rkrevans@mofo.com                          Telephone: (415) 875-6600
15   ERIK OLSON (CA SBN 175815)                Facsimile: (415) 875-6700
     ejolson@mofo.com
16   MORRISON & FOERSTER LLP                    Kevin P.B. Johnson (Cal. Bar No. 177129)
     425 Market Street                          kevinjohnson@quinnemanuel.com
17   San Francisco, California  94105-2482      Victoria F. Maroulis (Cal. Bar No. 202603)
     Telephone:  (415) 268-7000                 victoriamaroulis@quinnemanuel.com
18   Facsimile:  (415) 268-7522                 555 Twin Dolphin Drive 5th Floor
                                                Redwood Shores, California 94065
19   WILLIAM F. LEE                             Telephone: (650) 801-5000
     william.lee@wilmerhale.com                 Facsimile: (650) 801-5100
20   WILMER CUTLER PICKERING
     HALE AND DORR LLP                          Michael T. Zeller (Cal. Bar No. 196417)
21   60 State Street                            michaelzeller@quinnemanuel.com
     Boston, MA 02109                           865 S. Figueroa St., 10th Floor
22   Telephone: (617) 526-6000                  Los Angeles, California 90017
     Facsimile: (617) 526-5000                  Telephone: (213) 443-3000
                                                Facsimile: (213) 443-3100
23
     MARK D. SELWYN (SBN 244180)
24   mark.selwyn@wilmerhale.com
     WILMER CUTLER PICKERING                    By:   _/s/ Victoria F. Maroulis_
25   HALE AND DORR LLP                                Victoria F. Maroulis
     950 Page Mill Road
26   Palo Alto, California 94304                      Attorneys for Defendants and
     Telephone: (650) 858-6000                        Counterclaim-Plaintiffs  SAMSUNG
27   Facsimile: (650) 858-6100                        ELECTRONICS CO., LTD., SAMSUNG
                                                      ELECTRONICS AMERICA, INC. and
28                                                    SAMSUNG TELECOMMUNICATIONS
                                                      AMERICA, LLC

1

2

By:    */s/ Harold J. McElhinny*

3              Harold J. McElhinny

4        Attorneys for Plaintiff and Counterclaim-
         Defendant APPLE INC.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**ATTESTATION OF E-FILED SIGNATURE**

2    I, Harold J. McElhinny, am the ECF User whose ID and password are being used to file

3 this Joint Case Management Statement.  In compliance with Local Rule 5-1(i)(3), I hereby attest

4 that Victoria F. Maroulis has concurred in this filing.

5 Dated:  August 14, 2013                          */s/ Harold J. McElhinny*
                                                           HAROLD J. MCELHINNY

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28