# EXHIBIT A

Apple v. Samsung (11-cv-01846-LHK) – New Damages Trial

**Draft Neutral Statement re Prior Trial**

This is a patent damages trial.  The parties in this case are Apple Inc., which I will refer to as "Apple," and Samsung Electronics Company, Ltd.; Samsung Electronics America, Inc.; and Samsung Telecommunications America, LLC, which I will refer to collectively as "Samsung" unless I think it is important to distinguish between these three entities for a specific instruction.  Samsung Electronics America, Inc. and Samsung Telecommunications America, LLC are wholly-owned subsidiaries of Samsung Electronics Company, Ltd.  This will be the second trial in this case.  The purpose of this trial is solely to determine an amount of damages owed to Apple.

All of the patents in this case were issued by the United States Patent and Trademark Office.  A United States patent grants to the inventor, sometimes referred to as the patent holder, the right to prevent other people from using the patented invention for a period of time as an incentive to spur advances in technology, what the U.S. Constitution calls "progress in the useful arts."  After a patent is granted, no one can make, use or sell that invention in the United States unless they obtain a license from the patent holder or pay damages to the patent holder.  Here, Apple is the patent holder and Samsung is the party that sold products in the United States that incorporated the technology that Apple had invented.

In the first trial in this case, the jury, after hearing the evidence presented by both parties, found that Samsung had infringed several of Apple's patents by using the technology or designs that Apple invented.  The jury also found against Samsung on its claims that the patents were invalid, including arguments that Apple's patents were invalid because its inventions were not different enough from work done by others in the field before Apple filed its patent applications.

Let me explain to you the two types of Apple patents that you will hear about during this damages trial.  The first type of patent is called a "utility" patent.  Utility patents cover new and useful things, or new methods of making or doing something useful.   The utility patents here cover Apple inventions relating to the iPhone and iPad user interface.  The second type of patent is called a design patent and its name says it all.  A design patent covers a particular design – what something looks like.   The design patents here cover Apple inventions relating to the design of the iPhone and its graphical user interface – the screen when turned on.

I will now tell you more about each of the five patents for which damages must be awarded.

The first utility patent is U.S. Patent No. 7,469,381.  Utility patents are often referred to by their last three digits, so this Apple utility patent may be referred to in shorthand as the '381 patent.  The '381 patent covers a device with a "rubber banding" or "bounce back" function.  It relates to letting a user know when she has reached the edge of a document on a screen.  When the user's finger drags a document past the edge of the document, an area beyond the edge is displayed, and when she releases the finger, the document moves back to fill the full screen.  You may hear the parties refer to this as the "rubber banding" or "bounce-back" patent.

The second utility patent is U.S. Patent No. 7,844,915.  The '915 patent covers a device including functionality for scrolling and scaling objects on a touch screen display.  When a user

controls a touch-screen display, a program distinguishes between a single input point, interpreted as a "scroll operation," and two or more input points, interpreted as a "gesture operation." You may hear the parties refer to this as the "scroll or gesture" patent.

The third utility patent is U.S. Patent No. 7,864,163. The '163 patent covers a touch screen device that uses a sequence of touches to zoom in on and center an image in a structured electronic document, like a web page. For example, when a user taps twice on the same portion of a document (referred to as a "double-tap") the software on the device first enlarges the document and centers the desired portion. When the user then taps on another portion of the document, that portion of the enlarged document is centered. You may hear the parties refer to this as the "tap-to-zoom" patent.

Apple's design patents are United States Patent Nos. D618,677, which covers the design of an electronic device; and D604,305, which covers the design of a graphical user interface. Design patent claims are defined by drawings, and the drawings for these design patents are in your jury notebooks.

In the first trial, the jury awarded damages to Apple based on one group of infringing Samsung products. I have upheld that verdict and those issues will not be before you in this trial. I have also determined that the date on which Apple gave Samsung notice of its infringement of each of the Apple, and therefore the date when damages can start running for each of the patents, is as follows: August 4, 2010 for the '381 patent; April 15, 2011 for the '915 patent and the D'677 patent; and June 16, 2011 for the '163 patent and the D'305 patent.

In this trial, you will be asked to determine the appropriate damages for another set of Samsung's infringing products. It will be up to you to determine how much money in damages Apple should be awarded for Samsung's infringement by this set of products. To make that determination, you should apply the legal instructions I will give you at the start and at the end of the trial. The types of damages Apple can recover for each infringing sale include any profits it lost due to Samsung's infringement, Samsung's profits on the device sold, and a reasonable royalty for the use of the device Samsung sold. I will instruct you separately on the criteria that will apply for each type of damages.

The set of infringing products for which you must determine damages owed to Apple is the following: the Galaxy Prevail, Gem, Indulge, Infuse 4G, Captivate, Continuum, Droid Charge, Epic 4G, Exhibit 4G, Galaxy Tab, Nexus S 4G, Replenish, and Transform. There is a chart in your jury notebook that includes a picture of each of these products and that shows which of these products infringe which Apple patents. You are not to revisit these findings.

Your only job in this trial is to determine how much Samsung should pay to Apple for Samsung's infringement.