1        UNITED STATES DISTRICT COURT

2        NORTHERN DISTRICT OF CALIFORNIA

3            SAN JOSE DIVISION

4

5

APPLE INC., A CALIFORNIA          )  C-11-01846 LHK
6   CORPORATION,                      )
                                      )  SAN JOSE, CALIFORNIA
7              PLAINTIFF,             )
                                      )  AUGUST 21, 2013
8        VS.                          )
                                      )  PAGES 1-76
9   SAMSUNG ELECTRONICS CO., LTD.,    )
    A KOREAN BUSINESS ENTITY;         )
10  SAMSUNG ELECTRONICS AMERICA,      )
    INC., A NEW YORK CORPORATION;     )
11  SAMSUNG TELECOMMUNICATIONS        )
    AMERICA, LLC, A DELAWARE          )
12  LIMITED LIABILITY COMPANY,        )
                                      )
13             DEFENDANTS.            )
    _____  )

14

15          TRANSCRIPT OF PROCEEDINGS
        BEFORE THE HONORABLE LUCY H. KOH
16         UNITED STATES DISTRICT JUDGE

17

18

19         APPEARANCES ON NEXT PAGE

20

21

22

23  OFFICIAL COURT REPORTER: LEE-ANNE SHORTRIDGE, CSR, CRR
              CERTIFICATE NUMBER 9595
24

25     PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY
        TRANSCRIPT PRODUCED WITH COMPUTER

```
 1

 2       A P P E A R A N C E S:

 3       FOR PLAINTIFF            MORRISON & FOERSTER
         APPLE:                   BY:  HAROLD J. MCELHINNY
 4                                     RACHEL KREVANS
                                       NATHANIEL B. SABRI
 5                                425 MARKET STREET
                                  SAN FRANCISCO, CALIFORNIA  94105
 6
                                  WILMER, CUTLER, PICKERING,
 7                                HALE AND DORR
                                  BY:  WILLIAM F. LEE
 8                                60 STATE STREET
                                  BOSTON, MASSACHUSETTS  02109
 9
                                  BY:  MARK D. SELWYN
10                                950 PAGE MILL ROAD
                                  PALO ALTO, CALIFORNIA  94304
11

12       FOR THE DEFENDANT:       QUINN, EMANUEL, URQUHART,
                                  OLIVER & HEDGES
13                                BY:  VICTORIA F. MAROULIS
                                       TODD M. BRIGGS
14                                555 TWIN DOLPHIN DRIVE
                                  SUITE 560
15                                REDWOOD SHORES, CALIFORNIA  94065

16                                BY:  CARL G. ANDERSON
                                  50 CALIFORNIA STREET, 22ND FLOOR
17                                SAN FRANCISCO, CALIFORNIA  94111

18

19

20

21

22

23

24

25
```

1    SAN JOSE, CALIFORNIA                    AUGUST 21, 2013

2                     P R O C E E D I N G S

3        (COURT CONVENED AND THE FOLLOWING PROCEEDINGS WERE HELD:)

4            THE CLERK:  CALLING CASE NUMBER C-11-01846 LHK,

5    APPLE, INCORPORATED VERSUS SAMSUNG ELECTRONICS COMPANY,

6    LIMITED, ET AL.

7            MS. MAROULIS:  GOOD MORNING, YOUR HONOR.  GOOD

8    AFTERNOON.  VICTORIA MAROULIS WITH QUINN, EMANUEL, COUNSEL FOR

9    SAMSUNG.  AND WITH ME ARE MY PARTNERS TODD BRIGGS AND

10   CARL ANDERSON.

11       AND MR. BILL PRICE SENDS HIS REGRETS.  HE'S IN ANOTHER

12   TRIAL OUT OF STATE RIGHT NOW SO HE'S NOT ABLE TO BE HERE.

13           THE COURT:  OKAY.  THANK YOU.  YOU SAID MR. BRIGGS IS

14   WITH YOU AND WHOM ELSE?  I'M SORRY, I DIDN'T CATCH THAT.

15           MS. MAROULIS:  CARL ANDERSON.

16           THE CLERK:  OKAY.  CARLY ANDERSON?

17           MS. MAROULIS:  CARL.

18           THE COURT:  CARL ANDERSON.  OKAY, THANK YOU.  THANK

19   YOU.

20           MR. MCELHINNY:  GOOD AFTERNOON, YOUR HONOR.

21   HAROLD MCELHINNY, RACHEL KREVANS, AND NATE SABRI OF

22   MORRISON & FORESTER FOR APPLE.

23           THE COURT:  OKAY.

24           MR. LEE:  GOOD AFTERNOON, YOUR HONOR.  BILL LEE AND

25   MARK SELWYN FROM WILMER, HALE FOR APPLE.

1    THE COURT:  OKAY.  GOOD AFTERNOON.  ALL RIGHT.

2    SO THIS IS WHAT I'M PLANNING TO DO, JUST TO GIVE YOU SOME

3    HEADS UP.

4    I'D LIKE TO GO THROUGH THE SORT OF CASE MANAGEMENT ISSUES

5    FIRST; THEN I WOULD LIKE TO HANDLE THE, I GUESS PROBABLY THE

6    INFUSE 4G MOTION; THEN HANDLE THE DAVIS REPORT MOTION; AND THEN

7    TAKE A BREAK AND THEN HANDLE THE '381 NEW TRIAL MOTION.  OKAY?

8    SO THAT'S THE SEQUENCE.

9    SO LET'S GO THROUGH THE CMC ISSUES FIRST, PLEASE.

10    WITH REGARD TO THE '915, WHEN IS THE PTO EXPECTED TO TAKE

11    FINAL ACTION?  WHAT'S THE STATUS OF THAT, PLEASE?

12    MS. MAROULIS:  YOUR HONOR, IT'S OUR UNDERSTANDING

13    THAT APPLE HAS TWO MONTHS TO FILE A NOTICE OF APPEAL.  THE

14    OFFICE ACTION WAS ISSUED ON JULY 26TH, SO BY SEPTEMBER 26TH WE

15    SHOULD KNOW IF APPLE IS APPEALING THE DETERMINATION.

16    AS YOU RECALL, THE '381 PATENT, APPLE WAS ABLE TO OBTAIN AN

17    INTERVIEW, OVER TO AN EXAMINER'S DETERMINATION, SO WE'RE

18    WAITING TO SEE WHAT HAPPENS BEFORE SEPTEMBER 26TH.

19    BUT ASSUMING THAT APPLE MOVES TO APPEAL, THEN WE'LL

20    IMMEDIATELY MOVE FOR A STAY PURSUANT TO OUR PRIOR DISCUSSIONS

21    AS TO THE '915 PATENT.

22    THE COURT:  OKAY.  AND LET ME JUST CHECK, WITH REGARD

23    TO THE '915, THAT WOULD BASICALLY INVOLVE ALL PRODUCTS, EXCEPT

24    THE REPLENISH.

25    OKAY.  SO THAT'S SEPTEMBER 26TH.

1          MR. MCELHINNY:  I -- EXCUSE ME.

2          THE COURT:  CAN I ASK THAT --

3          MR. MCELHINNY:  EXCUSE ME, YOUR HONOR.  SAMSUNG'S

4     PREDICTIONS IN THIS AREA HAVE BEEN OPTIMISTIC, BUT NOT

5     FULFILLED HISTORICALLY.

6        I HAVE SLIGHTLY DIFFERENT INFORMATION.

7          THE COURT:  OKAY.

8          MR. MCELHINNY:  WE THINK THAT, GIVEN THE NORMAL PACE

9     OF PTO THINGS, THE MOST LIKELY DATE THAT WE WOULD HAVE TO

10    DECIDE WHETHER OR NOT TO FILE AN APPEAL IS IN DECEMBER.

11       IT IS THEORETICALLY POSSIBLE THAT MS. MAROULIS MIGHT BE

12    RIGHT, BUT WE JUST DON'T THINK THAT'S THE NORMAL COURSE OF

13    THINGS AT THE PTO.

14         THE COURT:  SO LAST TIME THERE WAS A SORT OF SET DATE

15    THAT THE PARTIES AGREED UPON.  HOW COME THERE'S NO AGREEMENT

16    THIS TIME?

17         MS. MAROULIS:  YOUR HONOR, OUR UNDERSTANDING OF THE

18    PROCEDURE IS THAT A PARTY HAS TWO MONTHS TO APPEAL THE FINAL

19    REJECTION.  THAT'S WHAT WE BASED THE FINAL DATES ON.

20         THE COURT:  OKAY.

21         MS. MAROULIS:  APPLE LAST TIME ARGUED THAT THERE'S AN

22    INTERMEDIATE STEP WHERE THEY CAN CONVINCE THE EXAMINER TO

23    OVERTURN THE REJECTION, AND THIS IS WHAT THEY'VE DONE IN THE

24    '381.  IT'S POSSIBLE THAT THEY WILL DO THAT, BUT THEIR TIME TO

25    APPEAL STILL IS IN TWO MONTHS.

```
 1          THE COURT:  SO WHY DO YOU THINK YOUR TIME TO APPEAL

 2   IS NOT UNTIL DECEMBER?  THAT SEEMS AWFULLY LONG FOR A DECISION

 3   THAT WAS JULY 26TH.

 4          MR. MCELHINNY:  BECAUSE WE ARE HERE EARLIER IN THE

 5   PROCESS OF THE '915 THAN WE WERE THE LAST TIME WE DISCUSSED THE

 6   '381; WE STILL HAVE A PAPER THAT, THAT GETS TO BE FILED; THE

 7   FILING DATE OF THAT IS UNCLEAR IN TERMS OF WHETHER OR NOT WE

 8   CAN APPLY -- WHETHER WE WOULD APPLY FOR AND GET AN EXTENSION IN

 9   ORDER TO FILE FOR THAT PAPER PARTICULARLY; AND THEN THE

10   EXAMINER HAS A RESPONSE TO THAT PAPER, THE DATE OF THAT PAPER

11   IS UNCLEAR, IN WHICH HE CAN GRANT HIMSELF ADDITIONAL TIME.

12          SO IN THE NORMAL COURSE OF PAPERS IN THE PTO, EXTENSIONS

13   ARE COMMONLY REQUESTED AND COMMONLY GRANTED.  AND AT THE --

14   WHEN WE WERE HERE ON THE '381, WE WERE FURTHER ALONG.  OUR

15   PAPER HAD ALREADY BEEN FILED.  DATES WERE MORE SPECIFIC IN THAT

16   SITUATION.

17          AND HERE SAMSUNG IS PUSHING THE '915 AT YOU EARLIER IN THE

18   PROCEDURE THAN THEY WERE WITH THE '381.

19          AND IF I MAY --

20          THE COURT:  UM-HUM.

21          MR. MCELHINNY:  -- IN THE '381 WHEN IT LOOKED LIKE

22   DOOM WAS RIGHT AROUND THE DOOR AND IT TURNED OUT IT WASN'T,

23   YOUR HONOR'S ORDER IN THAT CASE WAS THAT YOU WERE GOING TO

24   ACTUALLY HEAR A MOTION ON WHETHER OR NOT TO STAY, AND THAT'S

25   VERY IMPORTANT TO US BECAUSE I READ THE TRANSCRIPT FROM THE
```

1    LAST TIME -- ONE FACTOR THAT HAS NOT BEEN MENTIONED ANYWHERE IS

2    THAT WE HAVE A JUDGMENT, WE HAVE A VERDICT FROM A COURT, FROM A

3    JURY UPHOLDING THE VALIDITY.  YOUR HONOR HAS UPHELD THAT

4    VERDICT.

5        ON APPEAL TO THE FEDERAL CIRCUIT, THAT VERDICT HAS

6    PRESUMPTIONS IN FAVOR OF IT.

7        TO SUDDENLY TAKE THAT OUT OF THE APPELLATE PROCESS AND ONLY

8    LET SOMETHING THAT WON'T GO UP FOR TWO YEARS OR THREE YEARS,

9    ONE, CREATES A CAR TRACK, BUT TWO -- CAR WRECK, BUT TWO, TAKES

10   AWAY FROM US A PRESUMPTION ON APPEAL THAT WE ALREADY HAVE, AND

11   WE'D LIKE YOUR HONOR TO THINK ABOUT THAT.  WE'D LIKE A CHANCE

12   TO BRIEF THAT IF YOUR HONOR IS -- IF WE EVER GET TO THE POINT

13   WHERE YOUR HONOR WOULD BE CONSIDERING A STAY.

14       MS. MAROULIS:  WELL, YOUR HONOR ALREADY DECIDED THAT

15   THERE'S A PROCEDURE WHERE WE MOVE FOR A STAY AND THEY OPPOSE,

16   SO THERE WILL BE A PLACE TO MAKE THOSE ARGUMENTS.

17       NONETHELESS, THERE'S NO JUDGMENT IN THIS CASE.  THAT'S

18   SUBJECT TO SOME OTHER MOTIONS PENDING TODAY.

19       AND YOUR HONOR INDICATED THAT SHE WILL -- THAT YOU WILL

20   ENTERTAIN A MOTION TO STAY ONCE THAT BECOMES FINAL.  WE'RE NOT

21   MAKING PRESUMPTIONS ABOUT WHAT THE PTO WILL DO.

22       THIS TIME WE'RE WAITING TO SEE WHAT HAPPENS IN TWO MONTHS,

23   AND IF WE SEE A NOTICE OF APPEAL FROM APPLE IN TWO MONTHS,

24   WE'LL COME INTO COURT WITH OUR THREE OR FOUR PAGE BRIEF AS

25   INDICATED BY THE ORDER.

1          MR. MCELHINNY:  I THINK WE'RE IN AGREEMENT THAT THE

2     EARLIEST POSSIBLE DATE THAT WE MIGHT HAVE TO FILE THE APPEAL IS

3     THE DATE THAT MS. MAROULIS AND SAMSUNG ARE BANKING ON.

4          WE THINK, IN THE NORMAL COURSE, IT IS VERY UNLIKELY THAT WE

5     WILL HAVE TO FILE AN APPEAL BEFORE THE TRIAL DATE IN THIS CASE.

6          THE COURT:  ALL RIGHT.  WELL, I JUST WANTED TO GET

7     INFORMATION ABOUT THAT.  I'LL OBVIOUSLY KEEP AN OPEN MIND FOR

8     WHEN AND IF YOU FILE A MOTION TO STAY, ALTHOUGH I THINK MY

9     PREVIOUS INCLINATION, IF THERE IS A CANCELLATION, THEN I'M

10    PROBABLY MORE INCLINED TO STAY IT.  BUT I'LL KEEP AN OPEN MIND

11    AND YOU CAN FILE THE APPROPRIATE PAPERS AT THAT TIME --

12         MR. MCELHINNY:  THANK YOU, YOUR HONOR.

13         THE COURT:  -- IF IT BECOMES NECESSARY.

14         MS. MAROULIS:  THANK YOU, YOUR HONOR.

15         THE COURT:  LET ME MAKE A REQUEST.  ON THE SEALING

16    MOTIONS, THERE WERE MULTIPLE -- I MEAN, THIS IS A CMC, BUT WE

17    HAVE THREE SUBSTANTIVE MOTIONS AND PROBABLY ABOUT EIGHT SEALING

18    MOTIONS TO DECIDE.

19         IT WOULD BE EXTREMELY HELPFUL IF THE PARTIES COULD PROVIDE

20    A CHART, BECAUSE MANY OF -- MANY OF THE DOCUMENTS, AND MUCH OF

21    THE INFORMATION THAT YOU'RE SEEKING TO SEAL, I'VE ALREADY RULED

22    ON.  SO IT WOULD BE HELPFUL IF YOU WOULD, PLEASE, JUST PROVIDE

23    A CHART THAT IDENTIFIES WHETHER THIS PARTICULAR INFORMATION WAS

24    PREVIOUSLY SEALED OR WHETHER A SEALING REQUEST WAS DENIED, BUT

25    HAS BEEN STAYED PENDING THE FEDERAL CIRCUIT'S REVIEW.

```
1        OR EVEN IF IT'S NOT THAT SPECIFIC INFORMATION IN THAT

2     SPECIFIC DOCUMENT, EVEN IF THERE WERE SIMILAR CATEGORIES OF

3     INFORMATION THAT HAVE PREVIOUSLY BEEN RULED UPON, EITHER A

4     GRANT OR A DENIAL AND A STAY, THAT WOULD BE EXTREMELY HELPFUL.

5        WOULD YOU PLEASE DO THAT?

6             MS. MAROULIS:  ABSOLUTELY, YOUR HONOR.

7             MR. MCELHINNY:  OF COURSE.

8             THE COURT:  OKAY.  HOW LONG WILL THAT TAKE?

9             MS. MAROULIS:  WE CAN DO IT IN A COUPLE OF DAYS.

10       JUST TO CLARIFY, IF THE SOURCE CODE WAS APPROVED FOR

11    SEALING, WE CAN SAY "SOURCE CODE APPROVED" AND CITE THE DOCKET

12    NUMBER RATHER THAN IDENTIFY IT BY CODE, PAGE, AND LINE NUMBERS;

13    RIGHT?

14            THE COURT:  YOU MEAN --

15            MS. MAROULIS:  IF THE SOURCE CODE OF ANY PARTY WAS

16    APPROVED FOR SEALING, WE CAN SIMPLY CITE TO THAT ORDER?

17            THE COURT:  RIGHT.  AND I THINK THAT'S -- OKAY.

18    YOU'RE SAYING IF THE PREVIOUS -- IF THE PREVIOUS CATEGORY WAS

19    ALREADY SEALED AND PERHAPS NOT THIS PARTICULAR EXCERPT OF THAT

20    CATEGORY, I THINK THAT'S FINE.  I MEAN, THE SOURCE CODE RULINGS

21    ARE GOING TO BE FAIRLY CONSISTENT ANYWAY.

22       SO --

23            MS. MAROULIS:  THANK YOU.

24            THE COURT:  BUT IF YOU COULD, YOU KNOW, CATEGORIZE

25    THE OTHER INFORMATION ACCORDING TO THE CATEGORIES IN THE
```

1      AUGUST 9TH ORDER, OR WHATEVER PREVIOUS SEALING ORDER, THAT

2      WOULD BE EXTREMELY HELPFUL.

3          SO IF THERE'S ANY DISAGREEMENT, IF YOU WOULD PLEASE JUST

4      INCLUDE THAT AS WELL, THAT, YOU KNOW, ONE SIDE THINKS THAT A

5      PREVIOUS SEALING ORDER APPLIES AND THE OTHER SIDE BELIEVES THAT

6      THE PREVIOUS SEALING ORDER DIDN'T ENCOMPASS THIS PARTICULAR

7      TYPE OF INFORMATION.

8              MS. MAROULIS:  WE WORK VERY COOPERATIVELY ON THE

9      SEALING ISSUES.

10             THE COURT:  THANK YOU.  I'LL GO AHEAD -- SINCE

11     THERE'S QUITE A BIT THAT YOU'RE SEEKING TO SEAL, CAN WE JUST

12     SAY BY AUGUST 28TH?  THAT WOULD BE A WEEK.  BUT DO YOU NEED

13     MORE TIME THAN THAT?

14             MS. MAROULIS:  THAT SHOULD BE FINE, YOUR HONOR.

15             MR. MCELHINNY:  FINE WITH US, YOUR HONOR.

16             THE COURT:  ALL RIGHT.  IF YOU WOULD PLEASE FILE

17     THAT, I REALLY APPRECIATE THAT.  IT WOULD BE EXTREMELY HELPFUL.

18         AND IF WE COULD JUST DO THAT GOING FORWARD, BECAUSE I

19     SUSPECT, WITH YOUR FUTURE MOTIONS TO STRIKE AND WHATNOT, WE'RE

20     GOING TO FACE THE SAME ISSUES.

21         SO I WOULD GREATLY APPRECIATE IT IF, EVERY TIME YOU FILE A

22     SEALING MOTION, YOU WOULD INCLUDE THIS TYPE OF CHART THAT JUST

23     LETS US KNOW IF THIS IS A DOCUMENT THAT'S ALREADY BEEN SEALED

24     PREVIOUSLY.  OKAY?  THANK YOU.

25             MS. MAROULIS:  YES.

1                THE COURT:  OKAY.  WITH REGARD TO -- THERE IS AN

2     UNOPPOSED MOTION TO STAY THE COURT'S ORDER GRANTING ROVI'S

3     MOTION TO INTERVENE AND GRANTING IN PART AND DENYING IN PART

4     THE MOTION TO SEAL.  THAT'S ECF NUMBER 2355.

5          THAT UNOPPOSED MOTION TO STAY IS GRANTED AND I'LL JUST

6     INCLUDE AN ENTRY IN THE CASE MANAGEMENT ORDER THAT COMES OUT OF

7     TODAY'S PROCEEDING JUST SO IT'S CLEAR ON THE RECORD THAT THAT

8     HAS BEEN DEALT WITH.

9          OKAY.  LET'S GO TO THE PROPOSED NEUTRAL STATEMENT.  I DON'T

10    INTEND TO DO ANY NEUTRAL STATEMENT.

11         I DO ENVISION THAT THE PRELIMINARY JURY INSTRUCTIONS WOULD

12    HAVE TO GIVE SOME INDICATION TO THE JURY AS TO WHAT ISSUE IS

13    BEFORE THEM AND WHAT ISSUE THEY DO NOT NEED TO DECIDE, AND I'M

14    GOING TO LEAVE IT FOR A LATER DATE FOR THE PARTIES TO MEET AND

15    CONFER AND PERHAPS COME UP WITH YOUR OWN SEPARATE PROPOSALS AS

16    TO WHAT YOU THINK THAT LANGUAGE SHOULD BE, WHETHER IT SHOULD BE

17    JUST "IN A PRIOR PROCEEDING, A JURY FOUND INFRINGEMENT AND

18    VALIDITY," OR WHETHER IT SHOULD SAY, "YOU ARE TO ASSUME

19    VALIDITY AND INFRINGEMENT AND THE ONLY ISSUE FOR YOU TO DECIDE

20    IS DAMAGES."  I WOULD LIKE YOU ALL TO MEET AND CONFER AND MAKE

21    A PROPOSAL AS TO WHAT THAT PRELIMINARY JURY INSTRUCTION SHOULD

22    BE.

23         BUT I DON'T INTEND TO GIVE ANY OTHER STATEMENT BEYOND A

24    PRELIMINARY JURY INSTRUCTION, AND I EXPECT THIS ISSUE TO, AT

25    MOST, BE ONE OR TWO SENTENCES OF THE PRELIMINARY JURY

```
1          INSTRUCTIONS.  OKAY?  I HOPE THAT'S --

2                   MS. MAROULIS:  THANK YOU.

3               THE COURT:  -- SOMEWHAT HELPFUL GUIDANCE.

4          OKAY.  LET'S GO TO THIS QUESTION ABOUT WITNESSES, EXHIBITS,

5     DEPOSITION DESIGNATIONS.

6          SO -- AND I'LL GIVE YOU AN OPPORTUNITY TO RESPOND, BUT I

7     HAVE BEEN THINKING ABOUT HOW TO DO THIS IN THIS RETRIAL, AND I

8     THINK THE CLEANEST WAY IS TO SAY THAT ANY EVIDENCE THAT WAS NOT

9     STRICKEN, THAT WAS NOT SUBJECT TO SOME DAUBERT MOTION OR MOTION

10    IN LIMINE AND EXCLUDED, THAT WAS TIMELY IDENTIFIED, WHETHER IT

11    WAS ACTUALLY INTRODUCED AS AN EXHIBIT OR WHETHER ANY TESTIMONY

12    WAS ACTUALLY ADDUCED FROM THE TRIAL, IS ADMISSIBLE AND IS

13    WITHIN THE PROPER SCOPE OF THIS RETRIAL.

14         HOWEVER, ANYTHING THAT WAS PREVIOUSLY EXCLUDED, ANY EXHIBIT

15    OR WITNESS THAT WAS NOT TIMELY DISCLOSED, ANY NEW DATA IS NOT

16    WITHIN -- DOES NOT FALL WITHIN THE PROPER SCOPE OF THIS TRIAL.

17         SO I DO BELIEVE THAT THE PARTIES PREVIOUSLY IDENTIFIED

18    WITNESSES FOR SPECIFIC TOPICS, AND IF THOSE WERE SUBMITTED AND

19    DISCLOSED TIMELY AND WERE NOT SUBJECT TO A MOTION TO STRIKE,

20    DAUBERT MOTION, MOTION IN LIMINE THAT WAS GRANTED, THEN THAT IS

21    THE PROPER SUBJECT OF THIS UPCOMING TRIAL.  ALL RIGHT?

22         SO SAME FOR EXHIBITS.  IF IT WAS TIMELY DISCLOSED AND

23    WASN'T EXCLUDED IN ANY WAY, WHETHER IT WAS OR WAS NOT

24    INTRODUCED DURING THE TRIAL, IT'S FAIR GAME FOR THIS TRIAL.

25         AS FAR AS WITNESSES, IT DOES -- I AM LIMITING THE WITNESSES
```

 1    TO THE TOPICS FOR WHICH THEY WERE TIMELY DISCLOSED AND FOR

 2    WHICH NO EXCLUSION ORDER WAS GRANTED.

 3        OKAY?  IS THAT CLEAR AS MUD, OR WHAT --

 4            MS. MAROULIS:  YOUR HONOR, I HAVE A COUPLE OF

 5    CLARIFICATIONS, IF IT'S OKAY.

 6            THE COURT:  OKAY.  UM-HUM.

 7            MS. MAROULIS:  WITH RESPECT TO WITNESSES, THERE WERE

 8    SEVERAL DIFFERENT ITERATIONS OF THE WITNESS LIST.

 9            THE COURT:  OKAY.

10            MS. MAROULIS:  I UNDERSTOOD WHAT YOUR HONOR JUST SAID

11    IS TO SAY THAT WHEN SAMSUNG SERVED ITS WITNESS LIST ON

12    JULY 7TH, THE FIRST LIST, AND ANYONE FROM THAT LIST WHO WAS NOT

13    STRICKEN LATER IN TRIAL CAN BE A WITNESS POTENTIALLY IN THIS

14    CASE.  IS THAT RIGHT?

15            MR. MCELHINNY:  TO REFRESH -- IF I MAY REFRESH YOUR

16    HONOR'S RECOLLECTION?  WE WENT THROUGH THREE ITERATIONS OF

17    WITNESS LISTS BECAUSE THE ORIGINAL SAMSUNG WITNESS LIST HAD

18    OVER 200 WITNESSES ON IT.

19        A SECOND ITERATION HAD THE PROPER NUMBER OF WITNESSES, BUT

20    HAD AN APPENDIX A ATTACHED WHICH INCLUDED THE 200 WITNESSES.

21        YOUR HONOR TOLD SAMSUNG THAT WAS NOT WHAT YOU HAD INTENDED,

22    AND EACH PARTY SUBMITTED A FINAL WITNESS LIST, AND THAT WAS THE

23    WITNESS LIST FOR WHICH WITNESSES WERE ALLOWED TO TESTIFY AT

24    TRIAL.

25            WHAT MS. MAROULIS SAYS SHE UNDERSTANDS YOU TO MEAN IS TO GO

1    BACK TO THE ORIGINAL 200 PERSON WITNESS LIST, AS OPPOSED TO THE

2    FINAL WITNESS LIST THAT WAS ACTUALLY --

3              THE COURT:  IT NEEDS TO BE THE FINAL LIST.

4              MS. MAROULIS:  YOUR HONOR, BY "FINAL LIST," APPLE IS

5    ARGUING IN THEIR PAPERS THAT IT SHOULD BE THE LIST OF JULY 23,

6    SO IS THAT THE FINAL LIST THAT WE'RE STICKING WITH?

7              THE COURT:  AT THIS MOMENT I DON'T RECALL THE DATES

8    OF THE SPECIFIC LISTS.

9              MS. MAROULIS:  UM-HUM.

10             THE COURT:  I'M GOING TO ASK THAT YOU MEET AND CONFER

11   ON THIS.  THIS WAS REALLY JUST A MEASLY OLD CASE MANAGEMENT

12   CONFERENCE THAT HAS BLOWN UP INTO SOMETHING THAT IT REALLY WAS

13   NEVER INTENDED TO BE.

14       SO I DON'T THINK AT THIS POINT THIS PARTICULAR ISSUE IS

15   RIPE AS TO WHICH LIST.  BUT I DID WANT TO AT LEAST GIVE YOU

16   SOME GUIDANCE SINCE I KNOW YOU'RE BUSY PREPARING FOR TRIAL.  SO

17   PLEASE MEET AND CONFER ON THIS ISSUE.

18       I DO BELIEVE THAT IT SHOULD BE THE SORT OF FINAL, NARROW

19   LIST FROM WHICH THE PARTIES SELECTED THEIR TRIAL WITNESSES, BUT

20   BEYOND THAT, I CAN'T COMMENT ON WHAT DATE THAT IS AT THIS TIME.

21             MS. MAROULIS:  SO WE MAY STILL MEET AND CONFER AND

22   DISCUSS WITH THE OTHER SIDE -- THERE'S ONE PARTICULAR ISSUE I

23   WANT TO BRING UP TO YOUR HONOR.

24             THE COURT:  OKAY.

25             MS. MAROULIS:  THERE'S AN EXPERT WITNESS NAMED

1      DR. SUKUMAR --

2              THE COURT:  YES.

3              MS. MAROULIS:  -- WHO TESTIFIED AT TRIAL IN ONE PART

4      OF SAMSUNG'S CASE, BUT HE WAS ALSO DISCLOSED, SUBMITTED A

5      REPORT, AND WAS DEPOSED IN ANOTHER PART OF SAMSUNG'S CASE.

6          WE CHOSE NOT TO CALL HIM AT TRIAL BECAUSE WE WERE VERY MUCH

7      TIME LIMITED, IT WAS LIABILITY AND DAMAGES, OFFENSIVE AND

8      DEFENSIVE CASE.

9          BUT THERE'S NO QUESTION THAT HE WAS PROPERLY DISCLOSED TO

10     APPLE, BOTH BECAUSE HE SUBMITTED THE REPORT ON TIME, HE WAS

11     DEPOSED, THEY NEVER MOVED TO STRIKE HIM IN ANY WAY.  SO HE

12     IS -- WAS A WITNESS IN THIS CASE.

13         WHEN WE STARTED NARROWING THE LIST TO ACCOMMODATE ALL THE

14     DIFFERENT SUBJECTS OF THE TRIAL, WE DID NOT INCLUDE HIM INTO, I

15     THINK, THE SECOND AND THIRD LISTS, AND REGARDLESS OF WHICH LIST

16     WE END UP WITH, WE RESPECTFULLY REQUEST OF YOUR HONOR, NOW THAT

17     WE'RE LOOKING AT A VERY SPECIFIC SUBSET OF EVIDENCE ON DAMAGES,

18     THAT WE BE ALLOWED TO PRESENT DR. SUKUMAR, BECAUSE APPLE AT

19     TRIAL PRESENTED LIKE A THREE MINUTE EXAMINATION OF THEIR SURVEY

20     EXPERT.

21         WE EXPECT THAT THIS TIME IT'S GOING TO BE MUCH MORE AND

22     MORE DETAILED AND SAMSUNG SHOULD HAVE AN OPPORTUNITY TO REBUT

23     THAT WITH A WITNESS WHO WAS PROPERLY AND TIMELY DISCLOSED AND

24     NEVER CHALLENGED.

25             MR. MCELHINNY:  TO --

1          THE COURT:  WELL, I DON'T -- GO AHEAD.  I DON'T THINK

2    I HAVE TO DECIDE THIS ISSUE AT THIS MOMENT.

3          MR. MCELHINNY:  YOU DON'T HAVE TO DECIDE THIS ISSUE

4    TODAY.

5          MS. MAROULIS:  THAT'S FINE, YOUR HONOR.  WE SHARE --

6    SAMSUNG'S SHARES YOUR HONOR OPINION THAT THIS WAS GOING TO BE A

7    BASIC HOUSEKEEPING STATUS CONFERENCE ON CURRENT ISSUES AND

8    APPLE IS TURNING THIS INTO A PRETRIAL.

9    WE OBVIOUSLY NEED TO ADDRESS ANYTHING YOU RAISE, BUT WE DID

10   NOT THINK IT WAS A PRETRIAL CONFERENCE TODAY.

11         MR. MCELHINNY:  WE --

12         THE COURT:  I'M SORRY.  DO YOU BELIEVE THAT THERE'S

13   ANY OTHER -- I UNDERSTAND DR. SUKUMAR BECAUSE THAT'S BEEN SORT

14   OF FLAGGED EVEN, I BELIEVE, IN APRIL.  ARE THERE ANY OTHER

15   WITNESSES THAT WOULD BE IMPACTED BY THE DATE OF THE LIST?  OR

16   IS IT JUST DR. SUKUMAR?

17         MS. MAROULIS:  THAT'S THE MOST CLEAR EXAMPLE TO US,

18   BUT WE WOULD HAVE -- BOTH PARTIES WOULD HAVE MORE CHOICE IF WE

19   STARTED WITH THE ORIGINAL LIST OF JULY 7.  I HAVE THE DATES

20   MEMORIZED.  SO THE JULY 7 WAS THE LIST WHERE BOTH PARTIES

21   EXCHANGED IT AND THEN THEY HAD TO NARROW IT.

22   SO APPLE, IN THEIR STATEMENT, SUGGESTS THAT WE GO WITH THE

23   JULY 23RD LIST, AND IF THAT'S WHAT YOUR HONOR RULES LATER ON AT

24   THE PRETRIAL CONFERENCE, WE'LL OBVIOUSLY LIVE WITH THAT.

25         THE COURT:  IF THAT IS THE FINAL LIST, THEN THAT'S

1    HOW I'M GOING TO RULE.  IT'S GOING TO BE THE FINAL LIST,

2    WHATEVER DATE THAT FINAL LIST IS.  OKAY?

3         WE CAN ADDRESS DR. SUKUMAR LATER, BUT IT WILL BE THE FINAL

4    LIST.  I HOPE THAT'S HELPFUL IN ANY MEET AND CONFER EFFORTS.

5              MS. MAROULIS:  YES, YOUR HONOR.  THANK YOU.

6              THE COURT:  OKAY.  I DO BELIEVE IT MAKES SENSE THAT

7    ANY EXHIBITS THAT WERE ADMITTED IN THE FIRST TRIAL JUST

8    AUTOMATICALLY BE ADMITTED.  I THINK THAT WILL -- I DON'T THINK

9    ANYONE SHOULD BE COMING UP WITH NEW OBJECTIONS AT THIS POINT.

10             MS. MAROULIS:  YOUR HONOR, SAMSUNG DOES OBJECT TO

11   THAT AND HERE'S WHY.

12             THE COURT:  OKAY.

13             MS. MAROULIS:  A NUMBER OF EXHIBITS WERE ADMITTED FOR

14   REASONS UNRELATED TO DAMAGES.  THEY WERE LIABILITY EXHIBITS OR

15   WILLFULNESS RELATED EXHIBITS, AND IN THIS CASE THEY WOULD NOT

16   BE PROPERLY BEFORE THE JURY IN THE DAMAGES TRIAL.

17        SO IF WE AUTOMATICALLY ADMIT ALL OF THE EXHIBITS PREVIOUSLY

18   ADMITTED, THAT ELIMINATES SAMSUNG'S OBJECTIONS THAT IT'S NOT

19   PROPER BEFORE THE JURY THIS TIME.

20             THE COURT:  WHAT DO YOU THINK THE UNIVERSE OF THOSE

21   DISPUTED DOCUMENTS IS?  IS IT IN THE 20S, 50S, 100S?

22             MS. MAROULIS:  WE'RE PROBABLY TALKING ABOUT A DOZEN

23   TO TWO DOZEN, AND THE REASON WE KNOW ABOUT THAT IS SOME OF THEM

24   APPEAR IN VARIOUS EXPERT REPORTS, SO IT'S PROBABLY GOING TO BE

25   A COUPLE DOZEN DOCUMENTS WE'RE DISCUSSING.

```
 1            THE COURT:  OKAY.  WELL, THEN, WHAT I WOULD RECOMMEND
 2     IS THAT WE HAVE THE RULE THAT WHAT WAS PREVIOUSLY ADMITTED IS
 3     ADMITTED, AND THEN WHATEVER THERE IS A DISPUTE ABOUT, ABOUT
 4     WHETHER IT'S RELEVANT ONLY TO DAMAGES OR NOT, THEN WE CAN HAVE
 5     THAT DECIDED.
 6        NOW, WHEN SHOULD THAT BE DECIDED?  OCTOBER 10 OR
 7     OCTOBER 17?  I GUESS THAT SHOULD PROBABLY BE IN YOUR MOTION --
 8            MS. MAROULIS:  YOUR HONOR, WE CAN ADDRESS IT
 9     OCTOBER 10.
10            THE COURT:  -- IN LIMINE.
11            MR. MCELHINNY:  I THINK TRADITIONALLY IT COMES IN AS
12     PART OF THE PRETRIAL STATEMENT, YOUR HONOR.
13            THE COURT:  OCTOBER 17TH?
14            MR. MCELHINNY:  IT COMES IN WITH A LIST OF THE
15     EXHIBITS AND THE OBJECTIONS TO THEM.
16        WE ARE URGING YOUR HONOR TO DO IT EARLIER, OBVIOUSLY, SO
17     THAT IT DOESN'T ALL PILE UP ON YOUR HONOR, FRANKLY, ON THE EVE
18     OF TRIAL.
19            THE COURT:  WELL, WHAT IF WE HAD -- IDEALLY MY
20     PREFERENCE WITH EXHIBIT OBJECTIONS IS TO WAIT AND DO OUR
21     PROCESS OF, YOU KNOW, THE 24 HOURS OR 48 HOURS BEFORE THE
22     EXHIBITS ARE GOING TO BE USED, BECAUSE YOU MAY CHANGE YOUR MIND
23     AND NOT NEED THAT DOCUMENT AND WE WILL HAVE EXPENDED A LOT OF
24     RESOURCES FOR NOTHING.
25        BUT IF YOU'RE FAIRLY CERTAIN THAT THESE ARE GOING TO BE
```

1    USED, THEN IT WOULD BE HELPFUL TO DECIDE IT SOONER.

2            MS. MAROULIS:  YOUR HONOR, I SUGGEST THAT WE DECIDE

3    IT BEFORE TRIAL.

4            THE COURT:  OKAY.  LET'S HAVE THAT BE PART OF THE

5    MOTIONS IN LIMINE, WHICH ARE GOING TO BE DECIDED ON

6    OCTOBER 17TH, PLEASE.

7            MS. MAROULIS:  THANK YOU.

8            THE COURT:  OKAY.  ALL RIGHT.  BUT THAT IS THE

9    DEFAULT RULE, THAT IF IT WAS PREVIOUSLY ADMITTED, WE'RE GOING

10   TO GO AHEAD AND ADMIT IT NOW, IT'LL SAVE TIME AND BE SIMPLER,

11   AND NO NEW OBJECTIONS WILL BE ENTERTAINED.

12     OKAY.

13           MR. MCELHINNY:  I'M --

14           THE COURT:  LET'S TALK ABOUT TIME ALLOCATION.

15           MR. MCELHINNY:  BEFORE WE LEAVE THAT --

16           THE COURT:  YES?

17           MR. MCELHINNY:  I'M SORRY, YOUR HONOR.  BEFORE WE

18   LEAVE THAT, WE HAVE THE SAME WHICH LIST PROBLEM, BECAUSE,

19   AGAIN, THE LISTS GOT NARROWED, AND THE ORIGINAL LIST HAD OVER A

20   THOUSAND EXHIBITS ON IT, AND WE EVENTUALLY ENDED UP WITH A --

21           THE COURT:  FINAL.

22           MR. MCELHINNY:  THANK YOU.

23           THE COURT:  FINAL LIST.

24           MS. MAROULIS:  YOUR HONOR, WE HAVE ONE QUESTION

25   REGARDING THE EXHIBIT LIST.  AS YOU KNOW, APPLE CHANGED

1    EXPERTS.  THEY HAVE NOW JULIE DAVIS AS THEIR EXPERT.  MS. DAVIS

2    SUBMITTED A NUMBER OF NEW OPINIONS, WHICH IS THE SUBJECT OF A

3    MOTION THAT'S COMING UP, AND SAMSUNG WOULD RESPECTFULLY REQUEST

4    A DEPARTURE FROM THE SAME EXHIBITS RULE FOR THE SOLE PURPOSE OF

5    IMPEACHMENT OF MS. DAVIS, BECAUSE WHEN WE WERE WORKING WITH

6    MR. MUSIKA AND DEPOSING HIM AND DOING IMPEACHMENT AND WHATNOT,

7    WE WERE LIMITED TO ONE SET OF DOCUMENTS.

8         AND NOW THIS IS A NEW PERSON, A NEW EXPERT WHO HAS A NEW

9    SET OF OPINIONS AND IF WE'RE NOT ABLE TO USE ANY NEW DOCUMENTS

10   AT ALL TO CONTRADICT HER OPINIONS, UNLESS THEY'RE STRICKEN,

11   THAT WOULD BE PREJUDICIAL TO SAMSUNG.

12         THE COURT:  IS THERE ANY OBJECTION FROM APPLE AS TO

13   THAT?

14         MR. MCELHINNY:  THERE IS, YOUR HONOR.

15         THE COURT:  WHAT'S THAT?

16         MR. MCELHINNY:  I DON'T UNDERSTAND THE LOGIC THAT

17   THERE WOULD BE DIFFERENT IMPEACHMENT OF MS. DAVIS.  MS. DAVIS

18   IS RESTRICTED TO GIVING MR. -- THE OBJECTION IS THAT THIS OPENS

19   THE WORLD TO ALL -- I MEAN, ALL OF A SUDDEN EVERY DOCUMENT --

20   THERE'S NO WAY FOR ME TO KNOW WHAT DOCUMENTS THEY'RE TALKING

21   ABOUT, WHAT THE UNIVERSE OF EXHIBITS BECOMES SUDDENLY.

22         THE COURT:  UM-HUM.

23         MR. MCELHINNY:  WE HAVE A WITNESS WHO'S BEEN -- AND

24   YOU'LL HEAR THE MOTIONS, YOU'LL SEE IT -- VERY STRICTLY, BY

25   YOUR HONOR'S ORDER, COMPELLED TO GIVE EXACTLY THE SAME OPINIONS

1    THAT MR. MUSIKA GAVE --

2            THE COURT:  UM-HUM.

3            MR. MCELHINNY:  -- USING THE SAME METHODOLOGIES,

4    USING THE SAME DOCUMENTS THAT HE USED, ESSENTIALLY.

5        THE CONCEPT THAT THERE'S NEW IMPEACHMENT AND, THEREFORE,

6    THERE'S THIS BIG GAPING HOLE IN THE EXHIBIT RULE -- TO DO IT IN

7    THIS KIND OF A CONTEXT FOR A BROAD ORDER I THINK LOSES ALL

8    CONTROL OF THE PROCESS.

9            THE COURT:  WELL, I JUST WANT TO GIVE YOU SORT OF

10   BROAD GUIDANCE, AND THEN I'LL HAVE YOU MEET AND CONFER AND THEN

11   YOU CAN TEE IT UP FOR A LATER TIME.

12       BUT I DO THINK IF THERE IS IMPEACHMENT THAT IS SPECIFIC TO

13   MS. DAVIS, I DON'T KNOW, MAYBE SHE'S GOT A CHECK FRAUD

14   CONVICTION, I --

15           MR. MCELHINNY:  IT WASN'T ADMITTED IN THE FIRST

16   TRIAL, YOUR HONOR.

17       (LAUGHTER.)

18           THE COURT:  WELL, I'M ASSUMING MR. MUSIKA DIDN'T HAVE

19   THAT CONVICTION.  I DON'T KNOW.  MAYBE IT'S YOUR CONVICTIONS AS

20   WELL.

21       (LAUGHTER.)

22           THE COURT:  BUT IF THERE'S SOME SPECIFIC IMPEACHMENT

23   AS TO HER, I THINK IT'S ONLY FAIR THAT SAMSUNG BE ALLOWED TO

24   BRING THAT UP.

25       NOW, IF THEY'RE NOW GOING TO ATTACK THE LOST PROFITS

```
 1    METHODOLOGY WITH HER OWN STATEMENT THAT'S CONTRARY, HER OWN

 2    PUBLICATION THAT'S CONTRARY TO THAT STATEMENT, I THINK THAT'S

 3    FAIR GAME, TOO.

 4         NOW, IF IT'S OTHER THIRD PARTY TREATISE THAT THEY SHOULD

 5    HAVE BEEN ABLE TO DISCOVER AND USE AGAINST MR. MUSIKA, THEN I

 6    AGREE, WHATEVER THEY SHOULD HAVE FOUND THAT WOULD BE APPLICABLE

 7    TO MR. MUSIKA SHOULD BE EXCLUDED.

 8         BUT WHATEVER IS SPECIFIC TO MS. DAVIS, HER OWN SPEECHES,

 9    HER OWN PUBLICATIONS, HER OWN CRIMINAL CONVICTIONS, WHATEVER IT

10    IS, I THINK THAT'S FAIR GAVE.

11              MR. MCELHINNY:  MAY WE HAVE A SPECIFIC DATE BY WHICH

12    THOSE ARE IDENTIFIED TO US SO THAT WE CAN FIND OUT WHAT THIS

13    UNIVERSE IS, YOUR HONOR?

14              THE COURT:  WELL, WHEN SHOULD THAT BE DECIDED?  I'M A

15    LITTLE BIT CONCERNED THAT IF A CMC TURNS INTO A MONSTER, I'M A

16    LITTLE BIT CONCERNED ABOUT OCTOBER 10 AND OCTOBER 17.

17         I WAS INITIALLY ENVISIONING ANY MOTION TO STRIKE FROM THE

18    EXPERT REPORT TO BE HEARD ON OCTOBER 10 WITH ANY DAUBERT

19    MOTION, AND THEN HAVING ANY MOTION IN LIMINE HEARD ON

20    OCTOBER 17.

21         SO WHEN DOES IT MAKE SENSE TO HAVE --

22              MS. MAROULIS:  YOUR HONOR, IT SEEMS LIKE PRETRIAL

23    CONFERENCE MATERIAL, SO IT WOULD BE HEARD AT THE PRETRIAL

24    CONFERENCE OF OCTOBER 17.

25              THE COURT:  THE 17TH?  OKAY.  I WAS GOING TO GIVE YOU
```

```
 1      DATES, AFTER CONSULTATION OF COURSE, ON THE FILINGS FOR

 2      OCTOBER 10 AND OCTOBER 17, SO WHY DON'T WE --

 3              MS. MAROULIS:  I BELIEVE THE PARTIES ACTUALLY AGREED

 4      ON THE SCHEDULE FOR MOTIONS TO STRIKE IF YOUR HONOR AGREES TO

 5      THAT SCHEDULE.

 6              THE COURT:  YES.  AUGUST 30TH, SEPTEMBER 12TH,

 7      SEPTEMBER 19TH IS FINE.  SO THERE'S GOING TO BE, WHAT, ONE

 8      MOTION TO STRIKE EACH?  OR DO YOU NOT ANTICIPATE BRINGING THAT?

 9              MR. MCELHINNY:  AT THE MOMENT --

10              MS. MAROULIS:  SAMSUNG WILL BRING ONE.

11              MR. MCELHINNY:  AT THE MOMENT, THE CURRENT ORDER FROM

12      YOUR HONOR IS ONE MOTION EACH, WITH A SEVEN PAGE LIMIT.

13              THE COURT:  RIGHT.  ARE YOU GOING TO EXERCISE THAT?

14              MR. MCELHINNY:  OH, WE CERTAINLY ARE, YOUR HONOR.

15              THE COURT:  OH, YOU ARE.  OKAY.  ALL RIGHT.

16          SO THE CURRENT LIMIT IS ONE DAUBERT AND ONE MOTION TO

17      STRIKE EACH.

18              MR. MCELHINNY:  TO BE VERY SPECIFIC --

19              THE COURT:  YES.

20              MR. MCELHINNY:  -- WITH YOUR ORDER ON THIS DAUBERT

21      ISSUE, BECAUSE THIS HAS GOTTEN A LITTLE BIT -- WHAT YOUR HONOR

22      ORDERED AT THE LAST CASE MANAGEMENT CONFERENCE WAS THERE WAS A

23      SINGLE MOTION, ONLY SAMSUNG GOT TO FILE IT, AND THAT IT WAS

24      LIMITED TO MS. DAVIS'S QUALIFICATIONS.

25          IN OUR MEET AND CONFER, SAMSUNG SAYS NOW THEY WANT TO FILE
```

1    ANY DAUBERT, WHICH, ONE, BROADENS WHAT THEY'RE ENTITLED TO DO;

2    BUT IT PUTS US IN A POSITION WHERE THEY'RE FILING A DAUBERT

3    MOTION AND WE ARE NOT.

4            THE COURT:  OH.  I SEE.

5            MS. MAROULIS:  YOUR HONOR, I --

6            THE COURT:  I SEE.  I AGREE.  IT DOES SAY THAT

7    SAMSUNG CAN ONLY FILE A 702 MOTION AS TO THE QUALIFICATIONS OF

8    APPLE'S NEW EXPERT.  I THINK THAT'S FAIR IF YOUR THEORIES AND

9    METHODOLOGIES ARE REALLY THE SAME AS MR. MUSIKA'S.

10      BUT THAT WOULD BE THE SEPARATE SUBJECT OF A MOTION TO

11   STRIKE.

12           MS. MAROULIS:  YES, YOUR HONOR.  THAT IS OUR CONCERN,

13   BECAUSE THE REPORT OF MS. DAVIS IS NOT IN KEEPING WITH THAT

14   ORDER.  IT HAS A LOT OF NEW THEORIES AND A LOT OF NEW

15   SUBSTANCE.  SO WE UNDERSTAND THE ORDER TO HAVE BEEN THAT WE GET

16   ONE MOTION TO STRIKE AND ONE MOTION ON QUALIFICATIONS, BUT WE

17   BELIEVE WE MIGHT NEED TO BRING YOU THE DAUBERT OR MOTION IN

18   LIMINE OR SOMETHING.  BUT --

19           MR. MCELHINNY:  SO THAT IT COULD -- AGAIN, SO THAT

20   IT'S CLEAR --

21           THE COURT:  UM-HUM.

22           MR. MCELHINNY:  -- AND I -- THIS IS NOT SOMETHING

23   THAT I WANTED TO RAISE TODAY BECAUSE I WAS GOING TO RAISE IT IN

24   THE MOTION TO STRIKE.

25           THE COURT:  UM-HUM.

1      MR. MCELHINNY:  BUT SINCE THE LAST TRIAL, SAMSUNG HAS

2   SENT ITS DAMAGE EXPERT, MR. WAGNER, TO KOREA.  HE HAS

3   INTERVIEWED FOUR NEW PEOPLE.  HE HAS ALL NEW TESTIMONY, BASED

4   ON THE INTERVIEWS THAT HE GOT FOR THEM, AS TO THE ALLOCATION OF

5   COSTS, WHICH, AS YOU REMEMBER, WAS A BIG HOLE IN HIS TESTIMONY

6   BEFORE.

7      HE HAS EXAMINED THE RE-EXAMINATION FILES.  HE IS NOW

8   OPINING BASED ON THE RE-EXAMINATION FILES AND THINGS THAT

9   HAPPENED AFTER THE TRIAL.

10      WE WERE GOING TO RAISE THAT AT THE APPROPRIATE TIME IN THE

11   MOTION TO STRIKE AS NEW MATERIAL, AND THAT'S WHAT WE INTEND TO

12   DO.

13      THE COURT:  UM-HUM.

14      MR. MCELHINNY:  BUT IF THERE'S GOING TO BE DAUBERTS

15   OTHER THAN THE QUALIFICATION MOTION, IF YOUR HONOR WANTS TO

16   GIVE US THAT, THAT'S FINE.

17      BUT WE WOULD LIKE ONE, TOO.  WE DON'T WANT TO BE --

18      THE COURT:  WELL, IF YOUR CHARACTERIZATION IS TRUE,

19   THEN I WOULD GRANT THE MOTION TO STRIKE THAT.

20      MR. MCELHINNY:  THAT'S WHAT WE THINK.

21      THE COURT:  OKAY.  BUT I'D LIKE TO KEEP -- I'D LIKE

22   TO HOLD THE LINE AND KEEP THE DAUBERTS TO SAMSUNG'S MOTION

23   REGARDING MS. DAVIS'S QUALIFICATIONS, BECAUSE I REALLY DO

24   INTEND TO STRICTLY ENFORCE THE MUST PROCEED WITH THE SAME

25   METHODOLOGIES, SAME DATA, AND SAME THEORIES.

1          MR. MCELHINNY:  WE'RE ABSOLUTELY FINE WITH THAT.

2          THE COURT:  OKAY.  SO THEN THE -- WHATEVER ADDITIONAL

3     EXHIBITS THAT YOU WANT TO INTRODUCE AT THE TRIAL NEEDS TO BE

4     FULLY BRIEFED BETWEEN AUGUST 30TH AND I GUESS SEPTEMBER 19TH.

5        SO WHEN ARE YOU GOING TO DO THAT?  THAT DOESN'T LEAVE THAT

6     MUCH TIME FOR THE EXCHANGE.

7          MS. MAROULIS:  YOUR HONOR, THAT IS VERY SHORT.  WE'RE

8     DEPOSING MS. DAVIS ON MONDAY.

9          THE COURT:  OKAY.  WELL, WHAT IF WE SAID -- DO YOU

10    THINK A REPLY WILL BE NECESSARY?  PROBABLY WOULD BE HELPFUL.

11         MR. MCELHINNY:  IT'S THEIR MOTION, YOUR HONOR.

12       OH, NO, IT'S OUR MOTION.  YES, A REPLY WOULD BE HELPFUL.

13         THE COURT:  WELL --

14         MR. MCELHINNY:  IN THEIR CASE IT WOULD BE A WASTE OF

15    TIME AND RESOURCES, YOUR HONOR.

16       (LAUGHTER.)

17         THE COURT:  WELL, I MEAN, THE SAME THING APPLIES IF

18    THERE'S SOME NEW EXHIBIT THAT APPLE WANTS TO INTRODUCE, SAMSUNG

19    SIMILARLY MAY MOVE TO STRIKE IT.

20         MR. MCELHINNY:  RIGHT.  I DO THINK REPLIES HELP

21    GENERALLY.  I KNOW THEY ADD TO YOUR HONOR'S BURDEN.

22         MS. MAROULIS:  YOUR HONOR, I AGREE THAT REPLIES ARE

23    HELPFUL.

24         THE COURT:  OKAY.

25         MS. MAROULIS:  WE'D APPRECIATE A LITTLE BIT MORE

```
 1      TIME, BECAUSE --

 2              THE COURT:  THAT'S FINE.  WHEN CAN YOU -- THIS IS

 3      WHAT I'M GOING TO SUGGEST, SINCE SEPTEMBER 19TH GIVES US SOME

 4      CUSHION.  WHAT IF ON -- WHEN CAN YOU -- THIS ESSENTIALLY

 5      REQUIRES YOU TO EXCHANGE YOUR EXHIBIT LISTS IN TIME TO BRIEF

 6      THIS ISSUE BEFORE OUR OCTOBER 17TH DATE.  OR WHAT -- OH, NO,

 7      I'M SORRY.  WHEN DID I SAY -- OH, OCTOBER -- YEAH, THAT'S

 8      RIGHT, OCTOBER 17TH.

 9         SO I WOULD NEED IT FULLY BRIEFED BY SEPTEMBER 26TH, SO YOU

10      COULD FILE IT SEPTEMBER 12, SEPTEMBER 19, AND SEPTEMBER 26.

11      WHAT ABOUT THAT?

12              MS. MAROULIS:  YES, YOUR HONOR.

13              THE COURT:  OKAY.  SO WHEN CAN YOU EXCHANGE YOUR

14      EXHIBIT LISTS?

15              MS. MAROULIS:  NOW, THIS MOTION PRACTICE WOULD BE AS

16      TO ANY EXHIBITS NOT ON THE PRIOR EXHIBIT LIST, RIGHT, YOUR

17      HONOR?

18              THE COURT:  YES.

19              MS. MAROULIS:  SO CONCEIVABLY, WE CAN EXCHANGE JUST

20      THOSE PRIOR TO BRIEFING?

21              MR. MCELHINNY:  I WANT TO MAKE SURE I'M ON THE SAME

22      PAGE.  THE BRIEFING YOU HAVE JUST SET IS FOR THE OBJECTIONS

23      TO --

24              THE COURT:  EXHIBITS.

25              MR. MCELHINNY:  -- EXHIBITS.  SO IT INCLUDES THE
```

```
1       RELEVANCE OBJECTIONS THAT MS. MAROULIS IS TALKING ABOUT.  SO

2       IT'S -- BUT NEW EXHIBITS HAVE TO BE EXCHANGED AND EXHIBITS --

3       AND WE HAVE THE TRIAL LIST, SO IT SHOULD -- THE EXCHANGE SHOULD

4       BE OF NEW EXHIBITS.

5               MS. MAROULIS:  AGREED.

6               THE COURT:  WELL, NO, THAT'S NOT CORRECT, BECAUSE WE

7       JUST SAID THAT THE DOZEN TO TWO DOZEN DOCUMENTS THAT

8       MS. MAROULIS RAISED, WE SET THE HEARING DATE ON THAT FOR

9       OCTOBER 17TH AS WELL.

10              MR. MCELHINNY:  RIGHT.

11              THE COURT:  SO I THINK THIS BRIEFING SCHEDULE HAS TO

12      APPLY TO ANY EXHIBIT THAT WAS ADMITTED IN THE LAST TRIAL THAT

13      ONE PARTY IS SEEKING TO HAVE ADMITTED IN THIS TRIAL.

14              MR. MCELHINNY:  RIGHT.

15              THE COURT:  SO WHEN CAN YOU -- SO YOU'LL HAVE TO

16      BASICALLY EXCHANGE YOUR COMPLETE EXHIBIT LIST.

17              MR. MCELHINNY:  AND I WOULD SUGGEST WE DO THAT A WEEK

18      BEFORE THE FIRST BRIEF IS DUE, YOUR HONOR.

19              THE COURT:  SO THAT WOULD BE SEPTEMBER 5TH.  IS THAT

20      ENOUGH TIME?

21              MR. MCELHINNY:  IT IS FOR US.

22              MS. MAROULIS:  CAN WE DO IT MONDAY OF THAT WEEK,

23      WHICH WOULD BE THE 9TH?

24              THE COURT:  OKAY.  YOU WILL HAVE TO FILE

25      OBJECTIONS --
```

1          MR. MCELHINNY:  THAT ONLY GIVES YOU THREE DAYS.  I

2     MEAN, THAT'S THE PROBLEM.

3          THE COURT:  OKAY.  ALL RIGHT.  WHAT ABOUT THIS?  THIS

4     IS WHAT I'M GOING TO SUGGEST:  DO YOUR EXCHANGE SEPTEMBER 9TH;

5     WE'LL HAVE THE MOTION SEPTEMBER 16TH; THE OPPOSITION ON THE

6     23RD; AND THE REPLY ON THE 30TH.  THAT KIND OF CUTS INTO OUR

7     TIME TO PREPARE, BUT -- CAN WE PUT SOME LIMIT ON THIS?  I MEAN,

8     WE'RE JUST -- WE JUST -- IT'S MY CONSTANT REFRAIN, WE JUST

9     DON'T HAVE THE RESOURCES THAT YOU ALL DO, SO IF YOU ALL SUBMIT

10    A REALLY LARGE VOLUME, I'M JUST CONCERNED THAT WE MAY NOT BE

11    ABLE TO GIVE YOU AN ANSWER BY OCTOBER 17TH.

12      I'D LIKE TO IMPOSE SOME LIMIT ON THIS NUMBER OF EXHIBITS

13    THAT CAN BE DISPUTED, PAGE LIMITS.  WHAT CAN YOU DO TO HELP?

14    WE'RE TRYING TO GIVE YOU SPEEDY AND GOOD QUALITY JUSTICE, BUT

15    WE JUST CAN'T, UNFORTUNATELY --

16          MS. MAROULIS:  MR. ANDERSON SUGGESTS SEVEN PAGES.  IS

17    THAT --

18          THE COURT:  OKAY.

19          MR. MCELHINNY:  I WAS GOING TO SUGGEST -- I WAS GOING

20    TO DO IT A DIFFERENT WAY.  I WAS GOING TO SUGGEST SIX LINES PER

21    DOCUMENT FOR OBJECTIONS.

22          THE COURT:  WELL, I THINK I'D RATHER DO IT BY PAGES.

23    THERE MAY BE SOME --

24          MR. MCELHINNY:  FINE.

25          THE COURT:  -- THAT ARE A PRETTY OBVIOUS ONE SENTENCE

```
 1        OBJECTION.

 2            ALL RIGHT.  NOW, WHAT ABOUT NUMBER OF EXHIBITS?  CAN WE PUT

 3        SOME LIMIT ON THAT AS WELL?  SO, WHAT, SEVEN PAGES FOR THE

 4        MOTION, SEVEN PAGES FOR THE OPPOSITION, AND, WHAT, FOUR PAGES

 5        FOR THE REPLY?

 6                MS. MAROULIS:  YES.

 7                THE COURT:  OKAY.  CAN WE PLEASE PLACE SOME NUMERICAL

 8        LIMIT?  AND WHATEVER DOESN'T GET DECIDED, I'LL JUST HAVE TO

 9        DECIDE IN OUR NORMAL COURSE OF EVIDENTIARY OBJECTIONS DURING

10        THE TRIAL.  WE'LL DO OUR SAME PROCEDURE AS LAST TIME.

11                MR. MCELHINNY:  RIGHT.  I'M THINKING.  THE PROBLEM IS

12        I DON'T KNOW THE UNIVERSE.  THAT'S THE PROBLEM.

13                THE COURT:  YEAH.  I JUST THINK THAT THERE WILL BE A

14        HUMAN LIMIT TO WHAT WE CAN HANDLE FOR YOU.

15                MR. MCELHINNY:  OH, NO, I'M SURE THAT'S TRUE.

16                THE COURT:  YEAH.

17                MR. MCELHINNY:  BUT I'M THINKING SEVEN PAGES IS A --

18                THE COURT:  RIGHT.  BUT YOU COULD PUT IN ONE SENTENCE

19        AND THEN LIST, YOU KNOW, 200 EXHIBIT NUMBERS.

20                MR. MCELHINNY:  RIGHT.

21                THE COURT:  AND THAT --

22                MR. MCELHINNY:  I WOULD SAY 20, YOUR HONOR, WHICH, BY

23        MY CALCULATION, IS SIX LINES PER OBJECTION.

24            (LAUGHTER.)

25                THE COURT:  WELL, WILL THAT GIVE YOU ENOUGH,
```

```
1      MS. MAROULIS?  BECAUSE YOU THOUGHT THERE MIGHT BE MAYBE 24

2      ON THE --

3              MR. MCELHINNY:  THE REASON I SAY THAT IS LAST TIME

4      WHAT WORKED ACTUALLY WAS WE PICKED EXHIBITS THAT SET UP A

5      RULE --

6              THE COURT:  UM-HUM.

7              MR. MCELHINNY:  -- THAT SET A PRECEDENT.  ONCE WE

8      KNEW HOW YOU WERE RULING ON THIS ONE, WE WERE ABLE TO SAY THIS

9      IS THE SAME AS THAT.

10             MS. MAROULIS:  IF THE COURT AGREES WITH GIVING US 20

11     PAGES, WE'LL TAKE 20 PAGES.

12             MR. MCELHINNY:  OH, NO.  I'M TALKING ABOUT 20

13     EXHIBITS.

14             THE COURT:  NO, NO, EXHIBITS.

15             MS. MAROULIS:  THAT IS LESS THAN WHAT WE ENVISIONED,

16     YOUR HONOR, JUST BASED ON WHAT WE'VE SEEN SO FAR IN DISCOVERY.

17             THE COURT:  OKAY.

18             MS. MAROULIS:  IF --

19             THE COURT:  HOW MANY -- I'M SORRY TO INTERRUPT YOU.

20     HOW MANY DO YOU THINK THERE MIGHT BE WITH REGARD TO MS. DAVIS?

21     DO YOU HAVE A SENSE OF THE RANGE OF THE UNIVERSE ON THAT?  OR

22     NOT YET?

23             MS. MAROULIS:  NOT YET.  WE HAVEN'T DEPOSED HER YET.

24      BUT ONE OF THE THINGS THAT MIGHT BE HELPFUL IS THAT IF WE

25     JUST OBJECTED TO A SPECIFIC EXHIBIT, THEN 20 IS NOT ENOUGH.
```

1    BUT IF WE CAN SAY A GROUP OF EXHIBITS WITH THE SAME

2    OBJECTION COUNTS AS ONE, THAT WOULD BE GOOD.  FOR EXAMPLE, IF

3    THERE'S FOUR OR FIVE DOCUMENTS WE HAVE THE SAME OBJECTION TO,

4    IT DOESN'T MATTER WHAT THAT DOCUMENT SAYS, IF WE CAN COUNT IT

5    AS ONE ENTRY IN THAT LIST, THAT WOULD HELP.

6         THE COURT:  YEAH.  MY CONCERN, THOUGH, IS THAT WE

7    HAVE TO LOOK AT EVERY ENTRY, AND THAT'S WHERE OUR JUST, YOU

8    KNOW, RESOURCE LIMITATION COMES INTO PLAY.

9         WHAT IF WE SAID -- WHAT IF WE SAID 30, AND HOPEFULLY YOU

10   CAN SELECT -- I MEAN, THAT'S STILL A LOT FOR US.  THAT'S STILL

11   A LOT FOR US, BUT --

12        MS. MAROULIS:  WE'D LIKE MORE, BUT WE'LL TAKE WHAT WE

13   CAN, SO IF 30 IS WHAT THE COURT GIVES US, WE'LL --

14        THE COURT:  AND HOPEFULLY, LIKE MR. MCELHINNY SAID,

15   IF IT CAN BE REPRESENTATIVE, THEN HOPEFULLY A RULING ON ONE

16   WILL HELP WITH SOME OTHER DOCUMENTS THAT MAY BE IN A SOMEWHAT

17   SIMILAR CATEGORY.

18        BECAUSE IF I SAY 30, THAT MEANS WE HAVE TO REVIEW 60

19   BECAUSE THAT MEANS EACH SIDE HAS UP TO 30 EXHIBITS THAT YOU'RE

20   ASKING US TO REVIEW.

21        AND FOR THE REST, I'LL JUST, YOU KNOW, GIVE YOU A RULING

22   ACCORDING TO THE PROCEDURE WE SET UP LAST TIME.

23        MS. MAROULIS:  THANK YOU.

24        THE COURT:  OKAY.  LET'S GO AHEAD AND TALK ABOUT TIME

25   ALLOCATION.

1      WE ONLY DO, AT MOST, FIVE AND A HALF HOURS OF TRANSCRIPT

2    TIME PER DAY.  WE DON'T GET SIX AND A HALF BECAUSE THAT DOESN'T

3    TAKE INTO ACCOUNT THE MORNING BREAK AND THE TWO AFTERNOON

4    BREAKS, WHICH WE HAVE TO TAKE LEGALLY AND I JUST DON'T THINK

5    THE JURY WOULD BE ABLE TO STAY CONSCIOUS FOR ALL THAT TIME WITH

6    NO BREAKS.

7      AND I WON'T BE ABLE TO STAY CONSCIOUS WITHOUT ANY BREAKS.

8      (LAUGHTER.)

9          THE COURT:  SO ASSUMING IT TAKES A DAY, MAYBE A DAY

10   AND A HALF TO SELECT A JURY -- WELL, HOW MUCH TIME DO YOU THINK

11   YOU NEED?  13 HOURS IS TOO MANY.  WHAT -- SAMSUNG DIDN'T GIVE

12   AN EXACT HOURS PROPOSAL.  YOU SAID ANY REMAINING TIME TO BE

13   DIVIDED EQUALLY.  WHAT DO YOU --

14          MS. MAROULIS:  THAT'S RIGHT, YOUR HONOR.  WE DIDN'T

15   DISAGREE WITH APPLE'S PROPOSAL.  THEY'RE PROPOSING TO DIVIDE

16   THE TIME EQUALLY, BUT THEY ALLOCATED ONE DAY FOR JURY

17   SELECTION, AND WE THINK THAT IT MIGHT TAKE LONGER.

18          THE COURT:  UM-HUM.

19          MS. MAROULIS:  IT MAY NOT.

20          THE COURT:  UM-HUM.

21          MS. MAROULIS:  SO THE COURT ALLOCATED THE DATES FOR

22   THIS TRIAL, SO WE WILL SIMPLY USE UP THE REMAINING TIME AND

23   DIVIDE IT EQUALLY.

24          THE COURT:  OKAY.  WITHOUT SPECIFYING IN ADVANCE?

25          MS. MAROULIS:  I THINK APPLE CALCULATED IT TO BE 13

```
1    HOURS PER SIDE.  IF THAT DOESN'T INCLUDE BREAKS FOR THE COURT

2    REPORTER, THEN WE SHOULD TAKE IT DOWN TO, WHAT, 11 OR 12 HOURS?

3              MR. MCELHINNY:  I THINK -- YOU KNOW, THE EASY ANSWER

4    HERE I GUESS IS IF IT'S ALLOCATED 50/50, ONCE WE HAVE PICKED A

5    JURY, YOUR HONOR CAN TELL US HOW MUCH TIME WE HAVE AND DIVIDE

6    IT.

7              THE COURT:  RIGHT.  WELL, WHEN I HAD SET

8    NOVEMBER 12TH THROUGH THE 18TH, AND I WAS INCLUDING THAT, YOU

9    KNOW, READING THE PRELIMINARY JURY INSTRUCTIONS WOULD BE

10   INCLUDED IN THAT, CLOSING ARGUMENTS, AND FINAL JURY

11   INSTRUCTIONS WOULD BE INCLUDED IN THAT.

12      SO THE TIME LIMITS THAT YOU'RE DISCUSSING DON'T PROVIDE FOR

13   THAT, EITHER, IN ADDITION TO NOT PROVIDING FOR ANY BREAKS.

14      I COULD LEAVE IT FLEXIBLE, BUT I THINK IT PROBABLY WOULD BE

15   MORE HELPFUL TO THE PARTIES TO KNOW WHAT YOUR TIME LIMIT IS IN

16   ADVANCE.  THAT'S MY GUESS.

17      OKAY.  SO NOVEMBER 11 IS A HOLIDAY.  IF WE SPEND --

18      (PAUSE IN PROCEEDINGS.)

19              THE COURT:  WHAT ABOUT NINE HOURS PER SIDE?

20              MS. MAROULIS:  THAT'S FINE, YOUR HONOR.

21              THE COURT:  CAN I GET EIGHT?

22              MR. MCELHINNY:  I WAS GOING TO GO FOR 12.

23              THE COURT:  WELL --

24              MR. MCELHINNY:  I MEAN, WE'RE THE PLAINTIFF HERE,

25   YOUR HONOR.  THERE'S HUNDREDS OF MILLIONS OF DOLLARS AT STAKE.
```

1    WE HAVE TO HAVE TIMING -- I MEAN, THIS IS ONE OF -- I MEAN,

2    IT'S -- I KNOW I'M IN TROUBLE ALREADY, BUT THE FACT THAT YOU

3    TOLD US YOU'RE NOT GOING TO DO A NEUTRAL STATEMENT PROBABLY

4    SAVES US DAYS OF FRUITLESS MEETING AND CONFERRING.  SO WE'RE

5    GETTING VERY HELPFUL GUIDANCE FROM YOU TODAY.

6              THE COURT:  UM-HUM.

7              MR. MCELHINNY:  BUT IF YOU'RE NOT GOING TO DO THAT,

8    THEN THAT CHANGES -- I MEAN, THAT JUST MAKES THE CASE -- IT

9    PUTS -- IT MAKES IT MORE COMPLEX FOR ME TO FIGURE OUT HOW TO

10   GET THE FACT OF DAMAGES ACROSS AND WHAT INFRINGEMENT MEANS AND

11   WHAT HAS HAPPENED, AND THESE ARE NOT THINGS THAT JURORS

12   AUTOMATICALLY UNDERSTAND.

13       AND I JUST -- I HAVE TO GIVE THAT SOME THOUGHT, BUT CUTTING

14   MY TIME IS NOT GOING TO HELP THAT.

15             THE COURT:  DID WE SET TIME LIMITS ON OPENING AND

16   CLOSING?

17             MR. MCELHINNY:  NOT YET, YOUR HONOR.

18             THE COURT:  ALL RIGHT.  WHY DON'T WE DO THAT?

19             MR. MCELHINNY:  WE'D LIKE AN HOUR TO OPEN.

20             THE COURT:  I'M LOOKING FOR MY JULY 2012 ORDERS.

21       HOW MUCH DID YOU HAVE LAST TIME?

22             MR. MCELHINNY:  I THINK WE HAD MORE, YOUR HONOR,

23   BECAUSE WE HAD CROSS-CLAIMS, SO I THINK WE HAD MULTIPLE PIECES.

24             THE COURT:  I THINK I LEFT IT BACK --

25             MR. MCELHINNY:  MR. LEE, WHO, AMONGST OTHER THINGS,

```
1      SERVES AS MY MEMORY, SAYS THAT WE HAD AN HOUR AND A HALF FOR

2      OPENING AND TWO HOURS FOR CLOSING.

3              THE COURT:  LET ME HEAR FROM MS. MAROULIS.  HOW MUCH

4      TIME DO YOU THINK IS NECESSARY FOR OPENING AND CLOSING?

5              MS. MAROULIS:  YOUR HONOR, PROBABLY ONE HOUR FOR

6      OPENING AND ONE TO ONE AND A HALF HOURS FOR CLOSING.  I MEAN,

7      THE PARTIES DON'T HAVE TO USE UP EVERY MINUTE OF IT.

8              THE COURT:  UM-HUM.  WHAT DID YOU SAY FOR CLOSING,

9      PLEASE?

10             MS. MAROULIS:  ONE TO ONE AND A HALF.

11             MR. MCELHINNY:  I WOULD --

12             THE COURT:  WHAT ABOUT ONE HOUR FOR OPENING AND ONE

13     AND A HALF HOURS FOR CLOSING?

14             MR. MCELHINNY:  WE CAN DO THAT.  THAT WOULD BE GOOD.

15             THE COURT:  I WOULD ACTUALLY BRING THAT DOWN TO 45

16     MINUTES FOR OPENING, BUT IF YOU'RE SAYING THAT YOU ABSOLUTELY

17     HAVE TO HAVE ONE HOUR -- CAN YOU DO IT IN 45 MINUTES?

18             MR. MCELHINNY:  I CAN DO IT IN 45 MINUTES, YOUR

19     HONOR.

20             THE COURT:  MS. MAROULIS, WOULD THAT BE SUFFICIENT

21     FOR YOU?

22             MS. MAROULIS:  YOUR HONOR, MR. PRICE IS NOT HERE, AND

23     I THINK HE'LL NEED AN HOUR, OR AT LEAST HE WOULDN'T WANT ME TO

24     GIVE UP THAT 15 MINUTES IF I CAN.

25             MR. MCELHINNY:  AND I NEED THE SAME AMOUNT OF TIME
```

1          MR. PRICE HAS.

2                    THE COURT:  I UNDERSTAND.

3            (LAUGHTER.)

4                    THE COURT:  I KNOW.

5                    MS. MAROULIS:  MAY WE STICK WITH ONE HOUR FOR NOW AND

6        IF, BY THE NEXT TIME WE SEE EACH OTHER, IF BILL SAYS HE DOESN'T

7        NEED THE WHOLE HOUR, WE CAN REVISE?

8                    THE COURT:  OKAY.  IF IT COULD GO TO 45 MINUTES, THAT

9        WOULD BE GREAT.

10          AND IF THE CLOSING COULD GO TO ONE HOUR AND 15 MINUTES

11       EVEN, THAT WOULD BE GREAT.

12                   MR. MCELHINNY:  THE CLOSING IS GOING TO BE MUCH

13       TOUGHER, YOUR HONOR.  THERE'S A LOT OF ACCOUNTING, A LOT OF

14       NUMBERS.  VERY DIFFICULT.

15                   THE COURT:  ALL RIGHT.  I'LL LEAVE THAT AT ONE AND A

16       HALF.

17          OKAY.  I'M JUST TRYING TO CALCULATE.  SO MONDAY IS A

18       HOLIDAY.  TUESDAY ALL DAY WE'LL HAVE JURY SELECTION,

19       POTENTIALLY WEDNESDAY WE'LL HAVE JURY SELECTION, AT LEAST IN

20       THE MORNING IS MY GUESS.

21          WE'RE ONLY HAVING EIGHT JURORS THIS TIME, SO IT'S GOING TO

22       BE A LITTLE BIT EASIER, YOU KNOW, ONE FEWER PEREMPTORY EACH

23       SIDE AND FEWER JURORS TO SELECT, BUT THERE'S GOING TO BE A LOT

24       MORE QUESTIONING REGARDING KNOWLEDGE OF THIS CASE.

25          SO IF WE HAD THREE HOURS ON WEDNESDAY AFTERNOON, AND THEN

1    ROUGHLY FIVE, FIVE AND A HALF HOURS THURSDAY, FRIDAY, MONDAY,

2    AND THEN WE NEED TO LEAVE A FULL DAY FOR THE READING OF THE

3    FINAL JURY INSTRUCTIONS AND CLOSING ARGUMENT, WHICH IS GOING TO

4    BE, AT A MINIMUM, THREE HOURS PLUS THE BREAKS, POTENTIALLY

5    THREE AND A HALF HOURS.

6        I WOULD LIKE FOR THIS CLOSING AND FINAL JURY INSTRUCTIONS

7    TO HAPPEN ON TUESDAY, THE 19TH.  I'M PLANNING ON HAVING MY

8    REGULAR CRIMINAL CALENDAR ON WEDNESDAY MORNING, NOVEMBER 20TH.

9    THE JURY CAN DELIBERATE WHEN I HAVE MY OTHER CIVIL AND CRIMINAL

10   CALENDARS, BUT I WILL NEED TO AT LEAST HAVE THEM FULLY ABLE TO

11   START DELIBERATING BY THE END OF THE DAY ON THE 19TH.

12       SO UNDERSTANDING THAT'S THE CASE, YOU'LL HAVE -- I THINK WE

13   SHOULD KEEP IT NINE HOURS PER SIDE.

14       NOW, WE COULD LEAVE IT FLEXIBLE IF YOU WANT.  IF IT TURNS

15   OUT THAT WE DO REALLY COMPLETE JURY SELECTION IN ONE DAY AND

16   YOU DO HAVE A FULL DAY ON THE 13TH, I WOULD BE WILLING, AT THAT

17   POINT -- OH, ACTUALLY, I'M NOT EVEN INCLUDING THE OPENING -- I

18   THINK NINE HOURS IS EVEN DIFFICULT BECAUSE IF YOU HAVE AN HOUR

19   FOR OPENING, THEN THAT WILL PRETTY MUCH TAKE UP ALL OF

20   WEDNESDAY, THE 13TH.  IF WE ARE CONTINUING TO DO JURY SELECTION

21   IN THE MORNING AND YOU HAVE TWO ONE HOUR STATEMENTS WITH A

22   BREAK IN THE AFTERNOON, WE'LL JUST BARELY START.  HOW MUCH TIME

23   WOULD THAT BE?  LET'S SAY YOU ONLY HAVE ONE HOUR ON THE 13TH,

24   AT MOST.

25           THE CLERK:  JUDGE, AND ALSO THE PRELIMINARY

```
1    INSTRUCTIONS.

2              THE COURT:  THAT'S TRUE.  SO I THINK THERE WILL BE NO

3    TIME ON THE 13TH.  MOST LIKELY WE'LL BE SELECTING A JURY AND --

4    YOU DON'T NEED TO SHOW THE PATENT VIDEO THIS TIME, RIGHT, THE

5    FJC?

6              MR. MCELHINNY:  WE DON'T, YOUR HONOR.

7              MS. MAROULIS:  THAT'S CORRECT.

8              THE COURT:  OKAY.  SO IT'LL BE THE PRELIMINARY

9    INSTRUCTIONS, PLUS OPENINGS, WHICH THAT'S EASILY GOING TO TAKE

10   HALF A DAY.

11       I'D LIKE TO SAY EIGHT HOURS PER SIDE.  CAN YOU LIVE WITH

12   THAT, MR. MCELHINNY?  AND THAT WAY WE WILL BE CONCLUDING WITH

13   ALL THE EVIDENCE BY MONDAY, THE 18TH, AND THE 19TH WE CAN HAVE

14   THE FINAL JURY INSTRUCTIONS, ANY JURY INSTRUCTION CONFERENCE IF

15   WE NEED ONE, WE NEED TO BUILD IN TIME FOR THAT, AND CLOSING

16   ARGUMENTS WHICH ARE GOING TO TAKE THREE HOURS.

17             MR. MCELHINNY:  WE APPRECIATE THE OPPORTUNITY TO HAVE

18   THIS TRIAL, YOUR HONOR.  WE CAN LIVE WITH THIS.

19             THE COURT:  OKAY.

20             MR. MCELHINNY:  ALTHOUGH IF, IN FACT, OUR EXPECTATION

21   AND THE JURY GETS PICKED -- IF THERE'S EXTRA TIME GENERATED ON

22   TUESDAY AND WEDNESDAY BY SOME GOOD FORTUNE, CAN WE STAY

23   FLEXIBLE THAT YOU WILL DIVIDE THAT TIME EQUALLY AND GIVE IT

24   BACK TO US?

25             THE COURT:  WELL, MY ONLY CONCERN IS WE'LL PROBABLY
```

1      NEED A JURY INSTRUCTION CONFERENCE.

2            MR. MCELHINNY:  UM-HUM.

3            THE COURT:  SO MY GUESS IS THERE WILL BE ONE THING

4      WE'RE NOT ACCOUNTING FOR.  LAST TIME THAT CONFERENCE TOOK

5      BASICALLY A WHOLE HALF DAY.  HOPEFULLY IT WON'T TAKE THAT LONG

6      THIS TIME.

7         BUT I'M SURE THERE WILL BE OTHER MOTIONS THAT YOU ALL WILL

8      BE BRINGING THAT NEED TO BE DECIDED.  SO --

9            MR. MCELHINNY:  OKAY.  AT THIS POINT ALL I'M ASKING

10     IS THAT THE DAYS ARE FIXED, SO IF SOMEHOW EXTRA TIME DOES

11     GENERATE EARLY ON IN THE PROCESS, THAT IT GET REDISTRIBUTED.

12     IF THERE'S NO EXTRA TIME, THERE'S NO EXTRA TIME.

13           THE COURT:  RIGHT.  BUT WHAT I'M SAYING IS ON THE

14     FRONT END, I WON'T BE ABLE TO CALCULATE THAT UNTIL WE GET TO

15     THE JURY INSTRUCTION STAGE.

16           MR. MCELHINNY:  OKAY.  ALL RIGHT.

17           THE COURT:  OKAY.  SO IT WILL BE EIGHT HOURS PER

18     SIDE, AND EVEN THAT MAY BE SOMEWHAT DIFFICULT TO DO WITH THIS

19     TIGHT SCHEDULE.

20        OKAY.  SO THAT'S THE TIME ALLOCATION.

21        MOTIONS IN LIMINE, LET'S HAVE THEM FILED ON SEPTEMBER 12TH,

22     THE OPPOSITIONS FILED ON SEPTEMBER 26TH WITH NO REPLIES.

23        I -- SINCE YOU ALREADY HAVE A MOTION TO STRIKE AND YOU HAVE

24     A DAUBERT MOTION AND YOU HAVE MOTIONS TO EXCLUDE EXHIBITS, I

25     REALLY DON'T THINK THAT YOU'LL NEED THAT MANY MOTIONS IN

```
 1        LIMINE, ESPECIALLY SINCE WE REALLY SHOULD BE RETRYING THE SAME

 2   CASE.

 3        SO I WOULD LIKE TO LIMIT YOU TO FOUR MOTIONS OF THREE PAGES

 4   EACH.  CAN YOU LIVE WITH THAT?

 5             MR. MCELHINNY:  I CAN LIVE WITH THAT.

 6             MS. MAROULIS:  YES, YOUR HONOR.

 7             THE COURT:  DO YOU EVEN NEED THAT?  CAN WE SHRINK

 8   THAT FURTHER?

 9             MS. MAROULIS:  PREFERABLY NOT.

10             MR. MCELHINNY:  THIS IS THE NEGOTIATING PROBLEM.

11   EVERY TIME I TRY TO AGREE, YOU TAKE SOME BACK.  I'M LEARNING

12   THE PROCESS HERE, BUT IT'S NOT WORKING FOR ME.

13             MS. MAROULIS:  I SUPPORT MR. MCELHINNY IN WANTING TO

14   STICK WITH FOUR MOTIONS.

15             THE COURT:  OKAY, FINE, FINE.

16        (LAUGHTER.)

17             THE COURT:  OKAY.  SO FOUR MOTIONS, THREE PAGES EACH,

18   PLEASE.

19             MS. MAROULIS:  YES.

20             THE COURT:  OKAY.  ALL RIGHT.  NOW, YOU DON'T WANT

21   ANY MORE ADR.  I ACCEPT THAT.

22        ARE YOU STILL AT LEAST TALKING?  OR CAN I --

23             MR. LEE:  IT'S THE SAME SITUATION AS WE REPORTED TO

24   YOU A COUPLE WEEKS AGO.

25             MS. MAROULIS:  CORRECT.
```

1            THE COURT:  OKAY.  SO NOTHING REALLY NEW?

2            MR. LEE:  NOTHING.

3            THE COURT:  ALL RIGHT.  NOW, LET ME ASK, ARE YOU ALL

4    GOING TO -- REGARDLESS OF WHAT HAPPENS, ARE YOU GOING TO SEEK A

5    WHOLE ROUND OF POST-TRIAL MOTIONS, OR ARE YOU JUST GOING TO

6    SEEK ENTRY OF THE JUDGMENT AND GO STRAIGHT UP ON APPEAL?

7            MR. MCELHINNY:  YOU HAVE TO ASK SAMSUNG, YOUR HONOR.

8    IT'S GOING TO BE THEIR OPTION.

9            MS. MAROULIS:  YOUR HONOR, WE EXPECT TO HAVE

10   POST-TRIAL MOTIONS.

11           THE COURT:  OKAY.

12           MS. MAROULIS:  BUT WE DON'T KNOW THE SCOPE OF THEM

13   YET.

14           THE COURT:  SURE.

15           MS. MAROULIS:  SO WE WOULD SUGGEST PUTTING OFF THE

16   SCHEDULING UNTIL WE HAVE -- SEE THE BETTER SHAPE OF THE TRIAL.

17           THE COURT:  THAT'S FINE.  I WAS JUST GOING TO

18   SUGGEST, IF YOU WANT TO GO STRAIGHT UP ON APPEAL, THAT WOULD BE

19   FINE WITH ME AS WELL.

20       (LAUGHTER.)

21           THE COURT:  OKAY.  THAT'S FINE.  THAT WE DON'T HAVE

22   TO RESOLVE RIGHT NOW.  AND YOU DEFINITELY WANT A JURY TRIAL;

23   CORRECT?

24           MR. MCELHINNY:  THAT IS CORRECT, YOUR HONOR.

25           MS. MAROULIS:  YES.

```
1          THE COURT:  OKAY.  ALL RIGHT.  I THINK THAT WAS IT

2    FOR CMC TYPE ISSUES.  WAS THERE SOMETHING ELSE?

3          I THINK NEXT WE NEED TO GO TO THE MOTIONS.  IS THAT RIGHT?

4    AND I'M SORRY, TODAY IS GOING TO BE A LONG DAY.

5          ANYTHING ELSE THAT YOU HAD ON YOUR LISTS?

6          MS. MAROULIS:  YOUR HONOR, THAT'S IT FOR THE CASE

7    MANAGEMENT ISSUES.

8          THE COURT:  OKAY.

9          MR. MCELHINNY:  YOU GOT MY LIST, YOUR HONOR.

10         THE COURT:  OKAY.  ALL RIGHT.  SO LET ME SET THAT

11   ASIDE.

12         LET'S GO TO INFUSE 4G FIRST.

13         NOW, I GATHER FROM THE BRIEFING THAT SAMSUNG'S EXPERT DID

14   RESPOND TO MS. DAVIS'S ALTERNATIVE DAMAGES CALCULATIONS.  IS

15   THAT CORRECT?

16         MR. MCELHINNY:  THAT IS CORRECT, YOUR HONOR.

17         THE COURT:  OKAY.  AND YOU DON'T DISPUTE THAT, RIGHT,

18   MS. MAROULIS?

19         MS. MAROULIS:  THAT'S CORRECT, YOUR HONOR.

20         THE COURT:  OKAY.  ALL RIGHT.

21         MS. MAROULIS:  WE DIDN'T HAVE A CHOICE TO NOT RESPOND

22   TO IT.

23         THE COURT:  I UNDERSTAND.

24         OKAY.  WELL, I AM -- I'D LIKE TO JUST RULE ON THE

25   INFUSE 4G.  I'M READY TO RULE.  AND THEN I'M ALSO READY TO RULE
```

1    ON THE DAVIS MOTION, SO THAT MIGHT SPEED THINGS UP.  IS THAT

2    OKAY, OR DO YOU ABSOLUTELY INSIST ON BEING HEARD?  I'VE

3    DEFINITELY READ EVERYTHING YOU'VE SUBMITTED.

4         MS. MAROULIS:  YOUR HONOR, MAY I ADDRESS THE DAVIS

5    MOTION AFTER YOUR HONOR ADDRESSES THE INFUSE?

6         THE COURT:  SURE, SURE.

7         MS. MAROULIS:  SHOULD I DO THAT RIGHT NOW?

8         THE COURT:  WELL, WHY DON'T I RULE ON THE INFUSE 4G,

9    UNLESS YOU THINK IT'S SO RELATED THAT YOU NEED TO BE HEARD ON

10   THAT FIRST.

11        MS. MAROULIS:  NO, YOUR HONOR.

12        THE COURT:  OKAY.  ALL RIGHT.

13    I WILL SAY THAT I WENT BACK AND READ APPLE'S CONDITIONAL

14   RECONSIDERATION MOTION AND THE BRIEFING ON THAT FROM APRIL AND

15   THEN READ THESE BRIEFS AND MY HEAD WAS SPINNING AT THE SWAPPING

16   OF POSITIONS THAT HAS TAKEN PLACE BY BOTH SIDES.  YOU'RE NOW

17   ARGUING DIAMETRICALLY OPPOSED POSITIONS FROM POSITIONS THAT YOU

18   TOOK BACK IN APRIL.

19    AND I THOUGHT ABOUT THIS VERY SERIOUSLY, BUT I DO BELIEVE

20   THAT THE MAY -- PARDON ME -- THE APRIL 29TH, 2013 CASE

21   MANAGEMENT ORDER ERRED IN EXCLUDING EVIDENCE OF SALES THAT

22   PRE-DATE MAY 15TH, 2011.

23    BOTH PARTIES INTRODUCED AT TRIAL EXHIBITS THAT ESTABLISHED

24   SALES OF THE INFUSE 4G OCCURRING BEFORE MAY 15TH, 2011, WHICH

25   IS THE DATE TO WHICH THE PARTIES STIPULATED WAS THE FIRST DATE

1      OF SALE OF THE INFUSE 4G IN THE JOINT PRETRIAL STATEMENT.

2          THE PARTIES' EXHIBITS, PARTICULARLY PX 180 OF APPLE AND

3      DX 676 OF SAMSUNG, SPECIFICALLY BRING IN EVIDENCE OF SALES THAT

4      PRE-DATE THIS STIPULATED FIRST SALE DATE IN THE JOINT PRETRIAL

5      STATEMENT.

6          AND I AGREE WITH APPLE THAT TO TURN A BLIND EYE TO EVIDENCE

7      TO WHICH THE PARTIES STIPULATED AND ADMITTED AND PRESENTED TO

8      THE JURY AND PRETEND THAT THOSE SALES DIDN'T EXIST I THINK

9      IS -- WOULD BE UNJUST.

10         AS NOTED BY THE SUPREME COURT IN PORTUONDO V. AGARD, 529

11     U.S. 61, PIN SITE 732000, THE CENTRAL FUNCTION OF A TRIAL IS TO

12     DISCOVER THE TRUTH AND THE COURT CANNOT, IN THIS INSTANCE, TURN

13     A BLIND EYE TO EVIDENCE TO WHICH THE PARTIES STIPULATED,

14     PRESENTED TO A JURY, AND BOTH AGREE ARE THE ACTUAL CORRECT

15     SALES DATES AND FIGURES.

16         THE COURT ADDRESSES THIS ERROR PURSUANT TO CIVIL LOCAL RULE

17     7-9 AND ITS INHERENT AUTHORITY TO CORRECT ITS OWN ERRORS.

18         UNITED STATES V. MARTIN, 226 F.3D 1042 AT 1049, NINTH

19     CIRCUIT, 2000, SIMILARLY CONFIRMS THAT THE COURT HAS AN

20     INHERENT AUTHORITY TO CORRECT ITS OWN ERRORS.

21         NOW, I WOULD ALSO NOTE THAT THE DATES TO WHICH THE PARTIES

22     STIPULATED IN THE JOINT PRETRIAL STATEMENT WERE NEVER PRESENTED

23     TO THE JURY IN THE 2012 TRIAL.  NEITHER PARTY RAISED THIS ISSUE

24     IN ANY OF THE VERY EXTENSIVE POST-TRIAL MOTION PRACTICE.

25         AS I STATED EARLIER, BOTH PARTIES PRESENTED EVIDENCE DURING

1      THE TRIAL THAT CONTRADICTED THE DATES TO WHICH THE PARTIES

2    STIPULATED IN THE JOINT PRETRIAL STATEMENT.

3          AND AS THE NINTH CIRCUIT HAS NOTED, WHERE AN ISSUE IS

4    LITIGATED AT TRIAL, THE PRETRIAL ORDER MAY BE DEEMED TO HAVE

5    BEEN AMENDED BY THE CONSENT OF THE PARTIES, FRANK MUSIC CORP.

6    VERSUS MGM, INC., 772 F.2D 505, PIN SITE 515, NOTE 9, NINTH

7    CIRCUIT, 1985.

8          NOW, APPLE DID NOT RAISE THIS DISCREPANCY BETWEEN THE DATE

9    IN THE JOINT PRETRIAL STATEMENT AND THE EVIDENCE AT TRIAL UNTIL

10   ITS APRIL 10, 2013 MOTION FOR RECONSIDERATION OF THE COURT'S

11   MARCH 1 ORDER ON DAMAGES.

12         I WISH THIS HAD BEEN RAISED EARLIER.  NONETHELESS, AMENDING

13   THIS COURT'S APRIL 29TH, 2013 CASE MANAGEMENT ORDER WOULD BRING

14   THE EVIDENCE FOR THE NOVEMBER TRIAL IN LINE WITH THE EVIDENCE

15   THAT THE PARTIES PRESENTED IN THE 2012 TRIAL.

16         NOW, WITH REGARD TO SAMSUNG'S CLAIM OF PREJUDICE, I DO NOTE

17   THAT THE SALES DATA IS INFORMATION THAT SAMSUNG PRODUCED AND

18   SAMSUNG LIKEWISE PRESENTED THIS DATA TO THE JURY AS PART OF ITS

19   EXHIBIT DX 676.

20         MOREOVER, AS I PREVIOUSLY STATED, BOTH PARTIES ARGUED

21   CONTRADICTORY POSITIONS BACK IN APRIL, AND BACK IN APRIL IT WAS

22   SAMSUNG'S POSITION THAT, ABSENT AN OBJECTION AT TRIAL TO

23   EVIDENCE THAT IS INCONSISTENT WITH THE JOINT PRETRIAL

24   STATEMENT, FEDERAL RULE OF CIVIL PROCEDURE 15(B) OPERATES TO

25   AMEND THE JOINT PRETRIAL STATEMENT TO CONFORM TO TRIAL

1      EVIDENCE.

2          I DO UNDERSTAND THAT SAMSUNG MAY HAVE RELIED ON THIS

3      COURT'S APRIL 29TH ORDER, AND FOR THAT I DO APOLOGIZE.

4          BUT I DON'T BELIEVE THERE'S BEEN PREJUDICE TO SAMSUNG SINCE

5      THEY HAVE, IN THEIR EXPERT REPORT, ADDRESSED THIS ALTERNATIVE

6      FIRST SALE DATE, WHICH IS ACTUALLY CONSISTENT WITH THE EXPERT

7      REPORTS AND THE TRIAL EVIDENCE FROM LAST YEAR.

8          SO I JUST DON'T FIND THAT A CLAIM OF PREJUDICE IS

9      MERITORIOUS IN THIS INSTANCE SINCE BOTH SIDES HAVE INCLUDED THE

10     ALTERNATIVE CALCULATIONS IN THEIR EXPERT REPORTS BASED ON BOTH

11     THE JOINT PRETRIAL STATEMENT FIRST SALE DATE, AS WELL AS THE

12     FIRST SALE DATE THAT WAS SUBMITTED BY BOTH SIDES AS EVIDENCE

13     DURING THE 2012 TRIAL.

14         SO I'M AMENDING MY APRIL 29TH CASE MANAGEMENT ORDER, AND

15     BECAUSE I ANTICIPATE THAT EVEN THOUGH THE MAY 29TH ORDER WAS

16     ONLY AS TO THE INFUSE 4G, I SUSPECT THAT THIS MAY BECOME AN

17     OBJECTION WITH REGARD TO AT LEAST EIGHT OTHER PRODUCTS THAT ARE

18     THE SUBJECT OF THIS NEW TRIAL.

19         THIS ORDER THAT ALLOWS ANY EVIDENCE OF FIRST SALE DATES

20     THAT WAS ADMITTED IN THE 2012 TRIAL, IT ALLOWS THAT EVIDENCE TO

21     BE REINTRODUCED IN THIS COMING TRIAL AND APPLIES TO ALL

22     PRODUCTS.

23         OKAY.  SO THAT'S THE ORDER ON THAT.

24         NOW, LET'S GO TO MS. DAVIS'S MOTION, AND LET ME HEAR FROM

25     MS. MAROULIS.  LET ME TELL YOU FIRST WHAT I'M INCLINED TO DO.

```
1       LET ME GIVE YOU A TENTATIVE, AND THAT MAY HELP GUIDE YOU IN

2       WHAT WOULD BE MOST HELPFUL.

3           I AM FIRST GOING TO ASK, I THINK ONE OF THE PROBLEMS WITH

4       THE DAVIS REPORT IS THAT IT WAS ARGUING ALL OF THESE

5       ALTERNATIVE THEORIES BECAUSE YOU ALL WERE NOT CLEAR ON HOW I

6       WAS GOING TO RULE ON THE INFUSE 4G MOTION AND THAT ISSUE ABOUT

7       FIRST SALE DATES.

8           NOW THAT THAT'S BEEN RESOLVED, I WOULD LIKE BOTH PARTIES TO

9       SERVE EACH OTHER AMENDED REPORTS THAT BASICALLY DELETE NOW

10      ALTERNATIVE THEORIES THAT ARE BASED ON FIRST SALE DATES THAT

11      ARE IN THE JOINT PRETRIAL STATEMENT.

12          CAN I GET AN AGREEMENT FROM THE PARTIES THAT YOU WILL MAKE

13      THAT CHANGE AND THAT CHANGE ONLY?  NOTHING ELSE CAN BE CHANGED,

14      BECAUSE I KNOW SAMSUNG'S EXPERT'S ALREADY BEEN DEPOSED, SO I

15      DON'T WANT TO CHANGE ANYTHING ELSE.

16          LET ME HEAR FROM THE PARTIES.  CAN YOU DO THAT?

17              MR. MCELHINNY:  I -- THE ANSWER IS YES.

18              THE COURT:  UM-HUM.

19              MR. MCELHINNY:  THE ONE QUESTION I DON'T KNOW IS

20      WHETHER, WITHIN A PARTICULAR PARAGRAPH, IT ISOLATES THAT

21      CLEANLY, AND I JUST DON'T KNOW THE ANSWER TO THAT.

22              THE COURT:  UM-HUM.

23              MR. MCELHINNY:  BUT WE CAN -- WE CAN SERVE AN AMENDED

24      REPORT THAT DESIGNATES BY PARAGRAPH AND LINE, OR SPECIFIC

25      LANGUAGE, ANYTHING THAT RELATED TO THE ALTERNATIVE THAT WAS
```

1    BASED ON YOUR HONOR'S CASE MANAGEMENT ORDER.

2         THE COURT:  WELL, THIS IS -- THIS IS WHAT I'M GOING

3    TO ASK, AND LET ME TELL MS. MAROULIS WHERE I'M TENTATIVELY

4    PLANNING TO GO ON THIS MOTION.

5         I WOULD LIKE TO RESERVE THE SUBSTANCE OF THIS MOTION UNTIL

6    THE MOTION TO STRIKE, AND WHAT I WOULD ASK IS THAT AT THAT

7    TIME, I WOULD LIKE A RED LINE VERSION OF YOUR 2012 EXPERT

8    REPORTS COMPARED TO YOUR NEW 2013 EXPERT REPORTS THAT OUTLINES

9    WHATEVER HAS BEEN DELETED, ADDED, STRICKEN, REPHRASED.

10        I WOULD ALSO LIKE A CHART SO THAT WHEN ONE SIDE MOVES TO

11   STRIKE A PARTICULAR METHODOLOGY, DATA, DECLARATION, THEORY, THE

12   RESPONDING PARTY WOULD IDENTIFY WHERE THAT PREVIOUS INFORMATION

13   WAS RELIED UPON, DISCLOSED, THEORIZED, OPINED ABOUT IN THE 2012

14   REPORTS, AND THAT WILL MAKE IT MUCH EASIER, BECAUSE THESE ARE

15   VERY LENGTHY REPORTS WITH MANY, MANY EXHIBITS, FOR THE COURT TO

16   GIVE YOU A PRECISE RULING.

17        I WOULD ALSO LIKE A FULL VERSION OF BOTH YOUR 2012 REPORT

18   AND YOUR 2013 REPORT FOR THIS MOTION TO STRIKE.

19        SO THAT'S WHAT I'M INCLINED TO DO.  AND I THINK IT MAKES

20   SENSE FOR YOU TO RE-SERVE YOUR REPORTS WITHOUT THE ALTERNATIVE

21   THEORIES, BECAUSE OTHERWISE I THINK WHAT I'VE JUST -- THE

22   INFORMATION I'VE JUST REQUESTED, IT WILL BE QUITE MESSY.  THERE

23   WILL BE MULTIPLE -- YOU KNOW, THERE WILL BE MULTIPLE, MULTIPLE

24   RED LINES.  I WOULD LIKE IT IF YOU COULD EXCISE WHAT IS AN

25   ALTERNATIVE THEORY THAT'S BASED ON THE JOINT PRETRIAL STATEMENT

```
 1    FIRST SALE DATE AND JUST HAVE A CLEAN ONE WITH FIRST SALE DATES

 2    THAT ARE CONSISTENT WITH YOUR TRIAL EXHIBITS FROM LAST YEAR.

 3           MS. MAROULIS:  IS THE CHART THAT YOUR HONOR

 4    ENVISIONING A JOINT PRODUCT?  IN OTHER WORDS, BEFORE WE MOVE TO

 5    STRIKE, WE NEED TO ASCERTAIN WHAT THEY ARE -- OR IS IT PART OF

 6    THE OPPOSITIONS?

 7           THE COURT:  YOU KNOW, IDEALLY I WOULD -- IDEALLY I

 8    WOULD LIKE A JOINT ONE THAT COULD EFFECTIVELY INCLUDE A

 9    RESPONSE, BUT I CAN ALSO SEE HOW DIFFICULT IT IS FOR THE MOVING

10    PARTY.  IF YOUR POSITION IS IT DOESN'T EXIST, YOUR CHART FOR

11    THE COLUMN OF WHERE IT WAS IN THE LAST REPORT IS GOING TO BE

12    BLANK, SO I'M NOT SURE HOW USEFUL THAT'S GOING TO BE.

13       LET ME HEAR FROM YOU ALL.  I HAVE JUST BEEN TRYING TO

14    BRAINSTORM HOW -- THIS IS GOING TO BE A VERY DIFFICULT PROCESS

15    FOR THE COURT.  I'VE JUST BEEN TRYING TO BRAINSTORM HOW YOU CAN

16    TEE THIS UP THAT WOULD BE MOST EFFECTIVE IN TERMS OF GETTING

17    YOU THE RIGHT ANSWER AND A QUICK ANSWER.

18       SO WHAT DO YOU THINK WE SHOULD DO?  I'M OPEN TO IDEAS.

19    THESE ARE JUST THINGS I WAS THINKING OF THIS MORNING.

20           MS. MAROULIS:  YOUR HONOR, PERHAPS WE SHOULD MEET AND

21    CONFER WITH THE OTHER SIDE, BUT MAYBE WHAT THE COURT IS

22    CONTEMPLATING CAN BE SUBMITTED WITH THE OPPOSITIONS --

23           THE COURT:  THAT'S FINE.

24           MS. MAROULIS:  -- ONCE WE KNOW WHAT EACH OTHER IS

25    SEEKING.
```

1        BUT THE DAVIS MOTION, WE UNDERSTAND YOUR HONOR'S RULING,

2   TENTATIVE RULING TO PUT IT OFF UNTIL THE SUBSTANTIVE MOTION TO

3   STRIKE, BUT THE REASON WE BROUGHT IT SO EARLY AND SO QUICKLY

4   AFTER WE SAW THE REPORT IS THAT IT WAS A MONSTER REPORT THAT

5   CONTAINED 42 DIFFERENT ALTERNATIVE SCENARIOS, AND TRUE, AFTER

6   TODAY, THERE WILL BE FEWER OF THEM, BUT THERE'S STILL A NUMBER

7   OF SCENARIOS.  IN FACT, MR. MUSIKA HAD TWO THAT HE INTRODUCED

8   AT TRIAL.

9        AND SO, YES, WE WILL MOVE ON SUBSTANTIVE GROUNDS ON THE

10  MOTION TO STRIKE.

11       BUT WE'RE ALSO PREJUDICED BECAUSE WE HAD TO WORK WITH

12  MR. WAGNER AROUND THE CLOCK TO MEET THE DEADLINE, AND WE NEED

13  TO DEPOSE MS. DAVIS, AND NO MATTER HOW FAST YOU TALK, SEVEN

14  HOURS MAY NOT BE ENOUGH TO FIGURE OUT THE SCENARIOS.

15       SO THE MOST BASIC PREJUDICE IS THAT APPLE DIDN'T SEEM SO

16  HAVE THE FOLLOWED THE RULE THAT NO NEW MATERIAL SHOULD BE

17  INCLUDED, AND BECAUSE OF THAT, WE'RE PRESENTED WITH THIS REPORT

18  OF 72 DIFFERENT SCENARIOS.

19       AND I HAVEN'T GONE INTO DIFFERENT THEORIES THAT ARE NEW

20  BECAUSE I UNDERSTAND THAT THE COURT WANTS TO ADDRESS THAT

21  LATER, BUT THAT WAS THE IMPETUS FOR THAT MOTION .  THAT'S WHY

22  WE FILED WITHIN DAYS OF HER REPORT, TWO OR THREE DAYS.  WE

23  FILED IT IN AN ADMINISTRATIVE FORMAT SO IT'S QUICKLY SET BEFORE

24  THE COURT.

25       WE'RE HOPING TO GET THIS RESOLVED BEFORE THE DEPOSITIONS,

1     BEFORE THE REPORTS, BUT WE APPRECIATE THE GUIDANCE NOW.

2          SO THE MOTION MAY APPEAR MOOT AS APPLE ARGUES, BUT IT'S NOT

3     MOOT BECAUSE WE'RE STILL PREJUDICED.

4          THE COURT:  WELL, I -- YOUR POINTS ARE WELL TAKEN AND

5     I HAVE TO ADMIT THAT I HAVE NOT GONE LINE BY LINE THROUGH THE

6     MANY DIFFERENT ALTERNATIVE THEORIES TO DETERMINE WHICH ONES ARE

7     THE SAME AS MR. MUSIKA, BUT WITH DIFFERENT FIRST SALE DATES.

8          I AM GOING TO ADMONISH APPLE THAT APPLE IS THE ONE THAT

9     WANTS THIS RETRIAL, AND IF IT TAKES AN UNREASONABLE POSITION BY

10    INTRODUCING A LOT OF NEW THEORIES, RELYING UPON NEW

11    DECLARATIONS, SUCH AS THIS ERIC ROBERTS DECLARATION AND

12    WHATEVER ELSE, I HAVEN'T -- I'M NOT RULING ON HIS DECLARATION

13    AT THIS TIME, BUT I JUST WANT TO PUT APPLE ON NOTICE THAT YOU

14    JEOPARDIZE YOUR NOVEMBER TRIAL IF YOU DON'T ACT CONSISTENT WITH

15    MY PREVIOUS RULINGS THAT THIS REALLY NEEDS TO BE BASED ON THE

16    THEORIES, THE DATA, THE METHODOLOGIES FROM THE 2012 TRIAL.

17          MR. MCELHINNY:  TWO THINGS.

18          THE COURT:  UM-HUM.

19          MR. MCELHINNY:  ONE, I KNOW YOU TAKE CAREFUL NOTES

20    AND I WOULD LIKE YOU TO NOTE THAT I JUST GOT ADMONISHED HERE,

21    BECAUSE AFTER YOU HAVE A CHANCE TO LOOK AT THE TWO REPORTS AND

22    SEE WHO ADDED NEW STUFF AND WHO CAN IDENTIFY, IN THEIR REPORT,

23    THE SPECIFIC PARAGRAPH OF THE PRIOR REPORT FROM WHICH IT WAS

24    TAKEN, AND I WOULD LIKE YOU TO HAVE THE REPRESENTATIONS THAT

25    MS. MAROULIS SAID, AND THEN WHEN YOU ACTUALLY GET THIS

1    CHANCE -- AND I APPRECIATE YOUR RULING, I THINK IT'S EXACTLY

2    RIGHT -- I WOULD LIKE YOU TO SEE WHO FOLLOWED YOUR ORDER

3    SPECIFICALLY AND WHO OVER CLAIMED AND WHO HAS COMPLETELY

4    REOPENED THEIR EXPERT DEPOSITION.

5        I DIDN'T WANT TO SPEND TODAY ARGUING ABOUT IT, BUT WHEN YOU

6    SEE THESE REPORTS, THEN I'D JUST LIKE TO -- YOU KNOW, I MAY ASK

7    YOU TO RECONSIDER YOUR ADMONISHMENT.

8        WE KNOW HOW IMPORTANT THIS TRIAL IS.  WE KNEW THAT YOUR

9    HONOR MEANT THAT ORDER.

10       I CAN GIVE YOU -- IF YOU WOULD WANT IT IN ADDITION TO THE

11   CHART, OR INSTEAD OF A CHART, I CAN GIVE YOU A COPY OF THE

12   DAVIS REPORT THAT TRACKS, THAT NOTES THE PARAGRAPH IN THE

13   MUSIKA REPORT FROM WHICH IT WAS TAKEN.

14       THERE --

15           THE COURT:  WELL, I'M GOING TO ASK YOU TO DO THAT

16   WHEN THE MOTION TO STRIKE IS FILED.  DID YOU HAVE ANY OTHER --

17   AND I HEAR WHAT YOU'RE SAYING AND WE'LL SEE IF MR. WAGNER'S

18   REPORT HAS ANY RESEMBLANCE TO HIS REPORT LAST YEAR.  OBVIOUSLY

19   IF IT DOESN'T, THOSE PARTS WILL BE STRICKEN.

20           MR. MCELHINNY:  LET ME KNOW -- I'M TAKING YOUR TIME.

21       HERE'S TWO OF THE UNDERLYING ISSUES THAT YOUR HONOR WILL

22   SEE, WHICH IS IN MANY OF MR. MUSIKA'S REPORTS, HE -- THERE WERE

23   MANY MORE PHONES AT ISSUE AND SO THE REPORTS ARE LARGER OR THEY

24   DEAL WITH ALL OF THE PHONES THAT WERE AT ISSUE.

25       IN ORDER TO DEAL WITH THE SUBSET OR TO CHANGE THE TIME

```
1    PERIOD, THAT -- WHATEVER HE DID FOR THE GROSS HAS TO BE

2    ADJUSTED.

3         WE THINK WE DID IT ABSOLUTELY FAIRLY.  WE THINK YOUR HONOR

4    WILL SEE THAT THAT HAD TO HAPPEN.

5         ANOTHER THING THAT IS A -- WE'RE GOING TO GET TO -- WELL,

6    THERE IS -- THERE WAS A DISPUTE BETWEEN WHETHER OR NOT YOUR

7    HONOR MEANT TO LIMIT THE WITNESSES TO WHAT THEY ACTUALLY SAID

8    AT TRIAL OR WHAT WAS IN THEIR REPORTS.

9         AND WE READ IT TO BE THAT THE REPORTS HAD TO TRACK, AND

10   THAT'S -- OBVIOUSLY THAT'S THE PROCESS THAT WE'VE SET UP AT THE

11   MOMENT, AND, AGAIN, WHEN YOU SEE OUR REPORT AND YOU SEE THE

12   DOCUMENTATION FOR IT, I DON'T -- I DON'T THINK WE'LL BE IN

13   TROUBLE WITH YOUR HONOR, BUT I MAY.

14         MS. MAROULIS:  YOUR HONOR, THERE WAS A LINE FROM THE

15   TRANSCRIPT ON THE LAST HEARING THAT SAID WHATEVER THEORIES

16   EITHER SIDE PRESENTED TO THE LAST JURY CAN BE PRESENTED TO THIS

17   JURY.  SO THAT IS ONE.

18         WE ALSO ARE MOVING ON MS. DAVIS FOR OTHER REASONS, BUT

19   THERE ARE A NUMBER OF THEORIES THAT WERE NEVER INCLUDED IN

20   MR. MUSIKA'S REPORT, AND THERE WERE SOME THEORIES THAT WERE

21   INCLUDED IN THE REPORT, BUT NEVER PRESENTED TO THE JURY.

22         THAT'S THE GUIDANCE WE TOOK FROM THE COURT IN APRIL.

23         THE COURT:  SO LET ME ASK, FOR ALL THINGS, IF BOTH

24   SIDES TELL ME YOU WANT TO BE LIMITED TO THE TESTIMONY FROM THE

25   LAST TRIAL, I'M FINE WITH SAYING OKAY.  IS THAT WHAT YOU WANT?
```

```
 1        I MEAN, THAT'S WHAT I'M HEARING SAMSUNG WANTS.  YOU DON'T WANT

 2    ANY NEW TESTIMONY?

 3            MS. MAROULIS:  WE UNDERSTOOD YOUR HONOR TO SAY THAT

 4    THERE WERE GOING TO BE NO NEW THEORIES OTHER THAN THOSE

 5    PRESENTED AT TRIAL.

 6            THE COURT:  OKAY.

 7            MS. MAROULIS:  SO THE WORDS CANNOT BE IDENTICAL,

 8    RIGHT, TO WHAT WAS SAID, BUT THERE'S NOT GOING TO BE NEW

 9    THEORIES.  THAT'S WHAT WE UNDERSTOOD.

10            THE COURT:  THAT'S TRUE.  THAT IS TRUE.  NO NEW

11    THEORIES, NO NEW METHODOLOGIES, THAT IS TRUE.

12        IT'S JUST CHANGING THE FIRST -- THE NOTICE DATES BASED ON

13    WHEN NOTICE WAS GIVEN TO THE VARIOUS -- FOR THE VARIOUS

14    INTELLECTUAL PROPERTY RIGHTS.

15        SO --

16            MR. MCELHINNY:  I'M -- SAMSUNG'S POSITION WASN'T

17    REALISTIC.  I KNEW THEY DIDN'T WANT IT, BECAUSE IT CAN'T WORK.

18        I MEAN, WE HAD EXHIBITS LAST TIME THAT USED, AS EXAMPLES,

19    PHONES THAT ARE NOT IN THIS CASE.  THEY WOULD MAKE NO SENSE TO

20    THE JURY.  SO IF YOU'RE SHOWING A PICTURE OF A PHONE AND IT'S

21    NOT ACCUSED, IT WOULD MAKE NO SENSE.  YOU HAVE TO HAVE A

22    PICTURE OF ONE OF THE PHONES THAT IS ACCUSED IN THIS CASE.

23        BUT THE CALCULATIONS OF DAMAGES CHANGE BECAUSE WE'RE ONLY

24    USING 13 DEVICES INSTEAD OF 500 DEVICES.

25            THE CALCULATIONS EXACTLY --
```

```
1            THE COURT:  INSTEAD OF 7500?

2            MR. MCELHINNY:  YEAH.  THE CALCULATION IS EXACTLY THE

3    SAME, BUT THE NUMBERS CHANGE BECAUSE IT'S A SMALLER WORLD.  IT

4    IS -- THIS IS A TRIAL OF A PORTION OF WHAT WE DID BEFORE.

5            WHEN YOUR HONOR SEES IT -- THAT'S WHY WE OBJECTED TO THIS

6    MOTION.  THAT'S WHY WE OBJECTED TO THE FACT THAT THERE WAS NO

7    MEET AND CONFER.  WE DIDN'T THINK IT WAS BROUGHT REALISTICALLY,

8    BECAUSE YOU CAN SAY THINGS ABOUT THESE MOTIONS THAT, WHEN YOUR

9    HONOR SEES THE REPORTS, YOU'LL SEE THE LOGIC OF IT.

10           THE COURT:  OKAY.  SO WHEN CAN YOU RE-SERVE YOUR

11   REPORTS?  I WOULD LIKE YOU TO EXCISE YOUR ALTERNATIVE THEORIES.

12           I KNOW I'M PROBABLY OPENING UP A PANDORA'S BOX HERE, BUT I

13   THINK IT WOULD BE HELPFUL, BECAUSE YOU'RE GOING TO PROVIDE A

14   RED LINE VERSION, TO NOT GET, YOU KNOW, AN ARCHEOLOGICAL DIG OF

15   MULTIPLE, MULTIPLE CHANGES THAT HAVE BEEN MADE AND JUST GET

16   YOUR FINAL, HOPEFULLY CLEAN REPORT WITHOUT THE JOINT PRETRIAL

17   STATEMENT FIRST SALE DATES OR CALCULATIONS BASED ON THOSE

18   DATES.  WHEN CAN YOU DO THAT?

19           MR. MCELHINNY:  WHAT WE WOULD LIKE, YOUR HONOR, IS IF

20   THE PARTIES WOULD EXCHANGE BOTH A CLEAN VERSION AND A RED LINE,

21   AND WE CAN DO THAT NEXT MONDAY.

22           THE COURT:  OKAY.  NOW, I UNDERSTOOD MS. DAVIS IS

23   GOING TO BE DEPOSED ON MONDAY.

24           MS. MAROULIS:  YES, YOUR HONOR.  I WAS GOING TO ASK

25   PERMISSION TO DISCUSS WITH APPLE WHETHER WE NEED TO MOVE THAT
```

1    DEPOSITION BY A FEW DAYS IF NECESSARY BECAUSE THE EXPERT

2    DISCOVERY IS ABOUT TO CLOSE.  SO BECAUSE OF THIS DEVELOPMENT,

3    WE MAY WANT TO PUT IT OFF FOR A FEW DAYS, AND IF YOUR HONOR IS

4    OKAY WITH THAT, WE WILL NEGOTIATE WITH THEM DIRECTLY.

5         THE COURT:  THAT'S FINE.

6         ALL RIGHT.  SO EXCHANGE, PLEASE, A CLEAN AND RED LINE

7    VERSION OF YOUR EXPERT REPORTS, EXCISING ANY THEORIES,

8    METHODOLOGIES BASED ON THE JOINT PRETRIAL STATEMENT FIRST SALE

9    DATES.

10        OKAY.  ANY OTHER WAY TO NARROW THE DISPUTES IN YOUR EXPERT

11   REPORTS?  BECAUSE I'D LIKE YOU TO DO THAT NOW IN THE VERSION

12   THAT YOU EXCHANGE ON MONDAY.  ANYTHING ELSE THAT YOU CAN --

13   THAT YOU MAYBE NO LONGER NEED, CAN NOW DISPOSE OF AND NOT HAVE

14   TO LITIGATE THIS IN A MOTION TO STRIKE?

15        MS. MAROULIS:  YOUR HONOR, THE REMAINING CRITICISMS

16   THAT SAMSUNG HAS WITH THE DAVIS REPORT REMAIN OTHER THAN THE,

17   THE DATE THAT WAS JUST RULED ON.

18        THE COURT:  OKAY.  BUT I UNDERSTOOD THAT'S GOING TO

19   PROBABLY TAKE CARE OF A LOT OF ALTERNATIVE THEORIES; CORRECT?

20   DID THAT TAKE CARE OF A LOT OF THE --

21        MS. MAROULIS:  SOME.  I MEAN, WE'RE NOW REDUCING 42

22   SCENARIOS TO MAYBE 21.  I CANNOT REPRESENT THE NUMBER.

23        THE COURT:  OKAY.

24        MR. MCELHINNY:  AND I'M NOT SURE WHAT MS. MAROULIS

25   MEANS WHEN SHE SAYS A SCENARIO, YOUR HONOR, SO I DON'T KNOW THE

1    ANSWER TO THAT QUESTION.

2         THE COURT:  OKAY.  SO YOU'RE AGREEING, IN THE MOTION

3    TO STRIKE, YOU'RE GOING TO GIVE ME FULL VERSIONS OF YOUR 2012

4    AND 2013 REPORTS; YOU'RE GOING TO GIVE ME RED LINE VERSIONS

5    COMPARING YOUR 2012 TO 2013 REPORTS; AND IF YOU THINK OF ANY

6    OTHER WAY THAT IT WOULD BE HELPFUL TO THE COURT TO SORT OF TEE

7    UP THIS ISSUE IN THE MOST CLEAR WAY, THAT WOULD BE HELPFUL.

8      I WOULD LIKE SOME TYPE OF CHART THAT'S ORGANIZED BY EITHER

9    TOPIC, THEORY, DATA, METHODOLOGY, WITH CITATIONS TO BOTH PAGE

10   NUMBERS AND PARAGRAPHS OF REPORTS SO I CAN COMPARE WHAT'S

11   DIFFERENT.

12     OKAY.  LET ME ASK YOU A SEALING QUESTION, AND I GUESS THIS

13   WILL -- YOU'LL PROVIDE, IN YOUR JOINT --

14         MR. MCELHINNY:  I'M SORRY.  TWO THINGS, YOUR HONOR.

15         THE COURT:  YEAH, WHAT'S THAT?

16         MR. MCELHINNY:  ONE, I THOUGHT WE ADDED TO THAT THAT

17   WE WERE BOTH GOING TO GIVE YOU A COPY OF OUR EXPERT REPORT

18   THAT, FOR EACH PARAGRAPH, CITED TO THE PARAGRAPH IN THE

19   PRECEDING REPORT THAT WAS THE SAME.  DID YOU --

20         THE COURT:  WELL, ISN'T THAT THE -- I THOUGHT THAT'S

21   WHAT I JUST DESCRIBED FOR THE CHART.

22         MR. MCELHINNY:  OKAY.  BUT BOTH SIDES ARE DOING THAT.

23   OH, YOU WANT A CHART?  I -- I --

24         THE COURT:  OKAY.  SAY THAT ONE MORE TIME.

25         MR. MCELHINNY:  DO YOU WANT A CHART THAT SAYS THIS OR

```
1      DO YOU WANT A COPY OF THE REPORT THAT ACTUALLY, FOR EACH

2      PARAGRAPH, SAYS, RIGHT AFTER IT, "SEE PARAGRAPH"?  OR DO YOU

3      WANT BOTH?

4              THE COURT:  WHY DON'T I GET BOTH?

5              MR. MCELHINNY:  OKAY.  FROM BOTH PARTIES?

6              THE COURT:  FROM BOTH PARTIES.

7              MR. MCELHINNY:  AND ONE --

8              THE COURT:  NOW, THE CHART, THOUGH, I THOUGHT IT MAY

9      MAKE SENSE FOR THE PARTY OPPOSING THE MOTION TO STRIKE TO

10     PROVIDE, OR DO YOU THINK THE MOVING PARTY SHOULD PROVIDE ONE?

11             MR. MCELHINNY:  NO, I THINK THAT'S -- I THINK YOU'RE

12     RIGHT.

13             THE COURT:  OKAY.  SO THE CHART IS THE OPPOSING

14     PARTY, AND THEN NUMBER 4, YOU'RE GOING TO PROVIDE THE REPORT

15     WITH CITATIONS.

16             MR. MCELHINNY:  AND I HAVE ONE OTHER --

17             THE COURT:  OKAY, WHAT'S THAT?

18             MR. MCELHINNY:  -- VERY SMALL THING.  WE'RE NOW

19     EXCHANGING MODIFIED REPORTS.

20             THE COURT:  YES.

21             MR. MCELHINNY:  BUT I WOULD ASK THAT THE PARAGRAPH

22     NUMBERING SYSTEM NOT CHANGE.  MR. WAGNER'S ALREADY BEEN DEPOSED

23     AND HE'S BEEN ASKED ABOUT PARTICULAR PARAGRAPH NUMBERS, AND IF

24     WE CHANGE THE PARAGRAPH NUMBERS, THE DEPOSITION WON'T BE AS

25     CLEAR.
```

```
 1              THE COURT:  CAN WE GET AN AGREEMENT ON THAT?

 2              MS. MAROULIS:  YEAH, WE'LL FIGURE OUT HOW TO DO THAT.

 3      I UNDERSTAND THE CONCERN.

 4              THE COURT:  OKAY.  AND IF YOU JUST NEED TO SAY

 5      "WITHDRAWN," THAT'S FINE.

 6          OKAY.  NOW, I ASSUME, FOR THE SEALING CHART THAT YOU'RE

 7      GOING TO PROVIDE, THAT THAT WILL ALSO LET ME KNOW WHAT PART OF

 8      MS. DAVIS'S REPORT CONTAINS THE SAME INFORMATION AS

 9      MR. MUSIKA'S REPORT AND FOR WHICH A SEALING MOTION WAS

10      PREVIOUSLY GRANTED OR DENIED.  OKAY?

11              MR. MCELHINNY:  YES, YOUR HONOR.

12              THE COURT:  ALL RIGHT.  SO THAT WILL TAKE CARE OF

13      THAT SEALING MOTION.

14          OKAY.  LET ME GO AHEAD --

15              MR. MCELHINNY:  I'M SORRY.  I'M --

16              THE COURT:  ALL RIGHT.

17              MR. MCELHINNY:  ONE --

18              THE COURT:  I THINK I'VE EFFECTIVELY RULED ON THIS.

19      I DON'T KNOW IF YOU WANT ME TO MAKE A FURTHER STATEMENT, BUT

20      ESSENTIALLY THE MOTION TO STRIKE THAT WILL BE HEARD ON

21      OCTOBER 10, 2013 WILL RESOLVE ANY DEVIATIONS BETWEEN

22      MR. MUSIKA'S 2012 REPORT AND MS. DAVIS'S 2013 REPORT.

23          AND I DON'T FIND PREJUDICE TO SAMSUNG BECAUSE SAMSUNG HAS

24      HAD TWO MONTHS TO REVIEW THE DAVIS REPORT AND -- OR WILL HAVE

25      AT LEAST TWO MONTHS FROM THE TIME IT RECEIVED THE DAVIS REPORT
```

1    UNTIL WHEN THE MOTION TO STRIKE NEEDS TO BE FILED AND HEARD.

2        I'M ALSO GOING TO DENY SAMSUNG'S MOTION FOR LEAVE TO FILE A

3    REPLY BECAUSE THIS WAS FILED AS AN ADMINISTRATIVE MANNER AND

4    ADMINISTRATIVE MATTERS DO NOT CONTEMPLATE A REPLY.

5        AND OTHER DISTRICT COURTS HAVE HELD THAT THIS RULE IS NOT A

6    VEHICLE TO REQUEST A STAY OF ALL PROCEEDINGS, AND I'M NOT GOING

7    TO VACATE ALL OF THE CASE DEADLINES.  I DON'T BELIEVE THERE HAS

8    BEEN PREJUDICE TO WARRANT THAT.  OKAY?

9        ANYTHING ELSE ON THIS ONE?

10        MR. MCELHINNY:  JUST -- I GOT A NOTE FROM MY TEAM.

11        THE COURT:  YES.

12        MR. MCELHINNY:  TO BE CLEAR, WE CAN'T MOVE

13    MS. DAVIS'S DATE.  WE OFFERED HER FOR A DATE, SAMSUNG WAS NOT

14    AVAILABLE, SO WE GAVE THEM EIGHT ALTERNATIVE DATES.  THEY CHOSE

15    THIS ONE, AND THIS WAS -- WE GAVE THEM ALL OF HER OPEN DATES ON

16    HER SCHEDULE AND THIS IS THE LAST ONE, YOUR HONOR.

17        THE COURT:  OKAY.  THEN YOU NEED TO GIVE YOUR CLEAN

18    AND RED LINE REPORT BY TOMORROW.

19        MS. MAROULIS:  THAT'S WHAT I WAS GOING TO ASK, YOUR

20    HONOR.  IF THEY CAN'T MOVE THE DATE, WE NEED THE REPORT NOW.

21        MR. MCELHINNY:  YOUR HONOR, COULD WE DO IT THE DAY

22    AFTER TOMORROW?  ALL WE'RE DOING IS TAKING STUFF OUT OF THE

23    REPORT, SO WE'RE NOT ADDING ANYTHING TO THE REPORT.

24        THE COURT:  RIGHT.  BUT THEY NEED TO COMPARE IT AND

25    MAKE SURE YOU HAVEN'T MADE ANY OTHER CHANGES.  WHAT ABOUT --

```
 1      CAN YOU SAY BY 11:00 A.M. -- WHAT'S TOMORROW, THURSDAY?

 2      10:00 A.M. ON FRIDAY?

 3              MR. MCELHINNY:  I ACCEPT THAT.

 4              THE COURT:  COME ON.

 5              MR. MCELHINNY:  YES.  NO, NO, I ACCEPT THAT.

 6              THE COURT:  YOU'VE GOT SLEWS OF PEOPLE.  YOU CAN GET

 7      SOMEBODY AT WILMER OR MOFO TO DO THIS.  COME ON.  GIVE ME A

 8      BREAK.

 9              MR. MCELHINNY:  I CAN GET SOMEBODY AT WILMER TO DO

10      THIS, YOUR HONOR.

11              MR. LEE:  YOU HAVE MORE POWER THAN I DO.

12        (LAUGHTER.)

13              MR. MCELHINNY:  11:00 ON FRIDAY.

14              THE COURT:  WILL 11:00 O'CLOCK ON FRIDAY GIVE YOU

15      ENOUGH TIME?

16              MR. MCELHINNY:  I WANT TO DO SOMETHING BETTER THAN

17      THAT.  CAN I DO SOMETHING BETTER THAN THAT?

18              THE COURT:  WHAT'S THAT?

19              MR. MCELHINNY:  WE CAN TELL THEM TOMORROW WHAT

20      PARAGRAPHS WILL COME OUT AND WE'LL GET THEM THE ACTUAL REPORT

21      ON FRIDAY.

22              THE COURT:  IS THAT GOING TO GIVE YOU ENOUGH TIME?

23              MS. MAROULIS:  THAT'S FINE, YOUR HONOR.  WE JUST NEED

24      TO MAKE EXHIBITS FOR THE DEPOSITION.

25              THE COURT:  SURE, SURE.  OKAY.  SO LET ME FIGURE OUT
```

```
 1      WHAT YOU'RE GOING TO DO.

 2           SO ON AUGUST 22, APPLE IS GOING TO IDENTIFY THE PARAGRAPHS

 3      THAT ARE GOING TO BE DELETED?

 4                MR. MCELHINNY:  YES, YOUR HONOR.

 5                THE COURT:  OKAY.  OR REVISED.

 6           AND THEN ON AUGUST 23 AT 11:00 A.M., YOU'RE GOING TO SERVE,

 7      E-MAIL, WHATEVER IS FASTEST, TO SAMSUNG THE CLEAN AND RED LINE

 8      VERSIONS.  OKAY?

 9                MR. MCELHINNY:  AND THEIR COPY BACK TO US IS STILL

10      DUE ON MONDAY?  IS THAT RIGHT?

11                THE COURT:  I THINK SO.  THEY NEED TO REVISE

12      EVERYTHING IN ANTICIPATION OF THE DEPOSITION ON MONDAY.  DO YOU

13      HAVE ANY OBJECTION TO THAT?

14                MR. MCELHINNY:  I DON'T.  I JUST WAS CHECKING.

15                THE COURT:  OKAY.  SO SAMSUNG'S CLEAN AND RED LINE

16      REPORT IS DUE ON THE 26TH.

17           OKAY.  ANYTHING ELSE ON THIS MOTION?

18                MS. MAROULIS:  NOT AT THIS MOMENT, YOUR HONOR.

19                THE COURT:  NO?  OKAY.  LET'S JUST TAKE -- I'M SORRY

20      THIS IS LATE, BUT LET'S TAKE A BREAK.  LET'S TAKE A -- YEAH, WE

21      HAVE BEEN GOING SINCE 3:30.  LET'S TAKE A 15 MINUTE BREAK.

22      THANK YOU.

23           (RECESS FROM 5:15 P.M. UNTIL 5:42 P.M.)

24                THE COURT:  OKAY.  THANK YOU.  PLEASE BE SEATED.

25           LET'S HANDLE JUST THE LAST MOTION FOR A NEW TRIAL.
```

```
1          I HAVE A COUPLE OF QUESTIONS AND I'LL GIVE EACH OF YOU A

2     MINUTE OR TWO.

3          ONE IS LOOKING AT THE CASES THAT SAMSUNG CITED, THE

4     STANDARD HAVENS, JUDGE WHYTE'S HYNIX CASE, THE TDM AMERICA,

5     THEY REALLY DON'T SEEM TO SAY THAT A STATEMENT THAT'S MADE

6     DURING A RE-EXAMINATION THAT ULTIMATELY RESULTS IN AN

7     AFFIRMANCE OF THE CLAIM, WITHOUT AN AMENDMENT, THAT THAT IS

8     REALLY NEWLY DISCOVERED EVIDENCE WARRANTING A NEW TRIAL.

9          SO THAT'S ONE QUESTION.

10         AND IN THIS CASE, BECAUSE CLAIM 19 WAS ULTIMATELY, YOU

11    KNOW, CONFIRMED, WHAT EFFECT DOES APPLE'S STATEMENT REALLY

12    HAVE?

13          AND THEN THE THIRD THING IS, YOU KNOW, WE WERE DEALING

14    WITH THE LIRA BACK IN 2011 WITH THE FIRST INJUNCTION MOTION, SO

15    CLEARLY THE LIRA PRIOR ART AND WHETHER IT REFERENCED -- YOU

16    KNOW, WHETHER IT ENCOMPASSED CENTERING OR THE ALIGNMENT OF THE

17    EDGE LIKE -- I GUESS I'M UNCLEAR ON WHY SAMSUNG DIDN'T PURSUE

18    THIS ARGUMENT EARLIER, AND IF YOU DIDN'T PURSUE IT EARLIER

19    BECAUSE YOU NEEDED APPLE'S STATEMENT TO THE PTO DURING THE

20    RE-EXAM IN MAY OF 2013, HOW IS THAT EVIDENCE THAT WAS KNOWN OR

21    IN EXISTENCE AT THE TIME OF THE TRIAL?

22          AND ISN'T WHAT'S REALLY RELEVANT HERE APPLE'S DISCLAIMER,

23    WHAT SAMSUNG CLAIMS IS A DISCLAIMER, AND NOT THE LIRA REFERENCE

24    ITSELF, WHICH THE PARTIES HAVE BEEN FIGHTING ABOUT SINCE, AT A

25    MINIMUM, YOU KNOW, 2011 WHEN WE HANDLED THAT FIRST PRELIMINARY
```

1    INJUNCTION HEARING THAT WAS IN OCTOBER AND THE ORDER WAS ISSUED

2    ON, I THINK, DECEMBER 2ND.

3           SO ANYWAY, WOULD YOU LIKE TO BE HEARD ON -- THOSE ARE THE

4    QUESTIONS THAT I HAVE.

5                MS. MAROULIS:  YES, YOUR HONOR.  I'LL ADDRESS THEM IN

6    SOMEWHAT REVERSE ORDER.

7                THE COURT:  OKAY.

8                MS. MAROULIS:  I THINK THAT MIGHT BE HELPFUL.

9        IT IS CORRECT THAT THE LIRA REFERENCE WAS THE SUBJECT OF

10   THE PARTIES' MOTION PRACTICE FOR THE PRELIMINARY INJUNCTION.

11          HOWEVER, THE REASON IT'S COMING UP NOW IS THAT APPLE HAS

12   DRASTICALLY CHANGED THE CLAIM SCOPE OF CLAIM 19 IN ORDER TO

13   SAVE THE PATENT IN THE PTO.

14          WHEN APPLE WAS IN THE PROCESS OF OVERCOMING THE REJECTION

15   OVER LIRA, THE FINAL REJECTION, APPLE SPECIFICALLY TOOK A

16   POSITION THAT THE MERE VISUAL EFFECT OF EDGE ALIGNMENT WAS NO

17   LONGER NECESSARY.  WHAT HAD TO HAPPEN IS THAT THE CODE, THE

18   ALGORITHM THAT DROVE THE PROCESS HAD TO HAVE A PURPOSE, A

19   SPECIFIC INTENT, TO CAUSE EDGE ALIGNMENT.  THAT IS HOW THEY

20   DISTINGUISHED THEMSELVES FROM LIRA.

21          THIS IS THE FIRST TIME SAMSUNG HEARD, AND ANYONE ELSE

22   HEARD, APPLE DISTINGUISHING LIRA IN THIS WAY, BECAUSE PRIOR TO

23   THAT, APPLE WAS ARGUING AT TRIAL THAT ALL YOU NEED TO DO IS TO

24   LOOK AT THE DEVICES THEMSELVES AND SEE THE VISUAL EFFECT AND

25   WHETHER IT BOUNCES TO THE EDGE OR NOT.

```
1            IN FACT, DR. BALAKRISHNAN, IN HIS REPORT, FREQUENTLY --

2            THE COURT:  I'M SORRY.  LET ME INTERRUPT YOU.

3            MS. MAROULIS:  YES.

4            THE COURT:  I HEAR YOU, BUT THEN HOW IS THAT

5    DISCLAIMER IN EXISTENCE DURING THE 2012 TRIAL?  THAT'S ONE

6    HURDLE THAT I CAN'T QUITE GET OVER.

7            MS. MAROULIS:  YES, YOUR HONOR.  SO THE -- THERE ARE

8    VERY FEW CASES THAT ADDRESS THAT.

9            THE COURT:  UM-HUM.

10           MS. MAROULIS:  BUT WE LOCATED THEM ALL.  IT'S THE

11   STANDARD HAVENS AND THE TDM CASES, AND THE WAY THESE CASES HAVE

12   HELD -- AND GRANTED, DISCUSSION IS VERY SHORT IN THOSE CASES --

13   BUT THEY BASICALLY SUGGEST TO US THAT THE RE-EXAMINATION WAS

14   HAPPENING BEFOREHAND, THE DISCUSSIONS BETWEEN THE EXAMINER AND

15   THE INTERVIEWEE IN THE COURSE OF REJECTIONS AND TRAVERSES AND

16   STATEMENTS WERE GOING ON, AND THEN SOME EVENT HAPPENS AFTER THE

17   TRIAL AND YOU CAN STILL BRING IN THAT AS THE NEWLY DISCOVERED

18   EVIDENCE BECAUSE THE RE-EXAM ITSELF EXISTS PRIOR TO TRIAL, JUST

19   LIKE IN THIS CASE.

20        BUT THE FINAL EVENT, SUCH AS THE EXAMINER'S CONFIRMATION OR

21   EXAMINER'S STATEMENT WITH THE REJECTION OR AFFIRMANCE ACTUALLY

22   OCCURRED AFTER EITHER SUMMARY JUDGMENT OR TRIAL.

23        THIS IS WHAT WE HAVE HERE.  IT IS CORRECT THAT THE RE-EXAM

24   EXISTED BEFORE AND IT IS CORRECT THAT THE LIRA REFERENCE WAS

25   ASSERTED IN THE REFERENCE BEFORE AND WAS KNOWN TO THE PARTIES
```

1      BEFORE.

2           HOWEVER, THE NEW EVIDENCE THAT THESE CASES HOLD TO HAVE

3      BEEN EXISTING PRIOR IS THE STATEMENT BY APPLE REGARDING WHY

4      LIRA IS DIFFERENT IN THE PTO AND THE EXAMINER'S ACCEPTANCE OF

5      THAT STATEMENT IN THE LIRA CITATION OF THE INTERVIEW.

6           THAT IS WHY THE CASES LIKE TDM AND STANDARD HAVENS PROVIDE

7      US WITH THE GUIDANCE ON THIS.

8           AND THEY LIKEN -- THEY GO OUTSIDE THE PATENT CONTEXT AND

9      LIKEN IT TO A CASE OF A FRAUD, FOR EXAMPLE, WHERE A FRAUD HAS

10     OCCURRED PRIOR TO TRIAL, BUT THE AUDIT DISCOVERED IT AFTER THE

11     TRIAL.  IN OTHER WORDS, THE AUDIT IS THE EVENT THAT TRIGGERED

12     THE NEW EVIDENCE, BUT IT WAS IN EXISTENCE PRIOR TO THAT.

13              THE COURT:  OKAY.

14              MS. MAROULIS:  SO THAT IS TO ADDRESS WHY NOW, BECAUSE

15     APPLE HAS BEEN CLAIMING IT'S UNTIMELY.

16          BUT THE REASON IT'S NOW, WE DID MOVE VERY EXPEDITIOUSLY,

17     IMMEDIATELY AFTER THE PATENT OFFICE ISSUED THE NOTICE OF

18     ALLOWANCE, AND WE BASICALLY MOVED ON ALLOWANCE, AND BECAUSE OF

19     THAT, THE MOTION IS TIMELY AND NOT, NOT OVERDUE.

20          YOUR HONOR ALSO INQUIRED ABOUT THOSE CASES AND THOSE ARE

21     THE THREE CASES THAT SAMSUNG RELIES ON, STANDARD HAVENS AND

22     TDM.  WE SUBMIT THAT TDM IS PROBABLY THE MOST ON POINT, WHILE

23     THE OTHER CASES SUPPORT SAMSUNG AS WELL.

24          IN THOSE CASES, THE COURT ALLOWED THE EXAMINATION TO BE THE

25     BASIS OF THE NEW TRIAL, AND THEN RULED ON THE NEW TRIAL MOTION,

1    IN SOME CASE DENYING ON OTHER GROUNDS, BUT THE COURT FOUND THAT

2    THE EXISTENCE OF THE EXAMINATION BEFOREHAND WAS SUFFICIENT TO

3    CONSTITUTE NEW EVIDENCE.

4        SO IN THIS CASE, WE ARE BASING THIS ENTIRELY ON APPLE'S

5    DISCLAIMER OF SCOPE, AND THE DISCLAIMER OF SCOPE IS VERY

6    SPECIFIC.  WHILE THEY DID NOT AMEND THE CLAIM, IT IS CLEAR FROM

7    THE EXAMINER'S ALLOWANCE THAT THE ONLY REASON HE ALLOWED -- OR

8    THE EXAMINER ALLOWED THIS PATENT TO GO FORWARD IS BECAUSE APPLE

9    DISTINGUISHED LIRA AND STATED TO THE EXAMINER THAT THE LIRA

10   REFERENCE DOES NOT ALLOW EDGE ALIGN -- DOES NOT CONTEMPLATE

11   EDGE ALIGNMENT AS THE PURPOSE OF THE CODE AND THE PURPOSE OF

12   THE ALGORITHM.

13       AND THAT IS NOT THE WAY APPLE HANDLED THIS PATENT AT TRIAL.

14   DR. BALAKRISHNAN PRESENTED THE EVIDENCE AT TRIAL VERY BRIEFLY.

15   HE SHOWED THE JURY HOW THE DEVICE WORKED AND BARELY REFERRED TO

16   CODE.  HE CERTAINLY NEVER ARGUED THAT THE PURPOSE OR THE INTENT

17   OF SAMSUNG'S CODE AND ALGORITHM IS EDGE ALIGNMENT.

18       AND IN THAT SENSE, HE BASICALLY TREATED THE SAMSUNG DEVICES

19   AS SOMETHING THAT MAY HAVE THE PURPOSE OF CENTERING, BUT HAS

20   THE VISUAL EFFECT OF EDGE ALIGNMENT.

21       AND THAT IS NOT WHAT THEY ARE ARGUING NOW, AND THAT IS WHY

22   WE'RE MOVING FOR A NEW TRIAL, BECAUSE HAD THE JURY BEEN AWARE

23   AT THE TIME OF TRIAL THAT THIS IS APPLE'S INTERPRETATION, IF WE

24   HAD A CLAIM CONSTRUCTION, THE RESULT WOULD HAVE BEEN DIFFERENT.

25            THE COURT:  ALL RIGHT.

```
 1        MS. MAROULIS:  DID I ADDRESS YOUR HONOR'S SPECIFIC

 2   QUESTIONS?  I DIDN'T JOT THEM DOWN.

 3        THE COURT:  I THINK THAT YOU DID.

 4     WHAT ABOUT THE -- WELL, I THINK YOU HAVE ANSWERED THEM.

 5        MS. MAROULIS:  AND YOUR HONOR, IF I MAY TURN THE

 6   COURT'S ATTENTION TO THE TDM CASE, SPECIFICALLY AT PAGE 490,

 7   IT'S 100 FEDERAL CLAIMS COURT 485, WHERE THE EVIDENCE AT ISSUE

 8   WAS THE NOTICE OF INTENT TO ISSUE EX PARTE RE-EXAMINATION

 9   CERTIFICATES, SO IT'S A VERY SIMILAR POSTURE AS IN THIS CASE.

10        THE COURT:  OKAY.  ALL RIGHT.  WELL, I'M READY TO

11   RULE ON THIS.

12        MS. MAROULIS:  DOES YOUR HONOR HAVE ANY QUESTIONS

13   ABOUT THE TECHNICAL ASPECTS OF THE MOTION?

14        THE COURT:  NO, THANK YOU.  NO, THANK YOU.

15     FIRST OF ALL, I'M GOING TO REJECT APPLE'S TIMELINESS

16   ARGUMENTS.  AS SAMSUNG NOTES AND APPLE CONCEDES, THE COURT MAY

17   CONSIDER A MOTION FOR A NEW TRIAL ON THE BASIS OF NEWLY

18   DISCOVERED EVIDENCE UNDER FEDERAL RULE 60(B)(2), WHICH IS NOT

19   SUBJECT TO THE 28 DAY DEADLINE, PLUS I THINK THERE'S A LOT OF

20   DISPUTE ABOUT WHEN THE 28 DAY DEADLINE ACTUALLY GETS TRIGGERED

21   REGARDLESS.

22     SO THE TIMELINESS OBJECTIONS BY APPLE ARE NOT WELL TAKEN.

23     TO PREVAIL ON A REQUEST FOR A NEW TRIAL UNDER EITHER RULE

24   59 OR 60 ON THE BASIS OF NEWLY DISCOVERED EVIDENCE, THE MOVING

25   PARTY HAS TO SHOW:  ONE, THE EVIDENCE WAS DISCOVERED AFTER THE
```

1    TRIAL; TWO, THE EXERCISE OF DUE DILIGENCE WOULD NOT HAVE

2    RESULTED IN THE EVIDENCE BEING DISCOVERED AT AN EARLIER STAGE;

3    THREE, THE NEWLY DISCOVERED EVIDENCE IS OF SUCH MAGNITUDE THAT

4    PRODUCTION OF IT EARLIER WOULD LIKELY HAVE CHANGED THE OUTCOME

5    OF THE CASE; AND, FOUR, THE MOVING PARTY ALSO MUST SHOW THAT

6    THE NEWLY DISCOVERED EVIDENCE EXISTED AT THE TIME OF THE TRIAL.

7        THE COURT DOES NOT BELIEVE THAT SAMSUNG CAN MEET ITS

8    BURDEN.  FIRST OF ALL, THE EVIDENCE WAS DISCOVERED AFTER TRIAL.

9        THE COURT WOULD AGREE THAT, ACCORDING TO SAMSUNG, THE

10   RELEVANT ISSUE ARE APPLE'S DISCLAIMERS, OR WHAT SAMSUNG

11   CONTENDS ARE DISCLAIMERS, THAT WERE PRESENTED TO THE PTO ON

12   MAY 9TH AND MAY 13TH OF 2013, AND THAT WAS CERTAINLY AFTER OUR

13   TRIAL IN WHICH A VERDICT WAS ENTERED ON AUGUST 24TH OF 2012.

14       NOW, THE SECOND PRONG IS WHETHER SAMSUNG HAS EXERCISED DUE

15   DILIGENCE, WHETHER THE EXERCISE OF DUE DILIGENCE WOULD HAVE

16   RESULTED IN EVIDENCE BEING DISCOVERED AT AN EARLIER STAGE, AND

17   THIS I CANNOT FIND IN SAMSUNG'S FAVOR.

18       SAMSUNG SEEMS TO BE MAKING A CONTRADICTORY ARGUMENT.  ON

19   THE ONE HAND, THE RELEVANT TRIGGER POINT IS THE APPLE PURPORTED

20   DISCLAIMER IN MAY OF 2013.

21       ON THE OTHER HAND, SAMSUNG IS ALSO ARGUING THAT THE LIRA

22   REFERENCE HAS ALWAYS EXISTED IN THIS CASE AND, THEREFORE, THIS

23   NEWLY DISCOVERED EVIDENCE DID EXIST AT THE TIME OF THE TRIAL.

24       AND WE CERTAINLY HAVE LITIGATED CLAIM 19 OF THE '381

25   PATENT, AND CERTAINLY THE LIRA REFERENCE I CAN, ALONE, THINK OF

1    AT LEAST PROBABLY THREE INSTANCES:  THE FIRST PRELIMINARY

2    INJUNCTION THAT WAS HEARD IN OCTOBER AND AN ORDER ISSUED IN

3    DECEMBER OF 2011; THE CLAIM CONSTRUCTION OF "EDGE OF AN

4    ELECTRONIC DOCUMENT" FROM THE '381 PATENT, THE ORDER WAS

5    APRIL 4TH OF 2012; AND THE POST-TRIAL MOTION THAT WAS HEARD IN,

6    I BELIEVE, DECEMBER OF 2012, AND THE ORDER WAS ISSUED AT THE

7    END OF JANUARY OF 2013.

8        AT THAT POINT WE ONLY DEALT WITH LAUNCHTILE AND TABLECLOTH

9    BECAUSE SAMSUNG CHOSE NOT TO USE THE LIRA PRIOR ART REFERENCE

10   AT TRIAL, EVEN THOUGH SAMSUNG DID USE IT DURING ITS OPPOSITION

11   TO THE FIRST PRELIMINARY INJUNCTION BACK IN 2011.

12       SO IT'S A LITTLE BIT -- THE COURT CAN'T MAKE A FINDING ON

13   THE SECOND PRONG OF THIS TEST IN FAVOR OF SAMSUNG.

14       THIRD IS THE NEWLY DISCOVERED EVIDENCE IS OF SUCH MAGNITUDE

15   THAT PRODUCTION OF IT EARLIER WOULD LIKELY HAVE CHANGED THE

16   OUTCOME OF THE CASE.

17       THE COURT HAS REVIEWED THE EXPERT REPORTS THAT HAVE BEEN

18   SUBMITTED AND THE VARIOUS BRIEFING AND DOES NOT MAKE THAT

19   FINDING IN SAMSUNG'S FAVOR.

20       AND THE FINAL PRONG, WHICH IS WHETHER THE NEWLY DISCOVERED

21   EVIDENCE EXISTED AT THE TIME OF THE TRIAL, I THINK THE NEWLY

22   DISCOVERED EVIDENCE IS NOT THE LIRA REFERENCE.  IT'S ACTUALLY

23   APPLE'S PURPORTED DISCLAIMER, AND THAT SIMPLY DID NOT EXIST AT

24   THE TIME OF THE TRIAL THAT ENDED IN AUGUST OF 2012.

25       AND I'M NOT PERSUADED THAT THE CASE LAW THAT SAMSUNG CITES

1    ADDRESSES THIS SITUATION.  IN STANDARD HAVENS VERSUS GENCOR, IT

2    WAS AN ACTION BY THE PTO IN WITHDRAWING APPROVAL OF A

3    CERTIFICATE OF CORRECTION IN A SUA SPONTE -- IN SUA SPONTE

4    ORDERING RE-EXAMINATION BECAUSE SERIOUS QUESTIONS OF LAW WHICH

5    COULD NECESSITATE A NEW TRIAL WERE IDENTIFIED.

6        JUDGE WHYTE'S ORDER IN HYNIX JUST SORT OF NOTES THAT

7    STANDARD HAVENS LANGUAGE.

8        AND IN TDM, THE FEDERAL CLAIMS COURT HELD THE PTO'S FINAL

9    DETERMINATIONS ON EX PARTE PROCEEDINGS WERE NEWLY DISCOVERED

10   EVIDENCE.

11       NONE OF THESE CASES REALLY TALK ABOUT A STATEMENT THAT A

12   PATENT OWNER MAKES DURING A RE-EXAMINATION AFTER A TRIAL WHERE

13   THE PATENT CLAIM IS, IN FACT, CONFIRMED BY THE PTO WITHOUT

14   AMENDMENT AND FINDS ALL OF THAT TO BE NEWLY DISCOVERED EVIDENCE

15   WARRANTING A NEW TRIAL.

16       I THINK THIS IS DISTINGUISHABLE FROM THOSE CASES, STANDARD

17   HAVENS, HYNIX, AND TDM AMERICA.

18       AND AS I'VE SAID BEFORE, I THINK THE RELEVANT ISSUE IS THE

19   PURPORTED DISCLAIMER, AND THAT CERTAINLY HAPPENED IN 2013, LONG

20   AFTER THE JULY TO AUGUST OF 2012 TRIAL.

21       SO THE COURT DOES NOT FIND THAT THE ALLEGED DISCLAIMER

22   DURING THE RE-EXAMINATION PROCEEDING IS NEWLY DISCOVERED

23   EVIDENCE JUSTIFYING A NEW TRIAL ON INFRINGEMENT OF THE '381

24   PATENT AND THE MOTION FOR A NEW TRIAL IS DENIED.

25       LET ME GO TO THE SECOND ISSUE, AND THAT IS THE ALTERNATIVE

1    MOTION FOR ENTRY OF JUDGMENT ON THE LIABILITY ISSUE.

2        IT'S EFFECTIVELY A RECONSIDERATION OF MY PREVIOUS ORDER

3    DENYING SAMSUNG'S RULE 54(B) MOTION.

4        I DON'T BELIEVE THAT THE CIVIL LOCAL RULE STANDARD FOR

5    LEAVE TO FILE A MOTION FOR RECONSIDERATION IS MET HERE, AND

6    MOREOVER, THE SAME REASONS AND GROUNDS UPON WHICH I PREVIOUSLY

7    DENIED THAT RULE 54(B) MOTION STILL APPLY HERE.

8        I ALSO JUST WANT TO STATE THAT FOR SECTION 1292(C)(2), IT

9    REALLY DEALS MORE WITH THE JURISDICTION OF THE FEDERAL CIRCUIT

10   AND I DON'T THINK IT'S REALLY RELEVANT IN THIS PARTICULAR

11   SITUATION, ESPECIALLY LOOKING AT THAT ROBERT BOSCH VERSUS PYLON

12   MANUFACTURING CORPORATION FEDERAL CIRCUIT OPINION FROM JUNE OF

13   THIS YEAR, BECAUSE IN THAT CASE, THE DISTRICT COURT HAD

14   BIFURCATED LIABILITY FROM DAMAGES, AND FOLLOWING A JURY TRIAL

15   ON LIABILITY AND THE SUBSEQUENT PRETRIAL MOTIONS -- POST-TRIAL

16   MOTIONS, EXCUSE ME, THE COURT ENTERED A JUDGMENT AGAINST THE

17   DEFENDANT ON THE ISSUE OF INFRINGEMENT.  EVEN THOUGH THE COURT

18   HAD NOT HELD A HEARING ON DAMAGES, THE FEDERAL CIRCUIT FOUND

19   THAT IT HAD JURISDICTION TO HEAR THE APPEAL ON LIABILITY ALONE.

20       AND I JUST THINK THAT IS DISTINGUISHABLE FROM WHERE WE ARE

21   NOW, AND FOR THE SAME REASONS THAT I'VE PREVIOUSLY DENIED

22   SAMSUNG'S EARLIER REQUEST FOR ENTRY OF JUDGMENT UNDER RULE

23   54(B), I'M DENYING THIS REQUEST AS WELL.

24           MS. MAROULIS:  YOUR HONOR, MAY I BE HEARD BRIEFLY?  I

25   DIDN'T REALIZE YOU WOULD GO DIRECTLY TO 1292(C).

```
 1                 THE COURT:  OKAY, GO AHEAD.

 2                 MS. MAROULIS:  YES.  SAMSUNG DOES NOT BELIEVE THIS IS

 3      A MOTION FOR RECONSIDERATION BECAUSE IT'S A DIFFERENT STATUTE

 4      AND IT'S A DIFFERENT APPELLATE MECHANISM.  WE'RE MINDFUL OF THE

 5      COURT'S DESIRE TO SEE IF WE CAN GET THIS CASE UP ON APPEAL, AND

 6      WHEN THE BOSCH DECISION CAME DOWN CHANGING THE LAW AS TO WHAT

 7      IS ACCOUNTING VERSUS DAMAGES, SAMSUNG THOUGHT IT WAS AN

 8      APPROPRIATE VEHICLE TO RAISE TO THE COURT'S ATTENTION.

 9           SO WE UNDERSTAND THE COURT'S DISTINGUISHING IT ON THE

10      BIFURCATION GROUNDS, BUT WE RESPECTFULLY SUBMIT THAT BOSCH DOES

11      NOT STAND FOR THE PROPOSITION THAT IT ONLY APPLIES TO

12      BIFURCATED CASES, BUT SIMPLY GOES TO THE BALANCE OF WHETHER

13      ACCOUNTING IS PART OF DAMAGES FOR THIS PURPOSES, AND AS SOON AS

14      IT ISSUED, WE THOUGHT IT WOULD BE PRUDENT TO PROVIDE THE COURT

15      WITH A POTENTIAL VEHICLE TO GET THIS CASE UP ON APPEAL.

16                 THE COURT:  SO I'M NOT CLEAR ON -- IF YOU'RE NOT

17      MOVING UNDER 54(B), THEN ARE YOU MOVING UNDER 1292(C)?  BECAUSE

18      THAT REALLY HAS MORE TO DO WITH JURISDICTION OF THE FEDERAL

19      CIRCUIT --

20                 MS. MAROULIS:  YES, YOUR HONOR.

21                 THE COURT:  -- THAN HERE.

22                 MS. MAROULIS:  WE'RE MOVING UNDER 1292(C)(2).

23                 THE COURT:  OKAY.  BUT THAT GOVERNS REALLY MORE THE

24      JURISDICTION OF THE FEDERAL CIRCUIT, NOT WHETHER A DISTRICT

25      COURT SHOULD ENTER JUDGMENT.
```

1          MS. MAROULIS:  SAMSUNG BELIEVES IT PROVIDES A VEHICLE

2     TO ENTER JUDGMENT AND GET IT UP ON APPEAL IN THE CASES WHERE

3     YOU HAVE A LIABILITY JUDGMENT SEPARATELY FROM DAMAGES, AND IN

4     THIS CASE WE MAY ENTER A LIABILITY ONLY JUDGMENT BECAUSE THE

5     ISSUES HAVE BEEN RESOLVED, BUT NOT YET ENTERED.

6          THE COURT:  ALL RIGHT.  WELL, I THINK IT'S

7     DISTINGUISHABLE BECAUSE IN THAT CASE THERE WAS BIFURCATION.

8        IN THIS CASE THERE'S BEEN NO BIFURCATION.  THERE'S ACTUALLY

9     BEEN A VERDICT ON EVERYTHING.  IT'S JUST THAT A POST-TRIAL

10    MOTION WAS GRANTED.

11       AND I THINK MOST OF THE BOSCH V. PYLON DISCUSSION IS DICTA

12    ON THE POLICY PORTION ABOUT HOLDING THAT ACCOUNTING INCLUDES A

13    TRIAL ON DAMAGES AND I, FOR THE SAME REASONS I PREVIOUSLY

14    DENIED, EVEN IF IT IS A DIFFERENT -- I DON'T THINK 1292(C), IN

15    FACT, IS THE PROPER MECHANISM FOR THE MOTION THAT YOU'VE MADE.

16    I REALLY DO THINK IT'S A 54(B) RECONSIDERATION.

17       BUT REGARDLESS, THE RELIEF THAT YOU'RE REQUESTING IS THE

18    SAME, AND FOR THE SAME REASONS I PREVIOUSLY GRANTED -- OR

19    DENIED YOUR 54(B) MOTION, I THINK ALL OF THOSE REASONS STILL

20    STAND.

21          MS. MAROULIS:  THANK YOU, YOUR HONOR.

22          THE COURT:  OKAY.  ALL RIGHT.

23    THANK YOU.

24    SO I GUESS I WILL NOT SEE YOU AGAIN UNTIL OCTOBER.  OKAY?

25          MR. MCELHINNY:  ANY TIME YOU WANT US, YOUR HONOR, WE

1    WILL BE HERE.

2         THE COURT:  THIS WAS MORE THAN ENOUGH FOR A COUPLE

3    MONTHS.

4         MS. MAROULIS:  THANK YOU, YOUR HONOR.

5         THE COURT:  ALL RIGHT.  THANK YOU ALL.

6         MR. MCELHINNY:  THANK YOU, YOUR HONOR.

7         THE COURT:  THANK YOU VERY MUCH.

8      (THE PROCEEDINGS IN THIS MATTER WERE CONCLUDED.)

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

2

3                              CERTIFICATE OF REPORTER

4

5

6

7            I, THE UNDERSIGNED OFFICIAL COURT REPORTER OF THE UNITED

8     STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA,

9     280 SOUTH FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY

10    CERTIFY:

11           THAT THE FOREGOING TRANSCRIPT, CERTIFICATE INCLUSIVE, IS

12    A CORRECT TRANSCRIPT FROM THE RECORD OF PROCEEDINGS IN THE

13    ABOVE-ENTITLED MATTER.

14

15

16    _____
      LEE-ANNE SHORTRIDGE, CSR, CRR
17    CERTIFICATE NUMBER 9595

18           DATED:  AUGUST 28, 2013

19

20

21

22

23

24

25