HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 11-cv-01846-LHK (PSG)<br><br>**MOTION TO STRIKE PORTIONS OF MICHAEL WAGNER'S AUGUST 26, 2013 REBUTTAL REPORT**<br><br>Date:    October 10, 2013<br>Time:    1:30 p.m.<br>Place:   Courtroom 8, 4th Floor<br>Judge:   Hon. Lucy H. Koh |

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that on October 10, 2013, at 1:30 p.m., or as soon as the matter may be heard by the Honorable Lucy H. Koh in Courtroom 8, United States District Court for the Northern District of California, Robert F. Peckham Federal Building, 280 South 1st Street, San Jose, CA 95113, Apple Inc. ("Apple") shall and hereby does move the Court pursuant to Federal Rule of Civil Procedure 37(c)(1) and the Court's April 29, 2013 and August 22, 2013 Case Management Orders to strike certain portions of the expert report of Michael Wagner, retained by Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung").

This motion is based on this notice of motion and supporting memorandum of points and authorities; the Declaration of Erik J. Olson in Support of Apple's Motion to Strike Portions of Michael Wagner's August 26, 2013, Rebuttal Report ("Olson Decl.") and exhibits attached thereto; and such other written or oral argument as may be presented at or before the time this motion is taken under submission by the Court.

**RELIEF REQUESTED**

An order striking certain identified paragraphs, and the corresponding portions of the Schedules and Exhibits, from the August 26, 2013, Rebuttal Report of Michael Wagner.

**STATEMENT OF ISSUES**

Whether Michael Wagner's August 26, 2013, Rebuttal Report includes (1) new sales data, including any sales after June 30, 2013; (2) new products; and (3) new methodologies or theories.

Whether Michael Wagner's August 26, 2013, Rebuttal Report uses "different methodologies in his . . . expert report" and drew "upon new data."

1  Dated: August 30, 2013                        MORRISON & FOERSTER LLP

                                                 By:   /s/ Harold J. McElhinny
                                                       HAROLD J. McELHINNY

                                                 Attorneys for Plaintiff
                                                 APPLE INC.

# MEMORANDUM OF POINTS AND AUTHORITIES

"The Court will not permit the parties to expand the scope of the damages trial by relying upon:  (1) new sales data, including any sales after June 30, 2013; (2) new products; and (3) new methodologies or theories."  (Dkt. No. 2316 at 3.)  An expert "may not include different methodologies in his or her expert report, and may not draw upon new data." (*Id*.)  The August 26, 2013, Rebuttal Report of Michael Wagner violates these prohibitions by presenting new data, new methods, and new theories that were not presented in prior reports or in the prior trial.  Indeed, the Rebuttal Report repeatedly relies on *post-trial* data and sources to justify new opinions and new positions.[1]  The Rebuttal Report repeatedly adds new material and uses new methods to calculate damages that are different than anything disclosed prior to or at the trial in August 2012.  None of the challenged content reflects adjustments needed to apply previously-disclosed methods to the notice dates set by the Court and the smaller set of products at issue in the new trial.  They are simply an effort to address holes in prior opinions or otherwise reduce damages.

For example, Wagner:  (1) introduces new opinions based on *post-trial interviews* with Samsung engineers and financial personnel in South Korea in July 2013 (Olson Decl. Ex. A ¶¶ 257-259 & n.487, 524-526 & n.822, 548); (2) presents new design-around theories based on *post-trial* patent reexaminations and other new post-trial data (*id.* ¶¶ 24-27, 38, 40-41, 477-478, 491-494 & n.790, 517-526 & n.822); (3) changes his opinions regarding which Samsung's expenses are "direct" or "indirect," to avoid a conflict between his prior opinions and the language of the final jury instruction that addresses how Samsung's profits are calculated (*id.* ¶¶ 248-252, 256-259, 393, 395-397, 399, 408); and (4) uses new methods to calculate reasonable royalties (*id.* ¶¶ 433, 512, 563-583), Samsung's profits (*id.* ¶¶ 412-415) and Apple's lost profits (*id.* ¶ 238 & Figure 24).

The sections of the Rebuttal Report that violate the Court's Orders are set forth below,

---

[1] A copy of Wagner's August 26, 2013 Rebuttal Report, with challenged provisions highlighted in yellow, is attached as Exhibit A to the Declaration of Erik J. Olson.

with explanations of the new data, new methods, and/or new theories each contains. Each should be struck.[2]

| Report | Subject Matter and Basis to Strike |
|---|---|
| ¶ 8 | Reference to post-trial declarations of Michael Wagner submitted in connection with post-trial motions regarding judgment as a matter of law, enhanced damages, and injunctive relief. **New sources, new data.** |
| ¶¶ 24-27, 38, 40-41 | New opinions regarding alleged design-arounds to Apple's patents based on 2012 and 2013 patent reexaminations and other post-trial sources. **New opinions, new sources, new data. New design-around theories.**[3] |
| ¶ 92 | New opinion that lost profits should purportedly be based on the iOS operating system and not on the patented products. **New opinions, new sources, new data.** |
| ¶¶ 137-139 | New opinions based on post-trial declarations and depositions (including deposition and declaration of Marylee Robinson and the declaration of Michael Wagner submitted in connection with post-trial motions regarding enhanced damages and injunctive relief). **New opinions, new sources, new data.** |
| ¶¶ 144-145 | New opinions and sources regarding consumers' alleged willingness to delay purchase of smartphones. **New opinions, new sources, new data.** |
| ¶¶ 181-182 & Schedules 30.1-NT – 30.6-NT | New damages calculations based on new notice dates and new notice theories inconsistent with those set forth in the Court's March 1 Order re: Damages. **New opinions, new sources, new data. New methods to calculate damages**. |
| ¶¶ 183-184 & Schedule 29-NT | New calculation based on claim that notice for the D'677 Patent did not occur until June 16, 2011. The new calculation contradicts Wagner's prior trial exhibit (DX781), which identified the Infuse 4G notice date as April 15, 2011, and also contradicts the Court-ordered notice dates. **New methods to calculate damages.** |
| ¶ 183 n.363 & Schedules 19-NT – | New opinions on damages based on Wagner's "adjust[ing] the jury's findings" by "reverse engineering" the August 24, 2012, jury verdict. |

---

[2] Apple reserves any *Daubert* and other evidentiary challenges to the new opinions to the extent not struck by the Court. Because the opinions are new, Apple could not have challenged them in a prior motion.

[3] Wagner also lacks the expertise needed to reach any conclusions on infringement or technical alternatives. (Olson Decl. Ex. B at 797:20-798:17, 801:7-802:19, 804:13-805:16.)

| Report | Subject Matter and Basis to Strike |
|---|---|
| 19.4-NT, 31-NT – 31.4-NT | (Olson Decl. Ex. B at 945:13-946:19, 951:6-16.)  **New opinions, new sources, new data.  New method to calculate damages.**[4] |
| ¶¶ 189-190, 198-204, Figure 21 & Schedules 15.3-NT – 15.4-NT | New opinions based on new sources and data regarding the retail pricing of Samsung's infringing products and alleged changes in average selling price from 2010 to 2011.  Prior reports did not address differences in retail pricing and focused on wholesale pricing, also referred to as "average selling price" or "ASP."  (*Cf.* April 20, 2012 Corrected Expert Report of Michael J. Wagner (previously filed under seal at Dkt. No. 999-18; courtesy copies provided with the Olson Declaration for convenience) ("April 2012 Report") ¶¶ 196-197.)  **New opinions, new sources, new data.** |
| ¶¶ 205-208 & Figure 22 | New opinions based on new data regarding features in the Infuse 4G, Captivate, Continuum, Droid Charge and Exhibit 4G.  **New opinions, new sources, new data.** |
| ¶¶ 232-237 & Figure 23 | New theory regarding a white or gray version of the Infuse 4G as a design-around for the D'677 Patent.  (*See* Olson Decl. Ex. B at 814:2-815:6.)  **New design-around theories.** |
| ¶¶ 248-252 | New opinions regarding the meaning of fixed versus variable costs and their relationship to direct and indirect costs.  **New and modified opinions on expenses and financial data.** |
| ¶¶ 256-259 & Schedule 28-NT; *see also* ¶ 584 | New opinions regarding Samsung's expenses based on post-trial July 2013 interviews with Giho Ro and JongHoon Song in South Korea.  (*See* Olson Decl. Ex. B at 853:2-854:10.)  **New opinions, new sources, new data.** |
| ¶ 264 | New opinions that:<br>• Samsung's multiple financial productions were merely an attempt "to be responsive to Apple's extensive data requests."<br>• Samsung produced an "enormous volume of back-up financials" and that Wagner lacks of awareness of "any discrepancies."<br>• because Apple "cannot provide financial information as granular as revenue by model," Samsung's financial spreadsheets are reliable.<br>• "the financial data that was prepared solely for use in this litigation" is "the most reliable data" for purposes of damages calculations.[5] |

---

[4] Speculation about how the jury reached a decision and how the jury would adjust it to address new facts is not a reasonable basis for a damages calculation and should also be excluded by Federal Rules of Evidence 606 and 702.

[5] These new opinions also contradict Judge Grewal's findings in his order sanctioning Samsung for damages discovery violations. (*See, e.g.*, Dkt. No. 880 at 14-15 ("Late-produced and never-produced product data, inconsistent presentations regarding the cost of goods sold and total profits that result in improper witness instructions during deposition, and errors that require

| Report | Subject Matter and Basis to Strike |
|---|---|
| | **New and modified opinions on expenses and financial data.** |
| ¶ 265 | New opinions regarding Samsung's operating profit margins. **New opinions, new sources, new data.** |
| ¶¶ 266-268, Figures 26-27 & Schedules 4.2-NT, 4.2C-NT, 4.2D-NT, 5.10-NT | Calculation of individual totals for each SEC and STA expense line item based on a new "Summation Method."[6] (Olson Decl. Ex. B at 936:14-23.) **New methods to calculate damages.** |
| ¶¶ 271-274 | New opinions with new criticisms regarding how Davis (and previously Musika) calculated gross profits using STA's and SEC's inconsistent disclosures. **New opinions. New methods to calculate damages.** |
| ¶ 286 | New opinions based on the Court's post-trial December 2012 denial of a permanent injunction. **New opinions, new sources, new data.** |
| ¶ 308 | New opinions regarding Apple's assertion of other patents against Samsung in this Court and in other venues. **New opinions, new sources, new data.** |
| ¶¶ 309-310 & Schedule 27-NT | New royalty opinions based on a post-trial November 11, 2012, litigation settlement between HTC and Apple. **New opinions, new sources, new data.** |
| ¶¶ 315-317 | New opinions based on post-trial May 2013 Senate hearings regarding Apple's taxes. **New opinions, new sources, new data.** |
| ¶ 318 | New royalty opinion that value to Samsung, not value to Apple, should be the primary driver of Davis's royalty rate. **New opinions, new sources, new data.** |
| ¶¶ 319, 341-357 & Schedule 27-NT | New royalty opinions based on a post-trial November 11, 2012, litigation settlement between HTC and Apple. **New opinions, new sources, new data.** |
| ¶¶ 362-368 | New opinions regarding why "fixed" and "variable" expenses are not a relevant calculation of what expenses are "direct" and "indirect." (*Cf.* May |

---

additional iterations of what Samsung insists was an accurate and complete spreadsheet, are indicative of a failure to provide damages data that accurately and fully complied with the court's order by the indicated date.").)

[6] The new "Summation Method" combines unadjusted calculations of STA's and SEC's operating profits to create a new alleged combined profit that is on average $22 million lower than the calculation arising from Wagner's prior methods. All calculations of profits presented in the text and figures of Wagner's April 2012 report use what Wagner now refers to as the "per unit" method. (Olson Decl. Ex. B at 935:6-936:13, 938:14-19.)

MOTION TO STRIKE PORTIONS OF MICHAEL WAGNER'S AUGUST 26, 2013 REPORT
Case No. 11-cv-01846-LHK (PSG)
sf-3323593

4

| Report | Subject Matter and Basis to Strike |
|---|---|
|  | 11, 2012 Supplemental Expert Report of Michael J. Wagner (previously filed under seal at Dkt. No. 939 Ex. 34; courtesy copies provided with the Olson Declaration for convenience) ¶¶ 29-33.)  **New and modified opinions on expenses and financial data.** |
| ¶ 393 | New opinion as to why Samsung mislabeled its Chinese profits as a cost of goods sold.  **New and modified opinions on expenses and financial data.** |
| ¶ 395 | Modified paragraph with a summary of Samsung's cost of goods sold, removing all references to "direct" and "indirect" cost. (*Compare* ¶ 395 (Samsung's costs of goods sold "includes several expense categories, such as labor, royalties, manufacturing  labor cost . . ."), *with* April 2012 Report ¶ 322 (costs of goods sold reflected "*direct* expenses, such as *direct* labor, royalties and *indirect* expenses, such as *indirect* manufacturing . . . .") (emphasis added).)  **New and modified opinions on expenses and financial data.** |
| ¶ 396 | Paragraph modifying and replacing Wagner's prior conclusion that SEC "allocates expenses *that are not directly related* to a specific product." (*See* April 2012 Report ¶ 323 (emphasis added).)  **New and modified opinions on expenses and financial data.** |
| ¶ 397 | Modified paragraph to refer to "a reasonable way to allocate" expenses and remove the prior reference to Samsung's methods to "allocate *indirect* expenses." (*See id*. ¶ 232.)  **New and modified opinions on expenses and financial data.** |
| ¶¶ 399, 408 | New paragraphs, stating the new opinion that STA and SEC expenses are "directly attributable expenses" with "a clear nexus" to the infringing products."  The new opinion replaces the prior report's conclusion that SEC's and STA's indirect expenses are "necessary for the manufacture and sale of the accused products and are therefore deductible expenses" with language belatedly taken from the Court's final jury instruction regarding Samsung's profits under 35 U.S.C. § 289. (*See id*. ¶¶ 326, 334; *see also* Olson Decl. Ex. B at 840:1-12.)  **New and modified opinions on expenses and financial data.** |
| ¶¶ 412-415, Figure 37 & Schedule 4.2C-NT | A new "Summation Method" for calculating Samsung's profits. (*See supra* n.7.)  **New methods to calculate damages.** |
| ¶ 416, Figure 38 & Schedules 25.1-NT – 25.2-NT | Removal of 40% of Gem units from the damages calculation, based on new sales data not used in April 2012 report.  **New methods to calculate damages.** |
| ¶ 433 & Schedules | A new $251,580 paid-up royalty for the D'305 Patent.  Wagner previously |

MOTION TO STRIKE PORTIONS OF MICHAEL WAGNER'S AUGUST 26, 2013 REPORT
Case No. 11-cv-01846-LHK (PSG)
sf-3323593

5

| Report | Subject Matter and Basis to Strike |
|---|---|
| 1-NT, 13-NT, 13.5-NT | offered only a $1,152 paid-up royalty for that patent. (*See* April 2012 Report ¶¶ 483, 530.)  **New methods to calculate damages.** |
| ¶¶ 437, 442 | New royalty opinions based on a post-trial November 11, 2012, litigation settlement between HTC and Apple.  **New opinions, new sources, new data.** |
| ¶ 458 | New opinions based on the Court's post-trial December 2012 denial of a permanent injunction.  **New opinions, new sources, new data.** |
| ¶¶ 477-478 | New opinions regarding design-arounds of Apple's patents due to 2012 and 2013 patent reexaminations and other post-trial sources, including July 2013 conversations with technical experts.  **New opinions, new sources, new data.  New design-around theories.** |
| ¶¶ 484-485 | New theories regarding alleged modifications to create non-infringing alternatives for the '163 Patent based on the Captivate, Continuum, Gem, Indulge, Intercept, Nexus S 4G, Transform, and Vibrant.  Wagner, however, admits that no one can know the basis for the jury's non-infringement findings.  (Olson Decl. Ex. B at 799:22-805:2, 834:18-836:13.)[7]  **New design-around theories.** |
| ¶ 488 | New opinion regarding the alleged source of the four week duration of a design-around of the '915 patent.  **New opinions, new sources, new data.  New design-around theories.** |
| ¶¶ 491-492 | New opinions regarding design-arounds of Apple's patents due to 2012 and 2013 patent reexaminations and other post-trial sources.  **New opinions, new sources, new data.  New design-around theories.** |
| ¶¶ 493-494 | New theories regarding alleged modifications to create non-infringing alternatives to the '915 Patent based on the Galaxy Ace, Intercept, and Replenish.  Wagner purports to base these new theories on the jury's conclusion that these smartphones did not infringe certain patents. *See supra* ¶¶ 484-485 & n.10.  **New design-around theories.** |
| ¶¶ 508-511 | New theories regarding alleged icon configurations to avoid the D'305 |

---

[7] The jury may have concluded that the phones did not perform a gesture versus a scroll or did not double tap to zoom or pan.  If so, the non-infringing phones would not present any reasonable design-around alternative for the relevant patents.  Samsung did not present at trial any technical evidence of any design-around present in any of these specific phones, and Wagner cannot provide any technical explanation for the verdict or explain how an engineer could use it to prepare a technical redesign based on it.  (Olson Decl. Ex. B at 801:16-802:5, 835:21-836:10.)  Wagner's new opinions also require impermissible speculation regarding the jury's decision-making, contrary to the purpose of Federal Rule of Evidence 606.

| Report | Subject Matter and Basis to Strike |
|---|---|
|  | Patent.  **New design-around theories.** |
| ¶ 512 & Schedules 1-NT, 13-NT, 13.5-NT | A new $251,580 paid-up royalty for the D'305 Patent.  Wagner previously offered only a $1,152 paid-up royalty for that patent. (*See* April 2012 Report ¶¶ 483, 530.)  **New methods to calculate damages.** |
| ¶¶ 517-520, 522-523 & Figure 46 | New theories regarding a rounded top and bottom as an alleged design-around for the D'677 Patent.  **New design-around theories.** |
| ¶¶ 517-519, 521-523 & Figure 47 | New theories regarding the movement of the speaker slot as an alleged design-around for the D'677 Patent. (*See* Olson Decl. Ex. B at 815:17-816:11.)  **New design-around theories.** |
| ¶¶ 524-526; *see also* ¶ 584 | New opinions regarding costs and expenses required to design around the D'677 Patent based on a July 2013 interview with KwangJin Bae in South Korea.  Prior reports did not address this issue. (*See id*. at 816:7-817:11.)  **New opinions, new sources, new data.  New design-around theories.** |
| ¶ 563 & Schedules 1-NT, 13-NT, 13.5-NT | A new $251,580 paid-up royalty for the D'305 Patent.  Wagner previously offered only a $1,152 paid-up royalty for that patent. (*See* April 2012 Report ¶¶ 483, 530.)  **New methods to calculate damages.** |
| ¶¶ 564-583 & Schedules 2.2-NT, 2.3-NT, 3.2-NT, 3.3-NT, 7.1-NT | A new $3.81 per unit royalty for the D'677 Patent, which uses a modified version of allocation methods previously excluded by the Court following Apple's *Daubert* motion.  Wagner relies on the same ComTech and J.D. Power surveys and flawed methods that the Court previously found "misleading to the jury and unduly prejudicial" in connection with Wagner's trade dress apportionment opinions. (*See* Dkt. No. 940-1 at 22:15-24:21; Dkt. No. 1157 at 9:18-10:4.)  **New methods to calculate damages.** |

Dated: August 30, 2013

MORRISON & FOERSTER LLP

By:   /s/ Harold J. McElhinny
      HAROLD J. MCELHINNY

Attorneys for Plaintiff
APPLE INC.