HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

WILLIAM F. LEE
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

APPLE INC., a California corporation,

Plaintiff,

v.

SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,

Defendants.

Case No. 11-cv-01846-LHK (PSG)

**APPLE'S MOTION TO SEAL REGARDING APPLE'S MOTION TO STRIKE PORTIONS OF MICHAEL WAGNER'S AUGUST 26, 2013 REBUTTAL REPORT**

In accordance with Civil Local Rules 7-11 and 79-5, and General Order No. 62, Apple submits this motion for an order to seal the following documents or portions thereof relating to Apple's Motion to Strike Portions of Michael Wagner's August 26, 2013 Rebuttal Report ("Apple's Motion to Strike"): Exhibits A and B to the Declaration of Erik J. Olson in Support of Apple's Motion to Strike ("Olson Declaration").

As discussed further below, the Apple confidential financial information in Exhibits A and B is the type of material that the Federal Circuit recently held should be sealed. The Apple capacity information in Exhibit A is identical to material that the Court has held may be sealed. The Apple licensing information in Exhibit A is the type of information that the Court has held may be sealed. For the reasons stated below, Apple requests that the Court order the information filed under seal.[1]

**Confidential Samsung Information**

Exhibits A and B to the Olson Declaration contain confidential Samsung information. Apple expects that pursuant to Civil Local Rule 79-5(d), Samsung will file a declaration supporting the filing of these materials under seal.

**Confidential Apple Financial and Capacity Information**

Exhibit A to the Olson Declaration also contains confidential Apple financial and capacity information, and Exhibit B to the Olson Declaration contains confidential Apple financial information. The "good cause" standard applies to sealing these materials, as they relate to a non-dispositive motion. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003); *Philips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002). Apple's confidential financial and capacity information meets the "good cause" standard for sealing.

Apple seeks to seal capacity information in Paragraphs 158 to 160, 168, and 173 of Exhibit A, including figures therein. These paragraphs are identical to paragraphs 178 to 180,

[1] Per the Court's August 22, 2013 Case Management Order (Dkt. No. 2369 at 2), the parties will confer and file a joint chart addressing both parties' motions to seal related to motions to strike.

188, and nearly identical to paragraph 193 of the April 20, 2012 Corrected Expert Report of Michael J. Wagner ("April 20, 2012 Wagner Report"), which the Court previously held may be sealed as Apple requested. (Dkt. No. 1649 at 14.) As the Court ruled at that time:

> [D]isclosure of this information would cause substantial competitive harm to Apple. Competitors and suppliers armed with knowledge of Apple's capacity would be able to alter their business and pricing models to gain an unfair advantage over Apple in such a way that would harm its competitive standing. Suppliers, for instance, could predict when Apple would most need to increase supply and leverage this knowledge to exact substantial price increases. Similarly, competitors could lower their prices during periods when Apple has excess capacity and is therefore most vulnerable to a price cut. Although Apple seeks to seal *past* capacity data, such data is cyclical and would allow competitors and suppliers to discover the patterns in Apple's capacity that would make it easy to predict Apple's current and future capacity constraints.

(*Id.* at 4 (internal quotations and citations omitted).)

Apple requests to seal an operating income percentage in footnote 556 of Exhibit A and references to specific profit and cost numbers in Exhibit B, which are the types of information that the Federal Circuit held may be sealed. *Apple Inc. v. Samsung Elecs. Co. Ltd.*, -- F.3d --, 2013 WL 4487610 (Fed. Cir. 2013). Courts consistently recognize that detailed financial information constitutes a trade secret and a compelling need exists for maintaining its confidentiality. *See AMC Tech., LLC v. Cisco Sys.*, No. 11-cv-03403, 2012 U.S. Dist. LEXIS 9934, at *5-6 (N.D. Cal. Jan. 27, 2012) (finding compelling reasons to seal information that would have allowed public to determine profit margins); *TriQuint Semiconductor v. Avago Techs., Ltd.*, No. CV 09-1531, 2011 U.S. Dist. LEXIS 143942, at *10-11, *21 (D. Ariz. Dec. 12, 2011) (sealing confidential financial information including market analysis information, cost information, capacity information, and profit margins for specific products).

Apple takes extensive steps to protect the secrecy of its critical financial and capacity information. (Declaration of Nathan Sabri in Support of Apple's Motion to Seal ("Sabri Decl.") ¶ 5 (citing Dkt. No. 1502 ¶ 3).) Even within Apple, very few people have access to this information. (Dkt. No. 1502 ¶ 3.) Access is on a "need to know" basis and must be approved in advance by one of Apple's Vice Presidents of Finance. (*Id.*) The list of approved individuals is

reviewed quarterly to remove employees who no longer require access to ensure that they do not receive that information. (*Id.*) On the rare occasions that Apple must disclose its non-public financial and capacity information to those outside Apple, it marks the information "confidential" and distributes it subject to highly restrictive nondisclosure agreements or protective orders. (*Id.*)

Apple goes to such lengths because, like its capacity information, the financial information that Apple seeks to keep confidential is competitively sensitive and derives enormous value from the fact that it is not shared with the general public or others who could derive economic benefit from this data—Apple's competitors and suppliers. (Dkt. No. 1502 ¶¶ 4-8.) Apple's competitors could use profits and loss data to undercut Apple's prices with unfair information, and Apple's suppliers could use profit, cost, and margin data to gain an unfair advantage in negotiations. (Dkt. No. 1502 at ¶ 7 *see also Apple Inc.*, -- F.3d --, 2013 WL 4487610 (holding that parties could suffer competitive harm if financial information—including profit, cost, and margin data—were made public).)

**Licensing Information**

Apple also requests to seal limited references to royalty and payment terms, including discussion of license terms that the Court previously held may be redacted. There are no corollaries in the April 20, 2012 Wagner Report.

Apple seeks to redact references to royalty-related terms of licenses in Paragraphs 342, 347, 348, 349, 350, 354, 357, and 437 of Exhibit A, including quotes from a license that appear therein. As the Court has held, disclosure of pricing terms, royalty rates, and other payment terms will prejudice the parties to the license in the negotiation of future licensing details. (Dkt. No. 1649 at 10; *see also* Dkt. No. 2192 at 2 (approving redactions to Apple-HTC license agreement); Sabri Decl. ¶ 7 (citing Dkt. No. 1502 ¶¶ 9-10).) Apple has narrowly limited its sealing request to terms relating to pricing and royalties, and does not seek to redact the majority of the discussion of said licenses.

Dated: August 30, 2013

MORRISON & FOERSTER LLP

By: */s/ Harold J. McElhinny*
HAROLD J. MCELHINNY

Attorneys for Plaintiff
APPLE INC.