QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065-2139
Telephone:  (650) 801-5000
Facsimile:  (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendant. | CASE NO. 11-cv-01846-LHK<br><br>**SAMSUNG'S MOTION PURSUANT TO FED. R. EVID. 702 WITH RESPECT TO JULIE DAVIS'S QUALIFICATIONS**<br><br>**Date**: October 10, 2013<br>**Time**: 1:30 p.m.<br>**Place**: Courtroom 8, 4th Floor<br>**Judge**: Hon. Lucy H. Koh<br><br>**FILED UNDER SEAL** |

# NOTICE OF MOTION

PLEASE TAKE NOTICE that on October 10, 2013, at 1:30 p.m., or as soon as the matter may be heard by the Honorable Lucy H. Koh in Courtroom 8, United States District Court for the Northern District of California, Robert F. Peckham Federal Building, 280 South 1st Street, San Jose, CA 95113, Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") shall and hereby do move pursuant to Federal Rule of Evidence 702 and the Court's April 29, 2013 and August 22, 2013 Case Management Orders for an order finding that Ms. Julie L. Davis is not qualified under Federal Rule of Evidence 702 to testify at trial that Samsung allegedly copied Apple's patented technologies and designs, and about why Samsung conducted competitive analysis of Apple products.

This motion is based on this notice of motion and supporting memorandum of points and authorities; the Declaration of Victoria F. Maroulis ("Maroulis Decl.") and exhibit thereto; and such other written or oral argument as may be presented at or before the time this motion is taken under submission by the Court.

## RELIEF REQUESTED

An order finding that Ms. Julie L. Davis is not qualified under Federal Rule of Evidence 702 to testify at trial that Samsung allegedly copied Apple's patented technologies and designs, and about why Samsung conducted competitive analysis of Apple products.

DATED: August 30, 2013            QUINN EMANUEL URQUHART &
                                  SULLIVAN, LLP

                                  By */s/ Victoria F. Maroulis*
                                  Victoria F. Maroulis
                                  Attorney for SAMSUNG ELECTRONICS CO.,
                                  LTD., SAMSUNG ELECTRONICS AMERICA,
                                  INC., and SAMSUNG
                                  TELECOMMUNICATIONS AMERICA, LLC

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Apple's new damages expert, Julie L. Davis, is an accountant. Davis Rpt. ¶ 13.[1] Yet, Ms. Davis apparently believes she is qualified to tell the jury that Samsung copied Apple's patented technologies and designs. For example, Ms. Davis opines in her report that:

[REDACTED]

Ms. Davis has no basis to offer these opinions. She is not an expert on marketing, consumer decision-making, the telecommunications industry, the U.S. smartphone market, or the U.S. tablet market. Maroulis Decl. Ex. 1, 8/26/13 Davis Dep. Tr. at 16:1-17:4. She does not have any expertise in industrial design or consumer electronics. *Id.* at 17:8:11-18:6. She is not a computer scientist, and has not read source code "for many years," since her college coursework. *Id.* at 17:12-21. Ms. Davis is "not a technical person." *Id.* at 52:2-5. She is not a lawyer and admits to being unqualified to explain the scope of the patent claims at issue. *Id.* at 30:14-19 (D'677), 72:1-14 ('381), 79:2-18 ('163 and '915), 190:1 (not a lawyer), 311:5-10 ('915). She does not claim to have any expertise in the relationship of competitive analysis or copying to consumer demand. *Id.* at 20:15-20. Although infringement is assumed for purposes of the new trial, that is not the same as copying. *Allen Eng'g Corp. v. Bartell Indus., Inc.*, 299 F.3d 1336, 1350-51 (Fed.

---

[1] A copy of the Expert Report of Julie L. Davis (as of 8/23/2013) ("Davis Rpt.") is attached as Exhibit 1 to the Declaration of Robert J. Becher in Support of Samsung's August 30, 2013 Motion to Strike Portions of the Expert Report of Julie L. Davis.

1  Cir. 2002) ("While copying may be relevant to obviousness, it is of no import on the question of
2  whether the claims of an issued patent are infringed."). An accountant has no business offering an
3  opinion on whether Samsung copied Apple, and should not be permitted to do so.

## II. MS. DAVIS'S OPINIONS ON ISSUES OUTSIDE HER AREAS OF EXPERTISE ARE NOT ADMISSIBLE UNDER RULE 702

Federal Rule of Evidence 702 permits a witness to testify as an expert if "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702; *see also Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589-90 (1993). However, an expert for one purpose is not an expert for all purposes. Opinions falling outside the expert's area of expertise are inadmissible. *See, e.g.*, *Abarca v. Merck & Co.*, Inc, 2010 WL 4643642, at *4 (E.D. Cal. Nov. 9, 2010) ("Rule 703 does not allow an expert qualified in one field to offer opinions outside his or her area of expertise."); *U.S. v. Grace*, 455. F. Supp. 2d 1181, 1188 (D. Mont. 2006) ("Even though an expert may be qualified in one area of expertise, he still may be precluded from offering opinions beyond that area of expertise."); *Berry v. City of Detroit*, 25 F.3d 1342, 1351 (6th Cir. 1994) ("The issue with regard to expert testimony is not the qualifications of a witness in the abstract, but whether those qualifications provide a foundation for a witness to answer a specific question."), *cert. denied*, 513 U.S. 902 (1995).

Accordingly, a proffered expert should be excluded when she lacks qualifications in the relevant area, despite being well-credentialed in other related areas. *See Flex-Rest, LLC v. Steelcase, Inc.*, 455 F.3d 1351, 1360-61 (Fed. Cir. 2006) (testimony of ergonomics expert on the subject of invalidity was excluded because the expert not one of ordinary skill in the art at the time of the invention); *Wilson v. Bradlees of New Eng., Inc.*, 250 F.3d 10, 18 (1st Cir. 2001) (testimony of chemistry expert on the subjects of usages and practices in the silk-screening industry, and the commercial feasibility of the printing technique, was excluded because the witness's knowledge derived from one telephone conversation with an ink vendor, not the witness's own expertise); *Shalaby v. Irwin Indus. Toll Co.*, 2009 WL 7452756, at *11-14 (S.D. Cal. Jul. 28, 2009) (testimony of products liability and consumer warnings consultant was excluded because witness

1  had no knowledge of the product at issue in the case and so could not testify regarding product
2  design and safety); *MDG Int'l, Inc. v. Austl. Gold, Inc.*, 2009 WL 1916728, at *3 (S.D. Ind. June
3  29, 2009) (testimony of expert in the field of valuing large public companies was excluded
4  because witness was not qualified as an expert in valuing closely held businesses); *see also Jinro*
5  *Am. Inc. v. Secure Invs., Inc.*, 266 F.3d 993, 1004-06 (9th Cir. 2001) (testimony of witness with
6  experience on Korean governmental and banking systems was excluded because witness was not
7  qualified to testify as expert on Korean business culture and practices, given that "impressionistic
8  generalizations" did not qualify as relevant legal, business, financial and cultural expertise),
9  *amended on other grounds*, 272 F.3d 1289 (9th Cir. 2001). In keeping with this standard,
10 "something doesn't become 'scientific knowledge' just because it's uttered by a scientist."
11 *Daubert v. Merrell Dow Pharms., Inc.*, 43 F.3d 1311, 1315-16 (9th Cir. 1995).

### III. MS. DAVIS IS NOT QUALIFIED TO TESTIFY REGARDING SAMSUNG'S ALLEGED COPYING

14  Although Ms. Davis is qualified to testify about quantifiable accounting issues, nothing in
15 her training or experience as a C.P.A. qualify her to opine that Samsung deliberately copied
16 Apple's patents or why Samsung conducted competitive analysis. By her own admission, Ms.
17 Davis is not an expert on marketing, consumer decision-making, the telecommunications industry,
18 the U.S. smartphone market, the U.S. tablet market, industrial design, consumer electronics,
19 computer science, interpreting patents, or the patented technology and designs. Ex. 1 at 16:1-18:6,
20 30:14-19, 72:1-14, 79:2-18, 311:5-10. Yet, as noted above, she purports to offer her opinion that

[lines 21-26 redacted]

27  Moreover, it is black letter law that no expert is qualified to divine corporate intent. *See,*
28 *e.g.*, *In re REMEC Inc. Sec. Litig.*, 702 F. Supp. 2d 1202, 1220 (S.D. Cal. 2010) ("The Court

1  agrees with Defendants that [the expert] exceeded his role as an expert witness on accounting
2  when he gave his opinions about the Defendants' mental state."); *Adams v. U.S.*, 2009 WL
3  1324231, at *1 (D. Idaho May 8, 2009) (granting motion to exclude expert testimony as to
4  "corporate intent").  Expert testimony regarding corporate intent presents serious problems with
5  respect to reliability. *See DePaepe v. Gen. Motors Corp.*, 141 F.3d 715, 720 (7th Cir. 1998) (error
6  to permit expert to "speculate" that motive for design-change was cost-cutting); *In re Rezulin*
7  *Prods. Liab. Litig.*, 309 F. Supp. 2d 531, 546 (S.D.N.Y. 2004) ("[O]pinions of . . . witnesses on
8  the intent, motives or states of mind of corporations, regulatory agencies and others have no basis
9  in any relevant body of knowledge or expertise.").

10       Ms. Davis bases her opinions about ████████████████████████████
11  ████████████████████████████████████████████████████████████████
12  ████████████████████████████████████████████████████████████████
13  ███████████████████████████████████████████████ This amounts to an
14  exercise in attempted corporate mind-reading regarding Samsung's motivations and intentions for
15  which Ms. Davis is wholly unqualified. *See In re REMEC*, 702 F. Supp. 2d at 1220.  Nothing in
16  Ms. Davis's training or experience qualifies her to interpret Samsung's competitive analysis
17  documents for the jury or to testify that these documents are evidence of copying.  In her
18  deposition, Ms. Davis did not even attempt to claim any expertise in copying or comparative
19  analysis.  Ex. 1 at 20:15-20.  Apple should not be permitted to have Ms. Davis testify to the jury
20  about Samsung's corporate intent under the guise of special expertise that she admittedly does not
21  possess.  The Court should exclude Ms. Davis's opinions regarding alleged copying on the
22  grounds that they are far outside the scope of her area of expertise. *Flex-Rest*, 455 F.3d at 1360-
23  61.

24  **IV.   <u>CONCLUSION</u>**

25       For the foregoing reasons, Samsung respectfully requests that the Court grant its motion to
26  preclude Apple's expert Julie Davis from testifying as to her opinions on disputed issues of fact
27  where she lacks qualifications required by Rule 702 – *i.e.,* that Samsung allegedly copied Apple's
28  patents and why Samsung conducted competitive analysis of Apple products.

1

2  DATED: August 30, 2013                QUINN EMANUEL URQUHART &
                                         SULLIVAN, LLP
3

4

5                                        By /s/ *Victoria F. Maroulis*
                                            Charles K. Verhoeven
6                                           Kevin P.B. Johnson
                                            Victoria F. Maroulis
7                                           William C. Price
                                            Michael T. Zeller
8
                                            Attorneys for SAMSUNG ELECTRONICS
9                                           CO., LTD., SAMSUNG ELECTRONICS
                                            AMERICA, INC. and SAMSUNG
10                                          TELECOMMUNICATIONS AMERICA, LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28