# EXHIBIT 4

## Page 1

```
           UNITED STATES DISTRICT COURT
          NORTHERN DISTRICT OF CALIFORNIA
                  SAN JOSE DIVISION


APPLE INC., A CALIFORNIA        ) C-11-01846 LHK
CORPORATION,                    )
                                ) SAN JOSE, CALIFORNIA
              PLAINTIFF,        )
                                ) APRIL 29, 2013
         VS.                    )
                                ) PAGES 1-90
SAMSUNG ELECTRONICS CO., LTD.,  )
A KOREAN BUSINESS ENTITY;       )
SAMSUNG ELECTRONICS AMERICA,    )
INC., A NEW YORK CORPORATION;   )
SAMSUNG TELECOMMUNICATIONS      )
AMERICA, LLC, A DELAWARE        )
LIMITED LIABILITY COMPANY,      )
                                )
              DEFENDANTS.       )
                                )
                                )


            TRANSCRIPT OF PROCEEDINGS
         BEFORE THE HONORABLE LUCY H. KOH
            UNITED STATES DISTRICT JUDGE




            APPEARANCES ON NEXT PAGE



OFFICIAL COURT REPORTER:   LEE-ANNE SHORTRIDGE, CSR, CRR
                           CERTIFICATE NUMBER 9595

  PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY
          TRANSCRIPT PRODUCED WITH COMPUTER


              UNITED STATES COURT REPORTERS
```

## Page 2

```
APPEARANCES:

FOR PLAINTIFF      MORRISON & FOERSTER
APPLE:        BY:  MICHAEL A. JACOBS
                   NATHANIEL B. SABRI
                   425 MARKET STREET
                   SAN FRANCISCO, CALIFORNIA  94105

              BY:  ERIK J. OLSON
                   755 PAGE MILL ROAD
                   PALO ALTO, CALIFORNIA  94304


FOR COUNTERCLAIMANT  WILMER, CUTLER, PICKERING,
APPLE:               HALE AND DORR
                BY:  WILLIAM F. LEE
                     60 STATE STREET
                     BOSTON, MASSACHUSETTS  02109

                BY:  MARK D. SELWYN
                     LAUREN FLETCHER
                     950 PAGE MILL ROAD
                     PALO ALTO, CALIFORNIA  94304


FOR THE DEFENDANT:   QUINN, EMANUEL, URQUHART,
                     OLIVER & HEDGES
                BY:  WILLIAM C. PRICE
                     MICHAEL T. ZELLER
                     SCOTT B. KIDMAN
                     865 SOUTH FIGUEROA STREET
                     10TH FLOOR
                     LOS ANGELES, CALIFORNIA  90017

                BY:  KATHLEEN M. SULLIVAN
                     51 MADISON AVENUE, 22ND FLOOR
                     NEW YORK, NEW YORK  10022

                BY:  VICTORIA F. MAROULIS
                     555 TWIN DOLPHIN DRIVE
                     SUITE 560
                     REDWOOD SHORES, CALIFORNIA  94065



              UNITED STATES COURT REPORTERS
```

## Page 3

          SAN JOSE, CALIFORNIA            APRIL 29K, 2013
                       P R O C E E D I N G S
    (COURT CONVENED AND THE FOLLOWING PROCEEDINGS WERE HELD:)
         THE CLERK:  CALLING CASE NUMBER C-11-01846 LHK,
APPLE, INCORPORATED VERSUS SAMSUNG ELECTRONICS COMPANY LIMITED,
ET AL.
         MR. JACOBS:  MICHAEL JACOBS FROM MORRISON & FOERSTER.
WITH ME ARE ERIC OLSON AND NATHAN SABRI FOR APPLE, YOUR HONOR.
         MR. LEE:  GOOD AFTERNOON, YOUR HONOR.  BILL LEE,
MARK SELWYN, AND LAUREN FLETCHER FROM WILMER, HALE FROM APPLE.
         THE COURT:  OKAY.  I'M SORRY.  I DIDN'T EVEN CATCH
THE PEOPLE WITH MR. JACOBS.
         ERIC OLSON, YOU SAID, AND WHO ELSE?
         MR. JACOBS:  NATHAN SABRI, YOUR HONOR, S-A-B-R-I.
         THE COURT:  OKAY.  THANK YOU.
         AND THEN MR. LEE, OKAY.
         MR. LEE:  MARK SELWYN, YOUR HONOR.
         THE COURT:  OKAY.
         MR. LEE:  AND LAUREN FLETCHER, F-L-E-T-C-H-E-R.
         MR. PRICE:  GOOD AFTERNOON, YOUR HONOR.  BILL PRICE
WITH QUINN, EMANUEL FOR SAMSUNG.
         AND WITH ME AT COUNSEL TABLE ARE KATHLEEN SULLIVAN,
SCOTT KIDMAN, WHO PROBABLY WON'T BE SPEAKING, MICHAEL ZELLER,
AND VICTORIA MAROULIS.
         THE COURT:  OKAY.  GOOD AFTERNOON.

              UNITED STATES COURT REPORTERS

## Page 4

         MR. PRICE:  GOOD AFTERNOON.
         THE COURT:  OKAY.  I HAVE A FEW QUESTIONS, BUT I'M
OTHERWISE READY TO RULE ON EVERYTHING.
         LET ME JUST ASK THE FEW QUESTIONS FIRST.  SO WHEN IS THE
PTO LIKELY TO ISSUE A RE-EXAM CERTIFICATE FOR THE '381 AND THE
'915 PATENTS?
         MR. JACOBS:  BY ISSUING A RE-EXAMINATION CERTIFICATE,
YOUR HONOR, I THINK YOUR HONOR IS ASKING WHEN IS THIS GOING TO
BE OVER.
         THE COURT:  AS FAR AS THE PTO.
         MR. JACOBS:  AS FAR AS THE PTO.
         THE COURT:  I DON'T CARE ABOUT THE APPEALS BOARD.  I
DON'T CARE ABOUT THE APPELLATE CIRCUIT.  WHEN IS THE PTO GOING
TO BE OVER?
         MR. JACOBS:  THE PTO'S ROLE -- LET ME CHECK AND MAKE
SURE I HAVE THE RIGHT ANSWER.  I BELIEVE THE ANSWER IS NOT TOO
FAR AWAY, BUT SUBJECT TO THOSE APPEALS, ET CETERA.
         THE COURT:  SO MARCH 29TH, 2013 IS WHEN THE PTO
ISSUED THE FINAL OFFICE ACTION IN THE '381?
         MR. JACOBS:  YES.
         THE COURT:  AND WHAT IS IT THAT YOU ARE FILING ON
MAY 29TH OF 2013?
         MR. JACOBS:  MAY I HAVE A MOMENT, YOUR HONOR?
         MS. MAROULIS:  I'M SORRY, YOUR HONOR.  IS THE
QUESTION WHAT IS BEING FILED ON MAY 29TH?

              UNITED STATES COURT REPORTERS

01:10  1  AND I DON'T CARE IF THEY DON'T ARGUE IT, THE JURY IS VERY
01:10  2  LIKELY TO THINK, "OH, WOW, AN ECONOMIST. I MEAN, THAT'S A
01:10  3  SIGNIFICANT POSITION. I MEAN, I'VE GOT A C.P.A. WHO DOES MY
01:11  4  TAXES."
01:11  5     SO THIS IS REALLY TRYING TO CHANGE, YOU KNOW, THE NATURE OF
01:11  6  THIS TRIAL ON DAMAGES.
01:11  7         THE COURT: IF APPLE GETS A NEW EXPERT, I'LL ALLOW
01:11  8  SAMSUNG TO GET A NEW EXPERT ON DAMAGES.
01:11  9         MR. PRICE: AND BECAUSE OF THE EXPERTISE, WE WOULD
01:11 10  PROBABLY NEED DISCOVERY. SO ONE THING WE MIGHT DO IS WAIT
01:11 11  UNTIL WE FIND OUT EXACTLY WHAT APPLE IS UP TO HERE, WHAT'S IN
01:11 12  THEIR REPORT, WHO'S THE EXPERT, YOU KNOW, HOW IS THIS GOING TO
01:11 13  CHANGE?
01:11 14         THE COURT: YOU KNOW WHAT? YOU KNOW WHAT? I THINK
01:11 15  YOU ALL DON'T UNDERSTAND HOW CLOSE YOU ARE NOT TO GETTING A
01:11 16  TRIAL. OKAY?
01:11 17     DO YOU KNOW HOW MANY TRIALS I'LL HAVE IN APPLE'S CASES NEXT
01:11 18  YEAR? SHOULD I JUST REMIND YOU? SO WE HAVE APPLE II MARCH 31
01:11 19  THROUGH APRIL 25; I HAVE THE IN RE: HIGH TECH TRIAL IN WHICH
01:11 20  APPLE IS ONE OF THE SEVEN DEFENDANTS, THAT'S SET FOR TRIAL
01:11 21  MAY 27TH THROUGH JULY 17TH; THE MDL PRIVACY CASE AGAINST APPLE
01:11 22  IS AUGUST 4TH THROUGH AUGUST 18TH OF 2014.
01:11 23     OKAY? SO YOU HAVE GOTTEN A LOT OF DUE PROCESS IN THIS
01:12 24  COURT. I'M ASKING YOU TO KEEP IT NARROW, NO NEW THEORIES, NO
01:12 25  NEW CALCULATIONS.

01:12  1  BUT YOUR SAYING, "NO, NOW WE'RE GOING TO REDO THE COSTS
01:12  2  WHICH THEY DIDN'T DO REALLY DURING THE LAST TRIAL" IS ALREADY
01:12  3  SIGNALLING TO ME WHAT IS GOING TO HAPPEN.
01:12  4     SO I WAS GOING TO GIVE YOU A TRIAL DATE TODAY, BUT NOW I'M
01:12  5  NOT GOING TO.
01:12  6         MR. JACOBS: YOUR HONOR, WE --
01:12  7         THE COURT: WE CAN SET THIS FOR A FURTHER CMC AFTER
01:12  8  YOU DISCLOSE YOUR EXPERT AND THEN I'LL DECIDE AT THAT POINT
01:12  9  WHETHER I WANT TO TRY THIS CASE AND WHEN. OKAY? THAT IS
01:12 10  WITHIN MY DISCRETION. OKAY?
01:12 11     SO WHEN SHOULD WE COME BACK FOR A CMC? I'M NOT GOING TO
01:12 12  GIVE YOU A TRIAL DATE TODAY.
01:12 13         MR. JACOBS: YOUR HONOR, WE NEED -- I'M SORRY.
01:12 14  WE'RE -- I REALLY AM TRYING TO MEET THE COURT'S OBJECTIVES
01:12 15  HERE.
01:12 16     THE POINT OF RETAINING SOME FLEXIBILITY ON WHO WOULD
01:12 17  TESTIFY WAS TO MAKE SURE OUR EXPERT WOULD BE AVAILABLE WHEN WE
01:12 18  HAVE A TRIAL DATE, SO THERE IS A KIND OF -- THERE IS,
01:12 19  REGRETTABLY, A CART BEFORE THE HORSE PROBLEM HERE.
01:12 20         THE COURT: OKAY. BUT WHAT YOU SAID ABOUT COSTS,
01:13 21  THAT IS A NEW ISSUE.
01:13 22         MR. JACOBS: NO, COST IS NOT -- NO, DEDUCTIBLE
01:13 23  EXPENSE IS NOT A NEW ISSUE AT ALL. MR. MUSIKA --
01:13 24         THE COURT: OKAY. THEN WHY DO YOU HAVE TO REDO
01:13 25  EXPENSES? THE ONLY THING THAT WAS INCORRECT WAS THE NOTICE

01:13  1  DATE. THAT HAS NOTHING TO DO WITH EXPENSES OF APPLE. SO --
01:13  2         MR. JACOBS: NO, NO, NOT APPLE EXPENSES.
01:13  3         THE COURT: SO WHY DOES THAT HAVE TO BE REDONE?
01:13  4         MR. JACOBS: SORRY. NOT APPLE EXPENSES, YOUR HONOR.
01:13  5  I'M SORRY I WASN'T CLEAR.
01:13  6         THE COURT: WHAT?
01:13  7         MR. JACOBS: YOUR HONOR, IGNORE -- FORGET THIS. WE
01:13  8  WILL HAVE A SINGLE --
01:13  9         THE COURT: EXPENSES OF WHAT?
01:13 10         MR. JACOBS: OF SAMSUNG'S DEDUCTIBLE -- RECALL THAT A
01:13 11  MAJOR ISSUE AT TRIAL FOR INFRINGER'S PROFITS WAS WHETHER WHAT
01:13 12  SAMSUNG HAD CATEGORIZED AS GNA KINDS OF EXPENSES WAS, IN FACT,
01:13 13  DIRECTLY ATTRIBUTABLE TO THE SPECIFIC PRODUCTS. AND THAT'S
01:13 14  WHAT THE INSTRUCTION SAYS. IT SAYS DIRECTLY ATTRIBUTABLE.
01:13 15     IN THE NEW TRIAL, BOTH SIDES WILL BE ARGUING THAT ISSUE
01:13 16  AGAIN TO THE JURY. WE HAVE TO ARGUE THAT ISSUE TO THE JURY.
01:13 17  WE CAN'T NOT ARGUE THAT ISSUE TO THE JURY.
01:13 18     AND OUR WITNESS WILL SAY THAT WHAT SAMSUNG IS PRESENTING TO
01:13 19  THE JURY AS DEDUCTIBLE EXPENSES ARE, IN FACT, NOT DIRECTLY
01:14 20  ATTRIBUTABLE.
01:14 21         THE COURT: BUT WHAT DOES THAT HAVE TO DO WITH THE
01:14 22  NOTICE DATE? THAT IS THE PIECE THAT I'M MISSING.
01:14 23         MR. PRICE: THAT HAS NOTHING TO DO WITH THE NOTICE
01:14 24  DATE.
01:14 25     THIS HAS TO DO WITH WHAT THE INFRINGER'S PROFITS ARE.

01:14  1  I MEAN, THERE WAS A HUGE DIFFERENCE IN NUMBERS BETWEEN
01:14  2  THEIR EXPERT AND OURS BECAUSE MR. WAGNER DEDUCTED COSTS.
01:14  3     AND NOW WE'RE HEARING THAT THEY'RE GOING TO, YOU KNOW, HAVE
01:14  4  TWO EXPERTS.
01:14  5         THE COURT: GET A DO-OVER.
01:14  6         MR. JACOBS: WE'LL HAVE A SINGLE EXPERT.
01:14  7         THE COURT: YOU'LL GET A DO-OVER ON EXPENSES. I
01:14  8  UNDERSTAND.
01:14  9     FORGET IT THEN. NO TRIAL DATE. WE'LL SET ANOTHER CMC.
01:14 10  I'M TRYING TO CONVEY HOW SERIOUS I AM THAT THIS NEEDS --
01:14 11  I'M NOT GOING TO LET YOU GET A DO-OVER. YOU ARE NOT GOING TO
01:14 12  BE ABLE TO RAISE NEW THEORIES IN THIS CASE.
01:14 13         MR. JACOBS: IT'S NOT A NEW THEORY, YOUR HONOR. IT'S
01:14 14  RIGHT IN MR. MUSIKA'S REPORT.
01:14 15         THE COURT: WHAT IS THE DIFFERENCE OF A CORRECTED
01:14 16  NOTICE DATE ON EXPENSES? YOU HAVE NOT BEEN ABLE TO ARTICULATE
01:14 17  WHAT IS THE CONNECTION THERE. HOW DOES A NOTICE DATE OF
01:14 18  APRIL 15TH AFFECT THE EXPENSE?
01:15 19         MR. JACOBS: WHAT I THINK -- LET ME -- WE'VE THOUGHT
01:15 20  ABOUT THIS, YOUR HONOR, AND IF YOU JUST GIVE ME A MINUTE HERE,
01:15 21  I THINK I CAN INTERPRET IN OUR LEGAL FRAMEWORK WHAT THE COURT
01:15 22  IS SAYING.
01:15 23     WHAT THE COURT IS SAYING IS THE JURY -- THE COURT BELIEVES
01:15 24  THAT THE JURY MADE A FINDING ON DEDUCTIBLE EXPENSES AND AWARDED
01:15 25  US A PERCENTAGE OF OUR SOUGHT AFTER LOST PROFITS.

61

01:15 1  AND WHAT THE COURT IS, IN ESSENCE, PROPOSING IS THAT WE
01:15 2  HAVE A NEW TRIAL LIMITED TO THE REVERSE ENGINEERING OF THE
01:15 3  PRIOR JURY VERDICT AS IT RELATES TO DEDUCTIBLE EXPENSES.
01:15 4      THE COURT WOULD BE, IN EFFECT, TAKING THE REVERSE
01:15 5  ENGINEERING AND MAKING IT, THAT PERCENTAGE, A KIND OF A LAW OF
01:15 6  THE CASE.
01:15 7      THE COURT:  NO, NO, NO.  I'M ASKING YOU TO EXPLAIN,
01:15 8  WHAT IS THE RELATION BETWEEN A NEW NOTICE DATE TO EXPENSES?
01:15 9      MR. JACOBS:  THERE IS NO --
01:15 10     THE COURT:  WHAT IS THAT RELATIONSHIP?  WHY DOES A
01:15 11 NEW NOTICE DATE NECESSITATE A NEW ANALYSIS AND A NEW
01:15 12 CALCULATION ON EXPENSES?  THAT'S WHAT I DON'T UNDERSTAND.
01:15 13     MR. JACOBS:  BECAUSE THE ONLY WAY YOU COULD NOT DO
01:15 14 THAT IS TO ACCEPT SOME PRIOR ADJUDICATION OF WHAT THE PROPER
01:16 15 DEDUCTIBLE EXPENSES WERE, AND THE COURT ACCEPTED SAMSUNG'S
01:16 16 ARGUMENT ON THIS POINT FOR PURPOSES OF DECIDING WHETHER THE
01:16 17 JURY'S AWARD WAS EXCESSIVE.
01:16 18     BUT TO NOW TURN THAT REVERSE ENGINEERING INTO A RESTRICTION
01:16 19 IN THE NEW DAMAGES TRIAL IS TO TAKE THAT REVERSE ENGINEERING
01:16 20 WAY, WAY, WAY TOO FAR.
01:16 21     THERE'S NO RELATIONSHIP, AS SUCH, BETWEEN THE NEW NOTICE
01:16 22 DATE --
01:16 23     THE COURT:  I GUESS I DON'T UNDERSTAND.  WHY DO YOU
01:16 24 HAVE TO GIVE NEW CALCULATIONS ON EXPENSES?
01:16 25     MR. JACOBS:  WE WILL NOT GIVE NEW CALCULATIONS ON
                         UNITED STATES COURT REPORTERS

62

01:16 1  EXPENSES.
01:16 2     WE WILL SIMPLY ARGUE THAT -- OUR DAMAGES EXPERT WILL ARGUE
01:16 3  THAT SAMSUNG'S ASSIGNMENT IS INCORRECT, JUST AS IT DID IN THE
01:16 4  FIRST TRIAL.
01:16 5     THE COURT:  THAT'S NOT WHAT YOU SAID.  YOU SAID YOU
01:16 6  NEED TO GET SOMEONE TO SUPPLEMENT DR. VELLTURO FROM INVOTEX --
01:16 7     MR. JACOBS:  YES.
01:16 8     THE COURT:  -- TO REDO THE CALCULATION EXPENSES.
01:16 9     MR. JACOBS:  NO.  I'M SORRY.  IF I SAID THAT, I
01:16 10 MISSPOKE.
01:16 11    WE'RE NOT GOING TO REDO THE CALCULATIONS.  IT'S THE SAME
01:16 12 CALCULATION OF DEDUCTIBLE EXPENSES.
01:17 13    AND WE'LL HAVE A SINGLE EXPERT, YOUR HONOR.  WE WILL NOT GO
01:17 14 WITH TWO EXPERTS.  WE'LL FIGURE OUT HOW TO HANDLE THAT
01:17 15 DEDUCTIBLE EXPENSE ISSUE WITHOUT HAVING AN ADDITIONAL EXPERT.
01:17 16    MR. PRICE:  AND THEN THE QUESTION IS, IS THAT
01:17 17 ADDITIONAL EXPERT GOING TO BE AN ECONOMIST SO THEY CAN NOW PUT
01:17 18 AN ECONOMIST BEFORE THE JURY AND TRUMP US ON QUALIFICATIONS?
01:17 19 OR IS IT GOING TO BE WHAT IT WAS BEFORE, WHICH IS A C.P.A.?
01:17 20    THE COURT:  IT NEEDS TO BE A C.P.A.  OTHERWISE IF
01:17 21 THEY GET AN ECONOMIST, YOU'LL GET AN ECONOMIST, IT'LL REOPEN
01:17 22 DISCOVERY AND I WILL NOT SET THIS TRIAL.  I WON'T SET THE TRIAL
01:17 23 DATE.
01:17 24    I MEAN, NOT EVERY JUDGE TRIES A CASE IN 14 MONTHS LIKE I
01:17 25 DID THE FIRST ONE.  I AM NOT GOING TO GIVE YOU A TRIAL DATE.
                         UNITED STATES COURT REPORTERS

63

01:17 1  IF YOU ARE UNREASONABLE AND TAKE NO CONSIDERATION OF THE
01:17 2  COURT'S RESOURCES, THEN YOU DESERVE TO HAVE THAT KIND OF --
01:17 3      MR. JACOBS:  WE ARE --
01:17 4      THE COURT:  -- THAT KIND OF TRIAL DATE WHICH IS GOING
01:17 5  TO BE MUCH, MUCH LATER.
01:17 6     I ALREADY TOLD YOU, I WILL BE IN TRIAL ON APPLE CASES FOR
01:17 7  ABOUT SIX, SEVEN MONTHS NEXT YEAR.  OKAY?
01:17 8     SO IF YOU'RE ASKING ME TO GIVE YOU YET ONE MORE TRIAL, THEN
01:17 9  I'M ASKING YOU TO KEEP THIS VERY LIMITED AND NARROW.  NO NEW
01:18 10 THEORIES.  NO NEW NUMBERS.  NO NEW PRODUCTS.  NO NEW METHODS.
01:18 11    KEEP THIS NARROW SO THAT WE CAN LIMIT THIS SO THAT WE'RE
01:18 12 NOT REOPENING AND HAVING THE SAME NIGHTMARE WE'VE HAD
01:18 13 PREVIOUSLY.
01:18 14    MR. JACOBS:  WE WILL STIPULATE THAT THE -- WE -- IF
01:18 15 ALL OF US AGREE, WE CAN QUALIFY MR. VELLTURO AS AN ACCOUNTANT
01:18 16 EVEN THOUGH HE ISN'T.
01:18 17    I MEAN, IF THAT'S REALLY SAMSUNG'S WORRY, SAMSUNG COULD
01:18 18 SIMPLY STIPULATE TO HIS QUALIFICATIONS AND WE WON'T UTTER THE
01:18 19 WORD THAT HE'S AN ECONOMIST IF THAT'S WHAT THIS IS ALL ABOUT.
01:18 20    MR. PRICE:  HERE'S --
01:18 21    MR. JACOBS:  IF THEY WILL STIPULATE THAT HE'S
01:18 22 QUALIFIED TO TESTIFY, WE'LL GO THROUGH HIS CREDENTIALS WITHOUT
01:18 23 MENTIONING THAT HE'S A PH.D. ECONOMIST OR WHATEVER HE IS.
01:18 24    MR. PRICE:  THAT'S THE FUNNY THING.  HE'S NOT
01:18 25 QUALIFIED TO GIVE THE OPINION THEY WANT HIM TO GIVE.
                         UNITED STATES COURT REPORTERS

64

01:18 1  MR. JACOBS:  NOW THAT'S A DIFFERENT --
01:18 2  MR. PRICE:  IF THE FIRST TRIAL, IT WAS AN OPINION BY
01:18 3  A C.P.A. ABOUT WHAT DEDUCTIBLE COSTS WERE, HUGE ISSUE, HOW TO
01:18 4  GET THESE THINGS, AND MR. JACOBS JUST SAID, "WE NEED TO BRING
01:19 5  IN AN ACCOUNTANT TO SUPPLEMENT VELLTURO BECAUSE VELLTURO IS NOT
01:19 6  QUALIFIED" --
01:19 7     THE COURT:  OKAY.  I'M SORRY.
01:19 8     YOU HAVE YOUR CLIENT HERE.  ASK IF YOU'RE GOING TO INSIST
01:19 9  ON AN ECONOMIST, OKAY?
01:19 10    IF YOU INSIST ON AN ECONOMIST, THEN I'M GOING TO GIVE
01:19 11 SAMSUNG THE OPPORTUNITY TO SELECT AN ECONOMIST AND WE WILL
01:19 12 REOPEN DISCOVERY.  OKAY?
01:19 13    MR. JACOBS:  GIVE ME A MINUTE, YOUR HONOR.
01:19 14    THE COURT:  GO AHEAD.
01:19 15    (PAUSE IN PROCEEDINGS.)
01:19 16    MR. JACOBS:  AGREED, YOUR HONOR.  OUR SUBSTITUTE
01:19 17 EXPERT FOR TERRY MUSIKA WILL BE A C.P.A.
01:19 18    THE COURT:  OKAY.  NOW, MR. PRICE, WHAT'S YOUR
01:19 19 RESPONSE TO THAT?
01:19 20    MR. PRICE:  WELL, I GUESS THE RESPONSE IS WE --
01:19 21 WHOOPS, SORRY.  -- IS THAT WE NEED TO KNOW WHO, WE NEED TO KNOW
01:20 22 WHAT THEIR OPINION IS GOING TO BE AND, YOU KNOW, WHETHER --
01:20 23 IT'S AMAZING WE'RE HERE AND WE DON'T KNOW WHO.  I DON'T
01:20 24 UNDERSTAND WHY WE'RE HERE AND WE DON'T KNOW WHO.
01:20 25    MR. JACOBS:  WE TOLD THEM AMONG WHOM IT COULD BE,
                         UNITED STATES COURT REPORTERS

## Page 65

01:20 1  YOUR HONOR. I THINK THIS HAS NOW TURNED INTO A GRAVER ISSUE.
01:20 2      THE COURT: WELL, I HAVEN'T HEARD. I'VE HEARD
01:20 3  DR. VELLTURO AND MAYBE SOMEBODY FROM INVOTEX.
01:20 4      MR. JACOBS: WELL, NOW WE'RE GOING TO FIND A C.P.A.,
01:20 5  YOUR HONOR, BECAUSE -- AND THE BEST C.P.A., THE MOST EFFECTIVE
01:20 6  TRIAL WITNESS THAT CAN TESTIFY ON THE DATE THAT YOU SET FOR A
01:20 7  NEW TRIAL, THAT'S WHAT WE'RE GOING TO GO OUT AND FIND, AND WHO
01:20 8  CAN ADOPT MR. MUSIKA'S REPORT WITH VARIATIONS ONLY -- AS
01:20 9  LIMITED --
01:20 10     THE COURT: CAREFUL.
01:20 11     MR. JACOBS: AS LIMITED VARIATIONS AS POSSIBLE.
01:20 12     THE COURT: I'M NOT GOING TO ALLOW ANY VARIATIONS
01:20 13 OTHER THAN THE NOTICE DATE. I'M NOT GOING TO ALLOW ANY OTHER
01:20 14 VARIATIONS OTHER THAN THE NOTICE DATE. I -- IS THAT CLEAR?
01:20 15     MR. JACOBS: THAT SOUNDS LIKE A RULING. WE'LL TAKE
01:20 16 IT AS A RULING.
01:20 17     THE COURT: THAT IS A RULING.
01:20 18     MR. JACOBS: WE'LL TAKE IT AS SUCH.
01:20 19     THE COURT: THERE ARE NO VARIATIONS OTHER THAN THE
01:21 20 NOTICE DATE. THIS IS JUST REDOING THE LAST TRIAL ON THIS ONE
01:21 21 LIMITED ISSUE.
01:21 22     MS. MAROULIS: YOUR HONOR, THERE ARE SOME ISSUES THAT
01:21 23 WILL COME UP REGARDLESS OF WHAT THE REPORT LOOKS LIKE, AND AT
01:21 24 LEAST TWO OF THEM ARE THIS:
01:21 25     A NEW PERSON MIGHT BE SUBJECT TO DAUBERT CHALLENGE FOR

UNITED STATES COURT REPORTERS

## Page 66

01:21 1  THEIR QUALIFICATIONS, THAT'S ONE.
01:21 2      THE SECOND ONE WE FLAGGED IN OUR PAPERS, WHICH IS THE
01:21 3  PRODUCTS THAT YOUR HONOR ENTERED THE FINAL ORDER ON, THOSE ARE
01:21 4  THE LOST PROFITS THEORIES. THEY ACTUALLY KNOW -- THE JURY
01:21 5  WOULD KNOW LOST PROFITS FOR THE PRODUCTS THAT ARE GOING TO NEW
01:21 6  TRIAL POTENTIALLY, SO WE SHOULD BE ABLE TO BRIEF THAT AND
01:21 7  EXPLAIN WHY APPLE MAY OR MAY NOT BRING THAT THEORY FORWARD.
01:21 8      SO WHEN YOUR HONOR SAYS WE'LL BE LIMITED TO EVERYTHING LIKE
01:21 9  IN THE OLD CASE, WE WANT TO MAKE SURE IT'S CLEAR THAT THE
01:21 10 MOTION PRACTICE MIGHT BE DIFFERENT AND THERE WILL BE MOTIONS
01:21 11 COMING FORWARD, EVEN IF THE REPORT IS VERY SIMILARLY HUED TO
01:21 12 THE OLD REPORT.
01:21 13     MR. JACOBS: YOUR HONOR, THIS IS --
01:21 14     THE COURT: WAIT. CAN I -- CAN YOU -- I'M SORRY. I
01:21 15 DIDN'T UNDERSTAND WHAT YOU WERE SAYING ABOUT THE AVAILABLE
01:22 16 REMEDIES.
01:22 17     MS. MAROULIS: YOUR HONOR, THE JURY REJECTED THE
01:22 18 FINDING OF LOST PROFITS AS TO THE PRODUCTS THAT YOUR HONOR
01:22 19 DESIGNATED FOR A NEW TRIAL.
01:22 20     SO SAMSUNG SHOULD BE ABLE TO SEEK EXCLUSION OF LOST PROFITS
01:22 21 THEORIES IF WE SEE IT IN THE NEW REPORT, BECAUSE WE DON'T KNOW
01:22 22 WHAT WE'LL SEE IN APPLE'S EXPERT REPORT.
01:22 23     MR. JACOBS: THAT'S AN INFERENCE, YOUR HONOR.
01:22 24 IT'S -- THIS IS BACK TO THE POINT ABOUT HOW MUCH WE TAKE
01:22 25 THIS REVERSE ENGINEERING OF THE VERDICT AND TURN IT INTO LAW OF

UNITED STATES COURT REPORTERS

## Page 67

01:22 1  THE CASE. WE BELIEVE THAT WOULD BE LEGAL ERROR.
01:22 2      IT'S ONE THING TO LOOK AT -- WE DISAGREE WITH THE REVERSE
01:22 3  ENGINEERING THAT WAS DONE, BUT IT'S ONE THING TO DO THAT AND
01:22 4  AWARD A NEW TRIAL.
01:22 5      IT'S ANOTHER THING TO SAY, "WELL, I LOOK AT THIS JURY AND
01:22 6  THE JURY COULDN'T POSSIBLY HAVE AWARDED LOST PROFITS BASED ON
01:22 7  THIS NUMBER; THEREFORE, APPLE IS PRECLUDED FROM SEEKING LOST
01:22 8  PROFITS IN THE NEW TRIAL."
01:22 9      THE COURT: WELL, I AGREE WITH THAT. WE'RE REDOING
01:22 10 LAST YEAR'S TRIAL.
01:22 11     THAT DOESN'T MEAN THAT A THEORY THAT WAS PRESENTED TO LAST
01:22 12 YEAR'S JURY CANNOT BE PRESENTED IN A NEW TRIAL. SO THAT
01:23 13 REQUEST IS GOING TO BE DENIED.
01:23 14     MS. MAROULIS: YOUR HONOR, THE PRIOR JURY REJECTED
01:23 15 THAT, THE LOST PROFITS AS TO THESE SET OF PRODUCTS.
01:23 16     THE COURT: I HEAR YOU, AND THE NEXT JURY MAY, TOO.
01:23 17 BUT I'M JUST SAYING, I'M GOING TO ALLOW -- WHATEVER
01:23 18 THEORIES EITHER SIDE PRESENTED TO THE LAST JURY CAN BE
01:23 19 PRESENTED TO THIS JURY.
01:23 20     YOU CAN -- YOU CAN PRESENT LESS IF YOU WANT TO, BUT YOU
01:23 21 CANNOT PRESENT MORE. OKAY?
01:23 22     WHAT -- I UNDERSTAND ON DAUBERT ON QUALIFICATIONS. I
01:23 23 WOULD --
01:23 24     MR. JACOBS: IT'S NOT REALLY DAUBERT, YOUR HONOR.
01:23 25 IT'S A -- DAUBERT IS METHODOLOGY AND I THINK WE'VE PASSED ALL

UNITED STATES COURT REPORTERS

## Page 68

01:23 1  THE METHODLOGICAL CHALLENGES.
01:23 2      I THINK THAT'S ONE OF THE BENEFITS THAT WE'RE ACCRUING FROM
01:23 3  YOUR HONOR'S DIRECTION TO US IS WE WILL NOT HAVE DAUBERTS
01:23 4  BECAUSE DAUBERTS WERE DONE, AND DONE TO A FARE-THEE-WELL, LAST
01:23 5  YEAR.
01:23 6      IF THEY WANT TO CHALLENGE -- HAVING COERCED US INTO A
01:23 7  C.P.A. AND NOW SAYING, "OH, THE C.P.A. IS NOT QUALIFIED," FINE.
01:23 8      THE COURT: ALL RIGHT. WELL, WHAT ABOUT A -- THIS IS
01:23 9  WHAT I WAS GOING TO SUGGEST: HAVE APPLE'S EXPERT -- IDENTIFY
01:24 10 ITS NEW C.P.A. EXPERT, ONE PERSON, BY MAY 13TH.
01:24 11     MR. JACOBS: OKAY.
01:24 12     THE COURT: OKAY? APPLE SUBMIT -- I DON'T EVEN KNOW
01:24 13 IF YOU WOULD REALLY NEED ALL THESE DATES, OR ALL THIS TIME, BUT
01:24 14 I GUESS BECAUSE YOU'RE GETTING A NEW PERSON UP TO SPEED -- JUNE
01:24 15 24TH, WHICH IS I THINK THE DATE YOU REQUESTED.
01:24 16     MR. JACOBS: IT'S TWO DAYS BEFORE, BUT THAT'S FINE,
01:24 17 YOUR HONOR.
01:24 18     THE COURT: OKAY. SAMSUNG'S REPORT, JULY 26TH. YOU
01:24 19 REQUESTED, I THINK, 30 DAYS.
01:24 20     EXPERT DEPOSITIONS CONCLUDED BY AUGUST 7TH.
01:24 21     DOES THAT GIVE YOU ENOUGH TIME OR IS THAT TOO TIGHT?
01:24 22     MS. MAROULIS: THAT MIGHT BE TOO TIGHT, YOUR HONOR,
01:24 23 BECAUSE WE'LL ALSO HAVE EXPERT DISCOVERY IN THE FOLLOW-ON CASE.
01:24 24     THE COURT: OH, OKAY. WHAT ABOUT AUGUST 30TH?
01:24 25 AUGUST 23RD?

UNITED STATES COURT REPORTERS

## 69

01:25 1     MS. MAROULIS: AUGUST 30TH, YOUR HONOR.
01:25 2     MR. JACOBS: I THINK THE 23RD IS PLENTY, YOUR HONOR.
01:25 3     THAT IS NEARLY A MONTH FOR EXPERT DEPOSITIONS.
01:25 4     THE COURT: OKAY. THEN I WAS GOING TO ALLOW ONLY
01:25 5     SAMSUNG, NOT APPLE, ONE NO MORE THAN FOUR-PAGE, LET'S CALL IT A
01:25 6     RULE 702 OBJECTION BASED ON QUALIFICATIONS ALONE.
01:25 7     BECAUSE EVERYONE IS JUST GOING TO BE USING THE THEORIES
01:25 8     THAT HAVE ALREADY GONE THROUGH EXTENSIVE MOTION PRACTICE LAST
01:25 9     YEAR, THERE WILL BE NO NEW CHALLENGES TO THEORIES. OKAY?
01:25 10    BUT IF YOU WANT TO CHALLENGE APPLE'S EXPERT ON WHETHER HE
01:25 11    OR SHE IS QUALIFIED TO GIVE THE OPINION, I THINK THAT IS
01:25 12    LEGITIMATE. OKAY? SO FOUR PAGES AT MOST.
01:25 13    MS. MAROULIS: THANK YOU, YOUR HONOR.
01:25 14    AND WE HAVE TO RESERVE OUR RIGHT TO CHALLENGE IF THEY
01:25 15    CHANGE THE REPORT SUBSTANTIALLY, WHICH THEY CLAIM RIGHT NOW
01:25 16    THEY WON'T.
01:25 17    THE COURT: OKAY. SO I WAS GOING TO SET A DATE FOR
01:25 18    THAT AS WELL.
01:26 19    NOW, I'M GOING TO SET A HEARING DATE. I WOULD LEAVE IT TO
01:26 20    THE PARTIES TO SET A BRIEFING SCHEDULE, ALTHOUGH I WANT FINAL
01:26 21    BRIEFS THREE WEEKS IN ADVANCE OF THE HEARING DATE.
01:26 22    BUT OCTOBER 10TH OF 2013 I WOULD HEAR THE ONE SAMSUNG
01:26 23    MOTION CHALLENGING THE QUALIFICATION SOLELY OF APPLE'S NEW
01:26 24    EXPERT AND ANY MOTIONS TO STRIKE FROM EITHER EXPERT REPORT.
01:26 25    NOW, LET'S PUT PAGE LIMITS ON THIS. AND I DON'T THINK I

UNITED STATES COURT REPORTERS

## 70

01:26 1     NEED -- I CERTAINLY DON'T THINK I NEED A REPLY ON THE 702.
01:26 2     BUT WE'LL SAY THAT APPLE CAN FILE A FOUR-PAGE RESPONSE TO
01:26 3     SAMSUNG'S FOUR-PAGE OBJECTION TO THE QUALIFICATIONS OF YOUR NEW
01:26 4     EXPERT. NO REPLY ON THAT ONE.
01:26 5     MR. JACOBS: OKAY. THANK YOU.
01:26 6     THE COURT: NOW, MOTION TO STRIKE FROM EACH OTHER'S
01:26 7     EXPERT REPORTS, I WOULD -- CAN WE LIMIT THAT TO TEN PAGES?
01:27 8     MR. JACOBS: IS IT CLEAR, YOUR HONOR, THAT WE'RE
01:27 9     NOT --
01:27 10    THE COURT: THERE REALLY SHOULDN'T BE ANYTHING.
01:27 11    MR. JACOBS: THERE SHOULDN'T BE ANYTHING.
01:27 12    THE COURT: IF EVERYONE FOLLOWS MY RULING OF NO NEW
01:27 13    THEORIES, NO NEW METHODOLOGIES, NO NEW DATA, NO NEW DAMAGES
01:27 14    PERIOD, THERE REALLY SHOULDN'T BE.
01:27 15    BUT I'M NOT TOTALLY OPTIMISTIC BASED ON MY EXPERIENCE WITH
01:27 16    THIS CASE OVER THE LAST TWO YEARS.
01:27 17    SO, I MEAN, I WOULD LIKE TO LIMIT THAT FURTHER, IF AT ALL
01:27 18    POSSIBLE, IN TERMS OF PAGE LIMITS.
01:27 19    AND I THINK A REPLY ACTUALLY MIGHT BE HELPFUL ON THAT
01:27 20    SCORE.
01:27 21    SO -- AND I ASSUME THAT THERE WILL PROBABLY BE
01:27 22    CROSS-MOTIONS WOULD BE MY GUESS.
01:27 23    MR. JACOBS: CAN IT BE CLEAR, YOUR HONOR, THAT THOSE
01:27 24    MOTIONS LITERALLY ONLY GO TO THE -- TO ANY DIFFERENCES?
01:27 25    THE COURT: YES, ANY DIFFERENCES FROM LAST TIME.

UNITED STATES COURT REPORTERS

## 71

01:28 1     MR. JACOBS: SO WE'RE -- TO STATE IT AGAIN, THE
01:28 2     OBVERSE, WE ARE NOT GOING TO BE RELITIGATING MR. WAGNER'S OR
01:28 3     MR. MUSIKA'S REPORTS.
01:28 4     THE ONLY PROPER FOCUS OF ANY MOTIONS TO STRIKE WILL BE THE
01:28 5     INCREMENT, THE CHANGE IN THE NEW REPORTS?
01:28 6     THE COURT: YES.
01:28 7     MR. JACOBS: OKAY.
01:28 8     MS. MAROULIS: YOUR HONOR, IN TERMS OF PRESERVING THE
01:28 9     RECORD FOR APPEAL --
01:28 10    THE COURT: YES.
01:28 11    MS. MAROULIS: -- WE MIGHT NEED TO SIMPLY STATE OR
01:28 12    RESTATE OUR PRIOR MOTIONS AND OBJECTIONS. WE'LL DOUBLE-CHECK
01:28 13    THAT.
01:28 14    THE COURT: OKAY.
01:28 15    MS. MAROULIS: BUT WE MIGHT HAVE TO, AT SOME POINT IN
01:28 16    THE HEARING OR IN WRITING, SIMPLY SAY THAT WE'RE RESTATING THEM
01:28 17    SO THAT THEY'RE NOT WAIVED, MUCH THE SAME WAY AS JURY
01:28 18    INSTRUCTIONS, YOU HAVE TO REPEAT IT MULTIPLE TIMES.
01:28 19    THE COURT: OKAY. THAT'S FINE.
01:28 20    I'M HOPING THAT YOU MAY JUST BE ABLE TO, YOU KNOW, PER
01:28 21    STIPULATION, BOTH PARTIES PRESERVE THE PREVIOUS OBJECTIONS THAT
01:28 22    THEY MADE TO METHODOLOGIES AND THEORIES AND CALCULATIONS OF THE
01:28 23    EXPERT, SOMETHING LIKE THAT.
01:28 24    BUT, YES, I DON'T WANT TO RELITIGATE -- ANYTHING THAT'S
01:28 25    ALREADY BEEN DECIDED AND HAS ALREADY SURVIVED A DAUBERT MOTION

UNITED STATES COURT REPORTERS

## 72

01:29 1     OR A MOTION IN LIMINE WILL CONTINUE TO BE ADMISSIBLE AND PART
01:29 2     OF THE CASE.
01:29 3     SO LET'S SET LIMITS ON THAT IN TERMS OF PAGES. WHAT --
01:29 4     MS. MAROULIS: TEN PAGES ON MOVING PAPERS, TEN PAGES
01:29 5     ON OPPOSITION, AND SEVEN ON REPLY?
01:29 6     THE COURT: WELL, I'M REALLY HOPING THAT IF -- IF MY
01:29 7     RULING AS TO THE SCOPE OF THE NEW EXPERT REPORTS IS FOLLOWED,
01:29 8     WE REALLY SHOULDN'T NEED --
01:29 9     MR. JACOBS: SEVEN, SEVEN, FOUR, YOUR HONOR?
01:29 10    THE COURT: YOU KNOW, WE SHOULDN'T NEED 54 PAGES OF
01:29 11    BRIEFING ON THIS, RIGHT?
01:29 12    MR. JACOBS: SEVEN, SEVEN, FOUR?
01:29 13    THE COURT: SO YOU'RE NOT OPTIMISTIC, EITHER.
01:29 14    MR. JACOBS: NO, I AM. I JUST -- I DON'T THINK THIS
01:29 15    IS ABOUT PAGE LIMITS SO MUCH. I ACTUALLY THINK IT'S ABOUT
01:29 16    SCOPE, AND IF THERE ARE NEW ISSUES THAT ARISE, THEY SHOULD BE
01:29 17    VENTILATED.
01:29 18    THE COURT: ARE YOU SATISFIED WITH THOSE LIMITS?
01:29 19    MS. MAROULIS: THAT WOULD BE FINE, YOUR HONOR.
01:29 20    THE COURT: SEVEN, SEVEN, FOUR?
01:29 21    MS. MAROULIS: THAT WOULD BE FINE, YOUR HONOR.
01:30 22    THE COURT: ALL RIGHT. SO SEVEN, SEVEN, FOUR.
01:30 23    WORK OUT THE BRIEFING SCHEDULE. IF YOU NEED TO THEN MOVE
01:30 24    UP THE EXPERT DEPOSITION DISCOVERY DEADLINE TO GET THE
01:30 25    BRIEFING -- I WOULD LIKE, PLEASE, THREE WEEKS WITH THE REPLY

UNITED STATES COURT REPORTERS

77

01:34 1  OCTOBER 24TH IS THE JUDGE'S MEETING.  I DON'T KNOW ABOUT THE
01:35 2  31ST.
01:35 3      THE CLERK:  OCTOBER 17TH IS THE DATE RESERVED FOR THE
01:35 4  CLASS CERT MOTION ON I BELIEVE IT'S HERSKOWITZ AND JUEL.
01:35 5      THE COURT:  RIGHT.  BUT I THINK THE SUGGESTION IS
01:35 6  THAT DATE'S TOO EARLY.
01:35 7      THE CLERK:  OH, OKAY.
01:35 8      THE COURT:  SO IF YOU WOULD CHECK OCTOBER 31, PLEASE?
01:35 9      THE CLERK:  OCTOBER 31, IT'S THE DATE FOR THE CLASS
01:35 10 CERT IN THE IPHONE CASE.
01:35 11     THE COURT:  OH, YEAH.  THAT'S NOT A GOOD DATE.
01:35 12     THE CLERK:  AND ALSO CLASS CERT IN BRAZIL VERSUS DOLE
01:35 13 FOODS.
01:35 14     THE COURT:  OKAY.
01:35 15     THE CLERK:  NOVEMBER 7TH IS THE DATE FOR APPLE'S
01:35 16 SUMMARY JUDGMENT MOTION IN THE IPHONE CASE.
01:35 17     THE COURT:  UM-HUM.
01:35 18     THE CLERK:  AND A COUPLE CASES LAST DAY FOR
01:35 19 DISPOSITIVE MOTIONS.
01:35 20     THE COURT:  AND WHICH ONES ARE THOSE, PLEASE?
01:35 21     THE CLERK:  OGDEN VERSUS BUMBLE BEE, A J & J, AND A
01:36 22 JOHNSON VERSUS SAN BENITO COUNTY.
01:36 23     THE COURT:  OKAY.  WHAT I WAS GOING TO SUGGEST AS
01:36 24 A -- WHEN IS COLUMBUS DAY?  THAT'S THE 11TH?
01:36 25     THE CLERK:  COLUMBUS DAY IS THE 14TH.

78

01:36 1      THE COURT:  NO, VETERAN'S DAY.
01:36 2      THE CLERK:  OH, VETERAN'S --
01:36 3      THE COURT:  WHAT I WAS GOING TO SUGGEST AS A TRIAL
01:36 4  DATE WAS NOVEMBER 12, 13, 14, 15, AND 18, SO I WANTED TO HEAR
01:36 5  YOUR PROPOSALS AS TO WHAT WOULD GO TO THE JURY FAIRLY SOON IN
01:36 6  OCTOBER SO THAT YOU COULD PREPARE THAT FOR NOVEMBER.
01:37 7      IF I MOVE THE 31ST HEARING TO THE 7TH, THEN I -- THAT COULD
01:37 8  OPEN UP THE 31ST.
01:37 9      BUT THEN THAT GIVES YOU LESS THAN TWO WEEKS.  WOULD THAT BE
01:37 10 ENOUGH TIME FOR YOU TO --
01:37 11     (DISCUSSION OFF THE RECORD BETWEEN DEFENSE COUNSEL.)
01:37 12     MS. MAROULIS:  THAT SHOULD BE FINE, YOUR HONOR.
01:37 13     THE COURT:  WHICH ONE?
01:37 14     MS. MAROULIS:  THE 31ST IF THAT'S AVAILABLE.
01:37 15     THE COURT:  OKAY.  DO YOU WANT TO BE HEARD ON THAT
01:37 16 DATE?
01:37 17     MR. JACOBS:  THAT'LL BE FINE, YOUR HONOR.
01:37 18     SHALL WE DECLARE THAT THE PRETRIAL CONFERENCE DATE, THEN,
01:37 19 FOR THE TRIAL IN --
01:37 20     THE COURT:  WELL, I'M JUST WONDERING IF WE SHOULD --
01:37 21 THE ONLY THING IS I DO HAVE -- WHAT WAS THAT? -- CLASS
01:37 22 CERTIFICATION IN AN MDL ON OCTOBER 31, SO I WOULD HAVE TO BUMP
01:37 23 THAT TO PUT THIS CASE ON THAT DATE.
01:38 24     WHAT I'D LIKE TO DO -- COULD WE TRY TO KEEP IT ON THE 17TH
01:38 25 AND THEN WHATEVER -- I MEAN, MY SENSE IS, FROM LAST TIME,

79

01:38 1  BREAKING THINGS UP INTO SMALLER INCREMENTS IS A LITTLE BIT
01:38 2  EASIER FOR THE COURT THAN HAVING BIG, MASSIVE HEARINGS.  IT'S
01:38 3  MORE DIFFICULT TO PREPARE FOR THEM AND WHATNOT.
01:38 4      COULD WE TRY TO KEEP IT ON THE 10TH AND THE 17TH, AND THEN
01:38 5  IF THERE IS POTENTIALLY SPILL OVER, WE'D HAVE THE 31ST AS A
01:38 6  POTENTIAL OVERFLOW DAY?  WOULD THAT GIVE YOU ENOUGH TIME?
01:38 7      MS. MAROULIS:  THAT'S FINE, YOUR HONOR.  IF THAT'S
01:38 8  WHAT'S NEEDED FOR THE COURT, OF COURSE.
01:38 9      THE COURT:  OKAY.  SO WHY DON'T WE KEEP THE 17TH ON?
01:38 10 I ALSO DON'T ANTICIPATE -- I WASN'T GOING TO EVEN SET ANY
01:38 11 MOTIONS IN LIMINE BECAUSE I REALLY DON'T THINK THERE SHOULD BE
01:38 12 ANYTHING REALLY DIFFERENT.  YOU'LL HAVE YOUR SAME WITNESSES
01:39 13 FROM LAST TIME.
01:39 14 OKAY.  SO THE TRIAL WILL BE NOVEMBER 12, 13, 14, 15, 18.
01:39 15 I WAS ANTICIPATING MAYBE OPENINGS OF 45 MINUTES EACH,
01:39 16 CLOSINGS OF ONE HOUR EACH.
01:39 17 I HAVEN'T DECIDED THE EVIDENCE TIME PERIOD.  I THINK WE'LL
01:39 18 HAVE TO FIGURE OUT IF THE '381 IS IN OR NOT.  WE'LL HAVE TO
01:39 19 MAKE THAT DECISION ONCE WE HAVE MORE SORT OF SENSE OF THE
01:39 20 SCOPE.
01:39 21     MS. MAROULIS:  YOUR HONOR, MAY WE SUGGEST THAT WHEN
01:39 22 WE SUBMIT TO THE COURT THE PAPERS REGARDING '381, AND WE
01:39 23 SUSPECT THE EXAMINER WILL NOT REOPEN ANYTHING, THAT THE PARTIES
01:39 24 REVISIT WHAT YOUR HONOR SUGGESTED, WHICH IS STAYING THE '381
01:39 25 AND STIPULATING POTENTIALLY TO THE REST TO OBVIATE THE TRIAL?

80

01:39 1  WE WOULD LIKE AN OPPORTUNITY TO REAPPROACH THAT WITH BOTH
01:39 2  THE COURT AND APPLE.
01:40 3      THE COURT:  OH, THAT'S FINE.  THAT'S FINE.
01:40 4  AND I DON'T HAVE TO SET ANY TIME PERIOD OR TIME LIMITATIONS
01:40 5  NOW ON OPENING AND CLOSING AND EVIDENCE.  WE CAN DECIDE THAT
01:40 6  LATER IF THE TRIAL DOES HAPPEN.
01:40 7  BUT TENTATIVELY I WAS THINKING EIGHT JURORS WITH THREE
01:40 8  PEREMPTORIES EACH, AND WE'LL HAVE TO GET A HUGE JURY POOL
01:40 9  BECAUSE I THINK IT'LL BE MUCH MORE DIFFICULT TO FIND JURORS AT
01:40 10 THIS STAGE.
01:40 11 NOW, WITH REGARD TO YOUR MOTION, I WOULD SAY SET IT FOR A
01:40 12 HEARING, BUT SINCE WE DON'T KNOW EXACTLY WHEN THE FINAL DATES
01:40 13 WILL BE, I GUESS WHAT I WOULD ASK IS WHEN YOU DO GET FINAL WORD
01:40 14 FROM THE PTO AS TO BOTH PATENTS, '915 AND '381, IF YOU WOULD
01:40 15 CONTACT MS. PARKER BROWN, CC APPLE'S COUNSEL, AND WE'LL TRY TO
01:40 16 GET YOU A HEARING DATE IF A HEARING IS NECESSARY.
01:41 17 I MAY JUST BE ABLE TO DECIDE IT ON THE PAPERS, BUT A
01:41 18 HEARING DATE JUST GIVES ME A DATE BY WHICH I'VE GOT TO FOCUS ON
01:41 19 THIS PARTICULAR MOTION AND TRY TO GET IT RESOLVED.
01:41 20     MS. MAROULIS:  YES, YOUR HONOR, WE'LL DO THAT.
01:41 21     THE COURT:  OKAY.  ALL RIGHT.
01:41 22     MS. MAROULIS:  YOUR HONOR, THERE'S ONE ISSUE THAT I
01:41 23 WANTED TO REVISIT.
01:41 24 I KNOW THE COURT SAID THERE WILL BE NO DO-OVERS OF VARIOUS
01:41 25 KINDS, BUT WITH RESPECT TO THE DAMAGES PERIOD, LAST TIME

### Page 81

01:41 1  JUDGE GREWAL DISALLOWED DESIGN AROUND EVIDENCE TO COMPENSATE
01:41 2  FOR WHAT HE PERCEIVED AS PREJUDICE TO APPLE FOR LATE
01:41 3  PRODUCTION.
01:41 4      THE COURT: OKAY.
01:41 5      MS. MAROULIS: WE WOULD LIKE TO REVISIT THAT AND BE
01:41 6  ABLE TO ACTUALLY INCLUDE THE DESIGN AROUND EVIDENCE AND PERIODS
01:41 7  BECAUSE SAMSUNG ALREADY WAS PUNISHED THE FIRST TIME AROUND IN
01:41 8  THE TRIAL, AND WE BELIEVE THAT THIS TIME THE JURY SHOULD ONLY
01:41 9  HEAR THE TIMES WHEN THE DESIGN AROUNDS WERE NOT AVAILABLE.
01:41 10  IT'S UNDISPUTED THAT AT LEAST ONE OF THE DESIGN AROUNDS WAS
01:41 11  IMPLEMENTED AS OF OCTOBER OR NOVEMBER 2011, AND APPLE CONCEDED
01:41 12  DURING THE PRELIMINARY INJUNCTION STAGE THAT THAT'S A
01:41 13  NON-INFRINGING ALTERNATIVE.
01:42 14  SO WE WOULD LIKE AN OPPORTUNITY TO PRESENT TO THE JURY
01:42 15  DIFFERENT DAMAGES PERIOD BASED ON THE DESIGN AROUND
01:42 16  AVAILABILITY.
01:42 17      MR. JACOBS: I THINK SAMSUNG IS -- THIS IS A CLASSIC
01:42 18  HAVE YOUR CAKE AND EAT IT, TOO. FOR THE LAST HOUR THEY'VE BEEN
01:42 19  URGING THE COURT NOT TO ALLOW ANY REOPENING OF ANYTHING AND
01:42 20  THAT APPLE HAS TO BE RESTRICTED TO THE QUALIFICATIONS OF AN
01:42 21  EXPERT THAT IT HAD LAST TIME.
01:42 22      NOW SAMSUNG WOULD LIKE A DO-OVER ON AN EVIDENTIARY SANCTION
01:42 23  THAT JUDGE GREWAL ENTERED AND THIS COURT ENFORCED.
01:42 24      THE COURT SHOULD NOT ENTERTAIN THAT MOTION.
01:42 25      THE COURT: THAT'S DENIED. IT'S GOING TO BE LIMITED

UNITED STATES COURT REPORTERS

### Page 82

01:42 1  TO THE SAME EVIDENCE THAT WAS BEFORE THE JURY OF 2012.
01:42 2      AND ONCE THIS IS RESOLVED, THEN YOU CAN TAKE ALL OF IT UP
01:42 3  TO THE FEDERAL CIRCUIT AND CERTAINLY APPEAL JUDGE GREWAL'S
01:42 4  RULING AND MY AFFIRMANCE OF THAT ORDER. I THINK THAT WOULD BE
01:42 5  THE APPROPRIATE REMEDY FOR THAT ISSUE.
01:42 6      MR. PRICE: YOUR HONOR, IF I CAN ADD ONE OTHER THING,
01:43 7  WHICH I DON'T KNOW, MR. JACOBS MIGHT AGREE TO.
01:43 8      FIRST, ON THAT ONE, THE REASON WE WERE MOVING TO BE ALLOWED
01:43 9  TO DO THAT IS BECAUSE OF THE LACK OF PREJUDICE AT THIS POINT.
01:43 10  I THINK THE SANCTION WAS BECAUSE THE CODE WAS TURNED OVER TOO
01:43 11  LATE, AND NOW IT SEEMS LIKE THERE'S BEEN PLENTY OF TIME TO
01:43 12  EXAMINE THAT CODE.
01:43 13      BUT A SECOND ISSUE, YOUR HONOR, IS YOU REMEMBER THERE WAS A
01:43 14  LOT OF TESTIMONY ON CAUSATION, ON WHAT DRIVES THE SALES OF
01:43 15  THESE PHONES, AND THAT'S PART OF MR. MUSIKA'S CALCULATIONS ON,
01:43 16  ON APPLE'S LOST PROFITS.
01:43 17      YOU KNOW, IF WE HAD A FEATURE IN OUR PHONE, THEN THAT MEANT
01:43 18  APPLE DIDN'T SELL A CERTAIN NUMBER OF PHONES.
01:43 19      AND SO THERE HAS TO BE, AND THERE WAS, TESTIMONY ABOUT WHAT
01:43 20  DRIVES THE SALE OF PHONES.
01:43 21      THERE'S BEEN MORE DATA ABOUT THAT NOW -- YOU CAN ACTUALLY
01:43 22  SEE IT IN THE PAPER ALMOST EVERY DAY -- AND THERE'S MORE
01:43 23  EXPERIENCE WITH THAT.
01:43 24      FOR EXAMPLE, YOU REMEMBER APPLE CAME OUT WITH ITS MAPS
01:43 25  APPLICATION AND THERE WERE SOME PROBLEMS WITH THAT AND THERE'S

UNITED STATES COURT REPORTERS

### Page 83

01:43 1  SOME DATA ON, DOES THAT AFFECT SALES?
01:43 2      SO THERE'S -- THERE'S AVAILABLE, YOU KNOW, MORE RECENT
01:44 3  DATA ON THE CRITICAL ISSUE OF WHAT DRIVES THE SALE OF THESE
01:44 4  PHONES.
01:44 5      AND AT THIS POINT, TO HAVE A FAIR TRIAL, I WOULD THINK WE
01:44 6  SHOULD AT LEAST BE ABLE TO HAVE DISCOVERY ON THAT ISSUE BECAUSE
01:44 7  THERE IS BETTER LEARNING ON IT NOW.
01:44 8      MR. JACOBS: YOUR HONOR, I THINK THEY'RE NOT
01:44 9  LISTENING TO --
01:44 10      THE COURT: THAT'S DENIED.
01:44 11  OKAY. WHAT ELSE?
01:44 12      MR. PRICE: I LISTENED, BUT I THOUGHT I COULD GIVE IT
01:44 13  A SHOT.
01:44 14      (LAUGHTER.)
01:44 15      THE COURT: YEAH, NO. I APPRECIATE THAT AND I -- AND
01:44 16  I -- I CERTAINLY HEAR AND UNDERSTAND WHERE BOTH SIDES ARE
01:44 17  COMING FROM, THAT BECAUSE THIS IS THE SECOND TIME, YOU BOTH
01:44 18  KNOW THINGS THAT HAVE HAPPENED AND NOT HAPPENED THE WAY THAT
01:44 19  YOU HAD PLANNED AND THERE'S SOME INFORMATION THAT WOULD BE MORE
01:44 20  HELPFUL.
01:44 21  BUT I THINK FOR PURPOSES OF JUST TRYING TO GET THIS UP TO
01:44 22  THE CIRCUIT, I THINK IT WOULD CREATE MORE CONFUSION IF NOW WE
01:44 23  HAVE A COMPLETELY DIFFERENT RECORD ON INFRINGEMENT. I THINK IT
01:44 24  WOULD BE MORE COMPLICATED FOR THE CIRCUIT TO EVEN REVIEW IT.
01:45 25  I JUST WANT TO GET THIS RESOLVED AS QUICKLY AS POSSIBLE AND

UNITED STATES COURT REPORTERS

### Page 84

01:45 1  THEN GET THIS REVIEWED.
01:45 2      MR. PRICE: SURE. AND JUST TO BE CLEAR, YOUR HONOR,
01:45 3  THAT'S NOT AN INFRINGEMENT ISSUE. THAT'S A DAMAGES ISSUE.
01:45 4  ASSUMING THAT THERE'S INFRINGEMENT, DOES THAT MAKE A
01:45 5  DIFFERENCE? WOULD THAT DRIVE THE SALE OF PHONES? WOULD APPLE
01:45 6  LOSE PROFITS?
01:45 7      THE COURT: I UNDERSTAND. I UNDERSTAND.
01:45 8      MR. PRICE: OKAY.
01:45 9      THE COURT: BUT MY CONCERN IS IF WE REOPEN DAMAGES
01:45 10  FOR A LIMITED PURPOSE, THEN IT WILL UNFORTUNATELY OPEN UP THE
01:45 11  FLOODGATES FOR ALL PURPOSES AND THEN IT'S GOING TO BE A
01:45 12  FREE-FOR-FALL AND EXCEEDINGLY BURDENSOME FOR THE PARTIES TO
01:45 13  BASICALLY RELITIGATE THE WHOLE CASE.
01:45 14      MR. PRICE: WELL, MAY I ASK YOU THIS ON ANOTHER
01:45 15  ISSUE? I WANT TO MAKE SURE I UNDERSTAND ON HOW LIMITED WE ARE.
01:45 16  IN THE FIRST TRIAL, THEY HAD THEIR CONJOINT EXPERT TESTIFY,
01:45 17  WHICH I ASSUME HE'LL TESTIFY AGAIN.
01:45 18      THE COURT: UM-HUM.
01:45 19      MR. PRICE: BECAUSE OF TRIAL STRATEGY AND THE TIME WE
01:45 20  HAD, WE HAD ON OUR WITNESS LIST A REBUTTAL CONJOINT EXPERT. WE
01:46 21  DIDN'T CALL HIM IN THAT TRIAL --
01:46 22      THE COURT: UM-HUM.
01:46 23      MR. PRICE: -- BECAUSE OF -- YOU KNOW, LARGELY
01:46 24  BECAUSE OF TIMING.
01:46 25  I WOULD THINK THAT, TO THE EXTENT WE WERE ABLE TO PRESENT

UNITED STATES COURT REPORTERS